RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice forthcoming*)
  ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Date:   November 3, 2023<br>Time:   11:00 a.m. |

- 1 -

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC
AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION          Case No. 3:23-md-03084-CRB

#### DEFENDANTS' INITIAL CONFERENCE SUBMISSION

In accordance with the Court's Pretrial Order No. 1, dated October 6, 2023, defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), hereby make this submission in advance of the Initial Case Status Conference ("Status Conference") scheduled for November 3, 2023. As requested in Pretrial Order No. 1, this submission advises the Court as to the status of all litigation pending in this MDL matter, as well as the steps taken to preserve relevant evidence.

I.  **STATUS OF LITIGATION**

   A.  **Introduction**

This centralized proceeding comprises 136 actions arising from allegations that Uber is liable for the intentional torts and criminal acts allegedly committed by independent drivers using the Uber App -- similar to the allegations as alleged by plaintiffs in the pending CA JCCP No. 5188. Virtually all of those 136 actions involve incidents that occurred outside California, and Plaintiffs and third-party drivers who reside outside California.[1] Nonetheless, 117 of the 136 cases were initially filed in the Northern District of California. That presents a threshold issue with respect to identification of the proper forum in which these cases will be tried and where service on the alleged third-party assailants can be effectuated.

Prior to the order of the Judicial Panel on Multidistrict Litigation ("JPML") transferring these actions to this Court, the actions were proceeding individually in a number of judicial districts. Already pending in a number of the cases are motions to transfer and motions to dismiss (under the laws of numerous states). In 17 cases, Uber filed motions to dismiss for failure to state a claim. Uber also filed motions to transfer venue pursuant to 28 U.S.C. § 1404(a) in 15 of the underlying cases that had been brought in the Northern District of California, seeking, among other things, to transfer each of the cases to the judicial district where the plaintiffs reside, the incidents occurred, and where the third-party drivers reside, which will facilitate joining the drivers as third-party defendants.

---

[1] Three actions involve incidents that occurred inside California but which involve Plaintiffs who are residents of other states: LSA 340, H.D., and M.F.A.

- 2 -

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC
AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION     Case No. 3:23-md-03084-CRB

Prior to the filing of these federal actions, the California Judicial Council on Coordination Proceedings ("JCCP") granted a petition, in December 2021, to coordinate individual cases filed in the California state courts based on substantially similar allegations (the "JCCP Action"). The question of the proper trial forum was taken up at the start of the matter. In January 2023, all of the cases involving alleged incidents occurring outside of California were dismissed on *forum non conveniens* grounds, pending refiling in the states of incident. That dismissal order currently is stayed pending appeal. Ninety of the Plaintiffs in these federal actions are among those dismissed from the JCCP; many are appealing the *forum non conveniens* orders.

There are hundreds of cases in the JCCP that will be dismissed if the *forum non conveniens* decisions are affirmed. Accordingly, it is too soon to determine the scope of this MDL, including the number of cases that will be subject to pleading motions, the number of states' laws involved, and eventually the size and characteristics of any bellwether pool. There also may be an effort to add claims based on subsequent events and that have not yet accrued. For reasons of manageability and finality, a cutoff for new filings makes sense.

B.   **The Federal Actions**

***Transfer Status.***   On October 4, 2023, the JPML issued a Transfer Order in this matter transferring 22 cases to this Court pursuant to 28 U.S.C. § 1407. Uber is aware of a total of 136 cases pending in federal court that, pursuant to the reasoning in the Transfer Order and the Rules of Procedure of the JPML, are, or soon will be, part of this MDL. Those cases are listed on Exhibit A hereto.

As noted in the Transfer Order, there were an additional 57 cases that were identified by the JPML as potential tag-along actions (Transfer Order n.1), and, since the Transfer Order issued, 57 additional cases have been, or soon will be, identified as potential tag-along actions (or, for cases filed directly in the Northern District of California, potentially related actions). *See* JPML Rules 7.1; 7.2; N.D. Cal. Civil Local Rule 3-12(b). Uber's counsel has been in contact with Plaintiffs' counsel to coordinate the process of identifying such cases and facilitating their transfer and/or consolidation with this action pursuant to the relevant rules and Pretrial Order No. 1. Exhibit A reflects the transfer status of each of the 136 cases, and indicates that 129 cases have

- 3 -

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC
AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION          Case No. 3:23-md-03084-CRB

already been transferred to this Court, while the remaining 7 cases have not yet been transferred to this Court.

***Pending Motions to Transfer to the Appropriate Venue for Trial Pursuant to 28 U.S.C. § 1404(a).*** Of the 136 total pending cases, 133 cases arise from alleged incidents occurring outside the states and federal districts in which they were originally filed. *See* Exhibit A. The majority of these out-of-district cases were filed in federal court in California. *Id.* Therefore, Uber maintains that these actions should be tried in the judicial districts in which the underlying incidents are alleged to have occurred because that is the most convenient venue, the venue with the greatest interest in the outcome of the litigation, and the venue where the third-party drivers can be joined. Prior to the Transfer Order, Uber moved to transfer 15 of these cases, pursuant to 28 U.S.C. § 1404(a), to the district where the underlying incident allegedly occurred.[2] *Id.* (reflecting cases in which transfer motions were filed pursuant to 28 U.S.C. § 1404(a)). While the cases are here for pretrial purposes, the transfer motions are still timely and remain to be decided so that those cases, and others like them, can be transferred to the appropriate venue for trial once they are remanded. 28 U.S.C. § 1407(a). Venuing the cases in the appropriate districts will, among other things, assist in service of process on third-party defendant drivers.[3]

***Pending Motions to Dismiss.*** Currently, motions to dismiss are pending in 17 cases. Among the grounds for dismissal are that the claims are barred by the relevant statute of limitations; the negligent hiring, retention, and supervision claims fail because the complaint does not allege any facts that Uber was aware of an independent driver's propensity for sexual misconduct; the vicarious liability claims fail to allege that the independent drivers were acting within the scope of any purported employment; and the fraud claims do not allege reliance and falsity with particularity under Rule 9(b). Those issues implicate the laws and regulations of numerous different states, including the District of Columbia, in which the incidents occurred.

---

[2] Due to stays and individual case schedules, Uber has not yet filed transfer motions in all 115 cases involving out-of-district incidents, but intends to do so in all cases involving an incident that occurred in a state different than the one in which the action was originally filed.

[3] Uber intends to commence filing and service of third-party complaints on drivers in these actions shortly.

***Discovery.*** No discovery has commenced in any of the cases transferred to this Court.

### C.  The State Court Proceedings

On December 9, 2021, the JCCP assigned the Honorable Ethan P. Schulman of the San Francisco Superior Court to serve as the coordination trial judge in the JCCP Action, *In re Uber Rideshare Cases*, Case No. CJC-21-005188.

#### 1.  Name of the Proceedings

Once the JCCP Action was coordinated, Judge Schulman, on consent of all parties, ordered the case caption be changed from "*Uber Sexual Assault Cases*" to "*In re: Uber Rideshare Cases*." Uber believes that the name of these proceedings should likewise be adjusted to avoid unnecessary prejudice to Uber.

#### 2.  Demurrers & Motions to Strike

After establishing a process for the Plaintiffs to file a master long-form complaint and short-form complaint, Judge Schulman dismissed, at the pleading motion stage, Plaintiffs' vicarious liability, fraud and misrepresentation, strict liability, and negligent infliction of emotional distress claims. Exhibit B, JCCP Action, Order on Uber's Demurrer to Master Long-Form Complaint, at 1, *In re Uber Rideshare Cases*, Case No. CJC-21-005188 (June 22, 2023). Judge Schulman also struck, without leave to amend, Plaintiffs' allegations regarding Uber's "toxic male culture" on the grounds that they are not causally connected, and are therefore irrelevant to Plaintiffs' injuries. Exhibit C, JCCP Action, Order on Uber's Motion to Strike Master Long-Form Complaint, at 3-4, *In re Uber Rideshare Cases*, Case No. CJC-21-005188 (June 22, 2023).

#### 3.  Appeal of *Forum Non Conveniens* Order

Many of the federal court Plaintiffs (and potential plaintiffs) have parallel claims in California state court that have been stayed pending appeal of the order dismissing their claims. In an order entered on January 23, 2023 (the "FNC Order"), Judge Schulman granted Uber's motion to stay or dismiss *Jane Doe LSA 35* v. *Uber Techs., Inc., et al,* CGC-21-592274 and *Jane Doe WHBE 3* v. *Uber Techs., Inc. et al,* CGC 20-584649 based on *forum non conveniens*, because those cases arise from alleged incidents that occurred outside of California. On February 28, 2023,

- 5 -

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC
AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION          Case No. 3:23-md-03084-CRB

Judge Schulman entered a stipulated order (the "February 28 Stipulated Order") that further provided that the FNC Order would apply to all cases in the coordinated proceeding that arise from alleged incidents that occurred outside of California (the "Non-California Cases"). Exhibit D, JCCP Action, February 28 Stipulated Order ¶ 2. For any plaintiff that has not re-filed in an alternative forum within 180 days after the February 28 Stipulated Order, or has not sought and obtained an extension for good cause, her complaint shall convert to an order of dismissal with prejudice. *Id.* ¶ 7.

Plaintiffs in the Non-California Cases appealed the FNC Order and the February 28, 2023 Stipulated Order (by notices dated March 15, 2023 and April 26, 2023, respectively) (the "FNC Appeal"). The California Court of Appeal consolidated the appeals on May 24, 2023, and the Non-California Plaintiffs filed their opening brief as to both appeals on August 17, 2023. Uber's answering brief is due November 17, 2023, and Plaintiffs' reply brief is due December 7, 2023.

There are 1,013 Non-California Cases in the JCCP that are subject to the appeal, many of which were filed in the JCCP after the February 28 Stipulated Order. Exhibit E, JCCP Action, Aug. 25, 2023 Stipulation and Order Re: Case Management Issues in JCCP No. 5188 ¶ 1-2.

To date, Uber has identified 90 Plaintiffs whose cases are subject to the pending JCCP appeal, and who have also filed new cases in federal court that are, or soon will be, part of this MDL proceeding. *See* Exhibit A (indicating pending federal cases which also have pending cases in the JCCP Action and whether such cases are subject to the FNC Appeal).[4] As mentioned above, if the *forum non conveniens* decision is affirmed, it is fair to expect that the affected plaintiffs will refile in the proper venues, either in federal court or in state court. Conversely, if the decision is reversed, the affected plaintiffs may remain in the JCCP and, if permissible, refile in federal or other state courts. Acquiring a better understanding of where these hundreds of non-California plaintiffs decide to pursue their claims, before establishing any case management plan for this MDL and the answer, may not be possible until following the ruling on the FNC Appeal.

---

[4] There are also individual actions pending in state courts across the country, including Michigan and Missouri.

### 4. The Unsubstantiated Cases in the JCCP

In the JCCP, Uber identified 111 cases (out of 338 total California-based cases) in which the plaintiff was unable to provide sufficient information for Uber to identify a trip connected with the Uber platform approximately two years after the JCCP was established. With respect to those "Unsubstantiated Cases," plaintiffs suggested and agreed to ultimately exclude those cases from the bellwether selection pool and the parties submitted a joint case management statement to that effect on October 18, 2023 with a list of the excluded cases.

Based on that experience, it is likely that there will be many unsubstantiated cases in this proceeding, given that over 30% of the California JCCP portfolio remains unsubstantiated. Determining the scope of that problem can be addressed at the outset with the requisite preliminary disclosures. For example, in the JCCP, Judge Schulman entered orders requiring that any plaintiff asserting claims within that coordinated proceeding must, at the outset, submit a *bona fide* verified receipt from an Uber trip connected to the alleged incident (or an attestation of other information sufficient to identify the trip in question) before plaintiffs' actions are permitted to move forward. Exhibit E, JCCP Action, Stipulation and Order re: Case Management Issues ¶ 3 (August 25, 2023 order providing that plaintiffs in newly added cases will submit a fact sheet within 60 days, including a requirement to provide a trip receipt or sufficient trip-identifying information); Exhibit F, JCCP Action, Stipulation and Order re: *Forum Non Conveniens* Discovery and Motion Practice ¶ 2 (August 10, 2022 case management order directing plaintiffs to provide a copy of the trip receipt). A similar order was entered in the state court coordinated proceedings involving claims against Lyft, establishing a requirement that, within seven days of filing the complaint, plaintiffs will send to Lyft (a) a "bona fide 'ride receipt'," identifying the trip in question, and/or (b) "the name, phone number and email address of the account-holder who ordered the ride, the date and city/ state of the ride, and other basic information . . . such as pick-up and drop-off location, driver name, etc." Exhibit G, *In re Lyft Rideshare Cases*, Case No. CJC-20-00506, Stipulation and Order Regarding Provision of Ride-Identifying Information ¶ 2.

A similar procedure could be adopted here to assist in managing this proceeding efficiently and making an early determination of the size and scope of the proceeding. A deadline can be set

- 7 -

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC
AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION   Case No. 3:23-md-03084-CRB

for Plaintiffs whose cases have been transferred here to provide the information necessary to substantiate their claims and, failing that, their claims can be dismissed. Such a preliminary procedure would help define the parameters of this proceeding before formal (and perhaps unnecessary) motion practice commences.

### 5. The Bellwether Process

Judge Schulman entered a stipulated order regarding the schedule for selecting cases for bellwether trials. Sept. 5, 2023 Scheduling Order at 2.

In terms of the bellwether selection process, by November 17, 2023 (approximately 23 months after the JCCP Action was ordered coordinated), the parties shall each select 10 cases (i.e., 20 total cases) for inclusion in the bellwether discovery pool, with such selection subject to Judge Schulman's approval. *Id.* ¶ 7. By June 28, 2024, the parties will then file a ranking of, and information about, the cases within the bellwether discovery pool, and the court will set the bellwether trial order by July 31, 2024. Fact discovery is set to be completed by January 15, 2025 (36 months after coordination was ordered), and expert discovery will close by March 8, 2025. The first bellwether trial shall then begin on May 19, 2025 (approximately 3.5 years after coordination was ordered).

For reasons of manageability and finality, a cutoff for new filings makes sense in this action, which differs from products MDLs, as claims allegedly arising via connection to the Uber platform could accrue indefinitely.

## II. PRESERVATION OF RELEVANT EVIDENCE

Defendants have taken the following steps to preserve evidence. Since the earliest cases were filed on or around March 26, 2020, alleging claims based on incidents involving sexual assault or sexual misconduct, Uber has taken reasonable steps to preserve evidence, including electronically stored information ("ESI"), that Uber reasonably and in good faith believes may be relevant to the issues in these cases. Uber has issued litigation holds for multiple Uber custodians who work on sexual assault or sexual misconduct incidents involving independent drivers on the Uber platform. For example, when Uber is notified of a sexual assault or sexual misconduct incident involving a plaintiff and independent driver, Uber places a hold on the Uber custodians

who may have communicated with the plaintiff. Uber has likewise issued holds for non-custodial data sources that are reasonably likely to contain relevant information. Uber's data retention policies and IT procedures that would result in the deletion of relevant ESI are suspended when a hold is put in place. Uber has engaged in a productive meet and confer process with counsel for the plaintiffs in the JCCP Action regarding preservation issues, and is prepared to begin doing so here as well promptly.

DATED: October 27, 2023

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   /s/ Randall S. Luskey
          RANDALL S. LUSKEY
          ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC