William A. Levin (SBN 98592)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiffs*

John Eddie Williams, Jr. (*pro hac vice*)
Walt Cubberly (SBN 325163)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Tel: (713) 230-2200
Fax: (713) 643-6226
Email: jwilliams@whlaw.com
Email: wcubberly@whlaw.com
*Attorneys for Plaintiffs*

Stephen J. Estey (SBN 163093)
Angela J. Nehmens (SBN 309433)
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Fax: (619) 295-0172
Email: steve@estey-bomberger.com
Email: angela@estey-bomberger.com
*Attorneys for Plaintiffs*

C. Brooks Cutter (SBN 121407)
Celine Cutter (SBN 312622)
**CUTTER LAW, PC**
401 Watt Avenue
Sacramento, CA 95864
Tel: (916) 290-9400
Fax: (916) 588-9330
Email: bcutter@cutterlaw.com
Email: ccutter@cutterlaw.com
*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INITIAL CONFERENCE SUBMISSION**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br>`<br>Date: November 3, 2023<br>Time: 11:00 a.m. |

The undersigned firms represent most of the plaintiffs with filed cases within this MDL. We write to provide the Court with additional information and to clarify some of the issues raised in Defendants Uber Technologies, Inc., Rasier, LLC's and Rasier-CA, LLC's (collectively, "Uber") Initial Conference Submission.

## I.  STATUS OF THE LITIGATION

Plaintiffs expect a large increase in the number of cases in this MDL. Uber's own safety reports demonstrate that sexual assault in its vehicles is a substantial ongoing problem.[1]  Uber raises the question of setting a cutoff for new filings because Plaintiffs may "add claims based on subsequent events and that have not yet accrued." ECF No. 38 at p. 3, lines 12-15. As long as the assaults continue at the rate of thousands a year[2], and Uber continues to take no remedial action, it will be necessary for judicial economy to provide a centralized forum.

### A.  Federal Actions

***Pending Motions to Transfer and to Dismiss.*** The transfer motions and motions to dismiss in the individual actions are now moot. Those motions were stayed after the MDL transfer motion was filed, by the assigned federal judges or by agreement of the parties for the same reason. Moreover, in its Terms of Use, Uber promises to honor a sexual assault plaintiff's election of forum.[3]

### B.  State Actions

The cases in the JCCP are proceeding on negligence and common carrier liability causes of action, as well as punitive damages. Those causes of action were not touched by the court's ruling on Uber's demurrer.

***The Appeal of the Forum Non Conveniens Order.*** The appeal of Judge Schulman's *forum non conveniens* Order is ongoing. While the appeal may ultimately be informative as to how and

---

[1] "Uber US Safety Report 2019-2020," at p. 56, available at: https://www.uber.com/us/en/about/reports/us-safety-report/

[2] *Id.*

[3] In opposition to state court coordination, Uber had relied upon language in its Terms of Use (TOU) that allowed for litigation of claims of sexual assault but precluded their litigation on a coordinated basis. The TOU had a severability clause and, in ordering coordination, the court did not invalidate any other portions of it.

where particular plaintiffs should proceed, it has no bearing on this Court's proceedings. It also has no bearing on the discovery already ongoing within the JCCP. There is no apparent justification to wait for an appellate decision to move forward with this litigation.

## II. CASES DESCRIBED AS "UNSUBSTANTIATED" BY UBER

The JCCP has not adopted Uber's lexicon of "unsubstantiated cases." For typicality purposes, Plaintiffs there stipulated to limit the bellwether pool to cases with ride receipts. No order by Judge Schulman requires claimants to submit a "*bona fide* verified receipt."

## III. PRESERVATION OF RELEVANT EVIDENCE

There is an important and yet unresolved issue concerning whether Uber preserved evidence pertinent to these cases once it was put on notice of claims of sexual assault. This question surfaced recently during deposition testimony by Uber's corporate designee on document retention procedures, and it is currently the subject of meeting and conferring among counsel.

DATED:  October 30, 2023              Respectfully Submitted,

                                                                                 **CUTTER LAW, P.C.**

                                                                                 */s/ C. Brooks Cutter*

C. Brooks Cutter
Celine E. Cutter
*Attorneys for Plaintiffs*

**LEVIN SIMES LLP**

*/s/ William A. Levin*

William A. Levin
*Attorney for Plaintiffs*

**WILLIAMS HART & BOUNDAS, LLP**

*/s/ John Eddie Williams*

John Eddie Williams
*Attorney for Plaintiffs*

1
2
3
4
5
6
7
8

**ESTEY & BOMBERGER, LLP**
/s/ Stephen J. Estey

_____
Stephen J. Estey
*Attorney for Plaintiffs*

**BAER TREGER LLP**

/s/ Eric Rudin

_____
Eric Rudin
*Attorneys for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on October 30, 2023, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Celine Cutter*