

| | | |
|---|---|---|
| Hon. Charles R. Breyer<br>United States District Judge<br>Phillip Burton Federal Building<br>450 Golden Gate Avenue<br>San Francisco, CA 94102 | Re: *In re: Uber Technologies, Inc.,*<br>*Passenger Sexual Assault Litigation*<br><br>Case No. 3:23-md-03084-CRB | November 17, 2023 |

Dear Judge Breyer,

I am submitting this leadership application pursuant to PTO 3 and have outlined my qualifications in your preferred format below:

1. <u>Professional Experience with this Type of Litigation/MDLs</u>

I have significant experience litigating complex, product liability cases, both on a mass tort and single event level. In the last seven years, I have previously been appointed to leadership on four MDLs and have also helped lead two other mass tort actions which were not consolidated into an MDL. I began working at my first firm at the age of fourteen and began working on mass tort cases in college and law school. Since that time, I worked my way up through every staff role in our office, doing file clerk, case intake, legal assistant, and law clerk work. That work included learning every aspect of mass tort litigation, and it gave me an appreciation of the practical impact of case management orders on attorneys, paralegals, and clients. Consequently, I have helped to craft and implement many new and practical procedures in MDLs in which I hold leadership positions that allow my cases to run more efficiently.

Some examples of these procedures include the following:

- Developing a procedure in the Valsartan, Losartan, and Irbesartan MDL (hereinafter the "Sartan MDL") through which less significant defendants (i.e. those who may be brought into the MDL because of a plaintiff-specific issue or a defendant that may be less central to the case) can be dismissed without prejudice in exchange for producing limited discovery. This conserves the resources of both parties and allows the MDL's focus to remain on the issues that will drive trials and resolution.
- Setting up a portal, which allows plaintiffs to generate short form complaints that (1) ensures the consistency of the data entered, (2) allows the PSC to utilize that data in selecting bellwether cases, (3) allows plaintiffs to automatically serve these complaints on defendants through the portal, based upon which defendants the plaintiff selected in the portal, (4) allows the PSC to provide helpful information to non-PSC firms through the portal; and (5) allows the PSC to utilize the data for settlement negotiations;
- Establishing a fully text-searchable repository of all ECF filings for all plaintiffs' counsel; and
- Setting up monthly meet and confers with defense counsel and any plaintiffs' counsel (particularly for the benefit of those firms not on leadership) to ensure case-specific discovery disputes are addressed with the assistance from a PEC or PSC member. This procedure has allowed the PSC to take consistent positions on discovery issues and has also resulted in a considerable narrowing of plaintiff-specific discovery issues being presented to the Court at case management conferences.

**I am experienced at running discovery in cases with complex issues and many defendants.** In each of these previously mentioned cases, I led discovery efforts in whole or jointly with a small group of



others and have been instrumental in every aspect of the process, from negotiating contracts with vendors to host documents and discovery materials, negotiating and crafting case management orders (e.g., ESI protocols, plaintiff fact sheets and/or profile forms, direct filing orders, and procedures for managing large numbers of defendants), and crafting discovery to overseeing the deposition process (i.e., drafting and serving master outlines and important points to cover, coordinating dates, and ensuring all depositions are staffed) and taking numerous depositions, as well as facilitating and participating in trial preparation for Bellwether cases. If appointed to the Uber Plaintiffs Executive Committee, I hope to have the opportunity to participate in all of these efforts and to implement processes to allow the case to run smoothly, both for the Court, as well as for parties. My prior experience allowed me to craft a formula that is done and ready to be implemented in the Uber MDL. My plan for ensuring the case runs efficiently includes the following:

1. **Implement initial case management orders as soon as possible:** These include (a) a direct filing order, (b) master long and short-form complaints that carefully define the scope and nature of the MDL, (c) ESI protocol, and (d) protective order. Having negotiated many of these in the past, I know what works well and what doesn't. The proposed PLG has already begun work on these and can have drafts of these prepared in short order.
2. **Retain the appropriate vendors right away.** Litigation can often be held up by a delay in retaining vendors for document review, trial preparation, and/or general litigation support. Having already interviewed numerous vendors in each category, I will be able to obtain competitive quotes and get systems up and running quickly.
3. **Understand applicable law.** My firm began and has largely already completed a 50-state survey of applicable law on a number of legal issues likely to be briefed in this case. I am ready to hit the ground running to ensure all applicable legal issues can be briefed and dealt with in short order.
4. **Keep everyone organized.** As I have done in previous cases, I would establish an internal system through which all plaintiffs can access court filings and another system to facilitate deadline management and productive conversation for Plaintiffs' Leadership. As the case progresses, I also have systems to track all depositions, as well as staffing for the same to ensure we have adequate coverage and preparation time and resources for each. This allows all moving pieces to be tracked in one place. While this seems intuitive, many PSCs lack such a system.
5. **Hold weekly calls for discovery committee team members.** In the other MDLs where I run discovery, I hold weekly calls for committee members, where attorneys can ask questions, discuss important documents they identified, and we review all upcoming deadlines and assignments. In certain instances, I have also established sub-groups to particular defendants or parts of the liability story to ensure continuity of knowledge on a specific area. This ensures the case remains adequately staffed and that all committee members are accountable and on track. It also prevents projects from being over-staffed or over-billed.
6. **Begin the process of understanding and negotiating medical and bankruptcy liens early.** When a large case resolves, lien resolution can prolong the settlement process for months or even years. By taking a proactive approach to liens by leveraging the plaintiff-only database discussed above, the PSC has the ability to curtail an issue that plagues the end of nearly every MDL.

**My prior experience will be particularly beneficial in the Uber MDL.** In addition to the experience outlined above, I have previously had the privilege to work with and represent numerous clients against Uber for sexual assault and also handle sexual abuse cases on a single event basis against institutions like

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW  
Third Floor  
Washington, D.C. 20016  

Tel. - (202)-792-7927  
Dir. - (202)-978-2228  
W   - www.nighgoldenberg.com  
E   - mgoldenberg@nighgoldenberg.com  

Washington D.C.  
Minnesota  
Kansas  
Florida



schools and churches. These cases have the ability to give survivors a voice and in an ideal world, to make products and institutions safer. I take that responsibility seriously and use it to guide the choices I make when litigating these cases.

2. <u>Judicial Contact Information</u>

Judicial contact information is attached to my resume.

3. <u>Willingness and Ability to Work Cooperatively with Other Counsel</u>

Since this MDL was established, the individuals listed on Exhibit A, attached, have been collaborating together, and working cohesively, on procedural and substantive issues. I support, and enjoy the support of, the other applicants on this list for a leadership role on behalf of the plaintiffs in this litigation. Further, I am confident that any of my colleagues on both sides would vouch for both my work product and my commitment to the cases I am involved in. I currently hold leadership positions in two other MDLs (discussed in greater detail below) which are at more advanced stages, and which will allow me to give this case and the clients we represent the time and attention they both deserve. I have worked closely with other applicants for leadership in this case and have no doubt that I can continue to work well with the team that is selected by the Court.

**I have a long track record of working productively with counsel on both sides.** During my time on other MDLs and in complex single-event product liability and personal injury cases, I have been able to develop productive and collegial working relationships with counsel on all sides and still speak with defense attorneys from prior cases. These relationships have allowed me to work through the vast majority of discovery issues through meet and confers, leaving the Court with much shorter agendas. Staying in touch with defense counsel from prior cases also allows me to consider opposing arguments and allows me to take a practical approach to litigation.

4. <u>Resources Available to Prosecute this Litigation in a Timely Manner</u>

Our firm is prepared to devote both the financial resources as well as the time of multiple attorneys, paralegals, and staff to the case. My current time commitments will not hinder my ability to devote substantial time to this case, as the other MDLs I serve on are mature and demand my time less consistently than they used to. My firm also has the resources to support this case, as we have demonstrated in our leadership on numerous PSCs and PECs.

5. <u>Additional Considerations for Appointment</u>

If given the opportunity to serve on the Plaintiffs Executive Committee and to work on behalf of these survivors, I am ready to begin working immediately. I appreciate the Court's time and consideration.

Sincerely,

Marlene Goldenberg

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW  
Third Floor  
Washington, D.C. 20016  

Tel. - (202)-792-7927  
Dir. - (202)-978-2228  
W   - www.nighgoldenberg.com  
E   - mgoldenberg@nighgoldenberg.com  

Washington D.C.  
Minnesota  
Kansas  
Florida

EXHIBIT A

[Proposed] Plaintiffs' Leadership Group ("PLG")

Co-Leads:

**Rachel Abrams**
Peiffer Wolf Carr Kane Conway & Wise
rabrams@peifferwolf.com

**Sarah London**
Lieff Cabraser Heimann & Bernstein
slondon@lchb.com

**Roopal Luhana**
Chaffin Luhana LLP
Luhana@chaffinluhana.com

Plaintiffs' Executive Committee

**Marlene Goldenberg**
Nigh Goldenberg Raso & Vaughn
mgoldenberg@nighgoldenberg.com

**Ellyn Hurd**
Simmons Hanly Conroy
ehurd@simmonsfirm.com

**Sara Peters**
Walkup, Melodia, Kelly & Schoenberger
speters@walkuplawoffice.com

**Bret Stanley**
Pulaski Kherkher
bstanley@pulaskilawfirm.com

### Plaintiffs' Steering Committee

**Alyson Steele Beridon**
HSGLaW
alyson@hsglawgroup.com

**Michael Carney**
Slater Slater & Schulman
mcarney@sssfirm.com

**Erin Copeland**
Fibich Law
ecopeland@fibichlaw.com

**Tracey Cowan**
Clarkson Law Firm
tcowan@clarksonlawfirm.com

**Adam Gomez**
Grant Eisenhofer
agomez@gelaw.com

**Layne Hilton**
Meyers Wilson
lhilton@meyerwilson.com

**Andrea Hirsch**
Cohen Hirsch
andrea@cohenhirsch.com

**Sommer Luther**
Wagstaff Law
sluther@wagstafflawfirm.com

**Karen Barth Menzies**
KBM Law
kbm@kbmlaw.com

**Meredith Stratigopoulos**
Watts Guerra
mdrukker@wattsguerra.com

**Alexandra Walsh**
Walsh Law
awalsh@alexwalshlaw.com

### Plaintiffs' Liaison Counsel

**Khaldoun Baghdadi**
Walkup, Melodia, Kelly & Schoenberger
kbaghdadi@WalkupLawOffice.com

### Coordination with JCCP Counsel

The PLG has had ongoing discussions with members of the JCCP Leadership to coordinate proposed MDL leadership but has not reached an agreement. To facilitate coordination with the MDL and the JCCP, the PLG proposes that the following counsel be added to the Proposed Leadership Group.

**Brian Abramson as a member of the Plaintiffs' Steering Committee**
Williams Hart Boundas

**Celine Cutter (JCCP) as Plaintiffs' Liaison Counsel**
Cutter Law Group

# Marlene Jaye Goldenberg
## Nigh Goldenberg Raso & Vaughn PLLC

## LEGAL EXPERIENCE

**NIGH GOLDENBERG RASO & VAUGHN PLLC,** Washington, DC
*Founding Partner*                                        February 2023-Present
- Current PEC member in two product liability MDLs.
- Chaired or co-chaired discovery efforts in MDLs; negotiation of ESI issued such as custodians and search terms, taking depositions; heavy involvement in general liability and Bellwether cases for MDL trials.
- Author master pleadings in MDLs, brief and argue motions on behalf of the PSC.
- Litigate catastrophic single-event product liability and sexual assault cases.
- Teach CLEs and author articles on relevant legal issues; lead 3 AAJ litigation groups.
- Manage operations at the firm.

**GOLDENBERGLAW, PLLC,** Minneapolis, MN
*Partner*                                              January 2017-February 2023
- PEC and PSC member in three product liability MDLs and one unconsolidated mass tort.
- Member of law and briefing committee in two MDLs; managed discovery in two MDLs.
- Heavy involvement in developing settlement program for large medical device case.

*Mass Tort and Personal Injury Associate Attorney*              May 2013-January 2017
*Mass Tort Law Clerk*                                        December 2008-May 2013
*Summer Clerk*                                                    Summers 2000-2007

## COMMUNITY INVOLVEMENT

**Women Trial Lawyers Conference,** *Co-Founder and Planning Committee Member* (2017-Present)
**Temple Israel,** *Volunteer Committee Member*, Various Committees (2021-Present)
**Children's Law Center,** *Volunteer Attorney,* (January 2014-2023)
**Big Brothers Big Sisters of Minnesota**, *Big Sister* (May 2013-2022)
**Planned Parenthood,** *Ready or Hot Benefit Volunteer* (2017-2022)

## EDUCATION

**BPP LAW SCHOOL AND WILLIAM MITCHELL COLLEGE OF LAW,** London, United Kingdom and St. Paul, MN
Dual Degree Program: *Graduate Diploma in Law* and *Juris Doctor, cum laude,* January 2013.

**SYRACUSE UNIVERSITY,** College of Arts & Sciences, Syracuse, NY
Bachelor of Arts, *magna cum laude*, December 2008

## BAR ADMISSIONS

- **District of Columbia Bar,** (May 2022)
- **Supreme Court of Minnesota,** (May 2013)
- **United States District Court, District of Minnesota and Eastern District of Wisconsin**, Admitted 2013, 2015.

## MDLs in Which I Have Performed Work

| MDL Name | Presiding Judge and Contact Information | Position Held in the MDL | Brief Description of the Nature of Work Performed |
|---|---|---|---|
| *In re: Valsartan, Losartan, and Irbesartan Products Liability Litigation*, MDL No. 2875 | Judge Robert Kugler, (856) 757-5019; Magistrate Judge Tom Vanaskie, (570) 969-5360; Former Magistrate Judge Joel Schneider (856) 488-7797 | Plaintiffs' Executive Committee Member, Co-Chair of Discovery Committee | As co-chair of the Discovery Committee and a member of the PEC, I am intimately involved with litigation strategy, as well as running and coordinating all matters pertaining to discovery. |
| *In re: Paraquat Products Liability Litigation* | Judge Nancy Rosenstengel, (618) 482-9168; Special Master Randi Ellis, (225) 803-1413 | Plaintiffs' Executive Committee | I have been involved in various aspects of the MDL, but primarily brief writing and expert work. |
| *In re: Zantac (Ranitidine) Products Liability Litigation* | Judge Robin Rosenberg (561) 803-3430; Magistrate Judge Bruce Reinhart (561) 513-3710 | Plaintiffs Steering Committee Member, Co-Chair of Generic Discovery | I was in charge of managing discovery of over 20 generic manufacturer defendants, as well as overseeing all discovery teams and ensuring that we had a consistent strategy, raised the right issues with the court, and putting together the liability story for the generic manufacturers |
| *In Re: Abilify (Aripiprazole) Products Liability Litigation*, MDL No. 2734 | Judge M. Casey Rodgers, (850) 435-8448 | Discovery Liaison and Plaintiffs' Steering Committee Member | I managed discovery, took many depositions, oversaw document review, and was actively involved with all aspects of discovery, including ESI, crafting requests, reviewing documents, negotiating search terms and custodians, and coordinating trial preparation for Bellwether cases. |
| *In re: Bard IVC Filters Products Liability Litigation*, MDL No. 2641 | Judge David G. Campbell (602) 322-7645 | Discovery committee and law and briefing member | I reviewed documents and second-chaired depositions. I also assisted with briefing at various points in the litigation. |
| Medtronic Infuse litigation (never consolidated) | Cases were filed in state court in Minnesota, as well as in federal courts including in AZ, CA, HI, NJ, WI, among others. | Not consolidated into an MDL | I took the lead all aspects of over 800 cases, from drafting master pleadings, arguing motions in more than 10 state and federal courts, conducting discovery, negotiating ESI protocols, search terms and custodians, took depositions, and prepared for trial until cases resolved. I was heavily involved in shaping the settlement program involving over 2,000 cases. |