

Rachel Abrams | Partner
555 Montgomery Street, Suite 820, San Francisco, CA 94111
415-426-5641   415-840-9435   rabrams@peifferwolf.com

November 17, 2023

The Honorable Charles R. Breyer
United States District Court, Northen District of California
Phillip Burton Federal Building & United States Courthouse
450 Golden Gate Avenue
San Francisco, California 94102

   Re: *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* MDL No. 3084

Dear Judge Breyer,

  Pursuant to Pretrial Order No. 3, I respectfully apply to serve as Plaintiffs' Co-Lead Counsel for MDL No. 3084, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*. I am a partner in the San Francisco office of Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf"), and I have the qualifications and expertise to lead this litigation to resolution.

**Professional Experience with MDLs**

  My entire twenty-four-year legal career has been focused on mass torts, both MDLs and JCCPs. Until 2019, my primary focus was on pharmaceutical and medical device product liability cases, but for the past 5 years I have devoted my professional career to rideshare sexual assault litigation. (*See* Abrams Resume, attached as **Exhibit A**). I have participated in numerous pharmaceutical and device MDLs and coordinated proceedings, including: Breast Implants, DES, Fen-Phen, Sulzer-Hip Implants, Medtronic-AneuRx, Guidant-Ancure, Zyprexa, Medtronic and Guidant Defibrillators, Avandia, Gadolinium-Based Contrast Agents, Byetta, Denture Cream, DePuy Orthopaedic Hip Implants (ASR and Pinnacle), Actos, Stryker Rejuvenate and ABGII hips, trans-vaginal mesh (TVM), Mirena, Reglan, Seroquel, Testosterone Replacement Therapy (TRT), Talcum Powder, Pradaxa, IVC, Viagra/Cialis, and JUUL.

  I was appointed by U.S. District Judge Cynthia Rufe to the Avandia PSC (*In Re: Avandia Marketing, Sales Practices and Products Liability Litigation,* MDL 1871). The PSC consisted of only 12 members nationally. I was appointed by Judge Joseph R. Goodwin of the U.S. District Court for the Southern District of West Virginia to the PSC in all of the trans-vaginal mesh ("TVM") litigations: *In Re: AMS* (MDL 2325), *In Re: Bard* (MDL 2187)*, In Re: Coloplast* (MDL 2387)*, In Re: Boston Scientific* (MDL 2326)*, In Re: Ethicon/Johnson & Johnson* (MDL 2327)*.* I was appointed to the PSC by Judge Cathy Seibel in *In Re: Mirena IUD Products Liability Litigation* (MDL 2434). I was also appointed by Judge Donovan Frank of the U.S. District Court for the District of Minnesota to the PSC of *In Re: Stryker Rejuvenate and ABG II Hip Implant Products Liability Litigation* (MDL 2441). I was appointed by Judge Matthew Kennelly of the U.S. District Court for the Northern District of Illinois to the PSC of *In Re: Testosterone Replacement Therapy Products Liability Litigation* (MDL 2545). I was appointed as Plaintiffs' Liaison Counsel in *In Re: Viagra (Sildenafil Citrate) Product Liability Litigation* (MDL 2691) by Hon. Richard Seeborg of the Northern District of California. I was appointed and currently serve on the PSC in *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (MDL-02913), by Judge William H. Orrick of the U.S. District Court for the Northern District of California.

New Orleans (504) 523-2434   Los Angeles (415) 766-3545   San Francisco (415) 766-3544   New York (585) 310-5140

Youngstown (330) 642-3925   Cleveland (216) 589-9280   St. Louis (314) 669-3600   Chicago (312) 374-8261

Hon. Charles R. Breyer
November 17, 2023
Page 2

Not only have I participated in the aforementioned MDLs and coordinated proceedings, but I also have served on numerous MDL committees. I served on the Science and Expert Committees for almost all MDLs in which I have participated, and I served as the co-chair of the Science and Expert Committee for the Zyprexa litigation (*In Re: Zyprexa Products Liability Litigation,* MDL 1596). In that capacity, I worked extensively with experts in various fields. I also served on the Bellwether Committee in *In Re: Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation* (MDL-02913). (*See* Judicial Contact Information, **Exhibit B**).

**Rideshare Litigation Experience**

On February 3, 2019, I spoke with my first rideshare sexual assault survivor. Since that day, I have devoted most of my professional career to rideshare sexual assault litigation. I have spoken with thousands of rideshare sexual assault survivors. With every conversation, I have become more driven to seek justice for those survivors.

Prior to the formation of the Uber JCCP, I resolved hundreds of Uber sexual assault cases. During this time, I spent countless hours at Uber's Headquarters in San Francisco, meeting with high-level Uber executives to discuss necessary safety measures to prevent Uber drivers from sexually assaulting Uber passengers. Unfortunately, Uber passengers continue to be sexually assaulted at alarming rates.

I was one of the attorneys who petitioned for the Uber JCCP, which was granted. I have been actively involved with the Uber JCCP and have attended every CMC. After the *forum non-conveniens* ruling and appeal in the JCCP, my firm (as well as numerous other firms) filed cases in other jurisdictions and I petitioned for the MDL.

Since 2019, I have spoken at dozens of seminars on rideshare sex assault and taught trauma-informed practices to communicate with sexual assault survivors effectively and compassionately. I have retained over a dozen experts dedicated to this litigation.

Peiffer Wolf represents 46 Uber MDL plaintiffs, and another 1,489 unfiled Uber sexual assault survivors. (*See* **Exhibit C**). We also currently represent 49 Uber JCCP plaintiffs. The number of Uber sexual assault survivors empowered to come forward will grow. For too long, these survivors have suffered in silence. Although I have been featured in over 3,000 news stories ride share media stories since 2019, there still has been too little attention paid to this growing epidemic. (*See* **Exhibit A**).

**Willingness and Ability to Commit Time to this Litigation**

Other than the JUUL MDL-2913 (which has settled and is concluding), I am not currently active in any other MDL. I have not applied, and do not intend to apply, for a leadership role in any litigation that would interfere with my ability to serve in the leadership role I seek here. As previously stated, since 2019, rideshare has been my primary focus and highest priority. My investment, and that of my firm, in the Uber sexual assault litigation to date will enable me to prosecute this litigation with the concentration and intensity it requires.

**Willingness and Ability to Work Cooperatively with Plaintiffs' and Defense Counsel**

Through my work, I have developed the knowledge and expertise required to litigate a case of this nature effectively and collaboratively. My reputation working cooperatively with other attorneys is evidenced by my track record of leadership positions in numerous mass tort litigations. Further, the fact that I have extensive experience leading groups of plaintiffs' attorneys involved in complex litigation to successful and swift resolutions would benefit this Court and the parties.

The attorneys and law firms on **Exhibit D** support my application as Co-Lead Counsel in this MDL, and I support their applications for leadership positions. Since PTO No.1 was entered, I have worked collaboratively with all plaintiffs' counsel on **Exhibit D**, as well as with other plaintiffs' counsel involved in this MDL to move the litigation along despite not having appointed leadership counsel.

Additionally, since this MDL was formed, I have had several productive discussions with defense counsel on initial matters, such as preservation issues, special settlement masters, and preliminary proposed orders. Indeed, through these discussions, the parties were able to submit a Joint Response to Submissions Concerning Appointment of a Special Settlement Master.

### Resources Available to Prosecute the Litigation in a Timely Manner

My firm has devoted significant resources to the Uber litigation, and we will continue to commit the resources necessary to prosecute this litigation in the intensive manner and swift pace this Court directs. Additionally, we have numerous partners, associates and support staff dedicated to this litigation. Peiffer Wolf has eight offices nation-wide, including San Francisco, where my office is located. We have the facilities necessary to host depositions, conferences, and meetings. As a 28-attorney firm, with significant support staff, we have the personnel and financial resources required to sustain a leadership role in this case.

### Additional Considerations for Appointment

The unfortunate reality is that a sexual assault occurs every 68 seconds in the United States.[1] One out of every six American women is a survivor of an attempted or completed rape in her lifetime.[2] I am no exception. Being a sexual assault survivor myself, I have a deep understanding of the lifetime trauma survivors endure. As a society, we must endeavor to prevent sexual assaults from happening. That is why I have devoted the past five years of my professional career to helping rideshare sexual assault survivors seek justice and force rideshare companies, like Uber, to implement the necessary safety measures to prevent sexual assaults from occurring. Until that happens, women will continue to be assaulted using rideshares, and I will continue to fight for change.

This MDL is unique. The plaintiffs are sexual assault survivors, and their injuries include a lifetime of psychological trauma. This unique MDL requires unique expertise in understanding those plaintiffs, their injuries, and the litigation through which they seek justice. I have that expertise, and I look forward to utilizing it as lead counsel for plaintiffs in this MDL.

Based on the above, I respectfully request Your Honor's appointment to serve as a Plaintiffs' Co-Lead Counsel for MDL No. 3084, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*.

Very truly yours,

Rachel Abrams
**PEIFFER WOLF CARR KANE CONWAY
& WISE, LLP**

---

[1] https://www.rainn.org/statistics/victims-sexual-violence
[2] *Id.*