

Estey & Bomberger, LLP
2869 India St.
San Diego, CA 92103

November 17, 2023

**Via ECF**

Senior District Judge Charles R. Breyer
San Francisco Courthouse
Courtroom 6 – 17th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084 CRB

Dear Honorable Judge Breyer:

Pursuant to Pretrial Order No. 3, I respectfully apply to serve as a member of the Plaintiffs' Steering Committee. A copy of my resume is attached hereto as Exhibit A. As a founding partner of Estey & Bomberger, LLP ("EB"), I have dedicated the majority of my 30+ year career to representing survivors of sexual assault/abuse ("SA") in individual and coordinated proceedings. In total, I have represented thousands of SA survivors throughout my career. In the past few years, I have been focusing on passenger sexual assault cases against both Lyft and Uber. I filed a case against Lyft in May 2018 and was engaged in discovery before the Lyft JCCP No. 5061 was formed. EB was appointed as a co-lead in the Lyft JCCP, and I was appointed as a co-lead in the Uber JCCP No. 5188. My firm currently represents 200 survivors of SA by Uber drivers, with more cases being signed daily. My firm and I have an intimate understanding of the legal issues and challenges in SA cases against rideshare companies and therefore bring a wealth of knowledge and skill to this proceeding.

I have extensive trial experience in the SA field. I am a long-standing member of ABOTA and am AV rated by Martindale. I am also a Board-Certified trial attorney. I have tried 10 SA cases (6 to verdict), all resulting in successful outcomes for the plaintiffs, and obtained many record-setting single plaintiff verdicts and settlements in cases involving SA. Some of these include: (1) *John Doe v. EMQ* (Santa Clara Superior Court Case # 106CV070642)—case involving sexual assault of foster child resulting in $30 million verdict; (2) *Walter "Matt" Doe v. LAUSD* (Los Angeles Superior Court Case # BC424823)—case involving sexual abuse of student by teacher resulting in $23 million verdict; and (3) *Does v. University of Michigan*, (USDC – Eastern District of Michigan Case # 2:20-cv-152038-BAF-RSW)—case involving University of Michigan and Dr. Robert Anderson, who sexually assaulted multiple male athletes under the guise of medical care, resulting in $490 settlement.

Based upon my results in these cases I have been a two-time recipient of the "Trial Attorney of the Year" award from the Consumer Attorneys of San Diego (CASD) and have also been awarded four Outstanding Trial Lawyer Awards from CASD.

Our work on behalf of survivors does not stop at the trial court level. We have changed laws in favor of SA survivors not only in California but across the nation. In *Brown v. USA Taekwondo*, 11 Cal.5th 204 (2021), we represented 3 Olympic taekwondo athletes against the governing body that failed to protect them from SA by their coach. The case was dismissed in trial court, and was appealed to California Supreme Court where, in a landmark decision, the Court held that the governing body had a duty to protect its athletes from predator coaches. In a more recent case, we represent Ohio State University ("OSU") athletes who were sexually assaulted by a team doctor under the guise of medical treatment. The trial court dismissed the case on statute of limitations grounds. We appealed to the 6th Circuit and received a favorable ruling regarding when the SOL in a Title IX case accrues. OSU appealed to the US



Supreme Court and the Court denied OSU's Writ of Certiorari. This case is now precedent and will help other SA survivors.

Turning to the cases at hand, I recognize the substantial resources necessary to drive this litigation forward, and effectively address the SA epidemic caused by rideshare companies that has forever altered the lives of countless women. I am excited to make that commitment. And I will work alongside Angela J. Nehmens, an attorney at my firm, who will devote her considerable experience in litigating passenger sexual assault cases against rideshare companies to this case.

**Professional Experience in This Type of Litigation**
My professional experience in SA cases and coordinated proceedings renders me uniquely qualified to be part of leadership in this MDL. As mentioned, I have litigated multiple SA cases. I have tried 6 cases to verdict and have settled 4 SA cases during trial. I have conducted focus groups throughout my career in cases involving SA allegations and have devoted countless hours over the past four years to litigating SA case against rideshare companies specifically. My firm facilitated the first focus groups involving rideshare passenger SA cases, through which we developed strategies for the litigation against rideshare companies. We have been conducting them consistently over the past four years and have gleaned invaluable insight into how the public views rideshare companies and survivors, how a jury is likely to apportion fault, and the challenges that accompany sexual assault cases of any type.

I manage all aspects of each SA case handled by my firm. I have deposed countless defense experts hired by the entities whose employees assaulted and abused my clients. I took 18 depositions in the Lyft JCCP. I know the defense playbook in this category of cases. I know the challenges plaintiffs face when the most intimate parts of their lives are probed during litigation and have an entire team of Sexual Assault Victim Advocates ("SAVAs") to interface with our clients. Our SAVAs are qualified and have undergone training to guide our SA clients through the litigation process.

**I Have Appeared Before Several Judges in the Matters Referenced Above**
- Honorable Andrew Y.S. Cheng who presides over the Lyft JCCP. He can be reached at (415) 551-3840; San Francisco Superior Court, Complex Civil Litigation Department, Department 613, 400 McAllister Street, San Francisco, CA 94102.
- Honorable Ethan P. Schulman who presides over the Uber JCCP. He can be reached at 415) 551-3729; San Francisco Superior Court, Complex Civil Litigation Department, Department 304, 400 McAllister Street, San Francisco, CA 94102.
- Honorable Victoria A. Roberts who presided over the University of Michigan case. She can be reached at (313) 234-5230; U.S. District Court for the Eastern District of Michigan (Southern Division), Room 250, Theodore Levin U.S. Courthouse, 231 W. Lafayette Blvd, Detroit, MI 48226
- Honorable Peter H. Kirwan who presided over the John Doe v. EMQ case. He can be reached at (408) 808-6856; Santa Clara Superior Court, 191 North First St., San Jose, CA 95113.
- Honorable Suzanne Brugeura (Ret) who presided over the Walter Doe v LAUSD case. She can be reached at (213) 683-1600; ADR Services, Inc., 915 Wilshire Blvd, Los Angeles, CA 90017.
-

**Immediate Ability to Commit Time and Resources to this Litigation and Prosecute This Case In a Timely Manner**
EB will commit human and financial resources necessary to prosecute this litigation to completion; my firm and our co-counsel in the Uber and Lyft JCCPs have carried all litigation costs without common benefit and cost assessment, and will allocate those same resources here. Another attorney at my firm is prepared to assist with this litigation; she has been litigating against Lyft and Uber alongside me and the other co-lead firms since the inception of the JCCPs.[1]

---

[1] Angela J. Nehmens serves as liaison counsel in the Lyft JCCP 5061. In the Lyft JCCP, she took and defended depositions, and briefed and argued motions. She was on the law and briefing committee in JUUL JCCP 5052 where she briefed and argued jurisdictional challenges brought by defendants. She recently authored an *Amicus Curiae* brief in an appeal pending before the Ninth Circuit involving the sexual assault of an Uber passenger.

My firm's knowledge of rideshare passenger SA cases, as well as the discovery conducted to date, legal issues we have briefed and argued, experts we have retained, and focus groups we have conducted, would ensure that this proceeding moves quickly.  To expeditiously prosecute this case, I respectfully request the attorneys identified below be appointed to leadership as we are all are prepared to develop and execute a litigation strategy and trial plan that will result in the effective and expeditious resolution of this case with all leadership counsel.

**Ability to Work Cooperatively With Members of the Plaintiff and Defense Bars**
I regularly work with attorneys from other firms to obtain the best results possible for our clients.  I worked with 14 co-counsel in the *Doe v. University of Michigan* SA cases and 9 co-counsel in *Doe v. The Ohio State University* SA cases. This cooperative work usually includes weekly meetings where we discuss case strategy, discovery plans, experts, etc.

For the past four years, I have worked cooperatively alongside co-counsel in the Lyft and Uber JCCPs. This group includes 15 attorneys and their staff hailing from 4 different firms.  JCCP leadership in both Lyft and Uber agreed and agree that should a bellwether case be tried, I will serve as lead trial counsel.
My firm and I have developed cooperative and positive relationships with counsel for Uber and Lyft. By fostering positive relationships with opposing counsel and reserving contentious fights for the arena they belong in – the courtroom - I have earned the respect of judges throughout the country and opposing counsel in each of my cases. My ability to work with others is evidenced by my selection for leadership positions in the coordinated proceedings identified above. We are facing an SA epidemic on rideshare platforms. My firm has worked doggedly to ensure survivors of this epidemic have access to the justice they deserve. I welcome the opportunity to continue fighting for survivors in this proceeding.

**Uber Leadership Structure**
A leadership structure that includes members of the firms that have spearheaded the Uber JCCP for two years and who represent most of the plaintiffs with filed cases in both this proceeding and the JCCP would benefit the Court and all parties.  Our years-long experience litigating SA cases against rideshare companies, our professional accomplishments, and collective skillsets would complement the experience and skillsets of other attorneys applying for leadership positions. To that end, I support the appointment of John Eddie Williams of Williams Hart & Boundas, LLP as one of two co-leads along with either Sarah London or Roopal Luhana.

Regarding committee appointments below the co-leads, I believe that the most effective approach would include Celine Cutter of Cutter Law, William Levin of Levin Simes LLP, and myself. I welcome the Court's appointment of some of the talented newcomers to coordinated proceedings against rideshare companies who have expressed interest in and applied for leadership positions. A leadership structure that involves members of JCCP leadership at the co-lead and Steering Committee level would ensure the that the plaintiffs represented by the JCCP leadership firms, which is the majority of plaintiffs in this MDL, have adequate representation in this proceeding.  It would also aid in the efficient prosecution of this case given our years-long experience litigating this very category of cases against rideshare companies.

  I would be honored to serve as a PSC member in this case.

        Respectfully,

        /s/ Stephen J. Estey
        Stephen J. Estey