

November 17, 2023

**Via CM/ECF**
Hon. Charles R. Breyer
United States District Judge
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, California 94102

      RE:    *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*
               Case No. 3:23-md-03084-CRB;
               Counsel for *Brown v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-4175.

Dear Judge Breyer:

      KBM Law and The Justice Law Collaborative represent plaintiffs in the above-captioned MDL. Pursuant to Pretrial Order 3, we respectfully request the Court appoint Karen Barth Menzies to the Plaintiffs Steering Committee (PSC).

1. <u>Professional Experience with this Type of Litigation/MDLs</u>

      I, Karen Barth Menzies, am the founder of KBM Law and have devoted my career to women's health, representing plaintiffs in coordinated complex litigation for 28 years. Four years ago, I added individual sexual assault cases to my practice and most recently founded my firm, which is dedicated to representing and advocating for survivors of sexual assault. This work has given me experience with the effects of trauma unique to sexual assault cases, particularly those involving female survivors. I currently represent survivors in high profile cases involving defendants in the music and entertainment industry, survivors bringing cases against Rideshare companies including Uber, survivors in the Boys Scouts of America bankruptcy and survivors of clergy abuse.

      My leadership experience in coordinated litigations is significant, including twelve personal appointments, six of which have been Lead or Co-Lead Counsel. *See* **Exhibit A**, Resume and Leadership Appointments, attached hereto. My leadership positions have provided me with experience in all aspects of a nationwide coordinated litigation and the complexity that comes with it. In numerous litigations, I've been responsible for determining and implementing litigation strategies, managing and working with numerous plaintiff law firms. I have acted as lead communicator with the courts and with defense counsel. I have experience negotiating PTOs, including ESI protocols, PFS and DFSs, etc., and taking general liability and case specific depositions. My experience includes drafting and arguing discovery disputes, especially with Magistrate Judges, as well as arguing all types of disputes, including dispositive motions. I've been lead and co-lead trial counsel in bellwether trials and served on trial teams. I've been appointed Liaison Counsel five times and Settlement Counsel twice.

Additionally, I am working in collaboration with Paula Bliss (2001 bar admission) and Kim Dougherty (2003 bar admission), the founders of The Justice Law Collaborative (JLC), whose vast experience and additional resources will add to my ability to fulfill my role as a member of the PSC. Both Ms. Bliss and Ms. Dougherty have 20 years of experience working on mass tort and multi-district litigations dating back to Fen-Phen Diet Drug MDL, and numerous litigations thereafter. *See* Exhibit A, attached hereto.

Of note, JLC is a leader in sexual assault cases nationwide and appreciates that a trauma informed approach to a litigation is critical. Ms. Dougherty, who also has her Master's in Social Work, was a lead attorney for survivor gymnasts litigating with Michigan State University/Nassar and appointed as one of handful attorneys to the state court counsel committee in the USA Gymnastics Bankruptcy, resolving cases on behalf of survivor gymnasts with USA Gymnastics and the Olympic Committee. JLC has successfully resolved hundreds of cases for survivors involving religious entities, boarding schools, cults, private and public schools, athletic organizations, and other entities that have turned a blind eye to sexual assault. JLC has also testified in the various state legislative sessions to change laws that prohibit survivors access to justice.

2. <u>Judicial Contact Information</u>

- Taxotere MDL: Honorable Jane Triche Milazzo, Eastern District of Louisiana
  500 Poydras Street, Room C206, New Orleans, LA 70130; (504) 589-7585
- Avandia, Zoloft and Effexor MDLs: Honorable Cynthia M. Rufe, Eastern District of Pennsylvania 12614 U.S. Courthouse, Philadelphia, PA 19106; (267) 299-7490
- Fosamax JCCP: Honorable Thierry P. Colaw (Ret.), Orange County Superior Court Complex Division, Judicial West, 1851 East First Street, Santa Ana, CA 92705; (714) 864-1340, (949) 351-3850 (cell)
- Paxil Birth Defects MTP: Honorable Sandra Mazer Moss (Ret.), Philadelphia Court of Common Pleas Dispute Resolution Institute, P.O. Box 1136 Carbondale, IL 62903; (618) 549-1200
- Zoloft JCCP: Honorable Kim Garlin Dunning (Ret.), Orange County Superior Court Complex Division, (contact information no longer available).
- Caldera JCCP: Honorable William F. Highberger, Los Angeles Superior Court Complex Division, Spring Street, 312 North Spring Street, Los Angeles, CA 90012; (213) 310-7010
- Transvaginal Mesh MDL: Honorable Joseph R. Goodwin, Southern District of West Virginia at Charleston 6610 Robert C. Byrd United States Courthouse, 300 Virginia Street East, Charleston, WV 25301; (304) 347-3192
- Effexor Coordination: Honorable Patricia S. Joyce, Circuit Court of Cole County, (contact information no longer available).
- Heparin MDL: Honorable James G. Carr, Northern District of Ohio
  1716 Spielbusch Avenue, Room 307, Toledo, OH 43604; (419) 213-5555
- Paxil Withdrawal MDL: Honorable Mariana R. Pfaelzer (d), Central District of California, (Judge Pfaelzer passed away in 2015).

3. <u>Willingness and Availability to Commit Time to this Litigation</u>

I am committed to this case, from both a personal and professional standpoint. My team and I have a trauma-informed approach and I have personally spent hours speaking with my clients, which has given me a deep understanding of the difficulties they face. I will spend as much time as needed to ensure they receive the level of representation they deserve. And with my responsibilities in other mass tort proceedings concluded or winding down, I have no ongoing obligations that would preclude me from contributing my skills developed through my experience in MDLs and other coordinated litigations.

4. <u>Willingness and Ability to Work Cooperatively with Other Counsel</u>

Recognizing and personally experiencing the complexities that arise in the context of MDLs, I pride myself in my ability to work cooperatively with other counsel, both defense counsel and especially plaintiff counsel. I know and/or have worked successfully with most of the plaintiff firms involved in this litigation, including the firms seeking lead positions. I believe I have benefited from a positive reputation amongst the plaintiffs' bar for exercising collaborative leadership and hard work.

5. <u>Resources Available to Prosecute this Litigation in Timely Manner</u>

I have dedicated all my firm's resources to litigating sexual assault cases and I have the experience and availability to focus my personal, and my team's, resources on prosecuting this litigation. I will also be assisted in this litigation by the JLC team.

Ms. Bliss and Ms. Dougherty represent that JLC has extensive financial and employee resources to aid in litigating and collaborating with Ms. Menzies on this MDL. JLC has three lawyers with over 20 years of experience and an associate who is able to assist with this litigation. JLC also employs a licensed social worker, two paralegals, and three legal assistants. JLC is committed to doing their part to put an end to sexual violence and would welcome the opportunity to assist Ms. Menzies in her role as a Plaintiff Steering Committee member.

6. <u>Additional Considerations for Appointment</u>

Since this MDL was established, the individuals listed on **Exhibit B**, attached hereto, have been collaborating, and working cohesively, on procedural and substantive issues. I support, and enjoy the support of, the other applicants on this list for a leadership role on behalf of the plaintiffs in this litigation.

I believe an appointment to this PSC combines my past with my present, providing a contribution that will benefit the Court, counsel on both sides, and most importantly the plaintiffs. I would be honored to be appointed to the PSC in the first MDL addressing the highly individualized and unique nature of sexual assault claims.

Respectfully submitted,

Karen Barth Menzies