William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Doe LS Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

|  |  |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>*Honorable Judge Charles R. Breyer*<br><br>**ADMINISTRATIVE MOTION TO FILE PARTIALLY UNDER SEAL THE OPPOSITION TO THE APPLICATION FOR CO-LEAD COUNSEL OF RACHEL ABRAMS** |

Pursuant to Local Rules 7-11 and 79-5, I, Plaintiffs represented by Levin Simes in this MDL, hereby move for an order sealing portions of the attached letter in opposition to the leadership application of Rachel Abrams, (ECF No. 106) and the exhibits attached to that letter because of the sensitive and confidential information contained in the redacted portion of the document.

Local Rule 79.5(a) states that where a party seeks to seek a motion to seal to conceal information "from the public by filing a document, or portions of a document, under seal.  A party must explore all reasonable alternatives to filing documents under seal, minimize the number of

documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document). In a motion to seal a party must address (1) the legitimate private or public interests that warrant sealing, (2) the injury that will result if sealing is denied, and (3) why a less restrictive alternative to sealing is not sufficient. Local Rule 79-5(c). Here, an analysis of these three factors demonstrates that sealing the portions of the letter that contain sensitive and confidential information is consistent with the Local Rules of this Court and applicable case law.

### A. Sealing is Warranted Because the Confidential and Sensitive Information Contained in The Document Outweighs the Private and Public Interest.

Records that are only "tangentially related to the merits of a case" are not subject to a strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

The attached letter includes confidential and sensitive information regarding Rachel Abrams. This information is the subject of a private arbitration between Levin Simes and Peiffer Wolf and Rachel Abrams, pending before the Hon. Rebecca Westerfield (Ret.). The portions of the document that are redacted include statements made by a plaintiff in this MDL, information regarding settlement negotiations, and other sensitive information regarding Ms. Abrams. The opposition does not have bearing on the litigation itself, but rather is solely focused on the conduct of Ms. Abrams and its impact on the Uber clients in this MDL that led us to take the position that she is not fit to serve as a co-lead in this specific MDL. As such, due to the nature of the content contained within the redacted portions of this document, and the fact that it has no direct bearing on the litigation itself, we believe this document should be viewed only by Your Honor, Ms. Abrams, and opposing counsel. Therefore, there is good cause for partially sealing the opposition to Rachel Abrams application for co-lead of this MDL.

**B. The Injury that Will Result if Sealing is Denied.**

The context of the redacted portions are such that they do not bear on any issue other than Mr. Abrams' appointment as co-lead, and are only relevant to her application to the Court. As a consequence, due to the confidential and sensitive nature of the redacted portions, we believe it would be best to be viewed only by those who are necessary to resolve this issue.

**C. Plaintiffs' Counsel for Levin Simes Clients Made a Good Faith Effort to Resolve This Issue Before Bringing it to the Court's Attention.**

Levin Simes made a good faith effort to inform Ms. Abrams, Peiffer Wolf, the other co-lead Plaintiff's Leadership Group ("PLG") applicants, as well as some of the other counsel included in the PLG of our concerns regarding her application for the co-lead position. The ultimate goal was to avoid the necessity for bringing these sensitive and confidential matters to Your Honor's attention. However, our efforts were unsuccessful. Given our duty to protect our clients' interest in who is being entrusted and appointed to lead their litigation, we felt we had no other option than to privately inform the court. If Rachel Abrams chooses to share this with other PLG applicants, we would have no objection.

For the forgoing reasons, Levin Simes' Plaintiffs respectfully request this Court grant the administrative motion to partially seal the opposition to Rachel Abrams application for co-lead in this MDL.

DATED: November 22, 2023                **LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David Grimes
Samira J. Bokaie
*Attorneys for Doe LS Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on November 22, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin