William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Plaintiff*s

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: *UBER TECHNOLOGIES, INC.*, PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>*Honorable Judge Charles R. Breyer*<br><br>**ADMINISTRATIVE MOTION TO FILE PARTIALLY UNDER SEAL THE RESPONSE TO RACHEL ABRAMS' NOVEMBER 27, 2023 LETTER** |

Pursuant to Local Rules 7-11 and 79-5, I, Plaintiffs represented by Levin Simes in this MDL, hereby move for an order sealing portions of the attached letter in opposition to the leadership application of Rachel Abrams, (ECF No. 106) and the exhibits attached to that letter because of the sensitive and confidential information contained in the redacted portion of the document.

Local Rule 79.5(a) states that where a party seeks to seek a motion to seal to conceal information "from the public by filing a document, or portions of a document, under seal. A party must explore all reasonable alternatives to filing documents under seal, minimize the number of

documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document). In a motion to seal a party must address (1) the legitimate private or public interests that warrant sealing, (2) the injury that will result if sealing is denied, and (3) why a less restrictive alternative to sealing is not sufficient. Local Rule 79-5(c). Here, an analysis of these three factors demonstrates that sealing the portions of the letter that contain sensitive and confidential information is consistent with the Local Rules of this Court and applicable case law.

### A. Sealing is Warranted Because the Confidential and Sensitive Information Contained in The Document Outweighs the Private and Public Interest.

Records that are only "tangentially related to the merits of a case" are not subject to a strong presumption of access. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Accordingly, parties moving to seal such records need only meet the lower "good cause" standard of Rule 26(c). *Id.* at 1097. The "good cause" standard requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002) (citation and internal quotation marks omitted); *see also* Fed. R. Civ. P. 26(c).

The attached letter includes confidential and sensitive information regarding Rachel Abrams. This information is the subject of an arbitration between Levin Simes and Peiffer Wolf and Rachel Abrams, pending before the Hon. Rebecca Westerfield (Ret.). The portions of the document that are redacted include references to statements made by Ms. Abrams in the private arbitration that contradict statements made in her November 27, 2023 letter to the Court. As such, due to the nature of the content contained within the redacted portions of this document, and the fact that it has no direct bearing on the litigation itself, we believe this document should be viewed only by Your Honor, Ms. Abrams, and opposing counsel. Therefore, there is good cause for partially sealing the Response to Rachel Abrams' November 27, 2023 Letter.

### B. The Redacted Portions are Limited.

The context of the redacted portions are such that they do not bear on any issue other than Mr. Abrams' appointment as co-lead, and in response to statement made in her November 27,

2023 letter to the Court. As a consequence, due to the confidential and sensitive nature of the redacted portions, we believe it would be best to be viewed only by those who are necessary to resolve this issue. Additionally, the redactions are limited only to statements made in the context of private arbitration between Levin Simes, Peiffer Wolf, and Rachel Abrams.

For the forgoing reasons, Levin Simes' Plaintiffs respectfully request this Court grant the administrative motion to partially seal the opposition to Rachel Abrams application for co-lead in this MDL.

DATED:  November 30, 2023            **LEVIN SIMES LLP**

　　　　　　　　　　　　　　　　　　 */s/ William A. Levin*
　　　　　　　　　　　　　　　　　　William A. Levin
　　　　　　　　　　　　　　　　　　Laurel L. Simes
　　　　　　　　　　　　　　　　　　David Grimes
　　　　　　　　　　　　　　　　　　Samira J. Bokaie
　　　　　　　　　　　　　　　　　　*Attorneys for the Doe LS Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 30, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin