IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>ALL ACTIONS | MDL No. 3084 CRB<br><br>**PRETRIAL ORDER NO. 4: ORDER APPOINTING PLAINTIFFS' CO-LEAD COUNSEL AND PLAINTIFFS' STEERING COMMITTEE** |

In Pretrial Order No. 3, the Court invited plaintiffs' counsel to apply for positions in the plaintiffs' leadership structure in this MDL. The Court received 22 applications and four responses. Having carefully considered them, the Court orders as follows.

**I.    CO-LEAD COUNSEL**

The Court appoints the following attorneys as Co-Lead Counsel:

>Rachel B. Abrams
>Peiffer Wolf Carr Kane Conway & Wise, LLP
>555 Montgomery Street, Suite 820
>San Francisco, CA 94111
>
>Sarah R. London
>Lieff Cabraser Heimann & Bernstein, LLP
>275 Battery Street, 29th Floor
>San Francisco, CA 94111
>
>Roopal P. Luhana
>Chaffin Luhana LLP
>600 Third Avenue, 12th Floor
>New York, NY 10016

In general, Co-Lead Counsel are responsible for coordinating the activities of the plaintiffs during pretrial proceedings and shall:

1. determine (after such consultation with other members of the Plaintiffs' Steering Committee and other co-counsel as may be appropriate) the position of the plaintiffs on all matters arising during pretrial proceedings;
2. coordinate the scheduling and conduct of discovery on behalf of the plaintiffs, as well as the preparation of protocols and schedules for discovery and the development of platforms to allow for equitable and efficient use of discovery secured through this MDL;
3. suggest, in consultation with the defendants, the ordering, priority, and response to pending and anticipated motions;
4. delegate specific tasks to Plaintiffs' Steering Committee ("PSC") Members or other counsel so as to ensure that pretrial preparation for the plaintiffs is conducted efficiently and effectively, including, at the appropriate juncture, selection of trial team(s);
5. suggest, in consultation with the defendants, the appointment of special master(s) under Federal Rule of Civil Procedure 53;
6. conduct settlement negotiations on behalf of the plaintiffs, but not enter binding agreements except to the extent expressly authorized; and
7. perform such other duties as may be necessary for effective and efficient coordination of the plaintiffs' pretrial activities or authorized by further order of the Court.

Co-Lead Counsel shall also have the authority to retain the services of any attorney not part of the PSC to perform any common benefit work, provided the attorney so consents and is bound by the PSC's compensation structure.

Ms. London shall also serve as Plaintiffs' Liaison Counsel, with additional responsibilities described below.

## II. PLAINTIFFS' STEERING COMMITTEE

In addition to the Co-Lead Counsel, the Court appoints the following attorneys to the following roles on the PSC:

### Plaintiffs' Liaison Counsel

Sarah R. London
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111

### Plaintiffs' Federal/State Liaison Counsel

Khaldoun A. Baghdadi
Walkup, Melodia, Kelly & Schoenberger
650 California Street, 26th Floor
San Francisco, CA 94108-2615

### Members

Brian A. Abramson
Williams Hart & Boundas, LLP
8441 Gulf Freeway, Suite 600
Houston, TX 77017

Marlene Goldenberg
Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW, Third Floor
Washington, DC 20016

Ellyn H. Hurd
Simmons Hanly Conroy LLP
One Court Street
Alton, IL 62002

Sara M. Peters
Walkup, Melodia, Kelly and Schoenberger, APC
650 California Street, 26th Floor
San Francisco, CA 94108

Bret D. Stanley
Pulaski Kherkher, PLLC
2925 Richmond Avenue, Suite 1725

Houston, TX 77098

Meredith Stratigopoulos
Watts Guerra LLP
811 Barton Springs Road, Suite 725
Austin, TX 78704

Alexandra M. Walsh
Walsh Law PLLC
14 Ridge Square NW, Third Floor
Washington, DC 20016

The Court vests Ms. London, as Co-Lead Counsel and Plaintiffs' Liaison Counsel, with the authority and duty to coordinate and oversee the PSC's responsibilities; to schedule PSC meetings and keep minutes or transcripts of these meetings as appropriate; to appear at periodic Court-noticed status conferences and hearings and present to the Court and opposing parties the position of the plaintiffs on all matters arising during pretrial proceedings; to sign and file all pleadings that relate to all actions; and to bind the PSC in scheduling settlement discussions and discovery, setting agendas, entering into stipulations, and in other necessary interactions with any other relevant parties. Ms. London may designate counsel in her discretion to perform these duties as appropriate and necessary to progress the litigation effectively and efficiently.

Ms. London, as Plaintiffs' Liaison Counsel, shall also do the following:

1. Establish and maintain a depository for orders, pleadings, hearing transcripts, and all documents served upon plaintiffs' counsel, and make such papers available to plaintiffs' counsel upon reasonable request.

2. Maintain, in conjunction with their accountant, records of receipts and disbursements advanced by PSC members and received by the PSC and report in writing to the PSC concerning disbursements and receipts.

3. Designate counsel to schedule depositions, set agendas, and otherwise interact with defense counsel, various plaintiffs' counsel, and any other relevant parties.

Ms. London shall perform other necessary PSC administrative and logistic functions and carry out any other duty as the Court may order.

All appointments made in this Order are personal to the individual attorney appointed. While the Court has considered PSC members' resources and expects that they will draw upon their firms and co-counsel to assist them with their duties, each member is personally responsible for his or her duties.

It is intended and expected that—as to all matters common to the coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all plaintiffs' counsel to their clients—pretrial proceedings shall be conducted by and through the PSC.

The PSC is responsible for creating its own structure, including establishing subcommittees. The Court recognizes that changes to the PSC's organization may be necessary as the litigation progresses and new details emerge.

All timekeepers carrying out work for the plaintiffs' common benefit, including PSC members, who may look to any common fund or agreement for reimbursement or compensation shall maintain detailed and contemporaneous time records. The Court will issue a subsequent order regarding the guidelines and rules for work done and expense incurred for the common benefit of all plaintiffs in this MDL.

If circumstances warrant, the Court may add or replace members of the PSC upon request from the PSC or on its own motion. Unless otherwise modified by the Court, all appointments made in this order will last for one year from the date the order is entered. Appointees may apply to be reappointed when their term expires by submitting an application on or before November 29, 2024. Such applications shall detail the nature and scope of the appointee's work on behalf of the PSC during the prior year.

### III. CASE MANAGEMENT

Co-Lead Counsel and the PSC shall promptly meet and confer with Defendants as to the following:

    1. a discovery plan, including any desired revisions to Pretrial Order No. 2

        regarding the preservation of evidence;

    2. a protective order; and

    3. a schedule for the filing of a long-form complaint and for briefing motions to dismiss.

By December 14, 2023, Plaintiffs' Liaison Counsel and Defendants shall jointly submit the following to the Court:

    1. A proposed pretrial order regarding discovery. If the parties cannot reach an agreement, then each shall submit its own proposal with a memorandum (not to exceed ten pages) explaining why the Court should adopt that party's proposal.

    2. A stipulated order regarding anonymity for those plaintiffs who wish to proceed anonymously.

    3. A stipulated protective order. Again, if the parties are unable to agree on the contents of such an order, then each shall submit its own version with a memorandum (not to exceed five pages) explaining why the Court should adopt that party's proposal.

    4. A proposed pretrial order establishing a process and schedule for filing a long-form complaint and briefing any motions to dismiss.

    5. Any other proposals the parties may wish the Court to consider.

Finally, the Court will hold a case management conference on January 12, 2024, to discuss any outstanding issues related to the above matters and any other case management issues that may require the Court's attention. Plaintiffs' Liaison Counsel and Defendants' counsel shall jointly file a proposed conference agenda by January 8, 2024.

## IV.    UNFILED CASES

At the initial status conference and in their applications for leadership positions, various plaintiffs' counsel have stated that they represent large numbers of plaintiffs—in some cases hundreds or even more than a thousand—who intend to file cases in this MDL. It appears that only a small fraction of such cases have been filed to date. As the Court

previously noted, its interest is in resolving common pretrial issues in this MDL as efficiently and quickly as possible. To that end, plaintiffs' counsel are encouraged to file their cases sooner rather than later, consistent with their fiduciary obligation to their clients.

**IT IS SO ORDERED.**

Dated: December 6, 2023



CHARLES R. BREYER
United States District Judge