[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO ENFORCE PTO NO. 2 AND TO COMPEL DEFENDANTS TO PRODUCE LITIGATION HOLD AND PRESERVATION INFORMATION**<br><br>Judge: Honorable Charles R. Breyer<br>Date: January 19, 2024<br>Time: 10:00 AM<br>Courtroom: 6 – 17th Floor (by Zoom)<br><br>**REDACTED** |

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 19, 2024, at 10:00 a.m., before the Honorable Charles R. Breyer (by Zoom), Plaintiffs will and hereby do, move for an order compelling Defendants to comply with PTO No. 2 and produce litigation hold and preservation information. The motion will be based on this Notice and Motion and the Memorandum of Points and Authorities below.

1  Plaintiffs respectfully request that the Court order Defendants Uber Technologies, Inc.,
2  Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") to comply with PTO No. 2 (ECF No.
3  65), and produce litigation hold and preservation information. If this issue is more properly
4  brought before the Magistrate Judge, Plaintiffs will do so.

## I.   INTRODUCTION

On November 3, 2023, this Court issued PTO No. 2, ordering the parties to preserve all information that may be relevant to this litigation from all sources, including electronically stored information ("ESI"), requiring that "Defendants' custodians must be broadly identified", and directing Uber to implement a litigation hold covering the company and vendors. PTO No. 2 further provides that "no party shall destroy any information subject to discovery within their control without applying to this Court." *Id*. ¶ 1. The Order states that the "parties must confirm, by way of notice to opposing counsel, that they are preserving all information that may be relevant to this litigation from all sources, including corporate and personal accounts". *Id*. ¶ 3.

Uber has not provided Plaintiffs with sufficient assurance that it is meeting its obligations under PTO No. 2. Despite the Court's order, ███████████████████████████████████████ ███████████████████████████████████████ ███████████████████████████████████████. Uber has also not provided *any* details about the non-custodial sources it is preserving or not preserving. ███ ███████████████████████████████████████ ███████████████████████████████. Indeed, Uber has historically taken a cramped view of what evidence is potentially relevant in a sexual assault case. Unless the Court intervenes to require Uber to immediately ████████████████████████ █████ until the parties and the Court can ensure that all sources of relevant material are being preserved, Plaintiffs may suffer irreversible prejudice from this permanent loss of relevant ESI.

Plaintiffs respectfully request that the Court order Uber to participate in the meet and confer process contemplated by PTO No. 2, and in the interim ████████████████████████ ████.

## II. BACKGROUND

Contrary to PTO No. 2, Uber has provided only limited, contradictory, and confusing information regarding what litigation holds it has implemented to date. On October 27, 2023, Uber represented to this Court that it had issued litigation holds for "multiple" Uber custodians involved with handling sexual assault complaints. ECF No. 38 at 8. Recognizing this was plainly insufficient to comply with PTO No. 2, when the parties met and conferred on November 17, 2023, Uber informed Plaintiffs that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇." Ex. A (12/1/23 Ltr. from Uber to Pls.). Then, on December 13, Uber changed its position yet again and represented that "▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇" Ex. B (12/13/23 Email from Uber to Pls.).

To understand the scope of Uber's preservation efforts, Plaintiffs requested that Uber produce limited information about its litigation holds: (1) the name, job title, dates of employment, and date of litigation hold for each custodian; (2) the date range of ESI that was preserved; and (3) what litigation or claim (i.e. sexual assault or something else) the holds related to. Ex. C (11/22/23 Ltr. from Pls. to Uber). Uber refused, agreeing to provide ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇.

Plaintiffs also requested information about the ESI Sources enumerated in PTO No. 2, ¶3, including non-custodial sources, that it has preserved and when it preserved them. *Id.* Again, Uber refused, leaving Plaintiffs in the dark as to what relevant information Uber is adequately preserving and what may be lost or at risk of destruction.

## III. ARGUMENT

### A. Uber should provide detailed information regarding its litigation holds and ESI sources.

The threshold problem here is that Uber will not tell Plaintiffs the scope of what it has agreed to preserve. As to custodians, all that Uber has disclosed is that ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇

1 ▌ ███████████████████████████████████████. *See* Exs. A, B. This is after representing to the Court
2 ▌ only that Uber has issued holds to "multiple" custodians. ECF No. 38 at 8. None of these vague
3 ▌ representations is sufficient to allow Plaintiffs or the Court to determine whether Uber is
4 ▌ complying with its obligations to preserve potentially relevant documents and information. Uber
5 ▌ should be compelled to immediately provide the basic details of its litigation holds.
6 ▌       This request does not implicate any privilege. While a litigation hold notice itself may be
7 ▌ privileged, "the basic details surrounding the litigation hold are not." *Cohen v. Trump*, No. 13-cv-
8 ▌ 2519, 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015) (citation omitted); *see also, e.g.*, *In re*
9 ▌ *eBay Seller Antitrust Litig.*, 07-cv-01882, 2007 WL 2852364, at *1–3 (N.D. Cal. Oct. 2, 2007)
10 ▌ (holding that plaintiffs are entitled to a defendant's basic litigation hold information).
11 ▌       Provision of this information is also required by both federal and local rules. The Northern
12 ▌ District of California Rule 26(f) Checklist regarding ESI specifically notes that information like
13 ▌ this should be provided. The Checklist specifies (1) The ranges of creation or receipt dates for any
14 ▌ ESI to be preserved"; (2) "The names and/or general job titles or descriptions of custodians for
15 ▌ whom ESI will be preserved (e.g., 'HR head,' 'scientist,' 'marketing manager,' etc.)"; and (3)
16 ▌ "The number of custodians for whom ESI will be preserved." Provision of this information is also
17 ▌ supported by the Advisory Committee's comment to Rule 26(b)(2). *See Cannata v. Wyndham*
18 ▌ *Worldwide Corp.*, 10-cv-00068, 2011 WL 3495987, at *2 (D. Nev. Aug. 10, 2011) (producing
19 ▌ basic details surrounding litigation holds "is supported by the Advisory Committee's comments
20 ▌ to Rule 26(b)(2): '[t]he responding party must also identify, by category or type, the sources
21 ▌ containing potentially responsive information that it is neither searching nor producing.'").
22 ▌       As to ESI sources in general, Uber has disclosed nothing. Plaintiffs requested Defendants
23 ▌ produce information as to the ESI Sources enumerated in PTO No. 2, Paragraph 3, including non-
24 ▌ custodial sources, that it has preserved and when it preserved them. Specifically, Plaintiffs
25 ▌ requested information as to when such ESI sources were used, what they were used for, the
26 ▌ general types of information they housed, and which Uber employees used or had access to these
27 ▌ sources. All that Uber will tell Plaintiffs is that employees who are on hold "████████████
28 ▌ ████████████████████████████████████████████████████" Ex. B. This does not

1  promise, let alone prove, that such sources are actually being preserved, ▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

3  Accordingly, the Court should order Uber to immediately produce such information.

4  **B.   Uber must ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ policy pending a determination that it is not deleting potentially relevant information.**

5  Uber's reticence creates an urgent problem because the company is ▓▓▓▓▓▓▓▓▓▓

6  ▓▓. Uber has made clear that its ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

7  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Ex. A at

8  2; Ex. D. (12/12/23 Email from Uber to Pls.). In other words, the broad language and intent of

9  PTO No. 2 notwithstanding, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓

10 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.

11 Uber claims the right to decide unilaterally which sources contain potentially relevant

12 information without first working with Plaintiffs to determine that scope. This is not the stated

13 intent of PTO No. 2, which required that custodians be "broadly identified," and presumed

14 substantive and substantial "meeting and conferring," with leave of Court required to "destroy

15 information that may be relevant to the litigation." ECF 65 ¶¶ 4, 6. That matters in this case. Even

16 though passenger sexual assault litigation began no later than 2013, Uber (1) maintained only a

17 six-month e-mail retention policy from September 2015 to January 2023; (2) since January 2023,

18 destroyed emails after 24 months; and (3) in 2020, deleted all Slack messages more than 90 days

19 old. ECF 57 at 7 (quoting JCCP Case Management Statement). Uber has already demonstrated a

20 willingness to breach its preservation duties, making broad compliance with PTO No. 2 all the

21 more crucial. *See, e.g.*, *Apple Inc., v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 1991136 (N.D.

22 Cal. 2012) (duty to preserve includes "suspend[ing] any existing policies related to deleting or

23 destroying files.").

24 The only way to ensure appropriate evidence preservation is for Uber to ▓▓▓▓▓

25 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ until the parties meet and confer and work to propose "a more

26 tailored order concerning the preservation of relevant information" as contemplated by PTO No.

27 2 or Uber applies for relief under PTO No. 2. *See, e,g.*, *WeRide Corp. v. Kun Huang*, No. 18-cv-

28

07233, 2020 WL 1967209, at *12 (N.D. Cal. Apr. 24, 2020) (ordering sanctions where, "[h]ad AllRide deactivated the auto-deletion function when this litigation began [], its emails [] would have been preserved."); *Apple Inc*., 888 F. Supp. 2d at 991-92 (finding sanctions appropriate because "[a]lthough Samsung did make some efforts to preserve documents, such as by sending out litigation hold notices[], Samsung to this day has not suspended its email system's [] automatic destruction policy.") (citations omitted).

### IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order Uber to (1) ▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊▊, and (2) immediately produce basic details surrounding its litigation holds and preservation efforts, including what litigation or claim the holds relate to, the dates of issue, the dates of preserved ESI, and the names, job titles, and dates of employment of the recipients of the hold notices.

Dated: December 14, 2023                    Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

By: */s/ Roopal P. Luhana*
     Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 14, 2023, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Andrew R. Kaufman*