[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**MEMORANDUM IN SUPPORT OF PLAINTIFFS' PROPOSED PRETRIAL ORDER REGARDING DISCOVERY SCHEDULE AND PROCEDURES** |

Plaintiffs submit this memorandum in support of Plaintiffs' Proposed Pretrial Order Regarding Discovery Schedule and Procedures, attached as **Exhibit A.**

## I. INTRODUCTION

As directed by the Court, the parties met and conferred, but remain far apart on the central questions of how this litigation will proceed. In Plaintiffs' view, the case must proceed immediately to the fundamental basis for this MDL: common core discovery of "What did Uber know; when did they know it; and what actions did they take, with respect to allegations of sexual misconduct or harassment." 11/3/23 Hearing Tr. at 7:25-8:3. Of course, the parties will proceed on other matters, including briefing motions on cross-cutting legal issues, and negotiate plaintiff and defendant case-specific discovery to provide information about the universe of plaintiffs in the MDL. But the first step is lifting the discovery stay as to Defendants' corporate documents.

Defendants take the opposite view. Their proposal envisions this Court do very little in general, and nothing on common discovery while the parties brief, and the Court decides, an indeterminate number of motions to dismiss. They want the JCCP in the driver's seat, with documents trickling down to MDL plaintiffs after they are produced in the state-court proceeding. This Court has already rejected that premise: "we are going to move a lot faster than" the JCCP because "there is no reason not to." *Id.* at 9:20-23.

The parties' proposals differ significantly. It is Plaintiffs' proposal that effectuates the Court's objective to move this litigation forward with alacrity. The Court should adopt Plaintiffs' positions on the core disputed issues, and adopt Plaintiffs' proposed order.

## II. ARGUMENT

### A. Discovery Stay

The most glaring problem with Defendants' proposal is that it does not provide for any defense discovery in the MDL until long after Rule 12 motions are decided, which at the earliest would be in July-August 2024. Defendants seek to stay discovery stay except as to: (1) the exchange of case-specific information, discussed below; (2) the production of previously produced discovery from the JCCP; and (3) meet and confers with MDL counsel after producing JCCP discovery for limited discovery "unique" to the MDL proceedings, whatever that may be.

1  This unbalanced and obtuse scheme is unacceptable: the Court has clearly expressed its intention
2  to "move a lot faster than [the JCCP]," which was coordinated over two years ago and currently
3  has the first bellwether trial set for mid-May 2025. 11/3/23 Hearing Tr. at 9:17-23. It would also
4  needlessly duplicate rulings and hamper coordination: under Defendants' approach, the JCCP
5  schedule would require depositions to be completed before MDL discovery begins, risking a
6  second deposition for defense witnesses. Plaintiffs have every interest in efficiency and will give
7  due consideration to discovery served in the JCCP to avoid reinventing the wheel. But in order to
8  set this litigation on a different path, Plaintiffs must be able to take common defense discovery
9  without delay. Plaintiffs are open to discussing mutually agreeable substantial completion dates,
10 but at this juncture, Defendants have not meaningfully come to the table as to when MDL-
11 initiated defense discovery can even begin.

12      Plaintiffs anticipate that Defendants will point to some 300 requests for production
13 recently served in the JCCP to show that their proffer to share such discovery with the MDL is
14 significant. But the MDL Plaintiffs were not involved in the front end of that process, and the
15 absence of an ESI protocol renders Defendants' responses suspect. Moreover, Defendants
16 overstate the progress of discovery in the JCCP—they have not yet produced any documents and
17 many disputes remain over the scope of production and methods of search. Basically, discovery is
18 still at the very beginning stage in the JCCP. Defendants' MDL discovery plan requires the MDL
19 Plaintiffs to take the JCCP discovery process as a package deal on faith, and strips the authority
20 from the MDL Plaintiffs and this Court to craft and oversee common discovery.

21      Defendants have also suggested that discovery must wait on rulings on motions to dismiss
22 because such rulings may narrow the claims at issue. But we already know that the core claim
23 here—direct liability for Defendants' own negligence—is going to survive; Defendants did not
24 even challenge that claim in the JCCP. So while Plaintiffs agree with Defendants that the parties
25 should work to tee up important legal issues, there is no justification to delay crucial discovery in
26 the meantime.

27      Plaintiffs are flexible on the timing of motions to dismiss. Defendants have indicated
28 interest in moving on particular states first. Plaintiffs welcome a discussion with the Court as to

2910229.2                - 3 -                MEMORANDUM IN SUPPORT OF PLAINTIFFS'
                                              PROPOSED PRETRIAL DISCOVERY ORDER
                                              CASE NO. 3:23-MD-03084

1   the scope of these motions in order to avoid endless rounds of pleading challenges. Also,

2   Defendants have indicated they want an omnibus motion to transfer cases originally filed in N.D.

3   Cal. Plaintiffs do not oppose addressing motions to transfer when the Court sees fit, but the issue

4   is premature and should not take priority over addressing common discovery.

5         **B.**      **"Off-the-Shelf" Discovery**

6         Relatedly, Defendants' proposal to maintain the discovery stay provides no exception for

7   "off the shelf" discovery. Discovery of the following categories of documents should begin

8   immediately: (1) any discovery produced in any other rideshare sexual assault case (except

9   private identifying information); and (2) any documents produced to any legislative or regulatory

10  entity that has investigated Uber regarding sexual assault. These documents are clearly relevant,

11  and there is minimal burden, if any, to produce them since they have already been produced in

12  other actions. *See In re: McKinsey & Co., Inc. Nat'l Prescription Opiate Consultant Litig.*, No.

13  21-2996, ECF 489, at 2-3 (N.D. Cal. Mar. 17, 2023) (ordering production of documents "related

14  to any subpoenas, civil investigative demands, or other requests for documents and

15  communications from any government entity, and McKinsey's responses, in connection with

16  McKinsey's opioid-related work"), *objections overruled*, No. 21-2996, ECF 543 (N.D. Cal. May

17  9, 2023).

18        Plaintiffs welcome discussion with Uber on the precise scope of these requests to ensure

19  proportionality and distinguish between discovery properly part of "off-the-shelf" productions

20  and properly the subject of the regular Rule 34 process. But during the meet and confers over this

21  proposed order, Defendants made no meaningful argument as to why such discovery cannot or

22  should not take place here, or what limits Defendants would propose on it. If such reasons were

23  provided, the Court could still order these productions in general and refer the matter to Judge

24  Cisneros to hear any objections as to scope or burden of specific requests.

25        **C.**      **ESI Protocol**

26        Plaintiffs also urge the Court to prioritize prompt entry of a pretrial order governing

27  electronically stored information ("ESI"). In the JCCP, this has been a protracted process; the

28  lack of such an order has held up meaningful document production and limited transparency as to

1 the process Defendants are using to search and produce documents. To avoid the same result,
2 Plaintiffs ask that the Court require submission of joint or competing proposals (and memoranda
3 in support thereof, not to exceed 10 pages) by January 30, 2024.[1]

### D. Plaintiff Discovery

While allowing the JCCP to control all defense discovery, Defendants' proposal also frontloads individual plaintiff specific discovery in the MDL, requiring Plaintiffs to serve "verified" fact sheets within 30 days of the entry of the protective order. Such a deadline is unusually early, even without considering Defendants' companion proposal to prohibit any MDL-initiated discovery of Defendants (other than limited case-specific information) until late 2024. *See In re JUUL Labs, Inc., Mktg., Sales Pracs., & Prod. Liab. Litig.*, No. 19-2913, ECF 406 at 3 (N.D. Cal. Mar. 27, 2020) (setting deadline to serve plaintiff fact sheets as 60 days after entry of the fact sheet implementation order); *In re Philips Recalled CPAP, Bi-Level PAP, & Mech. Ventilator Prod. Liab. Litig.*, No. 21-1230, ECF 766 at 3 (W.D. Pa. Sept. 22, 2022) (same). Further, Uber's demand for "verified ride receipts" at this stage lacks foundation in the Federal Rules and is inconsistent with Fed. R. Civ. P. 8. Rule 8 requires a complaint to have "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiffs do not have to provide additional evidence at the pleadings stage. Additionally, this has not been adopted by Judge Schulman in the JCCP. *See* Response to Defendants' Initial Conference Submission by William A. Levin (ECF 43) at 3.

Instead, as is common in MDLs, the parties should collaboratively develop plaintiff-specific discovery that would contain information from both sides (as Defendants are likely to have as much, or more, information about relevant rides). *See In re JUUL Labs*, ECF 368 at 19 (N.D. Cal. Feb. 12, 2020) (case management statement noting that the parties are conferring regarding plaintiff and defense fact sheets and if unable to agree, will submit competing versions accompanied by five-page letter briefs for the Court or magistrate's review); *In re JUUL*, ECF 406 (N.D. Cal. Mar. 27, 2020) (entering the parties' jointly proposed fact sheet implementation order).

---

[1] The current deadline for the ESI protocol in the JCCP is February 4, 2024.

1  Plaintiffs will carefully consider the types of plaintiff-specific discovery ordered in the
2  JCCP (including ride receipts), work with Defendants to adopt procedures that have worked well,
3  and propose modifications if necessary or appropriate to advance Rule 1. This process need not
4  drag on, but should not be rushed either. To that end, Plaintiffs propose that the parties submit
5  joint or competing proposed orders for such discovery by January 31, 2024.

### E. Complaint Process

Plaintiffs propose that Plaintiffs file a master administrative long-form complaint on February 15, 2024, and that the parties file joint or competing proposals for a model short form complaint on February 29, 2024. Plaintiffs understand that the parties may be close to agreement on this issue.

### F. Motion Practice

Finally, Defendants' proposal includes a lengthy section governing the process by which the parties may file motions (other than motions to transfer or dismiss and discovery disputes). Plaintiffs disagree that such provisions are necessary: other than prohibiting non-lead counsel from filing motions to preserve efficiency, the Court should not deviate from the Northern District of California's Local Rules. In Co-Lead Counsel's experience litigating MDLs in this District, the Local Rules' motion practice procedures (including Rule 6-1 regarding accelerated briefing schedules), provide a suitable process. Again, Defendants' suggestion to add *more* time to motion practice than the Local Rules provide cuts against the Court's objective to resolve issues promptly. *See* 11/3/23 Hearing Tr. at 11:25 (The Court: "Time is the great enemy of the resolution of cases . . .").

## III. CONCLUSION

For the reasons stated, Plaintiffs respectfully request that the Court adopt Plaintiffs' Proposed Pretrial Order Regarding Discovery Schedule and Procedures.

Dated: December 21, 2023                                              Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

|   |   |
|---|---|
| 1 | |
| 2 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 3 | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339 |
| 4 | Telephone: (415) 956-1000<br>Facsimile: (415) 956-1008 |
| 5 | slondon@lchb.com |

By: */s/ Rachel B. Abrams*
 Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
 Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*