PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

535 MISSION STREET, 24TH FLOOR   SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

1285 AVENUE OF THE AMERICAS
NEW YORK, NY 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

1313 NORTH MARKET STREET, SUITE 806
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(628) 432-5100

WRITER'S DIRECT FACSIMILE
(202) 232-3101

WRITER'S DIRECT E-MAIL ADDRESS
rluskey@paulweiss.com

December 21, 2023

*Via ECF*
Hon. Charles R. Breyer
United States District Judge
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102
Courtroom 6 – 17th Floor

Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB

Dear Judge Breyer:

Pursuant to Pretrial Order No. 4, ECF No. 152, and this Court's December 14, 2023 Order Granting Stipulation to Amend Case Schedule, ECF No. 158, the parties respectfully submit this letter outlining the remaining areas of disagreement concerning the Protective Order. A copy of the draft Protective Order is attached as Exhibit A, indicating the disputed provisions and each side's respective proposed language, with bolded text to assist in identifying the differences in language.

### Section 2.8: HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY Information or Items

Plaintiffs' Position: The PO does not require a separate designation for "Highly Confidential-Attorneys' Eyes-Only", as the PO's robust "Confidential" designation affords sufficient protection for any confidential information. The Northern District of California's Model PO does not contain a provision for a "Highly Confidential-Attorneys' Eyes-Only" designation. This designation appears only in the Model PO for Litigation Involving Patents, Highly Sensitive Confidential Information and/or Trade Secrets, which this case is not. *See Mardiros v. City of Hope*, 19-cv-02196, 2019 WL 13164174, at *8 (C.D. Cal. Oct. 2, 2019) ("[Attorneys eyes only] designations should be rare and reserved for those circumstances where 'there is no other effective alternative.;'")(internal citation omitted); *Robert Half Inter. Inc. v. Ainsworth*, No. 14-cv-2481, 2015 WL 12699865, at *2 (S.D. Cal. May 15, 2015)(denying party's request to modify PO to include "attorneys' eyes only" designation); *see also Ragland v. Blue Cross Blue Shield of N.D.*, No. 12–cv–080, 2013 WL 3776495, at *1-2 (D.N.D. June 25, 2013)(collecting cases and noting that requiring "attorneys eyes only" designation is "drastic remedy given its impact on the party entitled to the information," in that it prevents party from reviewing documents with counsel and hampers party's ability to present their case).

Regardless, in the interest of compromise, Plaintiffs propose an "Attorneys' Eyes-Only" designation for trade secrets, patents, or other intellectual property, including "information relating to research, development, testing of, or plans for proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs." Ex. A, Section 2.8. But Defendants insist that the "Highly Confidential-Attorneys' Eyes-Only" designation must also include various *general* categories of documents, including, *inter alia*, transactional sales data; non-public research or analysis; customer information; financial, marketing, or strategic business planning information; and employee information and personnel files, among many other types of documents. *Id*.

Defendants' proposal is unnecessary and will waste the parties' and the Court's time and resources over document designation disputes.  Indeed, it is so broad that it will essentially allow Defendants to designate *any* information or document as "Highly Confidential-Attorneys' Eyes-Only". For example, Defendants marked a prior meet and confer letter as "Highly Confidential-Attorneys' Eyes-Only." *See* Uber's December 1, 2023, Letter to Plaintiffs (ECF No. 160, Ex. A, Filed Under Seal). But this letter arguably did not even contain confidential information, let alone information that would require a "Attorneys' Eyes-Only" designation. Defendants have not articulated why the PO's robust "Confidential" designation is not sufficient to protect the broad categories of general information that Defendants insist must be included. Defendants overly broad designation definition will only lead to numerous unnecessary designation disputes in the future which will likely require this Court's attention.

Defendants' Position: Discovery in this litigation is likely to include the production of highly sensitive information that could cause irreparable harm if disclosed.  As such, the Protective

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Charles R. Breyer                                                                                          3

Order should include a "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" ("Highly Confidential") confidentiality tier.

Including additional tiers of confidentiality in a protective order is not atypical.[1]  And while such heightened tiers typically encompass trade secrets and source code, they are often not limited to such material. *See, e.g.*, Stipulated Protective Order, *United States Securities & Exchange Commission* v. *Volkswagen AG, et al.*, No. 3:19-cv-1391-CRB (N.D. Cal. Sep. 29, 2021), ECF No. 73 (defining "Highly Confidential" material to include that which "the Designating Party reasonably believes to be economically or competitively sensitive and that warrants [an] extra layer of protection"); Pretrial Order No. 4: Protective Order, *In re: McKinsey & Co., Inc. National Prescription Opiate Litig.*, No. 3:21-md-02996-CRB (N.D. Cal. Sep. 21, 2021), ECF No. 258 (defining Highly Confidential Information as "information which, if disclosed, disseminated, or used, could reasonably result in . . . or commercial, financial, or business harm").  Similarly, Defendants' proposed definition of Highly Confidential material protects "[e]xtremely sensitive 'CONFIDENTIAL' Information or Items," including "information relating to research, development, testing of, or plans for existing or proposed future products," and "sensitive information pertaining to drivers and riders who use Uber's platforms."[2]  It is imperative that Uber be able to protect this sort of proprietary or otherwise sensitive information from disclosure to the public, to plaintiffs, as well as to third parties who may become involved in this litigation.

To the extent Plaintiffs are concerned about potential over-designation, Defendants' proposal ensures that the Designating Party shall designate material as "HIGHLY CONFIDENTIAL" in good faith, consistent with the protective order and this Court's rulings, while forbidding "global designation of all documents" as Highly Confidential.[3]  Plaintiffs point to a letter sent by Defendants as purported evidence of over-designation.  While we believe there is information in that letter that qualified for protection, to avoid unnecessary dispute Uber is not seeking to file that material under seal. That exchange thus proves the worth of the proposed designation procedures; Defendants do not intend to overuse the Highly Confidential designation, and the meet and confer process regarding any disputed designations will resolve questions over which material remains subject to designation.  If a party believes that material has been improperly designated, Section 6 establishes a process for challenging designations.  Abstract concerns about possible over-designation do not justify foregoing altogether the option of heightened protection in a case that is certain to involve sensitive corporate material warranting such protection.

Further, the operative protective order in the Uber JCCP includes a Highly Confidential designation nearly identical to what Defendants propose here.[4]  To the extent that information is going to be shared across these two actions (which the parties are discussing), then the protective

---

[1] *See e.g.* Stipulated Protective Order, *Evanston Police Pension Fund* v. *McKesson Corp., et al.*, Case No. 3:18-cv-06525-CRB (N.D. Cal. May 7, 2020), ECF No. 93.
[2] Ex. A, Section 2.8.
[3] *Id.*
[4] *See* Stipulation and Protective Order, *In re: Uber Rideshare Cases*, No. CJC-21-005188 (S.F. Super. Court Sep. 14, 2022)

The Honorable Charles R. Breyer	4

orders should share similar definitions to avoid misalignment of protections to the extent information is shared.

### Section 3: Scope

Plaintiffs' Position: In the event that additional parties join this litigation, they should have access to confidential documents once they agree to be bound by the PO. Ex. A, Section 3. Defendants insist on an additional requirement that a new party should not receive confidential documents until the Designating Party has *also* consented to such access. *Id*. Defendants have no basis for this additional unnecessary requirement. This District's Model PO has no such requirement, nor do POs entered in other MDLs in this District. *See* Model PO; Stipulated PO, *In Re: Volkswagen*, MDL No. 2672 CRB (ECF No. 1255); Stipulated PO, *In Re: JUUL*, 19-md-02913-WHO (ECF No. 308). Defendants' requirement is an unwarranted and inefficient additional requirement that will only delay discovery by preventing a party from obtaining discovery even though they have agreed to be bound by the PO.

Defendants' Position: The parties agree that any new natural person Plaintiff that joins the case will have access to Protected Materials after signing the Agreement to be Bound. The parties are thus fully in agreement on the process with respect to access by new plaintiffs who join this MDL.

The only narrow issue in dispute here is any *other* parties, *i.e.*, corporate entities or other individuals impleaded as Defendants, can access confidential information. In the event such parties join or are joined, Defendants' proposal adds one additional step of seeking the Designating Party's consent, which mitigates the considerable risk of substantial harm to Defendants if such parties are brought into this litigation and gain access to Defendants' Protected Material. This procedure will give the Designating Parties time to seek from the Court any additional protections that may be warranted before Protected Material is to be shared.

### Section 6.3: Judicial Intervention

Plaintiffs' Position: This District's Model PO states it is the Designating Party's burden to prove that a confidentiality designation is warranted, and if the Designating Party does not file a motion to maintain confidentiality, it waives its right to maintain that the disputed document is confidential. *See* Model PO, Section 6.3. Plaintiffs' proposed PO mirrors this language. Ex. A, Section 6.3. Defendants have articulated no compelling reason to abandon these parameters (as any state law regarding trade secrets, for example, does not affect the party's burden to show that it should be afforded any such protections). Separately, Plaintiffs propose that the parties "may seek" to have an "informal" conference with the Court prior to the Designating Party filing a motion to retain confidentiality, depending on if circumstances warrant such a conference. *Id*. But Defendants insist that the parties "must" have such a conference. *Id*. Requiring the parties to hold an informal conference with the Court in every instance is inefficient and will result in delays in resolving such disputes. An informal conference with the Court will not assist in expediting or resolving the dispute, as the Court will first need to review the likely voluminous materials at issue (which is why "informal" conferences are typically not included in MDL POs in this District). *See, e.g.*, Stipulated Protective Order, *In Re: Volkswagen*, MDL No. 2672 CRB

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

The Honorable Charles R. Breyer                                                                                           5

(ECF No. 1255), at 6.3, 6.4; Stipulated Protective Order, *In Re: JUUL*, 19-md-02913-WHO (ECF No. 308), at ¶¶ 35, 36.

Defendants' Position: The parties disagree on whether an informal judicial conference should be mandatory, and the extent to which this protective order should modify the burden of persuasion, in the event of a confidentiality challenge. Requiring an informal conference would be reasonable and provides an additional opportunity for the parties to come to an agreement informally before engaging in further motion practice.

The Protective Order is not an appropriate mechanism for establishing a burden of persuasion. The Protected Material in this case may include material that is protected by law, for example, trade secrets, access to which is often governed by state law.[5] It would be inconsistent to assign the burden of persuasion to the Designating Party across the board, because the applicable law could provide otherwise. Defendants' proposed language maintains the requisite flexibility to allocate the burden of persuasion to the appropriate party without creating a risk of inconsistency between this order and applicable law.

### Section 7.1: Access to and Use of Protected Material

Plaintiffs' Position: Discovery produced in this litigation should be permitted to be shared with Plaintiffs in the consolidated state court action *In re Uber Rideshare Cases*, Case No. CJB-21-005188 (JCCP), provided that JCCP Plaintiffs agree to be bound by the MDL's PO. Ex. A, Section 7.1. Sharing discovery will serve the convenience of the parties and will promote the just and efficient conduct of this litigation and the JCCP by, for example, streamlining overlapping discovery and reducing costs. *See, e.g.*, *In re Uber* MDL Transfer Order, Case MDL No. 3084 (ECF No. 94). Protecting confidential information is not a concern because Plaintiffs in the JCCP are required to adhere to this Court's PO. And permitting discovery produced in MDLs to be shared with related coordinated state court proceedings is consistent with similar MDL POs entered in this District. *See, e.g.*, Stipulated PO, *In Re: Volkswagen*, MDL No. 2672 CRB (ECF No. 1255), Section 7.1; Stipulated PO, *In Re: JUUL*, 19-md-02913-WHO (ECF No. 308), ¶ 37.

Defendants' Position: In the parallel discovery order, Defendants have proposed to share productions of documents from the Uber JCCP with Plaintiffs' counsel in this action. But there is no basis for Plaintiffs' counsel to try to wield this protective order, which is designed to protect information in this case, as a basis to expand the scope of the discovery record in the JCCP. Plaintiffs' proposal for unfettered and indiscriminate sharing across these distinct cases is inappropriate. The scope of the viable causes of action and factual issues in this action have not yet been determined. To the extent the scope of these claims and issues is broader than in the JCCP—where, for instance, the court dismissed plaintiffs' fraud claims—then discovery in this action may be broader as well. While this action and the JCCP involve similar types of allegations and subject matter, to an extent, they are still separate actions in distinct judicial forums that are governed by different laws and rulings, and thus the scope of discovery in one should not control the scope of discovery in the other.

---

[5] *See e.g.,* Cal. Civ. Code § 3426.1 (WEST 2023) (governing the disclosure of trade secrets).

**Section 7.3(h): Disclosure of "Highly Confidential – Attorneys' Eyes Only" Information or Items**

Plaintiffs' Position: "Highly Confidential- Attorneys' Eyes Only" information may be shown during depositions to witnesses to whom disclosure is reasonably necessary and who have agreed to be bound by the PO. Ex. A, Section 7.3(h). This requirement is sufficient to protect such information, and mirrors similar requirements in other MDL POs in this District. *See, e,g*, Stipulated PO, *In Re: Volkswagen*, MDL No. 2672 CRB (ECF No. 1255), Section 7.2(8), 7.3; Stipulated PO, *In Re: JUUL*, 19-md-02913-WHO (ECF No. 308), ¶ 39. Defendants insist on an additional requirement that such information can only be shown to the witness "provided that the Receiving Party informs the Designating Party that it intends to show the witness [the information] at least 14 days before the deposition, or as soon as otherwise possible." Ex A., Section 7.2(h). Defendants' additional requirement is unnecessary, overly burdensome, and unfairly prejudicial, as it requires a Receiving Party to provide the Designating Party with documents to be used at a deposition 14 days before the deposition, even where the witness has agreed to be bound by the PO. Defendants have no support for such a burdensome requirement.

Additionally, to the extent a Producing Party desires any former employee to be bound by the PO, it shall be that Party's burden to obtain such an agreement prior to the deposition. Ex. A, Section 7.2(h). Because the Producing Party is requiring its former employee to be bound by the PO, it should therefore be its burden to obtain the agreement as well (the former employer will also have the employee's most recent contact information).

Defendants' Position: In the event that former employees or other third parties are deposed, there is considerable risk that showing these witnesses sensitive information could lead to substantial harm, particularly for individuals who may work for Uber's competitors. Thus, there must be protections against improper disclosure of sensitive information and materials in connection with depositions, including in situations where a deponent may not agree to sign the acknowledgment that binds them to this protective order. Defendants' proposed language (with which Plaintiffs agree in part) provides a procedure for addressing those situations through a meet and confer, and by seeking relief *before* the deposition if needed. Plaintiffs' proposed language appears designed to circumvent that procedure, placing the burden of procuring the witness's signature on the Designating Party and potentially allowing the witness to be shown Highly Confidential Material even if they refuse to sign. Defendants' proposed procedure calls for notice to be given that the party intends to show Highly Confidential materials, so the issue can be taken up with the court *before* the deposition takes place. That makes eminent sense, and boundaryless exceptions to that protocol will add confusion and difficulty.

The Honorable Charles R. Breyer                                                                 7

                Sincerely,

                PAUL, WEISS, RIFKIND, WHARTON &
                  GARRISON LLP

                By: /s/ Randall S. Luskey

                Randall S. Luskey
                535 Mission Street, 24th Floor
                San Francisco, CA 94105
                Telephone: (628) 432-5100
                rluskey@paulweiss.com


                CHAFFIN LUHANA LLP

                By: /s/ Roopal P. Luhana

                Roopal P. Luhana
                600 Third Avenue, Floor 12
                New York, NY 10016
                Telephone: (888) 480-1123
                luhana@chaffinluhana.com

The Honorable Charles R. Breyer                                                                                         8

## FILER'S ATTESTATION

I, Randall S. Luskey, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

DATED:  December 21, 2023                PAUL, WEISS, RIFKIND, WHARTON &
                                                                    GARRISON LLP

                                                                By:  /s/ Randall S. Luskey

                                                                Randall S. Luskey
                                                                535 Mission Street, 24th Floor
                                                                San Francisco, CA 94105
                                                                Telephone: (628) 432-5100
                                                                rluskey@paulweiss.com