UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] PRETRIAL ORDER NO. \_\_: DISCOVERY AND INITIAL MOTIONS**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

On October 6, 2023, the Court ordered that "all outstanding discovery proceedings are stayed, and no further discovery shall be initiated." ECF 2 at 3.  On December 6, 2023, the Court ordered Co-Lead Counsel and the Plaintiff Steering Committee (the "PSC") to meet and confer with Defendants regarding, among other things, a discovery plan and a schedule for initial motions. ECF 152 at 5-6.  The Court further ordered Plaintiffs' Liaison Counsel and Defendants to jointly file a proposed pretrial order regarding discovery as well as an order establishing a schedule for filing a long-form complaint and briefing any initial motions.  Id. at 6.  The parties have submitted competing proposals.  The Court ORDERS that the following schedule and procedures are established:

    **1.**     **Scope of Order**

This Pretrial Order ("PTO") is intended to conserve judicial resources, avoid duplicative

discovery, serve the convenience of the parties and witnesses, and promote the just and efficient conduct of this litigation. See Fed. R. Civ. P. 1. This PTO shall govern the practice and procedure in those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("the Panel") pursuant to its Transfer Order of October 4, 2023 (ECF 1), any "tag-along" actions transferred to this Court by the Panel pursuant to the Panel's Rules of Procedure, and all related actions that have been, or will be, originally filed in, transferred to, or removed to this Court and assigned thereto.

This PTO and all subsequent pretrial orders shall be binding on all parties and their counsel in all cases currently pending or subsequently transferred to MDL No. 3084 CRB, and shall govern each case in this MDL unless the order explicitly states that it does not apply to specific cases or that it applies only to specific cases. The provisions of this PTO, and any subsequent pretrial orders issued in the MDL proceedings, shall supersede any inconsistent provisions of the Local Rules for the United States District Court, Northern District of California. This PTO shall not be construed to affect the governing law or choice-of-law rules in any case subject to the PTO.

The inclusion of any action in this MDL, whether such action was or will be filed originally or directly in the United States District Court for the Northern District of California or was or will be transferred or removed from some other court, shall not constitute a determination by this Court that jurisdiction or venue is proper in this District. No reference in this PTO to actions filed originally or directly in the United States District Court for the Northern District of California shall constitute a waiver of any party's contention that jurisdiction or venue is proper or improper.

This PTO may be amended by the Court on its own motion and any party may apply at any time to this Court for a modification or exception to this PTO.

**2.      Cooperation**

The parties agree to work together to coordinate discovery to the maximum extent feasible and appropriate to promote the efficient and speedy resolution of this MDL.

**3.      Service**

All discovery requests, written responses, and objections may be served by email. For purposes of calculating the deadline to respond, email service will be treated the same as hand-

delivery. Defendants shall serve discovery requests, written discovery responses, and discovery objections on Plaintiffs' Co-Lead Counsel. Plaintiffs shall serve discovery requests, written discovery responses, and discovery objections on Defendants' counsel.

**4. Complaints**

By February 15, 2024, Plaintiffs shall file a Master Long-Form Complaint ("Master Complaint").

The parties will meet and confer regarding a model short form complaint. The parties will submit a joint proposed pretrial order regarding a model short form complaint and the timing for the completion of short form complaints on or before February 15, 2024. If the parties are unable to agree on the contents of such an order, then each shall submit its own proposal with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.

**5. Preliminary Disclosures**

A. *Plaintiffs' Disclosure Obligations*. By February 15, 2024, along with the filing of the Master Complaint, all Plaintiffs must meet their individual disclosure obligations by producing a bona fide receipt from an Uber trip connected to the alleged incident accompanied by a verification of accuracy. Plaintiffs who fail to submit a bona fide trip receipt and a verification of accuracy with the Master Complaint, and who are thus unable to substantiate their claims, shall have their cases subject to an order of dismissal with prejudice. Similarly, for any case that is filed after the date of the Master Complaint, the plaintiff shall produce a bona fide trip receipt and verification of accuracy within 7 days of either the direct filing of their complaint or the transfer of their case into the MDL. If any plaintiff fails to submit such documentation within 7 days of the filing of their complaint or the transfer of their cases into the MDL, their claims shall be dismissed with prejudice.

B. *Rule 26 Initial Disclosures*. Defendants shall serve Rule 26 initial disclosures by March 15, 2024 (i.e., 30 days after the deadline for the filing of the Master Complaint).

**6. Initial Motions**

A. *Motions to Transfer*. By February 1, 2024, Defendants shall file an Omnibus Motion to Transfer pursuant to 28 U.S.C. § 1404(a) for cases in which Defendants believe the proper

forum is one other than the forum in which the case was filed. By March 1, 2024, Plaintiffs shall file their Opposition to Defendants' Omnibus Motion to Transfer. By March 22, 2024, Defendants shall file their Reply in support of their Omnibus Motion to Transfer.

        B.     *Rule 12 Motions*. By April 1, 2024, Defendants shall file Rule 12 Motions to Dismiss the Master Complaint, in whole or in part, in some or all of the actions in this MDL. By May 22, 2024, Plaintiffs shall file Oppositions to any Rule 12 Motions. By June 19, 2024, Defendants shall file Replies in support of Rule 12 Motions to Dismiss the Master Complaint.

        C.     Defendants do not waive and shall be deemed to have preserved any defenses not addressed in their initial Omnibus Motion to Transfer or Motions to Dismiss filed pursuant to the foregoing (the "Initial Motions"), including any available statute of limitations defenses, and nothing herein shall preclude the filing of additional Rule 12 or other dispositive motions following the Court's ruling on the Initial Motions or at any other time permitted by the Court.

        D.     Within 14 days of the Court's ruling on Defendants' first set of Rule 12 Motions, the parties shall meet and confer about a process and timetable for briefing any additional motions to dismiss pursuant to Rule 12 that Defendants intend to file, as well as other case management items in the litigation. Within 30 days of the Court's ruling on Defendants' first set of Rule 12 Motions, the parties shall submit a joint proposed case management order. If the parties are unable to agree on the contents of such an order, then each shall submit its own proposal with a memorandum (not to exceed 10 pages) explaining why the Court should adopt that party's proposal.

        **7.**     **Motion Practice Generally**

The following procedures apply to any motions, other than (a) those outlined in the preceding section regarding Initial Motions; and (b) discovery disputes, which will be governed by the procedures set out by Magistrate Judge Cisneros as discussed further below.

To obtain a hearing date for all motions, including all non-dispositive motions, Plaintiffs' Co-Lead Counsel and the PSC and Defendants' Counsel shall meet and confer on dates available to the parties. Once they have agreed to several dates, counsel for the moving party shall call or email the Court's Clerk to obtain a hearing date.

The Court will specially set the briefing schedule for all dispositive motions after the parties have met and conferred and submitted joint or opposing proposals to the Court. All non-dispositive motions shall be filed not less than 38 calendar days before the hearing date. Responses to all contested non-dispositive motions shall be filed not less than 24 calendar days before the hearing date. A reply to a response to any motion shall be filed not less than 14 calendar days before the hearing date. These times may be altered either by stipulation of Plaintiffs' Liaison Counsel and Defendants' Counsel or as ordered by the Court for a specific motion.

The moving party shall have an ongoing obligation to meet and confer with any party to whom a motion may be directed on any application or motion in an effort to resolve outstanding issues before bringing them to the Court. The moving party shall have an obligation to certify in the moving papers that such meet and confer took place and identify which party or parties oppose the application or motion.

No party may bring an application or motion except in accordance with the provisions of this section, unless otherwise stipulated to by Plaintiffs' Liaison Counsel and Defendants' Counsel or ordered by the Court.

### 8. Coordinated Discovery Plan

As discussed further below, as of the entry of a Protective Order in this matter (the "PO"), the stay on discovery ordered by the Court in Pretrial Order No. 1 (ECF 2) shall be immediately lifted for the purposes outlined in Sections 9.A. through 9.C. below (namely, to allow Defendants to begin producing documents produced in the parallel JCCP action in this action as well, on a rolling basis). Any other discovery shall continue to be stayed pending the Court's order on Defendants' first set of Rule 12 Motions brought pursuant to Section 6.B. above and the lifting of the remainder of the stay shall apply to all parties.

A. *Production of Non-Case Specific Documents Produced in the JCCP*. As of the entry of the PO, Defendants shall produce in this MDL any and all documents produced by Defendants in the JCCP that are not specific to a particular plaintiff or case within the JCCP, within 30 days of having produced them in the JCCP.

B. *Exchange of Fact Sheets*. Within 30 days of the entry of the PO, each plaintiff shall

serve a verified fact sheet ("Plaintiff Fact Sheet") providing the same information requested in the JCCP model plaintiff fact sheet, which is attached hereto as Exhibit A. Within 30 days of receipt of each substantiated Plaintiff Fact Sheet, Defendants shall serve a verified fact sheet ("Defense Fact Sheet") for that action providing the information requested in the JCCP model defense fact sheet, which is attached hereto as Exhibit B. For any case that is subsequently filed in or transferred to this MDL, the plaintiff shall serve their Plaintiff Fact Sheet within either 30 days of the direct filing of their complaint or of the transfer of their case to this MDL. Within 30 days of receipt of such Plaintiff Fact Sheet, Uber shall serve a Defense Fact Sheet. Plaintiffs who fail to substantially complete their Plaintiff Fact Sheets in the above timeframe, and who did not receive an extension of time from Uber or from the Court, shall have their cases subject to an order of dismissal with prejudice.

   C. *Lifting Stay*. Upon the Court's ruling on Defendants' first set of Rule 12 Motions brought pursuant to Section 6.B. above, the discovery stay shall be lifted. Defendants reserve all rights to seek an extension of the stay from the Court if appropriate.

   D. *Other Discovery Needed for Coordination with the JCCP*. The parties shall meet and confer regarding what other exceptions to the stay, if any, are necessary to effectuate appropriate and efficient coordination with the JCCP.

   E. *Substantial Completion of Document Production*. The parties shall endeavor to substantially complete all document productions of non-privileged, responsive documents by November 15, 2024. The parties may apply (jointly or separately) for an extension of this deadline for good cause shown.

   F. *Other Discovery*. Co-Lead Counsel and the PSC shall meet and confer with Defendants about a pre-trial order regarding the timing of deposition discovery, a protocol for coordinating depositions among the MDL and JCCP, and expert discovery. The parties shall also meet and confer regarding custodial sources and non-custodial sources of discovery and other ESI productions per the Northern District of California's Checklist for Rule 26(f) regarding ESI and per PTO No. 2. The parties will submit a joint proposed pretrial order or orders regarding depositions and expert discovery on or before February 15, 2024. If the parties are unable to agree on the

1  contents of such order(s), then each shall submit its own proposal with a memorandum (not to
2  exceed 10 pages) explaining why the Court should adopt that party's proposal.

3       G. *Completion of All Discovery*: The parties shall complete all fact discovery by
4  February 15, 2025. The parties may apply (jointly or separately) for an extension of this deadline
5  for good cause shown.

6       **9. Electronically Stored Information**

7       Co-Lead Counsel and the PSC shall meet and confer with Defendants to discuss the ESI
8  protocols that will be followed in this case. By February 2, 2024, the parties shall submit a joint
9  proposed ESI Protocol. If the parties are unable to agree on the contents of such a protocol, then
10 each side shall submit its own proposed order regarding production of ESI with a memorandum
11 (not to exceed 10 pages) explaining why the Court should adopt that party's particular proposal.
12 Nothing in this paragraph shall delay the initial productions called for under Sections 9.A. and 9.B.
13 Defendants are specifically directed to proceed with those productions after the entry of the PO.

14      **10. Discovery Dispute Resolution**

15      Discovery disputes will be raised with Magistrate Judge Cisneros, and shall be resolved
16 consistent with the procedures for discovery disputes as set forth in the Standing Order for
17 Magistrate Judge Cisneros. If either party seeks to modify those procedures, the parties may apply
18 to Judge Cisneros for relief. Application for such relief shall be in accordance with Judge Cisneros'
19 procedures.

20      **11. Extensions**

21      All deadlines set herein may be altered by stipulation of Plaintiffs' Liaison Counsel and
22 Defendants' Counsel or as ordered by the Court.

23      **12. Table of Dates**

| Deadline | Event* |
| --- | --- |
| 30 days after Court enters Protective Order | Plaintiffs Serve Plaintiff Fact Sheets |
| 30 days after Plaintiffs Serve Plaintiff Fact Sheets | Defendants Serve Defense Fact Sheets |
| February 1, 2024 | Defendants File Omnibus Motion to Transfer |
| February 2, 2024 | Parties submit a joint proposed ESI Protocol |

[PROPOSED] PRETRIAL ORDER NO. ___: DISCOVERY AND INITIAL MOTIONS     - 7 -     CASE NO. 3:23-MD-03084-CRB

| | |
|---|---|
| February 15, 2024 | Plaintiffs File Master Complaint |
| February 15, 2024 | Parties submit joint proposed pretrial order regarding model short form complaint and timing for completion of short form complaints. |
| February 15, 2024 | Plaintiffs Serve Bona Fide Trip Receipts with Verifications of Accuracy |
| February 15, 2024 | Parties submit a joint proposed pre-trial order(s) regarding depositions and expert discovery |
| March 1, 2024 | Plaintiffs File Opposition to Omnibus Motion to Transfer |
| March 22, 2024 | Defendants File Reply in Support of Omnibus Motion to Transfer |
| March 15, 2024 | Defendants serve Rule 26 Disclosures |
| April 1, 2024 | Defendants file Rule 12 Motions to Dismiss Master Complaint, in whole or in part, in some or in all cases |
| May 22, 2024 | Oppositions to Rule 12 Motions to Dismiss Master Complaint |
| June 19, 2024 | Reply in support of Rule 12 Motions to Dismiss Master Complaint |
| Upon the Court's ruling on Defendant's first set of Rule 12 Motions | Remainder of the discovery stay is lifted |
| 30 days after the Court's ruling Defendant's first set of Rule 12 Motions | Parties submit joint proposed case management order |
| November 15, 2024 | Defendants substantially complete production of all non-privileged responsive documents |
| February 15, 2025 | Deadline for all fact discovery |

*Pursuant to the provisions of Section 8.A. above, Defendants will also be routinely making productions in this MDL of any documents produced by Defendants in the JCCP that are not specific to a particular case within the JCCP, within 30 days of having produced them in the JCCP.

**IT IS SO ORDERED.**

**DATED**: _____, 2023

_____
Hon. Charles R. Breyer
United States District Court Judge