ROBERT ATKINS (*Admitted Pro Hac Vice*)
  ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

JESSICA E. PHILLIPS (*Pro Hac Vice forthcoming*)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (212) 492-0183

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-MD-3084-CRB<br><br>**NOTICE OF MOTION AND MOTION TO STAY PROCEEDINGS PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT ON THE PETITION FOR A WRIT OF MANDAMUS**<br><br>Judge: Honorable Charles R. Breyer<br>Date:   January 26, 2024<br>Time:   10:00 a.m.<br>Courtroom:  6 – 17th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on January 26 at 10:00 a.m. or as soon as this matter may be heard before the Honorable Charles. R. Breyer, Courtroom 6, 17th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, Defendants Uber Technologies, Inc., Rasier, LLC and Rasier-CA, LLC (collectively, "Uber") will and hereby do move this Court for an order staying all proceedings in this matter and vacating current deadlines for 60 days pending the Court of Appeals for the Ninth Circuit's adjudication of Uber's Petition for a Writ of Mandamus to the United States Judicial Panel on Multidistrict Litigation.

This Motion is based on this Notice, and on the attached Memorandum of Points and Authorities, the pleadings, record, and filings in this action, and on such further evidence, argument, and authorities the Court may consider in deciding this Motion.

DATED:  December 22, 2023

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:    /s/ Randall S. Luskey
       RANDALL S. LUSKEY
       ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

Uber respectfully requests this Court stay all proceedings in this matter and vacate current deadlines for 60 days while the Court of Appeals for the Ninth Circuit adjudicates Uber's Petition for a Writ of Mandamus to the United States Judicial Panel on Multidistrict Litigation ("JPML" or the "Panel"). The requested brief stay, which seeks to pause these proceedings for only a limited period while potentially dispositive questions about the continued existence of this MDL are resolved, is in the best interest of judicial economy and efficiency and may be accomplished without any harm or prejudice to Plaintiffs. It is in neither the Parties' nor the Court's best interest to expend time and resources in the immediate-term on issues that may ultimately fall away should the Court of Appeals issue a writ of mandamus to the JPML.

**I.  Background**

On October 4, 2023, the Panel created this MDL, centralizing and transferring the various actions brought by Plaintiffs to this Court. Transfer Order, *In Re Uber Techs., Inc. Passenger Sexual Assault Litig.*, MDL No. 3084, ECF No. 94 (J.P.M.L. Oct. 4, 2023) (hereinafter "*Uber MDL*"). Shortly thereafter, Uber filed a petition for a writ of mandamus in the Court of Appeals for the Ninth Circuit seeking to vacate the Panel's Order creating this MDL. *See* Uber Pet. for a Writ of Mandamus to the JPML, *Uber MDL*, No. 23-3445, ECF No. 1 (9th Cir. Nov. 10, 2023).

On December 14, a three-judge panel of the Ninth Circuit issued an order in which it determined that Uber's petition for a writ of mandamus raised issues "that warrant an answer." Order, *Uber MDL,* No. 23-3445, ECF No. 10 (9th Cir. Dec. 14, 2023). It in turn ordered Plaintiffs to file an answer within 14 days and for Uber to file a reply within five days after service of Plaintiffs' answer. *Id.* The court also invited the JPML to answer. *Id.* The Ninth Circuit subsequently extended Plaintiffs' filing date for their answer to January 11, 2024, and Uber's optional reply to February 1, 2024. Order, *Uber MDL*, No. 23-3445, ECF No. 14 (9th Cir. Dec. 21, 2023).

**II.  Legal Standard for Granting Discretionary Stays of Proceedings**

District Courts enjoy broad powers to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis* v. *N. Am. Co.,*

- 3 -

DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION  
FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT ON  
THE PETITION FOR A WRIT OF MANDAMUS

3:23-MD-3084-CRB

299 U.S. 248, 254 (1936).  Inherent to such power is the discretion to stay proceedings.  *Id.*  When exercising that discretion, courts should weigh the stay's effects on judicial economy and efficiency on the one hand, with the competing prejudices and harms that both the moving and non-moving parties may experience should the stay be granted or denied.  *See, e.g.*, *Ryan* v. *Gencor Nutrients, Inc.*, 2015 WL 729868, at *2 (N.D. Cal. Feb. 19, 2015) (citing *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997)); *Rollins* v. *Dignity Health*, 2014 WL 6693891, at *4 (N.D. Cal. Nov. 26, 2014); *Landis*, 299 U.S. at 254–55.

### III.  Discussion

Granting a temporary, brief stay here while the Ninth Circuit adjudicates Uber's writ petition best promotes judicial economy and efficiency.

As of now, the Parties and Court are scheduled to expend considerable time, effort, and resources litigating and deciding various disputes in this matter.  Among other things, the Parties are actively litigating the protective order that will govern this case, a discovery plan, and a schedule for the filing of a long-form complaint and for briefing motions to dismiss, amongst other items.  *See* Pretrial Order No. 4, *Uber MDL*, No. 3:23-md-3084-CRB, ECF No. 152 (N.D. Cal. Dec. 6, 2023).  The only pending request before the Court is Plaintiffs' Motion to Enforce Pretrial Order No. 2, which will be fully briefed by December 22, 2023, and which is scheduled for a hearing before Magistrate Judge Cisneros on January 4, 2024.  *See* Order As Modified Granting Stip. to Have Expedited Briefing, *Uber MDL*, No. 3:23-md-3084-CRB, ECF No. 161 (N.D. Cal. Dec. 15, 2023).  If the Court desires for Plaintiffs' Motion to Enforce to proceed, Uber does not object to an exception to the requested stay to allow the Court to decide Plaintiffs' Motion to Enforce.

Indeed, Plaintiffs themselves recognized and have argued that a stay preserves resources, and took such a position previously with this Court.  They urged this Court to issue a stay pending the JPML's decision to create this MDL, "[t]he parties may waste considerable time and effort litigating disputes and other matters here, only for this case to be transferred to a different court and a different judge who may choose to revisit the issues or resolve them differently, requiring duplicative and costly additional litigation."  Motion to Stay Proceeding Pending Potential

Transfer of This Action By the Judicial Panel on Multidistrict Litigation and Request to Vacate Pending Deadlines, *A.G.* v. *Uber Techs., Inc.*, 3:23-cv-02071-CRB, ECF No. 31, at 6 (N.D. Cal. July 26, 2023) (hereinafter "A.G. Mot. to Stay") (Declaration of Randall S. Luskey in Support of Uber's Motion to Stay Proceedings Pending Decision From Court of Appeals for the Ninth Circuit on the Petition for a Writ of Mandamus ("Luskey Decl."), Ex. A).[1] Not only would the Parties' resources be unnecessarily expended, but as Plaintiffs recognized, so would this Court's: "Any time and effort the Court spends on these proceedings now may be made redundant if this litigation is transferred…." *Id.* As such, "it does not make sense for this Court to expend its resources on pleadings, pleading motions, and discovery management now when significant changes to the scope and structure of this litigation may be just around the corner." *Id.*

Those same arguments proffered by Plaintiffs' co-lead counsel prior to the order granting the petition for the MDL are equally applicable now that the viability of that order is being reviewed on appeal. Moving ahead with these disputes now, when the Ninth Circuit may ultimately reverse the JPML's decision to establish this MDL, makes little sense and risks unnecessarily taxing the Parties' and Court's resources. If the Ninth Circuit issues the writ, these efforts will have been for naught as all of these issues will need to be relitigated in individual proceedings based on the specific facts and issues in those cases. Conversely, should the Ninth Circuit deny Uber's petition and maintain the status quo, the Parties will be in a position to quickly resume these live disputes with certainty about the consolidated nature of this litigation. In other words, "[i]mposing a stay promotes orderly litigation by preventing the parties from arguing and the Court from deciding issues that may be rendered moot by the Ninth Circuit's decision." *Rollins*, 2014 WL 6693891, at *5. Thus, "[r]ather than needlessly taxing this Court's resources by forging ahead before the [Ninth Circuit's] decision is clear and the scope of this litigation has crystalized, the Court should briefly stay these proceedings to preserve judicial resources and to ensure efficient resolution of the proceedings." A.G. Mot. to Stay at 6–7. Pausing these proceedings for

---

[1] Before this MDL was established, Plaintiffs in 16 individual actions now coordinated into this MDL, moved to stay proceedings pending the JPML's decision. These 16 motions to stay are substantially the same as the motion in the *A.G.* action.

- 5 -
DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT ON THE PETITION FOR A WRIT OF MANDAMUS

3:23-MD-3084-CRB

a brief 60 days to ensure that the disputes remain consolidated in this Court is a fair and circumscribed measure to protect against unnecessary and costly work for all constituencies.

Nor will granting the short stay harm or prejudice the Parties or these proceedings. Uber seeks, as Plaintiffs previously sought, only a "brief stay and vacating current briefing and scheduling deadlines until the [Ninth Circuit] issues its decision" as to the order creating the MDL and the appropriate structure of the case is finally determined. *Id.* at 7. A stay would cause "no meaningful prejudice" when, as here, the case is in "very early procedural stages" and the Ninth Circuit will "hear this matter within a few months." *Fuller* v. *Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009). Plaintiffs will "not be injured by freezing" temporarily these efforts and "merely hav[ing] to wait until a later date," when it is clearer that such efforts are even necessary. *Rollins*, 2014 WL 6693891, at *5. Any "potential loss of efficiency" in temporarily pausing these proceedings is "warranted" when denying the stay would require the Parties and the Court to continue with steps that are "costly and may be rendered unnecessary altogether." *Id.*

In sum, the Ninth Circuit's order requiring a response to the petition for writ of mandamus reflects the appellate court's intention to address the appropriateness of this MDL, and on an accelerated timeline. The appellate briefing schedule—and the limited 60-day time period covered by Uber's proposed stay—also overlaps with numerous upcoming deadlines in these proceedings, all of which implicate issues that stand to be affected by the Ninth Circuit's disposition of the question before it. In that context, and as Plaintiffs themselves previously argued, a "stay will strike a common-sense balance between ensuring that the litigation continues to move forward efficiently while avoiding time consuming, premature, and potentially fruitless motion practice and rulings." A.G. Mot. to Stay at 7.

### IV.   Conclusion

For the foregoing reasons, Uber respectfully requests that this Court stay all proceedings in this matter and vacate current deadlines for 60 days pending the Ninth Circuit's adjudication of Uber's Petition for a Writ of Mandamus to the JPML.

| | |
|---|---|
| DATED:  December 22, 2023 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | By:    /s/ Randall S. Luskey<br>            RANDALL S. LUSKEY<br>            ROBERT ATKINS |
| | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.;<br>RASIER, LLC; and RASIER-CA, LLC |