ROBERT ATKINS (*Admitted Pro Hac Vice*)
  ratkins@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3183
Facsimile: (212) 492-0183

JESSICA E. PHILLIPS (*Pro Hac Vice forthcoming*)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON &**
  **GARRISON LLP**
2001 K Street, NW
Washington, DC 20006
Telephone: (202) 223-7300
Facsimile: (212) 492-0183

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC;
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF RANDALL S. LUSKEY IN SUPPORT OF DEFENDANTS' MOTION TO STAY PROCEEDINGS PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT ON THE PETITION FOR A WRIT OF MANDAMUS**<br><br>Judge:        Honorable Charles R. Breyer<br>Date:         January 26, 2024<br>Time:        10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## DECLARATION OF RANDALL S. LUSKEY

I, Randall S. Luskey, declare pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I respectfully submit this declaration in support of Uber's Motion to Stay Proceedings Pending Decision from the Court of Appeals for the Ninth Circuit on the Petition for a Writ of Mandamus. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. Attached as **Exhibit 1** is a true and correct copy of the Notice of Motion and Motion to Stay Proceedings filed by the plaintiff in *A.G.* v. *Uber Technologies, Inc.*, No. 3:23-cv-02071-CRB (N.D. Cal. 2023). The Motion to Stay is ECF No. 31 on the *A.G.* docket.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on December 22, 2023, in San Francisco, California.

                                                             */s/ Randall S. Luskey*
                                                               Randall S. Luskey

# EXHIBIT 1

|  |  |
|---|---|
| 1 | RACHEL ABRAMS (Cal Bar No. 209316) |
|  | ADAM B. WOLF (Cal Bar No. 215914) |
| 2 | ANGELA J. NEHMENS (Cal Bar No. 309433) |
|  | **Peiffer Wolf Carr Kane Conway & Wise, LLP** |
| 3 | 4 Embarcadero Center, Suite 1400 |
|  | San Francisco, CA 94111 |
| 4 | Telephone: 415.766.3545 |
|  | Facsimile: 415.840.9435 |
| 5 | Email: rabrams@peifferwolf.com |
|  | Email: awolf@peifferwolf.com |
| 6 | Email: anehmens@peifferwolf.com |
|  | *Counsel for Plaintiff* |

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO COURTHOUSE

| A.G., an individual, | ) | Case No. 3:23-cv-02071-CRB |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) | **NOTICE OF MOTION AND MOTION** |
|  | ) | **TO STAY PROCEEDING PENDING** |
| v. | ) | **POTENTIAL TRANSFER OF THIS** |
|  | ) | **ACTION BY THE JUDICIAL PANEL** |
| UBER TECHNOLOGIES, INC., a | ) | **ON MULTIDISTRICT LITIGATION** |
| Delaware Corporation; RASIER, LLC, a | ) | **AND REQUEST TO VACATE** |
| Delaware Limited Liability Company; and | ) | **PENDING DEADLINES** |
| DOES 1 through 50, Inclusive, | ) |  |
|  | ) | Action Filed: April 28, 2023 |
| Defendants. | ) | Trial Date: None |
|  | ) | Hearing Date: September 1, 2023 |
|  | ) | Hearing Time: 10:00 am |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on September 1, 2023, at 10:00 am, before the Honorable Charles R. Breyer, of the United States District Court for the Northern District of California, by video conference (Zoom), Plaintiff A.G. ("Plaintiff") will and does move this Court for an order staying all proceedings in this matter and vacating current deadlines until further order of this Court following a decision by the Judicial Panel on Multidistrict Litigation ("JPML") concerning potential centralization of

1

**Plaintiff's Notice of Motion and Motion to Stay Pending**     *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**     *3:23-cv-02071-CRB*

at least 21 related cases against Uber Technologies, Inc. and Rasier, LLC ("Defendants") pending in 11 different federal jurisdictions across the country[1]. Plaintiff's motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Law, the concurrently filed Declaration of Rachel Abrams, other documents on file in this action, and any oral argument of counsel.

## I. INTRODUCTION

Plaintiff A.G. ("Plaintiff") respectfully requests that this Court stay all proceedings in this matter and vacate current deadlines until a decision by the Judicial Panel on Multidistrict Litigation ("JPML") concerning potential centralization of a least 21 cases in 11 federal courts into one proceeding.[2] On July 14, 2023, Plaintiff (as well as numerous other Plaintiffs) filed a petition to transfer this and other cases into a federal Multidistrict Litigation ("MDL") for coordinated or consolidated proceedings under 28 U.S.C. § 1407. (*See* Doc. No. 29; Abrams Dec. **Exhibit A**, MDL No. 3084, Doc. No. 1).

Courts have repeatedly recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court. A stay is particularly appropriate here for several reasons.

Plaintiff A.G. and other plaintiffs who are not present in this action will have an interest in case management, pleadings, and discovery of a potentially coordinated action. Defendants want to press ahead with this case without waiting for the JPML's decision or coordinating with other plaintiffs or their counsel, but that is not the best approach to the efficient management of these cases. Many of the cases are actions brought by other Plaintiffs' counsel, and therefore Plaintiff's counsel here does not and will not represent those parties.

Should the MDL Petition be granted, it is essential that pleadings in the consolidated cases be conducted in an orderly and efficient manner. Yet Defendants' counsel insists that this case should press ahead with motions, including dispositive motions, without coordination with any other actions, and even before the JPML has an opportunity to decide whether to coordinate the cases. Further, Defendants have filed the same motions in multiple cases pending in the same district court (which are before different

---

[1] Plaintiffs' counsel is aware of numerous other impending federal filings.

[2] A full list of the related matters pending potential transfer for coordination or consolidation before the JPML is attached as Exhibit A to the Declaration of Rachel Abrams ("Abrams Dec.") in Support of Motion.

2

**Plaintiff's Notice of Motion and Motion to Stay Pending**     *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**     3:23-cv-02071-CRB

judges),[3] which will undoubtably lead to inconsistent or duplicative rulings. A stay would also avoid such rulings and conserve judicial resources.

Finally, there is no prejudice to Defendants to stay proceedings and vacate existing deadlines in this case. The case was recently filed and is just beginning. There has been no discovery. A brief stay would strike a common-sense balance between ensuring that this case proceeds efficiently while also serving the principle aims of multidistrict litigation—promoting judicial economy, avoiding duplicative discovery and inconsistent rulings, and preserving the resources of the court and litigants. *See In re Air Crash near Kirksville, Mo.*, on Oct 19, 2004, 383 F. Supp. 2d 1382, 1383 (J.P.M.L. 2005). A brief stay of this action, pending further order of this Court following the JPML's decision, is appropriate here.

## II. FACTUAL BACKGROUND

Plaintiff filed her Complaint on April 28, 2023, (Doc. No. 1), and served Defendants on May 3, 2023. Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A)(i), Defendants' original deadline to respond to the Complaint was May 24, 2023. The Court ordered the parties to file a Joint Case Management Statement on or before August 18, 2023 (Doc. No. 15), but because counsel for Plaintiff and Defendants are engaged in active litigation with regard to several matters filed in the Northern District of California and other United States District Courts throughout the country, the parties stipulated pursuant to Civil Local Rule 6-1(a) to extend Defendants' deadline to respond to the Complaint to June 23, 2023 (Doc. No. 25). The parties further stipulated pursuant to Civil Local Rule 6-1(a)-(b) and 6-2 to extend Defendants' deadlines to file a Motion to Transfer Venue, Briefing Schedule for a Motion to Dismiss and a Continuance of the Case Management Conference and related deadlines on June 21, 2023 (*Id.*). This Court ordered issued an order extending Defendants' deadlines to file a Motion to Transfer Venue, Briefing Schedule for a Motion to Dismiss and a Continuance of the Case Management Conference and related deadlines on June 22, 2023 (Doc. No. 27).

---

[3] In this district alone, there are 7 additional cases filed against the same Defendants and assigned to 5 different judges: *Hylin v. Uber Tech., Inc. et al.*, Case No. 3:23-cv-1630 and *Gavin v. Uber Tech, Inc. et al.*, Case No. 3:23-cv-2111 assigned to Honorable Judge Araceli Martinez-Olguin; *Crawford v. Uber Tech., Inc. et al.*, Case No. 3:23-cv-2290 and *H.B. v. Uber Tech., Inc. et al.*, Case No. 3:23-cv-03488 assigned to Honorable Judge Vince Chhabria; *E.R. v. Uber Tech, Inc. et al.*, Case No. 3:23-cv-2051 assigned to Honorable Judge Trina L. Thompson; *A.M. v. Uber Tech, Inc. et al.*, Case No. 3:23-cv-03406 assigned to Honorable Judge James Dunado; *A.H.M. v. Uber Tech., Inc. et al.*, Case No. 3:23-cv-03482 assigned to Honorable Judge Jacqueline Scott Corley.

3

**Plaintiff's Notice of Motion and Motion to Stay Pending**     *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**     3:23-cv-02071-CRB

On July 14, 2023, Defendants filed their Motion to Transfer Venue. (Doc. No. 28). Four days prior, on July 10, 2023, Plaintiff's counsel advised Defendants of the anticipated MDL petition filing and met and conferred regarding the numerous pending and anticipated motions, as well as Case Management Statements, ADR filings, and accompanying deadlines. (*See* Abrams Dec.). Plaintiff's counsel requested Stipulations to Stay matters subject to the MDL Petition, including Plaintiff's case herein. (*Id.*)

On July 14, 2023, Plaintiff (along with numerous other plaintiffs) filed a petition to transfer this and other cases into an MDL for coordinated or consolidated proceedings under 28 U.S.C. § 1407. (*See* Doc. No. 29 and Abrams Dec., **Exhibit A**.) To avoid burdening the Court with unnecessary motions, and to promote judicial efficiency, Plaintiff's counsel made repeated attempts with Defendants' counsel to stay actions pending against it or extending deadlines until after the JPML coordination decision. (*See* Abrams Dec., **Exhibit B**.). Defendants made it clear they would not, at this juncture, agree to this approach in cases pending against it. (*Id*.). Therefore, Plaintiff was forced to file her Motion to Stay and Vacate Pending Deadlines.

### III.     MEMORANDUM OF LAW

Federal courts possess inherent powers to stay proceedings before them. *See Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); *Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007).

Courts have repeatedly recognized the propriety of staying proceedings while the JPML considers a motion to consolidate and transfer similar cases to a single transferee court. *See e.g. Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998) (noting that courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case"); *Poff v. McKesson Corp.*, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013) (explaining that a stay pending resolution of a motion to consolidate before the JPML would "promote judicial economy, uniformity and consistency in decision making"); *Freitas v. McKesson Corp.*, No. 11-cv-05967-JW, 2012 WL 161211 (N.D. Cal. Jan. 10, 2012) (granting motion to stay pending decision by the JPML); *Couture v. Hoffman-La Roche, Inc.*, No. 12-cv-

4

2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012) (same); *McCrerey v. Merck & Co.,* No. 4-cv-2576-WQH, 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005).

Where a motion for transfer has been filed with the JPML, courts consider the following factors to determine whether a stay is appropriate: (1) "hardship and inequity to the moving party if the action is not stayed;" (2) "the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated;" and (3) "potential prejudice to the non-moving party." *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *see also Couture*, 2012 WL 3042994, at *2 (enumerating the same test). All of these factors support a stay of the proceedings before this Court until after the pending MDL Motion is resolved.

### A. There Is A Substantial Risk Of Hardship And Inequity To Plaintiff If A Stay Is Not Granted.

If a stay is not granted, Plaintiff in this case (as well as other MDL petition plaintiffs) will suffer undue hardship in continuing to litigate while the JPML considers coordination. This makes no sense given that if these cases are consolidated, there may be an injection of new parties, new theories, and new allegations. It is extremely common for courts to require consolidated pleadings in an MDL rather than dozens of complaints and responses. Assuming that would be the case here, it would be a colossal waste of the parties' resources to respond to multiple motions before we know if these cases will be consolidated in an MDL and, if so, how they will be managed.

The parties may waste considerable time and effort litigating disputes and other matters here, only for this case to be transferred to a different court and a different judge who may choose to revisit the issues or resolve them differently, requiring duplicative and costly additional litigation. *See Weaver v. Pfizer, Inc.*, 2014 WL 2002212, at *4 (noting the harm to the defendant if required to "relitigate any decisions. . . if the case is transferred to the MDL court"); s*ee also Ernyes-Kofler v. Sanofi S.A.*, No. 5:16-cv-07307-EJD, 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that a stay "might help Plaintiffs avoid unnecessary effort and expense").

A brief stay of the proceedings and vacating current deadlines in this action will preserve the parties' time and resources and avoid unnecessary duplicative proceedings.

5

**Plaintiff's Notice of Motion and Motion to Stay Pending**      *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**      *3:23-cv-02071-CRB*

1  **B. A Stay Would Preserve Judicial Resources and Promote Judicial Efficiency.**

For the same reasons above, a brief stay would also "save judicial resources and promote judicial efficiency." *Couture*, 2012 WL 3042994, at *2 (citing *Rivers*, 980 F. Supp. at 1360-61). Any time and effort the Court spends on these proceedings now may be made redundant if this litigation is transferred to a different district court. *See Fuller v. Amerigas Propane, Inc.,* No. 9-cv-2493-TEH, 2009 WL 2390358, at *2 (N.D. Cal. Aug. 3, 2009) ("There is simply no reason for this Court to expend its time and energy on these cases until the pending motion before the [JPML] is resolved, as transfer of this matter to another court would render redundant the efforts of this Court."); *Rivers*, 980 F. Supp. at 1360-61 (granting request for stay pending JPML ruling and holding that a "great deal of this Court's time and energy" would be saved by a stay).

In addition, even if the cases are ultimately transferred here, it does not make sense for this Court to expend its resources on pleadings, pleading motions, and discovery management now when significant changes to the scope and structure of this litigation may be just around the corner. *See Mandrigues v. World Sav., Inc.*, No. 07-4497, 2008 WL 5221074, at *2 (N.D. Cal. Dec. 12, 2008) (Fogel, J.) (finding that judicial economy favored grant of a stay pending JPML ruling even though the court anticipated it would receive the coordinated actions); *Jennings v. Fresenius USA Inc.,* No. 13-cv-03795-WHO, 2013 WL 5487224, at *2 (N.D. Cal. Oct. 2, 2013); *see also Ernyes-Kofler v. Sanofi S.A.,* 2017 WL 813506, at *2 (N.D. Cal. Mar. 2, 2017) (noting that courts "frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case," and explaining that a stay pending resolution of a motion to transfer before the JPML would "conserve judicial resources," avoid "duplicative discovery and motion practice," and avoid "inconsistent rulings"); *Grove v. Organon USA, Inc.,* No. 13-2138-SC, 2013 WL 3286225, at *1 (N.D. Cal. June 27, 2013) (holding that "staying the case promote[d] judicial economy and uniform decision-making"). If the MDL Petition is granted, there will be additional plaintiffs, and counsel raising issues related to pleadings, discovery, scheduling, and case management. It makes good sense to wait until those parties are present before plowing ahead with this proceeding.

Rather than needlessly taxing this Court's resources by forging ahead before the JPML's decision is clear and the scope of this litigation has crystalized, the Court should briefly stay these proceedings to

6

**Plaintiff's Notice of Motion and Motion to Stay Pending**  *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**  3:23-cv-02071-CRB

preserve judicial resources and to ensure efficient resolution of the proceedings.

### C. A Brief Stay Would Not Prejudice Defendants.

Finally, there will be no "prejudice to the non-moving part[ies]" should the proceedings in these actions be stayed. *Rivers*, 980 F. Supp. at 1360. All Plaintiff seeks through this motion is a brief stay and vacating current briefing and scheduling deadlines until the JPML issues its decision on the motion to transfer and the cases can be coordinated and appropriately structured. The Petition will be heard at the Panel's next session on September 28, 2023, and a decision will likely be rendered shortly thereafter. Such a brief stay would cause "no meaningful prejudice" to Defendants, particularly where, as here, "any delay caused by this stay will be of very short duration." *Fuller*, 2009 WL 2390358, at *1 (finding "no meaningful prejudice…as a result of a stay where the JPML was "expected to hear [the] matter within a few months" and a stay was "unlikely to cause the degradation of memories or the loss of material evidence"); *Couture*, 2012 WL 3042994, at *3 (finding that a short stay would not prejudice Plaintiffs); *Good*, 5 F. Supp. 2d at 809 (finding that stay of case pending JPML transfer decision would not prejudice… where the stay "would likely be brief"); *see also Rosenfeld v. Hartford Fire Ins. Co.,* No. 88-cv-2153-MJL, 1988 WL 49065, at *2 (S.D.N.Y. May 12, 1988). A stay will strike a common-sense balance between ensuring that the litigation continues to move forward efficiently while avoiding time consuming, premature, and potentially fruitless motion practice and rulings.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court stay all proceedings in this matter and vacate current deadlines until further order of this Court following a decision by the JPML on the motions to consolidate and transfer.

Alternatively, if the Court is inclined to deny the instant motion, Plaintiff respectfully requests a two-week extension to respond to Defendants' pending motions.

///

///

///

///

7

**Plaintiff's Notice of Motion and Motion to Stay Pending**     *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation**     3:23-cv-02071-CRB

Dated: July 26, 2023

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**

By: */s/ Rachel Abrams*
Rachel Abrams (SBN: 209316)
Adam B. Wolf (SBN: 215914)
Angela J. Nehmens (SBN: 309433)
4 Embarcadero Center, Suite 1400
San Francisco, CA 94111
Telephone: 415.766.3545
Facsimile: 415.840.9435

*Attorneys for Plaintiff A.G.*

8

**Plaintiff's Notice of Motion and Motion to Stay Pending** *A.G. v. Uber Technologies, Inc., et al.*
**Potential Transfer of this Action by the Judicial Panel on Multidistrict Litigation** *3:23-cv-02071-CRB*

## CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2023, I electronically transmitted the foregoing **MOTION TO STAY PROCEEDING PENDING POTENTIAL TRANSFER OF THIS ACTION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION AND REQUEST TO VACATE PENDING DEADLINES** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic* Filing to all CM/ECF registrants.

*/s/ Rachel Abrams*
Rachel Abrams

1

**Certificate of Service**  *A.G. v. Uber Technologies, Inc., et al.*
3:23-cv-02071-CRB