IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>ALL ACTIONS | MDL No. 3084 CRB<br><br>**PROTECTIVE ORDER** |

Pursuant to Pretrial Order No. 4, the parties filed a Stipulated Protective Order and a letter brief outlining certain outstanding disputes on December 21, 2023. Dkt. No. 170. This Protective Order adopts those provisions on which the parties agreed and resolves the disputes identified in the parties' letter brief.

1.      PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated

Protective Order does not entitle them to file CONFIDENTIAL or HIGHLY CONFIDENTIAL ATTORNEYS' EYES ONLY Information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a Party seeks permission from the court to file material under seal.

2.      DEFINITIONS

2.1      Action: MDL No. 3084 and all related cases that have been or later are filed in, transferred to, or removed to MDL No. 3084.

2.2      Challenging Party: A Party or Non-Party that challenges the designation of information or items under this Order.

2.3      "CONFIDENTIAL" Information or Items: Any Discovery Material that the Producing Party believes in good faith contains financial or business plans or projections; proprietary business information, or other confidential research, design, development, financial, business or commercial information; information regarding or relating to a Party's insurance program; personnel information; personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Party to this lawsuit; the personal information and any identifying information of any Non-Party; non-public incident reports; executive committee selection; and any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract.

2.4      Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

2.5      Designating Party: A Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.6      Disclosure or Discovery Material: All items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, Testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7    Expert: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items: Extremely sensitive "CONFIDENTIAL" Information or Items as defined in Section 2.3 that the Designating Party reasonably believes to be economically or competitively sensitive and warrants the extra layer of protection described below. By way of example, and not limitation, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information includes non-public information reflecting: transactional sales data; technical, sales, product and design research or analysis; research or analysis pertaining to drivers who use Uber's platform; sales information related to specific customers or classes of customers; financial, marketing, or strategic business planning information; trade secrets; pricing information; information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; and communications that constitute, incorporate, summarize, or reference any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information. In designating Discovery Material as Highly Confidential Information, the Producing or Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9    In-House Counsel: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

3

2.10    <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11    <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12    <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.13    <u>Privileged Material</u>: Disclosure or Discovery Material subject to a claim of attorney-client privilege, work-product protection, or any other legally recognized privilege or immunity from production.

2.14    <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15    <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16    <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.17    <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18    <u>Testimony</u>: All depositions, declarations, or other testimony taken, provided or used in this Action.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

Material; and (3) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. Nothing in this Protective Order shall modify or abrogate the rights or responsibilities of the Parties under HIPAA or any other existing data privacy statute.

This Stipulation and Protective Order is without prejudice to the right of any Party to object to disclosing or producing any information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by the Stipulation and Protective Order. This stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any materials or to modify this Stipulation and Protective Order in any way, including, without limitation, an Order that certain materials not be produced at all. This stipulation and Protective Order does not alter, waiver, modify, or abridge any right, privilege or protection otherwise available to any Party with respect to the discovery of matters, including, but not limited to, any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

In the event that additional parties join or are joined in this Action, they shall not have access to the materials designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" pursuant to this Stipulation and Protective Order unless and until the additional parties have executed and, at the request of any Party, filed with the Court, their agreement to be bound by this Stipulation and

5

United States District Court
Northern District of California

Protective Order in the form of their signing the Acknowledgment and Agreement to Be Bound (Exhibit A).[1]

Nothing in this Stipulation and Protective Order shall be construed to preclude any Party from asserting in good faith that certain Protected Materials require additional protection, such as protection of one Party's sensitive personal information from being disclosed to other Parties. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

4.   DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to material that qualifies under the appropriate standards. The Designating Party must designate for protection only those materials, documents, items, or oral or written communications that qualify—so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order. If only a limited and clearly delineated part of

---

[1] If additional non-natural persons are later added as parties to this action and this Protective Order is insufficient to address a party's needs for protection, the party may seek a modification of this Protective Order at that time.

the materials, documents, items, or oral or written communications qualify for protection, The Designating Party shall, to the extent practicable, make all reasonable efforts to designate for protection only those parts that qualify.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions, just as disclosure of Protected Material in violation of this order would do. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     Manner and Timing of Designations. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced. Designation in conformity with this Order requires:

(a)     For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES-ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES-ONLY" legend to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For Testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party designates within thirty (30) days after receipt of a final transcript, all protected Testimony and specify the level of protection being asserted by giving written notice to the court reporter and all Parties. A Designating Party may specify at the deposition, hearing, or other proceeding, or up to 30 days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" by the court reporter. All rough or final Testimony transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" until thirty (30) days after receipt of the final transcript. After that period ends, only Testimony that has been properly designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provisions of this Order. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable

8

date for provision of the confidentiality designation notice.

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. For paper copies of transcribed deposition Testimony, pages of transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order. The Designating Party shall inform the court reporter of these requirements. Any failure of or refusal by the court reporter to comply with these procedures will not invalidate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" designation.

(c)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s). When possible, in order to minimize the likelihood of inadvertent disclosure of information protected by this Order transmitted by electronic means, the Producing Party shall make a good faith effort to place the appropriate confidentiality designation in the subject of the electronic mail conveying the Protected Material and on the title of the digital document or media through which it is conveyed, or otherwise notify the Receiving Party of the fact that Protected Material is being conveyed. A failure to place the appropriate confidentiality designation in the subject of the electronic mail conveying the information and on the title of the digital document or media through which it is conveyed, or to otherwise notify the Receiving Party of the fact that information protected by this Order is being conveyed, does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. However, a Designating Party cannot seek sanctions against the

Receiving Party if the Receiving Party fails to treat the produced information as "CONFIDENTIAL" until such time as the Designating Party corrects any error or omission as the confidential nature of said information or electronic mail in writing to the Receiving Party, unless the Receiving Party is otherwise on notice that the information is "CONFIDENTIAL" through, for example, a confidentiality stamp on the document.

5.3    Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or disclosed Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

If any information was disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order prior to notice of the inadvertent failure to designate, the non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to such disclosure of such Protected Materials, to the extent such facts are known or reasonably knowable to the non-Designating Party, to the immediate attention of the Designating Party.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1    Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

6.3     Judicial Intervention. If the Parties cannot resolve a challenge without court intervention, the Parties may agree to seek informal conference with the Court. If the Parties still cannot resolve the challenge or do not have such a conference, the Designating Party must file and serve a motion to retain or challenge confidentiality within 14 days of conferring on the challenged designation or an informal conference with the court, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless prompt intervention to resolve a dispute over a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to seek an informal conference with the Court promptly after the Parties have completed the procedure set forth above. The procedures set out in this provision shall be procedural

only, and shall not affect the burden on challenging or maintaining a designation as established under applicable law.

6.4     Frivolous challenges. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.     ACCESS TO AND USE OF PROTECTED MATERIAL

7.1     Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action or the consolidated action captioned In re Uber Rideshare Cases, Case No. CJC-21-005188, so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2     Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)     The officers, directors, and employees, including current and former employees, as well as In-House Counsel, of the Receiving Party to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts (as defined in this Order) or insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The court and its personnel, and any appellate court in this litigation;

(e)     Court reporters, stenographers, or videographers and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

(f)     Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g)     During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(h)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or any current employee of the Designating Party.

(i)     Special masters or discovery referees appointed by the Court.

(j)     Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussion.

(k)     Any other person as to whom the Designating Party has consented to disclosure in advance.

7.3     Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items. Unless otherwise ordered by the court or permitted in

13

writing by the Designating Party, a Receiving Party may disclose any information or item designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to:

(a)     The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation.

(b)     Designated In-House Counsel of the Receiving Party who has signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     Experts of the Receiving Party who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d)     The Court and its personnel, and any appellate court in this litigation.

(e)     Court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to be Bound." (Exhibit A);

(f)     The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(g)     Special masters, mediators, or other third parties retained by the parties for settlement purposes or resolution of discovery disputes or mediation;

(h)     During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the Court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

8.     <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that

compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY," that Party must:

(a) Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its Protected Material– and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

(a) The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement

with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)  Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)  Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)  Make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.  Pursuant to Federal Rule of Evidence 502(d), if a Producing Party inadvertently discloses information (including both paper documents and electronically

stored information) subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, such disclosure shall not constitute a waiver or forfeiture of any privilege or other protection in this or any other action, provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production; however, if the discovery is made after the final Pretrial Conference is held, the Producing Party may seek protection for the privileges and doctrines contained in the paragraph for produced information only by further order of the Court.

11.2    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3    This stipulated Order set forth in this section and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Right to Additional Protection</u>. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires

United States District Court
Northern District of California

additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

12.4    This Order shall be binding upon the Parties to this action, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purpose of any proceeding brought by a Party to this Action to enforce this Stipulation and Protective Order.

12.5    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action, or any other action, any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. While a motion to seal is pending before the Court, no Party shall make use in open court, in public, or in any way inconsistent with the protection in this order of any Disclosure or Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

13.    <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all reasonably accessible copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports and work product, attorney work product, and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute as Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: December 28, 2023

_____
CHARLES R. BREYER
United States District Judge