1  [Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB <br><br> **PLAINTIFFS' MOTION TO ENFORCE PTO NO. 2 AND TO COMPEL DEFENDANTS TO PRODUCE LITIGATION HOLD AND PRESERVATION INFORMATION** |
| This Document Relates to: <br><br> All Cases | [Previously filed under seal at ECF 160-2] |

1    Plaintiffs respectfully request that the Court order Defendants Uber Technologies, Inc.,
2    Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") to comply with PTO No. 2 (ECF No.
3    65), and produce litigation hold and preservation information. If this issue is more properly
4    brought before the Magistrate Judge, Plaintiffs will do so.

5    **I.      <u>INTRODUCTION</u>**

6    On November 3, 2023, this Court issued PTO No. 2, ordering the parties to preserve all
7    information that may be relevant to this litigation from all sources, including electronically stored
8    information ("ESI"), requiring that "Defendants' custodians must be broadly identified", and
9    directing Uber to implement a litigation hold covering the company and vendors. PTO No. 2
10   further provides that "no party shall destroy any information subject to discovery within their
11   control without applying to this Court." *Id*. ¶ 1. The Order states that the "parties must confirm,
12   by way of notice to opposing counsel, that they are preserving all information that may be
13   relevant to this litigation from all sources, including corporate and personal accounts". *Id*. ¶ 3.

14   Uber has not provided Plaintiffs with sufficient assurance that it is meeting its obligations
15   under PTO No. 2. Despite the Court's order, Uber's company-wide document-destruction policy
16   remains in effect, and the company has offered to provide Plaintiffs only a list of job titles of
17   employees subject to a hold, and even that only after a protective order is entered. Uber has also
18   not provided *any* details about the non-custodial sources it is preserving or not preserving. With
19   Uber unilaterally determining which custodians and sources are exempt from its destruction
20   policy, it is plausible that relevant ESI is being destroyed every day. Indeed, Uber has historically
21   taken a cramped view of what evidence is potentially relevant in a sexual assault case. Unless the
22   Court intervenes to require Uber to immediately suspend its company-wide document-destruction
23   policy until the parties and the Court can ensure that all sources of relevant material are being
24   preserved, Plaintiffs may suffer irreversible prejudice from this permanent loss of relevant ESI.

25   Plaintiffs respectfully request that the Court order Uber to participate in the meet and
26   confer process contemplated by PTO No. 2, and in the interim suspend its document destruction
27   policy.

28

## II. BACKGROUND

Contrary to PTO No. 2, Uber has provided only limited, contradictory, and confusing information regarding what litigation holds it has implemented to date. On October 27, 2023, Uber represented to this Court that it had issued litigation holds for "multiple" Uber custodians involved with handling sexual assault complaints. ECF No. 38 at 8. Recognizing this was plainly insufficient to comply with PTO No. 2, when the parties met and conferred on November 17, 2023, Uber informed Plaintiffs that it had issued "thousands" of litigation holds for "various matters covering a wide array of subjects." Ex. A (12/1/23 Ltr. from Uber to Pls.). Then, on December 13, Uber changed its position yet again and represented that "thousands of employees have been placed on hold in connection with this litigation in particular." Ex. B (12/13/23 Email from Uber to Pls.).

To understand the scope of Uber's preservation efforts, Plaintiffs requested that Uber produce limited information about its litigation holds: (1) the name, job title, dates of employment, and date of litigation hold for each custodian; (2) the date range of ESI that was preserved; and (3) what litigation or claim (i.e. sexual assault or something else) the holds related to. Ex. C (11/22/23 Ltr. from Pls. to Uber). Uber refused, agreeing to provide only the job titles of custodians subject to litigation holds and nothing else, all while the company's destruction policy is still in effect.

Plaintiffs also requested information about the ESI Sources enumerated in PTO No. 2, ¶3, including non-custodial sources, that it has preserved and when it preserved them. *Id*. Again, Uber refused, leaving Plaintiffs in the dark as to what relevant information Uber is adequately preserving and what may be lost or at risk of destruction.

## III. ARGUMENT

### A. Uber should provide detailed information regarding its litigation holds and ESI sources.

The threshold problem here is that Uber will not tell Plaintiffs the scope of what it has agreed to preserve. As to custodians, all that Uber has disclosed is that it has issued "thousands" of litigation holds related to this litigation and all that it has suggested it will disclose in the future

1    are the job titles of those custodians on hold. *See* Exs. A, B. This is after representing to the Court
2    only that Uber has issued holds to "multiple" custodians. ECF No. 38 at 8. None of these vague
3    representations is sufficient to allow Plaintiffs or the Court to determine whether Uber is
4    complying with its obligations to preserve potentially relevant documents and information. Uber
5    should be compelled to immediately provide the basic details of its litigation holds.

6          This request does not implicate any privilege. While a litigation hold notice itself may be
7    privileged, "the basic details surrounding the litigation hold are not." *Cohen v. Trump*, No. 13-cv-
8    2519, 2015 WL 3617124, at *7 (S.D. Cal. June 9, 2015) (citation omitted); *see also, e.g.*, *In re
9    eBay Seller Antitrust Litig.*, 07-cv-01882, 2007 WL 2852364, at *1–3 (N.D. Cal. Oct. 2, 2007)
10   (holding that plaintiffs are entitled to a defendant's basic litigation hold information).

11         Provision of this information is also required by both federal and local rules. The Northern
12   District of California Rule 26(f) Checklist regarding ESI specifically notes that information like
13   this should be provided. The Checklist specifies (1) The ranges of creation or receipt dates for any
14   ESI to be preserved"; (2) "The names and/or general job titles or descriptions of custodians for
15   whom ESI will be preserved (e.g., 'HR head,' 'scientist,' 'marketing manager,' etc.)"; and (3)
16   "The number of custodians for whom ESI will be preserved." Provision of this information is also
17   supported by the Advisory Committee's comment to Rule 26(b)(2). *See Cannata v. Wyndham
18   Worldwide Corp.*, 10-cv-00068, 2011 WL 3495987, at *2 (D. Nev. Aug. 10, 2011) (producing
19   basic details surrounding litigation holds "is supported by the Advisory Committee's comments
20   to Rule 26(b)(2): '[t]he responding party must also identify, by category or type, the sources
21   containing potentially responsive information that it is neither searching nor producing.'").

22         As to ESI sources in general, Uber has disclosed nothing. Plaintiffs requested Defendants
23   produce information as to the ESI Sources enumerated in PTO No. 2, Paragraph 3, including non-
24   custodial sources, that it has preserved and when it preserved them. Specifically, Plaintiffs
25   requested information as to when such ESI sources were used, what they were used for, the
26   general types of information they housed, and which Uber employees used or had access to these
27   sources. All that Uber will tell Plaintiffs is that employees who are on hold "have been advised
28   that the hold for this matter applies to data sources listed in Paragraph 3." Ex. B. This does not

promise, let alone prove, that such sources are actually being preserved, especially if document destruction occurs automatically.

Accordingly, the Court should order Uber to immediately produce such information.

### B. Uber must suspend its company-wide document destruction policy pending a determination that it is not deleting potentially relevant information.

Uber's reticence creates an urgent problem because the company is currently destroying ESI. Uber has made clear that its destruction policy is *still* in place, despite this Court's Order, and that only ESI subject to a specific litigation hold is preserved longer than 24 months. Ex. A at 2; Ex. D. (12/12/23 Email from Uber to Pls.). In other words, the broad language and intent of PTO No. 2 notwithstanding, Uber is currently destroying ESI that is not subject to one of its self-selected litigation holds, including potentially ESI from non-custodial sources.

Uber claims the right to decide unilaterally which sources contain potentially relevant information without first working with Plaintiffs to determine that scope. This is not the stated intent of PTO No. 2, which required that custodians be "broadly identified," and presumed substantive and substantial "meeting and conferring," with leave of Court required to "destroy information that may be relevant to the litigation." ECF 65 ¶¶ 4, 6. That matters in this case. Even though passenger sexual assault litigation began no later than 2013, Uber (1) maintained only a six-month e-mail retention policy from September 2015 to January 2023; (2) since January 2023, destroyed emails after 24 months; and (3) in 2020, deleted all Slack messages more than 90 days old. ECF 57 at 7 (quoting JCCP Case Management Statement). Uber has already demonstrated a willingness to breach its preservation duties, making broad compliance with PTO No. 2 all the more crucial. *See, e.g.*, *Apple Inc., v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 1991136 (N.D. Cal. 2012) (duty to preserve includes "suspend[ing] any existing policies related to deleting or destroying files.").

The only way to ensure appropriate evidence preservation is for Uber to suspend its automatic destruction policy until the parties meet and confer and work to propose "a more tailored order concerning the preservation of relevant information" as contemplated by PTO No. 2 or Uber applies for relief under PTO No. 2. *See, e,g.*, *WeRide Corp. v. Kun Huang*, No. 18-cv-

07233, 2020 WL 1967209, at *12 (N.D. Cal. Apr. 24, 2020) (ordering sanctions where, "[h]ad AllRide deactivated the auto-deletion function when this litigation began [], its emails [] would have been preserved."); *Apple Inc.*, 888 F. Supp. 2d at 991-92 (finding sanctions appropriate because "[a]lthough Samsung did make some efforts to preserve documents, such as by sending out litigation hold notices[], Samsung to this day has not suspended its email system's [] automatic destruction policy.") (citations omitted).

## IV. CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court order Uber to (1) suspend its company-wide document destruction policy, and (2) immediately produce basic details surrounding its litigation holds and preservation efforts, including what litigation or claim the holds relate to, the dates of issue, the dates of preserved ESI, and the names, job titles, and dates of employment of the recipients of the hold notices.

Dated: December 14, 2023

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2024, electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Andrew R. Kaufman*