# Exhibit A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS          NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

UNIT 5201, FORTUNE FINANCIAL CENTER
5 DONGSANHUAN ZHONGLU
CHAOYANG DISTRICT, BEIJING 100020, CHINA
TELEPHONE (86-10) 5828-6300

SUITES 3601 – 3606 & 3610
36/F, GLOUCESTER TOWER
THE LANDMARK
15 QUEEN'S ROAD, CENTRAL
HONG KONG
TELEPHONE (852) 2846-0300

ALDER CASTLE
10 NOBLE STREET
LONDON EC2V 7JU, UNITED KINGDOM
TELEPHONE (44 20) 7367 1600

535 MISSION STREET, 24TH FLOOR
SAN FRANCISCO, CA 94105
TELEPHONE (628) 432-5100

FUKOKU SEIMEI BUILDING
2-2 UCHISAIWAICHO 2-CHOME
CHIYODA-KU, TOKYO 100-0011, JAPAN
TELEPHONE (81-3) 3597-8101

TORONTO-DOMINION CENTRE
77 KING STREET WEST, SUITE 3100
P.O. BOX 226
TORONTO, ONTARIO M5K 1J3
TELEPHONE (416) 504-0520

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DELAWARE AVENUE, SUITE 200
POST OFFICE BOX 32
WILMINGTON, DE 19899-0032
TELEPHONE (302) 655-4410

WRITER'S DIRECT DIAL NUMBER
(202) 223-7407

WRITER'S DIRECT FACSIMILE
(202) 379-4099

WRITER'S DIRECT E-MAIL ADDRESS
ksmith@paulweiss.com

December 1, 2023

**VIA EMAIL**

Roopal P. Luhana
Chaffin Luhana LLP
600 Third Avenue
12th Floor
New York, NY 10016
Luhana@chaffinluhana.com

Re: Preservation of Electronically Stored Information (ESI)

Dear Counsel:

On behalf of Uber, I write in response to your letter from November 22, 2023, regarding the preservation of electronically stored information ("ESI").

There is no basis for your contention that Uber is not complying with the Court's Pretrial Order ("PTO") No. 2, dated November 3, 2023, (ECF No. 65). As we stated during our meet and confer on November 17, 2023, Uber is fully complying with PTO No. 2 and the Court's directives therein. Uber has never disputed that it has a duty to preserve potentially relevant evidence, including ESI. That duty arises when a party has notice that the evidence might be relevant to a "reasonably foreseeable" future litigation. *Oracle Am., Inc.* v. *Hewlett Packard Enter. Co.*, 328 F.R.D. 543, 549-550 (N.D. Cal. 2018). Consistent with that duty, and the duties set forth in PTO No. 2, Uber is preserving potentially relevant material that may be discoverable in relation to any of the issues in this litigation. Additionally, as noted on November 17, Uber has already identified a broad class of custodians—whose files are being collected and searched in connection with the JCCP proceedings. This class of custodians includes company managers and executives in charge of implementing safety precautions and technologies to protect passengers, as well as company managers and executives who, for example, evaluate and analyze passenger complaints about

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Roopal P. Luhana                                                                                                        2

drivers, interface with law enforcement, and develop policies for vetting drivers or responding to passenger complaints about drivers.

With respect to Uber's past and present email retention policies, to clarify: Uber's current document retention policy, effective as of January 2023, calls for the automatic retention of emails for 24 months. Prior to the enactment of this policy, Uber's document retention policy maintained emails for six months. In other words, and to be clear, Uber's current company-wide retention policy is to preserve emails for 24 months, not six months. To the extent that there was an impression to the contrary arising from our meet and confer call, this issue has now been clarified in this letter.

As you acknowledge, there are exceptions within both the current and former policies, including that placement of a litigation hold suspends any automatic deletion of an employee's emails. When a litigation hold is put in place for a given custodian, Uber's system automatically preserves that custodian's electronic data (specifically, all data in their Google account, including Gmail, and Slack data), overriding any ordinary course auto-deletion processes until that hold is lifted. Uber's litigation holds are not subject matter-specific. That means that when a custodian is placed on a litigation hold, all of that custodian's ESI is preserved, regardless of the subject matter of the litigation. As we stated during the November 17 meet and confer, Uber has placed many thousands of employees on litigation holds in relation to various matters covering a wide array of subjects.

There is thus no basis for Plaintiffs' demand that Uber must immediately suspend its email retention policy across its entire business. Plaintiffs' demand is burdensome and is unjustified by the needs of the case. As previously noted, Uber is abiding by its obligation to preserve relevant documents and information. Such duty does not, however, create an obligation to suspend a document retention policy applicable to documents and data that are entirely irrelevant to this litigation.

Your demands for "immediate" production of information related to litigation holds, ESI sources, and custodial files have no basis. We certainly anticipate exchanging information regarding all parties' sources of information as required by the applicable rules and the Court's orders, and in furtherance of a productive and cooperative discovery process. But there is no support for the baseless allegation that you are making here, that a preservation deficiency somehow triggers an obligation for a party to disclose "the names and titles of the persons notified of the litigation hold, the dates of such notifications, and which litigation the holds are related to." Pls.' Nov. 22, 2023 Letter. In any event, Uber has already provided the JCCP Plaintiffs in the California action with extensive information regarding ESI sources and custodial files. This includes the deposition transcript of Uber's person most qualified to testify on topics such as how and where Uber stores and/or maintains electronic information related to sexual assault and sexual misconduct; the communication platforms used by Uber; the electronic platforms, programs, databases, and information technology systems Uber uses and has used historically; and Uber's document/ESI preservation policies and procedures. Uber is prepared to provide the same information to the MDL Plaintiffs once a protective order is in place. That is the information we

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Roopal P. Luhana											3

committed to provide, not "a list of *all* [of Uber's] non-custodial sources" regardless of subject matter or relevance to the case.  Pls.' Nov. 22, 2023 Letter.

We are in receipt of your draft of the protective order, which you provided on November 15, 2023, containing numerous unexplained deviations from the Northern District of California's model protective order and the JCCP protective order.  We are working expeditiously to send you a markup that addresses those issues, and others, and are aiming to do so by early next week.

Finally, as noted in our November 17 meet and confer, we are not necessarily opposed to the appointment of an Uber ESI liaison, who would communicate with Plaintiffs' ESI vendor to resolve any technical ESI issues.  We remain willing to speak with Plaintiffs' ESI vendor ourselves; please let us know who you would like us to be in touch with and we can set up a call.  It is not our experience that ESI document relationships of the nature you have described can be easily preserved and produced in the way that Plaintiffs suggest, but we are open to conferring with Plaintiffs' ESI vendor to discuss efficient options for the preservation and production of those families.

Uber is willing and prepared to continue meeting and conferring with Plaintiffs regarding preservation and related discovery issues, should it be necessary.

Sincerely,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By:   */s/* Kyle Smith

Kyle Smith
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7407
ksmith@paulweiss.com

cc:   Sarah R. London, Esq.
      Rachel B. Abrams, Esq.
      Bret Stanley, Esq.
      Steven D. Cohn, Esq.
      John Eddie Williams, Esq.
      Brian Abramson, Esq.
      Stephen Estey, Esq.
      Celine Cutter, Esq.
      Brooks Cutter, Esq.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Roopal P. Luhana                                                                                                  4

William Levin, Esq.

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**