1  ROBERT ATKINS (*Admitted Pro Hac Vice*)
       ratkins@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON
       & GARRISON LLP**
3  1285 Avenue of the Americas
   New York, NY 10019
4  Telephone: (212) 373-3183
   Facsimile: (212) 492-0183
5
   JESSICA E. PHILLIPS (*Pro Hac Vice forthcoming*)
6  jphillips@paulweiss.com
   **PAUL, WEISS, RIFKIND, WHARTON &
7      GARRISON LLP**
   2001 K Street, NW
8  Washington, DC 20006
   Telephone: (202) 223-7300
9  Facsimile: (212) 492-0183

10 RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
11 **PAUL, WEISS, RIFKIND, WHARTON
       & GARRISON LLP**
12 535 Mission Street, 24th Floor
   San Francisco, CA 94105
13 Telephone: (628) 432-5100
   Facsimile: (628) 232-3101
14
   *Attorneys for Defendants*
15 UBER TECHNOLOGIES, INC.; RASIER, LLC;
   and RASIER-CA, LLC
16

17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

19                       **SAN FRANCISCO DIVISION**

20

| 21 | IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | 3:23-MD-3084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH CIRCUIT ON THE PETITION FOR A WRIT OF MANDAMUS**<br><br>Judge: Honorable Charles R. Breyer<br>Date:  January 26, 2024<br>Time:  10:00 a.m.<br>Courtroom:  6 – 17th Floor |
|---|---|---|

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. Introduction

As set forth in Uber's Motion to Stay these proceedings, a stay is warranted here given the Ninth's Circuit forthcoming decision on the petition for a writ of mandamus. The Ninth Circuit has invited responsive briefs from Plaintiffs and the JPML, thereby demonstrating the seriousness with which the court is considering Uber's petition. As such, it is eminently reasonable to temporarily stay these proceedings pending the Ninth Circuit's decision.

Nothing Plaintiffs have proffered in their Opposition Motion ("Opp. Mot.") changes this conclusion. In their Opposition, Plaintiffs ask this Court to apply an incorrect legal standard, impermissibly suggesting the Court should engage in a substantive review of the merits of Uber's writ petition. This is improper. The correct standard for determining whether to grant a stay is judicial efficiency and does not implicate a review of the merits. In any event, the Ninth Circuit already indicated the seriousness with which it is taking the petition by calling for responses and a reply.

Moreover, the Ninth Circuit has already set a briefing schedule (which would have moved even faster had Plaintiffs not sought an extension to file their papers). As such, the review process of Uber's writ is well underway, and a decision is impending. Thus, a short, temporary stay for 60 days while the Ninth Circuit considers the petition is in the interest of efficiency and judicial economy and will not result in any harm or prejudice to any of the parties.

## II. Plaintiffs Apply the Wrong Standard for Issuing a Stay Under the Circumstances and Improperly Invite the Court to Weigh in on the Merits of Uber's Writ Petition as a Result.

Plaintiffs spend significant time arguing the merits of Uber's petition for a writ of mandamus and asking the Court to do the same as part of its analysis of Uber's stay request. Opp. Mot. at 3–4. But such a merits analysis has no place here.

Instead, the proper test asks this Court to consider only whether a stay is in the interest of efficiency and judicial economy. It is.

Plaintiffs contend that Uber is required to demonstrate "serious questions going to the merits" of their petition for a writ of mandamus pending before the Ninth Circuit. Opp. Mot. at 3. But that standard, drawn from *Mehedi* v. *View, Inc.*, 2022 WL 1082010 (N.D. Cal. Apr. 11, 2022), derives from a line of cases originating with *Hilton* v. *Braunskill*, 481 U.S. 770 (1987), as later articulated in *Nken* v. *Holder*, 556 U.S. 418 (2009).

The *Hilton/Nken* standard is distinct from the standard articulated in the Supreme Court case *Landis* v. *N. Am. Co.*, 299 U.S. 248 (1936), which is the test that actually applies here (and that Uber cited in its Motion). The two tests apply in different circumstances, address different issues, and, as a result, have different requirements given the "different concerns" that "predominate" in each context. *Kuang* v. *United Stated Dep't. of Def.*, 2019 WL 1597495, at *3 (N.D. Cal. Apr. 15, 2019). The *Hilton/Nken* standard applies primarily to "preliminary injunctions or stays of judgments pending appeal." *Bascom Research LLC* v. *Facebook, Inc.*, 2014 WL 12795380, at *2 (N.D. Cal. Jan. 13, 2014). By contrast, *Landis* applies to the separate question of whether a stay of a district court's proceedings is in "the interest of judicial efficiency." *Id.* at *1; *see also*, *e.g.*, *Asis Internet Servs.* v. *Active Response Grp.*, 2008 WL 4279695, at *4 n.1 (N.D. Cal. Sept. 16, 2018) ("Plaintiffs argue that the Court should weigh the factors set out in *Hilton* v. *Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) and *Golden Gate Restaurant Assoc.* v. *City and County of San Francisco*, 512 F.3d 1112, 1115 (9th Cir. 2008) to determine whether to grant a stay, but those govern a district court's judgment or other order pending appeal, not a stay of ongoing proceedings.").

It is without controversy that the *Landis* standard governs whether this Court should issue a stay pending a decision about consolidation. Courts have repeatedly applied the *Landis* criteria - - not the *Hilton*/*Nken* standard - - when considering a motion, like this one, for a stay in the interest of judicial efficiency.[1]

---

[1] *See, e.g.*, *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997); *Poff* v. *Kesson Corp.*, 2013 WL 3949207, at *2 (N.D. Cal. July 30, 2013); *Freitas* v. *McKesson Corp.*, 2012 WL 161211 (N.D. Cal. Jan. 10, 2012); *Couture* v. *Hoffman-La Roche, Inc.*, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012); *Fuller* v. *Amerigas Propane, Inc.*, 2009 WL 2390358, at *1 (N.D. Cal. Aug. 3, 2009) (describing the test announced in *Rivers* as reformulation of the *Landis* factors)**;** *McCrerey* v. *Merck & Co.*, 2005 WL 6124182 (S.D. Cal. Mar. 3, 2005).

Moreover, Plaintiffs themselves applied *Landis* knowing it was the correct standard. Plaintiffs employed it in the numerous stay petitions they filed in district courts just last year while awaiting the JPML's decision to consolidate these cases. *See, e.g.*, *A.G.* v. *Uber Techs., Inc.*, 3:23-cv-02071-CRB, ECF No. 31, at 6 (N.D. Cal. July 26, 2023) (citing *Rivers* v. *Walt Disney Co.*, 980 F. Supp. 1358, 1360 (C.D. Cal. 1997) and *Couture* v. *Hoffman-La Roche, Inc.*, No. 12-cv-2657-PJH, 2012 WL 3042994, at *2 (N.D. Cal. July 25, 2012). The same should be true here.

The choice of which of the two standards to apply is not merely academic. Rather, the tests weigh different factors. Critically, among other distinctions between the two standards, "the likelihood of success on the merits is *not* an independent factor under *Landis*." *Kuang*, 2109 WL 1597495, at *6 (citing *Bascom Research LLC*, 2014 WL 12795380, at *2) (emphasis added). Under a *Landis* analysis, a "discussion of the likelihood of success on the merits" is therefore "*irrelevant* to the stay issue." *Asis Internet Servs.*, 2008 WL 4279695, at *4 n.1 (emphasis added).

Ultimately then, Plaintiffs incorrectly ask the Court to review the merits of whether Uber's Petition is likely to succeed. In so doing, Plaintiffs improperly attempt to steer this Court away from what should be the crux of the analysis here: whether a temporary stay is in the interest of efficiency and judicial economy.

For the reasons stated in the Motion, and below, a stay would indeed further these interests.

### III. A Stay Would Further Judicial Economy

As Uber demonstrated in its Motion, and Plaintiffs recognized in their own right when they sought stays prior to consolidation of this MDL, considerations of judicial economy and efficiency counsel for a temporary stay while the Ninth Circuit decides Uber's writ petition. Plaintiffs argue this Court's recent orders somehow moot Uber's arguments, and that a stay would not serve judicial economy, unlike when Plaintiffs sought the same relief, because the JPML moves more quickly than the Ninth Circuit. Neither of these is persuasive.

Plaintiffs first suggest that judicial economy would not be served by a stay because "four of the previously disputed issues upon which Uber's arguments rely are now moot." Opp. Mot. at 4. The purported mootness stems from this Court's having issued PTO No. 5 and the Protective

Order. *Id.* It is unclear what Plaintiffs mean by this: What do they believe is now mooted? And how does the Court's setting a schedule and entering a protective order do so? The Court's setting a discovery schedule and issuing a protective order has no bearing on the grounds for granting the writ. If Plaintiffs' mootness argument pertains to Uber's arguments that moving forward on discovery and other pretrial matters risks significant inefficiencies and redundancies should the Ninth Circuit rule in Uber's favor, that too remains true whether there is a schedule set or not.

More problematically, Plaintiffs try to use Uber's compliance and cooperation in this MDL against it. In essence, Plaintiffs argue that because Uber has dutifully responded to the Court's orders thus far - - leading to the entry of a discovery schedule and protective order - - a stay is unwarranted. Uber has been compliant, and has worked to maximize efficiencies within the coordinated proceeding, because it is obligated to do so. But now that the Ninth Circuit has expressed its interest in hearing Uber's writ petition, Uber seeks a short, temporary stay. Uber makes a limited and sensible request now that the issue is alive before the Ninth Circuit. Alternatively, there is no doubt that had Uber been uncooperative or filed a stay immediately when it filed its writ petition, Plaintiffs would have decried that with even greater fervor. Uber should not be condemned for its efforts to fully and effectively engage in these proceedings.

Plaintiffs further suggest that judicial economy would not be served by a stay here because the JPML issues orders swiftly, while, by their estimation, the Ninth Circuit does not. But such supposition misunderstands what the judicial economy analysis contemplates.

Plaintiffs' cherry-picked timelines for writ reviews prove nothing. Uber can just as easily point to examples of the Ninth Circuit handling writs expeditiously. *See, e.g.*, *In re Toma*, 2023 WL 8167206 (9th Cir. Nov. 24, 2023) (56 days between time petition was filed to date Ninth Circuit issued opinion). Additionally, Plaintiffs compare apples and oranges when they compare the full time from the filing of a petition to the issuance of an opinion for writs, with the time between oral argument and JPML's decisions. Opp. Mot. at 5.

Here, the petition is already filed, the briefing schedule is set (and would have moved even faster had Plaintiffs not sought an extension to file their papers), and the process is well

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS   3:23-MD-3084-CRB
PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH
CIRCUIT ON THE PETITION FOR WRIT OF MANDAMUS

4

underway. The Ninth Circuit's review is certain and imminent; it is not a "speculative future event involving multiple contingencies." *F.T.C.* v. *Lending Club Corp.*, 2020 WL 4898136, at *2 (N.D. Cal. Aug. 20, 2020). At any rate, any differences between the precise speed of the JPML and Ninth Circuit's dockets are surely not so dissimilar that a stay in the former satisfies the *Landis* interests in economy and efficiency, but the latter does not. *See, e.g. Ramirez* v. *Trans Union, LLC*, 2015 WL 61599, at *2 (N.D. Cal. June 22, 2015) ("The possible prejudice to Plaintiff that will result from a stay is minimal, as the [relevant] decision will likely be issued *within a year*." (emphasis added)).

As stated in Uber's Motion, judicial economy counsels in favor of a stay if a court risks "needlessly expend[ing] its energies familiarizing itself with the intricacies of a case" that may ultimately "be heard by another judge." *Rivers*, 980 F. Supp. at 1360. Relatedly, courts should consider whether "any efforts on behalf of this Court concerning case management [would] most likely have to be replicated by the judge" to whom the cases would be remanded. *Id.* at 1361–62.

### IV. A Short Stay Will Not Prejudice Plaintiffs

Plaintiffs claim they will be prejudiced by a stay because Plaintiffs have "already suffered delay" and any further delay would result in "material evidence and memories of these assaults" fading away or otherwise being lost. Opp. Mot. at 6. Plaintiffs also refer to things that happened long ago, including the fact that the state court in which some of the actions in this MDL were first filed issued a "stay until a JCCP was established." *Id.* Further, the Opposition observes that some of the Plaintiffs here had their claims "dismissed on *forum non conveniens* grounds," and that they then incurred delay due to the time required for "them to re-file in federal court." *Id.*

These are confounding arguments for several reasons. For one, it was *Plaintiffs* - - not Uber - - who requested a stay of the state-court proceedings pending a coordination order. Petition for Coordination, Application for Complex Designation, and Request for Stay of All Included Actions, *In re: Uber Rideshare Cases*, CJC-21-5188 (S.F. Sup. Ct. June 28, 2021). It was also Plaintiffs who chose to not refile their actions upon the state court's grant of the motion to dismiss based on *forum non conveniens*. And, again, it was Plaintiffs who asked for stays from federal courts in federal proceedings.

Moreover, Plaintiffs have not proceeded swiftly in the litigation of their claims. Some of the conduct alleged in the various complaints dates back to 2015; yet those cases were only brought in the last few months. *See, e.g.*, *Jane Doe LS 396* v. *Uber Techs., Inc.*, 3:23-cv-05939 (N.D. Cal.) (allegation related to conduct in 2015; complaint filed on November 16, 2023). As such, Plaintiffs' arguments are wholly unpersuasive. The brief delay so that the Ninth Circuit may consider the petition will not make a "greater difference in witness' memories or the loss of evidence." *Murguia* v. *Langdon*, 2023 WL 6308325, at *3 (E.D. Cal. Sept. 28, 2023). Decisions where and when to file a case are squarely Plaintiffs' prerogatives. But the evidentiary effects of such choices cannot now be used as a cudgel against Uber to oppose a stay.

Plaintiffs also suggest that Uber has not articulated sufficient harm it would suffer in the absence of a stay, "let alone the 'irreparable injury'" they claim courts must look for. Opp. Mot. at 7. As an initial matter, Plaintiffs once again apply the wrong standard by suggesting irreparable harm is necessary here. As articulated in *Landis,* and each of the stay-pending-consolidation cases cited by Plaintiffs: Uber must articulate some "hardship and inequity to the moving party if the action is not stayed," to be weighed alongside the benefits to efficiency and economy and any countervailing concerns about potential prejudices to Plaintiffs.

Uber has done so here. Contrary to Plaintiffs' telling, Uber is not suggesting that the harm suffered is that it will be "required to defend a suit." Opp. Mot. at 7. But rather, the relevant question is: *where* will it have to do so - - in this court or elsewhere - - and the fundamental *nature* of those proceedings - - consolidated or not. The answer to those questions stand to affect the pretrial proceedings here. These harms can and should be protected against by way of a temporary stay, particularly because doing so will also protect judicial resources and efficiency, and in light of the minimal countervailing harms.

## V.   Conclusion

For the foregoing reasons, Uber respectfully requests that this Court stay all proceedings in this matter and vacate current deadlines for 60 days pending the Ninth Circuit's adjudication of Uber's Petition for a Writ of Mandamus to the JPML.

///

| | |
|---|---|
| DATED: January 12, 2024 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br><br>By:  *Randall S. Luskey*<br>        RANDALL S. LUSKEY<br>        ROBERT ATKINS<br><br>*Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.;<br>RASIER, LLC; and RASIER-CA, LLC |

- 7 -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS   3:23-MD-3084-CRB
PENDING DECISION FROM THE COURT OF APPEALS FOR THE NINTH
CIRCUIT ON THE PETITION FOR WRIT OF MANDAMUS