1

2

3

4

5

6

7

8

9

10

11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

12

13

14

15

16

17

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT AND PROPOSED AGENDA** |
| ALL ACTIONS | Date:      January 19, 2024<br>Time:      10:00 a.m.<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  G – 15th Floor |

18

19

20

21

22

23

24

25

26

27

28

2918548.6

Pursuant to the Court's December 14, 2023 Order (ECF No. 158), counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Raiser-CA, LLC (collectively "Defendants"), and Plaintiffs' Co-Lead Counsel ("Plaintiffs") (collectively referred to herein as the "Parties") respectfully provide this Joint Case Management Statement and Proposed Agenda in advance of the Case Management Conference scheduled for January 19, 2024.

**PROPOSED AGENDA**

1.  **Status of Plaintiffs' Case Filings**

2.  **Uber's Request to Establish a Cutoff for the Filing of New Complaints**

3.  **Uber's Motion to Stay re Pending Writ**

4.  **Pretrial Orders**

5.  **Uber's Initial Motions**

6.  **Discovery**

7.  **Special Settlement Master**

8.  **Administrative Matters**

**I.    STATUS OF PLAINTIFFS' CASE FILINGS**

As of January 15, 2024, there are approximately 211 cases pending in this MDL.[1]

**II.    UBER'S REQUEST TO ESTABLISH A CUTOFF FOR THE FILING OF NEW COMPLAINTS**

**Uber's Position:** Uber's position is, for reasons of manageability and finality, a cutoff for new filings makes sense in this action. The Parties and the Court began discussing this issue at the November 3, 2023 Case Management Conference, at which the Court noted "there may be a good reason" to impose such a cutoff at the appropriate time. 11/3/23 Tr. at 15:08-09. Also at the November 3, 2023 Case Management Conference, the Court asked Plaintiffs' counsel: "What should we expect in terms of future filings in this matter?" *Id.* at 15:12-13. Plaintiffs' counsel responded to the Court: "My firm has over a thousand cases right now that are going to be filed before Your Honor in this MDL." *Id.* at 16:25-17:02. On December 6, 2023, in Pretrial Order

---

[1] This number reflects the Parties' good faith estimates based on reasonably available information. The Parties will continue to work together to align their data and resolve any inconsistencies.

2918548.6

1    ("PTO") No. 4, the Court further stated: "Plaintiffs' counsel are encouraged to file their cases

2    sooner rather than later, consistent with their fiduciary obligation to their clients." ECF No. 152 at

3    7. Yet, since Plaintiffs' representation was made on November 3, 2023, as of early January 2024,

4    Plaintiffs' co-lead counsel had filed a collective total of 20 actions in this MDL, with only 4 of

5    those actions having been filed since the Court entered PTO No. 4 on December 6, 2023.

6          Given only 211 cases have been filed to date, a cutoff date should be established now so

7    Plaintiffs file their cases sooner rather than later. Selecting a cutoff date now will allow the Parties

8    and the Court to understand the scope of this MDL before it proceeds too "far down the road in

9    resolving issues." 11/3/23 Tr. at 14:14-18.  Plaintiffs argue that this Court does not have the power

10   to mandate that Plaintiffs file their cases by a particular date, but MDL courts have broad

11   managerial authority.  Once cases are coordinated under the umbrella of an MDL court's pretrial

12   jurisdiction, "the court's express and inherent powers enable the judge to exercise extensive

13   supervision and control [over the] litigation." Fed. Jud. Ctr., *Manual for Complex Litigation, Fourth*

14   § 10.1 (2004).

15         Plaintiffs also misrepresent the posture in which the JPML's statement was made.  The

16   JMPL did not "reaffirm" its decision, but instead, reiterated its reasoning for its original decision

17   to order centralization in a submission made to the Ninth Circuit, which is currently reviewing

18   Uber's petition for a writ of mandamus regarding that order.  Plaintiffs further fail to explain how

19   the JPML's belief that centralization was proper is even relevant to the Court's decision regarding

20   when to select a cutoff date.  Plaintiffs' final sentence also completely misses the point, which is

21   that a cutoff should be established with respect to **this MDL**.  Such a cutoff would in no way impair

22   any claimant's right to proceed in litigation in an individual action in a proper venue.

23        **Plaintiffs' Position:** Plaintiffs oppose Uber's request. As the Court stated just two months

24   ago, the "appropriate time" for a cutoff will be "when we have gone so far down the road in

25   resolving issues, that it just makes sense." *Id.* at 15:9, 14:14–18. This could be in "a year's time or

26   two-year's time," and will likely come at a stage when all parties are in favor of such action given

27   the posture of the MDL. *Id.* at 14:14–18. Now, mere weeks after the Court entered an initial

28   scheduling order, is not the time to set a cutoff. Arbitrarily capping the MDL now would defeat the

2918548.6

1    purpose of centralization itself: efficient resolution of many, if not most, cases involving common

2    questions of fact. *See id.* at 14:3–4. (The Court: "[T]o set [a cut-off date] now is totally antithetical

3    to the whole purpose of an MDL."). Indeed, the JPML just reaffirmed that centralization remains

4    appropriate here, noting that the Panel "regularly order[s] centralization in similar situations—for

5    example, in product liability litigation involving a medical device or consumer or pharmaceutical

6    product that is still on the market." 1/4/24 JPML Supp. Order at 4. Plaintiffs and their counsel may

7    be encouraged to file cases promptly, but there is no authority to force them to do so. These cases

8    involve sexual assault and resultant trauma and there is no need to force Plaintiffs to act before they

9    are ready. The PSC is well-prepared to resolve the common issues already presented; we do not

10   need to wait for the full scope of the MDL to unfold. Survivors continue to come forward, and

11   likely will do so for the foreseeable future. Ultimately, it is up to Uber to implement procedures

12   and safeguards to reduce the number of sexual assaults, and thereby limit future complaints, if that

13   is their end goal.

14   **III.    UBER'S MOTION TO STAY RE PENDING WRIT**

15        On December 22, 2023, Uber filed a motion for a short stay of proceedings in this MDL

16   pending resolution of the petition for writ of mandamus in the Ninth Circuit (ECF No. 173), which

17   will be fully briefed in the Court of Appeals as of January 31, 2024, regarding the JPML's order of

18   centralization. Plaintiffs filed an opposition to Uber's motion on January 5, 2024. ECF No. 182.

19   The motion to stay has been fully briefed and is ripe for resolution.

20   **IV.    PRETRIAL ORDERS**

21        **1.    Preservation**

22        On January 8, 2024, Judge Cisneros heard arguments on Plaintiffs' Motion to Enforce PTO

23   No. 2, and entered an order resolving the motion (denying it in part and granting it in part) on

24   January 9, 2024. ECF No. 190. The Order requires Uber to produce by January 16, 2024: certain

25   basic information about the past and current employees subject to a litigation hold, and certain

26   information as to the ESI sources enumerated in PTO No. 2, Paragraph 3. *Id.* at 9.

27        **2.    Privileged Materials Order**

28        The Parties are meeting and conferring regarding a forthcoming request that the Court enter

2918548.6

- 4 -

1   a pretrial order governing privileged materials, and will file joint or competing proposals by

2   January 24, 2024.

3         **3.**    **Fact Sheets**

4         The Court's December 28, 2023 PTO No. 5 requires the Parties to submit joint or competing

5   proposed orders, along with joint or competing plaintiff and defense fact sheets. ECF No. 175 at 3.

6   The parties are continuing a productive meet and confer process, and have stipulated to extend the

7   deadline for that submission to January 24, 2023, which the Court has granted. ECF No. 198.

8         The Parties are meeting and conferring regarding the possible retention of an agreed-upon

9   vendor (*e.g.*, Brown Greer) to facilitate case-specific discovery. If an agreement is reached, the

10  Parties will submit a proposed order appointing a vendor.

11        **4.**    **ESI Protocol**

12        PTO No. 5 requires the Parties to meet and confer regarding an ESI protocol and custodial

13  sources and non-custodial sources of discovery and other ESI productions by January 24, 2024, and

14  to submit joint or competing proposals by February 4, 2024. ECF No. 175 at 6. Plaintiffs aim to

15  share a draft proposal with Defendants no later than January 17, 2024.

16        **5.**    **Timekeeping & Common Benefit Order**

17        Plaintiffs are currently drafting a proposed pretrial order governing record-keeping and

18  reporting of common benefit time and expenses and anticipate filing their proposal shortly.

19  **V.**    **INITIAL MOTIONS**

20        Pursuant to PTO No. 5, Uber will file the Terms of Use motion by February 9, 2024. The

21  Court's briefing schedule calls for briefings on that motion to be completed by March 1, 2024.

22        With respect to the Rule 12 motions to dismiss the Master Complaint in whole or in part,

23  which will be filed by April 1, 2024, Uber anticipates proceeding with separate motions to dismiss

24  addressing all claimants whose alleged incidents took place in a small number of states (around 5

25  or 6 different states). Each motion will address all claims brought with respect to incidents in a

26  particular state. Following resolution of those 5 or 6 motions, the Parties will be able to meet and

27  confer to determine whether, and to what extent, a stipulation can be reached on the applicability

28  of the Court's analysis and decision on those motions to claims related to incidents in the remaining

2918548.6

1  states.

2      Plaintiffs defer to the Court on the best way to sequence the Rule 12 briefing, but note that

3  the Master Complaint will include claims for all 50 states.

4  **VI.    DISCOVERY**

5          **1.    Defendant Discovery**

6              **a.    Government & Other Case Documents**

7      PTO No. 5 requires Defendants to produce "all documents Defendants produced to

8  legislative, regulatory, or enforcement entities in connection with government investigations or

9  inquiries within the United States of Uber with respect to sexual assault," and any associated

10  privilege logs. ECF No. 175 at 3-4. PTO 5 also requires Defendants to produce "all documents

11  produced by Defendants in any other Uber sexual assault cases" and any associated privilege logs.

12  *Id.* at 4. Uber is promptly preparing its production of "Government Documents" and "Other Case

13  Documents," and is endeavoring to complete those productions by January 31, 2024 and February

14  8, 2024, respectively, as set forth in PTO No. 5.

15              **b.    Discovery Requests**

16      Plaintiffs anticipate serving their first set of RFPs shortly.

17          **2.    Plaintiff Discovery**

18      PTO 5 requires all Plaintiffs to produce to Defendants a ride receipt from an Uber trip

19  connected to the alleged incident (or, if unavailable, other documentation) by February 15, 2024.

20  ECF No. 175 at 2-3. The Plaintiffs' Steering Committee is ensuring that this deadline is

21  communicated to all Plaintiffs, and working with Brown Greer to streamline submissions. Uber

22  reserves all rights to move to dismiss with respect to any Plaintiff who does not timely disclose, on

23  February 15, 2024 as required by PTO No. 5, "a *bona fide* ride receipt from an Uber trip connected

24  to the alleged incident" or the other information required by PTO No. 5. Plaintiffs reserve all rights

25  to oppose such motions.

26  **VII.    SPECIAL SETTLEMENT MASTER**

27      On November 15, 2023 (ECF No. 88), the Parties jointly submitted a narrowed list of two

28  suggested candidates for Special Settlement Master: Hon. Gail Andler and Hon. Shelley Chapman.

2918548.6

1   The Parties welcome the Court's guidance on appropriate next steps in arranging for appointment

2   of a Special Settlement Master.

3   **VIII.   ADMINISTRATIVE MATTERS**

4          The Parties wish to discuss the Court's interest in waiving or modifying its chambers copies

5   requirements for this MDL.

6

7   Dated: January 15, 2024                     Respectfully submitted,

8

9   By: */s/ Robert Atkins*                     By: */s/ Sarah R. London*
        Robert A. Atkins                            Sarah R. London
        **PAUL, WEISS, RIFKIND,**                   **LIEFF CABRASER HEIMANN &**
10      **WHARTON & GARRISON LLP**                  **BERNSTEIN**
        1285 6th Avenue                             275 Battery Street, Fl. 29
11      New York, NY 10019                          San Francisco, CA 94111
        Telephone: (212) 373-3000                   Telephone: (415) 956-1000
12      ratkins@paulweiss.com                       slondon@lchb.com

13  By: */s/ Randall S. Luskey*                  By: */s/ Rachel B. Abrams*
        **PAUL, WEISS, RIFKIND,**                   Rachel B. Abrams
14      **WHARTON & GARRISON LLP**                  **PEIFFER WOLF CARR KANE**
        535 Mission Street, 24th Floor              **CONWAY & WISE, LLP**
15      San Francisco, CA 94105                     555 Montgomery Street, Suite 820
        Telephone: (628) 432-5100                   San Francisco, CA 94111
16      Facsimile: (628) 232-3101                   Telephone: (415) 426-5641
        rluskey@paulweiss.com                       rabrams@peifferwolf.com
17
    *Attorneys for Defendants*                   By: */s/ Roopal P. Luhana*
18                                                   Roopal P. Luhana
                                                     **CHAFFIN LUHANA LLP**
19                                                   600 Third Avenue, Fl. 12
                                                     New York, NY 10016
20                                                   Telephone: (888) 480-1123
                                                     luhana@chaffinluhana.com
21
                                                 *Co-Lead Counsel for Plaintiffs*
22

23

24

25

26

27

28

2918548.6