1  ROBERT ATKINS (*Admitted Pro Hac Vice*)
    ratkins@paulweiss.com
2  CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
    cgrusauskas@paulweiss.com
3  ANDREA M. KELLER (*Admitted Pro Hac Vice*)
    akeller@paulweiss.com
4  **PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
5  1285 Avenue of the Americas
   New York, NY 10019
6  Telephone: (212) 373-3000

7  RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
8  MARC PRICE WOLF
    mpricewolf@paulweiss.com (SBN: 254495)
9  **PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
10 535 Mission Street, 24th Floor
   San Francisco, CA 94105
11 Telephone: (628) 432-5100

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.; RASIER, LLC;
13 and RASIER-CA, LLC

14 *[Additional Counsel Listed on Following Page]*

15                    **UNITED STATES DISTRICT COURT**

16                    **NORTHERN DISTRICT OF CALIFORNIA**

17                    **SAN FRANCISCO DIVISION**

18

19 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-MD-3084-CRB
   | PASSENGER SEXUAL ASSAULT |
20 | LITIGATION | **ADMINISTRATIVE MOTION TO SEAL**
   | | **MATERIALS PRODUCED TO PLAINTIFFS**
21 | | **ON JANUARY 16, 2024 PURSUANT TO**
   | | **JANUARY 9, 2024 ORDER**
22 | This Document Relates to: |
   | | Judge:        Hon. Lisa J. Cisneros
23 | ALL ACTIONS | Courtroom:   G – 15th Floor
24 | |
   | | *(Filed Concurrently with Notice of Lodging of*
25 | | *Materials, Stipulation, Declaration of Randall S.*
   | | *Luskey, and [Proposed] Order)*
26

27

28

-2-

1   KYLE SMITH (*Admitted Pro Hac Vice*)
        ksmith@paulweiss.com
2   JESSICA PHILLIPS (*Admitted Pro Hac Vice*)
        jphillips@paulweiss.com
3   **PAUL, WEISS, RIFKIND, WHARTON**
        **& GARRISON LLP**
4   2001 "K" Street, NW
    Washington, DC 20006
5   Telephone: (202) 223-7300

6   *Attorneys for Defendants*
    UBER TECHNOLOGIES, INC.; RASIER, LLC;
7   and RASIER-CA, LLC

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Under Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") hereby move this Court for an order to seal materials that Uber produced to Plaintiffs on January 16, 2024 pursuant to the Court's January 9, 2024 Order (ECF No. 159). These materials are filed as Exhibit A to Uber's Notice of Lodging of Materials Produced on January 16, 2024 pursuant to the Court's January 9, 2024 Order ("Exhibit A"), filed concurrently to this Administrative Motion.

Uber files this Motion and all supporting papers in accordance with the colloquy with the Court during the January 19, 2024 Case Management Conference and its instruction to file these materials with the Court under seal.  Tr. at 34:17–35:19.[1]  Plaintiffs confirmed they do not oppose this Motion and stipulated to the filing of these documents under seal.  *See* Stipulation Regarding Sealing Materials Produced on January 16, 2024 Pursuant to January 9, 2024 Order (filed concurrently with this Motion).

Assessment of the public and private interests implicated here further warrant sealing these materials.  Local Rule 79-5(c)(1)(i).  The Exhibit A materials to be sealed include the full legal names, business titles and employment dates for over 15,000 current and former Uber employees.  Declaration of Randall S. Luskey ("Luskey Decl.") ¶ 3.  Exhibit A also includes detailed information about Uber's custodial and non-custodial ESI Sources, such as the specific software systems Uber employs (both at present and historically) for various operational purposes, information related to the manner and methods with which Uber employees communicate with one another and conduct the company's business, and internal corporate policies regarding information retention protocols.  *Id.*

---

[1]  "MR SMITH: [Uber] would be happy to provide Your Honor with a chambers copy of the submission it made, if it were permitted to do so, under seal, given the confidential information in it."

"MAGISTRATE JUDGE CISNEROS: That seems reasonable to me. . . . Please submit it to my chambers under seal. . . . And just to be clearer, could you file it as opposed to just sending it to my chambers, but file it under seal? . . . There will be a motion to seal with that."

ADMINISTRATIVE MOTION TO SEAL MATERIALS PRODUCED
ON JANUARY 16, 2024 PURSUANT TO JANUARY 9, 2024 ORDER          Case No. 3:23-MD-3084-CRB

1    Exhibit A thus contains significant private, commercially sensitive, and proprietary

2  business information about Uber's employees and operations that counsel in favor of keeping those

3  materials under seal.  If such materials were not sealed, Exhibit A could reveal Uber's

4  organizational structure, allocation of resources to different facets of the company, and its

5  operational tools and methods.  *Id.* ¶ 4.  If unsealed, Exhibit A would also expose the personal,

6  private information of over 15,000 individuals.  *Id.*  Put simply, Exhibit A contains both personal

7  and competitively sensitive and proprietary information, the disclosure of which could cause

8  significant and avoidable harm to Uber.  *See* Local Rule 79-5(c)(1)(ii).

9    That conclusion is consistent with, and thus further supported by, the protective order the

10  Parties spent weeks negotiating, and which the Court entered on December 28, 2023 (ECF No.

11  176).  The Protective Order permits a Designating Party to designate information as "Confidential"

12  that the party believes contains, among other things, propriety or confidential business or

13  commercial information, personnel information, and the personal information about employees

14  (current or former) of any Party to this lawsuit.  Protective Order, 3:23-md-3084-CRB, ECF No.

15  176 ¶ 2.3 (Dec. 28, 2023).  As described, the Exhibit A information inarguably falls within this

16  category, and Uber denoted as such when producing those documents to Plaintiffs.  Luskey Decl.

17  ¶ 6.  Although the Protective Order does not, by itself, entitle a party to file material under seal,

18  Protective Order ¶ 1; Local Rule 79-5(c), that the materials contained in Exhibit A squarely fall

19  within the Parties' agreed-to definition of Confidential Information lends further support to the

20  propriety of the Court sealing these materials now.

21    Conversely, there is no strong public interest in accessing these materials, much less one

22  that outweighs the significant interests in sealing the records discussed above.  Records that are

23  only "tangentially related to the merits of a case" are not subject to a strong presumption of access.

24  *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).  The Exhibit A

25  materials do not pertain to the merits of this litigation.  The records were produced pursuant to an

26  Order of this Court related to the preservation of electronically stored information and was done

27  for the limited purpose of assuring Plaintiffs and the Court that "Uber has met its preservation

28  obligations."  Order, 3:23-md-3084-CRB (LJC), ECF No. 190, at 5 (Jan. 9, 2024).  The public

-4-

1 | interest in such information exchanged between the Parties, and filed now to keep the Court

2 | apprised of Uber's preservation efforts, is thus limited.  Such limited interest does not outweigh

3 | the significant countervailing interests in protecting Uber's and its employees' sensitive, private,

4 | and proprietary information.

5 |      Finally, no less restrictive alternative to sealing the Exhibit A materials is sufficient.  Local

6 | Rule 79-5(c)(1)(iii).  The Exhibit A materials to be sealed contain only the sensitive information

7 | which Uber's Motion is intended to protect from public dissemination.  Luskey Decl. ¶ 5.  As such,

8 | actions short of sealing these materials would be insufficient to protect Uber's business interests

9 | and its employees' privacy.

10 | **CONCLUSION**

11 |      For the foregoing reasons, Uber respectfully requests this Court grant the administrative

12 | motion to seal Exhibit A to Uber's Notice of Lodging of Materials Produced on January 16, 2024

13 | pursuant to the Court's January 9, 2024 Order.

14 |

15 | DATED:  January 23, 2024          **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

16 |

17 |           By:    */s/ Randall S. Luskey*
                    RANDALL S. LUSKEY

18 |                     ROBERT ATKINS

19 |          *Attorney for Defendants*
         UBER TECHNOLOGIES, INC.,

20 |          RASIER, LLC, and RASIER-CA, LLC

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

ADMINISTRATIVE MOTION TO SEAL MATERIALS PRODUCED
ON JANUARY 16, 2024 PURSUANT TO JANUARY 9, 2024 ORDER      Case No. 3:23-MD-3084-CRB