RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO ENLARGE TIME TO SUBMIT COMPETING PROPOSED ORDERS AND FACTS SHEETS PURSUANT TO CIVIL L.R. 6-3**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

- ii -

1  KYLE N. SMITH (*Pro Hac Vice* admitted)
        ksmith@paulweiss.com
2  JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
        jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP**
4  2001 K Street, NW
   Washington DC, 2006
5  Telephone: (202) 223-7300
   Facsimile:  (202) 223-7420
6
   *Attorney for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

- ii -

DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME
TO SUBMIT COMPETING PROPOSED ORDERS AND FACTS SHEETS         Case No. 3:23-md-3084-CRB

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that before the Honorable Charles R. Breyer, in Courtroom 6, of the United States District Court, Northern District of California, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC and Rasier-CA, LLC (collectively, "Uber") will and hereby do move this Court, pursuant to Civil L.R. 6-3, for an order enlarging the time for the parties to submit joint or competing proposed orders and fact sheets by 7 days from January 24, 2024 to January 31, 2024. Defendants have met and conferred with Plaintiffs' counsel, who has been silent on Uber's request for additional time in which to submit competing proposed fact sheets.  This proposed extension is not intended or expected to impact any other date in the schedule.

Defendants' Motion is based on this Notice of Motion, the following Memorandum of Points and Authorities, the pleadings and papers on file, any other such matters upon which the Court may properly consider. This Motion also includes a concurrently filed Proposed Order.

DATED:  January 23, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
RANDALL S. LUSKEY
ROBERT ATKINS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME
TO SUBMIT COMPETING PROPOSED ORDERS AND FACTS SHEETS    Case No. 3:23-md-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Pursuant to Local Rule 6-3 and Federal Rule of Civil Procedure 6(b)(1)(A), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), hereby move for an enlargement of time to continue the parties' deadline to file joint or competing fact sheets and supporting statements from January 24, 2024 to January 31, 2024.  Uber has twice reached out to Plaintiffs' counsel about a possible stipulation to an extension of time in which to file the fact sheets, but has not been able to obtain their consent.  Decl. of Randall S. Luskey ("Luskey Decl.") at ¶ 12.  For the reasons set forth below, Uber's motion should be granted.

II.  **BACKGROUND**

On December 28, 2023, the Court issued Pretrial Order No. 5: Discovery Schedule and Initial Motions ("Pretrial Order No. 5") and ordered the parties to meet and confer regarding "the scope and terms of Plaintiff-related discovery, including plaintiff and defense fact sheets."  ECF No. 175 at 3.  Pretrial Order No. 5 further directed the parties to submit joint or competing proposed orders, along with joint or competing fact sheets, by January 15, 2024.  *Id.*  On January 11, 2024, the Court granted the parties' stipulation to extend the deadline for submitting joint or competing proposals to January 24, 2024.  ECF No. 198 at 3.  This stipulation has been the only previous time modification in the case, whether by stipulation or Court order.

Since the Court issued Pretrial Order No. 5, the parties have engaged in substantial meet and confer efforts, including exchanging redlines of each side's proposal, regarding the terms and scope of the plaintiff and defense fact sheets.  Unfortunately, due in large part to these vigorous negotiations and an unforeseen family tragedy suffered by one of the members of Uber's legal team, *see* Luskey Decl. at ¶ 14, Uber is unable to submit its fact sheet proposals and supporting statements by January 24, 2024.

III.  **LEGAL STANDARD**

Under the Federal Rules of Civil Procedure, a Court may, "for good cause," extend the time in when an act must be completed if a request is made before the applicable deadline has passed.  Fed. R. Civ. P. 6(b)(1)(A).  "'Good cause' is a non-rigorous standard that has been

- 1 -

DEFENDANTS' MOTION TO EXTEND TIME TO SUBMIT JOINT
OR COMPETING PROPOSED ORDERS AND FACTS SHEETS                     Case No. 3:23-md-3084-CRB

construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* (alteration in original) (citation omitted). Furthermore, Local Rule 6-3 confers upon the Court broad authority to grant extensions of time provided that Rule's instructions are followed. Here, circumstances warrant enlarging the deadline for submitting competing fact sheets and supporting statements by seven days from January 24, 2024 to January 31, 2024.

## IV.   ARGUMENT

### A.   There Is Good Cause to Extend the Deadline, and Uber Has Not Acted in Bad Faith

This request is supported by good cause because: (1) the extension of time would enhance efficiency by allowing the parties to continue narrowing their disputes over the plaintiff and defense fact sheets via additional negotiations, and (2) in light of the parties' last minute-exchange of drafts and an unforeseen family tragedy suffered by the lead in-house attorney at Uber responsible for providing input and reviewing filings in this matter, Uber requires additional time to review Plaintiffs' proposals and develop a final position.

First, extending the deadline would be efficient for the Court. Plaintiffs sent Uber a substantively revised version of their plaintiff fact sheet and defense fact sheet on January 22, 2024. Luskey Decl. at ¶ 11. Uber responded with its counterproposal on January 23, 2024. *Id.* at ¶ 13. The parties have more room to negotiate their stances and finalize their positions. Allowing for this additional negotiation will even further reduce the disputes the parties will bring to the Court and will enable the parties to present more on-point briefing regarding any disputes that may remain.

Second, Uber is unable to meet the January 24 deadline despite its diligent efforts. The lead in-house attorney at Uber responsible for overseeing the fact sheet negotiations had a death in the family on January 23, 2024, and was out of the office as a result. Luskey Decl. at ¶ 14. Her direct report is traveling out of the country on previously scheduled trip. *Id.* Given these

unforeseen circumstances, it has not been possible for Uber to complete and finalize the statements regarding the proposals that the parties have circulated over roughly the past 48 hours despite Uber's good-faith efforts and absence of bad faith.

### B. Uber Has Attempted to Attain a Stipulation for Its Extension Request

Uber has twice reached out to Plaintiffs about the possibility of extending the January 24 deadline. Luskey Decl. at ¶ 12. Plaintiffs' counsel was noncommittal and refused to agree to any extension until they had a chance to review Uber's revised plaintiff and defense fact sheets. *Id.* But, due to the unforeseen unavailability of Uber's internal legal team, Uber was not able to respond to the proposals that Plaintiffs sent on January 22 until the evening of January 23. *Id.* at ¶¶ 11, 13. Plaintiffs' counsel has remained silence since Uber provided them with its revised fact sheets.

### C. Uber Would Be Prejudiced If Its Request Were Denied

Because it is not possible for Uber to submit the statements supporting its fact sheets by January 24, denying Uber's request for an extension would deny Uber the opportunity to defend its competing fact sheet proposals. Losing this opportunity would be particularly prejudicial given the importance of the fact sheets to the defendant in a multidistrict litigation.

### D. Plaintiffs Would Not Be Prejudiced If Uber's Request Were Granted

Extending the January 24 deadline would not prejudice Plaintiffs. Because extending the deadline could allow the parties to engage in additional negotiations, extending the deadline would benefit Uber, Plaintiffs, and the Court by enabling the parties to further narrow their disputes. The extension would not have any other effect on the schedule for the case.

## V. CONCLUSION

For the foregoing reasons, Uber respectfully requests that this Court issue an Order extending time for the parties to submit joint or competing proposed orders and facts sheets.

///

///

///

///

| | | |
|---|---|---|
| 1 | DATED: January 23, 2024 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 2 | | |
| 3 | | By:   */s/ Randall S. Luskey* |
| 4 | |       RANDALL S. LUSKEY<br>      ROBERT ATKINS |
| 5 | | *Attorney for Defendants* |
| 6 | | UBER TECHNOLOGIES, INC.;<br>RASIER, LLC; and RASIER-CA, LLC |

- 4 -

DEFENDANTS' ADMINISTRATIVE MOTION TO ENLARGE TIME
TO SUBMIT COMPETING PROPOSED ORDERS AND FACTS SHEETS      Case No. 3:23-md-3084-CRB