1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5
   ROBERT ATKINS (*Pro Hac Vice* admitted)
6      ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7      cgrusauskas@paulweiss.com
   ANDREA M. KELLER (*Pro Hac Vice* admitted)
8      akeller@paulweiss.com
   **PAUL, WEISS, RIFKIND, WHARTON**
9      **& GARRISON LLP**
   1285 Avenue of the Americas
10 New York, NY 10019
   Telephone: (212) 373-3000
11 Facsimile:  (212) 757-3990

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
13 RASIER, LLC, and RASIER-CA, LLC

14 *[Additional Counsel Listed on Following Page]*

15
                    **UNITED STATES DISTRICT COURT**
16
                    **NORTHERN DISTRICT OF CALIFORNIA**
17
                    **SAN FRANCISCO DIVISION**
18

19 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB |
   | PASSENGER SEXUAL ASSAULT | |
20 | LITIGATION | **DECLARATION OF RANDALL S.** |
   | | **LUSKEY IN SUPPORT OF DEFENDANTS'** |
21 | | **ADMINISTRATIVE MOTION TO** |
   | | **ENLARGE TIME TO SUBMIT** |
22 | This Document Relates to: | **COMPETING PROPOSED ORDERS AND** |
   | | **FACTS SHEETS PURSUANT TO CIVIL** |
23 | ALL ACTIONS | **L.R. 6-3** |
24 | | |
   | | Judge:     Hon. Charles R. Breyer |
25 | | Courtroom: 6 – 17th Floor |

26

27

28

DECLARATION OF RANDALL S. LUSKEY IN SUPPORT OF MOTION
TO EXTEND TIME FOR PROPOSED ORDERS AND FACTS SHEETS                Case No. 3:23-md-3084-CRB

## DECLARATION OF RANDALL S. LUSKEY

I, Randall S. Luskey, declare pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I respectfully submit this declaration in support of Uber's Administrative Motion to Extend Time to Submit Joint or Competing Proposed Orders and Facts Sheets. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. On December 21, 2023, Uber filed a submission with the Court explaining that as it related to bi-lateral case-specific discovery, "Uber proposes to immediately begin the process of exchanging verified plaintiff and defense fact sheets. Given that model plaintiff and defense fact sheets have already been extensively negotiated and effectively implemented in the JCCP, Uber sees no reason to deviate from using those models here and no reason why the parties should not commence this process promptly."

3. On December 28, 2024, the Court ordered that by "January 15, 2024, Co-Lead Counsel and Defendants shall submit joint or competing proposed orders, along with joint or competing facts sheets."

4. On January 9, 2024, Plaintiffs sent to Uber a substantially revised plaintiff fact sheet and defense fact sheet.

5. On January 10, 2024, Plaintiff sent Uber a further revised defense fact sheet.

6. On January 11, 2024, the parties filed a joint stipulation stating that they would file by January 24, 2024, their joint or competing proposed orders, along with joint or competing fact sheets."

7. On January 11, 2024, the parties met and conferred for over an hour about the plaintiff fact sheet.

8. On January 12, 2024, the parties met and conferred for an hour about the defense fact sheet.

9. On January 18, 2024, Uber sent to Plaintiffs a revised plaintiff fact sheet and a revised defense fact sheet that made significant material compromises on both drafts. There were still, however, several points of disagreement.

10. On January 20, 2024, the parties met and conferred about both the plaintiff and defense fact sheets. The parties made good progress on narrowing the disputes in the plaintiff fact sheet. The parties also provided insight into their respective positions regarding the inclusion of document requests in the defense fact sheet. Uber previewed that it would be making additional changes to its proposed plaintiff fact sheet in light of the position regarding document requests that Plaintiffs were taking.

11. On January 22, 2024, Plaintiffs sent to Uber at 11:47 am PT a further revised plaintiff fact sheet. Plaintiffs sent to Uber at 2:02 pm PT a further revised defense fact sheet. Both drafts contained material changes that had not been discussed on the January 20, 2024, meet and confer.

12. Uber worked diligently to address these material changes while also reaching out twice to Plaintiffs' counsel about a possible stipulation to an extension of time in which to file the fact sheets. Uber expressed its belief that the parties would both benefit from additional time in which to meet and confer and further narrow the areas of dispute in both fact sheets. Plaintiffs' counsel was not committal and refused to agree to any extension until they saw Uber's revised plaintiff and defense fact sheets.

13. On January 23, 2024, Uber sent to Plaintiffs at 6:30 pm PT its revised plaintiff fact sheet. At 7:01 pm PT, Uber sent to Plaintiffs its revised defense fact sheet. As of the time of this filing, Plaintiffs' counsel has been silent on Uber's request for additional time in which to submit competing proposed fact sheets.

14. The parties would benefit from additional time in which to meet and confer. In any event, there is good cause for one week of additional time for the parties to make submissions in relation the competing proposed versions of the fact sheets. The lead in-house attorney at Uber responsible for providing input and reviewing filings in this matter had a death in the family on January 23, 2024, and was out of the office as a result. In addition, her direct report with

-2-

responsibility for this matter is currently traveling out of the country on previously scheduled travel.

15. It was not possible to prepare Uber's memoranda to the Court regarding fact sheet on an earlier timetable because of the extended (and productive) meet and confer process, which has resulted in many changes to the parties' respective drafts in the lead up to the submission of this request for an extension of time (including significant changes to Plaintiffs' drafts on January 22, 2024).

16. While granting the extension stands to benefit all parties, Uber would be substantially prejudiced without the extension requested. Due to the unforeseen circumstances described above, without an extension, Uber would be unable to file the statements in support of its competing fact sheet proposals and would lose the opportunity to make its position known regarding the important issues raised by the parties' competing proposals.

17. Granting the requested extension would not require modifying any other deadline reflected in the current scheduling order.

18. To the best of my knowledge, the only previous time modifications in this case, whether by stipulation or Court order are:

    a. On December 14, 2023, the Court granted the stipulation to extend the deadline for filing the joint submission required by Pretrial Order No 4. to December 21, 2023;

    b. On December 14, 2023, the Court granted the stipulation to extend the deadline for filing the joint proposed conference agenda to January 15, 2023; and

    c. On January 11, 2024, the Court granted the stipulation to extend the deadline for filing joint or competing fact sheets and supporting statements to January 24, 2024.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on January 23, 2024, in San Francisco, California.

                                                                 /s/ *Randall S. Luskey*
                                                                    Randall S. Luskey