1    [Submitting counsel below]

2

3

4                  UNITED STATES DISTRICT COURT

5              NORTHERN DISTRICT OF CALIFORNIA

6                  SAN FRANCISCO DIVISION

7

8    **IN RE: UBER TECHNOLOGIES, INC.,**      No. 3:23-md-03084-CRB
     **PASSENGER SEXUAL ASSAULT**

9    **LITIGATION**                        **PLAINTIFFS' BRIEF IN SUPPORT OF**
                                         **PROPOSED PRIVILEGE ORDER**

10

     This Document Relates to:             Judge: Honorable Lisa J. Cisneros

11                                        Date: TBD
     All Cases                              Time: TBD

12                                        Courtroom: G – 15th Floor

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## INTRODUCTION

Plaintiffs' proposed Privilege Order ("PO") allows Defendants Uber Technologies, Inc., Rasier, LLC and Rasier-CA, LLC's (collectively, "Uber") to provide easily-accessible and straightforward information related to Uber's claims that certain documents and/or communications are privileged, to permit the parties and the Court to efficiently ascertain such privilege claims, and to expeditiously resolve any privilege disputes.  Plaintiffs' proposed PO accomplishes these goals while avoiding overbroad or unduly burdensome requirements that will only cause delay.  While the parties were able to significantly narrow their disputes, important differences between the parties' proposals remain.  For the reasons explained below, the Court should adopt Plaintiffs' proposed PO.  *See* Pls.' proposed PO, attached hereto as <u>Exhibit A</u>; Pls' proposed PO with Defendants' proposed edits, attached hereto as <u>Exhibit B</u>.

## ARGUMENT

Federal Rule of Civil Procedure 26(b)(5) provides "[w]hen a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: ... (i) expressly make the claim; and ... (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed ... in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim."  Consistent with Rule 26(b)(5), the requisite details included in a privilege log generally consist of a description of responsive material withheld, the identity and position of its author, the date it was written, the identity and position of all addressees and recipients, the material's present location, and specific reasons for its being withheld, including the privilege invoked and grounds thereof.  *See, e.g., In re Grand Jury Investigation*, 974 F.2d 1068, 1071 (9th Cir. 1992).  Blanket assertions of privilege are "extremely disfavored" in the Ninth Circuit.  *See Clarke v. Am. Com. Nat'l Bank*, 974 F.2d 127, 129 (9th Cir. 1992).  Rather, "[t]he privilege must ordinarily be raised as to each record sought to allow the court to rule with specificity."  *Id.*

Plaintiffs' proposed PO accomplishes these goals and should be adopted.

1

2

I.   **Uber's Proposed Categorical Privilege Log Omits Critical Information Necessary to Evaluate Privilege Claims [Ex. B, Paragraph 19]**

3

4

5

6

Uber proposes it be allowed to log documents on a "categorical basis" based on content and provide only a broad categorical privilege log that lacks the details required by Rule 26. Uber's proposed categorical privilege log will prevent Plaintiffs from properly ascertaining Uber's privilege claims, will lead to unnecessary disputes and litigation, and should be rejected.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

As Uber is aware, in large, complex MDLs involving a high volume of anticipated document discovery, parties are routinely required to produce detailed information for each individual document that is withheld, including descriptions of the subject matter of the individual documents.  *See In re Denture Cream Prods. Liab. Litig.*, No. 09–md-2051, 2012 WL 5057844, *9 (S. D. Fla. Oct. 18, 2012) (identifying information that should be included in privilege log, including, among other information, document title and description, subject matter addressed in document, and purpose(s) for which it was prepared or communicated); *In re Abilify (Aripiprazole) Prod. Liab. Litig.*, No. 16-md-2734, 2017 WL 6757558, at *3 (N.D. Fla. Dec. 29, 2017) (MDL Order requiring defendants to include on their logs: nature of privilege, factual basis for privilege, document date, author name and all recipients, identification of whether any person identified is attorney or employee of defendants' legal department, description of general subject matter contained in document and type of document sufficient to allow plaintiffs to assess claimed privilege and to allow Court to rule on claimed privilege; location of document, and custodian name); *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, No. 19-md-2885, 2020 WL 1321522, at *2 (N.D. Fla. Mar. 20, 2020) (internal citation omitted) (parties required to describe nature of documents or communications in manner that would enable other parties to assess claim as required by Fed. R. Civ. P. 26(b)(5)(A) and identify "'Custodial Source, To, From, Carbon Copy, Date, reason for privilege or immunity and a description sufficient to meet the requirement of Rule 26'; (2) 'the production date of the document, or the production wave associated with the document'; and (3) identification of '[i]ndividuals who are In-House Counsel or Outside Counsel of Record.'").

28

Here, Uber proposes a privilege log that is essentially void of all information required for

Plaintiffs to ascertain the nature and merit of Uber's claimed privileges.  This is highly prejudicial

to Plaintiffs.  Specifically, Uber proposes grouping all purportedly privileged information into

unspecified groups of unknown date ranges and people, without subjects or document titles or any

other detail. It will be all but impossible for Plaintiffs to analyze Defendants' privilege claims wih

these limitations.  Detailed privilege logs ensure that the parties and the Court receive sufficient

information to evaluate whether privilege claims are appropriate or overbroad.  Uber's proposal

for categorical privilege logging does not and should be rejected.  *See, e.g., In re McKinsey &*

*Co., Inc. Nat'l Prescription Opiate Consultant Litig*., No. 21-md-02996 (N.D. Cal. Mar. 6, 2023)

(Breyer, J.), Dkt. 485 at ¶ 14, attached hereto as <u>Exhibit C</u> ("*documents withheld on the basis of*

*privilege will not be logged categorically*") (emphasis added); *Ritchie v. Sempra Energy*, No. 10-

cv-1513, 2014 WL 12638874, at \*2-3 (S.D. Cal. Aug. 4 2014) (denying defendant's request for

categorical privilege logging because "there is nothing to indicate that Sempra would be *unduly*

burdened if it is required to prepare a privilege log") (emphasis in original); *Narayan v. EGL,*

*Inc*., No. 05-cv-04181, 2006 WL 3050851, at \*2 (S.D. Cal. Oct. 24, 2006) (denying request for

categorical privilege logging); *Chevron Corp. v. Salazar*, No. 11-cv-3718, 2011 WL 4388326, at

\*1 (S.D.N.Y. Sept. 20, 2011) (categorical logs "obscure[] rather than illuminate the nature of the

materials withheld"); *Fondo de Proteccion Soc. de los Depositos Bancarios for Banco Canarias*

*de Venezuela, C.A. v. Diaz, Reus, & Targ, LLP*, No. 16-cv21266, 2017 WL 7792605, at \*6-7

(S.D. Fla. June 15, 2017) (requiring production of detailed privilege log in lieu of a categorical

privilege log).

Separately, Defendants also refuse to produce the name or other identifying information as

to the produced source file for documents identified on the privilege log.  *See* Ex. B, ¶ 15(j).  As

above, such information will assist in ascertaining Uber's privilege claims.  Uber's refusal to

include such information will lead to unnecessary disputes and litigation, and should be rejected.

## II.      <u>Uber's Proposed Timeframe for Privilege Log Production and Disputes Will<br>Needlessly Delay This Litigation [Ex. B, Paragraph 14]</u>

Defendants propose deferring producing any privilege logs until 120 days after the

production of documents and/or ESI.  This would substantially extend the timeline for completing

1  discovery and for the litigation overall.  The review of privilege logs and subsequent resolution of

2  related disputes are time-intensive tasks.  Under Defendants' proposal, that process will not even

3  begin until six months after the production of documents and ESI.  The cascading effects of

4  Defendants' proposed delay in producing privilege logs would include delayed supplemental

5  document productions based on resolution of privilege disputes and attendant witness

6  examinations.  Uber's proposal is simply too protracted, particularly in this case, where the

7  prompt completion of discovery is paramount.

8          Under Plaintiffs' proposal, in contrast, the parties would produce privilege logs within

9  thirty (30) days of each production, which will allow the parties to promptly address privilege

10  disputes on a rolling basis throughout the course of discovery, resulting in a far more expeditious

11  discovery process.  A thirty (30) day timeframe for providing privilege logs after the production

12  of documents and/or ESI is standard in MDLs.  *See, e.g.*, *In re Volkswagen "Clean Diesel"*

13  *Mktg., Sales Practices & Prods. Liab. Litig.*, No. 15-md-02672 (N.D. Cal. Mar. 29, 2016)

14  (Breyer, J.), Dkt. 1387 at ¶ II.H, attached hereto as <u>Exhibit D</u>; *In re JUUL Inc., Mktg., Sales*

15  *Practices & Prods. Liab. Litig.*, No. 19-md-02913 (N.D. Cal. Dec. 17, 2019), Dkt. 322 at ¶ 13,

16  attached hereto as <u>Exhibit E</u>; *In re 3M Combat*, No. 19-md-2885, Dkt. 442 at ¶ X(A), attached

17  hereto as <u>Exhibit F</u>; *In re Xarelto Prods. Liab. Litig.*, No. 14-md-02592 (E.D. La. June 4, 2015),

18  Dkt. 951 at ¶ 1, attached hereto as <u>Exhibit G</u>.

19      **III.    <u>Uber's Proposed Limitations on the Use of Disputed Privileged Materials Will
         Hinder the Court's Ability to Efficiently and Fairly Adjudicate Privilege
20         Disputes [Ex. B, Paragraphs 5, 6,7]</u>**

21          Defendants take the position that Plaintiffs may not present a disputed document to the

22  Court to challenge a privilege claim unless, upon Plaintiffs' motion, the Court finds (1) good

23  cause for the document to be submitted, and (2) the Court believes that it cannot decide the issue

24  based solely on the written submissions of the parties.  Conversely, Defendants *also* take the

25  position that they alone may submit such materials to the Court for review without a Court order.

26          Uber's proposal runs afoul of the federal rules, will hinder the Court's ability to efficiently

27  and fairly adjudicate privilege disputes, and creates a double standard that should be rejected.

28  Rule 26(b)(5)(B) allows a challenging party to "promptly present the [disputed] information to

the court under seal for a determination of the claim."  Preventing the party challenging a privilege claim from presenting that information *in camera* or otherwise to the Court or even discussing the content of the material in question prevents the parties from fully addressing the contours of the privilege dispute, which would "essentially hinder the court's ability to make [] a [privilege] determination."  *TVIIM, LLC v. McAfee, Inc.*, 13-cv-04545, 2014 WL 12975835, at *3-4 (N.D. Cal. Aug. 14, 2014); *see also U.S. Home Corp. v. Settlers Crossing, LLC*, 2012 WL 5193835, at *5 (D. Md. Oct. 18, 2012) ("It would be wholly illogical to read Rule 26(b)(5)(B) as prohibiting the use of documents 'subject to a claim of privilege' when resolving that very claim of privilege."); *Am. Nat. Bank & Tr. Co. of Chi.*, 406 F.3d, 867, 880 n.7 (7th Cir. 2005) (citing *In re Grand Jury Proceedings*, 220 F.3d 568, 571 (7th Cir. 2000) ("Only when the district court has been exposed to the contested documents and the specific facts which support a finding of privilege under the attorney-client relationship for each document can it make a principled determination as to whether the attorney-client privilege in fact applies."); *SEC v. Hollnagel*, No. 07-cv-4538, 2010 WL 11586980, at *9 (N.D. Ill. Jan. 22, 2010) (noting that in camera review was done "in conjunction" with the defendants' declarations and privilege logs, so that "the privileged nature of a communication may be established by the document itself and the circumstances relating to the communication").

Permitting the use of the disputed material during a privilege challenge will not prejudice the producing party because the opposing party's use of the material is limited to the instant challenge, all documents that refer to the disputed materials will be filed under seal, and the ultimate finder of fact—the jury—will only be exposed to the disputed materials if the opposing party prevails in its privilege challenge.  This Court has previously required such materials to be submitted to the Court in other complex MDLs and should do so here.  *See, e.g., In re Volkswagen*, Ex. D at ¶ I.J ("The Disclosing Party [] bears the burden of making the Disclosed Privileged Material available to the Court for in camera review. [] Nothing herein shall limit the right of any Party or Non-Party to petition the Court for an in camera review of Disclosed Privileged Material."); *In re McKinsey & Co.*, Ex. C at ¶ 15 ("If a Party lodges a challenge to documents withheld on the basis of privilege, the Parties agree to in camera review of any

withheld documents by Magistrate Judge Sallie Kim in order to assist the Court in evaluating the claims of privilege asserted").[1]

**IV.**  **Plaintiffs Propose Reasonable Exclusions From Logging Requirements [Ex. B, Paragraph 20]**

Defendants ask to have specific categories of documents excluded from the privilege log requirements.  As a concession to Defendants, and to reasonably minimize the burden on Defendants relating to preparing and producing their privilege logs, Plaintiffs agreed to exclude certain limited categories of documents from the privilege log requirements.[2]

Specifically, Plaintiffs' proposed PO allows Defendants to exclude numerous types of documents, communications, and/or ESI from privilege log requirements as long as the documents, communications, and/or ESI were created on or after March 15, 2023, the date the first case was filed that was transferred into this MDL.  Complex MDLs such as this typically either use no exclusion date or use the date of the first MDL-related filed case for such privilege log exclusions.  *See, e.g.*, *In re JUUL*, Ex. E, at ¶ 17 (using the date of the first filed case transferred in the MDL as the logging exclusion date); *In re Tepezza, Mktg., Sales Practices & Prods. Liab. Litig.*, No. 23-cv-03568 (N.D. Ill. Oct. 3, 2023), Dkt. 54 at ¶ C.2, attached hereto as Exhibit H; *In re Hair Relaxer Mktg., Sales Practices & Prods. Liab. Litig.*, No. 23-cv-00818 (N.D. Ill. May 24, 2023), Dkt. 112 at ¶ 14, attached hereto as Exhibit I; *In re Zantac (Ranitidine)*

---

[1] Defendants also propose preventing the parties from using any information that was "based upon" a clawed back document, even prior to the Court's determination as the any privilege claim regarding that document.  *See* Ex. B, ¶¶ 5, 9. But this language is vague, overly broad, and unnecessary, as the parties will already be prevented from using any information that was "generated and contain[s]" any clawed back document.

[2]  Beginning in 2021, the United States Courts Advisory Committee on Civil Rules began examining nuances of privilege logs under Fed. R. Civ. P. 26(b)(5) and formally proposed a modest amendment in August 2023.  After much testimony and comment, the proposed rule added language to Fed. R. Civ. P. 26(f)(3)(D) that requires conferencing parties to discuss and provide detail in the discovery plan for "the timing and method for complying with Rule 26(b)(5)(A)."  Preliminary Draft of the Proposed Amendments, August 2023 (https://www.uscourts.gov/sites/default/files/2023_preliminary_draft_final_1.pdf).  While the wholesale acceptance of categorical logs was rejected outright in the amendment, the accompanying proposed comments provide for exactly the scenario Plaintiffs have proposed: "In some cases some sort of categorical approach might be effective to relieve the producing party of the need to list many withheld documents…But the use of categories calls for careful drafting and application keyed to the specifics of the action."  *Id.*

1    *Prods. Liab. Litig.*, No. 20-md-02924 (S.D. Fla. June 1, 2020), Dkt. 779 at ¶ 2.a, attached hereto

2    as Exhibit J.

3         In contrast, Defendants propose August 12, 2021, the date the Uber JCCP was created, as

4    the exclusion date.  Defendants' proposal is untenable.  This MDL is not the JCCP—MDL

5    Plaintiffs have different claims, different theories of liability, and this Court will likely apply

6    different and varying state laws.  Moreover, the JCCP has been ongoing for more than two years

7    and Defendants have produced virtually no discovery in that litigation, nor have they produced

8    any privilege logs.  Simply put, Defendants' proposed exclusion date, which predates any case

9    filed in this MDL by almost two years, will unfairly limit Plaintiffs' ability to review Defendants'

10   privilege claims, and is not appropriately limited in scope.  Plaintiffs' proposed document

11   exclusions, on the other hand, minimize the burden on Defendants related to the preparation of

12   privilege logs, are reasonably tailored to cover a portion of the documents Uber may claim are

13   subject to privilege, and are appropriately limited in scope.

14        As further concession to Defendants, in Plaintiffs' proposed paragraph 19, Plaintiffs

15   originally agreed to the log entry of "Last in Time Emails" only, when multiple email messages

16   are part of a single chain or thread, if details related to each thread message were logged. In other

17   words, the log would include one entry with details about every e-mail linked to it.  This

18   compromise was offered, provided that the log entry included "the names of the authors,

19   addressees, and recipients (including copyees and blind copyees) for all thread members, that the

20   description of the thread include the factual bases sufficient to support the claim of privilege for

21   each thread member over which privilege is asserted, and that the log entry include the privilege

22   designations applicable to any thread members."  Defendants refuse this concession and instead

23   propose to include only the most basic description and detail for the entirety of each withheld

24   thread.

25        Without information about each exchange included within a thread, Plaintiffs will be

26   unable to understand the extent or bounds of withheld communications; communication threads

27   that might span months or more, and involve many more individuals than those related to any

28   particular privilege.  As a further compromise, Plaintiffs also proposed to include this discussion

1   as part of the ESI protocol negotiations, but Defendants again refused. Plaintiffs' original

2   proposal or deference to the ESI protocol should be adopted.

3   **V.      Uber Should Produce a List of Individuals Identified on the Privilege Log in Order to Ascertain Privilege Claims [Ex. B, Paragraph 18 (and preceding paragraph)]**

4

5           Plaintiffs' Proposed PO requires the parties to produce a separate list of individuals

6   identified on the privilege log that includes the individuals' names, job titles, and employers.

7   Plaintiffs require this information to ascertain Defendants' privilege claims.  Without this

8   information, Plaintiffs will not be able to determine if an individual on the privilege log even

9   worked (or currently works) for Uber, let alone what department they are or were in.

10          Defendants refuse to produce this list, stating that it would be too burdensome.  But

11  Defendants have previously produced a list of names/job titles for its employees on a litigation

12  hold within a week of this Court's Order.  While Uber may argue that Plaintiffs can reference that

13  list, Defendants can easily produce a list narrowed to individuals identified on a privilege log.

14  And there are likely many more individuals who will be noted on privilege logs but who are not

15  identified on the existing litigation hold list.  Such lists are common in complex MDLs and

16  should be required here.  *See, e.g., In re Xarelto*, Ex. G, at ¶ 5; *In re Zantac*, Ex. J, at ¶ III.

17                              **CONCLUSION**

18          For the reasons stated above, Plaintiffs respectfully request the Court adopt Plaintiffs'

19  proposed Privilege Order.

20

21

22

23

24

25

26

27

28

Dated: January 26, 2024

Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

1

## CERTIFICATE OF SERVICE

2
3

I hereby certify that on January 26, 2024, I electronically filed the foregoing document with

the Clerk of the Court using the CM/ECF system, which will automatically send notification of the

4

filing to all counsel of record.

5
6
7

By: /s/ *Sarah R. London*

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PLS. BR. ISO PROPOSED PRIV. ORDER
CASE NO. 23-MD-03084-CRB