# Exhibit D

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Order Relates To:<br><br>ALL ACTIONS (except securities actions) | MDL No. 2672 CRB (JSC)<br><br>[PROPOSED] **PRETRIAL ORDER NO. 16: STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS**<br><br>**Hon. Charles R. Breyer** |

WHEREAS, on February 25, 2016, the Court issued Pretrial Order No. 9, which, in relevant part, directed the Parties[1] to meet and confer and to submit to the Court a proposed order governing preservation and non-waiver of privileges and work product protection, and procedures for the production of privilege logs;

WHEREAS, the Parties mutually seek to reduce the time, expense and other burdens associated with discovery, and to better define their obligations with respect to information and materials produced during discovery;

WHEREAS, the prosecution and defense of this Action will require many of the Parties to review and to disclose large quantities of information and documents, including electronically stored information, through the discovery process. As a result, page-by-page preproduction privilege review could impose an undue burden on the resources of one or more of the Parties; and

---

[1] All defined terms herein are the same as those used in Pretrial Order No. 12: "Stipulated Protective Order" (Dkt. No. 1255) ("PTO 12"), unless otherwise noted.

[PROPOSED] PRETRIAL ORDER NO. 16:  STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS

1          WHEREAS, the Parties, having met and conferred, submit this *Stipulation Relating to Non-Waiver of Privileges and Production of Privilege Logs*, and respectfully request that the Court enter it as an order.

         NOW THEREFORE, it is hereby STIPULATED AND ORDERED:[2]

**I.     PROTECTION OF PRIVILEGES**

    **A.**     This Order invokes the protections afforded by Rule 502(d) of the Federal Rules of Evidence. Accordingly, the provisions in Rule 502(b) will not apply to the disclosure of Discovery Material in this Action. Any Party or Non-Party that complies with this Order will be deemed to have taken reasonable steps to rectify disclosures of privileged or protected Discovery Material.

    **B.**     Each Party or Non-Party is entitled to decide the appropriate degree of care to exercise in reviewing materials for Privileged Material, taking into account the volume and sensitivity of the materials, the demands of the Action, and the resources that the Party or Non-Party can make available.

    **C.**     Except as otherwise provided herein, irrespective of the care that is actually exercised in reviewing materials for Privileged Material, pursuant to Rule 502(d) of the Federal Rules of Evidence, if, in connection with this Action, a Party or Non-Party (the "Disclosing Party") discloses Discovery Material thereafter claimed to be Privileged Material ("Disclosed Privileged Material"), the disclosure of the Disclosed Privileged Material shall not constitute or be deemed, either in this Action or any other action, investigation or proceeding, a waiver or forfeiture of any claim of any privilege or protection, including without limitation the attorney-client privilege, the work product doctrine or the deliberative process privilege, that the Disclosing Party would otherwise be entitled to assert with respect to the Disclosed Privileged Material and its subject matter. Any disclosure shall also not be deemed a waiver or forfeiture as to any other document

---

[2] This Order does not supersede prior Pretrial Orders issued in this Action, which shall remain in effect except to the extent inconsistent with the provisions herein.

                                                                                                                          2
[PROPOSED] PRETRIAL ORDER NO. 16: STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES
AND PRODUCTION OF PRIVILEGE LOGS

1  or communication, whether concerning the same subject matter or a different subject matter.  The
2  Parties shall not argue, in this forum or any other, that any privilege or protection was waived as a
3  result of disclosure in this Action, regardless of the procedures used to identify Privileged Material
4  prior to production.  The provisions in Rule 502(b) will not apply to the disclosure of Discovery
5  Material in this Action.

6       **D.**    *Notice of Disclosed Privileged Material*.  If a Disclosing Party determines that it
7  has produced Disclosed Privileged Material, the Disclosing Party shall, within twenty-one (21)
8  calendar days of making such determination, provide written notice to, as applicable, Plaintiffs'
9  Lead Counsel, Defendants' Liaison Counsel and Government Coordinating Counsel identifying
10 the Disclosed Privileged Material (by date of production and production number or range, if
11 applicable) ("Disclosure Notice").  The Disclosure Notice shall include (i) a privilege log with
12 respect to the Disclosed Privileged Material, if such a log is required by Paragraph II of this Order;
13 and (ii) if the Disclosing Party claims that only a portion of a document is Disclosed Privileged
14 Material, a new copy of the document with the Disclosed Privileged Material redacted.

15      **E.**    Any Party or Non-Party that receives a Disclosure Notice must (a) immediately
16 cease reviewing and using the Disclosed Privileged Material, and (b) within fourteen (14) calendar
17 days of receipt of the Disclosure Notice, (i) return, sequester or destroy all copies of the Disclosed
18 Privileged Material; (ii) upon request of the Disclosing Party, provide to the Disclosing Party a
19 certification of counsel that all of the Disclosed Privileged Material has been returned, sequestered
20 or destroyed; and (iii) notify any Party or Non-Party to whom the Receiving Party has provided
21 the Disclosed Privileged Material (*e.g.*, in Coordinated Litigation pursuant to Paragraph 7.2.11 of
22 PTO 12 or pursuant to Paragraph 13.7 of PTO 12) that he, she, or it must comply with the
23 obligations set forth in this Paragraph, including, upon request of the Disclosing Party, to provide

27     3

1  to the Disclosing Party a certification of counsel that all of the Disclosed Privileged Material has
2  been returned, sequestered or destroyed.[3]

3      **F.**    Nothing in this Order is intended to create an obligation for a Party to conduct a
4  privilege review of another Party's Discovery Material.  However, if a Party identifies Discovery
5  Material that appears on its face to be Disclosed Privileged Material belonging to another Party or
6  Non-Party, the identifying Party is under a good-faith obligation to notify that other Party or Non-
7  Party.  Such notification shall not waive the identifying Party's ability to subsequently contest any
8  assertion of privilege or protection with respect to the identified Discovery Material.  If the Party
9  or Non-Party to which the Disclosed Privileged Material belongs wishes to assert a claim of
10 privilege or protection, that Party or Non-Party shall provide a Disclosure Notice within fourteen
11 (14) calendar days of receiving such notification.  Nothing in this Order overrides any attorney's
12 ethical responsibilities to refrain from examining or disclosing materials that the attorney knows
13 or reasonably should know to be Privileged Material and to inform the Disclosing Party that such
14 Privileged Material has been produced.

15     **G.**    *Contesting a Claim of Privilege or Protection.* A Party wishing to contest a claim
16 of privilege or protection asserted under Paragraph I.D. or Paragraph I.F of this Order (the
17 "Contesting Party") shall, within fourteen (14) calendar days of receipt of the Disclosure Notice,
18 provide written notice to the Disclosing Party of each such claim it is contesting (the "Contestation
19 Notice").  Any Contestation Notice shall expressly refer to this Paragraph of this Order, and shall
20 describe the basis for the contestation.  The Disclosing Party shall, within fourteen (14) calendar
21 days of receiving a Contestation Notice, respond in writing by either: (i) agreeing to withdraw the
22 claim of privilege or other protection; or (ii) stating the reasons for such claim.  If the Contesting
23 Party continues to dispute the claim(s) at issue, it shall notify the Disclosing Party in writing within

---

[3]  Copies of Disclosed Privileged Material that have been stored on electronic media that is not reasonably accessible, such as disaster recovery backup media, are adequately sequestered as long as they are not restored.  If such data is restored, the Receiving Party must take steps to re-sequester the restored Disclosed Privileged Material.

4

[PROPOSED] PRETRIAL ORDER NO. 16:  STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS

1  fourteen (14) calendar days thereafter. The Parties shall attempt to resolve each contestation in

2  good faith by conferring directly (in voice-to-voice dialogue; other forms of communication are

3  not sufficient). A Contesting Party may proceed to the next stage of the contestation process only

4  if he, she or it has engaged in this meet-and-confer process in a timely manner. A Contesting Party

5  may retain a copy of the Disclosed Privileged Material for the limited purpose of contesting a

6  claim of privilege or protection, notwithstanding the provisions of Paragraph I.E.

7  **H.** If the relevant Parties or Non-Parties cannot resolve a contestation without court

8  intervention, the Contesting Party may, within fourteen (14) calendar days of impasse, move the

9  Court for an order withdrawing the designation as to the specific claims on which the Contesting

10  Party and the Disclosing Party could not agree ("Contestation Motion"). Such Contestation

11  Motion must be filed under seal in accordance with the local rules. The Contesting Party must not

12  assert, as a ground for compelling disclosure, the fact or circumstances of the disclosure of the

13  Discovery Material in this Action.

14  **I.** The Disclosing Party retains the burden, upon contestation, of establishing the

15  applicability of the claimed privilege or protection and bears the burden of making the Disclosed

16  Privileged Material available to the Court for *in camera* review.

17  **J.** While a Contestation Motion is pending, all Parties and Non-Parties shall continue

18  to follow the procedures described herein, and no Party or Non-Party shall use the Disclosed

19  Privileged Material for any other purpose nor disclose it to any person other than those required

20  by law to be served with a copy of the sealed motion. Nothing herein shall limit the right of any

21  Party or Non-Party to petition the Court for an *in camera* review of Disclosed Privileged Material.

22  **K.** *Depositions.* If, during a deposition, a Party or Non-Party claims that a document

23  being used in the deposition (*e.g.*, marked as an exhibit, shown to the witness, or made the subject

24  of examination) contains its Privileged Material, that Party or Non-Party may at his, her or its sole

25  election (a) allow the document to be used during the deposition without waiver of his, her or its

26  claim of privilege or protection; or (b) instruct the witness not to answer questions concerning the

27  

5

[PROPOSED] PRETRIAL ORDER NO. 16: STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES
AND PRODUCTION OF PRIVILEGE LOGS

1  parts of the document containing the claimed Privileged Material pending a prompt resolution of
2  any disagreement concerning whether the document constitutes or contains Privileged Material.
3  If the Party or Non-Party allows the examination concerning the document to proceed on a non-
4  waiver basis, the Parties and any Non-Parties shall sequester all copies of the purportedly
5  privileged or protected document.  Immediately following the deposition, the Parties and any Non-
6  Parties will commence the procedure, including the notice and log requirements, outlined in
7  Paragraphs I.D, I.E, I.F, I.G and I.H (as applicable), to address the claim of privilege or other
8  protection and any related disputes.  Until any such disputes are resolved, all Parties and Non-
9  Parties who have access to the transcript of such deposition shall treat the relevant portion of the
10 transcript as Privileged Material.  If the witness declined to answer questions concerning the
11 document on grounds of privilege, the Parties will cooperate in promptly following the procedures
12 outlined in Paragraphs I.D, I.E, I.F, I.G and I.H, as applicable.  If the document is ultimately
13 determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim
14 of privilege or protection will be responsible for ensuring that the deposing party is given an
15 opportunity to depose the witness about the document, which in the case of Party-witnesses (or
16 their current employees) or any former employees of a Party who are represented by Counsel for
17 such Party shall be within thirty (30) calendar days of said determination at the expense of the
18 Party or Non-Party claiming privilege or protection, and in the case of other Non-Party witnesses
19 shall be at the earliest practicable time for the witness and his, her or its counsel.

20 **L.** The Parties may stipulate without the need for Court approval to narrow or extend
21 the time periods specified in this Order.

22 **M.** This Order does not preclude a Party from voluntarily waiving any claims of
23 privilege or protection.  The provisions of Rule 502(a) of the Federal Rules of Evidence apply
24 when a Party uses privileged or protected information to support a claim or defense.

6

[PROPOSED] PRETRIAL ORDER NO. 16:  STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES
AND PRODUCTION OF PRIVILEGE LOGS

## II. PREPARATION OF PRIVILEGE LOG

**A.** Except as otherwise provided, each Party and Non-Party shall provide a log or logs of documents he, she or it has withheld from production or produced in redacted form on the grounds that such documents constitute or contain Privileged Material.

**B.** Provided that they contain Privileged Material, the following materials presumptively need not be logged:

i. Communications on or after November 2, 2015 (a) exclusively within a law firm, or exclusively between or among law firms, serving as a Party's outside counsel, as well as their employees and support staff, (b) exclusively within a government law office, or exclusively between or among government law offices, serving as trial counsel in this Action (*e.g.*, the United States Department of Justice), as well as their employees and support staff, or (c) identified in paragraph 2 of Pretrial Order 14, Protected Counsel Communications (ECF NO. 1326), provided that liaison counsels' designees are limited to outside counsel;

ii. Attorney work product created on or after September 18, 2015 by a Party's outside counsel or a government law office serving as trial counsel in this Action (*e.g.*, the United States Department of Justice), including their respective employees and support staff;

iii. Communications between and among a Party's outside counsel or a government law office serving as trial counsel in this Action (*e.g.*, the United States Department of Justice) and their Experts or Professional Vendors, and attorney work product created by Experts or Professional Vendors; and

iv. Subject to Paragraph II.C, communications on or after November 2, 2015 between or among a Party and its outside counsel.

Notwithstanding the foregoing, communications and attorney work product claimed to be Privileged Material must be logged if it was sent or distributed to a person other than a Party; his,

7

[PROPOSED] PRETRIAL ORDER NO. 16: STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS

her or its outside counsel (including their employees and support staff); his, her or its Experts; his, her or its Professional Vendors; counsel identified in paragraph 2 of Pretrial Order 14, Protected Counsel Communications (ECF NO. 1326), provided that liaison counsels' designees are limited to outside counsel (including their employees and support staff); or, in the case of the United States, a government law office serving as trial counsel in this Action (including their employees and support staff).

 **C.** Notwithstanding the foregoing, the Parties agree to meet and confer by April 11, 2016 to discuss certain categories of communications between September 18, 2015 and November 1, 2015 that the Parties need not log under Paragraph II.B.iv and/or for which the logging requirements of Paragraph II.G may be modified.

 **D.** The Parties shall meet and confer to determine whether it is appropriate – and, if so, to what extent – for a producing Party to de-duplicate privilege log entries and to determine how privileged email strings should be logged.

 **E.** Nothing herein prohibits a Party from requesting a privilege log for materials excepted from logging pursuant to Paragraph II.B upon a showing of good cause.

 **F.** Nothing herein applies to preexisting privilege logs relating to the document productions identified in Paragraph 4.D.i of Pretrial Order No. 9.

 **G.** For each document withheld or redacted, the privilege log shall contain the following information: (i) the date of the document; (ii) the identity of all persons who sent, authored, signed or otherwise prepared the document; (iii) the identity of all persons designated as addressees or copyees, including blind copyees; (iv) a description of the contents of the document that, without revealing information itself privileged or protected, is sufficient to understand the subject matter of the document and the basis of the claim of privilege or protection; (v) the type or nature of the privilege asserted (e.g., attorney-client privilege, work product doctrine, etc.); and (vi) for redacted documents, the Bates numbers corresponding to the first page of any document

redacted. Each redaction shall be addressed in the log with sufficient information to allow Parties to understand the basis for the redactions.

**H.** For those documents produced on or prior to March 31, 2016, the Parties shall provide such logs by **May 27, 2016**. For those documents produced after March 31, 2016 but on or prior to June 30, 2016, the Parties shall provide such logs by **August 22, 2016**. For those documents produced after June 30, 2016 but on or prior to October 28, 2016, the Parties shall provide such logs by **December 21, 2016**. For those documents produced after October 28, 2016 but on or prior to December 2, 2016, the Parties shall provide such logs by **January 31, 2017**. For any documents produced after the date ordered by the Court for substantial completion of production of non-privileged, responsive documents, the Parties shall provide such logs within thirty (30) calendar days of the production to which they relate.

**I.** A Party that redacts sensitive personal Foreign Private Data pursuant to Paragraph 11.1 of PTO 12 (examples of such sensitive personal Foreign Private Data include information physically located in Germany concerning a person's racial or ethnic origin, political opinions, religious or philosophical convictions, union membership, health life, or sex life) may identify such redactions either (a) on a log of documents in accordance with the foregoing provisions of this Order (but separate from any privilege log), (b) by stamping "Redacted Sensitive Personal Foreign Private Data" on the document where the sensitive personal Foreign Private Data was redacted, or (c) by adding a field to the dat file for the relevant document indicating that it contains sensitive personal Foreign Private Data that was redacted for privacy.

**J.** Nothing herein precludes a Party from challenging the propriety of any redactions by another Party concerning sensitive personal Foreign Private Data, and whether such Party has complied with the redaction identification provisions of Paragraph II.I., above.

**K.** *Governmental Privilege Claims.* The Parties agree that the United States' assertion of any governmental privileges may be made by first identifying documents withheld on such grounds on its privilege log and second providing a declaration supporting that assertion within

9

thirty (30) days after service of the privilege log, where such a declaration is required by applicable law.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: March 28, 2016                */s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
ecabraser@lchb.com
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008

*Lead Counsel for Plaintiffs*

DATED: March 28, 2016                */s/ Joshua H. Van Eaton*
Joshua H. Van Eaton
Bethany Engel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5474
Facsimile: (202) 514-0097
josh.van.eaton@usdoj.gov
bethany.engel@usdoj.gov

*Coordinating Counsel for the United States*

DATED: March 28, 2016                */s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sharon L. Nelles
William B. Monahan
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (212) 558-3588
giuffrar@sullcrom.com
nelless@sullcrom.com

10

[PROPOSED] PRETRIAL ORDER NO. 16: STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS

|   |   |   |
|---|---|---|
| 1 |  | monahanw@sullcrom.com |
| 2 |  | *Co-Liaison Counsel for the Volkswagen Group Defendants* |
| 3 |  |  |
| 4 | DATED:  March 28, 2016 | */s/ Jeffrey L. Chase*<br>Jeffrey L. Chase |
| 5 |  | Michael B. Gallub |
| 6 |  | HERZFELD & RUBIN, P.C.<br>125 Broad Street |
| 7 |  | New York, New York 10004<br>Telephone: (212) 471-8500 |
| 8 |  | Facsimile: (212) 344-3333<br>jchase@herzfeld-rubin.com |
| 9 |  | mgallub@herzfeld-rubin.com |
| 10 |  | *Co-Liaison Counsel for the Volkswagen Group Defendants* |
| 11 |  |  |
| 12 | DATED:  March 28, 2016 | */s/ Cari K. Dawson*<br>Cari K. Dawson |
| 13 |  | ALSTON & BIRD LLP |
| 14 |  | One Atlantic Center<br>1201 West Peachtree Street |
| 15 |  | Atlanta, Georgia 30309-3424<br>Telephone: (404) 881-7766 |
| 16 |  | Facsimile: (404) 253-8567<br>cari.dawson@alston.com |
| 17 |  |  |
| 18 |  | *Liaison Counsel for Porsche Cars North America, Inc.* |

**IT IS SO ORDERED.**

Dated:  March (29, 2016

_____
CHARLES R. BREYER
United States District Judge

11

[PROPOSED] PRETRIAL ORDER NO. 16:  STIPULATION RELATING TO NON-WAIVER OF PRIVILEGES AND PRODUCTION OF PRIVILEGE LOGS