# Exhibit H

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In Re: Tepezza Marketing, Sales Practices, and Products Liability Litigation<br><br>**THIS DOCUMENT RELATES TO:**<br>**ALL CASES** | Master Case No. 1:23-cv-03568<br><br>MDL No. 3079<br><br>Judge Thomas M. Durkin |

**Case Management Order #2
Regarding Evidence Rule 502(d) and Privileged Materials**

Plaintiffs and Defendant in this MDL have jointly stipulated to the terms of this Order, and with the Court being fully advised as to the same, it is hereby ORDERED:

**A.   Applicability**

1.   This Order shall apply to any information protected from disclosure by the attorney-client privilege, work-product doctrine, or other such legal privilege protecting information from discovery in this MDL. The application extends to any privileged information contained in deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation under the Federal Rules of Civil Procedure, as well as testimony adduced during any hearing (collectively "Information").

**B.   Production of discovery materials containing potentially privileged information.**

1.   If a party discloses information subject to a claim of attorney-client privilege or attorney work-product protection or some other legal privilege or doctrine protecting information from disclosure, the disclosure of the information ("Protected Information") shall not constitute or

be deemed a waiver or forfeiture of any claim of privilege or work-product protection that the Disclosing Party would otherwise be entitled to assert with respect to the disclosed information and its subject matter. This provision is, and shall be construed as, an Order providing the maximum protection allowed under Federal Rule of Evidence 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. Accordingly, as explicitly set forth in Rule 502(d), a party's production of Protected Information is not a waiver of any privilege or protection "in any other federal or state proceeding." In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

2. Nothing contained in this Order is intended to or shall serve to limit a producing party's right to review its documents, ESI, or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production by the Producing Party.

3. In the event that Protected Information is inadvertently disclosed, such information may be retrieved by the Producing Party by giving written notice ("Clawback Notice") via email to the Receiving Party (which notice shall state the nature of the privilege or doctrine at issue and identify the document(s) by Bates number).

    a. Clawback Notice shall include (i) the Bates range of the produced materials, (ii) a new copy of the material (using the same Bates number as the original material) with the privileged or protected material redacted (if the producing party claims that only a portion of the document contains Protected Information). If the producing party claims that the entire document is

privileged or protected, then the producing party shall provide a slip sheet noting that the document has been withheld.

b. Upon receipt of Clawback Notice, all such information, and all copies thereof, shall be sequestered and the Receiving Party shall not use such information for any purpose other than challenging the Clawback Notice.

c. Within 14 days of receipt of the Clawback Notice, the Receiving Party shall return or destroy all copies (including any excerpts used in analyses, memoranda, or notes or portions thereof) of the inadvertently disclosed information unless the Receiving Party intends to challenge the assertion of privilege.

d. The Receiving Party may contest the Producing Party's assertion of privilege or other protection by giving the Producing Party written "Notice of Clawback Challenge" via email providing the reason for said challenge. The Producing Party will have 14 days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for the refusal to withdraw the claim. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within ten days of the response.

e. The Receiving Party may thereafter move the Court for an order compelling production of the inadvertently disclosed Information. Such a motion shall be filed under seal. Nothing in this Order prevents a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court for review

or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised under this paragraph. The Receiving Party may attach a copy of the alleged privileged material to the motion for in camera review.

4. The burden of proof to continue such designation shall remain upon the Producing Party.

5. If it is clear to the Receiving Party that a produced document or information is subject to a claim of privilege based on information apparent on the fact of the document, then the Receiving Party shall immediately sequester and cease use of the document or information, and promptly notify the Producing Party of the information. All copies of the information shall be returned or destroyed.

6. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains Protected Information, the Producing Party may (a) instruct the witness not to answer questions concerning the parts of the document containing the Protected Information or (b) object to the use of the document at the deposition to the extent the entire document is privileged or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve via email a Clawback Notice within ten business days of the date of the deposition testimony during which the claim was invoked, after which the parties shall follow the procedures set forth in ¶ 3. Pending determination of the clawback dispute, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with ¶ 3.

7. If the Producing Party instructs the witness not to answer or provide testimony and the information is later determined to not be privileged (either by the Court or by agreement of the parties), the Producing Party shall make the witness available for deposition regarding that document and its contents along with any documents or subject matter that logically flow from or relate to the disputed document within a reasonable time frame after the determination but not to exceed 30 days.

8. If a Receiving Party uses Protected Information in a brief or at a hearing, and the Producing Party has not served a Clawback Notice in advance of the briefing event or hearing, the Producing Party shall serve via email a Clawback Notice within ten days of the briefing event or hearing. Thereafter, the procedures set forth in ¶ 3 shall apply.

9. Nothing in this Order shall supplant applicable waiver doctrine or preclude the Receiving Party from arguing the Producing Party waived the privilege where the Producing Party: a) intentionally produced the document; b) the Producing Party's conduct amounts to more than mere inadvertence as set forth in Rule 502(b); or c) the Receiving Party failed to take reasonable steps to prevent the disclosure.

**C. Privilege logging**

1. Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, attorney work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the producing party shall produce in Excel format.

2. Within 30 days of each production of documents or ESI, the Producing Party shall provide a privilege log or logs concerning any information that has been redacted or withheld in

whole or in part from that production. The following documents presumptively need not be included on a privilege log:

    a.    Attorney-client privileged communications between a party and its outside counsel on or after August 25, 2022;

    b.    Communications among Plaintiffs' counsel;

    c.    Communications among Defendant's counsel;

    d.    Communications authored by in-house counsel at the direction of outside Counsel on or after August 25, 2022; or

    e.    Attorney work product created on or after August 25, 2022.

3.    The privilege log shall set forth the privilege or protection relied upon and specify separately for each document the following to the extent such information is available from the metadata of the document:

    a.    Bates-number range, or if no Bates-number range, a unique identifier;

    b.    Family relationship, if applicable (*i.e.*, identification of parent emails and all attachments);

    c.    A description of the document, including the factual basis sufficient to support the claim that the document is privileged and/or protected;

    d.    The name(s) of the author(s);

    e.    The name of the sender;

    f.    The names of all addressees and recipients, including copies ("ccs") and blind copies ("bccs");

    g.    The document date;

    h.    File Path(s);

        i.       File Extension;

        j.       Last Saved/Edited By;

        k.       Custodian(s);

        l.       Hash Value;

        m.       Conversation ID or Thread ID;

        n.       An indication of whether the document has been produced in redacted form or withheld in its entirety; and

        o.       The privilege designation asserted (attorney-client; attorney work product; joint defense, and/or common interest, etc.).

      3.       Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

      4.       Attorneys or their staff must be identified on the log with an asterisk (or similar notation).

      5.       Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, addressees, and recipients (including ccs and bccs) for all thread members (i.e., not limited to the last message in the thread), that the description of the thread includes the factual bases sufficient to support the claim of privilege for each thread member over which privilege is asserted, and that the log entry includes the privilege designations applicable to any thread members. This inclusive email and any unique attachments found in the thread that a party claims is entirely privileged may be logged in a single entry.

Page **7** of **9**

6.        Privilege logs will be produced in an Excel format, or other agreed-upon format, which allows the Receiving Party to search and sort any and all columns and entries of the privilege log.

7.        Privilege logs should build on the previously produced privilege log with a clear indication of which log entries have been revised (e.g., with yellow shading) or added.

8.        After the receipt of a privilege log, any party may dispute a claim of privilege. Before seeking Court intervention, the party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which it challenges the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within 10 calendar days (for individual documents) or 30 calendar days (for categories of documents), the party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privileged and producing such documents in accordance with this Order. Thereafter, if the parties continue to disagree, they will then meet and confer in good faith as to the claims of privilege. If agreement has not been reached after seven calendar days, the parties may submit the dispute to the Court for resolution.

**IT IS SO ORDERED.**

Dated: October __03__, 2023

_____
**Honorable Thomas M. Durkin**
United States District Judge