# Exhibit J

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE:  ZANTAC (RANITIDINE)                          MDL NO. 2924
PRODUCTS LIABILITY                                         20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

**THIS DOCUMENT RELATES TO:  ALL CASES**

## PRETRIAL ORDER # 25
### Protocol for Treatment of Privileged and Work Product Materials

This Order shall govern the treatment of all privileged and work product materials in MDL 2924.  This Order applies equally to all parties, who for the purposes of below shall be designated as either the "Producing Party" or the "Receiving Party."

## I.      FEDERAL RULE OF EVIDENCE 502

1.      Pursuant to Federal Rule of Evidence (FRE) 502(d), the production of privileged or work-product protected documents, ESI or other information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal proceeding.

2.      This Order shall be interpreted to provide the maximum protection allowed by FRE 502 and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

3.      Nothing contained herein is intended to or shall serve to limit a Party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

## II.  Privilege Log Production

1.  The parties shall comply with the Federal Rules of Civil Procedure and, to the extent they do not conflict with the provisions of this Order, the Local Rules of the United States District Court for the Southern District of Florida, regarding the production of privilege logs, as set forth more fully below.  With the exception of those materials described in paragraph 2 that need not be logged, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of privilege, work product, or any other legal privilege is to be identified by the Producing Party in a privilege log, which the Producing Party shall produce in an electronic format (i.e., Excel format) that allows text searching, sorting, and organization of data.  The documents that are produced with redactions based on a claim of privilege shall be Bates numbered using the same Bates numbering format agreed to by the parties for regular document productions, and shall be listed on the Producing Party's privilege log in Bates order as further described in Section 2 below.  The documents withheld from production based on a claim of privilege will have a unique identifying number assigned to each document on the privilege log.  The Producing Party shall produce a privilege log within forty-five (45) days after the production of documents that contain documents that were withheld based on an assertion of privilege.  A Party shall produce a master privilege log in a searchable and sortable format (e.g., Excel or CSV) that shall be updated as necessary following a document production.  The log shall have a field that contains the date of the production (or Production Number) to which the individual log entry relates.  Privilege logs need not be produced in native format provided they are produced in a searchable and sortable format.

2.      No privilege log entries shall be required as to the following categories of materials, and any applicable privilege or protection shall be preserved even if such materials are not listed on a Producing Party's privilege log:

a.  Attorney-client communications between a defendant and its Counsel after the start of Litigation as to that defendant.  For purposes of this Order only, the Litigation is deemed to have started on September 13, 2019;

b.  Attorney-client communications between a plaintiff and their Counsel after the date on which a retention agreement related to the Zantac litigation was executed;

c.  Attorney work-product created after September 13, 2019, for defense counsel, or after counsel was retained by the plaintiff, for plaintiffs' counsel.

d.  Internal communications within (i) a law firm or (ii) a legal department of a defendant after the start of the Litigation;

e.  Documents and communications between outside counsel or outside counsel and in-house counsel for the parties after the start of the Litigation; and

f.  Documents and communications between and/or among outside counsel that has been retained by a Party in this Litigation and the Party, litigation technology consultants or providers, any non-testifying experts, and, with respect to information protected by Fed. R. Civ. P. 26(b)(4), testifying experts.

g.  Privilege redactions made on the face of produced documents, provided that any such documents have been identified on the "Redacted Documents Not Requiring Detailed Logging" listing that the Producing Party provides, as set forth more fully in Section II.3.

3.      For each document to which a Producing Party asserts that a privilege applies and inclusion on a privilege log is required, the Producing Party must include in the privilege log the information required by Federal Rule of Civil Procedure 26(b)(5) and, to the extent they do not conflict with the provisions of this Order, the Local Rules of this Court and other identifying information, including, as to documents other than those described in Section II.2.g above:

a.   the nature of the privilege (including work product) that is being claimed;

b.   the Bates number(s) of the document claimed to be privileged if produced in a redacted form, and a unique identifying number for documents withheld on a claim of privilege (e.g., a Bates number or privilege log reference number);

c.   a description of the nature of the document, communication or tangible thing that is sufficient to understand the subject matter of it, not disclosed or produced in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;

d.   the date of the document, if available, or, for communications, the date sent and date received, if available;

e.   the subject/title and document type, unless the subject/title itself contains privileged information in which case a reasonably objective "substitute" subject/title will be provided in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim;

f.   the identity of its author, addressee(s), and any other recipient(s), including in a separate column any individuals carbon copied and blind carbon copied;

g.   indication (e.g., with an asterisk) of which individual(s) (authors and recipients) are attorneys, paralegals, or legal assistants;

Case 3:23-md-03084-CRB Document 228-10 Filed 01/26/24 Page 6 of 11

h. information identifying the source of the withheld document (e.g., the relevant custodial file). This provision does create an obligation to update the source field of the document if a duplicate document is later identified; and

i. whether the document is withheld or redacted.

The log will contain two components, one listing documents withheld from production or redacted and requiring logging ("Fully Logged Documents"), and meeting the requirements of subparts (a) through (h) of this section, and one as to documents described in Section II.2.g (where privilege redactions, branded as such, are made on the face of produced documents and the unredacted portion of the document provides the information sufficient to allow the Receiving Party to assess the claim of privilege) ("Redacted Documents Not Requiring Detailed Logging"). As to Redacted Documents Not Requiring Detailed Logging, the Producing Party shall provide for each document: Beginning Bates, End Bates, and Date of Production. Should the Receiving Party reasonably believe that the unredacted portions of the document do not provide the information sufficient to allow the privilege claim to be assessed, it may request, and the Producing Party shall promptly provide, additional information, consistent with this section, to enable the privilege claim to be assessed.

4. A Party need include only one entry on the log to identify withheld privileged emails that constitute an uninterrupted dialogue between or among individuals; provided, however, that disclosure must be made that the emails are part of an uninterrupted privileged dialogue and include the Bates range for the entire uninterrupted dialogue. Moreover, the date and time of the latest-in-time email must be disclosed, in addition to other requisite privilege log disclosure referenced above, including the names of all of the authors and recipients (including carbon copied and blind carbon copied recipients) of the uninterrupted dialogue. For purposes of this section,

the term "uninterrupted dialogue" shall mean a chain of emails reflecting multiple communications taking place over a reasonably short time period and involving a common subject matter, such that, were each email to be separately logged, the qualitative information necessary to assess each claim of privilege would be essentially the same for each email.

5.      As an alternative to the procedure set forth in Paragraph 3 above, the parties may meet and confer about the use of categorical and/or metadata privilege logs.  Reasonable proposals from any Producing Party concerning the use of categorical and/or metadata privilege logs shall be reasonably considered by any Receiving Party and, if refused, the Receiving Party shall set forth in writing the reason for the refusal.  If the Receiving Party refuses, nothing in this Order prevents the Producing Party from raising this issue with the Court.

6.      Notwithstanding the assertion of a privilege objection, any purportedly privileged document containing non-privileged matter must be disclosed with the purportedly privileged portion redacted, with the redacted portion indicated on the document itself and listed on the privilege log in a manner consistent with Section II.3.

7.      To assist in the prompt resolution of disputed claims of privilege, upon request by the Court, the Producing Party shall submit to the Court under seal, un-redacted copies of all documents for which it asserts a privilege.

## III.    List of Individuals Identified on Privilege Logs

At the time it produces any privilege log, the Producing Party shall also produce a separate list of individuals identified on the privilege log. This list shall include: a) in alphabetical order (by last name, then first name) all individuals identified on the privilege log, b) any aliases for such individuals known to the Producing Party, c) the job title of each individual listed, if known to the Producing Party, d) department they work within, if applicable, and if known to the

Producing party and e) the employer of each individual at the time of the privileged communication, if known to the Producing Party. This list shall be produced by the Producing Party in an electronic format (e.g., Excel format) that allows text searching, sorting, and organization of data, and shall be produced in a cumulative manner, so that each subsequent list includes individuals from prior lists. The Producing Party will honor subsequent reasonable requests to identify whether a specific individual is not currently employed by the same employer as reflected on the log pertaining to employment at the time of the communication.

**IV.     Production of Privileged Materials**

1.      This Order invokes the protections afforded by Federal Rule of Civil Procedure 26(b)(5)(B) and Federal Rule of Evidence 502. If a Producing Party produces (or discloses) to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery (the "subject materials") (including but not limited to attorney-client privilege, work product, and immunities created by federal or state statute or regulation), such production (or disclosure) shall not be deemed a waiver in whole or in part of the Producing Party's claim of privilege or immunity from discovery pursuant to FRE 502(b), either as to specific documents and information produced (or disclosed) or on the same or related subject matter, either in this case or in any other federal or state action, investigation, or proceeding.

2.      In the event that a Producing Party discovers that it produced (or disclosed) to a Receiving Party any documents or information subject to a claim of privilege or immunity from discovery, the Producing Party shall, promptly within twenty (20) days after its actual discovery of the production or disclosure, notify (a "clawback" notice) the Receiving Party in writing of the production or disclosure of materials protected by any privilege or immunity. The Producing Party

shall provide or supplement a privilege log with a description of the subject materials at the same time of providing its written notice.

3.      Upon such notice, and consistent with Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall immediately sequester all copies of the document, including any copies in the possession of counsel and retained consultants or experts.  The Receiving Party shall inform the Producing Party within 10 days if it intends to challenge the designation of the document or if it agrees the document is properly designated as privileged.

4.      If the Receiving Party intends to challenge the privilege designation, consistent with Federal Rule of Civil Procedure 26(b)(5)(B), it shall continue to sequester all copies of the document, including any copies in the possession of counsel and retained consultants or experts, pending Court resolution of the challenge, and shall not make any further use of the document.

5.      If the Receiving Party agrees that the document is properly designated as privileged, consistent with the Federal Rule of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distribution of the subject materials, return or destroy all copies of the document including reasonable steps to retrieve all copies that have been distributed to counsel or non-parties, and destroy the portion of any work product that describes or contains the content of the subject materials.

6.      Where the parties agree, or the Court orders that, an inadvertently produced document is protected by the attorney-client, work product, or other privilege, and such document was originally produced in electronic format on media containing production materials that are not subject to any exemption from production, the Producing Party shall, to the extent necessary, promptly provide replacement production media to the Receiving Party.

7.     Nothing in this Order shall relieve any attorney's ethical responsibilities to immediately refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the Producing Party that such material has been produced or disclosed.

**V.     Challenges to Privilege and/or Work Product Claims**

1.     If the Receiving Party has a good-faith basis for challenging a privilege designation or any redaction, counsel for the parties shall initially attempt to resolve the issue through discussions.  The Receiving Party must give the Producing Party an opportunity to review the withheld or redacted material and meet and confer.  The challenge shall concisely explain in writing the basis of the challenge(s), and shall identify by Bates number or by reference to a specific privilege log entry, and not by category, the redaction or privilege designation subject to the challenge.  For a challenge of up to 50 documents, the Producing Party shall have 14 days from receiving such written notice of the challenge to either explain in writing the basis of the privilege assertion or agree to produce or unredact the document.  For 51-300 documents, this 14-day period is extended to 28 days.  If more than 300 documents are challenged within a 28 day-period, the parties will meet and confer on a schedule for the Producing Party to respond. This period and number and timing of documents challenged may be modified by agreement of the parties.

2.     If these discussions prove unsuccessful, counsel may file a motion with the Court, pursuant to any applicable pretrial order, requesting that the Court conduct an *in camera* inspection of a document, on the issue of whether certain information is entitled to redaction or privilege. Before filing such a motion, the parties must reach an agreed briefing schedule that allows the Producing Party a reasonable amount of time to collect evidence (including affidavits) in support of its claim of privilege or immunity.  Nothing in this Order is intended to alter the applicable law

9

regarding burdens of proof in supporting or challenging claims of privilege or waiver of privilege, which generally provides that the party asserting privilege or making the redaction shall have the burden of proof on such motion to establish the propriety of its privilege designation or redaction or, when applicable, and upon sufficient allegations that the privilege has been waived, that the privilege was not waived. *See, e.g.*, *MapleWood Partners, L.P. v. Indian Harbor Ins. Co.*, 295 F.R.D. 550, 584 (S.D. Fla. 2013).

   **DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 1st day of June, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE