# EXHIBIT B

**DISPUTED LANGUAGE IN THE PARTIES'**
**PROPOSED PRIVILEGED MATERIALS ORDERS**

I. **Defendants' Paragraphs 5 and 9: Analyses, Memoranda, or Notes Based Upon Potentially Privileged Materials**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| 5 . . . Upon receipt of a Clawback Notice, all such information, and all copies thereof, as well as any analyses, memoranda, or notes or portions thereof which were internally generated and contain **or were based upon** the item(s) listed in the Clawback Notice shall be sequestered . . .<br><br>9. Any analyses, memoranda or notes or portions thereof which were internally generated and contain **or were based upon** the item(s) listed in the Clawback Notice shall immediately be sequestered upon receipt of the Clawback Notice . . . | 5 . . . Upon receipt of a Clawback Notice, all such information, and all copies thereof, as well as any analyses, memoranda, or notes or portions thereof which were internally generated and contain ~~or were based upon~~ the item(s) listed in the Clawback Notice shall be sequestered . . .<br><br>~~9.~~ 8. Any analyses, memoranda or notes or portions thereof which were internally generated and contain ~~or were based upon~~ the item(s) listed in the Clawback Notice shall immediately be sequestered upon receipt of the Clawback Notice . . . |

II. **Defendants' Paragraphs 5 and 6: Materials Used in a Clawback Challenge**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| 5 . . . the Receiving party shall not use such information **for any purpose** until further Order of the Court.<br><br>6 . . . **Any objection to a Clawback Notice shall be made exclusively on the basis of information provided to the objecting party in the Clawback Notice, and shall not refer, quote, cite, or otherwise use any of the material subject to the Clawback Notice.** | 5 . . . the Receiving party shall not use such information for any purpose ~~until further Order of~~ except contesting the assertion of privilege to the Court.<br><br>6 . . . [delete this sentence] |

### III. Defendants' Paragraph 7: *In Camera* Review

| **Defendants' Proposal** | **Plaintiffs' Proposed Revisions** |
|---|---|
| **7. In the event that a dispute is submitted to the Court for resolution, the Receiving party may not disclose the content of any of the challenged material(s). Either party may request that the Court order *in camera* review of the challenged material by the Court. The Court may order *in camera* review of the challenged material(s) if the Court (1) determines that the Receiving party has shown good cause for its challenge and (2) believes that it cannot decide the issue based solely on the written submissions of the parties. If the Producing party desires to submit evidence or argument in support of its claim of privilege that may itself reveal privileged content, it may submit such material to the Court for *in camera* review.** | [Delete this paragraph] |

### IV. Defendants' Paragraph 10: Technical Language Disputes

| **Defendants' Proposal** | **Plaintiffs' Proposed Revisions** |
|---|---|
| 10. Line 18: If a privilege challenge is raised as to a document, all parties shall sequester all copies of the inadvertently produced document.<br><br>Line 20: As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven (7) business days of receipt of the final transcript, after which the parties shall follow the procedures set forth in paragraphs 5 **through** 8. | ~~10.~~ 9. . . If a privilege challenge is raised as to a document, all parties shall sequester all copies of the inadvertently produced document in accordance with paragraph 5.<br><br>As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven (7) business days of receipt of the final transcript, after which the parties shall follow the procedures set forth in paragraphs 5 ~~through~~ and 8. |

### V. Defendants' Paragraph 14: Timing of Privilege Logs

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| 14. Within **one-hundred twenty (120)** calendar days of each production of documents or ESI, the Producing party shall provide a privilege log or logs . . . | ~~14.~~ 13. Within ~~one-hundred twenty~~ thirty (30) calendar days of each production of documents or ESI, the Producing party shall provide a privilege log or logs . . . |

### VI. Plaintiffs' Paragraph 14(j): "Source File" Information

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| [Delete subparagraph 14(j)] | ~~15.~~ 14. The minimal information and fields to be produced include:<br>. . . (j) The name or other identifying information as to the produced source file in which the document subject to a privilege claim was found, such as, but not limited to, the document or communication's file path. |

### VII. Defendants' Paragraph 17: Inadvertent Failure to Identify Attorneys with an Asterisk

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| 17. **Where feasible,** attorneys or their staff must be identified on the log with an asterisk (or similar notation). | ~~17.~~ 16. ~~Where feasible,~~ Attorneys or their staff must be identified on the log with an asterisk (or similar notation). |

**VIII.   Defendants' Paragraph 18 and Plaintiffs' Paragraph 17: Production of a Separate List of Individuals Included in the Log**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| **18. The Receiving party may make reasonable requests, on an individual basis and for good cause, that the Producing party provide (a) aliases for an individual included on the log; (b) the job title of that individual; and (c) the employer of that individual at the time of the communication. The Producing party shall make reasonable efforts to comply with such a request to the extent that the requested information is not readily available to the Receiving party. Nothing in this paragraph shall be construed to allow the Receiving party to request this information for every individual listed in the log or otherwise on a mass or indiscriminate basis.** | ~~18.~~ 17. The Producing Party shall also produce a separate list of individuals identified on the privilege log. This list shall include: a) in alphabetical order (by last name, then first name) all individuals identified on the privilege log, b) any aliases for such individuals, c) the job title of each individual listed, when it is reasonably available, and d) the employer of each individual. This list shall be produced by the Producing Party in an electronic format (e.g., excel format) that allows text searching, sorting, and organization of data, and shall be produced in a cumulative manner, so that each subsequent list includes individuals from prior lists. The Producing Party will honor subsequent reasonable requests to identify whether a specific individual is not currently employed by the same employer as reflected on the log pertaining to employment at the time of the communication, but the Producing Party is not required to provide such information in the log or on a wholesale basis. |

IX.     **Defendants' Paragraph 19: Potential Use of Categorical Privilege Logs**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| **19. Documents withheld on the basis of privilege and/or work product protection may be grouped into categories based on content, and a categorical privilege log prepared instead of a document-by-document privilege log as contemplated by paragraphs 14-17. This categorical log will include:**<br>**(a) a category number for each category;**<br>**(b) the date range of documents included in each category;**<br>**(c) a general description of the documents in each category sufficient to support the claim that the documents within the category are privileged and/or protected;**<br>**(d) senders, recipients, and copyees included in each category;**<br>**(e) the privilege designation for each category (attorney-client; attorney work product; joint defense and/or common interest, etc.); and**<br>**(f) the beginning bates numbers of the documents included in that category. Notwithstanding the foregoing, the decision to log documents on a categorical basis does not waive the party's right to seek adjudication of any challenge(s) to privilege on a document-by-document basis.** | [Delete this paragraph] |

X.       **Defendants' Paragraph 20: Communications and Documents That Do Not Need to be Logged**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| **20.** Date: created on or after **August 12, 2021**<br><br>Applicability to Work Product and Trial Preparations:<br><br>(b) Attorney work product and trial preparation materials created on or after August 12, 2021 related to defense of this litigation **or the actions captioned In re Uber Rideshare Cases, Case No. CJC-21-005188 (or any individual litigation within such coordinated proceedings)** and by a party's outside counsel, including their employees and support staff; | ~~20.~~18. Date: created on or after ~~August 12, 2021~~ March 15, 2023<br><br>Applicability to Work Product and Trial Preparations:<br><br>(b) Attorney work product and trial preparation materials related to defense of this litigation created on or after March 15, 2023 ~~or the actions captioned In re Uber Rideshare Cases, Case No. CJC-21-005188 (or any individual litigation within such coordinated proceedings) and~~ by a party's outside counsel, including their employees and support staff; |

XI.      **Defendants' Paragraph 21: Privilege Log Treatment of Email Chains**

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| **21. Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, email addresses, and recipients (including copyees and blind copyees) for all thread members, and that the description of the thread includes the factual bases sufficient to support the claim of privilege, and that the log entry includes the privilege designations applicable to any thread members.** | [Delete this paragraph] |

## XII. Plaintiffs' Paragraph 19: The *Production* of Email Threads

| Defendants' Proposal | Plaintiffs' Proposed Revisions |
|---|---|
| [Delete this paragraph] | 19. The production of e-mail threads shall be governed by the [operative] ESI protocol. |