# EXHIBIT B

[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**PRETRIAL ORDER NO. __: FACT SHEET IMPLEMENTATION ORDER** |

This Pretrial Order ("PTO" or "Order") governs the form, schedule for completion, and service of personal injury Plaintiff Fact Sheets ("PFS") and Defendant Fact Sheets ("DFS") in this MDL. This Order applies to Defendant Uber Technologies Inc, Inc. and Raiser LLC. (collectively, "Uber"), and all Plaintiffs and their counsel in: (a) all actions transferred to In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation ("MDL-3084") by the Judicial Panel on Multidistrict Litigation ("JPML") and (b) to all related actions directly filed in or removed to this MDL in this Court.

**1.   Online Platform**

The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS and DFS. The parties are directed to utilize BrownGreer's platform, "MDL Centrality," to fulfill their PFS and DFS obligations as detailed below and also, directly or through their designated representatives, to enter into a contract with the company specifying the services to be provided, the costs of such services, and the parties' payment obligations. BrownGreer shall work with the parties to compile all necessary data. The parties shall serve their respective PFS, DFS, and responsive documents to the requests for production of documents by uploading them to MDL Centrality. Uploading the responsive

1 discovery to MDL Centrality shall constitute effective service.

**2. Production of Bona Fide Ride Receipts**

As previously ordered, Plaintiffs will either submit ride receipts or the ride information outlined in PTO No. 5 (ECF 175 at 3) by February 15, 2024 for cases on file in this MDL as of February 1, 2024 and within 14 days of filing, transfer, or removal to this Court for all cases filed, transferred, or removed after February 1, 2024. Plaintiffs shall serve the ride receipt, if located, or ride information required by PTO No. 5, if the receipt is not located, by uploading the bona fide ride receipt or ride information to MDL Centrality, identifying each with the name of the Plaintiff to whom the receipt or information applies, and by the associated case number.

Once a Plaintiff submits the ride information required by PTO No. 5 in lieu of a bona fide ride receipt, Defendants will be required to either provide a copy of the bona fide ride receipt to Plaintiff's Counsel or provide a written explanation as to: (1) why the specific ride receipt cannot be located by Uber; (2) what efforts Uber undertook to locate the ride receipt; and (3) if available: (a) the date of the ride, (b) the full name of the driver; (c) the starting and ending locations of the ride, and; (4) what additional information Uber needs to locate the subject missing ride receipt, if applicable. Plaintiffs and Defendants will provide joint or competing proposed orders to the Court regarding the timing and process of Uber's efforts to locate a bona fide ride receipt by February 28, 2024.

**3. Plaintiff Fact Sheets**

The Court has approved a PFS that includes a variety of written authorizations for the release of records ("Authorizations"). See Exhibit 1. Each Plaintiff must submit a completed PFS, and executed Authorizations, through MDL Centrality pursuant to the terms of this Order.

The obligation to comply with this CMO and to provide a PFS shall fall solely on the individual counsel representing a Plaintiff. As with all case-specific discovery, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee have no obligation to notify counsel for Plaintiffs whom they do not represent of Defendants' notice of overdue or

1  deficient discovery nor to respond to any motion practice pertaining thereto.

2  **4.       Defendant Fact Sheets**

3  The Court has approved a DFS that includes document requests. *See* Exhibit 2.

4  Uber Defendants must submit a completed DFS and documents responsive to the requests in the DFS ("Responsive Documents") pursuant to the terms of this Order. However, if the ride receipt or ride information submitted by a Plaintiff is insufficient to allow Uber Defendants to identify a specific trip associated with the Plaintiff's alleged incident, then the Uber Defendants need not complete Section II (Uber Trip Information). Likewise, if the ride receipt or ride information submitted by a Plaintiff is insufficient to allow Uber Defendants to identify a driver associated with the Plaintiff's alleged incident, then the Uber Defendants need not complete Section III (Driver Information) and Section IV (Incidents).

12  If a Plaintiff for whom Uber was previously unable to identify a specific trip and/or driver provides, via service via MDL Centrality, supplemental ride information, or a ride receipt not previously produced, and if this supplemental ride information or ride receipt allows Uber Defendants to identify a specific trip and/or driver not previously identified, Uber Defendants shall, within 90 days of receipt of this supplemental information, complete and serve a supplemental DFS, which includes the information previously lacking.

18  **5.       Discovery Mechanism**

19  The effect of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses, and where documents are requested, as responses to requests for production under the Federal Rules of Civil Procedure, and these responses will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

24  A PFS or DFS is served without prejudice to the Parties' right to propound additional discovery. The Parties have agreed that additional discovery requests are appropriate for those cases that are chosen by the Parties and/or Court as potential trial candidates or otherwise set for trial. The Parties do not waive their rights to assert objections permitted under the Federal Rules of Civil Procedure to any additional discovery.

**6.   PFS and DFS Deadlines**

The following PFS and DFS deadlines shall apply:

**A.   Cases filed on or before the date of February 1, 2024**: For cases directly filed in this judicial district and entered on the MDL 3084 docket on or before February 1, 2024 and for cases the JPML transfers to MDL 3084 on or before February 1, 2024, each Plaintiff must complete and submit a PFS, and execute applicable Authorizations and Uber Defendants must complete and submit a DFS, and produce responsive documents, within 60 days after February 15, 2024. A case shall be deemed transferred to MDL 3084 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

**B.   Cases filed after the date of February 1, 2024:** For cases directly filed in this judicial district and entered on the MDL 3084 docket, and for cases the JPML transfers to MDL 3084 after February 1, 2024, each Plaintiff must complete and submit a PFS, and executed applicable Authorizations, and Uber Defendants must complete and submit a DFS and produce Responsive Documents within 30 days after the ride receipt or ride information form has been served.

**7.   Procedures Applicable to Defendant Fact Sheets**

**The Following DFS deadlines shall apply:**

A.   Deadlines for Defendants to Serve Responsive Fact Sheets: Within 90 days after any Plaintiff submits a ride receipt or ride information required by PTO No. 5, Uber Defendants shall serve the completed DFS and Responsive Documents upon Plaintiff's counsel. Service shall be accomplished by uploading the verified DFS to MDL Centrality in the relevant Plaintiff's case file and by producing all documents responsive to the DFS in the same manner and format as detailed in the ESI protocol, with a cover letter identifying the Plaintiff and case number to which the production applies.

**8.   Substantial Completeness of PFS and DFS**

(a)   PFS and DFS submission must be substantially complete, which means a Party must:

1.   Answer all applicable questions (Parties may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");

2.   Include a signed Declaration (for a PFS) or Certification (for a DFS);

3.   Provide duly executed record release Authorizations (for a PFS); and

4.   Produce the requested documents to the extent such documents are in the Party's possession, custody, or control.

|   |   |   |
|---|---|---|
| 1 | (b) | If a Party considers a PFS or DFS to be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served on the deficient Party's attorney of record via MDL Centrality. The deficient party will have thirty (30) days to correct the alleged deficiency(ies). |

**9.      Objections Reserved to PFS and DFS**

All objections to the admissibility of information contained in the PFS and DFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with the Court's forthcoming Privilege Log Order (See, Docket No. 223), Rule 502(d) and all parties shall continue to comply with Protective Order Docket No. 176 regarding produced information and documents.

**10.      Confidentiality of Data**

To the extent that the PFS or DFS requires the responding party to provide confidential documents or information, the disclosure shall be governed by the Protective Order [ECF 176] and Stipulation and Order Re: Plaintiffs Who Wish to Proceed Anonymously [ECF 174].

**11.      Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS or DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and DFS and no objections are waived by virtue of providing information in any PFS or DFS.

**12.      Rules Applicable to Plaintiffs' Authorizations**

As set forth above, Authorizations together with copies of such records, to the extent that those records or copies thereof are in a Plaintiff's possession, custody, or control, shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

In addition to the addressed Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations. Plaintiff's counsel shall provide executed

1  Authorizations to counsel for the MDL Defendants (or communicate an objection to said request
2  for authorizations) within 14 days of a request for such Authorizations.

3  Should Plaintiffs provide Authorizations that are undated, this shall not constitute a
4  deficiency or be deemed to be a substantially non-complete PFS. Defendants (or the applicable
5  records vendor) have permission to date (and where applicable, re-date) undated Authorizations
6  before sending them to records custodians.

7  If an agency, company, firm, institution, provider, or records custodian to whom any
8  Authorization is presented refuses to provide records in response to that Authorization, the MDL
9  Defendants (or the applicable records vendor, MRC) shall notify a Plaintiff's individual
10 representative counsel and a designated individual from MDL Liaison Counsel. Upon notification,
11 counsel shall work together in good faith to resolve the records issue.

12 In the event a records custodian requires a proprietary authorization or other particular form,
13 the MDL Defendants (or the applicable records vendor) will provide it to Plaintiff's individual
14 representative counsel who shall thereafter execute and return the proprietary authorization or other
15 particular form within 14 days.

16 The MDL Defendants or their designees (including the applicable records vendor) shall
17 have the right to contact agencies, companies, firms, institutions, or providers to follow up on
18 record copying or production.

19 Counsel for each Plaintiff will have the right to obtain copies of all documents Defendants
20 receive pursuant Authorizations provided by that Plaintiff. The Parties will meet and confer
21 regarding the process and terms of Defendants (and/or the applicable records vendor) providing
22 copies of documents obtained.

25 **IT IS SO ORDERED**.

27 Dated: January __, 2024

28 **HONORABLE JUDGE CHARLES R. BREYER**
**UNITED STATES DISTRICT JUDGE**