# EXHIBIT C

| From: | Murray, Louis |
|---|---|
| To: | Sara Peters; Meredith Stratigopoulos; Keller, Andrea M; London, Sarah R.; "Rachel Abrams"; Roopal Luhana; Bret Stanley |
| Cc: | Phillips, Jessica E; Smith, Kyle |
| Subject: | RE: [EXTERNAL] MDL - Uber"s Revised PFS |
| Date: | Thursday, January 25, 2024 9:58:17 AM |
| Attachments: | image001.png |

You don't often get email from lmurray@paulweiss.com. Learn why this is important

Counsel,

Your email does not accurately describe Uber's position regarding document requests and the fact sheets.  As we have consistently explained, we do not think that the fact sheets should contain a litany of document production requests that will inevitably delay completion of the fact sheets. Instead, these requests should be served via requests for production of documents so that the parties can meet and confer and discuss the scope of the requests, the time period they cover, custodians, search terms, etc. through the traditional Rule 34 process.

Nevertheless, in the spirit of compromise, every defense fact sheet that we have proposed using would require Uber to produce documents that could be more readily collected and produced and not be overly burdensome.  For instance, as we agreed in the JCCP, we have consistently been willing to produce the GPS data related to the ride that is connected to a plaintiff's claims.  Likewise, after reviewing the proposed defense fact sheet you sent on January 10 and meeting and conferring to discuss that proposal on January 12, we sent you a proposed defense fact sheet on January 18 that contained document production requests.  In addition to all GPS data related to the subject trip, we agreed to produce a complete log of agreements between Uber and the independent driver.  We also indicated a willingness to produce tax summaries for the independent drivers if we could confirm such summaries existed and we described those documents in a way that was consistent with Uber's nomenclature.

We had hoped that these compromises would enable us to meet a middle ground and that the next version of the defense fact sheet you sent would significantly pare down the number of requests you included in the defense fact sheet.  During our January 20 meet and confer, however, you indicated that you were not willing to significantly reduce the number of document requests your defense fact sheet would include.  We informed you that if that was your position, Uber would be forced to add document production requests to the plaintiff fact sheet so that both the plaintiff fact sheet and defense fact sheet would be used in a consistent manner.  The defense fact sheet you sent on January 22 still contained a variety of voluminous and burdensome document requests.  Although your email conveying this revised fact sheet stated that you "softened" some of the requests by asking for documents "to the extent available," that concession does not address our main objection with using the defense fact sheet as a de facto list of requests for production.

The revised defense fact sheet we sent you on January 23 contained even more concessions regarding the production of documents, again in an attempt to come to an agreement.  Uber is willing to agree to produce certain communications between Uber and the plaintiff, independent driver, and witnesses regarding the alleged incident.  Uber is also willing to agree to produce certain

legal documents exchanged between Uber and law enforcement relating to the alleged incident connected to a plaintiff's claims.  These concessions, in addition to Uber's numerous other concessions, would provide plaintiffs with more than enough information to investigate the bases for their claims against Uber, which is the purpose of the defense fact sheet.

It has been and remains Uber's position that the fact sheets should not contain numerous burdensome and broad requests for the production of documents.  Uber's preference would be for the parties to agree to remove the document requests from both the defense and plaintiff fact sheets.  Assuming the parties cannot reach agreement on this issue, we will explain to the Court our objections to using the defense fact sheet to request thousands of pages of documents and delay completion of the fact sheets.  As you noted several times during the January 20 meet and confer, however, it is possible the Court will disagree with Uber's position, and if it does, Uber must be prepared to propose a plaintiff fact sheet that also contains document production requests.

Best,
Louis

**Louis A. Murray** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2749 (Direct Phone)
lmurray@paulweiss.com | www.paulweiss.com

---

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Wednesday, January 24, 2024 8:47 PM
**To:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>; Murray, Louis <lmurray@paulweiss.com>; Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>
**Subject:** RE: [EXTERNAL] MDL - Uber's Revised PFS

Counsel:

In light of the extension today, I hope that you might be able to clarify Uber's position with respect to the DFS and document productions. In all our discussions to date, you have taken the position that documents should be exclusively produced via the Rule 34 process, and not in connection with the DFS. Because that was Uber's categorical position, you have not offered any suggestions or objections with respect to language, relevance, scope adjustments, timing, or any other considerations.

Given that Uber's most recent draft offers up a document, it seems that Uber's position must have changed. If so, please let us know so that we can hear you out and better understand where Uber is coming from in denying the other document requests. If Uber's position remains the same (that documents should be handled via a Rule 34 process) please just let us know.

Very Truly Yours,

Sara



**Sara M. Peters, Esq.**
Shareholder

 WALKUP, MELODIA
KELLY + SCHOENBERGER

415-981-7210 | 650 California Street, 26th Fl.
walkuplawoffice.com | San Francisco, CA 94108

 

THIS ELECTRONIC MESSAGE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL and may contain information that is privileged under federal and/or state law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, you are not authorized to read, share, forward, distribute, copy, or take any other action with respect to the message or any attachments to the message. Further, you are not authorized to take, or forbear from taking, any legal action in reliance upon the contents of the message. If you have received this communication in error, please notify the sender immediately. Thank you.

---

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Tuesday, January 23, 2024 6:11 PM
**To:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>; Murray, Louis <lmurray@paulweiss.com>; Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>
**Subject:** Re: [EXTERNAL] MDL - Uber's Revised PFS

Counsel:

I want to (again) piggyback on Meredith's communication. Your messaging during your phone call with Sarah London today is concerning. For weeks you have told us that Uber will not agree to produce any documents as part of the DFS, and you have otherwise declined to confer on the merits or scope of our document requests. Now when we have already prepared a draft brief focused on this singular dispute, there are hints that you are pivoting from this position at the 11th hour leaving us to wonder what the actual dispute will be tomorrow morning.

With respect to the PFS, we had been making steady progress toward agreement, narrowing the issues as we represented to the Court. Now, at the eleventh hour, we hear that you plan to dramatically expand the PFS to a scope virtually unheard of in other MDLs. This does not appear to

be in good faith, and leaves us unable to prepare briefs regarding proposals we have not even seen.

Additionally you still have not even sent a draft or redline of the implementation order we sent you on the 12th.

Best,

Sara

Get Outlook for iOS

---

**From:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>
**Sent:** Tuesday, January 23, 2024 5:45:31 PM
**To:** Murray, Louis <lmurray@paulweiss.com>; Sara Peters <speters@WalkupLawOffice.com>; Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>
**Subject:** Re: [EXTERNAL] MDL - Uber's Revised PFS

Counsel,

As you know, our PFS/DFS submissions are due tomorrow. What is the timeline on sending us updated your PFS/DFS proposals and Implementation Order? It sounds like some new stuff is coming down the pipeline and we would appreciate a reasonable amount of time to review and respond to it before our deadline.

Thanks,
Meredith

Get Outlook for iOS

---

**From:** Murray, Louis <lmurray@paulweiss.com>
**Sent:** Tuesday, January 23, 2024 2:23:19 PM
**To:** Sara Peters <speters@WalkupLawOffice.com>; Meredith Stratigopoulos <mdrukker@wattsguerra.com>; Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>
**Subject:** RE: [EXTERNAL] MDL - Uber's Revised PFS

> You don't often get email from lmurray@paulweiss.com. Learn why this is important

Counsel,

We are working as hard as we can to get you revised drafts as soon as possible.  We will follow up as soon as we are able to do so.

Best,
Louis

**Louis A. Murray** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 2749 (Direct Phone)
lmurray@paulweiss.com | www.paulweiss.com

---

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Tuesday, January 23, 2024 1:49 PM
**To:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>; Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; Murray, Louis <lmurray@paulweiss.com>
**Subject:** RE: [EXTERNAL] MDL - Uber's Revised PFS

All,

Piggybacking on Meredith's email, we also have not seen a redline, response, or updated version of the DFS. And, even though we sent over our proposed implementation order on January 12, we have still not received any comments, response, or counter proposal.

I echo Meredith's request for updates and clarifications asap.

Best,

Sara

**Sara M. Peters, Esq.**
Shareholder



WALKUP, MELODIA
KELLY + SCHOENBERGER

**415-981-7210**          650 California Street, 26th Fl.
walkuplawoffice.com      San Francisco, CA 94108

  

THIS ELECTRONIC MESSAGE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL and may contain information that is privileged under federal and/or state law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, you are not authorized to read, share, forward, distribute, copy, or take any other action with respect to the message or any attachments to the message. Further, you are not authorized to take, or forbear from taking, any legal action in reliance upon the contents of the message. If you have received this communication in error, please notify the sender immediately. Thank you.

**From:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>
**Sent:** Tuesday, January 23, 2024 10:45 AM
**To:** Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; Sara Peters <speters@WalkupLawOffice.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; Murray, Louis <lmurray@paulweiss.com>
**Subject:** Re: [EXTERNAL] MDL - Uber's Revised PFS

Good Morning Counsel,

We have not seen a redline, response, or updated version of your proposal on the PFS. We want to make sure we are not briefing unnecessarily if you all agree with any of our changes and that we understand your positions for any disputes.

Please let us know when we can expect to see an updated PFS or at least get clarification on what issues are outstanding.

Thanks,
Meredith

Get Outlook for iOS

**From:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>
**Sent:** Monday, January 22, 2024 9:16:16 PM
**To:** Keller, Andrea M <akeller@paulweiss.com>; London, Sarah R. <slondon@lchb.com>; 'Rachel Abrams' <rabrams@peifferwolf.com>; Roopal Luhana <luhana@chaffinluhana.com>; 'Sara Peters' <speters@WalkupLawOffice.com>; Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>; Smith, Kyle <ksmith@paulweiss.com>; Murray, Louis <lmurray@paulweiss.com>
**Subject:** Re: [EXTERNAL] MDL - Uber's Revised PFS

Counsel, please use this version of Exhibit B. I realize I failed to incorporate a few of our changes, but the concept is the same.

Thanks,
Meredith

---

**From:** Meredith Stratigopoulos <mdrukker@wattsguerra.com>
**Date:** Monday, January 22, 2024 at 1:46 PM
**To:** Keller, Andrea M <akeller@paulweiss.com>, London, Sarah R. <slondon@lchb.com>, 'Rachel Abrams' <rabrams@peifferwolf.com>, Roopal Luhana <luhana@chaffinluhana.com>, 'Sara Peters' <speters@WalkupLawOffice.com>, Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>, Smith, Kyle <ksmith@paulweiss.com>, Murray, Louis <lmurray@paulweiss.com>
**Subject:** Re: [EXTERNAL] MDL - Uber's Revised PFS

Counsel,

Thank you for working with us on the PFS over the weekend. We have carefully reviewed your proposals and incorporated many into the attached working version above. It has gone through many iterations on our side and redline tracking got lost along the way – I am hoping this clean version does show you what we have incorporated versus where we still need clarity. My preference would have been to send a redline but on our current timeframe I think it's more important to get this to you quickly rather than trying to rebuild one. I hope you all see that we have incorporated a large number of your proposals in an effort to narrow our disagreements. For example, we are going to propose some of the ride-specific box-checking questions you all have proposed.

Here are what I see as our outstanding issues based on the Question Numbers in the Compare-Redline Andrea sent us in the email preceding this one (Jan 18):

- **Ride Receipt Duplicative Info (Q11 and Q12):** As discussed, this information is duplicative to what would be produced on a ride receipt. We want to avoid duplicative discovery.
- **Q14:** This question is vague, it is unclear as to whether it was in their app or the driver's app and, furthermore, in my experience Uber can updates its routes for things like traffic, detours, etc. during the ride. So unless our client was watching and memorizing the projected route and in real time comparing it to the route the driver was actually going – no one is going to be able to answer this question. However, we have adjusted to ask whether the rider and driver had a conversation about the route – this is information our clients would have and the question is clearer.

- **Unknown/Do not Recall Options:** Many of our clients may not remember or know the answer to some of the questions on the PFS. Where applicable, we have added a box to check for that option. On our M&C I did not think this would be an issue but still want to point it out since it's new. We have gone with your approach of box-checking instead of instructions for the narrative, but we will require an unknown/do-not-recall option for these.
- **Q14(a) Q15(b) Q16(b):** All of these subparts ask our clients to speculate. They cannot read a driver's mind. Any reason they put in here is their guess and pure speculation. We are okay with the other subparts but do not think it is helpful to have our clients speculating as to why a driver stopped/took a certain route/etc.
- **Q21 –** We have adjusted this question (did the conduct occur inside the vehicle v. outside, before the ride v. after) for clarity. Intent here is not to change the substance but to make this question easier for our clients to answer with accuracy.
- **Q27(e):** We will have them disclose the Courthouse, if they know, but think dates are just going to create unnecessary discrepancies and duplicative discovery – the records can be ordered and will show the dates.
- **Q28 and Q29:** These have been baked into the damages section where they are identifying/listing healthcare providers. It should read for both treatment/diagnosis, etc and Notification. Only goal here is to avoid duplication. In our proposed version attached here, these should be in the new 31(a) and 35(a).
- **Q32(a):** We are in agreement with using a check-box system for conditions/symptoms but we have removed those that are medical diagnoses and should be reserved for doctors (eating disorder, OCD, PTSD, etc.) I don't think either of us want Plaintiffs self-diagnosing with medical conditions, so these have been limited to self-reported observations/symptoms and diagnoses come in a later question.
- **Q38(b):** As discussed, we have removed this for lost wages/earning capacity claims this is for expert witnesses – you all will be able to order employment records and can see things like before and after wages, even though that is not always the way to calculate loss of earning capacity in all states and we don't want our clients doing so on the fly.
- **Prior claims and legal matters (40-42):** As discussed, we have removed this section.
- **Persons likely to have relevant knowledge:** As discussed, we have removed this section.


**Authorizations**
- **For all authorizations**, we have added conditional language for who needs to fill these out (for example if they didn't report to law enforcement, they don't have to fill it out)
- **For Exhibit A – Health Records (non-mental health):** We do not see how past records are relevant for the overwhelming majority of these providers (an ER the client went to, for example). Release is from date of subject incident to present. The unauthorized disclosure language is fine.
- **For Exhibit B – Mental Health Records:** We are proposing the same time period release for all clients (subject incident to present) and that records are released to a records company (we can discuss other options than Marker if needed) and Plaintiffs then get 10 days with the records to redact/prepare a privilege log before the records are released to Uber. We envision that down the line, for clients that are preparing for trial, where there is a showing that they are suffering extraordinary distress, or where there is a showing of pre-existing conditions, there may be more in-depth discovery into past records. However, this will not be true for all

clients and the information contained in these records is so sensitive and private that disclosure cannot be undone.

If you see other issues, please let us know. I am available for another M&C if needed this afternoon before 4pm PT or tomorrow afternoon/evening after 2:30 PT. If any of these can be clarified/resolved quickly and easily by email, that would be ideal as we are on a time crunch.

Once you all review, please send us either a redline or your updated proposal so that we can see what our remaining outstanding issues are for our briefs. We would appreciate a redline/new version from you all that lets us know where we stand by tomorrow before 10am PT if possible.

Thank you all,
Meredith

---

**From:** Keller, Andrea M <akeller@paulweiss.com>
**Date:** Thursday, January 18, 2024 at 11:34 AM
**To:** London, Sarah R. <slondon@lchb.com>, 'Rachel Abrams' <rabrams@peifferwolf.com>, Roopal Luhana <luhana@chaffinluhana.com>, Meredith Stratigopoulos <mdrukker@wattsguerra.com>, 'Sara Peters' <speters@WalkupLawOffice.com>, Bret Stanley <bstanley@pulaskilawfirm.com>
**Cc:** Phillips, Jessica E <jphillips@paulweiss.com>, Smith, Kyle <ksmith@paulweiss.com>, Murray, Louis <lmurray@paulweiss.com>
**Subject:** [EXTERNAL] MDL - Uber's Revised PFS

> You don't often get email from akeller@paulweiss.com. Learn why this is important

Counsel,

Attached please a revised PFS with edits from Uber.  We are also attaching a redline against the version that you sent to us last week.  This is subject to the usual caveats.

Please let us know some times when you are available to meet and confer next.

Thank you,
Andrea

**Andrea Keller** | Associate
**Paul, Weiss, Rifkind, Wharton & Garrison LLP**
1285 Avenue of the Americas | New York, NY 10019-6064
+1 212 373 3876 (Direct Phone) | +1 212 492 0876 (Direct Fax)
akeller@paulweiss.com | www.paulweiss.com
*Pronouns: She/Her*

This message is intended only for the use of the Addressee and may contain information that is privileged and confidential. If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited. If you have received this communication in error, please erase all copies of the message and its attachments and notify us immediately.

---

**CAUTION: This email originated from outside of Watts Guerra. Do not click links or open attachments unless you recognize the sender and know the content is safe.**