# EXHIBIT B

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | CASE NO. 19-MD-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 8: FACT SHEET IMPLEMENTATION ORDER** |
| This Document Relates to: | |
| *All Matters* | HONORABLE JUDGE WILLIAM H. ORRICK |

This Case Management Order ("CMO" or "Order") governs the form, schedule for completion, and service of personal injury Plaintiff Fact Sheets ("PFS") and Defendant Fact Sheets ("DFS") in this MDL. This Order applies to Defendant JUUL Labs, Inc. ("JLI"), Altria Group, Inc. and Philip Morris USA Inc. (collectively, "the Altria Defendants"), and all Plaintiffs and their counsel in: (a) all actions transferred to In re: JUUL Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation ("MDL-2913") by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its Order dated October 2, 2019 and (b) to all related actions directly filed in or removed to this Court.

1. **Online Platform**

The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS and DFS. The parties are directed to utilize BrownGreer's platform, "MDL Centrality," to fulfill their PFS and DFS obligations and also, directly or through their designated representatives, to enter into a contract with the company specifying the services to be provided, the costs of such services, and the parties' payment obligations. BrownGreer shall work with the parties to compile all necessary data. The parties shall serve their respective PFS, DFS, and responsive documents to the

requests for production of documents by uploading them to MDL Centrality.  Uploading the responsive discovery to MDL Centrality shall constitute effective service.

**2.    Plaintiff Fact Sheets**

The Court has approved a PFS that includes document requests and a variety of written authorizations for the release of records ("Authorizations").  *See* Exhibit 1.  Each Plaintiff must submit a completed PFS, executed Authorizations, and documents responsive to the requests in the PFS ("Responsive Documents") through MDL Centrality pursuant to the terms of this Order.

The obligation to comply with this CMO and to provide a PFS shall fall solely to the individual counsel representing a Plaintiff.  As with all case-specific discovery, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained.   In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee have no obligation to notify counsel for Plaintiffs whom they do not represent of Defendants' notice of overdue or deficient discovery or to respond to any motion practice pertaining thereto.

**3.    Defendant Fact Sheets**

The Court has approved a DFS that includes document requests.  *See* Exhibit 2.

JLI must submit a completed DFS and documents responsive to the requests in the DFS ("Responsive Documents") pursuant to the terms of this Order.

The Altria Defendants must submit a completed DFS and documents responsive to the requests in the DFS ("Responsive Documents") through MDL Centrality for the Plaintiffs for whom the Altria Defendants have information that is responsive to the requests set forth in the DFS and pursuant to the terms of this Order.

**4.    Discovery Mechanism**

The effect of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses, and where documents are requested, responses to requests for

production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

A PFS or DFS is served without prejudice to the Parties' right to propound additional discovery. The Parties have agreed that additional discovery requests are appropriate for those cases that are chosen by the Parties and/or Court as potential bellwether trial candidates. The Parties do not waive their rights to assert objections permitted under the Federal Rules of Civil Procedure to any additional discovery.

**5.     PFS Deadlines**

The following PFS deadlines shall apply:

A.     **Cases filed on or before the date of the entry of this Order:** For cases directly filed in this judicial district and entered on the MDL 2913 docket on or before entry of this Order and for cases the JPML transfers to MDL 2913 on or before entry of this Order, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after entry of this Order. A case shall be deemed transferred to MDL 2913 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

B.     **Cases filed after the date of the entry of this Order:** For cases directly filed in this judicial district and entered on the MDL 2913 docket after entry of this Order each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after the complaint has been entered on the docket. For cases the JPML transfers to MDL 2913 after entry of this Order, each Plaintiff must complete and submit a PFS, applicable executed Authorizations, and Responsive Documents within 60 days after the case has been transferred to this Court as defined in paragraph 5(A) above.

**6.      Procedures Applicable to Defendant Fact Sheets**

    **A.      Deadlines for Plaintiffs to Serve Identifying Information on Defendants Triggering Defendants' Obligation to Complete DFS.**

    1.      <u>**Cases filed on or before the date of the entry of this Order:**</u> For cases directly filed in this judicial district and entered on the MDL 2913 docket on or before entry of this Order and for cases the JPML transfers to MDL 2913 on or before entry of this Order, each Plaintiff serving a PFS shall provide their identifying information required in Section A of the DFS to JLI and the Altria Defendants within thirty (30) days after the entry of this Order . A case shall be deemed transferred to MDL 2913 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

    2.      <u>**Cases filed after the date of the entry of this Order:**</u> For cases directly filed in this judicial district and entered on the MDL 2913 docket after entry of this Order and for cases the JPML transfers to this MDL after entry of this Order, each Plaintiff serving a PFS shall provide his/her identifying information required in Section A of the DFS to JLI and the Altria Defendants within thirty (30)days after the complaint has been entered on the docket.  For cases the JPML transfers to this MDL after entry of this Order, each Plaintiff serving a DFS must provide their identifying information required in Section A of the DFS to JLI and the Altria Defendants within thirty(30) days after the case has been transferred to this Court as defined in paragraph 6(A)(1) above no later than the date the PFS is served on Defendants.

    3.      A Plaintiff's failure to timely provide their identifying information required in Section A of the DFS to JLI and the Altria Defendants within the deadline described above, shall automatically receive an additional 30 days to provide their identifying information to Defendants.   In the event such Plaintiff seeks more than 30 days, Plaintiff's counsel should initiate a meet and confer with Defendants'

counsel to reach agreement on additional time to provide the identifying information, or alternatively, engage in motion practice or seek leave of court to provide the identifying information to Defendants.

**B.      Service of Plaintiffs' Identifying Information.**

Each Plaintiff shall serve his/her identifying information required in Section A of the DFS to JLI and the Altria Defendants by uploading and submitting the information via MDL Centrality.

**C.      Deadlines for Defendants to Serve Responsive Fact Sheets.**

Within 30 days after the expiration of the 30-day deadline for  Plaintiff  to serve their identifying information required in Section A of the DFS, JLI and the Altria Defendants (to the extent applicable) shall serve the completed DFS and Responsive Documents upon the Plaintiff's counsel via MDL Centrality.

If a Plaintiff fails to provide the identifying information required in Section A of the DFS to JLI and the Altria Defendants by the date the PFS is served on Defendants but subsequently provides the required information after that date, Defendants shall serve the completed DFS and Responsive Documents upon the Plaintiff's counsel via MDL Centrality no later than thirty (30)  days after Plaintiff's service of the identifying information.

**7.      Substantial Completeness of PFS and DFS**

(a)      PFS and DFS submission must be substantially complete, which means a Party must:

1.      Answer all applicable questions (Parties may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");

2.      Include a signed Declaration (for a PFS) or Certification (for a DFS);

3.      Provide duly executed record release Authorizations (for a PFS); and

4.      Produce the requested documents to the extent such documents are in the Party's possession, custody, or control.

(b)     If a Party considers a PFS or DFS to be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served on the deficient Party's attorney of record via MDL Centrality. The deficient party will have thirty (30) days to correct the alleged deficiency(ies).

**8.     Objections Reserved to PFS and DFS**

All objections to the admissibility of information contained in the PFS and DFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with the requirements of Case Management Order No. 4:  Rule 502(d) and Privileged Materials Order, Docket No. 322, Section C.

**9.     Confidentiality of Data**

Information any Party provides pursuant to a PFS or DFS is deemed confidential, will only be used for purposes related to this litigation, and may be disclosed only as permitted by the Protective Order.

**10.     Scope of Depositions and Admissibility of Evidence**

Nothing in the PFS or DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial.  The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure.  The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and DFS and no objections are waived by virtue of providing information in any PFS or DFS.

**11.     Rules Applicable to Plaintiffs' Authorizations**

As set forth above, Authorizations together with copies of such records, to the extent that those records or copies thereof are in a Plaintiff's possession, custody, or control, shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

In addition to the addressed Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations. Plaintiff's counsel shall provide executed Authorizations to counsel for the MDL Defendants (or communicate an objection to said request for authorizations) within 14 days of a request for such Authorizations.

Should Plaintiffs provide Authorizations that are undated, this shall not constitute a deficiency or be deemed to be a substantially non-complete PFS. Defendants (or the applicable records vendor, Medical Research Consultants, Inc. ("MRC")) have permission to date (and where applicable, re-date) undated Authorizations before sending them to records custodians.

If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, the MDL Defendants (or the applicable records vendor, MRC) shall notify a Plaintiff's individual representative counsel and a designated individual from MDL Liaison Counsel. Upon notification, counsel shall work together in good faith to resolve the records issue.

In the event a records custodian requires a proprietary authorization or other particular form, the MDL Defendants (or the applicable records vendor, MRC) will provide it to Plaintiff's individual representative counsel who shall thereafter execute and return the proprietary authorization or other particular form within 14 days.

The MDL Defendants or their designees (including the applicable records vendor, MRC) shall have the right to contact agencies, companies, firms, institutions, or providers to follow up on record copying or production.

Counsel for each Plaintiff will have the right to obtain copies of all documents Defendants receive pursuant Authorizations provided by that Plaintiff. The Parties will meet and confer regarding the process and terms of Defendants (and/or the applicable records vendor, MRC) providing copies of documents obtained.

**12.     Failure to Serve PFS**

**A.      Notice by Defendants of Overdue Discovery**

Any Plaintiff who fails to comply with his or her PFS obligations under this Order may be subject to having his or her claims dismissed.  If a Plaintiff has not submitted a completed PFS within 30 days following the due date set forth herein, the MDL Defendants may send a Notice of Overdue Discovery via MDL Centrality.

**B.      Motion to Dismiss Without Prejudice**

If a Plaintiff fails to submit a completed PFS within 30 days after receipt of the Notice of Overdue Discovery, any Defendant may move the Court for an Order dismissing the Plaintiff's Complaint Without Prejudice.  A Plaintiff subject to such motion shall have 14 days from the date of the Defendant's motion to file a response either (a) certifying that the Plaintiff has submitted a completed PFS or (b) opposing the Defendant's motion for other reasons.  If a Plaintiff certifies that he or she has submitted a completed PFS, the Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect).

**13.     Motion to Convert Order of Dismissal without Prejudice to Order of Dismissal with Prejudice**

If the Court dismisses a Complaint without prejudice under the previous paragraph, the Defendant may move the court no earlier than 30 days after the Court's entry of the Order of Dismissal Without Prejudice to convert the Order to an Order of Dismissal With Prejudice.  If the Plaintiff serves Defendant's counsel or their designee(s) with a completed PFS prior to the filing of Defendant's motion to convert a dismissal without prejudice to a dismissal with prejudice, the parties shall submit a stipulated motion to vacate the dismissal without prejudice Order.

1    **IT IS SO ORDERED.**

2

3                                         _____
                                          HONORABLE JUDGE WILLIAM H. ORRICK
4                                         UNITED STATES DISTRICT JUDGE

5    **Dated: March 27, 2020**

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**EXHIBIT 1**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS  LIABILITY LITIGATION | ) ) ) ) ) |

MDL No. 2913
Case No. 19-md-02913-WHO
JUDGE WILLIAM H. ORRICK

**This Document Relates to:**

     **Plaintiff:** [_____]
     **Individual Case Docket No.:** [_____]

**PLAINTIFF FACT SHEET - PERSONAL INJURY**

     Please provide the following information for each individual who has filed a complaint or on whose behalf a complaint has been filed in the *In Re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 13-2913. In completing this Plaintiff Fact Sheet, you are under oath and must provide information that is true and correct to the best of your knowledge, information and belief. Please do not leave any questions unanswered or blank. If you are filling out this Fact Sheet in hard copy, use additional sheets as needed to fully respond.

     You may and should consult with your attorney if you have any questions regarding the completion of this form.

     *This Plaintiff Fact Sheet constitutes discovery responses subject to the Federal Rules of Civil Procedure. Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Protective Order.*

**I.**    **CASE INFORMATION**

     1.    Case name:_____

     2.    Case number:_____

     3.    Name of the court in which the complaint was initially filed:

            _____

     4.    Filing date of the complaint:_____

     5.    Named plaintiff(s) in the complaint:

            _____

6.     Name, firm, and e-mail address of principal attorney(s) representing you:

Name:_____

Firm: _____

Email address:_____

## II.    **REPRESENTATIVE CAPACITY**

*If you are completing this questionnaire in a representative capacity (meaning on behalf of a minor, a decedent or a person who lacks capacity to complete it on their own), respond to the questions below on <u>behalf</u> of the person who used JUUL products. If you are completing this Fact Sheet for someone else, assume that "you" means the person who used JUUL products.*

7.     If you are completing this Fact Sheet **on behalf of someone else** (*for example*, a deceased person, an incapacitated person, or a minor), complete the following:

    a.  Name of individual completing this Fact Sheet

    _____

    b.  Your current address

    _____

    c.  What is your relationship to the person upon whose behalf you have completed this Fact Sheet? (for example, parent, guardian, Estate Administrator)

    _____

    d.  If a court appointed you to act on behalf of a minor, an incapacitated person, or on behalf of the estate of a deceased person, state the court and date of appointment.

    _____

    e.  If you represent a decedent's estate, state the date and place of decedent's death.

    _____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

    f.  Are you filling out this form on behalf of an individual who is deceased and on whom an autopsy was performed?  \_\_\_\_\_ Yes \_\_\_\_\_ No

**If yes**, state the following from the autopsy report of the individual: (NOTE: In lieu of the following, you may attach a copy of the autopsy report.)

Date of autopsy:_____

Name of physician who performed autopsy:_____

    g.  If you represent a decedent's estate, do you contend that use of JUUL Products[1] caused or contributed to the decedent's death?

Yes \_\_\_\_\_ No \_\_\_\_\_ Unsure at this time/Investigation ongoing\_\_\_\_\_

**If yes**, identify the decedent's surviving spouse, parents, and children and provide their addresses (or the addresses of their attorneys, if applicable) and the age of any surviving children.

_____

_____

_____

_____

## III.   **PERSONAL INFORMATION**

8.    Legal Name:_____

Other Names by which you have been known (maiden name, prior marriages or otherwise, if any):

_____

9.    Gender Identity: _____

10.   Social Security Number: _____

11.   Date and Place of Birth (City, State, Country):

_____

---

[1]   "JUUL Products" is defined to include all of JUUL's products, including its vaping device and JUULpods.

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

12.   List your current and previous addresses for the past five (5) years and the periods you resided at each location including addresses while at college:

| Address (es) | Date |
|---|---|
|  |  |
|  |  |
|  |  |

13.   If married or in a domestic partnership/civil union, provide the following information:

Name of spouse/partner:_____

14.   Provide the following information about your education from the 7th grade onward:

**School(s):**

| Name of School | City and State | Dates of attendance | Grade(s) completed | Diploma Obtained (Y/N) |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**Post-Secondary Schools (i.e., College, Trade School, Training Programs, etc.):**

| Name of School | City and State | Dates of attendance | Degree Awarded, If any | Major or Primary Field |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |
|  |  |  |  |  |

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

4

**IV.**   **EMPLOYMENT HISTORY**

15.   Complete the chart below detailing your employment history for the past five (5) years.

| Name of Employer | City and State Where You Worked | Approximate Dates of Employment (Month/Year to Month/Year) | Occupation or Job Title |
|---|---|---|---|
| | | | |
| | | | |
| | | | |

**V.**   **JUUL USE**

16.   Have you used JUUL Products?

Yes_____ No _____

a.   **If yes**, identify whether you used the following JUUL Products (check all that apply).

_____ JUUL Device

_____ JUULpods

17.   Do you currently use JUUL Products?

Yes_____ No _____

18.   Identify each flavor(s) of JUUL pods and the strength of JUUL pods you have used.

**Flavor**                                        **Strength**

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER
ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL
CONSISTENT WITH THAT ORDER**

19.     With respect to the period(s) of your JUUL use, please provide (i) the approximate JUUL start date or re-start date (ii) the State where you started or re-started JUUL; (iii) the approximate date you stopped using JUUL for more than a week, if applicable;  and (iv) frequency of using JUUL during each time period, including the approximate number of JUULpods used on average per day or per week.

| Approximate Start Date or Re-Start Date | State Where Started or Re-Started | Approximate Date You Stopped Using JUUL (If you stopped) | Frequency of JUULpods used on average (either per day or per week) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

20.     Do you have receipts, proof of purchase, and/or email confirmation for any of the JUUL Products you have used?

Yes _____ No _____

**To the extent you have receipts, proof of purchase, and/or email confirmation  for these products, provide copies of those receipts and other supporting documents.**

21.     Have you ever personally purchased JUUL Products <u>directly from</u> JUUL Labs, Inc. online (*i.e.*, from juul.com or juulvapor.com, as opposed to another retailer)?

Yes_____ No _____ I do not recall _____

**If yes,** provide the following:

    a.  Full name associated with the online JUUL account:

        _____

    b.  E-mail address (es) associated with the online JUUL account:

        _____

    c.  Physical address (es) associated with the online JUUL account:

        _____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

22.     Did you purchase JUUL products from third-party websites (*i.e.*, websites other than juul.com or juulvapor.com)?

Yes_____   No _____   I do not recall _____

a. **If yes**, identify all third-party websites where you purchased JUUL products and the approximate dates of purchase:

| Name | Website Address | Approximate Dates of Purchase |
|------|-----------------|-------------------------------|
|      |                 |                               |
|      |                 |                               |
|      |                 |                               |

23.     Did you purchase JUUL products from retail stores (*i.e.*, traditional, brick-and-mortar locations such as convenience stores or vaping stores)?

Yes_____   No _____   I do not recall _____

a. **If yes**, identify all retail stores

| Name | Physical Address | Approximate Dates of Purchase |
|------|------------------|-------------------------------|
|      |                  |                               |
|      |                  |                               |
|      |                  |                               |

24.     Have you ever used JUUL Products that you did not personally purchase yourself?

Yes _____   No_____I do not recall _____

a.   **If yes**, how did you obtain the JUUL Products that you did not personally purchase? (Please select as many as are applicable).

**If other**, please explain: _____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

**VI.**     **USE OF OTHER NICOTINE-CONTAINING PRODUCTS (NICOTINE PRODUCTS INCLUDE OTHER VAPING DEVICES AND E-CIGARETTES WITH NICOTINE, COMBUSTIBLE CIGARETTES, CIGARS, CHEWING TOBACCO, SNUFF, DIP, ETC.)**

**A.**     **Before JUUL Use:**

25.     Did you use any nicotine-containing products before the first time you used JUUL?

Yes_____ No _____

a.     **If yes**, then limiting your answer to the time-period before your use of JUUL: (a) list each nicotine-containing product by brand name that you used; (b) the approximate time-period of use; and (c) frequency of use.

| Type and Brand of Nicotine-Containing Product | Approximate Time Period of Product Use | Frequency of Use of Other Nicotine-Containing Product |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**B.**     **Use of Other Nicotine-Containing Products Overlapping with JUUL Use:**

26.     Did you use any other nicotine-containing products at any point during the same time-period that you have used JUUL?

Yes _____   No _____   Not applicable _____

a.     **If yes**, then with respect to the time period that you used other nicotine-containing products that overlap with your use of JUUL (a) list each nicotine-containing product by brand name that you used; (b) the time-period of use that overlaps with your JUUL use; and (c) describe your frequency of use.

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

| Type and Brand of Nicotine-Containing Product | Approximate Time Period of Product Use Overlapping with JUUL Use | Frequency of Use of Other Nicotine-Containing Product |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**C.**  **Use of Other Nicotine-Containing Products After Using JUUL:**

27.   Did you use any other nicotine-containing products <u>after</u> you stopped using JUUL?

Yes_____ No _____N/A due to still using JUUL: _____

a.  **If yes**, then after you stopped using JUUL (a) identify each nicotine-containing product by brand name; (b) the approximate date-range of use that overlaps with your JUUL use; and (c) describe your frequency of use.

| Type and Brand of Nicotine-Containing Product | Approximate Time Period of Product Use | Frequency of Use of Other Nicotine-Containing Product |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

**VII.**  **ADVERTISING**

28.   Did you ever see an advertisement for JUUL before or during the timeframe you were using JUUL Products?

Yes\_\_\_\_\_ No \_\_\_\_\_

a.  **If yes**, identify the type of advertising you saw (internet, brochure, TV, billboards, social media, store signs or displays, magazine, etc.).

_____

_____

_____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

**VIII.   OTHER SUBSTANCE HISTORY.**

29.   Alcohol Consumption

a.   Do you consume alcohol?

Yes_____   No _____

b.   **If yes,** on average, how much alcohol do you drink?

_____ 1-5 drinks per week

_____ 6-10 drinks per week

_____ 10 or more drinks per week

_____ Other. Explain: _____

30.   Cannabis, THC, or Marijuana

a.   Have you used cannabis/marijuana/THC?

Yes_____   No _____

b.   If you have used cannabis/marijuana/THC, did you use it before you started using JUUL?

Yes_____   No _____

I.   **If yes**, please describe how often:
_____

c.   If you have used cannabis/marijuana/THC, did you use it during your period of JUUL usage?

Yes_____   No _____

I.   **If yes**, please describe how often:

_____

d.   Please identify the device(s) and/or method(s) for your use or ingestion of cannabis, marijuana, or THC.

_____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

e. Have you ever vaped cannabis/marijuana/THC with a JUUL Device?

   Yes_____ No _____

f. Have you ever used a vape device other than a JUUL device to vape cannabis/marijuana/THC?

   Yes_____ No _____

31. <u>Other Substances</u>

   a. Have you used any <u>other</u> recreational drugs?

      Yes_____ No _____

   **b. If yes,** have you ever used a recreational drug two or more times?

      Yes_____ No _____

   c. **If yes,** please identify: i) the name of each drug you used two or more times, ii) the period of drug usage in relation to your JUUL usage (check all that apply), and iii) how frequently you use(d) the drug.

      i) Name of Drug: _____

      ii) Period of drug usage in relation to JUUL usage (check all that apply): | Before [ ] | During [ ] | After [ ] |

      iii) Frequency of drug usage:

         If you selected "other", please explain: _____

      i) Name of Drug: _____

      ii) Period of drug usage in relation to JUUL usage (check all that apply): | Before [ ] | During [ ] | After [ ] |

      iii) Frequency of drug usage:

         If you selected "other", please explain: _____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

       i) Name of Drug: _____

       ii) Period of drug usage in relation to JUUL usage (check all that apply):

| Before [ ] | During [ ] | After [ ] |
|---|---|---|

       iii) Frequency of drug usage:

       If you selected "other", please explain: _____

## IX.   MEDICAL BACKGROUND

32.   Current Height: _____

33.   Current Weight: _____

34.   During the seven (7) year period before you began using JUUL through the present date, identify each of your primary care physicians (such as pediatricians, family medicine doctors or internists) who treated you for any condition.

| Dates of Treatment | Name and address of healthcare provider | Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

35.   During the seven (7) year period before you began using JUUL through the present date, identify all hospitalizations and surgeries (including in-patient and outpatient surgeries) for any condition.

| Dates of Treatment | Name and address of hospital | Condition |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |

36.   List all prescription medications that you have taken during the seven (7) year period before you started using JUUL through the present date.

| List all Prescriptions | Approximate Dates of Use | Pharmacy Used |
|---|---|---|
|  |  |  |

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

| List all Prescriptions | Approximate Dates of Use | Pharmacy Used |
|---|---|---|
| | | |
| | | |
| | | |

**X.    INJURIES, ILLNESSES AND CONDITIONS**

37.    Have you sought medical treatment for any injury(ies), illness(es), or condition(s) you claim were caused in whole or in part by JUUL products?

Yes_____   No _____

38.    Identify injury (ies), illness (es), or condition(s) you claim were caused in whole or in part by JUUL Products:

| Injury, Illness, or Condition | Check all that apply | Approximate date of onset | Is it ongoing? [Y / N] |
|---|---|---|---|
| **a.  Addiction** | | | |
| **b.  Nicotine Poisoning** | | | |
| **c.  Behavioral Issues/Mental Health:** | | | |
| • Anger/outbursts | | | |
| • Mood swings | | | |
| • Irritability | | | |
| • Suicidal thoughts | | | |
| • Suicidal attempts | | | |
| • Death by suicide | | | |
| • Other (specify): _____ | | | |
| **d.  Cognitive Issues:** | | | |
| • Attention Deficit Disorder | | | |
| • Learning impairments | | | |
| • Lack of concentration | | | |
| • Trouble sleeping | | | |
| • Other (specify) _____ | | | |
| **e.  Cardiovascular:** | | | |
| • Heart attack | | | |
| • Other cardiovascular diagnosis (specify): _____ | | | |

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

13

| Injury, Illness, or Condition | Check all that apply | Approximate date of onset | Is it ongoing? [Y / N] |
|---|---|---|---|
| **f.  Death** | | | |
| **g.  Neurologic** | | | |
| • Seizures | | | |
| • Stroke | | | |
| **h.  Respiratory/Lung:** | | | |
| • Acute eosinophilic pneumonia/pulmonary eosinophilia | | | |
| • Acute interstitial pneumonitis or Acute pneumonia | | | |
| • Acute respiratory distress syndrome (ARDS) | | | |
| • Asthma | | | |
| • Bronchitis | | | |
| • Chronic lung problems | | | |
| • Chronic obstructive pulmonary disease ( COPD ) | | | |
| • E-cigarette, or vaping, product use associated lung injury (EVALI) | | | |
| • Emphysema | | | |
| • Lipoid pneumonia | | | |
| • Lung transplant | | | |
| • Other specified interstitial pulmonary disease | | | |
| • Pneumonia (any type) (specify): _____ | | | |
| • Popcorn lung/bronchiolitis obliterans | | | |
| **i.  Other personal injuries (specify):** _____ | | | |

If you checked any of the injuries, illnesses, or conditions listed under 38(c) - Behavioral Issues/Mental Health, **you must complete Authorization A1 - Mental Health, and answer the following question. If you did not check any of these, you do not need to complete Authorization A1 or answer the following question.**

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

39. If you received treatment for any of the injuries, illnesses, or conditions identified in any of the conditions listed under 38(c) - Behavior Issues/Mental Health, please provide the following information:

| Name Provider/Facility/ Counselor | Address of Provider/Facility/ Counselor | Approximate Dates of Treatment |
|---|---|---|
|  |  |  |
|  |  |  |
|  |  |  |
|  |  |  |

40. As to all other injuries, illnesses, and/or conditions you checked in the chart in response to Question No. 38 above; please separately provide the information requested in the Table below:

| Injury, Illness, or Condition | Did you receive treatment? Yes / No | Date range of treatment | Name and address of medical provider (i.e. treating physician(s) and/or healthcare facility(ies)) | Narrative / general description of treatment |
|---|---|---|---|---|
|  |  |  | *Physician Name:* <br><br> *Facility:* <br><br> *Street:* <br><br> *City:* <br><br> *State:*    *Zip:* |  |
|  |  |  | *Physician Name:* <br><br> *Facility:* <br><br> *Street:* <br><br> *City:* |  |

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

| Injury, Illness, or Condition | Did you receive treatment? Yes / No | Date range of treatment | Name and address of medical provider (i.e. treating physician(s) and/or healthcare facility(ies)) | Narrative / general description of treatment |
|---|---|---|---|---|
| | | | *State:        Zip:* | |
| | | | *Physician Name:* *Facility:* *Street:* *City:* *State:        Zip:* | |
| | | | *Physician Name:* *Facility:* *Street:* *City:* *State:        Zip:* | |
| | | | *Physician Name:* *Facility:* *Street:* *City:* *State:        Zip:* | |

41.    Have you or anyone acting on your behalf had any discussions with any doctor or other healthcare provider about whether JUUL Products caused or contributed to any injuries, illnesses, or conditions?

Yes_____   No _____

a.   **If yes**, provide, the doctor's or healthcare provider's name and address, the approximate date of that discussion.

_____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

_____

_____

42.     If applicable, list the names of all insurers or government health programs who have been billed for or paid medical expenses related to any injury, illness, or condition that you claim was caused in whole or in part by JUUL Products for which you seek recovery in this lawsuit.

_____

_____

_____

43.     Are you claiming lost wages?

        Yes_____   No _____

        a.  **If yes**, provide the approximate amount of lost wages you are claiming.

        _____

## XI.    FACT WITNESSES

44.     Please identify all healthcare providers other than those already identified in this Fact Sheet who possess information concerning your JUUL use and/or your illness(es)/injury(ies) that you or your medical providers assert resulted from or were exacerbated by your JUUL use.

| Name | Address | Relationship to You |
|------|---------|---------------------|
|      |         |                     |
|      |         |                     |
|      |         |                     |

## XII.   PRIOR CLAIMS, LEGAL MATTERS, AND MEDICAL COVERAGE

45.     Have you ever filed a workers' compensation claim?

        Yes _____No _____

46.     Have you ever filed a claim for Social Security Disability Insurance benefits ("SSDI")?

        Yes _____No _____

47.     Have you ever filed any other lawsuit?

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

Yes ____No ____

    a.  **If yes**, please describe the nature of the lawsuit:

_____

_____

_____

## XIII.  <u>DOCUMENTS AND AUTHORIZATIONS</u>

Plaintiff agrees to produce copies of signed and dated authorizations to the extent applicable within thirty (30) days of the date of service of this Plaintiff Fact Sheet for the releases listed below. Plaintiff agrees that any document request for records to be produced by plaintiff will not preclude defendant from also collecting such records directly from the source pursuant to the signed authorizations.

Attach the following documents to this Fact Sheet, making certain that all releases are signed and dated within 30 days of submission:

1.    Medical records release (Ex. A)—leave the "To" field blank.

2.    If you checked any of the injuries, illnesses, or conditions listed under question 38(c) - Behavioral Issues/Mental Health, execute the Medical, including Mental Health, records release (Ex. A1)—leave the "To" field blank.

3.    If you are claiming lost wages, execute the IRS Forms (Ex. B) and Employment release (Ex. C).

4.    Execute the disability release (Ex. D) if you answered "yes" to question 46.

5.    Insurance release (Ex. E).

6.    Federal disclosure (Ex. F).

7.    If you contend you used JUUL Products while you were in school and it damaged your school performance or grades, please execute the Education release (Ex. G).

8.    If applicable, decedent's death certificate and autopsy report.

9.    If applicable, to the extent you have receipts, or proof of purchase for any JUUL products, please produce copies of those receipts and other supporting documents evidencing the purchase(s).

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

## **DECLARATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all of the information provided in this Plaintiff Fact Sheet is true and correct, and that I have supplied all the documents requested in this Plaintiff Fact Sheet, to the extent that such documents are in my possession, custody, or control, and that I have supplied the authorizations attached to this declaration. I understand that I am under an obligation to supplement these responses.

_____          _____
Signature                                                                      Date

_____
Name (Printed)

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER
ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL
CONSISTENT WITH THAT ORDER**

# Exhibit A

(Healthcare Authorization)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
Northern District of California
No. 19-md-02913-WHO

**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**
***(Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)***

TO: _____

Patient's Name:  _____

Former/Alias/Maiden Name of Patient:  _____

Patient's Date of Birth: _____

Patient's Social Security Number:  _____

I _____, hereby authorize you to release and furnish to  _____and/or their duly assigned agents, including _____ copies of the following information.  The records requested are for the time period of ten (10) years prior to the date on which this authorization is signed and may include, but are not limited to:

- All medical records, including inpatient, outpatient, and emergency room treatment, physician's records, surgeon's records, physical information, operating room records, discharge summaries, progress notes, patient intake forms, nurses' notes, therapists' notes, social worker's records, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctors' handwritten notes, and records received by other physicians.
- All autopsy, laboratory, histology, cytology, pathology, immunohistochemistry radiology, nuclear medicine, radiation therapy, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- Copies of x-rays, mammograms, myelograms, CT scans, MRI films, photographs, bone scans, and any other radiological, nuclear medicine or radiation therapy films, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records, including all statements of account, itemized bills, invoices, and insurance records, relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement.

- **Notwithstanding the broad scope of the above disclosure requests, the undersigned does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis as such terms are defined by HIPPA, 45 CFR§164.501.**

1. **To my medical provider: this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of civil litigation. You are not authorized to discuss any aspect of the above named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV).

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing to _____. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire three years after the date of signature of the undersigned below.

4. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign his form in order to assure treatment. I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. CFR 164.508. A copy of this authorization may be used in place of an original.

6. I have read this Authorization and understand it will permit the entity identified above to disclose protected health information to _____.

_____        _____
Signature of Patient or Personal                Date
Representative

_____
Printed Name of Patient or Personal
Representative

_____
If Personal Representative, Description of Authority

# Exhibit A1

(Healthcare Authorization including Mental Health)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
Northern District of California
No. 19-md-02913-WHO

**AUTHORIZATION TO DISCLOSE PSYCHIATRIC, PSYCHOTHERAPY, AND MENTAL HEALTH RECORDS AND NOTES INFORMATION PURSUANT TO HIPAA**

(45 CFR Parts 160 and 164)

To : _____

Patient: _____
Date of Birth:_____
Social Security Number: _____

I, the undersigned, hereby authorize and request the above-named entity to disclose to the agents or designees the law firm of _____, and/or to _____, any and all psychiatric records and psychotherapy notes records, including those that may contain protected health information (PHI) regarding _____, whether created before or after the date of signature. This authorization should also be construed to permit agents or designees of _____ and/or _____ to copy, inspect and review any and all such records. The records requested are for the time period of ten (10) years prior to the date which this authorization is signed and may include, but are not limited to:

> complete copies of all psychiatric records and psychotherapy notes reports, therapist's notes, social worker's records, all medical records, physicians' records, surgeons' records, pathology/cytology reports, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, correspondence, insurance records, consent for treatment, statements of account, itemized bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of this patient, or documents containing information regarding amendment of protected health information (PHI) in the medical records. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information.

Unless revoked in writing, this authorization shall expire one year after it is signed. The individual signing this authorization will be provided with a copy. The purpose of this authorization is for civil litigation. A copy of this authorization may be used in place of and with the same force and effect as the original.

**XIV.  NOTICE**

- **The individual signing this authorization has the right to revoke this authorization at any time, provided the revocation is in writing to _____; _____ except to the extent that the entity has already relied upon this Authorization to disclose protected health information (PHI).**
- **The individual signing this authorization understands that the covered entity to whom this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not the individual signs the authorization.**
- **The individual signing this authorization understands that protected health information (PHI) disclosed pursuant to this authorization may be subject to redisclosure by the recipients and that, in such case, the disclosed PHI no longer will be protected by federal privacy regulations.**

- **The individual signing this authorization expressly authorizes the above-named entity to disclose psychiatric records and psychotherapy notes and information to _____ and/or _____, and authorizes re-disclosure of said records and information to consultants, experts, agents, and/or other counsel in this litigation.**
- **The individual signing this authorization understands information authorized for release may include records that may indicate the presence of a communicable disease.**

I have read this Authorization and understand that it will permit the entity identified above to disclose my PHI, including psychiatric records and psychotherapy notes records and information, to _____, and/or to _____. I further understand that records pertaining to psychiatric records and psychotherapy notes information may be specifically protected by federal and/or state regulations; by signing this authorization I am allowing the disclosure of any psychiatric records and psychotherapy notes information held by the entity identified above.


_____        _____
Name of Patient                                        Signature of Patient or
                                                       Patient's Representative


_____        _____
Former Alias/Maiden name of Patient                    Date


_____        _____
Date of Birth of Patient                               Name of Representative


                                                       Description of Authority:


_____        _____
Address of Patient


_____
Social Security Number of Patient

# Exhibit B

(IRS Forms - see attached)

[Placeholder for IRS Forms]

# Exhibit C

## (Employment Authorizations)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY
LITIGATION*
Northern District of California
No. 3:16-md-02741-VC

<u>**HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508
EMPLOYMENT AUTHORIZATION**</u>

TO:

_____

   Name of Employer

_____

   Address, City, State, and Zip Code

Re:

      Name_____

      Date of Birth: _____

      Social Security Number:_____

      Address:_____

I authorize the disclosure of my employment records including any medical information protected
by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal
claim. I expressly request that all entities identified above disclose full and complete records for
the time period of ten (10) years prior to the date on which this authorization is signed and may
include, but are not limited to:

copies of all applications for employment; resumes; records of all positions held; job descriptions
of positions held; wage and income statements and for compensation records; wage increases and
decreases; performance evaluations, reviews and reports; transfers, statements and comments of
fellow employees; all documents relating to discipline including warnings, reprimands,
suspensions, terminations, and all other forms of discipline; attendance records; IRS Form W-2s,
worker's compensation files; all medical records, x-rays and test results; any physical examination
records; all documents relating to my absences, illnesses and injuries; any records pertaining to
claims made relating to health, disability or accidents in which I was involved including
correspondence, reports, claim forms, questionnaires, records of payments made to me or on my
behalf; and any other records relating to my employment and in my personnel file.

I authorize you to release the information to:

Name of Record Requestor_____.

Address:  _____ _

I intend that this authorization shall be continuing in nature. If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I understand that the entity to which this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

**This authorization expires three years after the date of signature of the undersigned below.**

_____     _____
Signature of Patient or Personal Representative     Date

_____
Printed Name of Patient or Personal
Representative

_____
If Personal Representative, Description of Authority

# Exhibit D
(Disability Authorizations)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
Northern District of California
No. 19-md-02913-WHO

**AUTHORIZATION FOR RELEASE OF DISABILITY CLAIMS RECORDS**

To: _____
Name of Entity

_____
Address

_____
City, State, Zip Code

This will authorize you to furnish copies of any and all records of disability claims of any sort, for the time period of ten (10) years prior to the date on which this authorization is signed, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____
*Name of Claimant*

whose date of birth is _____ and whose social security number is _____.

You are authorized to release the above records to the following company, which has agreed to pay reasonable charges made by you to supply copies of such records.

_____
Name of Company

Records Requester _____
Representative Capacity (for example, attorney, records requester)

_____
Street Address

_____
City, State, Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

_____     _____
Signature of Claimant or Personal            Date
Representative

_____
Printed Name of Claimant or Personal
Representative

_____
If Personal Representative, Description of Authority

# Exhibit E

(Education Authorizations)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
Northern District of California
No. 19-md-02913-WHO

**<u>AUTHORIZATION FOR RELEASE OF EDUCATIONAL RECORDS</u>**

To: _____
       Name of Entity

       _____
       Address

       _____
       City, State, Zip Code

This will authorize you to furnish copies of any and all school records, including, but not limited to, test results, test scores, report cards, or other school grading material, attendance records, physicals and other health-related records, including but not limited to any physicians, nursing or allied health professional reports, records or notes, that may be in your possession

_____
*Name of Student*

whose date of birth is _____ and whose social security number is _____.

        You are authorized to release the above records to the following company, which has agreed to pay reasonable charges made by you to supply copies of such records.

       _____
       Name of Company

       <u>Records Requester</u>_____
       Representative Capacity (for example, attorney, records requester)

       _____
       Street Address

       _____
       City, State, Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

_____          _____
Signature of Claimant or Personal          Date
Representative

_____
Printed Name of Claimant or Personal
Representative

_____
If Personal Representative, Description of Authority

# Exhibit F

## (Insurance Authorizations)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION*
Northern District of California
No. 19-md-02913-WHO

**AUTHORIZATION FOR RELEASE OF INSURANCE RECORDS**

To: _____
Name of Entity

_____
Address

_____
City, State, Zip Code

This will authorize you to furnish copies of all forms regarding insurance claims

applications and benefits and all medical, health, hospital, physicians, nursing or allied health

professional reports, records, notes, invoices, and bills, which may be in your possession, for the

time period of ten (10) years prior to the date on which this authorization is signed concerning:

_____
*Name of Insured*

whose date of birth is _____ and whose social security number

is _____.

You are authorized to release the above records to the following company, which has

agreed to pay reasonable charges made by you to supply copies of such records.

_____
Name of Company

Records Requester _____
Representative Capacity (for example, attorney, records requester)

_____
Street Address

_____
City, State, Zip Code

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

_____        _____
Signature of Claimant or Personal                Date
Representative

_____
Printed Name of Claimant or Personal
Representative

_____
If Personal Representative, Description of Authority

# Exhibit G
## (Federal Disclosure)

**Federal Disclosure Requirements**
**(required by 42 U.S.C. § 1395y(b)(7) and (b)(8))**

Defendants may be required to report to the federal government certain information to fulfill Medicare Secondary Payer Act reporting requirements. Complete the following form.

Full Legal Name:_____

Date of Birth: _____

Gender:_____

Social Security Number:_____

Health Insurance Claim Number (HICN):_____

Are you eligible to receive Medicare benefits?

Yes___

No____

If so, on what date did you become eligible to receive Medicare benefits?

_____

PLACEHOLDER FOR FEDERAL FORMS 4506-T & 4506

**EXHIBIT 2**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

———————————————————————
                                                    )
IN RE JUUL LABS, INC., MARKETING,     )     **MDL No. 2913**
SALES PRACTICES, AND                         )     **Case No. 19-md-02913-WHO**
PRODUCTS  LIABILITY LITIGATION       )      **JUDGE WILLIAM H. ORRICK**
———————————————————————)

**This Document Relates to:**

    **Plaintiff:** [_____]
    **Individual Case Docket No.:** [_____]

———————————————————————————————————

**DEFENDANTS' FACT SHEET**

    Defendant JUUL Labs, Inc. ("JLI") must complete this Defendants' Fact Sheet ("DFS") for the above-named Plaintiff in *In Re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, MDL No. 13-2913.   Altria Group, Inc. and Philip Morris USA Inc. (collectively, "the Altria Defendants") need only complete this DFS for the Plaintiffs for whom the Altria Defendants have information that is responsive to the requests set forth below.   In completing this Defendants' Fact Sheet, Defendants are under oath and must provide information that is true and correct to the best of your knowledge, information and belief.

    *This Defendants' Fact Sheet constitutes discovery responses subject to the Federal Rules of Civil Procedure.  Information provided will only be used for purposes related to this litigation and may be disclosed only as permitted by the Protective Order in this litigation.*

    This DFS pertains to the following case:

    Case caption: _____

    Civil Action No.: _____

    Date that this DFS was completed: _____

**INSTRUCTIONS**

    "YOU", "YOUR", or "DEFENDANTS" refers to entity(ies) named as defendant(s) in the case to which responses in this DFS are provided.  Please provide the following information for the Plaintiff identified in the above-referenced action.  In filling out this form, please respond on the basis of information and/or documents that are reasonably available to You.

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

A. The "PLAINTIFF" who is serving this DFS provides their identifying information below. To the extent Plaintiff has a juul.com account, the information provided below is the same as that associated with Plaintiff's juul.com account.

    a. Name(s): _____

    b. Email address(es): _____

    c. Physical address(es): _____

    d. Date of Birth: _____

    e. Has Plaintiff ever made a request to JLI for a replacement product under JLI's Limited Warranty or other program? _____ Yes_____ No

    f. Has Plaintiff ever participated in any program sponsored by JLI? _____ Yes_____ No.   If yes, please identify the type of program: _____.

If Plaintiff has made online purchase(s) from juul.com, Plaintiff also provides the following identifying information, if known:

    g. Date(s) of purchase: _____

    h. Product(s) purchased: _____

    i. Address(es) where order(s) were shipped: _____

    j. Other identifiers: _____

YOU are required to search all transaction records and customer complaint databases with these identifiers associated with Plaintiff.

**REQUESTS FOR INFORMATION:**

1. Is Plaintiff's name and/or other identifying information defined above associated with any juul.com accounts used to purchase JUUL products, including, but not limited to monthly subscription services, JLI's Auto-Ship Program, or other records of purchases or sales data for any JUUL product?

        Yes _____   No _____

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

2.  If YOUR answer is "Yes" to question 1 above, please provide the following information in the Chart below:

(a) Account Name; (b) Order Number; (c) Date(s) of purchase; (d) Type and Quantity of products purchased; (e) Address where order was shipped; and (f) Shipping Name.

| Account Name | Order Number | Date of Purchase | Type and Quantity of Product(s) purchased | Address where order was shipped | Shipping Name |
|---|---|---|---|---|---|
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |
|  |  |  |  |  |  |

3.  Based on Plaintiff's name and/or other identifying information defined above, has JLI ever been contacted by Plaintiff, whether by phone or through written communication for any reason other than purchasing JUUL products as can be determined through a diligent search of YOUR customer complaints database?  This question excludes communications related to this litigation.

Yes _____ No ___

4.  If YOUR answer is "Yes" to Question No. 3 above, please provide the following information in the Chart below:

(a) the time period, specifically the date(s) of the contact and (b) the source of contact.

| Date of Contact | Source of contact |
|---|---|
|  |  |
|  |  |
|  |  |

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

3

5. If Plaintiff answered "Yes" to Question No. A(e) above (stating that Plaintiff made a request to JLI for a replacement product under JLI's Limited Warranty or other program), please provide the following information as can be determined from Plaintiff's name and/or other identifying information defined above:

| Request Made | JLI's Response | If Applicable, Address Where Products Were Shipped |
|---|---|---|
| | | |
| | | |
| | | |

6. To YOUR knowledge, has Plaintiff ever participated in any program sponsored by JLI, including, but not limited to the "Refer-an-Adult-Smoker", and any other Programs?

Yes _____    No _____

7. If YOUR answer is "Yes" to Question No. 6 above, please identify the name of the Program and the dates Plaintiff participated in such Program:

Name of JUUL Program: _____

Dates of Plaintiff's Participation: _____


## DOCUMENT REQUESTS

Please produce all documents (any materials that fall within the scope of the applicable rules of civil procedure) that fall into the categories listed below. This request excludes documents generated in connection with this litigation or other litigation brought by this Plaintiff against Defendant(s):

1. All transaction records and customer database records, which includes customer complaint records, that relate to or refer to Plaintiff.


**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL CONSISTENT WITH THAT ORDER**

**CERTIFICATION**

The foregoing answers were prepared with the assistance of a number of individuals, including counsel, upon whose advice and information I relied. I declare under penalty of perjury subject to 28 U.S.C. 1746 that all of the information provided in this Defendant's Fact Sheet is true and correct to the best of my knowledge.

_____     _____      _____
Signature                                  Print Name/Title                               Date

**THIS INFORMATION IS PROVIDED PURSUANT TO THE PROTECTIVE ORDER
ENTERED IN THIS LITIGATION AND SHALL BE MAINTAINED AS CONFIDENTIAL
CONSISTENT WITH THAT ORDER**