# EXHIBIT 1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| _____ | **PLAINTIFF FACT SHEET** |
| This Document Relates to: ALL ACTIONS | |

## **PLAINTIFF FACT SHEET**

**CASE NUMBER:** _____

**PLAINTIFF NAME:** _____
*on behalf of (if applicable):* _____
*relationship (if applicable):* _____

## **GENERAL INSTRUCTIONS**

Pursuant to the Fact Sheet Implementation Order entered in the above-captioned litigation, a completed Plaintiff Fact Sheet ("PFS") shall be provided for each individual asserting legal claims in the above captioned lawsuit. Each question must be answered in full. If you do not know or cannot recall the information needed to answer a question, please explain that in the response to the question and include the diligent efforts you have made to obtain the information. **Please do not leave any questions unanswered or blank.**

Additional Space for Completeness

In filling out any section or sub-section of this form, additional sheets of paper should be used and submitted as necessary to provide complete and accurate information.

Accuracy and Supplementation

The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff is under an obligation to supplement these responses consistent with the Federal Rules of Civil Procedure.

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

<u>Use of this Information</u>

All responses herein are CONFIDENTIAL and subject to the Protective Order entered in this matter.

## **DEFINITIONS**

The following definitions shall apply to this PFS:

"You" and "Your" refers to the Plaintiff, listed above, who is completing this fact sheet, as well as her/his/their agents, representatives, and all other natural persons or entities acting on her/his behalf; provided that if the Plaintiff has filed this lawsuit on behalf of another (e.g., a decedent or a minor), then "You" and "Your" refers to the person on whose behalf this lawsuit was filed. In such a case, the Plaintiff should identify at the top of this page the person on whose behalf the case was filed and the Plaintiff's relationship to that person (e.g., guardian, administrator of estate, etc.).

"Driver" refers to the person who You allege, in the complaint filed in this action, committed sexual misconduct or assault against You.

"Incident" refers to all events that You allege, in the complaint filed in this action, constituted sexual misconduct or assault against You.

"Trip" refers to any ride that You, or another person on Your behalf or for Your benefit, requested through the rider version of the Uber Application around the time of the Incident.

"Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or psychological evaluation, diagnosis, care, treatment, or advice. This definition also includes professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

## **CASE INFORMATION**

1.   Please state the following for the civil action that Plaintiff filed:

   a.  Case number: _____

   b.  Pseudonym used in the Complaint: _____

   c.  Name of principal attorney representing Plaintiff: _____

   _____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## <u>YOUR PERSONAL INFORMATION</u>

2.    Name (Last, First, Middle): _____

3.    Maiden name (if applicable) or other names used and dates You used those names: _____
_____

4.    Current address: _____

5.    Current telephone number(s) and provider(s): _____
_____

6.    Please list any email address You have used: _____
_____
_____

7.    Please list any social media platform (e.g., Facebook, Instagram, YouTube, etc.) You have used and every handle/username You have used on those platforms: _____
_____
_____
_____

8.    Please list any texting application (e.g., WhatsApp, Viber, Telegram, Messenger, etc.) You have used and every handle/username/number You have used on those applications: _____
_____
_____

9.    City and state of residence at time of Incident: _____

10.    Date of birth: _____

11.    From two years prior to the Incident through the present, please identify the employers for whom You worked; Your job title; Your responsibilities or duties; as well as the city, state, and dates of employment for each employer (use additional pages as necessary):

**Employer No. 1**
    i.    Name of Employer: _____
    ii.    Location of Employer (city, state): _____
    iii.    Dates of Employment: _____
    iv.    Job Title: _____
    v.    Responsibilities or Duties: _____

**Employer No. 2**
    i.    Name of Employer: _____
    ii.    Location of Employer (city, state): _____
    iii.    Dates of Employment: _____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

    iv.    Job Title: _____

    v.    Responsibilities or Duties: _____

12.     Check the box for the highest level of education You attained:

    ☐  Some High School

    ☐  High School Graduate/GED

    ☐  Some College

    ☐  Bachelor's Degree

    ☐  Associate Degree

    ☐  Master/Doctorate/Postgraduate Degree

    ☐  Other: _____

## **INFORMATION AS TO THE INCIDENT**

13.     Date of the Incident (Please provide the day, month, and year. If You do not recall the day, month, and year, please provide as much information as You can remember): _____
_____

14.     State the name, phone number, and email address associated with the Uber account through which the ride at issue was arranged, if known:

    a.  Name (last, first, middle): _____

    b.  Phone Number: _____

    c.  Email Address: _____

15.     State the location (including, city, state, zip, and nearest street address or, if unknown, the closest intersection) where the Trip originated to the best of Your recollection: _____
_____

16.     State the location (including, city, state, zip, and nearest street address or, if unknown, the closest intersection) of the requested destination for the Trip to the best of Your recollection: _____

17.     Did the Driver take You to the requested destination for the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

18.     Did the Driver take You to the requested destination for the Trip via a route other than the one suggested in the Uber Application? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a.   If *yes*, if You know, why did the Driver take You via an alternate route? _____
   _____

   b.   If *yes*, did You and the Driver communicate about taking an alternate route before the Driver did so? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   c.   If You and the Driver communicated about taking an alternate route before the Driver did so, please describe that communication to the best of Your recollection here: _____
   _____
   _____

19.     Did the Driver make any stops or pull over, other than at the requested destination for the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a.   If *yes*, to the best of Your recollection, where did the Driver stop or pull over? _____
   _____

   b.   If *yes*, if You know, why did the Driver stop or pull over? _____

   c.   If *yes*, did You and the Driver communicate about stopping or pulling over before the Driver did so? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   d.   If You and the Driver communicated about stopping or pulling over at a location other than the requested destination, please describe that communication to the best of Your recollection here: _____
   _____

20.     Did the Trip end at a location other than the requested destination? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a.   If *yes*, to the best of Your recollection, where did the Trip end? _____
   _____

   b.   If *yes*, if You know, why did the Trip end at a location other than the requested destination? _____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

    c.  If *yes*, did You and the Driver communicate about ending the Trip at a location other than the requested destination before it occurred? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    d.  If You and the Driver communicated about ending the Trip at a location other than the requested destination, please describe that communication here: _____
_____

21.    State the time and location (including, city, state, zip, and nearest street address or, if unknown, the closest intersection) of the Incident to the best of Your recollection: _____
_____

22.    Please describe the Incident in Your own words (attach additional sheets as needed): ____
_____
_____
_____
_____
_____
_____
_____
_____

23.    If You know the first or last name of the Driver (or both), please state them: _____
_____

24.    Did the Incident happen before You entered the Driver's vehicle, while You were inside the Driver's vehicle, or after You exited the Driver's vehicle? Please check all that apply. Before Entering the Driver's Vehicle: ☐ While Inside the Driver's Vehicle: ☐ After Exiting the Driver's Vehicle: ☐ Do Not Know/Do Not Recall: ☐

    a.  If the Incident occurred, at least in part, while You were inside the Driver's vehicle, were You in the front or back seat of the Driver's vehicle at the time the Incident occurred? Front: ☐ Back: ☐ Both: ☐ Do Not Know/Do Not Recall: ☐

    b.  If the Incident occurred, at least in part, after You exited the Driver's vehicle or before you entered the Driver's vehicle, please state the approximate date(s) and time(s) the Incident occurred to the best of Your recollection: _____
_____

    c.  If You would like to further explain or clarify Your answer(s) to this question, please do so here: _____
_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

25.     Which of the following acts occurred during the Incident? Please select all that apply and where relevant select whether contact was over or under clothing:

☐ Lewd and/or Inappropriate Comments or Questions or Gestures[1]

☐ Verbal Threat of Sexual Assault[2]

☐ Masturbation and/or Indecent Exposure[3]

☐ Attempted Touching of a Non-Sexual Body Part[4]

    ☐ Over the Clothes[5]

    ☐ Under the Clothes[6]

☐ Attempted Kissing of a Non-Sexual Body Part[7]

☐ Attempted Touching of a Sexual Body Part Not Involving Penetration[8]

    ☐ Over the Clothes

    ☐ Under the Clothes

---

[1] This category is defined to include, but is not limited to, the following: asking specific, probing, and personal questions of the user; making uncomfortable comments on the user's appearance; making sexually suggestive gestures at the user; and asking for a kiss, displays of nudity, sex, or contact with a sexual body part.

[2] This category is defined to include directing verbal explicit/direct threats of sexual violence at a user.

[3] This category is defined to include exposing genitalia and/or engaging in sexual acts in the presence of a user.

[4] This category is defined to include, without consent from the user, attempting to touch, but failing to come into contact with, any non-sexual body part (hand, leg, thigh) of the user.

[5] This category is defined to include any attempted touch over any piece of clothing on the user (e.g., pants, shirt, bra, underwear) as well as any attempted touch on an area that in no way has clothing covering it (e.g., parts of the thigh when wearing shorts).

[6] This category is defined to include any attempted touch on a part of a user's body which is covered by clothing. It does not include an attempted touch on an area that does not have clothing covering it in the first instance (e.g., parts of the thigh when wearing shorts).

[7] This category is defined to include, without consent from the user, attempting but failing to kiss, lick, or bite any non-sexual body part (e.g., hand, leg, thigh) of the user.

[8] This category is defined to include, without explicit consent from the user, attempting to touch, but failing to come into contact with, any sexual body part (i.e., breast, genitalia, mouth, buttocks) of the user. It does not include attempts at penetration.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Attempted Kissing of a Sexual Body Part[9]

☐ Touching of a Non-Sexual Body Part[10]

    ☐ Over the Clothes[11]

    ☐ Under the Clothes[12]

☐ Kissing of a Non-Sexual Body Part[13]

☐ Attempted Sexual Penetration Including Oral Copulation[14]

☐ Touching of a Sexual Body Part Not Involving Penetration[15]

    ☐ Over the Clothes

    ☐ Under the Clothes

☐ Kissing of a Sexual Body Part[16]

---

[9] This category is defined to include, without consent from the user, attempting but failing to kiss, lick, or bite on either the breast or buttocks of the user. This also includes attempts to kiss on the lips and attempts to kiss while using tongue.

[10] This category is defined to include, without explicit consent from the user, touching or forcing a touch on any non-sexual body part (e.g., hand, leg, thigh) of the user.

[11] This category is defined to include any touch over any piece of clothing on the user (e.g., pants, shirt, bra, underwear) as well as any touch on an area that in no way has clothing covering it (e.g., parts of the thigh when wearing shorts).

[12] This category is defined to include any touch under clothing which causes contact with the user's skin. It does not include a touch on an area that does not have clothing covering it in the first instance (e.g., parts of the thigh when wearing shorts).

[13] This category is defined to include, without consent from the user, any kiss, lick, or bite, or forced kiss, lick, or bite on any non-sexual body part (e.g., hand, leg, thigh) of the user.

[14] This category is defined to include, without explicit consent from a user, attempting but failing to penetrate, no matter how slight, the vagina or anus of a user with any body part or object. This includes attempted penetration of the user's mouth with a sexual organ or sexual body part. This excludes kissing and attempted kissing with tongue.

[15] This category is defined to include, without explicit consent from the user, touching or forcing a touch on any sexual body part (i.e., breast, genitalia, mouth, buttocks) of the user. It does not include penetration.

[16] This category is defined to include, without consent from the user, any kiss, lick, or bite, or forced kiss, lick, or bite on either the breast or buttocks of the user. This also includes kissing on the lips and kissing while using tongue.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Sexual Penetration Including Oral Copulation[17]

☐ Kidnapping[18]

☐ Other. If *other*, please describe: _____

## **WITNESSES**

26. Was there another passenger in the vehicle with You at the time of the Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a. If *yes*, please identify the other passenger(s) by name, full address and phone number to the best of Your ability: _____
   _____
   _____

   b. If *yes*, did You know the other passenger(s) before You or someone on Your behalf requested the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

27. Did anyone besides You and the Driver hear, see, or otherwise witness the Incident at the time it occurred? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a. If *yes*, state the name, address and telephone number of all such witnesses to the Incident to the best of Your ability. To the extent that You do not know the name of the witness(es), please provide any identifying information that You are aware of (e.g., neighbor, coworker, security guard, front desk employee at the hotel): _____
   _____
   _____

---

[17] This category is defined to include, without explicit consent from a user, penetration, no matter how slight, of the vagina or anus of a user with any body part or object. This includes penetration of the user's mouth with a sexual organ or sexual body part. This excludes kissing with tongue.

[18] This category is defined to include abduction, child abduction, false imprisonment, human trafficking, unlawful restraint, and unlawful/forcible detention.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

28.   Did You or someone on Your behalf notify any of the following entities of the Incident (Please check all that apply): Uber: ☐   Law Enforcement: ☐ Healthcare Professional (non-therapist/counselor/psychiatrist/psychologist): ☐ Therapist/Counselor/Psychiatrist/Psychologist: ☐ Do Not Know/Do Not Recall: ☐

*If You indicated that You or someone on Your behalf notified law enforcement of the Incident in Question 28, **You must complete Exhibit C—Authorization to Disclose Law Enforcement Records.***

29.   If You or someone on Your behalf notified Uber, please answer the following questions to the best of Your ability:

  a.   To the best of Your recollection, when did You or someone on Your behalf notify Uber of the Incident? _____

  b.   How did You or someone on Your behalf notify Uber? Phone Call: ☐ Email: ☐ In-App Notification: ☐ Other: ☐ Do Not Know/Do Not Recall: ☐. If *other* or *do not know/do not recall*, please explain: _____ _____

  c.   If You know someone who notified Uber on Your behalf, state that person's name, address, and phone number to the best of Your ability: _____ _____

30.   If You or someone on Your behalf notified law enforcement, please answer the following questions to the best of Your ability:

  a.   To the best of Your recollection, when did You or someone on Your behalf notify law enforcement of the Incident? _____

  b.   If You know someone who notified law enforcement on Your behalf, state that person's name, address, and phone number to the best of Your ability: _____ _____

  c.   To Your knowledge, list all law enforcement agencies that were notified about the Incident: _____ _____

  d.   To Your knowledge, list the names of all law enforcement agent(s) You or someone on Your behalf have communicated with about the Incident: _____ _____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

e.  To the best of Your recollection, please state whether You testified in any criminal hearing(s) or trial(s) in connection with the Incident and if so, in what courthouse(s) and in what year: _____

_____

31.  Were You treated by emergency responders, including police officers, EMT, fire fighters, or paramedics, as a result of the Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

32.  Have You ever been treated by any Health Care Provider, including counselors or therapists, other than emergency responders, for any injury that You allege was caused in whole or in part by the Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

33.  Have You been diagnosed with any physical, mental, emotional, or other medical condition or injury by a Health Care Provider that You allege was caused in whole or in part by the Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

34.  Did You undergo a medical exam to determine any physical injuries or the presence of any evidence (e.g., a Sexual Assault Response Team "SART" exam, a Sexual Assault Forensic Exam ("SAFE"), or a Sexual Assault Nurse Exam ("SANE"))? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

—PFS Continues on Next Page—

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

35.  If You:
- Indicated that You or someone on Your behalf notified a Healthcare Professional (non-therapist/counselor/psychiatrist/psychologist) or a Therapist/Counselor/Psychiatrist/Psychologist about the Incident in Question 28; **OR**
- Answered *yes* to Question 31, 32, 33, or 34;

Please use the chart below to state:

- The name, address, and telephone number for each Health Care Provider who has been notified about the Incident or has diagnosed, treated, or examined You for medical conditions or injuries that You allege were caused in whole or in part by the Incident; **AND**
- The approximate date(s) the Health Care Provider was notified about the Incident; **AND**
- The diagnosis, treatment, or examination received, including emergency care if applicable; **AND**
- The approximate date(s) of any diagnosis, treatment, or examination you have received in connection with the Incident.

When listing a Health Care Provider's name, please provide both the name of the person who was notified about the Incident and/or who issued or administered the diagnosis, treatment, or examination, if known, **AND** the name of the facility that was notified about the Incident and/or was the location where the diagnosis, treatment, or exam occurred, if known.

If You do not know the answer to any question posed by this chart, please state that and fill in the information You do know. Similarly, if any part of the chart asks for information that is not applicable, please state that and fill in the information that is applicable. Attach additional sheets as necessary.

You must supplement this chart if and when You notify additional Health Care Providers of the Incident or receive additional diagnoses, treatment, or examinations.

| Name, Address, Telephone Number of Health Care Provider | Approximate Date(s) Health Care Provider Was Notified of the Incident | Diagnosis, Treatment, or Examination | Approximate Date(s) of Diagnosis, Treatment, or Examination |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

36.  Have You communicated with any of the following about the Incident (Please check all that apply): Spouse: ☐ Romantic Partner (unmarried): ☐ Family Member: ☐ Friend: ☐ Other: ☐

    a. If You checked any of the above boxes, please fill out the following chart to identify each individual or other entity You have communicated with about the Incident and their last known contact information. Attach additional sheets as necessary. Do not list the attorneys representing you in this case or Uber. To the extent that You do not know the name of any of the individuals or other entities You have communicated with, please provide any identifying information that You are aware of (e.g., neighbor, coworker, business colleague). As discovery is ongoing, You must supplement this form if and when You communicate with additional individuals about the Incident.

| Name or Other Identifying Information of Individual or Other Entity You Have Communicated with About the Incident | Address of Individual or Other Entity You Have Communicated with About the Incident | Telephone Number of Individual or Other Entity You Have Communicated with About the Incident |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

37.  Have You posted information regarding the Incident on a website or on social media (e.g., a social media site, a blog, a personal website, etc.), including anonymously? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    a. If *yes*, list all such websites or social media, and, where applicable, specify the username/account handle You used to make the post: _____

_____

_____

_____

_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

38.   Have You communicated with anyone on the phone, either verbally or through text message, about the Incident? Yes: ☐  No: ☐ Do Not Know/Do Not Recall: ☐

   a.   If *yes*, please provide, to the best of Your ability, Your telephone information from the date of the Incident through the present.  Please state Your number, provider, and the name on the account.  If You have changed phone numbers or providers since the Incident, please specify when Your information changed. _____

   _____

   _____

   _____

   _____

   _____

   _____

*If You answered yes to Question 38,* ***You must complete Exhibit E—Authorization to Disclose Telephone Records.***

—PFS Continues on Next Page—

14

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

## **INJURIES AND DAMAGES**

39.   Did You suffer mental or emotional harm caused in whole or in part by the Incident? Yes: ☐ No: ☐

   a.   If *yes*, please use the chart below to identify the mental or emotional injury/injuries, illness(es), or condition(s) You allege were caused in whole or in part by the Incident.

| Injury, Illness, or Condition | Check all that apply | Approximate date of onset | Is it ongoing? [Y / N] |
|---|---|---|---|
| Anxiety | | | |
| Obsessive-Compulsive Disorder (OCD) | | | |
| Eating Disorder | | | |
| Changes in Appetite or Weight | | | |
| Difficulty completing daily household tasks | | | |
| Difficulty completing work or school tasks | | | |
| Panic Attacks | | | |
| Post-Traumatic Stress Disorder (PTSD) | | | |
| Serious Phobias (Including Social Anxiety, Claustrophobia, Agoraphobia, etc.) | | | |
| Depression | | | |
| Feelings of Hopelessness | | | |
| Difficulty Falling Asleep or Disrupted Sleep | | | |
| Fatigue | | | |
| Poor Concentration | | | |
| Mood Swings | | | |
| Irritability | | | |
| Anger/Outbursts | | | |
| Addiction and Related Substance Abuse Problems | | | |
| Suicidal Thoughts | | | |
| Death by Suicide | | | |
| Other (Specify): _____ | | | |

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

    b.  Do You continue to suffer from any of the mental or emotional injury/injuries, illness(es), or condition(s) You identified in the chart above? Yes: ☐ No: ☐

        i.  If *yes*, please list the please list those  injury/injuries, illness(es), or condition(s) You are continuing to suffer from here: _____
_____

    c.  If You would like to further describe, explain, or clarify the mental or emotional harm You allege You have suffered in whole or in part as a result of the Incident, please do so here: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

*If You answered yes to Question 39 and reported suffering one or more of the mental or emotional injury/injuries, illness(es), or condition(s) listed in the chart in Question 39(a),* **You must complete Exhibit B—Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information.**

*Please note, failure to fully and accurately identify the injuries You claim to have suffered as a result of the Incident may limit Your ability to recover damages later.*

40.    Did You suffer physical harm caused in whole or in part by the Incident? Yes: ☐ No: ☐

    a.  If *yes*, please describe: _____
_____
_____
_____
_____
_____
_____
_____
_____
_____
_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

41.     Do you continue to suffer physical harm caused in whole or in part by the Incident? Yes: ☐
        No: ☐

    b.   If *yes*, please describe: _____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

*If You answered yes to Question 40 or 41, **You must complete Exhibit A— Limited Authorization to Disclose Health Information.***

*Please note, failure to fully and accurately identify the injuries You claim to have suffered as a result of the Incident may limit Your ability to seek damages later.*

42.     Do You claim or expect to claim that You lost earnings or suffered impairment of earning
        capacity as a result of any physical, mental, or emotional injury You allege? Yes: ☐
        No: ☐

    a.   If *yes*, please describe Your claim and the amount of damages You are claiming or
        expect to claim for this category of loss, if known. If applicable, please list Your wages
        before and after the Incident to the best of Your ability: _____

_____

_____

_____

_____

*If You answered yes to Question 42, **You must complete Exhibit D—Authorization to Disclose Employment Records.***

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

43. Do You seek or expect to seek to recover any out-of-pocket costs, including medical expenses covered by insurance, that You have incurred relating to the diagnoses and/or treatment of any physical, mental, or emotional injuries You allege You sustained as a result of the Incident? Yes: ☐ No: ☐

   a. If *yes*, please list any out-of-pocket costs that You allege You have incurred as a result of the Incident. As discovery is ongoing, please update as expenses accrue.

| Category and/or Types of Expenses Incurred (e.g., co-pay, deductibles, prescriptions, etc.) | Approximate Amount of Out-of-Pocket Costs |
|---|---|
|  |  |
|  |  |
|  |  |
|  |  |

## REQUESTS FOR PRODUCTION OF DOCUMENTS

Plaintiff agrees to produce all documents requested in response to the following questions. Plaintiff agrees that this PFS shall not be considered complete unless and until responsive documents are produced. Plaintiff agrees that any request for production of documents in this PFS shall not preclude Defendants from seeking additional documents at a later time.

44. Please produce any and all documents related to Your use of the Uber Application at any time before, during, and after the Incident, including but not limited to records of payment methods and gratuities, completed surveys, and recommendations or feedback posted on any online platform.

45. Please produce any and all documents and communications exchanged between You and Uber.

46. Please produce any and all documents and communications exchanged between the Driver and You, members of Your family, or anyone speaking on Your behalf or at Your request, from the date of the Incident to the present.

47. Please produce any and all documents and communications exchanged between You and any other person or entity about the Incident.

48. Please produce any and all posts You have made on any social media from five years before the date of the Incident to the present, regardless of whether the information is publicly available or requires a password and login to access.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

49.   Please produce any and all documents and communications exchanged between You and any other person who claims to have been sexually assaulted or harassed in connection with use of the Uber Application, including but not limited to any plaintiffs with claims against UBER pending in the San Francisco Superior Court in Case No. CJC-21-005188.

## **AUTHORIZATIONS**

Plaintiff agrees to produce copies of signed and dated authorizations for the releases listed below. Plaintiff agrees that this PFS shall not be considered complete unless and until signed authorization forms are submitted. Plaintiff agrees that any authorization form signed in connection with this PFS will not preclude Defendant from collecting additional records at a later time. Plaintiff also agrees that any document request for records to be produced by Plaintiff will not preclude Defendant from collecting such records directly from the source pursuant to the signed authorizations at a later time.

Attach the following documents to this PFS as instructed below, making certain that all releases are signed and dated:

1)   If You answered *yes* to Question 40 or 41, please execute the Limited Authorization to Disclose Health Information (Ex. A). Leave the "To" field blank.

2)   If You answered *yes* to Question 39 <u>and</u> reported suffering one or more of the mental or emotional injury/injuries, illness(es), or condition(s) listed in the chart in Question 39(a); please execute the Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information (Ex. B). Leave the "To" field blank.

3)   If You indicated that You or someone on Your behalf notified law enforcement of the Incident in Question 28, please execute the Authorization to Disclose Law Enforcement Records (Ex. C). Leave the "To" field blank.

4)   If You answered *yes* to Question 42, please execute the Authorization to Disclose Employment Records (Ex. D). Leave the "To" field blank.

5)   If You answered *yes* to Question 38, please execute the Authorization to Disclose Telephone Records (Ex. E). Leave the "To" field blank.

## **VERIFICATION**

I, _____, hereby state that I have reviewed the Plaintiff Fact Sheet. The statements set forth therein are true and correct to the best of my knowledge, information, and belief. I make this verification based on my personal knowledge. I also declare that I have completed and submitted all required authorizations listed above. I declare under

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

penalty of perjury that the foregoing is true and correct. I understand that I am under an obligation

to supplement these responses.

Executed on the _____ day of _____, 2024.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit A

(Limited Authorization to Disclose Health Information)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**<u>AUTHORIZED IN CONNECTION WITH</u>**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**<u>LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION</u>**
(Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"))

TO: _____
(Health Care Provider)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Patient's Name: _____

Former/Alias/Maiden Name of Patient: _____

Patient's Date of Birth: _____

Patient's Social Security Number: _____

Patient's Address: _____

Requested Period: Date of Incident:_____ to present and ten (10) years prior to Date of Incident.

I, _____, hereby authorize any Health Care Provider,[1] including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or

_____

[1] "Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or psychological evaluation, diagnosis, care, treatment, or advice. This definition also includes

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the protected medical and/or insurance information listed below for the purpose of review and evaluation in connection with a legal claim.

## I.       Health Information to Be Disclosed

Disclose any and all protected medical and/or insurance information and records within the Requested Period. For the purposes of this authorization "medical and/or insurance information and records" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to:

- Records of inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, phone notes, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and letters or records received by other physicians.

- All laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, and catheterization reports, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

- All pharmacy/prescription records, including NOC numbers and drug information handouts/monographs.

- All billing records, including all statements, itemized bills, and insurance records.

- All records of any samples of prescription medicines provided.

- All insurance records, including all disability records, social security records, Medicare/Medicaid and other public assistance claims applications, statements, eligibility material, claim or claim disputes, resolutions and payments, medical records provided as evidence of services provided, and any other related documents.

- **Notwithstanding the broad scope of the above disclosure requests, this authorization form does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis, including psychotherapy notes, as such terms are defined by HIPAA, 45 CFR § 164.501.**

I expressly request that any Health Care Provider identified above disclose full and complete protected medical information. I authorize disclosure of the above-specified information to Paul,

professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Health Care Provider to supply copies of such records.

1. To the Health Care Provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, to anyone other than those identified in this Authorization, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Care Provider at the Health Care Provider's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Health Care Provider receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Plaintiff's Counsel at the following address: _____
   _____
   and Paul, Weiss. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment, payment, enrollment, or eligibility for benefits.

4. I understand I may inspect or copy the information to be used or disclosed as provided in 45 CFR § 164.524.

5. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules, including HIPAA. If I have questions about disclosure of my health information, I can contact the Health Care Provider.

6. A notarized signature is not required. 45 CFR § 164.508. A copy of this authorization may be used in place of an original.

**II.     Form of Disclosure**

         _____ An electronic record
         _____ Hard copy

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**III.     Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time. This authorization form shall not preclude any party from later seeking additional records.

**IV.     Signature**

Signature: _____     Date: _____

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form:          _____

Signature of person completing this form:     _____

Describe how this person has legal authority to sign this form:

_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit B

(Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**<u>AUTHORIZED IN CONNECTION WITH</u>**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**<u>AUTHORIZATION TO DISCLOSE PSYCHIATRIC, PSYCHOTHERAPY, AND
MENTAL HEALTH INFORMATION</u>**
(Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"))

TO: _____
(Health Care Provider)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Patient's Name: _____

Former/Alias/Maiden Name of Patient: _____

Patient's Date of Birth: _____

Patient's Social Security Number: _____

Patient's Address: _____

Requested Period: Date of Incident:_____ to present and ten (10) years prior to
Date of Incident.

I, _____, hereby authorize any Health Care Provider,[1]
including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or

_____

[1] "Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the protected medical and/or insurance information listed below for the purpose of review and evaluation in connection with a legal claim.

## I.      Health Information to Be Disclosed

Disclose any and all psychiatric, psychotherapy, and mental health records, notes, and information within the Requested Period. For the purposes of this authorization "psychiatric, psychotherapy, and mental health records, notes, and information" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to:

> Complete copies of all psychotherapy notes as defined by 45 CFR § 164.501, psychiatric records and psychotherapy notes reports, therapist's notes, social worker's records, all medical records, physicians' records, surgeons' records, pathology/cytology reports, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, correspondence, insurance records, consent for treatment, statements of account, itemized bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of this patient, or documents containing information regarding amendment of protected health information in the medical records. This listing is not meant to be exclusive.

I expressly request that any Health Care Provider identified above disclose full and complete protected medical information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Health Care Provider to supply copies of such records.

1.  To the Health Care Provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition to anyone other than those identified in this Authorization, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical**

---

psychological evaluation, diagnosis, care, treatment, or advice. This definition also includes professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Care Provider at the Health Care Provider's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Health Care Provider receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Plaintiff's Counsel at the following address: _____

    _____
    and Paul, Weiss. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment, payment, enrollment, or eligibility for benefits.

4.  I understand I may inspect or copy the information to be used or disclosed as provided in 45 CFR § 164.524.

5.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules, including HIPAA. If I have questions about disclosure of my health information, I can contact the Health Care Provider.

6.  A notarized signature is not required. 45 CFR § 164.508. A copy of this authorization may be used in place of an original.

**II.     Form of Disclosure**

> \_\_\_\_ An electronic record
> \_\_\_\_ Hard copy

**III.     Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time. This authorization form shall not preclude any party from later seeking additional records.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**IV.     Signature**

Signature: _____        Date: _____

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form: _____

Signature of person completing this form: _____

Describe how this person has legal authority to sign this form:

_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit C

(Authorization to Disclose Law Enforcement Records)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**<u>AUTHORIZED IN CONNECTION WITH</u>**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**<u>AUTHORIZATION TO DISCLOSE LAW ENFORCEMENT RECORDS</u>**

TO: _____
(Law Enforcement Agency)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Plaintiff's Name: _____

Former/Alias/Maiden Name of Plaintiff: _____

Plaintiff's Date of Birth: _____

Plaintiff's Social Security Number: _____

Plaintiff's Address: _____

I, _____, hereby authorize any Law Enforcement Agency, including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the information listed below for the purpose of review and evaluation in connection with a legal claim.

**I. Information to Be Disclosed**

Disclose any and all law enforcement records related to the report I or someone on my behalf made regarding all the events that I allege constituted sexual misconduct or assault against me.

For the purposes of this authorization "law enforcement records" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to intake forms, interview notes and recordings, crime scene reports, witness reports, case management documents, criminal complaints, and legal filings. This listing is not meant to be exclusive.

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

I expressly request that any Law Enforcement Agency identified above disclose full and complete protected information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Law Enforcement Agency to supply copies of such records.

**II.      Form of Disclosure**

_____ An electronic record or access through an online portal

_____ Hard copy

**III.     Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

**IV.     Acknowledgements**

I understand that the information used or disclosed pursuant to this authorization carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. This authorization form shall not preclude any party from later seeking additional records.

**V.      Revocation**

I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Law Enforcement Agency at the Law Enforcement Agency's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Law Enforcement Agency receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Paul, Weiss.

**VI.     Copies**

A photocopy of this authorization is to be considered as valid as the original.

**VII.    Signature**

Signature: **_____**       Date: **_____**

Print your name: **_____**

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form: _____

Signature of person completing this form: _____

Describe how this person has legal authority to sign this form:

_____

3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit D

(Authorization to Disclose Employment Records)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**<u>AUTHORIZED IN CONNECTION WITH</u>**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**<u>AUTHORIZATION TO DISCLOSE EMPLOYMENT RECORDS</u>**

TO: _____

(Employer)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Plaintiff's Name: _____

Former/Alias/Maiden Name of Plaintiff: _____

Plaintiff's Date of Birth: _____

Plaintiff's Social Security Number: _____

Plaintiff's Address: _____

I, _____, hereby authorize the Employer listed above to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the information listed below for the purpose of review and evaluation in connection with a legal claim.

**I. Information to Be Disclosed**

Disclose any and all records relating to my employment from the day I turned eighteen (18) years old to the present or for ten (10) years prior to the date on which this authorization is signed to the present, whichever period is longer in time.

For the purposes of this authorization "records related to my employment" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to all records and information pertaining to my personnel file, copies of all applications for employment, claims for unemployment benefits, resumes, records of all positions held, job descriptions of positions held, salary and/or compensation records, performance evaluations and reports,

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

statements and comments of fellow employees, attendance records, W-2s and W-4s, worker's compensation files, records of payments made to me or on my behalf, and any other records relating to my employment with the Employer or in my personnel file. This listing is not meant to be exclusive.

I expressly request that any Employer identified above disclose full and complete protected information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Employer to supply copies of such records.

## II.      Form of Disclosure

_____ An electronic record or access through an online portal

_____ Hard copy

## III.     Duration of Authorization

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

## IV.     Acknowledgements

I understand that the information used or disclosed pursuant to this authorization carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. This authorization form shall not preclude any party from later seeking additional records.

## V.      Revocation

I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Employer at the Employer's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Employer receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Paul, Weiss.

## VI.     Copies

A photocopy of this authorization is to be considered as valid as the original.

## VII.    Signature

Signature: **_____**          Date: **_____**

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form: _____

Signature of person completing this form: _____

Describe how this person has legal authority to sign this form:

_____

3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit E

(Authorization to Disclose Telephone Records)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**AUTHORIZED IN CONNECTION WITH**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**AUTHORIZATION TO DISCLOSE TELEPHONE RECORDS**

TO: _____
(Telephone Provider)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Plaintiff's Name: _____

Former/Alias/Maiden Name of Plaintiff: _____

Plaintiff's Date of Birth: _____

Plaintiff's Social Security Number: _____

Plaintiff's Address: _____

Plaintiff's Telephone Number: _____

Requested Period: Date of Incident:_____ to present.

I, _____, hereby authorize any Telephone Provider, including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the information listed below for the purpose of review and evaluation in connection with a legal claim.

**I. Information to Be Disclosed**

Copies of any and all telephone records for the requested period.

For the purposes of this authorization "telephone records" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to telephone bills

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

including detailed call and text records, statements, text data, notes, or any other document whatsoever related to the Plaintiff.

I expressly request that any Telephone Provider identified above disclose full and complete protected information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Telephone Provider to supply copies of such records.

## II.    Form of Disclosure

_____ An electronic record or access through an online portal

_____ Hard copy

## III.    Duration of Authorization

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

## IV.    Acknowledgements

I understand that the information used or disclosed pursuant to this authorization carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. This authorization form shall not preclude any party from later seeking additional records.

## V.    Revocation

I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Telephone Provider at the Telephone Provider's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Telephone Provider receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Paul, Weiss.

## VI.    Copies

A photocopy of this authorization is to be considered as valid as the original.

## VII.    Signature

Signature: _____        Date: _____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form: _____

Signature of person completing this form: _____

Describe how this person has legal authority to sign this form:

_____