RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED**<br><br>Judge:    Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

-ii-

1  KYLE N. SMITH (*Pro Hac Vice* admitted)
       ksmith@paulweiss.com
2  JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
       jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
4  2001 K Street, NW
   Washington DC, 20006
5  Telephone: (202) 223-7300
   Facsimile:  (202) 223-7420
6
   *Attorneys for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC

**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING A PORTION OF PLAINTIFFS' BRIEF IN SUPPORT OF PROPOSED DEFENDANT FACT SHEET**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Sealed, dated January 31, 2024, ECF 234.

## I. BACKGROUND AND REQUESTED SEALING

Uber and Plaintiffs submitted competing fact sheet proposals to the Court on January 31, 2024. *See generally* ECF 234–37. In connection with that dispute, Plaintiffs submitted Plaintiffs' Brief in Support of Proposed Defendant Fact Sheet (hereinafter "Plaintiffs' DFS Statement"), ECF 234-3. A small portion of Plaintiffs' DFS Statement—specifically, the material at 3:16–4:7—fits within the material designated Confidential in the Protective Order. *See* ECF 176 at 2. Accordingly, Plaintiff provisionally filed Plaintiffs' DFS Statement under seal.

Where a filing party moves to seal because a document has been designated as confidential by another party, the designating party must file a statement and/or declaration within seven days of the motion's filing providing a "specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rule 79-5(c)(1); *see also id.* at 79-5(f)(3).

As discussed below, Uber seeks to seal a very limited portion of Plaintiffs' DFS Statement—the material at 3:16–4:7—that discusses an internal data management tool and reveals confidential, commercially sensitive, proprietary business information. Uber does not object to the public filing of any other part of Plaintiffs' DFS Statement. For the Court's convenience, Uber has submitted a redacted copy of Plaintiffs' DFS Statement as an exhibit to the Declaration of Jessica E. Phillips ("Phillips Decl.") that redacts the only material in Plaintiffs' DFS Statement that Uber requests remain under seal. Phillips Decl. Ex. A.

## II. APPLICABLE LEGAL STANDARD

When courts consider motions to seal records attached to non-dispositive motions like the current discovery dispute, they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a limited portion of a filing connected to a discovery motion that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; *see also Brown* v. *Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *cf. United States* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." (citation omitted)). Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It "gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

### III.   REASONS FOR KEEPING REQUESTED MATERIAL UNDER SEAL

The discussion of Uber's internal data management tool in Plaintiffs' DFS Statement should be sealed under the good cause standard. Indeed, sealing would be appropriate even if the stricter compelling reasons standard applied. The discussion relates to Uber's internal systems and methods for processing its data, which Uber has a legitimate interest in sealing in order to avoid harm to its competitive standing, and there are no less restrictive alternatives to sealing this small segment of Plaintiffs' DFS Statement.

#### A.   The Balance of Private and Public Interests Warrant Sealing

The material at 3:16–4:7 of Plaintiffs' DFS Statement features a detailed discussion of an internal data management tool that Uber uses in connection with its business. *See* Declaration of William Anderson ("Anderson Decl.") ¶ 3. The name of this tool and Uber's capabilities with it are confidential, commercially sensitive information. *Id.* ¶¶ 4–5. As discussed further in the next section, disclosure of this private information could cause serious harm to Uber by giving competitors unwarranted insight into Uber's business. *Id.*

This information also fits within the material the Protective Order designates as Confidential. *See* ECF 176 at 2 ("Confidential" material includes "business or commercial information"). Although the Protective Order does not, by itself, entitle a party to file materials under seal, *id.* at 1–2, the fact that this material in Plaintiffs' DFS Statement falls within the definition of "Confidential" lends support to the propriety of the Court sealing that material now.

Moreover, "[c]ourts in this Circuit have held that [certain] confidential business information," like the information included in Plaintiffs' DFS Statement, "satisfies the 'compelling reasons' standard" for sealing. *Jones* v. *PGA Tour, Inc.*, No. 22-cv-04486-BLF, 2023 WL 3594058, at *2 (N.D. Cal. May 22, 2023); *e.g.*, *Munoz* v. *GEICO Gen. Ins. Co.*, No. 19-cv-03768-HSG, 2022 WL 1193259, at *2 (N.D. Cal. Mar. 31, 2022) (granting request to seal material containing "confidential proprietary business information, including details on how a proprietary business tool works" under compelling reasons standard). "Such information is therefore sealable under the 'less exacting' good cause standard." *Jones*, 2023 WL 3594058, at *2 (citation omitted); *e.g.*, *FTC* v. *DirecTV, Inc.*, No. 15-cv-01129-HSG (MEJ), 2016 WL 7386133, at *1–2 (N.D. Cal.

-3-

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED          3:23-MD-03084-CRB

Dec. 21, 2016) (finding good cause to seal material containing a "discussion of internal processes [and] data tracking tools").

Further, sealing is all the more reasonable here, where the information at issue does not go to the merits of this multidistrict litigation. *See Kamakana*, 447 F.3d at 1180 ("The application of a strong presumption of access to sealed records, *not directly relevant to the merits of the case*, would eviscerate the 'broad power of the district court to fashion protective orders.'" (emphasis added) (citation omitted)). Because Uber seeks to maintain the sealing of a portion of a filing connected to a discovery-related motion that is only tangentially related to this case's merits, the public interest in accessing the material is *de minimis*, and "the private interests of [the] litigants are 'the only weights on the scale.'" *Ctr for Auto Safety*, 809 F.3d at 1097 (citation omitted); *cf.* Local Rule 79-5(c)(1)(i).

### B. Uber's Competitive Standing Will Be Injured If Sealing Is Denied

The material at 3:16–4:7 of Plaintiffs' DFS Statement thoroughly describes an internal data management tool that Uber uses in connection with its business. *See* Anderson Decl. ¶ 3. Uber treats this information as confidential. *Id.* ¶ 4. If this private, commercially sensitive, and proprietary business information were to be released to the public, Uber's competitors and potential business partners would gain insight into Uber's internal business operations, potentially compromising Uber's competitive standing. *Id.* ¶ 5. Sealing is justified to avoid this harm to Uber under these circumstances. *See Adtrader, Inc.*, 2020 WL 6387381, at *1 ("Courts have found that a party has demonstrated compelling reasons warranting sealing where 'confidential business material . . . could result in improper use by business competitors seeking to replicate [the company's] business practices and circumvent the time and resources necessary in developing their own practices and strategies.'" (alteration in original) (citation omitted)); *FTC* v. *DirecTV, Inc.*, 2016 WL 7386133, at *1–2; *cf.* Local Rule 79-5(c)(1)(ii).

### C. A Less Restrictive Alternative to Sealing Is Not Sufficient

No less restrictive alternative to sealing the material at 3:16–4:7 of Plaintiffs' DFS Statement is sufficient. *Cf.* Local Rule 79-5(c)(1)(iii). Uber has proposed a very narrowly tailored order that is designed to seal only a small segment of Plaintiffs' DFS Statement and only the

material that is truly sealable. *Cf.* Local Rule 79-5(c)(3).[1] The material that Uber proposes sealing contains only sensitive information that would harm Uber if it were disseminated publicly. As such, actions short of sealing would be insufficient to protect Uber's business interests and preserve its competitive standing.

## IV.  CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order the material at 3:16–4:7 of Plaintiffs' DFS Statement be sealed and redacted from the publicly filed documents.

DATED: February 7, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   */s/ Jessica E. Phillips*
         JESSICA E. PHILLIPS

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

[1] Uber's proposed order lists in table format each portion of each document that Uber seeks to seal. *Cf. id.*