[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **DECLARATION OF SARAH R. LONDON IN SUPPORT OF PLAINTIFFS' MOTION TO ENFORCE PTO NO. 5 RELATED TO GOVERNMENT INVESTIGATION DOCUMENTS** |
| This Document Relates to: <br><br> All Cases | Judge: Honorable Lisa J. Cisneros <br> Date: February 22, 2024 or at the Court's earliest convenience <br> Time: 3:00pm <br> Via Zoom Videoconference |

I, Sarah R. London, declare and state as follows:

1.      I am an attorney in the law firm of Lieff Cabraser Heimann & Bernstein, LLP, appointed Co-Lead counsel for Plaintiffs in the above-captioned Multi-District Litigation.  I am a member of the State Bar of California and am admitted to practice before this Court.  I make this declaration based on my own personal knowledge.  If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.      I submit this Declaration in support of Plaintiffs' Motion to Enforce PTO No. 5 regarding Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's (collectively "Uber") failure to produce documents and privilege logs previously produced to legislative, regulatory, or enforcement entities in connection with government investigations or inquiries within the United States of Uber with respect to sexual assault, including attempted assaults.

3.      Between December 6, 2023 and December 21, 2024, the parties engaged in discussions regarding discovery related to government investigations or inquiries of Uber within

the United States with respect to sexual assault, including attempted assaults. During these

discussions, Uber made no meaningful argument as to why such discovery should not occur here,

nor did they propose any limitations to this discovery.

4.      On December 28, 2023, this Court issued Pretrial Order 5, requiring Uber to

produce to Plaintiffs, all documents Uber produced to legislative, regulatory, or enforcement

entities in connection with government investigations or inquiries of Uber within the United

States with respect to sexual assault, including attempted assaults…and any associated privilege

logs. Dkt. 175. During a January 19, 2024 Case Management Conference, Uber represented to the

Court that it was collecting documents responsive to the Court's directives in Pretrial Order 5,

would be producing documents on a rolling basis, and endeavored to complete production by the

January 31, 2024 deadline imposed by Pretrial Order 5. A true and accurate copy of the transcript

of the January 19, 2024 Case Management Conference is attached hereto as **Exhibit A-1**.

5.      On January 31, Uber produced five documents totaling 62 pages, related to four

governmental entities. The production included a single document related to each entity, with the

exception of two letters to Senator Richard Blumenthal. The production did not include any

privilege logs. Further, although the documents produced are all in the public domain, Uber

marked each page of the production as "confidential."  Uber then removed the confidentiality

designation and re-produced the documents on February 2, 2024, but only after Plaintiffs objected

to the "confidential" designations. Among the documents produced is a Settlement Agreement

between the CPUC, Uber, and RAINN related to fines and penalties imposed on Uber for its

refusal to produce data and information to the Commission, and a motion to adopt such

agreement. A true and accurate copy of the Settlement Agreement document, stamped Bates No.

UBER-MDL-3084-000000323-358, is attached hereto as **Exhibit A-2**. This document indicates

that Uber has produced internal policies, procedures, practices, and data pertaining to the

reporting and investigation of sexual assault and sexual misconduct to the CPUC. Those

productions to CPUC do not appear to have been produced here.

6.      On February 7, 2024, Plaintiffs' counsel met and conferred with Uber's counsel

regarding Uber's insufficient governmental related document production and Uber's failure to

abide by PTO No. 5.  Uber's counsel did not identify any additional investigations on the meet and confer, but instead insisted that Plaintiffs' counsel provide a list to Uber of all governmental investigations they have discovered through publicly available information.  As Plaintiffs' counsel pointed out during the meet and confer, Uber is unquestionably well aware and best positioned to identify all governmental investigations or inquiries of the company related to sexual assault that occurred to date.  Uber's counsel stated it would provide additional supplemental information regarding governmental investigations by February 9.

7.       On February 8, 2024, Uber produced an additional set of documents. While the documents covered 930 pages, hundreds of those pages were the Raliance Report, Uber's 2019 and 2021 Safety Reports, the CPUC taxonomy, and various Uber public documents such as their Community Guidelines, Technology Services Agreement, Terms of Use Agreement, Platform Access Agreement, Privacy Policy, Non-discrimination Policy, and Service Animal Policy. Only one of these documents was clearly related to an inquiry by a governmental entity— the Massachusetts Department of Public Utilities.  The production did not include any privilege logs. A true and accurate copy of the cover letter accompanying Uber's February 8, 2024 document production is attached hereto as **Exhibit A-3**.

8.       Public reports indicate numerous governmental investigations regarding Uber and sexual assault that are not identified in the documents Uber has produced to date.

9.       A true and accurate copy of the document stamped Bates No. UBER-MDL-3084-000000359-614, produced by Uber on February 2, 2024, is attached hereto as **Exhibit A-4**.

10.      A true and correct copy of a February 8, 2024 meet and confer Letter from Uber to Plaintiffs is attached hereto as **Exhibit A-5**.

11.      A true and accurate copy of an order granting the plaintiffs' motion for fees, costs, and sanctions in the case, *Richards et al v. Uber LLC, et al*, Superior Court, King County, Washington, No. 19-2-16858-7 (Mar. 11, 2020), is attached hereto as **Exhibit A-6.**

12.      A true and accurate copy of the transcript of the November 3, 2023 Case Management Conference is attached hereto as **Exhibit A-7**.

13.     A true and accurate copy of the transcript of the January 8, 2024 Hearing before Magistrate Judge Lisa J. Cisneros is attached hereto as **Exhibit A-8**.

14.     I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 12, 2024, in San Francisco, California.

*/s/ Sarah R. London*
Sarah R. London

DECLARATION OF SARAH R. LONDON IN SUPPORT OF
PLAINTIFFS' MOTION TO ENFORCE PTO NO. 5
CASE NO. 3:23-MD-03084-CRB