# EXHIBIT 4

SUPERIOR COURT OF THE STATE OF WASHINGTON

FOR KING COUNTY

| | |
|---|---|
| PHOEBE RICHARDS, individually and as the PERSONAL REPRESENTATIVE OF THE ESTATE OF PAMELA RICHARDS,<br><br>Plaintiff,<br><br>v.<br><br>UBER USA, LLC, a foreign limited liability company; and RAISER, LLC, a foreign limited liability company; UBER TECHNOLOGIES INC., a foreign corporation; ROBERT BOATENG and SPOUSE BOATENG, and the marital community,<br><br>Defendants. | Case No.: 19-2-16858-7 SEA<br><br>(Consolidated with No. 19-2-22869-5 SEA and No. 19-2-18663-1 SEA)<br><br>**ORDER ON PLAINTIFFS' UPDATED MOTION FOR FEES, COSTS AND SANCTIONS** |
| CARTER COSTELLO, a single adult male,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT BOATENG and JANE DOE BOATENG, husband and wife and the marital community comprised thereof; and UBER TECHNOLOGIES INC., d/b/a UBER, foreign corporation; and UBER USA, LLC, a foreign limited liability company; and RAISER, LLC, a foreign limited liability company,<br><br>Defendants. | |
| JONATHON STROH, individually,<br><br>Plaintiff,<br><br>v. | |

ORDER ON MOTION FOR FEES, COSTS AND SANCTIONS

Judge Suzanne Parisien
King County Superior Court
516 3rd Ave., W-355
Seattle, WA 98104
(206) 477-1579

UBER USA, LLC, a foreign limited liability company; and RAISER, LLC, a foreign limited liability company; UBER TECHNOLOGIES INC., a foreign corporation; ROBERT BOATENG and the marital community,

Defendants.

THIS MATTER having come before this court on Plaintiffs' Updated Motion for Fees and Sanctions, and having reviewed the renewed motion submitted by Plaintiff Stroh for consideration on January 17, 2020, the Defendant's Response, Plaintiff's Reply and the files and records previously submitted and the court file, hereby makes the following findings:

1. Uber Defendants failed to meet their discovery obligations for three months based purely on non-specific scope objections, which is expressly prohibited: "An objection to part of a request must specify the part and permit inspection of the rest." CR 34(b)(3)(C). The burden is on the party resisting discovery to move for a protective order. *Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 354 (1993) ("If the drug company did not agree with the scope of production or did not want to respond, then it was required to move for a protective order"). An Order Granting Plaintiff's Motion to Compel Uber Defendants' Discovery Responses was entered by this Court on September 25, 2019.

2. Defendant should have moved early on for a Protective Order and their delay in doing so exacerbated the slow pace of discovery to Plaintiff. Defendant waited three full days before raising the issue privately of requesting a protective order on shortened time, and did not file the motion until Friday, October 11, 2019, after its response to Plaintiff's

ORDER ON MOTION FOR FEES, COSTS AND SANCTIONS

Judge Suzanne Parisien
King County Superior Court
516 3rd Ave., W-355
Seattle, WA 98104
(206) 477-1579

Motion to Compel and for Sanctions was due. This is after failing to move for a protective order for three months.

3. Uber then defied the order compelling production, and this Court sanctioned Uber and again compelled supplemental responses in an order dated October 23, 2019.

4. Finally, Uber attempted to reinterpret the Court's second clear discovery order by asserting discovery was contingent on a CR 16 conference, which it was not. The order was clear on its face.

5. Given the history of non-compliance in this case, fees and costs are not enough. Punitive sanctions are warranted but not in the amount urged by the Plaintiff.

### Fees and Costs

6. The court has reviewed the Declaration of Andrew Ackley and approved the requested hourly rate of $600.00 per hour. Mr. Ackley performed 9.2 hours of work to bring the two motions to compel, totaling $5,520.00.

7. The court has reviewed the Declaration of Andrew Ackley and approved the hourly rate of $150.00 for Jesica McClure, the paralegal working on this case. Ms. McClure performed 3.8 hours of work to bring these two motions to compel, totaling $570.00.

8. The court approves the costs for e-Working Copies for each motion and reply, in the amount of $89.96, for the first two motions.

9. The court has also reviewed and approved the fees for Mr. Ackley's work to update and bring this motion, which required 5.2 hours of work at $600.00 per hour, or $3,120.00.

10. The court has reviewed and approved the fees for Ms. McClure's work to update and bring this motion, which required 2.2 hours of work at $150.00 per hour, or $330.00.

ORDER ON MOTION FOR FEES, COSTS AND SANCTIONS

Judge Suzanne Parisien
King County Superior Court
516 3rd Ave., W-355
Seattle, WA 98104
(206) 477-1579

11. The court approves the costs for e-working copies associated with this updated motion, in the amount of $89.96.

12. The total fees and costs award is $9,719.92, for the full amount of fees and costs incurred by the Plaintiff to bring this series of motions to attain discovery.

### Sanctions

13. Washington courts have long supported punitive sanctions for various purposes. At a minimum, sanctions should assure that the offending parties will not profit from their wrongdoing. *See Gammon v. Clark Equipment Co.*, 38 Wash. App. 274, 280 (1984). Sanctions need to be severe enough to deter attorneys and others from participating in the same kind of conduct in the future. *See Washington State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299, 354 (1993).

14. During the conference call on December 20, 2019, to address the ongoing disputes with drafting a protective order, this Court ruled that Uber is entitled to protections for its proprietary and trade secret materials and accordingly entered a Protective Order on December 20, 2019. Moreover, within one business day of the Court entering the Protective Order, Uber produced to Plaintiffs all documents previously withheld as confidential. Uber has not withheld any documents on the basis of confidentiality since the issuance of the protective order.

15. Eighteen Buchalter attorneys and ten additional contract attorneys have assisted in the reviewing potentially responsive documents to ensure compliance with the Court's orders.

16. The adequacy of a search is not judged by whether every single responsive document is

ORDER ON MOTION FOR FEES, COSTS AND SANCTIONS

Judge Suzanne Parisien
King County Superior Court
516 3rd Ave., W-355
Seattle, WA 98104
(206) 477-1579

identified and produced. Instead, parties are under an obligation to conduct a reasonable inquiry to acquire the documents sought.

17. The court awards sanctions in the amount of $70,000, for the pattern of violating discovery rules and this Court's prior discovery orders. Sanctions are granted for the period beginning October 31, 2019, and ending December 4, 2020, or 35 days. The sanctions are ordered both to punish the past discovery violations and ensure that such behavior shall not continue.

18. The award of $70,000.00 in sanctions is $2,000.00 per day, for each of the 35 days Defendant did not comply with the court's orders.

IT IS HEREBY ORDERED that Plaintiff Stroh is awarded $9,719.92 in fees and costs, and Defendant Uber shall pay $70,000.00 in sanctions to The Legal Foundation of Washington, within 14 days of this order.

DATED: March 11, 2020.

_____
Honorable Suzanne R. Parisien

ORDER ON MOTION FOR FEES, COSTS AND SANCTIONS

Judge Suzanne Parisien
King County Superior Court
516 3rd Ave., W-355
Seattle, WA 98104
(206) 477-1579