# EXHIBIT 9

JOHN C. CRUDEN
Assistant Attorney General
Environment and Natural Resources Division

JOSHUA H. VAN EATON (WA-39871)
BETHANY ENGEL (MA-660840)
Trial Attorneys
    U.S. Department of Justice
    P.O. Box 7611
    Washington DC 20044-7611
    Telephone: (202) 514-5474
    Facsimile: (202) 514-0097
    Email: Josh.Van.Eaton@usdoj.gov

*Attorneys for Plaintiff United States of America*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: VOLKSWAGEN "CLEAN DIESEL" MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION<br><br>This Document Relates to:<br><br>*ALL ACTIONS (EXCEPT SECURITIES ACTIONS)* | MDL No. 2672 CRB (JSC)<br><br>**STIPULATION [AND ORDER]: PROTOCOL RELATING TO USE OF TECHNOLOGY ASSISTED REVIEW BY THE VOLKSWAGEN DEFENDANTS ("TAR PROTOCOL")** |

Pursuant to PTO 18, Defendants Volkswagen AG, Volkswagen Group of America, Inc., Audi AG, Audi of America, LLC and Volkswagen Group of America Chattanooga Operations, LLC (collectively, the "Volkswagen Defendants") submit the following protocol to conduct Technology Assisted Review ("TAR") of certain electronically stored information ("ESI").

By agreeing to use TAR in this MDL and to follow this TAR Protocol, the Volkswagen Defendants do not acknowledge or concede that TAR is appropriate, or that they are obligated to use TAR in any other matter, including, without limitation, emissions-related matters pending in any state courts. Moreover, by agreeing to use TAR in this MDL and to follow this TAR Protocol, the Volkswagen Defendants do not intend to waive any rights or protections pursuant to privacy, confidentiality, attorney-client privilege, attorney work product, and any other privileges, protections, or objections to discovery (individually, “Privilege”; collectively, “Privileges”). The Volkswagen Defendants preserve all such Privileges.

The Volkswagen Defendants reserve the right to withhold from production and/or to redact any document that contains information subject to any appropriate objections or protections, including, without limitation, any Privilege. The Volkswagen Defendants intend for all information and documents produced pursuant to this TAR Protocol to be subject to the various pretrial orders entered in this MDL, including, without limitation, PTO 12, PTO 16, and PTO 18. The Volkswagen Defendants further reserve the right to withhold any Not Responsive document from disclosure during any Control Set Sample review, any review conducted as part of the TAR Training Process, and/or any review conducted as part of Validation as set forth in this TAR Protocol; to the extent the Volkswagen Defendants exercise this right, such document(s) will not be used for any TAR purposes (e.g., training), provided that the Volkswagen Defendants first disclose any such Not Responsive document(s) to the Plaintiffs’ Steering Committee (“PSC”) in advance and obtain the PSC’s agreement that any such document(s) is in fact Not Responsive. If the Volkswagen Defendants and PSC are unable to reach agreement that any such document(s) is in fact Not Responsive, then the Parties may submit the matter to the Court for resolution.

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 3 of 19

## 1. TAR Tool

The Volkswagen Defendants will use their discovery vendor's internally developed TAR tool, herein referred to as Text Categorization or TAR Tool. Text Categorization leverages machine learning and natural language processing techniques to automatically assign a "responsiveness" score to each document in the review population. Predictive models used to generate the scores are trained through supervised learning, meaning they are built from a human-reviewed subset of documents. Text Categorization follows an iterative TAR process of model training, model evaluation, and model refinement until stopping criteria are met.

## 2. Corpus

**A.** The Corpus will include the following populations of documents[1] associated with or related to the custodians previously identified by the Volkswagen Defendants[2]: email, documents stored on the user's workstations, and documents stored on the user's personal share.[3] The Corpus will also include documents from non-custodial sources agreed to by the Parties.[4] The Volkswagen Defendants will disclose to Plaintiffs the number of documents in the Corpus when created, and if documents are added to or deleted from the Corpus at a later date, will disclose to Plaintiffs the number of documents added to or deleted from the Corpus and the reason for the addition or deletion.

---

[1] Documents that do not have sufficient or usable extracted text will not be included as part of the TAR process and the Volkswagen Defendants reserve the right to review such documents manually, to produce without review, and/or to meet and confer with Plaintiffs regarding such documents.

[2] *See* September 27, 2016 Email from John McCarthy to David Buchanan, et al., attaching agreed list of TAR Custodians, and any additional custodians agreed to by the Parties or ordered by the Court.

[3] As previously disclosed in Appendix B to the May 18, 2016 letter from William B. Monahan to Joshua Van Eaton, *et al*., the Volkswagen Defendants use various inclusionary and exclusionary filters to process data collected from these sources. Data will be added to the Corpus following the application of those filters.

[4] *See* n.2, *supra*. The Parties agree to meet and confer regarding the non-custodial data sources that will be included in the Corpus following the Volkswagen Defendants' disclosure of a list of the non-custodial data sources that they believe are appropriate for inclusion in the Corpus.

  Case 3:15-md-02672-CRB Document 2173 Filed 11/01/16 Page 4 of 19

**B.** The Volkswagen Defendants will continue to meet and confer with Plaintiffs regarding the Corpus, including, subject to the limitations in Section 7.B., *infra*, the inclusion of any additional custodians agreed to by the Parties.

## 3. Control Set

**A.** The Volkswagen Defendants' TAR approach will include the use of a Control Set.

**B.** The Control Set will be created by drawing a random sample of 4,000 documents (the "Control Set Sample") from the Corpus for use in estimating the richness of the Corpus and in making preliminary estimates of the classification effectiveness of the predictive model. The Volkswagen Defendants will disclose to Plaintiffs if any document selected for inclusion in the Control Set is later deleted from the Corpus.

**C.** The Volkswagen Defendants will conduct the first review of the Control Set Sample, and code each document as Responsive or Not Responsive and Privileged or Not Privileged. The Volkswagen Defendants will provide Plaintiffs with access to all non-privileged documents in the Control Set Sample, and a privilege log for any documents withheld for privilege reasons, pursuant to PTO 16. All documents coded as Privileged will be removed from the Control Set Sample. Each group of Plaintiffs (e.g., DOJ, FTC, PSC, California) may designate up to five individuals ("Plaintiffs' Designated Reviewers") to be given access to review the Control Set Sample. This review may take place (a) at the offices of Sullivan & Cromwell, or at such other location or locations mutually agreed by the Parties, on a date and time to be agreed to by the Parties, or (b) via a secure web-based viewer on a date and time to be agreed to by the Parties. Each of the Plaintiffs' Designated Reviewers must execute a Nondisclosure and Confidentiality Agreement Relating to Technology Assisted Review, a copy of which is annexed hereto, prior to accessing or reviewing the documents in the Control Set Sample. Any documents coded Not

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 5 of 19

Responsive by the Volkswagen Defendants to which Plaintiffs' Designated Reviewers are provided access as part of this review are provided for the limited and sole purpose of raising and resolving disagreements, if any, regarding the coding calls made by the Volkswagen Defendants. Any such disagreements shall be recorded on a TAR Protocol Classification Dispute Log (the "Log"), which shall be in a form agreed upon by the Parties. Once Plaintiffs' Designated Reviewers complete their review of the Control Set Sample, the Parties shall meet and confer to resolve any differences in coding designation. If resolution cannot be reached, the issue shall be submitted to the Court for resolution.

**D.** Plaintiffs' Designated Reviewers shall not remove from the offices of Sullivan & Cromwell, or other location or locations mutually agreed to by the Parties, any documents to which they are provided access in connection with the Control Set Sample review process, and shall not copy, record, print, image, photograph, fax, scan, or otherwise capture, transmit or share any document or any information contained therein, in any way, with anyone beyond the other Plaintiffs' Designated Reviewers conducting the review.

**E.** When agreement is reached on the coding of the Control Set Sample, the Volkswagen Defendants will provide the following information to Plaintiffs for each document in the Control Set Sample: (i) the unique identifier for the document; (ii) the responsiveness coding for the document as Responsive or Not Responsive as agreed upon by the Parties; (iii) the linguistic coding for the document designated by reviewers as English, German, and/or some other category as agreed upon by the Parties; and (iv) the linguistic coding for the document designated by using the language-identification technology that the Volkswagen Defendants intend to apply to the Corpus to the extent this technology is available. The Parties shall then meet and confer as needed regarding, without limitation:

    Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 6 of 19

**(1)** how mixed language documents will be defined and treated;

**(2)** the Volkswagen Defendants' ability to effectively estimate the classification effectiveness of the predictive model for documents belonging to one or more agreed-upon linguistic categories based on the automated metrics available from the language-identification technology that the Volkswagen Defendants intend to apply to the Corpus; and/or

**(3)** whether any modifications to the Control Set Sample are necessary for the purposes of estimating the classification effectiveness of the predictive model for documents belonging to one or more agreed-upon linguistic categories.

## 4. TAR Training Process

### A. Seed Sets

**(1)** Defendants' Seed Set: The Volkswagen Defendants' TAR approach will include the use of a set of documents used to initially train the model (the "Defendants' Seed Set").

**(2)** The Defendants' Seed Set will be drawn from:

**(a)** documents previously reviewed by the Volkswagen Defendants in connection with litigations and/or investigations relating to TDI emissions issues (including documents that have been produced in the MDL and documents that have been coded as Not Responsive);

**(b)** documents selected through random sampling; and/or

**(c)** documents selected through judgmental sampling (including, without limitation, through the use of search terms or concept searching to find specific documents or document types).

**(3)** Plaintiffs' Seed Set: The Plaintiffs may choose to include up to an equal number of documents in the Seed Set (the "Plaintiffs' Seed Set") as are included in the Defendants' Seed Set. Plaintiffs' Seed Set may include documents from any source, including artificial documents created for the purpose of inclusion in the Seed Set, as well as documents created from excerpts of larger documents. Plaintiffs' Seed Set must include a corresponding ratio of Not Responsive documents to Responsive documents as Defendants' Seed Set, or alternatively, upon Plaintiffs' request, the Volkswagen Defendants may provide a simple random sample of documents designated as Not Responsive from the same source(s) that the Volkswagen Defendants selected the Not Responsive documents included in the Defendants' Seed Set of a size large enough to contain sufficient Not Responsive documents to make up any shortfall of Not Responsive Documents in the Plaintiffs' Seed Set. Plaintiffs' Seed Set will be reviewed and coded as Responsive or Not Responsive by the Plaintiffs. To the extent the Volkswagen Defendants provided Plaintiffs with Not Responsive documents to supplement the Plaintiffs' Seed Set, Plaintiffs will review those Not Responsive documents in the Plaintiffs' Seed Set in accordance with the protocol set forth in paragraphs 4.A.(4) and 4.A.(5) below for the review of Not Responsive documents in Defendants' Seed Set. Plaintiffs' Seed Set will then be reviewed and coded as Responsive or Not Responsive by the Volkswagen Defendants. Any disagreements regarding coding calls for documents in Plaintiffs' Seed Set shall be recorded on the Log. Once the Parties complete their review of Plaintiffs' Seed Set, the Parties shall meet and confer to resolve any differences in

coding designation. If resolution cannot be reached, the issue shall be submitted to the Court for resolution.

**(4)** The Volkswagen Defendants will conduct the first review of Defendants' Seed Set. Documents that were not previously coded as part of the Control Set Sample review will be coded by the Volkswagen Defendants as Responsive or Not Responsive and Privileged or Not Privileged. The Volkswagen Defendants will provide Plaintiffs with access to all non-privileged documents in Defendants' Seed Set, and a privilege log for any documents withheld for privilege reasons, pursuant to PTO 16. Plaintiffs may determine that they want documents coded by the Volkswagen Defendants as Privileged removed from Defendants' Seed Set; the Volkswagen Defendants will have the right to replace any document so removed. The Volkswagen Defendants will provide Plaintiffs' Designated Reviewers with access to review the non-privileged documents in Defendants' Seed Set. This review may take place (a) at the offices of Sullivan & Cromwell, or at such other location or locations mutually agreed by the Parties, on a date and time agreed to by the Parties, or (b) via a secure web-based viewer on a date and time to be agreed to by the Parties. Each of the Plaintiffs' Designated Reviewers must execute the Nondisclosure and Confidentiality Agreement Relating to Technology Assisted Review prior to accessing or reviewing the documents. Any documents coded Not Responsive by the Volkswagen Defendants to which Plaintiffs' Designated Reviewers are provided access as part of this review are provided for the limited and sole purpose of raising and resolving disagreements, if any, regarding the coding calls made by the Volkswagen Defendants. Any such disagreements shall

be recorded on the Log. Once Plaintiffs' Designated Reviewers complete their review of the non-privileged documents in the Defendants' Seed Set, the Parties shall meet and confer in an attempt to resolve any differences in coding designation. If resolution cannot be reached, the issue shall be submitted to the Court for resolution.

**(5)** Plaintiffs' Designated Reviewers shall not remove from the offices of Sullivan & Cromwell, or other location or locations mutually agreed to by the Parties, any documents to which they are provided access in connection with the Seed Set review process, and shall not copy, record, print, image, photograph, fax, scan, or otherwise capture, transmit or share any document or any information contained therein, in any way, with anyone beyond the other Plaintiffs' Designated Reviewers conducting the review.

**(6)** Defendants' Seed Set and Plaintiffs' Seed Set will be combined to build the initial iteration of the training set. The Volkswagen Defendants will build an initial predictive model by applying supervised learning to the initial training set. The Volkswagen Defendants will use this predictive model to assign to each document in the Control Set Sample a "responsiveness score" from 0 to 1, with 0 being the most unlikely to be responsive and 1 being the most likely to be responsive. The Volkswagen Defendants will provide Plaintiffs with a report that contains the unique identifier for each Control Set Sample document and the raw score with all decimal places included that was assigned to that document by the predictive model, from which Plaintiffs will be able to derive metrics for any given cutoff score for the Control Set Sample.

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 10 of 19

**B. Training Batch Iterations**

**(1)** After the initial predictive model is generated, the Volkswagen Defendants will begin their review of the Corpus and will generate batch sets using documents coded during review to attempt to improve the effectiveness of the TAR model. Each batch set will include documents that fall both above and below any targeted cutoff score by virtue of the review being driven by complete families. Additionally, 5% of each batch, up to 1,000 documents per batch, used for training the predictive model, will consist of documents selected at random from the documents within the entire Corpus that have not already been reviewed or assigned to a batch set. After the first five batches, the number of randomly selected documents drawn from the Corpus that have not already been reviewed or assigned to a batch set required for future training batches may be reduced to 2.5% of each successive batch, up to 500 documents per batch. When a batch set is estimated to improve the classification effectiveness of the model, as measured by the Control Set Sample, the documents from that batch set will be added to the training set.

**(2)** The Volkswagen Defendants will build a new predictive model by applying supervised learning to the expanded training set. The Volkswagen Defendants will use this predictive model to assign to each document in the Control Set Sample a "responsiveness score" from 0 to 1, with 0 being the most unlikely to be responsive and 1 being the most likely to be responsive. The Volkswagen Defendants will provide Plaintiffs with a report that contains the unique identifier for each Control Set Sample document and the raw score with all decimal places included assigned to that document by the predictive model, from which Plaintiffs will be able to

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 11 of 19

derive metrics for any given cutoff score for the Control Set Sample. The Parties will then meet and confer, as necessary, regarding TAR training progress.

## 5. Stopping Criteria and Validation

**A.** The iterative TAR training may be stopped when the Parties agree that appropriate stopping criteria have been reached, or as directed by the court.

**B.** The Parties will perform validation as part of the TAR process when the stopping criteria are reached. The Parties will meet and confer regarding the approach to Validation, including, without limitation, (i) how the Validation Set will be drawn, (ii) the size of the Validation Set, (iii) estimation of the effectiveness of the predictive model for documents in each agreed-upon linguistic category, (iv) criteria to be used for establishing score cutoffs for review of documents, and/or (v) measurement and assessment of results.

## 6. Non-English Documents

**A.** The TAR Tool can be applied to documents regardless of language. If the model's effectiveness can be measured for the agreed-upon linguistic categories of documents in the Corpus and one or more of the agreed-upon linguistic categories is found to have an estimated effectiveness that is substantially lower than the estimated effectiveness for some other linguistic category of documents in the Corpus, then the Volkswagen Defendants, in consultation with Plaintiffs, will take measures to improve the overall TAR results for that agreed-upon linguistic category of documents. Such measures may include:

**(1)** Adding more documents from that agreed-upon linguistic category of documents to the TAR training set;

**(2)** Building a predictive model or models specific to that agreed-upon linguistic category of documents from the Corpus; and/or

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 12 of 19

**(3)** Excluding documents from that agreed-upon linguistic category of documents from the TAR process for review using other methods.

## 7. Rolling Corpus

**A.** To the extent that additional documents are added to the Corpus during the TAR process, the Control Set Sample will be updated to represent the larger population in the following manner:

**(1)** If the number of new documents being added is less than the number of documents already in the Corpus, then a simple random sample will be drawn from the new documents such that its size will constitute the same proportion of the new documents that the current Control Set Sample constitutes of the existing Corpus. These documents will be reviewed in the same manner as the prior Control Set Sample, and then combined with that prior Control Set Sample to constitute a new Control Set Sample.

**(2)** If the volume of additional documents being added is greater than the volume of the current Corpus, a new Control Set Sample will be drawn as a simple random sample from the entirety of the Corpus which now includes the newly added documents (using the same parameters agreed to in the selection of the initial Control Set Sample). These documents will be reviewed in the same manner as the initial Control Set Sample.

**(3)** If the Volkswagen Defendants generated a Validation Set prior to adding documents to the Corpus, then they also will update the Validation Set to represent the larger population. The same steps described above for the expanded Control Set Sample will be repeated for this expanded Validation Set.

     Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 13 of 19

**B.** To the extent that one or more of the Plaintiffs seek to add documents to the Corpus, the Volkswagen Defendants will meet and confer with Plaintiffs regarding that request. If the Parties are unable to reach agreement, the Parties shall submit the matter to the Court for resolution.

**(1)** Plaintiffs have advised the Volkswagen Defendants that Plaintiffs anticipate that, as discovery proceeds, additional custodial and non-custodial document sources will be identified by the Volkswagen Defendants or requested by Plaintiffs, and that the Corpus will be expanded to include such sources after the predictive model is trained. Plaintiffs maintain that such expansion is reasonable and anticipated, and to the extent either Plaintiffs or the Volkswagen Defendants identify a concern with the extensibility of the trained predictive model to the expanded Corpus, the Parties should meet and confer to determine how best to address any such concerns. Failing agreement among the Parties concerning the treatment of such additional custodial and non-custodial document sources, Plaintiffs reserve all rights and arguments should the matter be presented to the Court.

**(2)** The Volkswagen Defendants have informed Plaintiffs that (a) additional work will be required to apply the existing predictive model to any new documents requested for inclusion in the Corpus to ensure the efficacy of the predictive model, and (b) to the extent it is determined that the existing predictive model is not working as well following the addition of documents to the Corpus as it was prior to the addition of those documents, then substantial effort may be required to retrain the predictive model. The Volkswagen Defendants do not agree to undertake that substantial effort to retrain the predictive model. Failing agreement among the Parties concerning the treatment of any additional custodial and non-custodial

document sources requested by the Plaintiffs, the Volkswagen Defendants reserve all rights and arguments should the matter be presented to the Court.

## 8. Additional Considerations

**A.** To the extent the Volkswagen Defendants identify any types of documents (e.g., Excel files, image files) within the Corpus that they have reason to believe are not being captured effectively by the TAR model, the Volkswagen Defendants shall conduct a manual review of these documents for responsiveness, and/or produce the documents without review, and/or meet and confer with the Plaintiffs about the documents. The Parties will meet and confer regarding any dispute related to types of documents they believe are not effectively being captured by the TAR model.

**B.** To the extent that any aspect of this TAR Protocol is not feasible or effective in practice for any reason, including without limitation the low richness of the Corpus and/or the effectiveness of the TAR Tool as applied to a particular category or class of documents, then the Parties shall meet and confer regarding alternative approaches to achieve the objectives of that aspect of this Protocol that is not otherwise feasible or effective, including without limitation the possibility of using search terms or stratifying the collection at appropriate stages of the TAR process. If the Parties are unable to reach agreement regarding any appropriate alternative approach(es), then the Parties may submit the matter to the Court for resolution.

**C.** Notwithstanding the provisions of Sections 3.C., 4.A(4), the Parties agree that if information contained in any document indicates that a crime has been committed, the information may be shared by the United States with applicable law enforcement authorities. In addition, consistent with PTO 12, information relevant to this matter may be shared by the United States with any state or federal law enforcement or regulatory agency with jurisdiction over matters

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 15 of 19

related to this Action without limitation, provided that (1) such agency signs the "Agency's Agreement To Be Bound By Stipulated Protective Order" (Exhibit B to PTO 12) with respect to particular information that may be shared, (2) the United States provides the Producing Party with a copy of such Exhibit B at least 24 hours in advance of sharing the information with the agency, and (3) upon request of the Producing Party, the United States provides the Producing Party with information sufficient for the Producing Party to identify the information that was provided to each such state or federal law enforcement or regulatory agency. This Section has no applicability to materials provided to the United States outside of this TAR Protocol. Nothing in this Section precludes any state or federal law enforcement or regulatory agency that receives information pursuant to this Section from using that material in accordance with the agency's applicable statutes, rules, and regulations, or from seeking materials or information outside of this MDL proceeding pursuant to applicable law.

## 9. Document Productions

**A.** The Volkswagen Defendants reserve the right to conduct a manual privilege review of all documents.

**B.** Responsive documents that are determined to be privileged will be listed on a privilege log, pursuant to PTO 16, unless excluded from the logging requirements or by agreement of the Parties.

**C.** As previously agreed in PTO 18, the Volkswagen Defendants reserve the right to conduct a manual review of all documents coded as Responsive to determine whether such documents are in fact responsive to Plaintiffs' requests for production. Defendants will provide Plaintiffs with the number of documents with scores above cutoff not being produced or logged as privileged.

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 16 of 19

**D.** The Volkswagen Defendants will produce non-privileged documents determined to be responsive to Plaintiffs' requests for production along with any non-privileged family members in accordance with the PTOs entered in the MDL. The metadata for each produced document will include the raw score with all decimal places included assigned to the document by the final predictive model.

**IT IS SO ORDERED.**

DATED: November 7, 2016

CHARLES R. BREYER
United States District Judge

SO STIPULATED.

DATED: November 7, 2016

Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By: */s/ Elizabeth J. Cabraser*
Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
ecabraser@lchb.com

*Lead Counsel for Private Plaintiffs*

DATED: November 7, 2016

UNITED STATES OF AMERICA

By: */s/ Bethany Engel*
Joshua H. Van Eaton
Bethany Engel
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice

P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5474
Facsimile: (202) 514-0097
Josh.Van.Eaton@usdoj.gov

*Government Coordinating Counsel and Counsel for the United States*

DATED: November 7, 2016

FEDERAL TRADE COMMISSION

By: */s/ Jonathan Cohen*
Jonathan Cohen
Federal Trade Commission
600 Pennsylvania Avenue NW
CC-9528
Washington, DC 20580
Facsimile: (202) 326-2551-3197

*Counsel for Plaintiff Federal Trade Commission*

DATED: November 7, 2016

SULLIVAN & CROMWELL LLP

By: */s/ Robert J. Giuffra, Jr.*
Robert J. Giuffra, Jr.
Sharon L. Nelles
William B. Monahan
John G. McCarthy
SULLIVAN & CROMWELL LLP
125 Broad Street
New York, New York 10004
Telephone: (212) 558-4000
Facsimile: (202) 558-3588
giuffrar@sullcrom.com
nelless@sullcrom.com
monahanw@sullcrom.com
Mccarthyj@sullcrom.com

*Co-Liaison Counsel for the Volkswagen Group Defendants*

DATED: November 7, 2016

HERZFELD & RUBIN, P.C.

By: */s/ Jeffrey L. Chase*
Jeffrey L. Chase
HERZFELD & RUBIN, P.C.

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 18 of 19

125 Broad Street
New York, New York, 10004
Telephone: (212) 471-8500
Facsimile: (212) 344-3333
jchase@herzfeld-rubin.com

*Co-Liaison Counsel for the Volkswagen Group Defendants*

DATED: November 7, 2016

STATE OF CALIFORNIA

By: /s/ *Nicklas A. Akers*

Nicklas A. Akers
Senior Assistant Attorney General
California Department of Justice
455 Golden Gate Ave. Suite 11000
San Francisco, CA 94102
Phone: (415) 703-5505
Facsimile: (415) 703-5480
Nicklas.Akers@doj.ca.gov

*Counsel for the State of California*

Case 3:15-md-02672-CRB Document 2173 Filed 11/07/16 Page 19 of 19

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

DATED: November 7, 2016 By: *s/ Bethany Engel*

Bethany Engel