# EXHIBIT 12

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| DEBORAH BROWN, individually and on behalf of all others similarly situated,<br><br>              Plaintiffs,<br><br>    v.<br><br>COTY, INC.,<br><br>              Defendant. | Civil Case No.:  1:22-cv-02696<br><br>Hon. Analisa Torres |

## STIPULATION REGARDING DISCOVERY OF ELECTRONICALLY STORED AND HARD COPY INFORMATION AND [PROPOSED] ORDER

The parties submit the following Stipulation Regarding Discovery of Electronically Stored Information ("ESI") and Hard Copy Information and stipulate as follows:

## I.  GENERAL GUIDELINES

1.  **General**.  The purpose of this Order is to facilitate the exchange of ESI and hard copy documents in an efficient manner and in accordance with the Federal Rules.

2.  **Scope**.  Except as specifically set forth herein, this Order does not: (a) alter or affect the applicability of the Federal Rules of Civil Procedure ("Federal Rules") or any Local Rules of the U.S. District Courts ("Local Rules"), as applicable; (b) address, limit, determine, or affect the relevance, discoverability, or admissibility as evidence of any document or ESI, regardless of whether the document or ESI is to be preserved, is preserved, or is produced; or (c) alter or affect the objections to discovery available under the Federal Rules.

3.  **Limitations and Non-Waiver.**  By stipulating to this Order and agreeing to produce documents, generally, in a particular form or forms, no party waives any objections to producing any particular document or category of documents on any grounds whatsoever.

1

4.     **Variations.**  If any Party identifies a circumstance where application of this Order is not technologically practicable, the Party will disclose to all other Parties the reason(s) for, and circumstances surrounding, the need to vary from this Order, and the Parties will meet and confer in an effort to reach agreement on an appropriate deviation from this Order.  In the event the Parties cannot reach agreement, the matter may be submitted to the Court for determination.

5.     **Transparency.**   To permit the Requesting Party an appropriate level of transparency into the Producing Party's electronic search process, the Parties will endeavor to cooperate in good faith and be reasonably transparent regarding the documents subject to targeted collections or culling via search methodology and/or validation process.  The Producing Party does not waive their right to work product protections, and this paragraph is not intended to compel disclosure of work product.

## II.     IDENTIFICATION AND COLLECTION OF DOCUMENTS AND ESI

6.     **Custodians and Sources**.  The Parties shall exchange information known through reasonable investigation regarding the identification, preservation, and collection of sources of relevant ESI, including information related to current and former internal departments, divisions, committees, or teams, and individual members of such departments, divisions, committees, or teams.

The Parties agree to disclose the following known through reasonable investigation during the meet and confer process: (a) the identity and role of those current and former internal departments, divisions, committees, or teams, and individuals that the Producing Party has identified as likely to possess potentially relevant or responsive information; (b) the primary systems used by internal departments, divisions, committees, or teams for the creation, duplication, and/or storage of documents and/or ESI that the Producing Party has identified as likely to possess

2

potentially relevant or responsive information; (c) the location(s) and description(s) of non-custodial data sources (e.g. shared drives, servers, databases, shared working environments, etc.) that the Producing Party has identified as likely to contain relevant or responsive information; and (d) the identity and role of any third parties that the Producing Party has identified as likely to possess potentially relevant or responsive information.

The Parties agree to meet and confer in an effort to agree upon the following: (a) custodians from whom information will be collected or produced; (b) data sources, including custodial, non-custodial, and third-party documents, which will be collected or produced; (c) the identity and scope of sources of documents and ESI to be produced without the use of technology-assisted review or search terms; (d) applicable timeframe for collection and review of documents; and (e) prioritization of categories of documents and ESI to be collected, reviewed, and produced.  For all agreed-to custodians, the Producing Party will provide the location(s) and description(s) of the agreed-to custodians' data sources (i.e., any of the custodians' data sources used for business purposes) known through reasonable investigation that the Producing Party has identified as likely to contain potentially relevant or responsive information

7.      **Known Responsive ESI Must Be Produced**.  Documents or ESI known to a Producing Party through reasonable investigation to be responsive to a discovery request shall be produced without regard to whether it was responsive to any search methodology described herein or developed in accordance with this Order, unless Counsel specifically identifies the documents being withheld and as a specific objection for withholding each withheld document.

8.      **Discrete Document Collections / Custodian Identified Files**.  Those portions of the Producing Party's documents representing discrete folders or collections of information responsive to a discovery request and known through reasonable investigation, such as relevant

folders of ESI that are identified or segregated by a custodian as likely to be responsive (i.e., custodian-created desktop or email folders/sub-folders or shared storage repositories specific labeled or otherwise identified), shall be collected without the use of any search methodology described herein (except for date limitations) or any other content-based filtering to cull or limit the scope of Documents from the discrete set or grouping, and produced in accordance with the production format described herein.  Notwithstanding a Party's awareness that a discrete collection is likely to contain responsive information, a Producing Party may, in good faith, review the contents of any such discrete collection for responsiveness, confidentiality, privilege, or other protection(s) from disclosure or production.

9.      **Defendant's Regulatory Productions**.  Documents responsive to requests for production in this litigation that have been produced by Defendant to regulatory entities as part of regulatory processes ("Regulatory Productions") shall be identified and produced in accordance with the production format described herein.  Documents produced from Regulatory Productions shall bear the original Bates numbers assigned to them in those proceedings.  To the extent any documents produced in Regulatory Productions are withheld from Defendants' production to Plaintiffs, Defendants shall identify the basis on which the document is being withheld, including any impacted custodians, document categories, or other basis on which the document is being withheld, to enable the Parties to confer about the potential later production of such documents.

10.     **Key Word Searching**.  If the Producing Party is identifying or culling potentially responsive materials, which are not already known to be responsive, using search terms, the Parties will meet and confer about search terms in English and any other languages used in the Producing Party's documents.   The Parties will meet and confer about information to improve the effectiveness of the search terms, such as providing a list of relevant English and foreign language

company terminology (or equivalent) and all relevant project and code names, code words, acronyms, abbreviations, and nicknames, if any. Before implementing search terms, the Producing Party will disclose information regarding the search platform to be used, a list of search terms in the exact forms that they will be applied (i.e., as adapted to the operators and syntax of the search platform), any date filters, or other culling methods after which the Receiving Party may propose additional terms or culling parameters. The Parties shall participate in an iterative and cooperative approach in which the Parties will meet and confer regarding reasonable and appropriate methods to achieve an appropriate level of recall (the percentage of responsive documents in the collection against which the search terms were run which include a search term), including hit reports, opportunities for the Parties to propose additional search terms, as well as transparent and cooperative validation procedures and random sampling both of nonresponsive sets and of the entire collection against which search terms were run..

11. **Hit Reports**. In the event that a Party claims burden with respect to modified and additional search terms proposed by the Requesting Party, the Producing Party will provide a hit report for each document collection where the terms were applied, including the following with respect to each proposed or modified search term in the collection:

a. The number of documents with hits for that term;

b. The number of unique documents, i.e., documents which do not have hits for any other term;

c. The number of family members, including the documents with hits, of the documents with hits for that term; and

d. The number of unique family members of the documents with hits for that term.

The hit report will also include the total number of documents in the globally de-duplicated collection against which the search terms were applied, the total number of unique documents containing hits, and the total number of unique family members, including the documents with hits, of the documents with hits. The Parties will meet and confer to resolve disagreements over the search terms or their application.

12. **Validation of Defendants' Key Word Search Methodology and Results**. The Parties will meet and confer regarding validation procedures and random sampling, as set forth by separate agreement to be negotiated by the Parties.

13. **Use of TAR**. If a producing Party plans to use technology-assisted review ("TAR"), also known as "predictive coding," to identify or cull documents to be reviewed or produced, the Producing Party will notify the Parties in advance to discuss an appropriate TAR Protocol for that type of review.

14. **Unsearchable Documents**. Documents which are reasonably believed to be responsive and for which text-based search technologies are fundamentally ineffective, such as images, spreadsheets, or hard copy documents, must be reviewed without culling by search terms, predictive coding, or other technologies that rely primarily on text. Prior to the production of such unsearchable items, the Producing Party may conduct a page-by-page review for responsiveness, confidentiality, privilege, and other protections.

15. **Inaccessible Documents**. If a Party believes any relevant documents are not reasonably accessible, the Party will provide sufficient information about the documents (and their custodial or non-custodial sources) to enable the Parties to confer in good faith about whether such documents will be produced.

16. **Reassessment**.  After the completion of the search methodology meet and confer sessions, a producing Party may encounter the need to reassess a search methodology and/or validation process and, in such case, the Producing Party will notify the Requesting Party and the Parties will meet and confer to address any issues in a reasonable and timely manner.

17. **Good faith**.  The Parties will act in good faith and use these procedures to identify and reduce the potential for disputes that may arise in connection with the search and/or review methodologies selected by the producing Party.

18. **Continuing Obligations**.  The Parties recognize that discovery shall be an iterative and cooperative process.  The Parties will continue to meet and confer regarding any issues as necessary and appropriate.  This Order does not address or resolve any objections to the scope of the Parties' respective discovery requests.

19. **Reservation of Rights**.  The Parties retain the right, upon reviewing any productions made by another Party in this action or conducting other investigation and discovery, to request that documents or ESI from additional non-custodial data sources and custodians be produced.  The Parties will meet and confer regarding such request(s) prior to any search or production related thereto.

III.   **FORM OF PRODUCTIONS**

20.   **File Types and Formats.**  All spreadsheet (*e.g.*, Microsoft Excel, Corel Quattro, etc.) files shall be produced as native files with TIFF placeholder images.  All presentation (*e.g.*, Microsoft PowerPoint), image (*e.g.,* .jpg, .gif), and PDF files shall be produced as native files with TIFF placeholder images where reasonably possible.  All media files, such as audio and video files, shall be produced as native files with TIFF placeholder images.  Emails shall be produced as TIFFs.  Word processing files (*e.g.,* Microsoft Word) shall be produced as TIFFs and must be processed to show and reveal all comments, revision marks, speaker notes, or other user-created data that the source application can display to a user. Reasonable requests for native Word processing files shall not be denied.  Any TIFF images of word processing files with revision marks will be produced in color, and the Parties will meet and confer if the Receiving Party reasonably believes that reproduction of any other TIFF images in color would be warranted.  The Parties will meet and confer on the production of other file types.  Other than spreadsheets (which will be redacted natively), if a document that would otherwise be produced in native format requires redaction, such document may be produced in TIFF format and must be processed to show and reveal all comments, revision marks, speaker notes, or other user-created data that the source application can display to a user, and the native file version need not be produced.  In advance of depositions, the Parties reserve the right to produce TIFF versions of any previously produced native file at their discretion.

21. **Native Files**. Any file produced in native file format shall be given a file name consisting of a unique Bates number and, as applicable, a confidentiality designation; for example, "ABC00000002_Confidential." For each native file produced, the production will include a *.tiff image slipsheet indicating the production number of the native file and the confidentiality designation, and stating "File Provided Natively." To the extent that it is available, the original document text shall be provided in a document-level multi-page UTF-8 with BOM text file with a text path provided in the *.dat file; otherwise the text contained on the slipsheet language shall be provided in the *.txt file with the text path provided in the *.dat file. Native files will be produced in a separate folder on the production media. Where redaction makes production of native-format files other than spreadsheets infeasible, the Parties will confer to determine a reasonably usable form for the production.

22. **TIFF Images**. Documents produced with TIFF images shall be named according to the Bates number of the corresponding TIFF image. Each *.tiff file should be assigned a unique name matching the Bates number of the corresponding image. All TIFF images should be provided in single-page, Group IV TIFF with a resolution of 300 DPI. Bates numbers and confidentiality designations should be electronically branded on each produced *.tiff image. These *.tiff images should be provided in a separate folder and the number of TIFF files per folder should be limited to 1,000 files.

23. **Production Format for Hard Copy Documents**. Documents that exist in hardcopy will be scanned to *.tiff image format and produced in accordance with the specifications set forth on **Exhibit A**. Defendant's hard copy documents that are not text-searchable shall be made searchable by OCR prior to production at Defendants' cost. In scanning paper documents, distinct documents should not be merged into a single record, and single documents should not be split into multiple records (i.e., paper documents should be logically unitized[1]). In the case of an organized compilation of separate documents (for example, a binder containing several separate documents behind numbered tabs), the document behind each tab should be scanned separately, but the relationship among the documents in the compilation should be reflected in the proper coding of the beginning and ending document and attachment fields. The parties will make their best efforts to unitize the documents correctly.

24. **Digital Photos**. Where reasonably possible, all digital photographs will be produced as full color image files in their native file format at their original resolution.

25. **Databases, Structured, Aggregated or Application Data**. The Parties will meet and confer to address the production and production format of any responsive data contained in a database or other structured or aggregated data source or otherwise maintained by an application. The Parties will reasonably cooperate in the exchange of information concerning such databases to facilitate discussions on productions and production format, including available data fields/objects and schema. If the Parties cannot reach agreement, the matter will be decided by the Court or its designee.

---

[1] Logical Unitization is the process of human review of each individual page in an image collection using logical cues to determine pages that belong together as documents. Such cues can be consecutive page numbering, report titles, similar headers and footers, and other logical indicators.

26.     **Non-English Documents**.  To the extent that Documents are produced that contain languages other than English, in whole or in part, the Producing Party shall produce each such Document in the original language or languages in which it was written when collected.  The Producing Party has no obligation to create a translation of the Documents or any portion thereof, but shall provide any known, pre-existing translation of the Document, or any portion thereof that exists, prior to or concurrent with the production of the Document.  The Parties will meet and confer concerning procedures for using translations at depositions and at trial.  In the event the Parties cannot reach agreement, the matter may be submitted to the Court for determination.

27.     **Mobile and Handheld Device Documents and Data**.  If responsive data that can reasonably be extracted and produced in the formats described herein is identified on a mobile or handheld device, that data shall be produced in accordance with the generic provisions of this protocol.  To the extent that responsive data identified on a mobile or handheld device is not susceptible to normal production protocols, the Parties will meet and confer to address the identification, production, and production format of any responsive documents and data contained on any mobile or handheld device.

28.     **De-NISTing**.  Electronic files will be De-NISTed, removing commercially available operating system and application file information contained on the current NIST file list.

29. **Deduplication**. The Parties shall make reasonable efforts to de-duplicate ESI. ESI produced by the Parties shall be globally de-duplicated across all collected custodial and non-custodial sources. Documents are considered exact duplicates if a document family or stand-alone file has a matching MD5 or SHA-1 hash value as compared against the same document type (i.e., family or stand-alone file). Hash values of emails will be calculated on the concatenated values of at least the following fields: From, To, CC, BCC, Subject, Date Sent, Time Sent, Attachment Names, Body, and the hash values of all attachments. The names of all custodians and non-custodial sources who were in possession of a document prior to deduplication will be populated in the ALL CUSTODIANS metadata field. The original file paths of a document prior to deduplication will be populated in the ALL FILE PATHS metadata field.[2]

---

[2] *i.e.*, Original file/folder paths of all the locations where copies of the item were located at the time of collection, separated by semi-colons, in the order corresponding to the order of names in ALL CUSTODIANS. For emails collected from container files (e.g., .pst's), these include the original file paths of the container files and the location of the emails within the folder structure of the mail container/.pst from which it was collected.

30. **No Email Threading**. No email may be withheld from production or not logged for privilege because it is included in whole or in part in a more inclusive email, although Parties may use email threading for their own internal review and other internal processes.

31. **Embedded Files**. Embedded files, except for images embedded in emails, are to be produced as family groups. Embedded files should be assigned Bates numbers that directly follow the Bates numbers on the documents within which they are embedded.

32. **Dynamic Fields**. Documents with dynamic fields for file names, dates, and times will be processed to show the field code (*e.g.*, "[FILENAME]"), rather than the values for such fields existing at the time the file is processed.

33. **Parent-Child Relationships**. Parent-child relationships (the association between an attachment and its parent document or between embedded documents or linked internal or non-public documents and their parents) shall be preserved. Attachments should be consecutively produced with their parent.

34. **Family Groups.** A document and all other documents in its attachment range, emails with attachments, files with extracted embedded OLE documents, and email or other documents together with any documents referenced by document stubs, or via links to internal or non-public document sources within those emails or other documents, all constitute family groups. If any member of a family group is produced, all members of that group must also be produced or else logged as privileged.

35. **Time Zone**. All provided metadata pertaining to dates and times will be standardized to UTC.

36.     **Bates Numbering**.  Bates numbering should be consistent across the production, contain no special characters, and be numerically sequential within a given document.  If a Bates number or set of Bates numbers is skipped, the skipped number or set of numbers should be noted with a placeholder.  Attachments to documents will be assigned Bates numbers that directly follow the Bates numbers on the documents to which they were attached.  In addition, wherever possible, each *.tiff image will have its assigned Bates number electronically "burned" onto the image.  The Bates number will:

a.  be consistent across the production;

b.  contain no special characters; and

c.  be numerically sequential within a given document.

37.     **Excluded File Types**.  Absent a particularized need, the Parties agree that there is no need to collect ESI from the following sources:

a.  Deleted, slack, fragmented, or other data only accessible by forensics;

b.  Random access memory (RAM), temporary files, or other data difficult to preserve without disabling the operating system;

c.  On-line access data such as temporary internet files, history, cache, cookies, and the like;

d.  Back-up data that is entirely duplicative of data that can be collected elsewhere; and

e.  Server, system, or network logs.

38.     **Redactions**.  Other than as permitted by this Order or the order concerning confidentiality agreed and/or entered in this litigation, no redactions for relevance may be made within a produced document or ESI item.  Any redactions shall be clearly indicated on the face of the document, and a metadata field shall indicate that the document contains redactions and the basis for the redaction (e.g., "A/C Privilege").  Where a responsive document contains both redacted and non-redacted content, the parties shall produce the remainder of the non-redacted portions of the document and the text/OCR corresponding to the non-redacted portions.

39.     **Spreadsheets**.  Spreadsheet files requiring redaction, including without limitation Microsoft Excel files, will be redacted natively.

40.     **Other Documents**.  All TIFF images of redacted native files shall be processed to show and reveal all comments, revision marks, speaker notes, or other user-entered data which are visible in any view of the document in its native application.  Where reasonably possible, any occurrences of date/time auto-field items, including in headers and footers, will be removed and replaced with the term AUTODATE to prevent the current date from being printed.  Email header information (e.g. date, subject line, etc.) should not be redacted unless it is independently privileged.  The production of a document in a redacted form does not affect the Parties' obligation to timely assert and substantiate the assertion of privilege over the content in a privilege log.  The Parties shall honor reasonable requests for the production of particular redacted documents in other formats where the TIFF image is not reasonably usable.

41.     **Color**.  Redacted versions of documents that contained color in their un-redacted form shall be produced in color in JPEG format.

42. **Load File Formats**. ESI will be produced with a standard Concordance (*.dat) load file format and an image load file that is in .OPT format. The Concordance (*.dat) load file shall be provided with UTF-8 encoding.

43. **Metadata to Be Produced**. The metadata fields detailed in **Exhibit A** should be produced for each document to the extent that such information is available or, in the case of metadata created during processing such as Bates numbers, created, at the time of collection and processing, except that if a field contains privileged information, that privileged information may be redacted and noted in a corresponding privilege log.

44. **Extracted Text and OCR**. Each document, whether produced in Native or in TIFF format, and whether originally existing in electronic or in hard copy, shall be produced with extracted text or OCR, as described herein.

    a.    <u>Extracted Text (Emails, Unredacted Native ESI, and Redacted Spreadsheets)</u>. All email, un-redacted ESI, and redacted spreadsheets produced as native files, should be provided with complete document-level extracted text files. Extracted text shall include all comments, revisions, tracked changes, speaker's notes and text from documents with comments or tracked changes, and hidden and very hidden worksheets, slides, columns and rows. Text extracted from emails shall include all header information that would be visible if the email was viewed in Outlook including: (1) the individuals to whom the communication was directed ("To"), (2) the author of the email communication ("From"), (3) who was copied and blind copied on such email ("CC" and "BCC"), (4) the subject line of the email ("RE" or "Subject"), (5) the date and time of the email, and (6) the names of any attachments.

b. <u>OCR (Redacted Native ESI, Hard Copy Documents)</u>. In the event a document, other than spreadsheets, e.g., Excel files, contains text that is to be redacted, Optical Character Recognition ("OCR") text files should be provided for any un-redacted portions of the documents. Document-level OCR text files shall also be provided for all hard copy scanned documents. OCR software must be set to the highest quality setting for any previously unscanned paper documents, and reasonable quality control measures shall be used to ensure that the integrity of scanned copies of previously unscanned paper documents are preserved for OCR (e.g., pages are not angled or skewed, text is not blurred or obscured, etc.). Documents containing foreign language text must be OCR'd using the appropriate settings for that language, (e.g., OCR of Asian language documents must properly capture the relevant Asian characters). Settings such as "auto-deskewing" and "auto-rotation" must be turned on during the OCR process to maximize text recognition on any given page.

c. <u>Format of Extracted Text and OCR</u>. The extracted full text and/or OCR text for all deliverables should be in separate document-level, UTF-8 with BOM encoded TXT files provided in a separate folder. The number of TXT files per folder should be limited to 1,000 files.

45. **Encryption**.  To maximize the security of information in transit, any media or file sharing electronic document repository on which documents are produced must be encrypted. Production deliverables provided via File Transfer Protocol ("FTP") shall be made available on a secured FTP connection with AES 256-bit encryption.  All production volumes uploaded via this file sharing document repository shall remain available for download for no less than thirty (30) calendar days.  In such cases, the Parties shall transmit the encryption key or password to a requesting Party, under separate cover, contemporaneously with sending the encrypted media, or correspondence indicating the availability of the encrypted FTP deliverables.

46. **Exception Files.**  The Parties will use reasonable efforts and standard industry practices to address Documents that present imaging or form production problems (including encrypted and/or protected files identified during the processing of ESI) ("Exception Files").  The Parties will meet and confer regarding procedures that will be used to identify, access, and process Exception Files.  In the event that the Parties cannot reach agreement on the handling of Exception Files through the meet and confer process, the matter may be submitted to the Court for determination.

47. **Previously Produced Documents.**  If a Party has previously produced responsive documents in an unrelated matter in a form that is different than that provided for herein, the Party may disclose and identify the previously produced documents, and the Parties shall meet and confer as to the form of production in this Action.

## IV.    PROCESSING OF NON-PARTY DOCUMENTS

48. A Party that issues a non-Party subpoena ("Issuing Party") must include a copy of this Order with the subpoena and request that the non-Party produce documents in accordance with the specifications set forth herein.

49.     The Issuing Party is responsible for producing to all other Parties any document(s) obtained pursuant to a subpoena to any non-Party in the form in which the document(s) was/were produced by the non-Party.   To the extent practical given the data volume and load time, productions by a non-Party should be produced by the Issuing Party to all other Parties within fourteen (14) calendar days of the non-Party's production to the Issuing Party.

50.     For the avoidance of doubt, nothing in this Order is intended to or should be interpreted as narrowing, expanding, or otherwise affecting the rights of the Parties or non-Parties to object to a subpoena.

## V.     MISCELLANEOUS PROVISIONS

51.     **Impact of Order on Other Obligations**.   Nothing in this Order shall affect the preservation requirements set forth in previous Orders, subsequent Orders, or any other preservation obligations of the Parties for these proceedings or for other purposes, such as pursuant to court order, administrative order, statute, or in response to other anticipated litigation.   By preserving documents or ESI for the purpose of this litigation, the Parties are not conceding that such material is discoverable, nor are they waiving any claim of privilege.

52.     **Privileged Material In The Custody Of Counsel.**   The Parties will meet and confer and attempt to reach agreement concerning whether there is a need to collect, search, or produce documents in response to general discovery requests that are in the possession of outside counsel to the Parties.

53.     **Document Storage**.   During the pendency of this litigation, the Parties shall make reasonable efforts to preserve the originals of all hard copy and ESI documents produced to the opposing parties and to preserve the original native format version of any ESI produced in non-native format.

54.     **Third Party Data.**  The Parties will meet and confer before serving any subpoenas in this matter on commercial e-mail providers, such as Google™ or Yahoo™, or any social media companies such as Facebook™ or Twitter™.

55.     **Effect of Order.**  The Parties' agreement to this Order is without prejudice to the right of any Party to seek an order from the Court to rescind or amend this Order for good cause shown.  Nothing in this Order abridges the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any discovery ruling made by the Court in this matter.

56.     **Additional Requests.**   The Parties reserve the right to propound Requests for Production that expressly require the production of certain categories of documents without relying on text-based search or classification technology.

57.     **Good Faith Compliance and Conferral Obligation**.  The Parties will make good faith efforts to comply with and resolve any differences concerning compliance with this Order. No Party may seek relief from the Court concerning compliance with this Order unless it has first conferred with the other Parties.

Respectfully submitted,

By:   /s/ James Bilsborrow
        James Bilsborrow

        Weitz & Luxenberg, PC
        700 Broadway
        New York, NY 10003
        Telephone: (212) 558-5500

        Christopher A. Seeger
        Jeff Grand
        Christopher L. Ayers

By:   /s/ Lori B. Leskin
        Lori B. Leskin

        Arnold & Porter Kaye Scholer LLP
        250 West 55th Street
        New York, NY 10019
        Telephone: (212) 836-8541

        *Attorney for Defendant*

Seeger Weiss LLP
55 Challenger Road
Ridgefield Park, NJ 07660
Telephone: (973) 639-9100

Sam Strauss (*pro hac vice*)
Raina Borrelli (*pro hac vice*)
Turke & Strauss LLP
613 Williamson St., Suite 201
Madison, WI 53703
Telephone: (608) 237-1775

*Attorneys for Plaintiff*

**SO ORDERED:**

This _____ day of _____, 2022.

_____
ANALISA TORRES
United States District Judge

## *EXHIBIT B*

### *FIELDS TO EXCHANGE*

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | **E-mail** | **Word Processing, PDFs, or other file types (e.g., CAD)** | **Spreadsheets and PowerPoints** | **Digital Photos** | **Paper** |
| Bates Beg | Text | Bates number for the TIFF image of the first page. | Bates number for the TIFF image of the first page. | Bates number for the TIFF image of the first page, or, if spreadsheets/PowerPoints are not TIFFed, the Bates number of the placeholder page. | Bates number branded onto a .JPG file that has the same resolution as the native image file, or at high resolution. | Bates number for the TIFF image of the first page. |
| Bates End | Text | Bates number for the TIFF image of the last page. | Bates number for the TIFF image of the last page. | Bates number for the TIFF image of the last page or, if spreadsheets/PowerPoints are not TIFFed, the Bates number of the placeholder page. | Bates number branded onto the native image file. | Bates number for the TIFF image of the last page. |
| Page Count | | Number of pages in a document. | Number of pages in a document. | Number of pages in a document. | Number of pages in a document. | Number of pages in a document. |

---

[1] The Producing Party will produce the fields contained in Appendix A to the extent available and technically achievable and to the extent required by this Order.

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| Attach Beg | Text | Bates number of the first page of the parent document | "Attachments" include all embedded files other than images and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of the parent document is shown | "Attachments" include all embedded files other than images and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of parent document is shown. | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of the parent document is shown. | "Attachments" include all documents that were physically attached by clips, staples, or binding. Bates number of the first page of the parent document is shown. |
| Attach End | Text | Bates number of the last page of the last attachment | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the last page of the last attachment is shown | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the last page of the last attachment is shown. | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the last page of the last attachment is shown. | "Attachments" include all documents that were physically attached by clips, staples, or binding. Bates number of the first page of the parent document last page of the last attachment is shown. |

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| Attachment Range | Text | Bates number of the first page of the parent document and the last page of the last attachment. | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of the parent document and the last page of the last attachment is shown. | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of parent document and the last page of the last attachment is shown. | "Attachments" include all embedded files and all documents (including e-mails) to which this file was attached or in which it was embedded. Bates number of the first page of the parent document and the last page of the last attachment is shown. | "Attachments" include all documents that were physically attached by clips, staples, or binding. Bates number of the first page of the parent document and the last page of the last attachment is shown. |
| Attach Count | | Number of attachments to, or documents embedded in, an email or edoc | Number of attachments to, or documents embedded in, an email or edoc. | Number of attachments to, or documents embedded in an email or edoc. | Number of attachments, or documents embedded into an email or edoc. | Number of attachments |
| Attach Title | | Email attachments title list. | <blank> | <blank> | <blank> | <blank> |
| Application | | Type of application used to generate the document. | Type of application used to generate the document. | Type of application used to generate the document. | Type of application used to generate the document. | <blank> |
| Document Category | | The category of document (Email, Email Attachment, or E-Doc). | The category of document (Email, Email Attachment, or E-Doc). | The category of document (Email, Email Attachment, or E-Doc). | The category of document (Email, Email Attachment, or E-Doc). | "Physical" |
| File size | | The size of the file including embedded attachments. | The size of the file including embedded attachments. | The size of the file including embedded attachments. | The size of the file including embedded attachments. | <blank> |

| Name of Field | Type of field | Contents¹ | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| Custodian | Text | The name of the person who had primary control over the location from which the document was collected. | The name of the person who had primary control over the location from which the document was collected. | The name of the person who had primary control over the location from which the document was collected. | The name of the person who had primary control over the location from which the document was collected. | The name of the person maintaining the file from which the paper was obtained. |
| Duplicate Custodians | Paragraph | The names of the persons who had primary control over the locations from which the unproduced duplicate copies of the documents were collected. | The names of the persons who had primary control over the locations from which the unproduced duplicate copies of the documents were collected. | The names of the persons who had primary control over the locations from which the unproduced duplicate copies of the documents were collected. | The names of the persons who had primary control over the locations from which the unproduced duplicate copies of the documents were collected. | <blank> |
| Sort Date | Date | The date taken from the Email Sent Date repeated for a parent email and all children items to allow for date sorting. | The date taken from the Last Modified Date repeated for a parent document and all children items to allow for date sorting. | The date taken from the Last Modified Date repeated for a parent document and all children items to allow for date sorting. | The date taken from the Last Modified Date repeated for a parent document and all children items to allow for date sorting | <blank> |
| Email From | Paragraph | "From" field. | <blank> | <blank> | <blank> | <blank> |
| Email To | Paragraph | "To" field. | <blank> | <blank> | <blank> | <blank> |
| Email CC | Paragraph | "CC" field. | <blank> | <blank> | <blank> | <blank> |
| Email BCC | Paragraph | "BCC" field. | <blank> | <blank> | <blank> | <blank> |
| Email Subject | Paragraph | "Subject" field. | <blank> | <blank> | <blank> | <blank> |
| Email Sent Date² | Date | The date the message was sent. | <blank> | <blank> | <blank> | <blank> |
| Email Sent Time | | The time the message was sent. | | | | |

---

[2] When a metadata field includes a date, the date shall be provided in the following format: mm/dd/yyyy. When a metadata field includes a time, the time shall be provided in the following format: hh:mm:ss AM. eDiscovery Providers should take into account different geographical expressions of dates (e.g., MM/DD/YY vs DD/MM/YY) to meet these production specifications.

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| Message ID | Text | For e-mails in Microsoft Outlook, the "Message ID" field; For e-mail stored in Lotus Notes, the UNID field. | <blank> | <blank> | <blank> | <blank> |
| Email Conversation Index | | ID used to tie together e-mail threads. | <blank> | <blank> | <blank> | <blank> |
| Hash | Paragr aph | The hash value calculated using commercially acceptable methods and based on all addresses, sent date/time, subject line, body, attachment names, and optionally attachment count | The hash value calculated using commercially acceptable methods when the file was collected (or, alternatively, when it was processed into the review database). | The hash value calculated using commercially acceptable methods when the file was collected (or, alternatively, when it was processed into the review database). | The hash value calculated using commercially acceptable methods when the file was collected (or, alternatively, when it was processed into the review database). | <blank> |
| File Name | Paragr aph | The name of the file. | The name of the file. | The name of the file. | The name of the file. | <blank> |

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| DocTitle | | Internal file Title property. | Internal file Title property. | Internal file Title property. | Internal file Title property. | <blank> |
| Directory Path | Paragraph | The full directory path, including file name, of the mail file, e.g., PST, from which the email was obtained | The name of the folder from which the file was obtained, including any parent folders. | The name of the folder from which the file was obtained, including any parent folders | The name of the folder from which the file was obtained, including any parent folders. | The title of the folder in which the document cover was scanned prior to scanning of folder contents |
| Folder Path | Paragraph | The name of the email folder from which the email was obtained, including any parent email folders | | | | |
| Duplicate Custodians Directory/ File Name/ Folder Path | Paragraph | The full directory paths, including file names, of the mail files, e.g., PSTs, from which the unproduced duplicate copies of the emails were obtained | The names of the folders from which the unproduced duplicate copies of the files were obtained, including any parent folders. | The names of the folders from which the unproduced duplicate copies of the files were obtained, including any parent folders | The names of the folders from which the unproduced duplicate copies of the files were obtained, including any parent folders. | <blank> |
| Doc extension | | The file extension of a document. | The file extension of a document. | The file extension of a document. | The file extension of a document. | <blank> |

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| File_Path | Paragraph | The path to the native file on the production media (if it is being provided). | The path to the native file on the production media (if it is being provided). | The path to the native file on the production media (if it is being provided).. | The path to the native file on the production media (if it is being provided). | <blank> |
| Text_Path | Paragraph | The path to the extracted text/OCR file on the production media. | The path to the extracted text/OCR file on the production media. | The path to the extracted text/OCR file on the production media. | The path to the extracted text/OCR file on the production media. | The path to the extracted text/OCR file on the production media. |
| Last Modified Date | | <blank> | Internal file property: the most recent date when the e-doc was modified. | Internal file property: the most recent date when the e-doc was modified. | Internal file property: the most recent date when the e-doc was modified. | <blank> |
| Last Modified Time | | <blank> | Internal file property: the most recent time when the e-doc was modified. | Internal file property: the most recent time when the e-doc was modified. | Internal file property: the most recent time when the e-doc was modified. | <blank> |
| Last Modified By | | <blank> | Internal file property: the last person who modified the e-doc. | Internal file property: the last person who modified the e-doc. | Internal file property: the last person who modified the e-doc. | <blank> |
| Author | | <blank> | Internal file property: Person who created the e-doc. | Internal file property: Person who created the e-doc. | Internal file property: Person who created the e-doc. | <blank> |
| Redacted | | Identifies whether the document is redacted. | Identifies whether the document is redacted. | Identifies whether the document is redacted. | Identifies whether the document is redacted. | Identifies whether the document is redacted. |
| Created Date | | <blank> | Internal file property: Date when the e-doc was created. | Internal file property: Date when the e-doc was created. | Internal file property: Date when the e-doc was created. | <blank> |
| Created Time | | <blank> | Internal file property: Time when the e-doc was created. | Internal file property: Time when the e-doc was created. | Internal file property: Time when the e-doc was created. | <blank> |

| Name of Field | Type of field | Contents[1] | | | | |
|---|---|---|---|---|---|---|
| | | E-mail | Word Processing, PDFs, or other file types (e.g., CAD) | Spreadsheets and PowerPoints | Digital Photos | Paper |
| Received Date | | Date when email was received. | <blank> | <blank> | <blank> | <blank> |
| Received Time | | Time when email was received. | <blank> | <blank> | <blank> | <blank> |
| Time Zone Offset | | If time zone is not normalized to UTC, local time relative to UTC (e.g., Eastern time is -4 for part of the year and -5 for part of the year) | If time zone is not normalized to UTC, local time relative to UTC (e.g., Eastern time is -4 for part of the year and -5 for part of the year) | If time zone is not normalized to UTC, local time relative to UTC (e.g., Eastern time is -4 for part of the year and -5 for part of the year) | If time zone is not normalized to UTC, local time relative to UTC (e.g., Eastern time is -4 for part of the year and -5 for part of the year) | <blank> |
| Last Print Date | | <blank> | Internal file property: Last time when the e-doc was printed. | Internal file property: Last time when the e-doc was printed. | Internal file property: Last time when the e-doc was printed. | <blank> |
| Confidentiality Level | Text | Level of confidentiality assigned | Level of confidentiality assigned | Level of confidentiality assigned | Level of confidentiality assigned | Level of confidentiality assigned |
| Producing Party | Text | Agency (US) or Entity (Defendants) from whom email was collected | Agency (US) or Entity (Defendants) from whom documents were collected | Agency (US) or Entity (Defendants) from whom documents were collected | Agency (US) or Entity (Defendants) from whom documents were collected | Agency (US) or Entity (Defendants) from whom documents were collected |