1  ROBERT ATKINS (*Admitted Pro Hac Vice*)
       ratkins@paulweiss.com
2  CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
       cgrusauskas@paulweiss.com
3  ANDREA M. KELLER (*Admitted Pro Hac Vice*)
       akeller@paulweiss.com
4  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
5  1285 Avenue of the Americas
   New York, NY 10019
6  Telephone: (212) 373-3000

7  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
8  MARC PRICE WOLF
       mpricewolf@paulweiss.com (SBN: 254495)
9  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
10 535 Mission Street, 24th Floor
   San Francisco, CA 94105
11 Telephone: (628) 432-5100

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
13 RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-MD-3084-CRB<br><br>**DECLARATION OF CAITLIN E. GRUSAUSKAS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S PROPOSED ESI PROTOCOL**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

-2-

1  KYLE SMITH (*Admitted Pro Hac Vice*)
     ksmith@paulweiss.com
2  JESSICA PHILLIPS (*Admitted Pro Hac Vice*)
     jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
4  2001 "K" Street, NW
   Washington, DC 20006
5  Telephone: (202) 223-7300

6  *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
7  RASIER, LLC; and RASIER-CA, LLC

### DECLARATION OF CAITLIN E. GRUSAUSKAS

I, Caitlin E. Grusauskas, declare pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I respectfully submit this declaration in support of Uber's Proposed ESI Protocol. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

***Negotiations and Background re: JCCP Action***

2. As part of the proceedings in *In re Uber Rideshare Cases*, Case No. CJC-21-005188 (S.F. Super. Ct.) (hereinafter, the "JCCP Action"), Uber has been negotiating an ESI protocol with the JCCP plaintiffs over the past two years. These negotiations involved several meet and confers, consultations with vendors and e-discovery experts, and conferences before the JCCP Court.

3. As part of the proceedings in the JCCP Action, to my estimation there have been at least eight conferences before the JCCP Court where the ESI protocol was discussed, including conferences on September 18, 2023 and December 7, 2023, both of which involved nearly an hour of discussion related to the ESI protocol, to the best of my recollection.

4. As part of discovery in the JCCP Action, Uber has collected nearly 21 million Gmail and Gchat documents from 46 proposed custodians. This does not account for other potential sources of responsive documents, such as Google Drive, which are expected to add in millions of additional documents.

5. Application of the JCCP plaintiffs' requested search terms to the corpus of nearly 21 million documents for those 46 proposed custodians reduced the corpus to a potential review set of 3.5 million documents (after deduplication).

6. In connection with the JCCP plaintiffs' proposal that Uber use a software program called Forensic Email Collector ("FEC") developed by a company called Metaspike, Uber's counsel spoke directly with Metaspike. On information and belief, Metaspike confirmed to Uber's counsel that its FEC software program cannot access items stored in the document retention and archiving system, Google Vault, which Uber uses for Google Workspace data.

7. On January 9, 2024, Uber convened a call between Uber's counsel, Uber's e-discovery vendor, Lighthouse, and counsel for the JCCP plaintiffs (including their e-discovery consultant Doug Forrest) to permit the JCCP plaintiffs to speak with Lighthouse about its Google Parser tool.

***Negotiations with MDL Plaintiffs***

8. The first draft ESI protocol that plaintiffs in this case sent Uber, on January 17, 2024, explicitly stated that Uber "may use Lighthouse's 'Google-url-parser' for" the purpose of making "reasonable efforts to maintain and preserve the relationship between any email and any cloud-hosted document hyperlinked or referenced within the email." Plaintiffs later removed that language from subsequent drafts.

9. Uber sent plaintiffs a revised draft ESI protocol on January 24, 2024.

10. The parties met and conferred on January 25, January 29, February 1, February 7, February 8, February 11, and February 12, 2024 concerning their respective comments on the ESI protocol, and exchanged multiple drafts and sets of comments throughout that period.

11. On February 7, 2024, Uber convened a call between Uber's counsel, Lighthouse, and counsel for the plaintiffs in this case (including their e-discovery consultant Doug Forrest) to permit the MDL plaintiffs to speak with Lighthouse about its Google Parser tool.

12. On February 8, 2024, plaintiffs sent a revised protocol that contained over 40 newly requested metadata fields.

13. Attached hereto as Exhibit A is a true and correct copy of the ESI protocol that Uber proposes the Court enter in this litigation.

14. Attached hereto as Exhibit B is a true and correct copy of a chart comparing relevant provisions of Uber's proposed ESI protocol and relevant provisions of the most recent version of plaintiffs' proposed ESI protocol that plaintiffs sent Uber on February 12, 2024, which Uber understands to be plaintiffs' final proposal.

15. Attached hereto as Exhibit C is a true and correct copy of excerpts of the transcript of the December 7, 2023 Informal Discovery Conference held in the JCCP Action.

16. Attached hereto as <u>Exhibit D</u> is a true and correct copy of correspondence exchanged between counsel for Uber and counsel for the plaintiffs in this action on February 6, 2024, as well as a true and correct copy of correspondence exchanged between counsel for Uber and counsel for the plaintiffs in the JCCP Action on December 5, 2023, which was attached to the February 6, 2024 email.

17. Attached hereto as <u>Exhibit E</u> is a true and correct copy of Uber's most recent draft of its proposed ESI Protocol in the JCCP Action, which was submitted to the JCCP Court via letter on January 30, 2024.

18. On February 12, 2024, I participated in a call with representatives from Google who confirmed Uber's understanding that there is no automated scalable process that would enable collection of historic "versions" of hyperlinked Google Drive documents linked in Gmails.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 12, 2024, in Brooklyn, New York.

_____
Caitlin E. Grusauskas