1  ROBERT ATKINS (*Admitted Pro Hac Vice*)
       ratkins@paulweiss.com
2  CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
       cgrusauskas@paulweiss.com
3  ANDREA M. KELLER (*Admitted Pro Hac Vice*)
       akeller@paulweiss.com
4  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
5  1285 Avenue of the Americas
   New York, NY 10019
6  Telephone: (212) 373-3000

7  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
8  MARC PRICE WOLF
       mpricewolf@paulweiss.com (SBN: 254495)
9  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
10 535 Mission Street, 24th Floor
   San Francisco, CA 94105
11 Telephone: (628) 432-5100

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
13 RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-MD-3084-CRB<br><br>**DECLARATION OF JAKE ALSOBROOK IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF DEFENDANTS' PROPOSED ESI PROTOCOL**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

1  KYLE SMITH (*Admitted Pro Hac Vice*)
     ksmith@paulweiss.com
2  JESSICA PHILLIPS (*Admitted Pro Hac Vice*)
     jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON
     & GARRISON LLP**
4  2001 "K" Street, NW
   Washington, DC 20006
5  Telephone: (202) 223-7300

6  *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
7  RASIER, LLC; and RASIER-CA, LLC

-2-
JAKE ALSOBROOK DECLARATION IN SUPPORT OF DEFENDANTS' BRIEF
IN SUPPORT OF DEFENDANTS' PROPOSED ESI PROTOCOL         CASE NO. 3:23-MD-3084-CRB

## DECLARATION OF JAKE ALSOBROOK

I, Jake Alsobrook, declare pursuant to 28 U.S.C. § 1746:

1. I am a Senior Director of Client Services with Lighthouse Document Technologies, Inc. ("Lighthouse"), and have worked in the eDiscovery industry since 2008, and Litigation Support since 2000.

2. Lighthouse provides eDiscovery services to Uber Technologies, Inc. ("Uber").

3. I respectfully submit this declaration in support of Uber's Proposed ESI Protocol. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

**The Technical Challenges of Hyperlinks**

4. Uber uses the Google Workspace, which offers a suite of cloud-based web applications, including Google Drive. One feature of Google Drive, a file storage application and collaboration tool, is that a user can send an email message containing a hyperlink to a document stored on Drive.

5. I understand that plaintiffs in this proceeding have requested that Uber treat such hyperlinked documents together with the separate email communications as document "families."

6. However, unlike a traditional "attachment" to an email, such hyperlinks are different. Hyperlinked documents are not attachments. Hyperlinked documents present unique collection, review, and production challenges that differ from the standard collection, review, and production of attachments to emails.

7. Importantly, emails containing hyperlinks and hyperlinked documents have a "many-to-many" relationship; multiple emails can point to the same Drive document and a Drive document can be linked to from multiple emails.

8. Because of the unique features of cloud-based documents like those in Google Drive, they are not processed in the same way that emails and traditional attachments are processed, and they are not treated as "families" with specific metadata relationships connecting them.

**Lighthouse's "Google Parser" Tool**

9. Lighthouse has developed a proprietary custom tool—referred to as the "Google Parser"—that resolves some of the technical challenges of linking Google Drive documents to Gmail mail items containing hyperlinks to such documents. Lighthouse developed the Google Parser over four years ago, and it has been used successfully across upwards of twenty litigations and other matters.

10. The Google Parser works once a given collection of Gmail and Google Drive data has been collected and ingested into the Lighthouse processing tool. At this point, the Google Parser scans the text of the top-most portion of an email in order to identify information about the Google Drive hyperlink in the email. In particular, the Google Parser is scanning for the Google Document ID associated with the hyperlink in the email, which is recorded for use during review. The data will subsequently be loaded into Relativity, where Lighthouse will run a script to identify where the linked Google Document IDs are present within the population.

11. Within the Relativity platform, the relationship or association between the email items and linked Google Drive documents are stored in custom multi-object fields that allow these associated documents to be reviewed and produced using custom metadata fields. These custom metadata fields are LinkBegBates and LinkSourceBates. Each email can be associated with multiple Google Drive documents, and conversely, a Drive document can be associated with multiple emails. The Google Parser tool only addresses Google Drive data, and not other types of cloud-based linked documents.

12. On January 9, 2024, I participated in a call with counsel for the plaintiffs in *In re Uber Rideshare Cases*, Case No. CJC-21-005188 (S.F. Super. Ct.), and their e-discovery vendor ILS, to discuss the Google Parser tool. And on February 7, 2024, I participated in a call with counsel for the plaintiffs in the above-captioned proceedings, and their e-discovery vendor (also ILS), to discuss the Google Parser tool.

**Metadata for Google Drive Documents**

13. I understand that plaintiffs in these proceedings have very recently requested that Uber provide certain metadata fields for certain types of Google documents, namely: "SlideRecording," "ClientSideEncrypted," "SharedDriveID," "DocParentID," "SiteTitle," "PublishedURL," "LabelName," "Account," "Rfc822MessageId," "GmailMessageId," "DriveUrl," "ParticipantPhoneNumbers," and "OwnerPhoneNumbers."

14. These metadata fields are not typically captured by Lighthouse during processing, largely because they are fields that in my experience have not been considered by parties to be relevant or necessary, and so Lighthouse does not currently support a process for capturing them as part of its standard processing workflow. First, certain of these fields ("ParticipantPhoneNumbers" and "OwnerPhoneNumbers") relate to Google Voice, which I understand is not enabled at Uber. Second, the fields "Rfc822MessageId" and "Account" are likely to be duplicative of the information in the MSGID field and the ALLCUSTODIAN field that Uber has agreed to provide. Third, certain of these fields ("LabelName", "SlideRecording, "ClientSideEncrypted", "GmailMessageId", and "DriveURL") are not currently fields that are extracted from the exported data into Lighthouse's processing tool (Nuix). In order to extract those fields, Lighthouse would need to explore and develop entirely new processing workflows that include those fields, and doing so may have adverse consequences and may impact the overall efficiencies of our processing workflows. Fourth, certain of these fields ("SharedDriveID", "DocParentID", "SiteTitle", and "PublishedURL") are fields that are exported into Nuix, but they are not loaded into Relativity. For this category, in order to load that data into Relativity for any data that has been previously collected, Lighthouse would have to generate a custom export for those fields from each one of its existing impacted Nuix databases for previously collected data— there are upwards of 40 such databases for previous collections that I understand may relate to this matter.

15. I further understand that plaintiffs in these proceedings have requested that Uber provide a new metadata field "LINKGOOGLEDRIVEURLS" for Gmail documents containing

-5-

JAKE ALSOBROOK DECLARATION IN SUPPORT OF DEFENDANTS' BRIEF
IN SUPPORT OF DEFENDANTS' PROPOSED ESI PROTOCOL                CASE NO. 3:23-MD-3084-CRB

linked Google Drive documents, described by plaintiffs as a "One-to-many field containing the URLS for any Google Drive linked documents referenced within a given Gmail document. If a Google Drive linked document has been produced, the URL will be suffixed by a space and the corresponding BEGBATES in square brackets ([ ])." However, this metadata field is not one that exists in the ordinary course and is not a metadata field that exists in Google Workspace. Rather, plaintiffs appear to be requesting that Uber create a custom metadata field. Creating such a metadata field would require extensive custom work outside of Lighthouse's standard processes.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 12, 2024, in Santa Cruz, California.

/s/ *J. Alsobrook*
Jake Alsobrook

-6-
JAKE ALSOBROOK DECLARATION IN SUPPORT OF DEFENDANTS' BRIEF
IN SUPPORT OF DEFENDANTS' PROPOSED ESI PROTOCOL          CASE NO. 3:23-MD-3084-CRB