RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION TO SHORTEN TIME (ECF NO. 260)**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

-ii-

| | |
|---|---|
| 1 | KYLE N. SMITH (*Pro Hac Vice* admitted) |
| | ksmith@paulweiss.com |
| 2 | JESSICA E. PHILLIPS (*Pro Hac Vice* admitted) |
| | jphillips@paulweiss.com |
| 3 | **PAUL, WEISS, RIFKIND, WHARTON** |
| | **& GARRISON LLP** |
| 4 | 2001 K Street, NW |
| | Washington DC, 20006 |
| 5 | Telephone: (202) 223-7300 |
| | Facsimile:  (202) 223-7420 |

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Defendants Uber Technologies Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") submit this memorandum in opposition to Plaintiffs' Administrative Motion to Shorten Time for Uber's Response to Motion to Enforce PTO No. 5 (ECF 260). Plaintiffs' Motion to Shorten should be denied in light of Plaintiff's failure to establish any substantial harm or prejudice, and in light of Uber's production of over 1800 pages in response to PTO No. 5.

### I.    There Is No Reason Plaintiffs' Premature Motion Should Be Heard On A Shortened Schedule While Uber Is Still Producing Documents

Plaintiffs' motion is premature. No urgency or exigency exists which warrants an accelerated hearing. The Court entered on December 28, 2023, Pretrial Order No. 5, which provided, in Paragraph 6B, that Uber "shall endeavor to complete" by January 31, 2024 the production to Plaintiffs of "all documents Defendants produced to legislative, regulatory, or enforcement entities in connection with government investigations or inquiries within the United States of Uber with respect to sexual assault, including attempted assaults (except those investigations or inquiries conducted pursuant to grand jury subpoena), including all those by the California Public Utilities Department . . . ." (hereinafter, "Paragraph 6B").

Uber did just that. On January 31, 2024, Uber produced the documents responsive to Paragraph 6B that it had been able to identify as of that time, while continuing to search for and collect any additional responsive documents. Uber's January 31 production included documents it had produced in response to five government inquiries covered by Paragraph 6B of PTO 5: (1) Inquiry by California Public Utilities Commission ("CPUC") resulting in settlement dated July 15, 2021; (2) Inquiry by United States Congressman Joe Crawley (response dated May 25, 2018); (3) Inquiry by United States Congressmen Christopher Smith and Thomas Suozzi (response dated Sept. 11, 2019); (4) Inquiry by United States Senator Richard Blumenthal (response dated Oct. 31, 2019); (5) Inquiry by United States Senator Richard Blumenthal (response dated Feb. 14, 2020).

On February 7, 2024, the parties met and conferred for nearly an hour to discuss Uber's January 31 production, and Uber's ongoing efforts to produce any additional documents. During the meeting, Uber demonstrated it had endeavored to complete its production by January 31. Uber explained that (1) Plaintiffs incorrectly assumed that there is a single, already-prepared list of other

government inquiries available "off the shelf" for Uber to produce or refer to; (2) other potentially responsive documents are not maintained in a centralized document repository; and therefore (3) Uber would evaluate whether additional rolling productions would become necessary in the event it were to identify any other responsive documents in consultation with Uber's legal and regulatory teams. This is a process that takes time given that some employees with relevant responsibilities are no longer with the company. Thus, Uber is in compliance with PTO 5.

In any event, there is no urgent need for Court intervention. For example: Plaintiffs seek in their Motion for Uber to provide them with a list of investigations or inquiries covered by Paragraph 6B, but Uber already did that. During the February 7 meet and confer, Plaintiffs asked Uber to commit to providing the aforementioned list. Plaintiffs subsequently noted that they would "identify any investigations or inquiries within the United States of Uber with respect to sexual assault, including attempted assaults" that Plaintiffs believed were missing from Uber's list. Exhibit B. On February 8, in written correspondence (attached to Plaintiffs' Motion to Enforce at ECF 259-5, page 354-57), Uber identified the investigations or inquiries responsive to Paragraph 6B. The February 8 letter also indicated that Uber had identified additional responsive documents that would be produced beginning on February 8 and through to the next week, and that efforts to find additional responsive documents were ongoing. Furthermore, Uber stated that it was prepared to meet and confer further if Plaintiffs had additional questions they believed warranted discussion. Instead of engaging in the meet and confer process in good faith (or at all), Plaintiffs told Uber they would be filing a motion to enforce and an accompanying motion to shorten time.

Uber fulfilled its commitment, expressed in the February 8 letter, to produce additional documents: on February 8, 2024, Uber produced documents that had been provided to the Massachusetts Department of Public Utilities ("DPU"); on February 12, 2024, Uber produced documents that had been provided to the Iowa Department of Transportation ("DOT") in 2018; on February 13, 2024, Uber produced additional documents that had been provided to the CPUC, comprising over 1,500 pages; and on February 14, 2024, Uber produced documents it provided to the Iowa DOT in 2019. Moreover, consistent with its obligations, Uber is continuing to assess whether any additional responsive documents exist and, if so, those documents will be produced

-2-

promptly. In addition, due to the ongoing nature of Uber's business, Uber will continue to assess whether further productions will become necessary, subject to a reasonable cut-off date.

In short, even if Plaintiffs had reason to believe there were deficiencies in Uber's document production (and there are none), Uber has fully complied with PTO 5 and Plaintiffs have no basis to say that Uber's document production will be incomplete. Plaintiffs' refusal to continue the meet and confer process seems intended to create a sense of urgency when there is none.

**II.   Plaintiffs Fail to Meet the Requirements to Justify a Request for Shortened Time, and Uber Should Be Permitted an Appropriate Window of Time to Prepare a Complete Response to the Motion to Enforce**

All these circumstances, and Uber's compliance with Paragraph 6B, will be addressed in detail in Uber's response to Plaintiffs' motion to enforce. Uber submits that Plaintiffs have not met their burden to justify shortening Uber's time to submit a thorough response to the Motion to Enforce under N.D. Cal. Local Rule 6-3, which governs Motions to Change Time. Plaintiffs have failed to "(1) set forth with particularity the reasons for the requested . . . shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time . . . ."

A.   <u>Plaintiffs Have Not Set Forth with Any Particularity the Reasons for the Requested Shortening of Time</u>

Plaintiffs state that they seek a shortened briefing schedule on the Motion to Enforce "to avoid further delay in obtaining significant court-ordered discovery." But that ignores the fact that Uber complied with Paragraph 6B of PTO 5 by not only endeavoring to complete its production by January 31, but also by making a production on January 31 (and additional productions shortly thereafter). In addition, Uber provided Plaintiffs with the requested list of inquiries or investigations - - and did so *before* Plaintiffs moved to compel Uber to provide that list.

B.   <u>Plaintiffs Have Made No Meaningful Efforts to Obtain a Stipulation, and Filed a Motion Contravening Prior Discussions Regarding Shortened Time</u>

Plaintiffs adopted a "take it or leave it" approach to the briefing schedule for the Motion to Enforce and failed to meaningfully engage with Uber on this issue. Plaintiffs' proposed timeframe would unnecessarily deny Uber the normal allotted time provided in the Local Rules (14 days) to

-3-

respond to Plaintiffs' Motion to Enforce.

In its February 8 meet and confer correspondence, Uber proposed that, if Plaintiffs filed their motion by February 9, 2024 as Plaintiffs represented they intended to do, Uber would be willing, as a compromise, to file its response brief within 11 days of Plaintiffs' filing so that the Motion to Enforce could be heard during the pre-scheduled February 22, 2024 discovery hearing as Plaintiffs wished. *See* Exhibit A. But Plaintiffs did *not* file their motion on February 9. They waited until February 12, yet continued to insist that Uber's time to respond be even further cut down for the motion to be heard on February 22. *See* Exhibit C. Plaintiffs' email did not include any actual proposal for a briefing schedule.

Uber made yet another offer of compromise, agreeing to respond by February 23, 2024 (i.e., within 11 days of Plaintiffs' filing the motion). *See* Exhibit C. Plaintiffs failed to engage with Uber's reasonable proposals for shortening time and instead filed the instant Motions. Plaintiffs have effectively given themselves an additional three days to file the (unnecessary and premature) Motion to Enforce, while seeking to cut Uber's opportunity to respond to the Motion by half (from fourteen days to respond, down to seven). [1] That is not the good faith effort - - or any effort at all - - to seek a stipulation shortening time, as required by Local Rule 6-3.

C. <u>Plaintiffs Fail to Show any Substantial Harm or Prejudice That Would Occur if the Court Does Not Shorten the Time</u>

Plaintiffs fail to establish any substantial harm or prejudice that would occur if the Motion to Enforce were not heard on a shortened basis. Plaintiffs merely assert that they "will go without this court-ordered discovery for weeks more beyond the mandated deadline." This is false: Plaintiffs have received five document productions totaling over 1,800 pages, and Plaintiffs' own motion acknowledges that Uber has committed to making additional productions - - including this week. Plaintiffs have presented no factual basis to show that resolving this (meritless) motion to enforce on a standard schedule under the Local Rules will somehow harm or prejudice them, particularly given Uber's ongoing efforts to complete its productions as promptly as possible.

---

[1] Plaintiffs' proposed February 19, 2024 submission date for Uber's response, which Plaintiffs selected, falls on a Court holiday.

-4-

DEFENDANTS' OPPOSITION TO PLAINTIFFS'
ADMINISTRATIVE MOTION TO SHORTEN TIME                     Case No. 3:23-md-3084-CRB

### III. Uber Has Already Provided Plaintiffs With the List of Investigations or Inquiries Responsive to Paragraph 6B

As set out above, on February 8, Uber already provided to Plaintiffs a list identifying investigations or inquiries covered by Paragraph 6B. *See* Plfs. Exh. A-5 to the Mot. to Enforce, ECF No. 259-6, p. 353-57. The Court ordered that Uber produce a list containing that same information in its response to the Motion to Shorten Time, which Uber lists here:

(1) Inquiry by CPUC resulting in settlement dated July 15, 2021 (productions commenced but not yet complete);

(2) Response to CPUC Request for Information Related to Training Documents and Investigative Policies dated February 12, 2014 (production complete);

(3) MA DPU Inquiry Regarding Transportation Network Company (TNC) Complaint Reporting (D.P.U. Docket 23-33) (production complete);

(4) Iowa DOT 2018 Inquiry Response (production complete);

(5) Iowa DOT 2019 Inquiry Response (production complete);

(6) Inquiry by United States Congressman Joe Crawley (response dated May 25, 2018) (production complete);

(7) Inquiry by United States Congressmen Christopher Smith and Thomas Suozzi (response dated September 11, 2019) (production complete);

(8) Inquiry by United States Senator Richard Blumenthal (response dated October 31, 2019) (production complete);

(9) Inquiry by United States Senator Richard Blumenthal (response dated February 14, 2020) (production complete).

### CONCLUSION

Given Uber's multiple and forthcoming document productions pursuant to PTO 5, there is no reason for the rapidly accelerated response time proposed by Plaintiffs for Uber's response to Plaintiffs' premature "Motion to Enforce." If the Court considers shortening the response time, 11 days to respond (i.e., a response submitted by February 23) would be more than reasonable. Accordingly, Uber respectfully requests that Plaintiffs' Motion to Shorten Time be denied.

| | |
|---|---|
| DATED: February 14, 2024 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | By: */s/ Randall S. Luskey* |
| | ROBERT ATKINS |
| | RANDALL S. LUSKEY |
| | *Attorney for Defendants* |
| | UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |