[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' STATUS REPORT REGARDING DEFENDANTS' COMPLIANCE WITH PTO NO. 2** |

**PLAINTIFFS' STATUS REPORT REGARDING UBER'S COMPLIANCE WITH PTO NO. 2**

This Court issued two orders requiring Uber to confirm that it is appropriately preserving discovery: Pretrial Order No. 2 (Dkt. 65), issued November 3, 2023, and Magistrate Judge Cisneros' January 9, 2024 Order regarding Plaintiffs' Motion to Enforce PTO No. 2 and to Compel Defendants to Produce Litigation Hold and Preservation Information (Dkt. 190) ("Judge Cisneros' Order"). Despite a January 16, 2024 deadline set by Judge Cisneros' Order and the parties' attempts to meet and confer, Uber still hast not complied with Judge Cisneros' Order to enforce PTO No. 2.

PTO No. 2 and Judge Cisneros' Order enforcing it were entered to address Plaintiffs' concerns that Uber had not properly preserved ESI. Specifically, PTO No. 2 required Uber to (1) confirm to Plaintiffs that Uber is preserving all information from all sources, and (2) ensure it had implemented a litigation hold covering both Uber and its vendors, including vendors that maintain backup media that may contain ESI been destroyed pursuant to Uber's document-retention policies. *Id*. When Uber failed to comply with PTO No. 2 and Plaintiffs were forced to file a Motion to Enforce that Order, Judge Cisneros entered a second order, giving Uber seven (7) days—until January 16, 2024—to comply. Dkt. 190 at 8-9. Judge Cisneros' Order was more specific than PTO No. 2, requiring Uber to disclose two categories of information—information regarding litigation holds, and information about sources of ESI. *Id*.

First, with regard to litigation holds, Uber was required disclose:

(1) Dates that Uber issued litigation holds for past and current Uber employees;

(2) Dates of ESI preserved pursuant to litigation holds;

(3) The names, job titles, and dates of employment of the recipients of litigation hold notices; and

(4) Whether the litigation hold relates to a case or complaint involving allegations of

sexual assault and sexual harassment.

*Id*. at 8-9.

Second, Uber was required to disclose information specific to the ESI sources (both custodial and non-custodial) used by past and present employees, including:

(1) Whether Uber preserved each source of ESI;

(2) When Uber preserved each source of ESI;

(3) When each source of ESI was used by Uber;

(4) What each source of ESI was used for;

(5) The general types of information housed/contained in each source.

*Id*. at 9. Judge Cisneros ordered Uber to produce this information regarding non-custodial ESI sources in the form of a declaration or list. *Id*. at 7, 9.

The purpose of the relief Plaintiffs sought with Plaintiffs' Motion to enforce PTO No. 2 was to provide certainty as to what ESI Uber has preserved, for whom and when. This is necessary to ensure Uber is complying with PTO No. 2 and to ensure relevant discovery is not lost or at risk of destruction. Plaintiffs are still in the dark despite Judge Cisneros' Order mandating that Uber comply.

On January 16, 2024, Uber made a partial disclosure in response to PTO No. 2 and Judge Cisneros' Order. *See* Feb. 16, 2024 Luhana Declaration at ¶ 7, attached hereto as Exhibit A. However, Uber's disclosures were incomplete. Plaintiffs advised Uber of the deficiencies by email on January 19, 2024, and likewise raised this issue with the Court during the January 19, 2024 hearing. *Id*. at ¶¶ 8, 9. During that hearing, the Court admonished that *"it's extremely important that these orders are complied with." Id*. ¶ 9.

On January 24, 2024 (more than a week after Uber's compliance deadline had passed), the parties discussed these issues during an extensive meet and confer because Uber still had not

produced the information required per Judge Cisneros' January 9, 2024 Order. *Id*. ¶ 10. Following that discussion, Plaintiffs' counsel sent Uber a letter on January 29, 2024, outlining again the deficiencies in Uber's response to PTO No. 2 and Judge Cisneros' Order, and providing additional detail based on the January 24, 2024 meet and confer. *Id*. Although Uber acknowledged Plaintiffs' January 29, 2024 letter and noted that Uber was "working on a response" and that it expected to provide the response "next week," Uber still has not provided any additional information on these topics. *Id*. at ¶ 11.

Now, months after Plaintiffs first raised this issue to the Court and a month after the Court-imposed deadline for compliance, Uber continues to ignore this Court's orders. Uber's disclosures to date are deficient and noncompliant with PTO No. 2 and Judge Cisneros' Order in three fundamental ways.

First, Uber did not provide the required non-custodial ESI information in the form of a declaration or list[1] as required by Judge Cisneros' Order (*id*.), and instead provided an incomplete letter. Ex. A at ¶13. The letter format is problematic because it does not provide a clear picture of what non-custodial ESI sources Uber used, when Uber used them, whether that ESI was preserved, and the precise dates that those sources were under litigation holds. *Id*. Plaintiffs are still unable to ascertain what non-custodial sources were used and preserved, which was a critical part of the relief Plaintiffs sought and was granted with Judge Cisneros' Order. Moreover, the letter, unlike a declaration, is not signed under oath and therefore Plaintiffs cannot verify that it provides complete and accurate information, particularly given the history of this dispute. *Id*.

Second, although Uber has disclosed that it used, at minimum, the non-custodial sources

---

[1] While Uber did provide a list of employees and their job titles and a list of custodians and legal hold dates, these are not sufficient to meet their obligations under PTO No. 2 and Judge Cisneros' Order because they do not identify the full timeframe in which the sources were under litigation hold or whether ESI was deleted during the timeframes between litigation holds. Dkt. 217-4 Further, the lists do not address non-custodial ESI sources at all. *Id*.

Slack, HipChat, uChat, and Box, Uber did not provide complete information about these sources as required by the Orders. *Id*. It is unclear from Uber's disclosures whether Uber has fully complied with PTO No. 2 and Judge Cisneros' Order with regard to any sources, or even investigated those sources beyond a few custodial sources to ascertain dates of preserved ESI. *Id*. Instead, Uber described what "generally" "would have been done" under a general retention policy. *Id*. This does not meet Uber's obligation to provide information about what was *actually* done during those dates. Further, Uber has not provided any information about ESI before the date the general policy was instituted. Ex. A at ¶ 13.

Third, Uber's disclosures and subsequent discussions also indicate that the litigation hold information that Uber provided is so incomplete as to render it meaningless. Specifically, the meet and confer highlighted that the litigation hold dates Uber provided to Plaintiffs may not be accurate and cannot be relied on because Uber may have lifted a litigation hold prior to another hold being implemented—which means Uber may have deleted relevant ESI between the hold being lifted and another hold being implemented. *Id*. The inability to rely on the litigation hold information provided in Uber's January 16, 2024 disclosures underscores the need for this information to be provided by declaration, as indicated by Judge Cisneros' Order. Without fundamental, complete, and accurate information about Uber's ESI, the parties are prevented from having meaningful meet and confers about its possible production.

Plaintiffs are prepared to address these issues in whatever manner the Court deems appropriate, including at any of the upcoming scheduled hearings or at another time convenient for the Court.

Dated: February 16, 2024                         Respectfully submitted,

                                                 /s/ *Sarah R. London*

                                                 [Submitting counsel]

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Sarah R. London*