# Exhibit A

Case 3:23-md-03084-CRB   Document 276-1   Filed 02/16/24   Page 1 of 5

[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF PLAINTIFFS' STATUS REPORT REGARDING DEFENDANTS' COMPLIANCE WITH PTO NO. 2** |

I, Roopal P. Luhana, declare and state as follows:

1.  I am an attorney and partner at Chaffin Luhana LLP, counsel for Plaintiffs and Court-appointed Co-Lead Counsel in this action. I am a member in good standing of the State Bars of New York, New Jersey, and Pennsylvania, and am admitted *pro hac vice* in this coordinated action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.  I submit this Declaration in support of Plaintiffs' Notice Regarding Noncompliance of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") with PTO No. 2 (Dkt. 65).

3.  On November 3, 2023, the Court held an initial status conference that, inter alia, addressed Plaintiffs' concerns that Uber had destroyed and is not properly preserving evidence. A true and accurate copy of the November 3, 2023 Hearing Transcript in *In re Uber Technologies,*

*Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084 (N.D. Cal. Nov. 3, 2023) is attached hereto as **Exhibit 1**.

4. In response to the concerns Plaintiffs raised in their submission for the November 3, 2024 hearing, the Court issued PTO No. 2 which required Uber to (1) confirm to Plaintiffs that Uber is preserving all information that may be relevant to this litigation, from all sources, including corporate and personal accounts, and including email systems, mobile device data, text messaging application, and (2) ensure Uber had implemented a litigation hold covering both Uber and vendors, including vendors that maintain backup media that may contain copies of deleted emails, Slack messages, and other relevant communication that may have been destroyed pursuant to Uber's document-retention policies. Dkt. 65.

5. On January 8, 2024, Magistrate Judge Lisa J. Cisneros held a hearing to address Plaintiffs' Motion to Enforce PTO No. 2. During that hearing, Plaintiffs' counsel raised concern that Uber was not complying with PTO No. 2, particularly with respect to the dates of litigation holds, the date range of ESI that was preserved, and preservation of non-custodial ESI. A true and correct copy of the January 8, 2024 Hearing Transcript in *In re Uber Technologies, Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084 (N.D. Cal. Jan. 8, 2024) is attached hereto as **Exhibit 2**.

6. In response to the concerns Plaintiffs raised in their Motion and during the January 8 hearing, Judge Cisneros issued an Order enforcing PTO No. 2 ("Judge Cisneros' Order"). Dkt. 190. That Order required Uber to disclose to Plaintiffs certain information about preservation of ESI, including sources and dates preserved, as well as information about Uber's ligation holds, including dates of the holds and dates of ESI preserved pursuant to litigation holds. *Id*. at 8-9. This information was due to Plaintiffs by January 16, 2024. *Id*. Information regarding non-custodial ESI sources was to be provided in the form of a declaration or a list. *Id*. at 9.

7.   On January 16 2024, Uber made an incomplete disclosure in response to PTO No. 2 and Judge Cisneros' Order. Dkt. 217-4.

8.   On January 19, 2024, counsel for Plaintiffs sent correspondence to Uber identifying deficiencies with their January 16, 2024 disclosures and asked Uber to meet and confer about the deficiencies. Specifically, Plaintiffs' counsel raised concern that Uber failed to (1) produce a list or declaration of non-custodial sources of ESI; and (2) provide the dates of preserved ESI for Uber employees on litigation hold. A true and accurate copy of Plaintiffs' January 19, 2024 correspondence to Uber is attached hereto as **Exhibit 3**.

9.   During a January 19, 2024 hearing with Judge Cisneros, Plaintiffs' counsel advised the Court that Uber had not complied with PTO No. 2 and Judge Cisnero's Order. A true and accurate copy of the January 19, 2024 Hearing Transcript in *In re Uber Technologies, Inc. Passenger Sexual Assault Litig.*, No. 23-md-03084 (N.D. Cal. Jan. 19, 2024) is attached hereto as **Exhibit 4**. The Court admonished that *"it's extremely important that these orders are complied with."* Ex. 5 at 9.

10.   On January 24, 2024 (more than a week after Uber's compliance deadline had passed), the parties discussed these issues during an extensive meet and confer because Uber still had not produced the information required per Judge Cisneros' January 9, 2024 Order. Following that discussion, Plaintiffs' counsel sent Uber a letter on January 29, 2024, outlining again the deficiencies in Uber's response to PTO No. 2 and Judge Cisneros' order, and providing additional detail based on the January 24, 2024 meet and confer. Again, Plaintiffs' counsel complained that Uber failed to: (1) produce a list and/or declaration of non-custodial sources; and 2) provide dates of preserved ESI. Ex. 6 at 1.

11.   On February 8, 2024, Counsel for Uber acknowledged Plaintiffs' January 29, 2024 letter and noted that Uber was "working on a response" and that it expected to provide the

response "next week." A true and accurate copy of the parties' February 8 and 9, 2024 correspondence is attached hereto as **Exhibit 5**.

12. Plaintiffs have not received any additional information from Uber on these topics since January 16, 2023.

13. Uber has not fully complied with PTO No. 2 and Judge Cisnero's Order in the following ways:

> (1) Uber did not provide a declaration or list ESI sources as required by Judge Cisneros' Order, and instead provide a letter that did not fully identify ESI sources, particularly non-custodial sources, and does not provide a clear picture as to when Uber used the ESI sources, whether the ESI was preserved, and the precise dates that the sources were under litigation holds. Dkt. 217-4.

> (2) Uber has not fully evaluated and disclosed ESI from non-custodial sources, particularly Slack, HipChat, uChat, and Box. Although Uber disclosed that it used these non-custodial sources, Uber did not identify what ESI was retained from those sources and for what dates. Instead, Uber described what "generally" "would have been done" under a general retention policy. *Id*. This does not meet Uber's obligation to provide information about what was *actually* done during those dates. Further, Uber has not provided any information about ESI prior to the date the general policy was instituted. *Id*.

> (3) Uber has not provided full and accurate information regarding the dates of litigation holds for custodial ESI sources. Instead, Uber provided a single "legal hold date" for each custodian Uber identified. *Id*. at Ex. B. Notably, many custodians show numerous "legal hold dates," however, Uber did not identify when any legal hold may have ended and whether ESI was preserved or destroyed between litigation hold dates. *Id*.

I declare under penalty of perjury that the foregoing is true and correct. Executed on February 16, 2024, in New York, New York.

                                        */s/ Roopal P. Luhana*
                                        Roopal P. Luhana
                                        **CHAFFIN LUHANA LLP**
                                        600 Third Avenue, 12th Floor
                                        New York, NY 10016
                                        Telephone: (888) 480-1123
                                        Facsimile: (888) 499-1123
                                        luhana@chaffinluhana.com

                                        *Co-Lead Counsel for Plaintiffs*