1 | RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
2 | **PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
3 | 535 Mission Street, 24th Floor
    San Francisco, CA 94105
4 | Telephone: (628) 432-5100
    Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL CONFIDENTIAL AGREEMENTS AND RELATED MATERIALS PROVIDED TO THE COURT PURSUANT TO THE FEBRUARY 22, 2024 ORDER**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor<br><br>*(Filed Concurrently with Declaration of Randall S. Luskey, Notice of Lodging, and [Proposed] Order)* |

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Under Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") hereby move this Court for an order to seal the Settlement and Release Agreement and Stipulated Protective Orders (together, the "Confidential Agreements"), along with the explanatory Notice of Lodging of these documents with the Court. These documents were filed with the Court on February 26, 2024 pursuant to the Court's February 22, 2024 Order (ECF No. 283). The Motion and Confidential Agreements attached as Exhibit A, filed concurrently to this Administrative Motion.

Uber files this Motion and all supporting papers in accordance with the Court's instruction at the February 22, 2024 hearing to file these materials with the Court under seal. *See* Tr. at 45:11▢15;[1] *see also* Minute Entry, 3:23-md-3084-CRB, ECF No. 283 (Feb. 22, 2024) ("The parties may file this material with motions to seal.").

Assessment of the public and private interests implicated here further warrant sealing these materials. Local Rule 79-5(c)(1)(i). The Exhibit A materials to be sealed include settlement agreements between non-parties that contain confidentiality provisions and are not otherwise available to the public, as well as excerpts of the agreements contained within the Motion. These agreements contain the personal information and identifying information of the non-parties. Declaration of Randall S. Luskey ("Luskey Decl.") ¶ 3. The materials in Exhibit A contain clear language evidencing an intent to maintain the agreements as confidential between the parties. *Id.* ¶ 4. The public disclosure of these confidential settlement agreements, and the stipulated protective orders from unrelated cases that were pending in other courts, including the personal and identifying information about the Plaintiffs contained within these documents, could cause significant and avoidable harm to the parties in the agreements. Evidence of these harms is also set forth in detail in letters annexed to the Luskey Declaration at Exhs. E-H. *See* Local Rule 79-5(c)(1)(ii).

---

[1] "MAGISTRATE JUDGE CISNEROS: So just for clarity, if you all could file … File under seal, you know, one to five exemplars of these confidentiality provisions. And I would prefer to get the entire settlement agreement with the identifying information redacted."

That conclusion is consistent with, and thus further supported by, the protective order the Parties spent weeks negotiating, and which the Court entered on December 28, 2023 (ECF No. 176). The Protective Order permits a Designating Party to designate information as "Confidential" that the party believes contains, among other things, "the personal information and any identifying information of any Non-Party" and "any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or agreement." Protective Order, 3:23-md-3084-CRB, ECF No. 176 ¶ 2.3 (Dec. 28, 2023). As described, the Exhibit A information inarguably falls within this category. Luskey Decl. ¶¶ 3, 5. Although the Protective Order does not, by itself, entitle a party to file material under seal, Protective Order ¶ 1; Local Rule 79-5(c), that the materials contained in Exhibit A squarely fall within the Parties' agreed-to definition of Confidential Information lends further support to the propriety of the Court sealing these materials now.

Conversely, there is no strong public interest in accessing these materials, much less one that outweighs the significant interests in sealing the records discussed above. Records that are only "tangentially related to the merits of a case" are not subject to a strong presumption of access. *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). The Exhibit A materials do not pertain to the merits of this litigation. The records were produced at the direction of this Court related to a request to modify Pretrial Order No. 5 regarding the scope of potential production of documents from unrelated cases. Minute Entry, 3:23-md-3084-CRB (LJC), ECF No. 283 (Feb. 22, 2024). The public interest in learning about confidential agreements between non-parties and court records from other cases involving non-parties, and filed now to aid the Court in resolving a discovery dispute, is thus limited. Such limited interest does not outweigh the significant countervailing interests in protecting non-party's confidential contracts that contain personal information and identifying information.

Finally, no less restrictive alternative to sealing the Exhibit A materials is sufficient. Local Rule 79-5(c)(1)(iii). The Exhibit A materials to be sealed contain sensitive information which Uber's Motion is intended to protect from public dissemination. Luskey Decl. ¶ 5. As such, actions

1  short of sealing these materials would be insufficient to protect the personal identifying
2  information of the parties to the agreement.

### CONCLUSION

For the foregoing reasons, Uber respectfully requests this Court grant the administrative motion to seal the documents contained in Exhibit A, pursuant to the instruction of the Court during the February 22, 2024 hearing, and the Court's February 22, 2024 Order.

DATED: February 26, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
　　ROBERT ATKINS
　　RANDALL S. LUSKEY

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

-3-

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CONFIDENTIAL AGREEMENTS AND RELATED MATERIALS　　　　Case No. 3:23-md-3084-CRB