# EXHIBIT B

1    [Submitting counsel below]

2

3

4                        UNITED STATES DISTRICT COURT

5                      NORTHERN DISTRICT OF CALIFORNIA

6                          SAN FRANCISCO DIVISION

7

8    **IN RE: UBER TECHNOLOGIES, INC.,**          No. 3:23-md-03084-CRB
     **PASSENGER SEXUAL ASSAULT**
9    **LITIGATION**                               **DECLARATION OF SARAH R. LONDON**
                                                   **IN SUPPORT OF PLAINTIFFS' BRIEF IN**
10                                                 **SUPPORT OF PROPOSED DEPOSITION**
                                                   **PROTOCOL**
11    This Document Relates to:

12    All Cases

13

14

15   I, Sarah R. London declare and state as follows:

16          1.      I am an attorney in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP,

17   appointed Co-Lead counsel for Plaintiffs in the above-captioned Multi-District Litigation.  I am a

18   member of the State Bar of California and am admitted to practice before this Court.  I make this

19   declaration based on my own personal knowledge.  If called upon to testify, I could and would

20

21   testify competently to the truth of the matters stated herein.

22          2.      I submit this Declaration in support of Plaintiffs' Brief in Support of Proposed

23   Deposition Protocol.

24          3.      A true and accurate copy of Case Management Order No. 10: Deposition Protocol

25   Order, entered in *In re: Juul Labs Inc., Marketing, Sales Practices, and Prods. Liab. Litig.*,

26   19:md-02913 (N.D. Cal. May 20, 2020) ("JUUL Deposition Protocol"), is attached hereto as

27

28   **Exhibit 1.**

4.      Upon information and belief, Uber employs approximately 30,000 employees.

5.      A true and accurate copy of Pretrial Order No. 54 Deposition Protocol for Defendants' Witnesses and Third Parties, entered in *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Prods. Liab. Litig.*, 3:15-md-02672 (N.D. Ca. May 13, 2016) (Breyer, J.), ("Volkswagen Deposition Protocol") is attached hereto as **Exhibit 2.**

6.      A true and accurate copy of Pretrial Order No. 20 Stipulation and Order Relating to Deposition Protocol, entered in *In Re: Zantac (Ranitidine) Prods. Liab. Litig.*, 9:20-md-02924 (S.D. Fl. Nov. 11, 2020) ("Zantac Deposition Protocol") is attached hereto as **Exhibit 3.**

7.      During meet and confer discussions, Uber's position regarding a limit on the number of witnesses that Plaintiffs may depose here is based on the number of witnesses deposed in the California state court litigation against Lyft, *In re Lyft Assault Cases*, CJC-20-005061 (Ca. Super. Ct. San Francisco Cty.).

8.      According to publicly available information, the rideshare company, Lyft, began operations in the summer of 2012. *See, e.g.*, https://venturebeat.com/business/lyft-races-ahead-with-60m-in-funding-but-what-challenges-lie-ahead/C.

9.      According to publicly available information, Uber has consistently averaged around a 50-percent greater control of the rideshare market than Lyft. *See, e.g.*, https://secondmeasure.com/datapoints/rideshare-industry-overview/#:~:text=Uber%20dominates%20U.S.%20market%20share&text=By%20April%20202 2%2C%20observed%20sales,levels%20as%20of%20January%202024.

10.     MDL Plaintiffs' counsel has met with counsel for Plaintiffs in the California state court Uber JCCP sexual assault litigation, JCCP No. 5188, regarding the parties' proposed time limits for deposing Uber's witnesses. Counsel for plaintiffs in the JCCP litigation indicated that they would object to Uber's proposal to limit depositions to seven hours, to be shared by MDL

and JCCP counsel. The JCCP Plaintiffs have not agreed to be bound by any *ex parte* limitations Uber seeks to impose, and the JCCP Plaintiffs have not agreed to any cap on number of deponents, nor deposition time.

11.     A true and accurate copy of Case Management Order No. 10-A (Regarding Deposition Scheduling, Custodial File Production and Transcripts from Related Actions), entered in *In re: Juul Labs Inc., Marketing, Sales Practices, and Prods. Liab. Litig.*, 19:md-02913 (N.D. Cal. May 20, 2020) ("JUUL Amended Deposition Protocol"), is attached hereto as **Exhibit 4.** Based on my personal knowledge, this amended protocol was entered in part to address delays and inefficiencies related to the production of custodial files and related privilege logs.

12.     A true and accurate copy of Pretrial Order No. 8: Stipulated Deposition Protocol, entered in *In Re: McKinsey & Co., Inc. National Prescription Opiate Consultant Litig.*, 93:21-md-02996-CRB (Breyer, J.) (N.D. Ca. Apr. 3, 2023) ("McKinsey Deposition Protocol) is attached hereto as **Exhibit 5.**

13.     During the parties' meet and confer discussions, counsel for Uber objected to including a provision requiring counsel present in the room with a deponent during a remote deposition to appear on camera. Uber's counsel cited concern that a videographer may not be able to zoom in on a deponent if counsel was also on camera and also that Uber did not want to force all other counsel to have to open separate Zoom windows.

14.     I declare under penalty of perjury that the foregoing is true and correct.  Executed on February 27, 2024, in Park City, Utah.

*/s/ Sarah R. London*
Sarah R. London

# EXHIBIT 1

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: JUUL LABS INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | CASE NO. 19-md-02913-WHO |
| | **CASE MANAGEMENT ORDER NO. 10: DEPOSITION PROTOCOL ORDER** |
| This Document Relates to: | |
| *All matters* | HONORABLE JUDGE WILLIAM H. ORRICK |

This Order, agreed to after extensive negotiations and with the agreement of counsel, governs the conduct of depositions of fact witnesses on issues of general applicability to the litigation (as opposed to solely case-specific witnesses). This Order applies to all such depositions in the MDL and JCCP Proceedings ("Lead Actions") and those actions involving the same or similar subject matter as the MDL pending in other state and federal courts that adopt the Joint Coordination Order[1] ("Coordinated Actions"). The purpose of this Order is to gain the highest degree of efficiencies in the taking of fact witness depositions. At no time has it been, nor will it be, the intention of the Court or the parties that judges in any of the participating jurisdictions delegate their duties to any other judicial officer.

1.      **General Provisions**

Counsel and all parties (both represented and *pro se*) shall comply with this Order, and to the extent consistent with this Order, with the applicable Rules of Civil Procedure and the Local Rules of the presiding court. Unless specifically modified herein, nothing in this Order shall be construed to abrogate the Rules of Civil Procedure or the Local Rules.

---

[1] Case Management Order No. 9: Joint Coordination Order ("Joint Coordination Order").

Conduct of all participants in depositions shall be in accordance with the Northern District of California Professional Guidelines and the customs and practices expected of lawyers and witnesses appearing before the presiding court in their home jurisdictions, including as if each was appearing personally before the Courts at the time of the depositions. Counsel shall not at any time conduct themselves in a manner not becoming of an officer of the court and not in full compliance with the civil rules of practice and all other orders of the Courts. Neither counsel nor witnesses shall, at any time, engage in inappropriate conduct that impedes, delays, or frustrates the examination of the witness. All counsel and deponents must be treated with civility and respect.

**2.      Scope**

This Order shall apply to: (i) all fact depositions of witnesses who are currently or were formerly employees, agents,  or contractors of Defendants; and (ii) all third-party witnesses, other than third-party witnesses who are relevant only to the claims of a particular plaintiff, i.e., case-specific witnesses (together, "Common Witnesses").  For the avoidance of doubt, this Order shall not apply to: (i) fact depositions of any Plaintiff, their representatives, employees, family members, personal acquaintances, healthcare providers, and all other case-specific fact witnesses; and (ii) expert depositions.

**3.      Coordination of Depositions**

The protocols in this Order supplement the Joint Coordination Order.  If the deposition protocols in this Order are deemed to conflict with any provisions in the Joint Coordination Order, the protocols in this Order shall control.

The parties, the Courts in the Lead Actions, and the Courts in the Coordinated Actions wish to minimize the expense and inconvenience of this litigation by minimizing the depositions of any Common Witness.  Accordingly, as a general rule, a witness may be deposed once within the time limits set forth in this Order.  Such deposition shall be noticed in the Lead Actions and shall be deemed to be cross-noticed in the Coordinated Actions as long as the Coordinated Action: (1) has adopted the Coordination Order and (2) receives notice of the deposition as described in Section 5.  Depositions shall be noticed according to the Federal Rules of Civil Procedure.  A witness may be deposed once in total across all Lead and Coordinated Actions and, following the deposition, shall not be re-deposed in a Lead or Coordinated

2

Action unless otherwise agreed by the parties or authorized by an order of Court upon a showing of good cause by the party seeking the additional deposition.

Plaintiffs' Counsel in the Lead Actions shall take reasonable efforts and engage in good faith efforts to coordinate with each other before serving deposition notices and with respect to which depositions to notice.

Depositions, in addition to those being taken in the Lead Actions, may also be taken in Coordinated Actions, but only upon leave of the Court in which the Coordinated Action is pending, obtained on noticed motion for good cause shown, including why the discovery sought could not have been obtained in coordinated discovery in the Lead Actions. Coordinated Action Plaintiffs' Liaison Counsel[2] and JLI Counsel in a Coordinated Action in which any such motion is filed shall promptly notify the MDL Court and Plaintiffs' Lead Counsel in the Lead Actions of such filing and provide a copy of the motion. If a deposition in a Coordinated Action has been cross-noticed by the Lead Actions, then parties in the Coordinated Action may not take a subsequent deposition of that witness except for good cause shown.

If the Lead Action Plaintiffs, or Defendants and their respective Counsel in any Coordinated Action have received at least 21 days' notice of a deposition in either of the Lead Actions or any Coordinated Action (or if (a) the parties agree in writing that such notice is not necessary or (b) upon order of the MDL Court, a deposition is permitted to be taken with fewer than 21 days' notice), such deposition may be used in the Lead Actions and each Coordinated Action for all purposes prescribed in Fed. R. Civ. P. 32, California Code of Civil Procedure 2025.620, et seq. or corresponding rule of civil procedure in a Coordination Action, or as otherwise permitted by the Federal, California, or Coordinated Action's state's Rules of Evidence, by or against any party including parties later added and parties in cases subsequently filed in, removed to, or transferred to this Court as part of this litigation, without regard to whether any Lead Actions' Plaintiffs' Counsel or any Defendants' Counsel or any counsel representing plaintiffs or defendants in any Coordinated Action attended or examined the witness at the noticed deposition.

Fed. R. Civ. P. 6(a) shall govern the computation of time periods set forth in this Order.

---

[2] *See* Joint Coordination Order.

3

**4.      Length and Scope**

The following rules shall apply to depositions noticed pursuant to this Protocol (absent an agreement of the parties or further order of the Court on a showing of good cause):

(a) There may be two days of questioning by the Lead Actions—the first day will be limited to seven hours on the record and the second day will be limited to five hours on the record, exclusive of redirect examination as provided below if necessary.

(b) Any Counsel from a Coordinated Action who is designated as an examiner shall be permitted a reasonable amount of time to question the deponent (up to two hours combined for all Coordinated Actions that shall occur immediately following the examination by the Lead Actions), and shall be permitted to make objections during examination by other counsel, subject to the below provisions regarding objections and in accordance with the Federal Rules of Civil Procedure, the Local Rules of the Northern District of California, and the Orders of the MDL Court, and in accordance with the terms and procedures set forth in subparts (i) through (iii) below providing the following:

(i)      the Court in which the Coordinated Action is pending has adopted the Discovery Orders or has entered a Protective Order, ESI Order, Deposition Protocol Order or other discovery order substantially similar to the Discovery Orders;

(ii)      Plaintiffs' Counsel from the Coordinated Action shall make best efforts to ask questions that are non-duplicative of questions already asked at the deposition, however, nothing shall prevent Plaintiffs' Counsel from a Coordinated Action to probe further into issues already covered during the questioning of Noticing Party; and

(iii)      participation of Plaintiffs' Counsel from the Coordinated Actions shall be arranged so as not to delay discovery or other proceedings as scheduled in the Lead Actions.

(c) After questioning by the Lead and Coordinated Actions, the party defending the deposition ("Defending Party") may elect to ask follow up questions of the deponent for up to two hours. If Defending Party elects to question the deponent, then the Plaintiffs in the Lead and Coordinated Actions shall be entitled to an equal amount of time to perform redirect examination (up to two hours total). Absent

4

agreement of the parties or order by a Lead Action Court for good cause shown, no further examination will be permitted by any party after redirect examination.

(d) Depositions shall begin at 9:00 a.m. absent agreement of the parties.

(e) Absent agreement of the parties, the days of questioning will take place on consecutive business days to the extent possible.

(f) No speaking objections or other actions that unnecessarily delay depositions will be permitted, and will result in additional time being added to the deposition for the questioning party.

Counsel in the Lead Actions shall confer before the deposition concerning allocation of time to question the witness and collaborate to avoid needless duplication (i.e., asking the same questions). In the event that the deposition involves a translator requested by the witness, the maximum length of the deposition shall be increased as is reasonably necessary by up to 50% and the parties shall negotiate a reasonable allocation of the translator costs. Absent agreement otherwise, the parties should set aside two days for each Common Witness to account for sufficient time on the record in accordance with this Order. The parties are encouraged to make full and efficient use of each deposition day so as not to waste valuable time and incur unnecessary expenses. Not every witness will require an examination that lasts as long as the presumptive time limits set forth above, and no party will be prevented from using a deposition merely because it did not continue into a subsequent day. To the extent the parties can anticipate a witness will take less time, they will attempt to agree to lesser time limits and, for planning purposes, will provide other deposition attendees with advance notice of any agreement to lessen the examination time. This procedure may be particularly useful in the event that more than one deposition is scheduled on a given day.

5.      **Scheduling, Logistics, and Service of Notices**

<u>Cooperation in Scheduling</u>. Lead Counsel for the MDL Plaintiffs, or their designee, Lead Counsel for the JCCP Plaintiffs, or their designee, Counsel for the Defendants, and Counsel for the deponent, if applicable, shall cooperate on selecting a mutually convenient date, time, and location for each deposition. Unless otherwise agreed by the parties or ordered by either the MDL or JCCP Court, depositions shall not be taken on Saturdays, Sundays, or federal or state court holidays.

5

Plaintiffs' Counsel in the Lead Actions must make best efforts to coordinate their deposition dates with each other, including providing three days written notice of proposed deposition dates to persons designated by the other Lead Action to schedule depositions before issuing the notice.  If the non-noticing Lead Action does not object to the date within three days, the deposition may be noticed for that date.

Location. In the absence of agreement, a deposition may take place within (a) the county in which the deponent resides or (b) the county in which the deponent is employed.

Content of Notice. Each deposition notice subject to this Order shall comply with Fed. R. Civ. P. 30(b) or California Code of Civil § 2025.220, absent agreement of the parties or Court order.  Depositions subject to this Order noticed in the Coordinated Actions shall be noticed and conducted pursuant to rules of the relevant jurisdiction and with this Order.  The deposition notice shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition, as well as the date, time, and location of the deposition.  Any notice for the deposition of a corporate or organizational representative under Fed. R. Civ. P. 30(b)(6) or California Code of Civil Procedure § 2025.230 shall describe with reasonable particularity the matters for examination.  This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.  The notice shall clearly state whether the deposition will be videotaped in addition to being recorded by stenographic means.

Adequacy of Notice. After counsel, through consultation, have arrived on a date and location for a deposition, the Noticing Party shall serve an amended Notice reflecting the agreed upon date and location. Witnesses subpoenaed to produce documents shall be served with the document subpoena at least thirty calendar days before a scheduled deposition.

Costs. The Noticing Party shall be responsible for retaining and paying for a court reporter and videographer.

Service Manner and Timing. Notices for Depositions in the Lead Actions and Coordinated Actions shall be served by e-mail or other electronic means on Lead Actions' Co-Lead Counsel, State/Federal Liaison Counsel, and Counsel for the Defendants. Each Plaintiffs' Liaison Counsel in a Coordinated Action, or his or her designee, shall be responsible for distributing such documents to other counsel for

6

plaintiffs in their Coordinated Action.  Notices served in accordance with this paragraph shall be deemed cross-noticed in the Coordinated Actions as long as the Coordinated Action: (1) has adopted the Coordination Order and (2) receives notice of the deposition as described above.

To allow for planning, preparation, and coordination between the Lead Actions and the Coordinated Actions, depositions must be noticed at least 21 days before they are scheduled to occur. Expedited depositions may be scheduled by agreement of the parties in writing or as ordered by the MDL or JCCP Courts, or a Court in a Coordinated Action, and in which event the time limitations for notice shall be lessened, as well as the time limitation for production of any documents sought by third-party subpoena in conjunction with said deposition.

Challenges to the Notice. Any party or witness receiving notice of a deposition that contends is not permitted by the terms of this Order shall have five business days from receipt of the notice within which to serve the noticing party with a written objection to the deposition.

Disputes. In accordance with this Order, all disputes regarding any matters arising under this Order, whether pertaining to a deposition in the Lead Actions or any Common Witness deposition in a Coordinated Action, shall be resolved pursuant to Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute Resolution").  In the event of such an objection, the deposition shall not go forward unless (a) the parties and the deponent reach an agreement in writing to resolve the objection or (b) the noticing party applies for and receives an order pursuant to the Section 7 of the Stipulated Joint Coordination Order  granting leave to take the deposition.  Before filing a discovery motion pursuant to Section 7 of the Stipulated Joint Coordination Order, the parties must first attempt to resolve the dispute in good faith.

**6.    Means of Recording Depositions**

A certified court reporter shall stenographically record all deposition proceedings and testimony and provide a "real time" transcription feed to devices such as video monitors and computers at the deposition venue.  A party seeking to transmit "real time" transcription feeds to  computers not located at the deposition venue may do so at their own expense by making a request to the court reporting service five business days before the deposition; that party will ensure that any remote viewing is in compliance

7

with all applicable Protective Orders.  The court reporter shall administer the oath or affirmation to the deponent.  The written transcript prepared by the court reporter shall constitute the official record of the deposition for purposes of Fed. R. Civ. P. 30's requirements concerning filing, retention, certification, and the like.  The Lead Actions can choose their own reporting service for depositions that they notice.  All videotaped depositions shall be accompanied by a simultaneous audiotape recording and be stenographically recorded by a court reporter as provided in the previous paragraph.  As noted above, the stenographically prepared transcript shall constitute the official record of the deposition.

Where the party wishing to videotape the proceeding did not notice the deposition, a request to videotape the deposition shall be submitted in writing to the Lead Actions Counsel, Counsel for the Defendants, and Plaintiffs' State/Federal Liaison Counsel, no later than seven days before the date on which the deposition is scheduled to occur.  The party wishing to videotape the deposition, if not originally noticed as such, shall be responsible for arranging and paying for the videotaping and providing a copy to Lead Actions Counsel.

Services or products offered or provided by the operator of the videotape equipment must be offered to counsel for all parties, regardless of which party is financing the videotaping of the deposition. Further, any video operator is subject to the orders of this Court whether the deposition was noticed or cross-noticed in the MDL or JCCP Proceedings or in a Coordinated Action, including but not limited to the Confidentiality Order and Joint Coordination Order.  The video operator shall be given a copy of all applicable orders at least five days before the deposition.

The operator of the videotape recording equipment is subject to the provisions of Fed. R. Civ. P. 28(c). At the start of the deposition, the operator shall swear or affirm to record the proceedings fairly and accurately.

Each witness, attorney, and other person attending the deposition (in person or telephonically) shall be identified on the record at the commencement of the deposition, however, a consulting expert who has signed the applicable protective order and is attending the deposition telephonically need not be identified on the record. The videotape recording shall include the court reporter administering the oath

or affirmation to the witness. Thereafter, the deponent and, if necessary, exhibits and any demonstratives will be videotaped.

The deposition will be conducted in a manner to replicate, to the extent feasible, the presentation of evidence at trial. Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted with the witness seated in front of a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as might be reasonably necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without objects such as a bible, medical equipment, or props.

Video recording will be suspended during all "off the record" discussions and the video operator shall note such suspensions.

The videotape operator shall use recording equipment with an appropriate timer and, unless otherwise agreed to by the parties, shall prepare and provide counsel with a log, cross-referenced with timestamps, that identifies the portion of the recording at which examination by different counsel begins and ends, when exhibits are used, and when there is any interruption of continuous tape recording, whether for recess, "off the record" discussions by counsel, mechanical failure, or other interruption.

The video operator shall maintain custody of the original video medium in its original condition, without editing in any fashion. No part of the video or audio record shall be released or made available to the public unless authorized by an order of the MDL or JCCP Court.

The parties shall meet and confer to determine whether an agreement can be reached to limit the number of independent court reporting and videography firms involved in recording the deposition proceedings covered by this Order and to develop a cost-sharing agreement between the various parties or party groups for the associated fees, including the cost of the facilities where depositions are conducted.

9

7.     **Remote Participation via Telephone, Internet, or Video Streaming**

If requested at least ten days before a deposition, telephone facilities shall be provided so that parties wishing to participate in the deposition by telephone may do so at their own expense.  By indicating in a deposition notice that it wishes to examine a witness over the telephone, a party shall be deemed to have moved for such an order under Fed. R. Civ. P. 30(b)(4).  Unless an objection is filed and served within five days after such notice is received, the Court shall be deemed to have granted the motion. Other parties may examine the deponent telephonically or in person.  However, all persons present in the location with the deponent shall be identified on the deposition record and shall not by word, sign, or other means coach or suggest answers to the deponent and shall act in accordance with applicable federal rules of civil procedure and professional conduct governing interaction with the deponent.  In addition, the court reporter stenographically recording the deposition shall be located in the same room as the deponent.

Technical difficulties with telephonic participation shall not constitute grounds for postponing the deposition or for rendering inadmissible a deposition that otherwise would be admissible in evidence.  If technical problems with the telephonic facilities create disruptions in the deposition, counsel attending a deposition in person may discontinue telephonic participation for such periods of time as necessary.

A party may request, at their own expense, to make the live deposition proceedings available to locations that are remote from the deposition venue through the use of video streaming over secure and encrypted Internet connections and to allow for remote real-time participation by interested counsel, such as through the use of a private group chat system that enables remote counsel to collaborate with their on on-site colleagues.  A party seeking these services shall make a request to the court reporting service five business days before the deposition.  The viewing of or participation in any deposition via the Internet is expressly subject to the [MDL Protective Order, Doc. 308 and JCCP CMO No. 3], or a substantially similar order in a Coordinated Action.  The party participating remotely is responsible for providing his or her own Internet connection and shall not re-record the deposition by video or audio means.

8.     **Appearances and Examination**

Unless otherwise agreed to by the parties or ordered under Fed. R. Civ. P. 26(c) and subject to the terms of the [Protective Order, Doc. #308 and JCCP CMO No. 3], depositions may be attended only by

10

the parties, the deponent, the deponent's attorney, attorneys of record in the MDL and JCCP Proceedings, attorneys of record in the Coordinated Actions, in-house counsel and corporate representatives, court reporters, videographers, and any person who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record who is bound by any applicable Protective Order (such as a consulting expert).

Upon motion, and for good cause shown, the MDL Court may permit attendance by a person who does not fall within any of the categories above.

For there to be adequate deposition space, counsel intending to attend a deposition noticed in the Lead Actions, or in a Coordinated Action, should advise all parties, including counsel for the Noticing Party, of their intention to attend in person at least two business days before the deposition.

Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to a court. Counsel who have only a marginal or slight interest in a noticed deposition or who expect their interests to be adequately protected by other counsel should not attend the deposition.

Lead Counsel for the Lead Actions shall designate up to two attorneys to serve as the examiners of each deponent on behalf of the Lead Actions. Given deposition time limits and in the interest of efficiency, the Court strongly encourages Plaintiffs' Counsel from the Coordinated Actions to designate one attorney to serve as the examiner of each deponent on behalf of all Plaintiffs in the Coordinated Actions. If Plaintiffs in the Coordinated Actions are unable to agree on that examiner for a given deponent, Lead Counsel for the MDL Plaintiffs and Lead Counsel for JCCP Plaintiffs shall assist in attempting to reach such an agreement. For those depositions where an agreement is not reached, Plaintiffs' Counsel shall diligently work together to ensure that questioning on behalf of Plaintiffs in the Lead Actions and in the Coordinated Actions proceeds in the most efficient manner possible.

One counsel representing each Defendant shall be permitted to examine deponents. Each Lead Actions Defendant should designate one attorney to conduct the principal examination of each deponent. Examination by other counsel for the Lead Actions Defendants shall make best efforts to ask questions that are non-duplicative of questions already asked at the deposition. Notwithstanding the number of

examiners, the time limits set forth above shall still apply. Counsel should cooperate so examinations by multiple attorneys do not result in a deposition exceeding the allotted time.

The parties shall meet and confer to develop supplemental protocols for (a) allotting examination time to various parties or party groups and (b) determining order of examination of a witness.

Counsel representing parties in the Lead Actions shall be entitled to attend the deposition of any witness whose deposition is taken in a Coordinated Action.  The Plaintiffs in all Coordinated Actions shall designate one counsel to examine the witness. One counsel representing the MDL Plaintiffs, one counsel representing the JCCP Plaintiffs, and one counsel representing both the MDL and JCCP Defendants shall each be permitted  to ask questions and make objections during examination by other counsel.

**9.     Objections**

Unless otherwise specified, an objection by a single defendant shall be deemed an objection by all defendants; similarly, an objection by a single plaintiff shall be deemed an objection by all plaintiffs unless otherwise specified. However, unless otherwise specified, (a) an instruction not to answer by one defendant shall not be deemed an instruction not to answer by all defendants and (b) an instruction not to answer by one plaintiff shall not be deemed an instruction not to answer by all plaintiffs.

The only objections allowed during the deposition are those for the following bases: form of the question, privilege (the nature and grounds for which must be stated succinctly on the record), or a limitation imposed by court order.  All objections, except as to form, privilege, or a limitation imposed by a court order, shall be preserved for ruling by the MDL Court, JCCP Court, or the Court in the Coordinated Action at trial or other use of the deposition.

Counsel shall comply with Fed. R. Civ. P. 30(c)(2) and the Northern District of California Guidelines on Professional Conduct concerning objections at a deposition. Counsel shall not engage in colloquy in objecting to a question or responding to an objection.  Any objections to an examiner's questions shall be made in a concise manner, and counsel shall not suggest an answer to the witness.  The phrases "objection as to form," or similar language are sufficient and shall preserve all objections as to form and foundation until a party seeks to use a deposition.  However, to determine whether there is a need to cure a defect in a question, counsel conducting the examination may ask the attorney lodging the

12

form or foundation objection to identify the specific defect. The response shall be stated succinctly and shall be limited to the legal grounds for the form objection (e.g., "lacks foundation" rather than "the witness didn't work in that department and couldn't possibly know the answer"). Counsel shall refrain from all comments that could be perceived as instructive to a witness, such as "you can answer if you understand the question" or "you can answer if you know."

**10.  Additional Provisions Relating to Corporate Witnesses**

The party producing a corporate witness pursuant to Rule 30(b)(6) and/or California Code of Civil Procedure § 2025.230 shall disclose the identity of that witness no later than 10 days before the deposition.

**11.  Use of Exhibits and Documents During the Deposition**

Provided that plaintiffs notify the defendants at least 60 days in advance of the intended deposition of any present or former company employee of a Defendant whose custodial file has not been produced in its entirety, that Defendant will conduct a good-faith, reasonable search using search terms or other reasonable methods, and based on that search produce non-privileged, custodial file documents responsive to outstanding discovery requests at least 30 days in advance of the noticed deposition date. The Defendant will be obligated to produce only previously non-produced portions of the custodial file responsive to outstanding discovery requests if the Defendant's prior production included metadata identifying the deponent as a custodian of the previously produced custodial file documents. The scope of discovery related to custodial files will be determined at least 45 days before the deposition, subject to prior orders of the Court; applicable rules of civil procedure; agreements of the parties regarding the sequence, timing, and methods of discovery, including document production; and, if necessary, court order resolving any dispute regarding the scope of production. Unless the Parties agree or a court orders otherswise, the Defendant shall have at least 30 days to produced non-privileged responseive documents following determination of the scope of discovery, but no later than 30 days before the deposition is noticed. The custodial file of that employee shall be produced 30 days in advance of the scheduled deposition to the address specified by plaintiffs' counsel. If 100 or fewer pages are produced between 14 and 29 days prior to the scheduled deposition, the deposition shall proceed as scheduled. Any documents produced fewer than 14 days prior to the scheduled deposition must be delivered to the primary examiner,

13

if one has been designated by plaintiffs' counsel.  If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced. The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition. If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the protocol for Discovery Dispute Resolution set forth in Section 7 of the Joint Coordination Order.

Third-party witnesses subpoenaed to produce documents at a deposition shall be served with the document subpoena at least 30 days before a scheduled deposition, absent written agreement by the parties, time constraints due to orders by the Lead Actions' Court, or a shorter period authorized by the Lead Actions' Court.  The requested documents shall be produced at least 14 days before the date noticed for the deposition.  Any documents produced fewer than 14 days prior to the scheduled deposition must be delivered to the primary examiner, if one has been designated by plaintiffs' counsel.  If a primary examiner has not been designated, the documents shall be produced to the same address to which the previous documents were produced.  The parties shall meet and confer regarding the impact, if any, of this production on the scheduled deposition.  If the parties cannot agree, the matter shall be referred to the Courts for resolution pursuant to the protocol for Discovery Dispute Resolution set forth in Section 7 of the Joint Coordination Order.

During the deposition, copies of documents about which counsel plan to examine the deponent shall be provided to counsel for the deponent and counsel for the other party participants.  As a general rule, hard copies of the documents should be made available to the deponent, the deponent's attorney, and the principal examiners of the deponent.  The documents may be provided to other attendees on electronic media such as USB drives or through a secure file sharing service.  To the extent possible, all exhibits should have printed Bates or other document control numbers affixed before distribution, which shall remain constant throughout the litigation.

Counsel shall use best efforts to mark exhibits sequentially during each deposition and across depositions, consistent with Northern District of California Local Rule 30-2.  All documents marked as exhibits will be attached to the original transcript and will be retained with the original transcript.  The

14

court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition.

Objections to the relevance or admissibility of documents used as deposition exhibits are not waived, and are reserved for later ruling by the MDL or JCCP Court or the court in a Coordinated Action.

**12.     Examination Concerning Confidential Information**

If a deponent is questioned about any document or exhibit stamped Confidential or Highly Confidential or the Information contained therein, persons to whom disclosure is not authorized under the Protective Order of this Court will be excluded from the deposition for that portion of the examination. Any portion of a deposition transcript containing Confidential Information or Highly Confidential Information shall be sealed so as not to waive confidentiality.

**13.     Disputes During or Relating to Depositions**

All disputes regarding any matters arising under this Order, whether pertaining to a deposition in the Lead Actions or any Common Witness deposition in a Coordinated Action, shall be resolved pursuant to Section 7 of the Stipulated Joint Coordination Order ("Discovery Dispute Resolution").  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3) and seek relief as set forth in Section 7 of the Stipulated Joint Coordination Order.

**14.     Transcript and Time to Review Transcript**

Unless waived by the deponent, the deposition transcript shall be submitted to the deponent for correction and signature, and shall be corrected and signed within 45 days after the official transcript of the Court Report is made available to counsel for the party defending the deposition.  This time period shall not be extended, absent good cause shown.  Corrections to a deposition shall be listed on an errata sheet signed by the deponent and the court reporter shall serve copies of the errata sheet on all parties purchasing the transcript.  Should the deponent fail to submit corrections within 45 days, the transcript will be presumed accurate, and all parties shall have the right to use the copy sent to the deponent as if it were final and signed with no corrections needed.

Counsel representing any party in the MDL or JCCP Proceeding or any Coordinated Action may obtain directly from the court reporter, at the requesting counsel's own expense, a transcript of any

15

deposition taken in the Lead Actions or in any other Coordinated Action, unless stated otherwise in this Order.  The transcript of any deposition taken in the Lead Actions or a Coordinated Action shall not be used or disseminated except in accordance with the terms of this Order and the MDL Court's discovery orders.

**15.    Use and Admissibility of Depositions**

Under the conditions prescribed in FED. R. CIV. P. 32(a) (1)- (4) CAL. C.C.P. § 2025.620; or as otherwise permitted by the Federal and California Rules of Evidence or the rules in the presiding jurisdiction, depositions taken in accordance with this order may be used against any party (including parties later added and parties in cases subsequently filed in any state court covered by this order, cases filed in, removed to or transferred to the federal court which is covered by this order; all of which are part of this litigation) who:

(a) was present or represented at the deposition; or

(b) had reasonable notice thereof; or

(c) within 30 days after the deposition is taken or within 45 days after becoming a party in one of the Lead or Coordinated Actions fails to show just cause why such deposition should not be used against such party.

This order does not address trial preservation depositions. Nor does it address the timing of any such trial preservation deposition. Such determinations shall be made in each coordinated proceeding.


**IT IS SO ORDERED.**

**DATE: May 20, 2020**



Hon. William H. Orrick
United States District Court Judge

16

# EXHIBIT 2



UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
DIVISION OF SAN FRANCISCO

1
2

3
4    IN RE: VOLKSWAGEN "CLEAN DIESEL"          MDL No. 2672 CRB (JSC)
5    MARKETING, SALES PRACTICES, AND
     PRODUCTS LIABILITY LITIGATION
6    _____/

7                                               **PRETRIAL ORDER No. 20**
                                                **STIPULATION AND ORDER**
8                                               **RELATING TO DEPOSITION**
                                                **PROTOCOL**
9    This Order Relates to:

10   ALL ACTIONS (except securities actions)
11   _____/

12
13       **I.    GENERAL PROVISIONS**

14          This Order applies to the following Parties to the Action: (i) the Consumer Plaintiffs; (ii)

15   the United States; (iii) the Federal Trade Commission ("FTC"); (iv) Volkswagen

16   Aktiengesellschaft, Volkswagen Group of America, Inc., Volkswagen Group of America

17   Chattanooga Operations, LLC, Audi Aktiengesellschaft, and Audi of America, LLC (the "VW

18   Entities"); (v) Dr. Ing. h.c. F. Porsche Aktiengesellschaft and Porsche Cars North America, Inc.

19   (the "Porsche Entities"); and (vi) Robert Bosch GmbH and Robert Bosch, LLC ("Bosch").[1] This

20   Order provides the protocols applicable to depositions of all fact witnesses taken by or of such

21   Parties, including depositions pursuant to Fed. R. Civ. P. 30(b)(6) and of Non-Parties. This

22   Order shall not, however, apply to any deposition taken by or of any other Party to this Action.

23   Nothing in this Order shall preclude any Party or witness to which or whom this Order applies

24   from seeking to modify it later for good cause shown; prior to doing so, however, counsel shall

25   meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate

26   scope of any modifications or revisions to this Order.

27   _____
     [1] Unless otherwise specified, all capitalized terms not otherwise defined herein have the
28   meanings ascribed to them in Pretrial Order No. 12: Stipulated Protective Order (Docket No.
     1255) ("PTO 12").

## II.    GOVERNING LAW

Discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other Order.  Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure.  This Order does not supersede prior pretrial orders entered in this Action, including Pretrial Order No. 13:  Coordination Order (Docket No. 1256) ("PTO 13"), Section C, Paragraph 3, except where inconsistent.

To the extent that this Order conflicts, or is alleged to conflict, with rights or protections afforded by the national laws or regulations of any foreign country or international treaty, the witness or Party claiming those rights and protections shall meet and confer with the Parties regarding a resolution of the alleged conflicts.  If the Parties cannot reach agreement, the issue(s) shall be submitted promptly for judicial resolution.

## III.    DEPOSITIONS

### A.    Deposition Point Persons

A single Point Person shall be designated by each of (i) Plaintiffs' Steering Committee; (ii) Plaintiffs' State Court Liaison Counsel (as defined in PTO 13); (iii) the United States; (iv) the FTC; (v) counsel for the VW Entities; (vi) Counsel for the Porsche Entities; and (vii) counsel for Bosch (collectively, "Point Persons").  Depositions and matters related to depositions shall be coordinated by the Point Persons.  For a communication concerning the notice or scheduling of a deposition to be effective, it must be made by email to all Point Persons.  Point Persons must be designated within fifteen (15) days after entry of this Order, and thereafter, if necessary, upon prompt notice to all Point Persons, a Party may elect to name a different Point Person at any time during discovery.  The Parties will cooperate to expand the notifications to other counsel as necessary and convenient.

### B.    Number of Depositions

Plaintiffs may take up to one hundred (100) depositions of the VW Entities, the Porsche Entities, and Bosch collectively, unless otherwise agreed to by the Parties or ordered by the Court.

1    Defendants may take up to one hundred (100) depositions of Plaintiffs, unless otherwise

2    agreed to by the Parties or ordered by the Court; provided, however, that Defendants shall take

3    no more than ten (10) depositions of the United States.

4    A witness may presumptively be deposed in his or her individual capacity only once in

5    this Action, unless otherwise agreed to by the Parties in writing or authorized by an order of the

6    Court upon a showing of good cause by the Party seeking the additional deposition.

7    If a Party wishes to conduct additional depositions, the Parties shall meet and confer to

8    determine if an agreement can be reached on the number of additional depositions.  If the Parties

9    are unable to agree on the number of additional depositions, the dispute shall be submitted

10   promptly to the Court for resolution.

11       **C.    Rule 30(b)(6) Depositions**

12   Counsel for all Plaintiffs shall confer before serving any Rule 30(b)(6) notice to any

13   corporate Defendant, and counsel for all Defendants shall confer before serving any Rule

14   30(b)(6) notice to any corporate Plaintiff (including any governmental Plaintiff).

15   The Parties may serve a reasonable number of Rule 30(b)(6) deposition notices to each

16   corporate Party.  The deposing Party(ies) will make a good-faith effort to include in each

17   deposition notice all topics concerning the subject matter category for which the deposing

18   Party(ies) seeks testimony in that notice (without prejudice to serving additional Rule 30(b)(6)

19   notices for topics concerning the subject matter category if the deposing Party(ies) learns of

20   additional topics of which it was not previously aware).  Absent good cause or agreement of the

21   noticed Party, no Rule 30(b)(6) deposition notice may include topics covered by a prior Rule

22   30(b)(6) deposition notice to the same corporate Party.

23   If a Party wishes to depose a Rule 30(b)(6) corporate representative in his or her

24   individual capacity, the depositions (individual and corporate capacity) may be, but are not

25   required to be, consolidated.  In the event that the noticing Party opts to consolidate the

26   depositions, the noticing Party nevertheless shall be entitled to a separate time allotment, as

27   detailed below in Section III.G, for each deposition.  The deposing Party(ies) shall clearly

28   indicate when the Rule 30(b)(6) deposition has ended.

**D.      Deposition Notices**

        **1.      Notice of Deposition Procedures**

A deposition notice may be served at any time, provided that it is served sufficiently in advance of the close of fact discovery so that the deposition takes place prior to the close of fact discovery.  Absent extraordinary circumstances, Point Persons and counsel for a proposed witness should confer at least seven (7) days prior to noticing a deposition in an effort to schedule depositions for mutually convenient dates, times and locations.  Point Persons and counsel for a proposed witness are expected to cooperate and coordinate the scheduling of depositions.  To the extent that a proposed witness is unable to be deposed on the noticed date of his or her deposition, Point Persons and counsel for that witness shall promptly confer to discuss alternative dates and/or the potential for a substitute witness.  To ensure the expeditious progress of the Action, in the event that the Point Persons and counsel for the witness are unable to reach agreement, the noticing Party may notice the deposition in accordance with this Order; should any other Party or the witness maintain a need for relief thereon, such request for relief shall be submitted promptly for judicial resolution.

A single deposition notice shall apply in all cases governed by this Order.  Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, fact depositions of witnesses residing in the United States must be noticed at least thirty (30) days in advance, and foreign witnesses must be noticed at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A.

Absent exigent circumstances, agreement of the Parties, or a Court order to the contrary, notice of a Rule 30(b)(6) deposition must be served at least forty-five (45) days in advance, with notice served upon counsel in accordance with Section III.A.  Any objections to a Rule 30(b)(6) deposition notice shall be served no later than 14 days after the notice is served.

        **2.      Contents of Notice**

Each deposition notice (except for a Rule 30(b)(6) deposition notice) shall include the name of the proposed witness.  Each deposition notice shall include contact information for the noticing party's Point Person so that interested counsel may obtain information regarding the

deposition from that Point Person.  This Order shall be referenced in any Party or Non-Party subpoena or deposition notice issued after the effective date of this Order.  If the deposition is to be recorded by video, the notice shall so state.  If the notice asks the witness to produce, or if the witness may be asked about, documents that may contain Confidential or Highly Confidential Information, PTO 12 shall be referenced in the notice.  A Party may not serve a *subpoena duces tecum* on another Party or its current directors, officers or employees.

### E.     Attendance

#### 1.     Who May Be Present

Unless otherwise ordered or agreed by the Parties, and subject to the requirements of PTO 12, only the following persons may attend depositions (either in person or remotely):  the witness, and counsel for the witness; Point Persons; a reasonable number of members and employees of the Plaintiffs' Steering Committee and of Defendants' Counsel, their firms or government offices (as appropriate); attorneys specially engaged by a Party for purposes of the deposition; the Parties or their respective representatives (including their In-House Counsel); a reasonable number of counsel for plaintiffs in State Court "Clean Diesel" Cases; experts or non-testifying consultants; and court reporters, videographers, and litigation technicians/consultants.

The Plaintiffs' Steering Committee and the Defendants intend to coordinate discovery with the State Court "Clean Diesel" Cases to the maximum extent feasible.  Accordingly, plaintiffs in State Court "Clean Diesel" Cases are invited to attend and participate in depositions in this Action, pursuant to the procedures and conditions set forth in Section III.F.  If a plaintiff in a State Court "Clean Diesel" Case attends a deposition of a witness in this Action (either in person or remotely), that plaintiff shall be deemed to have agreed not to seek an additional deposition of that witness in the State Court "Clean Diesel" Case.

If a witness is being examined about any document designated CONFIDENTIAL or HIGHLY CONFIDENTIAL pursuant to PTO 12, any person to whom disclosure is not authorized under PTO 12 shall be excluded while the examination occurs and shall not receive a copy of that portion of the transcript.

Upon application, and for good cause shown, the Court may permit attendance by a person who does not fall within any of the categories set forth above.

### 2. Unnecessary Attendance

Unnecessary attendance by Counsel – either in person or by telephone – is discouraged. Counsel who have only marginal interest in a proposed deposition or who expect their clients' interests to be adequately represented by other Counsel are encouraged not to attend. The issue of compensation of counsel for attendance at depositions is addressed in Pretrial Order No. 11 at Section I.A.2.

### 3. Notice of Intent to Attend a Deposition

Any Counsel who intends to attend a deposition noticed in this Action – either in person or by telephone – should advise the Point Person for the noticing party not fewer than fifteen (15) days prior to the deposition, whenever feasible. The Point Persons will then confer regarding the expected attendance and make a final determination not fewer than five (5) business days prior to the scheduled date as to who may attend the deposition in person and remotely.

### 4. Noticing and Participating in Depositions Remotely

#### a. Noticing Telephonic Depositions

A Party may indicate in its notice of deposition that it wishes to conduct the deposition by telephone. Unless an objection is filed and served within ten (10) days after such notice is received, the Parties shall be deemed to have stipulated to a telephonic deposition pursuant to Fed. R. Civ. P. 30(b)(4).

#### b. Remote Participation

Any person permitted by Section III.E.1 to attend a deposition, other than the witness (unless the deposition was noticed pursuant to Section III.E.4.a), may do so remotely by telephone. The Party that noticed the deposition shall provide a teleconference number for the use of any person who will attend remotely. Any person seeking to attend remotely is responsible for connecting to the teleconference. Any person who participates remotely must sign Exhibit A to PTO 12, unless that person is already bound by PTO 12. No person attending

1  remotely shall record the deposition by any video or audio means.  Persons participating

2  remotely must identify all persons attending at the deposition remotely with them, such persons

3  being subject to the restrictions on attendance set forth in this Order, including the requirement to

4  sign Exhibit A to PTO 12 if necessary.

5       Absent extenuating circumstances, such as weather delay or physical restriction on travel,

6  Counsel participating in a deposition remotely (other than a deposition conducted pursuant to

7  Section III.E.4.a) are not permitted to conduct examination of the witness.  Counsel participating

8  in a deposition remotely are permitted to make objections, subject to the restrictions and

9  conditions of Section III.J.  The issue of compensation of counsel for attendance at depositions is

10  addressed in Pretrial Order No. 11 at Section I.A.2.

11       **F.    Conduct of Depositions**

12            **1.    Number of Examiners**

13       Subject to the agreement of the Parties, questioning by Plaintiffs should be conducted by

14  no more than one (1) examiner for the Plaintiffs' Steering Committee.  The Parties will meet and

15  confer to determine the appropriate number of government attorneys permitted to conduct

16  questioning of fact witnesses (including whether the FTC should be permitted to conduct

17  questioning of particular Porsche or Bosch witnesses), but in any event no more than one

18  examiner from each of the U.S. Department of Justice (on behalf of EPA), and the FTC shall be

19  permitted to conduct questioning at any particular deposition.  No more than one (1) examiner

20  for each Defendant (*i.e.*, the VW Entities, the Porsche Entities, and Bosch) shall be permitted to

21  conduct questioning.  The Parties shall conduct the examinations so as to avoid duplicative

22  questioning, subject to the terms of this Order.

23            **2.    Sequence of Examination Noticed by Plaintiffs**

24       If the deposition was noticed by the Plaintiffs' Steering Committee, the questioning of the

25  witness will be conducted in the following sequence:  (1) the examiner for Plaintiffs' Steering

26  Committee; (2) United States government examiner(s); (3) a single representative for all

27  plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (4) primary examiner selected by

28  Defendants, provided that there is no more than one examiner for each of the Defendant groups

1  (i.e., VW Entities, Porsche Entities and Bosch); (5) non-repetitive questioning by counsel for

2  other Defendants, if any; (6) individual counsel for the witness, if any, other than counsel above;

3  and (7) any re-cross by (1)-(3), *supra*, to the extent the examiner has not exceeded the time

4  limitations set forth in Section III.G (Length of Examination) of this Order.

5      If the deposition was noticed by a United States Government Plaintiff, the questioning of

6  the witness will be conducted in the following sequence:  (1) United States government

7  examiner(s); (2) the examiner for Plaintiffs' Steering Committee; (3) a single representative for

8  all plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (4) primary examiner selected

9  by Defendants, provided that there is no more than one examiner for each of the Defendant

10  groups (i.e., VW Entities, Porsche Entities and Bosch); (5) non-repetitive questioning by counsel

11  for other Defendants, if any; (6) individual counsel for the witness, if any, other than counsel

12  above; and (7) any re-cross by (1)-(3), *supra*, to the extent the examiner has not exceeded the

13  time limitations set forth in Section III.G (Length of Examination) of this Order.

14      The Parties may, by agreement, modify this sequence in the context of a particular

15  deposition as may be appropriate to facilitate or enhance coordination and participation by other

16  litigants.

17      **3.    Sequence of Examinations Noticed by Defendants**

18          **a.    Depositions of Private Plaintiff Witnesses**

19      If the deposition of a private Plaintiff fact or expert witness was noticed by a Defendant,

20  the questioning of the witness will be conducted in the following sequence:  (1) the primary

21  examiner selected by Defendants, provided that there is no more than one examiner for each of

22  the Defendant groups (i.e., VW Entities, Porsche Entities and Bosch); (2) non-repetitive

23  questioning by counsel for other Defendants, if any; (3) United States government examiner(s);

24  (4) a single representative for all state court plaintiffs in State Court "Clean Diesel" Cases, if

25  appropriate; (5) individual counsel for the witness, if any; (6) an examiner selected by the

26  Plaintiffs' Steering Committee; and (7) any re-cross by Defendants' examiner(s), to the extent

27  the examiner has not exceeded the time limitations set forth in Section III.G (Length of

28  Examination) of this Order.

**b.      Depositions of Government Plaintiff Witnesses**

If the deposition of a governmental fact or expert witness was noticed by a Defendant, the questioning of the witness will be conducted in the following sequence:  (1) the primary examiner selected by Defendants, provided that there is no more than one examiner for each of the Defendant groups (i.e., VW Entities, Porsche Entities and Bosch); (2) non-repetitive questioning by counsel for other Defendants, if any; (3) an examiner selected by the Plaintiffs' Steering Committee; (4) a single representative for all state court plaintiffs in State Court "Clean Diesel" Cases, if appropriate; (5) individual counsel for the witness, if any; (6) United States government examiner(s); and (7) any re-cross by Defendants' examiner(s), to the extent the examiner has not exceeded the time limitations set forth in Section III.G (Length of Examination) of this Order.

**4.      Examination by State Court Plaintiffs**

A single representative may be selected to question each witness on behalf of all plaintiffs in all State Court "Clean Diesel" Cases.  No counsel in State Court "Clean Diesel" Cases may attend the deposition of any Defendant (or Defendant's expert or Non Party witness related to a Defendant) unless his or her client is directly adverse to that Defendant in their respective State Court "Clean Diesel" Case, and no counsel in State Court "Clean Diesel" Cases may attend the deposition of any United States government witness or government expert without prior written consent by the United States or Federal Trade Commission, as applicable.

**5.      Division of Time Among Plaintiffs' Counsel**

The Plaintiffs' Steering Committee and counsel for the United States Government Plaintiffs shall work cooperatively with respect to the division of time amongst themselves.

**6.      Examinations of Non-Party Witnesses**

The examination sequence of non-party witnesses shall presumptively follow the sequence specified by Sections III.F.2. and III.F.3, to accord examination priority to the Party that noticed the deposition.  In circumstances where the presumptive sequence specified by Sections III.F.2 or III.F.3 would either be unfair, inefficient, or otherwise contrary to Fed. R. Civ. P. 30(c), the Parties shall meet and confer concerning the appropriate sequence of examination to

1  be followed.  Failing agreement among the Parties, the matter shall be submitted to the Court for

2  determination.

3       7.      **Documents Used at Depositions**

4            a.      **Production of Documents**

5       Rule 45 of the Federal Rules of Civil Procedure shall govern subpoenas directing third-

6  party witnesses to produce documents.

7            b.      **Use of Foreign Language Documents at Depositions**

8       Within thirty (30) days of the entry of this Order, the Parties shall meet and confer

9  concerning a protocol for use of foreign language documents at depositions, including (i)

10  whether to retain and, if so, the selection of a neutral translator to provide certified English

11  translations of foreign language documents for use by the Parties at depositions; (ii) the

12  allocation of fees and reasonable expenses of any such neutral translator; (iii) the challenge of

13  document translations to be used at depositions; and (iv) any other matters relating to document

14  translations and their use at depositions.

15            c.      **Copies of Documents**

16       Extra copies of documents about which deposing counsel expects to examine a witness

17  should be provided to counsel for the Parties and the witness during the course of the deposition.

18  These may be distributed as hard-copies or USB flash drives containing the relevant documents.

19       **G.      Length of Examination**

20       Absent agreement of the Parties or a Court order allowing additional time pursuant to

21  Rule 30(d)(1), the length of depositions conducted without an interpreter shall not exceed (14)

22  hours of examination, over two days, for depositions noticed by the Plaintiffs' Steering

23  Committee or the United States Government Plaintiffs in this Action.  The fourteen (14) hours of

24  examination shall not include examination by (i) counsel for the witness or Party defending the

25  deposition, (ii) counsel for any defendant in the Action, and (iii) counsel examining on behalf of

26  state court plaintiffs in State Court "Clean Diesel" Cases for whom the deposition was cross-

27  noticed by a party other than the Plaintiffs' Steering Committee, the United States, or the FTC.

28  Notwithstanding the foregoing, if any party or witness believes that the presumptive limitations

for the duration of depositions imposed by Federal Rule of Civil Procedure 30(d)(1) should be imposed for a particular witness instead of the extended time limits permitted herein, or if any party wishes to exceed the presumptive limitations for the depositions that this Order provides, counsel for the party or witness shall meet and confer with Point Persons regarding the appropriate length of the deposition and, if the issue cannot be resolved through meet and confer negotiations, may seek judicial resolution.

For Rule 30(b)(6) depositions conducted without an interpreter, every fourteen (14) hours of examination of designated Rule 30(b)(6) witnesses shall count as one deposition.

The party noticing the deposition shall be entitled to a minute-for-minute re-cross following any examination by counsel for the witness or Party defending the deposition.

To the extent the Party defending the deposition reasonably anticipates that its questioning of its own witness will exceed ninety minutes, it will provide notice at least ten (10) days before the scheduled deposition, so arrangements can be made for the deposition to continue into an additional day, if necessary; provided, however, that nothing about this provision shall be interpreted to preclude any defending Party from questioning its own witness for the time that Party may deem necessary. The Parties may, by agreement, modify this provision in the context of a particular deposition as may be appropriate to facilitate or enhance coordination and participation by other litigants and counsel, including counsel in any State Court "Clean Diesel" Cases.

In the event that the deposition involves an interpreter, the Parties shall meet and confer to determine the increase in the maximum length of the deposition in light of the procedures to be employed for interpreting testimony. If the Parties are unable to agree on any additional time to be allotted, the dispute shall be submitted promptly to the Court for resolution.

If it appears after coordination of time and sequencing as set forth above in this Section III that more or less time will be necessary, Point Persons and counsel for the witness shall meet and confer to attempt to reach a reasonable accommodation.

**H.     Deposition Locations and Space**

1.     **Location for Depositions**

1    For those witnesses who reside or work in the United States, depositions will take place

2    at one of the following locations, at the election of the witness:  (1) the offices of such witness's

3    attorney(s), (2) a location in the district where the witness resides or works that can reasonably

4    accommodate the needs of the witness and counsel for the Parties, or (3) another location that

5    Point Persons and the witness agree is reasonably convenient.  The Parties will meet and confer

6    whether to designate certain locations at which the depositions should presumptively take place.

7    For those witnesses who reside outside of the United States, the depositions will take

8    place at a location to be agreed to by counsel for the Parties and the witness.  In the event

9    counsel for the Parties and the witness are unable to reach agreement on the location of a

10   deposition, the noticing Party may notice the deposition in accordance with this Order, and the

11   responding Party or witness shall present the dispute regarding the deposition location for

12   adjudication.

13                        2.      **Arrangements for Deposition Space**

14   Parties responsible for securing deposition space shall reserve an adequately-sized room,

15   and all counsel shall be provided with a separate room in which to confer during breaks.  When

16   either Plaintiffs Steering Committee or any Defendant has secured the deposition space, that

17   party shall also make reasonable efforts to ensure the availability of reasonable access to the

18   Internet and basic office services, including but not limited to copy and fax machines without

19   charge.

20   **I.      Interpreters**

21   The Parties shall meet and confer concerning the circumstances warranting, and protocols

22   governing, the use of party-selected or neutral interpreters at depositions, including the

23   appropriate notice period, the number of interpreters, and allocation of costs and presumptive

24   effect on deposition duration which will result from the use of interpreters.

25   Any witness for whom English is not his or her first language may use an interpreter at

26   any deposition, at his or her sole election.  Counsel for the witness or defending Party shall

27   promptly, but in any event no less than fourteen (14) days prior to the deposition, notify the Point

28   Persons if a witness has requested the use of an interpreter during a deposition, provided,

1   however, that counsel for the witness shall in all events be allowed at least seven (7) days

2   following service of the deposition notice to provide such notification.

3         **J.**    **Objections and Instructions To Not Answer**

4              **1.**    **Preservation of Objections**

5         All objections, except those as to form, manner of taking the deposition and privilege, are

6   reserved until trial or other use of the depositions.  As soon as any one attorney representing a

7   Party states the word "objection," all Parties shall be deemed to have preserved all possible

8   objections to the form of the question or the responsiveness of the answer.  Counsel for other

9   Parties should avoid repeating the objection.  If an explanation for the basis of the objection is

10  requested, objecting counsel may reiterate the objection and explain.

11             **2.**    **Prohibition on Speaking Objections**

12        Counsel shall comply with Fed. R. Civ. P. 30(c)(2) concerning objections at depositions.

13  Counsel shall not make objections or statements which might suggest an answer to a witness.

14  Counsel shall refrain from engaging in colloquy during depositions.

15             **3.**    **Objections to Documents**

16                 **a.**    **Objections to Relevance or Admissibility**

17        Any objection to the relevance or admissibility of a document used as a deposition

18  exhibit is preserved for later ruling by the Court or by the trial judge.  All Parties shall cooperate

19  as necessary so that the Court may issue a ruling on any objection to a document prior to trial.

20                 **b.**    **Objections as to Authenticity**

21        Any objection to the authenticity of an exhibit used in the deposition must be made by the

22  objecting Party within thirty (30) days of the deposition, or the exhibit will be deemed authentic.

23  If a Party subsequently becomes aware of information that an exhibit is not authentic, that Party

24  will promptly notify the Party that offered the exhibit.  All Parties shall cooperate as necessary so

25  that the Court may issue a ruling on any objection to a document prior to trial.

26        This sub-Section shall not apply to any translations that are marked as exhibits.

27             **4.**    **Instructions Not To Answer**

28

1   Counsel may instruct a witness not to answer when necessary to preserve an applicable

2   privilege or protection, such as the attorney-client privilege and the attorney work product

3   doctrine, to enforce a limitation ordered by the Court, or to present a motion under Fed. R. Civ.

4   P. 30(d)(3). When a privilege is claimed, to the extent a witness is able to answer questions

5   relevant to the existence, extent, or waiver of the privilege (such as the date of a communication,

6   who made the statement, to whom and in whose presence the statement was made, other persons

7   to whom the contents of the statement have been disclosed, and such other information as may

8   be necessary to determine the nature of the purportedly privileged communication), without

9   waiving the privilege, the witness should do so.   Unless otherwise specified, an instruction not

10  to answer by one Defendant should not be deemed an instruction not to answer by all

11  Defendants, and an instruction not to answer by one Plaintiff shall not be deemed an instruction

12  not to answer by all Plaintiffs.  Nothing herein is meant to modify the requirements of Paragraph

13  I.K. in Pretrial Order No. 16 (relating, in part, to instructions not to answer regarding possible

14  Privileged Material used at a deposition).

15        **K.**     **Disputes During Depositions**

16        Disputes between the Parties should be addressed to this Court rather than the district

17  court in the district in which the deposition is being conducted.  Disputes arising during

18  depositions that cannot be resolved by agreement and that, if not immediately resolved, will

19  significantly disrupt the discovery schedule or require rescheduling of the deposition, or might

20  result in the need to conduct a supplemental deposition, shall be presented to the Court, and if the

21  Court is not available, and to the extent the Parties are still unable to resolve the dispute, the

22  deposition shall continue as to matters not in dispute with full reservation of rights for a ruling at

23  the earliest possible time.  If the nature of the dispute would not stop the deposition from going

24  forward, the Parties may agree among themselves either to present the matter to the Court by

25  telephone, or to present the dispute in writing.  The deposition reporter shall make a transcript of

26  the conference call proceedings, which shall be transcribed immediately and bound separately.

27  In the event the Court is unavailable by telephone to resolve disputes arising during the course of

28  the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute.

1  Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R.

2  Civ. P. 30(d)(3); or (2) file an appropriate motion with the Court after the deposition, and appear

3  personally before the Court.

4       **L.**     **Video Depositions**

5       By so indicating in its notice of a deposition, a Party, at its expense, may record a

6  deposition by videotape or digitally-recorded video pursuant to Fed. Civ. P. 30(b)(3) subject

7  to the following rules:

8       1.     **Real-Time Feed -** All video depositions will be recorded stenographically

9  by a court reporter with "real-time feed" transcription capabilities.   Nothing herein precludes

10  any Party from ordering "real-time feed" for any non-video deposition.

11       2.     **Video Operator -** The operator(s) of the video recording equipment shall

12  be subject to the provisions of Fed. R. Civ. P. 28(c).  At the commencement of the deposition,

13  the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

14       3.     **Attendance -** Each witness, attorney and other person attending the

15  deposition shall be identified on the record at the commencement of the deposition.

16       4.     **Filing -** The operator shall preserve custody of the original video medium

17  (tape or DVD) in its original condition until further order of the Court.

18       5.     **Interruptions** - The video camera operation will be suspended during

19  the deposition only upon stipulation by counsel and "off-the-record" discussions.

20       6.     **Filming -** The videographer shall film the witness only while the witness

21  is seated in the witness chair and shall not film the witness at any other time, including when

22  entering or leaving the deposition room.  The videographer shall not film any persons in the

23  room, except for the witness.

24       **M.**     **Correction and Signing of Depositions**

25       Within thirty (30) days after the deposition is completed, unless expressly waived by the

26  witness, a transcript of the deposition shall be provided to the witness for correction and

27  signature.   For any witness residing in the United States, the deposition may be signed before

28  any notary or certified under penalty of perjury within thirty (30) days after the date that the

1    transcript is received by counsel for the witness.  For any witness residing outside of the United

2    States, the deposition may be signed before any notary or certified under penalty of perjury

3    within sixty (60) days after the date that the transcript is received by counsel for the witness.  If

4    no corrections are made during this time, then, absent any agreement to extend these deadlines,

5    the transcript will be presumed accurate.  The Parties may agree to reasonable extensions of

6    these deadlines.

7         **N.      Cost of Deposition**

8         The noticing Party shall bear the initial expenses of stenographic recording and

9    videotaping (as appropriate), and any costs associated with securing appropriate deposition

10   space.  The Parties shall pay for their own copies of transcripts and videotapes/DVDs of

11   depositions.  The Parties shall confer to determine whether it is appropriate to retain a dedicated

12   court-reporting firm to record all depositions.

13        **O.      Use of Depositions**

14        Depositions of witnesses conducted in this Action may be used in State Court "Clean

15   Diesel" Cases to the extent permitted by that state's laws and rules and applicable coordination

16   orders, including PTO 13 (but subject to the restrictions of this Order, including Section III.E.1).

17        Depositions may, to the extent authorized by the Federal Rules of Civil Procedure or the

18   Federal Rules of Evidence, be used by or against any Party.

19        **P.      Witness Claim to Alternate Procedures**

20        To the extent that any Party anticipates a witness asserting that applicable law requires a

21   procedure other than that set forth herein or under the Federal Rules of Civil Procedure, the Party

22   aware of the issue shall promptly notify all other Parties in writing.  The Parties shall thereafter

23   meet and confer in an effort to timely resolve the matter among the Parties so as to minimize any

24   disruption to the scheduling of the deposition.  To the extent the Parties are unable to resolve the

25   issue, the matter shall be promptly presented for judicial resolution.

26

27

28

**IT IS SO ORDERED.**

Dated: May 12, 2016

_____
CHARLES R. BREYER
United States District Judge

SO STIPULATED.

DATED:  May 11, 2016                    Respectfully submitted,

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP

By:     _/s/ Elizabeth J. Cabraser_____
   Elizabeth J. Cabraser

Elizabeth J. Cabraser
LIEFF CABRASER HEIMANN & BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:   (415) 956-1000
Facsimile:    (415) 956-1008
ecabraser@lchb.com

_Lead Counsel for Plaintiffs_

DATED:  May 11, 2016                    UNITED STATES DEPARTMENT OF JUSTICE

By:     _/s/ Joshua H. Van Eaton_____
   Joshua H. Van Eaton

Joshua H. Van Eaton
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
Telephone: (202) 514-5474
Facsimile: (202) 514-0097
Josh.Van.Eaton@usdoj.gov

_Coordinating Counsel for the United States_

DATED:  May 11, 2016          FEDERAL TRADE COMMISSION

                              By:     */s/ Jonathan Cohen*_____
                                   Jonathan Cohen

                              Jonathan Cohen
                              Federal Trade Commission
                              600 Pennsylvania Avenue NW, CC-9528
                              Washington, DC 20580
                              Facsimile: (202) 326-2551-3197

                              *Counsel for Plaintiff Federal Trade Commission*


DATED:  May 11, 2016          SULLIVAN & CROMWELL LLP

                              By:     */s/ Robert j. Giuffra, Jr.*_____
                                   Robert J. Giuffra, Jr.

                              Robert J. Giuffra, Jr.
                              Sharon L. Nelles
                              William B. Monahan
                              John G. McCarthy
                              SULLIVAN & CROMWELL LLP
                              125 Broad Street
                              New York, New York 10004
                              Telephone:   (212) 558-4000
                              Facsimile:    (212) 558-3588
                              giuffrar@sullcrom.com
                              nelless@sullcrom.com
                              monahanw@sullcrom.com
                              mccarthyj@sullcrom.com

                              *Co-Liaison Counsel for the Volkswagen Group Defendants*


DATED:  May 11, 2016          HERZFELD & RUBIN, P.C.

                              By:     */s/ Jeffrey L. Chase*_____
                                   Jeffrey L. Chase

                              Jeffrey L. Chase
                              HERZFELD & RUBIN, P.C.
                              125 Broad Street
                              New York, New York 10004
                              Telephone:   (212) 471-8500
                              Facsimile:    (212) 344-3333
                              jchase@herzfeld-rubin.com

                              *Co-Liaison Counsel for the Volkswagen Group Defendants*

-18-

DATED:  May 11, 2016          ALSTON & BIRD LLP

                              By:     /s/ Cari K. Dawson
                                 Cari K. Dawson

                              Cari K. Dawson
                              ALSTON & BIRD LLP
                              One Atlantic Center
                              1201 West Peachtree Street
                              Atlanta, Georgia 30309-3424
                              Telephone:   (404) 881-7766
                              Facsimile:   (404) 253-8567
                              cari.dawson@alston.com

                              *Liaison Counsel for Porsche Cars North America, Inc.*

DATED:  May 11, 2016          CLEARY GOTTLIEB STEEN & HAMILTON LLP

                              By:     /s/ Matthew D. Slater
                                 Matthew D. Slater

                              Matthew D. Slater
                              CLEARY GOTTLIEB STEEN & HAMILTON LLP
                              Cleary Gottlieb Steen & Hamilton LLP
                              2000 Pennsylvania Ave., NW
                              Washington, DC 20006
                              Telephone:  (202) 974-1500
                              Facsimile:    (202) 974-1999
                              mslater@cgsh.com

                              *Counsel for Robert Bosch GmbH and Robert Bosch LLC*

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), the filer of this document attests that concurrence in the filing of this document has been obtained from the other signatories above.

DATED:  May 11, 2016          By:      /s/ Elizabeth J. Cabraser
                                        Elizabeth J. Cabraser

-19-

# EXHIBIT 3

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

IN RE: ZANTAC (RANITIDINE)                    MDL NO. 2924
PRODUCTS LIABILITY                               20-MD-2924
LITIGATION

JUDGE ROBIN L. ROSENBERG
MAGISTRATE JUDGE BRUCE E. REINHART

_____/

### PRETRIAL ORDER # 54
#### Deposition Protocol for Defendants' Witnesses and Third Parties

This Order shall govern the conduct of depositions of witnesses who are Defendants' current or former employees and who are under the control of Defendants, and third parties unaffiliated with Plaintiffs. The Court may, at a future time, enter an Order that applies to depositions of Plaintiffs and Plaintiffs' witnesses.

## A.    GENERAL PROVISIONS AND OBJECTIVES

1.    **Order Applicable to all Cases in MDL Proceeding.** This Order applies to all cases currently pending in MDL No. 2924 and to all related actions that have been or will be originally filed in, transferred to, or removed to this Court and assigned hereto (collectively "the MDL Proceeding"). This Order is binding on all parties and their counsel in all cases currently pending in or subsequently made part of the MDL Proceeding and will govern each case in the MDL Proceeding, including claims solely on behalf of individually named Plaintiffs and purported class actions (or class-type representative actions) that are transferred to or filed in this District.

2.    The MDL Proceeding involves Plaintiffs bringing individual and putative class action claims, and many Defendants that are differently situated from each other. This Protocol was negotiated amongst, and represents compromises by, the many parties based upon the unique facts, circumstances, and needs of the MDL Proceeding, recognizing the diversity and number of

parties in the MDL Proceeding. The Court also expressly emphasizes that in light of these unique circumstances, not only should this Protocol not be taken to bind any party here to these or similar provisions in future litigation, but it cautions that the provisions here were negotiated by the parties in light of the very unique circumstances of the MDL Proceeding and thus may not be well-suited to other litigation.

3. **Scope.** This Order shall apply to: (i) all fact depositions of witnesses who are currently or were formerly employees of Defendants, including any depositions pursuant to Rule 30(b)(6); and (ii) all general discovery of party and non-party deponents other than party or non-party deponents whose testimony is relevant only to the claims of a particular Plaintiff, *i.e.* case-specific witnesses. For the avoidance of doubt, this Order shall not apply to: (i) fact depositions of any Plaintiffs, class representatives, Plaintiffs' representatives, employees, family members, personal acquaintances, healthcare providers, and all other Bellwether trial or case-specific fact witnesses; and (ii) expert depositions.

4. **Cooperation.** Counsel are expected to cooperate with and be courteous to each other and to deponents in both scheduling and conducting depositions. Counsel are reminded that this Court considers depositions to be official court proceedings, and the conduct of all participants in depositions shall be in accordance with the customs and practices expected of lawyers and witnesses appearing before this Court, as if each was appearing personally before the Court at the time of the depositions. Counsel shall not at any time conduct himself or herself in a manner not becoming an officer of the Court and not in full compliance with the civil rules of practice and all other Orders of the Court. Neither counsel nor witnesses shall, at any time, engage in conduct that impedes, delays, or frustrates the examination of the witness. All counsel and the deponent must be treated with civility and respect.

5.  **Disputes.**  Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Bruce E. Reinhart by email at Reinhart@flsd.uscourts.gov.  If the Magistrate Judge is not available, the deposition shall continue with full reservation of rights of the examiner for a ruling at the earliest possible time.  Nothing in this Order shall deny counsel the right to suspend a deposition pursuant to Federal Rule of Civil Procedure 30(d)(3), file an appropriate motion with the Court at the conclusion of the deposition, and appear personally before the Court.  Nor shall anything in this Order preclude a party from seeking relief under Pretrial Order # 32 prior to the deposition commencing.

6.  **Number of Depositions**[1]

   a.  The parties are encouraged to work together to resolve any disputes concerning a request to take depositions in excess of the below presumptive limit to the number of party depositions and the length thereof.  This litigation is complex and involves a considerable number of Defendants, witnesses who have worked for multiple Defendants over the time ranitidine-containing products were sold, causes of action, and allegations of injury.  Should the parties have a dispute concerning the numbers of examining attorneys or the numbers of or length of depositions, MDL Lead Counsel, or their designees for Plaintiffs, shall have the sole authority to meet and confer with counsel for the Defendant(s) affected by the dispute in an attempt

---

[1] For the purpose of this provision, any corporation and its affiliated entities (*e.g.*, subsidiaries, parent companies, etc.) shall be deemed one "Defendant" without regard to whether the Defendant is named in any Complaint in more than one category of Defendants.

to resolve the issue before engaging the Special Master, the Magistrate Judge, or the Court.

b. The parties have agreed to a "soft cap" presumptive limit on the number of depositions Plaintiffs, as a group, can take of Defendants in this litigation. These "soft cap" numbers of depositions are subject to the following conditions and agreement between the parties:

1. The numbers do not include any depositions sought by Plaintiffs related to jurisdictional disputes;

2. The numbers are soft caps, presumptive numbers subject to discussions between counsel for the parties to allow for additional depositions if there is good cause for such depositions, taking into account discovery already obtained, and whether or not additional depositions would be unreasonably cumulative or duplicative. The numbers below are not meant to be an absolute cut off of depositions and are intended to allow for the flexibility for additional depositions as dictated by the discovery process generally, including, but not limited to, the scope of discovery, document productions and supplementation thereto, and the ability of Defendants' witnesses to adequately cover the timeframes and issues relevant to this litigation;

3. In the event a witness is or was employed by more than one Defendant in this litigation, the parties will meet and confer to determine how to allocate the witness's deposition against the soft cap numbers of the Defendants, taking into consideration factors such as who defends the witness, who produces the witness's custodial file, and the focus of the deposition;

4. If a corporate representative for a 30(b)(6) deposition is asked a question thought to be outside the scope of the notice, counsel for the tendering Defendant shall state merely "scope," and the witness shall answer the question. This testimony may later be adjudicated by the Court to be either testimony as the Defendant's corporate representative or as testimony given in the witness's individual capacity. Absent good cause shown, Plaintiffs should not take a subsequent separate individual deposition of a witness designated as a corporate representative for a 30(b)(6) deposition. In the event they do so, the separate individual deposition shall count as an additional deposition for purposes of this section;

5. The numbers in no way affect, limit, restrict, or condition, in any way, the number of custodial files sought by or produced to Plaintiffs;

6. The numbers in Paragraph A.6.c. include 30(b)(6) depositions; however any 30(b)(6) notice of deposition addressing the same subject matter, *i.e.* manufacturing, marketing/sales, regulatory, etc., shall be considered as one deposition, regardless of the numbers of witnesses designated by the respective Defendant in response thereto.

c. Absent agreement of the parties or Order of the Court, Plaintiffs as a group will be limited to the following presumptive number of witnesses:

1. 35 depositions for Defendant GlaxoSmithKline, of which up to 8 may be allocated for depositions limited to issues unique to the class actions; 19 depositions for Defendant Boehringer Ingelheim; 14 depositions for Defendant Pfizer; and 14 depositions for Defendant Sanofi of (i) fact witnesses

currently or formerly employed by the above respective Brand-Name Manufacturer Defendants;[2] and (ii) witnesses designated by these Brand-Name Manufacturer Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6), combined.

2. Absent agreement of the parties or Order of the Court, Plaintiffs as a group will be limited to 5 depositions for each Generic Manufacturer Defendant[3] of (i) fact witnesses currently or formerly employed by the Generic Manufacturer Defendants; and (ii) witnesses designated by the Generic Manufacturer Defendants pursuant to Federal Rule of Civil Procedure 30(b)(6), combined.

3. Regarding depositions of the Retailer Defendants and Distributor Defendants (collectively, the "Non-Manufacturing Defendants")[4] the Plaintiffs and the Non-Manufacturing Defendants agree that Paragraph A.6.b. applies to their depositions, but that there is no presumptive "soft cap" limit of depositions per Defendant. Instead, the parties will meet and confer in good faith before the Plaintiffs issue any deposition notices. Any depositions of Non-Manufacturing Defendants will be requested pursuant to the factors as set forth in Rule 26(b)(1) of the Federal Rules of Civil Procedure.

---

[2] The "Brand-Name Manufacturer Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

[3] The "Generic Manufacturer Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

[4] The "Retailer Defendants" and "Distributor Defendants" are those Defendants identified as such in the Master Personal Injury Complaint [DE 887], the Consolidated Third Party Payor Class Complaint [DE 888], and the Consolidated Consumer Class Action Complaint [DE 889].

## B.   **CROSS-NOTICING DEPOSITIONS**

1.    **Cross-Notices.**  The parties and the Court desire to minimize the expense and inconvenience of this litigation by, inter alia, providing for a single deposition of witnesses within the time limits set forth in this Order in all litigations relating to Zantac/ranitidine.  Any witness deposition in this litigation subject to this Order may be cross-noticed by any party in any related action pending in any state or federal court.

2.    **Coordination of Depositions.**  MDL Lead Counsel shall take reasonable steps and engage in good-faith efforts to coordinate the scheduling of depositions to minimize the number of times a witness shall appear for deposition.  The parties wish to minimize the expense and inconvenience of this litigation by minimizing the depositions of any common witness.  To the extent practicable, the parties shall endeavor to allow for the opportunity for participation by state court litigants.  To the extent a state-court litigant has an interest in participating in a cross-noticed deposition, the parties shall meet and confer concerning said participation and the coordination thereof.  The desire to include state-court litigants in a specific deposition will not delay the deposition in the MDL Proceeding.

3.    **Questioning Attorneys.**  For depositions of Defendants' current/former employees or 30(b)(6) designees, the allocated time on the record pursuant to Section E *infra* shall be divided between no more than two examining attorneys for Plaintiffs in the MDL Proceeding ("MDL examiners").  The parties will make good-faith efforts to meet and confer seven (7) days prior to the deposition to discuss the number of MDL examiners and potential categories anticipated to examine the witness.  If more than one MDL examiner or counsel for state-court litigants questions a witness, counsel shall avoid duplicative questions.  Questioning by state-court litigants in a cross-noticed deposition shall not count against the deposition time limits for MDL examiners.

4. **Subsequent Depositions.** If a deposition originally noticed in the MDL Proceeding has been cross-noticed in another state court proceeding, then any Plaintiffs' Steering Committee member and any other Plaintiffs' counsel who appear at the deposition may not seek to take a subsequent deposition of the same witness except upon a motion filed in the MDL Proceeding for good cause shown. If such motion is granted, the scope of the subsequent deposition shall be restricted as permitted by the Court or as stipulated to by the parties. Any Plaintiffs' Steering Committee member and any other Plaintiffs' counsel who appear at a deposition of a witness in the MDL Proceeding may not subsequently seek to depose the same witness in a state-court proceeding. Notwithstanding this provision, a witness may voluntarily agree to appear for a subsequent deposition in another proceeding.

C. **NOTICES/SCHEDULING**

1. **Content of Notice.** Each deposition notice and subpoena shall include the name, address, and telephone number of an attorney point of contact designated by the party noticing the deposition (the "Deposition Liaison") as well as the date, time, and place of the deposition. The Deposition Liaison will be responsible for all logistical issues related to the noticed deposition, including coordinating the time, place, and manner of the deposition with the deponent and other parties, as well as tracking expected attendance for the deposition and ensuring there is adequate space for all attendees. This Order in its entirety shall be attached to any subpoena or deposition notice that pertains to a third-party witness covered by its terms.

2. **Cooperation in Scheduling.** The Deposition Liaison, counsel for the deponent, and where appropriate Lead and Liaison counsel for the parties, shall use best efforts to coordinate in the scheduling and taking of depositions. Prior to issuing a deposition notice or subpoena, absent extraordinary circumstances, the Deposition Liaison must consult with counsel for the

deponent and designees for all Lead and Liaison Counsel (as listed in Exhibit A to this Order) in an effort to schedule depositions at mutually convenient times and locations. Counsel are expected to cooperate and coordinate the scheduling of depositions on a good faith basis.

3.      Unless otherwise agreed by the parties or ordered by the Court, depositions may not be taken on Saturdays, Sundays, federal court holidays, or official holidays of the country where the deponent is located.

4.      The parties will make their best effort to schedule no more than one (1) deposition on a given day but recognize that dual track depositions may be necessary in some instances. In the event multiple tracks become necessary, witnesses affiliated with the same individual Defendant shall not be scheduled for the same day absent Order of this Court.

5.      Each deposition notice shall comply with Federal Rule of Civil Procedure 30(b). In addition to the Deposition Liaison, the notice must include the identity of the deponent, as well as the date, time, and location of the deposition, including whether the deposition shall be taken in-person or by remote means, and the identity of the court reporter designated by the noticing party to record the deposition.[5] All deposition notices shall also request that no later than fifteen (15) days prior to the date noticed for any deposition, the deponent or his or her representative notify the Deposition Liaison whether an interpreter will be required.

6.      **Location.** The Court expects counsel to mutually agree upon deposition locations. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district or, if counsel for the deponent agrees, in another district convenient to the deponent, counsel, and the parties.

---

[5] Pretrial Order # 48 governs the procedures for scheduling, noticing, and conducting remote depositions, including any additional information required to be set forth in the notice for any remote deposition.

7. To the extent foreign witnesses are noticed for deposition, the parties agree that, to the extent possible, and if in compliance with local law, all foreign depositions shall take place in London, England; Brussels, Belgium; Toronto, Canada; New Delhi, Mumbai, or Hyderabad, India; Zurich, Switzerland; or Tel Aviv, Israel. Upon agreement of the parties, the deposition may occur in another location most convenient to the witness, or in other locations if public health and safety regulations or conditions or local governing law make those locations unsuitable. Or, such depositions may occur remotely by video conference in accordance with Pretrial Order # 48. The parties agree to meet and confer in good faith to determine an alternate location as needed or if the foreign deposition shall occur remotely by video conference in accordance with Pretrial Order # 48, taking into account travel restrictions or other exigencies related to Covid-19. Nothing in this Order shall be construed to abrogate the Federal Rules of Civil Procedure, the Local Rules of the Southern District of Florida, international law governing the noticing and taking of depositions of foreign nationals, or the laws of the country in which a deposition will be held. Nothing in this Order shall be construed as prohibiting a party from objecting to a Notice, including but not limited to objecting based on violation of international law or the laws of the country in which the proposed deponent resides, or undue burden or harassment. Nothing in this Order shall prevent the parties from entering separate agreements regarding the deposition location for its foreign deponents.

8. In the event the parties request or require the attendance of a judicial officer or designee at an international deposition, all travel expenses for that attendee will be shared by Plaintiffs and the Defendant whose witness is deposed. All rules concerning such depositions will be governed by this Protocol and the Federal Rules of Civil Procedure.

9.      **Third Party Subpoenas.**  Third-party witnesses subpoenaed to produce documents at their oral deposition shall be served with the document subpoena at least thirty (30) calendar days before a scheduled deposition.  The subpoena shall set forth the date and time for production of any records, which in most cases should not be less than ten (10) days prior to the deposition. The Deposition Liaison shall make any records produced in response to the subpoena available in accordance with Pretrial Order # 45 governing Service of Discovery Requests and Responses.

10.      **Adequacy of Notice.**  All deposition notices shall be noticed at least twenty-one (21) days in advance.  If the deponent is requested to bring documents to the deposition or produce them in advance of the deposition, the notice with incorporated request to produce shall be served at least thirty (30) calendar days before a scheduled deposition, unless otherwise agreed to by counsel.  Any request for production of witness custodial files is governed by Section H *infra*.

11.      **Date or Time Change.**  If the date or time of a deposition is changed following the initial service of the Deposition Notice, the noticing party shall serve an amended notice reflecting the revised date, location, and/or means of taking the deposition, as applicable; said notice shall not be filed on the Court docket.  Once the parties have agreed upon the date, time, and location of a deposition, the deposition shall not be postponed or cancelled except for good cause.  A party postponing a deposition shall notify opposing counsel in writing with the reason for the need to do so, and, within a reasonable time following any such notice, provide alternative dates for rescheduling the deposition.  If a cancellation occurs less than three (3) days in advance of the scheduled date, the cancelling party should also contact opposing counsel by telephone and email.

12.      **Remote Participation.**  In the event that a party wishes to participate in a deposition remotely, that is, either by telephone or internet, that party shall notify the Deposition Liaison five (5) days in advance of the start of the deposition.  Any party seeking to participate

remotely must agree to be bound by applicable Protective Orders and shall not re-record the deposition by video or audio means. The party seeking to participate remotely is responsible for coordinating with the Deposition Liaison and/or court reporter to arrange the necessary telephone lines or internet connections. Depositions that are noticed as "remote depositions" shall be governed by Pretrial Order # 48.

        13.    **Means of Recording.**

            a.   <u>Stenographic Recording</u>. A certified court reporter shall stenographically record all deposition proceedings and testimony with "real time feed" capabilities. The court reporter shall administer the oath or affirmation to the deponent. A written transcript by the court reporter shall constitute the official record of the deposition for purposes of Federal Rule of Civil Procedure 30(e) and similar state-court rules addressing filing, retention, certification, and the like.

            b.   <u>Videotaping</u>. The deposition notice or subpoena shall state whether the deposition is to be videotaped. The notice or subpoena shall state the name, firm, and address of the certified legal videographer firm. All videotape depositions shall proceed pursuant to the provisions of Section K *infra*.

**D.**    <u>**ATTENDANCE**</u>

        1.    **Permitted Attendees.** Unless otherwise agreed to by the parties or ordered under Federal Rule of Civil Procedure 26(c), depositions may be attended only by the parties or the representatives of a party (including in-house counsel), the deponent, the deponent's attorney, attorneys of record in the MDL Proceeding or in cross-noticed state cases, members and employees of their firms, and court reporters and videographers. Upon application, and for good cause shown,

the Court may permit attendance by a person who does not fall within any of the categories set forth above.

2.     **Pretrial Order # 26 (Confidentiality Order) Applies.**  All Permitted Attendees to any deposition are explicitly bound by the terms of this Order and Pretrial Order # 26 (Confidentiality Order).

3.     **Notice of Intent to Attend by Individuals Not Permitted to View Highly Confidential Documents.**  To the extent that a party seeks to have an individual attend a deposition who is not authorized pursuant to Pretrial Order # 26 or any other Order entered by the Court ("Unauthorized Attendee") to view Highly Confidential materials, the party must notify Plaintiff and Defendants' Lead Counsel of any Unauthorized Attendees at least ten (10) days before the deposition.  Defendants shall work with all Defendants for an agreement allowing any Unauthorized Attendee(s) to attend such deposition and have access to Highly Confidential testimony and documents.  If such agreement cannot be reached prior to the scheduled deposition, such Unauthorized Attendee(s) shall not be allowed to attend the deposition.  If an agreement to allow an Unauthorized Attendee to attend a deposition is reached, the fact that the Unauthorized Attendee may view Confidential or Highly Confidential documents does not constitute a waiver of the confidentiality designations.

4.     **Unnecessary Attendance by Counsel.**  Unnecessary attendance by counsel is discouraged and may not be compensated in any fee application to the Court.  Counsel who have only marginal interest in a proposed deposition or who expect their interests to be adequately represented by other counsel may elect not to attend.

5.     **Notice of Intent to Attend a Deposition.**  In order to make arrangements for adequate deposition space and obtain appropriate security clearances (where necessary), any

person who intends to attend a deposition noticed in the MDL Proceeding shall advise the court reporter and the Deposition Liaison identified in the deposition notice of their intent to attend the deposition at least five (5) days prior to the deposition. Three (3) days prior to the deposition, the Deposition Liaison shall identify the attendees for Plaintiffs and Defendants to MDL Lead Counsel.

6. **Examination Regarding Confidential and Highly Confidential Documents.** Permitted Attendees, as defined above, in attendance of any deposition or part of any deposition are bound by this Order and Pretrial Order # 26 (Confidentiality Order). No objection shall be interposed at deposition directing a witness not to answer based on the fact that an answer would elicit, address, or relate to Confidential or Highly Confidential Information. This subsection applies whether the Permitted Attendee appears at the deposition in-person or by remote means.

E. **LENGTH OF DEPOSITIONS**

1. Unless otherwise ordered by the Court or agreed to by the parties and counsel for any deponent, the following provisions shall govern depositions subject to this Order.

2. A deposition day shall be seven (7) hours of testimony and shall ordinarily commence at 9:00 a.m. and terminate at 5:30 p.m.,[6] including a one-hour break for lunch, a morning break of no more than fifteen minutes, and an afternoon break of no more than fifteen minutes, plus any necessary restroom breaks. A deposition may continue to 7:30 p.m. only when the long deposition day will make it possible to conclude the deposition in a single day by agreement of the parties. No breaks shall be taken while a question is pending, except to confer about an issue relating to privilege. If a witness has a documented medical condition that affects

---

[6] All times refer to the time zone where the deponent will be located during the deposition.

his or her ability to testify for seven (7) consecutive hours, the parties agree to work in good faith to accommodate an alternative schedule for that witness.

3.      The noticing party shall be entitled to utilize 85% of the time allocated for a deposition, with the other parties in the MDL Proceeding having the remaining 15% of the time allocated for a deposition, regardless of the length prescribed or otherwise agreed upon. Otherwise, unless agreed between the parties, each deposition of a current or former party employee witness, 30(b)(6) designee, or non-party witness shall last no longer than seven (7) hours on the record.

4.      In the event that the deposition involves a translator, the maximum length of the deposition shall be increased as is reasonably necessary to conduct the examination, but not to exceed a total of 10.5 hours on the record, absent agreement of the parties.

5.      To the extent responsive documents are produced or custodial documents are identified after the deposition of any witness, a supplemental deposition may be requested, and the parties agree to meet and confer in good faith on the issue.  Any subsequent deposition shall be limited to issues arising from supplemental productions or identification of custodial documents. A party seeking to take a second deposition of a witness shall provide the opposing party its basis for an exception.  This provision does not apply if the noticing counsel has been informed at least five (5) days in advance of the deposition that the production of custodial documents relating to that witness is not yet complete and provides a date certain by which such production will be completed.  If noticing counsel nevertheless elects to proceed with a deposition, the subsequent production of documents shall not be a valid basis for requesting a supplemental deposition.  This provision also does not apply if the noticing counsel serves additional document requests after the witness's deposition that could have reasonably been requested prior to the deposition.

6. If a Deposition Liaison believes additional time may be necessary to explore the corporate and personal knowledge of a deponent, the Deposition Liaison will meet and confer, pursuant to Paragraph A.5. with the deponent's counsel regarding adding to the length of the deposition to accommodate reasonable additional time.

7. The above time limits shall be the actual time spent examining the witness. Time spent on breaks or lunch shall not be counted toward the time limits.

8. Nothing in this Order is intended to limit the ability of the parties, for good cause shown, to seek, prior to the time of the deposition, a Court Order modifying these time limits for limited key deponents.

## F. <u>EXHIBITS</u>

1. **Marking of Deposition Exhibits.** Each document referred to at a deposition shall be referred to by its alpha-numeric production number except in the case of documents that have not yet received production numbering at the time of the deposition. Documents that are produced in native format shall have the slip sheet with the Bates number affixed to the front of the document. The court reporter for each deposition will include in each deposition transcript a list of the exhibits referenced in the deposition. The court reporter shall assign exhibit number blocks for each deposition and shall make sure that duplicative or overlapping exhibit numbers are not assigned. Counsel shall attempt to use the previously marked exhibit number in subsequent depositions rather than re-marking the same exhibit with different exhibit numbers.

2. Any document shown to a deponent shall be the complete, unaltered, and free-standing document as it was produced in the MDL Proceeding. Each email shall be considered such a document.

3.      **Copies.**  At the time a document is used, all deposition attendees shall receive copies of the document being used by the examining attorney.

## G.      **EXHIBITS: EVIDENTIARY CHALLENGES**

1.      **Hearsay and Authenticity Challenges.**  Any Party-Produced Evidence marked as an exhibit in a deposition of that producing party and/or its employees or former employees will be deemed to be a business record of that party within the meaning of Federal Rule of Evidence 803(6) and authentic within the meaning of Federal Rule of Evidence 902(11), subject to the following paragraphs:

2.      "Party-Produced Evidence" is defined as (i) documents other than email that a party produces; and (ii) any email produced by a party that the party and/or its employees or former employees authors or receives and produces.

3.      The exhibit marked at the deposition must bear a production number from that party's production.

4.      The parties may not mark deposition exhibits *en masse* for the sole purpose of bringing those exhibits within the scope of this section.

5.      Within thirty (30) days of receipt of the transcript in which the evidence or a copy of the evidence was first marked as an exhibit in a deposition, the producing party seeking to challenge the business record status or authenticity of an exhibit must provide written notice to the Plaintiffs' Lead Counsel of the specific, non-boilerplate objection(s) to the business record status of the document, specifying the legal and factual basis for the objection.  Any timely objection will be deemed to have been made for all depositions for which the exhibit is subsequently used. Absent good cause, failure to provide written notice of objection within the timeframe listed here constitutes waiver of the objection by the producing party at trial to the business record status

17

pursuant to Federal Rule of Evidence 803(6) and authenticity of an exhibit within the meaning of Federal Rule of Evidence 902(11).  Once waived, an objection cannot be raised as to that exhibit marked again in a later deposition.

6.      The parties will make a genuine effort to meet and confer to resolve the written objection or undertake discovery solely to cure the objection.

7.      If a dispute remains, MDL Lead Counsel may request an *in limine* hearing on the objections by the producing party.  Absent exigent circumstances or Court Order, *in limine* hearings may only occur every ninety (90) days or after the accumulation of 50 or more unresolved written objections, whichever is sooner.  All objected to exhibits will be presented in one filing per corporate Defendant.  Any ruling shall be treated as any other pre-trial ruling *in limine.*

8.      In the event ninety (90) days has passed from the previous *in limine* hearing or 50 or more written objections have accumulated, MDL Lead Counsel may request an *in limine* hearing by sending an email to Zantac_MDL@flsd.uscourts.gov.  The subject line of the email shall be "Request for *In Limine* Hearing." The email shall provide the Court with three (3) afternoons in the following ten (10) business days where all parties directly involved in the evidentiary dispute are available.  The email shall state the amount of time that the parties anticipate needing for the hearing and the number of pending written objections.  The email shall also attach a joint evidentiary memorandum of two pages or less per written objection (1) specifying the substance of the evidentiary matter to be heard, and (2) stating with specificity the nature of the dispute with citations to the particular subsections of Rules 801-807 and/or 901-903 of the Federal Rules of Evidence at issue.  The memorandum should attach a copy of all deposition exhibits at issue.  Only issues addressed in the joint evidentiary memorandum may be raised at the hearing, and any ruling shall be treated as any other pre-trial ruling *in limine*.

9.      In the event any written objection to the business record status of a document within the meaning of Federal Rule of Evidence 803(6) or authenticity within the meaning of Federal Rule of Evidence 902(11) is made near or after the close of fact discovery, the objecting party agrees to allow for additional discovery for up to thirty (30) days after written objection is received by Plaintiffs' Lead Counsel, regardless of whether the discovery period is closed, for the sole purpose of establishing the business records status or authenticity of documents that are the subject of an objection under this paragraph, including but not limited to additional deposition(s) of appropriate witnesses.

10.      Any additional discovery taken for the purpose of establishing the document's business record status within the meaning of Federal Rule of Evidence 803(6) or authenticity within the meaning of Federal Rule of Evidence 902(11) will not count against any discovery caps including presumptive deposition limits to the number of party depositions.

11.      The parties are reminded that the Court requires the parties to act in good faith and to avoid, to the extent possible, the need for advance rulings from the Court on admissibility of evidence.  It is the parties' expectation that earlier rulings on document admissibility issues will provide guidance to the parties and limit the occurrence of repetitive disputes.

## H.      CUSTODIAL FILES

In the MDL Proceeding, Defendants have begun producing custodial files for certain present and former employees.  In the event that Plaintiffs notify counsel for a Defendant of an intent to depose a present or former employee whose custodial file has not been produced, Defendant will have a reasonable time to produce the custodial file.  In such case, Plaintiffs shall notify counsel for Defendant at least forty-five (45) days in advance of the intended deposition of any of Defendants' present employees or sixty (60) days in advance of the intended deposition of

a former company employee of a Defendant. For witnesses whose custodial files were previously produced, Defendant will conduct a good-faith reasonable search for supplemental custodial documents if requested. Custodial documents will be produced subject to the Pretrial Orders in place in this case, including Pretrial Order # 26 (Confidentiality Order). Defendants will produce custodial files at least fifteen (15) days before the scheduled deposition and will make best efforts to produce custodial files twenty-one (21) days before the scheduled deposition. Counsel must meet and confer regarding an appropriate deposition date, giving due consideration to the current production schedule and the potential volume of the documents at issue.

**I.**     **TRANSLATION OF DOCUMENTS**

Any document shown to a deponent in a language other than English shall also be translated into English and copies made available to the witness and other counsel pursuant to the provisions of this Order. Objections as to the accuracy of any translations of deposition exhibits shall be preserved unless a stipulation is reached by the parties in advance of the deposition.

**J.**     **TRANSLATORS**

1.    If a witness indicates his or her intention to respond to questions in a language other than English, neutral translators will be employed to interpret and translate between the foreign language and English. If the translator is required for an employee of Defendant, then Defendant will engage and pay for the translator. Each translator will swear under oath or affirm prior to each deposition to provide honest and truthful translations. A monitor displaying "real time" transcription will be placed in front of the translator to assist in the translation at the Defendant's expense.

2.    Defense counsel will notify the Deposition Liaison at least fifteen (15) days in advance of the deposition of any present or former employee of Defendants whose examination

will require the involvement of a translator.  Subject to being informed of the terms of this Order, counsel for third-party witnesses will notify the Deposition Liaison at least fifteen (15) days in advance of the deposition that the examination will require the involvement of a translator.  In the event the Deposition Liaison receives such notice from a third party or his/her counsel, then the Deposition Liaison shall inform opposing counsel within twenty-four (24) hours of receiving such notice.  The noticing party shall pay for the services of a translator necessary for the deposition of a third-party witness.  When a deposition involves the use of a translator, any other party shall have the right to bring his or her own translator to provide a check on the translation.  Objections as to the accuracy of any translation of deposition testimony should be raised at the time of the deposition; however, if necessary, objections may be asserted within forty-five (45) days of the transcript being published.

**K.**  **VIDEO RECORDINGS**

1.  Any depositions may be videotaped at the request of any party pursuant to the following terms and conditions:

   a.  **Simultaneous Stenographic Recording.**  All videotaped depositions shall be simultaneously stenographically recorded in accordance with Paragraph C.13.a.

   b.  **Videotape Operator.**  The operator(s) of the videotape recording equipment shall be a neutral certified videographer subject to the applicable provisions of Federal Rule of Civil Procedure 28(c) and similar state-court rules.

   c.  **Index.**  The videotape operator shall use a counter on the recording equipment, and after completion of the deposition shall prepare a log, cross-referenced to counter numbers, that identifies the depositions on the tape at which examination by different counsel begins and ends, at which objections are made and examination

resumes, at which exhibits are identified, and at which an interruption of continuous tape-recording occurs, whether for recesses, "off-the-record" discussions, mechanical failure, or otherwise.

d. **Court Reporter To Be Sworn.** At the commencement of the deposition the operator(s) shall swear or affirm to record the proceedings fairly and accurately. The operator shall produce both video and DVD formats of each deposition.

e. **Appearances.** Each deponent and examining attorney attending the deposition shall be identified on the record at the commencement of the deposition. The videographer will read a statement on the record that all persons attending the deposition will be identified in the final stenographic transcript. Counsel attending the deposition will provide their identifying information to the stenographer in advance of the deposition.

f. **Standards.** Unless physically incapacitated, the deponent shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be conducted in a neutral setting, against a solid background, with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view will be changed only as necessary to record accurately the natural body movements of the deponent or to portray exhibits and materials used during the deposition. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent. The witness shall appear in ordinary business attire (as opposed to, for instance, a lab coat) and without extraneous objects.

g. **Additional Cameras.** Any party, at its own expense and with seventy (72) hours' notice in advance of the deposition to Deposition Liaison, counsel for the deponent, and the court reporter may arrange for an additional camera to film the examining attorney and/or defending attorney. If more than one camera is employed, the party arranging for the additional camera shall pay for the expense of synchronization of the videotapes from the additional camera if the party intends to show videotape from the additional camera at trial. Nothing in this Order shall be construed as a ruling whether the videotapes of the lawyers may be shown at trial. Counsel's objections to showing the videotape of counsel at the time of trial are reserved.

h. **Filing.** After the deposition is completed, the video operator shall certify on camera the correctness, completeness, and accuracy of the videotape recording in the same manner as a stenographic court reporter, and file a true copy of the videotape, the transcript, and certificate with Liaison Counsel for whomever noticed the deposition.

i. **Recording Objections & Instructions Not to Answer.** Objections and instructions not to answer at videotape depositions are subject to the provisions herein. If the objection involves matters peculiar to the videotaping, a copy of the videotape and equipment for viewing the tape shall also be provided to the Court.

j. **Technical Data.** Technical data such as recording speeds and other information needed to replay or copy the tape shall be included on copies of the videotaped deposition.

L.    **OBJECTIONS AND DIRECTIONS NOT TO ANSWER**

1.    Unless otherwise agreed by the parties, and noted on the record, the following stipulations shall apply to all depositions in this action:

2.    Unless otherwise specified by any Defendant, an objection by a single Defendant shall be deemed an objection by all Defendants without regard to whether the Defendant attended the deposition and, unless otherwise specified by any Plaintiff, an objection by a single Plaintiff shall be deemed an objection by all Plaintiffs.

3.    All objections are reserved until trial or other use of the deposition, except those objections regarding the form of the question or the existence of a privilege.  When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent, or waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information is itself privileged.  *See* Rule 26.1(f) of the Local Rules of the Southern District of Florida.    Privilege objections must be on a question-by-question basis, consistent with Paragraph II(F) of Pretrial Order # 32 (Order Concerning the Discovery Process and Dispute Resolution).

4.    Counsel shall not direct or request that a witness refuse to answer a question, unless that counsel has objected on the ground that the question seeks privileged information, the question seeks information that the Court has ordered may not be discovered, the question exceeds the scope of the 30(b)(6) notice, or a deponent seeks to present a motion to the Court for termination or limitation of the deposition on the ground that it is being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, harass, or oppress the party or deponent.  For non-United

States witnesses, a witness may be instructed not to answer where the question necessarily calls for information governed by the foreign country's data privacy protections. Unless otherwise specified, an instruction not to answer by one Defendant should not be deemed an instruction not to answer by all Defendants, and an instruction not to answer by one Plaintiff should not be deemed an instruction not to answer by all Plaintiffs at risk for sanctions should he/she instruct a witness in bad faith.

5.      If, during a deposition, a party in good faith intends to present an issue to the Court by email pursuant to Paragraph A,.5., and if the Court is not immediately available, the party may instruct the witness temporarily to defer answering the question until the Court is available to issue a ruling.

6.      Counsel shall refrain from engaging in colloquy during depositions, and counsel shall comply with Federal Rule of Civil Procedure 30(c)(2) concerning objections at depositions. Counsel shall refrain from all comments that could be perceived as instructive to a witness, such as "you can answer if you understand the question" or "you can answer if you know." The phrase "objection as to form," or similar language shall be sufficient to preserve all objections as to form until the deposition is sought to be used. Counsel may ask what specific defect in form is referenced in the objection in order to decide if there is a need to cure the alleged defect.

7.      Private consultations between deponents and their attorneys when a question is pending are improper except for the purpose of determining whether a privilege should be asserted. Unless prohibited by the Court for good cause shown, consultations may be held during normal recesses and adjournments or if there is a break in the normal course of interrogation and no questions are pending. If a question is pending, the deponent shall answer the question prior to

taking a break or adjournment except to consult regarding whether a privilege protects the testimony.

8.      Objections other than as to form, addressed above, are not waived, and are reserved for later ruling by the trial judge.

9.      **Objections to Documents.**  A party need not object on the record that a deposition exhibit is not relevant or would not be admissible at trial.  All such objections are not waived and are specifically preserved for later ruling by the Court or by the trial judge.  The lack of an obvious connection between a document and a witness shall not prevent a witness from being asked questions about the document at a deposition.

## M.    <u>USE OF DEPOSITIONS</u>

1.      Under the conditions prescribed in Federal Rule of Civil Procedure 32(a) (1)-(4) or as otherwise permitted by the Federal Rules of Evidence, depositions may be used by any party who has submitted, or been found subject, to the jurisdiction of any court in any case covered by this Order who:

      a.    was present or represented at the deposition; or

      b.    had reasonable notice thereof; or

      c.    absent a showing of excusable delay, within thirty (30) days after the deposition is taken or within forty-five (45) days after becoming a party in state actions or the MDL Proceeding fails to file a motion and obtain an Order concluding that just cause exists such that the deposition should not be used in that case.

2.      This Order does not address the admissibility for trial purposes of any testimony taken by deposition.  Determinations on the admissibility of any such testimony shall be made by the trial court.

3.     This Order does not envision that a separate trial preservation deposition must be taken in order for the deposition to be introduced at trial.

**N.     CORRECTING AND SIGNING DEPOSITIONS**

1.     Unless waived by the deponent, the transcript of a deposition shall be submitted to the deponent for correction and signature and shall be corrected and signed within thirty (30) days after receiving the final transcript of the completed deposition.

2.     If no corrections are made during this time, the transcript will be presumed accurate.

**O.     FEDERAL RULES OF CIVIL PROCEDURE APPLICABLE**

1.     The Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply in all proceedings unless specifically modified herein.

2.     This Order and the Federal Rules of Civil Procedure and Federal Rules of Evidence shall apply to all depositions taken pursuant to this Order in the MDL Proceeding, including those taken of foreign witnesses or in foreign countries.

**Q.     COSTS AND EXPENSES**

1.     All parties are responsible for their own travel expenses in attending depositions.

2.     The noticing party shall bear the expense of stenographically recording a deposition.  The party requesting that a deposition be videotaped shall bear the expense of videotaping the deposition.

3.     Each party shall bear its own cost in securing copies of a deposition transcript, exhibits, and video recording.  Subject to the terms of the Confidentiality Order entered in these proceedings, any party in the MDL Proceeding may at its own expense obtain a copy of a deposition transcript, exhibits, and video recording by contacting the court reporter.

4.      Nothing in this Order shall preclude a party from seeking reimbursement for deposition-related expenses at the conclusion of the MDL Proceeding, if such reimbursement is otherwise authorized by law.

**DONE and ORDERED** in Chambers, West Palm Beach, Florida, this 11th day of November, 2020.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

***Plaintiffs' Lead Counsel***

Tracy A. Finken
ANAPOL WEISS
One Logan Square
130 North 18th Street, Suite 1600
Philadelphia, PA 19103
Telephone: 215.735.1130
Email: tfinken@anapolweiss.com

Robert C. Gilbert
KOPELOWITZ OSTROW FERGUSON WEISELBERG GILBERT
2800 Ponce de Leon Boulevard, Suite 1100
Coral Gables, FL 33134
Telephone: 305.384.7269
Email: gilbert@kolawayers.com

Michael L. McGlamry
POPE McGLAMRY, P.C.
3391 Peachtree Road NE, Suite 300
Atlanta, GA 30326
Telephone: 404.523.7706
Email: efile@pmkm.com

Adam Pulaski
PULASKI KHERKHER, PLLC
2925 Richmond Avenue, Suite 1725
Houston, TX 77098
Telephone: 713.664.4555
Email: adam@pulaskilawfirm.com

***Plaintiffs' Liaison Counsel***

Francisco Raul Maderal , Jr.
COLSON HICKS EIDSON
255 Alhambra Circle
Penthouse
Coral Gables, FL 33134
Telephone: 305.476.7400
Email: frank@colson.com

1

*Plaintiffs' Deposition Liaison Counsel*

Mikal Watts
Regina Carmony
WATTS GUERRA LLP
4 Dominion Dr.
Bld. 3, Suite 100
San Antonio, TX 78257
Telephone: 210.448.0500
Email: mwatts@wattsguerra.com
            rcarmony@wattsguerra.com


*Defendants' Lead Counsel*

Anand Agneshwar
ARNOLD & PORTER KAY SCHOLER LLP
250 West 55th Street
New York, NY 10019
Telephone: 212.836.8000
Email: anand.agneshwar@arnoldporter.com

Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, GA 30309
Telephone: 404.572.4600

March S. Cheffo
DECHERT LLP
1095 Avenue of the Americas
New York, NY 10036
Telephone: 212.698.3500
Email: mark.cheffo@dechert.com

Joseph G. Petrosinelli
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, NW
Washington, DC 20005
Telephone: 202.434.5000
Email: jpetrosinelli@wc.com

*Generic & Retailer Defendants' Liaison Counsel*

For the generic manufacturers:

Richard M. Barnes
GOODELL, DEVRIES, LEECH & DANN, LLP
One South Street, 20th Floor
Baltimore, MD 21202
Telephone: 410.783.4000
Email: rmb@gdkdlaw.com

Thomas J. Yoo
 HOLLAND & KNIGHT LLP
400 South Hope Street, 8th Floor
Los Angeles, CA 90071
Telephone: 213.896.2400
Email: Thomas.Yoo@hklaw.com


For the retailer defendants:

Sarah E. Johnson
BARNES & THORNBURG, LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067
Telephone: 310.284.3798
Email: sarah.johnston@btlaw.com

For the distributor defendants:

Andrew D. Kaplan
CROWELL & MORING LLP
1001 Pennsylvania Avenue NW
Washington, DC 20004
Telephone: 202.624.2699
Email: akaplan@crowell.com

# EXHIBIT 4

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION | Case No. 3:19-md-02913-WHO |
| | **[PROPOSED] CASE MANAGEMENT ORDER NO. 10-A (REGARDING DEPOSITION SCHEDULING, CUSTODIAL FILE PRODUCTION, AND TRANSCRIPTS FROM RELATED ACTIONS)** |
| This Document Relates to: | |
| *ALL ACTIONS* | HONORABLE WILLIAM H. ORRICK |

This Order, agreed to after a Discovery Conference with the Court on January 11, 2021 and negotiation of counsel, amends Case Management Order No. 10 (ECF No. 573) as follows:

1.      The parties agreed to amend CMO-10 to set forth a reciprocal protocol for deposition scheduling and custodial file timing requirements, establish a protocol for the production of transcripts from other proceedings, and establish e-mail addresses for discovery related communications to and from the PSC and Defendants and to and from Plaintiffs and Juul Labs, Inc. ("JLI").

## I.      DEPOSITION SCHEDULING PROTOCOL[1]

2.      The parties agree that ten (10) days after a party makes an "Initial Notification" that it would like to schedule a deposition (the "Requesting Party"), the party receiving that notification (the "Receiving Party") shall either:

---

[1] There is no deposition protocol for depositions of Plaintiffs. Plaintiffs will meet and confer with Defendants on an appropriate protocol (if any) setting forth, among other issues, the duration of any such depositions, but this amendment to CMO-10 is not intended to, and does not, provide such a protocol, if any, for depositions of Plaintiffs.

- 1 -

a.    provide the Requesting Party with proposed consecutive date(s)[2] for the witnesses' deposition; or;

b.    notify the Requesting Party that the Receiving Party cannot yet propose consecutive date(s)[3] for the requested deposition(s) and provide the basis for the Receiving Party's inability to provide such dates.

(the "Initial Response").

3.    Within three (3) days of receiving proposed deposition dates from the Receiving Party under paragraph 2 (a) above, the Requesting Party will confirm by e-mail acceptance of the proposed dates or ask for alternative dates.  If the Requesting Party accepts the proposed dates, the Requesting Party will issue a Deposition Notice.

## II.    PROTOCOL REGARDING CUSTODIAL FILE PRODUCTION

4.    The portions of the custodial file that a party is obligated to produce under CMO-10, paragraph 11, shall be produced at least thirty (30) days in advance of the first confirmed deposition date ("First Confirmed Date").[4]  All production obligations contemplated in CMO-10, paragraph 11, shall be construed to apply equally to any producing party, whether Plaintiff or Defendant.

5.    If a "First Confirmed Date" is subsequently rescheduled, the production of the custodial file shall not be delayed because of the rescheduling, unless the rescheduling occurs because of an issue concerning production of a custodial file. If there is an issue with the timely production of a custodial file under CMO-10, the Producing Party must upon learning of the issue promptly notify the Receiving Party, describe the issue, and provide a good-faith estimated date as to when the issue is expected to be resolved and its production will be substantially complete.

---

[2] *See* footnote 1 above.

[3] *See* footnote 1 above.

[4] If the deponent is not a custodian whom JLI and/or Altria previously agreed to include in their search parameters, the thirty (30) day custodial file production requirement shall not apply.  The parties are to meet and confer regarding the scope of production and timing of the schedule that permits reasonable time to collect, review, and produce the deponent's custodial file.

6.      If the "Initial Response" by the Producing Party is to notify the Receiving Party that there is no date pursuant to paragraph 2(b) above, the Producing Party shall have seven (7) additional days to either provide proposed dates for the deposition or a further update on the Production Party's efforts to provide dates for the deposition ("Second Response"). If no date is proposed by the Second Response deadline, then the Producing Party shall produce the custodial file on the earlier of the following dates: thirty (30) days from the Second Response date or thirty (30) days in advance of any deposition date subsequently agreed, whichever date is earlier.

7.      Ten (10) days after any Plaintiff or JLI[5] produces a custodial file, JLI or Plaintiff shall provide a privilege log that corresponds to the custodial file and complies with the requirements of CMO-4.[6] Any challenges to those privilege logs will be made within seven (7) days. JLI and Plaintiffs will meet and confer about any challenges within four (4) days. The Parties will make good faith and reasonable efforts to produce documents initially withheld in whole or in part on grounds of privilege that are downgraded in the privilege logging or meet and confer process within five (5) calendar days of serving the log or the conclusion of the meet and confer unless otherwise agreed upon by the parties.

### III.      PRODUCTION OF TRANSCRIPTS FROM OTHER PROCEEDINGS.

8.      Depositions of current or former employees of parties, expert witnesses and/or third-parties have been taken, and will continue to be taken, in Related Actions (as defined in CMO-9).

---

[5] In order to minimize conflict, the PSC has agreed that this paragraph applies to JLI only but reserves the right to seek leave of court to expand its application to other Defendants.

[6] This requirement shall apply prospectively only to the files of deponents where (a) the deposition date is first confirmed after the date of this CMO 10-A, and (b) the custodial documents for the deponent are produced after the date of this CMO 10-A.

- 3 -

Within five (5) business days after any party receives the final transcript of any such deposition,[7] that party, shall produce the final deposition transcripts in .pdf and .txt format, the deposition video, and all of the exhibits in the respective document repositories or through other means as may be agreed upon among the parties.[8]  This requirement is not intended to and shall not be construed as creating any obligation on any party to produce transcripts in violation of confidentiality requirements or limitations on disclosure as may be required by government or agency regulations, laws, or requirements.

## IV.    E-MAIL ADDRESS FOR DISCOVERY RELATED COMMUNICATIONS AND PRODUCTIONS TO THE PSC

9.      Defendants shall include the following E-mail address JuulMDLPlaintiffDiscovery@kellerrohrback.com on all communications related to the production of documents, discovery requests, notices, subpoenas, privilege logs, and deposition scheduling and discovery negotiations, excluding discovery in specific bellwether cases. Plaintiffs shall include the following E-mail address MDL2913_JLI_Discovery_Comms@kirkland.com on all communications related to JLI-related discovery, including: (i) discovery requests, (ii) the production of documents and/or service of privilege logs, (iii) deposition scheduling, notices, subpoenas, and scheduling, and (iv) discovery negotiations.

10.      All other provisions in CMO-10 remain in full force and effect.

---

[7] All Transcripts produced to other parties in this litigation are deemed Highly Confidential under the January 19, 2020 Amended Protective Order (Dkt. 1282), or, if so designated, Highly Confidential - Outside Counsel Only.

[8] If a party is required by court order or agreement in a Related Action to provide a notice period to a party or third party in that action before that party's or third party's confidential material can be disclosed, the five-business day timeframe referenced herein does not begin to run until the notice period in the Related Action has expired and the party has met all required notice obligations. If the production of a deposition transcript is delayed by court order or agreement as contemplated by this footnote, the producing party shall notify the other party of the delay and shall identify the witness by name and title within five-business days of the completion of the deposition.

1    **IT IS SO ORDERED.**

2          Date: February 8, 2021

3

4                                            HONORABLE WILLIAM H. ORRICK
                                             United States District Judge
5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

- 5 -

# EXHIBIT 5

| | |
|---|---|
| 1 | Elizabeth J. Cabraser (SBN 083151)<br>ecabraser@lchb.com |
| 2 | LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP |
| 3 | 275 Battery Street, 29th Floor<br>San Francisco, CA 94111 |
| 4 | Telephone: 415.956.1000<br>Facsimile: 415.956.1008 |
| 5 | *Plaintiffs' Lead Counsel* |

Josh A. Cohen (SBN 217853)
jcohen@clarencedyer.com
CLARENCE DYER & COHEN, LLP
899 Ellis Street
San Francisco, CA 94109
Telephone: 415.749.1800
Facsimile: 415.749.1694

*Counsel for McKinsey Defendants*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: MCKINSEY & CO., INC.<br>NATIONAL PRESCRIPTION OPIATE<br>CONSULTANT LITIGATION | Case No. 21-md-02996-CRB (SK) |
| | ~~[PROPOSED]~~ PRETRIAL ORDER NO. 8:<br>STIPULATED DEPOSITION PROTOCOL |
| This Order Relates to: | Judge: The Honorable Charles R. Breyer |
| ALL NAS ACTIONS;<br>ALL THIRD PARTY PAYOR ACTIONS;<br>ALL TRIBAL ACTIONS | |

Pursuant to Federal Rules of Civil Procedure 30 and 45, and the Local Rules of this Court, Plaintiffs and McKinsey Defendants[1] (each a "Party" and, collectively, the "Parties") jointly stipulate to the following protocol for conducting depositions in all cases currently pending in MDL No. 2996 and to all related cases that have been or will be transferred or removed to, or directly filed in, this Court and assigned hereto (collectively, the "McKinsey Opioid MDL").

---

[1] McKinsey Defendants (collectively, "McKinsey") in this action are: McKinsey & Company, Inc.; McKinsey & Company, Inc. United States; McKinsey & Company, Inc. Washington D.C.; and McKinsey Holdings, Inc.

2766018.2

1    **I.**      **GENERAL PROVISIONS**

2          **A.**    **Scope.**

3          This Deposition Protocol shall apply to all depositions in the McKinsey Opioid MDL,

4    including witnesses who are current or former employees of McKinsey, designees pursuant to

5    Federal Rule of Civil Procedure 30(b)(6), Plaintiffs, and all generally applicable non-party or

6    third-party witnesses.

7          **B.**    **Cooperation.**

8          The Parties and their counsel acknowledge their duty to work together cooperatively in

9    both scheduling and conducting depositions.

10         **C.**    **Disputes.**

11         Disputes arising prior to and/or during the depositions that cannot be resolved by

12    agreement shall be presented to Magistrate Judge Sallie Kim. If a dispute arises during a

13    deposition and Judge Kim is not available during the deposition, the deposition shall continue

14    with full reservation of rights by all Parties for a ruling at the earliest possible time. Nothing in

15    this Deposition Protocol shall preclude any Party from seeking relief with Judge Kim

16    subsequent to the deposition, including through the filing of an appropriate motion.

17    **II.**    **SCHEDULING, NOTICING, AND LOGISTICS**

18         **A.**    **Content of Notice.**  Each deposition notice and subpoena shall comply with

19    Federal Rule of Civil Procedure 30(b) and include the name, address, and telephone number of

20    an attorney point of contact designated by the Party noticing the deposition (the "Deposition

21    Liaison Counsel") as well as the date, time, and place of the deposition, including whether the

22    deposition will proceed in person orremotely. The Deposition Liaison Counsel will be

23    responsible for all logistical issues and communications related to the noticed deposition. For

24    depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include

25    all related topics in a single notice.

26

27

28

[PROPOSED] PRETRIAL ORDER NO. 8:
STIPULATED DEPOSITION PROTOCOL

2766018.2

**B.** **Service of Counsel Copies.** Deposition notices and subpoenas shall be served by email on Plaintiffs' Lead Counsel and McKinsey's counsel.

**C.** **Date and Location.**

1. The Parties will reasonably cooperate regarding the date and location for depositions and agree upon deposition locations for fact witnesses. To the extent reasonably possible, depositions of witnesses located in the United States will take place in the deponent's home district, or upon agreement in another district convenient to the deponent. For purposes of this provision, the location of a Rule 30(b)(6) deposition will be determined by the location of the individual designated to testify on behalf of the organization.

2. The Federal Rules of Civil Procedure, the Local Rules of this Court, and all Orders of this Court will apply to the conduct of any deposition occurring in a foreign location. Depositions of witnesses who are located outside of the United States shall occur, by agreement, in a location at which depositions may occur consistent with the Federal Rules of Civil Procedure and in a location that is convenient to the deponent. To the extent that the laws of the foreign location prohibit the application of the Federal Rules of Civil Procedure, the Local Rules of this Court, or any Order of this Court, or substantially interfere with the ability to take a deposition in that location, the Parties shall meet and confer, and hold the deposition in an alternate, convenient location that allows for their application.

3. Remote depositions. Upon agreement of the Parties and counsel for the witness, a deposition may be held remotely using a secure Zoom connection or a similar audio/video conferencing technology platform. In the event that a deposition proceeds remotely ("Videoconference Deposition"), the following shall also apply:

a. If the witness's counsel or any Party's counsel is physically located in the room or facility where the witness is located, then the noticing counsel has the right to be physically located in the room or facility where the witness is located.

b. Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Rule 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an

- 3 -

1    officer appointed or designated under Rule 28," and (2) that officer must administer the oath or

2    affirmation to the deponent. Fed. R. Civ. P. 30(b)(5). A Videoconference Deposition taken

3    pursuant to this Order will be deemed to have been taken before an appropriate officer despite

4    the court reporter not being in the same physical location as the witness—as long as the court

5    reporter attends the deposition by the same remote means as the other participants and is able to

6    hear and communicate with other attendees. To the extent permitted by the law of the state in

7    which the witness is located, the witness may be sworn in remotely with the same effect as an

8    oath administered in person.

9            c.      The deposition notice for any Videoconference Deposition

10   pursuant to Rule 30 must list the location(s) (city and state) from where the witness will attend,

11   which information the witness's counsel must provide upon request of the noticing party.

12           d.      All deposition notices must identify the company that will host

13   and record the remote deposition (the "Remote Deposition Vendor") and contain a general

14   description of how those attending may access the remote connection being utilized (*e.g.*,

15   Zoom, GoToMeeting, WebEx). The party noticing the deposition must provide the witness and

16   all other attendees with detailed instructions regarding how to participate in the

17   Videoconference Deposition at least three (3) business days before the deposition.

18           e.      At the time of the deposition, the witness must advise the court

19   reporter of their physical location. The witness should endeavor to participate in the deposition

20   from a quiet, well-lit, indoor location, while seated in front of a neutral background and facing

21   the camera being used to record the witness. To avoid any potential disruptions of a

22   Videoconference Deposition, those attending must enable "do not disturb" settings for

23   applications not in use, including but not limited to, Skype, instant messaging, and/or e-mail

24   notifications. The Court recognizes that the microphones for certain attendees (such as the

25   witness, the court reporter, the attorney taking the deposition, and the attorney defending the

26   deposition) must remain on when the deposition is on the record. Other attendees should mute

27   microphones when not speaking. The Remote Deposition Technology must be able to show in

28

1    real-time a list of all persons attending the Videoconference Deposition. The attorneys

2    participating in the examination may be visible to all other participants during the deposition.

3              f.    Counsel and/or the interpreter shall be on camera and shall ensure

4    no audio disruption if there are multiple remote attendees in a single location.

5              g.    During live testimony on the record, no one, including attorneys,

6    shall communicate in any manner with the deponent in any way that cannot be heard or seen by

7    all Participants to the deposition. This includes silent signals and private messages of any kind,

8    including, but not limited to, instant messages or text messages conveyed through phones, smart

9    watches, or similar devices. Such prohibition shall not affect the right of the deponent and their

10   lawyer(s) to communicate in private off the record to the extent otherwise permitted under

11   Federal Rule of Civil Procedure 30(c)(1).

12             h.    During the deposition, full and complete copies of deposition

13   exhibits must be provided to the witness and counsel who are attending the deposition.

14   Deposition exhibits may be made available in physical (hardcopy) form or via the Remote

15   Deposition Technology, file sharing software, or other electronic means. A witness may be

16   required to use a keyboard, mouse, or other similar means to open and/or advance the pages of

17   an exhibit. Access to a full copy of the deposition exhibit electronically via iPad, tablet, laptop,

18   or other device, will be deemed to equate to hardcopy access. The fact that a witness was

19   provided with an electronic copy of an exhibit will be an insufficient basis, by itself, to object to

20   the admissibility of that exhibit at trial. During the deposition, the Remote Deposition

21   Technology must allow: (1) the witness to privately access any part of the exhibit; (2) counsel

22   to display and annotate exhibits for the witness; (3) counsel to add and remove exhibits; and (4)

23   counsel to change the order in which the exhibits are presented to the witness.

24             i.    Any pauses, lags, and/or disruptions in technology, including but

25   not limited to interruptions in Internet connectivity, will not result in waiver of objections by

26   any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should:

27   (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag,

28   and/or disruption, provided that the additional time is less than an hour; or (2) consider

- 5 -

rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

**D.      Adequacy of Notice.**  Absent agreement of the Parties or Order of the Court, fact witness depositions other than Rule 30(b)(6) depositions shall be noticed at least thirty (30) days in advance of the noticed deposition date. The Parties anticipate that more time may be required to adequately prepare Rule 30(b)(6) corporate representatives, and therefore the Parties agree to cooperate regarding the scheduling of Rule 30(b)(6) depositions once the requested topics for the depositions have been provided.

**E.      Custodial Files.**  With respect to agreed-upon document custodians, the Parties intend for the witnesses' custodial files to be produced sufficiently in advance of the noticed deposition date to permit adequate time to review such documents before the deposition. If Plaintiffs notify Defendants of an intent to depose a witness for whom their custodial file has not yet been produced, the Parties will meet and confer over timing of the production of the custodial file in relation to the noticed deposition date.

**F.      Change of Date or Time.**  Once a deposition has been mutually scheduled, it shall not be taken off calendar, postponed, rescheduled, or relocated less than one week in advance of the date it is scheduled to occur, except upon agreement of the counsel responsible for scheduling as set forth above, or by other relief obtained from the Court.

**III.      CONDUCT OF DEPOSITIONS**

1.      Attendance.  Unless otherwise agreed to by the Parties, depositions may be attended only by the Parties, the Parties' counsel, the deponent, the deponent's attorney, in-house counsel for the Parties, experts, court reporters, videographers, interpreters, translators, assistants invited by counsel to assist, and any person (including experts) who is assisting in the litigation and whose presence is reasonably required by the aforementioned counsel of record. Unnecessary attendance in person or by telephone by non-examining counsel is discouraged and may not be compensated in any common benefit fee application to the Court without good cause shown or if the attendance was approved by Plaintiffs' Lead Counsel. Any such request must be

1  submitted to Plaintiffs' Lead Counsel, or their designee, by email at least five (5) days prior to

2  the deposition.

3         2.    <u>Notice of Attendees</u>.  For there to be adequate deposition space and to

4  notify building security, counsel intending to attend a deposition noticed in the MDL should

5  advise all Parties, including counsel for the noticing party, of the number of people anticipated to

6  attend in person at least five (5) business days prior to the deposition.

7         3.    <u>Number of Examiners</u>.  Plaintiffs, collectively, and Defendants,

8  collectively, may designate two examiners of each deponent. In the event of two examiners, the

9  first and second examiners must coordinate in advance of the deposition to avoid duplicative

10  areas of inquiry, repetition, and inefficiencies. The first examiner must conclude their

11  examination before the second examiner may begin their examination.

12         4.    <u>Sequence of Examinations Generally</u>.  The Parties agree to be reasonably

13  guided by the principle that the party that first issued the deposition notice or subpoena will

14  proceed first, followed by the subsequent noticing party. If the Parties cannot reach agreement

15  regarding the sequence of examination, they must submit their dispute to the Court for a

16  determination on the sequence of examination.

17  **IV.**    <u>**CORRECTING AND SIGNING DEPOSITIONS**</u>

18         1.    Upon completion of the transcription of a deposition, the original

19  transcript shall be sent to counsel for the witness by the court reporter. Counsel shall promptly

20  forward it to the witness for review, correction, and signature under penalty of perjury. Within

21  thirty (30) days of receiving the transcript from the court reporter, the witness's counsel shall

22  then forward the original transcript plus corrections to the court reporter, who will promptly

23  notify all counsel of its receipt and any changes to testimony made by the witness. If no

24  corrections are made during this time, the transcript will be deemed to be accurate.

25         2.    If the witness is not represented by counsel, the original transcript will be

26  sent to the witness by the court reporter. After review, correction, and signature within thirty

27  (30) days from the date of receipt, the witness shall return the original transcript to the court

28

[PROPOSED] PRETRIAL ORDER NO. 8:
STIPULATED DEPOSITION PROTOCOL

2766018.2

1  reporter, who will notify all counsel of its receipt and any changes to testimony made by the

2  witness. If no corrections are made during this time, the transcript will be deemed to be accurate.

3          3.      The court reporter will provide the original transcript to the first

4  examining attorney. If, for any reason, the original is lost, misplaced, not returned, not signed, or

5  unavailable, a certified copy may be used in its place for all purposes.

6  **V.     PRESERVATION OF RIGHTS AND DEFENSES**

7          Any Party's agreement to and appearance on this Stipulation does not constitute a

8  waiver of any defense or right not specifically addressed.

9          **IT IS SO STIPULATED.**

10  Dated: March 31, 2023            By: */s/Elizabeth J. Cabraser*

11                                   Elizabeth J. Cabraser
                                     ecabraser@lchb.com
12                                   LIEFF, CABRASER, HEIMANN &
                                       BERNSTEIN, LLP
13                                   275 Battery Street, 29th Floor
                                     San Francisco, CA 94111-3339
14                                   Telephone: (415) 956-1000
                                     Facsimile: (415) 956-1008
15

16                                   *Plaintiffs' Lead Counsel and on behalf of the
                                     Plaintiffs' Steering Committee*
17

18                                   By: */s/Josh A. Cohen*

19                                   Josh A. Cohen (SBN 217853)
                                     jcohen@clarencedyer.com
20                                   CLARENCE DYER & COHEN LLP
                                     899 Ellis Street
21                                   San Francisco, CA 94117
                                     Telephone: 415.749.1800
22

23                                   *Attorney for McKinsey Defendants*

24

25

26

27

28

- 8 -

[PROPOSED] PRETRIAL ORDER NO. 8:
STIPULATED DEPOSITION PROTOCOL

2766018.2

1    **[PROPOSED]** ORDER

2        Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

3

4    DATED:   April 3, 2023   
                                              
5                                         CHARLES R. BREYER
                                          United States District Judge
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2766018.2