RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S PROPOSED DEPOSITION AND EXPERT DISCOVERY PROTOCOLS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

-ii-

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") submit this brief in support of their proposed deposition and expert discovery protocols as required by Pretrial Order ("PTO") No. 5. PTO 5 instructed the parties to meet and confer about a "pre-trial order regarding the timing of deposition discovery, a protocol for depositions, and expert discovery." PTO 5 ¶ 6(E). The parties have submitted a joint proposal with respect to a protocol for expert discovery (*see* Ex. A), but they have not been able to agree on a few discrete provisions within the protocol for depositions.[1] Defendants have attached their proposed deposition protocol as Exhibit B to this motion.

Although the parties have been able to agree on many key provisions regarding depositions, there remain three issues for the Court's consideration:

(1) Whether the Court should include a deposition limit and whether Plaintiffs should be limited in the number and length of depositions of Uber witnesses—Defendants believe a limit should be in place and Plaintiffs should be limited to 25 depositions of Uber witnesses, each lasting a duration of 7 hours in 1 day (*see* Fed. R. Civ. P. 30(d)(1) (limiting depositions to "1 day of 7 hours")). Plaintiffs do not want the Court to enter a limit at this time, or alternatively, they request the ability to take as many as **100 depositions** of Uber witnesses—excluding an **unlimited** number of 30(b)(6) witnesses—and suggest that they should be able to depose each of these Uber witnesses for **up to 14 hours**.

(2) Whether the deposition protocol should include a provision to authenticate documents—Plaintiffs propose that a failure to object to a document on authenticity grounds at a deposition should render that document automatically authentic for purposes of trial. Defendants think that this provision is misplaced in a deposition protocol and that authenticity objections should be heard closer to trial; and

---

[1] For the Court's convenience, Defendants have created a chart, attached as Exhibit C, which highlights the differences between Plaintiffs' and Defendants' proposed deposition protocols.

-1-

MEMORANDUM IN SUPPORT OF DEFENDANTS'
PROPOSED DEPOSITION AND EXPERT DISCOVERY PROTOCOLS    Case No. 3:23-md-3084-CRB

(3) Whether the Court should use this deposition protocol to enter additional privilege logging provisions when the Court is already considering the privilege logging protocols that the parties submitted earlier in the case.

## II.   ARGUMENT

### A.   Plaintiffs Should Be Limited to 25 Depositions of Uber Defendants.

Plaintiffs propose that the Court not even engage in a discussion that should be the central tenet of a deposition protocol – the number of depositions to be taken in the litigation. Deposition protocols in MDLs routinely set deposition caps. *See e.g.,* Deposition Protocol Order ¶ 21, *In re Google Play Store Antitrust Litig.*, No. 3:21-md-02981-JD (N.D. Cal. Dec. 20, 2021), ECF No. 171; Stipulation and Order re Deposition Protocol ¶ III(A), *In re Hard Disk Drive Suspension Assemblies Antitrust Litig.*, No. 3:19-md-02918-MMC (N.D. Cal. Nov. 6, 2020), ECF 287. Instead, Plaintiffs request that the Court not set a cap on the number of depositions of Uber witnesses "at this time," and "revisit the issue in due time." This level of vagueness and uncertainty will only lead to confusion, added unnecessary expense, and the potential for an unlimited number of depositions, which can all be avoided by setting a deposition cap at this juncture. Setting a deposition limit will greatly aid the parties as they negotiate document custodians, develop witness lists, and set a reasonable and manageable deposition schedule. Without the aid of a deposition cap, the parties will be without key limiting principles to aid them as they set future events and deadlines throughout the case.

Assuming the Court sets a deposition cap, the parties dispute the number of depositions Plaintiffs should be allowed to take in this case. Uber proposes that Plaintiffs should be limited to taking 25 depositions of Uber witnesses, including 30(b)(6) depositions. Other MDL courts, in cases equally as complex as this one, have ordered a similar number of depositions that Uber proposes here. *See, e.g.*, *Google Play Store*, ECF No. 171 ¶ 21 ("Absent good cause, the Plaintiffs shall be limited to a total of thirty-five (35) depositions of the current and former employees of Google. Absent good cause, Google shall be limited to a total of thirty-five (35) depositions of the Plaintiffs, except no more than twenty (20) of these depositions may be of the current and former employees of [plaintiff] Epic."); *Hard Drive Suspension Assemblies*, ECF 287 ¶ III(A)

(ordering that plaintiffs may take a total of 33 depositions from three different defendant groups, and defendants may collectively take one deposition of each plaintiff in one of two plaintiffs groups and up to 8 depositions of plaintiffs in a third plaintiffs group).

Plaintiffs' proposed protocol provides that they may take up to 100 fact depositions, excluding (an apparently unlimited number of) 30(b)(6) depositions of Uber. The taking of this many depositions would amount to a tremendous expense and burden for the parties. Moreover, the parties should strive towards efficiency and cost-consciousness, and avoid any effort to drive up legal fees and the number of needless depositions. The needs of the case do not warrant such an exorbitant number of depositions. Twenty-Five is sufficient to cover the subjects at issue, including Uber's safety practices and technologies, Uber's processes for handling passenger complaints, the nature of driver background checks, and Uber's Safety Reports. Although depositions have not begun in the JCCP case, there, the Plaintiffs have coalesced around 24-30 key document custodians, which suggests a similar number of depositions will occur in that matter.

The depositions in this case should also follow the duration limits outlined in Federal Rule of Civil Procedure 26, which limits depositions to "1 day of 7 hours". Fed. R. Civ. P. 30(d)(1). Here, Plaintiffs seek to schedule two days for each and every deposition, and, where a deposition is cross-noticed with the JCCP, Plaintiffs seek *14 hours* of deposition testimony. Plaintiffs have not established any basis for such an extraordinary time commitment for each deposition, effectively doubling the presumptive time limit codified in the Federal Rules of Civil Procedure. The needs of the case do not warrant anything other than the depositions lasting 1 day of 7 hours.[2]

B. <u>The Court Should Not Determine Document Authenticity in a Deposition Protocol.</u>

The parties dispute the timing of when documents used in a deposition must be authenticated before trial. Uber believes that disputes regarding the authenticity of documents to be used at trial should be the subject of pretrial motions closer to trial, not during deposition discovery. Plaintiffs' proposal would have the parties object to the authenticity of documents within 30 days of a deposition in which the document was used, or ***waive any right*** to object to a

---

[2] The time spent examining a witness by the party defending a deposition will not count against the 7 hour limit.

-3-

document's authenticity at trial.  This is entirely premature.  Issues of authenticity are not relevant to the litigation until much later in the case and are better suited for resolution at that point. *See* Order at 3, *In re Broiler Chicken Antitrust Litig.*, No. 1:16-cv-08637 (N.D. Ill. Aug. 28, 2018), ECF No. 1155 ("Legitimate disputes concerning the authenticity and admissibility of particular documents . . . can be resolved later in the case when the parties and the Court have a greater appreciation and understanding of the documents that actually matter, and after the parties have had a chance to address those matters in context.").

Plaintiffs' proposal would prove both costly and inefficient.  The universe of deposition exhibits will be larger than the universe of documents offered as trial exhibits, resulting in the ripening of authenticity issues for documents that would otherwise not have been at issue absent Plaintiffs' proposal.  Plaintiffs' proposal incentivizes the Parties to over-object to preserve their rights, precipitating rolling and protracted discovery disputes.  When these disputes inevitably arise, the Parties will devote time and resources to the wasteful pretrial activity of resolving authenticity issues for every deposition exhibit at issue, regardless of whether that exhibit will be offered at trial, instead of devoting time and resources to preparing for the disposition of this action.  The potential for high costs and further inefficiency will only be made worse if the Parties have to engage in motions practice and seek resolution from the Court on authenticity issues for documents that will never be offered as trial exhibits.  The interests of judicial economy are not served by asking the Court to resolve document-specific issues that will have no further bearing on this litigation.  Plaintiffs' proposal yields no obvious efficiencies.  Resolving issues of authenticity closer to trial, for *all* documents that may be offered as trial exhibits rather than those that simply serve as deposition exhibits, will discourage wasteful pretrial activities, avoid costly meet and confers and motions practice, and expedite the disposition of this action.

Accordingly, there is no need to include a provision on authenticating documents in a deposition protocol.

C.   The Court Need Not Enter an Additional Privilege Logging Provision in this Case

Plaintiffs attempt to include language in the deposition protocol about the production of a privilege log with respect to each deponent, but the global issue of the timing of privilege logging

-4-

is already being considered by the Court, based on the parties' previous submissions on the issue. *See* Dkt. Nos. 228, 229. Such an additional provision in this protocol will create confusion and overcomplicate the privilege logging review and production.

### III. CONCLUSION

Uber respectfully requests that the Court enter its proposed deposition and expert discovery protocols.

DATED: February 27, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
RANDALL S. LUSKEY
ROBERT ATKINS

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

MEMORANDUM IN SUPPORT OF DEFENDANTS'
PROPOSED DEPOSITION AND EXPERT DISCOVERY PROTOCOLS          Case No. 3:23-md-3084-CRB