# EXHIBIT B

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER NO. ___: DEPOSITION PROTOCOL** |

This Order shall govern the conduct of all depositions[1] in the following cases: (1) those actions transferred to this Court by the Judicial Panel on Multidistrict Litigation ("JPML") pursuant to its order entered on October 4, 2023, (2) any tag-along actions transferred to this Court by the JPML pursuant to Rules 7.1 and 7.2 of the Rules of Procedure of the Panel, after the filing of the final transfer order by the Clerk of the Court, and (3) all related actions originally filed in this Court or transferred or removed to this Court and assigned thereto as part of *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084 ("MDL 3084"). These cases will be referred to as the "MDL Proceedings."

---

[1] The Court anticipates entering a subsequent order addressing in more detail plaintiff-specific depositions, limitations on numbers and length of examinations of Plaintiffs and their health care providers, as well as any issues relating to identity of Plaintiff and disclosure of confidential documents to third parties.

-1-

**I.      General Provisions**

The Parties and their counsel acknowledge their duty to work together cooperatively in both scheduling and conducting depositions. Any Party's agreement to and appearance on this Stipulation does not constitute a waiver of any defense or right not specifically addressed.

**A.      Noticing Depositions**

1.      *Notice of Deposition Procedures*. All deposition notices shall comply with the requirements of Federal Rule of Civil Procedure 30(b) and include the name, address, and telephone number of an attorney point of contact designated by the Party noticing the deposition (the "Deposition Liaison Counsel") as well as the date, time, and place of the deposition, including whether the deposition will proceed in person or remotely. The Deposition Liaison Counsel will be responsible for all logistical issues and communications related to the noticed deposition. If a deposition is cross-noticed, the notice shall comply with the rules of the relevant jurisdiction. A party that cross-notices a deposition in one or more cases outside the MDL Proceedings is responsible for service of both the original notice and cross-notice on all parties entitled to receive such notice, both in this MDL and the other action(s). All depositions noticed or properly cross-noticed in this MDL are subject to this deposition protocol. Defendants shall include the following E-mail address _____ on all communications requesting deposition testimony and/or document production. Plaintiffs shall include the following E-mail address _____ on all communications requesting deposition testimony and/or document production.

2. *Third-Party Depositions*. All third-party subpoenas seeking deposition testimony shall comply with Federal Rule of Civil Procedure 45. A copy of this Protocol shall be attached to each third-party subpoena issued or served in the MDL Proceedings requesting deposition testimony. All third-party subpoenas requesting deposition testimony and/or document production shall be served as provided in Section I.A.1.

**B.      Scheduling and Production of Custodial Files**

Absent extraordinary circumstances, counsel for the noticing party should consult in advance ("Initial Notification") with counsel for the deponent to schedule depositions at mutually convenient times and locations.

The parties agree that ten (10) days after a party makes an "Initial Notification" that it would like to schedule a deposition (the "Requesting Party"), the party receiving that notification (the "Receiving Party") shall either:

1. Propose 2 dates for the witnesses' deposition; or;

2. Notify the Requesting Party that the Receiving Party cannot yet propose dates for the requested deposition(s) and provide the basis for the Receiving Party's inability to provide such dates.

Within three days of receiving proposed deposition dates from the Receiving Party under paragraph (1) above, the Requesting Party will confirm by e-mail acceptance of the proposed dates or ask for alternative dates. If the Requesting Party accepts the proposed dates, the Requesting Party will issue a Deposition Notice ("First Confirmed Date").

The portions of the custodial file that a party is obligated to produce shall be produced at least twenty-one (21) days in advance of the First Confirmed Date. If a First Confirmed Date is subsequently rescheduled, the production of the custodial file shall not be delayed because of the rescheduling, unless the rescheduling occurs because of an issue concerning production of a custodial file. If there is an issue with the timely production of a custodial file, the producing party must upon learning of the issue promptly notify the Receiving Party, describe the issue, and provide a good-faith estimated date as to when the issue is expected to be resolved and its production will be substantially complete.

If the initial response by the Receiving Party is to notify the Requesting Party that there is no date pursuant to paragraph (2) above, the Receiving Party shall have seven (7) additional days to either provide reasonable proposed dates for the deposition or a further update on the Receiving Party's efforts to provide dates for the deposition ("Second Response"). If no date is proposed by the Second Response deadline, then the Receiving Party shall produce the custodial file on the earlier of the following dates: twenty-one (21) days from the Second Response date or twenty-one (21) days in advance of any deposition date subsequently agreed, whichever date is earlier.

When counsel have agreed on mutually acceptable dates and location for a deposition, all parties shall be notified of the scheduled deposition pursuant to Section I.A.1. If the parties cannot

agree on a date, time, or location for the deposition after undertaking good faith efforts to reach agreement, the deposition may still be noticed, subject to appropriate motions to quash.

Once a deposition has been scheduled, except upon agreement of counsel for the noticing party and the deponent, or upon leave of the Court, it shall not be taken off calendar, postponed, or rescheduled fewer than three (3) calendar days in advance of the date upon which the deposition has been scheduled to occur.

### C.     Location for Depositions

Unless the parties agree otherwise, depositions of the Defendant(s) and their current or former officers and employees will take place within seventy-five (75) miles of the location where the deponent resides, is employed, or regularly transacts business in person, or, where agreed by both the noticing party and the deponent, at the offices of counsel for the parties, the federal courthouse in the witness's home federal jurisdiction, or the courthouse in the Northern District of California. Counsel will make reasonable efforts to obtain the agreement of former employees to appear at designated locations. Unless otherwise agreed, the deposition of an expert witness will take place in the expert witness's home federal jurisdiction or, where agreed, at the offices of counsel for the party who has retained the expert witness. Federal Rule of Civil Procedure 45(c) shall govern the location of third-party depositions.

### D.     Remote Depositions

Conducting in-person depositions is not always feasible. A noticing party may choose to conduct the deposition remotely (remote deposition), that is, in a manner that allows for the deponent, all other persons entitled to attend, and all other necessary persons (e.g., the officer/court reporter) to participate without attending the deposition in person. A remote deposition may be conducted by a video-conferencing platform, or by another means agreed to by the parties. A remote deposition shall be considered taken in the county and at the place where the deponent is located, or other reasonable location agreed to by the parties.

If a deposition proceeds remotely ("Videoconference Deposition"), the following shall also apply:

1    1.    If the witness's counsel or any Party's counsel is physically located in the room or facility where the witness is located, then the noticing counsel has the right to be physically located in the room or facility where the witness is located. This arrangement shall be disclosed to the requesting or noticing counsel as soon as practicable within fourteen (14) days of the initial request to deponent's counsel for a deposition and, if any event, no later than twenty-one (21) days in advance of the confirmed deposition as reflected in a formal deposition notice.

2.    Any Videoconference Deposition taken pursuant to this Court's Orders must comply with the requirements in Rule 30(b)(5). This includes the requirements that, (1) "[u]nless the parties stipulate otherwise, a deposition must be conducted before an officer appointed or designated under Rule 28," and (2) that officer must administer the oath or affirmation to the deponent. Fed. R. Civ. P. 30(b)(5). A Videoconference Deposition taken pursuant to this Order will be deemed to have been taken before an appropriate officer despite the court reporter not being in the same physical location as the witness—as long as the court reporter attends the deposition by the same remote means as the other participants and is able to hear and communicate with other attendees. To the extent permitted by the law of the state in which the witness is located, the witness may be sworn in remotely with the same effect as an oath administered in person.

3.    The deposition notice for any Videoconference Deposition pursuant to Rule 30 must list the location(s) (city and state) from where the witness will attend and which information the witness's counsel must provide upon request of the noticing party.

4.    All deposition notices must identify the company that will host and record the remote deposition (the "Remote Deposition Vendor") and contain a general description of how those attending may access the remote connection being utilized (e.g., Zoom, GoToMeeting, WebEx). The party noticing the deposition must provide the witness and all other attendees with detailed instructions regarding how to participate in the Videoconference Deposition at least three (3) business days before the deposition.

5.    At the time of the deposition, the witness must advise the court reporter of their physical location. The witness should endeavor to participate in the deposition from a quiet, well-lit, indoor location, while seated in front of a neutral background and facing the camera being used

1  to record the witness. To avoid any potential disruptions of a Videoconference Deposition, those
2  attending must enable "do not disturb" settings for applications not in use, including but not limited
3  to, Skype, instant messaging, and/or e-mail notifications. The Court recognizes that the
4  microphones for certain attendees (such as the witness, the court reporter, the attorney taking the
5  deposition, and the attorney defending the deposition) must remain on when the deposition is on
6  the record. Other attendees should mute microphones when not speaking. The Remote Deposition
7  Technology must be able to show in real-time a list of all persons attending the Videoconference
8  Deposition.

9        6.     Counsel and/or the interpreter shall be on camera and shall ensure no audio
10 disruption if there are multiple remote attendees in a single location.

11       7.     During live testimony on the record, no one, including attorneys, shall communicate
12 in any manner with the deponent in any way that cannot be heard or seen by all Participants to the
13 deposition. This includes silent signals and private messages of any kind, including, but not limited
14 to, instant messages or text messages conveyed through phones, smart watches, or similar devices.
15 Such prohibition shall not affect the right of the deponent and their lawyer(s) to communicate in
16 private off the record to the extent otherwise permitted under Federal Rule of Civil Procedure
17 30(c)(1).

18       8.     During the deposition, full and complete copies of deposition exhibits must be
19 provided to the witness and counsel who are attending the deposition. Deposition exhibits may be
20 made available in physical (hardcopy) form or via the Remote Deposition Technology, file sharing
21 software, or other electronic means. A witness may be required to use a keyboard, mouse, or other
22 similar means to open and/or advance the pages of an exhibit. Access to a full copy of the deposition
23 exhibit electronically via iPad, tablet, laptop, or other device, will be deemed to equate to hardcopy
24 access. During the deposition, the Remote Deposition Technology must allow: (1) the witness to
25 privately access any part of the exhibit; (2) counsel to display and annotate exhibits for the witness;
26 (3) counsel to add and remove exhibits; and (4) counsel to change the order in which the exhibits
27 are presented to the witness.
28

9. Any pauses, lags, and/or disruptions in technology, including but not limited to interruptions in Internet connectivity, will not result in waiver of objections by any party. If any pauses, lags, and/or disruptions are persistent or prolonged, the Parties should: (1) extend the remote deposition by an amount of time equal to the duration of the pause, lag, and/or disruption, provided that the additional time is less than an hour; or (2) consider rescheduling the remote deposition for a later date, if the additional time required is an hour or more.

E. **Attendance**

1. *Who May Be Present*. Unless otherwise ordered under Federal Rule of Civil Procedure 26(c) and subject to the terms of the Protective Order entered in the MDL Proceedings, only the following individuals may attend depositions: attorneys of record in the Uber MDL and the State Court JCCP Case;[2] attorneys specially engaged by a party for purposes of the deposition; parties or in-house attorneys of a party; court reporters; videographers; the deponent; and counsel for the deponent. An expert or non-testifying consultant for a party may attend if the party employing that expert or non-testifying consultant provides: (a) advance notice of their attendance, per section E.3; and (b) confirmation that the expert or consultant has signed attestations confirming adherence to all applicable protective orders. Any party that objects to the attendance of such expert or consultant may seek relief from the Court in advance of the deposition.

2. *Unnecessary Attendance*. Unnecessary attendance by counsel is discouraged. Counsel who have only marginal connection with a deposition or who expect their interests to be adequately represented by other counsel should not attend.

3. *Notice of Intent to Attend a Deposition*. In order for counsel to make arrangements for adequate deposition space, representatives for the Plaintiffs and Defendants shall share the number of expected attendees with each other no fewer than five (5) business days prior to the deposition, whenever feasible. Nothing in this section shall prevent a party or counsel hosting a deposition from requiring, for security purposes, the names of all attendees appearing at the

---

[2] In Re Uber Rideshare Cases, Case No. CJC-21-005188, Judicial Council Coordination Proceeding No. 5188.

deposition. If requested, this information must be provided at least two (2) business days in advance of the deposition.

4.   *Remote Attendance:* The noticing party shall provide a call-in number and any other information necessary to attend a deposition by phone or alternatively provide a zoom link and other information necessary to attend a deposition via remote video and audio means.

5.   *Identify Attendance on the Record:* Under no circumstances shall a person attend any part of a deposition in person, or by any remote means such as telephone, internet link-up, videoconference, or any other kind of remote-access communication, without being identified on the record.

**F.   Coordination of Depositions**

1.   *Coordination with State Court Proceedings*:  The parties to this MDL shall use their best efforts to communicate, cooperate, and coordinate with state court litigants in the pending Judicial Council Coordination Proceeding Case No. 5188, Case No. CJC-21-005188, assigned to the Honorable Ethan P. Schulman (hereafter the "JCCP Proceedings") to schedule and take depositions, including working on agreements for the cross-noticing of depositions that are common to the JCCP and MDL Proceedings. The Court recognizes that the state courts are independent jurisdictions; the parties in the MDL shall facilitate communication with counsel in the JCCP Proceedings to efficiently conduct discovery.[3] Absent good cause or court order, common witnesses should not be deposed separately in this MDL Proceeding and the JCCP case.

2.   *Limitation on Repeated Depositions.* Depositions taken in this MDL pursuant to this Order shall not be retaken in this MDL without a further Order of the Court upon good cause shown, e.g., incomplete custodial file initially produced, or an agreement of the parties. Counsel for any witness, and, in the case of former employees, for a party affiliated with that witness, shall use best efforts to minimize the necessity for the continued or further deposition of any witness by ensuring that deposing counsel have the complete production of information relevant to the witness sufficiently in advance of the deposition to permit proper and comprehensive examination of the

---

[3] The Court expects this issue will be subject to a separate agreement involving those parties.

witness on the dates scheduled. The Court may enter additional provisions regarding repeated depositions in subsequent Orders.

3. *Use of Depositions.* All depositions noticed in this MDL or appropriately cross-noticed pursuant to this Protocol are deemed noticed and taken in the MDL Proceedings, subject to appropriate evidentiary objections to the admission of deposition testimony or exhibits on summary judgment or at trial.

## II. Conduct of Depositions

### A. Examination

1. *Examiners:* Absent extraordinary circumstances, questioning related to the MDL deposition notice or cross-notice should be conducted by no more than two MDL Plaintiffs' attorneys for all Plaintiffs in the case of depositions noticed by Plaintiffs. Likewise, for depositions noticed by Defendants, questioning should be conducted by no more than two attorneys for the Defendants. Nothing in this protocol requires parties to waive their rights to question a witness. Counsel shall confer prior to the deposition concerning allocation of time to question a deponent. Counsel's failure to allocate time among themselves or to enforce that allocation of time among themselves during a deposition shall not constitute grounds to extend a deposition. Counsel should cooperate in the allocation of time to ensure efficiency for witnesses, and to comply with the time limits set by the Court.

2. *Sequence of Questioning.* The questioning of current or former employees of Defendant(s) will be conducted in the following presumptive sequence: (1) examination by the opposing part(ies), (2) questioning by other parties; (3) counsel for the witness and the witness's employer; (4) any reexamination by the counsel listed above. The questioning of a third party will be conducted in the following presumptive sequence: (1) examination by the noticing party, (2) questioning by other parties; (3) counsel for the witness and/or the witness's employer; (4) any reexamination by the counsel listed above. If a party contends that the presumptive examination sequence should not apply to a particular deposition, the affected parties shall, upon receipt of the notice, promptly meet and confer to try to resolve the matter; if the matter cannot be resolved by agreement of counsel, it shall be submitted to the Court so that the deposition can proceed without

delay. Counsel designated to conduct the examinations shall coordinate with each other to conduct as thorough and non-duplicative and non-repetitive an examination as is practicable and to ensure that the needs of all examining parties are reasonably accommodated. Sequencing of plaintiff-specific depositions, including depositions of health care providers, will be set by separate order.

3. *Production of Documents by Third-Party Witnesses.* If a third-party witness subpoenaed to produce documents does not provide documents within ten (10) calendar days before the date of a scheduled deposition, the noticing party shall have the right to reschedule the deposition to allow time for inspection of the documents before the examination commences.

4. *Copies*. Counsel conducting an examination should have at least five (5) copies of all exhibits utilized with the witness available for use by the witness (1 copy), the witness's counsel (1 copy), other counsel (2 copies), and the Court reporter (1 copy).

5. *Objections to Documents*. Objections to the relevance or admissibility of documents used as deposition exhibits are not waived and are preserved pending a later ruling by the Court or by the trial judge. All parties shall cooperate as necessary so that the Court may issue a ruling on any objection to a document prior to trial or prior to any remand of cases for trial in the transferor courts.

6. *Adherence to the Protective Order*. All parties shall adhere to all Protective Orders entered in this matter and shall take steps to ensure deponents adhere to Protective Orders as applicable. Nothing in this Protocol modifies the terms of any Protective Order entered by the Court in the MDL Proceedings.

**B.  Duration**

Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limit for depositions is seven (7) hours of direct examination by the Plaintiffs' attorneys (7 hours for the combined examination of MDL and JCCP Plaintiff attorneys) or by the Defendants' attorneys (7 hours for the combined examination of all Defendants' attorneys), in each case depending on whether a Plaintiff or Defendants noticed the deposition. The seven (7) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel. The noticing party shall be entitled to a minute-for-minute re-cross following any

examination conducted by the defending party and/or other opposing counsel. To the extent that the party defending the deposition and/or other opposing counsel conducts a further re-direct examination following the noticing party's re-cross, the noticing party shall be entitled to a minute-for-minute re-recross.

Plaintiffs may take up to twenty-five (25) witnesses including 30(b)(6) depositions of the Uber Defendants unless otherwise agreed to by the Parties or ordered by the Court. Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order.

It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants. The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues). For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice.

### C. Objections and Directions Not to Answer

1. *Objections:* Counsel shall comply with the Federal Rules of Civil Procedure and the local rules of the U.S. District Court for the Northern District of California. Any objection by a Defendant at a deposition shall be deemed to have been made on behalf of all other Defendants. Any objection by a Plaintiff shall be deemed to have been made on behalf of all other Plaintiffs. All objections, except those as to form and privilege, are reserved until trial or other use of the depositions.

Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed, and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness.

2. *Incorporate Privileged Materials Order:* The parties incorporate herein any Privileged Materials Order that is or will be entered in this action, as contemplated by the Stipulation and Order as Modified Regarding Letter Briefing on Production of Documents From Other Sexual Assault Cases Under PTO No. 5 and Extension of Time In Which to Submit Proposed Privilege Log Orders and Proposed Fact Sheet, Document 223 filed January 24, 2024.

### D. Disputes During Depositions

Disputes between the MDL parties shall be addressed to this Court rather than the District Court in the District in which the deposition is being conducted.

Disputes arising during depositions that cannot be resolved by agreement and that, if not immediately resolved, will significantly disrupt the discovery schedule, or require rescheduling of the deposition, or might result in the need to conduct a supplemental deposition, shall be presented to Magistrate Judge Cisneros or, if she is unavailable, to the Court by telephone at (---) --- ----.

In the event the Court and Magistrate Judge Cisneros are unavailable by telephone to resolve disputes arising during the deposition, the deposition shall nevertheless continue to be taken as to matters not in dispute. Nothing in this Order shall deny counsel the right to (1) suspend a deposition pursuant to Fed. R. Civ. P. 30(d)(3); (2) file an appropriate motion with Magistrate Judge Cisneros after the deposition, and appear personally before Magistrate Judge Cisneros, or (3) file a motion to prevent any decision or recommendation of Magistrate Judge Cisneros from taking effect as may be otherwise permitted.

### E. Video Depositions

By so indicating in its notice of a deposition, a party, at its expense, may record a deposition by videotape or digitally recorded video pursuant to Fed. R. Civ. P. 30(b)(3) subject to the following rules:

1. *Real-Time Feed*. All video depositions will be steno-graphically recorded by a court reporter with real-time feed capabilities.

2. *Video Operator*. The operator(s) of the video recording equipment shall be subject to the provisions of Fed. R. Civ. P. 28(c). At the commencement of the deposition, the operator(s) shall swear or affirm to record the proceedings fairly and accurately.

3. *Attendance*. Each witness, attorney, and other person attending the deposition shall be identified on the record at the commencement of the deposition. Under no circumstances may a person attend the deposition remotely in any manner without being identified, pursuant to section I.E. above.

4. *Standards*. Unless physically incapacitated, the deponent and examiner shall be seated at a table except when reviewing or presenting demonstrative materials for which a change in position is needed. To the extent practicable, the deposition will be videotaped against a solid background with only such lighting as is required for accurate video recording. Lighting, camera angle, lens setting, and field of view shall be nonobtrusive to the deponent and will be changed only as necessary to record accurately the natural body movements of the deponent. All parties may inspect the image to be recorded, including the framing of the witness as it will appear on camera. Exhibits or demonstrative aids used in the examination may be video recorded by separate video recording equipment at the expense of the party wishing to do so. Any demonstrative aids used in the examination will be marked as exhibits for future determination by the Court as to whether inclusion on screen is appropriate. Sound levels will be altered only as necessary to record satisfactorily the voices of counsel and the deponent.

5. *Filing*. The video operator(s) shall preserve custody of the original video medium (tape or DVD) in its original condition until further order of the Court.

6. *Interruptions*. No attorney or party shall direct instructions to the video operator as to the method of operating the equipment. The video camera operation will be suspended during the deposition only upon stipulation by counsel.

7. *Other Recording*. No one shall use any form of recording device to record the deposition during a deposition other than the designated videographer or court reporter. This shall include recording using any form of remote transmitting device, computer recording device, laptop, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones, Blackberries, or other PDAs. Any person who violates this provision shall be immediately identified and reported to the Court for the possible imposition of sanctions. Nothing in this provision prevents or limits the taking of notes by those identified on record.

8. *Stenographic Record*: A written transcript by the Court reporter shall constitute the official record of the deposition for purposes of Federal Rules of Civil Procedure 30(e) and 30(f).

**F.     Correction and Signing of Depositions**

Unless waived by the deponent, the transcript of a deposition shall be submitted to the

1  deponent for correction and signature within thirty calendar days after the end of the deposition.

2  The deposition may be signed by the deponent before any notary within thirty (30) calendar
3  days after the transcript is submitted to the deponent. If no corrections are made during this time,
4  the transcript will be presumed accurate. If the witness is not represented by counsel, the original
5  transcript will be sent to the witness by the court reporter. After review, correction, and signature
6  within thirty (30) days from the date of receipt, the witness shall return the original transcript to the
7  court reporter, who will notify all counsel of its receipt and any changes to testimony made by the
8  witness. If no corrections are made during this time, the transcript will be deemed to be accurate.
9  The court reporter will provide the original transcript to the first examining attorney. If, for any
10 reason, the original is lost, misplaced, not returned, not signed, or unavailable, a certified copy may
11 be used in its place for all purposes.

### G. Cost of Deposition

The noticing party shall bear the initial expense of both videotaping and stenographic recording. The parties shall pay for their own copies of transcripts and videotapes of depositions.

### III. Guidelines for Professional Conduct and Federal Rules of Civil Procedure Applicable

The parties incorporate herein the Guidelines for Professional Conduct, including those related to Discovery and Depositions, of the United States District Court, for the Northern District of California. Unless specifically modified herein, nothing in this order shall be construed to abrogate the Federal Rules of Civil Procedure or the Local Rules of this Court.

**IT IS SO ORDERED.**

Dated: _____, 2024

_____
Hon. Charles R. Breyer
United States District Court Judge

[PROPOSED] PRETRIAL ORDER NO. __:
DEPOSITION PROTOCOL                                         Case No. 3:23-md-03084-CRB