1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5
   ROBERT ATKINS (*Pro Hac Vice* admitted)
6      ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7      cgrusauskas@paulweiss.com
   ANDREA M. KELLER (*Pro Hac Vice* admitted)
8      akeller@paulweiss.com
   **PAUL, WEISS, RIFKIND, WHARTON**
9      **& GARRISON LLP**
   1285 Avenue of the Americas
10 New York, NY 10019
   Telephone: (212) 373-3000
11 Facsimile:  (212) 757-3990

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
13 RASIER, LLC, and RASIER-CA, LLC

14 *[Additional Counsel Listed on Following Page]*

15

**UNITED STATES DISTRICT COURT**

16

**NORTHERN DISTRICT OF CALIFORNIA**

17

**SAN FRANCISCO DIVISION**

18

19

| | |
|---|---|
| 20  IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

-ii-

1  KYLE N. SMITH (*Pro Hac Vice* admitted)
       ksmith@paulweiss.com
2  JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
       jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
4  2001 K Street, NW
   Washington DC, 20006
5  Telephone: (202) 223-7300
   Facsimile:  (202) 223-7420
6
   *Attorneys for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
8

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING EXHIBITS TO PLAINTIFFS' DECLARATION REGARDING SETTLEMENT AGREEMENTS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1), and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated February 26, 2024, ECF 291.

## I.     BACKGROUND AND REQUESTED SEALING

On February 22, 2024, the Court held a hearing on Uber's motion to modify Pretrial Order No. 5 in which the Court instructed the parties to file examples of past confidentiality agreements relevant to Uber's motion. *See* Feb. 22, 2024, Hearing Tr. at 45:11–14. The Court noted that these agreements may be filed under seal. *Id.* ("MAGISTRATE JUDGE CISNEROS: So just for clarity, if you all could file . . . [f]ile under seal, you know, one to five exemplars of these confidentiality provisions."); *see also* Minute Entry, 3:23-md-3084-CRB, ECF No. 283 (Feb. 22, 2024) ("The parties may file this material with motions to seal.").

Uber and Plaintiffs submitted examples of these agreements on February 26, 2024. *See generally* ECF 291–93. In connection with those submissions, Plaintiffs submitted Exhibits A and B, ECF 291-3 and ECF 291-4, to the Declaration of Sarah R. London. These documents fit within the material designated Confidential in the Protective Order. *See* ECF 176 at 2. Accordingly, Plaintiffs provisionally filed Exhibits A and B under seal. Exhibit A is a redacted version of a settlement agreement between Uber and an individual plaintiff that appears to have been fully finalized between the parties. *See* Declaration of Randall Luskey ("Luskey Decl.") ¶ 3. This settlement agreement was between Uber and an independent driver, not a rider who requested a trip via the Uber app. *See id.* ¶ 4. Exhibit B is an exemplar of a settlement agreement between Uber and an individual plaintiff that the parties appear to have used as part of their ongoing negotiations. *See id.* ¶ 5. As Plaintiffs' administrative motion explains regarding these two settlement agreements, "[t]he parties in those matters, including Uber, designated them as confidential." ECF 291 at 1.

Where a filing party moves to seal because a document has been designated as confidential by another party, the designating party must file a statement and/or declaration within seven days of the motion's filing providing a "specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal." Local Rule 79-5(c)(1); *see also id.* at 79-5(f)(3).

As discussed below, in accordance with the Court's direction, Uber seeks to seal the confidential settlement agreements Plaintiffs filed at Exhibit A and B. Both documents contain language indicating that they should remain confidential, and both agreements reveal confidential and commercially sensitive business information that could harm Uber's competitive standing if it were widely distributed. The disclosure of these documents would further infringe upon the privacy interests of both Uber and the non-parties implicated in the agreements.

## II.  APPLICABLE LEGAL STANDARD

When courts consider motions to seal records attached to non-dispositive motions like the current discovery dispute, they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a filing connected to a discovery motion that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; *see also Brown* v. *Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *cf. United States* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern

from the trial process than the discovery materials themselves." (citation omitted)).  Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts."  *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery.  *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . .").  It "gives the district court much flexibility in balancing and protecting the interests of private parties."  *Kamakana*, 447 F.3d at 1180.

### III.   REASONS FOR KEEPING REQUESTED MATERIAL UNDER SEAL

Exhibit A and B should be sealed under the good cause standard.  Uber has a legitimate interest in sealing in order to avoid harm to its competitive standing and to avoid infringement upon the parties' privacy interests with regards to both Exhibit A and B.  There are no less restrictive alternatives to sealing these documents.  Indeed, the Court recognized the need to keep material of this sort under seal when it invited the parties to submit their filings.  *See* Feb. 22, 2024, Hearing Tr. at 45:11–14; Minute Entry, 3:23-md-3084-CRB, ECF No. 283 (Feb. 22, 2024).

#### A.   The Balance of Private and Public Interests Warrant Sealing

Exhibit A and B are both settlement agreements involving Uber.  Luskey Decl. ¶¶ 3, 5. While the agreement in Exhibit B does not appear to have been fully finalized, "[t]he parties in [both] matters, including Uber, designated [the agreements] as confidential."  ECF 291 at 1.  This information clearly fits within the material the Protective Order designates as Confidential.  *See* ECF 176 at 2 ("Confidential" material includes "the personal information and any identifying information of any Non-Party," "any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract," and "business or commercial information").  Although the Protective Order does not, by itself, entitle a party to file materials under seal, *id.* at 1–2, the fact that Exhibit A and B fall within the definition of "Confidential" lends support to the propriety of the Court sealing that material now.

Further, sealing is all the more reasonable here, where the information at issue does not go to the merits of this multidistrict litigation. *See Kamakana*, 447 F.3d at 1180 ("The application of a strong presumption of access to sealed records, *not directly relevant to the merits of the case*, would eviscerate the 'broad power of the district court to fashion protective orders.'" (emphasis added) (citation omitted)). Indeed, the settlement agreement in Exhibit A was not even between Uber and a rider. *See* Luskey Decl. ¶ 4. Because Uber seeks to maintain the sealing of a filing connected to a discovery-related motion that is only tangentially related to this case's merits, the public interest in accessing the material is *de minimis*, and "the private interests of [the] litigants are 'the only weights on the scale.'" *Ctr. for Auto Safety*, 809 F.3d at 1097 (citation omitted); *cf.* Local Rule 79-5(c)(1)(i).

### B. Uber's Competitive Standing Will Be Injured and the Privacy Interests of Both Uber and the Non-Parties Implicated in the Agreements Will Be Infringed Upon if Sealing Is Denied

The public disclosure of Exhibit A and B would cause harm to both Uber and the non-parties that "designated [the documents] as confidential." ECF 291 at 1; *accord* Luskey Decl. ¶ 6. Disclosure of both Exhibit A and B would harm Uber's competitive standing by revealing non-public information about Uber's litigation practices and what it may be willing to stipulate to in a settlement agreement in a particular case. Competitors and potential litigants could use this information to Uber's detriment. Moreover, disclosure of the information in Exhibits A and B could cause significant and avoidable harm to the parties to those agreements by revealing sensitive information that the parties intended to keep private. Sealing is justified to avoid these harms under these circumstances. *Cf.* Local Rule 79-5(c)(1)(ii).

### C. A Less Restrictive Alternative to Sealing Is Not Sufficient

No less restrictive alternative to sealing Exhibit A and B is sufficient. *Cf.* Local Rule 79-5(c)(1)(iii). The material that Uber proposes sealing contains sensitive information that Uber's statement is intended to protect from public dissemination. *See* Luskey Decl. ¶ 6. As such, actions short of sealing would be insufficient to protect Uber's competitive standing and the privacy interests of the parties to the settlement agreements.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that Exhibit A and B be maintained under seal.

DATED: March 1, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
　　　RANDALL S. LUSKEY

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC