UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 23-md-03084-CRB (LJC)<br><br>**PRETRIAL ORDER NO. 8: DISCOVERY DISPUTE RESOLUTION PROCEDURES** |

Resolution of discovery disputes in this MDL has been referred to the undersigned magistrate judge. Pretrial Order (PTO) No. 5 set forth procedures for the parties to seek Court intervention and resolution of discovery disputes. ECF No. 175 at 6–7. Several discovery disputes have been filed with the Court since then. ECF Nos. 251, 259, 276. None have been presented to the Court in the form of a joint discovery letter as contemplated by PTO No. 5 and the undersigned's Standing Order. Going forward, any discovery dispute that is presented in a manner contrary to this Order may be stricken from the record.[1] To clarify and streamline discovery dispute resolution procedures, and ensure that disputes are promptly and equitably resolved, the Court sets forth the following:

1. A discovery dispute is defined as a refusal to fully produce requested discovery or an inability to agree on the parameters of the discovery sought or ordered, or the parameters of the parties' preservation obligations under PTO No. 2.[2] Unless both parties otherwise agree, the meet and confer process shall begin within three business days of a party making a request for the meet and confer conference.

---

[1] Because Plaintiffs' Status Report Re: Defendants' Compliance with PTO No. 2 (ECF No. 276) was filed prior to this Order, the Court will not strike it from the record. However, the Court will not address the substance of that Status Report unless and until the parties comply with the discovery dispute resolution procedures outlined in this Order.
[2] Spoliation motions, however, remain with the Presiding Judge.

2. Counsel for each party must meet and confer in person or by videoconference. A mere exchange of letters, emails, or telephone calls does not satisfy the meet and confer requirement.

3. If the parties remain at impasse after meeting and conferring, the party seeking discovery or requesting relief (the moving party) may, no earlier than three business days after the parties have concluded the meet and confer process, proffer via email to the opposing party its two-and-a-half-page portion of the joint letter. The opposing party shall then have three business days to provide its written response of no more than two-and-a-half pages. The parties shall then have one business day to provide any additional changes to their respective portions of the letter after which the joint submission shall be promptly filed. Absent other agreement, the parties shall exchange revised drafts with any additional changes to their respective portions of the letter by 3:00 p.m. Pacific Time and the filing is to be made by the party seeking the relief by 5:00 p.m. Pacific Time. The parties may agree to exchange interim drafts prior to finalizing their respective portions set forth above.

4. The joint letter shall not exceed five pages without leave of the Court. The contents of the letter need not include case management deadlines or other particulars set forth in the undersigned's Standing Order, Paragraph F.5 regarding discovery disputes. Joint letters must be filed in ECF under the Civil Events category of Motions and Related Filings > Motions: General > Discovery Letter Brief.

5. If the opposing party fails to participate in the requested meet and confer in good faith within the three-business-day time period specified in paragraph 1 above, the party seeking discovery may file an individual statement with the Court seeking the Court's assistance. The individual statement shall be supported by a declaration from the attorney who was responsible for attempting the meet and confer process, explaining the circumstances in which a joint letter was not possible.

6. The parties may submit exhibits with any joint discovery letter or individual statement. At minimum, to comply with Rule 37(a) of the Federal Rules of Civil Procedure, each joint discovery letter or individual statement shall be supported by a declaration from Plaintiffs' counsel and Defendants' counsel responsible for leading the meet and confer process, attesting that they have met and conferred, or that the moving party attempted to confer with the opposing party in an effort to obtain the sought-after discovery without court action.

**IT IS SO ORDERED.**

Dated: February 1, 2024

LISA J. CISNEROS
United States Magistrate Judge