1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5

6  ROBERT ATKINS (*Pro Hac Vice* admitted)
       ratkins@paulweiss.com
7  CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
       cgrusauskas@paulweiss.com
8  ANDREA M. KELLER (*Pro Hac Vice* admitted)
       akeller@paulweiss.com
9  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
10 1285 Avenue of the Americas
   New York, NY 10019
11 Telephone: (212) 373-3000
   Facsimile:  (212) 757-3990
12

13 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC., RASIER, LLC, and
14 RASIER-CA, LLC

15 *[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S RENEWED ADMINISTRATIVE MOTION TO SEAL THE SETTLEMENT AND RELEASE AGREEMENT AND QUOTED AGREEMENT LANGUAGE PRODUCED TO THE COURT PURSUANT TO THE FEBRUARY 29, 2024 ORDER** |
| This Document Relates to: <br><br> ALL ACTIONS | |
| | Judge:     Hon. Lisa J. Cisneros <br> Courtroom: G – 15th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Under Local Rules 7-11 and 79-5, and pursuant to the Court's Order (ECF No. 305) Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") hereby renew their motion for an order by the Court to seal only the following material: (1) June 18, 2021 Settlement and Release Agreement ("Settlement Agreement"); (2) language quoted from the Settlement Agreement within Defendants' Submission of Settlement Agreement and Protective Orders ("Submission"); and (3) Plaintiffs' Response to Defendants' Argument in Connection with filing of Settlement Agreements and Protective Orders ("Plaintiffs' Response) (ECF No. 298-3), and respectfully files herewith in support an explanatory Notice of Lodging of these materials with the Court. The Settlement Agreement and quoted language is provided to the Court on March 1, 2024 pursuant to the Court's February 29, 2024 Order (ECF No. 283). The Settlement Agreement; the Submission containing quoted language; and Plaintiffs' Response quoting language from confidential settlement agreements (filed at ECF No. 298-3) are attached as Exhibits 1-3, filed concurrently with this Administrative Motion.

When courts consider motions to seal records attached to non-dispositive motions like the current discovery dispute, they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)). "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It

"gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

Uber seeks to seal the exemplar Settlement and Release Agreement along with language quoting settlement agreements contained in the motion titled "Defendants Submission of Settlement Agreements and Proposed Orders" along with the language quoted in Plaintiffs' Response Motion (ECF No. 298-3). The "good cause" standard applies here as these Settlement Agreements, and language quoted therefrom, are only tangentially related to the merits of this case and are ordered for submission merely as exemplars. These agreements involve unrelated parties and evidence a clear intent by the settling parties for such agreements to remain confidential. Shortnacy Decl. ¶ 4. Additionally, California law places a large importance on the privacy and confidentiality of settlements. *See, e.g.*, Cal. Evid. Code § 1119 ("All communications, negotiations, or settlement discussions by and between participants in the course of a mediation or a mediation consultation should remain confidential.").

Uber files this Motion and all supporting papers in accordance with the Court's instruction at the February 22, 2024 hearing to permit redactions and allow filing materials with the Court under seal. In accordance with this Court's express instruction, the Settlement Agreements and any language quoted directly from such agreements should be filed under seal to protect the confidentiality of the parties. *See* Minute Entry, 3:23-md-3084-CRB, ECF No. 283 (Feb. 22, 2024) ("The parties may file this material with motions to seal.").

In compliance with this Court's February 29, 2024 Order [ECF No. 293], Uber does not seek to file under seal the four letters authored by non-party advocacy groups or the Protective Orders entered by other Courts in unrelated cases, which Uber is re-filing on the public docket in redacted format. *See* Tr. at 45:11–15 ("MAGISTRATE JUDGE CISNEROS: So just for clarity, if you all could file … File under seal, you know, one to five exemplars of these confidentiality provisions. And I would prefer to get the entire settlement agreement with the identifying information redacted.").

Assessment of the public and private interests implicated here further warrant sealing the Settlement Agreement and language quoted from the Settlement Agreement. Local Rule 79-5(c)(1)(i).

-3-

DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS
UNDER SEAL

Case No. 3:23-md-3084-CRB

1   Exhibit 2 includes a Settlement and Release Agreement between non-parties that contain
2   confidentiality provisions and are not otherwise available to the public. Language from this
3   confidential Settlement Agreement is quoted in the Motion captioned: "Defendants' Submission of
4   Settlement Agreements and Protective Orders." Additionally, Plaintiffs' quote from confidential
5   settlement agreements in their Administrative Motion (ECF No. 298-3). The Settlement Agreement
6   contains the personal information and identifying information of the non-parties.  Declaration of
7   Michael B. Shortnacy ("Shortnacy Decl.") ¶ 3. It also contains clear language evidencing an intent to
8   maintain the agreements as confidential between the parties. *Id.* ¶ 4. The public disclosure of this
9   Settlement Agreement from an unrelated case, containing the personal and identifying information
10  about the parties in that case, could cause significant and avoidable harm.  Evidence of these harms is
11  also set forth in detail in the advocacy letters which have been re-filed on the public record. *See* Local
12  Rule 79-5(c)(1)(ii).

13          That conclusion is consistent with, and thus further supported by, the protective order the
14  Parties spent weeks negotiating, and which the Court entered on December 28, 2023 (ECF No. 176).
15  The Protective Order permits a Designating Party to designate information as "Confidential" that the
16  party believes contains, among other things, "the personal information and any identifying information
17  of any Non-Party" and "any information regarding any Party or Non-Party not otherwise available to
18  the public that is protected from disclosure by law, regulation, or agreement." Protective Order, 3:23-
19  md-3084-CRB, ECF No. 176 ¶ 2.3 (Dec. 28, 2023). As described, the Exhibit 2 Settlement Agreement
20  inarguably falls within this category. Shortnacy Decl. ¶¶ 3, 5.

21          Conversely, there is no strong public interest in accessing the information contained in the
22  Settlement Agreement, much less one that outweighs the significant interests in sealing the record
23  discussed above. Records that are only "tangentially related to the merits of a case" are not subject to
24  a strong presumption of access. *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th
25  Cir. 2016). The Exhibit 2 Settlement Agreement does not pertain to the merits of this litigation. The
26  Settlement Agreement was produced at the direction of this Court related to a request to modify Pretrial
27  Order No. 5 regarding the scope of potential production of documents from unrelated cases. Minute
28

1  Entry, 3:23-md-3084-CRB (LJC), ECF No. 283 (Feb. 22, 2024). The public interest in learning about confidential dispute resolution agreements between non-parties in unrelated cases, filed now to aid the Court in resolving a discovery dispute, is thus limited. Such limited interest does not outweigh the significant countervailing interests in protecting non-party's confidential contracts that contain personal information and identifying information.

Finally, no less restrictive alternative to sealing the Exhibit 2 Settlement Agreement and quoted language is sufficient.  Local Rule 79-5(c)(1)(iii). Exhibits 1-3 materials to be sealed contain sensitive information which Uber's Motion is intended to protect from public dissemination. Shortnacy Decl. ¶ 5. As such, actions short of sealing these materials would be insufficient to protect the personal identifying information of the parties to the Settlement Agreement.

## **CONCLUSION**

For the foregoing reasons, Uber respectfully requests this Court grant the renewed administrative motion to seal the Settlement Agreement and language quoted from settlement agreements contained in Exhibits 1-3, pursuant to the instruction of the Court during the February 22, 2024 hearing, and the Court's February 29, 2024 Order.

DATED: March 1, 2024                          **SHOOK HARDY & BACON LLP**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON LLP**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Admitted Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON LLP**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211
KYLE N. SMITH (*Pro Hac Vice* admitted)

-5-

DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Case No. 3:23-md-3084-CRB

ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420


*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-6-
DEFENDANTS' RENEWED ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL

Case No. 3:23-md-3084-CRB