# EXHIBIT B

STATE OF MICHIGAN

WAYNE COUNTY CIRCUIT COURT

| | |
|---|---|
| JANE DOE<br><br>      Plaintiff<br><br>-vs-<br><br>UBER TECHNOLOGIES, INC. and<br>█████<br><br>      Defendants | Case No. █████<br><br>Hon. John H. Gillis, Jr. |



STIPULATED PROTECTIVE ORDER

Based upon the parties' stipulation and due to the belief that the discovery sought in this action may require production of certain confidential, proprietary, and/or sensitive information, which needs to be protected, it is ordered as follows:

5724708v.1

1.      This stipulation and order governs the handling of information defined in paragraph 2 hereof as "Confidential Discovery Material" that is produced in connection with this litigation.

2.      For purposes of this stipulation and order, confidential information (Confidential Information) shall include any documents concerning or containing confidential financial information, insurance, trade secrets, proprietary, or other confidential information requested in discovery. Such documents must be stamped "CONFIDENTIAL" by a party (Designating Party). After the entry of this Protective Order, the burden of marking with the legend "CONFIDENTIAL" shall fall on the Designating Party requesting that the document be treated as Confidential Discovery Material. Documents so marked are sometimes referred to in this order as "Protected Documents." The ability to designate materials as Confidential under this order is to be used judiciously and reasonably.

3.      The designation of material as Confidential reflects a good faith determination by counsel for the parties that the material falls within the definition of Confidential Information under this protective order.

4.      If a Protected Document is used or marked as an exhibit in a deposition, or if deposition testimony discloses confidential information, counsel for the deponent or the party with whom the deponent is affiliated, or counsel for any party to this Action shall inform the deposing counsel of the confidentiality of any such testimony or exhibit, either contemporaneously during the deposition or within thirty (30) days after receiving a copy of the deposition transcript. Each transcript so designated shall be treated as a Protected Document, and all such testimony so designated shall be treated as confidential information, except as otherwise agreed or ordered. For purposes of this Order, a deponent is "affiliated" with a party if he or she is a past or present officer, direct, shareholder, agent, employee, consultant, or representative of such party. All court reporters

used to take depositions in this case will be informed of this Order and will be required to sign an agreement to operate in a manner consistent with this order, which is attached as Exhibit 2.

5. The designation of confidential material shall be made by placing or affixing on each page of the material in a manner, which will not interfere with its legibility the word "Confidential," which word may be accompanied by information specifying the litigation in which the document was produced and indicating that the document is subject to this protective order. The designation of confidential material may be made prior to reproduction of any such material selected on behalf of a party for copying and before distribution of such reproduced material to that party. A party shall not be deemed to have waived any right to designate materials as confidential by allowing inspection of such material prior to a designation of such material as confidential or inadvertently failing to mark a document as confidential prior to disclosure of the same.

6. Confidential Information shall not be used, shown, disseminated, copied, or in any way communicated, orally or verbally, to anyone for any purpose whatsoever, other than as required for the preparation and trial of this action. Access to Confidential Information shall be limited to those persons designated below, and all persons given access to Confidential Information shall keep all Confidential Information and the material contained therein confidential from all other persons.

7. Confidential Information, and the information and contents thereof, may be disclosed only to the following persons (hereinafter referred to as Qualified Persons):

    a. Plaintiff;

    b. Defendants and their respective employees and agents;

      c.      Counsel of record for Defendants and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

      d.      Counsel of record for Plaintiff and direct employees of such counsel who are materially assisting in the preparation or trial of this action;

      e.      Experts and consultants retained by Plaintiff or Defendants whose assistance is necessary for trial preparation of this specific action, provided that no such disclosure shall be made to any person employed by or consulting for any competitor of any defendant;

      f.      Under seal to the Court and the Court's employees and staff;

      g.      Court reporters pursuant to Exhibit 2 of this agreement;

      h.      Any person mutually agreed upon among the parties.

8. In no event shall any disclosure of Protected Documents or materials be made to competitors of Defendant, or to any other person, corporation or entity who, upon reasonable and good faith inquiry could be determined to be employees of or consultants for a competitor of any defendant, irrespective of whether they are retained as an expert by counsel for Plaintiff.

9. Before being given access to any confidential information, each Qualified Person shall be provided by counsel with a copy of this protective order and shall sign a non-disclosure agreement in the form attached as Exhibit 1 hereto. The non-disclosure agreement will state that the person has read this order and agrees to be bound by its terms. All non-disclosure agreements will be maintained throughout this action by the attorneys obtaining them.

10. The parties recognize that, during the course of this action, there may be produced Confidential Information originating with a non-party to which there exists an obligation of confidentiality. Information originating with a non-party that a designating party reasonably and

in good faith believes is subject to a confidentiality obligation may be designated as Confidential Information and shall be subject to the restrictions on disclosure specified in this Protective Order.

11. If at any time a party realizes that previously undesignated documents or other material should be designated as Confidential Information, the party may so designate by advising all other parties in writing specifically identifying the information and furnishing the correct designation. The designated documents or material will thereafter be treated as Confidential Information pursuant to this Order. Upon receipt of such designation in writing, the parties and other Qualified Persons shall take reasonable and appropriate action to retrieve any disclosure, dissemination, or use of such information prior to re-designation.

12. Any copy of a Protected Document distributed to a Qualified Person shall be returned to counsel for the producing party at the completion of the Qualified Person's consultation or representation in this case. Such Qualified Person shall, upon the request of counsel for the producing party or the Court execute an affidavit stating that all such documents and copies of such documents have been returned as required.

13. Any party wishing to file any Confidential Information with the Court, including any portion of a court paper that discloses confidential information, shall file the documents separately "under seal" or as otherwise directed by the Court under applicable law, local rule or convention. When filing a motion, the filing party will cite to the Court the grounds for filing the Confidential Information under seal. The parties agree that any motion will be narrow in scope to ensure that the only information withheld from public inspection is information expressly authorized by law.

14. Except to the extent otherwise permitted by this Order, counsel shall keep all materials or information designated as confidential and subject to this Protective Order within their

exclusive possession and control and shall take all necessary and prudent measures to maintain the confidentiality of such materials or information and shall not permit dissemination of such materials to anyone.

15. Except to the extent otherwise permitted by this Order, each and every Qualified Person who has access to Confidential Information subject to this Protective Order shall take all due precautions to maintain the confidentiality of all such materials and shall prevent the unauthorized or inadvertent disclosure of the material. Counsel shall provide each Qualified Person a copy of this Protective Order.

16. Any Qualified Person having access to material or information designated as confidential under this Protective Order, to the extent copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, are created, shall treat any and all such copies, duplicates, extracts, summaries, notes, or descriptions of the materials or information of any portion thereof, as confidential and all provisions of this Protective Order shall apply equally to such materials so created, in the same manner and to the same extent as are materials designated as confidential by Defendant.

17. Inadvertent production or other disclosure of documents subject to work-product immunity, the attorney-client privilege or other legal privilege that protects information from discovery shall not constitute a waiver of the immunity, privilege, or other protection, provided that the producing party notifies the receiving party in writing as soon as it confirms such inadvertent production. Copies of such inadvertently produced privileged and/or protected document(s) shall be returned to the producing party or destroyed immediately upon notice of privilege. No use may be made of such documents subsequent to the request to return them. Nothing in this Protective Order shall limit the receiving party from requesting that the Court order

the production of any such inadvertently produced documents, except such request may not be based upon the argument of waiver of the privilege or right to withhold the documents.

18.     This Order shall survive the termination of this action. Within 30 days of the final disposition of this action, all Confidential Information under this Order and all copies thereof shall promptly be returned to the producing party or, with the permission of the producing party, be destroyed with written certification of destruction provided to the producing party within thirty (30) days. Outside counsel for each party may retain copies of pleadings filed in court, and of deposition and court transcripts or recordings.

19.     In the event that any non-party shall be called upon, by subpoena or otherwise, to provide or produce documents or information considered Confidential Information by such non-party, such non-party may elect to avail themselves of, and agree to be bound by, the terms and conditions of this Order by notifying counsel for all parties in writing. Upon service of notice, such non-party may designate documents and information as Confidential Information in the manner set forth in this Order, and such non-party's Confidential Information shall be treated in the same manner as the Confidential Information of a party to this action.

20.     After termination of this action by entry of a final judgment or order of dismissal, the provisions of this Order shall continue to be binding. This Protective Order is and shall be deemed to be an enforceable agreement between the parties (and their agents and attorneys, to the extent permissible by the applicable rules of professional conduct), and the terms of this Order may be enforced by specific performance in any court of competent jurisdiction.

21.     The Court retains discretion to deny confidential treatment to any documents or discovery material submitted in connection with any motion, application, proceeding or paper that may result in an order or decision by the Court.

22. To the extent that exhibit lists are filed in this cause of action, the parties shall, at the appropriate time, address the use and protection of such confidential documents at trial.

23. This Order shall be binding upon the parties hereto, upon their attorneys, and upon the parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this action each expressly stipulates to the personal jurisdiction of this Court for the purposes of any proceeding brought by a party to this action to enforce this Order.

24. Any party objecting to any designation of confidentiality or trade secret, or requesting further limits on disclosure (such as "attorney eyes only" in extraordinary circumstances), may at any time prior to the trial of this action serve upon counsel for interested parties a written notice stating with particularity the reasons for the objection or request. This Agreed Protective Order does not constitute a waiver of Defendants' right to redact documents produced in this action, nor does it constitute a waiver of Plaintiff's right to challenge any such redaction or designation as confidential.

25. Nothing in this Agreed Protective Order shall prevent any party from seeking further or additional protection, or removing protection, for Confidential Information.

If a party contends that any document has been erroneously designated "Confidential," it shall nevertheless treat the document as confidential unless and until it either (a) obtains the producing party's written permission to do otherwise, or (b) identifies the specific document and, upon a showing of some need or resulting prejudice, obtains an order of this Court stating that the

document is not confidential and shall not be given confidential treatment. Nothing in this Agreed Protective Order shall constitute a waiver of any party's right to object to the designation of a particular document as confidential.

26. The parties reserve the right to move the court for an order to set aside this protective order, in whole or in part, upon good cause shown.

Dated: 12/20/2019 ,        /s/ John H. Gillis, Jr.
                           John H. Gillis, Jr.
                           Circuit Court Judge

Agreed to by:



5724708v.1

## **EXHIBIT 1**

## **NON-DISCLOSURE AGREEMENT**

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of *Jane Doe v. Uber Technologies, Inc. and* ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ ▓▓▓▓hich is currently pending in the Circuit Court of Wayne County, Michigan. I further understand that Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. I further acknowledge that I am not presently a competitor or employed by a competitor of Plaintiff or Defendants, and will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with Plaintiff or Defendants. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the Circuit Court of Wayne County, Michigan for the purpose of its enforcement and the enforcement of my obligations under this non-disclosure agreement.

_____
Signed by Recipient

Dated: _____

**EXHIBIT 2**

**COURT REPORTER CERTIFICATION**

I, _____, understand that information and/or documents which are disclosed to me by counsel of record for _____, which are designated as "Confidential" are **CONFIDENTIAL** and to be used by me solely to assist in the matter of *Jane Doe v. Uber Technologies, Inc. and* ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇ ▇ which is currently pending in the Circuit Court of Wayne County, Michigan. I further understand that Protective Order entered by the Court, a copy of which has been given to me, prohibits me from either using such information or documents for any other purpose or disclosing such information or documents to any person other than counsel of record or persons assisting them. I further acknowledge that I am not presently a competitor or employed by a competitor of Plaintiff or Defendants, and will not use any Confidential document, transcript or information obtained from any Confidential document or transcript to compete with Plaintiff or Defendants. In accepting disclosure, I agree to be bound by the Protective Order and to be subject to the jurisdiction of the Circuit Court of Wayne County, Michigan for the purpose of its enforcement and the enforcement of my obligations under this Certification.

_____
Signed by Recipient

Dated: _____

5724708v.1