# EXHIBIT H



January 14, 2020

President Marybel Batjer and Commissioners
California Public Utilities Commission
505 Van Ness Avenue
San Francisco, California 94102

Dear President Batjer and Commissioners of the California Public Utilities Commission:

On behalf of the National Network to End Domestic Violence (NNEDV), an advocacy organization that represents 56 state and territorial domestic violence coalitions, their 2,000 member programs, and the millions of individuals and families across America affected by domestic and sexual violence, we are writing to express concerns about Section 2.4 of the *Administrative Law Judge's Ruling Ordering Uber Technologies, Inc. to File and Serve Its U.S. Safety Report for 2017-2018 and to Answer Questions Regarding Alleged Sexual Assault And Sexual Misconduct Incidents* issued by Judge Robert M. Mason III on December 19, 2019 (the "Safety Report Ruling"). As detailed below, we respectfully request that the Safety Report Ruling be modified to remove or rescind Section 2.4 of the ruling, so as not to require disclosure of victim information or information about sexual assaults.

Section 2.4 and its subparts of the Safety Report Ruling would require, for each incident of sexual assault and sexual misconduct that occurred in California in 2017, 2018, and 2019, that Uber:
- State the date, time, and place of each incident;
- Give a detailed description of the circumstances of each incident;
- Identify (i.e., provide the person's full name and contact information) each witness to each incident; and
- Identify (i.e., provide the person's full name, job title, contact information, and job responsibilities) each person to whom each incident was reported.

Section 2.4 would thus require a sweeping disclosure of the personal details of victims of sexual assault, who are generally the "witnesses" reporting the incidents, including their personally identifying information. It would share painful details about the assault, and other information (like time and place of the incident) that, even if the victims' names were withheld, could be identifying or endanger victims.

The [Safety Net Project](#) at NNEDV is a national expert on survivor confidentiality funded by the U.S. Department of Justice to provide training and consultation about victim confidentiality and privacy since 2004. From our extensive work we know that maintaining the confidentiality of victim information is essential to protect victim safety, prevent retraumatization, and encourage other victims to come forward with reports. The laudable efforts by CPUC to improve public safety would have the opposite effect if any victim information was released under Section 2.4.

**Safety and Privacy**
The release of information under Section 2.4 could jeopardize the safety and well-being of victims who have already suffered. For victims of domestic and sexual violence, privacy and confidentiality of their

personal information is more than just an expectation; it is a matter of personal safety and security. If a victim is known to have reported a sexual assault, the victim could be subjected to public humiliation, retaliation, rejection by family and friends, and stalking or threats by the perpetrator. As a result, most state laws have limits on the use of private victim information in the trial, court records, and media reporting. Victims have a right to expect that their private information will not become public fodder. Unfortunately, Section 2.4 proposes to undercut victim privacy and place victims in danger.

**Trauma and Autonomy**
Disclosing victim information without their consent further traumatizes individuals who have already had their control and bodily autonomy wrenched away from them. Victims may feel even more violated when their personally identifying information and details about assaults are made publicly available, or even shared beyond whomever first took their reports. Only they can choose to tell their stories or give informed consent for details to be shared. The experiences of survivors are theirs alone; they should be in control over their privacy and who knows their stories. Rideshare providers, transportation companies, and government regulators like CPUC have a responsibility to safeguard the privacy of victims of domestic violence, sexual assault, and stalking to the greatest extent possible. Taking away the control of victims' stories will cause further harm to the individuals the CPUC seeks to protect.

**Chilling Effect**
Releasing information under Section 2.4 would have a chilling effect on future sexual assault reports. Many victims will be unwilling to report to Uber if they fear their identities or details of their stories could be disclosed. If survivors are afraid to make reports, Uber cannot remove perpetrators from their platform and cannot take steps to protect their customers and drivers. This would likely allow perpetrators to continue to harm others. Surveys show victims avoid reporting to officials, such as law enforcement or campus officials, due to privacy concerns and that mandatory reporting policies can have a chilling effect. Even the perception of lack of privacy can prevent victims from reaching out for help. Victims also report that they should retain control of whether and to whom to report. If their information is now revealed to CPUC and, potentially, the public, this will cause other victims to think twice about making reports. The risk that victims would no longer feel safe reporting assaults to Uber is significant. If Section 2.4 is enforced, the chilling effect will compromise, rather than promote public safety.

We thank you for considering these comments. We encourage CPUC's careful attention to the unique concerns of survivors of domestic violence, sexual assault, and stalking as it considers whether to modify or rescind Section 2.4 of the Safety Report Ruling. Rideshare users and drivers will be in greater danger if victim information is shared without their consent. If you have any further questions, please contact NNEDV at advocacy@nnedv.org.

Sincerely,

*Deborah J. Vagins*

Deborah J. Vagins
CEO and President
National Network to End Domestic Violence

cc: Rulemaking 12-11-011 Service List