1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB   (LJC) |
| | **ORDER GRANTING IN PART, DEFERRING IN PART, AND DENYING IN PART PLAINTIFFS' MOTION TO ENFORCE PTO NO. 5 RELATED TO GOVERNMENT INVESTIGATION DOCUMENTS** |
| This Document Relates to: | |
| ALL ACTIONS | Re: ECF No. 259 |

Before the Court is Plaintiffs' Motion to Enforce Pretrial Order (PTO) No. 5 Related to Government Investigation Documents (Motion to Enforce).  ECF No. 259.  The Motion to Enforce concerns Plaintiffs' contention that Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's (collectively, Uber) have failed to produce documents and privilege logs previously produced to legislative, regulatory, or enforcement entities in connection with government investigations or inquiries of Uber within the United States with respect to sexual assault, including attempted assaults.  Uber opposes the motion, and the Court held a hearing on February 29, 2024.  ECF Nos. 287, 317.  Having read the papers filed by the parties and carefully considered their arguments and relevant authority, Plaintiffs' Motion to Enforce is **GRANTED IN PART**, **DEFERRED IN PART,** and **DENIED IN PART**.

Plaintiffs' Motion to Enforce is **GRANTED** as to the California Public Utilities Commission (CPUC) investigation.  By March 8, 2024, Uber must produce all documents, data, and materials produced to the CPUC relating to its inquiry into sexual assault and sexual misconduct.  The Court understands that Uber has nearly completed its production, but certain spreadsheets have not yet been produced.  Uber is ordered to complete production as to the CPUC investigation and provide a certification that the production is complete and accurate, pursuant to

1    Rule 26(g)(1) of the Federal Rules of Civil Procedure.

2          Uber has represented to the Court that it has completed production related to eight other

3    governmental inquiries and investigations.  ECF No. 266 at 7.[1]  Plaintiffs' Motion to Enforce is

4    **GRANTED** to the extent that Uber has not provided a certification of complete production as to

5    each of these eight inquiries and investigations pursuant to Rule 26(g)(1).

6          The Court **DEFERS** ruling on the matter of the production of documents provided to the

7    San Francisco and Los Angeles District Attorneys (DA) based on investigations or inquiries of

8    Uber conducted in or around 2014–2016.  ECF No. 287 at 13.  At the hearing, the parties disputed

9    whether the San Francisco and Los Angeles DA investigations are within the purview of PTO

10   No. 5.  To expedite resolution of this dispute that was only partially addressed in the briefing, by

11   March 6, 2024, Uber shall file with the Court copies of the correspondence that it received from

12   both DAs initiating the investigations and the accompanying document requests and/or subpoenas.

13   By March 8, 2024, Uber may file a two-page letter with its argument regarding why the

14   investigations are not within the purview of PTO No. 5 or otherwise discoverable.  Plaintiffs may

15   respond with a two-page letter by March 11, 2024.

16         In all other respects, Plaintiffs' Motion to Enforce is **DENIED** without prejudice as to their

17   request that Uber be ordered to disclose to Plaintiffs all governmental investigations or inquiries of

18   Uber within the United States with respect to sexual assault, including attempted assaults (except

19   those conducted pursuant to grand jury subpoena), that Uber confirm whether or not it produced

20   any documents in those proceedings, and that it produce all documents produced in those

21   proceedings.  At the outset of Plaintiffs' Motion to Enforce, Uber had declined to clearly identify

22   all governmental investigations or inquiries of the company related to sexual assault that had

23   occurred to date.  Uber had refused to provide a list of the investigations and inquiries, even

24   though that information was necessary for Plaintiffs and the Court to discern whether it had fully

25   complied with PTO No. 5.

26         The Court cannot determine whether Uber has complied with PTO No. 5 because the

27

28   _____
     [1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-
     filing system.

dispute regarding which investigations and inquiries are within the purview of PTO No. 5, and which are not, is only now crystalizing.  As explained at the hearing, Uber should have provided this list earlier when Plaintiffs requested it or soon thereafter.  For the reasons detailed at the hearing, the Court rejects Uber's assertion in its Opposition to the Motion to Enforce that it was not required to provide a list and that the information contained in its productions and a February 8, 2024 meet and confer letter to Plaintiffs sufficed to serve as a list.  ECF No. 287 at 11-12.

Now that Plaintiffs have Uber's list, to the extent they contend that the list is incomplete, the parties must meet and confer to address that new issue.  The parties are ordered to meet and confer to address the disputed list pursuant to the discovery dispute resolution procedures set forth in PTO No. 8.  ECF No. 323.  If a dispute remains, Plaintiffs may file a second motion to enforce PTO No. 5, requesting that the Court order production of records produced in response to a particular investigation or inquiry that Uber contends was not encompassed in PTO No. 5, or which is not otherwise discoverable under Rule 26.

**IT IS SO ORDERED.**

Dated: March 1, 2024

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

3