[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' NOTICE OF COMPLIANCE WITH PTO NO. 5** |

      In Pretrial Order ("PTO") No. 5 (ECF 175 at 3), the Court ordered that Plaintiffs' counsel either submit ride receipts or the ride information outlined in PTO No. 5 ("Ride Information Forms") by February 15, 2024 for cases on file in this MDL as of February 1, 2024. For cases transferred to, filed in, or removed to this Court after February 1, 2024, the same shall be done within 14 days of filing, transfer or removal. As detailed in the following compliance report, Plaintiffs made a substantive effort to fully comply with that proposed deadline. Even in those cases where Plaintiffs were unable to produce ride receipts, they were able to produce sufficient information to enable Uber to search for and produce ride receipts.

### Compliance Report

      On February 15, 2022 there were 221 cases on file in this MDL. On the same day, through BrownGreer, PLC ("BrownGreer"), it appears that counsel for all but one plaintiff[1] in this MDL uploaded either a ride receipt or a Ride Information Form, representing near 100% compliance with the Court's Order.

      For 166 cases, Plaintiffs' counsel produced ride receipts in the forms of screenshots of

---

[1] The PSC has been advised that counsel for this plaintiff is in the process of uploading a Receipt Form.

- 1 -    NOTICE OF COMPLIANCE WITH PTO 5
CASE NO. 3:23-MD-03084

ride histories from Plaintiffs' Uber Applications, emails sent to Plaintiffs' accounts from Uber or cancellation, or refund receipts connected to the subject ride. Counsel for the remaining 54 Plaintiffs' submitted Ride Information Forms with the following categories of information ordered by the Court: (1) why the specific ride receipt cannot be located; (2) the name, phone number, and email address of the accountholder who ordered the ride (if available); (3) the date of the ride, with as much precision as is reasonably possible; (4) the starting location and ending location of the ride, with as much precision as is reasonably possible; and (5) any other basic information that may assist Defendants in identifying the ride; and (6) if items (2) through (5) cannot be provided with precision or cannot be provided at all, an explanation as to why the information is not readily ascertainable. The produced information appears to contain sufficient specificity with respect to date and/or location of ride to allow Uber to search for the subject ride receipt.

Of the 54 Ride Information Forms produced by Plaintiffs' Counsel, it appears that at least 18 of the Plaintiffs previously reported their assaults to Uber, which in at least some circumstances resulted in Uber refunding the ride and deleting the ride receipt from the Plaintiffs' account history. In these cases, Uber's internal documentation of reports made by Plaintiffs and investigations into the same are within its possession and control, and it should be able to use the incident reports to aid in identifying the ride at issue.

Likewise, for at least 21 rides, it appears the ride was ordered by someone other than the Plaintiff. In these cases, Plaintiffs have provided information about who ordered the ride and have described the date and/or location of the ride with sufficient specificity that Uber should be able to search for the ride within their system or provide further insight into why they cannot locate a ride receipt.

For a handful of other cases, Plaintiffs state that they cannot locate receipts due to changing phone numbers, losing access to emails, or being unable to access their Uber applications. In these cases, too, Plaintiffs have described the starting and/or ending points or dates of the ride in a manner that should enable Uber to search for the ride receipt and produce it

or explain why it cannot be produced.

 While receipts were provided in over two-thirds of the cases on file, Plaintiffs understand that Uber may need more identifying information for a discreet number of cases, and the parties can meet and confer accordingly.  However, for the vast majority of cases, Uber should be able to identify the subject ride with the information provided by Plaintiffs.

Dated:  March 8, 2024

Respectfully submitted,

By: */s/ Sarah R. London*
 Sarah R. London (SBN 267083)

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: */s/ Rachel B. Abrams*
 Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
 Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*