# EXHIBIT C

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BYRON MCKNIGHT, JULIAN MENA, TODD SCHREIBER, NATE COOLIDGE, and ERNESTO MEJIA, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., a Delaware Corporation, RASIER, LLC, a Delaware Limited Liability Company<br><br>    Defendants. | CASE NO. 3:14-cv-05615-JST<br><br>**AMENDED STIPULATION OF SETTLEMENT**<br><br>Hon. Jon S. Tigar, Presiding |

# TABLE OF CONTENTS

Page

I.     RECITALS ...................................................................................................................1

II.    DEFINITIONS..............................................................................................................7

III.   SUBMISSION OF THE SETTLEMENT TO THE COURT FOR REVIEW AND
       APPROVAL ................................................................................................................14

IV.    THE SETTLEMENT CONSIDERATION.................................................................17

V.     DISTRIBUTION OF THE SETTLEMENT FUND ...................................................20

VI.    NOTICE OF THE SETTLEMENT ............................................................................27

VII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE
       SERVICE AWARDS ..................................................................................................31

VIII.  RELEASES AND DISMISSAL OF ACTION ...........................................................32

IX.    ADMINISTRATION OF THE SETTLEMENT ........................................................34

X.     OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS ......................................40

XI.    SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS
       SOLELY FOR PURPOSES OF SETTLEMENT........................................................42

XII.   MODIFICATION OR TERMINATION OF THE SETTLEMENT ...........................42

XIII.  SETTLEMENT NOT EVIDENCE AGAINST PARTIES..........................................44

XIV.   BEST EFFORTS.........................................................................................................45

XV.    MISCELLANEOUS PROVISIONS............................................................................46

## EXHIBIT LIST

| | |
|---|---|
| **Exhibit A**: | [Proposed] Final Order |
| **Exhibit B**: | [Proposed] Final Judgment |
| **Exhibit C**: | Payment Election Form |
| **Exhibit D**: | [Proposed] Preliminary Approval Order |
| **Exhibit E**: | Long Form Notice |
| **Exhibit F**: | Settlement Administration Protocol |
| **Exhibit G**: | Summary Notice |
| **Exhibit H**: | Publication Notice and Banner Advertisements |
| **Exhibit I**: | Declaration of the Settlement Administrator |

Plaintiffs[1] Nate Coolidge, Byron McKnight, Ernesto Mejia, Julian Mena, Todd Schreiber, and Defendant Rasier, LLC and Uber Technologies, Inc., by and through their respective counsel, in consideration for and subject to the promises, terms, and conditions contained in this Amended Stipulation of Settlement, hereby stipulate and agree, subject to Court approval pursuant to Rule 23 of the Federal Rules of Civil Procedure, as follows:

## I. **RECITALS**

WHEREAS, on or about December 23, 2014, plaintiffs Matthew Philliben and Byron McKnight filed a putative class action lawsuit, on behalf of themselves and others similarly situated, against Uber Technologies, Inc. and Rasier, LLC, in the United States District Court for the Northern District of California, Case No. 4:14-cv-05615 ("*McKnight*")[2], which asserted causes of action for alleged violations of California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq.*) and California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq.*) and which alleged, *inter alia*, that Defendants made misrepresentations and omissions regarding their "Safe Rides Fee," their safety measures, and the nature and character of their background checks, on behalf of a putative nationwide class of consumers (*McKnight*, ECF Docket ("Dkt.") 1);

WHEREAS, on or about January 6, 2015, Andrea Pappey filed a putative class action lawsuit, on behalf of herself and others similarly situated, against Uber Technologies, Inc., in the United States District Court for the Northern District of California, Case No. 3:15-cv-00064 ("*Mena*"). On or about April 13, 2015, (i) the Complaint filed in *Mena* was amended to, among other things, add Plaintiffs Julian Mena, Todd Schreiber, Nate Coolidge, and Ernesto Mejia as representative Plaintiffs, and (ii) Andrea Pappey withdrew from the *Mena* lawsuit as a plaintiff. The *Mena* lawsuit asserted causes of action for Breach of Implied Contract (pursuant to California, Illinois, and Massachusetts law), alleged violations of California's Consumers Legal Remedies Act

---

[1]     Unless otherwise defined, all capitalized terms used herein shall have the same meaning and effect as defined in Section II of this Amended Stipulation of Settlement, entitled "Definitions."

[2]     On May 18, 2017, a Stipulation of Partial Dismissal of Matthew Philliben was filed dismissing all claims related to Matthew Philliben without prejudice. This matter is hereafter referred to herein as *McKnight, et al v. Uber Technologies, Inc*. et al. *McKnight*, Dkt. 122.

(Cal. Civ. Code § 1750 *et seq*.), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq*.), and Illinois Consumer Fraud Act (815 ILCS 502/2, *et seq*.) and which alleged, *inter alia*, that Defendants made misrepresentations and omissions regarding their "Safe Rides Fee," their safety measures, and the nature and character of their background checks, on behalf of a putative nationwide class, or in the alternative, a California, Illinois, and Massachusetts class of consumers. (*Mena* Dkt. 28);

WHEREAS, on or about February 16, 2015, the Parties filed a Stipulation and [Proposed] Order Relating Cases.  The Court granted this stipulation on or about February 18, 2015 (*McKnight*, Dkt. 23; *Mena*, Dkt. 19), and ordered that *Mena* and *McKnight* are related;

WHEREAS, on or about March 20, 2015, in response to the complaint filed in *McKnight*, Defendants filed a Motion to Stay Proceedings Pending Arbitration (*McKnight*, Dkts. 25 to 29). The *McKnight* plaintiffs filed their response in opposition to this Motion on or about May 14, 2015 (*McKnight*, Dkt. 37) and Defendants filed their Reply on or about May 26, 2015 (*McKnight*, Dkts. 38 to 39);

WHEREAS, on or about May 4, 2015, Defendants filed an Administrative Motion To Determine Whether Cases Should Be Related seeking to relate *Mena* and *McKnight* to a lawsuit entitled *L.A. Taxi Cooperative, Inc. et al. v. Uber Technologies, Inc. et al.*, Case No. 3:15-cv-01257, filed on or about March 18, 2015 in the United States District Court for the Northern District of California ("*L.A. Taxi*") (*McKnight*, Dkts. 34 to 35). The Court granted this Motion on or about May 12, 2015 (*McKnight*, Dkt. 36);

WHEREAS, on or about May 4, 2015, in the response to the first amended complaint filed in *Mena*, Defendant, Uber Technologies, Inc. filed a Motion to Stay Proceedings Pending Arbitration (*Mena*, Dkts. 31 to 36). The *Mena* plaintiffs filed their response in opposition to this Motion on or about May 13, 2015 (*Mena*, Dkts. 37 to 38) and Defendants filed their Reply on or about May 26, 2015 (*Mena*, Dkts. 39 to 41);

WHEREAS, on or about June 1, 2015, the *Mena* plaintiffs filed an Objection To And Motion To Strike Reply Evidence Re Defendant's Motion To Stay Proceedings Pending

Arbitration, Or In The Alternative, Request For A Surreply (*Mena*, Dkt. 42). On or about June 2, 2015, the Court granted the *Mena* plaintiffs leave to file a Surreply and continued the hearing on Defendant's Motion to Stay from June 11, 2015 to July 2, 2015. (*Mena*, Dkt. 43);

WHEREAS, on or about June 9, 2015, the *Mena* plaintiffs filed a Surreply In Opposition To Defendant's Motion To Stay Proceedings Pending Arbitration (*Mena*, Dkt. 45). On or about June 10, 2015, the *Mena* plaintiffs also filed a Statement of Recent Decision In Support of Plaintiffs' Opposition To Defendant's Motion To Stay Proceedings Pending Arbitration (*Mena*, Dkt. 46);

WHEREAS, on or about June 29, 2015, the Parties filed a Stipulation With Proposed Order For A Temporary Stay Pending Mediation (*Mena*, Dkt. 48; *McKnight*, Dkt. 48);

WHEREAS, on or about July 29, 2015, the Parties filed a Stipulation With Proposed Order For A Second Temporary Stay Pending Mediation (*Mena*, Dkt. 52; *McKnight*, Dkt. 51);

WHEREAS, on July 29, 2015, the Parties filed a Stipulation and Protective Order (*Mena* Dkt. 49; *McKnight* Dkt. 50), which was entered by the Court on August 3, 2015 (*Mena* Dkt. 51; *McKnight* Dkt. 52);

WHEREAS, on or about August 24, 2015, the Parties attended an in-person mediation session with the Honorable Carl J. West (Ret.) of JAMS;

WHEREAS, on or about September 17, 2015, the Parties filed a Joint Stipulation And Proposed Order Updating The Court On Settlement Discussions And Requesting Extension Of Temporary Stay Pending Further Mediation (*Mena*, Dkt. 56; *McKnight*, Dkt. 57);

WHEREAS, on or about October 2, 2015, the Parties attended a second in-person mediation session with the Honorable Carl J. West (Ret.) of JAMS;

WHEREAS, on or about October 30, 2015, the Parties attended a third in-person mediation session with the Honorable Carl J. West (Ret.) of JAMS;

WHEREAS, on or about November 16, 2015, the Parties filed a Stipulation and Proposed Order Updating the Court on the Settlement Discussions and Requesting Extension of Temporary Stay;

WHEREAS, on or about December 14, 2015, the Parties filed a Stipulation and Proposed Order Updating the Court on the Parties' Settlement in Principle and Requesting that Arbitration Hearing be Vacated;

WHEREAS, on or about January 7, 2016, Plaintiffs filed a Consolidated Class Action Complaint, which asserted causes of action for Breach of Implied Contract, alleged violations of California's Consumers Legal Remedies Act (Cal. Civ. Code § 1750 *et seq*.), California's Unfair Competition Law (Cal. Bus. & Prof. Code § 17200 *et seq*.), California's False Advertising Law (Cal. Bus. & Prof. Code § 17500 *et seq*.), and Illinois Consumer Fraud Act (815 ILCS 502/2, *et seq*.) and which alleged, *inter alia*, that Defendants made misrepresentations and omissions regarding their "Safe Rides Fee," their safety measures, and the nature and character of their background checks, on behalf of a putative nationwide class, or in the alternative, a California, Illinois, and Massachusetts class of consumers (*McKnight,* Dkt. 67);

WHEREAS, on or about February 11, 2016, Plaintiffs and Defendants entered into a Stipulation of Settlement that was filed with the Court on February 11, 2016 ("First Stipulation") (*McKnight*, Dkt. 74);

WHEREAS, on February 11, 2016, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (*McKnight*, Dkt. 75-3);

WHEREAS, on August 30, 2016, the Court issued an Order Denying Motion for Preliminary Approval of Class Action Settlement (*McKnight*, Dkt. 98);

WHEREAS, following the August 30, 2016 Order denying preliminary approval of the First Stipulation, the Plaintiffs and Defendants began discussions and negotiations regarding a new settlement;

WHEREAS, the Parties agreed upon a new mediator, Robert J. Kaplan, Esq. of Judicate West, to assist in these negotiations, and participated in three (3) in-person mediations on October 5, 2016, November 22, 2016, and January 5, 2017. The Parties also met in-person on December 7, 2016 and conducted numerous telephonic discussions and negotiations both among themselves and with the new mediator;

WHEREAS, on March 7, 2017, the Parties attended a settlement conference before Chief Magistrate Judge Joseph C. Spero;

WHEREAS, before entering into the First Stipulation and this Amended Stipulation of Settlement, Plaintiffs, by and through their respective counsel, conducted a thorough examination, investigation, and evaluation of the relevant law, facts, and allegations to assess the merits of the claims and potential claims to determine the strength of liability, potential remedies, and all defenses thereto;

WHEREAS, Plaintiffs, by and through their respective counsel, conducted an extensive investigation into the facts and law relating to the matters alleged in their respective Complaints, including (i) the extent, nature and quality of Defendants' safety procedures during the Class Period; (ii) Defendants' representations and disclosures regarding the safety of Defendants' ride share services; (iii) Defendants' representations and disclosures regarding the Safe Rides Fee; (iv) financial data relating to Defendants' safety related expenditures and revenues; (v) the size and composition of the Class; and (vi) data relating to the Class' use of Defendants' ride share services. This investigation included obtaining and reviewing documents and written responses from Defendants, detailed inspections and testing of Defendants' ride share App among various operating system platforms, consultations with experts, numerous interviews of witnesses (including ten (10) current and former high level employees and executives of Defendants), drivers, and putative class members, the evaluation of documents and information related to other litigations against Defendants (including updated productions since the date of the First Stipulation), as well as extensive factual and legal research as to arbitration issues relating to this Action, and the sufficiency of the claims and appropriateness of class certification;

WHEREAS, the First Stipulation and this Amended Stipulation of Settlement were reached as a result of extensive arms'-length negotiations between the Parties and their counsel, occurring over the course of many months and six separate, in-person mediation sessions with respected mediators, the Honorable Carl J. West (Ret.) of JAMS and Robert J. Kaplan of Judicate West. Following the sixth in-person mediation, the Parties continued to engage in extensive settlement discussions with the assistance of both Mr. Kaplan and The Honorable Joseph C. Spero, Chief

Magistrate Judge for the United States District Court of the Northern District of California, and amongst each other, until a final settlement was reached.  Before and during these settlement discussions and mediations, Defendants provided voluminous documents and information to the Plaintiffs.  This arms'-length exchange provided Plaintiffs and their counsel with sufficient information to evaluate the claims and potential defenses and to meaningfully conduct informed settlement discussions;

WHEREAS, Plaintiffs, as class representatives, believe that the claims settled herein have merit, but they and their counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the claims through trial, appeal, and ancillary actions.  Plaintiffs, and their counsel, have also taken into account the uncertain outcome and risk of any litigation, as well as the difficulties and delay inherent in such litigation, and they believe that the settlement set forth in this Amended Stipulation of Settlement confers substantial benefits upon the Class Members.  Based upon their evaluation, they have determined that the settlement set forth in this Amended Stipulation of Settlement is in the best interest of the Class;

WHEREAS, based upon their review, investigation, and evaluation of the facts and law relating to the matters alleged in the pleadings, Plaintiffs, and Class Counsel, on behalf of Plaintiffs and the other members of the proposed Class, have agreed to settle the Action pursuant to the provisions of this Amended Stipulation of Settlement, after considering, among other things: (i) the substantial benefits to the Class Members under the terms of this Amended Stipulation of Settlement; (ii) the risks, costs, and uncertainty of protracted litigation, especially in complex actions such as this, as well as the difficulties and delays inherent in such litigation; and (iii) the desirability of consummating this Amended Stipulation of Settlement promptly in order to provide effective relief to the Class Members;

WHEREAS, Defendants have vigorously denied and continue to dispute all of the claims and contentions alleged in the *Mena, McKnight,* and the consolidated action, and deny any and all allegations of wrongdoing, fault, liability or damage of any kind to Plaintiffs and the putative class. Defendants further deny that they acted improperly or wrongfully in any way, and believe that these actions have no merit.  Defendants have also considered the risks and potential costs of continued

litigation of the lawsuit, on the one hand, and the benefits of the proposed settlement, on the other hand, and desire to settle the Action upon the terms and conditions set forth in this Amended Stipulation of Settlement;

WHEREAS, as part of the First Stipulation and this Amended Stipulation, Defendants agree that they will no longer call any fee that they charge for their services as the "Safe Rides Fee." Instead, Defendants may charge a "booking fee," which may be described as "a separate flat fee added to every trip that helps support safety initiatives for riders and drivers as well as other operational costs."

WHEREAS, Defendants agree to class action treatment of the claims alleged in this Action solely for the purpose of compromising and settling those claims on a class basis as set forth herein and for no other purpose.

WHEREAS, on May 18, 2017, a Stipulation of Partial Dismissal was filed dismissing all of Plaintiff Matthew Philliben's claims, without prejudice. (*McKnight,* Dkt. 122).

NOW, THEREFORE, it is hereby STIPULATED AND AGREED, by and between the Parties, through their respective counsel, that: (a) the Action be fully and finally compromised, settled, and released upon final settlement approval by the Court after the hearings as provided for in this Amended Stipulation of Settlement; and (b) upon such approval by the Court, a Final Order and Final Judgment, substantially in the form attached hereto as Exhibits "A" and "B," respectively, be entered dismissing the Action with prejudice upon the following terms and conditions.

## II.   DEFINITIONS

As used in this Amended Stipulation of Settlement and the attached exhibits, the following terms have the following meanings, unless this Stipulation of Settlement specifically provides otherwise:

1.     "Actions" or "Action" means the civil actions entitled *Mena et al. v. Uber Technologies, Inc.*, No. 3:15-cv-00064-JST (N.D. Cal.), *McKnight et al. v. Uber Technologies, Inc. et al.,* No. 3:14-cv-05615-JST (N.D. Cal.), and the consolidated action under the *McKnight* case number.

2.     "Account-Funded Class Member" means those Class Members who either did not submit a valid Payment Election Form or who submitted a valid Payment Election Form where the Class Member has elected to receive the Settlement Share by payment to the Class Member's Uber Rider Account.

3.     "Additional Per Ride Allocation" means an amount equal to the quotient of (i) the Settlement Fund Net Balance and (ii) the Uber Rides Total less the total number of Class Members [*Additional Per Ride Allocation = Settlement Fund Net Balance / (Uber Rides Total – Total Number of Class Members)*]

4.     "Amended Stipulation of Settlement" means this Amended Stipulation of Settlement and its Exhibits, attached hereto and incorporated herein, including all subsequent amendments agreed to in writing by the Parties and any exhibits to such amendments.

5.     "Attorneys' Fees and Expenses" means such funds as may be awarded by the Court to Class Counsel to compensate Class Counsel for their fees and expenses in connection with the Action and the Settlement, as described in Paragraphs 89 to 93 of this Amended Stipulation of Settlement.

6.     "Class" means all persons who, from January 1, 2013 to January 31, 2016, used the Uber App or website to obtain service from one of the Uber Ride Services With A Safe Rides Fee in the United States or its territories.  "Uber Ride Services With A Safe Rides Fee" means all transportation services that were arranged through Defendants' website or the Uber App where a Safe Rides Fee was paid (such as UberX, *etc.*).  "Uber App" means the Uber smartphone application by which riders may request Uber Rideshare Services.  "Uber Rideshare Services" means all transportation services that are arranged through Defendants' website or the Uber App, regardless of type of ride or service that is requested.  "Uber" means the companies, incorporated in the State of Delaware as Uber Technologies, Inc. and Rasier, LLC, who operate the ride share service commonly known as Uber.  Excluded from the Class are (a) all persons who are employees, directors, and officers of Uber Technologies, Inc. and Raiser, LLC; and (b) the Court and Court staff.  "Employees" means any person whose Uber account email address ended with "@uber.com" as of May 8, 2017.

7. "Class Counsel" means Robert Ahdoot and Tina Wolfson of Ahdoot & Wolfson, PC; Mike Arias and Alfredo Torrijos of Arias, Sanguinetti, Stahl & Torrijos, LLP; and Nicholas Coulson of Liddle & Dubin, P.C.

8. "Class Member(s)" means any member of the Class who does not elect exclusion or opt out from the Class pursuant to terms and condition for exclusion set out in this Amended Stipulation of Settlement, Paragraphs 119 to 124 and the Class Notice.

9. "Class Notice" shall mean the Long Form Notice and Summary Notice provided to the Class as provided herein and directed by the Court.

10. "Commercial Advertising" means any print advertisements, television or radio advertisements, online advertisements, in-app advertisements, or any mass e-mails or other written or electronic communications from Defendants to consumers made for the purpose of influencing consumers to buy Defendants' services. To constitute Commercial Advertising, the advertisement must be disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion within Defendants' industry. Commercial Advertising includes advertorials but does not include statements to the news media.

11. "Complaints" shall mean, collectively, the (i) Complaint filed by Matthew Philliben and Byron McKnight on December 23, 2014 (*McKnight,* Dkt. 1); (ii) Complaint filed by Andrea Pappey on January 6, 2015 (*Mena,* Dkt. 1); (iii) First Amended Complaint filed by Julian Mena, Nate Coolidge, Ernesto Mejia, and Todd Schreiber on April 13, 2015 (*Mena,* Dkt. 28); and (vi) Consolidated Class Action Complaint filed by Plaintiffs on January 7, 2016 (*McKnight*, Dkt. 67).

12. "Court" means the United States District Court for the Northern District of California and the Judge assigned to the Action (the Honorable Jon S. Tigar).

13. "Defendants" shall mean and include Uber Technologies, Inc., a Delaware Corporation, and Rasier, LLC, a Delaware Limited Liability Company, collectively.

14. "Defense Counsel" means the law firm of Irell & Manella LLP.

15.     "eCheck" means an electronic check used to pay a Class Member's Settlement Share, which will be sent to the email address provided by the Class Member in his or her valid Payment Election Form.

16.     "Effective Date" means the date on which the Final Order and Final Judgment in the Action become "Final."  As used in this Amended Stipulation of Settlement, "Final" means one (1) business days after all of the following conditions have been satisfied:

        (a)     the Final Order and Final Judgment have been entered; and

        (b)(i)     if reconsideration and/or appellate review is not sought from the Final Order and Final Judgment, the expiration of the time for the filing or noticing of any motion for reconsideration, appeal, petition, and/or writ; or

        (b)(ii)     if reconsideration and/or appellate review is sought from the Final Order and Final Judgment: (A) the date on which the Final Order and Final Judgment are affirmed and are no longer subject to judicial review, or (B) the date on which motion for reconsideration, appeal, petition, or writ is dismissed or denied and the Final Order and Final Judgment are no longer subject to judicial review.

17.     "Electing Class Members" means those Class Members who submit a valid Payment Election Form wherein the Class Member has elected to receive the Settlement Share by payment to the Class Member's Uber Rider Account, PayPal Account or bank account via eCheck, if applicable.

18.     "Fairness Hearing" means the hearing that is to take place after the entry of the Preliminary Approval Order and after the Notice Date for purposes of: (a) entering the Final Order and Final Judgment and dismissing the Action with prejudice; (b) determining whether the Settlement should be approved as fair, reasonable, and adequate; (c) ruling upon an application for Service Awards by the Plaintiffs; (d) ruling upon an application by Class Counsel for Attorneys' Fees and Expenses; and (e) entering any final order awarding Attorneys' Fees and Expenses and Service Awards.  The Parties shall request that the Court schedule the Fairness Hearing for a date that is in compliance with the provisions of 28 U.S.C. § 1715(d).

19.    "Final Order and Final Judgment" means the Court's order and judgment fully and finally approving the Settlement and dismissing the Action with prejudice, substantially in the form attached hereto as Exhibits "A" and "B."

20.    "Initial Settlement Payment Amount" means an amount equal to Twenty-Five Cents ($0.25) times the total number of Class Members.

21.    "Long Form Notice" means the long form notice of settlement, substantially in the form attached hereto as Exhibit "E."

22.     "Notice Date" means the first date upon which the Class Notice is disseminated.

23.    "Parties" means Plaintiffs and Defendants, collectively, as each of those terms is defined in this Amended Stipulation of Settlement.

24.    "Payment Election Deadline" means the final time and date by which a Payment Election Form must be received by the Settlement Administrator in order for a Class Member to timely elect to receive the Settlement Share by payment to the Class Member's Uber Account, PayPal Account or bank account via eCheck, if applicable.

25.    "Payment Election Form" means the form substantially in the form attached hereto as Exhibit "C," which may be modified to meet the requirements of the Settlement Administrator, pursuant to which Class Members can elect to receive the Settlement Share by payment to the Class Member's Uber Rider Account, PayPal Account or bank account via eCheck, if applicable.

26.    "Payment Election Period" means the time period from the Notice Date through the Payment Election Deadline, which is the time period that Class Members will have to submit a Payment Election Form to indicate that the Class Member elects to receive the Settlement Share by payment to the Class Member's Uber Rider Account, PayPal Account or bank account via eCheck, if applicable.  The Payment Election Period shall run for a period of time ordered by the Court, and last at least sixty (60) days from the Notice Date.

27.    "PayPal Account" means a Class Member's account with PayPal, as identified by the Class Member in his or her valid Payment Election Form, that will be paid the Class Member's Settlement Share.

28. "Plaintiffs" means Nate Coolidge, Byron McKnight, Ernesto Mejia, Julian Mena, and Todd Schreiber.

29. "Preliminary Approval Order" means the order preliminarily approving the Settlement and proposed Class Notice and notice plan, substantially in the form attached hereto as Exhibit "D."

30. "Release" means the release and waiver set forth in Paragraphs 94 to 100 of this Amended Stipulation of Settlement and in the Final Order and Final Judgment.

31. "Released Claims"

(a) "Released Claims" means and includes all manner of action, causes of action, claims, demands, rights, suits, obligations, restitution, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, which Plaintiffs and Class Members have or may have arising out of or relating to any allegations made in the Action, or any legal theories that could have been raised based on the allegations in the Action. The Released Claims include, but are not limited to, any claim arising out of or relating to Defendants' representations or omissions regarding background checks, safety, or the Safe Rides Fee. Notwithstanding any other provision of this Amended Stipulation of Settlement, "Released Claims" do not include, and Plaintiffs and Class Members are not releasing, any action, causes of action, claims, demands, rights, suits, obligations, restitution, debts, contracts, agreements, promises, liabilities, damages, charges, penalties, losses, costs, expenses, and attorneys' fees, of any nature whatsoever, known or unknown, in law or equity, fixed or contingent, arising out of or relating to personal injuries.

32. "Released Parties" shall include and mean:

(a) Uber Technologies, Inc., Uber USA, LLC, Rasier-CA, LLC, and Rasier, LLC, and each of their past, present, and future employees, assigns, attorneys, agents, consultants, officers, and directors; and

(b) All of Uber Technologies, Inc.'s, Uber USA, LLC's, Rasier-CA, LLC, and Rasier, LLC's, past, present, and future, parents, subsidiaries and affiliates, joint-ventures, brokers,

distributors, representatives, partners, members, divisions, predecessors, and successors and each of their respective employees, assigns, attorneys, agents, servants, resellers, officers, shareholders, administrators, insurers, assigns and directors.

33. "Releasing Parties" means Plaintiffs and all Class Members, and each of their heirs, guardians, executors, administrators, representatives, agents, attorneys, partners, successors, and assigns, as well as any other person or entity purporting to claim on their behalf.

34. "Settlement" means the settlement embodied in this Amended Stipulation of Settlement, including all attached Exhibits (which are an integral part of this Amended Stipulation of Settlement and are incorporated in their entirety by reference).

35. "Settlement Administrator" means the qualified third party administrator and agent agreed to by the Parties and approved and appointed by the Court in the Preliminary Approval Order to administer the Settlement, including providing the Class Notice. The Parties agree to recommend that the Court appoint Epiq Systems, Inc. as Settlement Administrator to: (a) design, consult on, and implement the Class Notice and related requirements of this Amended Stipulation of Settlement; and (b) implement the Class Notice, the settlement website (www.RideShareSettlement.com), the submission and review of Payment Election Forms, and related requirements of this Amended Stipulation of Settlement, subject to the Court's approval.

36. "Settlement Administration Protocol" means the protocol attached hereto as Exhibit "F."

37. "Settlement Fund" means the Thirty-Two Million Five Hundred Thousand Dollars and No Cents ($32,500,000.00) that Defendants will pay, pursuant to Paragraphs 52 to 53 of this Amended Stipulation of Settlement, as part of the consideration for the release of all claims as provided in this Amended Stipulation of Settlement.

38. "Settlement Fund Balance" means the balance remaining in the Settlement Fund after payment of (a) costs of notice and administration, (b) the service awards to the Plaintiffs as approved by the Court ("Service Award(s)"), and (c) the Attorneys' Fees and Expenses.

39. "Settlement Fund Net Balance" means an amount equal to the Settlement Fund Balance less the Initial Settlement Payment Amount.

40.     "Settlement Share" means the amount of each Class Member's share of the Settlement Fund Balance allocated pursuant to Paragraphs 55 to 60 of this Amended Stipulation of Settlement.

41.     "Summary Notice" means the summary notice, publication notice, and banner advertisements of the proposed class action settlement, substantially in the form attached hereto as Exhibit "G" and Exhibit "H," respectively.

42.     "Uber App" means the Uber smartphone application by which riders may request Uber Rideshare Services.

43.     "Uber Payment Account" means a default U.S. credit card, U.S. debit card, PayPal account, or other payment method linked to each Class Member's Uber Rider Account.

44.     "Uber Rider Account" means the account each Class Member created when he or she electronically registered to use Uber's Rideshare Services.

45.     "Uber Ride Services With A Safe Rides Fee" means all transportation services that were arranged through Defendants' website or the Uber App where a Safe Rides Fee was paid (such as UberX, *etc.*).

46.     "Uber Rideshare Services" means all transportation services that are arranged through Defendants' website or the Uber App, regardless of type of ride or service that is requested.

47.     "Uber Rides Total" means the total number of instances that Class Members used the Uber Ride Services With A Safe Rides Fee.

### III.     SUBMISSION OF THE SETTLEMENT TO THE COURT
### FOR REVIEW AND APPROVAL

48.     As soon as is practicable following the signing of this Amended Stipulation of Settlement, Class Counsel shall apply to the Court for entry of the Preliminary Approval Order (substantially in the form attached as Exhibit "D"), for the purpose of, among other things:

(a)     Approving the Class Notice, substantially in the form set forth at Exhibits "E" and "G";

(b)     Finding that the requirements for provisional certification of the Class have been satisfied, appointing Plaintiffs as the representatives of the Class and Class Counsel as counsel

for the Class, and preliminarily approving the Settlement as being within the range of reasonableness such that the Class Notice should be provided pursuant to this Amended Stipulation of Settlement;

(c)     Scheduling the Fairness Hearing on a date ordered by the Court, provided in the Preliminary Approval Order, and in compliance with applicable law, to determine whether the Settlement should be approved as fair, reasonable, and adequate, and to determine whether a Final Order and Final Judgment should be entered dismissing the Action with prejudice;

(d)     Determining that the notice of the Settlement and of the Fairness Hearing, as set forth in this Amended Stipulation of Settlement, complies with all legal requirements, including but not limited to the Due Process Clause of the United States Constitution;

(e)     Preliminarily approving the form of the Final Order and Final Judgment;

(f)     Appointing the Settlement Administrator;

(g)     Directing that Class Notice shall be given to the Class as provided in Paragraphs 82 to 87 of this Amended Stipulation of Settlement;

(h)     Providing that Class Members will have until the Payment Election Deadline to submit Payment Election Forms;

(i)     Providing that any objections by any Class Member to the certification of the Class and the proposed Settlement contained in this Amended Stipulation of Settlement, and/or the entry of the Final Order and Final Judgment, shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Fairness Hearing only if, on or before the date(s) specified in the Class Notice and Preliminary Approval Order, such objector submits to the Court a written objection, and otherwise complies with the requirements in Paragraph 119 of this Amended Stipulation of Settlement;

(j)     Establishing dates by which the Parties shall file and serve all papers in support of the application for final approval of the Settlement and in response to any valid and timely objections;

(k)     Providing that all Class Members will be bound by the Final Order and Final Judgment dismissing the Action with prejudice unless such Class Members timely file valid written

requests for exclusion or opt out in accordance with this Amended Stipulation of Settlement and the Class Notice;

(l)     Providing that Class Members wishing to exclude themselves from the Settlement will have until the date specified in the Class Notice and the Preliminary Approval Order to submit a valid written request for exclusion or opt out to the Settlement Administrator;

(m)     Providing a procedure for Class Members to request exclusion or opt out from the Settlement;

(n)     Directing the Parties, pursuant to the terms and conditions of this Amended Stipulation of Settlement, to take all necessary and appropriate steps to establish the means necessary to implement the Settlement;

(o)     Pending the Fairness Hearing, staying all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of this Amended Stipulation of Settlement and the Preliminary Approval Order; and

(p)     Pending the Fairness Hearing, enjoining Plaintiffs and Class Members, or any of them, from commencing or prosecuting, either directly or indirectly, any action in any forum (state or federal) asserting any of the Released Claims.

49.     Following the entry of the Preliminary Approval Order, Class Notice shall be given and published in the manner directed and approved by the Court.

50.     At the Fairness Hearing, the Parties shall seek to obtain from the Court a Final Order and Final Judgment in the form substantially similar to Exhibits "A" and "B," respectively.  The Final Order and Final Judgment shall, among other things:

(a)     Find that the Court has personal jurisdiction over all Class Members, the Court has subject matter jurisdiction over the claims asserted in the Action, and that venue is proper;

(b)     Finally approve this Amended Stipulation of Settlement and the Settlement pursuant to Rule 23 of the Federal Rules of Civil Procedure;

(c)     Certify the Class for purposes of settlement;

(d)     Find that the notice to the Class complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution;

(e)     Incorporate the Release set forth in this Amended Stipulation of Settlement and make the Release effective as of the date of the Final Order and Final Judgment;

(f)     Issue the injunctive relief described in Paragraph 54 of this Amended Stipulation of Settlement;

(g)     Authorize the Parties to implement the terms of the Settlement;

(h)     Dismiss the Action with prejudice; and

(i)     Retain jurisdiction relating to the administration, consummation, validity, enforcement, and interpretation of this Amended Stipulation of Settlement, the Final Order, Final Judgment, any final order approving Attorneys' Fees and Expenses and Service Awards, and for any other necessary purpose.

51.     Based upon the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," the Parties agree that the notice plan contemplated by this Amended Stipulation of Settlement is valid and effective, that if effectuated, it would provide reasonable notice to the Class, and that it represents the best practicable notice under the circumstances.

## IV.     THE SETTLEMENT CONSIDERATION

**A.     Settlement Fund**

52.     In consideration for the Release contained in this Amended Stipulation of Settlement, and without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing the costs inherent in any litigation, Defendants, jointly and severally, will pay the total sum of Thirty-two Million Five Hundred Thousand Dollars and No Cents ($32,500,000.00) to create the Settlement Fund for the benefit of the Class pursuant to the terms of this Amended Stipulation of Settlement.  The Parties agree that the Settlement Fund and Defendants' payment of Thirty-two Million and Five Hundred Thousand Dollars and No Cents ($32,500,000.00) is the full extent of Defendants' cash payment obligation under this Amended Stipulation of Settlement.  In no event shall Defendants be liable for payment of any costs, expenses, or claims beyond their deposit

or payment of the Settlement Fund into the Escrow Account.  There will be no reversion to Defendants of the settlement monies once the Settlement becomes final.

53.     Defendants' joint and several payment obligation of the Settlement Fund shall be subject to and proceed as follows:

(a)     Initial Deposit:  Within ten (10) days after the entry of the Preliminary Approval Order as contemplated by Paragraph 48 herein, Defendants shall pay the sum of Three Hundred Seventy-Five Thousand Dollars and No Cents ($375,000.00) (the "Initial Deposit") to the Settlement Administrator for the initial notice and administration expenses that will be incurred to provide notice to the Class.  This deadline may be extended by mutual consent of the Parties.

(b)     Balance Payment:  No later than fourteen (14) days after the Effective Date, Defendants shall pay an amount equal to the Settlement Fund less the sum of the Initial Deposit (*i.e.* Thirty-Two Million One Hundred and Twenty-Five Thousand Dollars and No Cents ($32,125,000.00) into an escrow bank account (the "Escrow Account"), to be created and administered by the Settlement Administrator pursuant to the terms of this Amended Stipulation of Settlement.  The Escrow Account shall be held in a Qualified Settlement Fund (defined below) in interest bearing bank account deposits with commercial banks with excess capital exceeding One Hundred Million Dollars and No Cents ($100,000,000.00), with a rating of "A" or higher by S&P and insured by the FDIC.  All funds in the Escrow Account shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned to the persons paying the same pursuant to this Settlement and/or further order of the Court.  Interest earned on money in the Escrow Account, less any taxes owed thereon (if any), will be added to the Settlement Fund for the benefit of the Class.

(c)     The Parties hereto agree that the Settlement Fund is intended to be a "qualified settlement fund" ("Qualified Settlement Fund") within the meaning of Treasury Regulation § 1.468B-1 and that the Settlement Administrator, within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be responsible for filing tax returns for the Gross Settlement Amount and paying from the Settlement Fund any taxes owed with respect to the Settlement Fund. The Parties hereto agree that the Settlement Fund shall be treated as a "qualified settlement fund"

from the earliest date possible, and agree to any relation-back election required to treat the Settlement Fund as a "qualified settlement fund" from the earliest date possible.  Defense Counsel agree to provide promptly to the Settlement Administrator the statement described in Treasury Regulation § 1.468B-3(e).  All taxes shall be paid out of the Settlement Fund, shall be paid out of the interest earned on the Settlement Fund, be considered to be a cost of administration of the Settlement, and be timely paid by the Settlement Administrator without prior order of the Court, and under no circumstance shall Defendants have any liability related thereto.

**B.    Injunctive Relief**

54.    In consideration for the Release contained in this Amended Stipulation of Settlement, and without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing the costs inherent in any litigation, within thirty (30) days after execution of this Amended Stipulation of Settlement, if not before, each of the Defendants will implement the following changes in connection with their actions and Uber's Rideshare Service, and thus agree to the following stipulated injunctive relief:

(a)    Defendants will not describe or title any fee that they charge for their services, including any charge for Uber's Rideshare Services, as the "Safe Rides Fee."

(b)    In any Commercial Advertising, Defendants will not make the following representations regarding their background checks:

(i)    Defendants shall not list any offense type that does not result in automatic disqualification as a driver during the initial screening process without explaining the disqualification criteria; and

(ii)    Defendants shall not represent that they screen against arrests for any instances where Defendants actually screen only against convictions.

(c)    In any Commercial Advertising regarding background checks, Defendants shall identify the time period covered by the background check report Defendants use to screen potential drivers or, if shorter, any time period used for disqualification purposes.

(d)    In any Commercial Advertising, Defendants shall not use the terms "best available," "industry leading," "gold standard," "safest," or "best-in-class" in connection with their

background checks.

        (e)    In any Commercial Advertising, Defendants shall not use the following phrases to describe Uber's Rideshare Services: "safest ride on the road," "strictest safety standards possible," "safest experience on the road," "best in class safety and accountability," "safest transportation option," "background checks that exceed any local or national standard," or "safest possible platform."

        (f)    Before any person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above, that person or entity must serve written notice on Defense Counsel (with copy to Class Counsel) stating with specificity the basis for this allegation. Defendants will then have thirty (30) days from receipt of notice to cure any alleged breach. No person or entity may initiate any court proceeding alleging that Defendants have breached the injunctive relief set forth above until this thirty (30) day period has expired. If Defendants have cured the alleged breach within thirty (30) days, then Defendants shall not be deemed to have breached the injunctive relief set forth above.

## C.    Distribution Costs

        In consideration for the Release contained in this Amended Stipulation of Settlement, and without admitting liability for any of the alleged acts or omissions, and in the interest of minimizing the costs inherent in any litigation, Defendants, jointly and severally, will pay for the costs associated with distribution of the Settlement Shares to Class Members' Uber Rider Account and/or Uber Payment Account in accordance with and subject to the terms and conditions hereto.

## V.    DISTRIBUTION OF THE SETTLEMENT FUND

    55.    Subject to the terms and conditions of this Amended Stipulation of Settlement, the Settlement Fund shall be used for the payment of: (a) the costs and expenses paid to the Settlement Administrator that are associated with disseminating the notice to the Class, including, but not limited to, the Class Notice; (b) the costs and expenses paid to the Settlement Administrator that are associated with administration and effectuation of the Settlement; (c) the Settlement Share to Class Members; (d) the costs of making payments to Electing Class Members' *via* PayPal or eCheck; (e) the distribution of the Residual Funds (the term "Residual Funds" is defined below), if any,

pursuant to this Amended Stipulation of Settlement; (f) the Service Award to the Plaintiffs as approved by the Court; and (g) the Attorneys' Fees and Expenses to Class Counsel as approved by the Court. The Parties must approve any payment of costs or expenses under subsections (a) and (b) of this paragraph, and such approval shall not be unreasonably withheld. Approval and payment of the Settlement Share to Class Members under subsection (c) of this paragraph shall be in accordance with the terms of this Settlement (*e.g.* Paragraphs 55 to 60) and the Settlement Administration Protocol attached hereto as Exhibit "F."

56.     All Class Members are eligible for relief from the Settlement Fund. The Settlement Fund Balance shall be allocated as Settlement Shares to each Class Member in accordance with Paragraphs 55 to 60 herein.

57.     The Settlement Administrator will calculate each Class Member's Settlement Share as follows: each Class Member's Settlement Share shall be equal to (i) twenty-five cents ($0.25) plus (ii) the Additional Per Ride Allocation, times one less than the number of instances that a given class member has used Uber Ride Services With A Safe Rides Fee, if any. For example, if the Additional Per Ride Allocation is $.05 (five cents), and a Class Member took ten (10) trips on an Uber Ride Service, that Class Member would receive $.70 (seventy cents). [*$.25 + (Additional Per Ride Allocation \* (number of Uber Ride Services With A Safe Rides Fee taken by the Class Member – 1))*]

58.     Within fifteen (15) days after the Effective Date, the Settlement Administrator shall calculate the Settlement Fund Balance by deducting the following from the Settlement Fund: (i) the total Settlement Administrator costs and expenses related to this Settlement (as calculated pursuant to Paragraph 60 herein); (ii) the costs of making payments to Electing Class Members *via* PayPal or eCheck (iii) the Service Award to Plaintiffs awarded by the Court; and (iv) the Attorneys' Fees and Expenses approved by the Court.

59.     The Settlement Administrator shall calculate the total number of Class Members, by subtracting the number of persons who submitted a timely, valid opt-out request pursuant to Paragraph 121 herein, from the total number of individuals who fall within the definition of the Class, provided by Defendants pursuant to Paragraph 85(a) herein.

60.     The Settlement Administrator shall calculate the total Settlement Administrator costs and expenses to be deducted from the Settlement Fund, to determine the Settlement Fund Balance pursuant to Paragraph 58 herein, as the sum of the following: (i) the Settlement Administrator's costs and expenses incurred by the Settlement Administrator as of the Effective Date; and (ii) the future Settlement Administrator costs and expenses estimated to be incurred by the Settlement Administrator related to this Settlement.

61.     Within twenty (20) days after the Effective Date, the Settlement Administrator shall provide the Parties with:

(a)     the results of all calculations set forth in Paragraphs 55 to 60 herein; and

(b)     a list of all Class Members in a useable computer format, which will include the following information for each Class Member: (i) the unique identifier set by Defendants; (ii) first and last name; (iii) the e-mail address to which the Summary Notice was sent; and (iv) whether the Class Member submitted a valid Payment Election Form wherein the Class Member elected to receive the Settlement Share by payment to the Class Member's Uber Rider Account, PayPal Account or bank account via eCheck, if applicable.

62.     Distribution to Class Members shall be made by payment to the Class Members' PayPal Account, bank account via eCheck, if applicable, or by payment to their Uber Rider Account as set forth below.  The payment of each Settlement Share, whether by payment to the Class Members' PayPal Account, bank account via eCheck, if applicable, or by payment to their Uber Rider Account, shall have the identical legal effect under this Amended Stipulation of Settlement.

**A.     Distribution By PayPal Account or Bank Account Via eCheck**

63.     Electing Class Members will receive the Settlement Share by payment in amount equal to the Settlement Share to each of their PayPal Accounts, bank accounts via eCheck, or Uber Rider Account pursuant to their selection on the Payment Election Form.

64.     In the event an Electing Class Member chooses payment of the Settlement Share through their Uber Rider Account, payment shall be issued pursuant to Paragraphs 67 to 73 herein and that Class Member will henceforth be considered an Account-Funded Class Member.  PayPal and eCheck payments will be made by Epiq within forty-five (45) days of the Effective Date.

65.     In the event a payment to a PayPal Account or bank account via eCheck, if applicable, is rejected, for any reason, that Class Member's Settlement Share will be issued through a payment to the participating Class Member's Uber Rider Account pursuant to Paragraphs 67 to 73 herein, and that Class Member will henceforth be considered an Account-Funded Class Member, except that the URA Payment set forth in Paragraph 68 will not be made until thirty (30) days after the Settlement Adminitrator provides the affidavit set forth in Paragraph 66.

66.     Within one hundred and thirty (130) days after the Effective Date, the Settlement Administrator will provide Class Counsel and Defendants an affidavit under penalty of perjury containing the following information: (i) a list in a useable computer format of all Electing Class Members (including, the unique identifier set by Defendants, name and e-mail address) for whom the Settlement Administrator was able to successfully make the PayPal Account or bank account via eCheck payment, if applicable; and (ii) a list in a useable computer format of all Electing Class Members (including, the unique identifier set by Defendants, name and email address) for whom the Settlement Administrator's attempt to make the PayPal Account or bank account via eCheck payment, if applicable, was rejected.

**B.     Distribution to The Uber Rider Account**

67.     Account-Funded Class Members will receive the Settlement Share by payment to the Class Member's Uber Rider Account.

68.     Within forty-five (45) days of the Effective Date ("Payment Date"), Defendants will issue a payment equal to the Settlement Share to the Uber Rider Account of each Account-Funded Class Member ("URA Payment").  Defendants agree to process and pay for any and all costs and expenses associated with the effectuation of the URA Payment.  The URA Payment will be non-transferable.  The URA Payment will be applied to the first Uber Rideshare Service billed in the United States (Defendants will decrease the total amount charged for the Uber Rideshare Service by the amount of the URA Payment) to the Account-Funded Class Member's Uber Rider Account after the date the URA Payment becomes available on the Uber Rider Account of Class Members ("URA Payment Date").  In the event a Class Member does not utilize the Uber Rideshare Service within three hundred and sixty-five (365) days from the Payment Date (the "Last Use Date"), the URA

Payment will no longer be available on the Account-Funded Class Member's Uber Rider Account and will not be applied to any future Uber Rideshare Services, but instead will be distributed by a single attempt to pay the URA Payment via his or her U.S. credit card, U.S. debit card, PayPal account or other payment linked to the Account-Funded Class Member's Uber Payment Account, as set forth in Paragraphs 76-77. In the event an Account-Funded Class Member, as of the Payment Date, no longer has an Uber Rider Account, then his or her Settlement Share will be considered Residual Funds as defined in Paragraph 80 herein.

69. If by the Last Use Date, payment to a Class Member's Uber Payment Account is rejected or cannot be made, for any reason, then that amount will be considered Residual Funds as defined in Paragraph 80 herein.

70. Every thirty (30) days following the date on which Defendants issue the URA Payments to the Uber Rider Account of each Account-Funded Class Member, Defendants will provide Class Counsel and the Settlement Administrator an affidavit, under penalty of perjury, containing a list in a useable computer format identifying all Account-Funded Class Members (including, the unique identifier set by Defendants, name and e-mail address) whose URA Payment was applied towards Uber Rideshare Services billed to the Account-Funded Class Member's Uber Rider Account during the prior thirty (30) day period (the "Monthly Usage Report"). Defendants will provide Class Counsel and the Settlement Administrator a final Monthly Usage Report (the "Final Monthly Usage Report") no later than thirty-five (35) days after the Last Use Date.

71. Within seven (7) days of receipt of the Monthly Usage Report from Defendants, the Settlement Administrator shall: (i) confirm that all persons listed in the Monthly Usage Report is a Account-Funded Class Member; (ii) confirm that the URA Payment of all Account-Funded Class Members listed in the Monthly Usage Report was not previously applied towards Uber Rideshare Services billed to the Account-Funded Class Member's Uber Rider Account; and (iii) calculate the aggregate total of the URA Payments applied towards Uber Rideshare Services during the prior thirty (30) day period.

72. Within fourteen (14) business days of receipt of the Monthly Usage Report from Defendants, the Settlement Administrator shall provide the Parties with the following information:

(i) a list of persons, if any, listed in the Monthly Usage Report who are not an Account-Funded Class Member; (ii) a list of Account-Funded Class Members, if any, listed in the Monthly Usage Report whose Settlement Share was previously applied towards Uber Rideshare Services billed to the Account-Funded Class Member's Uber Rider Account; and (iii) the aggregate total of the Settlement Shares applied towards Uber Rideshare Services during the prior thirty (30) day period. The Parties will meet and confer, in good faith, to resolve any inconsistencies and discrepancies. No Class Members will receive payment to his or her PayPal Account, bank account via eCheck, if applicable, or URA Payment more than once.

73.     Within twenty-one (21) days of receipt of the Monthly Usage Report from Defendants, the Settlement Administrator will wire transfer to Defendants, from the Escrow Account, an amount equal to the aggregate total of the Settlement Shares applied towards Uber Rideshare Services during the prior thirty (30) day period.

**C.     Final Distribution to Account-Funded Class Members**

74.     Within fifteen (15) days after receiving from Defendants the Final Monthly Usage Report, the Settlement Administrator shall provide the Parties with a list identifying all Account-Funded Class Members (including, the unique identifier set by Defendants, name and e-mail address) whose URA Payment to the Uber Rider Account was not applied towards Uber Rideshare Services by the Last Use Date (the "Final Distribution Report").

75.     Within five (5) days after sending the Final Distribution Report, the Settlement Administrator will wire transfer to Defendants, from the Escrow Account, an amount equal to the total aggregate URA Payment of all Account-Funded Class Members identified in the Final Distribution Report, less the total estimated transaction cost of making these payments.

76.     Within ten (10) days after receiving the Final Distribution Report from the Settlement Administrator, Defendants will cause a payment, in the amount of the URA Payment less the average amount (or best estimated amount available) charged by Defendants' merchant service provides for the payment attempt ("Net URA Payment") to be issued to the Uber Payment Account of each Account-Funded Class Member identified in the Final Distribution Report.

77.     In the event the Net URA Payment to an Account-Funded Class Member identified

in the Final Distribution Report is rejected or cannot be made, for any reason, Defendants will (within thirty (30) days of such rejection) pay an amount equal to the aggregate of such rejected or unmade Net URA Payments to the Settlement Administrator to be deposited in the Escrow Account.

78.     Within twenty (20) days after receiving the Final Distribution Report from the Settlement Administrator, Defendants will provide Class Counsel and the Settlement Administrator an affidavit containing the following information: (i) a list in a useable computer format of all Account-Funded Class Members identified in the Final Distribution Report (including, the unique identifier set by Defendants, name and e-mail address) for whom Defendants were able to successfully issue the Net URA Payment to their respective Uber Payment Account; (ii) the total amount of successful Net URA Payments; (iii) a list in a useable computer format of all Account-Funded Class Members identified in the Final Distribution Report (including, the unique identifier set by Defendants, name and email address) for whom Defendants' attempt to issue the Net URA Payment to their Uber Payment Account was rejected; (iv) the total amount of unsuccuessful Net URA Payments; and (v) the total amount charged by Defendants' merchant services providers for the payment or attempted payment of the Net URA Payment to the Uber Payment Account of each Account-Funded Class Member identified in the Final Distribution Report.

79.     Within twenty-five (25) days after receipt of the Final Distribution Report, the Settlement Administrator shall pay, from the Escrow Account, to each of the merchant services providers identified in the affidavit referred to in Paragraph 78 herein, an amount equal to the amount charged by those providers for processing the payment or attempted payment of the Net URA Payment.

**D.     Distribution of the Residual**

80.     In the event the entire amount of the Settlement Fund Balance is not paid to Class Members' bank accounts via eCheck, if applicable, or by their PayPal Accounts, Uber Payment Accounts or Uber Rider Accounts, including, but not limited to, any funds remaining of the Settlement Fund Balance after all payments described in this Amended Stipulation of Settlement have been paid (the "Residual Funds"), the Settlement Administrator shall distribute the Residual Funds, subject to the Court's approval, to the following non-profit organization: National Consumer

Law Center.

81.     The Residual Funds will not be returned to Defendants.

## VI.     NOTICE OF THE SETTLEMENT

82.     Defendants shall comply with 28 U.S.C. §1715 ("CAFA").  No later than ten (10) days after this Agreement is filed with the Court, Defendants shall mail or cause the items specified in 28 U.S.C. §1715(b) to be mailed to each State and Federal official, as specified in 28 U.S.C. §1715(a).  All notification duties imposed by 28 U.S.C. §1715, including the corresponding expenses, shall be separate and in addition to any other obligation imposed herein.  Any and all cost or expense related to, either directly or indirectly, Defendants' compliance with CAFA shall be paid separately by Defendants, jointly and severally, in addition to the Settlement Fund and shall not be deducted from the Settlement Fund.

83.     Notice of the Settlement to the Class Members shall comply with Federal Rules of Civil Procedure and any other applicable statute, law, or rule, including but not limited to, the Due Process Clause of the United States Constitution.

84.     The Parties shall jointly recommend and retain Epiq Systems, Inc. to be the Settlement Administrator.  Following the Court's preliminary approval of this Amended Stipulation of Settlement and the Court's appointment of the proposed Settlement Administrator, the Settlement Administrator shall disseminate the Class Notice as provided for herein and in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," as specified in the Preliminary Approval Order and in this Amended Stipulation of Settlement, and in order to comply with all applicable laws, including, but not limited to, the Due Process Clause of the United States Constitution.

85.     Dissemination of the Class Notice:

(a)     *Class Member Information*: No later than ten (10) days after entry of the Preliminary Approval Order, Defendants shall provide the Settlement Administrator with the name, e-mail address, number of trips on an Uber Safe Ride Service taken by the Class Member during the class period, and a unique identifier to be agreed upon by Defendants and the Settlement Administrator (collectively, "Class Member Information") of each reasonably identifiable Class

Member that Defendants possess. No later than ten (10) days after entry of the Preliminary

Approval Order, Defendants shall also provide the Settlement Administrator with their best estimate

of the number of individuals who are Class Members and for whom Defendants do not have Class

Member Information.

(i)     Defendants warrant and represent that they will provide the most

current Class Member Information for all Class Members.

(b)     *Internet Website*: Prior to the dissemination of the Class Notice, the

Settlement Administrator shall establish an Internet website, www.RideShareSettlement.com, that

will inform Class Members of the terms of this Amended Stipulation of Settlement, their rights,

dates and deadlines and related information.  The website shall include, in .pdf format, the

following: (i) the Long Form Notice; (ii) the Payment Election Form; (iii) the Preliminary Approval

Order; (iv) this Amended Stipulation of Settlement (including all of its Exhibits), (v) the

Consolidated Class Action Complaint filed on January 7, 2016; and (vi) any other materials agreed

upon by the Parties and/or required by the Court.  The Internet website shall provide Class Members

with the ability to complete and submit the Payment Election Form electronically.  The Internet

website shall also make the Payment Election Form available for download.  Banner ads on the

Internet, if any, shall direct Class Members to the website.

(c)     *Toll Free Telephone Number*: Prior to the dissemination of the Class Notice,

the Settlement Administrator shall establish a toll-free telephone number, through which Class

Members may obtain information about the Action and the Settlement and request a mailed copy of

the Long Form Notice and/or the Payment Election Form, pursuant to the terms and conditions of

this Amended Stipulation of Settlement.

(d)     *Electronic (E-mail) and Publication*: Within thirty (30) days after the entry of

the Preliminary Approval Order and to be substantially completed not later than sixty (60) days

after entry of the Preliminary Approval Order, and subject to the requirements of this Amended

Stipulation of Settlement and the Preliminary Approval Order, the Parties will coordinate with the

Settlement Administrator to provide notice to the Class as follows:

(i)     E-mailing the Summary Notice, to all Class Members identified by

Defendants pursuant to Paragraph 85(a) herein and as specified in the Preliminary Approval Order and as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I";

(ii)     Publishing the Publication Notice and Banner Advertisements (attached hereto as Exhibit "H") in print publications and via Internet advertising, pursuant to the Preliminary Approval Order and as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I";

(iii)    Publishing, on or before the Notice Date, the Long Form Notice on the settlement website (www.RideShareSettlement.com), as specified in the Preliminary Approval Order and as set forth in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I"; and

(iv)    Providing the Internet address, in the Long Form Notice and the Summary Notice, to the settlement website (www.RideShareSettlement.com).

86.     The Long Form Notice:  The Long Form Notice shall be in a form substantially similar to the document attached to this Amended Stipulation of Settlement as Exhibit "E" and shall comport to the following:

(a)     General Terms:  The Long Form Notice shall contain a plain and concise description of the nature of the Action and the proposed Settlement, including information on the definition of the Class, the identity of Class Members, how the proposed Settlement would provide relief to Class Members, what claims are released under the proposed Settlement, and other relevant information.

(b)     Opt-Out Rights:  The Long Form Notice shall inform Class Members that they have the right to opt out of the Settlement.  The Long Form Notice shall provide the deadlines and procedures for exercising this right.

(c)     Objection to Settlement:  The Long Form Notice shall inform Class Members of their right to object to the proposed Settlement and appear at the Fairness Hearing.  The Class Notice shall provide the deadlines and procedures for exercising these rights.

(d)     Fees and Expenses:  The Long Form Notice shall inform Class Members that fees and expenses related to the Settlement Administrator will be deducted from the Settlement

Fund, the maximum amounts to be sought by Class Counsel as Attorneys' Fees and Expenses and individual Service Awards to Plaintiffs, and shall explain that the fees and expenses awarded to Class Counsel, and Service Awards to Plaintiffs, in addition to amounts being made available for relief to Class Members, will be deducted from the Settlement Fund and be paid out of the Settlement Fund.

(e)   Payment Election Form:  The Long Form Notice shall include the Payment Election Form, both of which shall inform the Class Member: (i) that he or she can elect to receive the Settlement Share by payment to the Class Member's PayPal Account, bank account via eCheck, if applicable, or by payment to the Uber Rider Account; (ii) that in order to receive the Settlement Share by payment to the Class Member's PayPal Account or bank account via eCheck, if applicable, the Class Member must fully complete and timely submit the Payment Election Form prior to the Payment Election Deadline; and (iii) that if the Class Member elects to receive the Settlement Share by a payment to the Class Member's PayPal Account or bank account via eCheck, if applicable, it is the responsibility of the Class Member to ensure that the payment information in the Class Member's Payment Election Form is current until such time as the payment of the Settlement Share has been issued.

87.   The Summary Notice:  The Settlement Administrator shall have the e-mailing and publication of the Summary Notice substantially completed pursuant to this Amended Stipulation of Settlement, the Preliminary Approval Order, and as described in the Declaration of the Settlement Administrator, attached hereto as Exhibit "I," and in such other method and manner as shall be agreed upon by the Parties.  The form of Summary Notice agreed upon by the Parties is in the form substantially similar to the one attached hereto as Exhibit "G."

88.   Reminder Notice to Account-Funded Class Members:  Three (3) days prior to the payment of the Net URA Payment to the Account-Funded Class Members' Uber Payment Account, the Settlement Administrator will email a reminder notice to all Account-Funded Class Members identified in the Final Distribution Report.  The Reminder Notice shall inform all Account-Funded Class Members identified in the Final Distribution Report: (i) that because the payment of the URA Payment was not applied towards Uber Rideshare Services billed to the Account-Funded Class

Member's Uber Rider Account by the Last Use Date, a single attempt to pay the URA Payment to the Account-Funded Class Member's Uber Payment Account will be made; (ii) that in order for the Account-Funded Class Member to receive payment of the Settlement Share *via* his or her Uber Payment Account, the Account-Funded Class Member must ensure that a default U.S. credit card, U.S. debit card, PayPal account, or other payment method linked to the Account-Funded Class Member's Uber Rider Account is current and accurate; and (iii) how to update the default U.S. credit card, U.S. debit card, PayPal account, or other payment method linked to the Account-Funded Class Member's Uber Rider Account.

## VII.   ATTORNEYS' FEES AND EXPENSES AND CLASS REPRESENTATIVE SERVICE AWARDS

89.   In recognition of the time and effort the representative Plaintiffs expended in pursuing this action and in fulfilling their obligations and responsibilities as class representatives, and of the benefits conferred on all Class Members by the Settlement, Class Counsel, may ask the Court for the payment of a Service Award from the Settlement Fund to each of the representative Plaintiffs.  The Service Award payments as awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account within seventeen (17) days after the Effective Date or within three (3) business days after the Court has entered an order awarding any Service Award to the representative Plaintiffs, whichever is later.

90.   Class Counsel will make an application to the Court for an award of Attorneys' Fees and Expenses in the Action incurred up to the submission of the application to the Court prior to the Fairness Hearing.  The amount of the Attorneys' Fees and Expenses will be determined by the Court, and in no event shall Defendants be obligated to pay any amount in excess of the Settlement Fund.

91.   Any Attorneys' Fees and Expenses awarded by the Court shall be deducted from the Settlement Fund and paid by the Settlement Administrator from the Escrow Account.  Such payment will be in lieu of statutory fees Plaintiffs and/or their attorneys might otherwise have been entitled to recover from Defendants.  This amount shall be inclusive of all fees and costs of Class Counsel to be paid by Defendants and/or the Settlement Fund in the Action.  Plaintiffs and Class

Counsel agree that Defendants shall not pay, or be obligated to pay, in excess of any award of Attorneys' Fees and Expenses by the Court, and that in no event shall Defendants be obligated to pay any amount in excess of the Settlement Fund.

92.     Any Attorneys' Fees and Expenses awarded by the Court shall be paid from the Settlement Fund within seventeen (17) days after the Effective Date or within three (3) business days after the Court has entered an order awarding any Attorneys' Fees and Expenses, whichever is later. Class Counsel shall have the sole and absolute discretion to allocate the Attorneys' Fees and Expenses amongst Class Counsel and any other attorneys for Plaintiffs. Defendants shall have no liability or other responsibility for allocation of any such Attorneys' Fees and Expenses awarded, and, in the event that any dispute arises relating to the allocation of fees, Class Counsel agree to indemnify and hold Defendants harmless from any and all such liabilities, costs, and expenses of such dispute.

93.     The procedure for and the allowance or disallowance by the Court of any application for attorneys' fees, costs, expenses, or reimbursement to be paid to Class Counsel are not part of the settlement of the Released Claims as set forth in this Amended Stipulation of Settlement, and are to be considered by the Court separately from the Court's consideration of the fairness, reasonableness, and adequacy of the settlement of the Released Claims as set forth in this Amended Stipulation of Settlement. Any such separate order, finding, ruling, holding, or proceeding relating to any such applications for attorneys' fees and expenses, or any separate appeal from any separate order, finding, ruling, holding, or proceeding relating to them or reversal or modification of them, shall not operate to terminate or cancel this Amended Stipulation of Settlement or otherwise affect or delay the finality of the Final Order and Final Judgment or the Settlement.

## VIII.   RELEASES AND DISMISSAL OF ACTION

94.     ***Release from Plaintiffs and Class Members to Defendants***. Upon the Effective Date, the Releasing Parties shall be deemed to have, and by operation of the Final Order and Final Judgment shall have, fully, finally and forever released, relinquished, and discharged all Released Claims against the Released Parties.

95.     With respect to the Released Claims, Plaintiffs and Class Members expressly waive

and relinquish the provisions, rights and benefits of section 1542 of the California Civil Code and any analogous law, statute, or rule.  Section 1542 states:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM OR HER MUST HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR.

Representative Plaintiffs fully understand that the facts in existence at the time this Amended Stipulation of Settlement is executed and entry of the Preliminary Approval Order may be different from the facts now believed by representative Plaintiffs to be true and expressly accept and assume the risk of this possible difference in facts and agree that this Amended Stipulation of Settlement remains effective despite any difference in facts.  In connection with such waiver and relinquishment, representative Plaintiffs hereby acknowledge that they are aware that they or their attorneys may hereafter discover claims or facts in addition to or different from those that they now know or believe exist with respect to the Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties.  In furtherance of such intention, the Release herein given by Plaintiffs and the Class Members to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts.  Representative Plaintiffs expressly acknowledge that they have been advised by Class Counsel of the contents and effect of Section 1542, and with knowledge, each of them hereby expressly waive whatever benefits they may have had pursuant to such section.  Further, Plaintiffs and the Class Members agree that this waiver is an essential and material term of this release and the Amended Stipulation of Settlement that underlies it and that without such waiver Defendants would not have accepted or agreed to the Amended Stipulation of Settlement.  Notwithstanding any provision of this paragraph, Plaintiffs and Class Members are not releasing any claims for personal injuries.

96.     ***Release from Defendants to Plaintiffs***. Upon the Effective Date, Defendants, on behalf of themselves, their heirs, executors, administrators, predecessors, successors and assigns,

shall release, forever discharge the Plaintiffs, Class Counsel, and their attorneys from and shall be forever barred from instituting, maintaining, or prosecuting the Defendants' Released Claims. "Defendants' Released Claims" means any and all claims, causes of action, cross-claims, counter claims, liens, demands, actions, causes of action, obligations, damages or liabilities of any nature whatsoever against Plaintiffs, Class Counsel and their attorneys, known or unknown, whether arising under any international, federal, state or local statute, ordinance, common law, regulation, principle of equity or otherwise, that arise out of or relate in any way, to the institution, filing, prosecution, or settlement of the Action.

97. Members of the Class who have opted out of the Settlement by the date set by the Court do not release their claims and will not obtain any benefits of the Settlement.

98. The Court shall enter an order retaining jurisdiction over the Parties to this Amended Stipulation of Settlement with respect to the enforcement and future performance of the terms of this Amended Stipulation of Settlement. In the event that any applications for relief are made, such applications shall be made to the Court.

99. Upon the Effective Date: (a) this Amended Stipulation of Settlement shall be the exclusive remedy for any and all Released Claims of Plaintiffs and Class Members; and (b) Plaintiffs and the Class Members stipulate to be and shall be permanently barred and enjoined by Court order from initiating, asserting, or prosecuting against the Released Parties in any federal or state court or tribunal any and all Released Claims.

100. Notwithstanding anything to the contrary in this Amended Stipulation of Settlement, nothing in this Amended Stipulation of Settlement shall release any claims that Defendants or any of the Released Parties have against their insurers, including, without limitation, under any policy issued to, or on behalf of, or for the benefit of, Defendants or any of the Released Parties.

## IX.    ADMINISTRATION OF THE SETTLEMENT

101. Because the names of Class Members and other personal information about them will be provided to the Settlement Administrator for purposes of providing cash benefits and processing opt out requests, the Settlement Administrator will execute a confidentiality and non-disclosure agreement with Defendants and Class Counsel and will ensure that any information

provided to it by Class Members will be secure and used solely for the purpose of effecting this Settlement.

102. In fulfilling its responsibilities in providing Class Notice, the Settlement Administrator shall be responsible for, without limitation, consulting on and designing the notice to the Class, including implementing the notice program set forth in the Declaration of the Settlement Administrator attached as Exhibit "I." In particular, the Settlement Administrator shall be responsible for: (a) arranging for the publication of the Summary Notice and dissemination of the Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Amended Stipulation of Settlement; (b) designing and implementing notice to the Class by various means as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Amended Stipulation of Settlement; (c) responding to requests from Class Counsel and/or Defense Counsel; and (d) otherwise implementing and/or assisting with the dissemination of the notice of the Settlement as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and pursuant to the requirements of this Amended Stipulation of Settlement.

103. The Settlement Administrator also shall be responsible for, without limitation, dissemination of Class Notice as set forth in the Declaration of the Settlement Administrator attached hereto as Exhibit "I" and implementing the terms of the payment election process and related administrative activities that include communications with Class Members concerning the Settlement, the payment election process, and their options thereunder. In particular, the Settlement Administrator shall be responsible for: (a) printing, e-mailing, mailing or otherwise arranging for the mailing of the Class Notice in response to Class Members' requests; (b) making any mailings required under the terms of this Amended Stipulation of Settlement; (c) establishing a settlement website (www.RideShareSettlement.com) that contains the Payment Election Form; (d) establishing a toll-free voice response unit with message and interactive voice response (IVR) capabilities to which Class Members may refer for information about the Action and the Settlement; (e) receiving and maintaining any Class Member correspondence regarding requests for exclusion to the Settlement; (f) forwarding inquiries from Class Members to Class Counsel for a response, if

warranted; (g) establishing an e-mail address and  post office box for the receipt of Payment

Election Forms, exclusion requests, and any correspondence; (h) reviewing Payment Election

Forms according to the review protocols agreed to by the Parties and set forth in this Amended

Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as

Exhibit "F"; and (i) otherwise implementing and/or assisting with the Payment Election Form

review process and the payment of Settlement Shares to Class Members.

104.    The Settlement Administrator shall administer the Settlement in accordance with the

terms of this Amended Stipulation of Settlement (including, but not limited to, the Settlement

Administration Protocol attached as Exhibit "F") and, without limiting the foregoing, shall:

(a)    Treat any and all documents, communications and other information and

materials received in connection with the administration of the Settlement as confidential and shall

not disclose any or all such documents, communications or other information to any person or entity

except as provided for in this Amended Stipulation of Settlement or by court order;

(b)    Receive requests for exclusion or opt out requests from Class Members and

provide to Class Counsel and Defense Counsel a copy thereof within three (3) days of receipt.  If

the Settlement Administrator receives any requests for exclusion or opt out request after the

deadline for the submission of such requests, the Settlement Administrator shall promptly provide

Class Counsel and Defense Counsel with copies thereof; and

(c)    Receive and maintain all correspondence from any Class Member regarding

the Settlement.

105.    The Settlement Administrator shall be reimbursed from the Settlement Fund up to

the amount specified in the Declaration of the Settlement Administrator, attached hereto as

Exhibit "I" toward reasonable costs, fees, and expenses of providing notice to the Class and

administering the Settlement in accordance with this Amended Stipulation of Settlement.

106.    Each Class Member may submit a Payment Election Form.  Class Members must

follow and abide by the instructions set forth in the Payment Election Form.  When requested in the

Payment Election Form, the Payment Election Form shall include an attestation, substantially in the

following form: "I declare under penalty of perjury that the information provided above is true and

accurate." Payment Election Forms will be: (a) included on the settlement website (www.RideShareSettlement.com) to be designed and administered by the Settlement Administrator; and (b) made readily available from the Settlement Administrator, as provided in the Preliminary Approval Order. In the Summary Notice that will be emailed pursuant to the Paragraph 85(d)(i) herein, each Class Member shall be provided a unique individualized number, referred to as a Claim Number. In the event a Class Member does not have his or her Claim Number, that Class Member's Payment Election Form must include proof(s) of purchase for each Uber Ride Service With A Safe Rides Fee that the Class Member claims compensation for pursuant to the terms and conditions of this Settlement.

107. Payment Election Forms that do not meet the requirements set forth in this Amended Stipulation of Settlement and in the Payment Election Form instructions shall be rejected. Where a good faith basis exists, the Settlement Administrator may reject a Class Member's Payment Election Form for, among other reasons (including those set forth in the Settlement Administration Protocol, attached hereto as Exhibit "F"), the following:

     (a)     Failure to fully complete and/or sign the Payment Election Form;

     (b)     Illegible Payment Election Form;

     (c)     The person submitting the Payment Election Form is not a Class Member;

     (d)     The Payment Election Form is fraudulent;

     (e)     The Payment Election Form is duplicative of another Payment Election Form;

     (f)     The person submitting the Payment Election Form requests that payment be made to a person or entity other than the Class Member for whom the Payment Election Form is submitted;

     (g)     Failure to submit a Payment Election Form by the Payment Election Deadline; and/or

     (h)     The Payment Election Form otherwise does not meet the requirements of this Amended Stipulation of Settlement.

108.     The Settlement Administrator shall determine whether a Payment Election Form meets the requirements set forth in this Amended Stipulation of Settlement.  Each Payment Election Form shall be submitted to and reviewed by the Settlement Administrator, who shall determine (in accordance with this Amended Stipulation of Settlement and the Settlement Administration Protocol, attached hereto as Exhibit "F") the extent, if any, to which the election shall be allowed.

109.     Payment Election Forms that do not meet the terms and conditions of this Amended Stipulation of Settlement shall be promptly rejected by the Settlement Administrator.  The Settlement Administrator shall have ten (10) days from the Payment Election Deadline to exercise the right of rejection.  The Settlement Administrator shall notify the Class Member using the contact information provided in the Payment Election Form of the rejection.  Class Counsel and Defense Counsel shall be provided with copies of all such notifications to Class Members.  If any Class Member whose Payment Election Form has been rejected, in whole or in part, desires to contest such rejection, the Class Member must, within ten (10) business days from receipt of the rejection, transmit to the Settlement Administrator by e-mail or U.S. mail a notice and statement of reasons indicating the  grounds for contesting the rejection, along with any supporting documentation, and requesting further review by the Settlement Administrator, in consultation with Class Counsel and Defense Counsel, of the denial of the Payment Election Form.  If Class Counsel and Defense Counsel cannot agree on a resolution of the Class Member's notice contesting the rejection, the disputed Payment Election Form shall be presented to the Court or a referee appointed by the Court for summary and non-appealable resolution.

110.     No person shall have any claim against Defendants, Defense Counsel, Plaintiffs, Class Counsel, the Class, and/or the Settlement Administrator based on any eligibility determinations, distributions, or awards made in accordance with this Amended Stipulation of Settlement.  This provision does not affect or limit in any way the right of review by the Court or referee of any disputed Payment Election Forms as provided in this Amended Stipulation of Settlement.

111.     Any Class Member who fails to submit a Payment Election Form by the Payment Election Deadline shall become an Account-Funded Class Member and will receive the Settlement

Share by payment to the Class Member's Uber Rider Account. A Payment Election Form may be submitted electronically at the settlement website (www.RideShareSettlement.com) to be designed and administered by the Settlement Administrator. The Payment Election Form shall be deemed to have been submitted when it is actually received by the Settlement Administrator.

112. Class Counsel and Defense Counsel shall have the right to inspect the Payment Election Forms and supporting documentation received by the Settlement Administrator at any time upon reasonable notice.

113. Any Class Member who, in accordance with the terms and conditions of this Amended Stipulation of Settlement, does not seek exclusion from the Class will be bound together with all Class Members by all of the terms of this Amended Stipulation of Settlement, including the terms of the Final Order and Final Judgment to be entered in the Action and the releases provided for herein, and will be barred from bringing any action in any forum (state or federal) against any of the Released Parties concerning the Released Claims.

114. Not later than fourteen (14) days before the date of the Fairness Hearing, the Settlement Administrator shall file with the Court a document: (a) containing a list of those persons who have opted out or excluded themselves from the Settlement; (b) stating the total estimated number of Class Members, and (c) the details regarding the number of valid Payment Election Forms received and processed by the Settlement Administrator.

115. The Settlement Administrator may retain one or more persons to assist in the completion of its responsibilities.

116. If the Settlement is not approved or for any reason the Effective Date does not occur, no payments or distributions of any kind shall be made pursuant to this Amended Stipulation of Settlement, except for the costs and expenses of the Settlement Administrator, which shall be paid out of the Escrow Account, and for which Plaintiffs and/or Class Counsel are not responsible. In the event the Settlement Administrator fails to perform its duties, and/or makes a material or fraudulent misrepresentation to, or conceals requested material information from, Class Counsel, Defendants, and/or Defense Counsel, then the party to whom the misrepresentation is made shall, in addition to any other appropriate relief, have the right to demand that the Settlement Administrator

immediately be replaced.  No party shall unreasonably withhold consent to remove the Settlement Administrator.  The Parties will attempt to resolve any disputes regarding the retention or dismissal of the Settlement Administrator in good faith, and, if they are unable to do so, will refer the matter to the Court for resolution.

117.    The Settlement Administrator shall coordinate with Defense Counsel to provide notice as required by 28 U.S.C. § 1715, and all costs associated thereto shall be paid by Defendants, in addition to Defendants' obligation to create/pay the Settlement Fund.

118.    Defendants and the Released Parties are not obligated to (and will not be obligated to) compute, estimate, or pay any taxes on behalf of any Plaintiff, any Class Member, Class Counsel, Class Counsel, and/or the Settlement Administrator.

## X.    OBJECTIONS AND OPT-OUTS BY CLASS MEMBERS

119.    Any written objection to the Settlement must (i) clearly identify the case name and number; (ii) be submitted to the Court by filing the written objection through the Court's Case Management/Electronic Case Files ("CM/ECF") system, by mailing the written objection to the Class Action Clerk for United States District Court for the Northern District, or by filing the written objection in person at any location of the United States District Court for the Northern District of California; and (iii) be filed or postmarked on or before the objection deadline provided in the Court's Preliminary Approval Order.  Only Settlement Class Members who do not Opt-Out may file objections.  To the extent a timely objection is withdrawn before final approval, such an objection shall be treated as though no objection has been made.

120.    The Parties shall request that the Court allow any interested party to file a reply to any objection, no later than seven (7) days before the Fairness Hearing, or as the Court may otherwise direct.

121.    Members of the Class may elect to opt out of the Settlement, relinquishing their rights to benefits hereunder.  Members of the Class who opt out of the Settlement will not release their claims pursuant to this Amended Stipulation of Settlement.  Class Members wishing to opt out of the Settlement must send to the Settlement Administrator by U.S. mail (to the address provided in the Class Notice) a letter including (a) their full name; (b) the email address and/or telephone

number associated with their Uber Rider Account; (c) a clear statement communicating that they elect to be excluded from the Class, do not wish to be a Class Member, and elect to be excluded from any judgment entered pursuant to the Settlement; (d) the case name and case number (*McKnight et al. v. Uber Technologies, Inc. et al.*, No. 3:14-cv-05615-JST); and (e) their signature. Any request for exclusion or opt out must be postmarked on or before the exclusion or opt out deadline provided in the Court's Preliminary Approval Order. The date of the postmark on the return-mailing envelope shall be the exclusive means used to determine whether a request for exclusion has been timely submitted. Members of the Class who fail to submit a valid and timely request for exclusion on or before the date specified in the Court's Preliminary Approval Order shall be bound by all terms of this Amended Stipulation of Settlement and the Final Order and Final Judgment, regardless of whether they have requested exclusion from the Settlement.

122.    Any member of the Class who submits a timely request for exclusion or opt out may not file an objection to the Settlement and shall be deemed to have waived any rights or benefits under this Amended Stipulation of Settlement.

123.    The Settlement Administrator shall promptly provide copies of all requests for exclusion, objections, and/or related correspondence from Class Members to Class Counsel and Defense Counsel. Not later than three (3) business days after the deadline for submission of requests for exclusion or opt out, the Settlement Administrator shall provide to Class Counsel and Defense Counsel a complete opt out list together with copies of the opt out requests.

124.    On the date set forth in the Preliminary Approval Order, a Fairness Hearing shall be conducted to determine final approval of the Settlement. A motion in support of final approval of the Settlement shall be filed no later than seven (7) days before the Fairness Hearing. A motion for Service Awards to the Plaintiffs and an award of Attorneys' Fees and Expenses to Class Counsel shall be filed no later than fourteen (14) before deadline to object or opt-out of the Settlement. Upon final approval of the Settlement by the Court at or after the Fairness Hearing, the Parties shall present the Final Order and Final Judgment, substantially in the form attached to this Amended Stipulation of Settlement as Exhibits "A" and "B," and a final order approving the Attorneys' Fees and Expenses and the Service Awards, to the Court for approval and entry.

# XI. SCOPE AND EFFECT OF CONDITIONAL CERTIFICATION OF THE CLASS SOLELY FOR PURPOSES OF SETTLEMENT

125.    For purposes of settlement only, the Parties agree to seek provisional certification of the Class. The Parties further agree that the Court should make preliminary findings and enter the Preliminary Approval Order (substantially in the form attached at Exhibit "D") granting provisional certification of the Class subject to final findings and ratification in the Final Order and Final Judgment, and appointing the representative Plaintiffs as the representatives of the Class and Class Counsel as counsel for the Class.

126.    Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action. Defendants' agreement to conditional certification does not constitute an admission of wrongdoing, fault, liability, or damage of any kind to Plaintiffs or any of the putative class members.

127.    If this Amended Stipulation of Settlement is terminated pursuant to its terms, disapproved by any court (including any appellate court), and/or not consummated for any reason, or the Effective Date for any reason does not occur, the order certifying the Class for purposes of effectuating this Amended Stipulation of Settlement, and all preliminary and/or final findings regarding that class certification order, shall be automatically vacated upon notice of the same to the Court, the Action shall proceed as though the Class had never been certified pursuant to this Amended Stipulation of Settlement and such findings had never been made, and the Action shall return to the procedural status quo in accordance with this paragraph.  Class Counsel shall not refer to or invoke the vacated findings and/or order relating to class settlement in the event this Amended Stipulation of Settlement is not consummated and the case is later litigated and contested by Defendants.

## XII. MODIFICATION OR TERMINATION OF THE SETTLEMENT

128.    The terms and provisions of this Amended Stipulation of Settlement may be amended, modified, or expanded by written agreement of the Parties and approval of the Court; provided, however that, after entry of the Final Order and Final Judgment, the Parties may by written agreement effect such amendments, modifications, or expansions of this Amended

Stipulation of Settlement and its implementing documents (including all exhibits hereto) without further notice to the Class or approval by the Court if such changes are consistent with the Court's Final Order and Final Judgment and do not materially alter, reduce or limit the rights of Class Members under this Amended Stipulation of Settlement.

129.    In the event the terms or conditions of this Amended Stipulation of Settlement, *other than* terms pertaining to the Attorneys' Fees and Expenses and/or Service Awards, are materially modified by any court, either party in its sole discretion to be exercised within fourteen (14) days after such a material modification may declare this Stipulation of Settlement null and void (with the exception of Paragraphs 101, 104(a), 126, 127, 131, 132, 152, and 154 herein).  In the event that a party exercises his/her/its option to withdraw from and terminate this Amended Stipulation of Settlement, then the Settlement proposed herein shall become null and void (with the exception of Paragraphs 101, 104(a), 126, 127, 131, 132, 152, and 154 herein) and shall have no force or effect, the Parties shall not be bound by this Amended Stipulation of Settlement, and the Parties will be returned to their respective positions existing immediately before the execution of this Amended Stipulation of Settlement.  Notwithstanding the foregoing Paragraph 129, in the event this Amended Stipulation of Settlement is not approved by any court, or the Settlement set forth in this Amended Stipulation of Settlement is declared null and void, or in the event that the Effective Date does not occur, Class Members, Plaintiffs, and Class Counsel shall not in any way be responsible or liable for any costs of notice and administration associated with this Settlement or this Amended Stipulation of Settlement, except that each Party shall bear its own attorneys' fees and costs and Defendants' future payment obligations shall cease.

130.    Notwithstanding any other provision of this Stipulation of Settlement, if more than five percent (5%) of the Class opt out of the Settlement, Defendants, in their sole discretion, may rescind and revoke the entire Settlement and this Stipulation of Settlement, thereby rendering the Settlement null and void in its entirety (with the exception of Paragraphs 101, 104(a), 126, 127, 131, 132, 152, and 154 herein), by sending written notice that Defendants revoke the settlement pursuant to this paragraph to Class Counsel within five (5) business days following the date the Settlement Administrator informs Defendants of the number of members of the Class who have requested to

opt out of the Settlement pursuant to the provisions set forth above.  If Defendants rescind the Settlement pursuant to this paragraph, they shall have no further obligations to pay the Settlement Fund and shall be responsible for only the fees and expenses actually incurred by the Settlement Administrator, which will be paid out of the Escrow Account, and for which Plaintiffs and their Counsel are not liable.

## XIII.   SETTLEMENT NOT EVIDENCE AGAINST PARTIES

131.    The Parties expressly acknowledge and agree that this Amended Stipulation of Settlement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, information exchanged, and correspondence relating thereto, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408, the mediation privilege, and any equivalent state law or rule.  In no event shall this Amended Stipulation of Settlement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Action, any other action, or in any judicial, administrative, regulatory or other proceeding, except that this Amended Stipulation of Settlement is intended to be admissible and subject to disclosure for the purpose of carrying out the Settlement, in a proceeding to enforce this Amended Stipulation of Settlement or the rights of the Parties or their counsel, and by Defendants in connection with any claim or action relating to Defendants' insurance coverage for the Settlement.  Without limiting the foregoing, neither this Amended Stipulation of Settlement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any person or entity, including, but not limited to, Defendants, the Released Parties, Plaintiffs, or the Class, or as a waiver by Defendants, the Released Parties, Plaintiffs, or the Class of any applicable privileges, claims or defenses.

132.    The provisions contained in this Amended Stipulation of Settlement are not and shall not be deemed a presumption, concession, or admission by Defendants of any default, liability or wrongdoing as to any facts or claims alleged or asserted in the Action, or in any actions or proceedings, nor shall they be interpreted, construed, deemed, invoked, offered, or received in

evidence or otherwise used by any person in the Action, or in any other action or proceeding, whether civil, criminal or administrative, except that Defendants may file this Amended Stipulation of Settlement or the Final Judgment in any action that may be brought against any Released Parties in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar, or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim. Defendants expressly deny the allegations in the Action. Defendants do not admit that they or any of the Released Parties have engaged in any wrongful activity or that any person has sustained any damage by reason of any of the facts complained of in the Action. Defendants do not consent to certification of the Class for any purpose other than to effectuate the Settlement of the Action.

### XIV. BEST EFFORTS

133. Class Counsel shall take all necessary actions to accomplish approval of the Settlement, the Class Notice, and dismissal of the Action. The Parties (including their counsel, successors, and assigns) agree to cooperate fully and in good faith with one another and to use their best efforts to effectuate the Settlement, including without limitation in seeking preliminary and final Court approval of this Amended Stipulation of Settlement and the Settlement embodied herein, carrying out the terms of this Amended Stipulation of Settlement, and promptly agreeing upon and executing all such other documentation as may be reasonably required to obtain final approval by the Court of the Settlement. In the event that the Court fails to approve the Settlement or fails to issue the Final Order and Final Judgment, the Parties agree to use all reasonable efforts, consistent with this Amended Stipulation of Settlement and subject to Paragraph 129, to cure any defect identified by the Court.

134. Each Party will cooperate with the other party in connection with effectuating the Settlement or the administration of claims thereunder. Any requests for cooperation shall be narrowly tailored and reasonably necessary for the requesting Party to recommend the Settlement to the Court, and to carry out its terms.

## XV.   MISCELLANEOUS PROVISIONS

135.   The Parties agree that the recitals are contractual in nature and form a material part of this Amended Stipulation of Settlement.

136.   This Amended Stipulation of Settlement and its accompanying Exhibits set forth the entire understanding of the Parties.  No change to or termination of this Amended Stipulation of Settlement shall be effective unless in writing and signed by Class Counsel and Defense Counsel. No extrinsic evidence or parol evidence shall be used to interpret this Amended Stipulation of Settlement.

137.   Any and all previous agreements and understandings between or among the Parties regarding the subject matter of this Amended Stipulation of Settlement, whether written or oral, are superseded and hereby revoked by this Amended Stipulation of Settlement.  The Parties expressly agree that the terms and conditions of this Amended Stipulation of Settlement will control over any other written or oral agreements.

138.   This Settlement may not be changed, altered, or modified, except in writing and signed by the Parties and approved by the Court.  This Settlement may not be discharged except by performance in accordance with its terms or by a writing signed by the Parties.

139.   All of the Parties warrant and represent that they are agreeing to the terms of this Amended Stipulation of Settlement based upon the legal advice of their respective attorneys, that they have been afforded the opportunity to discuss the contents of this Amended Stipulation of Settlement with their attorneys and that the terms and conditions of this document are fully understood and voluntarily accepted.

140.   The waiver by any Party of a breach of any term of this Amended Stipulation of Settlement shall not operate or be construed as a waiver of any subsequent breach by any party. The failure of a Party to insist upon strict adherence to any provision of this Amended Stipulation of Settlement shall not constitute a waiver or thereafter deprive such Party of the right to insist upon strict adherence.

141.   The Parties represent, covenant, and warrant that they have not directly or indirectly, assigned, transferred, encumbered, or purported to assign, transfer, or encumber to any person or

entity any portion of any claims, causes of action, demands, rights, and liabilities of every nature and description released under this Settlement.

142.   This Settlement will be binding upon and will inure to the benefit of the Parties and their respective heirs, trustees, executors, administrators, successors and assigns.

143.   The headings in this Amended Stipulation of Settlement are inserted merely for the purpose of convenience and shall not affect the meaning or interpretation of this document.

144.   Any exhibits to this Amended Stipulation of Settlement are hereby incorporated and made a part of this Amended Stipulation of Settlement.

145.   This Amended Stipulation of Settlement shall be governed and construed in accordance with the internal laws (as opposed to the conflicts of law provisions) of the State of California.

146.   All agreements made and orders entered during the course of the litigation of the Actions relating to the confidentiality of information shall survive this Amended Stipulation of Settlement.

147.   All reference to "days" in this Amended Stipulation of Settlement shall refer to calendar days, unless otherwise specified, provided that if a deadline provided for in the Amended Stipulation of Settlement falls on a weekend or holiday, that deadline shall be the next day that is not a weekend or holiday.

148.   This Amended Stipulation of Settlement may be executed with facsimile signatures and in counterparts, each of which shall be deemed an original and all of which, when taken together, shall constitute one and the same instrument.  The date of execution shall be the latest date on which any Party signs this Amended Stipulation of Settlement.

149.   This Amended Stipulation of Settlement has been negotiated among and drafted by Class Counsel and Defense Counsel.  Plaintiffs, Class Members, and Defendants shall not be deemed to be the drafter of this Amended Stipulation of Settlement or of any particular provision, nor shall they argue that any particular provision should be construed against its drafter or otherwise resort to the *contra proferentem* canon of construction.  Accordingly, this Amended Stipulation of Settlement should not be construed in favor of or against one Party as to the drafter, and the Parties

agree that the provisions of California Civil Code § 1654 and common law principles of construing ambiguities against the drafter shall have no application. All Parties agree that counsel for the Parties drafted this Amended Stipulation of Settlement during extensive arms' length negotiations. No parol or other evidence may be offered to explain, construe, contradict, or clarify its terms, the intent of the Parties or their counsel, or the circumstances under which this Amended Stipulation of Settlement was made or executed.

150.    Defendants represent and warrant that the individual(s) executing this Amended Stipulation of Settlement are authorized to enter into this Amended Stipulation of Settlement on behalf of Defendants. The signatories to this Settlement hereby represent that they are fully authorized to enter into this Settlement on behalf of themselves or their respective principals.

151.    Any disagreement and/or action to enforce this Amended Stipulation of Settlement shall be commenced and maintained only in the Court in which this Action is pending.

152.    Whenever this Amended Stipulation of Settlement requires or contemplates that one of the Parties shall or may give notice to the other, notice shall be provided by e-mail and/or next-day (excluding Saturdays, Sundays and Legal Holidays) express delivery service as follows:

Upon Class Counsel at:

> Robert R. Ahdoot
> rahdoot@ahdootwolfson.com
> Tina Wolfson
> twolfson@ahdootwolfson.com
> AHDOOT & WOLFSON, PC
> 1016 Palm Avenue
> West Hollywood, CA  90069
>
> Mike Arias
> mike@asstlawyers.com
> Alfredo Torrijos
> alfredo@asstlawyers.com
> ARIAS, SANGUINETTI, STAHLE & TORRIJOS, LLP
> 6701 Center Drive West, 14th Floor
> Los Angeles, CA  90045

Upon Defense Counsel at:

    Andra B. Greene
    agreene@irell.com
    Alvin Matthew Ashley
    mashley@irell.com
    IRELL & MANELLA, LLP
    840 Newport Center Drive, Suite 400
    Newport Beach, CA 92660

153.    The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Amended Stipulation of Settlement.

154.    The Court has jurisdiction over the Parties to this Stipulation of Settlement and the Class.

155.    The Parties believe that this Amended Stipulation of Settlement is a fair, adequate, and reasonable settlement of the Action, and they have arrived at this Settlement through arms'-length negotiations, taking into account all relevant factors, present and potential.

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____          _____

Nate Coolidge
Plaintiff

Dated: _____          _____

Byron McKnight
Plaintiff

Dated: _____          _____

Ernesto Mejia
Plaintiff

Dated: _____          _____

Julian Mena
Plaintiff

Dated: _____          _____

Todd Schreiber
Plaintiff

**DEFENDANTS**

Dated: _____          _____

Uber Technologies, Inc.

By:
Its:

50
AMENDED STIPULATION OF SETTLEMENT (CASE NO. 3:14-cv-05615-JST)

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____

_____
Nate Coolidge
Plaintiff

Dated: June 1, 2017

_____
Byron McKnight
Plaintiff

Dated: _____

_____
Ernesto Mejia
Plaintiff

Dated: _____

_____
Julian Mena
Plaintiff

Dated: _____

_____
Todd Schreiber
Plaintiff

**DEFENDANTS**

Dated: _____

_____

Uber Technologies, Inc.

By:
Its:

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____        _____

Nate Coolidge
Plaintiff

Dated: May 31, 2017           _____

Byron McKnight
Plaintiff

Dated: _____        *Ernesto Mejia*_____

Ernesto Mejia
Plaintiff

Dated: _____        _____

Julian Mena
Plaintiff

Dated: _____        _____

Todd Schreiber
Plaintiff

**DEFENDANTS**

Dated: _____        _____

Uber Technologies, Inc.

By:
Its:

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____        _____

Nate Coolidge
Plaintiff

Dated: _____        _____

Byron McKnight
Plaintiff

Dated: _____        _____

Ernesto Mejia
Plaintiff

Dated: _____        _____

Julian Mena
Plaintiff

Dated: _____        _____

Todd Schreiber
Plaintiff

**DEFENDANTS**

Dated: _____        _____

Uber Technologies, Inc.

By:
Its:

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____          _____
                                Nate Coolidge
                                Plaintiff

Dated: _____          _____
                                Byron McKnight
                                Plaintiff

Dated: _____          _____
                                Ernesto Mejia
                                Plaintiff

Dated: _____          _____
                                Julian Mena
                                Plaintiff

Dated: 5/31/17                  _____
                                Todd Schreiber
                                Plaintiff

**DEFENDANTS**

Dated: _____          _____

                                Uber Technologies, Inc.

                                By:
                                Its:

IN WITNESS WHEREOF, the Parties hereto, by and through their respective attorneys, and intending to be legally bound hereby, have duly executed this Amended Stipulation of Settlement as of the date set forth below.

**PLAINTIFFS**

Dated: _____    _____
                          Nate Coolidge
                          Plaintiff

Dated: _____    _____
                          Byron McKnight
                          Plaintiff

Dated: _____    _____
                          Ernesto Mejia
                          Plaintiff

Dated: _____    _____
                          Julian Mena
                          Plaintiff

Dated: _____    _____
                          Todd Schreiber
                          Plaintiff

**DEFENDANTS**

Dated: _____    _____s/ Gautam Gupta_____

                          Uber Technologies, Inc.

                          By:    Gautam Gupta
                          Its:   Head of Finance

50

AMENDED STIPULATION OF SETTLEMENT (CASE NO. 3:14-cv-05615-JST)

Dated: _____          _____s/ Gautam Gupta_____

                                Rasier, LLC

                                By:  Gautam Gupta
                                Its:  Head of Finance

                                **CLASS COUNSEL**

Dated: _____          _____
                                By: Robert Ahdoot
                                **AHDOOT & WOLFSON, PC**
                                Attorneys for Plaintiffs and the Class

Dated: _____          _____
                                By: Alfredo Torrijos
                                **ARIAS, SANGUENETTI, STAHLE & TORRIJOS, LLP**
                                Attorneys for Plaintiffs and the Class

Dated: _____          _____
                                By: Nicholas Coulson
                                **LIDDLE & DUBIN, PC**
                                Attorneys for Plaintiffs and the Class

Dated: _____                    _____

                                          Rasier, LLC

                                          By: _____
                                          Its: _____

                                          <u>CLASS COUNSEL</u>

Dated: 6-1-17                             _____
                                          By:  Robert Ahdoot
                                          **AHDOOT & WOLFSON, PC**
                                          Attorneys for Plaintiffs and the Class

Dated: _____                    _____
                                          By:  Alfredo Torrijos
                                          **ARIAS, SANGUENETTI, STAHLE & TORRIJOS,**
                                          **LLP**
                                          Attorneys for Plaintiffs and the Class

Dated: _____                    _____
                                          By:  Nicholas Coulson
                                          **LIDDLE & DUBIN, PC**
                                          Attorneys for Plaintiffs and the Class

Dated: _____          _____

Rasier, LLC

By:
Its:

**CLASS COUNSEL**

Dated: _____          _____

By: Robert Ahdoot
**AHDOOT & WOLFSON, PC**
Attorneys for Plaintiffs and the Class

Dated: June 1, 2017          _____

By: Alfredo Torrijos
**ARIAS, SANGUENETTI, STAHLE & TORRIJOS, LLP**
Attorneys for Plaintiffs and the Class

Dated: _____          _____

By: Nicholas Coulson
**LIDDLE & DUBIN, PC**
Attorneys for Plaintiffs and the Class

Dated: _____     _____

Rasier, LLC

By: _____
Its: _____

**CLASS COUNSEL**

Dated: _____     _____

By: Robert Ahdoot
**AHDOOT & WOLFSON, PC**
Attorneys for Plaintiffs and the Class

Dated: _____     _____

By: Alfredo Torrijos
**ARIAS, SANGUENETTI, STAHLE & TORRIJOS, LLP**
Attorneys for Plaintiffs and the Class

Dated: 6/1/17     _____

By: Nicholas Coulson
**LIDDLE & DUBIN, PC**
Attorneys for Plaintiffs and the Class

**DEFENSE COUNSEL**

Dated:   6/1/17

By:  Alvin Matthew Ashley
**IRELL & MANELLA, LLP**
Attorneys for Defendants, Uber Technologies, Inc. and
Rasier, LLC