UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' DISCOVERY LETTER BRIEF**<br><br>Re: ECF Nos. 259, 337, 340 |

On March 1, 2024, the Court granted in part, deferred in part, and denied in part Plaintiffs' Motion to Enforce Pretrial Order (PTO) No. 5 Related to Government Investigation Documents (Motion to Enforce). *See* ECF Nos. 259, 327. Specifically, the Court deferred ruling on whether PTO No. 5 requires Defendants Uber Technologies, Inc., Rasier, LLC, and RasierCA, LLC's (collectively, Uber) to produce in this MDL the documents Uber provided to the District Attorney's Offices for the Cities and Counties of San Francisco and Los Angeles (jointly, the District Attorneys), in response to a joint investigation conducted in or around 2014–2016. ECF No. 327 at 2.[1] Per the Court's order, Uber filed a copy of correspondence it received in 2014 from the District Attorneys regarding their joint investigation of Uber relating to certain of Uber's marketing practices at the time. ECF No. 333. Uber then filed a letter to the Court with its position on whether the 2014 investigation is within the purview of PTO No. 5. ECF No. 337. Plaintiffs filed a Discovery Letter Brief with their response to Uber's position the next business day.[2] ECF No. 340. Plaintiffs requested that the Court order Uber to produce all materials

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

[2] Plaintiffs concurrently filed with the Discovery Letter Brief an Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. ECF No. 339. They filed under

produced to the District Attorneys within seven days and "certify compliance." *Id.* at 2–3.

Having read the papers filed by the parties and carefully considered their arguments and relevant authority, pursuant to PTO No. 5, Paragraphs 6.B and C, Plaintiffs' requests for relief as set forth in their Motion to Enforce and Discovery Letter Brief, ECF Nos. 259 and 340, are **GRANTED IN PART** and **DENIED IN PART** as to documents produced to the District Attorneys**.** Uber shall produce to Plaintiffs within seven days from the date of this Order, all documents and any associated privilege logs that it produced in *The People of the State of California v. Uber Technologies, Inc., et al.*, Case No. CGC-14-5430120 (SF Super. Ct.), and all documents and any associated privilege logs turned over to the District Attorneys in response to their pre-complaint investigation of Uber and post-stipulated judgment review, where those documents concern (a) sexual assault, (b) the "Safe Rides Fee," or (c) any alleged systemic failures to warn or to address sexual assault due to inadequate safety measures, such as defective background checks.

Uber contends that the Court is addressing relief that Plaintiffs did not request in their Motion to Enforce. Not so. Throughout their meet and confer with Uber, Plaintiffs made clear that they were seeking documents that Uber had previously provided to the San Francisco and Los Angeles District Attorneys. ECF No. 266-2 at 3–4. Moreover, Uber is the party that raised the issue of whether the District Attorneys' joint investigation fell within the purview of PTO No. 5 in its Opposition to the Motion to Enforce (ECF No. 287 at 13, n.5), and Plaintiffs made clear at the hearing that they believed documents produced to the District Attorneys should be produced here.

More importantly, the District Attorneys' joint investigation and enforcement action overlap with this MDL. ECF Nos. 331-1 at 2, 340-1. PTO No. 5 requires Uber to produce documents that it previously produced in response to earlier government investigations and lawsuits that also addressed the same issues as the ones in the current MDL. Paragraph 6.B of PTO No. 5 requires Uber to promptly produce to Plaintiffs information that it previously produced

---

seal portions of the Discovery Letter Brief as well as one of the exhibits, Exhibit B. *Id.* Pursuant to Civil L.R. 79-5(f)(3), Uber, as the "Designating Party," must file a statement and/or declaration in supporting of sealing. Uber's statement and/or declaration is due by March 18, 2024.

to "enforcement entities in connection with government investigations . . . with respect to sexual assault[.]" ECF No. 175 at 3–4. "The disclosures should encompass investigations . . . pertaining to alleged systemic failure to address patterns of sexual assault against passengers." *Id.* at 4. Moreover, Paragraph 6.C of PTO No. 5 requires Uber to produce other case documents, namely "all documents Defendants produced in any other Uber sexual assault cases . . . and any other cases about 'Safe Rides Fees.'" *Id.* In the District Attorneys' Amended Complaint, allegations overlap with the MDL in that they concern the effectiveness of Uber's background checks to protect passengers, and other aspects of Uber services that expose passengers to a risk of sexual assault. *See* ECF No. 340-1 (Am. Compl.) ¶¶ 22, 26, 62, 72–74, 77, 107-108. In addition, pursuant to the Stipulated Judgement that Uber entered into with the District Attorneys, Uber was subject to two review periods in which it was required to produce, among other things, a copy of every representation it made in a corporate publication regarding the safety of transportation arranged through Uber and measures it takes to ensure customer safety. ECF No. 340-6 at 20. Indeed, the District Attorneys' precursor investigation examined Uber's background check processes and whether Uber misled the public regarding its purported "industry leading" practices. ECF No. 333-1 at 2. Uber's argument as to the meaning of PTO No. 5, Paragraphs 6.B and C, specifically the "other cases provision," and how this places the District Attorneys' joint investigation and enforcement action outside of the scope of PTO No. 5, is unavailing. The Court will not construe PTO No. 5 as narrowly as Uber suggests.

The Court likewise rejects Uber's argument that claims related to the "Safe Rides Fee" are barred by *res judicata*. "Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action." *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997). Uber has failed to show how res judicata "may be applied to the current *discovery* dispute between the parties." *JZK, Inc. v. Morgan*, No. C14-5410 BHS, 2014 WL 12564120, at *1 (W.D. Wash. Sept. 22, 2014) (rejecting responding party's objections to the requesting party's discovery requests, based on the doctrines of *res judicata* and collateral estoppel, as "without merit.")

Plaintiffs also request that the Court order Uber to "certify compliance" with PTO No. 5.

ECF Nos. 259 at 8–9, 340 at 2–3.  The Court **DENIES** this request without prejudice, as it is not warranted under the present circumstances.  Uber, however, is obligated to certify that its production in response to this Order was made "after a reasonable inquiry," and, among other things, that it is not designed to "cause unnecessary delay, or needlessly increase the cost of litigation[.]"  Fed. R. Civ. P. 26(g)(1)(B)(ii); *see also Optronic Techs., Inc. v. Ningbo Sunny Elec. Co.*, No. 16CV06370EJDVKD, 2020 WL 2838806, at *4 (N.D. Cal. June 1, 2020).

For the foregoing reasons, Plaintiffs' requests for relief as set forth in ECF Nos. 259 and 340, are **GRANTED IN PART** and **DENIED IN PART** as to documents produced to the District Attorneys.

**IT IS SO ORDERED.**

Dated: March 15, 2024

LISA J. CISNEROS
United States Magistrate Judge