RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR COMPLIANCE WITH THE COURT'S MARCH 15 ORDER (ECF NO. 344)**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") hereby respectfully move the Court to extend the deadline for compliance with the Court's March 15 Order (ECF No. 344) to April 2, 2024.  Plaintiffs do not oppose the relief sought by this motion, and agree the motion is ripe for immediate determination by the Court.

* * * * *

WHEREAS the Court's March 1 Order Granting in Part and Denying in Part Defendants' Motion to Modify Pretrial Order No. 5 (ECF No. 321) ordered Uber to produce "all documents Defendants produced in any other Uber sexual assault cases, including arbitrations, and any other cases about the 'Safe Rides Fee,' including any associated privilege logs," with the exception of "vehicle registration and inspection paperwork, and non-incident related trip receipts and Uber app log in history," and to redact personal identifying information.  (ECF No. 321, at p.13)

WHEREAS on March 8, Uber produced 158,655 pages of documents from 87 other litigations.  The documents Uber produced on March 8 included documents Uber had previously produced in a civil litigation captioned *The People of the State of California v. Uber Technologies, Inc., et al.*, Case No. CGC-14-5430120 (SF Super. Ct.), which stemmed from a joint investigation conducted in or around 2014–2016 by the District Attorney's Offices for the Cities and Counties of San Francisco and Los Angeles into certain of Uber's then marketing practices (the "DA Case" and the "DA Investigation," respectively).  Uber made this production voluntarily prior to the Court's March 15, 2024 Order (ECF No. 344) resolving an ongoing dispute by the parties' over the scope of PTO 5.  On March 8, 2024, notwithstanding its objection to Plaintiffs' interpretation of the scope of PTO 5, Uber also lodged with the Court a letter from the DA investigation and the civil complaint in the DA Case, and voluntarily produced to Plaintiffs a set of written document requests served by SF/LA District Attorneys in the civil litigation.

WHEREAS the Court's March 15 Order Granting in Part and Denying in Part Plaintiffs' Discovery Letter Brief (ECF No. 344) required Uber to "produce to Plaintiffs within seven days from the date of this Order, all documents and any associated privilege logs that it produced in *The People*

2

DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR COMPLIANCE WITH THE COURT'S MARCH 15 ORDER (ECF NO. 344).                                       Case No. 3:23-MD-3084-CRB

*of the State of California v. Uber Technologies, Inc., et al.*, Case No. CGC-14-5430120 (SF Super. Ct.), and all documents and any associated privilege logs turned over to the District Attorneys in response to their pre-complaint investigation of Uber and post-stipulated judgment review, where those documents concern (a) sexual assault, (b) the 'Safe Rides Fee,' or (c) any alleged systemic failures to warn or to address sexual assault due to inadequate safety measures, such as defective background checks." (p.2)

WHEREAS the deadline set by the Court for Uber to comply with its March 15 Order is Friday, March 22, 2024 (ECF No. 344, p.2 (". . . seven days from the date of this Order . . ."))

WHEREAS Uber has substantially complied with the Court's March 15 Order by producing on March 8 5,560 documents Uber previously produced in the DA Case, and has now confirmed in writing to Plaintiffs that no documents or privilege logs were produced by Uber in the pre-suit investigation phase of the DA Investigation. Though outside the scope of the Court's March 15 Order, and while reserving all objections to relevance and admissibility, Uber has also agreed to voluntarily produce to Plaintiffs Uber's written discovery responses from the DA Case. Uber expects to complete this voluntary production, made in the spirit of cooperation, by the Court's current March 22 deadline.

WHEREAS the remaining category of documents required to be produced by the Court's March 15 Order are "documents and any associated privilege logs turned over to the District Attorneys in response to their . . . ***post-stipulated judgment review***, where those documents concern (a) sexual assault, (b) the "Safe Rides Fee," or (c) any alleged systemic failures to warn or to address sexual assault due to inadequate safety measures, such as defective background checks." (ECF No. 344, p.2).

WHEREAS Uber has located documents provided by Uber to the District Attorneys after the stipulated judgment, and is preparing the documents covered by the March 15 Order for production. (*See* ECF No. 344, p.2).

WHEREAS Despite its diligent efforts to locate these documents from a 10-year old proceeding and collect the documents from prior outside counsel, and the significant resources Uber has dedicated to electronically processing the data to prepare it for production, the volume of the material makes it infeasible for Uber to complete delivery of the material to Plaintiffs by the current

March 22 deadline.

WHEREAS Plaintiffs do not oppose Uber's relief requested herein for an eleven day extension of the March 22 deadline. Plaintiffs agree that this unopposed motion is ripe for immediate determination by the Court.

WHEREAS No other request to extend the March 22 deadline has previously been made, and the requested extension will not affect other Court ordered deadlines.

NOW THEREFORE Uber respectfully requests that the Court extend the deadline for compliance with the Court's March 15 Order (ECF No. 344) to and including April 2, 2024.

DATED: March 21, 2024                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006

Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' UNOPPOSED MOTION TO EXTEND THE DEADLINE FOR COMPLIANCE WITH THE COURT'S MARCH 15 ORDER (ECF NO. 344). Case No. 3:23-MD-3084-CRB