# EXHIBIT B
# (Filed Under Seal)

## NATIONAL REGISTERED AGENTS, INC.

### SERVICE OF PROCESS SUMMARY TRANSMITTAL FORM

To:  SHIRIN SCHOKRPUR
UBER TECHNOLOGIES, INC.
1455 Market St Fl 4
San Francisco, CA 94103-1355

SOP Transmittal # **526459239**

213-337-4615 - Telephone

Entity Served:  UBER TECHNOLOGIES, INC. (Domestic State: DELAWARE)

Enclosed herewith are legal documents received on behalf of the above captioned entity by National Registered Agents, Inc. or its Affiliate in the State of CALIFORNIA on this 26 day of January, 2015. The following is a summary of the document(s) received:

1. **Title of Action:**  The People of the State of California, Pltf. vs. Uber Technologies, Inc., etc., Dfts.

2. **Document(s) Served:**  Other: First Set of Demand, Notice(s), Proof(s) of Service, Attachment(s), Notice Of: Related Case

3. **Court of Jurisdiction/Case Number:** San Francisco County - Superior Court - San Francisco, CA
Case # CGC14543120

4. **Amount Claimed, if any:** N/A

5. **Method of Service:**

   _X_ Personally served by:        _X_ Process Server        ___ Deputy Sheriff        ___ U. S Marshall

   ___ Delivered Via:        ___ Certified Mail        ___ Regular Mail        ___ Facsimile

   ___ Other (Explain):

6. **Date and Time of Receipt:**  01/26/2015 11:20:00 AM CST

7. **Appearance/Answer Date:**  None Specified

8. **Received From:**    Ernst A. Halperin
San Francisco District Attorney's Office
732 Brannan Street
San Francisco, CA 94103
415-551-9545

9. **Federal Express Airbill #** 772724358682

10. **Call Made to:** Not required

11. **Special Comments:**
SOP Papers with Transmittal, via  Fed Ex 2 Day
Image SOP
Email Notification, SALLE YOO LEGAL@UBER.COM

**NATIONAL REGISTERED AGENTS, INC.**                    **CopiesTo:**

Transmitted by Nancy Flores

The information contained in this Summary Transmittal Form is provided by National Registered Agents, Inc. for informational purposes only and should not be considered a legal opinion. It is the responsibility of the parties receiving this form to review the legal documents forwarded and to take appropriate action.

ORIGINAL

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053407

*1/26/15*

*1120 Lefts*

1  GEORGE GASCÓN, SBN 182345
   District Attorney of San Francisco
2  JUNE D. CRAVETT, SBN 105094
   Assistant Chief District Attorney
3  EVAN H. ACKIRON, SBN 164628
   Managing Assistant District Attorney
4  ERNST A. HALPERIN, SBN 175493
   Assistant District Attorney
5  NANCY TUNG, SBN 203236
   Assistant District Attorney
6  GREGORY M. ALKER, SBN 204838
   Assistant District Attorney
7  PHOEBE MAFFEI, SBN 271346
   Assistant District Attorney
8  732 Brannan Street
   San Francisco, California 94103
9  Telephone: (415) 551-9545

10  JACKIE LACEY, SBN 110808
    District Attorney of the County of Los Angeles
11  STANLEY PHILLIP WILLIAMS, SBN 106658
    Head Deputy District Attorney
12  HOON CHUN, SBN 132516
    Assistant Head Deputy District Attorney
13  JEFFREY MCGRATH, SBN 131702
    Deputy District Attorney
14  201 N. Figueroa Street, Suite 1200
    Los Angeles, CA 90012

15

16  *Attorneys for Plaintiff,*
    The People of the State of California

17              SUPERIOR COURT OF THE STATE OF CALIFORNIA

18                  CITY AND COUNTY OF SAN FRANCISCO

                         UNLIMITED JURISDICTION
19

20  THE PEOPLE OF THE STATE OF
    CALIFORNIA,                              Case No.  CGC-14-543120
21
                 Plaintiff,
22                                           THE PEOPLE OF THE STATE OF
       vs.                                   CALIFORNIA'S FIRST SET OF
23                                           DEMANDS FOR PRODUCTION OF
    UBER TECHNOLOGIES, INC., a Delaware      DOCUMENTS
    Corporation; RASIER, LLC, a Delaware
24  Limited Liability Company; RASIER-CA,    DATE ACTION FILED: December 9, 2014
    LLC, a Delaware Limited Liability Company;
25  and DOES 1 through 100, inclusive,       TRIAL DATE:        None Yet Set.

26
                 Defendants.
27

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                          UBER-MDL3084-000053408

1   PROPOUNDING PARTY:   THE PEOPLE OF THE STATE OF CALIFORNIA

2   RESPONDING PARTY:   UBER TECHNOLOGIES, INC.

3   SET NO.   ONE

4   TO DEFENDANT UBER TECHNOLOGIES, INC., AND ITS ATTORNEYS OF RECORD:

5       Plaintiff The People of the State of California hereby demands, pursuant to California Code

6   of Civil Procedure section 2031.010, that defendant Uber Technologies, Inc. ("Defendant")

7   provide written responses to these Requests for Production and produce the DOCUMENTS

8   described below at the Office of the San Francisco District Attorney, 732 Brannan Street, 2nd

9   Floor, San Francisco, California 94103 no later than 4:00 p.m. on the 30th calendar day after

10   service of these demands for production of documents.

11   DEFINITIONS

12       1.   " DOCUMENT" has the meaning defined in California Code of Civil Procedure

13   section 2016.020(c), and includes ESI, as well as any "writing" as that term is defined in

14   California Evidence Code section 250, which defines "writing" to mean handwriting, typewriting,

15   printing, photostating, photographing, photocopying, transmitting by electronic mail or facsimile,

16   and every other means of recording upon any tangible thing, any form of communication or

17   representation, including letters, words, pictures, sounds, or symbols, or combinations thereof, and

18   any record thereby created, regardless of the manner in which the record has been stored.

19       2.   "ELECTRONIC" means relating to technology having electrical, digital, magnetic,

20   wireless, optical, electromagnetic, or similar capabilities, as defined in California Code of Civil

21   Procedure section 2016.020(e).

22       3.   "ESI" means "ELECTRONICALLY STORED INFORMATION" as that term is

23   defined in California Code of Civil Procedure section 2016.020(e).

24       4.   "YOU" or "YOUR" refers to defendant UBER TECHNOLOGIES, INC. and anyone

25   acting on UBER TECHNOLOGIES, INC.'s behalf, and includes but is not limited to principals,

26   owners, agents, employees, insurance companies, attorneys, investigators, accountants, and

27   predecessors in interest or entities to whose liabilities UBER TECHNOLOGIES, INC. has

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY   UBER-MDL3084-000053409

1    succeeded.

2                           <u>INSTRUCTIONS</u>

3        1.  DOCUMENTS that were originally attached (e.g. stapled, attached as a "post-it,"

4    etc.) must be produced in that same format.

5        2.  DOCUMENTS should be identified according to the numbered request to which

6    they respond.

7        3.  Any DOCUMENTS stored electronically must be produced in a reasonably useable

8    format that preserves the integrity of the data, including all metadata associated with the

9    DOCUMENTS.  Contact the San Francisco District Attorney's Office in advance of

10   production to discuss the most efficient format for production of electronically stored data.  In

11   general, electronically stored DOCUMENTS must be produced in the original electronic file

12   format in which they were created (e.g., Microsoft email should be provided in its original

13   format, which would have the .pst suffix, not in a .tiff file; spreadsheets should be in their

14   original file form, such as an Excel file; and word-processed documents should be in their

15   original file format, such as Word or WordPerfect file), together with instructions and all other

16   materials necessary to use or interpret the data.  ESI must be accompanied by an identification

17   of the generally available software needed to open and view the documents, and, if necessary,

18   a copy of the software.  If an electronically stored DOCUMENT is a non-identical copy (e.g. it

19   lacks a signature, handwritten notation, or other mark or attachment found on the original or

20   paper version), both the electronically stored DOCUMENT and the original DOCUMENT

21   must be produced.

22       4.  If YOUR structured data systems, including databases, contain information

23   responsive to these Requests for Production, output of responsive information should be

24   exported to an electronic data file and produced in reasonably usable form. Contact the San

25   Francisco District Attorney's Office in advance of production to discuss the most efficient

26   format for production.  YOU must provide information about the structure of the reported data

27   sufficient to allow the requesting party to utilize the data, including providing information

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                                          UBER-MDL3084-000053410

1    about the field names, properties, and identifying information concerning the database

2    program or programs used to manage the information.

3        5.  If YOU or counsel assert that any information or response herein requested is

4    privileged or otherwise protected from disclosure, set forth in YOUR written response with

5    respect to each document, communication or thing for which a claim of privilege is made: (a)

6    the place, approximate date, and manner of recording, creating or otherwise preparing the

7    document, communication or thing; (b) the name and organizational position, if any, of each

8    sender, recipient, custodian or person participating in the preparation or creation; and (c) a

9    statement of the basis on which the privilege is claimed with respect to each document,

10   communication or thing and whether or not its contents are limited solely to legal advice or

11   information provided for the purpose of securing legal advice.

12       6.  This set of demands for production includes a demand for all relevant

13   DOCUMENTS in the personal files of all YOUR officers, employees, accountants, agents and

14   representatives (including sales agents who are independent contractors) and attorneys,

15   including, but not limited to, files contained on laptops, smart phones, cell phones, iPad's

16   tablet computing devices, home computers and home files.

17                    <u>DEMANDS FOR PRODUCTION OF DOCUMENTS</u>

18       1.    All versions of YOUR website at (www.Uber.com) since its inception through the

19   date of YOUR response to these demands for production of documents.

20       2.    All versions of YOUR user "Terms and Conditions" posted on YOUR website from

21   the inception of YOUR website through the date of YOUR response to these demands for

22   production of documents.

23       3.    All versions of YOUR "Privacy Policy" posted on YOUR website from the inception

24   of YOUR website through the date of YOUR response to these demands for production of

25   documents.

26       4.    All versions of the "Safety" page of YOUR website, currently located at

27   (www.uber.com/safety), from the page's inception through the date of YOUR response to these

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 4

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                                        UBER-MDL3084-000053411

1   demands for production of documents.

2       5.    All versions of the "Uber Background Checks" blog entry, currently located at

3   (http://blog.uber.com/driverscreening), from the blog entry's inception through the date of YOUR

4   response to these demands for production of documents.

5       6.    All versions of the "What is the Safe Rides Fee" support page entry on YOUR

6   website, currently located at (https://support.uber.com/hc/en-us/articles/201950566-What-is-the-

7   Safe-Rides-Fee-), from the support page's inception through the date of YOUR response to these

8   demands for production of documents.

9       7.    All versions of the "SFO Update" blog entry, currently located at

10  (http://blog.uber.com/SFO-update), from the blog entry's inception through the date of YOUR

11  response to these demands for production of documents.

12      8.    All versions of the "What is this charge for a toll" support page entry on YOUR

13  website, currently located at (https://support.uber.com/hc/en-us/articles/201836666-What-is-this-

14  charge-for-a-toll) from the support page's inception through the date of YOUR response to these

15  demands for production of documents.

16      9.    All versions of the "Uber Policy Whitepaper 1.0" blog entry, currently located at

17  (http://blog.uber.com/2013/04/12/uber-policy-white-paper-1-0/) from the blog entry's inception

18  through the date of YOUR response to these demands for production of documents.

19      10.   All DOCUMENTS reflecting, referring, or relating to the concept of "regulatory

20  disruption." For purposes of these document requests the term "regulatory disruption" refers to the

21  concept by that name which Travis Kalanick discussed during a visit to the Massachusetts Institute

22  of Technology Sloan School of Management that was reported on or about November 3, 2013 on

23  the Sloan School of Management's website at (http://mitsloan.mit.edu/newsroom/2013-travis-

24  kalanick.php).

25      11.   All DOCUMENTS containing the phrase "regulatory disruption."

26      12.   All DOCUMENTS referring to, relating to, or containing any statement by Travis

27  Kalanick concerning the safety of YOUR services.

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 5

1    13.   All DOCUMENTS referring to, relating to, or containing any statement by Travis

2  Kalanick concerning background checks of drivers (including criminal history and Department of

3  Motor Vehicle records checks).

4    14.   All DOCUMENTS referring to, relating to, or containing any statement by Travis

5  Kalanick concerning YOUR "Safe Rides Fee."

6    15.   All DOCUMENTS referring to, relating to, or containing any statement by Travis

7  Kalanick concerning YOUR "Airport fee toll" charged to consumers who traveled to or from any

8  California airport from the inception of the Airport fee toll through the date of your response to

9  these requests for production of documents.

10    16.   All DOCUMENTS referring to, relating to, or containing any statement by Philip

11  Cardenas concerning the safety of YOUR services.

12    17.   All DOCUMENTS referring to, relating to, or containing any statement by Philip

13  Cardenas concerning background checks of drivers (including criminal history and Department of

14  Motor Vehicle records checks).

15    18.   All DOCUMENTS referring to, relating to, or containing any statement by Philip

16  Cardenas concerning YOUR "Safe Rides Fee."

17    19.   All DOCUMENTS referring to, relating to, or containing any statement by any

18  spokesperson for Uber - including but not limited to Laura Altmin, Eva Behrend, Lane Kasselman,

19  and the person identified as "Tess" on the August 19, 2013 SFO UPDATE

20  (http://blog.uber.com/SFO-update) - concerning the safety of YOUR services.

21    20.   All DOCUMENTS referring to, relating to, or containing any statement by any

22  spokesperson for Uber - including but not limited to Laura Altmin, Eva Behrend, Lane Kasselman,

23  and the person identified as "Tess" on the August 19, 2013 SFO UPDATE

24  (http://blog.uber.com/SFO-update) - concerning background checks of drivers (including criminal

25  history and Department of Motor Vehicle records checks).

26    21.   All DOCUMENTS referring to, relating to, or containing any statement by any

27  spokesperson for Uber - including but not limited to Laura Altmin, Eva Behrend, Lane Kasselman,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY    UBER-MDL3084-000053413

1  and the person identified as "Tess" on the August 19, 2013 SFO UPDATE

2  (http://blog.uber.com/SFO-update) - concerning YOUR "Safe Rides Fee."

3       22.   All DOCUMENTS referring to, relating to, or containing any statement by any

4  spokesperson for Uber - including but not limited to Laura Altmin, Eva Behrend, Lane Kasselman,

5  and the person identified as "Tess" on the August 19, 2013 SFO UPDATE

6  (http://blog.uber.com/SFO-update) - concerning YOUR "Airport fee toll" charged to consumers

7  who traveled to or from any California airport from the inception of the Airport fee toll through the

8  date of your response to these requests for production of documents.

9       23.   All of YOUR organizational charts.

10      24.   All charts reflecting the structure and/or interrelationships of YOUR parent,

11  subsidiary, and related companies.

12      25.   All DOCUMENTS referring to, relating to, or containing information provided to

13  Baidu, Inc. in connection Baidu, Inc.'s investment in YOU that was announced by Travis Kalanick

14  in a press conference on or about December 17, 2014, including but not limited to any offering

15  memorandum and Powerpoint presentations and their exhibits.

16      26.   All DOCUMENTS referring to, relating to, or containing communications with

17  investment bankers in connection with Baidu, Inc.'s investment in YOU.

18      27.   All DOCUMENTS referring to, relating to, or containing information provided to

19  potential investors in the financing round YOU announced in a blog entry by Travis Kalanick

20  dated June 6, 2014 (http://blog.uber.com/4years) in which YOU stated that YOU "have just closed

21  a financing round with some of the leading investors in the world, raising $1.2B of primary capital

22  at a $17B pre-money valuation," including but not limited to any offering memorandum and

23  Powerpoint presentations and their exhibits.

24      28.   All DOCUMENTS referring to, relating to, or containing communications with

25  investment bankers in connection with the financing round announced in YOUR blog entry dated

26  June 6, 2014 (http://blog.uber.com/4years), including any exhibits or DOCUMENTS referenced in

27  such Powerpoint presentations.

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 7

29. All DOCUMENTS referring to, relating to, or containing information provided to potential investors in the financing round YOU announced on or about December 4, 2014, including but not limited to any offering memorandum and Powerpoint presentations and their exhibits.

30. All DOCUMENTS referring to, relating to, or containing communications with investment bankers in connection with the financing round YOU announced on or about December 4, 2014,

31. All DOCUMENTS showing the number of drop-offs of Uber passengers at each California airport made by drivers in vehicles without a Transportation Charter Party ("TCP") permit from the California Public Utilities Commission in each year from the inception of YOUR business through the date of YOUR response to these requests for production of documents.

32. All DOCUMENTS showing the number of pick-ups of Uber passengers at each California airport made by drivers in vehicles without a Transportation Charter Party ("TCP") permit from the California Public Utilities Commission in each year from the inception of YOUR business through the date of YOUR response to these requests for production of documents.

33. All DOCUMENTS which show how YOU determine the charge for the transportation requested by Uber passengers through YOUR online-enabled smartphone application ("the Uber App").

34. All DOCUMENTS which describe any device, instrument, or contrivance used to determine the charge for the transportation requested by Uber passengers through the Uber App or any instrument, device, or contrivance that Uber uses to calculate customer fares.

35. All DOCUMENTS showing the number of Uber passenger trips in California for each year from the inception of your business through the date of YOUR response to these requests for production of documents.

36. All DOCUMENTS showing the number of Uber passenger customer fares calculated in California using the Uber App for each year from the inception of your business through the date of YOUR response to these requests for production of documents.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053415

37.   If YOU contend that the Uber App technology has been approved by the California Department of Food and Agriculture, all DOCUMENTS that support this contention.

38.   If YOU contend that the Uber App technology is not a weighing, measuring, or counting instrument or device, as that term is used in California Business and Professions Code section 12500.5, all DOCUMENTS that support this contention.

39.   If YOU contend that the Uber App technology may be used for commercial purposes in California without the technology having first been approved by the California Department of Food and Agriculture, all DOCUMENTS that support this contention.

40.   All DOCUMENTS referring to, relating to, or containing communications between YOU and any California government entity that refer to the certification, approval or evaluation of any technology that is used to determine the charge for the transportation requested by Uber passengers through the Uber App.

41.   All DOCUMENTS referring to, relating to, or containing communications by YOUR officers, directors, employees, consultants or agents that refer to the certification, approval or evaluation of any technology that is used to determine the charge for the transportation requested by Uber passengers through the Uber App.

42.   All DOCUMENTS referring to, relating to, or containing communications with airport authorities or airport managers concerning YOUR operations at California airports, including but not limited to cease-and-desist letters.

43.   All DOCUMENTS that YOU contend constitute authorization by any airport authority in California for YOU to conduct operations on or into that airport's property.  The terms "authorization," "airport authority" and "operations" have the same meaning in this request as they do in the California Public Utilities Commission Rulemaking 12-12-11 Decision 13-09-045 ("Decision 13-09-045").

44.   If you contend that YOU did not violate Decision 13-09-045 by operating at California airports without authorization by the airport authority involved, all DOCUMENTS

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 9

1  supporting this denial.

2       45.   All DOCUMENTS referring to Decision 13-09-045.

3       46.   Any and all DOCUMENTS referring to, reflecting, or containing communications

4  between YOU and any Uber Driver, including but not limited to statements published or

5  posted on YOUR website or blogs regarding whether Uber Drivers are permitted to operate at

6  any airport in California.  For purposes of these document requests the terms "Uber Drivers"

7  has the same meaning you ascribe to people you refer to as "Partners" on YOUR webpage at

8  (https://get.uber.com/drive/).

9       47.   All DOCUMENTS referring to, discussing or evidencing the payment of any

10  citations issued to Uber Drivers for operating at a California airport without authorization by

11  the airport authority involved.

12       48.   All DOCUMENTS referring or relating to any ticket, citation, impound of vehicle,

13  warning, or similar document, received by an Uber Driver for operating at any airport in

14  California from the inception of YOUR business to the date of YOUR response to these

15  demands for production of documents.

16       49.   All DOCUMENTS referring to the April 2013 cease-and-desist letter to YOU

17  from San Francisco International Airport's Deputy Airport Director for Operations.

18       50.   All DOCUMENTS referring to an Airport Fee Toll in California.

19       51.   All DOCUMENTS showing, demonstrating or evidencing that Uber passengers in

20  California were charged an Airport Fee Toll in the exact amount of any airport fees that Uber

21  drivers were charged as part of that particular passenger's trip.

22       52.   All DOCUMENTS showing, demonstrating or evidencing the steps that Uber took

23  and takes to ensure that Uber passengers were charged an Airport Fee Toll in the exact amount

24  of any airport fees that Uber Drivers were charged as part of that particular passenger's trip.

25       53.   All receipts issued to Uber passengers in which an Airport Fee Toll was charged to

26  the passenger.

27

The People's Demands for Production of Documents – Set One; *People v. Uber Technologies, Inc. et al.* – Page 10

1     54.   For each receipt requested in the immediately preceding demand for production,

2  above, all DOCUMENTS evidencing, showing or demonstrating the amount the relevant Uber

3  Driver was charged by the airport or its governing body.

4     55.   All DOCUMENTS authored by, received by, or in the possession of Philip

5  Cardenas referring or relating to YOUR background check process or proposed improvements

6  to YOUR background check process.

7     56.   All DOCUMENTS referring to or constituting the contracts between YOU and any

8  provider of background check services to YOU, including but not limited to contracts with

9  Hirease, Inc.

10     57.   All DOCUMENTS referring to, relating to, or containing communications between

11  YOU and any provider of background check services to YOU, including but not limited to

12  contracts with Hirease, Inc.

13     58.   All DOCUMENTS referring to or constituting YOUR contract with Giuliani

14  Partners for an audit of Uber's driver background check process and related systems that YOU

15  announced in YOUR blog post dated July 15, 2014 (http://blog.uber.com/safest-rides).

16     59.   All DOCUMENTS referring to, relating to, or containing communications between

17  YOU and Giuliani Partners concerning the Giuliani Partners audit of Uber's driver background

18  check process and related systems.

19     60.   All reports and drafts of any reports from Giuliani Partners concerning the audit of

20  Uber's driver background check process and related systems.

21     61.   All DOCUMENTS referring to, relating to, or containing communications between

22  YOU and Rudolph Giuliani.

23     62.   All DOCUMENTS that show or evidence exactly what the background check

24  process of Uber Driver applicants described on YOUR webpage at

25  (https://www.uber.com/safety) consisted of, at all times during YOUR operations in California.

26     63.   All DOCUMENTS that show or evidence what criteria are used to deny the

27  application of a person applying to become an Uber Driver, at all times during Uber's

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053418

1  operations in California.

2      64.   All DOCUMENTS evidencing, reflecting or relating to each and every time, if

3  any, that YOU have conducted a follow-up or updated criminal history, driving history or

4  sexual offender registration check, or any other type of background check, on any Uber Driver

5  after that driver was accepted as an Uber Driver.

6      65.   All DOCUMENTS evidencing, reflecting or relating to YOUR response or

7  comments to Assembly Bill 612.

8      66.   All DOCUMENTS referring to, relating to, or containing any communications

9  between and among YOUR officers, employees, agents, lobbyists and public relations persons,

10  and any communications between YOU and any California legislators.

11      67.   All DOCUMENTS evidencing, reflecting or relating to any communications

12  between and among YOUR officers, employees and agents concerning, discussing, or

13  mentioning fingerprint-based or other biometric-based background checks.

14      68.   All DOCUMENTS referring to or relating to any instances in which a person that

15  has not been approved to be an Uber Driver has used the account of an approved Uber Driver

16  to offer or provide rides to YOUR customers, i.e., activity sometimes referred to by YOU as

17  "account sharing."

18

19  DATED: January16, 2014            GEORGE GASCÓN
                                      District Attorney, City and County of San Francisco
20

21                                    BY: _____

22                                        Ernst A. Halperin
                                          Assistant District Attorney
23

24

25

26

27

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                              UBER-MDL3084-000053419

1 | GEORGE GASCÓN, SBN 182345
District Attorney of San Francisco
2 | JUNE D. CRAVETT, SBN 105094
Assistant Chief District Attorney
3 | EVAN H. ACKIRON, SBN 164628
Managing Assistant District Attorney
4 | ERNST A. HALPERIN, SBN 175493
Assistant District Attorney
5 | NANCY TUNG, SBN 203236
Assistant District Attorney
6 | GREGORY M. ALKER, SBN 204838
Assistant District Attorney
7 | PHOEBE MAFFEI, SBN 271346
Assistant District Attorney
8 | SEAN M. KILEY, SBN 282075
Assistant District Attorney
9 | 732 Brannan Street
San Francisco, California 94103
10 | Telephone: (415) 551-9545

11 | JACKIE LACEY, SBN 110808
District Attorney of the County of Los Angeles
12 | STANLEY PHILLIP WILLIAMS, SBN 106658
Head Deputy District Attorney
13 | HOON CHUN, SBN 132516
Assistant Head Deputy District Attorney
14 | JEFFREY MCGRATH, SBN 131702
Deputy District Attorney
15 | 201 N. Figueroa Street, Suite 1200
Los Angeles, CA 90012

16

*Attorneys for Third Party The People of the State of California*

17

18 | UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

19

| | |
|---|---|
| MATTHEW PHILLIBEN, et al., | Case No.  4:14-CV-05615-DMR |
| Plaintiffs, | |
| vs. | THE PEOPLE OF THE STATE OF CALIFORNIA'S NOTICE OF RELATED CASE UNDER CALIFORNIA RULE OF COURT 3.300. |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

Notice of Related Case; *Philliben, et al. v. Uber Technologies, Inc., et al.* – Page 1

1    Third party, the People of the State of California, by George Gascón, District Attorney for

2  the City and County of San Francisco, and Jackie Lacey, District Attorney for the County of Los

3  Angeles hereby submit the enclosed Notice of Related Case pursuant to California Rule of Court

4  3.300.

5        DATED: January16, 2015                GEORGE GASCÓN
                                               District Attorney, City and County of San Francisco
6

7                                              BY: /s/ Ernst A. Halperin
                                                   Ernst A. Halperin
8                                                  Assistant District Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Notice of Related Case; *Philliben, et al. v. Uber Technologies, Inc., et al.* – Page 2

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Ernst A. Halperin (Bar # 175493) <br> San Francisco District Attorney's Office <br> 732 Brannan Street, San Francisco, CA 94103 <br><br> TELEPHONE NO.: 415-551-9545    FAX NO. *(Optional):* 415-551-9504 <br> E-MAIL ADDRESS *(Optional):* ernst.halperin@sfgov.org <br> ATTORNEY FOR *(Name):* THE PEOPLE OF THE STATE OF CALIFORNIA | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO |
|---|
| STREET ADDRESS: 400 McAllister Street |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Francisco 94102 |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: <br> CGC-14-543120 |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: **Vamsi Tadepalli v. Uber Technologies, Inc.**
    b.  Case number:  **CGC-14-543032**
    c.  Court: [✓] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department:
    e.  Case type: [ ] limited civil  [✓] unlimited civil  [ ] probate  [ ] family law  [ ] other *(specify):*
    f.  Filing date: **December 3, 2014**
    g.  Has this case been designated or determined as "complex?"  [ ] Yes  [✓] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [ ] involves the same parties and is based on the same or similar claims.
        [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [✓] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [✓] pending
        [ ] dismissed  [ ] with  [ ] without prejudice
        [ ] disposed of by judgment

2.  a.  Title: **Matthew Philliben, et al. v. Uber Technologies, Inc., et al.**
    b.  Case number: **4:14-CV-05615-DMR**
    c.  Court: [ ] same as above
        [✓] other state or federal court *(name and address):* **United States District Court, N.D. California**
    d.  Department:

| Form Approved for Optional Use <br> Judicial Council of California <br> CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300 <br> www.courtinfo.ca.gov |
|---|---|---|

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY          UBER-MDL3084-000053422

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

2. *(continued)*

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify):* FRCP 23

   f. Filing date: December 23, 2014

   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☑ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

3. a. Title: Andrea Pappey v. Uber Technologies, Inc.

   b. Case number: 3:15-CV-00064-EDL

   c. Court: ☐ same as above

      ☑ other state or federal court *(name and address):* United States District Court, N.D. California

   d. Department:

   e. Case type: ☐ limited civil ☐ unlimited civil ☐ probate ☐ family law ☑ other *(specify):* FRCP 23

   f. Filing date: January 6, 2015

   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No

   h. Relationship of this case to the case referenced above *(check all that apply):*

      ☐ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

         ☑ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☑ pending

      ☐ dismissed ☐ with ☐ without prejudice

      ☐ disposed of by judgment

4. ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: January 15, 2015

Ernst A. Halperin
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

**NOTICE OF RELATED CASE**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY

UBER-MDL3084-000053423

CM-015

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   732 Brannan Street, San Francisco, CA 94103

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*

   a. ☑ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* January 16, 2015

   b. from *(city and state):* San Francisco, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
      Nanci Clarence (Atty for Defs 14-543120)
      Street address: 889 Ellis Street
      City: San Francisco
      State and zip code: CA 94109

   b. Name of person served:
      John Roddy (Atty for Pf, CGC-14-543032)
      Street address: 125 Summer St., Suite 1030
      City: Boston
      State and zip code: MA 02110

   c. Name of person served:
      Todd Schneider (Att for Plaintiff, CGC-14-543032)
      Street address: 180 Montgomery Street, Suite 2000
      City: San Francisco
      State and zip code: CA 94104

   d. Name of person served:
      Pedro Jaile (Atty for Plaintiff, CGC-14-543032)
      Street address: 188 Summer Street
      City: East Boston
      State and zip code: MA 02128

☑ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 16, 2016

**Vadim Rotberg** _____   ▶ _____

(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY          UBER-MDL3084-000053424

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** *(Number):* 1h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 3, 2014, Tadepalli v. Uber Technologies, Inc. (CGC-14-543032) was commenced in San Francisco Superior Court as a putative class action against Uber Technologies Inc. The Tadepalli action is brought on behalf of a class of California residents. In the complaint, the plaintiff sets forth eight causes of action all related to Uber's practice of charging a $4.00 "SFO Airport Fee Toll." The plaintiff's first cause of action arises under California Business and Professions Code section 17200, et seq., and the plaintiff seeks injunctive relief, as well as restitution, interest, and attorneys' fees.

The People's enforcement action and the Tadepalli lawsuit have only one thing in common: the Tadepalli action seeks to remedy one of the five unlawful business practices that are at issue in the People's enforcement action. There will likely be similar discovery sought and exchanged in both actions on this particular claim only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Tadepalli action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, the unlawful airport fee toll, which represents the entirety of the private plaintiff's case, is but one of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 4 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** (Number): 2h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber's makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 23, 2014, Philliben, et al., v. Uber Technologies, Inc., et al., (14-CV-05615-DMR) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., and Rasier LLC. The Philliben action is brought on behalf of a nationwide class. The Philliben complaint includes allegations related to only two of the five unlawful business practices at issue in the People's enforcement action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. Plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. Plaintiff seeks restitution and/or disgorgement, injunctive relief, interest, costs, and attorneys' fees.

The People's enforcement action and the Philliben lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the Plaintiff in the Philliben action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private Plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Philliben hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __5__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** (Number): 3h _____

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On January 6, 2015, Andrea Pappey v. Uber Technologies, Inc. (15-CV-00064-EDL) was commenced in the United States District Court for the Northern District of California as a putative class action. The Pappey action is brought on behalf of a nationwide class or, in the alternative, a Massachusetts subclass. The Pappey complaint includes allegations related to only two of the five unlawful business practices at issue in the Enforcement Action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. The plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The plaintiff also advances claims for breach of implied contract and unjust enrichment. The plaintiff seeks damages, injunctive relief, costs and attorneys' fees, as well as other relief.

The People's enforcement action and the Pappey lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Pappey action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Pappey hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page 6 of 7

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053427

POS-030(P)

| SHORT TITLE: People v. Uber Technologies, Inc., et al. | CASE NUMBER:<br>CGC-14-543120 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Laurence F. Pulgram<br>(Defendant, CGC-14-543032) | Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104 |
| Mike Arias<br>(Plaintiffs, 4:14-CV-05615-DMR) | Arias, Ozzello & Gignac, LLP, 6701 Cener Drive West, Suite 1400, Los Angeles, California 90045-7504 |
| Steven D. Liddle<br>(Plaintiffs, 4:14-CV-05615-DMR) | Liddle & Dubin, P.C., 975 E. Jefferson Avenue, Detroit, Michigan, 48207 |
| Tina Wolfson<br>(Plaintiff, 3:15-CV-00064-EDL) | Adhoot & Wolfson, PC, 1016 Palm Ave., West Hollywood, California, 90069 |
| Uber Technologies, Inc., Rasier-CA, LLC, Rasier, LLC | National Registered Agents, Inc., 818 West Seventh Street, 2nd Floor, San Francisco, CA 90017 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [New January 1, 2005]

**ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL
(PERSONS SERVED)
(Proof of Service)**

Page ___7___ of ___7___

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                                   UBER-MDL3084-000053428

1  GEORGE GASCÓN, SBN 182345
   District Attorney of San Francisco
2  JUNE D. CRAVETT, SBN 105094
   Assistant Chief District Attorney
3  EVAN H. ACKIRON, SBN 164628
   Managing Assistant District Attorney
4  ERNST A. HALPERIN, SBN 175493
   Assistant District Attorney
5  NANCY TUNG, SBN 203236
   Assistant District Attorney
6  GREGORY M. ALKER, SBN 204838
   Assistant District Attorney
7  PHOEBE MAFFEI, SBN 271346
   Assistant District Attorney
8  SEAN M. KILEY, SBN 282075
   Assistant District Attorney
9  732 Brannan Street
   San Francisco, California 94103
10 Telephone: (415) 551-9545

11 JACKIE LACEY, SBN 110808
   District Attorney of the County of Los Angeles
12 STANLEY PHILLIP WILLIAMS, SBN 106658
   Head Deputy District Attorney
13 HOON CHUN, SBN 132516
   Assistant Head Deputy District Attorney
14 JEFFREY MCGRATH, SBN 131702
   Deputy District Attorney
15 201 N. Figueroa Street, Suite 1200
   Los Angeles, CA 90012
16
   *Attorneys for Third Party The People of the State of California*
17
18           UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA
19

20 | ANDREA PAPPEY, | Case No.  3:15-CV-00064-EDL |

             Plaintiff,
21
   vs.                              THE PEOPLE OF THE STATE OF
22                                  CALIFORNIA'S NOTICE OF RELATED
   UBER TECHNOLOGIES, INC.,         CASE UNDER CALIFORNIA RULE OF
23                                  COURT 3.300.

24           Defendant.

25

26

27

                            Notice of Related Case; *Pappey v. Uber Technologies, Inc.* – Page 1

1        Third party, the People of the State of California, by George Gascón, District Attorney for

2 the City and County of San Francisco, and Jackie Lacey, District Attorney for the County of Los

3 Angeles hereby submit the enclosed Notice of Related Case pursuant to California Rule of Court

4 3.300.

5        DATED: January16, 2015            GEORGE GASCÓN

6                                  District Attorney, City and County of San Francisco

7                          BY: /s/ Ernst A. Halperin

8                              Ernst A. Halperin

                               Assistant District Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Notice of Related Case; *Pappey v. Uber Technologies, Inc.* – Page 2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY        UBER-MDL3084-000053430

CM-015

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>**Ernst A. Halperin** (Bar # 175493)<br>San Francisco District Attorney's Office<br>732 Brannan Street, San Francisco, CA 94103<br><br>TELEPHONE NO.: **415-551-9545**   FAX NO. *(Optional)*: **415-551-9504**<br>E-MAIL ADDRESS *(Optional)*: **ernst.halperin@sfgov.org**<br>ATTORNEY FOR *(Name)*: **THE PEOPLE OF THE STATE OF CALIFORNIA** | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **SAN FRANCISCO** |
|---|
| STREET ADDRESS: **400 McAllister Street** |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: **San Francisco 94102** |
| BRANCH NAME: |

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER:<br>CGC-14-543120 |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | JUDICIAL OFFICER: |
| **NOTICE OF RELATED CASE** | DEPT.: |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1. a. Title: **Vamsi Tadepalli v. Uber Technologies, Inc.**
   b. Case number: **CGC-14-543032**
   c. Court: ☑ same as above
      ☐ other state or federal court *(name and address)*:
   d. Department:
   e. Case type: ☐ limited civil ☑ unlimited civil ☐ probate ☐ family law ☐ other *(specify)*:
   f. Filing date: **December 3, 2014**
   g. Has this case been designated or determined as "complex?" ☐ Yes ☑ No
   h. Relationship of this case to the case referenced above *(check all that apply)*:
      ☐ involves the same parties and is based on the same or similar claims.
      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
      ☐ involves claims against, title to, possession of, or damages to the same property.
      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
         ☑ Additional explanation is attached in attachment 1h
   i. Status of case:
      ☑ pending
      ☐ dismissed ☐ with ☐ without prejudice
      ☐ disposed of by judgment

2. a. Title: **Matthew Philliben, et al. v. Uber Technologies, Inc., et al.**
   b. Case number: **4:14-CV-05615-DMR**
   c. Court: ☐ same as above
      ☑ other state or federal court *(name and address)*: United States District Court, N.D. California
   d. Department:

Page 1 of 3

| Form Approved for Optional Use<br>Judicial Council of California<br>- CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |
|---|---|---|

UBER-MDL3084-000053431

**CM-015**

| | |
|---|---|
| PLAINTIFF/PETITIONER: **The People of the State of California** | CASE NUMBER: |
| DEFENDANT/RESPONDENT: **Uber Technologies, Inc., et al.** | **CGC-14-543120** |

2. *(continued)*

    e.  Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☑ other *(specify):* **FRCP 23**

    f.  Filing date: **December 23, 2014**

    g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☑ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☑ Additional explanation is attached in attachment 2h

    i.  Status of case:

        ☑ pending

        ☐ dismissed   ☐ with   ☐ without prejudice

        ☐ disposed of by judgment

3.  a.  Title: **Andrea Pappey v. Uber Technologies, Inc.**

    b.  Case number: **3:15-CV-00064-EDL**

    c.  Court: ☐ same as above

        ☑ other state or federal court *(name and address):* **United States District Court, N.D. California**

    d.  Department:

    e.  Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☑ other *(specify):* **FRCP 23**

    f.  Filing date: **January 6, 2015**

    g.  Has this case been designated or determined as "complex?"   ☐ Yes   ☑ No

    h.  Relationship of this case to the case referenced above *(check all that apply):*

        ☐ involves the same parties and is based on the same or similar claims.

        ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

        ☐ involves claims against, title to, possession of, or damages to the same property.

        ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

            ☑ Additional explanation is attached in attachment 3h

    i.  Status of case:

        ☑ pending

        ☐ dismissed   ☐ with   ☐ without prejudice

        ☐ disposed of by judgment

4.  ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: **January 15, 2015**

**Ernst A. Halperin**
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
        (SIGNATURE OF PARTY OR ATTORNEY)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY        UBER-MDL3084-000053432

**CM-015**

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

### PROOF OF SERVICE BY FIRST-CLASS MAIL
#### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify):*

   732 Brannan Street, San Francisco, CA 94103

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one):*
   a. [✓] deposited the sealed envelope with the United States Postal Service.
   b. [ ] placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:
   a. on *(date):* January 16, 2015
   b. from *(city and state):* San Francisco, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Nanci Clarence (Atty for Defs 14-543120)
   Street address: 889 Ellis Street
   City: San Francisco
   State and zip code: CA 94109

   c. Name of person served:
   Todd Schneider (Att for Plaintiff, CGC-14-543032)
   Street address: 180 Montgomery Street, Suite 2000
   City: San Francisco
   State and zip code: CA 94104

   b. Name of person served:
   John Roddy (Atty for Pf, CGC-14-543032)
   Street address: 125 Summer St., Suite 1030
   City: Boston
   State and zip code: MA 02110

   d. Name of person served:
   Pedro Jaile (Atty for Plaintiff, CGC-14-543032)
   Street address: 188 Summer Street
   City: East Boston
   State and zip code: MA 02128

[✓] Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 16, 2016

Vadim Rotberg

_____          ▶          _____
(TYPE OR PRINT NAME OF DECLARANT)                    (SIGNATURE OF DECLARANT)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053433

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** *(Number):* 1h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 3, 2014, Tadepalli v. Uber Technologies, Inc. (CGC-14-543032) was commenced in San Francisco Superior Court as a putative class action against Uber Technologies Inc. The Tadepalli action is brought on behalf of a class of California residents. In the complaint, the plaintiff sets forth eight causes of action all related to Uber's practice of charging a $4.00 "SFO Airport Fee Toll." The plaintiff's first cause of action arises under California Business and Professions Code section 17200, et seq., and the plaintiff seeks injunctive relief, as well as restitution, interest, and attorneys' fees.

The People's enforcement action and the Tadepalli lawsuit have only one thing in common: the Tadepalli action seeks to remedy one of the five unlawful business practices that are at issue in the People's enforcement action. There will likely be similar discovery sought and exchanged in both actions on this particular claim only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Tadepalli action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, the unlawful airport fee toll, which represents the entirety of the private plaintiff's case, is but one of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __4__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** *(Number):* 2h _____

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber's makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 23, 2014, Philliben, et al., v. Uber Technologies, Inc., et al., (14-CV-05615-DMR) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., and Rasier LLC. The Philliben action is brought on behalf of a nationwide class. The Philliben complaint includes allegations related to only two of the five unlawful business practices at issue in the People's enforcement action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. Plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. Plaintiff seeks restitution and/or disgorgement, injunctive relief, interest, costs, and attorneys' fees.

The People's enforcement action and the Philliben lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the Plaintiff in the Philliben action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private Plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Philliben hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __5__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053435

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** *(Number):* __3h__

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On January 6, 2015, Andrea Pappey v. Uber Technologies, Inc. (15-CV-00064-EDL) was commenced in the United States District Court for the Northern District of California as a putative class action. The Pappey action is brought on behalf of a nationwide class or, in the alternative, a Massachusetts subclass. The Pappey complaint includes allegations related to only two of the five unlawful business practices at issue in the Enforcement Action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. The plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The plaintiff also advances claims for breach of implied contract and unjust enrichment. The plaintiff seeks damages, injunctive relief, costs and attorneys' fees, as well as other relief.

The People's enforcement action and the Pappey lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Pappey action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Pappey hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __6__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY

UBER-MDL3084-000053436

POS-030(P)

| SHORT TITLE: People v. Uber Technologies, Inc., et al. | CASE NUMBER: CGC-14-543120 |
|---|---|

### ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address (number, street, city, and zip code) |
|---|---|
| Laurence F. Pulgram (Defendant, CGC-14-543032) | Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104 |
| Mike Arias (Plaintiffs, 4:14-CV-05615-DMR) | Arias, Ozzello & Gignac, LLP, 6701 Cener Drive West, Suite 1400, Los Angeles, California 90045-7504 |
| Steven D. Liddle (Plaintiffs, 4:14-CV-05615-DMR) | Liddle & Dubin, P.C., 975 E. Jefferson Avenue, Detroit, Michigan, 48207 |
| Tina Wolfson (Plaintiff, 3:15-CV-00064-EDL) | Adhoot & Wolfson, PC, 1016 Palm Ave., West Hollywood, California, 90069 |
| Uber Technologies, Inc., Rasier-CA, LLC, Rasier, LLC | National Registered Agents, Inc., 818 West Seventh Street, 2nd Floor, San Francisco, CA 90017 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

Form Approved for Optional Use
Judicial Council of California
POS-030(P) [Now January 1, 2005] **ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)** (Proof of Service)   Page 7 of 7

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053437

1  GEORGE GASCÓN, SBN 182345
   District Attorney of San Francisco
2  JUNE D. CRAVETT, SBN 105094
   Assistant Chief District Attorney
3  EVAN H. ACKIRON, SBN 164628
   Managing Assistant District Attorney
4  ERNST A. HALPERIN, SBN 175493
   Assistant District Attorney
5  NANCY TUNG, SBN 203236
   Assistant District Attorney
6  GREGORY M. ALKER, SBN 204838
   Assistant District Attorney
7  PHOEBE MAFFEI, SBN 271346
   Assistant District Attorney
8  732 Brannan Street
   San Francisco, California 94103
9  Telephone: (415) 551-9545

10 JACKIE LACEY, SBN 110808
   District Attorney of the County of Los Angeles
11 STANLEY PHILLIP WILLIAMS, SBN 106658
   Head Deputy District Attorney
12 HOON CHUN, SBN 132516
   Assistant Head Deputy District Attorney
13 JEFFREY MCGRATH, SBN 131702
   Deputy District Attorney
14 201 N. Figueroa Street, Suite 1200
   Los Angeles, CA 90012
15
16 *Attorneys for Third Party,*
   The People of the State of California

17            SUPERIOR COURT OF THE STATE OF CALIFORNIA
18               CITY AND COUNTY OF SAN FRANCISCO
                       UNLIMITED JURISDICTION
19

20 VAMSI TADEPALLI,                      Case No.  CGC-14-543032

21            Plaintiff,

22 vs.                                   THE PEOPLE OF THE STATE OF
                                         CALIFORNIA'S NOTICE OF RELATED
23 UBER TECHNOLOGIES, INC.,              CASE UNDER CALIFORNIA RULE OF
                                         COURT 3.300.
24            Defendants.

25

26

27

                          Notice of Related Case; *Vamsi v. Uber Technologies, Inc.* – Page 1

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY          UBER-MDL3084-000053438

1    Third party, the People of the State of California, by George Gascón, District Attorney for

2  the City and County of San Francisco, and Jackie Lacey, District Attorney for the County of Los

3  Angeles hereby submit the enclosed Notice of Related Case pursuant to California Rule of Court

4  3.300.

5    DATED: January16, 2015                 GEORGE GASCÓN
                                              District Attorney, City and County of San Francisco
6

7                                            BY: /s/ Ernst A. Halperin
                                                  Ernst A. Halperin
8                                                 Assistant District Attorney

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

Notice of Related Case; *Vamsi v. Uber Technologies, Inc.* – Page 2

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                                                   UBER-MDL3084-000053439

CM-015

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>Ernst A. Halperin (Bar # 175493)<br>San Francisco District Attorney's Office<br>732 Brannan Street, San Francisco, CA 94103<br><br>TELEPHONE NO.: 415-551-9545    FAX NO. *(Optional):* 415-551-9504<br>E-MAIL ADDRESS *(Optional):* ernst.halperin@sfgov.org<br>ATTORNEY FOR *(Name):* THE PEOPLE OF THE STATE OF CALIFORNIA | **FOR COURT USE ONLY** |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco 94102
BRANCH NAME:

| | |
|---|---|
| PLAINTIFF/PETITIONER: The People of the State of California<br><br>DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | **CASE NUMBER:**<br>CGC-14-543120<br>**JUDICIAL OFFICER:** |
| **NOTICE OF RELATED CASE** | **DEPT.:** |

*Identify, in chronological order according to date of filing, all cases related to the case referenced above.*

1.  a.  Title: **Vamsi Tadepalli v. Uber Technologies, Inc.**
    b.  Case number: **CGC-14-543032**
    c.  Court: [✓] same as above
        [ ] other state or federal court *(name and address):*
    d.  Department:
    e.  Case type: [ ] limited civil [✓] unlimited civil [ ] probate [ ] family law [ ] other *(specify):*
    f.  Filing date: **December 3, 2014**
    g.  Has this case been designated or determined as "complex?" [ ] Yes [✓] No
    h.  Relationship of this case to the case referenced above *(check all that apply):*
        [ ] involves the same parties and is based on the same or similar claims.
        [✓] arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.
        [ ] involves claims against, title to, possession of, or damages to the same property.
        [ ] is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.
            [✓] Additional explanation is attached in attachment 1h
    i.  Status of case:
        [✓] pending
        [ ] dismissed [ ] with [ ] without prejudice
        [ ] disposed of by judgment

2.  a.  Title: **Matthew Philliben, et al. v. Uber Technologies, Inc., et al.**
    b.  Case number: **4:14-CV-05615-DMR**
    c.  Court: [ ] same as above
        [✓] other state or federal court *(name and address):* United States District Court, N.D. California
    d.  Department:

| | | |
|---|---|---|
| Form Approved for Optional Use<br>Judicial Council of California<br>CM-015 [Rev. July 1, 2007] | **NOTICE OF RELATED CASE** | Cal. Rules of Court, rule 3.300<br>www.courtinfo.ca.gov |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY

UBER-MDL3084-000053440

CM-015

| PLAINTIFF/PETITIONER: The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

**2.** *(continued)*

   e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☑ other *(specify)*: FRCP 23

   f. Filing date: **December 23, 2014**

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☑ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☐ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☑ Additional explanation is attached in attachment 2h

   i. Status of case:

      ☑ pending

      ☐ dismissed   ☐ with   ☐ without prejudice

      ☐ disposed of by judgment

**3.** a. Title: **Andrea Pappey v. Uber Technologies, Inc.**

   b. Case number: **3:15-CV-00064-EDL**

   c. Court: ☐ same as above

      ☑ other state or federal court *(name and address)*: **United States District Court, N.D. California**

   d. Department:

   e. Case type: ☐ limited civil   ☐ unlimited civil   ☐ probate   ☐ family law   ☑ other *(specify)*: FRCP 23

   f. Filing date: **January 6, 2015**

   g. Has this case been designated or determined as "complex?"   ☐ Yes   ☑ No

   h. Relationship of this case to the case referenced above *(check all that apply)*:

      ☐ involves the same parties and is based on the same or similar claims.

      ☑ arises from the same or substantially identical transactions, incidents, or events requiring the determination of the same or substantially identical questions of law or fact.

      ☐ involves claims against, title to, possession of, or damages to the same property.

      ☐ is likely for other reasons to require substantial duplication of judicial resources if heard by different judges.

        ☑ Additional explanation is attached in attachment 3h

   i. Status of case:

      ☑ pending

      ☐ dismissed   ☐ with   ☐ without prejudice

      ☐ disposed of by judgment

**4.** ☐ Additional related cases are described in Attachment 4. Number of pages attached: _____

Date: **January 15, 2015**

Ernst A. Halperin
    (TYPE OR PRINT NAME OF PARTY OR ATTORNEY)

▶ _____
    (SIGNATURE OF PARTY OR ATTORNEY)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY        UBER-MDL3084-000053441

**CM-015**

| PLAINTIFF/PETITIONER:  The People of the State of California | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Uber Technologies, Inc., et al. | CGC-14-543120 |

## PROOF OF SERVICE BY FIRST-CLASS MAIL
### NOTICE OF RELATED CASE

*(NOTE: You cannot serve the Notice of Related Case if you are a party in the action. The person who served the notice must complete this proof of service. The notice must be served on all known parties in each related action or proceeding.)*

1. I am at least 18 years old and **not a party to this action.** I am a resident of or employed in the county where the mailing took place, and my residence or business address is *(specify)*:

   732 Brannan Street, San Francisco, CA 94103

2. I served a copy of the *Notice of Related Case* by enclosing it in a sealed envelope with first-class postage fully prepaid and *(check one)*:

   a. ☑ deposited the sealed envelope with the United States Postal Service.

   b. ☐ placed the sealed envelope for collection and processing for mailing, following this business's usual practices, with which I am readily familiar. On the same day correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service.

3. The *Notice of Related Case* was mailed:

   a. on *(date):* January 16, 2015

   b. from *(city and state):* San Francisco, California

4. The envelope was addressed and mailed as follows:

   a. Name of person served:
   Nanci Clarence (Atty for Defs 14-543120)
   Street address: 889 Ellis Street
   City: San Francisco
   State and zip code: CA 94109

   b. Name of person served:
   John Roddy (Atty for Pf, CGC-14-543032)
   Street address: 125 Summer St., Suite 1030
   City: Boston
   State and zip code: MA 02110

   c. Name of person served:
   Todd Schneider (Att for Plaintiff, CGC-14-543032)
   Street address: 180 Montgomery Street, Suite 2000
   City: San Francisco
   State and zip code: CA 94104

   d. Name of person served:
   Pedro Jaile (Atty for Plaintiff, CGC-14-543032)
   Street address: 188 Summer Street
   City: East Boston
   State and zip code: MA 02128

☑ Names and addresses of additional persons served are attached. *(You may use form POS-030(P).)*

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: January 16, 2016

Vadim Rotberg
_____                          ►     _____
(TYPE OR PRINT NAME OF DECLARANT)                           (SIGNATURE OF DECLARANT)

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY          UBER-MDL3084-000053442

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

ATTACHMENT *(Number):* 1h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 3, 2014, Tadepalli v. Uber Technologies, Inc. (CGC-14-543032) was commenced in San Francisco Superior Court as a putative class action against Uber Technologies Inc. The Tadepalli action is brought on behalf of a class of California residents. In the complaint, the plaintiff sets forth eight causes of action all related to Uber's practice of charging a $4.00 "SFO Airport Fee Toll." The plaintiff's first cause of action arises under California Business and Professions Code section 17200, et seq., and the plaintiff seeks injunctive relief, as well as restitution, interest, and attorneys' fees.

The People's enforcement action and the Tadepalli lawsuit have only one thing in common: the Tadepalli action seeks to remedy one of the five unlawful business practices that are at issue in the People's enforcement action. There will likely be similar discovery sought and exchanged in both actions on this particular claim only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Tadepalli action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, the unlawful airport fee toll, which represents the entirety of the private plaintiff's case, is but one of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __4__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053443

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

### ATTACHMENT (Number): 2h

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber's makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On December 23, 2014, Philliben, et al., v. Uber Technologies, Inc., et al., (14-CV-05615-DMR) was commenced in the United States District Court for the Northern District of California as a putative class action against Uber Technologies, Inc., and Rasier LLC. The Philliben action is brought on behalf of a nationwide class. The Philliben complaint includes allegations related to only two of the five unlawful business practices at issue in the People's enforcement action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. Plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. Plaintiff seeks restitution and/or disgorgement, injunctive relief, interest, costs, and attorneys' fees.

The People's enforcement action and the Philliben lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the Plaintiff in the Philliben action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private Plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Philliben hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __5__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT
to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY    UBER-MDL3084-000053444

MC-025

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| PEOPLE V. UBER TECHNOLOGIES, INC., et al. | CGC-14-543120 |

**ATTACHMENT** (Number): __3h__

*(This Attachment may be used with any Judicial Council form.)*

On December 9, 2014, the District Attorney for the City and County of San Francisco and the District Attorney for the County of Los Angeles commenced People v. Uber Technologies, Inc., et al., (CGC-14-543120) in San Francisco Superior Court as a civil enforcement action on behalf of the People of the State of California against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). The People are suing Uber over five unlawful business practices: (1) Uber misrepresents the measures it takes to ensure customer safety; (2) Uber uses a time and distance measuring device to calculate fares without having that device approved, as required by California law, by the California state agency charged with ensuring that measuring technology is accurate, reliable, and does not facilitate fraud; (3) Uber conducts operations at California airports without first obtaining the required permits from the airport authorities; (4) Uber charged an "Airport Fee Toll" to customers who travel to California airports when neither Uber nor its drivers pay a corresponding fee or toll for driving to the airport; and (5) Uber makes misrepresentations regarding its $1.00 "Safe Rides Fee." The People allege violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The People seek civil penalties for each of these unlawful business acts and practices, injunctive relief, full restitution for all California consumers who paid any amount designated as an "Airport Fee Toll" which was not in fact charged by or paid to the airport authority, and full restitution for all California consumers who paid any amount designated as a "Safe Rides Fee."

On January 6, 2015, Andrea Pappey v. Uber Technologies, Inc. (15-CV-00064-EDL) was commenced in the United States District Court for the Northern District of California as a putative class action. The Pappey action is brought on behalf of a nationwide class or, in the alternative, a Massachusetts subclass. The Pappey complaint includes allegations related to only two of the five unlawful business practices at issue in the Enforcement Action: (1) Uber's practice of misrepresenting to consumers its "Safe Rides Fee;" and (2) the nature and character of the background checks and safety measures conducted in association therewith. The plaintiff alleges violations of California Business and Professions Code section 17200, et seq., and section 17500, et seq. The plaintiff also advances claims for breach of implied contract and unjust enrichment. The plaintiff seeks damages, injunctive relief, costs and attorneys' fees, as well as other relief.

The People's enforcement action and the Pappey lawsuit have only two things in common: both actions advance the claim that Uber misleads consumers as to the nature and character of its background checks, and that Uber unlawfully charges a "Safe Rides Fee." There will likely be similar discovery sought and exchanged in both actions on these two claims only. Otherwise, the actions will differ substantially. By way of example, the plaintiff in the Pappey action will have to demonstrate standing for each member of the putative class under Proposition 64, will likely have to overcome the defense that the putative class agreed to arbitrate its claims, and will have to engage in discovery and motion practice related to class certification. The People, on the other hand, have no such procedural barriers to overcome. In addition, Uber's misrepresentations as to its background checks and the unlawful "Safe Rides Fee," which represent the entirety of the private plaintiff's case, are but two of the five unlawful business practices that are at issue in the People's enforcement action. Only the People can obtain civil penalties when businesses engage in unlawful business practices. Private plaintiffs cannot. Furthermore, since Pappey hopes to represent a nationwide class, the geographic scope of the cases will vary significantly. Thus, some of the same factual and legal issues will be raised in both lawsuits, but many more issues will be unique to each action.

---

*(If the item that this Attachment concerns is made under penalty of perjury, all statements in this Attachment are made under penalty of perjury.)*

Page __6__ of __7__

*(Add pages as required)*

Form Approved for Optional Use
Judicial Council of California
MC-025 [Rev. July 1, 2009]

**ATTACHMENT**
**to Judicial Council Form**

www.courtinfo.ca.gov

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY

POS-030(P)

| SHORT TITLE: People v. Uber Technologies, Inc., et al. | CASE NUMBER: CGC-14-543120 |
|---|---|

## ATTACHMENT TO PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL (PERSONS SERVED)

*(This Attachment is for use with form POS-030)*

**NAME AND ADDRESS OF EACH PERSON SERVED BY MAIL:**

| Name of Person Served | Address *(number, street, city, and zip code)* |
|---|---|
| Laurence F. Pulgram (Defendant, CGC-14-543032) | Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, CA 94104 |
| Mike Arias (Plaintiffs, 4:14-CV-05615-DMR) | Arias, Ozzello & Gignac, LLP, 6701 Cener Drive West, Suite 1400, Los Angeles, California 90045-7504 |
| Steven D. Liddle (Plaintiffs, 4:14-CV-05615-DMR) | Liddle & Dubin, P.C., 975 E. Jefferson Avenue, Detroit, Michigan, 48207 |
| Tina Wolfson (Plaintiff, 3:15-CV-00064-EDL) | Adhoot & Wolfson, PC, 1016 Palm Ave., West Hollywood, California, 90069 |
| Uber Technologies, Inc., Rasier-CA, LLC, Rasier, LLC | National Registered Agents, Inc., 818 West Seventh Street, 2nd Floor, San Francisco, CA 90017 |
| | |
| | |
| | |
| | |
| | |
| | |
| | |
| | |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY                    UBER-MDL3084-000053446