CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

# Exhibit 1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **PLAINTIFF FACT SHEET** |
| This Document Relates to: | |
| ALL ACTIONS | |

## **PLAINTIFF FACT SHEET**

**CASE NUMBER:** _____

**PLAINTIFF NAME:** _____
*on behalf of (if applicable):* _____
*relationship (if applicable):* _____

## **GENERAL INSTRUCTIONS**

Pursuant to the Order Regarding Fact Sheet Implementation entered in the above-captioned litigation, a completed Plaintiff Fact Sheet ("PFS") shall be provided for each individual asserting legal claims in the above captioned lawsuit. Each question must be answered in full. If you do not know or cannot recall the information needed to answer a question, please explain that in the response to the question and include the diligent efforts you have made to obtain the information. **Please do not leave any questions unanswered or blank.**

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

Additional Space for Completeness

In filling out any section or sub-section of this form, additional sheets of paper should be used and submitted as necessary to provide complete and accurate information.

Accuracy and Supplementation

The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff is under an obligation to supplement these responses consistent with the Federal Rules of Civil Procedure.

Use of this Information

All responses herein are CONFIDENTIAL and subject to the Protective Order entered in this matter. **Defendants will not contact any health care provider identified in this Plaintiff Fact Sheet, other than for the purpose of seeking records pursuant to authorizations signed by Plaintiff, without Plaintiff's consent or Court Order.**

## DEFINITIONS

The following definitions shall apply to this PFS:

"You" and "Your" refers to the Plaintiff, listed above, who is completing this fact sheet, as well as her/his/their agents, representatives, and all other natural persons or entities acting on her/his behalf; provided that if the Plaintiff has filed this lawsuit on behalf of another (e.g., a decedent or a minor), then "You" and "Your" refers to the person on whose behalf this lawsuit was filed. In such a case, the Plaintiff should identify at the top of this page the person on whose behalf the case was filed and the Plaintiff's relationship to that person (e.g., guardian, administrator of estate, etc.).

"Driver" refers to the person who You allege, in the complaint filed in this action, committed sexual misconduct or assault against You.

"Incident" refers to all events that You allege, in the complaint filed in this action, constituted sexual misconduct or assault against You.

"Trip" refers to any ride that You, or another person on Your behalf or for Your benefit, requested through the rider version of the Uber Application around the time of the Incident.

"Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or psychological evaluation,

3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

diagnosis, care, treatment, or advice. This definition also includes professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

## CASE INFORMATION

1. Please state the following for the civil action that Plaintiff filed:

    a. Case number: _____

    b. Pseudonym used in the Complaint: _____

    c. Name of principal attorney representing Plaintiff: _____
    _____

## YOUR PERSONAL INFORMATION

2. Name (Last, First, Middle): _____

3. Maiden name (if applicable) or other names used and dates You used those names: _____
_____

4. Current address: _____

5. City and state of residence at time of Incident: _____

6. Date of birth: _____

7. From two years prior to the Incident through the present, please identify the employers for whom You worked; Your job title; Your responsibilities or duties; as well as the city, state, and dates of employment for each employer (use additional pages as necessary):

    **Employer No. 1**
    i.   Name of Employer: _____
    ii.  Location of Employer (city, state): _____
    iii. Dates of Employment: _____
    iv.  Job Title: _____
    v.   Responsibilities or Duties: _____

    **Employer No. 2**
    i.   Name of Employer: _____
    ii.  Location of Employer (city, state): _____
    iii. Dates of Employment: _____
    iv.  Job Title: _____
    v.   Responsibilities or Duties: _____

8. Check the box for the highest level of education You attained:

4

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Some High School

☐ High School Graduate/GED

☐ Some College

☐ Bachelor's Degree

☐ Associate Degree

☐ Master/Doctorate/Postgraduate Degree

☐ Other: _____

## **INFORMATION AS TO THE INCIDENT**

9. Date of the Incident (Please provide the day, month, and year. If You do not recall the day, month, and year, please provide as much information as You can remember): _____
_____

10. State the name, phone number, and email address associated with the Uber account through which the ride at issue was arranged, if known:

   a. Name (last, first, middle): _____

   b. Phone Number: _____

   c. Email Address: _____

11. To the best of Your recollection, did the Driver take You to the requested destination for the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

If No, please explain: _____

12. Did You and the Driver communicate about the route the Driver took during Your ride? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a. If You recall You and the Driver communicating about the route, please describe those communications here: _____
   _____
   _____

13. If You know or recall, did the Driver make any stops or pull over, other than at the requested destination for the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

    a.  If *yes*, if You know or recall, where did the Driver stop or pull over? _____
_____

    b.  If *yes*, if You know or recall, did You and the Driver discuss stopping or pulling over before the Driver did so? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    c.  If You and the Driver did communicate about stopping or pulling over at a location other than the requested destination, if You know or recall, please describe those communications here: _____
_____

14.    Did the Driver end the Trip at a location other than the requested destination? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    a.  If *yes*, if You know or recall, where did the Driver end the Trip?_____
_____

    b.  If *yes*, if You know or recall, did You and the Driver communicate about ending the Trip at a location other than the requested destination before the Driver did so? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    c.  If You and the Driver did communicate about ending the Trip at a location other than the requested destination, if You know or recall, please describe those communications here: _____
_____

15.    Did You communicate with the Driver in a written form outside of the Uber App, including text messages, social media messages or email? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    a.  **If you answered *yes* to this question, please provide all of these communications to your lawyer for production.**

16.    If You know or recall, state the time and location (including, city, state, zip, and nearest street address or, if unknown, the closest intersection) of the Incident: _____
_____

17.    If You know the first or last name of the Driver (or both), please state them: _____
_____
_____

18.    Did you see a camera inside the Driver's vehicle? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

19.   Did you take any videos or audio recording or photos of the Driver, the inside or outside of the Driver's Vehicle, or of any part of the Subject Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

    a.   **If you answered *yes* to this question, please provide all of these photos and recordings to your lawyer for production.**

<u>**THE INCIDENT**</u>

20.   Please describe the Incident in Your own words (attach additional sheets as needed): ____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____
    _____

21.   Which of the following acts occurred during the Incident? Please select all that apply and where relevant select whether contact was over or under clothing:

    ☐ Lewd and/or Inappropriate Comments or Questions or Gestures[1]

    ☐ Verbal Threat of Sexual Assault[2]

    ☐ Masturbation and/or Indecent Exposure[3]

_____

[1] This category is defined to include, but is not limited to, the following: asking specific, probing, and personal questions of the user; making uncomfortable comments on the user's appearance; making sexually suggestive gestures at the user; and asking for a kiss, displays of nudity, sex, or contact with a sexual body part.

[2] This category is defined to include directing verbal explicit/direct threats of sexual violence at a user.

[3] This category is defined to include exposing genitalia and/or engaging in sexual acts in the presence of a user.

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Attempted Touching of a Non-Sexual Body Part[4]

    ☐ Over the Clothes[5]

    ☐ Under the Clothes[6]

☐ Attempted Kissing of a Non-Sexual Body Part[7]

☐ Attempted Touching of a Sexual Body Part Not Involving Penetration[8]

    ☐ Over the Clothes

    ☐ Under the Clothes

---

[4] This category is defined to include, without consent from the user, attempting to touch, but failing to come into contact with, any non-sexual body part (hand, leg, thigh) of the user.

[5] This category is defined to include any attempted touch over any piece of clothing on the user (e.g., pants, shirt, bra, underwear) as well as any attempted touch on an area that in no way has clothing covering it (e.g., parts of the thigh when wearing shorts).

[6] This category is defined to include any attempted touch on a part of a user's body which is covered by clothing. It does not include an attempted touch on an area that does not have clothing covering it in the first instance (e.g., parts of the thigh when wearing shorts).

[7] This category is defined to include, without consent from the user, attempting but failing to kiss, lick, or bite any non-sexual body part (e.g., hand, leg, thigh) of the user.

[8] This category is defined to include, without explicit consent from the user, attempting to touch, but failing to come into contact with, any sexual body part (i.e., breast, genitalia, mouth, buttocks) of the user. It does not include attempts at penetration.

8

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Attempted Kissing of a Sexual Body Part[9]

☐ Touching of a Non-Sexual Body Part[10]

    ☐ Over the Clothes[11]

    ☐ Under the Clothes[12]

☐ Kissing of a Non-Sexual Body Part[13]

☐ Attempted Sexual Penetration Including Oral Copulation[14]

☐ Touching of a Sexual Body Part Not Involving Penetration[15]

    ☐ Over the Clothes

    ☐ Under the Clothes

☐ Kissing of a Sexual Body Part[16]

---

[9] This category is defined to include, without consent from the user, attempting but failing to kiss, lick, or bite on either the breast or buttocks of the user. This also includes attempts to kiss on the lips and attempts to kiss while using tongue.

[10] This category is defined to include, without explicit consent from the user, touching or forcing a touch on any non-sexual body part (e.g., hand, leg, thigh) of the user.

[11] This category is defined to include any touch over any piece of clothing on the user (e.g., pants, shirt, bra, underwear) as well as any touch on an area that in no way has clothing covering it (e.g., parts of the thigh when wearing shorts).

[12] This category is defined to include any touch under clothing which causes contact with the user's skin. It does not include a touch on an area that does not have clothing covering it in the first instance (e.g., parts of the thigh when wearing shorts).

[13] This category is defined to include, without consent from the user, any kiss, lick, or bite, or forced kiss, lick, or bite on any non-sexual body part (e.g., hand, leg, thigh) of the user.

[14] This category is defined to include, without explicit consent from a user, attempting but failing to penetrate, no matter how slight, the vagina or anus of a user with any body part or object. This includes attempted penetration of the user's mouth with a sexual organ or sexual body part. This excludes kissing and attempted kissing with tongue.

[15] This category is defined to include, without explicit consent from the user, touching or forcing a touch on any sexual body part (i.e., breast, genitalia, mouth, buttocks) of the user. It does not include penetration.

[16] This category is defined to include, without consent from the user, any kiss, lick, or bite, or forced kiss, lick, or bite on either the breast or buttocks of the user. This also includes kissing on the lips and kissing while using tongue.

9

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

☐ Sexual Penetration Including Oral Copulation[17]

☐ Kidnapping[18]

☐ Other. If *other*, please describe: _____

22.   If You know or recall, did the Driver engage in any of the conduct described in Questions 20, and 21, while you were inside the vehicle? Yes: ☐ No: ☐:  Do Not Know/Do Not Recall: ☐

   a.  If *yes*, where in the vehicle were you located during the Incident? Front Seats: ☐ Back Seats: ☐  Both: ☐ Do Not Know/Do Not Recall: ☐

   b.  If *no*, if You know or recall, did all conduct described in Questions 20, and 21, occur only before You entered and/or after you exited the Driver's vehicle?

   Only before entering the Driver's vehicle: ☐

   Only after exiting the Driver's vehicle: ☐

   Both before and after exiting the Driver's vehicle: ☐

**WITNESSES**

23.   If You know or recall, was there another passenger in the vehicle with You at the time of the Incident? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

   a.  If *yes*, if You know or recall, please identify the other passenger(s) by name, full address and phone number, if known: _____
   _____
   _____
   _____

   b.  If *yes*, if You know or recall, did You know the other passenger(s) before You or someone on Your behalf requested the Trip? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

_____

[17] This category is defined to include, without explicit consent from a user, penetration, no matter how slight, of the vagina or anus of a user with any body part or object. This includes penetration of the user's mouth with a sexual organ or sexual body part. This excludes kissing with tongue.

[18] This category is defined to include abduction, child abduction, false imprisonment, human trafficking, unlawful restraint, and unlawful/forcible detention.

10

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

24.     If You know or recall, did anyone besides You and the Driver hear, see, or otherwise witness the Incident at the time it occurred? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

25.     If You know or recall, did You or someone on Your behalf notify any of the following entities of the Incident (Please check all that apply): Uber: ☐   Law Enforcement: ☐ Healthcare Professional (non-therapist/counselor/psychiatrist/psychologist): ☐ Therapist/Counselor/Psychiatrist/Psychologist: ☐

26.     If You notified Uber, or if You know or recall someone on Your behalf notifying Uber, please answer the following questions:

   a.   If You know or recall, when did You or someone on Your behalf notify Uber of the Incident? _____

   b.   If You know or recall, how did You or someone on Your behalf notify Uber? Phone Call☐ Email: ☐
        In-App Notification: ☐ Do Not Know/Do Not Recall: ☐ Other: ☐. If *other*, please describe: _____
        _____
        _____

   c.   If You know or recall someone who notified Uber on Your behalf, state that person's name, address, and phone number, if known: _____
        _____

11

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

27. A report to law enforcement is not necessary to pursue your claim, but if You or someone on Your behalf notified law enforcement, please answer the following questions to the best of Your ability:

a. To the best of Your recollection, when did You or someone on Your behalf notify law enforcement of the Incident? _____

b. If You know someone who notified law enforcement on Your behalf, state that person's name and phone number to the best of Your ability: _____
_____

c. To the best of Your recollection, list all law enforcement agencies that were notified about the Incident: _____
_____

d. To the best of Your recollection, please state whether You testified in any criminal hearing(s) or trial(s) in connection with the Incident: _____
_____

28. Have You spoken to any of the following about the Incident (Please check all that apply): Spouse: ☐ Romantic Partner (unmarried): ☐ Family Member: ☐ Friend: ☐ Other: ☐

29. Have You posted information regarding the Incident on a website or on social media (e.g., a social media site, a blog, a personal website, etc.), including anonymously? Yes: ☐ No: ☐ Do Not Know/Do Not Recall: ☐

a. If *yes*, list all such websites or social media, and, where applicable, specify the username/account handle You used to make the post: _____
_____
_____
_____
_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

30.   Have You communicated with any of the following about the Incident (Please check all that apply): Spouse: ☐ Romantic Partner (unmarried): ☐ Family Member: ☐ Friend: ☐ Other: ☐

a.   If You checked any of the above boxes in Question 30, please fill out the following chart to identify each individual or other entity You have communicated with about the Incident and their last known contact information. Attach additional sheets as necessary. Do not list the attorneys representing you in this case or Uber. To the extent that You do not know the name of any of the individuals or other entities You have communicated with, please provide any identifying information that You are aware of (e.g., neighbor, coworker, business colleague). As discovery is ongoing, You must supplement this form if and when You communicate with additional individuals about the Incident.

| Name or Other Identifying Information of Individual or Other Entity You Have Communicated with About the Incident |
| --- |
|  |
|  |
|  |
|  |
|  |
|  |
|  |

## INJURIES AND DAMAGES

31.   Did You suffer mental or emotional harm caused in whole or in part by the Incident? Yes: ☐ No: ☐

a. If you answered *yes* to Question 31, please describe:_____
_____
_____
_____
_____
_____
_____
_____

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

_____
_____
_____

32.    Have You  disclosed the Subject incident to any Health Care Providers? Yes: ☐ No: ☐

33.    Have you sought treatment from a psychologist, therapist, psychiatrist or other mental healthcare provider for any of the above listed conditions that were caused in whole or in part by the subject Incident? Yes: ☐ No: ☐

34.    Have you been diagnosed with any psychiatric, mental or behavioral conditions that were caused in whole or in part by the subject Incident by a Healthcare Provider?  Yes: ☐ No: ☐

35.    Have you been diagnosed with or treated for an aggravation of any pre-existing psychiatric, mental or behavioral conditions that were caused in whole or in part by the subject Incident by a Healthcare Provider?  Yes: ☐ No: ☐

36.    Did You suffer physical harm caused in whole or in part by the subject incident? Yes: ☐ No: ☐

        a.  If you answered *yes* to Question 36, please describe:_____
        _____
        _____
        _____
        _____
        _____
        _____
        _____
        _____
        _____

37.    Were You treated by emergency responders, including police officers, EMT, fire fighters, or paramedics, as a result of the Incident? Yes: ☐ No: ☐

38.    Did You undergo a medical exam to determine any physical injuries or the presence of any evidence (e.g., a Sexual Assault Response Team "SART" exam, a Sexual Assault Forensic Exam ("SAFE"), or a Sexual Assault Nurse Exam ("SANE"))? Yes: ☐ No: ☐

39.    Have You disclosed the Subject incident to any Health Care Providers that did not treat you for injuries caused by the Subject Incident ? Yes: ☐ No: ☐

40.    Have You ever been diagnosed and/or treated by any Health Care Provider for any injury or condition caused by the Subject Incident, including mental health conditions such as depression or PTSD  Yes: ☐ No: ☐

14

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

   a. If You answered *Yes* to questions 32, 33, 34, 35, 37, 38, 39 or 40 please identify the providers who diagnosed You with any conditions caused in whole or part by the subject incident, treated You for any injuries or conditions caused by the incident, or to whom You disclosed the subject incident. Please continue to supplement this form if and when You are treated by additional providers.

| Name of Health Care Provider and Facility | Diagnosis Treatment, or Examination (if known) | Approximate Date(s) of Diagnosis, Treatment, or Examination | Please check this box for any conditions that pre-existed the Subject Incident that have been aggravated by the Subject Incident |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

41.    Do You claim or expect to claim that You lost earnings or suffered impairment of earning capacity as a result of any physical, mental, or emotional injury You allege? Yes: ☐ No: ☐

42.    Do You seek or expect to seek to recover any out-of-pocket costs, including medical expenses covered by insurance, that You have incurred relating to the diagnoses and/or treatment of any physical, mental, or emotional injuries You allege You sustained as a result of the Incident? Yes: ☐ No: ☐

## **AUTHORIZATIONS**

Plaintiff agrees to produce copies of signed and dated authorizations for the releases listed below. Plaintiff agrees that this PFS shall not be considered complete unless and until signed authorization forms are submitted. Plaintiff agrees that any document request for records to be produced by Plaintiff will not preclude Defendant from also collecting such records directly from the source pursuant to these signed authorizations.

Attach the following documents to this PFS as instructed below, making certain that all releases are signed and dated:

15

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1) If You answered *yes* to Question 36, please execute the Limited Authorization to Disclose Health Information (Ex. A). Leave the "To" field blank.

2) If You answered *yes* to Questions 33, 34, or 35, please execute the Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information (Ex. B). Leave the "To" field blank.

3) If You indicated that You or someone on Your behalf notified law enforcement of the Incident in Question 27, please execute the Authorization to Disclose Law Enforcement Records (Ex. C). Leave the "To" field blank.

## **VERIFICATION**

I, _____, hereby state that I have reviewed the Plaintiff Fact Sheet. The statements set forth therein are true and correct to the best of my knowledge, information, and belief. I make this verification based on my personal knowledge. I also declare that I have completed and submitted all required authorizations listed above. I declare under penalty of perjury that the foregoing is true and correct. I understand that I am under an obligation to supplement these responses.

Executed on the ____ day of _____, 2024.

_____

16

# Exhibit A

(Limited Authorization to Disclose Health Information)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**AUTHORIZED IN CONNECTION WITH**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION**
(Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"))

TO: _____
(Health Care Provider)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Patient's Name: _____

Former/Alias/Maiden Name of Patient: _____

Patient's Date of Birth: _____

Patient's Social Security Number: _____

Patient's Address: _____

Ordering Period: Date of Subject Incident: _____ to Present.

I, _____, hereby authorize any Health Care Provider,[1] including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or _____

---

[1] "Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the protected medical and/or insurance information listed below for the purpose of review and evaluation in connection with a legal claim.

**I.      Health Information to Be Disclosed**

Disclose any and all protected medical and/or insurance information and records within the requested time period . For the purposes of this authorization "medical and/or insurance information and records" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to:

- Records of inpatient, outpatient and emergency room treatment, all clinical charts, reports, documents, correspondence, phone notes, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and letters or records received by other physicians.

- All laboratory, histology, cytology, pathology, radiology, CT Scan, MRI, echocardiogram, and catheterization reports, pathology/cytology/histology/autopsy/immunohistochemistry specimens, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.

- All pharmacy/prescription records, including NOC numbers and drug information handouts/monographs.

- All billing records, including all statements, itemized bills, and insurance records.

- All records of any samples of prescription medicines provided.

- **Notwithstanding the broad scope of the above disclosure requests, this authorization form does not authorize the disclosure of notes or records pertaining to psychiatric, psychological, or mental health treatment or diagnosis, including psychotherapy notes, as such terms are defined by HIPAA, 45 CFR § 164.501.**

I expressly request that any Health Care Provider identified above disclose full and complete protected medical information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Health Care Provider to supply copies of such records.

---

psychological evaluation, diagnosis, care, treatment, or advice. This definition also includes professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

1. To the Health Care Provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Care Provider at the Health Care Provider's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Health Care Provider receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Paul, Weiss. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3. I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment, payment, enrollment, or eligibility for benefits.

4. I understand I may inspect or copy the information to be used or disclosed as provided in 45 CFR § 164.524.

5. I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules, including HIPAA. If I have questions about disclosure of my health information, I can contact the Health Care Provider.

6. A notarized signature is not required. 45 CFR § 164.508. A copy of this authorization may be used in place of an original.

**II.     Form of Disclosure**

        \_\_\_\_\_ An electronic record
        \_\_\_\_\_ Hard copy

**III.    Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**IV.      Signature**

Signature: _____      Date: _____

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form:      _____

Signature of person completing this form:      _____

Describe how this person has legal authority to sign this form:

_____

4

# Exhibit B

(Authorization to Disclose Psychiatric, Psychotherapy, and Mental Health Information)

**AUTHORIZED IN CONNECTION WITH**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**AUTHORIZATION TO DISCLOSE PSYCHIATRIC, PSYCHOTHERAPY, AND MENTAL HEALTH INFORMATION**
(Pursuant to the Health Insurance Portability and Accountability Act ("HIPAA"))

TO: _____
(Health Care Provider)

Please complete all sections of this release form below. Please leave the "To" field above blank.

Patient's Name: _____

Former/Alias/Maiden Name of Patient: _____

Patient's Date of Birth: _____

Patient's Social Security Number: _____

Patient's Address: _____

Requested Period: Date of Incident:_____ to present and ten (10) years prior to Date of Incident.

I, _____, hereby authorize any Health Care Provider,[1] including the one listed above, to disclose and furnish to The Marker Group the protected medical

_____

[1] "Health Care Provider" means any facility or person involved in the evaluation, diagnosis, care, or treatment of You, including without limitation any such hospital; clinic; medical center; physician's office; infirmary; medical or diagnostic laboratory; pharmacy; counselor; x-ray department; physical therapy department; rehabilitation specialist; physician; psychiatrist; physical therapist; osteopath; homeopath; chiropractor; psychologist; occupational therapist; nurse; herbalist; emergency responder including EMT, paramedic, or firefighter; social worker; or other facility or person that provides medical, dietary, psychiatric, mental, emotional, or psychological evaluation, diagnosis, care, treatment, or advice. This definition also includes

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

and/or insurance information listed below for the purpose of review and evaluation in connection with a legal claim. The Marker Group will maintain all records available via a secure share file site. Notification of the records received shall be made to both Plaintiff's Identified Counsel and to Uber Technologies, Inc. ("Uber") and/or its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") at the following addresses:

Plaintiff's Identified Counsel: [Insert Plaintiff's Counsel name and contact information, including email address where record notification will be sent]

Uber's Counsel, Paul Weiss: [Insert name and contact information, including email address where record notification will be sent.]

Plaintiff's counsel shall have immediate and sole access to these records through The Marker Group's secure share file site to review for privilege. If Plaintiff's counsel asserts privilege in whole or in part to the records, they will notify The Marker Group to hold the records from release to Uber's Counsel. Through The Marker Group's secure share file site, Plaintiff's counsel shall redact privileged records and produce a Privilege Log within 10 days of notification from The Marker Group of receipt of the records. The redacted records and Privilege Log shall then be accessible to Uber's Counsel via The Marker Group's secure share file site.

    **I.**       **Health Information to Be Disclosed**

Disclose any and all psychiatric, psychotherapy, and mental health records, notes, and information within the Requested Period. For the purposes of this authorization "psychiatric, psychotherapy, and mental health records, notes, and information" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to:

    Complete copies of all psychotherapy notes as defined by 45 CFR § 164.501, psychiatric records and psychotherapy notes reports, therapist's notes, social worker's records, all medical records, physicians' records, surgeons' records, pathology/cytology reports, laboratory reports, discharge summaries, progress notes, consultations, prescriptions, records of drug abuse and alcohol abuse, physicals and histories, nurses' notes, correspondence, insurance records, consent for treatment, statements of account, itemized bills, invoices, or any other papers concerning any treatment, examination, periods or stays of hospitalization, confinement, diagnosis or other information pertaining to and concerning the physical or mental condition of this patient, or documents containing information regarding amendment of protected health information in the medical records. This listing is not meant to be exclusive.

---

professionals and facilities that may have treated, examined, evaluated, diagnosed, or otherwise cared for You as part of a Sexual Assault Response Team exam, a Sexual Assault Forensic Exam, or a Sexual Assault Nurse Exam.

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

I expressly request that any Health Care Provider identified above disclose full and complete protected medical information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Health Care Provider to supply copies of such records.

1.  To the Health Care Provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants. You are not authorized to discuss any aspect of the above-named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition to anyone other than those identified in this Authorization, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2.  I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Health Care Provider at the Health Care Provider's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Health Care Provider receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Plaintiff's Counsel at the following address: _____ _____ and Paul, Weiss. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.

3.  I understand that authorizing the disclosure of this health information is voluntary. I can refuse to sign this authorization. I need not sign this form in order to assure treatment, payment, enrollment, or eligibility for benefits.

4.  I understand I may inspect or copy the information to be used or disclosed as provided in 45 CFR § 164.524.

5.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules, including HIPAA. If I have questions about disclosure of my health information, I can contact the Health Care Provider.

6.  A notarized signature is not required. 45 CFR § 164.508. A copy of this authorization may be used in place of an original.

**II.    Form of Disclosure**

_____ An electronic record uploaded to The Marker Group's secure share file site at:

3

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

[Insert Share Site Information]
_____ Hard copy, mailed to The Marker Group at: [Insert The Marker Group's mailing address]

**III.    Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

**IV.    Signature**

Signature: _____     Date: _____

Print your name: _____

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form:     _____

Signature of person completing this form:     _____

Describe how this person has legal authority to sign this form:

_____

4

# Exhibit C

(Authorization to Disclose Law Enforcement Records)

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

**<u>AUTHORIZED IN CONNECTION WITH</u>**

*IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION*
Northern District of California
No. 3:23-md-3084-CRB

**<u>AUTHORIZATION TO DISCLOSE LAW ENFORCEMENT RECORDS</u>**

TO: _____
(Law Enforcement Agency)


Please complete all sections of this release form below. Please leave the "To" field above blank.

Plaintiff's Name: _____

Former/Alias/Maiden Name of Plaintiff: _____

Plaintiff's Date of Birth: _____

Plaintiff's Social Security Number: _____

Plaintiff's Address: _____


I, _____, hereby authorize any Law Enforcement Agency, including the one listed above, to disclose and furnish to Uber Technologies, Inc. ("Uber") and/or its duly assigned agents, including Paul, Weiss, Rifkind, Wharton & Garrison LLP ("Paul, Weiss") and its attorneys, employees, and agents, the information listed below for the purpose of review and evaluation in connection with a legal claim.

**I. Information to Be Disclosed**

Disclose any and all law enforcement records related to the report I or someone on my behalf made regarding all the events that I allege constituted sexual misconduct or assault against me.

For the purposes of this authorization "law enforcement records" shall be given the broadest definition allowed under applicable federal and state law, including but not limited to intake forms, interview notes and recordings, crime scene reports, witness reports, case management documents, criminal complaints, and legal filings. This listing is not meant to be exclusive.

1

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

I expressly request that any Law Enforcement Agency identified above disclose full and complete protected information. I authorize disclosure of the above-specified information to Paul, Weiss and to its attorneys, employees, and agents, who have agreed to pay reasonable charges incurred by the Law Enforcement Agency to supply copies of such records.

**II.     Form of Disclosure**

    \_\_\_\_   An electronic record or access through an online portal

    \_\_\_\_   Hard copy

**III.     Duration of Authorization**

This authorization shall be effective until January 1, 2028, or until the conclusion of my case in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB (MDL No. 3084), whichever date is later in time.

**IV.     Acknowledgement**

I understand that the information used or disclosed pursuant to this authorization carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.

**V.     Revocation**

I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing and present my written revocation to the Law Enforcement Agency at the Law Enforcement Agency's address. I understand the revocation will not apply to information that has already been released in response to this authorization. Cancellation, revocation, or modification will be valid only once the Law Enforcement Agency receives written notification of such cancellation, revocation, or modification. A copy of said notification shall also be sent to Paul, Weiss.

**VI.     Copies**

A photocopy of this authorization is to be considered as valid as the original.

**VII.     Signature**

Signature: _____     Date: _____

Print your name: _____

2

CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER

If this form is being completed by a person with legal authority to act on an individual's behalf, such a legal guardian or health care agent, please complete the following information:

Name of person completing this form: _____

Signature of person completing this form: _____

Describe how this person has legal authority to sign this form:

_____

3