UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIS, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| ——————————— | ~~[PROPOSED]~~ PRETRIAL ORDER NO. 12: COMMON BENEFIT ORDER— TIMEKEEPING AND EXPENSES PROTOCOL |
| This Document Relates to: | |
| ALL ACTIONS | |

I.      **APPLICATION AND SCOPE OF THE ORDER**

On December 6, 2023, the Court appointed Plaintiffs' Co-Lead Counsel, Plaintiffs' Liaison Counsel, and the Plaintiffs' Steering Committee. ECF 152.  In that Order, the Court indicated it would issue a subsequent order regarding the guidelines and rules for work done and expense incurred for the common benefit of all Plaintiffs in this MDL. As anticipated by that Order, this Order is entered to provide standards and procedures for the fair and equitable sharing among Plaintiffs, and their counsel, of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation. At the appropriate time, and by separate order, the Court anticipates establishing a mechanism for creating a Common Benefit Fund (CBF) and determining an appropriate holdback amount for contribution to that fund.  Failure to follow the guidelines and procedures of this Order will mean that expenses incurred by counsel will not be reimbursable from the CBF or from any settlement fund approved by the Court.

II.    **CASE MANAGEMENT PROTOCOLS FOR COMMON BENEFIT WORK**

The Court hereby adopts the following protocol, which shall govern all common benefit work and expenses in this action, including, among other issues: the exercise of billing judgment; the maintenance of contemporaneous, detailed time records; the periodic reporting of fees, expenses, and/or costs; staffing; and rules for attendance at court hearings.  The recovery of any common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel."  "Participating Counsel" shall be defined as Co-Lead Counsel, the Plaintiffs' Steering Committee (PSC) or other counsel authorized in writing (via email or letter) by Co-Lead Counsel to perform Common Benefit Work (along with attorneys and staff of their respective firms).

Participating Counsel shall be eligible to receive common benefit attorneys' fees and reimbursement of costs and expenses only if the time expended, costs incurred, and activity in question were: (a) for the common benefit of Plaintiffs; (b) timely submitted; (c) not duplicative; and (d) reasonable in the determination of Co-Lead Counsel, any appointed CPA or other third party, and the Court or its designee. The Court may appoint a fee committee per subsequent order. Costs or expenses that fall within the limitations set forth herein shall not be deemed presumptively reasonable, and the Court retains its discretion to evaluate any costs or expenses submitted by counsel for reasonableness.

Any counsel intending to seek payment of common benefit attorneys' fees and reimbursement of common benefit costs and expenses agree to the terms and conditions herein, including submitting to this Court's jurisdiction and agreeing that this Court has plenary authority regarding the award and allocation of common benefit attorneys' fees and expense reimbursements in this matter.

Any counsel seeking reimbursement for fees and expenses for work in this action will submit to Co-Lead Counsel, via an email address to be established and maintained by Plaintiffs' Co-Lead and Liaison Counsel, monthly common benefit time and expense submissions. Plaintiffs' Co-Lead Counsel conferred and determined, subject to the Court's approval, that appointing a CPA or other third party is not necessary at this time, but Co-Lead Counsel may propose a mechanism for auditing the propriety of the time and costs submitted, whether it be by

a CPA or other third party neutral, or Co-Lead Counsel and any of its designees, or some combination thereof. Co-Lead Counsel may propose entry of an order concerning the appropriate method for audit and review in due course. The ultimate determination of what is compensable common benefit work, and the extent or rate at which it is compensable, is within the purview of the Court. In the event that Participating Counsel are unsure if the action they are about to undertake is considered common benefit work, they shall receive approval from Co-Lead Counsel in advance as to whether Co-Lead Counsel consider such work to be common benefit work.

### A.   Compensable Common Benefit Work

"Common Benefit Work" and "Common Benefit Expenses" include all work done and expenses incurred that inure to the common benefit of Plaintiffs in this MDL.

Examples of compensable and non-compensable work include, but are not limited to:

1.   **Consolidated Pleadings and Briefs:**  When authorized by Co-Lead Counsel, (i) factual and legal research and preparation of consolidated complaints, if any, and related briefing; (ii) comments and suggestions regarding any consolidated complaints; and (iii) other briefing or presentation of argument before the Court regarding common legal issues (such as discovery disputes) are compensable.

2.   **Bellwethers:**  When authorized by Co-Lead Counsel: (i) communication with clients for the purposes of identifying suitable bellwether candidates; (ii) factual and legal research necessary to select the appropriate bellwethers; and (iii) prosecution of the selected bellwether cases.

3.   **Discovery and Document Review:**  Only discovery and document review authorized by Co-Lead Counsel and assigned to an attorney or law firm will be considered Common Benefit Work. If a firm or attorney elects to review documents that have not been assigned to them by Co-Lead Counsel, that review may not be considered Common Benefit Work. Descriptions associated with document review should contain sufficient detail to allow those reviewing the time entry to generally ascertain what was reviewed. For example, indicating the custodian, search query, or number or type of documents reviewed is the kind of description needed.

4.      **Depositions:**  Co-Lead Counsel shall exercise discretion, judgment, and prudence to limit the number of attorneys authorized to participate in any given deposition to be commensurate with the nature of that deposition, so as to avoid over-staffing and inefficiencies. Time and expenses for Participating Counsel not designated as one of the attorneys authorized to prepare for a deposition, ask questions, defend a deposition, or otherwise attend the deposition by Co-Lead Counsel may not be considered Common Benefit Work but, rather, considered as attending on behalf of such counsel's individual clients. Unnecessary attendance by counsel may not be compensated in any fee application to the Court.

5.      **Discovery Responses:**  Only those attorneys designated by Co-Lead Counsel or their designees to review and summarize discovery requests served on Plaintiffs and prepare responses are working for the common benefit and will have their time be considered Common Benefit Work. Time spent reviewing discovery requests and preparing responses for the benefit of counsel's own clients is not considered Common Benefit Work, unless it is at Co-Lead Counsel's direction and for a bellwether case after the case is selected as a bellwether.

6.      **Periodic MDL Status Conferences:**  Only counsel who will address the Court, or who have been asked to attend status conferences by the Court, Co-Lead Counsel, or PSC members, may record that time and related expenses as Common Benefit Work and Common Benefit Expenses.  All attorneys have an obligation to keep themselves informed about the litigation so that they can best represent their respective clients, and are free to attend or listen to periodic status conferences. Mere telephonic or in-person attendance at a status conference, however, will not be considered compensable Common Benefit Work, and expenses incurred in relation thereto will not be considered Common Benefit Expenses.

7.      **Periodic MDL Conference Calls:**  These calls are held so that individual attorneys may keep up-to-date on the status of the litigation; participation by listening to such calls is not Common Benefit Work. The attorneys designated by Co-Lead Counsel to run those calls are working for the common benefit by keeping other lawyers informed and educated about the case; their time will be considered Common Benefit Work.

8.    **Leadership Meetings or Calls**:  PSC members may submit common benefit time for participation in leadership communications and meetings that are germane to all members of the PSC and necessary to fulfill their Court-appointed obligations. During leadership phone calls or other meetings, there is a presumption that only one participant per firm will qualify for common benefit time, unless otherwise authorized by Co-Lead Counsel.

9.    **Expert-Related Work:**  If Participating Counsel retains an expert without the knowledge and approval of Co-Lead Counsel and the expert committee, time and expenses attributable to that expert may not be approved as Common Benefit Work.  Work with experts retained for the common benefit of Plaintiffs, on the other hand, shall be considered Common Benefit Work if performed with the authorization of Co-Lead Counsel.

10.    **Attendance at Seminars:**  Except as approved by Co-Lead Counsel, attendance at seminars (e.g., American Association for Justice Section Meetings, Mass Torts Made Perfect, HarrisMartin, and similar seminars and Continuing Legal Education programs) shall not qualify as Common Benefit Work, or the expenses pertaining thereto as Common Benefit Expenses.

11.    **Review of Court Filings and Orders:**  Only PSC members and those attorneys working on assignments authorized by Co-Lead Counsel that require them to review, analyze, or summarize particular filings or orders in connection with their assignments are doing so for the common benefit. All other counsel are reviewing those filings and orders for their own benefit and that of their respective clients; such review will not be considered Common Benefit Work.

12.    **Emails and Correspondence:**  Except for the PSC members and their authorized attorneys and staff, time recorded for reviewing emails and other correspondence is not compensable Common Benefit Work unless germane to an assignment authorized by Co-Lead Counsel and performed by the attorney or party directly related to that assignment. For example, review of an email or other correspondence sent to dozens of attorneys to keep them informed on a matter on which they are not specifically working would not be compensable as Common Benefit Work.

13.    **Other Non-Compensable Work**: The following types of work will not be compensated: time not authorized by Co-Lead Counsel; unreasonably duplicative time; excessive

1   amounts of time spent on a particular task; work performed by a person more senior than

2   reasonably necessary for the task (which may not be compensated or may be compensated at a

3   reduced rate); time spent on internal firm management; and time spent preparing and reviewing

4   individual firm time and expense submissions or responding to questions concerning individual

5   firm time and expenses submissions. While all attorneys have an obligation to stay informed

6   about the litigation so that they can best represent their respective clients, review of emails and

7   court filings, attendance at status conferences, participation in conference calls, and similar

8   activities will not be considered Common Benefit Work.

9        **B.**   **Common Benefit Timekeeping Protocols**

10         **1.**   **Recording Requirements**

11      All time must be accurately and contemporaneously maintained. Any counsel intending to

12   seek payment of common benefit attorneys' fees and reimbursement of common benefit costs and

13   expenses shall keep contemporaneous billing records of time spent in connection with Common

14   Benefit Work in this MDL, indicating with specificity the hours (in tenth-of-an-hour increments)

15   and billing rate, along with a description of the particular activity (e.g., "conducted deposition of

16   John Doe").

17      Descriptions must bear sufficient detail to identify the precise task and how it relates to

18   Common Benefit Work.  Individuals identified in time descriptions must be described by at least

19   their first initial and last name, not by initials.  "John Doe" is preferred; "J. Doe" is acceptable;

20   and "JD" is unacceptable.

21      Each time entry must be categorized using one of the categories in **Exhibit A**.  In general,

22   when possible, a more specific category should be used in place of a more general category.

23   Under no circumstances should a submitting firm make up new categories for use in its

24   submission. Co-Lead Counsel will provide further guidance through memorandum to counsel as

25   needed.

26      While the time entry categories are generally self-explanatory, below are further

27   explanations for some of the categories that have the potential for confusion:

28

[PROPOSED] PRETRIAL ORDER NO. 12:
TIMEKEEPING AND EXPENSES PROTOCOL,
MDL NO. 3084 CRB

**a.** **Lead Counsel/PSC Duties (3)** – This category code should only be used for work done by Co-Lead Counsel, PSC members, other Court-appointed counsel, and their assigned attorneys and staff, in their capacity as PSC members. This category should be used primarily for PSC members' more general or administrative responsibilities that do not fit into other, more specific categories. These include, but are not limited to, reviewing, analyzing, and summarizing filings and orders as appropriate based on the work being conducted by counsel, or coordinating and designating non-Court-appointed attorneys to conduct common benefit tasks such as document reviews, depositions, or work with experts. This category should not be used by any timekeeper who is not Court-appointed counsel or one of their assigned attorneys or staff.

**b.** **Document Review (9)** – For the purposes of this category, the word "document" specifically means documents or other information produced in discovery (or, for a producing party, that are being reviewed for possible production). In other words, this category is not to be used for every instance of reading a document—it is more specific.  Time entry descriptions for document review tasks should include specific details such as custodians, search query, number of document folders reviewed, or other similar details. Task Code 9 should not be used for defensive document review; that work is captured by Task Code 8.

**c.** **Trial (17)** – This category is reserved solely for tasks performed during a trial.

**d.** **Miscellaneous (19)** – This is a general category that should not be used if a more specific category can be used instead. Any activities done in connection with or as part of a larger task like a brief, or a court appearance, or a meeting, should be categorized according to that larger task. This category should be used relatively infrequently. However, when it is used, it is critical that the description of the task be sufficiently detailed to make clear how the work was Common Benefit Work.

## 2.    Hourly Rates

Counsel shall record their then-present hourly rates for all attorneys and staff.  Counsel shall not bill a rate other than their standard rates at the time the work is performed. Use of these rates does not guarantee their payment.

### 3. Document Analysis

Co-Lead Counsel has chosen a document vendor. A document analysis system will be used to avoid unnecessary travel expenses and procedures will be put in place to monitor how much time is spent analyzing documents and the efficiency and quality of analysis by other firms. Co-Lead Counsel will establish further parameters regarding the use and compensation of attorneys for document review and other tasks, to be addressed in a subsequent order.

### C. Common Benefit Expenses Protocol

#### 1. Shared Costs

"Shared Costs" are costs that will be paid out of the Litigation Fund administered by Co-Lead Counsel. Participating Counsel shall contribute to the Litigation Fund at times and in amounts sufficient to cover Plaintiffs' Shared Costs. The timing and amount of each assessment will be determined by Co-Lead Counsel, and each assessment will be paid within 14 days as instructed by Co-Lead Counsel. Failure to pay assessments will be grounds for removal from the appointments made in previous Court orders or other common benefit assignments.

Shared Costs are costs incurred for the common benefit of Plaintiffs in this MDL as a whole. No client-related costs, save certain costs relating to cases selected as bellwether cases that will be for the common benefit (e.g., related to liability and causation), shall be considered Shared Costs, unless exceptional circumstances exist and are approved by later order of this Court. All Shared Costs must be approved by Co-Lead Counsel prior the cost being incurred. All costs that meet these requirements and fall under the following categories shall be considered Shared Costs and qualify for submission and payment directly from the Fund:

        a. Court, filing, and service costs related to common issues;

        b. Costs for transcripts of court hearings;

        c. Court reporter and interpreter costs for depositions;

        d. Document (both electronic and hard copy) depository creation, operation, staffing, equipment, and administration;

   **e.** Common benefit administrative expenses (e.g., expenses for courtroom equipment or technology, service costs for court filings and discovery documents, costs related to hosting Co-Lead Counsel and leadership meetings and conference calls);

   **f.** Legal, tax, accountant, or financial institution fees relating to the Fund;

   **g.** Expert witness and consultant fees and expenses for experts approved by Co-Lead Counsel whose opinions and testimony would be for the common benefit;

   **h.** Printing, copying, coding, and scanning related to the above (only out-of-house or extraordinary firm costs);

   **i.** Research by outside third-party vendors, consultants, and attorneys, approved by Co-Lead Counsel;

   **j.** Translation costs approved by Co-Lead Counsel;

   **k.** Investigative services approved by Co-Lead Counsel;

   **l.** Reimbursements of assessments paid by Co-Lead Counsel or by a non-Lead Counsel firm from whom an assessment was requested by Co-Lead Counsel in the event no further litigation-related payments will be needed from the Fund.

 Co-Lead Counsel shall prepare and be responsible for distributing reimbursement procedures and the forms associated therewith. Requests for payments from the Fund for common benefit expenses shall include sufficient information to permit Co-Lead Counsel and, as appropriate, a Certified Public Accountant to account properly for costs and to provide adequate detail to the Court if necessary.

  **2.** **Held Costs**

   **a.** "Held Costs" are those that will be carried by each attorney in this MDL and reimbursed as and when Co-Lead Counsel determines. Held Costs are those that do not fall into the above Shared Costs categories, but are incurred for the common benefit of all Plaintiffs in this MDL. No client-specific costs can be considered Held Costs, other than certain common benefit costs relating to future bellwether cases at the discretion of Co-Lead Counsel.

1    Held Costs shall be recorded in accordance with the guidelines set forth herein and shall be

2    subject to the travel and administrative limitations set forth in this Order.

3            **3.    Travel Limitations**

4                    **a.**    Only reasonable expenses will be reimbursed. Except in unusual

5    circumstances approved by Co-Lead Counsel, all travel reimbursements are subject to the

6    following limitations:

7                    **b.    Airfare**:  For routine domestic flights, only the price of a

8    refundable, changeable, and convenient coach fare seat or its equivalent will be reimbursed. For

9    international travel or transcontinental flights with a total duration exceeding five and a half

10   hours, business class, or if business class is not available, first class may be reimbursed at Co-

11   Lead Counsel's discretion. Private or charter travel will not be reimbursed except in unusual

12   circumstances, as approved by Co-Lead Counsel.

13                   **c.    Hotels**:  Reasonable hotel room charges for the average available

14   room rate of a reasonable business hotel will be reimbursed.  Unusually high hotel charges may

15   be reviewed by Co-Lead Counsel and disallowed.

16                   **d.    Meals**:  Meal expenses must be reasonable. Unusually large meal

17   expenses may be reviewed by Co-Lead Counsel and disallowed.

18                   **e.    Cash Expenses**:  Miscellaneous cash expenses for which receipts

19   generally are not available (e.g., tips, luggage handling) will be reimbursed up to $50.00 per trip,

20   if the expenses are properly itemized.

21                   **f.    Automobile Rentals**:  Automobile rentals must be reasonable for

22   the date and location of the rental. Unusually high car rental charges may be reviewed by Co-

23   Lead Counsel and disallowed.

24                   **g.    Mileage**:  Mileage claims must be documented by stating

25   origination point, destination, and total actual miles for each trip. The rate will be the maximum

26   rate allowed by the Internal Revenue Service.

27

28

**4.     Non-Travel Limitations**

        **a.     Long Distance, Conference Call, and Cellular Telephone Charges**:  Common benefit long distance, conference call, and cellular telephone charges are to be reported at actual cost.

        **b.     Shipping, Overnight, Courier, and Delivery Charges**:  All claimed common benefit shipping, overnight, courier, or delivery expenses must be documented with bills showing the sender, origin of the package, recipient, and destination of the package. Such charges are to be reported at actual cost.

        **c.     Postage Charges**:  Common benefit postage charges are to be reported at actual cost.

        **d.     Telefax Charges**:  Common benefit fax charges shall not exceed $0.25 per page.

        **e.     In-House Photocopy**:  The maximum charge for common benefit in-house copies is $0.15 per page.

        **f.     Computerized Research – Lexis, Westlaw, or Bloomberg**: Claims for Lexis, Westlaw, Bloomberg, or other computerized legal research expenses should be in the actual amount charged to the firm and appropriately allocated for these research services.

**5.     Expense Reporting Protocol**

No entry should contain more than one category of expense when practical, and no entry should have more than one expense category code assigned to it. If, on the same day, one person incurs two expenses that fall into two different categories, there should be two separate entries for that person for that date, each with the appropriate expense description and category code. Similarly, when practical, no listed expense entry should include expenses incurred by more than one person. If multiple people incur the same expense for the same category, generally there should be a separate entry for each person, unless a single person paid the expense for multiple people.

Every expense entry should be as detailed and specific as reasonably practical. Descriptions such as "Filing and Service Fees," "Service of Process," "Plane Ticket,"

1  "Investigation Fees," "Hearing Transcript," and "Deposition Services" are not sufficient. Every

2  entry must describe the task for which the expense was incurred in enough detail to reasonably

3  identify what the expense was, who incurred it, why it was incurred, and how it related to

4  Common Benefit Work. For example: What was filed and on behalf of whom? Who was served

5  with what document and on behalf of whom? What hearing transcript was requested and for what

6  purpose? For whom was the plane ticket purchased, for air travel from where to where, on what

7  dates of travel? (The same goes for hotels, taxis, car services, tips, meals, and any other travel-

8  related expenses.) Expense entries without sufficient detail may be rejected at Co-Lead Counsel's

9  discretion.

10         Attorneys shall provide receipts for all expenses. This does not mean that receipts are to

11  be provided "upon request"—it means each firm must provide receipts monthly along with their

12  expense submissions, in PDF form, not hard copy. Credit card receipts (not the monthly

13  statements) are an appropriate form of verification.  Hotel costs must be proven with the full hotel

14  invoice. Description of expenses on an invoice not claimed in this action may be redacted. All

15  time and expense submissions, including claimed billable hourly rates, shall be reviewed and

16  certified by a partner or shareholder in the Common Benefit Counsel firm attesting to the

17  accuracy of the submissions and attesting that Common Benefit Counsel believes in good faith

18  that all claimed time and expenses are compensable under this Order.

19         **D.     Protocols for Submission of Time and Expenses**

20                **1.     Format**

21         For necessary scrutiny of submissions, all time and expense submissions must be provided

22  by submitting counsel in the following format:

23                **a.     **Counsel must use the Excel forms provided as **Exhibit A** to this

24  Order. This means that each monthly submission will consist of one Excel file, within which there

25  will be four "sheets" (marked by tabs at the bottom): "Expense Report," "Supplemental Expense

26  Report," "Monthly Time Report," and "Monthly Time Report Totals."

27                **b.     **In the "Monthly Time Report," the person who performed each task

28  must be identified in the column called "Last Name, First Name" by their complete last name, a

comma, and their complete first name (e.g., Smith, John). Do not use abbreviations or initials in this column.

           **c.**      In all reports, the date must be provided in month/day/year format (e.g., 12/28/19).

      **2.**    **Deadlines**

All time and expense submissions must be timely submitted by the 20th day of each month, in accordance with the guidelines set forth herein, to the following email addresses: UberTime@lchb.com and ubermdlcoleadcounsel@chaffinluhana.com.

The first submission is due on May 15, 2024 and should include all time and expenses from inception of work on MDL-related litigation through April 15, 2024. Co-Lead Counsel will assess and determine whether pre-MDL formation work submitted warrants inclusion as common benefit work. After this first submission, each monthly submission will be due on the 20th of each month, and should include all common benefit time and expenses incurred from the first to the last day of the preceding month (e.g., a submission due January 20, 2024, shall contain all common benefit time and expenses incurred from December 1, 2023, through December 31, 2023).

Although counsel should endeavor to submit all common benefit expenses incurred in a certain month in the submission made on the 20th of the next month, third-party billing and credit card statement schedules may occasionally make such quick expense submission difficult. Thus, submissions of "supplemental" common benefit expense reports will be permitted for those expenses incurred during the previous six months that—due to circumstances outside the submitting counsel's control—could not have been submitted by the deadline. Any common benefit expenses submitted more than six months in arrears may not be considered or included in any compilation of common benefit expense calculation and may be disallowed, except for good cause shown and with approval of Co-Lead Counsel.

**IT IS SO ORDERED.**

1    **DATED:** March 26, 2024

2                                                          _____

3                                                          Hon. Charles R. Breyer
                                                            United States District Court Judge
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] PRETRIAL ORDER NO. 12:
TIMEKEEPING AND EXPENSES PROTOCOL,
MDL NO. 3084 CRB