UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ This Order Relates To: ALL ACTIONS | MDL No. 3084 CRB (LJC) **PRIVILEGED MATERIALS ORDER** Re: Dkt. Nos. 228, 229 |

The parties have filed their respective proposals and related briefing regarding various disagreements about how privileged materials will be handled in this Multi-District Litigation. Dkt. Nos. 228, 229. Having considered the parties' submissions and arguments, and all relevant authorities, the Court resolves the parties' disputes as stated below.[1]

**I.   DISCUSSION**

   **A.   Defendants' Paragraphs 5 and 9: Analyses, Memoranda, or Notes Based Upon Potentially Privileged Materials.**

Uber's proposal is adopted. The Defendant's proposal mirrors the approach taken in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Liability Litigation*, Case No. 19-md-02913-WHO, Case Management Order No. 4, Para. 8, Dkt. 322 (N.D. Cal. Dec. 17, 2019); *see also id.*, Join Case Management Statement, Ex. C, Dkt. 291-3 (reflecting the parties' agreement as to Paragraph 8).

   **B.   Defendants' Paragraphs 5 and 6: Materials Used in a Clawback Challenge.**

The parties dispute the procedural steps that should apply when an objection is raised to a

---

[1] In this order the Court refers to Defendants collectively as "Uber," as the Court and the parties have throughout this litigation.

1     Clawback Notice.  In the "Notice of Clawback Challenge" the objecting party provides the reason

2     for said disagreement, and the objecting party submits the notice to the producing party that is

3     asserting the privilege claim in its Clawback Notice.  There are two aspects to the dispute.  First,

4     Uber contends the receiving party shall make its objection exclusively on the basis of information

5     provided to the objecting party in the Clawback Notice.  Second, in Uber's proposal, the receiving

6     party's objection to the Clawback Notice shall not refer, quote, cite, or otherwise use any of the

7     material subject to the Clawback Notice.

8           Rule 26(b)(5) of the Federal Rules of Civil Procedure establishes "a procedure for a party

9     that has withheld information on the basis of privilege or protection as trial-preparation material to

10    make the claim so that the requesting party can decide whether to contest the claim and the court

11    can resolve the dispute."  Fed. R. Civ. P. 26(b)(5), advisory committee's note (2006

12    Amendments).  The provision was "added to provide a procedure for a party to assert a claim of

13    privilege or trial-preparation material protection after information is produced in discovery in the

14    action and, if the claim is contested, permit any party that received the information to present the

15    matter to the court for resolution."  *Id.*  Accordingly, the rule expressly authorizes a party that has

16    received information that is subject to a claim of privilege or of protection as trial-preparation

17    material to "promptly present the information to the court under seal for a determination of the

18    claim."  Fed. R. Civ. P. 26(b)(5)(B).  At the same time, the receiving party is barred from "us[ing]

19    or disclos[ing] the information until the claim is resolved[.]  *Id.*

20          Uber seeks to justify its proposal by arguing that Rule 26(b) is designed to place the

21    producing party in the exact position it would have been in if the inadvertent production had not

22    happened.  Not so.  Indeed, the rule authorizes the party that received the information to challenge

23    a claim of privilege by submitting that very information under seal to the court.  If the rule were

24    truly to place the producing party in the position it was in prior to the disclosure, the receiving

25    party would not be permitted to challenge the claim of privilege.  Neither the text, nor the stated

26    purpose of the rule, justifies limiting the objecting party to relying on the language that the

27    producing party included in its Clawback Notice.  Nor does rule warrant prohibiting the receiving

28    party from referring, quoting, citing, or otherwise using any of the material subject to the

Clawback Notice for the purpose of objecting to the asserted claim or protection. The rule is not intended to interfere with the receiving party's ability to object to the privilege claim, though it was adopted to curb the risk of waiver. Fed. R. Civ. P. 26(b)(5), advisory committee's note (2006 Amendments) ("When the review is of electronically stored information, the risk of waiver, and the time and effort required to avoid it, can increase substantially because of the volume of electronically stored information and the difficulty in ensuring that all information to be produced has in fact been reviewed."); *see also* Fed. R. Evid. 502(d) (inadvertent disclosure does not operate as a waiver).

Uber's proposal is rejected, and Plaintiffs' proposed revisions are adopted.

### C. Defendants' Paragraph 7: *In Camera* Review Materials Used in a Clawback Challenge.

Here the parties have not agreed to *in camera* review of any material subject to a Clawback Notice challenge for purposes of facilitating the Court's resolution of such disputes. Instead, Uber argues that *United States v. Zolin*, 491 U.S. 554, 572 (1989), holds that before engaging in *in camera* review, the Court must "require a showing of a factual basis adequate to support a good faith belief" that the privilege should not apply, and only after that showing is made, the decision to conduct *in camera* review rests in the district court's discretion. Plaintiffs do not directly respond to this argument. Indeed, the Ninth Circuit held in *In re Grand Jury Investigation*, 974 F.2d 1068, 1074 (9th Cir. 1992), that the two-step *Zolin* process "applies equally well when a party seeks *in camera* review to contest assertions of . . . privilege."

Uber's proposal provides that the Court "may order in camera review of the challenged materials(a) if the Court (1) determines that the Receiving party has shown good cause for its challenge and (2) believes that it cannot decide that issue based solely on the written submissions of the parties." But this proposal is more restrictive than the test established in *Zolin* and adopted by the Ninth Circuit. *In re Grand Jury Investigation*, 974 F.2d at 1074 (stating that the court's discretion to conduct *in camera* review "is guided by the factors enumerated in *Zolin*".) Therefore, the Court rejects it.

Under *Zolin*, the challenging party need only make a minimal showing that *in camera*

review may reveal non-privileged material, and if that requirement is met, the district court may consider "the facts and circumstances of the particular case, including, among other things, the volume of materials the district court has been asked to review, the relative importance to the case of the alleged privileged information, and the likelihood that the evidence produced through in camera review, together with other available evidence then before the court, will establish" that the privilege does apply. 491 U.S. at 572. To ensure that *in camera* review is conducted only in a manner consistent with precedent, the parties' proposals are rejected, and Paragraph 7 shall state:

> 7. Nothing in this Order precludes a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with this paragraph and paragraph 6. Prior to submitting the item(s) to the Court for review and/or using the content of the item(s) in briefing, the Receiving Party must (1) provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the privilege or protection does not apply and (2) obtain an order from the Court authorizing the submission of the items to the Court for *in camera* review and/or use of the item(s) in briefing submitted in connection with the clawback dispute.

**D.  Defendants' Paragraph 10: Technical Language Disputes**

Uber's proposal is adopted.

**E.  Defendants' Paragraph 14: Timing of Privilege Logs**

Plaintiffs' proposal is adopted because it will facilitate the expeditious resolution of privilege disputes. This time frame has been deployed in other MDLs.

**F.  Defendants' Paragraph 14(j): "Source File" Information**

Uber's proposal to delete this subparagraph is adopted.

**G.  Defendants' Paragraphs 17: Inadvertent Failure to Identify Attorneys with an Asterisk**

Plaintiffs' proposal is adopted.

**H.  Defendants' Paragraph 18 and Plaintiffs' Paragraph 17: Production of a Separate List of Individuals**

Plaintiffs do not provide sufficient justification to require Uber to produce the information they request for every individual identified in the privilege log. The paragraph shall state:

> The Receiving Party may make reasonable request, on an individual or specified group basis and for good cause, that the Producing Party

provide (a) in alphabetical order (by last name, then first name of such individual(s)), (b) aliases for such individual(s), (c) the job title of such individual(s), (d) the employer of such individual(s) at the time of the communication. This list shall be produced by the Producing Party in an electronic format (e.g., Excel format) that allows text searching, sorting, and organization of data, and it shall be produced in a cumulative manner, so that each subsequent list includes individuals from the prior lists. Nothing in this paragraph shall be construed to allow the Receiving Party to request this information for every individual listed in the log.

### I.     Defendants' Paragraph 19: Potential Use of Categorical Privilege Logs

Instead of Uber or the Plaintiffs' proposals, the parties shall adopt the following language regarding the use of categorical privilege logs:

> Documents withheld on the basis of privilege and/or work product production may be grouped into categories based on content, and a categorical privilege log prepared, including a description of the nature or general subject matter of the communications for each category sufficient to support the claim that the documents within the category are privileged and/or protected, and sufficient to enable the requesting party to make an intelligent determination about the validity of the assertion of the privilege. The categorical log shall also include the following data for each document within the category:
>
> (a) Bates-number range, or if no Bates-number range, a unique document identifier;
> (b) Family relationship, if applicable (i.e., identification of parent emails and all attachments);
> (c) The name of the author(s);
> (d) The names of all addresses and recipients, including copyees and blind copyees;
> (e) The document date;
> (f) An indication of whether the document has been produced in redacted form or withheld in its entirety;
>
> Notwithstanding the forgoing, the decision to log documents on a categorical basis does not waive any party's right to adjudicate any challenge(s) to privilege on a document-by-document basis. Nor does the foregoing preclude the Receiving Party from seeking relief from this provision allowing for some use of categorical logs. A Receiving Party make seek relief by making a showing to the Court that (a) a document-by-document listing of withheld documents included in the categorical log would not be unduly burdensome given the needs of the case, and (b) additional material would aid in assessing whether the privilege or protection claim is well grounded.

### J.     Defendants' Paragraph 20: Communications and Documents That Do Not Need to be Logged

Plaintiffs' proposal is adopted.

5

**K.     Defendants' Paragraph 21: Privilege Log Treatment of Email Chains**

The paragraph shall state:

> Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, addressees, and recipients (including copyees and blind copyees) for all thread members, that the description of the thread include the factual bases sufficient to support the claim of privilege for each thread member over which privilege is asserted, and that the log entry include privilege designations applicable to any thread members.

## II.     CONCLUSION

The Court's rulings on the above-noted disputes shall be incorporated by the Parties into a final Stipulated and [Proposed] Pretrial Order No. __: Federal Rule of Evidence 502(d) and Privileged Materials that shall be filed with the Court by April 3, 2024.

**IT IS SO ORDERED.**

Dated: March 28, 2024

LISA J. CISNEROS
United States Magistrate Judge