UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC.; PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 3:23-md-03084-CRB<br><br>[~~PROPOSED~~] PRETRIAL ORDER NO. <u>13</u>: EXPERT DISCOVERY PROTOCOL |

## I. GENERAL PROVISIONS

This Order applies to all Parties to the Uber MDL Action. This Order provides the protocols applicable to conducting discovery relating to testifying expert witnesses. Nothing in this Order shall preclude any Party from seeking to modify it later for good cause; prior to doing so, however, Counsel of Record shall meet and confer among themselves in a good-faith effort to reach agreement as to the appropriate scope of any modifications or revisions to this Order.

## II. GOVERNING LAW

Expert discovery shall be governed by the applicable provisions of the Federal Rules of Civil Procedure, except as otherwise provided herein or in any other order in this Action. Unless specifically modified herein, nothing in this Order shall be construed to abrogate, modify, or enlarge the Federal Rules of Civil Procedure. This Order does not supersede prior pretrial orders

entered in this Action.  To the extent anything contained in prior pretrial orders is inconsistent with the provisions set forth herein, this Order shall control with respect to expert discovery.

### III.     DISCOVERY RELATING TO EXPERTS

#### A.     Non-Discoverability of Certain Expert-Related Materials

1. With respect to testifying experts who must provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B), the following materials shall not be subject to discovery or production:

   a. Unless utilized as a basis to form any opinions rendered in this Action, any notes taken by, for, or at the direction of an expert, the expert's staff, or others retained to assist the expert during the course of the expert's work in connection with the Action.

   b. Unless utilized as a basis to form any opinions rendered in this Action, communications between and among an expert and that expert's staff or others retained to assist the expert.

   c. Unless utilized as a basis to form any opinions rendered in this Action, communications between and among Counsel for a Party and experts retained on behalf of that Party, those experts' staff, or others retained to assist such experts.

   d. Drafts of expert reports or portions thereof.

2. The Parties are not required to produce or exchange privilege logs reflecting any of the aforementioned items that are not subject to discovery or production pursuant to this Order.

#### B.     Expert-Related Materials To Be Disclosed

1. A testifying expert who must provide a written report pursuant to Fed. R. Civ. P. 26(a)(2)(B) shall disclose the information identified in Fed. R. Civ. P. 26(a)(2)(B)(i) – (vi) in his or her expert report or rebuttal expert report. Any mathematical calculations or supporting data disclosed pursuant to this provision shall be provided in native format. The Parties shall meet and confer regarding disclosure of any mathematical calculations or supporting data that use or rely on computer software or programs other than retail software.

2. For any testifying expert who must be disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(C), the disclosure must state:

        a.    the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and

        b.    a summary of the facts and opinions to which the witness is expected to testify. Fed. Rules Civ. Proc., Rule 26, 28 U.S.C.A.

    3.    Notwithstanding Section III.A, upon request, a Party shall disclose the information identified in Fed. R. Civ. P. 26(b)(4)(C)(i) – (iii).

    **C.**    **Expert Depositions**

    1.    Except as otherwise provided in this Order, or otherwise agreed by the Parties, the Deposition Protocol to be entered in this Action as a Pretrial Order shall govern the processes and procedures with which Parties shall comply in connection with the taking of expert depositions.

    2.    *Length of examination*.  Following issuance of expert reports, the Parties shall meet and confer to determine a presumptive length of expert depositions.

    3.    *Location of Expert depositions*.  The Parties shall meet and confer regarding the location of the depositions of expert witnesses.

    4.    *Number of depositions*.  Absent agreement of the Parties or leave of the Court, no expert may be deposed more than once in this Action, unless that expert properly submits a rebuttal or surrebuttal report, or any substantive amendments or supplements to any reports, after the date of such deposition, in which case there will be one deposition for the opening report and one additional deposition to address the new topics raised in the rebuttal/surrebuttal/amendments/supplements.  Nothing in this order prevents any party from challenging an expert's submission as improper or untimely pursuant to Rule 37(c).

    **D.**    **Costs**

The Parties shall meet and confer after the entry of this Order to determine the allocation of cost related to the expert's time spent at his or her deposition.

    **E.**    **Schedule**

Expert-related deadlines and scheduling will be set in a separate order.

1 **IT IS SO ORDERED.**

3  Dated: March 29 2024

_____
Hon. Lisa J. Cisneros
United States Magistrate Judge