UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ This Order Relates To: ALL ACTIONS | MDL No. 3084 CRB (LJC) **ORDER REGARDING DEPOSITION PROTOCOL** Re: Dkt. Nos. 299, 300 |

The parties have filed their respective proposals and briefing regarding the deposition protocol for this Multi-District Litigation. Dkt. Nos. 299, 300. The parties dispute the following:

- The appropriate limitation on the number of depositions of Uber witnesses, and whether the limitation should exclude 30(b)(6) witness depositions.
- The amount of time allowed for each deposition.
- The production of privilege logs related to custodial and personnel files, and the timing for production of personnel files for Uber employee or former employee witnesses.
- Whether a process should be established, as part of the deposition protocol, to determine the authenticity of an exhibit produced by a Defendant or Third-Party.
- Whether counsel who are present in the room with a deponent during a remote deposition shall appear on camera.

Having considered the parties' submissions and arguments, and all relevant authorities, the Court addresses the parties' disputes as stated below.[1]

---

[1] In this order the Court refers to Defendants collectively as "Uber," as the Court and the parties

It is premature for the Court to decide the number of depositions to be taken in this litigation. The Court notes that there are at least 241 individual actions filed in this MDL. The prospect of conducting 100 fact depositions of Uber witnesses for the purposes of conducting discovery as to the common issues in this case, at first blush, appears excessive. On other hand, this MDL covers a considerable time span in which Uber has operated. There has been employee turnover, and Uber has placed over 5,000 employees under litigation holds, as they may have relevant information. The Court would like to consider proposals that are better substantiated based on the specific needs of this MDL. Yet, the parties may not yet be able to know which witnesses have relevant information regarding common issues in the case because the case is still at the early stages of discovery.

It is also premature for the Court to determine the amount of time allocated for each deposition. The parties' proposals anticipate coordination with the JCCP, but the Court does not have confirmation that JCCP counsel have agreed to coordinate the depositions. Nor does the Court have the JCCP counsel's input on what the allocation of time should be (or, for that matter, what the capped number of depositions should be).

The parties shall appear for a discovery status conference on April 24, 2024 at 10:00 am to discuss the timing for when depositions may begin, the number of depositions, the amount of time for each deposition, their coordination with the JCCP, and authentication of documents. The parties may stipulate to hold this conference at a later date, if they believe that a later conference will be more effective. Two business days before the status conference, the parties shall submit their respective proposals, and indicate whether it incorporates the positions of their JCCP counterparts.

For the time being, the Court rules on the following issues that do not require further development. Attorneys who are present in the same room with a deponent during a remote deposition shall appear on camera if that attorney is serving as a first or second chair. The Court adopts Plaintiffs' proposal regarding the scheduling and production of privilege logs related to

---

have throughout this litigation.

custodial and personnel files, and the timing for production of an Uber employee or former employee witness's personnel file, and any challenges to those privilege logs.

**IT IS SO ORDERED.**

Dated: March 29, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge