UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

ALL ACTIONS

No. 3:23-md-03084-CRB

**STIPULATED AND PRETRIAL ORDER NO. 14: FEDERAL RULE OF EVIDENCE 502(D) AND PRIVILEGED MATERIALS**

**A. Applicability.**

1. This Order shall be applicable to any privileged or otherwise protected or exempted information contained in deposition transcripts and/or videotapes, and documents produced in response to requests for production of documents, answers to interrogatories, responses to requests for admissions, affidavits, declarations, and all other information or material produced, made available for inspection, or otherwise submitted by any of the parties in this litigation pursuant to the Federal Rules of Civil Procedure, as well as testimony adduced at trial or during any hearing (collectively, "Information").

**B. Production of Discovery Materials Containing Potentially Privileged Information.**

2. Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case shall not be deemed a waiver or impairment of any claim of privilege or protection in this case or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

3. Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for responsiveness and/or segregation of privileged and/or protected information before production.

4. The Producing Party must notify the Receiving Party within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection. This "Clawback Notice" shall include (i) the Bates range of the materials subject to the Clawback Notice and (ii) a privilege log listing the item(s) subject to the Clawback Notice. If the Producing Party claims that only a portion of the document contains privileged or otherwise protected material, then the Clawback Notice shall include a new copy of the material (utilizing the same Bates number as the original material) with the privileged or protected material redacted. If the Producing Party claims that the entire document is privileged or protected, then the Producing Party shall provide a slip sheet noting that the document has been withheld.

5. Upon receipt of a Clawback Notice, all such information, and all copies thereof, as well as any analyses, memoranda, or notes or portions thereof which were internally generated and contain or were based upon the item(s) listed in the Clawback Notice shall be sequestered, and the Receiving Party shall not use such information for any purpose except contesting the assertion of privilege to the Court.

6. The Receiving Party may contest the Producing Party's assertion of privilege or other protection. In that instance, within seven (7) business days from receipt of the Clawback Notice, the Receiving Party shall give the Producing Party written "Notice of Clawback Challenge" providing the reason for said disagreement. The Producing Party will have seven (7) business days to respond to the Notice of Clawback Challenge, in writing, by either: (i) agreeing to withdraw the claim of privilege or other protection; or (ii) stating the reasons for such claim. If the Producing Party's response to the Notice of Clawback Challenge does not resolve the issue, the parties shall meet and confer within seven (7) business days of the response. If the conference

does not resolve the dispute, within ten (10) business days of the conference, the parties shall submit the dispute to Judge Cisneros for resolution in a joint letter brief. The Producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials and bears the burden of making the disputed materials available to the Court for *in camera* review. The joint discovery letter brief must be filed under seal and the Receiving Party must not assert as a ground for compelling disclosure the fact or circumstances of the disclosure. If the Receiving Party does not serve a Notice of Clawback Challenge, then, upon expiration of the ten (10) business day period, all copies of the disputed material shall be returned or destroyed.

7. Nothing in this Order precludes a Receiving Party from submitting the item(s) listed in the Clawback Notice to the Court for review or using the content of the item(s) in briefing submitted in connection with any challenge to such notice that is raised in accordance with this paragraph and paragraph 6. Prior to submitting the item(s) to the Court for review and/or using the content of the item(s) in briefing, the Receiving Party must (1) provide the Court with a factual basis adequate to support a good-faith belief by a reasonable person that the privilege or protection does not apply and (2) obtain an order from the Court authorizing the submission of the items to the Court for *in camera* review and/or use of the items(s) in briefing submitted in connection with the clawback dispute.

8. If any material is found to be privileged or protected in accordance with the procedures herein, or the Receiving Party agrees that the document is properly designated as privileged, consistent with the Federal Rules of Civil Procedure 26(b)(5)(B), the Receiving Party shall promptly refrain from further copying or distributions of the subject materials, return or destroy all copies of the document including reasonable steps to retrieve all copies that have been distributed to counsel or non-parties, and destroy the portion of any work product that describes or contains the contents of the subject materials.

9. Any analyses, memoranda or notes or portions thereof which were internally generated and contain or were based upon the item(s) listed in the Clawback Notice shall immediately be sequestered upon receipt of the Clawback Notice, and shall be destroyed in the event that (a) the Receiving Party does not contest that the information is privileged or subject to other protection pursuant to paragraph 6 above or (b) the Court rules that the information is privileged or otherwise protected. Such analyses, memoranda, or notes or portions thereof may only be removed from sequestration in accordance with paragraph 5 or in the event that (c) the Producing Party agrees in writing that the information is not privileged or otherwise protected or (d) the Court rules that the information is not privileged or otherwise protected.

10. If, during a deposition, a Producing Party claims that a document being used in the deposition (e.g., marked as an exhibit, shown to the witness, or made the subject of examination) contains material that is subject to the attorney-client privilege, the attorney work product doctrine, or other protection, the Producing Party may (a) allow the document to be used during the deposition without waiver of any claim of privilege or other protection; (b) instruct the witness not to answer questions concerning the parts of the document containing privileged or protected material; or (c) object to the use of the document at the deposition to the extent the entire document is privilege or protected, in which case no testimony may be taken relating to the document during the deposition until the matter is resolved by agreement or by the Court. If a privilege challenge is raised as to a document, all parties shall sequester all copies of the inadvertently produced document. As to any testimony subject to a claim of privilege or other protection, the Producing Party shall serve a Clawback Notice within seven (7) business days of receipt of the final transcript, after which the parties shall follow the procedures set forth in paragraphs 5 through 8. With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final transcript, the asserted privilege or protection will be deemed as waived absent good cause. Pending determination of the Clawback Challenge, all parties with access to the deposition transcript shall treat the relevant testimony in accordance with paragraph 5. In the event that a party asserts a

claim of privilege over a document during a deposition and instructs the witness not to answer questions about the document (or portions thereof) or objects to the use of the document in the deposition pursuant to Section 10(b) or 10(c) above, and if that document (and/or portions thereof) is ultimately determined not to be privileged or subject to protection, the Party or Non-Party asserting the claim of privilege or protection will work with the deposing party to ensure that the deposing party is given a reasonable opportunity to depose the witness about the document if the parties agree. In the case of Party-witnesses (or their current employees) or any former employees of a Party who are represented by Counsel for such Party, the subsequent questioning shall take place within a reasonable time of said determination, and in the case of other Non-Party witnesses it shall take place at the earliest practicable time for the witness and his, her or its counsel.

11. If a Receiving Party uses produced material in a brief or at a hearing, and the Producing Party has not served a Clawback Notice in advance of the briefing event or hearing, the Producing Party shall serve a Clawback Notice within five (5) business days of the briefing event or hearing. Thereafter, the procedures set forth in paragraphs 5 through 8 shall apply. With respect to any produced material used in a brief or at a hearing that is the subject of a Clawback Notice that is sent more than twenty (20) days after the filing of the brief or conclusion of the hearing, the asserted privilege or protection will be deemed as waived absent a showing of good cause.

12. This Stipulation does not preclude a party from intentionally and voluntarily waiving any claims of privilege or protection. The provisions of Fed. R. Evid. 502(a) apply when a party uses privileged or other protected information to support a claim or defense. The Parties may stipulate, without the need for Court approval, to narrow or extend the time periods specified in this Order.

**C. <u>Privilege Logging</u>.**

13. Unless otherwise provided in this Order, any document falling within the scope of any request for production or subpoena that is withheld on the basis of a claim of attorney-client privilege, work product, or any other claim of privilege or immunity from discovery is to be identified by the Producing Party on a privilege log, which the Producing Party shall produce in Excel format.

14. Within thirty (30) calendar days of each production of documents or ESI, the Producing Party shall provide a privilege log or logs concerning any information that has been redacted or withheld in whole or in part from that production. The log shall be produced in an electronic format (i.e. Excel format) that allows text searching, sorting, and organization of data. The documents that are produced with redactions based on a claim of privilege shall be Bates numbered using the same Bates numbering format agreed to by the parties for regular document productions, and shall be listed on the Producing Party's privilege log in Bates-number order. The documents withheld from production based on a claim of privilege will have a unique identifying number assigned to each document on the privilege log. The Producing Party shall produce a master privilege log in Excel format which shall be updated with each additional privilege log relating to subsequent production. The log shall have a field that contains the date of the production (or production number) to which the individual log entry relates. The log shall have a field that indicates whether a document was withheld from production entirely or if the document was produced with redactions of privileged information.

15. The privilege log shall log information required by Federal Rules of Civil Procedure 26(b)(5) and set forth the privilege or protection relied upon and specify separately for each document or redaction. Where appropriate, information shall be designated by Metadata fields used in the Order Governing the Production of Electronically Stored Information and Hard Copies. The minimal information and fields to be produced include:

(a) Bates-number range, or if no Bates-number range, a unique document

identifier (BEGBATES, ENDBATES);

(b) Family relationship, if applicable (i.e., identification of parent emails and all attachments) (BEGATTACH, ENDATTACH, ATTACHBATES, ATTACHCOUNT, ATTACHNAMES);

(c) A description of the document or redaction, including the factual basis sufficient to support the claim that the document is privileged and/or protected and to allow the Parties to understand the basis for the redactions or privilege (DOCUMENT TYPE);

(d) The name(s) of the author(s) and custodians (AUTHOR, ALLCUSTODIAN);

(e) The names and email addresses of all addressees and recipients, including copyees and blind copyees (FROM, TO, CC, BCC);

(f) The file type and subject line of all email messages, unless the subject of the email itself contains privileged information, in which case the title may be redacted from the privilege log (SUBJECT);

(g) The document/communication date and title, unless the title itself contains privileged information, in which case the title may be redacted from the privilege log (SORTDATE, FILENAME, TITLE);

(h) An indication of whether the document has been produced in redacted form or withheld in its entirety (Redacted);

(i) The privilege designation (attorney-client; attorney work product; joint defense and/or common interest, etc.);

16. Attachments to emails shall be logged as separate documents on the log, with family relationships identified.

17. Attorneys or their staff must be identified on the log with an asterisk (or similar notation). In the event an error on a produced log is discovered, the Producing Party shall promptly produce a corrected, replacement log. An inadvertent failure to identify attorneys or their staff in accordance with this paragraph will not be deemed a waiver or impairment of the party's claim of privilege.

18. The Receiving Party may make reasonable requests, on an individual basis or specified group basis and for good cause, that the Producing Party provide (a) in alphabetical order (by last name, then first name of such individuals(s)), (b) aliases for such individuals; (c) the job title of such individuals; and (d) the employer of such individual(s) at the time of the communication. This list shall be produced by the Producing Party in an electronic format (e.g., Excel format) that allows text searching, sorting, and organization of data, and it shall be produced in a cumulative manner, so that each subsequent list includes individuals from the prior lists. Nothing in this paragraph shall be construed to allow the Receiving Party to request this information for every individual listed in the log.

19. Documents withheld on the basis of privilege and/or work product protection may be grouped into categories based on content, and a categorical privilege log prepared, including a description of the nature or general subject matter of the communications for each category sufficient to support the claim that the documents within the category are privileged and/or protected, and sufficient to enable the requesting party to make an intelligent determination about the validity of the assertion of privilege. The categorical log shall also include the following data for each document within the category:

(a) Bates-number range, or if no Bates number range, a unique document identifier;

(b) Family relationship, if applicable (i.e., identification of parent emails and all attachments);

(c) The names of the author(s);

(d) The names of all addressees and recipients, and copyees and blind copyees;

(e) The document date;

(f) An indication of whether the document has been produced in redacted form or withheld in its entirety;

Notwithstanding the foregoing, the decision to log documents on a categorical basis does not waive the party's right to adjudicate any challenge(s) to privilege on a document-by-document basis. Nor does the foregoing preclude the Receiving Party from seeking relief from this provision allowing for some use of categorical logs. A Receiving Party may seek relief by making a showing to the Court that (a) a document-by-document listing of withheld documents included in the categorical log would not be unduly burdensome given the needs of the case, and (b) additional material would aid in assessing whether the privilege or protection claim is well grounded.

20. Provided that they contain Privileged material, log identification is not required for the following materials:

(a) Communications related to the defense of this litigation and created on or after March 15, 2023 or the actions captioned <u>In re Uber Rideshare Cases</u>, Case No. CJC-21- 005188 (or any individual litigation within such coordinated proceedings), exclusively within a law firm, or exclusively between or among law firms, serving as a party's outside counsel, as well as its employees and support staff;

(b) Attorney work product and trial preparation materials related to defense of this litigation created on or after March 15, 2023 by a party's outside counsel, including their employees and support staff;

(c) Internal communications solely within a legal department of a party that is a corporation or another organization created on or after March 15, 2023;

(d) Communications related to defense of this litigation, or the actions captioned In re Uber Rideshare Cases, Case No. CJC-21-005188 (or any individual litigation within such coordinated proceedings), between the Producing party and its counsel and created on or after March 15, 2023;

(e) Communications between or among counsel for Plaintiffs related to the prosecution of this litigation or the actions captioned In re Uber Rideshare Cases, Case No. CJC-21-005188 (or any individual litigation within such coordinated proceedings) created on or after March 15, 2023 and/or

(f) Communications between or among counsel for Defendants related to defense of this litigation or the actions captioned In re Uber Rideshare Cases, Case No. CJC-21- 005188 (or any individual litigation within such coordinated proceedings), and created on or after March 15, 2023.

21. Where multiple email messages are part of a single chain or "thread," a party is only required to include on a privilege log the most inclusive message ("Last In Time Email") and need not log earlier, less inclusive email messages or "thread members" that are fully contained within the thread, provided that the log entry includes the names of the authors, email addresses, and recipients (including copyees and blind copyees) for all thread members, that the description of the thread includes the factual bases sufficient to support the claim of privilege, and that the log entry includes the privilege designations applicable to any thread members.

22. After the receipt of a privilege log, any party may dispute a claim of privilege. Prior to seeking Court intervention, the party disputing, questioning, or otherwise objecting to a claim of privilege shall provide in writing the identification of the documents or category of documents for which it questions the claim of privilege and the reasons for disputing, questioning, or otherwise objecting to the privilege designation. Within fourteen (14) calendar days, the party that designated the documents as privileged will provide a written response explaining the basis for its claim or privilege, or if applicable, de-designating documents as privilege and producing such documents in accordance with this Order. Thereafter, if the parties continue to disagree, they will meet and confer in good faith as to the claims of privilege. If agreement has not been reached after fourteen (14) calendar days, the parties shall submit the dispute to Judge Cisneros for resolution.

23. Any deadline imposed by this order may be extended by agreement of the parties or upon a showing of good cause, including, but not limited to, the need to challenge multiple Clawback Notices at once or the need to respond to multiple Clawback Challenges or challenges to assertions of privilege at once.

24. Nothing in this Order overrides an attorney's ethical responsibility to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged and to inform the disclosing party that such materials have been produced.

**IT IS SO ORDERED.**

Date: April 4, 2024

Hon. Lisa J. Cisneros
United States Magistrate Judge