# Exhibit H

Exhibit H

March 21, 2024
MDL 3084
Plaintiffs' Questions for Defendants re PTO No. 9.

1. Is there any reason that Uber cannot access and produce date-specific versions of any documents on Google Drive using the Google Drive API, either programmatically, or otherwise?
2. Is there any reason that Uber cannot access and produce date-specific versions of documents on Google Vault using the Google Vault API, either programmatically, or otherwise?
3. Is there any reason that Uber cannot use the Lighthouse "Google-URL-parser" to identify emails that refer to Google documents (housed either in Google Drive, or Google Vault), and then programmatically collect the documents referenced as of the date in the referencing emails via the appropriate GoogleAPI?
4. Is there any reason that date-specific Google Drive documents collected via either of the above methods cannot be referenced in the load file metadata of the referencing email, including by subsequent load file metadata overlay?
5. Is Uber aware of any reason to doubt the forensic integrity of any Google Drive documents collected in the above-described manner?
6. What is the specific burden(s) Uber anticipates with respect to collecting date-specific versions of Google Drive documents referenced by hyperlink and building metadata references between those documents and their referring emails?
7. What are the difficulties with collecting date-specific versions of Google Drive documents referenced by hyperlink in communications other than email, such as Slack or uChat?
8. Which electronic platforms, programs, databases, and information technology systems used by Uber ("Uber Platforms"), including those described in Kyle Smith's January 16, 2024 and February 22, 2024 letters to Plaintiffs' counsel, contain links to non-public documents in Uber Platforms?
9. What Uber Platforms contain non-public documents which are linked to from documents, including documents, messages, posts, email, etc. ("Communications"), in Uber Platforms?
10. With respect to each such source Uber Platform, e.g., Google Mail, Slack, etc., which Uber Platforms contain documents linked to by Communications within that source Uber Platform?
11. What other tools, e.g., Nuix, Onna or Hanzo, has Uber used, reviewed or evaluated for use to retrieve documents in Uber Platforms linked to by Communications in source Uber Platforms?
12. What tools or methodologies do Uber, or Lighthouse or other ESI vendors used by Uber, have for the identification or retrieval of linked documents from each of the Uber Platforms?
13. What tools or methodologies do Uber, Lighthouse or other ESI vendors used by Uber, have to identify responsive Communications which are responsive only because they contain links to documents which are responsive in their own right?
14. What APIs and tools does each Uber Platform provide for retrieval of linked documents resident in that Uber Platform?
15. What macro programs has Uber, Lighthouse or other ESI vendors used by Uber reviewed or tested to see if they can be used to automate, in whole or in part, retrieval of

March 21, 2024
MDL 3084
Plaintiffs' Questions for Defendants re PTO No. 9.

documents and retrieval of documents as they existed as of a target date, within the Google Vault search interface ("GUI")?
16. What tests, reviews, evaluations, or usages of Metaspike's Forensic Email Collector have been made or performed by Uber, Lighthouse or other ESI vendors used by Uber?
17. What tests, reviews, evaluations, or usages of the Google Vault API have been made or performed by Uber, Lighthouse or other ESI vendors used by Uber?
18. What tests, reviews, evaluations, or usages of the Google Drive API have been made or performed by Uber, Lighthouse or other ESI vendors used by Uber?
19. Please confirm that Uber does not and has never directly used Google Voice or maintains any Google Voice data within their ESI such that the exclusion of the ParticpantPhoneNumbers and OwerPhoneNumbers metadata will not result in an incomplete production of Google Voice data should they come across any in their discovery review.
20. What value will Uber include in the MSGID metadata field for email data collected from Google Email? Will they be including the GmailMessageID, Rfc822MessageId or something different?
21. Will emails with google drive links include anywhere in their production the underlying URL either in the text extract or any of the respective metadata?
22. Has Uber inspected the Account metadata from their Google Vault data to independently confirm the position made in the Alsobrook Declaration that the Account metadata is duplicative of the All-Custodian field and is not different in comparison? If so then do you agree that the Account metadata is duplicative of the All-Custodian field?
23. Is the Account metadata stored by Google, as it relates to Uber's data, representative of the custodian's name (e.g. Firstname, Lastname), their email address (JDoe@Uber.com) or some other value? If the Account field is stored as an email address then will it be augmented to include the "Name(s) of person(s) or other data source (non-human) from where documents/files are produced", as defined in Appendix 2 of the proposed ESI Protocol?