RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**JOINT ADMINISTRATIVE MOTION FOR AN ORDER REGARDING THE PARTIES' SUBMISSIONS ON DISCOVERY DISPUTES**<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

Plaintiffs and Defendants Uber Technologies, Inc. and Rasier, LLC respectfully submit this joint administrative motion to request guidance from the Court on its preference for the Parties' submissions on discovery disputes arising from third party subpoenas served by Plaintiffs.

On the week of April 16, 2024, Plaintiffs served subpoenas on thirty non-parties. Thematically, in terms of the information requested, these subpoenas fall into five general categories of entities: (1) lobbying firms and law firms, (2) plaintiff attorneys handling other cases against Uber, (3) contractors that worked with Uber in varying capacities, (4) sexual violence advocacy organizations, and (5) Lyft.

The Parties agree and believe that third parties are not governed by PTO 8 and thus may file their own motions. In an effort to minimize motion practice, Plaintiffs and Uber have held weekly meet and confers to work through as many disputes over the subpoenas as possible, and Plaintiffs have further been meeting and conferring with every non-party that reaches out. Uber intends to file motions to quash the subpoenas.

Plaintiffs granted Uber and the third parties an initial extension on the compliance date listed in the subpoenas until May 31. The Parties further agreed to raise disputes as between them regarding the third-party subpoenas to the Court by May 31.  The Parties agree that the briefing provisions of PTO 8 should be modified in order to present the issues to the Court in the clearest and most efficient manner. The Parties have differing views on the format of the PTO 8 submissions and seek the Court's guidance.

For their part, Plaintiffs believe that PTO 8 applies to disputes involving third party discovery which are brought *by parties* such as Uber. Indeed, Plaintiffs and Uber agreed that PTO 8 governed the Parties' submissions until this week. Because the subpoenas have been broken down into five categories, with substantial overlap both within and across each category, extensive briefing is not necessary or appropriate.

Plaintiffs propose that the Parties submit one 5-page submission for each of the five categories, consistent with the PTO 8 submission requirements. Second, in the alternative, Plaintiffs propose that the Parties submit one 5-page submission each for a selected, individualized example taken from each of the five categories: (1) Capitol Tax Partners (lobbyist); (2) Sara Peters (plaintiff attorney); (3) Nexar, Inc. (contractor); (4) Rape, Abuse, and Incest National Network (Rainn) (sexual violence organization); and (5) Lyft. Once the Court has ruled on those subpoenas, the Parties could use the Court's guidance and apply those rulings to the other subpoenas at issue, thereby cutting down on future disputes presented to the Court. The Parties may then meet and confer and attempt to resolve outstanding issues regarding other subpoenas and could present any lingering disputes to the Court in subsequent PTO 8 submissions on a category-by-category basis (consistent with Plaintiffs' first proposal). Plaintiffs' proposals are consistent with the PTO 8 requirements for discovery disputes between the Parties, whereas Uber's proposal contemplates exactly the sort of extended briefing that prompted the entry of PTO 8 in the first place.

The Parties have met and conferred weekly regarding the subpoenas but have done so on a category-by-category basis—not an individualized basis. At no time has Uber provided objections (or proposed modifications or compromises) that are specific to any one entity. This efficient process makes sense, and the parties have already ventilated their positions and reached impasse on categorical issues. Uber's proposal throws sand in the gears for no apparent benefit. Over weeks of meet and confers, Plaintiffs requested from Uber, but did not receive, entity-specific objections from Uber in any form, such as a proposed order or a chart. Waiting for Uber to provide entity-specific objections, then meet and confer, and then brief each one would take weeks or months. Plaintiffs do not anticipate that there is any need for expansive, granular briefing on any one entity, much less all of them. To do so would cause needless delay and burden the Court with presumably the type of paperwork and surprise arguments that it sought to avoid with PTO 8. Plaintiffs assume that after several meet and

JOINT ADMINISTRATIVE MOTION FOR AN ORDER
RE THE PARTIES' SUBMISSION ON DISCOVERY DISPUTES.          Case No. 3:23-MD-3084-CRB

1   confers, Uber would not raise new arguments that it has not previously disclosed to Plaintiffs, and thus

2   Plaintiffs remain willing to comply with the Court's vision for simultaneous submissions.

3       For its part, Uber believes PTO 8 is unclear as to its applicability to disputes over third party

4   discovery and, in any event, the PTO 8 procedures would need to be modified for a dispute between

5   the parties over 30 subpoenas with overlapping and individualized issues and arguments.  Plaintiffs

6   implicitly concede that PTO 8 is inadequate to handle the third-party subpoena motions on a category-

7   by-category basis by requesting five pages instead of 2.5 pages per side.  Uber believes that 5 pages

8   per side is insufficient to brief entire categories of subpoenas, many of which are to non-parties that

9   are differently situated and require individualized arguments.  In order to both afford the parties a fair

10  opportunity to argue the issues and to avoid duplicative filings, Uber proposes that Uber's motion on

11  the 30 subpoenas be addressed in a single omnibus brief of no more than 45 pages, with Plaintiffs'

12  opposition of no more than 45 pages due 14 days thereafter, and Uber's reply of no more than 20 pages

13  due 9 days after that.  Uber believes 45 pages is appropriate because: (1) there are 30 different

14  subpoenas at issue, many of which will require individualized arguments; (2) the default in the local

15  rules is 25 pages *per motion*; (3) even under Plaintiffs' proposal, the briefing would add up to 25 pages

16  per side across 5 separate briefs.  If just one additional page was allowed per subpoena for briefing

17  individualized issues, that would result in a total of 55 pages.  Uber's proposal—a single omnibus

18  brief addressing categorical and individual issues are briefed—is the most efficient and fair way to

19  present this dispute to the Court.  And the page limit of 45 pages amounts to just 1.5 pages per

20  subpoena.

21      Uber also believes that the PTO 8 procedure of a joint submission is not appropriate here.

22  Plaintiffs will need a reasonable amount of time to respond to the arguments raised by Uber, and Uber

23  will need to be able to respond to Plaintiffs' arguments.  Uber proposes a timeframe of 14 days for the

24  opposition and 9 days for the reply, although if Plaintiffs would like less than 14 days for their

---

4

opposition, Uber is amenable to that.

Uber believes that, if the Court is not inclined to permit an omnibus brief with sufficient pages for Uber to make its arguments, Uber should be permitted to submit a separate PTO 8 letter brief for each of the 30 subpoenas. Uber continues to analyze the subpoenas, some of which were aimed at law firms that worked with Uber, potentially implicating privileged materials. Overall the subpoenas seek all documents, including any and all communications with or regarding Uber since 2009 right down to Post-Its. Moreover, the subpoenas overlap with a number of Plaintiffs' First Request for Production (Set One) requests to Uber, for which Uber has identified and proposed custodians. Because the subpoenas are not limited in time, scope, geography or subject matter, as mentioned, Uber must conduct a broad, extensive review and analysis of issues to brief for the court for each of the subpoenas.

Uber notes that Plaintiffs' second proposal (only brief "exemplars") is insufficient to provide third parties guidance on when to challenge their subpoena, which also weighs in favor of Uber's proposal. If only one exemplar is chosen from each bucket, the third parties will not know the identity of the chosen exemplar until May 31, and as a result all the third parties must produce, seek a protective order, or object and face a motion to compel by Plaintiffs on May 31. Nor can the parties use a ruling on an "exemplar" to short circuit the due process rights of nonparties. The Court should hear from all parties about their interests and burdens under Plaintiffs' subpoenas in an organized fashion—like the one Uber has proposed. Moreover, the individualized burdens and circumstances of each third party make choosing or agreeing on exemplars unlikely.

Uber also notes that the categories delineated by Plaintiffs are not appropriate for joint briefing. In particular, the category "contractors that worked with Uber in varying capacities" is extremely broad and encompasses entities that worked with Uber across a wide range of matters. If the Court requires briefing on a category-by-category basis, this broad category should be divided into two

JOINT ADMINISTRATIVE MOTION FOR AN ORDER
RE THE PARTIES' SUBMISSION ON DISCOVERY DISPUTES.          Case No. 3:23-MD-3084-CRB

categories: (1) driver safety and software entities; and (2) background check/H.R. entities. Additionally, the Chertoff Group should be included in the category "sexual violence advocacy organizations" (despite not being an advocacy organization) because the documents requested from Chertoff are similar, if not identical, to the requests made to those organizations.

Finally, Uber requests a briefing schedule as follows: Uber's omnibus brief in support of its motions to quash is due on June 14, Plaintiffs' opposition brief due June 28, and Uber's reply brief due July 9. Extending the date for Uber's opening brief to be filed until June 14 is appropriate in light of Uber's diligence to meet and confer with Plaintiffs on its positions and to begin analyzing the contracts, scope of work, and potential documents for 30 different subpoena recipients (subject to subpoena demands with no limitations on time or scope), in light of Uber's need for additional time to complete this review and prepare arguments for 30 subpoenas, and in light of the holiday weekend between now and the current deadline, May 31.

With the deadline for briefing currently set for May 31, the Parties respectfully request that the Court provide guidance on its preferred method of receiving and hearing these disputes.

DATED: May 24, 2024                    Respectfully submitted,

                                       **SHOOK HARDY & BACON L.L.P.**

                                       By: */s/ Michael B. Shortnacy*
                                            MICHAEL B. SHORTNACY

                                       MICHAEL B. SHORTNACY (SBN: 277035)
                                            mshortnacy@shb.com
                                       **SHOOK, HARDY & BACON L.L.P.**
                                       2049 Century Park East, Ste. 3000
                                       Los Angeles, CA 90067
                                       Telephone: (424) 285-8330
                                       Facsimile: (424) 204-9093

                                       PATRICK OOT (Admitted *Pro Hac Vice*)
                                            oot@shb.com

1

**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000

2
Washington, DC 20006
Telephone: (202) 783-8400

3
Facsimile: (202) 783-4211

4
KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com

5
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com

6
**PAUL, WEISS, RIFKIND, WHARTON**

7
    **& GARRISON LLP**
2001 K Street, NW

8
Washington DC, 20006
Telephone:  (202) 223-7300

9
Facsimile:  (202) 223-7420

10

11
*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,

12
RASIER, LLC, and RASIER-CA, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT ADMINISTRATIVE MOTION FOR AN ORDER
RE THE PARTIES' SUBMISSION ON DISCOVERY DISPUTES.          Case No. 3:23-MD-3084-CRB