# EXHIBIT A

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Monday, May 13, 2024 8:45 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>;
Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay
B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price'
<mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg
<mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; London, Sarah R. <slondon@lchb.com>; Uber MDL
Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** [EXT] RE: Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

Thank you for your email below and for the call on Friday. We are reviewing the information you
provided on Friday and intend to address additional concerns related to search terms and the ESI sources
searched under separate cover. Additionally, we are still reviewing Uber's objections to Plaintiffs' First
RFPs and will get back to you with any questions or concerns.  In the meantime, could you please address
the following matters that you represented during our May 10 call would be addressed by your
forthcoming email that evening but were not discussed in that email:

1. Please provide Uber's position regarding Plaintiffs' preliminary list of custodians provided on
   May 3. During our May 10 call, you represented you would advise by the end of the day on May
   10, either (1) whether Uber agrees Plaintiffs' initial custodians and if not, on what basis, *or* (2) a
   date by which you will provide Uber's position regarding Plaintiffs' initial custodians and a basis
   for any disputed custodians.
2. A date by which Uber will provide hit reports for the two custodians Uber omitted from its initial
   hit reports (Catherine Gibbons and Lourdes McLoughlin).
3. Uber has identified a number of RFPs issued by MDL Plaintiffs that Uber asserts are fully
   covered by documents produced in the JCCP.  During our call on Friday, you represented that
   you would identify the Requests from the JCCP that resulted in Uber's production of documents
   in the JCCP that Uber now asserts cover certain Requests served by MDL plaintiffs. While we
   understand from your May 10 email that it is your position that the respective RFPs issued do not
   have equivalents in the JCCP RFPs, we nonetheless ask you to identify which JCCP RFPs you
   believe cover which Requests served here, so that we can evaluate whether we agree with your
   position. Without this information, we have no way of evaluating your position.

Finally, to you confirmed the following during our call on May 10:

1) Uber agrees to meet the milestones previously provided on April 30 and attached again here.
2) During the May 10 call, we raised our concern that Uber's April 26 custodian list is nearly
   duplicative of the list that the JCCP plaintiffs' leadership raised as their proposed initial list of
   custodians, which therefore suggests that Uber did not independently indicate the custodians it
   believes most likely to have information relevant to this litigation. We understand that it is your
   position that "most likely to have discoverable information" (the terminology used by the NDCA
   in its ESI Guidelines and checklist) does not define Uber's obligations here. We further
   understand that it is Uber's position that its list of custodians provided on April 26 meets Uber's
   obligations under the ESI protocol issued by this Court as well as the Federal Rules of Civil
   Procedure.

Thank you,
Beth

Beth Wilkins, J.D., M.P.H.



CHAFFIN LUHANA LLP
Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

| | Proposed Date | Milestone |
|---|---|---|
| 1. | April 26, 2024 | Uber shall provide (1) a list of proposed custodians. For each custodian, Uber shall provide all job titles and dates for which the custodian held that title, as well as the date(s) for any litigation holds; (2) provide a list of non-custodial files that can be produced without the use of search terms and a date certain for production.<br><br>Plaintiffs will produce a list of proposed search terms. **Note – from Ps' 4/18 proposal (Plaintiffs produced search terms to Ds on 4/19)** |
| 2. | April 29, 2024 | Meet and confer re: Uber's proposed list of custodians and production of non-custodial files. |
| 3. | May 3, 2024 | Uber shall (1) serve any objections to RFPs that would result in the withholding of large portions of documents (i.e., objections that would be made to multiple RFPS); (2) identify any RFPs that Uber objects to into their entirety; (3) identify any RFPs that are fully covered by documents already produced in the JCCP and provide a date certain for producing those documents to Plaintiffs.<br><br>Plaintiffs will submit a proposed list of initial custodians. Uber shall meet and confer with Plaintiffs re these custodians and respond by May 20 as to whether they will produce documents for them.<br><br>Additionally, Uber will propose search terms. **Note – from Ps' 4/18 proposal** |
| 4. | May 7, 2024 | Meet and confer re: custodial files and search terms. |
| 5. | May 10, 2024 | Uber shall identify the custodians for which Uber will produce documents. |
| 6. | Between May 10 and May 21, 2024 | Meet and confer re: prioritizing custodial / non-custodial files per Plaintiffs' proposal and discussion of tranche production. |
| 7. | May 13, 2024 | Meet & confer regarding search terms, custodians, and responses to RFPs |
| 8. | May 20, 2024 | Final meet and confer regarding search terms, custodians, and responses to RFPs. |
| 9. | May 21, 2024 | Uber shall serve responses and begin a rolling production of documents pursuant to Plaintiffs' May 3 proposal and the parties' April 29 and May 13 discussions. |
| 10. | May 29, 2024 | Uber shall serve initial objections to First Rog's and First RFA's. |
| 11. | June 6, 2024 | The parties will submit any dispute over search terms or custodians to the Court. |
| 12. | June 20, 2024 | Uber shall serve final objections and responses to First Rog's and First RFA's. (Subject to amendment or supplementation following substantial completion of non-privileged responsive documents in response to First Set of RFPs.) |
| 13. | June 27, 2024 | Uber shall serve final responses and objections to First RFPs. (Date subject to change, depending upon guidance from the court.) |
| 14. | September 1, 2024 | Uber shall substantially complete productions of non-privileged responsive documents in response to First Set of RFPs. |