UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to :<br><br>ALL ACTIONS | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING JOINT ADMINISTRATIVE MOTION FOR AN ORDER REGARDING THE PARTIES' SUBMISSION OF DISCOVERY DISPUTES**<br><br>Re: Dkt. No. 562 |

Having considered the parties' Joint Administrative Motion for an Order Regarding the Parties' Submission of Discovery Disputes, Dkt. No. 562, and in light of the telephonic conference held on May 29, 2024, the Court orders the following.

The Court will consider an initial sample of disputes arising from third party subpoenas served by Plaintiffs. The initial sample may consist of up to four subpoenas. The subpoenas in the initial sample must be subpoenas in which the Northern District of California is both the issuing court and the court authorized to enforce the subpoena. *See* FRCP 45(a)(2), (d)(3).

The parties and nonparties shall meet and confer on an individualized basis regarding the subpoenas in the initial sample. If a dispute remains after meeting and conferring as to the subpoenas, Defendants shall file a letter not to exceed four pages that explains their objections and requests that the subpoenas be quashed or modified. The nonparties may also file a letter not to exceed four pages explaining their objections and requesting relief, if they so choose. If only one letter is filed objecting to a particular subpoena, Plaintiffs shall respond with a letter not to exceed four pages. If Defendants and the nonparty subject to the subpoena each file a letter objecting to a particular subpoena, Plaintiffs may file a combined response to the two letters that does not exceed eight pages. No reply brief is permitted without leave of the Court. Defendants and nonparties

seeking to quash or modify a subpoena in the initial sample shall file their letter(s) no later than June 7, 2024. Plaintiffs shall respond by June 14, 2024. The Court sets a hearing for June 21, 2024, at 11:30 am via Zoom, but will vacate the hearing if it determines that it is not necessary.

With respect to the subpoenas that require compliance outside of the Northern District of California, the Court is concerned that this MDL may lead to satellite litigation in other districts, undermining the "just and efficient conduct" of the consolidated actions. 28 U.S.C. § 1407(a). Rule 45 of the Federal Rules of Civil Procedure, however, protects the interests of the nonparty served with the subpoena in obtaining local resolution of a motion for relief as to compliance with the subpoena. *See* Fed. R. Civ. P. 45(a)(3) (the court for the district where compliance is required, rather than the court issuing the subpoena, adjudicates motions to quash or modify subpoenas). Rule 45(f) allows, but does not require, the transfer of the dispute to the court that issued the subpoena "if the person subject to the subpoena consents." Fed. R. Civ. P. 45(f). The attorney for the person or entity subject to a subpoena may appear in the issuing court to address any motion that has been transferred to that jurisdiction for adjudication. *Id.*

The parties' present administrative motion does not identify or discuss any nonparty objections. During the telephonic conference regarding the motion, the Court was informed that some nonparties are objecting to the subpoenas and may seek relief through a judicial order. The parties have not addressed what procedures apply to nonparty requests for relief that would ordinarily be resolved in another district. The parties have also not addressed whether and to what extent the MDL court has authority to decide these disputes.

Plaintiffs shall file a report by June 7, 2024 that: (a) lists the objecting nonparties that have been served subpoenas in which compliance is required outside of this Court, (b) specifies whether the contested subpoena is for a pretrial deposition and/or documents or other tangible things, and (c) indicates whether the nonparty consents to having the dispute transferred to this Court for adjudication and any appeal. If any nonparty has filed a motion to quash in a court outside of this District, Plaintiffs shall file a notice in this MDL. By June 7, 2024, the parties may also file a joint letter, not to exceed six pages, explaining their position as to whether this Court, pursuant to the JPML order, has authority to resolve nonparty requests for relief from the subpoenas where

compliance is required outside of this District, and any proposals for streamlining the presentation of such disputes in this Court.

**IT IS SO ORDERED.**

Dated: May 31, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge