1    [Submitting counsel below]

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     NORTHERN DISTRICT OF CALIFORNIA

10                         SAN FRANCISCO DIVISION

11

12   **IN RE: UBER TECHNOLOGIES, INC.,**        No. 3:23-md-03084-CRB
     **PASSENGER SEXUAL ASSAULT**
13   **LITIGATION**                              **PLAINTIFFS' BRIEF IN SUPPORT OF**
                                                 **PROPOSED DEPOSITION PROTOCOL**
14
      This Document Relates to:                  Judge: Honorable Lisa J. Cisneros
15                                                Date: June 11, 2024
     All Cases                                    Time: 2:00 P.M.
16                                                Courtroom: G – 15th Floor

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

On February 27, 2024, the parties submitted briefs in support of their respective proposed deposition protocols. ECF Nos. 299, 300. On March 29, 2024, the Court entered an Order addressing some of the parties' disputes, leaving others to be revisited on a later date. ECF No. 371. On May 2, 2024, the Court ordered the parties to submit updated proposals addressing unresolved issues flagged by the March 29 Order, indicating where the JCCP stands on each. ECF No. 520.

As before, Plaintiffs submit that their proposed protocol is clearer, more effective, and avoids prematurely limiting the number and scope of depositions. Critically, Plaintiffs' lead counsel in the JCCP align generally with Plaintiffs' leadership in the MDL on each of the issues addressed in the Plaintiffs' Proposed Deposition Protocol, but there is an overarching hurdle that is preventing the MDL and JCCP to meaningfully coordinate with Uber on taking only a single deposition of a common witness.[1]

For the Court's convenience, attached hereto is **Exhibit A** (Plaintiffs' Proposed Deposition Protocol); and **Exhibit B** (comparison chart).

**ARGUMENT**

**I.     Plaintiff-Specific Depositions [Ex. A, fn. 1 & paragraph II.A.2]**

This issue has not previously been considered by the Court. Plaintiffs' position is that all Plaintiff-specific depositions (including individual Plaintiffs, healthcare providers, and Uber

---

[1] The parties to the MDL will use their best efforts to coordinate with the JCCP litigants to schedule and take depositions, including the cross-noticing of depositions that are common to the proceedings. Leadership in the MDL and the JCCP have met and conferred with Uber to discuss a Coordination Order. Unfortunately, a critical hurdle has been that while Uber only wants to produce its witnesses once for deposition, it refuses to produce complete custodial files for the witness against the MDL and JCCP search terms before the deposition. Judge Schulman has communicated that he has set aside the summer of 2025 for trial(s) in the JCCP litigation. Following that schedule, in September 2024, the JCCP will begin depositions of nine priority custodians and will proceed thereafter with the remaining corporate witnesses to meet JCCP pretrial and trial deadlines. Ideally, the MDL and the JCCP should be able take these nine priority custodian depositions in September, provided Uber timely produces complete custodial files and relevant documents for these custodians in both Courts, as well as the documents for the post-September corporate witness depositions in a sufficient time thereafter. To meaningfully coordinate with the MDL and the JCCP, Uber must resolve outstanding discovery issues sufficiently in advance of the September deadlines or face the prospect of a second deposition in the MDL after Uber produces the additional documents based on, inter alia, the negotiated MDL search terms.

employees who may have played a role in an individual Plaintiff's case, *e.g.,* by handling their complaint to Uber) should be covered by a separate Order. Plaintiffs propose language to this effect in footnote 1 and paragraph II.A.2 of Exhibit A. The parties had previously understood that depositions of Plaintiffs would be handled separately, but Uber now objects to distinguishing between depositions of Uber employees in general and those of Uber employees with involvement in individual Plaintiffs' cases, wanting the latter category to count against Plaintiffs' total allotted number of depositions. This distinction would severely limit Plaintiffs' ability to investigate Uber's general knowledge of sexual assault broadly, as opposed to its knowledge of individual incidents, undercutting the purpose of the MDL. The Court should clarify that these types of Plaintiff-specific depositions will be set by separate Order.

## II.   <u>Duration of Depositions [Ex. A, paragraph II.B]</u>

Despite the fact that two separate coordinated proceedings will be utilizing this deposition process—which Uber prefers, to avoid duplicative depositions—Uber proposes that Plaintiffs' time for each deposition be cut in half. Uber submits that seven (7) hours for the combined examination of MDL and JCCP Plaintiffs' counsel is appropriate, but Federal Rule 30 and Cal. Code Civ. P. § 2025.290 entitles the MDL and JCCP Plaintiffs to seven (7) hours each.[2] In other words, Plaintiffs are entitled to at least a combined fourteen (14) hours per witness under the applicable rules. As such, Plaintiffs submit that the time limit for depositions should be fourteen (14) hours for the combined examination by MDL and JCCP Plaintiffs' counsel, subject to other agreement or order from the JCCP.

Again, this position is consistent with what courts have ordered when coordinating discovery between MDL and state court litigation. For example, in the *Volkswagen* MDL, the Court instituted a fourteen (14) hour time limit on depositions noticed by the MDL plaintiffs, with that time to be shared by JCCP counsel. ECF No. 299-2 at 32. Similarly, in the *JUUL* MDL, depositions were limited to twelve (12) hours, exclusive of redirect examination. *Id.* at 9. Questioning counsel there was permitted additional time, up to two (2) hours (14 hours total) for redirect examination,

---

[2] California state courts have no time limitations for corporate representative and expert depositions. Cal. Code Civ. P. § 2025.290.

in an amount of time equal to questioning performed by the defending counsel. *Id*. There is no basis for Uber's position that Plaintiffs in both proceedings should have their allotted time cut in half.

## III.     Number of Depositions [Ex. A, paragraph II(B)]

Plaintiffs submit that it remains premature to set a limit regarding the number of depositions Plaintiffs may take, when discovery is only just beginning to get underway. Given the relatively lengthy time span in question, Uber's current 30,000 employee count, the company's significant turnover during the past 15 years, and the fact that that Uber has placed at least 5,500 individuals under litigation hold, Plaintiffs expect that the number of relevant witnesses may be high. ECF No. 172 at 2; ECF No. 299-2 at ¶ 4. In the *JUUL* MDL, the Court declined to set an initial cap on the number of depositions. *See, e.g.,* ECF No. 299-2 at 6. The Court should take the same approach here.

Plaintiffs' compromise proposal is a limit of 100 fact witnesses, including 30(b)(6) witnesses. Under this approach, every fourteen (14) hours of 30(b)(6) testimony would count as one deposition against the overall limit of 100. The fourteen (14) hours would not include questioning by the party defending the deposition or other opposing counsel. This position is in line with other complex MDLs involving large corporate defendants and claims involving wide periods of time. *See, e.g.*, *Volkswagen* Deposition Protocol (ECF No. 299-2) at ¶ II(B) (permitting plaintiffs to conduct up to 100 depositions of the defendants); *Zantac* Deposition Protocol (ECF No. 299-2) at ¶ A(6) (placing "soft" caps on depositions totaling at least 92 depositions of defense fact witnesses). Uber's proposal of a 30-witness limit, including 30(b)(6) depositions, is not in line with the size, scope, and complexity of this litigation.

For these reasons, Plaintiffs propose that the number of depositions should be set at a later date once discovery is fully underway or, in the alternative, Plaintiffs should be permitted to take 100 depositions, in accord with the number of depositions regularly permitted in complex MDLs.

## IV.     Authenticity [Ex. A, paragraph II.C.2]

Plaintiffs propose that objections to authenticity of documents that were produced by a Defendant or third party in this litigation and bear a Bates stamp must be made within thirty (30) days after the document is used as an exhibit in a deposition. If no objection is made the exhibit

1  will be deemed authentic. Plaintiffs' proposal promotes efficiency by having a process for
2  authenticating documents, rather than delaying this issue until trial.

3      Defendants, in contrast, offer no proposal to authenticate documents and instead seek to
4  punt this issue until trial. The absence of a plan likely means that the parties would have to conduct
5  record depositions for the purpose of authentication and may require additional Rule 30(b)(6)
6  depositions, which will undoubtably cause delay and waste time during depositions as the
7  participants deal with document authentication issues. Additionally, lack of authentication prior to
8  expert reports presents the potential for numerous issues at time of trial if documents cannot be
9  authenticated—even where, as here, the documents at issue were already reviewed and produced
10 by Uber as responsive to discovery requests.

11     Plaintiffs' proposal is consistent with deposition protocols regularly entered in complex
12 MDLs. Indeed, Plaintiffs' proposal is nearly verbatim what this Court entered in the *Volkswagen*
13 MDL; however, Plaintiffs' proposal adds the additional safeguard that it only applies to documents
14 bearing a Defendant or third-party Bates stamp. *Volkswagen* Deposition Protocol (ECF No. 299-2)
15 at ¶ III(J)(3)(b); *see, e.g.*, *Zantac* Deposition Protocol (ECF No. 299-2) at ¶ G. Delaying on the
16 important issue of document authentication results in inefficiencies and lack of clarity and certainty
17 moving into trial (which will, in turn, cause undue delay).

18     Given the expense and delay that authenticating documents down the road will undoubtably
19 cause, Plaintiffs' proposed authentication requirement should be implemented here.

20 **IV.    Objections [Ex. A, paragraph II.C]**

21     Finally, Plaintiffs' proposal prohibits counsel from engaging in colloquy during a
22 deposition, and from making speaking objections. The Federal Rules provide that objections must
23 be "stated concisely in a non-argumentative and non-suggestive manner." Fed. R. Civ. P. 30(c)(2).
24 In keeping with this rule, Plaintiffs' counsel submits that any "form" objections should be phrased
25 as "Objection to form," with no further statement of the basis for the objection, unless the
26 questioning attorney so requests. This approach eliminates any question of improper coaching and
27 preserves the questioning party's time.

28

1

## <u>CONCLUSION</u>

2   For the reasons stated above, Plaintiffs respectfully request that the Court adopt Plaintiffs'

3   proposed Deposition Protocol.

4   Dated: June 4, 2024                    Respectfully submitted,

5

6   By: */s/ Sarah R. London*
        Sarah R. London (SBN 267083)

7
    **LIEFF CABRASER HEIMANN &**
8   **BERNSTEIN, LLP**
    275 Battery Street, 29th Floor
9   San Francisco, CA 94111-3339
    Telephone: (415) 956-1000
10  Facsimile: (415) 956-1008
    slondon@lchb.com

11
    By: */s/ Rachel B. Abrams*
12      Rachel B. Abrams (SBN 209316)

13  **PEIFFER WOLF CARR KANE**
    **CONWAY & WISE, LLP**
14  555 Montgomery Street, Suite 820
    San Francisco, CA 94111
15  Telephone: (415) 426-5641
    Facsimile: (415) 840-9435
16  rabrams@peifferwolf.com

17
    By: */s/ Roopal P. Luhana*
18      Roopal P. Luhana

19  **CHAFFIN LUHANA LLP**
    600 Third Avenue, 12th Floor
20  New York, NY 10016
    Telephone: (888) 480-1123
21  Facsimile: (888) 499-1123
    luhana@chaffinluhana.com

22
    *Co-Lead Counsel*

23  3012708.1

24

25

26

27

28