# EXHIBIT B

## DISPUTED LANGUAGE IN THE PARTIES' PROPOSED DEPOSITION PROTOCOL ORDERS

| Section | Plaintiffs' Language | Defendants' Language |
|---|---|---|
| Page 1, footnote one | The Court anticipates entering a subsequent order addressing in more detail plaintiff-specific depositions, limitations on numbers and length of examinations of Plaintiffs and their health care providers, as well as any issues relating to identity of Plaintiff and disclosure of confidential documents to third parties. | The Court anticipates entering a subsequent order addressing in more detail the depositions of Plaintiffs, limitations on numbers and length of examinations of Plaintiffs and their health care providers, as well as any issues relating to identity of Plaintiff and disclosure of confidential documents to third parties. |
| II. Conduct of Depositions A. Examination 2. Sequence of Questioning. Page 10, line 13-14 | Sequencing of plaintiff-specific depositions, including depositions of health care providers, will be set by separate order. | Sequencing of depositions noticed by Defendants, including depositions of Plaintiffs and other third-party witnesses such as health care providers, will be set by separate order. |
| II. Conduct of Depositions B. Duration and Number Page 11, line 6-11 | Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limit for depositions is seven (7) hours of direct examination by the MDL Plaintiffs' attorneys or fourteen (14) hours for the combined examination by MDL and JCCP Plaintiff attorneys (subject to agreement or Court order from the JCCP) or by the Defendants' attorneys (7 hours for the combined examination of all Defendants' attorneys), in each case depending on whether a Plaintiff or Defendants noticed the deposition. The seven (7) hours of examination (or 14 if combined examination by MDL and JCCP Plaintiff attorneys) shall not include questioning by the party defending the deposition or other opposing counsel. | Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limit for depositions is seven (7) hours of direct examination by the Plaintiffs' attorneys (7 hours for the combined examination of MDL and JCCP Plaintiff attorneys) or by the Defendants' attorneys (7 hours for the combined examination of all Defendants' attorneys), in each case depending on whether a Plaintiff or Defendants noticed the deposition. The seven (7) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel. Additionally, Defendants agree that the Plaintiffs can designate 5 depositions that will last 10 hours and 3 that will last 14 hours. |

3014225.1

| Section | Plaintiffs' Language | Defendants' Language |
|---|---|---|
| II. Conduct of Depositions<br>B. Duration and Number<br>Page 11, line 17-21 | The Court will not set any caps on the number of depositions of Uber witnesses at this time, but will revisit the issue in due time. [ALTERNATIVELY: Plaintiffs may take up to one hundred 100 fact depositions, including 30(b)(6) witness depositions, of the Uber Defendants, unless otherwise agreed to by the Parties or ordered by the Court.] Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order.] | Plaintiffs may take up to thirty (30) witnesses including 30(b)(6) depositions of the Uber Defendants unless otherwise agreed to by the Parties or ordered by the Court. ~~Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order.~~ |
| II. Conduct of Depositions<br>B. Duration and Number<br>Page 11, line 22 – Page 12, Line 3 | It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants. The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues). For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice. [IF ALTERNATIVE LANGUAGE ABOVE IS USED: Every fourteen (14) hours of Rule 30(b)(6) deposition testimony shall count as one (1) deposition against the overall limit of one hundred (100) depositions of Uber defendants. The fourteen (14) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel.] | It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants. The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues). For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice. Every seven (7) hours of Rule 30(b)(6) deposition testimony shall count as one (1) deposition against the overall limit of thirty (30) depositions of Uber defendants. The seven (7) hours of examination shall not include questioning by the party defending or other opposing counsel. |

| Section | Plaintiffs' Language | Defendants' Language |
|---|---|---|
| II. Conduct of Depositions<br>C. Objections and Directions Not to Answer<br>Page 12, line 11-13 | Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed, and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness. | Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed, but counsel may state the basis for their objections, and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness. |
| II. Conduct of Depositions: Disputes During Depositions<br>Page 12, line 14-20 | *Authenticity of documents.* Any objection to the authenticity of an exhibit produced by a Defendant or Third-Party bearing a bates stamp that is used in the a deposition must be made by the objecting party within thirty (30) days of the deposition, or the exhibit will be deemed authentic. If an objecting party subsequently obtains information that an exhibit is not authentic, such party will promptly notify the party that offered the exhibit, and all Parties shall cooperate as necessary so that the parties do not expend needless resources over authenticity disputes and the Court may promptly resolve the issue. | [Delete paragraph] |

3014225.1