# Exhibit E

[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF PLAINTIFFS' PTO 8 LETTER BREIF REGARDING CUSTODIAL FILES** |

I, Roopal P. Luhana, declare and state as follows:

1. I am an attorney and partner at Chaffin Luhana LLP, counsel for Plaintiffs and Court-appointed Co-Lead Counsel in this action. I am a member in good standing of the State Bars of New York, New Jersey, Connecticut, and Pennsylvania, and am admitted *pro hac vice* in this coordinated action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this Declaration in support of Plaintiffs' PTO 8 Letter Brief regarding discovery relate to safety data and statistics that Plaintiffs seek from Uber, pursuant to Plaintiffs' Requests for Productions 83 and 84, which seek "[a]ny and all DOCUMENTS RELATED TO YOUR Safety Reports, including ones you have published and/or considered publishing, including drafts," and [a]ny and all DOCUMENTS RELATED TO YOUR reviews, studies,

surveys, or risk or hazard assessments related to SEXUAL MISCONDUCT or SEXUAL ASSAULT of RIDERS," respectively.

    3.    A true and accurate copy of Uber's 2017-2018 U.S. Safety Report is attached hereto as **Exhibit A**.

    4.    A true and accurate copy of Uber's 2019-2020 U.S. Safety Report is attached hereto as **Exhibit B**.

    5.    A true and accurate copy of a document produced by Uber in this litigation, bearing Bates No. UBER-MDL3084-000090245 is attached hereto as **Exhibit C** (under seal).

    6.    A true and accurate copy of the January 18, 2024 Declaration of Katherine McDonald, filed in JCCP litigation, Case No. CJ-21-005188, is attached hereto as **Exhibit D** (under seal).

    7.    On May 10, 2024, pursuant to the ESI Order (ECF 524) and an agreement between the Parties to do so by that date, Uber provided Plaintiffs a list of non-custodial files that Uber could produce without the use of search terms.

    8.    The Court's Order Governing the Production of Electronically Stored Information and Hard Copy Documents obligates Uber to disclose non-custodial data sources likely to contain potentially relevant documents and ESI and to meet and confer regarding their production. (ECF 524 at 6-7). By agreement of the Parties, by May 10 Uber was to identify non-custodial files that Uber could produce without terms. However, Uber only identified sources related to specific individual complaints that Uber is required to produce with its Defendant Fact Sheets, and has not identified significant non-custodial sources of information that Uber should have, including sources likely to contain information related to Uber's published U.S. Safety Reports and Uber's collection, analysis, and auditing of information in conjunction with the Reports. Because this information should reasonably be stored in an accessible non-custodial file, Plaintiffs specifically

requested during a meet and confer on May 20 that Uber produce this information without the use of search terms. Uber refused. The parties were unable to reach an agreement and on May 21, counsel for Plaintiffs advised Counsel for Defendants that due to the impasse, Plaintiffs would raise this issue to the Court under the PTO 8 process. The Parties addressed the topic again during a May 24, 2024 status conference and Uber confirmed that it would not produce the Requested information without the use of search terms. Again Plaintiffs confirmed the Parties were at an impasse and Plaintiffs would raise this issue to the Court under PTO 8.

9. Plaintiffs served their First Requests for Production on February 28, 2024. In pertinent part, Requests Numbers 84 and 84 seek "[a]ny and all DOCUMENTS RELATED TO YOUR Safety Reports, including ones you have published and/or considered publishing, including drafts," and [a]ny and all DOCUMENTS RELATED TO YOUR reviews, studies, surveys, or risk or hazard assessments related to SEXUAL MISCONDUCT or SEXUAL ASSAULT of RIDERS," respectively. While Plaintiffs' request that Uber produce documents that contain statistics and data regarding the safety-related complaints Uber received in the United States from 2017 to present is incorporated under these Requests, reference to these Requests in Plaintiffs' PTO 8 letter does not narrow the scope of those requests by time or otherwise. Nor do these Requests limit or narrow Uber's obligation to produce data from non-custodial files without the use of search terms.

I declare under penalty of perjury that the foregoing is true and correct. Executed on June 5, 2024, in New York, New York.

/s/ Roopal P. Luhana
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*