


**VIA ECF**
Magistrate Judge Lisa J. Cisneros
San Francisco Courthouse
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re: *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-03084

Dear Judge Cisneros,

Plaintiffs and Defendants Uber Technologies, Inc. and Rasier, LLC hereby submit this joint letter pursuant to the Court's Order Regarding Joint Administrative Motion for an Order Regarding Parties' Submission of Discovery Disputes [Dkt. 562], explaining "whether [the] Court pursuant to the JPML order, has authority to resolve nonparty requests for relief from the subpoenas where compliance is required outside of" the Northern District of California "and any proposals for streamlining the presentation of such disputes."

## I. The Court's Authority to Resolve Requests for Relief

**<u>Plaintiffs' position:</u>**

The JPML centralized proceedings pursuant to 28 U.S.C. § 1407 in the Northern District of California to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties; their counsel; and the judiciary." Transfer Order, MDL 3084, at 1–2 (JPML Oct. 4, 2023) [Dkt. 94]. In a typical case, Fed. R. Civ. P. 45(f) provides for the transfer of subpoena-related motions to the issuing court upon consent of the nonparty or, in the absence of consent, in the event of exceptional circumstances.

But 28 U.S.C. § 1407 "provides different rules for discovery in multidistrict litigation proceedings." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 168574, at *2 (S.D. Fl. Jan. 19, 2022). "Most courts which have addressed the issue have concluded that section 1407(b) empowers an MDL-transferee court to exercise the powers of any other district court, including the enforcement of documents only subpoenas." *In re Welding Rod Prods. Liab. Litig.*, 406 F.Supp.2d 1064, 1066 (N.D. Cal. 2005); *In re Intel Corp. Microprocessor Antitrust Litig.*, 2007 WL 9612142, at *3 (D.Del. June 14, 2007); *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of Am., Inc.*, 444 F.3d 462, 469 (6th Cir. 2006); *In re Factor VIII*, 174, F.R.D. 412, 415 (N.D. Ill. 1997). Allowing MDL courts to enforce documents subpoenas is consistent with the stated purpose of coordinating pretrial proceedings, that is, to "'promote the just and efficient conduct of such actions.'" *Id.* (quoting 28 U.S.C. § 1407(a)). In *In re Welding*, the court held that disputes concerning document subpoenas should be transferred to MDL court under 28




U.S.C. § 1407, particularly where the MDL court had "already spent considerable time and effort coordinating pretrial proceedings." *Id.* Here, too, the court has spent considerable time and effort coordinating pretrial proceedings related to discovery; *see also* Fed. R. Civ. P. 45(f) 2013 Advisory Committee Notes ("transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when … the same issues are likely to arise in discovery in many districts.").

**Uber's position:**

"Courts are split on the question of whether § 1407(b) [] authorizes an MDL court to enforce a documents-only subpoena requiring compliance in a different district." *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 2022 WL 168574, at *2 (S.D. Fla. Jan. 19, 2022) (citing cases). The split arises from the text of 28 U.S.C. § 1407(b), which states that the Court "may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings." Some courts agree that the "rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion" that an MDL court has authority over both deposition and documents-only subpoenas. *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 469 n.6 (6th Cir. 2006). Others hold that Rule 45 governs as the MDL statute "expands a transferee court's discovery powers only to pretrial depositions" over non-parties. *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002).[1] "[E]ven when MDL courts have exercised the powers of judges of other districts to enforce such subpoenas, they have been bound by the law of, and reviewed by, that circuit." *In re Monat Hair Care Prod.*, 2020 WL 1950463, at *2.

"Most courts which have addressed the issue have concluded that section 1407(b) empowers an MDL-transferee court to exercise the powers of any other district court, including the enforcement of documents only subpoenas." *In re Welding Rod Prods. Liab. Litig.*, 406 F.Supp.2d 1064, 1066 (N.D. Cal. 2005) ("referring the instant dispute" to the MDL transferee court in Ohio.).[2] A California court has recognized *Welding Rod* "was decided in 2005 'using a now-outdated version of Rule 45' that did not include the current requirement (since its 2013 amendment) "that a motion to compel compliance with a [Rule 45] subpoena *must be filed in the place of compliance.*" *In re ZF-TRW Airbag Control Units Prod. Liab. Litig.,* No. CV19ML2905JAKPLAX, 2022 WL 19425937, at *6 (C.D. Cal. Apr. 18, 2022) (emphasis in original).

Uber further notes that the "Federal Rules [] afford nonparties special protection against the time and expense of complying with subpoenas." *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779

[1] *See also In re Monat Hair Care Prod. Mktg., Sales Pracs., & Prod. Liab. Litig.,* No. 18-MD-02841, 2020 WL 1950463, at *2 (S.D. Fla. Apr. 23, 2020).
[2] *See also In re Intel Corp. Microprocessor Antitrust Litig.*, 2007 WL 9612142, at *3 (D. Del. June 14, 2007); *United States ex rel. Pogue*, 444 F.3d at 469 (6th Cir. 2006); *In re Factor VIII*, 174, F.R.D. 412, 415 (N.D. Ill. 1997)




(9th Cir. 1994). An order by the Court directing non-parties to give up their right to stand on their objections under Rule 45(d) or to produce documents within 100 miles of "where the person resides, is employed, or regularly transacts business in person" under Rule 45(c) would be unprecedented, as would a blanket prohibition on non-parties prohibiting them from seeking relief from a local court of competent jurisdiction to decide whether "exceptional circumstances" exist to transfer any dispute over a documents-only subpoena. Rule 45 is intended "to protect nonparties by enabling the local resolution of disputes about subpoenas." *Dr. Muhammad Mirza et al v. Yelp, Inc.,* No. 21-MC-80077-TSH, 2021 WL 2939922, at *2 (N.D. Cal. July 13, 2021).

## II. Mechanisms for Transfer

There are three ways to transfer non-party subpoena disputes. *First,* a non-party's consent to proceed in the MDL court is sufficient. *See Dr. Muhammad Mirza et al.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *2. To minimize reliance on transfer, Plaintiffs respectfully submit that where nonparties consent to the court's jurisdiction, motions should be filed in the Northern District of California in the first place.

*Second,* litigants may seek transfer through the JPML transfer process. *See*, *e.g.*, *Transfer Order, In re Fosamax Prods. Liab. Litig.*, 2009 WL 10711650, at *1–2 (JPML June 9, 2011) ("This action, arising from a motion to quash a subpoena stands out from other civil actions for which the Panel usually considers transfer; however, transfer is still appropriate… transfer will promote the just and efficient conduct of this action") (transferring motion to quash subpoena to MDL); *Transfer Order*, *In re Zantac (Ranitidine) Products Liab. Litig.*, 2020 WL 12761482, at *2 (JPML Dec. 15, 2020) (transferring subpoena action from E.D.Wis. to MDL in S.D.Fla.).

*Third*, Rule 45(f) allows litigants to seek transfer of subpoena-related motions to the issuing court in the event of exceptional circumstances.

## III. Proposals for Streamlining the Process

Contemporaneously with this joint letter, Plaintiffs are submitting a Report on Third Party discovery which lists the objecting third parties, the districts for which compliance is required, and whether the third-party consents to transfer to the Northern District of California. Plaintiffs believe transfer is proper regardless of consent, but the Parties anticipate the transfer process will be more expedient when third parties consent to transfer.

Plaintiffs propose that the Court address a second "bucket" of motions, consisting of lobbyist organizations and sexual violence advocacy organizations, prioritizing those where nonparties have consented to transfer. After one subpoena in each category of subpoenas has been addressed, Plaintiffs believe the Parties should be able to use the Court's guidance from the orders it issues to address the

majority of the remaining objections. Only to the extent that the Parties cannot resolve any lingering issues do those need to be separately briefed.

Uber agrees that the Court should address motions for the remaining non-parties in tranches, but it should do so 30 days after (1) the Court has ruled on the first set of motions and/or (2) the disputes are transferred to the Court. This would permit the parties and non-parties to engage in the conferral process, with the Court's ruling on the first set of subpoenas for guidance, to hopefully narrow or resolve disputes. The Court should also require the party issuing a subpoena to "take reasonable steps to avoid imposing undue burden or expense" on non-parties and engage in a meet and confer process to be completed one week before any briefing is due. Uber agrees that the next tranche of subpoenas should include non-parties that are representative of other non-parties. Uber notes that the Court's guidance may be helpful to the Parties for some subpoenas, but non-parties' individual rights to contest the subpoenas with the full protections of Rule 45 and to be heard by the Court must be respected.

Dated: June 7, 2024

Respectfully submitted,

By: */s/ Marlene J. Goldenberg*
Marlene J. Goldenberg
Samantha V. Hoefs
**Nigh Goldenberg Raso & Vaughn PLLC**
14 Ridge Square NW
Third Floor
Washington, D.C. 20016
Telephone: (202) 978-2228
Facsimile: (202) 792-7927

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*




**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC