# EXHIBIT B

[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF WALT CUBBERLY IN SUPPORT OF PLAINTIFFS' PTO 8 LETTER BRIEF REGARDING CUSTODIAL FILES** |

I, Walt Cubberly, declare and state as follows:

1. My name is Walt Cubberly. I have personal knowledge of the facts stated in this declaration. If called to testify, I could and would testify competently to the truth of the facts stated in this declaration.
2. I am licensed to practice law in California, Texas, Missouri, and Pennsylvania. I am admitted before the Northern, Eastern, Central, and Southern Districts of California. I am also admitted before the Eastern District of Missouri, the Eastern District of Pennsylvania, and the Southern District of Texas. And I am admitted to the Fifth Circuit Court of Appeals.
3. I am an attorney with Williams Hart and Boundas, LLP. I am also a member of the Plaintiffs' Co-Lead Counsel Committee in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*. As such, I am familiar with the discovery that has been conducted in the JCCP and the negotiations between Plaintiffs and Uber regarding that discovery. Through conversations with liaison counsel for the MDL and with my colleague Brian Abramson, whom the Court appointed to a leadership role in the MDL, I am also generally familiar with the pace of discovery and negotiations surrounding discovery in the MDL.
4. I submit this Declaration in support of Plaintiffs' PTO 8 Letter Brief Regarding Custodial Files.
5. On October 24, 2023, in the JCCP, my colleague Brian Abramson took the deposition of the person most knowledge at Uber regarding Uber's organizational structure.
6. Three days later, on October 27, 2023, Plaintiffs identified 143 custodians we believe might contain evidence reasonably calculated to lead to admissible evidence. We sent this list to Uber's counsel. This list augmented a previous list we sent Uber before the deposition.
7. On or before May 13, 2024, after months of negotiations, the Plaintiffs in the JCCP and Uber agreed to prioritize 26 custodial files. Under this agreement, Uber would prioritize producing

— 1 —

the custodial files of the 26 current and former Uber employees that the Parties agreed to. Each of these priority custodians were on the list of 143 custodians, so by May 13, 2024, Uber had been aware for at least six months that Plaintiffs in the JCCP were seeking their custodial files.

8. As with the 143 custodians, each of the 26 custodians on the priority list in the JCCP were initially identified by the JCCP Plaintiffs as witnesses the JCCP Plaintiffs believed were most likely to possess information relevant to the claims and defenses in the JCCP litigation. Uber did not independently identify any of the 26 custodians.

9. Uber recently provided a list of 29 proposed custodians to the MDL. Twenty-five of these 29 custodians are from the list of 26 custodians agreed to by the Parties in the JCCP. Of the remaining four custodians Uber proposed in the MDL litigation, three of them were identified by Plaintiffs in the JCCP litigation and were on the list of 143 custodians; the Plaintiffs just agreed with Uber not to prioritize these three custodians. Put another way, Uber has only independently identified one custodian to the MDL.

10. I declare under penalty of perjury that the above is true and correct.

Executed on June 3, 2024, in Harris County, Texas.

_____
Walt Cubberly