# EXHIBIT 3

| From: | Roopal Luhana |
|---|---|
| To: | Beth Wilkins |
| Cc: | Gromada, Veronica G. (SHB); Shortnacy, Michael (SHB); Oot, Patrick L. (SHB); Haider, Jay B. (SHB); Schoultz, Shannon M. (SHB); Wolf, Marc Price; Wikler, Jeremy (SHB); Rachel Abrams; Sarah London; Michael Sweet; Uber MDL Discovery Team |
| Subject: | Re: Uber MDL M&C re: Discovery Schedule and Custodians |
| Date: | Thursday, June 6, 2024 6:47:53 PM |

Veronica, following-up on Beth's response to you below. The PTO 8 dispute is to address Uber's unilateral decision to produce for 29 custodians and search terms negotiated with the JCCP to meet the Court's September 1 deadline in this case; we're at an impasse there.

We still believe we should meet and confer to hear Uber's thoughts on Plaintiffs' May 3 custodial list and for the parties to discuss the 50 custodians Plaintiffs believe should be front-loaded. Please let us know if you're available on Monday at 12-1pm ET or 2-2:30pm ET.

Best,
Roopal


On Jun 5, 2024, at 2:09 AM, Beth Wilkins <Wilkins@chaffinluhana.com> wrote:


Counsel,

Would you please clarify the source of misunderstanding regarding the discussions during and since the May 24 meet and confer? We made it very clear to you as early as May 22 and again on May 24, May 28, May 30, and June 3, that the parties were at an impasse on this issue and would be raising this dispute to the Court by way of a PTO 8 submission. Given these numerous conversations, many of which are documented in writing, we cannot understand your surprise (particularly since you agreed during our May 24 meeting that we are at an impasse). Additionally, despite the impasse caused by Uber's position that Uber will only produce documents for the custodians on Uber's proposed list using Uber's search terms by the September 1 deadline set by PTO 5, we continued to offer to meet and confer if Uber would reconsider its position on including our custodians in the September 1 deadline. Uber has never indicated any willingness to discuss that topic.

During the May 24 meet and confer, the parties specifically discussed the position that Uber took in its May 22 draft of the May 24 Case Management Statement, in which Uber told the Court, "Uber notes that it can meet the current September 1, 2024 substantial completion deadline outlined in PTO 5 using the current set of 29 custodians and operative search terms (also agreed  in the JCCP many months ago), but that deadline will need to be changed if it is required to  include additional search terms and custodians, many of whom are duplicative to custodians that Uber has already proposed, as a result of Plaintiffs' demands."  This was the first we learned of Uber's position, despite having just discussed

these topics two days prior during our May 20 meet and confer.

Having learned of this position on May 22, we addressed it with you during our May 24 meet and confer, in which we specifically discussed that this constituted a material breach of the agreed-upon milestones and an impasse on the issue of custodians and search terms. We also noted that we were 4 days past the milestone for a final meet and confer on search terms and custodians. Additionally, we *explicitly* stated that we intended to file a PTO 8 letter brief on the topic, however, we were willing to discuss a modified schedule for filing the letter brief if Uber believed further discussion would be productive, which would need to include Uber providing Plaintiffs with Uber's position on the list of custodians that Plaintiffs had sent three weeks before, on May 3.

Next, in response to this statement in Uber's draft report, we shared with you our position in our draft and documented it with the Court on May 24: "The parties discussed Uber's position on May 24, however, Uber has not committed to producing documents by September 1 for any custodians other than the 29 it proposed. **Plaintiffs have agreed to further meet and confer on this topic but intend to raise this issue with the Court through the PTO 8 process by June 6, 2024, pursuant to the agreed-upon milestones**."

Having not heard from you by May 28, we advised you by way of an email recapping our May 24 discussions: "you indicated that you would provide your position on our May 3 preliminary list of proposed custodians soon (we were hoping to hear from you on this today). Additionally, **we advised that the parties are at an impasse** regarding your position in the May 24 Case Management Conference Statement, in which you indicated that Uber does not intend substantially comply with the September 1 deadline for production of documents responsive to Plaintiffs' First Request for Production beyond the list of 29 custodians from whom Uber has agreed to produce documents. **We advised that we intend to raise this issue with the Court through the PTO 8 process this week but are <u>willing to discuss a modified schedule under PTO 8</u> if you are willing to change your position regarding the September 1 deadline. <u>We have not heard from you with regard to a modified schedule or any other topic related to our list of proposed custodians</u>**."

Following the May 24 meeting, we first heard from you on this topic on May 30, when you recognized in your email, in pertinent part, that "**Plaintiffs keep referencing PTO 8 submissions**" related to custodians. In response on that same day, we advised you:

"As far as your request that we identify priority custodians, we did this on May 3, as set out by the milestones. Thereafter, the milestones called for Uber to identify the custodians for which Uber will produce documents by May 10—which Uber

still has not done—and then for the parties to meet and confer as to any disputes between May 10 and 21. This is why we've been asking for Uber's position on our custodians for the past four weeks—because we cannot meet and confer on prioritizing our custodians until we have Uber's position on them. Otherwise, you're asking us to cut back on our May 3 list without any input from Uber. Regardless, as we mentioned on Friday, we are willing to discuss alternatives for prioritizing custodians, including selecting 50 of our custodians for inclusion in the production to occur by September 1 and/or to identify custodians whose documents can be produced without search terms. We understood in our call on Friday that you rejected both proposals. **This is why we advised you on Friday that we are at an impasse on the topic of custodians and intend to raise the issue with the Court through PTO 8.  As stated during that call and in our e-mail on Tuesday, we are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the September 1 deadline (ie, that you'll only produce documents for Uber's 29 custodians by that date). We still have not heard from you on this matter**."

Finally, on June 3,we advised again, "We have attempted to engage in good faith discussions with you but unfortunately you have failed to do the same; there have been no "repeated offers" to provide additional information. You have already stated your position to us and the Court—Uber only intends to produce documents for their list of 29 custodians using their list of search terms prior to September 1. As we advised on May 20 and again on May 24, **we will be raising this issue with Judge Cisneros per PTO 8**."

As you can see, each time we have communicated on this topic since May 22, we have advised you that we are at an impasse but nonetheless willing to meet and confer if Uber is willing to negotiate in good faith. However, without a good faith effort by Uber we were and are forced to raise this issue with the Court through PTO 8. From our perspective, we could not have been more clear. However, if you have suggestions on how we may more clearly advise you of impasse in the future so as to avoid any surprise, please let us know as our intention is to be as transparent and cooperative as possible.

Beth Wilkins, J.D., M.P.H.

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, June 4, 2024 8:57 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

We were disappointed to learn that you have declared an impasse in custodian negotiations.  It was particularly surprising since our last meet and confer on custodians on **5/24** ended with an agreement to continue to confer on custodians on **5/31**.  This was the reason for my follow up email on **5/30** to schedule a time for the **5/31** conferral.  However, since **5/31** no longer worked for Plaintiffs, we proposed **6/3**.  Unfortunately, we understand that time did not work for Plaintiffs.  Instead, Plaintiffs sent us a PTO 8 statement on custodians with Uber's response due back to Plaintiffs Thursday, rendering tomorrow's proposed meet and confer moot.

We will proceed with the PTO process, unfortunately, as Plaintiffs have unilaterally chosen this path.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Monday, June 3, 2024 9:34 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB)

<jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc
Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>;
Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Roopal Luhana
<Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians


**EXTERNAL**

Counsel, as referenced below, our portion of our PTO 8 letter brief on this
topic is attached, along with declarations in support.

Best,
Roopal

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Monday, June 3, 2024 10:22 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB)
<mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB)
<jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc
Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>;
Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Roopal Luhana
<Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians


Veronica, we do not "accept" the 29 custodians Uber has proposed and
have repeatedly communicated that these 29 custodians are *not* sufficient
to meet your discovery obligations. We simply represented that you
already had informed the Court in the CMC Statement, the JCCP
Plaintiffs, and us that you intended to produce documents for these 29
custodians. Accordingly, of course we'd want you to produce documents
for these custodians to us as is required per PTO 2. Also, I believe Uber
provided this list on April 26 and its rationale for these custodians on May
20. On April 12, Uber provided the list of 26 custodians identical to those
agreed-upon on the JCCP and proposed to use that list in the MDL. When
we objected to the sufficiency of that list, Uber removed one custodian and
added four others. Regardless, we have continuously advised Uber
through multiple meet and confers that neither list is sufficient.

As we stated during our call on May 24 (and your team agreed), we're at
an impasse here. We know your position: Uber intends to produce only for
these 29 custodians with the JCCP's search terms by the Sept. 1 deadline

that Judge Breyer established in this case per PTO 5. That is unacceptable to us. As to how we chose these custodians, it was for the reasons we articulated in our rationale that we provided to you. It was not only based on LinkedIn information, but also documents Uber has produced so far in this litigation, as well as documents and depositions from the JCCP.

We have attempted to engage in good faith discussions with you but unfortunately you have failed to do the same; there have been no "repeated offers" to provide additional information. You have already stated your position to us and the Court—Uber only intends to produce documents for their list of 29 custodians using their list of search terms prior to September 1. As we advised on May 20 and again on May 24, we will be raising this issue with Judge Cisneros per PTO 8.

We are happy to do a videoconference (just as we've been doing Zooms for all our meet and confers) with you to discuss custodians but our position is, as we stated on our last meet and confer, that Uber should produce custodial files for at least 50 custodians that Plaintiffs chose and run Plaintiffs' search terms. We are unavailable tomorrow at those times tomorrow.  We are available on Wednesday from 12:30-2pm. Please let me know if that time works for you. Also in the future, we'd really appreciate it that when we suggest times to meet and confer days prior and hold a block of time open for you, that we hear back from you before the suggested times about your availability.

Best,
Roopal

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Monday, June 3, 2024 7:50 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians

Roopal/Counsel,

Thank you for your email confirming for the first time that Plaintiffs accept Uber's list of 29 custodians that Uber proposed on 4/12.  As discussed on the 5/24 meet and confer, we were anticipating a meet and confer this past Friday.  Unfortunately, the times you proposed for today did not work for us.  Thus, we propose a meet and confer M&C

tomorrow between 11 AM - 1:30 PM ET or 1:30 PM - 3:30 PM ET.  Please let us know if any of those times works for Plaintiffs.

Meanwhile, Uber has reviewed Plaintiffs' list of an additional 100 proposed custodians and Plaintiffs' stated rationale for each of these custodians that Plaintiffs first provided 5/23.  We understand from our conferrals that Plaintiffs heavily relied upon LinkedIn information publically available for these individuals to state the purported basis for selecting them as proposed custodians.  Upon reviewing Plaintiffs' list, the selection of most Plaintiffs' custodians is unclear based on the rationale provided and, or the work performed by the individual.

The Court expects and our milestone agreement contemplates the parties will engage in good faith discussion over the custodians.  To date, however, your side has declined our repeated offers to walk through why the 29 custodians provide complete and proportional coverage of the Plaintiffs' requests for production.  Rather than exchanging competing lists without further insights, we suggest to meet and confer via videoconference to allow the parties to have a real time discussions about custodians who are more likely than others to have discoverable information.

Thank you.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

___

**From:** Gromada, Veronica G. (SHB)
**Sent:** Friday, May 31, 2024 9:46 AM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

Hi, Roopal.

I just wanted to acknowledge your email and availability on Monday between 1-3pm ET.  Let me check with our team on everyone's availability.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

___

**From:** Roopal Luhana <Luhana@chaffinluhana.com>

**Sent:** Thursday, May 30, 2024 11:52 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB)
<mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB)
<jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc
Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>;
Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Roopal Luhana
<Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Veronica, we disagree that we've mischaracterized anything here. When
you accuse us of mischaracterizing things, we'd appreciate it if you'd
explain yourself in writing. We have been trying to really work
cooperatively with your side and these kinds of accusations are
unproductive and unfair.

Additionally, the parties are familiar with PTO 8 and of course will comply
with the Court's requirements. I don't think we need to recite each other's
interpretations of PTO 8.

Moreover, this is the first time you're raising that we should meet and
confer tomorrow; you did not raise it on last Friday's meet and confer and
had you, I would not have agreed because I am traveling most of the day
tomorrow. Rather, during our call last week, you advised that you'd let us
know your thoughts about Plaintiff's custodial list that we provided to you
on May 3. We still await your belated response.

Moreover, on May 16, when Plaintiffs asked Uber to provide a rationale,
as we had previously and raised that it was required per the ESI Protocol,
for the 29 custodians it chose (since 27 custodians were previously
chosen by JCCP counsel and not Uber) you in turn asked (for the first
time) that Plaintiffs provide their rationale for why we chose the 100
custodians we provided. Uber finally on May 20 provided its rationale for
the 29 custodians. As we explained, Uber has a lot more access to details
about the importance of the custodians Plaintiffs chose. However,
Plaintiffs provided their detailed rationales for all 100 custodians on May
23. If Uber's review of our custodians was dependent on Plaintiffs

providing our rationale, you should have requested this information well before May 16 (when it was raised solely in response to our request for Uber's rationale), particularly given the May 10 deadline for Uber to identify the custodians for which it agreed to produce documents and the May 13-21 timeline for the parties to meet and confer on Plaintiffs' May 3 proposal.

In response to your statement that Uber needs to know Plaintiffs' position as to each of Uber's proposed custodians, this is the first we've heard from your side that you expected us to provide a position on Uber's custodians and to accept or reject those custodians. You're imposing another requirement on Plaintiffs that we never discussed for the months we've been meeting and conferring, that was not part of the milestones we agreed upon, and demanding that we provide our position on the 29 custodians tomorrow before a meet and confer that you are just suggesting for the first time today. Moreover, you have already represented to us, to the JCCP and to the Court in the May 24 CMC Statement that you have committed to providing the custodial files for all 29 custodians you chose. To be clear (although we thought this had already been clear), our position is that Uber should produce documents for all custodians on Uber's list.

As far as your request that we identify priority custodians, we did this on May 3, as set out by the milestones. Thereafter, the milestones called for Uber to identify the custodians for which Uber will produce documents by May 10—which Uber still has not done—and then for the parties to meet and confer as to any disputes between May 10 and 21. This is why we've been asking for Uber's position on our custodians for the past four weeks —because we cannot meet and confer on prioritizing our custodians until we have Uber's position on them. Otherwise, you're asking us to cut back on our May 3 list without any input from Uber. Regardless, as we mentioned on Friday, we are willing to discuss alternatives for prioritizing custodians, including selecting 50 of our custodians for inclusion in the production to occur by <u>September 1</u> and/or to identify custodians whose documents can be produced without search terms. We understood in our call on Friday that you rejected both proposals. This is why we advised you on Friday that we are at an impasse on the topic of custodians and intend to raise the issue with the Court through PTO 8. As stated during that call and in our e-mail on Tuesday, we are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the <u>September 1</u> deadline (ie, that you'll only produce documents for Uber's 29 custodians by that date). We still have not heard from you on this matter.

While we are not available tomorrow for a meet and confer, we can meet on Monday between 1-3pm ET. Please let us know if that works for you.

Best,
Roopal

> On May 30, 2024, at 11:12 AM, Gromada, Veronica G. (SHB) <vgromada@shb.com> wrote:

> Counsel,

> We want to address the continued mischaracterizations in Plaintiffs' meet-and-confer summary emails. These emails do not accurately reflect the contents of the parties' meet-and-confers. By way of example only, they state that Uber "committed to provide" information that the parties did not even discuss. They also fail to mention or gloss over Plaintiffs' obligations and information Plaintiffs agreed to provide. Suffice to say, these emails are not accurate summaries of the parties' discussions. We can address these issues on Friday's call.

> Because Plaintiffs keep referencing PTO 8 submissions, we need to address the handling of those submissions. The two-and-a-half-page portion of the joint letter that the moving party provides needs to be final. The moving party should not be revising its portion of the joint letter before receiving the opposing party's response. The moving party cannot, on the day of the filing, provide a completely different version of its portion of the joint letter with new arguments. That defeats the purpose of giving the opposing party three business days to respond. Of course, the moving party, like the opposing party, may make revisions to its portion of the joint letter upon seeing the opposing party's portion. But a complete rewrite with new arguments and previously undisclosed information is inappropriate and inconsistent with PTO 8.

> In any event, as previously discussed, we needed time to review the basis ("rationale") for your custodian selections with our client. Because Plaintiffs waited to provide their rationale until last Thursday night, 5/23, going into the holiday weekend, we advised during our last meet-and-confer that we needed until Wednesday or Thursday of this week to review and then consult with our client. We also discussed the need to further meet-and-confer on this coming Friday,

but Plaintiffs have not provided their availability.  We are available on Friday from 3 pm to 6 pm ET (2-5 CT pm, 12-3 pm PT).  Please let us know your availability.

Meanwhile, in order to have a fruitful discussion, Uber needs to know Plaintiffs' position as to each of its proposed custodians.  To date, Plaintiffs have neither accepted nor rejected—when asked—any of the custodians on Uber's list.  Please let us know Plaintiffs' position regarding Uber's custodians before the meet-and-confer this Friday.  Also, we need to address the May 10 – 21 milestone during which time Plaintiffs were supposed to suggest priority custodians for an initial tranche of searches for Uber's consideration.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image002.jpg>

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Tuesday, May 28, 2024 10:10 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Counsel:

In follow up to our ongoing discussions related to discovery milestones, including our most recent discussion on May 24, you committed to provide the following information:

1. **Custodians:** you indicated that you would provide your position on our May 3 preliminary list of proposed custodians soon (we were hoping to hear from you on this today). Additionally, we advised that the parties are at an impasse regarding your position in the May 24 Case Management Conference Statement, in which you indicated that Uber does not intend substantially comply with the September 1 deadline for production of documents responsive to Plaintiffs' First Request for Production beyond the list of 29 custodians from whom Uber has agreed to produce documents. We advised that we intend to raise this issue with the Court through the PTO 8 process this week but are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the September 1 deadline. We have not heard from you with regard to a modified schedule or any other topic related to our list of proposed custodians.

2. **Document versions**: In our meet and confer discussions, you have indicated that where multiple versions of a document exist, your Hit Counts include every version of a given document. We have asked for an explanation as to the ESI sources that house multiple versions of a document and the process by which versions are collected that results in multiple versions being included in the Hit Counts. Specifically, we'd like to know where the various versions of Google documents are being pulled from (for example, whether they are being pulled from Google Vault or from a different archive). We are awaiting your response.

3. **ESI Sources:** We requested that Uber provide a list of all custodial and non-custodial sources from which Uber is pulling documents to obtain Hit Counts. You previously informed us that Gmail and Google Drive were used but have not advised whether other parts of the custodial file are included as well. For example, it is our understanding that Hit Counts provided to the JCCP included Slack, G-Chat, and other sources. Please confirm that those sources, as well as all other

custodial sources, are included in your Hit Counts, and identify all custodial sources being including in the Hit Counts. Further, if any non-custodial sources exist but are not being used to obtain documents for the purposes of Hit Counts, please identify those sources and explain the reasons for excluding them. We continue to await your response regarding this matter.

4. **Date Ranges:** You agreed to confirm that there were no time range or time limits placed upon ESI sources as they are searched within Uber's systems for purposes of creating Hit Counts. We are awaiting your response regarding this matter.

5. **RFPs:** Uber has objected to certain RFPs on the basis that they are completely covered by documents produced in the JCCP. Despite numerous requests for this information, you still have not told us which JCCP RFPs you believe called for documents that cover RFPs of the MDL Plaintiffs that you've identified. We once again request that Uber identify the Requests from the JCCP that elicited documents Uber claims to "fully cover" the MDL Plaintiffs' RFPs.

We look forward to your responses.

Thank you,

Beth

Beth Wilkins, J.D., M.P.H.

<image009.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that

you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Wednesday, May 22, 2024 9:46 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

In response to the questions in your May 21, 2024 email, Uber is providing the following requested information.

1) **Aside from the Requests included under the "Continuing to Investigate" category, could you please confirm whether Uber presently foresees any additional objections either in full ("Will Not Search for or Produce Documents Based on Objections") or objections that would result in the withholding of large portions of documents?**

We foresee an objection on the basis of relevance and First Amendment rights to RFP 115 ("Any and all DOCUMENTS REGARDING YOUR creation

of or involvement in efforts to mobilize the public or Uber users to oppose state, federal, or local laws or regulations, including but not limited to "Save Uber" campaigns.") Aside from that, investigations are ongoing.

    **2)   Please explain the difference between "Will Conduct Searches of Custodial Files, subject to agreement on search terms, and custodians" and "Will Conduct Targeted Searches."**

In our review, we have determined that some RFPs to be amenable to finding and producing documents by more targeted means than a broad search of all custodians using the same search terms, regardless of a given custodian's roles or responsibilities.

    **3)   Please explain what is meant by "Will Refer to PTO 2 Communications re: Data Sources."**

Uber has provided Plaintiffs with information related to data sources and retention periods through multiple letters, pursuant to PTO 2. Uber views those RFPs and duplicative of information already provided.

    **4)   Please provide a date by which you will provide, in writing, your proposals with regard to narrowing or tailoring searches for RFPs 15, 23, 26, 28, 29, 36, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 64, 66, 71, 72, 73, 79, 88, 100, 101, 109, 120, 129, 134,145, 146, 150, 154, 164, 183, 197, 198.**

As with Plaintiffs' clarification of the RFP related to patents, we need to hear from Plaintiffs what is really sought by these RFPs so we can collaboratively narrow these requests and take those requests back to our client.

    **5)   Please provide a date by which you will complete your**

**investigation regarding RFP 5, 6, 80, 85, 87, 90, 102, 105, 110, 115, 116, 122, 143, 144, 171.**

Investigation is ongoing. However, we will likely be able to complete these investigations by May 30th.

6) **Pursuant to the milestones, Uber agreed to begin rolling productions of responsive documents today. Will you be producing documents today?**

Uber reads the milestone differently than Plaintiffs, given the substance of discussions in the meet and confers referenced in the milestone, which were themselves subject to revision as to timing. Furthermore, Uber has been producing highly relevant documents to Plaintiffs since April 28th on a rolling basis as part of the Defense Fact Sheet process. We are also running down the questions raised by Bret regarding the formatting of policies and procedures for production.

Thank you.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image011.jpg>

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Tuesday, May 21, 2024 6:32 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>

**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Veronica,

Thank you for providing these objections. Could you please answer
the following:

1) Aside from the Requests included under the "Continuing to
   Investigate" category, could you please confirm whether Uber
   presently foresees any additional objections either in full
   ("Will Not Search for or Produce Documents Based on
   Objections") or objections that would result in the withholding
   of large portions of documents?

2) Please explain the difference between "Will Conduct
   Searches of Custodial Files, subject to agreement on search
   terms, and custodians" and "Will Conduct Targeted
   Searches."

3) Please explain what is meant by "Will Refer to PTO 2
   Communications re: Data Sources."

4) Please provide a date by which you will provide, in writing,
   your proposals with regard to narrowing or tailoring searches
   for RFPs 15, 23, 26, 28, 29, 36, 37, 40, 41, 42, 43, 44, 45, 46,
   47, 48, 49, 50, 64, 66, 71, 72, 73, 79, 88, 100, 101, 109, 120,
   129, 134,145, 146, 150, 154, 164, 183, 197, 198.

5) Please provide a date by which you will complete your
   investigation regarding RFP 5, 6, 80, 85, 87, 90, 102, 105, 110,
   115, 116, 122, 143, 144, 171.

6) Pursuant to the milestones, Uber agreed to begin rolling
   productions of responsive documents today. Will you be
   producing documents today?

In additional follow-up to our conversation yesterday, we agreed:

7)  We are at an impasse on the production of sexual assault/sexual misconduct data and will raise the issue with the Court.

8)  You will provide a position on the production of policies and procedures without the use of search terms this week.

9)  We will have further discussions regarding "fuzziness."

10) You will let us know this week whether a search for "Uber Technologies" and "Raiser" on Google Patents will identify <u>all</u> patents that Defendants have regarding the Uber App.

11) You will provide additional information regarding your objections to documents on the basis of "privacy rights."

Beth Wilkins, J.D., M.P.H.

<image013.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, May 21, 2024 6:03 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB)

<[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>; Oot, Patrick L. (SHB) <[OOT@shb.com](mailto:OOT@shb.com)>; Haider,
Jay B. (SHB) <[jhaider@shb.com](mailto:jhaider@shb.com)>; Schoultz, Shannon M. (SHB)
<[sschoultz@shb.com](mailto:sschoultz@shb.com)>; 'Wolf, Marc Price' <[mpricewolf@paulweiss.com](mailto:mpricewolf@paulweiss.com)>;
Wikler, Jeremy (SHB) <[JWIKLER@shb.com](mailto:JWIKLER@shb.com)>; Marlene Goldenberg
<[mgoldenberg@nighgoldenberg.com](mailto:mgoldenberg@nighgoldenberg.com)>
**Cc:** Rachel Abrams <[rabrams@peifferwolf.com](mailto:rabrams@peifferwolf.com)>; Sarah London
<[slondon@lchb.com](mailto:slondon@lchb.com)>; Uber MDL Discovery Team
<[ubermdldiscovery@chaffinluhana.com](mailto:ubermdldiscovery@chaffinluhana.com)>; Michael Sweet
<[sweet@chaffinluhana.com](mailto:sweet@chaffinluhana.com)>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians


Counsel,


For conferral purposes, attached are Uber's initial responses to MDL
Plaintiffs' Requests for Production (Set One).  We are providing Uber's
responses in an easy-to-digest format in the interest of promoting
meaningful and constructive dialogue on the substantive issues.


In the meantime, we continue to prepare for our 5/24 meet and confer.


Thank you.


**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | [vgromada@shb.com](mailto:vgromada@shb.com)

[<image015.jpg>](#)

**From:** Gromada, Veronica G. (SHB)
**Sent:** Monday, May 20, 2024 5:17 PM
**To:** Beth Wilkins <[Wilkins@chaffinluhana.com](mailto:Wilkins@chaffinluhana.com)>; Roopal Luhana
<[Luhana@chaffinluhana.com](mailto:Luhana@chaffinluhana.com)>; Shortnacy, Michael (SHB)
<[mshortnacy@shb.com](mailto:mshortnacy@shb.com)>; Oot, Patrick L. (SHB) <[OOT@shb.com](mailto:OOT@shb.com)>; Haider,
Jay B. (SHB) <[jhaider@shb.com](mailto:jhaider@shb.com)>; Schoultz, Shannon M. (SHB)
<[sschoultz@shb.com](mailto:sschoultz@shb.com)>; 'Wolf, Marc Price' <[mpricewolf@paulweiss.com](mailto:mpricewolf@paulweiss.com)>;
Wikler, Jeremy (SHB) <[JWIKLER@shb.com](mailto:JWIKLER@shb.com)>; Marlene Goldenberg
<[mgoldenberg@nighgoldenberg.com](mailto:mgoldenberg@nighgoldenberg.com)>

**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

Please see the following information which Uber provide to further
facilities conferrals.

Custodians

-

In the **5/16** meet and confer, Plaintiffs asked Uber to provide additional
information for its custodian selections, specifically a description of their
work.  Recall, Uber previously provided a proposed custodians list with
the custodian's current job title (if still employed with the company),
dates of employment, previous job titles, and legal hold dates.  We then
asked Plaintiffs to provide their "brief explanations of the rationale for
their selections" pursuant the Order Governing the Production of
Electronically Stored Information and Hard Copy Documents (the "ESI
Protocol"), advising that the obligation is mutual.   Although Plaintiffs
disagreed that the obligation is mutual, the ESI Protocol is clear on this
point.  Thus, we should revisit Plaintiffs' rationale for their selections in
the **5/20** meet and confer.  Meanwhile, Uber's custodian list (attached)
has been updated with a brief description of the work performed by the
custodians.

Plaintiffs' First Requests for Productions

-

With respect to Plaintiffs' First Requests for Productions, we reviewed the
objections Beth raised concerning Uber's intent to 1) serve any objections
to RFPs that would result in the withholding of large portions of
documents (i.e., objections that would be made to multiple RFPS); and, 2)
identify any RFPs that Uber objects to in their entirety.  Upon our review
of Beth's email and our objections, we notices some errors in both which

we have addressed.  See attached.  Please advise if we need to discuss these matters further.

Third-Party Subpoenas

Uber continues to analyze the subpoenas.  Overall the subpoenas seek all documents, including any and all communications with or regarding Uber since 2009 right down to Post-Its. Moreover, the subpoenas overlap with a number of Plaintiffs' First Request for Production requests to Uber, for which Uber has identified and proposed custodians.  Because the subpoenas are not limited in time, scope, geography or subject matter, as mentioned, Uber must conduct a broad, extensive review and analysis of issues to brief for the court for each of the subpoenas.

Next Steps

We hope to reach further alignment on the aforementioned and any other issues to avoid or limit the scope of briefing for Judge Cisneros.

Talk soon.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Thursday, May 16, 2024 8:02 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>;

Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg
<mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians


**EXTERNAL**

Counsel,

In follow-up to our call today, we can expect to receive the following
from you in sufficient time to meaningfully review before our next
call on Monday at 6:30 pm ET:


1) An update as to whether you have been able to identify any
   organizational charts (beyond the Rosenthal deposition) that
   can be produced without the use of search terms;

2) Uber's rationale for selecting each custodian in Uber's list of
   29 custodians, as required by the ESI Protocol (Plaintiffs will
   endeavor to do the same and expect to provide this
   information mid or late next week);

3) An explanation of the basis for the following objections to
   RFPs that you have stated you intend to make:

   a. Requests for documents outside the possession of
      Uber, or equally available to Plaintiffs (Requests 1, 44,
      173): During today's call, you represented that
      responsive documents may have been or may be
      produced in the JCCP. However, production in the
      JCCP does not make these documents unavailable to
      Uber or equally available to Plaintiffs. Further, it is
      unclear why documents responsive to these requests
      (org charts, documents regarding Safety Tools, and
      documents sufficient to identify the information or
      data Uber collects from Drivers or Riders) would be
      outside of Uber's position or equally available to
      Plaintiffs.

   b. Requests for documents relating to Uber's payments
      regarding lobbying efforts, support for certain
      organizations or activities (Requests 108, 111, 114,
      116): please provide the legal basis for this objection.
      Uber's lobbying efforts are relevant to both Plaintiffs'
      claims and Uber's defenses, including Uber's status
      as a common carrier versus a Transportation Network
      Company.

c.  Requests for documents related to Uber campaigns or <u>business initiatives or any activities unrelated to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the US (Requests 40, 98, 99, 103, 104, 107, 162, 163)</u>: as discussed during our call today, the requests at issue here are relevant to Plaintiffs' claims regardless of whether the marketing at issue specifically relates to sexual misconduct or sexual assault, for example, marketing targeted to women that encouraged women to use Uber.

d.  <u>Requests for documents implicating the privacy rights of non-parties (Requests 41, 42, 59, 60, 61, 62, 63, 74, 75):</u>  During the call today, you indicated that Uber may withhold entire documents on the basis of privacy rights of non-parties, rather than simply redacting personal identifying information. Setting aside for now our disagreement as to the types of PPI that may be redacted, you indicated that you cannot describe what types of documents might be withheld pursuant to this objection. You agreed that you would revisit this objection and either withdraw it or provide further explanation.

e.  Although not addressed during our call today, we ask that you also provide on or before Monday, your basis for objecting to production of any documents prior to 2014. The allegations in Plaintiffs' complaint involve actions and decisions that date back to 2009 and it is our position that the date range at issue is 2009 to present.

Additionally, you indicated during our call that the custodial files for Catherine Gibbons and Lordes McLoughlin are still in the process of being collected and you could not provide a date by which you expect to be in a position to provide hit reports for these custodians. We hope that you will be able to provide an update on Monday, including a date that these hit reports can be expected.

Under separate cover, we will be in contact regarding the search terms issues and knowledge repository matters discussed during our call today.

Thank you,

Beth

Beth Wilkins, J.D., M.P.H.

<image017.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, May 10, 2024 7:54 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians


Counsel,


In response to the questions you raised in our May 7, 2024 meet and confer and memorialized in your May 7, 2024 email, Uber is providing the following requested information.