# EXHIBIT E3

**Shortnacy, Michael (SHB)**

---

| | |
|---|---|
| **From:** | Gromada, Veronica G. (SHB) |
| **Sent:** | Friday, June 7, 2024 1:19 PM |
| **To:** | Roopal Luhana; Beth Wilkins |
| **Cc:** | Shortnacy, Michael (SHB); Oot, Patrick L. (SHB); Haider, Jay B. (SHB); Schoultz, Shannon M. (SHB); Wolf, Marc Price; Wikler, Jeremy (SHB); Rachel Abrams; Sarah London; Michael Sweet; Uber MDL Discovery Team |
| **Subject:** | Uber MDL M&C re: Discovery Schedule and Custodians |

Thank you for your email, Roopal.

Again, Plaintiffs have chosen the path by filing a PTO 8 motion on these issues. As you know, we have sent you our portion of the joint letter brief addressing these specific issues raised by Plaintiffs. With Plaintiffs' PTO 8 motion being submitted to the Court this afternoon, it is unclear that a further meet-and-confer is going to be fruitful. However, in the spirit of cooperation, we are prepared to meet and confer with you as you requested. We will be available to meet during your available window below, on Monday from 2-2:30 ET.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Thursday, June 6, 2024 6:48 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Cc:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Veronica, following-up on Beth's response to you below. The PTO 8 dispute is to address Uber's unilateral decision to produce for 29 custodians and search terms negotiated with the JCCP to meet the Court's September 1 deadline in this case; we're at an impasse there.

We still believe we should meet and confer to hear Uber's thoughts on Plaintiffs' May 3 custodial list and for the parties to discuss the 50 custodians Plaintiffs believe should be front-loaded. Please let us know if you're available on Monday at 12-1pm ET or 2-2:30pm ET.

Best,
Roopal

On Jun 5, 2024, at 2:09 AM, Beth Wilkins <Wilkins@chaffinluhana.com> wrote:

Counsel,

Would you please clarify the source of misunderstanding regarding the discussions during and since the May 24 meet and confer? We made it very clear to you as early as May 22 and again on May 24, May 28, May 30, and June 3, that the parties were at an impasse on this issue and would be raising this dispute to the Court by way of a PTO 8 submission. Given these numerous conversations, many of which are documented in writing, we cannot understand your surprise (particularly since you agreed during our May 24 meeting that we are at an impasse). Additionally, despite the impasse caused by Uber's position that Uber will only produce documents for the custodians on Uber's proposed list using Uber's search terms by the September 1 deadline set by PTO 5, we continued to offer to meet and confer if Uber would reconsider its position on including our custodians in the September 1 deadline. Uber has never indicated any willingness to discuss that topic.

During the May 24 meet and confer, the parties specifically discussed the position that Uber took in its May 22 draft of the May 24 Case Management Statement, in which Uber told the Court, "Uber notes that it can meet the current September 1, 2024 substantial completion deadline outlined in PTO 5 using the current set of 29 custodians and operative search terms (also agreed in the JCCP many months ago), but that deadline will need to be changed if it is required to include additional search terms and custodians, many of whom are duplicative to custodians that Uber has already proposed, as a result of Plaintiffs' demands."   This was the first we learned of Uber's position, despite having just discussed these topics two days prior during our May 20 meet and confer.

Having learned of this position on May 22, we addressed it with you during our May 24 meet and confer, in which we specifically discussed that this constituted a material breach of the agreed-upon milestones and an impasse on the issue of custodians and search terms. We also noted that we were 4 days past the milestone for a final meet and confer on search terms and custodians. Additionally,  we *explicitly* stated that we intended to file a PTO 8 letter brief on the topic, however, we were willing to discuss a modified schedule for filing the letter brief if Uber believed further discussion would be productive, which would need to include Uber providing Plaintiffs with Uber's position on the list of custodians that Plaintiffs had sent three weeks before, on May 3.

Next, in response to this statement in Uber's draft report, we shared with you our position in our draft and documented it with the Court on May 24: "The parties discussed Uber's position on May 24, however, Uber has not committed to producing documents by September 1 for any custodians other than the 29 it proposed. **Plaintiffs have agreed to further meet and confer on this topic but intend to raise this issue with the Court through the PTO 8 process by June 6, 2024, pursuant to the agreed-upon milestones**."

Having not heard from you by May 28, we advised you by way of an email recapping our May 24 discussions: "you indicated that you would provide your position on our May 3 preliminary list of proposed custodians soon (we were hoping to hear from you on this today). Additionally, **we advised that the parties are at an impasse** regarding your position in the May 24 Case Management Conference Statement, in which you indicated that Uber does not intend substantially comply with the September 1 deadline for production of documents responsive to Plaintiffs' First Request for Production beyond the list of 29 custodians from whom Uber has agreed to produce documents. **We advised that we intend to raise this issue with the Court through the PTO 8 process this week but are <u>willing to discuss a modified schedule under PTO 8</u> if you are willing to change your position regarding the September 1 deadline. <u>We have not heard from you with regard to a modified schedule or any other topic related to our list of proposed custodians</u>**."

Following the May 24 meeting, we first heard from you on this topic on May 30, when you recognized in your email, in pertinent part, that **"Plaintiffs keep referencing PTO 8 submissions"** related to custodians. In response on that same day, we advised you:

"As far as your request that we identify priority custodians, we did this on May 3, as set out by the milestones. Thereafter, the milestones called for Uber to identify the custodians for which Uber will produce documents by May 10—which Uber still has not done—and then for the parties to meet and

confer as to any disputes between May 10 and 21. This is why we've been asking for Uber's position on our custodians for the past four weeks—because we cannot meet and confer on prioritizing our custodians until we have Uber's position on them. Otherwise, you're asking us to cut back on our May 3 list without any input from Uber. Regardless, as we mentioned on Friday, we are willing to discuss alternatives for prioritizing custodians, including selecting 50 of our custodians for inclusion in the production to occur by September 1 and/or to identify custodians whose documents can be produced without search terms. We understood in our call on Friday that you rejected both proposals. **This is why we advised you on Friday that we are at an impasse on the topic of custodians and intend to raise the issue with the Court through PTO 8. <u>As stated during that call and in our e-mail on Tuesday, we are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the September 1 deadline (ie, that you'll only produce documents for Uber's 29 custodians by that date). We still have not heard from you on this matter</u>**."

Finally, on June 3,we advised again, "We have attempted to engage in good faith discussions with you but unfortunately you have failed to do the same; there have been no "repeated offers" to provide additional information. You have already stated your position to us and the Court—Uber only intends to produce documents for their list of 29 custodians using their list of search terms prior to September 1. As we advised on May 20 and again on May 24, **we will be raising this issue with Judge Cisneros per PTO 8**."

As you can see, each time we have communicated on this topic since May 22, we have advised you that we are at an impasse but nonetheless willing to meet and confer if Uber is willing to negotiate in good faith. However, without a good faith effort by Uber we were and are forced to raise this issue with the Court through PTO 8. From our perspective, we could not have been more clear. However, if you have suggestions on how we may more clearly advise you of impasse in the future so as to avoid any surprise, please let us know as our intention is to be as transparent and cooperative as possible.

Beth Wilkins, J.D., M.P.H.
<image001.png>
CHAFFIN LUHANA LLP
Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, June 4, 2024 8:57 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB)

<sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB)
<JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

We were disappointed to learn that you have declared an impasse in custodian negotiations.  It was
particularly surprising since our last meet and confer on custodians on **5/24** ended with an agreement to
continue to confer on **5/31**.  This was the reason for my follow up email on **5/30** to schedule a time for
the **5/31** conferral.  However, since **5/31** no longer worked for Plaintiffs, we proposed
**6/3**.  Unfortunately, we understand that time did not work for Plaintiffs.  Instead, Plaintiffs sent us a PTO
8 statement on custodians with Uber's response due back to Plaintiffs Thursday, rendering tomorrow's
proposed meet and confer moot.

We will proceed with the PTO process, unfortunately, as Plaintiffs have unilaterally chosen this path.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Monday, June 3, 2024 9:34 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot,
Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB)
<sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB)
<JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians


**EXTERNAL**

Counsel, as referenced below, our portion of our PTO 8 letter brief on this topic is
attached, along with declarations in support.

Best,
Roopal

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Monday, June 3, 2024 10:22 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot,
Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB)
<sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB)
<JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians

Veronica, we do not "accept" the 29 custodians Uber has proposed and have repeatedly communicated that these 29 custodians are *not* sufficient to meet your discovery obligations. We simply represented that you already had informed the Court in the CMC Statement, the JCCP Plaintiffs, and us that you intended to produce documents for these 29 custodians. Accordingly, of course we'd want you to produce documents for these custodians to us as is required per PTO 2. Also, I believe Uber provided this list on April 26 and its rationale for these custodians on May 20. On April 12, Uber provided the list of 26 custodians identical to those agreed-upon on the JCCP and proposed to use that list in the MDL. When we objected to the sufficiency of that list, Uber removed one custodian and added four others. Regardless, we have continuously advised Uber through multiple meet and confers that neither list is sufficient.

As we stated during our call on May 24 (and your team agreed), we're at an impasse here. We know your position: Uber intends to produce only for these 29 custodians with the JCCP's search terms by the Sept. 1 deadline that Judge Breyer established in this case per PTO 5. That is unacceptable to us. As to how we chose these custodians, it was for the reasons we articulated in our rationale that we provided to you. It was not only based on LinkedIn information, but also documents Uber has produced so far in this litigation, as well as documents and depositions from the JCCP.

We have attempted to engage in good faith discussions with you but unfortunately you have failed to do the same; there have been no "repeated offers" to provide additional information. You have already stated your position to us and the Court—Uber only intends to produce documents for their list of 29 custodians using their list of search terms prior to September 1. As we advised on May 20 and again on May 24, we will be raising this issue with Judge Cisneros per PTO 8.

We are happy to do a videoconference (just as we've been doing Zooms for all our meet and confers) with you to discuss custodians but our position is, as we stated on our last meet and confer, that Uber should produce custodial files for at least 50 custodians that Plaintiffs chose and run Plaintiffs' search terms. We are unavailable tomorrow at those times tomorrow.  We are available on Wednesday from 12:30-2pm. Please let me know if that time works for you. Also in the future, we'd really appreciate it that when we suggest times to meet and confer days prior and hold a block of time open for you, that we hear back from you before the suggested times about your availability.

Best,
Roopal

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Monday, June 3, 2024 7:50 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians

Roopal/Counsel,

Thank you for your email confirming for the first time that Plaintiffs accept Uber's list of 29 custodians that Uber proposed on 4/12.  As discussed on the 5/24 meet and confer, we were anticipating a meet and confer this past Friday.  Unfortunately, the times you proposed for today did not work for us.  Thus, we propose a meet and confer M&C tomorrow between 11 AM - 1:30 PM ET or 1:30 PM - 3:30 PM ET.  Please let us know if any of those times works for Plaintiffs.

Meanwhile, Uber has reviewed Plaintiffs' list of an additional 100 proposed custodians and Plaintiffs' stated rationale for each of these custodians that Plaintiffs first provided 5/23.  We understand from our conferrals that Plaintiffs heavily relied upon LinkedIn information publically available for these individuals to state the purported basis for selecting them as proposed custodians.  Upon reviewing Plaintiffs' list, the selection of most Plaintiffs' custodians is unclear based on the rationale provided and, or the work performed by the individual.

The Court expects and our milestone agreement contemplates the parties will engage in good faith discussion over the custodians.  To date, however, your side has declined our repeated offers to walk through why the 29 custodians provide complete and proportional coverage of the Plaintiffs' requests for production.  Rather than exchanging competing lists without further insights, we suggest to meet and confer via videoconference to allow the parties to have a real time discussions about custodians who are more likely than others to have discoverable information.

Thank you.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Gromada, Veronica G. (SHB)
**Sent:** Friday, May 31, 2024 9:46 AM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

Hi, Roopal.

I just wanted to acknowledge your email and availability on Monday between 1-3pm ET.  Let me check with our team on everyone's availability.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Thursday, May 30, 2024 11:52 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Wolf, Marc Price <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB)

<JWIKLER@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Veronica, we disagree that we've mischaracterized anything here. When you accuse us of mischaracterizing things, we'd appreciate it if you'd explain yourself in writing. We have been trying to really work cooperatively with your side and these kinds of accusations are unproductive and unfair.

Additionally, the parties are familiar with PTO 8 and of course will comply with the Court's requirements. I don't think we need to recite each other's interpretations of PTO 8.

Moreover, this is the first time you're raising that we should meet and confer tomorrow; you did not raise it on last Friday's meet and confer and had you, I would not have agreed because I am traveling most of the day tomorrow. Rather, during our call last week, you advised that you'd let us know your thoughts about Plaintiff's custodial list that we provided to you on May 3. We still await your belated response.

Moreover, on May 16, when Plaintiffs asked Uber to provide a rationale, as we had previously and raised that it was required per the ESI Protocol, for the 29 custodians it chose (since 27 custodians were previously chosen by JCCP counsel and not Uber) you in turn asked (for the first time) that Plaintiffs provide their rationale for why we chose the 100 custodians we provided. Uber finally on May 20 provided its rationale for the 29 custodians. As we explained, Uber has a lot more access to details about the importance of the custodians Plaintiffs chose. However, Plaintiffs provided their detailed rationales for all 100 custodians on May 23. If Uber's review of our custodians was dependent on Plaintiffs providing our rationale, you should have requested this information well before May 16 (when it was raised solely in response to our request for Uber's rationale), particularly given the May 10 deadline for Uber to identify the custodians for which it agreed to produce documents and the May 13-21 timeline for the parties to meet and confer on Plaintiffs' May 3 proposal.

In response to your statement that Uber needs to know Plaintiffs' position as to each of Uber's proposed custodians, this is the first we've heard from your side that you expected us to provide a position on Uber's custodians and to accept or reject those custodians. You're imposing another requirement on Plaintiffs that we never discussed for the months we've been meeting and conferring, that was not part of the milestones we agreed upon, and demanding that we provide our position on the 29 custodians

tomorrow before a meet and confer that you are just suggesting for the first time today. Moreover, you have already represented to us, to the JCCP and to the Court in the May 24 CMC Statement that you have committed to providing the custodial files for all 29 custodians you chose. To be clear (although we thought this had already been clear), our position is that Uber should produce documents for all custodians on Uber's list.

As far as your request that we identify priority custodians, we did this on May 3, as set out by the milestones. Thereafter, the milestones called for Uber to identify the custodians for which Uber will produce documents by May 10—which Uber still has not done—and then for the parties to meet and confer as to any disputes between May 10 and 21. This is why we've been asking for Uber's position on our custodians for the past four weeks—because we cannot meet and confer on prioritizing our custodians until we have Uber's position on them. Otherwise, you're asking us to cut back on our May 3 list without any input from Uber. Regardless, as we mentioned on Friday, we are willing to discuss alternatives for prioritizing custodians, including selecting 50 of our custodians for inclusion in the production to occur by <u>September 1</u> and/or to identify custodians whose documents can be produced without search terms. We understood in our call on Friday that you rejected both proposals. This is why we advised you on Friday that we are at an impasse on the topic of custodians and intend to raise the issue with the Court through PTO 8. As stated during that call and in our e-mail on Tuesday, we are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the <u>September 1</u> deadline (ie, that you'll only produce documents for Uber's 29 custodians by that date). We still have not heard from you on this matter.

While we are not available tomorrow for a meet and confer, we can meet on Monday between 1-3pm ET. Please let us know if that works for you.

Best,
Roopal

On May 30, 2024, at 11:12 AM, Gromada, Veronica G. (SHB) <<u>vgromada@shb.com</u>> wrote:

Counsel,

We want to address the continued mischaracterizations in Plaintiffs' meet-and-confer summary emails. These emails do not accurately reflect the contents of the parties' meet-and-confers. By way of example only, they state that Uber "committed to provide" information that the parties did not even discuss. They also fail to mention or gloss over Plaintiffs' obligations and information Plaintiffs agreed to provide. Suffice to say, these emails are not accurate summaries of the parties' discussions. We can address these issues on Friday's call.

Because Plaintiffs keep referencing PTO 8 submissions, we need to address the handling of those submissions. The two-and-a-half-page portion of the joint letter that the moving party provides needs to be final. The moving party should

not be revising its portion of the joint letter before receiving the opposing party's response.  The moving party cannot, on the day of the filing, provide a completely different version of its portion of the joint letter with new arguments.  That defeats the purpose of giving the opposing party three business days to respond.  Of course, the moving party, like the opposing party, may make revisions to its portion of the joint letter upon seeing the opposing party's portion.  But a complete rewrite with new arguments and previously undisclosed information is inappropriate and inconsistent with PTO 8.

In any event, as previously discussed, we needed time to review the basis ("rationale") for your custodian selections with our client.  Because Plaintiffs waited to provide their rationale until last Thursday night, 5/23, going into the holiday weekend, we advised during our last meet-and-confer that we needed until Wednesday or Thursday of this week to review and then consult with our client.  We also discussed the need to further meet-and-confer on this coming Friday, but Plaintiffs have not provided their availability.  We are available on Friday from 3 pm to 6 pm ET (2-5 CT pm, 12-3 pm PT).  Please let us know your availability.

Meanwhile, in order to have a fruitful discussion, Uber needs to know Plaintiffs' position as to each of its proposed custodians.  To date, Plaintiffs have neither accepted nor rejected—when asked—any of the custodians on Uber's list.  Please let us know Plaintiffs' position regarding Uber's custodians before the meet-and-confer this Friday.  Also, we need to address the May $10-21$ milestone during which time Plaintiffs were supposed to suggest priority custodians for an initial tranche of searches for Uber's consideration.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image002.jpg>

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Tuesday, May 28, 2024 10:10 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

EXTERNAL

Counsel:


In follow up to our ongoing discussions related to discovery milestones, including our most recent discussion on May 24, you committed to provide the following information:


1. **Custodians:** you indicated that you would provide your position on our May 3 preliminary list of proposed custodians soon (we were hoping to hear from you on this today). Additionally, we advised that the parties are at an impasse regarding your position in the May 24 Case Management Conference Statement, in which you indicated that Uber does not intend substantially comply with the September 1 deadline for production of documents responsive to Plaintiffs' First Request for Production beyond the list of 29 custodians from whom Uber has agreed to produce documents. We advised that we intend to raise this issue with the Court through the PTO 8 process this week but are willing to discuss a modified schedule under PTO 8 if you are willing to change your position regarding the September 1 deadline. We have not heard from you with regard to a modified schedule or any other topic related to our list of proposed custodians.

2. **Document versions**: In our meet and confer discussions, you have indicated that where multiple versions of a document exist, your Hit Counts include every version of a given document. We have asked for an explanation as to the ESI sources that house multiple versions of a document and the process by which versions are collected that results in multiple versions being included in the Hit Counts. Specifically, we'd like to know where the various versions of Google documents are being pulled from (for example, whether they are being pulled from Google Vault or from a different archive). We are awaiting your response.

3. **ESI Sources:** We requested that Uber provide a list of all custodial and non-custodial sources from which Uber is pulling documents to obtain Hit Counts. You previously informed us that Gmail and Google Drive were used but have not advised whether other parts of the custodial file are included as well. For example, it is our understanding that Hit Counts provided to the JCCP included Slack, G-Chat, and other sources. Please confirm that those sources, as well as all other custodial sources, are included in your Hit Counts, and identify all custodial sources being including in the Hit

Counts. Further, if any non-custodial sources exist but are not being used to obtain documents for the purposes of Hit Counts, please identify those sources and explain the reasons for excluding them.  We continue to await your response regarding this matter.

4. **Date Ranges:** You agreed to confirm that there were no time range or time limits placed upon ESI sources as they are searched within Uber's systems for purposes of creating Hit Counts. We are awaiting your response regarding this matter.

5. **RFPs:** Uber has objected to certain RFPs on the basis that they are completely covered by documents produced in the JCCP. Despite numerous requests for this information, you still have not told us which JCCP RFPs you believe called for documents that cover RFPs of the MDL Plaintiffs that you've identified.  We once again request that Uber identify the Requests from the JCCP that elicited documents Uber claims to "fully cover" the MDL Plaintiffs' RFPs.

We look forward to your responses.

Thank you,

Beth

Beth Wilkins, J.D., M.P.H.

<image009.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Wednesday, May 22, 2024 9:46 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

Counsel,

In response to the questions in your May 21, 2024 email, Uber is providing the following requested information.

1) **Aside from the Requests included under the "Continuing to Investigate" category, could you please confirm whether Uber presently foresees any additional objections either in full ("Will Not Search for or Produce Documents Based on Objections") or objections that would result in the withholding of large portions of documents?**

We foresee an objection on the basis of relevance and First Amendment rights to RFP 115 ("Any and all DOCUMENTS REGARDING YOUR creation of or involvement in efforts to mobilize the public or Uber users to oppose state, federal, or local laws or regulations, including but not limited to "Save Uber" campaigns.") Aside from that, investigations are ongoing.

2) **Please explain the difference between "Will Conduct Searches of Custodial Files, subject to agreement on search terms, and custodians" and "Will Conduct Targeted Searches."**

In our review, we have determined that some RFPs to be amenable to finding and producing documents by more targeted means than a broad search of all custodians using the same search terms, regardless of a given custodian's roles or responsibilities.

3) **Please explain what is meant by "Will Refer to PTO 2 Communications re: Data Sources."**

Uber has provided Plaintiffs with information related to data sources and retention periods through multiple letters, pursuant to PTO 2. Uber views those RFPs and duplicative of information already provided.

4) **Please provide a date by which you will provide, in writing, your proposals with regard to narrowing or tailoring searches for RFPs 15, 23, 26, 28, 29, 36, 37, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 64, 66, 71, 72, 73, 79, 88, 100, 101, 109, 120, 129, 134,145, 146, 150, 154, 164, 183, 197, 198.**

As with Plaintiffs' clarification of the RFP related to patents, we need to hear from Plaintiffs what is really sought by these RFPs so we can collaboratively narrow these requests and take those requests back to our client.

5) **Please provide a date by which you will complete your investigation regarding RFP 5, 6, 80, 85, 87, 90, 102, 105, 110, 115, 116, 122, 143, 144, 171.**

Investigation is ongoing. However, we will likely be able to complete these investigations by May 30th.

6) **Pursuant to the milestones, Uber agreed to begin rolling productions of responsive documents today. Will you be producing documents today?**

Uber reads the milestone differently than Plaintiffs, given the substance of discussions in the meet and confers referenced in the milestone, which were themselves subject to revision as to timing. Furthermore, Uber has been producing highly relevant documents to Plaintiffs since April 28th on a rolling basis as part of the Defense Fact Sheet process. We are also running down the questions raised by Bret regarding the formatting of policies and procedures for production.

Thank you.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image011.jpg>

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Tuesday, May 21, 2024 6:32 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana
<Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot,
Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz,
Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price'
<mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene
Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Veronica,

Thank you for providing these objections. Could you please answer the following:

1) Aside from the Requests included under the "Continuing to Investigate"
   category, could you please confirm whether Uber presently foresees any
   additional objections either in full ("Will Not Search for or Produce Documents
   Based on Objections") or objections that would result in the withholding of large
   portions of documents?

2) Please explain the difference between "Will Conduct Searches of Custodial Files,
   subject to agreement on search terms, and custodians" and "Will Conduct
   Targeted Searches."

3) Please explain what is meant by "Will Refer to PTO 2 Communications re: Data
   Sources."

4) Please provide a date by which you will provide, in writing, your proposals with
   regard to narrowing or tailoring searches for RFPs 15, 23, 26, 28, 29, 36, 37, 40,
   41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 64, 66, 71, 72, 73, 79, 88, 100, 101, 109,
   120, 129, 134,145, 146, 150, 154, 164, 183, 197, 198.

5) Please provide a date by which you will complete your investigation regarding
   RFP 5, 6, 80, 85, 87, 90, 102, 105, 110, 115, 116, 122, 143, 144, 171.

6) Pursuant to the milestones, Uber agreed to begin rolling productions of responsive documents today. Will you be producing documents today?

In additional follow-up to our conversation yesterday, we agreed:

7) We are at an impasse on the production of sexual assault/sexual misconduct data and will raise the issue with the Court.

8) You will provide a position on the production of policies and procedures without the use of search terms this week.

9) We will have further discussions regarding "fuzziness."

10) You will let us know this week whether a search for "Uber Technologies" and "Raiser" on Google Patents will identify all patents that Defendants have regarding the Uber App.

11) You will provide additional information regarding your objections to documents on the basis of "privacy rights."

Beth Wilkins, J.D., M.P.H.

<image013.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Tuesday, May 21, 2024 6:03 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene

Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians


Counsel,


For conferral purposes, attached are Uber's initial responses to MDL Plaintiffs' Requests
for Production (Set One).  We are providing Uber's responses in an easy-to-digest
format in the interest of promoting meaningful and constructive dialogue on the
substantive issues.


In the meantime, we continue to prepare for our 5/24 meet and confer.


Thank you.


**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image015.jpg>

---

**From:** Gromada, Veronica G. (SHB)
**Sent:** Monday, May 20, 2024 5:17 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana
<Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot,
Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz,
Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price'
<mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene
Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>;
Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet
<sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians


Counsel,

Please see the following information which Uber provide to further facilities conferrals.

<u>Custodians</u>

In the **5/16** meet and confer, Plaintiffs asked Uber to provide additional information for its custodian selections, specifically a description of their work.  Recall, Uber previously provided a proposed custodians list with the custodian's current job title (if still employed with the company), dates of employment, previous job titles, and legal hold dates.  We then asked Plaintiffs to provide their "brief explanations of the rationale for their selections" pursuant the Order Governing the Production of Electronically Stored Information and Hard Copy Documents (the "ESI Protocol"), advising that the obligation is mutual.   Although Plaintiffs disagreed that the obligation is mutual, the ESI Protocol is clear on this point.  Thus, we should revisit Plaintiffs' rationale for their selections in the **5/20** meet and confer.  Meanwhile, Uber's custodian list (attached) has been updated with a brief description of the work performed by the custodians.

<u>Plaintiffs' First Requests for Productions</u>

With respect to Plaintiffs' First Requests for Productions, we reviewed the objections Beth raised concerning Uber's intent to 1) serve any objections to RFPs that would result in the withholding of large portions of documents (i.e., objections that would be made to multiple RFPS); and, 2) identify any RFPs that Uber objects to in their entirety.  Upon our review of Beth's email and our objections, we notices some errors in both which we have addressed.  See attached.  Please advise if we need to discuss these matters further.

<u>Third-Party Subpoenas</u>

Uber continues to analyze the subpoenas.  Overall the subpoenas seek all documents, including any and all communications with or regarding Uber since 2009 right down to Post-Its. Moreover, the subpoenas overlap with a number of Plaintiffs' First Request for Production requests to Uber, for which Uber has identified and proposed custodians.  Because the subpoenas are not limited in time, scope, geography or subject matter, as mentioned, Uber must conduct a broad, extensive review and analysis of issues to brief for the court for each of the subpoenas.

<u>Next Steps</u>

We hope to reach further alignment on the aforementioned and any other issues to avoid or limit the scope of briefing for Judge Cisneros.

Talk soon.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Thursday, May 16, 2024 8:02 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians

**EXTERNAL**

Counsel,

In follow-up to our call today, we can expect to receive the following from you in sufficient time to meaningfully review before our next call on Monday at 6:30 pm ET:

1) An update as to whether you have been able to identify any organizational charts (beyond the Rosenthal deposition) that can be produced without the use of search terms;

2) Uber's rationale for selecting each custodian in Uber's list of 29 custodians, as required by the ESI Protocol (Plaintiffs will endeavor to do the same and expect to provide this information mid or late next week);

3) An explanation of the basis for the following objections to RFPs that you have stated you intend to make:

    a. <u>Requests for documents outside the possession of Uber, or equally available to Plaintiffs (Requests 1, 44, 173)</u>: During today's call, you represented that responsive documents may have been or may be produced in the JCCP. However, production in the JCCP does not make these documents unavailable to Uber or equally available to Plaintiffs. Further, it is unclear why documents responsive to these requests (org charts, documents regarding Safety Tools, and documents sufficient to identify the information or data Uber collects from Drivers or Riders) would be outside of Uber's position or equally available to Plaintiffs.

    b. <u>Requests for documents relating to Uber's payments regarding lobbying efforts, support for certain organizations or activities (Requests 108, 111, 114, 116)</u>: please provide the legal basis for this objection. Uber's lobbying efforts are relevant to both Plaintiffs' claims and Uber's defenses, including Uber's status as a common carrier versus a Transportation Network Company.

    c. <u>Requests for documents related to Uber campaigns or business initiatives or any activities unrelated to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the US (Requests 40, 98, 99, 103, 104, 107, 162, 163)</u>: as discussed during our call today, the requests at issue here are relevant to Plaintiffs' claims regardless of whether the marketing at issue specifically relates to sexual misconduct or sexual assault, for example, marketing targeted to women that encouraged women to use Uber.

    d. <u>Requests for documents implicating the privacy rights of non-parties (Requests 41, 42, 59, 60, 61, 62, 63, 74, 75)</u>:  During the call today, you indicated that Uber may withhold entire documents on the basis of privacy rights of non-parties, rather than simply redacting personal identifying information. Setting aside for now our disagreement as to the types of PPI that may be redacted, you indicated that you cannot describe what types of documents might be withheld pursuant to this objection. You agreed that you would revisit this objection and either withdraw it or provide further explanation.

    e. Although not addressed during our call today, we ask that you also provide on or before Monday, your basis for objecting to production of any documents prior to 2014. The allegations in Plaintiffs' complaint involve actions and decisions that date back to 2009 and it is our position that the date range at issue is 2009 to present.

Additionally, you indicated during our call that the custodial files for Catherine Gibbons and Lordes McLoughlin are still in the process of being collected and you could not provide a date by which you expect to be in a position to provide hit reports for these custodians. We hope that you will be able to provide an update on Monday, including a date that these hit reports can be expected.

Under separate cover, we will be in contact regarding the search terms issues and knowledge repository matters discussed during our call today.


Thank you,

Beth



Beth Wilkins, J.D., M.P.H.

<image017.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.


**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, May 10, 2024 7:54 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians


Counsel,

In response to the questions you raised in our May 7, 2024 meet and confer and memorialized in your May 7, 2024 email, Uber is providing the following requested information.

**A.      Provide Uber's Search Terms.**

**B.       Provide hit reports for searches Uber has run to date, including the terms used and the custodial or non-custodial sources searched.**

This morning, Uber provided Plaintiffs with a hit report for its proposed search terms, run across Gmail and Drive data from 27 of Uber's proposed custodians, as well as a list of those custodians searched. Separate reports are provided for Gmail and Drive data. As required by the ESI Protocol, Uber is attaching to this email a report consisting of search term variants identifiable through a Relativity dictionary search with the fuzziness level set to 3.  Lighthouse is running an additional hit report for Plaintiffs' proposed search terms, which we will provide when received.

1.  **Identify by Request number the RFPs that Uber objects to for each category of objection under point (1) of Ms. Gromada's May 6 email: Identify, without prejudice, any objections to RFPs that would result in the withholding of large portions of documents (i.e., objections that would be made to multiple RFPS):**

Discovery and investigation are ongoing. The following RFP numbers are provided with all rights reserved, and without conceding or implying that any responsive documents exist for every RFP listed below.

- Requests that relate to activities occurring outside the US.

    - This objection is a general scope objection that applies in some fashion to every Request insofar as it seeks information relating to activities occurring outside the US.

- Specific examples where this scoping objection apply may include but are not limited to the following RFPs: 18, 19, 22, 23, 24, 26, 27, 28, 30, 31, 32, 33, 34, 35, 38, 39, 40, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 64, 65, 66, 67, 68, 72, 76, 84, 86, 89, 91, 92, 93, 94, 95, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 121, 122, 124, 126, 130, 141, 143, 147, 148, 151, 152, 154, 155, 158, 159, 160, 161, 162, 163, 165, 166, 167, 168, 169, 170, 172, 174, 175, 188, 197, 198.

  - This scoping objection does not apply to Requests such as RFP 110, 111, 133, 138, 156, and we do not believe it applies to RFPs 112, 115, 123.

- Requests calling for information outside of a time scope 1 year prior to the 1st Complaint (2014-2023).

  - As with the geographic scope objection above, Uber's time scope objection is a general scoping objection, which  applies to RFPs 1-202 to the extent they request information prior to 2014.

  - Specific Requests referencing a time scope outside of the above scope include RFPs 1, 3, 4, 73.

- Requests for documents outside the possession of Uber, or equally available to Plaintiffs.

  - Such Requests include RFPs 1, 44, 137.

- Requests for documents relating to Uber's payments regarding lobbying efforts, support for certain organizations or activities.

  - Such Requests include RFPs 108, 111, 114, 116.

- Request for documents related to Uber campaigns or business initiatives or any activities unrelated to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the US.

  - Such Requests include RFPs 40, 98, 99, 103, 104, 107, 162, 163.

- Requests for documents implicating the privacy rights of non-parties.

  - Such Requests include RFPs: 41, 42, 59, 60, 61, 62, 63, 74, 75.

- Requests asking for information related to subsequent remedial measures ("SRMs").

    o Such Requests include RFPs 18, 19, 21, 29.

- Requests related to statistics, tickets or other reporting, not involving named Plaintiffs.

    o Such Requests include RFPs 41, 42, 59, 60, 61, 62, 63, 74, 75.

1. **Identify the basis for Uber's objections to the RFPs indicated under point (2) of Ms. Gromada's May 6 email: Identify, without prejudice, any RFPs that Uber objects to into their entirety.**

Not relevant to a claim or defense: RFPs 14, 16, 17, 27, 108, 111, 113, 127, 128, 131, 135, 142, 176, 177, 178, 189, 190, 191, 192, 194, 195, 196, 199, 200, 202.

Geographic scope: RFP 157.

1. **Identify the discovery request in the JCCP litigation corresponding to each MDL RFP indicated under point (3) of Ms. Gromada's May 6 email: Identify, without prejudice, any RFPs that are fully covered by documents already produced in the JCCP.**

The RFPs listed in the May 6 email do not have equivalents in the JCCP RFPs, but the relevant documents were produced in that litigation. The Requests made in the present litigation satisfied by completed JCCP productions include RFPs 1, 2, 4, 7-11, 20, 25, 65, 70, 81, 82, 89, 91, 93, and 96, provided on May 6th.

1. **Identify the process that Uber proposes for producing the documents previously produced in the JCCP (under point (3) of Ms. Gromada's email), provide a date certain that Uber will produce those documents here, and confirm that the production will be in compliance with the ESI order in place here, including all metadata fields.**

The timing and process of these reproductions depends on the entry of the Coordination Order and information Plaintiffs provide Uber related to processes for ILS to provide such documents. These reproductions will be made in compliance with ESI Protocol, with metadata provided to the extent that such information is available.

1. **Provide its position on producing non-custodial files related to its collection, aggregation, categorization and analysis of sexual misconduct reports including the data underlying Uber's Safety Reports as well as the data for the remaining 16 categories of sexual misconduct that was not included in the Safety Reports, as well data and files that have been created or collected following the Safety Reports. This will include whether Uber will produce here the files that it has been ordered to produce in the JCCP.**

   As Plaintiffs are aware, this issue was litigated in the JCCP. Uber will proceed as outlined in Judge Schulman's Order on Plaintiffs' Motion for Order Compelling Data & Statistics of Sexual Assault and Sexual Misconduct in that litigation, dated Feb. 6, 2024.

1. **Provide its position on producing non-custodial policy and procedure files or an index of policies and procedures, including for retaining email and other communications on other platforms such as slack and G chat.**

   Uber will reproduce information produced in the JCCP related to policies and procedures, as well as retention policies.

1. **Confirm that when Uber applies search terms to custodial files, the entire mailbox plus all attachments and hyperlinked documents will be pulled and searched and if either the email or attachment/hyperlinked document hits on a search term, but the email and attachment/hyperlinked document will be produced.**

   Uber confirms that for custodial files, the entire mailbox is being pulled, including attachments and hyperlinked documents. Search terms are run

across the entire collection, and hit results are promoted to the CAL workflow in accordance with the ESI protocol. Uber will produce responsive documents as outlined in the ESI Protocol.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image019.jpg>

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Tuesday, May 7, 2024 4:53 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** RE: Uber MDL M&C re: Discovery Schedule and Custodians,

**EXTERNAL**

Counsel,

In follow up to our call this afternoon, we'd like to memorialize the following items that were discussed:

1.  By the end of this week, Uber will:
    1.  Provide Uber's search terms, or if not, a date certain by which Uber will provide its search terms.
    2.  Provide hit reports for searches Uber has run to date, including the terms used and the custodial or non-custodial sources searched.
    3.  Identify by Request number the RFPs that Uber objects to for each category of objection under point (1) of Ms. Gromada's May 6 email.
    4.  Identify the basis for Uber's objections to the RFPs indicated under point (2) of Ms. Gromada's May 6 email.
    5.  Identify the discovery request in the JCCP litigation corresponding to each MDL RFP indicated under point (3) of Ms. Gromada's May 6 email.

6. Identify the process that Uber proposes for producing the documents previously produced in the JCCP (under point (3) of Ms. Gromada's email), provide a date certain that Uber will produce those documents here, and confirm that the production will be in compliance with the ESI order in place here, including all metadata fields.

7. Provide its position on producing non-custodial files related to its collection, aggregation, categorization and analysis of sexual misconduct reports including the data underlying Uber's Safety Reports as well as the data for the remaining 16 categories of sexual misconduct that was not included in the Safety Reports, as well data and files that have been created or collected following the Safety Reports. This will include whether Uber will produce here the files that it has been ordered to produce in the JCCP.

8. Provide its position on producing non-custodial policy and procedure files or an index of policies and procedures, including for retaining email and other communications on other platforms such as slack and G chat.

9. Confirm that when Uber applies search terms to custodial files, the entire mailbox plus all attachments and hyperlinked documents will be pulled and searched and if either the email or attachment/hyperlinked document hits on a search term, but the email and attachment/hyperlinked document will be produced.

1. The parties will hold a final meet and confer regarding custodians, non-custodial sources, and search terms on May 20. If we have not reached an agreement on each of these topics by May 27, plaintiffs will initiate the PTO 8 process so that this issue will be before Judge Cisneros by June 6.

2. Uber will serve final objections and responses to plaintiffs' First Interrogatories and First Requests for Admission by June 20.

3. By June 29, Uber will have produced the majority of non-custodial files indicated under point (4) of Ms. Gromada's May 6 email. The only documents under point (4) that may not yet be produced by that date are documents responsive to later-filed cases in which the DFS would not be due before June 29.

4. We will meet and confer about these issues as well as custodians and the discovery schedule in general on May 10 at 12 ET/11 CT/9 PT.


Beth Wilkins, J.D., M.P.H.

<image021.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Monday, May 6, 2024 9:28 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule and Custodians,

Roopal/counsel,

In the spirit of cooperation, moving things forward, and discussion purposes only (without prejudice to or waiver of Uber's formal positions or objections to be taken in its written responses) Uber:

**(1)  Identifies, without prejudice, any objections to RFPs that would result in the withholding of large portions of documents (i.e., objections that would be made to multiple RFPS):**

1. Requests that relate to activities occurring outside the US;
2. Requests calling for information outside of a time scope 1 year prior to 1st complaint (2014-2023);
3. Requests for documents outside the possession of Uber;
4. Requests for documents relating to Uber's payments regarding lobbying efforts, support for certain organizations or activities;
5. Request for documents related to Uber campaigns or business initiatives or any activities unrelated to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the US;
6. Request for all documents related to a short quote with no accompanying context;
7. Requests for documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the US;
8. Requests for documents implicating the privacy rights of non-parties;
9. Requests asking for information related to subsequent remedial measures ("SRMs");
10. Requests related to statistics, tickets or other reporting, not involving named Plaintiffs.

**(2)  Identifies, without prejudice, any RFPs that Uber objects to into their entirety:**

14, 16, 17, 27, 108, 111, 113, 127, 128, 131, 135, 142, 157, 176, 177, 178, 189, 190, 191, 192, 194, 195, 196, 199, 200, 202

**(3)  Identifies, without prejudice, any RFPs that are fully covered by documents already produced in the JCCP (Plaintiffs requested a date certain for production; Uber will provide this to Plaintiffs upon entry of the coordination order):**

1, 2, 4, 7, 8, 9, 10, 11, 20, 25, 65, 70, 81, 82, 89, 91, 92, 93, 96

**(4) Provides a list of non-custodial files that can be produced without the use of search terms and a date certain for production**.

1.  Documents produced pursuant to PTO 5;
2.  Team Google Drives;
3.  Bliss;
4.  PureCloud;
5.  The following has been provided as part of our DFS submissions (some of which have 100s of attached documents);
    1.  All communications, regarding the incident, between Uber and plaintiff, Uber and the independent drivers of subject trips, and Uber and any other witness to the alleged incident;
        1.  This category includes written tickets as well as documents linked within those tickets, including any recordings of communications;
    1.  Complete background check results in Uber's possession for each independent driver of a subject trip;
    2.  Complete account status log for  each independent driver of a subject trip;
    3.  Essentially all tickets for  each independent driver of a subject trip, with certain limitations;
    4.  All communications exchanged between Uber and LERT, Uber and law enforcement, Uber and prosecutors, and/or Uber and Lyft related to alleged misconduct and/or crimes by each independent driver of a subject trip;
    5.  Ride receipts for rides at issue, when available;
    6.  Agreements with independent drivers of subject trips;
    7.  Chronicle Trip map for each subject trip;
    8.  Complete background check results in Uber's possession for each independent driver of a subject trip;
    9.  Complete logs of agreements between Uber and each independent driver of a subject trip;
    10.  Complete account status log for each independent driver of a subject trip;

28

11. Annual tax summaries for each independent driver of a subject trip;
12. Narrative responses relating to each Plaintiff, including number of Uber-facilitated rides, dates of Uber-facilitated rides, and whether the Plaintiff also worked as an independent driver using the Uber Platform;
13. Narrative responses relating to each subject trip, including type of ride and UUID;
14. Narrative responses relating to the independent driver of each subject trip, including name, address, DOB, UUID, driver's license number, number of trips completed, star rating;
15. Narrative responses relating to each incident at issue, including date of report, reporter, category of conduct-based taxonomy as first reported, communications from law enforcement, and submission of legal process.

We are now reviewing Plaintiffs' proposed custodian received Friday evening, along with vetting search terms.  We look forward to continued discussions.

Thank you.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Gromada, Veronica G. (SHB)
**Sent:** Friday, May 3, 2024 9:25 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>
**Subject:** Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet Deadlines

Dear Beth and Roopal,

Thank you for your email concerning the Discovery Milestones and we are now in receipt of your proposed custodian list.

As to Uber's custodian list, the custodians on the list are "likely to possess potentially relevant information" in keeping with the ESI order.  With respect to the milestones, we appreciate the progress that has been made and want to further align on the following:

- **5/3** – Plaintiffs amended today's milestone to include a deadline for Uber to provide search terms.  We suggest discussing search terms in the **5/13** and **5/20** meet and confers.

- **5/7** – This meet and confer was agreed following our discussions earlier this week, when we understood Plaintiffs would soon provide their preferred custodian list.  However, since we just received Plaintiffs' proposed custodian list this evening, we think this M&C should be pushed to at least **5/10** or **11** in order to be productive.

- **5/10 – 5/21** – Plaintiffs added an 11 day conferral period for prioritization of certain custodian and non-custodial searches.   We have apprised our client.  As stated in this week's meet and confer, any prioritization will be contingent on the complexity of the request and time needed to comply.

Finally, as to the **5/3** milestone, Uber is reviewing and we will update you as soon as possible.

We look forward to upcoming conferrals regarding custodians and other matters.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Friday, May 3, 2024 7:12 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; 'Wolf, Marc Price' <mpricewolf@paulweiss.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@lchb.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Michael Sweet <sweet@chaffinluhana.com>

**Subject:** RE: Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet
Deadlines

**EXTERNAL**

Counsel,

Attached please find the initial set of custodians that Plaintiffs believe are most
likely to have discoverable information. Note that this is a preliminary list and
does not indicate our final position with regard to custodians. We reserve the right
to seek additional custodians.

Further, we noted that your custodian list provided on April 26 only indicates
sexual assault litigation hold dates and does not include the dates that the
custodians were under litigation hold in other types of litigation, which we
presume the custodians would benefit from to the extent those holds previously
existed. Please confirm that by listing sexual litigation hold dates on your
custodian list, you did not intend to suggest that Uber would provide only
documents preserved under those holds, but also documents preserved under all
litigation holds, regardless of the type of litigation.

Thank you,

Beth

Beth Wilkins, J.D., M.P.H.

<image023.png>

CHAFFIN LUHANA LLP

Cell: (314) 856-5440

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to
Chaffin Luhana LLP and may be privileged, confidential and/or protected from
disclosure. The information is intended only for the use of the individual or entity
named above. If you think that you have received this message in error, please E-
mail the sender. If you are not the intended recipient, please delete the message
and understand that any dissemination, distribution or copying is strictly
prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, April 26, 2024 8:52 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>
**Subject:** Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet Deadlines

Hi, Roopal.

I apologize for the late evening reply.   Attached is an updated list of proposed custodians.  I also want to acknowledge receipt of your proposed search terms.

Although we were unable to connect today, I do hope we can connect on Monday.  Otherwise, please let me know what times work for you.  I'll do my best to accommodate your schedule.

Thank you.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Thursday, April 25, 2024 6:53 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>

**Subject:** Re: Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet Deadlines

**EXTERNAL**

Thanks for your email Veronica. Can you please let me know if you have any time available tomorrow to discuss? I'll note on the subpoena issue, Michael asked for a call today and Plaintiffs made time to talk today. Happy to make myself available outside the proposed window and move my schedule to accommodate your availability for tomorrow.

Best,

Roopal

> On Apr 25, 2024, at 5:31 PM, Gromada, Veronica G. (SHB)
> <vgromada@shb.com> wrote:
>
>
> Hi, Roopal.
>
>
> Thanks for your note and chart.  We do not agree that we are not prepared to meet the first milestone until May 3.  As we have discussed before, we have agreed to provide an amended custodian list by EOD tomorrow, Friday April 26.  We also previously discussed with you the suggestion that the parties meet and confer on Monday, April 29, after you have had an opportunity to review the amended list.
>
>
> As for the extensions, we have requested 60 days each for the written responses First RFPs, RFAs and Roggs subject to the September 1 deadline to substantially comply with the production of non-privileged responsive documents.  In the meantime, we are also preparing a May 3 production of non-custodial and JCCP documents.

Please advise if you are available Monday between 2 and 4 p.m.
ET to discuss.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Thursday, April 25, 2024 4:15 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy,
Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB)
<OOT@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Haider,
Jay B. (SHB) <jhaider@shb.com>; Marlene Goldenberg
<mgoldenberg@nighgoldenberg.com>; Uber MDL Discovery Team
<ubermdldiscovery@chaffinluhana.com>; Schoultz, Shannon M. (SHB)
<sschoultz@shb.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule, Custodians, and
Fact Sheet Deadlines

**EXTERNAL**

Hi Veronica, I'm following-up on below. Can you please let me
know if the below time works or propose another time that works
for you tomorrow? Thanks.

Best,

Roopal

> On Apr 24, 2024, at 5:59 PM, Roopal Luhana
> <luhana@chaffinluhana.com> wrote:
>
>
> Veronica, thank you for your e-mail. It seems
> like the milestones have generally been
> pushed back from what even Defendants
> initially proposed; please see our respective
> proposals attached. We'd like to do our best

here to come to an agreement to facilitate the discovery process. However, it is not helpful that Defendants are unable to fully comply with the first milestone until May 3 (we believe the custodial and non-custodial sources should be ripe for discussion in light of case status). We want to discuss these timelines further and understand why Defendants are requesting beyond the initial extension; based on the proposal Defendants are requesting almost 3 months for the RFPs and 2 months for the Rogs and RFAs. Are you available on Friday between 12:30-2:30pm ET to discuss? If not, please provide your availability otherwise. Look forward to talking soon.

Best,
Roopal

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Monday, April 22, 2024 10:33 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>
**Subject:** Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet Deadlines

Good evening, Roopal.

Apologies for the late evening response. I wanted to give a complete update rather than responding piecemeal. First, there is definitely middle ground here. Please see the attached Discovery Scheduled with milestones and dates proposed by Plaintiffs and Uber. Note that the dates and milestones have

been pared down, in part, because a number of action items are near complete.

As mentioned, we were already working to amend and, or supplement the custodian list to account for specific documents and information sought in MDL, and to ensure that to ensure that custodians are identified to cover various themes and topics.  Thus, Uber has agreed to provide an updated list this **Friday, April 26.**

In addition to further custodian identification, Uber will be producing non-custodial documents that are not subject to search terms and corporate documents produced in the JCCP by **Friday, May 3**.

Again, I hope you view this as progress and an opportunity to reach agreement on the other milestones.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | (713)930-8851

---

**From:** Roopal Luhana <Luhana@chaffinluhana.com>
**Sent:** Sunday, April 21, 2024 10:56 AM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>; Rachel Abrams <rabrams@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Marlene Goldenberg <mgoldenberg@nighgoldenberg.com>; Uber MDL Discovery Team <ubermdldiscovery@chaffinluhana.com>
**Subject:** Re: Uber MDL M&C re: Discovery Schedule, Custodians, and Fact Sheet Deadlines

**EXTERNAL**

Thank you for the e-mail Veronica. We agreed to extend the time to 5/29 for fact sheets due on 5/25 due to the holiday and stated that the other deadlines should comply with Judge Breyer's Order.

With respect to the discovery milestones, we did focus on the first milestone for Ds to produce a list of relevant custodians (if we cannot get past the first milestone where Plaintiffs believe Defendants are acting in good faith than it will be difficult to get through the remaining milestones). We, however, specifically discussed that you are working with your client to see if an agreement can be reached on Plaintiffs' proposal (initially submitted March 26 and then updated and sent on April 17 in response to Ds' proposal) or if you're able to find some middle ground with your client. You indicated that you'd provide that on Monday, the latest, along with your position on custodians. Is that no longer the case? And if not, please let us know when you intend send any further counter on our suggested milestones?

Best,

Roopal

> On Apr 19, 2024, at 10:37 PM, Gromada, Veronica G. (SHB) <vgromada@shb.com> wrote:
>
> Roopal,
>
> Thank you for the call today.  Here are a couple of key takeaways from today's meet and confer.  First, the parties reached a partial agreement on Fact Sheet

37

deadlines.  Specifically, we agreed to extend the deadline for Fact Sheets in cases served before March 26 from Saturday, 5/25 to Wednesday, 5/29.  Plaintiffs did not agree, however, that the Fact Sheets for cases that have already been served since March 26 can be produced with the 5/29 Fact Sheets.  All Fact Sheets for cases served after March 26 will be served 30 days after the MDL filing for PFSs and 30 days after service of ride information for DFSs.  Thus, Fact Sheets for some cases filed after March 26 will be due before Fact Sheets for earlier filings.

With respect to the Discovery Schedule milestones, custodian identification was a pivotal point of discussion.  With that in mind, we have agreed to address Plaintiffs' concerns with our client and report back as soon as possible concerning the timing of any amendments and, or supplements to custodians.

We will report back.  Have a good weekend.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image001.jpg>

CONFIDENTIALITY NOTICE:
This e-mail message including attachments, if any, is intended for

the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

<Discovery Milestones Table.docx>