# EXHIBIT F

RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
    jrubin@paulweiss.com
YAHONNES CLEARY (*Pro Hac Vice* admitted)
    ycleary@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LL

*[Additional Counsel Listed on Following Page]*

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF KYLE SMITH IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S PTO 8 LETTER BRIEF REGARDING CUSTODIANS AND SEARCH TERMS**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |
|---|---|

**DECLARATION OF KYLE SMITH**

I, Kyle Smith, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Arlington, Virginia. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Uber") portion of the PTO 8 joint letter brief regarding custodians and search terms.

2. I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, representing Uber in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the District of Columbia Court of Appeals and the Bar of the State of New York Court of Appeals, Third Department. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On September 29, 2023, JCCP Plaintiffs provided Uber a proposed list of potential custodians comprising 70 current and former Uber employees or directors.

4. On October 24, 2023, Plaintiffs took a Person-Most-Knowledgeable ("PMK") deposition of Brad Rosenthal, an Uber employee, regarding Uber's organizational structure, pursuant to Cal. Civ. Proc. Code § 2025.230. Mr. Rosenthal testified on 20 topics. *See* Rosenthal Second Am. Dep. Notice, Ex. E. In advance of the PMK deposition, on October 17, 20, and 23, 2023, Uber produced to Plaintiffs documents including (1) an organizational chart for Uber's Community Operations ("CommOps") organization; (2) present-day organizational charts for three members of Uber's Executive Leadership Team ("ELT"); (3) spreadsheets containing historical reporting line information for six ELT members spanning time periods from 2014 to 2022; and (4) historical reporting line information for Uber's senior vice-president of communications and public policy from 2016 to 2017. During that deposition, Uber's witness testified for more than seven hours covering 291 pages of testimony to provide information about its organizational structure and

-1-

individuals working within the organization (both as to topics relevant in this Action, and as to topics beyond the scope of this Action).

5. Two days after the PMK deposition regarding Uber's organizational structure and key individuals, on October 26, 2023, JCCP Plaintiffs submitted a request for an additional 73 potential custodians identified following the PMK deposition, bringing the total to 143 potential custodians initially proposed by JCCP Plaintiffs.

6. On the basis of this list of 143 potential custodians informed by Uber's PMK on organizational structure, the Parties undertook negotiations in a months-long process that involved give-and-take on both sides. These negotiations included thorough discussion and information sharing about the scope of appropriate custodians, including concerning the appropriate scope of time, subject matters, and seniority levels to be covered by the custodians.

7. Uber provisionally agreed to 44 of JCCP Plaintiffs' 143 proposed custodians. Prior to an Informal Discovery Conference ("IDC") held in the JCCP on December 7, 2023, JCCP Plaintiffs sent a narrowed list of custodians of 102 to focus the parties' negotiation efforts, leaving 58 proposed custodians (44 assented to by Uber, versus 102 proposed by Plaintiffs) in dispute. Around the same time, JCCP Plaintiffs also identified 18 "priority" custodians (from the agreed-upon list of 44 custodians) that they asked Uber to focus its discovery efforts on in terms of proceeding with initial production of documents.

8. Following the IDC, Uber attempted to engage in further custodial negotiations with Plaintiffs, but Plaintiffs made clear that no further custodian negotiations were possible unless Uber agreed to include as custodians Uber's current and former chief executive officers ("CEOs"). Plaintiffs proceeded to file several motions to compel, including a motion seeking designation of several senior executive custodians, including CEOs. On February 5, 2024, the JCCP Court ordered Uber to produce documents from three senior executive custodians and denied Plaintiffs' request as to four senior executives.[1]

---

[1] Order on Plaintiffs' Motion to Compel Discovery Related to Uber's Senior Executive Custodians, *In re Uber Rideshare Cases*, (Case No. CJC-21-005188), Feb. 5, 2024.

-2-
DECLARATION OF KYLE SMITH IN SUPPORT OF DEFENDANTS'
PTO 8 LETTER BRIEF REGARDING CUSTODIANS AND SEARCH TERMS   CASE NO. 3:23-MD-3084-CRB

9. Following the JCCP Court's motion to compel rulings, the parties continued negotiations, and Uber agreed to designate additional custodians on a variety of topics, including based on other discovery rulings the JCCP Court issued. The Parties ultimately arrived at a list of 26 agreed priority custodians whose files would be the subject of Uber's document productions, with what documents, if any, would be collected and searched from the remaining proposed custodians to be discussed and decided later.

10. Of the 26 priority custodians agreed upon by Uber and the JCCP Plaintiffs, 10 were first identified as potential custodians following the deposition of Uber's PMK on organizational structure. Of the 29 custodians Uber has proposed in the MDL, 12 were first identified as potential custodians following that PMK deposition, including one who was not included in the JCCP Plaintiffs' list of 143 proposed custodians at all.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 7, 2024, in San Francisco, California.

*/s/ Kyle Smith*

Kyle Smith

-3-

DECLARATION OF KYLE SMITH IN SUPPORT OF DEFENDANTS'
PTO 8 LETTER BRIEF REGARDING CUSTODIANS AND SEARCH TERMS   CASE NO. 3:23-MD-3084-CRB