June 7, 2024

*Via ECF*
The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

SHOOK
HARDY & BACON

Michael B. Shortnacy
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
**t** 424.285.8330
mshortnacy@shb.com

Re:   *In re: Uber Technologies, Inc., Passenger Sexual Assault Litig.*, Case No. 3:23-md0384-CRB

Judge Cisneros:

  Like the rest of the Plaintiffs' 30 subpoenas, the Checkr subpoena seeks documents Plaintiffs have already requested from Uber in party discovery. But where an opposing party is reasonably expected to have the same documents, a party must seek them in party discovery before burdening nonparties. Because Plaintiffs cannot show that Checkr is likely to possess relevant and non-duplicative documents that they cannot seek from Uber, the Court should not permit Plaintiffs to side-step ordinary party discovery and seek duplicative requests from Checkr.

  Plaintiffs also made no attempt to comply with Rule 45's mandate that they "must take reasonable steps to avoid imposing undue burden or expense on" the subpoenaed nonparties . Fed. R. Civ. P. 45(d)(1). Plaintiffs' overbroad requests seek from the nonparty "all documents" and "all communications" to or from Uber—without any limitation on time, scope, or subject matter—sweeping in vast amounts of Uber's confidential, proprietary, and non-public documents which have no relevance to this litigation. The Court should quash the subpoena under Rule 45 or enter a protective order under Rule 26 barring its enforcement.

## ARGUMENT

### I. THE CHECKR SUBPOENA SEEKS DOCUMENTS AVAILABLE FROM UBER, IS OVERBROAD, AND SEEKS UBER'S PROPRIETARY INFORMATION.

**A.  Plaintiffs' Subpoena Requests Require Production of Uber's Proprietary Information and Confidential, Non-Public Documents and Communications.**

  The duplicative and overbroad nature of Plaintiffs' requests implicates Uber's interests because, if left unremedied, the Subpoena would require the production of enormous swaths of Uber's confidential, proprietary, and non-public documents and communications. *See* Fed. R. Civ. P. 45(d)(3)(B)(i).

  Checkr provides criminal background checks, motor vehicle reports, and screening services through an online platform. Declaration of Shyrose Razwani ¶ 8 (Exhibit A). As part of this relationship, Uber and Checkr have provided each other with proprietary technical information—such as app design, capabilities, specifications, drawings, program code, software (in various stages of development), agreement terms, financial and pricing information, business and marketing plans, actual and potential customers and suppliers, and proprietary workflow processes. *Id.* ¶¶ 8-14. Protecting this proprietary information is critical to Uber's business. *Id.* ¶¶ 9-12. Uber and Checkr have integrated their respective platforms using that proprietary information, and their contract prohibits the disclosure of Uber's proprietary information. *Id.* ¶¶ 8-9. Plaintiffs have not shown that much, if any, of this proprietary information has any bearing on this litigation, much less that (if relevant) it is not available directly from Uber in party discovery. *See, e.g.*, *Gradillas Ct. Reps., Inc. v. Cherry Bekaert, LLP*, No. 18-MC-80064-KAW, 2018 WL 2197544, at *3 (N.D. Cal. May 14, 2018) (stating that "confidential, trade secret business information, including pricing and procurement information" is protected by Rule 45 unless there is a "substantial need" for the documents). In fact, the discovery demanded of Checkr— every single document or communication ever exchanged between Uber and Checkr, with no limitation

June 7, 2024
Page 2

on time, scope, or subject matter—would consist almost entirely of non-public or confidential documents in which Uber has a substantial privacy interest.[1]

### B. Plaintiffs May Not Seek Documents from Third Parties That They Can Seek Directly from Uber.

Plaintiffs' subpoena to Checkr is improper because Plaintiffs have sought, and will receive, discovery on Uber's background check practices directly from Uber in the ordinary course of party discovery. They have made no showing that any relevant documents cannot be obtained from Uber, nor have they limited their requests to documents they believe cannot be obtained from Uber. Plaintiffs' subpoena is entirely duplicative and an attempt to end-run the normal party discovery process and Uber's ability to object to the production of its own documents and communications.

In *Athalonz, LLC v. Under Armour, Inc.*, this Court quashed a subpoena in full because it sought discovery that was available from a party. No. 23-MC-80324-LJC, 2024 WL 628846, at *5-7 (N.D. Cal. Feb. 14, 2024) (Cisneros, J.). The Court said the plaintiff would only be permitted to renew the subpoena after seeking the discovery from the defendant if the plaintiff could establish that the third party was "likely to possess relevant and non-duplicative documents" it could not obtain from the defendant. *Id.* at *8. Numerous other courts have similarly explained that third party discovery should not be used to obtain documents available in party discovery.[2] After all, "the standards for nonparty discovery require a stronger showing of relevance than for simple party discovery," *Columbus Life Ins. Co. v. Wilmington Tr., N.A.*, 344 F.R.D. 207, 215 (D.N.J. 2023), and "subpoenas under Rule 45 are clearly not meant to provide an end-run around the regular discovery process under Rules 26 and 34,"[3] *Burns v. Bank of Am.*, No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007); *see also* Fed. R. Civ. P. 26(b)(2)(C)(i) (prohibiting discovery that "is unreasonably . . . duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive.").

Plaintiffs' subpoena to Checkr (like their other subpoenas) seeks "***all*** communications with Uber" and "***all*** documents exchanged with Uber" (emphasis added). Logically, communications and documents exchanged with Uber involve Uber. Plaintiffs should seek these documents from Uber, not

---

[1] A party's standing to move to quash a subpoena cannot be based on third party burden. But once a party has standing because it is "affected by a subpoena," Fed. R. Civ. P. 45(d)(3)(B), the Court evaluating the motion to quash must engage in a balancing analysis that includes consideration of burden. *E.g.*, *Jacoby v. Bd. of Supervisors of Univ. of Louisiana Sys.*, No. 2:23-MC-00403 KJM AC, 2023 WL 8843087, at *2 (E.D. Cal. Dec. 21, 2023); *see also Gonzales v. Google, Inc.*, 234 F.R.D. 674, 680 (N.D. Cal. 2006). Thus, the Court can properly consider the burden on Checkr in ruling on Uber's motion to quash. *See, e.g.*, *Serrala US Corp. v. Paschke*, No. 3:21-CV-907/TKW/ZCB, 2022 WL 19333286, at *3 (N.D. Fla. Sept. 7, 2022) (granting party "a protective order staying compliance with the third-party subpoenas" because discovery was available in party discovery); *Burns v. Bank of Am.*, No. 03 CIV.1685 RMB JCF, 2007 WL 1589437, at *14 (S.D.N.Y. June 4, 2007) (granting party's motion to quash because subpoena was duplicative of party discovery); *Lemoine*, 2020 WL 3316119, at *1 (same).

[2] *See, e.g.*, *Mi Familia Vota v. Hobbs*, 343 F.R.D. 71, 81 (D. Ariz. 2022); *Lemoine v. Mossberg Corp.*, No. 3:18-CV-01270 (KAD), 2020 WL 3316119, at *1 (D. Conn. June 18, 2020); *Genus Lifesciences Inc. v. Lannett Co., Inc.*, No. 18-CV-07603-WHO, 2019 WL 7313047, at *4 (N.D. Cal. Dec. 30, 2019); *Serrala US Corp.* 2022 WL 19333286, at *2; *Hickman v. Mead*, No. 218CV00404GMNNJK, 2019 WL 3837784, at *2 (D. Nev. Aug. 14, 2019); *Amini Innovation Corp. v. McFerran Home Furnishings*, Inc., 300 F.R.D. 406, 410 (C.D. Cal. 2014); *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012); *Precourt v. Fairbank Reconstruction Corp.*, 280 F.R.D. 462, 467 (D.S.D. 2011); *Haworth, Inc. v. Herman Miller, Inc.*, 998 F.2d 975, 978 (Fed. Cir. 1993) (holding that the district court "properly require[d a party] to seek discovery from its party opponent before" seeking it from a third party).

[3] *Cf. Springbrook Lenders*, 121 F.R.D. at 680 (subpoenas may not be used to evade time limit under discovery order); *Goldstein*, 494 B.R. at 87 (subpoenas may not be used to seek documents unsuccessfully sought in party discovery and motion practice); *Layman v. Junior Players Golf Acad., Inc.*, 314 F.R.D. 379, 385 (D.S.C. 2016) ("[R]esort to Rule 45 should not be allowed when it circumvents the requirements and protections of Rule 34 for the production of documents belonging to a party.").

June 7, 2024
Page 3

from Checkr. In fact, Plaintiffs *are* currently seeking discovery from Uber on background checks.[4] While the parties are still negotiating the scope of discovery, Uber is willing to conduct a reasonable and diligent targeted search, and will provide any non-privileged, responsive policies and procedures regarding background checks of independent drivers from 2014 to 2023 in the United States. The parties are also currently negotiating custodians, but both Uber's and Plaintiffs' current lists of proposed custodians contain numerous individuals responsible for Uber's safety and background check policies. The Court should allow the ordinary party discovery process, including custodian negotiations, objections, meet and confers, and (if necessary) motion practice, to work itself out. Plaintiffs cannot make any non-speculative showing that any particular, relevant documents cannot be sought through party discovery and, even if they had, they have not limited their requests to such documents.[5]

    **C.    Plaintiffs' Document Requests to the Subpoenaed Party are Overbroad.**

Plaintiffs' requests in the Checkr subpoena—demanding every single communication with Uber and every document sent to or from Uber, without any limitation on time, subject matter, or scope—are grossly overbroad. Such requests would be inappropriate for party discovery, but are particularly improper when made to a third party who has no stake in this litigation. These requests would require production of Uber's proprietary information, as well as its non-public and confidential documents and communications.

Courts "may quash a subpoena *duces tecum* as overbroad if it 'does not limit the [documents] requested to those containing subject matter relevant to the underlying action.'" *HDSherer LLC v. Nat. Molecular Testing Corp*, 292 F.R.D. 305, 308 (D.S.C. 2013). Here, Plaintiffs' requests are overbroad in virtually every way possible. First, the subpoenas contain no time limitations. The Checkr subpoena demands documents from Checkr's founding in 2014 to the present, and is not tailored to any relevant time period. Second, Plaintiffs' requests fail to identify the specific documents sought with reasonable particularity. Courts regularly find that requests seeking "any and all" documents or communications or those that "refer or relate to" broad categories are impermissibly overbroad—as opposed to requests for documents "sufficient to show" specific facts. Finally, Plaintiffs' requests are not limited in subject matter. Rather than make specific requests—such as seeking documents sufficient to show Uber's general background check process or policies—Plaintiffs have asked Checkr for every single document or communication to or from Uber or related to background checks. Plaintiffs will obtain in party discovery documents related to Uber's practices and policies for conducting background checks on its independent drivers, as well as relevant background reports through the defense fact sheet process, but they are not entitled to a decade's worth of Checkr's communications and documents (defined very broadly in the requests) having anything to do with Uber, without any showing of how these documents are relevant or proportional to Plaintiffs' need to support their allegation that Uber was negligent in its background check practices.

---

[4]    *See* Pls.' RFP No. 19 ("Any and all documents regarding your use of third-parties, including background check companies, for conducting background checks and/or screening on drivers, including all changes of companies." (all caps omitted)); *see also id.* Nos. 22, 23, 26, 27, 136, 154(e),(m).

[5]    Throughout the meet and confers with Plaintiffs and third parties, Plaintiffs refused to withdraw or modify many requests for documents they could seek from Uber unless Uber's counsel would promise to produce those documents in party discovery. But the party discovery process is in its relatively early stages, with custodians and search terms still being negotiated. And in any event, if Plaintiffs are unsatisfied with Uber's discovery responses or productions, its remedy is to submit a motion to compel (i.e., PTO 8 dispute), not to burden third parties with duplicative requests. *Lemoine v. Mossberg Corp.*, No. 3:18-CV-01270 (KAD), 2020 WL 3316119, at *1 (D. Conn. June 18, 2020) ("A Rule 45 subpoena is not an alternative to the meet and confer requirements of Rule 37 and the appropriate procedures for bringing discovery disputes to the Court for resolution."). Rule 45 does not permit duplicative and burdensome third party discovery to be used as a tool for extracting concessions in party discovery.

## II.   UBER HAS STANDING TO CHALLENGE THE SUBPOENAS.

Uber has standing to move to quash or for a protective order regarding the Checkr subpoena because it seeks the disclosure of Uber's non-public, confidential, and proprietary documents and communications.  It is true that a party lacks standing to challenge a subpoena if the party has no interest in the discovery sought.  But parties *do* have standing when they "claim[] some personal right or privilege in the information sought by the subpoena," *Singletary v. Sterling Transp. Co*., 289 F.R.D. 237, 239 (E.D. Va. 2012), or where they "believes [their] own interests are jeopardized by discovery sought from a third party."  *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 787924, at *2 (N.D. Cal. Feb. 29, 2016); *see also* Fed. R. Civ. P. 45(d)(3)(B) (stating that anyone "affected by a subpoena" may move to quash it). "Even a minimal privacy interest is sufficient to establish standing for a motion to quash." *Russell v. City of Chicago*, No. 20-CV-1163, 2022 WL 294765, at *1 (N.D. Ill. Feb. 1, 2022).  Indeed, courts have recognized that parties have standing to challenge subpoenas related to their personal or confidential information, even if not legally privileged, in a broad range of contexts.[6]  Courts have also found standing based on the opposing party using third-party discovery to evade a court's limits on discovery, *see Springbrook Lenders v. Nw. Nat. Ins. Co.*, 121 F.R.D. 679, 680 (N.D. Cal. 1988), and where the third party possesses the responsive documents by virtue of its relationship with a party, *see Fusion Elite All Stars*, 340 F.R.D. at 261 (noting that third party "would not have had access to or possession of these documents except for the fact that she was [the party's] employee").

Here, Plaintiffs' subpoena seeks Uber's confidential, proprietary, and non-public documents that Checkr possesses by virtue of its close business relationship with Uber, governed by a confidentiality agreement.  Uber has standing to challenge the production of its own documents and communications in Checkr's possession.

Finally, even if the Court were to determine that Uber lacked standing to move to the Checkr subpoena, parties have standing, and the Court can grant the same relief with a Rule 26 protective order, which Uber moves for in the alternative.  *See, e.g.*, *Bounds v. Cap. Area Fam. Violence Intervention Ctr., Inc*., 314 F.R.D. 214, 218 (M.D. La. 2016) ("[A] party has standing to move for a protective order pursuant to Rule 26(c) seeking to limit the scope of discovery, even if the party does not have standing pursuant to Rule 45(d) to bring a motion to quash a third-party subpoena."); *Cunningham v. Concentrix Sols. Corp.*, No. 4:20-CV-00661, 2021 WL 425099, at *2 (E.D. Tex. Feb. 8, 2021) (similar); *Glass Egg Digital Media v. Gameloft, Inc*., No. 17CV04165MMCRMI, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019) (similar); *Serrala US Corp.* 2022 WL 19333286, at *3.

For the reasons set forth above, Uber respectfully asks the Court to quash in full the subpoena issued by Plaintiffs to Checkr, Inc.  Alternatively, the Court should issue a protective order barring the enforcement of the Checkr subpoena.

---

[6] *See, e.g.*, *Merlo v. McDonough*, No. 2:19-CV-05078-ODW-JC, 2021 WL 4434336, at *2 (C.D. Cal. Aug. 2, 2021) (medical records); Hunter v. Shield, No. 2:18-CV-1097, 2020 WL 6484055, at *12 (S.D. Ohio Nov. 4, 2020) (personal and business tax records); *Sines v. Kessler*, No. 18-MC-80080-JCS, 2018 WL 3730434, at *9 (N.D. Cal. Aug. 6, 2018) (Discord chat app account information and content); *Loop AI Labs Inc v. Gatti*, No. 15-CV-00798-HSG(DMR), 2016 WL 787924, at *3 (N.D. Cal. Feb. 29, 2016) (phone records); *Verisign, Inc. v. XYZ.com, LLC*, No. CV 15-MC-175-RGA-MPT, 2015 WL 7960976, at *3 (D. Del. Dec. 4, 2015) (records of business "who has worked closely with defendants on business transactions"); *Chevron Corp. v. Donziger*, No. 12-MC-80237 CRB (NC), 2013 WL 4536808, at *4 (N.D. Cal. Aug. 22, 2013) (email accounts); *Singletary v. Sterling Transp. Co*., 289 F.R.D. 237, 240 (E.D. Va. 2012) (employment records); *Liberty Mut. Fire Ins. Co. v. Ravannack*, No. CIV.A. 00-1209, 2002 WL 1770936, at *3 (E.D. La. Aug. 1, 2002) (records of employee); *In re Ashworth, Inc. Sec. Litig*., No. 99-CV-121, 2002 WL 33009225, at *2 (S.D. Cal. May 10, 2002) (confidential business information); *see also* Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2459 (3d ed. 2023) (noting that the "personal right or privilege standard" for party standing to object to a subpoena "has been recognized in numerous cases").

June 7, 2024
Page 5

Sincerely,
By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
mshortnacy@shb.com