# EXHIBIT A

1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
   Telephone: (628) 432-5100
4  Facsimile:  (628) 232-3101

5  ROBERT ATKINS (*Pro Hac Vice* admitted)
       ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
       cgrusauskas@paulweiss.com
6  ANDREA M. KELLER (*Pro Hac Vice* admitted)
       akeller@paulweiss.com
7  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
   1285 Avenue of the Americas
8  New York, NY 10019
   Telephone: (212) 373-3000
   Facsimile:  (212) 757-3990
9
   *Attorneys for Defendants*
10 UBER TECHNOLOGIES, INC.;
   RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF SHYROSE RAZWANI** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge:       Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

I, Shyrose Razwani having personal knowledge of the following state:

1. I have attained the age of eighteen years old.

2. I am an employee of Uber Technologies, Inc., ("Uber"), and I am the Head of Platform Access for the United States, a position on the Safety Team I have held for more than two years.

3. My job responsibilities include managing the US Safety Team responsible for creating and implementing safety and fraud controls for onboarding drivers to the Uber App. This specifically includes safety protocols related to screening the criminal and driving histories of potential and current drivers.

4. Uber is committed to safety, from the creation of new standards to the development of technology with the aim of reducing incidents. Uber values safety and requires background checks for every driver, whether required by regulations or not. Uber also uses technology to supplement its background checks.

5. Uber operates in a highly competitive industry. Protecting its proprietary information, including trade secrets, algorithms, and business strategies, is essential to maintaining Uber's competitive edge. Unauthorized disclosure or access to this information could compromise Uber's market position and hinder its ability to innovate.

6. As a global entity, Uber is subject to various legal and regulatory requirements regarding data protection and privacy. Compliance with these regulations is not only a legal obligation but also a testament to Uber's commitment to ethical business practices. Ensuring the confidentiality and integrity of sensitive information helps Uber meet these obligations and avoid potential legal and financial repercussions.

7. Uber and Checkr have had business dealings related to background check services since 2014.

2
DECLARATION OF SHYROSE RAZWANI                                    Case No. 3:23-MD-3084-CRB

8. Checkr provides criminal background checks, motor vehicle reports, and screening services through an online platform. To enable these services, Uber and Checkr have each provided significant proprietary information (including technical data) on their respective platforms.

9. That technical data includes Uber's highly confidential, proprietary, and privileged adjudication protocols and standards. These driver eligibility standards are the result of more than a decade of business learnings, which cost Uber significantly to develop. These standards are also based on years of legal advice regarding consumer reporting laws, state and local regulations for ride-sharing and transportation network services, and state laws governing the fair and transparent use of public records data.

10. That technical data also includes supply chain and workflow processes that are highly proprietary and specialized to Uber's unique and dynamic earning offerings to drivers. Should the information about Uber's workflow and services be disclosed, Uber would be at a significant competitive disadvantage as Uber's continued and significant investments would be disclosed to all of its competitors to replicate for free.

11. Uber takes steps to strictly limit the number of its employees that have access to this information and only permits those who need to access it for a legitimate business purpose to do so.

12. Likewise, Uber's agreement with Checkr prohibits Checkr from disclosing Uber's confidential information to third parties in any way except as necessary to perform the tasks required under the agreement.

13. Any affiliates that Checkr uses to perform work must have a business purpose and sign a confidentiality agreement before accessing Uber's confidential information.

14. Confidential information includes all Uber app designs, capabilities, specifications, drawings, program code, software (in various stages of development), agreement terms, financial and pricing information, business and marketing plans, actual and potential customers and suppliers, other similar proprietary information.

3

DECLARATION OF SHYROSE RAZWANI                                    Case No. 3:23-MD-3084-CRB

15. The agreement also provides that any work product (and intellectual property rights arising from that work product) conveys to Uber.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2024.

_/s/ Shyrose Razwani_
Shyrose Razwani