# EXHIBIT A

RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF GREGORY F. MILLER**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

I, Gregory F. Miller, having personal knowledge of the following state:

1.      I have attained the age of eighteen years old.

2.      I am a partner at the law firm of Perkins Coie LLP.  I entered an appearance to represent Uber Technologies, Inc., and Raiser, LLC, in *Doe v. Uber Technologies, Inc., et al.*, No. 3:19-cv-3310-JSC (N.D. Cal.).

3.      In the course of representing my clients, I gained personal knowledge of the information in this declaration.

4.      In the *Doe* case, the plaintiff's boyfriend ordered her an Uber on his phone, but plaintiff's cellphone battery died before she received the license information for the independent driver.  Plaintiff got into the back of an unknown vehicle that had an Uber decal believing it was her ride, but it was not.

5.      Plaintiff alleged that she was assaulted by a person impersonating an independent driver.  The alleged assailant was a *former* independent driver acting on his own.

6.      The federal court granted Uber summary judgment holding that Uber did not owe her a duty of care to protect her from injuries caused by third-party criminal acts.  Following a California Court of Appeals decision, the court found that the harm plaintiff suffered is not a "necessary component" of the Uber entities' actions.

7.      The court also entered a protective order requiring that Plaintiff's counsel may only use protected information for prosecuting, defending, or attempting to settle the *Doe* case.

8.      In that order, the parties stipulated that discovery was "likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted."

9.      Discovery designated as "CONFIDENTIAL" means it is information "or tangible things that qualify for a protective order under Federal Rule of Civil Procedure 26(c)."

DECLARATION OF GREGORY F. MILLER                                      Case No. 3:23-MD-3084-CRB

10. Section 7.2 of the Protective Order limits the disclosure of any designated "CONFIDENTIAL" information to certain persons involved in that case.

11. Defendants designated discovery as "CONFIDENTIAL" in compliance with the Protective Order.

12. When confidential information is sought by a subpoena, Plaintiff's counsel must promptly notify the party designating the material as confidential and the party who caused the subpoena to issue that the information sought is protected by a court order.

13. Additionally, they must "cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected."

14. Uber designated documents and portions of deposition transcripts as confidential to protect personal identifying information and confidential and proprietary business information that were sealed in this action.

15. Ms. Sara Peters was counsel for plaintiff Doe.

16. I emailed Ms. Peters on April 24 and April 26, 2024, requesting that she confirm that she had not produced any documents pursuant to the subpoena and that she would not produce any until Judge Breyer had ruled on our motion to quash the third-party subpoena. She replied on April 26, 2024, confirming that she had not produced any documents and that she would not produce any documents unless the motion to quash is denied.

17. Attached as Exhibit A, is a true and correct copy of a filing in the U.S. Court of Appeals for the Ninth Circuit that contains Exhibits A through C to my declaration of May 12, 2023, in support of Uber's Motion to Maintain Seal in that court. Exhibit A is the Stipulated Protective Order in *Doe*, Exhibit B is Uber's Administrative Motion to File Documents Under Seal (and its supporting exhibits), and Exhibit C is a copy of ECF 245 in the *Doe* case that contains a chart of the portions of documents that were sealed in the district court.

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on June 7, 2024

Gregory F. Miller

4

# EXHIBIT A

Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Julian Feldbein-Vinderman, Bar No. 307838
JFeldbeinVinderman@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Defendants and Third-Party Complainants
Uber Technologies, Inc., Raiser, LLC and Rasier-CA, LLC
(*erroneously sued as Rasier CA, LLC*)

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC; RASIER CA, LLC,<br><br>Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**STIPULATED PROTECTIVE ORDER FOR STANDARD LITIGATION**<br><br>Judge: The Hon. Jacqueline S. Corley<br><br>Trial Date:  April 4, 2022 |
| AND ALL RELATED ACTIONS | |

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.3,

below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2.      DEFINITIONS

   2.1      Challenging Party:  a Party or Non-Party that challenges the designation of information or items under this Order.

   2.2      "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c).

   2.3      Counsel (without qualifier):  Outside Counsel of Record and House Counsel (as well as their support staff).

   2.4      Designating Party:  a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

   2.5      Disclosure or Discovery Material:  all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

   2.6      Expert:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

   2.7      House Counsel:  attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

   2.8      Non-Party:  any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

   2.9      Outside Counsel of Record:  attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

   2.10     Party:  any party to this action, including all of its officers, directors, employees,

consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11    Producing Party:  a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12    Professional Vendors:  persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13    Protected Material:  any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14    Receiving Party:  a Party that receives Disclosure or Discovery Material from a Producing Party.

3.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, or compilations of Protected Material; and (3) any testimony or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4.    DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims

and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5.     DESIGNATING PROTECTED MATERIAL

   5.1     Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

   Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

   If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

   5.2     Manner and Timing of Designations.  Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

   Designation in conformity with this Order requires:

   (a)  for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must

clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)  for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify within fifteen (15) court days of production of the deposition, pretrial or trial transcript, by giving written notice to all parties of the page and line numbers where the protected information shows up on the rough transcript (and later where it shows up on the final transcript). All rough or final testimony transcripts shall be treated as Confidential Information until fifteen (15) court days after the testimony is given. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable date for provision of the confidentiality designation notice.

(c)  for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate.</u>  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated

1    in accordance with the provisions of this Order.

2    6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

3           6.1     Timing of Challenges.  Any Party or Non-Party may challenge a designation of

4    confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality

5    designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic

6    burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to

7    challenge a confidentiality designation by electing not to mount a challenge promptly after the

8    original designation is disclosed.

9           6.2     Meet and Confer.  The Challenging Party shall initiate the dispute resolution

10   process by providing written notice of each designation it is challenging and describing the basis

11   for each challenge. To avoid ambiguity as to whether a challenge has been made, the written

12   notice must recite that the challenge to confidentiality is being made in accordance with this

13   specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in

14   good faith and must begin the process by conferring directly (in voice to voice dialogue; other

15   forms of communication are not sufficient) within 14 days of the date of service of notice. In

16   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

17   designation was not proper and must give the Designating Party an opportunity to review the

18   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

19   explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of

20   the challenge process only if it has engaged in this meet and confer process first or establishes that

21   the Designating Party is unwilling to participate in the meet and confer process in a timely

22   manner.

23          6.3     Judicial Intervention.  If the Parties cannot resolve a challenge without court

24   intervention, the Designating Party shall file and serve a motion to retain confidentiality under

25   Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of

26   the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer

27   process will not resolve their dispute, whichever is earlier. Each such motion must be

28   accompanied by a competent declaration affirming that the movant has complied with the meet

and confer requirements imposed in the preceding paragraph. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable) shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.      ACCESS TO AND USE OF PROTECTED MATERIAL

7.1      Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2      Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)  the Receiving Party's Outside Counsel of Record in this action, as well as employees

of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    **A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3) make the information requested available for inspection by the Non-Party.

(c)  If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

## 10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## 11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the parties may incorporate their agreement in the stipulated protective order submitted to the court.

## 12.    MISCELLANEOUS

12.1    Right to Further Relief. Nothing in this Order abridges the right of any person to

seek its modification by the court in the future.

        12.2    <u>Right to Assert Other Objections.</u> By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

        12.3    <u>Filing Protected Material.</u> Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5(e) unless otherwise instructed by the court.

13.    <u>FINAL DISPOSITION</u>

        Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival

1  copy of all pleadings, Discovery Material, motion papers, trial, deposition, and hearing transcripts,

2  legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work

3  product, and consultant and expert work product, even if such materials contain Protected

4  Material. Any such archival copies that contain or constitute Protected Material remain subject to

5  this Protective Order as set forth in Section 4 (DURATION).

6  / / /

7  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8

9  DATED:  February _8_, 2021          LAW OFFICES OF WALKUP, MELODIA, KELLY &
                                       SHOENBERGER, APC.
10

11

12                                     By:  ___/s/ *Andrew P. McDevitt*_____
                                            MATTHEW D. DAVIS
13                                          SARA M. PETERS
                                            ANDREW P. MCDEVITT
14                                     Attorneys for Plaintiff JANE DOE

15

16 DATED:  February _8_, 2021          PERKINS COIE LLP

17

18

19                                     By:  ___/s/ *Julie L. Hussey*_____
                                            JULIE L. HUSSEY
20                                          JULIAN FELDBEIN-VINDERMAN
                                       Attorneys for Defendants and Third-Party
21                                     Complainants, UBER TECHNOLOGIES, INC.,
                                       RASIER, LLC and RASIER-CA, LLC (erroneously
22                                     sued as RASIER CA, LLC)

23

24

25 PURSUANT TO STIPULATION, IT IS SO ORDERED.

26

27 DATED:  ___February 9, 2021_____   _____
                                        Hon. Jacqueline S. Corley
28

<u>EXHIBIT A</u>

<u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on _____, 2021 in the case of *Jane Doe v. Uber Technologies, Inc., et al.*, Case No. 3:19-cv-03310-JSC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

# EXHIBIT B

1 | Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
2 | Julian Feldbein-Vinderman, Bar No. 307838
JFeldbeinVinderman@perkinscoie.com
3 | Steven G. Williamson, Bar No. 343842
SWilliamson@perkinscoie.com
4 | PERKINS COIE LLP
11452 El Camino Real, Suite 300
5 | San Diego, CA  92130-2080
Telephone:  858.720.5700
6 | Facsimile:  858.720.5799

7 | Attorneys for Defendants Uber Technologies, Inc.,
Rasier, LLC, and Rasier-CA, LLC

8 |

9 | UNITED STATES DISTRICT COURT

10 | NORTHERN DISTRICT OF CALIFORNIA

11 | SAN FRANCISCO DIVISION

12 |

13 | JANE DOE, an individual using a pseudonym, | Case No. 3:19-cv-03310-JSC

14 | Plaintiff, | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC AND RASIER-CA,**

15 | | **LLC'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS AND PLEADINGS**

16 | v. | **FILED IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS'**

17 | UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC, | **MOTION FOR SUMMARY JUDGMENT**

18 | Defendants. | Judge: Hon. Jacqueline Scott Corley

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

27 |

28 |

-1-

Pursuant to Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Raiser, LLC and Raiser-CA, LLC (collectively, "Defendants") hereby submit this motion in support of Plaintiff's Amended Administrative Motion to file under seal certain exhibits and pleadings in connection with Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Dkt. No. 224). All deposition testimony and documents proposed to be sealed by Defendants (a) have previously been designated by Defendants as Confidential under the terms of the Stipulated Protective Order (Dkt. No. 75) entered in this matter; (b) contain Defendants' confidential business and/or trade secret information; and/or contain information that implicates third-party privacy rights.

Defendants have identified the information that is sealable with particularity in the Declaration of Julian Feldbein-Vinderman ("Feldbein-Vinderman Declaration"), filed herewith. As described in the Feldbein-Vinderman Declaration, Defendants respectfully request an order from the Court to authorize the sealing of the following:

1.  Portions of Exhibit 2 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 2 includes excerpts from the deposition testimony of Uber employee Jodi Kawada Page (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. The related exhibits to this deposition contain Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

2.  Portions of Exhibit 3 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 3 includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Jodi Kawada Page (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

3.  Portions of Exhibit 4 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 4 includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Matthew Baker which Defendants

-2-

3:19-cv-03310-JSC
DEFENDANT'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS AND PLEADINGS FILED ISO
PLAINTIFF'S OPPOSITION TO DEFENDANTS' MSJ

designated as confidential pursuant to the stipulated protective order in this case. This testimony includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

4.      Portions of Exhibit 5 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 5 includes excerpts from the deposition testimony of Uber employee Matthew Baker which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

5.      Exhibit 6 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 6 includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Matthew Baker (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm. In addition, portions of this testimony (and related exhibits) relate to Uber's investigation of reported sexual assaults and contain personal identifying information related to the reporting and accused parties that would violate their privacy rights if publicly disclosed.

6.      Portions of Exhibit 9 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 9 includes excerpts from the deposition testimony of Uber employee Akankshu Dhawan (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony and the related exhibits include discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

7.      Portions of Exhibit 10 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 10 includes excerpts from the deposition testimony of Uber employee Briana Lambert (with related exhibits) which Defendants

designated as confidential pursuant to the stipulated protective order in this case. Some of the attached exhibits to Exhibit 10 include information which implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.

8. Portions of Exhibit 12 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 12 includes excerpts from the deposition testimony of Uber employee Abbie Ding which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

9. Portions of Exhibit 13 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 13 includes excerpts from the deposition testimony of Uber employee Billie Garrett (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. Some of the testimony and attached exhibits to Exhibit 13 include information which implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.

10. Portions of Exhibit 15 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment. Exhibit 15 includes excerpts from the deposition testimony of Uber employee Mariana Esteves (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case. This testimony and the related exhibits include discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

11. Portions of Exhibit 27 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment which implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.

12. Portions of Exhibit 28 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment which implicates the privacy rights of

a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.

13. Portions of the Affidavit of Elizabeth Lillian Jeglic, Ph.D. in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment which contains (1) information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman; and (2) references Uber's legally-protected trade secrets and confidential business information the public disclosure of which would cause Uber commercial and economic harm.

14. Portions of the Affidavit of Sumerle Pfeffer Davis in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment which contains information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.

15. Portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment which contain (1) information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman; and (2) references Uber's legally-protected trade secrets and confidential business information the public disclosure of which would cause Uber commercial and economic harm.

## I. Legal Standard

Despite the presumption of public access to documents filed with the court that are attached to dispositive motions, this court has discretion to seal documents where it determines that there are "compelling reasons" sufficient to outweigh the public's interest in disclosure. *Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 598 (1978). Compelling reasons exist, and sealing of documents is appropriate, where the "disclosure of the material could result in improper use of the material for scandalous or libelous purposes or infringement upon trade secrets." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 678, n.6 (9th Cir. 2010). "A compelling reason [also] exists where public disclosure of proprietary business information could harm competitive standing or result in the improper use of the information by others who might circumvent investing their own time and resources." *Table de France, Inc. v. DBC Corp.*, No. EDCV19423JGBKKX, 2019 WL 6894521, at *2 (C.D. Cal. Oct. 18, 2019).

In addition, federal courts have recognized that there are "compelling reasons" for sealing personal identifying information to protect the privacy of sexual assault victims. *Haber v. Evans*, 268 F. Supp. 2d 507, 513 (E.D. Pa. 2003) (holding that "protecting the privacy of sexual assault victims" is a "very compelling government interest[]" supporting a "redaction order"). Likewise, the Ninth Circuit has held that compelling reasons exist to seal personal identifying information to protect third-party privacy rights. *See Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1137 (9th Cir. 2003) (acknowledging privacy interests implicated by sensitive, personal identifying information); *see also Nursing Home Pension Fund v. Oracle Corp.*, No. C01-00988 MJJ, 2007 WL 3232267, at *2 (N.D. Cal. Nov. 1, 2007) ("The Ninth Circuit has found that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest and to prevent exposure to harm or identity theft").

The documents and testimony Defendants seek to seal satisfy the applicable standard: (1) Defendants have narrowly tailored their request to seal documents or redacted portions of documents that are "privileged or protectable as a trade secret or otherwise entitled to protection under the law"; (2) there are "compelling reasons" for Defendants to not want this sensitive business information released to competitors or to the public; and (3) there are "compelling reasons" to seal personal identifying information related to third-party individuals that reported they had been assaulted to protect their privacy. Defendants' sealing request is "narrowly tailored to seek sealing only of sealable material." Civil L.R. 79-5(c)(3).

## II. Compelling reasons exist to seal certain deposition testimony and documents related to Defendants' confidential market research, business strategies, and protected trade secret information.

Defendants seek permission to seal portions of Exhibits 2-6, 9, 12, and 15 to the Declaration of Sara Peters in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgement, portions of the Opposition brief itself, and the Affidavit of Elizabeth Lillian Jeglic, Ph.D. because these documents, deposition testimony, and pleadings contain Uber's confidential business strategies, confidential market research, and protected trade secret information.

Compelling Reasons exist to seal documents that contain information which may cause a party competitive harm or contain commercially sensitive information. *E.g.*, *In re Elec. Arts, Inc.*,

-6-

298 F. App'x 568, 569 (9th Cir. 2008) (sealing exhibit containing trade secrets and adopting definition of trade secret as "any formula, pattern, device or compilation of information which is used in one's business, and which gives him an opportunity to obtain an advantage over competitors who do not know or use it"); *Century Aluminum Co. v. AGCS Marine Ins. Co.*, No. 11-CV-02514-YGR, 2012 WL 13042825, at *2 (N.D. Cal. Aug. 10, 2012) (sealing confidential information because "competitive harm may result" from public disclosure that would "reveal confidential business information and strategies"); *Koninklijke Philips N.V. v. Elec-Tech Int'l Co.*, No. 14-CV-02737-BLF, 2015 WL 581574, at *2–3 (N.D. Cal. Feb. 10, 2015) (sealing confidential business information that could be used by competitors); *Apple Inc. v. Samsung Elecs. Co.*, 727 F.3d 1214, 1228 (Fed. Cir. 2013) (finding disclosure of information that "competitors could not obtain anywhere else" might result in competitive harm and should be sealed); *XIFIN, Inc. v. Firefly Diagnostics, Inc.,* No. 317CV00742BENKSC, 2018 WL 1244781, at *2 (S.D. Cal. Mar. 9, 2018) (sealing "commercially sensitive business information" reflected in a contract, including "proprietary protocols and processes").

In this case, there are compelling reasons to seal the requested portions of the identified exhibits and pleadings. The deposition testimony, documents, and pleadings identified by Defendants contain, *inter alia*, highly sensitive and confidential business and trade secret information including Uber's strategic plans, technical information regarding Uber's software and systems for matching riders and drivers, and Uber's business data compilations. Feldbein-Vinderman Decl. ¶¶ 2, 6-7, 22, and 30. In addition, these documents and testimony contain information from confidential studies and surveys of riders and drivers. *See id.*, ¶¶11-12, 16-17, 22 and 30. Uber uses information gathered from these types of studies to develop new offerings and features, adjust its marketing strategies, and make user experience (UX) changes within the Uber App itself. *Id.*, ¶¶ 12, 17. Uber takes steps to ensure all of this information is kept from the public. Beyond this, the information is commercially sensitive and highly valuable to Defendants and it has not been previously disclosed. Public disclosure of this information would substantially prejudice Defendants. This is because disclosure of confidential business materials, including marketing strategies and product development plans could result in improper use by business

competitors. *See e.g., In re Google Location Hist. Litig.*, 514 F.Supp.3d 1147, 1162 (N.D. Cal. Jan. 25, 2021) ("Compelling reasons may exist to seal 'trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports[.]'") (citation omitted); *Bauer Bros. LLC v. Nike, Inc.*, No. 09cv500, 2012 WL 1899838, *2 (S.D. Cal. May 24, 2012) (granting Nike's application to seal because "public disclosure of Nike's confidential business materials, including marketing strategies, sales and retailer data, product development plans, unused prototypes, and detailed testimony regarding the same, could result in improper use by business competitors seeking to replicate Nike's business practices and circumvent the considerable time and resources necessary in product and marketing development").

Accordingly, this Court should grant Defendants' motion to seal portions of Exhibits 2-6, 9, 12, and 15 to the Declaration of Sara M. Peters, certain portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, and the Affidavit of Elizabeth Lillian Jeglic, Ph.D.

### B. Reported safety incidents.

The deposition testimony and related exhibits that Defendants seek to seal in Exhibits 10, 13, 27-28 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment and the Affidavits of Sumerle Pfeffer Davis and Elizabeth Lillian Jeglic, Ph.D. contains personal identifying information relating to two women who reported to Uber that they had been sexually by a third-party criminal named Brandon Sherman. Such identifying information includes, but is not limited to, the victim's names, languages spoken, residency, citizenship as well as details of these assaults that could cause the victims harm or embarrassment.

This Court previously determined that "good cause exists to maintain the confidentiality of" the "name or other identifying information" of these two individuals. *See* Dkt. No. 130 at 4-5 ("To the extent that the transcript[s] include[] the victim's name or other identifying information, good cause exists to maintain the confidentiality of that information"). Similarly, there are "compelling reasons" for sealing such personal identifying information to protect the privacy of sexual assault victims. *See, e.g., Haber*, 268 F. Supp. 2d at 513 (E.D. Pa. 2003).

Defendants' sealing request is narrowly tailored to only include that testimony which implicates third-party privacy rights and may either identify the two third-party individuals that

-8-

1    reported that they had been assaulted by Sherman, or otherwise publicly disclose information that

2    could cause these individuals harm or embarrassment.

3         Defendants similarly seek to seal testimony contained in Exhibit 6 to the Declaration of

4    Sara M. Peters which contains personal identifying information related to (i) other riders who

5    alleged that they had been sexually assaulted by individuals impersonating drivers associated with

6    the Uber platform; and (ii) personal identifying information relating to individuals who were

7    accused of assaulting riders.

8         Accordingly, this Court should grant Defendants' motion to seal portions of Exhibits 6, 10,

9    13, 27-28 to the Declaration of Sara M. Peters in support of Plaintiff's Motion to Maintain

10   Confidentiality Designations and the Affidavits of Sumerle Pfeffer Davis and Elizabeth Lillian

11   Jeglic, Ph.D.

12   \\

13   \\

14   \\

15   \\

16   \\

17   \\

18   \\

19   \\

20   \\

21   \\

22   \\

23   \\

24   \\

25   \\

26   \\

27   \\

28   \\

# III.   CONCLUSION

Here, the facts establish that the parties' and non-parties' respective interests in maintaining the confidentiality of the records at issue overcomes the right of public access to the record.  By sealing these records, the Court will be able to strike a balance of evaluating the evidence while protecting the rights of those impacted by the confidential information contained in that evidence. Defendants respectfully request that the Court grant its motion to seal portions of Exhibits 2-6, 9, 12, 10, 13, 15, and 27-28 to the Declaration of Sara M. Peters in Support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment, as well as portions of the Affidavits of Sumerle Pfeffer Davis and Elizabeth Lillian Jeglic, Ph.D.


Dated:  July 29, 2022                                **PERKINS COIE LLP**


                                                     By: */s/ Julian Feldbein-Vinderman*
                                                         Julie L. Hussey
                                                         JHussey@perkinscoie.com
                                                         Julian Feldbein-Vinderman
                                                         JFeldbeinvinderman@perkinscoie.com
                                                         Steven G. Williamson
                                                         SWilliamson@perkinscoie.com

                                                         Attorneys for Defendants
                                                         Uber Technologies, Inc., Rasier, LLC, and
                                                         Rasier-CA, LLC

1   Julie L. Hussey, Bar No. 237711
    JHussey@perkinscoie.com
2   Julian Feldbein-Vinderman, Bar No. 307838
    JFeldbeinVinderman@perkinscoie.com
3   Steven G. Williamson, Bar No. 343842
    SWilliamson@perkinscoie.com
4   PERKINS COIE LLP
    11452 El Camino Real, Suite 300
5   San Diego, CA 92130-2080
    Telephone: 858.720.5700
6   Facsimile: 858.720.5799

7   Attorneys for Defendants Uber Technologies, Inc.,
    Rasier, LLC, and Rasier-CA, LLC

8

9                    UNITED STATES DISTRICT COURT

10                  NORTHERN DISTRICT OF CALIFORNIA

11                     SAN FRANCISCO DIVISION

12

13  | JANE DOE, an individual using a | Case No. 3:19-cv-03310-JSC |
    | pseudonym, | |

14  **DECLARATION OF JULIAN FELDBEIN-VINDERMAN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS AND PLEADINGS FILED BY PLAINTIFF IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

                         Plaintiff,

15          v.

16  UBER TECHNOLOGIES, INC.; RASIER,
    LLC; RASIER-CA, LLC,
17
                        Defendants.
18

19  Judge: Hon. Jacqueline Scott Corley

20

21

22

23

24

25

26

27

28

## DECLARATION OF JULIAN FELDBEIN-VINDERMAN

I, JULIAN FELDBEIN-VINDERMAN, declare as follows:

1.      I am an attorney in good standing, licensed to practice before all of the state and federal courts in the State of California.  I am an associate at Perkins Coie LLP, attorneys of record for Defendants Uber Technologies, Inc., Raiser, LLC and Raiser-CA, LLC (collectively, "Defendants") in the above-captioned matter.  Except as indicated below, the facts set forth herein are based on my own personal knowledge and if called upon to testify under oath, I could and would do so competently.  I submit this declaration in support of Defendants' Administrative Motion to Seal Exhibits and Pleadings filed by Plaintiff in support of her Opposition to Defendants' Motion for Summary Judgment.

1.      Exhibit 2 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony of Uber employee Jodi Kawada Page (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case.  Ms. Page is a Senior Manager of Communications at Uber.  As explained further below, compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

2.      Exhibit 6 to Exhibit 2 of the Peters Declaration contains highly sensitive, proprietary and confidential information regarding Uber's business strategies, technical information regarding Uber's software and systems for matching riders and drivers, market research, and business data compilations that would be of value to Uber's competitors and would harm Uber's competitive advantage.  This is highly sensitive business information that is not publicly available.  Accordingly, Defendants respectfully request that the Court seal Exhibit 6 to Exhibit 2 of the Peters Declaration (which was designated confidential and produced subject to the protective order as UBER_DOE_0004830-0004903) in its entirety.

3.      Exhibit 3 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment includes excerpts from the Rule 30(b)(6)

1  deposition testimony of Uber employee Jodi Kawada Page (with related exhibits) which

2  Defendants designated as confidential pursuant to the stipulated protective order in this case.   As

3  explained further below, compelling reasons exist to seal portions of this exhibit as it includes

4  discussions of Uber's legally-protected trade secrets and confidential business information and its

5  public disclosure would cause Uber commercial and economic harm.

6        4.     Exhibit 3 includes deposition testimony regarding Uber's confidential

7  communications strategies relating to the launch of a public safety campaign and Uber's analysis

8  of data related to that campaign to analyze its efficacy.  Exhibit 3 also includes a discussion of

9  data gathering efforts for the development of proprietary new safety features.  *See* Exhibit 6 to

10  Exhibit 2 of the Peters Declaration.  Accordingly, Defendants respectfully request that the Court

11  seal the following portions of Exhibit 3 to the Peters Declaration: **101:3-13, 101:16-25, and**

12  **141:2-23**.

13        5.     Exhibit 4 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

14  to Defendants' Motion for Summary Judgment includes excerpts from the Rule 30(b)(6)

15  deposition testimony of Uber employee Matthew Baker (with related exhibits) which Defendants

16  designated as confidential pursuant to the stipulated protective order in this case.  Mr. Baker is a

17  Senior Program Leader, Safety Support at Uber.  As explained further below, compelling reasons

18  exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade

19  secrets and confidential business information and its public disclosure would cause Uber

20  commercial and economic harm.

21        6.     Exhibit 4 includes deposition testimony regarding Uber's internal software and

22  systems for matching riders and drivers.  This information is not publicly available.  Accordingly,

23  Defendants respectfully request that the Court seal the following portions of Exhibit 4 to the

24  Peters Declaration: **29:1-9, 21:13-16, 29:18-22, 85:5-8, and 85:12-15**.

25        7.     Exhibit 5 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

26  to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony

27  of Uber employee Matthew Baker which Defendants designated as confidential pursuant to the

28  stipulated protective order in this case.  Exhibit 5 includes testimony regarding Uber's internal

1  data compilation, data auditing, data collection practices, and internal policies for investigating

2  reported safety incidents related to the Uber platform.  Exhibit 5 also includes testimony

3  regarding various proprietary systems and tools that Uber has developed internally in order to

4  investigate reported safety incidents related to Uber's platform.  Uber's internal systems, tools,

5  and policies were developed, created, and maintained with considerable time and expense for

6  Uber's business use, and Uber considers these internal systems, tools, and policies to be

7  confidential and proprietary. This information has never been disseminated to the public.

8      8.      Accordingly, Defendants respectfully request that the Court seal the following

9  portions of Exhibit 5 to the Peters Declaration: **115:6-118:8, and 118:12-119:19**.

10     9.      Exhibit 6 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

11  to Defendants' Motion for Summary Judgment includes excerpts from the Rule 30(b)(6)

12  deposition testimony of Uber employee Matthew Baker which Defendants designated as

13  confidential pursuant to the stipulated protective order in this case.  Compelling reasons exist to

14  seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and

15  confidential business information and its public disclosure would cause Uber commercial and

16  economic harm.  Specifically, it includes a discussion of data gathering efforts for the

17  development of proprietary new safety features.  *See* Exhibit 6 to Exhibit 2 of the Peters

18  Declaration.   Portions of this exhibit also implicate third-party privacy rights as it includes

19  personal identifying information relating to (i) third-party individuals who alleged that they had

20  been sexually assaulted by individuals impersonating drivers associated with the Uber platform;

21  and (ii) personal identifying information relating to individuals who were accused of assaulting

22  riders.

23     10.     Accordingly, Defendants respectfully request that the Court seal the following

24  portions of Exhibit 6 to the Peters Declaration: **41:16-43:25, 45:24-46:3, 46:8-25, 101:2, 101:8,**

25  **102:13, 142:4, 161:4, 162:4, 165:5, 165:23, 166:9, 166:17, 237:18, and 237:22.** Defendants also

26  respectfully request that the Court seal any personal identifying information contained in Exhibits

27  13, 22, 29, and 53 to Exhibit 6 of the Peters Declaration.   Defendants will meet and confer with

28  Plaintiff to identify any necessary redactions prior to Plaintiff refiling this exhibit.

11.     Exhibit 9 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony of Uber employee Akankshu Dhawan (with related exhibits) which Defendants designated as confidential pursuant to the stipulated protective order in this case.  Mr. Dhawan is a Director of Product Management at Uber for Uber Data, Uber AI, and Earner Access.  As explained further below, compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.

12.     In 2017, Uber conducted a foundational study to understand, *inter alia*, what information was important to riders at every stage of their ride journey.  This foundational study included Uber employees interviewing study participants and documenting the study participants' responses.  In 2018, Uber conducted follow up studies to assess what safety tools in the rider version of the Uber App were most useful to riders, and surveyed riders regarding what information they typically relied on for identifying their rides.  Information and documents related to these studies and surveys is highly sensitive and reveals information about user reliance on and perceptions regarding various features in the Uber App and overall rider experience.  This information would be of value to Uber's competitors and would harm Uber's competitive advantage.  Uber uses information gathered from these types of studies to develop new offerings and features, adjust its marketing strategies, and make user experience (UX) changes within the Uber App itself.  These studies and related notes are stored in house at Uber, on Uber's secure servers.  These documents were not widely disseminated throughout the company, and were not made available to the public.

13.     Accordingly, Defendants respectfully request that the Court seal the following portions of Exhibit 9 to the Peters Declaration: **60:22-25, 63:2-6, 63:15-17, 117:1-17, 117:19-25, 128:3-19, 128:22-129:3, 129:10-130:23, 139:15-140:14, 140:20-141:9, 141:12-14, 141:16-144:9, 144:13-24, 171:15-22, 172:1-5, 172:7-11, 172:16-21, 172:24-173:6, 173:8-11, 173:14-174:4, 185:15-186:4, 186:15-18, 187:1-13, 195:2-10, 195:20-196:2, 196:9-25, 222:24-223:6, 223:8-11, 223:14-15, and 223:17-25**.  Defendants also respectfully request that the Court seal

-4-

DECLARATION OF JULIAN FELDBEIN-VINDERMAN IN SUPPORT OF MOTION TO MAINTAIN
CONFIDENTIALITY DESIGNATIONS
3:19-cv-03310-JSC

1  Exhibit 9 to Exhibit 9 of the Peters Declaration (which was designated confidential and produced

2  subject to the protective order as UBER_DOE_0017882-0017887) in its entirety.

3      14.    Exhibit 10 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

4  to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony

5  of Uber employee Briana Lambert (with related exhibits) which Defendants designated as

6  confidential pursuant to the stipulated protective order in this case.  Exhibits 3 and 5 to Exhibit 10

7  contain information that implicates the privacy rights of a third-party individual who reported to

8  Uber that she had been assaulted by Brandon Sherman and may either identify the third-party

9  individual, or otherwise publicly disclose information that could cause her harm or

10  embarrassment.

11      15.    Defendants respectfully request that the Court seal (i) any personal identifying

12  information related to the third-party individual who claimed Sherman had assaulted her and (ii)

13  information that could cause the third-party individual harm or embarrassment that is contained in

14  Exhibits 3 and 5 to Exhibit 10 of the Peters Declaration.  Defendants will meet and confer with

15  Plaintiff to identify any necessary redactions prior to Plaintiff refiling this exhibit.

16      16.    Exhibit 12 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

17  to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony

18  of Uber employee Abbie Ding which Defendants designated as confidential pursuant to the

19  stipulated protective order in this case.  Ms. Ding is the Senior Manager, Marketing Insights Lead

20  at Uber.  As explained further below, compelling reasons exist to seal portions of this exhibit as it

21  includes discussions of Uber's legally-protected trade secrets and confidential business

22  information and its public disclosure would cause Uber commercial and economic harm.

23      17.    In 2018, Uber engaged a third-party data analytics and brand consulting company

24  to assist Uber in performing market surveys of its ridership.  The third-party consultant was

25  engaged pursuant to a non-disclosure agreement.  The consultant's findings were discussed, in

26  part, in an executive level presentation.  This information is highly sensitive and reveals

27  information about user perception of Uber and awareness of various safety features in the Uber

28  App which would be of value to Uber's competitors and would harm Uber's competitive

1   advantage.  Uber uses information gathered from these types of surveys to develop new offerings

2   and features, adjust its marketing strategies, and make user experience (UX) changes within the

3   Uber App itself.  The presentation is stored in house at Uber, on Uber's secure servers.  This

4   presentation was not widely disseminated throughout the company, and was not made available to

5   the public.

6          18.     Defendants respectfully request that the Court seal the following portions of

7   Exhibit 12 to the Peters Declaration: **48:1-18, 49:5-11, 49:15-20, 49:24-50:4, 50:7-24, 61:1-14**

8   **69:1-70:14, 70:18-25, 71:9-18,** and **71:22-25.**

9          19.     Exhibit 13 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

10  to Defendants' Motion for Summary Judgment includes excerpts from the deposition testimony

11  of Uber employee Billie Garrett (with related exhibits) which Defendants designated as

12  confidential pursuant to the stipulated protective order in this case.  Exhibit 13 contains

13  information that implicates the privacy rights of a third-party individual who reported to Uber that

14  she had been assaulted by Brandon Sherman and may either identify the third-party individual, or

15  otherwise publicly disclose information that could cause her harm or embarrassment.

16         20.     Defendants respectfully request that the Court seal the following portions of

17  Exhibit 13 to the Peters Declaration: **210:14-15, 211:13-14, 211:23-24, and 212:16.**  Defendants

18  also respectfully request that the Court seal portions of Exhibits 7 and 8 to Exhibit 13 of the

19  Peters Declaration (which were designated confidential and produced subject to the protective

20  order as Uber_DOE_0000717-719 and Uber_DOE_0000687) to the extent these exhibits contain

21  (i) any personal identifying information related to the third-party individual who claimed

22  Sherman had assaulted her and (ii) information that could cause the third-party individual harm or

23  embarrassment.  Defendants will meet and confer with Plaintiff to identify any necessary

24  redactions prior to Plaintiff refiling these exhibits.

25         21.     Exhibit 15 to the Declaration of Sara M. Peters includes excerpts from the

26  deposition testimony of Uber employee Mariana Esteves (with related exhibits) which Defendants

27  designated as confidential pursuant to the stipulated protective order in this case.  Ms. Esteves is a

28  Lead Product Manager at Uber.  As explained further below, compelling reasons exist to seal

1    portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and

2    confidential business information and its public disclosure would cause Uber commercial and

3    economic harm.

4           22.    Ms. Esteves' deposition testimony and the corresponding exhibits to her

5    deposition contain highly sensitive, proprietary and confidential information regarding Uber's

6    business and marketing strategies relating to the third-party ride request feature in the Uber App,

7    rider and driver survey information, product development plans, non-public proposed UX design

8    changes, and business data compilations for the Latin American market, and would be of value to

9    Uber's competitors and would harm Uber's competitive advantage.  This is highly sensitive

10   business information that is not publicly available.

11          23.    Defendants respectfully request that the Court seal the following portions of

12   Exhibit 15 to the Peters Declaration: **51:1-3, 51:6-14, 223:1-5, 223-8-22, 259:1-260:25,**

13   **281:282:24, 290:2-7, 290:10-23, and 290:25-291**.  Defendants also respectfully request that the

14   Court seal Exhibits 16 and 17 to Exhibit 15 of the Peters Declaration (which were designated

15   confidential and produced subject to the protective order as UBER_Doe_0017939-18029 and

16   Uber_DOE_0017695) in their entirety.

17          24.    Exhibit 27 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

18   to Defendants' Motion for Summary Judgment includes information which implicates the privacy

19   rights of a third-party individual who reported to Uber that she had been assaulted by Brandon

20   Sherman and may either identify the third-party individual, or otherwise publicly disclose

21   information that could cause her harm or embarrassment.

22          25.    Defendants respectfully request that the Court seal (i) any personal identifying

23   information related to the third-party individual and (ii) information that could cause the third-

24   party individual harm or embarrassment that is contained in Exhibit 27 to the Peters Declaration.

25   Defendants will meet and confer with Plaintiff to identify any necessary redactions prior to

26   Plaintiff refiling this exhibit.

27          26.    Exhibit 28 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition

28   to Defendants' Motion for Summary Judgment includes information that implicates the privacy

rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment.

27.     Defendants respectfully request that the Court seal (i) any personal identifying information related to the third-party individual who claimed that Sherman had assaulted her and (ii) information that could cause the third-party individual harm or embarrassment that is contained in Exhibit 28 to the Peters Declaration.  Defendants will meet and confer with Plaintiff to identify any necessary redactions prior to Plaintiff refiling this exhibit.

28.     The Affidavit of Elizabeth Lillian Jeglic, Ph.D. in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment contains (1) information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman; and (2) references Uber's legally-protected trade secrets and confidential business information the public disclosure of which would cause Uber commercial and economic harm.  Defendants respectfully request that the Court seal the following portions of this affidavit: **11:10-11, 11:13-19, 13:14-17, 14:26-15:5, 19:28, 20:6-7, 20:9, 20:14, 21:5-6, and 21:8-9**.

29.     The Affidavit of Sumerle Pfeffer Davis in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment contains information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman.  Defendants respectfully request that the Court seal the following portions of this affidavit: **3:24, 3:26, and 6:2**.

30.     Certain portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment contain highly sensitive, proprietary and confidential information regarding Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non-public proposed UX design changes, and business data compilations, and would be of value to Uber's competitors and would harm Uber's competitive advantage.  There is also a discussion of studies Uber conducted to assess what safety tools in the rider version of the Uber App were most useful to riders.  Information and documents related to these studies and surveys is highly sensitive and reveals

information about user reliance on and perceptions regarding various features in the Uber App and overall rider experience.  This is highly sensitive business information that is not publicly available.   Other portions of this pleading implicate the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment.   Accordingly, compelling reasons exist to seal portions of this pleading.

31.     Accordingly, Defendants respectfully request that the Court seal the following portions of Plaintiff's Opposition to Defendants' Motion for Summary Judgment: **6:5-10, 8:19-24, 11:4, 11:9, 12:28-13:1, 13:7-16, 13:18-24, 14:14-17, and 14:24-25.**

Executed this 29th day of July 2022, in Brooklyn, New York.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Julian Feldbein-Vinderman*
Julian Feldbein-Vinderman

1

2

3

4

5

6

7

8                                       UNITED STATES DISTRICT COURT

9                                       NORTHERN DISTRICT OF CALIFORNIA

10                                       SAN FRANCISCO DIVISION

11

12   JANE DOE, an individual using a                Case No. 3:19-cv-03310-JSC
     pseudonym,
13                                                   **[PROPOSED] ORDER GRANTING**
                         Plaintiff,                  **DEFENDANTS UBER TECHNOLOGIES,**
14                                                   **INC., RASIER, LLC AND RASIER-CA,**
            v.                                       **LLC'S ADMINISTRATIVE MOTION TO**
15                                                   **SEAL EXHIBITS AND PLEADINGS**
     UBER TECHNOLOGIES, INC.; RASIER,                **FILED IN CONNECTION WITH**
16   LLC; RASIER-CA, LLC,                            **PLAINTIFF'S OPPOSITION TO**
                                                     **DEFENDANTS' MOTION FOR**
17                       Defendants.                 **SUMMARY JUDGMENT**

18                                                   Judge: Hon. Jacqueline Scott Corley

19

20

21

22

23

24

25

26

27

28
                                               -1-

1    Plaintiff Jane Doe filed an Amended Administrative Motion to file under seal certain

2 exhibits and pleadings in connection with her Opposition to Defendants' Motion for Summary

3 Judgment (Dkt. No. 224). Defendants Uber Technologies, Inc, Raiser, LLC, and Raiser-CA, LLC

4 (collectively, "Defendants") have filed an Administrative Motion in support of Plaintiff's

5 Amended Motion to Seal. In support of their Administrative Motion to Seal, Defendants also filed

6 the supporting declaration of Julian Feldbein-Vinderman.

7    Having considered the Motion, all associated declarations, exhibits, and any argument of

8 counsel, and having demonstrated that compelling reasons exist for sealing the identified materials:

9    **IT IS HEREBY ORDERED** that the Motion is **GRANTED**. Accordingly, the following

10 portions of Plaintiff's exhibits and pleadings in support of her Opposition to Defendants' Motion

11 for Summary Judgment, shall be sealed from the public record:

12

| Name of Document | Portion(s) to Seal | Reason for Sealing |
|---|---|---|
| Exhibit 6 to Exhibit 2 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Entire exhibit | This exhibit contains highly sensitive, proprietary and confidential information regarding Uber's business strategies, technical information regarding Uber's software and systems for matching riders and drivers, market research, and business data compilations that would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is |

-2-

| | | protected from public disclosure. |
|---|---|---|
| Exhibit 3 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Rule 30(b)(6) Deposition of Jodi Kawada Page) | 101:3-13, 101:16-25, and 141:2-23. | This exhibit contains deposition testimony regarding Uber's confidential communications strategies relating to the launch of a public safety campaign and Uber's analysis of data related to that campaign to analyze its efficacy. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 4 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Rule 30(b)(6) Deposition of Matthew Baker) | 29:1-9, 21:13-16, 29:18-22, 85:5-8, and 85:12-15. | This exhibit includes testimony regarding Uber's internal software and systems for matching riders and drivers.  This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 5 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Deposition of Matthew Baker) | 115:6-118:8, and 118:12-119:19. | This exhibit includes testimony regarding Uber's internal data compilation, data auditing, data collection practices, and internal policies for investigating reported safety incidents related to |

-3-

| | | the Uber platform. The exhibit also includes testimony regarding various proprietary systems and tools that Uber has developed internally in order to investigate reported safety incidents related to Uber's platform.  This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
|---|---|---|
| Exhibit 6 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Rule 30(b)(6) Deposition of Matthew Baker) | 41:16-43:25, 45:24-46:3, 46:8-25, 101:2, 101:8, 102:13, 142:4, 161:4, 162:4, 165:5, 165:23, 166:9, 166:17, 237:18, and 237:22. | This exhibit includes testimony regarding Uber's data gathering efforts for the development of proprietary new safety features.  In addition, portions of this testimony relate to Uber's investigation of reported sexual assaults and contain personal identifying information related to the reporting and accused parties that would violate their privacy rights if publicly disclosed. |
| Exhibit 13 to Exhibit 6 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit.  The parties shall meet and confer regarding the scope of redactions. | This exhibit contains information related to Uber's investigation of a reported sexual assault and contains personal identifying information related to (i) third-party individuals who alleged that they had been sexually |

-4-

| | | assaulted by individuals impersonating drivers associated with the Uber platform; and/or (ii) personal identifying information relating to individuals who were accused of assaulting riders. |
|---|---|---|
| Exhibit 22 to Exhibit 6 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit contains information related to Uber's investigation of a reported sexual assault and contains personal identifying information related to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and/or (ii) personal identifying information relating to individuals who were accused of assaulting riders. |
| Exhibit 29 to Exhibit 6 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit contains information related to Uber's investigation of a reported sexual assault and contains personal identifying information related to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and/or (ii) personal identifying information relating |

-5-

| | | to individuals who were accused of assaulting riders. |
|---|---|---|
| Exhibit 53 to Exhibit 6 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit contains information related to Uber's investigation of a reported sexual assault and contains personal identifying information related to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and/or (ii) personal identifying information relating to individuals who were accused of assaulting riders. |
| Exhibit 9 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Deposition of Akankshu Dhawan) | 60:22-25, 63:2-6, 63:15-17, 117:1-17, 117:19-25, 128:3-19, 128:22-129:3, 129:10-130:23, 139:15-140:14, 140:20-141:9, 141:12-14, 141:16-144:9, 144:13-24, 171:15-22, 172:1-5, 172:7-11, 172:16-21, 172:24-173:6, 173:8-11, 173:14-174:4, 185:15-186:4, 186:15-18, 187:1-13, 195:2-10, 195:20-196:2, 196:9-25, 222:24-223:6, 223:8-11, 223:14-15, and 223:17-25 | This exhibit contains testimony related to highly sensitive market studies and rider survey information that would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |

-6-

| | | |
|---|---|---|
| Exhibit 9 to Exhibit 9 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Entire exhibit | This exhibit contains highly sensitive market studies and rider survey information that would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 3 to Exhibit 10 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of certain portions of this exhibit would violate the reporting party's privacy rights. |
| Exhibit 5 to Exhibit 10 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of certain portions of this exhibit would violate the reporting party's privacy rights. |
| | | This exhibit contains |

-7-

| | | |
|---|---|---|
| Exhibit 12 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Deposition of Abbie Ding) | 48:1-18, 49:5-11, 49:15-20, 49:24-50:4, 50:7-24, 61:1-14 69:1-70:14, 70:18-25, 71:9-18, and 71:22-25. | testimony related to highly sensitive market studies and rider survey information that would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 13 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Deposition of Billie Garrett) | 210:14-15, 211:13-14, 211:23-24, and 212:16 | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Exhibit 7 to Exhibit 13 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Exhibit 8 to Exhibit 13 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion | Any personal identifying information contained in this exhibit. The parties shall meet and confer | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. |

-8-

| | | |
|---|---|---|
| for Summary Judgment | regarding the scope of redactions. | Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Exhibit 15 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment (Rule 30(b)(6) deposition of Mariana Esteves) | 51:1-3, 51:6-14, 223:1-5, 223:8-22, 259:1-260:25, 281:282:24, 290:2-7, 290:10-23, and 290:25-291). | This exhibit includes testimony regarding Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non-public proposed UX design changes, and business data compilations for the Latin American market. Public disclosure of this information would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 16 to Exhibit 15 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Entire exhibit | This exhibit relates to Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non-public proposed UX design changes, and business data |

-9-

| | | compilations for the Latin American market. Public disclosure of this information would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
|---|---|---|
| Exhibit 17 to Exhibit 15 of the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Entire exhibit | This exhibit relates to Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non-public proposed UX design changes, and business data compilations for the Latin American market. Public disclosure of this information would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure. |
| Exhibit 27 to the Declaration of Sara M. Peters in support of | Any personal identifying information | This exhibit relates to Uber's investigation of a reported sexual |

-10-

| | | |
|---|---|---|
| Plaintiff's Opposition to Defendants' Motion for Summary Judgment | contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Exhibit 28 to the Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | Any personal identifying information contained in this exhibit. The parties shall meet and confer regarding the scope of redactions. | This exhibit relates to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Affidavit of Elizabeth Lillian Jeglic, Ph.D. in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment | 11:10-11, 11:13-19, 13:14-17, 14:26-15:5, 19:28, 20:6-7, 20:9, 20:14, 21:5-6, and 21:8-9. | This exhibit contains references to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. Other portions of this exhibit reference Uber's legally-protected trade secrets and confidential business information the public disclosure of which would cause Uber commercial and economic harm. |
| Affidavit of Sumerle Pfeffer Davis in support of Plaintiff's Opposition to Defendants' Motion | 3:24, 3:26, and 6:2. | This exhibit contains references to Uber's investigation of a reported sexual assault and contains |

-11-

| | | |
|---|---|---|
| for Summary Judgment | | personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |
| Plaintiff's Opposition to Defendants' Motion for Summary Judgment | 6:5-10, 8:19-24, 11:4, 11:9, 12:28-13:1, 13:7-16, 13:18-24, 14:14-17, and 14:24-25. | This pleading contains testimony related to highly sensitive market studies and rider and driver survey information that would be of value to Uber's competitors and would harm Uber's competitive advantage. This information constitutes legally-protected trade secrets and confidential business information that is protected from public disclosure.  Other portions of this exhibit contain references to Uber's investigation of a reported sexual assault and contains personal identifying information related to the reporting party. Public disclosure of portions of this exhibit would violate the reporting party's privacy rights. |

**IT IS SO ORDERED.**

DATED:

_____

Hon. Jacqueline Scott Corley

-12-

# EXHIBIT C

Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
Julian Feldbein-Vinderman, Bar No. 307838
JFeldbeinVinderman@perkinscoie.com
Steven G. Williamson, Bar No. 343842
SWilliamson@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Suite 300
San Diego, CA  92130-2080
Telephone:  858.720.5700
Facsimile:  858.720.5799

Attorneys for Defendants Uber Technologies, Inc.,
Rasier, LLC, and Rasier-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JANE DOE, an individual using a pseudonym,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC,<br><br>Defendants. | Case No. 3:19-cv-03310-JSC<br><br>**DECLARATION OF JULIAN FELDBEIN-VINDERMAN IN SUPPORT OF PLAINTIFF'S SECOND AMENDED ADMINISTRATIVE MOTION TO SEAL EXHIBITS AND PLEADINGS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**<br><br>**[L.R. 79-5(f)(3)]**<br><br>Judge: Hon. Jacqueline Scott Corley |

1

## DECLARATION OF JULIAN FELDBEIN-VINDERMAN

2

I, JULIAN FELDBEIN-VINDERMAN, declare as follows:

3

1.    I am an attorney in good standing, licensed to practice before all of the state and

4

federal courts in the State of California.  I am an associate at Perkins Coie LLP, attorneys of

5

record for Defendants Uber Technologies, Inc., Raiser, LLC and Raiser-CA, LLC (collectively,

6

"Defendants") in the above-captioned matter.  Except as indicated below, the facts set forth

7

herein are based on my own personal knowledge and if called upon to testify under oath, I could

8

and would do so competently.

9

2.    I submit this declaration in support of Plaintiff's Second ==Amended== Administrative

10

Motion to Seal Exhibits and Pleadings filed by Plaintiff in support of her Opposition to

11

Defendants' Motion for Summary Judgment pursuant to L.R. 79-5(f)(3) and the Court's Order

12

regarding the Second Administrative Motion to Seal (Dkt. No. 243).

13

3.    The portions of the deposition testimony, pleadings, and documents that

14

Defendants seek to seal with the reasons for each request, are set forth below:

| Name of Document | Portions(s) to Seal | Reason for Sealing |
|---|---|---|
| Exhibit 75[1]<br><br>(Dkt. No. 240-10) | Entirety of exhibit. | Compelling reasons exist to seal this exhibit because it contains highly sensitive, proprietary and confidential information regarding Uber's business strategies, technical information regarding Uber's software and systems for matching riders and drivers, market research, and business data compilations that would be of value to Uber's competitors and would harm Uber's competitive advantage.  This is highly sensitive business information that is not publicly available. |

---

[1] These exhibits are listed here in the same order that they are identified in the Declaration of Sara M. Peters in support of Plaintiff's Second Amended Administrative Motion to File Opposition Under Seal (Dkt. No. 236-1).

| | | |
|---|---|---|
| Exhibit 3 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-6) | 101:3-13, 101:16-25, and 141:2-23 | Compelling reasons exist to seal portions of this exhibit because it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm. Specifically, this exhibit includes the Rule 30(b)(6) deposition testimony of Uber employee Jodi Kawada Page (Senior Manager of Communications) regarding Uber's confidential communications strategies relating to the launch of a public safety campaign and Uber's analysis of data related to that campaign to analyze its efficacy. Exhibit 3 also includes a discussion of data gathering efforts for the development of proprietary new safety features. |
| Exhibit 4 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-7) | 29:1-9, 21:13-16, 29:18-22, 85:5-8, and 85:12-15 | Compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm. Specifically, this exhibit includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Matthew Baker (Senior Program Leader, Safety Support at Uber) regarding Uber's internal software and systems for matching riders and drivers. This information is not publicly available. |
| | | |

| | | |
|---|---|---|
| Exhibit 5 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-8) | 115:6-118:8, and 118:12-119:19 | Compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm. Specifically, this exhibit includes excerpts from the deposition testimony of Uber employee Matthew Baker regarding Uber's internal data compilation, data auditing, data collection practices, and internal policies for investigating reported safety incidents related to the Uber platform.  Exhibit 5 also includes testimony regarding various proprietary systems and tools that Uber has developed internally in order to investigate reported safety incidents.  Uber's internal systems, tools, and policies were developed, created, and maintained with considerable time and expense for Uber's business use, and Uber considers these internal systems, tools, and policies to be confidential and proprietary. This information has never been disseminated to the public. |
| Exhibit 6 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-9) | 41:16-43:25, 45:24-46:3, 46:8-25, 101:2, 101:8, 102:13, 142:4, 161:4, 162:4, 165:5, 165:23, 166:9, 166:17, 237:18, and 237:22. | Compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.  Specifically, this exhibit includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Matthew Baker (Senior Program Leader, Safety Support at Uber) regarding data gathering efforts for the development of |

| | | proprietary new safety features related to the Uber App. *See* Exhibit 75 to the Peters Declaration. Portions of this exhibit also contain personally identifiable information relating to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and (ii) personally identifiable information relating to individuals who were accused of assaulting riders. |
|---|---|---|
| Exhibit 44 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 239-4) | Only those portions of this exhibit that contain personally identifiable information. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information relating to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and (ii) personally identifiable information relating to individuals who were accused of assaulting riders. |
| Exhibit 63 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 239-23) | Only those portions of this exhibit that contain personally identifiable information. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information relating to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and (ii) personally identifiable information relating to individuals who were accused of assaulting riders. |
| | | |

| | | |
|---|---|---|
| Exhibit 66 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 240-1) | Only those portions of this exhibit that contain personally identifiable information. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information relating to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and (ii) personally identifiable information relating to individuals who were accused of assaulting riders. |
| Exhibit 68 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br>(Dkt. No. 240-3) | Only those portions of this exhibit that contain personally identifiable information. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information relating to (i) third-party individuals who alleged that they had been sexually assaulted by individuals impersonating drivers associated with the Uber platform; and (ii) personally identifiable information relating to individuals who were accused of assaulting riders. |
| Exhibit 9 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-12) | 60:22-25, 63:2-6, 63:15-17, 117:1-17, 117:19-25, 128:3-19, 128:22-129:3, 129:10-130:23, 139:15-140:14, 140:20-141:9, 141:12-14, 141:16-144:9, 144:13-24, 171:15-22, 172:1-5, 172:7-11, 172:16-21, 172:24-173:6, 173:8-11, 173:14-174:4, 185:15-186:4, 186:15-18, 187:1-13, 195:2-10, 195:20-196:2, 196:9-25, 222:24-223:6, 223:8-11, 223:14-15, and 223:17-25 | Compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.  Specifically, this exhibit includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Akankshu Dhawan (Director of Product Management at Uber for Uber Data, Uber AI, and Earner Access). Mr. Dhawan's testimony in this exhibit includes a discussion |

regarding a confidential 2017 foundational study that Uber conducted to understand, *inter alia*, what information was important to riders at every stage of their ride journey. This foundational study included Uber employees interviewing study participants (who signed non-disclosure agreements) and documenting the study participants' responses. Mr. Dhawan's testimony in this exhibit also includes a discussion regarding confidential follow up studies that Uber conducted in 2018 to assess what safety tools in the rider version of the Uber App were most useful to riders, and surveyed riders regarding what information they typically relied on for identifying their rides. Information and documents related to these studies and surveys is highly sensitive and reveals information about user reliance on and perceptions regarding various features in the Uber App and overall rider experience. This information would be of value to Uber's competitors and would harm Uber's competitive advantage. Uber uses information gathered from these types of studies to develop new offerings and features, adjust its marketing strategies, and make user experience (UX) changes within the Uber App itself. These studies and related notes are stored in house at Uber, on Uber's secure servers. These documents were not widely disseminated throughout the company, and were not made available to the public.

| | | |
|---|---|---|
| Exhibit 76 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 236-20) | Only those portions of this exhibit that contain personally identifiable information or could cause the third-party individual harm or embarrassment. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 77 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 236-21) | Only those portions of this exhibit that contain personally identifiable information or could cause the third-party individual harm or embarrassment. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 12 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 236-11) | 48:1-18, 49:5-11, 49:15-20, 49:24-50:4, 50:7-24, 61:1-14, 69:1-70:14, 70:18-25, 71:9-18, and 71:22-25 | Compelling reasons exist to seal portions of this exhibit because it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.  Specifically, this exhibit includes the deposition testimony of Uber employee Abbie Ding (Senior Manager, Marketing Insights Lead).  Ms. Ding's testimony in this exhibit includes a discussion regarding Uber's engagement of a third-party data analytics and brand consulting company in 2018 to assist Uber in performing market surveys of its riders. The third-party consultant |

| | | was engaged pursuant to a non-disclosure agreement. The consultant's findings were discussed, in part, in an executive level presentation. This information is highly sensitive and reveals information about user perception of Uber and awareness of various safety features in the Uber App which would be of value to Uber's competitors and would harm Uber's competitive advantage. Uber uses information gathered from these types of surveys to develop new offerings and features, adjust its marketing strategies, and make user experience (UX) changes within the Uber App itself. The presentation is stored in house at Uber, on Uber's secure servers. This presentation was not widely disseminated throughout the company, and was not made available to the public. |
|---|---|---|
| Exhibit 13 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-16) | 210:14-15, 211:13-14, 211:23-24, and 212:16 | Compelling reasons exist to seal the identified portions of this exhibit which are expert from the deposition testimony of Uber employee Billie Garrett (SIU Investigator) because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 79 to the Amended Declaration of Sara M. Peters | Only those portions of this exhibit that contain personally | Compelling reasons exist to seal portions of this exhibit |

| | | |
|---|---|---|
| in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 240-14) | identifiable information or could cause the third-party individual harm or embarrassment. The parties have met and conferred regarding the scope of appropriate redactions. | because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 80 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 240-15) | Only those portions of this exhibit that contain personally identifiable information or could cause the third-party individual harm or embarrassment.  The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 15 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237-18) | 51:1-3, 51:6-14, 223:1-5, 223:8-22, 259:1-260:25, 281:21-24, 290:2-7, 290:10-23, and 290:25-291:1 | Compelling reasons exist to seal portions of this exhibit as it includes discussions of Uber's legally-protected trade secrets and confidential business information and its public disclosure would cause Uber commercial and economic harm.  Specifically, this exhibit includes excerpts from the Rule 30(b)(6) deposition testimony of Uber employee Mariana Esteves (Lead Product Manager). Ms. Esteves' deposition testimony in this exhibit contains highly sensitive, proprietary and confidential information regarding Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non- |

| | | public proposed UX design changes, and business data compilations for the Latin American market, and would be of value to Uber's competitors and would harm Uber's competitive advantage. This is highly sensitive business information that is not publicly available. |
|---|---|---|
| Exhibit 27 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 238-07) | Only those portions of this exhibit that contain personally identifiable information or could cause the third-party individual harm or embarrassment. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Exhibit 28 to the Amended Declaration of Sara M. Peters in support of Plaintiff's Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 238-08) | Only those portions of this exhibit that contain personally identifiable information or could cause the third-party individual harm or embarrassment. The parties have met and conferred regarding the scope of appropriate redactions. | Compelling reasons exist to seal portions of this exhibit because it contains personally identifiable information that implicates the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |
| Affidavit of Elizabeth Lillian Jeglic, Ph.D.<br><br>(Dkt. No. 237-01) | 11:10-11, 11:13-19, 13:14-17, 14:26-15:5, 19:28, 20:6-7, 20:9, 20:14, 21:5-6, and 21:8-9. | Compelling reasons exist to seal the identified portions of this affidavit because it (1) contains personally identifiable information that may identify a third-party individual who reported to Uber that she had been assaulted by Brandon |

| | | |
|---|---|---|
| | | Sherman; and (2) references or derives information from the deposition testimony of several of Uber's 30(b)(6) witnesses regarding Uber's legally-protected trade secrets and confidential business information, the public disclosure of which would cause Uber commercial and economic harm. |
| Affidavit of Sumerle Pfeffer Davis<br><br>(Dkt. No. 237-02) | 3:24, 3:26, and 6:2 | Compelling reasons exist to seal the identified portions of this affidavit because it contains personally identifiable that may identify a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman. |
| Certain portions of Plaintiff's Memorandum of Points and Authorities in support of Opposition to Defendants' Motion for Summary Judgment<br><br>(Dkt. No. 237) | 6:4-9, 8:19-24, 11:4, 11:9, 12:26-27, 13:5-14, 13:16-22, 14:12-14, and 14:21-22. | Compelling reasons exist to seal portions of Plaintiff's Memorandum of Points and Authorities in support of Opposition to Defendants' Motion for Summary Judgment because it contains highly sensitive, proprietary and confidential information regarding Uber's business and marketing strategies relating to the third-party ride request feature in the Uber App, rider and driver survey information, product development plans, non-public proposed UX design changes, and business data compilations. Public disclosure of this information would be of value to Uber's competitors and would harm Uber's competitive advantage.  This pleading also includes a discussion of studies Uber conducted to assess what safety tools in the rider version of the Uber App were most useful to riders. Information and documents related to these studies and surveys is highly sensitive |

| | | and reveals information about user reliance on and perceptions regarding various features in the Uber App and overall rider experience.  This is highly sensitive business information that is not publicly available.  Other portions of this pleading implicate the privacy rights of a third-party individual who reported to Uber that she had been assaulted by Brandon Sherman and may either identify the third-party individual, or otherwise publicly disclose information that could cause her harm or embarrassment. |

4.     None of the information that Defendants seek to seal was subject to a prior sealing order which the Court denied.

Executed this 1st day of September 2022, in Brooklyn, New York.

I declare under penalty of perjury that the foregoing is true and correct.

/s/ Julian Feldbein-Vinderman
Julian Feldbein-Vinderman

**CERTIFICATE OF SERVICE**

I, Kathy Stevens, declare:

I am a citizen of the United States and employed in Los Angeles, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 1888 Century Park E, Ste. 1700, Los Angeles, CA 90067. I hereby certify that on the date given below, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send electronic notification of such filing to the following persons:

**DECLARATION OF JULIAN FELDBEIN-VINDERMAN IN SUPPORT OF PLAINTIFF'S SECOND AMENDED ADMINISTRATIVE MOTION TO SEAL EXHIBITS AND PLEADINGS IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [L.R. 79-5(f)(3)]**

WALKUP, MELODIA, KELLY &                    Attorneys for Plaintiff,
SCHOENBERGER                                Jane Doe
Matthew D. Davis
Sara M. Peters
Andrew P. McDevitt
Kelsey Constantin
600 California Street, 26th Floor
San Francisco, CA  94108-2615
Phone: (415) 981-7210
Fax: (415) 391-6965
Email: mdavis@walkuplawoffice.com
Email: speters@walkuplawoffice.com
Email: amcdevitt@walkuplawoffice.com
Email: kconstantin@walkuplawoffice.com

Executed on September 1, 2022, at Los Angeles, California.

By: */s/ Kathy Stevens*
Kathy Stevens