June 7, 2024

**SHOOK**
HARDY & BACON

*Via ECF*
The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Michael B. Shortnacy
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
t 424.285.8330
mshortnacy@shb.com

Re:   *In re: Uber Technologies, Inc., Passenger Sexual Assault Litig.*, Case No. 3:23-md0384-CRB

Judge Cisneros:

    Uber submits this statement in support of Lyft's opposition to Plaintiffs' subpoena. As Lyft stated in its objections and in the June 4, 2024 meet and confer with Plaintiffs and Uber, held as directed by the Court, the Lyft subpoena is overbroad, duplicative, and premature. Uber agrees with Lyft's stated objections, as those objections mirror those made by numerous third parties that were the target of Plaintiffs' subpoenas: (1) Plaintiffs are improperly imposing burdens on third parties, (2) Plaintiffs refuse to narrow or take reasonable steps to protect third parties from unnecessary burdens, and (3) the subpoenas are impossibly overbroad preventing reasonable compliance. Uber submits this statement to provide context on the status of first party discovery, which is relevant to Lyft's objections.

    As discussed in Uber's letter briefs filed concurrently herewith (and Lyft's objections), Plaintiffs should seek documents and communications to or from Uber through party discovery, not from third parties. *E.g., Athalonz, LLC v. Under Armour, Inc.*, No. 23-MC-80324-LJC, 2024 WL 628846, at *5-7 (N.D. Cal. Feb. 14, 2024) (Cisneros, J.). That party discovery process in the MDL is ongoing. Uber's responses to Plaintiffs' first set of document requests are not due until June 27, 2024 and substantial completion of Uber's document production for those requests is not due until September 1, 2024. Negotiations between Uber and Plaintiffs on search terms to be used to search for potentially relevant documents and the custodians from whom potentially responsive information should be searched, are ongoing. In the June 4, 2024 meet and confer between Lyft, Plaintiffs, and Uber, Plaintiffs could not answer Lyft's questions regarding whether they had already received in party discovery several categories of documents they are also seeking from Lyft. Nor have Plaintiffs explained why they believe the Lyft subpoena is appropriate when most or all of the documents requested in the Lyft subpoena are also requested in Plaintiffs' document requests to Uber. Uber believes that Plaintiffs should seek these documents through party discovery, and use the appropriate dispute resolution tools (meet and confers and PTO 8 submissions) if Plaintiffs believe that Uber's productions are objectionable or inadequate, and Plaintiffs are entitled to relief from the Court.

Sincerely,
By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
mshortnacy@shb.com