UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER GRANTING DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(B)**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

# [PROPOSED] ORDER

Having considered Defendants' Motion to Certify the Court's May 20, 2024 Order for Interlocutory Appeal, all other papers and evidence submitted in support and opposition, the pertinent pleadings and papers on file in this action, and the arguments of counsel, and all other matters presented to the Court, it is hereby **ORDERED** that the Motion is **GRANTED**.  The May 20, 2024 Order denying Defendants' Terms of Use Motion involves a controlling question of law as to which there is substantial ground for difference of opinion, and an immediate appeal from the Order may materially advance the ultimate termination of the litigation. The Court therefore certifies the following issue for interlocutory appeal:

> Whether the Non-Consolidation Clause in Uber's Terms of Use is unenforceable because of the public policy underlying 28 U.S.C. § 1407.

Accordingly, the Court's May 20, 2024 Order is hereby amended to include the following sentence:  The Court is of the opinion that this order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, and is therefore certified for appeal pursuant to 28 U.S.C. § 1292(b), and this action is stayed pending resolution of appellate proceedings.

**IT IS SO ORDERED.**

Date: _____, 2024

_____
HON. CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE