1 | RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2 | **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3 | 535 Mission Street, 24th Floor
    San Francisco, CA 94105
4 | Telephone: (628) 432-5100
    Facsimile:  (628) 232-3101
5 |
    ROBERT ATKINS (*Pro Hac Vice* admitted)
6 |     ratkins@paulweiss.com
    CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7 |     cgrusauskas@paulweiss.com
    ANDREA M. KELLER (*Pro Hac Vice* admitted)
8 |     akeller@paulweiss.com
    **PAUL, WEISS, RIFKIND, WHARTON**
9 |     **& GARRISON LLP**
    1285 Avenue of the Americas
10 | New York, NY 10019
    Telephone: (212) 373-3000
11 | Facsimile:  (212) 757-3990

12 | *Attorneys for Defendants*
    UBER TECHNOLOGIES, INC.;
13 | RASIER, LLC; and RASIER-CA, LLC

14 |
    [Additional Counsel Listed on Signature Page]
15 |

16 
17                    **UNITED STATES DISTRICT COURT**

18                    **NORTHERN DISTRICT OF CALIFORNIA**

19                    **SAN FRANCISCO DIVISION**

20 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB
    PASSENGER SEXUAL ASSAULT |
21 | LITIGATION | **DEFENDANTS UBER TECHNOLOGIES,**
     | **INC., RASIER, LLC, AND RASIER-CA,**
22 | This Document Relates to: | **LLC'S STATEMENT IN SUPPORT OF**
     | **PLAINTIFFS' ADMINISTRATIVE**
23 | ALL ACTIONS | **MOTION TO CONSIDER WHETHER**
     | **ANOTHER PARTY'S MATERIAL**
24 |  | **SHOULD BE FILED UNDER SEAL**
25 |  | Judge:      Hon. Lisa J. Cisneros
     | Courtroom:  G – 15th Floor
26 
27 
28

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local 79-5(f)(3) and (c)(1) and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated June 5, 2024, ECF 591.

## I. BACKGROUND AND REQUESTED SEALING

On June 5, 2024, Plaintiffs filed an Administrative Motion to consider whether certain materials designated as confidential by Uber should be sealed. *See* ECF 591 & 592. These materials include:

| Document | Description | Designating Party |
|---|---|---|
| The Parties' Letter Brief re: the Production of Safety Data and Statistics | Portions of briefing referring to documents the Parties filed under seal | Uber |
| Exhibit [C] to the Parties' Letter Brief | A document produced and marked by Uber as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by Uber in this litigation. | Uber |
| Exhibit [D] to the Parties' Letter Brief | The declaration of Katherine MacDonald filed under seal in Case No. CJ-21-005188. | Uber |
| Exhibit [G] to the Parties' Letter Brief | The declaration of Randall Luskey filed under seal in Case No. CJ-21-005188. | Uber |

Where a filing party moves to seal because a document has been designated as confidential by another party, the designating party must file a statement and/or declaration within seven days of the motion's filing providing a "specific statement of the applicable legal standard <u>and</u> the reasons for keeping a document under seal." Local Rule 79-5(c)(1); *see also id.* at 79-5(f)(3).

As discussed below, in accordance with the Court's direction, Uber seeks to seal the confidential materials listed above, including portions of the Parties' Letter Brief containing redacted material and corresponding Exhibits C, D & G. (ECF 592). Each of these documents contain confidential and commercially sensitive business information that will harm Uber's competitive standing if widely distributed.

## II.   APPLICABLE LEGAL STANDARD

When courts consider motions to seal records attached to non-dispositive motions like the Plaintiffs' motion (ECF 591), they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a filing connected to a discovery motion that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; *see also Brown* v. *Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *cf. United States* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." (citation omitted)). Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It "gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

### III. REASONS FOR KEEPING REQUESTED MATERIAL UNDER SEAL

Portions of the Parties' Letter Brief that contain redacted material and corresponding Exhibits C, D & G should be sealed under the good cause standard. [ECF 592]. Each of these documents contains non-public information, including commercially sensitive and business information and trade secrets. *See* Shortnacy Decl. ¶¶ 3-7. Uber has a legitimate interest in sealing in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

**A. Uber's Competitive Standing in a Highly Competitive Market Will Be Injured if Sealing Is Denied**

The public disclosure of the Parties' Joint Letter Brief containing redacted material and corresponding Exhibits C, D and G includes highly confidential information that will cause undue harm if publicly disseminated. *See* Shortnacy Decl. ¶ 7.

**Exhibit C to the Parties' Letter Brief:** A Slide deck with title "CommOps Monthly Business Review – November 2018." *Id.* at ¶ 4. It consists solely of non-public information that is economically and commercially sensitive, and contains trade secrets, confidential research and development information, technical analysis, and strategic business planning information and was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *Id.*

**Exhibit D to the Parties' Letter Brief:** A Declaration by Katherine MacDonald that has been filed under seal in Case No. CJ-21-005188 (the Uber JCCP) and contains wholly non-public information that is confidential research and development information, technical analysis, and strategic business planning information. *Id.* at ¶ 5.

**Exhibit G to the Parties' Letter Brief:** A Declaration by Randall Luskey that has been filed under seal in Case No. CJ-21-005188 (the Uber JCCP) and contains non-public information that detail Uber's disclosure of corporate systems. *Id.* at ¶ 6.

In its entirety, disclosure of any of these materials will significantly harm Uber's competitive standing by revealing highly confidential, nonpublic information about Uber's proprietary business practices. Sealing is justified to avoid these harms under these circumstances. *Cf.* Local Rule 79-5(c)(1)(ii).

### B. A Less Restrictive Alternative to Sealing Is Not Sufficient

No less restrictive alternative to sealing portions of the Parties' Letter Brief and corresponding Exhibits C, D & F is sufficient. *Cf.* Local Rule 79-5(c)(1)(iii). The materials that Uber proposes sealing contains sensitive information that Uber's statement is intended to protect from public dissemination. *See* Shortnacy Decl. ¶ 7. As such, actions short of sealing would be insufficient to protect Uber's competitive standing and the privacy interests of the parties to the settlement agreements.

### IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that portions of the Parties' Letter Brief containing redacted materials and corresponding Exhibits C, D & F be maintained under seal.

DATED: June 12, 2024                        Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
     MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com

---

5
DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                                                 Case No. 3:23-MD-3084-CRB

1 | 
2 | 
3 | 
4 | 
5 | 
6 | 
7 | 
8 | 
9 | 
10 | 

**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                                    Case No. 3:23-MD-3084-CRB