June 14, 2024

The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-0384-CRB
        Third Party Subpoena to 7x7 Experience, Inc.

Judge Cisneros:

Plaintiffs properly served 7x7 Experience, Inc. ("7x7 Experience") with a Rule 45 subpoena seeking relevant, proportional documents. In accordance with the Court's Order, ECF 574, Plaintiffs submit this letter in support of their third-party subpoena to 7x7 Experience.

## I.     Background

7x7 Experience is a vendor that provides "quality improvement courses" for Uber drivers.[1] When Uber drivers are deactivated, Uber offers drivers the ability to reactivate their accounts by completing such "courses" and submitting photos of their "certificate" of completion.[2] On average, however, the course takes only "one to three hours" to complete.[3] 7x7 Experience states that its courses have aided "over 150,000" deactivated drivers in "getting back on the road," including with improved star ratings.

This litigation concerns hundreds of sexual assaults by Uber drivers against Uber passengers. Plaintiffs allege that Uber has continued to employ drivers who engaged in inappropriate behavior, sexual harassment, or even sexual assault despite knowledge of this conduct, including by only temporarily suspending or deactivating drivers and that its star-rating system often conceals this history. *See*, *e.g.*, Master Compl. ¶¶ 27, 283, 288–93, 300, 312, 314–16.

It has become evident that Uber's document retention policies will result in inadequate document productions. *See* ECF 190 at 7–8, ECF 345 at 17. Moreover, Uber has been noncompliant with the process of adding relevant custodians who would have information relevant to the third parties Plaintiffs subpoenaed. *See* ECF 607 at 2. The Federal Rules and the Scheduling Order also contemplate third-party

---

[1] 7x7 Experience, *Quality Improvement Course*, https://www.7x7experience.com/uber/ (last accessed June 10, 2024).
[2] Uber, *Quality Improvement Courses for Reactivation*, https://help.uber.com/driving-and-delivering/article/quality-improvement-courses-for-reactivation/?nodeId=9deed9cc-6221-43f8-b699-aaf0d0653569 (last accessed June 10, 2024).
[3] *Id*.

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C
Kansas
Florida
Minnesota

discovery and party discovery proceeding contemporaneously, not in separate stages. To preserve their ability to timely obtain necessary documents, on May 22, 2024 Plaintiffs served a third party subpoena on 7x7 Experience to obtain documents related to these claims in the possession, custody, and control of 7x7 Experience. *See* ECF 611-1. 7x7 Experience served objections on May 7, 2024 and then, on May 22, 2024, supplemental objections. *See* ECF 611-2; Ex. C, ECF 611-3.

## II.  Efforts to Minimize Burden

In order to minimize the potential burden on 7x7 Experience as a nonparty, Plaintiffs did the following:

- Plaintiffs requested that Uber produce documents responsive to the subpoena requests to the extent Uber had responsive documents in its possession. However, neither Uber nor 7x7 Experience would confirm that Uber *did* have responsive documents in its possession, let alone which documents might be producible by Uber in the first instance.

- Plaintiffs agreed not to seek documents on training materials related to vehicle operation (e.g., rules of the road, navigation) and food delivery (Uber eats), such that the remaining documents, based on Plaintiffs' understanding of the scope of 7x7 Experience's work, should be confined only to documents germane to the claims and defenses at issue in this MDL. *See* Fed. R. Civ. P 26(b)(1) (allowing discovery relevant to claims and defenses raised).

- Plaintiffs invited 7x7 Experience to identify other categories of documents that it believes are not relevant, so that Plaintiffs could consider withdrawing such requests. 7x7 Experience declined and indicated that it was standing on its objections.

## III.  Argument

***Uber's Standing.***[4] The Court should disregard *all* of Uber's arguments related to relevance and burden. Parties lack standing to object to subpoenas issued to non-parties based on relevance or burden. *Doe v. Kaiser Found. Health Plan. Inc.*, 2023 WL 8174480, at *3 (N.D. Cal. Dec. 17, 2023); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019).[5] Uber says that it has

---

[4] This argument applies equally to Uber's arguments relating to *all* third-party subpoenas. In an effort to use the Court's time efficiently, Plaintiffs will not repeat this section in each of its other letter briefs but instead incorporates in by reference into each of the others.

[5] Uber incorrectly asserts, based on *Glass Egg Digital* and a line of "similar" cases that "parties have standing, and the Court can grant the same relief with a Rule 26 protective order, which Uber moves for in the alternative." ECF 611 at 5. In reality, a party may move for relief under Rule 26 *only* to the extent it asserts that "its own interest is jeopardized." *Glass Egg Digital*, 2019 WL 2499710, at *5. Thus, Uber cannot argue that Rule 26 gives it standing to challenge the subpoena on grounds of breadth, relevance,

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C
Kansas
Florida
Minnesota

standing to challenge the relevance and burden of the subpoena because its "privacy interests" are implicated. *See* ECF 611 at 2. But the sole Northern District case cited for this assertion involved *non-*party challenges to a subpoena.[6]

The burden and relevance arguments belong to the subpoenaed party, alone, not to Uber.

***Confidentiality.*** To the extent Uber contends the subpoena implicates any proprietary or trade secret information of it or 7x7 Experience, it has failed to sustain its burden.[7] First, the party claiming proprietary information or trade secret protection must identify with particularity the reasons why the requested documents are so sensitive that they cannot be disclosed. *Doe v. Kaiser Found. Health Plan, Inc.*, 2023 WL 8714880, at *4 (N.D. Cal. Dec. 17, 2023); *In re Samsung Elecs. Co.*, 2022 WL 425579, at *4 (N.D. Cal. Feb. 11, 2022). Neither Uber nor 7x7 Experience has made any attempt to do so; instead, Uber has asserted on a general level that the subpoena seeks "technical data on workflow processes" and "driver eligibility data" which it labels as "proprietary" without explaining why this would be. ECF 611 at 1. Uber does not explain why other requested documents, for example, the videos that 150,000 rideshare drivers have viewed, are "proprietary," though this may have to do with the fact that "information disclosed to third parties has by definition lost its secrecy." *Doe*, 2023 WL 8714880, at *4.

Second, even if Uber could demonstrate that the requested documents were proprietary, it must then show that the protective order in this case is insufficient to address the asserted privacy interest. *See Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (Sept. 26, 2012); *see also Gonzales*, 234 F.R.D. at 686–87 (granting motion to compel and stating that parties would need to show why "confidential" designation was insufficient to protect confidentiality of information under protective order, if at all). Here, Uber has made no effort.

***Relevance.*** The "quality improvement" program allows drivers with low ratings to increase their ratings—a practice Plaintiffs allege is used to conceal a history of reports or complaints of inappropriate behavior, such as sexual harassment or even assault. Master Compl. ¶¶ 27, 283, 288–93, 300, 312, 314–16. The "quality improvement" program exists for the *express purpose* of getting deactivated drivers back on the road. Here, Plaintiffs assert, among other causes of action, negligence, fraud, and failure to warn, that concern Uber's knowledge of the risk to which its passengers were exposed, including by drivers who had been reported to Uber for previous inappropriate behavior, including sexual harassment or sexual assault. *Id.* Information about how, why, and to what extent Uber was working with an outside vendor to intentionally place these individuals "back on the road" with passengers is directly relevant to these claims. For example, documents and communications related to Uber's selection and qualification

---

or burden. *Id.* Uber has made no attempt to identify its own interests beyond vague assertions regarding purportedly "proprietary" documents.

[6] *Gonzales v. Google, Inc.*, 234 F.R.D. 674 (N.D. Cal. 2006) (nonparty); *see also Jacoby v. Bd. of Supers. of Univ. of Louisiana Syst.*, 2023 WL 8843087 (E.D. Cal. Dec. 21, 2023) (nonparty).

[7] Uber certainly has no standing to assert trade secret protections on behalf of 7x7 Experience.

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW | Third Floor  
Washington, D.C  
20016  

T: (202) 792-7927  
D: (612) 424-9900  
F: (202) 792-7927  
nighgoldenberg.com  

Washington D.C.  
Kansas  
Florida  
Minnesota

of 7x7 Experience as a vendor are relevant to Uber's motivation for its "quality improvement" program. Likewise, documents and communications related to the administration of the "quality improvement" program on 7x7 Experience's end, as well as the content of the training provided, the quiz, and the metrics of the program (i.e. pass/fail rates, reasons for entry into the program) are relevant to the scope of the program and the extent to which deactivated drivers were being placed into the program and, consequently, in vehicles with vulnerable passengers.

***Burden/Party Discovery.*** During the June 5, 2024 meet and confer, Plaintiffs requested that Uber identify whether it had documents subject to the requests within its possession and, if so, produce them, Neither counsel for Uber nor 7x7 Experience was able to confirm, however, whether Uber possessed materials responsive to the requests. Based on the discovery conducted to date, Plaintiffs have good reason to believe that the requested documents will not be produced by Uber. *See*, *e.g.*, ECF 190 at 7–8, ECF 345 at 17.

Whether or not it has the documents, Uber has not confirmed that it will produce them, including specifically: the library of training videos available to deactivated Uber drivers as part of the "quality improvement" program; the quiz taken by deactivated Uber drivers as part of the "quality improvement" program; any payment related data about vendor 7x7 Experience; or metrics on the "quality improvement" program run through 7x7 Experience.

Accordingly, Plaintiffs reasonably believe that 7x7 Experience is the only entity in possession of these documents. Plaintiffs are under no obligation to wait until the conclusion of party discovery—at which point, of course, Uber would surely argue that Plaintiffs are beyond the deadline to subpoena third parties—to seek these documents from 7x7 Experience or otherwise verify the completeness of Uber's production. *Viacom Intern., Inc. v. YouTube, Inc.*, 2008 WL 3876142m at *3–4 (N.D. Cal. Aug. 18, 2008) ("there is no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in defendants' possession" particularly where the defendant's poor record keeping "raises questions about the completeness of its files"); *see also Knoll*, 2012 WL 4466543, at *2 (rejecting argument that discovery would be "duplicative" because plaintiff was entitled to "verify the accuracy" of defendants' reports and defendant had not demonstrated that sales figures were "fully and completely produced").

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW | Third Floor  
Washington, D.C  
20016  

T: (202) 792-7927  
D: (612) 424-9900  
F: (202) 792-7927  
nighgoldenberg.com  

Washington D.C.  
Kansas  
Florida  
Minnesota

Dated: June 14, 2024

Respectfully submitted,

By: */s/ Marlene J. Goldenberg*
  Marlene J. Goldenberg
  Samantha V. Hoefs
  **NIGH GOLDENBERG RASO & VAUGHN PLLC**
  14 Ridge Square NW, Third Floor
  Washington, D.C. 20016
  Telephone: (202) 978-2228
  Facsimile: (202) 792-7927
  mgoldenberg@nighgoldenberg.com
  shoefs@nighgoldenberg.com

By: */s/ Sarah R. London*
  Sarah R. London (SBN 267083)
  **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
  275 Battery Street, 29th Floor
  San Francisco, CA 94111-3339
  Telephone: (415) 956-1000
  Facsimile: (415) 956-1008
  slondon@lchb.com

By: */s/ Rachel B. Abrams*
  Rachel B. Abrams (SBN 209316)
  **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
  555 Montgomery Street, Suite 820
  San Francisco, CA 94111
  Telephone: (415) 426-5641
  Facsimile: (415) 840-9435
  rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
  Roopal P. Luhana
  **CHAFFIN LUHANA LLP**
  600 Third Avenue, 12th Floor
  New York, NY 10016
  Telephone: (888) 480-1123
  Facsimile: (888) 499-1123

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

luhana@chaffinluhana.com

*Counsel for Plaintiffs*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota