

June 14, 2024

The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-0384-CRB
      Third Party Subpoena to Checkr, Inc.

Judge Cisneros:

Plaintiffs served a proper Rule 45 subpoena on third party Checkr, Inc. ("Checkr") seeking relevant, proportional discovery that Plaintiffs reasonably anticipated could not be obtained from Defendants in this litigation. In accordance with the Court's Order, ECF 574, Plaintiffs submit this letter in support of their third-party subpoena to Checkr.

### I.     Background

Checkr is a consumer reporting agency that performs background checks on Uber drivers.[1] Plaintiffs assert various negligence-based causes of action against Uber premised on Uber's use of third-party vendors like Checkr that perform inadequate background checks of drivers. *See*, *e.g.*, Master Compl. ¶¶ 17, 160, 163, 165–66, 216, 365. It has become evident that Uber's document retention policies will result in inadequate document productions. *See* ECF 190 at 7–8, ECF 345 at 17. Moreover, Uber has been noncompliant with the process of adding relevant custodians. *See* ECF 607 at 2. The Federal Rules and the Scheduling Order also contemplate third-party discovery and party discovery proceeding contemporaneously, not in separate stages. To preserve their ability to timely obtain necessary documents, on April 19, 2024, Plaintiffs served a third-party subpoena on Checkr to obtain documents related to these claims in the possession, custody, and control of Checkr. *See* ECF 604 at 7–16. Plaintiffs provided an extension to May 31 and Checkr served its objections on May 30. *Id.* at 17–37.

### II.    Efforts to Minimize Burden

Plaintiffs undertook the following efforts to minimize the burden on Checkr as a third party:

---

[1] Uber, *Background Check Status*, https://help.uber.com/driving-and-delivering/article/background-check-status?nodeId=d4232c15-e78c-4e88-afa1-d6a7f348d492 (last accessed June 10, 2024); Checkr, *Help with Uber Background Check*, https://help.checkr.com/hc/en-us/articles/16460256094615-Help-with-Uber-background-check (last accessed June 10, 2024).

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



- Plaintiffs limited the subpoena to 2014 to present.[2]

- Plaintiffs proposed withdrawing, without prejudice, requests for consumer reports on individuals.[3]

- Plaintiffs proposed a process whereby Uber could identify the responsive information in its possession and Checkr would produce only the documents uniquely in its possession either because Uber never had them, or no longer does. Checkr declined this proposal.

- Plaintiffs offered Checkr the opportunity to identify any category of documents requested that it believed were irrelevant so Plaintiffs could withdraw or narrow their requests. Plaintiffs identified to Checkr the basis of the relevance of the document requests but allowed that Checkr may be aware of certain categories of documents that would *not* be relevant. Checkr has not provided any such examples to Plaintiffs.

- Plaintiffs requested—separately from ongoing party discovery efforts—that Uber commit to producing documents responsive to the subpoena to Checkr and identify custodians who liaised with Checkr but Uber did not commit to producing any of the documents responsive to the subpoena request or producing any additional custodians beyond the current party discovery negotiations.

### III. Argument

***Uber's Standing.*** The Court should disregard *all* of Uber's arguments related to relevance and burden. Parties lack standing to object to subpoenas issued to non-parties based on relevance or burden. *Doe v. Kaiser Found. Health Plan. Inc.*, 2023 WL 8174480, at *3 (N.D. Cal. Dec. 17, 2023); *Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 2499710, at *5 (N.D. Cal. June 17, 2019).

***Relevance.*** Discovery obtained from non-parties under Rule 45 has the same scope as any other discovery, so a party can subpoena documents concerning any non-privileged matter relevant to any party's claim or defense. *In re Rule 45 Subpoenas Issued to Google LLC and Linkedin Corp. Dated July 23,* 2020, 337 F.R.D. 639, 645 (N.D. Cal. 2020). The requests to Checkr seek documents pertaining to the scope, efficacy, and cost of Uber's background check program with Checkr, as well as its vendor

---

[2] Checkr asserts that this was "not a compromise." ECF 604 at 3 (emphasis in original). However, because Checkr contends that the subpoena seeks information "for the entire time that Checkr has been operating," *id.*, this clarification is important in terms of limiting Checkr's burden.

[3] Checkr asserts that this too, was "not a compromise." ECF 604, at 3 (emphasis in original). However, the background checks on individual drivers who assaulted plaintiffs in this litigation are directly relevant to this litigation, particularly for trial picks. To the extent not retained by Defendants, Plaintiffs will renew this request or make a request that Defendants obtain the reports from Checkr directly.

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



qualification procedures. For example, Plaintiffs requested documents related to audits of the background checks Checkr performed for Uber and any trending analyses Checkr performed; Plaintiffs clarified for Checkr that these documents had *not* been produced by Uber. As Plaintiffs repeatedly explained, Uber's background check program is a central component of Plaintiffs' claims in this litigation. *See, e.g.*, Master Compl. ¶¶ 17, 160, 163, 165–66, 216, 365. To the extent any documents somehow related to these topics are not relevant, Plaintiffs welcomed the opportunity to discuss with Checkr how there may be carve-outs, but Checkr did not provide any examples other than background checks of employees, which Plaintiffs had already withdrawn.

**Burden/Party Discovery.** The position that Plaintiffs must first exhaust party discovery before issuing third party subpoenas should be rejected. Neither Rule 26 nor Rule 45 require a party to exhaust all avenues of party discovery before serving subpoenas. *Viacom Intern. Inc. v. YouTube, Inc.*, 2008 WL 3876142, at *3–4 (N.D. Cal. Aug. 18, 2008) (rejecting argument that plaintiffs must first exhaust party discovery as "without merit" and stating that there is "no general rule that plaintiffs cannot seek nonparty discovery of documents likely to be in a defendant's possession."); *see also Knoll, Inc. v. Moderno, Inc.*, 2012 WL 4466543, at *2 (N.D. Cal. Sept. 26, 2012) (rejecting argument that discovery would be "duplicative" because plaintiff was entitled to "verify the accuracy" of defendants' reports and defendant had not demonstrated that sales figures were "fully and completely produced"); *see also Roberts v. Cnty. of Riverside*, 2021 5993528, at *8 (C.D. Cal. Oct 7, 2021) (rejecting argument that, because information sought was allegedly available from other sources, including parties, subpoena must be quashed).[4] Even so, Plaintiffs *did* verify during the meet and confer process that the party discovery received to date was incomplete.

Checkr asserts that Plaintiffs "failed to identify <u>any</u> gaps in Defendants' production to date." ECF 604 at 3 (emphasis in original). In fact, on June 5, Plaintiffs identified documents responsive to subpoena requests numbers 3, 4, 5, 6, and 8 that had not been produced by Defendants including specifically invoices and auditing/monitoring documents.[5] The whole point of Plaintiffs' proposal was to afford Uber the opportunity which documents it had *and commit to producing them*, but neither Checkr nor Uber were willing to work with Plaintiffs to make this happen. Instead, upon being notified that documents *were* missing from Uber's production, just as Plaintiffs had suggested, Plaintiffs were met with silence.

---

[4] Where a defendant's poor record keeping "raises questions about the completeness of its files" and neither the defendant nor the third party have provided any reason to believe that the defendant has retained all documents or communications exchanged with a subpoena recipient, the use of a third party subpoena to seek those documents from a third party is appropriate. *Viacom*, 2008 WL 3876142, at *3. In addition, the third party's files "may contain different versions of documents, additional material, or perhaps significant omissions" from the defendant's own files. *Id.* (quoting *Visto Corp. v. Smartner Info. Sys., Ltd.*, 2007 WL 218771, at *3 (N.D. Cal Jan. 29, 2007).

[5] By contrast, Plaintiffs determined that contracts between Checkr and Uber, which had been requested, were already produced and informed Checkr that Plaintiffs would not seek contracts from Checkr.

Nigh Goldenberg Raso & Vaughn, PLLC   T: (202) 792-7927        Washington D.C.
14 Ridge Square NW | Third Floor       D: (612) 424-9900        Kansas
Washington, D.C                         F: (202) 792-7927        Florida
20016                                   nighgoldenberg.com       Minnesota



***Cost-shifting.*** Checkr argues that the subpoena is unduly burdensome because Plaintiffs did not offer to cover the cost of production. Cost-shifting is not appropriate. Courts consider: "(1) whether the nonparty has an interest in the outcome of the case; (2) whether the nonparty can more readily bear its costs than the requesting party; and (3) whether the litigation is of public importance." *Callwave Comms., LLC v. Wavemarket, Inc.*, 2014 WL 2918218, at *5–6 (N.D. Cal. June 26, 2014) (quoting *In re Exxon Valdez*, 142 F.R.D. 380, 383 (D.D.C. 1992)). Here, Checkr's interests are aligned with Uber, because Plaintiffs alleged that the background checks performed by vendors like Checkr were inadequate and contributed to sexual assault; thus, Checkr has an interest in this claim *not* being established. Further, Checkr, which boasts "180M in annual revenue and a 2B valuation"[6] can more readily bear its costs than Plaintiffs, who are individual survivors of sexual assault. Finally, the litigation concerns sexual assaults that resulted from institutional failures by corporations like Uber and Checkr—an issue indisputably of public importance. If cost shifting is to be applied against any party, it should instead be applied against Uber, as Uber contends that it has several categories of documents that it also refuses to produce.

---

[6] Checkr, *Design at Checkr*, https://www.design.checkr.com/about-checkr#:~:text=Checkr%20has%20run%2080%2B%20million,revenue%20and%20a%202B%20valuation, (last accessed June 10, at 2024).

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



Dated: June 14, 2024                     Respectfully submitted,

By: */s/ Marlene J. Goldenberg*
   Marlene J. Goldenberg
   Samantha V. Hoefs
   **NIGH GOLDENBERG RASO & VAUGHN PLLC**
   14 Ridge Square NW, Third Floor
   Washington, D.C. 20016
   Telephone: (202) 978-2228
   Facsimile: (202) 792-7927
   mgoldenberg@nighgoldenberg.com
   shoefs@nighgoldenberg.com

By: */s/ Sarah R. London*
   Sarah R. London (SBN 267083)
   **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
   275 Battery Street, 29th Floor
   San Francisco, CA 94111-3339
   Telephone: (415) 956-1000
   Facsimile: (415) 956-1008
   slondon@lchb.com

By: */s/ Rachel B. Abrams*
   Rachel B. Abrams (SBN 209316)
   **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
   555 Montgomery Street, Suite 820
   San Francisco, CA 94111
   Telephone: (415) 426-5641
   Facsimile: (415) 840-9435
   rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
   Roopal P. Luhana
   **CHAFFIN LUHANA LLP**
   600 Third Avenue, 12th Floor
   New York, NY 10016
   Telephone: (888) 480-1123

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota