

June 14, 2024

The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:     *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-0384-CRB
         Third Party Subpoena to Sara Peters

Judge Cisneros:

In accordance with the Court's Order, ECF 574, Plaintiffs submit this letter in support of their third-party subpoena to Sara Peters.

## I.     Background

Sara Peters, a member of the MDL Plaintiffs' Steering Committee in this MDL, ECF 152, is also counsel of record for Plaintiff Jane Doe in *Doe v. Uber Technologies, Inc.*, 3:19-cv-03310-JSC (N.D. Cal.). Discovery in *Doe*, including deposition testimony, is also relevant to the allegations in this MDL. In *Doe*, the plaintiff was sexually assaulted by a former Uber driver who had two separate complaints for sexually assaulting passengers during the time that he was operating as an authorized Uber driver. *See Doe v. Uber Techs., Inc.*, 2022 WL 4281363, at *1 (N.D. Cal. Sept. 14, 2022). In her capacity as counsel for Ms. Doe, Ms. Peters obtained sworn testimony from Uber employees concerning the prevalence of sexual assault by Uber drivers, user perception of Uber safety and safety features, and Uber's knowledge of the same. Peters Decl. ¶¶ 7, 10, 12-13. Additionally. Ms. Peters obtained sworn testimony concerning Uber's policies and practices related to handling reports of sexual assault, including its policy to allow drivers to continue driving even after a credible report of sexual assault. Peters Decl. ¶¶ 6, 10, 11. She also obtained testimony regarding relevant recordkeeping by Uber. Id. ¶ 14. Plaintiffs' subpoena aims to permit *Ms. Peters* to produce documents *to herself* in her MDL capacity. It is entirely nonsensical for Uber to ask Ms. Peters to "know" something in one case and to "not know it" in another.

To date, Uber has produced a limited set of documents pertaining to the *Doe* litigation; this set of documents does *not* include any deposition transcripts. Peters Decl. ¶ 9. And nor does this set of documents appear to be complete. Id. ¶ 5. The subpoena will allow counsel to cross-check Uber's PTO 5 production against the complete set of documents produced in *Doe*. Because the documents, including deposition transcripts, from the *Doe* case are subject to a protective order, Ms. Peters cannot use them in this litigation or share them with her colleagues on the PSC absent an order from this Court. In accordance with established procedures, Plaintiffs served a subpoena on Ms. Peters who has possession, custody, and control of documents relevant and proportional to this litigation—and who does not object to their production—so that the Court may enter an order permitting Ms. Peters to produce the

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927

nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



documents. This is the least burdensome way of obtaining these documents, which Ms. Peters is willing to produce quickly and at no expense to any party.

II.      Argument

***Availability of Discovery.*** Uber takes the position that counsel appearing in one litigation should feign ignorance of documents in their possession, custody, and control when working on other litigations involving the same position. The law does not require the Court or Ms. Peters to partake in this charade. More generally, parties are entitled to obtain discovery from cases involving the same defendants where there is "significant factual and legal overlap" by issuing subpoenas to parties involved in those cases. *E.g.*, *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017); *see also Hall v. Marriott Int'l, Inc.*, 2021 1906464, at *8 (S.D. Cal. May 12, 2021) (granting requests for deposition transcripts, written discovery, and production of documents where causes of action were similar though based on different states' laws). Indeed, at the inception of *this* litigation, Judge Breyer ordered Uber to produce documents produced in other sexual assault cases. ECF 175 at 4. Consistent with this Order, Plaintiffs now merely seek the related deposition transcripts.

The subpoena on Ms. Peters seeks information directly relevant to the claims at issue in the MDL.

Plaintiffs allege that they were assaulted by drivers who had a history of prior inappropriate behavior, including sexual misconduct, on the Uber app; that Uber sought to create a perception that the Uber app was "safe" through the use of functionalities that did not truly improve rider safety; and that the risk of their sexual assaults was foreseeable. Master Compl. ¶¶ 10, 12, 17, 34, 117–19, 191, 364, 467, 485. In the *Doe* case, Ms. Peters obtained discovery about the multiple prior assaults committed by her client's assailant while he drove for Uber, as well as data Uber collected about users' perceptions of safety and perceptions of its safety features, *See*, *e.g.*, *Doe*, 3:19-cv-03310-JSC [Dkt. 201], at 8. In this litigation, Plaintiffs have serious concerns about Uber's document retention practices. For example, Uber has disclosed that despite ongoing litigation (like the *Doe* case), it did not retain documents for more than six months. ECF 190 at 7–8, ECF 345 at 17. Ms. Peters *has* data and information from Uber from 2022 and earlier and does not object to producing it. *Doe*, 3:19-cv-03310-JSC [Dkt. 201], at 8. This relevant, available information should be produced due to the substantial overlap with the relevant facts and legal issues in this litigation.

Uber argues that the subpoena is an "end run" around the discovery process analogous to that in *Burns v. Bank of America* and *Lemoine v. Mossberg Corp*. In *Burns*, however, the plaintiffs sent a corporate defendant discovery requests and (improperly communicating with an opposing party's employee) sent an identical set of requests to the employee in the form of a subpoena. 2007 WL 1589437, at *13 (S.D.N.Y. June 4, 2007). Similarly, in *Lemoine*, the plaintiffs served a subpoena on the wholly owned subsidiary of the defendant in the litigation. 2020 WL 3316119, at *1 (D. Conn. June 18, 2020). In this case, Plaintiffs are merely asking to dispense with a farce. Ms. Peters is Plaintiffs' counsel in multiple cases proceeding against Uber, including this one and should no longer be forced to act as if entire swaths

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



of discovery that she possesses in her office *do not exist* while working on this litigation and not the *Doe* case.

**Protective Order.** Uber argues that the Court should "respect the protective order in the *Doe* case." ECF 612 2. But that protective order does not preclude any other court from ordering production of *Doe* documents in another litigation. *See* 3:19-cv-03310-JSC, at 9. It merely provides that "the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" *before a determination by the court from which the subpoena or order issued.*" *Id.* (emphasis added). That is, the protective order merely requires that, before turning over documents pursuant to a subpoena, the subpoena-issuing court first issue an order.

Moreover, to the extent that the confidentiality of the documents at issue must be maintained, they may be deemed confidential under the MDL protective order. Uber has not explained why documents produced in the Northern District of California and produced to Ms. Peters in her capacity as counsel for Ms. Doe cannot be produced in the Northern District of California to Ms. Peters in her capacity as a PSC member and subject to a protective order negotiated by Uber. *See Realtek Semiconductor Corp. v. LSI Corp.*, 2014 WL 4365114, at *2–3 (N.D. Cal. Sept. 3, 2014) (rejecting argument that "the subpoena seeks confidential information subject to a protective order" because "the protective order in place in both lawsuits provides sufficient protection for whatever confidential information is included in the materials at issue."); *see also Gonalzes v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (requiring demonstration that protective order in litigation was insufficient to protect confidentiality of documents).

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

**NGRV** NIGH GOLDENBERG RASO & VAUGHN

Dated: June 14, 2024                               Respectfully submitted,

                                          By: */s/ Marlene J. Goldenberg*
                                              Marlene J. Goldenberg
                                              Samantha V. Hoefs
                                              **NIGH GOLDENBERG RASO & VAUGHN PLLC**
                                              14 Ridge Square NW
                                              Third Floor
                                              Washington, D.C. 20016
                                              Telephone: (202) 978-2228
                                              Facsimile: (202) 792-7927
                                              mgoldenberg@nighgoldenberg.com
                                              shoefs@nighgoldenberg.com

                                          By: */s/ Sarah R. London*
                                              Sarah R. London (SBN 267083)
                                              **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
                                              275 Battery Street, 29th Floor
                                              San Francisco, CA 94111-3339
                                              Telephone: (415) 956-1000
                                              Facsimile: (415) 956-1008
                                              slondon@lchb.com

                                          By: */s/ Rachel B. Abrams*
                                              Rachel B. Abrams (SBN 209316)
                                              **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
                                              555 Montgomery Street, Suite 820
                                              San Francisco, CA 94111
                                              Telephone: (415) 426-5641
                                              Facsimile: (415) 840-9435
                                              rabrams@peifferwolf.com

                                          By: */s/ Roopal P. Luhana*
                                              Roopal P. Luhana
                                              **CHAFFIN LUHANA LLP**
                                              600 Third Avenue, 12th Floor



                                                                          New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota