UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Order Relates To:<br>ALL ACTIONS | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER DENYING JOINT DISCOVERY LETTER REGARDING CUSTODIANS**<br><br>Re: Dkt. No. 607 |

Pending before the Court is a joint discovery letter concerning custodians filed by Plaintiffs and Defendants Uber Technologies, Inc.; Raiser, LLC; and Raiser-CA, LLC (together, Uber) pursuant to Pretrial Order (PTO) No. 8. Dkt. 607. Plaintiffs object to Uber's position in the May 24, 2024 Joint Case Management Statement (Dkt. No. 563) that it can only meet PTO No. 5's September 1, 2024 substantial completion deadline by limiting review and production to a current set of 29 custodians. This set of custodians substantially overlaps with custodians that have been prioritized and identified by the parties in the parallel California state court coordinated cases, California Judicial Council Coordination Proceeding No. 5188 (Uber JCCP). Plaintiffs ask for an order authorizing them to select 50 additional custodians from a list of 100 potential custodians whom they have identified as potentially having relevant information. *Id.* at 2; *see* dkt. 607-8. Uber, on the other hand, seeks an order limiting the custodians to its proposed list of 29 custodians for purposes of satisfying its obligation to substantially complete production in response to Plaintiffs' First Set of Requests for Production. Dkt. 607 at 4.

Plaintiffs argue that Uber's proposal to limit substantial completion to only 29 custodians is deficient. *Id.* at 2. Uber contends that Plaintiffs' claims in the JCCP are nearly identical to those in the MDL, and thus aligning the custodians with those that have been identified and agreed

to in the JCCP logically follows. Dkt. 607 at 4.  Plaintiffs disagree.  They argued in part at the hearing that there are different claims, and that the MDL is national in scope, as opposed to the JCCP's focus on California.

Plaintiffs' request is **DENIED** without prejudice.  The Court is guided by the parameters set in Rule 26(b)(1) and (b)(2)(B) and (C) of the Federal Rules of Civil Procedure.  These parameters include relevancy, proportionality, cost concerns, and the risk of unreasonably duplicative discovery.  Plaintiffs have provided reasons to believe that 100 custodians may have relevant information, Dkt. 607-8, but they have not demonstrated that their request for 50 unspecified custodians within that group is proportionate to the needs of the case.  Uber has presented evidence of significant cost burdens.  The number of custodians sought creates a real risk that discovery will be unreasonably duplicative.  That risk is acute because Plaintiffs would like to select 50 custodians unilaterally out of 100 potential custodians whom they have identified, and this group of 50 custodians would be in addition to 29 custodians Uber has identified.  *See* Dkt. 607 at 2.  Nor have Plaintiffs demonstrated that this request is proportionate considering the importance of the information that the 50 unspecified custodians possess, the issues at stake in this MDL, the parties' resources, and the expense involved.

Uber's request is also **DENIED** without prejudice.  Uber characterizes its proposed list of 29 custodians as essentially an already agreed upon and litigated group of custodians from the JCCP.  This is a gloss.  Many of the proposed 29 custodians have been identified and prioritized in the JCCP after a deposition, a motion to compel, and negotiations in that proceeding.  The JCCP parties, however, are still disputing which custodians are necessary for discovery.  *See* Dkt. 607-15 at 44.  The initial group of custodians in the JCCP does not necessarily reflect the full scope of custodians that would be appropriate in this MDL given that this case is national in scope and includes different claims.

The parties have a continuing obligation to meet and confer in good faith to negotiate and agree upon a final list of custodians in this MDL.  The Court rejects Uber's suggestion to limit custodians without providing Plaintiffs a meaningful opportunity to suggest additional custodians to fill in any gaps in the production.  Uber shall respond to the rationales that Plaintiffs have put

forward with respect to 50 custodians that Plaintiffs would like to prioritize for further negotiations. The parties shall pay particular attention concerns regarding duplicative and cumulative discovery. On June 28, 2024 at 9:00 am in Courtroom G in San Francisco, the parties shall convene in person to negotiate an agreement with respect to the custodians. If the parties reach an agreement before then, they shall be excused from the in person meet and confer. The Court DENIES Plaintiffs' request to record the parties' meet and confer sessions. The Court will inquire about the parties' progress at the discovery hearing on June 21, 2024 at 11:30 am.

The parties shall also appear at 10:00 am on July 18, 2024 for a Discovery Status Conference via Zoom. No later than July 11, 2024, the parties shall file a joint status report that updates the Court regarding the status of discovery, the parties' progress in meeting discovery deadlines, any issues or challenges to discovery that the parties have encountered that may impact the discovery schedule, and any outstanding disputes.

**IT IS SO ORDERED.**

Dated: 6/14/2024

LISA J. CISNEROS
United States Magistrate Judge