RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL THE JOINT DISCOVERY LETTER AND EXHIBITS FOR THE CLAWBACK CHALLENGE**<br><br>Judge:          Hon. Lisa J. Cisneros<br>Courtroom:    G – 15th Floor |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL THE JOINT DISCOVERY LETTER AND EXHIBITS FOR THE CLAWBACK CHALLENGE
Case No. 3:23-MD-3084-CRB,

1    Pursuant to Pretrial Order No. 14 entered in this case, dated April 24, 2024, ECF 396 ("PTO
2    14") and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective
3    Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"),
4    respectfully submit this Administrative Motion to Seal the Joint Discovery Letter and Exhibits for the
5    Clawback Challenge, dated June 24, 2024, ECF 663. Plaintiffs have consented to this motion.

6    On June 24, 2024, Uber filed a Joint Discovery Letter asking for the Court to uphold their
7    claims of privilege over three documents.  Uber respectfully requests that the Court seal the following
8    submissions:

| Document | Description | Designating Party |
|---|---|---|
| The Parties' Letter Brief re: Clawback Challenge | Portions of briefing referring to documents the Parties filed under seal | Uber |
| Ex. 1 UBERMDL3084-0000933385 | A document subject to the Clawback Challenge produced and marked by Uber as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY by Uber in this litigation. | Uber |
| Ex. 2 UBERMDL3084-000093391 | A document subject to the Clawback Challenge produced and marked by Uber as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY in this litigation. | Uber |
| Ex. 3 UBERMDL3084-000093421 | A document subject to the Clawback Challenge produced and marked by Uber as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" in this litigation. | Uber |

PTO 14 requires that when there is a Clawback Challenge "[t]he joint discovery letter brief must be filed under seal."  ECF 396, at 3. Here, the documents that Plaintiffs dispute as privileged are provided as exhibits, and there is additional good cause for the Court to seal those documents.  Each of these documents contain confidential, privileged, and commercially sensitive business information if they were widely distributed.

When courts consider motions to they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a filing connected to a discovery motion that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; *see also Brown* v. *Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *cf. United States* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." (citation omitted)). Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It "gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

"Good cause" exists for sealing the documents here.  First, PTO 14 requires that these documents be sealed.  ECF 396, at 3.  Second, there is no dispute that Exhibits 1 and 2 contain attorney-client privileged information.  Shortnacy Decl. ¶¶ 16, 17.  Third, Exhibit 3 is similarly an internal document that Uber claims attorney-client privilege and it further contains confidential information as noted by the "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" designation.  Shortnacy Decl. ¶ 18.  Plaintiffs' have not challenged that designation.  Each of these documents contains non-public information, including commercially sensitive and business information. Uber has a legitimate interest in sealing in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

No less restrictive alternative to sealing portions of the Parties' Letter Brief and corresponding Exhibits 1, 2, & 3 is sufficient. *Cf.* Local Rule 79-5(c)(1)(iii). The material that Uber proposes sealing contains sensitive information that this Administrative Motion is intended to protect from public dissemination. As such, actions short of sealing would violated PTO 14 and be insufficient to protect Uber's competitive standing.

For the foregoing reasons, Uber respectfully requests that the Court order that portions of the Parties' Letter Brief containing redacted materials and corresponding Exhibits 1, 2, and 3 be maintained under seal.

1    DATED: June 24, 2024             Respectfully submitted,

2                                        **SHOOK HARDY & BACON L.L.P.**

3                                        By: */s/ Michael B. Shortnacy*

4                                            MICHAEL B. SHORTNACY

5                                      MICHAEL B. SHORTNACY (SBN: 277035)
                                       mshortnacy@shb.com

6                                        **SHOOK, HARDY & BACON L.L.P.**
                                       2121 Avenue of the Stars, Suite 1400

7                                        Los Angeles, CA 90067
                                       Telephone: (424) 285-8330

8                                        Facsimile: (424) 204-9093

9                                      PATRICK OOT (Admitted *Pro Hac Vice*)
                                       oot@shb.com

10                                      **SHOOK, HARDY & BACON L.L.P.**
                                       1800 K St. NW Ste. 1000

11                                      Washington, DC 20006
                                       Telephone: (202) 783-8400

12                                        Facsimile: (202) 783-4211

13                                      KYLE N. SMITH (*Pro Hac Vice* admitted)
                                       ksmith@paulweiss.com

14                                      JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
                                       jphillips@paulweiss.com

15                                      **PAUL, WEISS, RIFKIND, WHARTON**
                                         **& GARRISON LLP**

16                                      2001 K Street, NW
                                       Washington DC, 20006

17                                      Telephone: (202) 223-7300
                                       Facsimile:  (202) 223-7420

18                                      *Attorney for Defendants*
                                     UBER TECHNOLOGIES, INC.,

19                                      RASIER, LLC, and RASIER-CA, LLC

20

21

22

23

24

25

26

27                                            5