RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL THE JOINT DISCOVERY LETTER AND EXHIBITS FOR THE CLAWBACK CHALLENGE**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:    G – 15th Floor |

I, Michael B. Shortnacy having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the State of California, the State of New York, and the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. I respectfully submit this declaration in support of Uber's PTO 14 Letter to clawback five Privileged Documents that were inadvertently produced on March 8, 2024.

3. On May 7, 2024, Plaintiffs sent Uber a letter regarding PTO5, specifically Uber's privilege redactions. Plaintiffs argued there were undisclosed privilege redactions placed on certain produced documents. While Plaintiffs acknowledged there were redactions made on the ground of legal privilege, Plaintiffs said that Uber had not yet produced a privilege log from that underlying case. Plaintiffs cited one of the Privileged Documents as an example illustrating this point.

4. Upon investigating Plaintiffs' questions, and unbeknownst to Uber, the document Plaintiffs' cited was privileged and inadvertently produced. Specifically, the first page of the document had a slip sheet containing only the words "Withheld for Privilege." The document also contained conspicuous privilege labels on successive pages. Given this document was inadvertently produced, Uber expanded its investigation for similar documents that may have been inadvertently produced. In turn, Uber identified four additional documents that were inadvertently produced in the same March 8 production. These documents all had the same first page slip sheet containing only the words "Withheld for Privilege." In addition, all five documents had prominent indicators of attorney-client privilege such as the words "Attorney-Client Privilege and/or Attorney Work Product" in page headers (sometimes in conspicuous red font) and some combination of bolded black labels stating "AC Privileged," "Privileged and Confidential," and "Attorney Work Product." Moreover, on each page of all of the five separate documents (UBER-MDL-3084-000093375-UBERMDL3084-000093431), there is a conspicuous Bates label from the *Jane Doe v.*

*UTI* litigation, Case No. 2020-67824 (Harris Cnty. D. Ct. Tex.) case indicating that the document was part of a privilege log.

5. On May 10, 2024, Uber sent its Notice of Clawback. In the letter, it explained the Privileged Documents were never produced in the *Jane Doe v. UTI* litigation, Case No. 2020-67824 (Harris Cnty. D. Ct. Tex.), thus do not meet the requirements of PTO5; and the documents reflect privileged communications between Uber employees and Uber's in-house legal counsel. Uber expressed its disappointment that, despite unambiguous privilege markers, "Plaintiffs continued reviewing and handling these documents without immediately notifying us that you possess material that appeared to be privileged." Uber's Clawback Letter, at 3 (Ex. A).

5. On May 20, 2024, Plaintiffs served a Notice of Clawback Challenge. The notice baldly stated that the reasons that Uber provided were "insufficient." Plaintiffs failed to provide any context as to why they were challenging the claims of privilege. Plaintiffs' Notice of Clawback Challenge, at 3 (Ex. B). Plaintiffs claimed that "the mere fact that documents were withheld in earlier litigation … does not allow them to be withheld in this MDL." *Id.* They also noted that the mere presence of an attorney on a document does not automatically implicate privilege. *Id.* Of note, however, Plaintiffs failed to identify what information they did not have to evaluate claims of privilege in their Notice of Clawback Challenge.

6. On May 30, 2024, Uber sent its Response to the Notice of Clawback Challenge ("Uber's Challenge Response"). In the Response Letter, Uber reaffirmed that the Texas court had ruled that four of the five inadvertently produced Privilege Documents were privileged when challenged by the *Doe* plaintiff. Uber's Challenge Response, at 3.

7. Uber's Challenge Response also provided the basis for the privilege claims for each document, as well as enclosed the hearing transcript that contained the Texas court rulings, and supplied previously–filed declarations supporting the claims of privilege. Additionally, for each of the 4 documents, Uber pointed Plaintiffs to, and cited, the Texas court's consistent rulings that these 4 documents are privileged. For document UBER-MDL3084-000093375, Texas court ruled "that the content, the substance of this is privileged." Ex. 3, at 4. For documents UBER-MDL3084-

3

1  000093385 and UBER-MDL3084-000093391, that trial court stated "I'm going to sustain the privilege
2  claim." Ex. 3, at 5. And, for document UBER-MDL3084-000093397, the Texas court "sustain[ed]
3  privileges" for it. *Id.*

4      8.    Also, on May 30, 2024, Uber offered to meet and confer with Plaintiffs about the
5  Clawback Challenge. Uber provided the following dates: June 3, 2024 and June 4, 2024.

6      9.    On June 3, 2024, Plaintiffs responded stating they needed more information about an
7  exhibit to Uber's Challenge Response and offered to meet and confer on June 6, 2024.

8      10.    On June 5, 2024, Uber provided the requested additional information. Thereafter,
9  Plaintiffs canceled the June 6 meeting and proposed to meet on June 7, 2024. Due to a scheduling
10 issue, the parties agreed to meet and confer on June 10, 2024.

11     11.    At the June 10 meet and confer, and having failed to provide any basis in their
12 Clawback Challenge, Plaintiffs were unwilling to provide the basis for challenging the privilege
13 claims. Uber re-emphasized its efforts of providing Plaintiffs the Texas hearing transcript and
14 previously-filed declarations for four documents ruled on by the Texas court. However, Plaintiffs did
15 not ask about the merits of the privilege claims. Instead, they largely asked Uber to confirm items
16 that were publicly filed in the *Doe* case and whether Uber contended the documents are privileged in
17 their entirety (which Uber had already clarified in the Notice of Clawback). When asked about the
18 bases for their challenges, Plaintiffs' counsel responded – that is "not what the meet and confer
19 process is about." They also admitted to not having sufficient information to state any reasons they
20 believed the privilege claims are insufficient.

21     13.    In response, Uber explained it had already provided the necessary information on
22 May 30, 2024, in its Challenge Response and supporting documentation.

23     14.    One week after the meet and confer, on June 17, 2024, Plaintiffs conceded that three
24 of the Privileged Documents contained privileged communications. *See* Ex. 9. On June 18, 2024,
25 Uber provided its draft of the letter brief. *See* Ex. 9. The same day, Plaintiffs withdrew their
26 objection to clawing back Uber-MDL3084-00009339. The next day, on June 19, 2024, Plaintiffs
27 withdrew their clawback challenge to UBER-MDL3084-000093375. *See* Ex. 9.

28

15. It was not until June 17, 2024, the night before Uber circulated its letter brief, that Plaintiffs provided any explanation as to why they were challenging the merit of any privilege claims. And, in doing so, they agreed that three of the Privileged Documents contained privileged communications.

16. A true and accurate copy of the document UBERMDL3084-0000933385 that is the subject of the Clawback Challenge is attached hereto as **Exhibit 1**. It is undisputed that it contains attorney-client privileged communications, andUber designated the document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as it contains Uber's internal and confidential information. A Texas court also ruled that the document was privileged.

17. A true and accurate copy of the document UBERMDL3084-000093391 that is the subject of the Clawback Challenge is attached hereto as **Exhibit 2**. It is undisputed that it contains attorney-client privileged communications, andUber designated the document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as it contains Uber's internal and confidential information. A Texas court also ruled that the document was privileged.

18. A true and accurate copy of the document UBERMDL3084-000093421 that is the subject of the Clawback Challenge is attached hereto as **Exhibit 3**. The document is conspicuously marked in bold, red font as "ATTORNEY CLIENT PRIVILEGED" and Uber has previously withheld the document on that basis. Uber designated the document as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" as it contains Uber's internal and confidential information.

19. A true and accurate copy of Uber's Notice of Clawback, as emailed by Uber's counsel to Plaintiffs' counsel on May 10, 2023, is attached hereto as **Exhibit 4.**

20. A true and accurate copy of Plaintiffs' Notice of Clawback Challenge, as emailed by Plaintiffs' counsel to Uber's counsel on May 20, 2023, is attached hereto as **Exhibit 5.**

21. A true and accurate copy of Uber's Response to the Notice of Clawback and its four exhibits, as emailed by Uber's counsel to Plaintiffs' counsel on May 30, 2023, are attached hereto as **Exhibit 6.**

22. A true and accurate copy of Uber's May 30, 2024, privilege log is attached hereto as **Exhibit 7.**

23. A true and accurate copy of a June 19, 2024 email from Plaintiffs' counsel, Tiffany Ellis, to Uber's counsel Re: Privilege Clawback M&C is attached hereto as **Exhibit 8**.

24. A true and accurate copy of the Declaration of Nicole Benincasa, Esq. in support of Uber's PTO 14 Letter brief executed on June 18, 2024 is attached hereto as **Exhibit 9.**

25. A true and accurate copy of Pretrial Order 14, ECF 396, is attached hereto as **Exhibit 10**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 24, 2024.                    By: */s/ Michael B. Shortnacy*
                                                   Michael B. Shortnacy