IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

_____/

This Order Relates To:

ALL ACTIONS

Case No. 23-md-03084-CRB

**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO CERTIFY INTERLOCUTORY APPEAL**

Re: Dkt. No. 614

On February 9, 2024, the Court filed a motion in which Uber argued, in relevant part, that its Terms of Use Agreement barred some (and possibly most) plaintiffs from "participating" in coordinated or consolidation proceedings, including this MDL. Uber requested that the Court dismiss or transfer cases brought by plaintiffs who had assented to its "Non-Consolidation Clause." On May 20, the Court denied the motion. See Pretrial Order No. 15 (dkt. 543).

On June 7, Uber filed a motion to certify an interlocutory appeal of that order, and plaintiffs filed an opposition on June 21. Uber asks that the Court stay MDL proceedings pending its appeal.

Uber's motion is granted in part and denied in part. The primary question addressed in Pretrial Order No. 15—that is, whether Uber's "Non-Consolidation Clause" must be enforced by an MDL transferee court through the dismissal or transfer of cases coordinated with the MDL proceedings—meets the criteria for interlocutory appeal under 28 U.S.C. § 1292(b). That is a question of law, and it is a "controlling" question: it could

materially affect the outcome of this litigation because it could dictate whether many plaintiffs' claims are adjudicated in this MDL or whether they are adjudicated elsewhere. There is substantial ground for difference in opinion on this issue, which is a matter of first impression not governed by any explicit statutory command or controlling precedent. And an immediate appeal would materially advance the ultimate termination of this litigation.

Uber's motion is denied insofar as it seeks a stay of MDL proceedings pending decision on its appeal. A stay is unwarranted for the reasons given in the order denying Uber's previous motion for a stay. See Pretrial Order No. 7 (dkt. 255).

**IT IS SO ORDERED.**

Dated: June 25, 2024

CHARLES R. BREYER
United States District Judge

2