UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER RE: JULY 18, 2024 DISCOVERY STATUS CONFERENCE** |

The Court has reviewed the parties' Joint Status Report submitted in advance of the Discovery Status Conference set for July 18, 2024, at 10 a.m.  Dkt. No. 693.  The parties shall be prepared to discuss the following at the Discovery Status Conference:

- A tentative deadline of July 31, 2024, for the production of sexual assault and sexual misconduct data and related documents pursuant to the Court's order.  *See* Dkt. Nos. 683, 684.

- What redactions, if any, does Uber propose for the incident reports to be produced as part of the sexual assault and sexual misconduct data production and for any other discovery?  The Court notes that redactions for relevance are highly disfavored in this District.  *See Shenwick v. Twitter, Inc.*, No. 16-CV-05314-JST (SK), 2018 WL 833085, at *3 (N.D. Cal. Feb. 7, 2018) ("In general, courts frown upon the practice of redacting irrelevant information from documents based on one party's unilateral assessment of relevance"); *Live Nation Merch., Inc. v. Miller*, No. 13-CV-03936 CW (NC), 2014 WL 1877912, at *3 (N.D. Cal. May 9, 2014) (finding that "unilateral redaction" of information based on relevance, privacy interests, and confidentiality concerns was "disfavored, and a protective order could ensure the confidentiality of sensitive information"); *In re High-Tech Emp. Antitrust Litig.*, No. 11-CV-2509-LHK, 2013 WL 12230960, at *1 (N.D. Cal. Mar. 15, 2013) (ordering defendants to produce "any documents that they have redacted for lack of relevance and/or responsiveness in their un-redacted form.").

- Next steps for resolution of any remaining third-party subpoena disputes, including any arguments made by the parties in their Joint Letter Regarding Third-Party Subpoenas as to the Court's authority to resolve nonparty requests for relief from the subpoenas where compliance is required outside of this District.  *See* Dkt. No. 598.

- What is the most recent status update on the parties' ongoing negotiations as to search terms?  Do the parties anticipate submitting any search term disputes to the Court for

resolution?

- The Joint Status Report indicates that the MDL Plaintiffs and JCCP Plaintiffs will work together to identify 46 of the 55 total custodians, and that Plaintiffs would provide a list of custodians by July 12 (or 15 at the latest). Dkt. No. 693 at 2. Did Plaintiffs provide this list? The parties should be prepared to discuss preliminary thoughts on the identity of all custodians, and whether they anticipate potential disputes on this issue.

**IT IS SO ORDERED.**

Dated: July 16, 2024

LISA J. CISNEROS
United States Magistrate Judge

2