UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RE: DISCOVERY RELATED DEADLINES AND MANAGEMENT** |

On July 18, 2024, the Court held a Discovery Status Conference with the parties regarding several discovery issues raised in their Joint Status Report. *See* Dkt. No. 693. The Court issues this Order to address several of aspects of discovery discussed at the Status Conference, outstanding disputes that have not been resolved, and to set firm deadlines and move the case forward expeditiously and efficiently.

**I.  THIRD-PARTY SUBPOENA DISPUTES**

Per the Court's order at the Status Conference, the parties are to meet and confer by July 31, 2024, as to the next tranche of nonparty subpoena disputes that they propose should be briefed for the Court's consideration and resolution. The parties shall file a joint letter of no more than five pages by August 2, 2024, with either a joint proposal, or competing proposals, of next steps as to this issue.

**II.  SEARCH TERMS**

At the Status Conference, the Court set a deadline for the parties to finish their meet and confer efforts as to search terms by July 26, 2024. Upon further consideration, the Court continues the deadline to August 2, 2024. If the parties are unable to reach an agreement by July 26, 2024, they shall appear at the Courthouse to continue their negotiations in person at 9:00 am

on July 30, 2024, or August 1 or 2, 2024.  The parties shall contact the Courtroom Deputy Clerk with their preferred date at LJCCRD@cand.uscourts.gov.

### III. PRODUCTION OF KNOWLEDGE BASE INDEX OR LIST OF POLICIES AND RELATED HOMEPAGES

The Court appreciates the parties' efforts to meet and confer to pinpoint the types of records that exist which are responsive to Plaintiffs' requests for company-wide policies and procedures.  To ensure that this issue is promptly resolved, Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC's (collectively, Uber) shall produce an index, list, table of contents, or some other comparable record, to the extent such records exist, of Uber's policies. Uber shall also produce related homepages that operationalize those policies.  To the extent that the index or list of policies and standard operating procedures are presented through web-based user interfaces, homepages, or something similar, a copy shall be produced to Plaintiffs in a form that the parties agree upon, whether that is a screenshot, PDF printout, or some other data format. Uber shall make these productions by July 26, 2024.

### IV. PRETRIAL ORDER NO. 5 PRODUCTION REDACTIONS

Pretrial Order No. 5 required Uber to reproduce documents to this MDL that it previously produced (1) in response to government inquiries related to sexual assault; and (2) in other sexual assault litigations.  In the parties' Joint Status Report and at the Status Conference, the parties updated the Court on their meet and confers efforts with respect to "scope" redactions Uber made to its document production in compliance with Pretrial Order No. 5.  Uber also made redactions to Pretrial Order No. 5 documents based on personal identifying information (PII), such names of drivers, phone numbers of Uber employees, etc.  These were not redactions made by Uber when the documents were originally produced to the respective government entities or in the prior litigation.  After hearing argument from both sides, the Court indicated that the parties seemed to be at an impasse on this issue, and they agreed.  Accordingly, the Court found that the parties have concluded with the meet and confer process as of July 18, 2024, and they shall file a joint discovery letter pursuant to procedures and timelines outlined in Pretrial Order No. 8.

## V. DISCOVERY RELATED TO U.S. SAFETY REPORTS

On July 9, 2024, the Court ordered Uber to produce data (including GPS information, trip date, and time) and documents related to incidents of alleged sexual assault and sexual misconduct occurring in the United States from 2017 to 2020 which had been reported to Uber. Dkt. Nos. 683, 684. The reported incidents from 2017 to 2020 were the subject of an audit by Uber that formed the basis for two Safety Reports that Uber published in 2019 and 2022. In assessing the alleged incidents, Uber adopted a taxonomy of twenty-one categories of sexual assault and sexual misconduct. However, the Safety Reports only reported on five categories which Uber deemed to be the most serious. In its briefing and in oral argument, Uber took the position that incident reports concerning the other sixteen categories of sexual assault and misconduct were not reliable and should not be subject to discovery. The Court rejected Uber's position while at the same time rejecting Plaintiffs' contention that they were entitled to all incident reports, including those unrelated to sexual assault or sexual misconduct.

At the Status Conference, Uber indicated that it planned to comply with the Court's order by producing PDF printouts of each incident report underlying the Safety Reports which the Court ordered Uber to produce. In advance of the Status Conference, Uber submitted to the Court via email (with a copy to Plaintiffs) an exemplar of how it intended to produce the incident reports. In response, Plaintiffs asserted their position that for Uber to comply with the Court's order, Uber had to produce data exports from three databases: JIRA, Bliss, and Zendesk. These are the databases in which the incident reports reside. In a sense, Plaintiffs appeared to request that Uber produce copies of the three databases with all incident reports included.

When the Court raised the possibility that the parties should meet and confer regarding the data production, Plaintiffs requested that Uber be ordered to produce all the fields associated with each database, as well as each corresponding decoder which explains the meaning of each field, so that the parties could meet and confer as to which fields were relevant, and which fields may contain potentially privileged information or personally identifying information (PII) that Uber may seek to redact or withhold.

To facilitate an effective meet and confer process, and advance the resolution of this

dispute, Plaintiffs' request for information about all fields contained on JIRA, Bliss, and Zendesk as well as the decoders is **GRANTED.** Uber shall produce this information no later than July 22, 2024, at 12 p.m. PST.

The parties shall then meet and confer by July 26, 2024, as to the issues raised at the Status Conference regarding Uber's compliance with the Court's order that it produce data concerning the alleged incidents of sexual assault and sexual misconduct from 2017 to 2020. In particular, the parties shall meet and confer regarding the production format of responsive incident reports, the relevant fields, redactions, or other methods to protect private or privileged information. The Court notes that to the extent Plaintiffs' request is for exports of all data contained on each of the three databases, which the Court understands would include incidents that do not involve sexual assault or sexual misconduct, the Court will not order such production. The parties should focus their meet and confer efforts on identifying database information relevant to Plaintiffs' claims. If the parties reach an impasse on or before July 26, 2024, they shall prepare a joint discovery letter pursuant to Pretrial Order No. 8.

With respect to the Court's order that Uber produce documents related to data and statistics underlying the 2019 and 2022 Safety Reports, Uber shall endeavor to complete production by July 31, 2024. If clarity is needed with respect to the scope of production, the parties shall meet and confer by July 26, 2024, and if necessary, file a stipulation with a proposed timeline for completing the production of such documents, or alternatively, a joint discovery letter pursuant to Pretrial Order No. 8.

**VI.   CLAWBACK CHALLENGE**

On June 24, 2024, the parties filed a joint discovery letter pursuant to Pretrial Order Nos. 14 and 8, in which Plaintiffs challenge Uber's claim of privilege over certain documents

//
//
//
//
//

inadvertently produced by Uber pursuant to Pretrial Order No. 5.  The parties shall appear for a hearing on the dispute via Zoom on July 25, 2024, at 10:00 am.

**IT IS SO ORDERED.**

Dated: 7/18/2024

_____
LISA J. CISNEROS
United States Magistrate Judge