UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RE: NONPARTY SUBPOENA DISPUTES**<br><br>Re: Dkt. No. 598 |

In this multidistrict litigation (MDL) proceeding, there are several pending nonparty subpoenas served by Plaintiffs requesting documents only where compliance with the subpoena is required outside of this District. The parties previously filed a joint letter addressing "whether the Court, pursuant to the JPML [Judicial Panel on Multidistrict Litigation] order, has authority to resolve nonparty requests for relief from the subpoenas where compliance is required outside of" the Northern District of California "and any proposals for streamlining the presentation of such disputes." Dkt. No. 598. Having considered the parties' submission and arguments, and all relevant authorities, the Court holds that it will hear motions to quash, modify, or enforce document-only subpoenas where (1) the responding nonparty consents to having the dispute filed in the first instance and adjudicated in this Court; (2) the JPML has transferred the motion to this Court; or (3) the district in which compliance is required has transferred the motion to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure. The Court also finds, for the reasons explained below, that the transfer of subpoena-related motions to this Court will serve the goals of justice, judicial economy, and efficiency in this MDL. Motions that meet the criteria above will be heard using Zoom to minimize the expense and burden on nonparties.

**I.     DISCUSSION**

Given the proliferation of subpoena-related disputes in this litigation, the Court must address the extent of its authority, as the MDL transferee court, to decide motions to quash, motions to modify, and/or motions to enforce document subpoenas. The Court begins by first reviewing the procedures established by Rule 45, which governs motions to quash, modify, or enforce a subpoena. A motion to quash or modify a subpoena must be brought in "the court for the district where compliance is required." Fed. R. Civ. P. 45(d)(3). A motion to enforce a subpoena must also be brought in the court where compliance is required. *See* Fed. R. Civ. P. 45(d)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection."). However, "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "The Advisory Committee Notes to Rule 45 make clear that the intention of the rule is to protect nonparties by enabling the local resolution of disputes about subpoenas, but also that 'transfer to the court where the action is pending is sometimes warranted.'" *Dr. Muhammad Mirza and Allied Medical and Diagnostic Services, LLC v. Yelp, Inc.*, No. 21-MC-80077-TSH, 2021 WL 2939922, at *2 (N.D. Cal. July 13, 2021) (quoting Fed. R. Civ. P. 45, Advisory Committee Notes on 2013 Amendments). "'Rule 45(f) provides that the court where compliance is required may do so' when protection of nonparties is unnecessary, as when nonparties subject to the subpoena consent to transfer to an issuing court." *Id.*

Several courts have recognized, however, that the statute which governs MDL proceedings, 28 U.S.C. § 1407, "provides different rules for discovery." *In re: Zantac (Ranitidine) Products Liability Litigation*, No. 20-MD-2924, 2022 WL 168574, at *2 (S.D. Fla. Jan. 19, 2022). "Where pretrial proceedings have been consolidated by the judicial panel on multidistrict litigation . . . '[s]uch coordinated or consolidated pretrial proceedings shall be conducted by a judge . . . to whom such actions are assigned . . .'" *In re Welding Rod Prod. Liab. Litig.*, 406 F. Supp. 2d 1064, 1066 (N.D. Cal. 2005) (quoting 28 U.S.C. § 1407(b)). "Further, that

judge 'may exercise the powers of a district judge in any district for the purpose of conducting pretrial depositions in such coordinated or consolidated pretrial proceedings.'" 28 U.S.C. § 1407(b). Under Section 1407(b), "an MDL court has the authority to enforce deposition subpoenas even if the court does not sit in the district where the deposition would be held." *In re: Zantac (Ranitidine)*, 2022 WL 168574, at *2 (citing *HCA, Inc. v. U.S. ex rel. Pogue*, No. 3:02-MC-0047, 2002 WL 31953748, at *3 (M.D. Tenn. Nov. 21, 2002)). On the other hand, "[c]ourts are split on the question of whether § 1407(b) also authorizes an MDL court to enforce a documents-only subpoena requiring compliance in a different district." *Id.* Some courts have found that "the rationale underlying the MDL statute of 'just and efficient' resolution of pretrial proceedings requires the conclusion that Section 1407(b)'s grant of authority applies to both deposition subpoenas and documents-only subpoenas." *U.S. ex rel. Pogue v. Diabetes Treatment Centers of Am., Inc.*, 444 F.3d 462, 469, n.6 (6th Cir. 2006). Others have held that Section 1407(b) "expands a transferee court's discovery powers only to pretrial depositions." *VISX, Inc. v. Nidek Co.*, 208 F.R.D. 615, 616 (N.D. Cal. 2002). This Court finds persuasive the reasoning in *U.S. ex rel. Pogue* and *In re Welding Rod Products Liability Litigation*, and holds that, pursuant to 28 U.S.C. § 1407(b), it may adjudicate motions to quash, modify, and/or enforce document-only subpoenas that require compliance outside the issuing district as part of its authority to conduct consolidated pretrial proceedings in this multidistrict litigation.

Next, the Court determines in which circumstances it would be permissible for it to exercise such authority to resolve out-of-district subpoena related disputes. First, Rule 45(f), as described above, provides that subpoena-related motions may be transferred by the court where compliance is required when the person or entity subject to the subpoena consents, or if the court where compliance is required finds exceptional circumstances. Fed. R. Civ. P. 45(f). If the nonparty consents, then the subpoena-related dispute may also be filed in the first instance in this Court. *See U.S. ex rel. Pogue*, 444 F.3d at 469 (noting that Section 1407(b) gave the MDL court "jurisdiction to entertain [Pogue]'s motions to compel compliance with his subpoenas duces tecum" filed in the MDL court). Second, where a subpoena-related motion has been filed in the district where compliance is required, the JPML also has the authority under 28 U.S.C. § 1407(a)

3

1  to transfer the dispute to the MDL court.  Indeed, the parties have proposed that litigants may seek
2  to transfer subpoena-related motions to this Court through the JPML transfer process.  They cite to
3  *In re Fosamax Prod. Liab. Litig.*, No. MDL 1789, 2009 WL 10711650, at *1 (U.S. Jud. Pan. Mult.
4  Lit. June 9, 2009) and *In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. MDL 2924, 2020 WL
5  12761382, at *2 (U.S. Jud. Pan. Mult. Lit. Dec. 15, 2020), two JPML orders transferring
6  subpoena-related actions to an MDL court.  In an MDL proceeding, nothing in Rule 45 limits the
7  jurisdiction of the transferee court to decide a discovery dispute that has been transferred by the
8  JPML.  Accordingly, this Court will decide motions to quash, enforce, or modify document-only
9  subpoenas when the nonparty subject to the subpoena consents, or when the motion has been
10 transferred to this Court by the JPML or the court in the district where compliance is required.[1]

11 Finally, the Court considers whether "just and efficient" proceedings will be promoted by
12 the transfer of subpoena-related motions from districts across the country to this MDL court.  This
13 MDL commenced on October 4, 2023, and thereafter this Court issued fifteen pretrial orders.  On
14 February 15, 2024, Plaintiffs filed their Master Long-Form Complaint against Defendants.  Dkt.
15 No. 269.  This Court has been actively managing discovery in this MDL for 8 months and has
16 resolved numerous discovery disputes.  Furthermore, there are pending motions to dismiss, and
17 this Court has had ample time to understand the nature of Plaintiffs' claims.  If subpoena-related
18 discovery disputes are heard in multiple districts across the country, that will require multiple
19 judges to get up to speed on the nature of the case.  Spreading the work will also increase the risk
20 of inconsistent results.  A recent status report indicated that there are potentially numerous
21 subpoena-related disputes.  *See* Dkt. No. 599.  The purpose the MDLs advance—just, as well as
22 efficient, pretrial proceedings—will also be served by considering nonparties' interests in
23 protecting themselves from undue burden and the disclosure of privileged material.  "The Ninth
24 Circuit has long held that nonparties subject to discovery requests deserve extra protection from
25 the courts."  *Maplebear Inc. v. Uber Technologies, Inc.*, No. 21-mc-80007-SK, 2021 WL

---

[1] The Court notes that nonparties did not participate in the briefing that led to this Order.  Any nonparty, however, will have the option to respond to, and oppose, a motion to transfer filed before the JPML or the district court where compliance is required.  *See* Rules 6.1, 6.2 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation; Fed. R. Civ. P. 45(f).

1845535, at *1 (N.D. Cal. Mar. 23, 2021) (citation omitted); *High Tech Med. Instrumentation, Inc. v. New Image Indus., Inc.*, 161 F.R.D. 86, 88 (N.D. Cal. 1995) (citing *United States v. C.B.S.*, 666 F.2d 364, 371–72 (9th Cir. 1982)).  In light of these considerations, the Court finds that transferring such subpoena-related motions to this Court will significantly promote the just and efficient conduct of the actions that have been consolidated in this MDL.

**IT IS SO ORDERED.**

Dated: July 27, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge