UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER RESOLVING OUTSTANDING DEPOSITION PROTOCOL DISPUTES**<br><br>Re: Dkt. Nos. 586, 587 |

Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, Uber) filed their respective proposals and briefing regarding a deposition protocol for this multi-district litigation (MDL).  Dkt. Nos. 299, 300.  The Court then issued an order which addressed some of the parties' disputes, but left others to be resolved after further argument and briefing.  Dkt. No. 371.  The Court ordered the parties to submit their respective updated proposals as to a deposition protocol that addressed issues flagged by the Court and indicated whether their proposals incorporate or differ from the positions of their JCCP counterparts in any manner.  Dkt. No. 520.  Subsequently, the parties filed their respective updated proposals and briefing.  Dkt. Nos. 586, 587.  The Court held a hearing on the matter on July 25, 2024.  Dkt. No. 748.  Having considered the parties' submissions and arguments, and all relevant authorities, the Court addresses the parties' disputes as stated below.

**I.     DISCUSSION**

    **A.     Plaintiff-Specific Depositions (Page 1, Footnote 1 and Section II.A.2)**

Plaintiffs request that the Court address "plaintiff-specific depositions" in a separate order.

//

//

Dkt. No. 586 at 2–3.[1]  They include in this bucket not just depositions of individual Plaintiffs, but also healthcare providers, and Uber employees who may have played a role in an individual Plaintiff's case, e.g., by handling their complaint to Uber.  *Id.*  Uber urges the Court to reject this phrase because it argues that it is an improper attempt to take an "additional undetermined number of depositions of Uber witnesses."  Dkt. No. 587 at 6.  There are two references to "plaintiff-specific depositions" that Plaintiffs make in their proposal which Uber challenges, one on page 1, footnote 1, and the other in Section II.A.2[2]:

| **Uber's Proposal** | **Plaintiffs' Proposal** |
|---|---|
| **Uber's Proposed Page 1, Footnote 1** | **Plaintiffs' Proposed Page 1, Footnote 1** |
| The Court anticipates entering a subsequent order addressing in more detail ***the depositions of Plaintiffs***, limitations on numbers and length of examinations of Plaintiffs and their health care providers, as well as any issues relating to identity of Plaintiff and disclosure of confidential documents to third parties. | The Court anticipates entering a subsequent order addressing in more detail ***plaintiff-specific depositions***, limitations on numbers and length of examinations of Plaintiffs and their health care providers, as well as any issues relating to identity of Plaintiff and disclosure of confidential documents to third parties. |

The Court adopts Plaintiffs' proposal as modified.  Plaintiffs' approach is better suited for this MDL because the proceedings in this transferee court are focused on common issues of fact and the presiding judge has phased discovery.  At this stage, discovery overseen by this Court has concerned Uber's conduct with respect to investigating and preventing incidents of sexual assault overall, and Uber's alleged systemic failures in addressing sexual assault against passengers.  The Court has not lifted the stay to allow Uber to conduct discovery on individual Plaintiffs.  *See* Dkt. 175 at 2.  A later phase in this litigation is the more appropriate time to address discovery, including plaintiff *and* witness depositions, to uncover facts that are specific to Plaintiffs' individualized allegations.  At that time, the Court may impose limitations as warranted, including

---

[1] Unless specified otherwise, the Court refers to the PDF page number generated by the Court's e-filing system.

[2] There is also a reference to "plaintiff-specific depositions" in Plaintiffs' proposal for Section II.B ("Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order."), which Uber requests be stricken in its entirety.  Because the Court incorporates part of Plaintiffs' proposed language into Page 1, Footnote 1, the language need not be included in Section II.B.

United States District Court
Northern District of California

restricting the number of depositions. Thus, Footnote 1 of Page 1 shall read as follows:

> The Court anticipates entering a subsequent order addressing in more detail the depositions of Plaintiffs and other plaintiff-specific witnesses, including their health care providers and any Uber employees or other individuals who were specifically involved in responding to the alleged incident. This subsequent order will address limitations on the number and length of examinations, as well as any issues relating to the identity of Plaintiff and disclosure of confidential documents to third parties.

| Uber's Proposal | Plaintiffs' Proposal |
| --- | --- |
| **Uber's Section II.A.2** | **Plaintiffs' Proposed Section II.A.2** |
| Sequencing of depositions noticed by Defendants, including ***depositions of Plaintiffs*** and other third-party witnesses such as health care providers, will be set by separate order. | Sequencing of ***plaintiff-specific depositions***, including depositions of health care providers, will be set by separate order. |

For the same reasons explained above, Plaintiff's proposed language for Section II.A.2 is adopted in full.

**B.     Number of Depositions (Section II.B)**

The parties disagree as to whether a cap should be set on the number of depositions of Uber witnesses. Plaintiffs argue that it is premature to set a limit and requests that the Court revisit the issue at a later stage of the litigation. Dkt. No. 586 at 4. In the alternative, Plaintiffs propose that the cap be set at 100 fact witnesses, including Rule 30(b)(6) witnesses. *Id.* Uber argues that deposition protocols in MDLs routinely set deposition caps in advance of or at the beginning of fact discovery and proposes that Plaintiffs should be limited to taking 30 depositions of former and current Uber employees, including Rule 30(b)(6) depositions. Dkt. No. 587 at 4–5. Plaintiffs contend that Uber's proposal "is not in line with the size, scope, and complexity of this litigation." Dkt. No. 586 at 4. The specific language of each party's proposal is detailed below.

| Uber's Proposal | Plaintiffs' Proposal |
| --- | --- |
| **Uber's Section II.B** | **Plaintiffs' Proposed Section II.B** |
| Plaintiffs may take up to thirty (30) witnesses including 30(b)(6) depositions of the Uber Defendants unless otherwise | The Court will not set any caps on the number of depositions of Uber witnesses at this time, but will revisit the issue in due |

| | |
|---|---|
| agreed to by the Parties or ordered by the Court.  ~~Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order.~~ | time.<br><br>[ALTERNATIVELY: Plaintiffs take may up to one hundred 100 fact depositions, excluding 30(b)(6) witness depositions, of the Uber Defendants, unless otherwise agreed to by the Parties or ordered by the Court.]  Limits on the number and duration of plaintiff-specific depositions will be set in a separate court order. |

The Court agrees with Plaintiffs that setting an absolute limit on the number of depositions is premature at this point in the litigation, especially given that Uber's document production is still in its early stages.  The Court will, however, set a "soft cap" on the number of depositions, an approach that has been taken by other MDL courts across the country handling equally complex, consolidated proceedings.  *See, e.g., In re Zantac (Ranitidine) Prod. Liab. Litig.*, 9:20-md-02924 (S.D. Fla. November 11, 2020), ECF No. 2260, at 4–5 (imposing a soft cap of 35 depositions or less per defendant).  Because Plaintiffs' Master Long-Form Complaint is national in scope and covers an extended period of time, the parties are in the early stages of document discovery, and this Court has reserved for a subsequent order limits on the number of plaintiff-specific depositions, the Court sets a soft cap of forty-five (45) depositions.

The following language shall be incorporated into Section II.B of the deposition protocol:

> Absent agreement of the parties or an Order of the Court, Plaintiffs shall be limited to 45 fact depositions of Uber witnesses, including 30(b)(6) witness depositions.  This number is a "soft cap," or a presumptive number subject to discussions between counsel for the parties to allow for additional depositions if there is good cause for such depositions, taking into account discovery already obtained, and whether or not additional depositions would be unreasonably cumulative or duplicative.  This number is not meant to be an absolute cut off of depositions and is intended to allow for the flexibility for additional depositions as dictated by the discovery process generally, including, but not limited to, the scope of discovery, document productions and supplementation thereto, and the ability of Uber's witnesses to adequately cover the timeframes and issues relevant to this litigation.

**C.   Duration of Depositions (Section II.B)**

The parties also disagree over whether there should be a limit on the length of depositions. Under Rule 30 of the Federal Rules of Civil Procedure, depositions are normally limited to "1 day

4

1  of 7 hours," unless "otherwise stipulated or ordered by the court." Fed. R. Civ. P. 30(d)(1). "The
2  court must allow additional time consistent with Rule 26(b)(1) and (2) if needed to fairly examine
3  the deponent or if the deponent, another person, or any other circumstance impedes or delays the
4  examination." *Id.* Here, Uber wants to abide by the "presumptive time limit codified in the
5  Federal Rules of Civil Procedure." Dkt. No. 587 at 7. Plaintiffs, however, challenge the fact that
6  the seven-hour limit would apply to both the MDL and JCPP Plaintiffs. Dkt. No. 586 at 3. They
7  argue that under Rule 30 and Cal. Civ. Proc. Code § 2025.290[3], the MDL and JCPP Plaintiffs are
8  entitled to seven hours each, in other words, a combined fourteen hours per witness, subject to
9  other agreement or order from the JCPP. *Id.* The parties' proposals are as follows, with the
10 disputed language emphasized:

| **Uber's Proposal**<br><br>**Uber's Section II.B** | **Plaintiffs' Proposal**<br><br>**Plaintiffs' Proposed Section II.B** |
|---|---|
| Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limit for depositions is seven (7) hours of direct examination by the Plaintiffs' attorneys *(7 hours for the combined examination of MDL and JCPP Plaintiff attorneys)* or by the Defendants' attorneys (7 hours for the combined examination of all Defendants' attorneys), in each case depending on whether a Plaintiff or Defendants noticed the deposition. The seven (7) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel. ***Additionally, Defendants agree that the Plaintiffs can designate 5 depositions that will last 10 hours and 3 that will last 14 hours.*** | Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limit for depositions is seven (7) hours of direct examination by the MDL Plaintiffs' attorneys *or fourteen (14) hours for the combined examination by MDL and JCPP Plaintiff attorneys (subject to agreement or Court order from the JCPP)* or by the Defendants' attorneys (7 hours for the combined examination of all Defendants' attorneys), in each case depending on whether a Plaintiff or Defendants noticed the deposition. The seven (7) hours of examination *(or 14 if combined examination by MDL and JCPP Plaintiff attorneys)* shall not include questioning by the party defending the deposition or other opposing counsel. |

---

[3] "Except as provided in subdivision (b), or by any court order, including a case management order, a deposition examination of the witness by all counsel, other than the witness' counsel of record, shall be limited to seven hours of total testimony. The court shall allow additional time, beyond any limits imposed by this section, if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." Cal. Civ. Proc. Code § 2025.290(a).

5

1    The parties' disagreement over a seven versus fourteen-hour limit also applies to any Rule
2   30(b)(6) testimony.

| Uber's Proposal | Plaintiffs' Proposal |
|---|---|
| Uber's Section II.B | Plaintiffs' Proposed Section II.B |
| It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants.  The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues).  For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice. ***Every seven (7) hours of Rule 30(b)(6) deposition testimony shall count as one (1) deposition against the overall limit of thirty (30) depositions of Uber defendants.  The seven (7) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel***. | It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants.  The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues).  For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice. ***[IF ALTERNATIVE LANGUAGE ABOVE IS USED: Every fourteen (14) hours of Rule 30(b)(6) deposition testimony shall count as one (1) deposition against the overall limit of one hundred (100) depositions of Uber defendants.  The fourteen (14) hours of examination shall not include questioning by the party defending the deposition or other opposing counsel.]*** |

The Court will not adopt either side's proposals.  The Court's understanding is that both the MDL and the JCCP Plaintiffs will abide by the time limits established by this Court's deposition protocol where they seek to depose the same individual.  This coordination will help minimize the burden and expense on Uber of duplicative depositions.  It would be unfair to limit MDL and JCCP Plaintiffs' counsel to seven hours of combined examination, which is what Rule 30 provides for in the context of a single proceeding.  Such a limitation would penalize the Plaintiffs in both proceedings for coordinating and combining their efforts.  But the MDL Plaintiffs have established no basis to support their request for fourteen hours across all depositions they take, which as Uber contends, would be "an extraordinary time commitment for

6

each deposition." Dkt. No. 587 at 7.  The Court recognizes, however, that certain deponents, depending on the identity of the deponent and the subject matter of the deposition, may require in-depth questioning by both the MDL and JCCP Plaintiffs, and had the JCCP Plaintiffs chosen not to coordinate and combine their depositions with the MDL Plaintiffs, they would be in their right to seek a full day of deposition time, if not more time, in the state proceeding.  As such, the parties shall incorporate the language below into the deposition protocol as to the time limit for depositions:

> Absent agreement of the Parties or a Court order allowing additional time or reducing the allowed time, the time limits for depositions are (a) seven (7) hours of direct examination by the MDL Plaintiffs' attorneys of a witness whom the JCCP has not elected to depose, (b) ten and one half (10.5) hours for the combined direct examination by MDL and JCCP Plaintiff attorneys (subject to agreement or Court order from the JCCP), and (c) seven (7) hours for the combined direct examination by all the Defendants' attorneys, in each case depending on whether a Plaintiff or Defendants noticed the deposition.  The seven (7) hours of examination (or 10.5 if combined examination by MDL and JCCP Plaintiff attorneys) shall not include questioning by the party defending the deposition or other opposing counsel, or time on re-direct or re-cross.  Additionally, Plaintiffs shall be allowed to designate fifteen (15) depositions that will last 14 hours for the combined examination by MDL and JCCP Plaintiff attorneys.

The parties shall also incorporate the language below with respect to any 30(b)(6) depositions:

> It is understood that the Plaintiffs may notice and take multiple Rule 30(b)(6) depositions of Defendants. The party noticing a Rule 30(b)(6) deposition may limit a Rule 30(b)(6) deposition notice to a discrete subject matter category and notice topics concerning that category (without prejudice to serving additional Rule 30(b)(6) notices as the discovery period continues). For depositions pursuant to Rule 30(b)(6), the noticing party shall make a good faith effort to include all topics that relate to a discrete subject matter category in a single notice.  Every ten and one half (10.5) hours of Rule 30(b)(6) deposition testimony (or 14 hours, if Plaintiffs designate a Rule 30(b)(6) deposition for additional time pursuant to this Order) shall count as one (1) deposition against the overall "soft cap" of forty-five (45) depositions of Uber defendants.  The ten and one half (10.5) hours (or 14 hours, if Plaintiffs designate a Rule 30(b)(6) deposition for additional time pursuant to this Order) shall not include questioning by the party defending or other opposing counsel, or time on re-direct or re-cross.

7

**D. Objections and Directions Not to Answer (Section II.C)**

Plaintiff proposes that attorneys be prohibited during depositions from stating on the record the basis for an objection. Dkt. No. 586 at 5. Uber argues that such a prohibition "is unnecessary and unfairly limits an attorney from making a fair and adequate record." Dkt. No. 587 at 11. Plaintiffs propose to add this prohibition in the following section of the deposition protocol:

| Uber's Proposal<br><br>Uber's Section II.C | Plaintiffs' Proposal<br><br>Plaintiffs' Proposed Section II.C |
|---|---|
| Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed, ***but counsel may state the basis for their objections***, and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness. | Counsel shall refrain from engaging in colloquy during a deposition. No speaking objections are allowed, ***~~but counsel may state the basis for their objections~~***, and professionalism is to be maintained by all counsel at all times. Counsel shall not make objections or statements that might suggest an answer to a witness. |

Rule 30 provides that an objection during a witness deposition "must be stated concisely in a nonargumentative and nonsuggestive manner. A person may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).

The Court will not adopt either Uber or Plaintiffs' proposal. Instead, the following language shall be added to Section II.C, which draws from the Standing Order for Senior District Judge Jeffrey S. White. *See* Standing Order for Depositions ¶ 4, https://www.cand.uscourts.gov/jsw-deposition-standing-order/.

> Once a question is asked, a lawyer should not coach the deponent or suggest answers, whether through objections or other means. Counsel shall comply with Federal Rule of Civil Procedure 30(c)(2). Deposition objections may be made as to privilege or may be made only where required in order to preserve the objection. Speaking objections or those calculated to coach the deponent are prohibited. Counsel shall refrain from engaging in colloquy during a deposition. A person may instruct a deponent not to answer a question only when necessary to preserve a privilege, to enforce a limitation directed by the Court, or to present a motion under Federal Rule of Civil Procedure 30(d)(3). When a privilege is claimed, the witness should nevertheless answer questions relevant to the existence, extent or

> waiver of the privilege, such as the date of the communication, who made the statement, to whom and in whose presence the statement was made, other persons to whom the contents of the statement have been disclosed, and the general subject matter of the statement, unless such information itself is privileged. Counsel may be subject to sanctions if they consistently impede, or otherwise unreasonably delay, the fair examination of the deponent. Private conferences between deponents and their attorneys in the course of deposition are improper and prohibited except for the sole purpose of determining whether a privilege should be asserted.

### E.     Authenticity of Documents (Section II.C)

Uber proposes to delete the paragraph in Section II.C that addresses disputes regarding the authenticity of documents.  Dkt. No. 587 at 9–10.  Plaintiffs' proposal contains minimal language regarding how the parties shall address disputes or present them to the Court.  Dkt. No. 586 at 4–5.

| Uber's Proposal | Plaintiffs' Proposal |
|---|---|
| Uber's Section II.C | Plaintiffs' Proposed Section II.C |
| [Delete Paragraph] | *Authenticity of documents.*  Any objection to the authenticity of an exhibit produced by a Defendant or Third-Party bearing a bates stamp that is used in the a deposition must be made by the objecting party within thirty (30) days of the deposition, or the exhibit will be deemed authentic.  If an objecting party subsequently obtains information that an exhibit is not authentic, such party will promptly notify the party that offered the exhibit, and all Parties shall cooperate as necessary so that the parties do not expend needless resources over authenticity disputes and the Court may promptly resolve the issue. |

A court order establishing a protocol for raising and resolving disputes concerning the authenticity of documents will promote efficiency by ensuring that deposition and discovery time is used to good effect, and not consumed with authenticating documents where those issues are not disputed.  The Court has considered, but at this time will not adopt, a presumption with respect to business records and a process for challenging the business record status of documents.  In the context of this centralized proceeding, this protocol regarding document authenticity is intended to identify and resolve any challenges to the authenticity of documents that are Uber's corporate

records.

Uber proposes forgoing an order that spells out a process for challenging the authenticity of records through the course of discovery, and instead suggests identifying and resolving these disputes closer to trial. Dkt. No. 587 at 9–10. Uber's position, however, overlooks the possibility that trials may be conducted in multiple jurisdictions throughout the country after common issues are resolved in this MDL. The process established by this Order is designed to minimize late motion practice across multiple jurisdictions where trials may take place and focus the parties' attention on the disputes that are important for the resolution of the cases in this MDL.

Plaintiffs' proposal, however, leaves many elements of the process unclear, especially regarding when and how the parties are to seek a resolution of disputes. Therefore, the Court has set forth a process similar to those used in other MDLs. *See, e.g., In re: General Motors LLC Ignition Switch Litigation*, Case No. 1:14-md-02543-JMF, Dkt. No. 926 (S.D.N.Y. May 4, 2015). Accordingly, the parties shall adopt the following provisions in the deposition protocol with respect to document authentication:

### 1. Authenticity of Documents Provided or Generated by a Party

#### a. Documents Presumed Authentic

Documents produced and/or purportedly generated by any party that purport to be copies of documents prepared or received by the party, or by an officer, director, employee or agent of the party, shall—subject to Paragraphs 2–4 below—be presumed to be a faithful and authentic reproduction of the original and, subject to other applicable rules of evidence, admissible as such, unless any objecting party establishes, through a motion *in limine* or otherwise, that the document is not authentic. All other evidentiary objections other than authenticity are preserved.

#### b. Presumption of Authenticity Limited to Portion Generated by Party

For the purposes of this Order, a document in its entirety is deemed to have been generated by a party only if that party or one of its then-directors, officers, agents, or employees created all of the document. If a party or one of its then-directors, officers, agents, or employees created only part of a document, such as a part of a chain of electronic mail, only that part of the document is

deemed to have been generated by that party.

### 2. Objections to Documents Marked as Exhibits to Depositions

Within 30 calendar days of the receipt of the transcript of a deposition hereafter taken in the coordinated and consolidated proceedings, any party wishing to contest the presumptive authenticity of any document(s) previously produced and/or purportedly generated by that party that were placed into the record of that deposition as deposition exhibits shall advise Plaintiffs' Lead Counsel and Defendants' Counsel in writing of: (a) the deposition and exhibit number, as well as the bates numbers, of any exhibit where the producing or purportedly generating party claims lack of authenticity; and (b) a detailed statement (including if appropriate references to other pertinent documents and knowledgeable persons) of the grounds for the claim of lack of authenticity.  Any objection shall be deemed to have been made for all depositions for which the exhibit is used in the future.  Any such exhibits not so identified within that time shall be deemed faithful and authentic reproductions of the original.  The parties shall not mark deposition exhibits *en masse* for the sole purpose of bringing those exhibits within the scope of this paragraph.

### 3. Documents Provided by Nonparties

Documents produced and/or purportedly generated by a nonparty shall be presumed to be a faithful and authentic reproduction of the original, unless any objecting party establishes, through a motion *in limine* or otherwise, that a document is not authentic.  Documents produced and/or purportedly generated by a nonparty that are placed into the record as deposition exhibits in any deposition in the coordinated and consolidated proceedings shall be deemed to be faithful and authentic reproductions of the original unless any party raises an objection within the requisite time frames set forth above in paragraph 2.

### 4. Remedies After Notification of Any Objection to Authenticity

Upon being notified that an exhibit is claimed to be inauthentic, after meeting and conferring with opposing counsel, either Plaintiffs' Lead Counsel or Defendants' Counsel may, with consent of opposing counsel or with leave of Court, initiate appropriate discovery limited to seeking to further establish authenticity.

### a. Limited Scope of Deposition

Any deposition noticed solely to establish the authenticity of a document shall be limited strictly to that purpose for the specific document at issue and shall not address any other issues.

### b. Depositions Not Applicable to Other Established Limit

Where such a deposition is taken, that deposition shall not be counted towards the "soft cap" and/or limits on the number, days, or hours of depositions that may otherwise by imposed by this Order.

### c. Additional Time for Discovery

In the event any written objection to the authenticity of a document within the meaning of Rule 902(11) is made near or after the close of fact discovery, the objecting party agrees to allow for additional discovery for up to thirty days after written objection is received by the non-objecting party, regardless of whether the discovery period is closed, for the sole purpose of establishing the authenticity of documents that are the subject to the challenge.

### 5. Limitations of Protocol Regarding Authenticity Challenges

#### a. No *En Masse* Marking of Deposition Exhibits to Trigger Presumptions

The parties may not mark deposition exhibits *en masse* for the sole purpose of bringing those exhibits within the scope of Paragraphs 1–4.

#### b. No Effect on Other Rules of Evidence

This Order addresses only the authenticity of any particular document and is without prejudice to application of any other rule of evidence that may be implicated by a particular document. Further, in the event that the Court is called upon to rule on the admissibility of a document, this Order does not alter the burdens of proof with respect to admissibility.

#### c. No Waiver of Objections to Similar Documents

The failure of any party to object to any document shall not constitute an admission or concession by that party that similar documents to which the party does object are authentic under applicable federal or state laws. For example, the failure to object to each email being treated as authentic does not foreclose such an objection to any individual email.

### d. No Advance Rulings on Authenticity Without Leave of Court

A party may only seek a ruling on the authenticity of evidence by first securing leave of the Court to present the dispute(s) for adjudication or filing (within thirty days after the close of fact discovery) their request for a ruling. To request leave to seek an early ruling, the party shall file an administrative motion pursuant to Civil Local Rule 7-11.

If a dispute remains, MDL Lead Counsel may request an *in limine* hearing on their objections. Absent exigent circumstances or Court Order, *in limine* hearings may only occur every ninety (90) days or after the accumulation of 50 or more unresolved written objections, whichever is sooner. All objected to exhibits will be presented in one filing. Any ruling shall be treated as any other pre-trial ruling *in limine* at trial. Unless and until the Court orders otherwise (upon application of a party or sua sponte), except to the extent necessary to rule upon any application to take limited discovery pursuant to Paragraph 4 above, the Court will not rule on disputes about the authenticity of any documents subject to this Order until after the parties complete discovery. In advance of that time, the parties shall meet and confer to propose a process and deadlines to resolve any disputes concerning the authenticity of documents subject to this Order.

### e. Parties to Meet and Confer on Disputes

The parties shall make good faith, cooperative efforts, through the meet and confer process or otherwise, to resolve any issues or disputes concerning this Order and the authenticity of documents subject to this Order to minimize the time and resources of the parties and of the Courts devoted to such matters. A party may seek relief from the Court only after meeting and conferring with the opposing parties.

//
//
//
//
//
//
//

13

## II. CONCLUSION

Having resolved all the remaining disputes as to the terms of the deposition protocol, the parties are hereby ordered to incorporate the Court's rulings from Dkt. No. 371 and from this Order into a final Stipulated and [Proposed] Deposition Protocol, to be submitted to the Court by August 8, 2024.

**IT IS SO ORDERED.**

Dated: 8/1/2024

LISA J. CISNEROS
United States Magistrate Judge

14