**NGRV NIGH GOLDENBERG RASO & VAUGHN**

VIA ECF
Magistrate Judge Lisa J. Cisneros
San Francisco Courthouse
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-03084

Dear Judge Cisneros,

Plaintiffs and Defendants Uber Technologies, Inc. and Rasier, LLC hereby submit this joint letter pursuant to the Court's July 18, 2024 Order Re: Discovery Related Deadlines And Management [ECF 706]. The Parties have met and conferred by email as to the next tranche of nonparty subpoena disputes for briefing.

### I.   Plaintiffs' Proposal

Plaintiffs propose that the next tranche include a lobbying firm that has consented to transfer; a sexual violence organization that has consented to transfer; and one to two additional entities that either consent to transfer or have had the dispute transferred by motion to the Northern District of California.

**Lobbying firms:** Plaintiffs propose that the parties brief the subpoena directed to Ballard Partners. Ballard Partners represented Uber on "issues related to the sharing economy," and "Technology Policy and Regulation," as well as "data management."[1] Ballard Partners also represented Uber at the state level, including in Florida.[2] One of the most significant issues in this litigation for Plaintiffs is Uber's attempt to seek classification as a "transportation network company" which carries not only public perceptions of safety but also reduced regulatory burdens. Plaintiffs are seeking information on efforts to secure TNC classification in states and municipalities around the U.S. to determine, among other things, what Uber knew about the safety of its app. Ballard Partners has worked directly on these issues, including at the state and local level.[3] To the extent documents in Uber's production refer to "Ballard," these appear to be references to Uber employees or other individuals with the last name "Ballard" that are unaffiliated with Ballard partners. In other words, Plaintiffs have not received documents responsive to their subpoena requests from Uber, and thus, discovery from Ballard is necessary. Ballard Partners is also the most appropriate entity for the next tranche of subpoenas because Plaintiffs have engaged

---

[1] *See* United States Senate Lobbying Disclosures, https://lda.senate.gov/filings/public/filing/search/ (last accessed July 31, 2024).

[2] *See, e.g.*, Florida Lobbyist Registration and Compensation, *Uber Technologies, Inc - 2017 Legislative Principal Detail*, https://www.floridalobbyist.gov/LobbyistInformation/PrincipalDetail/14477?year=2017&Branch=L (last accessed July 31, 2024).

[3] *See* Philip Amman, *Miami Dade Tells Ballard Partners "No, You Cannot Also Lobby for Uber*," Florida Politics (Jan. 21, 2015), https://floridapolitics.com/archives/20561-miami-dade-tells-ballard-partners-no-you-cannot-also-lobby-for-uber-2/

in the most thorough negotiations with its counsel. Plaintiffs and Ballard Partners have had numerous meet and confers only to reach an impasse.

**Sexual Violence Organizations:** Plaintiffs propose that the parties brief the subpoena to The Chertoff Group.[4] The Chertoff Group provides "security and risk management advisory services," and prepared Appendix III to Uber's First U.S. Safety Report.[5] The Chertoff Group was retained "to conduct a strategic-level evaluation of Uber's application of an independently-developed sexual harassment, sexual misconduct, and sexual assault taxonomy to its U.S. rideshare platform incident data set."[6] Plaintiffs have requested documents and data related to this evaluation. Uber's production includes only 19 documents that include the word "Chertoff" the bulk of which are duplicates of the U.S. Safety Report, rendering discovery from the Chertoff Group necessary. Plaintiffs have not received documents responsive to their subpoena requests from The Chertoff Group or from Uber.

**Other Entities:** Plaintiffs filed a Motion to Compel or Transfer with respect to the third party subpoena to Nexar, Inc., a dash camera company in the Southern District of New York. Nexar and Plaintiffs stipulated to transfer of the Motion to the Northern District of California and the Motion was transferred. To date, no other motions have been filed or transferred to the Northern District of California. Plaintiffs propose that the Nexar Motion be briefed in the second tranche.

**Schedule:** Plaintiffs most recently sent Ballard Partners a narrowed subpoena and indicated that Ballard Partners should provide its updated position by August 6. Plaintiffs have requested a meet and confer with The Chertoff Group and are awaiting a response. Plaintiffs have already submitted an opening brief with the Nexar filing. Therefore, Plaintiffs propose that the Court adopt the following schedule:

- August 12, 2024: Parties complete meet and confers with each other and third parties
- August 19, 2024: Uber, Ballard Partners, and The Chertoff Group submit letter briefs; Nexar submits opposition brief
- August 25, 2024: Plaintiffs submit letter briefs and reply to Nexar brief
- 60 days after the Court issues its next order: All briefing due (or motions to transfer filed) on any outstanding disputes as to all other third parties.

This schedule accounts for adequate briefing time for the Nexar Motion and adopts the same time limits from the Court's May 31, 2024 Order [ECF 574] for letter briefing. Plaintiffs see no reason to modify the Court's prior scheduling format as opposed to the format for previously briefed subpoenas that come before the court again (for example, 7x7 Experience).

---

[4] While Uber suggests that RALIANCE, the National Sexual Violence Resource Center (NSVRC), Urban Institute, the Rape Abuse & Incest National Network (RAINN), none of those entities have consented to the Court's jurisdiction at this time. There is no reason to delay given that the Chertoff Group has consented to the Court's jurisdiction and Plaintiffs requested the same categories of documents from it as from RALIANCE, the NSVRC, Urban, and RAINN.
[5] *See* U.S. Safety Report 2017–2018, App'x III, https://www.uber-assets.com/image/upload/v1575580686/Documents/Safety/UberUSSafetyReport_201718_FullReport.pdf?uclick_id=30184ac8-8863-4eb3-b6eb-8ffe79317a76 (last accessed July 31, 2024).
[6] *Id.*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

**NGRV  NIGH GOLDENBERG RASO & VAUGHN**

  **II.**  **Uber's Proposal**

   Uber agrees the next tranche of non-party subpoena disputes to be briefed for the Court's consideration should comprise three to four subpoenas, which includes a lobbying entity and a sexual violence advocacy organization.  However, Uber disagrees with certain aspects of Plaintiffs' proposal.  First, Chertoff, a security risk management consulting firm, should not be included in the next tranche. Chertoff is not a good "representative" of those organizations because its work differed from the work of the sexual violence advocacy organizations.  Second, the Court should structure the briefing as it did with respect to 7x7 Experience, with Plaintiffs filing their briefs first as the party seeking discovery.  Lastly, a modest increase in the page limit, to 6 pages per letter brief, is appropriate.

   ***Lobbying Entities:*** About half of Plaintiffs' 30 subpoenas were issued to lobbying entities (both lobbying firms and law firms that also perform lobbying work).  While these entities are not identically situated, there are legal issues common to all these subpoenas.  Uber believes, with the Court's guidance on these issues, the parties could resolve and/or narrow the disputes over the remaining lobbying subpoenas.  Specifically, Plaintiffs June 7 Status Report (ECF 599, p.3) indicates that Ballard Partners, Brownstein Hyatt, and Mayer Brown have consented to transfer.  As such, one or more of these entities should be included in the next tranche.

   ***Sexual Violence Advocacy Organizations:*** Plaintiffs served subpoenas with substantively identical document requests on RALIANCE, the National Sexual Violence Resource Center (NSVRC), Urban Institute, the Rape Abuse & Incest National Network (RAINN), and the Chertoff Group.  As stated in Uber's 2017-18 U.S. Safety Report,[7] "Uber's leadership engaged with RALIANCE, [NSVRC], and the Urban Institute (Urban) to develop a research-informed categorization system" for reports of incidents of sexual harassment, sexual misconduct, and sexual assault.  The 2017-18 U.S. Safety Report also explains that "Uber has teamed up with RAINN (operator of the National Sexual Assault Hotline) to create educational modules to inform riders and drivers about the best ways to respect each other when using the Uber app."[8]

   Uber believes the Court should include an organization such as RALIANCE,[9] NSVRC, Urban Institute, or RAINN in the next tranche of subpoenas.[10]  Even if there is some modest delay while Plaintiffs seek to transfer one of the subpoenas, it will be more efficient to include a more representative subpoena in the next tranche.

---

[7] 2017-2018 U.S. Safety Report, Appendix II, available at https://www.uber-assets.com/image/upload/v1575580686/Documents/Safety/UberUSSafetyReport_201718_FullReport.pdf?uclick_id=4b4a2abb-f209-485b-9cd5-624a4956060a.

[8] 2017-2018 U.S. Safety Report, pp.13-14, 29-30.

[9] Plaintiffs indicated in their June 7 Status Report that they had been unable to serve RALIANCE.  (ECF 599, p.2 n.1) If RALIANCE has still not been served, it should not, of course, be included in the second tranche.

[10] Plaintiffs have filed a motion to compel or transfer against RAINN in the U.S. District Court for the District of Columbia, which is scheduled for hearing on August 6 (*see* July 25, 2024 docket entry at 1:24-mc-00073-ACR), and to Uber's knowledge have not filed motions with respect to Urban Institute or NSVRC.

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

While the non-profit sexual advocacy organizations RALIANCE, NSVRC, Urban Institute, and RAINN are not identically situated, there is significant overlap in the issues presented by these subpoenas. As such, with the Court's guidance on one of these subpoenas, the parties could resolve and/or narrow the disputes over the remaining subpoenas in this category.

That being said, Uber disagrees with Plaintiffs that Chertoff is a representative subpoena for this category. Chertoff is a security risk management consulting firm, not a sexual violence non-profit organization. Its role was different from the organizations that developed the taxonomy. As stated in Uber's 2017-18 U.S. Safety Report,[11] Chertoff was retained by Uber "to conduct a strategic-level evaluation of Uber's application of … [the] taxonomy to its U.S. rideshare platform incident data set and its classification of incidents of physical assault or theft and robbery that result in fatality." Chertoff "was tasked with using its past experience overseeing the normalization and categorization of large incident and criminal justice system data sets to (1) notionally define key project risk and performance factors; and then (2) evaluate the extent to which these factors have been incorporated into and mitigated by the company's approach." While Chertoff's role was related, in part, to the taxonomy, it was substantially different from the non-profit organizations that developed the taxonomy.

*Other Entities:* In addition to a lobbying entity and a sexual violence advocacy organization, one or two other entities should be included in the next tranche of subpoenas. Uber does not object to including Nexar in the next tranche.

*Schedule:* Uber proposes the following schedule:

- **Service on Non-Parties:** Within 7 days after: (A) the Court issues its order on the next tranche of nonparty subpoena disputes to be briefed for the Court's consideration and resolution, and (B) all non-parties selected for inclusion in the next tranche have consented to transfer to the MDL Court or enforcement motions involving those non-parties have been transferred, Plaintiffs must serve a copy of the Court's order on all non-parties selected for inclusion;

- **Meet and Confer:** Plaintiffs and Uber must engage in a joint meet and confer with each of the non-parties within 7 days of service by Plaintiffs;

- **Plaintiffs' Briefs:** Plaintiffs must file their letter briefs, up to 6 pages per brief, seeking to enforce the subpoenas 7 days after the meet and confer deadline. Plaintiffs must file with each of their letter briefs a revised list of document requests reflecting any narrowing of their requests Plaintiffs have agreed to;

- **Non-Parties' and Uber's Briefs:** The non-parties and Uber must file any responsive letter briefs, up to 6 pages per brief, 7 days after Plaintiffs' briefs are filed.

---

[11] 2017-2018 U.S. Safety Report, Appendix III.

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

**NIGH GOLDENBERG RASO & VAUGHN**

*Order of Letter Briefs:* In following the Court's approach it outlined as to 7x7 Experience in its July 14 Order (ECF 695), Plaintiffs should file their letter briefs before Uber and the non-parties. In the Court's Order, it stated that if 7x7 continues to stand on its objections (as it is entitled to under Rule 45), Plaintiffs would file their brief first, followed by 7x7 and Uber (ECF 695, p.16). This ordering makes sense to use in the second tranche because Plaintiffs are the party seeking discovery. And like 7x7, the non-parties under consideration for the second tranche (and nearly all of the non-parties who received Plaintiffs' subpoenas) have objected. Under Rule 45, the onus is now on Plaintiffs to move for an order compelling compliance with the subpoena; non-parties are not required under Rule 45 to take the first step by moving to quash. This approach better ensures participation by non-parties. If Plaintiffs do not go first, non-parties would be within their rights to stand on their objections and not move to quash. The non-parties would then have to be afforded an opportunity to respond to Plaintiffs' motion to compel, which would add an additional step to the briefing process for this second tranche. The most efficient process is to have Plaintiffs file their letter brief first, followed by letter briefs by Uber and the non-parties.

*Page Limit for Letter Briefs:* Uber proposes that the Court permit the parties and non-parties to file letter briefs of up to 6 pages. Uber appreciates the Court's desire for efficiency and concise arguments. However, 4 pages is insufficient to address the propriety of Plaintiffs' numerous document requests in addition to the legal issues implicated by the subpoenas. Uber proposes modestly increasing the page limit from 4 pages to 6 pages.

*Miscellaneous:* Uber notes that Plaintiffs' proposal seems to contemplate incorporating its motion to compel brief filed with respect to Nexar in the U.S. District Court for the District of Columbia, and also filing a reply brief. Uber disagrees with this aspect of Plaintiffs' proposal because it would unfairly allow Plaintiffs to evade the Court's strict page limits for letter briefs, while simultaneously receiving the benefit of filing a reply brief as to Nexar, which the Court did not permit in the first tranche of subpoenas. If included, the Nexar subpoena should be briefed by letter briefs like the other subpoenas.

Dated: August 2, 2024

By: /s/ Marlene J. Goldenberg
Marlene J. Goldenberg
Samantha V. Hoefs
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square NW
Third Floor
Washington, D.C. 20016
Telephone: (202) 978-2228
Facsimile: (202) 792-7927
mgoldenberg@nighgoldenberg.com
shoefs@nighgoldenberg.com

By: /s/ Sarah R. London
Sarah R. London (SBN 267083)

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

        **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
        275 Battery Street, 29th Floor
        San Francisco, CA 94111-3339
        Telephone: (415) 956-1000
        Facsimile: (415) 956-1008
        slondon@lchb.com

By: /s/ Rachel B. Abrams
        Rachel B. Abrams (SBN 209316)
        **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
        555 Montgomery Street, Suite 820
        San Francisco, CA 94111
        Telephone: (415) 426-5641
        Facsimile: (415) 840-9435
        rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
        Roopal P. Luhana
        **CHAFFIN LUHANA LLP**
        600 Third Avenue, 12th Floor
        New York, NY 10016
        Telephone: (888) 480-1123
        Facsimile: (888) 499-1123
        luhana@chaffinluhana.com

        *Counsel for Plaintiffs*


Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C 20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota

Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota