RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL**<br><br>Judge:         Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

## DEFENDANTS' STATEMENT IN SUPPORT OF SEALING

## CONFIDENTIAL MATERIALS

Pursuant to Civil Local 79-5(f)(3) and (c)(1) and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated July 30, 2024, ECF 762.

## I.    BACKGROUND AND REQUESTED SEALING

On July 30, 2024, Plaintiffs filed an administration motion to consider whether certain materials designated confidential by Uber pursuant to the terms of the Stipulated Protective Order (ECF 176) should be sealed. *See* ECF 761 & 762. These materials include:

| Document | Description | Designating Party |
|---|---|---|
| Exhibit A to the Parties' Letter Brief | UBER-MDL3084-000001290 | Uber |
| Exhibit B to the Parties' Letter Brief | UBER-MDL3084-000048774 | Uber |
| Exhibit C to the Parties' Letter Brief | UBER-MDL3084-000033294 | Uber |
| Exhibit D to the Parties' Letter Brief | UBER-MDL3084-000032853 | Uber |
| Exhibit E to the Parties' Letter Brief | UBER-MDL3084-000034701 | Uber |
| Exhibit F to the Parties' Letter Brief | UBER-MDL3084-000004053 | Uber |
| Exhibit G to the Parties' Letter Brief | UBER-MDL-3084-000055512 | Uber |
| Exhibit H to the Parties' Letter Brief | UBER-MDL3084-000048716 | Uber |
| Exhibit I to the Parties' Letter Brief | UBER-MDL3084-000018830 | Uber |

Where a filing party moves to seal because a document has been designated as confidential by another party, the designating party must file a statement and/or declaration within seven days of the motion's filing providing a "specific statement of the applicable legal standard and the reasons for keeping a document under seal." Local Rule 79-5(c)(1); *see also id.* at 79-5(f)(3).

As discussed below, in accordance with the Court's direction, Uber seeks to seal the confidential materials listed above. Each of these documents contain confidential and/or commercially sensitive business information that could harm Uber's competitive standing if they were widely distributed.

## II.   APPLICABLE LEGAL STANDARD

When courts consider motions to seal records attached to non-dispositive motions like the Plaintiffs' motion here (ECF 762), they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana* v. *City of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); *accord Adtrader, Inc.* v. *Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety* v. *Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a filing connected to a discovery motion concerning a dispute over the scope of redactions of personal identifying information and relevance that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; *see also Brown* v. *Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); *cf. United States* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." (citation omitted)). Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian* v. *Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. *See* Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It

1   "gives the district court much flexibility in balancing and protecting the interests of private parties."

2   *Kamakana*, 447 F.3d at 1180.

3   **III.     REASONS FOR KEEPING REQUESTED MATERIAL UNDER SEAL**

4          Portions of the exhibits to the Parties' Letter Brief for the PTO 8 dispute regarding Uber's

5   redactions made in productions pursuant to Pretrial Order No. 5 (ECF 761), should be sealed under

6   the good cause standard. (ECF 762) The exhibits contain private, sensitive, non-public, confidential,

7   proprietary, and commercially sensitive information. Uber has a legitimate interest in sealing in order

8   to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these

9   documents, which in any event were never at issue on their merits and substance, but rather were used

10  only as exemplars to illustrate the dispute between the parties over the scope of redactions.

11      **A.  Uber's Competitive Standing and Third Party Privacy Interests Will Be Injured if**

12           **Sealing Is Denied.**

13          The public disclosure of the exhibits to the Parties' Letter Brief would cause undue harm if

14  publicly disseminated. *See* Shortnacy Decl. ¶ 4.  Exhibits C and D contain confidential, proprietary,

15  and commercially sensitive information about Uber's business policies, procedures, and systems. *Id.*

16  ¶¶ 7, 8. Exhibits A, E, F contain communications related to individual rider's private reports to Uber

17  and Uber's responses.  *Id.* ¶¶ 5, 9, 10.  Exhibits B, H, and I contain redacted personal identifying

18  information of third party riders and drivers.  *Id.* ¶¶ 6, 12, 13.  Exhibit G contains a non-public email

19  sent to an Uber employee. *Id.* ¶ 11.  Disclosure of these materials would significantly harm Uber's

20  competitive standing by revealing highly confidential, non-public information about Uber's

21  proprietary business practices or violate the privacy interests of third parties.  Sealing is justified to

22  avoid these harms under these circumstances. *Cf.* Local Rule 79-5(c)(1)(ii).  The unredacted portions

23  of all of the above Exhibits contain confidential and/or proprietary information.

24      **B.     A Less Restrictive Alternative to Sealing Is Not Sufficient**

25          No less restrictive alternative to sealing the exhibits to the Parties' Letter Brief is sufficient.

26  *Cf.* Local Rule 79-5(c)(1)(iii). The material that Uber proposes sealing contains sensitive information

27

28                                                  4

1  not intended for public dissemination. *See* Shortnacy Decl. ¶ 4. As such, actions short of sealing would

2  be insufficient to protect Uber's competitive standing and the privacy interests of third parties.

3  **IV.     CONCLUSION**

4           For the foregoing reasons, Uber respectfully requests that the Court order that the exhibits to

5  the Parties' Letter Brief (ECF 762) be maintained under seal.

6

7  DATED: August 6, 2024                        Respectfully submitted,

8                                               **SHOOK HARDY & BACON L.L.P.**

9                                               By: */s/ Michael B. Shortnacy*
10                                                    MICHAEL B. SHORTNACY

11                                               MICHAEL B. SHORTNACY (SBN: 277035)
                                                    mshortnacy@shb.com
12                                               **SHOOK, HARDY & BACON L.L.P.**
                                                 2121 Avenue of the Stars, Suite 1400
13                                               Los Angeles, CA 90067
                                                 Telephone: (424) 285-8330
14                                               Facsimile: (424) 204-9093

15                                               PATRICK OOT (Admitted *Pro Hac Vice*)
                                                    oot@shb.com
16                                               **SHOOK, HARDY & BACON L.L.P.**
                                                 1800 K St. NW Ste. 1000
17                                               Washington, DC 20006
                                                 Telephone: (202) 783-8400
18                                               Facsimile: (202) 783-4211

19                                               KYLE N. SMITH (*Pro Hac Vice* admitted)
                                                    ksmith@paulweiss.com
20                                               JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
                                                    jphillips@paulweiss.com
21                                               **PAUL, WEISS, RIFKIND, WHARTON
                                                    & GARRISON LLP**
22                                               2001 K Street, NW
                                                 Washington DC, 20006
23                                               Telephone: (202) 223-7300
                                                 Facsimile:  (202) 223-7420

24                                               *Attorney for Defendants*
25                                               UBER TECHNOLOGIES, INC.,
                                                 RASIER, LLC, and RASIER-CA, LLC

26

27

28

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTION
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                            Case No. 3:23-MD-3084-CRB