RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATION MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |
| This Document Relates to:  ALL ACTIONS | Judge:      Hon. Lisa J. Cisneros  Courtroom:  G – 15th Floor |

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the State of California, the State of New York, and the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (ECF 762).

3. I have reviewed the exhibits to the Parties' Letter Brief for the PTO 8 dispute regarding Uber's redactions made in productions pursuant to Pretrial Order No. 5 (ECF 761), as referenced in Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal (ECF 762).

4. The exhibits to the Parties' Letter Brief contain confidential material and consist of documents that Uber has designated as confidential or highly confidential—attorneys' eyes only. The exhibits (including the unredacted portions) contain private, sensitive, non-public, confidential, proprietary, and commercially sensitive information. Disclosure of these exhibits would undue harm if publicly disseminated.

5. Exhibit A is a confidential document that was originally provided to the Iowa Department of Transportation (IDOT) and was re-produced in this case pursuant to PTO 5, § 6.B. The unredacted portion of the document contains confidential, non-public information regarding information Uber's response to a rider's complaint of misconduct by an independent driver. Uber designated the document as confidential in its production. On information and belief, the information provided to IDOT is maintained as confidential by IDOT and has not been made public.

6. Exhibit B is a confidential document that was originally produced in the case *The People of the State of California v. Uber Technologies, Inc., et al.*, Case No. CGC-14-5430120 (SF

1  Super. Ct.) and was re-produced in this case pursuant to PTO 5, § 6.C.  This document contains
2  redactions of personal identifying information of third parties.  The unredacted portion are also
3  confidential because it contains information related to data fields collected and utilized by Uber in the
4  course of its business.  Uber designated the document as highly confidential—attorneys' eyes-only in
5  its production.

6        7.      Exhibit C is a confidential document that was originally produced in another case and
7  was re-produced in this case pursuant to PTO 5, § 6.C.  This document, including the unredacted
8  portions of the document, contains confidential, proprietary, and commercially sensitive information
9  about Uber's business systems and procedures for its North America Incident Response team.  Uber
10 designated the document as highly confidential—attorneys' eyes-only in its production.

11       8.      Exhibit D is a confidential document that was originally produced in another case and
12 was re-produced in this case pursuant to PTO 5, § 6.C.  This document contains, including the
13 unredacted portions of the document, confidential, proprietary, and commercially sensitive
14 information about Uber's procedures and workflows for responding to incident reports.  Uber
15 designated the document as highly confidential—attorneys' eyes-only in its production.

16       9.      Exhibit E is a confidential document that was originally produced in another case and
17 was re-produced in this case pursuant to PTO 5, § 6.C.  This document, including the unredacted
18 portions of the document, contains confidential communications by a rider making an incident report
19 to Uber and confidential information related to Uber's incident report system.  Uber designated the
20 document as highly confidential—attorneys' eyes-only in its production.

21       10.      Exhibit F is a confidential document that was originally produced in another case and
22 was re-produced in this case pursuant to PTO 5, § 6.C.  This document, including the unredacted
23 portions of the document, contains confidential communications between a rider making an incident
24 report to Uber and Uber's Investigations Team and confidential information related to Uber's incident
25 report procedures.  Uber designated the document as highly confidential—attorneys' eyes-only in its
26 production.

27
28

11. Exhibit G is a confidential document that was originally produced in another case and was re-produced in this case pursuant to PTO 5, § 6.C. This document contains a confidential, non-public email sent to an Uber employee. The unredacted portion are also confidential because it contains a non-public collection of information obtained by an Uber employee. Uber designated the document as highly confidential—attorneys' eyes-only in its production.

12. Exhibit H is a confidential document that was originally produced in the case *People v. Uber* and was re-produced in this case pursuant to PTO 5, § 6.C. This document contains redactions of personal identifying information of third parties, specifically driver IDs and email addresses. The unredacted portion are also confidential because it contains information related to data fields collected by Uber. Uber designated the document as highly confidential—attorneys' eyes-only in its production.

13. Exhibit I is a confidential document that was originally produced in another case and was re-produced in this case pursuant to PTO 5, § 6.C. This document contains a redaction of an independent driver's driver's license, which includes personal identifying information. Uber designated the document as highly confidential—attorneys' eyes-only in its production.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 6, 2024.            By: */s/ Michael B. Shortnacy*
                                            Michael B. Shortnacy