UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING DISCOVERY** |

## I. PRODUCTION OF DATA REGARDING REPORTED INCIDENTS OF SEXUAL ASSAULT AND MISCONDUCT FROM 2017 TO 2020

Since July, Plaintiffs have raised concerns to the Court about Uber's apparent effort to produce PDF print outs to comply with the Court's July 9, 2024 order that Uber produce data and documents related to incidents of alleged sexual assault and sexual misconduct from 2017 to 2020. *See* Order RE: Discovery Related Deadlines and Management, ECF No. 706 at 3. The Court ordered the parties to meet and confer by July 26, 2024, and ordered Uber to produce information concerning data fields and decoders that would assist in the parties' discussions regarding the form and manner of data production. *Id.* at 4. Uber provided certain information and Plaintiffs endeavored to meet and confer with the company, but the meet and confer process was not completed and no resolution was reached by the August 8, 2024 Discovery Status Conference. At that Discovery Status Conference, the Court ordered the parties to continue to meet and confer regarding the data production issues and to complete their negotiations by August 22, 2024. The Court ordered that if the parties are at impasse on that date, the process for preparing a joint letter pursuant to Pretrial Order No. 8 shall begin.[1]

---

[1] The August 22, 2024 meet and confer deadline was not included in the minute order for the August 8, 2024 Discovery Status Conference. The Court did not intend to retract the deadline by

1    To assist the parties in resolving the dispute, the Court provides the following
2 observations, without predetermining the precise form in which Uber must produce data related to
3 reports of sexual assault and misconduct.  It strikes the Court as highly unlikely that Uber
4 maintains such data in the form of PDF files in the ordinary course of business.  Plaintiffs have
5 already pointed to databases in which such information has been housed: JIRA, Bliss, and
6 Zendesk.  Instead of maintaining such information in PDF files, it is more likely that Uber stored
7 the data at issue in these databases, allowing for easier access, management, review, and analysis
8 of information concerning a single incident and collections of incidents.  A PDF file is not a stone
9 tablet, but data contained in a PDF file or a compilation of PDF files is not reasonably usable in
10 the same way that databases typically allow.  Databases ordinarily allow for routine and easy
11 aggregation and analysis of data.  The Court is skeptical that, even if incident reports may be
12 converted to a PDF file, Uber kept or ordinarily maintained such data in this form in the usual
13 course of business, or that PDF files are a reasonably usable format to analyze or address safety
14 concerns that may broadly affect passengers.  *See* Fed. R. Civ. P. 34(b)(2)(E).

## II.     PLAINTIFFS' THIRD-PARTY DISCOVERY FROM LYFT

16    On July 14, 2024, the Court granted Lyft's request for relief from certain document
17 subpoenas that Plaintiffs had served on them but ordered Lyft to produce documents relating to the
18 Industry Sharing Safety Program (ISSP).  The documents that concern the ISSP encompass certain
19 communications between Uber and Lyft, communications with regulators, and other
20 communications or documents that are internal to Lyft.  To ascertain the scope of production and
21 any related issues that might inhibit compliance with the Court's order, the Court allowed Lyft to
22 attend the August 8, 2024 Discovery Status Conference and to file a status report in advance of
23 that date.  In the status report and at the conference, Lyft asserted that the Court overlooked
24 making an adequate determination that its ISSP records were relevant and raised objections that
25 Plaintiffs had withdrawn certain ISSP-related custodians at Uber.  Plaintiffs were unable to

---

omitting it from the minute order.  However, if there was a misunderstanding as to the deadline, the parties may stipulate to a new deadline to complete the meet and confer process on data production.

respond to assertions that they had dropped ISSP-related custodians. Uber has also represented that it intends to make additional production of documents in advance of the September 1, 2024 substantial production deadline. Previously Uber had made nonspecific representations that it would address discovery Plaintiffs had sought from Lyft.

Rule 45 requires that a "party or attorney responsible for issuing and serving a subpoena . . . take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Fed. R. Civ. P. 45(d)(1). Furthermore, the "Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts." In abundance of caution, the Court orders that Plaintiffs' review their custodian list and discovery requests to assure that they are taking reasonable steps to gather ISSP-related information through ordinary party discovery. To facilitate this review, Uber shall identify for Plaintiffs all document productions that have occurred, or that will occur by September 1, 2024, that address the issue. The parties' next Joint Discovery Status Report shall address the extent to which the parties' discovery is already covering the ISSP topic, and Plaintiffs may respond to Lyft's further arguments as to the relevancy of their third-party discovery request.

In the interim, the Court's July 14, 2024 order as to Lyft's productions pursuant to Plaintiffs' subpoena for documents is stayed until this Court makes a further determination as to whether this third-party discovery is appropriate.

### III.   NEXT TRANCHE OF SUBPOENA DISPUTES

Having reviewed the parties' respective proposals, ECF No. 777, the Court will next consider Plaintiffs' motions to enforce their document subpoenas served on non-parties Ballard Partners, Nexar, and The Chertoff Group. Plaintiffs shall complete their meet and confer process with these non-parties by August 23, 2024. If the disputes are not resolved, Plaintiffs shall file their motions to enforce by August 30, 2024 in the form of one letter brief for each subpoena at issue, and the non-parties and Uber shall respond by separate letter briefs no later than September 6, 2024. The letter briefs shall not exceed six pages. Plaintiffs shall attach to their letter briefs their revised lists of document requests reflecting any narrowing of their requests. Plaintiffs' and Uber's briefing shall address the extent to which Uber's productions have addressed the topics

3

included in Plaintiffs' subpoenas for documents.  The parties' explanations shall include specific descriptions of the documents, if they are contending that certain documents cover or do not cover certain topics listed in the subpoenas.  Providing BATES numbers and production dates for such records may be helpful to the parties to assess the parties' and nonparties' respective positions with regard duplicative or cumulative discovery.

The next Discovery Status Report filed shall address whether RALIANCE, NSVRC, and Urban Institute have consented to this Court's jurisdiction or whether a motion to transfer has been filed.  The parties shall be prepared to discuss the sequence for Plaintiffs' further motions to enforce their document subpoenas on nonparties in this Court, and whether they intend to file motions to transfer.  Plaintiffs shall file on the docket a copy of any order issued by an out-of-district judge that resolves a dispute concerning a subpoena related to this MDL.

### IV. AUGUST 30, 2024 DISCOVERY STATUS CONFERENCE

The parties shall appear for an August 30, 2024 Discovery Status Conference from 1:00 pm to 2:00 pm via Zoom.  By August 28, 2024, the parties shall file a Discovery Status Report, not to exceed 12 pages, that updates the Court regarding their progress on discovery.

**IT IS SO ORDERED.**

Dated: August 16, 2024

LISA J. CISNEROS
United States Magistrate Judge

4