# EXHIBIT 6

[Submitting Counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>ALL ACTIONS | MDL No. 3084 CRB<br><br>**DECLARATION OF DOUGLAS FORREST IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL CUSTODIAN DISCOVERY** |

## **DECLARATION OF DOUGLAS FORREST**

I, Douglas Forrest, state and declare as follows:

1. I am the Senior Vice President, eDiscovery Analytics & Strategy, at International Litigation Services ("ILS"), which is located in Irvine, California (www.ilsteam.com). I have been retained as a consultant for the Plaintiffs in this action for my knowledge relating to Electronically Stored Information ("ESI") as it relates to creating an ESI Order. The facts stated in this Declaration, except as otherwise explicitly noted, are within my own personal knowledge and, if called as a witness to testify, I could and would competently testify to the facts contained in this Declaration.

2. This is my third declaration in this matter. The first was the Declaration of Douglas Forrest (February 12, 2024), submitted as Exhibit 6 to Plaintiffs' Brief in Support of Proposed ESI Order (Case 3:23-md-03084-CRB, Document 261, Filed 02/12/24). The second was the

Declaration of Douglas Forrest (April 12, 2024), submitted as Exhibit A to the Joint Discovery Letter dated April 12, 2024.

3. I make this Declaration in support of Plaintiffs' Motion to compel custodian discovery. I am familiar with the issues raised. I have reviewed, *inter alia*:

 a. Order Governing the Production of Electronically Stored Information And Hard Copy Documents (ECF 524, May 3, 2024) ("ESI Order");

 b. The Joint Status Report for July 18, 2024 Hearing (ECF No. 693, July 11, 2024) ("July Joint Status Report");

 c. The Joint Status Report for August 8, 2024 Discovery Status Conference (ECF No. 779, August 6, 2024) ("August Joint Status Report"); and

 d. Minute Entry for proceedings held before Magistrate Judge Lisa J. Cisneros: Discovery Status Conference held on 8/8/2024.

## I. QUALIFICATIONS

4. I am a graduate of Stanford Law School, where I was a Note Editor of the Law Review. I was admitted to the bar in 1977 (I currently have retired status), and, after practicing law at Breed, Abbott & Morgan and Cravath, Swaine & Moore, I developed expertise in computer technology and software design, programming, and implementation, both generally and with respect to litigation support and e-discovery.

5. As an attorney at Cravath, I relied on *Aquarius*, the first large-scale implementation of computerized litigation support, which was implemented on the IBM antitrust cases.

6. As Director of Litigation Services at Legal Information Technology, Inc. ("LIT"), I was instrumental in introducing imaging, coding, and search technology for discovery to Am Law 200 law firms, and I pioneered the practice of integrating imaging with legacy search systems such as BRS.

7. As a systems architect, application designer and programmer, I created case management, litigation support and document repository systems and applications (including *WIDE*, and *LIT CaseWorks for Lotus Notes*, developed for LIT), SaaS (Software as a Service)

knowledge management applications (including *LexisNexis Total Alerts* and *LexisNexis Clipper* developed for Ozmosys (https://www.ozmosys.com/)), and e-discovery and production operation systems for Doar (https://www.doar.com/). The software that I designed, programmed, and implemented to produce *LexisNexis Total Alerts*, *LexisNexis Clipper, LexisNexis Legal Industry Monitor, Thompson Elite Daily Docket, and Institutional Investors' Mutual Fund Daily, Hedge Fund Daily and Compliance Daily*, traversed thousands of web sites and extracted thousands of URLS from those sites daily.

8. At ILS, I direct e-discovery analytics and strategy, providing technical advice, expertise and drafting and other assistance to counsel.

9. I have advised, consulted, or acted as a declarant or affiant with respect to ESI in many cases, including:

   a. *In re: Glucagon-like Peptide-1 Receptor Agonists (GLP-1 RAS) Products Liability Litigation,* MDL No. 3094 (E.D. Pa.)*;*

   b. *In re: Oral Phenylephrine Marketing and Sales Practices Litigation,* MDL No. 3089 (E.D. NY);

   c. *In re: Insulin Pricing Litigation*, MDL No. 3080 (D. N.J.);

   d. *In re: Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, MDL No. 3047 (N.D. Cal.);

   e. *In Re: StubHub Refund Litigation*, Case No. 4:20-md-02951-HSG (N.D. Cal.);

   f. *In Re: Meta Pixel Healthcare Litigation*, Case No. 3:22-cv-3580-WHO (N.D. Cal.);

   g. *In Re: Philips Recalled CPAP, Bi-Level Pap, and Mechanical Ventilator Products Litigation*, MDL No. 3014 (W.D. Pa.);

   h. *Nichols v. Noom Inc.,* No. 20-CV-3677 (LGS) (KHP), 2021 WL 948646, (S.D.N.Y.);

   i. *In re: Ethiopian Airlines Flight ET 302*, Lead Case: 1:19-cv-02170 (N.D. Ill.) (Boeing 737 Max Crashes);

   j. *In Re: 3M Combat Arms Earplug Product Liability Litigation*, MDL No. 2885 (N.D. Fla.) ("3M Combat Arms MDL");

    k. *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2672 (N.D. Cal.) ("VW Clean Diesel MDL");

    l. *In Re: Intel Corp, CPU Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2828 (D. Or.);

    m. *In Re: Chrysler-Dodge-Jeep EcoDiesel Marketing, Sales Practices and Products Liability Litigation*, MDL No. 2777 (N.D. Cal.);

    n. *Lafferty v. Alex Jones* (Conn. Super. Ct.);

    o. *Soto v. Bushmaster Firearms International* (Conn. Super. Ct.) (Sandy Hook parents);

    p. *In Re: Takata Airbags Product Liability Litigation*, MDL No. 2599 (S.D. Fla.);

    q. *In Re: Testosterone Replacement Therapy Products Liability Litigation*, MDL No. 2545 (N.D. Ill.);

    r. *In Re JCCP 4771, Zoloft Birth Defect Cases*, (Cal. Super. Ct.);

    s. *Da Silva Moore v. Publicis Groupe & MSL Group,* No. *11* Civ. 1279 (ALC)(AJP) (S.D.N.Y.) (seminal TAR case).

10. I have served as a speaker or panelist on many CLE webinars including *Balancing the Needs of Requesting and Producing Parties: Getting E-Discovery Right* (RAND Institute for Civil Justice Conference, October 3-4, 2023) ("RAND Conference"), *An Analysis of Today's Mass Tort Landscape Agenda* (HarrisMartin MDL Conference, March 27, 2019), *Current Mass Torts from E-Discovery Through Exit Strategies – Navigating "Game-Changing" Dynamics* (HarrisMartin MDL Conference, November 26, 2018), *The Mass Tort Litigation Landscape – A Critical Analysis Agenda* (HarrisMartin MDL Conference, September 26, 2018), *The State of E-Discovery in 2018: Analysis & Review* (West LegalEdCenter, September 27, 2018), *Lessons Learned from Recent eDiscovery Disasters* (West LegalEdCenter, February 26, 2018), and *Top ESI Mistakes Made in Mass Tort Disputes* (West LegalEdCenter, September 14, 2017).

11. Along with Uber's expert Dr. Maura Grossman, I was an advisor on and assisted in setting up the RAND Conference.

12. I am a member of the drafting team for forthcoming commentary of the Sedona Conference Working Group 1 (https://thesedonaconference.org/wgs/wg1) on *Conducting*

*eDiscovery of Modern Communication and Collaboration* and was on the panel presenting the *Drafting Team Report: Discovery of Modern Communications and Collaboration Platforms* at the Sedona Conference Working Group 1 Annual Meeting in October 2023.

## II.     OPINIONS

13.     As set out in the July Joint Status Report, "Plaintiffs' MDL leadership and Uber reached an agreement that Uber will produce documents for 55 total custodians for both the JCCP and the MDL." July Joint Status Report, Section I.a.

14.     Further, per that agreement, Uber agreed to "produce documents for at least 29 custodians chosen by the MDL Plaintiffs (subject to Uber's objections and the Court's rulings on those objections)." *Ibid.*

15.     It is my understanding that Uber refuses to provide custodial files for 19 of the 29 custodians that the MDL Plaintiffs selected, citing, *inter alia*, relevancy and burden[1] objections (namely, that certain custodians are duplicative of others).

16.     These burden and relevancy objections are meritless for at least four reasons. First, Uber's collection will be deduplicated pursuant to the ESI Order. ESI Order, Section 12. Any duplicates in the documents of the 19 disputed custodians will be filtered out before any review[2] and will have no or minimal effect on the efforts required of Uber.

17.     Second, pursuant to agreement "that the agreed-upon search terms would hit on no more than 32%, family inclusive, of the sample set of documents collected by Defendants"[3], the overall hit rate after swapping in the 19 disputed custodians and applying the agreed search terms

---

[1] "Without Plaintiffs' full custodian list for both the JCCP and MDL, Uber advised that it could not fully vet Plaintiffs' custodians to avoid duplicative and cumulative discovery." August Joint Status Report, p. 6, ll. 12-14.
[2] The relationship of the filtered-out duplicates to the 19 disputed custodians will be preserved via the ALLCUSTODIAN and ALL FILE PATHS metadata fields. *See* ESI Order, Section 12.
[3] "The parties, with the assistance of Judge Cisneros, reached a compromise agreement that the agreed-upon search terms would hit on no more than 32%, family inclusive, of the sample set of documents collected by Defendants. As of August 5, 2024, the parties finalized the set of search terms to be run in accordance with this agreement. This agreement was memorialized in an email exchange between the parties on August 5, 2024." August Joint Status Report, Section I.

to the resultant population would likely be comparable to the 32% hit rate, reducing the Uber document population at issue here by some 68% – over two-thirds – thereby already removing a substantial proportion of any non-responsive documents of the 19 disputed custodians, eliminating the need for manual review and any further treatment of those documents[4].

18. Third, to the extent that there were still non-responsive documents in the population after this 68% reduction, the TAR 2.0 process being implemented here will largely weed out any remaining non-duplicate, non-responsive documents of the 19 disputed custodians without any manual review or further treatment being required:

> "The TAR 2.0 algorithm prioritizes the documents in the review queue from most to least likely to be responsive. Attorney reviewers then review documents the TAR 2.0 model has prioritized as most likely to be responsive in descending order from most to least likely to be responsive. As the review continues and reviewers code documents, the TAR 2.0 model continues to learn and prioritize likely responsive documents until a stopping point is reached and a validation is conducted." ESI Order, Section 8.a.1.

The stopping criteria will be reached when the number of responsive documents in the most recently reviewed batches drops below 10%[5], cutting off review of non-responsive documents, including the non-responsive documents of the 19 disputed custodians.

19. Fourth, to the extent that the disputed 19 custodians have non-duplicate *responsive* documents, those documents should be produced, as they could be probative and may even in some cases be dispositive of critical points.

---

[4] As Uber has chosen to stack its TAR process on top of the application of search terms, a sample of the subset of documents which were eliminated by search terms should be included in the end-to-end validation "to establish that an appropriate level of end-to-end recall (the percentage of responsive Documents in the initial collection before any search terms or TAR or manual review was applied which were classified as responsive after Defendants search, TAR and review processes) has been achieved." ESI Order, Section 9.

[5] ESI Order, Section 8.a.3.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: August 19, 2024

*[signature]*

Douglas Forrest
Senior VP, eDiscovery
International Litigation Services, Inc.
dforrest@ilsteam.com