RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NOS. 1135 AND 1158]**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |
| This Document Relates to:<br><br>ALL ACTIONS | |

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED

Case No. 3:23-MD-3084-CRB

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated August 19 and August 20, 2024, ECF Nos. 1135 and 1158 (collectively, "Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns 46 documents:

| Document | Description | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery | A document containing employee names and confidential employment information, created by Uber for purposes of meet and conferrals by the Parties, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 2 to Declaration of Roopal Luhana | A document containing employee names and confidential employment information, created by Uber for purposes of meet and conferrals by the Parties, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 4 to Declaration of Roopal Luhana | A document containing employee names and confidential employment information, created by Uber for purposes of meet and conferrals by the Parties, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 7 to Declaration of Roopal Luhana | A chart created by Uber for purposes of meet and conferrals by the Parties, containing confidential material, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 8 to Declaration of Roopal Luhana | A chart created by Uber for purposes of meet and conferrals by the Parties, containing confidential material, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 9 to Declaration of Roopal Luhana | A chart created by Plaintiffs for purposes of meet and conferrals by the Parties, containing confidential material. | Uber |
| Ex. 10 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |

2
DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED                                               Case No. 3:23-MD-3084-CRB

| Document | Description | Designating Party |
|---|---|---|
| Ex. 11 to Declaration of Roopal Luhana | A document containing confidential material, including employment information. | Uber |
| Ex. 12 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 13 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 14 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 15 to Declaration of Roopal Luhana | An internal presentation produced by Uber in this litigation, containing confidential business information, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 16 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 17 to Declaration of Roopal Luhana | A compliance report containing confidential business information provided to a regulator and produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 18 to Declaration of Roopal Luhana | A transcript of the deposition of an Uber employee containing confidential information, produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 19 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 20 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 21 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 22 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 23 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 24 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 25 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 26 to Declaration of Roopal Luhana | A chart containing confidential business and employment information.. | Uber |
| Ex. 27 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 28 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 29 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |

| Document | Description | Designating Party |
|---|---|---|
| Ex. 30 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 31 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 32 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 33 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 34 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 35 to Declaration of Roopal Luhana | A document produced by Uber in this litigation containing confidential business and employment information, designated Confidential. | Uber |
| Ex. 36 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 37 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 38 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 39 to Declaration of Roopal Luhana | A transcript of the deposition of an Uber employee, produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 40 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 41 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 42 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 43 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 44 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Highly Confidential – Attorneys' Eyes Only. | Uber |
| Ex. 45 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 46 to Declaration of Roopal Luhana | An email produced by Uber in this litigation, designated Confidential. | Uber |
| Ex. 47 to Declaration of Roopal Luhana | A document produced by Uber in this litigation containing confidential business policies and procedures, designated Confidential. | Uber |

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                                   Case No. 3:23-MD-3084-CRB

| Document | Description | Designating Party |
|---|---|---|
| Ex. 48 to Declaration of Roopal Luhana | A document produced by Uber in this litigation containing confidential business policies and procedures, designated Confidential. | Uber |
| Ex. 49 to Declaration of Roopal Luhana | A chart created by Uber for purposes of meet and conferrals by the Parties, containing confidential material. | Uber |

These documents contain confidential and commercially sensitive business information that would harm Uber's competitive standing if the documents were made public. Additionally, the documents contain the personal information of many current and former Uber employees. Uber therefore submits this statement requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## II.   LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26 (c)" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c).

The documents at issue here do not relate directly to the merits of the case because they are submitted to the Court in support of a discovery motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

### III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The Exhibits to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery at issue here should be sealed under the good cause standard. These documents contain sensitive non-public information including personally identifiable information, commercially sensitive information, and business information. *See* Shortnacy Decl. ¶¶ 2-20. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

#### A. Failing to Seal the Documents Would Harm Uber as Well as Many of Uber's Current and Former Employees

The public disclosure of the exhibits to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery at issue will cause undue harm. *See* Shortnacy Decl. ¶¶ 2-20.

**Exhibit 1 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery:** a chart created by Uber and shared with Plaintiffs for meet and confer purposes which lists dozens of current and former Uber Employees by name, title, dates of employment, and non-public internal job responsibilities. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *See* Shortnacy Decl. ¶ 3. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees.

**Exhibit 2 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery:** a document created by Uber and shared with Plaintiffs for meet and confer purposes which details non-public information about the roles and responsibilities of many senior Uber employees and executives. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *See* Shortnacy Decl. ¶ 4. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of

1  annoyance, embarrassment and undue burden or expense for the employees.

2  **Exhibit 4 to the Declaration of Roopal Luhana:** a chart created by Uber and shared with Plaintiffs for meet and confer purposes which lists dozens of current and former Uber Employees by name, title, dates of employment, and non-public internal job responsibilities. *See* Shortnacy Decl. ¶ 5. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *See id*. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees.

**Exhibit 7 to the Declaration of Roopal Luhana:** a document created by Uber and shared with Plaintiffs for meet and confer purposes which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well. *See* Shortnacy Decl. ¶ 6. The document is a chart of JCCP custodians and details non-public information about the number of documents for each custodian by year. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *See id*.

**Exhibit 8 to the Declaration of Roopal Luhana:** a document created by Uber and shared with Plaintiffs for meet and confer purposes which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well. *See* Shortnacy Decl. ¶ 7. The document is a chart of JCCP custodians and details non-public information about the number of documents for each custodian by year. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. *See id*.

**Exhibit 9 to the Declaration of Roopal Luhana:** a table created by Plaintiffs which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well as personal identifying information. *See* Shortnacy Decl. ¶ 8. The document lists the details of several Uber employees' non-public job duties and dates of employment as well as links to their social media profiles, and incorporates information from confidential documents produced by Uber in this litigation. Uber has not agreed to designate many of these employees as

1  custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the
2  documents would create a high probability of annoyance, embarrassment and undue burden or expense
3  for the employees.

4  **Exhibit 10 to the Declaration of Roopal Luhana:** internal Uber emails which were produced
5  under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
6  EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information
7  that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber
8  strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy
9  Decl. ¶ 9.

10  **Exhibit 11 to the Declaration of Roopal Luhana:** a table listing dozens of Uber employees
11  and executives by name, title, and non-public information about job responsibilities and roles with
12  respect to Uber's U.S. Safety Report. It contains commercially sensitive non-public information that
13  would harm Uber's marketplace standing if sealing is denied. *See* Shortnacy Decl. ¶ 10. Uber has not
14  agreed to designate many of these employees as custodians of ESI, and as such their relevance to the
15  underlying matter is in dispute. Unsealing the documents would create a high probability of
16  annoyance, embarrassment and undue burden or expense for the employees.

17  **Exhibit 12 to the Declaration of Roopal Luhana:** internal Uber emails which were produced
18  under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS'
19  EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information
20  that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber
21  strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy
22  Decl. ¶ 9.

23  **Exhibit 13 to the Declaration of Roopal Luhana:** internal Uber emails which were produced
24  under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They
25  contain commercially sensitive non-public information that would harm Uber's marketplace standing
26  if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing
27  several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

28

**Exhibit 14 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 15 to the Declaration of Roopal Luhana:** a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document is a presentation containing confidential information regarding Uber's safety policies and commitment to transparency. *See* Shortnacy Decl. ¶ 11. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation.

**Exhibit 16 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 17 to the Declaration of Roopal Luhana:** an internal Rasier, LLC Compliance Report which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document was provided to a regulator and states on its face that it contains trade secrets and confidential business and financial information and is exempt from public disclosure. *See* Shortnacy Decl. ¶ 12. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation.

**Exhibit 18 to the Declaration of Roopal Luhana:** a transcript of the deposition of an Uber employee, subject to a protective order designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER". It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. *See* Shortnacy Decl. ¶ 13.

9

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                                  Case No. 3:23-MD-3084-CRB

**Exhibit 19 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 20 to the Declaration of Roopal Luhana:** an internal Uber email which was produced under seal by Uber. The email was designated "CONFIDENTIAL" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, it details Uber's strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 21 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 22 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 23 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 24 to the Declaration of Roopal Luhana:** an internal Uber email which was produced under seal by Uber. The email was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, it details Uber's strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 25 to the Declaration of Roopal Luhana:** an internal Uber email which was produced under seal by Uber. The email was designated "CONFIDENTIAL" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, it details Uber's strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 26 to the Declaration of Roopal Luhana:** a table showing non-public information such as the names, titles, start dates, direct supervisors, and locations of several Uber employees. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well as personal identifying information. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. *See* Shortnacy Decl. ¶ 14.

**Exhibit 27 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 28 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

1 **Exhibit 29 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 30 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 31 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 32 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 39.

**Exhibit 33 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 34 to the Declaration of Roopal Luhana:** internal Uber emails which were produced

under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 35 to the Declaration of Roopal Luhana:** a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document details a proposed business strategy, as well as employee information and their non-public roles and responsibilities. The document was designated "CONFIDENTIAL" by Uber in this litigation. *See* Shortnacy Decl. ¶ 15.

**Exhibit 36 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 37 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 38 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 39 to the Declaration of Roopal Luhana:** a transcript of the deposition of an Uber

employee marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY". The transcript was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. *See* Shortnacy Decl. ¶ 16.

**Exhibit 40 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 41 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 42 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 43 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 44 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 45 to the Declaration of Roopal Luhana:** internal Uber emails which were produced under seal by Uber. The emails were designated "CONFIDENTIAL" by Uber in this litigation. They contain commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 46 to the Declaration of Roopal Luhana:** an internal Uber email which was produced under seal by Uber. The email was designated "CONFIDENTIAL" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. Specifically, it details Uber's strategy and business decisions as well as listing several Uber employees by name. *See* Shortnacy Decl. ¶ 9.

**Exhibit 47 to the Declaration of Roopal Luhana:** a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document details Uber's confidential business policies and procedures. *See* Shortnacy Decl. ¶ 17. The document was designated "CONFIDENTIAL" by Uber in this litigation. *See id.*

**Exhibit 48 to the Declaration of Roopal Luhana:** a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document details Uber's confidential business policies and procedures. *See* Shortnacy Decl. ¶ 17. The document was designated "CONFIDENTIAL" by Uber in this litigation. *See id.*

**Exhibit 49 to the Declaration of Roopal Luhana:** a document created by Uber and shared

with Plaintiffs for meet and confer purposes which details non-public information about disputed custodians, containing information about the overlap between these and other proposed custodians. *See* Shortnacy Decl. ¶ 18. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees.

### B.  A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

The Exhibits to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery contain information that Uber's statement is intended to protect from publication. *See* Shortnacy Decl. ¶¶ 2-18. Actions short of sealing the documents would not protect the privacy interests of Uber or its employees.

## IV.  CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery be maintained under seal.

DATED: August 26, 2024                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
        MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

|  |  |
|---|---|
| 1 | Facsimile: (202) 783-4211 |
| 2 | KYLE N. SMITH (*Pro Hac Vice* admitted) |
| | ksmith@paulweiss.com |
| 3 | JESSICA E. PHILLIPS (*Pro Hac Vice* admitted) |
| | jphillips@paulweiss.com |
| 4 | **PAUL, WEISS, RIFKIND, WHARTON** |
| | **& GARRISON LLP** |
| 5 | 2001 K Street, NW |
| | Washington DC, 20006 |
| 6 | Telephone: (202) 223-7300 |
| | Facsimile:  (202) 223-7420 |
| 7 | *Attorney for Defendants* |
| 8 | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, and RASIER-CA, LLC |

17

DEFENDANTS' STATEMENT ISO PLAINTIFFS' ADMINISTRATIVE MOTIONS
TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD
BE SEALED                                                    Case No. 3:23-MD-3084-CRB