RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATION MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 1135 AND 1158]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the State of California, the State of New York, and the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF Nos. 1135 and 1158.

2. I have reviewed Exhibits 1-2, 4, 7-49 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery. These exhibits contain highly confidential, sensitive non-public information including personally identifiable information.

3. Exhibit 1 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery, which was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber, is a chart created by Uber and shared with Plaintiffs for meet and confer purposes which lists dozens of current and former Uber Employees by name, title, dates of employment, and non-public internal job responsibilities.

4. Exhibit 2 to the Declaration of Roopal Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery, which was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber, is a document created by Uber and shared with Plaintiffs for meet and confer purposes which details non-public information about the roles and responsibilities of many senior Uber employees and executives.

5. Exhibit 4 to the Declaration of Roopal Luhana is a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well as personal identifying information. The document is a chart created by Uber and shared with Plaintiffs for meet and confer purposes which lists dozens of current and former

1  Uber Employees by name, titles, and dates of employment. The document was designated "HIGHLY
2  CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation.

3        6.      Exhibit 7 to the Declaration of Roopal Luhana is a document created by Uber which
4  contains commercially sensitive non-public information that would harm Uber's marketplace standing
5  if sealing is denied. The document is a chart of JCCP custodians and documents for each custodian by
6  year. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
7  by Uber in this litigation.

8        7.      Exhibit 8 to the Declaration of Roopal Luhana is a document created by Uber which
9  contains commercially sensitive non-public information that would harm Uber's marketplace standing
10 if sealing is denied. The document is a chart of JCCP custodians and documents for each custodian by
11 year. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"
12 by Uber in this litigation.

13       8.      Exhibit 9 to the Declaration of Roopal Luhana is a document created by Plaintiffs
14 which contains commercially sensitive non-public information that would harm Uber's marketplace
15 standing if sealing is denied as well as personal identifying information. The document also references
16 Uber employees' names, job titles, non-public information about job responsibilities, and dates of
17 employment, and incorporates information from confidential documents produced by Uber in this
18 litigation.

19       9.      Exhibits 10, 12-14, 16, 19-25, 27-34, 36-38, and 40-46 to the Declaration of Roopal
20 Luhana In Support of Plaintiffs' Motion to Compel Custodial Discovery are internal emails from Uber
21 produced under seal in this litigation that contain commercially sensitive non-public information that
22 would harm Uber's marketplace standing if sealing is denied. Specifically, they detail Uber strategy
23 and business decisions as well as listing several Uber employees by name.  These exhibits contain
24 confidential, commercially sensitive non-public information that would harm Uber's marketplace
25 standing and personal information of Uber employees. This information will cause undue harm if
26 publicly disseminated.  These documents were all designated "HIGHLY CONFIDENTIAL –
27 ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" by Uber in this litigation.

28

10. Exhibit 11 to the Declaration of Roopal Luhana is a table listing dozens of Uber employees and executives by name, title, and non-public information about job responsibilities. The document details confidential information about individuals' roles with respect to Uber's U.S. Safety Report. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. This information is likely to cause undue burden, expense or embarrassment to the employees if publicized.

11. Exhibit 15 to the Declaration of Roopal Luhana is a document created by Uber which contains commercially sensitive non-public information about Uber's safety policies and commitment to transparency that would harm Uber's marketplace standing if sealing is denied. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation.

12. Exhibit 17 to the Declaration of Roopal Luhana is an internal Rasier, LLC Compliance Report provided to a regulator which contains commercially sensitive non-public information on Uber's business and regulatory policies that would harm Uber's marketplace standing if sealing is denied. The document was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation, and states on its face that it contains trade secrets and confidential business and financial information and is exempt from public disclosure.

13. Exhibit 18 to the Declaration of Roopal Luhana is a transcript of the deposition of an Uber employee, subject to a protective order designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY SUBJECT TO PROTECTIVE ORDER". It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied.

14. Exhibit 26 to the Declaration of Roopal Luhana is a table showing the names, titles, start dates and locations of several Uber employees. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well as personal identifying information.

15. Exhibit 35 to the Declaration of Roopal Luhana is a document created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The document details a proposed business strategy, as well as employee

information and their non-public roles and responsibilities. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied as well as personal identifying information. The document was designated "CONFIDENTIAL" by Uber in this litigation.

16. Exhibit 39 to the Declaration of Roopal Luhana is a transcript of the deposition of an Uber employee marked "CONFIDENTIAL – ATTORNEYS' EYES ONLY." The transcript was designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" by Uber in this litigation. It contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied.

17. Exhibits 47 and 48 to the Declaration of Roopal Luhana are documents created by Uber which contains commercially sensitive non-public information that would harm Uber's marketplace standing if sealing is denied. The documents detail Uber's confidential business policies and procedures. These documents were designated "CONFIDENTIAL" by Uber in this litigation.

18. Exhibit 49 to the Declaration of Roopal Luhana is a document created by Uber and shared with Plaintiffs for meet and confer purposes which details non-public information about disputed custodians, containing information about the overlap between these and other proposed custodians, that would harm Uber's marketplace standing if sealing is denied. The document was created in negotiations over the number of custodians in this litigation.

I declare under penalty of perjury the laws of the State of California that the foregoing is true and correct.

Executed on August 26, 2024, in Los Angeles, California.

*/s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY