LAW OFFICES

## WILLIAMS & CONNOLLY LLP

DAVID RANDALL J. RISKIN
(202) 434-5789
driskin@wc.com

680 MAINE AVENUE SW
WASHINGTON, DC 20024
(202) 434-5000
WWW.WC.COM

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

August 29, 2024

***Via ECF***

The Honorable Lisa J. Cisneros
United States Magistrate Judge
  for the Northern District of California
450 Golden Gate Avenue
San Francisco, California 94102

      Re:    *In re Uber Techs. Passenger Sexual Assault Litig.*, No. 23-md-03084 (N.D. Cal.)

Dear Judge Cisneros:

      Lyft, Inc. writes to update the Court on the status of Plaintiffs' Industry Sharing Safety Program–discovery from Lyft in light of the Court's August 16, 2024 order staying that discovery (ECF 1068) and the August 28, 2024 joint report (ECF 1521). Remaining in dispute are two categories of ISSP-related documents: (i) communications between Uber and Lyft and (ii) Lyft's communications with regulators. (Plaintiffs withdrew their demand for any other Lyft communications or documents relating to the ISSP.) The remaining demands run afoul of the "extra protection" third parties "deserve" in discovery. (ECF 1068 at 3:7–8 (quotations omitted).)

      The reason: Plaintiffs (repeatedly) rejected as an Uber custodian the Uber employee (Jenny Luu) who communicated with Lyft about the ISSP. Lyft employees who worked to create the ISSP confirmed Luu was a principal point of contact at Uber. Both Lyft and Uber have shared this fact with Plaintiffs. Plaintiffs, then, knowingly have chosen not to seek from Uber the documents they are demanding from Lyft (even though the documents are available from Uber), mocking Federal Rule 45's command that a party serving a subpoena "'take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena.'" (ECF 1068 at 3:6–7 (quoting Fed. R. Civ. P. 45(d)(1))); *cf. Glass Egg Digital Media v. Gameloft, Inc.*, 2019 WL 4166780, at *5 (N.D. Cal. Sept. 3, 2019) ("[p]laintiff should take care to be able to explain … why any and all documents sought in third party discovery could not be obtained" in party discovery). Plaintiffs instead would put the entire burden of producing ISSP-related communications between Lyft and Uber on Lyft. Under these circumstances, the Court should conclude that third-party ISSP-related discovery from Lyft is inappropriate.

      Plaintiffs have been limited in this action to 55 Uber custodians. What appears to be going on is that Plaintiffs have calculated they can save one of their custodial slots by rejecting Luu and obtaining Uber-Lyft ISSP-related communications from Lyft alone. That is not how third-

WILLIAMS & CONNOLLY LLP

August 29, 2024
Page 2

party discovery is supposed to work—treating non-party discovery as if it is party discovery. If documents are equally available from a party and a non-party, the plaintiff must seek them in party discovery too. *See id.* at *4–5; *Nidec Corp. v. Victor Co. of Japan*, 249 F.R.D. 575, 576 (N.D. Cal. 2007); *cf. Davis v. Ramen*, 2010 WL 1948560, at *1 (E.D. Cal. May 11, 2010) (rejecting subpoena where there was no "showing … the records are only obtainable through that third party"). Plaintiffs, to be sure, identified seven Uber custodians "who had responsibility for the ISSP." (ECF 1521 at 6:26.) Even if true (Lyft does not have insight), those employees were not the ones primarily communicating with Lyft about ISSP, and Plaintiffs do not suggest otherwise. Lyft's employees confirmed they do not recall several of the selected custodians (and do not have communications with them), and they had only one- or two-off emails with a few others. Simply put, the seven are not relevant to the ISSP communications Plaintiffs demand from Lyft.

Plaintiffs' custodial choices signal two things: *First*, obtaining Uber-Lyft ISSP-related communications is not a priority for Plaintiffs, or they would have selected Luu as a custodian. (This same reason dooms Plaintiffs' demand for Lyft's ISSP communications with regulators. After all, if Plaintiffs cannot be bothered to seek even Uber-Lyft communications from Uber, there is no basis to demand any ISSP-related documents from Lyft.) *Second*, Plaintiffs have not done what the Federal Rules require of them to reduce burdens of third-party discovery. Accordingly, and in light of Plaintiffs' recent custodial choices, the Court should deny the remaining ISSP-related discovery Plaintiffs demand from Lyft.

Lyft gave Plaintiffs an opportunity to review this submission and add their position before filing. Plaintiffs chose to stand on their submission in the joint report.

Respectfully submitted,

 /s/ David Randall J. Riskin

David Randall J. Riskin (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Avenue, S.W.
Washington, DC 20024
Tel:    (202) 434-5000
Fax:    (202) 434-5029
Email: driskin@wc.com

Warren Metlitzky (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: wmetlitzky@conmetkane.com

*Attorneys for Lyft, Inc.*