RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL EXHIBITS IN SUPPORT OF UBER'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY**<br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice* admitted)
    oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBITS IN SUPPORT OF UBER'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY          CASE NO. 3:23-MD-03084-CRB

Pursuant to Local Rules 7-11 and 79-5, and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this Administrative Motion to Seal Exhibits In Support Of Uber's Opposition to Motion to Compel Custodial Discovery, dated August 19, 2024, ECF 1137. On August 29, 2024, Uber filed an Opposition to Plaintiffs' Motion to Compel Custodial Discovery. Uber respectfully requests that the Court seal the following submissions:

## I. BACKGROUND AND REQUESTED SEALING

| Document | Description | Designating Party |
|---|---|---|
| Opposition to Plaintiffs' Motion to Compel Custodial Discovery | Portions of briefing referring to documents the Parties filed under seal. | Uber |
| Exhibit A to Declaration of Michael B. Shortnacy In Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery | A chart containing Uber employee names and confidential employment information. | Uber |
| Exhibit B to Declaration of Michael B. Shortnacy In Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery | A chart containing references to sealed material, Uber employee names, and confidential employment information. | Uber |
| Declaration of Frank Chang In Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery | A document containing Uber employee names and confidential employment information. | Uber |
| Declaration of Henry Gustav Fuldner In Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery | A document containing Uber employee names and confidential employment information. | Uber |
| Declaration of Matt Kallman In Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery | A document containing Uber employee names and confidential employment information. | Uber |

## II.    LEGAL STANDARD

When courts consider motions to they apply the "good cause" standard of Rule 26(c) of the Federal Rules of Civil Procedure because such records "are often 'unrelated, or only tangentially related, to the underlying cause of action.'" *Kamakana v. City of Honolulu,* 447 F.3d 1172, 1179 (9th Cir. 2006) (citation omitted); accord *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF, 2020 WL 6387381, at *1 (N.D. Cal. Feb. 24, 2020). In contrast, filings that are more directly related to a case's merits "may be sealed only upon a showing of 'compelling reasons' for sealing." *Adtrader, Inc.*, 2020 WL 6387381, at *1 (quoting *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016)).

The "lesser" good cause standard applies here because Uber seeks to maintain the sealing of a filing connected to a discovery motion that is not more than tangentially related to this case's merits. *Adtrader, Inc*, 2020 WL 6387381, at *1; see also *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1 (N.D. Cal. Aug. 9, 2022) ("Here, the 'good cause' standard applies because the information the parties seek to seal was submitted to the Court in connection with discovery-related motions, rather than a motion that concerns the merits of the case."); cf. *United States v. Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018) ("[M]aterials submitted to a court for its consideration of a discovery motion are actually one step further removed in public concern from the trial process than the discovery materials themselves." (citation omitted)). Accordingly, "the general history of access and the public policies favoring disclosure" do not apply as strongly. *Kamakana*, 447 F.3d at 1178–79.

"'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahancian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). The "good cause" sealing standard is the same standard that applies to the entry of a protective order in civil discovery. See Fed. R. Civ. P. 26(c)(1) ("The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense . . . ."). It "gives the district court much flexibility in balancing and protecting the interests of private parties." *Kamakana*, 447 F.3d at 1180.

1

**III.     UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

2

3

4

5

6

The documents at issue here should be sealed under the good cause standard. These documents contain sensitive non-public information including personally identifiable information, commercially sensitive information, and confidential business information. *See* Shortnacy Decl. ¶¶ 2-7. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

7

8

**A.     Failing to Seal the Documents Would Harm Uber as Well as Many of Uber's Current and Former Employees**

9

10

The public disclosure of the documents at issue will cause undue harm. *See* Shortnacy Decl. ¶¶ 2-7.

11

12

13

14

15

16

17

**Opposition to Motion to Compel Custodial Discovery:** a motion, portions of which reference sealed material that includes documents designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or CONFIDENTIAL, as well as employee names and confidential employment details. Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees.

18

19

20

21

22

23

24

25

26

27

**Exhibit A to the Declaration of Michael B. Shortnacy in Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery:** a chart created by Uber that lists 18 current and former Uber Employees by name, title, dates of employment, and non-public internal job responsibilities. Plaintiffs have not agreed to designate these employees as custodians of ESI in this Action under the terms of the Parties' July 8, 2024 Agreement, and as such their relevance to the underlying matter is in dispute. Unsealing the documents revealing this confidential business information would create a high probability of annoyance, embarrassment and undue burden or expense for the employees.  Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly.

28

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBITS IN SUPPORT OF UBER'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY          CASE NO. 3:23-MD-03084-CRB

**Exhibit B to the Declaration of Michael B. Shortnacy in Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery:** a chart created by Uber that extensively references previously-sealed materials that were designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY or CONFIDENTIAL in this Action, and lists 18 current and former Uber Employees by name, title, dates of employment, and non-public internal job responsibilities. Uber has not agreed to designate these employees as custodians of ESI in this Action, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly.

**Declaration of Frank Chang in Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery:** a document created by Uber that contains the names and non-public internal job responsibilities of multiple current and former Uber employees. Uber has not agreed to designate many of these employees as custodians of ESI in this Action, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly.

**Declaration of Henry Gustav Fuldner in Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery:** a document created by Uber that contains the names and non-public internal job responsibilities of multiple current and former Uber employees. Uber has not agreed to designate many of these employees as custodians of ESI in this Action, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed

publicly.

**Declaration of Matt Kallman in Support of Opposition to Plaintiffs' Motion to Compel Custodial Discovery:** a document created by Uber that contains the names and non-public internal job responsibilities of multiple current and former Uber employees. Uber has not agreed to designate many of these employees as custodians of ESI in this Action, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly.

### B.    A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

Portions of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery, as well as Exhibits A and B to the Declaration of Michael B. Shortnacy in Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery, and the Declarations of Frank Chang, Henry Gustav Fuldner, and Matt Kallman contain information that Uber's statement is intended to protect from publication. *See* Shortnacy Decl. ¶¶ 3-7. Actions short of sealing the documents would not protect the privacy interests of Uber or its employees.

## IV.    CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that portions Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery as well as Exhibits A and B to the Declaration of Michael B. Shortnacy In Support of Uber's Opposition to Plaintiffs' Motion to Compel Custodial Discovery, and the Declarations of Frank Chang, Henry Gustav Fuldner, and Matt Kallman be maintained under seal.

Dated: August 29, 2024                          Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**
By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com

7

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**SHOOK, HARDY & BACON L.L.P.**
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice*
admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL EXHIBITS IN SUPPORT OF UBER'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY          CASE NO. 3:23-MD-03084-CRB