RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF UBER'S OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

1      I, Michael B. Shortnacy having personal knowledge of the following state:

2      1.     I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the State of California, the State of New York, and the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated herein to be based on information and belief, and if called to testify, I could competently do so.

2.     I respectfully submit this declaration in support of Uber's Opposition to Plaintiffs' Motion to Compel Custodian Discovery (ECF 1137).

3.     Upon information and belief, MDL and JCCP Plaintiffs previously proposed 17 of the 18 document custodians Uber now proposes. The only exception is Jenny Luu, whom Uber identified through the conferral process with MDL and JCCP Plaintiffs as a proposed custodian because she would likely provide documents in connection with the Industry Sharing Safety Program (ISSP), which Plaintiffs seek from Uber as well as non-party Lyft. A true and correct copy of a chart overview of Uber's proposed custodians is attached hereto as **Exhibit A**.

4.     In particular, between May 3 and June 17, 2024, the MDL Plaintiffs proposed in the conferral process 9 of the 18 custodians Uber now proposes: Ankankshu Dhawan, Chad Dobbs, Mariana Esteves, Brian Johnson, Rebecca Payne, Eric Schroeder, Daniele Sipf, Christopher Weber, and Jena Wuu.

5.     Upon information and belief, the JCCP Plaintiffs previously proposed 13 of the 18 custodians Uber now proposes: Emilie Boman, Akankshu Dhawan, Camiel Irving, Brian Johnson, Elise Maiolino, Lourdes McLoughlin, Susan Muerhcke, Livia Natsumeda, Rebecca Payne, Shyrose Razwani, Emily Richter-Eason, Eric Schroeder, and Christopher Weber. *See also* Declaration of Kyle Smith at 10.

6.     For the majority of Uber's 18 proposed custodians, Plaintiffs have never explained, in writing or otherwise, why they object to these particular custodians. Likewise, Plaintiffs chose not to include any specific objections to these 18 custodians within their Motion to Compel

- 2 -

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF UBER'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY          Case no. 3:23-MD-03084-CRB

1  Custodian Discovery.

2      7. On information and belief, Uber's 18 proposed custodians possess unique responsive
3  information and therefore should be included within the 55 custodian limit, instead of the custodians
4  Plaintiffs propose.

5      8. Uber has provided unprecedented transparency with respect to its proposed
6  custodians. Through the conferral process, Plaintiffs have obtained far more information regarding
7  these custodians than requesting parties typically have, and certainly far more information than is
8  needed to designate custodians. At the same time, Uber has tried to understand why Plaintiffs
9  proposed certain custodians over others. Yet, Plaintiffs refused to share the sources of their
10 information, which they have apparently now disclosed through their motion in Exhibit 9. The
11 produced documents and hyperlinked sources cited in Plaintiffs' Exhibit 9 do not support their
12 request for designation of Plaintiffs' proposed 18 custodians. A true and correct copy of Uber's
13 response to Plaintiffs' Exhibit 9 is attached hereto as **Exhibit B.**

14     9. On July 8, 2024, when Plaintiffs requested metadata (e.g., number of emails available
15 by year) for certain custodians, Uber explained that the ability to provide metadata is necessarily
16 limited for custodians whose data has not yet been collected. Uber has explained this same point to
17 Plaintiffs multiple times since then. As Plaintiffs know, collecting the data of a custodian who is in
18 dispute is inadvisable, prohibitively expensive, time consuming, and not required. *See* PTO 8 Letter
19 at 6 n.13 (ECF 607). Uber explained to Plaintiffs what metadata is available and could be provided
20 for custodians whose data has not yet been collected—including for Plaintiffs' 18 proposed
21 custodians—and Plaintiffs said that they do not want Uber to provide that metadata.

22     10. On July 8, 2024, during the parties' in-person meet-and-confer in Courtroom G, which
23 I attended remotely, Plaintiffs agreed that they would not seek Tony West's (Uber's Chief Legal
24 Officer) custodial file. Specifically, Uber agreed to include Jodi Kawada Page as an MDL custodian
25 in exchange for Plaintiffs' agreement that they would not seek the custodial file of Mr. West. The
26 parties even reported to the Court that they had reached an agreement as to one custodian (i.e., Mr.
27 West). Despite this agreement and with no prior warning, on July 30, 2024 (over two weeks after

28

1   Plaintiffs had agreed to identify their proposed custodians, after Uber provided its objections per
2   the July 8 agreement, and after counsel had been on multiple videoconferences together that day,
3   including the meet-and-confer about Uber's custodian objections scheduled in the July 8
4   agreement), Plaintiffs added Tony West to their list of 55 proposed custodians, reneging on the deal
5   that Uber negotiated with Plaintiffs on July 8, 2024, and that the parties had reported to the Court.

6   11.   Plaintiffs' counsel's point about Emilie Boman's pre-2020 documents is misguided
7   because, before 2020, Emilie Boman was involved in "Outside the U.S." or "OUS" public policy
8   and Uber Eats & Delivery, not Rides. *See* Exhibit 3 to Pls.' Mot. to Compel at 3 (ECF 1137-4). But
9   currently, Emilie Boman is Uber's primary point of contact with multiple advocacy organizations.
10  *See* Exhibit 11 to Pls.' Mot. to Compel at 238:16–239:5, 270:16–273:18, 274:13–23 (ECF 1137-
11  12). Nevertheless, despite this knowledge, Plaintiffs have refused to include Emilie Boman within
12  the 55 custodian limit.

13  12.   Ms. Luhana did not participate in the August 12, 2024 meet-and-confer, and her
14  statements about what occurred, and what did not occur, during that meet-and-confer are inaccurate.
15  *See* Declaration of Roopal P. Luhana ("Luhana Decl.") at ¶¶ 10, 19 (ECF 1137-1). For example,
16  Ms. Luhana states, "During a meet and confer conference on August 12, 2024, Uber did not identify
17  any further objections beyond those contained in Exhibit 1 and 2, nor point to any other written
18  correspondence or documentation containing additional objections." *Id.* at ¶ 10. But in reality, Uber
19  did identify further objections beyond those contained in Exhibit 1 and 2 during the August 12, 2024
20  meet-and-confer. For instance, Uber raised additional objections to Tony West during the
21  August 12, 2024 meet-and-confer, as Plaintiffs had not identified him as a custodian before the
22  parties' previous meet-and-confer on custodians. Uber also reminded Plaintiffs that Uber has
23  asserted numerous objections to Plaintiffs' proposed 18 custodians during the parties' numerous
24  meet-and-confers, and discussions relating to these custodians with a member of MDL Plaintiffs'
25  Leadership extending back to 2023.

26  13.   Additionally, Ms. Luhana states, "Uber has not explained whether any one of their
27  proposed custodians is more relevant or less burdensome than any of the disputed custodians," *id.*
28

at ¶ 19, but Uber did exactly that during the August 12, 2024 meet-and-confer that Ms. Luhana did not attend. During that meet and confer, Uber explained, for example, why Plaintiffs should include Jenny Luu to provide Plaintiffs with ISSP documents. Before the meet-and-confer, Uber provided a custodian-by-custodian explanation regarding why each of the custodians Uber proposed are relevant, and Uber then explained to Plaintiffs, during the August 12, 2024 meet-and-confer, that Uber's proposed custodians are more relevant than the custodians Plaintiffs identified. Uber also had previously explained, on July 29, 2024, why certain Uber proposed custodians are more relevant than Plaintiffs' proposed custodians (because of the custodian's roles and responsibilities), and Plaintiffs even attached that information to their Motion to Compel. *See* Exhibit 2 to Pls.' Mot. to Compel (ECF 1137-3).

14. Plaintiffs' counsel are correct that Uber's proposal is not intended to provide the exact same subject matter and temporal coverage as the custodians Plaintiffs have moved to compel, i.e., be "one-for-one replacements," *see* Luhana Decl. at ¶ 19 (ECF 1137-1). That would not make sense, because Uber contends the custodians Plaintiffs have moved to compel are cumulative and duplicative of the 37 agreed custodians, and/or irrelevant. It would not make sense to do a "one-for-one replacement" of one duplicative custodian with another duplicative custodian or of one irrelevant custodian with another irrelevant custodian. Uber's proposed custodians fill gaps in subject matter or temporal coverage identified by the Court or Uber, responsive to information Plaintiffs have requested.

15. As described in Jamie Brown's Supplemental Declaration, Doug Forrest's declaration (ECF 1137-7) fails to demonstrate that Plaintiffs' proposed custodians are appropriate. Mr. Forrest's statement that "[a]ny duplicates in the documents of the [18] disputed custodians will be filtered out before any review and will have no or minimal effect on the efforts required of Uber" is an oversimplification and incomplete. His argument that application of search terms against Plaintiffs' 18 proposed custodians will likely have a reduction rate of 68% is purely speculative. Further, Mr. Forrest's statement "to the extent that there were still non-responsive documents in the population after this 68% reduction" demonstrates a fundamental lack of understanding regarding

the general efficacy of search terms in identifying responsive documents. *See* accompanying Supplemental Declaration of Jamie Brown, dated August 29, 2024.

16. Plaintiffs' Exhibit 49 does not make sense, is misleading, and should be not be relied on by the Court. As explained below, the methodology Plaintiffs' counsel used to create Exhibit 49 is fundamentally flawed, rendering the resulting chart meaningless. *See* Luhana Decl. at ¶ 17 (ECF 1137-1).

17. First, and most fundamentally, Exhibit 49 does not in fact show whether any of the documents Plaintiffs identified through their searches either are or are not actually within any custodian's file. The reason is because the mere appearance of an employee's name or email address on the face of a document does not make that employee a custodian of that document. Conversely, the lack of an employee's name or email address on the face of a document does not mean that the employee is *not* a custodian of that document. But that is exactly how Plaintiffs conducted their flawed analysis in Exhibit 49. Plaintiffs are trying to infer that the presence or absence of names (not recipients) on documents conclusively shows or predicts the volumes of documents in as-yet-collected custodial files. Indeed, Plaintiffs only looked at whether a document merely includes the name or an email address of an employee, not whether a document is within the custodial file of an employee. *See id.* So every figure on Exhibit 49 purporting to show a "custodian's documents" is actually not that. Plaintiffs' conclusion that the "number of documents not shared by any custodian Uber argues is cumulative/duplicative," is wrong. *See* Exhibit 49 to Pls.' Mot. to Compel at 2 (ECF 1137-50).

18. Second, Plaintiffs admit their data set incomplete because Plaintiffs do not have documents for all of the custodians whose documents Plaintiffs are trying to compare. *See, e.g.*, Luhana Decl. at ¶ 18 (ECF 1137-1). Therefore, Plaintiffs cannot even start to conduct the analysis they are trying to do, and by definition Plaintiffs cannot say (reliably or otherwise) that any of their proposed custodians necessarily have (or do not have) unique responsive documents not found within the custodial file of another custodian.

19. Third, Plaintiffs' Exhibit 49 does not compare their proposed custodians against all

- 6 -

DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF UBER'S OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL CUSTODIAL DISCOVERY            Case no. 3:23-MD-03084-CRB

37 of the agreed and the 18 Uber proposed custodians. Instead, Plaintiffs' purported analysis skews the numbers by comparing each of Plaintiffs' proposed custodians against a relatively small subset of other custodians, ignoring the fact that the custodians that Plaintiffs excluded from the analysis have crossover with their proposed custodians as well. *See* Exhibit 49 to Pls.' Mot. to Compel at 2–3 (ECF 1137-50). Therefore, the number of supposed "unique" documents in Plaintiffs' analysis is both artificially low and entirely unreliable.

20. A true and correct copy of the JCCP Court's Order on Plaintiffs' Motion to Compel Frank Chang's Custodial File, *In re Uber Rideshare Cases*, No. CJC-21-005188 (Cal. Sup. Ct. June 27, 2024) is attached hereto as **Exhibit C**.

21. A true and correct copy of the JCCP Court's Order on Plaintiffs' Motion to Compel Discovery Related to Uber's Senior Executive Custodians, *In re Uber Rideshare Cases*, No. CJC-21-005188 (Cal. Sup. Ct. Feb. 5, 2024) is attached hereto as **Exhibit D**.

22. A true and correct copy of the JCCP Court's Order on Plaintiffs' Motion for Order Compelling Marketing & Lobbying Documents, *In re Uber Rideshare Cases*, No. CJC-21-005188 (Cal. Sup. Ct. Feb. 6, 2024) is attached hereto as **Exhibit E**.

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 29, 2024, in Los Angeles, California.

/s/ *Michael B Shortnacy*
MICHAEL B. SHORTNACY