**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**

|  |  |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**RESPONSES AND OBJECTIONS OF NON-PARTY CHERTOFF GROUP, LLC TO PLAINTIFFS' SUBPOENA TO PRODUCE DOCUMENTS** |

Pursuant to Rule 45 of the Federal Rules of Civil Procedure, non-party Chertoff Group, LLC ("Chertoff Group"), submits the following Responses and Objections to the Subpoena to Produce Documents (the "Subpoena") issued from the Northern District of California and served on it by Plaintiffs in the above-referenced action (the "Action"). Chertoff Group reserves the right to supplement or amend these objections at any time in light of any facts, documents, or other evidence that may subsequently come to light or for any other appropriate reason. Additionally, by notifying you of its objections herein, Chertoff Group does not waive its right to seek to quash or modify the Subpoena. Nor does it forego its right to obtain reimbursement for reasonable costs and expenses incurred in connection with this Subpoena.

## PRELIMINARY STATEMENT

Plaintiffs issued the Subpoena to Chertoff Group in connection with a federal action against Defendant Uber Technologies, Inc. ("Defendant" or "Uber"). Counsel for Chertoff Group accepted service of the Subpoena in Washington, D.C. on May 7, 2024. Plaintiffs consented to an extension until May 24, 2024, for Chertoff Group to respond to the Subpoena. Chertoff Group is not a party to this action, is not incorporated in California, and does not have a place of business in California. This response is not, and should not be construed or interpreted

as, a waiver of any jurisdictional objections available to Chertoff Group, all of which Chertoff Group expressly reserves.

As a threshold matter, the Subpoena imposes a significant and unjustifiable burden and is unreasonably broad. This is particularly true considering that the Subpoena has been issued to a non-party. *See, e.g.*, *Watts v. S.E.C., 482 F.3d 501, 509* (D.C. Cir. 2007) ("The Rule 45 'undue burden' standard requires district courts supervising discovery to be generally sensitive to the costs imposed on third parties."); *Educ. Fin. Council v. Oberg*, 2010 WL 3719921, at *2 (D.D.C. Mar. 8, 2010) ("Concern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs in the Rule 45 inquiry." (cleaned up)). Plaintiffs seek the production of 15 categories of documents. The majority of the Requests are virtually without limit and seek "all" communications or documents relating to various categories of information that, to the extent they even exist, have little or no relation to the limited scope of Chertoff Group's engagement for Uber.

The Subpoena appears to be nothing more than an attempt to circumvent the party-discovery process, the effect of which is to impose unwarranted costs on a non-party. Each and every Request calls for the production of information that, to the extent it exists, would be in the possession of Uber, a party to the litigation (e.g., Request No. 1 "communications with Uber"; Request No. 2 "documents exchanged with Uber"; Request No. 10 "all training materials provided to Uber"). In doing so, the Subpoena ignores federal courts' universal "preference for parties to obtain discovery from one another before burdening non-parties with discovery requests." *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 505 (E.D. Cal. 2012) (collecting cases). Where, as here, the requesting party has "not shown [that it] attempted to obtain documents from the [opposing party] in an action prior to seeking the documents from a

non-party, a subpoena duces tecum places an undue burden on a non-party." *Id.*; *see also In re Motion to Compel Compliance with Subpoena Direct to Dept. of Veterans Affairs*, 257 F.R.D. 12 (D.D.C. 2009) (even limited subpoena was unduly burdensome because there was no showing that information sought was unavailable from other sources); *Athalonz, LLC v. Under Armour, Inc.*, 2024 WL 628846, at *8 (N.D. Cal. Feb. 14, 2024) (quashing non-party subpoena where the requesting party had not first sought the same materials from the opposing party, who would have been expected to have them); *see also Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (denying motion to compel non-party subpoena on the same basis).

It also appears that the Subpoena is intended, at least in part, to circumvent claims of attorney-client privilege, attorney work product, and confidentiality that may be asserted by Uber. This is improper. *See, e.g., Genus Lifesciences Inc. v. Lannett Co., Inc.*, 2019 WL 7313047, at *1, *5 (N.D. Cal. Dec. 30, 2019) (quashing non-party subpoena "because it would result in a significant expense, could subject [the non-party] to sanctions from [defendant] for producing privileged or confidential information, and is unduly burdensome because the requested documents are also in [defendant's] possession.").

In light of the Subpoena's deficiencies and the serious questions pertaining to the Subpoena's purpose, Chertoff Group objects to the Subpoena as both invalid and improper; will not produce documents in response to the Subpoena at this time; and requests that it be withdrawn. Chertoff Group reserves the right to amend or supplement its Responses and Objections to the Subpoena.

## **GENERAL OBJECTIONS TO PRODUCTION REQUESTS**

Chertoff Group makes certain general objections (the "General Objections") to the Requests. In addition to the General Objections, specific objections to each Request are made on

an individual basis in Chertoff Group's responses below.  The General Objections are hereby incorporated by reference into the specific objections with respect to each separate Request.  For particular emphasis, Chertoff Group has, from time to time, included one or more of the General Objections in the specific objections below.  Chertoff Group's objections to each Request are submitted without prejudice to, and without in any respect waiving, any General Objections not expressly set forth in those objections.

Chertoff Group asserts each of the following General Objections to the Requests in their entirety, and to each individual Request therein:

1.     Chertoff Group objects to the Subpoena on the grounds that (a) compliance would impose significant expense on Chertoff Group, and (b) Plaintiffs have failed to take reasonable steps to avoid imposing undue burden or expense on Chertoff Group, as required by Federal Rule of Civil Procedure 45(d)(1).  For example, and without limitation, Chertoff Group objects to the Subpoena on the grounds that (a) Plaintiffs have not made a showing that the information is not available from other sources, (b) the Subpoena commands a production while there is a pending motion to dismiss that may obviate the need for discovery.

2.     Chertoff Group objects to the Subpoena on the grounds and to the extent that it seeks documents or information in the possession of individuals or entities other than Chertoff Group (including the parties to this litigation), and that are more easily and more properly obtainable from them.  *See* Fed. R. Civ. P. 26(b)(2)(C)(i) (providing that the "court shall restrict" discovery that is "obtainable from some other source that is more convenient, less burdensome, or less expensive").

3.     Chertoff Group objects to the Subpoena as overbroad and unduly burdensome on Chertoff Group, including on the grounds and to the extent that it demands production of broad

categories of materials (e.g., "all documents" or "all communications" or "all drafts"), as opposed to exact, specific, or identifiable documents.  The Subpoena is particularly burdensome in light of the fact that Chertoff Group is a non-party.

4.     Chertoff Group objects to the Subpoena on the ground that it demands investigation, collection, and review of numerous documents within an unreasonable timeframe, and fails to allow a reasonable time to comply.  *See* Fed. R. Civ. P. 45(d)(3)(A)(i).

5.     Chertoff Group objects to the Subpoena on the grounds and to the extent that it seeks information that is not relevant to the subject matter of this action and is not proportional to the needs of the case.  *See* Fed. R. Civ. P. Rule 26(b)(1).  With the caveat that Chertoff Group is not a party to the action and therefore is not fully aware of the parties' claims and defenses, the Subpoena requests documents that appear to be not relevant to any issue in this action or proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

6.     Chertoff Group objects to the Subpoena to the extent that it calls for the production of electronically stored information from sources that are not reasonably accessible because of undue burden or cost.  If Chertoff Group undertakes to review and collect any electronic documents in response to the Subpoena, Chertoff Group reserves the right to use reasonable search terms and custodian limitations to reduce the burden and expense associated with collecting, reviewing, and producing such documents.

7.     Chertoff Group objects to the Subpoena on the grounds and to the extent that it seeks disclosure of confidential communications, information, or documents protected by the

attorney work-product doctrine, attorney-client privilege, or any other legally recognized privilege.  Nothing in the Responses is intended as, nor shall in any way be deemed, a waiver of any such protection.  For example, and without limitation, it appears that the Subpoena is intended, at least in part, to circumvent claims of attorney-client privilege and attorney work product that may be asserted by Uber.

8.      Chertoff Group objects to the Requests on the grounds that they are not limited in scope to a reasonable time period.  Specifically, Chertoff Group objects to Instruction No. 13, which defines the "relevant time period for these Requests" as "January 1, 2009 through the present time, unless otherwise specified."

9.      Chertoff Group objects to the Definitions and Instructions in the Subpoena on the grounds that they are vague, ambiguous, and overbroad.  For example, and without limitation, Chertoff Group objects to the definition of "Uber" on the ground that it is vague and ambiguous in that Definition No. 22 and Definition No. 26 provide separate definitions of "Uber."  Similar, Chertoff Group objects to the definition of "The Chertoff Group," "You," and "Your" on the grounds that it is overbroad, vague, and ambiguous, and seeks information and documents that are not in Chertoff Group's possession, custody or control; for purposes of its responses, Chertoff Group responds with regard to information and documents in its possession, custody, or control as those terms are interpreted under the Federal Rules of Civil Procedure.

10.     Chertoff Group objects to the Subpoena to the extent that it seeks to impose obligations different from or greater than those imposed by the Federal Rules of Civil Procedure. Chertoff Group complies with the Federal Rules of Civil Procedure, but assumes no further obligations.

## RESPONSES TO REQUESTS FOR PRODUCTION OF DOCUMENTS

### REQUEST FOR PRODUCTION NO. 1:

Please produce all communications with Uber and/or Uber's agents, employees, officers, or directors.

### RESPONSE TO REQUEST FOR PRODUCTION NO. 1:

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all communications"—a term "intended it [sic] its broadest sense"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

### REQUEST FOR PRODUCTION NO. 2:

Please produce all documents exchanged with Uber and/or Uber's agents, employees, officers, or directors.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 3:**

Please produce all communications with any current or former member of Uber's U.S. Safety Advisory Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of*

*Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all communications"—a term "intended it [sic] its broadest sense"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 4:**

Please produce all documents exchanged with any current or former member of Uber's U.S. Safety Advisory Board.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 5:**

Please produce all documents reflecting payments or contributions made by Uber to the Chertoff Group including, but not limited to, any invoices, letters, cancelled checks, or accounting ledgers.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g., In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"— as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 6:**

Please produce all documents, including drafts, of Uber's First U.S. Safety Report covering the years 2017 and 2018.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.  Chertoff Group also objects to the Request to the extent that it calls for the production of "drafts" outside Chertoff Group's possession, custody, or control.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 7:**

Please produce all documents, including all drafts, of Uber's Second U.S. Safety Report covering the years 2019 and 2020.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for

information that, to the extent it exists and is relevant to this action, would be in the possession

of a party. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of*

*Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with

non-party subpoena because requesting party had not attempted to obtain documents from

opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at \*4 (N.D. Cal. July 20, 2021)

(same). Chertoff Group also objects to the Request for "all documents"—a term defined to

"have the broadest possible meaning and interpretation"—as overbroad, not relevant to any

issues in the underlying litigation, and not proportional to the needs of the case. Chertoff Group

also objects to the Request to the extent that it calls for the production of "drafts" outside

Chertoff Group's possession, custody, or control.

Based on these objections, Chertoff Group will not produce documents in response to this

Request.

## REQUEST FOR PRODUCTION NO. 8:

Please produce all documents, including all drafts, of Uber's Third U.S. Safety Report

covering the years 2021 and 2022.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 8:

Chertoff Group incorporates each of the General Objections by reference as though fully

set forth herein. Chertoff Group further objects to this Request on the grounds that it is

harassing, oppressive, and unreasonably burdensome. This Request specifically calls for

information that, to the extent it exists and is relevant to this action, would be in the possession

of a party. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of*

*Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with

non-party subpoena because requesting party had not attempted to obtain documents from

opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same). Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case. Chertoff Group also objects to the Request to the extent that it calls for the production of "drafts" outside Chertoff Group's possession, custody, or control.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 9:

Please produce all communications with Uber and/or Uber's agents, employees, officers, or directors relating to Uber's First, Second, or Third U.S. Safety Report.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 9:

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein. Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome. This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same). Chertoff Group also objects to the Request for "all communications"—a term "intended it [sic] its broadest sense"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 10:**

Please produce all training materials provided to Uber on issues relating to sexual assault, sexual misconduct, or the Sexual Misconduct and Violence Taxonomy.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein. Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome. This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same). Chertoff Group also objects to the Request for "all training materials" as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 11:**

Please produce all documents reflecting Uber's classification of reports of alleged sexual assault or sexual misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 12:**

Please produce all documents reflecting Uber's analysis of reports of alleged sexual assault or sexual misconduct.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of*

*Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same). Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

## REQUEST FOR PRODUCTION NO. 13:

Please produce all documents relating to work The Chertoff Group has performed on Uber's behalf or at Uber's request relating to sexual assault, sexual misconduct, the Sexual Misconduct and Violence Taxonomy, passenger safety, driver education, training for Uber employees, or how Uber responds to reports of sexual assault or sexual misconduct.

## RESPONSE TO REQUEST FOR PRODUCTION NO. 13:

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein. Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome. This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party. *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same). Chertoff Group also objects to the Request for "all documents"—a term defined to

16

"have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 14:**

Please produce all documents reflecting the scope of work The Chertoff Group was retained to do for Uber including contracts, agreements, and statements of work.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

**REQUEST FOR PRODUCTION NO. 15:**

Please produce all documents related to recommendations from The Chertoff Group to Uber regarding how Uber rides can be made safer.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

Chertoff Group incorporates each of the General Objections by reference as though fully set forth herein.  Chertoff Group further objects to this Request on the grounds that it is harassing, oppressive, and unreasonably burdensome.  This Request specifically calls for information that, to the extent it exists and is relevant to this action, would be in the possession of a party.  *See, e.g.*, *In re Motion to Compel Compliance with Subpoena Direct to Dep't of Veterans Affs.*, 257 F.R.D. 12, 19 (D.D.C. 2009) (denying motion to compel compliance with non-party subpoena because requesting party had not attempted to obtain documents from opposing party first); *Davis v. Pinterest, Inc.*, 2021 WL 3044958, at *4 (N.D. Cal. July 20, 2021) (same).  Chertoff Group also objects to the Request for "all documents"—a term defined to "have the broadest possible meaning and interpretation"—as overbroad, not relevant to any issues in the underlying litigation, and not proportional to the needs of the case.

Based on these objections, Chertoff Group will not produce documents in response to this Request.

18

DATED:   Washington, DC
          May 24, 2024

**COVINGTON & BURLING LLP**

/s/ Stephen P. Anthony
Stephen P. Anthony
COVINGTON & BURLING LLP
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-6000
Email: santhony@cov.com

Michael D. Rebuck
COVINGTON & BURLING LLP
620 Eighth Avenue
New York, New York 10018
Telephone: (212) 841-1000
Email: mrebuck@cov.com

*Attorneys for Non-Party Chertoff Group, LLC*