# EXHIBIT D

8/26/24, 2:00 PM  Nigh Goldenberg Raso & Vaughn, PLLC Mail - RE: In re Uber – Responses and Objections of Non-Party Chertoff Group, LLC to Pl…

Case 3:23-md-03084-CRB   Document 549-5   Filed 08/30/24   Page 2 of 2



Sam Hoefs <shoefs@nighgoldenberg.com>

# RE: In re Uber – Responses and Objections of Non-Party Chertoff Group, LLC to Plaintiffs' Subpoena to Produce Documents

1 message

**Rebuck, Michael D** <MRebuck@cov.com>   Fri, Aug 23, 2024 at 3:44 PM
To: Sam Hoefs <shoefs@nighgoldenberg.com>
Cc: "Anthony, Stephen" <santhony@cov.com>

Dear Sam,

I write to memorialize our meet and confer this afternoon regarding Plaintiffs' Deposition Subpoena for Production of Business Records issued to my client, Chertoff Group.

At the outset, I stated that Uber has taken the position that some or all of the documents requested by the Subpoena are privileged.  Accordingly, to the extent that Chertoff Group has agreed to search for and produce documents as outlined below, before any production can occur, Chertoff Group must provide Uber with the opportunity to review those documents and assert its available and applicable privileges.  To the extent that any documents are withheld on the basis of privilege, a privilege log will provided.

Subject to the above, Chertoff Group agrees to perform a reasonable search for and to produce the following documents in its possession, custody, or control:

1. Materials listed in the appendix of the report titled "An Evaluation of Safety Incident Categorization Capabilities for Uber" dated December 5, 2019, as having been provided by Uber and relied on by Chertoff Group when drafting the report (*see* Appendix B ("Provided Documentation"));
2. Draft versions of that report that were communicated between Uber and Chertoff Group.

You agreed that compliance with these commitments would satisfy Chertoff Group's obligations under the Subpoena, with the following two exceptions:

1. We agreed that you would renew your efforts to obtain documents responsive to Request 5 from Uber.  If those efforts are unsuccessful, we can resume our discussion of Request 5.
2. In connection with Request 9, you requested documents reflecting Chertoff Group's interviews of Uber personnel relating to Uber's First Safety Report.  I stated that Chertoff Group stands on its objections to Request 9 (except for the production commitments described above) and, given the privilege issues implicated, asked that you discuss this request with Uber before seeking enforcement against Chertoff Group.

Thank you for your time and consideration earlier today.  If you have a different understanding of our discussions or any follow-up questions, I ask that you please let me know by next Tuesday.

Regards,

Mike

**Michael Rebuck**