# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION ) ) ) ) | Civil Action No. 3:23-md-03084-CRB |

**NON-PARTY BALLARD PARTNERS' RESPONSES AND OBJECTIONS TO PLAINTIFFS' SUBPOENA FOR DOCUMENTS**

Non-party Ballard Partners, Inc. ("Ballard") herby objects and responds to the subpoena to produce documents and other information, dated April 16, 2024 ("Subpoena"), served by Plaintiffs in the above-captioned matter (the "Underlying Action").  Ballard's objections and responses are submitted within the time period specified for such purpose and are therefore timely.

Subject to and without waiving any of the following General and Specific Objections, Ballard agrees to meet and confer regarding the scope of the Subpoena's requests and to gain an understanding of why any of the documents or information requested by the Subpoena would have any relevance to the Underlying Action.  For the avoidance of doubt, Ballard will not agree to search for or produce any documents or information unless and until an agreement regarding the scope of the Subpoena's requests is reached and the relevance of any such documents or information to Plaintiffs' case is understood.

**General Objections**

The following Geneal Objections are made with respect to the Subpoena generally, and each and every request for communications and documents included in the Subpoena ("Requests").  Additional objections are stated below in response to each specific Request. Ballard reserves the right to supplement, amend, or correct any and/or all of its objections and responses.

1.  Ballard objects to the Subpoena to the extent it seeks to impose on Ballard any obligation in addition to or different from those imposed by the Federal Rules of Civil Procedure, or any other applicable rule or case law.

1

2.      Ballard objects to the Requests to the extent that they seek communications or documents not relevant to the claims or defenses of any party or proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1).

3.      Ballard objects to the Requests to the extent they seek communications or documents protected from disclosure by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection.  Ballard hereby asserts all such applicable privileges, protections, and immunities.  Ballard intends to preserve all such privileges to the fullest extent.  Production by Ballard, inadvertent or otherwise, of any communications or documents containing information protected from disclosure by any privilege, immunity, or any other protection shall not constitute, or be deemed to constitute, a waiver by Ballard of such protections.  To the extent the Requests seek discovery of communications or documents covered by the aforementioned protections, Ballard intends to notify Uber and afford it an opportunity to interpose objections based thereon prior to production. To the extent Ballard discovers additional, responsive information that is protected or privileged, Ballard reserves the right to amend its responses to add a specific objection.

4.      Ballard objects to the Requests to the extent they seek communications and documents protected from disclosure under the Noerr-Pennington Doctrine or other protections afforded by the First Amendment to the United States Constitution. To the extent the Requests seek discovery of communications and documents protected under the Noerr-Pennington Doctrine and/or by the First Amendment to the United States Constitution, Ballard intends to notify Uber and afford it an opportunity to interpose objections based thereon prior to production.

5.      Ballard objects to the Requests to the extent that responding to a Request would require the disclosure of confidential or highly confidential information or trade secrets, including but not limited to financial information, information related to any governmental units, sensitive personal information, confidentiality agreements, or other applicable agreements, documents or information, the disclosure of which would violate privacy rights or other legally

protected interests, and any other documents or information that are proprietary, confidential, or commercially sensitive to Ballard, or other individuals or entities.

6. Ballard objects to each Request that seeks "all," "any," "every," or "each" of the referenced communications or documents on the grounds that such Requests are overly broad, unduly burdensome, and not proportional to the needs of the case. Ballard will construe the terms of such Requests to request that Ballard use reasonable diligence to locate responsive non-privileged communications and documents, based upon inquiry of those sources that reasonably may be expected to yield such communications and documents.

7. Ballard objects to the Subpoena to the extent it seeks communications and documents that are within Plaintiffs' possession, custody, or control, or that are equally available or readily ascertainable from some other source that is more convenient, less burdensome, or less expensive, including parties to this litigation (for example, Uber), public websites disclosing lobbying activities, and via public records requests.

8. Ballard objects to the timeframe asserted in Instruction No. 13 as overly broad and not proportional to the needs of the case. Ballard will limit its search for responsive communications and documents to those created from October 1, 2014, through December 31, 2020, the time period during which Ballard was engaged by Uber.

9. Ballard objects to the definition of "Lobbying contact" in Definition 9 as "any oral or written communication including electronic communication with any Regulator, as defined, made on behalf of Uber," as vague, ambiguous, and overly broad. Ballard further objects to the definition of "Lobbying activities" as "lobbying contacts and efforts in support of such contacts including preparation and planning activities, research and other background work related in any way to the lobbying activities or lobbying contacts of others" as vague, ambiguous, and overly broad. Ballard also objects to the definitions of "lobbying contact" and "lobbying activity" to the extent they include communications or documents protected from disclosure by the Noerr-Pennington Doctrine or any other protections afforded by the First Amendment to the United States Constitution.

10.     Ballard objects to the definition of "Regulator" in Definition 14 as "any executive or legislative body or any city, county, municipal, state, or federal government entity in the United States, including legislatures and executive agencies, and any agents, employees, contractors, officers, attorneys, representatives, elected officials and all others acting, or who have acted, for it and/or on its behalf" as vague, ambiguous, and overly broad.

11.     Ballard objects to the definitions of "communication" in Definition 1 and "document" in Definition 3 as overly broad, vague, unduly burdensome, seeking irrelevant information, and not proportional to the needs of the case.  Ballard will interpret "communication" and "document" to be limited to communications and documents located in a reasonably accessible location.  Ballard objects to the instruction to produce such communications and documents in native form to the extent that any such production is not technologically feasible or economically reasonable.

12.     Neither these General Objections nor the Specific Objections and Responses set forth below admit the existence of any information or documents, the relevance or admissibility of any response, or the truth or accuracy of any statement or characterization contained in any particular Request.

<b><u>Specific Objections</u></b>

Each of the foregoing General Objections is hereby incorporated by reference into each of the following Specific Objections to Plaintiffs' Requests.  Ballard specifically objects to the Requests as follows:

**Request No. 1:**  Please produce all communications with Uber.

**Response No. 1:**  Ballard specifically objects to Request No. 1 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks communications that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks communications that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to Request No. 1 to the extent that it seeks privileged communications protected by attorney-client privilege, the work product doctrine, or any other

applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further specifically objects to Request No. 1 to the extent that it seeks communications already in Plaintiffs' possession, custody, or control, or that could be otherwise obtained by Plaintiffs -- for example, from Uber.

**Request No. 2:**  Please produce all documents exchanged with Uber.

**Response No. 2:**  Ballard objects to Request No. 2 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 2 to the extent that it seeks privileged documents protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 2 seeks documents potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Request No. 1.  Ballard further specifically objects to Request No. 2 to the extent that it seeks documents already in Plaintiffs' possession, custody, or control, or that could be otherwise obtained by Plaintiffs -- for example, from Uber.

**Request No. 3:**  Please produce all communications exchanged between You and any Regulator relating to or on behalf of Uber.

**Response No. 3:**  Ballard objects to Request No. 3 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks communications that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks communications that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 3 to the extent that it seeks communications protected by any privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United

States Constitution. Ballard further specifically objects to Request No. 3 to the extent that it seeks communications already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber, or by public records request.

**Request No. 4:** Please produce any documents exchanged between You and any Regulator relating to or on behalf of Uber.

**Response No. 4:** Ballard objects to Request No. 4 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to the Request No. 4 to the extent that it seeks documents protected by any privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further objects that, to the extent Request No. 4 seeks documents potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Request No. 3. Ballard further specifically objects to Request No. 4 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber or by public records requests.

**Request No. 5:** Please produce all communications exchanged between You and any member of the Media relating to or on behalf of Uber.

**Response to No. 5:** Ballard objects to Request No. 5 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks communications that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks communications that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to the Request No. 5 to the extent that it seeks communications protected by any privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further specifically objects to Request No. 5 to the extent that it seeks communications already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 6:**   Please produce all documents relating in any way to lobbying activities You performed, conducted, or otherwise engaged in which were related to or otherwise done on behalf of Uber.

**Response to No. 6:**  Ballard objects to Request No. 6 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents that do not relate to the allegations in the Master Long-Form Complaints.  Ballard also specifically objects to Request No. 6 to the extent that it seeks privileged documents protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 6 seeks documents potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 5.  Ballard further specifically objects to Request No. 6 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber, from public websites, or by public records requests.

**Request No. 7:**   Please produce all communications relating in any way to lobbying activities You performed, conducted, or otherwise engaged in which were related to or otherwise done on behalf of Uber.

**Response to No. 7:**  Ballard objects to Request No. 7 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks communications that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks communications that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 7 to the extent that it seeks communications protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 7 seeks communications potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as

Requests No. 1 through 6. Ballard further specifically objects to Request No. 7 to the extent that it seeks communications already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber or by public records requests.

**Request No. 8:** Please produce all documents reflecting the scope of work You were retained to do for Uber, including but not limited to contracts, agreements, and statements of work.

**Response to No. 8:** Ballard objects to Request No. 8 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to Request No. 8 to the extent that it seeks privileged documents protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further specifically objects to Request No. 8 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 9:** Please produce all lobbying disclosures, including drafts, that relate in any way to your work on behalf of Uber.

**Response to No. 9:** Ballard objects to Request No. 9 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents and communications that do not relate to the allegations in the Master Long-Form Complaint. Ballard further objects that, to the extent Request No. 9 seeks information potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 8. Ballard further specifically objects to Request No. 9 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs. Notably, Ballard's lobbying disclosures would be posted on publicly available government websites that are easily accessible to Plaintiffs.

**Request No. 10:**  Please produce all documents reflecting payments or contributions made to You by Uber, including but not limited to any invoices, letters, canceled checks, or accounting letters.

**Response to No. 10:**  Ballard objects to Request No. 10 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 10 to the extent that it seeks documents protected by any privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further specifically objects to Request No. 10 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 11:**  Please produce any model legislation You drafted, reviewed, revised, prepared, or obtained on behalf of Uber or otherwise in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 11:**  Ballard objects to Request No. 11 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks documents that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks documents and communications that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 11 to the extent that it seeks documents protected by any privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 11 seeks information potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7.  Ballard further specifically objects to Request No. 11 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 12:** Please produce any studies you drafted, commissioned, reviewed, revised, prepared, or otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 12:** Ballard objects to Request No. 12 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks studies that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks studies that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to Request No. 12 to the extent that it seeks studies that are protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further objects that, to the extent Request No. 12 seeks studies potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same studies as Requests No. 1 through 7. Ballard further specifically objects to Request No. 12 to the extent that it seeks studies already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 13:** Please produce all materials related to the classification of Uber as a transportation network company.[sic] You drafted, commissioned, reviewed, revised, prepared, or otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 13:** Ballard objects to Request No. 13 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks materials that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks materials that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to Request No. 13 to the extent that it seeks privileged materials protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further objects that, to the extent Request No. 13 seeks materials potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7 and Requests No. 11 and 12. Ballard further specifically objects to Request 13 as

vague and ambiguous as a result of its use of the undefined term "materials."  Ballard further specifically objects to Request No. 13 to the extent that it seeks materials already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 14:**   Please produce all materials related to the classification of Uber as a common carrier that You drafted, commissioned, reviewed, revised, prepared, or otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 14:**  Ballard objects to Request No. 14 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks materials that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks materials that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 14 to the extent that it seeks privileged materials protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 14 seeks materials potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7 and Requests No. 11 through 13.  Ballard further specifically objects to Request 14 as vague and ambiguous as a result of its use of the undefined term "materials."  Ballard further specifically objects to Request No. 14 to the extent that it seeks materials already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 15:**   Please produce all materials related to the classification of Uber drivers as employees that You drafted, commissioned, reviewed, revised, prepared, or otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 15:**  Ballard objects to Request No. 15 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks materials that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks materials that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to the Request No. 15 to the extent that it seeks privileged materials protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or

discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 15 seeks materials potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7 and Requests No. 11 through 14.  Ballard further specifically objects to Request 15 as vague and ambiguous as a result of its use of the undefined term "materials."  Ballard further specifically objects to Request No. 15 to the extent that it seeks materials already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 16:**   Please produce all materials related to the classification of Uber drivers as independent contractors that You drafted, commissioned, reviewed, revised, prepared, or otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 16:**  Ballard objects to Request No. 16 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks materials that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks materials that do not relate to the allegations in the Master Long-Form Complaint.  Ballard also specifically objects to Request No. 16 to the extent that it seeks privileged materials protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution.  Ballard further objects that, to the extent Request No. 16 seeks materials potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7 and Requests No. 11 through 15.  Ballard further specifically objects to Request 16 as vague and ambiguous as a result of its use of the undefined term "materials."  Ballard further specifically objects to Request No. 16 to the extent that it seeks materials already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

**Request No. 17:**   Please produce all materials related to sexual assault or sexual misconduct which You drafted, commissioned, reviewed, revised, prepared, other otherwise obtained in connection with any lobbying activities performed on behalf of Uber.

**Response to No. 17:** Ballard objects to Request No. 17 on the grounds that it is overbroad, disproportionate to the needs of the case, and seeks materials that are not relevant to the claims or defenses in the Underlying Action insofar as it seeks materials that do not relate to the allegations in the Master Long-Form Complaint. Ballard also specifically objects to the Request No. 17 to the extent that it seeks privileged materials and information protected by attorney-client privilege, the work product doctrine, or any other applicable privilege, immunity, regulation, or discovery protection, including but not limited to the Noerr-Pennington Doctrine or any other protection afforded under the First Amendment to the United States Constitution. Ballard further objects that, to the extent Request No. 17 seeks materials potentially relevant to the Underlying Action, it is duplicative insofar as it seeks the same information as Requests No. 1 through 7. Ballard further specifically objects to Request 17 as vague and ambiguous as a result of its use of the undefined term "materials." Ballard further specifically objects to Request No. 17 to the extent that it seeks documents already in Plaintiffs' possession or that could be otherwise obtained by Plaintiffs—for example, from Uber.

Signed May 28, 2024, by:

*William Farah*

———————————————

William J. Farah, Counsel to Ballard Partners, Inc.
BERKE FARAH, LLP
701 8th Street, NW, Suite 620
Washington, D.C. 20001
202.669.9811
wfarah@berkefarah.com

**CERTIFICATE OF SERVICE**

I hereby certify that on May 28, 2024, I caused to be served the foregoing RESPONSES AND OBJECTIONS OF NON-PARTY BALLARD PARTNERS TO PLAINTIFFS' SUBPOENA FOR DOCUMENTS via electronic mail upon the following:

Samantha Hoefs
Night Goldenberg Raso & Vaughan
14 Ridge Square NW, Third Floor
Washington, D.C.  20016
shoefs@nightgoldenberg.com
(612) 445-0202

*William Farah*
_____

   By:  William J. Farah, Berke Farah, LLP