UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER DOCUMENTS SHOULD BE SEALED**<br><br>Re: Dkt. No. 762 |

**A.   Introduction**

Pursuant to Civil Local Rule 79-5(f), Plaintiffs filed an Administrative Motion to consider whether documents submitted with a joint discovery letter brief should be filed under seal based solely on Uber's designations of confidentiality. Dkt. No. 762. Uber filed a responsive brief and declaration seeking to maintain all of the documents at issue under seal, Dkt. Nos. 778, 778-1. Documents filed with discovery motions that are no "more than tangentially related to the merits of a case" may be maintained under seal on a showing of "good cause," as distinct from the more stringent standard of "compelling reasons" to seal documents filed in contexts more closely tied to the merits. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). For the reasons discussed below, Uber's requests to maintain documents under seal is GRANTED in part and DENIED in part.

**B.   Analysis of Documents at Issue**

Exhibit A is redacted except for one paragraph describing Uber's response to a rider's complaint. Dkt. No. 762-1 (under seal). The response that Uber describes is not remarkable. The unredacted paragraph includes no identifying information about the rider or the driver, and states only the date of the complaint and a very general description of Uber's response to the reported incident. Uber has not identified any harm that would result from disclosure. *See* Dkt. No. 778-1

(Shortnancy Decl.) ¶ 5. Although the Court recognizes all parties' understandable caution when it comes to disclosing information about incidents of alleged sexual assault or other types of sexual misconduct, no basis for sealing this particular document is apparent. Sealing is DENIED as to Exhibit A.

Exhibit B is redacted in its entirety except for a list of data field categories at the top of the first page. Dkt. No. 762-2 (under seal). Uber notes that Exhibit B "contains redactions of identifying information of third parties," Shortnancy Decl. ¶ 6, but information that is already redacted from the document is not a reason to seal the redacted version of the document, which Plaintiffs submitted as evidence of Uber's purportedly overzealous redactions. Uber asserts that the "unredacted portion are [sic] also confidential because it contains information related to data fields collected and utilized by Uber in the course of its business," *id.*, but Uber's mere use of data field categories does not in itself demonstrate any inherent sensitivity or risk of harm from disclosure of those categories. Sealing is DENIED as to Exhibit B.[1]

Uber has shown good cause to seal Exhibits C and D, which contain more substantive information about Uber's internal policies. Dkt. Nos. 762-3, 762-4 (under seal); Shortnancy Decl. ¶¶ 7–8. The same is true of Exhibit E, containing an individual's detailed description of an incident of sexual assault that the individual alleged to have experience the prior night. Dkt. No. 762-5; Shortnancy Decl. ¶ 9. Sealing is GRANTED as to those exhibits. This Order does not consider whether "compelling reasons" would support sealing these documents if they are later offered for a purpose more than tangentially related to the merits of the case.

Exhibit F is a chain of messages that appears to show two Uber representatives' pro forma initial responses to a customer's report of sexual assault. Portions of the document—including the customer's name, the Uber representatives' last names, and two URL addresses—are redacted. The remainder does not appear to reveal any more information than messages that any member of

---

[1] If disclosure of these data field categories presents any actual risk of competitive harm to Uber that is not apparent from the face of the document or from Uber's conclusory supporting declaration, Uber may file an administrative motion to maintain this document under seal no later than September 9, 2024. If Uber does so, Plaintiffs shall refrain from filing Exhibit B in the public record until after the Court resolves that motion.

the public who reported a sexual assault might expect to receive from Uber as an initial response to state that an investigation has been opened. Uber has not identified any harm that could result from disclosure of this document. *See* Shortnancy Decl. ¶ 10. Sealing is DENIED as to Exhibit F.

Exhibit G is a "Google Alerts" email received in late 2017 by an Uber employee showing public news clippings, in which Uber has redacted individuals' names. Other than the public news clippings, this document reveals only than an Uber employee subscribed to alerts around seven years ago for news related to the search terms "uber sexual assault." Uber does not identify any harm that might result from disclosure of this document. Shortnancy Decl. ¶ 11. Sealing is DENIED as to Exhibit G.

Exhibit H is a spreadsheet in which all substantive information has been redacted. Uber contends that the entire spreadsheet is confidential, asserting that "the document contains redactions of personal identifying information of third parties, specifically driver IDs and email addresses." Shortnancy Decl. ¶ 12. Redacted information is no reason to seal the redacted version of the document. Uber also asserts that "unredacted portion are [sic] also confidential because it contains information related to data fields collected by Uber." Shortnancy Decl. ¶ 12. The unredacted data field labels are "driver_id" and "email," which are the same categories identified in the preceding sentence of Uber's attorney's declaration, which Uber filed in the public record. Sealing is DENIED as to Exhibit H.

Exhibit I is a document that Uber seeks to seal in its entirety. Uber's counsel Michael Shortnancy asserts that this exhibit is "a redaction of an independent driver's driver's [sic] license, which includes personal identifying information." Shortnancy Decl. ¶ 13. Even that general nature of the original document, though, would not be identifiable from publicly filing the document at issue, which—other than a Bates number and multiple tags of confidentiality—is simply a box with the word "REDACTED" in the center. Uber's request to seal this document is frivolous. Sealing is DENIED as to Exhibit I.

### C. Sealing Procedure for Future Joint Letters

Rule 79-5(f) governs circumstances where a party files a "document that has been designated as confidential by another party." The use of that procedure for documents submitted

3

1  with a *joint* discovery letter, which is by nature filed by both parties, strains the scope of that rule
2  and leads to delayed filing of the reasoning for requests for sealing.  The joint letter, as set forth in
3  Pretrial Order No. 8, requires the parties to exchange drafts, and the Court now clarifies that the
4  proposed exhibits to the joint letter must be part of that exchange.  During that process, the
5  designating party therefore has an opportunity to specify which exhibits it believes should be
6  sealed in its entirety or redacted in part.  Because the designating party has notice of the proposed
7  exhibits before the finalized joint letter is filed, the designating party that participated in the meet
8  and confer process is able to include its justification for sealing either at or soon after the filing of
9  the joint letter.

        Going forward, the Court expects that administrative motions to file under seal that are related to joint filings, along with supporting declarations from the designating party, will normally be filed at the same time as the joint filings, or that a responsive statement or declaration by the designating party pursuant to Rule 79-5(f)(3) will be filed within one business day thereafter if the non-designating party files the joint letter.  The designating party may file its responsive statement or declaration within seven days of the filing of the administrative motion only when a party's decision to include a document occurs too late for the opposing party that designated that document as confidential to comply within one business day.  Any response to the designating party's responsive statement or declaration must be filed within two business days after the designating party's response.

### D.     Conclusion

To complete the public record, Plaintiffs are ORDERED to file Exhibits A, B, F, G, H, and I in the public record no later than September 9, 2024.  These documents are to be filed in the same redacted form in which they were submitted with Plaintiffs' Administrative Motion.

**IT IS SO ORDERED.**

Dated: September 3, 2024

LISA J. CISNEROS
United States Magistrate Judge

4