RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Local Rules 7-11 and 79-5, and the Protective Order entered in this case, dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this Administrative Motion to Seal an exhibit to the declaration of Veronica Gromada in support of Uber's letter brief regarding Plaintiffs' subpoena to Ballard Partners, dated September 6, 2024. Uber respectfully requests that the Court seal the following submissions:

## I. BACKGROUND AND REQUESTED SEALING

One exhibit is at issue:

| Document | Description |
|---|---|
| Exhibit B to the declaration of Veronica Gromada in support of Uber's letter brief regarding Plaintiffs' subpoena to Ballard Partners | Contracts between Ballard Partners and Uber |

These contracts contain confidential and commercially sensitive business information that would harm Uber's competitive standing if the documents were made public. Uber therefore submits this motion requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26 (c)" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense". Fed. R. Civ. P. 26(c).

The documents here are related to a motion to quash a subpoena or for a protective order, they are not produced in relation to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015

(9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

### III.   UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The contracts at issue should be sealed under the good cause standard. These documents contain sensitive non-public information including commercially sensitive information and business information. *See* Gromada Decl. ¶¶ 3. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

#### A.   Failing to Seal the Documents Would Harm Uber

The documents at issue contain commercially sensitive, non-public information regarding Uber's contracts and business practices and relationships that could harm Uber's marketplace standing and cause undue harm if publicly disseminated.  *See* Gromada Decl. ¶¶ 3-4.

**Exhibit B to the Declaration of Veronica Gromada in Support of Uber's Letter Brief Regarding Plaintiffs' Subpoena to Ballard Partners:**  This exhibit consists of three contracts between Ballard Partners and Uber and a termination letter.  It contains confidential information and terms regarding Uber's contractual and business relationship with Ballard Partners.  *See* Gromada Decl. ¶ 3. The disclosure of this document could harm Uber's marketplace standing and cause undue harm if publically disseminated.  *See id*.  *See, e.g.*, *Int'l Swimming League, Ltd. v. Fed'n Internationale de Natation*, No. 18-CV-07393-JSC, 2021 WL 796259, at *2 (N.D. Cal. Mar. 2, 2021) (finding that "good cause exist to seal the excerpts of [a] letter brief that reference[d contractual] provisions").

#### B.  A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

No less restrictive alternative to sealing the exhibits to the documents at issue is sufficient.  The material that Uber proposes sealing contains sensitive information not intended for public

dissemination.  *See* Gromada Decl. ¶ 3.  As such, actions short of sealing would be insufficient to protect Uber's competitive standing and interests in confidentiality.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that Exhibit B to the declaration of Veronica Gromada in support of Uber's letter brief regarding Plaintiffs' subpoena to Ballard Partners be maintained under seal.

DATED: September 6, 2024                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
      MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC