RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF VERONICA GROMADA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S LETTER BRIEF REGARDING PLAINTIFFS' SUBPOENA TO BALLARD PARTNERS**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

I, Veronica Gromada having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bar of the State of Texas and admitted *pro hac vice* in this litigation. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. I respectfully submit this declaration in support of Uber's Letter Brief opposing Plaintiffs' Letter Brief to enforce their third party subpoena to Ballard Partners (ECF 1555).

3. On February 6, 2024, in *In re Uber Rideshare Cases,* Case No. CJC-21-005188 Judicial Council Coordination Proceeding No. 5188 (hereinafter "Uber JCCP, No. 5188"), the Superior Court of California issued an order concerning Plaintiffs' Motion for Compelling Marketing and Lobbying documents.

4. A true and correct copy of the Uber JCCP Court's Order on Plaintiffs' Motion for Order Compelling Marketing & Lobbying Documents is attached hereto as **Exhibit A**.

5. On information and belief, Ballard Partners is a lobbying and public relations firm that performed lobbying on behalf of Uber focusing on its status as a Transportation Network Company ("TNC") and issues regarding the "sharing economy," foreign regulation of data management, and technology policy and regulation.

6. True and correct redacted versions of Uber's contracts with Ballard Partners dated October 27, 2014, January 1, 2015, and May 5, 2015, and a termination letter dated November 30, 2020 are attached as **Exhibit B.** Uber's agreements with Ballard Partners prohibit Ballard Partners from disclosing to third parties Uber's confidential or proprietary information, or using the information except for the purposes of their engagement.

7. On information and belief, the communications and documents exchanged between Uber and Ballard Partners are primarily related to Uber's lobbying efforts and public policy strategies. These communications include discussions on legislative priorities, regulatory strategies, and advocacy

2

DECLARATION OF VERONICA GROMADA
IN SUPPORT OF UBER'S LETTER BRIEF RE:
PLAINTIFFS' SUBPOENA TO BALLARD PARTNERS                    Case No. 3:23-MD-3084-CRB

plans, which are central to Uber's federal affairs and lobbying activities. These communications were intended to, and were, maintained as confidential.

8. On information and belief, disclosure of Uber's non-public and confidential communications and documents related to lobbying would chill internal discussions and discussions with Uber's lobbyists, including Ballard Partners. Effective lobbying and public policy efforts require room to freely discuss strategies and priorities. Public disclosure of internal communications and documents would likely result in much more limited communications, impeding Uber's ability to effectively petition the government.

9. To date, Uber has produced 5,143 documents with the terms "background check," "background checks," "BGC," or "BGCs" in this MDL and the Uber JCCP. This number does not include documents produced pursuant to the Defendant Fact Sheet Process or for bellwether-specific productions in the JCCP.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 6, 2024.                    By: _/s/ Veronica Gromada_____

                                                        Veronica Gromada