September 6, 2024



*Via ECF*
The Hon. Lisa J. Cisneros, United States Magistrate Judge
Phillip Burton Federal Building, Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Michael B. Shortnacy
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
**t** 424.285.8330
mshortnacy@shb.com

Re:   *In re: Uber Technologies, Inc., Passenger Sexual Assault Litig.*, Case No. 3:23-md0384-CRB

Judge Cisneros:

As the result of negotiations between Chertoff and Plaintiffs to limit the scope of the subpoena requests, this dispute has been substantially narrowed. *See* Pls.' Mot. at 1-2. But, Uber submits this short brief to confirm that its right to review materials for privilege prior to production will be protected, as Plaintiffs' subpoena to Chertoff, even as narrowed, seeks the production of documents that may implicate privileges belonging to Uber.

Defendants Uber Technologies, Inc., Raiser, LLC, and Rasier-CA, LLC (collectively, Uber) respectfully ask the Court to quash Plaintiffs' subpoena to Chertoff Group under Rule 45 or enter a protective order under Rule 26 to the extent the subpoena calls for privileged documents.

The National Sexual Violence Resource Center and the Urban Institute developed the taxonomy as a fact-based system for classifying incidents of sexual harassment, sexual misconduct, and sexual assault for Uber, the broader transportation industry, and beyond.[1] Chertoff was not involved in the development of the taxonomy, and was retained by Uber's legal department to communicate with the company's lawyers and employees in confidence for the purpose of obtaining and facilitating legal advice by Uber's in-house lawyers.

As part of that engagement, Chertoff was asked by Uber's legal department to conduct an evaluation of Uber's application of the sexual harassment, sexual misconduct, and sexual assault taxonomy and to inform legal advice provided to the business.[2] Accordingly, enforcement of the subpoena should include a provision for pre-production review of responsive documents by Uber so that it has an opportunity to assert any privileges belonging to it. *See United States* v. *Burga*, No. 18CV01633BLFSVK, 2019 WL 3859157, at *6 (N.D. Cal. Aug. 16, 2019) ("[T]o the extent . . . documents reflect communications" with a third-party 'made in confidence for the purpose of obtaining legal advice from the lawyer,' attorney-client privilege extends to those documents." (quoting *United States* v. *Kovel*, 296 F.2d 918, 922 (2d Cir. 1961))).

**I.   UBER HAS STANDING TO CHALLENGE THE CHERTOFF GROUP SUBPOENA.**

Plaintiffs repeat the arguments on standing that this Court has previously rejected. *Compare* Pls.' Mot. at 2, *with* ECF 695 at 4-5. Standing limits the type of judicial relief a party may seek, not the arguments a party may make once standing is established. Uber has standing to challenge the Chertoff Group subpoena

---

[1] *See* Helping Industries to Classify Reports of Sexual Harassment, Sexual Misconduct, and Sexual Assault, available at https://www.nsvrc.org/sites/default/files/publications/2018-11/NSVRC_HelpingIndustries.pdf

[2] The public-facing evaluation Chertoff provided was published in Uber's Safety Report. *See* 2017-2018 Uber U.S. Safety Report, Appendix III, available at https://www.uber-assets.com/image/upload/v1575580686/Documents/Safety/UberUSSafetyReport_201718_FullReport.pdf?uclick_id=a0ff1447-6165-4848-86e2-9ce2b2a89399.

because it seeks non-public, confidential documents and communications with Uber (including as to materials which will be the subject of an assertion of privilege by Uber).  Uber agrees and joins in the burden and overbreadth arguments asserted by Chertoff in its brief, and incorporates by reference Chertoff's arguments on those points.

## II.      CHERTOFF'S PRODUCTION SHOULD NOT INCLUDE PRIVILEGED MATERIALS.

Any order by this Court as to the subpoena should clarify a proposition that does not appear to be in dispute: Chertoff shall not be required to produce privileged materials or documents that are protected attorney-work product.  Chertoff, Plaintiffs, and Uber have therefore agreed to permit Uber to conduct a privilege and attorney work product review prior to any production by Chertoff.  *See* ECF 1549-5.

As outlined above, Chertoff was retained by in-house counsel at Uber for the purpose of obtaining and facilitating the provision of legal advice.  *See, e.g.*, *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011) ("The attorney-client privilege may extend to communications with third parties who have been engaged to assist the attorney in providing legal advice.").  Uber is not moving to quash the entire subpoena, but makes this submission to confirm that (to the extent the Court enters any order enforcing the subpoena in part) that any documents it orders Chertoff to produce shall only include non-privileged, non-protected documents, and to confirm that Uber shall have the opportunity to review documents so it may make assertions of privilege prior to production.  In the event that Uber asks Chertoff to withhold any documents from production, it will provide a privilege log to Plaintiffs.  If Plaintiffs dispute any of Uber's privilege claims, the parties will meet and confer and, if necessary, raise the dispute with the Court.

Sincerely,
By: */s/ Michael B. Shortnacy*
Michael B. Shortnacy
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
mshortnacy@shb.com