RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1554]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated August 30, 2024, ECF 1554 ("Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns two documents:

| Document | Description | Designating Party |
|---|---|---|
| Exhibit E to Plaintiffs' Letter Brief Re: The Chertoff Group | A confidential document created by the Chertoff Group designated as "Confidential" by Uber under the Protective Order | Uber |
| Plaintiffs' Letter Brief Re: The Chertoff Group | Plaintiffs' Letter Brief containing quotations to Exhibit E, which is a confidential document created by the Chertoff Group designated by Uber as "Confidential" | Uber |

These documents contain confidential and commercially sensitive business information that would harm Uber's competitive standing if the documents were made public. Uber therefore submits this statement requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense". Fed. R. Civ. P. 26(c).

The documents here are related to a motion to enforce subpoena compliance, they are not produced in relation to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

### III.  UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

Exhibit E to the Plaintiffs' letter brief regarding their subpoena to the Chertoff Group (ECF 1549-6) and the Plaintiffs' unredacted letter brief (ECF 1549) should be sealed under the good cause standard. These documents contain sensitive non-public information including commercially sensitive information and business information. *See* Gromada Decl. ¶¶ 2-3. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

#### A. Failing to Seal the Documents Would Harm Uber

The documents at issue contain commercially sensitive, non-public information regarding Uber's business practices and internal policies that could harm Uber's marketplace standing and cause undue harm if publicly disseminated.  *See* Gromada Decl. ¶ 4.

**Exhibit E to the Plaintiffs' Letter Brief Regarding Their Subpoena to The Chertoff Group:** The document is a report by the Chertoff Group entitled *An Evaluation of Safety Incident Categorization Capabilities for Uber*, dated December 3, 2019.  The report details Chertoff's strategic-level evaluation of Uber's application of an independently-developed sexual harassment, sexual misconduct, and sexual assault taxonomy to its U.S. rideshare platform incident data set and its classification of incidents of physical assault or theft and robbery that result in fatality.  Uber produced this document in this litigation, Bates stamped as "UBER-MDL3084-DFS000426873" through

"UBER-MDL3084-DFS000426905," and designated as "CONFIDENTIAL." The Exhibit contains highly confidential, sensitive non-public information, such as information about Uber's internal business practices, Uber's internal policies and practices, and the technology platforms and practices utilized by Uber. *See* Gromada Decl. ¶ 2.  By its nature, this document is a report commissioned to study Uber's internal business processes, which Uber has spent resources developing and maintains as confidential. *See id.*  The document itself states that "this document is proprietary and is provided solely for evaluation by Uber, and may not be used by any other entity or for any other purpose without the prior written consent of both Chertoff Group, LLC," evidencing Uber's contemporaneous intent to maintain this proprietary document as confidential. *Id.*

The disclosure of this document could harm Uber's marketplace standing and cause undue harm if publicly disseminated. *See id.* ¶ 4; *see also Lathrop v. Uber Techs., Inc.*, No. 14-CV-05678-JST, 2016 WL 9185002, at *2 (N.D. Cal. June 17, 2016) (sealing "commercially sensitive information regarding how Uber and [another business] conduct their business").

**Plaintiffs' Unredacted Letter Brief Re: The Chertoff Group:** This document is a letter brief submitted by Plaintiffs in support of a motion to enforce third party subpoena against the Chertoff Group, filed on August 30, 2024.  A narrowly redacted version of this brief is filed on the docket at ECF No. 1549. The redacted portions contain direct quotations to the confidential Chertoff Group's Report that is attached as Exhibit E regarding Chertoff's investigation.  *See* Gromada Decl. ¶ 3.  For the same reasons that the underlying report would harm Uber if revealed, the redacted quotations in the letter brief would also harm Uber's marketplace standing and cause undue harm to Uber if publicly disseminated.  *See id.* ¶ 4.

**B.  A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to sealing the exhibits to the documents at issue is sufficient.  The Chertoff Report is not amenable to redacting portions of confidential content; its entire contents are confidential. The Letter brief is already filed (with narrowly tailored redactions drawn only over direct quotations from the confidential Chertoff Report) on the public docket.  The material that Uber proposes sealing contains sensitive information and is not intended for public dissemination. *See*

Gromada Decl. ¶ 4. As such, actions short of sealing would be insufficient to protect Uber's competitive standing and interests in confidentiality.

## IV.  CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that Exhibit E to the Plaintiffs' letter brief regarding their subpoena to the Chertoff Group and the Plaintiffs' unredacted letter brief be maintained under seal.

DATED: September 6, 2024                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
      MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC