UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES | Case No. 23-md-03084-CRB  (LJC)<br><br>**ORDER RE: DISCOVERY RELATED DEADLINES AND MANAGEMENT** |

On August 30, 2024, the Court held a Discovery Status Conference with the parties regarding several discovery issues raised in their Joint Status Report (Status Report). *See* Dkt. No. 1521. On September 1, 2024, the deadline expired for the substantial completion of Defendants' production in response to Plaintiffs' First Set of Requests for Production. Pretrial Order No. 5, Dkt. No. 175. The Court issues this Order to address the status of discovery, respond to several issues raised in the parties' Status Report, and set further deadlines.

The deadline for substantial completion has not been satisfied. During the winter and spring, the Court addressed a series of disputes concerning Uber's compliance with Pretrial Order No. 5. *See* Dkt. Nos. 251, 259, 341. During that period, the Court also resolved disputes concerning the parties' respective proposals for the ESI Protocol. Dkt. Nos. 261, 262, 345. Other disputes followed. The parties reached an agreement as to search terms as of last month, and only after the Court order an in-person meet and confer process that ultimately lasted two days. Dkt. No. 774. Disputes regarding custodians remain and will be heard by the Court on September 19, 2024 at 11:00 am.

To continue to advance discovery, the Court sets the following deadlines. For the thirty-seven undisputed custodians, Uber shall produce the responsive records using the MDL Plaintiffs'

search terms by October 1, 2024.  Associated privilege logs for these custodians are due by October 10, 2024.  For the disputed custodians, Uber shall produce the responsive records using the MDL Plaintiffs' search terms by November 1, 2024.  Associated privilege logs for these custodians are due by November 10, 2024.  Plaintiffs may set aside the deadlines set forth in this paragraph and accelerate the production of custodial files and privilege logs for any individual who is noticed for deposition, consistent with the deadlines set forth in the deposition protocol.  The Court adopts Plaintiffs' proposed deadlines to accelerate the production given that discovery has already been delayed, to advance the selection of individuals for deposition and maximize the opportunity for the coordination of depositions between this MDL and the JCCP.

The parties' Status Report addressed, among other things, Uber's identification and production of non-custodial sources.  Dkt. 152 at 8-9.  This aspect of Uber's production does not appear to be complete, despite the Court's prior order, Dkt. No. 706 at 2, and various assurances that Uber provided at recent discovery status conferences.  Plaintiffs represent that the parties will continue to meet and confer on the issue.  Faced with a prospect that this area of discovery remains incomplete and possibly in dispute after the substantial production deadline, the Court orders a further update from the parties in a joint letter not to exceed four pages, to be filed no later than September 13, 2024.  The parties shall attach the document requests that are at issue to the letter.  The Court may order the parties to appear yet again for an in-person meet and confer and may determine that it is necessary for Uber's Acting Chief Legal Counsel to appear and participate.

Finally, Uber previewed the issue of the allocation of discovery costs.  Dkt. No. 1521 at 12.  At this stage of the litigation, given what has transpired, the Court is skeptical that this MDL warrants an exception to the ordinary rule that each side bears its own costs associated with discovery.  The prospect of a motion for allocation of costs may also be premature when the parties appear to be midstream in discovery.  If the Court were to consider cost allocation, it may be an issue that is most appropriate to consider in connection with third party discovery, whether costs are to be shifted, if at all, to Uber if the record establishes that the company's productions have been delayed in response to reasonable requests from Plaintiffs.

2

The next discovery status conference will be held on October 1, 2024 from 10:30 am to 11:30 am. The parties' joint discovery status report, not to exceed ten pages, is due on September 27, 2024.

**IT IS SO ORDERED.**

Dated: 9/10/2024

LISA J. CISNEROS
United States Magistrate Judge

3