[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' SUPPLEMENTAL BRIEF REGARDING FLORIDA, ILLINOIS, AND NEW YORK LAW** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Honorable Charles R. Breyer<br>Date: TBD<br>Time: TBD<br>Courtroom: TBD |

Plaintiffs submit this supplemental brief, as ordered by the Court during the August 29, 2024, case management conference, to present their views on how the Court's order deciding California and Texas law applies to claims in the Master Complaint under Florida, Illinois, and New York law.[1]

## I. Vicarious Liability Statutes

The Court held that a Texas statute precluded vicarious liability for cases arising after September 1, 2023 where the plaintiff does not prove gross negligence. *See* Order at 12-14. There are no similar statutes in Illinois or New York.

In Florida, Uber argues that Fla. Stat. 627.748(18)(a) similarly precludes vicarious liability. But, unlike the Texas statute, the Florida statute by its terms applies only where "the motor vehicle caused harm to persons or property." *Id.* § 627.714(18)(a)(3). That language does not encompass sexual assault cases. *See* Opp'n at 18. In addition, unlike Texas, Florida precedent interprets parallel language in the insurance context to not encompass sexual assault. *See id.* (citing *Farrer v. U.S. Fidelity & Guar. Co.*, 809 So. 2d 85, 88, 95 (Fla. App. 2002)). Accordingly, vicarious liability theories are permitted in Florida.[2]

## II. Claim B: Negligent Entrustment

The Court held that in both California and Texas, "negligent entrustment cases uniformly concern instrumentalities that are themselves inherently dangerous in some way," reserving potential liability under general negligence theories. Order at 38. Accordingly, the Court dismissed "separate cause[s] of action" for "negligent entrustment" under the laws of both states.

The reasoning of the Court's order applies to Florida, Illinois, and New York, and the standalone negligent entrustment claims may be dismissed on that basis in all three states.

## III. Claim C: Fraud and Misrepresentation

The Court dismissed fraud claims under California and Texas law with leave to amend due to "the lack of particular allegations about who saw and relied on which representations and

---

[1] Plaintiffs preserve all rights to seek review of the Court's order either on reconsideration, through amended pleadings, or on appeal.

[2] Should the Court disagree, Plaintiffs note the statute became effective only on June 23, 2020, and does not apply retroactively.

when they saw them." Order at 35. This application of Rule 9(b) applies to fraud claims under Florida, Illinois, and New York law, and those claims can be similarly dismissed.

### IV. Claim D: Negligent Infliction of Emotional Distress

The Court dismissed Plaintiffs' NIED claim under California law because, in that state, NIED is not "an independent cause of action." Order at 38. The Court's ruling applies to claims under Illinois and New York law. *See* Opp'n at 89 (grouping these states). Those claims can be dismissed.

Florida, however, recognizes a distinct NIED claim. *See id.* at 90. For the reasons explained in Plaintiffs' briefing, that claim is adequately pleaded. *See id.* (discussing physical-impact and special-relationship rules).

### V. Claim E: Common Carrier Non-Delegable Duties

The Court issued two rulings with respect to common carrier liability: (1) in Texas, Uber is by statute exempt from such liability; and (2) in California, Uber's common carrier duties are breached when its drivers sexually assault passengers. *See* Order at 31-35. These holdings have different implications for each of the three states.

**Florida**. Unlike what the Court found in Texas, Florida's TNC statute excludes Uber from the definition of "common carrier" only for regulatory purposes (i.e., in creating a new regulatory category of "transportation network company," exempting Uber from the web of regulations that would otherwise apply). Plaintiffs rely on Florida-specific precedents for that point. *See* Opp'n at 32-33 (discussing *Nazareth v. Herndon Ambulance Serv., Inc.*, 467 So. 2d 1076, 1080 (Fla. App. 1985) and *Esurance Prop. Cas. & Ins. Co. v. Vergara*, 2021 WL 2955962, at *6 (S.D. Fla. June 29, 2021)). The Court should assess those arguments and decline to dismiss common carrier claims in Florida.[3]

If the Florida TNC statutes do not preclude common-carrier liability, then the scope of that duty is the same as the Court found in California. *See* Opp'n at 34-35.

**Illinois**. Effective January 1, 2024, Illinois repealed its statute that excluded Uber from the

---

[3] Should the Court disagree, Plaintiffs note the statute became effective only on June 23, 2020, and does not apply retroactively.

1  definition of common carrier. For cases arising after that date, Uber's Illinois common-carrier
2  duties are the same as those the Court identified in California. *See* Opp'n at 35-36.
3    **New York**. Claim E was not pleaded in New York.
4  **VI.    Claim F: Other Non-Delegable Duties**
5    The Court accepted Plaintiffs' concession that Claim F should be dismissed under
6  California and Texas law. That concession applies to Florida, Illinois, and New York law as well.
7  **VII.    Claim G.1: Respondeat Superior**
8    The Court held that respondent superior claims were viable in California because that state
9  "does not follow the traditional common law rule that intentional torts can only be considered
10 'within the scope of employment' where the employee acts to serve the employer's interests."
11 Order at 15. In New York, Plaintiffs did not plead respondeat superior claims. In Florida,
12 Plaintiffs did plead such claims, but withdrew them in opposition to the motion to dismiss. *See*
13 Opp'n at 3. Finally, in Illinois, courts recognize respondeat superior liability with the allegations
14 here because "the sexual assaults were all initiated through an Uber ride, conduct authorized and
15 enabled by the drivers' employment." Opp'n at 47. But Plaintiffs concede that the basis for the
16 Court's California holding (that state's departure from the Restatement) does not apply in Illinois.
17 **VIII.    Claim G.2: Apparent Agency**
18    The Court held that Plaintiffs' apparent agency claims in California and Texas turned on
19 whether the state would recognize sexual assault as potentially within the scope of Uber drivers'
20 employment. *See* Order at 24-28 (California yes, Texas no). The Court's order requires dismissal
21 of apparent agency claims in Florida and New York. In Illinois, the apparent agency claims rise
22 and fall with the respondeat superior analysis above.
23 **IX.    Claim G.3: Ratification**
24    The Court dismissed ratification claims in California and Texas with leave to amend for
25 lack of allegations that "support a plausible inference that Uber knew about any given incident"
26 or that "permit inferences about what actions Uber took with respect to particular drivers." Order
27 at 30. The Court's conclusion applies to the laws of Florida, Illinois, and New York (the relevant
28 legal standards may differ somewhat, as the Court suggested in reviewing California and Texas

1    law, but those differences were not the bases of the Court's ruling).

2    **X.     Claim H: Strict Products Liability**

3    The Court issued four rulings with respect to Plaintiffs' strict products liability claims: (1)
4    that the Uber app "would be considered a product under the Restatement"; (2) "Uber can be liable
5    for defects in the app"; (3) Plaintiffs adequately pleaded "defects [that] concern the design of the
6    app itself"; and (4) "Plaintiffs' products liability claims founder on the absence of individual
7    allegations that make the causation allegations plausible." Order at 42-47.

8    Each of the Court's four rulings applies to the laws of Florida, Illinois, and New York. *See*
9    Opp'n at 91-106; Reply at 47-59 (making the same arguments under each state's law).
10   Accordingly, under the Court's order, strict products liability claims in those three states should
11   be dismissed with leave to amend.

12   **XI.    Claim I: UCL / Injunctive Relief**

13   The Court held that Plaintiffs failed to plead standing to seek injunctive relief. *See* Order
14   at 48-52. The Court's ruling applies to all Plaintiffs, regardless of choice-of-law, and those claims
15   should be dismissed with leave to amend (and, in any event, without prejudice).

16   **XII.   Punitive Damages**

17   The Court held that Plaintiffs adequately pleaded requests for punitive damages under
18   applicable federal pleading standards and the substantive laws of California and Texas (finding
19   Texas law "more challenging"). *See* Order at 52-54. The Court's analysis and conclusion
20   regarding "malice" under California law requires denial of Uber's motion to dismiss such relief
21   under the laws of Florida, Illinois, and New York. *See* Opp'n at 116-20 (Florida—"gross
22   negligence"; Illinois—"malice"; New York—"high degree of moral culpability" or "wanton or
23   reckless disregard").

1  Dated: September 13, 2024          Respectfully submitted,

2
                                      By: */s/ Sarah R. London*
3                                         Sarah R. London (SBN 267083)

4                                         **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
5                                         275 Battery Street, 29th Floor
                                          San Francisco, CA 94111-3339
6                                         Telephone: (415) 956-1000
                                          Facsimile: (415) 956-1008
7                                         slondon@lchb.com

8
                                      By: */s/ Rachel B. Abrams*
9                                         Rachel B. Abrams (SBN 209316)

10                                        **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
11                                        555 Montgomery Street, Suite 820
                                          San Francisco, CA 94111
12                                        Telephone: (415) 426-5641
                                          Facsimile: (415) 840-9435
13                                        rabrams@peifferwolf.com

14
                                      By: */s/ Roopal P. Luhana*
15                                        Roopal P. Luhana

16                                        **CHAFFIN LUHANA LLP**
                                          600 Third Avenue, 12th Floor
17                                        New York, NY 10016
                                          Telephone: (888) 480-1123
18                                        Facsimile: (888) 499-1123
                                          luhana@chaffinluhana.com
19
                                          *Co-Lead Counsel*
20

21

22

23

24

25

26

27

28

# **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF No. system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Andrew R. Kaufman*