| | |
|---|---|
| 1 | **LIEFF CABRASER HEIMANN & BERNSTEIN, LLP** |
| 2 | Sarah R. London (CA Bar No. 267083) |
|   | Caitlin M. Nelson (CA Bar No. 335601) |
| 3 | Annie M. Wanless (CA Bar No. 339635) |
|   | 275 Battery Street, 29th Floor |
| 4 | San Francisco, CA 94111-3339 |
|   | Telephone: (415) 956-1000 |
| 5 | Email: slondon@lchb.com |
|   |         cwoods@lchb.com |
| 6 |         awanless@lchb.com |
| 7 | |
|   | Andrew R. Kaufman (MDL *pro hac vice*) |
| 8 | 222 Second Ave. S., Suite 1640 |
|   | Nashville, TN 37201 |
| 9 | Phone: (615) 313-9000 |
|   | Email: akaufman@lchb.com |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.H.** |
| This Document Relates to:<br><br>*M.H. v. Uber Technologies, Inc., et al.*<br>Case No. 3:23-cv-06200 | Judge: Honorable Charles R. Breyer<br>Date:  Friday, September 20, 2024<br>Time:  10:00 a.m.<br>Courtroom:  6 – 17th Floor; Videoconference |

## NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that on Friday, September 20, 2024 at 10:00 a.m., by videoconference (accessible at https://cand-uscourts.zoomgov.com/j/1611472837?pwd=cy81NUdINWZmeEpFUjlHRXM3djZ5QT09), before the Honorable Charles R. Breyer, in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Lieff Cabraser Heimann & Bernstein LLP ("LCHB"), counsel of record for Plaintiff M.H. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Sarah R. London, filed contemporaneously. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), LCHB submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff M.H. LCHB respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff M.H. is currently represented by LCHB. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:23-cv-06200 on November 30, 2023. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084, on December 1, 2023.

LCHB has been unable to reach Plaintiff since May 21, 2024. *See* Ex. A, Declaration of Sarah R. London ("London Decl.") at ¶ 3. LCHB has made numerous attempts to contact Plaintiff via phone, email, and text. London Decl. ¶ 4(a)-(d). LCHB repeatedly explained why Plaintiff's participation was necessary to prosecute this case. *Id.* Since July 1, LCHB has also sent three letters via FedEx noting discovery deadlines, explaining the risk of dismissal, suggesting voluntary dismissal, and explaining that LCHB could not continue to represent

1  Plaintiff without her input.  London Decl. ¶ 4(b)-(d).  During this time, LCHB continued to meet
2  and confer with opposing counsel, seeking extensions for discovery deadlines to protect
3  Plaintiff's interests.  London Decl. ¶ 5.
4       On August 2, LCHB formally advised Plaintiff it intended to withdraw as counsel if she
5  did not contact the firm, and again offered Plaintiff the option to voluntarily dismiss her case or to
6  seek alternative counsel.  London Decl. ¶ 4(d).  LCHB also advised Uber of its intent to
7  withdraw.  London Decl. ¶ 7.  To date, Plaintiff has not contacted LCHB, has not agreed to
8  voluntarily dismiss her case, and has not informed LCHB that alternate counsel has been retained.
9  London Decl. ¶ 6.  LCHB thus remains counsel of record for Plaintiff, but also remains unable to
10 reach her.

## ARGUMENT

12      LCHB should be permitted to withdraw as counsel for Plaintiff.  An attorney may
13 withdraw from a case by obtaining an order from the court after reasonable advance written
14 notice has been provided to the client and to all other parties.  Civ. L.R. 11-5(a).  Attorneys
15 practicing before this Court are also required to adhere to the California Rules of Professional
16 Conduct.  Civ. L.R. 11-4(a)(1).  Under those rules, a "lawyer shall not terminate a representation
17 until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights
18 of the client."  Cal. Rules. Prof. Conduct 1.16(d)(1).
19      LCHB has given appropriate advance notice of its intent to withdraw to Plaintiff,
20 beginning on July 1, 2024 and culminating with final notice on August 2, 2024.  London Decl.
21 ¶ 4(b)-(d).  LCHB has also given advance notice to Uber.  London Decl. ¶ 7.  LCHB has taken all
22 steps possible to avoid prejudice to Plaintiff.  London Decl. ¶ 8.  In multiple letters, calls, emails,
23 and texts, LCHB explained the consequences of failing to contact the firm or to meet discovery
24 deadlines, and recommended that Plaintiff voluntarily dismiss her case or seek alternate counsel.
25 London Decl. ¶ 4.  LCHB also continued negotiating discovery extensions with Uber for the past
26 two months to protect Plaintiff's case from dismissal.  London Decl. ¶ 5.  LCHB has thus taken
27 all reasonable steps to avoid foreseeable prejudice to the Plaintiff.  London Decl. ¶ 8.
28      Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a

case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has failed to communicate with LCHB and failed to provide information required to prosecute her case. London Decl. ¶¶ 2-3. LCHB has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. *See* London Decl. ¶ 3. Plaintiff's conduct thus falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, LCHB agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. *See* London Decl. ¶ 9.

## **CONCLUSION**

LCHB respectfully requests that the Court enter an order terminating its representation of Plaintiff M.H. and allowing Plaintiff 30 days to retain new counsel.

Dated: August 14, 2024                    Respectfully submitted,

By: */s/ Sarah R. London*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Sarah R. London (CA Bar No. 267083)
Caitlin M. Nelson (CA Bar No. 335601)
Annie M. Wanless (CA Bar No. 339635)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: slondon@lchb.com
cwoods@lchb.com
awanless@lchb.com

Andrew R. Kaufman (MDL *pro hac vice*)
222 Second Ave. S., Suite 1640
Nashville, TN 37201
Phone: (615) 313-9000
Email: akaufman@lchb.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 13, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action. I also certify that a copy of this document was sent by mail to Plaintiff M.H.

Furthermore, on August 14, 2024, I electronically filed the same document on Plaintiff M.H.'s individual docket, Case No. 3:23-cv-06200. The CM/ECF system served notice of such filing to the email of all counsel of record in this action. My law firm sent a copy of that filing by mail to Plaintiff M.H.

By: */s/ Sarah R. London*
Sarah R. London