# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.H. v. Uber Technologies, Inc. et al*<br>Case No. 3:23-cv-06200 | Case No. 23-md-03084-CRB<br><br>**DECLARATION OF SARAH R. LONDON IN SUPPORT OF LCHB'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.H.** |

I, Sarah R. London, declare:

1.  I am an attorney in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.  Plaintiff M.H. has not responded to any efforts to reach her made by myself or my staff since May 21, 2024.

3.  Plaintiff M.H.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4.  Under California Rule of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff M.H.

    a.  Before and throughout the time period described below, Plaintiff M.H. received numerous letters, emails, text messages, and telephone calls requesting she contact our

firm. In these unanswered communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, the reasons we would need to withdraw as counsel absent contact.

    b.    On July 1, 2024, we sent Plaintiff a letter via email and FedEx explaining that we could not complete a July 12 discovery deadline without her input and that we would not be able to move forward with the case if she did not contact us.

    c.    On July 9, 2024, we sent another letter via email and FedEx explaining that her case was at risk of dismissal, recommending voluntary dismissal, and again explaining that we could not continue prosecuting her case without her input. We requested contact by July 15.

    d.    On August 2, 2024, we sent another letter via email and FedEx explaining that if Plaintiff M.H. did not contact us by August 9, we would seek to withdraw as counsel. This withdrawal letter also offered Plaintiff the option to voluntarily dismiss her case or to seek alternative representation.

5. During this time period, we continued to meet and confer with opposing counsel, obtaining three extensions for the Plaintiff Fact Sheet to protect Plaintiff's case from dismissal for non-compliance with discovery deadlines.

6. To date, Plaintiff M.H. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

7. We informed Uber of our intent to withdraw from this case on August 2, 2024.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 14th day of August, 2024 in San Francisco, California.

*/s/ Sarah R. London*
Sarah R. London

- 3 -

LONDON DECL. ISO MOTION TO WITHDRAW AS
COUNSEL FOR PLAINTIFF M.H.
CASE NO. 3:23-MD-03084; 3:23-CV-06200