

September 13, 2024

<u>By ECF Filing</u>

Michael B. Shortnacy

2121 Avenue of the Stars
Suite 1400
Los Angeles, California 90067
**t** 424.285.8330
**d** 424.324.3494
**f** 424.204.9093
mshortnacy@shb.com

Magistrate Judge Lisa J. Cisneros
United States District Court
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   <u>*In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, MDL 3084 (N.D. Cal.)</u>

Dear Judge Cisneros:

Pursuant to the Court's September 10, 2024, Order Re: Discovery Related Deadlines and Management (ECF 1629), Plaintiffs and Defendants Uber Technologies, Inc. and Rasier, LLC ("Uber") respectfully submit this joint letter updating the Court regarding Uber's identification and production from non-custodial data sources. As set forth below, the parties do not seek the Court's intervention at this time to resolve any non-custodial dispute relative to the Court's September 10 Order given the progress that has been made in the meet and confers since the Order was entered.

The parties are working to align on supplemental productions of policies and Knowledge Base documents, consistent with the Court's order. To date, Uber has produced approximately 6,600 pages of documents from non-custodial sources (excluding DFS (approximately 29,000 pages), PTO 5 (approximately 101,000 pages), and safety data productions (approximately 9,700 pages, largely JIRA tickets)), approximately 3,700 pages of which were produced on August 31 and September 6. Plaintiffs are continuing to review the recent document productions and will advise Uber which policies or Knowledge Base documents from the recent list Plaintiffs believe should be produced, as well as any other non-custodial documents that Plaintiffs identify as missing from the production.

The parties have engaged in productive conferrals regarding data source agnostic searches for information responsive to Plaintiffs' Requests for Production, Set One. These conferrals have proceeded with the direct

SHOOK
HARDY & BACON

September 13, 2024
Page 2

involvement of Uber's in-house legal team at the September 12 and 13, 2024 meet and confers to help direct the search for and identification of additional responsive information. Uber has represented Google Drive documents have a custodian or "owner" of each file and folder. As part of the conferral process, Uber has agreed to treat certain folders and/or documents on Google Drive that are used by multiple individuals or teams for certain categories of documents as "non-custodial" for purposes of the ESI protocol. Uber has agreed to search for and identify data sources (regardless of whether contained in the final set of 55 custodians (*see* ECF 1137, ECF 1541)) and will inform Plaintiffs of the identities of these sources. For conferral purposes, Uber will agree to describe the category of documents being produced and identify the requests to which the documents being produced is responsive.

Uber will work through each of Plaintiffs' Requests for Production to produce additional responsive and non-privileged team or other shared information beyond the files of the designated custodians, subject to Uber's objections, to the extent such documents exist. Plaintiffs' position is that their Requests seek documents that may be located in shared, resource and/or team documents as detailed in Plaintiffs' First Set of Requests for Production, dated February 28, 2024 including, but not limited to, safety, background checks, deactivation, driver onboarding, marketing and training policies, procedures, and materials, database materials and information stored therein; studies or focus group materials to assess safety or safety communications, and training scripts and materials for different teams at Uber including, for example, Uber's safety, security (law enforcement liaisons), investigative, policy, marketing, communications, and customer service teams. It is Plaintiffs' position that Uber may have noncustodial documents responsive to each of Plaintiffs' Requests. Nonetheless, during the meet and confer process, Plaintiffs have specifically identified 164 Requests for Production that Plaintiffs believe certainly seek noncustodial documents: 7-11; 13; 16; 18-59; 64-86; 88-127; 129-132; 136-179; 188-189; 191-194; 196-200; and 202. Uber will seek additional insights from Plaintiffs regarding the scope of these Requests to the extent Uber deems it necessary to efficiently home in on supplemental responsive documents. Subject to its objections, Uber will conduct additional searches to isolate and produce responsive, non-privileged information.



September 13, 2024
Page 3

Uber agrees to use its best efforts to commence rolling productions, as set forth herein, by September 20, 2024, and to substantially complete its supplemental productions of documents responsive to Plaintiffs' First Requests for Production, as outlined herein, by October 15, 2024.

Respectfully submitted,

Michael B. Shortnacy
Partner

cc: All Counsel of Record via ECF