# EXHIBIT A

## [TO DECLARATION OF KYLE SMITH REGARDING SERVICE OF ORDER RE WITHDRAWAL OF COUNSEL]

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

NEW YORK
BEIJING
BRUSSELS
HONG KONG
LONDON

LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WILMINGTON

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

September 20, 2024

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:   MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:23-cv-06200-CRB, MDLC ID 1240

Dear M.H.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *M.H.* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-06200-CRB, MDLC ID 1240, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On August 14, 2024, Lieff Cabraser Heimann & Bernstein LLP moved to withdraw its representation of you on the grounds that counsel "has been unable to reach [you] since May 21, 2024." *M.H.*, No. 3:23-cv-06200-CRB, ECF 12 at 2 (Exhibit 1). On September 16, 2024, the Court granted that motion. *M.H.*, No. 3:23-cv-06200-CRB, ECF 14 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, the plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If the plaintiff does not file that notice, the Court will dismiss this case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of September 16, 2024, i.e. by Monday, October 14, 2024, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com and lmurray@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

M.H. 2

        Sincerely,

        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

        By: */s/ Kyle Smith*

        Kyle Smith
        2001 K Street, NW
        Washington, DC 20006
        (202) 223-7407
        ksmith@paulweiss.com

# Exhibit 1

| | |
|---|---|
| 1 | Sarah R. London (CA Bar No. 267083) |
| | LIEFF CABRASER HEIMANN & BERNSTEIN |
| 2 | 275 Battery Street, 29th Floor |
| | San Francisco, CA 94111 |
| 3 | Telephone: (415) 956-1000 |
| | Facsimile: (415) 956-1008 |
| 4 | |
| | *Attorney for Plaintiff M.H.* |
| 5 | |
| | *Additional Counsel Listed on Signature Page* |
| 6 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M.H., | No. 3:23-cv-06200 |
| Plaintiff, | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.H.** |
| v. | |
| Uber Technologies Inc. and Raiser, LLC, | Judge: Honorable Charles R. Breyer |
| | Date:   Friday, September 20, 2024 |
| | Time:   10:00 a.m. |
| Defendants. | Courtroom: 6 – 17th Floor; Videoconference |

## NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that on Friday, September 20, 2024 at 10:00 a.m., by videoconference (accessible at https://cand-uscourts.zoomgov.com/j/1611472837?pwd=cy81NUdINWZmeEpFUjlHRXM3djZ5QT09), before the Honorable Charles R. Breyer, in Courtroom 6 of this Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Lieff Cabraser Heimann & Bernstein LLP ("LCHB"), counsel of record for Plaintiff M.H. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Sarah R. London, filed contemporaneously. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), LCHB submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff M.H. LCHB respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff M.H. is currently represented by LCHB. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:23-cv-06200 on November 30, 2023. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084, on December 1, 2023.

LCHB has been unable to reach Plaintiff since May 21, 2024. *See* Ex. A, Declaration of Sarah R. London ("London Decl.") at ¶ 3. LCHB has made numerous attempts to contact Plaintiff via phone, email, and text. London Decl. ¶ 4(a)-(d). LCHB repeatedly explained why Plaintiff's participation was necessary to prosecute this case. *Id.* Since July 1, LCHB has also sent three letters via FedEx noting discovery deadlines, explaining the risk of dismissal, suggesting voluntary dismissal, and explaining that LCHB could not continue to represent

1  Plaintiff without her input.  London Decl. ¶ 4(b)-(d).  During this time, LCHB continued to meet
2  and confer with opposing counsel, seeking extensions for discovery deadlines to protect
3  Plaintiff's interests.  London Decl. ¶ 5.
4        On August 2, LCHB formally advised Plaintiff it intended to withdraw as counsel if she
5  did not contact the firm, and again offered Plaintiff the option to voluntarily dismiss her case or to
6  seek alternative counsel.  London Decl. ¶ 4(d).  LCHB also advised Uber of its intent to
7  withdraw.  London Decl. ¶ 7.  To date, Plaintiff has not contacted LCHB, has not agreed to
8  voluntarily dismiss her case, and has not informed LCHB that alternate counsel has been retained.
9  London Decl. ¶ 6.  LCHB thus remains counsel of record for Plaintiff, but also remains unable to
10 reach her.

## ARGUMENT

12       LCHB should be permitted to withdraw as counsel for Plaintiff.  An attorney may
13 withdraw from a case by obtaining an order from the court after reasonable advance written
14 notice has been provided to the client and to all other parties.  Civ. L.R. 11-5(a).  Attorneys
15 practicing before this Court are also required to adhere to the California Rules of Professional
16 Conduct.  Civ. L.R. 11-4(a)(1).  Under those rules, a "lawyer shall not terminate a representation
17 until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights
18 of the client."  Cal. Rules. Prof. Conduct 1.16(d)(1).
19       LCHB has given appropriate advance notice of its intent to withdraw to Plaintiff,
20 beginning on July 1, 2024 and culminating with final notice on August 2, 2024.  London Decl.
21 ¶ 4(b)-(d).  LCHB has also given advance notice to Uber.  London Decl. ¶ 7.  LCHB has taken all
22 steps possible to avoid prejudice to Plaintiff.  London Decl. ¶ 8.  In multiple letters, calls, emails,
23 and texts, LCHB explained the consequences of failing to contact the firm or to meet discovery
24 deadlines, and recommended that Plaintiff voluntarily dismiss her case or seek alternate counsel.
25 London Decl. ¶ 4.  LCHB also continued negotiating discovery extensions with Uber for the past
26 two months to protect Plaintiff's case from dismissal.  London Decl. ¶ 5.  LCHB has thus taken
27 all reasonable steps to avoid foreseeable prejudice to the Plaintiff.  London Decl. ¶ 8.
28       Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a

case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has failed to communicate with LCHB and failed to provide information required to prosecute her case. London Decl. ¶¶ 2-3. LCHB has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. *See* London Decl. ¶ 3. Plaintiff's conduct thus falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, LCHB agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. *See* London Decl. ¶ 9.

## CONCLUSION

LCHB respectfully requests that the Court enter an order terminating its representation of Plaintiff M.H. and allowing Plaintiff 30 days to retain new counsel.

Dated: August 14, 2024                     Respectfully submitted,

By: */s/ Sarah R. London*

**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
Sarah R. London (CA Bar No. 267083)
Caitlin M. Nelson (CA Bar No. 335601)
Annie M. Wanless (CA Bar No. 339635)
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Email: slondon@lchb.com
cwoods@lchb.com
awanless@lchb.com

Andrew R. Kaufman (MDL *pro hac vice*)
222 Second Ave. S., Suite 1640
Nashville, TN 37201
Phone: (615) 313-9000
Email: akaufman@lchb.com

## CERTIFICATE OF SERVICE

I hereby certify that on August 14, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action. I also certify that a copy of this document was sent by mail to Plaintiff M.H.

By: */s/ Sarah R. London*
Sarah R. London

# EXHIBIT A

Sarah R. London (CA Bar No. 267083)
LIEFF CABRASER HEIMANN & BERNSTEIN
275 Battery Street, 29th Floor
San Francisco, CA 94111
Telephone:  (415) 956-1000
Facsimile:  (415) 956-1008

*Attorney for Plaintiff M.H.*

*Additional Counsel Listed on Signature Page*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M.H.,<br><br>Plaintiff,<br><br>v.<br><br>Uber Technologies Inc. and Raiser, LLC,<br><br>Defendants. | Case No. 3:23-cv-06200<br><br>**DECLARATION OF SARAH R. LONDON IN SUPPORT OF LCHB'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.H.** |

I, Sarah R. London, declare:

1. I am an attorney in the law firm of Lieff, Cabraser, Heimann & Bernstein, LLP. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff M.H. has not responded to any efforts to reach her made by myself or my staff since May 21, 2024.

3. Plaintiff M.H.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We

1 are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is
2 my opinion that our withdrawal from the case has become necessary.

3     4.    Under California Rule of Professional Conduct 1.16(d), my firm has taken all
4 reasonably available steps to avoid prejudice to the rights of Plaintiff M.H.

5     a.    Before and throughout the time period described below, Plaintiff M.H.
6 received numerous letters, emails, text messages, and telephone calls requesting she contact our
7 firm. In these unanswered communications, we repeatedly explained the need for her continued
8 participation in the case, the risk that her case may be dismissed, the reasons we would need to
9 withdraw as counsel absent contact.

10     b.    On July 1, 2024, we sent Plaintiff a letter via email and FedEx explaining
11 that we could not complete a July 12 discovery deadline without her input and that we would not
12 be able to move forward with the case if she did not contact us.

13     c.    On July 9, 2024, we sent another letter via email and FedEx explaining that
14 her case was at risk of dismissal, recommending voluntary dismissal, and again explaining that
15 we could not continue prosecuting her case without her input. We requested contact by July 15.

16     d.    On August 2, 2024, we sent another letter via email and FedEx explaining
17 that if Plaintiff M.H. did not contact us by August 9, we would seek to withdraw as counsel. This
18 withdrawal letter also offered Plaintiff the option to voluntarily dismiss her case or to seek
19 alternative representation.

20     5.    During this time period, we continued to meet and confer with opposing counsel,
21 obtaining three extensions for the Plaintiff Fact Sheet to protect Plaintiff's case from dismissal for
22 non-compliance with discovery deadlines.

23     6.    To date, Plaintiff M.H. has not agreed to voluntarily dismiss her claims and has not
24 informed our firm that alternative counsel has been retained.

25     7.    We informed Uber of our intent to withdraw from this case on August 2, 2024.

26     8.    Our withdrawal from this case will not impact the timing or schedule of this
27 litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by
28 informing her of her options and the consequences of failing to comply with case deadlines.

1  9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be
2  conditioned on our firm continuing to accept papers to forward to the client. We are able to
3  accept this responsibility.
4  Executed this 14th day of August, 2024 in San Francisco, California.

*/s/ Sarah R. London*
Sarah R. London

- 3 -

LONDON DECL. ISO MOTION TO WITHDRAW
AS COUNSEL FOR PLAINTIFF M.H.
CASE NO. 3:23-CV-06200

# EXHIBIT B

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| M.H.,<br><br>        Plaintiff,<br><br>    v.<br><br>Uber Technologies Inc. and Raiser, LLC,<br><br>        Defendants. | Case No. 3:23-cv-06200<br><br>**[PROPOSED] ORDER GRANTING LCHB'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.H.** |

This matter comes before the Court on the Motion of Lieff Cabraser Heimann & Bernstein LLP ("LCHB) to withdraw as counsel for Plaintiff M.H. in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

    1.    LCHB's Motion is GRANTED. LCHB and its attorneys are terminated as counsel of record for Plaintiff M.H.

    2.    Pursuant to Local Rule 11-5(b), LCHB is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as these Plaintiffs appear *pro se* or counsel appear on their behalf.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CHARLES R. BREYER
United States District Court Judge

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Order Relates To:<br><br>*M.H. v. Uber, Inc.*,<br>Case No. 3:23-cv-06200-CRB | MDL No. 3084<br><br>Case No. 23-md-03084-CRB<br><br>**ORDER RE WITHDRAWAL OF COUNSEL**<br><br>Re: Dkt. No. 1639 |

Plaintiff's counsel's motion to withdraw is granted. Within 28 days of this order, the plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If the plaintiff does not file that notice, the Court will dismiss this case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiff and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: September 16, 2024

CHARLES R. BREYER
United States District Judge