RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1651]**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING
# CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated September 17, 2024, ECF 1651 ("Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns two documents:

| Document | Description | Designating Party |
| --- | --- | --- |
| Exhibit A to Reply In Support of Motion to Compel Custodial Discovery | Chart previously filed under seal by Uber containing confidential information | Uber |
| Exhibit B to Reply In Support of Motion to Compel Custodial Discovery | Chart previously filed under seal by Uber containing confidential information | Uber |

These documents contain confidential, non-public and proprietary information, including Uber's internal descriptions of employee job duties and reporting responsibilities and information from highly confidential documents produced in this litigation that would harm Uber's competitive standing and the privacy interests of its employees if the documents were made public. Uber therefore submits this statement requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)" *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue

burden or expense". Fed. R. Civ. P. 26(c).

The documents here are related to a motion to compel custodial discovery, they are not produced in relation to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

### III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

Exhibits A and B to Plaintiffs' reply in support of their motion to compel custodial discovery (ECF 1652) should be sealed under the good cause standard. The documents at issue contain confidential, non-public information, including references to and quotations from highly confidential documents produced in this litigation, employee names and confidential, non-public details of their internal roles and responsibilities that could cause harm to Uber or its employees if publicly disseminated. *See* Cummings Decl. ¶¶ 2-4. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing and the privacy of its employees. There are no less restrictive alternatives to sealing these documents.

#### A. Failing to Seal the Documents Would Harm Uber

The documents at issue contain confidential, non-public information, including references to and quotations from highly confidential documents produced in this litigation, employee names and confidential, non-public details of their internal roles and responsibilities that could cause harm to Uber or its employees if publicly disseminated. *See* Cummings Decl. ¶¶ 2-4.

**Exhibit A to Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Custodial Discovery:** This document is a chart originally created by Uber to demonstrate the relevance and appropriateness of its proposed custodians. Exhibit A is a revised version of that chart containing Plaintiffs' responses to Uber's proposed custodians, created pursuant to the Court's September 13,

2024 docket entry (ECF 1368). The chart includes confidential, non-public information supplied by Uber. It contains the names of 18 Uber employees, job titles, dates of employment, litigation hold dates, and non-public details of their internal roles and responsibilities. A prior iteration of this chart (without Plaintiffs' responses) was filed under seal by Uber (ECF No. 1542). Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly. *See, e.g.* ECF Nos. 217, 221 (sealing exhibit that contained Uber employee names, business titles, and employment dates, among other information).

**Exhibit B to Plaintiffs' Reply in Support of Plaintiffs' Motion to Compel Custodial Discovery:** This document is a chart originally created by Uber to respond to Exhibit 9 of the Luhana Declaration In Support Of Plaintiffs' Motion to Compel Custodial Discovery (ECF 1137-1). Plaintiffs filed Exhibit 9 filed under seal. The current version of this chart was created by Plaintiffs to add their response to Uber's positions, pursuant to the Court's September 13, 2024 docket entry (ECF 1368). The chart includes confidential, non-public information supplied by Uber. It contains the names of 18 Uber employees and non-public details of their internal roles and responsibilities. It also contains numerous citations to and quotations from documents produced in this litigation designated as "confidential" and "highly confidential – attorneys' eyes only." The information in this chart (without Plaintiffs' responses) was filed under seal by Uber (ECF No. 1542). Uber has not agreed to designate many of these employees as custodians of ESI, and as such their relevance to the underlying matter is in dispute. Unsealing the documents would create a high probability of annoyance, embarrassment and undue burden or expense for the employees. Disclosure of Uber's internal descriptions of employee job duties and reporting responsibilities is also proprietary information that could cause competitive economic harm to Uber if disclosed publicly. *See, e.g.* ECF Nos. 217, 221 (sealing exhibit that contained Uber employee names, business titles, and employment dates, among other information).

### B. A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

Exhibits A and B to Plaintiffs' reply in support of their motion to compel custodial discovery contain information that Uber's statement is intended to protect from publication. No less restrictive alternative to sealing the exhibits to the documents at issue is sufficient. *See* Cummings Decl. ¶¶ 2-4. Actions short of sealing the documents would not protect the privacy interests of Uber or its employees. Alternatively, if the Court were to disagree with Uber and determine that employee names, job titles, and dates of employment should not be sealed, the Court should order that columns "D" and "E" ("Relevance" and "Plaintiffs' Response") of Exhibit A should be redacted in full, and columns "D" and "E" ("Analysis" and "Plaintiffs' Response") of Exhibit B should be redacted in full in order to prevent the disclosure of confidential internal descriptions of employee job duties and reporting responsibilities, as well as descriptions of and quotations from confidential documents.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that Exhibits A and B to Plaintiffs' reply in support of their motion to compel custodial discovery be maintained under seal.

DATED: September 24, 2024                         Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
          MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC