Lieff
Cabraser
Heimann &
Bernstein
Attorneys at Law

Lieff Cabraser Heimann & Bernstein, LLP
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
t  415.956.1000
f  415.956.1008

September 30, 2024

Sarah R. London
Partner
slondon@lchb.com

**VIA ECF**

The Honorable Charles R. Breyer
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

   RE: *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*,
      MDL No. 3084 CRB

Your Honor:

  Plaintiffs' Leadership and the Uber Defendants[1] respectfully submit this joint letter, as required by the Court's order at ECF No. 1540, certifying that the Joint Case Information Chart (the "Chart") was emailed to the Courtroom Deputy today, September 30.

### Information in the Chart

  The Chart reflects the cases filed in the MDL (whether direct-filed or transferred) as of September 13, 2024. The parties agree September 13 is a reasonable cut-off date for inclusion in the Chart. The Chart include the following data fields for each case:

- MDL Case Number
- MDL Case Name
- State and Federal District Court of Filing or Removal
- State and Federal District Court Identified as Transferee Court in Short-Form Complaint
- Plaintiff Domicile[2]
- State of Incident
- Date of Incident
- Date of Filing[3]
- Date of JCCP Filing (where applicable)[4]

---

[1] Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC.
[2] The Court requested information on each Plaintiff's domicile. The pleadings in these cases identify a given Plaintiff's residence. Accordingly, for the purpose of preparing this Chart, the parties have assumed that the residence identified in the short-from complaint is the Plaintiff's domicile.
[3] With respect to cases that were removed from state court, this reflects the date of filing in the state court.
[4] For cases filed in California state court and then re-filed in federal court as a result of the JCCP's *forum non conveniens* ruling.

District Judge Charles R. Breyer
September 30, 2024
Page 2

- Plaintiff State Law

- Defendant State Law

The Court may organize the individual categories in the Excel document however it sees fit, for example to organize the cases by date of incident, or by organizing the cases by state of incident to illustrate the states with the highest number of incidents.

The parties agreed to include additional categories of information in the Chart based on the belief that such information would be useful to the Court as it provides a more complete picture of the circumstances of the underlying incidents and the procedural status of each case (namely the case name, the date of the incident, and the date each case was filed in the MDL and/or the JCCP, where applicable).

**Joint Statement re: Choice of Law**. Plaintiffs' Leadership and Defendants based their asserted state law on the information provided in the short-form complaints, with the exception of two cases transferred to this MDL for which no short form complaint has yet been filed (i.e., 3:24-cv-03311 and 3:24-cv-06279). In those cases, the data was pulled from their original, pre-MDL pleadings. To the extent amendments or discovery reveal any of that information to be incorrect, both parties reserve the right to modify their asserted choice of law.

Based on this information, Plaintiffs' Leadership and Defendants met and conferred and largely agree upon which law should govern each case. With regards to approximately 97% percent of the actions in this MDL as of 9/13/2024, subject to the parties' reservations of rights, the parties agree that the applicable law is the law of the state where the incident occurred.

The Chart includes cases that have been filed in both the MDL and the state Judicial Council Coordination Proceeding No. 5188 (the "JCCP"). As the Court is aware, certain JCCP plaintiffs appealed the JCCP Court's dismissal of certain cases based on *forum non conveniens* grounds, which appeal had been pending before the California Supreme Court since July 30, 2024. On September 18, 2024, the California Supreme Court denied the petition for review. The Chart indicates the date of state-court filing for all cases that were or are pending in the JCCP. It does not indicate which cases, although filed in the MDL, have not yet been dismissed from the JCCP.

**Plaintiffs' Statement**. Three notes on Plaintiffs' Leadership's choice-of-law selections. *First*, Plaintiffs' Leadership submits their choice-of-law selections based on the data discussed above, and reserve all rights of individual Plaintiffs' counsel to take a different position. *Second*, in identifying the law they believe governs each Plaintiff's claims, Plaintiffs' Leadership did not consider the potential effect of the choice-of-law provision in Uber's Terms of Use. Plaintiffs' Leadership are not in a good position to know who agreed to the TOU and when and under what circumstances.

*Third*, Plaintiffs' Leadership have selected the law they believe governs the core liability portions of Plaintiffs' claims. They reserve the right to argue a different law governs damages limitations rules. *See Abogados v. AT&T. Inc.*, 223 F.3d 932, 935-36 (9th Cir. 2000) (discussing distinction between conduct-regulation and "damages limitation" rules).

Regarding the subject-matter jurisdiction issue Uber raises, Plaintiff's Leadership do not believe those issues are relevant to the contents of the Chart, but reserve all rights.

Finally, Uber reiterates its oft-repeated plea for an arbitrary "cut-off" on new filings in this MDL. Just like every other time Uber has asked the Court to impose such cut-off, its position is supported only by the company's say-so, here unspecified "logistical and practical challenges." Uber has never

District Judge Charles R. Breyer
September 30, 2024
Page 3

explained why the Court should issue such an order, grounded its ask in past practice in other MDLs or the procedural posture of this one, or grappled with the undeniable fact that sexual assault survivors find it difficult to file cases and should not face premature deadlines for doing so absent compelling circumstances.

In reality, this MDL is still in its early stages, with Uber not having yet even substantially completed production in response to Plaintiffs' First RFPs (production that was supposed to be done by September 1), the Magistrate Judge addressing crucial common discovery issues, and the Court having just begun resolving common legal issues. Uber cites no MDL that ever has imposed a cut-off under those circumstances, and does not articulate why this Court should be the first. Given that Uber has been asking for a cut-off since day one of this MDL, and yet has never really even attempted to justify one, the Court could infer that the requested "cut-off" merely reflects Uber's view that this MDL should never have been formed in the first place.

**Defendants' Statement**. The Uber defendants reserve the right to challenge the Court's subject matter jurisdiction over cases involving California domiciliaries for lack of diversity of citizenship. In addition, Defendants reserve the right to file motions to transfer in cases involving non-California incidents, which the Chart shows comprises the vast majority of cases in this multi-district litigation.

Uber does not concede that any of the alleged incident information contained in the Chart is accurate as Uber has not been able to substantiate all trips, and Uber reserves its rights in that regard. The Uber defendants also reserve the right to address any dispute regarding the law which governs damages limitations rules in this case, should this issue arise in the future.

In addition, Uber respectfully submits that the time is ripe for the Court to consider making a determination as to a final cutoff date for which cases may be filed into this multi-district litigation, given the large number of cases already filed and the logistical and practical challenges necessarily arising from same. This Court has acknowledged the importance of readjusting the playing field in a multi-district litigation as the case develops, and has recognized the legitimacy of Uber's right to raise the cutoff issue. Since Uber's last cutoff request, the Court has issued motion to dismiss rulings and the *forum non conveniens* appeal in the state Judicial Council Coordinated Proceeding ("JCCP") has been resolved. In light of the finalized JCCP *forum non conveniens* decision, and with the Court's decisions on the motions to dismiss warranting amendment of the pleadings (should Plaintiffs choose to amend), the size and legal contours of this MDL are now becoming clear. Uber is entitled to some clarity and certainty about the scope of its exposure in order to prepare its defenses, define the boundaries of discovery, and to proceed to a potential resolution of the cases (all of which will be extremely difficult to achieve in an open-ended and constantly evolving litigation). Uber proposes that the final cutoff date be 60 days from the next case management conference.

Respectfully,

Sarah R. London