OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

| **Date:** October 1, 2024 | **Time:** 10:37 a.m.-11:32 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation | |

**For Plaintiffs:** Roopal Luhana, Chaffin Luhana LLP; Rachel Abrams, Peiffer Wolf Carr Kane Conway & Wise, LLP; Marlene Goldenberg, Nigh Goldenberg Raso & Vaughn

**For Defendants:** Michael Shortnacy, Patrick Oot, Veronica Gromada and Jeremy Wikler, Shook, Hardy & Bacon LLP.; Mark Price Wolf and Louis Murray, Paul, Weiss, Rifkind, Wharton & Garrison

**Deputy Clerk:** Brittany Sims            **Reported by:** Debra Pas

PROCEEDINGS

Discovery Status Conference held.

The Court and the parties discussed potential disputes regarding Uber's privilege logs. The parties continue to meet and confer. If a dispute requires Court intervention, the Court expects the parties to present a limited sample of disputed privilege log entries in the first instance.

The Court and the parties discussed validation of Uber's technology-assisted document review, consistent with the ESI Order. Uber indicated that it intends to implement a validation process after production of documents from 20 custodians.

The Court and the parties discussed a potential dispute regarding hyperlinked documents, including Plaintiffs' request for Uber to audit its production to ensure that hyperlinked document families have been produced correctly and metadata has been provided. The Court instructed the parties to meet and confer following the conclusion of the status conference.

The parties indicated that they intend to file a stipulation to extend certain discovery deadlines.

The Court and the parties discussed a dispute regarding production of Uber employee deponents' personnel files. The Court ordered that Uber need not produce background check materials, performance evaluations, or compensation information for deponents unless

Plaintiffs present a particularized need for such materials from specific deponents. The parties shall meet and confer regarding any related disputes.

The Court and the parties discussed a dispute regarding a subpoena served by Plaintiffs on their own counsel Bret Stanley for materials from previous litigation. The Court indicated that production of relevant documents (but not necessarily all documents) by Stanley would likely promote efficiency. The parties shall meet and confer regarding a potential resolution.