UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates To:

ALL CASES.

Case No. 23-md-03084-CRB   (LJC)

**DISCOVERY MANAGEMENT ORDER**

### A. Next Discovery Status Conference

A discovery status conference shall occur by Zoom on October 23, 2024 at 9:30 AM, for no longer than one hour.

The parties shall file a joint discovery status report, not exceeding twelve pages, no later than October 18, 2024. The status report shall address the following issues: (1) the status of custodial production; (2) the status of the parties' discussions regarding TAR validation; (3) the status of non-custodial production, including Knowledge Base policies; (4) the status of Uber's response and objections to Plaintiffs' written discovery; (5) the status of the deposition schedule; (6) a list of any pending discovery matters on which the parties are awaiting action by this Court; and (7) any other topics the parties wish to raise with the Court.

### B. Update on Stipulation to Extend Deadlines

At the previous discovery status conference on October 1, 2024, the parties advised the Court that they would be filing a stipulation to extend discovery deadlines later that day. No such stipulation has been filed. The parties shall file no later than October 11, 2024 either their stipulation or a status report addressing the delay.

### C. Privilege Log Disputes

At the discovery status conference on October 1, 2024, the Court and the parties discussed potential disputes related to Uber's privilege logs, and the Court indicated that the parties should present any such disputes using a sample of specific privilege log entries in the first instance. The Court now sets the following parameters for the first sample. If the parties reach an impasse and a

1    dispute or set of disputes regarding Uber's privilege logs requires Court intervention, Plaintiffs (as
2    the parties challenging the privilege log) shall select no more than ten disputed privilege log
3    entries to present to the Court, and Uber may select no more than five additional privilege log
4    entries to which Plaintiffs have objected.  The parties shall share their proposed selections during
5    the meet-and-confer process, and may select new entries to replace any entries for which the
6    parties resolve their differences without Court intervention.

7    To present the first tranche of privilege log disputes to the Court for resolution, the parties may file a joint letter presenting no more than fifteen disputed privilege log entries (up to ten selected by Plaintiffs and up to five selected by Uber) as a first sample for the Court's resolution. The joint letter shall be consistent with Pretrial Order No. 8, except that it may be up to ten pages long.  All entries addressed in the joint letter must have been subject to meet-and-confer efforts that resulted in an impasse.  The parties' joint letter shall include their views on appropriate next steps for after the Court resolves this first sample.

Based on the parties' discussion of the issue at the previous status conference, the Court understands that the parties have already begun the process of addressing privilege log disputes pursuant to Pretrial Order No. 14.  Continued discussion of sample privilege log entries should not use the fourteen-day timeline stated in that order, but instead should proceed as quickly as reasonably possible.  The parties shall file a joint discovery letter addressing their first tranche of disputed privilege log entries no later than October 25, 2024.  If the parties have not reached an impasse as to *any* disputed entries by that date, they shall instead file a joint status report by the same deadline apprising the Court of that fact and the status of their discussions.

**D.    Custodians**

No later than October 11, 2024, the parties shall file a joint status report, not to exceed two pages, updating the Court about their meet and confer efforts regarding the custodian dispute.  The report must address at least the following issues:

(1) If the parties were able to reach an agreement as to any remaining custodians, the report must identify those individuals;

(2) The report must include a list of all designated custodians, including those whom the

2

parties have agreed to designate and those the Court designated in its Order on Plaintiffs' Motion to Compel, Dkt. No. 1698;

(3) The report must specify if Plaintiffs chose to accept Uber's proposed custodians regarding issues related to the ISSP or if they agreed to not seek information regarding the ISSP from Lyft;

(4) If Plaintiffs no longer seek to include certain custodians, the report shall include a notice of withdrawal of the Motion to Compel as to those custodians;

(5) If Uber no longer seeks to include certain custodians that it had identified in its proposed list, Dkt. No. 1541-5, the report shall indicate which proposed custodians Uber has withdrawn; and

(6) The report must specify the remaining disputed custodians. The Court will issue an order designating the remaining custodians, such that the parties have fifty-five custodians in total. No further briefing will be permitted regarding any outstanding disputed custodians.

### E. Subpoenas to Ballard Partners and Lyft

This Court's October 2, 2024 Order regarding disputed custodians addresses lobbying issues potentially relevant to Plaintiffs' subpoena to Ballard Partners. Dkt. No. 1698 at 24–27. Plaintiffs, Uber, and Ballard shall meet and confer and file a status report not exceeding two pages no later than October 16, 2024 indicating whether they have resolved or narrowed the dispute regarding that subpoena in light of that Order.

The parties previously indicated that they were continuing to meet and confer regarding Plaintiffs' subpoena to Lyft, which is also potentially implicated by this Court's Order on the disputed custodians. The parties shall file a status report not exceeding two pages by the same deadline indicating whether they have resolved or narrowed the dispute regarding the subpoena to Lyft.

In an abundance of caution, the Court's Order regarding custodians is provisionally filed under seal pending resolution of motions to file related documents under seal. If that Order has not already been shared with counsel for Ballard and Lyft, and if Uber objects to providing those attorneys with an unredacted copy, Uber and Plaintiffs shall meet and confer as to appropriate

3

redactions for that purpose and share either a complete or redacted copy of the Order with Ballard and Lyft's counsel no later than noon on October 11, 2024.

### F.     Summary of Deadlines

As discussed above, this Order sets the following deadlines. Filings due the same day may be combined at the discretion of the parties so long as they include clear headings indicating the matters addressed.

October 11, 2024:

  (1) Stipulation to extend deadlines, or status report regarding the delay in filing that stipulation;

  (2) Status report regarding selection of custodians;

  (3) Share this Court's provisionally sealed Order regarding disputed custodians, either redacted or unredacted, with counsel for Ballard Partners and Lyft (by noon).

October 16, 2024:

  (1) Status report regarding subpoena to Ballard Partners;

  (2) Status report regarding subpoena to Lyft;

  (3) Stipulation or joint letter regarding attachments to emails addressed in the parties' clawback dispute. *See* Dkt. No. 1727 at 4.[1]

October 18, 2024: Joint status report in preparation for discovery status conference.

October 23, 2024: Discovery status conference, 9:30 AM via Zoom webinar.

October 25, 2024: Joint letter regarding first sample of disputed privilege log entries; or status report indicating that the parties have not reached an impasse as to any such entries.

**IT IS SO ORDERED.**

Dated: October 9, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[1] This deadline, although not set by the present Order, is included here for the convenience of the parties.

4