RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' STATUS REPORT REGARDING DEFENDANTS' REQUEST TO EXTEND DEADLINES**<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

Uber Technologies, Inc. and Raiser, LLC submits this report in response to the Court's October 9, 2024 Discovery Management Order (ECF 1732), which ordered the parties to file no later than October 11, 2024 the stipulation to extend discovery deadlines set forth in the Court's September 10, 2024 Order ("the Order") (ECF 1629)[1], or a report explaining the delay in filing that stipulation.

Defendants are unable to submit a joint status report because they only received Plaintiffs' portion of the proposed "joint report" at 6:26 p.m. this evening, the night the report is due. Despite this, Defendants provided their portion of the status report to Plaintiffs, advising Plaintiffs that they could not file after 9:30 p.m. PST (12:30 a.m. EST) if Plaintiffs failed to finalize their portion by that time, which they did not do. Defendants therefore provide the following status report.

On October 1, 2024, after weeks of negotiations, the parties reached an agreement on the dates that would be presented in a request to the Court to extend the production deadlines set out in the Court's September 10, 2024 Order. (Dkt. 1629). Defendants represented this agreement to the Court during the October 1 status conference, and Plaintiffs acknowledged this agreement. Defendants intended to file the stipulation on that agreement on October 1 after the hearing, and to that end, Defendants sent Plaintiffs' a draft stipulation with proposed order on October 1. However, Defendants have not yet been able to file the stipulation with the Court because after the status conference Plaintiffs injected a litany of material new terms to the stipulation that imposed obligations on Defendants beyond those agreed by the parties on October 1.

Notwithstanding these new terms and moving goal posts, Defendants, in the spirit of compromise agreed to all of the proposed new terms except one. Defendants just learned about this

---

[1] The Court's September 10, 2024 Order required Uber to produce records for undisputed custodians using MDL Plaintiffs' search terms by October 1, 2024 and the related privilege logs for those custodians by October 10, 2024. The Order also required Uber to produce records for disputed custodians by November 1, 2024, and the related privilege logs for disputed custodians by November 10, 2024.

proposal first the first time at 1:13 pm on the day of this filing.  Defendants participated in good faith in the negotiations of the parties' agreement, including through direct participation at the negotiation table by their in house counsel.  Yet still, even with this last minute gamesmanship, Defendants responded to Plaintiffs with the proposal that the parties should file the stipulation memorializing their agreed upon dates with the Court, with the caveat that they were still considering Plaintiffs' 11th hour proposal.  Defendants' position, as it has communicated transparently, consistently, and in good faith since September 10th, is that the present custodial productions dates are not possible to comply with.  Weeks of careful negotiation and input from Defendants' vendors yielded the agreement on dates the parties have struck.  Now, Plaintiffs are holding the stipulation hostage in favor of a last minute proposal that the parties have not had *any* opportunity to meet and confer on.  The Court should not countenance this behavior, which violates the local rules regarding civility, and creates real-life consequences for the teams of people who work on these filings until all hours of the night on Friday nights and weekends.  Defendants have repeatedly advised Plaintiffs of the grueling working conditions that Plaintiffs disproportional discovery has imposed on the staff of service providers and legal teams.  Plaintiffs ever-shifting demands for appropriate and reasonable volume-based schedule extensions and adjustments simply do not align with the Northern District's Guidelines on Professional Conduct (Guidelines For Professional Conduct | United States District Court, Northern District of California (uscourts.gov)).  It is simply unacceptable. As such, Defendants respectfully request the Court modify its September 10, 2024 Order and adopt the below dates, which the parties had previously agreed and Defendants have detrimentally relied upon, as follows, and permit the parties an opportunity to meet and confer on Plaintiffs' latest proposal and submit an agreement or competing proposals to be discussed at the October 23, 2024 discovery conference.

|  | Deadline for Production of Custodial Files in 9/10 Order | Deadline for Production of Custodial Files Per 10/1 Agreement | Deadline for Production of Privilege Logs in 9/10 Order | Deadline for Production of Related Privilege Logs Per 10/1 Agreement |
|---|---|---|---|---|
| For 11 Undisputed Custodians | October 1, 2024 | October 21, 2024 | October 10, 2024 | November 15, 2024, or sooner for noticed and scheduled depositions per PTO 14 |
| For Remaining 17 Undisputed Custodians | October 1, 2024 | November 26, 2024, or sooner for noticed and scheduled depositions per PTO 16 | October 10, 2024 | December 9, 2024, or sooner for noticed and scheduled depositions per PTO 14 |
| For 18 Disputed Custodians | November 1, 2024 | January 10, 2025, or sooner for noticed and scheduled depositions per PTO 16 | November 10, 2024 | January 31, 2025, or sooner for noticed and scheduled depositions per PTO 14 |

If schedules that work for everyone cannot come through with agreement, Defendants need simple relief to avoid prejudice, and respectfully make the request herein.[2]

By: /s/ Michael B. Shortnacy
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice* admitted)
oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**

---

[2] Defendants reluctantly attach to this report the correspondence between counsel surrounding the negotiation of their agreement. Defendants do not believe the Court should have to wade into this correspondence, but Defendants have been advised by Plaintiffs that they intend to submit only certain portions of the correspondence, rendering the communications out of context when not presented on the whole. *See* Exhibit A, attached hereto.

1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

# CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ Michael B. Shortnacy