1
2  *[Counsel Listed on Signature Page]*
3
4
5
6
7
8
9                    UNITED STATES DISTRICT COURT
10                   NORTHERN DISTRICT OF CALIFORNIA
11                        SAN FRANCISCO DIVISION
12

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
|---|---|
| | **PLAINTIFFS' STATUS REPORT REGARDING STATUS OF DEFENDANTS' PROPOSED REQUEST TO EXTEND DEADLINES** |
| This Document Relates to: ALL ACTIONS | Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Plaintiffs submit this statement to explain why the parties have been unable to reach a stipulation regarding Defendants' request to extend the Court's deadlines for Uber to substantially complete production in response to Plaintiffs' First Requests for Production. In short, the parties have been unable to square Uber's request for coordinated depositions with its asserted need to delay document productions and resolution of privilege disputes.

As the Court is aware, Uber has sought to limit its witnesses to one deposition across the JCCP and MDL, and Plaintiffs have been working with Uber to develop a deposition schedule and process that allows for coordination, while also ensuring that the MDL Plaintiffs have the entire relevant custodial production before the deposition, including documents that are de-designated. Given the significant volume of documents withheld via custodial privilege logs, Plaintiffs will be unfairly prejudiced if they do not have a reasonable timeline to resolve privilege disputes and review a potentially significant volume of de-designated documents before a deposition. For this reason, Plaintiffs have proposed a timeline and process that would provide Uber its requested relief on deadlines to produce documents, while also attempting to facilitate coordination on upcoming depositions to the extent possible. Plaintiffs are willing to continue meeting and conferring with Uber regarding their request for relief from the Court's deadlines and likely can reach agreement on the dates Uber has requested, absent pressure to coordinate depositions with the JCCP Plaintiffs, who must proceed on a more expedited schedule.

As background, on December 28, 2023, Judge Breyer set September 1, 2024 as the deadline for Uber to substantially complete production in response to the Plaintiffs' First Requests for Production. (ECF 175). This Court extended that deadline to October 1 for undisputed custodians' custodial files and October 10 for their respective privilege logs and November 1 for disputed custodians' custodial files and November 10 for their respective privilege logs. (ECF 1629). Uber now seeks further extension of those deadlines.

Although Plaintiffs consent in concept to Uber's requested extension and proposed dates, Plaintiffs have repeatedly told Uber that Plaintiffs' agreement is contingent upon Uber completing document production by its proposed deadlines, including resolution of privilege disputes and production of de-designated documents. (Luhana Decl. at ¶¶ 3-9). These contingencies are necessary to ensure that complete custodial files, included de-designated documents, are produced and Plaintiffs have reasonable time to review them in advance of the depositions. Setting a clear timeline to address these disputes in advance of depositions will eliminate the need to re-take depositions which would result in a waste of time and resources. Although the parties have reached preliminary agreements on some contingencies (hyperlinked document production, TAR validation, and personnel files), the parties have not reached agreement as to the necessary timelines for resolving privilege disputes. In an effort to reach an agreement, Plaintiffs have offered various proposals for addressing privilege dispute resolution and ultimately an agreement on Uber's requested stipulation. Uber has rejected each of these proposals without offering any alternative and now presents Plaintiffs' proposals to the Court as "moving goal posts." (ECF 1745 at 2).

The Deposition Protocol (ECF 866) addresses privilege log production, the Court's recent October 9, 2024 Discovery Management Order (ECF 1732) provides the parameters to raise privilege disputes with the Court, and the Court's October 8, 2024 Order (ECF 1727) provides additional guidance.[1] The timelines Plaintiffs propose below complement those Orders. The timeline for privilege logs containing fewer than 100 documents is consistent with the 10-day timeline provided in the Deposition Protocol. However, the Deposition Protocol did not contemplate privilege logs containing thousands of entries. Therefore, the additional timelines fill the remaining gaps created by

---

[1] Plaintiffs expect that Uber is presently re-reviewing and de-designating documents previously marked privileged to comply with that Order and will produce de-designated documents promptly.

3
PLAINTIFFS' STATUS REPORT RE: DEF'S REQUEST TO EXTEND DEADLINES   Case No. 3:23-MD-3084-CRB

Uber's extensive privilege claims (which, for some custodians, are 30%-50% of their entire custodial file production). Plaintiffs' proposal is summarized as follows:

|  | Privilege logs containing fewer than 100 documents | Privilege logs containing between 101-749 documents | Privilege logs containing 750 or more documents |
|---|---|---|---|
| **Deadline for production of privilege log** | 10 days before scheduled deposition | 35 days before scheduled deposition | 45 days before scheduled deposition |
| **Parties to complete meet & confer process** | 8 days before scheduled deposition | 25 days before scheduled deposition | 35 days before scheduled deposition |
| **Parties to submit disputes to Court** | 7 days before scheduled deposition | 21 days before scheduled deposition | 28 days before scheduled deposition |
| **Uber to produce all de-designated documents per the Court's Order** | 48 hours before scheduled deposition | 7 days before scheduled deposition | 14 days before scheduled deposition |

Plaintiffs propose the above timelines to ensure that once Uber produces privilege logs, the Parties will have the ability to:

1) meet and confer to comply with the process outlined in the October 9, 2024 Discovery Management Order;

2) raise the dispute with the Court per PTO 8 and allow Uber time to de-designate and produce documents; and

3) allow Plaintiffs sufficient time to review the documents in advance of depositions.

By: /s/Roopal Luhana

ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com
*Co-Lead Counsel for Plaintiffs*

SARAH R. LONDON (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
Email: slondon@lchb.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ Roopal P. Luhana