[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA, ESQ. IN SUPPORT OF PLAINTIFFS' STATUS REPORT REGARDING UBER'S REQUEST TO EXTEND DEADLINES** |

I, Roopal P. Luhana, declare and state as follows:

1. I am an attorney in the law firm of Chaffin Luhana LLP, appointed Co-Lead counsel for Plaintiffs in the above-captioned Multi-District Litigation. I am a member of the State Bar of New York and am admitted pro hac vice to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this Declaration in support of Plaintiffs' Status Report Regarding Uber's Request for Extend Deadlines.

3. I have been involved in numerous conversations with counsel for Uber to discuss their requested stipulation for an extension of the deadline to produce documents and privilege logs pursuant to the Court's September 10, 2024 Order (ECF 1629). During each conversation, I have reiterated that Plaintiffs' consent to an extension is contingent upon certain agreements, particularly an agreement on resolving privilege disputes.

1    4.    On September 30, 2024, I stated in an email to Uber's counsel that Plaintiffs'
2 agreement was contingent on expedited production of custodial files and privilege logs for
3 custodians with noticed depositions. A true and accurate copy of my September 30, 2024 email is
4 attached hereto as Exhibit A.

5    5.    On October 1, 2024 before the status conference with the Court, I stated in an
6 email to Uber's counsel that an expedited production of custodial files and privilege logs for
7 custodians with noticed depositions and that including those parameters in the stipulation is
8 "required for us to agree to the extension." I also reiterated that the "Deposition Protocol didn't
9 contemplate the thousands of entries we've received and therefore need an expedited timeline for
10 custodial files and privilege logs." A true and accurate copy of my October 1, 2024 email is
11 attached hereto as Exhibit B.

12    6.    During the October 1, 2024 status conference with the Court, I reiterated that
13 Plaintiffs would agree to Uber's requested extension only "provided that the privilege log
14 disputes are handled." (ECF 1697 at 25-26).

15    7.    Plaintiffs have made various proposals to address this issue so that the parties
16 could file an agreed stipulation. For example, on October 9, Plaintiffs proposed to include in the
17 stipulation the following language (Uber did not agree):

> Uber understands that Plaintiffs' consent to the extensions indicated in Paragraphs 6 through 8 herein is conditioned on the following: Uber's adherence to the deadlines for custodial file production and privilege logs as ordered by Pretrial Order 14 (ECF No. 396) and Pretrial Order 16 (ECF No. 866). In the event Uber's custodial document production for a custodian is not complete and privilege log disputes are not resolved within fourteen days prior to that custodian's scheduled deposition, Plaintiffs reserve the right to reschedule the deposition after production is complete and resolution is reached.

   8.    Plaintiffs' October 9 proposal is consistent with Plaintiffs' position herein for
privilege logs containing more than 750 documents, however, in an attempt to reach an
agreement, Plaintiffs modified their proposal to allow even more time for Defendants' production
of privilege logs containing fewer than 750 documents. Plaintiffs attempted to discuss this
proposal with Uber on October 11, however, Uber has refused to engage in discussion as to any

plan for resolving privilege disputes. Plaintiffs provided this proposal to Uber at 1:13 pm PT on October 11 and indicated that Plaintiffs would take this position in their status report to be filed with the Court. A true and accurate copy of Plaintiffs' October 11 email to Uber sent at 1:13 pm PT is attached hereto as Exhibit C which memorializes Plaintiffs' October 9 proposal.

9. Having not received any response from Uber to Plaintiffs' October 11, 2024 1:13 pm PT email or Plaintiffs' requests to discuss the filing of a Status Report per the Court's October 9 Order, Plaintiffs provided Uber with Plaintiffs' draft report at 6:26 pm PT. A true and accurate copy of Plaintiffs' October 11, 2024 6:26 PT email is attached hereto as Exhibit D.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 12, 2024, in Brooklyn, New York.

*/s/ Roopal P. Luhana*
Roopal P. Luhana