UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIS, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3084 CRB<br><br>[~~PROPOSED~~] **PRETRIAL ORDER NO. 19 ESTABLISHING A COMMON BENEFIT FEE AND EXPENSE FUND** |

**THIS ORDER** is entered to supplement Second Amended Pretrial Order No. 12 (Timekeeping and Expenses Protocol) entered May 23, 2024 in this litigation (ECF No. 558). PTO 12 remains in full force and effect and is hereby supplemented as follows:

1.      On December 16, 2023, this Court appointed Co-Lead Counsel and the Plaintiffs' Steering Committee (PTO 4, ECF No. 152).

2.      On March 26, 2024, this Court entered PTO 12 (ECF No. 362), subsequently amended at ECF Nos. 382 and 558), which sets forth detailed instructions for the performance of common benefit work, and for the type of work and expenses that could qualify for potential compensation and reimbursement. Under this authority and with this guidance, Plaintiffs' Co-Lead Counsel, the members of the Plaintiffs' Steering Committee ("PSC"), and other authorized counsel (collectively, "Participating Counsel"), have done and will continue to do common benefit work on a contingent basis. The PSC has invested and will continue to invest substantial time and financial resources related to motion practice, discovery, and bellwether trials. This work has and

will benefit all Plaintiffs with claims against Defendants related to the subject matter of this MDL and the parallel proceedings in the JCCP.

3.      On February 21, 2023, in the related state court coordinated proceedings, *In re Uber Rideshare Cases*, JCCP 5188 (hereinafter "JCCP"), Judge Shulman appointed Plaintiffs' Co-Lead[1] and Liaison Counsel[2] ("JCCP Leadership"). Pursuant to that authority, JCCP Leadership has done and will continue to do common benefit work on a contingent basis. The JCCP Leadership has invested and will continue to invest substantial time and financial resources related to motion practice, discovery, and bellwether trials. This work has and will benefit all Plaintiffs with claims related to the subject matter of the JCCP and this MDL.

4.      The MDL and the JCCP are collectively referred to in this Order as "Lead Actions." Co-Lead Counsel for the MDL and Co-Lead and Liaison Counsel for the JCCP (collectively referred to as "Leadership Groups") have been working cooperatively concerning discovery and coordination of the Lead Actions. Both Leadership Groups agree that it is important to work cooperatively to design a common benefit system that recognizes the contributions within both Lead Actions.

5.      Co-Lead Counsel in the JCCP will seek entry of a similar order ("Parallel Common Benefit Order") from Hon. Ethan P. Schulman.  The goal of the Parallel Common Benefit Order will be to enable a substantially similar system in the JCCP action governing its fees, expenses, common benefit work assignments, and reporting as outlined in this Order. Co-Lead Counsel from the Lead Actions agree that parallel common benefit orders will facilitate cooperation and coordination between the federal and state cases.

6.      It is just and appropriate to provide a system of assessment on any settlements and recoveries, to which this substantial effort has contributed, commensurate with common benefit assessments ordered in recent and contemporary MDLs.

7.      The Court enters this Order: (1) to avoid unnecessary conflicts and expense, conserve judicial resources, and expedite the disposition of all the cases in this complex litigation;

---

[1] William Levin of Levin Simes, LLP, Walter Cubberly of Williams Hart Boundas, LLP, Stephen Estey of Estey-Bomberger, LLP

[2] Celine Cutter of Cutter Law

(2) to provide for the equitable sharing among Plaintiffs and their counsel of the burden of services performed and expenses incurred by attorneys acting for the common benefit of all Plaintiffs in this complex litigation (collectively, "Common Benefit Work"); and (3) to enable Plaintiffs' attorneys who wish to obtain the work-product of the PSC and the work-product of others who perform authorized common benefit work (collectively, the "Common Benefit Work Product"), an opportunity to obtain such work product.

8.      For purposes of this and other common benefit-related Orders, the phrase "common benefit" refers to Leadership Group-authorized and timely reported work performed and costs incurred on behalf of all Plaintiffs in the Lead Actions.

## II.    <u>GOVERNING PRINCIPLES—THE COMMON BENEFIT DOCTRINE</u>

9.      This Order is entered to provide for the fair and equitable sharing, among all beneficiaries, of the value of the services performed and expenses incurred by attorneys acting for the common benefit of all plaintiffs in the Lead Actions. This is accomplished by directing Defendants who have appeared in these proceedings, and over whom this Court has exercised jurisdiction, in the event of settlement, verdicts, and/or other recoveries, to either hold back or self-fund a designated percentage of their related settlements or judgments. The Court's authority derives from the Supreme Court's common benefit doctrine, as established in *Trustees v. Greenough*, 105 U.S. 527 (1881); *Central Railroad & Banking Co. v. Pettus*, 113 U.S. 116 (1884); *Sprague v. Ticonic National Bank*, 307 U.S. 161 (1939); *Mills v. Electric Auto-Lite Co.*, 396 U.S. 375 (1970); and *Boeing Co. v. Van Gemert*, 444 U.S. 472 (1980).

10.     This and many other courts have properly exercised their inherent case management authority to apply the common benefit doctrine in MDL proceedings.  *See In re: McKinsey & Co., Inc. Nat'l Prescrip. Opiate Consultant Litig.*, No. 21-md-2996, ECF No. 567 (N.D. Cal. June 30, 2023); *In re: Juul Labs, Inc. Mkt., Sales Prac., & Prods. Liab. Litig.*, No. 19-md-2913, ECF No. 586 (N.D. Cal. May 27, 2020); *In re Social Media Litig.*, No. 22-md-03047, ECF No. 190 (N.D. Cal. Mar. 15, 2023); *In re Bard IVC Filters Prods. Liab. Litig.*, 603 F. Supp. 822 (D. Ariz. 2022); *In re Cook Med., Inc., Pelvic Repair Sys.*, 365 F. Supp. 3d 685, 695 (S.D.W. Va. 2019) (collecting cases); *In re Zyprexa Prods. Liab. Litig.* 467 F. Supp. 2d 256, 265–67

(E.D.N.Y. 2009); *In re Bextra & Celebrex Mktg. Sales Practices & Prod. Liab. Litig.,* MDL No. 1699, ECF No. 2507; *In re Sulzer Hip Prosthesis & Knee Prosthesis Prods. Liab. Litig.*, 268 F. Supp. 2d 907 (N.D. Ohio 2003), *aff'd*, 398 F.3d 778 (6th Cir. 2005); *In re MGM Grand Hotel Fire Litig.*, 660 F. Supp. 522, 525–29 (D. Nev. 1987); *In re Air Crash Disaster at Florida Everglades on December 29, 1972*, 549 F.2d 1006, 1019–21 (5th Cir. 1977). The Third Circuit most recently endorsed this important case management tool in *Home Depot USA, Inc. v. LaFarge North America, Inc.*, 59 F. 4th 55 (3d Cir. 2023).

11.     Use of the common benefit doctrine to compensate attorneys who work for the common good of all plaintiffs is necessary for MDLs to be an effective means for the timely and economic resolution of cases. Management of complex MDLs would be impossible without court-appointed counsel. *See Bard IVC Filters*, 603 F. Supp. 3d at 831. If court-appointed counsel "are to be an effective tool, the court must have the means at its disposal to order appropriate compensation for them. The court's power is illusory if it is dependent upon [court-appointed] counsel's performing the duties desired of them for no additional compensation." *Everglades*, 549 F.2d at 1012. Thus, in consolidated MDL proceedings, it is standard practice to order that a percentage of all recoveries be contributed to a fund to compensate attorneys who provide work for the common benefit of all plaintiffs. *Manual for Complex Litigation* § 20.312 (4th ed., Federal Judicial Center 2004) ("MDL judges generally issue orders directing that defendants who settle MDL-related cases contribute a fixed percentage of the settlement to a general fund to pay national counsel.").

## III.     APPLICATION AND SCOPE

12.     The terms "cases" and "claims" in this Section refer to cases or claims arising from alleged sexual misconduct or sexual assaults committed by an Uber driver against an Uber passenger, including claims against any Uber affiliate or third party.

13.     This Order applies to:

> a)     All cases or claims now or later subject to the jurisdiction of this Court in this MDL, regardless of whether the case is resolved while the case is pending before this Court, after a remand from this Court to the transferor court, or in bankruptcy, whether or not such a case reaches final judgment while in the jurisdiction of this Court;

[~~PROPOSED~~] ORDER ESTABLISHING A COMMON
BENEFIT FEE AND EXPENSE FUND
MDL NO. 3084 CRB

b)      All cases or claims settled pursuant to an MDL-negotiated or supervised settlement agreement;

c)      All cases, filed or unfiled, in which any counsel associated receives or uses MDL work product; and

d)      All cases, filed or unfiled, in which any counsel associated signs (or is deemed to have signed) a Participation Agreement.

e)      All cases, filed or unfiled, in which any counsel associated seeks common benefit fees or expenses in this MDL.

14.      This Order does not apply to the following cases:

a.      A case filed in the California Judicial Council Coordination Proceedings *In re Uber Rideshare Cases*, No. CJC-21-005188 (1) by a plaintiff Uber passenger who is domiciled in California at the time of filing and (2) concerns an incident or incidents of alleged sexual assault/misconduct by an Uber driver that occurred in California. Such cases will be the subject of a Parallel Common Benefit Order submitted by JCCP Leadership to the Hon. Ethan P. Schulman.

b.      An unfiled case (1) by a plaintiff Uber passenger who is domiciled in California at the time of settlement and (2) concerns an incident or incidents of alleged sexual assault/misconduct by an Uber driver that occurred in California. Such cases will be the subject of a Parallel Common Benefit Order submitted by JCCP Leadership to the Hon. Ethan P. Schulman.

c.      A case filed in state court in which all attorneys representing the plaintiff (1) do not receive or use MDL work product and (2) do not sign (and are not deemed to have signed) a Participation Agreement. Notwithstanding this provision, any case settled pursuant to an MDL-negotiated or supervised settlement agreement is subject to this Order, even if the case was filed in state court.

d.      The two cases pending in Missouri state court captioned *Jane Doe WHBE 302 et al v. Uber Technologies et al*, Case No. 2322-CC01288.

15.      The Leadership Groups for the Lead Actions anticipate agreeing on a single special master who will have responsibility for evaluating the common benefit work performed in

both Lead Actions and resolve disputes with respect to compensation for common benefit work performed in either or both Lead Actions. (See Section V below.)

**IV.     PLAINTIFFS' FEE AND EXPENSE ACCOUNTS**

16.     Plaintiffs' Co-Lead Counsel is directed to establish two bank accounts (the "Accounts") to receive and disperse funds consistent with this Order (the "Funds"). These Funds will be held subject to the direction of this Court. The first fund shall be designated as the "Fee Fund," and the second should be designated as the "Expense Fund."

17.     For the purpose of efficiency, the Leadership Groups may conclude that it would be beneficial for both Lead Actions to engage the same escrow agent, the same administrator, and utilize the same accounts for both Common Benefit Fees and Expenses in both Lead Actions.

**A.     <u>Establishing the Fee and Expense Accounts</u>**

18.     Plaintiffs' Co-Lead Counsel shall choose an "Administrator" to oversee the Accounts and to receive and disburse funds in the event of settlements or verdicts as provided in this Order and any subsequent Orders at a later date. The Accounts will be held subject to the direction of this Court.

**B.     <u>Administration of the Fee and Expense Accounts</u>**

19.     The Accounts shall be established at a commercial bank that Plaintiffs' Co-Lead Counsel shall choose. The commercial bank shall be the "Escrow Agent."

20.     No disbursement shall be made from the Accounts other than by Order of this Court pursuant to a petition requesting an award of fees and reimbursement of expenses (a "Petition"). No Petition shall be filed without leave of Court. No person or entity has any right to make any claim against any of the amounts held in the Accounts except to the extent this Court issues an Order directing the disbursement of any amounts to such a person or entity. The rights of any such person or entity are limited to the amount ordered by the Court to be so disbursed to that particular person or entity. The Leadership Groups may convene a common benefit fees and costs committee, or utilize another appropriate mechanism, to make recommendations to the Court for the award of common benefit fees and costs. Any and all such awards require Court approval on noticed motions.

21.     The amounts held in the Accounts shall not constitute the separate property of any person or entity or be subject to garnishment or attachment for the debts of any person or entity. However, any specific amounts ordered by the Court to be disbursed to a person or entity, upon the entry of such an Order, can then be subject to garnishment or attachment, limited to the amount of the disbursement so ordered. These limitations do not preclude a person or entity from transferring, assigning, or creating a security interest in potential disbursements from the Accounts to which such person or entity may be entitled as determined by the Court, if permitted by applicable state laws and if subject to the conditions and contingencies of this Order. However, no notice of lien or security interest in potential disbursements or of a transfer or assignment of a right of potential disbursements shall be effective unless and until it is filed in this Court and served upon the Administrator.

22.     In connection with the administrative services, the Administrator shall:

   a)   Have all such power and authority over the Accounts as necessary or convenient to exercise the authority granted in this Order;

   b)   Keep and report periodically to the Court, to the extent requested by the Court, an accounting of the funds received, maintained, and disbursed relating to the Accounts;

   c)   Have the authority to instruct the Escrow Agent with respect to permitted investments of the Accounts;

   d)   Make decisions and take action with respect to treatment of the Accounts for purposes of compliance with the Internal Revenue Code and any applicable local or state tax codes, including creating reports, maintaining and reporting relating to the Accounts and their income, if any, derived therefrom, and as in a Qualified Settlement Fund or such other entity as the Administrator deems appropriate;

   e)   Out of the assets of the Accounts, purchase and maintain reasonable amounts and types of insurance for errors and omissions or fidelity bonds;

   f)   Have the authority to procure, upon consultation with the PSC, professional accounting, legal, and other services for the purposes of carrying out the tasks described in this Order, and to be reimbursed for the expenses of such services; and,

   g)   Have the authority to adopt and implement reasonable procedures consistent with this Order and in consultation with the PSC.

23.     Unless required by law (as with a settlement containing a class action component in which certain class members settle parallel to, but outside of, the settlement class), or as otherwise agreed to by Defendants and Co-Lead Counsel, details of any individual settlement agreement, individual settlement amount, and individual amounts deposited into the Accounts shall be treated as confidential by the Administrator and shall not be disclosed by the Administrator to the public, the Court, or the Court's designee, unless the Court requests that it receive that information *in camera*. The Administrator shall, however, provide statements to the Court upon its request, showing only the aggregate of the monthly deposits, disbursements, interest earned, financial institution charges, if any, and current balance.

### C.     Requirements of the Escrow Agent

24.     The Escrow Agent shall be a commercial bank that: (1) has deposits insured by the Federal Deposit Insurance Corporation; (2) is organized under the laws of the United States or any state thereof; and (3) has a total risk-based capital in excess of $5 billion and meets the minimum risk-based ratios established under the Federal Deposit Insurance Corporation Improvement Act of 1991. The Escrow Agent may act as paying agent, depository, custodian, or trustee with respect to funds it holds.

25.     The Administrator shall consider, in designating the Escrow Agent and in procuring professional services, the charges that the Escrow Agent or provider of professional services will impose for its actions and the ability of the Escrow Agent or provider of professional services to undertake the tasks called for with efficiency and responsiveness.

26.     The Escrow Agent shall not acquire or hold for longer than 90 days, any debt securities, certificates, or investments unless such instruments are a U.S. Treasury Bill, U.S. Treasury Money Market, U.S. Government Money Market, or similar type of account guaranteed by the United States or an agency thereof, including an FDIC-Insured Account. The U.S. Treasury Money Market or U.S. Government Money Market must be registered under the Investment Company Act of 1940, as amended. In determining investments to be held by the Escrow Agent, primary regard shall be given by the Escrow Agent to safety of principal.

27.     The reasonable fees and reasonable expenses of the Administrator and Escrow Agent shall be paid by the PSC. The Administrator and Escrow Agent shall each provide to the PSC their statements for their reasonable fees and reasonable expenses charged on a monthly basis. When this Court authorizes the filing of a Petition, the reasonable fees and expenses of the Administrator and Escrow Agent that were paid by the PSC may be included as items for reimbursement from the Accounts. The Petition shall include copies of the statements of the Administrator and Escrow Agent that had been submitted on a monthly basis to the PSC to support the request for reimbursement of such payments made by the PSC for which reimbursement is requested.

## V.     APPOINTMENT OF SPECIAL MASTER FOR COMMON BENEFIT REVIEW AND DISPUTE RESOLUTION

28.     The Court anticipates appointing an appropriate special master to audit reported common benefit time and costs, and to resolve any common benefit disputes that may arise between any parties authorized to submit common benefit time and expenses.

29.     The Leadership Groups are in the process of negotiating the identity and responsibilities of a single, common benefit special master to perform these functions for both the MDL and JCCP 5188 and will submit a proposed order within 60 days of this Order.

## VI.     PARTICIPATION AGREEMENT AND ELIGIBLE PARTICIPATING COUNSEL

30.     Pursuant to PTO 12, the recovery of common benefit attorneys' fees and cost reimbursements will be limited to "Participating Counsel," defined as Plaintiffs' Co-Lead Counsel and members of the Plaintiffs' Steering Committee (along with members and staff of their respective firms), or other counsel authorized in writing by Plaintiffs' Co-Lead Counsel to perform work that may be considered for common benefit compensation.

31.     An agreement attached hereto as **Exhibit 1** (the "Participation Agreement") is approved by this Court for signature by attorneys for the purposes set forth below.

32.     The Participation Agreement can be entered into by plaintiffs' attorneys on a voluntary basis. The Participation Agreement is a private and cooperative agreement between the PSC and plaintiffs' attorneys only. It is not an agreement with any Defendant.

33.     There is no need for an attorney who already has a case filed in or transferred to this Court or who represents a plaintiff or claimant in any MDL proceeding to sign the Participation Agreement, because they are automatically subject to PTO 12, and any amendments, with regard to all cases in which they have a fee interest, regardless of whether any of their other cases are filed in other jurisdictions, or not yet filed, excepting the cases identified in Paragraph 14, above.

34.     Any attorney appointed by the Court as Co-Lead Counsel or to the Plaintiffs' Steering Committee, and that attorney's firm, are automatically deemed signatories to the Participation Agreement.

35.     Plaintiffs' attorneys who do not execute the Participation Agreement and who are not deemed signatories to the Participation Agreement, or are otherwise not bound to common benefit assessments pursuant to PTO 12, and any amendments, are hereinafter referred to as "Non-Participating Counsel."

36.     Participating Counsel who execute the Participation Agreement shall be entitled to access Common Benefit Work Product for use in all of the cases or claims of their clients, whether the case or claim has been filed or not, and if filed, for use in any court in which it was filed even if not filed in this MDL, and for use for the benefit of non-filed claims, including any for which a tolling agreement exists. All claims or cases of a counsel who has executed the Participation Agreement shall be assessed whether the claim or case has or had not been filed, and all claims or cases in which a counsel who has executed the Participation Agreement has a fee interest shall be assessed.

37.     Non-Participating Counsel, who do not execute the Participation Agreement and who are not deemed to have executed the Participation Agreement, shall have no right of access to the Common Benefit Work Product. However, in the event it is determined that such counsel in any fashion benefited from the Common Benefit Work Product or the administrative functions of

the PSC, then all cases and claims of clients of such counsel, whether filed or not, shall be subject to the assessment described in this Order. It is deemed that the fair liquidated damages for such unauthorized use of the Common Benefit Work Product is equal to the assessment percentage(s) set by this Order. The Court will also consider an application by the PSC for payment of its fees and costs to enforce this Order with respect to any unauthorized procurement or use of the Common Benefit Work Product.

38.     Co-Lead Counsel may periodically request that attorneys who are subject to the assessment provide a list of all cases filed, regardless of jurisdiction, and a list of all claims of clients represented or in which they have a fee interest whether the case is filed or not or on a tolling agreement or not, to facilitate the PSC's ability to keep track of all cases and claims that are subject to the assessment. Further, all counsel with cases filed in or transferred to this Court, and those who sign the Participation Agreement, must comply with such a request within 30 days of the request.

## VII.    ASSESSMENTS AND PAYMENTS INTO THE ACCOUNTS

### A.     Assessment Allocation

39.     For Participating Counsel, the assessment shall be 7% for fees and 2% for costs. The 7% fee assessment is payable from the attorneys' fee portions of the "Gross Monetary Recovery," defined below (the 2% costs assessment may come from the client's portion). The assessment applies, unless otherwise ordered, to all settlements reached and judgments entered in covered cases, whether before or after the date of this Order. The MDL assessments represent a hold back pursuant to *In re Zyprexa Products Liability Litigation*, 467 F. Supp. 2d 256, 266 (E.D.N.Y. 2006).

### B.     Calculating the Assessment

40.     For any attorney subject to an assessment under the terms of this Order, the assessment is owed on the "Gross Monetary Recovery" on all of that attorney's cases or claims.

41.     A Gross Monetary Recovery occurs when a plaintiff agrees or has agreed—for monetary consideration—to settle, compromise, dismiss, or reduce the amount of a claim (a

"Settlement") or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory, statutory, and/or punitive damages (a "Judgment").

42.     The Gross Monetary Recovery:

        a.     Excludes court costs that are to be paid by Defendant(s); and,

        b.     Includes the present value of any fixed and certain payments to be made in the future, such as those that come about as a result of a structured settlement of a claim.

**C.     Defendants' Obligations**

43.     Defendants and their counsel shall not distribute any Settlement or Judgment proceeds to any counsel or plaintiff until after (1) Defendants' counsel notifies Plaintiffs' Co-Lead Counsel in writing of the existence of a settlement and the name of the individual plaintiff's attorney (without disclosing the amount of the settlement); (2) Plaintiffs' Co-Lead Counsel consults with the designee, if necessary, to ascertain if the attorney or his/her/their firm is a firm subject to an assessment; and (3) Plaintiffs' Co-Lead Counsel has advised Defendants' counsel in writing whether or not the individual plaintiff's attorney's cases are subject to an assessment and the amount (stated as a percentage of the recovery) of the assessment pursuant to this Order. Any of the Defendants' counsel shall be permitted to share this information with Plaintiffs' Co-Lead Counsel, who shall otherwise keep this information confidential.

44.     For cases subject to an assessment, Defendants are directed to withhold an assessment from any and all amounts paid to plaintiffs and their counsel and to pay the assessment directly into the Accounts as a credit against the Settlement or Judgment. No orders of dismissal of any Plaintiff's claim, subject to this Order, shall be entered unless accompanied by a certificate of Plaintiff's and Defendants' counsel that the assessment, where applicable, will be withheld and will be deposited into the Accounts at the same time the settlement proceeds are paid to settling counsel. If for any reason the assessment is not or has not been so withheld, the Plaintiff and his/her/their counsel are jointly responsible for paying the assessment into the Accounts promptly.

45.     Upon payment of the assessment into the Accounts, Defendants, the PSC, and its individual members shall be released from any and all liability to any person, attorney, or claimant with respect to the assessment placed into the Accounts. Any person, attorney, or claimant

1   allegedly aggrieved by an assessment pursuant to this Order shall seek recourse as against the

2   Accounts only, provided, however, that notice and an opportunity to be heard shall be given to

3   both the Defendants and the PSC.

4        46.    This Order shall in no way be read to affect or otherwise encumber any Defendants'

5   obligation to pay attorneys' fees and costs pursuant to fee-shifting statutes, if any, that may apply

6   in this case.

7        **D.**     **Other Rights**

8        47.    Nothing in this Order is intended to impair the attorney/client relationship or any

9   contingency fee contract deemed lawful by the attorneys' respective bar rules and/or state court

10   nor otherwise interfere with public entities' rights to, and exercise of, control in their respective

11   cases.

12   **VIII.**  **COMMON BENEFIT WORK**

13        **A.**    **Qualified Common Benefit Work Eligible for Reimbursement**

14        48.    Pursuant to PTO 12, only Participating Counsel are eligible for reimbursement for

15   time and efforts expended for the Common Benefit. Participating Counsel shall be eligible to seek

16   reimbursement for time and efforts expended for Common Benefit Work if said time and efforts

17   are:

18                a.     for the common benefit;

19                b.     appropriately authorized;

20                c.     timely and appropriately submitted; and

21                d.     reasonable.

22        49.    All submissions and applications for common benefit fees and/or costs must

23   comply with the procedures, requirements, and guidelines of PTO 12. This Court retains the

24   discretion to amend or supplement PTO 12, and this Order, as necessary and appropriate to reflect

25   ongoing developments in the litigation.

26        50.    Time spent on unauthorized work will not be compensable.

27        51.    Duplicative work may not be approved for compensation.

28

52.     The provisions of PTO 12, § II(A) are incorporated herein as if set forth in their entirety.

**B.     Common Benefit Timekeeping Protocols**

53.     The provisions of PTO 12, Section II(B) are incorporated herein as if set forth in their entirety.

## IX.     COMMON BENEFIT EXPENSES

**A.     Qualified Common Benefit Expenses Eligible for Reimbursement**

54.     In order to be eligible for reimbursement, expenses ("Common Benefit Expenses") must meet the requirements set forth in PTO 12, § II(C), which are incorporated herein as if set forth in their entirety. Said expenses must be for the common benefit of Plaintiffs in this MDL as a whole and must be approved by Co-Lead Counsel prior to payment.

**B.     Shared Costs Defined**

55.     The provisions of PTO 12, § II(C)(1) are incorporated herein as if set forth in their entirety.

**C.     Held Costs Defined**

56.     The provisions of PTO 12, §§ II(C)(2)-(4) are incorporated herein as if set forth in their entirety.

**D.     Common Benefit Submission of Time and Expense Protocols**

57.     The provisions of PTO 12, § II(D) are incorporated herein as if set forth in their entirety.

## X.     FURTHER PROCEEDINGS AND CONTINUING JURISDICTION

58.     This Order is without prejudice to such other assessments or awards of fees and costs as may be ordered by this Court under Federal Rule of Civil Procedure 23(h) or any analogous state court procedural rules, the common benefit doctrine, or that may be provided by contract between the parties to a group or global settlement, provided that any order or agreement that would alter the common benefit obligations set forth herein is also subject to the approval of this Court.

59.     The intent of this Order is to establish, secure, and supervise a fund to promote the purposes and policies of the common benefit doctrine and provide a source for equitable payment of services rendered and costs incurred for the benefit of plaintiffs.

60.     Any disputes or requests for relief from or modification of this Order will be decided by the Court in the exercise of its continuing jurisdiction over the parties, and authority and discretion under the common benefit doctrine. The terms of this Order are subject to reevaluation upon a showing of good cause at the conclusion of the MDL (or a significant portion of it).

**IT IS SO ORDERED.**

October 16, 2024



Hon. Charles R. Breyer
United State District

# EXHIBIT 1

1

2

3

4

5

6

7

8                              UNITED STATES DISTRICT COURT

9                             NORTHERN DISTRICT OF CALIFORNIA

10

11
        IN RE: UBER TECHNOLOGIS, INC.              MDL No. 3084 CRB
12      PASSENGER SEXUAL ASSAULT
        LITIGATION
13

14      _____

        This Document Relates to:
15
        ALL ACTIONS
16

17              **MDL 3084 COMMON BENEFIT PARTICIPATION AGREEMENT**

18              **THIS AGREEMENT** is made this _____ day of _____, 20__, by and between

19      the Plaintiffs' Co-Lead Counsel and Plaintiffs' Steering Committee ("PSC") appointed by the

20      United States District Court for the Northern District of California in MDL 3084 and

21      _____ **[Name of the Attorney and their Law Firm**

22      **Executing the Agreement on behalf of themselves and their Law Firm]** (the "Participating

23      Counsel").

24              **WHEREAS**, the United States District Court for the Northern District of California

25      (MDL 3084) has appointed Plaintiffs' Co-Lead Counsel and PSC (collectively, "PSC") to

26      facilitate the conduct of pretrial proceedings in the federal actions relating to sexual

27      assault/misconduct claims by passengers against the Uber Defendants.

28              **WHEREAS**, the PSC in association with other attorneys working for the common benefit

Exhibit 1 – PTO-18
23-MD-03084-CRB

of plaintiffs have developed and are in the process of further developing work product and a record that will be valuable in all proceedings and benefit all plaintiffs filing cases, making claims, or seeking remedies against Uber ("Common Benefit Work Product");

**WHEREAS**, Participating Counsel want to acquire the Common Benefit Work Product and establish a framework for an amicable, working relationship with the PSC for the mutual benefit of their clients, and for those attorneys who perform work authorized, audited, and approved as common benefit to seek common benefit compensation;

**NOW THEREFORE**, in consideration of the covenants and promises contained herein, and intending to be legally bound hereby, the parties agree as follows:

## XI.    SCOPE OF AGREEMENT

### A.    Purpose

1.      This Participation Agreement is a private cooperative agreement between plaintiffs' attorneys to share Common Benefit Work Product with regard to all injuries and damages arising from claims related to passenger sexual assault/misconduct claims against the Uber Defendants by Participating Counsel, pursuant to Pretrial Order No. 18: Establishing A Common Benefit Fee and Expense Fund ("PTO 18"), or any amendment. Plaintiffs' attorneys who execute this Participation Agreement are entitled to receive the Common Benefit Work Product created by those attorneys who have also executed or have been deemed to have executed the Participation Agreement.

2.      The intent of this Participation Agreement is to establish, secure, and supervise a fund to promote the purposes and policies of the common benefit doctrine and provide a source for equitable payment of services rendered and costs incurred for the benefit of plaintiffs.

3.      There is no need for an attorney who already has a case filed in or transferred to this Court or who represents a plaintiff or claimant in any MDL proceeding to sign the Participation Agreement, because they are automatically subject to PTO 18, PTO 12, and any amendments, with regard to all cases in which they have a fee interest, regardless of whether any of their other cases are filed in other jurisdictions, or not yet filed.

Exhibit 1 – PTO-18
23-MD-03084-CRB

**B.**     **Rights and Obligations of Participating Counsel**

4.      Participating Counsel who execute the Participation Agreement shall be entitled to access to the Common Benefit Work Product for use in all of the cases or claims of their clients, whether the case or claim has been filed or not, and, if filed, for use in any court in which it was filed even if not filed in this MDL, and for use of non-filed claims, including any for which a tolling agreement exists. All claims or cases of a counsel who has executed the Participation Agreement shall be assessed whether the claim or case has or had not been filed, and all claims or cases in which a counsel who has executed the Participation Agreement has a fee interest shall be assessed.

5.      Co-Lead Counsel may periodically request that attorneys who are subject to the assessment provide a list of all cases filed, regardless of jurisdiction, and a list of all claims of clients represented or in which they have a fee interest whether the case is filed or not or on a tolling agreement or not, to facilitate the PSC's ability to keep track of all cases and claims that are subject to the assessment. All counsel with cases filed in or transferred to this Court, and those who sign the Participation Agreement, must comply with such a request within 30 days of the request.

**XII.     AGREEMENT TO PAY AN ASSESSMENT ON GROSS RECOVERY**

**A.**     **Assessment Amount**

6.      For Participating Counsel, the assessment shall be 9% (7% for fees, 2% for costs). The 7% fee assessment is payable from the attorneys' fee portions of the "Gross Monetary Recovery," defined below (the 2% costs assessment may come from the client's portion).

**B.**     **Gross Monetary Recovery**

7.      Subject to the terms of this Participation Agreement and the terms of PTO 18, PTO 12, and any amendments, all Plaintiffs and their attorneys who either agree or have agreed to settle, compromise, dismiss, or reduce the amount of a claim (a "Settlement") or, with or without trial, recover a judgment for monetary damages or other monetary relief, including compensatory, statutory, and/or punitive damages (a "Judgment"), with respect to claims involving Uber passengers being sexually assaulted or subject to sexual misconduct, including but not limited to

Exhibit 1 – PTO-18
23-MD-03084-CRB

all claims alleged in the Master Long-Form Complaint (ECF No. 269), and including such claims against Uber Technologies, Inc., any of its affiliates, and any third-party involved with procuring or providing Uber rides, are subject to an assessment of the Gross Monetary Recovery.

8.     The Gross Monetary Recovery: (a) Excludes court costs that are to be paid by Defendant(s); and (b) Includes the present value of any fixed and certain payments to be made in the future, such as those that come about as a result of a structured settlement of a claim.

## C.     <u>Covered Claims or Cases</u>

9.     Counsel who sign (or who are deemed to have signed) this Participation Agreement agree that the assessment shall apply to all unfiled claims or cases, tolled (if applicable) claims or cases, and claims or cases filed in other courts in which they have any fee interest. Covered claims or cases include all claims involving Uber passengers being sexually assaulted or subject to sexual misconduct, including but not limited to all claims alleged in the Master Long-Form Complaint (ECF No. 269), and including such claims against Uber Technologies, Inc., any of its affiliates, and any third-party involved with procuring or providing Uber rides.

## D.     <u>Administration of the Fee and Expense Accounts</u>

10.    No disbursement shall be made from the Accounts other than by Order of the Court pursuant to a petition requesting an award of fees and reimbursement of expenses (a "Petition"). No Petition shall be filed without leave of Court. No person or entity has any right to make any claim against any of the amounts held in the Accounts except to the extent the Court issues an Order directing the disbursement of any amounts to such a person or entity. The rights of any such person or entity are limited to the amount ordered by the Court to be so disbursed to that particular person or entity. The Leadership Groups (as defined in PTO 18) may convene a common benefit fees and costs committee, or utilize another appropriate mechanism, to make recommendations to the Court for the award of common benefit fees and costs. Any and all such awards require Court approval on noticed motions.

11.    The amounts held in the Accounts shall not constitute the separate property of any person or entity or be subject to garnishment or attachment for the debts of any person or entity.

Exhibit 1 – PTO-18
23-MD-03084-CRB

However, any specific amounts ordered by the Court to be disbursed to a person or entity, upon the entry of such an Order, can then be subject to garnishment or attachment, limited to the amount of the disbursement so ordered. These limitations do not preclude a person or entity from transferring, assigning, or creating a security interest in potential disbursements from the Accounts to which such person or entity may be entitled as determined by the Court, if permitted by applicable state laws and if subject to the conditions and contingencies of this Order. However, no notice of lien or security interest in potential disbursements or of a transfer or assignment of a right of potential disbursements shall be effective unless and until it is filed in this Court and served upon the Administrator.

**E.**   **Attorney Fee Lien**

12.   With respect to each client who they represent in connection with related claims or cases that are filed or pending in any court, unfiled or subject to a tolling agreement, consistent with PTO 18, each Participating Counsel agrees to have Defendants deposit or cause to be deposited into the Accounts a percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount.

13.   In the event Defendants do not deposit such funds into the Accounts, Plaintiffs and Plaintiffs' Participating Counsel are required to so inform Plaintiffs' Co-Lead Counsel, and shall deposit or cause to be deposited in the Accounts the percentage proportion of the gross amount recovered by each such client that is equal to the assessment amount.

14.   Participating Counsel, on behalf of themselves, their affiliated counsel, and their clients, hereby grant the PSC a lien upon and a security interest in any fee generated as a result of any recovery by any client who they represent in covered claim or case, to the full extent permitted by law, in order to secure payment in accordance with the provisions of this Participation Agreement.

15.   Participating Counsel will undertake all actions and execute all documents that are reasonably necessary to effectuate and perfect this lien and/or security interest.

**F.**     **No Individual Rights to the Funds**

16.     No party or attorney has any individual right to any of the funds from the assessment except to the extent of amounts directed to be disbursed to such person by Order of this Court. These funds will not constitute the property of any party or attorney or be subject to garnishment or attachment for the debts of any party or attorney except when and as directed to be disbursed as provided by court order to a specific person.

**G.**     **Court Approval**

17.     The amounts deposited in the Accounts shall be available for distribution only to attorneys who have performed professional services or incurred expenses for the common benefit. The MDL Court retains jurisdiction over the common benefit award. Each Participating Counsel who does authorized common benefit work has the right to present their claim(s) for compensation prior to any recommendation to the Court.

**XIII.   COMMON BENEFIT WORK**

**A.**     **Qualified Common Benefit Work Eligible for Reimbursement**

18.     Pursuant to PTO 12, only Participating Counsel are eligible for reimbursement for time and efforts expended for the Common Benefit. Participating Counsel shall be eligible to seek reimbursement for time and efforts expended for Common Benefit Work if said time and efforts are:

a.     for the common benefit;

b.     appropriately authorized;

c.     timely and appropriately submitted; and

d.     reasonable.

19.     All submissions and applications for common benefit fees and/or costs must comply with the procedures, requirements, and guidelines of PTO 12. This Court retains the discretion to amend or supplement PTO 12, and this Order, as necessary and appropriate to reflect ongoing developments in the litigation.

20.     Time spent on unauthorized work will not be compensable.

21.     Duplicative work may not be approved for compensation.

Exhibit 1 – PTO-18
23-MD-03084-CRB

22.     The provisions of PTO 12, § II(A) are incorporated herein as if set forth in their entirety.

    **B.**     **Common-Benefit Time Keeping Protocols**

23.     The provisions of PTO 12, Section II(B) are incorporated herein as if set forth in their entirety.

## XIV.   COMMON BENEFIT EXPENSES

    **A.**     **Qualified Common Benefit Expenses Eligible for Reimbursement**

24.     In order to be eligible for reimbursement, expenses ("Common Benefit Expenses") must meet the requirements set forth in PTO 12, § II(C), which are incorporated herein as if set forth in their entirety. Said expenses must be for the common benefit of Plaintiffs in this MDL as a whole and must be approved by Lead Counsel prior to payment.

    **B.**     **Shared Costs Defined**

25.     The provisions of PTO 12, § II(C)(1) are incorporated herein as if set forth in their entirety.

    **C.**     **Held Costs Defined**

26.     The provisions of PTO 12, §§ II(C)(2)-(4) are incorporated herein as if set forth in their entirety.

    **D.**     **Common Benefit Submission of Time and Expense Protocols**

27.     The provisions of PTO 12, § II(D) are incorporated herein as if set forth in their entirety.

## XV.   FURTHER PROCEEDINGS AND CONTINUING JURISDICTION

28.     PTO 18 is without prejudice to such other assessments or awards of fees and costs as may be ordered by this Court under Federal Rule of Civil Procedure 23(h) or any analogous state court procedural rules, the common benefit doctrine, or that may be provided by contract between the parties to a group or global settlement, provided that any order or agreement that would alter the common benefit obligations set forth herein is also subject to the approval of this Court.

29.     If all parties to a future settlement agree that exceptional circumstances warrant a departure from the holdback obligations, or other provisions of this Order, they shall submit affidavits thereon and request appropriate relief from the Court.

30.     Any disputes or requests for relief from or modification of PTO 18 will be decided by the Court in the exercise of its continuing jurisdiction over the parties, and authority and discretion under the common benefit doctrine.

---

**AGREEMENT TO BE BOUND**

Dated: _____, 2024              _____

                                        **Attorney's Name:**

_____        _____

                                        **Firm Name**

I hereby agree to be a **Participating Counsel** and certify that I am signing this Participation Agreement voluntarily. I also certify that I have the authority and power to bind my law firm into this Participation Agreement.

**ON BEHALF OF THE PLAINTIFFS' STEERING COMMITTEE:**

Dated: _____, 2024              _____

                                        Sarah R. London

                                        _____

                                        Roopal P. Luhana

                                        _____

                                        Rachel B. Abrams

                                        *Plaintiffs' Co-Lead Counsel*

---