*Submitting counsel on signature page*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB <br><br> **JOINT STATUS REPORT RE: SUBPOENA TO LYFT** |
| This Document Relates to: <br><br> All Cases | Judge: Hon. Lisa J. Cisneros |

The Parties and third-party Lyft, Inc. submit this joint status report regarding the subpoena to Lyft, consistent with the Court's discovery-management order (ECF 1732).  As reflected in the Parties' October 14, 2024 joint status report (ECF 1744), the Parties agreed on 55 custodians, including Jenny Luu and Susan Muehrke.  Plaintiffs understand that Ms. Luu and Ms. Muehrke are the key Uber personnel with responsibility for the Industry Sharing Safety Program (ISSP). On October 15, the Parties and Lyft conferred regarding Plaintiffs' subpoena.  The Parties and Lyft reached an agreement, in part, as to *how* Lyft will collect documents for production:

> Lyft will agree to collect documents from up to two custodians who had primary responsibility for communicating with Uber about the development of the ISSP.  Lyft will produce their communications with Uber, as well as their communications with regulators about the ISSP, insofar as they had such communications located after a reasonable search without undue burden.

The Parties and Lyft otherwise provide the following status update.

I.     **Plaintiffs' Position**

Lyft stated that its production should not occur until Uber fully produces Ms. Luu's and Ms. Muehrke's custodial files and the productions are compared to Lyft's production, with Lyft filling in anything not produced by Uber. This creates unreasonable hurdles and will cause extensive delays to both document productions and depositions. A phased approach to production is not required, nor that it is workable as a practical matter. First, "Rule 45 does not require that a requesting party exhaust party discovery before seeking discovery from a nonparty." [ECF 695 at 5.] This is true even if some of the documents at issue may be in the defendant's possession. [*Id.*]  The court made this ruling in the context of the subpoena to Lyft specifically, [*id.*] and it should stand. Lyft should not be permitted a third bite at the apple. Lyft's phased approach is beset with practical problems and would require Plaintiffs to send Lyft a summary of  every document produced by Uber from Ms. Luu and Ms. Muehrke's custodial files. There is simply no way for Plaintiffs to know what Lyft has that Uber does not, even after receiving Uber's documents. Even if Plaintiffs provide Lyft with date ranges for which certain documents were produced, this does not mean that during that timeframe, Uber produced every document that Lyft would have during that same period. Lyft's proposal is not required under

any case or rules. These documents will presumably be designated as confidential by Uber and will not be able to be shared with Lyft. Finally, communications between Lyft and regulators would never have been in Uber's possession, such that waiting for Uber custodial productions to produce those documents is unnecessary. Plaintiffs therefore propose a 60-day deadline for Lyft to make its production. Costs should be borne by Lyft or Defendants.

## II.     Lyft's Position

Plaintiffs misunderstand and misstate Lyft's proposal.  Recognizing that Plaintiffs are obtaining from Uber communications between Uber and Lyft about the Industry Sharing Safety Program, and given Lyft's third-party status, Lyft suggested the most-efficient approach was for Uber to produce Luu's and Muehrke's documents, for Plaintiffs to review them, and then for Plaintiffs and Lyft to confer about any gaps in Uber's production so that Lyft could conduct a targeted collection, thereby reducing burden on the non-party.  Plaintiffs suggest this is unworkable, including because they imagine it will entail "send[ing] Lyft a summary of every document produced by Uber from Ms. Luu and Ms. Muehrke's custodial files."  Not so (and Lyft explained as much in correspondence with Plaintiffs).  For example, Plaintiffs' review of Luu's and Muehrke's documents may show a complete record of communications between Lyft and Uber during one period, but not during another, leading the parties to agree to focus Lyft's collection.  This does not require "a summary of every document produced," and the phased is tailored to minimize unnecessary expense and burden on Lyft—as the Federal Rules require.  The scope of Plaintiffs' demands to Lyft (ISSP communications with Uber and Lyft) counsel in favor of sequencing Lyft's collection after Uber's, so Lyft (and Plaintiffs) have a better understanding of what would be a non-duplicative scope of production.  Given, however, that Plaintiffs insist Lyft should collect, review, and produce documents at the same time as Uber (thereby likely duplicating Uber's production, at least in part), Lyft believes it appropriate for the Parties to bear the costs of Lyft's document work.

Separately, Plaintiffs say "a 60-day deadline for Lyft to make its production" is appropriate. Although this is more reasonable than the 30-day deadline Plaintiffs pushed in earlier drafts of this report, given that Lyft has not collected the potentially-responsive documents and thus does not know what burden of review will look like, setting a firm deadline for completing production now is

1  unnecessary. Lyft is happy to work with Plaintiffs on a reasonable schedule for providing documents,
2  consistent with the Court's direction on sequencing of Lyft's production.

3  **III.    Uber's Position**

4  Defendants do not object to Lyft's proposal of a phased process, beginning with party
5  discovery, as that would reduce unnecessary and duplicative burdens on Lyft, a non-party, as required
6  by Rules 26 and 45. Defendants believe that any costs assessed by the Court for Lyft's production
7  should be borne by Plaintiffs, not Defendants. The dispute as to Lyft began with an egregiously
8  overbroad subpoena that made no attempt to limit the burden on a non-party as required by the Federal
9  Rules. *See* ECF 609. Plaintiffs only superficially narrowed their subpoena, *see* ECF 609, 634, before
10 this Court substantially narrowed it, rejecting their "broadly worded, catch-all requests" and
11 permitting only discovery related to the Industry-Safety Sharing Program (ISSP). *See* ECF 695, pp.5-
12 9. Lyft has raised with the Court issues related to the burden of the ISSP discovery, and Plaintiffs
13 have continued to push for a burdensome review and production process. *See* ECF 774. Meanwhile,
14 Plaintiffs refused Uber's two proposed custodians who were the key contacts related to the ISSP,
15 suggesting ISSP discovery was not a priority for Plaintiffs, yet they were unconcerned with burdening
16 Lyft with producing such discovery. It was only once this Court ordered that those two individuals
17 be included as custodians, unless Plaintiffs agreed to withdraw their Lyft subpoena, that Plaintiffs
18 agreed to do so. *See* ECF 1530, 1698, pp.27-28. If any costs are assessed for Lyft's compliance, they
19 should be assessed against Plaintiffs.

| | |
|---|---|
| Dated: October 16, 2024 | Respectfully submitted, |
| By: */s/Marlene Goldenberg* | By: */s/ Michael Shortnacy* |
| **NIGH GOLDENBERG RASO & VAUGHN PLLC** | MICHAEL B. SHORTNACY (SBN: 277035) |
| Marlene Goldenberg (*Pro Hac Vice*) | mshortnacy@shb.com |
| Samantha Hoefs (*Pro Hac Vice*) | **SHOOK, HARDY & BACON, L.L.P.** |
| 14 Ridge Square NW, Third Floor | 2049 Century Park East, Suite 3000 |
| Washington, DC 20016 | Los Angeles, CA 90067 |
| Telephone: (612) 445-0202 | Telephone: (424) 285-8330 |
| mgoldenberg@nighgoldenberg.com | Facsimile: (424) 204-9093 |
| shoefs@nighgoldenberg.com | |
| | PATRICK OOT (*Pro Hac Vice*) |
| ROOPAL P. LUHANA (*Pro Hac Vice*) | oot@shb.com |
| **CHAFFIN LUHANA LLP** | **SHOOK, HARDY & BACON, L.L.P.** |
| 600 Third Avenue, Fl. 12 | 1800 K Street NW, Suite 1000 |
| New York, NY 10016 | Washington, DC 20006 |
| Telephone: (888) 480-1123 | Telephone: (202) 783-8400 |
| Email: luhana@chaffinluhana.com | Facsimile: (202) 783-4211 |
| SARAH R. LONDON (SBN 267083) | RANDALL S. LUSKEY (SBN: 240915) |
| **LIEFF CABRASER HEIMANN & BERNSTEIN** | rluskey@paulweiss.com |
| 275 Battery Street, Fl. 29 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| San Francisco, CA 94111 | 535 Mission Street, 24th Floor |
| Telephone: (415) 956-1000 | San Francisco CA 94105 |
| Email: slondon@lchb.com | Telephone: (6280 432-5100 |
| | Facsimile: (628) 232-3101 |
| | ROBERT ATKINS (*Pro Hac Vice*) |
| | ratkins@paulweiss.com |
| RACHEL B. ABRAMS (SBN 209316) | CAITLIN E. GRUSAUSKAS (*Pro Hac Vice*) |
| **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** | cgrusauskas@paulweiss.com |
| 555 Montgomery Street, Suite 820 | ANDREA M. KELLER (*Pro Hac Vice*) |
| San Francisco, CA 94111 | akeller@paulweiss.com |
| Telephone: (415) 426-5641 | |
| Email: rabrams@peifferwolf.com | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| | 1285 Avenue of the Americas |
| *Counsel for Plaintiffs* | New York, NY 10019 |
| | Telephone: (212) 373-3000 |
| | Facsimile: (212) 757-3990 |
| | |
| | *Counsel for Defendants* |
| | |
| | /s/ David Riskin |
| | David Randall J. Riskin (*pro hac vice*) |
| | **WILLIAMS & CONNOLLY LLP** |
| | 680 Maine Avenue, S.W. |
| | Washington, DC 20024 |
| | Tel: (202) 434-5000 |
| | Email: driskin@wc.com |
| | |
| | *Attorneys for Lyft, Inc.* |