UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING SUBPOENA TO LYFT**<br><br>Re: Dkt. No. 1760 |

The parties have filed a status report (Dkt. No. 1760) indicating that they have resolved in large part their dispute regarding Plaintiffs' subpoena to Lyft. Under the terms of the parties' agreement:

> Lyft will agree to collect documents from up to two custodians who had primary responsibility for communicating with Uber about the development of the ISSP. Lyft will produce their communications with Uber, as well as their communications with regulators about the ISSP, insofar as they had such communications located after a reasonable search without undue burden.

Dkt. No. 1760 at 2.

Two issues remain in dispute: (1) whether Lyft's production should be stayed until Uber has produced related documents and Plaintiffs have identified any gaps in that production, so that Lyft's production could be limited to filling those gaps; and (2) whether Lyft's costs of compliance should be shifted to one or both of the parties.

On the first issue, the Court declines to stay Lyft's production. It is not clear how Plaintiffs could be expected to identify relevant documents missing from Uber's production in any comprehensive way. Even if such gaps could be identified, tailoring Lyft's production to fill those gaps would likely require greater resources to review and identify responsive documents than producing, for example, all communications that Lyft's two custodians had with Uber—as

1   contemplated in the parties' agreement.  Such a process would also introduce significant further

2   delay.  The Court finds that Plaintiffs' proposed deadline of sixty days for Lyft to produce

3   documents is reasonable, *see* Dkt. No. 1760 at 3, and ORDERS Lyft to produce documents in

4   accordance with this Order and the parties' agreement no later than December 17, 2024.[1]

5         The Court finds the question of shifting compliance costs to be premature.  The Ninth

6   Circuit has held "that Rule 45(d)(2)(B)(ii) requires the district court to shift a non-party's costs of

7   compliance with a subpoena, if those costs are significant," at least where the subpoena has been

8   enforced over the non-party's objection.  *Legal Voice v. Stormans Inc.*, 738 F.3d 1178, 1184 (9th

9   Cir. 2013).  In *Legal Voice*, the Ninth Circuit reversed a district court order that declined to shift

10  costs where a respondent failed to show that compliance with a subpoena imposed an "undue

11  burden."  *Id.* at 1184–85.  According the Ninth Circuit, "the only question before the court in

12  considering whether to shift costs is whether the subpoena imposes significant expense on the

13  non-party."  *Id.*; *see also Gamefam, Inc. v. WowWee Grp. Ltd.*, No. 23-mc-80310-SI, 2024 WL

14  1181001, at *5–10 (N.D. Cal. Mar. 18, 2024) (addressing whether several categories of attorneys'

15  fees and other costs were recoverable as costs of compliance).

16        Courts generally defer that question, however, until after compliance has been completed

17  and the costs of compliance are known.  *E.g.*, *Guardant Health, Inc. v. Pers. Genome Diagnostics,*

18  *Inc.*, No. 19-mc-80131-SVK, 2019 WL 13243011, at *5 (N.D. Cal. July 22, 2019) ("While some

19  level of cost shifting is appropriate under these circumstances, the Court will need additional,

20  specific information before it can evaluate such a request."); *United States v. McGraw-Hill Cos.,*

21  *Inc.*, 302 F.R.D. 532, 537 (C.D. Cal. 2014).  Accordingly, while at least some degree of cost-

22  shifting from Lyft to Plaintiffs may be appropriate, the Court declines to resolve that issue at this

23  time, without prejudice to the parties filing a joint letter in accordance with Pretrial Order No. 8 no

24  later than fourteen days after Lyft completes its production.  "To perhaps underscore the obvious,

---

[1] Although Uber has conducted privilege reviews of other third parties' subpoena productions, it seems unlikely that Uber could claim any privilege over documents in the possession of Lyft, which is one of Uber's primary competitors.  If, however, Uber believes a privilege review is appropriate, the parties shall meet and confer and file either a stipulation or joint letter addressing that issue no later than October 25, 2024.

2

it behooves [all involved] to reach an agreement on their own, bearing in mind the mandate of Rule 45 and *Legal Voice* and the non-parties' burden to demonstrate that the costs are reasonable and 'resulted from compliance' with the Court's order." *McGraw-Hill*, 302 F.R.D. at 537.

In the Court's view, this Order resolves all issues of Plaintiffs' subpoena to Lyft, except for questions of cost shifting and a potential privilege review by Uber that may be raised later as set forth above. If the parties believe that any other issues related to this subpoena remain unresolved, they may file a joint letter in accordance with Pretrial Order No. 8 no later than October 25, 2024.

**IT IS SO ORDERED.**

Dated: October 18, 2024

LISA J. CISNEROS
United States Magistrate Judge

3