

October 25, 2024

**VIA ECF**
Magistrate Judge Lisa J. Cisneros
San Francisco Courthouse
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-03084
       Third-Party Subpoena to Lyft, Inc.

Dear Judge Cisneros,

Plaintiffs, Defendants Uber Technologies Inc. and Rasier, LLC, and third party Lyft, Inc., submit this joint letter regarding final disputes concerning Plaintiffs' third-party subpoena to Lyft pursuant to the Court's October 18, 2024 Order. [ECF 1776.]

### I.      Plaintiffs' Position

Lyft agreed, and the Court ordered it to produce, up to two custodians with "primary responsibility for communicating with Uber about the development of the ISSP [Industry Sharing Safety Program]." [ECF 1760, 1776.] In accordance with standard practice, Plaintiffs have requested since October 15, that Lyft identify the names, job titles, and dates of employment of its proposed custodians so that Plaintiffs could evaluate whether the proposed custodians were, in fact, persons with "primary responsibility" and not persons with little (or no) connection to the ISSP. Lyft has declined to provide this information. Instead, Plaintiffs understand that Lyft intends to unilaterally select its custodians *after* the deadline for presentation of final disputes involving the Lyft subpoena, at which point Plaintiffs will have no opportunity to challenge the appropriateness of Lyft's selected custodians. Under these circumstances, Lyft could select employees who had only a tangential connection to the ISSP—or none at all—and Plaintiffs could say nothing about it. Plaintiffs' request is a simple one: that Lyft be required to provide the names, titles, and dates of employment of its proposed custodians to Plaintiffs within one week of this submission and meet and confer with Plaintiffs if there is disagreement about their adequacy.

In addition, Uber suggests that it must be able to review Lyft's document production for privilege. But Plaintiffs see no path to a viable privilege claim when the documents being produced are (1) its communications with a *competitor*; or (2) its *competitor's* communications with regulators. To the extent attorneys were involved in any of these communications, Uber would have waived any privilege by sending the documents to Lyft in the first place. It is well-established that disclosure of documents or communications to a third-party waives any privilege that would have existed (were there any). *See*, *e.g.*, *U.S. v. Ruehle*, 583 F.3d 600, 612 (9th Cir. 2009); *Optronic Techs., Inc. v. Ningbo Sunny Elec. Co. Ltd.*,

Nigh Goldenberg Raso & Vaughn, PLLC    T: (202) 792-7927         Washington D.C.
14 Ridge Square NW | Third Floor       D: (612) 424-9900          Kansas
Washington, D.C                        F: (202) 792-7927          Florida
20016                                  nighgoldenberg.com         Minnesota



at *2. (N.D. Cal. 2018). Lyft is, definitionally, a third party. Simply put, there *is no privilege here*. Privilege review is unnecessary in the first instance and would create unnecessary work for Plaintiffs to challenge documents improperly withheld on a document by document basis.

II.   Lyft's Position

Plaintiffs are manufacturing "disputes" where none exists (unnecessarily running up Lyft's costs)—and impugning the integrity of Lyft and its counsel while doing so.  Plaintiffs demand Lyft identify the "names, titles, and dates of employment of its proposed custodians" within a week.  (This follows on the heels of a demand that Lyft do so within a day, and then within a few days, of emails received from Plaintiffs.)  As Lyft has explained, it is continuing to assess the appropriate custodian or two, but it has not finished its analysis.  And given the obligations of Lyft and its counsel, a demand that Lyft finish that work in a week is unwarranted.  Lyft will meet the Court's December 17, 2024 production deadline, and it will be happy to disclose its custodians in advance—notwithstanding the fact, as the Court has recognized, that Lyft is in the best position to select the appropriate custodians.

The premise of Plaintiffs' demand is that in choosing the appropriate custodian or two to comply with the Court's subpoena order, Lyft "could select employees who had only a tangential connection to the ISSP—or none at all."  This presupposes Lyft has no intention of complying with the Court's order, and that neither Lyft nor its counsel takes its obligations seriously.  Nothing more than "not so" needs to be said, save for a request that Plaintiffs avoid *ad hominem* canards going forward.

Lyft understands the Court has observed that communications between Uber and third parties may retain privilege—and the Plaintiffs' suggestion to the contrary is legally wrong.  The same is true as between Uber and Lyft, insofar as they have a shared interest.  In the end, though, Plaintiffs' privilege comments are premature, and Lyft's production, including any privilege review and resulting log, will be complete by December 17, as the Court ordered.

III.   Uber's Position

Plaintiffs' bright line averments regarding privilege contradict statements made by this Court: "there might be multiple different ways in which a third party was engaged, and some of which might be privileged" (Oct. 23, 2024 Tr. at 29:7-8). Nevertheless, to the extent Uber may need to conduct a privilege review of ISSP related documents, it will do so in a manner such that Lyft can comply with the Court's December 17 deadline.

Dated: October 16, 2024                                     Respectfully submitted,

By: */s/Marlene Goldenberg*                                 By: */s/ Michael B Shortnacy*
**NIGH GOLDENBERG RASO & VAUGHN**                           MICHAEL B. SHORTNACY (SBN: 277035)
**PLLC**                                                    mshortnacy@shb.com

Nigh Goldenberg Raso & Vaughn, PLLC      T: (202) 792-7927         Washington D.C.
14 Ridge Square NW | Third Floor         D: (612) 424-9900         Kansas
Washington, D.C                          F: (202) 792-7927         Florida
20016                                    nighgoldenberg.com        Minnesota

**NGRV NIGH GOLDENBERG RASO & VAUGHN**

Marlene Goldenberg (*Pro Hac Vice)*
Samantha Hoefs (*Pro Hac Vice*)
14 Ridge Square NW, Third Floor
Washington, DC 20016
Telephone: (612) 445-0202
mgoldenberg@nighgoldenberg.com
shoefs@nighgoldenberg.com

**SHOOK, HARDY & BACON, L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco CA 94105
Telephone: (6280 432-5100
Facsimile:  (628) 232-3101
ROBERT ATKINS (*Pro Hac Vice*)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice*)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice*)
akeller@paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Counsel for Defendants*

/s/ David Riskin
David Randall J. Riskin (*pro hac vice*)
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, S.W.
Washington, DC 20024
Tel: (202) 434-5000
Email: driskin@wc.com

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: **(612) 424-9900**
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota



*Attorneys for Lyft, Inc.*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: **(612) 424-9900**
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota