# EXHIBIT A



Rachel Abrams | Partner

📍 555 Montgomery Street, Suite 820, San Francisco, CA 94111
📞 415-426-5641    📄 415-840-9435    ✉ rabrams@peifferwolf.com

September 16, 2024

***VIA E-MAIL***

Louis Murray
Paul, Wess, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-2749
lmurray@paulweiss.com

  Re: **Plaintiff Fact Sheet Requirements**

Dear Counsel,

  During our August 7, 2024 Plaintiff Fact Sheet ("PFS") meet and confer discussion, we identified several global issues that the parties agreed may require the Court's guidance. Plaintiffs sent a letter on August 22, 2024 in an effort to narrow the issues prior to the August 29, 2024 Case Management Conference ("CMC"). That letter clearly outlined MDL Leadership's general position on the alleged deficiencies identified by Uber and global issues to be addressed. On August 28, 2024, you sent a letter in response, reiterating Uber's various positions on the issues.

  Plaintiffs believe that headway can be made in addressing some of the identified global issues. However, Plaintiffs are of the opinion that certain issues, outlined below, will likely need to be addressed by the Court in order to effectively move forward with PFS productions.

**(1) Verifying Amended Answers to the PFS' Questions**

  On August 7, 2024 and again on August 22, 2024, Plaintiffs stated that they are not required to execute new verifications for amendments to PFS. On August 28, 2024, you responded that such position is in alleged violation of the Federal Rules of Civil Procedure.

  PTO 10 states that the "**effect** of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses, and where documents are requested, as responses to requests for production under the Federal Rules of Civil Procedure, and these responses will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure." (emphasis added)

Peiffer Wolf Main Office
1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545

Cleveland
(216) 589-9280

San Francisco
(415) 766-3544

St. Louis
(314) 669-3600

New York
(585) 310-5140

Chicago
(312) 374-8261

First, the "effect" of a party's response to questions contained in a PFS or DFS, when governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure ("FRCP"), has been interpreted to differ from the "procedure" attached to such responses. The responses in a PFS or DFS are considered to be admissions and are admissible as such. They are used along with other evidence to determine if there is a genuine issue of fact regarding a party's claims.[1]  In comparison, the procedures attached to responses, such as those outlined in the FRCP for interrogatories, primarily focus on how responses should be provided. FRCP 26 and 33 concern the method of responding rather than the direct effect of the response on the case's outcome.[2] Moreover, unless specifically stated by a rule, statute, or court order, the FRCP do not generally require a new verification along with any amended answer to a PFS or DFS, here considered as having the same effect as an interrogatory response.[3] FRCP 26(e) provides that a party is under the obligation to supplement or correct a disclosure or response to an interrogatory, request for production, or request for admission in a timely manner if the party learns that the disclosure or response is incomplete or incorrect. Neither FRCP 26(e) nor PTO 10 impose a specific obligation onto the parties to provide an updated verification with every new or missing information provided in response to the Plaintiff or Defendant Fact Sheets.

Secondly, Uber has produced over 350 DFS's pursuant to PTO 10. None of the DFS supplements produced by Uber have been accompanied by an updated verification. Uber has not only amended or supplemented its responses without providing new verifications, but it has also failed to provide any specification as to what information was supplemented, modified, or amended in its DFS supplements. By doing so, Uber has not only adopted the same position as Plaintiffs in that updated responses do not require updated verifications, but it has also supplemented its DFS production in a manner burdensome to Plaintiffs, who must comb for a needle in a haystack in trying to determine *what* information has been modified or supplemented in a DFS.

Finally, nowhere in PTO 10 does the Court demonstrate an intent for responses to DFS and PFS to be governed differently pursuant to the FRCP. PTO 10 at page 5 clearly states that responses to both the DFS and PFS have the same effects and are subject to the same FRCP requirements.

## (2) Answering the Question in the PFS About Third-Party Contact Information

During the fact sheet briefing process, Plaintiff disputed, as you noted in your August 28, 2024 letter, whether contact information for Plaintiffs' other identified passengers during the Incident Ride and individuals Plaintiffs communicated with about the Incident should be required. *See* Pls.' Br. in Supp. of Proposed PFS at 4, ECF 235. The Court adopted a PFS that requires Plaintiffs to identify such information at questions 23.a and 30 of the PFS. The Court gave parties until March 25, 2024 to file proposed revisions to the PFS.

---

[1]     *In re Rezulin Prod. Liab. Litig.*, 361 F. Supp. 2d 268, 272 (S.D.N.Y. 2005).
[2]     *U.S. ex rel. Martino-Fleming v. S. Bay Mental Health Ctr., Inc.*, 332 F.R.D. 1, 7 (D. Mass. 2019).
[3]     Fed. Rule Civ. Pro. 33.

Peiffer Wolf Main Office
1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545
Cleveland
(216) 589-9280

San Francisco
(415) 766-3544
St. Louis
(314) 669-3600

New York
(585) 310-5140
Chicago
(312) 374-8261

Plaintiffs predicted early in the briefing process that such required information might bring about a stifling effect to some plaintiffs pursuing their case. The time constraint provided by the Court to propose modifications to the PFS proved to be insufficient to fully analyze and experience this effect on Plaintiffs' cases. As we learned through the production of hundreds of PFS's, Plaintiffs are, especially at this early stage in the litigation and discovery, hesitant to provide personal identifying contact information for certain persons with knowledge of their traumatic event. Requesting that Plaintiffs put forth the full contact information and addresses of certain people in their lives who are in many cases previous partners, friends, or estranged family members who they no longer are in contact with further compounds a plaintiff's trauma and increases their volatility as a plaintiff. Plaintiffs understand this information will likely be necessary in specific cases as discovery continues. However, at this stage of the litigation, the burden on Plaintiffs outweighs the probative value.

### (3) Answering "Will Supplement"

PTO 10 specifically provides that a deficiency notice outlining the purported deficiency(ies) shall be served on the deficient Party's attorney of record only if a Party considers a PFS or DFS to be "materially deficient."[4] Uber has been serving deficiency notices that pertain to any and all "Will Supplement" response provided by a plaintiff in a PFS. Specifically, in Peiffer Wolf cases, Uber has noted close to forty-eight (48) deficiencies related to "Will Supplement" answers provided in thirty-five (35) PFS's. This shows that, on average, deficiency notices have been produced by Uber for PFS's that contain only one, and on average less than two "Will Supplement" responses.

For a plaintiff to provide full answers to all 40+ questions in a PFS, with sometimes only one, and very rarely more than two, "Will Supplement" answers in no way rises to the level of a material deficiency. As previously stated on August 7, 2024, August 22, 2024, and in paragraph **(1)** of this letter, Parties are required by the FRCP to supplement their responses to PFS and DFS as information becomes available for production.

There are a few exceptional cases in which a plaintiff has been in initial contact with its attorneys of record and later, during the preparation of PFS responses, becomes difficult to reach or goes through periods of unresponsiveness. Such is the nature of dealing with Plaintiffs who underwent traumatic experiences. As a result, attorneys for Plaintiffs have been able to determine which plaintiffs have provided sufficiently verified information to complete and submit a PFS. In such exceptional cases, Plaintiffs are happy to discuss alleged PFS deficiencies where a plaintiff noted several "Will Supplement" responses.

However, the vast majority of alleged deficiencies related to "Will Supplement" responses do not fall within these exceptional cases. It is acceptable for a Party to indicate that it is presently unable to provide the requested information in an interrogatory response, and instead state that it will supplement the response as additional information becomes available.[5] To impose on a Party the obligation to provide a full response

---

[4]     PTO 10, p. 7, line 2.
[5]     *Covad Commc'ns Co. v. Revonet, Inc.*, 258 F.R.D. 17, 19 (D.D.C. 2009)

Peiffer Wolf Main Office

1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545

Cleveland
(216) 589-9280

San Francisco
(415) 766-3544

St. Louis
(314) 669-3600

New York
(585) 310-5140

Chicago
(312) 374-8261

without candidly stating whether it can, at a given time, provide certain information, would be overly burdensome and contrary to the FRCP.[6] The only burden applicable is to ensure that a Party's responses are supplemented in a timely manner. *See Zoltek Corp. v. United States*, 71 Fed. Cl. 160, 164 (2006) ("The duty to supplement is a continuing duty, and no additional interrogatories by the requesting party are required to obtain the supplemental information—rather, the other party has an affirmative duty to amend a prior response if it is materially incomplete or incorrect.")

We believe that the Parties should set a time to discuss these remaining global PFS issues, as well discuss a process for unresponsive plaintiffs who have been unable to timely meet their PFS obligations. Rather than Uber individually reaching out to Plaintiff's counsel with differing proposals for extensions and threats of dismissals, we believe a more streamlined process should be implemented to address these cases.  To that end, please provide some available dates and times to discuss.

Sincerely,

*/s/ Rachel Abrams*

---

[6]      *Securiforce Int'l Am., LLC v. United States*, 127 Fed. Cl. 386, 402 (2016), *aff'd*, 879 F.3d 1354 (Fed. Cir. 2018).

Peiffer Wolf Main Office
1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545
Cleveland
(216) 589-9280

San Francisco
(415) 766-3544
St. Louis
(314) 669-3600

New York
(585) 310-5140
Chicago
(312) 374-8261