# EXHIBIT B



Rachel Abrams | Partner
555 Montgomery Street, Suite 820, San Francisco, CA 94111
415-426-5641   415-840-9435   rabrams@peifferwolf.com

August 22, 2024

<u>**VIA E-MAIL**</u>

Louis Murray
Paul, Wess, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY 10019-6064
(212) 373-2749
lmurray@paulweiss.com

  **Re:**  <u>**Plaintiff Fact Sheet Alleged Deficiencies**</u>

Dear Counsel,

  During our August 7, 2024 Plaintiff Fact Sheet ("PFS") meet and confer discussion, we identified several global issues that the parties agreed may require the Court's guidance. In an effort to narrow the issues prior to the August 29 Case Management Conference ("CMC"), below are the global PFS issues that we have identified, although there may be more as Uber continues to raise alleged PFS deficiencies with plaintiffs' law firms.

  (1) **<u>New Verifications with PFS Supplements</u>**:

  Plaintiffs are not required to execute new verifications for PFS supplements. Uber states that: "When signing a verification, a Plaintiff swears under penalty of perjury "that the *foregoing* is true and correct" and that the statements in the Plaintiff Fact Sheet are "true and correct to the best of [the Plaintiff's] knowledge, information, and belief." If additional (and potentially contradictory) information is submitted as part of an amended Plaintiff Fact Sheet, an additional verification is required to attest to the truth of the Plaintiff's additional responses." (*See* Uber's August 5, 2024 PFS meet and confer correspondence to Peiffer Wolf ("PW")).  However, Uber fails to note that the PFS verification contemplates supplements, and that each plaintiff verifies potential supplements when executing the original PFS verification.  Indeed, the verification states: "I understand that I am under an obligation to supplement these responses." The verification (and the Implementation Order, PTO No. 10) does not include language that a further verification is required with the obligation to supplement the PFS. Please provide Uber's position on this alleged deficiency.

---

Peiffer Wolf Main Office
1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545

Cleveland
(216) 589-9280

San Francisco
(415) 766-3544

St. Louis
(314) 669-3600

New York
(585) 310-5140

Chicago
(312) 374-8261

(2) **Third Party Contact Information**:

Uber states that because PFS Question 23.a and Question 30.a request contact information for other identified passengers during the Incident Ride and individual's plaintiff communicated with about the Incident, respectively, plaintiffs are required to produce the individuals personal contact information, rather than the representing law firm. We disagree.

At this stage of the litigation, plaintiffs should not be required to provide contact information for third party witnesses, except medical providers and law enforcement. The plaintiff's representing law firm's contact information is sufficient for all other fact witnesses with personal knowledge of the Incident. Of course, as case specific discovery continues and designated plaintiffs are required to produce additional case specific information, those plaintiffs will provide information pursuant to case specific discovery orders.

Plaintiffs are sexual assault survivors and providing personal contact information for friends and family at this stage of litigation would have a stifling effect, preventing some plaintiffs from wanting to pursue their case.  Please provide Uber's position on this alleged deficiency.

(3) **Executing Exhibit A Medical Authorization for Cases Alleging Injuries Without Medical Treatment:**

On several occasions, Uber has requested that plaintiffs sign the PFS Exhibit A, authorizing the release of medical records and information even when the plaintiff has not sought medical treatment for their sexual assault injuries. After our meet and confer discussion, I believe Uber agreed not to allege PFS deficiencies where a plaintiff did not sign Exhibit A if she has not sought medical treatment for her injuries. Please confirm that this is Uber's position.

(4) **"Will Supplement" as a PFS deficiency**:

In every case where plaintiffs have responded "will supplement" to a PFS question, Uber is alleging a deficiency. We disagree that "will supplement" is a PFS deficiency. Uber avers that "[t]his is not a complete response to the question posed in the PFS, and a complete response needs to be provided promptly."  If a plaintiff states that discovery is ongoing and they will supplement a response, that does not trigger a PFS deficiency. The PFS is governed by the Federal Rules of Civil Procedure, which allows for supplementing discovery responses as information is obtained and available. (*See* PTO No. 10, Implementation Order, #5). Please provide Uber's position on this alleged deficiency.

(5) **Plaintiff Fact Sheet Questions 15 and 19:**

In every case where plaintiffs have responded "yes" to Questions 15 and 19 of the PFS, Uber is alleging a deficiency when no documents are provided in support of these answers, as requested in Questions 15.a and 19.a.  In such situations, plaintiffs are no longer in possession of the requested documentation. Questions 15 and 19 pertain to proof of communications between a plaintiff and the perpetrator of their sexual assault, as well as

Peiffer Wolf Main Office

1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545

Cleveland
(216) 589-9280

San Francisco
(415) 766-3544

St. Louis
(314) 669-3600

New York
(585) 310-5140

Chicago
(312) 374-8261

images, videos, or recordings of plaintiff's perpetrator or incident. If plaintiff had, but did not retain the requested information, there is no "deficiency." Please provide Uber's position on this matter.

Sincerely,

*/s/ Rachel Abrams*

Peiffer Wolf Main Office

1519 Robert C. Blakes Sr. Dr.
New Orleans, LA 70130
Main: (504) 523-2434

Los Angeles
(415) 766-3545

Cleveland
(216) 589-9280

San Francisco
(415) 766-3544

St. Louis
(314) 669-3600

New York
(585) 310-5140

Chicago
(312) 374-8261