[Submitting Counsel Below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **DECLARATION OF RACHEL ABRAMS IN SUPPORT OF PLAINTIFFS' PORTION OF THE JOINT LETTER REGARDING PLAINTIFFS' FACT SHEETS** |
|---|---|
| This Document Relates to:  All Actions | Judge:     Hon. Lisa J. Cisneros  Courtroom: G – 15th Floor |

## DECLARATION OF RACHEL ABRAMS

I, RACHEL ABRAMS, declare and state as follows:

1. I am a partner at the law firm of Peiffer, Wolf, Carr, Kane, Conway & Wise ("Peiffer Wolf"), and appointed Co-Lead counsel for Plaintiffs in the above-captioned multidistrict litigation. I am a member in good standing of the California Bar, including the United States District Court, Northern District of California. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

2. I submit this declaration in support of Plaintiffs' portion of the joint letter brief regarding Plaintiff Fact Sheets ("PFS").

3. To date, Plaintiffs in this MDL have submitted approximately 711 PFS's.

4. Peiffer Wolf Plaintiffs have submitted approximately PFS's for 193 cases. Of those, Uber has alleged deficiencies in 143 cases (74%).

5. Many of Uber's asserted deficiencies are trivial. For example, arguing plaintiffs must provide their maiden name and correct inconsistent spellings in their names, *i.e.,* typos, or blatantly incorrect, *e.g.*, arguing any plaintiff who suffered physical harm must complete a release of medical records, even if they need not receive medical treatment, or otherwise amend their response.

6. With respect to third-party witnesses, many Plaintiffs may be afraid to provide identifying contact information for a subset of third parties, *e.g.*, friends, family members, significant others (including *former* partners), employers, and members of support groups, to whom Plaintiffs disclosed their sexual assault. Below are example cases involving third-party witnesses who are minors, estranged ex-partners, and even witnesses who participated in Plaintiff's sexual assault:

    a. <u>Plaintiff ID1035</u>: third-party witness is now plaintiff's estranged ex-boyfriend, with whom she has no contact.

    b. <u>Plaintiff ID1025</u>: Minor who was raped and several third-party witnesses are friends of the survivor and also minors.

-1-

      c. <u>Plaintiff ID1056</u>: Third-party witness is plaintiff's estranged ex-husband.

      d. <u>Plaintiff ID1043</u>: Third-party witness is plaintiff's ex-boyfriend.

      e. <u>Plaintiff ID1318</u>: Third-party is plaintiff's former friend who took part in the sexual abuse.

7. With respect to the "will supplement" issue, Uber raised this issue several months ago and the majority of cases impacted have since resolved this dispute. Currently, approximately 11 cases remain within this issue category.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 28, 2024, in San Francisco, California.

                                                  */s/ Rachel Abrams*
                                                  Rachel Abrams

- 2 -

ABRAMS DECLARATION IN SUPPORT OF PLAINTIFFS'
PORTION OF JOINT LETTER RE: PLAINTIFFS' FACT SHEETS    Case No. 3:23-md-03084-CRB