**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Marlene Goldenberg (*Pro hac vice*)
Sam Hoefs (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com
      shoefs@nighgoldenberg.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB |
| | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF T.L.** |
| This Document Relates to: | |
| *T.L. v. Uber Technologies, Inc., et al.*<br>Case No. 3:24-cv-03966 | Judge: Honorable Charles R. Breyer<br>Date:<br>Time:<br>Courtroom: |

## NOTICE OF MOTION & MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that as soon hereafter as the matter may be heard, Nigh Goldenberg Raso & Vaughn, PLLC ("NGRV"), counsel of record for Plaintiff T.L. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Marlene Goldenberg ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), NGRV submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff T.L.  NGRV respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff retained NGRV to prosecute an action against Defendants. Plaintiffs' claims were filed in the United States District Court for the Northern District of California as Case No. Case 3:24-cv-03966 on July 1, 2024. NGRV has been unable to reach Plaintiff since September 24, 2024. *See* Decl. ¶ 4. NGRV made numerous attempts to contact Plaintiff via phone, email, letter, and text message. *Id.* NGRV repeatedly attempted to explain why Plaintiffs' participation was necessary to prosecute this case. *Id.* NGRV's communications have noted discovery deadlines, explained the risk of dismissal, and explained that NGRV could not continue to represent Plaintiff without her input. *Id.*

On October 8, 2024 NGRV advised Plaintiff that it would be withdrawing if Plaintiff failed to contact NGRV by October 10, 2024; NGRV also offered Plaintiff the option to voluntarily dismiss her case. Decl. ¶ 4. On October 9, 2024, NGRV again advised Plaintiff that it would be withdrawing if Plaintiff failed to contact NGRV by October 10, 2024. *Id.* Plaintiff failed to contact NGRV. *Id.* On October 15, 2024, NGRV sent Plaintiff formal notice of its intent to withdraw by email and US mail.

*Id.* NGRV also notified Uber of its intent to withdraw. Decl. ¶ 5. To date, Plaintiff has not contacted NGRV, has not agreed to voluntarily dismiss her case, and has not informed NGRV that alternate counsel has been retained. Decl. ¶ 6. NGRV thus remains counsel of record for Plaintiff, but also remains unable to reach her.

## **ARGUMENT**

NGRV should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

NGRV has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on October 8, 2024 and culminating with final notice on October 15, 2024. Decl. ¶¶ 4–5. NGRV has also given Uber advance notice. Decl. ¶ 5. NGRV has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact NGRV or meet discovery deadlines. Decl. ¶¶ 3–5. NGRV also submitted the limited information NGRV did have and, upon receiving deficiencies due to not having critical information from Plaintiff, negotiated discovery extensions with Uber as it attempted to try to reach her. Decl. ¶ 3. NGRV has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶¶ 3–5.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for NGRV to carry out the representation effectively by failing to communicate with NGRV and failing to provide information required to prosecute her case, despite requests from NGRV. Decl. ¶¶ 3–5. NGRV has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, NGRV agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with

all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 8.

## <u>CONCLUSION</u>

NGRV respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: October 29, 2024

Respectfully submitted,

/s/ Marlene Goldenberg
Marlene Goldenberg (Pro Hac Vice)
Sam Hoefs (Pro Hac Vice)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square NW, Third Floor
Washington, DC 20016
Tel.: (202) 978-2228
Fax: (202) 792-7927
Mgoldenberg@nighgoldenberg.com
Shoefs@nighgoldenberg.com

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

## CERTIFICATE OF SERVICE

I hereby certify that on October 29, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

Furthermore, on October 29, 2024, I electronically filed the foregoing in Plaintiff's individual docket using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

/s/ Marlene Goldenberg
Marlene Goldenberg