**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Sam Hoefs (*Pro hac vice*)
Marlene Goldenberg (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com
　　　　shoefs@nighgoldenberg.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SAMANTHA HOEFS IN SUPPORT OF NGRV'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF T.L.** |
| This Document Relates to:<br><br>*T.L. v. Uber Technologies, Inc., et al.*<br>Case No. 3:24-cv-03966 | |

I, Samantha Hoefs, declare:

1. I am an attorney in the law firm of Nigh Goldenberg Raso & Vaughn PLLC. I am admitted *pro hac vice* to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff T.L. has not responded to any efforts to reach her made by myself or my staff since September 24, 2023. Prior to that, T.L. had not contacted our office since July 12, 2024.

3. Plaintiff T.L.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet

discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff T.L.

    a. Before and throughout the time period described below, Plaintiff T.L. received numerous letters, emails, text messages, and telephone calls requesting that she contact our office. These communications included six phone calls, twenty-three emails, two letters, and fifteen text messages. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel, if she did not contact our office.

    b. Throughout the course of our representation of Plaintiff T.L., she was minimally responsive, before ceasing communication altogether since September 24, 2024. In advance of the Plaintiff Fact Sheet Deadline, our office notified Plaintiff T.L. by telephone call, email, text message, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance of the deadline. Our office submitted a Plaintiff Fact Sheet on Plaintiff T.L.'s behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff T.L., resulting in a deficiency. We notified Plaintiff T.L. by telephone call, email, text message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies by the deadline to avoid dismissal of her case but Plaintiff was unresponsive to our communication attempts.

    c. On October 8, 2024, we sent Plaintiff an email explaining that if she did not contact us by October 10, 2024, we would choose to withdraw as counsel; this letter also offered Plaintiff the option to voluntarily dismiss her case. On October 9, 2024, we

sent Plaintiff a text message reminding her that if she did not contact us by October 10, 2024, we would choose to withdraw as counsel.

    d. On October 15, 2024, we sent Plaintiff formal notice by email and US mail notifying her that we were withdrawing from her case.

5. During this time period, we met and conferred with Defendants to request and obtain multiple extensions to cure Plaintiff Fact Sheet deficiencies that resulted from our inability to obtain Plaintiffs' input and verification.

6. To date, Plaintiff T.L. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

7. We informed Uber of our intent to withdraw from this case on October 15, 2024.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 29th day of October, 2024 in Minneapolis, Minnesota.

                                    /s/ Samantha Hoefs
                                    Samantha Hoefs