UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.  23-md-03084-CRB   (LJC) |
| This Document Relates To:<br><br>ALL CASES. | **PRETRIAL ORDER NO. 20: MODIFIED SCHEDULE AND DIRECTIVES REGARDING PRODUCTION AND PRIVILEGE DISPUTES**<br><br>Re: Dkt. Nos. 1745, 1746, 1759, 1774 |

The parties have submitted a series of letters addressing the production of documents and privilege logs in preparation for upcoming depositions.  The Court now sets a revised schedule for custodian document production and privilege log disputes.  The production and resolution of privilege disputes will proceed in four tranches, and this order specifies the size of the samples of privilege disputes that will be considered in each tranche.

## I.    BACKGROUND: PREVIOUS ORDERS AND NEGOTIATIONS

In the early stage of discovery, the parties filed, and the Court approved a stipulated order, Pretrial Order No. 14, to address Rule 502(d) of the Federal Rules of Evidence and privileged or otherwise protected information.  Paragraph 13 of Pretrial Order No. 14 requires privilege logs to be produced within thirty days after each production of documents.  Dkt. No. 396 at 6.  If the receiving party raises a dispute as to any claims of privilege, the producing party must provide a written response within fourteen days, and the parties then must meet and confer fourteen days before submitting the dispute to the Court.  *Id.* at 11.  Assuming that it takes a week for the receiving party to initiate a dispute, that process could take sixty-five days from when documents are produced before a privilege dispute is submitted to the Court, not to mention the time that the Court would need to resolve the dispute.

United States District Court
Northern District of California

1    The parties' Stipulated Deposition Protocol, Pretrial Order No. 16, sets, among other

2    requirements, an expedited schedule for the production of custodial records when a document

3    custodian's deposition has been calendared.[1]  The custodial file must be produced at least twenty-

4    one days before the deposition date.  Dkt. No. 866 at 3.  The producing party must provide a

5    privilege log ten days after producing documents (eleven days before the deposition[2]), challenges

6    must be made within seven days after that (four days before the deposition), and the parties shall

7    meet and confer within four days of the challenge (i.e., up to the date of the deposition).  *Id.* at 3–

8    4.  Pretrial Order No. 16 does not address intervention by the Court in privilege disputes prior to a

9    deposition, and the compressed timeframe for the parties to meet and confer leaves little time to

10   seek relief from the Court prior to a deposition unless it is rescheduled.

11   In September, Uber produced documents for nine priority custodians.  *See* Dkt. Nos. 1622,

12   1774-2 at 2.  The Court ordered Uber to produce documents for thirty-seven undisputed custodians

13   no later than October 1, 2024, and to provide privilege logs for those custodians by October 10,

14   2024.  Dkt. No. 1629 at 1–2.  The Court ordered Uber to produce documents for the remaining

15   (and at the time disputed) custodians no later than November 1, 2024, and to produce privilege

16   logs no later than November 10, 2024.  *Id.* at 2.  For custodians noticed for deposition, the Court

17   allowed for accelerated production consistent with Pretrial Order No. 16.  *Id.*

18   As the production of custodial records and privilege logs ramped up, *see* Dkt. No. 1774-2

19   at 2, the parties negotiated towards a potential extension of the production schedule for the

20   remaining custodians.  The parties alerted the Court that Uber had tens of thousands of privilege

21   log entries, and Plaintiffs had challenged thousands of them.  Dkt. No. 1681 at 9.  The parties

22   agreed that—at least if Plaintiffs' concerns about allowing sufficient time to address privilege

23   disputes were satisfied—Uber would produce documents for eleven custodians by October 21,

24   2024, for an additional seventeen custodians by November 26, 2024, and for the remaining

25   eighteen custodians by January 10, 2025, with privilege logs to follow ten days after each

26

27   _____
[1] The parties filed a Stipulated Deposition Protocol after they briefed, and Court resolved, numerous disputes concerning their respective proposals.  *See* Dkt. Nos. 371, 771, 825.

28   [2] For the purpose of this summary, the Court has not considered potential effects of weekends or holidays.  *See* Fed. R. Civ. P. 6(a)(1)(c).

production, or that production of documents and privilege logs would occur sooner under the twenty-one-day schedule of Pretrial Order No. 16 if depositions were scheduled. *See* Dkt. No. 1745 at 4; Dkt. No. 1774 at 2. This production schedule reflects four tranches of custodial production.

Plaintiffs initially proposed a schedule with three tiers of deadlines depending on the number of entries in a custodian's privilege log. Dkt. No. 1746 at 4. For custodians with 750 or more privilege log entries (as Uber has now represented to be true for nearly all custodians, *see* Dkt. No. 1759 at 2), Plaintiffs' initial proposal called for production of privilege logs forty-five days before a deposition, completion of the meet-and-confer process thirty-five days before the deposition, submission to the Court twenty-eight days before the deposition, and production of de-designated documents fourteen days before the deposition. Dkt. No. 1746 at 4. After further discussions between the parties on this issue, Plaintiffs stand by their proposed deadlines except that rather than calling for production of privilege logs forty-five days before a deposition, Plaintiffs now propose that Uber should produce privilege logs on its proposed schedule, and the parties should "agree[] to workable deposition dates given the size of the logs produced, the scope of Plaintiffs' challenges, and the overall goal of coordinating with the JCCP as is realistic." Dkt. No. 1774 at 2.[3] Plaintiffs also propose that Uber should be required to revise all previously served privilege logs to account for any privilege rulings by the Court within ten days of each order resolving a privilege dispute. *Id.* at 3.

Uber asserts that the schedules in Pretrial Order Nos. 14 and 16 are sufficient to resolve privilege disputes, but proposes an alternative schedule if the Court is inclined to modify those Orders. Dkt. No. 1774 at 7. Under Uber's proposal, Uber would purportedly have ten days after production of documents to provide a privilege log, Plaintiffs would have seven days after service of a privilege log to raise a challenge, the parties would then have seven days to meet and confer,

---

[3] Plaintiffs propose that the parties would "request[] a hearing within two weeks" on any dispute submitted to the Court. Dkt. No. 1774 at 2. With disputes due four weeks before the deposition, and Uber's production of de-designated documents due two weeks before the deposition, a hearing towards the end of the contemplated two-week period would not seem to allow time of Uber to implement the Court's decision.

United States District Court
Northern District of California

and then the parties would have ten days to submit the dispute to the Court. *Id.* at 7–8.  Uber's proposal is inconsistent as to whether depositions would occur "no earlier than 45 days following service of the privilege log" or if there would be "at least 35 days between service of a privilege log and any deposition." *Id.* at 8.  An attachment, Exhibit B, illustrating Uber's proposal allows forty-five days between the privilege log service deadline and the deposition, but also includes far more than the ten days Uber has proposed between document productions and service of a privilege log.[4]  Dkt. No. 1774-2 at 2–4.

The following table compares the parties' proposals, using as an example the proposed third tranche of custodial production that Uber seeks to complete on November 26, 2024, and setting a hypothetical deposition date forty-five days after service of privilege logs:

| Event | Plaintiffs' Proposal | Uber's Proposal |
|---|---|---|
| Document Production | Nov. 26, 2024 (agreed) | Nov. 26, 2024 (agreed) |
| Privilege Log | December 9, 2024 (adopting Uber's initial proposal, *see* Dkt. No. 1774 at 2) | December 6, 2024[5] (10 days after production) |
| Privilege Challenge | N/A | December 13, 2024 (7 days after privilege log) |
| Conclusion of Meet-and-Confer | December 16, 2024 (35 days before | December 20, 2024 (7 days after challenge) |

---

[4] Exhibit B sets out specific dates for completion of custodial production, service of privilege logs, privilege challenges, and so forth, but the time period for service of a privilege log is not 10 days following production, as stated in the letter brief.  Dkt. No. 1774-2 at 2-4.  Instead, the time periods for service of the privilege logs are highly variable, ranging from three to twenty-five days.  Uber proposes that for the second tranche of custodial production, it have twenty-five days after production to serve the privilege logs for nine of the eleven custodians.  The brief offers no explanation for the inconsistency from Uber's proposal in the brief or why so much time is needed for the preparation of a privilege log.

[5] This chart uses Uber's narrative description of its proposal ("10 days after production," Dkt. No, 1774 at 7), rather than the chart Uber provided as Exhibit 2, which calls for privilege logs for the November 26, 2024 production to be served sixteen days later on December 12, 2024.  *See* Dkt. No. 1774-2 at 3.

United States District Court
Northern District of California

| Event | Plaintiffs' Proposal | Uber's Proposal |
|---|---|---|
| | deposition) | |
| Submission to Court | December 23, 2024 (28 days before deposition) | December 30, 2024 (10 days after meet-and-confer) |
| Last Day for Hearing | January 6, 2025 (two weeks after submission) | N/A |
| De-designation and Production | January 6, 2025 (14 days before deposition) | N/A |
| Deposition | January 20, 2025 | January 20, 2025 (45 days after privilege log) |

The Court declines to adopt either proposal, both of which include internal inconsistencies, and neither of which allows sufficient time for resolution of the anticipated disputes and implementation of the Court's orders resolving those disputes.

## II.    REVISED SCHEDULE

To determine how to advance discovery in this MDL, the Court has considered the parties' proposals, as well as how to maximize the opportunity for coordinated depositions between this MDL and the JCCP.  Coordination will reduce the likelihood of duplicative depositions, and in general discovery of custodial records should be completed before a custodian is deposed.  *See* Pretrial Order 16, Dkt. No. 866 at 3.  The discovery of custodial records necessarily calls for, to the extent feasible, the resolution of related privilege disputes.  At the October 23, 2024 discovery status conference for this MDL, the Court was informed that the January 15, 2025 discovery deadline in the JCCP is no longer a firm one, and that Judge Schulman, at the JCCP status conference the day prior, had ordered the parties to meet and confer regarding a new date.  Dkt. No. 1790 (Tr.) at 8:3–17.  Accordingly, there is an opportunity here to issue a revised schedule

that promotes the efficient resolution of this litigation.  This Order modifies Pretrial Order Nos. 14 and 16, and applies regardless of whether a deposition has been scheduled.

### A.      Tranche 1 Custodians

The parties are currently preparing a joint letter addressing a sample of disputed privilege log entries from the first tranche of Uber's document custodians, to be submitted by October 30, 2024.  *See* Dkt. Nos. 1785, 1795.  Subsequent deadlines related to that tranche of custodians will be addressed in the Court's order resolving that dispute.  The parties should anticipate a schedule similar to those set forth below for subsequent tranches.

### B.      Tranche 2 Custodians

As proposed by the parties, the second tranche of custodial document production includes the following eleven Uber custodians: Matt Baker, Corey Freivogel, Tracey Breeden, Greg Brown, Philip Cardenas, Dennis Cinelli, Travis Kalanick, Dara Khosrowshahi, Carley Lake, Danielle Sheridan, and Kate Parker.  *See, e.g.*, Dkt. No. 1774-2 at 2–3.  The Court adopts that proposal, and understands that Uber has completed document production for these custodians.  Dkt. No. 1790 (Oct. 23, 2024 Tr.) at 6:18–7:15.  The Court sets the following schedule for this tranche:

**October 21, 2024:** Uber has completed production of non-privileged documents for Tranche 2 custodians.

**October 31, 2024:** Uber shall serve privilege logs for Tranche 2 custodians.  *See* Dkt. No. 1795.  If Uber determines while finalizing the privilege logs that any documents initially designated as privileged did not warrant that designation, Uber shall produce those documents.

**November 14, 2024:** Plaintiffs shall provide notice of any challenges to Tranche 2 privilege logs.  Plaintiffs may challenge any number of log entries, but must designate up to forty-five entries as potentially suitable for inclusion in a sample of disputed entries to be submitted to the Court.  The parties shall meet and confer regarding Plaintiffs' challenges.

**December 5, 2024:** The parties shall conclude their efforts to meet and confer.  Plaintiffs shall designate no more than fifteen remaining disputed log entries (of the initial sample of forty-five) to be addressed in a joint letter to the Court.  If no disputed log entries remain from the initial sample of forty-five, the parties shall file a status report not exceeding two pages apprising the

United States District Court
Northern District of California

1  Court of that fact and whether they would like to continue to meet and confer regarding other

2  privilege log disputes.

3      **December 12, 2024:** The parties shall file a joint letter addressing the sample of no more

4  than fifteen privilege log entries selected on December 5, 2024.  The joint letter shall be consistent

5  with Pretrial Order No. 8, except that it may be up to ten pages long and may attach copies of

6  disputed privilege log entries.  The parties may also attach any declarations necessary to support or

7  oppose a claim of privilege, although the relevant substance of those declarations must be set forth

8  in the joint letter—declarations may authenticate the parties' assertions, but may not be used to

9  circumvent the page limit.  Uber has represented that it will submit the documents at issue for in

10  camera review.  Dkt. No. 1790 (Oct. 23, 2024 Tr.) at 29:23–30:8.  All documents submitted for in

11  camera review must also be received by this deadline via email or another method arranged in

12  advance with the Courtroom Deputy (ljccrd@cand.uscourts.gov).

13      **December 19, 2024:**  The Court will hear argument, if necessary, at 10:30 AM in

14  Courtroom G.  The Court may vacate this hearing or convert it to videoconference after reviewing

15  the parties' joint letter.

16      **Seven days after the Court resolves disputes:**  If the Court has ruled in Plaintiffs' favor

17  on any dispute log entries, Uber shall de-designate and produce documents from Tranche 2

18  custodians consistent with the Court's order and with any concessions by Uber during the meet-

19  and-confer process.[6]

20      **Twenty-one days after the Court resolves disputes:** Uber shall de-designate and produce

21  documents from any other production set (e.g., the first or third tranche of custodians, non-

22  custodial productions, etc.) consistent with the Court's order and with any concessions by Uber

23  during the meet-and-confer process.

24      The Court anticipates that depositions for Tranche 2 custodians will begin by

25  approximately January 18, 2025 and may be completed by April 24, 2025, but this Order does not

26

27  ───────────────
   [6] If the parties resolve *all* disputes from the first sample of disputed log entries for Tranche 2
   custodians without Court intervention, this deadline and the fourteen-day deadline below shall run
28  from the date that the last of those disputes is resolved.  The same is true for the subsequent
   tranches addressed below.

United States District Court
Northern District of California

restrict the parties in selecting deposition dates either within or outside of that range.

### C.    Tranche 3 Custodians

The parties have proposed the following seventeen Uber custodians for the third tranche of custodial document production: Brooke Anderson, William Barnes, Jordan Burke, Lucas Coker, Chadd Fogg, Timothy Foran, Catherine Gibbons, Cassie Hawk, Mark Jones, Jenny Lewis (Avalon), Sarfraz Maredia, Jeff Marshall, Niraj Patel, Vaibhav Rikhye, Valerie Shuping, Michael Sullivan, and Kayla Whaling. *See, e.g.*, Dkt. No. 1774-2 at 3. The Court adopts that proposal, except that Plaintiffs may also select up to four additional custodians proposed for Tranche 4 for inclusion in Tranche 3, in order to expedite the discovery process in light of the Court setting a longer timeline for resolution of privilege log disputes than proposed by the parties.

The Court sets the following schedule for Tranche 3. Details set forth above in the context of the equivalent Tranche 2 deadlines shall apply equally to the Tranche 3 deadlines.

**November 4, 2024:** Plaintiffs shall file in the record a notice identifying the four custodians to be added to Tranche 3.

**November 26, 2024:** Uber shall complete production of non-privileged documents for Tranche 3 custodians.

**December 3, 2024:** Uber shall serve privilege logs for Tranche 3 custodians.

**December 17, 2024:** Plaintiffs shall provide notice of any challenges to Tranche 3 privilege logs. Plaintiffs shall select no more than sixty log entries as potentially suitable for submission in a sample to the Court.

**January 7, 2025:** The parties shall complete their efforts to meet and confer. Plaintiffs shall select up to twenty log entries from the initial sample of sixty for inclusion in a joint letter.

**January 14, 2025:** The parties shall submit a joint letter to the Court addressing the sample of up to twenty disputed privilege log entries. The joint letter shall be consistent with Pretrial Order No. 8, except that it may be up to fifteen pages long and may include attachments as set forth above for Tranche 2.

**January 28, 2025:** Hearing at 10:30 AM in Courtroom G.

**Fourteen days after resolution of disputes:** Uber shall de-designate and produce

1   documents from Tranche 3 consistent with the Court's order (if the Court sustains any challenges)

2   and any concessions by Uber during the meet-and-confer process.

3   **Twenty-one days after resolution of disputes:** Uber shall de-designate and produce

4   documents from other production sets consistent with the Court's order and any concessions by

5   Uber during the meet-and-confer process.

6   The Court anticipates that depositions of Tranche 3 custodians will begin by approximately

7   February 19, 2025 and may be completed by April 24, 2025, but sets no restrictions at this time on

8   when the parties may set those depositions.

9   **D.   Tranche 4 Custodians**

10   The parties proposed the following eighteen Uber custodians for inclusion in the fourth and

11   final tranche of document production: Mike Akamine, Ed Baker, William Barnes, Faiz Bushra,

12   Frank Chang, Abbie Ding, Ryan Graves, Andrew Hasbun, Nairi Hourdajian, Joe Sullivan,

13   Cameron Poetzscher, Jenny Luu, Susan Muehrcke, Mat Henly, Meghan Joyce, David Richter,

14   Rachel Whetstone, and Pat Twomey. *See, e.g.*, Dkt. No. 1774-2 at 3–4.  The Court adopts that

15   proposal, except for the four custodians that may be shifted to Tranche 3 as discussed above, and

16   sets the following deadlines for Tranche 4.  Details set forth above in the context of the equivalent

17   Tranche 2 and 3 deadlines shall apply equally to the Tranche 4 deadlines.

18   **January 3, 2025:** Uber shall complete production of non-privileged documents for

19   Tranche 4 custodians.

20   **January 10, 2025:** Uber shall serve privilege logs for Tranche 4 custodians.

21   **January 24, 2025:** Plaintiffs shall provide notice of any challenges to Tranche 4 privilege

22   logs.  Plaintiffs shall select no more than forty-five log entries as potentially suitable for

23   submission in a sample to the Court.

24   **February 7, 2025:**  The parties shall complete their efforts to meet and confer.  Plaintiffs

25   shall select up to fifteen log entries from the initial sample of forty-five for inclusion in a joint

26   letter.

27   **February 14, 2025:**  The parties shall submit a joint letter to the Court addressing the

28   sample of up to fifteen disputed privilege log entries.  The joint letter shall be consistent with

United States District Court
Northern District of California

9

Pretrial Order No. 8, except that it may be up to ten pages long and may include attachments as set forth above for Tranche 2.

**February 28, 2025:**  Hearing at 10:30 AM in Courtroom G.

**Seven days after resolution of disputes:**  Uber shall de-designate and produce documents from Tranche 4 consistent with the Court's order (if the Court sustains any challenges) and any concessions by Uber during the meet-and-confer process.

**Twenty-one days after resolution of disputes:**  Uber shall de-designate and produce documents from other production sets consistent with the Court's order and any concessions by Uber during the meet-and-confer process.

The Court anticipates that depositions of Tranche 4 custodians will begin by approximately March 24, 2025 and may be completed by April 24, 2025, but sets no restrictions at this time on when the parties may set those depositions.

## III.   CONCLUSION

The parties shall comply with the schedule set forth above for custodial document production and privilege log disputes.  This Order modifies previous Pretrial Orders to the extent that they are inconsistent.

This Order sets schedules for the filing of only one sample of disputed privilege log entries for each tranche of custodial document production.  If further samples are necessary, the parties may address their proposed approaches to those disputes in a status report after the Court resolves at least one sample of disputed privilege logs.

**IT IS SO ORDERED.**

Dated: October 30, 2024

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California

10