1  RANDALL S. LUSKEY (SBN: 240915)
      rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
      **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101

5  ROBERT ATKINS (*Pro Hac Vice* admitted)
      ratkins@paulweiss.com
6  CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
      cgrusauskas@paulweiss.com
7  ANDREA M. KELLER (*Pro Hac Vice* admitted)
      akeller@paulweiss.com
8  **PAUL, WEISS, RIFKIND, WHARTON**
      **& GARRISON LLP**
9  1285 Avenue of the Americas
   New York, NY 10019
10 Telephone: (212) 373-3000
   Facsimile:  (212) 757-3990

11

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
13 RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' JOINT LETTER BRIEF ON PRIVILEGE SAMPLING DISPUTE**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the State of California, the State of New York, and the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. I am offering this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC in the privilege sampling dispute.

3. In the conferral related to the privilege sampling dispute, Plaintiffs have, in total, withdrawn their challenges to three out of the seven documents proposed by Uber. This does not include one selection by Uber for which Plaintiffs clarified they had not challenged.

4. In an email dated October 18, 2024 at 1:25 p.m., PST, counsel for Uber provided privilege log entry numbers for 5 selections for the privilege sampling dispute: JCCP_MDL_PRIVLOG005821, JCCP_MDL_PRIVLOG005893, JCCP_MDL_PRIVLOG005897, JCCP_MDL_PRIVLOG013948, and JCCP_MDL_PRIVLOG009352.

5. In an email dated October 21, 2024 at 8:25 p.m., PST, Plaintiffs stated that they had not challenged privilege as to JCCP_MDL_PRIVLOG009352.

6. In an email dated October 22, 2024 at 1:40 p.m., PST, counsel for Uber provided a replacement selection: JCCP_MDL_PRIVLOG009844. This document number was also referenced as part of Uber's selections in emails from Uber's counsel to Plaintiffs, dated October 23 and 25, 2024.

7. In an email from Plaintiffs' counsel, Tiffany Ellis, dated October 22, 2024 at 2:45 p.m., PST, Plaintiffs stated: "Plaintiffs will withdraw our challenges to the following documents: JCCP_MDL_PRIVLOG005821 and JCCP_MDL_PRIVLOG005893." In the same email, Plaintiffs stated "We are maintaining our challenge to the following Defendant selections: JCCP_MDL_PRIVLOG005897, JCCP_MDL_PRIVLOG009844, and JCCP_MDL_PRIVLOG013948."

8. In an email dated October 24, 2024 at 8:28 p.m., PST, counsel for Uber provided replacement selections: JCCP_MDL_PRIVLOG008375 and JCCP_MDL_PRIVLOG014347.

9. In an email from Tiffany Ellis dated October 25, 2024 at 11:45 a.m., PST, Plaintiffs stated: "Plaintiffs are withdrawing their challenge to JCCP_MDL_PRIVLOG014347."

10. Plaintiffs also withdrew their challenge to one of their own challenge selections.

11. In an email from Plaintiffs' counsel, Geoffrey Spaulding, dated October 23, 2024 at 9:03 a.m., PST, Plaintiffs provided a list of 42 potential selections, including JCCP_MDL_PRIVLOG012292.

12. In an email dated October 24, 2024 at 8:58 p.m., PST, Uber stated that, with respect to "JCCP_MDL_PRIVLOG012292: We are maintaining our claim of privilege as to this document."

13. In an email from Tiffany Ellis dated October 25, 2024 at 1:21 p.m., PST, Plaintiffs stated: "Plaintiffs are withdrawing our challenge to JCCP_MDL_PRIVLOG012292. This is the document I mentioned on the call where outside counsel was not marked with an asterisk."

14. Plaintiffs have refused to follow the timeline set forth in PTO 8 for exchanging drafts of the privilege sampling joint letter brief.

15. The parties had an initial meet-and-confer on October 14, 2024. In that meet-and-confer, the parties agreed to a deadline to identify documents to include in the brief of Wednesday, October 23, in light of the then-current deadline of submitting the dispute by Friday, October 25. The parties also discussed tentative deadlines for exchanging selections and responses, as well as other conferrals prior to the October 23 deadline for document selection.

16. In an email dated October 21, 2024 at 6:39 p.m., PST, counsel for Uber proposed the a briefing schedule, which allowed Uber less time than it is entitled to under PTO 8: "Wednesday, 8pm PST, Plaintiffs provide Uber their draft; Friday, 10am PST, Uber provides Plaintiffs their draft; Friday, 1pm PST, both sides share any further edits; Friday, 3pm PST, deadline for final edits; and Friday, 5pm PST, Plaintiffs file."

17. In an email from Tiffany Ellis dated, October 21, 2024 at 8:25 p.m. PST, Plaintiffs rejected Uber's already-expedited briefing schedule and proposed a simultaneous exchange of briefs

(which is contrary to PTO 8's exchange process) on the day before the filing would have been due, October 24, 2024 at 8:00 p.m. PST.

18. In an email dated October 22, 2024 at 1:40 p.m., PST, counsel for Uber told Plaintiffs, "On the briefing schedule, Plaintiffs' proposal is not tenable as it does not allow us sufficient time to respond to Plaintiffs' positions as the moving party. The Court's 10/9 order said the letter brief 'shall be consistent with Pretrial Order No. 8, except that it may be up to ten pages long.' Under PTO 8, we are entitled to three business days to respond to Plaintiffs' draft. We have made a reasonable proposal that shortens our time to respond to around a day and a half. We are open to modest revisions of this proposed schedule, but Plaintiffs' timeline will not work for us."

19. In an email from Geoffrey Spaulding, dated October 23, 2024 at 9:03 a.m., PST, Plaintiffs stated: "To avoid a constant back and forth to get to 10 samples, Plaintiffs are providing a large list of samples," and provided a list of 42 potential selections.

20. In the October 23, 2024, discovery status conference, the Court extended the deadline for the privilege dispute joint letter briefing from October 25 to October 30, 2024. *See* ECF 1785.

21. Shortly after the discovery status conference, in an email dated October 23, 2024 1:29 p.m., PST, counsel for Uber emailed Plaintiffs about the briefing schedule. In light of the parties not scheduling sufficient time for briefing prior to the extension, Uber told Plaintiffs that the PTO 8 briefing schedule must be followed, pursuant to the Court's order (ECF 1732), so that Uber (which carries the burden on the motion) would "have sufficient time to respond."

22. In an email from Tiffany Ellis dated October 23, 2024 at 2:03 p.m., PST, Plaintiffs refused to follow PTO 8, stating that "[t]he Court's extension today contemplated that additional time would allow u[s] to better finalize our dispute and synthesize the issue for the Court. Your proposed schedule fails to take that into account."

23. In an email dated October 22, 2024 at 2:46 p.m., PST, counsel for Uber told Plaintiffs "The briefing schedule is not a matter of agreement or disagreement. The Court's order (ECF 1732) expressly states that the PTO 8 process applies other than the page limit, and the Court did not alter

4

MICHAEL B. SHORTNACY DECLARATION ISO DEFENDANTS' JOINT LETTER BRIEF
ON PRIVILEGE SAMPLING DISPUTE                                    Case No. 3:23-MD-3084-CRB

1 | the PTO 8 briefing timeline today (nor did today's minute entry from the status conference, ECF
2 | 1785)."
3 | 24. Plaintiffs continued to refuse to follow the PTO 8 schedule, stating in an email from Tiffany Ellis dated October 23, 2024 at 5:45 a.m., PST, that "the Court made clear today this is an iterative dispute and process, hence her amended deadline" (despite the Court not altering the PTO 8 briefing schedule), and stating in an email from Tiffany Ellis dated October 24, 2024 at 1:26 a.m., PST, that: "The Court inherently approved this timeline with her extension" based on statements made by Plaintiffs' counsel at the discovery status conference. Plaintiffs also refused to agree to a deadline for final selections of documents to include in the brief.

25. In light of Plaintiffs' refusal to follow PTO 8, the parties eventually agreed on a schedule in which Plaintiffs provided their portion of the draft brief on Saturday, October 26, 2024, and Uber provided its portion on Tuesday, October 29, 2024 at 6 p.m., PST.

26. Uber was prejudiced by Plaintiffs' refusal to follow PTO 8, leaving Uber with insufficient time to prepare its portion of the brief, requiring Uber's counsel to work around the clock to complete its portion of the draft letter brief and obtain supporting declarations from a number of different affiants to further support Uber's claims of privilege, in less than two business days.

27. Uber's counsel assesses each document subject to production for privilege. After initial privilege determinations are made, Uber employs quality control measures for productions and logging documents as privileged, pursuant to the applicable PTOs. Uber's review attorney teams have been working seven days a week to comply with the Court's orders.

28. Through October 29, Uber has served privilege logs for 11 priority custodians, logging 9,303 unique email threads.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 30, 2024.    By: */s/ Michael B. Shortnacy*
                                    Michael B. Shortnacy