RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1811]**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated October 30, 2024, ECF 1811 ("Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns eight documents:

| Document | Description | Designating Party |
|---|---|---|
| Unredacted Joint Letter Brief on Privilege Disputes | References to documents marked Confidential | Uber |
| Unredacted Declaration of T. Ellis ISO Joint Letter Brief on Privilege Disputes | References to documents marked Confidential | Uber |
| Ex. A to Ellis Declaration ISO Joint Discovery Letter | Document produced by Uber and marked Confidential | Uber |
| Ex. B to Ellis Declaration ISO Joint Discovery Letter | Chart created using privilege logs marked Confidential | Uber |
| Ex. C to Ellis Declaration ISO Joint Discovery Letter | Chart created using privilege logs marked Confidential | Uber |
| Declaration of S. Binnings ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Uber |
| Declaration of D. Kolta ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Uber |
| Declaration of M. Frangopoulos ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Uber |

These documents contain confidential, non-public and proprietary information, including confidential documents containing descriptions of confidential business information, descriptions of

confidential documents, general descriptions of privileged documents, and descriptions of the matters on which Uber sought and received legal advice. Disclosure of such documents would harm Uber's competitive standing. Uber therefore submits this statement requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## II.     LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a brief related to privilege disputes; they are not produced in relation to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Descriptions of the "circumstances under which [a party] sought and received legal advice and the purposes of such advice" is a "sufficient justification for sealing, even under the higher 'compelling reason' standard," as well as related "confidential business information." *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018) (collecting cases). Here, the lower "good cause" standard applies, making sealing all the more appropriate. *See also, e.g.* ECF Nos. 217, 221 (sealing exhibit that contained Uber employee names, business titles, and employment dates, among other information). "[C]ourts routinely grant motions

to seal [] confidential business information." *Natera, Inc. v. CareDx, Inc.*, No. 23-MC-80117-LJC, 2023 WL 4536375, at *2 (N.D. Cal. June 6, 2023) (Cisneros, J.).

### III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The eight documents related to the joint letter brief on privilege disputes (ECF 1812) should be sealed under the good cause standard. These documents contain confidential, non-public and proprietary information, including confidential documents containing descriptions of confidential business information, descriptions of confidential documents, general descriptions of privileged documents, and descriptions of the matters on which Uber sought and received legal advice. Disclosure of such documents would harm Uber's competitive standing. *See* Cummings Decl. ¶¶ 2-10. Uber has a legitimate interest in sealing the documents in order to avoid harm to its competitive standing. There are no less restrictive alternatives to sealing these documents.

#### A. Failing to Seal the Documents Would Harm Uber

The documents at issue contain confidential, non-public information, including confidential, non-public and proprietary information, confidential documents containing descriptions of confidential business information, descriptions of confidential documents, general descriptions of privileged documents, and descriptions of the matters on which Uber sought and received legal advice that could cause harm to Uber if publicly disseminated. *See* Cummings Decl. ¶¶ 2-10.

**Unredacted Joint Letter Brief re: Privilege Disputes:** The redacted portions of the letter brief contain the names and descriptions of confidential and privileged documents, names of internal business systems used by Uber, descriptions of Uber's confidential business proposals and practices and business relationships, employee names, and names of and general descriptions of privileged documents, including the matters on which Uber sought and received legal advice. It also contains references to a publicly available media article, but connects the article to a confidential, privileged document and general descriptions thereof. Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed. *Fed. Trade Comm'n v. Qualcomm Inc.*, No. 17-CV-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018).

1  **Unredacted Declaration of T. Ellis:**  The redacted portions of this declaration contain the descriptive name of a confidential and privileged document related to a business strategy document, names of internal business systems used by Uber, and descriptions of a confidential business decision or proposal.  "[C]ourts routinely grant motions to seal [] confidential business information." *Natera, Inc.*, 2023 WL 4536375, at *2.

**Ex. A to Ellis Declaration:**  This is a confidential, non-public, internal Uber email.  The email discusses a confidential business proposal and strategies regarding the same.  "[C]ourts routinely grant motions to seal [] confidential business information." *Natera, Inc.*, 2023 WL 4536375, at *2.

**Ex. B to Ellis Declaration:**  This is a chart created from confidential privilege log(s) provided by Uber.  The log contains information related to privileged documents, including numerous employee names and email addresses, document titles and email subjects, attorney names, and general descriptions of the bases for the privilege claims, revealing the matters on which Uber sought and received legal advice.  Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed.  *Qualcomm Inc.*, 2018 WL 2317835, at *6; *see also Fernandez v. CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds").

**Ex. C to Ellis Declaration:**  This is a chart created from information in confidential privilege log(s) provided by Uber and from Uber's draft portion of the letter brief.  Information from the log contains custodian names and general descriptions of the bases for the privilege claims, revealing the matters on which Uber sought and received legal advice.  The information from the letter brief contains redacted information (described above), including the descriptions of confidential and privileged documents, employee and attorney names, and general descriptions of privileged documents, including Uber's business relationships and the matters on which Uber sought and received legal advice.  Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed.

*Qualcomm Inc.*, 2018 WL 2317835, at *6; *see also Fernandez*, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds").

**Declaration of Scott Binnings:**  This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, names of Uber employees and attorneys, and general descriptions of the matters on which Uber sought and received legal advice.  Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed.  *Qualcomm Inc.*, 2018 WL 2317835, at *6.

**Declaration of Daniel Kolta:**  This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, names of Uber employees and attorneys, and general descriptions of the matters on which Uber sought and received legal advice.  Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed.  *Qualcomm Inc.*, 2018 WL 2317835, at *6.

**Declaration of Maureen Frangopoulos:**  This declaration contains descriptions of confidential and privileged documents and the business practices, plans, communications, and partnerships described therein, names of Uber employees and attorneys, and general descriptions of the matters on which Uber sought and received legal advice, as well as information about Uber's business relationships.  Disclosure of the circumstances under which a party sought and received legal advice and the purposes of such advice, as well as related confidential business information should be sealed.  *Qualcomm Inc.*, 2018 WL 2317835, at *6.

### B. A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

The letter brief and Ellis Declaration have already been redacted, and the redacted versions filed on the docket.  No less restrictive alternative to sealing the documents at issue is sufficient.  *See* Cummings Decl. ¶¶ 2-10. Actions short of sealing the documents would not protect Uber's legitimate interests.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal.

DATED: October 31, 2024

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC