UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER TO SHOW CAUSE WHY REQUEST TO SEAL SHOULD NOT BE DENIED**<br><br>Re: Dkt. Nos. 1811, 1817 |

  Plaintiffs filed an administrative motion to consider sealing portions of the parties' joint letter addressing privilege disputes, as well as attachments thereto, based on Uber's designations of confidentiality. Dkt. No. 1811. Although the Court would prefer that joint filings be accompanied by all arguments for sealing at the time they are filed, the Court appreciates Uber's prompt response, filed the next day. Dkt. No. 1817; *see* Dkt. No. 1559 at 3–4 (setting procedures for requests to seal joint filings). That response, however, falls short of Uber's obligation to ensure that its requests to seal are "narrowly tailored to seal only . . . sealable material." *See* Civ. L.R. 79-5(c)(3).

  Uber seeks to seal virtually every reference to its business records, including subject lines of emails, names of recipients, a quote of Uber's own public statement printed in a newspaper article, and general descriptions of subject matter of certain communications. Any suggestions that revealing this information could adversely affect Uber are conclusory and unconvincing. It is not clear what harm Uber could suffer from disclosing, for example, the recipients of emails that are not filed in the public record, or the fact that some of its employees discussed press coverage of Uber. As another example, Uber seeks to seal all mentions of its use of a Jira, a popular project management tool, despite the fact that Uber publicly advertises its use of that platform for at least some purposes. *See, e.g.*, "Uber's Sustainable Engineering Journey",

1  https://www.uber.com/blog/ubers-sustainable-engineering-journey/ (March 2, 2023; accessed
2  Nov. 1, 2024). There is no indication from Uber's filing that Uber's employees are expected to
3  treat the fact that Uber uses Jira as confidential, nor does Uber explain how any person or entity
4  could take advantage of that fact to harm Uber if it is disclosed.

5  Uber cites *Federal Trade Commission v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018
6  WL 2317835, at *6 (N.D. Cal. May 22, 2018), as supporting sealing information related to the
7  circumstances in which a party seeks legal advice. In that case, however, the defendant sought to
8  seal only portions of certain exhibits, and the court allowed sealing of those exhibits "to the extent
9  that they reveal confidential legal advice." *Id.* The *Qualcomm* decision noted that even the "good
10 cause" standard for sealing documents only tangentially related to the merits of a case (the
11 standard applicable here) "requires a 'particularized showing' that 'specific prejudice or harm will
12 result' if the information is disclosed," and that "'[b]road allegations of harm, unsubstantiated by
13 specific examples or articulated reasoning' will not suffice." *Id.* (quoting *Phillips ex rel. Estates
14 of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Beckman Indus., Inc. v.
15 Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)). *Qualcomm* does not stand for a rule that any
16 and every reference to documents at issue in a privilege dispute may be sealed.

17 Uber also cites *Qualcomm* and other decisions (including this Court's decision *Natera, Inc.
18 v. CareDx, Inc.*, No. 23-mc-80117-LJC, 2023 WL 4536375, at *2 (N.D. Cal. June 6, 2023)) as
19 allowing sealing of "confidential business information." But not all internal business information
20 is "confidential," and even if Uber treats certain information as confidential, it still must show that
21 disclosure would create at least some risk of harm to establish good cause to seal that information.
22 *See Phillips*, 307 F.3d at 1210–11 (citing *Beckman*, 966 F.2d at 476).

23 The Court recognizes that a meticulous description of all grounds for sealing every aspect
24 of a document may be unreasonably burdensome, particularly in discovery disputes where the
25 "good cause" standard applies. But Uber's approach of offering blanket assertions of
26 confidentiality to seal any reference to its documents merely offloads to the Court the task of
27 determining what information might actually risk any harm if disclosed. Uber is in a better
28 position than the Court to make those determinations, and the Court will be more inclined to

afford Uber the benefit of the doubt on what material warrants sealing if Uber demonstrates a good faith effort to tailor its requests narrowly, as required by precedent and this Court's local rules.

Few if any of the proposed redactions to the joint letter appear to be warranted. Although some of the attachments may be subject to sealing, Uber has not provided a sufficient showing to support that conclusion. Uber is therefore ORDERED TO SHOW CAUSE why the request to seal should not be denied in its entirety, by filing a response to this order establishing good cause to seal narrowly tailored portions of the joint filing no later than November 8, 2024.

Future motions to seal (or responses to motions to consider sealing) that do not demonstrate a good faith effort to tailor the request to material that in fact warrants sealing may be denied. *See, e.g.*, *In re Hewlett-Packard Co. S'holder Derivative Litig.*, No. 3:12-cv-06003-CRB, ECF No. 411 (N.D. Cal. July 28, 2015).

**IT IS SO ORDERED.**

Dated: November 1, 2024

LISA J. CISNEROS
United States Magistrate Judge