# EXHIBIT C

1  [Counsel Listed on Signature Page]

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This document relates to:<br><br>ALL ACTIONS | No. 3:23-md-03084-CRB<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER REGARDING WITHDRAWAL OF COUNSEL FOR UNRESPONSIVE PLAINTIFFS**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

The Uber Plaintiffs ("Plaintiffs") and the Uber Defendants (**"Defendants") (**collectively with Plaintiffs, the "Parties"), hereby submit the following Joint Stipulation and [Proposed] Order Regarding Withdrawal of Counsel for Unresponsive Plaintiffs.

WHEREAS, Plaintiffs have informed the Court and Defendants that counsel for certain Plaintiffs have been unable to make contact with some of their clients. In some but not all of these cases, counsel for the unresponsive ~~plaintiffs~~**Plaintiffs** have indicated that they intend to move to withdraw.

WHEREAS, the Plaintiffs and Defendants agree that where a Plaintiff is unresponsive to counsel, counsel should be permitted to withdraw, and the Plaintiff's claims should be dismissed for failure to prosecute if the Plaintiff, having received adequate notice, does not reengage and advise the Court of a desire to proceed. The Parties propose below a protocol for handling attorney withdrawal and dismissal under Rule 41(b) in these circumstances.

WHEREAS, under Civil Local Rule 11-5, counsel may withdraw from representation only with the Court's permission. The Court has discretion to determine whether a request to withdraw is made with good cause. In exercising this discretion, it applies California Rule of Professional Conduct 1.16(b), which lists factors warranting permissive withdrawal of counsel. Under the Rule, withdrawal is permissible where the client's conduct "renders it unreasonably difficult for the lawyer to carry out the representation effectively." Cal. Rule of Prof'l Conduct 1.16(b)(4).

WHEREAS, it is unreasonably difficult for a personal injury plaintiff's counsel to carry out the representation in this MDL if the plaintiff fails or refuses to communicate with counsel. *See Tikotzky v. Remax Real Pros*, 2020 WL 13281523, at *1 (C.D. Cal. Oct. 13, 2020); *Connally v. Cafe*, 2016 WL 1697937, at *2 (N.D. Cal. Apr. 28, 2016); *Ortiz v. Freitas*, 2015 WL 3826151, at *2 (N.D. Cal. June 18, 2015) ("Mr. Ortiz's failure to maintain regular contact with his counsel and cooperate in moving the litigation forward constitutes good cause for withdrawal."). Where both the Court and counsel have provided explicit written notice, permitting withdrawal does not cause harm to the administration of justice and will advance, rather than delay, the ultimate resolution of the plaintiff's case. *See In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & ~~Prod~~Prods. Liab. Litig.*, 2019 WL 13268604, at *1 (N.D. Cal. Aug. 30, 2019). This may be so even if the client does not consent to the withdrawal. *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (noting that the "consent of the

2

STIPULATION RE: WITHDRAWAL OF COUNSEL                                    3:23-md-03084-CRB

client is not dispositive").

WHEREAS, Federal Rule of Civil Procedure 41(b) provides for the involuntary dismissal of an action when "the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). "District courts have the inherent power to control their dockets and, '[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal of a case.'" *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (**alterations in original) (**citation omitted). The need for vigilance in maintaining control over the Court's docket and promoting efficient conduct of the litigation is more acute, and the Court's discretion is accordingly greater, in the context of multidistrict litigation. *In re Phenylpropanolamine (PPA) Prods.* ~~Liability~~**Liab.** *Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006); *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007) (noting that "MDL courts must be given greater discretion to organize, coordinate and adjudicate its proceedings, including the dismissal of cases for failure to comply with its orders"). The Court has the power to dismiss an action sua sponte for failure to prosecute. *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984).

WHEREAS, when determining whether to dismiss an action for failure to prosecute, courts weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *In re PPA*, 460 F.3d at 1226 (citation omitted). Taking these factors into consideration, several courts in the Ninth Circuit have ruled that a plaintiff who fails or refuses to communicate with their attorneys should at least be required to show cause why their case should not be dismissed. *See Williams v. County of Fresno*, 2022 WL 209327 (E.D. Cal. Mar. 3,

2022) (recommending dismissal)[1]; *McConnell v. United States*, 2021 WL 4818946 (N.D. Cal. Oct. 15, 2021) (ordering the plaintiff to show cause).

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, SUBJECT TO THE COURT'S APPROVAL:

1. If counsel for any ~~plaintiff~~**Plaintiff** has lost the ability to communicate effectively with that ~~plaintiff~~**Plaintiff**, counsel ~~should~~**shall** move the Court for permission to withdraw pursuant to Civil Local Rule 11-5. In so moving, Plaintiff's counsel must document that his or her client has repeatedly failed to respond to counsel's communications in a manner consistent with counsel's confidentiality obligations.

2. The Court will then enter a show-cause order (attached hereto as Exhibit A) directing the ~~plaintiff~~**Plaintiff** to advise the ~~court~~**Court** in writing within thirty-five (35) days whether he or she intends to proceed with the case, either through current counsel, with substitute counsel, or without counsel. The order will advise the ~~plaintiff~~**Plaintiff** that if the ~~plaintiff responds to~~**Plaintiff informs** the Court that he or she no longer desires to proceed with the case, or if the ~~plaintiff~~**Plaintiff** fails to respond within the time provided, the ~~plaintiff's~~**Plaintiff's** claims will be dismissed for failure to prosecute under Fed. R. Civ. P. 41(b).

3. Simultaneous with any motion to withdraw, the ~~plaintiff's~~**Plaintiff's** counsel must send to the ~~plaintiff~~**Plaintiff**, by any means available, written notice that counsel has sought the Court's permission to withdraw because of the failure to communicate.

4. Plaintiff's counsel shall mail the Court's show-cause order to the ~~plaintiff~~**Plaintiff** at the ~~plaintiff's~~**Plaintiff's** home address. The ~~plaintiff's~~**Plaintiff's** counsel shall be required to make diligent continued efforts to contact the ~~plaintiff~~**Plaintiff** during the

---

[1] *Findings and recommendations adopted*, 2022 WL 624567 (E.D. Cal. Mar. 3, 2022).

4

1  35-day notice period. The ~~plaintiff's~~**Plaintiff's** counsel shall promptly inform the Court if it

2  succeeds in re-establishing communication with the ~~plaintiff~~**Plaintiff** during the 35-day notice

3  period.

4    5. If the ~~plaintiff~~**Plaintiff** timely responds to the show-cause order, the Court shall

5  exercise its discretion in determining whether to permit counsel's withdrawal.

6

7    6. If the ~~plaintiff~~**Plaintiff** timely responds to the show-cause order and states that

8  he or she no longer wishes to proceed with the case, or if the ~~plaintiff~~**Plaintiff** fails to respond

9  to the show-cause order, the Court shall enter an order permitting counsel's withdrawal and

10 ~~shall separately enter an order~~ dismissing the ~~plaintiff's claims~~**Plaintiff's claims under Fed. R.**

11 **Civ. P. 41(b) (attached hereto as Exhibit B)**.

12   IT IS SO STIPULATED, through Counsel of Record.

13 Dated: November 2, 2024

14

| | |
|---|---|
| By: /s/Rachel B. Abrams | Respectfully submitted,<br>By: /s/_____ |
| RACHEL B. ABRAMS (SBN 209316) | MICHAEL B. SHORTNACY (SBN: 277035) |
| **PEIFFER WOLF CARR KANE** | mshortnacy@shb.com |
| **CONWAY & WISE, LLP** | **SHOOK, HARDY & BACON, L.L.P.** |
| 555 Montgomery Street, Suite 820 | 2049 Century Park East, Suite 3000 |
| San Francisco, CA 94111 | Los Angeles, CA 90067 |
| Telephone: (415) 426-5641 | Telephone: (424) 285-8330 |
| Email: rabrams@peifferwolf.com | Facsimile: (424) 204-9093 |
| *Co-Lead Counsel for Plaintiffs* | |
| | PATRICK OOT (*Pro Hac Vice*) |
| ROOPAL P. LUHANA (*Pro Hac Vice*) | oot@shb.com |
| **CHAFFIN LUHANA LLP** | **SHOOK, HARDY & BACON, L.L.P.** |
| 600 Third Avenue, Fl. 12 | 1800 K Street NW, Suite 1000 |
| New York, NY 10016 | Washington, DC 20006 |
| Telephone: (888) 480-1123 | Telephone: (202) 783-8400 |
| Email: luhana@chaffinluhana.com | Facsimile: (202) 783-4211 |
| | |
| SARAH R. LONDON (SBN 267083) | RANDALL S. LUSKEY (SBN: 240915) |
| **LIEFF CABRASER HEIMANN &** | rluskey@paulweiss.com |
| **BERNSTEIN** | **PAUL, WEISS, RIFKIND, WHARTON &** |
| 275 Battery Street, Fl. 29 | **GARRISON LLP** |
| San Francisco, CA 94111 | 535 Mission Street, 24th Floor |
| Telephone: (415) 956-1000 | San Francisco, CA 94105 |

| | | |
|---|---|---|
| 1 | Email: slondon@lchb.com | Telephone: (628) 432-5100 |
| 2 | | Facsimile: (628) 232-3101 |
| 3 | | ROBERT ATKINS *(Pro Hac Vice)* |
| | | ratkins@paulweiss.com |
| 4 | | CAITLIN E. GRUSAUSKAS *(Pro Hac Vice)* |
| | | cgrusauskas@paulweiss.com |
| 5 | | ANDREA M. KELLER *(Pro Hac Vice)* |
| | | akeller@paulweiss.com |
| 6 | | **PAUL, WEISS, RIFKIND, WHARTON &** |
| 7 | | **GARRISON LLP** |
| | | 1285 Avenue of the Americas |
| 8 | | New York, NY 10019 |
| | | Telephone: (212) 373-3000 |
| 9 | | Facsimile: (212) 757-3990 |

**CERTIFICATE OF SERVICE**

I hereby certify the on ~~October 16~~**November 2**, 2024, I electronically filed the foregoing document with the Clerk of Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/Rachel B. Abrams*

6

STIPULATION RE: WITHDRAWAL OF COUNSEL                                3:23-md-03084-CRB

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**ORDER TO SHOW CAUSE** |
| *This document relates to:*<br><br>[Insert Case Caption and Civil Action No.] | |

Pursuant to Civil Local Rule 11-5, counsel for Plaintiff filed a motion to ~~withdrawal~~**withdraw** as counsel because counsel has lost the ability to communicate effectively with Plaintiff. Accordingly, it is ORDERED that:

1. Plaintiff shall advise the Court in writing within thirty-five (35) days whether he or she intends to proceed with the case, either through current counsel, with substitute counsel, or without counsel. The Court can be contacted via email at crbcrd@cand.uscourts.gov or mail at Senior District Judge Charles R. Breyer, San Francisco Courthouse, Courtroom 6 – 17th Floor 450 Golden Gate Avenue, San Francisco, CA 94102.

2. On this same day, Plaintiff's counsel shall send this show-cause order to the Plaintiff at the Plaintiff's home address and email. The Plaintiff's counsel shall be required to

1   make diligent continued efforts to contact the Plaintiff during the 35-day notice period.
2   Plaintiff's counsel shall promptly inform the Court if it succeeds in re-establishing
3   communication with the ~~plaintiff~~**Plaintiff** during the 35-day notice period.

4     3. If the Plaintiff timely responds to this show-cause order, the Court shall exercise
5   its discretion in determining whether to permit counsel's withdrawal.

6     4. If the Plaintiff timely responds to this show-cause order and states that he or she
7   no longer wishes to proceed with the case, or if the ~~plaintiff~~**Plaintiff** fails to respond to the
8   show-cause order, the Court shall enter an order permitting counsel's withdrawal and ~~shall
9   separately enter an order~~ dismissing the ~~plaintiff's~~**Plaintiff's** claims under Fed. R. Civ. P. 41(b).

SO ORDERED on this ___ day of _____, 20___

_____
HON. CHARLES R. BREYER
United States District Judge

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB |
| | ORDER RE WITHDRAWAL OF COUNSEL AND DISMISSAL OF CLAIMS |
| *This document relates to:* | |
| [Insert Case Caption and Civil Action No.] | |

Pursuant to Civil Local Rule 11-5, counsel for Plaintiff filed a motion to withdraw as counsel because counsel has lost the ability to communicate effectively with Plaintiff. The Court entered a show-cause order on _____, requiring Plaintiff to advise the Court in writing within thirty-five (35) days whether he or she intended to proceed with the case, either through current counsel, with substitute counsel, or without counsel. Plaintiff has either failed to inform the Court whether he or she intended to proceed with the case within the time allotted or has informed the Court that he or she does not intend to proceed with the case.

Accordingly, it is ORDERED that:

1. Plaintiff's counsel's motion to withdraw is granted.
2. Plaintiff's claims are dismissed under Fed. R. Civ. P. 41(b).

1

1
2
3   SO ORDERED on this ___ day of _____, 20___
4
5                                    _____
                                     **HON. CHARLES R. BREYER**
6                                    **United States District Judge**
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

2

STIPULATION RE: WITHDRAWAL OF COUNSEL                    3:23-md-03084-CRB

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>*This document relates to:*<br><br>ALL ACTIONS | No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER REGARDING WITHDRAWAL OF COUNSEL FOR UNRESPONSIVE PLAINTIFFS**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

The Court hereby GRANTS the parties' Stipulation Regarding Withdrawal of Counsel for Unresponsive Plaintiffs as follows:

1. If counsel for any ~~plaintiff~~**Plaintiff** has lost the ability to communicate effectively with that ~~plaintiff~~**Plaintiff**, counsel ~~should~~**shall** move the Court for permission to withdraw pursuant to Civil Local Rule 11-5. In so moving, Plaintiff's counsel must document that his or her client has repeatedly failed to respond to counsel's communications in a manner consistent with counsel's confidentiality obligations.

2. The Court will then enter a show-cause order (attached hereto as Exhibit A) directing the ~~plaintiff~~**Plaintiff** to advise the ~~court~~**Court** in writing within thirty-five (35) days whether he or she intends to proceed with the case, either through current counsel, with substitute counsel, or without counsel. The order will advise the ~~plaintiff~~**Plaintiff** that if the

1  ~~plaintiff responds to~~**Plaintiff informs** the Court that he or she no longer desires to proceed with
2  the case, or if the ~~plaintiff~~**Plaintiff** fails to respond within the time provided, the
3  ~~plaintiff's~~**Plaintiff's** claims will be dismissed for failure to prosecute under Fed. R. Civ. P.
4  41(b).
5  
6      3.  Simultaneous with any motion to withdraw, the ~~plaintiff's~~**Plaintiff's** counsel must
7  send to the ~~plaintiff~~**Plaintiff**, by any means available, written notice that counsel has sought the
8  Court's permission to withdraw because of the failure to communicate.
9      4.  Plaintiff's counsel shall mail the Court's show-cause order to the
10 ~~plaintiff~~**Plaintiff** at the ~~plaintiff's~~**Plaintiff's** home address. The ~~plaintiff's~~**Plaintiff's** counsel
11 shall be required to make diligent continued efforts to contact the plaintiff during the 35-day
12 notice period. The ~~plaintiff's~~**Plaintiff's** counsel shall promptly inform the Court if it succeeds
13 in re-establishing communication with the ~~plaintiff~~**Plaintiff** during the 35-day notice period.
14 
15     5.  If the ~~plaintiff~~**Plaintiff** timely responds to the show-cause order, the Court shall
16 exercise its discretion in determining whether to permit counsel's withdrawal.
17     6.  If the ~~plaintiff~~**Plaintiff** timely responds to the show-cause order and states that
18 he or she no longer wishes to proceed with the case, or if the ~~plaintiff~~**Plaintiff** fails to respond
19 to the show-cause order, the Court shall enter an order permitting counsel's withdrawal and
20 ~~shall separately enter an order~~ dismissing the ~~plaintiff's claims~~**Plaintiff's claims under Fed. R.**
21 **Civ. P. 41(b) (attached hereto as Exhibit B)**.
22 
23     IT IS SO ORDERED.
24
25 Dated: _____, 2024       _____
26                                    HON. CHARLES R. BREYER
                                       United States District ~~Judgefc~~**Judge**
27
28

2

| Summary report: Litera Compare for Word 11.2.0.54 Document comparison done on 11/2/2024 7:44:37 PM ||
|---|---|
| **Style name:** PW Basic ||
| **Intelligent Table Comparison:** Active ||
| **Original filename:** Original.docx ||
| **Modified filename:** Modified.docx ||
| **Changes:** ||
| **Add** | 68 |
| **Delete** | 54 |
| **Move From** | 0 |
| **Move To** | 0 |
| **Table Insert** | 1 |
| **Table Delete** | 0 |
| **Table moves to** | 0 |
| **Table moves from** | 0 |
| Embedded Graphics (Visio, ChemDraw, Images etc.) | 0 |
| Embedded Excel | 0 |
| Format changes | 0 |
| **Total Changes:** | 123 |