RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.C. v. Uber Technologies, Inc., et al.*<br>Case No.: 3:24-cv-03608-CRB | MDL No. 3084 CRB<br><br>Judge:   Honorable Charles Breyer |

UBER TECHNOLOGIES, INC., RASIER, LLC'S,
AND RASIER-CA, LLC'S CROSS-CLAIMS                                    Case No. 3:24-cv-03608

### UBER TECHNOLOGIES, INC., RASIER, LLC'S AND RASIER-CA, LLC'S CROSS-CLAIMS

Pursuant to Federal Rule of Civil Procedure 13(g), Defendants and Cross-Claimants Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC (collectively, "Defendants" and "Cross-Claimants") by and through their attorneys, hereby allege the following against Desalegne Nega ("Cross-Defendant"):

### GENERAL ALLEGATIONS

1. Defendant and Cross-Claimant Uber Technologies, Inc. is a California corporation that is registered with and conducts business within the State of California.

2. Defendant and Cross-Claimant Rasier, LLC is a limited liability company that is registered with and conducts business within the State of California.

3. Defendant and Cross-Claimant Rasier-CA, LLC is a limited liability company that is registered with and conducts business within the State of California.

4. Based on information and belief, Cross-Defendant Desalegne Nega is an individual residing in the State of Nevada.

5. Cross-Claimants Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC are Defendants in the above-entitled action wherein M.C. ("Plaintiff"), seeks damages for injuries allegedly caused by Uber Technologies, Inc.; Rasier, LLC; Rasier-CA, LLC; and others, by way of her Original Petition and Demand for Jury trial, filed on April 25, 2024, in the Circuit Court of the Twenty-Second Judicial Circuit, City of St. Louis, Missouri and removed to the United States District Court for the Eastern District of Missouri, Case No. 4:24-cv-00737, Plaintiff's Short Form Complaint, filed on June 18, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:24-cv-3608, and the Master Long Form Complaint filed on February 15, 2024, in Case No. 3:23-md-03084-CRB (collectively, the "Complaint"). Cross-Claimants

-3-

incorporate the Complaint herein for reference, and deny any fault or liability for causing Plaintiff's alleged injuries or damages.

6. By way of the Complaint, Plaintiff seeks damages arising from an alleged sexual assault that purportedly occurred in St. Louis, Missouri.

7. In the event that, as a result of the underlying action, it is determined that Plaintiff is entitled to recover from Cross-Claimants, and there have been acts or omissions for which Cross-Claimants are responsible, said acts or omissions were caused by the primary and active tortious or otherwise actionable conduct of the Cross-Defendant.

## JURISDICTION

8. This Court has jurisdiction of the underlying action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the underlying action is between citizens of different states.

9. This Court has jurisdiction over these Cross-Claims pursuant to 28 U.S.C. section 1367(a) because the Cross-Claims share a common nucleus of operative facts with the underlying action so that the Cross-Claims are so related to the underlying action as to form part of the same case or controversy.

## DIVISIONAL ASSIGNMENT

10. Assignment in the Northern District of California, San Francisco Division, is appropriate because the Judicial Panel on Multidistrict Litigation has consolidated and transferred the underlying action to this Court pursuant to 28 U.S.C. section 1407. *See* Case No. 3:24-cv-3608, Dkt. 14.

## FIRST CROSS-CLAIM

**(Contractual Indemnity)**

-3-

11. Cross-Claimants incorporate by reference all preceding paragraphs as if fully set forth herein.

12. Cross-Defendant entered into multiple written agreements with Cross-Claimants. Those agreements outline the respective rights and responsibilities relating to Cross-Defendant's use of the Uber App. Of particular relevance here, Cross-Defendant agreed to indemnify and defend Cross-Claimants, including with respect to claims such as those asserted by Plaintiff in the underlying Complaint against Cross-Claimants. The circumstances that give rise to Cross-Defendant's contractual duty to indemnify and defend are the subject of Plaintiff's Complaint against Cross-Claimants.

13. On January 8, 2020, Cross-Defendant entered into a Platform Access Agreement ("PAA") with Rasier, LLC. This PAA governed Cross-Defendant's "access to [Cross-Claimants'] platform . . . which facilitates [Cross-Defendant's] provision of rideshare or peer-to-peer transportation service . . . to account holders seeking to access certain types of P2P Services . . . ." (**Exhibit A – Platform Access Agreement, Updated Jan. 6, 2020, p. 1**). It further granted Cross-Defendant "a non-exclusive, non-transferable, non-sublicensable, non-assignable license, during the term of this Agreement, to use our Platform" that was "[s]ubject to the terms and conditions of this Agreement." (***Id.* ¶ 2.1**). The PAA required Cross-Defendant, among other things, to comply with "all laws . . . that apply to [his] provision of Rides." (***Id.* ¶ 2.2**).

14. In connection with the PAA, Cross-Defendant also entered into an Indemnity Agreement with Rasier, LLC on January 8, 2020. The Indemnity Agreement provides:

> To the maximum extent permitted by applicable law, you will indemnity, defend (at our option) and hold us and our affiliates and each of our and their respective officers, directors, employees, agents, or shareholders harmless from and against all claims, liabilities, expenses (including reasonable attorney's fees and related expenses), damages, penalties, fines, social security contributions and taxes ("*Losses*") asserted by a third party and arising out of or related to your breach or alleged breach of the

-4-

      Agreement or this Indemnity Agreement, your provision of Rides, your access to our Platform or your interaction with any third party.

**(Exhibit B – Indemnity Agreement, Updated Jan. 6, 2020, ¶ 1.1).**

15.    Plaintiff's Complaint alleges, among other things, conduct entitling Plaintiff to compensatory damages against Cross-Claimants. Specifically, Plaintiff's Complaint alleges that on or about July 11, 2020, while providing her a ride using the Uber App, Cross-Defendant "began to touch Plaintiff's leg. Plaintiff was wearing a skirt at the time. Plaintiff asked Uber driver to remove his hand from her upper thigh. The Uber driver responded asking why he would do that. The Uber driver then moved his hand further up Plaintiff's leg, pulled back her underwear and inserted two fingers into Plaintiff's vagina." **(Pl.'s Original Petition and Demand for Jury Trial, filed on April 25, 2024, in the Circuit Court of the Twenty-Second Judicial Circuit, City of St. Louis, Missouri and removed to the United States District Court for the Eastern District of Missouri, Case No. 4:24-cv-00737, ¶¶67-68).**

16.    The damages alleged by Plaintiff arise out of or relate to Cross-Defendant's alleged tortious or otherwise wrongful conduct, which arises out of or relates to his breach of the PAA and the Indemnity Agreement with Cross-Claimants, provision of Rides, access to Cross-Claimants' platform, and interaction with a third party.

17.    Cross-Defendant's alleged tortious or otherwise actionable conduct is therefore covered by the PAA and Indemnity Agreement he entered into with Cross-Claimants and gives rise to Cross-Defendant's contractual duty to indemnify and defend.

18.    Cross-Claimants deny liability for the events and occurrences described in Plaintiff's Complaint.

19.    Cross-Defendant's alleged tortious or otherwise actionable conduct was the direct and proximate cause of the damages alleged by Plaintiff.

20. As a result, if Cross-Claimants are found in some manner liable to Plaintiff in this action under any theory of recovery, Cross-Claimants allege that their liability would be based solely upon a derivative form of liability not resulting from their conduct and, therefore, are entitled to complete indemnity from Cross-Defendant.

21. By reason of the foregoing, Cross-Claimants are entitled to be fully defended and indemnified by Cross-Defendant for any amounts which may in good faith be paid by way of compromise, settlement, or judgment. Additionally, Cross-Claimants are entitled to all costs, expenses, and attorneys' fees that Cross-Claimants incurred in the defense of the underlying action brought by Plaintiff and the prosecution of these Cross-Claims.

## **SECOND CROSS-CLAIM**

### **(Equitable Indemnity)**

22. Cross-Claimants incorporate herein each allegation set forth above.

23. Alternatively, if the Court were to find that Cross-Claimants are not entitled to express contractual indemnity from Cross-Defendant, Cross-Claimants allege that they are entitled to noncontractual, equitable indemnity from Cross-Defendant.

24. Plaintiff's Complaint alleges, among other things, that Cross-Claimants are vicariously liable for Cross-Defendant's conduct.

25. Cross-Claimants deny any relationship giving rise to vicarious liability for Cross-Defendant's conduct.

26. If Cross-Claimants are found vicariously liable for Cross-Defendant's conduct, any such relationship between Cross-Claimants and Cross-Defendant that gives rise to vicarious liability also gives rise to noncontractual, equitable indemnity.

27. Cross-Claimants deny liability for the events and occurrences described in Plaintiff's Complaint, and, if Plaintiff has been injured or damaged as alleged in the Complaint, any such injuries

or damages were directly and proximately caused and contributed to by the negligence or other tortious conduct of Cross-Defendant.

28. As a result, if Cross-Claimants are found in some manner liable to Plaintiff in this action under any theory of recovery, Cross-Claimants allege that their liability would be based solely upon a derivative form of liability not resulting from their conduct, and, therefore, are entitled to complete indemnity from Cross-Defendant.

29. Under the foregoing circumstances, Cross-Claimants are entitled to be fully indemnified by Cross-Defendant for any amounts which may in good faith be paid by way of compromise, settlement, or judgment.

30. Cross-Claimants are further entitled to be held harmless and indemnified by Cross-Defendant for the reasonable costs incurred in the defense of this action and prosecuting these Cross-Claims, and for attorneys' fees incurred herein.

### **THIRD CROSS-CLAIM**

### **(Contribution)**

31. Cross-Claimants incorporate herein each allegation set forth above.

32. If Plaintiff has been injured or damaged as alleged in the Complaint, any such injuries or damages were directly and proximately caused and contributed to by the negligence or other tortious conduct of Cross-Defendant, such that Cross-Defendant is a tortfeasor, originally liable to Plaintiff.

33. The fault, acts, or omissions of Cross-Claimants, if any, must be compared with the fault, acts, or omissions of Cross-Defendant or any other persons or parties.

34. Under the foregoing circumstances, any award of damages to Plaintiff pursuant to her claims in the Complaint must be apportioned to, and be paid by, Cross-Defendant according to the degree of Cross-Defendant's fault, acts, or omissions.

35. As a result, if Cross-Claimants are held liable to Plaintiff on any of the allegations made in the Complaint, Cross-Defendant, to the extent of Cross-Defendant's fault, is obligated to reimburse and will be liable to Cross-Claimants for any liabilities so assessed by way of contribution. Accordingly, Cross-Claimants assert herein their rights to such contribution. Specifically, Cross-Claimants assert that Cross-Defendant is obligated to provide an equitable contribution to any judgment or settlement herein awarded in direct proportion to the amount of negligence or fault of Cross-Defendant.

## FOURTH CROSS-CLAIM

### (Declaratory Relief)

36. Cross-Claimants incorporate herein each allegation set forth above.

37. Without in any way acknowledging any liability to Plaintiff, Cross-Claimants allege that, if Cross-Claimants are ultimately held liable in this action, such liability will be the direct and proximate result of the negligent or otherwise actionable conduct of Cross-Defendant. As a result, Cross-Claimants allege that Cross-Defendant is obligated to fully or partially indemnify Cross-Claimants for the sums that they may be compelled to pay as a result of any damages, judgments, or other awards against Cross-Claimants in this action, if any, and to pay Cross-Claimants' attorneys' fees and costs incurred in defending against the claims of Plaintiff in this action and prosecuting these Cross-Claims.

38. Cross-Claimants desire a judicial determination of the respective rights and duties of Cross-Claimants and Cross-Defendant with respect to the damages claimed in Plaintiff's Complaint. In particular, Cross-Claimants desire a declaration of the respective liabilities of Cross-Claimants and Cross-Defendant for such damages, if any, and a declaration of Cross-Defendant's responsibilities to indemnify Cross-Claimants and to hold them harmless from any sums that they may be compelled to

-8-

pay, and for the attorneys' fees and costs Cross-Claimants have already incurred and will incur in defending against Plaintiff's claims and prosecuting these Cross-Claims.

39. Such a declaration is necessary and appropriate at this time to enable Cross-Claimants to ascertain their rights and duties with respect to the defense of this action and the payment of any damages, judgment, or other awards that may be recovered against them by Plaintiff. Furthermore, the claims of Plaintiff and the claims of Cross-Claimants arise out of the same transaction and occurrence, and a determination of both in one proceeding is necessary and appropriate to avoid the multiplicity of actions that would result if Cross-Claimants are required to defend against the claims of Plaintiff in the Complaint and then bring a subsequent action against Cross-Defendant for indemnification and contribution of sums that Cross-Claimants may be compelled to pay as a result of any damages, judgments, or other awards recovered by Plaintiff against Cross-Claimants, if any.

## **PRAYER**

Wherefore, Cross-Claimants respectfully pray for the following judgment:

1. For judgment against Cross-Defendant on the First Cross-Claim, awarding Cross-Claimants total express contractual indemnity for any amounts which may in good faith be paid by Cross-Claimants to Plaintiff by way of compromise, settlement, or judgment;

2. For judgment against Cross-Defendant on the Second Cross-Claim, awarding Cross-Claimants complete equitable indemnity for any sum Cross-Claimants must pay to Plaintiff;

3. For judgment against Cross-Defendant on the Third Cross-Claim, in the form of contribution based on the Cross-Defendant's proportionate share of fault on any sums adjudged against Cross-Claimants, if any, in favor of Plaintiff herein;

4. For a judicial determination on the Fourth Cross-Claim of the responsibilities of Cross-Defendant to fully or partially indemnify and hold Cross-Claimants harmless from any damages,

-9-

UBER TECHNOLOGIES, INC., RASIER, LLC'S,
AND RASIER-CA, LLC'S CROSS-CLAIMS                                    Case No. 3:24-cv-03608

judgment, or other awards that may be recovered against Cross-Claimants by Plaintiff on the Complaint pursuant to principles of indemnity or contribution;

5. For any other equitable decree or order required to apportion liability and damages, and ensure Cross-Defendant reimburses Cross-Claimants for any payments they make to Plaintiff in excess of Cross-Claimants' proportionate share of fault, if any;

6. That Cross-Claimants be awarded their attorneys' fees and costs incurred in this action to the extent permitted by law; and

7. For any and such further relief as the Court may determine is just and proper.

DATED: November 5, 2024      Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006

-10-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC