ROBERT ATKINS (*Admitted Pro Hac Vice*)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Admitted Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF
  mpricewolf@paulweiss.com (SBN: 254495)
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1811] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF No. 1818]**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' AMENDED STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS AND RESPONSE TO ORDER TO SHOW CAUSE

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this amended statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated October 30, 2024, ECF 1811 ("Plaintiffs' Motion") and response to the Court's November 1, 2024 Order to Show Cause Why Request to Seal Should Not Be Denied, ECF 1818.

Uber's initial statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal was filed on October 31, 2024, one day after Plaintiffs' administrative motion, pursuant to the Court's September 3, 2024 Order, ECF 1559, pp. 3-4 (explaining that, for PTO 8 joint letter briefs, motions to seal are due at the time of filing (if the party seeking to seal is also the party filing the PTO 8 brief), and that responsive submissions in support of sealing (if the party seeking to seal is the non-filing party) are due 1 day after filing unless that party seeking to seal was notified of the inclusion of the confidential information or materials "too late … to comply within one business day").

## I. RESPONSE TO ORDER TO SHOW CAUSE

Uber acknowledges the Court's guidance in its November 1, 2024 Order to Show Cause Why Request to Seal Should Not Be Denied, ECF 1818. While Uber had a good faith basis to believe its requests were appropriate under the less restrictive "good cause" standard for sealing materials used in non-dispositive briefing, *see, e.g., Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002), Uber does not contest the Court's guidance and seeks to implement it in this amended

statement by withdrawing certain requests to seal documents in their entirety, proposing redactions in place of sealing certain documents in their entirety, and revising the scope of existing redactions.

Uber also notes that the Court's requirement that responsive filings in support of sealing be filed within one day (ECF 1559, pp. 3-4) is a significant obstacle to the type of narrow tailoring the Court requires. This is particularly true when edits to the brief and supporting declarations are routinely made on the day of filing, exhibits are often not identified four business days in advance (as PTO 8 contemplates), and different confidential information and documents are often identified for inclusion in a PTO 8 brief at different times (making it unclear whether the 1 day or 7 day deadline applies under the Court's guidance in its September 3 Order). Uber believes the 7 day deadline under Civil Local Rules 79-5(f)(3) for responding to an administrative motion to consider whether another party's material should be filed under seal would better allow sufficient time for parties to narrowly tailor their requests to seal.

## II.    BACKGROUND AND REQUESTED SEALING

Plaintiffs' administrative motion concerns eight documents. Uber submits revised requests to seal or maintain redactions:

| Document | Description | Uber's Revised Requests to Seal | Designating Party |
|---|---|---|---|
| Unredacted Joint Letter Brief on Privilege Disputes | References to documents marked Confidential | Proposes Revised Redactions | Uber |
| Unredacted Declaration of T. Ellis ISO Joint Letter Brief on Privilege Disputes | References to documents marked Confidential | Withdraws Request to Seal | Uber |

| Document | Description | Uber's Revised Requests to Seal | Designating Party |
|---|---|---|---|
| Ex. A to Ellis Declaration ISO Joint Discovery Letter | Document produced by Uber and marked Confidential | Maintains Request to Seal in Full | Uber |
| Ex. B to Ellis Declaration ISO Joint Discovery Letter | Chart created using privilege logs marked Confidential | Proposes Redactions and Withdraws Request to Seal in Full | Uber |
| Ex. C to Ellis Declaration ISO Joint Discovery Letter | Chart created using privilege logs marked Confidential | Withdraws Request to Seal | Uber |
| Declaration of S. Binnings ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Maintains Request to Seal in Full | Uber |
| Declaration of D. Kolta ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Maintains Request to Seal in Full | Uber |
| Declaration of M. Frangopoulos ISO Joint Discovery Letter | Contains general descriptions of confidential and privileged documents and matters on which Uber sought and received legal advice | Maintains Request to Seal in Full | Uber |

These documents contain confidential, non-public and proprietary information, including a confidential, internal email discussing confidential plans for a business

initiative, email addresses of Uber employees and third parties, declarations describing privileged communications and the circumstances under which Uber sought and received legal advice, and an email subject line with descriptions of the specific matters on which Uber sought and received legal advice. Disclosure of such documents would harm Uber's competitive standing and violate the privacy rights of third parties. Uber therefore submits this amended statement requesting that the Court seal the documents under Local Rule 79-5(f)(3).

## III. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from *annoyance*, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a brief related to privilege disputes; they are not produced in relation to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180. Importantly, there is little to no public interest in access to discovery materials. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016) (citing

1  *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) (explaining that discovery is
2  largely "conducted in private as a matter of modern practice," so the public is not
3  presumed to have a right of access to it); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st
4  Cir.1986) ("There is no tradition of public access to discovery, and requiring a trial
5  court to scrutinize carefully public claims of access would be incongruous with the goals
6  of the discovery process.")).

7  "Courts have found that 'confidential business information' in the form of '...
8  business strategies' satisfies the 'compelling reasons' standard," and thus, *a priori*,
9  meets the lower good cause standard. *Jam Cellars, Inc. v. Wine Grp. LLC*, No. 19-CV-
10 01878-HSG, 2020 WL 5576346, at *1 (N.D. Cal. Sept. 17, 2020). "Courts in this circuit
11 routinely seal email addresses and other personal identifying information under the
12 compelling reasons standard due to the potential privacy harm to the individual whose
13 contact information may be exposed." *Jones v. PGA Tour, Inc*., No. 22-CV-04486-
14 BLF, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility
15 Ctr. Litig*., No. 18-CV-01586-JSC, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021)
16 (noting that "there are compelling reasons to seal customer names, … as well as
17 employee email addresses"). Information on privilege logs can also be sealed under the
18 "good cause" standard to the extent they "reflect the identity of documents and
19 communications withheld ... from production on privilege grounds." *Fernandez v.
20 CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D.
21 Cal. Mar. 8, 2023).

22 **IV.   UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

23 The documents at issue should be sealed under the good cause standard. These
24 documents contain confidential, non-public and proprietary information, including
25 descriptions of non-public, a confidential business plan, declarations describing
26 privileged communications and the circumstances under which Uber sought and
27 received legal advice, email addresses of Uber employees and third parties, and an email
28

subject line with descriptions of the specific matters on which Uber sought and received legal advice. *See* Cummings Decl. ¶¶ 2-8. Uber has a legitimate interest in sealing the documents. There are no less restrictive alternatives to redacting or sealing these documents.

### A.  FAILING TO SEAL THE DOCUMENTS WOULD HARM UBER

The documents at issue contain confidential, non-public and proprietary information, including a confidential, internal email discussing confidential plans for a business initiative, email addresses of Uber employees and third parties, declarations describing privileged communications and the circumstances under which Uber sought and received legal advice, and an email subject line with descriptions of the specific matters on which Uber sought and received legal advice. Disclosure of such documents would harm Uber's competitive standing and violate the privacy rights of third parties. *See* Cummings Decl. ¶¶ 2-8.

**Unredacted Joint Letter Brief re: Privilege Disputes:** The amended redactions in the letter brief contain email addresses for two third parties, and one email subject line with descriptions of the specific matters on which Uber was engaged in confidential communications with a regulator and on which it sought and received legal advice. *See Jones*, 2023 WL 7434197, at *2 ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"); *Fernandez v. CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds"). Disclosure of this document could harm Uber by

revealing the matters on which it engaged in confidential communications with regulators and sought legal advice about the same.

**Ex. A to Ellis Declaration:** This is a confidential, non-public, internal Uber email produced in discovery. The email discusses a confidential business proposal and detailed strategies, work streams, and business considerations regarding the same. *See Jam Cellars*, 2020 WL 5576346, at *1 ("Courts have found that 'confidential business information' in the form of '... business strategies' satisfies the 'compelling reasons' standard."); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d at 1097. Disclosure of this document could harm Uber competitively by revealing its internal business strategies, plans, and processes.

**Ex. B to Ellis Declaration:** This is a chart created from confidential privilege log(s) provided by Uber. The amended redactions in this chart contain employee and third party email addresses one email subject line with descriptions of the specific matters on which Uber was engaged in confidential communications with a regulator and on which it sought and received legal advice. *See Fernandez v. CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds"); *Jones*, 2023 WL 7434197, at *2 ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").

**Declaration of Scott Binnings:** This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, names of Uber employees and attorneys, and descriptions of the matters on which Uber sought and received legal advice. The

declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. It also describes which particular individuals and attorneys had involvement in various projects and initiatives. Disclosure of this confidential internal information may cause Uber competitive harm and also risks chilling Uber's ability to seek and obtain legal advice if the subjects, context, and manner of seeking and receiving legal advice is publicly disclosed.

**Declaration of Daniel Kolta:** This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, and descriptions of the matters on which Uber sought and received legal advice. The declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. Disclosure of this confidential internal information may cause Uber competitive harm and also risks chilling Uber's ability to seek and obtain legal advice if the subjects, context, and manner of seeking and receiving legal advice is publicly disclosed.

**Declaration of Maureen Frangopoulos:** This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, the name and role of another Uber attorney and her involvement with a privileged document, and descriptions of the matters on which Uber sought and received legal advice. It describes the relationship of Uber's legal department with a third party. The declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. Disclosure of this confidential internal information may cause

9

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1811] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 1818]**
Case No. 3:23-MD-3084-CRB

Uber has substantially revised the scope of its request to seal, substantially narrowing the scope of redactions and withdrawing its request to seal several documents

## B. LESS RESTRICTIVE ALTERNATIVE TO SEALING IS INSUFFICIENT TO PREVENT HARM

Uber has substantially revised the scope of its request to seal, substantially narrowing the scope of redactions and withdrawing its request to seal several documents. In light of this substantial narrow tailoring, no less restrictive alternative to sealing is sufficient. See Cummings Decl. ¶¶ 2-9. Actions short of sealing the documents would not protect the legitimate interests of Uber, its employees, or third parties.

## V. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal.

10

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1811] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 1818]**
Case No. 3:23-MD-3084-CRB

| | | |
|---|---|---|
| 1 | DATED: November 8, 2024 | **SHOOK, HARDY & BACON L.L.P.** |
| 2 | | |
| 3 | | By: */s/ Michael B. Shortnacy*<br>      MICHAEL B. SHORTNACY |
| 4 | | |
| 5 | | MICHAEL B. SHORTNACY (SBN: 277035) |
| 6 | | mshortnacy@shb.com |
| 7 | | **SHOOK, HARDY & BACON L.L.P.**<br>2121 Avenue of the Stars, Suite 1400 |
| 8 | | Los Angeles, CA 90067<br>Telephone: (424) 285-8330 |
| 9 | | Facsimile: (424) 204-9093 |
| 10 | | |
| 11 | | PATRICK OOT (Admitted *Pro Hac Vice*)<br>    oot@shb.com |
| 12 | | **SHOOK, HARDY & BACON L.L.P.** |
| 13 | | 1800 K St. NW Ste. 1000<br>Washington, DC 20006 |
| 14 | | Telephone: (202) 783-8400<br>Facsimile: (202) 783-4211 |
| 15 | | |
| 16 | | BOBBIE E. HOOPER (SBN 240102)<br>    bhooper@shb.com |
| 17 | | **SHOOK, HARDY & BACON L.L.P.** |
| 18 | | 5 Park Plaza, Suite 1600<br>Irvine, CA 92614 |
| 19 | | Telephone: (949) 475-1500 |
| 20 | | Facsimile: (949) 475-0016 |
| 21 | | KYLE N. SMITH (*Pro Hac Vice* admitted) |
| 22 | | ksmith@paulweiss.com |
| 23 | | JESSICA E. PHILLIPS (*Pro Hac Vice* admitted) |
| 24 | | jphillips@paulweiss.com |
| 25 | | **PAUL, WEISS, RIFKIND, WHARTON<br>    & GARRISON LLP** |
| 26 | | 2001 K Street, NW |
| 27 | | Washington DC, 20006<br>Telephone: (202) 223-7300 |
| 28 | | |

11

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1811] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 1818]**
Case No. 3:23-MD-3084-CRB

Facsimile: (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC