ROBERT ATKINS (*Admitted Pro Hac Vice*)
 ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)
 cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Admitted Pro Hac Vice*)
 akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
 **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
 rluskey@paulweiss.com
MARC PRICE WOLF
 mpricewolf@paulweiss.com (SBN: 254495)
**PAUL, WEISS, RIFKIND, WHARTON**
 **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATION MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1651] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 1818]**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings, having personal knowledge of the following state:

1. I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Amended Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF No. 1811 and Response to Order to Show Cause, ECF No. 1818.

2. I have reviewed the unredacted joint letter brief on privilege disputes. The amended redactions submitted in this filing contain email addresses for two third parties, and one email subject line with descriptions of the specific matters on which Uber was engaged in confidential communications with a regulator and on which it sought and received legal advice. *See Jones*, 2023 WL 7434197, at *2 ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"); *Fernandez v. CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds"). Disclosure of this document could harm Uber by revealing the matters on which it engaged in confidential communications with regulators and sought legal advice about the same.

3. I have reviewed Exhibit A to the declaration of Tiffany Ellis in support of

the joint letter brief on privilege disputes. It is a confidential, non-public, internal Uber email produced in discovery. The email discusses a confidential business proposal and detailed strategies, work streams, and business considerations regarding the same. *See Jam Cellars*, 2020 WL 5576346, at *1 ("Courts have found that 'confidential business information' in the form of '... business strategies' satisfies the 'compelling reasons' standard."); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d at 1097. Disclosure of this document could harm Uber competitively by revealing its internal business strategies, plans, and processes.

4. I have reviewed Exhibit B to the declaration of Tiffany Ellis in support of the joint letter brief on privilege disputes. This is a chart created from confidential privilege log(s) provided by Uber. The amended redactions in this chart contain employee and third party email addresses one email subject line with descriptions of the specific matters on which Uber was engaged in confidential communications with a regulator and on which it sought and received legal advice. *See Fernandez v. CoreLogic Credco, LLC*, No. 20-CV-1262-JM-AGS, 2023 WL 11445613, at *1 (S.D. Cal. Mar. 8, 2023) (finding good cause to seal privilege logs that "reflect[ed] the identity of documents and communications withheld ... from production on privilege grounds"); *Jones*, 2023 WL 7434197, at *2 ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").

5. I have reviewed the declaration of Scott Binnings. This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, names of Uber employees and attorneys, and descriptions of the matters on which Uber sought and received legal

3
DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' AMENDED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATION MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1651] AND RESPONSE TO ORDER TO SHOW CAUSE [ECF NO. 1818]
Case No. 3:23-MD-3084-CRB

advice. The declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. It also describes which particular individuals and attorneys had involvement in various projects and initiatives. Disclosure of this confidential internal information may cause Uber competitive harm and also risks chilling Uber's ability to seek and obtain legal advice if the subjects, context, and manner of seeking and receiving legal advice is publicly disclosed.

6. I have reviewed the declaration of Daniel Kolta. This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, and descriptions of the matters on which Uber sought and received legal advice. The declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. Disclosure of this confidential internal information may cause Uber competitive harm and also risks chilling Uber's ability to seek and obtain legal advice if the subjects, context, and manner of seeking and receiving legal advice is publicly disclosed.

7. I have reviewed the declaration of Maureen Frangopoulos. This declaration contains descriptions of confidential and privileged documents and the business practices, plans, or communications described therein, the name and role of another Uber attorney and her involvement with a privileged document, and descriptions of the matters on which Uber sought and received legal advice. It describes the relationship of Uber's legal department with a third party. The declaration also contains descriptions of the manner in which Uber structures its teams and operations to seek legal advice from its in-house attorneys, as well as Uber's practices and procedures through which it seeks and receives legal advice. Disclosure of this

1 confidential internal information may cause Uber competitive harm and also risks chilling Uber's ability to seek and obtain legal advice if the subjects, context, and manner of seeking and receiving legal advice is publicly disclosed.

8. The disclosure of the above-described documents could harm Uber's marketplace standing and the privacy interests of its employees and third parties, and cause undue harm if publicly disseminated.

9. Uber has substantially revised the scope of its request to seal, substantially narrowing the scope of redactions and withdrawing its request to seal several documents. In light of this substantial narrow tailoring, no less restrictive alternative to sealing is sufficient. Actions short of sealing the documents would not protect the legitimate interests of Uber, its employees, or third parties.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 8, 2024.   By: */s/ Daniel Cummings*
                                     Daniel Cummings