# Exhibit C

Case 3:23-md-03084-CRB   Document 1858-5   Filed 11/08/24   Page 2 of 2

Joint Discovery Letter re: Privilege Log Disputes, 10/30/2024 | EXHIBIT C | In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation
Case No. 3:23-md-03084-CRB

| Log | Log No. | Privileged Document Category Provided to Plaintiffs on the Privilege Log | Uber's Description of Document Provided to Plaintiffs and Court in PTO 8 Brief |
|---|---|---|---|
| 9.20 Hazelbaker, Silver, Stevenson | JCCP_MDL_PRIVLOG005897 | Confidential e-mail thread seeking and providing legal advice from in-house counsel regarding preparation and drafting of Uber's Safety Report. | This document is a confidential email chain in which Uber employees requested and received legal advice from Uber counsel regarding a proposed Uber social media post. Multiple emails within the chain begin with a privilege indication and contain legal advice from the legal director for marketing and advertising (Amanda Rinkoff) and an in-house counsel for safety (Nicole Benincasa). One attorney email stated that legal review and approval will be necessary because of the legal and policy implications of the story, and asks for legal input from a particular in-house attorney, Ms. Benincasa, and another asks for legal input from additional Uber attorneys, Emily Schuman and Tracey Merwise. It includes direct and express legal advice from Ms. Benincasa, which explains that the advice is based on a discussion between her and other Uber counsel, including the head of Safety Legal, Scott Binnings. |
| 9.20 Hazelbaker, Silver, Stevenson | JCCP_MDL_PRIVLOG006370 | Draft confidential document prepared at the direction of in-house counsel regarding media inquiry concerning Uber's Safety Report. | This is a confidential draft communication to a media organization. The draft communication is marked "A/C privilege" at the top. Three Uber counsel were among the collaborators on this document in order to provide their legal advice. The subject matter of the communication, and the draft communication itself, posed legal risk, which is why Uber counsel were involved with drafting the draft communication. In practice, drafts like this document that are marked as privileged reflect and incorporate legal advice and work product provided by Uber counsel. Drafts like this document, especially with regard to issues that pose legal risk, are also routinely used to seek legal advice from Uber's in-house counsel so that they can be revised based on that legal advice. See Binnings Decl. ¶ 7. A non-lawyer's intent to seek legal advice need not be express. Gramercy Grp., Inc. v. D.A. Builders, LLC, 2017 WL 5179530, at *3 (D. Haw. Nov. 8, 2017); see also Karl Storz Endoscopy-Am., Inc. v. Stryker Corp., 2010 WL 727220, at *2 (N.D. Cal. Mar. 1, 2010). |
| 9.20 Hazelbaker, Silver, Stevenson | JCCP_MDL_PRIVLOG007393 | Confidential document prepared at the direction of in-house counsel regarding preparation and drafting of Uber's Safety Report. | This is a confidential draft communication about safety at Uber. The draft communication is marked "ATTORNEY CLIENT PRIVILEGE" at the top and was drafted by, edited by, and contains comments from Uber counsel, including Salle Yoo (then-Chief Legal Officer), Matt Burton (in-house counsel), and another in-house counsel. Communications like this draft communication require legal advice and entail legal risk. The attorney comments in the draft relate, both directly and indirectly, to the legal issues implicated by the draft communication on safety and the legal risk entailed by various statements in the draft. For example, one comment by Salle Yoo expressly discusses certain litigation and regulatory implications. Similarly, another comment discusses the litigation impacts of the draft. In practice, drafts like this document that are marked as privileged reflect and incorporate legal advice provided by Uber's in-house counsel and are used to obtain legal advice from counsel. See Binnings Decl. ¶ 6. Contrary to Plaintiffs' "business purpose" argument, legal advice related to safety issues, communications about safety, and Uber's U.S. Safety Reports is still privileged. The fact that a document or communication relates to business does not mean it is unprivileged. See, e.g., Staley, 2021 WL 4318403, at *2. |
| 9.20 Hazelbaker, Silver, Stevenson | JCCP_MDL_PRIVLOG007396 | Confidential e-mail seeking legal advice from in-house counsel regarding driver background check policies and practices. | This document is a confidential draft internal communication regarding operational compliance to be sent from Gus Fuldner. The document lists several leaders at Uber as intended recipients, including attorneys Tony West, Krishna Juvvadi, Mohit Abraham, Curtis Scott, and Scott Binnings. The draft communication is marked as privileged at the top. Associate General Counsel Scott Binnings was a part of the team that drafted and revised the communication. He was part of a working group that developed the technical and operational recommendations referenced in the draft communications, which also included other attorneys, including Mr. Juvvadi, Mr. Abraham, and Mr. Scott. The draft references discussion with Uber's Legal Department and contains technical and operational recommendations made based on legal advice from Uber's in-house counsel. Mr. Binnings provided legal advice on the communication and the recommendations therein. See Binnings Decl. ¶ 3. |
| 9.20 Hazelbaker, Silver, Stevenson | JCCP_MDL_PRIVLOG008375 | Confidential e-mail providing legal advice from in-house counsel regarding in-app features to advance rider safety. | This document is a confidential email containing the content of a comment string in which Uber employees requested and Uber counsel provided legal advice regarding a draft communication. The discussion in the comment string began with, and related to, Uber counsel's (Daniel Kolta) comment providing feedback on certain language in the draft communication. In the comments, Uber employees requested Mr. Kolta's legal advice and approval of the draft language. In Mr. Kolta's comments, he expressly stated that his input was related to the legal concerns implicated by the language as drafted. See Kolta Decl. ¶ 4. |
| 9.25 Fuldner, Holt, Kaiser, Page | JCCP_MDL_PRIVLOG009844 | Confidential e-mail providing legal advice from in-house counsel regarding driver deactivation policies and practices. | This document is a confidential email containing the content of a comment string in which Uber counsel provided and an Uber employee requested legal advice regarding a draft safety policy document. Among the three individuals in this comment chain was associate general counsel Scott Binnings to whom an Uber employee assigned these comments to address. Mr. Binnings provided legal advice on a proposed revision to the policy based on his legal analysis of the legal implications and risks implicated by the policy. Mr. Binnings and other attorneys provided legal advice regarding this draft policy document. At the end of the comment chain, an Uber employee commented that the revision was approved so long as "legal" approved, mentioning Mr. Binnings in that comment. See Binnings Decl. ¶ 5. |
| 9.25 Fuldner, Holt, Kaiser, Page | JCCP_MDL_PRIVLOG013948 | Confidential incident report provided for purposes of seeking legal advice from in-house counsel regarding reports of driver sexual assault or sexual misconduct. | This document consists of two confidential emails from Uber counsel providing legal advice to Uber employees. The first email was sent by an Uber regulatory counsel (Lisa Tse), and the second email was also sent by Uber counsel, Gail Levine. Both emails are marked as privileged and confidential. The emails contain legal advice from them, as well as from another Uber counsel (Curtis Scott), about Uber's interactions with a regulator, applicable regulations, and the legal implications thereof. |
| 9.25 Fuldner, Holt, Kaiser, Page | JCCP_MDL_PRIVLOG014830 | Confidential PowerPoint prepared at the direction of in-house counsel regarding preparation and drafting of Uber's Safety Report. | This document is a confidential internal presentation regarding options for developing a safety transparency report, for which the safety team was seeking legal advice. The presentation is marked as privileged and at least five Uber in-house counsel were included on the presentation to provide legal advice. The presentation contains legal advice from Uber's in-house counsel about the legal and regulatory risk of producing a safety report, including litigation, litigation complexity, and potential for regulatory inquiries and enforcement proceedings. It also contains analysis and recommendations made based on legal advice from Uber's in-house counsel. See Binnings Decl. ¶ 4. |
| 9.25 Fuldner, Holt, Kaiser, Page | JCCP_MDL_PRIVLOG019255 | Confidential e-mail seeking legal advice from in-house counsel and prepared in anticipation of litigation regarding media inquiry concerning sexual assault or sexual misconduct by driver. | This is an email from Gus Fuldner to two individuals at Crawford Co., copying in-house counsel Kathleen Waitzman (Uber's current VP and Chief Deputy General Counsel) and another individual at Crawford Co. Crawford Co. is a third party claims administration firm retained by Uber to investigate and resolve potential legal claims against Uber at the direction of Uber's in-house counsel. Courts regularly hold that communications with third-party claims administrators are privileged. See, e.g., Montes v. State Farm Mut. Auto. Ins. Co., 2023 WL 639706, at *2 (C.D. Cal. Aug. 2, 2023) (collecting cases). The email discussed a forthcoming article in USA Today about Crawford Co.'s work for Uber at the direction of counsel to address a claim made against Uber. Specifically, the email discussed Crawford making a statement responding to an inaccurate statement or suggestion in the article. Gus Fuldner was aware that the subject matter of this email carried legal risk based on the advice of Uber's in-house counsel and his email to Crawford Co. was informed by and based on that advice from Uber counsel. Because Crawford Co. was acting on behalf of Uber at the direction of its in-house counsel, this email related to a matter with significant legal risk, and a communication that carried legal risk, and the email was in furtherance and at the advice of Uber's in-house counsel, this email is protected by attorney-client privilege. See Frangopolous Decl. ¶¶ 4-7. |
| 9.25 Fuldner, Holt, Kaiser, Page | JCCP_MDL_PRIVLOG019282 | Confidential document providing legal advice from in-house counsel regarding media inquiry concerning Uber's Taxonomy. | This document is a confidential email chain, including the content of a comment string on a draft communication to a media organization, with various individuals discussing a proposed part of the draft communication related to regulatory compliance and reporting. One of the commenters in the discussion in the comment string was then Director for Safety & Insurance litigation (now Senior Legal Director) for Uber, Maureen Frangopoulos. The subject of the discussion was a matter which entails legal risk. Likewise, Uber's public-facing communications about its legal and regulatory compliance carries legal risk, which is why legal advice from in-house counsel is regularly sought on such communications. The other commenters in the document were aware that Ms. Frangopolous was a part of the team drafting and revising the document and used the comments to seek her input from a legal perspective, which she provided in light of her assessment of the legal implications of the communication. See Frangopoulos Decl. ¶ 3; see also Gramercy Grp., 2017 WL 5179530, at *3; Karl Storz., 2010 WL 727220, at *2. |