RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Civil L.R. 72-2; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A))** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge:          Hon. Charles R. Breyer<br>Courtroom:    6 – 17th Floor |

Pursuant to Civil L.R. 72-2, Fed. R. Civ. P. 72(a), and 28 U.S.C. § 636(b)(1)(A), Defendants Uber Technologies, Inc., Raiser LLC, and Raiser-CA, LLC respectfully request that the Court modify the Order Regarding Time Period for Discovery (Dkt. 1816) ("the Order") by setting an end date of November 27, 2023 for custodial document productions. Defendants seek review only of the portion of the Order that requires production of custodial documents "created through the present and on an ongoing basis going forward, unless and until an end date is set by further order," as Defendants have agreed to comply with that part of the Order requiring that Defendants produce pre-2013 documents from the six custodians employed by Defendants at that time. But the Order's requirement to produce documents to the present and on an ongoing basis erroneously disregards limitations that the Federal Rules of Civil Procedure impose on discovery, thereby effectively deconstructing five years of rulemaking that culminated in an express mandate in the 2015 Rules amendments.[1]

## LEGAL STANDARD

### A.    Standard of Review

Federal Rule of Civil Procedure 72(a) provides that, when timely objections are made to a magistrate judge's nondispositive pretrial order, "[t]he district judge in the case must ... modify or set aside any part of the order that is clearly erroneous or is contrary to law." *See also* 28 U.S.C. § 636(b)(1)(A). A magistrate judge's decision is contrary to law if it misapplies rules of procedure, including failing to consider part of a Rule. *United States v. Cathcart*, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009). A magistrate judge's legal conclusions are reviewable *de novo* to determine whether they are "contrary to law." *See Perry v. Schwarzenegger*, 268 F.R.D. 344, 348; *see also United States v. Grobman*, 460 F. Supp. 3d 1331, 1336 (S.D. Fla. 2020) (reviewing magistrate judge's application of law *de novo* "because 'application of an improper legal standard … is never within a court's discretion'") (citation omitted). As a result, the Court must evaluate the application of Rules 1, 26(b)(1), 26(b)(2)(C), and 26(g).

---

[1] *See* Fed. R. Civ. P. 1, 26(b)(1), 26(b)(2)(C), 26(g).

1

**B.    Scope of Discovery**

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1); *see also In re Williams-Sonoma, Inc.*, 947 F.3d 535, 539 (9th Cir. 2020) (the 2015 amendments to Rule 26(b)(1) were "intended to restrict, not broaden, the scope of discovery"). "The right to discovery, even plainly relevant discovery, is not limitless." *Auris Health, Inc. v. Noah Med. Corp.*, 2024 WL 1016077 (N.D. Cal. Feb. 13, 2024). Indeed, "as noted under Rule 26(b)(1), relevance is not the only or final requirement for discovery—any discovery sought must be proportional to the needs of the case." *Jones v. Sunbelt Rentals, Inc.*, 2023 WL 10691302, at *9 (N.D. Cal. Nov. 16, 2023); *see also Nat.-Immunogenics Corp. v. Newport Trial Grp.*, 2019 WL 3110021, at *9 (C.D. Cal. Mar. 19, 2019) ("In every case, no matter how strong the public interest in pursuing that case, the Court must draw a line past which discovery is no longer proportional to the needs of the case."). Further, the Court must protect a producing party from unreasonably cumulative or duplicative discovery. Fed. R. Civ. P. 26(b)(2)(C)(i).

ARGUMENT

The Order is extraordinary in that it declines to set any end date for custodial document productions at all and requires Defendants "to produce documents created through the present and on an ongoing basis going forward."  Dkt. 1816 at 4. Defendants are aware of no other litigation in which there is no end date provided for custodial discovery, especially when a court has set a substantial completion deadline.  It is not clear to Defendants how discovery without end will prove workable with respect to the collection, review, and production of documents on an ongoing basis, or with respect to preparation for bellwether trials or negotiating a potential resolution to the cases.

Defendants have, since at least May 2024, proposed a late 2023 end date for document collections in numerous conferrals with Plaintiffs and in Defendants' responses to Plaintiffs' written discovery requests. Defendants relied on this date cutoff, without apparent challenge, while negotiating custodian lists and search terms, which yielded over 13 million documents to review spanning an eleven-year period.  Shortnacy Decl. ¶ 10.  Defendants' proposed November 27, 2023

general discovery end date provides significant discovery after the first MDL complaints, which were filed more than eight months prior.[2] *See Id.* ¶¶ 5-6.  Further, the Order applies only to general discovery, and therefore the end date Defendants seek here would not limit what discovery Plaintiffs will obtain through case-specific work up. For instance, through the Defendant Fact Sheets, Defendants will be producing robust case-specific discovery for the few cases alleging 2024 rides. *See* Dkt.1816 at 3. *Id.* ¶ 11.

The Order addresses only a portion of the scope of discovery—relevance—while erroneously disregarding consideration of proportionality as a limitation on the scope of discovery. Indeed, the part of the Order setting no end date was based solely on relevance, stating: there are "some [cases] based on rides that occurred in the current year [2024]," and "[t]hose plaintiffs have a legitimate interest in discovering relevant information that concerns Defendants' contemporaneous safety policies, decisions surrounding those policies, understanding of risks, and other matters generally within the scope of discovery in this litigation." *See* Order at 3–4 (Dkt. 1816). Defendants disagree that this discovery on an ongoing and forward-looking basis is relevant. And significantly, the Order does not address proportionality, or whether the discovery sought is unreasonably cumulative or duplicative.

An obligation for Defendants to continually collect, review, and produce documents from dozens of custodians in perpetuity is impractical and disproportionate to the needs of the case. A reasonable cut-off date is consistent with how courts ordinarily handle discovery.  Illustratively, in *In re Social Media Adolescent Addiction/Personal Injury Products Liability Litigation*, the court set a default end date for discovery, stating that "because Plaintiffs allege ongoing harm, the Court is convinced that some amount of discovery past the date of filing the Complaint is appropriate. However, for practical reasons, discovery time periods cannot be extended indefinitely." 2024 WL 3488659, at *6 (N.D. Cal. June 20, 2024); *see also Waidhofer v. Cloudflare, Inc.*, 2021 WL 8532942 (C.D. Cal. Mar. 10, 2021) (setting an end date for document productions). Defendants are simply

---

[2] In addition to providing time beyond the first complaint filed in this MDL, Defendants' proposed general discovery end date also has the benefit of coinciding with the discovery end date negotiated between the parties in the related JCCP.  Although these are separate matters, JCCP leadership represents 65.6% of cases in this MDL and many of the cases now consolidated in this action were originally filed in the JCCP.

3

requesting what courts normally do—*i.e.*, impose a practical and proportional discovery cut-off date, and avoid impractical and unworkable discovery. Shortnacy Decl. ¶ 12.

Moreover, the factors set out in Rule 26(b)(1) weigh against saddling Defendants with a time-consuming and expensive discovery obligation to constantly collect every newly created document in the business and produce these documents on an ongoing basis. There are 55 document custodians in this litigation, most of whom are still employed by Defendants. For 2023 alone, Defendants collected almost 3 million documents from these custodians. Shortnacy Decl. ¶ 8. In 2024, these custodians likely generated even more documents because, in addition to creating documents for business purposes, the custodians have also been interacting with counsel on a regular basis in relation to this litigation. *Id.* In addition to the higher proportion of privileged documents in present-day collections, the complexity and time required to review these present-day documents for privilege presents a heightened and compounded burden compared to the already time-consuming process for reviewing pre-litigation documents for privilege. *Id.* ¶ 9. Counsel will be faced with the incredibly challenging task of trying to assess, for example, whether a communication was the result of a custodian seeking information requested by counsel in furtherance of legal advice related to this litigation. Additionally, these custodians may be called as fact witnesses, creating the perverse situation of Defendants collecting and reviewing present-day documents from witnesses with their trial counsel, while at the very same time preparing those witnesses for depositions.

Further, the cost of this undue burden requiring Defendants to produce or place on a privilege log newly-created documents in perpetuity is disproportionate relative to the needs of the cases. Continuous collection through the present and into the future will necessitate duplicative custodial collections and document reviews that are both overly burdensome and expensive compared to the needs of these cases. Magistrate Judge Cisneros is correct that there are cases in this MDL alleging incidents that took place in the current year, 2024. There are, however, only 55 such cases, representing 3.8% of cases in this MDL. Shortnacy Decl. ¶ 11. A continuous collection and production obligation is exceedingly expensive and makes discovery relating to the 3.8% of cases disproportionately expensive relative to the 96.2% of cases for which this discovery is entirely

irrelevant. Given that Defendants are producing case-specific information in the 3.8% of cases alleging 2024 incidents, the *carte blanche* discovery timing obligations are unnecessary and impractical, and the extraordinary expense is not proportional to the needs of the cases.

The Order also erred in failing to consider the importance of discovery in perpetuity in resolving the issues. *See* Fed. R. Civ. P. 26(b)(1). As discussed above, a discovery cutoff date will not deprive the 3.8% of Plaintiffs who claim their trip occurred in 2024 of case-specific discovery because Defendants agree that Plaintiffs are entitled to, and will receive, case-specific information about Defendants' policies and procedures relevant to those alleged incidents. But discovery in this MDL should not be driven by 3.8% of the coordinated cases. Given the availability of case-specific discovery, the existence of these cases does not necessitate mass document productions on an indefinite on-going basis, subjecting Defendants to continuous collection, review, and production obligations. Further, given the broad societal nature of the incidents and harm Plaintiffs allege in this case, it is not clear that Defendants' discovery obligations under the Order would ever end. Such obligations are clearly contrary to the imposition of reasonable limitations on discovery under the Rules.

Defendants' proposed date limitation of November 27, 2023 is appropriate, because Plaintiffs' interests are protected by the robust case-specific discovery provided through Defendant Fact Sheets, as well as individualized case discovery that will extend beyond the general discovery cutoff date. Therefore, discovery in perpetuity is of limited importance, at best, to resolving the claims in this litigation in violation of Rule 26(b)(1), and is also unreasonably cumulative and duplicative in violation of Rule 26(b)(2)(C).

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court modify the portion of the Order Regarding Time Period for Discovery (Dkt. 1816), which requires Defendants to continuously produce all documents created through the present and on an ongoing basis, and to set an end date for the collection of documents of November 27, 2023, which can be varied by agreement of the parties or on a showing of specific need and good cause.

1

2   DATED: November 14, 2024                Respectfully submitted,

3                                           **SHOOK HARDY & BACON L.L.P.**

4

5                                           By: */s/ Michael B. Shortnacy*
                                            MICHAEL B. SHORTNACY
6                                           (SBN: 277035)
                                            mshortnacy@shb.com
7                                           **SHOOK, HARDY & BACON L.L.P.**
                                            2049 Century Park East, Ste. 3000
8                                           Los Angeles, CA 90067
                                            Telephone: (424) 285-8330
9                                           Facsimile: (424) 204-9093

10                                          PATRICK OOT (Admitted *Pro Hac Vice*)
                                            oot@shb.com
11                                          **SHOOK, HARDY & BACON L.L.P.**
                                            1800 K St. NW Ste. 1000
12                                          Washington, DC 20006
                                            Telephone: (202) 783-8400
13                                          Facsimile: (202) 783-4211

14                                          KYLE N. SMITH (*Pro Hac Vice* admitted)
                                            ksmith@paulweiss.com
15                                          JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
                                            jphillips@paulweiss.com
16                                          **PAUL, WEISS, RIFKIND, WHARTON
                                            & GARRISON LLP**
17                                          2001 K Street, NW
                                            Washington DC, 20006
18                                          Telephone: (202) 223-7300
                                            Facsimile:  (202) 223-7420

19
                                            *Attorney for Defendants*
20                                          UBER TECHNOLOGIES, INC.,
                                            RASIER, LLC, and RASIER-CA, LLC

21

22

23

24

25

26

27

28

6