RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br><br><br><br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE (Civil L.R. 72-2; Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A))**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

I, Michael B. Shortnacy, declare as follows:

1.     I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants, Uber Technologies, Rasier LLC, and Rasier-CA, LLC, ("Defendants"). I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2.     I respectfully submit this declaration in support of Defendants' accompanying Motion for Relief from the Nondispositive Pretrial Order of the Magistrate Judge.  A true and correct copy of the Magistrate Judge's October 31, 2024 Order (Dkt. 1816) (the "Order"), to which Defendants seek review in part as set forth in the accompanying Motion, is attached as **Exhibit A**.

3.     On October 22, 2024, the parties filed their joint letter (Dkt. 1783), addressing Defendants' objection to Plaintiffs' request for custodial document productions of documents originating from pre-2013 going forward through the end of this litigation, without any date limitation. The parties' joint letter is attached as **Exhibit B**.

4.     Defendants attached a chart to the joint letter (Dkt. 1783-1), which provided, inter alia, the approximate mean settlement amount per claimant in several MDLs. Defendants attached this chart to provide the Court with metrics to evaluate the proportionality of Plaintiffs' proposed time scope expansion, and illustrate the point that, under Rule 26(b)(1), the value of the individual cases requires that some limitations be placed on discovery. This chart is attached as **Exhibit C**. During an in-person meet-and-confer Judge Cisneros ordered to take place in her courtroom on August 1, 2024 (*See* Dkt. 749), Plaintiffs acknowledged that many of their cases could be valued in the tens of thousands of dollars.

5.     On May 6, 2024, prior to the parties' joint letter (Dkt. 1875), Defendants proposed a time scope of January 1, 2014 to November 27, 2023 – which predates Defendants' entry into the rideshare market and predates the first substantiated trip in the MDL, and extends forward beyond the commencement of this litigation.

6.    In the spirit of compromise, and in order to conserve judicial resources, on August 2, 2024, Defendants proposed an additional year to the time scope (January 1, 2013 to November 27, 2023) – consistent with the agreed upon time scope of relevant discovery in the JCCP.

7.    On October 31, 2024, the Magistrate Judge issued the Order, requiring Defendants' production of custodial documents created through the present and on an ongoing basis going forward, *sine die*, unless and until an end date is set by further order.

8.    Defendants are reviewing and producing documents from the files of 55 custodians. Most of these custodians are currently employed by Defendants. Notably, Defendants collected and processed almost 3 million custodial documents generated in the first 11 months of 2023 alone. In 2024, these custodians likely generated even more documents than in 2023 because, in addition to creating documents for business purposes, the custodians have also been interacting with counsel on a regular basis in relation to this litigation.

9.    Therefore, the time required of Defendants to review these present-day documents generated in 2024 and going forward for privilege will be exponentially greater and ever more burdensome than the already time-consuming process for reviewing pre-litigation documents for privilege.

10.    As it stands today, the 11-year discovery span from January 1, 2013 to November 27, 2023 has already yielded over 13 million documents to review, regardless of whether these documents specifically pertain to Plaintiffs' allegations.

11.    As of November 14, 2024, 55 of the 1,431 cases filed in this modestly sized MDL allege incidents that occurred in the current year. Those 55 cases are approximately 3.8% of the cases filed to date. This small percentage of Plaintiffs will be receiving case-specific discovery (including relevant policies and procedures) through the Defendant Fact Sheets and individualized case work-up process. The additional and continuing obligation to collect and review potentially millions of company emails and documents in 2024 and (into 2025 and beyond) cannot therefore be both relevant and proportional in general discovery.

12.    In a joint statement filed with the Court today by the parties, Plaintiffs take the position

that the Order compels Defendants, as to the custodians whose files Defendants have already produced—two-thirds of the total—to collect, review and make supplemental productions of all responsive custodial documents (emails and their attachments, drive documents, etc.) created from November 28, 2023 through November 1, 2024, and do so in the next nine business days.  Plaintiffs further claim that the Order compels Defendants to collect, review and make supplemental productions of all responsive custodial documents for current employee-custodians created or generated up until January 1, 2025 and to do so by February 1, 2025, and again Plaintiffs say that process should repeat again at the yet-to-be-set close of fact discovery. As a frame of reference, approximately 3 million documents were generated by the same custodians in 11 months of 2023 alone. The number of documents potentially at issue in 2024 and 2025, and beyond, would be exponentially more. Such a perverse result shows how the Order fails to assess relevance and proportionality.  A copy of the joint letter, Dkt. 1875 is attached as **Exhibit D.** An obligation for Defendants to continually collect, review, and produce documents from dozens of custodians in perpetuity is impractical and disproportionate to the needs of the case.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 14th day of November 2024, in Los Angeles, California.

*/s/ Michael B. Shortnacy*
Michael B. Shortnacy
mshortnacy@shb.com
SHOOK, HARDY & BACON L.L.P.
2049 Century Park East, Ste. 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

Attorney for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC