United States District Court
Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

This Document Relates To:

ALL CASES.

Case No.  23-md-03084-CRB   (LJC)

**ORDER RESOLVING DISPUTE
REGARDING OBLIGATIONS UNDER
PRETRIAL ORDER NO. 10**

Re: Dkt. No. 1803

In Pretrial Order No. 10 (PTO 10, Dkt. No. 348), Judge Breyer required each plaintiff in this litigation to provide a verified Plaintiff Fact Sheets (PFS) answering certain questions soon after they file a complaint.[1]  The parties later stipulated to amend the PFS form, and Judge Breyer adopted the parties' stipulated proposed order requiring that the "attached Amended Plaintiff Fact Sheet shall be used in all cases pursuant to the terms identified in PTO No. 10."  Dkt. No. 361 at 6. Further references in this Order to the PFS refer to that operative amended form.  Dkt. No. 360-2.

The parties have filed a joint discovery letter (Dkt. No. 1803) raising three disputes regarding Plaintiffs' PFS responses: (1) whether Plaintiffs must provide verifications when they serve amended PFS's, as opposed to later in the case when more avenues of discovery from Plaintiffs open; (2) whether Plaintiffs may list their counsel's contact information for witnesses identified in a PFS; and (3) whether Plaintiffs may properly respond to a PFS question by merely by committing to later supplement their response.[2]  The Court resolves those issues as follows.

---

[1] PTO 10 also requires Uber to provide Defendant Fact Sheets, which are not at issue in the present dispute.
[2] Plaintiffs suggested in a footnote that these issue might be best addressed at the November 6, 2024 case management conference before Judge Breyer.  Dkt. No. 1803 at 4 n.4.  The issues were not addressed at that conference.  *See generally* Dkt. No. 1857 (Tr.).

United States District Court
Northern District of California

### A.    Verification of PFS Amendments

The parties agree that PFS responses must be verified, but dispute whether Plaintiffs must provide contemporaneous verification of any amendments to their responses.  Citing interests of burden and efficiency, Plaintiffs propose to provide verification of any amendments sometime later in the case, "prior to any further case-specific discovery."  Dkt. No. 1803 at 4.

In PTO 10, Judge Breyer considered the parties' proposals and arguments, and tailored the PFS to requests that he found "go[] to common issues, or issues that might otherwise help the parties and the Court to manage the litigation at this relatively early stage."  Dkt. No. 348 at 2.  He also required that service of a PFS "shall be accomplished by uploading the verified PFS to MDL Centrality," *id.* at 6, and that each PFS must "[i]nclude a signed Declaration."  *Id.* at 6.  The approved PFS form concludes with the following verification and declaration:

## VERIFICATION

I, _____, hereby state that I have reviewed the Plaintiff Fact Sheet. The statements set forth therein are true and correct to the best of my knowledge, information, and belief. I make this verification based on my personal knowledge. I also declare that I have completed and submitted all required authorizations listed above. I declare under penalty of perjury that the foregoing is true and correct. I understand that I am under an obligation to supplement these responses.

Executed on the _____ day of _____, 2024.

_____

Dkt. No. 360-2 at 16.

The requirement for Plaintiffs to verify their PFS responses is clear and undisputed.  Judge Breyer has also made clear that the PFS focuses on questions that should be answered at the outset of litigation.  *See* Dkt. No. 348 at 2.  Deferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage.

Plaintiffs assert that *any* PFS response is reliable because "on its face, PFSs state that responses are made 'under oath' and are 'true and correct to the best of [Plaintiff's] knowledge, information, and belief[.]"  Dkt. No. 1803 at 5 (quoting Dkt. No. 360-2 at 3) (alterations in

2

original).  In context, though, the oath referenced in the in the general instructions of the PFS form refers to the verification to be completed at the end, which Plaintiffs now propose to defer. Moreover, if individual plaintiffs are in fact reviewing their amended PFS responses and agreeing to submit them under oath, the additional burden of obtaining a signed verification is minimal.  If they are not, then the "oath" referenced in the instructions has little meaning.

Consolidating cases in this multidistrict litigation is intended to increase efficiency and reduce duplicative burdens.  The Court does not find a requirement to verify any amendments to the PFS unduly burdensome, particularly when most other forms of discovery from Plaintiffs are currently stayed.

Plaintiffs shall provide verifications for any currently unverified amendments to PFS responses no later than thirty days from the date of this Order.  Going forward, Plaintiffs shall provide verifications in conjunction with any further amendments.[3]

**B.        Witness Contact Information**

The parties dispute whether Plaintiffs must provide individualized contact information for witnesses listed in a PFS, or if it is sufficient for Plaintiffs to list their counsel's contact information for witnesses.

Certain questions call for names and contact information of witnesses.  If the plaintiff recalls other passenger(s) having been in the vehicle at the time of the event at issue, Question 23.a asks, "if you know or recall, please identify the other passenger(s) by name, full address and phone number, if known."  Dkt. No. 360-2 at 10.  Question 26.c asks, "If you know or recall someone who notified Uber on Your behalf, state that person's name, address, and phone number, if known."  *Id.* at 11.  Question 30 requires the plaintiff to "identify each individual or other entity You have communicated with about the Incident *and their last known contact information*."  *Id.* at 13 (emphasis added).

Plaintiffs themselves proposed a form calling for the "name, full address and phone

---

[3] In their arguments on this issue, Plaintiffs also assert that Uber has sought unnecessary amendments for "non-material deficiencies."  Dkt. No. 1803 at 4.  This Order does not address the need for any particular amendment, except as to the issues addressed below regarding witness contact information and "will supplement" responses.

United States District Court
Northern District of California

number, if known" of other passengers in the vehicle and anyone who contacted Uber on Plaintiffs' behalf. Dkt. No. 235-1 at 11–12. Judge Breyer adopted the requirements to identify people with whom Plaintiffs spoke about the incident and to provide those witnesses' contact information over Plaintiffs' objection. *See* Dkt. No. 235 at 6 (Plaintiffs' brief, asserting that providing such information "would intimidate plaintiffs from filing their cases, as Uber implies it will call the plaintiff's friends, family, therapist, employer, or anyone else to whom the plaintiff disclosed their assault, including members of a support group"); Dkt. No. 348 at 1 ("With respect to the PFS, the Court has resolved some disputes in Plaintiffs' favor and others in Uber's."); Dkt. No 360-2 at 13 (requiring contact information for witnesses with whom Plaintiffs spoke about the incident). Judge Breyer has already resolved that dispute, and the parties are bound by his Order addressing it.

Plaintiffs must therefore provide contact information for witnesses to the extent such information is known by Plaintiffs and called for by the PFS. For witnesses who are not represented by counsel, Plaintiffs cannot withhold that contact information by providing counsel's information instead, because the approved form specifically calls for the witness's contact information. Plaintiffs may, however, provide counsel's information as the contact information for any witnesses who are actually represented by counsel, because the only appropriate means for Uber's attorneys to contact those witnesses is through counsel.

In doing so, Plaintiffs must specifically indicate that the witness is represented by counsel. That requirement may be satisfied either by noting a witness's represented status in the PFS itself, or by a clear, written communication between counsel identifying the witness(es) whom Plaintiffs' counsel represents.

This approach is consistent with other courts' treatment of witness contact information in the contexts of initial disclosures and interrogatories. *E.g.*, *Hooks v. Target Corp.*, No. 5:22-cv-00052-SSS-SPx, 2023 WL 8000249, at *1 (C.D. Cal. Oct. 4, 2023) (affirming the imposition of sanctions for a defendant's "fail[ure] to disclose which witnesses were represented by defense counsel and . . . to provide contact information for those who remained unrepresented"); *James v. US Bancorp*, No. ED CV 18-1762-FLA (SPx), 2021 WL 1218463, at *6 (C.D. Cal. Feb. 5, 2021)

United States District Court
Northern District of California

(holding that privacy interests supported withholding contact information for *represented* witnesses, but "plaintiffs are entitled to receive, to the extent defendants know and have a legal duty to provide it, the contact information (home addresses and phone numbers) for witnesses who are not represented by counsel"); *Gavin v. Hilton Worldwide, Inc.*, No. 12-cv-00307-CRB NJV, 2013 WL 1915612, at *1 (N.D. Cal. May 8, 2013) ("Because Hilton's counsel represents the current manager and supervisor employees, Gavin must contact these represented witnesses through counsel.  However, Gavin is entitled to receive contact information for any other current employees and former employees identified in Hilton's response to this interrogatory, without their prior consent.").

Plaintiffs assert that "there is often good cause for a PFS to provide for third parties to be contacted through counsel," such as "cases involving third-party witnesses who are minors, estranged ex-partners, and even witnesses who participated in Plaintiff's sexual assault."  Dkt. No. 1803.  Such circumstances could warrant an approach other than the routine disclosure of witness contact information, but the limited instances in which these sensitive circumstances arise does not justify excusing Plaintiffs from providing witness contact information to Uber as part of the PFS.  Furthermore, it is not obvious why Plaintiffs' counsel would be an appropriate point of contact for, say, "estranged ex-partners" or third parties who allegedly assaulted counsel's clients.  That said, if a given plaintiff believes that exceptional circumstances (other than representation by counsel) warrant withholding a witness's contact information, the burden is on that plaintiff to meet and confer with Uber to seek an agreement,[4] or to seek relief from the Court if the parties are not able to agree.  Counsel for the five plaintiffs indicated in Rachel Abrams' declaration shall meet and confer with Uber.  Plaintiffs' counsel shall explain in greater detail the situation to identify the specific sensitivities and propose a practical approach, such as allowing Uber to contact these witnesses at an appropriate time, while ensuring that the plaintiff is timely notified when the outreach occurs, or other measures, such as contact through the minors' parents.

Plaintiffs shall provide amended PFS's and/or lists of witnesses represented by counsel no

---

[4] Uber represents that it is "willing to meet and confer about individual cases where . . . there are other unique circumstances."  Dkt. No. 1803 at 3.

1    later than thirty days from the date of this Order.

2        C.    "Will Supplement" Responses

3        Some Plaintiffs have responded to certain PFS questions only with the phrase "will

4    supplement," or words to that effect.  *See* Dkt. No. 1803 at 6 (acknowledging at least some

5    instances of that response).  Plaintiffs contend that such a response is not "categorically improper,"

6    and that this is not a global issue suitable for resolution at this time because Uber has only

7    identified eleven cases with "excessive" numbers of "will supplement" responses.  Dkt. No. 1803.

8        The instructions to the approved PFS include the following language:

9            Each question must be answered in full. If you do not know or cannot
10            recall the information needed to answer a question, please explain that
             in the response to the question and include the diligent efforts you
11            have made to obtain the information. **Please do not leave any
             questions unanswered or blank.**

12    Dkt. No. 360-2 at 2.

13        In PTO 10, Judge Breyer similarly required that each "PFS and DFS submission must be

14    substantially complete, which means a Party must . . . [a]nswer all applicable questions."  Dkt. No.

15    348 at 6.  He noted specifically that "[p]arties may answer questions in good faith by indicating

16    'not applicable,' 'I don't know,' or 'unknown.'"  *Id.*

17        If Plaintiffs do not know the answer to a question, they may state that in their response.  If

18    Plaintiffs have only partial information, they may state only what they know.  But the questions in

19    the PFS are not optional, and Plaintiffs may not avoid providing information that is available to

20    them[5] through a vague assertion that they will respond later.  In doing so, they have violated Judge

21    Breyer's Order requiring a party to "[a]nswer all applicable questions" (even if only to assert that

22    the party does not know the answer), Dkt. No. 348 at 6, as well as the PFS form's requirement—

23    approved by Judge Breyer— that "[e]ach question must be answered in full," Dkt. No. 360-2 at 2.

24

25    _____

26    [5] The parties have not raised a dispute regarding the degree to which Plaintiffs must investigate
      information called for by the PFS.  The Court declines to address that question in detail in the
      absence of briefing, but Uber's reference to information in Plaintiffs' "custody or control" seems
27    to be generally appropriate.  *See* Dkt. No. 1803 at 3.  The Court is not inclined to require proactive
      investigation to complete a PFS.  On the other hand, if—for example—a plaintiff has a witness's
28    contact information recorded in an address book or contact list, the fact that the plaintiff does not
      have that information memorized does not shield it from disclosure.

United States District Court
Northern District of California

Even if this issue has only arisen in a relatively small number of cases, it presents a global issue of whether "will supplement" or words to that effect, standing alone, are a suitable response to questions in the PFS.  The Court holds that they are not.

No later than thirty days from the date of this Order, Plaintiffs must amend any PFS responses that currently assert only that a plaintiff will supplement the response.  Plaintiffs must instead either provide an answer to the best of their knowledge or assert that they do not know the answer to the question.

**IT IS SO ORDERED.**

Dated: November 18, 2024

LISA J. CISNEROS
United States Magistrate Judge

United States District Court
Northern District of California