UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER REGARDING SECOND JOINT LETTER ADDRESSING TIME PERIOD FOR DISCOVERY**<br><br>Re: Dkt. No. 1875 |
|---|---|

In response to a previous joint letter addressing the time period for discovery, the Court declined to set an end date for the scope of Uber's document production and ordered the parties to meet and confer regarding ongoing production, and set a process for addressing discovery prior to 2013 in which Uber would identify when it first considered a "rideshare" business model, and the parties would meet and confer as to appropriate discovery from the six document custodians who were employed by Uber prior to 2013. *See generally* Dkt. No. 1816. The Court directed the parties to file a stipulation or joint letter addressing any outstanding issues related to that Order no later than November 14, 2024.

On November 14, the parties filed a second joint discovery letter addressing further disputes as to both documents predating 2013 and documents postdating November 27, 2023. Dkt. No. 1875. As discussed below, this Order resolves that joint letter. Uber has also filed a motion for review by the presiding district judge of the portion of the previous Order declining to set an end date. Dkt. No. 1876.

**A.     Pre-2013 Documents**

The Court previously ordered Uber to "provide to Plaintiffs a declaration or discovery material sufficient to identify the earliest date when Uber began to research, plan, or otherwise

1  consider a rideshare model for its transportation business" no later than November 7, 2024. Dkt.
2  No. 1816 at 2. Uber did not do so, and now argues, essentially, that it is too risky to provide a
3  declaration that later-identified facts might undercut. Dkt. No. 1875 at 4. Uber has not offered
4  any declaration that endeavors to shed some light on when, prior to 2013, Uber may have begun to
5  consider or plan its transition to the rideshare model. Nor has it offered any other discovery
6  material—not a document or an interrogatory style response to the Court's query. Instead, Uber
7  agreed to produce documents from the six custodians who worked for Uber before 2013 without a
8  starting cutoff date, going back to the beginning of their employment, and argues that approach
9  obviates the need for the disclosure previously ordered by the Court. *Id.* Plaintiffs argue that
10 Uber's approach is minimally helpful because few of the six custodians' documents are likely to
11 have been preserved, given the dates of the litigation holds, and it does not resolve the issue of
12 non-custodial discovery. *Id.* at 2–3. Uber contends that the Court's previous Order did not extend
13 non-custodial discovery to include documents predating 2013, and asserts that it has "consistently
14 made clear that, if Plaintiffs believe they need something specific from the pre-2013 time period,
15 [Uber] will entertain reasonable, targeted requests." *Id.* at 5.
16       Beginning with the question of custodial discovery, the Court agrees with Uber that doing
17 so obviates the need to identify a specific date Uber first contemplated rideshare service, at least
18 for the purpose of custodial discovery. Uber is ORDERED to produce within fourteen days from
19 the date of this order documents for its six pre-2013 custodians dating back to the beginning of
20 their employment, consistent with its proposal to Plaintiffs and its representations in the joint
21 letter.
22       The Court understood the parties' previous discovery letter addressing the relevant time
23 period as focused on custodial discovery, particularly with respect to pre-2013 documents. On
24 further review, that letter is not explicitly limited to custodial discovery. *See generally* Dkt. No.
25 1783. That said, it includes no specific references to non-custodial discovery, while portions of it
26 specifically discuss custodial discovery. *See, e.g.*, *id.* at 2 ("Further, with respect to custodial
27 discovery, only 6 of the 55 agreed custodians . . . even worked at the company before 2013."); *id.*
28 at 3 ("Uber relied on [its proposed] time scope while negotiating search terms and custodians.").

2

The parties did not address considerations relevant to non-custodial discovery, and the Court did not take such considerations into account in resolving the dispute.

The Court now addresses the non-custodial documents that it overlooked due to the ambiguities in the discovery letter. As noted above, Uber has not offered any declaration or other information to inform the Court of when it began to consider and plan to transition its transportation business to the rideshare model. Plaintiffs, however, point to a statement by Travis Kalanick reported in a November 2012 TechCrunch article that Uber was "actively considering" a transition to such a model. Uber contends that this statement merely warrants shifting the start cutoff date to November 2012. The Court disagrees. The article attributes Kalanick's statement to an email that he sent, but the date of the email is not specified in the article. Uber would seem to be in the best position to explain when this email was sent, if it still exists and is accessible, but it did not clarify the timing. Based on the TechCrunch article, the Court infers that in 2012 Uber considered and planned for a possible transition to the rideshare model, and as it did so, it considered passenger safety concerns. Accordingly, Plaintiffs' request for non-custodial records prior to 2013 is granted in part. Uber shall produce relevant, nonprivileged non-custodial records with a starting cutoff of January 1, 2012. Plaintiffs' request for non-custodial documents prior to 2012 is denied without prejudice. Plaintiffs may seek an earlier discovery start date, if it becomes apparent based on the new records that relevant non-custodial records exist at an earlier point in time.

B.  Post-November 27, 2023 Documents

In the current joint letter, Uber asks that the Court not set a schedule for production of documents postdating November 2023 until Judge Breyer resolves Uber's challenge to this Court's previous Order. That request is GRANTED: the Court declines to set a schedule at this time, and Uber need not collect or produce documents postdating November 27, 2023 until after Judge Breyer resolves Uber's challenge, although Uber must take reasonable steps to preserve such documents if it has not already done so.

Although the Court's previous Order did not specifically address non-custodial discovery of documents postdating November 27, 2023, its reasoning applies equally to such documents.

1   Unlike pre-2013 documents, these more recent documents relate to a period in which Uber
2   continues to operate the rideshare service at issue in this litigation, and in which new Plaintiffs
3   using that service continue to allege that they were sexually assaulted or harassed by drivers.  The
4   portion of the previous Order addressing post-November 27, 2023 documents applies to both
5   custodial and non-custodial discovery, absent an order to the contrary by Judge Breyer.

6   The parties' obligation to meet and confer further with respect to post-November 27, 2023
7   documents, *see* Dkt. No. 1816 at 4, is stayed pending Judge Breyer's resolution of Uber's motion
8   for relief, but will take effect upon such resolution[1] unless Judge Breyer orders otherwise.  In their
9   discussions, the parties should consider the concerns raised in Uber's motion for relief.  As the
10  Court previously noted, Uber is not expected to "produce discoverable documents in real time as
11  they are created."  Dkt. No. 1816 at 4.  A feasible plan might separately address those tranches of
12  custodians whose records have not yet been collected, reviewed and produced, and those tranches
13  of custodians whose records have already been collected, reviewed, and produced.  For the former
14  group, a potential agreement between the parties could involve setting a more recent provisional
15  cutoff date, instead of using the November 27, 2023 cutoff, and later supplementing the
16  production after a discovery cutoff has been set.  For the latter group, a potential agreement
17  between the parties could involve supplementing the prior production once a final discovery cutoff
18  has been set.  The Court's previous decision not to "set an end date for custodial document
19  production at this time," *see id.*, should not be understood as suggesting an end date will never be
20  appropriate, only that it is too soon to know what that date should be when new complaints
21  continue to be filed, some of which are based on incidents that occurred in 2024, significant work
22  remains to be done before discovery will be substantially complete, and Uber offered little
23  justification for the particular end date it had proposed.

24  / / /
25  / / /
26  / / /

---

[1] For the purpose of the obligations and deadlines in this paragraph, "resolution" of Uber's motion for relief could include the motion being deemed denied pursuant to Civil Local Rule 72-2(d).

4

No later than fourteen days after Judge Breyer resolves Uber's motion, the parties shall file either a stipulation or a joint letter addressing a plan for custodial and non-custodial documents postdating November 23, 2023, unless Judge Breyer orders otherwise.

**IT IS SO ORDERED.**

Dated: November 18, 2024

_____
LISA J. CISNEROS
United States Magistrate Judge