

November 19, 2024

The Hon. Lisa J. Cisneros
United States Magistrate Judge
Phillip Burton Federal Building
Courtroom G – 15th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

    Re:    *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, No. 3:23-md-0384-CRB
            Third Party Subpoena to Bret Stanley

Judge Cisneros:

In accordance with the Court's Order, ECF 1792, Plaintiffs submit this letter in support of their third-party subpoena to Bret Stanley.

## I.    Background

Bret Stanley, a member of the MDL Plaintiffs' Steering Committee in this MDL, ECF 152, is also counsel of record for Plaintiff Lucimar Da Silva in *Lucimar Da Silva v. Uber Technologies, Inc.*, JAMS Reference 1100112429, San Francisco, CA (hereafter "Da Silva Matter") and for Plaintiffs Jesse Saxton, Issac Taboada, and Nathan Stang in *Jesse Saxton, Issac Taboada, & Nathan Stang v. Uber Technologies, Inc.* (Arbitrator Karl Bayer), Austin, TX (hereafter "Saxton matter"). Discovery in both the Da Silva and Saxton matters is also relevant to the allegations in the MDL.

In both the *DaSilva* and *Saxton* matters, which concerned driver classification and pay, Mr. Stanley obtained sworn deposition and hearing testimony from Uber employees on Uber's standard operating procedures about Uber's control and management of its drivers. Ex A, Stanley Decl. ¶¶ 6, 9. In both cases, Mr. Stanley also obtained copies of Uber's policies and procedures, including Knowledge Base policies, concerning Uber's control and management of its drivers, including how drivers can and should accept rides and interact with riders. *Id.* ¶ 9. Further, Mr. Stanley obtained testimony regarding relevant recordkeeping by Uber. *Id.* Plaintiffs' subpoena aims to permit *Mr. Stanley* to produce documents *to himself* in his MDL capacity. It is entirely nonsensical for Uber to ask Mr. Stanley to "know" something in one case and to "not know it" in another.

Because the documents, including deposition transcripts, from *DaSilva* and *Saxton* are subject to protective orders, Mr. Stanley cannot use them in this litigation or share them with his colleagues on the PSC, absent an order from this Court. In accordance with established procedures, Plaintiffs served a subpoena on Mr. Stanley who has possession, custody, and control of documents relevant and proportional to this litigation—and who does not object to their production—so that the Court may enter

Nigh Goldenberg Raso & Vaughn, PLLC     T: (202) 792-7927     Washington D.C.
14 Ridge Square NW | Third Floor     D: (612) 424-9900     Kansas
Washington, D.C     F: (202) 792-7927     Florida
20016     nighgoldenberg.com     Minnesota



an order permitting Mr. Stanley to produce the documents. This is the least burdensome way of obtaining these documents, which Mr. Stanely is willing to produce quickly and at no expense to any party.

II.     **Argument**

On July 14, the Court granted Plaintiffs' motion to enforce and denied Uber's motion to quash a substantially similar subpoena to PSC member Sara Peters. [ECF 695 at 14–15.] There, the Court held that "Uber's confidentiality concerns can be sufficiently addressed by the Protective Order and clawback procedures in this MDL as well as by the Court's procedures for filing confidential material under seal pursuant to Civil Local Rule 79-5." [ECF 695 at 15.] For the same reasons, the Court should grant Plaintiffs' motion to enforce and deny Uber's motion to quash the subpoena to Mr. Stanley.

***Burden.*** Mr. Stanley has consented to producing the requested documents pursuant to the Protective Order in this case. Rule 45 does not require an evaluation of the burden on a *party*; nor would there be a burden on Uber to inspect each document for attorney-client or work product privilege because, as the defendant in the *DaSilva* and *Saxton* matters, Uber has *already* conducted its privilege review and *produced* the requested documents. In any event, Plaintiffs met and conferred with Mr. Stanley and Uber on multiple occasions and have narrowed their requests to the following, discrete categories of documents:

1. Filed pleadings from the *DaSilva* and *Saxton* matters;
2. Deposition or hearing transcripts of Uber corporate employees from the *DaSilva* and *Saxton* matters;
3. Selected exhibits for the Final Hearing in the *Saxton* matter;[1]
4. Selected exhibits for the Final Hearing in the *DaSilva* matter;[2]
5. Knowledge Base policies produced by Uber to Mr. Stanley from the *DaSilva* and *Saxton* matters.

***Availability of Discovery.*** Uber (again) appears to take the position that counsel appearing in one litigation should feign ignorance of documents in their possession, custody, and control when working on other litigations involving the same subject matter. The law does not require the Court or Mr. Stanley to partake in this charade. More generally, parties are entitled to obtain discovery from cases involving the same defendants where there is "significant factual and legal overlap" by issuing subpoenas to parties involved in those cases. *E.g.*, *Schneider v. Chipotle Mexican Grill, Inc.*, 2017 WL 1101799, at *4 (N.D. Cal. Mar. 24, 2017); *see also Hall v. Marriott Int'l, Inc.*, 2021 1906464, at *8 (S.D. Cal. May 12, 2021) (granting requests for deposition transcripts, written discovery, and production of documents where

---

[1] Claimants' Exhibits 6, 25–27, 29–30, 32–33, 35, 37, 39–50, 53–54, 57–72, 74–79, 81–83, 86–110, 113–16 to Claimants Jesse Saxton and Issac Taboada's Amended Exhibit List pertaining to the Final Hearing in the *Saxton* matter.
[2] Exhibits 25, 29–55, 62–73, 104–05 to the Final Hearing in the *DaSilva* matter from Claimants' and Uber's Joint Exhibit List.

Nigh Goldenberg Raso & Vaughn, PLLC    T: (202) 792-7927        Washington D.C.
14 Ridge Square NW | Third Floor       D: (612) 424-9900        Kansas
Washington, D.C                        F: (202) 792-7927        Florida
20016                                  nighgoldenberg.com       Minnesota



causes of action were similar though based on different states' laws). During meet and confers, Uber has suggested that the subject matter of this case differs from that of the *DaSilva* and *Saxton* matters because the MDL concerns sexual assaults while the *DaSilva* and *Saxton* matters were misclassification and wage cases. But Uber takes too narrow a view. The central issue in the *DaSilva* and *Saxton* matters was the employment classification of Uber drivers; here, whether Uber drivers are employees or independent contractors is a threshold issue for resolving vicarious liability claims in many states. [ECF 269 at ¶¶ 419–424; ECF 1044 at 11.] Uber also raises the issue of independent contractor status of its drivers as a defense in this case, and Plaintiffs ***must*** be afforded the opportunity to discover the merits of any claims *or defenses* in this case. *See* Fed. R. Civ. P. 26(b)(1). Thus, the subject matter of those cases— and the discovery obtained from Uber concerning its control over drivers and policies concerning their interactions with riders—directly informs this critical issue in the MDL.

The subpoena to Mr. Stanley seeks information directly relevant to this issue in the MDL. As the Court held when presented with a substantially similar subpoena to PSC Member Sara Peters, testimony concerning Uber's systems, data compilation, auditing and collection practices, and policies are "highly relevant." [ECF 695.] While Ms. Peters' subpoena centered on sexual assault policies and tools, the subpoena to Mr. Stanley concerns policies and tools related to driver control and management—exactly the issues that need to be resolved to determine whether Uber drivers are employees for purposes of Plaintiffs' vicarious liability claims. These issues, therefore, are highly relevant and so, too, are the documents Mr. Stanley obtained through discovery.

Plaintiffs' ability to obtain this information from Mr. Stanley, who already has it, and is willing to produce it, is essential. In this litigation, Plaintiffs have serious concerns about Uber's document retention practices. For example, Uber disclosed that despite ongoing litigation (like the *DaSilva* and *Saxton* matters) it did not retain documents for more than six months. [ECF 190 at 7–8, ECF 345 at 17.] This relevant, available information should be produced due to the substantial overlap with the relevant facts and legal issues in this litigation. Mr. Stanley is Plaintiffs' counsel in multiple cases proceeding against Uber, including this one and should no longer be forced to act as if entire swaths of discovery that he possesses in his office *do not exist* while working on this litigation and not the other cases.

***Protective Order.*** The existence of protective orders in the *DaSilva* and *Saxton* matters do not require a different outcome. Just as it failed to do when Plaintiffs sent a subpoena to PSC member Sara Peters, Uber has again failed to articulate why documents produced to Mr. Stanley in his capacity as counsel in the DaSilva and Saxton Matters cannot be reproduced to him (by himself) in his capacity as a PSC Member while retaining confidentiality. Indeed, as the Court held previously, "Uber's confidentiality concerns can be sufficiently addressed by the Protective Order and clawback procedures in this MDL as



well as by the Court's procedures for filing confidential material under seal pursuant to Civil Local Rule 79-5." [ECF 695 at 15.]³

### III. Conclusion

For the foregoing reasons, Plaintiffs respectfully request that the Court grant their motion to enforce the subpoena to Mr. Stanley in its entirety and deny Uber's motion to quash.

---

³ *See also See Realtek Semiconductor Corp. v. LSI Corp.*, 2014 WL 4365114, at *2–3 (N.D. Cal. Sept. 3, 2014) (rejecting argument that "the subpoena seeks confidential information subject to a protective order" because "the protective order in place in both lawsuits provides sufficient protection for whatever confidential information is included in the materials at issue."); *see also Gonalzes v. Google, Inc.*, 234 F.R.D. 674, 684 (N.D. Cal. 2006) (requiring demonstration that protective order in litigation was insufficient to protect confidentiality of documents).

Nigh Goldenberg Raso & Vaughn, PLLC  
14 Ridge Square NW | Third Floor  
Washington, D.C  
20016

T: (202) 792-7927  
D: (612) 424-9900  
F: (202) 792-7927  
nighgoldenberg.com

Washington D.C.  
Kansas  
Florida  
Minnesota



Dated: June 14, 2024

Respectfully submitted,

By: /s/ Marlene J. Goldenberg
Marlene J. Goldenberg
Samantha V. Hoefs
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square NW, Third Floor
Washington, D.C. 20016
Telephone: (202) 978-2228
Facsimile: (202) 792-7927
mgoldenberg@nighgoldenberg.com
shoefs@nighgoldenberg.com

By: /s/ Sarah R. London
Sarah R. London (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: (415) 956-1000
Facsimile: (415) 956-1008
slondon@lchb.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*

Nigh Goldenberg Raso & Vaughn, PLLC
14 Ridge Square NW | Third Floor
Washington, D.C
20016

T: (202) 792-7927
D: (612) 424-9900
F: (202) 792-7927
nighgoldenberg.com

Washington D.C.
Kansas
Florida
Minnesota