# EXHIBIT B

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

| | |
|---|---|
| NEW YORK | LOS ANGELES |
| BEIJING | SAN FRANCISCO |
| BRUSSELS | TOKYO |
| HONG KONG | TORONTO |
| LONDON | WILMINGTON |

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

November 22, 2024

**<u>VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL</u>**

Re:   <u>MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-cv-03966-CRB, MDLC ID 1449</u>

Dear T.L.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *T.L.* v. *Uber Technologies, Inc., et al.*, 3:24-cv-03966-CRB, MDLC ID 1449, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL").  On October 29, 2024, Nigh Goldenberg Raso & Vaughn, PLLC moved to withdraw its representation of you on the grounds that your counsel "has been unable to reach [you] since September 24, 2024."  *T.L.*, No. 3:24-cv-03966-CRB, ECF 8 at 2 (Exhibit 1).  On November 18, 2024, the Court granted that motion.  *T.L.*, No. 3:24-cv-03966-CRB, ECF 9 at 1 (Exhibit 2).  It is our understanding that you have not found replacement counsel and are no longer represented by an attorney.  If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice."  Exhibit 2 at 1.  The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff."  *Id.*  The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of November 18, 2024, i.e. by Monday, December 16, 2024, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com and rcunningham@paulweiss.com, at your earliest opportunity.  If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

T.L.                                                                                     2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kyle Smith*

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

# Exhibit 1

**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Marlene Goldenberg (*Pro hac vice*)
Sam Hoefs (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com
      shoefs@nighgoldenberg.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB <br><br> **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF T.L.** |
| This Document Relates to: <br><br> *T.L. v. Uber Technologies, Inc., et al.* <br> Case No. 3:24-cv-03966 | Judge: Honorable Charles R. Breyer <br> Date: <br> Time: <br> Courtroom: |

**NOTICE OF MOTION & MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that as soon hereafter as the matter may be heard, Nigh Goldenberg Raso & Vaughn, PLLC ("NGRV"), counsel of record for Plaintiff T.L. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Marlene Goldenberg ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), NGRV submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff T.L. NGRV respectfully requests the Court grant the Motion.

**STATEMENT OF FACTS**

Plaintiff retained NGRV to prosecute an action against Defendants. Plaintiffs' claims were filed in the United States District Court for the Northern District of California as Case No. Case 3:24-cv-03966 on July 1, 2024. NGRV has been unable to reach Plaintiff since September 24, 2024. *See* Decl. ¶ 4. NGRV made numerous attempts to contact Plaintiff via phone, email, letter, and text message. *Id.* NGRV repeatedly attempted to explain why Plaintiffs' participation was necessary to prosecute this case. *Id.* NGRV's communications have noted discovery deadlines, explained the risk of dismissal, and explained that NGRV could not continue to represent Plaintiff without her input. *Id.*

On October 8, 2024 NGRV advised Plaintiff that it would be withdrawing if Plaintiff failed to contact NGRV by October 10, 2024; NGRV also offered Plaintiff the option to voluntarily dismiss her case. Decl. ¶ 4. On October 9, 2024, NGRV again advised Plaintiff that it would be withdrawing if Plaintiff failed to contact NGRV by October 10, 2024. *Id.* Plaintiff failed to contact NGRV. *Id.* On October 15, 2024, NGRV sent Plaintiff formal notice of its intent to withdraw by email and US mail.

*Id.* NGRV also notified Uber of its intent to withdraw. Decl. ¶ 5. To date, Plaintiff has not contacted NGRV, has not agreed to voluntarily dismiss her case, and has not informed NGRV that alternate counsel has been retained. Decl. ¶ 6. NGRV thus remains counsel of record for Plaintiff, but also remains unable to reach her.

### ARGUMENT

NGRV should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

NGRV has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on October 8, 2024 and culminating with final notice on October 15, 2024. Decl. ¶¶ 4–5. NGRV has also given Uber advance notice. Decl. ¶ 5. NGRV has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact NGRV or meet discovery deadlines. Decl. ¶¶ 3–5. NGRV also submitted the limited information NGRV did have and, upon receiving deficiencies due to not having critical information from Plaintiff, negotiated discovery extensions with Uber as it attempted to try to reach her. Decl. ¶ 3. NGRV has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶¶ 3–5.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for NGRV to carry out the representation effectively by failing to communicate with NGRV and failing to provide information required to prosecute her case, despite requests from NGRV. Decl. ¶¶ 3–5. NGRV has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, NGRV agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with

1   all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf,

2   or upon further order of the Court. Decl. ¶ 8.

3                                  **<u>CONCLUSION</u>**

4       NGRV respectfully requests that the Court enter an order terminating its representation of Plaintiff

5   and allowing Plaintiff 30 days to retain new counsel.

6

7   Dated: October 29, 2024                    Respectfully submitted,

8                                     /s/ Marlene Goldenberg

9                                     Marlene Goldenberg (Pro Hac Vice)
Sam Hoefs (Pro Hac Vice)

10                                   **NIGH GOLDENBERG RASO & VAUGHN PLLC**

11                                   14 Ridge Square NW, Third Floor
Washington, DC 20016

12                                   Tel.: (202) 978-2228
Fax: (202) 792-7927

13                                   Mgoldenberg@nighgoldenberg.com
Shoefs@nighgoldenberg.com

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 29, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

Furthermore, on October 29, 2024, I electronically filed the foregoing in Plaintiff's individual docket using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

/s/ Marlene Goldenberg
Marlene Goldenberg

**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Sam Hoefs (*Pro hac vice*)
Marlene Goldenberg (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com
      shoefs@nighgoldenberg.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SAMANTHA HOEFS IN SUPPORT OF NGRV'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF T.L.** |

This Document Relates to:

*T.L. v. Uber Technologies, Inc., et al.*
Case No. 3:24-cv-03966

I, Samantha Hoefs, declare:

1. I am an attorney in the law firm of Nigh Goldenberg Raso & Vaughn PLLC. I am admitted *pro hac vice* to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff T.L. has not responded to any efforts to reach her made by myself or my staff since September 24, 2023. Prior to that, T.L. had not contacted our office since July 12, 2024.

3. Plaintiff T.L.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet

discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff T.L.

   a. Before and throughout the time period described below, Plaintiff T.L. received numerous letters, emails, text messages, and telephone calls requesting that she contact our office. These communications included six phone calls, twenty-three emails, two letters, and fifteen text messages. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel, if she did not contact our office.

   b. Throughout the course of our representation of Plaintiff T.L., she was minimally responsive, before ceasing communication altogether since September 24, 2024. In advance of the Plaintiff Fact Sheet Deadline, our office notified Plaintiff T.L. by telephone call, email, text message, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance of the deadline. Our office submitted a Plaintiff Fact Sheet on Plaintiff T.L.'s behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff T.L., resulting in a deficiency. We notified Plaintiff T.L. by telephone call, email, text message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies by the deadline to avoid dismissal of her case but Plaintiff was unresponsive to our communication attempts.

   c. On October 8, 2024, we sent Plaintiff an email explaining that if she did not contact us by October 10, 2024, we would choose to withdraw as counsel; this letter also offered Plaintiff the option to voluntarily dismiss her case. On October 9, 2024, we

DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

sent Plaintiff a text message reminding her that if she did not contact us by October 10, 2024, we would choose to withdraw as counsel.

    d.   On October 15, 2024, we sent Plaintiff formal notice by email and US mail notifying her that we were withdrawing from her case.

5. During this time period, we met and conferred with Defendants to request and obtain multiple extensions to cure Plaintiff Fact Sheet deficiencies that resulted from our inability to obtain Plaintiffs' input and verification.

6. To date, Plaintiff T.L. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

7. We informed Uber of our intent to withdraw from this case on October 15, 2024.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 29th day of October, 2024 in Minneapolis, Minnesota.

/s/ Samantha Hoefs
Samantha Hoefs

DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB **[PROPOSED] ORDER GRANTING NGRV'S MOTION TO WITHDRAW AS COUNSEL FOR PLANTIFF T.L.** |

This Document Relates to:

*T.L.. v. Uber Technologies, Inc., et al.*
Case No. 3:24-cv-03966

This matter comes before the court on the Motion of Nigh Goldenberg Raso & Vaughn PLLC ("NGRV") to withdraw as counsel for Plaintiff T.L. in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

1. NGRV's Motion is GRANTED. NGRV and its attorneys are terminated as counsel of record for Plaintiff T.L.

2. Pursuant to Local Rule 11-5(b) NGRV is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as these Plaintiffs appear *pro se* or counsel appear on their behalf.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CHARLES R. BREYER
United States District Court Judge

# Exhibit 2

United States District Court<br>Northern District of California

1

2

3

4

5         IN THE UNITED STATES DISTRICT COURT

6        FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8 IN RE: UBER TECHNOLOGIES, INC.,        MDL No. 3084
PASSENGER SEXUAL ASSAULT

9 LITIGATION
_____/

10                         **ORDER GRANTING MOTIONS TO**

11 This Order Relates To:            **WITHDRAW AS COUNSEL**

                             Re: Dkt. Nos. 1683, 1806, 1807, 1815

12 *A.P. vs. Uber Inc.*,
Case No. 3:23-cv-06357-CRB

13

14 *J.C. vs. Uber Inc.*,
Case No. 3:24-cv-03965-CRB

15

16 *T.L. vs. Uber Inc.*,
Case No. 3:24-cv-03966-CRB

17

18 *K.R. vs. Uber Inc.*,
Case No. 3:23-cv-06313-CRB

19

20      The motions to withdraw filed by Plaintiffs' counsel in the above-captioned cases

21 are granted. Within 28 days of this order, each plaintiff shall file a notice indicating

22 whether they intend to pursue the action with new counsel or representing themselves. If

23 the plaintiff does not file that notice, the Court will dismiss their case without prejudice.

24      Uber's counsel shall provide a copy of this order to the plaintiff and file a

25 declaration within 7 days of this ruling explaining how they did so.

26      **IT IS SO ORDERED.**

27      Dated: November 18, 2024



28                        CHARLES R. BREYER
                       United States District Judge