# EXHIBIT D

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

NEW YORK    LOS ANGELES
BEIJING     SAN FRANCISCO
BRUSSELS    TOKYO
HONG KONG   TORONTO
LONDON      WILMINGTON

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

November 22, 2024

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re: MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-cv-06313-CRB, MDLC ID 2277

Dear K.R.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *K.R.* v. *Uber Technologies, Inc., et al.*, 3:24-cv-06313-CRB, MDLC ID 2277, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On October 31, 2024, Chaffin Luhana, LLP moved to withdraw its representation of you on the grounds that your counsel "has been unable to reach [you] since October 1, 2024." *K.R.*, No. 3:24-cv-06313-CRB, ECF 6 at 2 (Exhibit 1). On November 18, 2024, the Court granted that motion. *K.R.*, No. 3:24-cv-06313-CRB, ECF 7 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of November 18, 2024, i.e. by Monday, December 16, 2024, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com and rcunningham@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

K.R. 2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kyle Smith*

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

# Exhibit 1

**CHAFFIN LUHANA LLP**
Roopal P. Luhana (Pro Hac Vice)
Chaffin Luhana LLP
600 Third Ave., 12th Fl.
New York, NY 10016
Telephone: 888.480.1123
Facsimile: 888.499.1123
Email: luhana@chaffinluhana.com

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
|---|---|
| This Document Relates to: **PLAINTIFF K.R.** **Case No. 3:23-cv-06313** | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.R.** Judge: Hon. Charles R. Breyer Date: TBD Time: TBD Location: TBD |

|  |  |
|---|---|
| 1 | **NOTICE OF MOTION & MOTION** |
| 2 | PLEASE TAKE NOTICE that as soon as the matter may be heard, Counsel will hereby move |
| 3 | this Court for an order granting undersigned counsels' withdrawal as representation for Plaintiff. |
| 4 | This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional |
| 5 | Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion and Motion is based on the below |
| 6 | Memorandum in Support and the accompanying Declaration of Roopal P. Luhana, filed |
| 7 | contemporaneously as <u>Exhibit A</u>. A Proposed Order is attached as <u>Exhibit B</u>. |
| 8 | **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL** |
| 9 | Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) |
| 10 | and 1.16(d), Chaffin Luhana LLP submits this Memorandum of Law in support of its Motion to |
| 11 | Withdraw as Counsel for Plaintiff K.R. Chaffin Luhana LLP respectfully requests the Court grant the |
| 12 | Motion. |
| 13 | **STATEMENT OF FACTS** |
| 14 | Plaintiff K.R. is currently represented by Chaffin Luhana LLP. Plaintiff's claims were filed in |
| 15 | the United States District Court for the Northern District of California as Case No. 3:24-cv-06313 on |
| 16 | September 6, 2024 as part of the multidistrict litigation *In re: Uber Technologies, Inc. Passenger* |
| 17 | *Sexual Assault Litigation*, Case No. 3:23-md-03084. |
| 18 | Chaffin Luhana has been unable to reach Plaintiff since October 1, 2024. *See* Ex. A, |
| 19 | Declaration of Roopal P. Luhana ("Luhana Decl.") at ¶ 2. |
| 20 | Chaffin Luhana has made numerous attempts to contact Plaintiff via phone, email and text |
| 21 | message. Luhana Decl. ¶¶ 4(a)-(g). |
| 22 | Chaffin Luhana has repeatedly explained why Plaintiff's participation was necessary to |
| 23 | prosecute this case. *Id.* |
| 24 | Chaffin Luhana has informed Plaintiff that Chaffin Luhana cannot continue representation |
| 25 | without her input. *Id.* at ¶ 4(f). |
| 26 | During this time, Chaffin Luhana has continued to meet and confer with opposing counsel |
| 27 | |
| 28 | |

regarding issues surrounding this case, while also seeking extensions for discovery deadlines to protect Plaintiff's interests. *Id.* at ¶ 5.

On October 16, 2024, Chaffin Luhana formally advised Plaintiff it intended to withdraw as counsel if Plaintiff did not contact the firm. *Id.* at ¶ 4(f).

On October 29, 2024, Chaffin Luhana informed Defendants of their intent to withdraw as counsel for Plaintiff. *Id.* at ¶ 8.

Plaintiff has remained unwilling to make contact with the firm. To date, Chaffin Luhana does not believe Plaintiff has agreed to voluntarily dismiss her case, and has not informed the firm that she has retained any other counsel (although Plaintiff is represented by separate counsel in another case filed in this MDL). Chaffin Luhana thus remains counsel of record for Plaintiff but remains unable to reach her.

## ARGUMENT

Chaffin Luhana should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a).

Attorneys practicing before this Court are also required to adhere to the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1). Under those rules, a "lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules. Prof. Conduct 1.16(d)(1).

As detailed above, Chaffin Luhana has continued in its attempts to work with Plaintiff in order to properly prosecute her case against Defendants. In multiple letters, calls, emails, and texts, Chaffin Luhana explained the consequences of failing to contact the firm or to meet discovery deadlines. Chaffin Luhana provided appropriate advance notice of its intent to withdraw to Plaintiff. On October 16, 2024, Chaffin Luhana mailed and emailed its final letter to Plaintiff informing her that if Chaffin Luhana did not hear from her by October 23, 2024, it would be forced to move to withdraw as Council. As detailed above, Plaintiff has not responded to the firm's contact attempts in order to properly

1  prosecute her case. Chaffin Luhana has continued negotiating discovery extensions over the last
2  month to protect Plaintiff's case from dismissal. Luhana Decl. ¶ 5. Chaffin Luhana has thus taken all
3  reasonable steps to avoid foreseeable prejudice to the Plaintiff.

4  Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case
5  if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation
6  effectively." Here, Plaintiff has failed to communicate with Chaffin Luhana and failed to provide
7  information required to prosecute her case. Luhana Decl. ¶¶ 4(a)-(g). Chaffin Luhana has been unable
8  to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires
9  Plaintiff's input and verification. *See* Luhana Decl. ¶ 4-5. Plaintiff's conduct thus falls into the express
10 terms of Rule 1.16 regarding permissive withdrawal.

11 If this motion is granted and Chaffin Luhana is allowed to withdraw as counsel of record for
12 the Plaintiff, the Plaintiff will have ample time to retain new counsel to prosecute this matter. Plaintiff
13 also has separate counsel pursuing a matter in this MDL.

14 Because this motion is not accompanied by a substitution of counsel or an agreement by
15 Plaintiff to proceed *pro se*, Chaffin Luhana agrees to the conditions imposed by Local Rule 11-5(b) to
16 serve Plaintiff with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel
17 appears on Plaintiff's behalf for this particular matter, this case is terminated or upon further order of
18 the Court. See Luhana Decl. ¶ 9.

### CONCLUSION

20 Chaffin Luhana respectfully requests that the Court enter an order terminating its
21 representation of Plaintiff K.R. and allow Plaintiff 30 days to retain new counsel.

22

23 Dates: October 31, 2024                                  Respectfully submitted,

24                                                          By: /s/ Roopal P. Luhana
                                                            **CHAFFIN LUHANA LLP**
25                                                          Roopal P. Luhana (Pro Hac Vice)
                                                            Chaffin Luhana LLP
26                                                          600 Third Ave., 12th Fl.
27
                                        4
28      NOTICE OF MOTION AND MOTION TO WITHDRAW AS
                        COUNSEL FOR PLAINTIFF K.R.
                        CASE NO. 3:23-MD-03084; 3:23-cv-06313

|   |   |
|---|---|
|   | New York, NY 10016 |
|   | Telephone: 888.480.1123 |
|   | Facsimile: 888.499.1123 |
|   | Email: luhana@chaffinluhana.com |

### CERTIFICATE OF SERVICE

I hereby certify that on October 31, 2024, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action. I also certify that a copy of this document was sent by mail to Plaintiff K.R.

Furthermore, on October 31, 2024, I electronically filed the same document on Plaintiff K.R.'s individual docket, Case No. 3:23-cv-06313. The CM/ECF system served notice of such filing to the email of all counsel of record in this action. My law firm sent a copy of that filing by mail to Plaintiff K.R.

Dated: October 31, 2024                             By: /s/ Roopal P. Luhana
                                                        Roopal P. Luhana

5

NOTICE OF MOTION AND MOTION TO WITHDRAW AS
COUNSEL FOR PLAINTIFF K.R.
CASE NO. 3:23-MD-03084; 3:23-cv-06313

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>**PLAINTIFF K.R.**<br>**Case No. 3:23-cv-06313** | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF CHAFFIN LUHANA'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.R.** |

I, Roopal P. Luhana, declare:

1. I am an attorney in the law firm of Chaffin Luhana LLP. I am a member of the State Bar of New York and am admitted Pro Hac Vice to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff K.R. has not substantively responded to any efforts to reach her made by my firm since October 1, 2024.

3. Plaintiff K.R.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary and is appropriate.

4. Under California Rule of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff K.R.

   a. Before and throughout the time period described below, Plaintiff K.R. received numerous letters, emails, text messages, and telephone calls requesting she contact our firm. In these

1  unanswered communications, we repeatedly explained the need for her continued participation in the
2  case, the risk that her case may be dismissed, the reasons we would need to withdraw as counsel absent
3  contact.

    b. On October 1, my firm sent Plaintiff four (4) text messages informing her of our efforts to try to contact her, the importance of the Plaintiff Fact Sheet document, its deadlines, and the importance of being timely.

    c. On October 2, 2024, my firm sent Plaintiff an additional text message that went unanswered informing her of our efforts to try to contact her, the importance of the Plaintiff Fact Sheet document, its deadlines, and the importance of being timely.

    d. On October 3, 2024, my firm sent Plaintiff an additional text message and four (4) phone calls that went unanswered informing her of our efforts to try to contact her, the importance of the Plaintiff Fact Sheet document, its deadlines, and the importance of being timely.

    e. On October 4, 2024, my firm sent Plaintiff an additional text message and phone call that went unanswered informing her of the deadline that Plaintiff's Plaintiff Fact Sheet must be submitted, and the risk of her case being dismissed with prejudice.

    f. On October 16, my firm sent Plaintiff a letter via email and FedEx informing her of my firm's contact efforts and informing her again of the impossibility of moving forward if we do not hear from her. My firm informed Plaintiff that if we did not hear back from Plaintiff by October 23, 2024, and receive the necessary documentation required to move her case forward, we would have no choice but to withdraw as counsel for her case.

    g. On October 18, 2024, we were informed that Plaintiff received and opened my firm's email, and that FedEx has successfully delivered our letter.

5. During this time period, we met and conferred with opposing counsel on issues surrounding this case, and requested and received two (2) discovery extensions for Plaintiff's Plaintiff Fact Sheet.

6. To date, my firm has not yet heard from Plaintiff since October 1, 2024.

7. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff and informed her of the consequences of failing to comply with case deadlines.

8. On October 29, 2024, my firm informed Defendant of its intent to withdraw as counsel for Plaintiff.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. My firm accepts this responsibility.

Executed this 31st day of October, 2024, in New York, New York.

/s/ Roopal P. Luhana
Roopal P. Luhana

3
NOTICE OF MOTION AND MOTION TO WITHDRAW AS
COUNSEL FOR PLAINTIFF K.R.
CASE NO. 3:23-MD-03084; 3:23-cv-06313

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>**PLAINTIFF K.R.**<br>**Case No. 3:23-cv-06313** | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER GRANTING CHAFFIN LUHANA'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.R.** |

This matter comes before the Court on the Motion of Chaffin Luhana to withdraw as counsel for Plaintiff K.R. in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

1. Chaffin Luhana's Motion is GRANTED. Chaffin Luhana and its attorneys are terminated as counsel of record for Plaintiff K.R.
2. Pursuant to local rule 11-5(b), Chaffin Luhana is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as this Plaintiff appears *pro se* or counsel appears on her behalf.

**IT IS SO ORDERED.**

Dated: _____                               _____

HON. CHARLES R. BREYER
United States District Court Judge

# Exhibit 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 |
| _____/ | |
| This Order Relates To: | **ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL** |
| *A.P. vs. Uber Inc.*, Case No. 3:23-cv-06357-CRB | Re: Dkt. Nos. 1683, 1806, 1807, 1815 |
| *J.C. vs. Uber Inc.*, Case No. 3:24-cv-03965-CRB | |
| *T.L. vs. Uber Inc.*, Case No. 3:24-cv-03966-CRB | |
| *K.R. vs. Uber Inc.*, Case No. 3:23-cv-06313-CRB | |

The motions to withdraw filed by Plaintiffs' counsel in the above-captioned cases are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If the plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiff and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: November 18, 2024



CHARLES R. BREYER
United States District Judge