UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Filing Relates to:<br>*All Cases* | MDL No. 3084<br><br>MDL No.: 3:23-MD-03084 CRB<br><br>**DEFENDANTS' LETTER BRIEFS RE: PLAINTIFFS' SUBPOENA TO BRET STANLEY**<br><br>Judge: Hon. Charles R. Breyer<br>Magistrate Judge: Hon. Lisa J. Cisneros |

Dear Judge Cisneros:

Attorney Bret Stanley is a member of the Plaintiffs' Steering Committee in this MDL (ECF 152 at 3) and separately has represented claimants in two arbitrations against Uber related to driver classification and pay (the *DaSilva* and *Saxton* matters). MDL Plaintiffs' initial subpoena to attorney Mr. Stanley requested "all filed pleadings, deposition transcripts, other transcripts, Exhibits from the Final Hearing, and policies received from Uber" in those arbitrations—without any limitation to relevant subject matters. *See* Ex. A. In the parties' meet and confer prior to this briefing, Uber urged Plaintiffs to narrow the requests to documents on relevant subject matters that Mr. Stanley might have from the *DaSilva* and *Saxton* arbitrations. But Plaintiffs declined, and did not alter their overbroad requests until they filed their brief on November 19, 2024. Plaintiffs have finally taken a first step towards narrowing and tailoring the scope of their requests to this litigation, at least as to the exhibits they seek, a step that should have been taken long ago in the conferral process. Yet most of the requests remain substantially overbroad. As set forth below, Uber does not object to the production of certain categories of documents that are reasonably targeted to information relevant to this MDL, or limited in scope if not sufficiently tailored.

### *Discovery Requests Must Be Reasonably Tailored to Relevant Information*

Courts have explained that "cloned discovery"—requests for document productions from separate litigations—are generally impermissible. The reason courts look skeptically at such requests is that they are, by definition, not tailored to seeking relevant information. *See King Cty. v. Merrill Lynch & Co.*, 2011 WL 3438491, at *3 (W.D. Wash. 2011). Mere "similarity" between two cases is not enough to permit cloned discovery. *See Chen v. Ampco System Parking*, 2009 WL 2496729 at *2 (S.D. Cal. 2009); *Midwest Gas Servs., Inc. v. Indiana Gas Co.*, No. IP 99-690-C-D/F, 2000 WL 760700, at *1 (S.D. Ind. Mar. 7, 2000). Rather, a party seeking documents from a separate litigation must tailor the requests to seek relevant information, just as is required for any other discovery request. *See Emerson v. Iron Mountain Info. Mgmt. Servs., Inc.*, No. 20CV08607YGRAGT, 2021 WL 8085489, at *2 (N.D. Cal. Sept. 8, 2021) (concluding that while a category of documents requested "does include potentially relevant documents, [] it is [still] overbroad" and narrowing production); *Baxalta Inc. v. Genentech, Inc.*, No. 16-MC-80087-EDL, 2016 WL 11529803, at *8 (N.D. Cal. Aug. 9, 2016) (stating in burden and proportionality analysis that even if a request is "directed to relevant information," it cannot be "buried in overbroad" requests). Simply put, any request for documents from a separate case must be reasonably tailored to seeking relevant documents, considering the similarities and differences between the cases and the scope of the requests.

While the Court permitted re-production of documents from a prior case litigated by Plaintiffs' counsel Sara Peters, the Court's decision on that subpoena was based on the fact that Ms. Peters' prior case was "a prior sexual assault case involving Uber" subject to production pursuant to PTO 5. (*See* PTO 5, ECF 175 at 4, requiring re-productions of Uber's document productions in "other Uber sexual assault cases"). ECF 695 at 13-15. But the Court has expressed agreement with the well-established legal principle that such requests must be reasonably tailored to relevant discovery. *See* 10/01/2024 Hr'g Tr. at 34-36 (the Court stating with respect to Plaintiffs' subpoena to attorney Bret Stanley that a "wholesale [re-production of] Uber's production" in other cases may not be appropriate, that Plaintiffs may need to identify relevant pieces of Uber's prior productions to request, and that even when two cases are similar the Court

DEFENDANTS' LETTER BRIEFS RE: PLAINTIFFS' SUBPOENA TO BRET STANLEY

will "parse through what the claims are in the respective cases and . . . what the discovery is that's requested to make sure that it's not as simple as copy and dump.").

### *Plaintiffs' Requests Are Still Impermissibly Overbroad*

Plaintiffs' narrowed request in their brief as to the exhibits they seek is a belated first step to appropriately narrow the scope of the requests to Mr. Stanley. However, most of Plaintiffs' requests remain overbroad and not reasonably tailored to relevant discovery in this case. The Court should limit the subject matter of documents Plaintiffs seek in each category.

**Filed Pleadings:** Plaintiffs provide no argument as to why filed pleadings in the two arbitrations are relevant to this litigation. Nor does producing pleadings make sense. After all, "assertions in [] pleadings are not evidence." *United States v. Zermeno*, 66 F.3d 1058, 1062 (9th Cir. 1995). Plaintiffs do not argue that the very *fact* of these two arbitrations is relevant to this litigation. Instead, Plaintiffs argue certain documents produced or used in the arbitration are relevant. Plaintiffs have waived any argument that the arbitration pleadings are relevant. The Court should therefore not permit production of this category of documents.

**Uber Employee Deposition or Hearing Transcripts:** Plaintiffs have not limited this category to depositions or hearing transcripts of Uber employees that may be relevant to this litigation. Nevertheless, Uber does not object to Mr. Stanley producing deposition and hearing transcripts for Uber employees to the extent the testimony is directly related to the status of drivers using the Uber platform as independent contractors and produced with a "highly confidential" designation pursuant to the protective order in this MDL. Limiting re-productions to transcripts related to drivers' independent contractor status is appropriate as that is the only theory of relevance advanced by Plaintiffs for this discovery.

**Sealed Exhibits:** Plaintiffs have appropriately withdrawn their request for every single exhibit used in the two arbitrations and have identified a selection of exhibits they seek, albeit a large selection. Uber does not object to Mr. Stanley producing these exhibits to the extent they are directly related to the status of drivers utilizing the Uber platform as independent contractors and produced with a "highly confidential" designation pursuant to the protective order in this MDL.

**Knowledge Base Policies:** While this category remains overbroad, Uber does not object to Mr. Stanley producing Knowledge Base records to the extent they are limited to Uber's Rideshare business (rather than UberEats or other businesses not at issue in the case) and produced with a "highly confidential" designation pursuant to the protective order in this MDL.

\* \* \* \* \*

Uber has a substantial interest in preventing the disclosure of its highly confidential documents that are irrelevant to this litigation and subject to protective order. Permitting plaintiffs' attorneys to bypass protective orders and pass around confidential documents by issuing collusive subpoenas to each other—without requiring the requests to be tailored to seeking only relevant documents—would violate the rights of litigants and undermine the effectiveness of protective orders. Placing firm guardrails on this practice is imperative.

Uber has proposed a reasonable compromise that is tailored in scope while allowing the production of potentially relevant documents. The Court should permit Mr. Stanley to produce the following documents, stamped as highly confidential pursuant to the protective order in this litigation, and no others:

- Deposition transcripts and hearing transcripts of testimony by Uber corporate employees if they contain testimony directly related the status of Uber drivers utilizing the Uber platform' as independent contractors;
- Exhibits from the final hearings if they are directly related to the status of Uber drivers utilizing the Uber platform as independent contractors; and
- Knowledge Base records if they are related to Uber's Rideshare business (rather than UberEats or other businesses not at issue in this case).

Dated: November 26, 2024

Respectfully Submitted,

/s/ Michael B. Shortnacy

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

VERONICA G. GROMADA (Admitted *Pro Hac Vice*)
vgromada@shb.com
**SHOOK, HARDY & BACON L.L.P.**
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508
vgromada@shb.com

KYLE N. SMITH (*Pro Hac Vice* admitted)
ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW

Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' LETTER BRIEFS RE: PLAINTIFFS' SUBPOENA TO BRET STANLEY