1  RANDALL S. LUSKEY (SBN: 240915)
      rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON
      & GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5
   ROBERT ATKINS (*Pro Hac Vice* admitted)
6     ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7     cgrusauskas@paulweiss.com
   ANDREA M. KELLER (*Pro Hac Vice* admitted)
8     akeller@paulweiss.com
   **PAUL, WEISS, RIFKIND, WHARTON
9     & GARRISON LLP**
   1285 Avenue of the Americas
10 New York, NY 10019
   Telephone: (212) 373-3000
11 Facsimile:  (212) 757-3990

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
13 RASIER, LLC, and RASIER-CA, LLC

14 *[Additional Counsel Listed on Following Page]*

15

16                    **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18                        **SAN FRANCISCO DIVISION**

19

| 20 | IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
|---|---|---|
| | | **STIPULATION AND [PROPOSED] ORDER RE: MOTIONS TO DISMISS PURSUANT TO THE LAWS OF ARIZONA, GEORGIA, NEVADA, PENNSYLVANIA, AND VIRGINIA** |
| | This Document Relates to: | |
| | ALL ACTIONS | Judge:    Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

| | |
|---|---|
| 1    KYLE N. SMITH (*Pro Hac Vice* admitted)<br>      ksmith@paulweiss.com<br>2    JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)<br>      jphillips@paulweiss.com<br>3    **PAUL, WEISS, RIFKIND, WHARTON**<br>      **& GARRISON LLP**<br>4    2001 K Street, NW<br>      Washington DC, 20006<br>5    Telephone: (202) 223-7300<br>      Facsimile:  (202) 223-7420<br><br>*Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC | SARAH R. LONDON (SBN 267083)<br>**LIEFF CABRASER HEIMANN &**<br>**BERNSTEIN**<br>275 Battery Street, Fl. 29<br>San Francisco, CA 94111<br>Telephone: (415) 956-1000<br>Email: slondon@lchb.com<br><br>RACHEL B. ABRAMS (SBN 209315)<br>**PEIFFER WOLF CARR KANE**<br>**CONWAY & WISE, LLP**<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>Telephone: (415) 426-5641<br>Email: rabrams@peifferwolf.com<br><br>ROOPAL P. LUHANA *(Pro Hac Vice* admitted*)*<br>**CHAFFIN LUHANA LLP**<br>600 Third Avenue, Fl. 12<br>New York, NY 10016<br>Telephone: (888) 480-1123<br>Email: luhana@chaffinluhana.com<br><br>*Co-Lead Counsel for Plaintiffs* |

## **STIPULATION**

**WHEREAS**, the Parties' November 4, 2024, joint case management statement agreed that the next round of Motions to Dismiss will be based on the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia. *See* ECF No. 1823 at 6–7.

**WHEREAS**, on November 6, 2024, the Court ordered that the next round of Motions to Dismiss will be due on December 2, 2024.

**WHEREAS**, the Parties, by and through their respective counsel of record, met and conferred as to Plaintiffs' claims that are subject to the next round of Motions to Dismiss pursuant to the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia.

**WHEREAS**, the Parties have reached a stipulation that recognizes the Court's Orders on California, Florida, Texas, Illinois, and New York law (PTO Nos. 17, 18), and, applying those Orders pursuant to the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia, obviates the need for Motions to Dismiss to be filed with respect to the state-law specific issues for these five states, subject to all Parties' reservation of rights to challenge the Court's orders at the appropriate later time (*e.g.*, motions for reconsideration, future motions to dismiss under other states' laws, motions for summary judgment, or appeal), and to bring motions to dismiss related to other issues, such as the statute of limitations, at a later stage, as provided in PTO No. 5, as well as the parties' expressed positions (including those asserted in the joint letter filed at ECF No. 1685) regarding choice-of-law.

**THEREFORE**, the Parties agree that Uber will not file Motions to Dismiss pursuant to the laws of these five states at this time and respectfully request the Court to enter an order memorializing the Parties' stipulation establishing that:

### **Claim B: Negligent Entrustment Only**

1.     Plaintiffs' claims grounded in a negligent entrustment theory, as asserted within Claim B, pursuant to the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia, are dismissed without leave to amend. *See* PTO No. 17 at 38–40.

2. Uber will not move to dismiss Plaintiffs' general negligence claims (B) on any ground other than the negligent entrustment theory, under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia.

**Claim C: Fraud**

3. Plaintiffs' claims for fraud under the laws of Arizona, Nevada, Georgia, Pennsylvania, and Virginia, are dismissed with leave to amend, consistent with the Court's prior ruling dismissing Plaintiffs' fraud claims. See PTO No. 17 at 35–37.

**Claim D: Negligent Infliction of Emotional Distress**

4. Plaintiffs' independent, standalone NIED claims pursuant to the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia, are dismissed without leave to amend. The parties reserve all rights with respect to arguments about whether emotional distress damages are available for general negligence claims (B) under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia.

**Claim E: Common Carrier's Non-Delegable Duty**

5. Plaintiffs do not assert any claims based on the "common carrier's non-delegable duty" under the laws of Arizona and Pennsylvania.

6. Plaintiffs' claims based on the "common carrier's non-delegable duty" pursuant to the laws of Virginia are dismissed without leave to amend as to claims that arose after the effective date of Virginia S.B. No. 1025 (February 17, 2015), as codified at Va. Code § 46.2-2000, and the Parties recognize that the MDL currently does not include any cases arising before that date that Plaintiffs' Leadership or Uber contends are governed by Virginia law.

7. Uber will not move to dismiss Plaintiffs' claims based on the "common carrier's non-delegable duty" under the laws of Georgia and Nevada.

**Claim F: Other Non-Delegable Duties**

8. Plaintiffs' claims based on "Uber's non-delegable duties other than those that arise from its status as a common carrier," Compl. ¶ 426, under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia, are dismissed without leave to amend.

**Claim G: Vicarious Liability**

9. Plaintiffs do not assert respondeat superior claims (G.1) under the laws of Nevada and Pennsylvania.

10. Plaintiffs' respondeat superior claims (G.1) pursuant to Georgia law are dismissed without leave to amend.

11. Uber will not move to dismiss Plaintiffs' respondeat superior claims (G.1) under the laws of Arizona and Virginia.

12. The Court's ruling that "the scope of liability under an apparent agency theory is limited by the usual scope-of-employment rules," PTO No. 17 at 25, applies to Plaintiffs' apparent agency claims (G.2) under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia.

13. Plaintiffs' apparent agency claims (G.2) under the laws of Nevada, Georgia, Pennsylvania, and Virginia, are dismissed without leave to amend.

14. Uber will not move to dismiss Plaintiffs' apparent agency claims (G.2) under the laws of Arizona.

15. Plaintiffs' ratification claims (G.3) under the laws of Arizona, Georgia, Nevada, and Virginia, are dismissed with leave to amend, consistent with the Court's prior ruling dismissing Plaintiffs' ratification claims.  See PTO No. 17 at 30–31.

16. Plaintiffs' ratification claims (G.3) under Pennsylvania law are dismissed without leave to amend.

17. Plaintiffs' vicarious liability claims asserted under California Public Utilities Code § 535 (G.4) are dismissed without leave to amend for all five states at issue.

**Claim H: Strict Products Liability**

18. Plaintiffs' claims for strict products liability under the laws of Arizona, Nevada, Georgia, and Pennsylvania, and Virginia are dismissed with leave to amend, consistent with the Court's prior ruling dismissing Plaintiffs' strict product liability claims.  See PTO No. 17 at 47–48.

### Claim I: Injunctive Relief

19. Plaintiffs' claims for injunctive relief pursuant to California's Unfair Competition Law, are dismissed without prejudice pursuant to the Court's prior ruling dismissing Plaintiffs' UCL claims for lack of Article III standing. See PTO No. 17 at 48–52.

### Punitive Damages

20. Uber will not move to dismiss Plaintiffs' request for punitive damages under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia.

### Reservation of Rights

21. The Parties reserve all rights with respect to challenges to the Court's prior rulings in PTO Nos. 17 and 18 via motion for reconsideration and appeal, and the parties agree that appellate rights regarding the issues addressed in this stipulation are preserved based on the right to appeal PTO Nos. 17 and 18.

**IT IS SO STIPULATED.**

Dated: December 2, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
ROBERT ATKINS
RANDALL S. LUSKEY
KYLE N. SMITH
JESSICA E. PHILLIPS
CAITLIN E. GRUSAUSKAS
ANDREA M. KELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Dated: December 2, 2024

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209315)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

- 5 -
STIPULATION AND [PROPOSED] ORDER                    Case No. 3:23-md-03084-CRB

**FILER'S ATTESTATION**

I, Randall S. Luskey, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: December 2, 2024                    By:    */s/ Randall S. Luskey*
                                                          Randall S. Luskey

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____, 2024         _____
                                                    HON. CHARLES R. BREYER
                                                    UNITED STATES DISTRICT JUDGE