UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER REGARDING SUBPOENA TO BRET STANLEY**<br><br>Re: Dkt. Nos. 1894, 1906 |

The parties have filed letter briefs addressing a subpoena that Plaintiffs served on Bret Stanley, an attorney representing some of the Plaintiffs in this litigation. The subpoena seeks documents and testimony produced by Uber in arbitration of two prior disputes related to driver classification and pay, in which Stanley represented the drivers. This Order assumes the parties' familiarity with the record and the applicable legal standard. *See, e.g.*, Dkt. No. 695 (Order re Third-Party Subpoena Disputes) at 2–4.

The parties' efforts to resolve this dispute led to some common ground prior to filing their letter briefs. Plaintiffs agreed to limit their requests the following "discrete categories of documents":

    1. Filed pleadings from the *DaSilva* and *Saxton* matters;

    2. Deposition or hearing transcripts of Uber corporate employees from the *DaSilva* and *Saxton* matters;

    3. Selected exhibits for the Final Hearing in the *Saxton* matter;

    4. Selected exhibits for the Final Hearing in the *DaSilva* matter;

    5. Knowledge Base policies produced by Uber to Mr. Stanley from the *DaSilva* and *Saxton* matters.

Dkt. No. 1894 at 2.

Stanley has not asserted any burden associated with production and is willing to produce

documents, but is bound by confidentiality obligations from the prior proceedings. Uber, however, contends that Plaintiffs' requests are still impermissibly broad, and they have a substantial interest in preventing the disclosure highly confidential documents that are irrelevant to the MDL. Nevertheless, Uber has acquiesced to Stanley producing exhibits and transcripts "to the extent they are directly related to the status of Uber drivers," as well as "Knowledge Base records if they are related to Uber's Rideshare business," Dkt. No. 1906 at 3–4.

Plaintiffs do not specifically justify their request for "pleadings," nor do they defined what that category would include. *Cf.* Fed. R. Civ. P. 7(a) (defining "pleadings" as encompassing only certain documents, as distinct from "motions and other papers"). The Court agrees with Uber that evidentiary materials are significantly more likely to be relevant here than arguments and other filings in the prior arbitrations. To the extent that "pleadings" in the arbitrations are subject to a confidentiality agreement or protective order, the Court declines to require any exception to any such agreement or order for the purpose of this litigation.

The Court also agrees with Uber that some limitation of transcripts and exhibits by subject matter is appropriate, but finds Uber's proposed test—for documents "directly related to the status of Uber drivers" as independent contractors or employees—both too subjective to be useful (in its requirement for a "direct" relationship) and too limited in scope. In a declaration attached to Plaintiffs' letter brief, Stanley asserts that the documents identified for production relate to several topics relevant to this litigation. Dkt. No. 1894-1, ¶ 7. The Court adopts a modified version of Stanley's list of topics, and ORDERS Stanley to produce transcripts and exhibits from the *DaSilva* and *Saxton* matters that relate to any of the following topics:

    a. Status of Uber drivers as either employees or independent contractors;

    b. Uber's management of and exercise of control over its drivers;

    c. Uber's policies, procedures, and practices [related or applicable to Uber's rideshare business];

    d. Uber's Knowledge Base policies [related or applicable to Uber's rideshare business];

    e. Uber's policies and training for interacting with riders and accepting rides;

     f. [Omitted as duplicative of and subsumed within item k below];

     g. Uber's Safety Taxonomy, including categories and definitions;

     h. Background checks;

     i. Safety concerns;

     j. Long pickups and long drop-offs; [or]

     k. Uber's recordkeeping and document retention policies and practices.

*See id.*

    Plaintiffs specifically assert relevance based on the disputed issue of "whether Uber drivers are employees for purposes of Plaintiffs' vicarious liability claims," and the degree and manner of Uber's control and management of its drivers.  Dkt. No. 1894 at 3.  Uber does not dispute the relevance of the issue of vicarious liability.  Although some of the topics above, like safety concerns and document retention policies are not tied specifically to the issue of driver classification, the Court finds the relevance of those other categories—like safety concerns and document retention practices—to be self evident.  To the extent that Plaintiffs seek documents related to the topics above, their requests are sufficiently relevant to warrant discovery notwithstanding protective orders in the prior arbitrations.

    For Knowledge Base records, Uber's proposed limitation to produce only records related to its rideshare business is reasonable and appropriate, and ORDERS Stanley to produce such records.  The Court clarifies, however, that any records applicable to Uber's rideshare business must be produced, even if they are also applicable to other aspects of Uber's business.  For example, if a policy describes standards applicable to all Uber drivers—regardless of whether they participate in Uber's rideshare business or its Uber Eats business—that policy shall be produced.  Conversely, with respect to policies that relate *only* to some other line of business besides Uber's rideshare business, the Court declines to order any exception to otherwise applicable protective orders or confidentiality agreements from the prior arbitrations.

    The parties have not addressed in detail whether Stanley would produce transcripts and exhibits in their entirety or only excerpts addressing the relevant topics.  The Court determines

3

that given the needs of the case, and for the sake of efficiency, Stanley shall produce entire transcripts[1] and entire exhibits. As discussed in previous Orders, redactions for relevance are disfavored. By including the entire transcript and exhibits, the added context—even if not directly bearing on the precise topic—may help the reader understand the material that is directly addressing the topic, and the protective order in this litigation provides strong confidentiality protections.

Stanley is ORDERED to produce to Plaintiffs and Uber no later than December 5, 2024 the documents that he intends to produce to Plaintiffs pursuant to this Order. For an interim period between the date of production in this MDL and December 11, 2024, all documents produced pursuant to this Order shall be presumptively designated as "highly confidential" pursuant to the protective order. By December 11, 2024 Uber may confirm or change the presumptive "highly confidential" or other designation that applies to a given document, or identify any documents that it believes fall outside the scope of this Order and thus should not have been produced.

If Uber objects to the production of any documents identified by Stanley, the parties shall meet and confer to determine whether they can reach agreement or compromise as to whether those documents fall within the scope of production allowed by this Order. If the parties cannot resolve their disagreement, they shall file a joint letter consistent with Pretrial Order No. 8 no later than December 18, 2024. Any disagreement as to specific documents shall not delay any deposition[2] or production of other documents whose status is not disputed.

**IT IS SO ORDERED.**

Dated: December 2, 2024

LISA J. CISNEROS
United States Magistrate Judge

---

[1] I.e., the entirety of a given witness's testimony, if that witness addresses any of the relevant topics identified above.

[2] An unresolved dispute regarding a document produced pursuant to this Order is not a reason for a witness to refuse to answer a question at a deposition. If it is later determined that the document should not have been produced, Uber can seek relief from the Court, such as an order to disregard the exhibit or the related testimony.

4