# EXHIBIT A

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 11/19/2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------x

IN RE:

GENERAL MOTORS LLC IGNITION SWITCH LITIGATION

*This Document Relates to All Actions*

-------------------------------------------------------------------------x

14-MD-2543 (JMF)
14-MC-2543 (JMF)

**ORDER NO. 25**

**[Regarding the Selection of Personal Injury and Wrongful Death
Bellwether Cases and Early Trial Scheduling]**

**INTRODUCTION**

1.      In June 2014, the United States Judicial Panel on Multidistrict Litigation ("JPML")
began transferring cases relating to alleged defects in General Motors vehicles from various
judicial districts to this Court for coordinated or consolidated pretrial proceedings.  In addition to
numerous cases seeking economic loss damages, *In re General Motors LLC Ignition Switch
Litigation*, MDL No. 2543, currently includes more than one thousand plaintiffs who have filed
personal injury and wrongful death claims against General Motors LLC ("New GM") and other
defendants.  At the conclusion of pretrial proceedings, the JPML must remand these personal
injury cases (as well as economic loss cases) back to the originating/transferor courts across the
country.  *See Lexecon Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 34 (1998)
(noting that 28 U.S.C. § 1407 "obligates the Panel to remand any pending case to its originating
court when, at the latest, [] pretrial proceedings have run their course").  The originating courts
will then face the prospect of trying (or settling) scores of cases involving similar claims.

2.      Before reaching that point in the course of this proceeding, the Court is tasked with
identifying and implementing processes and tools to manage the litigation in an effective, efficient,
and just manner.  Lawyers and courts recognize that bellwether or test trials may be important case

management tools in a multidistrict proceeding involving numerous individual claims. For example, United States District Judge Eldon Fallon, who presided over the MDL proceedings concerning *Vioxx*[1] and *Propulsid*,[2] has noted that "by establishing a mechanism for conducting 'bellwether' or 'representative' trials, the transferee court can enhance and accelerate both the MDL process itself and the global resolutions that often emerge from that process." Fallon, *et al.*, *Bellwether Trials in Multidistrict Litigation*, 82 TUL. L. REV. 2323, 2325 (2008). Indeed, this Court has held that "bellwether trial[s] [] allow[] a court and jury to give the major arguments of both parties due consideration without facing the daunting prospect of resolving every issue in every action." *In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig.*, No. 00-1898, MDL No. 1358 (SAS), 2007 WL 1791258, at *2 (S.D.N.Y. June 15, 2007); *see also, e.g.*, *In re Chevron U.S.A., Inc.*, 109 F.3d 1016, 1019 (5th Cir. 1997) ("The notion that the trial of some members of a large group of claimants may provide a basis for enhancing prospects of settlement or for resolving common issues or claims is a sound one that has achieved general acceptance by both bench and bar."). Bellwether trials also provide the parties with an opportunity to develop litigation frameworks that can be used in cases remanded to the originating courts.

3. The Court previously directed the parties to meet and confer "regarding a reasonable, but aggressive schedule that provides for bellwether trials as quickly as reasonably possible, given the nature and extent of the discovery and the claims in this litigation." Order No. 18 § VI; *see also* Order No. 22 § VII. After engaging in the meet and confer process, the parties were unable to agree upon a joint proposal for selecting personal injury/wrongful death bellwether cases or the schedule for trying such cases. Lead Counsel for the MDL Plaintiffs ("Lead Counsel")

---

[1]   *In re Vioxx Products Liability Litigation*, MDL No. 1657.

[2]   *In re Propulsid Products Liability Litigation*, MDL No. 1355.

and counsel for the MDL Defendants have submitted letter briefs supporting their respective proposals.  (14-MD-2543 Docket Nos. 417, 418; *see also* 14-MD-2543 Docket Nos. 372, 375).

4.      The Court has considered these submissions, the parties' oral arguments at the status conference held on November 6, 2014, bellwether trial orders from other federal courts handling MDL proceedings, and literature discussing the use of bellwether trials in litigation.  The Court finds that bellwether trials will further the goal of effective and efficient case management in this MDL.  Among other things, such trials will help the Court and the parties to (a) evaluate the claims and defenses related to common issues in the proceeding; and (b) better understand the costs and burdens of subsequent litigation.

5.      This Order contains the bellwether trial plan for cases in MDL 2543 involving personal injury and wrongful death claims based on alleged defects in vehicles manufactured by New GM or General Motors Corporation ("Old GM").  The Order sets forth the procedures for identifying and selecting claims to be tried under the plan and establishes the discovery and trial schedule for those cases.

6.      Notwithstanding the advantages and usefulness of bellwether trials in litigation of this sort, the Court is of the view that there may be other, less expensive means that the Court and parties could and should use — in addition to bellwether trials — to advance the litigation and promote resolution of cases individually or globally, including but not limited to early neutral evaluation and summary jury trials (either on select issues, such as gross negligence and punitive damages, or in select cases).  The parties are directed to continue conferring about such additional means and should be prepared at future status conferences to address whether and when such means could or should be used.

## IDENTIFICATION OF BELLWETHER ELIGIBLE CASES

7.　　Eighteen (18) personal injury and wrongful death cases will be identified for case-specific fact discovery (the "Initial Discovery Pool") and then a subset of those cases will be subsequently selected for additional pretrial discovery and proceedings in preparation for trials starting in January 2016 (the "Early Trial Cases").

8.　　To be eligible for inclusion in the Initial Discovery Pool, a claim must satisfy the following criteria:

    a.　Plaintiff's claim must involve a personal injury or death;

    b.　Plaintiff's claim must involve an accident occurring after New GM acquired substantially all of Old GM's assets on July 10, 2009;

    c.　The complaint containing Plaintiff's claim must have been filed and entered on the MDL 2543 docket or transferred by the JPML to the MDL (as defined below) by December 31, 2014;

    d.　Plaintiff must not have accepted an offer through the GM Ignition Compensation Claims Resolution Facility; and

    e.　By January 16, 2015, Plaintiff must have submitted a Short-Form Plaintiff Personal Injury Fact Sheet ("Short-Form PFS") that is substantially complete.

9.　　Federal law provides this Court with broad power to manage pretrial activities in this litigation.　Many cases in this MDL proceeding were transferred from other courts to this venue by the JPML.　Absent agreement by the parties, 28 U.S.C. § 1407 requires the JPML to remand a case back to the originating court before trial.　Further, Order No. 1 authorized direct filing "in the Southern District of New York of related cases that emanate from other districts and that would appropriately be included in this MDL."　Order No. 1 § III.　The Court made clear,

however, that "upon completion of all pretrial proceedings applicable to a case directly filed in this Court pursuant to this provision, this Court, pursuant to 28 U.S.C. § 1404(a), will transfer that case to a federal district court of proper venue, as defined in 28 U.S.C. § 1391, after considering the recommendations of the parties to that case." *Id.*  Accordingly, as discussed in paragraphs 35-37 below, for a claim to be eligible for inclusion in the Initial Discovery Pool, plaintiffs and defendants involved in the claim must waive any applicable venue and *forum non coveniens* challenges and agree that the claim can be tried in the United States District Court for the Southern District of New York without remanding the case to the transferor forum as required under *Lexecon*, 523 U.S. at 34.

## SUBMISSION OF PLAINTIFF PERSONAL INJURY FACT SHEETS

10.     The Court has approved a Short-Form PFS that includes document requests and a variety of written authorizations for the release of records ("Authorizations").  *See* Exhibit 1.  Each Plaintiff must submit a completed Short-Form PFS, executed Authorizations, and documents responsive to the requests in the Short-Form PFS ("Responsive Documents") pursuant to the terms of this Order.

11.     A completed Short-Form PFS, which requires that each Plaintiff sign a Declaration under penalty of perjury, shall be considered to be interrogatory answers and responses to requests for production under the Federal Rules of Civil Procedure, and will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.  Accordingly, MDL Defendants' use of the Short-Form PFS is in lieu of interrogatories and other discovery devices that they would otherwise have propounded, without prejudice to MDL Defendants' right to propound additional discovery as part of the bellwether trial program, in cases selected for trial, or upon remand of a case to its transferor court.

12.     For cases that are directly filed in this judicial district and entered on the MDL 2543 docket on or before December 31, 2014, each Plaintiff must complete and submit a Short-Form PFS, applicable executed Authorizations, and Responsive Documents by January 16, 2015.

13.     For cases the JPML transfers to MDL 2543 on or before December 31, 2014, each Plaintiff must complete and submit a Short-Form PFS, applicable executed Authorizations, and Responsive Documents by January 16, 2015.  A case shall be deemed transferred to MDL 2543 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

14.     For cases that are directly filed in this judicial district and entered on the MDL 2543 docket on or after January 1, 2015, each Plaintiff must complete and submit a Short-Form PFS, applicable executed Authorizations, and Responsive Documents within forty (40) days after the complaint has been entered on the docket.

15.     For cases the JPML transfers to this MDL on or after January 1, 2015, each Plaintiff must complete and submit a Short-Form PFS, applicable executed Authorizations, and Responsive Documents within forty (40) days after the case has been transferred to this Court.

16.     Plaintiff's Short-Form PFS submission must be substantially complete, which means that a Plaintiff must:

    a.  Answer all applicable questions in the Short-Form PFS (Plaintiff may answer questions in good faith by indicating "not applicable," "I don't know" or "unknown");

    b.  Include a signed Declaration;

    c.  Provide duly executed record release Authorizations; and

      d.   Produce the documents requested in the Short-Form PFS, to the extent such documents are in Plaintiff's possession, custody, or control.

17.    All objections to the admissibility of information contained in the Short-Form PFS are reserved, and therefore no objections shall be lodged in the responses to the questions and requests contained in the Short-Form PFS.  This paragraph, however, does not prohibit a Plaintiff from withholding or redacting information based upon a recognized privilege.  If a Plaintiff withholds or redacts any information on the basis of privilege, he or she shall provide the MDL Defendants with a privilege log.

18.    Nothing in the Short-Form PFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial.  The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure.  The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the Short-Form PFS and no objections are waived by virtue of providing any Short-Form PFS response.

19.    As set forth above, Authorizations together with copies of such records, to the extent that those records or copies thereof are in a Plaintiff's possession, custody, or control, shall be provided with the Short-Form PFS at the time that the Plaintiff is required to submit a Short-Form PFS pursuant to this Order.

20.    In addition to the addressed Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations.  Plaintiff's counsel shall provide executed Authorizations to counsel for the MDL Defendants (or communicate an objection to said request for authorizations) within fourteen (14) days of a request for such Authorizations.

21.    Undated Authorizations constitute permission for the MDL Defendants to date (and where applicable, re-date) Authorizations before sending them to records custodians.  Should

Plaintiffs provide Authorizations that are dated, this shall not constitute a deficiency or be deemed to be a substantially non-complete Short-Form PFS.

      22.    If an agency, company, firm, institution, provider or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, the MDL Defendants shall notify a Plaintiff's individual representative counsel. Should a particular form be required, Defendants will provide it to Plaintiff's individual representative counsel. The individual Plaintiff shall thereafter execute and return within fourteen (14) days that authorization the agency, company, firm, institution, provider, or records custodian requires.

      23.    The MDL Defendants or their designees shall have the right to contact agencies, companies, firms, institutions or providers to follow-up on record copying or production.

      24.    Any Plaintiff who fails to comply with his or her Short-Form PFS obligations under this Order may be subject to having his or her claims dismissed. If Plaintiff has not submitted a completed Short-Form PFS within fourteen (14) days following the due date set forth herein, the MDL Defendants shall send a Notice of Overdue Discovery to Plaintiff's counsel identifying the discovery overdue and stating that, unless the Plaintiff complies with the Court's discovery orders, the case may be subject to dismissal. If Plaintiff fails to submit a completed Short-Form PFS within fourteen (14) days after service of the Notice of Overdue Discovery, the MDL Defendants may move the Court for an Order dismissing the relevant Complaint without prejudice. Plaintiff shall have fourteen (14) days from the date of the MDL Defendants' motion to file a response either (a) certifying that the Plaintiff has submitted a completed Short-Form PFS or (b) opposing the MDL Defendants' motion for other reasons. If a Plaintiff certifies that he or she has submitted a completed Short-Form PFS, the Plaintiff's claims shall not be dismissed (unless the Court finds that the certification is false or incorrect).

25.     If the Court dismisses a Complaint without prejudice under the previous paragraph, the Order will be converted to a Dismissal With Prejudice upon the MDL Defendants' motion — to be filed no earlier than thirty (30) days after the Court's entry of the Order of Dismissal without Prejudice — unless a Plaintiff submits a completed Short-Form PFS or moves to vacate the dismissal without prejudice within that same time period.

## SELECTION OF THE INITIAL DISCOVERY POOL

26.     The *Manual for Complex Litigation* notes that if bellwether trials "are to produce reliable information about other mass tort cases, the specific plaintiffs and their claims should be representative of the range of cases." MANUAL FOR COMPLEX LITIGATION (Fourth) § 22.315 (Federal Judicial Center 2004); Rothstein, *et al.*, MANAGING MULTIDISTRICT LITIGATION IN PRODUCTS LIABILITY CASES: A POCKET GUIDE FOR TRANSFEREE JUDGES at 44 (Federal Judicial Center 2011) ("If bellwether trials are to produce reliable information about the other cases in the MDL, the specific plaintiffs and their claims should be representative of the range of cases.").

27.     There are multiple methods for selecting cases to populate the pool from which bellwether trials will be selected. For instance, some have suggested the cases be selected randomly. *See* MANUAL FOR COMPLEX LITIGATION (Fourth) § 22.315 (approving random selection methods). But the random-selection method has become increasingly disfavored for reasons explained by Judge Fallon:

> Under the random-selection option, the trial-selection pool is filled with a prearranged number of cases selected randomly from the total universe of cases in the MDL or from various logical subsets of that group. This method is easy to perform, but it can be problematic. If cases are selected at random, there is no guarantee that the cases selected to fill the trial-selection pool will adequately represent the major variables.

Fallon, *et al.*, *Bellwether Trials in Multidistrict Litigation*, 82 TUL. L. REV. at 2348; *see also In re Yasmin & Yaz (Drospirenone) Marketing, Sales Practices & Prods. Liab. Litig.*, MDL No. 2100,

No. 09-MD-02100, 2010 WL 4024778, at *2 (S.D. Ill. Oct. 13, 2010) ("Most modern plans seem to disfavor random selection in order to have better control over the representative characteristics of the cases selected. . . . The Court finds that the process that will provide the best sampling of cases will be one that allows both sides of this litigation to have a role in selecting cases.").

28.     In this proceeding, the Court finds that the most effective process for populating the Initial Discovery Pool is to allow both Plaintiffs and MDL Defendants to play a role in selecting the cases.  Accordingly, this Order sets forth the procedures for identifying eighteen (18) representative bellwether claims for the Initial Discovery Pool, from which the Early Trial Cases will later be drawn.

29.     To facilitate efficient review of claim information, Lead Counsel shall place all Short-Form PFSs submitted by the deadline in an electronic and searchable database.  Lead Counsel shall make the database available to counsel for the MDL Defendants by January 23, 2015.

30.     Immediately after the electronic and searchable fact sheet database is made available to counsel for the MDL Defendants, Lead Counsel and counsel for the MDL Defendants will meet and confer regarding (a) the type of alleged defects that should be encompassed within the scope of the bellwether trial plan and (b) the categorization of claims in the plan.  If the parties cannot reach agreement by January 28, 2015, they shall immediately — but in no event later than February 2, 2015 — present these issues to the Court for resolution.

31.     Lead Counsel and counsel for the MDL Defendants shall meet and confer to discuss the process for (a) adding to the fact sheet database Short-Form PFSs that are submitted on or after January 17, 2015, and (b) Plaintiffs submitting amendments to previously submitted Short-Form PFSs.

32.     It is important that the cases selected by the parties for inclusion in the Initial Discovery Pool be representative of the claims in the various categories agreed upon by the parties or, if necessary, determined by the Court.  Further, the Initial Discovery Pool should contain a relatively equal number of representative claims from each category.

33.     By 5 p.m. on February 17, 2015, Lead Counsel and counsel for the MDL Defendants will each file a list of nine (9) eligible Plaintiff's claims for inclusion in the Initial Discovery Pool.  Lead Counsel and counsel for the MDL Defendants shall identify each claim by the named Plaintiff, MDL Docket Number, and provide the name of the Plaintiff's primary counsel.

34.     For this bellwether trial plan to succeed, the cases selected as trial candidates must constitute a representative sampling of cases in this proceeding.  To that end, the Court expects the parties to exercise good faith in selecting cases for potential inclusion in the Initial Discovery Pool, and not to select cases presenting unique or idiosyncratic facts or law that would render the results of these cases unenlightening.  The Court cannot police this request and will not entertain applications regarding whether one side or another has abided by it.  The Court merely sets forth its expectations.

35.     For similar reasons, it is important for the parties to exhibit a willingness to waive venue and *forum non conveniens* challenges, including those issues outlined in *Lexecon*.  The MDL Defendants and Plaintiffs, through their representative leaders, have expressed a willingness to waive such challenges.  Accordingly, MDL Defendants have agreed to *Lexecon* waivers for all claims selected for inclusion in the Initial Discovery Pool.  For all Plaintiffs selected by Lead Counsel for inclusion in the Initial Discovery Pool, it is understood that there shall be a *Lexecon* waiver for all those cases.  For any Plaintiff selected by the MDL Defendants for inclusion in the

Initial Discovery Pool, if the Plaintiff selected is represented by Lead Counsel or their law firms, it is understood that there shall be a *Lexecon* waiver for that Plaintiff.  If a Plaintiff selected by the MDL Defendants is not represented by Lead Counsel or their law firms, the Court recommends a *Lexecon* waiver and Lead Counsel will use best efforts to obtain such a waiver.

36.    Any Plaintiff selected for the Initial Discovery Pool who (a) is not represented by Lead Counsel or their firms and (b) wishes to assert a *Lexecon* objection to his/her case being tried by the Court must file an objection in writing by February 24, 2015.  If no objection is filed by the deadline, a Plaintiff will be deemed to have waived any rights under *Lexecon* and to have agreed to have his/her case tried by this Court.

37.    If an objection is asserted and counsel for the MDL Defendants dispute that the objecting Plaintiff has a right to assert an objection under *Lexecon*, the parties will immediately — but in no event later than February 27, 2015 — present the issue to the Court for resolution.  If the parties do not dispute the objection or if the Court sustains a Plaintiff's *Lexecon* objection, then the claim will be deemed removed from the Initial Discovery Pool.  In that event, Defendants will have three (3) business days to select a replacement case.

38.    *Lexecon* objections other than those for claims tried in the Court under the bellwether trial plan are preserved.  Thus, if a claim in the Initial Discovery Pool is not selected for trial as an Early Trial Case, then the Court will restore the rights of the Plaintiff and the MDL Defendants in that claim to object to venue and jurisdiction in the Southern District of New York for purposes of trial.

39.    The parties will replace duplicates from their respective lists as follows:  Lead Counsel will replace the first duplicate, counsel for the MDL Defendants will replace the next

duplicate, and so on in alternating turns until all duplicates have been resolved and a full list of eighteen (18) cases is achieved.  The deadline to replace all duplicates is February 20, 2015.

40.     The parties shall meet and confer if a dispute arises over whether any of the selected claims are eligible for inclusion in the Initial Discovery Pool.  If the parties are unable to resolve the dispute in good faith, the parties will immediately — by in no event later than February 23, 2014 — present the issue to the Court for resolution.

41.     If a Plaintiff selected for the Initial Discovery Pool voluntarily settles his/her case on or before April 16, 2015, Lead Counsel will have the option to select a replacement case within three (3) business days.  If a Plaintiff selected for the Initial Discovery Pool voluntarily dismisses his/her case on or before April 16, 2015, counsel for the MDL Defendants will have the option to select a replacement case within three (3) business days.  (The parties shall meet and confer to discuss whether cases selected for the Initial Discovery Pool that are voluntarily settled or dismissed after April 16, 2015, should be replaced and, if so, how.  The parties should include that issue on their proposed agenda for a status conference at the appropriate time.)

42.     Case-specific core fact discovery of Plaintiffs in the Initial Discovery Pool will commence on February 18, 2015.[3]  (The Court recognizes that the final composition of the Initial Discovery Pool may not be settled as of that date, in light of the potential for duplicate selections

---

[3]      In their proposed bellwether orders, the parties included provisions requiring the eighteen Plaintiffs in the Initial Discovery Pool to submit supplemental fact sheets to be agreed upon by the parties.  Although those provisions may have been included based on comments made by the Court at the November 6, 2014 status conference, the Court does not think that they are necessary or advisable.  Instead, upon reflection, the Court believes that it makes more sense to begin case-specific core fact discovery immediately upon selection of the Initial Discovery Pool rather than providing time for an intermediate step.  To the extent that the MDL Defendants need or want additional information from the Plaintiffs chosen for the Initial Discovery Pool that would have been in the supplemental fact sheet, they may seek it through case-specific discovery in the ordinary course.

and *Lexecon* objections. Nevertheless, the Court does not believe that that is a reason to delay the beginning of core fact discovery.) Among other things, case-specific fact discovery may consist of (a) additional document requests beyond those in the Short-Form PFS; (b) a deposition of Plaintiff; (c) depositions of treating physicians or medical providers; and (d) depositions of witnesses to the incident that is the subject of the claim. Case-specific core fact discovery of Plaintiffs in the Initial Discovery Pool shall conclude no later than June 22, 2015.

43.     As directed by Order No. 20, the parties are operating under the Phase One Discovery Plan, the scope of which is limited to NHTSA Recall Campaign Numbers 14V346, 14V355, 14V394, 14V400, 14V490, 14V540, and 14V153. Under Order No. 20, New GM is to begin a rolling production of Phase One Discovery documents by December 22, 2014, and will make reasonable efforts to substantially complete its production by May 5, 2015. The parties, the MDL Court, and the courts in the Coordinated Actions desire to minimize the expense and inconvenience of this litigation by, as a general rule, providing for a single deposition of any witness. Accordingly, unless the Court orders otherwise for good cause shown, depositions of former or current employees or officers of New GM or Old GM will start after New GM has substantially completed its Phase One document production. The parties shall meet and confer, however, regarding whether some depositions may be taken at an earlier time. If the parties are unable to reach an agreement, the issue shall be presented to the Court for resolution.

## IDENTIFYING AND SELECTING EARLY TRIAL CASES

44.     By 5 p.m. on June 24, 2015, Lead Counsel and counsel for the MDL Defendants will each file a list of five (5) eligible Plaintiff claims from the Initial Discovery Pool for inclusion on a list of potential early trial candidates. Lead Counsel and counsel for the MDL Defendants

should identify each claim by the named Plaintiff, MDL Docket Number, and provide the name of the Plaintiff's primary counsel.

45.     The parties will replace duplicates from their respective lists as follows:  Lead Counsel will replace the first duplicate, counsel for the MDL Defendants will replace the next duplicate, and so on in alternating turns until all duplicates have been resolved and each list contains five (5) cases.  The deadline to replace all duplicates is June 26, 2015.

46.     By 5 p.m. on July 1, 2015, Lead Counsel will exercise two (2) strikes against the five (5) early trial candidates selected by the MDL Defendants, and counsel for the MDL Defendants will exercise two (2) strikes against the five (5) early trial candidates selected by Lead Counsel.  The remaining six (6) cases — three from each list — will constitute the final set of Early Trial Cases to proceed to case-specific expert discovery.

### EXPERT DISCOVERY FOR EARLY TRIAL CASES

47.     Expert discovery for the Early Trial Cases shall proceed as follows:

- Lead Counsel shall disclose expert witnesses and submit any reports required under Fed. R. Civ. P. 26(a)(2)(B) on or before July 29, 2015; and

- Counsel for the MDL Defendants shall disclose expert witnesses and submit any reports required under Fed. R. Civ. P. 26(a)(2)(B) on or before September 21, 2015.

48.     Pursuant to F.R.E. 26(b)(4), "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial."  Accordingly, Lead Counsel shall present their experts for deposition by September 14, 2015, and counsel for the MDL Defendants shall present their experts for deposition by November 5, 2015.  All expert and fact discovery shall be completed by no later than November 5, 2015.

15

## SCHEDULING THE EARLY TRIAL CASES

49.     By July 15, 2015, Lead Counsel and counsel for the MDL Defendants shall each submit letter briefs proposing the order of trials and setting forth the parties' supporting rationales for their proposed orders.  The Court will then designate the order of the Early Trial Cases.

50.     The first Early Trial Case ("MDL Bellwether Trial #1") will start on January 11, 2016.  The parties shall submit any *Daubert* motions, any dispositive motions, and any motions *in limine* for MDL Bellwether Trial #1 by November 10, 2015.  Unless the Court grants leave to do otherwise, each side shall file no more than a single memorandum of law in support of its *Daubert* motion(s) and a single memorandum of law in support of its motions *in limine*.  Any opposition to a *Daubert* or dispositive motion shall be filed by December 1, 2015; any reply shall be filed by December 7, 2015.  Unless the Court orders otherwise, memoranda shall comply with the page limits and other requirements set forth in this Court's Local Rules.

51.     The Court will issue one or more additional Orders scheduling the pretrial deadlines and dates for the remaining Early Trial Cases.  The Court is aware that *Melton v. General Motors LLC, et al.*, Case No. 14-1197-4 (Ga. St. Ct.), is currently scheduled for trial in Cobb County, Georgia, in February 2016.  If a state court in a Related or Coordinated Action schedules a trial to commence in 2016, the parties shall immediately notify the Court.  The Court will then coordinate with the applicable state courts and, if warranted, adjust the trial dates for the remaining Early Trial Cases.

52.     The January 11, 2016 trial date for Bellwether Trial #1 will not be changed absent extraordinary circumstances.  The other deadlines set forth herein are subject to change for good

cause shown, except that the parties shall confer before making any application to change any deadline set forth herein.

SO ORDERED.

Dated: November 19, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge

# EXHIBIT 1

| UNITED STATES DISTRICT COURT<br><br>SOUTHERN DISTRICT OF NEW YORK<br><br>IN RE: GENERAL MOTORS, LLC<br>IGNITION SWITCH LITIGATION<br><br>THIS DOCUMENT RELATES<br>TO:  [NAME:_____] | 14-MD-2543 (JMF)<br><br><br>14-MC-2543 (JMF)<br><br><br>Case No.  [_____] |
| --- | --- |

## PLAINTIFF FACT SHEET
## CASE INFORMATION

### Prefatory Statement

Plaintiff has not fully completed investigation of the facts relating to this claim, and has not completed all necessary discovery or preparation for trial.  All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Plaintiff and Plaintiff's counsel, agents, and representatives, and disclose only those contentions known or reasonably available to Plaintiff and Plaintiff's counsel, agents and representatives.  It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses and contentions set forth herein.

The following responses are given without prejudice to Plaintiff's right to produce evidence of any facts Plaintiff may later become aware of or recall.  Plaintiff accordingly reserves the right to change, amend, or add to any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, memories are recalled, and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of factual and legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff or Defendants in relation to further discovery, research or analysis or in any future lawsuit.  Plaintiff has an affirmative duty to supplement or correct a response in a timely manner if Plaintiff learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing.  In such a circumstance, Plaintiff agrees to timely file an amendment to this Fact Sheet.

Plaintiff provides the responses herein with the understanding that Plaintiff's responses will be governed by Order No. 10—Protecting Confidentiality and Privileged Materials—entered on 9/10/2014 in this litigation.  [*See* Dkt. No. 294]

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

## Definitions

A.    "Subject Vehicle" is defined as the vehicle that serves as the basis for Plaintiff's claim in this matter.

B.    "Subject Incident" is defined as the Ignition-Switch Related Event involving the Subject Vehicle that is the basis for Plaintiff's claim in this matter.

C.    "Ignition-Switch Related Event" includes, but is not limited to, an incident where the Subject Vehicle's ignition switch moved from the "run" position to "accessory" position (or otherwise moved out of the "run" position) resulting in a partial loss of electrical power, the vehicle's engine turning off, a loss of power steering, and/or a failure of the airbags to deploy.

***The following questions are to be treated as interrogatories pursuant to Federal Rules of Civil Procedure, Rule 33, and are subject to Rules 26 and 37.***

## I.    BASIC INFORMATION

1.    Name of individual completing this Fact Sheet:

2.    Date of Birth:

3.    Address:

4.    Are you completing this Fact Sheet in a representative capacity (*e.g.*, on behalf of the estate of a deceased person, an incapacitated individual, or a minor injured in the Subject Incident on which this case is based)?

        Yes    ☐        No    ☐

5.    If you are completing this Fact Sheet in a representative capacity, identify the person(s) represented by name, date of birth, gender, and address:

| Name | DOB | Gender | Address |
|------|-----|--------|---------|
|      |     |        |         |

6.    What is your relationship to the individual you represent?

7.    Were you appointed by a court?

        Yes    ☐        No    ☐

8.    If you represent a decedent's estate, state the decedent's date of death.

9.    If you represent a decedent's estate, do you contend the Subject Incident caused the decedent's death?

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

10.    If you represent a decedent's estate, identify the decedent's surviving spouse, parents, and children and provide their addresses (or the addresses of their attorneys, if applicable) and the age of any surviving children.

*For the remaining questions of the fact sheet, "you" or "your" means the person injured in the Subject Incident on which this claim is based.*

*[Note: If you are completing this Fact Sheet in a representative capacity, please respond to the remaining questions with respect to the person who was injured in the Subject Incident.  If the individual is deceased, please respond as of the time immediately before his or her death unless a different time period is specified.]*

## II.    PERSONAL INFORMATION

11.    Your Name:

12.    Male   ☐          Female   ☐

13.    Age at time of Subject Incident:

14.    Date of birth:

15.    Social Security Number:

16.    Driver's License Number/State of Issuance/Date of First Issuance:

17.    List your current address and the period you have resided at the location:

| Current Address | Dates |
|---|---|
|  |  |

18.    Marital Status:  Are you currently married?

            Yes   ☐          No   ☐

       If yes, please identify your current spouse.

19.    Were you married at the time of the Subject Incident?

            Yes   ☐          No   ☐

20.    Is your spouse pursuing a loss of consortium claim?

            Yes   ☐          No   ☐

3

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

If you answered "Yes," please identify your spouse's name, date of birth, and occupation:

| Spouse's Name | Date of Birth | Occupation |
|---|---|---|
|  |  |  |

21.    If your spouse is pursuing a loss of consortium claim, please state whether you and your spouse have ever lived apart during your marriage or filed for separation or divorce.

### III.    PREVIOUS LEGAL MATTERS

22.    Within the past ten (10) years, have you been convicted of, or pled guilty to, a felony or completed serving a sentence for a felony conviction?

Yes  ☐        No  ☐

23.    Within the past ten (10) years, have you been convicted of, or pled guilty to, a misdemeanor involving lying, false statements, cheating, fraud, or dishonesty?

Yes  ☐        No  ☐

If you answered "yes" to question no. 22 and/or 23, please identify the charge for which you were convicted (or pled guilty to), the court in which you were convicted or entered the plea, the criminal action number assigned to the matter, and the sentence imposed.

24.    Within the past ten (10) years, have you filed a lawsuit or made a claim involving personal injuries other than this case?

Yes  ☐        No  ☐

If you answered "yes," please identify the Court, the case name, names of adverse parties, civil action number if filed, and state how the matter was resolved.

25.    Within the past ten (10) years, have you submitted a workers' compensation claim, social security claim, or any other form of disability claim for injuries *to the part(s) of your body that you claim was injured in the Subject Incident*?

Yes  ☐        No  ☐

If you answered "yes," please list the claims submitted, the entity with which the claim was filed, the year and location where the claim was filed, the claim number, nature of the disability, period of disability, and the status of the claim.

26.    Other than this case, have you or has someone on your behalf made a claim or filed a lawsuit concerning the Subject Incident or the injuries and damages you claim to have sustained as a result of the Subject Incident?

4

Yes ☐         No ☐

If you answered "yes," please identify the other persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed and the status of the claim or lawsuit.

## IV.     VEHICLE INFORMATION

27.     Subject Vehicle Model Year, Brand/Make, Model, and Trim Level:

28.     Subject Vehicle's Vehicle Identification Number (VIN):

29.     Date of purchase:

30.     Did you purchase the Subject Vehicle new or used?

31.     Name and address of dealer/seller:

32.     State where the Subject Vehicle is currently located and who has possession of it.

33.     Is the Subject Vehicle available for inspection?

Yes ☐         No ☐

34.     Has the Subject Vehicle's Sensing and Diagnostic Module ("SDM") been downloaded at any time following the Subject Incident?

Yes ☐    No ☐

If you answered "yes," please identify the step-by-step process used to download the SDM data, including, but not limited to, the person performing the download of the data and the date such download occurred.

35.     Has the SDM ever been removed from the Subject Vehicle?

Yes ☐    No ☐    Don't Know ☐

If you answered "yes," please identify who removed the module, when the module was removed, and where the module is currently located.

36.     Identify, to your knowledge, all persons who have inspected and/or photographed the Subject Vehicle since the Subject Incident.

## V.     MAINTENANCE HISTORY

37.     To your knowledge, has the Subject Vehicle's ignition switch ever been repaired and/or serviced?

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

Yes   ☐    No   ☐

If you answered "yes," please describe the repair or service performed, when it was performed, and who performed it.

38. To your knowledge, has the Subject Vehicle's airbag(s) or its components ever been repaired and/or replaced?

Yes   ☐    No   ☐

If you answered "yes," please describe the repair or service performed, when it was performed, and who performed it.

**VI.**      **INCIDENT INFORMATION**

39. Do you claim to have experienced an Ignition-Switch Related Event in the Subject Vehicle?

Yes   ☐    No   ☐

If you answered "yes," please state how many Subject Incidents you claim to have experienced.

40. With respect to the first, or earliest, Subject Incident you experienced:

a. What date and time did it happen?

b. Were you driving the Subject Vehicle during the Subject Incident?

Yes   ☐    No   ☐

If you answered "no," please provide the name, age, and current address of the driver, and relationship to you.

c. If the driver of the Subject Vehicle had a cellular telephone and/or other mobile communications device in the vehicle during the Subject Incident, please provide the telephone number(s) and service provider(s) for the devices(s).

d. State whether the driver of the Subject Vehicle consumed any prescription medication, non-prescription medication or drugs, or alcoholic beverage in the 24 hours before the Subject Incident and identify the substance and amount consumed.

e. Did the driver of the Subject Vehicle submit to any drug or alcohol testing following the Subject Incident?

6

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

Yes     ☐       No     ☐

If you answered "yes," please describe the testing performed and the results of the testing.

f.      Describe all items on the key chain attached to the key in the Subject Vehicle's ignition switch at the time of the Subject Incident.

g.      Describe the location of the Subject Incident, including, but not limited to, the surroundings, terrain, and the highway, street or parking lot or address where it happened.

h.      Describe the lighting, weather, and road conditions (e.g., daylight, rainy, wet, icy, dry) during the Subject Incident.

i.      Indicate the length of time and distance the Subject Vehicle travelled off the roadway during the Subject Incident, if applicable.

j.      Was there a collision?

Yes     ☐       No     ☐

If you answered "yes," please describe the portion of the Subject Vehicle that collided with or struck any other object during the Subject Incident.

k.      Did the Subject Incident involve a rollover event?

Yes     ☐       No     ☐

If you answered "yes," describe the rollover event, whether the rollover occurred on road or off road, whether it was a passenger's side or driver's side leading roll, and whether the Subject Vehicle struck any object before, during, or after the roll.

l.      Did emergency responders arrive on scene?

Yes     ☐       No     ☐

If you answered "yes," please identify the responding agency and the incident or report number documenting their response to this incident.

m.      Was anyone injured?

Yes     ☐       No     ☐

n.      Was any property damaged, including, but not limited to, the vehicles involved?

Yes     ☐       No     ☐

7

If you answered "yes," please identify the property damaged and describe the damage, including the total of any repair estimate and whether any repairs were made to the vehicle as a result thereof.

o.    Is there a police report concerning the incident?

        Yes    ☐              No    ☐

If you answered yes, please identify the police agency and the incident/report number relating to the incident.

p.    Were any photographs taken of accident scene, the Subject Vehicle, and/or the vehicle's occupants?

        Yes    ☐              No    ☐

q.    Describe what happened, including the vehicle's approximate speed when the Subject Incident began (and/or the gear the vehicle was in), any and all inputs (steering, braking, etc.) the driver made to the vehicle during the Subject Incident, the response of the vehicle, and the outcome.

r.    Did the vehicle's airbag(s) deploy during the Subject Incident?

        Yes    ☐         No    ☐

If you answered "yes," please state which airbags deployed.

s.    Were you wearing a seat belt at the time of the Subject Incident?

        Yes    ☐         No    ☐

t.    Was any occupant of the Subject Vehicle fully or partially ejected during the Subject Incident?

        Yes    ☐         No    ☐

 If you answered "yes," please explain.

u.    Identify any citations or tickets that were issued following the Subject Incident.

v.    Did you take the Subject Vehicle to a dealership or service facility after the Subject Incident to address the Ignition-Switch Related Event?

        Yes    ☐              No    ☐

If you answered "yes," please identify the dealership or service facility, the date of service, and describe what work was done to the Subject Vehicle, anything you

8

were told about the Subject Vehicle and/or the Ignition-Switch Related Event, and identify all documentation associated therewith.

41.    For each additional such Ignition-Switch Related Event you experienced, please answer question(s) 40(a)-(v) on a separate page and attach to the end of your Fact Sheet responses.

42.    Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to the Subject Incident(s) and the basis for your assertions of same.

43.    Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to your alleged injuries and the basis for your assertions of same.

44.    Do you claim that the Subject Vehicle experienced a "moving stall" or otherwise lost engine power, and that this caused a loss of vehicle control during the Subject Incident?

Yes    ☐    No    ☐

If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

45.    Do you claim that a loss of power steering occurred because the ignition switch moved out of the "run" position?

Yes    ☐    No    ☐

If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

46.    Do you claim that a loss of power assist brakes occurred because the Ignition Switch moved out of the "run" position?

Yes    ☐    No    ☐

If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of their anticipated testimony.

47.    Do you claim that any of the Subject Vehicle's airbag systems failed to deploy during the Subject Incident because the Ignition Switch moved out of the "run" position?

Yes    ☐    No    ☐

9

If you answered "yes," please state each fact that supports that claim, identify any fact witness(es) who support that claim, and provide summary of anticipated testimony.

### VII. INJURY INFORMATION

48. For each Subject Incident in which you allegedly sustained a personal injury, please describe your injuries and how they were sustained.

49. Did the injuries you allegedly sustained during the Subject Incident result in hospitalization?

Yes   ☐     No   ☐

50. Please identify all facilities, agencies, hospitals, physicians, therapists, and other medical professionals who provided treatment for the injuries you allegedly sustained during the Subject Incident, as well as the dates of treatment:

| Medical Provider | Dates of Service |
|------------------|------------------|
|                  |                  |
|                  |                  |
|                  |                  |

51. For each Subject Incident in which someone other than you was injured, please identify the person, and to the extent you have knowledge, identify the type or nature of injuries allegedly sustained, and the names of any agencies, hospitals, or physicians who treated the injured party.

### VIII. CURRENT OR PRIOR MEDICAL CONDITIONS

52. Other than the injuries allegedly sustained in the Subject Incident, between the date of the Subject Incident and the present, have you sustained any physical injuries, illnesses, or disabilities that have resulted in lost income or medical expenses?

Yes   ☐     No   ☐

If you answered "yes," please identify the injury, illness, disability, symptoms, date(s) of onset, date(s) of diagnoses and by whom it was first diagnosed.

53. During the three (3) year period before the Subject Incident, did you sustain any physical injuries, illnesses, or disabilities that resulted in lost income or medical expenses?

Yes   ☐     No   ☐

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

If you answered "yes," please identify the injury, illness, disability, symptoms, date(s) of onset, date(s) of diagnoses and by whom it was first diagnosed.

## IX.    DAMAGES CLAIMS - PERSONAL INJURY

54.    Lost Wages/Loss of Earning Capacity:  Are you claiming or do you expect to claim that you lost earnings or suffered an impairment of your earning capacity as a result of any condition you claim resulted from the Subject Incident?

Yes    ☐    No    ☐

If you answered "yes," please provide the following information with respect to each of your places of employment for the past ten (10) years:

| Dates | Employer Name and Address | Job Title and Nature of Responsibilities | Annual Income and Benefits |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

55.    Total number of days you missed from work allegedly because of injuries sustained during the Subject Incident.

56.    Please identify whether you received any disability, medical leave, or other income for those days you missed allegedly due to your injuries and, if so, the type and amount of such income.

57.    Please identify whether you expect to return to employment following recovery from your injuries claimed as a result of the Subject Incident.  Please identify when your return is expected, whether you are expected to return to the same or similar job, and the number of hours per week you expect to be working.

58.    If you do not expect to return to work, please explain why you are no longer able to work and whether same was confirmed by any medical professional.  Please identify the medical professional who limited your ability to work.

59.    If you are claiming an impairment of your earning capacity, identify the impairment and the health care provider who diagnosed it.

60.    What is the amount of medical expenses you claim to have incurred as a result of the Subject Incident?

**DOCUMENT REQUESTS**

*The following requests are to be treated as requests for the production of documents pursuant to Federal Rule of Civil Procedure, Rule 34, and are subject to Rule 37.*

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

*The responding party shall produce into the MDL 2543 Document Depository, within thirty (30) days of the date of service of this Fact Sheet, any of the following documents that are in the responding party's possession, custody or control:*

1.      Copies of all documents relating to the purchase or lease of the Subject Vehicle and reflecting any repair, inspection, service, recall service, alteration or modifications of the Subject Vehicle.

2.      Copies of the data downloaded from the Subject Vehicle's SDM.

3.      Copies of all accident, incident or investigative reports (other than documents created by your counsel or at your counsel's request) regarding the Subject Incident or the Subject Vehicle prepared by any responding agency or third party, and documents reflecting citations issued by any police agency or governmental agency relating to the Subject Incident.

4.      Copies of all towing records related to the towing of the Subject Vehicle as a result of the Subject Incident.

5.      Copies of all photographs, videotapes, or digital images taken of the Subject Vehicle or any part of the Subject Vehicle before, during, and/or after the Subject Incident.

6.      Copies of all photographs, videotapes or digital images taken of the injuries you claim to have sustained in the Subject Incident (other than documents created by your counsel or at your counsel's request).

7.      Copies of all electronic data and/or electronic surveys taken and/or related to the accident scene.

8.      Any written and/or recorded statements that you gave (other than privileged communications or work product) regarding the Subject Vehicle, the Subject Incident, or your claimed injuries.

9.      Copies of all post-Subject Incident test results for the presence of alcohol or drugs in the individual driving the Subject Vehicle during the Subject Incident.

10.     Copies of any written statements given to any police officer, fireman, fire investigator, or any other public agency or entity regarding the Subject Incident.

11.     All photographs and videos portraying or documenting injuries allegedly sustained as a result of the Subject Incident, including any "day in the life," therapy, or recovery video.

12.     Copies of all documents and photographs regarding media coverage of the Subject Incident and/or your injuries allegedly sustained as a result thereof.

13.     Copies of any available medical and pharmacy records, medical x-rays and images, charts, reports, nursing notes, therapy notes, and billing records for medical treatment you received for the injuries you claim were sustained in the Subject Incident.

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

14.      Copies of any available medical and pharmacy records, medical x-rays and images, charts, reports, nursing notes, therapy notes, and billing records for medical treatment you received during the three (3) year period before the Subject Incident.

15.      Copies of any documents related to insurance, including claims you submitted and policies you had in effect as of the date of the Subject Incident that covered or may cover you, the Subject Vehicle, or the property on which the Subject Incident occurred.

16.      Copy of the death certificate, autopsy reports, and funeral and burial expenses if plaintiff claims the injured person died as a result of the Subject Incident.

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

## SIGNED AUTHORIZATIONS

Plaintiff agrees to produce into the MDL 2543 Document Depository ***original signed authorizations*** within thirty (30) days of the date of service of this Fact Sheet for the release of relevant medical records, and to the extent a claim for lost wages is made, the release of relevant employment and financial records, including tax authorizations, social security authorizations, authorizations for the release of educational records, and Medicare/Medicaid disclosure forms. Plaintiff agrees to provide current authorizations as necessary. Plaintiff agrees that any document request above for medical and/or employment and/or financial records to be produced by Plaintiff will not preclude Defendants from also collecting such records directly from the source pursuant to the signed authorizations.

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

## __DECLARATION__

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief formed after a reasonable inquiry.  I understand that I am under an obligation to supplement these responses.

Date:           _____

Signature       _____

Name            _____

*Contains Confidential Information – Subject to Confidentiality Order (Order No. 10)*

# Exhibit A

## (Healthcare Authorization)

## LIMITED AUTHORIZATION TO DISCLOSE HEALTH INFORMATION
### (Pursuant to the Health Insurance Portability and Accountability Act "HIPAA" of 4/14/03)

TO: _____

Patient's Name: _____

Former/Alias/Maiden Name of Patient_____

Patient's Date of Birth: _____

Patient's Social Security Number: _____

I,_____, hereby authorize you to release and furnish to _____ and/or their duly assigned agents, including _____ copies of the following information:

- All medical records, including inpatient, outpatient, and emergency room treatment, physician's records, surgeon's records, physical information, operating room records, discharge summaries, progress notes, patient intake forms, nurses' notes, therapists' notes, social worker's records, all clinical charts, reports, documents, correspondence, test results, statements, questionnaires/histories, office and doctor's handwritten notes, and records received by other physicians.
- All autopsy, laboratory, histology, cytology, pathology, immunohistochemistry radiology, nuclear medicine, radiation therapy, CT Scan, MRI, echocardiogram and cardiac catheterization reports.
- Copies of x-rays, mammograms, myelograms, CT scans, MRI films, photographs, bone scans, and any other radiological, nuclear medicine or radiation therapy films, cardiac catheterization videos/CDs/films/reels, and echocardiogram videos.
- All pharmacy/prescription records including NDC numbers and drug information handouts/monographs.
- All billing records, including all statements of account, itemized bills, invoices, and insurance records, relating to any examination, diagnosis, treatment, periods of hospitalization, or stays of confinement.

1. To my medical provider: **this authorization is being forwarded by, or on behalf of, attorneys for the defendants for the purpose of civil litigation. You are not authorized to discuss any aspect of the above named person's medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on his or her medical or physical condition, unless you receive an additional authorization permitting such discussion. Subject to all applicable legal objections, this restriction does not apply to discussing my medical history, care, treatment, diagnosis, prognosis, information revealed by or in the medical records, or any other matter bearing on my medical or physical condition at a deposition or trial.**

2. I expressly request that all covered entities under HIPAA identified above disclose full and complete protected medical information. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

3. I understand that I have the right to revoke this authorization at any time. I understand that if I revoke this authorization I must do so in writing to _____. I understand the revocation will not apply to information that has already been released in response to this

authorization.  I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy.  Unless otherwise revoked, this authorization will expire three years after the date of signature of the undersigned below.

4. I understand that authorizing the disclosure of this health information is voluntary.  I can refuse to sign this authorization. I need not sign his form in order to assure treatment.  I understand I may inspect or copy the information to be used or disclosed as provided in CFR 164.524.  I understand that any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules.  If I have questions about disclosure of my health information, I can contact the releaser indicate above.

5. A notarized signature is not required. CFR 164.508.  A copy of this authorization may be used in place of an original.

6. I have read this Authorization and understand it will permit the entity identified above to disclose protected health information to _____.

Dated:_____


_____
Signature of Patient or Personal Representative


_____
Printed Name of Patient or Personal Representative


_____
If Personal Representative, Description of Authority

# Exhibit B

(IRS Forms – see attached)

**Exhibit C**

(Employment Authorizations)

## HIPAA COMPLIANT AUTHORIZATION FORM PURSUANT TO 45 CFR 164.508
### EMPLOYMENT AUTHORIZATION

TO: _____

Name of Employer

_____

Address, City State and Zip Code

Re:

Date of Birth:_____    Social Security Number:_____

Address:_____

I authorize the disclosure of my employment records including any medical information protected by HIPAA, 45 CFR 164.508, for the purpose of review and evaluation in connection with a legal claim. I expressly request that all entities identified above disclose full and complete records including the following:

This will authorize you to furnish copies of all applications for employment; resumes; records of all positions held; job descriptions of positions held; wage and income statements and for compensation records; wage increases and decreases; performance evaluations, reviews and reports; transfers, statements and comments of fellow employees; all documents relating to discipline including warnings, reprimands, suspensions, terminations, and all other forms of discipline; attendance records; IRS Form W-2s, worker's compensation files; all medical records, x-rays and test results; any physical examination records; all documents relating to my absences, illnesses and injuries; any records pertaining to claims made relating to health, disability or accidents in which I was involved including correspondence, reports, claim forms, questionnaires, records of payments made to me or on my behalf; and any other records relating to my employment and for in my personnel file.

Information about HIV/AIDS and alcohol substance abuse may be disclosed.

I authorize you to release the information to:

_____

Name (Records Requestor)

_____

Street Address                              City                      State and Zip Code

I intend that this authorization shall be continuing in nature.  If information responsive to this authorization is created, learned or discovered at any time in the future, either by you or another party, you must produce such information to the Records Requestor at that time.

I acknowledge the right to revoke this authorization by writing to you at the above referenced address. However, I understand that any actions already taken in reliance on this authorization cannot be reversed, and my revocation will not affect those actions. I understand that the entity to which this authorization is directed may not condition treatment, payment, enrollment or eligibility benefits on whether or not I sign the authorization. Any facsimile, copy or photocopy of the authorization shall authorize you to release the records herein.

**This authorization expires three years after the date of signature of the undersigned below.**

Dated:_____

_____
Signature of Employee or Personal Representative

_____
Printed Name of Employee or Personal Representative

_____
If Personal Representative, Description of Authority

# Exhibit D

(Disability Authorizations)

## AUTHORIZATION FOR RELEASE <u>OF</u> <u>DISABILITY CLAIMS RECORDS</u>

To: _____

     Name

_____

     Address

_____

     City, State and Zip Code

This will authorize you to furnish copies of any and all records of disability claims of any sort, including, but not limited to, statements, applications, disclosures, correspondence, notes, settlements, agreements, contracts or other documents, concerning:

_____

*Name of Claimant*

whose date of birth is _____ and whose social security number is _____.

You are authorized to release the above records to the following company, which has agreed to pay reasonable charges made by you to supply copies of such records.

_____

**Name of Company**

_____

Records Requester

**Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____

**Street Address**

_____

**City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof.  It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.


Dated:_____


_____
Signature of Claimant or Personal Representative

_____
Printed Name of Claimant or Personal Representative

_____
If Personal Representative, Description of Authority

# Exhibit E

## (Education Authorizations)

## AUTHORIZATION FOR RELEASE <u>OF</u> <u>EDUCATIONAL RECORDS</u>

To: _____

    Name

 

    _____

    Address

 

    _____

    City, State and Zip Code

      This will authorize you to furnish copies of any and all school records including, but not limited to, test results, test scores, report cards, or other school grading material, attendance records, physicals and other health-related records, including but not limited to any physicians, nursing or allied health professional reports, records or notes, that may be in your possession

          _____

                *Name of Student*

whose date of birth is _____ and whose social security number is _____.

      You are authorized to release the above records to the following company, which has agreed to pay reasonable charges made by you to supply copies of such records.

    _____

    **Name of Company**

 

    _____

    Records Requester
    **Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

 

    _____

    **Street Address**

 

    _____

    **City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof.  It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.


Dated:_____


_____
Signature of Student or Personal Representative

_____
Printed Name of Student or Personal Representative

_____
If Personal Representative, Description of Authority

# Exhibit F

(Insurance Authorizations)

## AUTHORIZATION FOR RELEASE <u>OF</u> <u>INSURANCE RECORDS</u>

To: _____
     Name

_____
     Address

_____
     City, State and Zip Code

This will authorize you to furnish copies of all forms regarding insurance claims applications and benefits and all medical, health, hospital, physicians, nursing or allied health professional reports, records, notes or invoices and bills, which may be in your possession.

_____
              *Name of Insured*

whose date of birth is _____ and whose social security number is _____.

You are authorized to release the above records to the following company, which has agreed to pay reasonable charges made by you to supply copies of such records.

_____
     **Name of Company**

_____
     Records Requester
     **Representative Capacity (e.g., attorney, records requestor, agent, etc.)**

_____
     **Street Address**

_____
     **City, State and Zip Code**

This authorization does not authorize you to disclose anything other than documents and records to anyone.

This authorization shall be considered as continuing in nature and is to be given full force and effect to release information of any of the foregoing learned or determined after the date hereof. It is expressly understood by the undersigned and you are authorized to accept a copy or photocopy of this authorization with the same validity as through the original had been presented to you.

Dated:_____

_____
Signature of Insured or Personal Representative

_____
Printed Name of Insured or Personal Representative

_____
If Personal Representative, Description of Authority

# Exhibit G

(Federal Disclosure)

**Federal Disclosure Requirements**
**(required by 42 U.S.C. § 1395y(b)(7) and (b)(8))**


      Defendants may be required to report to the federal government certain information to fulfill Medicare Secondary Payer Act reporting requirements. Please complete the following form.


Full Legal Name: _____

Date of Birth: _____

Gender: _____

Social Security Number:_____

Health Insurance
Claim Number (HICN): _____

Are you eligible to receive Medicare benefits?

Yes    _____
No     _____

If so, on what date did you become eligible to receive Medicare benefits?

_____

| Form **4506-T** | **Request for Transcript of Tax Return** | |
|---|---|---|
| (Rev. August 2014)<br>Department of the Treasury<br>Internal Revenue Service | ▶ Request may be rejected if the form is incomplete or illegible.<br>▶ For more information about Form 4506-T, visit www.irs.gov/form4506t. | OMB No. 1545-1872 |

**Tip.** Use Form 4506-T to order a transcript or other return information free of charge. See the product list below. You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get Transcript of Your Tax Records" under "Tools" or call 1-800-908-9946. If you need a copy of your return, use **Form 4506, Request for Copy of Tax Return.** There is a fee to get a copy of your return.

| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the transcript or tax information is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** If the tax transcript is being mailed to a third party, ensure that you have filled in lines 6 through 9 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax transcript to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your transcript information, you can specify this limitation in your written agreement with the third party.

**6** **Transcript requested.** Enter the tax form number here (1040, 1065, 1120, etc.) and check the appropriate box below. Enter only one tax form number per request. ▶   **1040**

**a** **Return Transcript,** which includes most of the line items of a tax return as filed with the IRS. A tax return transcript does not reflect changes made to the account after the return is processed. Transcripts are only available for the following returns: Form 1040 series, Form 1065, Form 1120, Form 1120A, Form 1120H, Form 1120L, and Form 1120S. Return transcripts are available for the current year and returns processed during the prior 3 processing years. Most requests will be processed within 10 business days . . . . . . . . . ☑

**b** **Account Transcript,** which contains information on the financial status of the account, such as payments made on the account, penalty assessments, and adjustments made by you or the IRS after the return was filed. Return information is limited to items such as tax liability and estimated tax payments. Account transcripts are available for most returns. Most requests will be processed within 10 business days . . ☑

**c** **Record of Account,** which provides the most detailed information as it is a combination of the Return Transcript and the Account Transcript. Available for current year and 3 prior tax years. Most requests will be processed within 10 business days . . . . . . . . ☑

**7** **Verification of Nonfiling,** which is proof from the IRS that you **did not** file a return for the year. Current year requests are only available after June 15th. There are no availability restrictions on prior year requests. Most requests will be processed within 10 business days . . ☑

**8** **Form W-2, Form 1099 series, Form 1098 series, or Form 5498 series transcript.** The IRS can provide a transcript that includes data from these information returns. State or local information is not included with the Form W-2 information. The IRS may be able to provide this transcript information for up to 10 years. Information for the current year is generally not available until the year after it is filed with the IRS. For example, W-2 information for 2011, filed in 2012, will likely not be available from the IRS until 2013. If you need W-2 information for retirement purposes, you should contact the Social Security Administration at 1-800-772-1213. Most requests will be processed within 10 business days . ☑

**Caution.** If you need a copy of Form W-2 or Form 1099, you should first contact the payer. To get a copy of the Form W-2 or Form 1099 filed with your return, you must use Form 4506 and request a copy of your return, which includes all attachments.

**9** **Year or period requested.** Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than four years or periods, you must attach another Form 4506-T. For requests relating to quarterly tax returns, such as Form 941, you must enter each quarter or tax period separately.   **12/31/2010**      **12/31/2011**      **12/31/2012**      **12/31/2013**

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax information requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506-T on behalf of the taxpayer. **Note.** *For transcripts being sent to a third party, this form must be received within 120 days of the signature date.*

|  | | | Phone number of taxpayer on line 1a or 2a |
|---|---|---|---|
| **Sign Here** | ▶ Signature (see instructions) | Date | |
| | ▶ Title (if line 1a above is a corporation, partnership, estate, or trust) | | |
| | ▶ Spouse's signature | Date | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 2.**      Cat. No. 37667N      Form **4506-T** (Rev. 8-2014)

CaSaSe231nidr0308343RIMF Documentnt1973d-1 Filed11/29/04424 Pa8g854f 60001

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506-T and its instructions, go to *www.irs.gov/form4506t*. Information about any recent developments affecting Form 4506-T (such as legislation enacted after we released it) will be posted on that page.

## General Instructions

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Purpose of form.** Use Form 4506-T to request tax return information. You can also designate (on line 5) a third party to receive the information. Taxpayers using a tax year beginning in one calendar year and ending in the following year (fiscal tax year) must file Form 4506-T to request a return transcript.

**Note.** If you are unsure of which type of transcript you need, request the Record of Account, as it provides the most detailed information.

**Tip.** Use Form 4506, Request for Copy of Tax Return, to request copies of tax returns.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Get Transcript of Your Tax Records" under "Tools" or call 1-800-908-9946.

**Where to file.** Mail or fax Form 4506-T to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual transcripts (Form 1040 series and Form W-2) and one for all other transcripts.

If you are requesting more than one transcript or other product and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

## Chart for individual transcripts (Form 1040 series and Form W-2 and Form 1099)

| If you filed an individual return and lived in: | Mail or fax to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 512-460-2272 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 559-456-7227 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 816-292-6102 |

## Chart for all other transcripts

| If you lived in or your business was in: | Mail or fax to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 801-620-6922 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 859-669-3592 |

**Line 1b.** Enter your employer identification number (EIN) if your request relates to a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P. O. box, include it on this line.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party—Business.

**Line 6.** Enter only one tax form number per request.

**Signature and date.** Form 4506-T must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the information be sent to a third party, the IRS must receive Form 4506-T within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

*Individuals.* Transcripts of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506-T exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506-T can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506-T can be signed by any person who was a member of the partnership during any part of the tax period requested on line 9.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506-T for a taxpayer only if the taxpayer has specifically delegated this authority to the representative on Form 2848, line 5. The representative must attach Form 2848 showing the delegation to Form 4506-T.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested tax information under the Internal Revenue Code. We need this information to properly identify the tax information and respond to your request. You are not required to request any transcript; if you do request a transcript, sections 6103 and 6109 and their regulations require you to provide this information, including your SSN or EIN. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506-T will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 12 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506-T simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224

Do not send the form to this address. Instead, see *Where to file* on this page.

| Form **4506** | **Request for Copy of Tax Return** | |
|---|---|---|
| (Rev. September 2013) | | OMB No. 1545-0429 |
| Department of the Treasury<br>Internal Revenue Service | ▶ Request may be rejected if the form is incomplete or illegible. | |

**Tip.** You may be able to get your tax return or return information from other sources. If you had your tax return completed by a paid preparer, they should be able to provide you a copy of the return. The IRS can provide a **Tax Return Transcript** for many returns free of charge. The transcript provides most of the line entries from the original tax return and usually contains the information that a third party (such as a mortgage company) requires. See **Form 4506-T, Request for Transcript of Tax Return,** or you can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

| **1a** Name shown on tax return. If a joint return, enter the name shown first. | **1b** First social security number on tax return, individual taxpayer identification number, or employer identification number (see instructions) |
|---|---|
| **2a** If a joint return, enter spouse's name shown on tax return. | **2b** Second social security number or individual taxpayer identification number if joint tax return |

**3** Current name, address (including apt., room, or suite no.), city, state, and ZIP code (see instructions)

**4** Previous address shown on the last return filed if different from line 3 (see instructions)

**5** If the tax return is to be mailed to a third party (such as a mortgage company), enter the third party's name, address, and telephone number.

**Caution.** *If the tax return is being mailed to a third party, ensure that you have filled in lines 6 and 7 before signing. Sign and date the form once you have filled in these lines. Completing these steps helps to protect your privacy. Once the IRS discloses your tax return to the third party listed on line 5, the IRS has no control over what the third party does with the information. If you would like to limit the third party's authority to disclose your return information, you can specify this limitation in your written agreement with the third party.*

**6** Tax return requested. Form 1040, 1120, 941, etc. and all attachments as originally submitted to the IRS, including Form(s) W-2, schedules, or amended returns. Copies of Forms 1040, 1040A, and 1040EZ are generally available for 7 years from filing before they are destroyed by law. Other returns may be available for a longer period of time. Enter only one return number. If you need more than one type of return, you must complete another Form 4506. ▶ _____ **1040**

Note. *If the copies must be certified for court or administrative proceedings, check here* . . . . . . . . . . . . . . . . . . . ☑

**7** Year or period requested. Enter the ending date of the year or period, using the mm/dd/yyyy format. If you are requesting more than eight years or periods, you must attach another Form 4506.

| 12/31/2006 | 12/31/2007 | 12/31/2008 | 12/31/2009 |
|---|---|---|---|
| 12/31/2010 | 12/31/2011 | 12/31/2012 | 12/31/2013 |

**8** Fee. There is a $50 fee for each return requested. **Full payment must be included with your request or it will be rejected. Make your check or money order payable to "United States Treasury." Enter your SSN, ITIN, or EIN and "Form 4506 request" on your check or money order.**

| | | | |
|---|---|---|---|
| **a** | Cost for each return . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . | $ | **50.00** |
| **b** | Number of returns requested on line 7 . . . . . . . . . . . . . . . . . . . . . | | **8** |
| **c** | Total cost. Multiply line 8a by line 8b . . . . . . . . . . . . . . . . . . . . . | $ | **400.00** |

**9** If we cannot find the tax return, we will refund the fee. If the refund should go to the third party listed on line 5, check here . . . . . ☑

**Caution.** Do not sign this form unless all applicable lines have been completed.

**Signature of taxpayer(s).** I declare that I am either the taxpayer whose name is shown on line 1a or 2a, or a person authorized to obtain the tax return requested. If the request applies to a joint return, at least one spouse must sign. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, trustee, or party other than the taxpayer, I certify that I have the authority to execute Form 4506 on behalf of the taxpayer. **Note.** *For tax returns being sent to a third party, this form must be received within 120 days of the signature date.*

| | | Phone number of taxpayer on line 1a or 2a |
|---|---|---|

**Sign Here**

| ▶ Signature (see instructions) | Date |
|---|---|
| Title (if line 1a above is a corporation, partnership, estate, or trust) | |
| ▶ Spouse's signature | Date |

For Privacy Act and Paperwork Reduction Act Notice, see page 2.     Cat. No. 41721E     Form **4506** (Rev. 9-2013)

Form 4506 (Rev. 9-2013)

Section references are to the Internal Revenue Code unless otherwise noted.

## Future Developments

For the latest information about Form 4506 and its instructions, go to *www.irs.gov/form4506*. Information about any recent developments affecting Form 4506, Form 4506T and Form 4506T-EZ will be posted on that page.

## General Instructions

**Caution.** Do not sign this form until all applicable lines have been completed.

**Purpose of form.** Use Form 4506 to request a copy of your tax return. You can also designate (on line 5) a third party to receive the tax return.

**How long will it take?** It may take up to 75 calendar days for us to process your request.

**Tip.** Use Form 4506-T, Request for Transcript of Tax Return, to request tax return transcripts, tax account information, W-2 information, 1099 information, verification of non-filing, and records of account.

**Automated transcript request.** You can quickly request transcripts by using our automated self-help service tools. Please visit us at IRS.gov and click on "Order a Return or Account Transcript" or call 1-800-908-9946.

**Where to file.** Attach payment and mail Form 4506 to the address below for the state you lived in, or the state your business was in, when that return was filed. There are two address charts: one for individual returns (Form 1040 series) and one for all other returns.

If you are requesting a return for more than one year and the chart below shows two different addresses, send your request to the address based on the address of your most recent return.

### Chart for individual returns (Form 1040 series)

| If you filed an individual return and lived in: | Mail to: |
|---|---|
| Alabama, Kentucky, Louisiana, Mississippi, Tennessee, Texas, a foreign country, American Samoa, Puerto Rico, Guam, the Commonwealth of the Northern Mariana Islands, the U.S. Virgin Islands, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team Stop 6716 AUSC Austin, TX 73301 |
| Alaska, Arizona, Arkansas, California, Colorado, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Michigan, Minnesota, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Utah, Washington, Wisconsin, Wyoming | Internal Revenue Service RAIVS Team Stop 37106 Fresno, CA 93888 |
| Connecticut, Delaware, District of Columbia, Florida, Georgia, Maine, Maryland, Massachusetts, Missouri, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Vermont, Virginia, West Virginia | Internal Revenue Service RAIVS Team Stop 6705 P-6 Kansas City, MO 64999 |

### Chart for all other returns

| If you lived in or your business was in: | Mail to: |
|---|---|
| Alabama, Alaska, Arizona, Arkansas, California, Colorado, Florida, Hawaii, Idaho, Iowa, Kansas, Louisiana, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wyoming, a foreign country, or A.P.O. or F.P.O. address | Internal Revenue Service RAIVS Team P.O. Box 9941 Mail Stop 6734 Ogden, UT 84409 |
| Connecticut, Delaware, District of Columbia, Georgia, Illinois, Indiana, Kentucky, Maine, Maryland, Massachusetts, Michigan, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, West Virginia, Wisconsin | Internal Revenue Service RAIVS Team P.O. Box 145500 Stop 2800 F Cincinnati, OH 45250 |

## Specific Instructions

**Line 1b.** Enter your employer identification number (EIN) if you are requesting a copy of a business return. Otherwise, enter the first social security number (SSN) or your individual taxpayer identification number (ITIN) shown on the return. For example, if you are requesting Form 1040 that includes Schedule C (Form 1040), enter your SSN.

**Line 3.** Enter your current address. If you use a P.O. box, please include it on this line 3.

**Line 4.** Enter the address shown on the last return filed if different from the address entered on line 3.

**Note.** If the address on Lines 3 and 4 are different and you have not changed your address with the IRS, file Form 8822, Change of Address. For a business address, file Form 8822-B, Change of Address or Responsible Party — Business.

**Signature and date.** Form 4506 must be signed and dated by the taxpayer listed on line 1a or 2a. If you completed line 5 requesting the return be sent to a third party, the IRS must receive Form 4506 within 120 days of the date signed by the taxpayer or it will be rejected. Ensure that all applicable lines are completed before signing.

*Individuals.* Copies of jointly filed tax returns may be furnished to either spouse. Only one signature is required. Sign Form 4506 exactly as your name appeared on the original return. If you changed your name, also sign your current name.

*Corporations.* Generally, Form 4506 can be signed by: (1) an officer having legal authority to bind the corporation, (2) any person designated by the board of directors or other governing body, or (3) any officer or employee on written request by any principal officer and attested to by the secretary or other officer.

*Partnerships.* Generally, Form 4506 can be signed by any person who was a member of the partnership during any part of the tax period requested on line 7.

*All others.* See section 6103(e) if the taxpayer has died, is insolvent, is a dissolved corporation, or if a trustee, guardian, executor, receiver, or administrator is acting for the taxpayer.

**Documentation.** For entities other than individuals, you must attach the authorization document. For example, this could be the letter from the principal officer authorizing an employee of the corporation or the letters testamentary authorizing an individual to act for an estate.

**Signature by a representative.** A representative can sign Form 4506 for a taxpayer only if this authority has been specifically delegated to the representative on Form 2848, line 5. Form 2848 showing the delegation must be attached to Form 4506.

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to establish your right to gain access to the requested return(s) under the Internal Revenue Code. We need this information to properly identify the return(s) and respond to your request. If you request a copy of a tax return, sections 6103 and 6109 require you to provide this information, including your SSN or EIN, to process your request. If you do not provide this information, we may not be able to process your request. Providing false or fraudulent information may subject you to penalties.

Routine uses of this information include giving it to the Department of Justice for civil and criminal litigation, and cities, states, the District of Columbia, and U.S. commonwealths and possessions for use in administering their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file Form 4506 will vary depending on individual circumstances. The estimated average time is: **Learning about the law or the form,** 10 min.; **Preparing the form,** 16 min.; and **Copying, assembling, and sending the form to the IRS,** 20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 4506 simpler, we would be happy to hear from you. You can write to:

Internal Revenue Service
Tax Forms and Publications Division
1111 Constitution Ave. NW, IR-6526
Washington, DC 20224.

Do not send the form to this address. Instead, see *Where to file* on this page.

| UNITED STATES DISTRICT COURT | 14-MD-2543 (JMF) |
|---|---|
| **SOUTHERN DISTRICT OF NEW YORK** | |
| **IN RE: GENERAL MOTORS, LLC IGNITION SWITCH LITIGATION** | **14-MC-2543 (JMF)** |
| **THIS DOCUMENT RELATES TO:** [INSERT NAME] | **Case No.** [INSERT CASE NO.] |

## CONSUMER PLAINTIFF FACT SHEET
## CASE INFORMATION

*The following questions are to be treated as interrogatories pursuant to Federal Rules of Civil Procedure, Rule 33, and are subject to Rules 26 and 37.*

### Prefatory Statement

Plaintiff has not fully completed investigation of the facts relating to this claim, and has not completed all necessary discovery or preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Plaintiff and Plaintiff's counsel, agents, and representatives, and disclose only those contentions known or reasonably available to Plaintiff and Plaintiff's counsel, agents and representatives. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses and contentions set forth herein.

The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts that Plaintiff may later recall or become aware of. Plaintiff accordingly reserves the right to change, amend or add to any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, memories are recalled and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of factual and legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff or Defendant in relation to further discovery, research or analysis or in any future lawsuit. Plaintiff has an affirmative duty to supplement or correct a response in a timely manner if Plaintiff learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendant during the discovery

- 1 -

process or in writing.  In such a circumstance, Plaintiff agrees to timely file an Amended Plaintiff Fact Sheet.

Plaintiff provides the responses herein with the understanding that Plaintiff's responses will be governed by Order No. 10—Protecting Confidentiality and Privileged Materials—entered on 9/10/2014 in this litigation.  [*See* Dkt. No. 294]

## Definitions

A.      "Subject Vehicle" is defined as the vehicle that serves as the basis for Plaintiff's claims in this lawsuit.  If Plaintiff's claims involve more than one Subject Vehicle, Plaintiff should answer each question calling for information about a Subject Vehicle for **each** Subject Vehicle Plaintiff claims is at issue.

B.      "Subject Incident(s)" is defined as an Ignition-Switch Related Event(s) involving the Subject Vehicle, in the event that the Subject Vehicle has been involved in an Ignition-Switch Related Event.

C.       "Ignition-Switch Related Event(s)" includes, but is not limited to, an incident where the ignition switch moved from the run position to accessory or otherwise moved out of the run position resulting in a partial loss of electrical power, turning off the engine, a loss of power steering and/or caused the airbags not to deploy.

## I.      PERSONAL INFORMATION

1.      Name: _____

2.      Date of Birth:_____

3.      Address:_____

4.      Are you completing this Fact Sheet in a representative capacity (*e.g.*, on behalf of the estate of a deceased person, or an incapacitated individual, or a minor claiming the damages or injury on which this lawsuit is based?) _____

_____

5.      What is your relationship to the represented individual?

6.      Were you appointed by the Court?

Yes_____      No

7.      If you represent a decedent's estate, state the date of death of the decedent.

8.      If you represent a decedent's estate, identify all their living parents, spouse, and living children and provide their addresses or the addresses of their attorneys, if applicable, and

- 2 -

the children's ages.

If you are completing this Fact Sheet in a representative capacity, please respond to the remaining questions with respect to the person who you are representing. If the individual is deceased, please respond as of the time immediately prior to his or her death unless a different time period is specified. For the remaining questions of the fact sheet "you" or "your" means the person who is claiming damage or injury in this lawsuit.

9.     Your Name:_____

10.    Case Caption of the Complaint you filed in this lawsuit, the docket number, and the Court: _____

11.    Male_____    Female_____

12.    Current Address:_____

13.    Dates: _____

14.    Date of Birth: _____

15.    Social Security Number: _____

16.    Driver's License Number/State of Issuance/Date of First Issuance: _____
_____

17.    Are you currently employed?

        Yes_____    No

        If yes, identify your current employer and position.

18.    Marital Status: Are you currently married?

        Yes_____    No

        If yes, please identify your current spouse and state how long you have been married.

19.    Educational Background: List any schools or training you received beyond high school, the dates of attendance, your major or the type of training you received and the degree or certificate received and the date each was obtained. If you are a minor, list all grade schools attended and the highest grade level reached.

- 3 -

20.    Military Service:  Have you ever served in any branch of the military?

Yes_____    No

If yes, please provide the branch and dates of service, and indicate whether you were honorably discharged. _____

---

## II.    PREVIOUS LEGAL MATTERS

21.    Have you been convicted of a felony within the last ten (10) years?

Yes_____    No_____

22.    Have you been convicted of a misdemeanor within the last ten (10) years?

Yes_____    No_____

23.    If you answered "yes" to question nos. 21 or 22, please identify the charge for which you were convicted, the court which you were convicted, the criminal action number assigned to the case, and the sentence imposed.

_____

24.    Have you ever been a named plaintiff in a class action?

Yes_____    No_____

If yes, identify the Court, the case name and names of adverse parties, the civil action number if filed, and state how the lawsuit was resolved.

_____
_____

25.    Have you been compensated in any way, either in whole or in part, either in money or in-kind, for the damages or injuries you have alleged in this lawsuit:

Yes____  No____

If yes, please identify the type of compensation, amount of compensation, source of compensation, and date of compensation for any and all that you received.

_____
_____

26.    Other than this case, have you or has someone on your behalf made a claim or filed a lawsuit concerning any of the injuries or damages you claim to have sustained in this lawsuit?  (Please exclude other purported class actions involving these lawsuits).

*CONTAINS CONFIDENTIAL INFORMATION –SUBJECT TO CONFIDENTIALITY ORDER*

Yes_____   No_____

If yes, identify the other persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed and the status of the claim or lawsuit. _____

_____

_____

27.    Identify every person and/or entity with a financial interest in the claims asserted in this lawsuit, including but not limited to lien holders or co-owners of the Subject Vehicle(s) at issue. (Please exclude reference to any other vehicle owners who may be class members in MDL 2543). _____

_____

_____

## III.    VEHICLE INFORMATION

28.    Provide the Model Year, Brand, Model, and Trim Level for the Subject Vehicle: _____

_____

29.    Provide the VIN for the Subject Vehicle:_____

30.    Current license plate number, and state where Subject Vehicle is registered: _____

_____

31.    When did you acquire the Subject Vehicle?_____

32.    How did you acquire the Subject Vehicle, e.g., purchase, lease, gift, etc.?_____

_____

33.    In what state did you acquire the Subject Vehicle? _____

34.    Was the Subject Vehicle new or used when you acquired it?_____

35.    If used when acquired, please state the mileage of the Subject Vehicle when you acquired it: _____

36.    If you purchased or leased the Subject Vehicle, identify the name and location of the seller or lessor: _____

_____

37.    Did you finance the vehicle?  If so, identify any current or prior lien holders: _____

_____

38.    If you acquired the Subject Vehicle other than through a purchase or a lease (*e.g.*. by gift), identify the name and location of the person from who you acquired it and briefly describe the circumstances of your acquisition (*e.g.*, it was a given to me as a graduation

- 5 -

present).

39. If you no longer own or lease the Subject Vehicle, describe the transaction in which you sold or otherwise relinquished it, including but not limited to the state and location, price (if applicable), and the name and location of any person or business to which you sold or otherwise relinquished the vehicle.

40. State where the Subject Vehicle is currently located and who is in possession of it. \_\_\_\_\_
_____

41. State the date on which the Subject Vehicle was last driven._____

42. State the current mileage on the Subject Vehicle._____

43. Please state how the Subject Vehicle is/was used during your ownership of it (business, pleasure, etc …) and the typical annual mileage prior to your lawsuit, including but not limited to who drove it (owner, children, spouses, etc.), approximately how far it was driven daily and on what types of roads (interstates, surface roads, both, etc.) _____
_____
_____

44. If you are not the original owner of the Subject Vehicle, to the extent known, are you aware whether the Subject Vehicle was modified or altered in any respect or accessories added during the time period the prior owner(s) had possession of the Subject Vehicle?

   Yes_____      No\_\_\_\_\_

   If yes, to the extent known, please identify what modifications and/or alterations were made or accessories added, by whom, on what date and the reason for such modifications, alterations, and/or accessory components.

45. Was the Subject Vehicle modified or altered in any respect (including repairs) or accessories added or removed at any time after the date of acquisition?

   Yes_____      No\_\_\_\_\_

   If yes, please identify what modifications and/or alterations were made or accessories added, by whom, on what date and the reason for the modification, alterations and/or accessory components.

46. Is the Subject Vehicle now covered or has it ever been covered by a written warranty?

   Yes_____      No\_\_\_\_\_

- 6 -

*CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO CONFIDENTIALITY ORDER*

If yes, please indicate when the warranty expires or expired.

47.     At the time you purchased the Subject Vehicle or at any time thereafter, did you purchase an optional extended warranty or vehicle service agreement for the Subject Vehicle?

Yes_____     No

If yes, please indicate when the warranty or vehicle service agreement expires or expired.

## IV.     MAINTENANCE HISTORY

48.     Was the Subject Vehicle serviced, repaired or brought in for maintenance at any time after the date of your acquisition?

Yes _____     No _____

If yes, identify the type of service, repair or maintenance, the name or entity who performed it, where it was performed and on what date (your answer can be general with respect to regularly scheduled service and maintenance, but please try to be as specific as you can with respect to repairs). _____
_____

49.     Has the Subject Vehicle had any issues or malfunctions other than the Subject Incident(s) at any time from the date of purchase to the present?

Yes_____     No

If yes, identify each issue and/or malfunction, describe whether each was repaired (or if a repair was attempted) and whether the repair was made under warranty, provide details of the repair including the name of the entity who performed it, where it was performed and on what date, and state whether the identified issue and/or malfunction resulted in any injury and/or property damage and if so, describe. _____
_____
_____

50.     Has the Subject Vehicle's ignition switch ever been repaired and/or serviced?

Yes_____     No

If yes, identify the repair and/or service that was performed, the date it was performed, and the name and address of the entity that provided the repair and/or service. _____
_____

51.     Has the Subject Vehicle's airbag(s) or its components ever been repaired and/or replaced?

- 7 -

Yes_____    No

If yes, identify the repair and/or service that was performed, the date it was performed, and the name and address of the entity that provided the repair and/or service. _____

_____

52.   State whether you received a recall notice(s) from General Motors and, for each such notice, state the problem identified in the notice (i.e., ignition switch, ignition key slot, airbags, etc.). _____

_____

_____

_____

53.   Which, if any, recall service(s) has or have been performed on the Subject Vehicle? Please identify the dates on which the service(s) was or were performed, the mileage on the Subject Vehicle at the time of such service(s), and the dealership where the service was performed. _____

_____

_____

_____

## V.    INCIDENT INFORMATION

54.   Do you claim to have experienced an Ignition Switch Related Event in the Subject Vehicle?

Yes_____          No_____

If yes, how many separate Subject Incidents have you experienced?_____

55.   With respect to the first, or earliest, Subject Incident you experienced:

   a.   What date and time did it happen?_____

   b.   State the mileage on the Subject Vehicle at the time of the Subject Incident. _____

_____

   c.   Identify anyone who was in the vehicle at the time by name, age, address and relationship to you, state where each was seated and the type, if any, of the safety belt equipment used by each occupant._____

_____

   d.   Did the driver of the Subject Vehicle submit to any drug or alcohol testing following the Subject Incident?

Yes_____    No

If yes, please explain. _____

- 8 -

*CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO CONFIDENTIALITY ORDER*

e. Describe the clothing and footwear the driver was wearing when the Subject Incident occurred and describe the complete chain of custody for the clothing and footwear from the accident scene to the present location of the clothing and footwear. _____

f. Did the driver have a cellular phone and/or other mobile communications device in the Subject Vehicle at the time of the Subject Incident?

Yes_____   No

If yes, identify the cellular number and service provider for the device(s). _____
_____

g. Describe all items on the key chain of the driver at the time of the Subject Incident, the weight of the key chain at the time of the Subject Incident, and provide a photograph of the key chain, if available. _____
_____

h. Describe, as precisely as possible, the location of the Subject Incident.  Identify all street(s) or parking lot(s) or address(es) where it happened. _____
_____

i. Describe the lighting, weather and road conditions (*i.e.*, rainy, wet, icy, dry, etc.) at the time of the Subject Incident. _____
_____

j. Indicate the length of time and distance the Subject Vehicle traveled off the roadway during the Subject Incident, if applicable. _____
_____

k. Did the vehicle's power steering fail?

Yes_____   No

l. Did the vehicle's power brakes fail?

Yes_____   No

m. Was there a collision?

Yes_____   No

If yes, describe the portion of the Subject Vehicle that collided with or struck any other object during the Subject Incident. _____
_____

n. Did the Subject Incident involve a rollover event?

- 9 -

CONTAINS CONFIDENTIAL INFORMATION –SUBJECT TO CONFIDENTIALITY ORDER

Yes_____     No _____

If yes, describe the rollover event, whether the rollover occurred on road or off road, whether it was a passenger's side or driver's leading roll, and whether the Subject Vehicle struck any object before, during or after the roll. _____

o. Was anyone injured?

Yes_____     No _____

p. Was any property damaged?

Yes_____     No _____

If so, identify the property damaged and describe the damage, including the total of any repair or estimate and whether any repairs were made to the Subject Vehicle as a result thereof. _____

q. Did law enforcement or emergency responders arrive on scene?

Yes_____     No _____

If so, identify the responding agency and identify any incident or reporting number documenting their response to this incident. _____

r. Was there a police report made at the time of the Subject Incident?

s. Were any photographs taken at the scene, or shortly thereafter of the scene, of the Subject Vehicle and/or the Subject Vehicle's occupants?

t. Describe what happened, including the Subject Vehicle's approximate speed when the Subject Incident began (and/or the gear the vehicle was in), any and all inputs (steering, braking, etc.) the driver made to the Subject Vehicle during the Subject Incident, the response of the Subject Vehicle, and the outcome.

u. Did the Subject Vehicle's airbag(s) deploy during the incident?

Yes_____     No _____

If yes, which airbag(s) deployed?

v. Identify all known witnesses, including their names and addresses, to the Subject Incident or anyone with information and/or knowledge about this Subject

- 10 -

CONTAINS CONFIDENTIAL INFORMATION –SUBJECT
TO CONFIDENTIALITY ORDER

Incident.  For each individual identified, state the facts of which they have knowledge. _____

_____

_____

w.  Other than statements made to your counsel or their representatives, have you given any written or oral statements about the Subject Incident?

Yes_____    No_____

If yes, identify every person or entity to whom the statements were made, when the statements were made, and whether the statements were written and/or oral. __

_____

x.  Who was the insurance carrier for the Subject Vehicle at the time of the Subject Incident?  Please state the carrier's name, the policy number(s), and the name of the policy holder(s).

y.  Did you take the Subject Vehicle to a dealership or service facility after the Subject Incident to address the Subject Incident?

Yes_____    No_____

If yes, identify the dealership or service facility, the date of service, describe what work was done to the Subject Vehicle, anything you were told about the Subject Vehicle and/or the Ignition Switch Related Event, and identify all documentation associated therewith. _____

_____

_____

z.  Indicate whether, to the best of your knowledge, the Subject Vehicle's ignition switch has been cycled at any time since the Subject Incident.

Yes_____    No_____

If so, identify when, by whom, and how many times. _____

_____

aa.  Indicate whether the Subject Vehicle has been powered on at any time since the Subject Incident.

Yes_____    No_____

If so, identify when, by whom, and how many times.

bb.  Identify all evidence regarding the Subject Incident of which you are aware, including but not limited to pictures of any damage or event, written statements,

- 11 -

CONTAINS CONFIDENTIAL INFORMATION – SUBJECT
TO CONFIDENTIALITY ORDER

or descriptions of the event, videos or pictures taken by any individual, or subsequent descriptions of the event sent by email, text or other electronic means or posted on any social networking or other website. For each piece of evidence, identify who is in current possession of the evidence? _____

_____

_____

56. For each additional incident you experienced, please answer question no. 55(a)-(bb) on a separate page and attach to the end of your Fact Sheet responses.

57. Other than the Subject Incident(s) you described in response to question nos. 55-56, please identify any traffic accident you have been involved in as a driver. Please do so by providing, on a separate page attached to the end of your Fact Sheet responses, the following information for each accident:

    a. The date and location of the incident; _____

       _____

    b. The make, model, and year of the vehicle you were driving; _____

       _____

    c. A general description of what happened; _____

       _____; and

    d. The vehicle's insurance carrier, the applicable policy number(s), and the identity of the policy holder. _____

       _____

58. Do you claim that the Subject Vehicle's ignition switch moved out of the run position in connection with the Subject Incident?

    Yes_____    No

    a. If yes, please state each fact that supports that claim. _____

       _____

    b. Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

       _____

    c. Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

       _____

59. Do you claim that the Subject Vehicle experience a "moving stall" or otherwise lost engine power and that this caused a loss of vehicle control during the Subject Incident?

- 12 -

a. If yes, please state each fact that supports that claim. _____

_____

b. Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

_____

c. Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

_____

60.    Do you claim that a loss of power steering occurred because the ignition switch moved out of the run position?

Yes_____    No

a. If yes, please state each fact that supports that claim. _____

_____

b. Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

_____

c. Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

_____

61.    Do you claim that a loss of power assist brakes occurred because the Ignition Switch moved out of the run position?

Yes_____    No

a. If yes, please state each fact that supports that claim. _____

_____

b. Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

_____

c. Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

_____

62.    Do you claim that any of the airbag systems in the Subject Vehicle failed to deploy during the Subject Incident because the Ignition Switch moved out of the run position?

Yes_____    No

- 13 -

      a.  If yes, please state each fact that supports that claim. _____

      _____

      b.  Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

      _____

      c.  Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

      _____

63.     Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to the Subject Incident(s) and the basis for your assertions of same. _____

_____

_____

## VI.    MEDICAL HISTORY

64.     Did you consume any prescription or non-prescription drugs in the forty-eight (48) hours leading up to, and including, any of the Subject Incidents you identified in response to questions 55 through 56 (if any)?

     Yes_____     No

     If yes, please provide the name(s) of the drug(s) consumed before each event or accident, as well as the amounts and the times of consumption relative to the event or accident.____

     _____

65.     If you claim the Subject Vehicle has experienced any Subject Incidents in response to questions 55 through 56, please identify any psychological, psychiatric, neurological, or other similar medical conditions affecting sensory perception or awareness, motor skills or control, memory, or cognition (*e.g.*, Parkinson's Disease), which you have received treatment for in the past ten (10) years._____

     _____

66.     Have you ever made a social security disability claim or worker's compensation claim?

     Yes_____     No

     If yes, identify the date and basis of such claim, as well as the length, if any, for which you claimed and/or that you collected such disability or worker's compensation claim. __

     _____

## VII.    DAMAGES CLAIMS

67.     Identify all damages, losses or expenses of any nature whatsoever by category and amount which you are claiming you suffered as a result of the events described in your

- 14 -

CONTAINS CONFIDENTIAL INFORMATION –SUBJECT
TO CONFIDENTIALITY ORDER

complaint, *e.g*., any expenses for repairs or substitute transportation. _____

_____

_____

_____

68. Did you discontinue driving the Subject Vehicle at any time because of the facts and circumstances alleged in this lawsuit?

Yes_____    No_____

If yes, please state how long you discontinued driving the vehicle and the dates of non-use: _____

If yes, please state what alternative transportation you used and the cost to you of any such alternative transportation: _____

69. Have you made any alteration (including repairs) to the Subject Vehicle because of the facts and circumstances alleged in this lawsuit?

Yes_____    No_____

If yes, identify the date when such alteration were made and the date, if any, when such alterations were reversed. _____

_____

If yes, please describe each such alteration that was made, the name and address of the individual who performed the alteration and the cost of each alteration. _____

_____

70. Have you attempted to sell or otherwise dispose of the Subject Vehicle?

Yes_____       No_____

If yes, describe the efforts you undertook to sell or otherwise dispose of the Subject Vehicle, including all Internet or print advertising, identify any dealership you communicated with about a trade-in, the trade-in value offered by any dealership, identify any offers made on the vehicle, the date of the offer, and the person making the offer. ___

_____

_____

If you sold or disposed of the vehicle, identify the date of sale or disposal, how it was sold or disposed of, any counter-party, any money or other consideration received, the mileage on the date of sale or disposal, and the condition of the vehicle at the time of sale or disposal. _____

_____

_____

71. Do you claim that the Subject Vehicle's value has been diminished?

- 15 -

*CONTAINS CONFIDENTIAL INFORMATION – SUBJECT*
*TO CONFIDENTIALITY ORDER*

Yes _____   No _____

72.   If yes, please state the amount it has been diminished by and describe the basis for that
       claim. _____
       _____Without prejudice to amending or supplementing this response at a later date, list
       the potential defects in the Subject Vehicle that you currently believe may have caused or
       contributed to your alleged damages.

       _____

73.   Other than the individuals previously identified, please identify by name, address and
       relationship to you of any individuals with knowledge of the facts and circumstances
       alleged in this lawsuit or your claimed damages, and a brief explanation of the knowledge
       each individual possesses. _____
       _____
       _____

74.   Were the oral or written representations alleged in either Paragraphs 98-149 of the
       Consolidated Complaint Concerning All GM-Branded Vehicles That Were Acquired July
       11, 2009 Or Later [Dkt. No. 345] (if you are a named Plaintiff in that complaint) *or*
       Paragraphs 376-418 of the Consolidated Class Action Complaint Against New GM for
       Recalled Vehicles Manufactured by Old GM and Purchased Before July 11, 2009 [Dkt.
       No. 347] (if you are a named Plaintiff in that complaint) (or similar oral or written
       misrepresentations) made to you by any General Motors employee, any representative or
       agent of General Motors, or any General Motors automobile dealership?

       Yes_____     No

       If so, for each such representation, please identify who made it, when it was made, the
       substance of the communication and indicate whether you have any documents or other
       evidence of the communication. _____
       _____
       _____
       _____

## VIII.   OTHER COMMUNICATIONS

75.   Identify any communications, presentations and/or submissions that have been made by
       you, or on your behalf, to any state or federal government official or representative, or
       any state or federal regulatory body (e.g., the National Highway Traffic Safety
       Administration ("NHTSA")) or any departments, divisions, staff member or technical
       experts or personnel of any state or federal government or regulatory body regarding the
       Subject Vehicle and involving the issue of unexpected stalling, ignition switch problems,
       and/or your claims.  Please include the date of the communication, presentation and/or
       submission, the form, to whom it was made, and whether you received a response and if
       so, from whom. _____

- 16 -

_____

_____

76. Have you sent or has someone on your behalf sent any instant messages, text messages, picture messages, video and/or audio messages regarding any Subject Vehicle or any GM vehicle, the issue of the alleged ignition switch related defects, any allegations made in this lawsuit, and/or your alleged injuries and damages?

Yes_____ No

If yes, please identify what you used to send those messages and your service provider. _

_____

77. Have you or someone on your behalf uploaded or posted any writings, pictures, videos or other information or data to any web pages, social networking sites or blog sites regarding the Subject Vehicle, the ignition switch issue, any Subject Incident(s), your claims, your alleged injuries and/or your alleged damages?

Yes_____ No

If yes, please identify the blog, web page, internet site or social networking site, when the posting or uploading or blogging was done, your service provider and what device you used. _____

- 17 -

# DOCUMENT REQUESTS

***The following requests are to be treated as requests for the production of documents pursuant to Federal Rule of Civil Procedure, Rule 34, and are subject to Rule 37.***

***Instructions: The responding party shall produce into the MDL 2543 Document Depository, within thirty (30) days of the date of service of this Fact Sheet, any of the following documents that are in the responding party's possession, custody or control:***

1.      Copy of your driver's license.

2.      Copies of all documents relating to the acquisition of the Subject Vehicle.

3.      Copies of all warranties applicable to the Subject Vehicle, including but not limited to any warranties referenced in your responses to question nos. 46 and 47.

4.      Copies of all documents reflecting any repair, inspection, service, recall service, alteration or modifications of the Subject Vehicle.

5.      For each recall notice identified in question no. 52, please produce copies of the recall notice(s)

6.      For each recall notice identified in question no. 52, please produce copies of all documents that you received from General Motors or a General Motors dealership relating to the recall notice(s).

7.      If any recall service(s) were performed on the Subject Vehicle, please produce copies of all service records.

8.      Copies of all documents relating to the sale of the Subject Vehicle if you have sold it.

9.      Copies of all documents related to any alternate transportation identified in your response to question no. 68 including, but not limited to, rental agreements and proof of payment.

10.     Copies of all documents relating to any alterations (including repairs) identified in your response to question no. 69 including, but not limited to, invoices, receipts and proof of payments.

11.     If you listed the Subject Vehicle for sale, please produce any and all documents related to the sale including, but not limited to, copies of all internet and/or print advertising or any other documents regarding the amount you listed the Subject Vehicle for sale, any documents reflecting any change in your sale price while you were attempting to sell the Subject Vehicle, and any offers to purchase the Subject Vehicle.

- 18 -

CONTAINS CONFIDENTIAL INFORMATION –SUBJECT
TO CONFIDENTIALITY ORDER

12.   If you answered "yes" to question 71, all evidence supporting the alleged diminution in value of the Subject Vehicle.

13.   Produce copies of any and all documents relating to or regarding your alleged damages.

14.   Produce copies of all evidence identified in question no. 55(bb).

15.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please provide a photograph of the key chain used to operate the Subject Vehicle as it existed at the time of the Subject Incident.

16.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all accident, incident or investigative reports (other than documents created by your counsel or at your counsel's request) regarding the Subject Incident or the Subject Vehicle prepared by any responding agency or third party, and documents reflecting citations issued by any police agency or governmental agency relating to the Subject Incident.

17.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all towing records related to the towing of the Subject Vehicle as a result of the Subject Incident.

18.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all photographs, videotapes or digital images taken of the Subject Vehicle or any part of the Subject Vehicle before, during and/or after the Subject Incident.

19.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all photographs, videotapes or digital images taken of  the injuries you claim to have sustained in the Subject Incident (other than documents created by your counsel or at your counsel's request).

20.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all writings, drawings, photographs, videos, charts, sketches, diagrams, blueprints, plats, samples, maps, plans or renderings you made or your representative made which depict the location or area where the Subject Incident occurred (other than documents created by your counsel or at your counsel's request).

21.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of any written and/or recorded statements that you gave (other than privileged communications or work product) regarding the Subject Vehicle, the Subject Incident or your claimed damages.

22.   If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all post-Subject Incident test results for the presence of alcohol or drugs in the driver of the Subject Vehicle at the time of the Subject Incident.

- 19 -

CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO CONFIDENTIALITY ORDER

23.  If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of any written statements given to any police officer, fireman, fire investigator or any other public agency or entity regarding the Subject Incident.

24.  Copies of any communications, including but not limited to e-mails and facsimiles, by you regarding the Subject Vehicle and involving an alleged vehicle defect, including but not limited to an alleged defect of the vehicle's ignition switch, except those communications to your counsel.

25.  If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all communications, including but not limited to e-mails and facsimiles, by you regarding the Subject Incident, except those communications with your counsel.

26.  If you responded "yes" to question no. 26, please provide copies of any pleadings, depositions and correspondence relating to any claims or lawsuits filed by you or against you for personal injuries (including any claims made or lawsuits filed) regarding the Subject Incident (if any), aside from this lawsuit and excluding documents that are publicly available and confidential correspondence with an attorney.

27.  If you claim the Subject Vehicle experienced a Subject Incident, please provide copies of any documents related to insurance, including claims you submitted and policies you had in effect as of the date of the Subject Incident that covered or may cover you, the Subject Vehicle, or the property on which the Subject Incident occurred.

28.  If you claim the Subject Vehicle experienced a Subject Incident, please provide a complete copy of any settlement, agreement or other understanding with any party, person or entity with respect to any damages claimed as a result of the Subject Vehicle or the Subject Incident.

29.  Copies of all communications, and responses thereto, including letters, submissions, presentations, testing, raw data, video, written materials, summaries and tangible materials provided by you or on your behalf or by your counsel regarding the Subject Vehicle, the Subject Incident (if any), your claims and/or your alleged damages to the following:

  a.  any state government or state regulatory body or any departments, divisions, staff members or technical experts or personnel of the state government or any state regulatory body or

  b.  any federal government or regulatory body including but not limited to members of Congress, members of the Senate, the National Highway Traffic Safety Administration or any departments, divisions, staff members or technical experts or personnel of the federal government or any federal regulatory body.

- 20 -

CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO CONFIDENTIALITY ORDER

30. Copies of all pleadings filed in connection with any bankruptcy or insolvency proceeding initiated by you or on your behalf, excluding documents that are publicly available and confidential correspondence with an attorney.

31. Any and all documents you have received from persons or entities other than General Motors LLC in this above-entitled cause number that relate to the design, performance, manufacture, testing, inspection, marketing and/or distribution of any Subject Vehicle component for which you claim is defective.

32. All documents that you consulted in responding to the questions in this Plaintiff Fact Sheet or identified in your responses.

33. If you contend the Subject Vehicle experienced a Subject Incident, please produce for inspection and photographing the Subject Vehicle, including all component parts.

34. If you claim you experienced a personal injury as a result of a Subject Incident, please produce into the MDL 2543 Document Depository *original signed authorizations* within thirty (30) days of the date of service of this Fact Sheet for the release of relevant medical records, and to the extent a claim for lost wages is made, the release of relevant employment and financial records, including tax authorizations, social security authorizations, authorizations for the release of educational records, and Medicare/Medicaid disclosure forms. Plaintiff agrees to provide current authorizations as necessary. Plaintiff agrees that any document request above for medical and/or employment and/or financial records to be produced by Plaintiff will not preclude Defendants from also collecting such records directly from the source pursuant to the signed authorizations.

CONTAINS CONFIDENTIAL INFORMATION – SUBJECT
TO CONFIDENTIALITY ORDER

# DECLARATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief formed after a reasonable inquiry.  I understand that I am under an obligation to supplement these responses.

Date:      _____

Signature _____

Name      _____

*CONTAINS CONFIDENTIAL INFORMATION – SUBJECT TO CONFIDENTIALITY ORDER*

| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | 14-MD-2543 (JMF) |
|---|---|
| IN RE: GENERAL MOTORS, LLC IGNITION<br>SWITCH LITIGATION | 14-MC-2543 (JMF) |
| THIS DOCUMENT RELATES<br>TO:   [INSERT NAME] | Case No.      [INSERT CASE NO.] |

## NON-CONSUMER PLAINTIFF FACT SHEET
## CASE INFORMATION

*The following questions are to be treated as interrogatories pursuant to Federal Rules of Civil Procedure, Rule 33, and are subject to Rules 26 and 37.*

### Prefatory Statement

Plaintiff has not fully completed investigation of the facts relating to this claim, and has not completed all necessary discovery or preparation for trial. All of the responses contained herein are based only upon such information and documents that are presently available to and specifically known to Plaintiff and Plaintiff's counsel, agents, and representatives, and disclose only those contentions known or reasonably available to Plaintiff and Plaintiff's counsel, agents and representatives. It is anticipated that further discovery, independent investigation, legal research and analysis will supply additional facts, add meaning to the known facts, and establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions to, changes in, and variations from the responses and contentions set forth herein.

The following responses are given without prejudice to Plaintiff's right to produce evidence of any subsequently discovered facts that Plaintiff may later recall or become aware of. Plaintiff accordingly reserves the right to change, amend or add to any and all responses herein as additional facts are ascertained, analyses are made, legal research is completed, memories are recalled and contentions are made. The responses contained herein are made in a good faith effort to supply as much factual information and as much specification of factual and legal contentions as are presently known, but should in no way be to the prejudice of Plaintiff or Defendants in relation to further discovery, research or analysis or in any future lawsuit. Plaintiff has an affirmative duty to supplement or correct a response in a timely manner if Plaintiff learns that in some material respect the response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to Defendants during the discovery process or in writing. In such a circumstance, Plaintiff agrees to timely file an Amended Plaintiff Fact Sheet.

Plaintiff provides the responses herein with the understanding that Plaintiff's responses will be governed by Order No. 10—Protecting Confidentiality and Privileged Materials—entered on 9/10/2014 in this litigation. [*See* Dkt. No. 294]

## **DEFINITIONS**

A. "Affected Vehicle(s)" is defined as any and all vehicles that are the subject of the *Consolidated Complaint Concerning All GM-Branded Vehicles That Were Acquired July 11, 2009 or Later* [Dkt. No. 345].

B. "Subject Vehicle(s)" is defined as the vehicle(s) that serve as the basis for Plaintiff's claims in this lawsuit.

C. "Subject Incident(s)" is defined as the Ignition-Switch Related Event(s) involving the Subject Vehicle(s) that serve as the basis for Plaintiff's claims in this lawsuit.

D. "Ignition-Switch Related Event" includes, but is not limited to, an incident where your ignition switch moved from the run position to accessory or otherwise moved out of the run position resulting in a partial loss of electrical power, turning off the engine, a loss of power steering and/or caused the airbags not to deploy.

## **I. BASIC INFORMATION**

1.    Provide the name and address of the individual completing this form: _____

_____

2.    Provide the relationship of the individual completing this form to the Plaintiff (*i.e.*, owner, officer, etc.) _____

_____

3.    Does the individual completing this form have authority to act on behalf of Plaintiff?

Yes_____    No

4.    State the complete legal name of the Plaintiff: _____

_____

5.    Describe the nature of Plaintiff's business (e.g., rental car company; used car dealership, automobile residual insurer, etc.): _____

_____

6.    State the date the Plaintiff opened for business: _____

7.    Identify the legal structure of Plaintiff (e.g., Corporation; LLC, Subchapter S, LP, Partnership, sole proprietorship, etc.) _____

_____

8.    If the Plaintiff is not a sole proprietorship, provide the following information:

a    Identify the state under whose law the Plaintiff is organized and the date of organization or inception: _____

b      D/b/a Name: _____

c      Primary Business Address: _____

d      Primary Business Telephone Number: _____

e      Additional Business Addresses: _____

f      Business Web Site Address: _____

g      Name of Chief Executive Officer: _____

9.     If the Plaintiff is a sole proprietorship provide the following information:

a      Owner Name: _____

b      Owner Address: _____

c      Owner Date of Birth: _____

d      D/b/a Name: _____

e      Primary Business Address: _____

f      Business Phone Number(s): _____

g      Additional Business Addresses: _____

h      Business Web Site Addresses:

10.    If the Plaintiff is not a public company or sole proprietorship, identify all owners of Plaintiff, including their names, addresses, dates of birth and their percentage ownership interest:

| Name | Address | Date of Birth | % ownership |
|------|---------|---------------|-------------|
|      |         |               |             |
|      |         |               |             |
|      |         |               |             |
|      |         |               |             |
|      |         |               |             |
|      |         |               |             |

11.    Has Plaintiff (or any principal or owner of Plaintiff) ever had any sales or dealer agreement with Defendant?

Yes_____    No_____

If yes, list the date each agreement was entered into and the term of each agreement. _____

_____

*For the remaining questions in this Fact Sheet, "you" or "your" means the Plaintiff identified in response to question no. 4.*

12.   How long have you been purchasing and reselling vehicles manufactured by Defendants [GM-branded vehicles]? _____

13.   Prior to the filing of this lawsuit, how many vehicles manufactured by Defendants [GM-branded vehicles] have you sold?

14.   Have you purchased any Affected Vehicle(s) since February 14, 2014?

Yes_____    No_____

If yes, identify the VIN, the purchase date, and the purchase price of each Affected Vehicle.  Also, state which, if any, recall campaign repairs have been performed on each Affected Vehicle, and the dates on which the campaign repairs were performed, the mileage on the Affected Vehicle at the time of such service, and the dealership where the service was performed. _____

_____

## II. PREVIOUS LEGAL MATTERS

15.   Other than this case, have you or has someone on your behalf made a claim or filed a lawsuit concerning an Affected Vehicle(s), the Subject Vehicle(s), any Subject Incident(s), and/or the damages that you claim to have sustained in this lawsuit?

Yes_____    No_____

If yes, identify the other persons or entities against whom the claim was made or lawsuit was filed, the date of the claim or lawsuit, where the claim or lawsuit was filed and the status of the claim or lawsuit. _____

_____

16.   Have you been compensated in any way, either in whole or in part, either in money or in-kind, for the damages or injuries you have alleged in this lawsuit?

Yes_____    No_____

If yes, please identify the type of compensation, amount of compensation, source of compensation, and date of compensation for any and all that you received. _____

_____

17.    Have you ever been a named plaintiff in a class action or participated in a class action lawsuit?

Yes_____    No _____

If yes, please identify the Court, the case name, the names of the adverse parties, the civil action number if filed, and state how the lawsuit was resolved. _____

_____

18.    Identify every person and/or entity with a financial interest in the claims asserted in this lawsuit, including but not limited to lien holders and/or co-owners of any Subject Vehicle at issue. _____

_____

### III. SUBJECT VEHICLE(S) INFORMATION

19.    For every GM Vehicle for which you are making a claim ("Subject Vehicle(s)"), identify the information listed below.

a.    Vehicle Identification Number. _____

b.    Model Year, Brand, Model, and Trim Level. _____

c.    Date of purchase. _____

d.    Purchase price. _____

e.    Did you finance the vehicle?

Yes _____ No _____

If so, identify any current or prior lien holders.

f.    Did you purchase the Subject Vehicle new or used?

Yes _____ No _____

g.    Identity the name and address of seller. _____

h.    Mileage at date of purchase. _____

i.    Additions or modifications ordered or received at the time of purchase?

Yes _____ No _____

If yes, identify the additions or modifications and the entity that made such additions or modifications.

j.      If you are not the original owner of the Subject Vehicle, to the extent known, are you aware whether the Subject Vehicle was modified or altered in any respect or accessories added during the time period the prior owner(s) had possession of the Subject Vehicle?

Yes _____   No _____

If yes, to the extent known, please identify what modifications and/or alterations were made or accessories added, by whom, on what date and the reason for such modifications, alterations, and/or accessory components. _____

_____

k.      Was the Subject Vehicle modified or altered in any respect or accessories added at any time from the date of purchase to the date you sold the Subject Vehicle or the present if you still own the Subject Vehicle?

Yes _____   No _____

If yes, please identify what modifications and/or alterations were made or accessories added, by whom, on what date and the reason for such modifications, alterations and/or accessory components. _____

_____

l.      Does Plaintiff still own the Subject Vehicle?

Yes _____   No _____

m.      If so what is the current mileage? _____

n.      The purpose for which the Subject Vehicle was/is used by the Plaintiff. _____

_____

o.      At any time during your ownership and/or possession of the Subject Vehicle, has anyone measured or tested the torque of the Subject Vehicle's ignition switch?

Yes _____   No _____

If yes, identify the person who performed the measurements, when the measurements or testing was performed, the steps used in measuring or testing the ignition switch, the results of said measurements and/or testing, whether same was photographed or documented, and identify all persons present for same. _____

_____

p.      Has the Subject Vehicle's Sensing and Diagnostic Module ("SDM") been downloaded at any time following the date of any Subject Incident identified in question no. 35?

Yes _____   No _____

If yes, identify the step by step process used to download the SDM data including but not limited to, the person performing the download of the data and the date such download occurred. Please indicate whether the module has been or is currently removed from the Subject Vehicle, and identify the power source used to obtain the data. _____

q.   Was a Tech II download performed on the Subject Vehicle since the date of any Subject Incident identified in question no. 35?

Yes _____ No _____

If yes, identify the person performing the download of the data and the date such download occurred. _____

_____

r.   State which, if any, recall campaign repairs have been performed on the Subject Vehicle, and the dates on which the campaign repairs were performed, the mileage on the Subject Vehicle at the time of such service, and the dealership where the service was performed. In lieu of responding, you may refer to service records you produce in discovery if those records provide the information responsive to this request. _____

s.   If the Subject Vehicle is in Plaintiff's inventory and available for sale, state the price at which the Subject Vehicle is for sale as of the date this Fact Sheet is completed and the price at which the Subject Vehicle was for sale as of the date of the first recall campaign applicable to the Subject Vehicle in 2014. _____

_____

20.  If any Subject Vehicle identified in question no. 19 was purchased used, please describe any vehicle damage or defect in the mechanical condition of each Subject Vehicle when acquired (other than alleged Ignition Switch Related defects or other recall related conditions alleged in any MDL 2543 Consolidated Complaint). _____

_____

| **VIN** | **DAMAGE/DEFECT** |
|---------|-------------------|
|         |                   |
|         |                   |
|         |                   |
|         |                   |
|         |                   |

21.    For each Subject Vehicle, identify whether the Subject Vehicle was serviced, repaired or brought in for maintenance at any time after the date of your acquisition. Identify the type of service, repair or maintenance, the name or entity who performed it, where it was performed and on what date.

        a      Vehicle Identification Number. _____

        b      Type of Service, Repair or Maintenance. _____

        c      Service Provider. _____

        d      Service, Repair or Maintenance Location. _____

        e      Service Date. _____

22.    For each Subject Vehicle, identify whether the Subject Vehicle's ignition switch has ever been repaired and/or serviced.,

        Yes_____     No _____

        If so, identify the repair and/or service that was performed, the date it was performed, and the name and address of the entity that provided the repair and/or service. _____
_____

23.    For each Subject Vehicle, identify whether the airbag(s) or its components have ever been repaired or replaced.,

        Yes_____     No _____

        If so, identify the repair and/or service that was performed, the date it was performed, and the name and address of the entity that provided the repair and/or service. _____
_____

24.    For any Subject Vehicle(s) you have sold, identify the information listed below:

        a      Vehicle Identification Number. _____

        b      Date of sale. _____

        c      Sales price. _____

        d      Mileage on date of sale. _____

        e      Purchaser name and address. _____

25.    For each Affected Vehicle you have owned since July 11, 2009 to the present, provide the information requested in question nos. 19-24.

26.     Since any applicable recall on an Affected Vehicle was announced, have you sold any such vehicle without having the recall repair performed?

Yes _____   No _____

If yes, identify the VIN, the vehicle model, the model year, the mileage, the applicable recall, the purchaser name and address, the sale date and the sale price. _____

_____

27.     Are you claiming loss of use, lost income or any other damages resulting from Defendant's recall of any Subject Vehicle(s)?

Yes _____   No _____

If yes, identify the information listed below for each Subject Vehicle.

a       Vehicle Identification Number. _____

b       The dates of loss of use. _____

c       Reason for loss of use. _____

d       Was the Subject Vehicle subject to recall? _____

e       Amount of loss of use damages claimed. _____

f       Detail how you calculated the amount listed above. _____

28.     Are claiming any diminution in value for any Subject Vehicle(s) you have sold?

Yes _____   No _____

If yes, identify the information below for each Subject Vehicle.

a       Vehicle Identification Number. _____

b       Date vehicle sold. _____

c       Purchase Mileage. _____

d       Expected sales price. _____

e       Source of information regarding expected sales price. _____

f       Actual sales price. _____

g       Mileage at Sale. _____

9

29.    Are you claiming diminution in value for any Subject Vehicle(s) you currently have in inventory?

Identify the information below for each Subject Vehicle:

a    Vehicle Identification Number. _____

b    Date vehicle purchased for resale. _____

c    Purchase price of vehicle. _____

d    Mileage when purchased. _____

e    Whether the vehicle has been offered for resale. _____

f    If vehicle has been offered for resale, the date it was offered. _____

g    If vehicle has been offered for resale, the price(s) asked for vehicle. _____

h    Have recall repairs been made to the vehicle, if applicable? _____

i    Is the vehicle in good operating condition (other than any alleged Ignition Switch Related Defects)? _____

j    Has the vehicle been advertised for sale? _____

k    Has the vehicle been continually marked for resale since acquired? _____

l    Amount of claimed diminution in value damages. _____

m    Detail how you calculated the claimed damages listed above. _____

30.    Are claiming damages related to the inability to sell a Subject Vehicle?

Yes _____  No _____

If yes, provide the information below for each Subject Vehicle:

a    Vehicle Identification Number. _____

b    Date vehicle purchased for resale. _____

c    Purchase price of vehicle. _____

d    Mileage when purchased. _____

e    Date vehicle was offered for resale. _____

f    Price(s) asked for vehicle (resale)? _____

g      Have recall repairs been made to the vehicle, if applicable? _____

h      Is the vehicle in good operating condition (other than any alleged Ignition Switch Related Defects)? _____

i      Has the vehicle been advertised for sale? _____

j      Has the vehicle been continually marked for resale since acquired? _____

k      Has the vehicle been sold? If so, date of sale? _____

l      Actual sales price. _____

m      Amount of claimed damages related to the inability to sell the Subject Vehicle. __ _____

n      Detail how you calculated the claimed damages listed above. _____

31.      Are you claiming damages related to loss of use for a Subject Vehicle?

Yes _____ No _____

If yes, provide the information below for each Subject Vehicle: _____
_____

a      Vehicle Identification Number. _____

b      Date that vehicle loss of use began. _____

c      Specific reason(s) for loss of use and detailed explanation of loss of use, including supporting details. _____

d      Date that the loss of use ended. _____

e      If another vehicle was substituted for subject vehicle, daily cost for replacement vehicle during replacement period. _____

f      If rental vehicle, average daily income from renting subject vehicle before use was lost. _____

g      Amount of claimed damages relating to the loss of use of the Subject Vehicle. ___ _____

h      Detail how you calculated the claimed damages listed above. _____
_____

32.      Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or

11

contributed to your alleged damages. _____

_____

33.    Are you claiming any alleged damages other than loss of use, diminution in value, or inability to sell?

Yes _____     No _____

If the answer is yes, please identify the type of damages, how they are calculated and the amount of each type of damages.

34.    For all vehicles manufactured by General Motors Corporation or General Motors LLC not otherwise disclosed as Subject Vehicles or Affected Vehicles, please disclose all such vehicles purchased or sold from July 11, 2009 to the present, including identifying the VIN, the vehicle model, the model year, the mileage at purchase, the date of purchase, the mileage at sale (if sold), and the date of sale (if sold). _____

_____

## IV. SUBJECT INCIDENT(S) INFORMATION

35.    Do you claim that any of the Subject Vehicles have experienced an Ignition-Switch Related Event ("Subject Incident")?

Yes _____     No _____

If yes, for each Subject Incident experienced, please identify the following:

a     The VIN of the Subject Vehicle. _____

b     What date and time did the Subject Incident occur? _____

c     State the mileage on the Subject Vehicle at the time of the Subject Incident. _____

_____

d     Identify the driver of the Subject Vehicle at the time of the Subject Incident. _____

_____

e     Identify whether the vehicle was on loan, lease or rental at the time of the Subject Incident.

Yes _____  No _____

If yes, please explain.

f     Identify anyone who was in the vehicle at the time by name, age, address and relationship to you, state where each was seated and the type, if any, of the safety belt equipment used by each occupant? _____

12

g     State whether any occupant (including the driver) of the Subject Vehicle consumed any prescription medication, non-prescription medication or drugs, or alcoholic beverage in the 24 hours prior to the Subject Incident and identify the substance and amount consumed.

Yes _____ No _____

h     Did the driver of the Subject Vehicle submit to any drug or alcohol testing following the Subject Incident?

Yes _____ No _____

If yes, please explain.

i     Describe the clothing and footwear the driver was wearing when the Subject Incident occurred and describe the complete chain of custody for the clothing and footwear from the accident scene to the present location of the clothing and footwear. _____

j     Did the driver have a cellular phone and/or other mobile communications device in the Subject Vehicle at the time of the Subject Incident?

Yes _____ No _____

If yes, identify the cellular number and service provider for the device(s). _____
_____

k     Describe all items on the key chain of the driver at the time of the Subject Incident, the weight of the key chain at the time of the Subject Incident, and provide a photograph of the key chain, if available. _____
_____

l     Describe the location of the Subject Incident including, but not limited to, the surroundings, terrain, and the highway, street or parking lot or address where it happened. _____

m     Describe the lighting, weather and road conditions (i.e. rainy, wet, icy, dry, etc.) at the time of the Subject Incident. _____

n     Indicate the length of time and distance the Subject Vehicle traveled off the roadway during the Subject Incident, if applicable. _____

o     Was there a collision?

Yes _____ No _____

If yes, describe the portion of the Subject Vehicle that collided with or struck any other object during the Subject Incident. _____

p        Did the Subject Incident involve a rollover event?

Yes _____ No _____

If yes, describe the rollover event, whether the rollover occurred on road or off road, whether it was a passenger's side or driver's leading roll, and whether the Subject Vehicle struck any object before, during or after the roll. _____

_____

q        Was anyone injured?

Yes _____ No _____

r        Was any property damaged, including but not limited to the vehicles involved?

Yes _____ No _____

If so, identify the property damaged and describe the damage, including the total of any repair estimate and whether any repairs were made to the vehicle as a result thereof. _____

s        Did emergency responders arrive on scene?

Yes _____ No _____

If so, identify the responding agency and the incident or report number documenting their response to this incident. _____

t        Was a police report made at the time of the Subject Incident?

Yes _____ No _____

u        Were any photographs taken at the scene, or shortly thereafter of the scene, of the Subject Vehicle and/or the Subject Vehicle's occupants?

Yes _____ No _____

v        Describe what happened, including the Subject Vehicle's approximate speed when the Subject Incident began (and/or the gear the vehicle was in), any and all inputs (steering, braking, etc.) the driver made to the vehicle during the Subject Incident, the response of the vehicle, and the outcome. _____

_____

w        Did the Subject Vehicle's airbag(s) deploy during the incident?

Yes _____ No _____

If yes, which airbag(s) deployed? _____

x Did any occupant physically contact any interior portion of the Subject Vehicle during the Subject Incident?

Yes _____ No _____

If yes, please explain. _____

y Was any occupant of the Subject Vehicle fully or partially ejected during the Subject Incident?

Yes _____ No _____

If yes, please explain. _____

z Identify all known witnesses to the Subject Incident (including their addresses). \_\_
_____

aa Identify all persons with knowledge of the Subject Incident (including their addresses) and state the facts of which they have knowledge. _____
_____

bb Identify any citations or tickets that were issued following the Subject Incident? \_
_____

cc Other than statements made to your counsel or their representatives, have you given any written or oral statements about the Subject Incident?

Yes _____ No _____

If yes, identify every person or entity to whom the statements were made, when the statements were made, and whether the statements were written and/or oral. \_\_
_____

dd Did you take the Subject Vehicle to a dealership or service facility after the Subject Incident to address the Ignition-Switch Related Event?

Yes _____ No _____

If yes, identify the dealership or service facility, the date of service, and describe what work was done to the Subject Vehicle, anything you were told about the Subject Vehicle and/or the Ignition-Switch Related Event, and identify all documentation associated therewith. _____

ee Indicate whether, to the best of your knowledge, the Subject Vehicle's ignition switch has been cycled at any time since the Subject Incident.

Yes _____ No _____

If so, identify when, by whom, and how many times. _____

ff      Indicate whether the Subject Vehicle has been powered on at any time since the Subject Incident.

Yes _____ No _____

If so, identify when, by whom, and how many times. _____

gg     Identify all evidence regarding the Subject Incident of which you are aware, including but not limited to pictures of any damage or event, written statements, or descriptions of the event, videos or pictures taken by any individual, or subsequent descriptions of the event sent by email, text or other electronic means or posted on any social networking or other website.  For each piece of evidence, identify who is in current possession of the evidence. _____
_____

36.    Without prejudice to amending or supplementing this response at a later date, list the potential defects in the Subject Vehicle that you currently believe may have caused or contributed to the Subject Incident(s) and the basis for your assertions of same. _____
_____

37.    Do you claim that the Subject Vehicle's ignition switch moved out of the run position in connection with the Subject Incident?

Yes _____ No _____

a      If yes, please state each fact that supports that claim. _____

b      Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

c      Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

38.    Do you claim that the Subject Vehicle experience a "moving stall" or otherwise lost engine power and that this caused a loss of vehicle control during the Subject Incident?

Yes _____ No _____

a      If yes, please state each fact that supports that claim. _____

b      Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

c      Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

39.    Do you claim that a loss of power steering occurred because the ignition switch moved out of the run position?

16

Yes _____ No _____

    a       If yes, please state each fact that supports that claim. _____

    b       Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

    c       Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

40.    Do you claim that a loss of power assist brakes occurred because the Ignition Switch moved out of the run position?

Yes _____ No _____

    a       If yes, please state each fact that supports that claim. _____

    b       Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

    c       Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

41.    Do you claim that any of the airbag systems in the Subject Vehicle failed to deploy during the Subject Incident because the Ignition Switch moved out of the run position?

Yes _____ No _____

    a       If yes, please state each fact that supports that claim. _____

    b       Identify each document or technical data of any kind that supports that claim as it relates to the Subject Incident. _____

    c       Identify each fact witness who will support that claim, and provide a summary of anticipated testimony. _____

## V. OTHER COMMUNICATIONS

42.    Identify any communications, presentations and/or submissions that have been made by you, or on your behalf or by your counsel to any Defendant regarding the Subject Vehicle, your claims, and/or your alleged injuries.  Please include the date of the communication, presentation and/or submission, the form, to whom it was made, and whether you received a response and if so, from whom.

43.    Identify any communications, presentations and/or submissions that have been made by you, or on your behalf or by your counsel to any state or federal government official or representative, or any state or federal regulatory body (*e.g.* the National Highway Traffic

Safety Administration ("NHTSA")) or any departments, divisions, staff member or technical experts or personnel of any state or federal government or regulatory body regarding the Subject Vehicle, your claims, and/or your alleged injuries. Please include the date of the communication, presentation and/or submission, the form, to whom it was made, and whether you received a response and if so, from whom. _____

_____

44.    Have you sent or has someone on your behalf sent any instant messages, text messages, picture messages, video and/or audio messages regarding any Subject Vehicle or any GM vehicle, the issue of the alleged ignition switch related defects, any allegations made in this lawsuit, and/or your alleged injuries and damages?

Yes _____        No _____

If yes, please identify what you used to send those messages and your service provider. _

_____

45.    Have you or someone on your behalf uploaded or posted any writings, pictures, videos or other information or data to any web pages, social networking sites or blog sites regarding the Subject Vehicle, the ignition switch issue, any Subject Incident(s), your claims, your alleged injuries and/or your alleged damages?

Yes _____        No _____

If yes, please identify the blog, web page, internet site or social networking site, when the posting or uploading or blogging was done, your service provider and what device you used. _____

46.    Identify all persons who have provided information to complete this form. For each individual, identify the individual's name and address, the relationship to the Plaintiff, the job title if employed by the Plaintiff, the questions the individual assisted with completing and/or the general nature of the type of information the individual provided:

| Name | Address | Relationship to Plaintiff | Job Title if Employed by Plaintiff | Questions Assisted with Answering and/or General Type of Information Provided |
|------|---------|--------------------------|-----------------------------------|------------------------------------------------------------------------------|
|      |         |                          |                                   |                                                                              |
|      |         |                          |                                   |                                                                              |
|      |         |                          |                                   |                                                                              |
|      |         |                          |                                   |                                                                              |

# DOCUMENT REQUESTS

***The following requests are to be treated as requests for the production of documents pursuant to Federal Rule of Civil Procedure, Rule 34, and are subject to Rule 37.***

***Instructions:  The responding party shall produce into the MDL 2543 Document Depository, within thirty (30) days of the date of service of this Fact Sheet, any of the following documents that are in the responding party's possession, custody or control:***

1.      Copies of all documents relating to the acquisition and/or sale of any and all Affected Vehicles and Subject Vehicle(s).

2.      Copies of all documents reflecting any repair, inspection, service, recall service, alteration or modifications of the Affected Vehicles and/or Subject Vehicle(s).

3.      Copies of all recall notices received for any and all Subject Vehicle(s) and/or Affected Vehicle(s).

4.      Copies of all documents you received from General Motors or a General Motors dealership relating to any and all recall notices of for any and all Subject Vehicle(s) and/or the Affected Vehicle(s).

5.      Copies of all warranties applicable or formerly applicable to any and all the Subject Vehicle(s) and/or the Affected Vehicle(s).

6.      If you answered "yes" to question no. 27, produce all documents and/or evidence that relate to your claim for loss of use, lost income or any other damages as a result of the recalls.

7.      If you answered "yes" to question no. 28, produce all documents and/or evidence that relate to your claim for diminution in value for any and all Subject Vehicle(s) you have sold including, but not limited to, copies of all internet and/or print advertising or any other documents regarding the amount you listed the Subject Vehicle(s) for sale, any documents reflecting any change in your sale price while you were attempting to sell the Subject Vehicle(s), and any offers to purchase the Subject Vehicle(s), and copies of all sale documents.

8.      If you answered "yes" to question no. 29, produce all documents and/or evidence that relate to your claim for diminution in value for any and all Subject Vehicle(s) you still have in inventory including, but not limited to, copies of all internet and/or print advertising or any other documents regarding the amount you listed the Subject Vehicle for sale, any documents reflecting any change in your sale price while you were attempting to sell the Subject Vehicle, and any offers to purchase the Subject Vehicle..

9.      If you answered "yes" to question no. 30, produce all documents and/or evidence that relate to your damages due to inability to sell any and all Subject Vehicle(s).

10.     If you answered "yes" to question no. 31, produce all documents and/or evidence that relate to your damages due to loss of use of any and all Subject Vehicle(s)

11.     If you answered "yes" to question no. 33, produce all documents and/or evidence that relate to any other damages asserted.

12.     If you claim any of the Subject Vehicle(s) experienced one or more Subject Incidents, please produce copies of all accident, incident or investigative reports (other than documents created by your counsel or at your counsel's request) regarding the Subject Incident or the Subject Vehicle prepared by any responding agency or third party, and documents reflecting citations issued by any police agency or governmental agency relating to the Subject Incident.

13.     If you answered yes to question no. 35(e), produce copies of all documents related to the loan, lease or rental identified in your response.

14.     Produce copies of all evidence identified in response to question no. 35(gg).

15.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all towing records related to the towing of the Subject Vehicle as a result of the Subject Incident.

16.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all photographs, videotapes or digital images taken of the Subject Vehicle or any part of the Subject Vehicle before, during and/or after the Subject Incident.

17.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all photographs, videotapes or digital images taken of the injuries you claim to have sustained in the Subject Incident (other than documents created by your counsel or at your counsel's request).

18.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all writings, drawings, photographs, videos, charts, sketches, diagrams, blueprints, plats, samples, maps, plans or renderings you made or your representative made which depict the location or area where the Subject Incident occurred (other than documents created by your counsel or at your counsel's request).

19.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of any written and/or recorded statements that you gave (other than privileged communications or work product) regarding the Subject Vehicle, the Subject Incident or your claimed damages.

20.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all post-Subject Incident test results for the presence of alcohol or drugs in the driver of the Subject Vehicle at the time of the Subject Incident.

21.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of any written statements given to any police officer, fireman, fire investigator or any other public agency or entity regarding the Subject Incident.

22.     Copies of any communications, including but not limited to e-mails and facsimiles, by you regarding the Subject Vehicle and involving an alleged vehicle defect, including but not limited to an alleged defect of the vehicle's ignition switch, except those communications to only your counsel.

23.     If you claim the Subject Vehicle experienced one or more Subject Incidents, please produce copies of all communications, including but not limited to e-mails and facsimiles, by you regarding the Subject Incident, except those communications with only your counsel.

24.     If you responded "yes" to question no. 15, please provide copies of any pleadings, depositions and correspondence relating to any claims or lawsuits filed by you or against you for personal injuries (including any claims made or lawsuits filed) regarding the Subject Incident (if any), aside from this lawsuit and excluding documents that are publicly available and confidential correspondence with an attorney.

25.     If you claim the Subject Vehicle experienced a Subject Incident, please provide copies of any documents related to insurance, including claims you submitted and policies you had in effect as of the date of the Subject Incident that covered or may cover you, the Subject Vehicle, or the property on which the Subject Incident occurred.

26.     If you claim the Subject Vehicle experienced a Subject Incident, please provide a complete copy of any settlement, agreement or other understanding with any party, person or entity with respect to any damages claimed as a result of the Subject Vehicle or the Subject Incident.

27.     Copies of all communications, and responses thereto, including letters, submissions, presentations, testing, raw data, video, written materials, summaries and tangible materials provided by you or on your behalf or by your counsel regarding the Subject Vehicle, the Subject Incident (if any), your claims and/or your alleged damages to the following:

   g.     any state government or state regulatory body or any departments, divisions, staff members or technical experts or personnel of the state government or any state regulatory body or

   h.     any federal government or regulatory body including but not limited to members of Congress, members of the Senate, the National Highway Traffic Safety Administration or any departments, divisions, staff members or technical experts or personnel of the federal government or any federal regulatory body.

28.     Copies of all pleadings filed in connection with any bankruptcy or insolvency proceeding initiated by you or on your behalf, excluding documents that are publicly available and confidential correspondence with an attorney.

29.    Any and all documents you have received from persons or entities other than General
       Motors LLC in this above-entitled cause number that relate to the design, performance,
       manufacture, testing, inspection, marketing and/or distribution of any Subject Vehicle
       component for which you claim is defective.

30.    All documents that you consulted in responding to the questions in this Plaintiff Fact
       Sheet or identified in your responses.

31.    If you contend the Subject Vehicle experienced a Subject Incident, please produce for
       inspection and photographing the Subject Vehicle, including all component parts.

**DECLARATION**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that all the information provided in this Fact Sheet is true and correct to the best of my knowledge, information and belief formed after a reasonable inquiry.   I understand that I am under an obligation to supplement these responses in a timely manner.

Date:  _____

Signature  _____

Name  _____

Title:  _____