# EXHIBIT C

FILED
San Francisco County Superior Court

NOV 08 2024

CLERK OF THE COURT
BY: _____ Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

DEPARTMENT 613

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550(c)]<br><br>**IN RE LYFT RIDESHARE CASES**<br><br>This Order Relates to All Cases. | Case No. CJC-20-005061<br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5061<br><br>ORDER AFTER CASE MANAGEMENT CONFERENCE AND ORDER GRANTING PETITION TO COORDINATE ADD-ON CASE AND GRANTING REQUEST FOR INCLUSION IN PLAINTIFFS' BELLWETHER POOL |

    A case management conference was held on November 7, 2024, in the above matter. William A. Levin and Laurel Simes (Levin Simes LLP) appeared in person, Walt Cubberly (Williams Hart & Boundas, LLP) appeared in person, Brooks Cutter and Celine Cutter (Cutter Law P.C.) appeared in person, Angela Nehmens (Estey & Bomberger LLP) appeared in person, Anna Cronk (Greenslade Cronk, LLP) appeared telephonically, Oscar Garza and Sharyl Garza (The Garza Firm) appeared telephonically for Plaintiffs. David Riskin (Williams & Connolly LLP) and Warren Metlitzky (Conrad Metlitzky Kane LLP) appeared in person for Defendant Lyft.

- 1 -

*Lyft Rideshare Cases* JCCP 5061 Order After CMC and Order Granting Petition to Coordinate Add-on Case and Request for Inclusion

The parties should prepare all 12 bellwether cases to commence trial on **April 28, 2025**. If a case settles, then the next case should be ready for trial. The joint trial of the three plaintiffs will go first. These three plaintiffs and Lyft must schedule a mandatory settlement conference with Presiding Judge Anne-Christine Massullo before **December 20, 2024,** in Department 206. The parties must immediately contact Department 206 to schedule a mutually convenient date.

As to *Jane Doe EB 92 v. Lyft, Inc.*, San Francisco Superior Court, Case No. CGC-24-617408, the Court held argument on the matter. Lyft did not oppose Jane Doe EB 92's petition to add-on the case to this JCCP, but only opposed the request for inclusion in the bellwether pool. Accordingly, the Court **GRANTS** the petition to coordinate her case as an add-on case and orders the case coordinated into JCCP 5061 and that the case is stayed in its home jurisdiction pursuant to CRC 3.529(b) and 3.544(d). The Court finds that Plaintiffs' leadership counsel agreed on Plaintiff Jane Doe EB 92 as a bellwether candidate and provided Lyft with sufficient notice of its intent to add the case to this JCCP and its intent to have Plaintiff Jane Doe EB 92 as a bellwether candidate before the September 13, 2024 deadline. (Nehmens Decl., Exs. E–J.) Lyft did not argue that it is prejudiced by Plaintiff Jane Doe EB 92's case being included in the pool of Plaintiffs' bellwether candidates, but rather that including Plaintiff Jane Doe EB 92 would compromise the selection process by expanding the pool of cases without giving Lyft a reciprocal opportunity. The Court is unpersuaded by Lyft's arguments. Plaintiff Jane Doe EB 92 will be included as a bellwether plaintiff.

The Court will hear the demurrers on **January 16, 2025, at 10:30 a.m.** The parties should meet and confer and submit a stipulation and proposed order with a briefing schedule based on this hearing date.

The parties who have a bellwether case proceeding for trial should meet and confer and submit a stipulation and proposed order addressing all key dates based on the trial date. If the parties are unable to agree, then the parties should submit their respective proposals.

///

///

///

The Court sets the next case management conference on **January 16, 2025, at 10:30 a.m.** with a joint case management conference statement due no later than **January 9, 2025**.

IT IS SO ORDERED.

Dated: November 8, 2024

                                                ANDREW Y.S. CHENG
                                                Judge of the Superior Court

*Lyft Rideshare Cases* JCCP 5061 Order After CMC and Order Granting Petition to Coordinate Add-on Case and Request for Inclusion

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.251)

  I, Ericka Larnauti, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

  On November 8, 2024, I electronically served the attached document via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated: November 8, 2024

            Brandon E. Riley, Clerk

        By: _____
            Ericka Larnauti, Deputy Clerk