RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND RASIER, LLC'S MOTION FOR EXTENSION OF TIME TO PROVIDE CUSTODIAL RECORDS AND PRIVILEGE LOGS**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |
| This Document Relates to:<br><br>ALL ACTIONS | |

1  Pursuant to Federal Rule of Civil Procedure 6(b)(1)(A) and Civil Local Rules 6-1(b) and 6-3, Defendants Uber Technologies, Inc. and Rasier, LLC (collectively, "Defendants") respectfully request an extension of the December 11, 2024 deadline to compile and produce the third party digest as required by the Court's November 27, 2024 Order (the "Order"). Dkt. 1908, at 4. Due to the number of third party parties involved, the fact-specific inquiries required, and the intervening Thanksgiving holiday, additional time is required for Defendants to comply with the Court's deadline. A modest extension is therefore respectfully requested.

On November 27, 2024, this Court entered an order adjudicating certain disputes concerning Defendants' claims of legal privilege and requiring Defendants to prepare a "digest" of each third party appearing in Defendants' privilege log entries by December 11, 2024.  (ECF 1908, at 4) (the "Order"). The privilege log consists of thousands of documents, spanning over a decade and relating to numerous subjects responsive to Plaintiffs' document requests. There are a number of privilege log entries that reflect communications and/or involvement by third parties in many different contexts and factual scenarios. Evaluating the circumstances of the involvement is a fact-specific inquiry, which takes time. In addition, the intervening Thanksgiving holiday, which the Court accounted for in the Order, nevertheless presented additional challenges for Defendants in light of the holiday.  Defendants ultimately were permitted eight business days to comply with this portion of the Order.  This holiday timing, and the time required to compile the information to create the required digest compels Defendants now to respectfully request an extension from the Court.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 6(b)(1)(A) allows courts to extend the time for an act to be done for "good cause." "'Good cause' is a non-rigorous standard that has been construed broadly across procedural and statutory contexts." *Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1259 (9th Cir. 2010). "Consequently, requests for extensions of time made before the applicable deadline has passed should 'normally . . . be granted in the absence of bad faith on the part of the party seeking relief or prejudice to the adverse party.'" *Id.* District courts have "broad discretion" in granting

extensions of time. *Kamedula v. Carr*, Case No. 3:18-cv-00544-MMD-CLB, 2020 WL 8991810, at *1 (D. Nev. Aug. 13, 2020).

## ARGUMENT

This Court should grant Defendants' Motion for Extension of Time because an extension would not prejudice Plaintiffs and is being sought in good faith and not for purposes of delay. Defendants have been working diligently to comply with the deadline. *See* accompanying Declaration of Veronica Gromada, dated December 11, 2024, "Gromada Decl." at ¶ 4(c). When it became clear that Defendants required additional time to compile and prepare the digest in order to meet the December 11 date, Defendants reached out to Plaintiffs to discuss a brief extension of time. Gromada Decl. ¶ 4(c). Defendants notified Plaintiffs that Defendants were prepared to file a stipulated motion and proposed order permitting an additional four business days to complete this digest undertaking. *Id*. Plaintiffs informed Defendants that Plaintiffs may be agreeable and wanted to further meet and confer, and proposed holding off on filing either document while the parties conferred. *Id*. Defendants obliged. *Id.* Plaintiffs then communicated that they would only stipulate to the extension if Defendants acquiesced to new and additional conditions outside the requirements set forth in the Court's order and adding to the already considerable undertaking. *Id*. Thus, no agreement could be reached regarding Defendants' request for a brief extension of time. *Id*. This breakdown in negotiation is what brings Defendant to the Court now.

The Court should grant Defendants' request for a short extension of time because Defendants will experience material harm in that the information contained in the digest implicates claims of legal privilege, which is a bedrock of American law. *Mitchell v. Superior Ct.*, 691 P.2d 642, 645–46 (Cal.1984) (the attorney-client privilege "has been a hallmark of Anglo-America jurisprudence for almost 400 years".)  Because the claims at issue in the disputes over the Defendants' privilege log relate to privilege assertions, and because the information Defendants are compelled to create in a digest format support claims of legal privilege, a short extension of the deadline to permit sufficient time to compile the information is warranted to avoid prejudice and irreparable harm to Defendants.

Conversely, Plaintiffs would not be harmed by this short extension. Plaintiffs would not face any prejudice in the upcoming December 19, 2024 hearing on the second tranche of privilege disputes as none of the documents selected by Plaintiffs to raise with the Court in this round of disputes involve the third parties from Defendants' privilege log. Thus, the potential harm to Defendants, and the modest extension request of four business days, and lack appreciable harm to Plaintiffs augers strongly in favor of an extension.

Lastly, Defendants regret being compelled to bring this motion to Court.  Indeed, this motion comes on the heels of Defendants agreeing to a significant extension of thirty days to the very Plaintiffs' law firm that has opposed Defendant's modest request here. Gromada Decl., at 7. In that case, where the Peiffer Wolf firm asked for agreement to seek relief from an order of the Court, Defendants agreed in the spirit of cooperation and professional courtesy. *Id*. Plaintiffs, however, have now forced the digest issue into a live dispute for adjudication by the Court for an accommodation that should be routinely granted among professionals in this District. Gromada Decl. at 5, Exhibit A.

## CONCLUSION

For these reasons, Defendants respectfully request that the Court grant Defendants' request for an extension of the December 11, 2024 deadline to compile and produce a digest of third parties as required by the Court's November 27, 2024 Order, through and including December 17, 2024.

DATED: December 11, 2024                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

|   |   |
|---|---|
| 1 | |
| 2 | PATRICK OOT (Admitted *Pro Hac Vice*)<br>oot@shb.com<br>**SHOOK, HARDY & BACON L.L.P.**<br>1800 K St. NW Ste. 1000<br>Washington, DC 20006<br>Telephone: (202) 783-8400<br>Facsimile: (202) 783-4211 |

PATRICK OOT (Admitted *Pro Hac Vice*)
  oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5

MOTION FOR EXTENSION OF TIME
.
Case No. 3:23-MD-3084-CRB