RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF VERONICA GROMADA IN SUPPORT OF MOTION FOR ORDER EXTENDING TIME FOR DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC TO PROVIDE A THIRD PARTY DIGEST** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

I, Veronica Gromada, declare as follows:

1.      I am a partner with the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants"). I am a member in good standing of the Bars of the State of Texas and the District of Columbia. I make this declaration in support of the accompanying Motion for Order Extending Time for Defendants to Provide a Third Party Digest.

2.      On November 27, 2024, this Court entered an order adjudicating certain disputes concerning Defendants' claims of legal privilege and requiring Defendants to prepare a "digest" of each third party appearing in Defendants' privilege log entries by December 11, 2024.  (ECF 1908, at 4) (the "Order").

3.      For the reasons set forth below, Defendants respectfully request the Court grant an additional four business days, until December 17, 2024, for Defendants to create and produce the required third party digest.

4.      This extension is warranted due to the following reasons:

a.      As explained in the motion accompanying this declaration, creating the required digest is a considerable undertaking. The privilege log consists of entries for thousands of documents, spanning over a decade and relating to numerous subjects responsive to Plaintiffs' document requests. There a number of privilege log entries that reflect communications and/or involvement by third parties in many different contexts and factual scenarios. Evaluating the circumstances of the involvement of third parties is a fact-specific inquiry, which takes time accurately recount in a digest.

b.      In addition, the intervening Thanksgiving holiday, which the Court accounted for in the Order, nevertheless presented additional challenges for Defendants in that, in light of the holiday, Defendants were permitted eight business days to comply with this portion of the Order.

c.      Defendants have been working diligently to comply with the deadline. When it became clear that Defendants required additional time to complete the compilation and

DECLARATION OF VERONICA GROMADA ISO MOTION FOR ORDER EXTENDING TIME FOR DEFENDANTS
TO PROVIDE A THIRD PARTY DIGEST                                    Case No. 3:23-MD-3084-CRB

preparation of the digest in order to meet the December 11, 2024 deadline, Defendants reached out to Plaintiffs to discuss a brief extension of time. Defendants notified Plaintiffs that Defendants were prepared to file a stipulation and proposed order permitting an additional four business days to complete this digest undertaking. Defendants also informed Plaintiffs that if the parties could not reach agreement, Defendants would have no choice but to file a motion pursuant to Local Rule 6-3. In response, Plaintiffs informed Defendants that Plaintiffs may be agreeable and wanted to further meet and confer, and proposed that Defendants hold off on filing either document while the parties conferred. Defendants obliged. The conferrals between the parties continued throughout December 10 and into December 11, 2024. Plaintiffs then communicated that they would stipulate to an extension of only half the requested time and *only if* Defendants acquiesced to Plaintiffs' new and additional conditions outside the requirements set forth in the Court's order, attempting to expand the scope of the already considerable digest undertaking. Thus, no agreement could be reached regarding Defendants' request for a brief extension of time to provide the third party digest ordered by the Court and moving for additional time is necessary.

       d.     This extension should be granted because Defendants will experience significant harm if it is not. The information being put forward in the digest the Court is requiring will no doubt be used as one aspect to assess claims of legal privilege, which is a bedrock of American law. *Mitchell v. Superior Ct.*, 691 P.2d 642, 645–46 (Cal.1984) (the attorney-client privilege "has been a hallmark of Anglo-America jurisprudence for almost 400 years"). Because the claims at issue are those of legal privilege, and because the information the Court ordered Defendants to create in a digest concern claims of legal privilege, a short extension of the deadline to compile the information is warranted to avoid prejudice and irreparable harm to Defendants. Conversely, Plaintiffs would not be harmed by this short extension. Plaintiffs would not face any prejudice in the upcoming December 19, 2024 hearing on the second tranche of privilege disputes as none of the documents selected by Plaintiffs to raise with the Court in this round of disputes involves third parties from Defendants' privilege

1     log that may be included in the digest. Thus, the potential harm to Defendants, the modest

2     extension request of four business days, and the lack of appreciable harm to Plaintiffs augers

3     strongly in favor of an extension.

4          5.     Lastly, Defendants were surprised by Plaintiffs' refusal to grant this modest extension

5 and regret being compelled to bring this motion to Court. Indeed, this motion comes on the heels of

6 Defendants agreeing to a significant extension of 30 days to the very Plaintiffs' law firm that has

7 refused to agree to Defendants' modest request here. In that instance, where the Peiffer Wolf firm

8 asked for agreement to seek relief from a Court order, Defendants agreed in the spirit of cooperation

9 and professional courtesy. Plaintiffs, however, have now forced the digest issue to a live dispute for

10 adjudication by the Court for a request that should be routinely granted to and agreed between

11 professionals in this District. As a point of reference, true and correct copy of the letter counsel for

12 Defendants sent to Plaintiffs memorializing the agreed extension based on Plaintiffs' request is

13 attached as Exhibit A for the Court's reference (though the version of the letter attached contains

14 redactions of the names and initials of individual named plaintiffs in numerous cases out of respect for

15 their privacy).

16          6.     Pursuant to L.R. 6-2(a)(2), I inform the Court of the following requests for time

17 modifications in this case, though none of the following relate to the subject Order (i.e., there have

18 been no other or prior requests to modify the Order): *See* ECF 198 (Extension of Time to Submit Joint

19 or Competing Proposed Orders and Fact Sheets); ECF 209 (Extension of Time to File Response to

20 Administrative Motion to Consider Whether Another Party's Material Should be Sealed); ECF 223

21 (Extension of Time in Which to Submit Proposed Privilege Log Orders and Proposed Fact Sheets);

22 ECF 247 (Stipulation Extending Time to Submit a Joint or Competing ESI Protocol); ECF 252

23 (Stipulation and Order re Extending Briefing Schedule); ECF 264 (Shortening Time for Uber's

24 Response to Motion to Enforce PTO No. 5); ECF 285 (Stipulation Extending Time to Submit Joint or

25 Competing Deposition and Expert Discovery Protocols); ECF 297 (Stipulation Extending Time for

26 Defendants' Rule 26 Initial Disclosures); ECF 315 (Stipulation and Order Extending Time for

27 Proposals Regarding Short Form Complaints); ECF 335 (Stipulation and Order Regarding Extending

28

DECLARATION OF VERONICA GROMADA ISO MOTION FOR ORDER EXTENDING TIME FOR DEFENDANTS
TO PROVIDE A THIRD PARTY DIGEST          Case No. 3:23-MD-3084-CRB

1  Briefing Schedule for Terms of Use Motion; ECF 353 (Extension of Deadline for Compliance with
2  the Court's March 15 Order); ECF 751 (Stipulation and Order Continuing Non-Party Lyft, Inc.'s
3  Deadline to Object); ECF 1795 (Order Adopting Deadlines for Custodial Productions and Privilege
4  Logs); ECF 1855 (Stipulation and Order Regarding Certain Fact Sheet Deadlines); ECF 1856
5  (Stipulation and Order Regarding Certain Fact Sheet Deadlines).

6      7.      Finally, the brief extension request, relating to the third party digest, will have no
7  impact on currently pending deadlines in the case.

8

9      I declare under penalty of perjury that the foregoing is true and correct. Executed this 11th day
10 of December in Houston, Texas

11          _/s/ Veronica Gromada_____

12          Veronica Gromada

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF VERONICA GROMADA ISO MOTION FOR ORDER EXTENDING TIME FOR DEFENDANTS
TO PROVIDE A THIRD PARTY DIGEST                    Case No. 3:23-MD-3084-CRB