1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

_____/

This Order Relates To:

*All Actions*

MDL No. 3084

**PRETRIAL ORDER NO. 21:
BELLWETHER SELECTION
PROCESS AND SCHEDULING
ORDER**

At a Case Management Conference on November 6, 2024, the Court ordered the
parties to file a joint statement of their views on the bellwether selection process.  The
parties submitted that joint statement on December 4, 2024, offering competing proposals
for the selection process and accompanying schedule.  Dkt. 1934.  Having carefully
considered the parties' proposals, the Court establishes the following procedures and
schedule.

    **1.  <u>Bellwether Eligibility</u>**

The parties offer opposite answers for the question of which cases should be
eligible for selection as bellwethers:  Plaintiffs would only include those cases that do not
have a *Lexecon* issue (*i.e.*, either be filed in the Northern District of California originally,
or have indicated in their short form or amended short form complaint that they would
have filed in the Northern District of California in the absence of direct filing) and have
completed their Plaintiff and Defense Fact Sheet exchanges.  Uber, on the other hand,
believes neither factor should be used as an eligibility filter.

United States District Court
Northern District of California

1    The Court agrees with Plaintiffs.  The Court's goal in managing the bellwether

2    process is to efficiently bring representative cases to trial.  Including cases in the

3    bellwether process that this Court is unlikely to have jurisdiction over does not advance

4    that goal.  Regarding fact sheet exchanges, Uber has provided no compelling reason to

5    delay the selection of cases until more fact sheets have been exchanged, or to believe that

6    the 1,031 cases for which Plaintiff Fact Sheets have been submitted somehow misrepresent

7    the full roster of cases in the MDL.

8    Therefore, the Court adopts Plaintiffs' proposal:  to be eligible for selection, a case

9    must, as of January 31, 2025, (1) not have a *Lexecon* issue, as described above; and (2)

10   have completed their Plaintiff and Defense Fact Sheet exchanges.

11   ### 2.  Bellwether Selection Process

12   The parties propose two very different procedures for selecting bellwether cases.

13   Uber proposes randomly selecting 50 cases for an initial "bellwether pool" in January

14   2025.  The cases in that pool would engage in limited discovery until June 1, 2025, when

15   the parties would each propose 10 cases for selection as bellwether cases.  Plaintiffs

16   propose a simpler plan which strips out the additional period of discovery and has the

17   parties each file a list of 10 Plaintiffs for inclusion as bellwether cases in February, which

18   would then be subject to a striking procedure of up to four cases per side.

19   Given the fact sheet exchange eligibility requirement, the Court sees no need for an

20   extended period of targeted discovery before bellwether selection.  Nor does the Court see

21   a need for a striking procedure.  Instead, by **February 14, 2025**, the parties will each select

22   ten Plaintiffs to be included in the bellwether process.  In the event that a proposed

23   Plaintiff refuses to participate as a bellwether, the Defendant may select a substitute

24   Plaintiff.  The "refusing Plaintiff" will be subject to a motion to dismiss for failure to

25   prosecute.

26   ### 3.  Amended Complaints

27   The twenty Bellwether Plaintiffs will file amended complaints by **March 14, 2025**.

28

United States District Court
Northern District of California

### 4.  **Multi-Plaintiff Waves**

The parties also diverge on whether the Bellwether cases should proceed through discovery and trial individually or grouped in waves.  Plaintiffs prefer a wave structure, while Uber argues it will be prejudiced by multi-plaintiff trials and proposes that trial selections should be made sometime in the summer or fall.  Both parties ask for an opportunity to brief the issue, if the Court disagrees with their position.

For the purposes of discovery, all Bellwether Cases shall have the same deadlines. But for trial, the parties may submit letter briefs by **April 1, 2025**, on whether the Bellwether Cases should be tried individually or consolidated in some manner.

### 5.  **Discovery and Trial Schedule for Bellwether Cases**

a.  Case specific discovery will open for Bellwether Cases on **March 14, 2025**.

b.  By **April 15, 2025**, Uber shall file its Rule 12 motions against the amended complaints.  Bellwether Plaintiffs shall file their oppositions by **May 15, 2025**.  Uber shall file any replies in support by **June 2, 2025**.

c.  Fact discovery will be substantially complete by **June 16, 2025**.

d.  By **July 3, 2025**, the parties shall submit letter briefs identifying the order in which the Bellwether Cases should be tried, including wave assignments if the Court orders waves to be formed.

e.  The parties shall exchange expert reports by **August 8, 2025**.  The parties shall exchange rebuttal expert reports by **September 8, 2025**.

f.  Discovery will close on **September 22, 2025**.

g.  The parties shall file any *Daubert* or dispositive motions by **October 8, 2025**.  The parties shall file oppositions to any *Daubert* and dispositive motions by **November 11, 2025**.  The parties shall file replies in support of any *Daubert* and dispositive motions by **November 24, 2025**.

h.  The final pretrial conference for the first bellwether trial will be held on **December 1, 2025**.

i.   The first bellwether trial will begin **December 8, 2025**.

**6.  <u>Table of Dates</u>**

| Deadline | Event |
|---|---|
| February 14, 2025 | Parties shall submit their selections for Bellwether Cases |
| March 14, 2025 | Bellwether Plaintiffs shall submit amended complaints<br><br>Case-specific discovery opens for the Bellwether Cases |
| April 1, 2025 | Parties shall submit letter briefs on whether the Bellwether Cases should be tried individually or in waves |
| April 15, 2025 | Rule 12 motions to dismiss amended complaints |
| May 15, 2025 | Oppositions to Rule 12 motions to dismiss amended complaints |
| June 2, 2025 | Replies in support of Rule 12 motions to dismiss amended complaints |
| June 16, 2025 | Substantial completion of fact discovery |
| July 3, 2025 | Parties shall submit letter briefs identifying the order in which the Bellwether Cases should be tried, including wave assignments if the Court orders waves to be formed |
| August 8, 2025 | Parties shall exchange expert reports |
| September 8, 2025 | Parties shall exchange rebuttal expert reports |
| September 22, 2025 | Close of discovery |

| | |
|---|---|
| October 8, 2025 | *Daubert* and dispositive motions |
| November 11, 2025 | Oppositions to *Daubert* and dispositive motions |
| November 24, 2025 | Replies to *Daubert* and dispositive motions |
| December 1, 2025 | Final pretrial conferences for first trial |
| December 8, 2025 | First Bellwether Trial |

**IT IS SO ORDERED.**

Dated: December 12, 2024

CHARLES R. BREYER
United States District Judge