IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB |
| This Document Relates to: | **DECLARATION OF TIFFANY ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING PRIVILEGE LOG DISPUTES** |
| ALL CASES | Judge: Honorable Lisa J. Cisneros |

I, Tiffany Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' portion of the joint letter brief concerning privilege log disputes.

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. As required by PTO 8, I attest that Plaintiffs met and conferred with Defendants prior to seeking relief from the Court.

**Privilege Log Production and Review – Background**

5. Uber produced two privilege logs for Tranche 2 Custodian documents.

6. On October 24, 2024, Uber produced the first privilege log for Tranche 2 Custodian documents ("10.24 Log"), which contained 4,865 entries.

7. The 10.24 Log covered two (2) custodians: Matt Baker, and Cory Freivogel.

8. On October 31, 2024, Uber produced the second privilege log for Tranche 2 Custodian documents ("10.31 Log"), which contained 9,035 entries.

9. The 10.31 Log covered nine (9) custodians: Tracey Bredeen, Greg Brown, Philip Cardenas, Dennis Cinelli, Travis Kalanick, Dara Khosrowshahi, Carley Lake, Danielle Sheridan, and Kate Parker.

10. Plaintiffs painstakingly reviewed each entry on both the 10.24 and 10.31 Logs.

11. On November 14, 2024, Plaintiffs sent a challenge letter to Uber ("Tranche 2 Challenge Letter").

12. The Tranche 2 Challenge Letter detailed the general issues with the 10.24 and 10.31 Logs, as well as categories of privilege challenges, and included examples of specific challenged entries.

13. Attached to the Tranche 2 Challenge Letter was a chart reproducing Uber's 10.23 and 10.31 Logs and explaining, for each challenged entry, the reason why each specific entry

was being challenged.

14.    The 10.24 and 10.31 Logs contained 13,900 entries. Out of those entries, Plaintiffs challenged 5,611, which include 21 entries where Plaintiffs noted that the redacted document in question contained an "OUS" redaction.

15.    Along with the Tranche 2 Challenge Letter, Plaintiffs notified Uber of the 45 samples, as mandated by this Court in its PTO 20 Order, to move forward with the dispute process.

**Conferral Over Disputed Privilege Log Entries and Challenges**

16.    On November 20, 2024, the parties met and conferred to address general issues with the 10.24 and 10.31 Logs, as detailed in the Tranche 2 Challenge Letter.

17.    During the November 20, 2024 meeting, the parties made the following assertions:

    a.    Plaintiffs asked Uber to produce a response to the 45 samples of challenges ("Initial 45 Samples") by November 25th at the latest;

    b.    Uber agreed to produce an updated privilege log by Tuesday, November 26;

    c.    Plaintiffs requested that Uber include more details in the cover letter to the upcoming updated dated privilege log, explaining what changes were made;

    d.    Uber asserted that it would ensure that all entries contained denoted attorneys. The 10.24 and 10.31 Logs contained 1,303 entries with no denoted attorneys; and

    e.    Other agreements related to the formatting and legibility of the 10.24 and 10.31 Logs.

18.    On November 22, 2024, Uber produced a revised version of 10.24 and 10.31 Logs ("Revised Tranche 2 Log") in response to the Tranche 2 Challenge Letter.

19.    The Revised Tranche 2 Log purported to:

a. Better denote attorneys in the body of each entry;

b. Update the "Privileged Names" tab;

c. Correct formatting errors; and

d. Note which documents Uber agreed, as of that date, to produce with redactions or produce in full with a withdrawn privilege claim.

20.    Plaintiffs reviewed the Revised Tranche 2 Log and noted that Uber failed to denote attorneys in the body of each entry and update every "Privileged Names" tab.

21.    On November 25, 2024, Uber responded to 36 of the Initial 45 Samples.

22.    For these 36 samples, Uber responded as follows:

a. Uber withdrew its privilege claim entirely from 18 documents;

b. Uber decided to produce six (6) documents with redactions; and

c. Uber maintained is claim of privilege over 12 documents in their entirety.

23.    On November 26, 2024, the parties met and conferred to discuss the Initial 45 Samples and Uber's responses to same.

24.    During the November 26, 2024 meeting, the parties made the following assertions:

a. Plaintiffs agreed to reassess the Initial 45 Samples considering the Revised Tranche 2 Log;

b. Uber agreed to produce its response to the remaining 9 documents out of the Initial 45 Samples the same day;

c. Uber agreed to produce redacted versions of samples as stated on November 25, 2024 sometime the following week; and

d. The parties would meet and confer on December 3.

25.    Onof November 26, 2024, Uber responded to the remaining 9 samples of the Initial 45 Samples.

26.    On November 27, 2024, Uber produced its response letter to Plaintiffs' Tranche 2 Challenge Letter ("Response to Tranche 2 Challenge").

DECLARATION OF TIFFANY ELLIS IN SUPPORT OF
PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF
REGARDING PRIVILEGE LOG DISPUTES

27.     On December 3, 2024, the parties met and conferred to discuss the Court's November 27, 2024 order and the samples still in dispute.

28.     During that conferral Uber indicated that it was not changing its position on any of the proposed Tranche 2 samples in response to the Court's order prior to the submission of the PTO 8 dispute submission.

29.     On December 4, 2024, Uber informed Plaintiffs that it was producing five (5) additional documents rather than withholding them in full from the Initial 45 Sample.

30.     On that same day, Uber produced these redacted documents for Plaintiffs to review and move forward with the privilege sampling dispute.

31.     As of December 4, 2024, Uber responded as follows to the Initial 45 Samples:

   a.  Uber withdrew its privilege claim entirely from 21 documents, which constitute approximately 47% of the Initial 45 Samples;

   b.  Uber agreed to produce 12 documents with redactions, which constitute approximately 27% of the Initial 45 Samples;

   c.  Uber maintained is claim of privilege over 12 documents in their entirety, which constitute approximately 27% of the Initial 45 Samples; and

   d.  Uber modified its privilege log claim for 33 documents, which constitute approximately 73% of the Initial 45 Samples.

32.     Comparatively, throughout the Tranche 1 privilege log meet and confer and sample dispute process, Plaintiffs provided 51 disputed privilege log samples to Uber.

33.     Uber modified its privilege claims on 43 of the 51 samples from the Tranche 1 privilege log, which represents approximately 84% of the Tranche 1 samples provided by Plaintiffs.

**Exhibits**

34.     Attached as **Exhibit A** is a true and correct copy of the thirteen (13) disputed log entries as presented by Uber on its Revised Tranche 2 Log.

35.     Attached as **Exhibit B** is a true and correct copy of the thirteen (13) disputed log

entries alongside Uber's description of each document according to Uber's portion of the joint

letter brief concerning Tranche 2 privilege log disputes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 12th day of December 2024 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis