RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF JENNIFER HANDLEY IN SUPPORT OF DEFENDANTS' DECEMBER 12, 2024 JOINT LETTER BRIEF ON PRIVILEGE SAMPLING DISPUTE**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## DECLARATION OF JENNIFER HANDLEY

I, Jennifer Handley, having personal knowledge of the following state:

1. I am the Senior Legal Director, Global Safety, at Uber. I was first employed by Uber in December 2018. In this role, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I am offering this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's submission in the December 12, 2024 privilege sampling dispute. In particular, I address herein documents referred by privilege log numbers as JCCP_MDL_PRIVLOG029996, JCCP_MDL_PRIVLOG039513, JCCP_MDL_PRIVLOG039242, and JCCP_MDL_PRIVLOG028868. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document referenced as JCCP_MDL_PRIVLOG029996. This document is an email communication chain discussing legal issues regarding the use of Uber's name in connection with a program operated by a third-party partner organization. In the first email in the chain, Katherine Gaspar, then-Uber Regional Operations Manager, U.S. and Canada Safety, specifically asked me for my legal advice asking if I had any "legal concerns" about a specific topic. I then added another in-house lawyer, Laura McAdams, Senior Counsel, Safety and Insurance, to the email thread, who also weighed in to provide legal advice. The email communications in this thread that followed as between Ms. McAdams, Ms. Gaspar, and Cory Frievogel continued to discuss Ms. McAdams's legal advice. I also note that throughout the email communications where the non-lawyer participants were responding to emails from or with legal counsel, these participants added the legend "A/C Privilege" to the communications reflecting and informing the legal advice being given.

3. I am familiar with the document referenced as JCCP_MDL_PRIVLOG039513. This document is an email communication that is automatically-generated outlining the comments and revisions being made at that time on a document titled "Uber.com | Women's Safety Copy Doc," maintained on Google Docs. The underlying document was a draft public communication intended for Uber's website. I was invited to review, edit, and collaborate on this document, as were then in-

2

JENNIFER HANDLEY DECLARATION ISO DEFENDANTS' DECEMBER 12, 2024 JOINT LETTER BRIEF
ON PRIVILEGE SAMPLING DISPUTE                                          Case No. 3:23-MD-3084-CRB

house lawyers Tracey Merwise, Monique McNellie, and Maureen Frangopoulos. I understood at that time that I, along with the other lawyers, were being looped into the document to provide legal advice in light of the legal risk implicated by any Uber public statements or policies related to rider safety. In the first comment in the email, I provided legal advice and asked two other in-house counsel, Ms. Frangopoulos and Ms. Merwise, to provide legal advice on any insurance litigation and employment issues. The other comments in the email also contain legal advice from me, Ms. Merwise, Ms. Frangopoulos, and Ms. McNellie related to the legal implications of various statements in the draft communication.

4. I am familiar with the document referenced as JCCP_MDL_PRIVLOG039242. This is an email communication chain that includes me, Vice President and Chief Deputy General Counsel Katie Waitzman, Associate General Counsel Scott Binnings, former Chief Deputy General Counsel Tammy Albarran, and several other Uber employees. The first initiating email communication in the chain is redacted because it is legally privileged and protected from disclosure. That email was sent by Andrew Hasbun, then Head of Safety Communications, on behalf of a small group of individuals, including myself, and is marked as "ACP" for attorney-client privilege. The email concerns the release of Uber's Second U.S. Safety Report.

5. I, along with several other Uber employees, led the strategy and drafting of the report. During this process, I provided legal advice related to the report's content and release, and public statements about it by Uber. To provide this legal advice, I assessed various legal issues, including the implications the report, and public statements about the report, may have on pending and future litigation. My purpose in asking Mr. Hasbun to send the email (which is now redacted on grounds of legal privilege for purposes of this litigation) on my behalf was to convey my legal advice to the recipients concerning the release of the report and public statements about it from Uber. In fact, I assisted in drafting the language used in the now-redacted email.

6. I am familiar with the document referenced as JCCP_MDL_PRIVLOG028868. This is an email communication that is automatically-generated by Google Docs and contains comments, edits, and revisions, being made at that time on a document titled "US&C Safety Ops – Safety Media

1  Business Standard," maintained on Google Docs. The underlying document addresses how Uber
2  employees should handle media submissions, including but not limited to audio and video, in
3  conjunction with a safety incident reported to Uber. The comments being made in the document, and
4  contained in the email that is the subject of the instant privilege challenge, discuss the content of
5  various safety policies and practices in the underlying document. The underlying document was
6  shared with me and Global Safety Legal Director Daniel Kolta for collaboration and for the purpose
7  of seeking our legal advice concerning the potential legal risks of the policies and of any public
8  statements that may be made based on them. In the comment threads on the underlying document and
9  that were carried into this email, Mr. Kolta and I discussed the safety policies and practices outlined
10 in the underlying document with the Uber employees drafting and revising the underlying document.
11 In these discussions, these individuals requested our legal advice and we provided legal advice.

12       I declare under penalty of perjury that the foregoing is true and correct.

14 Executed in Denver, Colorado on December 11, 2024.    By: *Jennifer Handley*
15                                                         Jennifer Handley