1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101

5  ROBERT ATKINS (*Pro Hac Vice* admitted)
       ratkins@paulweiss.com
6  CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
       cgrusauskas@paulweiss.com
7  ANDREA M. KELLER (*Pro Hac Vice* admitted)
       akeller@paulweiss.com
8  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
9  1285 Avenue of the Americas
   New York, NY 10019
10 Telephone: (212) 373-3000
   Facsimile:  (212) 757-3990
11
12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
13 RASIER, LLC; and RASIER-CA, LLC

14

15

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                    **SAN FRANCISCO DIVISION**

19

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF MAUREEN FRANGOPOULOS IN SUPPORT OF DEFENDANTS' DECEMBER 12, 2024 JOINT LETTER BRIEF ON PRIVILEGE SAMPLING DISPUTE** |
| This Document Relates to: ALL ACTIONS | Judge:    Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

---

MAUREEN FRANGOPOULOS DECLARATION ISO DEFENDANTS' DECEMBER 12, 2024 JOINT LETTER
BRIEF ON PRIVILEGE SAMPLING DISPUTE                            Case No. 3:23-MD-3084-CRB

## DECLARATION OF MAUREEN FRANGOPOULOS

I, Maureen Frangopoulos having personal knowledge of the following state:

1. I am the Senior Legal Director, Central Strategy and Special Matters, Global, at Uber. I was first employed by Uber in August 2015 and I have worked as an in-house legal counsel for the past 9 years. My previous positions at Uber included Counsel, Insurance; Senior Counsel, Insurance; Director, Safety & Insurance; Senior Legal Director, Safety and Insurance Litigation, U.S. and Canada; and Senior Legal Director, Global Safety & Insurance Litigation. For my entire tenure at Uber my job roles in these positions were in a capacity to provide legal advice to Uber and its employees.

2. Currently, I am responsible for providing legal advice to Uber's leadership and employees related to safety and insurance issues, procedures, and policy, among other legal advice. I am licensed to practice law in the State of Illinois. I am offering this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's submission in the December 12, 2024 privilege sampling dispute. In particular, I address herein documents referred by privilege log numbers as JCCP_MDL_PRIVLOG036737 and JCCP_MDL_PRIVLOG039202. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

3. I am familiar with the document referenced as JCCP_MDL_PRIVLOG036737. This document is an email chain discussing proposed communications with potential claimants to be made by a third-party claims administrator. The email chain was initiated by Uber in-house legal counsel Lauren Shapiro Uber's Director, Safety & Insurance Litigation, Special Matters, U.S. and Canada, Katie Waitzman, Uber's Vice President and Chief Deputy General Counsel, and myself. Ms. Shapiro is a former in-house attorney of Uber and reported to me through most of her tenure at Uber and specifically at the time of this email. In her initial email, Ms. Shapiro provided her legal advice concerning the draft proposed communication with potential claimants and Ms. Shapiro expressly asked for thoughts from the other email participants, including legal counsel Ms. Waitzman and myself. The subsequent emails sent by participants in the communication with legal counsel include

Andrew Hasbun, Safety Communications Manager, Steffi Bryson, Head of Safety and Consumer Protection Policy, and Tracey Breeden, Head of Global Women's Safety & Gender-based Violence Initiatives. In their communications with legal counsel in this email thread, these participants also discuss or relay Ms. Shapiro's legal advice when responding to questions and giving input back to counsel to form legal opinions and advice to Uber. In this context, Uber's in-house counsel participants, including myself, were providing legal guidance (and receiving information from conversation participants to form that guidance) in light of the many legal risks involved in communicating with a potential claimant.

4.  I am familiar with the document referenced as JCCP_MDL_PRIVLOG039202. This is a document that I drafted in March 2016. The document conveys legal advice for Uber employees that receive safety-related incident reports. The document details best practices for documenting and communicating about incident reports. I also give legal guidance in this document on contacting the legal department to seek further legal advice regarding particular incident reports. I specifically recall creating this document to provide legal guidance to Uber employees about how to handle incident reports in anticipation of litigation related to the incidents. I did not intend this document to reflect my business advice or judgment.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Cincinnati, Ohio on December 11, 2024.    By: *Maureen Frangopoulos*

Maureen Frangopoulos