UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor<br><br>Date:   December 19, 2024<br>Time:   11:00 a.m. |

# JOINT CASE MANAGEMENT STATEMENT

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), and Plaintiffs' Co-Lead Counsel (collectively referred to herein as "the Parties"), respectfully provide this Joint Case Management Conference Statement and Proposed Agenda in advance of the Case Management Conference scheduled for December 19, 2024.

## Proposed Agenda

I. **Status of Case Filings**

II. **Bellwether Selection Process**

III. **Motions to Dismiss**

IV. **General Discovery Updates**

V. **Motions to Transfer**

VI. **Defendants' Request for a Filing Cut-Off**

VII. **Coordination**

VIII. **Next Case Management Conference**

## I. Status of Case Filings

### Number of MDL Case Filings

As of December 16, 2024, there are currently 1,481 cases in this MDL. Since the Parties submitted the Joint Case Information Chart to the Court on September 30, 2024, 169 new cases have been filed.

### Status of JCCP

There are approximately 500 cases pending in the JCCP.

### Other Cases and Proceedings

A list of other proceedings relating to sexual assault on the Uber platform known to Plaintiffs is attached as **Exhibit A**. In conjunction with upcoming joint case management statements, Uber has agreed to provide the Court with a list of civil cases arising from a sexual assault on the Uber platform in which Uber is a defendant.

## II. Bellwether Selection Process

On December 12, 2024, the Court issued PTO 21: Bellwether Selection Process and Scheduling Order. The Parties are prepared to answer any additional questions the Court might have about the bellwether selection process at the Case Management Conference.

## III. Motions to Dismiss

The Court ordered the parties to meet and confer on the application of the Court's Rule 12 orders on the claims asserted under the laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia, and to brief any remaining disputes. On December 2, 2024, the Parties filed a Joint Stipulation and Proposed Order re: Motions to Dismiss Pursuant to the Laws of Arizona, Georgia, Nevada, Pennsylvania, and Virginia. ECF No. 1918. The Parties were able to resolve all disputes. The Court entered the Parties' Proposed Order on December 4, 2024. ECF No. 1932.

In light of PTO 21, the parties will meet and confer on whether it makes sense to stipulate or brief additional states at this time, the appropriate states for doing so, and any briefing schedule, and update the Court before the next case management conference.

## IV. General Discovery Updates

Judge Cisneros issued an order resolving the parties' dispute over obligations under PTO 10 (Plaintiff Fact Sheets) on November 18, 2024. ECF No. 1877. Plaintiffs are to comply with the order by December 18, 2024.

Judge Cisneros issued an order on the second joint letter regarding the time period for discovery on November 18, 2024. ECF No. 1879. Uber sought review of Judge Cisneros' first order on this issue (ECF No. 1816) on November 14, 2024. ECF No. 1876. This Court denied Uber's Motion on December 6, 2024. ECF No. 1938. The parties are to submit either a stipulation or joint letter addressing a plan for Uber's production of documents postdating November 23, 2023 to Judge Cisneros by December 20, 2024.

Judge Cisneros issued an order regarding Plaintiffs' first set of challenges to Uber's privilege claims on November 27, 2024. ECF No. 1908. Uber was ordered to produce documents and revise its privilege logs within 7, 14, or 21 days of the order (depending on the issue). The Parties filed their privilege dispute letter concerning the Tranche 2 custodian privilege logs on

December 12, 2024. ECF No. 1952.  This issue will be addressed by Judge Cisneros on December 19, 2024.

Uber and the law firm of Levin Simes ("LS") plan on submitting a PTO 8 joint letter to the Court on Wednesday, December 18, 2024, addressing the dismissal of LS's plaintiffs' claims if they have missed the deadline for submitting their PFS.[1]

The Parties are additionally scheduled to appear before Judge Cisneros for a discovery status conference on the morning of December 19, 2024.  A joint statement on the status of discovery will be filed on December 16, 2024, which will include an overview of ongoing disputes.

## V. Motions to Transfer

**Defendants' Position:**  In light of the Court's December 13, 2024, Pretrial Order No. 21 regarding the Bellwether Selection Process, the Parties seek the Court's guidance on potential Motions to Transfer.  As the Court stated, "[i]ncluding cases in the bellwether process that this Court is unlikely to have jurisdiction over does not advance [the] goal" of efficiently bringing representative cases to trial.  Pretrial Order No. 21 at 2.  Although the Court has excluded *Lexecon* cases from the Bellwether pool, virtually the entire remaining Bellwether pool (approximately 1456 of 1477 cases), consists of cases with incidents outside of California, and those cases should not reside in the Northern District of California.  Those cases should be venued for trial in the state of the incident—not in the Northern District of California.  That dispute will need to be adjudicated by the Court—as it was in the JCCP, which found that non-California incidents should not be tried in California courts. The Parties agree that these transfer questions should be decided before the Court rules on the trial lineup.  Defendants do not object to Plaintiffs' proposed briefing schedule outlined below.

**Plaintiffs' Position:** Before a case proceeds to trial, the Court should determine whether venue is appropriate (putting aside Uber's in-apt comparison of the Court's analysis under 28 U.S.C. § 1404 and the California *forum non conveniens* standard). But trial venue has no

---

[1] Plaintiffs' Leadership is aware of this law firm-specific PFS discovery issue, but it is being addressed solely by LS and Uber.

- 4 -

relevance to pretrial proceedings under 28 U.S.C. § 1407, including case-specific pleadings and discovery.

It makes sense to address these issues when deciding "the order in which the bellwether cases shall be tried." PTO 21 at 3. In advance of the July 3 letter briefs, the Court should order Uber to file any motions to transfer (or an omnibus motion, if the grounds are substantially the same as between the Plaintiffs Uber elects to move against) by June 2, 2025, with oppositions due June 30, and replies due July 14 (or a little later, if Uber needs more flexibility around the holiday). This will allow the parties to brief proposed trial selections with knowledge of both sides' arguments for and against transfer, and allow the Court to decide the motions before ruling on trial lineup.

### VI. Defendants' Request for a Filing Cut-Off

**Defendants' Position:** Uber requests that the Court set a cut-off deadline for the filing of any additional complaints to be included in this MDL.

As Defendants have previously stated, setting a filing cut-off date is necessary to identify the universe of cases in this MDL. Only then will the Parties and the Court know the parameters of this coordinated proceeding, including the size and composition of the body of cases, as well as the scope of claims.

Those concerns are particularly important now, given that the Parties are beginning the process of selecting bellwether cases. The goal of a bellwether process is to "try[] a smaller number of cases representative of the group *as a whole*, and then [to] us[e] those verdicts as a basis for settlement negotiations for the remaining cases." *Collazo* v. *WEN by Chaz Dean, Inc.*, 2018 WL 3424957, at *1 n.2 (C.D. Cal. July 12, 2018) (emphasis added). Accordingly, "the utility of a bellwether verdict depends on whether the tried claim is a truly representative test." Martin H. Redish & Julie M. Karaba, *One Size Doesn't Fit All: Multidistrict Litigation, Due Process, and the Dangers of Procedural Collectivism,* 95 B.U. L. Rev. 109, 127 (2015). As one federal judge has noted, before selecting bellwether cases, "it is imperative to know what types of cases" are in the coordinated proceeding and "the composition of the MDL" pool. Eldon E. Fallon et al., *Bellwether Trials in Multidistrict Litigation*, 82 Tul. L. Rev. 2323, 2344 (2008).

Otherwise, the court risks selecting "an anomalous case . . . , thereby wasting substantial amounts of both time and money." *Id.*

Here, the pool of underlying cases is uncertain absent a filing cut-off date. That information is critical for the bellwether selection process, which is in the beginning stages. Thus, Uber submits that now is the appropriate time for the Court to set a filing cut-off deadline.

**Plaintiffs' Position:** It remains too early to set a filing cut-off date. Uber's latest argument that the bellwether selection process requires a filing cut-off date is unpersuasive. MDL courts routinely issue bellwether selection protocols while still allowing new cases to be directly filed into the litigation. Indeed, Uber cites no examples of MDL courts insisting that all cases must be filed before bellwether selection begins. Efficiencies would be lost if *all* potential cases had to be filed before bellwethers could be selected. All that is needed is *enough* filed cases to understand the range of claims. There is no dispute that condition is satisfied.

As long as this Court continues to resolve common legal and discovery issues, it does not make sense to wind down the MDL. Fact discovery does not close for nine months. Dispositive pretrial motions will not be heard for nearly a year. Both sides benefit from the efficiencies of the MDL.

### VII. Coordination

**Defendant's Position:** Uber seeks the Court's guidance on the ongoing efforts to ensure coordination between the MDL and JCCP, particularly to ensure that witnesses are deposed once across the cases, rather than sitting for multiple depositions unnecessarily. At the December 10, 2024 JCCP Informal Discovery Conference, Judge Schulman expressed intent to discuss coordination with this Court. Uber continues to proceed in a fashion that permits fully coordinated discovery, and MDL Plaintiffs indicated in the November 4, 2024, joint CMC statement that they anticipate they "will be able to coordinate certain depositions going forward" and would be amenable to coordination "if it does not prejudice either party." (ECF No. 1823 at 24-25). Given overlapping document production and depositions, coordination will save resources, promote judicial efficiency, and align with the principles of Federal Rule of Civil Procedure 1. Defendants agree with Plaintiffs that the parties should remain focused on

complying with the Court's Orders. These Orders include PTOs 16 and 20, which outline the productions required in advance of depositions. MDL Plaintiffs continue to try to add new conditions beyond the Court's Orders, none of which have to date prevented JCCP Plaintiffs, who receive the same discovery, from taking depositions. To facilitate coordination, Uber can submit a proposed Coordination Order which has previously been shared with Plaintiffs, by December 20, 2024.

**Plaintiffs' Position:** Plaintiffs' position has not changed since Uber requested a Coordination Order at the last case management conference. *See* ECF No. 1823 at 24-25. Plaintiffs agree that coordination is useful, and have made every effort to coordinate with the JCCP where possible. Indeed, Plaintiffs are planning to coordinate on several depositions proceeding in January and February. But Plaintiffs cannot agree to coordinate when doing so would be prejudicial. Plaintiffs continue to have significant concerns about Uber's over-designation of documents as privileged, as well as Uber's lackluster and belated production of documents long-promised. Those concerns are only more urgent under the schedule established by PTO 21. All of these issues are being resolved under Judge Cisneros's careful supervision, and a coordination order would improperly restrict her ability to craft solutions to meet the case schedule. Moreover, Judge Cisneros issued PTO 20, which established production and deposition timelines for the different tranches of custodians. The MDL Plaintiffs have notified Uber of their intent to depose over 20 deponents consistent with the deposition timeframes set out in PTO 20, including coordination of at least three (3) depositions with the JCCP.

Again, coordination is useful, but is not feasible when Uber continues to delay on its discovery obligations, and must take a backseat to meeting the needs of this MDL. As Judge Cisneros recently ordered in response to Uber's request for an extension of a discovery deadline: "The Court is amenable to granting some degree of extension, but disapproves of Uber's eleventh-hour motion. The last minute request leaves the Court little choice but to either grant relief or consider issuing sanctions for noncompliance…. The Court would like the parties to stay focused on quickly completing all discovery in compliance with the Court's orders." ECF No. 1946. No coordination order is necessary or appropriate to manage this MDL at this time.

**VIII. Next Case Management Conference**

The Parties look forward to discussing the Court's availability for the next case management conference.

Dated: December 16, 2024

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Randall S. Luskey*
ROBERT ATKINS
RANDALL S. LUSKEY
KYLE N. SMITH
JACQUELINE P. RUBIN
JESSICA E. PHILLIPS
CAITLIN E. GRUSAUSKAS
ANDREA M. KELLER

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY
PATRICK OOT
JEREMIAH S. WIKLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Dated: December 16, 2024

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
slondon@lchb.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I, Sarah R. London, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: December 16, 2024                By:   */s/ Sarah R. London*
                                              Sarah R. London