1  RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
3  535 Mission Street, 24th Floor
4  San Francisco, CA 94105
   Telephone: (628) 432-5100
5  Facsimile:  (628) 232-3101

6
   ROBERT ATKINS (*Pro Hac Vice* admitted)
7      ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
8      cgrusauskas@paulweiss.com
   ANDREA M. KELLER (*Pro Hac Vice* admitted)
9      akeller@paulweiss.com
10 **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
11 1285 Avenue of the Americas
   New York, NY 10019
12 Telephone: (212) 373-3000
   Facsimile:  (212) 757-3990
13

14 *Attorneys for Defendant*
   UBER TECHNOLOGIES, INC.;
15

16 *[Additional Counsel Listed on Signature Page]*

17              **UNITED STATES DISTRICT COURT**
              **NORTHERN DISTRICT OF CALIFORNIA**
18              **SAN FRANCISCO DIVISION**

19 | IN RE: UBER TECHNOLOGIES, INC., | MDL No. 3084 CRB |
20 | PASSENGER SEXUAL ASSAULT | |
   | LITIGATION | Judge:      Honorable Charles Breyer |
21 | | |
22 | This Document Relates to: | **DEFENDANT AND THIRD-PARTY** |
   | | **PLAINTIFF UBER TECHNOLOGIES,** |
23 | *Jane Doe EB 2 v. Uber Technologies,* | **INC.'S THIRD-PARTY COMPLAINT** |
   | *Inc.,* Case No.: 3:23-cv-05870 | |
24

25

26

27

28

UBER TECHNOLOGIES, INC.'S THIRD-PARTY COMPLAINT          Case No. 3:23-cv-05870

**DEFENDANT'S THIRD-PARTY COMPLAINT**

Defendant and Third-Party Plaintiff Uber Technologies, Inc. ("Defendant" and "Third-Party Plaintiff") by and through its attorneys, hereby allege the following against Felix Torres Jr. ("Third-Party Defendant"):

**GENERAL ALLEGATIONS**

1.      Defendant and Third-Party Plaintiff Uber Technologies, Inc. is a California corporation that is registered with and conducts business within the State of California.

2.      Based on information and belief, Third-Party Defendant Felix Torres Jr. is an individual residing in Fort Myers, Florida.

3.      Third-Party Plaintiff Uber Technologies, Inc. is a Defendant in the above-entitled action wherein Plaintiff Jane Doe EB 2 ("Plaintiff"), seeks damages for injuries allegedly caused by Uber Technologies, Inc. and others, by way of the Plaintiff's Original Complaint and Jury Demand, filed on November 14, 2023, in the United States District Court for the Northern District of California, Case No. 3:23-cv-05870, Plaintiff's Short Form Complaint, filed on April 10, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-cv-05870, and the Master Long Form Complaint filed on February 15, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB (collectively, the "Complaint"). Third-Party Plaintiff incorporates the Complaint herein for reference, and denies any fault or liability for causing Plaintiff's alleged injuries or damages.

4.      By way of the Complaint, Plaintiff seeks damages arising from an alleged sexual assault that purportedly occurred in or around Naples, Florida.

5.      In the event that, as a result of the underlying action, it is determined that Plaintiff is entitled to recover from Third-Party Plaintiff, and there have been acts or omissions for which Third-Party Plaintiff is responsible, said acts or omissions were caused by the tortious or otherwise actionable conduct of the Third-Party Defendant.

**JURISDICTION**

6.      This Court has jurisdiction of the underlying action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the underlying action is between citizens of different states.

7.      This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the Third-Party Complaint shares a common nucleus of operative facts with the underlying action so that the Third-Party Complaint is so related to the underlying action as to form part of the same case or controversy.

**DIVISIONAL ASSIGNMENT**

8.      Assignment in the Northern District of California, San Francisco Division, is appropriate because the Judicial Panel on Multidistrict Litigation assigned the *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation* to this Court for consolidated pretrial proceedings pursuant to 28 U.S.C. section 1407 and the underlying action was directly filed in the Northern District of California.  *See* Case No. 3:23-md-03084-CRB, Dkt. 1 ("Transfer Order"), Dkt. 177 ("Stipulated Pretrial Order No. 6: Direct Filing").

**FIRST CAUSE OF ACTION**

**(Contractual Indemnity)**

9.      Third-Party Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

10.     Third-Party Defendant entered into multiple written agreements with Third-Party Plaintiff.  Those agreements outline the respective rights and responsibilities relating to Third-Party Defendant's use of the Uber App.  Of particular relevance here, Third-Party Defendant agreed to indemnify and defend Third-Party Plaintiff, including with respect to claims such as those asserted by Plaintiff in the Complaint against Third-Party Plaintiff.  The circumstances that give rise to Third-Party

UBER TECHNOLOGIES, INC.'S THIRD-PARTY COMPLAINT        Case No. 3:23-cv-05870

Defendant's contractual duty to indemnify and defend are the subject of Plaintiff's Complaint against Third-Party Plaintiff.

11.     On January 14, 2022, Third-Party Defendant entered into a Platform Access Agreement ("PAA") with Rasier-DC, LLC.  This PAA governed Third-Party Defendant's "access to [Third-Party Plaintiff's] Platform . . . which facilitates [Third-Party Defendant's] provision of rideshare or peer-to-peer transportation service . . .  to account holders seeking to access certain types of P2P Service . . . ."  (**Exhibit A – Platform Access Agreement, Updated Jan. 1, 2022, p. 1**).  It further granted Third-Party Defendant "a non-exclusive, non-transferable, non-sublicensable, non-assignable license, during the term of this Agreement, to use our Platform" that was "[s]ubject to the terms and conditions of this Agreement."  (*Id.* ¶ **2.1**).  The PAA required the Third-Party Defendant, among other things, to comply with "all laws . . . that apply to [his] provision of Rides."  (*Id.* ¶ **2.2).**

12.     In connection with the PAA, Third-Party Defendant also entered into an Indemnity Agreement with Rasier-DC, LLC on July 13, 2021.  The Indemnity Agreement provides:

> To the maximum extent permitted by applicable law, you will indemnity, defend (at our option) and hold us and our affiliates and each of our and their respective officers, directors, employees, agents, or shareholders harmless from and against all claims, liabilities, expenses (including reasonable attorney's fees and related expenses), damages, penalties, fines, social security contributions and taxes ("*Losses*") asserted by a third party and arising out of or related to your breach or alleged breach of the Agreement or this Indemnity Agreement, your provision of Rides, your access to our Platform or your interaction with any third party.

**(Exhibit B—Indemnity Agreement, Updated Jan. 6, 2020, ¶ 1.1).**

13.     Both the PAA and the Indemnity Agreement provide that the law that governs the agreements is the law of the state where Third-Party Defendant resided when he accepted the agreements.  (**Ex. A, ¶ 12.7, Ex. B, ¶ 6**).  Based on information and belief, Third-Party Defendant resided in Florida.

14.     Plaintiff's Complaint alleges, among other things, conduct entitling Plaintiff to compensatory damages against Third-Party Plaintiff.  Specifically, Plaintiff's Complaint alleges that on or about December 4, 2022, while Third-Party Defendant was providing her a ride using the Uber App, Third-Party Defendant "put on a ski mask, grabbed her from behind, and brutally raped her." **(Pl.'s Original Compl. and Jury Demand, filed on November 14, 2023, United States District Court for the Northern District of California, Case No. 3:23-cv-05870, ¶¶177-79).**

15.     The damages alleged by Plaintiff arise out of or relate to Third-Party Defendant's alleged tortious or otherwise actionable conduct, which arises out of or relates to his breach of the PAA and the Indemnity Agreement with Third-Party Plaintiff, provision of rides, access to Third-Party Plaintiff's platform, and interaction with a third-party.

16.     Third-Party Defendant's alleged tortious or otherwise actionable conduct is therefore covered by the PAA and the Indemnity Agreement he entered into with Third-Party Plaintiff and gives rise to Third-Party Defendant's contractual duty to indemnify and defend.

17.     Third-Party Plaintiff denies liability for the events and occurrences described in Plaintiff's Complaint.

18.     Third-Party Defendant's alleged tortious or otherwise actionable conduct was the direct and proximate cause of the damages alleged by Plaintiff.

19.     As a result, if Third-Party Plaintiff is found in some manner liable to Plaintiff in this action under any theory of recovery, Third-Party Plaintiff alleges that its liability would be based solely upon a derivative form of liability not resulting from its conduct and, therefore, is entitled to complete indemnity from Third-Party Defendant.

20.     By reason of the foregoing, Third-Party Plaintiff is entitled to be fully defended and indemnified by Third-Party Defendant for any amounts that may in good faith be paid by way of compromise, settlement, or judgment. Additionally, Third-Party Plaintiff is entitled to all costs,

expenses, and attorneys' fees that Third-Party Plaintiff incurred in the defense of the underlying action brought by Plaintiff and the prosecution of this Third-Party Complaint.

## SECOND CAUSE OF ACTION

### (Contribution)[1]

21.     Third-Party Plaintiff incorporates herein each allegation set forth above.

22.     If Plaintiff has been injured or damaged as alleged in the Complaint, any such injuries or damages were directly and proximately caused and contributed to by the negligent or otherwise tortious conduct of Third-Party Defendant, such that Third-Party Defendant is a tortfeasor, originally liable to Plaintiff.

23.     The fault, acts, or omissions of Third-Party Plaintiff, if any, must be compared with the fault, acts, or omissions of Third-Party Defendant or any other persons or parties.

24.     Under the foregoing circumstances, any award of damages to Plaintiff pursuant to her claims in the Complaint must be apportioned to, and be paid by, Third-Party Defendant according to the relative degree of fault of Third-Party Defendant.

25.     As a result, if Third-Party Plaintiff is held liable to Plaintiff on any of the allegations made in the Complaint, Third-Party Defendant, to the extent of Third-Party Defendant's fault, is obligated to reimburse and will be liable to Third-Party Plaintiff for any liabilities so assessed by way of contribution.   Accordingly,   Third-Party   Plaintiff   asserts   herein   its   rights   to   such contribution.  Specifically, Third-Party Plaintiff asserts that Third-Party Defendant is obligated to pay its pro rata share of any judgment or settlement herein awarded in direct proportion to the amount of fault of the Third-Party Defendant.

---

[1] Third-Party Plaintiff recognizes that under Florida law a party cannot bring a contribution claim through a third-party complaint when the underlying negligence action is still pending.  Third-Party Plaintiff pleads contribution here only in the event that the Court determines a different state's law governs.  Additionally, Third-Party Plaintiff reserves their right to plead the fault of Third-Party Defendant as an affirmative defense to Plaintiff's Complaint.

-6-

## THIRD CAUSE OF ACTION

### (Declaratory Relief)

26.     Third-Party Plaintiff incorporates herein each allegation set forth above.

27.     Without in any way acknowledging any liability to Plaintiff, Third-Party Plaintiff alleges that, if Third-Party Plaintiff is ultimately held liable in this action, such liability will be the direct and proximate result of the negligent or otherwise actionable conduct of Third-Party Defendant.  As a result, Third-Party Plaintiff alleges that Third-Party Defendant is obligated to fully or partially indemnify Third-Party Plaintiff for the sums that it may be compelled to pay as a result of any damages, judgments, or other awards against Third-Party Plaintiff in this action, if any, and to pay Third-Party Plaintiff's attorneys' fees and costs incurred in defending against the claims of Plaintiff in this action and prosecuting the claims asserted by way of the Third-Party Complaint.

28.     Third-Party Plaintiff desires a judicial determination of the respective rights and duties of Third-Party Plaintiff and Third-Party Defendant with respect to the damages claimed in Plaintiff's Complaint.  In particular, Third-Party Plaintiff desires a declaration of the respective liabilities of Third-Party Plaintiff and Third-Party Defendant for such damages, if any, and a declaration of Third-Party Defendant's responsibilities to indemnify or provide contribution to Third-Party Plaintiff and to hold them harmless from any sums that it may be compelled to pay, and for the attorneys' fees and costs Third-Party Plaintiff has already incurred and will incur in defending against Plaintiff's claims and prosecuting the claims asserted by way of the Third-Party Complaint.

29.     Such a declaration is necessary and appropriate at this time to enable Third-Party Plaintiff to ascertain its rights and duties with respect to the defense of this action and the payment of any damages, judgment, or other awards that may be recovered against them by Plaintiff.  Furthermore, the claims of Plaintiff and the claims of Third-Party Plaintiff arise out of the same transaction and occurrence, and a determination of both in one proceeding is necessary and appropriate to avoid the

multiplicity of actions that would result if Third-Party Plaintiff is required to defend against the claims of Plaintiff in the Complaint and then bring a subsequent action against Third-Party Defendant for indemnification and contribution of sums that Third-Party Plaintiff may be compelled to pay as a result of any damages, judgments, or other awards recovered by Plaintiff against Third-Party Plaintiff, if any.

### **PRAYER**

Wherefore, Third-Party Plaintiff respectfully prays for the following judgment:

1.      For judgment against Third-Party Defendant on the First Cause of Action, awarding Third-Party Plaintiff total contractual indemnity for any amounts which may in good faith be paid by Third-Party Plaintiff to Plaintiff by way of compromise, settlement, or judgment;

2.      For judgment against Third-Party Defendant on the Second Cause of Action, in the form of contribution based on Third-Party Defendant's proportionate share of fault on any sums adjudged against Third-Party Plaintiff, if any, in favor of Plaintiff herein;

3.      For a judicial determination on the Third Cause of Action of the responsibilities of Third-Party Defendant to fully or partially indemnify or provide contribution to Third-Party Plaintiff and hold Third-Party Plaintiff harmless from any damages, judgment, or other awards that may be recovered against Third-Party Plaintiff by Plaintiff on the Complaint pursuant to principles of indemnity or contribution;

4.      For any other equitable decree or order required to apportion liability and damages, and ensure Third-Party Defendant reimburses Third-Party Plaintiff for any payments it makes to Plaintiff in excess of Third-Party Plaintiff's proportionate share of fault, if any;

5.      That Third-Party Plaintiff be awarded its attorneys' fees and costs incurred in this action to the extent permitted by law; and

6.      For any and such further relief as the Court may determine is just and proper.

UBER TECHNOLOGIES, INC.'S THIRD-PARTY COMPLAINT                    Case No. 3:23-cv-05870

1  DATED: December 17, 2024                Respectfully submitted,

2
                                           **SHOOK, HARDY & BACON L.L.P.**
3
                                           By: */s/ Maria Salcedo*
4                                             MARIA SALCEDO

5                                          MARIA SALCEDO (Admitted *Pro Hac Vice*)
                                              msalcedo@shb.com
6                                          **SHOOK, HARDY & BACON L.L.P.**
                                           2555 Grand Blvd.
7                                          Kansas City, MO 64108
                                           Telephone: (816) 474-6550
8                                          Facsimile: (816) 421-5547

9
                                           MICHAEL B. SHORTNACY (SBN: 277035)
10                                            mshortnacy@shb.com
                                           **SHOOK, HARDY & BACON L.L.P.**
11                                         2121 Avenue of the Stars, Ste. 1400
                                           Los Angeles, CA 90067
12                                         Telephone: (424) 285-8330
                                           Facsimile: (424) 204-9093
13

14
                                           PATRICK OOT (Admitted *Pro Hac Vice*)
15                                            oot@shb.com
                                           **SHOOK, HARDY & BACON L.L.P.**
16                                         1800 K St. NW Ste. 1000
                                           Washington, DC 20006
17                                         Telephone: (202) 783-8400
                                           Facsimile: (202) 783-4211
18

19                                         KYLE N. SMITH (*Pro Hac Vice* admitted)
                                              ksmith@paulweiss.com
20                                         JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
                                              jphillips@paulweiss.com
21                                         **PAUL, WEISS, RIFKIND, WHARTON**
                                             **& GARRISON LLP**
22                                         2001 K Street, NW
                                           Washington DC, 20006
23                                         Telephone: (202) 223-7300
                                           Facsimile:  (202) 223-7420
24

25                                         *Attorneys for Defendant*
                                           UBER TECHNOLOGIES, INC.,
26

27

28

UBER TECHNOLOGIES, INC.'S THIRD-PARTY COMPLAINT            Case No. 3:23-cv-05870