RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC
*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>Judge:    Honorable Charles Breyer |
| This Document Relates to:<br><br>*C.O. v. Uber Technologies, Inc., et al.*<br>Case No.: 3:24-cv-00136-CRB | |

## DEFENDANTS' THIRD-PARTY COMPLAINT

Defendants and Third-Party Plaintiffs Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" and "Third-Party Plaintiffs") by and through their attorneys, bring this Third-Party Complaint pursuant to Federal Rule of Civil Procedure 14 and hereby allege the following against Razik Moussaoui ("Third-Party Defendant"):

**GENERAL ALLEGATIONS**

1. Defendant and Third-Party Plaintiff Uber Technologies, Inc. is a California corporation that is registered with and conducts business within the State of California.

2. Defendant and Third-Party Plaintiff Rasier, LLC is a limited liability company that is registered with and conducts business within the State of California.

3. Defendant and Third-Party Plaintiff Rasier-CA, LLC is a limited liability company that is registered with and conducts business within the State of California.

4. Based on information and belief, Third-Party Defendant Razik Moussaoui is an individual residing in Chicago, Illinois.

5. Third-Party Plaintiffs Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC are Defendants in the above-entitled action wherein C.O. ("Plaintiff"), seeks damages for injuries allegedly caused by Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC and others, by way of Plaintiff's Original Complaint and Jury Demand, filed on January 8, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:24-cv-00136-CRB, and Plaintiff's Short-Form Complaint and Demand for Jury Trial, filed on April 8, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:24-cv-00136-CRB, which incorporates by reference the allegations made in the Master Long-Form Complaint filed on February 15, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB (collectively, the "Complaint"). Third-Party Plaintiffs incorporate the Complaint herein for reference, and deny any fault or liability for causing Plaintiff's alleged injuries or damages.

6. By way of the Complaint, Plaintiff seeks damages arising from an alleged sexual assault that purportedly occurred in Chicago, Illinois.

7. In the event that, as a result of the underlying action, it is determined that Plaintiff is entitled to recover from Third-Party Plaintiffs, and there have been acts or omissions for which Third-Party Plaintiffs are responsible or liable, said acts or omissions were caused by the primary and active tortious or otherwise actionable conduct of Third-Party Defendant.

## JURISDICTION

8. This Court has jurisdiction of the underlying action under 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000, exclusive of interest and costs, and because the underlying action is between citizens of different states.

9. This Court has jurisdiction over this Third-Party Complaint pursuant to 28 U.S.C. § 1367(a) because the Third-Party Complaint shares a common nucleus of operative facts with the underlying action so that the Third-Party Complaint is so related to the underlying action as to form part of the same case or controversy.

## DIVISIONAL ASSIGNMENT

10. Assignment in the Northern District of California, San Francisco Division, is appropriate because the Judicial Panel on Multidistrict Litigation assigned the *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation* to this Court for consolidated pretrial proceedings pursuant to 28 U.S.C. section 1407 and the underlying action was directly filed in the Northern District of California. *See* Case No. 3:23-md-03084-CRB, Dkt. 1 ("Transfer Order"), Dkt. 177 ("Stipulated Pretrial Order No. 6: Direct Filing").

## FIRST CAUSE OF ACTION

**(Express/Contractual Indemnity)**

11. Third-Party Plaintiffs incorporate by reference all preceding paragraphs as if fully set forth herein.

12. Third-Party Defendant entered into multiple written agreements with Third-Party Plaintiffs. Those agreements outline the respective rights and responsibilities relating to Third-Party Defendant's use of the Uber App. Of particular relevance here, Third-Party Defendant agreed to indemnify and defend Third-Party Plaintiffs, including with respect to claims such as those asserted by Plaintiff in the underlying Complaint against Third-Party Plaintiffs. The circumstances that give rise to Third-Party Defendant's contractual duty to indemnify and defend are the subject of Plaintiff's Complaint against Third-Party Plaintiffs.

13. Third-Party Defendant entered into a Platform Access Agreement ("PAA") with Rasier, LLC on January 19, 2022. This PAA governed Third-Party Defendant's "access to [Third-Party Plaintiffs'] Platform . . . which facilitates [Third-Party Defendant's] provision of rideshare or peer-to-peer transportation service . . . to account holders seeking to access certain types of P2P Service . . . ." **(Exhibit A – Platform Access Agreement, updated Jan. 1, 2022, p. 1)**. It further granted Third-Party Defendant "a non-exclusive, non-transferable, non-sublicensable, non-assignable license, during the term of this Agreement, to use our Platform" that was "[s]ubject to the terms and conditions of this Agreement." **(*Id.* ¶ 2.1)**. The PAA required Third-Party Defendant, among other things, to comply with "all laws . . . that apply to [his] provision of Rides." **(*Id.* ¶ 2.2)**.

14. In connection with the PAA, Third-Party Defendant also entered into an Indemnity Agreement with Rasier, LLC on January 7, 2020. The Indemnity Agreement provides:

> To the maximum extent permitted by applicable law, you will indemnify, defend (at our option) and hold us and our affiliates and each of our and their respective officers, directors, employees, agents, or shareholders harmless from and against all claims, liabilities, expenses (including reasonable attorney's fees and related expenses), damages, penalties, fines, social security contributions and taxes ("*Losses*") asserted by a third party and arising out of or related to your breach or alleged breach of the Agreement or this Indemnity Agreement, your provision of Rides, your access to our Platform or your interaction with any third party.

**(Exhibit B—Indemnity Agreement, updated Jan. 6, 2020, ¶ 1.1)**.

15. The PAA and the Indemnity Agreement provide that the law that governs the agreements is the law of the state where Third-Party Defendant resided when he entered into the agreements. **(Ex. A, ¶ 12.7, Ex. B, ¶ 6)**. Based on information and belief, Third-Party Defendant resided in Illinois.

16. Plaintiff's Complaint alleges, among other things, conduct entitling Plaintiff to compensatory damages against Third-Party Plaintiffs. Specifically, Plaintiff's Complaint alleges that on or about August 14, 2022, while Third-Party Defendant was providing her a ride using the Uber App, Third-Party Defendant, upon arriving at Plaintiff's destination, "refused to let Plaintiff leave the Vehicle until Plaintiff gave him her phone number and a kiss. As Plaintiff was exiting the Vehicle, [Third-Party Defendant] grabbed and forcibly kissed Plaintiff. Plaintiff feared for her safety and quickly entered her home. The next day, [Third-Party Defendant] texted Plaintiff and admitted to the unwanted contact." **(Pl.'s Compl. For Damages and Demand for Jury Trial, filed on January 8, 2024, United States District Court for the Northern District of California, San Francisco Division, Case No. 3:24-cv-00136-CRB, ¶¶ 66-68; Pl.'s Short-Form Compl. And Demand for Jury Trial, filed on April 8, 2024, United States District Court for the Northern District of California, San Francisco Division, Case No. 3:24-cv-00136-CRB, ¶ C.1 ("The Plaintiff was sexually assaulted, harassed, battered, or otherwise attacked by [Third-Party Defendant] in connection with a ride facilitated on the Uber platform in Cook County, Illinois on August 14, 2022."))**.

17. The damages alleged by Plaintiff arise out of or relate to Third-Party Defendant's alleged tortious or otherwise actionable conduct, which arises out of or relates to his breach of the PAA and the Indemnity Agreement with Third-Party Plaintiffs, provision of rides, access to Third-Party Plaintiffs' platform, and interaction with a third party.

-5-

UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC's
THIRD-PARTY COMPLAINT                                              Case No. 3:24-cv-00136-CRB

18. Third-Party Defendant's alleged tortious or otherwise actionable conduct is therefore covered by the agreements to indemnify Third-Party Plaintiffs and gives rise to Third-Party Defendant's contractual duty to indemnify and defend.

19. Third-Party Plaintiffs deny liability for the events and occurrences described in Plaintiff's Complaint.

20. Third-Party Defendant's alleged tortious or otherwise actionable conduct was the direct and proximate cause of the damages alleged by Plaintiff.

21. As a result, if Third-Party Plaintiffs are found in some manner liable to Plaintiff in this action under any theory of recovery, Third-Party Plaintiffs allege that their liability would be based solely upon a derivative form of liability not resulting from their conduct and, therefore, are entitled to complete indemnity from Third-Party Defendant.

22. By reason of the foregoing, Third-Party Plaintiffs are entitled to be fully defended and indemnified by Third-Party Defendant for any amounts which may in good faith be paid by way of compromise, settlement, or judgment. Additionally, Third-Party Plaintiffs are entitled to all costs, expenses, and attorneys' fees that Third-Party Plaintiffs incurred in the defense of the underlying action brought by Plaintiff and the prosecution of this Third-Party Complaint.

## SECOND CAUSE OF ACTION

### (Implied Indemnity)

23. Third-Party Plaintiffs incorporate herein each allegation set forth above. In the alternative to Third-Party Plaintiffs' First Cause of Action, if the Court were to find that Third-Party Plaintiffs are not entitled to express contractual indemnity from Third-Party Defendant, Third-Party Plaintiffs allege that they are entitled to implied indemnity from Third-Party Defendant.

24. Plaintiff's Complaint alleges, among other things, that Third-Party Plaintiffs are vicariously liable for Third-Party Defendant's conduct.

25. Third-Party Plaintiffs deny any relationship giving rise to vicarious liability for Third-Party Defendant's conduct.

26. If Third-Party Plaintiffs are held vicariously liable for Third-Party Defendant's conduct, any such pretort relationship giving rise to vicarious liability also gives rise to implied indemnity under Illinois law.

27. Third-Party Plaintiffs deny liability for the events and occurrences described in Plaintiff's Complaint, and, if Plaintiff has been injured or damaged as alleged in the Complaint, any such injuries or damages were directly and proximately caused and contributed to by the negligence or other tortious conduct of Third-Party Defendant.

28. As a result, if Third-Party Plaintiffs are found in some manner liable to Plaintiff in this action under any theory of recovery, Third-Party Plaintiffs allege that their liability would be based solely upon a derivative form of liability not resulting from their conduct, and, therefore, are entitled to complete indemnity from Third-Party Defendant.

29. Under the foregoing circumstances, Third-Party Plaintiffs are entitled to be fully indemnified by Third-Party Defendant for any amounts which may in good faith be paid by way of compromise, settlement, or judgment. Additionally, Third-Party Plaintiffs are entitled to all costs, expenses, and attorneys' fees that Third-Party Plaintiffs incurred in the defense of the underlying action brought by Plaintiff and the prosecution of this Third-Party Complaint.

## THIRD CAUSE OF ACTION

**(Contribution under 740 ILCS 100/2)**

30. Third-Party Plaintiffs incorporate herein each allegation set forth above.

31. If Plaintiff has been injured or damaged as alleged in the Complaint, any such injuries or damages were directly and proximately caused and contributed to by the negligence or other tortious

conduct of Third-Party Defendant, such that Third-Party Defendant is subject to liability in tort to Plaintiff.

32. At the time of the incident alleged in the Complaint, there was in full force and effect in the State of Illinois a statute entitled "Joint Tortfeasor Contribution Act." 740 ILCS 100/0.01, *et. seq*.

33. The fault, acts, or omissions of Third-Party Plaintiffs, if any, must be compared with the fault, acts, or omissions of Third-Party Defendant or any other persons or parties.

34. Moreover, any award of damages to Plaintiff pursuant to her claims in the Complaint must be apportioned to, and be paid by, Third-Party Defendant according to the degree of Third-Party Defendant's fault, acts, or omissions.

35. Therefore, if Third-Party Plaintiffs are held liable to Plaintiff on any of the allegations made in the Complaint, Third-Party Defendant is obligated to reimburse Third-Party Plaintiffs to the extent of Third-Party Defendant's pro rata share of common liability and will be liable to Third-Party Plaintiffs for any liabilities so assessed by way of contribution. Accordingly, Third-Party Plaintiffs assert herein their rights to such contribution pursuant to the Joint Tortfeasor Contribution Act. Specifically, Third-Party Plaintiffs assert that Third-Party Defendant is obligated to provide an equitable contribution to any judgment or settlement herein awarded in direct proportion to his pro rata share of common liability.

## FOURTH CAUSE OF ACTION

### (Declaratory Relief)

36. Third-Party Plaintiffs incorporate herein each allegation set forth above.

37. Without in any way acknowledging any liability to Plaintiff, Third-Party Plaintiffs allege that, if Third-Party Plaintiffs are ultimately held liable in this action, such liability will be the direct and proximate result of the negligent or otherwise actionable conduct of Third-Party Defendant. As a result, Third-Party Plaintiffs allege that Third-Party Defendant is obligated to fully or

partially indemnify Third-Party Plaintiffs for the sums that they may be compelled to pay as a result of any damages, judgments, or other awards against Third-Party Plaintiffs in this action, if any, and to pay Third-Party Plaintiffs' attorneys' fees and costs incurred in defending against the claims of Plaintiff in this action and prosecuting the claims asserted by way of the Third-Party Complaint.

38. Third-Party Plaintiffs desire a judicial determination of the respective rights and duties of Third-Party Plaintiffs and Third-Party Defendant with respect to the damages claimed in Plaintiff's Complaint. In particular, Third-Party Plaintiffs desire a declaration of the respective liabilities of Third-Party Plaintiffs and Third-Party Defendant for such damages, if any, and a declaration of Third-Party Defendant's responsibilities to indemnify Third-Party Plaintiffs and to hold them harmless from any sums that they may be compelled to pay, and for the attorneys' fees and costs Third-Party Plaintiffs have already incurred and will incur in defending against Plaintiff's claims and prosecuting the claims asserted by way of the Third-Party Complaint.

39. Such a declaration is necessary and appropriate at this time to enable Third-Party Plaintiffs to ascertain their rights and duties with respect to the defense of this action and the payment of any damages, judgment, or other awards that may be recovered against them by Plaintiff. Furthermore, the claims of Plaintiff and the claims of Third-Party Plaintiffs arise out of the same transaction and occurrence, and a determination of both in one proceeding is necessary and appropriate to avoid the multiplicity of actions that would result if Third-Party Plaintiffs are required to defend against the claims of Plaintiff in the Complaint and then bring a subsequent action against Third-Party Defendant for indemnification and contribution of sums that Third-Party Plaintiffs may be compelled to pay as a result of any damages, judgments, or other awards recovered by Plaintiff against Third-Party Plaintiffs, if any.

**PRAYER**

Wherefore, Third-Party Plaintiffs respectfully pray for the following judgment:

1. For judgment against Third-Party Defendant on the First Cause of Action, awarding Third-Party Plaintiffs total contractual indemnity for any amounts which may in good faith be paid by Third-Party Plaintiffs to Plaintiff by way of compromise, settlement, or judgment;

2. For judgment against Third-Party Defendant on the Second Cause of Action, awarding Third-Party Plaintiffs complete indemnity for any sum Third-Party Plaintiffs must pay to Plaintiff;

3. For judgment against Third-Party Defendant on the Third Cause of Action, in the form of contribution based on Third-Party Defendant's pro rata share of liability of any sums adjudged against Third-Party Plaintiffs, if any, in favor of Plaintiff herein;

4. For a judicial determination on the Fourth Cause of Action of the responsibilities of Third-Party Defendant to fully or partially indemnify and hold Third-Party Plaintiffs harmless from any damages, judgment, or other awards that may be recovered against Third-Party Plaintiffs by Plaintiff on the Complaint pursuant to principles of indemnity or contribution;

5. For any other equitable decree or order required to apportion liability and damages, and ensure Third-Party Defendant reimburses Third-Party Plaintiffs for any payments they make to Plaintiff in excess of Third-Party Plaintiffs' proportionate share of fault, if any;

6. That Third-Party Plaintiffs be awarded their attorneys' fees and costs incurred in this action to the extent permitted by law; and

7. For any and such further relief as the Court may determine is just and proper.

DATED: December 18, 2024                Respectfully submitted,

                                            **SHOOK HARDY & BACON L.L.P.**

                                            By: */s/ Maria Salcedo*
                                                MARIA SALCEDO

                                            MARIA SALCEDO (Admitted *Pro Hac Vice*)
                                                msalcedo@shb.com
                                            **SHOOK, HARDY & BACON L.L.P.**

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC's
THIRD-PARTY COMPLAINT     Case No. 3:24-cv-00136-CRB