PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

| | |
|---|---|
| NEW YORK | LOS ANGELES |
| BEIJING | SAN FRANCISCO |
| BRUSSELS | TOKYO |
| HONG KONG | TORONTO |
| LONDON | WILMINGTON |

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

December 18, 2024

**VIA ECF**

Magistrate Judge Lisa J. Cisneros
United States District Court for the Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

Dear Judge Cisneros,

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' overdue fact sheets. The Plaintiffs identified in Exhibit A to the declaration of Kyle Smith have not submitted fact sheets within the deadlines prescribed under the Court's orders. Decl. of Kyle Smith ("Smith Decl.") Ex. A ("List of Cases with Overdue Fact Sheets"). Uber seeks an additional order compelling these Plaintiffs to submit their Plaintiff Fact Sheets within two weeks, and providing that if Plaintiffs do not comply with the order, Uber may make an application to the Court seeking dismissal of the Plaintiffs' claims based on failure to comply with the Court's discovery orders.

## I. Uber's Position

This dispute could not be simpler. As further explained below, the Court has ordered each Plaintiff to submit a verified, substantially complete Plaintiff Fact Sheet ("PFS"). 84 Plaintiffs represented by Levin Simes LLP ("Levin Simes") have completely disregarded the deadlines set by Court orders for submission of Plaintiff Fact Sheets. Even many weeks after the deadlines came and went, these 84 Plaintiffs *still* have not complied (or even attempted to comply) with the Court-ordered (and extended) deadlines, having failed to submit a PFS. An order compelling Plaintiffs to submit the overdue discovery and providing that non-compliance with the Court's orders may result in dismissal is plainly warranted.

Pretrial Order No. 10 ("PTO 10") requires each Plaintiff to submit a substantially complete PFS. PTO 10, Dkt. No. 348, at 4. PTO 10 requires each Plaintiff who joined the MDL on or before March 26, 2024 to submit the substantially complete PFS by no later than May 25, 2024— i.e., 60 days after March 26, 2024. PTO 10 at 5. Each Plaintiff who joins the MDL after March 26, 2024 must submit their PFS within 30 days of their case being filed in, removed to, or

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Cisneros                                                                                 2

transferred to MDL 3084. *Id.* at 6. Uber and Levin Simes filed a stipulation on November 1, 2024 acknowledging these deadlines. Dkt. No. 1819 at 3.

Levin Simes requested a courtesy extension of the deadline to submit a PFS for certain Plaintiffs, and Uber assented to that request, as reflected in the stipulation.[1] The stipulation thus provides that a PFS "for any Levin Simes Plaintiff who joined the MDL by September 2, 2024 and submitted a Pretrial Order No. 5 information sheet in lieu of a bona fide ride receipt is due on November 15, 2024." *Id.* at 4. The Court adopted this stipulation on November 8, 2024. Dkt. No. 1856 at 7.

Approximately 100 Plaintiffs represented by Levin Simes failed to submit their fact sheets by November 15 as required either under the parties' stipulation or under PTO 10 if the stipulation did not apply.[2] On November 20, 2024, Uber sent Levin Simes a list of 100 cases where Plaintiffs had failed to produce a PFS within the Court-ordered deadlines. Smith Decl., Ex. B. Uber requested that Plaintiffs provide the overdue fact sheets by December 4, 2024—19 days after the November 15 deadline in the parties' stipulation. *Id.* As of the date of this letter, and notwithstanding that further meet and confer process, 84 out of those 100 Plaintiffs *still* have not submitted fact sheets.

As detailed in the List of Cases with Overdue Fact Sheets, 81 Plaintiffs represented by Levin Simes were required to submit a PFS by November 15 pursuant to the parties' stipulation and have still failed to do so. Uber has granted these Plaintiffs months of extra time to comply with PTO 10, but the Plaintiffs *still* have refused to comply with the Court's orders to submit this information, despite the massively-extended deadlines. There are also three additional Plaintiffs represented by Levin Simes who filed their actions in federal court after the date of the parties' stipulation regarding fact sheet deadlines, and who failed to produce a PFS on a timely basis in accordance with PTO 10's deadline to submit the fact sheet within 30 days of joining the MDL.

Although Plaintiffs' obligations and due dates are, and always have been, crystal clear under PTO 10 and the parties' stipulation, Plaintiffs have not complied. Uber therefore requests an additional order compelling the Plaintiffs identified in the List of Cases with Overdue Fact Sheets to produce a substantially complete PFS within two weeks.

It is especially imperative that Plaintiffs provide verified, substantially complete fact sheets *now*, given that the Court has directed the parties to submit selections for bellwether cases on February 14, 2025, less than two months away. Pretrial Order No. 21, Dkt. No. 1950, at 4. Excusing Plaintiffs' failure to provide verified fact sheets on the basis of Plaintiffs' vague promise to provide the discovery at some undefined point in the future, if they are ever able to do so, would

---

[1] Uber and Levin Simes first met and conferred regarding the extension of the PFS deadlines for these Plaintiffs on September 5, 2024. Smith Decl. ¶ 3. The parties met and conferred again on September 13, 2024, and on October 25, 2024. *Id.*

[2] Uber and Levin Simes met and conferred to discuss Plaintiffs who would not be submitting fact sheets by the November 15 deadline on that day. Smith Decl. ¶ 4. Uber and Levin Simes met and conferred again regarding these Plaintiffs on December 9, 2024. *Id.*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Cisneros                                                                    3

(among other things) be plainly prejudicial to Uber's ability to review Plaintiffs' filings and select representative bellwethers for the litigation as a whole.

In other words, the parties are at an "important milestone in the litigation" and "plaintiffs are nowhere to be found."  Aug. 8, 2024 Disc. Status Conf. Tr. at 34:9–11.  Plaintiffs' position is that the Court should not take up the issue and should turn a blind eye to Plaintiffs' extended violation of the deadlines set in PTO 10 and in the stipulation the Court adopted.  As the Court previously articulated:

> "[T]he cases that . . . are real need to be worked up and, obviously, advanced and **those where plaintiffs have . . . just gotten cold feet and they don't want to proceed . . . .  Those cases should be terminated** and . . . they shouldn't be part of the universe of cases that the litigants that Uber and . . . plaintiffs and the Courts are . . . working on."

*Id.* at 34:15–22 (emphasis added).  An additional order requiring the Plaintiffs identified in the List of Cases with Overdue Fact Sheets to provide verified, substantially complete fact sheets within two weeks would separate the two types of cases for the parties and the Court and provide a path forward.[3]

## II.      Plaintiffs' Position

Uber's request for an order compelling these particular clients to file facts sheets within two weeks or face dismissal of their case, should be denied. For the reasons set forth below, we believe Uber's request for relief is too extreme. As Your Honor will see, we have been working in good faith to provide all of the fact sheets and will continue to do so. We suggest that we provide an update to the Court in thirty days. We believe this approach is reasonable for the following reasons.

First, for all of these clients, we have already informally provided the following information, where possible, to Uber: city of incident, date of incident, pick up location and drop off location, account identifying information, whether the client reported the assault to Uber, the date the client reported the assault to Uber, whether the client reported the assault to the police, the date the client reported the assault to the police, whether the client sought medical treatment after the assault, and whether the client sought therapy.

---

[3] Although the Court need not resolve this issue now, Uber's position is that the case of any Plaintiff who fails to comply with the additional order Uber is requesting should be dismissed with prejudice.  *See In re Phenylpropanolamine Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232–34 (9th Cir. 2006) (affirming dismissal of cases with prejudice for failure to submit timely fact sheets notwithstanding plaintiffs' arguments regarding "the difficulty in locating clients" and "the debilitating nature of the injuries at issue"); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal with prejudice for failure to submit required fact sheets).  Uber requests that any additional order the Court grants compelling Plaintiffs to submit their fact sheets specifies that the failure to comply may result in dismissal with prejudice, and provides that Uber may make an application to Judge Breyer seeking an order of dismissal based on noncompliance with the Court's discovery orders.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Cisneros                                                                              4

Second, it is important to note that these particular cases were initially filed on a timely basis in California state court. Thereafter, Uber brought a successful *forum non convienens* motion asserting that a suitable and superior alternative forum existed in either federal court or the state where the incident occurred. After exhausting all appellate remedies, and in order to participate in this MDL, these clients expediting the filing of their cases in the Northern District pursuant to the Court's June 26, 2024 order, which set the August 26, 2024 filing cut-off date for MDL participation by Plaintiffs who originally filed in the JCCP. No other claimants were required to bring their case by this deadline. Now, less than four months later, Uber is threatening to seek a dismissal with prejudice for these same clients who could have riled in either federal court or state court <u>after</u> August 26, 2024. Additionally, as a direct consequence of this push to get everything filed by August 26, 2024, Levin Simes filed 274 cases over a two-week period into the MDL at the end of August, creating a situation where there were suddenly 364 cases with Plaintiff Fact Sheets due.

Given the large volume of clients with Plaintiff Fact Sheets due, we tried to work with Uber to create a schedule for getting the Plaintiff Fact Sheets to them. We have been transparent with Uber about the fact that there may be certain clients that will take longer to reach and to submit their fact sheet. Indeed, upon agreeing to the deadlines, we specifically stated that we can meet and confer about a subset of the clients who will need more time to complete their fact sheet. Additionally, the parties agreed in the stipulation "the parties have agreed that these deadlines may be subject to revision based on further discussion and agreement amongst the parties (or, in the absence of agreement, via application to the Court) about why changed circumstances (e.g., a significant additional volume of filings of cases by other law firms) may warrant further adjustment to the deadlines." (Doc. 1819.) Uber has failed to meaningfully meet and confer on this issue. For example, on November 15, 2024, we informed Uber that there are certain clients who would be unable to meet the November 15, 2024 deadline, and offered to provide partial Plaintiff Fact Sheets of these clients. Uber did not respond to this offer. On December 9, 2024, Uber informed us that they intended to move forward with their request to the Court to compel fact sheets from these Plaintiffs.

Third, Uber wrongly presents this issue as one of refusal by the clients to fill out a fact sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. For reasons that are unclear to us, our firm has been unsuccessful in reaching them to obtain the information and authorizations required by the Plaintiff Fact Sheet.

The context is important here. In the vast majority of cases, these clients were assaulted and retained our firm several years ago. We have been engaged to represent these women, were provided with basic information about their cases but have been unable to reach the clients for an extended period of time, despite our best efforts. There are many reasons why these victims of sexual assault could be unresponsive at this point. Possible reasons include change of address, change of phone number, health problems in their life or in a family member's life, trauma from the incident itself, family emergencies, etc. It is a priority for us to reach these clients and to get the information to Uber. In an effort to reach these Plaintiffs to serve complete and verified Plaintiff Fact Sheets on Uber, our office made numerous phone calls, sent emails, texts, and written letters, conducted address searches, and even employed an investigator to trace new contact

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Magistrate Judge Cisneros                                                                                    5

information for these individuals. And for certain clients these efforts have been successful, as is evidenced by a twenty percent reduction in the number of clients that are at issue here.

Clearly, if we are never able to re-engage with certain clients, those clients will be unable to ultimately proceed. However, in our experience, it is likely that we will be able to reach many of these clients. That said, since their cases are stayed, and since they appear to be unaware that their fact sheets are overdue, we do not believe a two-week deadline to compel is appropriate. Further, this deadline is inapt at this time because of the parties' lack of substantive meet and confer efforts about these Plaintiffs, as well as in terms of timing as it is the holidays and the fact sheets require Plaintiffs to answer questions related to a traumatic incident. Additionally, these clients may not know that their fact sheets are overdue because our firm does not have a currently accurate email or phone number for these clients.

Finally, Uber's argument that they are prejudiced in their bellwether selection evaluation wholly ignores the fact that our office has already informally provided additional information to Uber and offered to provide a partial fact sheet with all the information that we have for these clients. In other words, with respect to these clients, the Parties are on equal footing in terms of the facts related to a particular case in terms of bellwether selection and representativeness.

It is also worth noting that Uber brought a similar request in the JCCP before Judge Schulman which was denied. Similarly, here, a two-week deadline as a precursor to a dismissal with prejudice of these cases at this juncture is prejudicial and premature, as it would ultimately equate to summary judgment. At this time, we suggest that we provide an update to the Court in thirty days regarding our progress with these clients, and that the Parties continue to meet and confer.

Respectfully submitted,

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

By: */s/ Kyle Smith*
Kyle Smith
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7407
ksmith@paulweiss.com

cc:      All Counsel of Record via ECF