RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 1951]**<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]
Case No. 3:23-MD-3084-CRB

1    **DEFENDANTS' STATEMENT IN SUPPORT OF SEALING**

2    **CONFIDENTIAL MATERIALS**

3    Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this

4    case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc.,

5    Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of

6    Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed

7    Under Seal, dated December 12, 2024, ECF 1951 ("Plaintiffs' Motion").

8    **I.    BACKGROUND AND REQUESTED SEALING**

9    Plaintiffs' Motion concerns one document:

| Document | Description | Designating Party |
|---|---|---|
| Portion of Ex. A to Ellis Declaration ISO Joint Discovery Letter | Redactions to exhibit containing confidential privilege log entries with personal identifying information (PII). | Uber |

14    The document at issue is an exhibit containing entries to a confidential privilege log.  The

15    redacted portions of this document consist of personal identifying information, namely non-public

16    email addresses of Uber employees.  *See* Cummings Decl. ¶¶ 2-3.  Disclosure of the document would

17    harm the privacy interests of these individuals.  Uber therefore submits this statement requesting that

18    the Court seal the un-redacted version of this document under Local Rule 79-5(f)(3).

19    **II.    LEGAL STANDARD**

20    Documents which do not relate directly to the merits of a case are properly sealed when a

21    moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

22    *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations

23    and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02

24    (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing

25    an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression,

26    or undue burden or expense." Fed. R. Civ. P. 26(c).

27    The document here is related to a brief on privilege disputes; it is not produced in relation to a

28
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]
Case No. 3:23-MD-3084-CRB

1    dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google*

2    *LLC*, No. 20-cv-03664-YGR (SVK), 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, No. 17-

3    cv-07082-BLF 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard

4    applies. Discovery motion materials "are actually one step further removed in public concern from

5    the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts

6    have discretion to balance the interests of private parties and public disclosure when deciding to seal

7    documents. *Kamakana*, 447 F.3d at 1180.

8        "Courts in this circuit routinely seal email addresses and other personal identifying information

9    under the compelling reasons standard due to the potential privacy harm to the individual whose

10   contact information may be exposed." *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL

11   7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586-

12   JSC, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons

13   to seal customer names, … as well as employee email addresses").

14   **III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

15       The document at issue is an exhibit containing entries to a confidential privilege log. The

16   redacted portions of this document consist of personal identifying information, namely non-public

17   email addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-3. Uber has a legitimate interest in

18   sealing the un-redacted version of the document in order to avoid harm to the privacy interests of these

19   individuals. There are no less restrictive alternatives to sealing the document as the document has

20   already been narrowly redacted. *See id.*

21       **A.  Failing to Seal the Documents Would Harm Uber**

22       **Portions of Ex. A to Ellis Declaration ISO Joint Discovery Letter:**

23       The document at issue is an exhibit containing entries to a confidential privilege log. This

24   exhibit was used by Plaintiffs in the joint letter brief on privilege disputes submitted pursuant to PTO

25   20 (ECF 1952). The redacted portions of this document consist of personal identifying information,

26   namely non-public email addresses of Uber employees. *Jones*, 2023 WL 7434197, at *2; *In re Pac.*

27   *Fertility Ctr. Litig.*, 2021 WL 1082843, at *2. No other redactions were made to this document. This

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]
Case No. 3:23-MD-3084-CRB

1  Court has previously permitted similar redactions of employee addresses on privilege logs. (ECF

2  1947; ECF 1858 at 7-8)

3  **A Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

4  The document has already been redacted, and the redacted version filed on the docket (ECF

5  1952-2). No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings

6  Decl. ¶¶ 2-3. Actions short of sealing the documents would not protect the legitimate privacy interests

7  of Uber employees.

8  **IV.    CONCLUSION**

9  For the foregoing reasons, Uber respectfully requests that the Court order that the un-redacted

10  version of the document listed above be maintained under seal.

11

12  DATED: December 19, 2024                    Respectfully submitted,

13                                              **SHOOK HARDY & BACON L.L.P.**

14                                              By: */s/ Michael B. Shortnacy*
                                                    MICHAEL B. SHORTNACY
15

16                                              MICHAEL B. SHORTNACY (SBN: 277035)
                                                    mshortnacy@shb.com
                                                **SHOOK, HARDY & BACON L.L.P.**
17                                              2121 Avenue of the Stars, Ste. 1400
                                                Los Angeles, CA 90067
18                                              Telephone: (424) 285-8330
                                                Facsimile: (424) 204-9093
19
                                                PATRICK OOT (Admitted *Pro Hac Vice*)
20                                                  oot@shb.com
                                                **SHOOK, HARDY & BACON L.L.P.**
21                                              1800 K St. NW Ste. 1000
                                                Washington, DC 20006
22                                              Telephone: (202) 783-8400
                                                Facsimile: (202) 783-4211
23
                                                KYLE N. SMITH (*Pro Hac Vice* admitted)
24                                                  ksmith@paulweiss.com
                                                JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
25                                                  jphillips@paulweiss.com
                                                **PAUL, WEISS, RIFKIND, WHARTON**
26                                                  **& GARRISON LLP**
                                                2001 K Street, NW
27                                              Washington DC, 20006

28
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]
Case No. 3:23-MD-3084-CRB

1

Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

2

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,

3

RASIER, LLC, and RASIER-CA, LLC

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]
Case No. 3:23-MD-3084-CRB