RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATION MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]

Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings, having personal knowledge of the following state:

1.      I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.  I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF No. 1951.

2.      I have reviewed Exhibit A to the declaration of Tiffany Ellis in support of the joint letter brief on privilege disputes (ECF 1952-2).  It is an exhibit containing entries from Uber's confidential privilege logs for documents at issue in the joint letter brief on privilege disputes submitted pursuant to PTO 20 (ECF 1952).  The redacted portions of this document consist of personal identifying information, namely non-public email addresses of Uber employees on the privilege log. No other information on this exhibit has been redacted.  The domain portion of the email addresses ("@Uber.com") has not been redacted.  Under these circumstances, there is no legitimate interest in the public disclosure of non-public email addresses of individual Uber employees.  Disclosing this information on a public docket risks these individuals being sent spam and other unsolicited communications they would have not otherwise received, interfering with the effectiveness and efficiency of their communications and work, and potentially presenting other cyber security risks for accounts associated with those email addresses.  *Jones v. PGA Tour, Inc.*, No. 22-CV-04486-BLF, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, No. 18-CV-01586-JSC, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").  This Court

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]

Case No. 3:23-MD-3084-CRB

has previously permitted similar redactions of employee addresses on privilege logs.  (ECF 1947; ECF 1858 at 7-8)

3. The disclosure of the above-described document could harm the privacy interests of these individuals.  No less restrictive alternative to sealing the un-redacted document would protect the legitimate privacy interests of Uber employees as an un-redacted version of the document has already been filed on the docket (ECF 1952-2).

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 19, 2024.                    By: */s/ Daniel Cummings*

Daniel Cummings

3

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 1951]

Case No. 3:23-MD-3084-CRB