UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER REGARDING UNTIMELY PLAINTIFF FACT SHEETS FROM LEVIN SIMES CLIENTS**<br><br>Re: Dkt. No. 1988 |

Uber and certain plaintiffs have filed a joint discovery letter on December 19, 2024 addressing overdue Plaintiff Fact Sheets (PFSs) for around eighty plaintiffs represented by the Levin Simes law firm. Dkt. No. 1988.[1] Most of the plaintiffs at issue filed their complaints in this multidistrict litigation around the time of the August 26, 2024 deadline for refiling cases that had previously been part of the California court JCCP proceeding, and were governed by a November 1, 2024 stipulation to extend the deadline for their PFSs from thirty days after the filing of their complaints to November 15, 2024. *See* Dkt. No. 1988-2. Although Levin Simes has by now served many of the PFSs governed by that stipulation, around eighty remain outstanding more than a month after that deadline. Levin Simes asserts that it has been unable to contact the plaintiffs at issue, despite extensive efforts to do so. Dkt. No. 1988 at 4–5.

Uber seeks a final deadline of two weeks for these plaintiffs to serve their PFSs, with the expectation that Judge Breyer would dismiss any cases where a plaintiff fails to meet that deadline. *Id.* at 3 & n.3. (Whether that deadline would run from the date of the parties' letter or the date of the Court's order resolving it is not entirely clear.) Levin Simes does not propose any

---

[1] An earlier version of the joint letter filed December 18, 2024 omitted Plaintiffs' counsel's signature, apparently due to an oversight. Dkt. No. 1983.

1   new deadline for the plaintiffs whose PFSs remain overdue, but instead suggests that the parties
2   check back with the Court in thirty days. *Id.* at 5.
3       Judge Breyer has now set a deadline of February 14, 2025 for the parties to submit their
4   bellwether case selections. Although Levin Simes has offered to provide Uber with partial fact
5   sheets with the information it has available for the plaintiffs at issue, that information falls short of
6   the scope that Judge Breyer previously found to be warranted. *See* Dkt. No. 348 (Pretrial Order
7   No. 10, approving the scope of the PFS form); Dkt. No. 1877 at 2–3 (addressing the importance of
8   *verified* PFS responses). Under this Court's and Judge Breyer's previous orders, Uber is entitled
9   to complete, verified, and timely PFSs from these plaintiffs to inform its bellwether selections.
10      Excusing failure to provide timely and complete PFSs at this stage of the case invites
11  potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as
12  bellwethers. Even for the (presumably) vast majority of plaintiffs at issue who have not acted in
13  bad faith but simply failed to provide counsel with current contact information or overlooked
14  counsel's repeated efforts to contact them, the Ninth Circuit has "made it abundantly clear . . . that
15  litigants must make some reasonable effort to remain in contact with their attorneys and apprised
16  of the status of their cases." *Virtual Vision, Inc. v. Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145
17  (9th Cir. 1997); *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217,
18  1233 (9th Cir. 2006) (addressing failure to complete fact sheets). Even if a case is stayed or
19  inactive, a party must be prepared for the court to lift the stay or resume active litigation in whole
20  or in part.
21      As Levin Simes concedes, if they "are never able to re-engage with certain clients, those
22  clients will be unable to ultimately proceed." Dkt. No. 1988 at 5.[2] In light of upcoming deadlines
23  in the case, the time to reengage is now.
24      The plaintiffs at issue in this joint letter are ORDERED to serve complete and verified

---

[2] Some attorneys, in this litigation and other cases, have moved to withdraw when unable to contact their client for an extended period of time. The parties have not briefed that issue here, and the Court does not express an opinion as to whether that course of action is appropriate or necessary as to the plaintiffs at issue. *But see* Civ. L.R. 11-5 (requiring permission of the Court to withdraw, and contemplating that counsel may be required to forward documents to a former client "unless and until the client appears by other counsel or pro se").

Plaintiff Fact Sheets no later than January 10, 2025.[3]  Because Uber seeks dispositive sanctions for further failure to comply, that is a matter for the parties to address to Judge Breyer if any of the plaintiffs at issue fail to comply with the deadline set by this Order.

**IT IS SO ORDERED.**

Dated: December 19, 2024

     _____
LISA J. CISNEROS
United States Magistrate Judge

---

[3] The Court finds Uber's proposed two-week deadline both unnecessary to meet the bellwether selection deadline and unduly burdensome in light of the upcoming holidays, and therefore sets a somewhat later deadline here.

3