UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER FOLLOWING DISCOVERY STATUS CONFERENCE** |

This Order elaborates on issues addressed at the discovery status conference on December 19, 2024. As stated at that conference, the parties shall file three joint discovery letters no later than December 23, 2024. The first discovery letter regarding safety data shall address whether Defendants must produce the comment field data and data for incidents involving sexual assault or misconduct allegedly committed by individuals other than the Uber driver, such as passengers or other third parties. The second letter shall address the remaining disputes regarding TAR verification, and the third letter, any remaining disputes related to the production of marketing materials. Each of those letters shall comply with Pretrial Order No. 8, except that each may be up to eight pages long and the parties are expected to work out their own schedule to exchange drafts, adapting the presumptive schedule of Pretrial Order No. 8 to the limited time before the deadline. Going forward, all text in joint letters—including footnotes—must use at least size 12 font, in Times New Roman or a similar typeface.

The Court also discussed with the parties the challenges related to the third-party hosting system for the safety data. Defendants expressed concern that they are not able to participate in discussions with Plaintiffs' counsel and BDO to resolve those disputes. Plaintiffs' counsel responded that they had no objection to Defendants participating in discussions to resolve those challenges, provided that their own experts' work remained protected. The Court emphasized it is

Defendants' obligation to ensure that production is complete, regardless of its decision to engage a third-part host. The parties, along with BDO, shall meet and confer and endeavor to resolve the tools and functionality issues by January 7, 2025. If the challenges are not resolved by that date, the parties shall file by January 10, 2025, a joint letter that complies with Pretrial Order No. 8, and the Court will consider whether to order Defendants to produce to Plaintiffs a copy of the safety data that they provided to BDO. The parties shall adapt the presumptive schedule of Pretrial Order No. 8 to the limited time before the January 10, 2025 deadline. Production of the safety data is long overdue, and it shall be produced by January 17, 2025 whether directly or through the third-party host. If ensuring that *all* of the disputed data is prepared for production by that deadline (should the Court so order) requires Uber to begin gathering or reviewing data before a joint letter is submitted or resolved, Uber must do so.

The Court has considered the parties' arguments regarding a prioritized set of policy-related documents. Plaintiffs shall select no more than forty policies[1] of particular importance to the case, and identify twenty of those policies to Uber no later than December 20, 2024 and the remaining twenty no later than December 23, 2024. Uber shall produce all versions of those policies and any related operational guidelines no later than January 10, 2025, along with a letter from counsel setting forth a timeline of operative versions of each policy, identified by Bates number. The Court expects the parties in the meantime to continue to meet and confer regarding other policies at issue, and Uber to complete production of other relevant policy documents no later than January 31, 2025.

The Court notes that the parties are engaged in a piece-meal process that places the burden on Plaintiffs to identify particular policies and related operational protocols for production. A simplified process would involve Uber producing a declaration that explains, over the life of the company, where and how its policies and operational procedures have been stored, and producing the entirety of its current and historical repositories for policies and procedures, perhaps with a limited number of policies that are both highly sensitive *and* irrelevant to this litigation withheld.

---

[1] The Court now selects the lower number that was discussed at the conference, but adds a requirement for Uber to explain the timelines of the policies at issue.

1  Then Plaintiffs can simply review those repositories to locate the relevant procedures and
2  protocols.  An inordinate amount of time spent has been spent on the discovery of Uber's policies,
3  and yet, production evidently it not yet complete.  This suggests that the alternate, simplified
4  approach, coupled with the existing protective order, may be worth considering, if production
5  could be completed on or before January 31, 2025.  Regardless of the approach, if the production
6  of policy-related document discovery remains incomplete despite court orders, consequences—
7  such as sanctions—may be imposed.

8  The parties dispute whether Uber should provide TAR sample documents to Plaintiffs in
9  advance of the January 15, 2025 verification deadline for the first three tranches of document
10 custodians.  The Court's understanding of the verification process is that it requires, in essence,
11 three separate reviews for responsiveness of the same sample of documents: automated review by
12 the TAR model, review by defense counsel, and review by Plaintiffs' counsel.  The results of
13 those reviews are compared to determine whether there are problems with or disputes regarding
14 the effectiveness of the TAR model.  If that understanding is correct, it would seem that the
15 sample documents could be selected and provided to Plaintiffs' counsel to begin their review
16 before the TAR model and Uber's attorneys have completed their separate review.  If that is
17 incorrect, the parties' joint letter due December 23, 2024 should endeavor to educate the Court on
18 this subject and provide the parties' respective proposals.

19 The Court did not address privilege disputes at the December 19 conference due to the
20 limited time available.  Based on the limited arguments presented in the parties' discovery status
21 report (Dkt. No. 1957), it appears that Uber's digest of third parties is consistent with the Court's
22 expectations and provides a reference that Plaintiffs can consult when a specific privilege log entry
23 indicates that a communication involved a third party.  The parties did not address the issue in
24 detail, and this preliminary guidance is without prejudice to any argument Plaintiffs might raise by
25 joint letter.  The Court will address the privilege disputes raised in the December 12, 2024 joint
26 letter (Dkt. No. 1952) in a separate order.

27 The Court also did not address disputes regarding Defendant Fact Sheets and Plaintiff Fact
28 Sheets.  The Court will address the joint letter regarding Levin Simes's clients (Dkt. Nos. 1983,

1988) by separate order. If the parties believe any other issue of fact sheets—or any other dispute not resolved at the conference or by this Order—requires Court intervention, they may file a joint letter consistent with Pretrial Order No. 8.

Next, the Court sets monthly discovery status conferences on the fourth Thursday of every month at 10:30 am. The discovery status conferences will be held via Zoom, unless ordered otherwise. Three days in advance, the parties shall file their joint discovery status report, which is not to exceed ten pages.

Finally, this Court addresses certain points raised at the case management conference following the discovery status conference. Judge Breyer highlighted that counsel are working against the clock, and there are tradeoffs and consequences for the decisions that counsel make. At this stage in the discovery process, the consequences for failure to complete production and comply with court orders includes the risk of sanctions. In addition, Judge Breyer stated that associates should not work on this case over the holidays in the next two weeks. It is not this Court's place to say whether that was intended as a binding order. In any event, Judge Breyer's instruction did not address work by partners, of counsel, other more senior attorneys, and support staff. The Court expects that the parties will comply with discovery-related deadlines in the coming weeks, and hopes that all counsel will still be able to find time to enjoy the holidays.

**IT IS SO ORDERED.**

Dated: December 19, 2024

LISA J. CISNEROS
United States Magistrate Judge