OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

| **Date:** December 19, 2024 | **Time:** 9:31 a.m.-10:51 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.**: 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. v. | |

**For Plaintiffs:** Rachel Abrams and Tiffany Ellis, Peiffer Wolf Carr Kane Conway & Wise LLP; Bret Stanley, Johnson Law Group; Sarah Robin London, Lieff Cabraser Heimann & Bernstein LLP

**For Defendants:** Michael Shortnacy, Patrick Oot and Veronica Gromada, Shook, Hardy & Bacon L.L.P.; Kyle N. Smith, Paul Weiss Rifkind Wharton Garrison LLP

**Deputy Clerk:** Brittany Sims          **Reported by:** Ana Dub

PROCEEDINGS

Discovery Hearing and Status Conference held.

The parties shall file a joint letter no later than December 23, 2024 addressing any remaining disputes regarding safety data. The Court stated that, in July, the Court ordered production of underlying data regarding incidents of alleged sexual assault, without carve-outs for particular data fields or incidents of alleged sexual assault other than by a driver against a passenger. The Court also stated that responsibility for a complete and usable production ultimately rests with Uber, not its third-party vendor BDO, and that production of data directly to Plaintiffs may be warranted if the parties are not able to resolve disputes regarding the BDO hosting platform.

The Court took under submission a dispute regarding production of policy documents.

TAR validation for custodial document production from the first three tranches of custodians will occur no later than January 15, 2025. TAR validation for the fourth tranche will occur no later than February 15, 2025. The parties shall file a joint letter no later than December 23, 2024 addressing disputes regarding timing of access to the verification sample documents and the protocol for such access and review.

Uber shall disclose search term hit counts for custodians Kalanick and Khosrowshahi no later than December 23, 2024. That required disclosure is without prejudice to any argument Uber might later make that hit counts are not probative of an incomplete production.

The Court's previous Order regarding pre-2013 documents set a deadline of fourteen days from the date of the Order for production. In context, that deadline applied to custodians whose other documents had already been produced. Contrary to Uber's arguments, the Order's reference to Uber's proposal cannot reasonably be read as negating the stated fourteen-day deadline. In any event, the parties agreed that Uber shall complete production of those documents by January 3, 2025, and the Court ordered Uber to do so.

The parties shall meet and confer regarding treatment of documents implicated by the Court's previous Orders declining to adopt Uber's proposed end date to the relevant period of time.