RANDALL S. LUSKEY (SBN: 240915)
     rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
     & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
     ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
     cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
     akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
     & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF JAMIE BROWN** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

-1-

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice* admitted)
    oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-2-

I, Jamie Brown, declare under penalty of perjury as follows:

1.      I am a Vice President of Global Advisory Services at Lighthouse, which provides eDiscovery services to Uber Technologies Inc. ("Uber"), a Defendant in the above captioned matter. I previously set forth my qualifications in a declaration provided in support of Uber's ESI protocol on April 12, 2024, which are incorporated herein.

2.      I submit this declaration at Defendant Uber's request and in support of its proposed plan regarding the production of an updated set of documents with a timeframe from November 28, 2023 through December 1, 2024 (the "post-November 2023 data set") documents.  The purpose of my declaration is to set forth an estimated timeframe to collect, process, review and produce the post-November 2023 data set.  I am familiar with the facts contained herein and am prepared to testify to the extent required.

**Assumptions**

3.      The post-November 2023 data set includes data from 28 custodians from various data sources used by Uber employees.

4.      The estimated time to *collect* this data differs for each source based on various factors, including data volume and export capabilities of the underlying system.  Similarly, the estimated time to *process* the data will also vary by data source due to volume and Lighthouse's workflow for that data type; some data is easier and, therefore, faster for Lighthouse's systems to process while other data is more nuanced and requires more time.  The time it takes to perform these tasks is largely driven by the machine as opposed to human hours. Machine time is limited by the nature of the task; adding additional computing resources to those currently improved will not materially improve machine time requirements and may introduce errors.

5.      The estimated *review* times are based upon several components, including time to train the technology assisted review (TAR) model,[1] time to conduct the human review (for responsiveness and privilege), and machine time.  The review estimates are based on data volumes and/or the document numbers, as opposed to the specific system, at least for this purpose.

---

[1] Each time new data is introduced, the TAR model must be retrained to account for novel concepts within the data set.

-3-

DECLARATION OF JAMIE BROWN

6.      Uber has completed the collection of custodial data for the 28 custodians, except for data from Slack and Google Drive, which Uber anticipates completing by December 31, 2024 and January 3, 2025 respectively.[2]  Once complete, this data will be transferred to Lighthouse for processing, hosting and review.

7.      Based on the work Lighthouse has performed to date, we estimate there will be approximately two million unique documents after de-duplication (which equates to approximately 72,000 documents per custodian), which must be promoted to the TAR system, a step that also requires machine time.  Using the search term hit estimate of 32%, we then estimate that approximately 600,000 documents will be subject to the TAR process.

8.      Assuming 12-17% of the TAR review population will be sent to the review team for human review (72,000 – 102,000 documents), we estimate it will take 3-5 days to complete (based on an average review rate of 30 docs/hour at 8 hrs/day for 100 reviewers).  Once reviewed, the documents will need to be QC'ed and reviewed for privilege, which we estimate will take an additional 3-5 days (based on an average review rate of 20 docs/hour at 8 hrs/day for 20 reviewers); it's important to note that the privilege review for the post-November 2023 data set is expected to take longer than previous data sets, because the documents were generated during the pendency of the litigation.

---

[2]  Lighthouse obtained these estimates from Uber's eDiscovery team and they are consistent with the timeframe Lighthouse has observed in other Uber matters.  I understand Plaintiffs have questioned the time it takes to collect this data.  Having worked with hundreds of clients to collect data from the same systems, the estimates provided are also consistent with industry norms.  The time involved to collect and export broad sets of data – data that is only limited by timeframe and custodian – often takes weeks on end.  This is normal with modern enterprise tools for communication and collaboration (e.g., M365, Workspace, Slack, etc), which are commonplace today.

DECLARATION OF JAMIE BROWN

9.     These estimates are summarized in the chart below:

| DATE | STAGE | DESCRIPTION |
|------|-------|-------------|
| **CUSTODIAL DATA (EXCEPT SLACK AND DRIVE)** | | |
| 12/19/24 | Collection | Uber completed collection of post-November 2023 data |
| 12/26/24 | Processing | LH to complete processing of post-November 2023 data |
| 1/3/24 | Processing | LH to complete search-term application and TAR promotion |
| 2/4/24 | Review | LH to complete TAR model training; data to be promoted to review team |
| 2/12/24 | Review | Review team completes review for responsiveness and initial privilege |
| 2/19/24 | Review | Review team completes second-level review for privilege |
| 2/26/24 | Review | LH completes QC and production |
| **SLACK AND DRIVE DATA** | | |
| 1/3/25 | Collection | Uber to complete collection of post-November 2023 data |
| 1/24/25 | Processing | LH to complete processing of post-November 2023 data |
| 1/31/25 | Processing | LH to complete search term application and TAR promotion |
| 2/21/25 | Review | LH to complete TAR model training; data to be promoted to review team |
| 2/28/25 | Review | Review team completes review for responsiveness and initial privilege |
| 3/7/25 | Review | Review team completes second-level review for privilege |
| 3/14/25 | Review | LH completes QC and production |

10.     I understand the parties have discussed prioritizing 10 custodians as a means to expedite production.  If Lighthouse did that, this would result in a 5-day reduction to the aforementioned timeline for the priority custodial data set **(for a modified production date of February 21)**, given that the most time-intensive portion of the process is the TAR model training. For the Slack and Drive data, however, this would result in a 10-day reduction to the aforementioned timeline **(for a modified production date of March 4)** total given the processing time is more extensive for these two sources; however, there are some losses with the TAR training model given

DECLARATION OF JAMIE BROWN

Case No. 3:23-md-3084-CRB

the nature of this data.  The two trade-offs that arise when you break up the custodian pool are process efficiency and the TAR model, which benefits from a broader data set.

11.    I affirm under penalty of perjury of the laws of the State of New York that the foregoing statement is true and correct.  Executed on December 20, 2024 in New York, New York.

/s/ *Jamie Brown*
Jamie Brown

DECLARATION OF JAMIE BROWN

Case No. 3:23-md-3084-CRB