UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No..: 3:23-MD-03084 CRB<br><br>**PLAINTIFFS' STATUS REPORT REGARDING UBER'S PRODUCTION OF DOCUMENTS POSTDATING NOVEMBER 27, 2023**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

   On December 21, 2024, the Court ordered the parties to file a joint status report Order to file a joint status report regarding Uber's production of documents postdating November 27, 2023. (ECF No. 2006.) Although Plaintiffs sought Uber's position repeatedly, Uber did not provide a response to Plaintiffs' requested deposition dates until 4:13 pm PT. At 6:50 pm PT, Uber advised Plaintiffs that they will not produce witnesses for deposition in January and February. As of the time of this filing, Uber has not provided Plaintiffs with their position, in writing or otherwise, on the matters to be addressed by the Court's December 21 Order. For these reasons, Plaintiffs are submitting their portion only.

By: */s/Roopal Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com
*Co-Lead Counsel for Plaintiffs*

SARAH R. LONDON (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
Email: slondon@lchb.com

RACHEL B. ABRAMS (SBN 209316)

1

**PEIFFER WOLF CARR KANE**
**CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

**Plaintiffs' Position:** In the parties' December 20, 2024 joint letter (ECF 2004), Plaintiffs identified two proposals that Plaintiffs had provided to Uber in an attempt to resolve this dispute. The first proposal lays out general production deadlines based on size of custodial productions in association with non-specific deposition dates:

| Source | Production Deadline |
|---|---|
| Non-Custodial Sources | January 15, 2025 |
| ≤ 500 documents Custodial Documents | Three (3) days before the deposition |
| 500-1000 Custodial Documents | Seven (7) days before the deposition |
| 1001-5000 Custodial Documents | 14 days before the deposition |
| >5000 Custodial Documents | 21 days before the deposition |
| Custodial and Non-Custodial Documents created between 12/2/2024 – 4/16/2025 | April 16, 2025 |

After meeting and conferring with Uber's counsel on December 20, Plaintiffs proposed an alternative schedule that addresses dates for specific deponents and seeks to frontload depositions of former employees (i.e., custodians who do not have post-November 2023 documents) and schedule later depositions of custodians who were employed after November 2023. However, to agree to this schedule, Plaintiffs needed to confirm that Uber would produce at least 10 former employees before March 21, 2025. Additionally, Plaintiffs needed to see Uber's proposed deposition dates for at least the majority of the first 21 employees Plaintiffs seek to depose to ensure that the depositions are reasonably spaced.

Unfortunately, even though Uber was committed to providing deposition dates for these 21 deponents by December 23, Uber did not provide dates for 13 custodians and seeks an additional 17 days to provide the remaining dates.[1] Significantly, of the 11 custodians that would need to be scheduled before March 21 for this plan to work, Uber provided deposition dates for only two custodians before March 21. Further, of the employees who possess post-November 2023 documents and therefore need to be deposed *after* March 21, Uber provided dates *before* March 21 for three of these custodians. So Uber has not done its part to make the alternative proposal feasible.

Worse, Uber has now taken the position that, based on the *JCCP's* schedule, *no* depositions will occur in January or February. But Judge Breyer pointedly refused to enter the coordination order Uber requested, and instead admonished the parities that the discovery cutoff will not be extended. Uber would require Plaintiffs to take 45 depositions in 3 months, on top of the case-specific discovery that opens March 14. Uber may not shrink the deposition schedule unilaterally. Plaintiffs will notice and take depositions in January and February; the productions at issue in this letter must reflect that urgency.

For these reasons, Plaintiffs request the Court adopt the schedule in the chart above.

---

[1] Additionally, for the first time on December 23, Uber informed Plaintiffs that it anticipates seeking protective orders for up to three custodians, and so refuses to confirm dates.

## CERTIFICATE OF SERVICE

  I hereby certify that on December 23, 2024, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: <u>/s/ Roopal P. Luhana</u>