# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> ALL ACTIONS | Case No..: 3:23-MD-03084 CRB <br><br> **DEFENDANTS' STATUS REPORT REGARDING DEFENDANTS' PRODUCTION OF DOCUMENTS POSTDATING NOVEMBER 27, 2023** <br><br> Judge:      Hon. Lisa J. Cisneros <br> Courtroom: G – 15th Floor |

      On December 21, 2024, the Court ordered the parties to file a joint status report regarding the production schedule for Defendants' documents from November 27, 2023 to December 1, 2024. ECF No. 2006. Defendants repeatedly asked Plaintiffs to provide their position. They never did. Instead, Plaintiffs unilaterally filed their position in violation of the Court's Order.  Defendants accordingly respectfully submit their position herein.


By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice* admitted)
oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

**Defendants' Position:** The Court's December 21st Order stated, "Uber's proposed production schedule and agreement to sequence depositions might resolve the parties' disputes regarding documents created through December 1, 2024." ECF 2006. The Court aptly realized Defendants' proposed production schedule for post-2023 custodial data, supported with technical and foundational evidence, may resolve the parties' dispute. *See* Brown Decl. (ECF 2004-1). Based on that evidence, Defendants offered to produce rolling productions of custodial data by late February/early March for the 10 custodians whom, on December 16th, Plaintiffs expressed an intention to depose. ECF 2004 at 8. Thus, perhaps for the first time in this litigation, the parties' competing proposals were therefore not competing after all. Defendants are perplexed as to why there is any continuing disagreement.

Since the parties' December 20th submission and the Court's December 21st Order, only one thing has changed: the JCCP court amended its case management schedule to extend the deadline for the close of fact discovery until May 30, 2025. *See* JCCP Scheduling Order (Dec. 23, 2024) (**Ex. A**). The handful of depositions in the JCCP that were scheduled for January/February 2025 are being rescheduled for late February, March, April, and early May. The only deposition Plaintiffs specifically complained would upend the parties' co-extensive proposals was that of Gus Fuldner, because the parties in the JCCP had initially scheduled his deposition for late January. ECF 2004 at 3 n.3. But even that issue (which demonstrates Plaintiffs' efforts to manufacture problems rather than try to collaboratively find solutions) is now resolved because Mr. Fuldner made himself available for a coordinated deposition on March 10th or 17th. Defendants will complete Mr. Fuldner's supplemental production of post-2023 documents under this timeline.

Plaintiffs' argument that Defendants refuse to present witnesses for deposition in January/February is flatly untrue. Defendants offered February dates to Plaintiffs. Regardless, this argument has nothing to do with the depositions of the 10 individuals who have post-November 27, 2023 data, which were never scheduled to proceed in January/February, apart from Gus Fuldner addressed above.

In short, Defendants proposed a production schedule that is feasible and addresses Plaintiffs' concerns. Production of post-November 27, 2023 custodial documents will occur before the related custodian depositions. As explained, Defendants cannot produce the documents on the schedule Plaintiffs propose. It is impossible (technically, practically, and literally), and would compel the completion of review of all documents at once to even determine how to meet the impractical and impossible categories Plaintiffs put forward. *See* ECF 2004 at 8. Plaintiffs' proposal is not really a proposal, and Plaintiffs offer no evidence to support it or contradict the evidence presented by Defendants. *See* ECF 2004 at 8. Defendants therefore respectfully request that the Court order the schedule Defendants proposed. ECF 2004 at 8:5-11.