UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RESOLVING DISCOVERY LETTER REGARDING DOCUMENTS POSTDATING NOVEMBER 27, 2023**<br><br>Re: Dkt. No. 2004 |

This Court previously rejected Uber's position that it should not be required to produce documents postdating November 27, 2023, and Judge Breyer denied Uber's motion for relief from that ruling. *See* Dkt. Nos. 1816, 1879, 1938. The parties have since met and conferred regarding the treatment of such documents, but have not reached a complete agreement regarding custodial documents[1] created after that date. Both parties divide the documents at issue into two categories: (1) documents created after December 1, 2024, which Uber contends it should not be required to produce; and (2) documents created from November 27, 2023 through December 1, 2024, which Uber has agreed to produce, but for which the parties have not agreed—or at least do not now *agree* that they have agreed—to a schedule for production.

**A.  Custodial Documents Postdating December 1, 2024**

Judge Breyer's December 12, 2024 Bellwether Selection Process and Scheduling Order (Pretrial Order No. 21) provides that "[f]act discovery will be substantially complete by **June 16, 2024**." Dkt. No. 1950 at 3. All parties appear to have understood that Order as setting a fact

---

[1] Uber represents that it "had applied the November 27, 2023 collection cut-off only to custodial collections, not to non-custodial collections, which had no end-date cutoff for collections." Dkt. No. 2004 at 6. If any dispute remains unresolved regarding the treatment of non-custodial documents created after November 27, 2023, the parties may raise that issue in a subsequent letter.

1    discovery cutoff for discovery common to the MDL, not only for the first set of bellwether cases
2    to be tried.  *See* Dkt. No. 2004 at 4 (Plaintiffs' acknowledgment of "the June 16, 2025 discovery
3    cutoff"); *id.* at 5 (Defendants' reference to "the June 16 fact-discovery deadline").  To the extent
4    there is any ambiguity in Judge Breyer's Order, this Court now ORDERS that fact discovery
5    common to the MDL must be substantially complete by that deadline.  That deadline is without
6    prejudice to any party later seeking case-specific discovery for cases set for trial after the first
7    group of bellwether cases, or to any party seeking leave from Judge Breyer to reopen common
8    discovery at a later date if they believe there is good cause to do so.

9        With a close of fact discovery now set, a cutoff date for gathering custodial documents for
10   review and production is also appropriate.  At least so long as new cases continue to be filed,
11   newly created documents *could* continue to be relevant, but gathering and producing new
12   documents continuously through the close of fact discovery is neither feasible nor proportional to
13   needs of this litigation.  Plaintiffs have not shown any special relevance of documents created after
14   December 1, 2024.  Nor have they rebutted Uber's declaration that Uber could at most collect
15   document through approximately two more months—at significant expense for a relatively small
16   supplemental production—if it is to produce them before the closing date.  *See generally* Dkt. No.
17   2004-1 (Brown Decl.).  The Court therefore adopts Uber's proposed limitation of custodial
18   document production to documents created through December 1, 2024.

19       This Order is without prejudice to Plaintiffs seeking narrowly targeted custodial discovery
20   of particularly relevant documents created after that date.  Such a request *might* be appropriate if,
21   for example, Uber later changed a relevant policy, or if discovery revealed that an important
22   decision was under active discussion as of the December 1, 2024 cutoff.  The Court expects that
23   any such request would seek discovery based on a much smaller subset of custodian(s), document
24   request(s), and search term(s) than the full scope of discovery thus far, such that responsive
25   documents could be gathered and produced on an expedited basis without undue burden.

26       **B.**    **Custodial Documents Created Through December 1, 2024**

27       For documents created after November 27, 2023 and through December 1, 2024, Plaintiffs
28   proposed a production schedule based on the number of documents at issue for a given custodian

and the date of each custodian's deposition.  Dkt. No. 2004 at 3.  Uber proposed that it would complete a "rolling production of custodial data" created through December 1, 2024 from ten custodians Plaintiffs sought to prioritize, except for data from Slack and Google Drive, by February 21, 2025, and that it would produce Slack and Google Drive data by March 4, 2025.  Dkt. No. 2004 at 8.  Uber proposed that it would complete rolling production of documents created through December 1, 2024 for the remaining custodians at issue, as well as "Google Drive data the parties have agreed to treat as non-custodial data," by March 14, 2025.  *Id.*

Plaintiffs indicated in a footnote of the parties' joint letter that they were amenable to a deposition schedule in which "only custodians without post-November 2023 documents [were] deposed before March 21, 2024 and custodians with those documents [were] deposed after March 21," and that adopting such a schedule would allow for a February 28 production deadline that had apparently at one point been proposed by Uber "for custodians to be deposed before May 2025."  Dkt. No. 2004 at 4 n.4.  Uber stated that it "accepted and agreed to [Plaintiffs'] proposal" to schedule depositions of custodians who do not have post-November 2023 documents first, which Uber "believe[d] moots this dispute."  *Id.* at 6.

Because the parties appeared to have reached at least a rough agreement on this issue, on December 21, 2024, the Court ordered the parties to file a joint status report no later than December 23, 2024.  Dkt. No. 2006.  The parties instead filed separate status reports, both asserting that efforts to meet and confer were unsuccessful.

Plaintiffs contend that Uber has failed to provide deposition dates consistent with the proposal to depose former employees (who do not have post-November 2023 documents) before turning to custodians whose more recent documents are still being produced, and that "Uber has now taken the position that, based on the *JCCP's* schedule, *no* depositions will occur in January or February."  Dkt. No. 2011 at 3.  Plaintiffs therefore continue to advance their proposal to set production deadlines relative to deposition dates.  *Id.*

Uber contends that although "handful of depositions in the JCCP that were scheduled for January/February 2025 are being rescheduled for late February, March, April, and early May" due to an extension of the discovery period in that parallel state-court proceeding, that issue does not

3

1  affect the production of post-November 2023 documents for custodians the parties had previously
2  agreed to depose later. Dkt. No. 2012 at 3. Uber also contends that it has offered deposition dates
3  for some witnesses in February, and that it is not feasible to set separate document production
4  deadlines for each custodian based on deposition dates. *Id.*

5        The Court agrees with Uber that setting different production deadlines for each custodian
6  based on deposition dates is at least inefficient, if not impractical. It also appears that the parties
7  had previously reached an agreement on this issue based on Uber's acceptance of Plaintiffs'
8  proposal to sequence depositions, and Plaintiffs' agreement that such sequencing would make
9  Uber's proposed production deadlines acceptable. The Court therefore ORDERS as follows:

    (1) Plaintiffs shall select ten custodians with post-November 27, 2023 documents for priority treatment, if they have not done so already, and communicate those selections to Uber no later than January 9, 2025.

    (2) Uber shall produce post-November 27, 2023 documents for those priority custodians no later than February 21, 2025, except that it may produce Slack and Google Drive data for those custodians no later than March 4, 2025.

    (3) Uber shall produce all other custodians' post-November 27, 2023 documents no later than March 14, 2025.

    (4) The parties shall meet and confer regarding the sequencing of depositions of former employees who do not have post-November 27, 2023 documents earlier than current employees for whom such documents remain to be produced. In the Court's view, expediting depositions of former employees was a component of the proposal that Uber emphatically accepted in the joint letter. It is not apparent, however, that every former employee must be deposed first before any current Uber employee is deposed.

    (5) The parties shall cooperate to ensure that depositions for current employees are scheduled sufficiently later than the production deadlines stated above to allow for the periods for review set forth in Plaintiffs' proposal—at least from the production of non-Drive and Slack documents, if perhaps not also from that March 4, 2025 supplemental production for all of the priority custodians.

4

1     Any questions of the precise sequence and dates of particular depositions are not currently
2 before the Court.  That said, the Court expects that the parties will not wait until March to begin
3 the large number of depositions that must be completed by June, notwithstanding the relatively
4 short extension of discovery recently granted in the JCCP.  Coordination with that proceeding is a
5 laudable goal, but the parties here are not hostage to scheduling decisions made by the parties
6 there; coordination should be a two-way street, particularly when the JCCP parties had previously
7 agreed to take depositions in the coming months.  The Court expects that the parties will be able to
8 agree to an efficient deposition schedule that complies with the rulings set forth above.  If the
9 Court's assistance is necessary, however, the parties may file a joint letter consistent with Pretrial
10 Order No. 8 addressing dates of specific depositions for which they are not able to reach
11 agreement.

12     In light of the short deadline and the surrounding holidays, the Court excuses in this
13 instance the parties' ineffective meet-and-confer efforts and failure to submit a joint filing as
14 ordered.  The Court is hopeful that the parties will cooperate more effectively going forward.

15     **IT IS SO ORDERED.**

16 Dated: January 2, 2025

LISA J. CISNEROS
United States Magistrate Judge