**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) <br><br> **JOINT LETTER REGARDING PULASKI KHERKHER PLAINTIFFS' COMPLIANCE WITH NOVEMBER 18, 2024 PFS ORDER** |
| This Document Relates to: <br><br> *T.T.* v. *Uber Technologies, Inc. et al.*, No. 3:24-cv-03004-CRB <br><br> *T.C.* v. *Uber Technologies, Inc. et al.*, No. 3:24-cv-03956-CRB <br><br> *C.S.* v. *Uber Technologies, Inc. et al.*, No. 3:24-cv-06923-CRB <br><br> *B.S.* v. *Uber Technologies, Inc. et al.*, No. 3:24-cv-06948-CRB <br><br> *S.H.* v. *Uber Technologies, Inc. et al.*, No. 3:24-cv-07156-CRB | Judge:     Hon. Lisa J. Cisneros <br> Courtroom: G – 15th Floor |

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' compliance with the Court's November 18, 2024 Order, Dkt. No. 1877.

Dated: January 3, 2025

Respectfully Submitted,

| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **PULASKI KHERKHER, PLLC** |
|---|---|
| */s/ Kyle Smith* | */s/ D. Douglas Grubbs* |
| Kyle Smith (Pro Hac Vice admitted)<br>2001 K Street, NW<br>Washington DC, 20006<br>Telephone: (202) 223-7407<br>ksmith@paulweiss.com | D. Douglas Grubbs (Pro Hac Vice admitted)<br>Adam K. Pulaski (Pro Hac Vice admitted)<br>2925 Richmond Avenue, Ste 1725<br>Houston, TX 77098<br>Telephone: (713) 664-4555<br>Facsimile: (713) 664-7543<br>dgrubbs@pulaskilawfirm.com<br>adam@pulaskilawfirm.com |
| *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC | *Attorneys for Plaintiffs* |

I.   **Uber's Position**

The Plaintiffs identified in Exhibit A to the declaration of Kyle Smith have not complied with the Court's November 18, 2024 Order. Decl. of Kyle Smith ("Smith Decl.") Ex. A. The deficiencies in these Plaintiffs' Plaintiff Fact Sheet ("PFS") productions are outlined in Exhibit A and include missing verifications, withheld third-party contact information, and questions improperly answered with a variant of "will supplement." *Id.* Uber seeks an additional order compelling these Plaintiffs to cure the deficiencies identified in Exhibit A within 14 days from the date of the order that Uber seeks. Uber requests permission to pursue dispositive sanctions from Judge Breyer should any of the Plaintiffs at issue in this letter fail to comply with the deadline in the order that Uber seeks. Dkt. No. 1995 at 3 ("Because Uber seeks dispositive sanctions for further failure to comply, that is a matter for the parties to address to Judge Breyer if any of the plaintiffs at issue fail to comply with the deadline set by this Order.").

   A. **The Court's Orders**

Pretrial Order No. 10 ("PTO 10") requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." PTO 10, Dkt. No. 348 at 4. The parties submitted a joint letter to the Court disputing Plaintiffs' obligations under PTO 10, and the Court resolved the parties' disputes on November 18, 2024. Dkt. No. 1877.

Pursuant to the Court's orders, Plaintiffs must contemporaneously verify both their initial and amended responses to the Plaintiff Fact Sheet's questions. Dkt. No. 1877 at 2–3. Plaintiffs must also generally provide contact information for third parties "to the extent such information is known by Plaintiffs and called for by the PFS." *Id.* at 4. Plaintiffs need not provide the contact information of a third party who is represented by counsel, but Plaintiffs must "specifically indicate that the witness is represented." *Id.* If a Plaintiff "believes that exceptional circumstances (other than representation by counsel) warrant withholding a witness's contact information, the burden is on that plaintiff to meet and confer with Uber . . . or to seek relief from the Court." *Id.* at 5. Finally, "Plaintiffs may not avoid providing information that is available to them through a vague assertion that they will respond later." *Id.* at 6 (footnote omitted); *accord id.* at 7 ("[The parties' dispute] presents a global issue of whether 'will supplement' or words to that effect, standing alone, are a suitable response to questions in the PFS. The Court holds that they are not."). The Court provided Plaintiffs with 30 days—until December 18, 2024—to conform any deficient PFS productions with the Court's decisions.

   B. **The Plaintiffs at Issue**

On December 9, 2024, Uber sent Pulaski Kherkher, PLLC ("Pulaski Kherkher") a letter identifying eighteen Plaintiffs represented by that firm who needed to amend their PFS productions to comply with the Court's November 18, 2024 Order. Smith Decl., Ex. B. Among these Plaintiffs were the five Plaintiffs who are identified in Exhibit A. As of the date of this letter, these five Plaintiffs have not submitted verified fact sheets curing the deficiencies listed in Exhibit A.[1] Smith

---

[1] Plaintiff T.T., No. 3:24-cv-03004, MDLC ID 1330, was identified in Uber's December 9, 2024 letter as withholding third-party contact information requested by Question 30.a. Smith Decl., Ex. B at 2. Plaintiff has submitted a third amended PFS indicating that the contact information is unknown, but the amended PFS is not verified. Smith Decl. ¶ 5. As such, Plaintiff T.T. has still not conformed Plaintiff's PFS productions with the

Decl. ¶ 3. Uber sent Pulaski Kherkher an email on December 20, 2024 (Pacific Time) regarding these Plaintiffs and their non-compliance with the November 18 Order. *Id.* ¶ 6. The parties met and conferred on December 23, 2024. *Id.*

### C. Requested Relief

Uber requests an additional order directing these Plaintiffs to cure the deficiencies listed in Exhibit A. Uber requests that the order direct Plaintiffs to cure the deficiencies within 14 days of the order.[2] Uber also requests the ability to bring to Judge Breyer's attention any Plaintiff's failure to comply with the Court's order and pursue dispositive sanctions.

As the Court has recognized, "Uber is entitled to complete, verified, and timely PFSs." Dkt. No. 1995 at 2. Uber is entitled to this discovery to "inform its bellwether selections," which are due to the Court on February 14, 2025. *Id.*; *accord* Pretrial Order No. 21, Dkt. No. 1950 at 4. "Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers." Dkt. No. 1995 at 2.

And independent of the bellwether selection process, the Court has ordered each Plaintiff to submit a complete and verified PFS so that Uber may have fundamental information it needs to defend itself in this litigation. PTO 10, Dkt No. 348 at 4, 6–7; *see In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[The court] explained that the purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense . . . ."). In other words, even "if a case is stayed or inactive, a party must be prepared for the court to lift the stay or resume active litigation in whole or in part." Dkt. No. 1995 at 2. A key component of that preparation is the submission of a complete, verified PFS. Due to the deficiencies listed in Exhibit A, the Plaintiffs at issue have not provided the "complete, verified, and timely PFSs" to which Uber is entitled, *id.*, and failure to remain in contact with counsel is not a justifiable excuse, *id.* ("Even for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current contact information or overlooked counsel's repeated efforts to contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'" (omission in original) (quoting *Virtual Vision, Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)). The Plaintiffs at issue in this letter should be required to provide the necessary discovery promptly.

---

Court's November 18, 2024 Order. Dkt. No. 1877 at 3 ("Going forward, Plaintiffs shall provide verifications in conjunction with any further amendments."); *see also In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012) ("[I]nterrogatory responses not verified by the Plaintiff are not valid responses.").

[2] On December 19, 2024, the Court resolved a separate Pretrial Order No. 8 dispute by granting the Plaintiffs at issue there until January 10, 2025—or 22 days from the Court's Order—to submit complete, verified Plaintiff Fact Sheets. Dkt. No. 1995 at 2–3; *see also id.* at 3 n.3 (considering a two-week deadline "unnecessary to meet the bellwether selection deadline and unduly burdensome in light of the upcoming holidays"). However, a 14-day deadline is appropriate in this instance because Uber has already litigated the deficiencies at issue in this dispute on a global basis, the holidays have passed, and there is now less time before the bellwether deadline.

II.     **Plaintiffs' Position.**

Plaintiff's counsel has attempted to reach each of the five plaintiffs numerous times since filing their short form complaints months ago to complete their PFS. Counsel has been in recent contact with two of the five Plaintiffs (T.T. and T.C.) who have not yet conformed with the Court's November 18th PFS Order. *See* Grubbs Decl. ¶ 3 & Exhibit A. Counsel intends to supplement the missing documentation and information upon receipt from T.T. and T.C. Counsel has been unable to reach three Plaintiffs (C.S., B.S. and S.H.) and is considering withdrawing from these matters should the Plaintiffs continue to be non-responsive.

In the event Uber is permitted to pursue dispositive sanctions, the Plaintiffs at issue in Exhibit A request permission to respond to said dispositive motions and pursue less extreme alternatives.

**FILER'S ATTESTATION**

I, Kyle Smith, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 3, 2025                By:  */s/ Kyle Smith*
                                            Kyle Smith