# EXHIBIT B

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK        LOS ANGELES
BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WILMINGTON

December 9, 2024

**VIA EMAIL**

Adam K. Pulaski, Esq.
Pulaski Kherkher, PLLC
2925 Richmond Ave.
Suite 1725
Houston, TX 77098
adam@pulaskilawfirm.com

       Re: MDL 3084 – Plaintiffs' Obligations Under Pretrial Order No. 10 and the Court's November 18, 2024 Order

Counsel,

We write to discuss Plaintiffs' obligations under Pretrial Order No. 10 ("PTO 10") and the Court's November 18, 2024 Order.

### I.     The Court's Orders

PTO 10 requires each Plaintiff to submit a "substantially complete" Plaintiff Fact Sheet ("PFS"). PTO 10 at 6. PTO 10 provides that in order to be "substantially complete," the PFS must include answers to "all applicable questions" and a "signed Declaration" verifying the PFS. *Id.* Furthermore, the PFS must be accompanied by all "duly executed record release Authorizations" and the production of the "requested documents." *Id.*

On November 18, 2024, the Court issued an order resolving the parties' disputes regarding Plaintiffs' obligations under PTO 10. *See generally* ECF 1877. First, the Court noted that the "parties agree that PFS responses must be verified, but dispute whether Plaintiffs must provide contemporaneous verification of any amendments to their responses." *Id.* at 2. The Court resolved this dispute by holding that Plaintiffs must contemporaneously verify any amendments to their responses to the PFS' questions, and that Plaintiffs "shall provide verifications for any currently unverified amendments to PFS responses no later than thirty days from the date of this Order." *Id.* at 3.

Regarding Plaintiffs' obligations to provide third-party contact information for certain witnesses in response to questions in the PFS, the Court held that Plaintiffs must "provide contact

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Pulaski Kherkher, PLLC                                                                                                    2

information for witnesses to the extent such information is known by Plaintiffs and called for by the PFS." *Id.* at 4. "For witnesses who are not represented by counsel, Plaintiffs cannot withhold that contact information by providing counsel's information instead." *Id.* at 4. If a third-party witness is represented by counsel, a Plaintiff may provide counsel's contact information only after "specifically indicat[ing]" that the third-party witness is represented. *Id.* If a Plaintiff believes there are "exceptional circumstances (other than representation by counsel) [that] warrant withholding a witness's contact information, the burden is on that plaintiff to meet and confer with Uber to seek an agreement, or to seek relief from the Court if the parties are not able to agree." *Id.* at 5 (footnote omitted). The Court ordered Plaintiffs to provide amended fact sheets with the required third-party contact information no later than thirty days from the date of the Court's order. *Id.* at 5–6.

Finally, the Court considered Plaintiffs' use of "the phrase 'will supplement' or words to that effect." *Id.* at 6. The Court held that "the questions in the PFS are not optional, and Plaintiffs may not avoid providing information that is available to them through a vague assertion that they will respond later." *Id.* (footnote omitted). Plaintiffs who do so "have violated Judge Breyer's Order requiring a party to '[a]nswer all applicable questions' (even if only to assert that the party does not know the answer), Dkt. No. 348 at 6, as well as the PFS form's requirement—approved by Judge Breyer—that '[e]ach question must be answered in full.'" *Id.* (alterations in original). The Court ordered Plaintiffs to "amend any PFS responses that currently assert only that a plaintiff will supplement the response" no later than 30 days from the date of the Court's order. *Id.* at 7.

## II.   Compliance with the Court's November 18 Order

The following Plaintiffs represented by your firm have failed to provide signed verifications supporting their responses to the PFS' questions:

1. T.M., No. 3:23-cv-06705, MDLC ID 1222 (unverified amended PFS)
2. C.S., No. 3:24-cv-06923, MDLC ID 2581 (unverified original PFS)
3. B.S., No. 3:24-cv-06948, MDLC ID 2585 (unverified original PFS)
4. S.H., No. 3:24-cv-07156, MDLC ID 2613 (unverified original PFS)

The following Plaintiffs represented by your firm have withheld third-party contact information requested by Questions 23.a, 26.c, 27.b, or 30.a by either providing counsel's contact information without specifically indicating the third party is represented or by failing to answer these questions in full:

1. S.B., No. 3:23-cv-06613, MDLC ID 1225 (Questions 26.c and 30.a)
2. M.C., No. 3:24-cv-01347, MDLC ID 1289 (Question 30.a)
3. T.T., No. 3:24-cv-03004, MDLC ID 1330 (Question 30.a)
4. D.W., No. 3:24-cv-03048, MDLC ID 1331 (Question 30.a)
5. J.S., No. 3:24-cv-03094, MDLC ID 1333 (Questions 23.a and 30.a)
6. J.E., No. 3:24-cv-03335, MDLC ID 1375 (Question 30.a)
7. J.R., No. 3:24-cv-03788, MDLC ID 1393 (Question 30.a)
8. T.C., No. 3:24-cv-03956, MDLC ID 1433 (Question 30.a)
9. L.M., No. 3:24-cv-04307, MDLC ID 1459 (Question 30.a)
10. S.S., No. 3:24-cv-04312, MDLC ID 1460 (Question 30.a)

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Pulaski Kherkher, PLLC                                                                                      3

11. S.R., No. 3:24-cv-04924, MDLC ID 1623 (Question 30.a)
12. C.C., No. 3:24-cv-05962, MDLC ID 1982 (Question 30.a)
13. C.S., No. 3:24-cv-06118, MDLC ID 2242 (Question 30.a)
14. C.S., No. 3:24-cv-06923, MDLC ID 2581 (Question 30.a)
15. B.S., No. 3:24-cv-06948, MDLC ID 2585 (Question 30.a)
16. C.L., No. 3:24-cv-07040, MDLC ID 2591 (Question 30.a)
17. S.H., No. 3:24-cv-07156, MDLC ID 2613 (Question 30.a)

The following Plaintiffs represented by your firm have purported to answer a question in the PFS with "will supplement" or words to that effect:

1. T.M., No. 3:23-cv-06705, MDLC ID 1222 (Question 7)
2. M.C., No. 3:24-cv-01347, MDLC ID 1289 (Question 30.a and 40.a)
3. J.E., No. 3:24-cv-03335, MDLC ID 1375 (Question 40.a)
4. J.R., No. 3:24-cv-03788, MDLC ID 1393 (Question 40.a)
5. C.S., No. 3:24-cv-06923, MDLC ID 2581 (Question 3, 7, 8, 23.a, 26.a, 29.a, 30.a, 31.a, and 40.a)
6. B.S., No. 3:24-cv-06948, MDLC ID 2585 (Question 3, 7, 8, 29.a, 30.a, and 31.a)
7. S.H., No. 3:24-cv-07156, MDLC ID 2613 (Question 3, 7, 8, 20, 29.a, 30.a, and 31.a)

Per the Court's November 18 order, each Plaintiff identified above must serve a verified fact sheet with responses to all questions by no later than Wednesday, December 18, 2024.

Uber reserves all rights with respect to all deficiencies in your client's PFS, including the right to move for dismissal with prejudice as to any Plaintiff who does not promptly provide sufficient disclosures in compliance with the Court's November 18 order and PTO 10.

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ Kyle Smith

Kyle Smith
2001 K Street, NW
Washington, DC 20006-1047
(202) 223-7407
ksmith@paulweiss.com