RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*L.D. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05306-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF L.D.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff L.D. has not responded to any efforts to reach her made by myself or my staff since November 13, 2024. Prior to that, L.D. had not contacted our office since July 21, 2024.

1    DECLARATION IN SUPPORT OF MOTION
     TO WITHDRAW AS COUNSEL

3. Plaintiff L.D.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff L.D ("Plaintiff").

   a. Before and throughout the time period described below, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included unsuccessful 19 phone calls with voice messages, 10 unsuccessful phone calls where voice messages could not be left, three successful phone calls, 26 emails, three letters, and 16 text messages. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   b. On April 11, 2024, having been unable to obtain sufficient information about Plaintiff's case since she had retained our office on October 31, 2023, our office informed Plaintiff that she had until April 18, 2024 to contact us. On the date of the deadline, Plaintiff called our office.

   c. Throughout the course of our representation of Plaintiff, she was minimally responsive, before ceasing communication altogether on July 21, 2024. In advance of the Plaintiff Fact Sheet Deadline, our office notified Plaintiff by telephone call, email, text message, voice messages, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance of the deadline. Our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff, resulting in numerous deficiencies. We notified Plaintiff by telephone call, email, text

message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies by the deadline to avoid dismissal of her case but Plaintiff was unresponsive to our communication attempts.

    d. On September 20, 2024, Plaintiff's e-mails started bouncing back, and her voicemail box was inoperable.

    e. On October 15, 2024, we engaged a private investigator to locate Plaintiff. The private investigator found Plaintiff and connected her to Peiffer Wolf. However, Plaintiff did not respond to any calls at the time, nor did she contact our office.

    f. On November 11, 2024, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact us by November 21, 2024, we would choose to withdraw as counsel; this letter offered Plaintiff a deadline by which to contact our firm.

    g. On November 13, 2024, our office called Plaintiff, and she answered. She informed us that she would look over her Plaintiff Fact Sheet and follow up with our office. Our office has not heard from Plaintiff since.

    h. On November 14, November 15, and November 20, 2024, our office attempted to call Plaintiff and leave voice messages. Plaintiff did not respond and her phone number could not receive voicemail.

    i. On November 21, after the deadline has passed, we sent Plaintiff another letter by U.S. Certified mail giving her a final notice. This letter provided yet another deadline by which Plaintiff could contact our firm, set for November 29, 2024.

    j. On December 11, 2024, we sent Plaintiff formal notice by U.S. certified mail notifying her that we were withdrawing from her case.

5. During this time period, we corresponded with Defendants about the deficiencies in Plaintiff's Plaintiff Fact Sheet.

6. On December 11, 2024, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed

our firm that alternative counsel has been retained.

8. We informed Uber of our intent to withdraw from this case on <date>.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 8th day of January, 2025 in San Francisco, California.

*/s/ Rachel B. Abrams*
Rachel B. Abrams

*Counsel for Plaintiff*