Lauren Welling (CA State Bar No. 291813)
LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF J.K.** |
| This Document Relates to:<br><br>*J.K. v. Uber Technologies, Inc., et al; 3:24-cv-05463-CRB* | Honorable Charles R. Breyer |

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR <u>PLAINTIFF J.K.</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that, as soon hereafter as the matter may be heard, Slater Slater Schulman LLP ("Slater"), counsel of record for Plaintiff, J.K. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This motion ("Motion") is made pursuant to Local Rule 11-5(a). The Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Lauren A. Welling ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

**<u>MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL</u>**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), Slater submits this Memorandum of Law in support of its Motion to

Withdraw as Counsel for Plaintiff. Slater should be permitted to withdraw as counsel for Plaintiff and respectfully requests this Court grant its Motion.

## STATEMENT OF FACTS

An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. *See* Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

Slater has been attempting to locate Plaintiff for over a year, including numerous correspondences, email communications, and telephone messages. Decl. ¶¶ 4(b-i). Slater has given Plaintiff appropriate advance notice of its intent to withdraw as counsel to Plaintiff beginning on December 13, 2024 and again on December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025, while regularly attempting to locate and speak with Plaintiff for many months with only a few sporadic responses from Plaintiff. *Id.* Slater has also given Defendants advance notice. Decl. ¶ 4(f); Decl. ¶ 6. Slater has taken all possible steps to avoid any prejudice to Plaintiff by explaining to her the possible consequences of failing to maintain contact with Slater or to meet discovery deadlines. Decl. ¶¶ 4(b-i). Slater also submitted the limited information Slater did have and, upon receiving deficiencies due to not having critical information from Plaintiff, communicated with Defendants to set up Meet & Confer processes to address her case as it attempted to try to reach her. Decl. ¶ 4(d); Decl. ¶ 4(f). Despite those efforts, Plaintiff failed to establish useful communication with Slater. Slater has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 8.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has rendered it unreasonably difficult for Slater to carry out its representation effectively by failing to communicate with Slater and failing to provide information required to prosecute her case, despite many requests from Slater. Decl. ¶¶ 4(a-j). Slater has been unable to sufficiently meet discovery deadlines in this case as the discovery responses, *i.e.* Plaintiff Fact Sheet, requires Plaintiff's input and verification. Moreover, pursuant to this Court's Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Dkt.

1877), "will supplement" responses in a Plaintiff Fact Sheet are deficient. Slater submitted all information available in the Plaintiff Fact Sheet, which still contained 35 questions with no answer to the question presented or a "will supplement" response. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, Slater agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 9.

## CONCLUSION

Slater respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: January 13, 2025                     Respectfully submitted,

By: */s/ Lauren Welling*
Lauren Welling (CA State Bar No. 291813)
  LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
  MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Counsel for Plaintiff*