# EXHIBIT A

Lauren Welling (CA State Bar No. 291813)
    LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
    MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.P. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05688-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF LAUREN A. WELLING IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.P.** |

I, Lauren A. Welling, declare:

1. I am an attorney at the law firm of Slater Slater Schulman LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff, M.P. ("Plaintiff"), has not responded to any efforts to reach her made by myself or my office since January 12, 2024. Prior to that, Plaintiff had not contacted our office since June 1, 2023.

3. Plaintiff's failure to communicate with our office has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. Our office is unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

1

4. Under the California Rules of Professional Conduct 1.16(d), our office has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff.

    a. Throughout the course of our representation of Plaintiff since she had retained our office on February 25, 2022, she has been minimally responsive with only four (4) communications over the course of nearly three years, before ceasing communication altogether on January 12, 2024.

    b. Before and throughout the time period described below since service of her Plaintiff Fact Sheet was due, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included 20 unsuccessful phone calls with voice messages or where voice messages could not be left, 18 emails, three letters, and 12 text messages. In these communications, our office repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that our office would need to withdraw as counsel if she did not contact our office.

    c. In advance of the Plaintiff Fact Sheet deadline in her case, our office mailed Plaintiff a blank Plaintiff Fact Sheet and notified Plaintiff by telephone calls, emails, text messages, voice messages, and letters that we required input from her to complete her Plaintiff Fact Sheet but our office did not receive the requested information from her in advance of the deadline.

    d. On September 23, 2024, having been unable to obtain sufficient information about Plaintiff's case, our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff, resulting in numerous deficiencies. Our office notified Plaintiff by telephone call, email, text message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies to avoid dismissal of her case but Plaintiff was unresponsive to our regular communication

      attempts.

  e.  Since September 23, 2024, all telephone calls to Plaintiff were directed straight to voicemail.

  f.  On October 8, 2024, our office received a return to sender notification of our September 3, 2024 correspondence.

  g.  On November 19, 2024, our office communicated with counsel for Defendants via electronic mail of our intention to respond to Defendants deficiency letter regarding Plaintiff after speaking with her.

  h.  Since September 23, 2024, our office sent electronic mail messages to Plaintiff on September 23, 2024, October 8, 2024, October 18, 2024, November 11, 2024, November 14, 2024, December 2, 2024, December 10, 2024, December 13, 2024, December 20, 2024, December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025.

  i.  On December 13, 2024, December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025, our office sent electronic mail messages to Plaintiff explaining that if she did not contact us immediately, we would take steps to withdraw as counsel; these communications offered Plaintiff a deadline by which to contact our office.

  j.  Plaintiff did not respond to any of these communications and her telephone number went straight to voicemail.

5. During this time period, our office communicated with Defendants about the deficiencies in Plaintiff's Plaintiff Fact Sheet.

6. On December 20, 2024, our office and I had a meet and confer call with counsel for Defendants and conveyed our intention to withdraw from Plaintiff's representation.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our office that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation,

3

DECLARATION IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL

and our office has taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that, pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our office continuing to accept papers to forward to Plaintiff. In compliance with Local Rule 11-5(b), our office accepts this responsibility.

Executed this 13th day of January, 2025 in Beverly Hills, California.

                                             */s/ Lauren A. Welling*
                                             Lauren A. Welling

                                             *Attorneys for Plaintiff*