# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |

**JOINT LETTER REGARDING CUTTER PLAINTIFFS' COMPLIANCE WITH DISCOVERY ORDERS**

This Document Relates to:

*Jane Roe CL 11* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04672-CRB

*Jane Roe CL 13* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04677-CRB

*Jane Roe CL 16* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04837-CRB

*Jane Roe CL 17* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04915-CRB

*Jane Roe CL 21* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05525-CRB

*Jane Roe CL 24* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05536-CRB

*Jane Roe CL 33* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05691-CRB

*Jane Roe CL 34* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05696-CRB

*Jane Roe CL 36* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05720-CRB

*Jane Roe CL 37* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05728-CRB

*Jane Roe CL 38* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05729-CRB

Judge:      Hon. Lisa J. Cisneros
Courtroom:  G – 15th Floor

*Jane Roe CL 39* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05732-CRB

*Jane Roe Cl 40* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05734-CRB

*Jane Roe CL 41* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05736-CRB

*Jane Roe CL 43* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05741-CRB

*Jane Roe CL 44* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05744-CRB

*Jane Roe CL 48* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05810-CRB

*Jane Roe CL 53* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05831-CRB

*Jane Roe CL 54* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05832-CRB

*Jane Roe CL 56* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05837-CRB

*Jane Roe CL 65* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06189-CRB

*Jane Roe CL 67* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06191-CRB

*Jane Roe CL 69* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06862-CRB

*Jane Roe CL 70* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06863-CRB

*Jane Roe CL 71* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06864-CRB

*Jane Roe CL 73* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07030-CRB

*Jane Roe CL 74* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07152-CRB

*Jane Roe CL 76* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07569-CRB

*Jane Roe CL 77* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07571-CRB

*Jane Roe CL 78* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07584-CRB

*Jane Roe CL 79* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07587-CRB

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' compliance with Pretrial Order No. 5 ("PTO 5"), Dkt. No. 175, and Pretrial Order No. 10 ("PTO 10"), Dkt. No. 348.

Dated: January 13, 2025

Respectfully Submitted,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

*/s/Kyle Smith*

Kyle Smith (Pro Hac Vice admitted)
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7407
ksmith@paulweiss.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CUTTER LAW P.C.**

*/s/Celine E. Cutter*

C. Brooks Cutter (SBN 121407)
Celine E. Cutter (SBN 312622)
Jennifer S. Domer (SBN 305822)
401 Watt Avenue Suite 100
Sacramento, CA 95864
Telephone: (916) 290-9400
bcutter@cutterlaw.com
ccutter@cutterlaw.com
jdomer@cutterlaw.com

*Attorneys for Cutter Law P.C. Plaintiffs*

## I.        Uber's Position

The 31 Plaintiffs at issue in this letter have each failed to provide Court-ordered discovery. There are two types of overdue discovery at issue. First, each of the 14 Plaintiffs identified in Exhibit A to the declaration of Kyle Smith has missed their deadline for submitting a bona fide ride receipt or an information sheet regarding the trip giving rise to their claims as PTO 5 requires. Decl. of Kyle Smith ("Smith Decl.") Ex. A. Second, each of the 31 Plaintiffs identified in Exhibit B has missed their deadline for submitting a Plaintiff Fact Sheet ("PFS").

On December 19, 2024, Uber and Levin Simes LLP ("Levin Simes") submitted a similar dispute to the Court regarding 84 Plaintiffs who had missed their deadline for submitting a timely, complete, and verified PFS. Dkt. No. 1988. The Court ordered the Plaintiffs at issue there to submit the overdue discovery by January 10, 2025 and granted Uber permission to seek dispositive sanctions from Judge Breyer for any Plaintiff's continued non-compliance. Dkt. No. 1995 at 2–3. The Plaintiffs at issue here are virtually identically situated to the Plaintiffs in the dispute the Court previously resolved—with the only meaningful difference being that the 14 Plaintiffs listed in Exhibit A have an *additional* deficiency in that they also failed to submit timely PTO 5 information. Uber thus requests a virtually identical result: an order compelling Plaintiffs to produce the overdue discovery within 14 days of the order Uber seeks and granting Uber permission to pursue dispositive sanctions from Judge Breyer should any Plaintiff fail to comply with the Court's deadline.

### A. The Court's Orders

PTO 5 requires each Plaintiff to "produce to Defendants a bona fide ride receipt from an Uber trip connected to the alleged incident." PTO 5, Dkt. No. 175 at 2. If a receipt is not readily available, Plaintiffs' counsel must provide an information sheet outlining, *inter alia*, accountholder information regarding the individual who ordered the ride, the date of the ride, and the starting and ending locations of the ride. *Id.* PTO 10 requires each Plaintiff who joined the MDL after February 1, 2024 to submit this information within 14 days of being filed in, removed to, or transferred to MDL 3084. PTO 10, Dkt. No. 348 at 3.

PTO 10 also requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." PTO 10 at 4. PTO 10 orders each Plaintiff who joined the MDL after March 26, 2024 to submit their PFS within 30 days of their case being filed in, removed to, or transferred to MDL 3084. *Id.* at 6.

On October 25, 2024, Uber and Cutter Law P.C. ("Cutter") filed a stipulation acknowledging PTO 5's and PTO 10's deadlines, and agreeing to extend them. Dkt. No. 1796 at 3. The stipulation requires any Plaintiff represented by Cutter who joined the MDL by October 15, 2024 to submit PTO 5 information by November 15, 2024. *Id.* at 4. Each Cutter Plaintiff who joined the MDL by October 15 was required to submit a PFS by December 20, 2024. *Id.* The Court adopted this stipulation on November 8, 2024. Dkt. No. 1855 at 7.

### B.  The Plaintiffs at Issue

On December 24, 2024, Uber sent Cutter a letter identifying Plaintiffs represented by that firm with overdue discovery.  Smith Decl., Ex. C.  The letter identified the 14 Plaintiffs listed in Exhibit A as Plaintiffs who had failed to submit timely PTO 5 information.  Smith Decl. ¶ 5.  The letter also identified the 31 Plaintiffs listed in Exhibit B as Plaintiffs who had failed to submit timely Plaintiff Fact Sheets.  *Id.*  The parties met and conferred on December 31, 2024 to discuss the cases identified in Uber's December 24 letter and were unable to resolve the dispute presented to the Court.  *Id.* ¶ 6.

### C.  Requested Relief

Uber requests an additional order compelling the Plaintiffs identified in Exhibits A and B to, as applicable, provide their overdue PTO 5 or PFS information.  Uber requests that each Plaintiff be ordered to provide the overdue discovery within 14 days of the Court's order.  Uber also requests the ability to file a motion for dispositive sanctions before Judge Breyer pursuant to Civil Local Rule 7-2 should any Plaintiff fail to comply with the Court's commands.

As discussed above, the relief that Uber seeks is consistent with the Court's prior decisions.  On December 19, 2024, the Court resolved a similar dispute regarding Plaintiffs with overdue fact sheets by ordering the Plaintiffs at issue there to submit complete, verified Plaintiff Fact Sheets by January 10, 2025.  Dkt. No. 1995 at 2–3 (recognizing that "Uber is entitled to complete, verified, and timely PFSs . . . to inform its bellwether selections" and that, independent of the bellwether selection process, "a party must be prepared for the court to lift the stay or resume active litigation in whole or in part").  Although the Court considered a two-week deadline "unnecessary to meet the bellwether selection deadline and unduly burdensome in light of the upcoming holidays" in December, *id.* at 3 n.3, the holidays have passed, and there is now less time before the bellwether deadline.  When resolving a separate Pretrial Order No. 8 dispute between Uber and Pulaski Kherkher, PLLC on January 6, 2025 regarding Plaintiffs who had failed to comply with the Court's November 18, 2024 PFS Order, the Court ordered the Plaintiffs at issue to serve complete, verified, and compliant fact sheets by no later than January 21, 2025—*i.e.*, within 15 days of the Court's Order (the fourteenth day being a holiday).  Dkt. No. 2074.  Plaintiffs have provided no reason why the Court should impose a more lenient deadline here.

As the Court has recognized, excusing Plaintiffs' failure to provide timely and complete discovery "at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers."  Dkt. No. 1995 at 2.  "Even for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current contact information or overlooked counsel's repeated efforts to contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'"  *Id.* (omission in original) (quoting *Virtual Vision Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)).  The Plaintiffs at issue in this letter have failed to meet that standard by failing to comply with the Court's discovery deadlines.  As it has done in the past—Dkt. Nos. 1995, 2047—the Court should order Plaintiffs to provide the necessary discovery promptly.

**II.**        <u>**Plaintiffs' Position.**</u>

Plaintiffs are apprised of the Court's recent ruling on a similar motion and do not dispute the obligation to participate in discovery and provide fact sheets and trip-identifying information. Plaintiffs' counsel have been diligently working to obtain this discovery. As of this writing, a number of Plaintiffs identified in Uber's letter  have provided verified fact sheets and trip identification, leaving 17 who have not completed fact sheets, and 14 who have neither provided a fact sheet nor trip identification. Plaintiffs request additional time until February 7 to cure these deficiencies. To the extent that Uber eventually plans to seek terminating sanctions via a noticed motion before Judge Breyer, Plaintiffs reserve all rights to oppose.

**FILER'S ATTESTATION**

I, Kyle Smith, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 13, 2025                    By:    */s/ Kyle Smith*
                                                         Kyle Smith