

**Sent from:** New York Office

January 13, 2025

<u>Via ECF</u>
Magistrate Judge Lisa J. Cisneros
Northern District of California

  Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*
    Case No. 3:23-md-03084-CRB

Dear Judge Cisneros:

  Pursuant to Pretrial Order No. 8 (ECF No. 323), the Parties respectfully submit this joint letter regarding scheduling depositions of Defendants' witnesses.

  **I.**  **Plaintiffs' Position**

  Plaintiffs seek the Court's assistance in enforcing PTO 16 and scheduling depositions in this matter. In light of PTO 21 and the trial schedule set by Judge Breyer, it is imperative that depositions begin promptly. Unfortunately, Defendants have refused to timely provide reasonable dates for numerous former and current Uber employees and Plaintiffs seek the Court's intervention so that Plaintiffs can meet Judge Breyer's PTO 21 deadlines. Specifically, Plaintiffs request that the Court order Uber to produce at least eight deponents between January 28 and February 28, consistent with PTO 20 and the timeline Defendants have requested to produce post-Nov. 2023 documents.[1] If Uber cannot do so, Plaintiffs ask the Court to order Uber to provide contact information for former employees by February 7 so that Plaintiffs can seek to schedule depositions directly if Uber is not representing them. Further, Plaintiffs request that the Court order Uber to fill the gap with Tranche 1, and potentially Tranche 2, current employees during this period. While Plaintiffs had hoped to wait until the post-November 2023 documents were produced before deposing these witnesses (for efficiency's sake), the schedule requires that depositions proceed, and Plaintiffs elect to do so rather than being forced to take every deposition in a short four-month time period (March-June). If necessary, Plaintiffs will reserve the right to take additional time with these witnesses if good cause requires based on the later productions.

  On December 13, 2024, per PTO 16, Plaintiffs provided notification to Uber of 21

---

[1] Of the 21 deponents at issue here, Plaintiffs have requested January or February dates for five: four former employees (Tracey Breeden, Jordan Burke, Rachel Holt, and Carley Lake) and one current employee (Cory Freivogel). On January 7, Plaintiffs requested dates for an additional 24 deponents. Of those, eight could be produced starting February 19 under PTO 20; five former employees (who do not have post-November 2023 documents) (Tim Foran, Jeff Marshall, Kate Parker, Vhaibhav Rikhye, Kayla Whaling) and two current employees (Danielle Sheridan and Sarfraz Maredia) who Plaintiffs are willing to proceed with deposing even without their post-November 2023 documents (but would reserve the right to reopen for good cause after that production).

1

witnesses Plaintiffs seek to depose, ten current employees and 11 former employees. To facilitate scheduling, Plaintiffs provided three alternative deposition dates for each deponent and requested that Uber provide two alternative dates if Plaintiffs' proposed dates did not work. It has been a month[2] since Plaintiffs asked for these deposition dates but, unfortunately, to date, Uber has provided dates that comply with PTO 20 (and the timeline for production of post-2023 documents) for only nine of the 21 deponents requested,[3] with only one in February (Breeden) and the rest in March and April. Plaintiffs have accepted seven of those dates.[4] Plaintiffs have accepted an eighth deposition date in February, even though that date does not comply with PTO 20 and occurs before Uber will produce the witness's post-2023 documents (Luu). To date, Uber has not provided any proposed dates for four witnesses (Burke, Graves, Hourdajian, Kasier) or has otherwise provided dates that deprive Plaintiffs of full document production either by failing to comply with PTO 20 (Joyce) or occurring before post-November 2023 documents will be produced (Anderson).[5] For four additional deponents (Chang, Graves, Henley and Kansal), Uber has stated that it intends to move for protective orders.[6] Contrary to Uber's assertion below, Plaintiffs are not "feigning" surprise that Uber plans to seek protective orders. Rather, Uber just recently indicated that it intends to move for protective orders under the Apex doctrine for these witnesses.[7] A summary of

---

[2] Plaintiffs appreciate that some scheduling may have been delayed due to the holidays, but even so, the urgency of setting depositions to comply with the Court's schedule requires both sides to make more progress. As such, Plaintiffs did not "artificially accelerate" the PTO 8 process. Rather, after the parties reached an impasse after Uber delayed providing Plaintiffs deposition dates as described herein, Plaintiffs provided its PTO 8 letter to Uber. Simply because the parties continued to negotiate dates after Plaintiffs sent the PTO 8 letter does not negate the impasse, which still remains.

[3] PTO 20 sets date ranges for dispositions to allow resolution of privilege disputes and production of de-designated documents prior to depositions.

[4] Plaintiffs accepted Cinelli, Ding, Fuldner, Fogg, Hawk, Richter, and Shuping on behalf of the MDL. Plaintiffs seek earlier dates for Lake and Breeden. *See* Ex. A.

[5] Anderson was heavily involved with Uber's first two Safety Reports and likely also significantly involved in Uber's third Safety Report, released in August 2024. While Plaintiffs are willing to take depositions before post-November 2023 documents are produced for some witnesses (Luu, Freivogel), due to Anderson's role in the 2024 Safety Report, her deposition should occur after her post-November 2023 documents are produced.

[6] Uber has not moved for Protective Orders in the MDL, despite apparently planning to do so. Plaintiffs have asked, but have not been advised, regarding whether this is an exhaustive list of the protective orders Uber intends to file to prevent depositions of MDL custodians. Uber must provide deposition dates in the MDL for all deponents (even if Uber intends to move for a PO) and then it can seek relief from the Court. Importantly, Plaintiffs are surprised that Uber intends to move for a protective order as these custodians were heavily disputed and negotiated; the 55 agreed to custodians were all custodians the parties recognized would be deposed. Indeed, this Court conducted a thorough Rule 26 analysis with Plaintiffs' Motion to Compel and ordered that, *inter alia*, Frank Chang and Ryan Graves were relevant custodians. (ECF No. 1698). To the extent Uber intended to move for a protective order against any of these 55 custodians, it should have raised it during the parties' seven-month custodial negotiations.

[7] It is not the "status" of certain custodians that "implicitly permits their depositions", as Uber erroneously suggests. Rather, the parties negotiated for months regarding applicable custodians, including their depositions, and this Court has already opined that certain disputed custodians likely have unique personal knowledge. (ECF No. 1698 at 12, 16) (noting "Mr. Graves email, along with his own deposition testimony, provide strong support that his files will have unique,

the status of deposition dates for these 21 custodians is attached as Exhibit A.

Uber has known the identities of the former employees Plaintiffs seek to depose for months (as they were among the 55 custodians that the parties ultimately settled on with Court intervention). Critically, this Court's January 2, 2025 Order (ECF No. 2028) directed Uber to expedite the depositions of former employees and recognized that doing so was a clear component of Plaintiffs agreeing to Uber's production schedule for post-November 2023 documents. Yet Uber has still not provided Plaintiffs with any viable February deposition dates for former employees.[8] While Uber states it must wait for witnesses to provide their availability, this does not prevent Uber from scheduling current employee depositions nor explain why Uber waited until December 2024 to first contact former employees given Judge Breyer's statements regarding moving these cases to trial. And while Uber claims that Plaintiffs "passed up opportunities" to depose witnesses in October through December, as Uber well knows, Plaintiffs could not take depositions without responsive documents. While Uber claims that Plaintiffs have "manufactured" discovery disputes, the record undisputedly shows otherwise.

Further, whether and to what extent the JCCP also plans to depose these witnesses should not dictate the MDL's schedule and Uber cannot use coordination as a shield to prevent timely scheduling. As the Court has stated, it "expects that the parties will not wait until March to begin the large number of depositions that must be completed by June, notwithstanding the relatively short extension of discovery recently granted in the JCCP. Coordination with that proceeding is a laudable goal, but the parties here are not hostage to scheduling decisions made by the parties there []." (ECF No. 2028 at 5).

Per PTO 21, substantial discovery must be completed by June 16, 2025, and case specific discovery begins on March 14 (which will require multiple case-specific depositions). Plaintiffs intend to take 45 depositions and need deposition dates in January and February for some of these deponents to meet PTO 21's deadlines and Judge Breyer's trial schedule. Thus, it is imperative that these depositions begin in earnest. Plaintiffs request the Court's assistance in ordering Uber to provide agreeable deposition dates which permit the parties to meet the Court's deadlines.

II. **Uber's Position**

Plaintiffs' claim that Uber has "refused to timely provide reasonable dates" is a gross mischaracterization. Uber has offered deposition dates for 16 out of 21 witnesses at issue, and has been working diligently to provide dates for the remaining 5.[9] This included 11 different

---

non-duplicative information relative to Mr. Fuldner and Mr. Kalanick" and rejecting Uber's argument that Plaintiffs did not "show that Mr. Chang has unique, non-duplicative information."

[8] On January 3, 2025, Uber offered unworkable deposition dates in February for former employee Tracy Breeden. On December 29, the MDL Plaintiffs sought an alternative date. Although Uber offered February 18-20 for Breeden on January 13, Plaintiffs seek a January date for Breeden as Uber originally offered, as there are no depositions scheduled in January.

[9] In Footnote 1, Plaintiffs suggest deposing 7 of the 24 additional witnesses that were noticed on January 7 – the same day Plaintiffs served this PTO 8 letter. None of these witnesses are at issue in the current PTO 8 debate. Further, 5 of these 7 individuals are Tranche 3, directly contradicting Plaintiffs' narrative that Tranche 1 and 2 are the only individuals they believe can be fairly deposed at the moment.

3

deposition dates in February.[10] Moreover, Plaintiffs did not follow the fundamental PTO 8 requirements and the Parties are still actively negotiating deposition dates. Accordingly this letter is premature.

Uber has been nothing but cooperative, dedicating substantial resources to ensure depositions will be scheduled and taken in compliance with the Court's discovery deadlines, and has communicated that with Plaintiffs consistently and timely. Indeed, pursuant to PTO 16, Uber timely responded within 10 days of Plaintiffs' notification, via email on December 23, 2024.[11] In that response Uber provided deposition availability for eight individuals.[12] For the remaining witnesses, Uber informed Plaintiffs that their list includes former employees for which Uber will need to gather contact information and establish contact, as well as witnesses that will likely be the subject of motions for protective orders, and that certain proposed dates were logistically unworkable. *See* Ex. B (attached).[13] Given the holidays, Uber made a moderate request for an extension of time to contact former employees and obtain additional dates of availability.

Since Uber's initial December 23 response, the parties have been in contact frequently via email and telephone from that date and continuing through January 10. This is an iterative process, where witnesses provide Uber with their deposition availability and Uber in turn shares those dates with Plaintiffs on an expedited basis. It has also been a process complicated by the last two holiday weeks and Uber's lack of control over the former employees on Plaintiffs' list. There are significant logistical issues with contacting former Uber employees, providing them reasonable time to decide whether to seek counsel or be represented by Uber's counsel, and assess their busy schedules. Uber also cannot agree on the former employees' behalf to depositions occurring before a certain date, as they no longer work for Uber, and may have employed outside counsel or lack representation in general.

Moreover, while Plaintiffs assert that Uber is violating PTO 20, the reality is that Plaintiffs are seeking deposition dates that do not comply with PTO 20 and/or the November 27 Joint Scheduling Order. (ECF 2004.) Notwithstanding these difficulties, as of January 10, Uber has provided Plaintiffs with the deposition availability for nearly all of the witnesses (16 out of 21),[14] and will furnish more in the next few days.[15]

Plaintiffs feign "surprise" that Uber has indicated it will move for protective orders for certain deponents. But Uber has clearly communicated it would do so not only in this MDL proceeding, but also in the JCCP proceeding. Indeed, Plaintiffs have been party to communications discussing the scheduling of placeholder dates for some of these deponents in the event the JCCP court denied Uber's motions for protective orders pursuant to the apex doctrine.

---

[10] Namely: Tracey Breeden for February 26, 27; Meghan Joyce for February 24, 25, 26, 27, 28; Jenny Luu for February 17, 24; David Richter for February 17, 24.

[11] This is directly contrary to Plaintiffs' assertion in footnote 3, which incorrectly asserted that Defendants did not comply with PTO 16.

[12] Namely: Brooke Anderson, Tracey Breeden, Frank Chang, Cassie Hawk, Sachin Kansal, Carley Lake, Valerie Shuping, and Gus Fuldner (for whom Defendants on January 8, 2025 provided revised availability in early March).

[13] Exhibit B lists the 21 witnesses Plaintiffs seek to depose, and the deposition dates Plaintiffs and Defendants proposed.

[14] Namely: Brooke Anderson, Tracey Breeden, Frank Chang, Dennis Cinelli, Abbie Ding, Cory Freivogel, Gus Fuldner, Cassie Hawks, Mat Henley, Rachel Holt, Meghan Joyce, Sachin Kansal, Carley Lake, Jenny Luu, David Richter, and Valerie Suping.

[15] See Exhibit B, attached.

The JCCP court recently issued a protective order, which deferred the depositions of six of Uber's senior executives[16] without prejudice to Plaintiffs seeking to lift the protective order upon a showing of good cause under the apex doctrine following further discovery. Order on Motion to Quash and for Protective Order, *In re Uber Rideshare Cases*, CJC-21-005188 (Cal. Super. Ct. S.F. Cnty. Jan. 9, 2025).

Without citing to any case law, Plaintiffs also suggest that the status of certain individuals as custodians has forfeited Uber's right to object to their depositions. Not so. The question of whether someone is an appropriate document custodian is distinct from the question of whether that same person may be deposed. For example, the apex doctrine requires that Plaintiffs establish that any of Uber's current and former senior executives possesses "unique personal knowledge," *Schneider* v. *Chipotle Mexican Grill, Inc.*, No. 16CV02200HSGKAW, 2017 WL 4127992, at *3 (N.D. Cal. Sept. 19, 2017), a more exacting standard than whether they possess relevant information. *See Affinity Credit Union* v. *Apple Inc.*, No. 22-CV-04174-JSW, 2024 WL 3859802, at *2 (N.D. Cal. Aug. 16, 2024) ("Depositions of 'apex witnesses' merit extra guardrails in part because of the time required to prepare for and attend depositions, the cost to the company and to productivity writ large, and the potential for abuse."). Plaintiffs' reference to the Rule 26 analysis in this case regarding producing custodial files is thus inappropriate. Nevertheless, Uber will propose placeholder dates for the executives, and any other witnesses, for whom it intends to seek protection.

Given the ongoing efforts to provide Plaintiffs dates and the consistent and continuous communication between the parties, this process is hardly at an impasse and the PTO 8 letter to the Court is premature. Indeed, a mere three hours prior to sending Plaintiffs' portion of this joint letter on January 7, Plaintiffs circulated an email regarding scheduling and requesting additional information from Defendants. This process is not gridlocked—as recently as January 8, Defendants updated Plaintiffs with the deposition availability of five witnesses,[17] including two in February. As Defendants are still receiving witness availability, and providing that to Plaintiffs in a timely manner, the meet and confer process has not concluded. Plaintiffs' efforts to artificially accelerate the PTO 8 process should be rejected by the Court. Ironically, Plaintiffs blame Defendants for the lack of depositions in the MDL, but Plaintiffs have passed up multiple opportunities to depose current and former Uber witnesses—six current and three former employees were deposed this past October through December in the JCCP proceeding and could have been coordinated with the MDL Plaintiffs.[18] Further, Uber has offered 11 February dates, of which Plaintiffs have actually rejected the majority.[19]

Moreover, even if there was an impasse, the PTO 8 letter is still premature. PTO 8, Paragraph 2, states that "Counsel for each party must meet and confer in person or by

---

[16] These senior executives are: Dara Khosrowshahi, Uber's CEO, a position he has held since August 2017; Jill Hazelbaker, Uber's Chief Marketing Officer and Senior Vice President and Communications & Public Policy; Travis Kalanick, Uber's former CEO, who served in that role from 2010 until June 2017; Sachin Kansal, Uber's Chief Product Officer. Frank Chang, Uber's Vice President of Applied Science; Mike Akamine, Uber's Director of Product Management.

[17] Namely: Dennis Cinelli, Gus Fuldner, Mat Henley, Meghan Joyce, and Jenny Luu.

[18] Matt Baker on 11/13/2024; Nick Silver on 11/21/2024; Roger Kaiser on 11/19/2024; Troy Stevenson on 10/21/2024; Katy McDonald on 10/7/2024; Andi Pimentel on 10/15/2024; Kate Parker on 12/3/2024; Rachel Holt on 12/12/2024; Corey Freivogel on 12/10/2024.

[19] Uber offered and Plaintiffs rejected taking Tracey Breeden's deposition on February 25 or 26; Uber offered and Plaintiffs rejected taking David Richter's deposition on February 17; and Plaintiffs have rejected all five February dates from Meghan Joyce

videoconference. A mere exchange of letters, emails, or telephone calls does not satisfy the meet and confer requirements." The Parties have not engaged in, and Plaintiffs have not requested, a videoconference during these negotiations. Further, Paragraph 3 states that "[i]f the parties remain at impasse after meeting and conferring, the party seeking discovery or requesting relief (the moving party) may, *no earlier than three business days after the parties have concluded the meet and confer process*, proffer via email to the opposing party its two-and-a-half-page portion of the joint letter. Dkt. No. 323 ("PTO 8") at 2 (emphasis added). Plaintiffs declared an impasse and sent Uber their portion of the letter on the same day – January 7. Not only has the meet and confer process not concluded, but even if it had, Plaintiffs failed to wait the court-required "three business days" to initiate this process. Dkt. No. 323 ("PTO 8") at 2. This is not in the spirit nor the letter of PTO 8.

Ultimately, Defendants are confident that all depositions will be able to proceed in a timely fashion. As Plaintiffs note, PTO 21 requires substantial discovery to be completed by June 16, 2025, and case-specific discovery to begin on March 14, 2025. Nothing in PTO 21 sets a January or February deadline for any deposition if doing so is not feasible for the witnesses. Uber shares Plaintiffs' desire to schedule depositions as soon as possible, but this desire has been stymied by Plaintiffs own refusal to participate in coordinated depositions in October, November, and December of 2024; their protracted privilege log disputes; and their manufactured disputes regarding document productions.

There are significant practical challenges in securing 21 deposition dates for witnesses located across the country, many of whom are not in Uber's control. Uber has successfully obtained dates for 16 witnesses and will continue to schedule the remaining depositions in a timely manner, with the goal of collaborating with both the JCCP and MDL to guarantee discovery comports with Court guidelines.

Dated: January 13, 2025                              Respectfully Submitted,

By: */s/Roopal Luhana*                               By: */s/ Michael B. Shortnacy*
ROOPAL P. LUHANA *(Pro Hac Vice)*                    MICHAEL B. SHORTNACY (SBN: 277035)
**CHAFFIN LUHANA LLP**                               mshortnacy@shb.com
600 Third Avenue, Fl. 12                             **SHOOK, HARDY & BACON, L.L.P.**
New York, NY 10016                                   2049 Century Park East, Suite 3000
Telephone: (888) 480-1123                            Los Angeles, CA 90067
Email: luhana@chaffinluhana.com                      Telephone: (424) 285-8330
*Co-Lead Counsel for Plaintiffs*                     Facsimile: (424) 204-9093

SARAH R. LONDON (SBN 267083)                         PATRICK OOT (*Pro Hac Vice* admitted)
**LIEFF CABRASER HEIMANN &**                         oot@shb.com
**BERNSTEIN**                                        **SHOOK, HARDY & BACON, L.L.P.**
275 Battery Street, Fl. 29                           1800 K Street NW, Suite 1000
San Francisco, CA 94111                              Washington, DC 20006
Telephone: (415) 956-1000                            Telephone: (202) 783-8400
Email: slondon@lchb.com                              Facsimile: (202) 783-4211

RACHEL B. ABRAMS (SBN 209316)                        RANDALL S. LUSKEY (SBN: 240915)
**PEIFFER WOLF CARR KANE**                           rluskey@paulweiss.com
**CONWAY & WISE, LLP**                               **PAUL, WEISS, RIFKIND, WHARTON &**
555 Montgomery Street, Suite 820                     **GARRISON LLP**

San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing. Dated: January 13, 2025

By: /s/  Roopal P. Luhana

## CERTIFICATE OF SERVICE

I hereby certify that on January 13, 2025 I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/  Roopal P. Luhana