UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB  (LJC)<br><br>**ORDER REGARDING JOINT LETTER ADDRESSING SCHEDULING DEPOSITIONS**<br><br>Re: Dkt. No. 2072 |

The Court has reviewed the parties' discovery letter regarding scheduling depositions. Dkt. No. 2072. The parties apparently have not complied with the requirement to meet and confer via videoconference. They shall do so promptly, no later than January 16, 2025, to resolve the outstanding disputes. Within twenty-four hours after the completion of the videoconference, the parties shall provide a joint status report, not to exceed four pages, that explains to the Court what disputes have been resolved and what disputes remains.

If the parties are unable to reach an agreement regarding the schedule for the twenty-one depositions directly at issue in this joint letter, they shall meet and confer again in person at Courtroom G in San Francisco on January 21, 2025, beginning at 10:00 am. Uber shall ensure that as many as possible of its current employees (and former employees represented by Uber's attorneys) who have been identified for deposition, but whose deposition dates have not yet been agreed, shall be available by phone on that day to respond via text or telephonically immediately to counsel's questions regarding their availability for deposition.

If, by twenty-four hours after their videoconference, the parties have agreed to a schedule for all of the twenty-one depositions at issue in the joint letter, the parties need not appear on January 21, 2025. If they have not also resolved the schedule for all of the additional twenty-four witnesses identified on January 7, 2025, however, their joint status report shall propose one or

1  more dates to meet and confer at the courthouse if the schedule for those witnesses has not yet
2  been resolved.
3     To help the parties resolve the issues at their meet and confer, the Court provides the
4  following guidance:
5     First, Uber shall provide by January 15, 2025 the most recent contact information (phone,
6  email, address) in its possession that it has for its former employees whom Plaintiffs seek to
7  depose or its former employee's counsel, if Uber is aware that the former employee is represented
8  by counsel.
9     Second, the parties shall meet and confer to identify mutually agreeable depositions dates
10 for Frank Chang, Ryan Graves, Mat Henley, and Sachin Kansal, with the understanding that those
11 dates will be vacated if Uber successfully moves for a protective order.  In this MDL, if Uber
12 intends to seek a protective order, the joint discovery letter seeking such relief concerning any of
13 these four individuals shall be filed no later than three weeks in advance of the deposition date.
14    Third, it is not clear from the record which of its former employees Uber represents or
15 controls for purposes of scheduling the deposition.  At minimum, it seems that Uber is able to
16 make former employee Tracey Breeden available, and it shall do so on a date in February 2025
17 that is mutually agreeable for Breeden, Plaintiffs, and Uber.
18    Fourth, Uber shall make its current employees Cory Freivogel, Danielle Sheridan, and
19 Sarfraz Maredia available for deposition between January 28, 2025 and February 28, 2025.
20    Fifth, the Court expects that is feasible to complete *at least* eight depositions between
21 January 28 and February 28, 2025, and compressing all of the depositions in one or two months
22 could be burdensome.  To avoid an unduly compressed deposition schedule and to take advantage
23 of resolution of privilege log disputes in traches, it makes sense for the parties to begin depositions
24 in January and February 2025.
25    Sixth, both sides discuss whether certain proposed deposition dates "comply with PTO
26 20."  Dkt. No. 2072 at 2, 4.  Although Pretrial Order No. 20 "anticipate[d]" that depositions of
27 certain witnesses could occur in certain date ranges, it specifically did "not restrict the parties in
28 selecting deposition dates either within or outside of th[ose] range[s]." Dkt. No. 1808 at 7–8; *see*

*id.* at 9, 10. In the event that the Court's further intervention is necessary, arguments as to whether proposed dates "comply" with Pretrial Order No. 20 will not be well taken.

At the same time, if document production for an individual who has been noticed for deposition is substantially complete, or Plaintiffs are willing hold the deposition, regardless of the status of production, Uber will need to show good cause for postponing the deposition. A good cause showing is necessary to manage the deposition schedule and to avoid an unduly compressed deposition schedule. This requirement is not intended to assign blame to either side, but based on the twenty-one depositions at issue in this letter, it appears that no depositions have been scheduled for January and very few have yet been scheduled for February.[1] If the Court were to allow further time to elapse without depositions occurring, the parties would lose this opportunity to complete at least some deposition discovery more quickly.

**IT IS SO ORDERED.**

Dated: January 14, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[1] The parties may have agreed to schedule some of the depositions in Plaintiffs' second wave of selections for January or February or March. This Order is designed to ensure those months are utilized to complete at least a portion of the depositions that Plaintiffs have included in either their first or second wave of selections.