*[Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br>**STATUS REPORT REGARDING MARKETING DOCUMENTS**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# STATUS REPORT

**Plaintiffs' Statement**

On December 24, 2024 the Court Ordered the Parties to meet and confer to "address possible supplementation of Uber's discovery responses or other discovery requests that would provide [contextual information regarding the Exact Target templates]" and to "discuss the extent to which Uber's forthcoming supplemental production will cover other marketing-related information that Plaintiffs seek, including records that address the volume of messaging, its reinforcement across advertising mediums, analysis of marketing campaign, and Uber's budgeting and finances on marketing." Dkt. No. 2015. The Parties were to meet and confer by January 7, 2025 and raise any remaining disputes by January 14, 2025. The Parties began scheduling attempts for a meet and confer on January 3, 2024 and met on January 9, 2024. The Parties' conference is outlined in more detail below, but a follow-up meeting is scheduled for January 15.

In its Order, the Court also directed Uber to produce, by January 21, 2025, "the documents at issue that it has agreed to produce, including push notification templates and documents from Google Drive." *Id.* On January 3, Uber confirmed its commitment to meet this deadline.

Considering the Parties' ongoing conferral and Uber's forthcoming production, Plaintiffs proposed to Uber that they submit a Joint Status Report to apprise the Court of negotiations and to propose a new deadline for potential briefing. Uber declined and provides its position below.

Nearly a year after Plaintiffs issued their first marketing Requests for Production, Uber still has not completed production of responsive documents. Plaintiffs have repeatedly raised this issue with Uber and with the Court but still do not have information or answers from Uber. In light of PTO 21 and the trial schedule set by Judge Breyer, Plaintiffs seek to resolve marketing disputes promptly to ensure complete documents are available for upcoming depositions. Further, these marketing documents are significant to individual plaintiffs' ability to amend their complaints by the March 14 deadline set by Judge Breyer.

Most recently, during the January 9 meet and confer, the Parties continued discussion of the topics outlined in the December 24, 2024 Order. The Parties also discussed Plaintiffs' following

specific requests, to which Uber committed to responding by January 15:

1. Uber's identification by bates-number of 20,000 marketing related documents it purports to have been produced;

2. Uber's search for additional marketing documents from Google Drive that are responsive to Plaintiffs' Requests for Production;

3. The identification and production of partial reports from deprecated e-mail systems Exact Target and Mail Chimp that may provide context for materials produced from these systems as well as the identification of final versions of any particular material that was distributed by Uber;

4. Uber's ability and willingness to run reports from its current e-mail system "Bloc and Flow," in accordance with the ESI Protocol, including available fields and coverage dates of this system;

5. The selection of a "sample" plaintiff for whom Uber might collect and report an entire communication history, including content and communication dates, in advance of Plaintiff-specific collections and productions during the Bellwether phase of discovery. This process may allow the Parties to identify any challenges or shortcomings in the process so disputes can be worked out, or raised appropriately with the Court, to prevent interference with the Court's deadlines.

In consideration of continuing conferrals and Uber's forthcoming production, Plaintiffs suggest that, in the event disputes remain regarding Uber's Marketing materials, those disputes will be raised through a PTO 8 dispute letter by January 29, 2025. In the event there are unresolved disputes, Plaintiffs note that the Court's Order regarding policy-related documents outlines a process that may also be helpful in this context. *See* Dkt. No. 1996. Plaintiffs further agree to update the court in the joint status report for the January 23, 2025 Discovery Status Conference.

**Defendant's Statement**

Since the Court's December 24, 2024 Order (ECF 2015), Defendants have engaged in good faith in the conferral process on marketing documents. Defendants believe the parties have made

good progress in the conferrals, and Plaintiffs have not made Defendants aware of any ongoing dispute. Today, for the first time, Plaintiffs raised the prospect of a joint filing with the Court, and shared with Defendants a proposed draft joint filing at 3:48 p.m. Pacific Time. This snap submission, provided just before close of business on the date of the proposed filing, is inconsistent with the parties' conferral process and fundamentally unfair. Defendants cannot be expected to negotiate and ratify a joint filing with the Court on such short notice. Further, the parties were previously scheduled, as agreed, for Defendants to provide a status update tomorrow, January 15, 2025, ahead of the January 21, 2025 supplemental production deadline. Defendants do not agree Plaintiffs' proposed unilateral and last minute "joint" filing accurately captures the significant work the parties have done together on this topic and the significant compromises reached over a period of time kicked off by Plaintiffs' initial request for "all marketing documents," nor does it reflect the agreement of the parties. But Defendants will review the proposed language in good faith including during the previously scheduled January 15 conferral. Defendants further suggest the parties update the court in the joint status report for the January 23, 2025 Discovery Status Conference.

By: /s/Roopal Luhana
ROOPAL P. LUHANA (Pro Hac Vice)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com
*Co-Lead Counsel for Plaintiffs*

SARAH R. LONDON (SBN 267083)
**LIEFF CABRASER HEIMANN & BERNSTEIN**
275 Battery Street, Fl. 29
San Francisco, CA 94111
Telephone: (415) 956-1000
Email: slondon@lchb.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

By: /s/ Michael Shortnacy
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2049 Century Park East, Suite 3000
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (*Pro Hac Vice* admitted)
oot@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
1800 K Street NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

5

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: January 14, 2025                              By: /s/Roopal Luhana

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/Roopal Luhana