IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**DECLARATION OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING RANDOM SELECTION SAMPLE DISPUTES**<br><br>Judge: Honorable Lisa J. Cisneros |

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' portion of the joint letter brief concerning privilege log-related random selection sample disputes.

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. As required by PTO 8, I attest that Plaintiffs met and conferred with Defendants prior to seeking relief from the Court.

**Privilege Log Production – Background**

5. On October 24, 2024, Uber produced the first privilege log for Tranche 2 Custodian documents, which contained 4,865 entries, and covered two (2) custodians.

6. On October 31, 2024, Uber produced the second privilege log for Tranche 2 Custodian documents, which contained 9,035 entries, and covered nine (9) custodians.

7. On November 14, 2024, Plaintiffs sent a challenge letter to Uber ("Tranche 2 Challenge Letter") challenging the two Tranche 2 privilege logs.

8. On November 22, 2024, Uber produced a revised version of 10.24 and 10.31 Logs in response to the Tranche 2 Challenge Letter.

9. On December 4, 2024 at 4:29 A.M., Uber produced the privilege log for Tranche 3 Custodian documents which contained 17,579 entries.

10. On December 18, 2024, Uber produced a second revised version of the Tranche 2 logs ("Tranche 2 Log") and a revised version of Tranche 3 log ("Tranche 3 Log") entries as directed in the Court's November 27, 2024 Order requiring Uber to re-review certain privileged documents.

**Conferral Over Disputed Privilege Log Entries and Challenges**

11. On December 23, 2024, the parties met and conferred to address general issues with the Tranche 3 Log and the random sample selection process.

- 2 -   DECLARATION OF TIFFANY ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING PRIVILEGE LOG DISPUTES

12.     During the December 23, 2024 meeting, the parties discussed a selection process for random sample entries from Tranche 2 Log and Tranche 3 Log to be reviewed and discussed by the Parties, and set a next meeting date for December 30, 2024 in order to conduct the random selection process.

13.     Plaintiffs requested that Uber provide Plaintiffs with an expected date by which Uber will respond to the samples to be selected by the Parties on December 30, 2024. Uber refused to provide a date.

14.     On December 24, 2024, Uber agreed to Plaintiffs' proposed random selection process for samples from Uber's Tranche 2 Log and Tranche 3 Log, and asserted that it would provide a response to the samples on January 6, 2025.

15.     The random selection process is further detailed in Plaintiffs' portion of the Joint Status Report Regarding Tranche 2 and Tranche 3 Randomly Selected Samples ("Joint Status Report").

16.     On December 30, 2024, the Parties held their meeting wherein they randomly selected samples from Tranche 2 Log and Tranche 3 Log for dispute.

17.     The Parties selected 20 entries from the Tranche 2 Log with 5 backups (Tranche 2 Random Samples), and 10 entries from the Tranche 3 Log (Tranche 3 Random Samples) (together, "30 Random Samples").

18.     On January 2, 2025, Plaintiffs notified Uber of an issue with one of the Tranche 2 Random Samples, JCCP_MDL_PRIVLOG025775. This document stemmed from the same e-mail chain as another entry, JCCP_MDL_PRIVLOG02576, which was subject to dispute in the Tranche 2 PTO 20 dispute process, and which was resolved by the Parties. Plaintiffs suggested swapping this entry with one of the 5 backups entries selected on December 30, 2024. Uber refused.

19.     On January 3, 2025, Plaintiffs asked for a meet & confer with Uber before PTO 20's January 7, 2025 deadline to discuss the 30 Random Samples.

20.     On January 7, 2025 at 12:29 A.M., Uber provided a responses to Tranche 3 Log

disputes as well as responses to the 30 Random Samples.

21. Uber's responses concerning the Tranche 2 Random Samples consisted of the following:

    a. Uber maintained its privilege claim over eight (8) of the 20 Tranche 2 Random Samples;

    b. Uber agreed to produce six (6) entries with redactions from 20 the Tranche 2 Random Samples; and

    c. Uber entirely withdrew its privilege claim from six (6) of the 20 Tranche 2 Random Samples.

22. On January 7, 2025, the Parties met and conferred about the 30 Random Samples.

23. During the January 7, 2025 meeting, the parties made the following assertions regarding the 20 Tranche 2 Random Samples:

    a. Plaintiffs informed Uber that they were withdrawing their privilege challenge from two documents. The reasons are further outlined in the Joint Status Report;

    b. Uber informed Plaintiffs that for one sample, JCCP_MDL_PRIVLOG028378, Ashley Filmore, the sender of the email, is an attorney, but was not denoted as an attorney on the log entry. With the new information, Plaintiffs withdrew their privilege challenge.

    c. Plaintiffs asserted that they considered the six (6) entries from which Uber withdrew its privilege as resolved;

    d. Plaintiffs reserved their right to maintain their privilege challenges over the six (6) entries that Uber agreed to produce with redactions; and

    e. Uber discussed its position and provided additional information on the six (6) remaining entries in dispute.

24. On January 7, 2024, after the parties' conferral, Uber provided copies of the redacted versions of the six (6) samples Uber agreed to produce with redactions.

**Summation of the Tranche 2 Random Sampling Process Dispute**

25. As of January 7, 2025, Uber responded as follows to the 20 Tranche 2 Random Samples in dispute:

   a. Uber withdrew its privilege claim entirely from six (6) documents, which constitute 30% of the Tranche 2 Random Samples;

   b. Uber agreed to produce six (6) documents with redactions, which constitute 30% of the Tranche 2 Random Samples;

   c. Uber maintained is claim of privilege over eight (8) documents, which constitute 40% of the Tranche 2 Random Samples; and

   d. Overall, Uber agreed that 60% of the Tranche 2 Random Samples were erroneously designated by withdrawing its privilege claim in full or in part.

26. Similarly, Uber changed its position on 70% of the 10 Tranche 3 Random Samples by fully withdrawing its privilege claim from four (4) entries and producing three (3) entries with redactions.

**Exhibits**

27. Attached as **Exhibit A** is a true and correct copy of the five (5) disputed randomly selected log entries from the revised Tranche 2 Log provided to Plaintiffs on December 24, 2024.

Attached as **Exhibit B** is a true and correct copy of the five (5) disputed randomly selected log entries from the Tranche 2 Log alongside Uber's description of each document according to Uber's portion of the joint letter brief concerning Tranche 2 random selection sample disputes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January, 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis