| Log No. | Uber's Description of document in 'Privileged Document Category" on Privilege Log | Uber's Description of Document on PTO 8 Brief |
|---|---|---|
| JCCP_MDL_PRIVLOG026377 | Confidential e-mail thread discussing legal advice from in-house counsel regarding IRT policies and practices for handling allegations of sexual assault or sexual misconduct. | This is an email chain from December 2017. In the redacted portions of the December 7, 2017 email, non-attorney Uber employee Buddy Loomis, then-Senior Manager, Investigations, conveys legal advice that Associate General Counsel Scott Binnings and other Uber in-house attorneys had previously provided to Ms. Loomis and her team concerning deactivation of independent driver accounts in circumstances involving reported fatalities or sexual misconduct allegations. See Binnings Decl. ¶ 11. |
| JCCP_MDL_PRIVLOG028703 | Confidential e-mail prepared in anticipation of litigation by in-house counsel regarding reports of driver sexual assault or sexual misconduct. | This is an automatically-generated email from December 2017 containing a comment made by Laura Alioto, then-Head of Global Special Investigation Unit & Large Loss & Legacy Insurance Claims, in a JIRA incident report file on behalf of legal counsel. In her role, Ms. Alioto worked at the direction and supervision of in-house counsel and would have made this comment in that capacity. Ms. Alioto's comment provides specific advice at the direction of counsel about steps that have been taken and that need to be taken in light of the risk of litigation related to the reported incident. See Frangopoulos Decl. ¶ 6; see also , e.g., USA v. Shaw, 2023 WL 4539849, at *2 (N.D. Cal. July 12, 2023) (agreeing "that the attorney-client privilege applies to investigations performed by non-attorneys working at the direction of counsel"…"[C]onduct and communications of non-attorney employees, agents and investigators undertaken at direction of counsel are work-product protected"); United States v. Nobles, 422 U.S. 225, 238–39 (1975) ("[T]he [attorney work product] doctrine protect[s] material prepared by agents for the attorney as well as those prepared by the attorney himself."). |
| JCCP_MDL_PRIVLOG030622 | Confidential e-mail thread seeking and providing legal advice from in-house counsel regarding Uber's policies and practices for responding to allegations of driver sexual assault or sexual misconduct. | This is an email chain concerning data privacy. It is privileged because it relays and seeks legal advice from counsel. Then-Product Manager, Privacy Engineering, Zach Singleton sent the first email in the email chain, which discusses previous legal advice by Uber's in-house attorneys on a data privacy issue and a proposal to implement that legal advice. Then-Manager of Driving Safety Tyler Spitz forwarded Mr. Singleton's email to then-Counsel Brandon Myers and then-Senior Counsel Jennifer Handley and expressly asked for the lawyers' legal advice on the proposal. In the subsequent emails, Mr. Myers and Ms. Handley provide legal advice on the matter, and in the last two emails in the chain, Uber employees relay and discuss that legal advice. See Handley Decl. ¶ 6. |
| JCCP_MDL_PRIVLOG031766 | Confidential e-mail thread provided for purposes of seeking legal advice from in-house counsel regarding initiatives or campaigns to promote rider safety. | Regardless of whether this document on the whole is responsive and ultimately relevant, this communication is privileged. It is an email chain from then-Director of Ethics and Compliance Deanna Slocum, an attorney, to a group of individuals that included then-Legal Director, Employment, Achia Swift, then-Employment Counsel Alex Scherbatskoy, then-Vice President, Deputy General Counsel, Litigation, Employment & Government Investigations Angela Padilla, then-Head of Employment Legal Anu Ambikaipalan, then-Executive Assistant, Corporate Legal Raymond Galaviz, and then-Legal Director, Litigation, Labor & Employment (Latin America), Sergio Romero. The initial email contained the subject line "Employment Policy Team Meeting," and consisted of an agenda for an upcoming legal team meeting at which this group would discuss employment policies and company initiatives that then-Head of Safety and Insurance Brand Kate Parker would join as a guest speaker to discuss. The primary purpose of the email communication and the meeting (an internal meeting of one of Uber's legal teams) was to seek and provide legal advice concerning employment policies and topics. Ms. Slocum and other in-house counsel provided legal advice during and after the meeting. The second, top-level email in the chain is a forward of the prior email by Ms. Parker to two additional non-attorney employees. See Binnings Decl. ¶ 10; see also Cummings Decl. ¶ 23(d). |
| JCCP_MDL_PRIVLOG032247 | Redacted confidential e-mail thread memorializing legal advice from in-house counsel regarding initiatives or campaigns to promote rider safety. | This is an email chain from November 2019. This document was produced with a single privilege redaction of one section of one of the emails. In this section, an Uber employee tells another Uber employee that in order to implement a particular policy, she will need to review the guidance provided by Uber's in-house attorneys and approve the policy, and then relays specific legal advice from Legal Director Brandon Myers, Senior Counsel Claire Eagan, and Senior Legal Director Maureen Frangopoulos. The subsequent part of this email, which discusses the public communication about this policy change, is not redacted. The second, top-level email in this chain is not redacted. See Frangopoulos Decl. ¶ 2. |