| | |
|---|---|
| 1 | RANDALL S. LUSKEY (SBN: 240915) |
| 2 | rluskey@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON** |
| 3 | **& GARRISON LLP**<br>535 Mission Street, 24th Floor |
| 4 | San Francisco, CA 94105<br>Telephone: (628) 432-5100 |
|   | Facsimile: (628) 232-3101 |
| 5 | ROBERT ATKINS (*Pro Hac Vice* admitted) |
| 6 | ratkins@paulweiss.com<br>CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted) |
| 7 | cgrusauskas@paulweiss.com<br>ANDREA M. KELLER (*Pro Hac Vice* admitted) |
| 8 | akeller@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON** |
| 9 | **& GARRISON LLP**<br>1285 Avenue of the Americas |
| 10 | New York, NY 10019<br>Telephone: (212) 373-3000 |
| 11 | Facsimile: (212) 757-3990 |
| 12 | *Attorneys for Defendants* |
| 13 | UBER TECHNOLOGIES, INC.;<br>RASIER, LLC; and RASIER-CA, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF MAUREEN FRANGOPOULOS IN SUPPORT OF DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF ON PRIVILEGE DISPUTE** |
| This Document Relates to:<br>ALL ACTIONS | |
| | Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

MAUREEN FRANGOPOULOS DECLARATION ISO DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF ON PRIVILEGE DISPUTE
Case No. 3:23-MD-3084-CRB

## DECLARATION OF MAUREEN FRANGOPOULOS

I, Maureen Frangopoulos, having personal knowledge of the following state:

1. I am the Senior Legal Director, Central Strategy and Special Matters, Global, at Uber. I was first employed by Uber in August 2015 and I have worked as an in-house legal counsel for the past 9 years. My previous positions at Uber included Counsel, Insurance; Senior Counsel, Insurance; Director, Safety & Insurance; Senior Legal Director, Safety and Insurance Litigation, U.S. and Canada; and Senior Legal Director, Global Safety & Insurance Litigation. For my entire tenure at Uber my job roles in these positions were in a capacity to provide legal advice to Uber and its employees. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's submission in the January 14, 2025 privilege dispute. In particular, I address herein documents referred by privilege log numbers as JCCP_MDL_PRIVLOG032247, JCCP_MDL_PRIVLOG044768, JCCP_MDL_PRIVLOG050377, JCCP_MDL_PRIVLOG052655, and JCCP_MDL_PRIVLOG028703. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document referenced as JCCP_MDL_PRIVLOG032247. It is an email chain dated November 6 and November 7, 2019 that contains one privilege redaction. In the redacted portion of the first email in the chain, then-Safety Operations Manager Susan Muehrcke tells then-Head of Safety, Standards, and Quality (U.S. and Canada) Danielle Sheridan that in order to implement a particular policy, she will need to review the guidance provided by Uber's in-house attorneys and approve the policy. Ms. Muehrcke then relays specific legal advice from Legal Director Brandon Myers, Senior Counsel Claire Eagan, and myself. The following part of this email, which discusses the public communication about this policy change, is not redacted. The second, top-level email in this chain is not redacted.

3. I am familiar with the document referenced as JCCP_MDL_PRIVLOG044768. It is an automatically-generated email dated September 13, 2018 sent to then-Manager, Special Investigations, Lucas Coker. I am familiar with the JIRA incident report system and the manner in

2

MAUREEN FRANGOPOULOS DECLARATION ISO DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF
ON PRIVILEGE DISPUTE                                                Case No. 3:23-MD-3084-CRB

1  which Uber's in-house legal counsel and employees working at the direction of legal counsel use the
2  system to convey legal advice related to incident reports.  The email at issue consists of a comment
3  made in an incident report file by then-Senior Global Special Investigations Claims Advocate Mike
4  Haas.  In his comment, Mr. Haas provides information about communications between Uber and an
5  attorney representing the reporting party, and also the potential for a legal claim to be asserted against
6  Uber.  Mr. Haas also conveys in his comment direction on behalf of counsel based on the reporting
7  party being represented by counsel.  In his role, Mr. Haas worked under the supervision and direction
8  of Uber's in-house legal counsel and would have made this comment in that capacity.

9      4.    I am familiar with the document referenced as JCCP_MDL_PRIVLOG050377.  It is
10 an automatically-generated email dated June 23, 2017 sent to then-Safety Communications Specialist
11 Kayla Whaling.  The email copies a comment made within an incident report file by then-Senior
12 Counsel, Safety and Insurance Litigation, Stephanie Vitale.  In the comment, which is copied into the
13 email, Ms. Vitale provides legal advice on a deactivation of an independent driver.

14     5.    I am familiar with the document referenced as JCCP_MDL_PRIVLOG052655.  It is
15 an automatically-generated email dated September 21, 2018 sent to then-Safety Communications
16 Specialist Kayla Whaling.  The email copies a comment made within a JIRA incident report file by
17 then-Senior Counsel, Safety and Insurance Litigation, Stephanie Vitale.  In the comment, which is
18 copied into the email, Ms. Vitale provides legal advice regarding handling the report.

19     6.    I am familiar with the document referenced as JCCP_MDL_PRIVLOG028703. It is an
20 automatically-generated email dated December 5, 2017 sent to Matthew Baker. It consists of a
21 comment made by Laura Alioto, then-Head of Global Special Investigation Unit & Large Loss &
22 Legacy Insurance Claims, in a JIRA incident report file on behalf of legal counsel. In her role, Ms.
23 Alioto worked at the direction and supervision of in-house counsel and would have made this comment
24 in that capacity. The comment provides specific advice at the direction of counsel about steps that
25 have been taken and that need to be taken in light of the risk of litigation related to the reported
26 incident.

27
28

1 | I declare under penalty of perjury that the foregoin

2 | Executed on January 13, 2025.         By: *Maureen Frangopoulos*

3 |                                             Maureen Frangopoulos

4

MAUREEN FRANGOPOULOS DECLARATION ISO DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF ON PRIVILEGE DISPUTE                                      Case No. 3:23-MD-3084-CRB