IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**DECLARATION OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING ROUND 3 PRIVILEGE LOG DISPUTES**<br><br>Judge: Honorable Lisa J. Cisneros |

- 1 -

DECLARATION OF TIFFANY ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING PRIVILEGE LOG DISPUTES

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' portion of the joint letter brief concerning privilege log disputes.

3. I have personal knowledge of the facts stated herein and, if called upon to do so, could and would testify competently thereto.

4. As required by PTO 8, I attest that Plaintiffs met and conferred with Defendants prior to seeking relief from the Court.

**Privilege Log Production and Review – Background**

5. On December 4, 2024 at 4:29 A.M., Uber produced the privilege log for Tranche 3 Custodian documents ("Tranche 3 Log") which contained 17,579 entries.

6. Per PTO 20, Uber's Tranche 3 Log should have been provided to Plaintiffs on December 3, 2024.

7. On December 17, 2024, Plaintiffs sent a challenge letter to Uber ("Tranche 3 Challenge Letter").

8. The Tranche 3 Challenge Letter detailed the general issues with the Tranche 3 Log, as well as categories of privilege challenges. Plaintiffs challenged 8,164 of the 17,579 entries in the Tranche 3 Log.

9. Attached to the Tranche 3 Challenge Letter was a chart reproducing Uber's Tranche 3 Log and explaining, for each challenged entry, the exact reason why each specific entry was being challenged based on the information provided by Uber. Each entry is reviewed individually and no challenge reason or explanation is automatically generated.

10. Along with the Tranche 3 Challenge Letter, Plaintiffs selected and notified Uber of the 60 samples, as well as three attachments to emails ("63 Samples"), as mandated by this Court in its PTO 20 Order, to move forward with the dispute process.

11. On December 18, 2024, Uber produced a revised version of Tranche 2 and

- 2 -

DECLARATION OF TIFFANY ELLIS IN SUPPORT OF
PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF
REGARDING PRIVILEGE LOG DISPUTES

Tranche 3 Log entries as directed in the Court's November 27, 2024 Order requiring Uber to re-review certain privileged documents.

**Conferral Over Disputed Privilege Log Entries and Challenges**

12. On December 23, 2024, the parties met and conferred to address general issues with the Tranche 3 Log and the 60 samples provided by Plaintiffs, as detailed in the Tranche 3 Challenge Letter.

13. During the December 23, 2024 meeting, the parties made the following assertions:

    a. Plaintiffs asked Uber about 393 additional log entries that were added to Uber's Revised Tranche 2 Log. Uber agreed to analyze the matter and explain to Plaintiffs where the 393 additional privilege log entries came from;

    b. Uber agreed to produce a response to the 63 Samples by the beginning of the week of December 30, 2024;

    c. The Parties discussed a selection process for random sample entries from Tranche 2 Privilege Log and Tranche 3 Log to be reviewed and discussed by the Parties, and set a next meeting date for December 30, 2024 in order to conduct the random selection process;

    d. Plaintiffs requested that Uber provide Plaintiffs with an expected date by which Uber would respond to the samples to be selected by the Parties on December 30, 2024. Uber refused to provide a date.

14. On December 24, 2024, Uber produced a revised version of the Tranche 3 Log in response to Plaintiffs' Tranche 3 Challenge Letter.

15. On December 30, 2024, Uber provided responses to 60 of the 63 Samples.

16. Uber's responses consisted of the following:

    a. Uber withdrew its privilege claim entirely from 35 documents;

    b. Of those 35 documents, fourteen (14) privilege claims were withdrawn in Uber's T3 Revised 12/24 Log, and Uber stated that it would withdraw its

        privilege claim from an additional twelve (12) documents in its e-mail response;

    c. Uber decided to produce fourteen (14) documents with redactions, one of which was produced with redactions alongside the T3 Revised 12/24 Log;

    d. Uber maintained its privilege claims over eleven (11) of the 63 Samples;

    e. Uber did not address one of the 63 Samples at all (JCCP_MDL_PRIVLOG045140); and

    f. Uber requested time to further analyze the two remaining samples out of the 63 Samples.

17. On December 30, 2024, the Parties met and conferred wherein they randomly selected 30 samples from Tranche 2 and Tranche 3 for dispute ("30 Random Samples").

18. On January 3, 2025, Plaintiffs asked for a meet & confer with Uber before PTO 20's January 7, 2025 deadline to discuss the 30 Random Samples and Uber's responses to the 63 Samples.

19. On that same day, Plaintiffs asked Uber to provide a complete response to the 63 Samples by the end of day, January 3, 2025.

20. Uber refused to provide a complete response to the 63 samples and stated that a response would be provided on January 6, 2025.

21. On January 7, 2025 at 12:29 A.M., Uber provided a few missing responses to the 63 Samples, as well as responses to the 30 Random Samples.

22. Uber's additional responses concerning the 63 Samples consisted of the following:

    a. Uber withdrew its privilege claim entirely from one (1) document out of the 63 Samples because it was erroneously marked as responsive and relevant to this litigation. Uber will not be producing this document;

    b. Uber changed its stance on one (1) document from 63 Samples and withdrew its privilege claim entirely. Uber previously responded on

        December 30, 2024 that it was maintaining its claim over that entry;

c. As to the two (2) outstanding entries for which Uber had not provided a response on December 30, 2024, Uber maintained its privilege claim for one of them and agreed to produce the other with redactions; and

d. Uber still did not address one of the 63 Samples at all (JCCP_MDL_PRIVLOG045140).

**Summation of the Tranche 3 and Random Sampling Process Disputes**

23. As of January 7, 2025, Uber responded as follows to the Tranche 3 disputes regarding the 63 Samples:

a. Uber withdrew its privilege claim entirely from 36 documents, which constitute approximately 57% of the 63 Samples;

b. Uber agreed to produce 15 documents with redactions, which constitute approximately 24% of the 63 Samples;

c. Uber maintained is claim of privilege over 10 documents in their entirety, which constitute approximately 16% of the 63 Samples;

d. Uber failed to address one of the 63 Samples;

e. Uber removed one of the 63 Sample entries because of a failure to previously determine that said document was unresponsive and irrelevant to this litigation.

f. Overall, Uber agreed that approximately 59% of the 63 Samples were erroneously designated; and

g. Uber altered its position on approximately 84% of the 63 Samples.

24. As of January 7, 2025, Uber responded as follows to the 10 sample entries randomly selected from the Tranche 3 Log ("Tranche 3 Random Samples"):

a. Uber withdrew its privilege claim entirely from four (4) entries, which constitutes 40% of the Tranche 3 Random Samples;

b. Uber agreed to produce three (3) entries with redactions, which constitutes

- 5 -

DECLARATION OF TIFFANY ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING PRIVILEGE LOG DISPUTES

        30% of the Tranche 3 Random Samples;

   c. Uber maintained its claims of privilege over only three (3) entries, which constitutes 30% of the Tranche 3 Random Samples; and

   d. Overall, Uber agreed that 70% of the Tranche 3 Random Samples were erroneously designated.

25. Combining the 63 Samples and 10 Tranche 3 Random Samples, the Parties discussed and reviewed a total of 73 entries from the Tranche 3 Log. Uber modified its position on 82.2% of them.

26. Similarly, throughout the privilege log meet and confer and sample dispute process for previous logs, Uber modified its privilege claims on approximately 84% of the samples from Tranche 1, and approximately 73% of the samples from Tranche 2.

27. Uber's margin of error in providing correct privilege log designations and descriptions appeared to improve briefly, but then worsen throughout the privilege log meet and confer and sample dispute process.

28. Moreover, during the meet and confer and sample dispute process for the Tranche 3 Log, Uber made these additional mistakes:

   a. Uber erroneously included a document that was not responsive and that was completely irrelevant to this litigation, and which contained a description that had nothing to do with the document's actual contents;

   b. Uber edited its redactions on one entry's document after the original challenge was made by Plaintiffs; and

   c. Uber included an additional 393 privilege log entries on a revised log production that were previously not included in the original privilege log production with no mention of same and without explanation to Plaintiffs.

29. These additional mistakes further highlight Uber's improper privilege designation process and the undue burden it places on Plaintiffs.

**Exhibits**

DECLARATION OF TIFFANY ELLIS IN SUPPORT OF PLAINTIFFS' PORTION OF PTO 8 LETTER BRIEF REGARDING PRIVILEGE LOG DISPUTES

30. Attached as **Exhibit A** is a true and correct copy of the thirteen (13) disputed log entries as presented by Uber on its revised Tranche 3 Log provided to Plaintiffs on December 24, 2024.

31. Attached as **Exhibit B** is a true and correct copy of the thirteen (13) disputed log entries alongside Uber's description of each document according to Uber's portion of the joint letter brief concerning Tranche 3 privilege log disputes.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 14th day of January, 2025 in Detroit, Michigan.

/s/  *Tiffany R. Ellis*
Tiffany R. Ellis