RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF JENNIFER HANDLEY IN SUPPORT OF DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF ON PRIVILEGE DISPUTE**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

---

JENNIFER HANDLEY DECLARATION ISO DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF
ON PRIVILEGE DISPUTE        Case No. 3:23-MD-3084-CRB

# DECLARATION OF JENNIFER HANDLEY

I, Jennifer Handley, having personal knowledge of the following state:

1. I am the Senior Legal Director, Global Safety, at Uber. I was first employed by Uber in December 2018 and have worked as in-house counsel for the past 6 years. My previous roles include Senior Counsel, Safety and Legal Director, Safety. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's January 14, 2025 submission on the privilege dispute. In particular, I address herein documents referred by privilege log numbers as JCCP_MDL_PRIVLOG040099, JCCP_MDL_PRIVLOG040249, JCCP_MDL_PRIVLOG040519, and JCCP_MDL_PRIVLOG030622. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document referenced by privilege log number as JCCP_MDL_PRIVLOG040099. It is an email chain with emails dated from June 4 to July 8, 2019. As part of my role as in house counsel for Uber, I provide the company legal advice concerning safety issues, including Uber's app safety features. I sent the first email in this chain to then-Senior Business Intelligence Analyst, Safety, Data Science Manager for Uber Sunny Wong, Safety Data Science Manager Varun Harchekar, and then Senior Program Manager, Safety & Transparency, Brittany Anthony, asking them to gather and provide me with certain data concerning Uber's app safety features. I requested this information to facilitate my provision of legal advice concerning Uber app's safety features and in anticipation of litigation, as stated in my initial email. I did not request this data for any non-legal business purpose. Thus, I specifically instructed them to mark documents created in connection with this request for privilege and attorney work product and to limit access to the four of us and then-Head of Safety and Insurance Analytics Frank Chang and then Data Analytics Manager, Safety and Insurance, Katherine (Katy) McDonald. The subsequent emails in the chain discussed the scope, details, and logistics of my data request.

3. I reviewed the document referenced by privilege log number as JCCP_MDL_PRIVLOG040249. It is an email chain with emails dated from July 9 to July 16, 2021. I am familiar with the issues discussed and individuals in this email chain from working as an in-house legal counsel at Uber at this time. Mike Haas sent the first email in the chain to Katy McDonald, then Senior Manager for Uber's Safety and Insurance team, and other members of the Safety and Insurance team. Mr. Haas sent that email at the direction of Uber's in-house legal counsel, as part of his role at that time as Senior Legal Project Manager for Uber's Safety Legal Special Investigations team. In that email, he sought clarification regarding the policies and procedures concerning deactivation of independent drivers. Mr. Haas requested this information on behalf of Uber's in-house attorneys because of a threatened lawsuit and because the Insurance Litigation legal team wanted clarification on the items discussed, as stated in his email. As a result, he noted at the beginning of this email that it was "A/C Privileged & Confidential/Prepared at Direction of Counsel in Anticipation of Litigation" and "Confidential Attorney Work Product." Uber's in-house attorneys asked him to seek clarification on such policies and to facilitate their provision of legal advice regarding the potential litigation. The following emails in the email chain respond to or discuss the questions Mr. Haas asked at the direction of counsel.

4. I am familiar with the document referenced by privilege log number as JCCP_MDL_PRIVLOG040519. It is a draft of Uber's first U.S. Safety Report. The date of this document in the metadata is November 19, 2019. Given the legal risks of public statements regarding safety issues, a team of Uber's in-house attorneys, including myself, directed and coordinated the drafting of the report. Uber attorneys directed and coordinated this effort to facilitate the provision of legal advice on the statements in the then draft report. Uber's in-house attorneys did, in fact, provide legal advice at every step of the way. The draft report was maintained confidentially in Uber's internal files throughout the drafting process. This draft contains comments and legal advice from several attorneys, including Deputy General Counsel Elizabeth Abbene Coleman, Chief Legal Officer Tony West, Associate General Counsel Scott Binnings, then-Deputy General Counsel Tammy Albarrán, and

myself. Each non-attorney involved with drafting the report did so at the direction, and under the supervision, of counsel.

5. I am familiar with the document referenced as JCCP_MDL_PRIVLOG030622. It is an email chain concerning data privacy. Then-Product Manager, Privacy Engineering, Zach Singleton sent the first email in the email chain, which discusses previous legal advice by Uber's in-house attorneys on a data privacy issue and a proposal to implement that legal advice. Then-Manager of Driving Safety Tyler Spitz forwarded Mr. Singleton's email to then-Counsel Brandon Myers and to me and expressly asked for our legal advice on the proposal. In the following emails, Mr. Myers and I provided legal advice on the matter, and in the last two emails in the chain, Uber employees relayed or discussed that legal advice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in Portland, Oregon on January 13, 2025. By: *Jennifer Handley*

                                                                                    Jennifer Handley

4

JENNIFER HANDLEY DECLARATION ISO DEFENDANTS' JANUARY 14, 2025 JOINT LETTER BRIEF
ON PRIVILEGE DISPUTE                                                                                  Case No. 3:23-MD-3084-CRB