# EXHIBIT A

WILLIAM L. SMITH (Cal Bar No. 324235)
**ANAPOL WEISS**
6060 Center Drive 10th Floor,
Los Angeles, CA 90045
Telephone: 202.780.3014
Facsimile: 202.780.3678
Email: wsmith@anapolweiss.com

HOLLY DOLEJSI (*Admitted Pro Hac Vice*)
**ANAPOL WEISS**
60 South 6th St., Suite 2800
Minneapolis, MN 55402
Telephone: 202.780.3014
Facsimile: 202.780.3678
Email: hdolejsi@anapolweiss.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL: No. 3084 CRB <br><br> Honorable Charles R. Breyer |
| This Document Relates to: <br><br> *C.A. v. Uber Technologies, Inc., et al.* <br> Case No. 3:24-cv-07553 | **DECLARATION OF WILLIAM SMITH IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD** |

I, William Smith, declare:

1. I am an attorney at the law firm of Anapol Weiss. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff C.A. ("Plaintiff") has failed to comply with numerous requests by my office to provide the information necessary to produce her PFS form. On December 12, 2024, we advised Plaintiff that failure to provide the necessary information would result in

withdrawal from her case. Plaintiff has not responded to subsequent attempts at contact.

3. Plaintiff's failure to communicate with our office has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. Our office is unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), our office has taken all reasonable available steps to avoid prejudice to the rights of Plaintiff.

   a. Throughout the course of our representation of Plaintiff since she had retained our office on October 2, 2024, she has been minimally responsive, before ceasing communications altogether on December 12, 2024.

   b. Before and throughout the time period described below since service of her Plaintiff Fact Sheet was due, Plaintiff received numerous telephone calls, letters, emails, text messages, and voice messages requesting that she contact our office. These communications included 15 unsuccessful phone calls with voice messages, 15 emails, and 6 text messages. In these communications, our office repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that our office would need to withdraw as counsel if she did not contact our office.

   c. In advance of the Plaintiff Fact Sheet deadline in her case, our office emailed Plaintiff a blank Plaintiff Fact Sheet and notified Plaintiff by telephone calls to which Plaintiff confirmed receipt of the Plaintiff Fact Sheet and assured our office that she would provide us with the necessary information to complete the Plaintiff Fact Sheet but our office did not receive the requested information from her in advance of the deadline.

   d. On November 26, 2024, an on-line version of the Plaintiff Fact Sheet was re-sent to the Plaintiff with the same reassurance that she would provide the necessary information to which she did not comply yet again.

   e. On December 12, 2024, our office communicated with counsel for Defendants via electronic mail of our intention to respond to Defendants deficiency letter

regarding Plaintiff.

f. On December 12, 2024, our office was in communication with the Plaintiff and sent her yet another on-line Plaintiff's Fact Sheet that she confirmed that she received and that she would complete before December 16, 2024. Plaintiff did not comply with this request and did not respond to our efforts to contact her.

g. Since October 2, 2024, our office sent electronic mail messages to Plaintiff on October 21, 2024, October 22, 2024, October 31, 2024, November 1, 2024, November 11, 2024, November 13, 2024, November 20, 2024, November 22, 2024, November 25, 2024, November 26, 2024, November 27, 2024, December 6, 2024, December 9, 2024, December 12, 2024, December 20, 2024.

h. On December 27, 2024, January 2, 2025, January 3, 2025, and January 9, 2025, our office sent electronic messages to Plaintiff explaining that if she did not contact us immediately, we would take the necessary steps to withdraw as counsel; these communications offered Plaintiff a deadline by which to contact our office.

5. On January 10, 2025, I conferred with counsel for Defendants by email and conveyed our intention to withdraw from Plaintiff's representation.

6. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our office that alternative counsel has been retained.

7. Our withdrawal from this case will not impact the timing or schedule of this litigation, and our office has taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and consequences of failing to comply with case deadlines.

8. I understand that, pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our office continuing to accept papers to forward to Plaintiff. In compliance with Local Rule 11-5(b), our office accepts this responsibility.

Executed this 17th day January, 2025

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*/s/ William L. Smith*
William L. Smith