RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF Nos. 2088 AND 2090]**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING
# CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated January 15, 2025, ECF 2088 and 2090 ("Plaintiffs' Motion(s)").

## I.   BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motions concern three documents:

| Document | Description | Designating Party |
|---|---|---|
| Portions of Ex. A to Ellis Declaration ISO Joint Discovery Letter re: Tranche 2 Random Selection Privilege Disputes (ECF 2089-1, 2089-2) | A chart of entries from a confidential privilege log containing personal email addresses (proposed redactions filed as **Exhibit A**) | Uber |
| Portions of Ex. A to Ellis Declaration ISO Joint Discovery Letter re: Tranche 3 Privilege Disputes (ECF 2091-1, 2091-2) | A chart of entries from a confidential privilege log containing personal email addresses and other confidential information (proposed redactions filed as **Exhibit B**) | Uber |
| Portions of Joint Discovery Letter Brief re: Tranche 3 Privilege Disputes (ECF 2091) | A joint letter brief containing two redactions of confidential information | Uber |

The documents at issue are two exhibits containing entries to a confidential privilege log, and a letter brief containing two redactions. Uber submits redacted versions of the two privilege log exhibits, which were filed under seal (ECF 2089-2; ECF 2091-2), as Attachments A and B to this Statement. The redacted portions of these documents consist of personal identifying information, namely non-public email addresses of Uber employees, and information regarding a confidential pilot program contained in the letter brief and one of the privilege log exhibits. *See* Cummings Decl. ¶¶ 2-5. Disclosure of these documents would harm the privacy interests of these individuals and Uber's competitive standing and legitimate privacy interests. Uber therefore submits this statement

2
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2088 AND 2090]
Case No. 3:23-MD-3084-CRB

requesting that the Court seal the un-redacted versions of the letter brief and exhibits under Local Rule 79-5(f)(3).

## II.  LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The documents here are related to briefing on privilege disputes; they are not related to a dispositive motion.  *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google LLC*, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020).  Therefore, the good cause standard applies.  Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves."  *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

"Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."  *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").  Courts also routinely seal confidential business information under the good cause standard, such as business plans.  *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking, as well as internal budgeting and finances"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing

confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products").

### III.     UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are two exhibits containing entries from a confidential privilege log, and a letter brief containing two redactions. Uber submits redacted versions of the two privilege log exhibits, which were filed under seal (ECF 2089-2; ECF 2091-2), as Attachments A and B to this Statement. The redacted portions of these documents consist of personal identifying information, namely non-public email addresses of Uber employees, and information in the letter brief and an email subject line in a privilege log exhibit regarding a confidential pilot program. *See* Cummings Decl. ¶¶ 2-5. Uber has a legitimate interest in sealing the un-redacted version of these documents in order to avoid harm to the privacy interests of these individuals and its competitive standing and legitimate privacy interests. There are no less restrictive alternatives to sealing the documents as the documents have already been narrowly redacted. *See id.*

**A. Failing to Seal the Documents Would Harm Uber**

**Portions of Ex. A to Ellis Declaration ISO Joint Discovery Letter re: Tranche 2 Random Selection Privilege Disputes:**

This document is an exhibit containing entries to a confidential privilege log. This exhibit was used by Plaintiffs in the joint letter brief on Tranche 2 random selection privilege disputes (ECF 2088, 2089) submitted pursuant to the Court's December 21, 2024 Order (ECF 2005). The redacted portions of this document in Exhibit A to this filing consist of personal identifying information, namely non-public email addresses of Uber employees. *Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2. No other redactions were made to this document. This Court has previously permitted similar redactions of employee addresses on privilege logs. (ECF 2007; ECF 1947)

4
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2088 AND 2090]
Case No. 3:23-MD-3084-CRB

**Portions of Ex. A to Ellis Declaration ISO Joint Discovery Letter re: Tranche 3 Privilege Disputes:**

This document is an exhibit containing entries to a confidential privilege log. This exhibit was used by Plaintiffs in the joint letter brief on Tranche 3 privilege disputes (ECF 2090, 2091) submitted pursuant to PTO 20 (ECF 1808) and the Court's December 21, 2024 Order (ECF 2005). The redacted portions of this document in Exhibit B to this filing consist of personal identifying information, namely non-public email addresses of Uber employees. *Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2. This Court has previously permitted similar redactions of employee addresses on privilege logs. (ECF 2007; ECF 1947). Also redacted are the "Document Title", "File Name", and "Email Subject" fields (all the same information) for one privilege log entry related to a confidential pilot program. Courts routinely seal confidential business information under the good cause standard, such as business plans. *See, e.g.*, *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2. No other redactions were made to this document.

**Portions of Joint Discovery Letter re: Tranche 3 Privilege Disputes:**

This document is letter brief on Tranche 3 privilege disputes (ECF 2090, 2091) submitted pursuant to PTO 20 (ECF 1808) and the Court's December 21, 2024 Order (ECF 2005). The redacted portions of this document (two redactions) consist of references, in Plaintiffs' argument on one document (JCCP_MDL_PRIVLOG056137), to a confidential pilot program. No other redactions were made to this document.

**B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

The documents have already been redacted, and the redacted versions have already been filed on the docket (ECF 2091) or attached to this filing as Exhibit A and Exhibit B. No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings Decl. ¶¶ 2-5. Actions short of sealing the documents would not protect the legitimate privacy interests of Uber employees and Uber's competitive standing and legitimate privacy interests.

IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the un-redacted versions of the documents listed above be maintained under seal.

DATED: January 21, 2025

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
　　MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
　mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
　oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
　ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
　jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
　& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC