RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF Nos. 2088 AND 2090]**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

**DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings, having personal knowledge of the following state:

1. I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF Nos. 2088 and 2090, ("Uber's Statement").

2. I have reviewed Exhibit A to the declaration of Tiffany Ellis in support of the joint letter brief on Tranche 2 random selection privilege disputes (ECF 2089-1, 2089-2). It is an exhibit containing entries from Uber's confidential privilege logs for documents at issue in the joint letter brief on privilege disputes submitted pursuant to PTO 20 (ECF 2089). The redacted portions of this document in Exhibit A to Uber's Statement consist of personal identifying information, namely non-public email addresses of Uber employees on the privilege log. No other information on this exhibit has been redacted. The domain portion of the email addresses ("@Uber.com") has not been redacted. Under these circumstances, there is no legitimate interest in the public disclosure of non-public email addresses of individual Uber employees. Disclosing this information on a public docket risks these individuals being sent spam and other unsolicited communications they would have not otherwise received, interfering with the effectiveness and efficiency of their communications and work, and potentially presenting other cyber security risks for accounts associated with those email addresses. *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NOS. 2088 AND 2090]

Case No. 3:23-MD-3084-CRB

1  that "there are compelling reasons to seal customer names, … as well as employee email addresses").
2  This Court has previously permitted similar redactions of employee addresses on privilege logs. (ECF
3  2007; ECF 1947)

4    3.    I have reviewed Exhibit A to the declaration of Tiffany Ellis in support of the joint
5  letter brief on Tranche 3 privilege disputes (ECF 2091-1).  It is an exhibit containing entries from
6  Uber's confidential privilege logs for documents at issue in the joint letter brief on privilege disputes
7  submitted pursuant to PTO 20 (ECF 2091).  The redacted portions of this document in Exhibit B to
8  Uber's Statement consist of personal identifying information, namely non-public email addresses of
9  Uber employees on the privilege log.  The domain portion of the email addresses ("@Uber.com") has
10 not been redacted.  Under these circumstances, there is no legitimate interest in the public disclosure
11 of non-public email addresses of individual Uber employees.  Disclosing this information on a public
12 docket risks these individuals being sent spam and other unsolicited communications they would have
13 not otherwise received, interfering with the effectiveness and efficiency of their communications and
14 work, and potentially presenting other cyber security risks for accounts associated with those email
15 addresses.  *Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.
16 This Court has previously permitted similar redactions of employee addresses on privilege logs.  (ECF
17 2007; ECF 1947)  Also redacted are the "Document Title", "File Name", and "Email Subject" fields
18 (all the same information) for one privilege log entry related to a non-public confidential, internal Uber
19 pilot program.  Courts routinely seal confidential business information under the good cause standard,
20 such as business plans.  *See, e.g.*, *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL
21 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2.  No other redactions were made to this
22 document.

23   4.    I have reviewed the unredacted version of the joint letter brief on Tranche 3 privilege
24 disputes (ECF 2091).  The redacted portions of this document consist of two redactions that reference
25 confidential information related to a non-public confidential, internal Uber pilot program.  Courts
26 routinely seal confidential business information under the good cause standard, such as business plans.

27

3

28 DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NOS. 2088 AND 2090]
Case No. 3:23-MD-3084-CRB

1  *See, e.g.*, *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz
2  Platform*, 2023 WL 6135556, at *2.  No other redactions were made to this document.

3        5.      The disclosure of the above-described documents could harm the privacy interests of
4  these individuals and Uber's competitive standing and legitimate privacy interests.  No less restrictive
5  alternative to sealing the un-redacted documents would protect the legitimate privacy interests of Uber
6  employees and Uber's competitive standing and legitimate privacy interests as un-redacted versions
7  of the documents have already been filed on the docket (ECF 2091) or attached to Uber's Statement
8  as Exhibit A and Exhibit B.

10        I declare under penalty of perjury that the foregoing is true and correct.

12  Executed on January 21, 2025.                By: */s/ Daniel Cummings*
13                                                            Daniel Cummings

28  DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NOS. 2088 AND 2090]
      Case No. 3:23-MD-3084-CRB