# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **JOINT LETTER REGARDING WILLIAMS HART PLAINTIFFS' COMPLIANCE WITH NOVEMBER 18, 2024 PFS ORDER** |
| This Document Relates to: | |
| *WHB 1017* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04806 | Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |
| *WHB 1293* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04817 | |
| *WHB 1027* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04820 | |
| *WHB 928* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04825 | |
| *WHB 511* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04842 | |
| *WHB 860* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04845 | |
| *WHB 1123* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04850 | |
| *WHB 1023* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04877 | |
| *WHB 1497* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04891 | |
| *WHB 333* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04905 | |
| *WHB 1658* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04907 | |

*WHB 203* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04912

*WHB 1873* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04933

*WHB 1619* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04961

*WHB 689* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-04965

*WHB 175* v. *Uber Technologies, Inc., et al.*, *No. 3:24-cv-04982*

*WHB 1845* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05015

*WHB 676* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05024

*WHB 1900* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05031

*WHB 1941* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05032

*WHB 1431* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05057

*WHB 12* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05058

*WHB 1919* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05059

*WHB 649* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05095

*WHB 666* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05127

*WHB 701* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05138

*WHB 1655* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05223

*WHB 451* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05256

*WHB 1832* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05305

*WHB 703* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05361

*WHB 1272* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05366

*WHB 473* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05459

*WHB 1048* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05462

*WHB 1661* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05468

*WHB 1414* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05495

*WHB 1468* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05500

*WHB 1043* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05501

*WHB 1677* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05556

*WHB 1659* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05565

*WHB 981* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05573

*WHB 1552* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05599

*WHB 1381* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05603

*WHB 632* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05604

*WHB 1544* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05622

*WHB 438* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05631

*WHB 393* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05633

*WHB 349* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05636

*WHB 1611* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05665

*WHB 1416* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05667

*WHB 1348* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05669

*WHB 946* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05698

*WHB 1142* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05712

*WHB 1057* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05715

*WHB 1470* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05716

*WHB 871* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05770

*WHB 935* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05776

*WHB 1484* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05779

*WHB 375* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05781

*WHB 1317* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05791

*WHB 513* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05951

*WHB 991* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05959

*WHB 1556* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-05986

*WHB 1999* v. *Uber Technologies, Inc., et al.*,
No. 3:24-cv-07048

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' compliance with Court's November 18, 2024 Order, Dkt. No. 1877.

Dated: January 22, 2025

Respectfully Submitted,

| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **WILLIAMS HART & BOUNDAS, LLP** |
|---|---|
| */s/ Kyle Smith* | */s/ Walt Cubberly* |
| Kyle Smith (Pro Hac Vice admitted)<br>2001 K Street, NW<br>Washington DC, 20006<br>Telephone: (202) 223-7407<br>ksmith@paulweiss.com<br><br>*Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC | John Eddie Williams, Jr. (Pro Hac Vice admitted)<br>Brian Abramson (Pro Hac Vice admitted)<br>Margret Lecocke (Pro Hac Vice admitted)<br>Walt Cubberly (SBN 325163)<br>Batami Baskin (Pro Hac Vice admitted)<br>Myles Shaw (Pro Hac Vice admitted)<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017-5051<br>Telephone: (713) 230-2200<br>Facsimile: (713) 643-6226<br>jwilliams@whlaw.com<br>babramson@whlaw.com<br>mlecocke@whlaw.com<br>wcubberly@whlaw.com<br>bbaskin@whlaw.com<br>mshaw@whlaw.com<br><br>*Attorneys for Williams Hart & Boundas, LLP Plaintiffs* |

I.     **Uber's Position**

The 63 Plaintiffs identified in Exhibit A to the declaration of Kyle Smith have not complied with the Court's November 18, 2024 Order. Decl. of Kyle Smith ("Smith Decl.") Ex. A. The deficiencies in these Plaintiffs' Plaintiff Fact Sheet ("PFS") productions are outlined in Exhibit A and include missing verifications, withheld third-party contact information, and questions improperly answered with a variant of "will supplement." *Id.*

On January 3, 2025, Uber and Pulaski Kherkher, PLLC ("Pulaski Kherkher") submitted a similar dispute to the Court regarding other Plaintiffs who had not conformed their PFS submissions with the Court's November 18 Order. Dkt. No. 2043. The Court ordered the Plaintiffs at issue there to submit compliant discovery by January 21, 2025 and granted Uber permission to seek dispositive sanctions from Judge Breyer for any Plaintiff's continued non-compliance. Dkt. No. 2047. The Plaintiffs at issue here are virtually identically situated to the Plaintiffs in that dispute. Uber thus requests a virtually identical result: an order compelling Plaintiffs to produce compliant Plaintiff Fact Sheets within 14 days of the order Uber seeks and granting Uber permission to pursue dispositive sanctions from Judge Breyer should any Plaintiff fail to comply.

### A. The Court's Orders

Pretrial Order No. 10 ("PTO 10") requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." PTO 10, Dkt. No. 348 at 4. The parties submitted a joint letter to the Court disputing Plaintiffs' obligations under PTO 10, and the Court resolved the parties' disputes on November 18, 2024. Dkt. No. 1877. Pursuant to the Court's orders, Plaintiffs must verify both their initial and amended responses to the Plaintiff Fact Sheet's questions. Dkt. No. 1877 at 2–3; *see also* Dkt. No. 1995 at 2 (noting that providing unverified, "partial fact sheets . . . falls short of the scope that Judge Breyer previously found to be warranted" due in part to "the importance of *verified* PFS responses"). With a few limited exceptions, Plaintiffs must also provide contact information for third parties "to the extent such information is known by Plaintiffs and called for by the PFS." Dkt. No. 1877 at 4. Finally, the Court held that "'will supplement' or words to that effect, standing alone" are not "a suitable response to questions in the PFS." *Id.* at 7. The Court provided Plaintiffs with 30 days—until December 18, 2024—to conform any deficient PFS productions with the Court's decisions.

### B. The Plaintiffs at Issue

On December 9, 2024, Uber sent Williams Hart & Boundas, LLP ("Williams Hart") a letter identifying Plaintiffs represented by that firm who needed to amend their PFS productions by December 18 to comply with the Court's November 18 Order. Smith Decl., Ex. B. Among those Plaintiffs were the 63 Plaintiffs identified in Exhibit A. Smith Decl. ¶ 4. The parties have met and conferred about Plaintiffs' deficient PFS productions and failure to abide by the Court's December 18 deadline twice now, but the Plaintiffs listed in Exhibit A have still not complied. *Id.* ¶ 6.

### C. Requested Relief

Uber requests an additional order compelling the Plaintiffs identified in Exhibit A to provide compliant, verified PFS submissions that cure the deficiencies listed in Exhibit A. Uber

requests that each Plaintiff be ordered to provide the discovery within 14 days of the Court's order. Uber also requests the ability to file a motion for dispositive sanctions before Judge Breyer pursuant to Civil Local Rule 7-2 should any Plaintiff fail to comply with the Court's commands.

As discussed above, the relief that Uber seeks is consistent with the Court's prior decisions. On January 3, Uber and Pulaski Kherkher submitted a dispute to the Court regarding Plaintiffs who had not conformed their PFS submissions with the November 18 Order. Dkt. No. 2043. The Plaintiffs at issue in that dispute had failed to verify both amended and original responses to the PFS's questions, withheld third-party contact information, and answered questions with a variant of "will supplement." *Id.* at 1; Dkt. No. 2043-2. On January 6, 2025, the Court ordered the Plaintiffs at issue to provide compliant discovery by no later than January 21—*i.e.*, within 15 days of the Court's Order (the fourteenth being a holiday). Plaintiffs have provided no reason why the Court should reach a different result here when the deficiencies involved are identical.

Most of the deficiencies at issue are missing verifications. 59 of the 63 Plaintiffs in Exhibit A have never submitted a signed verification. Smith Decl. ¶ 3. The most recent signed verification submitted by the other four Plaintiffs was submitted on November 1, 2024. *Id.*

The Court has already "address[ed] the importance of *verified* PFS responses," Dkt. No. 1995 at 2, and held that providing "partial fact sheets with the information [counsel] has available . . . falls short" of the discovery that Judge Breyer has ordered Plaintiffs to provide, *id.* This dispute demonstrates the wisdom of the Court's decisions. Several of the Plaintiffs in Exhibit A have provided unverified responses that seem patently unplausible. For instance, after serving an unverified PFS that promised to supplement Plaintiff's response to Question 7 of the PFS, which asks Plaintiff to provide information regarding Plaintiff's employment, and Question 8 of the PFS, which asks Plaintiff to identify Plaintiff's highest level of education, Plaintiff WHB 1611, No. 3:24-cv-05665, served an unverified amended PFS stating that Plaintiff does not recall the name or location of Plaintiff's current employer (where Plaintiff reports to have worked for years), and that Plaintiff does not remember the highest level of education Plaintiff has obtained. Smith Decl. ¶ 5. Plaintiff WHB 513, No. 3:24-cv-05951, similarly served an unverified original PFS promising to supplement Plaintiff's employment and education information and then served an unverified amended PFS that states that the information requested by both questions is unknown. *Id.* In short, as the Court has already recognized, requiring Plaintiffs to comply with the Court's orders and verify their discovery "is essential for establishing the truth of the answers so that they may be relied on by the parties during the litigation." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012); *see also id.* at *8 (MDL court discussing "the clear body of law establishing the reasons for and importance of party verification"). Plaintiffs have failed to meet that standard.

Williams Hart does not dispute that the Plaintiffs identified in Exhibit A have not complied with the Court's November 18 Order (which directed Plaintiffs to file compliant fact sheets by December 18—**35 days ago**).[1] Nevertheless, Williams Hart requests an additional 60 days to fulfil Plaintiffs' basic obligation to provide complete and verified Plaintiff Fact Sheets. Williams Hart

---

[1] Williams Hart represents that certain of these cases may soon be proceeding in state court instead of the MDL. As long as they are a part of the MDL, however, Plaintiffs must comply with the Court's orders.

does not justify its request by identifying any Plaintiff-specific facts warranting an even further extension of the Court's deadline. The Court previously rejected Cutter Law P.C.'s request for an extension of the deadline to provide complete and verified Plaintiff Fact Sheets when no specific explanation justifying the extension had been offered, Dkt. No. 2080, and the Court should reject Williams Hart's request as well. As the Court has recognized, excusing Plaintiffs' failure to provide timely and complete discovery "at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers." Dkt. No. 1995 at 2. "Even for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current contact information or overlooked counsel's repeated efforts to contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'" *Id.* (omission in original) (quoting *Virtual Vision Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)). The Plaintiffs at issue have failed to meet that standard by failing to comply with the Court's November 18 Order. As it has done in the past—Dkt. Nos. 1995, 2047, 2080—the Court should order Plaintiffs to provide the necessary discovery promptly.

II. **Plaintiffs' Position**

Plaintiffs have been working to bring their PFS into compliance with the Court's November 18 PFS Order while also keeping up with Uber's separate deficiency letters. What Uber does not detail in its brief chronology of events is the number of Plaintiffs who have, since the Court's November 18 Order, satisfied the requirements of the Order. Uber originally alleged that 136 plaintiffs had not provided verifications to their PFS. That number is now 59. Uber alleged that 224 plaintiffs had not provided contact information for witnesses and 95 plaintiffs had "will supplement" responses in their PFS. Those numbers are now a combined four.

On December 9, Uber sent Plaintiffs' counsel a letter identifying the three requirements attendant to the Court's November 18 PFS Order. Uber alleged that 136 plaintiffs had not provided verifications to their PFS, 224 plaintiffs had not provided contact information for witnesses, and 95 plaintiffs had "will supplement" responses in their PFS. Decl. of Walt Cubberly ("Cubberly Decl.") Ex .A. Fortunately, Plaintiffs' counsel was well aware of the Court's November 18 Order and had been steadily amending nearly every client's PFS to bring all into compliance by December 18.

On December 24 at 8:38 pm, Uber sent Plaintiffs' counsel an updated chart, this time listing 141 total plaintiffs with various deficiencies. Cubberly Decl. Ex. B and B-1. According to Uber, there were now 22 plaintiffs who needed to provide contact information for witnesses, down from the original 224. The number of plaintiffs with a "will supplement" response was no longer 95, but now 24. 118 plaintiffs needed to verify their PFS, as opposed to the original 136.

Following the parties' first meet and confer, Uber sent Plaintiffs' counsel a third updated chart on January 3, 2025. Cubberly Decl. Ex. C and C-1. The number of plaintiffs who had not verified their fact sheet, whether original or amended, was 127, up from 118. As Plaintiffs' counsel

3

continued to get in touch with clients to amend their PFS, securing a signed verification presented a different challenge. Rather than remain noncompliant with the Court's November 18 PFS Order on both fronts, counsel chose to submit clients' amended, compliant PFS and submit the updated, signed verifications as Plaintiffs' counsel received them.

As of January 3, 96 of the 127 plaintiffs had not verified an original PFS, while 21 had submitted a verification before the November 18 Order, and 11 had submitted a verification after. *Id.* Only nine plaintiffs needed provide witness contact information (down from 22) and seven needed to supplement other answers throughout the PFS (down from 24).

In the meantime, Plaintiffs' counsel continued to strenuously work with clients to collect signed verifications and amend PFS to bring them into compliance with the Court's order. Uber sent Plaintiffs' counsel a fourth updated chart on January 10, 2025. Cubberly Decl. Ex. D and D-1. Uber reported 82 plaintiffs had not verified their PFS, six who needed to provide witness contact information, and five who needed to supplement other answers throughout the PFS.

In response, Plaintiffs' counsel notified Uber that three cases on the list were subject to a motion to remain in the JCCP,[2] one case had been filed individually in Texas,[3] and one case had been dismissed. In addition, since the last exchange on January 3, Plaintiffs' counsel had collected another 35 signed verifications, 18 of which were from Plaintiffs who had not previously submitted a verification.

Plaintiffs' counsel has submitted an additional eight signed verifications on MDL Centrality that are not reflected on Exhibit A. Plaintiffs' Counsel has also dismissed 17 cases and will likely dismiss more. The total number of outstanding verifications as of the date of drafting is 59, down from the original 136 that Uber alerted Plaintiffs' counsel to on December 8.

Over the last month, Plaintiffs' counsel has worked assiduously to bring these PFS into compliance while also addressing Uber's various deficiency letters. Counsel has submitted more than half of the outstanding verifications (some of which verify the plaintiff's second and/or third amended PFS), and there now remain only four plaintiffs who need to either provide witness information or supplement a PFS answer (down from 225 and 95 respectively).[4] Based on their

---

[2] WHB 203, No. 3:24-cv-04912; WHB 451, 3:24-cv-05256; and WHB 701, 3:24-cv-05138.

[3] WHB 12, No. 3:24-cv-05058.

[4] Uber's highlights two out of Plaintiffs' counsel's 400 cases, complaining that WHB 513 and WHB 1611 amended their "will supplement" responses to "unknown" and "I don't know." Plaintiffs' amended responses are compliant with the Court's November 18 PFS Order, which requires Plaintiffs "either provide an answer to the best of their knowledge or assert that they do not know the answer to the question." Plaintiffs have complied with the Court's order and will amend these responses with additional information when it is available.

effort over the last month, Plaintiffs' counsel respectfully request additional time to cure the remaining deficiencies, or in the alternative, to fulfill clients' requests to dismiss their cases. As shown in detail above, Plaintiffs' counsel has been diligently addressing these issues and making substantial progress. In light of these good faith efforts, Plaintiffs request an additional 60 days for the remaining Plaintiffs to comply.

## **FILER'S ATTESTATION**

  I, Kyle Smith, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 22, 2025           By:  */s/ Kyle Smith*
                             Kyle Smith