OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

## CIVIL MINUTES

| **Date:** January 23, 2025 | **Time:** 10:35 a.m.-11:53 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana, Chaffin Luhana LLP; Sarah, London, Lieff Cabraser Heimann & Bernstein LLP; Rachel Abrams and Tiffany Ellis, Peiffer Wolf Carr Kane Conway & Wise, LLP; Bret Stanley, Johnson Law Group, Layne Hilton, Meyer Wilson, Co., LPA, counsel for Plaintiffs

**For Defendants:** Micheal Shortnacy, Jeremy Wikler, Patrick Oot and Veronica Gromada, Shook, Hardy & Bacon L.L.P.; Parker Murray, Louis Murray and Randy Luskey, Paul, Weiss, Rifkind, Wharton & Garrison, counsel for Defendants

**Deputy Clerk:** Brittany Sims                **Reported by:** Megan Strawn

## PROCEEDINGS

Discovery Status Conference held. Defense counsel moved to have a portion of the January 28, 2025 discovery hearing held under seal. Plaintiffs had no objections. The Court granted the request.

The Court ordered defense counsel to provide a letter to Plaintiffs' counsel no later than Monday, January 27, 2025 explaining the criteria Uber used to determine whether to produce documents hyperlinked from the policy-related documents Uber has produced.

The Court ordered Uber to produce a declaration no later than January 31, 2025 explaining how its policy documents have been organized and maintained during the relevant period. Plaintiffs have requested policies and procedures relevant to the claims in this MDL, and over the course of the discovery process, they have endeavored to identify such documents and ensure that such production is complete. The Court noted that the parties have repeatedly disputed the extent of the production in several joint status reports and at multiple discovery status conferences. *See* ECF Nos. 706 at 2, 1521 at 8–9, 1957 at 3–4, 1996 at 2. Despite the repeated instances in which the parties have argued over the production of policy documents, and the multiple orders that the Court has issued, there remains a lack of clarity regarding what policies and procedures have existed at Uber. Uber did not oppose providing a narrative explanation. Accordingly, the Court ordered that by January 31, 2025, Uber provide a declaration that explains how its relevant policies, as well as its guidelines and operating procedures implementing those policies, have

been stored and organized during the relevant period in this MDL, and when they have been updated.

The parties indicated that they are continuing to meet and confer regarding issues related to TAR validation.

The Court ordered Uber to produce the search term hits counts that Plaintiffs have requested no later than January 29, 2025.

The Court stated that Pretrial Order No. 10 places a burden on Uber to complete Defendant Fact Sheets and certify them, and places a burden on Plaintiffs to serve notices of deficiency for any Defendant Fact Sheets that Plaintiffs believe are incomplete or otherwise deficient.  The Court indicated that it understands the certification required to be included with Defendant Fact Sheets as implicitly certifying compliance with Pretrial Order No. 10, which requires that the fact sheet be "substantially complete" and defines that as including production of the documents called for in the fact sheet that are in the party's possession, custody, or control.  ECF No. 348 at 6–7.  The Court noted Plaintiffs could potentially seek sanctions for documents not timely produced by Uber, much like for documents not timely produced in initial disclosures or in response to a request for production.  The Court did not prejudge whether or what sanctions might be warranted for untimely production.