Ed OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

CIVIL MINUTES

| **Date:** January 28, 2025 | **Time:** 10:39 a.m.-11:23 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana and Steven Cohn, Chaffin Luhana LLP; Tiffany Ellis and Rachel Abrams, Peiffer Wolf Carr Kane Conway Wise, LLP; Sarah London, Lieff Cabraser Heimann & Bernstein LLP, counsel for Plaintiffs

**For Defendants:** Michael Shortnacy, Daniel Cummings and Maria Salcedo, Shook, Hardy & Bacon LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims                **Reported by:** Stephen Franklin

## PROCEEDINGS

Discovery Hearing held. Disputes regarding privilege claims as to specific documents taken under submission.

The Court denied Plaintiffs' request for sanctions as not properly raised, without prejudice.

The Court expressed concern that Uber has shown a consistent pattern of withdrawing a significant portion of its privilege claims once specific documents are addressed in the meet-and-confer process, suggesting that other documents may have been withheld without sufficient basis. The Court stated that agreements to produce previously withheld documents with redactions indicate that Uber's previous position of withholding the document in full was incorrect. The Court rejected Uber's position that subsequent productions with redactions reflect accurate initial privilege designations.

Uber stated that its privilege logs going into the parties' meet-and-confer efforts lacked the benefit of the Court's recent orders, and that it has continued to re-review challenged documents on an ongoing basis.

The Court directed the parties to meet and confer on a plan for further re-review of the prior tranches of documents, the production of amended privilege logs, and verification using a sampling method. The parties shall file a status report no later than January 31, 2025, indicating whether they have agreed on a schedule and process for re-reviewing custodial records for

privilege and sampling, and whether they will be able to enter a proposed stipulation or joint discovery letter by February 3, 2025 or by a later agreed upon deadline.

Among other issues, the parties are to consider how to phase any further re-review to prioritize upcoming depositions, the timing of any further efforts to meet-and-confer, and how many documents are necessary to constitute a representative sample for verification. The Court expects a significant majority of Uber's privilege calls to be correct going into any further meet-and-confer regarding specific documents.

The parties indicated that they were meeting and conferring regarding the production of Jira notification emails and related privilege assertions, and that they are endeavoring to reach a compromise agreement.