1  Stephen J. Estey (SBN 163093)
   R. Michael Bomberger (SBN 169866)
2  Angela J. Nehmens (SBN 309433)
   **ESTEY & BOMBERGER, LLP**
3  2869 India Street
   San Diego, CA 92103
4  Tel: (619) 295-0035
5  Fax: (619) 295-0172
   Email: steve@estey-bomberger.com
6  Email: mike@estey-bomberger.com
7  Email: angela@estey-bomberger.com

8  *Attorneys for Plaintiff*

9                    **UNITED STATES DISTRICT COURT**

10                    **NORTHERN DISTRICT OF CALIFORNIA**

11                         **SAN FRANCISCO DIVISION**

12

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
|---|---|
| This Document Relates to: *JANE DOE EB 22 v. UBER TECHNOLOGIES, INC., et al.* Case No. 3:24-cv-05245 | **DECLARATION OF ANGELA J. NEHMENS IN SUPPORT OF ESTEY & BOMBERGER, LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JANE DOE EB 22** |

I, Angela J. Nehmens, declare:

1. I am an attorney in the law firm of Estey & Bomberger, LLP. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff Jane Doe EB 22 has not responded to any efforts to reach her made by myself or my staff since August 14, 2023.

3. Plaintiff Jane Doe EB 22's failure to communicate with our firm has presented a

1

1   circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We
2   are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is
3   my opinion that our withdrawal from the case has become necessary.

4       4.      Under California Rule of Professional Conduct 1.16(d), my firm has taken all
5   reasonably available steps to avoid prejudice to the rights of Plaintiff Jane Doe EB 22

6       a.      Before and throughout the time period described below, Plaintiff Jane Doe
7   EB 22 received numerous letters, emails, text messages, and telephone calls requesting she contact
8   our firm. In these unanswered communications, we repeatedly explained the need for her
9   continued participation in the case, the risk that her case may be dismissed, the reasons we would
10  need to withdraw as counsel absent contact.

11      b.      Since mid-2023, we have attempted to reach Plaintiff by telephone, email,
12  and text message numerous times. On June 6, 2024, we sent Plaintiff a letter via US Mail (USPS)
13  explaining that we needed to reach her to discuss requirements pertaining to her case and that we
14  needed her input to continue moving forward with her case. Since that date, we continued to seek
15  contact with Plaintiff via telephone, email, and text. We also attempted to reach Plaintiff via her
16  "emergency contact" by telephone on June 10, 2024, to no avail. On June 14, 2024, our letter of
17  June 6, 2024 was returned to our office, marked by the USPS as undeliverable and unable to
18  forward. On September 6, 2024, we sent additional letters to Plaintiff via USPS and email
22  requesting that she contact our office to provide information pertinent to her case.

20      c.      On October 11, 2024, we were notified by Uber regarding material
21  deficiencies identified in the Plaintiff Fact Sheet ("PFS") for Plaintiff. On October 29, 2024, we
22  sent Plaintiff another letter via email and Certified Mail explaining that her case was at risk of
23  dismissal for failure to comply with a court order, again explaining that we could not continue
24  prosecuting her case without her input. We advised that if her PFS was unable to be completed,
25  Uber would move to dismiss her case. We requested contact by November 15, 2024.

26      d.      Plaintiff did not respond to the letter sent by Certified Mail and email on
27  October 29, 2024. On December 13, 2024, we again emailed Plaintiff and underscored the risk
28  that her case would be dismissed for failure to complete her PFS. Again, Plaintiff did not respond.

2

5. During this time period, we continued to meet and confer with opposing counsel, obtaining extensions for the Plaintiff Fact Sheet to protect Plaintiff's case from dismissal for non-compliance with discovery deadlines.

6. To date, Plaintiff Jane Doe EB 22 has not replied to our communications, has not informed us that she intends to voluntarily dismiss her claims, and has not informed our firm that alternative counsel has been retained.

7. We informed Uber of our intent to withdraw from this case on December 27, 2024.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 29th day of January 2025 in San Francisco, California.

*/S/ Angela J. Nehmens*
Angela J. Nehmens