Stephen J. Estey (SBN 163093)
R. Michael Bomberger (SBN 169866)
Angela J. Nehmens (SBN 309433)
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Fax: (619) 295-0172
Email: steve@estey-bomberger.com
Email: mike@estey-bomberger.com
Email: angela@estey-bomberger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**DECLARATION OF ANGELA J. NEHMENS IN SUPPORT OF ESTEY & BOMBERGER'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NICOLE NACCARATO** |
| This Document Relates to:<br><br>*NICOLE NACCARATO v. UBER TECHNOLOGIES, INC., et al.*<br>Case No. 3:24-cv-05312 | |

I, Angela J. Nehmens, declare:

1. I am an attorney in the law firm of Estey & Bomberger, LLP. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff Nicole Naccarato has not responded to any efforts to reach her made by myself or my staff since October 27, 2022.

3. Plaintiff Naccarato's failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We

1

are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

    4.    Under California Rule of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff Naccarato

    a.    Before and throughout the time period described below, Plaintiff Naccarato received numerous letters, emails, text messages, and telephone calls requesting she contact our firm. In these unanswered communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, the reasons we would need to withdraw as counsel absent contact.

    b.    Since late 2022, we have attempted to reach Plaintiff by telephone, email, and text message numerous times.

    1)    On October 27, 2022, we sent Plaintiff a letter via US Mail (USPS) explaining that we need to discuss her case and underscoring the need for her to maintain communication with our office. Shortly thereafter, the letter was returned to our office and marked by the USPS as undeliverable and unable to forward.

    2)    Plaintiff did not respond to our subsequent attempts to reach her via email on November 7, 2022 and December 7, 2022.

    3)    On February 1, 2023, we sent Plaintiff another letter via US Mail and that letter was eventually returned to our office on March 20, 2023, also marked by the USPS as undeliverable and unable to forward.

    4)    Multiple letters and emails were sent by our office to Plaintiff throughout the rest of 2023 and early 2024. We received no response from Plaintiff.

    5)    On June 26, 2024, and again on September 24, 2024, we sent Plaintiff letters via US Mail explaining that we needed to reach her to discuss requirements pertaining to her case and that we needed her input to continue moving forward with her case. Since that date, we continued to seek contact with Plaintiff multiple times via telephone, email, and text, unfortunately to no avail.

2

Case No. 3:23-MD-03084-CRB; 3:24-CV-05312    NEHMENS DECL. ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NICOLE NACCARATO

   c. On October 11, 2024, we were notified by Uber regarding material deficiencies identified in the Plaintiff Fact Sheet ("PFS") for Plaintiff. On October 29, 2024, we sent Plaintiff another letter via email and Certified Mail explaining that her case was at risk of dismissal for failure to comply with a court order, again explaining that we could not continue prosecuting her case without her input. We advised that if her PFS was unable to be completed, Uber would move to dismiss her case. We requested contact by November 15, 2024. As we received no reply from Plaintiff, we sent Plaintiff a text message on November 19, 2024, again underscoring the need to speak with her and informing her that her case was at risk for dismissal if her PFS is not completed.

   d. The letter sent by Certified Mail on October 29, 2024 was eventually returned to our office on January 2, 2025, marked by the USPS as undeliverable and unable to forward.

  5. During this time period, we continued to meet and confer with opposing counsel, obtaining extensions for the Plaintiff Fact Sheet to protect Plaintiff's case from dismissal for non-compliance with discovery deadlines.

  6. To date, Plaintiff Naccarato has not replied to our communications, has not informed us that she intends to voluntarily dismiss her claims, and has not informed our firm that alternative counsel has been retained.

  7. We informed Uber of our intent to withdraw from this case on December 27, 2024.

  8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

  9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

  Executed this 29th day of January 2025 in San Francisco, California.

               */S/ Angela J. Nehmens*
               Angela J. Nehmens

3

CASE No. 3:23-MD-03084-CRB; 3:24-CV-05312  NEHMENS DECL. ISO MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF NICOLE NACCARATO