RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.B.** |
| This Document Relates to:<br><br>*K.B. v. Uber Technologies, Inc., et al;*<br>3:24-cv-05719-CRB | |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since January 8, 2025. Prior to that, K.B. had not contacted our office since September 6, 2024.

1   DECLARATION IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL

3. Plaintiff K.B.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff K.B. ("Plaintiff").

   a. Before and throughout the time period described below, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included 16 unsuccessful phone calls with voice messages, 4 unsuccessful phone calls where voice messages could not be left, three successful phone calls, 22 emails, three letters, and 20 text messages. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   b. On September 5, 2024, having been unable to obtain sufficient information about Plaintiff's case since she had retained our office on April 26, 2023, our office informed Plaintiff that if Plaintiff did not properly respond to our communications and help us complete her Court-ordered Plaintiff Fact Sheet, her claim would be negatively impacted. Plaintiff understood and responded to our call the following day.

   c. Throughout the course of our representation of Plaintiff, she was minimally responsive, before ceasing communication altogether on September 6, 2024, and briefly resurfacing on January 8, 2025 to inform us that she was not willing to respond to our requests. Plaintiff ceased all communication with our office, despite our attempts, for the past 20 days.

   d. In advance of the Plaintiff Fact Sheet Deadline, our office notified Plaintiff by telephone call, email, text message, voice messages, and letter that we required

input from her to complete her Plaintiff Fact Sheet but did not receive some requested information and signatures from her in advance of the deadline. Our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet and provide signatures, resulting in several deficiencies noted by Defendants.

e. On October 23, 2024, we notified Plaintiff by email and text message that we needed input from her to correct the Plaintiff Fact Sheet deficiencies by the deadline to avoid dismissal of her case, but Plaintiff was unresponsive to our communication attempts.

f. On December 20, 2024, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact us by December 27, 2024, we would choose to withdraw as counsel; this letter offered Plaintiff a deadline by which to contact our firm.

g. On December 31, 2024, our office sent Plaintiff another letter by U.S. certified mail explaining the possibility of her case being dismissed if she does not respond to our requests to sign authorizations and verifications for her Plaintiff Fact Sheet and provide us with missing information to move her case forward. We again informed Plaintiff of the possible consequence of our withdraw as counsel from her case if she did not contact us by January 6, 2025. We also informed Plaintiff that she has the option to voluntarily dismiss her case.

h. On January 8, 2025, after the second contact deadline has passed, we sent Plaintiff formal notice by U.S. certified mail notifying her that we were withdrawing from her case. This letter provided yet another deadline by which Plaintiff could contact our firm, set for January 17, 2025. The letter was also sent to Plaintiff's e-mail address.

i. On January 8, 2025, Plaintiff responded to the January 8, 2025 e-mail, stating her willingness to move her case forward, but still refusing to provide our office with missing signatures and information.

      j. Since that day and for the past 20 days, our office has attempted to contact Plaintiff via e-mail, phone call, and voice message on numerous occasions. She has refused to respond to our contact attempts.

5. During this time period, we corresponded with Uber about the deficiencies in Plaintiff's Plaintiff Fact Sheet.

6. During a Meet & Confer with Uber's counsel on January 7, 2025, we informed Uber's counsel that if we are unable to cure Plaintiff's Fact Sheet deficiencies by January 17, 2025, we would file a motion to withdraw as counsel from her case. We reiterated that notice of withdrawal by e-mail on January 8, 2025.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this Thursday, January 30, 2025, in San Francisco, California.

                                      */s/ Rachel B. Abrams*
                                      Rachel B. Abrams

                                      *Counsel for Plaintiff*