RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF D.M.S.** |
| This Document Relates to:<br><br>*D.M.S. v. Uber Technologies, Inc., et al;*<br>3:24-cv-05606-CRB | Honorable Charles R. Breyer |

## NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF D.M.S.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that as soon hereafter as the matter may be heard, Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf"), counsel of record for Plaintiff D.M.S. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Rachel B. Abrams ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as

Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), Peiffer Wolf submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff D.M.S. Peiffer Wolf respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Peiffer Wolf should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

Peiffer Wolf has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on December 20, 2024 and culminating with final notice on January 8, 2025. Decl. ¶¶ 4(g-j). Peiffer Wolf has also given Uber advance notice. Decl. ¶ 6. Peiffer Wolf has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact Peiffer Wolf or meet discovery deadlines. Decl. ¶¶ 4(a-i). Peiffer Wolf also submitted the limited information Peiffer Wolf did have and, upon receiving deficiencies due to not having critical information from Plaintiff, corresponded with Uber to set up Meet & Confer processes to address her case as it attempted to try to reach her. Decl. ¶¶ 4(d-f); 5-6. Despite those efforts, Plaintiff failed to establish useful communication with Peiffer Wolf. Peiffer Wolf has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 8.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for Peiffer Wolf to carry out the representation effectively by failing to communicate with Peiffer Wolf and failing to provide information required to prosecute her case, despite requests from Peiffer Wolf. Decl. ¶¶ 4(a-i). Peiffer Wolf has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification, as well as signatures

on disclosure authorizations. Moreover, pursuant to this Court's Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Dkt 1877), "will supplement" responses in a Plaintiff Fact Sheet are deficient. Peiffer Wolf submitted all information available to us in the Plaintiff Fact Sheet, which still contained a question with no answers and several unsigned verifications and authorizations. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, Peiffer Wolf agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 9.

## CONCLUSION

Peiffer Wolf respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: January 30, 2025                                   Respectfully submitted,

By: */s/ Rachel B. Abrams*
RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
           awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 30, 2025, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic Filing* to all CM/ECF registrants.

*/s/ Rachel B. Abrams*
Rachel B. Abrams