RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*D.M.S. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05606-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF D.M.S.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff D.M.S. has not responded to any efforts to reach her made by myself or my staff since she first retained our office on April 24, 2023.

3. Plaintiff D.M.S.'s failure to communicate with our firm has presented a circumstance

covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff D.M.S. ("Plaintiff").

   a. Since having first retained our office on April 24, 2023 and to this day, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included nine unsuccessful phone calls with voice messages, four unsuccessful phone calls where voice messages could not be left, 14 emails, seven letters, and three text messages. On numerous occasions, our team had to search for and call a multitude of phone numbers that may be associated with Plaintiff, because Plaintiff failed to update our office with her proper contact information.

   b. In these many communications, we repeatedly explained the need for Plaintiff's continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   c. Throughout the course of our representation of Plaintiff, she was not responsive.

   d. In advance of the Plaintiff Fact Sheet deadline, our office notified Plaintiff by telephone calls, emails, voice messages, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance of the deadline.

   e. Plaintiff has previously been represented by the law firm Levin Simes, LLP in her claim against Uber, and through file transfer, our office had obtained sufficient information to submit Plaintiff's Fact Sheet on August 23, 2024.

   f. Our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff, nor could we submit any required signatures for verifications and

        authorizations, thus resulting in numerous deficiencies.

    g. On December 20, 2024, we sent Plaintiff a letter by U.S. certified mail and e-mail explaining that if she did not contact us by December 27, 2024, we would choose to withdraw as counsel.

    h. On December 27, 2024, we sent Plaintiff another letter by U.S. certified mail and e-mail explaining the possibility of her case being dismissed if she does not respond to our requests to sign authorizations and verifications for her Plaintiff Fact Sheet and provide us with missing information to move her case forward. We again informed Plaintiff of the possible consequence of our withdrawal as counsel from her case if she did not contact us by January 6, 2025. We also informed Plaintiff that she has the option to voluntarily dismiss her case.

    i. On January 8, 2025, after the second contact deadline has passed, we sent Plaintiff formal notice by U.S. certified mail and e-mail of our intent of withdrawal from her case. This letter provided yet another deadline by which Plaintiff could contact our firm, set for January 17, 2025, and a reminder of the existing option for Plaintiff to voluntarily dismiss her case.

    j. To this day, Plaintiff has not contacted our office, nor do we have a verified working phone number and contact method for Plaintiff.

5. During the above-mentioned time period, we corresponded with Uber about the deficiencies in Plaintiff's Plaintiff Fact Sheet and held multiple Meet & Confers.

6. During a Meet & Confer with Uber's counsel on January 7, 2025, we informed Uber's counsel that if we are unable to cure Plaintiff's Fact Sheet deficiencies by January 17, 2025, we would file a motion to withdraw as counsel from Plaintiff's case. We reiterated that notice of withdrawal by e-mail on January 8, 2025.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by

informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this Thursday, January 30, 2025 in San Francisco, California.

*/s/ Rachel B. Abrams*
Rachel B. Abrams

*Counsel for Plaintiff*