UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) **JOINT LETTER REGARDING LEVIN SIMES PLAINTIFFS' OVERDUE PLAINTIFF FACT SHEETS** Judge:      Hon. Lisa J. Cisneros Courtroom: G – 15th Floor |
|---|---|
| This Document Relates to: *Jane Doe LS 154* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-03807 *Jane Doe LS 90* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-03956 *Jane Doe LS 250* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-03995 *Jane Doe LS 383* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05197 *Jane Doe LS 107* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05232 *Jane Doe LS 174* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05359 *Jane Doe LS 97* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05368 *Jane Doe LS 353* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05401 *Jane Doe LS 266* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05416 *Jane Doe LS 285* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05919 *Jane Doe LS 523* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05155 | |

*Jane Doe LS 330* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05160

*Jane Doe LS 419* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05263

*Jane Doe LS 412* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05317

*Jane Doe LS 492* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05324

*Jane Doe LS 338* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05326

*Jane Doe LS 252* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05334

*Jane Doe LS 225* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05336

*Jane Doe LS 131* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05337

*Jane Doe LS 128* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05377

*Jane Doe LS 281* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05430

*Jane Doe LS 187* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05432

*Jane Doe LS 507* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05509

*Jane Doe LS 500* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05513

*Jane Doe LS 101* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05521

*Jane Doe LS 506* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05531

*Jane Doe LS 505* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05533

*Jane Doe LS 473* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05544

*Jane Doe LS 480* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05549

*Jane Doe LS 483* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05550

*Jane Doe LS 486* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05551

*Jane Doe LS 307* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05569

*Jane Doe LS 47* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05571

*Jane Doe LS 482* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05593

*Jane Doe LS 471* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05630

*Jane Doe LS 475* v. *Uber Technologies, Inc., et al.*,  No. 3:24-cv-05642

*Jane Doe LS 476* v. *Uber Technologies, Inc., et al.*,  No. 3:24-cv-05646

*Jane Doe LS 467* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05652

*Jane Doe LS 509* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05662

*Jane Doe LS 458* v. *Uber Technologies, Inc., et al.*,  No. 3:24-cv-05679

*Jane Doe LS 468* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05685

*Jane Doe LS 444* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05687

*Jane Doe LS 449* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05689

*Jane Doe LS 454* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05695

*Jane Doe LS 435* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05755

*Jane Doe LS 452* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05756

*Jane Doe LS 422* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05758

*Jane Doe LS 519* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05759

*Jane Doe LS 429* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05797

*Jane Doe LS 434* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05814

*Jane Doe LS 457* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05817

*Jane Doe LS 417* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05821

*Jane Doe LS 469* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05874

*Jane Doe LS 380* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05879

*Jane Doe LS 350* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05882

*Jane Doe LS 289* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05883

*Jane Doe LS 366* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05886

*Jane Doe LS 355* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05887

*Jane Doe LS 300* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05900

*Jane Doe LS 267* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05901

*Jane Doe LS 176* v. *Uber Technologies, Inc., et al.*,  No. 3:24-cv-05903

*Jane Doe LS 271* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05906

*Jane Doe LS 173* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05907

*Jane Doe LS 161* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05912

*Jane Doe LS 169* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05918

*Jane Doe LS 114* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05919

*Jane Doe LS 324* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05920

*Jane Doe LS 137* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05921

*Jane Doe LS 89* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05924

*Jane Doe LS 124* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05930

*Jane Doe LS 4* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05931

*Jane Doe LS 132* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05934

*Jane Doe LS 45* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05935

*Jane Doe LS 243* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05939

*Jane Doe LS 99* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05943

*Jane Doe LS 86* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05970

*Jane Doe LS 192* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05975

*Jane Doe LS 5* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05976

*Jane Doe LS 288* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05987

*Jane Doe LS 160* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05996

*Jane Doe LS 327* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06032

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' compliance with Pretrial Order No. 10 ("PTO 10"), Dkt. No. 348.

Dated: January 30, 2025

Respectfully Submitted,

| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **LEVIN SIMES LLP** |
|---|---|
| */s/Kyle Smith* | */s/William A. Levin* |
| Kyle Smith (Pro Hac Vice admitted)<br>2001 K Street, NW<br>Washington DC, 20006<br>Telephone: (202) 223-7407<br>ksmith@paulweiss.com | William A. Levin<br>Samira J. Bokaie<br>1700 Montgomery Street, Suite 250<br>San Francisco, CA 94111<br>Telephone: (415) 426-3000<br>Fax: (415) 426-3001<br>wlevin@levinsimes.com<br>sbokaie@levinsimes.com |
| *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC | *Attorneys for Levin Simes Plaintiffs* |

**I.      Uber's Position**

The 81 Plaintiffs identified in Exhibit A to the declaration of Kyle Smith have each missed their deadline for submitting a timely Plaintiff Fact Sheet ("PFS"). Decl. of Kyle Smith ("Smith Decl.") Ex. A. As of the date of this letter, the Plaintiff Fact Sheets have not been submitted.

The Court has previously addressed two other disputes regarding overdue Plaintiff Fact Sheets. Dkt. Nos. 1995, 2080. Both times, the Court ordered Plaintiffs to provide the overdue fact sheets promptly and granted Uber permission to seek dispositive sanctions from Judge Breyer for continued noncompliance. Uber requests the same relief here: an order compelling Plaintiffs to produce the overdue discovery within 14 days of the order Uber seeks and granting Uber permission to pursue dispositive sanctions from Judge Breyer should any Plaintiff fail to comply with the Court's deadline.

**A. The Court's Orders and Prior Litigation on the Identical Issue**

PTO 10 requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." PTO 10, Dkt. No. 348 at 4. PTO 10 requires each Plaintiff who joined the MDL on or before March 26, 2024 to submit the substantially complete PFS by no later than May 25, 2024—i.e., 60 days after March 26, 2024. *Id.* at 5. Each Plaintiff who joins the MDL after March 26, 2024 must submit their PFS within 30 days of their case being filed in, removed to, or transferred to MDL 3084. *Id.* at 6. Uber and Levin Simes LLP ("Levin Simes") filed a stipulation on November 1, 2024 acknowledging PTO 10's provisions. Dkt. No. 1819 at 3.

Levin Simes requested a courtesy extension of the deadline to submit a PFS for certain Plaintiffs, and Uber assented to that request, as reflected in the stipulation. The stipulation provides that a PFS "for any Levin Simes Plaintiff who joined the MDL by September 2, 2024 and submitted a Pretrial Order No. 5 information sheet in lieu of a bona fide ride receipt is due on November 15, 2024." *Id.* at 4. The stipulation also provides that a PFS "for any Levin Simes Plaintiff who joined the MDL by September 2, 2024 and submitted a bona fide ride receipt is due on December 16, 2024." *Id.* The Court adopted this stipulation on November 8, 2024. Dkt. No. 1856 at 7.

On December 19, 2024, Uber and Levin Simes submitted a joint discovery letter brief to the Court regarding 84 Plaintiffs who missed their November 15, 2024 deadline to submit a timely PFS under the parties' stipulation, or missed a separate November 2024 deadline under PTO 10 if the Plaintiff was not subject to the stipulation. Dkt. No. 1988 at 2; *see also* Dkt. No. 1988-2 (listing date PFS was due in each case and whether the Plaintiff was subject to the stipulation). The Court resolved the parties' dispute regarding these 84 Plaintiffs on December 19, ordering the Plaintiffs to provide the required discovery by no later than January 10, 2025, *i.e.*, within 22 days. Dkt. No. 1995 at 2–3. The Court considered a two-week deadline at that time in December "unnecessary to meet the bellwether selection deadline and unduly burdensome in light of the upcoming holidays." *Id.* at 3 n.3.

On January 13, 2025, Uber and Cutter Law P.C. submitted a joint discovery letter to the Court regarding, in part, 31 Plaintiffs who missed their deadline for submitting a timely PFS. Dkt. No. 2071 at 1. On January 14, 2025, the Court ordered the Plaintiffs at issue to provide the required fact sheets by no later than January 28, 2025—i.e., within two weeks. Dkt. No. 2080.

### B. The Plaintiffs at Issue In This Dispute

On December 17, 2024, Uber sent Levin Simes a letter identifying Plaintiffs represented by that firm with overdue fact sheets. Smith Decl., Ex. B. The 81 Plaintiffs listed in Exhibit A were among the Plaintiffs listed in the December 17 letter. Smith Decl. ¶ 4. Uber and Levin Simes met and conferred regarding these Plaintiffs on December 20, 2024. *Id.* ¶ 5. Uber and Levin Simes exchanged additional emails regarding Plaintiffs with overdue fact sheets on December 20, 2024 (PT); December 30, 2024; December 31, 2024; January 1, 2025; January 2, 2025; January 7, 2025; January 10, 2025; January 13, 2025; January 16, 2025; January 17, 2025; and January 21, 2025. *Id.* Uber and Levin Simes met and conferred again on January 21, 2025. *Id.* Despite these efforts, the parties have been unable to resolve the dispute presented to the Court. *Id.*

### C. Requested Relief

Uber requests an additional order compelling the Plaintiffs identified in Exhibit A to serve complete and verified Plaintiff Fact Sheets. Uber requests that the order direct Plaintiffs to provide the Plaintiff Fact Sheets within 14 days of the Court's order. Uber also requests the ability to file a motion for dispositive sanctions before Judge Breyer pursuant to Civil Local Rule 7-2 should any Plaintiff fail to comply with the Court's commands.

As discussed above, the relief that Uber seeks is consistent with the Court's prior decisions, including its decision regarding other Plaintiffs represented by Levin Simes. Per the Court's orders, "Uber is entitled to complete, verified, and timely PFSs . . . to inform its bellwether selections" Dkt. No. 1995 at 2. "Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers." *Id.* The Court has also recognized that providing "partial fact sheets with the information [counsel] has available . . . falls short of the scope [of discovery] that Judge Breyer previously found to be warranted." *Id.*

Moreover, independent of the bellwether selection process, the Court has ordered each Plaintiff to submit a complete and verified PFS so that Uber may have fundamental information it needs to defend itself in this litigation. PTO 10 at 2, 4; *see also In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006) ("[The court] explained that the purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and that without this device, a defendant was unable to mount its defense . . . ."). In other words, even "if a case is stayed or inactive, a party must be prepared for the court to lift the stay or resume active litigation in whole or in part." Dkt. No. 1995 at 2. A key component of that preparation is the submission of a complete, verified PFS. The Plaintiffs identified in Exhibit A have not provided the "complete, verified, and timely PFSs" to which Uber is entitled, and Plaintiffs' failure to remain in contact with counsel does not excuse them from the Court's orders. *Id.* ("Even for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current contact information or overlooked counsel's repeated efforts to contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'" (omission in original) (quoting *Virtual Vision Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997))). The Plaintiffs at issue should be required to provide the overdue discovery promptly.

II.   **Plaintiffs' Position**

Uber's request for an order compelling these particular Plaintiffs to file Plaintiff Facts Sheets within two weeks or face dismissal of their case, should be denied. For the reasons set forth below, we believe Uber's request for relief is too extreme. As Your Honor will see, we have been working in good faith to provide all of the Fact Sheets and will continue to do so. We believe this approach is reasonable for the following reasons.

First, Uber wrongly presents this issue as one of refusal by the clients to fill out a Fact Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. This group of Plaintiffs is not wholly unresponsive. In fact, a large number of Plaintiffs in this group have responded to our efforts to contact them. It is important to note that the Fact Sheet completion process is often an emotionally taxing and challenging experience for these Plaintiffs. It involves multiple phone calls and substantial back and forth via email and or text with each and every Plaintiff. We are diligently working to submit a Plaintiff Fact Sheet for any client who is overdue. And we have made significant progress:

- Uber's original list included over 140 Plaintiffs. Comparatively, there has been approximately a 41% decrease in the number of outstanding Fact Sheets subject to this request.
- Thirty-eight (38) Plaintiff Fact Sheets were produced in the last week alone.
- In the 24-hour period in which the Parties exchanged their drafts of this brief, 4 additional Fact Sheets were produced.
- In total, our office has produced 166 Fact Sheets for Plaintiffs subject to the original December 15, 2024 deadline.

In short, we have consistently provided Fact Sheets to Uber on a rolling basis, as soon as we have gotten signature verifications from Plaintiffs.

Second, for all of these Plaintiffs, we have already informally provided the following information, where possible, to Uber: city of incident, date of incident, pick up location and drop off location, account identifying information, whether the client reported the assault to Uber, the date the client reported the assault to Uber, whether the client reported the assault to the police, the date the client reported the assault to the police, whether the client sought medical treatment after the assault, and whether the client sought therapy.

Third, it is important to note that these particular cases were initially filed on a timely basis in California state court. Thereafter, Uber brought a successful *forum non convienens* motion asserting that a suitable and superior alternative forum existed in either federal court or the state where the incident occurred. After the Court of Appeals affirmed the FNC order, this Court set the August 26, 2024 filing cut-off date for MDL participation by Plaintiffs who originally filed in the JCCP. In order to comply with this Court's order and cutoff date with respect to MDL participation, it was necessary to expedite the filing of a large number cases in a short period of time. No claimants other than those who appealed the FNC motion were required to bring their case by this deadline. Now, less than four months later, Uber is threatening to seek a dismissal with prejudice for these same Plaintiffs who could have filed in either federal court or state court <u>after</u> August 26,

2024. Additionally, as a direct consequence of this push to get everything filed by August 26, 2024, Levin Simes filed 274 cases over a two-week period into the MDL at the end of August, creating a situation where there were suddenly 364 cases with Plaintiff Fact Sheets due.

Given the large volume of clients with Plaintiff Fact Sheets due, we tried to work with Uber to create a schedule for getting the Plaintiff Fact Sheets to them. We have been transparent with Uber about the time it is taking to get the Fact Sheets completed and verified. Indeed, upon agreeing to the deadlines, we specifically stated that we can meet and confer about a subset of the clients who will need more time to complete their fact sheet. Additionally, the parties agreed in the stipulation "the parties have agreed that these deadlines may be subject to revision based on further discussion and agreement amongst the parties (or, in the absence of agreement, via application to the Court) about why changed circumstances (e.g., a significant additional volume of filings of cases by other law firms) may warrant further adjustment to the deadlines." (Doc. 1819.)

As discussed above, a significant number of Plaintiffs in this group are responsive and we have consistently provided Fact Sheets as quickly as possible. However, for a subset of these Plaintiffs, for reasons that are unclear to us, our firm has been unsuccessful in reaching some of these clients to obtain the information and authorizations required by the Plaintiff Fact Sheet. The context is important here. In the vast majority of cases, these Plaintiffs were assaulted and retained our firm several years ago. We have been engaged to represent these women, were provided with basic information about their cases but have been unable to reach the clients for an extended period of time, despite our best efforts. There are many reasons why these victims of sexual assault could be unresponsive at this point. Possible reasons include change of address, change of phone number, health problems in their life or in a family member's life, trauma from the incident itself, family emergencies, etc. It is a priority for us to reach these clients and to get the information to Uber. In an effort to reach these Plaintiffs to serve complete and verified Plaintiff Fact Sheets on Uber, our office made numerous phone calls, sent emails, texts, and written letters, conducted address searches, and even employed an investigator to trace new contact information for these individuals. And for certain Plaintiffs these efforts have been successful.

Finally, Uber's argument that they are prejudiced in their bellwether selection evaluation is misplaced. This group of clients is relatively small in comparison to the larger pool of potential bellwether picks. Our office has been transparent about our process of completing the Fact Sheets. Additionally, Uber ignores the fact that our office has already provided additional information to Uber. In other words, with respect to these clients, the Parties are on equal footing in terms of the facts related to a particular case in terms of bellwether selection and representativeness. A two-week deadline as a precursor to a dismissal with prejudice of these cases at this juncture is prejudicial and premature, as it would ultimately equate to summary judgment. As such, Plaintiffs request an additional thirty (30) days for the remaining Plaintiffs to submit their Fact Sheet.

## FILER'S ATTESTATION

I, Kyle Smith, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 30, 2025　　　　　　　　　By: */s/ Kyle Smith*
　　　　　　　　　　　　　　　　　　　　　　　Kyle Smith