# EXHIBIT A

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:          Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  ~~subject to attorney-client privilege, work product privilege, and/or trade secret~~
2  ~~privilege.~~

3     ~~Subject to and without waiving the foregoing objections, Responding party~~
4  ~~responds as follows: Responding Party will not search for or produce documents in~~
5  ~~response to this Request. Discovery and investigations are ongoing. Responding Party~~
6  ~~reserves the right to amend or supplement this response~~.

7  **REQUEST FOR PRODUCTION NO. 18:**

8     Any and all DOCUMENTS RELATED TO YOUR DRIVER application,
9  vetting, and approval process, including any modifications YOU made and any related
10 discussions.

11 **RESPONSE NO. 18:**

12    Responding Party objects that this Request lacks foundation and assumes facts
13 not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to
14 subject matter and scope of time and location. Responding Party further objects as this
15 Request seeks information that may be confidential, proprietary, or subject to attorney-
16 client privilege, work product doctrine, and/or trade secret privilege. Further,
17 Responding Party objects to the use of the terms "application," "vetting," and "approval
18 process" insofar as Responding Party does not approve, process, reject, or require
19 "applications" from drivers who are in all respects independent contractors. Responding
20 Party further objects on the basis that this Request seeks information related to
21 subsequent remedial measures ("SRMs") that are inadmissible to prove negligence per
22 Fed. R. Evid. 407.

23    Subject to and without waiving the foregoing objections, Responding party
24 responds as follows: Responding Party Subject to the foregoing General and below
25 objections, Responding Party responds as follows: Responding Party construes the
26 terms "application, vetting, and approval process" as used in this Request to encompass
27 Uber's process for obtaining and reviewing background checks and/or other

28

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

information related to independent third-party transportation providers. Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 regarding Uber's process for obtaining and reviewing background checks and other information in the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 19:**

Any and all DOCUMENTS REGARDING YOUR use of third- parties, including background check companies, for conducting background checks and/or screening on DRIVERS, including all changes of companies.

**RESPONSE NO. 19:**

Responding Party objects that this Request seeks information that may be confidential and is the subject of proprietary business information, trade secrets, and privacy rights; is burdensome, oppressive, and harassing as it is overly broad and unlimited in time and geography, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects to the extent that this Request seeks documents that may be protected by the attorney-client privilege or the attorney work product doctrine. Responding Party further objects to the term "screening," as vague, ambiguous, and Responding Party further objects on the basis that this Request asks for information related to subsequent remedial measures ("SRMs") that are inadmissible to prove negligence per Fed. R. Evid. 407. Responding Party further objects that this Request is overbroad and appears to be duplicative of other Requests, including Request 18.

Subject to and without waiving the foregoing objections, Responding party responds as follows: Responding Party will a conduct a reasonable and diligent targeted search, and will provide any non-privileged, responsive policies and procedures regarding background checks of independent third-party transportation providers from

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

2014 to 2023 in the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 20:**

Any and all DOCUMENTS (including but not limited to spreadsheets) containing the criteria YOU use to determine whether a potential DRIVER would be eligible to operate as a DRIVER for YOU, including all versions thereof and identifying effective dates and geographic scope.

**RESPONSE NO. 20:**

Responding Party objects that this Request seeks information that may be confidential and is the subject of proprietary business information, trade secrets, and privacy rights; is burdensome, oppressive, and harassing as it is overly broad and unlimited in time and geography, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects to the extent that this Request seeks documents that may be protected by the attorney-client privilege or the attorney work product doctrine. Responding Party further objects to the term "operate" as vague, ambiguous, and calling for speculation as to what is being requested. Responding Party further objects to the use of the term "driver for you" insofar as the term implies an employment relationship between drivers and Responding Party. Drivers who use the driver version of the Uber app are independent third-party transportation providers in business for themselves whose relationship with Uber is as independent contractors.

Subject to and without waiving the foregoing objections, Responding party responds as follows: Responding Party construes this Request as seeking Responding Party's policies and procedures as related to independent driver deactivation. Responding Party refers Requesting Party to documents Bates labeled UBER000000566 to UBER000001463. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

**REQUEST FOR PRODUCTION NO. 21:**

Any and all DOCUMENTS RELATING TO all potential or proposed changes YOU considered to the criteria or eligibility requirements, if any, YOU use to determine whether a potential DRIVER will be eligible to act as a DRIVER for YOU.

**RESPONSE NO. 21:**

Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, or subject to attorney-client privilege, work product doctrine, and/or trade secret privilege. Further, Responding Party objects on the basis that this Request seeks information related to subsequent remedial measures ("SRMs") that are inadmissible to prove negligence per Fed. R. Evid. 407. Responding Party further objects to the use of the term "driver for you" insofar as the term implies an employment relationship between drivers and Responding Party. Drivers who use the driver version of the Uber app are independent third-party transportation providers in business for themselves whose relationship with Uber is as independent contractors. Responding Party further objects that this response is cumulative and duplicative of Request 20.

Subject to and without waiving the foregoing objections, Responding party responds as follows: Responding Party construes the terms "criteria or eligibility requirements" as used in this Request to encompass Uber's process for obtaining and reviewing background checks and/or other information related to independent third-party transportation providers. Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 regarding Uber's process for obtaining and reviewing background checks and other information Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement

this response.

**REQUEST FOR PRODUCTION NO. 22:**

Any and all DOCUMENTS RELATED to any auditing of DRIVER background checks and/or screening YOU performed or obtained for DRIVERS.

**REQUEST NO. 22:**

Responding Party objects that this Request lacks foundation and assumes facts not in evidence. Responding Party objects that this request seeks information that may be confidential and is the subject of proprietary business information, trade secrets, and privacy rights; is burdensome, oppressive, and harassing as it is overly broad and unlimited in time and geography, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. This Request seeks documents that are protected by the attorney-client privilege or the attorney work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects that this request is vague and ambiguous with respect to use of the undefined terms "auditing" and "screening": Responding Party further objects that this Request is overbroad and appears to be duplicative of other Requests, including Requests 18 and 19.

Subject to and without waiving the foregoing objections, Responding party responds as follows: Responding Party will conduct a reasonable and diligent targeted search, and will provide any non-privileged, responsive policies and procedures regarding background checks of independent third-party transportation providers from 2014 to 2023 in the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response at any time.

**REQUEST FOR PRODUCTION NO. 23:**

Any and all DOCUMENTS RELATED TO each and every instance where, an

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

individual did not meet YOUR then-existing criteria for becoming a DRIVER, including due to prior criminal history, yet YOU permitted the individual to be a DRIVER, whether because YOUR background check did not disclose the prior history or because the individual was permitted to be a DRIVER despite the background check not meeting YOUR criteria for DRIVERS.

**RESPONSE NO. 23:**

Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party specifically objects to this Request insofar as it calls for the production of documents prior to the dates of the alleged incidents in this action. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not reasonably particularized insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Further, Responding Party objects to the use of the terms "becoming a driver" and "permitted...to be a driver" insofar as these terms imply an employment relationship between drivers and Responding Party. Drivers who use the driver version of the Uber app are independent third-party transportation providers in business for themselves whose relationship with Uber is as independent contractors.

Subject to and without waiving the foregoing General Objections and the objections below Responding Party responds as follows: Responding Party is prepared to meet and confer with the Requesting Party in an effort to reach an agreement on the appropriate time period for the scope of discovery and to determine whether this Request can otherwise be narrowed to non-privileged and discoverable material.

DEFENDANT UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' REQUESTS FOR PRODUCTION OF DOCUMENTS, SET ONE

Case No. 3:23-MD-3084-CRB

to subject matter and scope of time and location, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States.

Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will not search for or produce documents responsive to this Request. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

**REQUEST FOR PRODUCTION NO. 112:**

Any and all DOCUMENTS REGARDING YOUR state or local government lobbying efforts or activities, including but not limited to communications with any lobbyist, public policy entity, trade association, or representatives of state, local, or federal governmental entities.

**RESPONSE NO. 112:**

This Request is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  Subject to and without waiving the foregoing objections, Responding Party

2 responds as follows: Responding Party will conduct a reasonable and diligent search of

3 the agreed upon custodians using reasonable search terms, and will provide any non-

4 privileged, responsive documents from 2014 to 2023 relating to the United States.

5 Responding Party reserves the right to amend or supplement this response.

6 **REQUEST FOR PRODUCTION NO. 113:**

7  ~~Any and all DOCUMENTS sufficient to identify each person(s) or entity outside~~

8 ~~YOUR organization that YOU have engaged to mobilize public and/or grassroots~~

9 ~~support for Uber, including persons, consulting firms, or agencies.~~

10 **RESPONSE NO. 113:**

11  ~~This Request is vague, ambiguous, burdensome, compound, and overly broad as~~

12 ~~to subject matter and scope of time and location, it is not relevant to the claims and~~

13 ~~defenses in this Action, and calls for speculation as to what is being requested.~~

14 ~~Responding Party further objects as this Request seeks information that may be~~

15 ~~confidential, proprietary, trade secrets, protected personal identifying information, or~~

16 ~~subject to attorney-client privilege or work product doctrine.~~

17  ~~Subject to and without waiving the foregoing objections, Responding Party~~

18 ~~responds as follows: Responding Party will not search for or produce documents related~~

19 ~~to this Request. Discovery and investigation are ongoing. Responding Party reserves~~

20 ~~the right to amend or supplement this response.~~

21 **REQUEST FOR PRODUCTION NO. 114:**

22  ~~Any and all DOCUMENTS that identify, reflect, or describe each payment made~~

23 ~~by YOU or on YOUR behalf to mobilize public and/or grassroots support for Uber.~~

24 **RESPONSE NO. 114:**

25  ~~This Request is vague, ambiguous, burdensome, compound, and overly broad as~~

26 ~~to subject matter and scope of time and location, it is not relevant to the claims and~~

27 ~~defenses in this Action, and calls for speculation as to what is being requested.~~

28

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY

1  ~~Discovery and investigation are ongoing. Responding Party reserves the right to amend~~
2  ~~or supplement this response.~~

3  **REQUEST FOR PRODUCTION NO. 121:**

4       Any and all DOCUMENTS RELATING TO YOUR policies, procedures,
5  practices or strategies REGARDING governmental rules or regulations REGARDING
6  Transportation Network Companies ("TNC's"), livery companies, taxis, and/or
7  common carriers.

8  **RESPONSE NO. 121:**

9       This Request is vague, ambiguous, burdensome, compound, and overly broad as
10 to subject matter and scope of time and location, it is not relevant to the claims and
11 defenses in this Action, and calls for speculation as to what is being requested.
12 Responding Party further objects as this Request seeks information that may be
13 confidential, proprietary, trade secrets, protected personal identifying information, or
14 subject to attorney-client privilege or work product doctrine. Responding Party further
15 objects that this Request seeks material that is not relevant insofar as it purports to seek
16 documents not related to sexual misconduct or sexual assault in connection with trips
17 requested using the Uber app in the United States.

18       Subject to and without waiving the foregoing objections, Responding Party
19 responds as follows: Responding Party is prepared to meet and confer with the
20 Requesting Party to discuss what bases, if any, exist for requiring production of material
21 responsive to this Request. Discovery and investigation are ongoing. Responding Party
22 reserves the right to amend or supplement this response.

23 ~~**REQUEST FOR PRODUCTION NO. 122:**~~

24      ~~Any and all DOCUMENTS RELATING TO YOUR "model regulations."~~

25 ~~**RESPONSE NO. 122:**~~

26      ~~Responding Party objects that this Request lacks foundation and assumes facts~~
27 ~~not in evidence. This Request is overly broad as to scope of time and location, it is not~~

28