# EXHIBIT 3

**The Hyperlinks Dispute Was Always About Documents Referenced by Hyperlink in E-Mail/Messages, NOT About Documents Referenced by Hyperlink in Documents**

| Date | ECF No. | Filing Party | Document Title | Example Quotes |
|---|---|---|---|---|
| 02/12/24 | 261 | Plaintiffs | Plaintiffs' Brief in Support of Proposed ESI Order | ● "Absurdly, Defendants propose should Plaintiffs be able to identify the missing **relationship between <u>the e-mail</u> and the contemporaneous hyperlinked document** (provided it was 'reasonable and proportionate' for the Defendants to produce the metadata) then Plaintiffs can notify Defendants who in turn will assess the proportionality of the request to investigate further." (p. 15)<br>● "Under Defendants' proposal, the parties would be forced to meet and confer every time the Receiving Party identified **<u>a message, or an email,</u> was missing a metadata relationship.**" (p. 15)<br>● "Defendants should be required to produce the contemporaneous hyperlinked attachment and identify the metadata, including relationship/association, with <u>**the e-mail and hyperlinked attachment**</u>." (p. 16)<br>● "Defendants' refusal to do so, circumvents their duty to appropriately identify and associate **the parent/child relationship between <u>messages/emails</u> and underlying attachments and/or hyperlinks** which is entirely improper." (p. 17) |
| 02/12/24 | 261-2 | Plaintiffs | [Proposed] Order Governing the Production of Electronically Stored Information and Hard | ● "Uber shall preserve the metadata relationship **between <u>email messages with links</u> to files on Google Drive**." (p. 20)<br>● "Producing party shall make all reasonable efforts to maintain and preserve **the relationship between any <u>message or email</u> and any cloud-hosted documents <u>referenced by URL or hyperlinks in emails or messages</u> such as Slack**." (p. 20)<br>● "Uber shall produce the contemporaneous document version, i.e., the document version likely present at the time **an <u>email or message</u> was** |

| | | | | | |
|---|---|---|---|---|---|
| | | | | Copy Documents | sent, of Google Drive documents <u>referenced by URL or hyperlinks in emails or messages</u> such as Slack." (p. 20)<br>● "LINKBEGBATES" "One-to-many field used to identify the beginning Bates value for any **Google Drive linked documents <u>referenced within a given Gmail document</u>**" "**<u>Gmail documents containing</u>** linked Google Drive documents" (p. 36)<br>● "LINKSOURCEBEGBATES" "One-to-many field used to identify the beginning Bates value for any source **<u>Gmail documents linking to</u> a given Google Drive document**" "**Google Drive documents <u>linked to Gmail documents</u>**" (p. 36) |
| 02/12/24 | 261-7 | Plaintiffs | Declaration of Douglas Forrest in Support of Plaintiffs' Brief for Plaintiffs' Proposed Order Governing the Production of Electronically Stored Information and Hard Copy Documents | | ● "This is especially critical in cases where, unless the sender of an **email** was the author or otherwise inherently linked to an attachment, **the relationship between an attached document and <u>a parent email</u>** and its sender and recipients, important substantive evidence in its own right, may usually have to be established through the evidence of that parent-child relationship." (p. 21)<br>● "Moreover, traditionally **attached documents will always be the version that existed at the time that the <u>parent email</u> was sent**." (p. 21)<br>● "First, the parent-child/family relationships that existed in the Google environment must be preserved, i.e., the exported Microsoft version of a **hyperlinked attachment must be linked to the exported version of the email that contained that hyperlink in Google**." (p. 22)<br>● "Second, that exported version must be **the version that was current at the time that <u>the email</u> was sent**." (p. 22)<br>● "The use of Google Vault is problematic because, even though Google Vault does not generally preserve the prior versions of a document, as of now, the version of a document exported by Vault will always be the most recent version as of the time of export even though third-party |

2

|  |  |  |  |  | programs such as Metaspike's *Forensic Email Collector* can do exactly that, i.e., export the **version of a hyperlinked document that existed as of the time that <u>an email</u> was sent**." (p. 22) |
|---|---|---|---|---|---|
| 02/12/24 | 262 | Defendants | Memorandum in Support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Proposed ESI Protocol |  | <ul><li>"A feature of Google Drive, which is a file storage application, is that a user can send **an email message containing a hyperlink to a document stored on Drive**." (p. 15)</li><li>"Plaintiffs' proposal calls for **<u>Drive links in emails</u>** to be treated as traditional 'attachments' in a parent-child relationship." (p. 15)</li><li>"Plaintiffs also insist that Uber create that parent-child relationship with the particular 'version' of **the hyperlinked document in the form that it existed at the precise time that <u>the email containing the link</u> was sent**." (p. 15)</li><li>"Uber has explained its proposed solution for creating **a metadata relationship between (a) <u>emails containing hyperlinks</u> to cloud-based documents in Google Drive, and (b) the underlying Google Drive documents** in several discussions with plaintiffs." (p. 17)</li><li>"Uber has explained that its e-discovery vendor, Lighthouse – an experienced vendor with the expertise and capability to handle and support e-discovery in large complex cases – has developed a proprietary tool, the 'Google Parser,' that is capable of creating a metadata **relationship between emails and hyperlinks to Google Drive documents** as part of the processing phase following collection and that has been used successfully in other litigations." (p. 17)</li><li>"For instance, plaintiffs continue to demand that Uber create a metadata **relationship between <u>a given email</u> and the historic 'version' of a Google Drive document in the form that it existed at the precise time that <u>the email containing the link</u> was sent**." (p. 18)</li></ul> |

3

|   |   |   |   |   | <ul><li>"Hence, to satisfy plaintiffs' request for a contemporaneous iteration of **a document hyperlinked in an email**, Uber would have to perform a manual review using the information from **the specific email to locate the Google Drive document**." (p. 18)</li><li>"Uber would then need to conduct a manual search in the revision history of that **Google Drive document to locate the 'last version saved before 12:00 AM on the specified date"** of **the specific email at issue**." (p. 18)</li><li>"There is currently no way to automate this process, Favro Decl. ¶ 19, and it would enormously burdensome to require Uber to complete it for **every hyperlinked document in every responsive email**." (p. 18)</li><li>"It is also worth noting that Plaintiffs' request for historic 'versions' of documents is premised on the assumption that **all such documents were modified after emails referencing them were sent**, but there is no basis for that assumption." (pp. 18-19)</li><li>"In summary, given how Google Vault functions, plaintiffs' request for Uber to treat hyperlinks as traditional attachments and **create a parent-child relationship with the particular 'version' of the hyperlinked document in the form that it existed at the precise time that the email containing the link was sent** is impossible, and grossly disproportionate, in a case like this where the volume of documents is expected to be significant." (p. 19)</li></ul> |
| 02/12/24 | 262-2 | Defendants | [Proposed] Order Governing the Production of Electronically Stored | | <ul><li>"Uber will make reasonable and proportionate efforts to preserve the metadata relationship **between email messages with links to files on Google Drive**, to the extent Uber's vendor for processing and managing the documents to be reviewed and produced in this action possesses technology that enables it to maintain such a relationship." (p. 13)</li></ul> |

4

| | | | | Information and Hard Copy Documents | <ul><li>"Notwithstanding that Uber agrees to make reasonable and proportionate efforts in this regard, because of technological limitations inherent in the processing of **emails containing embedded links, it shall not be presumed that all emails containing links to files on Google Drive will be produced with a metadata relationship between <u>the parent email</u> and the linked document**." (p. 13)</li><li>"To the extent the Receiving Party believes that there is a lack of a metadata **relationship between <u>a specific email message</u> and a specific linked document**, the Receiving Party may notify the Producing Party and request that the particular linked file be extracted and produced or identified." (p. 13)</li><li>"To the extent that the linked file in question is nonprivileged, and is relevant to either Party's claims or defenses and the efforts required to search for it would be proportional to the needs of the case, the Producing Party shall use reasonable and proportionate efforts to collect and produce/identify <u>the document that was linked in the original email</u>." (pp. 13-14)</li><li>"LINKBEGBATES" "One-to-many field used to identify the beginning Bates value for any **Google Drive linked documents <u>referenced within a given Gmail document</u>**" "**Gmail documents containing** linked Google Drive documents" (p. 25)</li><li>"LINKSOURCEBEGBATES" "One-to-many field used to identify the beginning Bates value for any source **Gmail documents linking to** a given Google Drive document" "Google Drive documents <u>linked to Gmail documents</u>" (p. 25)</li></ul> |
| 02/12/24 | 262-8 | Defendants | Declaration of Philip Favro in Support of Defendants | <ul><li>"For these reasons, **the relationship between a communication and hyperlinked documents** has not achieved 'Document Family' status." (p. 5)</li></ul> |

5

| | | | | Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Proposed ESI Protocol | <ul><li>"For example, I have found – other than potentially limited individual instances involving manual searches – that enterprises may not be able to collect the precise iterations of **hyperlinked documents referenced in communications** if the senders, recipients, or other users with appropriate access to the cloud site have modified those documents." (p. 6)</li><li>"I have also observed that **a hyperlink to one document may be embedded as a linked document in several different electronic communications**." (p. 6)</li><li>"This 'one to many' paradigm can create additional production complications if the process of **matching the underlying communications with the contemporaneous version of the hyperlinked document** is not automated by the user's cloud services provider." (p. 6)</li><li>"In contrast, hyperlinked documents, by their very nature, can create identification challenges and review inefficiencies for responding parties given the difficulty of **connecting the contemporaneous version of a hyperlinked document with the communication or communications that reference the document**." (pp. 6-7)</li><li>"From what I have observed, Google Vault does not currently offer a fully automated process through which Uber can export, collect, or **connect the contemporaneous versions of hyperlinked documents with the corresponding emails in which they are found**." (p. 7)</li><li>"Producing hyperlinked documents in 'family' relationships – as I understand plaintiffs are requesting in this instance – would require Uber to collect and identify the hyperlinked documents at issue and then **match up those documents with the communications that reference the pointers to the hyperlinked documents**." (p. 7)</li></ul> |

6

- "Once Uber has collected the Google Drive documents using Google Vault, I understand that Uber's established process – working with its eDiscovery service provider – is **to extract the hyperlinked document identifiers from the collected emails** and run those collected identifiers against the population of collected Google Drive documents to try to identify the matching hyperlinked documents within the documents collected from Google Drive." (p. 7)
- "Uber then can create **a relationship between the email and the hyperlinked document** that is represented in a custom metadata field in its service provider's review database." (p. 7)
- "All of which enables to Uber to generate a metadata association **connecting the underlying emails and the hyperlinked Google Drive documents**." (p. 7)
- "However, I have observed that Google Vault has technological limitations that prevent Uber from exporting the contemporaneous version of **a Google Drive document associated with the specific email containing the hyperlink pointer to the document**." (p. 7)
- "In order **to collect a historic version of a Google Drive document contemporaneous with an email**, Uber would have to deviate from its established process." (p. 8)
- "Uber would have to identify the date of **the email in question in an attempt to locate the linked Google Drive document**." (p. 8)
- "Using **the date of the email**, Uber would next conduct a manual search in the revision history of the Google Drive document to 'preview and export the contents of the last version saved before 12:00 AM on the specified date.'" (p. 8)
- "While other cloud storage platforms may offer users the ability to capture both the **current version of the document as a part of a

7

| | | | | | |
|---|---|---|---|---|---|
| | | | | | **scalable process, along with the version contemporaneously exchanged by email** (*see Collect cloud attachments in Microsoft Purview eDiscovery (Premium)*, Microsoft (Oct. 1, 2023), https://learn.microsoft.com/en-us/purview/ediscovery-cloud-attachments), Google Vault does not." (p. 8) |
| 02/12/24 | 262-9 | Defendants | Declaration of Jake Alsobrook in Support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Brief in Support of Defendants' Proposed ESI Protocol | | ● "One feature of Google Drive, a file storage application and collaboration tool, is that a user can send **an email message containing a hyperlink** to a document stored on Drive." (p. 3)<br>● "I understand that plaintiffs in this proceeding have requested that Uber treat such **hyperlinked documents together with the separate email communications** as document 'families.'" (p. 3)<br>● "Importantly, **emails containing hyperlinks** and hyperlinked documents have a 'many-to-many' relationship; multiple **emails can point to** the same Drive document and a Drive document can be **linked to from multiple emails**." (p. 3)<br>● "Lighthouse has developed a proprietary custom tool – referred to as the 'Google Parser' – that resolves some of the technical challenges of **linking Google Drive document to Gmail mail items containing hyperlinks** to such documents". (p. 4)<br>● "At this point, the Google Parser scans the text of the top-most portion of an email in order to identify information about the Google Drive **hyperlink in the email**." (p. 4)<br>● "In particular, Google Parser is scanning for the Google Document ID associated with **the hyperlink in the email**, which is record for use during review." (p. 4)<br>● "I further understand that plaintiffs in these proceedings have requested that Uber provide a new metadata field "LINKGOOGLEDRIVEURLS" for **Gmail documents containing linked** Google Drive documents, |

8

| | | | | |
|---|---|---|---|---|
| | | | | described by plaintiffs as a 'One-to-many field containing the **URLs for any Google Drive linked documents referenced within a given Gmail document**." (pp. 5-6) |
| 03/15/24 | 345 | Court | Pretrial Order No. 9: Order on ESI Protocol Disputes | ● "The parties disagree about how to define 'attachment,' at least in part as an outgrowth of a larger dispute about **whether documents hyperlinked in electronic communications should be treated as 'attachments.'** The resolution of this issue hinges on the outcome of the parties' dispute about the treatment of cloud-based documents." (p. 1)<br>● "One of the parties' central areas of **dispute is the treatment of cloud-based documents, such as Google Docs, that are incorporated into emails or other communications by hyperlink**. In essence the parties' competing proposals on this topic reflect disputes over (1) whether the Producing Party will have to identify the metadata associated with the **email** and hyperlinked documents; (2) whether the Producing Party will have to produced hyperlinked documents along with the **communications that link to them**; and (3) whether it will have to produce contemporaneous versions of those documents, or simply have to produce whatever the current version is at the time of production." (p. 17) |
| 04/12/24 | 499 | Plaintiffs | Discovery Letter Brief (Plaintiffs' Portion) | ● "Plainly put, pursuant to Rule 26, Uber was required to preserve and Plaintiffs are entitled to receive Uber's **responsive emails and documents attached by hyperlink in those emails**." (pp. 1-2)<br>● "Further, Plaintiffs are entitled to receive those documents in a way that preserves **the family relationship of the emails and their linked attachments**." (p. 2)<br>● "The **documents attached to email by hyperlink** also exist in two buckets: (a) 'live' or undeleted documents still existing in Uber's Google |

9

| | | | | | |
|---|---|---|---|---|---|
| | | | | | Drive ('Google Drive Documents'); and (b) documents preserved in Uber's Google Vault ('Google Vault Documents')." (p. 2)<br>● "Metadata from the document can be compared to the corresponding email date to determine whether the current version of **the document is the version that was contemporaneously linked to the corresponding email**." (p. 2)<br>● "Based on Uber's estimates from a sample set, 7% of its **emails contain hyperlinks to Google Drive documents and the average is two hyperlinked documents per email**." (p. 2)<br>● "Approximately 20% of **the hyperlinks in Uber's emails** would pull **the version contemporaneous to the time the email was sent and the document was linked**." (p. 2)<br>● "**The parties' dispute is over** the remaining estimated 80% of **emails containing hyperlinks** where the link would not pull the document as it existed at the time that the link was included in the respective email." (p. 2) |
| 04/12/24 | 499-1 | Plaintiffs | Declaration of Douglas Forrest in Support of Plaintiffs' Position for the Parties Joint Discovery Letter | | ● "The parties do not have a disagreement with respect to instances where **the current versions of documents as exported to Lighthouse are in fact the most recent versions extant when an email was sent. i.e., when the date of an exported (current) version is before the date of its parent email**." (p. 8)<br>● Despite Uber's adamant position that it was not possible to create a program that collected **the contemporaneous versions of Google Drive documents from links in their parent emails**, I knew that it was possible to create such a program because Metaspike had already done it with FEC." (pp. 9-10)<br>● "First, Uber's vendor, Lighthouse, would extract **the links to Google Drive documents from Google Mail** using Google Parser which does |

10

|  |  |  |  | this extraction while preserving the metadata establishing **the relationship of each extracted link to its parent Google email**." (p. 11)<br>● "Third, if Lighthouse has a corresponding linked Google Drive document, Lighthouse would compare the date and time of **the linked Google Drive document against the sent date and time of the Gmail** using Google parser or SQL queries in the SQL database. If the document date and time is less than or equal to the Gmail sent date and time, then the Google Drive document is the correct contemporaneous one and Lighthouse will provide metadata that will enable the documents to be linked as family groups for production." (pp. 11-12)<br>● "Fourth, if Lighthouse does not have the linked Google Drive document in its possession, or if the copy is not contemporaneous, it would be added to a 'Missing List' which should include metadata fields including: (1) the ID (BegBates) of **the Gmail which contained the link**, (2) the Sent Date and time of that email, (3) the sender of the email, including email address, (4) the recipients of the email, including email addresses, and (5) the link URL for the Google Drive document." (p. 12)<br>● "Next, if the retrieval of the revision list was successful, cycle through the revision list and compare the listed revisions from latest to earliest until the latest listed revision preceding **the parent email's** sent date and time is identified as the revision of the correct contemporaneous document." (p. 12)<br>● "Sixth, Lighthouse would **link each retrieved document with its metadata to its parent email** for production." (p. 12)<br>● "Seventh, Lighthouse will produce responsive non-privileged emails along with corresponding **Google Drive documents and metadata linking the documents to its parent email**." (p. 13) |

11

| | | | | |
|---|---|---|---|---|
| | | | | <ul><li>"Lastly, to record the production status of missing family members, the produced metadata for **the parent email** identified supra will include an additional metadata field "Missing Google Drive Attachments" which will include the links to all Google Drive documents which could not be retrieved." (p. 13)</li><li>"Summing up, ILS' POC demonstrates that it is possible to do exactly what is necessary here: to programmatically retrieve the versions of **linked Google Drive documents that are contemporaneous with the Google emails that contain those links**." (p. 13)</li><li>"I stand by this earlier discussion and conclude that FEC is a viable programmatic solution for collecting the contemporaneous versions of **Google Drive documents linked to Gmail**." (p. 21)</li><li>"Since December 8, 2023, Google Vault has had the capability to retrieve the current versions of **Google Drive documents attached via links in Gmail**[.]" (p. 22)</li></ul> |
| 04/12/24 | 499-2 | Plaintiffs | Plaintiffs Proposed Methodology for Retrieving **Google Drive Documents Linked to Within Google Emails** | <ul><li>"Have Lighthouse extract **the links to Google Drive documents from Google Mail**." (p. 2)</li><li>"Lighthouse will link each **retrieved document with its metadata to its parent email** for production." (p. 3)</li><li>"Lighthouse will produce responsive non-privileged **emails along with any corresponding linked Google Drive documents and metadata linking the documents to its parent email**." (p. 3)</li><li>"If all the corresponding Google Drive documents for **a parent email** could not be produced, the produced metadata for that **parent email** will include an additional metadata field "Missing Google Drive Attachments" which will include the links to all Google Drive documents which could not be retrieved." (pp. 3-4)</li></ul> |

| | | | | |
|---|---|---|---|---|
| 04/12/24 | 499 | Defendants | Discovery Letter Brief (Defendants' Portion) | ● "Plaintiffs' proposed 'program' also does not account for importing the document to a review platform, including, **for each link, figuring out how to add the revision number to <u>the specific Gmail message</u> and URL**, how to attach the revision number to the document, and how to develop a process to avoid de-duplication of various 'versions' of the same Drive file." (p. 5) |
| 04/12/24 | 499-4 | Defendants | Declaration of William Anderson in Support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Proposed ESI Protocol | ● "My understanding is that where a given **<u>Gmail message contains a link</u> to a Google Drive document**, Plaintiffs want Uber to produce the Gmail message along with the contemporaneous 'version' of that document in the form it existed at the time it was sent by the email user and to produce the Gmail message together with that "version" of that document in a 'family' relationship." (p. 6)<br>● "Thus, using administrator credentials for the hypothetical API project such as being proposed here, a user would attempt to use the email address of the sender of **<u>the Gmail message and the Google Document ID for the URL-referenced document</u>** to run a query through the API project for the revision history." (p. 7)<br>● "Just because a **Google Drive file is <u>linked in a Gmail message</u>** does not mean that everyone, or anyone, on that Gmail message chain has appropriate access to obtain the revision history for that Google Drive file." (pp. 7-8)<br>● "To import the document to a review platform, **for each link, the eDiscovery vendor would need to determine how to add identifying information, such as the document control number, to that specific <u>Gmail message</u> and URL**." (p. 10) |
| 04/12/24 | 499-5 | Defendants | Supplemental Declaration of | ● "Among other things, I opined that the technological limitations of Google Workspace could prevent Uber from producing the 'version' of a |

13

| | | | | |
|---|---|---|---|---|
| | | | Philip Favro in Support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Proposed ESI Protocol | **hyperlinked document stored in Google Drive that was actually shared in an email** at the time it was sent." (p. 4)<br>● "I understand from the 3/15/24 Order that the Court has requested clarification on multiple issues regarding whether Uber can implement a solution to automate the collection of the contemporaneous **hyperlinked documents referenced in particular electronic communications**." (p. 4)<br>● "It is my opinion that Uber will not be able to implement a repeatable solution for this litigation that can automate the collection of the contemporaneous **hyperlinked documents with electronic communications** in an efficient and cost-effective manner that is proportional to the needs of this case." (p. 5) |
| 04/23/24 | 511 | Court | Order Resolving Outstanding ESI Protocol Disputes | ● "Of principle concern here, **a Gmail or Google Chat message that contains a hyperlink** to a document is referencing a Google Drive document that may still be evolving." (p. 2)<br>● "Furthermore, Google Vault does not export, collect, or connect the contemporaneous versions of **hyperlinked documents with the corresponding emails or messages in which they are found**." (p. 2)<br>● "If a Google Drive document archived using Google Vault was edited after **the email with the hyperlink to the document** was sent, then the Google Vault export will not reflect **the version of the document that existed at the time of the email**." (p. 2)<br>● "For data archived using Google Vault, and no longer in the active Google Workspace, there is a manual process in place to identify a historic version of **a hyperlinked Google Drive document contemporaneous with the email communication**." (p. 2)<br>● "Certain technologies have been developed **to link email and chat messages to Google Drive documents**, but there are limitations." (p. 2) |

14

| | | | | |
|---|---|---|---|---|
| | | | | <ul><li>"Uber's e-discovery vendor, Lighthouse, has developed a tool, Google Parser, that extracts **specific links to Google Drive documents <u>from email and chat messages</u>** and certain metadata." (p. 2)</li><li>"**<u>An email message with a hyperlinked document</u>** may reflect a logical single communication of information at a specific point in time, even if the hyperlinked document is later edited." (p. 3)</li><li>"Thus, important evidence bearing on claims and defenses may be at stake, but the ESI containing that evidence is not readily available for production in the same manner that **<u>traditional email attachments</u>** could be produced." (p. 3)</li><li>"Plaintiffs submit a Proposed **Methodology for Retrieving <u>Google Drive Documents Linked to Within Google Emails</u>** (Proposed Methodology)." (p. 5)</li></ul> |
| 05/03/24 | 524 | Court | Order Governing the Production of Electronically Stored Information and Hard Copy Documents | <ul><li>"Uber shall preserve the metadata **relationship between <u>email messages</u> with links to files on Google Drive** to the extent feasible with existing technology." (p. 16)</li><li>"Producing party shall make all reasonable efforts to maintain and preserve the **relationship between any message or email and any cloud-hosted document <u>hyperlinked or referenced within the message or email</u>**." (p. 17)</li><li>"Attachments (as previously defined herein) should be consecutively produced with their parent (**in the case of hyperlinked attachments, only one copy of the attachment will be produced with all <u>agreed-upon metadata</u> referencing the attachment <u>to any linked emails</u>**)." (p. 22)</li><li>"LINKBEGBATES" "One-to-many field used to identify the beginning Bates value for any **Google Drive linked documents <u>referenced within a given Gmail document</u>**" "**<u>Gmail documents containing</u> linked**</li></ul> |

15

|  |  |  |  | **Google Drive documents**" (p. 32)<br>● "LINKSOURCEBEGBATES" "One-to-many field used to identify the beginning Bates value for any source **Gmail documents linking to a given Google Drive document**" "**Google Drive documents linked to Gmail documents**" (p. 32)<br>● "LINKGOOGLEDRIVEDOCUMENTIDS" "One-to-many field containing the Google Document IDs for any **Google Drive linked documents referenced within a given Gmail document**" "**Gmail documents containing linked Google Drive documents**" (p. 35)<br>● "MissingGoogleDriveAttachments" "This field will include the URL for each **Google Drive document(s) referenced by link(s) within the Google Email**, which linked document(s) was/were not produced with metadata **link(s) to the Google Email** document" "**Google Emails, which contain links** to Google Drive documents" (p. 41)<br>● "Non-Contemporaneous" "In the event **a Google Email has any link(s) to Google Drive documents** that are date later than the sent date of the Google Email document, a 'Y' will be provided; 'N' otherwise" "**Google Emails**" (p. 41) |

16