# EXHIBIT 4

| Bates/Control # | Type | Date Produced | Deficiencies | Defendants' Responses |
|---|---|---|---|---|
| UBER_JCCP_MDL_000000659 | Email | 8/19/2024 | (1)Uber has not produced the original, lowest-level email from Andi Pimentel sent on April 8, 2015 at 7:09 PM, even though Pimentel is a custodian.<br>(2)issues related to link have otherwise been resolved. | There is nothing within the original, lowest-level email that would make that standalone document responsive (nor is any part of this email thread responsive). Plaintiffs state it is responsive, but provide no explanation for why they would think that. In fact, it is non-responsive and includes no information related to Plaintiffs' discovery requests (or the claims in this litigation), and Defendants are entitled to withhold non-responsive standalone documents from production pursuant to the ESI Order and Rule 26(b)(1). |
| UBER_JCCP_MDL_000005842 | Document | 8/19/2024 | This Word document includes multiple links, for example to "an internal Sexual Assault & Domestic Violence corporate policy" on page 2 and numerous links on pages 5-6. There is no way to determine from the document production whether these documents have been produced and Uber refuses to produce metadata that would allow Plaintiffs to identify whether the linked documents have been produced. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000010815<br>*Attached as Exhibit D | Email | 8/19/2024 | (1)Uber did not provide any hyperlink-related metadata for this email.<br>(2)although the Uber produced the lower-thread emails, they did so without complete metadata, omitting the LINKBEGBATES. Without the LINKBEGBATES metadata, Plaintiffs cannot identify whether Uber produced the document referenced at the link. | (1) There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since.<br>(2) As discussed, this is simply the nature of a rolling production of hyperlinked Drive documents referenced within Gmails. LINKBEGBATES are not omitted from Defendants' productions. That field cannot be populated until the linked documents themselves are produced. Furthermore, Plaintiffs already have the LinkGoogleDriveDocuments field, which they can use to associate produced e-mails and produced Drive links. |
| UBER_JCCP_MDL_000011387 (identified to Uber on 1/21); underlying email produced as UBER_JCCP_MDL_000224112 is attached hereto as Exhibit C. | Email | 8/19/2024 | (1)Uber did not provide any hyperlink-related metadata for this email.<br>(2)although the Uber produced the lower-thread emails, they did so without complete metadata. For example, the earliest email in this thread (which was produced as UBER_JCCP_MDL_000224112) contains 7 links but the metadata with that email includes only 5 LINKGOOGLEDRIVEDOCUMENTIDS, meaning Uber has not provided the Google Drive Document IDs for 2 of these links even though they appear to be Drive documents.<br>(3)Additionally, Uber has not provided any LINKBEGBATES metadata for any of the links. Without the LINKBEGBATES metadata, Plaintiffs cannot identify whether Uber produced the documents referenced at the links. | (1) There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since.<br><br>(2) This record has six distinct hyperlinks, as one is referenced in the e-mail twice, which Plaintiffs can see by looking at the extracted text displaying the hyperlinked text. Defendants have produced all six distinct documents. There is nothing more to produce.<br><br>(3) As discussed, Defendants will produce an overlay to include LINKBEGBATES as appropriate and as is the nature of a rolling production of hyperlinked Drive documents referenced within Gmails. LINKBEGBATES are not omitted from Defendants' productions. That field cannot be populated until the linked documents themselves are produced. Furthermore, Plaintiffs already have the LinkGoogleDriveDocuments field, which they can use to associate produced e-mails and produced Drive links. |

| Bates/Control # | Type | Date Produced | Deficiencies | Defendants' Responses |
|---|---|---|---|---|
| UBER_JCCP_MDL_000032212 | Document | 8/19/2024 | There is a link on the final page that says "See Google Doc". Uber has not provided any metadata that allows Plaintiffs to determine whether the document at the link has been produced and refuses to do so. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000044263 | Presentation | 8/19/2024 | This is a PowerPoint presentation about a Safety Team pilot intervention program that "aims to prevent safety incidents by composing and sending unique safety tips and messages based on [user] risk profile," which contains numerous links to documents necessary to understand the presentation, for example, a project brief and a dashboard that "tracks all performance metrics and messages". Uber has not claimed that they do not have the documents at these links or that the documents at the links are nonresponsive. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000046654 * Attached as Exhibit E | Email | 8/19/2024 | (1) Uber has not produced the original, lowest-level email from Rachel Whetstone, sent on March 6, 2016 at 5:59 nor her March 6 9:01 email, even though Whetstone is a custodian and these emails are responsive.<br>(2)The 5:59 email links to "another Medium Post (Google Docs version here) but Uber has not provided metadata that allows Plaintiffs to determine whether Uber has produced the linked Google Doc. | (1) There is nothing within the text of the original, lowest-level email that would make that standalone document responsive. Plaintiffs state it is responsive, but provide no explanation for why they would think that. In fact, it is non-responsive and includes no information related to Plaintiffs' discovery requests (or the claims in this litigation), and Defendants are entitled to withhold non-responsive documents from production pursuant to the ESI Order and Rule 26(b)(1).<br>(2) There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since. |
| UBER_JCCP_MDL_000046698 * Attached as Exhibit F | Email | 8/19/2024 | (1)Uber has not produced the original, lowest-level email from Rachel Whetstone, sent on December 6, 2015 at 10:18, even though Whetstone is a custodian and this email is responsive.<br>(2)The 10:18 email links to "CommsPlan." Uber has not provided metadata that allows Plaintiffs to determine whether Uber has produced the linked Google Doc. | (1) As Defendants have already explained to Plaintiffs regarding this very document, Defendants will be producing the original, lowel-level email pursuant to the Parties' agreement at the end of the year regarding the scope of discovery as it relates to OUS issues. There is no dispute here. As Plaintiffs know.<br>(2) There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since. In any event, Defendants will provide appropriate linking metadata with the production of the lower-level email, which is in process for being produced along with other OUS documents to which the Parties agreed at the end of last year. |

| Bates/Control # | Type | Date Produced | Deficiencies | Defendants' Responses |
|---|---|---|---|---|
| UBER_JCCP_MDL_000119412 | Presentation | 8/19/2024 | This PowerPoint presentation includes at least 9 Google Drive links. Uber refuses to produce metadata that allows Plaintiffs to determine whether any of these Google Drive documents have been produced. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000149960 * Attached as Exhibit B | Spreadsheet | 8/19/2024 | This is an Excel spreadsheet that contains a checklist of rules for working with third parties related to handling safety incidents. The spreadsheet contains links to reference documents titled "Incident Investigation and Reporting," "Investigation Guidelines," and "Incident Classification Guidelines" (among other links). Metadata that is available because this document is a spreadsheet (as opposed to Uber providing hyperlink metadata required by the ESI Order) indicates that the links go to Google documents. Uber refuses to produce metadata that would allow Plaintiffs to determine whether Uber has produced the link documents. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000157044 | Document | 8/19/2024 | This is a Word document entitled Uber Policy Positions 2019 and contains more than 100 links, including to thinks like, "As a testament to our commitment to combat the issue of sexual violence, Uber launched its Driving Change program" and "Transparency Report Talking Points Master Doc." Uber produced this document without any hyperlink metadata, as though it does not contain any links, and refuses to produce metadata that would allow Plaintiffs to determine whether Uber produced the linked documents. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000170323 | Email | 8/19/2024 | This email about women's safety includes multiple hyperlinks at various points through the thread, but Uber has not produced any corresponding hyperlink metadata with this email. Additionally, although Uber produced one of the earlier in thread emails that contains at least 5 hyperlinks that appear to be links to Google Drive documents, Uber produced LINKEDGOOGLEDRIVEDOCUMENTIDS for only two of those links and did not produce LINKBEGBATES for any. | There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since.<br><br>This e-mail thread contains hyperlinks to four unique Google Drive documents, (some hyperlinks are displayed in this e-mail thread more than once), and a link to a YouTube video (excluded from production requirements by the ESI Order). All Drive Documents have been produced with appropriate corresponding metadata. |

| Bates/Control # | Type | Date Produced | Deficiencies | Defendants' Responses |
|---|---|---|---|---|
| UBER_JCCP_MDL_000253255 | Document | 8/30/2024 | This is a Word document drafted by Tracey Breeden (a custodian) that contains a link: "my team has been working diligently on eradicating sexual assault from our external platform since Q4 (background linked here)." Uber refuses to produce metadata to allow Plaintiffs to determine whether Uber has produced the document at the link. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_000325764 | Email | 8/30/2024 | This is an email thread that includes multiple links in lower-thread emails. Although Uber claims to have produced the linked documents along with one of the lower thread emails (produced at UBER_JCCP_MDL_000325771), (1) the metadata for this document (UBER_JCCP_MDL_000325764) does not allow for that connection and (2) the metadata for the lower-thread email likewise does not provide information to identify the linked documents in the production (no LINKEDGOOGLEDRIVEDOCUMENTIDS or LINKBEGBATES provided). | (1) There is no hyperlink in the topmost portion of this email. As Plaintiffs have long known and never before disputed, Defendants are producing hyperlinks and related metadata for Drive links that appear within the topmost Gmail in a thread. That is precisely how the technology works, as discussed with Plaintiffs over a year ago and never disputed since.<br><br>(2) As discussed, this is simply the nature of a rolling production of hyperlinked Drive documents referenced within Gmails. LINKBEGBATES are not omitted from Defendants' productions. That field cannot be populated until the linked documents themselves are produced. Furthermore, Plaintiffs already have the LinkGoogleDriveDocuments field, which they can use to associate produced e-mails and produced Drive links, produced at UBER_JCCP_MDL_002075523 and UBER_JCCP_MDL_001586650. |
| UBER_JCCP_MDL_000868324 | Spreadsheet | 10/15/2024 | This is an Excel spreadsheet titled "Non-Compliant Metrics Workbook" which addresses background check issues and contains numerous "uberinternal.com" links and other links just titled "link" which appear to be to Google documents. Uber refuses to provide any metadata that would allow Plaintiffs to determine whether Uber has produced the documents at these links. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |
| UBER_JCCP_MDL_001731878 | Document | 12/20/2024 | This is a Word document titled "2017 SAFE RIDES FEE SETTLEMENT AGREEMENT PROPOSED COMMS PLAN" and contains links including, "Support Macros are contained in the doc here," and "Embargo lifts at 2 PM PT and we will likely post this blog to also help ensure reporters have the facts," among many other links. Uber refuses to produce metadata that would allow plaintiffs to determine whether Uber has produced the linked documents. | The ESI Order does not require Defendants to collect and produce Drive documents referenced by hyperlink in documents, as opposed to Drive documents referenced by hyperlink in Gmails. And in fact, there is no technological way to identify and collect Drive documents referenced by hyperlink in other Drive documents. Rather, someone would need to manually review every document to identify hyperlink URLs in the extracted text, make a judgment call regarding whether that URL is an internal or external hyperlink (or a pointer to another portion of the same document), follow each individual internal hyperlink to whichever source it leads (if possible), try to collect the document from that source, and somehow create a linkage from that document to the document containing the hyperlink. And someone would need to do that same manual process over and over again, for each hyperlink. It simply cannot be done. But as Plaintiffs know, Defendants are collecting custodial Drive documents separately and reviewing them for responsiveness. It is simply that there is no technological way for Defendants to conduct a separate collection of Drive documents referenced by hyperlink in other documents (which Plaintiffs do not dispute), and Plaintiffs never even requested such a thing. |