IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ This Order Relates To: *ALL CASES* | MDL No. 3084 **ORDER REGARDING APPOINTMENT OF MASTER** |

Magistrate Judge Cisneros has indicated that she intends to recommend the appointment of a Master to conduct a review of privilege logs and documents relating to the assertion of attorney client and work product privileges in this MDL. Dkt. No. 2196. In light of Judge Cisneros's intention, and pursuant to Federal Rule of Civil Procedure 53(b)(1), the Court provides the parties notice that it intends to appoint the Honorable Barbara A. Jones (Ret.) as a Master to oversee this work. Judge Jones's biography and a list of her recent engagements are attached to this Order. The parties should be prepared to discuss this issue at a status conference, which is ordered for February 3, 2025, at 4:00 p.m. via Zoom. Any objections to Judge Jones's appointment should be raised at that time.

**IT IS SO ORDERED.**

Dated: February 3, 2025

_____
CHARLES R. BREYER
United States District Judge

# ATTACHMENT

# The Honorable
# Barbara S. Jones (Ret.)

**Hon. Barbara S. Jones** (Ret.) served as a United States District Court Judge in the Southern District of New York for 17 years prior to entering private practice. As a member of the American Bar Association's ("ABA") Corporate Monitor Standards Committee, she assisted in authoring the ABAapproved standards for monitorships. Following her career on the bench, she has been appointed by the government and federal courts to conduct monitorships and special master assignments in a number of high-profile matters, and has been retained by corporations to conduct confidential reviews and assessments of their compliance programs.

Before her appointment to the federal bench, Judge Jones served both as an Assistant United States Attorney in the Southern District of New York, and as the Chief Assistant to Robert M. Morgenthau in the Manhattan District Attorney's Office.

As a federal prosecutor, Judge Jones investigated and prosecuted a number of organized crime cases involving a broad array of criminal conduct, including labor racketeering, narcotics distribution, tax evasion and money laundering. Judge Jones was appointed by the Department of Justice to Chief of its Organized Crime Strike Force in the Southern District of New York. This team encompassed a group of 14 Assistant U.S. Attorneys and special investigators working in conjunction with representatives from multiple law enforcement agencies, including the Federal Bureau of Investigation, the New York City Police Department, the Internal Revenue Service, the Drug Enforcement Administration, the Bureau of Alcohol, Tobacco and Firearms, the Secret Service, the U.S. Customs Service, and the U.S. Postal Service. In this role, she initiated, assigned, and supervised all of the investigations in the Strike Force and worked with law enforcement agencies to evaluate targets and strategies. She also coordinated intelligence sharing among law enforcement partners and prosecutors, and sourced and deployed the necessary resources to carry out these complex investigations.

Following her tenure as a federal prosecutor, Judge Jones joined the Manhattan District Attorney's Office as Chief Assistant to the District Attorney. She oversaw the Homicide Investigation Unit, providing investigatory oversight and counsel on legal issues. She also advised the District Attorney on high profile cases, provided direct oversight of community affairs matters, and managed sensitive personnel and resource issues.

In January 1996, Judge Jones was appointed as a U.S. District Judge in the Southern District of New York. While on the bench, she managed a docket of approximately 350 civil cases and numerous criminal cases each year. Judge Jones was also appointed to the MultiDistrict Litigation Panel by the Chief Justice of the United States Supreme Court, where she served from 2010 until her departure from the bench in 2013. The Panel oversees the most complex cases in the federal court system.

In 2013, Judge Jones began her career in private practice. Shortly thereafter she was appointed by the Secretary of Defense to Chair the Response Systems to Adult Sexual Assault Crimes Panel. That committee, created by Congress, reviewed and assessed the investigation,

prosecution, and adjudication of sexual assaults in the U.S. military. Since then, and as more fully described below, Judge Jones has been appointed or retained on a number of highprofile matters, including a federal monitorship in connection with the merger of three major telecommunications companies, an appointment to serve as the Special Master to conduct the privilege review of documents seized from the President's former lawyer, Michael Cohen, and an appointment as independent compliance auditor for the Archdiocese of New York.

**The attached document contains greater detail concerning Judge Jones' experience.**

# Relevant Experience

| Company/Matter Name | Description |
|---|---|
| People of the State of New York v. Donald J. Trump, Index No. 452564/2022. | Bracewell partner was appointed by the New York State Supreme Court to serve as independent monitor of the Trump Organization. Bracewell oversees and monitors the preparation and disclosure of all financial information issued to any third party, which includes the Trump Organization's lenders, insurance companies and federal and state taxing authorities. We are also responsible for reviewing and overseeing compliance with all internal accounting controls, governance, record-keeping and financial reporting policies and procedures.<br><br>In connection with the monitorship, we have conducted an independent assessment of the Trump Organization's internal controls over financial reporting and established review protocols that have been adopted by the Court to ensure the Defendants continue to comply with all necessary requirements. In addition, we have established processes to oversee the preparation and validation of all financial disclosures issued by the Trump Organization. |
| Charter Communications, Inc. | Bracewell partner was appointed Independent Compliance Officer by the Federal Communications Commission to evaluate the adequacy of Charter Communications' compliance with the terms of six conditions imposed on the company in connection with its merger with Time Warner Cable Inc. and Advance/Newhouse Partnership. The monitorship commenced in 2016 and lasted seven years. To assess Charter's compliance with the conditions, Bracewell regularly met with and interviewed Charter executives across a wide range of company departments and requested and reviewed relevant documents. The team examined the programs and processes Charter put in place to satisfy the terms of the conditions, assessed the accuracy of Charter's data-gathering and reporting methodologies and evaluated whether Charter had sufficient controls in place to ensure the accuracy of its data. They also attempted to independently verify the information provided by Charter. Bracewell submitted over ten reports annually to the FCC detailing the steps Charter took to satisfy the conditions and assessing Charter's compliance. To help with the more technical aspects of the case, Bracewell worked closely with engineers and consultants to assess, for example, the accuracy of Charter's reported traffic exchanged at its interconnection exchange points. |
| Special Master Privilege Review Appointments | Bracewell partner was appointed as special master in the matters:<br><br>- *Michael Cohen v. United States,* 18-mj-3161 (KMW) (S.D.N.Y.)<br>- *In re: In the Matter of Search Warrants Executed on April 28, 2021*, 21-mc-00425 (JPO) (S.D.N.Y.)<br>- *In re: Search Warrant dated November 5, 2021*, 21-mc-00813 (AT) (S.D.N.Y.)<br>- Sealed Criminal Matter<br><br>The Bracewell team was responsible for rendering decisions regarding privilege issues related to materials seized in the execution of certain search warrants against high profile individuals and organizations, including Michael Cohen, Rudy Giuliani, and Project Veritas. The team established procedures and protocols to efficiently review the materials and make privilege recommendations to the Court. |

| Company/Matter Name | Description |
|---|---|
| Professional Services Firm | Bracewell investigated the circumstances surrounding a multinational financial services and consulting firm's failure to disclose professional misconduct by thousands of employees in response to an information request the firm received from the Securities and Exchange Commission. In a first of its kind settlement with the SEC, the firm agreed to pay a substantial fine and to retain an independent law firm to investigate the circumstances surrounding the firm's disclosures. Bracewell was retained to conduct the investigation, which included dozens of interviews and the review of more than 100,000 documents. Bracewell reported findings to a special committee of the firm, and pursuant to the SEC settlement, and also had the authority to make binding recommendations for discipline and other remedial measures based upon the findings of the investigation. |
| Major Non-Profit Arts Organization | Bracewell investigated allegations of sexual assault and workplace misconduct within a major non-profit arts organization in New York. After conducting significant evidence review and comprehensive interviews with employees, Bracewell made a report to organization leadership that allowed the organization to make important decisions about employee discipline, policies and procedures, and future investigations of employee misconduct. |
| International Brotherhood of Teamsters Union (IBT) | Bracewell partner was appointed by Judge Loretta Preska (S.D.N.Y.) to serve as the Independent Review Officer for the International Brotherhood of Teamsters Union (IBT). The IBT entered into a consent decree with the objective of ridding the Union of any criminal element or corruption. As the Independent Review Officer, we adjudicate disciplinary cases referred by the independent investigations officer and oversee trusteeships imposed by the IBT over local unions. |
| ZTE Corporation | Bracewell partner served as lead counsel to the court-appointed monitor of ZTE Corporation, a Chinese telecommunications company. The monitorship stemmed from ZTE's sales of US-controlled technology in Iran, North Korea, Sudan, and to specially-designated nationals and individuals. The Bracewell partner led a team of more than 35 professionals to review, evaluate and report on the design and effectiveness of ZTE's corporate export control and sanctions compliance program. The review consisted of evaluating ZTE's implementation and improvement of its compliance program throughout its organization (which included presence in more than 150 countries); monitoring management commitment, training, and the handling of potential violations; auditing the compliance program on behalf of the Department of Commerce; and reporting on the reviews and recommendations to the company, the Court, the Department of Justice, and the Department of Commerce. |
| Archdiocese of New York | Bracewell partner was appointed by Cardinal Timothy Dolan as Independent Reviewer and Special Counsel to assess the Archdiocese of New York's compliance with the *Charter for the Protection of Children and Young People*, which was adopted by the United States Bishops in 2002 in response to the clergy sexual abuse crisis. In this role, the Bracewell team reviewed hundreds of thousands of documents, conducted dozens of interviews, and observed the investigation and adjudication of complaints in real time. Working collaboratively with the Archdiocese, the Bracewell team made a number of recommendations to enhance the compliance program, including the development of an electronic case management system, which her team helped design and implement. Bracewell continues to conduct annual compliance reviews for the Archdiocese. |

| Company/Matter Name | Description |
|---|---|
| New York City Police Department | Bracewell partner was appointed by New York City Police Commissioner James P. O'Neill to serve on an independent three-member panel that conducted a full-scale review of the New York City Police Department's disciplinary system. The Panel assessed how internal discipline cases are initiated and prosecuted by the Department Advocate's Office, how such cases are tried in the department's trial rooms or otherwise resolved, and how final outcomes are determined, imposed, and recorded. The Panel released a public report in January 2019 outlining its findings and recommendations. The recommendations, which were all accepted by the NYPD, focused on increased transparency, accountability, efficiency, and enhanced technology. |
| New York City Business Integrity Commission (BIC) | Appointed by the New York City Business Integrity Commission to monitor one of the largest waste hauling firms in New York City for suspected organized crime involvement and to ensure compliance with Minority and Women-Owned Business Enterprise (MWBE) requirements. Analyzed thousands of documents and emails, conducted numerous interviews of company executives, reviewed forensic accounting analyses of the company's books and records and oversaw field surveillance to ensure the integrity of the contracts. |
| New York City Department of Investigation and the Metropolitan Transportation Authority (MTA) | Appointed by the New York City Department of Investigation and the Metropolitan Transportation Authority to monitor a construction company subject to a Deferred Prosecution Agreement with the New York County District Attorney's Office involving violations of the New York State MWBE laws. In this role, Bracewell reviewed the company's compliance code and business practices, conducted compliance training, established a hotline for internal reporting and analyzed the company's books and records to identify any potential payroll fraud and abuses. |
| The Committee on Armed Services for the United States Senate and House of Representatives | Appointed by Congress and selected by the Secretary of Defense to Chair the Response Systems to Adult Sexual Assault Crimes Panel (RSP). The RSP was created by the Congressional Armed Services Committees for both the House and Senate to review and assess the systems the US military used to investigate, prosecute and adjudicate sexual assault crimes in the armed forces. As Chair, Judge Jones led 14 days of public hearings and 65 subcommittee meetings and conducted site visits to several military installations and civilian agencies within the Department of Defense. The work culminated in a report of findings and recommendations that were presented to – and adopted by – Congress. |
| Port Authority of New York & New Jersey | Bracewell partner was retained by the Port Authority of New York & New Jersey to review and assess the agency's policies and procedures regarding personnel matters, and to provide compliance advice with respect to those matters. Bracewell also conducts independent investigations on behalf of the agency. |
| New York City District Council of Carpenters (Carpenters Union) | Since 2014, Bracewell has represented the Carpenters Union in connection with their monitorship before Judge Victor Marrero (S.D.N.Y.). In that role, Judge Jones works on behalf of her client with the court-appointed Monitor and with the US Attorney in order to ensure that the monitorship is carried out effectively. |
| U.S. Bank, et. al., v. UBS Real Estate Securities, Inc., 12 Civ. 7322 (PKC) SDNY. | Bracewell partner was appointed by the Honorable P. Kevin Castel (S.D.N.Y.) to serve as the Special Master in *U.S. Bank, et. al., v. UBS Real Estate Securities, Inc.*, 12 Civ. 7322 (PKC). Under this appointment, the Bracewell team was responsible for evaluating thousands of loans bundled and sold as mortgage-backed securities to determine whether the representations made in the transactions were accurate. The Bracewell team evaluated each outstanding loan for asserted breaches of contract and rendered decisions on a loan-by-loan basis. The Bracewell team was also instrumental in bringing about a settlement in the case. |

| Company/Matter Name | Description |
|---|---|
| Fox News Workplace Professionalism and Inclusion Council | Served on the Fox News Workplace Professionalism and Inclusion Council, an oversight panel that was created as part of a shareholder settlement agreement in response to harassment and discrimination claims against the network. The Council, which provided written reports to Fox Corporation's (formerly 21st Century Fox) directors, was responsible for overseeing Fox's efforts to examine its workplace culture and effectively respond to workplace issues. |