1   RANDALL S. LUSKEY (SBN: 240915)
        rluskey@paulweiss.com
2   **PAUL, WEISS, RIFKIND, WHARTON**
        **& GARRISON LLP**
3   535 Mission Street, 24th Floor
    San Francisco, CA 94105
4   Telephone: (628) 432-5100
    Facsimile:  (628) 232-3101
5
    ROBERT ATKINS (*Pro Hac Vice* admitted)
6       ratkins@paulweiss.com
    CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7       cgrusauskas@paulweiss.com
    ANDREA M. KELLER (*Pro Hac Vice* admitted)
8       akeller@paulweiss.com
    **PAUL, WEISS, RIFKIND, WHARTON**
9       **& GARRISON LLP**
    1285 Avenue of the Americas
10  New York, NY 10019
    Telephone: (212) 373-3000
11  Facsimile:  (212) 757-3990

12  *Attorneys for Defendants*
    UBER TECHNOLOGIES, INC.;
13  RASIER, LLC; and RASIER-CA, LLC

14
    *[Additional Counsel Listed on Signature Page]*
15

16                      **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18                       **SAN FRANCISCO DIVISION**

19
    IN RE: UBER TECHNOLOGIES, INC.,          Case No. 3:23-md-03084-CRB
20  PASSENGER SEXUAL ASSAULT
    LITIGATION                               **DEFENDANTS UBER TECHNOLOGIES,**
21                                           **INC., RASIER, LLC, RASIER-CA, LLC'S**
                                             **STATEMENT IN SUPPORT OF**
22  This Document Relates to:                **PLAINTIFFS' ADMINISTRATIVE**
                                             **MOTION TO CONSIDER WHETHER**
23  ALL ACTIONS                              **ANOTHER PARTY'S MATERIALS**
                                             **SHOULD BE SEALED [ECF NO. 2165]**
24
                                             Judge:      Hon. Lisa J. Cisneros
25                                           Courtroom:  G – 15th Floor

26

27

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 2165]
                                                    Case No. 3:23-MD-3084-CRB

1

### DEFENDANTS' STATEMENT IN SUPPORT OF SEALING

2

### CONFIDENTIAL MATERIALS

3      Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this

4  case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc.,

5  Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of

6  Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed

7  Under Seal, dated January 28, 2025, ECF 2165 ("Plaintiffs' Motion(s)").

8  **I.      BACKGROUND AND REQUESTED SEALING**

9      Plaintiffs' Motion concerns one documents:

10
11

| Document | Description | Designating Party |
|---|---|---|
| Portions of the parties' Joint Letter Brief re: TAR Validation | References to confidential information | Uber |

12

13

14      The document at issue is a letter brief related to technology assisted review ("TAR") disputes

15  filed on January 28, 2025. The redacted portions of this document consist of summaries of highly

16  confidential, internal, non-public business operations, strategies, and research, including dates and

17  program names. *See* Cummings Decl. ¶ 2.  Disclosure of these documents would harm Uber's business

18  and competitive standing.  Uber therefore submits this statement requesting that the Court maintain

19  under seal the redacted potions of the letter brief under Local Rule 79-5(f)(3).

20  **II.     LEGAL STANDARD**

21      Documents which do not relate directly to the merits of a case are properly sealed when a

22  moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

23  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations

24  and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02

25  (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing

26  an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression,

27  or undue burden or expense."  Fed. R. Civ. P. 26(c).

28

1    The document here is a letter brief on TAR validation; it is not directly related to a dispositive

2  motion.  *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC,

3  2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24,

4  2020).  Therefore, the good cause standard applies.  Discovery motion materials "are actually one step

5  further removed in public concern from the trial process than the discovery materials themselves."

6  *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties

7  and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

8    Courts in this Circuit seal confidential business information under the good cause standard,

9  including business data like the portions of the letter brief at issue here.  *See, e.g.*, *Blockchain

10  *Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing

11  documents containing confidential information on "internal business strategy and corporate

12  decisionmaking, as well as internal budgeting and finances"); *Jones v. PGA Tour, Inc.*, 2023 WL

13  7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among

14  other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform

15  *Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information

16  such as "internal business plans and propriet[ar]y information about a [party's] products").

17  **III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

18    The redacted portions of the document at issue consist of summaries of highly confidential,

19  internal, non-public business operations, strategies, and research, including dates and program names.

20  *See* Cummings Decl. ¶¶ 2-3.  Uber has a legitimate interest in sealing the un-redacted version of these

21  documents in order to avoid harm to its competitive standing and business interests.  There are no less

22  restrictive alternatives to sealing the documents as the brief has already been narrowly redacted.  *See

23  id.*

24    **A.  Failing to Seal the Documents Would Harm Uber**

25      **i. Portions of the parties' Joint Letter Brief re: TAR Validation**

26    This document is a Joint Letter Brief submitted by the parties in connection to a discovery

27  dispute on TAR validation. It contains references to highly confidential, internal, non-public business

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2165]
Case No. 3:23-MD-3084-CRB

1  operations, strategies, and research. This Court has sealed this kind of information before repeatedly:

2  *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D.

3  Cal. 2024); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023); *Skillz Platform Inc.*

4  *v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023).

5       **B.  Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

6       No less restrictive alternative to sealing the documents at issue is sufficient.  *See* Cummings

7  Decl. ¶¶ 2-3.  Actions short of sealing the documents would not protect Uber's competitive standing

8  and business interests.

9  **IV.     CONCLUSION**

10       For the foregoing reasons, Uber respectfully requests that the Court order that the un-redacted

11  version of the document listed above be maintained under seal.

12

13    DATED: February 4, 2025                    Respectfully submitted,

14                                                          **SHOOK HARDY & BACON L.L.P.**

15                                                           By: */s/ Michael B. Shortnacy*

16                                                             MICHAEL B. SHORTNACY

17                                             MICHAEL B. SHORTNACY (SBN: 277035)
                                            mshortnacy@shb.com
                                       **SHOOK, HARDY & BACON L.L.P.**

18                                           2121 Avenue of the Stars, Ste. 1400
                                       Los Angeles, CA 90067

19                                           Telephone: (424) 285-8330
                                       Facsimile: (424) 204-9093

20

21                                           PATRICK OOT (Admitted *Pro Hac Vice*)
                                       oot@shb.com
                                       **SHOOK, HARDY & BACON L.L.P.**

22                                           1800 K St. NW Ste. 1000
                                       Washington, DC 20006

23                                           Telephone: (202) 783-8400
                                       Facsimile: (202) 783-4211

24

25                                           KYLE N. SMITH (*Pro Hac Vice* admitted)
                                       ksmith@paulweiss.com

26                                           JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
                                       jphillips@paulweiss.com

27                                           **PAUL, WEISS, RIFKIND, WHARTON**
                                          **& GARRISON LLP**

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2165]
Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2165]
Case No. 3:23-MD-3084-CRB