RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2193]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated January 31, 2025, ECF 2193 ("Plaintiffs' Motion(s)").

## I.  BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns five documents:

| Document | Description | Designating Party |
|---|---|---|
| Exhibit B to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents | Confidential business document | Uber |
| Exhibit C to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents | Confidential business communication | Uber |
| Exhibit D to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents | Confidential business communication | Uber |
| Exhibit E to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents | Confidential business communication | Uber |
| Exhibit F to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents | Confidential business communication | Uber |

The documents at issue are exhibits to a brief filed by the parties concerning a privilege dispute over hyperlinks. These documents consist of confidential, non-public, internal business documents and communications, and also contain personal identifying information, namely non-public email

addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-7. Disclosure of these documents would harm Uber's competitive standing and legitimate interests in the confidentiality of internal business plans and communications, as well as the privacy interests of Uber employees. Uber therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3).

## II.     LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on privilege disputes; they are not related to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google LLC*, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

"Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"). Courts also routinely seal confidential business information under the good cause standard, such as business plans. *See, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc.*, 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about the parties' business operations

and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's business operations is typically subject to sealing"); *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing document that reflected "reflects public relations strategy"); *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (sealing "details about the [business's] operations and business relationships with other [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its business relationships").

### III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are exhibits to a joint letter brief on hyperlinked documents. The documents consist of confidential, non-public, internal business documents and communications, and also contain personal identifying information, namely non-public email addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-6. Uber has a legitimate interest in sealing these documents in order to avoid harm to Uber's competitive standing and legitimate interests in the confidentiality of internal business plans and communications, as well as the privacy interests of Uber employees. There are no less restrictive alternatives to sealing the documents. *See id.* ¶¶ 2-7.

**A. Failing to Seal the Documents Would Harm Uber**

**Exhibit B to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents:**

This document is a spreadsheet containing confidential, non-public, internal information regarding processes for handling incident reports, which was produced in this litigation as JCCP_MDL_000149960 and designated as confidential pursuant to the Protective Order. *See* Cummings Decl. ¶ 2. This exhibit was used by Plaintiffs in the joint letter brief on hyperlinked documents. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations. *See Vineyard Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibit C to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents:**

This document is a confidential, non-public, internal email communication regarding incident report validation and Uber's taxonomy, which was produced in this litigation as JCCP_MDL_000224112 and designated as confidential pursuant to the Protective Order. *See* Cummings Decl. ¶ 3. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations. *See Vineyard Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094, at *3. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

**Exhibit D to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents:**

This document is a confidential, non-public, internal email regarding an educational video for independent drivers and Uber's relationship with a third-party sexual assault prevention organization, which was produced in this litigation as JCCP_MDL_000029631-32 and designated as confidential pursuant to the Protective Order. *See* Cummings Decl. ¶ 4. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business plans and business relationships with third parties. *Jones*, 2023 WL 2232094, at *3; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

1  **Exhibit E to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants'**
2  **Production of Hyperlinked Documents:**

3   This document is a confidential, non-public, internal email regarding strategy for strategy
4  related to media coverage, which was produced in this litigation as JCCP_MDL_000066336 and
5  designated as confidential pursuant to the Protective Order. *See* Cummings Decl. ¶ 5. Courts routinely
6  seal confidential business information under the good cause standard, such as confidential media
7  relations strategy. *See Jones*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023); *see also, e.g.*,
8  *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*,
9  2023 WL 2232094, at *3. This exhibit also contains personal information of Uber employees, namely
10 non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal
11 identifying information under the compelling reasons standard due to the potential privacy harm to the
12 individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

13  **Exhibit F to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants'**
14 **Production of Hyperlinked Documents:**

15   This document is a confidential, non-public, internal email regarding strategy for strategy
16 related to communication about a safety campaign in Latin America, which was produced in this
17 litigation as JCCP_MDL_000066380 and designated as confidential pursuant to the Protective Order.
18 Courts routinely seal confidential business information under the good cause standard, such as
19 confidential public relations strategy and business plans. *See, e.g.*, *Epidemic Sounds*, 2025 WL
20 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 2232094, at *3;
21 *Jones*, 2023 WL 3570000, at *2. This exhibit also contains personal information of Uber employees,
22 namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other
23 personal identifying information under the compelling reasons standard due to the potential privacy
24 harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

25  **B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**
26   No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings
27 Decl. ¶ 7. Actions short of sealing the documents would not protect the legitimate privacy interests of

28

Uber's competitive standing and legitimate privacy interests of Uber employees.

## IV.   CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DATED: February 7, 2025                     Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
       MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC