RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 2193]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings, having personal knowledge of the following state:

1. I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF No. 2193, ("Uber's Statement").

2. I have reviewed Exhibit B to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents, which was produced in this litigation as JCCP_MDL_000149960 and designated as confidential pursuant to the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"). The exhibit is a spreadsheet containing confidential, non-public, internal information regarding processes for handling incident reports. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations. *See Vineyard Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's business operations is typically subject to sealing"); *see also, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc.*, 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about the parties' business operations and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors"); *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (sealing "details about the [business's] operations and business relationships with other [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its business relationships").

3. I have reviewed Exhibit C to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents, which was produced in this litigation as

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2193]

Case No. 3:23-MD-3084-CRB

JCCP_MDL_000224112 and designated as confidential pursuant to the Protective Order. The exhibit is a confidential, non-public, internal email communication regarding incident report validation and Uber's taxonomy. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations. *See Vineyard Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094, at *3. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023).

4.  I have reviewed Exhibit D to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents, which was produced in this litigation as JCCP_MDL_000029631-32 and designated as confidential pursuant to the Protective Order. The exhibit is a confidential, non-public, internal email regarding an educational video for independent drivers and Uber's relationship with a third-party sexual assault prevention organization. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business plans and business relationships with third parties. *Jones*, 2023 WL 2232094, at *3; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

5.  I have reviewed Exhibit E to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents, which was produced in this litigation as JCCP_MDL_000066336 and designated as confidential pursuant to the Protective Order. The exhibit

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2193]

Case No. 3:23-MD-3084-CRB

is a confidential, non-public, internal email regarding strategy for strategy related to media coverage. Courts routinely seal confidential business information under the good cause standard, such as confidential media relations strategy. *See Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing document that reflected "reflects public relations strategy"); *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 2232094, at *3. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

6. I have reviewed Exhibit F to the Declaration of R. Luhana ISO Joint Letter Regarding Defendants' Production of Hyperlinked Documents, which was produced in this litigation as JCCP_MDL_000066380 and designated as confidential pursuant to the Protective Order. The exhibit is a confidential, non-public, internal email regarding strategy for strategy related to communication about a safety campaign in Latin America. Courts routinely seal confidential business information under the good cause standard, such as confidential public relations strategy and business plans. *See, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 2232094, at *3; *Jones*, 2023 WL 3570000, at *2. This exhibit also contains personal information of Uber employees, namely non-public email addresses. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones*, 2023 WL 7434197, at *2.

7. The disclosure of the above-described documents could harm Uber's competitive standing and legitimate privacy interests. No less restrictive alternative to sealing these documents would protect Uber's competitive standing and legitimate privacy interests of Uber employees.

I declare under penalty of perjury that the foregoing is true and correct.

4

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2193]

Case No. 3:23-MD-3084-CRB

1
2  Executed on February 7, 2025.                    By: */s/ Daniel Cummings*
3                                                                                    Daniel Cummings
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2193]

Case No. 3:23-MD-3084-CRB