# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC)<br><br>**JOINT LETTER REGARDING PEIFFER WOLF PLAINTIFFS' COMPLIANCE WITH NOVEMBER 18, 2024 PFS ORDER**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |
| This Document Relates to:<br><br>*Lisa Williams* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-00114<br><br>*Ashley Carroll* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-02196<br><br>*T.R.* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-03592<br><br>*H.L.* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-04526<br><br>*L.M.* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-05179<br><br>*A.T.* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-05592<br><br>*A.H.* v. *Uber Technologies Inc., et al.*, No. 3:24-cv-05807 | |

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8, Dkt. No. 323, the parties respectfully submit this joint letter regarding certain Plaintiffs' compliance with the Court's November 18, 2024 Order, Dkt. No. 1877.

Dated: February 7, 2025

Respectfully Submitted,

| | |
|---|---|
| **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** |
| /s/ Kyle Smith | /s/ Rachel Abrams |
| Kyle Smith (*Pro Hac Vice* admitted)<br>2001 K Street, NW<br>Washington DC, 20006<br>Telephone: (202) 223-7407<br>ksmith@paulweiss.com | Rachel B. Abrams (Cal Bar No. 209316)<br>Adam B. Wolf (Cal Bar No. 215914)<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>Telephone: (415) 766-3544<br>rabrams@peifferwolf.com<br>awolf@peifferwolf.com |
| *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC | *Attorneys for Peiffer Wolf Carr Kane Conway & Wise, LLP Plaintiffs* |

I. **Uber's Position**

This dispute is simple and one the Court has already resolved multiple times. On November 18, 2024—81 days ago—the Court ordered Plaintiffs to cure certain deficiencies in their Plaintiff Fact Sheets by no later than December 18, 2024. Dkt. No. 1877. Uber has granted numerous extensions of this deadline, and the seven Plaintiffs identified in Exhibit A to the declaration of Kyle Smith have had 51 extra days to comply with the Court's Order. Decl. of Kyle Smith ("Smith Decl.") Ex. A. They have not done so.

Uber requests an additional order compelling the Plaintiffs listed in Exhibit A to cure the remaining deficiencies in their discovery within three weeks of the Court's order. The Court has issued similar orders regarding other Plaintiffs who have failed to amend their PFS submissions to conform with the Court's November 18 Order. Dkt. Nos. 2047, 2186. As the Court has granted in these past disputes, Uber requests the ability to pursue dispositive sanctions from Judge Breyer regarding any Plaintiff who continues to ignore the Court's directives and fails to comply with the Court's additional order.

A. The Court's Orders

Pretrial Order No. 10 ("PTO 10") requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." PTO 10, Dkt. No. 348 at 4. The parties submitted a joint letter to the Court disputing Plaintiffs' obligations under PTO 10, and the Court resolved the parties' disputes on November 18, 2024. Dkt. No. 1877. Pursuant to the Court's orders, Plaintiffs must verify both their initial and amended responses to the Plaintiff Fact Sheet's questions. Dkt. No. 1877 at 2–3; *see also* Dkt. No. 1995 at 2 (noting that providing unverified, "partial fact sheets . . . falls short of the scope that Judge Breyer previously found to be warranted" due in part to "the importance of *verified* PFS responses"). With a few limited exceptions, Plaintiffs must also provide contact information for third parties "to the extent such information is known by Plaintiffs and called for by the PFS." Dkt. No. 1877 at 4. Finally, the Court held that "'will supplement' or words to that effect, standing alone" are not "a suitable response to questions in the PFS." *Id.* at 7. The Court provided Plaintiffs with 30 days—until December 18, 2024—to conform any deficient PFS productions with the Court's decisions.

Although the Court's Order was clear, the Court has resolved two additional disputes regarding Plaintiffs' non-compliance. On January 6, 2025, the Court resolved a dispute regarding the non-compliance of certain Pulaski Kherkher, PLLC ("Pulaski Kherkher") Plaintiffs with the November 18 Order. Dkt. No. 2047. The Court ordered the Plaintiffs at issue to provide compliant discovery within fifteen days, the fourteenth day being a holiday. *Id.* On January 31, 2025, the Court resolved a dispute regarding the non-compliance of certain Williams Hart & Boundas LLP ("Williams Hart") Plaintiffs. Dkt. No. 2186. The Court ordered the Plaintiffs at issue to provide compliant discovery within three weeks. *Id.*

B. The Plaintiffs at Issue

On December 11, 2024, Uber sent Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf") a letter identifying Plaintiffs represented by that firm who needed to amend their PFS productions by December 18 to comply with the Court's November 18 Order. Smith Decl., Ex.

B. Among those Plaintiffs were the seven Plaintiffs identified in Exhibit A. Smith Decl. ¶ 4. The parties have met and conferred about Plaintiffs' deficient PFS productions and failure to abide by the Court's December 18 deadline three times, but the Plaintiffs listed in Exhibit A have still not complied. *Id.* ¶ 5.

### C. Requested Relief

Uber requests an additional order compelling the Plaintiffs identified in Exhibit A to provide compliant, verified PFS submissions that cure the deficiencies listed in Exhibit A. Uber requests that each Plaintiff be ordered to provide the discovery within 21 days of the Court's order. Uber also requests the ability to file a motion for dispositive sanctions before Judge Breyer pursuant to Civil Local Rule 7-2 should any Plaintiff fail to comply with the Court's commands. As discussed above, the relief that Uber seeks is consistent with the Court's prior decisions, particularly its orders regarding virtually identically situated Plaintiffs represented by Pulaski Kherkher and Williams Hart.

Most of the deficiencies at issue are missing verifications. Five of the seven Plaintiffs in Exhibit A have never submitted a signed verification, Smith Decl. ¶ 3, despite the parties' agreement that "PFS responses must be verified," Dkt. No. 1877 at 2. These Plaintiffs' obligation to provide a verification has been outstanding for months. *See* Smith Decl., Ex. A (noting when each Plaintiff's case was filed); PTO 10 at 5–6 (providing that each Plaintiff must satisfy their fact sheet obligations by May 25, 2024 if they joined the MDL by March 26, 2024 and within 30 days after joining the MDL if they joined after March 26). The most recent signed verification submitted by the other two Plaintiffs was submitted on July 2, 2024—months before the Court's November 18 Order. Smith Decl. ¶ 3.

The Court has previously "address[ed] the importance of *verified* PFS responses." Dkt. No. 1995 at 2. As the Court has already recognized, requiring Plaintiffs to verify their discovery "is essential for establishing the truth of the answers so that they may be relied on by the parties during the litigation." *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012); *see also id.* at *8 (MDL court discussing "the clear body of law establishing the reasons for and importance of party verification"). Contrary to Plaintiffs' suggestions, the verification is a critical requirement imposed by PTO 10 and the Court's November 18 Order, and Plaintiffs who have not provided verifications have not provided fully compliant PFS submissions.

Plaintiffs' portion of this letter attempts to excuse Plaintiffs' non-compliance with the Court's orders by pointing to the compliance of other Plaintiffs represented by Peiffer Wolf. PTO 10 is clear that "[e]ach Plaintiff must submit a completed PFS." Dkt. No. 348 at 4; *see also id.* at 6 ("The PFS . . . must be substantially complete, which means *a Party* must . . . ." (emphasis added)). The fact that other Plaintiffs have complied with the Court's Orders demonstrates only the reasonableness and achievability of the deadlines the Court has already set; it does not excuse the Plaintiffs at issue in this dispute from their obligation to provide compliant discovery.

Plaintiffs' failure to respond to their counsel's outreach likewise does not justify their continued non-compliance with the Court's commands. As the Court has noted, even "for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current contact information or overlooked counsel's repeated efforts to

contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'" Dkt. No. 1995 at 2 (omission in original) (quoting *Virtual Vision Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)).

As stated at the outset, this dispute is simple. It is undisputed that the Court ordered Plaintiffs to provide certain discovery by no later than December 18. It is undisputed that Plaintiffs have not complied, notwithstanding a lengthy extension of the Court's original deadline. The only information Plaintiffs have provided justifying their non-compliance is their counsel's assertion that Plaintiffs have been unresponsive. As the Court has done twice already—Dkt. Nos. 2047, 2186—the Court should order Plaintiffs to provide the necessary discovery promptly.

## II.     Plaintiffs' Position

Peiffer Wolf Plaintiffs ("Plaintiffs") have been working diligently to bring their PFS in compliance with the Court's November 18, 2024 PFS Order. Plaintiffs believe that Uber's request for relief is extreme and unwarranted at this juncture. As will be shown to this Court, Plaintiffs have, since the November 18 Order ("Order"), satisfied the requirements of the Order for over 130 Plaintiffs. Moreover, contrary to what Uber presents, Plaintiffs are not "virtually identically situated" with those of other firms for whom this Court issued PFS-related PTO 8 dispute orders in the past month.

### A. Chronology of Events

In its brief chronology of events, Uber fails to detail the number of Plaintiffs who have, since the November 18, 2024 Order ("Order"), satisfied this Court's requirmenets. On December 4, 2024, Plaintiffs sent Uber a letter requesting an extension of the December 18, 2024 deadline by which to amend PFS productions set by the Order. At the time, Plaintiffs had over 150 PFS productions to amend to be compliant with the Order, and had already amended a dozen within a 10-day span. Plaintiffs recognized and anticipated the time-consuming and taxing nature of the task, both on counsel for Plaintiffs and more specifically on Plaintiffs themselves.

On December 11, 2024, Uber sent a letter identifying 142 Plaintiffs who needed to amend their PFS productions to comply with the Order. That number is now seven (7). In its December 11, 2024 letter ("Letter"), Uber alleged that:
- 49 Plaintiffs had failed to submit updated or original verification;
- 124 Plaintiffs had non-compliant responses regarding third-party witness contact information (Questions 23.a, 26.c 27.b or 30.a in the PFS); and
- 33 Plaintiffs had a non-compliant PFS which included "will supplement" or similar responses.

Uber agreed to an extension by which to amend PFS productions for 128 out of 142 Plaintiffs until January 18, 2025. The remaining 14 Plaintiffs had until the original deadline to cure any deficiencies in their PFS productions. Following a rigorous meet & confer process detailed in the Declaration of Rachel Abrams, and information given by counsel for Plaintiffs about each case, Uber decided not to submit these five (5) cases to a PTO 8 dispute for the Court to resolve. Abrams Decl. ¶ 9-11.

This meet & confer process is detailed therein in order to illustrate how Plaintiffs worked consistently and diligently to cure all non-compliant PFS productions. At every step of the process, counsel provided detailed explanations as to why any certain non-compliant Plaintiff was not able to cure its PFS production, and Uber agreed to the validity of said explanations at the time. Abrams Decl. ¶12-17.

Since the Order, Plaintiffs made the following progress:
- Counsel moved to withdraw from the representation of four (4) Plaintiffs;
- Counsel received the news that one Plaintiff was recently deceased;
- Counsel cured over 135 fact sheets and 130 PFS productions in full;
- Only seven (7) PFS productions are subject to this dispute as non-compliant with the Order;
- Six (6) out of the seven (7) Plaintiffs in Exhibit A to Declaration of Kyle Smith ("Exhibit A Plaintiffs") have submitted a substantially compliant PFS, but are simply missing a signed verification.

### B. The Plaintiffs at Issue

Contrary to Uber's assertion, Plaintiffs are not excusing non-compliance with the Court's orders by pointing to the compliance of other Plaintiffs. The foregoing merely demonstrates that the process is non-linear for heavily traumatized sexual assault survivors, which counsel for Plaintiffs urges the Court to take into account in its orders.

A considerable number of Plaintiffs are responsive and have provided updated information and PFS and verifications when prompted to do so. However, a very small number of these Plaintiffs have had more difficulty maintaining consistent contact with our firm. There are many reasons why these victims of sexual assault could be unresponsive at this time, and it is difficult to determine when, how, or if they resurface. In an effort to reach unresponsive or less responsive Plaintiffs to serve complete discovery on Uber, our office made numerous phone calls, sent emails, texts, and written letters, conducted address searches, and employed investigators to trace new

contact information for these Plaintiffs. These efforts have been majoritarily successful, but often require more than mere weeks for tangible results.[1]

As previously stated, six (6) out of the seven (7) Exhibit A Plaintiffs have submitted a complete PFS that is fully compliant with PTO 10 and the Order, but are simply missing either updated or original verifications.

Counsel has been unable to reach Lisa Williams, A.H., H.L., L.M. for verifications, but managed to obtain enough cooperation and information from each client to submit fully a compliant PFS. Our office continues to work diligently to get these clients to verify their PFS productions. Ashley Caroll and T.R. have been more responsive clients who have previously submitted verifications alongside their PFS productions. However, these clients have had difficulty engaging with their sexual assault cases for the past two months. For that reason, our office has been unable to obtain updated verifications in compliance with the Order. We will continue to work on submitting the appropriate discovery for these cases. Finally, A.T. is the only Exhibit A Plaintiff who did not yet produce a fully compliant fact sheet. Should A.T. continue to fail to comply with this Court's orders, our office will consider withdrawing from her matter.

C. **Requested Relief**

Based on the clear and substantial efforts over the last two months, Plaintiffs' counsel respectfully request additional time to cure the remaining deficiencies. Plainitffs have been diligently addressing any issues with Uber and making any progress possible to comply with this Court's Order and PTO 10. For reasons detailed above, Plaintiffs believe that a twenty-one day deadline to provide the discovery is insufficient, and potential motions for dispositive sanctions should Plaintiffs fail to comply with the order would be extreme and unwarranted at this juncture. In the event Uber is permitted to pursue dispositive sanctions, Plaintiffs request permission to respond to said dispositive motions and pursue less extreme alternatives.

---

[1] As a recent example, counsel for Plaintiffs had drafted and was ready to file a motion to withdraw from the representation of a consistently unresponsive client. A day before the motion was set for filing, the plaintiff resurfaced and provided all the information necessary to submit a fully compliant PFS production. Such examples are common and are not taken into consideration by Uber during the meet and confer process.

## **FILER'S ATTESTATION**

I, Kyle Smith, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated:  February 7, 2025             By:    */s/ Kyle Smith*
                                                              Kyle Smith