February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

| Plaintiffs' First Requests for Production | | |
|---|---|---|
| **No.** | **Central Request** | **Full Request for Production** *(February 28, 2024)* | **Uber's Response** *(June 27, 2024)* |

| No. | Central Request | Full Request for Production *(February 28, 2024)* | Uber's Response *(June 27, 2024)* |
|---|---|---|---|
| 6 | Documents regarding marketing regarding the Uber Application. | Any and all agreements among or between any or all named Defendants RELATING TO the design, research, development, testing, marketing, advertising, public relations, lobbying, regulatory compliance, driver activity, data collection, and/or safety of YOUR Uber Application. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, or subject to attorney- client privilege, work product privilege, and/or trade secret privilege. Responding Party further objects that this Request is not reasonably particularized, as it purports to seek documents unrelated to sexual misconduct or sexual assault.<br><br>Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party refers Requesting Party to the document Bates labeled UBER000000562 and the deposition of Brad Rosenthal in Case No. CJ-21- 005188. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
| 40 | Documents regarding marketing or safety-related communications conveyed through the Uber App. | Any and all DOCUMENTS REGARDING any and all marketing or safety-related communications displayed or communicated to RIDERS through the Uber App. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this |

| | | | | Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects that this Request seeks material that is not reasonably particularized insofar as it purports to seek documents related to the undefined term "safety-related communications" and "displayed or communicated." Subject to and without waiving said objections, Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
| --- | --- | --- | --- | --- |
| 55 | Documents regarding "Safe Rides Fee," including decision to implement, reasons for implementation, and all communications, advertising, and marketing to Drivers and Riders regarding the Safe Rides Fee. | Any and all DOCUMENTS RELATED TO YOUR "Safe Rides Fee," including but not limited to the decision to implement the Safe Rides Fee, the reason for implementing the Safe Ride Fee, all communications to YOUR DRIVERS or RIDERS REGARDING the Safe Rides Fee, and advertising or marketing REGARDING the Safe Rides Fee. | | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding party responds as |

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

| | | | |
|---|---|---|---|
| | | | follows: Responding Party refers Requesting Party to documents Bates labeled UBER-MDL3084-000285238 to UBER-MDL3084-000365533. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
| 98 | Documents regarding marketing targeted to male riders. | Any and all DOCUMENTS RELATED TO marketing specifically to current or potential male RIDERS. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is argumentative and improperly requires the adoption of an assumption of fact. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not reasonably particularized insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is prepared to meet and confer with the Requesting Party to discuss what bases, if any, exist for requiring production of material responsive to this Request. Further, Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation |

**February 7, 2025**
**Joint Status Report Regarding Marketing**
**Exhibit A**

| | | | are ongoing. Responding Party reserves the right to amend or supplement this response. |
|---|---|---|---|
| 99 | Documents regarding marketing targeted to female riders. | Any and all DOCUMENTS RELATED TO marketing specifically to current or potential female RIDERS. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is argumentative and improperly requires the adoption of an assumption of fact. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not reasonably particularized insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States.<br><br>Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is prepared to meet and confer with the Requesting Party to discuss what bases, if any, exist for requiring production of material responsive to this Request. Further, Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |

February 7, 2025
**Joint Status Report Regarding Marketing**
**Exhibit A**

| | | | |
|---|---|---|---|
| 100 | Documents regarding marketing efforts portraying Uber as "safe" or providing "safe" rides. | Any and all DOCUMENTS RELATED TO marketing efforts or campaigns that portray YOU as "safe" or as providing "safe" RIDES. | Responding Party objects that this Request is overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party objects that this Request is vague and ambiguous with respect to its use of undefined term "campaign." Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
| 101 | Documents regarding analysis and assessments by Uber's safety marketing department. | Any and all DOCUMENTS REGARDING YOUR analysis or assessments by YOUR safety marketing department. | Responding Party objects that this Request lacks foundation and assume facts not in evidence. Responding Party objects that this Request is overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or |

| | | | |
|---|---|---|---|
| | | | work product doctrine. Responding Party objects that this Request is vague and ambiguous with respect to its use of undefined terms "analysis," "assessments," and "safety marketing department." Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend<br><br>or supplement this response. |
| 102 | Documents regarding marketing targeted at riders who choose Uber due to the consumption of alcohol. | Any and all DOCUMENTS REGARDING marketing directed to RIDERS who choose to use the Uber Application because they may have consumed alcohol. | Responding Party objects that this Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber |

| | | | |
|---|---|---|---|
| | | | app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Discovery and investigation are ongoing. Responding Party reserves the right to amend<br><br>or supplement this response. |
| 103 | Documents regarding marketing targeted to minor riders or their families. | Any and all DOCUMENTS REGARDING marketing directed specifically to RIDERS under the age of 18 or their families. | Responding Party objects that this Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non-privileged, responsive documents from 2014 to 2023 relating to the United States. Responding Party is prepared to meet and confer with the Requesting Party |

**February 7, 2025**
**Joint Status Report Regarding Marketing**
**Exhibit A**

| | | | to discuss what bases, if any, exist for requiring production of material responsive to this Request. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
|---|---|---|---|
| 104 | Documents regarding annual marketing and advertising budgets. | Any and all DOCUMENTS REGARDING YOUR annual marketing and advertising budgets. | Responding Party objects that this Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will produce responsive final financial reporting, such as final Forms 10-K over a reasonable time scope. Responding Party reserves the right to amend or supplement this response. |
| 105 | Documents regarding public communications about sexual misconduct or sexual assault. | Any and all DOCUMENTS REGARDING YOUR public communications, including but not limited to advertising and marketing, about SEXUAL MISCONDUCT or SEXUAL ASSAULT. | Responding Party objects that this Request is compound, vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that |

| | | | this Request is vague and ambiguous with respect to its use of the undefined term "public communications." Subject to and without waiving the foregoing objections, Responding Party Responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non- privileged, responsive documents from 2014 to 2023 relating to the United States. Responding Party reserves the right to amend or supplement this response. |
|---|---|---|---|
| 107 | Documents regarding advertising agreements between Uber and third parties regarding the Uber Application | Produce any and all agreements between YOU or any other named Defendant with any third party related to advertising, marketing, promotion, communications<br><br>and/or public relations for YOUR Uber Application | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects that this Request seeks material that is not reasonably particularized insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party is prepared to meet and confer with the Requesting Party to discuss what bases, if any, exist for requiring production of material responsive to this Request. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |

February 7, 2025
**Joint Status Report Regarding Marketing**
**Exhibit A**

| 145 | Documents regarding recruitment of drivers. | Any and all DOCUMENTS RELATING TO YOUR recruitment of DRIVERS, including but not limited to marketing and incentives. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to attorney-client privilege or work product doctrine.<br><br>Subject to and without waiving the foregoing objections, Responding Party responds as follows: Responding Party will conduct a reasonable and diligent search of the agreed upon custodians using reasonable search terms, and will provide any non- privileged, responsive documents from 2014 to 2023. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
| --- | --- | --- | --- |
| 162 | Documents reflecting Uber's annual budget, expenditures for marketing and promotion of the Uber Application to Riders. | Produce DOCUMENTS that constitute, identify, or reflect YOUR annual budget and annual expenditures for the marketing or promotion of YOUR Uber Application to RIDERS. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual |

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

| | | | assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing General Objections and the objections below, Uber will produce final versions of annual financial reporting, such as Form 10-K, for the relevant time period. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |
|---|---|---|---|
| 163 | Documents reflecting Uber's annual budget, expenditures for marketing and promotion of the Uber Application to Drivers. | Produce DOCUMENTS that constitute, identify, or reflect YOUR annual budget and annual expenditures for the marketing or promotion of YOUR Uber Application to DRIVERS. | Responding Party objects that this Request lacks foundation and assumes facts not in evidence. This Request is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location, it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects as this Request seeks information that may be confidential, proprietary, trade secrets, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Request seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing General Objections and the objections below, Uber will produce final versions of quarterly and annual financial reporting, such as Forms 10-Q and 10-K, for the relevant time period. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. |

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

| | | | |
|---|---|---|---|
| | | | |

**Plaintiffs' First Set of Interrogatories, dated March 27, 2024.  Defendant Uber's Responses, dated June 27, 2024.**

- **INTERROGATORY NO. 23:** Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated its slogan: "Everyone's Private Driver."

- **RESPONSE NO. 23: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects to the terms "audience" as vague, ambiguous, and calling for speculation. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation as to what is being requested. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follow: Uber is unable to respond to this interrogatory without the reference communication. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 24: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated its slogan: "Ride with Uber."

- **RESPONSE NO. 24: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation as to what is being requested. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 25: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated its slogan: "Uber is the smartest way to get around."

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

- **RESPONSE NO. 25: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discover and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 26: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated its slogan: "Wherever you're headed, count on Uber for a ride."

- **RESPONSE NO. 26: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 27: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Sign up to ride."

- **RESPONSE NO. 27: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 28: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Safe, reliable rides in minutes."

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

- **RESPONSE NO. 28: Responding Party objects that this interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this interrogatory is vague and overbroad as to geography and scope of time. Respond Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 29: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Ride with confidence. The Uber experience was built with safety in mind."

- **RESPONSE NO. 29: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 30: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "we're dedicated to helping you move safely."

- **RESPONSE NO. 30: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual**

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

**assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 31: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "our commitment to safety" and "our commitment to your safety."

- **RESPONSE NO. 31: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Interrogatory is compound. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 32: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "at Uber, Safety Never Stops."

- **RESPONSE NO. 32: Responding Party objects that this Interrogatory lacks foundation, is compound, and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 33: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Sign up to ride."

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

- **RESPONSE NO. 33: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 34: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Safest rides on the road."

- **RESPONSE NO. 34: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 35: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "setting the strictest standards possible, and then working hard to improve them every day."

- **RESPONSE NO. 35: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party further objects that this Request in compound. Subject to and without waiving the foregoing objections, Responding Part responds as follows: see response to interrogatory number 23.**

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

- INTERROGATORY NO. 36: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "From the moment you request a ride to the moment you arrive, the Uber experience has been designed from the ground up with your safety in mind."

- **RESPONSE NO. 36: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 37: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated that its background checks were "gold standard."

- **RESPONSE NO. 37: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This interrogatory is vague, ambiguous, compound, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Part responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 38: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "From start to finish, a ride you can trust."

- **RESPONSE NO. 38: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding**

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

- INTERROGATORY NO. 39: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "[S]afe rides for everyone: Whether riding in the backseat or driving up front, every part of the Uber experience is designed around your safety and security."

- **RESPONSE NO. 39: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Part responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 40: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "How we keep you safe."

- **RESPONSE NO. 40: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 41: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Trip Safety, Our Commitment to Riders."

- **RESPONSE NO. 41: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows:**

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

- INTERROGATORY NO. 42: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Uber is dedicated to keeping people safe on the road."

- **RESPONSE NO. 42: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 43: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Building safer journeys for everyone."

- **RESPONSE NO. 43: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" as vague, ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 44: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Our new Door-to-Door Safety Standard. We want you to feel safe riding with Uber."

- **RESPONSE NO. 44: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" as vague,**

ambiguous, and calling for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.

- INTERROGATORY NO. 45: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Focused on safety, wherever you go."

- **RESPONSE NO. 45: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 46: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "We're committed to helping to create a safe environment for our users."

- **RESPONSE NO. 46: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.**

- INTERROGATORY NO. 47: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Designing a safer ride."

- **RESPONSE NO. 47: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this**

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

> Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23.

- INTERROGATORY NO. 48: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "We're helping to create safe journeys for everyone."

- **RESPONSE NO. 48: Responding Party objects that this Interrogatory is vague, ambiguous, and overly broad as to scope of time and geography. Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party further objects that this Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 49: Identify (by listing Communication Channels used, quantifying and describing the audience reached, and stating the applicable dates and geographic region) the audience to which Uber communicated the phrase: "Safe rides around the clock."

- **RESPONSE NO. 49: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is vague and overbroad as to geography and scope of time. Responding Party further objects that this Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter and scope of time and location; and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects to the terms "audience" and "communicated" as vague, ambiguous, and calling for speculation. Responding Party objects that this Interrogatory is overly broad as to scope of time and geography. Responding party further objects to the undefined term "audience" as vague, ambiguous, and calling for speculation as to what is being requested. Subject to and without waiving the foregoing objections, Responding Party responds as follows: see response to interrogatory number 23. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

February 7, 2025
**Joint Status Report Regarding Marketing**
Exhibit A

- INTERROGATORY NO. 53: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that Uber does not provide rides or transportation.

- **RESPONSE NO. 53: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory is overly broad as to scope of time and geography. Responding Party further objects that this Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter, and calls for speculation as to what is being requested. Responding Party further objects as this Interrogatory seeks information that may be confidential, proprietary, or subject to the attorney-client privilege or work product doctrine. Responding party further objects to the undefined term "audience" and "communications" are vague, ambiguous, and calls for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of Service. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 54: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that Uber does not provide safe rides.

- **RESPONSE NO. 54: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party objects that this Interrogatory seeks information that may be confidential and is the subject of proprietary business information, trade secrets, and privacy rights; is burdensome, oppressive, and harassing as it is overly broad and unlimited in time and geography; and it is not relevant to the claims and defenses in this Action, and calls for speculation as to what is being requested. Responding Party further objects that this Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter, and calls for speculation as to what is being requested. Responding Party further objects that this Interrogatory seeks documents that are protected by the attorney-client privilege or the attorney work product doctrine. Responding Party further objects that this interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party further objects to the terms "donation" and "combatting" as vague, ambiguous, and calling for speculation as to what is being asked. Responding Party further objects to the term "nonprofit organization" as vague, ambiguous, and overbroad. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of Service. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 55: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that UberX Drivers were not professional drivers.

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

- **RESPONSE NO. 55: Responding Party objects that this Interrogatory is vague, ambiguous, burdensome, and overly broad as to scope of time, subject matter, and geography. Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. Responding Party further objects as this interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this Interrogatory is vague, ambiguous, burdensome, compound, and overly broad as to subject matter, and calls for speculation as to what is being requested. Responding Party further objects that this interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Party also specifically objects to the term "UberX Drivers" insofar as the term implies an employment relationship between drivers and Responding Party. Drivers who use the driver version of the Uber app are independent third-party transportation providers in business for themselves whose relationship with Uber is as independent contractors. Responding Party further objects that the terms "professional" and "communications" are vague, ambiguous, and calls for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of service. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**

- INTERROGATORY NO. 56: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that UberX Drivers were not Uber employees.

- **RESPONSE NO. 56: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This interrogatory is vague, ambiguous, compound, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding Party also specifically objects to the term "UberX Driver" insofar as the term implies an employment relationship between drivers and Responding Party. Drivers who use the driver version of the Uber app are independent third-party transportation providers in business for themselves whose relationship with Uber is as independent contractors. Responding party objects to the term "professional" as vague, ambiguous. Responding Party further objects that the term "communications" is vague, ambiguous, and calls for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of Service. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response. Discovery and Investigation are ongoing. Responding Party reserves the right to amend or supplement this response. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of Service. Discovery and investigation are ongoing. Responding Party reserves the right to**

February 7, 2025
Joint Status Report Regarding Marketing
Exhibit A

amend or supplement this response. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.

- INTERROGATORY NO. 57: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that Uber will not be held responsible or accountable for Drivers' actions that injure Riders.

- **RESPONSE NO. 57: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This interrogatory is vague, ambiguous, compound, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding party objects to the terms "responsible" and "accountable" as vague, and ambiguous. Responding Party further objects that the term "communications" is vague, ambiguous, and calls for speculation.**

- INTERROGATORY NO. 58: Identify (by Communication Channel, date range, geographic region, and audience reached) any and all Communications by You informing Riders that Uber will not be held responsible or accountable for Sexual Misconduct by Drivers.

- **RESPONSE NO. 58: Responding Party objects that this Interrogatory lacks foundation and assumes facts not in evidence. This interrogatory is vague, ambiguous, burdensome, and overly broad as to subject matter and scope of time and location. Responding Party further objects as this interrogatory seeks information that may be confidential, proprietary, trade secrets, protected personal identifying information, or subject to attorney-client privilege or work product doctrine. Responding Party further objects that this interrogatory seeks material that is not relevant insofar as it purports to seek documents not related to sexual misconduct or sexual assault in connection with trips requested using the Uber app in the United States. Responding party objects to the terms "responsible" and "accountable" as vague, ambiguous. Responding Party further objects that the term "communications" is vague, ambiguous, and calls for speculation. Subject to and without waiving the foregoing objections, Responding Party responds as follows: See Uber's Website and U.S. Terms of Service. Discovery and investigation are ongoing. Responding Party reserves the right to amend or supplement this response.**