1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT
LITIGATION

This Document Relates To:

ALL CASES.

Case No.  23-md-03084-CRB   (LJC)

**ORDER REGARDING
ADMINISTRATIVE MOTION TO
CONSIDER WHETHER DOCUMENTS
SHOULD BE SEALED**

Re: Dkt. No. 2193

Uber seeks to seal Exhibits B through F to the declaration of Plaintiffs' counsel Roopal Luhana, filed in conjunction with a joint discovery letter regarding hyperlinked documents. *See* Dkt. No. 2193 (Plaintiffs' administrative motion to consider whether documents should be sealed); Dkt. No. 2297 (Uber's response).  Uber rests in large part on assertions that the documents are confidential internal communications, and that courts "routinely seal" such documents.  Other than concerns about undue exposure of employees' contact information, Uber does not specifically identify any harm that would result from disclosing these documents.

The Court has previously emphasized that "not all internal business information is 'confidential,' and even if Uber treats certain information as confidential, it still must show that disclosure would create at least some risk of harm to establish good cause to seal that information. ECF No. 1818 at 2.  "[E]ven the 'good cause' standard for sealing documents only tangentially related to the merits of a case (the standard applicable here) 'requires a particularized showing that specific prejudice or harm will result if the information is disclosed,' and that '[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning' will not suffice." *Id.* (quoting *Federal Trade Commission v. Qualcomm Inc.*, No. 17-cv-00220-LHK, 2018 WL 2317835, at \*6 (N.D. Cal. May 22, 2018)) (second alteration in original; third-level internal

United States District Court
Northern District of California

1    quotation marks omitted).  Uber has not met that standard for most of the documents at issue here.

2    Exhibit B is a spreadsheet of information related to the processes for handling incident

3    reports.  Although it is a close call in the absence of any explanation of potential harm by Uber,

4    the Court finds good cause to seal this exhibit based on the apparent possibility that it could be

5    used to manipulate Uber's reporting process, or as leverage for third parties negotiating to partner

6    with Uber, or by competitors of Uber to copy processes that Uber invested resources to develop.

7    The request to seal Exhibit B is GRANTED.  The Court does not reach the question of whether

8    compelling reasons would support sealing this document in a context more closely related to the

9    merits of the case.

10   Exhibit C is an internal email from 2018 discussing in how incidents should be categorized

11   in a validation of Uber's taxonomy.  It provides instructions only at a high level of generality.

12   There is no indication that this email reflects current practices, or that any third party could use

13   this information in any way.  No potential harm to Uber from the release of this documents is

14   apparent.

15   Exhibit D is an internal email thread from around four years ago, containing non-

16   substantive discussion of a presentation about sexual misconduct to be given to Uber's drivers

17   (whom Uber characterizes as independent contractors) in partnership with RAINN, a third-party

18   sexual assault prevention organization, whose relationship with Uber is public knowledge.  *See*

19   RAINN, https://rainn.org/uber ("RAINN and Uber have teamed up to provide tips for the best

20   ways to respect others while driving and riding with Uber.").  No potential harm to Uber from the

21   release of this documents is apparent.

22   Exhibits E and F are generally unremarkable internal discussions of public relations issues

23   from around eight years ago.  In the absence of any explanation for how disclosure would harm

24   Uber, whatever generalized harm might sometimes be inferred to results from the disclosure of

25   internal strategy discussions is mitigated by the long period of time since these emails were sent.

26   *Cf.* Civ. L.R. 79-5(g)(3) (noting a "strong presumption" that documents in cases that have been

27   closed for at least three years should be unsealed).  No potential harm to Uber from the release of

28   these documents is apparent.

United States District Court
Northern District of California

1    The request to seal Exhibits C through F is therefore DENIED.  Uber shall file those

2 documents in the public record no later than one week from the date of this Order.  Uber may

3 redact non-public email addresses and telephone numbers.

4    **IT IS SO ORDERED.**

5 Dated: February 10, 2025

6

7    _____

LISA J. CISNEROS
8 United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3