1  RANDALL S. LUSKEY (SBN: 240915)
        rluskey@paulweiss.com
2  **PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP**
3  535 Mission Street, 24th Floor
   San Francisco, CA 94105
4  Telephone: (628) 432-5100
   Facsimile:  (628) 232-3101
5
   ROBERT ATKINS (*Pro Hac Vice* admitted)
6        ratkins@paulweiss.com
   CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
7        cgrusauskas@paulweiss.com
   ANDREA M. KELLER (*Pro Hac Vice* admitted)
8        akeller@paulweiss.com
   **PAUL, WEISS, RIFKIND, WHARTON
9        & GARRISON LLP**
   1285 Avenue of the Americas
10 New York, NY 10019
   Telephone: (212) 373-3000
11 Facsimile:  (212) 757-3990

12 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.;
13 RASIER, LLC; and RASIER-CA, LLC

14 *[Additional Counsel Listed on Signature Page]*

15

16                     **UNITED STATES DISTRICT COURT**

17                   **NORTHERN DISTRICT OF CALIFORNIA**

18                        **SAN FRANCISCO DIVISION**

19

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2199]** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:        Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

26

27

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTIONS TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NO. 2199]
                                                                    Case No. 3:23-MD-3084-CRB

**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING**

**CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated February 3, 2025, ECF 2199 ("Plaintiffs' Motion(s)").

**I.    BACKGROUND AND REQUESTED SEALING**

Plaintiffs' Motion concerns four documents:

| Document | Description | Designating Party |
|---|---|---|
| UBER_JCCP_MDL_000032097-131 | Confidential business document | Uber |
| UBER_JCCP_MDL_000192322-37 | Confidential business communication | Uber |
| UBER_JCCP_MDL_000040852-55 | Confidential business document | Uber |
| UBER-MDL3084-000099693-732 | Confidential business document | Uber |

The documents at issue were cited in a brief on TAR validation and filed under seal by Plaintiffs on February 3, 2025 (ECF 2199) pursuant to the Court's January 30, 2025 Order (ECF 2184). On February 5, 2025, the Court sealed redacted portions of the TAR validation letter brief that cited and summarized these documents, ECF 2253. The Court should likewise seal the underlying documents at issue in this motion.

These documents consist of confidential, non-public, internal business documents and communications, and one contains personal identifying information, namely non-public email addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-5. Disclosure of these documents would harm Uber's competitive standing and legitimate interests in the confidentiality of internal business plans and communications, as well as the privacy interests of Uber employees. Uber therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3).

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB

1  **II.     LEGAL STANDARD**

2       Documents which do not relate directly to the merits of a case are properly sealed when a

3  moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

4  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations

5  and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02

6  (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing

7  an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression,

8  or undue burden or expense."  Fed. R. Civ. P. 26(c).

9       The documents here are related to briefing on TAR validation; they are not related to a

10  dispositive motion.  *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google*

11  *LLC*, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal.

12  Feb. 24, 2020).  Therefore, the good cause standard applies.  Discovery motion materials "are actually

13  one step further removed in public concern from the trial process than the discovery materials

14  themselves."  *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of

15  private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

16       "Courts in this circuit routinely seal email addresses and other personal identifying information

17  under the compelling reasons standard due to the potential privacy harm to the individual whose

18  contact information may be exposed."  *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal.

19  Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12,

20  2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email

21  addresses").  Courts also routinely seal confidential business information under the good cause

22  standard, such as business plans.  *See, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc.*, 2025 WL

23  345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about the parties' business operations

24  and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations

25  and provide an advantage to their competitors"); *Vineyard Investigations v. E. & J. Gallo Winery*,

26  2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's

27  business operations is typically subject to sealing"); *Jones v. PGA Tour, Inc*., 2023 WL 3570000, at

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB

1    *2 (N.D. Cal. May 18, 2023) (sealing document that reflected "reflects public relations strategy");

2    *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (sealing "details about

3    the [business's] operations and business relationships with other [businesses]" based on potential risk

4    of "competitive harm to the [business] and damage [to] its business relationships").

5    **III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

6         The documents at issue are documents cited in a joint letter brief on TAR validation.  These

7    documents consist of confidential, non-public, internal business documents and communications, and

8    one contains personal identifying information, namely non-public email addresses of Uber employees.

9    *See* Cummings Decl. ¶¶ 2-5.  Uber has a legitimate interest in sealing these documents in order to

10   avoid harm to Uber's competitive standing and legitimate interests in the confidentiality of internal

11   business plans and communications, as well as the privacy interests of Uber employees. There are no

12   less restrictive alternatives to sealing the documents.  *See id.* ¶¶ 2-6.  The Court has already sealed

13   redacted portions of the TAR validation letter brief that cited and summarized these documents, ECF

14   2253, and should likewise seal the underlying documents at issue in this motion.

15        **A.  Failing to Seal the Documents Would Harm Uber**

16        **UBER_JCCP_MDL_000032097-131:**

17        This document was produced in this litigation and designated as confidential pursuant to the

18   Protective Order.  It is an internal presentation containing confidential, non-public internal business

19   research, setting goals, objectives, plans, and proposals, concerning data gathering accessibility and

20   strategies that helped inform Uber's current policies and engagement with third parties.  *See*

21   Cummings Decl. ¶ 2. Uber expended significant resources gathering the data and developing the

22   processes contained within this presentation. Therefore, disclosure of this presentation risks harm to

23   Uber through its competitors utilizing the information and copying processes. The information in this

24   presentation could also be used to manipulate Uber's reporting process. Moreover, third parties

25   negotiating to partner with Uber could leverage the information in the presentation to their advantage.

26   Courts routinely seal confidential business information under the good cause standard, such as

27   documents containing confidential internal business operations.  *See Vineyard Investigations*, 2024

28
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB

1   WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL

2   2232094, at *3.

3       **UBER_JCCP_MDL_000192322-37:**

4       This document was produced in this litigation and designated as confidential pursuant to the

5   Protective Order.  It is an internal presentation containing confidential, non-public internal business

6   research and metrics gathered over a period of time to provide information to stakeholders on

7   recommended courses of action to improve safety, as well as Uber's plans and strategies related to

8   incidents concerning driver partners, which informed Uber's current policies and safety initiatives.

9   *See* Cummings Decl. ¶ 3. Uber expended significant resources gathering the data and developing the

10  processes contained within this presentation. Disclosure of this presentation risks harm to Uber

11  through its competitors utilizing the information and copying processes. Uber would also be at risk of

12  harm through third parties negotiating to partner with Uber leveraging the information in the

13  presentation to their advantage. Courts routinely seal confidential business information under the good

14  cause standard, such as documents containing confidential internal business operations.  *See Vineyard*

15  *Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2;

16  *Jones*, 2023 WL 2232094, at *3.

17      **UBER_JCCP_MDL_000040852-55:**

18      This document was produced in this litigation and designated as confidential pursuant to the

19  Protective Order. It is an internal communication containing confidential, non-public research, data,

20  statistics, and analysis concerning certain reported driver incidents that informed Uber's approach to

21  current policies and engagement with third parties.  *See* Cummings Decl. ¶ 4.  Uber expended

22  significant resources gathering the data and conducting the analyses contained in this communication.

23  In turn, Uber would suffer harm if its competitors are able to utilize these data and analyses. Moreover,

24  the information contained in this communication could be used to manipulate Uber's reporting

25  process. Courts routinely seal confidential business information under the good cause standard, such

26  as documents containing confidential internal business operations.  *See Vineyard Investigations*, 2024

27  WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB

2232094, at *3.  This document also contains personal information of an Uber employee, namely a non-public email address. "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones* 2023 WL 7434197.

**UBER-MDL3084-000099693-732:**

This document was produced in this litigation and designated as confidential pursuant to the Protective Order.  It is an internal presentation containing confidential, non-public internal business research and technology development, revealing Uber's decision-making processes and strategic plans that informed Uber's current policies and engagement with third parties.  *See* Cummings Decl. ¶ 5. Uber expended significant resources gathering the data and developing the processes contained within this presentation. Therefore, disclosure of this presentation risks harm to Uber through its competitors utilizing the information and copying processes. The information could also be used to manipulate Uber's reporting process. Moreover, Uber would be at risk of harm through third parties negotiating to partner with Uber leveraging the information in the presentation to their advantage. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations.  *See Vineyard Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094, at *3.

**B.  Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to sealing the documents at issue is sufficient.  *See* Cummings Decl. ¶ 6.  Actions short of sealing the documents would not protect Uber's competitive standing and the legitimate privacy interests of Uber employees.

**IV.    CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB

DATED: February 10, 2025

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2199]
Case No. 3:23-MD-3084-CRB