```
RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (Pro Hac Vice admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (Pro Hac Vice admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (Pro Hac Vice admitted)
    akeller@paulweiss.com
PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990
```

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 2199]**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

## **DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings, having personal knowledge of the following state:

1. I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF No. 2199, ("Uber's Statement").

2. I have reviewed the document marked as UBER_JCCP_MDL_000032097-131, filed under seal by Plaintiffs on February 3, 2025 (ECF 2199-3) pursuant to the Court's January 30, 2025 Order (ECF 2184). This document was produced in this litigation and designated as confidential pursuant to the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"). It is a presentation containing confidential, non-public internal business research setting goals, objectives, plans, and proposals, concerning data gathering accessibility and strategies that helped inform Uber's current policies and engagement with third parties. Courts routinely seal confidential business information under the good cause standard, such as documents containing confidential internal business operations. *See Vineyard Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's business operations is typically subject to sealing"); *see also, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc.*, 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025); *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023).

3. I have reviewed the document marked as UBER_JCCP_MDL_000192322-37, filed under seal by Plaintiffs on February 3, 2025 (ECF 2199-4) pursuant to the Court's January 30, 2025 Order (ECF 2184). This document was produced in this litigation and designated as confidential

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2199]

Case No. 3:23-MD-3084-CRB

1  pursuant to the Protective Order.  It is a presentation containing confidential, non-public internal
2  business research and metrics gathered over a period of time to provide information to stakeholders
3  on recommended courses of action to improve safety, as well as Uber's plans and strategies related
4  to incidents concerning driver partners, which informed Uber's current policies and safety initiatives.
5  Courts routinely seal confidential business information under the good cause standard, such as
6  documents containing confidential internal business operations.  *See Vineyard Investigations*, 2024
7  WL 4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL
8  2232094, at *3.

9      4.    I have reviewed the document marked as UBER_JCCP_MDL_000040852-55, filed
10 under seal by Plaintiffs on February 3, 2025 (ECF 2199-5) pursuant to the Court's January 30, 2025
11 Order (ECF 2184).  This document was produced in this litigation and designated as confidential
12 pursuant to the Protective Order.  It is a communication containing confidential, non-public research,
13 data, statistics, and analysis concerning certain reported driver incidents that informed Uber's
14 approach to current policies and engagement with third parties.  Courts routinely seal confidential
15 business information under the good cause standard, such as documents containing confidential
16 internal business operations.  *See Vineyard Investigations*, 2024 WL 4853055, at *2; *see also, e.g.*,
17 *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094, at *3.  This document also
18 contains personal information of an Uber employee, namely a non-public email address. "Courts in
19 this circuit routinely seal email addresses and other personal identifying information under the
20 compelling reasons standard due to the potential privacy harm to the individual whose contact
21 information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5,
22 2023).

23     5.    I have reviewed the document marked as UBER-MDL3084-000099693-732, filed
24 under seal by Plaintiffs on February 3, 2025 (ECF 2199-6) pursuant to the Court's January 30, 2025
25 Order (ECF 2184).  This document was produced in this litigation and designated as confidential
26 pursuant to the Protective Order.  It is a presentation containing confidential, non-public internal

27
    3
28 DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2199]
    Case No. 3:23-MD-3084-CRB

1  business research and technology development, revealing Uber's decision-making processes and
2  strategic plans that informed Uber's current policies and engagement with third parties. Courts
3  routinely seal confidential business information under the good cause standard, such as documents
4  containing confidential internal business operations. *See Vineyard Investigations*, 2024 WL
5  4853055, at *2; *see also, e.g.*, *Epidemic Sounds*, 2025 WL 345923, at *2; *Jones*, 2023 WL 2232094,
6  at *3.

7      6.    The disclosure of the above-described documents could harm Uber's competitive
8  standing and legitimate privacy interests. No less restrictive alternative to sealing these documents
9  would protect Uber's competitive standing and legitimate privacy interests of Uber employees.

11      I declare under penalty of perjury that the foregoing is true and correct.

13  Executed on February 10, 2025.        By: */s/ Daniel Cummings*
14          Daniel Cummings

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2199]

Case No. 3:23-MD-3084-CRB