```
 1 │ RANDALL S. LUSKEY (SBN: 240915)
   │     rluskey@paulweiss.com
 2 │ PAUL, WEISS, RIFKIND, WHARTON
   │     & GARRISON LLP
 3 │ 535 Mission Street, 25th Floor
   │ San Francisco, CA 94105
 4 │ Telephone: (628) 432-5100
   │ Facsimile:  (628) 232-3101
 5 │
   │ ROBERT ATKINS (Pro Hac Vice admitted)
 6 │     ratkins@paulweiss.com
   │ JACQUELINE P. RUBIN (Pro Hac Vice admitted)
 7 │     jrubin@paulweiss.com
   │ CAITLIN E. GRUSAUSKAS (Pro Hac Vice admitted)
 8 │     cgrusauskas@paulweiss.com
   │ ANDREA M. KELLER (Pro Hac Vice admitted)
 9 │     akeller@paulweiss.com
   │ PAUL, WEISS, RIFKIND, WHARTON
10 │     & GARRISON LLP
   │ 1285 Avenue of the Americas
11 │ New York, NY 10019
   │ Telephone: (212) 373-3000
12 │ Facsimile:  (212) 757-3990
   │
13 │ Attorneys for Defendants
   │ UBER TECHNOLOGIES, INC.,
14 │ RASIER, LLC, and RASIER-CA, LLC
   │
15 │ [Additional Counsel Listed on Following Page]
   │
16 │
   │              UNITED STATES DISTRICT COURT
17 │
   │             NORTHERN DISTRICT OF CALIFORNIA
18 │
   │                  SAN FRANCISCO DIVISION
19 │
```

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **DECLARATION OF KYLE SMITH REGARDING SERVICE OF ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL** |
| *J.H.* v. *Uber Technologies, Inc., et al.*, Case No. 3:24-cv-03441-CRB | Judge:       Hon. Charles R. Beyer<br>Courtroom:  6 – 17th Floor |
| *C.H.* v. *Uber Technologies, Inc., et al.*, Case No. 3:24-cv-04363-CRB | |
| *L.D.* v. *Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05306-CRB | |
| *R.D.* v. *Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05393-CRB | |

-ii-

*J.K.* v. *Uber Technologies, Inc., et al.*,
Case No. 3:24-cv-05463-CRB

*M.P.* v. *Uber Technologies, Inc., et al.*,
Case No. 3:24-cv-05688-CRB

*A.O.* v. *Uber Technologies, Inc., et al.*,
Case No. 3:24-cv-05717-CRB

*T.F.* v. *Uber Technologies, Inc., et al.*,
Case No. 3:24-cv-05768-CRB

*C.C.* v. *Uber Technologies, Inc., et al.*,
Case No. 3:24-cv-05962-CRB

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# DECLARATION OF KYLE SMITH

I, Kyle Smith, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Arlington, Virginia. I respectfully submit this declaration explaining how Uber served a copy of the Court's February 3, 2025 Order Granting Motions to Withdraw, ECF 2221, on Plaintiffs J.H., C.H., L.D., R.D., J.K., M.P., A.O., T.F. and C.C. ("Plaintiffs").

2. I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, representing Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188. I am a member in good standing of the Bar of the District of Columbia Court of Appeals and the Bar of the State of New York, Appellate Division, Third Department. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. The Plaintiffs all previously provided Uber with discovery, including Ride Receipts or Ride Information Forms pursuant to Pretrial Order No. 5, and Plaintiff Fact Sheets pursuant to Pretrial Order No. 10. These discovery materials included both a physical mailing address and email address associated with Plaintiffs J.H., C.H., L.D., R.D., M.P., and C.C., respectively. For Plaintiffs J.K., A.O. and T.F., these discovery materials included a physical mailing address, but not an email address, associated with each Plaintiff.

4. On February 5, 2025, counsel for Uber emailed former counsel for each of the Plaintiffs identifying the physical mailing addresses and email addresses that Uber received during discovery associated with the relevant Plaintiff or Plaintiffs. Counsel for Uber requested that Plaintiffs' former counsel inform Uber of any different physical mailing or email addresses for the Plaintiffs to which counsel for Uber should send the Court's Order.

5. On February 6, 2025, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf"), former counsel to Plaintiffs J.H. and L.D., provided counsel for Uber with a different physical mailing address and email address by which Plaintiff L.D. could be contacted. Peiffer

1  Wolf confirmed that Peiffer Wolf was not aware of any different any different physical mailing
2  addresses or email addresses by which Plaintiff J.H. could be contacted.

3        6.      On February 7, 2025, Nachawati Law Firm ("Nachawati"), former counsel to
4  Plaintiff C.H., confirmed that Nachawati was not aware of any different any different physical
5  mailing addresses or email addresses by which Plaintiff C.H. could be contacted.

6        7.      On February 7, 2025, Slater Slater Schulman LLP ("Slater"), former counsel to
7  Plaintiffs R.D., J.K., M.P., A.O. and T.F., provided counsel for Uber with email addresses by
8  which Plaintiffs J.K., M.P., A.O. and T.F. could be contacted. Slater confirmed that aside from
9  these additional email addresses, Slater was not aware of any different physical mailing addresses
10 or email addresses by which Plaintiff R.D., J.K., M.P., A.O. or T.F. could be contacted.

11       8.      On February 7, 2025, Pulaski Kherkher, PLLC ("Pulaski"), former counsel to
12 Plaintiff C.C., provided Uber with a different email address by which Plaintiff C.C. could be
13 contacted. Pulaski confirmed that Pulaski was not aware of any different physical mailing
14 addresses by which Plaintiff C.C. could be reached.

15       9.      On February 7, 2025, counsel for Uber served Plaintiff J.H. with the letter attached
16 to this declaration as **Exhibit A**. Exhibit 2 of that letter contains the Court's February 3, 2025
17 Order Granting Motions to Withdraw.

18       10.      Counsel for Uber served Plaintiff J.H. with this letter via three different methods:
19 (1) producing the letter to J.H.'s MDL Centrality profile, (2) emailing the letter to the email address
20 identified in J.H.'s Plaintiff Fact Sheet, and (3) depositing the letter for delivery via certified mail
21 to the physical mailing address identified in J.H.'s Plaintiff Fact Sheet.

22       11.      On February 7, 2025, counsel for Uber served Plaintiff C.H. with the letter attached
23 to this declaration as **Exhibit B**. Exhibit 2 of that letter contains the Court's February 3, 2025
24 Order Granting Motions to Withdraw.

25       12.      Counsel for Uber served Plaintiff C.H. with this letter via three different methods:
26 (1) producing the letter to C.H.'s MDL Centrality profile, (2) emailing the letter to the email
27 address identified in C.H.'s Plaintiff Fact Sheet, and (3) depositing the letter for delivery via
28 certified mail to the physical mailing address identified in C.H.'s Plaintiff Fact Sheet.

13.     On February 7, 2025, counsel for Uber served Plaintiff L.D. with the letter attached to this declaration as **Exhibit C**.  Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

14.     Counsel for Uber served Plaintiff L.D. with this letter via three different methods: (1) producing the letter to L.D.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Peiffer Wolf, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified by Peiffer Wolf.

15.     On February 7, 2025, counsel for Uber served Plaintiff R.D. with the letter attached to this declaration as **Exhibit D**.  Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

16.     Counsel for Uber served Plaintiff R.D. with this letter via three different methods: (1) producing the letter to R.D.'s MDL Centrality profile, (2) emailing the letter to the email address identified in R.D.'s Ride Receipt, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in R.D.'s Plaintiff Fact Sheet.

17.     On February 7, 2025, counsel for Uber served Plaintiff J.K. with the letter attached to this declaration as **Exhibit E**.  Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

18.     Counsel for Uber served Plaintiff J.K. with this letter via three different methods: (1) producing the letter to J.K.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Slater, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in J.K.'s Plaintiff Fact Sheet.

19.     On February 7, 2025, counsel for Uber served Plaintiff M.P. with the letter attached to this declaration as **Exhibit F**.  Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

20.     Counsel for Uber served Plaintiff M.P. with this letter via three different methods: (1) producing the letter to M.P.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Slater, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in M.P.'s Plaintiff Fact Sheet.

21. On February 7, 2025, counsel for Uber served Plaintiff A.O. with the letter attached to this declaration as **Exhibit G**. Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

22. Counsel for Uber served Plaintiff A.O. with this letter via three different methods: (1) producing the letter to A.O.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Slater, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in A.O.'s Plaintiff Fact Sheet.

23. On February 7, 2025, counsel for Uber served Plaintiff T.F. with the letter attached to this declaration as **Exhibit H**. Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

24. Counsel for Uber served Plaintiff T.F. with this letter via three different methods: (1) producing the letter to T.F.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Slater, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in T.F.'s Plaintiff Fact Sheet.

25. On February 7, 2025, counsel for Uber served Plaintiff C.C. with the letter attached to this declaration as **Exhibit I**. Exhibit 2 of that letter contains the Court's February 3, 2025 Order Granting Motions to Withdraw.

26. Counsel for Uber served Plaintiff C.C. with this letter via three different methods: (1) producing the letter to C.C.'s MDL Centrality profile, (2) emailing the letter to the email address identified by Pulaski, and (3) depositing the letter for delivery via certified mail to the physical mailing address identified in C.C.'s Plaintiff Fact Sheet.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 10, 2025, in New York, NY.

                */s/ Kyle Smith*
                Kyle Smith