# Exhibit A

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK
BEIJING
BRUSSELS
HONG KONG
LONDON

LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WILMINGTON

February 7, 2025

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:   MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-cv-03441-CRB, MDLC ID 1384

Dear J.H.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *J.H.* v. *Uber Technologies, Inc., et al.*, 3:24-cv-03441-CRB, MDLC ID 1384, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On January 8, 2025, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf"), moved to withdraw its representation of you on the grounds that you have "failed to establish useful communication with Peiffer Wolf" and "failed to provide Peiffer Wolf with sufficient or adequate information to confirm [your] claim." *J.H.*, No. 3:24-cv-03441-CRB, ECF 7 at 2 (Exhibit 1). On February 3, 2025, the Court granted that motion. *J.H.*, No. 3:24-cv-03441-CRB, ECF 8 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id*. The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of February 3, 2025, i.e. by Monday, March 3, 2025, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and rcunningham@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

J.H. 2

        Sincerely,

        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

        By: */s/ Kyle Smith*

        **Kyle Smith**
        2001 K Street, NW
        Washington, DC 20006
        (202) 223-7407
        ksmith@paulweiss.com

# EXHIBIT 1

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF J.H.** |
| This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-03441-CRB* | Honorable Charles R. Breyer |

### NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF J.H.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that as soon hereafter as the matter may be heard, Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf"), counsel of record for Plaintiff J.H. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Rachel B. Abrams ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as

Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), Peiffer Wolf submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff J.H. Peiffer Wolf respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Peiffer Wolf should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

Peiffer Wolf has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on November 21, 2024 and culminating with final notice on December 11, 2024. Decl. ¶¶ 4(k-l). Peiffer Wolf has also given Uber advance notice. Decl. ¶ 7. Peiffer Wolf has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact Peiffer Wolf or meet discovery deadlines. Decl. ¶¶ 5-6. Peiffer Wolf also submitted the limited information Peiffer Wolf did have and, upon receiving deficiencies due to not having critical information from Plaintiff, corresponded with Uber to set up Meet & Confer processes to address her case as it attempted to try to reach her. Decl. ¶¶ 5(g)-6. Despite those efforts, Plaintiff failed to establish useful communication with Peiffer Wolf ¶ 5. Plaintiff also failed to provide Peiffer Wolf with sufficient or adequate information to confirm her claim ¶ 6. Peiffer Wolf has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 9.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for Peiffer Wolf to carry out the representation effectively by failing to communicate with Peiffer Wolf and failing to provide information required to prosecute her case, despite requests from Peiffer Wolf. Decl.

1   ¶¶ 4(a-i). Peiffer Wolf has been unable to meet discovery deadlines in this case because, for

2   example, this Court's PTO 5 requires that Plaintiff submit a ride receipt from Uber containing

3   sufficient information to confirm her subject Uber ride. Moreover, despite numerous meetings

4   and conferrals between our firm and Defendants' counsel, back and forth correspondences, and

5   exchanges of information provided by Plaintiff, we were unable to obtain adequate or sufficient

6   information to confirm Plaintiff's subject Uber ride. Therefore, Plaintiff's conduct falls into the

7   express terms of Rule 1.16 regarding permissive withdrawal.

8   Because this motion is not accompanied by a substitution of counsel or an agreement by

9   Plaintiff to proceed *pro se*, Peiffer Wolf agrees to the condition imposed by Local Rule 11-5(b)

10  to serve Plaintiff with all papers in this matter, unless or until Plaintiff appears *pro se*, other

11  counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 10.

## **CONCLUSION**

Peiffer Wolf respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

DATED: January 8, 2025                    RESPECTFULLY SUBMITTED,

BY: */S/ RACHEL B. ABRAMS*
RACHEL B. ABRAMS (CAL BAR NO. 209316)
ADAM B. WOLF (CAL BAR NO. 215914)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 MONTGOMERY STREET, SUITE 820
SAN FRANCISCO, CA 94111
TELEPHONE: 415.766.3544
FACSIMILE: 415.840.9435
EMAIL: RABRAMS@PEIFFERWOLF.COM
           AWOLF@PEIFFERWOLF.COM

TIFFANY R. ELLIS (*ADMITTED PHV*)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
2229 TRUMBULL ST.
DETROIT, MI 48216
TELEPHONE: 313.210.1559
FACSIMILE: 415.840.9435
EMAIL: TELLIS@PEIFFERWOLF.COM

*COUNSEL FOR PLAINTIFF*

1  RACHEL B. ABRAMS (Cal Bar No. 209316)
   ADAM B. WOLF (Cal Bar No. 215914)
2  **Peiffer Wolf Carr Kane Conway & Wise, LLP**
   555 Montgomery Street, Suite 820
3  San Francisco, CA 94111
   Telephone: 415.766.3544
4  Facsimile: 415.840.9435
   Email: rabrams@peifferwolf.com
5  Email: awolf@peifferwolf.com

6  TIFFANY R. ELLIS (*Admitted PHV*)
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
7  2229 Trumbull St.
   Detroit, MI 48216
8  Telephone: 313.210.1559
   Facsimile: 415.840.9435
9  Email: tellis@peifferwolf.com

10 *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al;*<br>3:24-cv-03441-CRB | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF J.H.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff J.H. has not responded to any efforts to reach her made by myself or my staff since October 22, 2024. Additionally, Plaintiff J.H. has been unable to provide Peiffer Wolf with adequate information to substantiate her case and fulfill her discovery

obligations.

3. Plaintiff J.H.'s failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff J.H. ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office throughout her representation.

   a. On August 29, 2023, Plaintiff retained Peiffer Wolf as legal counsel.
   b. Between August 29, 2023 and June 4, 2024, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included two (2) unsuccessful phone calls where voice messages could not be left, seven (7) unsuccessful phone calls with voice messages, eight (8) unanswered text messages, and 13 unanswered e-mails.
   c. During the aforementioned time period, our office and staff was in the process of collecting intake information from Plaintiff about her claim.
   d. Plaintiff only contacted, or responded to contact attempts by, our office on eight (8) occasions during that time period.
   e. On June 4, 2024, as Plaintiff's case was filed in the MDL, our office began contacting Plaintiff informing her of her discovery obligations and the Plaintiff Fact Sheet requirements.
   f. Peiffer Wolf submitted Plaintiff's PTO 5 submission (ride receipt) and Plaintiff Fact Sheet with the information provided by Plaintiff.
   g. On September 5, 2024, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.
   h. Between September 6, 2024 and to this day, Plaintiff received numerous emails,

|   |   |
|---|---|
| 1 | text messages, telephone calls, voice messages, and letters requesting that she |
| 2 | contact our office or provide requested information. These communications |
| 3 | included 14 unsuccessful phone calls where no voice messages could be left, |
| 4 | three (3) unsuccessful phone calls with voice messages, ten (10) text messages, |
| 5 | ten (10) e-mails, and two (2) letters. In these communications, we repeatedly |
| 6 | explained the need for her continued participation in the case, the risk that her |
| 7 | case may be dismissed, and that we would need to withdraw as counsel if she did |
| 8 | not contact our office. |

i. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff, and even contacted Plaintiff's husband via text message.

j. Between September 6, 2024 and to this day, Plaintiff only responded to two (2) contact attempts. Plaintiff has completely ceased contact with our firm since October 22, 2024.

k. On November 21, 2024, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by November 29, 2024, we would choose to withdraw as counsel.

l. On December 11, 2024, we sent Plaintiff formal notice by U.S. certified mail notifying her that we were withdrawing from her case.

6. Plaintiff has failed to provide our firm with appropriate information to substantiate her claim and fulfill her discovery obligations.

a. On September 5, 2024, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

b. Plaintiff's ride receipt could not be confirmed or substantiated.

c. On September 25, 2024, after numerous unsuccessful attempts to contact Plaintiff, our firm submitted additional information obtained from Plaintiff's file to Uber, aiming to clarify facts in Plaintiff's case and aid in Uber's substantiation of Plaintiff's subject Uber ride.

d. On October 3, 2024, Uber's counsel and my associate met and conferred about Plaintiff's claim and the subject Uber ride.

e. On October 9, 2024, our firm submitted additional information to Defendants regarding the subject Uber ride.

f. On October 22, 2024, Plaintiff responded to our firm's phone calls and e-mails, and provided a variety of information to help substantiate her subject Uber ride.

g. Between September 5, 2024 and October 22, 2024, Plaintiff had failed to respond to (8) phone calls, three (3) voice messages, seven (7) text messages, and four (4) emails about this matter.

h. On October 24, 2024, Uber's counsel and my associate met and conferred a second time about Plaintiff's claim and the subject Uber ride, and discussed additional information provided by Plaintiff.

i. Despite the foregoing, neither Defendants nor our firm was able to substantiate or confirm Plaintiff's claim and the subject Uber ride.

j. Plaintiff ceased contact with our firm since October 22, 2024, despite receiving six (6) phone call, three (3) text messages, six (6) emails, and two (2) letters since that date.

k. In these communications during this time period, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office and provide adequate information to confirm her claim and subject Uber ride.

7. On December 11, 2024, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by

1  informing her of her options and the consequences of failing to comply with case
2  deadlines.
3  10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned
4  on our firm continuing to accept papers to forward to the client. We are able to accept
5  this responsibility.
6  Executed this 8th day of January, 2025 in San Francisco, California.

    /s/ Rachel B. Abrams
    Rachel B. Abrams

    *Counsel for Plaintiff*

5   DECLARATION IN SUPPORT OF MOTION
    TO WITHDRAW AS COUNSEL

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-03441-CRB* | MDL No. 3084 CRB<br><br>**[PROPSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF J.H.** |

This matter comes before the court on the Motion of Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf") to withdraw as counsel for Plaintiff J.H. in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

1. Peiffer Wolf's Motion is GRANTED. Peiffer Wolf and its attorneys are terminated as counsel of record for Plaintiff J.H.
2. Pursuant to Local Rule 11-5(b) Peiffer Wolf is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as this Plaintiff appears *pro se* or counsel appear on her behalf.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CHARLES R. BREYER
United States District Court Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____ /<br><br>This Order Relates To:<br><br>*See Attachment* | MDL No. 3084<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2045, 2055, 2056, 2062, 2066, 2068, 2069, 2070, 2081 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: February 3, 2025



CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

**ATTACHMENT**

This Order relates to:

    C.C. vs. Uber, Inc.,
    Case No. 3:24-cv-05962-CRB

    L.D. v. Uber, Inc.,
    Case No. 3:24-cv-05306-CRB

    J.H. v. Uber, Inc.,
    Case No. 3:24-cv-03441-CRB

    C.H. vs. Uber, Inc.,
    Case No. 3:24-cv-04363-CRB

    R.D. v. Uber, Inc.,
    Case No. 3:24-cv-05393-CRB

    J.K. v. Uber, Inc.,
    Case No. 3:24-cv-05463-CRB

    M.P. v. Uber, Inc.,
    Case No. 3:24-cv-05688-CRB

    T.F. v. Uber, Inc.,
    Case No. 3:24-cv-05768-CRB

    A.O. v. Uber, Inc.,
    Case No. 3:24-cv-05717-CRB