# Exhibit B

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK        LOS ANGELES
BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WILMINGTON

February 7, 2025

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:   MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-cv-04363-CRB, MDLC ID 1507

Dear C.H.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *Doe (C.H.)* v. *Uber Technologies, Inc., et al.*, 3:24-cv-04363-CRB, MDLC ID 1507, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On January 10, 2025, Nachawati Law Group moved to withdraw its representation of you on the grounds that they have "been unable to reach [you] for months." *Doe (C.H.)*, No. 3:24-cv-04363-CRB, ECF 5 at 2 (Exhibit 1). On February 3, 2025, the Court granted that motion. *Doe (C.H.)*, No. 3:24-cv-04363-CRB, ECF 6 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of February 3, 2025, i.e. by Monday, March 3, 2025, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and rcunningham@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

C.H. 2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kyle Smith*

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

# EXHIBIT 1

Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Direct: (972) 581-9778
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>**This Document Relates to:**<br><br>**JANE DOE (C.H.),** an Individual**,**<br>    *Plaintiff*,<br>vs.<br><br>**UBER TECHNOLOGIES, INC.** a Delaware Corporation;<br>**RASIER, LLC**, a Delaware Limited Liability Company,<br>**RASIER-CA, LLC,** a Delaware Limited Liability Company, and Does 1 through 50, Inclusive, et al.<br>    *Defendants*. | MDL No. 3:23-md-03084-CRB<br><br>**Honorable Charles R. Breyer**<br><br>**Case No.: 3:24-cv-4363**<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF C.H.** |

## MOTION TO WITHDRAW AS COUNSEL OF RECORD

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE:

Nachawati Law Group ("NLG"), counsel of record for Plaintiff C.H. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for said Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a), and in part, California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion and Motion to Withdraw is based on the below Memorandum and accompanying Declaration of Steven S. Schulte, attached as Exhibit A, filed contemporaneously. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a), Nachawati Law Group ("NLG") submits this Memorandum and Notice/Motion to Withdraw as Counsel for Plaintiff C.H. NLG respectfully requests that the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff C.H. is currently represented by NLG. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:24-cv-4363 on July 19, 2024. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084.

NLG has been unable to reach Plaintiff now for months. *See* Ex. A, Declaration of Steven S. Schulte ("Schulte Decl.") at ¶ 3. NLG has made numerous, ongoing attempts to contact Plaintiff via phone, email, correspondence, and text, about the need to respond and communicate with our firm about the case, to no avail. Schulte Decl. ¶ 4(a)-(d). NLG has been unable to identify or locate any better contact information for Plaintiff. *Id*.

In our firm's latest correspondence to Plaintiff late last month, sent via fed ex, NLG informed Plaintiff of its intention to withdraw in light of non-responsiveness and lack of communication. Schulte Decl. ¶ 4(d). Since then and as of this filing's date, Plaintiff has not responded or otherwise contacted or communicated with NLG. Schulte Decl. ¶ 5. NLG thus remains counsel of record for Plaintiff, while it also remains unable to reach or communicate with Plaintiff.

## ARGUMENT

NLG should respectfully be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the Court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a). Attorneys practicing before

1  this Court are required to adhere to the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1). Under those rules, a "lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules. Prof. Conduct 1.16(d)(1). NLG has given appropriate advance notice of its intent to withdraw to Plaintiff. Schulte Decl. ¶ 4(b)-(d). NLG has taken all steps possible to avoid prejudice to Plaintiff. Schulte Decl. ¶ 7.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, for months, Plaintiff has failed to communicate with NLG and otherwise be responsive and provide certain information required to prosecute the case. Schulte Decl. ¶¶ 2-3. NLG has been unable or will continue to be unable to meet deadlines or effectively prosecute the case because of this non-responsiveness and inability to communicate; Plaintiff's conduct thus falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this Motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, NLG will agree to the condition imposed by Civ. L.R. 11-5(b) to serve Plaintiff with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. *See* Schulte Decl. ¶ 7.

**CONCLUSION**

NLG respectfully requests that the Court enter an order terminating it and its lawyers from any further responsibility for the representation of Plaintiff C.H., and to allow ample opportunity and time to Plaintiff to retain new counsel.

| | |
|---|---|
| Dated: January 10, 2025 | **NACHAWATI LAW GROUP**<br>*/s./ Steven S. Schulte*<br>Steven S. Schulte (TX SBN 24051306)<br>*Admitted pro hac vice*<br>Arati Furness (CA Bar No. 225435)<br>5489 Blair Road, Dallas, TX  75231<br>Phone: (214) 890-0711<br>schulte@ntrial.com; afurness@ntrial.com<br>**COUNSEL FOR PLAINTIFF** |

3
MOTION TO WITHDRAW AS
COUNSEL FOR PLAINITFF C.H.
CASE NO. 3:23-MD-03084; 3:24-CV-4363

Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Direct: (972) 581-9778
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com
*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>**This Document Relates to:**<br><br>**JANE DOE (C.H.),** an Individual**,**<br>      *Plaintiff*,<br>vs.<br><br>**UBER TECHNOLOGIES, INC.** a Delaware Corporation;<br>**RASIER, LLC**, a Delaware Limited Liability Company,<br>**RASIER-CA, LLC,** a Delaware Limited Liability Company, and Does 1 through 50, Inclusive, et al.<br>      *Defendants*. | **MDL No. 3:23-md-03084-CRB**<br><br>**Honorable Charles R. Breyer**<br><br><br>**Case No.: 3:24-cv-4363**<br><br><br><br>**DECLARATION OF STEVEN S. SCHULTE IN SUPPORT OF NLG'S MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF C.H.** |

I, Steven S. Schulte, declare:

   1.  I am an attorney in the law firm of Nachawati Law Group ("NLG"). I am a member of the State Bar of Texas and am admitted to practice *pro hac vice* before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff C.H. has been non-responsive to my firm's numerous efforts to reach out and have meaningful communications about the case for months.

3. Plaintiff C.H.'s failure to respond or otherwise communicate with my firm has presented a great difficulty to our firm's efforts at representation, including meeting various discovery or informational requests and deadlines or otherwise prosecute the case. It is my opinion that I and our firm's withdrawal from the case has become necessary.

4. My firm has taken all reasonably available steps to avoid prejudice to the interests and rights of Plaintiff C.H.

    a. Over the course of months, Plaintiff C.H. was sent or received numerous letters, emails, text messages, and telephone calls requesting that Plaintiff contact our firm. These communications emphasized the need to discuss aspects of the case or the necessary participation in the case, and then more recently, our firm's need to withdraw as counsel of record in light of non-responsiveness and lack of communication.

    b. On December 31, 2024, my firm sent a final communication via fed ex to Plaintiff stating our intention and need to seek to withdraw as counsel of record on Plaintiff's behalf based upon repeated and unsuccessful efforts or attempts to communicate with Plaintiff. This communication relayed to Plaintiff the option and need to seek alternative representation.

5. As of this date, Plaintiff C.H. has not responded or informed our firm that alternative counsel has been retained.

6. Our firm's withdrawal from this case will not impact the timing or schedule of this litigation; our firm has taken all reasonable steps possible to protect the interests and avoid any prejudice to Plaintiff by informing her of her options and consequences of failing to respond or otherwise comply with case progression or deadlines.

7. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility should the Court require.

Executed on January 10, 2025 in Dallas, Texas.

Dated: January 10, 2025                    **NACHAWATI LAW GROUP**

                                                       */s./ Steven S. Schulte*
                                                       Steven S. Schulte (TX SBN 24051306)
                                                       *Admitted pro hac vice*

2

Arati Furness (CA Bar No. 225435)
5489 Blair Road, Dallas, TX  75231
Phone: (214) 890-0711
Direct: (972) 581-9778
schulte@ntrial.com
afurness@ntrial.com
**COUNSEL FOR PLAINTIFF**

### CERTIFICATE OF SERVICE

I hereby certify that on January 10, 2025, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to the email of all counsel of record in this action. I also certify that a copy of this document was sent by mail to Plaintiff C.H.

Furthermore, on January 10, 2025, I electronically filed the same document on Plaintiff C.H.'s individual docket, Case No. 3:23-cv-4363. The CM/ECF system served notice of such filing to the email of all counsel of record in this action. My law firm sent a copy of that filing by mail to Plaintiff C.H.

*/s./ Steven S. Schulte*

3
DECLARATION OF SCHULTE IN SUPPORT OF NLG'S MOTION TO WITHDRAW AS
COUNSEL FOR PLAINITFF C.H.
CASE NO. 3:23-MD-03084; 3:24-CV-4363

Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Direct: (972) 581-9778
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>**This Document Relates to:**<br><br>**JANE DOE (C.H.),** an Individual**,**<br>     *Plaintiff*,<br>vs.<br><br>**UBER TECHNOLOGIES, INC.** a Delaware Corporation;<br>**RASIER, LLC**, a Delaware Limited Liability Company,<br>**RASIER-CA, LLC,** a Delaware Limited Liability Company, and Does 1 through 50, Inclusive, et al.<br>     *Defendants*. | MDL No. 3:23-md-03084-CRB<br><br>**Honorable Charles R. Breyer**<br><br>**Case No.: 3:24-cv-4363**<br><br>**ORDER ON MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF C.H.** |

This matter comes before the Court on the Motion of Nachawati Law Group ("NLG") to withdraw as counsel of record for Plaintiff C.H. in the above-referenced civil action pursuant to Local Rule 11-5.

1. NLG's Motion is GRANTED. NLG and its attorneys are terminated as counsel of record for Plaintiff C.H. NLG and its attorneys are no longer responsible for the representation of Plaintiff C.H..

1

[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNEL FOR PLAINTIFF C.H.
CASE NO. 3:23-MD-03084; 3:24-CV-4363

2. Pursuant to Local Rule 11-5(b), NLG is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as Plaintiff may appear *pro se* or other counsel may appear on her behalf.

**IT IS SO ORDERED.**

Dated: _____     _____
                                                 HON. CHARLES R. BREYER
                                                 United States District Court Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>*See Attachment* | MDL No. 3084<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2045, 2055, 2056, 2062, 2066, 2068, 2069, 2070, 2081 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: February 3, 2025

CHARLES R. BREYER
United States District Judge

# ATTACHMENT

This Order relates to:

    C.C. vs. Uber, Inc.,
    Case No. 3:24-cv-05962-CRB

    L.D. v. Uber, Inc.,
    Case No. 3:24-cv-05306-CRB

    J.H. v. Uber, Inc.,
    Case No. 3:24-cv-03441-CRB

    C.H. vs. Uber, Inc.,
    Case No. 3:24-cv-04363-CRB

    R.D. v. Uber, Inc.,
    Case No. 3:24-cv-05393-CRB

    J.K. v. Uber, Inc.,
    Case No. 3:24-cv-05463-CRB

    M.P. v. Uber, Inc.,
    Case No. 3:24-cv-05688-CRB

    T.F. v. Uber, Inc.,
    Case No. 3:24-cv-05768-CRB

    A.O. v. Uber, Inc.,
    Case No. 3:24-cv-05717-CRB