# Exhibit C

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK
BEIJING
BRUSSELS
HONG KONG
LONDON

LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WILMINGTON

February 7, 2025

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:  MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-CV-05306-CRB, MDLC ID 2245

Dear L.D.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *L.D.* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05306-CRB, MDLC ID 2245, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On January 8, 2025, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf") moved to withdraw its representation of you on the grounds that you have "fail[ed] to communicate with Peiffer Wolf and fail[ed] to provide information required to prosecute [your] case, despite requests from Peiffer Wolf." *L.D.*, No. 3:24-CV-05306-CRB, ECF 7 at 2 (Exhibit 1). On February 3, 2025, the Court granted that motion. *L.D.*, No. 3:24-CV-05306-CRB, ECF 8 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of February 3, 2025, i.e. by Monday, March 3, 2025, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and rcunningham@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

L.D. 2

          Sincerely,

          **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

          By: */s/ Kyle Smith*

          Kyle Smith
          2001 K Street, NW
          Washington, DC 20006
          (202) 223-7407
          ksmith@paulweiss.com

# EXHIBIT 1

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB <br><br> **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF L.D.** |
| This Document Relates to: <br><br> *L.D. v. Uber Technologies, Inc., et al;* <br> *3:24-cv-05306-CRB* | Honorable Charles R. Breyer |

## NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF L.D.

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that as soon hereafter as the matter may be heard, Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf"), counsel of record for Plaintiff L.D. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Rachel B. Abrams ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as

Exhibit B.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), Peiffer Wolf submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff L.D. Peiffer Wolf respectfully requests the Court grant the Motion.

**STATEMENT OF FACTS**

Peiffer Wolf should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

Peiffer Wolf has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on November 11, 2024 and culminating with final notice on December 11, 2024. Decl. ¶¶ 4(f-j). Peiffer Wolf has also given Uber advance notice. Decl. ¶ 6. Peiffer Wolf has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact Peiffer Wolf or meet discovery deadlines. Decl. ¶¶ 4(a-i). Peiffer Wolf also submitted the limited information Peiffer Wolf did have and, upon receiving deficiencies due to not having critical information from Plaintiff, corresponded with Uber to set up Meet & Confer processes to address her case as it attempted to try to reach her. Decl. ¶¶ 4(c); 5-6. Moreover, Peiffer Wolf engaged a private investigator on October 15, 2024 to try to find and connect with Plaintiff. Decl. ¶ 4(e). Despite those efforts, Plaintiff failed to establish useful communication with Peiffer Wolf. Peiffer Wolf has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 9.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for Peiffer Wolf to carry out the representation effectively by failing to communicate with Peiffer Wolf and failing to provide information required to prosecute her case, despite requests from Peiffer Wolf. Decl.

¶¶ 4(a-i). Peiffer Wolf has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. Moreover, pursuant to this Court's Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Dkt 1877), "will supplement" responses in a Plaintiff Fact Sheet are deficient. Peiffer Wolf submitted all information available in the Plaintiff Fact Sheet, which still contained 10 questions with no answer to the question presented or a "will supplement" response. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, Peiffer Wolf agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 10.

## CONCLUSION

Peiffer Wolf respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: January 8, 2025

Respectfully submitted,

By: */s/ Rachel B. Abrams*
RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
　　　awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

3　　NOTICE OF MOTION AND MOTION
　　TO WITHDRAW AS COUNSEL

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*L.D. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05306-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF L.D.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff L.D. has not responded to any efforts to reach her made by myself or my staff since November 13, 2024. Prior to that, L.D. had not contacted our office since July 21, 2024.

3. Plaintiff L.D.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff L.D ("Plaintiff").

   a. Before and throughout the time period described below, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included unsuccessful 19 phone calls with voice messages, 10 unsuccessful phone calls where voice messages could not be left, three successful phone calls, 26 emails, three letters, and 16 text messages. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   b. On April 11, 2024, having been unable to obtain sufficient information about Plaintiff's case since she had retained our office on October 31, 2023, our office informed Plaintiff that she had until April 18, 2024 to contact us. On the date of the deadline, Plaintiff called our office.

   c. Throughout the course of our representation of Plaintiff, she was minimally responsive, before ceasing communication altogether on July 21, 2024. In advance of the Plaintiff Fact Sheet Deadline, our office notified Plaintiff by telephone call, email, text message, voice messages, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance of the deadline. Our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff, resulting in numerous deficiencies. We notified Plaintiff by telephone call, email, text

    message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies by the deadline to avoid dismissal of her case but Plaintiff was unresponsive to our communication attempts.

   d. On September 20, 2024, Plaintiff's e-mails started bouncing back, and her voicemail box was inoperable.

   e. On October 15, 2024, we engaged a private investigator to locate Plaintiff. The private investigator found Plaintiff and connected her to Peiffer Wolf. However, Plaintiff did not respond to any calls at the time, nor did she contact our office.

   f. On November 11, 2024, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact us by November 21, 2024, we would choose to withdraw as counsel; this letter offered Plaintiff a deadline by which to contact our firm.

   g. On November 13, 2024, our office called Plaintiff, and she answered. She informed us that she would look over her Plaintiff Fact Sheet and follow up with our office. Our office has not heard from Plaintiff since.

   h. On November 14, November 15, and November 20, 2024, our office attempted to call Plaintiff and leave voice messages. Plaintiff did not respond and her phone number could not receive voicemail.

   i. On November 21, after the deadline has passed, we sent Plaintiff another letter by U.S. Certified mail giving her a final notice. This letter provided yet another deadline by which Plaintiff could contact our firm, set for November 29, 2024.

   j. On December 11, 2024, we sent Plaintiff formal notice by U.S. certified mail notifying her that we were withdrawing from her case.

5. During this time period, we corresponded with Defendants about the deficiencies in Plaintiff's Plaintiff Fact Sheet.

6. On December 11, 2024, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed

our firm that alternative counsel has been retained.

8. We informed Uber of our intent to withdraw from this case on <date>.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 8th day of January, 2025 in San Francisco, California.

*/s/ Rachel B. Abrams*
Rachel B. Abrams

*Counsel for Plaintiff*

4    DECLARATION IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*L.D. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05306-CRB* | MDL No. 3084 CRB<br><br>**[PROPSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF L.D.** |

This matter comes before the court on the Motion of Peiffer Wolf Carr Kane Conway and Wise, LLP ("Peiffer Wolf") to withdraw as counsel for Plaintiff L.D. in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

1. Peiffer Wolf's Motion is GRANTED. Peiffer Wolf and its attorneys are terminated as counsel of record for Plaintiff L.D.
2. Pursuant to Local Rule 11-5(b) Peiffer Wolf is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as these Plaintiffs appear pro se or counsel appear on their behalf.

**IT IS SO ORDERED.**

Dated: _____

_____
HON. CHARLES R. BREYER
United States District Court Judge

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br> _____/ <br><br> This Order Relates To: <br><br> *See Attachment* | MDL No. 3084 <br><br> **ORDER GRANTING MOTIONS TO WITHDRAW** <br><br> Re: Dkt. Nos. 2045, 2055, 2056, 2062, 2066, 2068, 2069, 2070, 2081 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: February 3, 2025

CHARLES R. BREYER
United States District Judge

**ATTACHMENT**

This Order relates to:

    C.C. vs. Uber, Inc.,
    Case No. 3:24-cv-05962-CRB

    L.D. v. Uber, Inc.,
    Case No. 3:24-cv-05306-CRB

    J.H. v. Uber, Inc.,
    Case No. 3:24-cv-03441-CRB

    C.H. vs. Uber, Inc.,
    Case No. 3:24-cv-04363-CRB

    R.D. v. Uber, Inc.,
    Case No. 3:24-cv-05393-CRB

    J.K. v. Uber, Inc.,
    Case No. 3:24-cv-05463-CRB

    M.P. v. Uber, Inc.,
    Case No. 3:24-cv-05688-CRB

    T.F. v. Uber, Inc.,
    Case No. 3:24-cv-05768-CRB

    A.O. v. Uber, Inc.,
    Case No. 3:24-cv-05717-CRB