# Exhibit F

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK
BEIJING
BRUSSELS
HONG KONG
LONDON

LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WILMINGTON

February 7, 2025

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:  MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-CV-05688-CRB, MDLC ID 1911

Dear M.P.,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *M.P.* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05688-CRB, MDLC ID 1911, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On January 13, 2025, Slater Slater Schulman LLP moved to withdraw its representation of you on the grounds that you have "failed to establish useful communication with Slater" for "many months." *M.P.*, No. 3:24-CV-05688-CRB, ECF 8 at 2 (Exhibit 1). On February 3, 2025, the Court granted that motion. *M.P.*, No. 3:24-CV-05688-CRB, ECF 9 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of February 3, 2025, i.e. by Monday, March 3, 2025, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and rcunningham@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

M.P.     2

        Sincerely,

        **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

        By: */s/ Kyle Smith*

        Kyle Smith
        2001 K Street, NW
        Washington, DC 20006
        (202) 223-7407
        ksmith@paulweiss.com

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

# EXHIBIT 1

Lauren Welling (CA State Bar No. 291813)
    LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
    MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.P. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05688-CRB* | MDL No. 3084 CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.P.**<br><br>Honorable Charles R. Breyer |

**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.P.**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that, as soon hereafter as the matter may be heard, Slater Slater Schulman LLP ("Slater"), counsel of record for Plaintiff, M.P. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This motion ("Motion") is made pursuant to Local Rule 11-5(a). The Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Lauren A. Welling ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), Slater submits this Memorandum of Law in support of its Motion to

Withdraw as Counsel for Plaintiff. Slater should be permitted to withdraw as counsel for Plaintiff and respectfully requests this Court grant its Motion.

### STATEMENT OF FACTS

An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. *See* Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

Slater has been attempting to locate Plaintiff for over a year, including numerous correspondences, email communications, and telephone messages. Decl. ¶¶ 4(b-i). Slater has given Plaintiff appropriate advance notice of its intent to withdraw as counsel to Plaintiff beginning on December 13, 2024 and again on December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025, while regularly attempting to locate and speak with Plaintiff for many months with only a few sporadic responses from Plaintiff. *Id.* Slater has also given Defendants advance notice. Decl. ¶ 4(g); Decl. ¶ 6. Slater has taken all possible steps to avoid any prejudice to Plaintiff by explaining to her the possible consequences of failing to maintain contact with Slater or to meet discovery deadlines. Decl. ¶¶ 4(b-i). Slater also submitted the limited information Slater did have and, upon receiving deficiencies due to not having critical information from Plaintiff, communicated with Defendants to set up Meet & Confer processes to address her case as it attempted to try to reach her. Decl. ¶ 4(d); Decl. ¶ 4(g). Despite those efforts, Plaintiff failed to establish useful communication with Slater. Slater has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 8.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has rendered it unreasonably difficult for Slater to carry out its representation effectively by failing to communicate with Slater and failing to provide information required to prosecute her case, despite many requests from Slater. Decl. ¶¶ 4(a-j). Slater has been unable to sufficiently meet discovery deadlines in this case as the discovery responses, *i.e.* Plaintiff Fact Sheet, requires Plaintiff's input and verification. Moreover, pursuant to this Court's Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Dkt.

1877), "will supplement" responses in a Plaintiff Fact Sheet are deficient. Slater submitted all information available in the Plaintiff Fact Sheet, which still contained 35 questions with no answer to the question presented or a "will supplement" response. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, Slater agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 9.

## CONCLUSION

Slater respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: January 13, 2025

Respectfully submitted,

By: */s/ Lauren Welling*
Lauren Welling (CA State Bar No. 291813)
  LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
  MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Counsel for Plaintiff*

# EXHIBIT A

Lauren Welling (CA State Bar No. 291813)
    LWelling@sssfirm.com
Michael W. Carney (CA State Bar No. 241564)
    MCarney@sssfirm.com
**SLATER SLATER SCHULMAN LLP**
8383 Wilshire Blvd, Suite 255
Beverly Hills, CA 90211
Telephone: (310) 341-2086
Facsimile: (310) 773-5573

*Attorneys for Plaintiff*

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.P. v. Uber Technologies, Inc., et al;*<br>*3:24-cv-05688-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF LAUREN A. WELLING IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.P.** |

I, Lauren A. Welling, declare:

1. I am an attorney at the law firm of Slater Slater Schulman LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff, M.P. ("Plaintiff"), has not responded to any efforts to reach her made by myself or my office since January 12, 2024. Prior to that, Plaintiff had not contacted our office since June 1, 2023.

3. Plaintiff's failure to communicate with our office has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. Our office is unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

1

4. Under the California Rules of Professional Conduct 1.16(d), our office has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff.

   a. Throughout the course of our representation of Plaintiff since she had retained our office on February 25, 2022, she has been minimally responsive with only four (4) communications over the course of nearly three years, before ceasing communication altogether on January 12, 2024.

   b. Before and throughout the time period described below since service of her Plaintiff Fact Sheet was due, Plaintiff received numerous letters, emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included 20 unsuccessful phone calls with voice messages or where voice messages could not be left, 18 emails, three letters, and 12 text messages. In these communications, our office repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that our office would need to withdraw as counsel if she did not contact our office.

   c. In advance of the Plaintiff Fact Sheet deadline in her case, our office mailed Plaintiff a blank Plaintiff Fact Sheet and notified Plaintiff by telephone calls, emails, text messages, voice messages, and letters that we required input from her to complete her Plaintiff Fact Sheet but our office did not receive the requested information from her in advance of the deadline.

   d. On September 23, 2024, having been unable to obtain sufficient information about Plaintiff's case, our office submitted a Plaintiff Fact Sheet on Plaintiff's behalf to avoid prejudice to her but could not complete the Plaintiff Fact Sheet without input from Plaintiff, resulting in numerous deficiencies. Our office notified Plaintiff by telephone call, email, text message, and letter that we needed input from her to correct the Plaintiff Fact Sheet deficiencies to avoid dismissal of her case but Plaintiff was unresponsive to our regular communication

2

DECLARATION IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL

attempts.

e. Since September 23, 2024, all telephone calls to Plaintiff were directed straight to voicemail.

f. On October 8, 2024, our office received a return to sender notification of our September 3, 2024 correspondence.

g. On November 19, 2024, our office communicated with counsel for Defendants via electronic mail of our intention to respond to Defendants deficiency letter regarding Plaintiff after speaking with her.

h. Since September 23, 2024, our office sent electronic mail messages to Plaintiff on September 23, 2024, October 8, 2024, October 18, 2024, November 11, 2024, November 14, 2024, December 2, 2024, December 10, 2024, December 13, 2024, December 20, 2024, December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025.

i. On December 13, 2024, December 30, 2024, January 3, 2025, January 7, 2025 and January 10, 2025, our office sent electronic mail messages to Plaintiff explaining that if she did not contact us immediately, we would take steps to withdraw as counsel; these communications offered Plaintiff a deadline by which to contact our office.

j. Plaintiff did not respond to any of these communications and her telephone number went straight to voicemail.

5. During this time period, our office communicated with Defendants about the deficiencies in Plaintiff's Plaintiff Fact Sheet.

6. On December 20, 2024, our office and I had a meet and confer call with counsel for Defendants and conveyed our intention to withdraw from Plaintiff's representation.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our office that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation,

3

and our office has taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that, pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our office continuing to accept papers to forward to Plaintiff. In compliance with Local Rule 11-5(b), our office accepts this responsibility.

Executed this 13th day of January, 2025 in Beverly Hills, California.

>  /s/ Lauren A. Welling
> Lauren A. Welling
>
> *Attorneys for Plaintiff*

4

DECLARATION IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL

# EXHIBIT B

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.P. v. Uber Technologies, Inc., et al; 3:24-cv-05688-CRB* | MDL No. 3084 CRB<br><br>**[PROPOSED] ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF M.P.** |

This matter comes before the court on the motion ("Motion") of Slater Slater Schulman LLP ("Slater") to withdraw as counsel for Plaintiff, M.P. ("Plaintiff"), in the above-captioned case pursuant to Local Rule 11-5 and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d).

1. Slater's Motion is GRANTED. Slater and its attorneys are terminated as counsel of record for Plaintiff.

2. Slater shall have a retaining lien for its disbursements and a charging lien of attorneys' fees for legal services provided to be asserted against any future recovery had in this action.

3. Pursuant to Local Rule 11-5(b), Slater is ordered to serve all notices, papers, or pleadings on Plaintiff by regular mail until such time as Plaintiff appears pro se or counsel appears on her behalf.

**IT IS SO ORDERED.**

Dated: _____          _____
                                HON. CHARLES R. BREYER
                                United States District Court Judge

1

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>*See Attachment* | MDL No. 3084<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2045, 2055, 2056, 2062, 2066, 2068, 2069, 2070, 2081 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: February 3, 2025



CHARLES R. BREYER
United States District Judge

**ATTACHMENT**

This Order relates to:

    C.C. vs. Uber, Inc.,
    Case No. 3:24-cv-05962-CRB

    L.D. v. Uber, Inc.,
    Case No. 3:24-cv-05306-CRB

    J.H. v. Uber, Inc.,
    Case No. 3:24-cv-03441-CRB

    C.H. vs. Uber, Inc.,
    Case No. 3:24-cv-04363-CRB

    R.D. v. Uber, Inc.,
    Case No. 3:24-cv-05393-CRB

    J.K. v. Uber, Inc.,
    Case No. 3:24-cv-05463-CRB

    M.P. v. Uber, Inc.,
    Case No. 3:24-cv-05688-CRB

    T.F. v. Uber, Inc.,
    Case No. 3:24-cv-05768-CRB

    A.O. v. Uber, Inc.,
    Case No. 3:24-cv-05717-CRB