UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER ADDRESSING STATUS REPORT REGARDING MARKETING MATERIALS**<br><br>Re: Dkt. No. 2306 |

The Court has reviewed the parties' Status Report regarding marketing materials. Dkt. No. 2306.

### A. Non-Custodial Materials

Uber is ORDERED to produce the materials and information it has agreed to provide regarding its Bloc & Flow system no later than February 14, 2025. The dispute regarding Bloc & Flow reporting fields appears to arise from a disagreement or misunderstanding of what fields are available from that system. Uber is ORDERED to include the data fields it has agreed to produce, as well as any other data fields that that Uber is capable of extracting from that system without undue manual intervention, including fields that may be blank or unreliable. If Uber withholds any data fields available from the Bloc & Flow system for the messages at issue, it shall provide Plaintiffs a list of such fields concurrent with its production and an explanation for why it has withheld that information notwithstanding the requirements of this Order. If Plaintiffs are dissatisfied with that production after receiving it, the parties shall meet and confer and file another joint letter consistent with Pretrial Order No. 8.

If it has not done so already, Uber is ORDERED to produce relevant documents from the recently identified Box.com repository of marketing materials no later than February 14, 2025.

The Court recognizes that the parties dispute whether that is a "custodial" source of documents, and declines to resolve that dispute when Uber has agreed to produce these documents.

To the extent any other non-custodial relevant marketing materials remain to be produced, Plaintiffs' "request that Uber be ordered to complete production of its national marketing materials . . . no later than March 1, 2025" is GRANTED. *See* Dkt. No. 2306 at 6.

### B.   Communication Logs

Plaintiffs ask that Uber be required to produce plaintiff-specific communication logs for "future bellwether and potential bellwether Plaintiffs," including production for "select Plaintiffs by March 1, to allow Plaintiffs to amend their complaints by the March 14 deadline set by Judge Breyer." Dkt. No. 2306 at 4–5. As Uber notes, Pretrial Order No. 21 provides that case specific discovery for bellwether cases opens on March 14, 2025. Dkt. No. 1950 at 3. Uber therefore need not produce case specific discovery before that date, including communication logs.

That said, the Court anticipates that case specific discovery will include communication logs for all bellwether plaintiffs, and that such logs will be produced promptly when case specific discovery begins.

If Plaintiffs believe that information produced in case specific discovery warrants amending a complaint, they may seek relief from the scheduling order from Judge Breyer. This Court expresses no opinion on whether or in what circumstances such relief should be granted.

### C.   Declaration

Uber has agreed to provide no later than February 21, 2025 "a declaration with the scope Plaintiffs requested in the previous Joint Status Report, i.e. a declaration 'that mirrors the declaration the Court ordered Defendants to provide related to policies and related operational guidelines (Dkt. No. 1996),' to include, 'over the life of the company where and how its [marketing materials and practices] have been stored and what is specifically stored within each current and historical repository.' (Dkt. No 2170, at 5–6)." Dkt. No. 2306 at 6 (alteration in original). Uber is ORDERED to do so.

"Plaintiffs have requested that the declaration additionally include details regarding the reporting capabilities of the systems which store or have stored, or distribute(d) marketing

2

1  materials." Dkt. No. 2306 at 6. Uber contends it is unduly burdensome to provide that
2  information when the systems at issue are no longer in use and therefore unable to generate
3  reports, and when marketing reports generated in the ordinary course of business are available to
4  Plaintiffs in Uber's document production. *Id.* at 6–7. Uber need not include that information in its
5  declaration, but is ORDERED to continue to cooperate with Plaintiffs in informally providing
6  information about relevant systems. Plaintiffs can presumably also explore the capabilities of
7  Uber's systems through deposition testimony from the witnesses Plaintiffs already intend to
8  depose.

9  Plaintiffs also request "an itemized list of materials [Uber] has produced in response to
10 each of Plaintiffs [sic] discovery request." Dkt. No. 2306 at 6. Uber asserts that Plaintiff added
11 that request "on the eve of filing [the joint status] report." *Id.* at 7. Uber also asserts that
12 "Plaintiffs' requests are both so broad and so overlapping that such a list would have no meaning,"
13 and that Rule 34 does not require such identification when documents are produced as maintained
14 in the ordinary course of business. *Id.*

15 In the Court's view, the itemized list Plaintiffs seek to include in Uber's declaration is not
16 required by Rule 34, may be unduly burdensome, and has not been addressed sufficiently through
17 the meet-and-confer process before being presented to the Court. That request is DENIED.

18 If Plaintiffs believe that Uber has not provided sufficient documents in response to a
19 narrowly tailored subset of particularly important document requests, the parties shall meet and
20 confer regarding appropriate means to identify documents Uber has produced in response to those
21 requests.

22 **IT IS SO ORDERED.**

23 Dated: February 10, 2025

LISA J. CISNEROS
United States Magistrate Judge