UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>Case Nos. 24-cv-00114, 24-cv-02196, 24-cv-03592, 24-cv-04526, 24-cv-05179, 24-cv-05592, 24-cv-05807. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING CERTAIN PEIFFER WOLF PLAINTIFF FACT SHEETS**<br><br>Re: Dkt. No. 2305 |

The Court has reviewed the Joint Discovery Letter (Dkt. No. 2305) regarding compliance with fact sheet obligations by certain plaintiffs represented by the Peiffer Wolf law firm. The Court recognizes that some plaintiffs may find it challenging to advance their claims through litigation when the claims relate to allegations that are personal and especially sensitive. This is often the case in sexual assault cases, where victims may have a range of concerns related to their privacy. In response to these concerns, legislatures and courts have enacted various procedural protections that may be available to plaintiffs in this MDL. In this MDL, a protective order has been issued, ECF No. 176, restricting the use of personal information disclosed and designated as confidential. Even recognizing these concerns, a plaintiff who initiates litigation must meet certain obligations to advance the resolution of their claims and allow the defendant(s) to respond to the allegations. It is each party's burden either to comply with the Court's orders and deadlines, or to seek relief from those deadlines based on a particularized showing of cause.

The plaintiffs at issue are therefore ORDERED to resolve the deficiencies identified in the joint letter no later than March 3, 2025. Any plaintiff who believes there is good cause to further

extend that deadline may file an administrative motion no later than February 19, 2025 explaining why they have been and remain unable to comply with court orders pertaining to fact sheets, attaching declarations or other evidence to support their position.

Any request for dispositive sanctions for noncompliance with this Order may be directed to Judge Breyer in the form of a motion under Civil Local Rule 7-2, to which the plaintiffs at issue may respond under Local Rule 7-3, unless otherwise ordered by Judge Breyer.

As stated in Dkt. No. 2186, this Order should not be construed as expressing an opinion on what if any sanctions might be appropriate for further noncompliance. This Order resolves Dkt. No. 2305.

**IT IS SO ORDERED.**

Dated: February 11, 2025

LISA J. CISNEROS
United States Magistrate Judge