MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S POSITION ON THE CURRENT STATUS OF PRIVILEGE REVIEW [ECF 2336]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**DEFENDANTS' POSITION ON THE CURRENT STATUS OF PRIVILEGE REVIEW**

Pursuant to Master Order No. 1 (ECF 2336), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC respectfully submit this report on the current status of privilege review.

## I.   RE-REVIEW OF CHALLENGED PRIVILEGE LOG DESIGNATIONS

This litigation includes a vast amount of information from a total of 55 custodians and numerous non custodial sources, and spans a time period of nearly 16 years. Many of these custodians regularly interact with inside and outside legal counsel, and the relevant time period now stretches, by order of the Court, well beyond (more than a year) after the commencement of this litigation. The total number of documents produced to date by Defendants is approximately 800,000, and a small percentage of that total are subject to a claim of legal privilege. As the Master is well aware, the process of constructing a detailed privilege log (in this case containing almost 30 metadata fields of information about the documents withheld or with redactions applied) is complex and may be imperfect, as recognized by the Federal Rules and decisional law. For their part, Defendants have devoted enormous resources to preparing their privilege logs, under exceedingly tight deadlines not required in other litigations of this scope and complexity. Defendants have voluntarily provided additional information to Plaintiffs on the log in order to facilitate Plaintiffs' review and consideration of the log entries. And significantly, the Court has upheld in full or in part Defendants' privilege claims to the vast majority of documents presented to the Court. In December 2024, the Court upheld in full or in part Defendants' privilege claims to 92% of the challenged documents (12 out of 13 documents), and in January 2025, the Court upheld in full or in part Defendants' privilege claims to 84% of the challenged documents (16 out of 19 documents).

On their own initiative and pursuant to the Court's January 29, 2025 Order (ECF 2168), Defendants have been re-reviewing privilege log entries and underlying documents with a pending challenge from Plaintiffs. When the parties filed their stipulation outlining the agreed-upon re-review process on January 31, 2025 (ECF 2304), Plaintiffs had 20,992 active challenged entries. As of February 14, 2025, 18,927 of those entries remain challenged following Defendants' re-review of the first six custodial files. The slightly reduced number of outstanding challenged entries is a result of

Defendants continuing to apply the Court's prior guidance and rulings on privilege challenges, including up through the Court's January 29 Order. That number of outstanding challenges will continue to decrease as more documents that are no longer subject to a claim of privilege are produced in full, and/or with appropriate redactions following the re-review. Defendants expect that Plaintiffs, too, have a continuing obligation to re-review their own privilege challenges in light of the Court's orders–including the December 21, 2024 Order (ECF 2005) specifically requiring Plaintiffs to withdraw challenges that are no longer warranted in light of lessons learned from the dispute resolution process. Defendants respectfully posit that the requirement to undertake a re-review to sharpen the focus of challenges subject to review by the Master is, and must be, bilateral. Since the Court's January 29 Order, however, Plaintiffs have not withdrawn any challenges.

   **a. Custodians for Whom Defendants Have Completed the Re-review of Challenged Privilege Designations.**

Defendants have completed re-reviewing the documents associated with Plaintiffs' 3,872 challenges associated with the files of the six custodians identified in the chart below. Defendants have produced de-designated and redacted documents along with an updated privilege log. Defendants undertook this work under very short deadlines given the then-pending deposition dates, and with little time to assimilate the Court's January 29, 2025 Order rulings into the re-review process. Since the production of this revised log and the documents over which a claim of privilege was previously asserted, 1,777 challenged privilege log entries remain for these custodial files. As of February 14, 2025, Plaintiffs have not withdrawn any of their challenges for these entries. As discussed in the February 12, 2025 Conference, Defendants' believe the most pragmatic approach is to set these log entries and challenges to those entries to be evaluated at the end of the Master re-review process. At that time, both sides will have had more opportunity to review their respective positions, descriptions, and challenges, perhaps narrowing any issues in dispute.

| Custodial File | Deposition Date | Date of Production of De-Designated and Redacted Documents and Revised |
|---|---|---|

|  |  | Privilege Log |
|---|---|---|
| Chad Fogg | February 5, 2025 | February 3, 2025 |
| Cory Freivogel | February 6, 2025 | February 4, 2025 |
| Nairi HourDajian | February 7, 2025 | February 5, 2025 |
| Kate Parker | February 14, 2025 | February 11, 2025 |
| David Richter | February 24, 2025 | February 11, 2015 |
| Megan Joyce | February 26, 2025 | February 14, 2025 |

**b. Schedule For Completion of Re-Review of Remaining Custodial Files**

The parties stipulated on February 7, 2025 (ECF 2304) that Defendants will complete the re-review of Plaintiffs' 1,352 challenged privilege log entries associated with the following two custodial files, and will produce de-designated and redacted documents, if any, along with a revised privilege log by the following dates.

| Custodial File | Deposition Date | Date of Production of De-Designated and Redacted Documents and Revised Privilege Log |
|---|---|---|
| Jenny Luu | February 27, 2025 | February 18, 2025 |
| Kayla Whaling | February 28, 2025 | February 18, 2025 |

For custodians with a deposition scheduled before March 20, 2025, the parties have discussed during conferrals on February 4, 2025 and February 6, 2025, and during the February 12, 2025 status conference before the Master, that Defendants anticipate completing the re-review of Plaintiffs' challenged privilege log entries associated with the custodial files, and produce de-designated and redacted documents, if any, along with a revised privilege log in accordance with the following

schedule. Defendants understand from the February 12, 2025 Conference with the Master that the Master re-review process would commence with review of challenged entries in connection with the March depositions, starting with Tracey Breeden. Defendants believe the schedule below, which was discussed between the parties during the conferral process and during the February 12 Conference, would be required to permit Defendants sufficient opportunity to re-review the log entries and underlying documents following the January 29, 2025 Order ruling on exemplary privilege challenges, as well as the February 6, 2025 Order of the Court appointing the Master.

| Custodial File | Deposition Date | Date of Production of De-Designated and Redacted Documents and Revised Privilege Log |
|---|---|---|
| Pat Twomey | March 7, 2025 | February 25, 2025 |
| Tracey Breeden | March 13, 2025 and March 14, 2025 | March 3, 2025 |
| Jill Hazelbaker | Ms. Hazelbaker's deposition that was scheduled for March 17 needs to be rescheduled. Uber has offered May 21 or 22. The parties will also discuss other possible dates in April or May. Ms. Hazelbaker's deposition will be subject to motion practice. | N/A |
| Catherine Gibbons | March 19, 2025 | March 10, 2025 |

For all other privilege log entries and related documents with a challenge from Plaintiffs as of January 31, 2025, Defendants anticipate completing their re-review, and production of de-designated and redacted documents, if any, along with a revised privilege log by March 10, 2025.

II.    **FORTHCOMING PRODUCTIONS AND PRIVILEGE LOGS FOR DOCUMENTS CREATED THROUGH DEC. 1, 2024**

Based on the Court's January 1, 2025 Order (ECF 2028) expanding the scope of potentially relevant documents to include documents through December 1, 2024 (more than one year after commencement of this litigation, and well after commencement of the first JCCP-related litigation), Defendants will make additional custodial productions and provide related privilege logs on the following dates:

| Production Date | Privilege Log Production |
|---|---|
| February 21, 2025: Non-Slack and Non-Google Drive documents for 11 priority custodians selected by Plaintiffs: Brooke Anderson, Frank Chang, Cory Freivogel, Gus Fuldner, Cassie Hawk, Jill Hazelbaker, Roger Kaiser, Sachin Kansal, Dara Khosrowshahi, Katy McDonald, Jenny Luu | March 3, 2025, per PTO 20 timeline for serving privilege logs following document productions |
| March 4, 2025: Slack and Google Drive documents for the 11 priority custodians listed above | March 14, 2025, per PTO 20 timeline for serving privilege logs following document productions |
| March 14, 2025: Documents for the remaining 15 custodians with data dated after November 27, 2023: Mike Akamine, Matt Baker, Greg Brown, Abbie Ding, Chad Fogg, Catherine Gibbons, Andrew Hasbun, Jodi Kawada Page, Sarfaz Maredia, Susan Muehrcke, Niraj Patel, Andi Pimentel, Danielle Sheridan, Troy Stevenson, Mark Sullivan | March 24, 2025, per PTO 20 timeline for serving privilege logs following document productions |

## III. DEPOSITION SCHEDULE

### A. Completed Depositions

The following four custodians have been deposed in the MDL:

| Deponent | Deposition Date |
|---|---|
| Chad Fogg | February 5, 2025 |
| Cory Freivogel[1] | February 6, 2025 |
| Nairi Hourdajian | February 7, 2025 |
| Kate Parker | February 14, 2025 |

### B. Upcoming Confirmed Depositions

The following 28 custodians have confirmed deposition dates as of the time of this submission. This is consistent with the deposition schedule provided by Plaintiffs (ECF 2327) as modified by Defendants (ECF 2329) in the February 12, 2025 submissions to the Master, with a minor correction that Jordan Burke's deposition will be on March 20 *and* 21:

| Deponent | Deposition Date(s) |
|---|---|
| David Richter | February 24, 2025 |
| Meghan Joyce | February 26, 2025 |
| Jenny Luu | February 27, 2025 |
| Kayla Whaling | February 28, 2025 |
| Pat Twomey | March 7, 2025 |
| Tracey Breeden | March 13, 2025 and March 14, 2025 |
| Catherine Gibbons | March 19, 2025 |
| Jordan Burke | March 20, 2025 and March 21, 2025 |
| Carley Lake | March 20, 2025 and March 21, 2025 |

---

[1] Plaintiffs expressed their intent to leave Mr. Freivogel's deposition open. The parties will meet and confer regarding whether an additional deposition of Mr. Freivogel is warranted and, if so, the parameters of any such additional deposition.

| Name | Date |
|---|---|
| Michael Sullivan | March 26, 2025 |
| Gus Fuldner | March 26, 2025 and March 27, 2025 |
| Dennis Cinelli | March 28, 2025 |
| Abbie Ding | April 3, 2025 |
| Brooke Anderson | April 3, 2025 and April 4, 2025 |
| Cassie Hawk | April 8, 2025 |
| Rachel Holt | April 9, 2025 |
| Andrew Hasbun | April 10, 2025 and April 11, 2025 |
| Katherine McDonald | April 15, 2025 and April 16, 2025 |
| Valerie Shuping | April 17, 2025 and April 18, 2025 |
| Ryan Graves | April 24, 2025 (placeholder date pending resolution of motion practice) |
| Mat Henley | May 6, 2025 (placeholder date pending resolution of motion practice) |
| Frank Chang | May 8, 2025 and May 9, 2025 (placeholder date pending resolution of motion practice) |
| Sarfraz Maredia | May 13, 2025 (placeholder date pending resolution of motion practice) |
| Faiz Bushra | May 13, 2025 and May 14, 2025 |
| Rachel Whetstone | May 14, 2025 (placeholder date pending resolution of motion practice) |
| Sachin Kansal | May 15, 2025 (placeholder date pending resolution of motion practice) |

| | |
|---|---|
| Mike Akamine | May 19, 2025 and May 20, 2025 (placeholder date pending resolution of motion practice) |
| Cameron Poetzscher | June 4, 2025 |

**C. Anticipated Deponents Not Yet Scheduled**

Plaintiffs have expressed the desire to take the following anticipated deponents, but a confirmed deposition date has not been established as of the time of this submission:

| Deponent | Status |
|---|---|
| Barnes, William | Uber has not been able to establish contact with Mr. Barnes. Contact information was sent to Plaintiffs on January 16, 2025. |
| Hazelbaker, Jill | Ms. Hazelbaker's deposition that was scheduled for March 17, 2025 needs to be rescheduled. Uber has offered May 21 or 22, 2025. The parties will also discuss other possible dates in April or May. Ms. Hazelbaker's deposition will be subject to motion practice. |
| Kaiser, Roger | Uber provided deposition dates in March and May. Plaintiffs request dates in April. |
| Kalanick, Travis | Uber provided deposition dates in May. Plaintiffs request dates in June. Mr. Kalanick's deposition will be subject to motion practice. |
| Khosrowshahi, Dara | Uber provided a deposition date in May. Plaintiffs request dates in June. Mr. Khosrowshashi's deposition will be subject to |

| | | |
|---|---|---|
| | | motion practice. |
| | Marshall, Jeff | Uber has not been able to establish contact with Mr. Marshall. Contact information was sent to Plaintiffs on January 16, 2025. |
| | Sheridan, Danielle | Ms. Sheridan's deposition that was scheduled for April 7 and 8, 2025 needs to be rescheduled. Uber has offered May 6–9, 2025. |
| | Sullivan, Joe | Mr. Sullivan's counsel has not provided his availability. Contact information was sent to Plaintiffs on January 16, 2025. Mr. Sullivan's deposition will be subject to motion practice. |

DATED: February 14, 2025                    Respectfully submitted,

                                                **SHOOK HARDY & BACON L.L.P.**

                                                By: */s/ Michael B. Shortnacy*
                                                     MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com

|  |  |
|---|---|
| 1 | |
| 2 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>2001 K Street, NW<br>Washington DC, 20006<br>Telephone: (202) 223-7300<br>Facsimile: (202) 223-7420 |
| 3 | |
| 4 | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC |