RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SHORTEN TIME FOR PLAINTIFF'S RESPONSE TO MOTION FOR FILING CUTOFF**<br><br>Judge:        Honorable Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

1  KYLE N. SMITH (*Pro Hac Vice* admitted)
       ksmith@paulweiss.com
2  JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
       jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON
       & GARRISON LLP**
4  2001 K Street, NW
   Washington DC, 20006
5  Telephone: (202) 223-7300
   Facsimile:  (202) 223-7420
6
   *Attorneys for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC

**INTRODUCTION**

Pursuant to Civil Local Rule 6-3, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (Collectively, "Uber") hereby submit this administrative motion to shorten time for briefing on Uber's Motion for a Filing Cutoff. Uber submits that a reasonable deadline for Plaintiffs to respond to Uber's motion is February 26, 2025 in order to allow the issue to be heard at the case management conference set for February 28, 2025.

**ARGUMENT**

Local Rule 6-3 requires that a motion to shorten time must be accompanied by a proposed order and by a declaration that (1) sets forth with particularity the reasons for the requested shortening of time; (2) describe the efforts the party has made to obtain a stipulation to the time change; (3) identify the substantial harm or prejudice that would occur if the Court did not change the time; (4) describe the nature of the underlying dispute that would be addressed in the motion and summarize the position each party had taken; (5) discloses all previous time modifications in the case, whether by stipulation or Court Order; and (6) describes the effect the requested time modification would have on the schedule for the case.

*Reasons for the requested shortening of time.* Over the course of the last few weeks, the parties have been working together to advance the ultimate resolution of this litigation, including in the context of mediation and settlement. To that end, the parties have met and conferred as to the court-appointed Special Settlement Master. However, as detailed further in Uber's underlying Motion for a Filing Cutoff, a significant barrier exists which limits any prospective Settlement Master's ability to effectively address settlement of this complex, multidistrict litigation proceeding: the total number of cases in this action, and the composition of these cases, is not yet known or defined. Without clarity and certainty as to the scope and composition of the cases involved in this multidistrict litigation, any efforts at a litigation-wide settlement will be futile.

Uber's Motion for a Filing Cutoff proposes a simple solution: set a deadline for the filing of claims in this proceeding. The imminent appointment of a Special Settlement Master supports the prompt setting of such a deadline, since a clear process must be in place before the court-appointed mediator can begin their important work to resolve these claims. Accordingly, given

- 1 -

1  this time-sensitivity, the previously-scheduled February 28 case management conference is an
2  appropriate time to discuss a cutoff date in this matter.

3      *Meet and confer efforts to obtain a stipulation.* Following recent mediation efforts, which
4  have not resulted in resolution of claims, in the past week the parties have met and conferred on
5  numerous occasions (including on the 13th, 18th, and the 21st of February) with regards to the
6  appointment of a Special Settlement Master as an alternative avenue to resolution of this litigation.
7  As those discussions have progressed, the need for a filing cutoff date has become all the more
8  apparent. Accordingly, and in connection with those conferrals, on February 21, Uber
9  communicated to Plaintiffs' leadership that it agreed to Plaintiffs' proposed Special Settlement
10 Master, and sought agreement to set a cutoff date for the filing of claims in the MDL of no later
11 than 30 days. Plaintiffs rejected Uber's proposal. Thereafter, Uber informed Plaintiffs of its
12 intention to file the underlying Motion for a Filing Cutoff, and requested that Plaintiffs stipulate
13 to a shortened briefing schedule given the exigencies. Plaintiffs also rejected that request.
14 Accordingly, the Motion for a Filing Cutoff was filed, accompanied by this administrative motion
15 to shorten time.

16     *Substantial harm or prejudice without modification.* Should no process be put in place to
17 provide a finite scope of cases for the Special Master prior to their imminent appointment, the
18 parties (and the Special Master) would be proceeding with mediation with an undefined and
19 undisclosed scope of claims. This problem is exacerbated by the reality that counsel for Plaintiffs
20 may be holding back thousands of as-yet-unfiled cases, depriving Uber (and the Special Master)
21 of the details of those cases, or the chance to discuss whether the claimants can substantiate them
22 prior to or as part of settlement discussions. Settlement discussions without basic knowledge of
23 the size, scope, and composition of the claims subject to those discussions is a fruitless endeavor,
24 especially considering the individual nature of each of these types of claims. Neither the parties
25 nor the Court would benefit from settlement discussions conducted in such a manner because it
26 would discourage, rather than facilitate, the ultimate resolution of these cases.

27     *Nature of the underlying dispute.* Given the imminent appointment of a Special Master,
28 Uber's view is that it is necessary for the Court to order a cutoff date for the filing of claims.

*Effect of the requested modification.* Expedited briefing on this discrete issue would not impact any other deadlines in this case.

## CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court grant this motion and order Plaintiff to respond to Uber's Motion for a Filing Cutoff by February 26, 2025.

DATED:  February 21, 2025              **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Robert Atkins*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC