```
 1  RANDALL S. LUSKEY (SBN: 240915)
        rluskey@paulweiss.com
 2  PAUL, WEISS, RIFKIND, WHARTON
        & GARRISON LLP
 3  535 Mission Street, 24th Floor
    San Francisco, CA 94105
 4  Telephone: (628) 432-5100
    Facsimile:  (628) 232-3101
 5
    ROBERT ATKINS (Pro Hac Vice admitted)
 6      ratkins@paulweiss.com
    JACQUELINE P. RUBIN (Pro Hac Vice admitted)
 7      jrubin@paulweiss.com
    CAITLIN E. GRUSAUSKAS (Pro Hac Vice admitted)
 8      cgrusauskas@paulweiss.com
    ANDREA M. KELLER (Pro Hac Vice admitted)
 9      akeller@paulweiss.com
    PAUL, WEISS, RIFKIND, WHARTON
10      & GARRISON LLP
    1285 Avenue of the Americas
11  New York, NY 10019
    Telephone: (212) 373-3000
12  Facsimile:  (212) 757-3990

13  Attorneys for Defendants
    UBER TECHNOLOGIES, INC.,
14  RASIER, LLC, and RASIER-CA, LLC

15  [Additional Counsel Listed on Following Page]
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROBERT ATKINS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SHORTEN PLAINTIFFS' TIME TO RESPOND**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

1 | KYLE N. SMITH (*Pro Hac Vice* admitted)
       ksmith@paulweiss.com
2 | JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
       jphillips@paulweiss.com
3 | **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
4 | 2001 K Street, NW
     Washington DC, 20006
5 | Telephone: (202) 223-7300
     Facsimile: (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-2-
DECLARATION OF ROBERT ATKINS IN SUPPORT OF
ADMIN. MOTION TO SHORTEN PLAINTIFFS' TIME TO RESPOND    Case No. 3:23-md-3084-CRB

# DECLARATION OF ROBERT ATKINS

I, Robert Atkins, declare pursuant to 28 U.S.C. § 1746:

1. I am an attorney at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I respectfully submit this declaration in support of Uber's Administrative Motion to Shorten Plaintiffs' Time to Respond to Uber's Motion for a Filing Cutoff. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

2. On February 13, 2025, following recent mediation efforts, the parties met and conferred with regards to the appointment of a Special Settlement Master in this litigation. During this meet and confer, the parties discussed sensible next steps as to an alternative avenue to resolution of this litigation.

3. On February 18, 2025, the parties met and conferred a second time, again discussing the Special Master issue.

4. On February 21, 2025, the parties met and conferred a third time as to the Special Master issue. As part of the February 21 conferral, Uber communicated to Plaintiffs' leadership that it agreed to Plaintiffs' proposed Special Settlement Master and sought agreement to set a cutoff date for the filing of claims in the MDL of no later than 30 days. Plaintiffs rejected Uber's proposal. Thereafter, Uber informed Plaintiffs of its intention to file the underlying Motion for a Filing Cutoff, and requested that Plaintiffs stipulate to a shortened briefing schedule given the exigencies. Plaintiffs also rejected that request, and indicated their intention to oppose both motions.

5. Accordingly, on February 21, 2025, Uber filed its Motion for a Filing Cutoff, accompanied by its Administrative Motion to Shorten Time for Plaintiffs' Response to the Motion for a Filing Cutoff.

6. A shortening of the time for Plaintiffs to respond to Uber's Motion for a Filing Cutoff is necessary given the imminent appointment of a Special Master, since the Special Master's work to resolve these claims cannot begin without a clear process in place. Absent clarity

1  and certainty as to the scope and composition of the cases involved in this litigation, any efforts at
2  a litigation-wide settlement will be futile.  Given the time-sensitivity in addressing this important
3  issue, it is appropriate to discuss the issue of a filing cutoff date at the February 28, 2025 Case
4  Management Conference.

5      7.    It was not possible to prepare Uber's memoranda to the Court regarding the filing
6  cutoff sooner in light of the recent developments related to the mediation efforts.

7      8.    Absent shortening of Plaintiffs' time to respond to the Motion for a Filing Cutoff,
8  substantial harm or prejudice would occur. The parties and the Special Master cannot effectively
9  proceed with mediation with an undefined and undisclosed scope of claims. Neither the parties nor
10 the Court would benefit from settlement discussions conducted in such a manner because it would
11 discourage, rather than facilitate, the ultimate resolution of these cases.

12     9.    Granting the requested extension would not require modifying any other deadline
13 reflected in the current scheduling order.

14     10.    To the best of my knowledge, the only previous time modifications in this case,
15 whether by stipulation or Court order are:

16     a.    On December 14, 2023, the Court granted the stipulation to extend the deadline for
17     filing the joint submission required by Pretrial Order No 4. to December 21, 2023;

18     b.    On December 14, 2023, the Court granted the stipulation to extend the deadline for
19     filing the joint proposed conference agenda to January 15, 2023;

20     c.    On January 11, 2024, the Court granted the stipulation to extend the deadline for filing
21     joint or competing fact sheets and supporting statements to January 24, 2024;

22     d.    On January 17, 2024, the Court granted the stipulation to extend time for Uber to file
23     its response to the administrative motion to consider whether another party's material
24     should be sealed to January 23, 2024;

25     e.    On January 24, 2024, the Court granted the stipulation extending the time in which to
26     submit proposed privilege log orders and proposed fact sheets to January 31, 2024;

27     f.    On February 5, 2024, the Court granted the stipulation extending time to submit a joint
28     or competing ESI protocol to February 12, 2024;

1      g. On February 13, 2024, the Court advanced Uber's time to respond to Plaintiffs' motion
2         to shorten time for Uber's response to the motion to enforce PTO 5 to February 14,
3         2024;
4      h. On February 23, 2024, the Court granted the stipulation to extend time to submit joint
5         or competing deposition and expert discovery protocols to February 27, 2024;
6      i. On February 27, 2024, the Court granted the stipulation to extend the deadline for
7         Defendants' Rule 26 initial disclosures to March 7, 2024;
8      j. On March 1, 2024, the Court granted in part a Stipulation and Order extending the time
9         for proposals regarding Short Form Complaints to March 5, 2024;
10     k. On March 22, 2024, the Court granted Defendants Uber Technologies, Inc., Rasier,
11        LLC, and Rasier-CA, LLC's Unopposed Motion to Extend the Deadline for
12        Compliance with the Court's March 15 Order to April 2, 2024;
13     l. On July 26, 2024 the Court granted the stipulation to extend the deadline for Non-Party
14        Lyft to object to the Magistrate Judge's order regarding third-party subpoena disputes
15        to August 16, 2024;
16     m. On August 22, 2024, the Court granted the Stipulation extending the time for Plaintiff
17        Fact Sheets in connection with the Court of Appeal's JCCP *forum non conveniens*
18        opinion for Plaintiffs represented by Williams Hart & Boundas, LLP to November 1,
19        2024, and for Defendant Fact Sheets to January 17, 2025;
20     n. On October 23, 2024, the Court issued an order extending the time for a joint letter
21        regarding first sample of disputed privilege log entries to October 30, 2024;
22     o. On November 8, 2024 the Court granted the stipulation to extend certain Fact Sheet
23        deadlines for Plaintiffs represented by Levin Simes LLP;
24     p. On November 8, 2024 the Court granted the stipulation to extend certain Fact Sheet
25        deadlines for Plaintiffs represented by Cutter Law P.C.;
26     q. On December 12, 2024, the Court granted Uber's Administrative Motion for an
27        extension of time to provide custodial records and privilege logs to December 14, 2024;
28

r. On January 27, 2025, the Court granted the stipulation to extend the time period for a joint letter brief regarding TAR dispute to January 28, 2025;

s. On January 28, 2025, the Court granted the Stipulation and Modified Order extending the time for Third-Party Plaintiffs to respond to Third-Party Defendants' motion to compel arbitration and stay the case to March 14, 2025, and for Third-Party Defendants' Reply in support of the motion to compel arbitration to March 21, 2025;

t. On January 29, 2025, the Court granted the stipulation extending the time for a joint letter regarding hyperlinks to January 31, 2025;

u. On February 9, 2025, the Court granted the stipulation vacate certain deadlines related to privileged disputes for Tranche 4 custodians; and

v. On February 18, 2025, the Court granted the stipulation extending the deadline set by Pretrial Order 21 for the parties to submit bellwether selections to February 21, 2025.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 21, 2025, in New York, New York.

                                             */s/ Robert Atkins*
                                                Robert Atkins