RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
    jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR A FILING CUTOFF** |
| This Document Relates to: ALL ACTIONS | Judge:     Honorable Charles R. Breyer<br>Date:      February 28, 2025<br>Time:      10:00 AM<br>Courtroom: 6 – 17th Floor |

| | |
|---|---|
| 1 | KYLE N. SMITH (*Pro Hac Vice* admitted) |
| |    ksmith@paulweiss.com |
| 2 | JESSICA E. PHILLIPS (*Pro Hac Vice* admitted) |
| |    jphillips@paulweiss.com |
| 3 | **PAUL, WEISS, RIFKIND, WHARTON** |
| |    **& GARRISON LLP** |
| 4 | 2001 K Street, NW |
| | Washington DC, 20006 |
| 5 | Telephone: (202) 223-7300 |
| | Facsimile:  (202) 223-7420 |
| 6 | |
| | *Attorneys for Defendants* |
| 7 | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, and RASIER-CA, LLC |

DEFENDANTS' MOTION FOR FILING CUTOFF      Case No. 3:23-md-03084-CRB

# NOTICE OF MOTION

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on February 28, 2025 at 10:00 AM, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for a filing cutoff date, or in the alternative an order requiring counsel to identify known claimants, with respect to this action.

This Motion is brought pursuant to Federal Rule of Civil Procedure 26(c)(1) and is based on: this Notice of Motion; the attached Memorandum of Points and Authorities; all evidence, pleadings, and papers filed herewith, including the Administrative Motion to Shorten Time and the accompanying declaration of Robert Atkins; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: February 21, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Robert Atkins*
  ROBERT ATKINS
  RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

- iii -

DEFENDANTS' MOTION FOR FILING CUTOFF          Case No. 3:23-md-03084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

With the imminent appointment of a Special Settlement Master pursuant to PTO 1 and FRCP 53, it is appropriate - - indeed, necessary - - for the Court to order a cutoff date for the filing of claims in this proceeding. While this has been under discussion with the Court for some time, Uber respectfully submits that the time has come for a filing deadline in this MDL. A supervised settlement process cannot succeed without the parties and the Special Master knowing with clarity and certainty the scope of the cases involved and the composition of those cases: how many cases are subject to settlement; how many of those cases are substantiated (and not substantiated); and how are those cases distributed across the categories (the taxonomy) of alleged sexual misconduct or sexual assault, from the least severe to the more severe.

Without those very basic facts, it is not possible for the Special Master or Uber to know what exactly they are trying to settle (if settlement is possible), the values to be assigned to claims (based on their classification of severity), and the extent of the potential exposure being released. This is especially true here because there is no uniformity of claims or alleged damages - - *i.e.*, there is no single common form of sexual misconduct or sexual assault - - thus making a settlement *en masse* an impossible undertaking without a filing cutoff. There needs to be a known and finite universe of claims and classifications: *e.g.*, how many claims are there involving allegations of lewd comments, post-trip contact by the driver, non-consensual touching, and sexual assault.

At this point in time, the scale of Special Master's challenge is unknown, seemingly as a result of a strategy of Plaintiffs' counsel. Currently, there are 1,734 filed-claims in this MDL, but we understand that potentially thousands of claims are known by Plaintiffs' counsel but being strategically held back. Absent a cutoff, counsel will continue to hold back existing claims, and the scale and scope of the Special Master's remit will remain undefined. If there are additional claims of that magnitude, we need to know that, we need to know how many, and we need to know what type of claims they are. And they should be identified and filed *now* so that the Special Master and Uber know the size, scope, and composition of the cases subject to settlement

- 1 -

DEFENDANTS' MOTION FOR FILING CUTOFF     Case No. 3:23-md-03084-CRB

discussions.[1] Moreover, the Special Master, and the parties to any discussions (including Uber), need to know that the universe of cases for settlement discussions is fixed and final. The only way to achieve that, and promptly so, is a cutoff date for additional filings, to be followed by the exchange of Fact Sheets and information sufficient (or not) to substantiate the claims.

A cutoff is necessary for another and independent reason: the Court's selection and ordering of the bellwether trials. As this Court knows, for bellwether trials to serve their primary purpose of educating the parties and the Court about the strengths and weaknesses of the many centralized cases, the cases selected should be representative of the cases as a whole - - *i.e.*, representative of the cases "in the pool." 4 Newberg and Rubinstein on Class Actions (6th ed. 2022) § 11:13. In turn, the bellwether trials should provide representative verdicts to serve, potentially, as a basis for settlements across the various different categories of cases in the pool.

As Judge Schulman observed in his bellwether selection decision, part of the trial selection and ordering process involves "cataloging all of the existing cases and identifying the important variables among them to guide the selection of representative cases." *In re Uber Rideshare Cases*, JCCP No. 5188, Order Regarding Bellwether Selection (Cal. Super. Ct., S.F. Cnty., Oct. 22, 2024) at 3. In these cases, the "important variables" include the variety of different types of sexual misconduct or sexual assault, categorized according to the taxonomy of sexual misconduct and sexual assault. *Id.* at 4. The Court required that Plaintiffs themselves provide, as part of their Plaintiff Fact Sheets, information categorizing each alleged incident using the taxonomy. *See* PTO 10.

The Court cannot determine the "representativeness" of possible bellwether cases without knowing the total size and composition of the pool of cases. For example, does a non-consensual kissing case represent 2%, 50%, or more of the total pool? That question cannot be answered without knowing the numerator (the number of non-consensual kissing cases) and the denominator (the total number of cases).

---

[1] As the Court previously was apprised, many of the cases filed in this MDL already are part of settlement discussions involving counsel in the JCCP.

1    That is why a filing deadline is imperative. We need to know the total number of all cases that will be adjudicated or otherwise resolved in this MDL. And we need to have certainty that that total number represents the final number of cases; otherwise, if claims continue to be filed or held in reserve, then the task of determining representativeness will be frustrated because the mix of cases may change. The Court has commented before that "numbers matter because they disclose the scope of the issues, the scope of the problem, the scope of liability, and if liability, the scope of liability." January 19, 2024 Case Management Conference Transcript at 6:11–24. With that in mind, the Court noted that Uber would be entitled to a cutoff filing at some point in the litigation. *Id.*[2]

That point is now. This action has been litigated since October 2023. Plaintiffs have resisted a cutoff while counsel are holding back what may be a very substantial number of claims - - claims which are not subject to the disclosure requirements of filed claims (*e.g.*, Plaintiff Fact Sheets, Short Form Complaints) and which Uber has had no ability to evaluate.

The Court has stated that the issue of a filing cutoff is "a perfectly legitimate suggestion to raise," May 31, 2024 CMC Tr. at 13:16–17, particularly "in light of changing circumstances" in the action, *id.* 13:25–14:4. The parties' settlement efforts and the bellwether selection and ordering process are such "changing circumstances" warranting a cutoff date: this MDL will not achieve its objective, nor will the claims of the sexual assault survivors be resolved, absent certainty of numbers. At a minimum, the Court should require all counsel who currently represent Plaintiffs in the MDL to identify any as-yet-unfiled cases in which they represent the claimants, so that the parties, the Court, and the Special Master can account for those cases in any settlement discussions, which is essential in bringing this matter toward a point where it can be resolved.

///

///

///

---

[2] At the November 6, 2024 case management conference, in response to Uber's request for the Court to set a cutoff date, the Court stated that Uber had not yet identified the cases filed elsewhere. Nov. 6, 2024 CMC Tr. at 11:18 – 12:3. Uber has since done so. *See* Exhibit A to Jan. 21, 2025 Joint Case Management Statement, Document No. 2117-1.

- 3 -

DEFENDANTS' MOTION FOR FILING CUTOFF                    Case No. 3:23-md-03084-CRB

1     For the foregoing reasons, Uber respectfully requests that the Court grant Uber's Motion
2 for a Filing Cutoff and establish a deadline for the filing of any additional claims no later than 30
3 days from its ruling on this motion.

5 DATED: February 21, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Robert Atkins*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

- 4 -

DEFENDANTS' MOTION FOR FILING CUTOFF     Case No. 3:23-md-03084-CRB