[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' OPPOSITION TO UBER'S MOTION FOR A FILING CUTOFF** |
| This Document Relates to:<br><br>All Cases | Judge:      Honorable Charles R. Breyer<br>Date:        February 28, 2025<br>Time:       10:00 am<br>Courtroom: 6 – 17th Floor (via Zoom) |

Plaintiffs respectfully request that the Court deny Defendants' motion to set a filing cutoff.

One month ago, Uber announced to the Court that its chosen mediator, without involvement of every MDL Co-Lead and Liaison Counsel, "ha[s] done … a terrific job of corralling what is on the order of 85% … of all the claims at issue" through "a very robust, fully developed mediation process." 1/24/25 H'rg Tr. at 12:18-13:8. Evidently that process was unsuccessful, so Uber has now informed Co-Lead Counsel that it will support appointment of Hon. Gail A. Andler (ret.), one of Plaintiffs' initial suggestions, as Settlement Special Master.

At the same time, as the Court directed, this litigation proceeds apace, notwithstanding any settlement considerations. 1/24/25 H'rg Tr. at 9:17-21. There are four depositions scheduled just this week, Judge Jones is overseeing privilege disputes, case-specific discovery begins March 14, and other discovery and expert work is ongoing.

Now Uber again seeks a filing "cutoff," but does not justify the time and expense of that undertaking, especially in light of all the work the parties have to do and the Court's recent order that any cutoff must wait until the parties complete common fact discovery. 12/19/24 H'rg Tr. at

19:11-20:11. As with the earlier requests, Uber does not cite any precedent supporting such an order. It appears no MDL court has ever issued one. Nor does Uber acknowledge the practical problems its motion would create. Sexual assault survivors find it difficult to file cases and should not face premature deadlines for doing so absent compelling circumstances. And each survivor has a due process right to file a claim if and when they wish, subject to applicable statutes of limitations. If the Court orders a cutoff, survivors can still file cases and, if jurisdiction is satisfied, they can still do so in federal court. So, what Uber is really asking for is an arbitrary restriction on those cases participating in the MDL.

The arguments Uber offers are insufficient. *First*, Uber says that the potential settlement master "need[s]" the information generated by a cut-off. But there is no master yet (the parties have not yet even agreed on a proposed order). And no MDL-wide settlement discussions have occurred, nor are any scheduled. Uber's claim of what a potential master "needs" to further hypothetical settlement discussions is rank speculation. In any event, whatever information might be useful to a settlement master could not justify an arbitrary cutoff while the initial bulk of common fact discovery is not even complete.

As an alternative, Uber suggests a census: that "all counsel … identify any as-yet-unfiled cases." Plaintiffs will, of course, work with any appointed master to exchange information to promote potential settlement. But a formal census costs time and money and, if conducted under the administration of the Court (or Judge Cisneros) would drain judicial resources for no obvious purpose. (That is why, when MDL courts order a census, they usually appoint some neutral or vendor to facilitate.) Uber does not explain how such effort could be justified given all of the work the parties need to complete in a short amount of time. Nor does it even begin to answer the questions relevant to design and implementation of a census, for example how to address concerns raised by mandatory disclosure of survivors who may have retained counsel but not yet decided to file a case, or what information Uber would be required to provide as part of the process. *See, e.g.*, *Colgate v. JUUL Labs, Inc.*, No. 3:19-md-02913, ECF 262 (N.D. Cal. Nov. 19, 2019) (setting out "Defendants' Reciprocal Census Obligations," including ESI-protocol-compliant data pulls and certifications under oath).

1 *Second*, Uber says that a cutoff will facilitate the bellwether process. But the parties already submitted their bellwether selections. ECF 2373, 2375. Uber argues that information on unfiled cases is required to "determine 'the representativeness' of possible bellwether cases." But this Court already rejected a similar argument when it refused to "delay the selection of cases until more fact sheets have been exchanged," doubting "that the 1,031 cases for which Plaintiff Fact Sheets have been submitted somehow misrepresent the full roster of cases in the MDL." PTO 21 at 2. There is no reason to think anything different of unfiled cases.

The motion for a cutoff date should be denied.

Dated: February 26, 2025

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: February 26, 2025                    By:    */s/ Andrew R. Kaufman*
                                                    Andrew R. Kaufman