ROBERT ATKINS (Admitted *Pro Hac Vice*)
 ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
 jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
 cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
 akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
 rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
 mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
 & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PROTECTIVE ORDER**<br><br>Judge:     Honorable Lisa J. Cisneros<br>Date:      March 26, 2025<br>Time:      10:00 a.m.<br>Courtroom: G – 15th Floor |

1  KYLE SMITH (Admitted *Pro Hac Vice*)
      ksmith@paulweiss.com
2  JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
      jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
      **& GARRISON LLP**
4  2001 K Street, NW
5  Washington, D.C. 20006
   Telephone: (202) 223-7300
6
   *Attorneys for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
8

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") respectfully submit this Administrative Motion to Seal Documents Filed in Support of Uber's Motion for Protective Order, dated February 28, 2025. Uber respectfully requests that the Court seal the following documents filed in support of that motion:

**I.     BACKGROUND AND REQUESTED SEALING**

| Document | Description | Designating Party |
|---|---|---|
| Declaration of Dara Khosrowshahi in Support of Uber's Motion for Protective Order | Executed sworn declaration from Dara Khosrowshahi including non-public internal structural and reporting information. | Uber |
| Declaration of Travis Kalanick in Support of Uber's Motion for Protective Order | Executed sworn declaration of Travis Kalanick, including non-public internal systems and structure information. | Uber |
| Declaration of Jill Hazelbaker in Support of Uber's Motion for Protective Order | Executed sworn declaration of Jill Hazelbaker, including non-public and sensitive internal reporting information. | Uber |
| Declaration of Frank Chang in Support of Uber's Motion for Protective Order | Executed sworn declaration of Frank Chang, including non-public internal reporting, and work allocation information. | Uber |
| Declaration of Sachin Kansal in Support of Uber's Motion for Protective Order | Executed sworn declaration of Sachin Kansal containing non-public safety feature and product information. | Uber |
| Declaration of Rachel Whetstone in Support of Uber's Motion for Protective Order | Executed sworn declaration of Rachel Whetstone, including non-public internal reporting information. | Uber |
| Declaration of Sarfraz Maredia in Support of Uber's Motion for Protective Order | Executed sworn declaration of Sarfraz Maredia, including non-public and sensitive internal reporting structure information. | Uber |
| Declaration of Ryan Graves in Support of Uber's Motion for Protective Order | Executed sworn declaration of Ryan Graves, including non-public internal reporting structure and internal organization information. | Uber |

## II. LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a 'particularized showing' under the 'good cause' standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents at issue relate to a discovery motion for a protective order, not a dispositive motion. Documents "attached to a discovery motion" are "unrelated to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1097, and "one step further removed in public concern from the trial process than the discovery materials themselves." *U.S.* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018). Accordingly, "'materials attached to a discovery motion unrelated to the merits of a case' need satisfy only the less exacting 'good cause' standard." *Id.* at 1014; *accord Brown* v. *Google, LLC*, 2022 WL 2289059, at *1 n.1 (N.D. Cal. Apr. 4, 2022) (sealing records filed in connection with "apex" motion).

Good cause to seal exists where the relevant documents "contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Synopsys, Inc.* v. *Siemens Indus. Software Inc.*, 2021 WL 4427437, at *24 (N.D. Cal. Sept. 27, 2021). "[C]ompetitive harm" results—and a sealing order is warranted—when public disclosure of a document would "provid[e] competitors insight" into a party's non-public "polic[ies]" or "strateg[ies]." *Verinata Health, Inc.* v. *Ariosa Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015). The same is true with respect to the public disclosure of a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id.* at *2.

Good cause to seal also exists where the relevant documents are already protected from disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc.* v. *Samsung Elec. Co., Ltd.*, 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good cause to seal . . . information from sealed court records from another case").

In addition to showing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

### III. UBER'S MATERIALS SHOULD BE KEPT UNDER SEAL

The documents at issue should be sealed under the good cause standard. Uber has a legitimate business interest in sealing the documents, and the limited amount of sealing that Uber requests is the least restrictive means of protecting that interest. The declarations at issue contain commercially sensitive, non-public business information concerning Uber's business practices and policies. The disclosure of this information potentially poses security risks and a risk of harm to Uber's competitive standing.

**The Declaration of Dara Khosrowshahi** includes information about Uber's internal reporting structure, operations, and responsibilities of senior staff members. These details of Uber's organizational structure and operations are sensitive and non-public information which would provide competitors insights into Uber's "internal systems and operations," which could place the company at risk of harm if disclosed. *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). A substantially similar declaration by Mr. Khosrowshahi regarding the same subject matter was filed under seal in the parallel JCCP proceedings against Uber and sealing here is necessary to " avoid disparate treatment" of sealed materials between the two cases. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

**The Declaration of Jill Hazelbaker**, includes information regarding Uber's internal reporting structure, and responsibilities for certain topics at the company. Much like Mr. Khosrowshahi, this declaration provides insight into existing internal systems, the disclosure of

1  which poses competitive and security risks to the company.  A substantially similar declaration by
2  Ms. Hazelbaker regarding the same subject matter was filed under seal in the parallel JCCP
3  proceedings against Uber and sealing here is necessary to "avoid disparate treatment" of sealed
4  materials between the two cases.  *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL
5  3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

6  **The Declaration of Frank Chang** includes non-public information about the internal
7  reporting structure of Uber and the division of responsibilities at the company.  Similar to the other
8  current employees, disclosure of this information poses a security and competitive risk for the
9  company.  *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2.  A substantially similar declaration
10  by Mr. Chang regarding the same subject matter was filed under seal in the parallel JCCP
11  proceedings against Uber and sealing here is necessary to "avoid disparate treatment" of sealed
12  materials between the two cases.  *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL
13  3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

14  **The Declaration of Sachin Kansal** includes non-public information about the internal
15  reporting structure of Uber and the division of responsibilities at the company and identifies details
16  concerning company initiatives and proprietary safety features that Uber has considered,
17  developed, or implemented.  Disclosure of this information poses both security and competitive
18  risks for the company.  *See Verinata Health*, 2015 WL 1885626, at *1; *Calhoun*, 2022 WL
19  1122843, at *2.  A substantially similar declaration by Mr. Kansal regarding the same subject
20  matter was filed under seal in the parallel JCCP proceedings against Uber and sealing here is
21  necessary to " avoid disparate treatment" of sealed materials between the two cases.  *In re Xyrem*
22  *(Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at
23  *1.

24  **The Declaration of Sarfraz Maredia** includes non-public information about the internal
25  reporting structure of Uber and the division of responsibilities at the company.  Similar to the other
26  current employees, disclosure of this information poses a security and competitive risk for the
27  company.  *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2.

28

     **The Declaration of Travis Kalanick**, likewise contains information regarding Uber's reporting structure, operations and division of responsibilities. A substantially similar declaration by Mr. Kansal regarding the same subject matter was filed under seal in the parallel JCCP proceedings against Uber and sealing here is necessary to " avoid disparate treatment" of sealed materials between the two cases. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

     **The Declaration of Rachel Whetstone** includes non-public internal structure and reporting information about the company during her tenure. Information about Uber's internal organization is sensitive and closely held information that places Uber at competitive risk.

     **The Declaration of Ryan Graves** includes non-public internal structure and reporting information about the company during his tenure. Information about Uber's internal organization is sensitive and closely held information that places Uber at competitive risk.

     Uber's proposed sealing is "narrowly tailored" to cover only information for which Uber has a legitimate interest in maintaining confidentiality. Civ. L.R. 79-5(c)(3). This information offers insight into Uber's internal policies, strategies, systems, operations, or projects. Actions short of sealing would be insufficient to protect Uber's legitimate interests. Accordingly, there is good cause to seal the documents identified herein, and there are no less restrictive means of protecting Uber's legitimate interest in maintaining confidentiality.

## IV.  CONCLUSION

     For the foregoing reasons, Uber respectfully requests that the Court order that the documents identified herein be maintained under seal.

Dated: February 28, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Randall Luskey*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC