# EXHIBIT A

| | |
|---|---|
| 1 | RANDALL S. LUSKEY (SBN: 240915) |
| 2 | rluskey@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON** |
| 3 | **& GARRISON LLP**<br>535 Mission Street, 24th Floor |
| 4 | San Francisco, CA 94105 |
| 5 | Telephone: (628) 432-5100<br>Facsimile: (628) 232-3101 |
| 6 | |
| 7 | ROBERT ATKINS (*Pro Hac Vice* admitted)<br>ratkins@paulweiss.com |
| 8 | CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)<br>cgrusauskas@paulweiss.com |
| 9 | ANDREA M. KELLER (*Pro Hac Vice* admitted)<br>akeller@paulweiss.com |
| 10 | **PAUL, WEISS, RIFKIND, WHARTON**<br>**& GARRISON LLP** |
| 11 | 1285 Avenue of the Americas<br>New York, NY 10019 |
| 12 | Telephone: (212) 373-3000<br>Facsimile: (212) 757-3990 |
| 13 | |
| 14 | *Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC.; |
| 15 | RASIER, LLC; and RASIER-CA, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SCOTT BINNINGS IN SUPPORT OF DEFENDANTS' MARCH 4, 2025 BRIEF PURSUANT TO SPECIAL MASTER ORDER NO. 2 § II(6)** |
| This Document Relates to:<br><br>ALL ACTIONS | |

---

DECLARATION OF SCOTT BINNINGS IN SUPPORT OF DEFENDANTS' BRIEF PURSUANT TO SPECIAL
MASTER ORDER NO. 2, § II(6)                                                     Case No. 3:23-MD-3084-CRB

# DECLARATION OF SCOTT BINNINGS

I, Scott Binnings, having personal knowledge of the following state:

1. I am the Associate General Counsel, Safety and Core Services, at Uber. I was first employed by Uber in April 2015 and have worked as in-house legal counsel for the past 9 years. My previous positions included Senior Counsel, Regulatory; Senior Counsel, Safety; Legal Director, Safety; Senior Legal Director, Safety; and Senior Legal Director, Safety, Payments, and Risk. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's March 4, 2025 brief pursuant to Special Master Order No. 2, § II(6) (ECF 2357). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document identified in the privilege log as JCCP_MDL_PRIVLOG027973. Uber non-attorney employee, Jenny Luu, added me and Nicole Benincasa, Senior Counsel, Safety Legal, Global, to this communication for the purpose of seeking our legal advice concerning Uber's response to allegations of sexual assault or misconduct from people who were engaging in potentially fraudulent behavior. Following this communication, I responded to Ms. Luu and the rest of the team copied, requesting we discuss the matter further. I and other in-house attorneys provided Ms. Luu and her team with legal advice on this topic following that exchange.

3. I am familiar with the documents identified in the privilege log as JCCP_MDL_PRIVLOG038244, JCCP_MDL_PRIVLOG038246, JCCP_MDL_PRIVLOG038247, and JCCP_MDL_PRIVLOG038254. I am familiar with the issues discussed and the individuals in this email chain from working as an in-house attorney at the time. The redacted portions of this email chain memorialize and convey specific legal advice that I and other in-house attorneys provided concerning Uber's public statements related to safety, which the legal team developed following litigation against the company. We provided this advice in light of the ongoing litigation risks involved with such statements.

4.     I am familiar with JCCP_MDL_PRIVLOG039116. It is a confidential document authored by Kate Parker, Global Director, Product Marketing, Brand Management & Strategic Initiatives. At the very top of this document, Ms. Parker discusses an upcoming meeting with then-General Counsel Tony West and describes the goal of the meeting is for her team to seek legal feedback concerning allegations of sexual assault. Ms. Parker identified that the purpose of the meeting was to meet with Mr. West along with other in-house attorneys, who were identified as confirmed attendees of the meeting (then-Senior Counsel, Employment, Dalene Bramer, Deputy General Counsel Tammy Albarran, and me), along with outside counsel Stacey Grigsby from Covington & Burling LLP. I recall that Mr. West, Ms. Bramer, Ms. Albarran, Ms. Grigsby, and I attended this meeting and during that meeting our legal advice was requested and provided. As such, this document reflects an Uber team's intent to seek legal advice from Uber's General Counsel Mr. West, me, other in-house counsel listed in the document, and an attorney Uber engaged from an outside law firm.

5.     I am familiar with JCCP_MDL_PRIVLOG039133. It is a confidential spreadsheet containing information gathered to facilitate legal advice on sexual assault claims. As part of my role as in house counsel for Uber, I provide the company legal advice concerning rider safety issues. This confidential spreadsheet was created at my direction because I needed the information contained therein to asses and provide legal advice about various issues concerning sexual assault claims and related litigation. As such, the spreadsheet was created for the purpose of obtaining legal advice.

6.     I reviewed the email communication referenced as JCCP_MDL_PRIVLOG033318. I am familiar with the issues and individuals in this communication from working as in-house counsel at Uber at the time. The confidential email thread discusses various legal aspects of driver background checks. The email thread includes several individuals who served in different in-house counsel roles for Uber at the time and who are no longer with the company, including Curtis Scott, Angela Padilla, Candace Kelly, David Strandness, and Kathryn Ciano. On the first email in the chain, non-attorney Uber employee Brooke Anderson expressly requested legal advice from Ms. Kelly regarding the matter and thus marked the email as "A/C Privilege." In a subsequent email dated August 12, 2016,

1  non-attorney Uber employee Jena Wuu added Mr. Strandness to the chain and likewise marked the
2  email as "A/C PRIVILEGED." On the following day, Mr. Strandness responded and provided his
3  legal advice about various points that had been previously raised in the thread. Ms. Anderson then
4  responds to Mr. Strandness' email and subsequently repeats her request for legal advice from Ms.
5  Kelly. Non-attorney Uber employee Meon Alon responds and again requests legal advice from Ms.
6  Kelly. Overall, legal advice is requested and provided throughout this email chain from multiple in-
7  house attorneys, on a topic with significant legal implications and nuances.

8  7. I reviewed the document referenced by privilege log number as
9  JCCP_MDL_PRIVLOG062605. It is an email chain with emails dated from February 24 to February
10 25, 2015. I joined Uber shortly after this email exchange and am familiar with the issues discussed
11 and individuals in this email chain from working as in-house counsel at Uber from that time. Then
12 Senior Counsel at Uber Matt Buron sent the first email in the chain to then Uber in-house counsel
13 Steven Siger and Aaron Brand and to other Uber employees, including another in-house counsel Curtis
14 Scott. In the first email in the chain, Mr. Burton discusses and provides his legal advice concerning
15 potential changes in law and regulation in various jurisdictions on driver background checks and
16 provides his legal guidance on how to approach those issues. Mr. Siger responds to his email and
17 provides further legal guidance on the matters. The following emails respond to, discuss, and/or
18 provide further legal advice on the matter, including again from in-house counsel, and which involves
19 complicated and nuanced legal issues.

20 8. I reviewed the document referenced by privilege log number as
21 JCCP_MDL_PRIVLOG063986. It is an email dated August 30, 2017. I am familiar with the issues
22 discussed and individuals in this email from working as in-house legal counsel at Uber at this time.
23 The document memorializes specific legal advice verbatim from in-house counsel Lisa Tse. Ms. Tse
24 sent the original email providing that advice to Meghan Joyce, then-Regional General Manager, US
25 & Canada, Rachel Holt, then-Vice President and Regional General Manager, US and Canada, and
26 Christopher Ballard, then General Manager for Uber's Pacific and Southwest markets. Mr. Ballard
27 subsequently uploaded Ms. Tse's email containing her legal advice verbatim to Asana, a task
28

management workflow system that Uber uses to track work assignments. That is the document referenced as JCCP_MDL_PRIVLOG063986.

9. I am familiar with the document referenced as JCCP_MDL_PRIVLOG025009. It is a confidential and privileged spreadsheet regarding in-app features to advance rider safety. As part of my role as in-house counsel for Uber, I provide the company legal advice concerning safety issues, including Uber's app safety features and public descriptions and reporting around those features. This confidential and privileged spreadsheet was created by then Senior Program Manager, Safety & Transparency Brittany Anthony at my direction and in anticipation of litigation. I requested this information to facilitate my provision of legal advice concerning potential statistics on safety feature usage that Uber would highlight in its safety reports. Indeed, the spreadsheet directly contains legal advice from me and other in-house attorneys, including Daniel Kolta and Jennifer Handley.

10. I reviewed the document referenced by privilege log number as JCCP_MDL_PRIVLOG053963. It is a confidential draft document regarding Uber's policies and practices concerning rider safety, including insurance coverage. The date of this document in the metadata is September 4, 2018. The redacted portions of this draft are comments containing or requesting legal advice from in-house counsel Diane Rodgers, Senior Director, Insurance Law.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Anselmo, California on ___March 4___, 2025.    By: _____

Scott Binnings