# EXHIBIT B

| | |
|---|---|
| 1 | RANDALL S. LUSKEY (SBN: 240915) |
| 2 | rluskey@paulweiss.com |
| | **PAUL, WEISS, RIFKIND, WHARTON** |
| 3 | **& GARRISON LLP** |
| 4 | 535 Mission Street, 24th Floor |
| | San Francisco, CA 94105 |
| 5 | Telephone: (628) 432-5100 |
| | Facsimile: (628) 232-3101 |
| 6 | |
| | ROBERT ATKINS (*Pro Hac Vice* admitted) |
| 7 | ratkins@paulweiss.com |
| | CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted) |
| 8 | cgrusauskas@paulweiss.com |
| 9 | ANDREA M. KELLER (*Pro Hac Vice* admitted) |
| | akeller@paulweiss.com |
| 10 | **PAUL, WEISS, RIFKIND, WHARTON** |
| | **& GARRISON LLP** |
| 11 | 1285 Avenue of the Americas |
| | New York, NY 10019 |
| 12 | Telephone: (212) 373-3000 |
| 13 | Facsimile: (212) 757-3990 |
| 14 | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC.; |
| 15 | RASIER, LLC; and RASIER-CA, LLC |

### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF JENNIFER HANDLEY IN SUPPORT OF DEFENDANTS' MARCH 4, 2025 BRIEF PURSUANT TO SPECIAL MASTER ORDER NO. 2, § II(6)** |

DECLARATION OF JENNIFER HANDLEY IN SUPPORT OF DEFENDANTS' BRIEF PURSUANT TO SPECIAL
MASTER ORDER NO. 2, § II(6)                                Case No. 3:23-MD-3084-CRB

# DECLARATION OF JENNIFER HANDLEY

I, Jennifer Handley, having personal knowledge of the following state:

1. I am the Senior Legal Director, Global Safety, at Uber. I was first employed by Uber in December 2018 and have worked as in-house counsel for the past 6 years. My previous roles include Senior Counsel, Safety and Legal Director, Safety. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's March 4, 2025 brief pursuant to Special Master Order No. 2, § II(6) (ECF 2357). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with JCCP_MDL_PRIVLOG029142. It is an email thread on which I was included regarding in-app features to advance rider safety. Redacted portions of the email thread contain legal advice that I provided in response to requests from Uber employees. First, in the emails dated July 11, 2019, Sarah Patterson, Program Manager Critical Support and then-Product Manager Neil Chopra, requested legal advice from me regarding certain in-app features. On the same day, I responded with my legal opinion and discussed my assessment of potential legal consequences. Later that day, Neil Chopra provided additional information for the purpose of obtaining advice from the legal team. On July 12 and 16, 2019, Corey Freivogel sent additional emails to Uber employees, in part, discussing the legal advice I provided.

3. I am familiar with the document identified in the privilege log as JCCP_MDL_PRIVLOG000759. It is an internal confidential PowerPoint presentation that was marked as "Attorney Client Privilege Attorney Work Product." This document was created for an internal meeting that was attended by fellow Uber in-house counsel Scott Binnings and me. The PowerPoint presentation memorializes legal advice that Mr. Binnings and I provided. The purpose of creating this presentation was to facilitate the provision of legal advice during an upcoming meeting between the executive leadership and in-house attorneys. Given the significant legal risks involved

1 with company public statements concerning safety issues, I and other in-house attorneys directed the strategy and drafting of the Transparency Report referenced in this document.

4. I am familiar with the document identified in the privilege log as JCCP_MDL_PRIVLOG006225. It is a slide deck created at my direction, prepared for an internal meeting of the Stand For Safety Executive Steering Committee. Fellow Uber in-house counsel Scott Binnings, Daniel Kolta, and I were collaborators on this document, which is stamped "Attorney Client Privileged-Confidential Work Product." Given the significant legal risks involved with company public statements concerning safety issues, I and other in-house attorneys directed the strategy and drafting of the Transparency Report referenced in this document. The document incorporates our legal advice regarding the report and other matters. The document outlines legal challenges that in-house counsel perceived with various product initiatives and describes the status of audits and internal reviews conducted at my direction in anticipation of litigation.

5. I am familiar with the document identified in the privilege log as JCCP_MDL_PRIVLOG001239. It is a slide deck created at my request, titled "Summary slides for Tina Tchen," and is stamped "Attorney Client Privilege and Confidential." This slide deck was created for the purpose of obtaining legal advice from then outside counsel, Tina Tchen, regarding the development and release of Uber's Transparency Report, which was precipitated by anticipated litigation. Indeed, the title of this document is "Summary Slides for Tina Tchen."

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco, California on March 4, 2025.   By: *Jennifer Handley*

Jennifer Handley