William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com

*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> ⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯⎯ <br><br> This Document Relates to: <br><br> *Jane Doe LS 293 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04364-CRB <br><br> *Jane Doe LS 231 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04367-CRB <br><br> *Jane Doe LS 144 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04388-CRB <br><br> *Jane Doe LS 112 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05286-CRB <br><br> *Jane Doe LS 284 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05363-CRB <br><br> *Jane Doe LS 126 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05370-CRB <br><br> *Jane Doe LS 265 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05377-CRB <br><br> *Jane Doe LS 200 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05387-CRB | Case No. 3:23-md-03084-CRB <br><br> **LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS LEVIN SIMES CASES FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS** <br><br> Judge: Honorable Charles R. Breyer <br> Date: March 28, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 6 – 17th Floor |

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1

CASE NO. 3:23-MD-03084-CRB        LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1   *Jane Doe LS 66 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05414-CRB

2
3   *Jane Doe LS 317 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05424-CRB

4   *Jane Doe LS 234 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05433-CRB

5
6   *Jane Doe LS 191 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05573-CRB

7   *Jane Doe LS 273 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05946-CRB

8
9   *Jane Doe LS 470 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05207-CRB

10  *Jane Doe LS 232 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05327-CRB

11  *Jane Doe LS 373 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05328-CRB
12
13  *Jane Doe LS 462 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05329-CRB

14  *Jane Doe LS 226 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05330-CRB
15
16  *Jane Doe LS 166 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05331-CRB

17  *Jane Doe LS 122 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05332-CRB
18
19  *Jane Doe LS 202 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05333-CRB

20  *Jane Doe LS 416 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05335-CRB
21
22  *Jane Doe LS 305 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05338-CRB

23  *Jane Doe LS 201 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05354-CRB
24
25  *Jane Doe LS 189 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05379-CRB

26  *Jane Doe LS 272 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05390-CRB
27
28  *Jane Doe LS 199 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05402-CRB

2

CASE NO. 3:23-MD-03084-CRB          LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
                                    TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone  •  415.426.3001 fax

1   *Jane Doe LS 279 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05420-CRB

2
    *Jane Doe LS 139 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05527-CRB
3

4   *Jane Doe LS 487 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05611-CRB

5   *Jane Doe LS 141 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05634-CRB

6
    *Jane Doe LS 423 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05676-CRB
7

8   *Jane Doe LS 491 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05678-CRB

9
    *Jane Doe LS 441 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05751-CRB
10

11  *Jane Doe LS 518 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05761-CRB

12
    *Jane Doe LS 319 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05800-CRB
13

14  *Jane Doe LS 484 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05824-CRB

15
    *John Doe LS 4 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05861-CRB
16

17  *Jane Doe LS 368 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05898-CRB

18
    *Jane Doe LS 274 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05902-CRB
19

20  *Jane Doe LS 359 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05908-CRB

21
    *Jane Doe LS 342 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05913-CRB
22

23  *Jane Doe LS 304 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05914-CRB

24
    *Jane Doe LS 369 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05915-CRB
25

26  *Jane Doe LS 269 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05922-CRB

27
    *Jane Doe LS 93 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05925-CRB
28

3

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1   *Jane Doe LS 7 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05926-CRB

2   *Jane Doe LS 504 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05928-CRB

3

4   *Jane Doe LS 180 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05936-CRB

5   *Jane Doe LS 119 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05937-CRB

6

7   *Jane Doe LS 197 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06003-CRB

8   *Jane Doe LS 314 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06016-CRB

9

10  *Jane Doe LS 188 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06022-CRB

11  *Jane Doe LS 230 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06026-CRB

12

13  *Jane Doe LS 209 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06033-CRB

14  *Jane Doe LS 532 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06927-CRB

15

16  *Jane Doe LS 534 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-07142-CRB

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

**TABLE OF CONTENTS**

Table of Authorities ................................................................... **Error! Bookmark not defined.**

I.    INTRODUCTION...................................................................................................... 2

II.   PROCEDURAL HISTORY ...................................................................................... 4

III.  ARGUMENT ............................................................................................................ 5

    A.    The First and Second Malone Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice. ............................................................... 6

    B.    The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice ........................................................................ 7

    C.    The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice. ...................................... 8

    D.    The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice. ................................................................. 8

IV.  CONCLUSION ...................................................................................................... 10

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1

## I.    **INTRODUCTION**

2      Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact

3   Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case.

4   The clients are not unwilling, our firm has been unsuccessful in obtaining current contact

5   information in order to reach them to obtain the information and authorizations required by the

6   Plaintiff Fact Sheet. Since these cases were filed years ago and have been continuously stayed, it

7   has been difficult to reach clients with the contact information that was originally provided to our

8   firm. Nevertheless, our firm is, and has been, employing all of the resources available to us outside

9   of the original contact information in an effort to obtain the necessary information. These efforts

10  have been successful as there has been a fifty percent reduction in the number of cases subject to

11  this motion. Unfortunately, we have not been able to reach everyone yet, but we continue to reduce

12  the scope of the problem. For these reasons, and for the reasons set forth below, Uber's motion to

13  dismiss should be denied in favor of less drastic remedies, as also outlined by Plaintiffs below.

14      First, Uber's motion fails to consider the progress that has been made on this issue. Since

15  this issue was raised in late November 2024, Levin Simes has been able to cure fifty percent of the

16  fact sheet deficiencies, and we expect we will continue to cure them. (Levin Dec., at ¶ 3.) In the vast

17  majority of cases, these Plaintiffs were assaulted, retained our firm, and filed their case several years

18  ago. We have been engaged to represent these women, were provided with basic information about

19  their cases and initial contact information but have been unable to reach the clients, despite our best

20  efforts. These efforts include numerous phone calls, emails, texts, written letters, and address

21  searches. (Levin Dec., at ¶ 4.) We also employed investigators to trace new contact information for

22  these individuals. (Levin Dec., at ¶ 4.) Simply put, while we have made every effort to reach these

23  Plaintiffs to complete a Plaintiff Fact Sheet, we have not received any indication that these clients

24  are actually aware that they have failed to comply with the Court's orders. What we do know is that

25  our process of reestablishing contact with clients has been effective, and it is clear that these

26  Plaintiffs are resurfacing over time and through the different contact methods we are using.

27      Second, Uber's motion unreasonably prejudices the Plaintiffs who were subject to the

28  August 26, 2024 filing cut-off. The circumstances regarding these Plaintiffs involvement in the

2

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1   JCCP and subsequent entry into the MDL, created particular issues for this subset of Plaintiffs and

2   counsel.  These cases were originally filed in the JCCP several years ago and subject to a stay in the

3   JCCP. Uber brought its *forum non conveniens* motion, which was granted. The cases were then

4   subject further stay and not required to provide Plaintiff Fact Sheet in the JCCP while the *forum non*

5   *convienens* order was appealed to the Ninth Circuit. During this stay, the JCCP bellwethers were

6   selected, and all other case specific discovery was stayed. Then, the Ninth Circuit affirmed the *forum*

7   *non conveniens* order. After which, this Court implemented a filing cut-off of August 26, 2024 for

8   all cases subject to the JCCP *forum non conveniens* order, despite the fact that the vast majority of

9   these cases would not be time-barred under California law.

10         In order to comply with the Court's cut-off, Levin Simes filed over 237 cases in a short

11   period of time in order to preserve each client's ability to join the MDL. Because of the short

12   turnaround for filing, this was done without being able to contact each affected client to discuss how

13   being a participant MDL differs from the JCCP, including completion of the Plaintiff Fact Sheet.

14   As a result, cases that would not have ordinarily been filed without consistent communication with

15   the clients were filed into the MDL. Notably, the Court, as recently as February 28, 2025, has not

16   set a similar cut-off date for other unfiled cases that are not time-barred. Consequently, these

17   legitimate claims are at risk of dismissal with prejudice on the sole basis of their counsel's inability

18   to reach them. This is unreasonable given length of time since the filing of their claim, the multiple

19   stays in place, and the filing deadline that only these Plaintiffs were subject to.

20         Third, Uber's motion ignores the current procedural posture and direction of the litigation.

21   Uber also fails to specifically address how the failure of these Plaintiffs to submit a Plaintiff Fact

22   Sheet at this point in the litigation actually causes harm. Currently, the bellwethers have already

23   been selected, and none of the Levin Simes cases have been selected as a bellwether. The current

24   case management deadlines will be focused on the bellwether cases and the corporate discovery.

25         Furthermore, for each of these Plaintiffs, Uber is not operating in the dark. Indeed, Uber and

26   Plaintiffs' counsel are on a level playing field. Levin Simes has already disclosed the following

27   information pertinent to the case, where possible, to Uber prior to the filing of Uber's motion: city

28   of incident, date of incident, pick up location and drop off location, account identifying information,

3

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1  whether the client reported the assault to Uber, the date the client reported the assault to Uber,

2  whether the client reported the assault to the police, the date the client reported the assault to the

3  police, whether the client sought medical treatment after the assault, and whether the client sought

4  therapy. This information helps to mitigate any prejudice Uber faces.

5  Therefore, Plaintiffs respectfully request that the Court deny Uber's motion and that the

6  Court implement less drastic remedies that are available. These remedies include additional time for

7  our firm to obtain current contact information for each Plaintiff and to complete the fact sheet,

8  dismissal without prejudice, and/or remand or severance of these claims from the MDL. These

9  remedies balance the needs of the litigation and the rights of these Plaintiffs more appropriately.

## II.     PROCEDURAL HISTORY

11  These Plaintiffs originally filed their cases California State Court in the JCCP on a timely

12  basis. Thereafter, Uber brought a successful *forum non convienens* motion on the basis suitable and

13  superior alternative forum existed in either federal court or the state where the incident occurred.

14  After the Court of Appeals affirmed the FNC order, this Court set the August 26, 2024 filing cut-

15  off date for MDL participation by Plaintiffs who originally filed in the JCCP. In order to comply

16  with this Court's order and cutoff date, it was necessary to expedite the filing of a large number

17  cases in a short period of time. No claimants other than those who appealed the FNC motion were

18  required to bring their case by this deadline.  In other words, but/for the cut-off date, these cases

19  would have only been filed into the MDL after we were able to communicate with the Plaintiffs.

20  Now, Uber is threatening a dismissal with prejudice for these same Plaintiffs who could have filed

21  in either federal court or state court after August 26, 2024.

22  On November 20, 2024, Uber sent Levin Simes a letter which included the names of over

23  ninety-five Plaintiffs that had not yet provided a Plaintiff Fact Sheet. Given the large volume of

24  clients with Plaintiff Fact Sheets due, we tried to work with Uber to create a schedule for getting the

25  Plaintiff Fact Sheets to them. Indeed, upon agreeing to the deadlines, we specifically stated that we

26  can meet and confer about a subset of the clients who will need more time to complete their fact

27  sheet. Additionally, the parties agreed in the stipulation "the parties have agreed that these deadlines

28  may be subject to revision based on further discussion and agreement amongst the parties (or, in the

4

1    absence of agreement, via application to the Court) about why changed circumstances (e.g., a

2    significant additional volume of filings of cases by other law firms) may warrant further adjustment

3    to the deadlines." (Doc. 1819.) Additionally, on November 15, 2024, we informed Uber that there

4    are certain clients who would be unable to meet the November 15, 2024, deadline and need more

5    time and offered to provide partial Plaintiff Fact Sheets of these clients. Uber did not respond to this

6    offer.

7            At the filing of this brief, only fifty[1] Plaintiffs remain subject to this motion, which is less

8    than four percent of the total cases in the MDL. The fifty percent decrease in the number of Plaintiffs

9    subject to this motion is significant and demonstrates that the methods to re-establish contact with

10   each of these Plaintiffs are working. In our experience, it is likely that we will be able to reach many

11   of these clients. That said, since their cases are stayed, bellwethers have been selected, and Uber has

12   been provided with additional information regarding these Plaintiffs 'cases, Uber's proposed

13   process unreasonably punitive and should be denied by the Court in favor of less drastic remedies.

## III.    ARGUMENT

15           Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to

16   prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be

17   imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366

18   (9th Cir., 1996). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature

19   cannot be appropriately applied to every case of failure to comply with an order of the Court."

20   *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967).

21   Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order

22   "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v.*

23   *R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are

24   considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*,

25

26   [1] Uber identifies 57 Plaintiffs, however in the time between Uber's filing of its moving papers and
     the filing of this brief, Levin Simes produced three additional fact sheets. (Levin Dec., at ¶ 5.)

27   Further, two of the Plaintiffs subject to Uber's motion are currently incarcerated, and one Plaintiff
     is deceased. (Levin Dec., at ¶ 6.) It is our position that these cases pose issues that require a

28   separate meet and confer process.

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
                             TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal because of the posture of the litigation, the nature of the cases, and the unique positioning of these Plaintiffs.

A.    **The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.**

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id.* at 1453.

Here, since November 20, 2024, Levin Simes has already decreased the number of Plaintiffs subject to this motion by fifty percent. These fifty remaining Plaintiffs delayed submission of their Plaintiff Fact Sheet does not unreasonably impede the resolution of the litigation. These Plaintiffs constitute less than 4 percent of the total MDL. And bellwethers have already been selected. The production of these Plaintiff Fact Sheets will not have a substantial impact the timeline of the bellwether cases set for trial. Those trial deadlines will be driven by case specific discovery in the bellwether cases as well as the overall corporate discovery.

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    Also, the unique posture of these Plaintiffs also highlights that a dismissal with prejudice of

2  these their cases would be unreasonable at this juncture. Unlike the other unfiled cases that could be

3  filed into the MDL, these cases were subject to a filing deadline which subsequently triggered all

4  deadlines relating to the Plaintiff Fact Sheets. In effect, these legitimate claims, which often involve

5  young women who are mobile, and whose claims have been repeatedly stayed for several years, are

6  now at risk for dismissal with prejudice on the sole basis of counsel's current inability to reach them.

7  While Uber is entitled to Plaintiff Fact Sheets from these clients, noncompliance at this point does

8  not cause an unreasonable delay in the resolution of the MDL overall. *See contra In re Eisen*, 31

9  F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in

10  four years...the four-year delay in this case is clearly unreasonable.) Therefore, the first two factors

11  weigh against dismissal.

12  **B.    The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against
   **Dismissal with Prejudice**
13

14  "In determining whether a defendant has been prejudiced, we examine whether the plaintiff's

15  actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision

16  of the case*." Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987).

17    These Plaintiffs' actions do not impair Uber's ability to go to trial because the only further

18  case-specific discovery that will take place is in those cases set for bellwether trials. Uber's

19  reliance on *In re Phenylpropanolamine (PPA) Product Liability Litigation* (hereinafter "PPA") is

20  misplaced because the underlying facts of the claims and discovery process are inconsistent with

21  this case. 460 F. 3d 1217, 1223 (9th Cir., 2006). In *PPA*, the discovery timeline was triggered by

22  the submission of the Plaintiff Fact Sheet: Defendants could not take case-specific fact depositions

23  sooner than 120 days after the Plaintiff Fact Sheet was submitted, and the one-year discovery

24  period for completion of discovery would also not start until a Plaintiff Fact Sheet was submitted.

25  *Id*. at 1224. By contrast, here, the case specific discovery process is rooted in the bellwether cases

26  rather than each individual claim. The bellwethers have already been selected and the cases

27  remaining in the litigation are now stayed. Other than the fact sheet, Uber is barred from seeking

28  any additional discovery in these cases. Any concern regarding prejudice to Uber relating to the

7

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    bellwether selection deadline is now moot because the deadline has already passed. If there *were*

2    any harm, the remedy Uber seeks would not cure it.

3         While Uber may argue that without these fact sheets, it is unable to assess the entire litigation,

4    Plaintiffs have also mitigated this risk. Our firm provided pertinent case information for each

5    Plaintiff at the end of 2024, prior to Uber's filing of its  motion, while we continue to reach clients

6    and provide Plaintiff Fact Sheets as soon as we are able. As such, these cases pose no greater risk

7    to Uber than any unfiled case. Indeed, the prejudice to these sexual assault survivors, who were the

8    only ones subject to a filing cut-off, is far greater. Therefore, the third factors weighs against

9    dismissal.

10        **C.      The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on**

11                  **the Merits Weighs Against Dismissal with Prejudice.**

12        At a general level, the "public policy favoring disposition of cases on their merits"—the

13   fourth Malone factor—always weighs against a default judgment, and often "strongly" so."

14   *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez*

15   *v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not

16   promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's*

17   *Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As

18   such, this factor weighs against dismissal.

19        **D.      The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs**

20                  **Against Dismissal with Prejudice.**

21        "The district court abuses its discretion if it imposes a sanction of dismissal without first

22   considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833

23   F.2d at 131. "Our case law reveals that the following factors are of particular relevance in

24   determining whether a district court has considered alternatives to dismissal: (1) Did the court

25   explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions

26   would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the

27   malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of

28   dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and

8

1   processes in other multi-district litigations weigh against a dismissal with prejudice. "Before

2   dismissing an action, a court should always be certain that other less drastic alternatives are not

3   available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

4           With respect to the first factor, less drastic measures are available to the Court, including

5   additional time for counsel to get in contact with clients, dismissal without prejudice, remand of

6   the cases, or severance of the cases from the MDL. Each of these alternatives consider the

7   sensitivity of the claims and contemplate the unique circumstances surrounding these Plaintiffs'

8   involvement in the JCCP and subsequent entry into the MDL. These measures have not been

9   addressed by this Court. With respect to the second factor, no alternative methods of sanctioning

10  have been implemented. With respect to the third factor, there has been no warning by the Court

11  of the possibility of dismissal. Pretrial Order No, 10 does not contain any language regarding

12  dismissal. (Doc. 348.). Also, Magistrate Cisneros' December 19, 2024 Order also does not provide

13  an explicit warning as it states that this issue is to be decided by Your Honor. (Doc. 1995.)

14          This particular issue can be resolved by less drastic measures. Plaintiff's proposed

15  measures, discussed above, take a more holistic approach to the needs of litigation and the rights

16  of each Plaintiff to have to their day in court. Notably, Uber brought a similar request in the JCCP

17  before Judge Schulman. Judge Schulman denied the request because the cases were stayed, and

18  bellwethers were already selected. (Levin Dec., at ¶7.)

19      By contrast, Uber's proposed dismissal process is particularly punitive in light of the nature of

20  Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct by an Uber driver.

21  There are many reasons why these victims of sexual assault could be unresponsive after having their

22  case stayed for many years. These cases often involve young women who are mobile -- changes in

23  address name, phone number, etc. are all real human reasons why their initial contact information

24  is no longer valid. But, our methods of locating these Plaintiffs are working. This is evident from

25  the fifty percent reduction in Plaintiffs that are subject to the motion, which Uber wholly ignores.

26      Although, MDL Courts have ordered the dismissal of cases for failure to comply with a Plaintiff

27  Fact Sheet, the underlying facts and orders are distinguishable, and the process is less aggressive

28  than what Uber proposes here. For example, in *In re Gen. Motors LLC Ignition Switch Litig*., Pretrial

9

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone  •  415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    Order No. 25, which governed the bellwether and fact sheet process, set forth a clear process for

2    non-compliance that put all Parties on notice regarding the effect of non-compliance, and included

3    a longer process before dismissal. *See In Re: General Motors LLC Ignition Switch Litigation*, 14

4    MD-2543, Pretrial Order No. 25.

5        Similarly, Pretrial Order No. 6 in *In Re: Bextra and Celebex Marketing Sales Practices and*

6    *Product Liability Litigation*, MDL No. 1699, which governed the Plaintiff Fact Sheet Protocol, also

7    contained a clear process regarding fact sheet compliance, this included a clause that stated "notice

8    that claims may be dismissed." *See In re Bextra and Celbex*, MDL No. 1699, PTO No. 6, at ¶ 7. It

9    further had a 30-day notice period that was followed by a 21-day noticed compliance motion, and a

10   21-day dismissal motion, after which the Court could dismiss claims *with or without* prejudice. *Id*.

11       Additionally, Case Management Order No. 8 in *In re: Juul Labs Inc*., MDL No. 2913, which

12   governed fact sheet implementation also had a specific non-compliance process contained in the

13   order. That processes included a 30-day notice period, followed by a 14-day noticed motion for

14   dismissal without prejudice. The Defendant could only move the court for a dismissal with prejudice

15   30 days after the court's entry of order of the dismissal without prejudice. *Id*.

16       Here, despite the fact that there is no order by the Court to parties that non-compliance will result

17   in a dismissal with prejudice, Uber seeks to unilaterally enforce one by crafting the non-compliance

18   process which only allows a 14-day window before a Plaintiff is complete barred from recovery in

19   their sexual assault claim. This proposed solution does not comport with the needs of the litigation,

20   the actual effect of the delayed Plaintiff Fact Sheets, or the rights of the Plaintiffs. Therefore, the

21   final factor weighs against dismissal.

22   **IV.    CONCLUSION**

23       The Court should deny Uber's motion because less drastic measures are available to the

24   Court and should be implemented rather than a dismissal with prejudice. Plaintiffs respectfully

25   request sufficient time to get in contact with these Plaintiffs in order to provide a fact sheet.

26   Afterwards, Plaintiff's propose any Plaintiff subject to this motion who still has an outstanding

27   factsheet may be dismissed without prejudice, remanded, or severed from the MDL.

28

10

DATED:  March 4, 2025                    Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for Plaintiff*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone  •  415.426.3001 fax

11

CASE NO. 3:23-MD-03084-CRB        LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
                                  TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify that on March 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *William A. Levin*
William A. Levin

12

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS