[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF POLICY DOCUMENTS AND INSPECTION AND FOR SANCTIONS**<br><br>**FILED UNDER SEAL**<br><br>Judge: Honorable Lisa J. Cisneros<br>Date: TBD<br>Time: TBD<br>Courtroom: G – 15th Floor |

I, Roopal P. Luhana, declare and state as follows:

1.  I am an attorney and partner at Chaffin Luhana LLP, counsel for Plaintiffs and Court-appointed Co-Lead Counsel in this action. I am a member in good standing of the State Bars of New York, New Jersey, and Pennsylvania, and am admitted *pro hac vice* in this coordinated action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2.  I submit this Declaration in support of Plaintiffs' Motion to Compel Production of Policy Documents and Inspection and for Sanctions.

**Exhibits Attached**

3.  Attached as **Exhibit A** is a true and correct copy of a January 27, 2025 letter from Veronica Gromada to Plaintiffs' counsel. This document has been filed under seal.

1    4.   Attached as **Exhibit B** is a true and correct copy of a January 31, 2025 declaration
2  of William Anderson. This document has been filed under seal.
3    5.   Attached as **Exhibit C** is a true and correct copy of a document produced by Uber,
4  with Bates stamp beginning UBER_JCCP_MDL002274069. This document has been filed under
5  seal.
6    6.   Attached as **Exhibit D** is a true and correct copy of a document produced by Uber,
7  with Bates stamp beginning UBER_JCCP_MDL002273895. This document has been filed under
8  seal.
9    7.   Attached as **Exhibit E** is a true and correct copy of a document produced by Uber,
10  with Bates stamp beginning UBER_JCCP_MDL002563882. This document has been filed under
11  seal.
12    8.   Attached as **Exhibit E** is a true and correct copy of a document produced by Uber,
13  with Bates stamp beginning UBER_JCCP_MDL002267528. This document has been filed under
14  seal.
15  **Uber's Policy Productions**
16  ▮ ████████████████████████████████████████████
17  ████████████████████████████████████
18  ▮ ████████████████████████████████████████████
19  ████████████████████████████████████████████
20  ██████████
21    11.   ████████████████████████████████████████
22  ████████████████████████████████████████████
23  ████████████████
24    12.   At my direction, Plaintiff's counsel reviewed the metadata for Uber's January 10
25  and January 31, 2025 policies production.
26    13.   The metadata below includes the possible metadata fields that relate to links:
27    a.   Google Drive Production Linked DocIDs
28    b.   Google Drive Production Linked Documents

| | | |
|---|---|---|
|1| c. | Google Drive Production Links Non-Contemporaneous |
|2| d. | Google Drive Production Missing DocIDs |
|3| e. | Google Drive Production Source Documents |
|4| f. | LINKBEGBATES |
|5| g. | LINKGOOGLEDRIVEDOCUMENTIDS |
|6| h. | Linksourcebegbates |
|7| i. | LINKSOURCEBEGBATES |
|8| j. | MissingGoogleDriveAttachments |

[lines 9–24 redacted]

**Timeline of Plaintiffs' Pursuit of Complete Policy Production**

18. Since discovery started in this MDL and leading up to the Court's December 19 order, Plaintiffs expended significant time and resources pursuing adequate production of Uber policies. This timeline is illustrative:

- May 17, 2024 – Plaintiffs provide Uber a list of 329 policies contained in Google Drive, Knowledge Base, and uKnowledge for production. Plaintiffs inform Uber that the 329 policies are not the total universe of policies sought but are policies that have been previously identified in other litigations.

- June 4, 2024 – Plaintiffs follow up with Uber on producing Uber Policies.

- July 15, 2024 – Plaintiffs follow up with Uber on producing Uber Policies.

- July 17, 2024 – Meet and confer with Uber concerning Policies, Policy Indexes and Table of Contents.

- July 18, 2024 – The Court orders Uber to produce any index, list, table of contents, or some other comparable record, of Uber's policies. The Court orders Uber to produce all related Homepages that operationalize the Policies. To the extent these polices are on web-based interfaces, the Court orders Uber to produce these Policies in a form the Parties agree on.  All of these productions are to occur no later than July 26, 2024.

- July 22, 2024 – Plaintiffs follow up with Uber Counsel regarding production Uber Policies, Knowledge Base Homepages, and Policy Indexes.

- July 24, 2024 – Meet and confer with Uber regarding production of Uber Policies, Knowledge Base Homepages, and Policy Indexes.  Uber agrees to begin producing Policies including Knowledge Base Documents on August 2, 2024. The Parties agree the policies should be produced with Headers/Footers that identify the name of the policy, version of the policy, date of the policy and managers who sign off on the policy.

- July 26, 2024 – Uber produces six Knowledge Base Homepages / Indexes.

- August 2, 2024 – Plaintiffs request a meet and confer with Uber regarding production of Uber Policies and Knowledge Base Documents.

- August 5, 2024 – Plaintiffs identify 15 other unproduced Knowledge Base Homepages / Indexes referenced in the Homepages/Indexes produced by Uber on July 26, 2024. Plaintiffs stress that Uber has not produced *any* Homepages/Indexes concerning Riders, only those concerning Drivers.

- August 15, 2024 – Plaintiffs follow up with Uber Counsel concerning additional production of Knowledge Base Homepages, indexes and Documents.

- August 16, 2024 – Uber's counsel states that they are continuing work to supplement productions to meet their September 1, 2024 deadline.

- September 13, 2024 – Parties meet and confer concerning the Joint Discovery Letter regarding Production of Uber Policies and Knowledge Base Documents. Uber MDL Counsel and Uber In-House Counsel are present. In-House Counsel commits that additional rolling productions of Knowledge Base Documents and other Policies will occur. In-House Counsel requests that Plaintiffs provide a list of policies for production.

- October 9, 2024 – Plaintiffs identify 860 Uber Policies by name. The list cites the Homepage/Index/Directory that refer to the 860 Polices being requested.

- October 15, 2024 – Plaintiffs ask Uber if it intends to withhold any Policy from the October 9, 2024 list.

- October 15, 2024 – Uber informs Plaintiffs that it is collecting these policies for production.  Uber sends questions to PSC Counsel concerning the relevance of four Polices from the October 9 Policy List.

- October 15, 2024 – Plaintiffs follows up with additional information to Uber, informing Uber of the relevancy as to three of the four Policies in question.  Plaintiffs agree to remove one of the four policies in question based on relevance. Plaintiffs provide Uber a short extension and requests Uber produce all other Policies by October 18, 2024.

- December 16, 2024 – Plaintiffs raise production issues with non-custodial documents, including policies, with the Court in a Joint Discovery Status Conference Statement.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on March 5, 2025, in New York, New York.

*/s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*