# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Order Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] PRETRIAL ORDER NO. \_\_: APPOINTMENT OF HON. GAIL A. ANDLER (ret.) AS SETTLEMENT MASTER** |

With this Order, the Court provides notice of its intent to appoint **Hon. Gail A. Andler** (ret.) as Settlement Master. On the record at the February 3, 2025 status conference, the Court discussed the possibility of appointing a Settlement Master with Co-Lead Counsel for plaintiffs and the Uber defendants. The Court instructed the parties to meet and confer to discuss the appointment of such a master and to then submit a report to the Court. ECF 2141. The Court understands that the parties have agreed to the appointment of Judge Andler. Pursuant to Federal Rule of Civil Procedure 53, the Court will give any other parties an opportunity to respond to this suggestion of the appointment of Judge Andler. Any responses shall be filed on or before 12:00pm PT on March 14, 2025, and shall not exceed two pages. To the extent no such response is filed, the Court orders as follows, effective as of 12:00pm PT on March 14, 2025:

1. The Court appoints Hon. Gail A. Andler (ret.) to facilitate settlement discussions among all parties to this multi-district litigation as soon as is feasible.

2.   Judge Andler's authority is limited to facilitating settlement discussions. Ms. Andler will not adjudicate, or assist the Court with adjudicating, any issues in these consolidated proceedings.

3.   The Settlement Process

a.   As Settlement Master, Judge Andler has the authority to schedule at her discretion any settlement discussions; to decide who shall participate in the discussions, including what party representatives are needed; and to choose where and how the discussions are to occur. Negotiations on behalf of MDL plaintiffs shall proceed in a manner consistent with Pretrial Order No. 4. The Settlement Master shall promptly apprise the three Co-Lead Counsels of the fact of other settlement negotiations if, in her independent judgment, she determines that such settlement negotiations are likely to affect the Court's schedule.

b.   Judge Andler, all counsel and parties, and any other persons participating in settlement discussions shall treat as "confidential information" the contents of any written settlement statements or other settlement-related communications, anything that happened or was said, and any position taken or view expressed by any participant in connection with any settlement conference or discussion. "Confidential information" shall not be:

(i) Disclosed to anyone not involved in the litigation;

(ii) Disclosed to the Court; or

(iii) Used for any purpose, including impeachment, in any pending or future proceeding.

c.   To facilitate settlement discussions, Judge Andler may have *ex parte* communications with any party and party representative. If a party does not want Judge Andler to share any of the contents of an *ex parte* communication with another party, the sharing party shall make that desire clear to Judge Andler.  For the avoidance of doubt and notwithstanding this Order appointing a Settlement Special Master, any claimants or group of claimants may separately negotiate or mediate such claims with Uber without the involvement of the Settlement Special Master.  If any claimant or group of claimants enters into settlement negotiations of any such claims

1  with Uber and such negotiations are likely to affect the Court's schedule, the parties to such negotiations shall promptly apprise the three Co-Lead Counsels of the fact of such negotiations.

d. Notwithstanding paragraph 3(b)(ii) above, upon the agreement of all participating parties, Judge Andler may communicate "confidential information" to the Court without violating this Order or the rules governing confidentiality of settlement discussions. Judge Andler may otherwise communicate with the Court regarding non-confidential matters, including procedural issues, the nature of Judge Andler's activities, and periodic updates on the progress of settlement communications; but, as explained above, she shall not communicate any "confidential information" to the Court absent the parties' agreement.

4. Judge Andler also has the authority to resolve any disputes among law firms representing Plaintiffs in this MDL regarding submissions for common benefit fees and expenses, including any disputes regarding whether certain tasks, categories of costs, or level of fee requests are properly sought.

5. Plaintiffs and Defendants shall jointly compensate Judge Andler and any personnel working under her direction, at a rate Co-Lead Counsels, the Defendants, and Judge Andler determine, with the split of such fees to be determined based upon discussions with Judge Andler and the relevant parties. Judge Andler may incur necessary expenses and costs at reasonable amounts to permit her to fully facilitate settlement of these related actions, and Plaintiffs and Defendants shall jointly reimburse Judge Andler for such costs and expenses, with the split of such costs and expenses to be determined based upon discussions with Judge Andler and the relevant parties. Such costs and expenses may consist of, but are not limited to, the engagement of additional necessary personnel, including any outside experts.

The Court thanks Judge Andler in advance for her service to the parties and the Court.

**IT IS SO ORDERED.**

Dated:  March ____, 2025

CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE