IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> ALL CASES | Case No. 23-md-03084-CRB <br><br> **AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW** <br><br> Judge: Honorable Barbara S. Jones |

I, Tiffany R. Ellis, hereby declare as follows:

1.      I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2.      I submit this declaration in support of Plaintiffs' List of Disputed Entries for Special Master Review on March 5, 2025.

3.      Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Special Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434.  Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and legal argument for specific challenges Plaintiffs raised.

4.      The List of Disputed Entries for Special Master Review Plaintiffs provided on March 5, 2025 contained entries still in dispute for three (3) custodians, Mike Sullivan, Gus Fuldner, and Dennis Cinelli.

5.      The List of Disputed Entries for Special Master Review Plaintiffs provided on March 5, 2025 did not contain any entries for the three (3) custodians that overlapped with custodians of Chad Fogg, Cory Freivogel, Nairi Hourdajian, Kate Parker, David Richter, Megan Joyce, Jenny Luu, or Kayla Whaling. Those entries still in dispute were already submitted to the Special Master for review.

**Mike Sullivan**

6.      Defendants included approximately 1,133 entries for Mike Sullivan across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

7.      Plaintiffs originally challenged approximately 499 of these 1,133 entries.

8.      Plaintiffs later withdrew, prior to the re-review process subject to Master Order No. 2, approximately 30 challenges based on additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

9.      As of January 31, 2025[1], Defendants withdrew their claim of privilege to 98 entries in full and 18 entries in part.

10.     On February 26, 2025, Defendants provided Plaintiffs with a revised privilege log after they re-reviewed Mike Sullivan's entries in dispute.

11.     In total, Defendants withdrew their claim of privilege to 344 entries in full and 72 entries in part.

12.     Plaintiffs, on March 3, 2025, provided the Special Master and Defendants with a list of 186 entries still in dispute including 22 entries for Mike Sullivan following a review of updated or additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

13.     Parties met and conferred on March 5, 2025 and after the conferral, Plaintiffs provided the Special Master and Defendants with a list of 155 entries that remain in dispute, including 22 entries for Mike Sullivan.

**Gus Fuldner**

14.     Defendants included approximately 5,555 entries for Gus Fuldner across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

15.     Plaintiffs originally challenged approximately 2,843 of these 5,555 entries.

16.     Plaintiffs later withdrew, prior to the re-review process subject to Master Order No. 2, approximately 518 challenges based on additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

17.     As of January 31, 2025, Defendants withdrew their claim of privilege to 687 entries in full and 328 entries in part.

18.     On February 26, 2025, Defendants provided Plaintiffs with a revised privilege log after they re-reviewed Gus Fuldner's entries in dispute.

19.     In total, Defendants withdrew their claim of privilege to 1,509 entries in full and 649 entries in part.

---

[1] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

20.    Plaintiffs, on March 3, 2025, provided the Special Master and Defendants a list of 186 entries still in dispute including 162 entries for Gus Fuldner following a review of updated or additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

21.    The Parties met and conferred on March 5, 2025 and after the conferral, Plaintiffs provided the Special Master and Defendants a list of 155 entries that remain in dispute, including 127 entries for Gus Fuldner.

**Dennis Cinelli**

22.    Defendants included approximately 120 entries for Dennis Cinelli across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

23.    Plaintiffs originally challenged approximately 69 of these 120 entries.

24.    Plaintiffs later withdrew, prior to the re-review process subject to Master Order No. 2, approximately 8 challenges based on additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

25.    As of January 31, 2025, Defendants withdrew their claim of privilege to 32 entries in full and 4 entries in part.

26.    On February 26, 2025, Defendants provided Plaintiffs with a revised privilege log after they re-reviewed Dennis Cinelli's entries in dispute.

27.    In total, Defendants withdrew their claim of privilege to 47 entries in full and 15 entries in part.

28.    Plaintiffs, on March 3, 2025, provided the Special Master and Defendants with a list of 186 entries still in dispute including 3 entries for Dennis Cinelli following a review of updated or additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

29.    Parties met and conferred on March 5, 2025 and after the conferral, Plaintiffs provided the Special Master and Defendants with a list of 155 entries that remain in dispute, including 2 entries for Dennis Cinelli.

**Defendants' Footnote No .1**

30.     Plaintiffs wish to provide clarification regarding Defendants' footnote No. 1 included on their Brief in Support of Uber's Privilege Claims Challenged by Plaintiffs. *See* ECF No. 2433 at 6.

31.     Defendants claimed that Plaintiffs had 2,224 challenges pending on February 18, 2025 and then, on February 24, 2025, provided a list of 372 entries still in dispute. Defendants then stated "Plaintiffs withdrew approximately 84% of their challenges without Uber revising its log or otherwise providing additional information." This statement is wholeheartedly misleading.

32.     Plaintiffs' removal of challenges was, in large part, based on the provision of revised logs or additional information from Uber. Plaintiffs have only the information provided by Uber on which to base their challenges.  When new information is provided, Plaintiffs revise their challenges according to their understanding the entries as well as the law and the Court's orders.

33.     Defendants included approximately 14,881 entries for the first eight (8) custodians, Chad Fogg, Cory Freivogel, Nairi Hourdajian, Kate Parker, David Richter, Megan Joyce, Jenny Luu, or Kayla Whaling across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

34.     Plaintiffs originally challenged approximately 6,019 of these 14,881 entries.

35.     Plaintiffs later withdrew, prior to the re-review process subject to Master Order No. 2, approximately 738 challenges based on additional information provided, documents produced with redaction, or lessons learned from Judge Cisneros' privilege orders.

36.     In total, Defendants, since initially producing log entries for these custodians, have withdrew their claim of privilege to 3,381 entries in full and 1,928 entries in part.

37.     On the list of disputed entries submitted to the Special Master Plaintiffs did not include the thousands of entries for which Defendants withdrew their claim of privilege. Additionally, Plaintiffs removed their challenge to many of the 1,928 entries Defendants removed their privilege claim in part. Again, Plaintiffs did not include entries with now

unchallenged redactions on the list of entries still in dispute submitted to the Special Master. Defendants also better identified attorney, included more metadata, and improved document descriptions which led to additional entries that were left off the list submitted to the Special Master.

38.     Further, Defendants were ordered by this Court to apply "lessons learned: and apply directives from privilege orders on past and future privilege logs. *See* ECF No. 1908 at 16. Defendants were also ordered to re-review disputed entries based on custodians and produce revised privilege logs to defendants. *See* Master Order No. 2.

39.     Finally, Defendants' footnote statement "without Uber revising its log" was inaccurate as Uber produced numerous revised privilege logs to Plaintiffs, including:

    a.   A revised privilege log for Chad Fogg on February 3, 2025;

    b.   A revised privilege log for Cory Freivogel on February 4, 2025;

    c.   A revised privilege log for Nairi Hourdajian on February 5, 2025;

    d.   A revised privilege log for Kate Parker and David Richter on February 11, 2025;

    e.   A revised privilege log for Megan Joyce on February 14, 2025; and

    f.   A revised privilege log for Jenny Luu and Kayla Whaling on February 18, 2025.

**Defendants' Untimely Filings**

40. Master Order No. 2 II(6) required the Parties to submit briefs or affidavits in support of their position within five days, by 4 pm Pacific, after the list of Plaintiffs' challenges were provided to the Special Master. *See* ECF 2357. Plaintiffs provided the list of outstanding challenges for the first eight custodians on February 27, 2025 to the Special Master.

41. Plaintiffs provided the Special Master on March 3, 2025 an updated the list of disputed entries to remove challenges after having the opportunity to review newly produced documents with redactions.

42. Briefing should have been submitted on March 4, 2025 per Master Order No. 2.

43. Defendants filed additional Declarations after the deadline.

   a.  Declaration of Scott Binnings in Support of [2433] Brief, Supplemental
       Declaration of Scott Binnings filed by Uber Technologies, Inc., filed
       March 7, 2025. ECF 2449.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 10th day of March, 2025 in Detroit, Michigan.


                                    /s/ Tiffany R. Ellis
                                    Tiffany R. Ellis