# EXHIBIT B

| | |
|---|---|
| 1 | RANDALL S. LUSKEY (SBN: 240915) |
| 2 | rluskey@paulweiss.com |
| | **PAUL, WEISS, RIFKIND, WHARTON** |
| 3 | **& GARRISON LLP** |
| | 535 Mission Street, 24th Floor |
| 4 | San Francisco, CA 94105 |
| | Telephone: (628) 432-5100 |
| 5 | Facsimile: (628) 232-3101 |
| 6 | |
| | ROBERT ATKINS (*Pro Hac Vice* admitted) |
| 7 | ratkins@paulweiss.com |
| | CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted) |
| 8 | cgrusauskas@paulweiss.com |
| | ANDREA M. KELLER (*Pro Hac Vice* admitted) |
| 9 | akeller@paulweiss.com |
| | **PAUL, WEISS, RIFKIND, WHARTON** |
| 10 | **& GARRISON LLP** |
| | 1285 Avenue of the Americas |
| 11 | New York, NY 10019 |
| 12 | Telephone: (212) 373-3000 |
| | Facsimile: (212) 757-3990 |
| 13 | |
| 14 | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC.; |
| 15 | RASIER, LLC; and RASIER-CA, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF JENNIFER HANDLEY IN SUPPORT OF DEFENDANTS' MARCH 10, 2025 BRIEF PURSUANT TO SPECIAL MASTER ORDER NO. 2, § III(6)** |
| This Document Relates to: | |
| ALL ACTIONS | |

# DECLARATION OF JENNIFER HANDLEY

I, Jennifer Handley, having personal knowledge of the following state:

1. I am the Senior Legal Director, Global Safety, at Uber. I was first employed by Uber in December 2018 and have worked as in-house counsel for the past 6 years. My previous roles include Senior Counsel, Safety and Legal Director, Safety. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's March 10, 2025 brief pursuant to Special Master Order No. 2, § III(6) (ECF 2357). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document referenced in the privilege log as JCCP_MDL_PRIVLOG000984. It is a document that is marked "Attorney-Client Privileged and Confidential/Work Product Conducted at the Direction of Jen Handley." This document is a draft memorandum analyzing safety-related Key Performance Indicators ("KPIs") for 2018 and 2019. I requested that this information be compiled so that I and other in-house lawyers might provide legal counsel regarding Uber's development and uses of KPIs related to safety.

3. I am familiar with the document referenced in the privilege log as JCCP_MDL_PRIVLOG000995. It is a document that is marked "Attorney-Client Privileged and Confidential/Work Product Conducted at the Direction of Jen Handley." This document is a draft memorandum analyzing rates of certain safety-related incidents for 2017 Q4 and 2018. As part of my role as in-house counsel for Uber, I provide the company legal advice concerning safety issues, including Uber's safety KPIs. I requested that this information be compiled to assist in the provision of legal counsel for the development of our safety KPIs.

4. I am familiar with the document referenced in the privilege log as JCCP_MDL_PRIVLOG001123. It is a spreadsheet analyzing incident and healing data for JIRA tickets for the years 2016-2018 by categories. I provide the company legal advice concerning safety

1  issues, including on safety incident data. Several of the tabs are marked "Work Product" because they
2  were compiled at my request so that I might provide legal advice on the company's handling of certain
3  categories of reported incidents.

4      5.   I am familiar with the documents identified in the privilege log as
5  JCCP_MDL_PPRIVLOG019001 and JCCP_MDL_PRIVLOG019002. Both are redacted email
6  threads including an email from then-Software Engineer II Emad Khan, passing on a report of sexual
7  harassment by riders and issues with the Uber platform. In the redacted email dated December 5, 2019,
8  then-Senior Legal Program Manager Laura Alioto responds to Emad Khan regarding the investigation
9  into the driver's claims. Laura Alioto's response to Emad Khan describes legal advice that originated
10 from me and other members of Uber's in-house legal team on how such claims should be investigated
11 and handled.

12     6.   I am familiar with the document identified on Uber's privilege log as
13 JCCP_MDL_PRIVLOG043613. It is an internal memorandum outlining Uber's response strategy to
14 a proposed mandatory reporting ordinance. This document was drafted in anticipation of the litigation
15 that could occur as a result of the approval of the ordinance. The memorandum memorializes advice
16 that I and the members of the legal team, including colleagues from the Regulatory and Litigation
17 teams, provided regarding legal action that would be necessitated by implementation of the ordinance.

18    I declare under penalty of perjury that the foregoing is true and correct.
19 Executed in Portland, Oregon on March 10, 2025.

20           By: *Jennifer Handley*
21                Jennifer Handley