# EXHIBIT A

RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SCOTT BINNINGS IN SUPPORT OF DEFENDANTS' MARCH 10, 2025 BRIEF PURSUANT TO SPECIAL MASTER ORDER NO. 2, § III(6)** |

# DECLARATION OF SCOTT BINNINGS

I, Scott Binnings, having personal knowledge of the following state:

1. I am the Associate General Counsel, Safety and Core Services, at Uber. I was first employed by Uber in April 2015 and have worked as in-house legal counsel for the past 9 years. My previous positions included Senior Counsel, Regulatory; Senior Counsel, Safety; Legal Director, Safety; Senior Legal Director, Safety; and Senior Legal Director, Safety, Payments, and Risk. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's March 10, 2025 brief pursuant to Special Master Order No. 2, § III(6) (ECF 2357). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document identified in the privilege log as JCCP_MDL_PRIVLOG014326. It is a confidential internal document that was marked Attorney-Client Privileged. Then-Senior Counsel, Safety Legal, Megan Poonolly and non-attorney Uber employee, then-Senior Program Manager, Global Safety, Elisha McCann drafted this document and shared it with me for the purpose of seeking my legal advice concerning driver background check issues. Ms. Poonolly was an in-house attorney on my team who regularly provided legal advice on Uber's background check and screening practices. The matters for which they requested advice involve significant and nuanced legal issues in various jurisdictions. I provided my legal advice on these topics as requested, and the document reflects Ms. Poonolly's legal advice as well.

3. I am familiar with the document identified in the privilege log as JCCP_MDL_PPRIVLOG015747. It is a confidential document regarding data retention and deletion policies that is authored and owned by Uber's Legal team. This document contains legal advice that

I and other in-house attorneys provided concerning data retention and deletion matters. I sent this document to non-attorney Uber employees, then-Head of Core Services Analytics, Frank Chang, Senior Vice President, Core Services, Gus Fuldner, and Head of Safety, Roger Kaiser via email seeking to speak with them about an issue related to data retention and deletion that had been brought to my attention. That email is identified in the privilege log as JCCP_MDL_PRIVLOG015746. I sent this document to them for the purpose of facilitating my provision of legal advice on the matter.

4. I reviewed the email thread identified in the privilege log as JCCP_MDL_PPRIVLOG016138. I am familiar with the issues and individuals involved in this confidential email from working as in-house counsel at Uber at the time. The email was sent to then-Senior Counsel, Safety Legal, Megan Poonolly, an in-house attorney on my team, for the express purpose of seeking her legal advice regarding a driver background check software matter. The email specifically requests Ms. Poonolly for a "legal risk review." Ms. Poonolly and I were involved with and provided our legal advice on the matter identified in this email.

5. I reviewed the email thread identified in the privilege log as JCCP_MDL_PPRIVLOG018245. I am familiar with the issues and individuals in this email chain from working at Uber as in-house counsel at the time. Then-Global Claims Director Mark Warnquist sent the first email dated July 30, 2018 to in-house attorneys, then-Associate General Counsel, Head of Regulatory and Policy Law, Curtis Scott, and then-Head of Legal, Safety & Insurance, Kathleen Waitzman and to non-attorney Uber employee, then-Director of Insurance and Safety Analytics, Frank Chang. In that email, Mr. Warnquist provided information gathered at the direction of Mr. Scott and Ms. Waitzman concerning safety incident reports. Mr. Warnquist refers to the information collection as under counsel's direction. Mr. Chang responded to Mr. Warnquist email providing additional information to facilitate legal advice from attorneys Mr. Scott and Ms. Waitzman.

6. I am familiar with the document referenced in the privilege log as JCCP_MDL_PRIVLOG025519. It is a confidential and privileged document addressing various issues related to a program intended to reduce the risk of sexual assault and misconduct. As part of my role as in-house counsel for Uber, I provide the company legal advice concerning safety issues, including Uber's app safety features and the impact of those features. This confidential and privileged document was authored by then-Senior Data Scientist, Sunny Jeon, at my direction and in anticipation of litigation involving alleged claims of sexual assault and misconduct. I requested this documentation and assessment to facilitate my provision of legal advice concerning the Uber app's safety features and to help Uber reduce its legal risk in the anticipated litigation. The document contains legal advice from me and other in-house attorneys, including then-Counsel, Safety Legal Daniel Kolta and Chief Ethics and Compliance Officer, Scott Schools.

7. I am familiar with the document referenced in the privilege log as JCCP_MDL_PRIVLOG025515. It is a confidential and privileged PowerPoint presentation concerning various issues related to a program intended to reduce the risk of sexual assault and misconduct. I provide the company legal advice concerning safety issues, including Uber's app safety features and assessing the impact of those features. I requested then-Senior Data Scientist, Sunny Jeon, to conduct the assessment referenced in this presentation to facilitate my provision of legal advice concerning the Uber app's safety features and in anticipation of litigation involving alleged claims of sexual assault and misconduct. This Powerpoint presentation contains legal advice from me and other in-house attorneys, including then-Counsel, Safety Legal Daniel Kolta. This presentation facilitated my provision of legal advice concerning Uber's app safety features and ways to help Uber reduce its litigation risk.

I declare under penalty of perjury that the foregoing is true and correct.

1 | Executed in San Francisco, California on March 10, 2025.   By: _____

Scott Binnings