1 | RANDALL S. LUSKEY (SBN: 240915)
     rluskey@paulweiss.com
2 | **PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
3 | 535 Mission Street, 25th Floor
San Francisco, CA 94105
4 | Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
     ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
     jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
     cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
     akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe EB 22* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05245-CRB<br><br>*Jane Doe EB 19* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05217-CRB<br><br>*Jane Doe EB 10* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05197-CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF KYLE SMITH REGARDING SERVICE OF ORDER GRANTING MOTIONS TO WITHDRAW AS COUNSEL**<br><br>Judge:      Hon. Charles R. Beyer<br>Courtroom:  6 – 17th Floor |

*Nicole Naccarato* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05312-CRB

*K.B. v. Uber Technologies, Inc., et al.,* 3:24-CV-05719-CRB

*D.M.S.* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05606-CRB

*S.H. v. Uber Technologies, Inc., et al.,* 3:24-CV-07156-CRB

*B.S.* v. *Uber Technologies, Inc., et al.*, 3:24-CV-06948-CRB

*C.S.* v. *Uber Technologies, Inc., et al.*, 3:24-CV-06923-CRB

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-ii-

SMITH DECLARATION REGARDING SERVICE OF
ORDER GRANTING MOTIONS TO WITHDRAW

Case No. 3:23-md-03084-CRB

## DECLARATION OF KYLE SMITH

I, Kyle Smith, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Arlington, Virginia. I respectfully submit this declaration explaining how Uber served a copy of the Court's March 3, 2025 Order Granting Motions to Withdraw, ECF 2431, on Plaintiffs Jane Doe EB 22, Jane Doe EB 19, Jane Doe EB 10, Nicole Naccarato, K.B., D.M.S., S.H., B.S., and C.S. ("Plaintiffs").

2. I am a partner at the law firm of Paul, Weiss, Rifkind, Wharton & Garrison LLP, representing Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188. I am a member in good standing of the Bar of the District of Columbia Court of Appeals and the Bar of the State of New York, Appellate Division, Third Department. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. The Plaintiffs all previously provided Uber with discovery, including Ride Receipts or Ride Information Forms pursuant to Pretrial Order No. 5, and Plaintiff Fact Sheets pursuant to Pretrial Order No. 10. These discovery materials included both a physical mailing address and email address associated with Plaintiffs Jane Doe EB 19, S.H., B.S., and C.S., respectively. For Plaintiffs K.B., D.M.S., and Jane Doe EB 10 these discovery materials included a physical mailing address, but not an email address, associated with each Plaintiff. For Nicole Naccarato, these discovery materials included only an email address associated with the Plaintiff. For Jane Doe EB 22, these materials did not include either a physical mailing address or an email address associated with the Plaintiff.

4. On March 5, 2025, counsel for Uber emailed former counsel for each of the Plaintiffs identifying the physical mailing addresses and email addresses that Uber received during discovery associated with the relevant Plaintiffs. Counsel for Uber requested that Plaintiffs' former counsel inform Uber of any new or different physical mailing or email addresses for the Plaintiffs to which counsel for Uber should send the Court's Order.

5. On March 5, 2025, Estey & Bomberger, LLP ("Estey & Bomberger"), former counsel to Plaintiffs Jane Doe EB 22, Jane Doe EB 19, Jane Doe EB 10, and Nicole Naccarato, provided counsel for Uber with physical mailing addresses for Jane Doe EB 22 and Nicole Naccarato, and a different email address by which Plaintiff Jane Doe EB 10 could be contacted. Estey & Bomberger also provided counsel for Uber with an email address by which Plaintiff Jane Doe EB 22 could be contacted. Estey & Bomberger confirmed that Estey & Bomberger was not aware of any different physical mailing addresses or email addresses by which Plaintiff Jane Doe EB 19 could be contacted. Estey & Bomberger confirmed that Estey & Bomberger was not aware of any different physical mailing address by which Jane Doe EB 10 could be contacted or any different email address by which Nicole Naccarato could be contacted.

6. On March 5, 2025, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf"), former counsel to Plaintiffs K.B. and D.M.S., confirmed that Peiffer Wolf was not aware of any different physical mailing addresses or email addresses by which Plaintiffs K.B. and D.M.S. could be contacted.

7. On March 6, 2025, Pulaski Kherkher, PLLC ("Pulaski"), former counsel to Plaintiffs S.H., B.S., and C.S., confirmed that Pulaski was not aware of any different physical mailing addresses or email addresses by which Plaintiffs S.H., B.S., and C.S. could be contacted.

8. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff Jane Doe EB 22 with the letter attached to this declaration as **Exhibit A**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

9. Counsel for Uber served Plaintiff Jane Doe EB 22 with this letter via three different methods: (1) on March 8, 2025, producing the letter to Jane Doe EB 22's MDL Centrality profile[1], (2) on March 7, 2025, emailing the letter to the email address identified by Estey & Bomberger, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified by Estey & Bomberger.

---

[1] MDL Centrality was offline due to maintenance during the evening of March 7, 2025. Thus, though all the letters produced to Plaintiffs via MDL Centrality (and certified mail and email) are dated March 7, 2025, they were not uploaded and produced via MDL Centrality until March 8, 2025.

-2-

SMITH DECLARATION REGARDING SERVICE OF
ORDER GRANTING MOTIONS TO WITHDRAW                Case No. 3:23-md-03084-CRB

10. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff Jane Doe EB 19 with the letter attached to this declaration as **Exhibit B**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

11. Counsel for Uber served Plaintiff Jane Doe EB 19 with this letter via three different methods: (1) on March 8, 2025, producing the letter to Jane Doe EB 19's MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified in Jane Doe EB 19's Plaintiff Fact Sheet, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in Jane Doe EB 19's Plaintiff Fact Sheet.

12. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff Jane Doe EB 10 with the letter attached to this declaration as **Exhibit C**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

13. Counsel for Uber served Plaintiff Jane Doe EB 10 with this letter via three different methods: (1) on March 8, 2025, producing the letter to Jane Doe EB 10's MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified by Estey & Bomberger, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in Jane Doe EB 10's Plaintiff Fact Sheet.

14. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff Nicole Naccarato with the letter attached to this declaration as **Exhibit D**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

15. Counsel for Uber served Plaintiff Nicole Naccarato with this letter via three different methods: (1) on March 8, 2025, producing the letter to Nicole Naccarato's MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified in Nicole Naccarato's Plaintiff Fact Sheet, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified by Estey & Bomberger.

16. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff K.B. with the letter attached to this declaration as **Exhibit E**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

SMITH DECLARATION REGARDING SERVICE OF
ORDER GRANTING MOTIONS TO WITHDRAW                              Case No. 3:23-md-03084-CRB

17. Counsel for Uber served Plaintiff K.B. with this letter via two different methods: (1) on March 8, 2025, producing the letter to K.B.'s MDL Centrality profile, and (2) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in K.B.'s Plaintiff Fact Sheet. Though the heading of this letter states that it was produced to K.B. "via . . . email," K.B.'s email address was not identified in K.B.'s Plaintiff Fact Sheet, nor was it identified by Peiffer Wolf; thus, the letter was not emailed to K.B.

18. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff D.M.S. with the letter attached to this declaration as **Exhibit F**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

19. Counsel for Uber served Plaintiff D.M.S. with this letter via two different methods: (1) on March 8, 2025, producing the letter to D.M.S.'s MDL Centrality profile, and (2) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in D.M.S.'s Plaintiff Fact Sheet. Though the heading of this letter states that it was produced to D.M.S. "via . . . email," D.M.S.'s email address was not identified in D.M.S.'s Plaintiff Fact Sheet, nor was it identified by Peiffer Wolf, and thus the letter was not emailed to D.M.S.

20. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff S.H. with the letter attached to this declaration as **Exhibit G**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

21. Counsel for Uber served Plaintiff S.H. with this letter via three different methods: (1) on March 8, 2025, producing the letter to S.H.'s MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified in S.H.'s Plaintiff Fact Sheet, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in S.H.'s Plaintiff Fact Sheet.

22. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff B.S. with the letter attached to this declaration as **Exhibit H**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

23. Counsel for Uber served Plaintiff B.S. with this letter via three different methods: (1) on March 8, 2025, producing the letter to B.S.'s MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified in B.S.'s Plaintiff Fact Sheet, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in B.S.'s Plaintiff Fact Sheet.

24. On March 7, 2025, and March 8, 2025, counsel for Uber served Plaintiff C.S. with the letter attached to this declaration as **Exhibit I**. Exhibit 2 of that letter contains the Court's March 3, 2025 Order Granting Motions to Withdraw.

25. Counsel for Uber served Plaintiff C.S. with this letter via three different methods: (1) on March 8, 2025, producing the letter to C.S.'s MDL Centrality profile, (2) on March 7, 2025, emailing the letter to the email address identified in C.S.'s Plaintiff Fact Sheet, and (3) on March 7, 2025, depositing the letter for delivery via certified mail to the physical mailing address identified in C.S.'s Plaintiff Fact Sheet.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2025, in Washington, DC.

*/s/ Kyle Smith*
Kyle Smith