# EXHIBIT A

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK          LOS ANGELES
BEIJING           SAN FRANCISCO
BRUSSELS          TOKYO
HONG KONG         TORONTO
LONDON            WILMINGTON

March 7, 2025

**<u>VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL</u>**

Re:   <u>MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-CV-05245-CRB, MDLC
      ID 2010</u>

Dear Jane Doe,

    We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *Jane Doe
EB 22*  v. *Uber Technologies, Inc., et al.*, 3:24-CV-05245-CRB, MDLC ID 2010, which you
filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB
("the MDL").  On January 29, 2025, Estey & Bomberger, LLP moved to withdraw its
representation of you on the grounds that they have been unable to reach you since August 14,
2023 despite "numerous attempts to contact [you] via phone, email, and text."  *Jane Doe EB 22*,
No. 3:24-CV-05245-CRB, ECF 5 at 2 (Exhibit 1).  On March 3, 2025, the Court granted that
motion.  *Jane Doe EB 22*, No. 3:24-CV-05245-CRB, ECF 6 at 1 (Exhibit 2).  It is our
understanding that you have not found replacement counsel and are no longer represented by an
attorney.  If that understanding is incorrect, please provide this communication to your attorney,
and have your attorney contact us via the information provided above or below as soon as
possible.

    The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a
notice indicating whether they intend to pursue the action with new counsel or representing
themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without
prejudice."  Exhibit 2 at 1.  The Court also ordered Uber's counsel to "provide a copy of this
order to the plaintiff[]."  *Id.*  The Court's Order is attached to this correspondence as Exhibit 2.
Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with
new counsel or representing [yourself]" within 28 days of March 3, 2025, i.e. by Monday, March
31, 2025, or else "the Court will dismiss [your] case without prejudice."

    We ask that you please email us confirmation of your receipt of this letter, via email to
ksmith@paulweiss.com, lmurray@paulweiss.com, and ldugre@paulweiss.com, at your earliest
opportunity.  If you would like to discuss the letter's contents further, please let us know, and we
would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jane Doe EB 22                                                                          2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kyle Smith*

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

# EXHIBIT 1

1   Stephen J. Estey (SBN 163093)
2   R. Michael Bomberger (SBN 169866)
    Angela J. Nehmens (SBN 309433)
3   **ESTEY & BOMBERGER, LLP**
    2869 India Street
4   San Diego, CA 92103
    Tel: (619) 295-0035
5   Fax: (619) 295-0172
    Email: steve@estey-bomberger.com
6   Email: mike@estey-bomberger.com
    Email: angela@estey-bomberger.com
7
8   *Attorneys for Plaintiff*

9

10              **UNITED STATES DISTRICT COURT**

11             **NORTHERN DISTRICT OF CALIFORNIA**

12                **SAN FRANCISCO DIVISION**

13

14  IN RE: UBER TECHNOLOGIES, INC.,        MDL No. 3084 CRB
    PASSENGER SEXUAL ASSAULT
15  LITIGATION                             **NOTICE OF MOTION AND MOTION
                                           TO WITHDRAW AS COUNSEL FOR
16                                         PLAINTIFF JANE DOE EB 22**

17  _____        JURY TRIAL DEMANDED

18  This Document Relates to:              Judge: Hon. Charles R. Breyer
                                           Date: March 7, 2025
19  *JANE DOE EB 22 v. UBER TECHNOLOGIES,* Time: 10:00 a.m.
    *INC., et al.*                         Courtroom: 6 – 17th Floor; Videoconference
20  Case No. 3:24-cv-05245

21

22

23              **NOTICE OF MOTION & MOTION**

24          TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that

25  on Friday, March 7, 2025 at 10:00 a.m. by videoconference (accessible at

26  https://canduscourts.zoomgov.com/j/1611472837?pwd=cy81NUdINWZmeEpFUjlHRXM3djZ5Q

27  T09), before the Honorable Charles R. Breyer, in Courtroom 6 of this Court, located at 450 Golden

28  Gate Avenue, San Francisco, CA 94102, Estey & Bomberger LLP (E&B), counsel of record for

                                           1

Plaintiff Jane Doe EB 22 ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Angela J. Nehmens, filed herewith as Exhibit A. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), E&B submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff Jane Doe EB 22. E&B respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff Jane Doe EB 22 is currently represented by E&B. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:24-cv-05245 on August 16, 2024. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084, on August 16, 2024.

E&B has been unable to reach Plaintiff since August 14, 2023. *See* Ex. A, Declaration of Angela J. Nehmens ("Nehmens Decl.") at ¶ 2. E&B has made numerous attempts to contact Plaintiff via phone, email, and text. Nehmens Decl. ¶ 4(a)-(d). E&B repeatedly explained why Plaintiff's participation was necessary to prosecute this case. *Id.* Since June 6, 2024, E&B has also sent four letters via US Mail and email noting discovery deadlines, explaining the risk of dismissal, and explaining that E&B could not continue to represent Plaintiff without her input. Nehmens Decl. ¶ 4(b)-(d). During this time, E&B continued to meet and confer with opposing counsel, seeking extensions for discovery deadlines to protect Plaintiff's interests. Nehmens Decl. ¶ 5.

On October 29, 2024, E&B formally advised Plaintiff by email and Certified Mail that it would be unable to move forward with her case and that Uber would move to dismiss her case if her Plaintiff Fact Sheet (PFS) was unable to be completed Nehmens Decl. ¶ 4(c). E&B also advised

2

Uber of its intent to withdraw. Nehmens Decl. ¶ 7. To date, Plaintiff has not contacted E&B, has not agreed to or informed E&B of her desire to voluntarily dismiss her case, and has not informed E&B that alternate counsel has been retained. Nehmens Decl. ¶ 6. E&B thus remains counsel of record for Plaintiff but also remains unable to reach her.

## **ARGUMENT**

E&B should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a). Attorneys practicing before this Court are also required to adhere to the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1). Under those rules, a "lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules. Prof. Conduct 1.16(d)(1).

E&B has given Plaintiff appropriate advance notice of requirements to continue her case beginning on June 6, 2024 and culminating with final notice on December 13, 2024. Nehmens Decl. ¶ 4(b)-(d). E&B has also given advance notice to Uber. Nehmens Decl. ¶ 7. E&B has taken all steps possible to avoid prejudice to Plaintiff. Nehmens Decl. ¶ 8. In multiple letters, calls, emails, and texts, E&B explained the consequences of failing to contact the firm or to meet discovery deadlines. Nehmens Decl. ¶ 4. At no time has Plaintiff replied to our communications. Nehmens Decl. ¶ 6. E&B also continued negotiating discovery extensions with Uber for the past two months to protect Plaintiff's case from dismissal. Nehmens Decl. ¶ 5. E&B has thus taken all reasonable steps to avoid foreseeable prejudice to the Plaintiff. Nehmens Decl. ¶ 8.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has failed to communicate with E&B and failed to provide information required to prosecute her case. Nehmens Decl. ¶¶ 2-3. E&B has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. *See* Nehmens Decl. ¶ 3. Plaintiff's conduct thus falls into the express terms of Rule 1.16 regarding permissive withdrawal.

1    Because this motion is not accompanied by a substitution of counsel or an agreement by

2  Plaintiff to proceed pro se, E&B agrees to the condition imposed by Local Rule 11-5(b) to serve

3  Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel

4  appears on Plaintiff's behalf, or upon further order of the Court. *See* Nehmens Decl. ¶ 9.

5                                              **<u>CONCLUSION</u>**

6    E&B respectfully requests that the Court enter an order terminating its representation of

7  Plaintiff Jane Doe EB 22 and allowing Plaintiff 30 days to retain new counsel.

8

9

10  DATED:  January 29, 2025                Respectfully Submitted,

11                                          **ESTEY & BOMBERGER, LLP**

12                                          *<u>/s/ Angela J. Nehmens, Esq.</u>*
                                            Stephen J. Estey
13                                          Angela J. Nehmens

14                                          **Attorneys for Plaintiff**

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF JANE DOE EB 22

1

2

**CERTIFICATE OF SERVICE**

3

I hereby certify that on January 29, 2025, I electronically filed the above document with

4

the Clerk of the Court using the CM/ECF system, which will automatically send notification of

5

the filing to all counsel of record.

6

7

By: */s/Angela J. Nehmens*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

NOTICE OF MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF JANE DOE EB 22

# EXHIBIT 2

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____/<br><br>This Order Relates To:<br><br>*See Attachment* | MDL No. 3084<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2109, 2110, 2112, 2173, 2175, 2176, 2178, 2179, 2180 |

     The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

     Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

     **IT IS SO ORDERED.**

     Dated: March 3, 2025

                                            CHARLES R. BREYER
                                            United States District Judge

**ATTACHMENT**

This Order relates to:

      <u>S.H.  v. Uber, Inc.,</u>
      Case No. 3:24-cv-07156-CRB

      <u>B.S. v. Uber, Inc.,</u>
      Case No. 3:24-cv-06948-CRB

      <u>C.S. v. Uber, Inc.,</u>
      Case No. 3:24-cv-06923-CRB

      <u>Jane Doe EB 22 v. Uber, Inc.,</u>
      Case No. 3:24-cv-05245-CRB

      <u>Naccarato v. Uber, Inc.,</u>
      Case No. 3:24-cv-05312-CRB

      <u>Jane Doe EB 19 v. Uber, Inc.,</u>
      Case No. 3:24-cv-05217-CRB

      <u>Jane Doe EB 10 v. Uber, Inc.,</u>
      Case No. 3:24-cv-05197-CRB

      <u>K.B. v. Uber, Inc.,</u>
      Case No. 3:24-cv-05719-CRB

      <u>D.M.S. v. Uber, Inc.,</u>
      Case No. 3:24-cv-05606-CRB