EXHIBIT C

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK        LOS ANGELES
BEIJING         SAN FRANCISCO
BRUSSELS        TOKYO
HONG KONG       TORONTO
LONDON          WILMINGTON

March 7, 2025

**VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL**

Re:   MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-CV-05197-CRB, MDLC
      ID 1998

Dear Jane Doe,

     We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *Jane Doe EB 10* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05197-CRB, MDLC ID 1998, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On January 29, 2025, Estey & Bomberger, LLP moved to withdraw its representation of you on the grounds that "[i]rreconcilable differences have arisen" between you and them. *Jane Doe EB 10*, No. 3:24-CV-05197-CRB, ECF 5 at 2 (Exhibit 1). On March 3, 2025, the Court granted that motion. *Jane Doe EB 10*, No. 3:24-CV-05197-CRB, ECF 6 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

     The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of March 3, 2025, i.e. by Monday, March 31, 2025, or else "the Court will dismiss [your] case without prejudice."

     We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and ldugre@paulweiss.com, at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Jane Doe EB 10                                                                2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _/s/ Kyle Smith_

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

# EXHIBIT 1

Stephen J. Estey (SBN 163093)
R. Michael Bomberger (SBN 169866)
Angela J. Nehmens (SBN 309433)
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Fax: (619) 295-0172
Email: steve@estey-bomberger.com
Email: mike@estey-bomberger.com
Email: angela@estey-bomberger.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JANE DOE EB 10** |
| This Document Relates to: | JURY TRIAL DEMANDED |
| *JANE DOE EB 10 v. UBER TECHNOLOGIES, INC., et al.* Case No. 3:24-cv-05197 | Judge: Hon. Charles R. Breyer Date: March 7, 2025 Time: 10:00 a.m. Courtroom: 6 – 17th Floor; Videoconference |

## <u>NOTICE OF MOTION & MOTION</u>

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE

that on Friday, March 7, 2025 at 10:00 a.m. by videoconference (accessible at

https://canduscourts.zoomgov.com/j/1611472837?pwd=cy81NUdINWZmeEpFUjlHRXM3djZ5

QT09), before the Honorable Charles R. Breyer, in Courtroom 6 of this Court, located at 450

Golden Gate Avenue, San Francisco, CA 94102, Estey & Bomberger LLP (E&B), counsel of

1

record for Plaintiff Jane Doe EB 10 ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). The Notice of Motion & Motion are based on the below Memorandum in Support and the accompanying Declaration of Angela J. Nehmens, filed herewith as Exhibit A. A Proposed Order is attached as Exhibit B.

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), E&B submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff Jane Doe EB 10. E&B respectfully requests the Court grant the Motion.

## STATEMENT OF FACTS

Plaintiff Jane Doe EB 10 is currently represented by E&B for a rideshare assault claim against Defendants. *See* Nehmens Decl. at ¶ 2. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:24-cv-05197 on August 15, 2024. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084, on August 16, 2024. Irreconcilable differences have arisen between E&B and Plaintiff. Nehmens Decl. ¶3. After notifying Plaintiff in writing that E&B would seek withdrawal as her counsel, Plaintiff has not responded, has not informed E&B that she intends to voluntarily dismiss her claims, and has not informed E&B that she plans to or has retained alternative counsel. Nehmens Decl. ¶4.

## NO DELAY OR PREJUDICE WILL BE CAUSED BY RELIEVING COUNSEL

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." According to Local Civil Rule 11-5, "[c]ounsel may not withdraw from an action until relieved by order of Court after written notice has been given reasonably in advance to the client and to all other parties who have appeared in the case." The decision to grant or deny an

attorney's motion to withdraw as counsel is committed to the sound discretion of the trial court. *LaGrand v. Stewart,* 133 F.3d 1253, 1269 (9th Cir. 1988).

As detailed above, E&B and Plaintiff have irreconcilable differences concerning her claims which have rendered it unreasonably difficult for E&B to prosecute this case. *See Nehmens* Decl. at ¶¶3-4. Therefore, good cause exists for allowing E&B to withdraw as Attorneys of Record for the Plaintiff. Furthermore, no trial date has been set, giving Plaintiff ample time to find new counsel should she wish to proceed with her claims against Defendants. In addition to its written notice to Plaintiff Jane Doe EB 10, E&B has also previously informed Defendants in writing of its intent to withdraw as counsel for Plaintiff. As such, no delay or prejudice shall result from E&B being allowed to withdraw as Plaintiff Jane Doe EB 10's counsel. *See* Nehmens Decl. ¶¶5-9. Because Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal, and E&B has taken all reasonable steps to avoid foreseeable prejudice to Plaintiff, we respectfully request that this Honorable Court grant this Motion and allow E&B to withdraw as counsel of record for Plaintiff Jane Doe EB 10.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, E&B agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. *See* Nehmens Decl. ¶ 10.

## CONCLUSION

E&B respectfully requests that the Court enter an order terminating its representation of Plaintiff Jane Doe EB 10 and allowing Plaintiff 30 days to retain new counsel.


DATED: January 29, 2025                          Respectfully Submitted,

                                                 **ESTEY & BOMBERGER, LLP**

                                                 */s/ Angela J. Nehmens*
                                                 Stephen J. Estey
                                                 Angela J. Nehmens

                                                 **Attorneys for Plaintiff**

# CERTIFICATE OF SERVICE

I hereby certify that on January 29, 2025, I electronically filed the above document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Angela J. Nehmens*

4

NOTICE OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JANE DOE EB 10

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br><br>*See Attachment* | MDL No. 3084<br><br>**ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2109, 2110, 2112, 2173, 2175, 2176, 2178, 2179, 2180 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: March 3, 2025

_____
CHARLES R. BREYER
United States District Judge

**ATTACHMENT**

This Order relates to:

       <u>S.H.  v. Uber, Inc.</u>,
       Case No. 3:24-cv-07156-CRB

       <u>B.S. v. Uber, Inc.</u>,
       Case No. 3:24-cv-06948-CRB

       <u>C.S. v. Uber, Inc.</u>,
       Case No. 3:24-cv-06923-CRB

       <u>Jane Doe EB 22 v. Uber, Inc.</u>,
       Case No. 3:24-cv-05245-CRB

       <u>Naccarato v. Uber, Inc.</u>,
       Case No. 3:24-cv-05312-CRB

       <u>Jane Doe EB 19 v. Uber, Inc.</u>,
       Case No. 3:24-cv-05217-CRB

       <u>Jane Doe EB 10 v. Uber, Inc.</u>,
       Case No. 3:24-cv-05197-CRB

       <u>K.B. v. Uber, Inc.</u>,
       Case No. 3:24-cv-05719-CRB

       <u>D.M.S. v. Uber, Inc.</u>,
       Case No. 3:24-cv-05606-CRB