# EXHIBIT D

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2001 K STREET, NW
WASHINGTON, DC 20006-1047
TELEPHONE (202) 223-7300

DIRECT DIAL: (202) 223-7407
EMAIL: KSMITH@PAULWEISS.COM

NEW YORK    LOS ANGELES
BEIJING     SAN FRANCISCO
BRUSSELS    TOKYO
HONG KONG   TORONTO
LONDON      WILMINGTON

March 7, 2025

**<u>VIA MDL CENTRALITY, CERTIFIED MAIL, AND EMAIL</u>**

Re:   <u>MDL 3084 – Order re Withdrawal of Counsel in Case No. 3:24-CV-05312-CRB, MDLC
      ID 2021</u>

Dear Nicole Naccarato,

We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *Nicole Naccarato* v. *Uber Technologies, Inc., et al.*, 3:24-CV-05312-CRB, MDLC ID 2021, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL").  On January 29, 2025, Estey & Bomberger, LLP moved to withdraw its representation of you on the grounds that they have been unable to reach you since October 27, 2022 despite "numerous attempts to contact [you] via phone, email, and text."  *Nicole Naccarato*, No. 3:24-CV-05312-CRB, ECF 5 at 2 (Exhibit 1).  On March 3, 2025, the Court granted that motion.  *Nicole Naccarato*, No. 3:24-CV-05312-CRB, ECF 6 at 1 (Exhibit 2).  It is our understanding that you have not found replacement counsel and are no longer represented by an attorney.  If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

The Court's Order states that "Within 28 days of this order, [the] plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If [the] plaintiff does not file that notice, the Court will dismiss their case without prejudice."  Exhibit 2 at 1.  The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]."  *Id.*  The Court's Order is attached to this correspondence as Exhibit 2.  Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of March 3, 2025, i.e. by Monday, March 31, 2025, or else "the Court will dismiss [your] case without prejudice."

We ask that you please email us confirmation of your receipt of this letter, via email to ksmith@paulweiss.com, lmurray@paulweiss.com, and ldugre@paulweiss.com, at your earliest opportunity.  If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

Nicole Naccarato                                                                    2

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: _/s/ Kyle Smith_

Kyle Smith
2001 K Street, NW
Washington, DC 20006
(202) 223-7407
ksmith@paulweiss.com

# EXHIBIT 1

1  Stephen J. Estey (SBN 163093)
2  R. Michael Bomberger (SBN 169866)
   Angela J. Nehmens (SBN 309433)
3  **ESTEY & BOMBERGER, LLP**
   2869 India Street
4  San Diego, CA 92103
   Tel: (619) 295-0035
5  Fax: (619) 295-0172
   Email: steve@estey-bomberger.com
6  Email: mike@estey-bomberger.com
   Email: angela@estey-bomberger.com
7
8  *Attorneys for Plaintiff*
9

10              **UNITED STATES DISTRICT COURT**
11            **NORTHERN DISTRICT OF CALIFORNIA**
12                **SAN FRANCISCO DIVISION**
13

14  IN RE: UBER TECHNOLOGIES, INC.,      MDL No. 3084 CRB
    PASSENGER SEXUAL ASSAULT
15  LITIGATION                           **NOTICE OF MOTION AND MOTION
                                         TO WITHDRAW AS COUNSEL FOR
16                                       PLAINTIFF NICOLE NACCARATO**

17  _____     JURY TRIAL DEMANDED
18
    This Document Relates to:           Judge: Hon. Charles R. Breyer
19                                       Date: March 7, 2025
    *NICOLE NACCARATO v. UBER*           Time: 10:00 a.m.
20  *TECHNOLOGIES, INC., et al.*         Courtroom: 6 – 17ᵗʰ Floor; Videoconference
    Case No. 3:24-cv-05312
21
22
23                    **NOTICE OF MOTION & MOTION**
24          TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE
25  that on Friday, March 7, 2025 at 10:00 a.m. by videoconference (accessible at
26  https://canduscourts.zoomgov.com/j/1611472837?pwd=cy81NUdINWZmeEpFUjlHRXM3djZ5
27  QT09), before the Honorable Charles R. Breyer, in Courtroom 6 of this Court, located at 450
28  Golden Gate Avenue, San Francisco, CA 94102, Estey & Bomberger LLP (E&B), counsel of

                                         1

record for Plaintiff Naccarato ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Angela J. Nehmens, filed herewith as Exhibit A. A Proposed Order is attached as Exhibit B.

### **MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), E&B submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff Naccarato. E&B respectfully requests the Court grant the Motion.

### **STATEMENT OF FACTS**

Plaintiff Naccarato is currently represented by E&B. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:24-cv-05312 on August 16, 2024. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084, on August 19, 2024.

E&B has been unable to reach Plaintiff since October 27, 2022. *See* Ex. A, Declaration of Angela J. Nehmens ("Nehmens Decl.") at ¶ 2. E&B has made numerous attempts to contact Plaintiff via phone, email, and text. Nehmens Decl. ¶ 4(a)-(d). E&B repeatedly explained why Plaintiff's participation was necessary to prosecute this case. *Id.* Since October 27, 2022, E&B has also sent numerous additional letters via US Mail noting discovery deadlines, explaining the risk of dismissal, and explaining that E&B could not continue to represent Plaintiff without her input. Nehmens Decl. ¶ 4(b)-(d). During this time, E&B continued to meet and confer with opposing counsel, seeking extensions for discovery deadlines to protect Plaintiff's interests. Nehmens Decl. ¶ 5.

On October 29, 2024, E&B formally advised Plaintiff by email and Certified Mail that it would be unable to move forward with her case and that Uber would move to dismiss her case if her Plaintiff Fact Sheet (PFS) was unable to be completed Nehmens Decl. ¶ 4(c). E&B also advised

1  Uber of its intent to withdraw. Nehmens Decl. ¶ 7. To date, Plaintiff has not contacted E&B, has

2  not agreed to or informed E&B of her desire to voluntarily dismiss her case, and has not informed

3  E&B that alternate counsel has been retained. Nehmens Decl. ¶ 6. E&B thus remains counsel of

4  record for Plaintiff but also remains unable to reach her.

5  ## ARGUMENT

6       E&B should be permitted to withdraw as counsel for Plaintiff. An attorney may

7  withdraw from a case by obtaining an order from the court after reasonable advance written

8  notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a). Attorneys

9  practicing before this Court are also required to adhere to the California Rules of Professional

10  Conduct. Civ. L.R. 11-4(a)(1). Under those rules, a "lawyer shall not terminate a representation

11  until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights

12  of the client." Cal. Rules. Prof. Conduct 1.16(d)(1).

13       E&B has given Plaintiff appropriate advance notice of requirements to continue her case

14  beginning in late 2022 and culminating with final notice on October 29, 2024 and another attempt

15  to reach her by text message on November 19, 2024. Nehmens Decl. ¶ 4(b)-(d). E&B has also given

16  advance notice to Uber. Nehmens Decl. ¶ 7. E&B has taken all steps possible to avoid prejudice to

17  Plaintiff. Nehmens Decl. ¶ 8. In multiple letters, calls, emails, and texts, E&B explained the

18  consequences of failing to contact the firm or to meet discovery deadlines. Nehmens Decl. ¶ 4. At

19  no time has Plaintiff replied to our communications. Nehmens Decl. ¶ 6.  E&B also continued

20  negotiating discovery extensions with Uber for the past two months to protect Plaintiff's case from

21  dismissal. Nehmens Decl. ¶ 5. E&B has thus taken all reasonable steps to avoid foreseeable

22  prejudice to the Plaintiff. Nehmens Decl. ¶ 8.

23       Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a

24  case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation

25  effectively." Here, Plaintiff has failed to communicate with E&B and failed to

26  provide information required to prosecute her case. Nehmens Decl. ¶¶ 2-3. E&B has been unable

27  to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires

28  Plaintiff's input and verification. *See* Nehmens Decl. ¶ 3. Plaintiff's conduct thus falls into the

3

1    express terms of Rule 1.16 regarding permissive withdrawal.

2          Because this motion is not accompanied by a substitution of counsel or an agreement by

3    Plaintiff to proceed pro se, E&B agrees to the condition imposed by Local Rule 11-5(b) to serve

4    Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel

5    appears on Plaintiff's behalf, or upon further order of the Court. *See* Nehmens Decl. ¶ 9.

6                                        **<u>CONCLUSION</u>**

7          E&B respectfully requests that the Court enter an order terminating its representation of

8    Plaintiff Naccarato and allowing Plaintiff 30 days to retain new counsel.

9

10

11   DATED:  January 29, 2025                    Respectfully Submitted,

12                                               **ESTEY & BOMBERGER, LLP**

13                                               */s/ Angela J. Nehmens, Esq.*
                                                 Stephen J. Estey
14                                               Angela J. Nehmens

15                                               **Attorneys for Plaintiff**

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE NO. 3:23-MD-03084-CRB; 3:24-CV-05312        NOTICE OF MOTION TO WITHDRAW AS COUNSEL
                                                 FOR PLAINTIFF NACCARATO

1

2

**<u>CERTIFICATE OF SERVICE</u>**

3

I hereby certify that on January 29, 2025, I electronically filed the above document with

4

the Clerk of the Court using the CM/ECF system, which will automatically send notification of

the filing to all counsel of record.

5

6

By: */s/ Angela J. Nehmens*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5

NOTICE OF MOTION TO WITHDRAW AS COUNSEL
FOR PLAINTIFF NACCARATO

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/ | MDL No. 3084 |
| This Order Relates To:<br><br>*See Attachment* | **ORDER GRANTING MOTIONS TO WITHDRAW**<br><br>Re: Dkt. Nos. 2109, 2110, 2112, 2173, 2175, 2176, 2178, 2179, 2180 |

The above captioned motions to withdraw are granted. Within 28 days of this order, each plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If any plaintiff does not file that notice, the Court will dismiss their case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiffs and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: March 3, 2025

_____
CHARLES R. BREYER
United States District Judge

United States District Court
Northern District of California

**ATTACHMENT**

This Order relates to:

    <u>S.H.  v. Uber, Inc.</u>,
    Case No. 3:24-cv-07156-CRB

    <u>B.S. v. Uber, Inc.</u>,
    Case No. 3:24-cv-06948-CRB

    <u>C.S. v. Uber, Inc.</u>,
    Case No. 3:24-cv-06923-CRB

    <u>Jane Doe EB 22 v. Uber, Inc.</u>,
    Case No. 3:24-cv-05245-CRB

    <u>Naccarato v. Uber, Inc.</u>,
    Case No. 3:24-cv-05312-CRB

    <u>Jane Doe EB 19 v. Uber, Inc.</u>,
    Case No. 3:24-cv-05217-CRB

    <u>Jane Doe EB 10 v. Uber, Inc.</u>,
    Case No. 3:24-cv-05197-CRB

    <u>K.B. v. Uber, Inc.</u>,
    Case No. 3:24-cv-05719-CRB

    <u>D.M.S. v. Uber, Inc.</u>,
    Case No. 3:24-cv-05606-CRB