RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]**<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## DEFENDANTS' STATEMENT IN SUPPORT OF SEALING

## CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated March 5, 2025, ECF 2439 ("Plaintiffs' Motion(s)").

## I.     BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns four documents:

| Document | Description | Uber's Request | Designating Party |
|---|---|---|---|
| [Unredacted] Plaintiffs' Motion to Compel | Portion of briefing referring to documents and information designated confidential or highly confidential | Narrowed Redactions | Uber |
| [Unredacted] Declaration of Roopal P. Luhana | Portion of declaration referring to documents and information designated confidential or highly confidential | No Redactions | Uber |
| Exhibit A to Declaration of Roopal P. Luhana | 1/27/25 Letter from V. Gromada | Redacted Version Filed on Docket | Uber |
| Exhibit B to Declaration of Roopal P. Luhana | 1/31/25 Declaration of William Anderson | No Redactions | Uber |
| Exhibit C to Declaration of Roopal P. Luhana | Uber-produced document bates stamped UBER_JCCP_MDL002274069-77 | Maintained Under Seal | Uber |
| Exhibit D to Declaration of Roopal P. Luhana | Uber-produced document bates stamped UBER_JCCP_MDL002273895-907 | Maintained Under Seal | Uber |
| Exhibit E to Declaration of Roopal P. Luhana | Uber-produced document bates stamped UBER_JCCP_MDL002563882-93 | Maintained Under Seal | Uber |
| Exhibit F to Declaration of Roopal P. Luhana | Uber-produced document bates stamped UBER_JCCP_MDL002267525-28 | Maintained Under Seal | Uber |

The documents at issue were cited in, or filed with, a brief on the production of policy documents and filed under seal by Plaintiffs on March 5, 2025 (ECF 2438, 2439).

These documents consist of confidential, non-public, internal business documents detailing proprietary business policies and procedures and, for one document, non-public email addresses of Uber employees.  *See* Cummings Decl. ¶¶ 2-7.  Disclosure of these documents would harm Uber's competitive standing.  Uber therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3).

## II.    LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The documents here are related to briefing on the production of policy documents; they are not related to a dispositive motion.  *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020).  Therefore, the good cause standard applies.  Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves."  *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

Courts, including this Court, regularly seal confidential internal business policies under the good cause standard.  *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing Google policies and other documents related to

advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal policies and procedures for guest incidents"); *Willis v. Colgate Palmolive Co.*, 2023 WL 11915708, at *5 (C.D. Cal. Jan. 5, 2023) (sealing documents that referred to pricing, sales data, and internal policy information); *Tetrault v. Cap. Grp. Companies Glob.*, 2023 WL 11876965, at *1-*2 (C.D. Cal. July 14, 2023) (sealing ethics policies and employee handbooks); *Mendell v. Am. Med. Response, Inc.*, 2021 WL 778624, at *3 (S.D. Cal. Mar. 1, 2021) (sealing internal policies for call center, including scripts).  Sealing is justified based on the risk of competitive harm when public disclosure would  provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id.* at *2.

Good cause to seal also exists where the relevant documents are already protected from disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment."  *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc. v. Samsung Elec. Co., Ltd.*, 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good cause to seal . . . information from sealed court records from another case").

"Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").

## III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue were cited in, or filed with, a brief on the production of policy documents.  These documents consist of confidential, non-public, internal business documents

4

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2439]

Case No. 3:23-MD-3084-CRB

detailing proprietary business policies and procedures and, for one document, non-public email addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-7. Uber has a legitimate interest in sealing these documents in order to avoid harm to Uber's competitive standing. There are no less restrictive alternatives to sealing the documents. *See id.* ¶¶ 2-8.

**A. Failing to Seal the Documents Would Harm Uber**

**[Unredacted] Plaintiffs' Motion to Compel**

This document is Plaintiffs' Motion to Compel Production of Policy Documents and supporting brief, filed under seal on March 5, 2025 (ECF 2438, 2439).

Uber does not seek to maintain under seal the current redactions on page 1 and page 2 (through line 2) and page 3 (beginning with line 18) through page 4. Uber attaches a version of this document with narrowed redactions as Exhibit 1 to this filing.

The redactions which Uber seeks to maintain are found on page 2 (beginning with line 12) through page 3 (through line 17)—citing and pasting screenshots of Uber's confidential internal policy documents. The redacted portions provide details regarding four different internal Uber policy and procedure documents, including their names, details regarding their contents, and screenshots from the documents. The redacted portions include non-public, proprietary information, including, for example, details on how Uber employees can identify suspected fraud. Uber has expended significant resources developing its internal policies and procedures. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes. The information could also be used to manipulate Uber's reporting process or to evade detection of fraud. *See* Cummings Decl. ¶ 2. The redacted portions detailing Uber's internal policies and procedures should be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**Exhibit A: January 27, 2025 Letter from V. Gromada**

This document is an exhibit to the Declaration of Roopal P. Luhana in Support of Plaintiffs'

1   Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438,

2   2439).

3        Uber does not seek to maintain this document under seal in its entirety.  Instead, Uber requests

4   that a portion of footnote 1 on pages 4 and 5 be redacted and maintained under seal.  Uber attaches a

5   redacted version of this document as Exhibit 2 to this filing.

6        This document is a letter to Plaintiffs' counsel from Uber's counsel Veronica Gromada.  The

7   redacted portion of this letter cites to and quotes from the transcript from another case in which

8   Plaintiffs' counsel here, Bret Stanley, was opposing counsel, and in the JCCP.  Those transcripts are

9   subject to a protective order which prohibits their public disclosure.  The redacted portion also contains

10  questioning and testimony detailing Uber's process for making and communicating policy changes.

11  *See* Cummings Decl. ¶ 3.  *See In re Xyrem*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346,

12  at *1; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*,

13  2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3;

14  *Calhoun*, 2022 WL 1122843, at *2.

15  **Exhibit C: Document Bates-stamped UBER_JCCP_MDL002274069-77**

16       This document is an exhibit to the Declaration of Roopal P. Luhana in Support of Plaintiffs'

17  Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438,

18  2439).

19       This document is an internal guide document titled "[Global Safety] Taxonomy | Categories

20  and Definitions."  It was produced by Uber in this litigation, Bates stamped as

21  UBER_JCCP_MDL002274069-77, and designated as Confidential pursuant to the protective order in

22  this litigation.  The document provides guidance on the application of Uber's policies, namely its

23  Global Safety Taxonomy, on a range of issues, such as "vehicle crash or claim."  The guidance

24  explains how Uber's Taxonomy is applied in particular situations, such as how to categorize reports

25  of Uber Eats drivers suspected of stealing food.  While Uber has publicly disclosed a general overview

26  of its Global Safety Taxonomy in its U.S. Safety Reports, the information in this document is not

27  publicly available.  This policy guidance in this document is non-public, proprietary information.  Uber

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2439]
Case No. 3:23-MD-3084-CRB

1    has expended significant resources developing its internal policies and procedures and related

2    guidance documents, such as this document. Therefore, disclosure of this document risks harm to

3    Uber through its competitors utilizing the information and copying processes. The information in this

4    document could also be used to manipulate Uber's reporting process. *See* Cummings Decl. ¶ 4. This

5    document should be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g.*

6    *Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL

7    11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*,

8    2022 WL 1122843, at *2.

9    **Exhibit D: Document Bates-stamped UBER_JCCP_MDL002273895-907**

10    This document is an exhibit to the Declaration of Roopal P. Luhana in Support of Plaintiffs'

11    Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438,

12    2439).

13    This document is an internal guide document titled "[Global Safety] Potential Safety Concern."

14    It was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002273895-907, and

15    designated as Confidential pursuant to the protective order in this litigation. The document provides

16    guidance on the application of Uber's policies, namely its policies on handling reports of safety

17    concerns or potential safety concerns, such as suspected drug dealing or an unauthorized guest of a

18    driver in the vehicle. The document provides detailed guidance on how to classify various reported

19    factual scenarios. The document also provides numerous examples of qualifying and non-qualifying

20    examples of reports for each category of safety concern. This policy guidance in this document is not

21    publicly available and is proprietary information. Uber has expended significant resources developing

22    its internal policies and procedures and related guidance documents, such as this document. Therefore,

23    disclosure of this document risks harm to Uber through its competitors utilizing the information and

24    copying processes. The information in this document could also be used to manipulate Uber's

25    reporting process. *See* Cummings Decl. ¶ 5. This document should be maintained under seal. *See*

26    Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*,

27    2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2;

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2439]

1   *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

2       **Exhibit E: Document Bates-stamped UBER_JCCP_MDL002563882-93**

3       This document is an exhibit to the Declaration of Roopal P. Luhana in Support of Plaintiffs'

4   Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438,

5   2439).

6       This document is an internal guide document titled "[US&C] Safety Support Resources." It

7   was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002563882-93, and

8   designated as Confidential pursuant to the protective order in this litigation. The document provides

9   guidance on Uber's reporting futures and various features within its internal systems, tools, and

10  policies, within the broad categories of trip identification, account actions, communication, and

11  escalations. For example, the document provides detailed guidance on topics such as escalating

12  contacts from Tier 1 to Tier 2 agents and resolving duplicate reports. This policy guidance in this

13  document is not publicly available and is proprietary information. Uber has expended significant

14  resources developing its internal policies and procedures and related guidance documents, such as this

15  document. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing

16  the information and copying processes. The information in this document could also be used to

17  manipulate Uber's reporting process. *See* Cummings Decl. ¶ 6. This document should be maintained

18  under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528,

19  at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL

20  11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

21      **Exhibit F: Document Bates-stamped UBER_JCCP_MDL002267525-28**

22      This document is an exhibit to the Declaration of Roopal P. Luhana in Support of Plaintiffs'

23  Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438,

24  2439).

25      The metadata page of this exhibit contains numerous non-public email addresses of Uber

26  employees. While the entire document should be sealed, at a minimum, these email addresses should

27  be redacted. *Jones* 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2439]

This document is a draft policy document titled "US & Canada Quality Management Central Review Process." It was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002267525-28, and designated as Confidential pursuant to the protective order in this litigation. It contains the details of Uber's interpersonal conflict policy and how reports within the scope of this policy are handled, including reviews for deactivations of independent drivers. The information in this documents is confidential, non-public, and proprietary. Uber has expended significant resources developing its internal policies and procedures and related guidance documents, such as this document. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. *See* Cummings Decl. ¶ 7. This document should be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings Decl. ¶ 2-9. Uber has already substantially narrowed its request to seal from the material in Plaintiffs' Motion by narrowing the redactions in one document, not requesting to seal or redact two documents, and proposing a narrow redaction to one document rather than sealing it in full. Actions short of sealing the documents requested by Uber would not protect Uber's competitive standing and the legitimate privacy interests of Uber employees.

**IV.    CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DATED: March 11, 2025                          Respectfully submitted,

                                              **SHOOK HARDY & BACON L.L.P.**

                                              By: */s/ Veronica Gromada*
                                              VERONICA GROMADA

9

VERONICA GROMADA (*Pro Hac Vice*
admitted)
    vgromada@shb.com
**SHOOK, HARDY & BACON L.L.P.**
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

10

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2439]
Case No. 3:23-MD-3084-CRB