RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 2439]** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings, having personal knowledge of the following state:

1.    I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.  I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, ECF No. 2439, ("Uber's Statement").

2.    I have reviewed the unredacted version of Plaintiffs' Motion to Compel Production of Policy Documents and supporting brief, filed under seal on March 5, 2025 (ECF 2438, 2439).  The redactions which Uber seeks to maintain are found on page 2 (beginning with line 12) through page 3 (through line 17)—citing and pasting screenshots of Uber's confidential internal policy documents. The redacted portions provide details regarding four different internal Uber policy and procedure documents, including their names, details regarding their contents, and screenshots from the documents.   The redacted portions include non-public, proprietary information, including, for example, details on how Uber employees can identify suspected fraud.  Uber has expended significant resources developing its internal policies and procedures.  Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes. The information could also be used to manipulate Uber's reporting process or to evade detection of fraud. The redacted portions detailing Uber's internal policies and procedures should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal policies and procedures for guest incidents"); *Willis v. Colgate*

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

*Palmolive Co*., 2023 WL 11915708, at *5 (C.D. Cal. Jan. 5, 2023) (sealing documents that referred to pricing, sales data, and internal policy information); *Tetrault v. Cap. Grp. Companies Glob*., 2023 WL 11876965, at *1-*2 (C.D. Cal. July 14, 2023) (sealing ethics policies and employee handbooks); *Mendell v. Am. Med. Response, Inc*., 2021 WL 778624, at *3 (S.D. Cal. Mar. 1, 2021) (sealing internal policies for call center, including scripts); *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022).

3.      I have reviewed Exhibit A the Declaration of Roopal P. Luhana in Support of Plaintiffs' Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438, 2439).  This document is a letter to Plaintiffs' counsel from Uber's counsel Veronica Gromada.  Uber's proposed redaction to this letter is found in footnote 1 on pages 4 and 5 be redacted and maintained under seal.  The redacted portion of this letter cites to and quotes from the transcript from another case in which Plaintiffs' counsel here, Bret Stanley, was opposing counsel, and in the JCCP.  Those transcripts are subject to a protective order which prohibits their public disclosure.  The redacted portion also contains questioning and testimony detailing Uber's process for making and communicating policy changes.  *See In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc. v. Samsung Elec. Co., Ltd*., 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good cause to seal . . . information from sealed court records from another case"); *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

4.      I have reviewed Exhibit C to the Declaration of Roopal P. Luhana in Support of Plaintiffs' Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438, 2439).  This document is an internal guide document titled "[Global Safety] Taxonomy | Categories and Definitions."  It was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002274069-77, and designated as Confidential pursuant to the protective order in this litigation.  The document provides guidance on the application of Uber's policies, namely its

3

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

Global Safety Taxonomy, on a range of issues, such as "vehicle crash or claim." The guidance explains how Uber's Taxonomy is applied in particular situations, such as how to categorize reports of Uber Eats drivers suspected of stealing food. While Uber has publicly disclosed a general overview of its Global Safety Taxonomy in its U.S. Safety Reports, on information and belief, the information in this document is not publicly available and contains proprietary information. Uber has expended significant resources developing its internal policies and procedures and related guidance documents, such as this document. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. The information in this document could also be used to manipulate Uber's reporting process. This document should be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

5.      I have reviewed Exhibit D to the Declaration of Roopal P. Luhana in Support of Plaintiffs' Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438, 2439). This document is an internal guide document titled "[Global Safety] Potential Safety Concern." It was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002273895-907, and designated as Confidential pursuant to the protective order in this litigation. The document provides guidance on the application of Uber's policies, namely its policies on handling reports of safety concerns or potential safety concerns, such as suspected drug dealing or an unauthorized guest of a driver in the vehicle. The document provides detailed guidance on how to classify various reported factual scenarios. The document also provides numerous examples of qualifying and non-qualifying examples of reports for each category of safety concern. On information and belief, this policy guidance in this document is not publicly available and is proprietary information. Uber has expended significant resources developing its internal policies and procedures and related guidance documents, such as this document. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.

4

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

The information in this document could also be used to manipulate Uber's reporting process.  This document should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

      6.     I have reviewed Exhibit E to the Declaration of Roopal P. Luhana in Support of Plaintiffs' Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438, 2439).  This document is an internal guide document titled "[US&C] Safety Support Resources."  It was produced by Uber in this litigation, Bates stamped as UBER_JCCP_MDL002563882-93, and designated as Confidential pursuant to the protective order in this litigation.  The document provides guidance on Uber's reporting futures and various features within its internal systems, tools, and policies, within the broad categories of trip identification, account actions, communication, and escalations.  For example, the document provides detailed guidance on topics such as escalating contacts from Tier 1 to Tier 2 agents and resolving duplicate reports.  On information and belief, this policy guidance in this document is not publicly available and is proprietary information.  Uber has expended significant resources developing its internal policies and procedures and related guidance documents, such as this document.  Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. The information in this document could also be used to manipulate Uber's reporting process.  This document should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

      7.     I have reviewed Exhibit F to the Declaration of Roopal P. Luhana in Support of Plaintiffs' Motion to Compel Production of Policy Documents, filed under seal on March 5, 2025 (ECF 2438, 2439).  The metadata page of this exhibit contains numerous non-public email addresses

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

1  of Uber employees. "Courts in this circuit routinely seal email addresses and other personal

2  identifying information under the compelling reasons standard due to the potential privacy harm to the

3  individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197,

4  at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D.

5  Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as

6  employee email addresses"). This document is a draft policy document titled "US & Canada Quality

7  Management Central Review Process." It was produced by Uber in this litigation, Bates stamped as

8  UBER_JCCP_MDL002267525-28, and designated as Confidential pursuant to the protective order in

9  this litigation. It contains the details of Uber's interpersonal conflict policy and how reports within

10  the scope of this policy are handled, including reviews for deactivations of independent drivers. On

11  information and belief, the information in this documents is confidential, non-public, and proprietary.

12  Uber has expended significant resources developing its internal policies and procedures and related

13  guidance documents, such as this document. Therefore, disclosure of this document risks harm to

14  Uber through its competitors utilizing the information and copying processes. This document should

15  be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020

16  WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*,

17  2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

18       8.    The disclosure of the above-described documents could harm Uber's competitive

19  standing and legitimate privacy interests. Uber has expended significant resources developing its

20  internal policies and procedures and related guidance documents, and disclosure of these documents

21  risks harm to Uber through its competitors utilizing the information and copying processes, and poses

22  other risks, such as information being used to manipulate Uber's reporting process. No less restrictive

23  alternative to sealing these documents would protect Uber's competitive standing and legitimate

24  privacy interests of Uber employees as Uber has already substantially narrowed its request to seal from

25  the material in Plaintiffs' Motion.

26

27

28

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF
PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS
SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB

1        I declare under penalty of perjury that the foregoing is true and correct.

2

3    Executed on March 11, 2025.           By: */s/ Daniel Cummings*

4                               Daniel Cummings

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2439]

Case No. 3:23-MD-3084-CRB