# EXHIBIT 2

**FILED UNDER SEAL**

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



January 27, 2025

Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

**BY ELECTRONIC MAIL**

Sarah R. London
Lieff Cabraser Heimann & Bernstein
275 Battery Street, Fl. 29
San Francisco, CA 94111
Slondon@lchb.com

Rachel B. Abrams
Peiffer Wolf Carr Kane Conway & Wise, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Rabrams@peifferwolf.com

Roopal P. Luhana, Esq.
Chaffin Luhana LLP
600 Third Avenue, F. 12
New York, NY 10016
Luhana@chaffinluhana.com

**Co-Lead Counsel for Plaintiffs**

**Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation,* January 24, 2025 Order (ECF 2138)**

Counsel,

We write to you per the Court's January 24, 2025 Order (ECF 2138), to (1) "explain[] the criteria Defendants used to determine whether to produce documents "hyperlinked from the policy-related documents Uber has produced," and (2) to "explain[] how its policy documents have been organized and maintained during the relevant period." While the Court did not require Defendants to provide the latter information until the declaration Defendants will provide on January 31, we are providing a preview now so that Plaintiffs have the context necessary to understand the criteria by which Defendants identified related operational guidelines for the policies included in the 40 documents

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

identified by Plaintiffs for Defendants to produce by January 10. Therefore, we will begin with that information and will provide additional context, as needed.

### I. History of Storage and Organization of Document Policies and Operational Guidelines (Knowledge Bases) by Defendants During the Relevant Period in this MDL.

As Defendants' outside counsel have represented to Plaintiffs throughout the pendency of this litigation, and as Defendants' in-house counsel further told Plaintiffs directly on September 13, Defendants' policy and management employees utilize Google Drive and the related applications (e.g. Docs, Sheets, and Slides) in the ordinary course of business. This pattern extends to Defendants' policies, also referred to internally as "standards" or "guidelines" which are created, stored, organized, and revised within Google Drive. There is a current effort to integrate policies stored on Google Drive into a system called ServiceNow. ServiceNow will not house anything that is not available on Google Drive, and this effort is in its early stages.

To guide Defendants' employees, such as safety support agents, in application of these policies, Defendants create operational guidelines called Knowledge Bases or Support Logic. These Knowledge Bases are not policies, and Plaintiffs have long been aware of the distinction between policies and the Knowledge Bases operationalizing those policies. To the extent there was ambiguity, Defendants crystalized this distinction for Plaintiffs on July 26, 2024, when Defendants produced to Plaintiffs, per Court order "an index, list, table of contents, or some other comparable record, to the extent such records exist, of Uber's policies" as well as "related homepages that <u>operationalize</u> those policies." (ECF 706 at 2, emph. added). Defendants' July 26 transmittal communication distinguished the policy and Knowledge Base documents produced as follows:

- A list of Uber's policies generated for conferral purposes, including Global Standards, Standards, Global Policies, Global Guidelines, and US & Canada Business Standards, with identifying MDL Bates numbers UBER-MDL3084-000367953 to UBER-MDL3084-000367959.

- For conferral purposes, printouts of "homepages" from Uber's Knowledge Base system, with identifying MDL Bates numbers UBER-MDL3084-000367960 to UBER-MDL3084-000368155.

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

Additionally, the operational procedures implementing those policies, Knowledge Bases, have been stored and organized in three locations over time:

- Prior to 2019: the "TeamDot" intranet;
- 2019 to August 2024: Salesforce; and,
- August 2024 to present: "uKnowledge," built on the KMS Lighthouse platform.

Policies and Knowledge Bases are updated from time to time, but not on a fixed cadence. Relevant to this litigation, many policies and Knowledge Bases were created, refined, or updated in concert with the development and refinement of the Taxonomy from 2017-2019.

## II. Identification of Operational Guidelines Related to the Policies Included in Plaintiffs' 40 document requests for Defendants to Produce by January 10.

On December 24, 2024, Judge Cisneros ordered Plaintiffs to "provide no more than forty policies of particular importance to the case." ECF 1996 at 2. Defendants were ordered to produce "all versions of those policies and any related operational guidelines." Id. The Court did not order Defendants to produce all links in those policies.

Yet despite the above-referenced July 26 production transmittal, subsequent communications, and even deposition testimony, as well as Plaintiffs' body of knowledge from their work on prior matters reproduced under subpoena in this litigation,[1] Plaintiffs deliberately requested documents beyond the policies

---

[1] Plaintiffs claimed in the December 16, 2024, Joint Status Report, "Uber recently differentiated 'policies' from 'Knowledge Base' documents for the first time…"ECF 1957 at 4, Fn *3. Yet Uber has drawn this distinction throughout this and prior litigation, including in a conferral email sent just four days before that JSR was filed. In fact, MDL Plaintiffs define Knowledge Bases (KBs) themselves at least as early as June 6, 2024 in ECF 588 at 8 ("The knowledge base system is designed to provide Uber Support Staff with Policies and instructional articles that assist Uber Support Staff in managing all Driver and/or Rider issues"). Plaintiffs' counsel, Bret Stanley demonstrated his knowledge of the difference between KBs and policies at least as early as ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY



Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

contemplated by the Order, and instead requested 40 documents categorized as follows:

- **7 policies of particular importance to Plaintiffs,** sourced from the list of policies Defendants generated for conferral purposes and produced to Plaintiffs on July 26, 2024, identified by Plaintiffs as "BGC," "BGC & Document Expiry," "Blocked Pairing," "Community Guidelines Global Change Process," "Driver IPC Standard," "Global Safety Risk Assessment Guidelines" and "Rider IPC Standard"; and,

- **33 other documents, including:**
    - <u>27 Knowledge Bases</u> (previously referred to as "Support Logic") which are the operational guidelines for Defendants' policies;
    - <u>2 privileged documents</u>, which Plaintiffs apparently intend to challenge regardless of the description in Defendants' privilege log per the January 23, 2025 JSR, ECF 2115 at 3; and
    - <u>2 miscellaneous company documents</u> taken from links in an employee onboarding document that were neither Policies nor Knowledge Bases and previously identified to Plaintiffs as belonging to neither category: Past Women's Safety Strategies and Women Rider Preferred.

In the spirit of cooperation and compromise, instead of reading Plaintiffs' document requests narrowly and producing only the policies identified by Plaintiffs as "of particular importance" as contemplated by the Order, Defendants produced or logged for privilege all available versions of all documents requested by Plaintiffs. To be clear, Defendants' January 10 production was focused on the priorities and guidance set forth in the Court's Order.

> The Court has considered the parties' arguments regarding a prioritized set of policy related documents. Plaintiffs shall select no more than forty policies of particular importance to the case, and identify twenty of those policies to Uber no later than December 20, 2024 and the remaining twenty no later than December 23, 2024. Uber shall produce all versions of those policies and any related operational guidelines no later than January 10, 2025, along with a letter from counsel setting forth a timeline of operative versions of each policy, identified by Bates number. The Court expects the parties in the meantime to continue to meet and confer regarding other policies at issue, and Uber to complete production of other

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

relevant policy documents no later than January 31, 2025. (ECF 1996 at 2.)

As previously stated in our conferrals, Defendants' inquiry did not primarily consist of looking for links within the policies, as that would have been both overinclusive and underinclusive of "related operational guidelines" contemplated by the Order (ECF 1996). Policies may contain links to material that are not operational guidelines for application of the policies, including internal pointers to bookmarks within the policy, as well as policies or other documents related to non-Rideshare business units, and other irrelevant material. Moreover, related operational guidelines are often not presented via links embedded within the policies. Thus, Defendants identified related operational guidelines by subject matter. A list of the operational guidelines so identified, and produced on or before January 10, is attached.

Again the Court did not require Defendants to produce all related operational guidelines, knowing that was simply too burdensome a demand for the short time allotted. Therefore, the Court ordered the parties to prioritize production of documents related to the policies "of particular importance" to Plaintiffs by January 10, and provided an additional deadline of January 31 for Defendants to complete production. Additional Knowledge Bases, as Plaintiffs were repeatedly informed, will also follow on January 31, as outlined below, based on but not limited to Plaintiffs' broader request of 860 custodial and non-custodial documents that included Knowledge Bases and policies.

As Plaintiffs have noted in various conferrals, Knowledge Bases were usually produced in the past as screenshots, and Defendants have informed Plaintiffs acquiring such screenshots was a manual process. However, to facilitate this production of Knowledge Bases including all available previous versions in an automated manner, Defendants procured access to a third-party software tool to interface with the Salesforce archive, which has been preserved, so that Defendants could effectuate bulk pulls from Salesforce. This process was new as Defendants never before had been required to produce this volume of Knowledge Bases, let alone every historic version of those Knowledge Bases. Despite technical and process challenges, Uber prioritized the 40 document requests Plaintiffs identified as of particular importance to this case, and the policies as well as the Knowledge Bases which operationalize the policies requested by Plaintiffs were timely produced. Further, Defendants, as communicated to Plaintiffs during conferrals, and communicated to the Court in the most recent Joint Status Report as well as

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY



Veronica Gromada

JP Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002-2926
Phone: (713) 546-5683
Fax: (713) 227-9508
vgromada@shb.com

during the January 23, 2025 Discovery Status Conference, are on track to complete production of relevant Knowledge Bases and policies by January 31, 2025.

Very truly yours,

*Veronica Hayes Gromada*

Veronica Hayes Gromada

Case 3:23-md-03084-CRB     Document 2475-3     Filed 03/11/25     Page 8 of 8