RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this Administrative Motion to Seal Documents Filed in Support of Uber's brief, filed March 11, 2025, in opposition to Plaintiffs' Motion to Compel Policy Documents, dated March 5, 2025 (ECF 2438). Uber respectfully requests that the Court seal the following documents filed in support of that motion:

### I. BACKGROUND AND REQUESTED SEALING

| Document | Description |
| --- | --- |
| Exhibit 1 to Declaration of Veronica Gromada | Index of Policies and Knowledge Base Pages |
| Portions of Exhibit 2 to Declaration of Veronica Gromada | January 10, 2025 letter from Uber's counsel, Veronica Gromada |
| Portions of Exhibit 3 to Declaration of Veronica Gromada | January 25, 2025 letter from Uber's counsel, Veronica Gromada |
| Exhibit 4 to Declaration of William Anderson | Spreadsheet of Policies and Knowledge Base Pages |
| Exhibit 5 to Declaration of William Anderson | Spreadsheet of Policies and Knowledge Base Pages |

The documents at issue are filed in support of Uber's brief in opposition to Plaintiffs' Motion to Compel Policy Documents. These documents consist of confidential, non-public, internal business documents detailing proprietary business policies and procedures, indexes of policies, and operational guidelines. *See* Cummings Decl. ¶¶ 2-6. Disclosure of these documents would harm Uber's competitive standing. Uber therefore submits this requests that the Court seal the exhibits under Local Rule 79-5(b) and (c).

### II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

1  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."  Fed. R. Civ. P. 26(c).

The documents here are related to briefing on the production of policy documents; they are not related to a dispositive motion.  *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020).  Therefore, the good cause standard applies.  Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves."  *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

Courts, including this Court, regularly seal confidential internal business policies under the good cause standard.  *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal policies and procedures for guest incidents"); *Willis v. Colgate Palmolive Co.*, 2023 WL 11915708, at *5 (C.D. Cal. Jan. 5, 2023) (sealing documents that referred to pricing, sales data, and internal policy information); *Tetrault v. Cap. Grp. Companies Glob.*, 2023 WL 11876965, at *1-*2 (C.D. Cal. July 14, 2023) (sealing ethics policies and employee handbooks); *Mendell v. Am. Med. Response, Inc.*, 2021 WL 778624, at *3 (S.D. Cal. Mar. 1, 2021) (sealing internal policies for call center, including scripts).  Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities."  *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022).

Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id*. at *2.

Good cause to seal also exists where the relevant documents are already protected from disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc. v. Samsung Elec. Co., Ltd*., 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good cause to seal . . . information from sealed court records from another case").

### III.  UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue were filed with a brief on the production of policy documents. These documents consist of confidential, non-public, internal business documents detailing proprietary business policies and procedures. *See* Cummings Decl. ¶¶ 2-5. Uber has a legitimate interest in sealing these documents in order to avoid harm to Uber's competitive standing. There are no less restrictive alternatives to sealing the documents. *See id.* ¶¶ 2-6.

**A. Failing to Seal the Documents Would Harm Uber**

**Exhibit 1 to Declaration of Veronica Gromada**

This exhibit is an index of Global Standards, Standards, and Global Policies and an index of Internal Guides policy documents. These documents were sent to Plaintiffs on July 26, 2024 and were Bates-stamped as UBER-MDL3083-000367953-59 and UBER-MDL3083-000367960-92, and were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The information in the exhibit is non-public, proprietary information. Uber has expended significant resources developing its internal policies and procedures. The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies. Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. *See* Cummings Decl. ¶ 2. Uber submits this document as Exhibit C to this filing. This exhibit should be maintained under

seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**Portions of Exhibit 2 to Declaration of Veronica Gromada**

This document is a January 10, 2025 letter from Uber's counsel, Veronica Gromada, that accompanied Uber's production of policies, Knowledge Base operational guides, and other documents.  The letter also included an index timeline of operative versions of policy and Knowledge Base documents, which did not exist in the regular and ordinary course of business, but was created by Uber's counsel pursuant to a Court order.  The index provided dates of versions created over time for each document requested by Plaintiffs, as well as corresponding Bates numbers.  The letter also provided a list of the text of links in documents requested by Plaintiffs and the corresponding titles of the linked documents.  The letter noted that the above information is subject to the protective order in this litigation and designated these pages as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  This information in this document is non-public, proprietary information.  Uber has expended significant resources developing its internal policies and procedures.  The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies and when and how often it adopted and revised those documents.  Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies.  Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.  *See* Cummings Decl. ¶ 3.  Uber submits as Exhibit A to this filing an unredacted version of this letter which redacts a document production URL and the indexes discussed above.  The unredacted version of this document should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**Portions of Exhibit 3 to Declaration of Veronica Gromada**

This document is a January 27, 2025 letter from Uber's counsel, Veronica Gromada. The redacted portion of this letter cites to and quotes from the transcript from another case in which Plaintiffs' counsel here, Bret Stanley, was opposing counsel, and in the JCCP. Those transcripts are subject to a protective order which prohibits their public disclosure. The redacted portion also contains questioning and testimony detailing Uber's process for making and communicating policy changes. *See* Cummings Decl. ¶ 4. The letter also contains an index of operational guidelines, detailing how each Knowledge Base page is related to the policies requested by Plaintiffs and the Bates number at which each Knowledge Base was produced. The index provides detailed information and is 71 pages in length. The letter is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." The information in the index is non-public, proprietary information. Uber has expended significant resources developing its internal policies and procedures. The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies. Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. *See* Cummings Decl. ¶ 4. Uber submits as Exhibit B to this filing an unredacted version of this letter, with a portion of footnote 1 and the operational guidelines index redacted. The unredacted version of this document should be maintained under seal. *See In re Xyrem*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**Exhibits 4 and 5 to Declaration of William Anderson**

These documents are spreadsheets that identify Knowledge Base homepages by source or Bates number; homepage or index title; name of policy or document requested by Plaintiffs; and category of policy. The information in the index is non-public, proprietary information. Uber has expended significant resources developing its internal policies and procedures. The information

provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies. Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes. *See* Cummings Decl. ¶ 5. Uber submits this document as Exhibit D to this filing. This document should be maintained under seal. *See In re Xyrem*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1; *see also, e.g. Adtrader, Inc.*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2.

**B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings Decl. ¶ 2-6. Uber has narrowly tailored its requests to seal, redacting documents where appropriate. Actions short of sealing the documents requested by Uber would not protect Uber's competitive standing.

**IV.    CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DATED: March 11, 2025                                  Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Veronica Gromada*
    VERONICA GROMADA

    VERONICA GROMADA (*Pro Hac Vice* admitted)
    vgromada@shb.com
**SHOOK, HARDY & BACON L.L.P.**
600 Travis St., Suite 3400
Houston, TX 77002
Telephone: (713) 227-8008
Facsimile: (713) 227-9508

MICHAEL B. SHORTNACY (SBN: 277035)

mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
  oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

8
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF
DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS
Case No. 3:23-MD-3084-CRB