RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:       Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS

Case No. 3:23-MD-3084-CRB

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings, having personal knowledge of the following state:

1.      I am an attorney at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.  I respectfully submit this declaration in support of Uber's Administrative Motion to File Under Seal Documents Filed in Support of Defendants' Opposition to Motion to Compel Policy Documents.

2.      I have reviewed Exhibit 1 to Declaration of Veronica Gromada.  This exhibit is an index of Global Standards, Standards, and Global Policies and an index of Internal Guides policy documents.  These documents were sent to Plaintiffs on July 26, 2024 and were Bates-stamped as UBER-MDL3083-000367953-59 and UBER-MDL3083-000367960-92, and were designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  On information and belief, the information in the exhibit is non-public, proprietary information.  Uber has expended significant resources developing its internal policies and procedures.  The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies.  Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies.  Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.

3.      I have reviewed Exhibit 2 to the declaration of Veronica Gromada.  This document is a January 10, 2025 letter from Uber's counsel, Veronica Gromada, that accompanied Uber's production of policies, Knowledge Base operational guides, and other documents.  The letter also included an index timeline of operative versions of policy and Knowledge Base documents, which did not exist in the regular and ordinary course of business, but was created by Uber's counsel pursuant

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS

Case No. 3:23-MD-3084-CRB

to a Court order.  The index provided dates of versions created over time for each document requested by Plaintiffs, as well as corresponding Bates numbers.  The letter also provided a list of the text of links in documents requested by Plaintiffs and the corresponding titles of the linked documents.  The letter noted that the above information is subject to the protective order in this litigation and designated these pages as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  On information and belief, this information in this document is non-public, proprietary information.  Uber has expended significant resources developing its internal policies and procedures.  The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies and when and how often it adopted and revised those documents.  Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies.  Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.  The redacted version of this letter redacts a document production URL and the indexes discussed above.

4.      I have reviewed Exhibit 3 to the declaration of Veronica Gromada.  This document is a January 27, 2025 letter from Uber's counsel, Veronica Gromada.  The redacted portion of this letter cites to and quotes from the transcript from another case in which Plaintiffs' counsel here, Bret Stanley, was opposing counsel, and in the JCCP.  On information and belief, those transcripts are subject to a protective order which prohibits their public disclosure.  The redacted portion also contains questioning and testimony detailing Uber's process for making and communicating policy changes.  The letter also contains an index of operational guidelines, detailing how each Knowledge Base page is related to the policies requested by Plaintiffs and the Bates number at which each Knowledge Base was produced.  The index provides detailed information and is 71 pages in length.  The letter is designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."  On information and belief, the information in the index is non-public, proprietary information.  Uber has expended significant resources developing its internal policies and procedures.  The information provides detailed information about the specific matters on which Uber adopted policies and documents to

3

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS

Case No. 3:23-MD-3084-CRB

implement policies.  Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies.  Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.  The redacted version of this letter redacts a portion of footnote 1 and the operational guidelines index.

5.      I have reviewed Exhibits 4 and 5 to the declaration of William Anderson.  These documents are spreadsheets that identify Knowledge Base homepages by source or Bates number; homepage or index title; name of policy or document requested by Plaintiffs; and category of policy. On information and belief, the information in the index is non-public, proprietary information.  Uber has expended significant resources developing its internal policies and procedures.  The information provides detailed information about the specific matters on which Uber adopted policies and documents to implement policies.  Taken together this information provides extensive information about Uber's internal operations and policy strategies, even without disclosing the contents of policies. Therefore, disclosure of this document risks harm to Uber through its competitors utilizing the information and copying processes.

6.      The disclosure of the above-described documents could harm Uber's competitive standing and legitimate privacy interests.  Uber has expended significant resources developing its internal policies and procedures and related guidance documents, and disclosure of these documents risks harm to Uber through its competitors utilizing the information and copying processes.  No less restrictive alternative to sealing these documents would protect Uber's competitive standing and legitimate privacy interests of Uber employees as Uber has already narrowly tailored its request to seal, redacting documents where appropriate.


I declare under penalty of perjury that the foregoing is true and correct.

Executed on March 11, 2025.                          By: */s/ Daniel Cummings*

Daniel Cummings

4

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' OPPOSITION TO MOTION TO COMPEL POLICY DOCUMENTS

Case No. 3:23-MD-3084-CRB