# **EXHIBIT C**

RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF POLICY DOCUMENTS AND INSPECTION AND FOR SANCTIONS**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

# DECLARATION OF WILLIAM ANDERSON

I, William Anderson, declare as follows:

1. I am over 18 years of age and competent to make the statements in this declaration. This declaration is provided pursuant to and under the provisions of the Protective Order previously entered in this matter.

2. This declaration is submitted in support of Defendants' Opposition to Plaintiffs' Motion to Compel Policies.

3. I am a Manager, eDiscovery at Uber Technologies, Inc. ("Uber"). I have been employed at Uber since October 2015, and have held my current position since March 2024. At Uber I previously held the positions of Senior Discovery Analyst II, Senior eDiscovery Analyst, Executive Support Technician, and Computer Technician. Over the course of my employment at Uber, I have acquired personal knowledge of Uber's communication tools and data sources.

4. The contents of this declaration are true and correct to the best of my knowledge, information, and belief, and are based on my personal knowledge of Uber's discovery capabilities as they relate to Uber's communication tools and data sources and/or informed conversations with knowledgeable employees at Uber.

5. I have previously provided multiple declarations in this Litigation, including three that are relevant here. On April 12, 2024, I provided a declaration regarding Defendants' Proposed ESI Protocol. ECF No. 499-4. On January 30, 2025, I provided a declaration to illustrate for the Court, among other issues, the practical realities of extracting hyperlinks from documents, collecting those hyperlinked documents, and attempting to associate a hyperlinked document with the documents containing that hyperlink. ECF No. 2194-9. On January 31, 2025, I provided a declaration to Plaintiffs to explain how Uber has stored and organized its relevant policies and the Knowledge Bases operationalizing those policies during the relevant time period in this MDL, along with when they have been updated. Ex. B.

**Collection of 40 Documents Requested by Plaintiffs**

6. On December 20, Plaintiffs provided Uber 20 document requests. Ex 4. On December 23, Plaintiffs provided Uber 20 further document requests, for a total of 40 requested documents. Ex. 5. Correctly associating the Plaintiffs' requests, as described, with the actual policy documents was an iterative process of searching and requesting outside counsel to confirm with Plaintiffs that the correct documents were identified.

**Organization and Collection of Policies**

7. As I wrote in my January 31 Declaration, Uber creates, stores, and organizes safety and other related policies on the Google Drive platform. These policies are "owned" by an individual employee or team. Access to view, comment upon, or edit a policy may be limited, using the access standard controls within Google Drive. Ex. B, at ¶ 6. Uber is currently engaged in an effort to integrate those policies and standards into a different system, called ServiceNow. This effort is in its early stages, and the policies ServiceNow will house will consist of PDF printouts of company policies stored on Google Drive. ServiceNow will not house anything that is not available within Google Drive. Ex. B, at ¶ 7.

8. There is no practical way for Uber to make its Google Drive available for inspection, as Google Drive is a custodian-based system used by employees and teams across every line of business across the organization. Further, even if a "skeleton key" were available, there would be no guardrails to prevent access to private employee and customer data, communications of counsel, and commercially sensitive information about all of Uber's business units.

**Organization and Collection of Knowledge Bases**

9. As I wrote in my January 31 Declaration, Uber refers to operating procedures developed to implement safety and other related policies and standards as "Knowledge Bases." *Id.* at ¶ 9. These Knowledge Bases have been stored over time on Uber's "TeamDot" intranet prior to 2019; on Salesforce from 2019 until August 2024; and on "uKnowledge," a KMS Lighthouse platform, starting in August 2024. *Id.* at ¶¶ 9-13. "uKnowledge" is not a separate system from

3
DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 3:23-MD-3084-CRB

"Knowledge Base." As I explained in January, it is simply the current location that houses Knowledge Bases.

10. Almost all of the operational guidelines (Knowledge Bases) that were included in Plaintiffs' request for 40 documents on December 20 and December 23, 2024, as well as the Knowledge Bases produced on January 31, were collected from Salesforce, which is still maintained for archival purposes. In total, 28 of the 40 documents requested by Plaintiffs were collected from Salesforce, though some of those also had a version collected from uKnowledge. Two were collected from TeamDot archives. The available versions of the Knowledge Bases included in Plaintiffs' request for 40 documents were collected and produced, at the direction of counsel.

11. Salesforce does not have any built-in capability to collect these files in bulk. Collecting these documents from Salesforce required Uber to purchase a third-party software tool specifically for this litigation. This third-party plug-in tool was used to extract the Knowledge Base documents identified in Salesforce and informed, in part, by Plaintiffs' requests for the 40 documents discussed above. The tool does not have the ability to extract all of the links embedded in the documents produced. Instead, Uber would have to click on and review each link, many of which are navigational and/or lead to external systems.

12. There is no practical way to provide an outsider access to Knowledge Base systems. Knowledge Bases are organized in a decentralized manner, and access is given only to employees with role-based credentials and is limited to a subset of Knowledge Bases relevant to the scope of their employment. There are similar data security and proprietary concerns about access to these systems as there are about Google Drive.

**Identification, Collection, and Association of Documents Hyperlinked Within the 40 Documents Requested by Plaintiffs**

13. While there is no technology to identify hyperlinks in Google Drive and Salesforce documents with 100% accuracy, we have determined that there are at least 8,801 hyperlinks in the 572 documents collected pursuant to Plaintiffs' request for 40 documents. These hyperlinks include: over 2,300 hyperlinks to other Google Drive documents, over 4,100 hyperlinks to other documents

and information in Salesforce, as well as links to internal systems such as Jira and Bliss, links to email addresses, and a number of external links. Upon investigation, the hyperlinks embedded in these documents include Salesforce user profile pages and internal navigational links as well as other Knowledge Base documents.

14. In my January 30 Declaration, I explained that Google Drive documents hyperlinked in Google Drive documents cannot be automatically identified, collected, and associated with the documents containing hyperlinks. Google Vault does not have a feature to collect Drive documents hyperlinked within other Drive documents. ECF 2194-9, at ¶ 24. These links must be collected manually, on a hyperlink-by-hyperlink basis, and then manually associated with the original document containing the hyperlink as there is no existing metadata to provide this association. ECF No. 2194-9, at ¶ 25. As Uber's safety and related policies are Google Drive documents, this scenario applies to policies hyperlinked within the documents collected as part of Plaintiffs' 40 document requests.

15. In my January 30 Declaration, I also explained that searching for, collecting, and associating underlying hyperlinked documents to documents containing embedded hyperlinks to unrelated systems must be done manually, on a source-by-source, hyperlink-by-hyperlink basis, and that each data source or system presents its own unique challenges when it comes to manually identifying and collecting hyperlinked documents. There is no third-party system that would have access to every possible scenario of a hyperlinked document. ECF 2194-9, at ¶¶ 22-23. There is likewise no existing metadata to associate the underlying hyperlinked documents with the source document. This scenario applies to any hyperlinks to operational guidelines (Knowledge Bases) embedded in Uber's policies (Google Drive documents) or other operational guidelines (Knowledge Bases) as well as any internal links to other systems.

16. In my experience, and to the best of my knowledge, there is no discovery tool or application (neither within Uber's technology, nor within the commercial marketplace generally) that automatically identifies, collects, and associates underlying hyperlinked documents referenced by hyperlink within documents stored in Salesforce to the source documents stored in Salesforce or

1  various data sources or systems, at scale or otherwise. There is no existing metadata that can link the
2  hyperlinked documents with the document containing the hyperlink on an automated basis. All such
3  metadata must be manually created. This scenario applies to any hyperlinks within an operational
4  guidelines (Knowledge Bases) to Uber policies (Google Drive document), other Knowledge Bases,
5  and any hyperlinks to information stored on other internal systems.

6   17. In my January 30 Declaration, I also addressed the further hurdles added when
7  attempting to collect hyperlinks from systems outside of Google. ECF 2194-9, at ¶¶ 17-18, 26. This
8  analysis also applies to hyperlinks in the Knowledge Base documents, which were almost all
9  collected from Salesforce, or exported directly from uKnowledge.

Executed on March 11, 2025, at Denver, Colorado.

*William Anderson*

WILLIAM ANDERSON

6
DECLARATION OF WILLIAM ANDERSON IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL

Case No. 3:23-MD-3084-CRB