RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
    jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF THEIR MOTION TO DISMISS LEVIN SIMES CASES FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS** |
| This Document Relates to: | |
| *Jane Doe LS 293* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-04364-CRB | Judge:      Honorable Charles R. Breyer |
| *Jane Doe LS 231* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-04367-CRB | Date:       March 28, 2025 |
| | Time:       10:00 a.m. |
| *Jane Doe LS 144* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-04388-CRB | Courtroom:  6 – 17th Floor |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jane Doe LS 112* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05286-CRB

*Jane Doe LS 284* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05363-CRB

*Jane Doe LS 126* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05370-CRB

*Jane Doe LS 265* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05377-CRB

*Jane Doe LS 200* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05387-CRB

*Jane Doe LS 66* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05414-CRB

*Jane Doe LS 317* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05424-CRB

*Jane Doe LS 234* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05433-CRB

*Jane Doe LS 191* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05573-CRB

*Jane Doe LS 273* v. *Uber Technologies, Inc., et al.*, No. 3:23-cv-05946-CRB

*Jane Doe LS 470* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05207-CRB

*Jane Doe LS 232* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05327-CRB

*Jane Doe LS 373* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05328-CRB

*Jane Doe LS 462* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05329-CRB

*Jane Doe LS 226* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05330-CRB

*Jane Doe LS 166* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05331-CRB

*Jane Doe LS 122* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05332-CRB

*Jane Doe LS 202* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05333-CRB

*Jane Doe LS 416* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05335-CRB

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                      Case No. 3:23-md-03084-CRB

1

2

*Jane Doe LS 305* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05338-CRB

3

*Jane Doe LS 201* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05354-CRB

4

5

*Jane Doe LS 189* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05379-CRB

6

*Jane Doe LS 272* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05390-CRB

7

8

*Jane Doe LS 199* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05402-CRB

9

*Jane Doe LS 279* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05420-CRB

10

*Jane Doe LS 139* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05527-CRB

11

12

*Jane Doe LS 487* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05611-CRB

13

14

*Jane Doe LS 141* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05634-CRB

15

*Jane Doe LS 423* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05676-CRB

16

17

*Jane Doe LS 491* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05678-CRB

18

*Jane Doe LS 441* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05751-CRB

19

20

*Jane Doe LS 518* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05761-CRB

21

*Jane Doe LS 319* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05800-CRB

22

23

*Jane Doe LS 484* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05824-CRB

24

*Jane Doe LS 4* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05861-CRB

25

*Jane Doe LS 368* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05898-CRB

26

27

*Jane Doe LS 274* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05902-CRB

28

- iii -

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES

Case No. 3:23-md-03084-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Jane Doe LS 359* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05908-CRB

*Jane Doe LS 342* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05913-CRB

*Jane Doe LS 304* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05914-CRB

*Jane Doe LS 369* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05915-CRB

*Jane Doe LS 269* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05922-CRB

*Jane Doe LS 93* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05925-CRB

*Jane Doe LS 7* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05926-CRB

*Jane Doe LS 504* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05928-CRB

*Jane Doe LS 180* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05936-CRB

*Jane Doe LS 119* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-05937-CRB

*Jane Doe LS 197* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06003-CRB

*Jane Doe LS 314* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06016-CRB

*Jane Doe LS 188* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06022-CRB

*Jane Doe LS 230* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06026-CRB

*Jane Doe LS 209* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06033-CRB

*Jane Doe LS 532* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-06927-CRB

*Jane Doe LS 534* v. *Uber Technologies, Inc., et al.*, No. 3:24-cv-07142-CRB

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                    Case No. 3:23-md-03084-CRB

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                Case No. 3:23-md-03084-CRB

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .............................................................................................vii

INTRODUCTION ........................................................................................................ 1

ARGUMENT ............................................................................................................... 3

I.      MDL Courts Regularly Dismiss Cases with Prejudice Due to Failure to
        Provide Court-Ordered Discovery .......................................................................... 3

II.     Plaintiffs' Failure to Comply with Court Orders Has Caused Prejudice ............... 5

CONCLUSION ............................................................................................................. 6

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp.* v. *Thoeren*,
913 F.2d 1406 (9th Cir. 1990) ....................................................................................5

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
718 F.3d 236 (3d Cir. 2013)........................................................................................4

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*,
2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).......................................2, 6

*In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
2018 WL 1109553 (S.D.W. Va. Feb. 28, 2018) ..........................................................2

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) (per curiam)...................................................................4

*In re Fosamax Prods. Liab. Litig.*,
2010 WL 2465497 (S.D.N.Y. June 15, 2010) .............................................................2

*In re Gen. Motors LLC Ignition Switch Litig.*,
2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019)............................................................2

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
496 F.3d 863 (8th Cir. 2007) ...................................................................................2, 6

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
2015 WL 12844447 (D.S.C. June 19, 2015)................................................................2

*Malone* v. *U.S. Postal Service*,
833 F.2d 128 (9th Cir. 1987) ......................................................................................4

*In re Mirena IUD Prods. Liab. Litig.*,
2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) .........................................................3, 4

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
668 F. App'x 173 (7th Cir. 2016) .............................................................................3, 4

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*,
460 F.3d 1217 (9th Cir. 2006) ..............................................................................2, 3, 6

*In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*,
2015 WL 12746199 (D.N.J. Sept. 1, 2015) ................................................................2

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*,
223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618,
(S.D.N.Y. July 27, 2004) ............................................................................................4

- vii -

*In re Roundup Prods. Liab. Litig.*,
  No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858......................................2

*In re Taxotere (Docetaxel) Prods. Liab. Litig. (In re Taxotere)*,
  966 F.3d 351 (5th Cir. 2020) ........................................................................................2

*Virtual Vision, Inc.* v. *Praegitzer Indus., Inc.*,
  124 F.3d 1140 (9th Cir. 1997) ......................................................................................2

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  2011 WL 3438862 (D. Ariz. Aug. 5, 2011).................................................................4

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
  2022 WL 3309471 (E.D. Pa. Aug. 11, 2022) ...............................................................6

**Statutes**

28 U.S.C. § 1407(a) ....................................................................................................................3

**Other Authorities**

Federal Rule of Civil Procedure 16(f)(1)(C) ..........................................................................4

Federal Rule of Civil Procedure 37(b)(2)(A)(v)......................................................................4

Federal Rule of Civil Procedure 41(b)................................................................................4, 6

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Levin Simes LLP's (Levin Simes') Opposition repeats the same ill-conceived arguments that it already presented to Judge Cisneros, and that Judge Cisneros rejected. *Compare* Levin Simes Plaintiffs' Opp'n to Defs.' Mot. to Dismiss Levin Simes Cases for Failure to Comply with Disc. Orders at 2, ECF 2436 ("Opp'n") ("Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact Sheet, as if they were unwilling to comply with the Court's Orders."), *with* Joint Disc. Letter Br. Regarding Levin Simes Pls.' Overdue Fact Sheets at 4, ECF No. 1988 ("Uber wrongly presents this issue as one of refusal by the clients to fill out a fact sheet, as if they were unwilling to comply with the Court's Orders."). Plaintiffs' counsel's repetition of these long-ago-rejected arguments is unsurprising, as there is no dispute that each Plaintiff at issue in this motion has, in fact, blown the deadline under Pretrial Order No. 10 ("PTO 10") to provide a Plaintiff Fact Sheet ("PFS") **by several months**. *See* Decl. of Kyle Smith in Supp. of Defs.' Mot. to Dismiss Levin Simes Cases for Failure to Comply with Disc. Orders, Ex. A, ECF 2358-2 ("Smith Decl., Ex. A") (identifying Plaintiffs at issue and missed deadlines). Nor is any meaningful explanation offered for why these Plaintiffs failed to comply with Judge Cisneros's December 19, 2024 order compelling each Plaintiff at issue to provide a PFS by January 10, 2025. Order Regarding Untimely Plaintiff Fact Sheets from Levin Simes Clients (the "December 19, 2024 Order") at 2–3, ECF No. 1995. Even that extended deadline passed 60 days ago.

Instead, Plaintiffs' counsel from Levin Simes explains that the law firm "has been unsuccessful in obtaining current contact information in order to reach" Plaintiffs. Opp'n at 2. Levin Simes states that it has been unsuccessful despite "employing all of the resources available," including "numerous phone calls, emails, texts, written letters, and address searches" as well as employing "investigators to trace new contact information." *Id.* But those facts serve only to support the argument in this motion—that these Plaintiffs are no longer participating in the litigation process, and are thereby no longer willing to comply with the orders of the Court. And as Judge Cisneros recognized, "the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the

-1-

status of their cases.'"  December 19, 2024 Order at 2 (quoting *Virtual Vision, Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)).  Clearly, the Plaintiffs at issue in this motion failed to meet that requirement.

Ultimately, the principal facts are entirely undisputed: there are dozens of Plaintiffs at issue in this motion who have ignored the Court's multiple orders, failed to provide required discovery, and, by counsel's own admission, are not engaged with this litigation.  The question is the remedy for that situation. Uber has presented abundant case law establishing that the appropriate remedy is dismissal of the cases with prejudice, a well-established course of action in MDL litigation.[1] Levin Simes suggests a hodge-podge of proposed remedies—granting counsel "additional time for our firm to obtain current contact information for each Plaintiff and to complete the fact sheet, dismissal without prejudice, and/or remand or severance of these claims from the MDL," Opp'n at 2—but none have any merit.  Adoption of these proposals would send the clear message that any party has the option of choosing not to respect and comply with this Court's and Judge Cisneros's orders and there will be no real consequences for non-compliance.  Uber's proposed remedy—granting Plaintiffs one final chance (14 days from the Court's order) to provide the fact sheet and ordering dismissal with prejudice in the case of continued non-compliance—is more lenient than what has been imposed in many other cases and should be entered here.

---

[1] *E.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1232–34 (9th Cir. 2006) (affirming dismissal with prejudice for failure to submit required fact sheets); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal with prejudice for failure to submit required fact sheets); *In re Taxotere (Docetaxel) Prods. Liab. Litig. (In re Taxotere)*, 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007) (affirming dismissal with prejudice in cases where plaintiffs failed to submit timely fact sheets); *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (ordering dismissal with prejudice); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 1109553, at *2 (S.D.W. Va. Feb. 28, 2018) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 12844447, at *3 (D.S.C. June 19, 2015) (same); *In re Plavix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) (ordering dismissal with prejudice for failure to submit plaintiff profile form); *In re Fosamax Prods. Liab. Litig.*, 2010 WL 2465497, at *1 (S.D.N.Y. June 15, 2010) (same); Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858.

---

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                                    Case No. 3:23-md-03084-CRB

**ARGUMENT**

**I.    MDL Courts Regularly Dismiss Cases with Prejudice Due to Failure to Provide Court-Ordered Discovery**

To fulfill its purpose of promoting "the just and efficient conduct" of the more than 1,800 cases pending before it, 28 U.S.C. § 1407(a), the Court "must establish schedules with firm cutoff dates" for compliance, *In re PPA*, 460 F.3d at 1232; *see also In re Mirena IUD Prods. Liab. Litig.*, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015) ("In a complex and sprawling MDL such as this, this Court cannot administer the case efficiently and fairly if lawyers or parties disregard the deadlines and procedures that were negotiated, and agreed to, by both sides.").  PTO 10 sets clear deadlines for each Plaintiff to provide a complete and verified PFS.  PTO 10 at 5–6, ECF No. 348.  Those deadlines passed for each of the Plaintiffs at issue in this motion several months ago.  Smith Decl., Ex. A.  Judge Cisneros likewise ordered each Plaintiff to provide the overdue fact sheet by January 10, 2025.  December 19, 2024 Order at 2–3.  None of the 57 Plaintiffs at issue in this motion complied with that order, and 54 Plaintiffs remain noncompliant.[2]

As outlined in Uber's motion and above, several other MDL courts have elected to dismiss cases with prejudice when presented with plaintiffs' failure to provide court-ordered discovery.  Defs.' Mot. to Dismiss Levin Simes Cases for Failure to Comply with Disc. Orders at 2–3 & n.1, ECF 2358 ("Mot.") (collecting many cases, including *Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 173–75 (7th Cir. 2016) ("Strict adherence to case management orders is necessary to manage multidistrict litigation . . . and our sister circuits have affirmed dismissals with prejudice based on noncompliance with discovery deadlines.")).  Submission of Plaintiff Fact Sheets with deficiencies also frequently results in dismissal with prejudice.  *E.g., In*

---

[2] Three Plaintiffs have submitted verified fact sheets since the filing of this motion.  Those Plaintiffs are Jane Doe LS 232, No. 3:24-cv-05327, MDLC ID 2398; Jane Done LS 518, No. 3:24-cv-05761, MDLC ID 2317; and Jane Doe LS 532, No. 3:24-cv-06927, MDLC ID 2651.  Uber is not seeking dismissal with prejudice as to these Plaintiffs at this time.  Plaintiffs' Opposition also states that three unidentified Plaintiffs at issue in this motion are either incarcerated or deceased.  Opp'n at 5 n.2.  This information had not previously been shared with Uber.  The parties will meet and confer as to these three unidentified Plaintiffs, and, before the hearing date for this motion, Uber will submit a supplemental notice identifying the Plaintiffs who are still at issue in this dispute.

*re Mirena IUD Prods. Liab. Litig.*, 2015 WL 10433457, at *2 (dismissing with prejudice the cases of plaintiffs who failed to submit Plaintiff Fact Sheets containing all core criteria); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (dismissing with prejudice the cases of plaintiffs due to deficiencies in their Plaintiff Fact Sheet submissions); *In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618, at *1–2 (S.D.N.Y. July 27, 2004) (vacating dismissal with prejudice order as to plaintiffs who provided proof of timely and complete discovery and denying reconsideration as to all other plaintiffs).  As does the failure to comply with other judicially imposed discovery requirements.  *E.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (per curiam) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring plaintiffs file declarations with a wet-ink signature); *Nwatulegwu*, 668 F. App'x at 173–75 (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring the production of medical and pharmacy records); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 240 (3d Cir. 2013) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring production of specific histories of plaintiffs' exposure to asbestos).  In response to this well-established body of case law, Plaintiffs assert that certain cases are distinguishable because PTO 10 does not state that Plaintiffs' cases may be dismissed for non-compliance and because bellwethers have been selected.

But the Court's authority to dismiss cases with prejudice for non-compliance with its orders does not flow from PTO 10; it flows from Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure; cases like *Malone* v. *U.S. Postal Service*, 833 F.2d 128 (9th Cir. 1987); and the Court's inherent authority to manage its own docket.  And as discussed above, the issue in these cases is not lack of reasonable notice.  Judge Cisneros has already compelled Plaintiffs to provide the overdue discovery (and noted that Uber may seek "dispositive sanctions" from this Court for further non-compliance).  December 19, 2024 Order at 3.  Uber also does not seek an order directly dismissing these cases with prejudice.  Instead, Uber proposes that the Court provide Plaintiffs with one last chance to comply and clear warning that continued non-compliance will result in dismissal with prejudice.  Levin Simes opposes that option because it has not been in

contact with its clients for months and potentially years, a fact that would not be different if PTO 10 contained a sentence reminding Plaintiffs that there may be consequences for violating the Court's orders (as if that somehow had not already been known to Plaintiffs and their counsel at Levin Simes).

Plaintiffs also imply that PTO 10 might be somehow construed as requiring discovery only in the cases selected as bellwethers. PTO 10 does not establish such a procedure; it applies to all cases within this MDL. PTO 10 clearly and unequivocally states that "[e]ach Plaintiff must submit a completed PFS." PTO 10 at 4. Plaintiffs' arguments are thus inconsistent with PTO 10 and inconsistent with the dismissals with prejudice ordered by several MDL courts when presented with similar failures to provide court-ordered discovery.

## II.    Plaintiffs' Failure to Comply with Court Orders Has Caused Prejudice

The Ninth Circuit has recognized that failure "to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). But the prejudice Plaintiffs have created in these cases goes beyond "mere" non-compliance with Court orders.

First, by not providing fact sheets, Plaintiffs directly and unfairly limited the cases that Uber could select as bellwethers. *See* Pretrial Order No. 21 ("PTO 21") at 2, ECF No. 1950 (a Plaintiff must have submitted a PFS to be eligible for inclusion in the bellwether pool). Judge Cisneros recognized this exact possibility when ordering these Plaintiffs to comply with PTO 10 by January 10. December 19, 2024 Order at 2 ("Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers."). It would be patently unfair for Plaintiffs to deploy this tactic without any consequence.

It is also important to recognize that although the parties have selected initial bellwether cases, certain of these cases may fall out of the pool. As the Court recognized in PTO 21, a plaintiff may refuse to participate as a bellwether, in which case they will be "subject to a motion to dismiss for failure to prosecute," and Uber "may select a substitute Plaintiff." PTO 21 at 2. Several of the Plaintiffs at issue in this motion could be ones that Uber may wish to select in the event a substitute pick is required, but these Plaintiffs remain non-compliant with the Court's orders and are failing

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                    Case No. 3:23-md-03084-CRB

1    to prosecute their case under Federal Rule of Civil Procedure 41(b).

2        Second, independent of the fact sheet process, Plaintiffs have caused prejudice by denying

3    Uber critical information about the cases being brought against it.  The Plaintiff Fact Sheets contain

4    basic but fundamental information "regarding the critical elements" of Plaintiffs' claims.  *In re*

5    *PPA*, 460 F.3d at 1234; *see also In re Bextra*, 2007 WL 136625, at *1 (concluding that without a

6    PFS, defendants could not "defend themselves because they ha[d] no information about the

7    individual plaintiffs or the plaintiffs' injuries outside the allegations of the complaint").  The

8    Plaintiff Fact Sheets also contain releases authorizing Uber to request vital health care and law

9    enforcement records even in non-bellwether cases.  *See* Am. PFS, Exs. A–C, ECF 360-2.  Uber

10   cannot utilize those releases in these cases where Plaintiffs withhold them in violation of the

11   Court's orders, causing prejudice.  *See In re Bextra*, 2007 WL 136625, at *1 ("The defendants are

12   also prejudiced by the loss of evidence and memory that attend the delay in providing required

13   discovery, factors that are aggravated by the complexity of this litigation.").  Hence, even though

14   Uber did not and could not select any of the cases at issue in this motion as bellwethers, Plaintiffs'

15   non-compliance with the Court's orders has prejudiced Uber and continues to do so.  *See In re*

16   *Guidant*, 496 F.3d at 867 ("Given the time pressure on a defendant that must investigate the claims

17   of nearly 1,400 plaintiffs, we consider the danger of prejudice [stemming from overdue Plaintiff

18   Fact Sheets] substantial.").  Dismissal with prejudice is a justified consequence should Plaintiffs

19   remain non-compliant after receiving a final warning.

20                                        **CONCLUSION**

21        For the foregoing reasons, the Court should order the Plaintiffs at issue in this motion to

22   provide complete and verified Plaintiff Fact Sheets as required by PTO 10 and Judge Cisneros's

23   December 19, 2024 Order within 14 days of the Court's order.  As other MDL courts have done,

24   this Court should subsequently dismiss with prejudice the case of any Plaintiff who continues to

25   violate the Court's orders.  *See In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*, 2022 WL

26   3309471, at *2 (E.D. Pa. Aug. 11, 2022) ("[T]he court doubts the effectiveness of any sanction

27   [for failure to serve a timely PFS] other than dismissal with prejudice. Ensuring obedience to

28   discovery orders in an MDL is paramount.").

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES                                    Case No. 3:23-md-03084-CRB

DATED:  March 11, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Kyle Smith*
    ROBERT ATKINS
    RANDALL S. LUSKEY
    JESSICA E. PHILLIPS
    KYLE N. SMITH
    JACQUELINE P. RUBIN
    CAITLIN E. GRUSAUSKAS
    ANDREA M. KELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
LEVIN SIMES CASES
Case No. 3:23-md-03084-CRB