1  RACHEL B. ABRAMS (SBN 209316)
   ADAM B. WOLF (SBN 215914)
2  **Peiffer Wolf Carr Kane Conway & Wise, LLP**
   555 Montgomery Street, Suite 820
3  San Francisco, CA 94111
   Telephone: 415.766.3544
4  Facsimile: 415.840.9435
   Email: rabrams@peifferwolf.com
5  Email: awolf@peifferwolf.com

6  TIFFANY R. ELLIS
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
7  2229 Trumbull St.
   Detroit, MI 48216
8  Telephone: 313.210.1559
   Facsimile: 415.840.9435
9  Email: tellis@peifferwolf.com

10 *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>JURY TRIAL DEMANDED<br><br>**REDACTED** |
| This Document Relates to:<br><br>*Amanda Lazio v Uber Technologies, Inc.*, No. 3:24-cv-08937-CRB | |

### **AMENDED BELLWETHER COMPLAINT AND DEMAND FOR JURY TRIAL**

Under PTO 21 (ECF 1950), Plaintiff files this Amended Bellwether Complaint against the Defendants named below. Plaintiff incorporates the allegations set out in the Master Long-Form Complaint filed at ECF 269 in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, No. 23-md-3084 (N.D. Cal.).

**I.     DESIGNATED FORUM**[1]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Southern District of Iowa

**II.    IDENTIFICATION OF PARTIES**

**A.     PLAINTIFF**

2. *Injured Plaintiff:* Name of the individual sexually assaulted, battered, harassed, and/or otherwise attacked by an Uber driver with whom they were paired while using the Uber platform: Amanda Lazio

3. At the time of the filing of this Amended Bellwether Complaint, Plaintiff resides at: Johnston, Polk County, Iowa

**B.     DEFENDANT(S)**

4. Plaintiff names the following Defendants in this action.

　　☑ UBER TECHNOLOGIES, INC.;[2]

　　☑ RASIER, LLC;[3]

　　☑ RASIER-CA, LLC.[4]

**C.     RIDE INFORMATION**

5. Plaintiff was sexually assaulted, harassed, battered, and/or otherwise attacked by an Uber driver in connection with an Uber ride in Pottawattamie County, Iowa on December 14, 2022.

6. Plaintiff was the owner of the Uber account used to request the relevant ride.

7. The driver's name was ▮▮▮▮▮▮▮▮▮▮

8. At the vehicle was driving on the highway, the driver pulled over off the road.

9. Plaintiff objected to the driver pulling over.

10. The driver turned around and placed his hand on Plaintiff's knee.

---

[1] *See* PTO No. 6, at II(C) (ECF 177).
[2] Delaware corporation with a principal place of business in California.
[3] Delaware corporation with a principal place of business in California.
[4] Delaware corporation with a principal place of business in California.

11. The driver caressed Plaintiff's knee and told her "everything [is] going to be just fine."

12. Plaintiff slapped the driver's hand away, unlocked the door, and exited the car.

13. The conduct described in the Master Long-Form Complaint and herein was a substantial factor in causing Plaintiff to suffer economic and non-economic harm.

## III.  CAUSES OF ACTION ASSERTED

14. The following Causes of Action asserted in the Master Long-Form Complaint, including all allegations in support, are adopted in this Amended Bellwether Complaint by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☑ | I | CLAIM B - NEGLIGENCE (excluding entrustment theory) |
| ☐ | II | CLAIM C - FRAUD AND MISREPRESENTATION |
| ☐ | III | CLAIM E - COMMON CARRIER'S NON-DELEGABLE DUTY TO PROVIDE SAFE TRANSPORTATION |
| ☐ | VI | CLAIM G.1 - VICARIOUS LIABILITY– EMPLOYEE |
| ☐ | VI | CLAIM G.2 - VICARIOUS LIABILITY– APPARENT AGENCY |
| ☐ | VII | CLAIM G.3 - VICARIOUS LIABILITY–RATIFICATION |
| ☑ | VIII | CLAIM H - STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☐ | IX | CLAIM H - STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☐ | X | CLAIM H - STRICT PRODUCTS LIABILITY – PRODUCTS LIABILITY ACTS |

## IV.  ADDITIONAL ALLEGATIONS IN SUPPORT OF PRODUCTS LIABILITY CLAIMS

15. **App-Based Ride Recording**. The Uber App was defective in its design because it could have been, but was not, designed to trigger automatic video recording of rides and the time period immediately around them, nor during the period when drivers and riders remained in close proximity with one another and had not yet parted ways, whether through using the camera already installed on a driver's cell phone during Uber trips, or through an external device linked to the App.

16. The presence of cameras serves a deterrent function that significantly reduces and prevents sexual assault and misconduct. Even the potential for a ride to be recorded serves a deterrent function that significantly reduces and prevents sexual assault and misconduct.

17. Uber is aware that the presence of cameras serves as a deterrent function that can and does significantly reduce sexual assault and sexual misconduct and, to that end, has explored the use of recording functionalities for the Uber App. But these recording functionalities (even if they were available during Plaintiffs' ride) are inadequately designed to address sexual assault or sexual misconduct committed by drivers against passengers.

18. For example, Uber developers modified the code of the Uber App on the back end to allow in-app video recording by the driver. That is, when toggled on by the driver, this functionality allowed drivers to record internal footage of Uber trips using their phone's camera as a dash camera.

19. In addition to making the feature optional, rather than automatic, Uber coded its in-app video recording functionality so that all recordings are encrypted in the Uber App and locally stored on the driver's cell phone, meaning that recordings cannot be obtained by Uber, law enforcement, or any third party without the express authorization of the driver.

20. The result is that in-app video recording does not have any deterrent effect on sexual assault or sexual misconduct by drivers against passengers because drivers exercise absolute control over whether recording happens, and because drivers know that, even if the technology is on, third parties cannot access the recordings.

21. Had the Uber App included automatic video monitoring of rides, by definition that feature would have been engaged on Plaintiff's ride.

22. Automatic video monitoring would have deterred the driver from assaulting Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants for economic and non-economic compensatory and punitive and exemplary damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. At this time,

1  Plaintiff does not seek injunctive relief, but reserves all rights to later seek such relief as
2  appropriate under Fed. R. Civ. P. 15(b)(2) and Fed. R. Civ. P. 54(c).

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims in this action.

Dated: March 14, 2025

/s/ *Rachel B. Abrams*
RACHEL B. ABRAMS (SBN 209316)
ADAM B. WOLF (SBN 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Attorneys for Plaintiff*

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatory above has concurred in this filing.

Dated: March 14, 2025                        By:   */s/ Annie M. Wanless*
                                                          Annie M. Wanless