John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB |
| | MDL No. 3084 |
| | Honorable Charles R. Breyer |
| | JURY TRIAL DEMANDED |
| This Document Relates to: | **REDACTED** |
| *WHB 823 v. Uber Technologies, Inc.*<br>No. 3:24-cv-4900 | |

## AMENDED BELLWETHER COMPLAINT AND DEMAND FOR JURY TRIAL

Under PTO 21 (ECF 1950), Plaintiff files this Amended Bellwether Complaint against the Defendants named below. Plaintiff incorporates the allegations set out in the Master Long-Form Complaint filed at ECF 269 in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, No. 23-md-3084 (N.D. Cal.).

I. **DESIGNATED FORUM**[1]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Northern District of California.

II. **IDENTIFICATION OF PARTIES**

A. **PLAINTIFF**

2. *Injured Plaintiff:* Name of the individual sexually assaulted, battered, harassed, and/or otherwise attacked by an Uber driver with whom they were paired while using the Uber platform: WHB 823.

3. At the time of the filing of this Amended Bellwether Complaint, Plaintiff resides at: Franklinton, Franklin County, North Carolina

B. **DEFENDANT(S)**

4. Plaintiff names the following Defendants in this action.

☑ UBER TECHNOLOGIES, INC.;[2]

☑ RASIER, LLC;[3]

☑ RASIER-CA, LLC.[4]

C. **RIDE INFORMATION**

5. Plaintiff was sexually assaulted, harassed, battered, or otherwise attacked by an Uber driver in connection with an Uber ride in Wake County, North Carolina, on March 26, 2019.

6. Plaintiff was the owner of the Uber account used to request the relevant ride.

7. The driver's name was ▮▮▮▮▮▮▮▮▮▮

8. At first the driver was friendly and engaged in casual conversation.

9. When the Uber reached the destination, the driver turned toward her, grabbed Plaintiff's upper thigh, and made sexualized comments about her thigh.

---

[1] *See* PTO No. 6, at II(C) (ECF 177).
[2] Delaware corporation with a principal place of business in California.
[3] Delaware corporation with a principal place of business in California.
[4] Delaware corporation with a principal place of business in California.

10. The conduct described in the Master Long-Form Complaint and herein was a substantial factor in causing Plaintiff to suffer economic and non-economic harm.

## III. CAUSES OF ACTION ASSERTED

11. The following Causes of Action asserted in the Master Long-Form Complaint, including all allegations in support, are adopted in this Amended Bellwether Complaint by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☑ | I | CLAIM B - NEGLIGENCE (excluding entrustment theory) |
| ☐ | II | CLAIM C - FRAUD AND MISREPRESENTATION |
| ☑ | III | CLAIM E - COMMON CARRIER'S NON-DELEGABLE DUTY TO PROVIDE SAFE TRANSPORTATION |
| ☐ | VI | CLAIM G.1 - VICARIOUS LIABILITY– EMPLOYEE |
| ☐ | VI | CLAIM G.2 - VICARIOUS LIABILITY– APPARENT AGENCY |
| ☐ | VII | CLAIM G.3 - VICARIOUS LIABILITY–RATIFICATION |
| ☐ | VIII | CLAIM H - STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☐ | IX | CLAIM H - STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☑ | X | CLAIM H - STRICT PRODUCTS LIABILITY – PRODUCTS LIABILITY ACTS [N.C. Stat. § 99b, et seq. – Implied Warranty and Negligent Design Defect] |

## IV. ADDITIONAL ALLEGATIONS IN SUPPORT OF VICARIOUS LIABILITY CLAIMS

12. Plaintiff alleges that Defendants are vicariously liable for the following intentional torts committed by the driver in addition to being vicariously liable for the driver's negligence.

13. **Assault**. The driver by an intentional act or display of force and violence threatened Plaintiff with imminent bodily injury. The act or display caused Plaintiff to have a reasonable apprehension that harmful or offensive contact with her person was imminent.

14. **Battery**. The driver intentionally caused bodily contact with Plaintiff. Such bodily contact offended Plaintiff's reasonable sense of personal dignity. Such bodily contact occurred without Plaintiff's consent.

## V. ADDITIONAL ALLEGATIONS IN SUPPORT OF PRODUCTS LIABILITY CLAIMS

### A. North Carolina-Specific Claims

15. Plaintiff incorporates by reference the allegations in the Master Complaint pleaded under Claim H.

16. **Breach of Implied Warranty.** Defendants are merchants with respect to mobile applications, having designed, developed, manufactured, marketed, and distributed the Uber App since at least 2009. The App was subject to an implied warranty of merchantability, but did not comply with such warranty because it was defective. The App was not reasonably fit for the use or purpose anticipated or reasonably foreseeable by Defendants. The App left Defendants' control in a defective condition, that is, the App was defective at the time it was made available to users or consumers in various app stores.

17. **Negligent Design Defect.** Defendants had a duty to use reasonable care in designing the App so as to eliminate unreasonable risks of harm or injury that were reasonably foreseeable. Defendants knew, or reasonably should have known, of the App's propensity for harm due to the risk of sexual misconduct or assault faced by users, including Plaintiff, interacting with the App, as designed. App users were at risk of sexual misconduct or assault when using the Uber App and these risks were the result of design choices made by Defendants. The risk of sexual assault or misconduct to users of the App was foreseeable and existed at all relevant times when the App was available in the stream of commerce. The foreseeable risk of sexual misconduct or assault to users interacting with the App could have been substantially reduced or prevented by the adoption of reasonable alternative designs, such as those described below. Such alternative design choices are feasible and would not have substantially impaired the usefulness, practicality, or desirability of the App.

### B. Product Defects

18. **App-Based Ride Recording**. The Uber App was defective in its design because it could have been, but was not, designed to trigger automatic video recording of rides and the time period immediately around them, including the time when a rider and driver remained in

proximity to each other, whether through using the camera already installed on a driver's cell phone, or through an external device linked to the App.

19. The presence of cameras serves a deterrent function that significantly reduces and prevents sexual assault and misconduct. Even the potential for a ride to be recorded serves a deterrent function that significantly reduces and prevents sexual assault and misconduct.

20. Uber is aware that the presence of cameras serves as a deterrent that can and does significantly reduce sexual assault and sexual misconduct and, to that end, has explored the use of recording functionalities for the Uber App. But these recording functionalities (even if they were available during Plaintiff's ride) are inadequately designed to address sexual assault or sexual misconduct committed by drivers against passengers.

21. For example, Uber developers modified the code of the Uber App on the back end to allow in-app video recording by the driver. That is, when toggled on by the driver, this functionality allowed drivers to record internal footage of Uber trips using their phone's camera as a dash camera.

22. In addition to making the feature optional, rather than automatic, Uber coded its in-app video recording functionality so that all recordings are encrypted in the Uber App and locally stored on the driver's cell phone, meaning that recordings cannot be obtained by Uber, law enforcement, or any third party without the express authorization of the driver.

23. The result is that in-app video recording does not have any deterrent effect on sexual assault or sexual misconduct by drivers against passengers because drivers exercise absolute control over whether recording happens, and because drivers know that, even if the technology is on, third parties cannot access the recordings.

24. Had the Uber App included automatic video monitoring of rides and the time period during which riders and drivers remained in close proximity to one another, by definition that feature would have been engaged at the time Plaintiff was subjected to sexual misconduct.

25. Automatic video monitoring would have deterred the driver from assaulting Plaintiff.

1  **WHEREFORE**, Plaintiff prays for relief and judgment against Defendants for economic and non-economic compensatory and punitive and exemplary damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. At this time, Plaintiff does not seek injunctive relief, but reserves all rights to later seek such relief as appropriate under Fed. R. Civ. P. 15(b)(2) and Fed. R. Civ. P. 54(c).

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims in this action.

Dated: March 14, 2025

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatory above has concurred in this filing.

Dated: March 14, 2025                               By:     */s/ Annie M. Wanless*
                                                                    Annie M. Wanless