1  John Eddie Williams, Jr.
   Brian Abramson
2  Margret Lecocke
   Walt Cubberly (SBN 325163)
3  Batami Baskin
   Myles Shaw
4  WILLIAM HART & BOUNDAS, LLP
   8441 Gulf Freeway, Suite 600
5  Houston, Texas 77017-5051
   Telephone: (713) 230-2200
6  Facsimile: (713) 643-6226
7  Email: jwilliams@whlaw.com
   Email: babramson@whlaw.com
8  Email: mlecocke@whlaw.com
   Email: wcubberly@whlaw.com
9  Email: bbaskin@whlaw.com
   Email: mshaw@whlaw.com
10

11 *Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 1876 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05230 | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>JURY TRIAL DEMANDED<br><br>**REDACTED** |

### AMENDED BELLWETHER COMPLAINT AND DEMAND FOR JURY TRIAL

Under PTO 21 (ECF 1950), Plaintiff files this Amended Bellwether Complaint against the Defendants named below. Plaintiff incorporates the allegations set out in the Master Long-Form Complaint filed at ECF 269 in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, No. 23-md-3084 (N.D. Cal.).

I. **DESIGNATED FORUM**[1]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing: Northern District of California.

II. **IDENTIFICATION OF PARTIES**

　　A. **PLAINTIFF**

2. *Injured Plaintiff:* Name of the individual sexually assaulted, battered, harassed, and/or otherwise attacked by an Uber driver with whom they were paired while using the Uber platform: WHB 1876

3. At the time of the filing of this Amended Bellwether Complaint, Plaintiff resides at: Decatur, Illinois.

　　B. **DEFENDANT(S)**

4. Plaintiff names the following Defendants in this action.

    ☑ UBER TECHNOLOGIES, INC.;[2]

    ☑ RASIER, LLC;[3]

    ☑ RASIER-CA, LLC.[4]

　　C. **RIDE INFORMATION**

5. Plaintiff was sexually assaulted, harassed, battered, and/or otherwise attacked by an Uber driver in connection with an Uber ride in Madison County, Illinois on September 27, 2019.

6. Plaintiff was the owner of the Uber account used to request the relevant ride.

7. Plaintiff shared the ride with two other passengers.

8. The ride pickup occurred at about 1:35 a.m. on Main Street in downtown Edwardsville, Illinois, an area frequented with bars and restaurants.

9. Uber matched Plaintiff with a driver named ▮▮▮▮▮▮▮▮.

---

[1] *See* PTO No. 6, at II(C) (ECF 177).
[2] Delaware corporation with a principal place of business in California.
[3] Delaware corporation with a principal place of business in California.
[4] Delaware corporation with a principal place of business in California.

1 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

2 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

3 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

4 ▮▮▮▮▮▮▮▮▮▮▮▮▮

12. During the ride, the driver told Plaintiff that he had seen up her skirt when she entered the vehicle.

13. During the ride, the driver asked Plaintiff uncomfortable questions about sex.

14. During the ride, the driver suggested Plaintiff have sex with one of the male passengers because the driver would like to watch. The driver said he had previously done that with another couple.

15. Plaintiff was uneasy the whole ride and was on the verge of tears.

16. Plaintiff did not feel comfortable confronting the driver or speaking up for herself.

17. The conduct described in the Master Long-Form Complaint and herein was a substantial factor in causing Plaintiff to suffer economic and non-economic harm.

### III. CAUSES OF ACTION ASSERTED

18. The following Causes of Action asserted in the Master Long-Form Complaint, including all allegations in support, are adopted in this Amended Bellwether Complaint by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☑ | I | CLAIM B - NEGLIGENCE (excluding entrustment theory) |
| ☐ | II | CLAIM C - FRAUD AND MISREPRESENTATION |
| ☐ | III | CLAIM E - COMMON CARRIER'S NON-DELEGABLE DUTY TO PROVIDE SAFE TRANSPORTATION |
| ☐ | VI | CLAIM G.1 - VICARIOUS LIABILITY– EMPLOYEE |
| ☐ | VI | CLAIM G.2 - VICARIOUS LIABILITY– APPARENT AGENCY |
| ☐ | VII | CLAIM G.3 - VICARIOUS LIABILITY–RATIFICATION |
| ☑ | VIII | CLAIM H - STRICT PRODUCTS LIABILITY – DESIGN DEFECT |
| ☑ | IX | CLAIM H - STRICT PRODUCTS LIABILITY – FAILURE TO WARN |
| ☐ | X | CLAIM H - STRICT PRODUCTS LIABILITY – PRODUCTS LIABILITY ACTS |

1   **A.   <u>Product Defects</u>**

2        ███ **Safe Ride Matching**. ████████████████████████████████████

3   ████████████████████████████████████████████████████████████████████████████

4   ████████████████████████████████████████████████████████████

5   ████████████████████████████████████████████████████████████████████████████

6   ████████████████████████████████████

7        ████████████████████████████████████████████████████████████

8   ████████████████████████████████████████████████████████████████████

9   ████████████████████████████████████████████████████████████████████████████

10  ████████████████████████████████████████████████████████████████████

11  ██████████████████████████████████████████████████████████████████

12  ████████████████████████████████████████████████████████████████████

13  ████████████████████████████████████████████████████████████████████████████

14  ██

15       ██████████████████████████████████████████████████████████████████

16  ████████████████████████████████████████████████████████████████████████████

17  ████████████████████████████████████████████████████████████████████

18  ██████████████████████████

19       ██████████████████████████████████████████████████████████████████

20  ████████████████████████████████████████████████████████████████████

21  ██████████████████████████████████████████████████████████████████

22  ████████████████████████████████████████████████████████████████████

23  ████████████████████████████████████████████████████████████████████████████

24       ██████████████████████████████████████████████████████████████████████

25  ██████████████████████████████████████████████████████████████████████

26  ████████████████████████████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████

28  ██████████████████████████████

1  24. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
2  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓
3  ▓▓▓▓▓▓▓▓

25. **App-Based Ride Recording**. The Uber App was defective in its design because it could have been, but was not, designed to trigger automatic audio and video recording of rides and the time period immediately around them, whether through using the camera and microphone already installed on a driver's cell phone during Uber trips, or through an external device linked to the App.

26. The presence of recording devices serves a deterrent function that significantly reduces and prevents sexual assault and misconduct. Even the potential for a ride to be recorded serves a deterrent function that significantly reduces and prevents sexual assault and misconduct.

27. Uber is aware that recording serves as a deterrent function that can and does significantly reduce sexual assault and sexual misconduct and, to that end, has explored the use of recording functionalities for the Uber App. But these recording functionalities (even if they were available during Plaintiffs' ride) are inadequately designed to address sexual misconduct committed by drivers against passengers.

28. For example, Uber developers modified the code of the Uber App on the back end to allow in-app video recording by the driver. That is, when toggled on by the driver, this functionality allowed drivers to record internal footage of Uber trips using their phone's camera as a dash camera.

29. In addition to making the feature optional, rather than automatic, Uber coded its in-app video recording functionality so that all recordings are encrypted in the Uber App and locally stored on the driver's cell phone, meaning that recordings cannot be obtained by Uber, law enforcement, or any third party without the express authorization of the driver.

30. The result is that in-app video recording does not have any deterrent effect on sexual assault or sexual misconduct by drivers against passengers because drivers exercise absolute control over whether recording happens, and because drivers know that, even if the technology is on, third parties cannot access the recordings.

31. Had the Uber App included automatic video and audio monitoring of rides, by definition that feature would have been engaged on Plaintiff's ride.

32. Automatic audio monitoring would have deterred the driver from engaging in sexual misconduct toward Plaintiff.

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants for economic and non-economic compensatory and punitive and exemplary damages, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper. At this time, Plaintiff does not seek injunctive relief, but reserves all rights to later seek such relief as appropriate under Fed. R. Civ. P. 15(b)(2) and Fed. R. Civ. P. 54(c).

## JURY DEMAND

Plaintiff demands a trial by jury as to all claims in this action.

Dated: March 14, 2025

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatory above has concurred in this filing.

Dated: March 14, 2025                    By:   */s/ Annie M. Wanless*
                                                Annie M. Wanless