ROBERT ATKINS (Admitted *Pro Hac Vice*)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
  mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' REPLY**<br><br>Judge:       Honorable Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

1  KYLE SMITH (Admitted *Pro Hac Vice*)
     ksmith@paulweiss.com
2  JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
     jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
4  2001 K Street, NW
5  Washington, D.C. 20006
   Telephone: (202) 223-7300
6
7  *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
8  RASIER, LLC, and RASIER-CA, LLC

**ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber") respectfully submit this Administrative Motion to Seal Documents Filed in Support of Uber's Reply on its Motion for Protective Order, dated March 20, 2025.  Uber respectfully requests that the Court seal the following documents filed in support of that motion:

## I.   BACKGROUND AND REQUESTED SEALING

| Document | Description | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Randall S. Luskey in Support of Uber's Reply | Personal identifying information in draft document produced in this litigation on a "Confidential" basis concerning Uber's safety features | Uber |
| Exhibit 2 to the Declaration of Randall S. Luskey in Support of Uber's Reply | Excerpts of the deposition of Roger Kaiser that are designated "Confidential" and include internal systems and structure information | Uber |
| Exhibits 3 through 15 to the Declaration of Randall S. Luskey in Support of Uber's Reply | Personal identifying information in metadata cover sheets for confidential documents that Plaintiffs filed as exhibits in their opposition | Uber |
| Exhibits 16 and 17 to the Declaration of Randall S. Luskey in Support of Uber's Reply | Personal identifying information in metadata cover sheets for documents produced in this litigation on a "Confidential" basis | Uber |
| Uber's Reply in Support of Motion for a Protective Order | Portions of the Reply referencing confidential information filed under seal | Uber |

## II.  LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a 'particularized showing' under the 'good cause' standard of Rule 26(c)" of the Federal Rules of Civil Procedure.  *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good

1  cause may exist when issuing an order to seal is necessary to "protect a party from annoyance,
2  embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).
3  　　　　The documents at issue relate to a discovery motion for a protective order, not a dispositive
4  motion. Documents "attached to a discovery motion" are "unrelated to the merits of a case," *Ctr.*
5  *for Auto Safety*, 809 F.3d at 1097, and are "one step further removed in public concern from the
6  trial process than the discovery materials themselves." *U.S.* v. *Selugh*, 896 F.3d 1007, 1015 (9th
7  Cir. 2018). Accordingly, "'materials attached to a discovery motion . . . need satisfy only the less
8  exacting 'good cause' standard." *Id.* at 1014; *accord Brown* v. *Google, LLC*, 2022 WL 2289059,
9  at *1 n.1 (N.D. Cal. Apr. 4, 2022) (sealing records filed in connection with "apex" motion).
10 　　　　Good cause to seal exists where the relevant documents "contain trade secrets, contain
11 confidential research, development or commercial information, or if disclosure of the information
12 might harm a litigant's competitive standing." *Synopsys, Inc.* v. *Siemens Indus. Software Inc.*,
13 2021 WL 4427437, at *24 (N.D. Cal. Sept. 27, 2021). "[C]ompetitive harm" results—and a sealing
14 order is warranted—when public disclosure of a document would "provid[e] competitors insight"
15 into a party's non-public "polic[ies]" or "strateg[ies]." *Verinata Health, Inc.* v. *Ariosa*
16 *Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015). The same is true with
17 respect to the public disclosure of a party's "internal systems and operations, including details
18 related to internal projects and their proprietary functionalities." *Calhoun* v. *Google LLC*, 2022
19 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations
20 can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use
21 the information to compromise [the company's] systems." *Id.* at *2.
22 　　　　Courts routinely seal confidential business information under the good cause standard, such
23 as business plans. *Blockchain Innovation, LLC* v. *Franklin Res., Inc.*, 2024 WL 4394758, at *3
24 (N.D. Cal. Oct. 3, 2024) (sealing documents with confidential information on "internal business
25 strategy and corporate decision making, as well as internal budgeting and finances"); *Jones* v. *PGA*
26 *Tour, Inc.*, 2023 WL 7440303, at *4 (N.D. Cal. Nov. 8, 2023) (sealing documents containing
27 confidential information on, among other things, "internal decision making processes").
28

Good cause to seal also exists where the relevant documents are already protected from disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment." *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc.* v. *Samsung Elec. Co., Ltd.*, 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good cause to seal . . . information from sealed court records from another case").

In addition to showing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

### III.    UBER'S MATERIALS SHOULD BE KEPT UNDER SEAL

The documents at issue should be sealed under the good cause standard. Uber has a legitimate business interest in sealing the documents, and the limited amount of sealing that Uber requests is the least restrictive means of protecting that interest. The declarations at issue contain commercially sensitive, non-public business information concerning Uber's internal business practices and policies. The disclosure of this information potentially poses security risks and a risk of harm to Uber's competitive standing.

**Exhibit 1 to the Declaration of Randall S. Luskey** is a draft document about Uber's safety features that has been produced in this litigation on a "Confidential" basis. The redacted portions of this exhibit consist of personal identifying information, namely non-public email addresses of Uber employees. No other information on these exhibits has been redacted. Under these circumstances, there is no legitimate interest in the public disclosure of non-public email addresses of individual Uber employees. Disclosing this information on a public docket risks these individuals being sent spam and other unsolicited communications they would not have otherwise received, interfering with the effectiveness and efficiency of their communications and work, and potentially presenting other cyber security risks for accounts associated with those email addresses. *Jones* v. *PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

1 **The Excerpts of the Deposition of Roger Kaiser** are designated "Confidential" pursuant to the protective order entered in the parallel JCCP proceedings against Uber, and a portion of the excerpts were filed under seal in those proceedings. Sealing is necessary here to "avoid disparate treatment" with those JCCP protections. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1. These excerpts also include non-public information about the internal reporting structure and division of responsibilities at Uber. Disclosure of this information poses both security and competitive risks for the company. *See Verinata Health*, 2015 WL 1885626, at *1; *Calhoun*, 2022 WL 1122843, at *2.

**Exhibits 3 through 15 of the Declaration of Randall S. Luskey** are the metadata cover sheets for documents that Plaintiffs moved to file under seal. ECF No. 2518. The redacted portions of these metadata cover sheets consist of personal identifying information, namely non-public email addresses of Uber employees. No other information on these exhibits has been redacted. Under these circumstances, there is no legitimate interest in the public disclosure of non-public email addresses of individual Uber employees. Disclosing this information on a public docket risks these individuals being sent spam and other unsolicited communications they would not have otherwise received, interfering with the effectiveness and efficiency of their communications and work, and potentially presenting other cyber security risks for accounts associated with those email addresses. *Jones*, 2023 WL 7434197, at *2 ("Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

**Exhibits 16 and 17 to the Declaration of Randall S. Luskey** are the metadata cover sheets associated with two versions of the same document produced in this litigation on a "Confidential" basis. The redacted portions of these metadata cover sheets consist of personal identifying information, namely non-public email addresses of Uber employees. No other information on these exhibits has been redacted. Under these circumstances, there is no legitimate interest in the public disclosure of non-public email addresses of individual Uber employees. Disclosing this information on a public docket risks these individuals being sent spam and other unsolicited communications they would not have otherwise received, interfering with the

1  effectiveness and efficiency of their communications and work, and potentially presenting other
2  cyber security risks for accounts associated with those email addresses. *Id.* at *2 ("Courts in this
3  circuit routinely seal email addresses and other personal identifying information under the
4  compelling reasons standard due to the potential privacy harm to the individual whose contact
5  information may be exposed.").

6  Uber's proposed sealing is "narrowly tailored" to cover only information for which Uber
7  has a legitimate interest in maintaining confidentiality. Civ. L.R. 79-5(c)(3). This information
8  offers insight into Uber's internal policies, strategies, systems, operations, or projects. Actions
9  short of sealing would be insufficient to protect Uber's legitimate interests. Accordingly, there is
10 good cause to seal the documents identified herein, and there are no less restrictive means of
11 protecting Uber's legitimate interest in maintaining confidentiality.

12 **IV.    CONCLUSION**

13 For the foregoing reasons, Uber respectfully requests that the Court order that the
14 documents identified herein be maintained under seal.

16 Dated: March 20, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Randall S. Luskey*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC