RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NOS. 2518, 2542]** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:    Hon. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

## DEFENDANTS' STATEMENT IN SUPPORT OF SEALING

## CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated March 14, 2025, ECF 2518 and March 18, 2025, ECF 2542 (collectively, "Plaintiffs' Motion").

## I.    BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns the following documents:

| Document | Description | Uber's Request |
|---|---|---|
| Unredacted Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Contains confidential information | Narrowed redactions |
| Unredacted Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Contains information related to custodians and document counts | No redactions or sealing |
| Exhibit 1 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 2 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 3 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 4 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 5 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 6 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 7 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 8 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

| Exhibit 9 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 10 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 11 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 12 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 13 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 14 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 15 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 16 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 17 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 18 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 19 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 20 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 21 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 22 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 23 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 24 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 25 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 26 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 27 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
|---|---|---|
| Exhibit 28 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 29 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 30 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 31 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 32 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 33 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 34 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 35 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 36 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 37 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 38 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 39 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 40 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 41 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 42 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 43 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 44 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 45 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 46 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 47 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 48 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 49 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 50 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 51 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 52 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 53 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 54 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 55 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 56 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 57 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 58 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 59 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 60 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 61 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 62 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| | | |
|---|---|---|
| Exhibit 63 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 64 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 65 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 66 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 67 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 68 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 69 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 70 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 71 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 72 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 73 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 74 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 75 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 76 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 77 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 78 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 79 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 80 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 81 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 82 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 83 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 84 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 85 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 86 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 87 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 88 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 89 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 90 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 91 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 92 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 93 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 94 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 95 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 96 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 97 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 98 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 99 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 100 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 101 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 102 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 103 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 104 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 105 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 106 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 107 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 108 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 109 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 110 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 111 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 112 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 113 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 114 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 115 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 116 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 117 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 118 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 119 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 120 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 121 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 122 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 123 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 124 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 125 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Summary of confidential documents | Maintain under seal |
| Exhibit 126 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 127 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 128 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 129 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 130 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 131 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 132 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 133 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | No redactions or sealing |
| Exhibit 134 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

9

| Exhibit 135 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 136 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 137 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 138 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 139 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 140 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 141 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 142 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 143 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 144 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 145 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 146 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 147 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 148 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 149 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 150 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 151 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 152 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| Exhibit 153 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
|---|---|---|
| Exhibit 154 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII Redactions |
| Exhibit 155 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 156 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 157 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 158 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 159 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 160 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 161 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 162 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 163 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | No redactions or sealing |
| Exhibit 164 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 165 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 166 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | PII and JIRA link Redactions |
| Exhibit 167 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 168 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 169 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 170 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

| | | |
|---|---|---|
| Exhibit 171 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 172 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 173 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 174 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 175 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 176 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 177 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 178 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 179 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 180 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 181 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 182 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 183 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 184 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 185 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 186 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 187 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 188 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

| Exhibit 189 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 190 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |
| Exhibit 191 to Dec. of R. Luhana ISO Pls.' Br. in Opp. to Defs.' Mot. for Protective Order | Confidential document | Maintain under seal |

The documents at issue were filed under seal on March 14 and 18, 2025, ECF Nos. 2518 and 2542, as Plaintiffs' brief and supporting materials in opposition to Defendants' Motion for Protective Order (the public version of this brief was filed at ECF 2519 on March 14, 2025). Plaintiffs' **191** exhibits—which were largely referenced or cited in Plaintiffs' brief only in passing—consist primarily of confidential internal Uber documents and communications containing proprietary business strategy, financial, product design, operations, research, and other confidential information.  E-mail documents, which make up a substantial majority of the documents, also contain non-public e-mail addresses and other personal identifying information.  Disclosure of these documents would cause significant competitive harm to Uber and harm to the legitimate privacy interests of Uber employees and third parties. *See* Cummings Decl. ¶¶ 2-14.  Uber therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3).

## II.    LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on the production of policy documents; they are not related to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at

*1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc*., 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true here, where Plaintiffs attached over 190 confidential Uber documents to their brief on a nondispositive discovery matter, and cited each document only briefly or in passing. *See, generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Courts, including this Court, regularly seal confidential internal business policies under the good cause standard. *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp*., 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal policies and procedures for guest incidents"). Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to

1    compromise [the company's] systems." *Id.* at *2. Likewise, confidential business information, such

2    as business plans, can be sealed under the good cause standard. *See, e.g.*, *Epidemic Sounds, AB v.*

3    *Meta Platforms, Inc*., 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about

4    the parties' business operations and negotiations" based on the potential risk "disclosure could

5    disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard*

6    *Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-

7    public information regarding a party's business operations is typically subject to sealing"); *Jones v.*

8    *PGA Tour, Inc*., 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing document that reflected

9    "reflects public relations strategy"); *Jones v. PGA Tour, Inc*., 2023 WL 2232094, at *3 (N.D. Cal. Feb.

10   23, 2023) (sealing "details about the [business's] operations and business relationships with other

11   [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its

12   business relationships").

13       Good cause to seal also exists where the relevant documents are already protected from

14   disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment." *In*

15   *re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist*

16   *Inc. v. Samsung Elec. Co., Ltd*., 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding "good

17   cause to seal . . . information from sealed court records from another case").

18       "Courts in this circuit routinely seal email addresses and other personal identifying information

19   under the [more stringent] compelling reasons standard due to the potential privacy harm to the

20   individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197,

21   at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D.

22   Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as

23   employee email addresses").

24   **III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

25       The documents at issue were cited in, or filed with, a brief in opposition to Uber's motion for

26   protective order related to Plaintiffs' request to depose senior Uber executives. The documents at

27   issue consist primarily of confidential internal Uber documents and communications containing

28
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

proprietary business strategy, financial, product design, operations, research, and other confidential information.  E-mail communications also contain non-public e-mail addresses and other personal identifying information.  Disclosure of these documents would cause significant competitive harm to Uber and harm to the legitimate privacy interests of Uber employees and third parties.  *See* Cummings Decl. ¶¶ 2-14.  There are no less restrictive alternatives to sealing the documents.  *See id*.

**A.  Failing to Seal the Documents Would Harm Uber**

**Unredacted Plaintiffs' Brief in Opposition to Defendants' Motion for Protective Order**

This is Plaintiffs' brief in opposition to Defendants' Motion for Protective Order related to Plaintiffs' request to depose certain senior Uber executives.  Plaintiffs filed a heavily redacted version of this brief (based on citations to documents produced in discovery and designated as confidential) on the public docket at ECF 2519 on March 14, 2025.

Uber does not seek to maintain all of the redactions in Plaintiffs' brief, but proposes a much narrower set of redactions that is narrowly tailored to protecting Uber's legitimate interests.  Uber proposes maintaining the redactions on pages and lines 6:1-2, 9:21-10:5, 13:14-19, 14:3-4, 17:9-15, 17:18-18:6, 20:4-6, and 20:10-11, and on page 14, footnote 19.

The redacted material consists of confidential information about financial compensation, internal performance analyses, communication strategies, confidential research and product feature proposals, and background check and independent driver deactivation policies.  Uber has expended significant resources developing its internal policies, procedures, business strategies and plans, product proposals, and research.  Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes.  Relatedly, the risk that communications and documents related to confidential internal business decisions and strategies will be unsealed (especially under the lower good cause standard) is likely to cause harm by chilling frank discussion and innovation if a business's legitimate interests in confidentiality are disregarded.  *See* Cummings Decl. ¶ 2.  These redacted portions should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard*

*Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

### Unredacted Declaration of Roopal Luhana in Support of Plaintiffs' Brief in Opposition to Defendants' Motion for Protective Order

Uber does not seek to seal or maintain redactions in this document.

### Exhibits 1, 20, 25, 26, 28, 30, 42, 126, 127, 128, 130, 132, 139, 141, 147, 148, 154, 163, and 166 and All Documents Containing Non-Public Email Addresses, Phone Numbers, or other Personal Identifying Information

As illustrated above with regard to Plaintiffs' brief, Uber has tailored its requests to seal or redact to only those documents and information that pose a risk of competitive or other harm to Uber or its employees and third parties. Consistent with that narrowly tailored approach, Uber does not seek to maintain these 19 exhibits under seal in their entirety, but seeks only to redact non-public email addresses, phone numbers, and other personal identifying information for Uber employees and third parties. *See* Cummings Decl. ¶ 3. This Court has permitted such redactions numerous times before and should so again here. Additionally, Exhibit 166 contains a link to Uber's internal JIRA system related to the incident discussed in that email. This link should be redacted in light of the potential cybersecurity risk of including a link to Uber's internal systems on the public docket, and the risk of disclosure of highly sensitive information contained in the linked incident report in the event of a security breach. *See, e.g.*, *Calhoun v. Google LLC*, 2022 WL 3348583, at *1 (N.D. Cal. Aug. 12, 2022) (granting requests to redact various types of information that "may also place Google at an increased risk of cybersecurity threats"). To the extent the Court denies Uber's request to seal in full any other documents containing such information, it should nevertheless permit these type of redactions. *See Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.

### Exhibits 3, 4, 13, 14, 15, 17, 101, 112, 113, and 136 (Deposition Transcripts)

Among Plaintiffs' 191 exhibits are 10 exhibits consisting of deposition transcript excerpts (in one case, Exhibit 113, an entire deposition transcript). These deposition transcripts should be

1    maintained under seal for two primary reasons.

2         First, documents should be sealed under the good cause standard when they are already

3    protected from disclosure in a separate court proceeding and sealing is necessary to "avoid disparate

4    treatment." *In re Xyrem*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023); *Netlist Inc.*, 2024 WL

5    2429346, at *1. Each of these deposition transcript exhibits is from a deposition in another litigation

6    (including some that were cross-noticed in the JCCP and MDL). And each is marked as confidential

7    or highly confidential pursuant to a protective order in that other litigation. For this reason alone, the

8    Court should maintain these exhibits under seal, under the applicable good cause standard, out of

9    respect for those other courts and their protective orders.

10         Second, these transcripts are independently sealable under the good cause standard. The

11    deposition of Troy Stevenson (Exhibit 3) is marked as highly confidential and contains testimony

12    regarding internal company strategy and decision making. The Roger Kaiser (Exhibit 13), Andi

13    Pimentel (Exhibit 14), and Jenny Luu (Exhibit 15) transcripts are marked as confidential or highly

14    confidential and contain discussion of internal business decisions and directives, such as internal

15    deliberations on topics such as dash cams. The deposition of Brad Rosenthal (Exhibit 17) is marked

16    as highly confidential attorneys' eyes only, and has extensive discussions of Uber's internal structures,

17    groups, and individual roles and responsibilities. Katy McDonald's transcript (Exhibit 101) contains

18    discussions of a chart of internal roles and responsibilities and non-public safety data. The deposition

19    transcript for Ryan Graves (Exhibits 112 and 113) from litigation against Uber by taxi companies is

20    marked as "Confidential – Attorneys' Eyes Only." Exhibit 113 is the *entire* deposition transcript,

21    containing extensive testimony on confidential information about Uber. Uber has expended

22    significant resources developing its business strategies, data, and plans. Uber's non-public internal

23    organization, structure, and roles and responsibilities should likewise be protected from disclosure

24    because its internal structures are a critical business decision, created strategically to reflect and

25    achieve its priorities and goals. Therefore, disclosure of this information risks harm to Uber through

26    its competitors utilizing the information and copying processes. Likewise, internal strategy

27    deliberations on confidential business decisions must be protected to avoid harm by chilling open and

28

honest discussion and innovation.  *See* Cummings Decl. ¶ 4.  These confidential deposition transcripts should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 2, 5, 6, 7, 8, 9, 10, 11, 12, and 16 (Dara Khosrowshahi)**

These exhibits relate to Uber CEO Dara Khosrowshahi.  These exhibits contain discussions and notes regarding confidential internal business strategy and decision-making processes, communications strategy, and other types of confidential business information.  For example, Exhibit 12 is an email discussion marked confidential with deliberations on a potential safety initiative. Exhibit 6 is a confidential internal chat about strategy and considerations for an audio recording product feature.  Exhibit 10 is an email about a confidential compensation proposal for Uber's leadership.  Exhibit 2 is a chat about communications strategy.  Exhibit 5 is an email containing a detailed strategy discussion that includes detailed internal information on safety product features. Exhibit 7 is a set of notes from a strategy discussion with Uber's executive leadership team, containing confidential business information.  Exhibit 9 is an email that also relates to an executive-level decision on a potential safety product feature, and Exhibit 8 similarly is an internal chat regarding strategic direction given by Uber's CEO on the business's priorities.  And Exhibit 11 is a confidential email discussing Uber's internal tracking of safety data.  Finally, Plaintiffs include as Exhibit 16 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential documents, including the confidential deposition transcript of Andi Pimentel, regarding strategic business decisions.

The material in these documents consists of confidential information about financial compensation, communication strategies, confidential research and product feature proposals, and analysis of safety policies and procedures.  Uber has expended significant resources developing its internal policies, procedures, business strategies and plans, product proposals, and research. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the

information and copying processes. Relatedly, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation. *See* Cummings Decl. ¶ 5. These documents should be maintained under seal. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 18, 19, 21, 22, 23, 24, 25, 29, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 129, 131, 134, 135, and 136 (Travis Kalanick)**

These exhibits relate to Uber founder and former CEO Travis Kalanick. They contain extensive information and discussion regarding internal company plans, priorities, deliberations, strategy, product design, and more. Exhibit 18 is a confidential email from Mr. Kalanick regarding internal Uber strategy and priorities, while Exhibit 19 is an email with notes from a meeting discussing internal strategy and business plans. Exhibit 21 is an email regarding a confidential product feature proposal. Exhibit 22 is an email about Uber's safety policy and data. Exhibit 23 is a chat discussing product design details. Exhibit 24 is a confidential email discussing Uber's response to a particular safety incident, which discloses details regarding internal company policy and strategy. Exhibits 29 and 31 are emails that dictate company strategy on public communications on regulatory and safety issues. Exhibit 32 is a confidential internal Q&A document with Mr. Kalanick that details company strategy and plans on a range of issues and Exhibit 33 is similarly an email from Mr. Kalanick regarding internal structure and roles and responsibilities that reveals internal company priorities and strategy. Exhibit 34 is an extensive discussion of company policy on independent driver eligibility. Exhibits 35, 36, and 37 are internal emails regarding strategy for public communications and media response. Exhibit 38 is an extensive set of notes detailing and evaluating all aspects of safety policy and structure at Uber and future strategic plans in that area. Plaintiffs include as Exhibit 39 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential documents. Among these are Exhibit 129, which is a confidential email regarding business strategy for addressing potential city regulations. Exhibit 131 is a confidential email about strategy discussions with an

executive candidate.  Exhibits 134 and 135 are confidential emails discussing safety strategy, internal roles and responsibilities, operations, organization, and company policy.

The material in these documents consists of confidential information about confidential research and product design proposals, communication strategies, and analysis of safety policies and procedures.  Uber has expended significant resources developing its internal policies, procedures, business strategies and plans, product proposals, and research.  Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes.  Relatedly, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation.  *See* Cummings Decl. ¶ 6.  These documents should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 40, 41, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 137, 138, 140, 142, 143, 145, and 146 (Jill Hazelbaker)**

These exhibits relate to Uber's Chief Marketing Officer and Senior Vice President Jill Hazelbaker.  They contain extensive confidential information regarding internal company strategy on public communications, safety data, policies and procedures, and financial information regarding business partners.  For example, Exhibits 46, 47, 49, 50, and 51 are email discussions containing detailed internal data and financial information related to background check policies and proposals. Exhibits 40 and 53 are emails containing discussion of internal strategy on safety issues and communication, as is Exhibit 41, which also contains data on proprietary market research.  Exhibit 43 is an email discussing a confidential product feature proposal, while Exhibit 44 is an email discussing a safety initiative, including internal details on product features and strategy.  Exhibit 45 is another email that relates to internal company policy and strategy on information sharing regarding independent driver deactivation.  Exhibit 48 is an internal chat discussing background check policies. Exhibit 52 discloses internal regulatory strategy and Exhibit 53 discloses strategy on communications

1  related to safety issues.  Plaintiffs include as Exhibit 54 a document (apparently created by Plaintiffs)

2  citing to and quoting from several other confidential documents.  Among these are Exhibit 137, which

3  is a confidential chat disclosing strategy for communications on safety issues.  Exhibit 138 discusses

4  business strategy and proprietary data on various safety issues and Exhibit 140 similarly includes

5  internal proposals related to safety-related communications.  Exhibits 142, 143, and 144 include

6  confidential strategy related to Uber's U.S. Safety Report.  Exhibit 145 discusses the strategy and

7  implementation of the Safety Report and communications about this topic.  Finally, Exhibit 146 is a

8  confidential internal document summarizing a meeting at which Uber's business strategies on policy

9  and communication topics were discussed.

10        The material in these documents consists of confidential information about confidential

11  communication strategies, proprietary data, and analysis of safety policies and procedures.  Uber has

12  expended significant resources developing its internal policies, procedures, business strategies and

13  plans, product proposals, and research.  Therefore, disclosure of this information risks harm to Uber

14  through its competitors utilizing the information and copying processes.  Relatedly, internal strategy

15  deliberations on confidential business decisions must be protected to avoid harm by chilling open and

16  honest discussion and innovation.  Importantly, while communications strategy relates to public-facing

17  statements, internal strategies and guidance on communications are nevertheless confidential and

18  developed at great expense—communication strategy is entitled to confidentiality just as much as

19  business strategy.  *See* Cummings Decl. ¶ 7.  These documents should be maintained under seal.  *See*

20  Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047,

21  at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard*

22  *Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094,

23  at *3.

24        **Exhibits 55, 56, 57, 58, 59, 149, 150, 151, 152, 153, and 155 (Rachel Whetstone)**

25        These exhibits relate to Uber's former Senior Vice President for Communications and Public

26  Policy Rachel Whetstone.  They contain detailed information about internal confidential safety

27  policies and procedures and communication strategy.  For example, Exhibit 55 is an email discussing

28

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

company policies, strategy, organization, and communications on safety issues.  Exhibit 56 is an email with discussion of similar topics for the European market.  Exhibit 57 is marked as highly confidential and includes internal research, company strategy, and policy discussions.  Exhibit 58 is an internal confidential document providing guidelines on safety-related messaging.  Plaintiffs include as Exhibit 59 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential documents.  Among these are Exhibit 149, which is a confidential document providing a strategic review of Uber's safety policies and communication strategy.  Exhibit 150 is a document relating to policy and government relations, which discloses Uber's strategies and priorities on these topics, while Exhibit 155 is an email on the same topics.  Exhibit 151 is an email about strategy for communicating about safety issues.  Exhibit 152 details internal company strategy on driver community guidelines, and Exhibit 153 is a discussion of independent driver deactivation policies that discloses internal company strategies and roles and responsibilities.

The material in these documents consists of confidential information about confidential communication strategies, policy issues, and analysis of safety policies and procedures.  Uber has expended significant resources developing its internal policies, procedures, business strategies and plans, product proposals, and research.  Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes.  Relatedly, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation.  Importantly, while communications strategy relates to public-facing statements, internal strategies and guidance on communications are nevertheless confidential and developed at great expense—communication strategy is entitled to confidentiality just as much as business strategy.  *See* Cummings Decl. ¶ 8.  These documents should be maintained under seal.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

1    **Exhibits 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81,**

2    **82, 83, 84, 85, 86, 87, 88, 89 90, 91, 92, 93, 94, 95, 96, 97, 98, 156, 157, 158, 159, 160, 161, and 162**

3    **(Sachin Kansal)**

4    These exhibits relate to Uber's Chief Product Officer Sachin Kansal.  The information in these

5    documents includes proprietary and confidential information and data about product research and

6    product proposals.  For example, Exhibit 60 is a document discussing proprietary research and

7    proposed safety features. Exhibit 61 is an email about company strategy and a pilot program for a

8    safety feature.  Exhibits 62, 64, 65, 69, 85, 86, 87, 88, 89, 95, 158, and 159 are presentations (or draft

9    presentations) that contain internal proprietary research and data and confidential information about

10    the details of safety product features and proposals.  Exhibit 63 is a document that details a meeting to

11    discuss internal business strategy and research on safety issues and proposals.  Exhibit 66 is an internal

12    chat on business strategy, technology, and cost information.  Exhibit 67 is a document that details

13    company information on technology and product usage.  Exhibit 68 is an email discussion detailing

14    research, technology, and company policies on a safety product.  Exhibit 70 is a draft document about

15    a strategy meeting on product design, detailing plans, proposals, and processes on product design.

16    Exhibits 71, 72, 73, 74, 75, 76, 77, and 93 are confidential emails on internal research, technology,

17    and strategy on product feature proposals.  Similarly, Exhibits 78, 79, and 80 are confidential emails

18    on business strategy for policy and safety issues and proposals.  Exhibit 82 is a draft document on

19    safety perception and incident reduction that details plans, proposals, and policies on a broad range of

20    safety issues.  Exhibits 83 and 84 are emails about strategy for communications on safety issues.

21    Exhibit 90 is an internal document related to a meeting on data and safety initiatives.  Exhibit 91 is an

22    email that details safety categories, business priorities, research, and plans.  Exhibit 92 is an email that

23    discloses strategy considerations for a safety feature proposal.  Exhibit 94 is a draft document on

24    Uber's safety brand platform which details safety policy, strategy, and business plans from a brand

25    perspective.  Exhibit 96 is a presentation that details confidential internal processes on safety incident

26    report management.  And Exhibit 97 is a confidential email that includes detailed internal statistics

27    and research on safety issues in various markets.  Plaintiffs include as Exhibit 98 a document

28

(apparently created by Plaintiffs) citing to and quoting from several other confidential documents. Among these are Exhibit 156, which is a transcript of an internal presentation by Mr. Kansal regarding business strategy and potential new product features. Exhibit 157 is a confidential strategy document regarding communications strategy at a campus product demonstration. Exhibit 160 is an internal email that discusses plans and internal considerations related to potential safety features. Exhibit 161 is an internal chat discussing strategy for an upcoming meeting about proposed product safety features. Finally, Exhibit 162 is a confidential presentation entitled "Safety Product Overview" that discloses internal data on public perceptions and proposals for future safety features.

Uber has expended significant resources developing its product design, business strategies, proprietary data, and other business plans. Uber's non-public internal organization, structure, and roles and responsibilities should likewise be protected from disclosure because its internal structures are a critical business decision, created strategically to reflect and achieve its priorities and goals. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes. Likewise, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation. And while communications strategy relates to public-facing statements, internal strategies and guidance on communications are nevertheless confidential and developed at great expense—communication strategy is entitled to confidentiality just as much as business strategy. Finally, while many product design features are publicly disclosed and marketed, Uber is entitled to maintain the confidentiality of its internal design, execution, and strategy behind its proprietary product design and safety features. *See* Cummings Decl. ¶ 9. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 99, 100, and 102 (Frank Chang)**

These exhibits relate to Uber's Vice President of Applied Science Frank Chang. The information in these documents includes confidential information about internal company policies and

procedures and data on a range of safety and business issues.  For example, Exhibits 99 and 102 are confidential emails that detail proprietary policies and procedures for handling JIRA incident reports. Exhibit 100 is a draft presentation designated as highly confidential regarding an internal strategy call for the Global Safety Support team, which contains information about internal confidential business strategy and priorities, including fraud detection, and internal roles and responsibilities.

Uber has expended significant resources developing its internal policies and procedures, business strategies, and product features.  Uber's non-public internal organization, structure, and roles and responsibilities should likewise be protected from disclosure because its internal structures are a critical business decision, created strategically to reflect and achieve its priorities and goals. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes.  *See* Cummings Decl. ¶ 10.  *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 103, 104, 105, 106, 107, 108, 109, 110, 164, 165, 167, 168, 169, 170, 171, 172, and 173 (Sarfraz Maredia)**

These exhibits relate to Uber's Vice President and Head of Americas Delivery for Uber Sarfraz Maredia.  The information in these documents includes confidential information about internal company policies and procedures and data on a range of safety and business issues.  For example, Exhibit 103 is a presentation marked highly confidential that discloses internal business structure and roles and responsibilities, and business strategies and plans.  Exhibit 104 is an email related to policies for driver deactivations.  Exhibit 105 is an email that discloses internal communications and press strategy.  Exhibit 106 a confidential email about driver reinstatement that discloses internal processes for such determinations.  Exhibit 107 is an email with comments from a confidential draft document that contains a discussion of background check and fraud prevention.  Exhibits 108 and 109 are a confidential email chain about background check policies and practices.  Plaintiffs include as Exhibit 110 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential

documents. Among these are Exhibit 164, which is a document related to a meeting discussing confidential internal data and internal goals on incident reports of safety issues. Exhibit 165 is an email about strategy on driver classification. Exhibit 167 is a confidential internal JIRA incident report which contains personal identifying information and discloses details of Uber's confidential internal incident report system. Exhibit 168 is a confidential letter to a regulator providing information on Uber's internal policies, procedures, and data on safety and background check issues, as well as internal operations and divisions. Exhibit 169 is an email discussing strategy for background check operations, including proprietary cost information and business priorities. Exhibit 170 is a confidential presentation that discloses proprietary research, market perception data, and financial information. Exhibits 171 and 173 are confidential emails about internal strategies to implement business priorities, and Exhibit 172 is similarly about business operations for a confidential strategic initiative.

Uber has expended significant resources developing its internal policies and procedures, business strategies, proprietary data, and safety features. Uber's non-public internal organization, structure, and roles and responsibilities should likewise be protected from disclosure because its internal structures are a critical business decision, created strategically to reflect and achieve its priorities and goals. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes. Likewise, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation. And while Uber provides public information about its background check practices on its website and Safety Reports, its internal discussions and technical policy details are nevertheless confidential and developed at great expense and entitled to confidentiality. *See* Cummings Decl. ¶ 11. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

**Exhibits 111, 114, 115, 116, 117, 118, 119, 174, 175, 176, 177, 178, 179, 180, 181, 182, 183, 184, and 185 (Ryan Graves)**

These exhibits relate to Uber's first employee and former CEO, board member, and Senior Vice President of Global Operations Ryan Graves. The information in these documents includes confidential information about internal company policies and procedures and business relationships. For example, Exhibit 111 is a confidential email about safety feature proposals and strategy. Exhibits 114, 115, 116, and 117 are emails about background check policies, procedures, proposals, and business partners. Exhibits 118 and 179 are an email with a business investor partner. Plaintiffs include as Exhibit 119 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential documents. Among these are Exhibit 174, an email marked as highly confidential about a potential business acquisition. Exhibit 175 is a highly confidential email regarding business terms with a foreign background check provider. Exhibit 176 is another highly confidential email which discusses business strategy regarding a competitor, web design, and background check policies. Exhibit 177 is an email that details business strategies, goals, progress, operations, and finances. Exhibit 178 is an email with a potential background check provider on terms and pricing. Exhibit 180 is a confidential email summarizing a meeting discussing proposals and strategy for background check policy and practices. Exhibit 181 is an email with proposals for product features and safety strategy. Exhibit 182 is a presentation detailing Uber's crisis management strategy, including processes and implementation and business proposals. Exhibit 183 is an email discussing strategy for driver feedback on the app. Exhibit 184 is an email detailing communications strategy and priorities. Finally, Exhibit 185 is a confidential email detailing background check policies and business partnerships.

Uber has expended significant resources developing its internal policies and procedures, business strategies, proprietary data, and safety features. Therefore, disclosure of this information risks harm to Uber through its competitors utilizing the information and copying processes. Likewise, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation. And while Uber provides public information about its background check practices on its website and Safety Reports, its internal discussions and

technical policy details are nevertheless confidential and developed at great expense and entitled to confidentiality. Similarly, while communications strategy relates to public-facing statements, internal strategies and guidance on communications are nevertheless confidential and developed at great expense—communication strategy is entitled to confidentiality just as much as business strategy. *See* Cummings Decl. ¶ 12. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

**Exhibits 120, 121, 122, 123, 124, 125, 186, 187, 188, 189, 190, and 191 (Joe Sullivan)**

These exhibits relate to Uber's former Chief Security Officer Joe Sullivan. The information in these documents includes confidential information about strategy, proposals, research, data, and communication on safety policy and practices. For example, Exhibit 120 is a draft communication about safety issues that reveals communication strategies. Exhibit 121 is another draft document about internal strategy on safety policy issues at Uber. Exhibit 122 is a confidential presentation that details Uber's strategy for business intelligence and other business strategies. Exhibit 123 details a range of business priorities, plans, and strategies and includes proprietary data and information. Exhibit 124 is an email marked highly confidential discussing strategies on safety issues and proposals across the company. Plaintiffs include as Exhibit 125 a document (apparently created by Plaintiffs) citing to and quoting from several other confidential documents. Among these are Exhibits 186, 187, and 188, confidential emails detailing internal data collection and research requests, business strategies and proposals, and technical information. Exhibit 189 is an information discussing communication strategy on safety issues and product features. Exhibit 190 is an email discussion of a safety incident and broader strategy for safety policies and procedures. Finally, Exhibit 191 is a detailed set of confidential internal notes broadly analyzing safety at Uber, including internal data, operations, policy, product features and development, and business plans and goals.

Uber has expended significant resources developing its internal policies and procedures, business strategies, proprietary data, and safety features. Therefore, disclosure of this information

risks harm to Uber through its competitors utilizing the information and copying processes. Likewise, internal strategy deliberations on confidential business decisions must be protected to avoid harm by chilling open and honest discussion and innovation. And while Uber provides public information about its background check practices on its website and Safety Reports, its internal discussions and technical policy details are nevertheless confidential and developed at great expense and entitled to confidentiality. Similarly, while communications strategy relates to public-facing statements, internal strategies and guidance on communications are nevertheless confidential and developed at great expense—communication strategy is entitled to confidentiality just as much as business strategy. *See* Cummings Decl. ¶ 13. *See* Sept. 3, 2024 Order, ECF 1559 at 2; *Adtrader*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Epidemic Sounds*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

### B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

No less restrictive alternative to sealing the documents at issue is sufficient. *See* Cummings Decl. ¶ 2-14. Uber has already narrowed its request to seal from the material in Plaintiffs' Motion by narrowing redactions, requesting limited redactions in place of fully sealing documents, or not requesting to seal or redact documents where appropriate. Actions short of sealing the documents requested by Uber would not protect Uber's competitive standing and the legitimate privacy interests of Uber employees and third parties.

### IV.    CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DATED: March 21, 2025                    Respectfully submitted,

                                         **SHOOK HARDY & BACON L.L.P.**

                                         By: */s/ Michael B. Shortnacy*
                                             MICHAEL B. SHORTNACY

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB

MICHAEL B. SHORTNACY (SBN: 277035)
  mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
  oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
  ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
  jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL [ECF NOS. 2518, 2542]
Case No. 3:23-MD-3084-CRB