# EXHIBIT B

**I.   Production of Policy and Knowledge Base Related Hyperlinked Documents**

1.  In full compliance with item number 1 as articulated by the Court (ECF 2545, page 5, lines 10-23) and consistent with the Parties' Stipulation Regarding the Production of Hyperlinked Material (ECF 2464), Plaintiffs shall be permitted to make one request per week, by Wednesday of each week, until the deadline for substantial completion of fact discovery, for no more than fifty (50) hyperlinked documents[1] from the forty (40) policy documents that are the subject of ECF 1996, by providing Defendants an Excel spreadsheet in native format containing columns that indicate: i) title of the policy document from the metadata, ii) the Bates number of the page containing the specific hyperlinks requested, iii) the specific hyperlink that Plaintiffs are seeking; iv) the URL, if available; and v) the Rule 34 discovery request applicable to the hyperlinked document.

2.  In response to these once-weekly requests, Defendants shall have five (5) business days to produce or identify the up to fifty (50) requested hyperlinked documents to Plaintiffs to the extent the requested hyperlinked document is an internal Uber document that is not privileged, otherwise protected from disclosure, irrelevant, or commercially sensitive, and is available to be collected.

3.  If Defendants are unable to satisfy or fulfill Plaintiffs' request(s), the Parties are required to meet-and-confer upon request within three (3) business days of Defendants' deadline to provide the requested hyperlinked documents, and Defendants will provide a written response indicating why Defendants are unable to satisfy or fulfill Plaintiffs' request(s). If Plaintiffs are unsatisfied by Defendants' explanation for why such additional documents cannot be produced, the meet-and-confer will qualify as the Parties' final meet-and-confer for the purposes of PTO 8, to be adjudicated by Special Master Judge Jones.

**II.   Documents and Information Sufficient to Show Hyperlink Destinations**

1.  In full compliance with item number 2 as articulated by the Court (ECF 2545, page 5,

---

[1] Plaintiffs' request shall be based on "a specific, good faith basis for anticipating that the hyperlinked documents will be responsive to their request for policy-related documents, such as revealing the meaning of Uber's policy." ECF 2545 at 5.

lines 24-28), Plaintiffs shall be permitted to select up to twenty (20) specific policy documents[2] (*i.e.*, one specific temporal version of each of the twenty (20) policies) for which Defendants shall provide information for Plaintiffs to understand the destination of every hyperlink to the extent feasible, by providing Defendants an Excel spreadsheet in native format containing columns that indicate: i) title of document from the metadata, ii) the Bates number of the page containing the specific hyperlinks for which Plaintiffs seek to understand the destination, iii) the hyperlinks themselves; iv) the URL, if available; and v) the discovery request applicable to the specific policy document.

2. Defendants shall have five (5) business days to complete and return the spreadsheet by describing the destination of each hyperlink identified therein. For example, Defendants shall advise "whether that is to another part of the same document, another document previously produced, another document produced as part of this process, or a document withheld for an articulated reason." *See* ECF 2545.

3. If Defendants are unable to satisfy or fulfill Plaintiffs' request(s) as outlined in paragraph 2 above, the Parties are required to meet-and-confer upon request within three (3) business days of Defendants' deadline to provide the requested hyperlinked documents, and Defendants shall provide a written response indicating why they are unable to satisfy or fulfill Plaintiffs' request(s). If Plaintiffs are unsatisfied by the Defendants' explanation for why such additional documents cannot be produced, the meet-and-confer will qualify as the Parties' final meet-and-confer for the purposes of PTO 8, to be adjudicated by Special Master Judge Jones.

### III. Alternatives to a Live, Real-Time Inspection

1. Pursuant to ECF 2545, Defendants have "consider[ed] whether other methods of identifying hyperlinked documents are more efficient than the sort of mediated inspection ordered here" and whether there is "an alternative approach whereby the inspection is not necessary to ensure a complete response to Plaintiffs' requests for discovery of Uber's policy documents."

2. It is Defendants' position that Defendants' compliance with Sections I and II of the

---

[2] Plaintiffs' request shall be based on "a specific, good faith basis for anticipating that the hyperlinked documents will be responsive to their request for policy-related documents, such as revealing the meaning of Uber's policy." *Id.* at page 5.

proposed protocol above obviates the need for a live, real-time inspection. In the parties' Court-ordered conferrals, Plaintiffs refused to consider any alternatives, despite the Court's encouragement to do so. ECF 2545 at page 6, lines 18-22.

3. To the extent Plaintiffs remain unsatisfied by Defendants' responses, productions, and other efforts as described above in Sections I and II of the protocol, *i.e.* Production of Policy and Knowledge Base Related Hyperlinked Documents; proffer of Documents and Information Sufficient to Show Hyperlink Destinations, the parties shall submit their dispute as to whether an inspection is still "necessary to ensure a complete response to Plaintiffs' requests for discovery of Uber's policy documents" pursuant to PTO 8 to be adjudicated by Special Master Jones. Specifically, Plaintiffs shall submit a brief limited to ten (10) pages articulating the basis as to why an inspection is still needed to Special Master Jones. Defendants shall submit a response brief within five (5) days of Plaintiff's brief limited to ten (10) pages to Special Master Jones and Plaintiffs may submit a reply brief within three (3) days of Defendants' response limited to five (5) pages to Special Master Jones. If Special Master Jones decides that an inspection is not warranted, Plaintiffs may appeal such decision within three (3) days to the District Judge. If Special Master Jones decides that an inspection is warranted, Plaintiffs shall prepare an Excel spreadsheet that identifies: i) title of policy document from the produced metadata, ii) the Bates number of the page containing the specific hyperlink in question that Plaintiffs requested pursuant to Section I above but remains unresolved, iii) the precise hyperlink being requested; iv) the URL, if available; and v) the discovery request applicable to the hyperlink.

4. Service by Plaintiffs on Defendants of the spreadsheet set forth herein shall be no later than five (5) days prior to the inspection and shall provide notice for Defendants to seek credentialed access to the hyperlinked documents in order to prepare for a potential virtual *in camera* inspection exercise governed and administered by the Special Master.

5. Pursuant to the Court's Order (ECF 2545), Defendants' proposed protocol above provides an "alternative approach whereby inspection is not necessary to ensure a complete response to Plaintiffs' requests for discovery of Uber's policy documents." In the event the Court is inclined

1 not to refer the setting of the final inspection protocol to the Special Master or the Special Master
2 decides that an inspection is still warranted after Defendants' compliance with its proposed protocol
3 set forth above, Defendants set forth below the following requirements for appropriate safeguards to
4 protect the commercially sensitive, personal identifying, and legally privileged materials that would
5 be the subject of the inspection. Defendants believe the importance of the commercial and privacy
6 interests at stake require the opportunity to submit evidence in support thereof. Specifically,
7 Defendants propose that in lieu of a live, real-time inspection of interconnected systems that are in
8 constant use throughout the enterprise, Defendants will present an attorneys' eyes-only tutorial of
9 how specifically requested policies appear and are navigated via hyperlink over the course of one (1)
10 business day for no longer than eight (8) hours.

11      6.    Any inspection must be conducted in person at the San Francisco offices of Shook,
12 Hardy & Bacon L.L.P.

13      7.    The inspection shall take place on a business day during the hours of 9 am PT to 5 pm
14 PT, and in total shall be limited to eight (8) hours in duration.

15      8.    Plaintiffs shall provide Defendants with the names of all counsel that are proposed to
16 participate in the inspection no fewer than five (5) business days prior to the inspection.

17      9.    Plaintiffs shall provide a list of Defendants' produced policies that will be subject to
18 inspection no fewer than five (5) business days prior to the inspection as set forth above.

19      10.    Any inspection shall be attended only by: (i) appropriate representatives of
20 Defendants necessary to facilitate access to the relevant policy documents, Defendants' in house and
21 outside counsel of record in the litigation, any other legal counsel necessary to advise Defendants
22 about claims of regulatory, intellectual property, litigation, compliance, data privacy, or other legal
23 privilege applicable to linked documents before the documents are seen in any inspection; and (ii)
24 Plaintiffs' Leadership Counsel, and any designees who are counsel of record in this litigation.

25      11.    All attendees of the inspection other than the Special Master (and/or Special Master
26 Representative), regardless of whether they are counsel of record, shall sign Exhibit A to the
27 Protective Order entered by the Court in this litigation.

28

1      12.    No remote attendance of the inspection shall be permitted, due to the sensitive and proprietary nature of the material.

3      13.    Due to the sensitive and proprietary nature of the material, no recordings and/or screenshots of any kind of the inspection shall be permitted.

5      14.    The Special Master (or a representative of the Special Master) shall be present in person at the inspection.

7      15.    As set forth in the Court's Order (ECF 2545, page 5, lines 11-14), before any requested hyperlink is followed or shown to Plaintiffs, Defendants shall have the ability to review the requested document and assert an objection to disclosure or "access based on privilege or similar protective doctrines (e.g., work product), or on a sufficient combination of irrelevance and commercial sensitivity that allowing access even under the terms of the protective order in this case would cause undue burden."

13      16.    As set forth in the Court's Order (ECF 2545, page 6, line 10), the Special Master, or representative of the Special Master, shall be empowered to either uphold an objection and deny access, overrule the objection and grant access, or, if necessary, take the issue under submission to be resolved at a later date.