IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

1    I, Tiffany R. Ellis, hereby declare as follows:

2    1.    I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2.    I submit this declaration in support of Plaintiffs' List of Disputed Entries for Special Master Review on March 19, 2025.

3.    Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Special Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

4.    The List of Disputed Entries for Special Master Review Plaintiffs provided on March 19, 2025 contained entries still in dispute for custodians, Catherine Gibbons, Jordan Burke, Carley Lake, Cassie Hawk, Rachel Holt, and Andrew Hasbun.

5.    The List of Disputed Entries for Special Master Review Plaintiffs provided on March 19, 2025 did not contain any entries for the custodians that overlapped with custodians already submitted to the Special Master for review.

**Catherine Gibbons**

6.    Defendants included approximately 1,887 entries for Catherine Gibbons across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

7.    Plaintiffs originally challenged approximately 1,203 of these 1,887 entries.

8.    As of January 31, 2025[1], Defendants withdrew their claim of privilege to 322 entries in full and 113 entries in part.

9.    On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege

---

[1] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

to 696 entries in full and 264 entries in part.

10. Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. Defendants have withdrawn their claim of privilege to 719 entries in full and 274 entries in part.

11. On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would produce with redactions.

12. The parties met and conferred on March 19, 2025.

13. On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a list of 455 entries still in dispute including 57 entries naming Gibbons as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 privilege log for Catherine Gibbons.

14. On March 21, 2025, Defendants provided an additional spreadsheet noting an list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

15. On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there are 53 entries in dispute for Gibbons.

**Jordan Burke**

16. Defendants included approximately 292 entries for Jordan Burke across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

17. Plaintiffs originally challenged approximately 152 of these 292 entries.

18.  As of January 31, 2025[2], Defendants withdrew their claim of privilege to 49 entries in full and 11 entries in part.

19.  On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege to 124 entries in full and 17 entries in part.

20.  Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. Defendants have withdrawn their claim of privilege to 126 entries in full and 17 entries in part.

21.  On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would produce with redactions.

22.  The parties met and conferred on March 19, 2025.

23.  On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a lists of 455 entries still in dispute including 14 entries naming Burke as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 privilege log for Jordan Burke.

24.  On March 21, 2025, Defendants provided an additional spreadsheet noting an list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

25.  On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there

---

[2] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

- 4 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW

are 14 entries in dispute for Burke

**Carley Lake**

26. Defendants included approximately 897 entries for Carley Lake across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

27. Plaintiffs originally challenged approximately 432 of these 897 entries.

28. As of January 31, 2025[3], Defendants withdrew their claim of privilege to 117 entries in full and 56 entries in part.

29. On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege to 254 entries in full and 124 entries in part.

30. Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. In total, to date, Defendants have withdrawn their claim of privilege to 259 entries in full and 127 entries in part.

31. On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would produce with redactions.

32. The parties met and conferred on March 19, 2025.

33. On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a lists of 455 entries still in dispute including 35 entries naming Lake as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 privilege log for Carley Lake.

34. On March 21, 2025, Defendants provided an additional spreadsheet noting an list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with

---

[3] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

- 5 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW

redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

35. On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there are 32 entries in dispute for Lake.

**Cassie Hawk**

36. Defendants included approximately 271 entries for Cassie Hawk across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

37. Plaintiffs originally challenged approximately 202 of these 271 entries.

38. As of January 31, 2025[4], Defendants withdrew their claim of privilege to 172 entries in full and 6 entries in part.

39. On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege to 179 entries in full and 19 entries in part.

40. Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. In total, to date, Defendants have withdrawn their claim of privilege to 561 entries in full and 268 entries in part.

41. On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would produce with redactions.

42. The parties met and conferred on March 19, 2025.

43. On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a lists of 455 entries still in dispute including 1 entries naming Hawk as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber,

---

[4] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

- 6 -

documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 privilege logs for Cassie Hawk.

44. On March 21, 2025, Defendants provided an additional spreadsheet noting an list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

45. On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there is one entry in dispute for Hawk.

**Rachel Holt**

46. Defendants included approximately 3,226 entries for Rachel Holt across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

47. Plaintiffs originally challenged approximately 2,184 of these 3,226 entries.

48. As of January 31, 2025[5], Defendants withdrew their claim of privilege to 94 entries in full and 101 entries in part.

49. On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege to 1,3967 entries in full and 569 entries in part.

50. Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. In total, to date, Defendants have withdrawn their claim of privilege to 561 entries in full and 268 entries in part.

51. On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would

---

[5] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

produce with redactions.

52. The parties met and conferred on March 19, 2025.

53. On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a lists of 455 entries still in dispute including 112 entries naming Holt as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 for Rachel Holt.

54. On March 21, 2025, Defendants provided an additional spreadsheet noting an list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

55. On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there are 75 entries in dispute for Holt.

**Andrew Hasbun**

56. Defendants included approximately 1,985 entries for Andrew Hasbun across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

57. Plaintiffs originally challenged approximately 900 of these 1,985 entries.

58. As of January 31, 2025[6], Defendants withdrew their claim of privilege to 207 entries in full and 281 entries in part.

59. On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute. Defendants withdrew their claim of privilege to 715 entries in full and 592 entries in part.

60. Defendants provided Plaintiffs with another revised Privilege Log on March 19, 2025. In total, to date, Defendants have withdrawn their claim of privilege to 561 entries in full

---

[6] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

and 268 entries in part.

61. On March 19, 2025, Defendants provided a spreadsheet indicating they would produce 133 entries from the list of disputed entries Plaintiffs submitted to the Special master and Defendants on March 10, 2025. Additionally, Defendants noted 140 entries they would produce with redactions.

62. The parties met and conferred on March 19, 2025.

63. On March 19, 2025, Plaintiffs provided the Special Master and Defendants with a lists of 455 entries still in dispute including 247 entries naming Hasbun as the custodian a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders. Plaintiffs also provided a list of entries in dispute from Uber's March 14, 2025 privilege logs for Andrew Hasbun.

64. On March 21, 2025, Defendants provided an additional spreadsheet noting a list of 32 entries Defendants would produce in full and 97 entries Defendants would produce with redactions. Defendants produced the majority of these documents after hours on March 21, 2025. These documents were not uploaded to Plaintiffs' review platform until the afternoon of March 24, 2025.

65. On March 24, 2025, Plaintiffs submitted an updated list to the Special Master and Defendants following a review of the documents produced with redactions. As of this date, there are 70 entries in dispute for Gibbons

Executed this 24th day of March, 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis