RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC. AND RAISER, LLC'S OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)** |

Pursuant to Special Master Order No. 2 (Dkt. 2357) § III(8), Defendants Uber Technologies, Inc. and Raiser, LLC ("Uber") respectfully submit their second set of objections to the Special Master Privilege Determinations for Custodians Sullivan, Fuldner and Cinelli ("Privilege Determinations"), dated March 17, 2025, and the Special Master Report of Privilege Determinations and Order, entered on March 18, 2025.[1] *See* Dkt. 2529. The Special Master determined that 20 of the 155 documents reviewed are not privileged, while upholding the privilege assertion as to 60 documents and permitting Uber's proposed redactions or recommending new redactions as to 50 documents. Based on content not originally available to the Special Master, Defendants respectfully object to the Special Master's determinations as to a small number of those documents. First, Defendants request that the Special Master reverse the Privilege Determinations for two documents because other documents attached to the challenged privileged documents in question (i.e., the "parent" email attaching the "child" challenged document, together considered a "document family") provide additional and critical context that was not available to the Special Master during the Master's initial review. Second, Defendants request that the Special Master reverse the Privilege Determinations for one additional document due to "hidden content" that may not have been apparent to the Special Master on the Relativity review platform and is important to substantiate Defendants' claim that the draft document in question was provided for the purpose of seeking legal advice. The detailed bases for Defendants' objections and requested relief are explained below.

I.     **Parent Emails Further Support Two Privilege Claims.**

The Special Master evaluated two documents for privilege without having the benefit of access to the "parent" emails that attached and transmitted the privileged documents in question: JCCP_MDL_PRIVLOG016142 and JCCP_MDL_PRIVLOG015747. These "parent" emails provide additional context and support for the privilege claims. The Relativity review platform functionality that correlates documents with their related family members (i.e., showing "parent" emails with all of

---

[1] On March 20, 2025, the Special Master granted Defendants' request for an extension of the deadline to allow objections to the Order to be asserted on a rolling basis commencing on Friday, March 21, and concluding on Monday, March 24.

2

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

their "child" attachments) was not enabled on the Special Master's document review platform because, following the parties' discussions with the Special Master team in setting the functionality of the review platform, the set-up was limited *only* to challenged documents. Thus, as an unintended consequence of the parties' agreed-upon framework, where Plaintiffs did not challenge the "parent" email, that email was not included in the Master's review platform. As further explained below, the related family documents to the privileged documents at issue and that Defendants are making available to the Special Master with this submission are the cover "parent" emails to the respective documents that further substantiate Defendants' privilege claims. Defendants also re-submit the March 17, 2025, declaration of Jennifer Handley, Senior Director, Safety Legal, Global (Ex. A) and submit an additional declaration from Ms. Handley (Ex. B), which, when read together with the "parent" email from Ms. Handley attaching the document in question, provide additional factual support that helps to clarify Uber's privilege assertion.

JCCP_MDL_PRIVLOG016142 is an attachment to JCCP_MDL_PRIVLOG016141 ("141 Cover Email"). The 141 Cover Email shows that JCCP_MDL_PRIVLOG016142, a draft version of Uber's U.S. Safety Report, was sent by Uber's in-house counsel, Jennifer Handley, to Uber Senior Executive Team member, Gus Fuldner (then-Vice President, Safety and Insurance), and to in-house counsel, Katie Waitzman (then-Associate General Counsel, Safety and Insurance) and Scott Binnings (then-Legal Director, Safety), in connection with ongoing legal analysis and work associated with the draft report. At the time the draft safety report was sent by Ms. Handley to Mr. Fuldner and her in-house counsel colleagues, the report was still undergoing revisions and comments from counsel, which is reflected by the "draft" watermark on the document and the comments embedded within the document. Ms. Handley sent the draft to Mr. Fuldner and her in-house counsel colleagues and specifically noted that the draft was being provided "for review." *See* JCCP_MDL_PRIVLOG016141. Ms. Handley also took care to password protect the document at the time the document was transmitted to her colleagues. Ms. Handley has explained that she and a team of Uber's in-house attorneys directed and coordinated the drafting of the Safety Report due to the legal risks of public statements regarding

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

safety issues. Ex. A, ¶¶ 2-3; Ex. B ¶ 3. Uber's in-house attorneys directed and coordinated the drafting of the Safety Report to facilitate the provision of legal advice on the statements contained therein. *Id.* This fact is consistent with and illustrated by the 141 Cover Email, as the draft safety report was sent by and to Uber's in-house lawyers for their review. Ms. Handley confirmed that she sent the draft safety report attached to the 141 Cover Email for the purpose of seeing the legal advice of Ms. Waitzman and Mr. Binnings so that their advice could be considered and included as the draft report was being finalized. Ex. B ¶ 3. Each non-attorney involved with drafting the report, including here, Mr. Fuldner, did so at the direction and under the supervision of counsel. *Id.* As Ms. Handley explained, the draft report was maintained confidentially throughout the drafting process (*id.*), which is corroborated by the fact that JCCP_MDL_PRIVLOG016142 is still password protected. Ms. Handley and the Uber in-house team sought to protect the confidentiality of the drafting process by carefully managing access to report drafts and utilizing additional measures such as watermarks and password protecting draft versions of the report, as is the case with JCCP_MDL_PRIVLOG016142. *Id.*

Magistrate Judge Cisneros upheld Uber's privilege assertion as to a similar copy of the draft safety report, which was sent to outside counsel for review at the direction of Uber's in-house counsel (Scott Binnings). *See* Order Regarding Third Set of Challenges to Uber's Privilege Claims (Dkt. 2168) at 13-14. Judge Cisneros found that the communication "sufficiently furthered the purposes of the attorney-client relationship (e.g., by ensuring that any advice could be implemented properly before the [draft safety report] was released) to remain within the scope of attorney-client privilege." *Id.* at 14. Judge Cisneros further concluded that the draft safety report attached to the email chain was privileged because it, like the version at issue here, was shared for the purpose of seeking legal advice. The same conclusion is warranted here.

JCCP_MDL_PRIVLOG015747 is an attachment to an email identified as JCCP_MDL_PRIVLOG015746. In his March 10, 2025 Declaration, Uber's in-house counsel, Scott Binnings, explained that he sent the attachment to non-attorney Uber employees via email seeking to

4

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

1  speak with them about an issue related to data retention and deletion that had been brought to his
2  attention. Dkt. 2463 at 3-4. The Special Master's determinations noted that the email
3  (JCCP_MDL_PRIVLOG015746) was not provided. Defendants are now making that email available
4  for the Special Master's review through the review platform. The attachment is a confidential
5  document authored and owned by Uber's legal team. Binnings Decl., Dkt. 2463 at ¶ 3. It contains legal
6  advice that Mr. Binnings and other in-house counsel provided concerning data retention and deletion
7  matters. *Id.* This attachment is privileged because, as Mr. Binnings explained and as the parent email
8  reflects, Mr. Binnings sent it to the non-attorney Uber employees for the purpose of facilitating Mr.
9  Binnings's provision of legal advice about an issue related to data retention and deletion. *Id.*

10  The Special Master should find that JCCP_MDL_PRIVLOG016142 and
11  JCCP_MDL_PRIVLOG015747 are privileged because the parent emails transmitting the privileged
12  documents and additional declaration submitted with Defendants' objections show that these
13  documents are attachments to attorney-client privileged communications. *See Costco Wholesale*
14  *Corp. v. Superior Ct.*, 47 Cal.4th 725, 734 (2009) ("The attorney-client privilege attaches to a
15  confidential communication between the attorney and the client and bars discovery of the
16  communication irrespective of whether it includes unprivileged material."); *In re Banc of California*
17  *Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) (draft disclosure documents sent to an
18  attorney for comment or input are privileged)).  These documents were transmitted to and/or sent by
19  Uber in-house attorneys for the purpose of obtaining and/or providing legal advice to the company,
20  and upholding Defendants' privilege claim protects the expectation of confidentiality and purpose of
21  the attorney-client privilege. *See Mitchell v. Superior Court*, 691 P.2d 642, 646 (1984) ("the
22  fundamental purpose behind the privilege is to safeguard the confidential relationship between clients
23  and their attorneys so as to promote full and open discussion of the facts and tactics surrounding
24  individual legal matters.").  The facts presented to the Special Master demonstrate that both
25  attachments were kept confidentially by the company and distributed by in-house counsel for the
26
27
28

5

purpose of facilitating the provision of legal advice. This falls squarely within the fundamental purpose of the attorney-client privilege and should be upheld here.

## II. Attorney Comments Contained in the "Hidden Content" Support Defendants' Privilege Claim.

Defendants object to the Special Master's determination that JCCP_MDL_PRIVLOG007861 is not privileged because attorney comments contained in the "hidden content" on the Relativity platform substantiate Defendants' privilege claim. The Special Master reasoned that "Uber has not shown that this draft document was created or provided for the purpose of seeking legal advice nor does the document convey legal advice." *See* Privilege Determinations at Row 41. The draft document notes, in the heading, that review was solicited from Amos Davis on behalf of "Legal." Mr. Davis is Senior Counsel for Uber, as noted on the list of inside and outside counsel provided to the Special Master. The fact that the draft document was provided for the purpose of seeking Mr. Davis's legal advice is further demonstrated by the fact that he did, in fact, provide his comments and opinions on the document, which commentary is viewable in the "hidden content" on the Relativity platform and may not have been readily apparent during the Special Master's review.

The Special Master should find that this document is privileged in its entirety. Draft documents, like this one, sent to counsel to review for the purpose of providing legal advice are privileged, even if the final version of the document is ultimately made public. *See*, *e.g.*, *In re Banc of Cal. Sec. Litig.*, 2018 WL 6167907, at *2 (C.D. Cal. Nov. 26, 2018) ("When a client sends a draft disclosure document to an attorney for comment or input, the attorney-client privilege attaches to the draft and remains intact even after the final document is disclosed."); *City of Roseville Employees' Ret. Sys. v. Apple Inc.*, 2022 WL 3083000, at *23-24 (N.D. Cal. Aug. 3, 2022) (finding that a draft version of a publicly available financial disclosure form, that was sent to in-house counsel, which reflects in-house counsel's legal advice is privileged). The Special Master should uphold Uber's privilege claim in its entirety as to this draft document provided to counsel for comment. At a minimum, the Special Master should permit redactions to protect the privileged nature of the attorney comments contained

6

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

1  in the "hidden content," along with the associated text, which reflects the legal advice provided by Mr.
2  Davis.

## CONCLUSION

For the reasons above, the Special Master should find: (i) that JCCP_MDL_PRIVLOG016142 and JCCP_MDL_PRIVLOG015747 are privileged, as evidenced by their cover emails and additional factual information provided by Defendants; and (ii) that JCCP_MDL_PRIVLOG007861 is privileged based on attorney comments viewable in the "hidden content."

DATED: March 24, 2025                     Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

7

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

8

OBJECTIONS (SECOND SET) TO SPECIAL MASTER PRIVILEGE DETERMINATIONS FOR CUSTODIANS SULLIVAN, FULDNER, AND CINELLI – PURSUANT TO SPECIAL MASTER ORDER NO. 2 (DKT. 2357) § III(8)
Case No. 3:23-MD-3084-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

                                                */s/ Michael B. Shortnacy*
                                                MICHAEL B. SHORTNACY