UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING PROTOCOLS FOR PRODUCTION OF POLICY HYPERLINKS**<br><br>Re: Dkt. No. 2595 |

The Court has reviewed the parties' competing proposed protocols for production and inspection of hyperlinked policy-related documents, Dkt. No. 2595, as called for by the Court's Order dated March 18, 2025, Dkt. No. 2545. The Court ORDERS as follows. This Order borrows in part from the text of Uber's proposal, but all differences from that proposal are intentional, even where not specifically noted. The Court will address the process for an inspection in a separate order to follow.

**I.      PRODUCTION OF SPECIFIC HYPERLINKS ON REQUEST**

1. Plaintiffs shall be permitted to make one request per week, by Wednesday of each week, until the deadline for substantial completion of fact discovery, for no more than fifty hyperlinked documents referenced in Uber's production of non-custodial policy-related documents, by providing Uber an Excel spreadsheet in native format containing columns that indicate: i) title of the policy document from the metadata, ii) the Bates number of the page containing the specific hyperlinks requested, iii) the specific hyperlink that Plaintiffs are seeking; iv) the URL, if available; and v) the date of the version of the document they seek, if multiple versions are available, which may be stated as the version in existence on a specific date, "most recent," or "earliest available." Each dated version that Plaintiffs request shall count as one of their seventy-five documents for the week. Plaintiffs may alternatively request all available

versions of a particular document, which shall count as ten documents for the purpose of the weekly quota, regardless of the number of versions that exist.[1]

2. In response to these once-weekly requests, Uber shall have five days to produce or identify the up to fifty requested hyperlinked documents to Plaintiffs to the extent the requested hyperlinked document is an internal Uber document that: i) is not privileged, otherwise protected from disclosure, or both irrelevant and so commercially sensitive that it cannot be produced even under the terms of the protective order in this litigation; and ii) is available to be collected.

3. If Uber is unable to satisfy or fulfill Plaintiffs' request(s), Uber shall provide a written statement of the reasons for that inability by the deadline above, and the Parties are required to meet-and-confer upon request within three days after that response. If Plaintiffs are unsatisfied by Uber's explanation for why such additional documents cannot be produced, the meet-and-confer will qualify as the Parties' final meet-and-confer for the purposes of PTO 8. If Uber is unable to satisfy a portion of Plaintiffs' request, Uber must still timely produce any available documents or information in response to other portions of Plaintiffs' request.

## II. DOCUMENTS FOR WHICH ALL HYPERLINKS SHALL BE PRODUCED

Judging by the parties' responses, this portion of the Court's previous Order could perhaps have been clearer. The Court's intent was to require production of all documents hyperlinked from certain policy documents, or identification by Bates number if such documents had already been produced, not (as both sides now propose) merely further information about the documents that might or might not have yet been produced. *See* Dkt. No. 2545 at 5–6. The Court therefore ORDERS as follows. Because this Order differs from both sides' proposals, the parties may stipulate to modify it if they so choose, but this Order controls in the absence of any agreement to the contrary.

---

[1] The Court declines Uber's proposal to require Plaintiffs to identify an applicable Rule 34 discovery request for each hyperlink. In the Court's view, most requested hyperlinked documents will be relevant to understanding the meaning of the policies that reference them, and a requirement to specify that in each request adds unnecessary work and potential grounds for disputes. That said, the Court reiterates that Plaintiffs' requests must be based on "a specific, good faith basis for anticipating that the hyperlinked documents will be responsive to their request for policy-related documents, such as revealing the meaning of Uber's policy." Dkt. No. 2545 at 5.

1.      Plaintiffs shall be permitted to select up to twenty specific policy documents (i.e., specific temporal versions of policies), identified by first-page Bates number, for which Defendants shall: a) produce all hyperlinked internal Uber documents to the extent possible and not already produced; b) and provide information for Plaintiffs to understand the destination of every hyperlink to the extent feasible, by providing Plaintiffs an Excel spreadsheet in native format containing columns that indicate: i) title of document from the metadata, ii) the Bates number of the page containing each specific hyperlink, iii) the text of the hyperlinks themselves; iv) the URLs, if available; and v) the destination of the hyperlink by Bates number if it is an internal Uber document that has been produced (or a specific part of such document), or a reason for withholding if it has not been produced, or an indication that the hyperlink is not directed to an internal Uber document.

2.      Plaintiffs may request documents and information for all hyperlinks in no more than four policy documents per week, through the substantial completion of fact discovery, up to a total of twenty such documents.  These requests are separate from and do not count towards the requests for fifty specific hyperlinked documents per week under Part I above.

3.      Uber shall respond by producing documents and information as discussed above no later than seven days after Plaintiffs' request.  To the extent possible, Uber must produce or identify hyperlinked documents as they existed as of the date of the policy document Plaintiffs identified as the basis for the request.

4.      The dispute resolution provisions of paragraph 3 of Part I above apply equally to this Part II.

**IT IS SO ORDERED.**

Dated: March 24, 2025

LISA J. CISNEROS
United States Magistrate Judge