RANDALL S. LUSKEY (SBN: 240915)
rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
ratkins@paulweiss.com
JACQUELINE P. RUBIN (*Pro Hac Vice* admitted)
jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor (via videoconference)<br>Date: March 28, 2025<br>Time: 10:00 a.m. |

# JOINT CASE MANAGEMENT STATEMENT

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), and Plaintiffs' Co-Lead Counsel (collectively referred to herein as "the Parties"), respectfully provide this Joint Case Management Conference Statement and Proposed Agenda in advance of the Case Management Conference scheduled for March 28, 2025.

### Proposed Agenda

I. Status of Case Filings

II. Bellwether Selection Process

III. Bellwether Deposition Protocol

IV. Bellwether DFS Discovery

V. General Discovery Updates

VI. Settlement Special Master

VII. Appointment of Additional PSC Members

VIII. Next Case Management Conference

I. **Status of Case Filings**

**Number of MDL Case Filings**

As of March 23, 2025 there are currently 1,927 cases in this MDL. Since the last case management conference on February 28, 2025, 110 new cases have been filed.

**Status of JCCP**

There are approximately 552 cases pending in the JCCP.

**Other Cases and Proceedings**

Uber has provided a current list of civil actions and government investigations arising from sexual assault on the Uber platform in which Uber is a defendant, attached as Exhibit A.

II. **Bellwether Selection Process**

On December 12, 2024, the Court issued PTO 21: Bellwether Selection Process and Scheduling Order. ECF No. 1950. On February 21, 2025, the parties each submitted their 10 bellwether selections to the Court. ECF Nos. 2373, 2375. The Court confirmed the selections at the February 28 case management conference. On March 14, 2025, Plaintiffs filed amended complaints for 19 of the selected plaintiffs.

Uber will file Rule 12 motions by April 15. The parties will submit letter briefs on whether the bellwether cases should be tried individually or in waves by April 1. ECF 1950 at 3.

**Defendant's Position:**

One selected Plaintiff, Jane Roe CL 68, did not file an amended complaint as ordered in PTO 21. ECF No. 1950. None of the other 19 selected Plaintiffs signed their amended complaints; instead, each amended complaint was signed by counsel. On March 14, 2025, Uber served initial written discovery requests on each of the 20 selected plaintiffs. None of the selected plaintiffs have confirmed they intend to proceed with this litigation.

PTO 21 provides: "In the event that a proposed Plaintiff refuses to participate as a bellwether, the Defendant may select a substitute Plaintiff." In light of the June 16, 2025 deadline to complete fact discovery established by PTO 21, selected Plaintiffs should be ordered to confirm they intend to proceed by April 1, 2025. In the event any selected Plaintiffs opt not to participate, Uber will select substitute Plaintiffs pursuant to PTO 21. Any substitute Plaintiffs should similarly be required to confirm they intend to proceed within one week of selection in light of the schedule required by PTO 21.

**Plaintiffs' Position:** The PSC has confirmed with counsel for all Bellwether Plaintiffs that they intend to comply with the Court's scheduling order. Plaintiff Jane Roe CL 68 intends to proceed on her original complaint, and does not seek to amend at this time. If and when any Plaintiff refuses to participate, the PSC will advise Uber immediately.

### III. Bellwether Deposition Protocol

**Plaintiffs' Position**: On March 17, Plaintiffs sent Uber a draft proposed order regarding Bellwether Depositions. The draft proposes a protocol for scheduling and taking depositions related to the bellwether cases. It is designed to ensure the parties adhere to the Court's

1  scheduling order in PTO 21. On March 25, Defendants responded to Plaintiffs' request for a meet
2  and confer. Plaintiffs intend to work with the Defendants so the Court may review the proposal
3  and enter an order governing bellwether depositions. Plaintiffs are ready to discuss the protocol
4  with the Court at the case management conference.

5  **Defendants' Position** Plaintiffs first proposed a deposition protocol on March 17, 2025.
6  In response, Uber offered to meet and confer with Plaintiffs' counsel regarding an appropriate
7  protocol. Uber expects the parties will be in a position to report on the status of those
8  negotiations during the conference.

### IV. Bellwether DFS Discovery

**Plaintiffs' Position:** Plaintiffs request that the Court order Uber to certify that Defendant Fact Sheet (DFS) production is complete for all Plaintiffs where a DFS has been served. Despite the deadline to complete DFS production within 30 days of receiving a ride receipt (PTO 10 at 5-6), Uber has produced DFS documents on a rolling basis and refuses to certify that DFS production is complete in cases for which the PTO 10 deadline has passed. Individual counsel and Plaintiffs' leadership have continued to meet and confer with Uber regarding this issue, and it was raised with Judge Cisneros. *See* Jan. 23, 2025 Disc. Hrg. Trnscrpt. (Judge Cisneros noting that certifications are required "according to Judge Breyer's PTO 10").[1] These late DFS productions severely prejudiced Plaintiffs in selecting Bellwether trial cases and continue to prejudice Plaintiffs as they develop these cases for trial.

On March 25, 2025, Uber produced a 2021 JIRA, a document created by Uber's internal ride incident reporting system, for Bellwether Plaintiff Jane Doe QLF 001. The document includes a January 9, 2025 note monitoring Jane Doe's lawsuit. But although Plaintiff Jane Doe QLF 001's DFS production was due on January 15, 2025, Uber failed to produce it. Plaintiffs cannot effectively prepare Bellwether cases for trial if Uber continues late production of key DFS

---

[1] "So the certification specifically defines 'substantially complete' as requiring Defendants to produce the requested documents to the extent such documents are in Defendants' possession, custody, or control… If Uber were to sign a certification that -- indicating that the production is substantially complete in connection with the DFS, and something happens and Uber comes along later and produces more, seems like what would happen in the ordinary course of discovery would be if Plaintiffs think that's truly an issue, you can seek sanctions." *See* Jan. 23, 2025 Disc. Hearing Transcrpt. At 47-48.

1  documents, which Plaintiffs have no reason to know exist. The Court should order Uber to
2  confirm that all DFS documents have been produced for the Bellwether cases and, if there are
3  supplemental documents, to produce them by March 31, 2025.
4     **Defendants' Position**: Plaintiffs' request for the Court to modify a pretrial order by way
5  of an informal request contained in a status report, inserted by plaintiffs just hours before
6  submission, should be rejected as improper.
7     Nevertheless, Uber has complied with PTO 10.  PTO 10 required Uber to submit a
8  substantially "completed DFS and documents responsive to the requests in the [Defendant Fact
9  Sheet]." PTO 10, sections 4 & 8.  PTO 10 further provides: "If a Party considers a PFS or DFS to
10 be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served
11 on the deficient Party's attorney. . . The deficient party will have thirty (30) days to correct the
12 alleged deficiency(ies)."  PTO 10, sec. 8.
13    On February 28, 2025, Plaintiffs in four bellwether cases requested confirmation that any
14 JIRAs responsive to DFS Question 31(d) were produced.  DFS Question 31(d) requires the
15 production of "all Communications, regarding the incident, between Uber and Plaintiff, Uber and
16 the Driver, or Uber and any other witness to the Incident."  Uber determined, based on its
17 reasonable investigation, that no such communications exist for the four bellwether cases, beyond
18 those that had been previously produced.  In the course of its further investigation, Uber identified
19 a JIRA document related to a request for information from law enforcement officials pertaining to
20 one of the incidents at issue.  Uber in turn produced that additional JIRA pursuant to PTO 10 and
21 the process contemplated by that Order.
22    **V.     General Discovery Updates**
23    The parties continue to engage in robust discovery efforts. The parties are scheduled to
24 appear before Judge Cisneros for a discovery status conference on the morning of March 27,
25 2025.  A joint statement on the status of discovery will be filed in advance of the conference.
26    **VI.    Settlement Special Master**
27    On March 10, 2025, the Court appointed Hon. Gail. Andler (ret.) as Settlement Master.
28 ECF 2459.

### VII. Appointment of Additional PSC Members

**Plaintiffs' Position**: Plaintiffs request that the Court appoint Elizabeth Cabraser of Lieff Cabraser Heimann & Bernstein LLP to the Steering Committee. The PSC believes Ms. Cabraser's extensive experience with mass tort litigation will assist the advancement of this case. Pursuant to PTO 4, the co-leads can assign common benefit work as they see appropriate. Ms. Cabraser has already performed valuable work in this case, and has expressed her intent to continue to do so. Contrary to Uber's representation, Ms. Cabraser filed a Notice of Appearance on March 12, 2025 in 31 cases. ECF 2482. A PSC position appropriately reflects the level of commitment that she and Lieff Cabraser have and will continue to make.

**Defendants' Position**: Uber believes there is no need for any additional members of the PSC. The PSC functions more efficiently with fewer points of contact. Moreover, Uber's records show Leif Cabraser is currently involved in only 17 cases – none of which Elizabeth Cabraser is named counsel on.

### VIII. Next Case Management Conference

The next case management conference has been set for April 18, 2025, at 10:00am, via videoconference. ECF 1990.

| | | |
|---|---|---|
| 1 | Dated: March 26, 2025 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
| 2 | | |
| 3 | | By: */s/ Randall S. Luskey* |
| | | ROBERT ATKINS |
| 4 | | RANDALL S. LUSKEY |
| | | KYLE N. SMITH |
| 5 | | JACQUELINE P. RUBIN |
| | | JESSICA E. PHILLIPS |
| 6 | | CAITLIN E. GRUSAUSKAS |
| | | ANDREA M. KELLER |

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY
PATRICK OOT
JEREMIAH S. WIKLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Dated: March 26, 2025

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I, Randall S. Luskey, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: March 26, 2025                          By:   */s/ Randall S. Luskey*
                                                     Randall S. Luskey

# EXHIBIT A

|    | Case Name | Case Number | Jurisdiction |
|----|-----------|-------------|--------------|
| 1  | *Doe* v. *Uber Technologies, Inc., et al.* | 47-CV-23-901221 | AL |
| 2  | *United Financial Casualty Co.* v. *Uber Technologies Inc., et al.* | 5:24-cv-01065-CLS | AL |
| 3  | *A.A. et al.* v. *Uber Technologies, Inc., et al.* | CGC25621963 | CA |
| 4  | *Carrico* v. *Uber Technologies, Inc.* | 25CU007625N | CA |
| 5  | *Castillo, et al.* v. *Uber Technologies, Inc., et al.* | CGC-22-603288 | CA |
| 6  | *Cuevas-Robles, et al.* v. *Uber Technologies, Inc., et al.* | 24NWCV00839 | CA |
| 7  | *Doe* v. *Uber Technologies, Inc., et al.* | 24CU010461C | CA |
| 8  | *Doe* v. *Uber Technologies, Inc., et al.* | CGC-22-600553 | CA |
| 9  | *Galan, et al.* v. *Uber Technologies, Inc., et al.* | 24TRCV00566 | CA |
| 10 | *J.W., et al.* v. *Uber Technologies, Inc., et al.* | 23SCTV06515 | CA |
| 11 | *Jain* v. *Khosrowshahi et al.* | 1:24:403-UNA | DE |
| 12 | *C.C.* v. *Uber Technologies, Inc., et al.* | 16-2023-CA-005406 | FL |
| 13 | *C.C.* v. *Uber Technologies, Inc., et al.* | CACE2401761703 | FL |
| 14 | *Doe* v. *Uber Technologies, Inc., et al.* | 2024-011285-CA-01 | FL |
| 15 | *Doe* v. *Uber Technologies, Inc., et al.* | 23-CA-006624 | FL |
| 16 | *Doe* v. *Uber Technologies, Inc., et al.* | 2023-CA-004548 | FL |
| 17 | *Doe* v. *Uber Technologies, Inc., et al.* | 11-2023-CA-000823-0001-XX | FL |
| 18 | *Dillard* v. *Uber Technologies, Inc., et al.* | 25-C-02784-S1 | GA |
| 19 | *Doe* v. *Uber Technologies, Inc., et al.* | 25-C-02725-S1 | GA |
| 20 | *Doe* v. *Uber Technologies, Inc., et al.* | 24-C-05066-S1 | GA |
| 21 | *Nisbett* v. *Uber Technologies, Inc., et al.* | 24-A-5042 | GA |
| 22 | *Doe* v. *Uber Technologies, Inc., et al.* | 2025L000836 | IL |
| 23 | *Doe* v. *Uber Technologies, Inc., et al.* | 2025-L-000836 | IL |
| 24 | *Jane Doe B.E.* v. *Uber Technologies, Inc., et al.* | 2024-L-003217 | IL |
| 25 | *Jane Doe L.W.* v. *Uber Technologies, Inc., et al.* | 2024-L-003195 | IL |
| 26 | *Jane Doe M.B.* v. *Uber Technologies, Inc., et al.* | 2024L003215 | IL |
| 27 | *Jane Doe WHBE 3* v. *Uber Technologies, Inc. et al* | 1CCV240001560 | IL |
| 28 | *Wise-Green* v. *Uber Technologies, Inc., et al.* | 2024L003220 | IL |
| 29 | *Check* v. *Uber Technologies, Inc., et al.* | 2284CV00948 | MA |
| 30 | *Farrington* v. *Uber Technologies, Inc., et al.* | 2383CV00084 | MA |
| 31 | *Scheper* v. *Uber Technologies, Inc., et al.* | 2484CV01054 | MA |
| 32 | *Doe* v. *Uber Technologies, Inc., et al.* | 22-013966-CZ | MI |
| 33 | *C.T.* v. *Uber Technologies, Inc., et al.* | MRSL00172323 | NJ |
| 34 | *Doe* v. *Uber Technologies, Inc., et al.* | 801980/2022 | NY |
| 35 | *Nelson* v. *Uber Technologies, Inc., et al.* | 919/2023 | NY |
| 36 | *Peterson* v. *Uber Technologies, Inc., et al.* | 8078592022E | NY |
| 37 | *Ventura* v. *Uber Technologies, Inc., et al.* | 1517572023 | NY |
| 38 | *Doe* v. *Uber Technologies, Inc., et al.* | CJ-2023-2352 | OK |

| 39 | *Humes* v. *Uber Technologies, Inc., et al.* | 24CV52619 | OR |
|----|----------------------------------------------|-----------|-----|
| 40 | *K.W.* v. *Uber Technologies, Inc, et al.* | 25OV12710 | OR |
| 41 | *C.B.* v. *Uber Technologies, Inc., et al.* | 2023-38875 | TX |
| 42 | *Cantu* v. *Uber Technologies, Inc., et al.* | S-23-5540CV-C | TX |
| 43 | *Doe* v. *Uber Technologies, Inc., et al.* | CC-23-05566-C | TX |
| 44 | *Doe* v. *Uber Technologies, Inc., et al.* | DC2024CV0690 | TX |
| 45 | *Doe* v. *Uber Technologies, Inc., et al.* | 202457168 | TX |
| 46 | *Doe* v. *Uber Technologies, Inc., et al.* | 2023-69932 | TX |
| 47 | *Doe* v. *Uber Technologies, Inc., et al.* | CV231343 | TX |
| 48 | *Fernandes* v. *Uber Technologies, Inc., et al.* | 202515902 | TX |
| 49 | *Garcia* v. *Uber Technologies, Inc., et al.* | 2024CI12553 | TX |
| 50 | *Jane Doe WHBE 12* v. *Uber Technologies, Inc., et al.* | CC-24-07815-E | TX |
| 51 | *Johnson* v. *Uber, et al.* | 2024-24542 | TX |
| 52 | *Dillard* v. *Uber Technologies, Inc., et al.* | 2024CV002172 | WI |