## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

## CIVIL MINUTES

| **Date:** March 27, 2025 | **Time:** 9:08 a.m. – 10:17 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 23-md-3084-CRB | **Case Name:** In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation | |

**Attorneys for Plaintiff:** Roopal Luhana and Elizabeth Wilkins
**Attorneys for Defendant:** Michael Shortnacy, Parker Murray, Veronica Gromada, and Jeremy Wikler

**Deputy Clerk:** Stephen Ybarra          **Court Reporter:** Amanda LeGore

## PROCEEDINGS

The Court noted a typographical error in the previous Order (ECF No. 2600) regarding "apex" depositions. The Court intended to allow three 3 hours for the deposition of Dara Khosrowshahi and 4 hours each for the depositions of Travis Kalanick and Ryan Graves. The Court so ordered on the record, modifying the time limits set by the previous Order.

The parties have at least tentatively agreed to hold Kalanick's deposition on May 27th and Khosrowshahi's deposition on May 30th. The Court intends to observe those depositions. The Court directed the parties to reserve additional time (either by starting in the morning and reserving the afternoon, or reserving consecutive days) in case the Court determines additional time is appropriate. The Court's preference is to hold those depositions at the San Francisco courthouse, but will consider a request to conduct the depositions elsewhere with arrangements for her to supervise them remotely.

Uber noted that it is still confirming those witnesses' continued availability on those dates and considering seeking relief from the Court's previous Order.

Plaintiffs requested that Special Master Barbara Jones observe other apex depositions. The Court declined to so order at this time.

The parties shall meet and confer on Plaintiffs' request that Uber produce all custodial documents for apex deponents at least three weeks before their depositions.

The parties shall continue to meet and confer regarding Abbie Ding's deposition.

Uber shall file a motion for relief from written discovery no later than April 4, 2025. Plaintiffs shall file a response by April 10, 2025. No reply will be submitted.

The Court and the parties discussed Uber's hashing of UUID identification numbers in its safety data productions. Uber conceded that it has not used the same hashing system in other document

productions.  The Court noted that the use of different numbers prevents Plaintiffs from understanding links between other documents and safety data that relate to the same individuals or incidents.  The Court determined that Uber must produce its safety data with original UUID numbers.  To the extent Plaintiffs might be able to determine the identities of non-parties from those identification numbers, Plaintiffs may not contact individuals identified through that method absent a stipulation or court order.

The Court ordered that Plaintiffs may take an additional 30(b)(6) deposition, not to exceed four hours, of the person most knowledgeable regarding Uber's extraction and production of safety data.

The parties also discussed a potentially related dispute regarding Uber's categorization of incidents in its taxonomy and how that categorization is reflected in the data.  Uber noted, and the Court acknowledged, that the person most knowledgeable about data extraction might not be the person most knowledgeable about incident categorization.  The Court noted that its July 9, 2024 Order (ECF Nos. 683, 684) required production of data and documents regarding the incidents at issue.  The parties shall meet and confer and file a joint letter or stipulation and proposed order no later than April 4, 2025 addressing what if any further steps are appropriate with respect to those issues.

The parties addressed Plaintiffs' counsel's use of hyperlinks in Uber's document production, including instances where Plaintiffs submitted requests for access through Google Drive to internal Uber documents.  The Court noted that it may not be clear to Plaintiffs which hyperlinks go to public documents (which Plaintiffs can properly access only by navigating to the URL) and which go to internal Uber documents.  The parties shall meet and confer and file a stipulation and proposed order no later than March 31, 2025 setting rules for Plaintiffs' use of hyperlinks found in Uber's document production.