1  ROBERT ATKINS (Admitted *Pro Hac Vice*)
     ratkins@paulweiss.com
2  JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
     jrubin@paulweiss.com
3  CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
     cgrusauskas@paulweiss.com
4  ANDREA M. KELLER (Admitted *Pro Hac Vice*)
     akeller@paulweiss.com
5  **PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
6  1285 Avenue of the Americas
   New York, NY 10019
7  Telephone: (212) 373-3000

8  RANDALL S. LUSKEY (SBN: 240915)
     rluskey@paulweiss.com
9  MARC PRICE WOLF (SBN: 254495)
     mpricewolf@paulweiss.com
10 **PAUL, WEISS, RIFKIND, WHARTON**
     **& GARRISON LLP**
11 535 Mission Street, 25th Floor
   San Francisco, CA 94105
12 Telephone: (628) 432-5100

13 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC., RASIER, LLC,
14 and RASIER-CA, LLC

15 [*Additional Counsel Listed on Next Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF JOINT LETTER REGARDING THE GUS FULDNER DEPOSITION AND APEX ORDER**<br><br>Judge: Honorable Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

1  KYLE SMITH (Admitted *Pro Hac Vice*)
      ksmith@paulweiss.com
2  JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
      jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
      **& GARRISON LLP**
4  2001 K Street, NW
5  Washington, D.C. 20006
   Telephone: (202) 223-7300
6
   *Attorneys for Defendants*
7  UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
8

**ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal Documents Filed in Support of the Joint Letter Regarding the Gus Fuldner Deposition and Apex Order (the "Joint Letter"). Uber respectfully requests that the Court seal the following documents filed in support of that motion:

I.     BACKGROUND AND REQUESTED SEALING

| Document | Description | Designating Party |
|---|---|---|
| Exhibit 1 to the Declaration of Randall S. Luskey in Support of Defendants' Position in the Joint Letter (the "Luskey Declaration") | Excerpts of the rough March 26, 2025 deposition transcript of Henry Gustav Fuldner coordinated between and designated "Highly Confidential" in both *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP") and this litigation | Uber |
| Exhibit 2 to the Luskey Declaration | Excerpts of the rough March 27, 2025 deposition transcript of Henry Gustav Fuldner coordinated between and designated "Highly Confidential" in the JCCP and this litigation | Uber |
| Exhibit A to the Declaration of Sarah R. London in Support of Plaintiffs' Position in the Joint Letter (the "London Declaration") | Excerpts of the rough March 27, 2025 deposition transcript of Henry Gustav Fuldner coordinated between and designated "Highly Confidential" in the JCCP and this litigation | Uber |
| Exhibit B to the London Declaration | Non-public email produced in this litigation on a "Confidential" basis that includes Uber's internal views on and approach to unrelated litigation and regulatory action, as well as confidential marketing and communications strategies | Uber |
| Exhibit C to the London Declaration | Excerpts of the rough March 26, 2025 deposition transcript of Henry Gustav Fuldner coordinated between and designated "Highly Confidential" in the JCCP and this litigation | Uber |
| The Joint Letter | Portions of the Joint Letter referencing confidential information concurrently and previously filed under seal | Uber |

## II. LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a 'particularized showing' under the 'good cause' standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents at issue relate to a discovery motion for a protective order, not a dispositive motion. Documents "attached to a discovery motion" are "unrelated to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1097, and "one step further removed in public concern from the trial process than the discovery materials themselves." *U.S.* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018). The documents at issue here are even further removed from the merits of the case than that because the present materials are not attached to a discovery motion, but to a joint letter addressing the Court's questions about a discovery motion that the Court has already decided. Accordingly, these materials "need satisfy only the less exacting 'good cause' standard." *Id.* at 1014; *accord Brown* v. *Google, LLC*, 2022 WL 2289059, at *1 n.1 (N.D. Cal. Apr. 4, 2022) (sealing records filed in connection with "apex" motion).

Good cause to seal exists where the relevant documents "contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Synopsys, Inc.* v. *Siemens Indus. Software Inc.*, 2021 WL 4427437, at *24 (N.D. Cal. Sept. 27, 2021). "[C]ompetitive harm" results—and a sealing order is warranted—when public disclosure of a document would "provid[e] competitors insight" into a party's non-public "polic[ies]" or "strateg[ies]." *Verinata Health, Inc.* v. *Ariosa Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015). The same is true with respect to the public disclosure of a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations

1  can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use
2  the information to compromise [the company's] systems." *Id.* at *2.
3    Good cause to seal also exists where the relevant documents are already protected from
4  disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment."
5  *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023);
6  *Netlist Inc.* v. *Samsung Elec. Co., Ltd.*, 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding
7  "good cause to seal . . . information from sealed court records from another case").
8    In addition to showing good cause, a party moving to seal documents must explain "why a
9  less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly
10  tailored to seal only the sealable material." Civ L.R. 79-5(c).

11  **III.  UBER'S MATERIALS SHOULD BE KEPT UNDER SEAL**

12    The documents at issue should be sealed under the good cause standard. Uber has a
13  legitimate business interest in sealing the documents, and the sealing Uber requests is the least
14  restrictive means of protecting that interest. The exhibits at issue contain commercially sensitive,
15  non-public information concerning Uber's business practices and policies. The disclosure of this
16  information potentially poses security risks and a risk of harm to Uber's competitive standing.

17    **Exhibits 1 and 2 to the Luskey Declaration and Exhibits A and C to the London**
18  **Declaration** are each comprised of excerpts from the rough transcripts of the March 26–27, 2025
19  deposition of Henry Gustav Fuldner coordinated between this litigation and the JCCP (the
20  "Fuldner Deposition"). The underlying transcripts have not been edited, proofread, corrected, or
21  certified yet, and so they may contain errors the public disclosure of which would cause
22  unwarranted harm to Uber's competitive standing. The transcripts are also marked "Highly
23  Confidential" pursuant to protective orders entered in both the JCCP and this litigation, and so
24  sealing is necessary to "avoid disparate treatment" with the JCCP order. *In re Xyrem (Sodium
25  Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1. Finally,
26  sealing is justified because the relevant excerpts contain highly sensitive details about numerous
27  confidential aspects of Uber's business, including: the development process and rationales for
28  Uber's release of its U.S. Safety Reports; Uber's driver background check and screening

1  procedures; Uber's approach to the complex technological and practical issues surrounding
2  implementation of certain features and technologies; Uber's deactivation policies; Uber's
3  executive compensation practices; Uber's internal reporting structure and division of
4  responsibilities; and various safety features that Uber has considered, developed, or implemented.
5  Disclosure of this information poses serious security and competitive risks for the company. *See*
6  *Verinata Health*, 2015 WL 1885626, at *1; *Calhoun*, 2022 WL 1122843, at *2.

7  **Exhibit B to the London Declaration** is a non-public email that was produced in this
8  litigation on a "Confidential" basis. The email contains highly sensitive details about Uber's
9  internal views on and approach to unrelated litigation and regulatory action, Uber's reporting
10  structure and division of responsibilities, and Uber's confidential marketing and communications
11  strategy. Disclosure of this information similarly poses serious security and competitive risks for
12  the company. *See Verinata Health*, 2015 WL 1885626, at *1 (sealing documents detailing
13  "marketing strategy" and "messaging to potential investors"); *Jones* v. *PGA Tour, Inc.*, 2023 WL
14  3570000, at *2 (N.D. Cal. May 18, 2023) (sealing documents detailing "messaging . . . strategy");
15  *Calhoun*, 2022 WL 1122843, at *2.

16  Uber's proposed sealing is "narrowly tailored" to cover only information for which Uber
17  has a legitimate interest in maintaining confidentiality. Civ. L.R. 79-5(c)(3). The deposition
18  exhibits do not consist of the entire Fuldner Deposition, but of limited excerpts that are focused
19  exclusively on Uber's internal policies, strategies, systems, operations, or projects. Exhibit B to
20  the London Declaration likewise consists entirely of confidential business information. Actions
21  short of sealing these exhibits in full would be insufficient to protect Uber's legitimate expectations
22  of confidentiality. *See, e.g.*, *In re PersonalWeb Techs., LLC Patent Litig.*, 2019 WL 13033990, at
23  *2 (N.D. Cal. Dec. 16, 2019) (granting motion to seal exhibits consisting of "excerpts of testimony
24  from . . . [d]eposition[s] regarding non-public" business decisions "as to the entire document[s]"
25  because disclosure "would put [the parties] at undue risk of serious harm"). Accordingly, there is
26  good cause to seal the documents identified herein, and there are no less restrictive means of
27  protecting Uber's legitimate interest in maintaining confidentiality.

28

**IV. CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court order that the documents identified herein be maintained under seal.

Dated: April 1, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Randall Luskey*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC