UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING FULDNER DEPOSITION**<br><br>**ORDER SUPPLEMENTING DEPOSITION PROTOCOL**<br><br>Re: Dkt. No. 2687 |

The parties have filed a Joint Letter seeking two modifications of previous orders in light of the deposition of Gus Fuldner. This Order addresses that letter and other issues related to depositions.

### A. Limitation of Other Witnesses' Depositions

Uber seeks to preclude the deposition of its CEO Dara Khosrowshahi and to limit the scope of questions posed to its Chief Marketing Officer Jill Hazelbaker. Both requests are DENIED.

Fuldner's deposition testimony does not demonstrate that Khosrowshahi was uninvolved with relevant decisions made at the highest levels of Uber's corporate structure regarding rider safety measures. Even if Fuldner had testified to that effect, the Court would be inclined to allow Plaintiffs to question Khosrowshahi (in a significantly time-limited deposition, as previously ordered) both to test the veracity of Fuldner's testimony and to explore *why* Khosrowshahi chose not to take greater initiative on such issues. This is of course not to say that any particular decision or degree of involvement was right or wrong, or warrants imposition of liability, but instead only that such issues are for a finder of fact to resolve, and warrant discovery under the circumstances of this litigation.

As for Hazelbaker, Uber cites no authority limiting an "apex" deposition by subject matter. The Court has already imposed a collective time limit for the depositions of Hazelbaker and certain other senior leaders,[1] in order to limit the burden on Uber that the "apex doctrine" is intended to address. Uber does not seek to modify that limit, and restricting the questions that Plaintiffs may ask Hazelbaker does not serve the purposes of the apex doctrine.

### B.     Response to Deposition Misconduct

Plaintiffs request that Special Master Barbara Jones supervise other depositions of Uber's senior executives as a response to Uber's attorneys' conduct during Fuldner's deposition. The Court is concerned that at least some excerpts of Fuldner's deposition demonstrate bad behavior by all involved. Fuldner at times avoided answering questions. Plaintiffs' counsel at times repeated questions despite Fuldner having provided a valid answer, and asserted unnecessary—and likely improper—"motions to strike." Defense counsel gave obviously improper instructions not to answer, asserted objections that were not allowed by Pretrial Order No. 16 and appeared at times to be intended (at least in part) to coach the witness, and engaged in distracting colloquy among themselves.

The Court is not inclined to order Judge Jones's supervision at this juncture, due to the increased cost to the parties, potential need to adjust the agreed deposition schedule, and Judge Jones's already significant portfolio of responsibility. But the Court sua sponte imposes (or in some instances, reminds the parties of) the following rules going forward, and reserves the right to impose supervision of depositions if they are not followed:

**(1)** Pretrial Order No. 16 provides as follows with respect to objections at depositions:

> All objections, except those as to form and privilege, are reserved until trial or other use of the depositions. Once a question is asked, a lawyer should not coach the deponent or suggest answers, whether through objections or other means. . . . Deposition objections may be

---

[1] As Uber noted in a previous status report (Dkt. No. 2665), the Court's Order setting the collective time limit for these depositions included scrivener's error: a reference to "the full twenty hours" should read "the full eighteen hours," consistent with the remainder of the paragraph in which it appears. Dkt. No. 2600 at 7. If that error informed Plaintiffs' decision to forego a deposition of Sarfraz Maredia to apply time to other depositions, Plaintiffs may reconsider that decision and inform Uber of a different plan to allocate that deposition time no later than three business days from the date of this Order.

|   |   |
|---|---|
| 1 | made as to privilege or may be made *only* where required in order to preserve the objection. |
| 2 | Dkt. No. 886 at 12 (emphasis added).  Uber contends that its objections were |
| 3 | "appropriate" or "common" at depositions generally, Dkt. No. 2687 at 12–13 & n.13, |
| 4 | but does not address compliance with Pretrial Order No. 16.  The purpose of requiring |
| 5 | objections to form to be stated during the deposition is to allow attorneys taking |
| 6 | depositions to reframe their questions to correct potential defects, if they so choose.  To |
| 7 | avoid future disputes about potential coaching, or whether a particular objection is in |
| 8 | fact "as to form" rather than substance, objections (other than instructions not to |
| 9 | answer) may be stated *only* as "objection to form" or words to that effect.  The |
| 10 | questioning attorney may, at their sole discretion, ask the objecting attorney for further |
| 11 | explanation of the basis for the objection.  If asked, the objecting attorney shall identify |
| 12 | the purported defect in form. |

(**2**) Motions to strike testimony need not and shall not be stated on the record at a deposition.  If such a motion might be appropriate before testimony is admitted at trial or otherwise presented to the Court, it is preserved.

(**3**) Counsel "may instruct a deponent not to answer only when necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2).  The Court has not ordered such a "limitation" with respect to Uber's activities outside the United States.  Orders limiting the scope of document discovery (which are often based on relevance and burden) or generally addressing relevance (which is not in itself a basis to refuse to answer) are not grounds to instruct a witness not to answer a question at a deposition.  Counsel may, however, instruct witnesses not to answer questions to the extent an answer would reveal information that a previous order (or agreement among the parties) has specifically authorized to be redacted from within documents produced in discovery, because such orders and agreements reflect a determination that information should not be revealed.

(**4**) Pretrial Order No. 16 calls for questioning to be conducted by no more than two

attorneys for each side, "[a]bsent extraordinary circumstances." Dkt. No. 866 at 9. The Court now adds that no more than two lawyers for each side may *defend* a deposition, absent extraordinary circumstances. This provision is limited to attorneys who raise objections or otherwise speak on the record; additional attorneys may observe depositions to the extent allowed by Pretrial Order No. 16. *But see* Dkt. No. 866 at 8 ("Unnecessary attendance by counsel is discouraged."). For the purpose of this provision, an attorney representing a non-party witness counts as an attorney for Plaintiffs or Defendants only if that attorney also represents Plaintiffs or Defendants.

The Court is particularly concerned about Fuldner's failure, with Uber's attorneys' encouragement or instruction, to answer questions posed by Plaintiffs' counsel. If Plaintiffs elect, they may resume Fuldner's deposition for an additional one hour of remote or in-person testimony. Uber shall make Fuldner available for the resumed deposition no later than April 17, 2025, or at a later date if Plaintiffs agree to such a date.

### C. Supervision of Depositions of Khosrowshahi and Kalanick

This Court has previously stated its intent to supervise the depositions of Khosrowshahi and former CEO Travis Kalanick. Defendants, without offering any details, have indicated that they do not intend to conduct those depositions in San Francisco. By April 8, 2025, the parties shall file a joint statement indicating: (1) the specific arrangements available to facilitate remote supervisions—namely, if the Court supervises the deposition remotely, how the Court will be able to see and hear the witness and all participating attorneys, and how the Court will have access to real-time transcription, just as the attorneys commonly do during depositions; and (2) the dates that those witnesses intend to be in the greater San Francisco Bay Area or anywhere in California before the close of fact discovery, and the parties' positions as to whether each of those dates would be a suitable time to conduct a deposition at the San Francisco courthouse. The parties may move to file the witnesses' intended travel plans under seal if they believe that to be appropriate.

### D. Clarification of Time Limits

Finally, the Court further clarifies its prior order setting time limits for the depositions of senior executives. All such time limitations pertain to the Plaintiffs' counsel's questioning,

4

including redirect, but not Uber's examination of its own executives.

**IT IS SO ORDERED.**

Dated: April 3, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge