RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile: (628) 232-3101

ROBERT ATKINS *(Pro Hac Vice admitted)*
  ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS *(Pro Hac Vice admitted)*
  cgrusauskas@paulweiss.com
ANDREA M. KELLER *(Pro Hac Vice admitted)*
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile: (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[Additional Counsel Listed on Signature Page]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR RELIEF FROM ORDER (DKT. 2676) AND FOR LEAVE TO FILE RESPONSIVE STATEMENT OUT OF TIME**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6-17th Floor |

1  Pursuant to Civil L.R. 7-11, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber" or "Defendants") submit this Administrative Motion for Relief from Order (Dkt. 2676) and for Leave to File Responsive Statement Out of Time ("Administrative Motion"). Plaintiffs do not oppose this administrative motion. *See* Shortnacy Decl. ¶ 7. Defendants' Administrative Motion is being submitted along with a Proposed Order Granting Defendants' Leave to File Responsive Statement Out of Time Pursuant to Civil L.R. 7-12 ("Proposed Order"), and the Declaration of Michael B. Shortnacy In Support of Defendants' Administrative Motion ("Shortnacy Decl."). Defendants contemporaneously file a Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal (ECF 2946) ("Responsive Statement"), on which Plaintiffs take no position. *See* Shortnacy Decl. ¶ 7.

## INTRODUCTION

The Court denied Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, related to Plaintiffs' Amended Bellwether Complaints[1] because Uber did not file a Responsive Statement within seven days as required by Civil L.R. 79-5(f)(3). *See* Dkt. 2676 ("Order"). Defendants' omission–which caused no prejudice to Plaintiffs or disruption to judicial proceedings–was not the result of bad faith or gamesmanship but was an oversight that occurred in the context of this complex MDL. Upon learning of this inadvertent oversight, Defendants acted promptly to remedy the situation by preparing this administrative motion and its Responsive Statements setting out Defendants' meritorious bases for maintaining certain narrowly tailored redactions in the bellwether complaints under seal. In light of these factors, Defendants respectfully request that the Court find that the period for submission of the Responsive Statement elapsed due to excusable neglect, and that good cause exists for granting Uber leave to submit its Responsive Statement out of time. Plaintiffs do not oppose this administrative relief.

## LEGAL STANDARD

Courts have authority under their inherent discretion, Federal Rules of Civil Procedure 6, 54, and 60, and Civil Local Rule 7-11 to grant the relief sought here: relief from an interlocutory order

---

[1] Redacted versions of the complaints are filed at ECF 2497, 2499-2516.

and leave to file a responsive statement out of time. It is black-letter law that "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities … may be revised at any time before the entry of a judgment …." Fed. R. Civ. P. 54(b); *see also Meas v. City & Cnty. of San Francisco*, 681 F. Supp. 2d 1128, 1143 (N.D. Cal. 2010) ("[T]he trial court has the inherent power to reconsider, set aside, or amend interlocutory orders at any time prior to entry of a final judgment." Under Rule 6(b), where the specified period for the performance of an act has elapsed, a district court may extend the time if the party had "failed to act because of excusable neglect." Fed. R. Civ. P. 6(b)(1)(B). Similarly, under Fed. R. Civ. P. 60(b), a district court may grant a party relief from an order for "mistake, inadvertence, or excusable neglect" or for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1) and 60(b)(6). "The Ninth Circuit has declined to fashion a *per se* rule 'against late filings attributable to any particular type of negligence.' Instead, courts consider the 'the issue of excusable neglect within the context of the particular case.'" *Intuit Inc. v. HRB Tax Grp., Inc.*, 2024 WL 5320156, at *2 (N.D. Cal. Dec. 10, 2024) (citation omitted) (quoting *Pincay v. Andrews*, 389 F.3d 853, 860 (9th Cir. 2004) (finding that late filing of motion to seal due to calendaring error "falls within the bounds of 'excusable neglect'" and granting relief)).

The Ninth Circuit in *Pioneer* set out four factors to determine whether neglect is excusable, examining: (1) the danger of prejudice to the opposing party, (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *See Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 381 (9th Cir. 1997) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993)). In the analogous context of setting aside a judgment under Rule 60(b), courts will also consider whether the untimely filing is potentially meritorious. *See White v. Mancini's Sleepworld, Inc.*, 2020 WL 5258252, at *1-*3 (N.D. Cal. Sept. 3, 2020). The Court's "determination is at bottom an equitable one," which takes into account "all relevant circumstances surrounding the party's omission." *Pioneer*, 507 U.S. at 401.

The *White* decision from Judge Gilliam is instructive. *White*, 2020 WL 5258252, at *1-*3 (N.D. Cal. Sept. 3, 2020). First, the court exercised its discretion to permit plaintiffs to file an

opposition brief one week late based on an inadvertent error by counsel in calendaring the deadline. *See id.* at *2. Next, the court granted relief from a default judgment where a defendant moved for relief less than one month after the entry of default. *See id.* at *1-*3. Key to this decision was the fact that there was no suggestion of bad faith by the defendant, there was no prejudice to the plaintiffs, and the defendant alleged potentially meritorious defenses. *See id.* The Court explained that the lack of bad faith is key to granting relief:

> The Ninth Circuit has explained that "a defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and *intentionally* failed to answer." The term "intentionally" in this context "means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decision making, or otherwise manipulate the legal process."

*Id.* at *2 (citation omitted) (quoting *United States v. Signed Pers. Check No. 730 of Yubran S. Mesle,* 615 F.3d 1085, 1092 (9th Cir. 2010)). These factors weigh even more strongly in favor of relief from a non-final order like the one at issue here.

## ARGUMENT

**A. Defendants' Administrative Motion Poses No Danger of Prejudice to Plaintiffs.**

Granting Defendants the relief requested poses no risk of prejudice to Plaintiffs. Plaintiffs will not be delayed in litigating their case based on a slightly delayed decision on sealing certain portions of the bellwether complaints–all parties and the Court have the unredacted complaints and no immediate deadlines or decisions are tethered to the sealing. The first and key *Pioneer* factor weighs strongly in favor of granting Uber relief from the Order and leave to file its Responsive Statement out of time. The Court in its discretion can grant relief based on the complete lack of prejudice alone.

**B. Defendants' Short Delay in Submitting Their Responsive Statement Will Not Impact Judicial Proceedings.**

Defendants' deadline for submitting its Responsive Statement was March 21, 2025, seven (7) days after Plaintiffs filed their bellwether complaints and Administrative Motion on March 14, 2025. *See* ECF 2496-97, 2499-2519. Defendants' short delay in submitting its Responsive Statement will

4

DEFENDANTS' ADMINISTRATIVE MOTION FOR RELIEF FROM ORDER (DKT. 2676) AND FOR LEAVE TO FILE RESPONSIVE STATEMENT OUT OF TIME

Case No. 3:23-MD-3084-CRB

not impact judicial proceedings because the only case deadline impacted by the Responsive Statement is the optional further reply under Civil L.R. 79-5(f)(4).  Indeed, the belated filing of Defendants' Responsive Statement will not have any bearing on the on-going fact discovery being conducted in this case, expert discovery, any case dispositive briefing, pretrial exchanges, or trial schedules.  Thus, the second *Pioneer* factor weighs strongly in favor of granting Uber's requested relief.

**C. There Was No Bad-Faith Reason for the Delay.**

Defendants' not timely submitting their Responsive Statement was not the result of any bad faith or gamesmanship. Defendants will not unfairly take advantage from filing its Responsive Statement out of time.  Instead, Uber's inadvertent omission was an oversight resulting from a misunderstanding about who was preparing the response. This is a complex MDL with many workstreams.  There is no history or pattern of missing deadlines.  Defendants' not timely filing its Responsive Statement in time was the unfortunate result of a misunderstanding about who was preparing the Responsive Statement–not the result of an intentional decision to not file a response or conscious disregard of the Rules or need for timely filings. Defendants' lack of a timely response was not due to bad faith, inexcusable neglect, or any sort of gamesmanship. *See* Shortnacy Decl. ¶¶ 3-7.[2]

**D. Defendants are Acting in Good Faith to Remedy the Oversight.**

Lastly, immediately after the issuance of the Court's Order on March 31, 2025, Defendants acted promptly and in good faith to correct the oversight by contacting Plaintiffs' counsel and requesting they not immediately file the unredacted bellwether complaints on the public docket, while

---

[2] In these types of circumstances, especially in the absence of prejudice to any party or disruption to court proceedings, courts routinely grant relief. Judge Freeman granted relief in the *Intuit* case for an untimely motion to seal "due to a calendaring mistake" by counsel. *See* 2024 WL 5320156, at *2. Judge Gilliam also granted relief for brief filed one week late due to a calendaring mistake in *White*, and then granted the more significant relief of setting aside a default judgment where the delay was less than one month. 2020 WL 5258252, at *1-*3.  Judge Illston allowed two class members who did not read their mail to opt out of the class out of time where no prejudice would result to any party.  *See Ridgeway v. Wal-Mart Stores, Inc*., 2016 WL 4529430, at *4 (N.D. Cal. Aug. 30, 2016); *see also Cox v. Tinashe Music, Inc*., 2023 WL 5444913, at *1 (C.D. Cal. July 11, 2023) (granting relief from dismissal where waiver of service was untimely and response to show cause order was filed two days late); *Bennett v. Homesite Ins. Co*., 2022 WL 16856950, at *2 (W.D. Wash. Oct. 11, 2022) (permitting discovery motion after deadline for such motions where discovery request was made within discovery period); *BBQ Hut, Inc. v. Maelin Enterprises, LLC*, 2008 WL 2687685, at *1 (D. Ariz. July 3, 2008) (permitting motion for fees out of time where party sought relief less than a month after the missed deadline based on a "good-faith error" by counsel). The Court should do likewise here and grant Uber's requested relief.

1  Defendants prepare this motion and its Responsive Statement.  Plaintiffs' cooperatively and graciously
2  agreed. Thus, the fourth factor of the *Pioneer* test weighs in favor of granting this motion.

3  **E.  Defendants Have Meritorious Bases for Sealing.**

4  As set forth in Defendants contemporaneously filed Responsive Statement, Defendants seek
5  to retain certain narrowly tailored redactions in Plaintiffs' bellwether complaints (but is not seeking to
6  maintain all of Plaintiffs' redactions).  Defendants' Responsive Statement sets forth compelling
7  reasons for maintaining certain information under seal, including a substantial risk of competitive
8  harm from the disclosure of proprietary and highly confidential trade secrets.  The strong merits of
9  Defendants' Responsive Statement also weighs in favor of granting this motion. *See White*, 2020 WL
10 5258252, at *3 (setting aside default because, among other reasons, the defendant showed it had a
11 potentially meritorious defense).

## CONCLUSION

13 Granting Defendants' requested relief would cause no prejudice to any party or interfere with
14 the progress of this litigation.  There is no hint of bad faith or gamesmanship on Defendants' part.
15 After learning of this inadvertent oversight, Defendants acted promptly and in good faith to remedy
16 the situation.  Under these circumstances, granting the requested relief is just, equitable, and
17 appropriate.  Defendants respectfully request that the Court vacate its Order and grant Defendants'
18 leave to file its Responsive Statement in support of sealing.

20 DATED: April 4, 2025                     Respectfully submitted,

21                                          **SHOOK HARDY & BACON L.L.P.**

22                                          By: */s/ Michael B. Shortnacy*
                                                MICHAEL B. SHORTNACY
23
                                            MICHAEL B. SHORTNACY (SBN: 277035)
24                                              mshortnacy@shb.com
                                            **SHOOK, HARDY & BACON L.L.P.**
25                                          2121 Avenue of the Stars, Suite 1400
                                            Los Angeles, CA 90067
26                                          Telephone: (424) 285-8330
                                            Facsimile: (424) 204-9093
27

28

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile: (202) 223-7420

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Michael B. Shortnacy

MICHAEL B. SHORTNACY

8

DEFENDANTS' ADMINISTRATIVE MOTION FOR RELIEF FROM ORDER (DKT. 2676) AND FOR LEAVE TO FILE RESPONSIVE STATEMENT OUT OF TIME

Case No. 3:23-MD-3084-CRB