RANDALL S. LUSKEY (SBN: 240915)
   rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
   ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
   cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
   akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
   **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2496]**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6-17th Floor |

## **DEFENDANTS' STATEMENT IN SUPPORT OF SEALING**

## **CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should Be Filed Under Seal, dated March 14, 2025, ECF 2496 ("Plaintiffs' Motion") related to Plaintiffs' Amended Bellwether Complaints. Uber asks the Court to maintain a narrowly tailored subset of the redactions in Plaintiffs' Motion under seal. Uber submits as exhibits its proposed narrowed redactions for 9 of the 19 bellwether complaints and does not request that any redactions be maintained under seal for the remaining 10 complaints. Plaintiffs informed Uber that they take no position on Uber's request to seal.

### I.     BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns nineteen Amended Bellwether Complaints ("Complaints"):

| Document | Description | Uber's Request | Designating Party |
|---|---|---|---|
| [Unredacted] C.L. Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] A.R.1 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] J.E. Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] LCHB128 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |

| Document | Description | Uber's Request | Designating Party |
|---|---|---|---|
| [Unredacted] Jane Doe QLF 001 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] T.L. Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] B.L. Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] Jaylynn Dean Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] A.R.2 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] A.G. Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] K.E. Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] D.J. Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] Amanda Lazio Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |

| Document | Description | Uber's Request | Designating Party |
|---|---|---|---|
| [Unredacted] WHB 1486 Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] WHB 318 Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] WHB 1898 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] WHB 407 Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |
| [Unredacted] WHB 1876 Amended Bellwether Complaint | Portion of complaint referring to highly confidential and commercially sensitive information, the disclosure of which could cause economic harm or competitive injury | Narrowed Redactions | Uber |
| [Unredacted] WHB 823 Amended Bellwether Complaint | Portion of complaint referring to documents and information designated confidential or highly confidential | No Redactions or Sealing Requested | Uber |

The portions of the complaints at issue contain information from documents produced by Uber in discovery designated as confidential or highly confidential pursuant to the Protective Order. Redacted versions of these complaints were filed on the public docket at ECF 2497, 2498-2516. The redacted portions that Uber seeks to maintain under seal contain Uber's confidential and proprietary business research and trade secrets. Uber therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3).

## II. LEGAL STANDARD

Courts ruling on a request to seal information or documents must "conscientiously balance[ ] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016).  The presumption of public access is overcome where documents or information are the type "traditionally kept secret," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), such as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Where the information or document to be sealed "is more than tangentially related to the underlying cause of action," courts apply the "compelling reasons" standard, and otherwise apply the lower "good cause" standard of Rule 26(c) in contexts where "[t]here is no tradition of public access" and "the public is not presumed to have a right of access to it." *Ctr. for Auto Safety*, 809 F.3d at 1097-99 (quoting *Anderson v. Cryovac, Inc*., 805 F.2d 1, 13 (1st Cir.1986) and *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Ultimately, "[w]hat constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097.

Courts within the Ninth Circuit have sealed trade secrets and confidential proprietary business information and research under the compelling reasons standard.  *See Skillz Platform Inc. v. AvaiGames Inc.*, 2023 WL 8430420, at *2 (N.D. Cal. Dec. 4, 2023) ("Compelling reasons exist to seal trade secrets." (citing *Kamakana*, 447 F.3d at, 1179)).

## III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The portions of the complaints at issue contain information from documents produced by Uber in discovery designated as confidential or highly confidential pursuant to the Protective Order. Redacted versions of these complaints were filed on the public docket at ECF 2497, 2499-2516.  The redacted portions contain highly confidential and proprietary information about Uber's confidential and proprietary business research, technology, and trade secrets.  Uber has a legitimate interest in sealing these allegations in order to avoid harm to Uber's competitive standing.

**A. Failing to Seal the Documents Would Harm Uber**

Many of Plaintiffs' Amended Bellwether Complaints contain allegations revealing Uber's confidential and proprietary business research and trade secrets.[1] Uber proposes narrowly tailored redactions to these allegations to protect its trade secrets and proprietary research and business and technological know-how. Uber is not seeking to maintain all of the redactions currently in Plaintiffs' Amended Bellwether Complaints, but has narrowly tailored its requests to those redactions necessary to avoid harm to Uber's competitive standing.

The information in Uber's proposed redactions reveals Uber's confidential and proprietary business research, technology, and trade secrets. Specifically, these allegations divulge information gleaned from highly confidential internal company documents obtained in discovery, the nature and details of a proprietary technology developed by Uber. The allegations describe what this technology is, how it functions, what its purpose is, its inputs, and the data points that it uses to function.

Uber has expended significant time, resources, and money in the research and development of this technology and has maintained its research and development under strict confidentiality, and the technology and its level of sophistication is likely unique to Uber. It is the result of years of research and testing by Uber's product managers, software engineers, and data scientists, who meticulously collected and analyzed data from several countries and regions to advance this proprietary technology. Knowledge of the nature and details of this program, which Uber has not revealed publicly and has taken great lengths to safeguard, could cause competitive harm. Even though the Redacted Material refers to functionality rather than revealing the underlying research and testing, the disclosure of the functionality and variables in this proprietary technology could potentially allow competitors to reverse engineer Uber's proprietary software code, which could harm Uber's competitive standing. In addition, if these trade secrets were revealed, this would potentially give competitors a roadmap to identifying sensitive information about Uber's technology and business plans, which could be used to gain an unfair business advantage over Uber. If disclosed, app users may also be able to manipulate

---

[1] *See* A.R.1 ¶¶ 32-39; A.R.2 ¶¶ 43-50; B.L. ¶¶ 50-57; Jane Doe QLF 001 ¶¶ 26-30; Jaylynn Dean ¶¶ 54-61; LCHB128 ¶¶ 31-38; T.L. ¶¶ 30-37; WHB 1876 ¶¶ 19-24; and WHB 1898 ¶¶ 32-37.

6

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2496]
Case No. 3:23-MD-3084-CRB

1  their actions or behaviors to potentially undermine the program's effectiveness.  Therefore, references
2  to this program, its inputs, and any other underlying details should be maintained under seal as their
3  disclosure could cause competitive harm to Uber.  *See* Kolta Decl. ¶¶ 2-4.

4　　　　　Rule 26(c)(1)(G) specifically identifies "trade secret[s] or other confidential research,
5  development, or commercial information" as worthy of protection from disclosure.  The Ninth Circuit
6  has held that compelling reasons for sealing documents includes "sources of business information that
7  might harm a litigant's competitive standing."  *Ctr. for Auto Safety*, 809 F.3d at 1097) (quoting *Nixon*,
8  435 U.S. at 598); *In Re Elec. Arts, Inc.*, 2008 WL 4726222, *1 (9th Cir. October 28, 2008) (sealing
9  trial exhibit which contained video game company's pricing terms and royalty rates because there
10 were compelling reasons to find unsealing might harm company's competitive standing).  Courts
11 within the Ninth Circuit have sealed analogous information under the compelling reasons standard.
12 *See, e.g.*, *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at *2 (N.D. Cal. Dec. 7, 2023) (sealing portions
13 of complaint and exhibits regarding proprietary software platform, customer names, and customer-
14 specific terms, which risked competitive harm); *Skillz Platform Inc.*, 2023 WL 8430420 (sealing
15 portions of complaint and exhibits containing "confidential business communications and other
16 confidential information relating to the backend operation of AviaGames' servers and source code");
17 *Williams v. Apple, Inc.*, 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021) (sealing under compelling
18 reasons standard information about "the workings of iCloud's storage algorithm … [including] the
19 algorithmic parameters that determine the upload priority and regional location of data."); *In re*
20 *Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021)
21 (sealing under compelling reasons standard "proprietary research and data, internal regulatory and
22 safety analyses, and confidential regulatory strategies and communications, which, if disclosed, could
23 cause significant competitive harm to Defendants," specifically unpublished scientific research and
24 documents referencing this research); *Foran v. Ulthera, Inc.*, 2020 WL 3047789, at *2 (E.D. Cal. June
25 8, 2020) (sealing under compelling reasons standard an FDA premarket clearance drug application
26 with proprietary research); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (sealing portions
27 of complaint containing "specific descriptions of how Gmail operates" including "the structures that
28

Google has in place and the order in which emails go through these structures," and "how users' interactions with the Gmail system affects how messages are transmitted"). The trade secrets at issue here should likewise be sealed under the compelling reasons standard.

### B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

No less restrictive alternative to sealing the documents at issue is sufficient. Uber has already narrowly tailored its request to seal from the material in Plaintiffs' Motion by narrowing the redactions to only the one category of redactions and narrowing the redactions within that category. Actions short of sealing would not protect Uber's competitive standing.

### IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the unredacted versions of Plaintiffs' Amended Bellwether Complaints be maintained under seal, consistent with its proposed narrowed redactions attached hereto.

DATED: April 4, 2025                           Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
      MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com

|   |   |
|---|---|
| 1 | |
| 2 | **PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP** |
|   | 2001 K Street, NW |
| 3 | Washington DC, 20006 |
|   | Telephone: (202) 223-7300 |
|   | Facsimile:  (202) 223-7420 |

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2496]
Case No. 3:23-MD-3084-CRB