RANDALL S. LUSKEY (SBN: 240915)
    rluskey@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
535 Mission Street, 24th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100
Facsimile:  (628) 232-3101

ROBERT ATKINS (*Pro Hac Vice* admitted)
    ratkins@paulweiss.com
CAITLIN E. GRUSAUSKAS (*Pro Hac Vice* admitted)
    cgrusauskas@paulweiss.com
ANDREA M. KELLER (*Pro Hac Vice* admitted)
    akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000
Facsimile:  (212) 757-3990

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL KOLTA IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 2496]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## DECLARATION OF DANIEL KOLTA

I, Daniel Kolta having personal knowledge of the following state:

1. I am the Legal Director, Global Safety, at Uber. I was first employed by Uber in July 2018 and have worked as in-house legal counsel for the past 7 years. In my current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should be Sealed [ECF No. 2496]. The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I have reviewed the Plaintiffs' Amended Bellwether Complaints for Plaintiffs A.R. 1, A.R. 2, B.L., Jane Doe QLF 001, Jaylynn Dean, LCHB 128, T.L., WHB 1876, and WHB 1898 ("Bellwether Complaints"). In this declaration, I address Bellwether Complaint A.R. 1 ¶¶ 32-39, A.R. 2 ¶¶43-50, B.L. ¶¶50-57, Jane Doe QLF 001 ¶¶ 26-30, Jaylynn Dean ¶¶ 54-61, LCHB 128 ¶¶ 31-38, T.L. ¶¶ 30-37, WHB 1876 ¶¶ 19-24, and WHB 1898 ¶¶ 32-37 ("Allegations at Issue"). The Allegations at Issue are substantially similarly alleged across the Bellwether Complaints. I have also reviewed Uber's proposed redactions for the Allegations at Issue in the Bellwether Complaints ("Redacted Material").

3. The Redacted Material reveals Uber's confidential and proprietary business research, technology, and trade secrets. Specifically, the Allegations at Issue divulge, from highly confidential internal company documents obtained in discovery, the nature and details of a proprietary technology developed by Uber. The Allegations at Issue describe what this technology is, how it functions, what its purpose is, its inputs, and the data points that it uses to function. I am familiar with this proprietary and highly confidential technology through my work as in-house counsel for Uber's Safety Legal team, where I work closely with Uber's business teams to provide legal advice related to this technology.

1  4.  Uber has expended significant time and money in the research and development of this technology and has maintained its research and development under strict confidentiality. To my knowledge, the technology and its level of sophistication is unique to Uber. It is the result of years of research and testing by Uber's product managers, software engineers, and data scientists, who meticulously collected and analyzed data from several countries and regions to advance this proprietary technology. Knowledge of the nature and details of this program, which Uber has not revealed publicly and has taken great lengths to safeguard, could cause competitive harm. Even though the Redacted Material refers to functionality rather than revealing the underlying research and testing, the disclosure of the functionality and variables in this proprietary technology could potentially allow competitors to reverse engineer Uber's proprietary software code, which could harm Uber's competitive standing. In addition, if these trade secrets were revealed, this would potentially give competitors a roadmap to identifying sensitive information about Uber's technology and business plans, which could be used to gain an unfair business advantage over Uber. If disclosed, app users may also be able to manipulate their actions or behaviors to potentially undermine the program's effectiveness. Therefore, references to this program, its inputs, and any other underlying details should be maintained under seal as their disclosure could cause competitive harm to Uber.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 4, 2025.   By: /s/ *Daniel Kolta*

Daniel Kolta