ROBERT ATKINS (Admitted *Pro Hac Vice*)
  ratkins@paulweiss.com
JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
  jrubin@paulweiss.com
CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
  cgrusauskas@paulweiss.com
ANDREA M. KELLER (Admitted *Pro Hac Vice*)
  akeller@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3000

RANDALL S. LUSKEY (SBN: 240915)
  rluskey@paulweiss.com
MARC PRICE WOLF (SBN: 254495)
  mpricewolf@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
  **& GARRISON LLP**
535 Mission Street, 25th Floor
San Francisco, CA 94105
Telephone: (628) 432-5100

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

[*Additional Counsel Listed on Following Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS FILED IN SUPPORT OF DEFENDANTS' MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

1  KYLE SMITH (Admitted *Pro Hac Vice*)
      ksmith@paulweiss.com
2  JESSICA PHILLIPS (Admitted *Pro Hac Vice*)
      jphillips@paulweiss.com
3  **PAUL, WEISS, RIFKIND, WHARTON**
      **& GARRISON LLP**
4  2001 K Street, NW
5  Washington, D.C. 20006
   Telephone: (202) 223-7300
6

7  LAURA VARTAIN (SBN 258485)
      laura.vartain@kirkland.com
8  **KIRKLAND & ELLIS LLP**
   555 California Street
9  San Francisco, CA 94104
   Telephone: (415) 439-1625
10
   *Attorneys for Defendants*
11 UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
12

**ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 7-11 and 79-5, and to the Protective Order entered in this case dated December 28, 2023, Dkt. No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion to Seal Documents Filed in Support of Uber's Motion for Relief from the Nondispositive Pretrial Order of Magistrate Judge Cisneros dated March 24, 2025, Dkt. No. 2600 (the "Motion for Relief"). Uber respectfully requests that the Court seal the following documents filed in support of that motion:

I.   BACKGROUND AND REQUESTED SEALING

| Document | Description | Designating Party |
|---|---|---|
| The Motion for Relief | Portions of the briefing that reference and quote from confidential excerpts of Exhibit 5 to the Declaration of Randall S. Luskey in Support of the Motion for Relief (the "Luskey Declaration") | Uber |
| Exhibit 1 to the Luskey Declaration | Executed sworn declaration from Dara Khosrowshahi that contains non-public internal structural and reporting information. | Uber |
| Exhibit 2 to the Luskey Declaration | Executed sworn declaration from Jill Hazelbaker that contains non-public internal structural and reporting information. | Uber |
| Exhibit 5 to the Luskey Declaration | Excerpts from the March 26-27, 2025 deposition transcript of Henry Gustav Fuldner coordinated between and designated "Highly Confidential" in both *In re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP") and this litigation. | Uber |
| Exhibit 6 to the Luskey Declaration | Excerpts from the November 13, 2024 deposition transcript of Matthew Baker taken and designated "Confidential" in the JCCP. | Uber |
| Exhibit 7 to the Luskey Declaration | Excerpts from the November 19, 2024 deposition transcript of Roger Kaiser taken and designated "Confidential" in the JCCP. | Uber |
| Exhibit 8 to the Luskey Declaration | Excerpts from the October 15, 2024 deposition transcript of Andi Pimentel taken and designated "Confidential" in the JCCP. | Uber |

## II. LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a 'particularized showing' under the 'good cause' standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana* v. *City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations omitted); *Ctr. for Auto Safety* v. *Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents at issue relate to a discovery motion for a protective order, not a dispositive motion. Documents "attached to a discovery motion" are "unrelated to the merits of a case," *Ctr. for Auto Safety*, 809 F.3d at 1097, and "one step further removed in public concern from the trial process than the discovery materials themselves." *U.S.* v. *Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018). Accordingly, these materials "need satisfy only the less exacting 'good cause' standard." *Id.* at 1014; *accord Brown* v. *Google, LLC*, 2022 WL 2289059, at *1 n.1 (N.D. Cal. Apr. 4, 2022) (sealing records filed in connection with "apex" motion).

Good cause to seal exists where the relevant documents "contain trade secrets, contain confidential research, development or commercial information, or if disclosure of the information might harm a litigant's competitive standing." *Synopsys, Inc.* v. *Siemens Indus. Software Inc.*, 2021 WL 4427437, at *22 (N.D. Cal. Sept. 27, 2021). "[C]ompetitive harm" results—and a sealing order is warranted—when public disclosure of a document would "provid[e] competitors insight" into a party's non-public "polic[ies]" or "strateg[ies]." *Verinata Health, Inc.* v. *Ariosa Diagnostics, Inc.*, 2015 WL 1885626, at *1 (N.D. Cal. Apr. 24, 2015). The same is true with respect to the public disclosure of a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun* v. *Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id*.

1    Good cause to seal also exists where the relevant documents are already protected from
2 disclosure in a separate court proceeding and sealing is necessary to "avoid disparate treatment."
3 *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2 (N.D. Cal. June 6, 2023);
4 *Netlist Inc.* v. *Samsung Elec. Co., Ltd.*, 2024 WL 2429346, at *1 (C.D. Cal. May 8, 2024) (finding
5 "good cause to seal . . . information from sealed court records from another case").

6    In addition to showing good cause, a party moving to seal documents must explain "why a
7 less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly
8 tailored to seal only the sealable material." Civ. L.R. 79-5(c).

### III. UBER'S MATERIALS SHOULD BE KEPT UNDER SEAL

10    The relevant documents should be sealed under the good cause standard. Uber has a
11 legitimate business interest in sealing these documents, and the sealing Uber requests is the least
12 restrictive means of protecting that interest.

13    **Exhibits 1 and 2 to the Luskey Declaration** are the sworn Declarations of Dara
14 Khosrowshahi and Jill Hazelbaker submitted in support of Uber's Memorandum of Points and
15 Authorities in support of its Motion for a Protective Order, dated February 28, 2025, Dkt. 2425.
16 The declarations each include information about Uber's internal reporting structure and operations,
17 as well as the duties of senior staff members. These are sensitive, non-public details the disclosure
18 of which would provide competitors with insights into Uber's "internal systems and operations,"
19 thus placing the company at serious risk of harm. *Calhoun*, 2022 WL 1122843, at *2 (N.D. Cal.
20 Apr. 14, 2022). Substantially similar declarations from Mr. Khosrowshahi and Ms. Hazelbaker
21 covering the same subject matter are also under seal in the JCCP proceedings. Sealing is therefore
22 necessary to "avoid disparate treatment" between the JCCP and this case. *In re Xyrem (Sodium
23 Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

24    **Exhibit 5 to the Luskey Declaration** comprises excerpts from the transcripts of the March
25 26-27, 2025 deposition of Henry Gustav Fuldner coordinated between this litigation and the JCCP.
26 The March 27, 2025 transcript has not been edited, proofread, corrected, or certified yet, and so it
27 may contain errors the public disclosure of which would cause unwarranted harm to Uber's
28 competitive standing. Sealing is also justified because the relevant excerpts contain highly

- 3 -

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL                         Case No. 3:23-md-03084-CRB

1  sensitive details about confidential aspects of Uber's business, including non-public safety features
2  that Uber has considered, developed, or implemented as part of its operations in foreign countries.
3  Disclosure of this information poses serious security and competitive risks for the company.  *See*
4  *Verinata Health*, 2015 WL 1885626, at *1; *Calhoun*, 2022 WL 1122843, at *2.

5      **The portions of the Motion for Relief** that Uber seeks to redact reference and quote from
6  confidential excerpts appearing in Exhibit 5 to the Luskey Declaration and should be sealed for
7  the same reasons that those excerpts should be sealed in Exhibit 5.

8      **Exhibit 6 to the Luskey Declaration** comprises excerpts from the November 13, 2024
9  deposition of Matthew Baker taken in the JCCP.  Sealing of the redacted portions is warranted
10 because the relevant excerpts contain highly sensitive details about confidential aspects of Uber's
11 business, including:  the processes by which Uber audits and presents various data in its U.S. Safety
12 Reports; the operation of and rationales for employing various background check procedures;
13 Uber's approach to the complex issues surrounding the implementation of certain technological
14 features; and Uber's deactivation data and policies.  Disclosure of this information poses serious
15 security and competitive risks for the company.  *See Verinata Health*, 2015 WL 1885626, at *1;
16 *Calhoun*, 2022 WL 1122843, at *2.

17     **Exhibit 7 to the Luskey Declaration** comprises excerpts from the November 19, 2024
18 deposition of Roger Kaiser taken in the JCCP.  Sealing of the redacted portions is warranted
19 because the relevant excerpts contain highly sensitive details about confidential aspects of Uber's
20 business, including the operation of and rationales for employing various background check
21 procedures and Uber's executive compensation practices.  Disclosure of this information poses
22 serious security and competitive risks for the company.  *See Verinata Health*, 2015 WL 1885626,
23 at *1; *Calhoun*, 2022 WL 1122843, at *2.

24     **Exhibit 8 to the Luskey Declaration** comprises excerpts from the October 15, 2024
25 deposition of Andi Pimentel taken in the JCCP.  Sealing of the redacted portions is warranted
26 because the relevant excerpts contain highly sensitive details about confidential aspects of Uber's
27 business, including Uber's approach to the complex issues surrounding the implementation of
28 certain technological features.  Disclosure of this information poses serious security and

competitive risks for the company. *See Verinata Health*, 2015 WL 1885626, at *1; *Calhoun*, 2022 WL 1122843, at *2.

The portions of Exhibits 5, 6, 7, and 8 to the Luskey Declaration that Uber seeks to seal are also designated either "Confidential" or "Highly Confidential" pursuant to a protective order entered in the JCCP. Accordingly, sealing is necessary to "avoid disparate treatment" with that order. *In re Xyrem (Sodium Oxybate) Antitrust Litig.*, 2023 WL 3874024, at *2; *Netlist Inc.*, 2024 WL 2429346, at *1.

Uber's proposed sealing is "narrowly tailored" to cover only information for which Uber has a legitimate interest in maintaining confidentiality. Civ. L.R. 79-5(c)(3). The deposition exhibits do not consist of the entirety of the depositions, but of limited excerpts that are focused exclusively on Uber's internal policies, strategies, systems, operations, or projects. Actions short of sealing these excerpts would be insufficient to protect Uber's legitimate expectations of confidentiality. *See, e.g.*, *In re PersonalWeb Techs., LLC Patent Litig.*, 2019 WL 13033990, at *2 (N.D. Cal. Dec. 16, 2019) (granting motion to seal exhibits consisting of "excerpts of testimony from . . . [d]eposition[s] regarding non-public" business decisions "as to the entire document[s]" because disclosure "would put [the parties] at undue risk of serious harm"). Accordingly, there is good cause to grant the sealing Uber requests, and there are no less restrictive means of protecting Uber's legitimate interest in maintaining confidentiality.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents identified herein be maintained under seal.

Dated: April 7, 2025

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: /s/ *Randall Luskey*
ROBERT ATKINS
RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC