1   ROBERT ATKINS (Admitted *Pro Hac Vice*)
       ratkins@paulweiss.com
2   JACQUELINE P. RUBIN (Admitted *Pro Hac Vice*)
       jrubin@paulweiss.com
3   CAITLIN E. GRUSAUSKAS (Admitted *Pro Hac Vice*)
       cgrusauskas@paulweiss.com
4   ANDREA M. KELLER (Admitted *Pro Hac Vice*)
       akeller@paulweiss.com
5   **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
6   1285 Avenue of the Americas
    New York, NY 10019
7   Telephone: (212) 373-3000

8   RANDALL S. LUSKEY (SBN: 240915)
       rluskey@paulweiss.com
9   MARC PRICE WOLF (SBN: 254495)
       mpricewolf@paulweiss.com
10  **PAUL, WEISS, RIFKIND, WHARTON**
       **& GARRISON LLP**
11  535 Mission Street, 25th Floor
    San Francisco, CA 94105
12  Telephone: (628) 432-5100

13  *Attorneys for Defendants*
    UBER TECHNOLOGIES, INC.,
14  RASIER, LLC, and RASIER-CA, LLC

15  [*Additional Counsel Listed on Following Page*]

16                **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                 **SAN FRANCISCO DIVISION**

19

| | |
|---|---|
| 20 IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION 21 | Case No. 3:23-md-03084-CRB (LJC) **REDACTED** |
| 22 This Document Relates to: 23 ALL MATTERS 24 | **DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER LLC, AND RASIER-CA LLC'S MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE** |
| 25 | Judge:        Hon. Charles R. Breyer Courtroom:   Courtroom 6 – 17th Floor |

26

27

28

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
    & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

LAURA VARTAIN (SBN 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street
San Francisco, CA 94104
Telephone: (415) 439-1625

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

MOT. FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE                    Case No. 3:23-md-03084-CRB

**INTRODUCTION**

Uber Technologies, Inc. ("Uber") has made (or will make) more than 30 employees available for depositions in this litigation, including Gus Fuldner, a member of Uber's Executive Leadership Team ("ELT"), who is the company's most senior executive responsible for safety and consumer support. Nonetheless, Plaintiffs also seek to depose eight other high-ranking current and former executives, including Uber's Chief Executive Officer ("CEO"), Dara Khosrowshahi, and its Chief Marketing Officer ("CMO"), Jill Hazelbaker.[1] In allowing these depositions to proceed, Magistrate Judge Cisneros took a different approach from Judge Ethan Schulman, who precluded similar depositions in the related California JCCP litigation. Rather than determine whether these corporate officers possess any unique knowledge that cannot be obtained from lower-tier employees, the Magistrate Judge reasoned that the well-established limits embodied by the "apex" doctrine do not apply here because: (1) this is an MDL proceeding, (2) the litigation involves claims for punitive damages, and (3) there is no evidence that the depositions are being sought to harass. Uber respectfully submits that this reasoning is contrary to the prevailing body of case law in this district, and the Court should reverse the portion of the magistrate judge's ruling compelling the depositions of Mr. Khosrowshahi and Ms. Hazelbaker.

**BACKGROUND**

Uber has approximately 31,100 employees and operates in over 70 countries and more than 15,000 cities around the world. (Decl. of Dara Khosrowshahi ("Khosrowshahi Decl.") ¶¶ 4-5 (Ex. 1).) Mr. Khosrowshahi, Uber's CEO, oversees all of Uber's operating and reportable segments. Although Mr. Khosrowshahi is the company's leader, he is not directly or uniquely responsible for creating and implementing the safety policies at issue in this litigation. (*Id.* ¶ 6.) Rather, Mr. Fuldner, Senior Vice President of Safety & Core Services, oversees all safety efforts, while lower-tier employees implement, develop, and manage those responsibilities. Mr. Khosrowshahi's knowledge of safety-related issues is generally based on reports from those employees. (*Id.*)

---

[1] While Uber believes all eight depositions are improper, it is presently only seeking relief with respect to Mr. Khosrowshahi and Ms. Hazelbaker, who are at the pinnacle of the corporation and would be most burdened and disrupted by the depositions.

Ms. Hazelbaker, Uber's CMO and Senior Vice President, oversees the company's global marketing, communications and public policy efforts and reports directly to Mr. Khosrowshahi. (*See* Decl. of Jill Hazelbaker ("Hazelbaker Decl.") ¶¶ 3, 5 (Ex. 2).)  Ms. Hazelbaker does not make decisions regarding driver or rider safety, and she is not responsible for the development, implementation, or execution of the safety measures and practices that are the focus of Plaintiffs' lawsuits.  (*Id.* ¶ 7.)  Although Ms. Hazelbaker oversees Uber's global communications strategy, lower-tier employees like Brooke Anderson had direct and primary responsibility for Uber's safety messages to the public.  (*Id.* ¶ 9.)

## ARGUMENT

"Virtually every court that has addressed deposition notices directed at an official at the highest level or 'apex' of corporate management has observed that such discovery creates a tremendous potential for abuse or harassment."  *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2, 2012) (citation omitted).  "For that reason, parties seeking to depose a high ranking corporate officer must first establish that the executive (1) has unique, non-repetitive, firsthand knowledge of the facts . . . and (2) that other less intrusive means of discovery . . . have been exhausted without success."  *Id.*[2]  Accordingly, an order compelling an apex deposition should be reversed under Fed. R. Civ. P. 72(a) as "contrary to law" where the court failed to "consider whether [the witness] has 'unique or superior personal knowledge'" or "address whether plaintiffs exhausted all less intrusive means of discovery[.]"  *Brown v. Google, LLC*, No. 4:20-cv-03664-YGR, 2022 WL 2289059, at *2 (N.D. Cal. Apr. 4, 2022) (reversing ruling compelling CEO's deposition under this standard).[3]  The ruling below should be set aside under this

---

[2]     *Accord, e.g.*, *Schneider v. Chipotle Mexican Grill, Inc.*, No. 16-CV-02200-HSG (KAW), 2017 WL 4127992, at *2 (N.D. Cal. Sept. 19, 2017) (same); *In re Yosemite Nat'l Park Hantavirus Litig.*, No. 14-MD-02532-MMC (KAW), 2017 WL 2861162, at *2 (N.D. Cal. July 5, 2017) (same); *Somers v. Digit. Realty Tr. Inc.*, No. 14-CV-05180-EMC (KAW), 2016 WL 7157505, at *1 (N.D. Cal. Dec. 8, 2016) (same); *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST (MEJ), 2014 WL 5387936, at *1 (N.D. Cal. Oct. 21, 2014) (same).

[3]     Applying the proper standard on remand, the magistrate judge in *Google* precluded the apex deposition because the evidence provided by the plaintiffs "d[id] not demonstrate 'unique and superior' personal knowledge" and that "less intrusive testimony of other witnesses [was not] sufficient."  Order on Pls.' Renewed Request to Depose Sundar Pichai, *Brown v. Google LLC*, No. 20-cv-03664-YGR (SVK), Dkt. No. 758, at 2 (N.D. Cal. Sept. 26, 2022) (Ex. 3).

standard because it does not "determine whether other sources have been exhausted or whether testimony will be unique or superior[.]" (Order at 5; *see also id.* at 2).)[4] Instead, the decision reasons that depositions of Uber's CEO and CMO should proceed because: (1) this is an MDL proceeding involving hundreds of lawsuits; (2) the testimony may be relevant to Plaintiffs' claims for punitive damages; and (3) there was no evidence that the depositions are being "sought for harassing purposes[.]" (*Id.* at 3-5.) This approach to "apex" depositions is contrary to law.[5]

**First**, MDL courts in this district have not relaxed the requirement that the "party seeking to depose an apex executive demonstrate that he possesses some 'unique personal knowledge' about the case." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, MDL No. 1827, 2011 WL 10967617, at *1-2 (N.D. Cal. Aug. 1, 2011) (affirming ruling denying apex depositions in an MDL because "Plaintiffs have not made any such showing in this case"). This approach is in line with the understanding that "the requirements of the Civil Rules in an MDL case . . . 'are the same as those for ordinary litigation on an ordinary docket.'" *In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (quoting *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011)). Indeed, the judge overseeing the California JCCP litigation applied this general framework in precluding the very depositions at issue here. *See In re Uber Rideshare Cases*, at 9. Although Judge Cisneros reasoned that California law "does not control" the scope of federal discovery (Order at 2 n.3), Judge Gonzalez Rogers applied that standard in reversing a magistrate's ruling that did ***not*** "consider whether [the CEO] has 'unique or superior personal knowledge'" and, if so,

---

[4] Even the authorities cited in the ruling below as supposedly rejecting the "apex" doctrine are generally in accord with this standard. *See Apple Inc. v. Samsung Elecs. Co.*, 282 F.R.D. 259, 266 (N.D. Cal. 2012) (barring deposition of executive who lacked "unique, first-hand knowledge that implicates anything beyond the statements of a business executive voicing Samsung's need to remain competitive").

[5] The ruling states elsewhere that "Plaintiffs have gathered sufficient discovery through other means to demonstrate that the proposed deponents have relevant and superior knowledge." (Order at 5.) However, that is foreclosed by the declarations submitted by Mr. Khosrowshahi and Ms. Hazelbaker. (*See, e.g.*, Khosrowshahi Decl. ¶ 6 (lower-level employees are responsible for creating and implementing the safety policies and most of Mr. Khosrowshahi's knowledge of that work is based on reports from those employees); Hazelbaker Decl. ¶ 9 (lower-level employees had direct and primary responsibility for Uber's safety messages to the public).) There is no basis to "second-guess the Senior Executives' sworn statements that they lack unique or superior personal knowledge of discoverable information." *See* Order on Uber's Mot. to Quash at 8, *In re Uber Rideshare Cases*, No. CJC-21-005188 (Cal. Super. Ct. Jan. 9, 2025) (Ex. 4).

MOT. FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE                    Case No. 3:23-md-03084-CRB

whether "plaintiffs exhausted all less intrusive means of discovery[.]" *Brown*, 2022 WL 2289059, at *2 (citing *Liberty Mut. Ins. Co. v. Superior Ct.*, 10 Cal. App. 4th 1282, 1286 (1992)); *see also Doble v. Mega Life & Health Ins. Co*., No.  C 09-1611 CRB (JL), 2010 WL 1998904, at *1 (N.D. Cal. May 18, 2010) (finding *Liberty Mutual* persuasive).

     *Second*, the fact that Plaintiffs have asserted claims for punitive damages similarly does not provide a legal basis for deposing Uber's CEO or CMO.  As courts have recognized, information about corporate knowledge can readily be obtained through less burdensome channels.  *See, e.g.*, *Jensen v. BNSF Ry.*, No. 3:13–cv–05955–HSG (LB), 2015 WL 3662593, at *3 (N.D. Cal. May 19, 2015) (rejecting apex deposition because "additional questions relevant to punitive damages can be addressed through the Rule 30(b)(6) witness"); *Reed v. Beko Techs. Corp.*, No. 1:21-cv-03563-WMR, 2023 WL 11963637, at *2-3 (N.D. Ga. Dec. 6, 2023) (rejecting argument that high-ranking executives should be deposed "to support [plaintiff's] claim for punitive damages" because "Plaintiff has failed to articulate how" information about corporate knowledge "could not have been obtained . . . by deposing other management personnel").[6]

     *Third*, the recent deposition of Mr. Fuldner (which occurred after the ruling was entered) confirms that Plaintiffs *are* seeking to use apex depositions to burden the company and its high-ranking executives.  For example, Plaintiffs' counsel repeatedly questioned Mr. Fuldner about irrelevant documents related to Uber's operations in foreign countries.  (*See, e.g.*, 3/27/25 Fuldner Dep. 150:12-154:6 (Ex. 5) (questioning Mr. Fuldner about a document pertaining to Latin America); *id.* 155:7-156:23 (similar with respect to South Africa document); *id.* 218:11-220:10 (similar questioning about marketing in "Europe, Middle East and Africa").)  And on 12 separate occasions during the second day of Mr. Fuldner's deposition, Plaintiffs' counsel badgered Mr. Fuldner, attempting to preclude him from offering full explanations in response to complex (and often loaded) questions.  (*See, e.g.*, *id.* 5:17-6:25 (Ex. 5) (demanding a yes-or-no answer after

---

[6]    "The mere fact that [Mr. Khosrowshahi] made public statements, even on issues that [Plaintiffs] consider[] relevant to [their] claims, [is] insufficient to justify his deposition." *Affinity Labs of Texas v. Apple, Inc.*, No. C 09-4436 CW (JL), 2011 WL 1753982, at *16 (N.D. Cal. May 9, 2011) ("Courts have repeatedly denied apex depositions even on a showing that the executive made public statements on relevant issues.") (collecting cases).

asking Mr. Fuldner whether he agrees that Uber "must do all that human care, vigilance, and foresight reasonably can do . . . to avoid harm" when Mr. Fuldner tried to explain that he did not "know the specific meanings of [] some of the words" in the question).)[7]  These examples suggest that depositions of Uber's CEO and CMO will be used "for abuse or harassment." *Groupion*, 2012 WL 359699, at *2.

Finally, regardless of whether the "apex" rule applies in this litigation, "Rule 26(c)(1) protects a party or a person from . . . 'unreasonably cumulative or duplicative' discovery." (Order at 5 (citing Fed. R. Civ. P. 26(c), 26(b)(2)(C)).)  While Plaintiffs have indicated that they intend to depose these executives about safety-related initiatives (*e.g.*, Uber's U.S. Safety Report, background checks and dashcams), numerous lower-level employees have already testified on these exact topics,[8] including, most recently, Mr. Fuldner, over the course of a 14-hour deposition.[9]  (*See, e.g.*, 3/26/25 Fuldner Dep. 30:8-45:3, 201:6-14 (testifying about Uber's Safety Report and that he was "leading the process of creating the report"); *id.* 100:1-104:7 (dashcams); 3/27/25 Fuldner Dep. 114:23-116:2 (background checks); *id.* 179:8-189:7 (deactivation policies).)  Deposing Uber's CEO and CMO about these matters would not break any new ground, providing independent grounds for granting the requested relief.

### CONCLUSION

For the foregoing reasons, the Court should reverse the portion of the Order compelling the depositions of Mr. Khosrowshahi and Ms. Hazelbaker and grant Uber's request to prevent the depositions of Mr. Khosrowshahi and Ms. Hazelbaker.

[7]     Plaintiffs' counsel also moved to strike Mr. Fuldner's entire answer after he was asked ███████ (*Id.* at 253:7-254:5.)  But Mr. Fuldner's response was appropriate.  As he explained, ██████████████████ (*Id.*)

[8]     (*See, e.g.*, 11/13/24 Baker Dep. 268:20-270:10, 282:16-285:15 (Ex. 6) (Matthew Baker addressing the Safety Report); *id.* 85:2-104:25 (background checks); *id.* 38:24-79:12 (dashcams); *id.* 192:23-205:16 (deactivation policy); 11/19/24 Kaiser Dep. 92:9-96:18, 110:10-127:6 (Ex. 7) (Roger Kaiser, Senior Director, Global Head of Safety Operations, addressing background checks); *id.* 131:10-134:11, 147:1-149:6 (discussing relationship between ELT compensation and safety targets); 10/15/24 Pimentel Dep. 32:4-14 (Ex. 8) (Andi Pimentel discussing dashcams); *id.* 271:20-280:14 (Safety Report).)

[9]     Judge Cisneros has ordered that deposition to be extended by an additional hour, which will occur later this month.

MOT. FOR RELIEF FROM NONDISPOSITIVE
PRETRIAL ORDER OF MAGISTRATE JUDGE                                    Case No. 3:23-md-03084-CRB

1

Dated: April 7, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By: */s/ Robert Atkins*
    ROBERT ATKINS
    RANDALL S. LUSKEY

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-6-