

April 9, 2025

Christopher V. Cotton

VIA CM/ECF

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**d** 816.559.2393
**f** 816.421.5547
ccotton@shb.com

Senior District Judge Charles R. Breyer
San Francisco Courthouse
Courtroom 6 – 17th Floor
450 Golden Gate Avenue, San Francisco, CA 94102

Re: Defendant Uber Technologies, Inc. and Raiser, LLC'S Brief in Support of Proposed MDL Bellwether Deposition Protocol – Pursuant To March 28, 2025 Case Management Conference (Dkt. 2655)

Dear Judge Breyer:

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber") submit this letter relating to a proposed MDL Bellwether Deposition Protocol pursuant to the Court's direction provided during the March 28, 2025 Case Management Conference. ECF No. 2655. Uber and Plaintiffs (collectively "the Parties") have agreed to most terms in the proposed protocol. Three additional provisions proposed by Plaintiffs are in dispute. Specifically, the following provisions are at issue:

(1) Plaintiffs' proposal to require production of trial exhibits by May 16, 2025.

(2) Plaintiffs' proposal to require Uber to file motions in limine by June 16, 2025.

(3) Plaintiffs' proposal to limit "Other Third Party" depositions to four "jointly selected" witnesses.

*See* **Exhibit A** (identifying the disputed provisions). Uber respectively requests that the Court adopt **Exhibit B** as the MDL Bellwether Deposition Protocol and reject the additional provisions suggested by Plaintiffs. The terms included in Exhibit B include the provisions agreed to by the Parties (aside from the disputed provision regarding Other Third Party Depositions), and exclude the additional provisions suggested by Plaintiffs.



### **Plaintiffs' proposal to require production of trial exhibits by May 16.**

April 9, 2025
Page 2

Even though discovery is not due to be substantially complete until June 16, 2025 (ECF No. 1950), Plaintiffs propose adding a provision to the deposition protocol that would require Uber to produce all company documents it plans to use at trial one month earlier – on or before May 16, 2025. To the extent any documents are produced after that (but still within the discovery period), Plaintiffs further insist in that same proposed provision that Uber produce a 30(b)(6) witness to testify relating to documents produced after May 15. Plaintiffs go on to argue that Defendants may not introduce any Uber company document at trial that was not produced by May 16.

This Court has already set June 16, 2025 as the deadline to substantially complete discovery. ECF No. 1950. Further, stipulated orders call for the production of additional documents through June 16. (See, e.g., ECF Nos. 2473 & 2691-1). Plaintiffs' proposed addition to the deposition protocol would effectively accelerate the deadline to complete document production by one month, and there is no reason to do so in the context of this MDL Bellwether Deposition Protocol. To the extent MDL Plaintiffs wish to take depositions of case-specific company witnesses after June 16, Uber will not object to the timeliness of such depositions, provided they are completed by the close of fact discovery on September 22, 2025. ECF No. 1950.

### **Plaintiffs' proposal to require Uber to file motions in limine by June 16.**

Even though the Parties have not yet identified trial exhibits and PTO 16 (ECF No. 866) already provides a procedure for the Parties to promptly address any authenticity issues with respect to documents used during depositions, Plaintiffs propose adding a provision to the deposition protocol that would require Uber to file any motions in limine related to the authenticity of documents by June 16, 2025. This suggested addition to the protocol should be rejected.

PTO 16 provides a procedure for raising objections as to the authenticity of documents used during depositions. See ECF No. 866, at 13-14. That PTO provides, in part:

> Within 30 calendar days of the receipt of the transcript of a deposition hereafter taken in the coordinated and consolidated proceedings, any party wishing to contest the presumptive authenticity of any document(s) previously produced and/or purportedly generated by that



April 9, 2025
Page 3

> party that were placed into the record of that deposition as deposition exhibits shall advise Plaintiffs' Lead Counsel and Defendants' Counsel in writing of: (a) the deposition and exhibit number, as well as the bates numbers, of any exhibit where the producing or purportedly generating party claims lack of authenticity; and (b) a detailed statement (including if appropriate references to other pertinent documents and knowledgeable persons) of the grounds for the claim of lack of authenticity. PTO 16, at 13-14 ECF. No. 866.

To the extent authenticity issues arise in the context of deposition exhibits (which has not occurred to date), PTO 16 will apply.

The parties have not yet exchanged exhibit lists. Objections to potential exhibits will be addressed in due course once potential exhibits are identified and a pretrial schedule is set. It is premature and infeasible for Uber to raise objections to the authenticity of documents that have not yet been identified as potential exhibits.

### Plaintiffs' proposal to limit "Other Third Party" depositions.

The parties have agreed to initial limits on the number of case-specific plaintiff depositions (including plaintiffs and associated fact witnesses, like family and friends) and case-specific company witnesses. Plaintiffs separately propose limiting the Parties collectively to four "jointly-selected" other third-party witnesses.

Several types of other-third parties may need to be deposed in the MDL bellwether cases, depending on the facts and circumstances of each case. Other third-party witnesses include witnesses like the following: criminal investigators, first responders, eye witnesses, treating physicians, treating therapists, employers (depending on the claims), and others. In the parallel JCCP litigation, in which the workup of bellwether cases has started, the number of such depositions has generally not been an issue. Indeed, Uber has no interest in taking unnecessary depositions. That being said, the Bellwether Plaintiffs in this MDL have not yet responded to pending discovery and record collection is ongoing in the MDL. Uber should not be limited to a set number of "jointly selected" depositions at this stage when the Parties are still gathering information about each case. Further, it is unreasonable to limit Uber's right to depose other third party witnesses to those that the Parties "jointly select."

Uber will work cooperatively with Plaintiffs in this MDL – like it has in the JCCP – to schedule appropriate third-party depositions, and Uber expects Plaintiffs will do the same. If Plaintiffs believe a particular deposition presents



an undue burden, the parties can meet and confer and any disputes can be promptly addressed.

## **Conclusion**

April 9, 2025
Page 4

Uber requests that the Court adopt **Exhibit B** as the MDL Deposition Protocol and reject the additional provisions suggested by Plaintiffs.

Best regards,

/s/ Christopher V. Cotton

Christopher V. Cotton
Partner

ATLANTA | BOSTON | CHICAGO | DENVER | HARTFORD | HOUSTON | KANSAS CITY | LOS ANGELES | MIAMI | NEW YORK |
ORANGE COUNTY | PHILADELPHIA | SAN FRANCISCO | SEATTLE | ST. LOUIS | TAMPA | WASHINGTON, D.C.