# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] PRETRIAL ORDER No. \_\_\_\_ REGARDING BELLWETHER DEPOSITION PROTOCOL** |

This Order governs the depositions related to the selected PTO 21 Bellwether Cases as detailed below. PTO No. 16: Stipulated Deposition Protocol, however, applies otherwise. The disclosure of documents to third parties will be governed by the Protective Order (ECF No. 176).

**1. Initial Disclosures & Scheduling.**

- To the extent not already sufficiently addressed through the PFS and DFS processes and other prior disclosures, Uber and each selected Bellwether Plaintiff shall comply with initial disclosure requirements for the selected Bellwether cases by April 30, 2025.

- [Disputed provision; Plaintiffs propose including the following] Defendants must produce all Uber company documents they plan to use at trial on or before May 16, 2025. To the extent any documents are disclosed later, Defendants must promptly produce a 30(b)(6) witness to testify relating to any belatedly disclosed documents. Defendants may not introduce any

- Uber company document at trial that was not disclosed by this deadline unless good cause is shown.

- [Disputed provision; Plaintiffs propose including the following] By June 16, 2025, Uber must file any motions in limine related to the authenticity of documents per PTO No. 16. For any subsequent productions of case-specific documents, either in response to case-specific discovery or to amend or supplement any DFS productions, Uber must file any motions in limine related to the authenticity by September 8, 2025.

- Plaintiffs' Steering Committee (PSC) and Defendant's Deposition Liaison Counsel shall be responsible for scheduling plaintiffs' and defendants' depositions respectively.
    - All correspondence surrounding depositions should be sent to: UberMDLBWs@chaffinluhana.com.
    - Uber designates its counsel Chris Cotton (ccotton@shb.com) as its Deposition Liaison Counsel.
    - The Parties may designate additional or alternative counsel for deposition coordination at any time by providing written notice to all then-current designees.

- Both sides shall notify each other if they wish to depose a plaintiff or defense witness.

- The parties shall respond with 2 potential dates within 5 business days of receiving the request.

## 2. Case-Specific Plaintiff Depositions.

- Depositions of plaintiffs and their associated fact witnesses not identified in section 4 shall initially be limited to a **19-hour cap** per case and **4 depositions**, covering:
    - **Plaintiff's deposition** (maximum **7 hours**).
    - **Up to three fact witnesses** (capped at **12 hours**)

3. **Case-Specific Defendant Depositions.**

- Depositions of case-specific defense witnesses shall initially be limited to a **23-hour cap** per case, covering:
    - **30(b)(6) depositions** of Uber corporate representatives (capped at **7 hours**);
    - **Other depositions, capped at 16 hours and 4 total depositions**, which include:
        - Individuals involved in processing, reporting on, responding to, or investigating the plaintiff's sexual assault.
        - Individuals who engaged with the subject driver, including communications, screening or onboarding.

4. **Third-Party Depositions.**

- [Disputed provision; Uber proposes including the following] Depositions of other **third-party witnesses**, including law enforcement or emergency responders, eye witnesses to the incident, treating physicians, treating therapists, and other relevant non-party witnesses, are contemplated. The Parties anticipate the number of such depositions will vary across the Bellwether cases.
- [Disputed provision; Plaintiffs propose including the following] Depositions of other **third-party witnesses**, including law enforcement, eye witnesses to the incident, treating physicians/therapists, and other relevant non-party witnesses, shall be limited to **16 hours total**, covering up to **4 depositions**.
- For any depositions of **healthcare providers**, the following provisions will apply:
    - Time allocated for depositions of treating physicians shall be divided **equally between the parties;**

- o   Depositions of any treaters shall be arranged and noticed through Plaintiff's counsel.. Counsel for Plaintiff or their support staff must promptly contact the administrative staff of a treating physician to coordinate and schedule a deposition.
- o   Counsel for the Parties and their support staff shall not communicate directly with treating physicians regarding Bellwether Plaintiffs or this litigation.
- o   [Disputed provision; Plaintiffs propose including the following] Absent good cause for additional third-party depositions, the Parties will jointly select up to 4 other third-party witnesses for deposition.

**5. Driver Depositions**

- Depositions of the driver at issue in each selected case shall be limited to **7 hours total.** Time allocated for depositions of drivers shall be divided **equally between the parties.**

**6. Additional Depositions**

- The Parties agree that additional depositions and time for depositions beyond the initial limitations set forth above, including additional depositions within the categories referenced above, shall be permitted with reasonable justification.  In the event a dispute arises, the Parties shall promptly meet and confer in an effort to resolve that dispute.

**7. Location of Depositions.**

- Depositions shall take place in the **federal district where the witness resides**, unless otherwise agreed by the parties.

**8. Number of Questioners.**

- Each party shall designate a maximum of **two attorneys per deposition** to conduct questioning.

SO ORDERED this ___ day of _____, **2025**.

_____
UNITED STATES DISTRICT JUDGE