

**Sent from:** New York Office

April 9, 2025

<u>Via ECF</u>
The Honorable Charles R. Breyer
Northern District of California
Phillip Burton Federal Building
450 Golden Gate Avenue
San Francisco, CA 94102

      Re: *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*
          Case No. 3:23-md-03084-CRB

Dear Judge Breyer:

Pursuant to ECF 2655, Plaintiffs respectfully submit this letter in support of their proposed protocol on the scheduling and taking of bellwether depositions. The proposed Bellwether Deposition Protocol, which delineates those areas in dispute, is attached as **Exhibit A**.

Plaintiffs' proposal establishes efficient and necessary guidelines for bellwether depositions that allows the parties to be ready for trial on time, based upon the accelerated case schedule. This includes: (1) timely production of Uber documents, (2) prompt motion practice on any authentication issues, and (3) reasonable limitations on the number and duration of third-party depositions.

### 1. Timely Production of Uber's Company Documents (¶ 1, second bullet point)

Plaintiffs propose that Uber produce all company documents that it intends to use at trial prior to May 16, 2025. If any such documents are produced after this date, Uber must promptly produce a 30(b)(6) witness to testify on the belated productions. Otherwise, and absent good cause, Uber may not introduce any company documents at trial not previously disclosed under these deadlines.

This proposal will ensure that all Parties – not just Uber – can review documents and question deponents about them before the June 16, 2025 substantial completion of fact discovery deadline. *See* PTO 21 (ECF 1950). It is elementary that relevant documents that will be used at trial be produced in advance of depositions.

### 2. Prompt Motion Practice on Authentication Issues (¶ 1, third bullet point)

The Deposition Protocol provides that documents produced or generated by parties or non-parties in this litigation are presumptively authentic, unless "any objecting party establishes, through a motion in limine or otherwise, that the document is not authentic." PTO 16 (ECF 866) at ¶ D.1.a; *accord id.* ¶ D.3. To ensure timely resolution of any authentication issues, including sufficient time for any necessary curative measures, Plaintiffs propose that such motions in limine be filed by June 16, 2025 or September 8, 2025 for case specific documents that are subsequently

produced. During the meet and confer, neither side could come up with a single example of a document that Uber planned to challenge on authenticity grounds. To that end, Plaintiffs anticipate an extremely limited universe of documents that would ever be subject to such motions. Given the intense schedule the Parties have ahead of them, it makes sense to dispose of issues such as this one as early as possible to leave time for the meatier pretrial issues later.

### 3. Limitation on the Number and Duration of Third-Party Depositions (¶ 4, second bullet point)

Plaintiffs propose that third-party depositions, e.g., friends, family members, law enforcement, first responders, eyewitnesses, healthcare providers, etc., be limited to four depositions and 16 hours total, with the deponents to be jointly selected (and additional depositions permitted upon a showing of good cause). This would result in 80 depositions and 320 hours across the 20 bellwethers, on top of Plaintiff, Uber, and driver depositions (which totals an additional 200 depositions and 980 hours). That is plenty of work for the parties to do in the time allotted. While both sides indicated they would be reasonable if some cases had more witnesses than others, Plaintiffs believe that there should be some reasonable parameters set for the number of depositions permitted, just as Plaintiffs were limited on the number of Uber witnesses (at a soft cap of 45 depositions) they could depose. Uber's proposal would impose no limit at all and is unworkable given the case schedule.

In addition, a court may limit the number and length of depositions where there is a good cause to protect a party from "annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). Good cause exists here. The deposition of third-party witnesses implicates sensitive and traumatic issues for bellwether Plaintiffs, the repetition of which is beyond annoyance and embarrassment; it is oppressive, harassing and intimidating. And the burden to bellwether Plaintiffs, which includes violation of privacy rights and freedoms of association, is tremendous. The "third parties" at issue include Plaintiffs' friends, family, significant others (including former partners), employers, members of support groups, treating physicians and mental health professionals. To allow Uber to depose each and every one of these individuals – resurfacing traumatic events at every turn – is wholly unnecessary. While Uber may argue that it has no intention to abuse such power, the mere fact that it could do so would have a chilling effect on Plaintiffs. With respect to expense, there is no doubt that these depositions will require significant travel for all involved (deponents, multiple counsel, court reporters, videographers, and exhibit techs). The time, costs, and burdens levied by Uber's desire to take – or be able to threaten to take – unlimited third-party depositions is simply unjustified.

***

For the reasons stated above, Plaintiffs respectfully request the Court adopt Plaintiffs' proposals on the Bellwether Deposition Protocol.

Respectfully submitted,

By: */s/ Sarah R. London*
     Sarah R. London (SBN 267083)

     **GIRARD SHARP LLP**
     601 California St., Suite 1400

        San Francisco, CA 94108
        Telephone: (415) 981-4800
        slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
 Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
 Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

# FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated:  April 9, 2025      By: */s/ Andrew R. Kaufman*
                Andrew R. Kaufman