UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER DENYING REQUEST TO CAP THE NUMBER OF THIRD-PARTY DEPOSITIONS**<br><br>Re: Dkt. Nos. 2738, 2745 |
|---|---|

The Court has reviewed the parties' arguments regarding Plaintiffs' proposed limit on the number of depositions of "other third-party witnesses." Dkt. No. 2738 at 3–4; Dkt. No. 2745 at 2; *see also* Dkt. No. 2749 (text-only Order by Judge Breyer finding this dispute to be within the scope of the discovery referral). The Court declines to set a specific limit on the number of such depositions at this time. This Order is without prejudice to Plaintiffs seeking a protective order if they object to the number of witnesses noticed for deposition in a particular case, or to the Court considering a presumptive limit for future cases if the volume of deposition notices is abusive or unduly burdensome.

The Court recognizes that given the nature of the claims, individual Plaintiffs may be concerned about potential discovery that involves personal relationships or other sensitive matters.[1] Third-party witness discovery shall not be used for abusive or harassing purposes. That said, Plaintiffs' proposed uniform limit for the bellwether cases may unreasonably interfere with Uber's ability to seek the testimony from third-party witnesses that is relevant and may be proportional to the needs of the case. Such third-party witness depositions may include criminal

---

[1] The Court also recognizes that depositions across the various bellwether cases might collectively impose some degree of burden on Plaintiffs' counsel, but expects that the many different attorneys involved in this litigation are capable of meeting that challenge.

investigators, first responders, eyewitnesses, treating physicians, therapists, and others who may have relevant knowledge of the incident at issue or the harms that individual Plaintiffs allege they have suffered.  These determinations may be more suitable for a case-by-case determination made through a presentation of a request for a protective order by either a joint letter pursuant to Pretrial Order No. 8 or some other streamlined, expedited process that the parties the propose by stipulation to the Court, though the Court's strong preference is for the parties to resolve these issues through mutual agreement.

**IT IS SO ORDERED.**

Dated: April 10, 2025

LISA J. CISNEROS
United States Magistrate Judge

2