**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 10 2025

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JANE DOE LS 340 et al.,<br><br>      Plaintiffs - Appellees,<br><br> v.<br><br>UBER TECHNOLOGIES, INC.; RASIER, LLC; RASIER-CA, LLC,<br><br>      Defendants - Appellants. | No. 24-5063<br><br>D.C. No.<br>3:23-md-03084-CRB<br><br><br>MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Charles R. Breyer, District Judge, Presiding

Argued and Submitted October 8, 2024
San Francisco, California

Before: McKEOWN, KOH, and JOHNSTONE, Circuit Judges.

    Uber Technologies, Inc., Rasier LLC, and Rasier-CA, LLA ("Uber") appeal from the district court's order declaring the collective action waiver in Uber's terms of use (the "Collective Action Waiver") unenforceable. We previously granted Uber permission to file this appeal pursuant to 28 U.S.C. § 1292(b) and

---

    * This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Case 3:23-md-03084-CRB   Document 2772   Filed 04/10/25   Page 2 of 12

consolidated this appeal with Uber's pending petition for writ of mandamus because they appeared to raise overlapping issues. We conclude that permission to file this appeal pursuant to 28 U.S.C. § 1292(b) was improvidently granted.[1]

"Under 28 U.S.C. § 1292(b) parties may take an interlocutory appeal when exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *ICTSI Oregon, Inc. v. Int'l Longshore & Warehouse Union*, 22 F.4th 1125, 1130 (9th Cir. 2022) (internal quotation marks omitted). Jurisdiction under Section 1292(b) requires "(1) that there be a controlling question of law, (2) that there be substantial grounds for difference of opinion [as to that question], and (3) that an immediate [resolution of that question] may materially advance the ultimate termination of the litigation." *Id.* (alteration in original) (quoting *In re Cement Antitrust Litig. (MDL No. 296)*, 673 F.2d 1020, 1026 (9th Cir. 1981)). "If we conclude that the requirements have been met, we may, but need not, exercise jurisdiction." *Taylor v. Cnty. of Pima*, 913 F.3d 930, 933 (9th Cir. 2019) (quoting *In re Cement Antitrust Litig.*, 673 F.2d at 1026). "Whenever it appears that an order granting interlocutory appeal was improvidently granted, it is the duty of the court to vacate it." *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966) (per curiam); *see ICTSI*, 22 F.4th at 1131 ("[N]othing precludes this court from declining to assert jurisdiction after

---

[1] We resolve Uber's mandamus petition in a concurrently filed Opinion.

2

24-5063

Case 3:23-md-03084-CRB   Document 2772   Filed 04/10/25   Page 3 of 12

oral arguments.").

Since this Court granted interlocutory appellate review, the parties have changed their positions. Plaintiffs initially urged us to grant Uber's petition for interlocutory review but have since reversed course and argued that 28 U.S.C. § 1407(e) strips us of jurisdiction over this interlocutory appeal. Uber, for its part, seemingly eschews the remedies it requested in the district court and instead argues that the proper remedy was for the district court to issue a suggestion of remand, i.e. a non-binding recommendation to the Judicial Panel on Multidistrict Litigation ("JPML") that it remand the actions. In light of these changed positions, and with the benefit of additional briefing and oral argument, we have identified two defects in interlocutory appellate jurisdiction.

*First*, interlocutory review will not materially advance the litigation because the district court was largely without authority to grant the relief Uber sought. Before the district court, Uber sought an order either prohibiting plaintiffs from participating in the multidistrict litigation ("MDL"), remanding the cases to their transferor districts, or dismissing plaintiffs' cases without prejudice. The district court expressed skepticism that it had authority to grant the requested relief, but "set[] th[ose] difficulties aside" in resolving Uber's motion. *In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d 934, 950 n.7 (N.D. Cal. 2024). We, however, may not do the same, because the prerequisites of Section

3

24-5063

1292(b) are jurisdictional.

The district court lacked the authority to reconsider the JPML's order creating the MDL, as the district court acknowledged. *See id.* at 946; 28 U.S.C. § 1407(e) (prohibiting "proceedings for review of any order of the [JPML] . . . except by extraordinary writ"). Only the JPML has the authority to grant Uber's request to dissolve the MDL and remand plaintiffs' cases to their original districts. *See In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1231 (9th Cir. 2006) ("[T]he transferee court . . . has no independent authority to . . . remand." (internal quotation marks omitted)); 28 U.S.C. § 1407(a) ("Each action so transferred shall be remanded by the [JPML] . . . ."). Similarly, the district court could not grant Uber's request to prohibit plaintiffs' participation in the MDL; the JPML's order did not merely transfer the cases, but did so "for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a); *see also PPA*, 460 F.3d at 1230 ("Implicit in Section 1407 is the assumption that the transferee judge will . . . establish a national unified discovery program to avoid delay, repetition and duplication and to insure that the litigation is processed as efficiently and economically as possible." (quoting John T. McDermott, "The Judicial Panel on Multidistrict Litigation," 57 F.R.D. 215, 217 (1973)).

The final possible remedy sought by Uber before the district court was to have plaintiffs' cases dismissed without prejudice so they could be refiled

elsewhere on an individual basis. Uber does not meaningfully defend this alternative on appeal, and it is unclear whether the district court had the authority to dismiss in this manner, as doing so would seemingly circumvent the JPML's exclusive authority to make remand determinations. But regardless, we need not resolve whether the district court had jurisdiction to entertain such a request, because dismissing plaintiff's cases only to have them refiled and relitigated anew in another jurisdiction would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b).

Perhaps in acknowledgement that the district court lacked the authority to grant Uber the requested relief, Uber took the position for the first time at oral argument that the correct remedy was none of those discussed above, but was instead to have the district court issue a suggestion of remand recommending the JPML remand the actions. *See* Multidist. Lit. R. 10.1(b)(i) (specifying that the transferee judge may initiate remand proceedings by issuing a "suggestion of remand" recommending that cases be transferred back to their original districts."). It is doubtful that we have appellate jurisdiction to consider such a request, both because it is not the relief that was sought from the district court below, *see Barahona v. Union Pac. R.R. Co.*, 881 F.3d 1122, 1130 (9th Cir. 2018) ("Our jurisdiction under 28 U.S.C. § 1292(b) is limited to the certified order."), and because it would effectively require us to opine, *de novo*, on the propriety of the

JPML's initial transfer decision, undermining the prohibition on direct appellate review of JPML orders. *See* 28 U.S.C. § 1407(e). But regardless, the JPML would be under no obligation to agree with any such suggestion of remand, and accordingly appellate review of the district court's refusal to issue one would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b); *see also Nickert v. Puget Sound Tug & Barge Co.*, 480 F.2d 1039, 1041 (9th Cir. 1973) (per curiam) ("An announcement by a trial court of its then opinion on an abstract question of law prior to the taking of final, definitive action affecting the substantial rights of the parties is not an 'order' under 28 U.S.C. § 1292(b) which will support an interlocutory appeal.").

*Second*, Uber has not demonstrated that its interlocutory appeal presents "a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). The question presented concerns the enforceability of the Collective Action Waiver under California law, which the parties agree applies.[2] Under California law, "a party may waive a statutory provision if [1] a statute does not prohibit doing so, [2] the statute's public benefit . . . is merely incidental to its primary purpose, and [3] waiver does not seriously compromise any public purpose that the statute was intended to serve." *McGill* v. *Citibank*, 393

---

[2] Because the parties do not dispute this, we assume without deciding that the district court correctly applied California law in evaluating the Collective Action Waiver's enforceability.

P.3d 85, 94 (Cal. 2017) (quoting *DeBerard Props., Ltd. v. Lim*, 976 P.2d 843, 849 (Cal. 1999)); *see also* Cal. Civ. Code § 3513 ("Any one may waive the advantage of a law intended solely for their benefit. But a law established for a public reason cannot be contravened by a private agreement.").

Applying this test, the district court found, in a well-reasoned opinion, that at least two public benefits of the MDL statute—conserving resources and avoiding conflicting rulings—were not "merely incidental to its primary purpose" and that those purposes would be disserved by enforcing the Collective Action Waiver. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 734 F. Supp. 3d at 941–56. As explained in the concurrently filed Opinion resolving Uber's mandamus petition, this finding that the public purposes of Section 1407 would be undermined by enforcing the Collective Action Waiver is clearly correct.

Uber does not meaningfully engage with this finding, instead arguing that Section 1407 serves multiple other purposes, including promoting "the convenience of [the] parties," that would in fact be furthered by enforcement of the Collective Action Waiver. But Uber cites no California precedent to support the notion that the protections of a statute intended to serve a public purpose may be waived where the statute also serves a private purpose, a notion that appears contrary to California law. *See* Cal. Civ. Code § 3513 (permitting waiver only where "the advantage of [the] law [is] intended *solely* for [the plaintiff's] benefit"

7                                              24-5063

and making clear that "a law established for *a* public reason cannot be contravened by a private agreement" (emphasis added)); *McGill*, 393 P.3d at 94 (prohibiting waiver if the "public benefit" of the statute is not "merely incidental to its primary purpose" or if waiver would "seriously compromise *any* public purpose that the statute was intended to serve" (emphasis added) (internal quotations omitted)). Instead, Uber relies on federal decisions applying federal statutes to contracts modifying litigation procedure. Whatever relevance this precedent may have to the JPML's application of the federal MDL statute—a matter we address in the concurrently filed opinion—this precedent is at most marginally relevant to the question of California law implicated by this interlocutory appeal, and it is certainly insufficient to establish a "substantial ground for difference of opinion" about that question. *See, e.g.*, *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (vacating order granting permission to appeal because party had failed to identify controlling question that presented substantial grounds for difference of opinion where "defendants ha[d] not provided a single case that conflicts with the district court's construction or application of" the relevant California statute).

Accordingly, we **VACATE** our August 19, 2024, order granting permission for an interlocutory appeal, **DISMISS** the appeal for lack of jurisdiction, and **REMAND** to the district court.

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

## Information Regarding Judgment and Post-Judgment Proceedings

**Judgment**
- This Court has filed and entered the attached judgment in your case. Fed. R. App. P. 36. Please note the filed date on the attached decision because all of the dates described below run from that date, not from the date you receive this notice.

**Mandate (Fed. R. App. P. 41; 9th Cir. R. 41-1 & -2)**
- The mandate will issue 7 days after the expiration of the time for filing a petition for rehearing or 7 days from the denial of a petition for rehearing, unless the Court directs otherwise. To file a motion to stay the mandate, file it electronically via the appellate electronic filing system or, if you are a pro se litigant or an attorney with an exemption from the electronic filing requirement, file one original motion on paper.

**Petition for Panel Rehearing and Petition for Rehearing En Banc (Fed. R. App. P. 40; 9th Cir. R. 40-1 to 40-4)**

**(1) Purpose**
  **A. Panel Rehearing:**
  - A party should seek panel rehearing only if one or more of the following grounds exist:
    - A material point of fact or law was overlooked in the decision;
    - A change in the law occurred after the case was submitted which appears to have been overlooked by the panel; or
    - An apparent conflict with another decision of the Court was not addressed in the opinion.
  - Do not file a petition for panel rehearing merely to reargue the case.

  **B. Rehearing En Banc**
  - A party should seek en banc rehearing only if one or more of the following grounds exist:
    - Consideration by the full Court is necessary to secure or maintain uniformity of the Court's decisions; or
    - The proceeding involves a question of exceptional importance; or

> ➢ The opinion directly conflicts with an existing opinion by another court of appeals or the Supreme Court and substantially affects a rule of national application in which there is an overriding need for national uniformity.

**(2) Deadlines for Filing:**
- A petition for rehearing or rehearing en banc must be filed within 14 days after entry of judgment. Fed. R. App. P. 40(d).
- If the United States or an agency or officer thereof is a party in a civil case, the time for filing a petition for rehearing is 45 days after entry of judgment. Fed. R. App. P. 40(d).
- If the mandate has issued, the petition for rehearing should be accompanied by a motion to recall the mandate.
- See Advisory Note to 9th Cir. R. 40-1 (petitions must be received on the due date).
- An order to publish a previously unpublished memorandum disposition extends the time to file a petition for rehearing to 14 days after the date of the order of publication or, in all civil cases in which the United States or an agency or officer thereof is a party, 45 days after the date of the order of publication. 9th Cir. R. 40-4.

**(3) Statement of Counsel**
- A petition should contain an introduction stating that, in counsel's judgment, one or more of the situations described in the "purpose" section above exist. The points to be raised must be stated clearly.

**(4) Form & Number of Copies (9th Cir. R. 40-1; Fed. R. App. P. 32(c)(2))**
- The petition shall not exceed 15 pages unless it complies with the alternative length limitations of 4,200 words or 390 lines of text.
- The petition must be accompanied by a copy of the panel's decision being challenged.
- An answer, when ordered by the Court, shall comply with the same length limitations as the petition.
- If a pro se litigant elects to file a form brief pursuant to Circuit Rule 28-1, a petition for panel rehearing or for rehearing en banc need not comply with Fed. R. App. P. 32.

2

Post Judgment Form - Rev. 12/2024

- The petition or answer must be accompanied by a Certificate of Compliance found at Form 11, available on our website at www.ca9.uscourts.gov under *Forms*.
- Attorneys must file the petition electronically via the appellate electronic filing system. No paper copies are required unless the Court orders otherwise. If you are a pro se litigant or an attorney exempted from using the appellate ECF system, file one original petition on paper. No additional paper copies are required unless the Court orders otherwise.

**Bill of Costs (Fed. R. App. P. 39, 9th Cir. R. 39-1)**
- The Bill of Costs must be filed within 14 days after entry of judgment.
- See Form 10 for additional information, available on our website at www.ca9.uscourts.gov under *Forms*.

**Attorneys Fees**
- Ninth Circuit Rule 39-1 describes the content and due dates for attorneys fees applications.
- All relevant forms are available on our website at www.ca9.uscourts.gov under *Forms* or by telephoning (415) 355-8000.

**Petition for a Writ of Certiorari**
- The petition must be filed with the Supreme Court, not this Court. Please refer to the Rules of the United States Supreme Court at www.supremecourt.gov.

**Counsel Listing in Published Opinions**
- Please check counsel listing on the attached decision.
- If there are any errors in a published opinion, please send a letter **in writing within 10 days** to:
  - ➢ Thomson Reuters; 610 Opperman Drive; PO Box 64526; Eagan, MN 55123 (Attn: Maria Evangelista, maria.b.evangelista@tr.com);
  - ➢ **and** electronically file a copy of the letter via the appellate electronic filing system by using the Correspondence filing category, or if you are an attorney exempted from electronic filing, mail the Court one copy of the letter.

3

Post Judgment Form - Rev. 12/2024

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 10. Bill of Costs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form10instructions.pdf

**9th Cir. Case Number(s)**

**Case Name**

The Clerk is requested to award costs to *(party name(s))*:

I swear under penalty of perjury that the copies for which costs are requested were actually and necessarily produced, and that the requested costs were actually expended.

**Signature**                                                                 **Date**
*(use "s/[typed name]" to sign electronically-filed documents)*

| COST TAXABLE | REQUESTED *(each column must be completed)* | | | |
|---|---|---|---|---|
| DOCUMENTS / FEE PAID | No. of Copies | Pages per Copy | Cost per Page | TOTAL COST |
| Excerpts of Record* | | | $ | $ |
| Principal Brief(s) *(Opening Brief; Answering Brief; 1st, 2nd, and/or 3rd Brief on Cross-Appeal; Intervenor Brief)* | | | $ | $ |
| Reply Brief / Cross-Appeal Reply Brief | | | $ | $ |
| Supplemental Brief(s) | | | $ | $ |
| Petition for Review Docket Fee / Petition for Writ of Mandamus Docket Fee / Appeal from Bankruptcy Appellate Panel Docket Fee | | | | $ |
| | | | **TOTAL:** | $ |

***Example:*** Calculate 4 copies of 3 volumes of excerpts of record that total 500 pages [Vol. 1 (10 pgs.) + Vol. 2 (250 pgs.) + Vol. 3 (240 pgs.)] as:
No. of Copies: 4; Pages per Copy: 500; Cost per Page: $.10 (or actual cost IF less than $.10);
TOTAL: 4 x 500 x $.10 = $200.

*Feedback or questions about this form? Email us at* forms@ca9.uscourts.gov

**Form 10**                                                              *Rev. 12/01/2021*