1

2

3

4

5

IN THE UNITED STATES DISTRICT COURT

6

FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8  | IN RE: UBER TECHNOLOGIES, INC.,
PASSENGER SEXUAL ASSAULT

9  | LITIGATION

10

11

12

13

Case No. 23-md-03084-CRB

**AFFIDAVIT OF TIFFANY R. ELLIS IN
SUPPORT OF PLAINTIFFS' LIST OF
DISPUTED ENTRIES FOR SPECIAL
MASTER REVIEW**

Judge: Honorable Barbara S. Jones

This Document Relates to:

ALL CASES

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

I, Tiffany R. Ellis, hereby declare as follows:

1.      I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2.      I submit this declaration in support of Plaintiffs' List of Disputed Entries for Special Master Review on April 10, 2025.

3.      Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Special Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434.  Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

4.      The List of Disputed Entries for Special Master Review Plaintiffs provided on April 10, 2025 contained entries still in dispute for custodian Danielle Sheridan, Frank Chang, and selective entries included on Plaintiffs' Attachment B to Plaintiffs' April 3, 2025 submission.

5.      The List of Disputed Entries for Special Master Review Plaintiffs provided on April 10, 2025 did not contain any entries for the custodians that overlapped with custodians already submitted to the Special Master for review.

**Pat Twomey**

6.      Defendants included approximately 20 entries for Pat Twomey across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

7.      Plaintiffs originally challenged approximately 8 of these 20 entries.

8.      As of January 31, 2025[1], Defendants did not withdraw their claim of privilege to any entry in full or in part.

9.      On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute pursuant to Master Order No. 2. Defendants

---

[1] Defendants provided Plaintiffs a revised privilege log on January 31, 2025. This was the last revised privilege log Defendants provided before they started providing revised privilege logs in accordance with the Master Order No. 2. *See* ECF No. 2357.

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF
PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW

withdrew their claim of privilege to 8 entries in full.

10.    Defendants provided Plaintiffs with a revised Privilege Log on April 7, 2025. In total, to date, Defendants have withdrawn or will withdraw their claim of privilege to approximately 9 entries in full and 1 entry in part. These entries do include entries included on Defendants' post January 10, 2025 privilege logs.

11.    On March 25, 2025, Plaintiffs provided the Special Master and Defendants with a list of 2 entries still in dispute for Pat Twomey following a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders and Defendants' March 14, 2025 privilege log.

12.    On April 9, 2025, Defendants provided written response to Plaintiffs' list and the parties met and conferred. During the meet and confer process, Defendants withdrew their claim to one additional entry.

13.    On April 10, 2025 Plaintiffs informed the Special master and Defendants that no entry remains in dispute for Pat Twomey.

**Danielle Sheridan**

14.    Defendants included approximately 3,278 entries for Danielle Sheridan across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

15.    Plaintiffs originally challenged approximately 1,625 of these 3,278 entries.

16.    As of January 31, 2025, Defendants withdrew their claim of privilege to 399 entries in full and 177 entries in part.

17.    On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute pursuant to Master Order No. 2. Defendants withdrew their claim of privilege to 869 entries in full and 540 entries in part.

18.    Defendants provided Plaintiffs with a revised Privilege Log on April 7, 2025. In total, to date, Defendants have withdrawn or will withdraw their claim of privilege to approximately 904 entries in full and 595 entries in part. These entries do include entries

included on Defendants' post January 10, 2025, privilege logs.

19.     On March 25, 2025, Plaintiffs provided the Special Master and Defendants with a list of 52 entries still in dispute for Danielle Sheridan following a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders and Defendants' March 14, 2025 privilege log.

20.     On April 1, 2025, Defendants produced an additional privilege log containing entries associated with Danielle Sheridan.

21.     On April 8, 2025, Plaintiffs provided Defendants with a challenge letter and list of disputed entries on the April 1, 2025 privilege log.

22.     On April 7, 2025, Defendants produced an additional privilege log containing entries associated with Danielle Sheridan. Plaintiffs could not access the privilege log until April 8, 2025, due to an error with the password provided by Defendants to access the privilege log.

23.     On April 9, 2025, Defendants provided written response to Plaintiffs' list and the parties met and conferred. Defendants provided an additional list on April 10, 2025 denoting additional documents that were produced with reduced redactions. During the meet and confer process, Defendants withdrew their claim to one additional entry and produced 16 additional entries with redactions or reduced redactions. Plaintiffs did notify Defendants that disputes exist for Danielle Sheridan related entries on Defendants' April 7, 2025, privilege log. Plaintiffs provided a list of disputed entries immediately after the parties meet and confer on April 9, 2025.

24.     On April 10, 2025 Plaintiffs provided the Special Master and Defendants with a list of 89 entries that remain in dispute for Danielle Sheridan. The list included 3 entries from Defendants' April 1, 2025 privilege log and 54 entries from Defendants' April 7, 2025 privilege log.

**Frank Chang**

25.     Defendants included approximately 2,653 entries for Frank Chang across its Tranche 1, Tranche 2, Tranche 3, and Tranche 4 privilege logs.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

26.      Plaintiffs originally challenged approximately 1,493 of these 2,653 entries.

27.      As of January 31, 2025, Defendants withdrew their claim of privilege to 311 entries in full and 110 entries in part.

28.      On March 10, 2025, Defendants provided Plaintiffs with a revised privilege log after Defendants re-reviewed all entries in dispute pursuant to Master Order No. 2. Defendants withdrew their claim of privilege to 923 entries in full and 345 entries in part.

29.      Defendants provided Plaintiffs with a revised Privilege Log on April 7, 2025 that included nine additional privilege logs produced after the Tranche 4 privilege log. In total, to date, Defendants have withdrawn or will withdraw their claim of privilege to approximately 965 entries in full and 397 entries in part. These entries do include entries included on Defendants' post January 10, 2025, privilege logs.

30.      On March 25, 2025, Plaintiffs provided the Special Master and Defendants with a list of 102 entries still in dispute for Pat Twomey following a review of Uber's revised privilege log that included updated or additional information provided by Uber, documents produced with redactions, or lessons learned from Judge Cisneros' privilege orders and Defendants' March 14, 2025 privilege log.

31.      On April 1, 2025, Defendants produced an additional privilege log containing entries associated with Frank Chang.

32.      On April 8, 2025, Plaintiffs provided Defendants with a challenge letter and list of disputed entries on the April 1, 2025 privilege log.

33.      On April 7, 2025, Defendants produced an additional privilege log containing entries associated with Frank Chang. Plaintiffs could not access the privilege log until April 8, 2025, due to an error with the password provided by Defendants to access the privilege log.

34.      On April 9, 2025, Defendants provided written response to Plaintiffs' list and the parties met and conferred. Defendants provided an additional list on April 10, 2025 denoting additional documents that were produced with reduced redactions. During the meet and confer process, Defendants withdrew their claim to an additional 16 entries and produced 30 additional

entries with redactions or reduced redactions. Plaintiffs did notify Defendants that disputes exist

for Frank Chang related entries on Defendants' April 7, 2025, privilege log. Plaintiffs provided a

list of disputed entries immediately after the parties meet and confer on April 9, 2025.

35.     On April 10, 2025 Plaintiffs provided the Special Master and Defendants with a

list of 116 entries that remain in dispute for Frank Chang. The list included 31 entries from

Defendants' April 1, 2025 privilege log and 7 entries from Defendants' April 7, 2025 privilege

log.

**Post November 2023**

36.     Pursuant to Master Order No. 2 IV (2) and Master Order No. 3 II Plaintiffs raised

privilege challenges to post November 2023 documents Defendants included on its privilege

logs. Plaintiffs reviewed Defendants' March 14,2025 and March 24, 2025 privileges log

believing these were related to Defendants production of post November 2023 documents.

37.     On April 3, 2025, Plaintiffs provided the Special Master and Defendants with a

list of 357 entries from Defendants' March 14, 2025 and March 24, 2025 privilege logs in

dispute.

38.     On April 1, 2025, Defendants produced an additional privilege log containing

entries that postdated November 2023.

39.     On April 8, 2025, Plaintiffs provided Defendants with a challenge letter and list of

disputed entries on the April 1, 2025, privilege log.

40.     On April 7, 2025, Defendants produced an additional privilege log containing

entries containing entries that postdated November 2023. Plaintiffs could not access the privilege

log until April 8, 2025, due to an error with the password provided by Defendants to access the

privilege log.

41.     On April 9, 2025, Defendants provided written response to Plaintiffs' list and the

parties met and conferred. Defendants provided an additional list on April 10, 2025, denoting

additional documents that were produced with reduced redactions. During the meet and confer

process, Defendants withdrew their claim to an additional 31 entries and produced 62 additional

entries with redactions or reduced redactions. Plaintiffs did notify Defendants that disputes exist for entries that postdated November 2023 on Defendants' April 7, 2025, privilege log. Plaintiffs provided a list of disputed entries immediately after the parties meet and confer on April 9, 2025.

42.      On April 10, 2025 Plaintiffs provided the Special Master and Defendants with a list of 290 entries that remain in dispute from the entries Plaintiffs submitted on Attachment B to Plaintiffs' April 3, 2025 letter. The list did include 17 entries that postdate November 2023 from Defendants' April 1, 2025 and April 7, 2025 privilege logs.

Executed this 14th day of April, 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF
PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW