LAURA VARTAIN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
    allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
    jessica.davidson@kirkland.com
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| | **APPENDICES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS** |
| This Document Relates to: | Judge:       Hon. Charles R. Breyer |
| *A.R. v. Uber Technologies, Inc., et al.*, No. 24-cv-01827 | Courtroom:  Courtroom 6 – 17th Floor |
| *D.J. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07228 | |
| *A.G. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-01915 | |
| *A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07821 | |
| *B.L. v. Uber Technologies, Inc., et al.*, No. 24- | |

cv-7940

*C.L. v. Uber Technologies, Inc., et al.*, No.
3:23-cv-04972

*J.E. v. Uber Technologies, Inc., et al.*, No.
3:24-cv-03335

*Jane Doe QLF 0001 v. Uber Technologies,
Inc., et al.*, No. 3:24-cv-08387-CRB

*Jaylynn Dean v. Uber Technologies, Inc., et al.*,
No. 3:23-cv-06708

*K.E. v. Uber Technologies, Inc., et al.*, No.
3:24-cv-05281-CRB

*Amanda Lazio v. Uber Technologies, Inc.*, No.
3:24-cv-08937-CRB

*LCHB128 v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-7019

*T.L. v. Uber Technologies, Inc., et al.*, No. 23-
cv-9217

*WHB 318 v. Uber Technologies, Inc.*, No. 3:24-
cv-04889

*WHB 407 v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05028

*WHB 823 v. Uber Technologies, Inc.*, No. 3:24-
cv-4900

*WHB 1486 v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-04803

*WHB 1876 v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05230

*WHB 1898 v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05027

*Jane Roe CL 68 v. Uber Technologies Inc., et
al.*, No. 3:24-cv-06669-CRB

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

SABRINA H. STRONG (SBN: 200292)
    sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
    jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT, JR. (*Pro Hac Vice* admitted)
    oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted)
    ccotton@shb.com
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

## Appendix A – Requested Relief

| Requested Relief | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiff | State | Negligence (B) | Fraud (C) | NIED (D) | Common-Carrier (E) | Other "Non-Delegable Duties" Claim (F) | Respondeat Superior/ Apparent Agency (G.1 and G.2) | Ratification (G.3) | Product Liability (H) | Breach of Warranty / Negligent Design Defect Claims (H) | UCL Injunctive Relief (I) |
| *A.R.1* | PA | | N/A | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service)** | N/A | N/A |
| *A.R.2* | CA | | **Full Dismissal** | N/A | | N/A | | **Full Dismissal** | **Partial Dismissal (Service, Causation)** | N/A | N/A |
| *B.L.* | CA | | **Full Dismissal** | N/A | | N/A | | N/A | **Partial Dismissal (Service)** | N/A | N/A |
| *C.L.* | VA/MD. | | **Full Dismissal** | N/A | | N/A | **Partial Dismissal (Apparent Agency)** | **Full Dismissal** | **Partial Dismissal (Service)** | **Full Dismissal** | N/A |
| *D.J.* | IN | | N/A | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service)** | **Full Dismissal** | N/A |
| *J.E.* | MI | | **Full Dismissal** | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service)** | **Full Dismissal** | N/A |
| *Jane Doe QLF 0001* | TX | | N/A | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service)** | N/A | N/A |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| | | | | | | Requested Relief | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiff | State | Negligence (B) | Fraud (C) | NIED (D) | Common -Carrier (E) | Other "Non-Delegable Duties" Claim (F) | Respondeat Superior/ Apparent Agency (G.1 and G.2) | Ratification (G.3) | Product Liability (H) | Breach of Warranty / Negligent Design Defect Claims (H) | UCL Injunctive Relief (I) |
| *Jaylynn Dean* | AZ | | **Full Dismissal** | N/A | N/A | N/A | | N/A | **Partial Dismissal (Service, Causation)** | N/A | N/A |
| *K.E.* | TX | | N/A | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service, Causation)** | N/A | N/A |
| *Amanda Lazio* | IA | | N/A | N/A | N/A | N/A | N/A | N/A | | N/A | N/A |
| *A.G.* | OR | | **Full Dismissal** | N/A | N/A | N/A | **Full Dismissal** | N/A | **Full Dismissal** | N/A | N/A |
| *LCHB128* | AZ | | **Full Dismissal** | N/A | N/A | N/A | | N/A | **Partial Dismissal (Service)** | N/A | N/A |
| *T.L.* | GA | | N/A | N/A | | N/A | N/A | N/A | **Partial Dismissal (Service)** | N/A | N/A |
| *WHB 318* | NC/SC· | | N/A | N/A | | N/A | **Full Dismissal**\*\* | N/A | **Partial Dismissal (Service)** | **Full Dismissal** | N/A |
| *WHB 407* | GA | **Full Dismissal** | N/A | N/A | **Full Dismissal** | N/A | N/A | N/A | **Full Dismissal** | N/A | N/A |
| *WHB 823* | NC | | N/A | N/A | | N/A | **Full Dismissal**\*\* | N/A | | **Full Dismissal** | N/A |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| | | | | | | Requested Relief | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Plaintiff | State | Negligence (B) | Fraud (C) | NIED (D) | Common-Carrier (E) | Other "Non-Delegable Duties" Claim (F) | Respondeat Superior/ Apparent Agency (G.1 and G.2) | Ratification (G.3) | Product Liability (H) | Breach of Warranty / Negligent Design Defect Claims (H) | UCL Injunctive Relief (I) |
| *WHB 1486* | TX | | N/A | N/A | N/A | N/A | N/A | N/A | **Partial Dismissal (Service)** | N/A | N/A |
| *WHB 1876* | IL | **Full Dismissal** | N/A | N/A | N/A | N/A | N/A | N/A | **Full Dismissal** | N/A | N/A |
| *WHB 1898* | MA | **Full Dismissal** | N/A | N/A | **Full Dismissal** | N/A | N/A | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | N/A |
| *Jane Roe CL 68* | TX | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | **Full Dismissal** | N/A | **Full Dismissal** |

*Plaintiff alleges an incident that occurred during an interstate trip.

**To the extent Plaintiff pleads "Additional Allegations in Support of Vicarious Liability" under Claim "E" ("Common Carrier's Non-Delegable Duty"), that vicarious liability theory must be dismissed as well. *See* Memorandum of Points and Authorities at 28-29 & n. 51.

## Appendix B – Summary of Prior Orders on Motions to Dismiss Addressing Master Complaint  (Dkts. 1044 and 1719)

| Claims | California | Texas | Florida | Illinois | New York |
|---|---|---|---|---|---|
| **B: Negligence** | Not addressed in Uber's MTD | Not addressed in Uber's MTD | Not addressed in Uber's MTD | Not addressed in Uber's MTD | Not addressed in Uber's MTD |
| **B.1: Negligent Entrustment** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **C: Fraud and Misrepresentation** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **D: Negligent Infliction of Emotional Distress** | Dismissed | Withdrawn | Dismissed | Dismissed | Dismissed |
| **E: Common Carrier Non-Delegable Duties** | Not addressed in Uber's MTD | Dismissed | Dismissed for claims after July 1, 2017 | Dismissed for claims before January 1, 2024 | Not Pleaded |
| **F: Other Non-Delegable Duties** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **G.1: Respondeat Superior** | MTD Denied | Not Pleaded | Withdrawn | Dismissed | Not Pleaded |
| **G.2: Apparent Agency** | MTD Denied | Dismissed | Dismissed | Dismissed | Dismissed |

| Claims | California | Texas | Florida | Illinois | New York |
|---|---|---|---|---|---|
| **G.3: Ratification** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **H: Product Liability (Failure to Warn & Design Defect)** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **I: Injunctive Relief (California Unfair Comp. Law)** | Dismissed | Not Pleaded | Dismissed | Dismissed | Dismissed |
| **Punitive Damages** | MTD Denied | MTD Denied | MTD Denied | MTD Denied | MTD Denied |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

**Appendix C – Summary of December 4, 2024 Stipulation and Order Re: Motions to Dismiss (Dkt. 1932)**

| Claims | Arizona | Georgia | Nevada | Pennsylvania | Virginia |
|---|---|---|---|---|---|
| **B: Negligence** | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving |
| **B.1: Negligent Entrustment** | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend |
| **C: Fraud and Misrepresentation** | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend |
| **D: Negligent Infliction of Emotional Distress** | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend |
| **E: Common Carrier Non-Delegable Duties** | Not pleaded | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Not pleaded | Dismissed without leave to amend for claims after February 17, 2025 |
| **F: Other Non-Delegable Duties** | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend |
| **G.1: Respondeat Superior** | Uber stipulated to refrain from moving | Dismissed without leave to amend | Not pleaded | Not pleaded | Uber stipulated to refrain from moving |
| **G.2: Apparent Agency** | Uber stipulated to refrain from moving | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend | Dismissed without leave to amend |
| **G.3: Ratification** | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed without leave to amend | Dismissed with leave to amend |

| Claims | Arizona | Georgia | Nevada | Pennsylvania | Virginia |
|---|---|---|---|---|---|
| **H: Product Liability (Failure to Warn & Design Defect)** | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend | Dismissed with leave to amend |
| **I: Injunctive Relief (California Unfair Comp. Law)** | Dismissed | Dismissed | Dismissed | Dismissed | Dismissed |
| **Punitive Damages** | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving | Uber stipulated to refrain from moving |

## Appendix D – Propositions of Law[1]

| General Statement of Law/Rule | **D.1 –** To plead a common law fraud claim, a plaintiff must allege misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages. |
|---|---|
| California | *Huntsman v. Corp. of the President of the Church of Jesus Christ of Latter-Day Saints*, 127 F.4th 784, 789-90 (9th Cir. 2025) ("The elements of fraud under California law are (a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or 'scienter'); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage."); *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1132 (9th Cir. 2013) ("To plead a common law fraud claim, a plaintiff must allege misrepresentation, knowledge of falsity, intent to induce reliance, justifiable reliance, and resulting damages.") |
| Arizona | *Echols v. Beauty Built Homes, Inc.*, 647 P.2d 629, 631 (Ariz. 1982) ("A showing of fraud requires (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that it be acted upon by the recipient in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on its truth; (8) the right to rely on it; (9) his consequent and proximate injury."); *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (same) |
| Virginia | *Thompson v. Bacon*, 425 S.E.2d 512, 514 (Va. 1993) ("A party alleging fraud must prove by clear and convincing evidence (1) a false representation, (2) of a material fact, (3) made intentionally and knowingly, (4) with intent to mislead, (5) reliance by the party misled, and (6) resulting damage to him."); *Sweely Holdings, LLC v. SunTrust Bank*, 820 S.E.2d 596, 605 (Va. 2018) ("One element of fraud, particularly fraud in the inducement, is that the victim reasonably relied upon the misrepresentations . . . that allegedly constituted the fraud. Absent such reasonable or justifiable reliance, no fraud is established."); *Jared & Donna Murayama 1997 Tr. v. NISC Holdings, LLC*, 727 S.E.2d 80, 86 (Va. 2012) ("[T]o withstand the defendants' demurrer and establish a cause of action based on fraud, the Trust also had to demonstrate in its pleadings that the Trust and Murayama, acting on behalf of the Trust as its trustee, reasonably relied upon the misrepresentations and omissions by the defendants that allegedly constituted the fraud. Absent such reasonable or justifiable reliance, no fraud is established.") |
| Maryland | *Exxon Mobil Corp. v. Albright*, 71 A.3d 30, 49 (Md. 2013) ("To establish fraud, a plaintiff must prove by clear and convincing evidence that (1) the defendant made a false representation to the plaintiff, (2) the falsity of the representation was either known to the defendant or the representation was made with reckless indifference to |

---

[1] Unless otherwise indicated, all emphasis is added and all internal quotations, citations, and editing marks are omitted.

|  | its truth, (3) the misrepresentation was made for the purpose of defrauding the plaintiff, (4) the plaintiff relied on the misrepresentation and had the right to rely on it, and (5) the plaintiff suffered compensable injury as a result of the misrepresentation."); *Sass v. Andrew*, 832 A.2d 247, 267 (Md. Ct. Spec. App. 2003) ("The fourth element of a fraud claim requires proof that the plaintiff relied on the misrepresentation and had the right to rely on it.  In determining if reliance is reasonable, a court is required to view the act in its setting, which will include the implications and promptings of usage and fair dealing.  A strict 'but for' analysis is not the exclusive test for the reliance element in a fraud claim, however.  As the Court recognized in *Nails*, 'the misrepresentation need not have been the only motivation for the plaintiff's actions; it is sufficient that the misrepresentation substantially induced the plaintiff to act.'") |
|---|---|
| Michigan | *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) ("The general rule is that to constitute actionable fraud it must appear: (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.  Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery."); *Cummins v. Robinson Twp.*, 770 N.W.2d 421, 435 (Mich. Ct. App. 2009) (same) |
| Oregon | *Strawn v. Farmers Ins. Co. of Oregon*, 258 P.3d 1199, 1209 (Or. 2011), *adhered to on reconsideration*, 256 P.3d 100 (Or. 2011) ("The essential elements of a common-law fraud claim are: the defendant made a material misrepresentation that was false; the defendant did so knowing that the representation was false; the defendant intended the plaintiff to rely on the misrepresentation; the plaintiff justifiably relied on the misrepresentation; and the plaintiff was damaged as a result of that reliance.") |

| General Statement of Law/Rule | **D.2** – To state a claim for fraud and misrepresentation, Plaintiffs must adequately allege conduct that would be likely mislead a reasonable person. |
|---|---|
| California | *Rodriguez v. Mondelez Glob. LLC*, 703 F. Supp. 3d 1191, 1209 (S.D. Cal. 2023) (fraudulent omission of misrepresentation claims in California "are governed by the 'reasonable consumer' test—Plaintiffs must show that members of the public are likely to be deceived by the omission or misrepresentation"); *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir. 1995) ("[T]he reasonable person standard is well ensconced in the law in a variety of legal contexts in which a claim of deception is brought.") |
| Arizona | *Caruthers v. Underhill*, 287 P.3d 807, 815 (Ariz. Ct. App. 2012) ("A misrepresentation is material if a reasonable person would attach importance to its existence or nonexistence in determining [his or her] choice of action in the transaction in question.") |
| Virginia | *Evaluation Rsch. Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994) ("A finding of either actual or constructive fraud requires clear and convincing evidence that one has represented as true what is really false, in such a way as to induce a reasonable person to believe it, with the intent that the person will act upon this representation.") |
| Maryland | *Rozen v. Greenberg*, 886 A.2d 924, 930 (Md. Ct. Spec. App. 2005) ("Not all misrepresentations are actionable. To be actionable, misrepresentations must be material to the transaction at issue, either because it would be material to reasonable people generally or because it was material to the plaintiff.") |
| Michigan | *Rzepka v. Farm Estates, Inc.*, 269 N.W.2d 270, 274 (Mich. Ct. App. 1978) ("Such a misrepresentation is clearly material as bearing upon a fact crucial to [a consumer's] decision to buy."); *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 398 (Mich. Ct. App. 1999) (analogizing the Michigan Consumer Protection Act to the common-law tort of fraud to conclude that "a material fact for purposes of the MCPA would likewise be one that is important to the transaction or affects the consumer's decision to enter into the transaction") |
| Oregon | *Millikin v. Green*, 583 P.2d 548, 550 (Or. 1978) ("A misrepresentation is material where it would be likely to affect the conduct of a reasonable man with reference to a transaction with another person.") |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| General Statement of Law/Rule | **D.3** – Courts will dismiss fraud claims on the pleadings for lack of misleadingness under the reasonable-consumer standard, especially where common sense would not lead any reasonable person to be misled. |
|---|---|
| California | *Moore v. Mars Petcare US, Inc*., 966 F.3d 1007, 1018 (9th Cir. 2020) ("[I]f common sense would not lead anyone to be misled, then the [fraud] claim may be disposed of at a motion to dismiss stage."); *Takahashi-Mendoza v. Coop. Regions of Organic Producer Pools*, 673 F. Supp. 3d 1083, 1094 (N.D. Cal. 2023) (whether promotional statements constitute nonactionable opinions "is a question of law that can be properly decided on a motion to dismiss"); *Romoff v. Gen. Motors LLC*, 574 F. Supp. 3d 782, 789 (S.D. Cal. 2021), *aff'd*, No. 22-55170, 2023 WL 1097258 (9th Cir. Jan. 30, 2023) ("The Court concludes that the Complaint fails to allege facts to support an inference that Defendant made any affirmative misrepresentation."); *Robie v. Trader Joe's Co.*, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) ("[C]ourts have granted motions to dismiss under the [California Unfair Competition Law] and similar statutes on the basis that the alleged misrepresentations were not false, misleading, or deceptive as a matter of law.") (collecting cases) |
| Arizona | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 177-78 (D. Me. 2004) (dismissing Arizona Consumer Fraud Act claim at the pleading stage for failing to show deception); *Sw. Non-Profit Hous. Corp. v. Nowak*, 322 P.3d 204, 208-10 (Ariz. Ct. App. 2014) (affirming the dismissal as a matter of law of a negligent misrepresentation claim) |
| Virginia | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 206-07 (D. Me. 2004) (granting motion to dismiss Virginia Consumer Protection Act claim for failing to allege fraud or deception, including misrepresentation) |
| Maryland | *Margolis v. Sandy Spring Bank*, 110 A.3d 784, 792 (Md. Ct. Spec. App. 2015) ("Our examination of the language of the agreement leads us to conclude that Margolis did not sufficiently allege that the bank engaged in an unfair or deceptive trade practice in contravention of the Act." (affirming dismissal of Maryland Consumer Protection Act at motion to dismiss stage)) |
| Michigan | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160, 189 (D. Me. 2004) (dismissing Michigan Consumer Protection Act claim at the motion to dismiss stage for failing to allege deceptive practices) |
| Oregon | *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541, 554-58 (N.D. Cal 2019) (granting motion to dismiss Oregon Unfair Trade Practices Act claims based on puffery) |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| General Statement of Law/Rule | **D.4 –** Liability for nondisclosure fails absent a duty of disclosure. |
|---|---|
| California | *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1110 (9th Cir. 2024) (A "deceit by concealment claim requires, among other elements, that a defendant concealed or suppressed a material fact" the defendant had a duty to disclose to the plaintiff."); *Hammerling v. Google LLC*, 615 F. Supp. 3d 1069, 1084 (N.D. Cal. 2022) (Breyer, J.) (finding that "fraudulent omission claims fail because Plaintiffs do not allege that [Defendant] had a duty to disclose the omitted information") |
| Arizona | *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 774 (D. Ariz. 2012), *on reconsideration in part* (May 30, 2012) ("A party may also be liable for fraud through failure to disclose, but only if that party is under a duty to disclose.") |
| Virginia | *Doe by & Through Doe v. Baker*, 857 S.E.2d 573, 589 (Va. 2021) ("[I]n Virginia, silence does not constitute concealment in the absence of a duty to disclose.") |
| Maryland | *Topline Sols., Inc. v. Sandler Sys., Inc.*, 2017 WL 1862445, at *35 (D. Md. May 8, 2017) ("Ordinarily, non-disclosure does not constitute fraud unless there exists a duty of disclosure.") |
| Michigan | *Silent Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 569 (Mich. 2012) (doctrine of silent fraud only arises when there exists a legal or equitable duty of disclosure) |
| Oregon | *Martell v. Gen. Motors LLC*, 492 F. Supp. 3d 1131, 1142 (D. Or. 2020) ("Oregon law recognizes four theories of fraud: (1) affirmative misrepresentation; (2) omission of a material fact when there is an independent duty to disclose; (3) omission of a material fact needed to make a "half-truth" not misleading; and (4) actual or active concealment.") |

| General Statement of Law/Rule | **D.5** –To determine when a duty to disclose arises, all of the relevant states generally apply the approach articulated in the Second Restatement |
|---|---|
| California | *Eddy v. Sharp*, 245 Cal. Rptr. 211, 213 (Cal. App.  1988) |
| Arizona | *Tavilla v. Cephalon, Inc.*, 870 F. Supp. 2d 759, 774 (D. Ariz. 2012), *on reconsideration in part* (May 30, 2012) |
| Virginia | *Ware v. Scott*, 257 S.E.2d 855, 858 n. 3 (Va. 1979); *Langmaid v. Lee*, 86 Va. Cir. 118 (2013) |
| Maryland | *Rhee v. Highland Dev. Corp.*, 958 A.2d 385, 395 (Md. Ct. Spec. App. 2008) ("In Maryland, as we have explained, ordinarily there is no duty to disclose and mere non-disclosure is not actionable."); *Wilson v. Exxon Mobil Corp.*, 2015 WL 6549167, at *4 (Md. Spec. App. Aug. 13, 2015) |
| Michigan | *Christy v. Glass*, 329 N.W.2d 748, 752 n.7 (Mich. 1982); *Bertrand v. Alan Ford, Inc.*, 537 N.W.2d 186-87 (Mich. 1995) |
| Oregon | *Neel v. Lee*, 504 P.3d 26, 37 (Or. App. 2021); *U. S. Nat. Bank of Oregon v. Fought*, 630 P.2d 337, 341 (Or. 1981) |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| General Statement of Law/Rule | **D.6** – As relevant here, a duty to disclose may arise where defendant (a) makes partial representations but also suppresses some material facts, or (b) has superior or exclusive knowledge of objectively material facts not known to plaintiff. |
|---|---|
| California | *Terpin v. AT & T Mobility LLC*, 118 F.4th 1102, 1110-11 (9th Cir. 2024) ("A defendant has a duty to disclose when: (1) the defendant is in a fiduciary relationship with the plaintiff; (2) the defendant had exclusive knowledge of material facts not known to the plaintiff; (3) the defendant actively conceals a material fact from the plaintiff; or (4) the defendant makes partial representations but also suppresses some material facts."); *LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336 (1997) (similar); *Elias v. Hewlett-Packard Co.*, 950 F. Supp. 2d 1123, 1134–35 (N.D. Cal. 2013) ("A fact is deemed 'material,' and obligates an exclusively knowledgeable defendant to disclose it, if a 'reasonable consumer' would deem it important in determining how to act in the transaction at issue."); *see also Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 838 (2006) ("members of the public must have had an expectation or an assumption about the matter in question" to support disclosure duty) |
| Arizona | *Rindlisbacher v. Steinway & Sons Inc.*, 2019 WL 3767009, at *2 (D. Ariz. Aug. 9, 2019) ("Subsection (b) creates a duty for a 'party to a business transaction' to disclose 'matters known to him that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading.'" (quoting Restatement (Second) of Torts § 551(2)(b) (1977))); *id.* at *2 n.2 ("[D]efendant is not liable for nondisclosure of 'basic facts' when 'the facts are patent, or when the plaintiff has equal opportunity for obtaining information that he may be expected to utilize if he cares to do so,' and where the defendant 'may reasonably expect the plaintiff to make his own investigation, draw his own conclusions and protect himself.'" (quoting Restatement (Second) of Torts § 551 cmt. k (1977))) |
| Virginia | *Bank of Montreal v. Signet Bank*, 193 F.3d 818 (4th Cir.1999) ("[T]he failure to disclose is generally not actionable as fraudulent concealment in the absence of some duty to disclose.  A duty to disclose does not normally arise when parties are engaged in an arms length transaction.  A duty may arise (1) if the fact is material and the one concealing has superior knowledge and knows the other is acting upon the assumption that the fact does not exist or (2) if one party takes actions which divert the other party from making prudent investigations, such as making a partial disclosure.") |
| Maryland | *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 628-29 (D. Md. 2003) ("In the context of a claim of intentional misrepresentation by concealment, a duty to disclose arises where the defendant makes an active misstatement of fact, or only a partial or fragmentary statement of fact, which misleads the plaintiff to its injury.") |
| Michigan | *Gregorio v. Ford Motor Co.*, 522 F. Supp. 3d 264, 278 (E.D. Mich. 2021) ("The parties agree that in the states at issue [including Michigan], the situations where a duty to disclose can arise can be summarized as follows: |

| | |
|---|---|
| | (1) the parties have a fiduciary relationship, (2) the defendant has exclusive or superior knowledge of a material fact and such knowledge could not be discovered through reasonable diligence, (3) the defendant actively concealed a material fact, or (4) the defendant offers a partial disclosure but suppresses material facts."); *Zine v. Chrysler Corp.*, 600 N.W.2d 384, 394 (Mich. Ct. App. 1999) ("Michigan law "prohibits . . . [f]ailing to reveal facts that are material to the transaction in light of representations of fact made in a positive manner.") |
| Oregon | *Gregory v. Novak*, 855 P.2d 1142, 1144 (Or. Ct. App. 1993) ("[O]ne who makes a representation that is misleading because it is in the nature of a 'half-truth' assumes the obligation to make a full and fair disclosure of the whole truth." (citing *Krause v. Eugene Dodge, Inc.*, 509 P.2d 1199 (1973)) |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| General Statement of Law/Rule | **D.7** – Many courts across the county have refused to apply product-liability to Uber's services, as offered via the Uber App. |
|---|---|
| California | *Martinez v. Uber Techs., Inc., et al.*, No. 23STCV09795 (Super. Ct., Los Angeles Cnty., Oct. 3, 2023) (Los Angeles Superior Court sustained Uber's Demurrer as to Plaintiff's strict products liability claim and punitive damages claims without leave to amend, finding that the Uber App is not a product by a way to connect drivers and users seeking transportation or food delivery); *Diaz v. Uber Techs., Inc., et al.*, No. 23LBCV00276 (Super. Ct., Los Angeles Cnty., July 27, 2023) (Los Angeles Superior Court sustained Uber's demurrer as to Plaintiff's strict products liability claim without leave to amend); *In re Uber Rideshare Cases*, No. CJC-21-005188 (Super. Ct., San Fran. Cnty., June 22, 2023) (San Francisco Superior Court granted Uber and Rasier's demurrer as to Plaintiff's strict products liability claim without leave to amend, holding that the Uber App itself is software that is not capable of being touched and seen and, therefore, is intangible and that Uber's dominant role in creating and providing the app is to provide transportation services); *Ramos v. Uber Techs., Inc. et al.*, No. 22STCV33007 (Super. Ct., Los Angeles Cnty., June 1, 2023) (Los Angeles Superior Court sustained Uber's demurrer as to Plaintiff's strict products liability claim without leave to amend, finding the primary function of the Uber application is to facilitate a service); *Luna, Avelardo v. Uber Techs., Inc., et al.*, No. 22STCV10806 (Super. Ct., Los Angeles Cnty., Sept. 27, 2022) (Los Angeles County court sustained Uber's demurrer as to Plaintiff's strict products liability claim without leave to amend, finding the Uber application was not a product as a matter of law); *Behuet & Hunt v. Uber Techs., Inc. et al.*, No. 21STCV26056 (Super. Ct., Los Angeles Cnty., July 13, 2022) (Los Angeles County Superior Court sustained Uber's demurrer as to Plaintiff's strict products liability claim, finding Plaintiffs failed to maintain a cause of action as Plaintiffs could not show that the transaction was one where the primary objective was to "acquire ownership or use of a product and not one where the primary objective was to obtain a service") (internal citation omitted); *Shannon v. Uber Techs., Inc., et al.*, No. 21STCV42029 (Super. Ct., Los Angeles Cnty., April 15, 2022) (Los Angeles County Superior Court sustained Uber's demurrer without leave to amend as a matter of law the App is not a "product" but rather is a service and "the service aspect of the parties' transaction predominates, and the use of the Uber App . . . was merely incidental to the provision of Defendants' service"); *Flores v. Uber Techs., Inc., et al.*, No. 19STCV24988  (Super. Ct., Los Angeles Cnty., March 22, 2022) (Los Angeles County, California Superior Court sustained Uber's demurrer without leave to amend finding that as a matter of law the Driver App is not a "product" for purposes of a cause of action for strict products liability but is rather a service, i.e. matching drivers with customers who require transportation services); *Norman v. Uber Techs, Inc.,* |

| | |
|---|---|
| | *et al.*, No. 21STCV35632 (Super. Ct., Los Angeles Cnty., March 8, 2022) (court sustained Uber's Demurrer without leave to amend as to Plaintiff's three (3) separate causes of action for strict products liability finding, "Uber's dominant role in the subject accident was as a provider of a service rather than as a distributor of a product"); *Cruz Lopez v. Uber Techs., Inc.*, No. 21CV376012 (Super. Ct., Santa Clara Cnty., Nov. 23, 2021) (court granted Uber's demurrer dismissing Plaintiff's holding "the primary objective of the Uber App is to facilitate and provide a service" and accordingly, "the Uber App is merely a service rather than a product"); *Polanco v. LYFT, Inc., et al.*, No. 30-2019-01065850-CU-PA-CJC (Super. Ct., Orange Cnty., May 13, 2021) (Uber's demurrer granted with Court finding "the Uber App does App is not a 'tangible good' or 'physical object' . . . and the predominant purpose of the Uber App is the service of matching drivers with passengers"); *Toral v. Uber Techs., Inc., et al.*, No. 20STCV02030 (Super. Ct., Los Angeles Cnty., April 14, 2021) (court granted Uber's demurrer without leave to amend, dismissing Plaintiff's product liability/negligent design cause of action holding "[o]ffering services, however, is not a product.") |
| Florida | *Breuer v. Uber Techs., Inc.*, No. 50-2020-CA-5529-XXXX-MB (Fla. 15th Cir. Ct., Oct. 13, 2020) (court granted Uber's Motion to Dismiss Plaintiff's product liability claim, holding that "a knowing misuse of an alleged product creates no liability on the part of the manufacturer") |
| Nevada | *Arruda v. Rasier, LLC et al.*, No. A-23-878332-C (Clark Cnty. Dist. Ct. Nev. March 18, 2024) (granting Uber's Partial Motion to Dismiss finding the Uber App "provides a service and is not a product" under Nevada law, thus dismissing Plaintiff's cause of action with prejudice); *Estate of Sowell v. Uber Techs., Inc., et al.*, No. A-24-886402-C (Super. Ct. Clark Co. Nev., May 24, 2024) (court granted Uber's motion to dismiss products liability cause of action and to strike punitive damages claim) |
| North Carolina | *DeRose v. DoorDash, Inc.*, et al. No. 5:22-CV-413-D (E.D.N.C. June 1, 2023) (court held the DoorDash App was not inherently dangerous, rejecting Plaintiff's argument that the company's business model could foreseeably cause accidents) |
| Pennsylvania | *A.T. v. Lyft, Inc., et al.*, No. 2019-CV-1759 (Ct. of Common Pleas Lackawanna Cnty., Penn. Dec. 29, 2022) (court sustained Lyft's objections to Plaintiff's strict products liability claim, holding that pursuant to PA's TNC statute, the Lyft app is an application, software, website or system as a matter of Pennsylvania law – not a product) |
| Washington | *Estate of Vistad v. Uber Techs., Inc.*, No. 23-2-02646-32 (Super. Ct. Spokane Cnty, Wash. Oct. 6, 2023) (court granted Uber's Motion to Dismiss Plaintiff's product liability and punitive damages claims); *Baumgartner v. Uber Techs., Inc., et al.*, No. 21-2-15753-6 SEA (Super. Ct. King Co., Wash. Mar. 9, 2022) (court granted Uber's Motion to Dismiss Plaintiff's product liability claim) |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS

| General Statement of Law/Rule | **D.8 –** Physical harm represents an indispensable element of a personal-injury claim for negligence or product liability |
|---|---|
| Illinois | *Sondag v. Pneumo Abex Corp.*, 55 N.E.3d 1259, 1263 (Ill. App. Ct. 2016) ("Physical harm is an essential element of any action for products liability, regardless of whether the action sounds in negligence or strict liability." (applying Restatement (Second) of Torts §§ 388, 402A (1965)); *Bohaboy v. Baxter Int'l, Inc.*, 2024 IL App (1st) 230868, ¶ 20 (dismissing negligence claim that alleged "no physical harm"); *King v. Levine*, 2019 IL App (1st) 181176-U, ¶ 1 ("A plaintiff must allege physical injury to state a claim that a defendant's negligence caused her to suffer emotional harm."); *Byrne v. SCM Corp.*, 538 N.E.2d 796, 812 (Ill. App. Ct. 1989) (agreeing that "Illinois courts do not allow recovery for purely emotional and mental injuries in strict liability cases") |
| Georgia | *Maynard v. Snapchat, Inc.*, 870 S.E.2d 739, 744-45 (Ga. 2022) ("Georgia's strict-product-liability statute" requires plaintiff "suffer[] injury to his person or property" (citing OCGA § 51-1-11(b)(1)); *Brock v. Atlanta Airlines Terminal Corp.*, 857 S.E.2d 74, 77 (Ga. Ct. App. 2021) ("In a claim concerning negligent conduct, a recovery for emotional distress is allowed only where there is some impact on the plaintiff, and that impact must be a physical injury." (quoting *Lee v. State Farm Mut. Ins. Co.*, 533 S.E.2d 82 (Ga. 2000)) |
| Massachusetts | *Donovan v. Philip Morris USA, Inc.*, 914 N.E.2d 891, 899 & n.9 (Mass. 2009) ("Negligence in the abstract does not support a cause of action," but requires "physical harm" causing "legal damage" (not nominal)); *Wasylow v. Glock, Inc.*, 975 F. Supp. 370, 377 (D. Mass. 1996) ("Massachusetts warranty law has been interpreted as congruent in nearly all respects with the strict liability principles in the Restatement (Second) of Torts § 402A (1965).") |

APPENDICES ISO DEFENDANTS' MOTION TO DISMISS