[Submitting Counsel below]

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**ADMINISTRATIVE MOTION TO SEAL DOCUMENT ATTACHED AS EXHIBIT TO JOINT LETTER REGARDING DEFENDANTS' PRODUCTION OF SAFETY LENS SNAPSHOTS IN DEFENDANT FACT SHEETS** |
|---|---|

Under Civil Local Rules 7-11 and 79-5, and the Protective Order entered in this case dated December 28, 2023, Dkt. No. 176 (the "Protective Order"), Plaintiffs respectfully submit this Administrative Motion to Seal Document Attached as Exhibit to Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets. In support thereof, and pursuant Civil L.R. 7-11 and 79-5, the following is submitted herewith: (1) the Declaration of Andrew Kaufman in Support of this Motion; and (2) a Proposed Order that lists in tabular format the materials sought to be sealed.

**Material To Be Filed Under Seal**

Plaintiffs respectfully request that the Court seal the following document:

| Document | Description | Designating Party |
|---|---|---|
| Exhibit 1 | Uber-produced document bates stamped UBER-MDL3084-DFS00002727 | Plaintiffs (and Uber)[1] |

---

[1] Because Exhibit 1 was designed by Uber as "Confidential" pursuant to the protective order, pursuant to Local Rule 79-59(f), plaintiffs have also filed an Administrative Motion to Consider Whether Another's Party's Materials Should be Sealed.

**Legal Standard**

Documents attached to non-dispositive discovery motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101–02 (9th Cir. 2016). Rule 26 provides good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" FED. R. CIV. P. 26(c). In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

**The Requested Materials Should be Sealed**

The document at issue relates to a discovery motion, not a dispositive motion, and must therefore meet the less exacting "good cause" standard under Rule 26(c).[2] The document contains identifying information about the rider, and specific statements and information about a reported incident of sexual assault, including the specific nature of the assault; the circumstances leading up to, surrounding, and in the immediate aftermath of the assault; and information regarding medical and law enforcement interventions. The disclosure of this sensitive information will result in privacy harms and "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c); *see also Jones v. PGA Tour, Inc.*, 2023 WL 7434197 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed.").

---

[2] The document sought to be sealed is not at issue on its merits or substance and is only used to illustrate the discovery dispute. But even if the more "compelling" standard were applied (*see In re Uber Technologies, Inc., Passenger Sexual Assault Litig.*, 2024 WL 4211179, at *1 (N.D. Cal. Sept. 3, 2024), and as discussed below, Plaintiffs submit that the information at issue meets that threshold as well.

- 2 -  ADMINISTRATIVE MOTION TO SEAL
CASE NO. 23-MD-03084-CRB

|   |   |
|---|---|
| 1 | Courts within the Ninth Circuit have found that a party's legitimate interest in ensuring the privacy of personal information and medical information outweighs the public's interest in access to court filings and is therefore sealable. *Richter v. Oracle Am., Inc.*, 2023 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023); *Anderson v. Amazon.com, In*c., 2021 WL 3077562, at *1 (E.D. Cal. July 21, 2021). Indeed, this Court has already determined that Plaintiffs' need to proceed anonymously outweighs the public's interest in knowing Plaintiffs' identities (ECF No. 174) and has permitted the sealing of detailed descriptions of sexual assaults (ECF No. 1559). |

## Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant this motion to file under seal Exhibit 1 to the Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets.

Dated: April 17, 2025

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor

New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: April 17, 2025          By:   */s/ Andrew R. Kaufman*
                                      Andrew R. Kaufman