TRACEY B. COWAN (Cal Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd Street, 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

RYAN J. CLARKSON (Cal Bar No. 257074)
OLIVIA E. DAVIS (Cal Bar No. 353041)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*CLF J.T. v. Uber Technologies, Inc., et al.*<br>Case No. 3:25-cv-1043-CRB | **MDL No. 3084 CRB**<br>Hon. Charles R. Breyer<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL OF RECORD; SUPPORTING MEMORANDUM**<br><br>Date: June 6, 2025<br>Time: 10:00 am<br>Courtroom 6 |

TO ALL PARTIES: **PLEASE TAKE NOTICE** that on June 6, 2025 at 10:00 a.m., or as soon thereafter as the matter may be heard before the Honorable Charles R. Breyer, Judge of the Unites States District Court, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San Francisco, California 94102, plaintiff's counsel, Tracey B. Cowan and Clarkson Law Firm, P.C., will move the Court for leave to withdraw from representation of CLF J.T. ("Plaintiff" or "J.T."), Plaintiff herein.

This motion is made on the grounds that Plaintiff's counsel has been unable to successfully

| | |
|---|---|
| 1 | contact Plaintiff J.T. for multiple months, making it unreasonably difficult to represent her. |
| 2 |     This motion is based on this notice, the following memorandum of points and authorities, |
| 3 | and the declarations filed in support thereof, and on such other evidence as may be adduced. |

Dated: April 18, 2025

Respectfully submitted,

By: */s/ Tracey B. Cowan*
TRACEY B. COWAN (Cal Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd Street, 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

RYAN J. CLARKSON (Cal Bar No. 257074)
OLIVIA E. DAVIS (Cal Bar No. 353041)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation. *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 U.S. Dist. LEXIS 10575 (S.D. Cal. Feb. 13, 2008); *Navarro v. Costco Wholesale Corp.*, No. 22cv1105-LL-AGS, 2023 U.S. Dist. LEXIS 19958 (S.D. Cal. Feb. 6, 2023).

Plaintiff J.T. signed a retainer agreement with Plaintiff's firm on October 24, 2024. (Declaration of Tracey Cowan ("Cowan Decl."), ¶ 2) A material term of that contract was that Plaintiff maintain updated contact information at all times. (*Id.*) The contract also specified that if Plaintiff failed to uphold her contractual obligations, Plaintiff's firm would have grounds to withdraw as counsel. (*Id.*) Despite this agreement, for over two months, Plaintiff's counsel has been unable to contact Plaintiff J.T. despite repeated attempts to reach her. (*Id.* ¶¶ 3, 5-9.) Plaintiff's counsel has not been able to reach Plaintiff at the phone number she provided (*Id.* ¶ 3.) Plaintiff has also not responded to multiple letters sent to her physical addresses and has not responded to emails that have been sent to the email address she provided. (*Id.*)

Plaintiff's counsel made multiple attempts to contact Plaintiff J.T. in advance of the court-ordered deadline that Plaintiff produce a Plaintiff Fact Sheet ("PFS"). (*Id.* ¶ 5.) All of Plaintiff's counsel's attempts via phone call, text message, and email have been unsuccessful. (*Id.* ¶¶ 5-6.) In attempt to comply with the PFS deadline, Plaintiff's counsel requested multiple emails from defense counsel. (*Id.* ¶ 6.) On March 24, 2025, defense counsel granted a final two-week extension, extending Plaintiff's PFS deadline to April 7, 2025. (*Id.*)

Plaintiff's counsel sent a letter to Plaintiff J.T. via certified mail on March 18, 2025, to the physical address in Pueblo, Colorado provided by Plaintiff. (*Id.* ¶ 7.) Though it was confirmed that this letter was delivered to the address, it went unanswered. (*Id.*) This letter stated that if Plaintiff was unable to communicate with Plaintiff's counsel, counsel would no longer be able to represent her in this litigation. (*Id.*) This letter reiterated Plaintiff's duty to communicate, as was stated in the representation agreement she signed. (*Id.*)

On April 2, 2025, having still not heard from Plaintiff, Plaintiff's counsel hired

Nationwide Service of Process to personally serve Plaintiff another letter at her address in Pueblo, Colorado. (*Id.* ¶ 8.) On April 3, 2025, the process service attempted service at Plaintiff J.T.'s address. (*Id.*) Plaintiff J.T. was not home, but her aunt was. (*Id.*) Plaintiff J.T.'s aunt explained that Plaintiff was "in jail or prison" and that she had no contact with her. (*Id.*) The process server located Plaintiff J.T. on the Department of Corrections website, and it showed she may have been in the El Paso County Jail Backlog. (*Id.*) Plaintiff's incarceration has completely inhibited Plaintiff from communicating with her counsel. (*Id.* ¶ 9.)

Plaintiff's J.T.'s inability or refusal to communicate has prevented her counsel from collecting information required by court-ordered deadlines. (*Id.* ¶ 10.) As referenced above, Plaintiff's counsel was unable to speak with Plaintiff and gain additional information regarding her claims prior to the court-mandated deadline to submit her Plaintiff Fact Sheet, pursuant to PTO 10, by April 7, 2025—a deadline that had already been extended by defense counsel multiple times to allow Plaintiff's counsel additional time to reach Plaintiff J.T. The PFS requires information counsel does not currently have and further requires Plaintiff provide responses in her own words. (*Id.*) Plaintiff's counsel thus cannot complete and submit Plaintiff's PFS without communicating with Plaintiff. (*Id.*) Plaintiff's counsel informed Plaintiff, via email and in the multiple hard-copy letters mentioned above, of the importance of responding, specifically because of the relevant court-mandated deadlines. (*Id.*)

Plaintiff's counsel has completely lost communication with Plaintiff and has no additional ways to contact her. (*Id.* ¶ 11) Without Plaintiff's cooperation and willingness to communicate with her counsel, it is impossible for his counsel to effectively represent her. Therefore, Plaintiff's counsel requests that they be granted leave to withdraw as attorneys of record of Plaintiff J.T.

Dated: April 18, 2025          Respectfully submitted,

By: */s/ Tracey B. Cowan*
TRACEY B. COWAN (Cal Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd Street, 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

| | |
|---|---|
| 1 | |
| 2 | RYAN J. CLARKSON (Cal Bar No. 257074) |
|   | OLIVIA E. DAVIS (Cal Bar No. 353041) |
| 3 | **CLARKSON LAW FIRM, P.C.** |
|   | 22525 Pacific Coast Highway |
| 4 | Malibu, CA 90265 |
|   | Telephone: (213) 788-4050 |
| 5 | Email: rclarkson@clarksonlawfirm.com |
|   | Email: odavis@clarksonlawfirm.com |
| 6 | |
|   | *Counsel for Plaintiff* |

NOTICE OF MOTION & MOTION
TO WITHDRAW AS COUNSEL

CASE NO. _3:25-cv-01043-CRB_____

**CERTIFICATE OF SERVICE**

I, Tracey Cowan, hereby certify that I caused to be served on the attached Notice of Motion and Motion to Withdraw as Counsel, and Supporting Memorandum and Declaration of Tracey Cowan in Support of Motion to Withdraw on April 18, 2025 by first class U.S. Mail, addressed to: J.T., at the last recorded address on file.

Executed in San Rafael, California on April 18, 2025.

*s/Tracey Cowan*
Tracey Cowan