1   TRACEY B. COWAN (Cal Bar No. 250053)
    **CLARKSON LAW FIRM, P.C.**
2   95 3rd Street, 2nd Floor
    San Francisco, CA 94103
3   Telephone: (213) 788-4050
    Email: tcowan@clarksonlawfirm.com
4
5   RYAN J. CLARKSON (Cal Bar No. 257074)
    OLIVIA E. DAVIS (Cal Bar No. 353041)
6   **CLARKSON LAW FIRM, P.C.**
    22525 Pacific Coast Highway
7   Malibu, CA 90265
    Telephone: (213) 788-4050
8   Email: rclarkson@clarksonlawfirm.com
    Email: odavis@clarksonlawfirm.com
9
    *Counsel for Plaintiff*
10
11              **UNITED STATES DISTRICT COURT**

12              **NORTHERN DISTRICT OF CALIFORNIA**

13                **SAN FRANCISCO DIVISION**

14  | IN RE: UBER TECHNOLOGIES, INC. | **MDL No. 3084 CRB** |
15  | PASSENGER SEXUAL ASSAULT | |
    | LITIGATION | |
16  | | **DECLARATION OF TRACEY B.** |
    | | **COWAN IN SUPPORT OF** |
17  | | **MOTION TO WITHDRAW AS** |
18  | This Document Relates to: | **COUNSEL OF RECORD** |
19  | *CLF J.T. v. Uber Technologies, Inc., et al.* | Date: June 6, 2025 |
20  | Case No. 25-cv-1043-CRB | Time: 10:00 a.m. |
    | | Courtroom 6 |
21
22
23         I, Tracey B. Cowan, declare as follows:

24         1.    I am a partner of Clarkson Law Firm, P.C. and am licensed to practice before all

    state and federal courts in the State of California. I am the attorney of record for the Plaintiff. I

25  am over the age of eighteen and have personal knowledge of the facts set forth herein, and, if

26  called as a witness, I could and would testify competently as to such facts.

27         2.    Plaintiff J.T. signed a retainer agreement with my firm on October 24, 2024. A

28

---
NOTICE OF MOTION & MOTION                    CASE NO. _3:25-cv-01043-CRB_____
TO WITHDRAW AS COUNSEL

1    material term of that contract was that Plaintiff maintain updated contact information at all times.

2    The contract specified that my firm would have grounds to withdraw as counsel if this contractual

3    obligation was not upheld.

4          3.    Despite this agreement, for over two months, my team has been unable to contact

5    Plaintiff J.T. despite repeated attempts to reach her. We have tried numerous times to reach

6    Plaintiff at the phone number she provided, unsuccessfully. We have also sent multiple letters to

7    Plaintiff's physical addresses, which have gone unanswered. She has also not responded to any

8    of the emails we have sent to the address she provided in the past few months.

9          4.    We filed this action on January 31, 2025, at our client's behest.

10         5.    Per Pretrial Order ("PTO") 10, Plaintiff J.T.'s Plaintiff Fact Sheet ("PFS") was

11   due within 30 days of January 31, 2025. My team made several attempts following the filing of

12   Plaintiff J.T.'s case to gather the necessary information to comply with the requirements of PTO

13   10. My team was never able to reach Plaintiff J.T., nor did she make any independent attempts to

14   contact my team.

15         6.    Unable to reach Plaintiff J.T. by phone, text message, or email for several weeks,

16   my team requested to extend the deadline for Plaintiff J.T.'s PFS multiple times. Counsel for

17   Defendants granted such requests but offered a final two-week extension for Plaintiff J.T.'s PFS

18   on March 24, 2025, giving her until April 7, 2025 to comply with PTO 10.

19         7.    On March 18, 2025, having been unable to reach Plaintiff J.T. via phone and email,

20   my office mailed a letter, through certified mail, to the physical address Plaintiff had previously

21   provided, in Pueblo, Colorado. Though the letter was delivered successfully to Plaintiff J.T.'s

22   address, the letter went unanswered. The letter clearly stated that if my firm was unable to

23   communicate with Plaintiff J.T., according to the terms of her representation agreement, we

24   would no longer be able to represent her in this litigation.

25         8.    On April 2, 2025, my office hired Nationwide Service of Process to personally

26   serve another letter to Plaintiff J.T.'s physical address in Pueblo, Colorado. On April 3, 2025, the

27   process service attempted service at Plaintiff J.T.'s address. Plaintiff J.T. was not home, but her

28   aunt was. Plaintiff J.T.'s aunt explained that Plaintiff was "in jail or prison" and that she had no

NOTICE OF MOTION & MOTION                    CASE NO. _3:25-cv-01043-CRB_____
TO WITHDRAW AS COUNSEL

1  contact with her. The process server located Plaintiff J.T. on the Department of Corrections

2  website, and it showed she may have been in the El Paso County Jail Backlog.

3        9.    Plaintiff J.T.'s incarceration, which began at some point after she signed a retainer

4  agreement with my firm, has proven to completely inhibit our ability to communicate with

5  Plaintiff J.T. Plaintiff has not attempted to contact my office since she has been incarcerated.

6        10.    Plaintiff J.T.'s inability or refusal to communicate has prevented us from

7  collecting information required by court-ordered deadlines and puts us at risk of being unable to

8  produce documents in accordance with future deadlines. As referenced above, we were unable to

9  speak with Plaintiff and gain additional information regarding her claims prior to the court-

10  mandated deadline to submit her Plaintiff Fact Sheet, pursuant to PTO 10, by April 7, 2025—a

11  deadline that had already been extended multiple times to allow my team additional time to reach

12  Plaintiff J.T. The PFS requires information my team does not currently have and further requires

13  Plaintiff provide responses in her own words. We thus cannot complete and submit Plaintiff's

14  PFS without communicating with Plaintiff. We informed Plaintiff, via email and in the multiple

15  hard-copy letters mentioned above, of the importance of responding, specifically because of the

16  relevant court-mandated deadlines.

17        11.    J.T. has lost all contact with her attorneys, and we have no way to contact her.

18  Without her cooperation and willingness to communicate with her counsel, it is impossible for

19  me or my firm to effectively represent her.

20      I declare, under penalty of perjury, that the foregoing is true and correct to the best of my

21  knowledge, that if called as a witness, I could competently testify thereto, and that this declaration

22  is executed in San Rafael, California on April 18, 2025.

23                            *s/ Tracey Cowan*

24                            Tracey Cowan

25

26

27

28

1

2

3                              **CERTIFCATE OF SERVICE**

4          I, Tracey Cowan, hereby certify that I caused to be served on the attached Notice of

5     Motion and Motion to Withdraw as Counsel, and Supporting Memorandum and Declaration of

6     Tracey Cowan in Support of Motion to Withdraw on April 18, 2025 by first class U.S. Mail,

7     addressed to: J.T., at the last recorded address on file.

8          Executed in San Rafael, California on April 18, 2025

9

10                                        *s/Tracey Cowan*
                                          Tracey Cowan
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28