LAURA VARTAIN (SBN: 258485)
 laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
 allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
 jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 2797]**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(c) and 7-11(b), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Seal Document Attached as Exhibit to Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets, dated April 17, 2025, ECF 2797 ("Plaintiffs' Motion"). Uber joins Plaintiffs in asking the Court to seal Exhibit 1. Alternatively, at a minimum, this exhibit should be redacted as set forth below.

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns Exhibit 1 attached to the Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets ("Exhibit 1" or "Exhibit"):

| Document | Description | Designating Party |
|---|---|---|
| Plaintiffs' Exhibit 1 to Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets | Uber-produced document bates stamped UBER-MDL3084-DFS00002727 | Plaintiffs and Uber |

The Exhibit at issue is a document produced by Defendants in discovery designated as confidential pursuant to the Protective Order. A sealed version of Exhibit 1 was filed on the public docket at ECF 2797-2. The Exhibit that Plaintiffs and Defendants seek to maintain under seal contains Personally Identifiable Information (PII) and Defendants' confidential and proprietary tooling systems. Defendants therefore submit this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3). The Exhibit should be sealed for the reasons set forth in Plaintiffs' Motion and set forth below.

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations

and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The document here is related to briefing on a discovery motion regarding the production of Safety Lens Snapshots in Defendants' Fact Sheets; it is not related to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true here, where the document is an exhibit to a letter brief on a nondispositive discovery matter. *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Courts, including this Court, regularly seal confidential internal business policies under the good cause standard. *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc.*, 2020 WL at *2 (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal

3
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 2797]
Case No. 3:23-MD-3084-CRB

policies and procedures for guest incidents"). Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id*. at *2. Likewise, confidential business information can be sealed under the good cause standard. *See, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc*., 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about the parties' business operations and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's business operations is typically subject to sealing"); *Jones v. PGA Tour, Inc*., 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing document that reflected "reflects public relations strategy"); *Jones v. PGA Tour, Inc*., 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (sealing "details about the [business's] operations and business relationships with other [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its business relationships").

In addition, "Courts in this circuit routinely seal email addresses and other personal identifying information under the [more stringent] compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").

### III.   EXHIBIT 1 SHOULD BE KEPT UNDER SEAL

The Exhibit at issue is a document produced by Uber in discovery designated as confidential pursuant to the Protective Order. A sealed version of Exhibit 1 was filed on the public docket at ECF 2797-2. It contains confidential and proprietary information about Uber's business systems and

procedures, as well as PII. This exhibit should be sealed in its entirety in order to avoid harm to Uber's competitive standing and the privacy interests of third parties.

### A. Exhibit 1 Should be Sealed for the Reasons Set Forth in Plaintiffs' Motion.

As set forth in Plaintiffs' Motion, the exhibit contains and primarily consists of highly sensitive and personal information regarding a report of sexual assault. The Exhibit was used by Plaintiffs only to illustrate a discovery dispute and was not used in connection with the merits of this litigation. *See* ECF 2797. Based on Plaintiffs' arguments alone, the Exhibit should be maintained under seal. Defendants fully support Plaintiffs' motion and submit additional reasons below why the Exhibit should be sealed or, at a minimum, redacted.

### B. Failing to Seal the Documents Would Harm Uber and Third Parties

Exhibit 1 contains PII and information revealing Uber's confidential and proprietary business systems and procedures.

Personally Identifiable Information:

Exhibit 1 should be sealed because it contains the PII of a Plaintiff as well as Uber and law enforcement.

First, as explained in Plaintiffs' Motion, ECF 2797, Exhibit 1 should be sealed because it contains identifying information about a Plaintiff, including the Plaintiffs' name, specific statements and information about the reported incident of sexual assault, locations near the Plaintiff's residence, and information regarding medical and law enforcement interventions. The disclosure of this sensitive and personal information could result in privacy harms and could cause "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c). Courts in this Circuit have found that a party's legitimate interest in ensuring the privacy of personal information and medical information outweighs the public's interest in access to court filings and have sealed accordingly. *Richter v. Oracle Am., Inc.*, 2003 WL 5663217, at * 2 (N.D. Cal. Aug. 30, 2023). At a minimum, all such information should be redacted.

Second, Exhibit 1 should be sealed because it contains internal, non-public Uber email addresses and the phone number of the detective to whom the Plaintiff filed her complaint. This Court

has allowed sealing of internal Uber email addresses in the past and should do so again, as publicly disclosing such addresses could pose cyber security risks as well as spam messages that waste time and distract from work critical to Uber's business operations. Likewise, the detective's phone number poses similar risks and does not appear to be a publicly available phone number. *See* Cummings Decl. ¶¶ 3. "Courts in this circuit routinely seal email addresses and other personal identifying information under the [more stringent] compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones,* 2023 WL 7434197, at *2; *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"). Accordingly, Exhibit 1 should be sealed in its entirety, or at minimum, redacted to exclude such personally identifiable information.

<u>Proprietary Information on Uber's Internal Systems and Procedures:</u>

The Court should also seal Exhibit 1 to protect Defendants' proprietary internal tooling and business and technological know-how, as well as because of the cybersecurity risk posed by the public disclosure of internal links to Uber's internal systems and databases.

First, Exhibit 1 should be sealed because it contains links to Uber's internal Voyager, Bliss, JIRA, Investigations, and Safety Lens systems in relation to the alleged current and prior incidents related to this Driver. Disclosure of a link to Uber's internal systems on the public docket poses a risk of a cybersecurity risk, and the risk of disclosure of highly sensitive information contained in the linked incident report in the event of a security breach. *See, e.g.*, *Calhoun*, 2022 WL at 1122843, at *1 (granting requests to redact various types of information that "may also place Google at an increased risk of cybersecurity threats"); *see also Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.

In addition, Exhibit 1 should be sealed because it includes proprietary information that Defendants have spent years developing. Specifically, Exhibit 1 contains information about the data inputs Defendants use to classify incidents and discloses Uber's procedures for handling incident reports. Defendants have expended significant time, resources, and money in the development of its internal systems and procedures and does not disclose this type of internal information. Disclosure of

6

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 2797]

Case No. 3:23-MD-3084-CRB

1  this internal document could allow competitors to copy the data management systems or procedures
2  Uber has developed at its own time and expense. *See* Cummings Decl. ¶¶ 4-5.

3  Courts in this Circuit often seal confidential business information under the good cause
4  standard. *See, e.g.*, *Epidemic Sounds, AB*, 2025 WL 345923, at *2 (sealing "information about the
5  parties' business operations and negotiations" based on the potential risk "disclosure could
6  disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard
7  Investigations*, 2024 WL 4853055, at *2 ("Non-public information regarding a party's business
8  operations is typically subject to sealing"); *Jones*, 2023 WL 3570000, at *2 (sealing document that
9  reflected "reflects public relations strategy"); *Jones*, 2023 WL 2232094, at *3 (sealing "details about
10 the [business's] operations and business relationships with other [businesses]" based on potential risk
11 of "competitive harm to the [business] and damage [to] its business relationships").

12 In the event the Court did not agree to seal Exhibit 1 in full (and it should), it should
13 nevertheless permit redactions of those portions of the Exhibit that contain this confidential and
14 proprietary information.

15 **B.     Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

16 No less restrictive alternative to sealing the documents at issue is sufficient. The Exhibit
17 consists in its entirety or near-entirety of information that should be sealed for the reasons set forth in
18 Plaintiffs' Motion and set forth above. Actions short of sealing Exhibit 1 would not protect Plaintiff's
19 privacy interests, the legitimate privacy interests of Uber employees and third parties, nor Uber's
20 competitive standing. *See* Cummings Decl. ¶¶ 2-5.

21 At a minimum, the following information identified in Plaintiffs' Motion and herein should be
22 redacted:

23 • The reporting party's name;
24 • The details of the reported incident;
25 • All email addresses contained in the incident report;
26 • All phone numbers contained in the incident report;
27 • All links contained in the incident report;

28

7

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 2797]

Case No. 3:23-MD-3084-CRB

- Data fields and classifications used in the incident report; and
- Information that would disclose Uber's internal procedures for handling incident reports.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the Exhibit 1 be filed under seal, or in the alternative, order the redaction of the materials identified in Plaintiffs' Motion and this Statement in support of Plaintiffs' Motion.

DATED: April 21, 2025                                  Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
    ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
    jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON**
    **& GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300

Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 2797]

Case No. 3:23-MD-3084-CRB