LAURA VARTAIN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
    allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO SEAL [ECF No. 2797]**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

**DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings, having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Defendants" or "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I respectfully submit this declaration in support of Uber's Statement in Support of Plaintiffs' Administrative Motion to Seal, ECF No. 2797 ("Uber's Statement").

2. I have reviewed Exhibit 1 to Discovery Letter Brief Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets, filed under seal on April 17, 2025 (ECF 2797-2). Exhibit 1 is a JIRA incident report which includes detailed information concerning a reported sexual assault involving a Plaintiff in this litigation, including the Plaintiffs' name and incident details.

3. Exhibit 1 contains the Personally Identifiable Information ("PII") of a Plaintiff, an Uber employee group, and law enforcement. In particular, Exhibit 1 contains an email address for Uber's Global Safety Ticket Auditing Admin Group and another internal component email address, which on information and belief, are not a publicly available email address. Publicly disclosing these email addresses could pose cyber security risks as well as spam messages that waste time and distract from work critical to Uber's business operations. Exhibit 1 also contains a phone number for a detective at a police department, which on information and belief, is not a publicly available telephone number.

4. Exhibit 1 also contains internal links to Uber's proprietary internal tooling and business and technological know-how, as well as internal links to Uber's proprietary internal systems. Specifically, it contains links to Uber's internal Voyager, Bliss, JIRA, Investigations, and Safety Lens systems in relation to the reported and prior incidents related to this Driver. Disclosure of a link to Uber's internal systems on the public docket poses a risk of a cybersecurity risk, and the risk of disclosure of highly sensitive information contained in the linked incident report in the event of a security breach. Exhibit 1 also includes proprietary information that Defendants have spent years

developing. Specifically, it contains information about the data inputs Defendants use to classify incidents and procedures for handling incident reports. Defendants have expended significant time, resources, and money in the development of its internal systems and procedures and does not disclose this type of internal information. Disclosure of this internal document could allow competitors to copy the data management systems or procedures Uber has developed at its own time and expense.

5. The disclosure of the Exhibit 1 could harm Plaintiff's, Uber's, and law enforcement's legitimate privacy interests as well as Uber's competitive standing. Uber has expended significant resources developing its internal tooling systems and procedures, and disclosure of this Exhibit risks harm to Uber through its competitors utilizing the information and copying processes. No less restrictive alternative to sealing this Exhibit would protect Uber's competitive standing and legitimate privacy interests of Plaintiff, Uber employees, and third parties. The Exhibit consists in its entirety or near-entirety of information that should be sealed for the reasons set forth in Plaintiffs' Motion and in Defendants' statement in support of Plaintiffs' Motion. Actions short of sealing Exhibit 1 would not protect Plaintiff's privacy interests, the legitimate privacy interests of Uber employees and third parties, nor Uber's competitive standing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on April 21, 2025.          By: */s/ Daniel Cummings*

                                            Daniel Cummings