UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RESOLVING JOINT LETTER REGARDING SAFETY LENS PAGES**<br><br>Re: Dkt. No. 2796 |

The Court has reviewed the parties' Joint Letter regarding production of Safety Lens pages. Dkt. No. 2796. The Defendant Fact Sheet ordered by Pretrial Order No. 10 requires "production of all *information* attached *or linked* to the Ticket" for a given incident. Dkt. No. 348-2 at 3 (emphasis added). Uber does not dispute that at least some of the tickets at issue link to Safety Lens pages, and its argument that the Safety Lens pages are somehow not "information"— or not "stored" information—subject to production is not persuasive. That information is discoverable pursuant to Pretrial Order No. 10.

Uber also argue that production of Safety Lens pages is unreasonably cumulative and burdensome. The degree of potential overlap with the information already produced is not unreasonable in relation to the relevance and importance of the information to the claims at hand. The Safety Lens compiles for each Uber driver safety incident(s) reported across various categories, including non-sexual incidents, and relays these data points along other information that may bear on Uber's ability to gauge the risks of sexual misconduct posed by the particular driver. With regard to burden, Uber contends that this information is not readily exportable in the form that it is ordinarily maintained, and must be produced by manually created screenshots. Rule 34(b)(E) contemplates that ESI will sometimes be produced in forms other than the form in which it is ordinarily maintained, such that the ESI is reasonably usable by the litigants in the case. Fed.

R. Civ. P. 34(b)(E)(ii). As the Advisory Committee explained:

> Some electronically stored information may be ordinarily maintained in a form that is not reasonably usable by any party. One example is 'legacy' data that can be used only by superseded systems. The questions whether a producing party should be required to convert such information to a more usable form, or should be required to produce it at all, should be addressed under Rule 26(b)(2)(B).

Fed. R. Civ. P. 34 advisory committee's note to 2006 amendment, addressing subdivision (b).

As each individual plaintiff reasonably seeks to have relevant information concerning the driver at issue's safety-related conduct, and the burden of capturing a screenshot of a single additional web interface page per ticket is limited, the record does not warrant curtailing the scope of discovery allowed pursuant to Pretrial Order No. 10. To the extent that the tickets at issue link to Safety Lens pages, Uber is ORDERED to produce Safety Lens screenshots for bellwether cases no later than April 25, 2025, and for all other cases no later than June 16, 2025 (or by the Defendant Fact Sheet deadline, for new cases where that deadline falls later than June 16, 2025).

The Court does not understand Plaintiffs' present arguments as seeking production of other incident tickets linked *from* the Safety Lens page to the extent those tickets would not otherwise be required to be produced.

**IT IS SO ORDERED.**

Dated: April 22, 2025

LISA J. CISNEROS
United States Magistrate Judge