# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California
# CIVIL MINUTES

| **Date:** April 24, 2025 | **Time:** 8:35 a.m.-9:17 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana and Elizabeth Wilkins, Chaffin Luhana LLP; Sarah, London, Lieff Cabraser Heimann & Bernstein LLP; Rachel Abrams, Peiffer Wolf Carr Kane Conway & Wise, LLP; Layne Hilton, Meyer Wilson, Co., LPA, counsel for Plaintiffs.

**For Defendants:** Michael Shortnacy, Jeremy Wikler, Veronica Gromada, Alycia Degen, Kathleen Frazier and Christopher Cotton, Shook, Hardy & Bacon L.L.P.; Jessica Davidson, Kirkland & Ellis LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims            **Reported by:** Marla Knox

## PROCEEDINGS

Discovery Status Conference held. The Court held and instructed the parties as follows:

The parties shall attempt to reach an agreement regarding 30(b)(6) depositions by May 2, 2025. The parties shall raise any remaining dispute on that issue no later than May 8. The parties may stipulate to increase the page limit for that submission to no more than ten pages.

The merits of privilege clawback disputes are a matter to be addressed to Special Master Jones. But as a general matter, Uber has waived the right to claw back documents that it originally designated as privileged and then de-designated as part of the privilege dispute resolution process overseen by Judge Cisneros. Whether that principle applies to documents de-designated after privilege issues were referred to Judge Jones is a question for Judge Jones. The timing of any clawback disputes to be raised to Judge Jones is also a question for Judge Jones to decide.

The parties shall submit a PTO 8 letter no later than May 1, 2025 presenting their dispute regarding safety report incident data.

The Court declines to address scheduling Plaintiffs' depositions until Judge Breyer resolves the pending dispute regarding bellwether waves. The parties should be prepared to take depositions of the Wave 1 plaintiffs very quickly.

The Court is not inclined to deviate from the PTO 10 process for disputes regarding the

sufficiency of Plaintiff Fact Sheets. The Court noted that if particular plaintiffs' counsel were using that process to obtain de facto extensions of the deadline to provide fact sheets, that would be a violation of PTO 10 and potentially sanctionable.

The Court is willing to start the deposition of Dara Khosrowshahi early in the morning (Pacific Time) to account for the fact that it will take place in New York. The Court's law clerk will also observe the depositions that the Court is supervising. Defense counsel will coordinate with the Courtroom Deputy to arrange for the Court's remote access to those depositions.

The Court noted the issues of TAR validation and record release authorizations addressed in the parties' status report, which do not present any disputes as ripe for resolution. The Court also noted the pending bellwether deposition protocol disputes referred by Judge Breyer, which the Court will resolve in due course.