LAURA VARTAIN (SBN: 258485)
  laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
  allison.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
  jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[Additional Counsel Listed on Signature Page]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

# DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS

Pursuant to Civil Local Rules 79-5(c) and (f)(3), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, dated April 17, 2025, ECF 2798 ("Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns the Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets and exhibits thereto (sealed and unredacted filings at ECF 2798-2 through 2798-4; public filings at ECF 2796, 2796-2 through 2796-4) ("Letter Brief"). Because Exhibit 1 to the Letter Brief was the subject of a separate motion to seal by Plaintiffs (ECF 2797), to which Uber responded separately in support (ECF 2822), that exhibit will not be addressed here:

| Document | Description | Designating Party |
|---|---|---|
| Narrow Redactions to Joint Letter Brief Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheet (ECF 2798-2, 2796) | Portions describing confidential details of Uber's proprietary Safety Lens user interface system | Uber |
| Narrow Redactions to Joint Letter Brief Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheet (ECF 2798-2, 2796) | Portions describing confidential details of Uber's proprietary Safety Lens user interface system | Uber |
| Exhibit 2 to Letter Brief (ECF 2798-4, 2796-3) | Exemplar of summary page in Uber's proprietary Safety Lens user interface system, produced by Uber as confidential and bates stamped number UBER-MDL3084-00084720 | Uber |

The redacted material and exhibit at issue here should be maintained under seal because they contain confidential information about Defendants' confidential and proprietary Safety Lens system.

1  Defendants therefore submit this statement requesting that the Court seal under Local Rule 79-5(f)(3)
2  for the reasons set forth below.

3  **II.     LEGAL STANDARD**

4  Documents which do not relate directly to the merits of a case are properly sealed when a
5  moving party makes "a particularized showing under the good cause standard of Rule 26(c)."
6  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations
7  and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02
8  (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when sealing
9  is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue
10 burden or expense."  Fed. R. Civ. P. 26(c).

11 The documents here are related to briefing on a discovery motion regarding the production of
12 Safety Lens Snapshots in Defendants' Fact Sheets; they are not related to a dispositive motion.  *See*
13 *United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL
14 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020).
15 Therefore, the good cause standard applies.  Discovery motion materials "are actually one step further
16 removed in public concern from the trial process than the discovery materials themselves."  *Selugh*,
17 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties and public
18 disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

19 The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of
20 modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no
21 tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims
22 of access would be incongruous with the goals of the discovery process."  *Ctr. for Auto Safety*, 809
23 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and
24 *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)).  The diminished public interest in disclosure
25 is particularly true for exemplary exhibits (like Exhibit 2 here) to a letter brief on a nondispositive
26 discovery matter.  *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206,
27 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless
28

3
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER
WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]
Case No. 3:23-MD-3084-CRB

1  simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed
2  with the court.").

Courts, including this Court, regularly seal confidential internal business policies under the good cause standard. *See* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *see also, e.g. Adtrader, Inc.*, 2020 WL 6387381, at *2 (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document "detailing Target's internal policies and procedures for guest incidents"). Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Information about internal systems and operations can place a company "at an increased risk of cybersecurity threats, as third parties may seek to use the information to compromise [the company's] systems." *Id.* at *2. Likewise, confidential business information can be sealed under the good cause standard. *See, e.g.*, *Epidemic Sounds, AB v. Meta Platforms, Inc.*, 2025 WL 345923, at *2 (N.D. Cal. Jan. 30, 2025) (sealing "information about the parties' business operations and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard Investigations v. E. & J. Gallo Winery*, 2024 WL 4853055, at *2 (E.D. Cal. Nov. 21, 2024) ("Non-public information regarding a party's business operations is typically subject to sealing"); *Jones v. PGA Tour, Inc.*, 2023 WL 3570000, at *2 (N.D. Cal. May 18, 2023) (sealing document that reflected "reflects public relations strategy"); *Jones v. PGA Tour, Inc.*, 2023 WL 2232094, at *3 (N.D. Cal. Feb. 23, 2023) (sealing "details about the [business's] operations and business relationships with other [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its business relationships").

### III.   UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The redacted material and exhibit at issue relates to Uber's proprietary Safety Lens system and procedures for storing, organizing, linking, and cataloging data, reports, and other information related

1  to independent drivers and riders on the Uber platform. This technological and procedural know-how
2  was developed by Uber through years of work, experience, and investment. Public disclosure of this
3  information—contained in a discovery dispute that is entirely unrelated to the merits of this
4  litigation—poses a real risk of competitive harm to Uber and should therefore be maintained under
5  seal.

### A. Failing to Seal the Documents Would Harm Uber and Third Parties

<u>Joint Letter Brief Redactions</u>

The redactions to the Letter Brief are very narrow and targeted—about 6 lines of text in total (ECF 2798-2, 2796). They consist of descriptions of the categories of app user data and information collected in Uber's Safety Lens interface.

As Uber Senior Manager, Safety and Core Services Legal, Alejandra O'Connor explained, based on her personal knowledge, in her declaration (ECF 2796-4): "'Safety Lens' is a proprietary, limited-access internal web-based user interface ('UI') that provides Uber safety agents with certain information about … individuals with an Uber account." *Id.* ¶ 5. The limited redactions explain the nature of this technology and its layout and functions, and detail the categories of data contained therein. Defendants have expended significant time, resources, and money in the development of its internal systems and procedures and does not disclose this type of internal information. Disclosure of this internal document could allow competitors to copy the data management systems Uber has developed at its own time and expense. Given the very limited legitimate public interest in disclosure of these details of Uber's business system, these redactions should be maintained under seal under the good cause standard. *See* Cummings Decl. ¶ 2; *see also, e.g.*, *Epidemic Sounds, AB*, 2025 WL 345923, at *2 (sealing "information about the parties' business operations and negotiations" based on the potential risk "disclosure could disadvantage the parties in negotiations and provide an advantage to their competitors"); *Vineyard Investigations*, 2024 WL 4853055, at *2 ("Non-public information regarding a party's business operations is typically subject to sealing"); *Jones*, 2023 WL 3570000, at *2 (sealing document that reflected "reflects public relations strategy"); *Jones*, 2023 WL 2232094, at *3 (sealing "details about the [business's] operations and business relationships with other

5
DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]
Case No. 3:23-MD-3084-CRB

1  [businesses]" based on potential risk of "competitive harm to the [business] and damage [to] its
2  business relationships").

### O'Connor Declaration Redactions

The redactions to the declaration of Alejandra O'Connor are likewise very narrow (ECF 2798-3, 2796-4). They similarly disclose the categories of data collected and linked in the Safety Lens interface to facilitate the effective and efficient operation of Uber's business.

Even separate and apart from the information contained or linked in Safety Lens, Uber's proprietary system and its selection of data to present to its safety agents facilitates its business and safety operations and could be copied by competitors. Given the very limited legitimate public interest in disclosure of these details of Uber's business system and Uber's legitimate interest in protecting its proprietary systems it has developed at its expense, these redactions should be maintained under seal under the good cause standard. *See* Cummings Decl. ¶ 3; *see also, e.g.*, *Epidemic Sounds, AB*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL 3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

### Exhibit 2 to the Letter Brief

This exhibit is an example of a summary page in the Safety Lens interface that was attached to a customer support ticket and produced by Defendants as part of its DFS productions (ECF 2798-4, 2796-3).

Beyond merely describing Uber's proprietary Safety Lens system, the disclosure of this exhibit would give competitors a direct look at it. As noted above, this is "a proprietary, limited-access internal web-based user interface ('UI')" specifically designed to provide Uber safety agents certain information (and not other, unnecessary information) regarding app users, *see* O'Connor Decl. ¶ 5, so the agents can quickly and efficiently have pertinent information at their fingertips to address safety issues. This system is tailored to that purpose and publicly disclosing it could enable competitors to copy the fruit of Uber's labor and investment, or portions of it.[1] Under the applicable good cause

---

[1] Exhibit 2 also contains four small redactions of Personally Identifiable Information ("PII") which were previously redacted in discovery. As such, Defendants have produced this document to Plaintiffs with these four redactions and therefore these redactions are not at issue here.

1  standard, Exhibit 2 should be sealed. *See Se* Cummings Decl. ¶ 4; *see also., e.g.*, *Epidemic Sounds,
2  AB*, 2025 WL 345923, at *2; *Vineyard Investigations*, 2024 WL 4853055, at *2; *Jones*, 2023 WL
3  3570000, at *2; *Jones*, 2023 WL 2232094, at *3.

### B. Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

No less restrictive alternative to sealing the documents at issue is sufficient. The letter brief and O'Connor declaration have already been narrowly redacted and Uber does not seek to seal them in full. Exhibit 2 is a Safety Lens summary page—the redactions necessary to protect Uber's legitimate interests would leave nothing of value unredacted. Actions short of sealing these documents would not protect Uber's competitive standing. *See* Cummings Decl. ¶¶ 2-4.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the unredacted versions of the :Letter Brief and the O'Connor declaration and the entirety of Exhibit 2, be maintained under seal.

DATED: April 24, 2025

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Daniel Cummings*
      DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com

**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

LAURA VARTAIN (SBN: 258485)
 laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
 allison.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
 jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue New York, NY 10022
Telephone: (212) 446-4723

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC