| | |
|---|---|
| 1 | LAURA VARTAIN (SBN: 258485) |
| |    laura.vartain@kirkland.com |
| 2 | **KIRKLAND & ELLIS LLP** |
| | 555 California Street, 30th Floor |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 439-1625 |
| 4 | |
| 5 | ALLISON M. BROWN (Admitted *Pro Hac Vice*) |
| |    allison.brown@kirkland.com |
| 6 | JESSICA DAVIDSON (Admitted *Pro Hac Vice*) |
| |    jessica.davidson@kirkland.com |
| 7 | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue New York, NY 10022 |
| 8 | Telephone: (212) 446-4723 |

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

## **DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber" or "Defendants"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Material Should be Sealed, filed April 17, 2025, ECF 2798

2. I have reviewed the unredacted Joint Letter Regarding Defendants' Production of Safety Lens Snapshots in Defendant Fact Sheets ("Letter Brief"), filed April 17, 2025, ECF 2798-2, 2796. The redactions to the Letter Brief are very narrow and targeted—about 6 lines of text in total. They consist of descriptions of the categories of app user data and information collected in Uber's Safety Lens interface. The limited redactions explain the nature of this technology and its layout and functions, and detail the categories of data contained therein. Defendants have expended significant time, resources, and money in the development of its internal systems and procedures and does not disclose this type of internal information. Disclosure of this internal document could allow competitors to copy the data management systems Uber has developed at its own time and expense. Given the very limited legitimate public interest in disclosure of these details of Uber's business system, these redactions should be maintained under seal under the good cause standard.

3. I have reviewed the unredacted declaration of Alejandra O'Connor, ECF 2798-3, 2796-4). The redactions to the declaration of Alejandra O'Connor are likewise very narrow. They similarly disclose the categories of data collected and linked in the Safety Lens interface to facilitate the effective and efficient operation of Uber's business. Even separate and apart from the information contained or linked in Safety Lens, Uber's proprietary system and its selection of data to present to its safety agents facilitates its business and safety operations and could be copied by competitors. Given

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]                                        Case No. 3:23-MD-3084-CRB

1  the very limited legitimate public interest in disclosure of these details of Uber's business system and
2  Uber's legitimate interest in protecting its proprietary systems it has developed at its expense, these
3  redactions should be maintained under seal under the good cause standard.

4      4.    I have reviewed Exhibit 2 to the Letter Brief, ECF 2798-4, 2796-3. This exhibit is an
5  example of a summary page in the Safety Lens interface that was attached to a customer support ticket
6  and produced by Defendants as part of its DFS productions. Beyond merely describing Uber's
7  proprietary Safety Lens system, the disclosure of this exhibit would give competitors a direct look at
8  it. This system is tailored to that purpose and publicly disclosing it could enable competitors to copy
9  the fruit of Uber's labor and investment, or portions of it. Under the applicable good cause standard,
10 Exhibit 2 should be sealed.

12     I declare under penalty of perjury that the foregoing is true and correct.

14 Executed on April 24, 2025.        By: */s/ Daniel Cummings*
15                               Daniel Cummings

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [ECF NO. 2798]    Case No. 3:23-MD-3084-CRB