LAURA VARTAIN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625
ALLISON M. BROWN (admitted *Pro Hac Vice*)
allison.brown@kirkland.com
JESSICA DAVIDSON (admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com

Allison M. Brown (admitted *Pro Hac Vice*)
allison.brown@kirkland.com
Jessica Davidson (admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC
 [Additional Counsel Listed on Following Pages]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC'S BRIEF IN SUPPORT OF UBER'S PRIVILEGE CLAIMS CHALLENGED BY PLAINTIFFS FOR THE DARA KHOSROWSHAHI CUSTODIAL FILE – PURSUANT TO SPECIAL MASTER ORDER NO. 3 (DKT. 2472)** |

Pursuant to Special Master Order No. 3, I (4) (Dkt. 2472), Defendants submit this brief in support of their position on the remaining privilege challenges for custodian Dara Khosrowshahi. On March 25, 2025, Plaintiffs challenged 2 documents within this custodial file. On April 17, 2025, Plaintiffs challenged an additional 2 documents within this custodial file from privilege logs served after March 24, 2025, bringing the total number of challenged documents to 4. Through conferrals,

1  the parties have narrowed their dispute to 1 challenge. This challenge is now submitted for the Special
2  Master's review.
3       With respect to the document identified in the Privilege Log as
4  JCCP_MDL_PRIVLOG074134[1], on April 24, 2025, Defendants provided notice to the Special Master
5  and Plaintiffs that they intended to clawback this document in whole due to privilege. Defendants have
6  now made available two additional documents and, with permission, provided additional support for
7  Defendants' privilege claims as to JCCP_MDL_PRIVLOG074134 on an *ex parte* basis. Document
8  JCCP_MDL_PRIVLOG074134 is a presentation that was created by Uber's legal department for the
9  purposes of advising the Uber Safety leadership team on legal issues regarding the Independent
10 Contractor ("IC") model in the European Union. This presentation was created by the Uber legal team
11 for the purposes of rendering legal advice on the Independent Contracting model, and accordingly
12 should be clawed back and withheld entirely as privileged. *See* Special Master's Ruling on Obj. (Apr.
13 11, 2025) (quoting *Costco v. Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009) ("If 'the
14 communications were made during the course of an attorney-client relationship'—as opposed to a
15 relationship with some other 'dominant purpose'—then 'the communications, including any reports
16 of factual material, would be privileged, even though the factual material might be discoverable by
17 some other means.'"). The dominant purpose of the relationship between in-house counsel and the
18 safety team was attorney-client, rendering the challenged document privileged. *See* Special Master's
19 Ruling on Obj. (Apr. 11, 2025) (quoting *McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1015
20 (S.D. Cal. 2014) ("If the dominant purpose of the relationship was attorney-client at the time of the
21 communications, they are privileged.")).
22 ///
23 ///
24 ///
25
26 ---
27 [1] This document was also produced in the Akamine custodial file as JCCP_MDL_PRIVLOG082684. On April 24, 2025, Defendants notified the Special Master and Plaintiffs that it intended to clawback this document.
28

2

1  Defendants incorporate by reference the legal standard and arguments set forth in their prior
2  briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As explained more fully in the prior briefs, the
3  applicable legal standard, and the factual material previously provided to the Special Master,[2] when
4  reviewed in conjunction with the challenged document and the associated metadata fields, support
5  Uber's privilege and work product assertions.

DATED: April 25, 2025                        Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY (SBN 277035)
    E: mshortnacy@shb.com
    ALYCIA A. DEGEN (SBN 211350)
    E: adegen@shb.com
    **SHOOK, HARDY & BACON L.L.P.**
    2049 Century Park East, Ste. 300
    Los Angeles, CA  90067
    T: 424-285-8330 – F: 424-204-9093

    PATRICK OOT (admitted *Pro Hac Vice*)
    oot@shb.com
    **SHOOK, HARDY & BACON L.L.P.**
    1800 K St. NW, Ste. 100
    Washington, DC 20006
    T: 202-783-8400 – F: 202-783-4211

    LAURA VARTAIN
    ALLISON M. BROWN
    JESSICA DAVIDSON
    **KIRKLAND & ELLIS LLP**

    SABRINA STRONG
    JONATHAN SCHNELLER
    **O'MELVENY AND MYERS LLP**

    *Attorneys for Defendants*
    UBER TECHNOLOGIES, INC., RASIER, LLC,
    And RASIER-CA, LLC

---

[2] As requested by the Special Master, Uber has provided (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log.  Defense counsel will also be available for any questions the Special Master may have during the review process.

**CERTIFICATE OF SERVICE**

I hereby certify that on April 25, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

                                                               */s/ Michael B. Shortnacy*
                                                               Michael B. Shortnacy