# EXHIBIT A

*Confidential | Attorney Work Product | Attorney-Client Privilege*



April 28, 2025

Kathleen Frazier

JPMorgan Chase Tower
600 Travis Street, Suite 3400
Houston, TX 77002
**t**: (713) 546-5611
**f**: (713) 227-9508
kfrazier@shb.com

**VIA CERTIFIED AND ELECTRONIC MAIL**

**Re:**     **MDL 3084 – Order re Withdrawal of Counsel in
Case No. 3:25-cv-01043-CRB**

Dear J.T.:

      We write on behalf of our client, Uber Technologies Inc. ("Uber"), regarding *CLF J.T. v. Uber, Inc.*, Case No. 3:25-cv-01043-CRB, which you filed in *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB ("the MDL"). On April 18, 2025, Clarkson Law Firm, P.C. moved to withdraw its representation of you on the grounds that it has been "unable to successfully contact [you] for multiple months, making it unreasonably difficult to represent [you]." *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB, ECF 2815 at 1–2 (Exhibit 1). On April 21, 2025, the Court granted that motion. *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation*, 3:23-md-03084-CRB, ECF 2817 at 1 (Exhibit 2). It is our understanding that you have not found replacement counsel and are no longer represented by an attorney. If that understanding is incorrect, please provide this communication to your attorney, and have your attorney contact us via the information provided above or below as soon as possible.

      The Court's Order states that "Within 28 days of this order, the plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If the plaintiff does not file that notice, the Court will dismiss their case without prejudice." Exhibit 2 at 1. The Court also ordered Uber's counsel to "provide a copy of this order to the plaintiff[]." *Id.* The Court's Order is attached to this correspondence as Exhibit 2. Per this Order, you must "file a notice indicating whether [you] intend to pursue the action with new counsel or representing [yourself]" within 28 days of April 21, 2025 (*i.e.*, by Monday, May 19, 2025) or else "the Court will dismiss [your] case without prejudice." *Id.*

*Confidential | Attorney Work Product | Attorney-Client Privilege*



April 28, 2025
Page 2

    We ask that you please email us confirmation of your receipt of this letter, via email to mshortnacy@shb.com, jjtaylor@shb.com, and kfrazier@shb.com at your earliest opportunity. If you would like to discuss the letter's contents further, please let us know, and we would be happy to organize a meet and confer.

Sincerely,

Shook, Hardy & Bacon LLP

By: /s/Kathleen Frazier
    Kathleen Frazier

# EXHIBIT 1

1  TRACEY B. COWAN (Cal Bar No. 250053)
   **CLARKSON LAW FIRM, P.C.**
2  95 3rd Street, 2nd Floor
   San Francisco, CA 94103
3  Telephone: (213) 788-4050
   Email: tcowan@clarksonlawfirm.com
4
5  RYAN J. CLARKSON (Cal Bar No. 257074)
   OLIVIA E. DAVIS (Cal Bar No. 353041)
6  **CLARKSON LAW FIRM, P.C.**
   22525 Pacific Coast Highway
7  Malibu, CA 90265
   Telephone: (213) 788-4050
8  Email: rclarkson@clarksonlawfirm.com
   Email: odavis@clarksonlawfirm.com
9
   *Counsel for Plaintiff*
10

11            **UNITED STATES DISTRICT COURT**

12          **NORTHERN DISTRICT OF CALIFORNIA**

13              **SAN FRANCISCO DIVISION**

14  IN RE: UBER TECHNOLOGIES, INC.      **MDL No. 3084 CRB**
15  PASSENGER SEXUAL ASSAULT            Hon. Charles R. Breyer
    LITIGATION
16  _____        **NOTICE OF MOTION AND**
                                        **MOTION TO WITHDRAW AS**
17                                      **COUNSEL OF RECORD;**
18  This Document Relates to:           **SUPPORTING MEMORANDUM**
19  *CLF J.T. v. Uber Technologies, Inc., et al.*   Date: June 6, 2025
20  Case No. 3:25-cv-1043-CRB          Time: 10:00 am
                                        Courtroom 6
21  _____

22      TO ALL PARTIES: **PLEASE TAKE NOTICE** that on June 6, 2025 at 10:00 a.m., or as

23  soon thereafter as the matter may be heard before the Honorable Charles R. Breyer, Judge of the

24  Unites States District Court, located at 450 Golden Gate Avenue, Courtroom 6, 17th Floor, San

25  Francisco, California 94102, plaintiff's counsel, Tracey B. Cowan and Clarkson Law Firm, P.C.,

26  will move the Court for leave to withdraw from representation of CLF J.T. ("Plaintiff" or "J.T."),

27  Plaintiff herein.

28      This motion is made on the grounds that Plaintiff's counsel has been unable to successfully

NOTICE OF MOTION & MOTION                    CASE NO. _3:25-cv-01043-CRB_____
TO WITHDRAW AS COUNSEL

contact Plaintiff J.T. for multiple months, making it unreasonably difficult to represent her.

This motion is based on this notice, the following memorandum of points and authorities, and the declarations filed in support thereof, and on such other evidence as may be adduced.

Dated: April 18, 2025

Respectfully submitted,

By: */s/ Tracey B. Cowan*
TRACEY B. COWAN (Cal Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd Street, 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

RYAN J. CLARKSON (Cal Bar No. 257074)
OLIVIA E. DAVIS (Cal Bar No. 353041)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

*Counsel for Plaintiff*

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW**

A client's repeated failure to communicate with counsel in not responding to phone calls and written communication is sufficient to be considered conduct making it unreasonably difficult for counsel to carry out the litigation. *Beard v. Shuttermart of Cal., Inc.*, No. 07CV594WQH (NLS), 2008 U.S. Dist. LEXIS 10575 (S.D. Cal. Feb. 13, 2008); *Navarro v. Costco Wholesale Corp.*, No. 22cv1105-LL-AGS, 2023 U.S. Dist. LEXIS 19958 (S.D. Cal. Feb. 6, 2023).

Plaintiff J.T. signed a retainer agreement with Plaintiff's firm on October 24, 2024. (Declaration of Tracey Cowan ("Cowan Decl."), ¶ 2) A material term of that contract was that Plaintiff maintain updated contact information at all times. (*Id.*) The contract also specified that if Plaintiff failed to uphold her contractual obligations, Plaintiff's firm would have grounds to withdraw as counsel. (*Id.*) Despite this agreement, for over two months, Plaintiff's counsel has been unable to contact Plaintiff J.T. despite repeated attempts to reach her. (*Id.* ¶¶ 3, 5-9.) Plaintiff's counsel has not been able to reach Plaintiff at the phone number she provided (*Id.* ¶ 3.) Plaintiff has also not responded to multiple letters sent to her physical addresses and has not responded to emails that have been sent to the email address she provided. (*Id.*)

Plaintiff's counsel made multiple attempts to contact Plaintiff J.T. in advance of the court-ordered deadline that Plaintiff produce a Plaintiff Fact Sheet ("PFS"). (*Id.* ¶ 5.) All of Plaintiff's counsel's attempts via phone call, text message, and email have been unsuccessful. (*Id.* ¶¶ 5-6.) In attempt to comply with the PFS deadline, Plaintiff's counsel requested multiple emails from defense counsel. (*Id.* ¶ 6.) On March 24, 2025, defense counsel granted a final two-week extension, extending Plaintiff's PFS deadline to April 7, 2025. (*Id.*)

Plaintiff's counsel sent a letter to Plaintiff J.T. via certified mail on March 18, 2025, to the physical address in Pueblo, Colorado provided by Plaintiff. (*Id.* ¶ 7.) Though it was confirmed that this letter was delivered to the address, it went unanswered. (*Id.*) This letter stated that if Plaintiff was unable to communicate with Plaintiff's counsel, counsel would no longer be able to represent her in this litigation. (*Id.*) This letter reiterated Plaintiff's duty to communicate, as was stated in the representation agreement she signed. (*Id.*)

On April 2, 2025, having still not heard from Plaintiff, Plaintiff's counsel hired

1    Nationwide Service of Process to personally serve Plaintiff another letter at her address in Pueblo,

2    Colorado. (*Id.* ¶ 8.) On April 3, 2025, the process service attempted service at Plaintiff J.T.'s

3    address. (*Id.*) Plaintiff J.T. was not home, but her aunt was. (*Id.*) Plaintiff J.T.'s aunt explained

4    that Plaintiff was "in jail or prison" and that she had no contact with her. (*Id.*) The process server

5    located Plaintiff J.T. on the Department of Corrections website, and it showed she may have been

6    in the El Paso County Jail Backlog. (*Id.*) Plaintiff's incarceration has completely inhibited

7    Plaintiff from communicating with her counsel. (*Id.* ¶ 9.)

8          Plaintiff's J.T.'s inability or refusal to communicate has prevented her counsel from

9    collecting information required by court-ordered deadlines. (*Id.* ¶ 10.)   As referenced above,

10   Plaintiff's counsel was unable to speak with Plaintiff and gain additional information regarding

11   her claims prior to the court-mandated deadline to submit her Plaintiff Fact Sheet, pursuant to

12   PTO 10, by April 7, 2025—a deadline that had already been extended by defense counsel multiple

13   times to allow Plaintiff's counsel additional time to reach Plaintiff J.T. The PFS requires

14   information counsel does not currently have and further requires Plaintiff provide responses in

15   her own words. (*Id.*) Plaintiff's counsel thus cannot complete and submit Plaintiff's PFS without

16   communicating with Plaintiff. (*Id.*) Plaintiff's counsel informed Plaintiff, via email and in the

17   multiple hard-copy letters mentioned above, of the importance of responding, specifically because

18   of the relevant court-mandated deadlines. (*Id.*)

19         Plaintiff's counsel has completely lost communication with Plaintiff and has no additional

20   ways to contact her. (*Id.* ¶ 11) Without Plaintiff's cooperation and willingness to communicate

21   with her counsel, it is impossible for his counsel to effectively represent her. Therefore, Plaintiff's

22   counsel requests that they be granted leave to withdraw as attorneys of record of Plaintiff J.T.

23

24   Dated: April 18, 2025                    Respectfully submitted,

25                                            By: */s/ Tracey B. Cowan*
                                             TRACEY B. COWAN (Cal Bar No. 250053)
26                                           **CLARKSON LAW FIRM, P.C.**
                                             95 3rd Street, 2nd Floor
27                                           San Francisco, CA 94103
                                             Telephone: (213) 788-4050
28                                           Email: tcowan@clarksonlawfirm.com

1

2                RYAN J. CLARKSON (Cal Bar No. 257074)
OLIVIA E. DAVIS (Cal Bar No. 353041)

3                **CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway

4                Malibu, CA 90265
Telephone: (213) 788-4050

5                Email: rclarkson@clarksonlawfirm.com
Email: odavis@clarksonlawfirm.com

6

7                *Counsel for Plaintiff*

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION         CASE NO. _3:25-cv-01043-CRB_____
TO WITHDRAW AS COUNSEL

**CERTIFICATE OF SERVICE**

1

2          I, Tracey Cowan, hereby certify that I caused to be served on the attached Notice of

3   Motion and Motion to Withdraw as Counsel, and Supporting Memorandum and Declaration of

4   Tracey Cowan in Support of Motion to Withdraw on April 18, 2025 by first class U.S. Mail,

5   addressed to: J.T., at the last recorded address on file.

6          Executed in San Rafael, California on April 18, 2025.

7

8                                                   *s/Tracey Cowan*
                                                    Tracey Cowan
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____/<br><br>This Order Relates To:<br><br>*CLF J.T. v. Uber, Inc.*,<br>Case No. 3:25-cv-01043-CRB | MDL No. 3084<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS ATTORNEY**<br><br>Re: Dkt. No. 2815 |

Plaintiff's counsel's motion to withdraw is granted. Within 28 days of this order, the plaintiff shall file a notice indicating whether they intend to pursue the action with new counsel or representing themselves. If the plaintiff does not file that notice, the Court will dismiss this case without prejudice.

Uber's counsel shall provide a copy of this order to the plaintiff and file a declaration within 7 days of this ruling explaining how they did so.

**IT IS SO ORDERED.**

Dated: April 21, 2025

CHARLES R. BREYER
United States District Judge