UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER REGARDING BELLWETHER SCHEDULING ISSUES**<br><br>Re: Dkt. Nos. 2738, 2745, 2849 |

This Order addresses issues raised in the parties' separate letter briefs filed April 9, 2025 and referred to the undersigned magistrate judge by Judge Breyer on April 11, 2025 (Dkt. Nos. 2738, 2745; *see* Dkt. No. 2767), and the parties' April 23, 2025 joint discovery letter regarding scheduling Plaintiffs' depositions (Dkt. No. 2849).

### A. Production Deadline for Uber's Documents

Plaintiffs seek an order requiring "that Uber produce all company documents that it intends to use at trial prior to May 16, 2025," or that Uber provide a Rule 30(b)(6) deponent to testify regarding any such documents produced after that date. Dkt. No. 2745 at 1. Uber argues that the Court should not accelerate the existing June 16, 2025 deadline for substantial completion of MDL-wide fact discovery, and that existing orders call for some documents to be produced after Plaintiff's proposed deadline. Dkt. No. 2738 at 2.

It is reasonable to expect document production to conclude before depositions so that the receiving party may explore the relevance of those documents *through* depositions, particularly as to documents that the producing party intends to use at trial. The Court adopts Plaintiff's proposal, with the caveat that May 16, 2025 is a target for substantial completion, and recognizing that some relevant documents will likely be produced after that date and may require supplemental depositions. If Uber wishes to preserve its option to use any corporate documents produced after

May 16, 2025 at trial of cases within this MDL, it must provide notice to Plaintiffs and an opportunity for Plaintiffs to conduct one or more Rule 30(b)(6) depositions regarding those documents.

This order pertains to corporate documents regarding Uber's operations generally, and is not intended to alter existing or future schedules for discovery of case-specific documents and it does not resolve whether any supplemental deposition of an individual (i.e., non-30(b)(6)) witness would be permissible.

### B.   Deadline for Motions in Limine Regarding Authenticity

Plaintiffs seek to set early deadlines for motions in limine challenging the authenticity of documents. Dkt. No. 2745 at 2–3. The Court agrees with Uber that Pretrial Order No. 16's process for raising authenticity challenges for documents used at depositions is sufficient to bring most such issues to the parties' attention well in advance of trial. *See* Dkt. No. 866 at 13–14. To the extent the parties might challenge the authenticity of documents that were not presented at any deposition, it is difficult to see how the parties who might wish to raise such challenges would identify the universe of documents to challenge before their opponents identify their trial exhibits. The Court therefore declines to set early deadlines for motions in limine.

This Order is without prejudice to the parties seeking Judge Breyer's leave to present early motions in limine regarding authenticity if Pretrial Order No. 16's process reveals that such motions will likely be necessary.

### C.   Bellwether Plaintiffs' Depositions

The Court has reviewed the parties' joint letter regarding the bellwether Plaintiffs' depositions. Dkt. No. 2849. The Court DENIES Plaintiffs' request to condition their depositions on Uber's complete production of certain categories of documents, but ORDERS that Uber may not question Plaintiffs at their depositions about Uber's own documents and data, or topics related to such documents or data that are subject to production, that Uber has not produced at least four business days before the deposition. For example, if Uber has not timely produced its location data for a bellwether Plaintiff for a certain time period, Uber may not question that Plaintiff about her location during that period. Similarly, Uber may not question a bellwether Plaintiff about its

1  investigation and communications with her, if it has not timely produced such records in advance
2  of the deposition.[1]
3  　　　　It is not clear whether Judge Breyer's recent orders regarding the bellwether trial waves
4  and discovery schedule affect the parties' positions regarding deadlines for scheduling and
5  completing those depositions.  The parties are ORDERED to file a joint status report no later than
6  May 6, 2025 stating whether any dispute remains regarding scheduling those depositions, and if
7  so, their respective positions.  As this Court stated at the last discovery status conference, Wave 1
8  depositions should be scheduled promptly if they have not already been set.
9  　　　　**IT IS SO ORDERED.**
10  Dated:    5/3/2025

　　　　　　　　　　　　　　　　　　　　　　　LISA J. CISNEROS
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge

---

[1] In the event of a dispute between the parties as to whether particular documents exist, are subject to production, or have been timely produced, Plaintiffs may not refuse to answer questions at their depositions.  Plaintiffs may instead later seek whatever relief they believe to be appropriate, potentially including preclusion at trial of their deposition testimony or relevant documents that are later produced.

3