# EXHIBIT B

| | |
|---|---|
| 1 | LAURA VARTAIN (SBN: 258485) |
| |     laura.vartain@kirkland.com |
| 2 | **KIRKLAND & ELLIS LLP** |
| | 555 California Street, 30th Floor |
| 3 | San Francisco, CA 94104 |
| | Telephone: (415) 439-1625 |
| 4 | |
| 5 | ALLISON M. BROWN (Pro Hac Vice admitted) |
| |     allison.brown@kirkland.com |
| | JESSICA DAVIDSON (Pro Hac Vice admitted) |
| 6 |     jessica.davidson@kirkland.com |
| | **KIRKLAND & ELLIS LLP** |
| 7 | 601 Lexington Avenue |
| | New York, NY 10022 |
| 8 | Telephone: (212) 446-4723 |

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | Judge:    Honorable Charles Breyer |
| This Document Relates to:<br><br>ALL ACTIONS | **DECLARATION OF SCOTT BINNINGS IN SUPPORT OF DEFENDANTS' MAY 13, 2025 PRIVILEGE DISPUTE BRIEF PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III, ¶ 2** |

## DECLARATION OF SCOTT BINNINGS

I, Scott Binnings, having personal knowledge of the following state:

    1.    I am the Associate General Counsel, Safety and Core Services, at Uber. I was first employed by Uber in April 2015 and have worked as in-house legal counsel for the past 10 years. My previous positions included Senior Counsel, Regulatory; Senior Counsel, Safety; Legal Director, Safety; Senior Legal Director, Safety; and Senior Legal Director, Safety, Payments, and Risk. In my

current role, as has been the case throughout my tenure at Uber, I am responsible for providing legal advice to Uber's leadership and employees related to safety issues, procedures, and policy, among other legal advice. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's May 13, 2025 Brief in Support of Uber's Privilege Assertions pursuant to Special Master Order No. 4, § III, ¶2 (ECF 2933). The facts set forth herein are true and correct and are based on my own personal knowledge, and I could and would competently testify thereto if called.

2. I am familiar with the document referenced by privilege log number JCCP_MDL_PRIVLOG083060. It is a draft confidential and privileged presentation from April 2021. The presentation is stamped "Attorney-Client Privileged & Confidential." Five other Uber in-house attorneys and me were collaborators and heavily reviewed, advised on, and drafted large portions of this presentation, including drafting the redacted portions of the presentation, which directly convey our legal advice. These other attorneys were Chief Legal Officer & Corporate Secretary, Tony West; then-Global Senior Counsel, Safety, Amos Davis; Legal Director, Global Safety, Daniel Kolta; then-Associate General Counsel, Safety & Insurance, Katie Waitzman; and then-Chief Deputy General Counsel, Tammy Albarran. The redacted portions of this presentation reveal my and the other attorney collaborators' legal analysis and conclusions concerning the potential legal implications of a potential product initiative in the United States. To provide the legal advice reflected in the redacted portions of this document, the legal counsel collaborators researched and analyzed various federal and state laws, as well analyzed the legal ramifications of prior litigation the company faced. The redacted portions of this document were created to facilitate, and in fact facilitated, the provision of legal advice to Uber's executive leadership team concerning this product initiative.

3. I am familiar with the document referenced by privilege log number JCCP_MDL_PRIVLOG083064. It is a confidential document that describes Uber's United States and Canada Investigation ("USCAN Investigation") protocols for processing and responding to issues reported by public health officials, reports received by the Law Enforcement Response Team ("LERT"), and additional investigations performed by the team in connection with mass tort cases filed against the company. Uber's legal department, including me and other in-house attorneys, developed these protocols. In particular, the redacted portions of the protocol were created in response to, and in anticipation of, actual litigation against Uber in cases involving allegations of sexual misconduct. Those redacted portions concern the steps the legal team advised for processing, investigating, and summarizing relevant facts to support the company's response to pending lawsuits. For example, the redacted Mass Tort Incident Severity Matrix reflects legal opinions regarding how to process and respond to various types of allegations brought against the company in litigation. The redacted portions of this document were created to facilitate, and in fact facilitated, the provision of legal advice to Uber's employees concerning protocols following the filing of cases against Uber concerning safety issues, and in fact supported the company's response to actual filed and threatened litigation.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on May 13, 2025.

By: _____

Scott Binnings