# PLAINTIFFS' APPENDICES A.1-2 & B.1-6

# INDEX

**APPENDIX A.1**……. Bellwether Plaintiffs' Claims in Addition to Negligence

**APPENDIX A.2**……. Claim-by-Claim Disposition

**APPENDIX B.1**……. Response to Uber's Appendix D.2 - No evidence that these states apply a hypothetical "reasonable consumer" standard to common-law fraud claims on the pleadings.

**APPENDIX B.2**……. Response to Uber's Appendix D.3 - No evidence that these states "will dismiss [common law] fraud claims for lack of misleadingness under the reasonable-consumer standard."

**APPENDIX B.3**……. Whether reliance is justifiable depends on the plaintiff's circumstances, not a hypothetical reasonable consumer standard.

**APPENDIX B.4**……. Whether reliance is justifiable or reasonable is typically a question of fact.

**APPENDIX B.5**……. In connection with fraud claims, intent means intent that the statement induce reliance.

**APPENDIX B.6**……. Response to Uber's Appendix D.7: The Court should disregard Uber's cases rejecting products liability claims.

## PLAINTIFFS' APPENDIX A.1

### Bellwether Plaintiffs' Claims in Addition to Negligence

| PLAINTIFF | STATE | DRIVER FRAUD | DESIGNATED DRIVER FRAUD | COMMON CARRIER | RESPONDEAT SUPERIOR / APPARENT AGENCY | RATIFICATION | PRODUCTS LIABILITY |
|---|---|---|---|---|---|---|---|
| LCHB128 | AZ | Yes | | | Yes | | Yes |
| Dean | AZ | Yes | Yes | | Yes | | Yes |
| B.L. | CA | | Yes | Yes | Yes | | Yes |
| A.R.2 | CA | Yes | | Yes | Yes | Yes | Yes |
| T.L. | GA | | | Yes | | | Yes |
| WHB 407 | GA | | | Yes | | | Yes |
| Lazio | IA | | | | | | Yes |
| WHB 1876 | IL | | | | | | Yes |
| D.J. | IN | | | | | | Yes |
| WHB 1898 | MA | | | Yes | | Yes | Yes |
| C.L. | MD/VA | Yes | | Yes (MD) | Yes (VA)[1] | Yes | Yes |
| J.E. | MI | Yes | | | | | Yes |
| WHB 318 | NC/SC | | | Yes | | | Yes |
| WHB 823 | NC | | | Yes | | | Yes |
| A.G | OR | | Yes | | Yes | | Yes |
| A.R.1 | PA | | | | | | Yes |
| JaneDoe QLF0001 | TX | | | | | | Yes |
| K.E | TX | | | | | | Yes |
| WHB 1486 | TX | | | | | | Yes |
| Jane Roe CL 68[2] | TX | | | | | | |

---

[1] C.L. properly alleges respondeat superior under Virginia law, but her claim for apparent agency was pleaded in error and should be dismissed.
[2] Jane Roe CL 68 did not amend her short-form complaint, so her non-negligence claims were dismissed by PTO 17.

## PLAINTIFFS' APPENDIX A.2

## Claim-by-Claim Disposition

| PLAINTIFF | STATE | CLAIM | UBER MOVE TO DISMISS | GRANT/DENY |
|---|---|---|---|---|
| LCHB128 | AZ | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | Respondeat Superior | No | - |
| | | Apparent Agency | No | - |
| | | PL—Safe Ride, Gender, Recording | Yes—Safe Ride and Gender | Deny |
| Dean | AZ | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | Respondeat Superior | No | - |
| | | Apparent Agency | No | - |
| | | PL—Safe Ride, Gender, Recording, GPS | Yes—Safe Ride and Gender | Deny |
| B.L. | CA | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | Common Carrier | No | - |
| | | Respondeat Superior | No | - |
| | | Apparent Agency | No | - |
| | | PL—Safe Ride, Gender, Recording, GPS | Yes—Safe Ride and Gender | Deny |
| A.R.2 | CA | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | Common Carrier | No | - |
| | | Respondeat Superior | No | - |
| | | Apparent Agency | No | - |
| | | Ratification | Yes | Deny |
| | | PL—Safe Ride, Gender, Recording, GPS | Yes—all except GPS | Deny |
| T.L. | GA | Negligence | No | - |
| | | Common Carrier | No | - |
| | | PL— Safe Ride, Gender, Recording, GPS | Yes—Safe Ride and Gender | Deny |
| WHB 407 | GA | Negligence | Yes—no impact | Deny |

| PLAINTIFF | STATE | CLAIM | UBER MOVE TO DISMISS | GRANT/DENY |
|---|---|---|---|---|
| | | Common Carrier | Yes—no impact | Deny |
| | | PL— Gender, Recording | Yes—Gender and all no impact | Deny |
| **Lazio** | IA | Negligence | No | - |
| | | PL—Recording | No | - |
| **WHB 1876** | IL | Negligence | Yes—no impact | Deny |
| | | PL—Safe Ride, Recording | Yes—Safe Ride and all no impact | Grant |
| **D.J.** | IN | Negligence | No | - |
| | | PL—Gender, Recording | Yes—Gender | Deny |
| **WHB 1898** | MA | Negligence | Yes—no impact | Deny |
| | | Common Carrier | Yes—no impact | Deny |
| | | Ratification | Yes | Deny |
| | | PL—Safe Ride, Gender, Recording | Yes—Safe Ride, Gender, and all no impact | Deny |
| **C.L.** | MD/VA | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | Common Carrier | No | - |
| | | Respondeat Superior | No | - |
| | | Apparent Agency | Yes | Grant (error) |
| | | Ratification | Yes | Deny |
| | | PL—Gender, Recording | Yes—Gender & non-spl claims | Deny |
| **J.E.** | MI | Negligence | No | - |
| | | Fraud | Yes | Deny |
| | | PL—Gender, Recording | Yes—all, including non-spl claims | Deny |
| **WHB 318** | NC/SC | Negligence | No | - |
| | | Common Carrier | Yes | Deny |
| | | PL—Gender, Recording | Yes—Gender & non-spl claims | Deny |
| **WHB 823** | NC | Negligence | No | - |
| | | Common Carrier | Yes | Deny |
| | | PL—Recording | Yes—non-spl claims | Deny |
| **A.G.** | OR | Negligence | No | - |

| PLAINTIFF | STATE | CLAIM | UBER MOVE TO DISMISS | GRANT/DENY |
|---|---|---|---|---|
| | | Fraud | Yes | Deny |
| | | Respondeat Superior | Yes | Deny |
| | | Apparent Agency | Yes | Deny |
| | | PL— Recording | Yes | Deny |
| **A.R.1** | PA | Negligence | No | - |
| | | PL—Safe Ride, Gender, Recording, Age-Gate | Yes—Safe Ride, Gender | Deny |
| **Jane Doe QLF 0001** | TX | Negligence | No | - |
| | | PL— Safe Ride, Gender, Recording | Yes—Safe Ride, Gender | Deny |
| **K.E.** | TX | Negligence | No | - |
| | | PL—Gender, Recording, GPS | Yes—Gender, Recording | Deny |
| **WHB 1486** | TX | Negligence | No | - |
| | | PL—Gender, Recording | Yes—Gender | Deny |
| **Jane Roe CL 68** | TX | Negligence | Yes—no impact | Deny |
| | | Fraud | Yes | Grant (PTO 17) |
| | | NIED | Yes | Grant (PTO 17) |
| | | Common Carrier | Yes | Grant (PTO 17) |
| | | Respondeat Superior | Yes | Grant (PTO 17) |
| | | Apparent Agency | Yes | Grant (PTO 17) |
| | | Ratification | Yes | Grant (PTO 17) |
| | | Products Liability | Yes | Grant (PTO 17) |
| | | UCL | Yes | Grant (PTO 17) |

# PLAINTIFFS' APPENDIX B.1

## RESPONSE TO UBER'S APPENDIX D.2
### No evidence that these states apply a hypothetical "reasonable consumer" standard to common-law fraud claims on the pleadings.

| STATE | CASE | RESPONSE |
|---|---|---|
| California | *Rodriguez v. Mondelez Glob. LLC*, 703 F. Supp. 3d 1191 (S.D. Cal. 2023) | Statutory fraud. |
| California | *Freeman v. Time, Inc.*, 68 F.3d 285 (9th Cir. 1995) | Statutory fraud case. Cited *Haskell v. Time, Inc.*, 857 F. Supp. 1392 (E.D. Cal. 1994), which in turn cited *Kruse v. Bank of Am.*, 248 Cal. Rptr. 217 (Cal. App. 1998). *Kruse* was a common law case, but denied recovery for fraud only after trial showed that plaintiff had actual "awareness" of omitted facts. *Id.* at 226. |
| Arizona | *Caruthers v. Underhill*, 287 P.3d 807 (Ariz. App. 2012) | Reversed summary judgment for plaintiff because evidence showed that the statement "include[d] the information [the plaintiff] claims was not disclosed." *Id.* at 815. |
| Virginia | *Evaluation Res. Corp. v. Alequin*, 439 S.E.2d 387 (Va. 1994) | After trial, court found that representation was not "false," because plaintiff's theory was based on "industry practice" that defendant disproved. *Id.* at 391. |
| Maryland | *Rozen v. Greenberg*, 886 A.2d 924 (Md. App. 2005) | Made clear that a "misrepresentation" may be "material to reasonable people generally *or* … material to the plaintiff." *Id.* at 930 (emphasis added). |
| Michigan | *Rzepka v. Farm Estates, Inc.*, 269 N.W.2d 270 (Mich. App. 1978) | Uber alters the quote to "[a consumer's]"; court upheld a fraud verdict "misrepresentation [was] clearly material as bearing upon a fact crucial to *Locke's* decision to buy." *Id.* at 274 (emphasis added). Case also never discussed "reasonable person" or "reasonable consumer." |
| Michigan | *Zine v. Chrysler Corp.*, 600 N.W.2d 384 (Mich. App. 1999) | Statutory fraud case. Case also never discussed "reasonable person" or "reasonable consumer." |
| Oregon | *Millikin v. Green*, 583 P.2d 548 (Or. 1978) | Applied standard for determining whether concealed fact was material. Also relied on *Heverly v. Kikendall*, 478 P.2d 381 (Or. 1870), which gauged materiality in real estate transaction in part on the plaintiff's specific intended use, not on universe of hypothetical purchasers. *Id.* at 383. |

## PLAINTIFFS' APPENDIX B.2

### RESPONSE TO UBER'S APPENDIX D.3
No evidence that courts in these states "dismiss [common law] fraud claims for lack of misleadingness under the reasonable-consumer standard."

| STATE | CASE | RESPONSE |
|---|---|---|
| California | *Moore v. Mars Petcare US, Inc.*, 966 F.3d 1007 (9th Cir. 2020) | Statutory fraud. |
| California | *Takahashi-Mendoza v. Coop. Regions of Organic Producer Pools*, 673 F. Supp. 3d 1083 (N.D. Cal. 2023) | Statutory fraud. |
| California | *Romoff v. Gen. Motors LLC*, 574 F. Supp. 3d 782 (S.D. Cal. 2021) | Statutory fraud. |
| California | *Robie v. Trader Joe's Co.*, 2021 WL 2548960, at *5 (N.D. Cal. June 14, 2021) | Statutory fraud. |
| Arizona | *Sw. Non-Profit Hous. Corp. v. Nowak*, 322 P.3d 204 (Ariz. App. 2014) | Dismissed negligent misrepresentation claim for lack of duty. |
| Arizona / Virginia / Michigan | *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 350 F. Supp. 2d 160 (D. Me. 2004) | Statutory fraud. Also, antitrust plaintiffs did not even try to allege deceptive conduct (as those types of cases typically proceed on "unfair" prongs only). |
| Maryland | *Margolis v. Sandy Spring Bank*, 110 A.3d 784 (Md. App. 2015) | Statutory fraud. |
| Oregon | *Ahern v. Apple Inc.*, 411 F. Supp. 3d 541 (N.D. Cal. 2019) | Statutory fraud. This case also addressed common law California claims, but discussed "reasonable consumers" only in the context of assessing whether challenged statements were puffery. |

## PLAINTIFFS' APPENDIX B.3

**Whether reliance is justifiable depends on the plaintiff's circumstances, not a hypothetical reasonable consumer standard.**

| STATE | AUTHORITY |
|---|---|
| California | *Enovative Grp., Inc. v. Advanced Conserv. Tech. Distr., Inc.*, 2014 WL 13130386, at *3 (C.D. Cal. 2014) ("In determining reasonableness, the question is not whether the hypothetical 'reasonable person' would have acted in reliance, but rather whether the plaintiff was justified in believing the misrepresentation in light of his own knowledge and experience."); *Boeken v. Philip Morris, Inc.*, 26 Cal. Rptr. 3d 638, 658 (Cal. App. 2005) "[W]hether reliance is reasonable in an intentional fraud case is not tested against the 'standard of precaution or of minimum knowledge of a hypothetical, reasonable man. Exceptionally gullible or ignorant people have been permitted to recover from defendants who took advantage of them in circumstances where persons of normal intelligence would not have been misled. No rogue should enjoy his ill-gotten plunder for the simple reason that his victim is by chance a fool.'") (quoting *Seeger v. Odell*, 115 P.2d 977, 980-81 (Cal. 1948) (internal quotation marks omitted). |
| Arizona | *St. Joseph's Hosp. & Med. Ctr. v. Reserve Life Ins. Co.*, 742 P.2d 808, 817 (Ariz. 1987) ("To determine whether one party to a transaction was justified to rely on the other party's representations depends on the complaining party's own information and intelligence."). |
| Virginia | *Horner v. Ahern*, 153 S.E.2d 216, 219 (Va. 1967) (applying "reasonably prudent" standard only to duty to investigate). |
| Maryland | *Braude v. Robb*, 279 A.3d 1153, 1162 (Md. App. 2022) ("[I]n determining whether the reliance was reasonable, the background and experience of the party that relied upon the representation is relevant."). |
| Michigan | *Fejedelem v. Kasco*, 711 N.W.2d 436, 438 (Mich. App. 2006) ("[J]ustifiable reliance is not a purely legal standard … [T]he test is factual, not legal, and turns on whether the reliance was itself an act of negligence."). |
| Oregon | *Oregon Pub. Emps.' Ret. Bd. v. Simat, Helliesen & Eichner*, 83 P.3d 350, 361-62 (Or. App. 2004) ("Reliance in fact must be reasonable, but such reasonableness is measured in the totality of the parties' circumstances and conduct. For example, if there is a naive and unsophisticated plaintiff on one side of the equation and an unscrupulous defendant who made active misrepresentations of fact on the other, a court might well conclude that, although a more sophisticated party would not have taken at face value the false representations of the defendant, *that* particular plaintiff was justified in doing so. In contrast, if a party is a large and sophisticated organization that has at its disposal a small army of attorneys, accountants, and hired experts to evaluate a business deal, that party … probably has or can obtain equal means of information and is equally qualified to judge the merits of a business proposition, thus making reliance on misstatements by another party unjustified.") (internal quotation marks, alterations, and footnotes omitted; emphasis in original). |

## PLAINTIFFS' APPENDIX B.4

**Whether reliance is justifiable or reasonable is typically a question of fact.**

| STATE | AUTHORITY |
|---|---|
| California | *In re MyFord Touch Consumer Litig.*, 291 F. Supp. 3d 936, 978 (N.D. Cal. 2018) ("[J]ustifiable reliance is a fact-specific question that is usually appropriate for jury resolution."). |
| Arizona | *Blaney v. U.S. Bancorp*, 2012 WL 13024086, at *4 (D. Ariz. June 19, 2012) ("Whether reliance is justified generally is a question of fact for the jury."). |
| Virginia | *Fessler v. Int'l Bus. Machines Corp.*, 959 F.3d 149, 154 (4th Cir. 2020) ("Typically, reasonable reliance is reserved for the trier of fact to determine."). |
| Maryland | *200 N. Gilmor, LLC v. Cap. One, N.A.*, 863 F. Supp. 2d 480, 491 (D. Md. 2012) ("Ordinarily, the matter of reasonableness is an issue reserved for the finder of fact."). |
| Michigan | *Foreman v. Foreman*, 701 N.W.2d 167, 176-77 (Mich. App. 2005) (testimony of plaintiff and her representative sufficient to create question of fact on reasonableness of reliance). [Michigan law is limited because the Michigan Supreme Court has only recently and obliquely said that reliance must be reasonable. *See In re Pixey*, 456 B.R. 780, 781 (Bankr. E.D. Mich. 2011).] |
| Oregon | *Peterson v. McCavic*, 277 P.3d 572, 581 (Or. App. 2012) ("[W]hether reliance is reasonable is generally a question of fact."). |

## PLAINTIFFS' APPENDIX B.5

**Fraud claims require only intent that the statement induce reliance.**

| STATE | AUTHORITY |
|---|---|
| California | *Public Emps. Ret. Sys. v. Moody's Invstrs. Serv., Inc.*, 172 Cal. Rptr. 3d 238, 258-59 (Cal. App. 2014) ("[i]ntent to induce reliance") (citation omitted). |
| Arizona | *Comerica Bank v. Mahmoodi*, 229 P.3d 1031, 1033-34 (Ariz. App. 2010) ("the speaker's intent that [the representation] be acted upon by the recipient in the manner reasonably contemplated"). |
| Virginia | *Evaluation Res. Corp. v. Alequin*, 439 S.E.2d 387, 390 (Va. 1994) ("intent that the person will act upon this representation"). |
| Maryland | *VF Corp. v. Wrezham Aviation Corp.*, 715 A.2d 188, 193 (Md. App. 1998) ("a falsehood be knowingly told, with the intention that another should believe it to be true and act upon it") (citation omitted). |
| Michigan | *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 36 (Mich. App. 1998) ("made the representation with the intention that the plaintiff would act on it"). |
| Oregon | *U.S. Nat'l Bank of Ore. v. Fought*, 630 P.2d 337, 224 (Ore. 1981) ("his intent that it should be acted on by the person and in the manner reasonably contemplated") (citation omitted). |

## PLAINTIFFS' APPENDIX B.6

### RESPONSE TO UBER'S APPENDIX D.7
### The Court should disregard Uber's cases rejecting products liability claims.

| STATE | CITED AUTHORITY | PLAINTIFFS' RESPONSE |
|---|---|---|
| **California** | *Martinez v. Uber Techs., Inc., et al.*, No. 23STCV09795 (Super. Ct., Los Angeles Cnty., Oct. 3, 2023) | The plaintiff failed to address strict products liability and so "conceded" the claim. |
| **California** | *Diaz v. Uber Techs., Inc., et al.*, No. 23LBCV00276 (Super. Ct., Los Angeles Cnty., July 27, 2023) | *Diaz* is a half-page minute order dismissing the cause of action when the plaintiffs failed to appear. |
| **California** | *In re Uber Rideshare Cases*, No. CJC-21-005188 (Super. Ct., San Fran. Cnty., June 22, 2023) | Uber previously cited this decision for the proposition that because the Uber App cannot be touched or seen it is not a product. This Court rejected "outdated fetishization of physical objects." PTO 17 at 42. |
| **California** | *Ramos v. Uber Techs., Inc. et al.*, No. 22STCV33007 (Super. Ct., Los Angeles Cnty., June 1, 2023) | *Ramos* relies on a misreading of *Ferrari v. v. Grand Canyons Dories*, 38 Cal. Rptr. 2d 65 (Cal. App. 1995) that this Court already rejected. Specifically, the Court recognized that Uber is not like the defendant in *Ferrari* but rather is like the security system manufacturer in *Green v. ADT*, 2016 WL 3208483 (N.D. Cal. June 10, 2016). *See* PTO 17 at 45. |
| **California** | *Luna, Avelardo v. Uber Techs., Inc., et al.*, No. 22STCV10806 (Super. Ct., Los Angeles Cnty., Sept. 27, 2022); *Behuet & Hunt v. Uber Techs., Inc. et al.*, No. 21STCV26056 (Super. Ct., Los Angeles Cnty., July 13, 2022); *Shannon v. Uber Techs., Inc., et al.*, No. 21STCV42029 (Super. Ct., Los Angeles Cnty., April 15, 2022); *Flores v. Uber Techs., Inc., et al.*, No. 19STCV24988 (Super. Ct., Los Angeles Cnty., March 22, 2022); *Norman* | These cases, which Uber cited previously for the same proposition, assume that because the App can be used to acquire a service, provision of services is necessarily its primary purpose. This Court rejected that argument, noting that "what these 'predominant purpose' cases do *not* say is that any product used for obtaining services, or in relation to a transaction or services, is beyond the ambit of product liability law." PTO 17 at 45 (emphasis in original). Instead, Uber "provides a service, but it also provides a product." *Id.* |

| STATE | CITED AUTHORITY | PLAINTIFFS' RESPONSE |
|---|---|---|
| | *v. Uber Techs, Inc., et al.*, No. 21STCV35632 (Super. Ct., Los Angeles Cnty., March 8, 2022); *Cruz Lopez v. Uber Techs., Inc.*, No. 21CV376012 (Super. Ct., Santa Clara Cnty., Nov. 23, 2021); *Toral v. Uber Techs., Inc., et al.*, No. 20STCV02030 (Super. Ct., Los Angeles Cnty., April 14, 2021) | |
| **Florida** | *Breuer v. Uber Techs., Inc.*, No. 50-2020-CA-5529-XXXX-MB (Fla. 15th Cir. Ct., Oct. 13, 2020) | *Breuer* turned on whether a plaintiff's use was a "knowing misuse" and so is not relevant here. Florida courts have held that mobile applications are products, reasoning this Court found persuasive. PTO 17 at 43 n.16 (citing *Brookes v. Lyft, Inc.*, 2022 WL 19799628, at *4-5 (Fla. Cir. Ct. Sept. 30, 2022)). |
| **Nevada** | *Arruda v. Rasier, LLC et al.*, No. A-23-878332-C (Clark Cnty. Dist. Ct. Nev. March 18, 2024) | This Court rejected the premise of *Arruda*, explaining that Uber "provides a service, but it also provides a product." *Id.* PTO 17 at 45. Moreover, Nevada products law has not been briefed in this MDL, nor do any of the bellwether cases arise in that state. |
| **Nevada** | *Estate of Sowell v. Uber Techs., Inc., et al.*, No. A-24-886402-C (Super. Ct. Clark Co. Nev., May 24, 2024) | *Sowell* appears to consist of a two-line minute entry soliciting a proposed order. Even if the record were further developed, Uber does not suggest *Sowell* offers anything different than the rest of the unpublished state trial court orders that brush over the Uber app's classification as a product with little to no analysis and certainly do not address the defects at issue here (*Sowell* for instance was an auto negligence case.) |
| **North Carolina** | *DeRose v. DoorDash, Inc.*, et al. No. 5:22-CV-413-D (E.D.N.C. June 1, 2023) | *DeRose* involved no products liability, negligent design defect, or breach of implied warranty claims; instead, the plaintiffs brought only negligent infliction of emotional distress and wrongful death claims against DoorDash. *DeRose v. DoorDash, Inc.*, 675 F. Supp. 3d 591, 597 (E.D.N.C. June 1, 2023). |

| STATE | CITED AUTHORITY | PLAINTIFFS' RESPONSE |
|---|---|---|
| **Pennsylvania** | *A.T. v. Lyft, Inc., et al.*, No. 2019-CV-1759 (Ct. of Common Pleas Lackawanna Cnty., Penn. Dec. 29. 2022) | In *A.T. v. Lyft, Inc., et. Al.*, No. 2019-CV-1759, at *18 (Ct. of Common Pleas Lackawanna Cnty, Penn. Dec. 29, 2022), the court concluded that the Lyft App was not a product because the Pennsylvania TNC statute defined TNCs as entities that "operate a transportation network service." This Court, considering analogous language in the California and Texas TNC statutes, concluded those statutes "do not say otherwise. At most, they characterize rideshare rides as services, a point not in dispute." PTO 17 at 45 n.17. |
| **Washington** | *Estate of Vistad v. Uber Techs., Inc.*, No. 23-2-02646-32 (Super. Ct. Spokane Cnty, Wash. Oct. 6, 2023) | Uber provides no details about this unpublished disposition that Plaintiffs cannot locate. Also, Washington law has not been briefed in this MDL and is not relevant to the bellwethers. The Court previously rejected reliance on "unpublished cases from state trial courts" in determining whether the Uber App is a product. PTO 17 at 41. |
| **Washington** | *Baumgartner v. Uber Techs., Inc., et al.*, No. 21-2-15753-6 SEA (Super. Ct. King Co., Wash. Mar. 9, 2022) | It appears that the court in *Baumgartner* entered a stipulation between both parties seeking an order of dismissal. *See Order on Stipulation for Dismissal*, *Baumgartner v. Uber Techs, Inc. v. Uber USA, LLC*, 2022 Wash. Super. LEXIS 6378, at *1 (Super Ct. King. Co., Wash. Mar. 9, 2022). In any event, Washington law has not been briefed in this MDL and is not relevant to the bellwethers. And, the Court previously rejected reliance on "unpublished cases from state trial courts" in determining whether the Uber App is a product. PTO 17 at 41. |