MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS LEVIN SIMES CASES FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS**<br><br>Date: July 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |
| This Document Relates to:<br><br>*Jane Doe LS 90 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 03956-CRB<br><br>*Jane Doe LS 250 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 03995-CRB<br><br>*Jane Doe LS 383 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05197-CRB<br><br>*Jane Doe LS 107 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05232-CRB | |

*Jane Doe LS 353 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05401-CRB

*Jane Doe LS 285 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05919-CRB

*Jane Doe LS 330 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05160-CRB

*Jane Doe LS 419 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05263-CRB

*Jane Doe LS 412 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05317-CRB

*Jane Doe LS 492 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05324-CRB

*Jane Doe LS 338 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05326-CRB

*Jane Doe LS 252 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05334-CRB

*Jane Doe LS 225 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05336-CRB

*Jane Doe LS 131 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05337-CRB

*Jane Doe LS 128 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05377-CRB

*Jane Doe LS 281 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05430-CRB

*Jane Doe LS 507 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05509-CRB

*Jane Doe LS 500 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05513-CRB

*Jane Doe LS 101 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05521-CRB

*Jane Doe LS 506 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05531-CRB

*Jane Doe LS 473 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05544-CRB

*Jane Doe LS 47 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05571-CRB

1 | *Jane Doe LS 482 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05593-CRB

*Jane Doe LS 476 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05646-CRB

*Jane Doe LS 467 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05652-CRB

*Jane Doe LS 509 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05662-CRB

*Jane Doe LS 449 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05689-CRB

*Jane Doe LS 435 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05755-CRB

*Jane Doe LS 452 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05756-CRB

*Jane Doe LS 422 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05758-CRB

*Jane Doe LS 519 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05759-CRB

*Jane Doe LS 429 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05797-CRB

*Jane Doe LS 434 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05814-CRB

*Jane Doe LS 417 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05821-CRB

*Jane Doe LS 469 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05874-CRB

*Jane Doe LS 289 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05883-CRB

*Jane Doe LS 366 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05886-CRB

*Jane Doe LS 355 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05887-CRB

*Jane Doe LS 300 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05900-CRB

*Jane Doe LS 267 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05901-CRB

1  *Jane Doe LS 173 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05907-CRB

2  *Jane Doe LS 169 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05918-CRB

3

4  *Jane Doe LS 324 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05920-CRB

5

6  *Jane Doe LS 124 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05930-CRB

7  *Jane Doe LS 132 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05934-CRB

8

9  *Jane Doe LS 45 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05935-CRB

10  *Jane Doe LS 243 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05939-CRB

11

12  *Jane Doe LS 192 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05975-CRB

13  *Jane Doe LS 5 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05976-CRB

14

15  *Jane Doe LS 288 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05987-CRB

16  *Jane Doe LS 160 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 05996-CRB

17

18  *Jane Doe LS 327 v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 06032-CRB

19

20

21

22

23

24

25

26

27

28

4

DEFENDANTS' MOTION TO DISMISS LEVIN SIMES CASES
FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

Case No. 3:23-MD-3084-CRB

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on July 11, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing with prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with the Court's discovery orders.

This Motion is made pursuant to Pretrial Order No. 10 (ECF No. 348); Judge Cisneros's January 31, 2025 Order (ECF No. 2186); and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: May 15, 2025                         SHOOK, HARDY & BACON L.L.P.

                                            By: */s/ Michael B. Shortnacy*
                                                MICHAEL B. SHORTNACY

                                            MICHAEL B. SHORTNACY (SBN: 277035)
                                            mshortnacy@shb.com
                                            **SHOOK, HARDY & BACON L.L.P.**
                                            2121 Avenue of the Stars, Suite 1400
                                            Los Angeles, CA 90067
                                            Telephone: (424) 285-8330
                                            Facsimile: (424) 204-9093

# **TABLE OF CONTENTS**

1.  STATEMENT OF RELIEF SOUGHT ...................................................................................1

2.  MEMORANDUM OF POINTS AND AUTHORITIES .........................................................1

I.  INTRODUCTION ..................................................................................................................1

3.  BACKGROUND ....................................................................................................................3

4.  ARGUMENT ..........................................................................................................................5

II. THE CLAIMS OF THE 52 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B). ........................................................................5

    A.  The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal...................6

    B.  The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and Continues to Prejudice Uber. ........................................................................................6

    C.  The Fourth *Malone* Factor: Plaintiffs' Failure to Provide Fact Sheets Overrides the Public Policy Favoring Disposition on the Merits. .......................................................7

    D.  The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available..................8

III. PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 AND THE JANUARY 31, 2025 ORDER WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2)..............9

5.  CONCLUSION.....................................................................................................................10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adriana Int'l Corp.* v. *Thoeren*,
 913 F.2d 1406 (9th Cir. 1990) ..........................................................................................6

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
 718 F.3d 236 (3d Cir. 2013) ..............................................................................................3

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
 2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) ........................................ passim

*In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
 2018 WL 1109553 (S.D.W. Va. Feb. 28, 2018) ................................................................3

*In re Deepwater Horizon*,
 907 F.3d 232 (5th Cir. 2018) (per curiam) ....................................................................3, 8

*In re Fosamax Prods. Liab. Litig.*,
 2010 WL 2465497 (S.D.N.Y. June 15, 2010) ...................................................................3

*In re Gen. Motors LLC Ignition Switch Litig.*,
 2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019) ..............................................................3, 8

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* (*In re Guidant*),
 496 F.3d 863 (8th Cir. 2007) ..................................................................................... passim

*Henderson* v. *Duncan*,
 779 F.2d 1421 (9th Cir. 1986) ...........................................................................................8

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
 2015 WL 12844447 (D.S.C. June 19, 2015) .....................................................................3

*Malone* v. *U.S. Postal Serv.*,
 833 F.2d 128 (9th Cir. 1987) ..................................................................................... passim

*In re Mirena IUD Prods. Liab. Litig.*,
 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) ...................................................................3

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
 668 F. App'x 173 (7th Cir. 2016) ..................................................................................3, 6

*Pagtalunan* v. *Galaza*,
 291 F.3d 639 (9th Cir. 2002) .............................................................................................6

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
   460 F.3d 1217 (9th Cir. 2006). Pretrial Order No. 10 ................................................... passim

*In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*,
   2015 WL 12746199 (D.N.J. Sept. 1, 2015) ............................................................................3

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*,
   223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618 (S.D.N.Y.
   July 27, 2004)........................................................................................................................3

*In re Roundup Prods. Liab. Litig.*,
   No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021)............................................................3, 8

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
   966 F.3d 351 (5th Cir. 2020) ..............................................................................................3, 8, 9

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   2011 WL 3438862 (D. Ariz. Aug. 5, 2011).............................................................................3

**Statutes**

28 U.S.C. § 1407(a) ..........................................................................................................................1

**Rules**

Fed. R. Civ. P. 16(f)(1)(C)................................................................................................................5

Fed. R. Civ. P. 37.........................................................................................................................9, 10

Fed. R. Civ. P. 37(b)(2).................................................................................................................5, 9

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)..................................................................................................5

Fed. R. Civ. P. 37(b)(2)(A)(v) .........................................................................................................5

Fed. R. Civ. P. 41(b) .....................................................................................................................5, 9

Fed. R. Civ. P. 41(b) and 37(b)(2) ...................................................................................................5

1. **STATEMENT OF RELIEF SOUGHT**

Uber seeks an order dismissing Plaintiffs' claims for failure to prosecute and failure to comply with the Court's Orders by not serving Plaintiff Fact Sheets ("PFSs").

2. **MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

This multidistrict litigation (the "MDL") was created to "promote the just and efficient conduct" of the hundreds of cases pending before the Court. 28 U.S.C. § 1407(a). To have any hope of achieving that goal, "the district judge must establish schedules with firm cutoff dates" for compliance. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232 (9th Cir. 2006). Pretrial Order No. 10 ("PTO 10") does precisely that. That order requires each Plaintiff to submit a PFS and sets clear deadlines for when Plaintiffs must satisfy that obligation. PTO 10 at 5–6, ECF No. 348. PTO 10's deadlines for the 52 Plaintiffs at issue in this motion—each represented by Levin Simes LLP ("Levin Simes") and collectively referred to as "Plaintiffs" for purposes of this motion—passed months ago. Declaration of Michael Shortnacy ("Shortnacy Decl."), Ex. A (identifying Plaintiffs at issue and missed deadlines). Plaintiffs still have not complied. *Id.*

Plaintiffs have had multiple opportunities to cure their non-compliance. The parties entered into a stipulation, adopted by the Court on November 1, 2024, that granted the 52 Plaintiffs weeks (and in many cases, months) of extra time to complete their fact sheet obligations. Stipulation & Order Regarding Certain Fact Sheet Deadlines at 7, ECF No. 1819; Shortnacy Decl. ¶ 3. Plaintiffs did not comply with that extended deadline. Uber submitted a joint discovery letter brief to Judge Cisneros seeking an order compelling Plaintiffs to provide fact sheets by yet another extended deadline. Joint Disc. Letter Br. Regarding Levin Simes Pls.' Overdue Fact Sheets, ECF No. 2185 ("January 30, 2025 Jt. Disc. Letter Br."). Judge Cisneros granted Uber's request on January 31, 2025, setting February 21, 2025 as a final deadline for each of these 52 Plaintiffs to submit a PFS. Order Regarding Untimely Plaintiff Fact Sheets from Levin Simes Clients (the "January 31, 2025 Order"), ECF No. 2186. That February 21, 2025 final deadline imposed via the January 31, 2025 Order has come and gone, and the 52 Plaintiffs at issue still have not produced a PFS

Plaintiffs' violation of the Court's discovery orders has impaired and continues to impair Uber's ability to defend itself in this MDL. By not submitting their fact sheets, Plaintiffs unilaterally removed themselves from eligibility for consideration as a future bellwether, directly limiting Uber's available options and undermining the bellwether process. Pretrial Order No. 21 ("PTO 21") at 2, ECF No. 1950 (a Plaintiff must have submitted a PFS to be eligible for inclusion in the bellwether pool). Judge Cisneros recognized this exact danger when imposing the PFS obligation in the prior order regarding another set of plaintiffs, December 19, 2024 Order at 2 (ECF No. 1995), ("Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers.").

The Court has also ordered "[e]ach Plaintiff [to] submit a completed PFS" regardless of whether or not the Plaintiff is selected as a bellwether. PTO 10 at 4. The Plaintiff Fact Sheets contain "information that only [Plaintiffs] possess[] regarding the critical elements of their claims." *In re PPA*, 460 F.3d at 1234. "Given the time pressure on a defendant that must investigate the claims" of numerous plaintiffs in a multidistrict litigation, the "danger of prejudice" stemming from an unproduced PFS is "substantial." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*, 496 F.3d 863, 867 (8th Cir. 2007). In other words, even "if a case is stayed or inactive, a party must be prepared for the court to lift the stay or resume active litigation in whole or in part." December 19, 2024 Order at 2. Plaintiffs who have not submitted a complete and verified PFS do not meet that standard.

Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit the overdue discovery within 14 days of the Court's order, and providing that the Court will dismiss with prejudice the case of any Plaintiff who fails to comply with the extended deadline. This order is warranted given Plaintiffs' disregard of their discovery obligations. It is also consistent with - - and arguably more lenient than - - the decisions of several other courts that have been presented with similar failures to submit the required fact sheets in an MDL. *See, e.g.*, *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with prejudice of cases for failure to submit required fact sheets); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal with prejudice for failure to submit required fact

sheets); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice); *In re Guidant*, 496 F.3d at 865–66 (same); *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (ordering dismissal with prejudice); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 1109553, at *2 (S.D.W. Va. Feb. 28, 2018) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 12844447, at *3 (D.S.C. June 19, 2015) (same); *In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) (ordering dismissal with prejudice for failure to submit plaintiff profile form); *In re Fosamax Prods. Liab. Litig.*, 2010 WL 2465497, at *1 (S.D.N.Y. June 15, 2010) (same); Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858.[1]

### 3.  BACKGROUND

The Plaintiffs in this MDL allege that, after they or someone on their behalf used the Uber App to arrange for rides, Plaintiffs were connected with an independent driver who injured them by committing sexual assault or other sexual misconduct. Pretrial Order No. 1 at 1, ECF No. 2. To "efficiently advance these coordinated proceedings," and "help the parties and the Court to manage the litigation," the Court issued PTO 10. PTO 10 at 2. PTO 10 requires each Plaintiff to "submit a

---

[1] MDL courts have also dismissed cases *with prejudice* for plaintiffs' failure to cure defects in their fact sheets. *E.g.*, *In re Mirena IUD Prods. Liab. Litig.*, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011); *In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618, at *1 (S.D.N.Y. July 27, 2004) (vacating dismissal with prejudice order as to plaintiffs who provided proof of timely and complete discovery and denying reconsideration as to all other plaintiffs). And failure to comply with pretrial orders that impose requirements other than submitting a complete fact sheet frequently results in dismissal with prejudice as well. *E.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (per curiam) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring plaintiffs file declarations with a wet-ink signature); *Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 173–75 (7th Cir. 2016) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring the production of medical and pharmacy records); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 240 (3d Cir. 2013) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring production of specific histories of plaintiffs' exposure to asbestos).

completed PFS, and executed Authorizations, through MDL Centrality." *Id.* at 4. PTO 10 required each Plaintiff whose case was a part of the MDL by March 26, 2024 to submit a PFS within 60 days of that date—*i.e.*, by May 25, 2024. PTO 10 at 5. Each Plaintiff who joined the MDL after March 26, 2024 must file the PFS within 30 days of joining. *Id.* at 6.

On November 1, 2024, Uber and Levin Simes filed a stipulation acknowledging PTO 10's provisions, and agreeing to Levin Simes' request to extend the deadline for Plaintiff Fact Sheets. Stipulation & [Proposed] Order Regarding Certain Fact Sheet Deadlines at 3, ECF No. 1819. The stipulation provided that a PFS "for any Levin Simes Plaintiff who joined the MDL by September 2, 2024 and submitted a Pretrial Order No. 5 information sheet in lieu of a bona fide ride receipt [was] due on November 15, 2024." *Id.* at 4. The Court adopted this stipulation on November 8, 2024. Stipulation & Order Regarding Certain Fact Sheet Deadlines at 7. The 52 Plaintiffs at issue in this motion were subject to that stipulation and subsequent Court order extending their deadlines for providing complete and verified fact sheets and setting a new deadline of November 15, 2024. Shortnacy Decl. ¶ 3.

On December 17, 2024, Uber sent Levin Simes a letter identifying Plaintiffs who had failed to submit timely Plaintiff Fact Sheets. Shortnacy Decl., Ex. B. The letter requested that Plaintiffs provide their overdue discovery by no later than January 3, 2025. *Id.* at 4. The letter further stated that "Uber reserves all rights with respect to any Plaintiff who does not provide the overdue PFS within this timeframe, including the right to move for dismissal with prejudice." *Id.* Each of the Plaintiffs at issue in this dispute is identified in the December 17, 2024 letter. Shortnacy Decl. ¶ 4. None of the Plaintiffs at issue submitted a PFS by January 3, 2025.

On January 30, 2025, Uber submitted a joint discovery letter to Judge Cisneros regarding Plaintiffs' continued non-compliance with the Court's orders. January 30, 2025 Jt. Disc. Letter Br. Judge Cisneros issued an order on January 31, 2025, compelling Plaintiffs to provide complete and verified fact sheets by February 21, 2025. January 31, 2025 Order. That order also stated that, "Any request for dispositive sanctions for noncompliance with this Order may be directed to Judge Breyer in the form of a motion under Civil Local Rule 7-2, to which the plaintiffs at issue may respond under

4

Local Rule 7-3, unless otherwise ordered by Judge Breyer." *Id*. Each of the 52 Plaintiffs at issue in this dispute was subject to the January 31, 2025 Order. Shortnacy Decl. ¶ 5.

The 52 Plaintiffs at issue in this motion *still* have not submitted a PFS. Not when it was originally due under PTO 5. Not after the stipulated extended deadline on November 1, 2024. Not by the time Uber had no choice but to bring the matter to Judge Cisneros's attention on January 30, 2025. Not by the final deadline ordered by Judge Cisneros on February 21, 2025. In sum, months after Plaintiffs' original deadlines for submitting their discovery have passed, Plaintiffs have still not submitted a PFS. As Uber indicated in its January 30, 2025 letter, and as permitted by Judge Cisneros's January 31, 2025 Order, Uber now moves to dismiss these Plaintiffs' cases with prejudice.

## 4. ARGUMENT

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

## II. THE CLAIMS OF THE 52 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with the Court's orders. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

A.      **The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.**

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not submitted their fact sheets months after they were originally due and more than a month after the final extended deadline.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to discovery orders like PTO 10 is particularly important in an MDL, where there are hundreds of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu*, 668 F. App'x at 175 ("Strict adherence to case management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). It is uncontested that here, as in cases like *In re PPA* and *In re Bextra*, Plaintiffs have failed to comply with the Court's orders. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

B.      **The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and Continues to Prejudice Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412.

Plaintiffs' failure to comply with PTO 10 prejudices Uber in this multidistrict litigation. Plaintiffs have directly prejudiced Uber's bellwether selections by failing to provide Plaintiff Fact Sheets. PTO 21 makes it clear that a case is eligible for bellwether selection only if the parties have

completed their fact sheet exchanges by February 21, 2025. PTO 21 at 2. By withholding their fact sheets and ignoring orders from this Court and Judge Cisneros, Plaintiffs unilaterally removed themselves from the bellwether selection pool and directly limited Uber's options. *See* December 19, 2024 Order at 2 ("Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers.").

And separate from the bellwether process, Plaintiffs' continued failure to provide complete and verified discovery prejudices Uber's ability to defend itself in this proceeding. The PFS' primary purpose is "to give [Uber] the specific information necessary to defend the case against it." *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and withholding it prevents Uber from adequately assessing Plaintiffs' cases and mounting an effective defense, *see In re Bextra*, 2007 WL 3022241 at *1 (concluding that without a PFS, defendants could not "defend themselves because they ha[d] no information about the individual plaintiffs or the plaintiffs' injuries outside the allegations of the complaint"). Furthermore, the delay in providing the information also prejudices Uber due to "the loss of evidence and memory that attend the delay, . . . factors that are aggravated by the complexity of this litigation." *In re Bextra*, 2007 WL 3022241 at *1.

In short, given "the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs," failing to provide a PFS creates a "substantial" danger of prejudice. *In re Guidant*, 496 F.3d at 867. That prejudice has been established in this MDL, where approximately 2,100 cases are coordinated, through Plaintiffs' undermining of the bellwether process and will persist so long as Plaintiffs' discovery remains outstanding. Dismissing Plaintiffs' cases with prejudice is a justified consequence.

    **C.**    **The Fourth *Malone* Factor: Plaintiffs' Failure to Provide Fact Sheets Overrides the Public Policy Favoring Disposition on the Merits.**

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d

at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's orders. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with discovery orders).

### D. The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.

The Court must consider the availability of alternative sanctions when deciding whether to dismiss a case with prejudice for non-compliance with discovery orders. *Malone*, 833 F.2d at 131–32. But that does not mean the court must somehow exhaust every possible alternative before ordering dismissal with prejudice. *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

MDL proceedings regularly involve plaintiffs who do not provide complete and verified fact sheets. As has happened here, Plaintiffs' counsel often "proffer[] several excuses" for their clients' non-compliance, including "the difficulty in locating clients, the debilitating nature of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d at 234 ("Plaintiffs' attorneys then filed a second motion for extension of time and explained that they were having technical filing issues, and that they had 'clients that [were] out of town, out of the country, or working offshore and unable to respond to counsel in the 48-day window and [could] not provide the sworn declaration.'" (alterations in original) (citation omitted)). MDL courts frequently dismiss plaintiffs' claims with prejudice notwithstanding these arguments. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2; Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66.

In this case, Plaintiffs' counsel claims they have "made numerous phone calls, sent emails, texts, and written letters, conducted address searches, and even employed an investigator to trace new contact information for these" Plaintiffs. January 30, 2025 Jt. Disc. Letter Br. at 4. But as Judge Cisneros observed in response to this argument previously, even "for the (presumably) vast majority of plaintiffs at issue who have not acted in bad faith but simply failed to provide counsel with current

8
DEFENDANTS' MOTION TO DISMISS LEVIN SIMES CASES
FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS                    Case No. 3:23-MD-3084-CRB

contact information or overlooked counsel's repeated efforts to contact them, the Ninth Circuit has 'made it abundantly clear . . . that litigants must make some reasonable effort to remain in contact with their attorneys and apprised of the status of their cases.'" December 19, 2024 Order at 2 (omission in original) (quoting *Virtual Vision Inc.* v. *Praegitzer Indus., Inc.*, 124 F.3d 1140, 1145 (9th Cir. 1997)). Plaintiffs' counsel's defense of their clients' continued non-compliance with the Court's orders thus proves the point made in this motion - - that these litigants have decided to withdraw from the litigation process entirely, refusing to participate or adhere to any of the court's many orders on this issue regardless of how that prejudices Uber.

PTO 10 makes it clear that each "Plaintiff must submit a completed PFS, and executed Authorizations, through MDL Centrality pursuant to the terms of this Order." PTO 10 at 4. The stipulation the Court adopted reiterates that PTO 10 requires each Plaintiff to submit a completed PFS. Stipulation & Order Regarding Certain Fact Sheet Deadlines at 3, ECF No. 1819. Judge Cisneros's order compelling Plaintiffs to provide the discovery notes the possibility that Uber would seek "dispositive sanctions for noncompliance." January 31, 2025 Order at 1. At some point, there must be consequences for Plaintiffs' continued non-compliance with the Court's orders. Uber respectfully submits that the time is now.

In sum, because of Plaintiffs' repeated and continuing disregard for this Court's discovery orders, the *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and impede the efficient resolution of the cases in this multidistrict litigation.

### III.     PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 AND THE JANUARY 31, 2025 ORDER WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2).

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets

9

this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 10 and the Court's January 31, 2025 Order, and they have not demonstrated that it was impossible for them to comply. Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

## 5.  CONCLUSION

The Court, Plaintiffs' counsel, and Uber have repeatedly notified Plaintiffs of their obligation to provide complete and verified Plaintiff Fact Sheets. Despite this clear notice, Plaintiffs have failed to provide the Court-ordered discovery and have prejudiced Uber in the process. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: May 16, 2025

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
   MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC