MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 293 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04364-CRB<br><br>*Jane Doe LS 231 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04367-CRB<br><br>*Jane Doe LS 144 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04388-CRB<br><br>*Jane Doe LS 112 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05286-CRB<br><br>*Jane Doe LS 284 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05363-CRB<br><br>*Jane Doe LS 126 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05370-CRB<br><br>*Jane Doe LS 265 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05377-CRB<br><br>*Jane Doe LS 200 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05387-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO ENFORCE THE MARCH 26, 2025 ORDER (ECF NO. 2628)**<br><br>Judge: Honorable Charles R. Breyer<br>Date: July 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

| | |
|---|---|
| 1 | *Jane Doe LS 66 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05414-CRB |
| 2 | *Jane Doe LS 317 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05424-CRB |
| 3 | *Jane Doe LS 234 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05433-CRB |
| 4 | |
| 5 | *Jane Doe LS 191 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05573-CRB |
| 6 | *Jane Doe LS 273 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05946-CRB |
| 7 | *Jane Doe LS 470 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05207-CRB |
| 8 | *Jane Doe LS 232 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05327-CRB |
| 9 | |
| 10 | *Jane Doe LS 373 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05328-CRB |
| 11 | *Jane Doe LS 462 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05329-CRB |
| 12 | *Jane Doe LS 226 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05330-CRB |
| 13 | *Jane Doe LS 166 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05331-CRB |
| 14 | |
| 15 | *Jane Doe LS 122 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05332-CRB |
| 16 | *Jane Doe LS 202 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05333-CRB |
| 17 | *Jane Doe LS 416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05335-CRB |
| 18 | *Jane Doe LS 305 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05338-CRB |
| 19 | |
| 20 | *Jane Doe LS 201 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05354-CRB |
| 21 | *Jane Doe LS 189 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05379-CRB |
| 22 | *Jane Doe LS 272 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05390-CRB |
| 23 | *Jane Doe LS 199 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05402-CRB |
| 24 | |
| 25 | *Jane Doe LS 279 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05420-CRB |
| 26 | *Jane Doe LS 139 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05527-CRB |
| 27 | *Jane Doe LS 487 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05611-CRB |
| 28 | |

| | |
|---|---|
| 1 | *Jane Doe LS 141 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05634-CRB |
| 2 | *Jane Doe LS 423 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05676-CRB |
| 3 | *Jane Doe LS 491 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05678-CRB |
| 4 | |
| 5 | *Jane Doe LS 441 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05751-CRB |
| 6 | *Jane Doe LS 518 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05761-CRB |
| 7 | *Jane Doe LS 319 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05800-CRB |
| 8 | *Jane Doe LS 484 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05824-CRB |
| 9 | |
| 10 | *Jane Doe LS 4 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05861-CRB |
| 11 | *Jane Doe LS 368 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05898-CRB |
| 12 | *Jane Doe LS 274 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05902-CRB |
| 13 | *Jane Doe LS 359 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05908-CRB |
| 14 | |
| 15 | *Jane Doe LS 342 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05913-CRB |
| 16 | *Jane Doe LS 304 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05914-CRB |
| 17 | *Jane Doe LS 369 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05915-CRB |
| 18 | *Jane Doe LS 269 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05922-CRB |
| 19 | |
| 20 | *Jane Doe LS 93 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05925-CRB |
| 21 | *Jane Doe LS 7 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05926-CRB |
| 22 | *Jane Doe LS 504 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05928-CRB |
| 23 | *Jane Doe LS 180 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05936-CRB |
| 24 | |
| 25 | *Jane Doe LS 119 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05937-CRB |
| 26 | *Jane Doe LS 197 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06003-CRB |
| 27 | *Jane Doe LS 314 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06016-CRB |
| 28 | |

1  *Jane Doe LS 188 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06022-CRB
2  *Jane Doe LS 230 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06026-CRB
3  *Jane Doe LS 209 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06033-CRB
4  
5  *Jane Doe LS 532 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06927-CRB
6  *Jane Doe LS 534 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07142-CRB

## NOTICE OF MOTION TO ENFORCE

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on July 11, 2025 at 10:00 AM, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing without prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with the Court's discovery orders.

This Motion is made pursuant to the March 26, 2025 Order (ECF No. 2628); Pretrial Order No. 10 (ECF No. 348); Judge Cisneros's December 19, 2024 Order (ECF No. 1995); and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the previous Motion to Dismiss briefing regarding the same (ECF Nos. 2358, 2479); the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

| | |
|---|---|
| DATED: May 16, 2025 | Respectfully submitted, |</br></br>**SHOOK HARDY & BACON L.L.P.**</br></br>By: */s/ Michael B. Shortnacy*</br>        Michael B. Shortnacy</br></br>**SHOOK, HARDY & BACON L.L.P**.</br>ALYCIA A. DEGEN</br>MICHAEL B. SHORTNACY</br>PATRICK L. OOT, JR.</br>CHRISTOPHER V. COTTON</br></br>*Attorneys for Defendants*</br>UBER TECHNOLOGIES, INC.,</br>RASIER, LLC, and RASIER-CA, LLC |

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

The final deadline for the Levin Simes LLP ("Levin Simes") Plaintiffs to submit Plaintiff Fact Sheets ("PFS") has come and gone, and 47 Plaintiffs failed to file the required PFS by the final April 9, 2025 deadline. These 47 litigants have decided to withdraw from the litigation process entirely, refusing to participate or adhere to any of the Court's many orders on this issue. As a result, these 47 Plaintiffs' cases should now be dismissed as per this Court's March 26, 2025 Order ("March 26 Order"). ECF. No. 2628 at 5. Dismissal of these 47 cases is a justified consequence of Plaintiffs continued non-compliance.

Uber now requests that the Court enforce its March 26 Order and dismiss without prejudice the 47 cases identified in the accompanying Michael Shortnacy Declaration.

### BACKGROUND

On March 26, 2025, this Court entered an order following briefing on Uber's Motion to Dismiss.[1] ECF. No. 2628 at 5. That Order provided that "[e]ach Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet within 14 days of this Order." *Id.* As a result, the Levin Simes Plaintiffs subject to the March 26 Order were required to submit their PFS by April 9, 2025. *See id.* If a complete and verified PFS was not provided by the final April 9, 2025 deadline, then the "Court will dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1 of this Order." *Id.*

The March 26 Order also required Uber to "submit a declaration within 21 days of this Order, identifying which, if any, Plaintiffs have not complied with the Court's Order as of that date." On April 16, 2025, counsel for Uber submitted the Declaration of Michael B. Shortnacy ("Uber Declaration") which provided a list of Plaintiffs subject to the Court's March 26 Order who had not submitted a PFS.

In addition, the March 26 Order also provided that if Levin Simes "disagrees with the inclusion of any Plaintiff(s) identified in Uber's declaration, Levin Simes shall submit a declaration 28 days of

---

[1] For a more robust background on the Levin Simes Plaintiffs failure to provide PFS, see Uber's background section from its previous Motion to Dismiss (ECF No. 2358 at 3-5).

1  this Order, identifying the date when such Plaintiff(s) submitted a complete and verified Plaintiff Fact
2  Sheet." ECF No. 2628 at 5. On April 23, 2025, Levin Simes submitted the Declaration of William
3  A. Levin ("Levin Simes Declaration"). ECF No. 2844. The Levin Simes Declaration provided a list
4  of eleven (11) Plaintiffs that allegedly submitted a complete and verified PFS. *Id.* at 2. Two of the
5  eleven Plaintiffs listed in the Levin Simes Declaration listed the submission date of their PFS after the
6  April 9, 2025 deadline. *See id.* ("Jane Does LS 191, submitted April 11, 2025" and "Jane Doe LS 269,
7  submitted April 22, 2025").[2] Additionally, the Levin Simes Declaration provided that four Plaintiffs
8  "should not be dismissed as they have not been able to complete their PFS due to incarceration." *Id.*
9  at 2-3. Finally, the Declaration stated that three of the plaintiffs were "deceased," but does not take a
10 position as to whether these plaintiffs should be dismissed. *See id.* at 3.

**ARGUMENT**

**I.    The Court Should Enforce Its March 26, 2025 Order**

13    The Levin Simes Plaintiffs had an abundant amount of time and opportunities to cure their
14 non-compliance. On March 26 the Court issued a final order compelling Plaintiffs to submit the
15 overdue discovery within 14 days of the Court's order, and providing that the Court will dismiss
16 without prejudice the case of any Plaintiff who fails to comply with the extended deadline. That
17 deadline—April 9, 2025—has come and gone and 47 Plaintiffs failed to submit a timely PFS. The
18 principal facts are entirely undisputed: there are 47 Plaintiffs who have ignored the Court's multiple
19 orders, failed to provide required discovery, and, by Levin Sime's own admission, are not engaged
20 with this litigation.

21    Despite a clear final notice and deadline for providing Plaintiff Fact Sheets, 47 Levin Simes
22 Plaintiffs have failed to provide Court-ordered discovery and have prejudiced Uber in the process.
23 Now, the Court should enforce its March 26 Order and take the same approach as other MDL courts
24 and dismiss those Plaintiffs' claims.[3] This action is warranted given Plaintiffs' disregard of their

---

[2]  At this time, Uber will not seek the dismissal of these two Plaintiffs who filed their PFS after the final April 9, 2025 deadline. However, Uber does not waive its right to seek dismissal of these two cases for failure to fully complete the PFS and/or other deficiencies.
[3]  *E.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232–34 (9th Cir. 2006) (affirming dismissal for failure to submit required fact sheets); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), 2007 WL 136625, at *2 (N.D. Cal. Jan. 12,

discovery obligations.

### a. The Incarcerated and Deceased Levin Simes Plaintiffs Should Be Dismissed For Failing to Comply With The Court's Order

For the first time, in submission with their Declaration following the Court's March 26 Order, Plaintiffs notified Uber that four of the Plaintiffs were incarcerated, and three of the Plaintiffs were deceased. *See* Decl. of William A Levin, ECF No. 2844 at 2-3. Neither of these situations excuses these Plaintiffs from failing to submit the court-ordered discovery.

"Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, or fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 10 and the Court's March 26 Order, and they have not demonstrated that it was impossible for them to comply. Plaintiffs Declaration says nothing about the incarcerated or deceased plaintiffs' estates ability to comply with the Court's discovery orders. In fact, Plaintiffs' Declaration provides zero information regarding the steps Levin Simes has taken to complete a PFS for these individuals. There is no dispute then that each of these Plaintiffs has, in fact, blown the deadline under the PTO 10 to provide a Plaintiff Fact Sheet by several months, as well as the Court's final April 9, 2025 deadline. As a result, dismissal without prejudice is thus warranted under Rule 37 for these incarcerated and/or deceased Plaintiffs. *In re PPA*, 460 F.3d at 1233.

---

2007) (Breyer, J.) (ordering dismissal for failure to submit required fact sheets); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865–66 (8th Cir. 2007) (affirming dismissal in cases where plaintiffs failed to submit timely fact sheets); *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (ordering dismissal); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 1109553, at *2 (S.D.W. Va. Feb. 28, 2018) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 12844447, at *3 (D.S.C. June 19, 2015) (same); *In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig.* (No. II), 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) (ordering dismissal for failure to submit plaintiff profile form); *In re Fosamax Prods. Liab. Litig.*, 2010 WL 2465497, at *1 (S.D.N.Y. June 15, 2010) (same); Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858.

## CONCLUSION

For the foregoing reasons, the Court should enforce its March 26, 2025 Order and dismiss without prejudice the 47 cases that Plaintiffs have failed to submit a Plaintiff Fact Sheet.

DATED: May 16, 2025                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
     Michael B. Shortnacy

**SHOOK, HARDY & BACON L.L.P**.
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC