1  LAURA VARTAIN (SBN: 258485)
       laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
   555 California Street, 30th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1625
4
   ALLISON M. BROWN (*Pro Hac Vice* admitted)
5      allison.brown@kirkland.com
   JESSICA DAVIDSON (*Pro Hac Vice* admitted)
6      jessica.davidson@kirkland.com
   601 Lexington Avenue
7  New York, NY 10022
   Telephone: (212) 446-4723
8
   Attorneys for Defendants
9  UBER TECHNOLOGIES, INC., RASIER, LLC, and
   RASIER-CA, LLC
10
   [Additional Counsel Listed on Following Pages]
11
                    **UNITED STATES DISTRICT COURT**
12
                    **NORTHERN DISTRICT OF CALIFORNIA**
13
                         **SAN FRANCISCO DIVISION**
14

15

16 | IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
|---|---|
| | **DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO TRANSFER** |
| This Document Relates to: | |
| *A.R. v. Uber Technologies, Inc.*, et al., No. 24-cv-01827 | Judge: Hon. Charles R. Breyer |
| *D.J. v. Uber Technologies, Inc.*, et al., No. 3:24-cv-07228 | Courtroom: Courtroom 6 – 17th Floor |
| *A.G. v. Uber Technologies, Inc.*, et al., No. 3:24-cv-01915 | |
| *A.R. 2 v. Uber Technologies, Inc.*, et al., No. 3:24-cv-07821 | |
| *B.L. v. Uber Technologies, Inc.*, et al., No. 24-cv-7940 | |
| *C.L. v. Uber Technologies, Inc.*, et al., No. 3:23-cv-04972 | |

SAUERWEIN DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

1 | *J.E. v. Uber Technologies, Inc.*, et al., No. 3:24-cv-03335

*Jane Doe QLF 0001 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08387-CRB

*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708

*K.E. v. Uber Technologies, Inc.*, et al., No. 3:24-cv-05281-CRB

*Amanda Lazio v. Uber Technologies, Inc.*, No. 3:24-cv-08937-CRB

*LCHB128 v. Uber Technologies, Inc.*, et al., No. 3:24-cv-7019

*T.L. v. Uber Technologies, Inc., et al.*, No. 23-cv-9217

*WHB 318 v. Uber Technologies*, Inc., No. 3:24-cv-04889

*WHB 407 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05028

*WHB 823 v. Uber Technologies, Inc.*, No. 3:24-cv-4900

*WHB 1486 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04803

*WHB 1876 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05230

*WHB 1898 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05027

*Jane Roe CL 68 v. Uber Technologies Inc., et al.*, No. 3:24-cv-06669-CRB

SAUERWEIN DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

| | |
|---|---|
| 1 | SABRINA H. STRONG (SBN: 200292) |
| | sstrong@omm.com |
| 2 | JONATHAN SCHNELLER (SBN: 291288) |
| | jschneller@omm.com |
| 3 | **O'MELVENY & MYERS LLP** |
| | 400 South Hope Street, 19th Floor |
| 4 | Los Angeles, CA 90071 |
| | Telephone: (213) 430-6000 |
| 5 | Facsimile: (213) 430-6407 |
| 6 | PATRICK L. OOT, JR. (*Pro Hac Vice* admitted) |
| | oot@shb.com |
| 7 | **SHOOK, HARDY & BACON, LLP** |
| | 1800 K Street NW, 10th Floor |
| 8 | Washington, DC 20006 |
| | Telephone: (202) 783-8400 |
| 9 | Facsimile: (202) 783-4211 |
| 10 | ALYCIA A. DEGEN (SBN: 211350) |
| | adegen@shb.com |
| 11 | MICHAEL B. SHORTNACY (SBN: 277035) |
| | mshortnacy@shb.com |
| 12 | 2121 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| 13 | Telephone: (424) 285-8330 |
| | Facsimile: (424) 204-9093 |
| 14 | |
| 15 | CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted) |
| | ccotton@shb.com |
| 16 | 255 Grand Boulevard |
| | Kansas City, MO 64108 |
| | Telephone: (816) 474-6550 |
| 17 | Facsimile: (816) 421-5547 |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

SAUERWEIN DECLARATION IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

# DECLARATION OF PETER SAUERWEIN

I, Peter Sauerwein, hereby declare pursuant to 28 U.S.C. § 1746:

1.  I am over the age of 18 and a resident of Seattle, Washington. I submit this declaration in support of the Defendants Uber Technologies, Inc., Rasier LLC, and Rasier-CA LLC's (collectively "Uber") Motion to Transfer (the "Motion"). I have personal knowledge of each fact stated in this declaration and, if called as a witness, I could and would competently and truthfully testify thereto. I am authorized to make these statements on behalf of Uber.

2.  I am currently employed at Uber as the Senior Manager for Corporate Business Operations. Prior to my current role, I was employed by Uber from November 2016 through January 2021. I was first employed as an Operations and Logistics Manager in Denver, Colorado, from November 2016 through August 2018, and a Senior Operations and Logistics Manager in Denver, Colorado, from August 2018 through January 2019. In January 2019, I moved to San Francisco and became Head of Regulatory Strategy and Operations for the U.S. West region. Then, starting in November 2020, I was employed as Territory Lead for UberEats, and I remained in that role until I left the company in January 2021. I returned to Uber in April 2022 as the Senior Manager for Corporate Business Operations.

3.  As a result of my position with Uber, I have access to Uber's business records regarding users' accounts. In the ordinary course of its business, Uber maintains records regarding when and how users register for an account, when users indicate consent to Terms of Use, and the Terms of Use in effect and as amended from time to time. As a result of my position with Uber, I also have access to these records and am personally familiar with them.

4.  In the regular course of its business, Uber maintains electronic records showing when and how users register for an account, when and how users confirm their agreement to the Terms of Use (either when first registering for an account or when agreeing to updated versions of the Terms of Use), and the Terms of Use themselves. This information is stored in a secure and permission-based manner and cannot be accessed by unauthorized users. Authorized Uber personnel with the permissions to access and read this information, such as myself, may access

agreement to the Terms of Use and the updated versions of the Terms of Use.

**UBER'S TERMS OF USE AND FORUM-SELECTION CLAUSE**

5. In the regular course of its business, Uber stores electronic copies of each version of the Terms of Use and updated Terms of Use, including information documenting when each version was in effect. Uber identifies each version of the Terms of Use by the date on which that version became effective. As Senior Manager for Corporate Business Operations, I am personally familiar with and have access to those records.

6. When a user registers for an Uber account, the user must agree to the Terms of Use then in effect before the user is able to utilize the Uber App.[1]

7. Uber periodically updates the Terms of Use and, as of January 18, 2021, as a condition of their continued use of the Uber App, users are required to agree to these updated versions.

8. Beginning on January 18, 2021, the Terms of Use contained a "Forum-Selection Clause," which stated:

> Notwithstanding the foregoing, any dispute, claim, or controversy arising out of or relating to incidents or accidents resulting in personal injury (including but not limited to sexual assault or harassment claims) that you allege occurred in connection with your use of the Services, whether before or after the date you agreed to these Terms, shall be brought exclusively in the state or federal courts in the state in which the incident or accident occurred, notwithstanding that other courts may have jurisdiction over the parties and subject matter, and except as may be otherwise provided in the [Arbitration Agreement or supplemental terms applicable to your region], to the extent permitted by law.

9. Attached as **Exhibit A** is a true and correct copy of the Terms of Use dated January 18, 2021, in the form in which they would have been presented to Plaintiffs through the process described above. The Forum-Selection Clause appears on pages 13-14.

10. Attached as **Exhibit B** is a true and correct copy of the Terms of Use dated and effective as of April 14, 2021.

11. Attached as **Exhibit C** is a true and correct copy of the Terms of Use dated and

---

[1] Uber's Terms of Use have at times also been referred to as "Terms of Service" or "Terms & Conditions." For ease of reference, only the term "Terms of Use" is used herein.

- 2 -
DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

1    effective as of July 12, 2021.

2        12.    The Forum-Selection Clause has not materially changed since January 18, 2021.

3        13.    19 of the 20 Bellwether Plaintiffs signed up for an Uber account prior to January 18, 2021 and continued to have an Uber account after January 18, 2021. In my position as Senior Manager for Corporate Business Operations, I am personally familiar with and have access to electronic records showing these Bellwether Plaintiffs' agreement to the Terms of Use and the updated versions of the Terms of Use.

    14.    According to Uber's electronic business records of those 19 Plaintiffs' accounts, each electronically executed and assented to Uber's Terms of Use. Attached as **Exhibit D** is a chart reflecting a list of the Bellwether Plaintiffs, as well as the most recent date on which the Plaintiff assented to the Terms of Use (based on Exhibits E-Q, below).

    15.    As reflected in Exhibit D, for the 13 Bellwether Plaintiffs for whom transfer is sought, the most recent version of the Terms of Use to which they assented is a version dated on or after January 18, 2021—the date on which the Terms of Use started including the forum-selection clause.

    16.    Attached as **Exhibit E** is a true and correct copy of a printout of Plaintiff WHBE 1486's "Checkbox Consent History" report. This document was produced to Plaintiffs under Bates Number UBER-MDL3084-BW-00000338.

    17.    Attached as **Exhibit F** is a true and correct copy of a printout of Plaintiff WHBE 1876's "Checkbox Consent History" report This document was produced to Plaintiffs under Bates Number UBER-MDL3084-BW-00000674.

    18.    Attached as **Exhibit G** is a true and correct copy of a printout of Plaintiff LCHB128's "Checkbox Consent History" report This document was produced to Plaintiffs under Bates Number UBER-MDL3084-BW-00000807.

    19.    Attached as **Exhibit H** is a true and correct copy of a printout of Plaintiff Jaylynn Dean's "Checkbox Consent History" report. This document was produced to Plaintiffs under Bates Number UBER-MDL3084-BW-00000041.

- 3 -
DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

1  20. Attached as **Exhibit I** is a true and correct copy of a printout of Plaintiff C.L.'s
2  "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
3  Number UBER-MDL3084-BW-00000068.

4  21. Attached as **Exhibit J** is a true and correct copy of a printout of Plaintiff A.G.'s
5  "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
6  Number UBER-MDL3084-BW-00000202.

7  22. Attached as **Exhibit K** is a true and correct copy of a printout of Plaintiff WHB
8  1898's "Checkbox Consent History" report.  This document was produced to Plaintiffs under
9  Bates Number UBER-MDL3084-BW-00000673.

10  23. Attached as **Exhibit L** is a true and correct copy of a printout of Plaintiff A.R.'s
11  "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
12  Number UBER-MDL3084-BW-00000141.

13  24. Attached as **Exhibit M** is a true and correct copy of a printout of Plaintiff T.L.'s
14  "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
15  Number UBER-MDL3084-BW-00001408.

16  25. Attached as **Exhibit N** is a true and correct copy of a printout of Plaintiff WHB
17  407's "Checkbox Consent History" report.  This document was produced to Plaintiffs under Bates
18  Number UBER-MDL3084-BW-00000510.

19  26. Attached as **Exhibit O** is a true and correct copy of a printout of Plaintiff WHB
20  318's "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
21  Number UBER-MDL3084-BW-00000399.

22  27. Attached as **Exhibit P** is a true and correct copy of a printout of Plaintiff WHB
23  832's "Checkbox Consent History" report  This document was produced to Plaintiffs under Bates
24  Number UBER-MDL3084-BW-00000473.

25  28. Attached as **Exhibit Q** is a true and correct copy of a printout of Plaintiff J.E.'s
26  "Checkbox Consent History" report.  This document was produced to Plaintiffs under Bates
27  Number UBER-MDL3084-BW-00000274.

28

- 4 -
DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

29. The Checkbox Consent History reports were generated as follows:

30. When Uber updates its Terms of Use, all users are presented in the Uber App with a blocking pop-up screen that has a heading stating "We've updated our terms." The pop-up screen also states, in large type, "We encourage you to read our Updated Terms in full." Under that message, the phrases "Terms of Use" and "Privacy Notice" appear underlined and in bright blue text, setting the text apart from other text on the screen and indicating that each is a hyperlink. When a user clicks on the "Terms of Use" or "Privacy Notice" hyperlinks, the user is brought to the page of Uber's website displaying the current version of that document. The pop-up screen precludes the use of the Uber App unless or until a user clicks the checkbox on the screen and clicks the large "Confirm" button at the bottom of the screen. The pop-up screen expressly states "By checking the box, I have reviewed and agree to the Terms of Use and acknowledge the Privacy Notice." It also states "I am at least 18 years of age."

31. Based upon my personal knowledge arising from my position and job duties at Uber, the in-app blocking pop-up screen precluded the use of the Uber app unless and until a user clicked the checkbox on the screen ***and*** clicked the large "Confirm" button at the bottom of the screen. Attached hereto as **Exhibit R** is a true and correct copy of a representation of the in-app blocking pop-up screen that each of these Plaintiffs would have experienced each time they were presented with an updated version of the Terms of Use.

32. Based upon my personal knowledge arising from my position and job duties at Uber, when a user is presented with the in-app blocking pop-up screen (described in paragraph 30 of this declaration) and clicks the checkbox, then clicks the "Confirm" button, a record of this consent is simultaneously and electronically captured, recorded, maintained, safeguarded, and stored in a database in the regular course of Uber's business at the time of the events being recorded. This record is linked to the user's unique identifier associated with the user's account, which is located through the email address and/or mobile telephone number used to access the Uber platform.

33. Each Plaintiff's Checkbox Consent History report (Exhibits E-Q) was generated

- 5 -
DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB

1  by entering their unique identifying numbers and/or Phone Number or Email Address in Uber's
2  database. I am personally familiar with the contents of the Checkbox Consent History reports
3  attached as Exhibits E-Q.

4      34.    The information contained in the Checkbox Consent History reports was created
5  during the regular course of business at Uber, at or around the time that each Plaintiff recorded
6  her consent to Uber's Terms of Use. At the time period covered by the Checkbox Consent
7  History reports, it was Uber's regular business practice to record the type of information
8  contained in the Checkbox Consent History reports as each user records her consent. This
9  continues to be Uber's regular business practice.

10      35.    The information contained in the Checkbox Consent History reports was and
11  continues to be relied upon by Uber in the conduct of its business.

12      I declare under the penalty of perjury under the laws of the United States that the
13  foregoing is true and correct.

14      Executed at Seattle, Washington, on May 16, 2025.

*Peter Sauerwein*

PETER SAUERWEIN

- 6 -
DECLARATION OF PETER SAUERWEIN IN SUPPORT OF DEFENDANTS' MOTION TO TRANSFER
CASE NO. 3:23-MD-03084-CRB