1  LAURA VARTAIN (SBN: 258485)
      laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
3  555 California Street, 30th Floor
   San Francisco, CA 94104
4  Telephone: (415) 439-1625

5  ALLISON M. BROWN (*Pro Hac Vice* admitted)
      allison.brown@kirkland.com
6  JESSICA DAVIDSON (*Pro Hac Vice* admitted)
      jessica.davidson@kirkland.com
7  **KIRKLAND & ELLIS LLP**
8  601 Lexington Avenue
   New York, NY 10022
9  Telephone: (212) 446-4723

10 Attorneys for Defendants
11 UBER TECHNOLOGIES, INC., RASIER, LLC, and
   RASIER-CA, LLC
12
   *[Additional Counsel Listed on Following Pages]*
13
                    **UNITED STATES DISTRICT COURT**
14
                    **NORTHERN DISTRICT OF CALIFORNIA**
15
                          **SAN FRANCISCO DIVISION**
16

17
18 | IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
|---|---|
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL DOCUMENTS ATTACHED AS EXHIBITS TO MOTION TO TRANSFER** |
| This Document Relates to: | |
| *A.R. v. Uber Technologies, Inc., et al.*, No. 24-cv-01827 | |
| *D.J. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07228 | Judge: Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |
| *A.G. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-01915 | |
| *A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07821 | |

| | |
|---|---|
| 1 | *B.L. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-7940 |
| 2 | |
| 3 | *C.L. v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04972 |
| 4 | |
| 5 | *J.E. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-03335 |
| 6 | *Jane Doe QLF 0001 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08387-CRB |
| 7 | |
| 8 | *Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 |
| 9 | *K.E. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05281-CRB |
| 10 | |
| 11 | *Amanda Lazio v. Uber Technologies, Inc.*, No. 3:24-cv-08937-CRB |
| 12 | |
| 13 | *LCHB128 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-7019 |
| 14 | *T.L. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-9217 |
| 15 | |
| 16 | *WHB 318 v. Uber Technologies, Inc.*, No. 3:24-cv-04889 |
| 17 | |
| 18 | *WHB 407 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05028 |
| 19 | *WHB 832 v. Uber Technologies, Inc.*, No. 3:24-cv-4900 |
| 20 | |
| 21 | *WHB 1486 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04803 |
| 22 | |
| 23 | *WHB 1876 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05230 |
| 24 | *WHB 1898 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05027 |
| 25 | |
| 26 | *Jane Roe CL 68 v. Uber Technologies Inc., et al.*, No. 3:24-cv-06669 |
| 27 | |
| 28 | |

1  SABRINA H. STRONG (SBN: 200292)
      sstrong@omm.com
2  JONATHAN SCHNELLER (SBN: 291288)
      jschneller@omm.com
3  **O'MELVENY & MYERS LLP**
4  400 South Hope Street, 19th Floor
   Los Angeles, CA 90071
5  Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
6
7  PATRICK L. OOT, JR. (*Pro Hac Vice* admitted)
      oot@shb.com
8  **SHOOK, HARDY & BACON, LLP**
   1800 K Street NW, 10th Floor
9  Washington, DC 20006
   Telephone: (202) 783-8400
10 Facsimile: (202) 783-4211

11
   ALYCIA A. DEGEN (SBN: 211350)
12    adegen@shb.com
   MICHAEL B. SHORTNACY (SBN: 277035)
13    mshortnacy@shb.com
   **SHOOK, HARDY & BACON, LLP**
14 2121 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
15 Telephone: (424) 285-8330
   Facsimile: (424) 204-9093
16

17 CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted)
      ccotton@shb.com
18 **SHOOK, HARDY & BACON, LLP**
   255 Grand Boulevard
19 Kansas City, MO 64108
20 Telephone: (816) 474-6550
   Facsimile: (816) 421-5547

21

22

23

24

25

26

27

28

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 3:23-MD-03084-CRB

**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING**

**CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 79-5(c) and (f)(3), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this Administrative Motion to Seal Documents Attached as Exhibits to Motion to Transfer, contemporaneously filed with this motion on May 16, 2025 ("Defendants' Motion").

**I.    BACKGROUND AND REQUESTED SEALING**

Defendants' Motion concerns Exhibits E-G and I-Q attached to the Motion to Transfer.[1] Defendants seek only to redact Plaintiffs' names from Checkbox Consent History exhibits for Plaintiffs who have filed anonymously pursuant to the Court's order finding that "the plaintiffs' need to proceed anonymously outweighs the prejudice to the defendants and the public's interest in knowing the parties' identities" and permitting anonymous filings. ECF 147, 174. Plaintiffs support this motion to seal Plaintiffs' names in these exhibits.

| Document | Description | Designating Party |
|---|---|---|
| Exhibit E: Checkbox Consent History (WHBE 1486) | Redaction of Plaintiff's name | Uber |
| Exhibit F: Checkbox Consent History (WHB 1876) | Redaction of Plaintiff's name | Uber |
| Exhibit G: Checkbox Consent History (LCHB128) | Redaction of Plaintiff's name | Uber |
| Exhibit I: Checkbox Consent History (C.L.) | Redaction of Plaintiff's name | Uber |
| Exhibit J: Checkbox Consent History (A.G.) | Redaction of Plaintiff's name | Uber |
| Exhibit K: Checkbox Consent History (WHB 1898) | Redaction of Plaintiff's name | Uber |
| Exhibit L: Checkbox Consent History (A.R.) | Redaction of Plaintiff's name | Uber |

---

[1] Exhibit H is the Checkbox Consent History that was created for Plaintiff Jaylynn Dean, who has chosen not to proceed anonymously. Defendants are not seeking to redact her name.

| | | |
|---|---|---|
| Exhibit M: Checkbox Consent History (T.L.) | Redaction of Plaintiff's name | Uber |
| Exhibit N: Checkbox Consent History (WHB 407) | Redaction of Plaintiff's name | Uber |
| Exhibit O: Checkbox Consent History (WHB 318) | Redaction of Plaintiff's name | Uber |
| Exhibit P: Checkbox Consent History (WHB 832) | Redaction of Plaintiff's name | Uber |
| Exhibit Q: Checkbox Consent History (J.E.) | Redaction of Plaintiff's name | Uber |

The Plaintiffs' names in Exhibits E-G and I-Q which are attached to Defendants' Motion to Transfer Venue should be maintained under seal for the same reasons that the Court previously found when it ordered that Plaintiffs may maintain their anonymity. [ECF 147, 174]. The Court has ruled that Plaintiffs have a privacy interest in maintaining anonymity in this suit, and there is no prejudice to the Plaintiffs or Defendants since they are already aware of the identities of the Plaintiffs. Defendants therefore submit this statement requesting that the Court seal under Local Rule 79-5(f)(3) for the reasons set forth below.

**II.    LEGAL STANDARD**

Courts ruling on a request to seal information or documents must "conscientiously balance[] the competing interests of the public and the party who seeks to keep certain judicial records secret." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1097 (9th Cir. 2016). The presumption of public access is overcome where documents or information are the type "traditionally kept secret," *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006), such as "sources of business information that might harm a litigant's competitive standing." *Ctr. for Auto Safety*, 809 F.3d at 1097 (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

Where the information or document to be sealed "is more than tangentially related to the underlying cause of action," courts apply the "compelling reasons" standard, and otherwise apply the lower "good cause" standard of Rule 26(c) in contexts where "[t]here is no tradition of public access" and "the public is not presumed to have a right of access to it." *Ctr. for Auto Safety*, 809 F.3d at 1097-99 (quoting *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986) and *Seattle Times*

- 2 -
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL
CASE NO. 3:23-MD-03084-CRB

1  *Co. v. Rhinehart*, 467 U.S. 20, 33 (1984)). Ultimately, "[w]hat constitutes a 'compelling reason' is
2  'best left to the sound discretion of the trial court.'" *Id.* at 1097.

3      Regardless of which standard applies here, a party may preserve his or her anonymity in a case "in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity" *Doe v. Revature, LLC*, 2022 WL 7631541, *2 (W.D. Wash. Oct. 13, 2022)—precisely the finding this Court has already made in allowing Plaintiffs to proceed anonymously [ECF 147, 174]. Courts will find that filing anonymously will not prejudice a defendant where a defendant already knows the identity of a plaintiff. *Doe v. Lee*, 2014 WL 630936, *2 (N.D. Cal. Feb. 18, 2014) (finding no prejudice where plaintiff initially filed her complaint under her true name in the public record and served the defendant with a copy of it, so he already knew her identity).

    Courts often find "compelling reasons" exist to seal the names of plaintiffs in a court action where there is a strong privacy interest in protecting their identities. *F.R. by and through Litem v. Santa Clara Unified Sch. Dist.*, 2024 WL 3696482, *3 (N.D. Cal. Aug. 6, 2024) (sealing minor Plaintiff's name under compelling reasons standard); *Meyers v. Kaiser Foundation Health Plan, Inc.*, 2019 WL 120657, *2 (N.D. Cal. Jan. 6, 2019) (sealing parties' filings that included name of Plaintiff's minor daughter). In addition, courts in this Circuit "routinely seal … personal identifying information under the [more stringent] compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023).

### III.   PLAINTIFFS' NAMES SHOULD BE KEPT UNDER SEAL

    The redacted exhibits at issue are Checkbox Consent Histories, which are Uber documents documenting each Plaintiff's electronic consent to the terms of service. Defendants seek to redact only Plaintiffs' names in Exhibits E-G and I-Q, given their decision to proceed anonymously in this litigation. This Court has already ordered that Plaintiffs may proceed anonymously because their need to do so outweighs any prejudice to the defendants and the public's interest in knowing the parties' identities. [ECF 147, 174]. For the same reasoning, Defendants (with Plaintiffs' support) request that this Court allow Defendants' to redact Plaintiffs' names in Exhibits E-G and I-Q.

### A. There Are Compelling Reasons To Redact Plaintiffs' Names

The redactions to Exhibits E-G and I-Q are very narrow and are confined only to the names of the Plaintiffs.

Given the very limited legitimate public interest in disclosure of the names of the Plaintiffs in this case, these redactions should be maintained under seal under the "compelling reasons" standard. *See, e.g.*, *Revature,* 2022 WL 7631541, at *2; *Lee*, 2014 WL 630936, at *2. Without these redactions, the Court's orders allowing these Plaintiffs to proceed anonymously [ECF 147, 174] would be rendered a nullity. Even aside from these orders, publicly disclosing Plaintiffs' names would allow their identities to be connected with every publicly available document regarding their case and this litigation. *See F.R. by and through Litem*, 2024 WL 3696482, *3; *Meyers*, 2019 WL 120657, *2.

### B.     Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm

No less restrictive alternative to sealing the documents at issue is sufficient. The redactions to the Exhibits have already been very narrowly tailored so as to redact only the Plaintiffs' names, and neither party seeks to redact the exhibits in full. Actions short of sealing these portions of the Exhibits would not adequately protect Plaintiffs' privacy interests.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the unredacted Exhibits in support of the Motion to Transfer be maintained under seal.

Dated: May 16, 2025                                            **O'MELVENY AND MYERS LLP**


By: /s/ Sabrina H. Strong

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON, LLP**
PATRICK L. OOT, JR.
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
CHRISTOPHER V. COTTON

*Counsel for Defendants*