# EXHIBIT A

```
1  ROOPAL P. LUHANA
   Chaffin Luhana LLP
2  600 Third Avenue
   12th Floor
3  New York, NY 10016
   Telephone: (888) 480-1123
4  Facsimile: (888) 499-1123
   Email: luhana@chaffinluhana.com
5
   Attorneys for Plaintiff
6
```

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
|---|---|
| This Document Relates to: *A.R. v. Uber Technologies, Inc., et al.* Case No. 3:24-cv-01827 | PLAINTIFF A.R.'S REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR PRODUCION, SET ONE |

PROPOUNDING PARTIES:    **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S**

RESPONDING PARTY:    **PLAINTIFF A.R.**

SET NO.**:**    **ONE**

and to that extent is intrusive of the attorney-client privilege and work-product protections.

Plaintiff objects that this request is unnecessarily duplicative of discovery requests 1-3 in this Set. As to such documents, Plaintiff reasserts, as if stated in full, the objections stated in her respective responses to such requests and directs Defendant to answer and productions made in response to such Requests.

If this request seeks production of materials relevant to a computation of compensatory damages for emotional or mental distress, Plaintiff objects on the basis that this information is generally more appropriately established by reference to Plaintiff's own testimony regarding such distress. *See, e.g., Estate of Gonzalez v. Hickman,* No. CV 05-00660 MMM (RCx), 2007 U.S. Dist. LEXIS 84390, at *11 (C.D. Cal. June 28, 2007). Furthermore, Plaintiff intends to produce expert testimony as to this question. As such, because Propounding Parties have access to "a number of discovery tools through which it can obtain the information it seeks," it is appropriate to limit the discovery at this time. *In re eBay Seller Antitrust Litig.*, No. C 07-1882 JF (RS), 2008 U.S. Dist. LEXIS 102815, at *6 (N.D. Cal. Dec. 11, 2008); *see also* Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: there are no **responsive and relevant documents and/or communications** in Plaintiff's possession, custody, and control. Additionally, Plaintiff has already produced to Defendants medical record releases that allow Defendants to independently obtain medical treatment documents that relate to the Subject Incident.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 5**:

ALL DOCUMENTS, COMMUNICATIONS, records, papers, notes, OR pleadings from the last ten (10) years concerning ANY claims YOU have submitted to ANY insurance carrier OR governmental agency for benefits in which YOU asserted that YOU have suffered INJURY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 5**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

In accordance with the Federal Rule of Civil Procedure ("Rule") 26(b)(1), the scope of discovery must be both limited to matters relevant to the claims and defenses and proportional to the needs of the case, taking into account, *inter alia*, the importance of the discovery in resolving the issues at stake, the parties' relative access to the relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Under this lens, Defendant's Request seeking all "DOCUMENTS, COMMUNICATIONS, records, papers, notes, OR pleadings from the last ten (10) years concerning ANY claims YOU have submitted to ANY insurance carrier OR governmental agency for benefits in which YOU asserted that YOU have suffered INJURY" fails to pass muster. Uber cannot reasonably establish that Plaintiff's unrelated injuries and claims going back a decade, including any made *over two years* prior to the assault at issue in this lawsuit is either relevant or reasonably tailored to the needs of this litigation. Such a request creates an undue burden on Plaintiff and counsel to compile, review, and produce an extensive amount of information without clear parameters or relevance to the issues at hand.

Defendant's Request is overbroad, disproportionate, and would necessitate hours of labor to review documents, exchanges, emails, and text messages, many or all of which may be unrelated to this action's claims and defenses. Absent some explanation of why Plaintiff's insurance and/or governmental benefit claims, regardless of timing or subject matter, would be relevant to this litigation, the request is not appropriate and appears specifically aimed at embarrassing, harassing, and/or unduly burdening Plaintiff. *See, e.g., Prado v. Equifax Information Services LLC*, 331 F.R.D. 134, 138 (2019) (holding defendants cannot request irrelevant medical records, particularly where such requests have a tendency to embarrass or oppress the plaintiff).

Defendant's Request is furthermore objectionable on privacy grounds because it would require Plaintiff to produce materials that are highly private and/or sensitive, including financial information and medical records wholly unrelated to this action. Where Plaintiff has not put her right or eligibility for

benefits going back ten years at issue in this suit, there is no basis for relevance. Furthermore, there is a substantial privacy interest and privilege protecting Plaintiff's medical records, including to the extent her treatment is reflected in her insurance claims.

Given that Plaintiff here is not asserting a physical injury and is only seeking treatment for mental injuries, there is no basis for seeking any information regarding her medical insurance benefit claims whatsoever. *See, e.g., Roberts v. Clark County School District*, 312 F.R.D. 594, 607-08 (D. Nev. 2016) (holding an unrestricted request for medical records in a case asserting a "garden-variety" emotional distress claim was overbroad).

Plaintiff also objects to Request for Production No. 5 on the basis that it would encompass materials protected by the attorney-client privilege and/or the attorney work-product doctrine. **Plaintiff will not produce such materials**.

Plaintiff further objects to producing information that is protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege. **Plaintiff will not produce such materials**.

Plaintiff objects to producing communications and documents related to any insurance or governmental benefit claims she has submitted in connection with the ALLEGED INCIDENT, as those documents would be responsive to Requests Nos. 1-3 in this Set, and thus Request No. 5 is unnecessarily duplicative. As to such documents, Plaintiff reasserts, as if stated in full, the objections stated in her respective responses to such requests and directs Defendant to answer and productions made in response to such Requests.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: there are no **responsive and relevant documents and/or communications** in Plaintiff's possession, custody, and control.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 6**:

ANY DOCUMENTS sufficient to show YOUR total income from ANY source over the last ten

responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 14**:

ALL DOCUMENTS RELATING TO YOUR medical treatment AND ANY diagnoses within the five (5) years preceding the ALLEGED INCIDENT.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 14**:

Plaintiff objects to the Request on the grounds that it is overbroad as to time and scope, overburdensome, and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Plaintiff furthermore objects to the Request to the extent it seeks materials covered by the attorney-client privilege and/or work-product protection. Plaintiff furthermore objects to the extent this Request seeks premature expert materials.

Plaintiff objects on the grounds that the Request seeks confidential and sensitive documents protected by the patient-physician, patient-psychotherapist, or other relevant protections, including Plaintiff's right to privacy under both state and federal law. *See, Soto v. City of Concord*, 162 F.R.D. 603, 616 (N.D. Cal. 1995) ("Federal Courts ordinarily recognize a constitutionally-based right of privacy that can be raised in response to discovery requests."). The need for such discovery must be weighed against the privacy interest at stake. *Id.* at 618 (holding physical medical records of police officers accused of civil rights violations were irrelevant, as were any psychological records aside from those concerning the incidents at issue, prior similar violent incidents, or propensity for violence). Furthermore, there is a federally-recognized privacy interest in medical records, derived implicitly from the U.S. Constitution. *Soto*, 162 F.R.D. at 618 (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977). This is consistent with state law protections regarding doctor-patient privilege and psychotherapist privilege. *Id.*; *see also Caesar v. Mountanos,* 542 F.2d 1064, 1069 (9th Cir. 1976). In light of these privacy interests, disclosure of highly confidential and sensitive records should only be compelled where the documents concern those specific conditions the litigant has put directly at issue. Here, Propounding Parties have failed to establish any basis on which all of Plaintiff's medical records preceding the alleged incident for five years are relevant or proportionate to the needs of this case, especially to the extent that some or all of these records have

nothing to do with physical or mental conditions put at issue by Plaintiff's claims.

Plaintiff objects that Defendants seeks communications and documents that would be responsive to any other discovery request in this Set, including specifically, Request 5, as this is unnecessarily duplicative. As to such documents, Plaintiff reasserts, as if stated in full, the objections stated in her response to Request 5.

Subject to all the foregoing objections, and without waiving same, there are no **responsive and relevant documents and/or communications** in Plaintiff's possession, custody, and control. However, authorizations responsive to this request have been previously provided.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 15**:

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that were posted OR sent by YOU, OR directed to AND received by YOU, from the date of the ALLEGED INCIDENT to the present RELATING TO the ALLEGED INCIDENT, regardless of whether the information is publicly available OR requires a password AND login to access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 15**:

Plaintiff objects to the extent this request seeks documents or communications that are publicly available and thus equally accessible to Propounding Parties as they are to Plaintiff.

Plaintiff objects to the extent that Defendants seek communications and documents that would be responsive to any other discovery request in this Set, including specifically Requests for Production Number Two and Three, as this is unnecessarily duplicative. As to such documents, Plaintiff reasserts and incorporates by reference, her objections and responses to such requests.

Subject to all the foregoing objections, and without waiving same, Plaintiff does not believe any responsive documents and/or communications exist and thus will not be producing documents in response to this request.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer

on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 16**:

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present that depict, describe, OR RELATE TO (a) YOU attending social gatherings, public OR private, with people YOU know OR with strangers; (b) YOU practicing hobbies of ANY kind whether done alone OR with people; (c) alcohol OR drug use; AND/OR (d) use of UBER, Lyft, OR ANY other ridesharing service, regardless of whether the information is publicly available OR requires a password AND login to access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

In accordance with the Federal Rule of Civil Procedure ("Rule") 26(b)(1), the scope of discovery must be both limited to matters relevant to the claims and defenses and proportional to the needs of the case, taking into account, *inter alia*, the importance of the discovery in resolving the issues at stake, the parties' relative access to the relevant information, the parties' resources, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Under this lens, Defendant's Request seeking all "ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present that depict, describe, OR RELATE TO (a) YOU attending social gatherings, public OR private, with people YOU know OR with strangers; (b) YOU practicing hobbies of ANY kind whether done alone OR with people; (c) alcohol OR drug use; AND/OR (d) use of UBER, Lyft, OR ANY other ridesharing service" fails to pass muster.

Uber cannot reasonably establish that social media posts about attending social gatherings or engaging in a hobby going back *five years* prior to the assault at issue in this lawsuit is either relevant or

reasonably tailored to the needs of this litigation. Furthermore, the request is vague and ambiguous as to the undefined terms "social gathering" and "hobbies," the former of which could conceivably involve any activity in which Plaintiff was with one or more other people, and the latter of which could broadly include any activity she has ever done voluntarily, either alone or with others. Such a request creates an undue burden on Plaintiff and counsel to compile, review, and produce an extensive amount of information without clear parameters or relevance to the issues at hand.

Defendant's Request is overbroad, disproportionate, and would necessitate hours of labor to review documents, exchanges, posts, and private direct messages, many or all of which may be unrelated to this action's claims and defenses. Absent some explanation of why such materials would be relevant to this litigation, the request is not appropriate and appears specifically aimed at embarrassing, harassing, and/or unduly burdening Plaintiff. *See, e.g., Prado v. Equifax Information Services LLC*, 331 F.R.D. 134, 138 (2019).

Defendant's Request is furthermore objectionable on privacy grounds because it would require Plaintiff to produce materials that are highly private and/or sensitive, including private, non-public communications wholly unrelated to this action that pre-date her injuries and allegations by half a decade.

Plaintiff further objects that the vast majority of the records sought are public records that are at least as accessible to Propounding Parties as to Plaintiff. As such, there is no basis for putting the burden of searching for, requesting, and producing such documents on Plaintiff. *See* Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

To the extent that this Request seeks information that is not publicly available, Plaintiff objects on privacy and proportionality grounds. Propounding Parties "do[] not have a generalized right to rummage at will" through social media posts that "Plaintiff has limited from public view," especially where the Propounding Parties "ha[ve] nothing more than [their] hope that there might be something of relevance in the social media posts." *Palma v. Metro PCS Wireless, Inc.*, 18 F.Supp.3d 1346, 1347-48 (M.D. Fla. 2014). Instead, the Propounding Parties must still make "a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570-71 (C.D. Cal. 2012) (holding social media network

communications are "not necessarily probative of the particular mental and emotional health issues in the case" unless they bear directly on the claims and issues in the case).

"[D]istrict courts within the Ninth Circuit have permitted discovery of a party's social media posts and information, but at least for emotional distress claims, the requests must be 'narrowed by websites or platforms, time-period, and content related to the case.'" *Kellman v. Spokeo, Inc.*, No. 3:21-cv-08976-WHO, 2023 U.S. Dist. LEXIS 13132, at *3 (N.D. Cal. Jan. 25, 2023) (internal citations omitted); *see also*, *Perez v. Directv Grp. Holdings*, No. SA CV 16-01440-MS (DFMx), 2020 U.S. Dist. LEXIS 259346, at *26 (C.D. Cal. July 23, 2020) (holding a request for "virtually unfettered and unlimited access" to a party's social media account was "overbroad as written"). Applying this rule, courts have routinely held that incredibly broad requests for every single social media post that might conceivably bear on Plaintiff's emotional well-being or mental state, even where such requests are temporally limited to a far more constrained and relevant time period than that in Propounding Parties' Request No. 16, fail "to put a 'reasonable person of ordinary intelligence' on notice of which specific documents or information would be responsive to the request, and therefore fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity." *Mailhoit*, 285 F.R.D. at 571.

Here, Defendants have sought an extremely broad category of information relating to four broad and unrelated topics, none of which are defined with any specificity, over a multi-year period, most of which is not even proximal to the events at issue and thus cannot possibly relate to the physical, mental, and/or emotional conditions that Plaintiff has put at issue in this case. Moreover, the requests are not even limited to Plaintiff's own posts and messages, but extend to posts made by third parties that Plaintiff merely received, was tagged in, or that mentioned Plaintiff. *See Mailhoit*, 285 F.R.D. at 569 (posts and/or tags made by third parties have minimal probative value). In short, "rather than tailor its requests, Defendants seek 'to rummage through the entirety of [Plaintiff's] social media profiles and communications in the hope of concocting some inference about her state of mind.'" *Id.*

Absent some explanation of why every single social media post from up to three years prior to now about any gathering of more than one person, any hobby, any time Plaintiff had a beer, or anytime Plaintiff took a rideshare ride is probative of any of the claims or defenses in this case, Request No. 16 is impermissibly overbroad and oppressive.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff is not aware of any non-public, responsive, and relevant information or documents.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

**REQUEST FOR PRODUCTION NO. 17**:

ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA AND/OR a social networking website that YOU, posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present, that depict, describe, OR RELATE TO ANY mental OR emotional state OR condition of YOURS, INCLUDING but not limited to those RELATED TO (a) ANY mental health diagnosis, (b) ANY traumatic experience, (c) ANY nonsexual assault OR battery, (d) depression, (e) anxiety, (f) PTSD, (g) difficulty falling asleep AND/OR staying asleep, (h) stress-related gastrointestinal disturbances, (i) hypoactive sexual desire, (j) suicidal ideation AND/OR planning, (k) stress, (l) headaches AND/OR migraines, (m) difficulty concentrating, (n) trauma, AND/OR (o) emotional pain AND suffering, regardless of whether the information is publicly available OR requires a login AND/OR password to access.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects to the overbroad term "related to." *See, e.g., Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

Plaintiff further objects that the vast majority of the records sought are public records that are at least as accessible to Propounding Parties as to Plaintiff. As such, there is no basis for putting the burden of searching for, requesting, and producing such documents on Plaintiff. *See* Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

In the interests of brevity, Plaintiff hereby incorporates in full her arguments and case citations related to burden, specificity, and proportionality in seeking discovery of social media posts previously stated in her Response to Request for Production No. 16.

Here, Defendants have sought an even broader category of information than in Request No. 16, relating to no fewer than fifteen broad topics, none of which are defined with any specificity. Once again, the vast majority of the time period covered is not even proximal to the events at issue and thus cannot possibly relate to the physical, mental, and/or emotional conditions that Plaintiff has put at issue in this case. Moreover, once again, the requests are not even limited to Plaintiff's own posts and messages, but extend to posts made by third parties that Plaintiff merely received, was tagged in, or that mentioned Plaintiff.

Subject to, and without waving the above objections, Plaintiff responds as follows: Plaintiff is not aware of any non-public, responsive, and relevant information or documents.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

**REQUEST FOR PRODUCTION NO. 18**:

ALL DOCUMENTS RELATING TO YOUR use of the UBER Application at ANY time INCLUDING but not limited to records of payment methods AND gratuities, completed surveys, AND recommendations OR feedback posted on ANY online platform.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 18**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects to the overbroad term "relating to." *See, e.g., Frieri v. Sysco Corp.*, 2017 WL 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad categories identified are not proportionate to the needs of the case.").

Responding in full to Defendants' Request would necessitate hours of labor to review documents, exchanges, bank and/or credit card statements, emails, and text messages, many or most of which may be

**her possession, custody, or control, that is not already being produced subject to another request, to the extent that Defendants do not already have access to this data through their own records. At the present time, Plaintiff does not believe any such documents exist.**

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS evidencing YOUR use of ANY rideshare applications AND services other than UBER, INCLUDING but not limited to Lyft, after the ALLEGED INCIDENT took place.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 20:**

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff further objects that the term "services" is vague and ambiguous, lacking sufficient specificity for Plaintiff to form a response. Plaintiff further objects that the term "rideshare applications" is vague and ambiguous, lacking sufficient specificity for Plaintiff to form a response.

To the extent that Propounding Parties want *every single* document relevant to every ride Plaintiff has taken since the ALLEGED INCIDENT, such a request would be more appropriately addressed via subpoena to the rideshare company at issue. Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Regardless, absent some explanation as to why every such document is directly relevant and proportionate to the needs of the case, there is no basis for compelling production of same.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: **Plaintiff stands on her objections and will not search for or produce documents in response to this request.**

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more

responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 21**:

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO the ALLEGED INCIDENT YOU sent to ANY law enforcement agency OR entity OR that ANY law enforcement agency OR entity sent to YOU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 21**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information. Plaintiff further objects that the term "entity" is vague and ambiguous.

Plaintiff objects that this Request is duplicative of Requests for Production Number Two and Three. Plaintiff directs Propounding Parties to her objections and response stated to Requests Two and Three, which are hereby incorporated by reference.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: See **Exhibit A** attached to Response No. 3, *supra*.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant documents.

**REQUEST FOR PRODUCTION NO. 22**:

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY criminal complaint filed regarding the ALLEGED INCIDENT, INCLUDING ALL reports prepared by ANY federal, state, OR local governmental body OR agency.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 22**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects to Request for Production No. 22 on the basis that it would encompass materials

**REQUEST FOR PRODUCTION NO. 29**:

ALL DOCUMENTS AND COMMUNICATIONS evidencing ANY instance OR symptom(s) of (a) depression, (b) anxiety, (c) PTSD, AND/OR (d) trauma, INCLUDING but not limited to interpersonal AND familial trauma, YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS AND COMMUNICATIONS from ANY MEDICAL PRACTITIONER who treated YOU as a result of each such instance of trauma.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 29**:

Plaintiff objects to this Request on the grounds that it is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Absent some justification as to why Propounding Parties have a non-oppressive and non-harassing purpose for asking for "ALL DOCUMENTS AND COMMUNICATIONS" related to "ANY instance OR symptom(s) of (a) depression, (b) anxiety, (c) PTSD, AND/OR (d) trauma, INCLUDING but not limited to interpersonal AND familial trauma" Plaintiff has ever experienced, unlimited by severity or even faint temporal proximity to the claims and events at issue, there is not sufficient basis to establish why the request is relevant and proportionate to the needs of this case.

Requiring Plaintiff to review and search all documents and communications from Plaintiff's entire lifetime related to even the most minor incident of depression, anxiety, or trauma puts an unreasonable and potentially incalculable burden on Plaintiff. Nor is this the most efficient way to obtain any information that is even potentially relevant to the claims and defenses in this action, as Propounding Parties have the means to issue subpoenas for medical records. *See* Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Plaintiff objects that the undefined terms "trauma, INCLUDING but not limited to interpersonal AND familial trauma" are vague and ambiguous.

Plaintiff objects to Request for Production No. 29 on the basis that it would encompass materials protected by the attorney-client privilege and/or the attorney work-product doctrine. **Plaintiff will not**

**produce such materials**.

Plaintiff further objects to the extent that it seeks the disclosure of information that would be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient privilege, to the extent they are not relevant to or even temporally proximate to Plaintiff's claims.

Furthermore, to the extent this Request seeks medical records regarding matters not directly relevant or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy. *Soto*, 162 F.R.D. at 618 (citing *Whalen v. Roe*, 429 U.S. 589-600 (1977). This is consistent with state law protections regarding doctor-patient privilege and psychotherapist privilege. *Id.*; *see also Caesar v. Mountanos,* 542 F.2d 1064, 1069 (9th Cir. 1976). In light of these privacy interests, disclosure of highly confidential and sensitive records should only be compelled where the documents concern those specific conditions the litigant has put directly at issue.

To the extent that this Request seeks non-privileged materials or documents related to the ALLEGED INCIDENT, specifically, Plaintiff objects on the basis that Request 29 is duplicative and cumulative of Requests for Production Two, Three, Four, Seven, Eight Nine, Twelve, Fifteen, Twenty-One, and Twenty-Seven. Plaintiff directs Propounding Parties to her objections and response stated to Requests Two, Three, Four, Seven, Eight Nine, Twelve, Fifteen, Twenty-One, and Twenty-Seven, which are hereby incorporated by reference.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: There are no documents in Plaintiff's possession, custody, or control **that depict or describe ANY instance OR symptom(s) of (a) depression, (b) anxiety, (c) PTSD, AND/OR (d) trauma Plaintiff has suffered from two years prior to the ALLEGED INCIDENT to the present**, and thus Plaintiff has no non-privileged, relevant, and responsive documents to produce.

If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

**REQUEST FOR PRODUCTION NO. 30**:

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO ANY instance of sexual misconduct, sexual harassment, AND/OR sexual assault YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS AND

ROOPAL P. LUHANA
Chaffin Luhana LLP
600 Third Avenue
12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
Email: luhana@chaffinluhana.com
*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*A.R. v. Uber Technologies, Inc., et al.*<br>Case No. 3:24-cv-01827 | MDL No. 3084 CRB<br><br>**PLAINTIFF A.R.'S REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |

PROPOUNDING PARTIES:    **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:    **PLAINTIFF A.R.**

disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Absent some justification as to why Propounding Parties have a non-oppressive and non-harassing purpose for asking for incredibly detailed information related to "instance of sexual misconduct, sexual harassment, AND/OR sexual assault," Plaintiff has ever experienced, unlimited by severity or even faint temporal proximity to the claims and events at issue, there is not sufficient basis to establish why the request is relevant and proportionate to the needs of this case.

The requests also lack specificity and reasonable particularity sufficient to put a person of reasonable intelligence on notice of what is sought. Accordingly, Plaintiff objects that the interrogatory is vague and ambiguous as to the terms "sexual misconduct" and "sexual harassment." Requiring Plaintiff to list every incident over Plaintiff's entire lifetime related to even the most minor incident of sexual misconduct or sexual harassment puts an unreasonable and potentially incalculable burden on Plaintiff.

Nor is this the most efficient way to obtain any information that is even potentially relevant to the claims and defenses in this action, as Propounding Parties have the means to issue subpoenas for medical records. *See* Fed. R. Civ. Proc. 26(2)(C) (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive).

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff identifies the following instances of sexual assault she experienced, aside from the ALLEGED INCIDENT: Plaintiff experienced an incident that involved sexual harassment with an individual in the Dominican Republic in 2022. This incident caused Plaintiff to experience an anxiety that was further aggravated by the incident with the Uber Driver in 2023.

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

**INTERROGATORY NO. 12**:

Identify ALL social media AND social networking accounts, INCLUDING but not limited to Facebook, Instagram, X (formerly known as Twitter), MySpace, SnapChat, BeReal, TikTok, Threads,

Bluesky, Mastodon, LinkedIn, YouTube, Twitch, Reddit, Tumblr, Pinterest, SoundCloud, MixCloud, Blogger, Yelp, Quora, AND Nextdoor, that YOU have set up OR used from 5 years prior to the ALLEGED INCIDENT to the present, INCLUDING as applicable, the username, account name, alias, AND/OR social media handle associated with each account.

**RESPONSE TO INTERROGATORY NO. 12**:

Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant information.

Plaintiff objects on privacy and proportionality grounds to the extent this request seeks information not temporally related to the matters at issue in this suit and/or information that is not relevant to any matter at issue in this lawsuit. Propounding Parties "do[] not have a generalized right to rummage at will" through social media posts, especially where the Propounding Parties "ha[ve] nothing more than [their] hope that there might be something of relevance in the social media posts." *Palma v. Metro PCS Wireless, Inc.*, 18 F.Supp.3d 1346, 1347-48 (M.D. Fla. 2014). Instead, the Propounding Parties must still make "a threshold showing that the requested information is reasonably calculated to lead to the discovery of admissible evidence." *Mailhoit v. Home Depot U.S.A., Inc.*, 285 F.R.D. 566, 570-71 (C.D. Cal. 2012) (holding social media network communications are "not necessarily probative of the particular mental and emotional health issues in the case" unless they bear directly on the claims and issues in the case).

"[D]istrict courts within the Ninth Circuit have permitted discovery of a party's social media posts and information, but at least for emotional distress claims, the requests must be 'narrowed by websites or platforms, time-period, and content related to the case.'" *Kellman v. Spokeo, Inc.*, No. 3:21-cv-08976-WHO, 2023 U.S. Dist. LEXIS 13132, at *3 (N.D. Cal. Jan. 25, 2023) (internal citations omitted); *see also*, *Perez v. Directv Grp. Holdings*, No. SA CV 16-01440-MS (DFMx), 2020 U.S. Dist. LEXIS 259346, at *26 (C.D. Cal. July 23, 2020) (holding a request for "virtually unfettered and unlimited access" to a party's social media account was "overbroad as written"). Applying this rule, courts have routinely held that incredibly broad requests for every single social media post that might conceivably bear on Plaintiff's emotional well-being or mental state, even where such requests are temporally limited to a far more

constrained and relevant time period than that in Propounding Parties' Interrogatory No. 12, fail "to put a 'reasonable person of ordinary intelligence' on notice of which specific documents or information would be responsive to the request, and therefore fails to satisfy Rule 34(b)(1)(A)'s requirement that production requests be stated with reasonable particularity." *Mailhoit*, 285 F.R.D. at 571.

Here, Defendants have sought an extremely broad category of information relating to Plaintiff's entire social media history over a multi-year period, most of which is not even proximal to the events at issue and thus cannot possibly relate to the claims, defenses, and/or the physical, mental, and/or emotional conditions that Plaintiff has put at issue in this case. In short, "rather than tailor its requests, Defendants seek 'to rummage through the entirety of [Plaintiff's] social media profiles and communications in the hope of concocting some inference about her state of mind.'" *Id*.

Absent some explanation of why every single social media account, handle, and/or username from up to seven years prior to now, without any restriction as to whether the Plaintiff posted about matters relevant to this case, is probative of any of the claims or defenses in this case, Interrogatory 12 is impermissibly overbroad and oppressive.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows: Plaintiff did not post about the ALLEGED INCIDENT and/or her damages arising from the ALLEGED INCIDENT on any social media accounts. Accordingly, Plaintiff is not aware of any relevant information responsive to this request.

If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time.

DATED: April 14, 2025

Respectfully submitted,

By: /s/ Roopal P. Luhana
Roopal P. Luhana
**Chaffin Luhana LLP**
600 Third Ave., 12th Fl.
New York, NY 10016
Telephone: 888.480.1123
Facsimile: 888.499.1123
Email: luhana@chaffinluhana.com
*Attorneys for Plaintiff*