# EXHIBIT B

John Eddie Williams, Jr. (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com
Email: jmelugin@whlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| _____ | **PLAINTIFF WHB 1486'S REPONSES TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |
| This Document Relates to: | |
| *WHB 1486 v. Uber Technologies, Inc., et al.* Case No. 3:24-cv-04803 | |
| _____ | |

PROPOUNDING PARTIES:          **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:          **PLAINTIFF WHB 1486**

1    While Plaintiff has put her mental, psychological, and psychiatric health at issue in the present

2  suit, that does not entitle Propounding Parties to an unrestricted fishing expedition into all treatment

3  Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even

4  remotely connected to the ALLEGED INCIDENT.

5    Thus, to the extent this Request seeks medical information regarding matters not directly relevant

6  or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy.

7  _Soto v. City of Concord,_ 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing _Whalen v. Roe_, 429 U.S. 589-600

8  (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to

9  the private information that is relevant to the lawsuit. _See, e.g.,Enwere v. Terman Assocs., L.P.,_ No. C 07-

10  1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing _Doe v. City of_

11  _Chula Vista,_ 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages

12  "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these

13  privacy interests, disclosure of highly confidential and sensitive medical information should only be

14  compelled where the documents concern those specific conditions the litigant has put directly at issue.

15    Plaintiff objects to the extent that it seeks the disclosure of information that would be protected

16  from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient

17  privilege.

18    Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has

19  been disclosed in Plaintiff's FACT SHEET, and thus is cumulative and duplicative.

20    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21    Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which

22  contains and discloses the requested information.

23    If Defendants believe further information is relevant and subject to production, Plaintiff is willing

24  to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she

25  obtain more responsive, nonprivileged, relevant information.

26  **INTERROGATORY NO. 7**:

27    Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

28  INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR

responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

Plaintiff has become distrustful of taking Uber and takes public transit when she can. She has bottled up her feelings as a result of the assault.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

To the extent that the Interrogatory is limited to Plaintiff's damages incurred to date, Plaintiff responds, subject to and without waiving her specific and general objections, as follows:

None to date.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| | **PLAINTIFF** ███████████ **REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |
| This Document Relates to: | |
| ███████ *v. Uber Technologies, Inc., et al.*, 3:23-cv-06708 | |

PROPOUNDING PARTIES:    **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:    **PLAINTIFF** ███████████

1    mental and physical health;

2   -    Symptoms of depression and anxiety, including inability to get out of bed or eat, laying in bed

3        replaying the events of the Alleged Incident, and incontrollable panic attacks experienced for

4        months following the Alleged Incident;

5   -    Inability and fear of sitting in the backseat of a vehicle unaccompanied since the Alleged Incident

6        and to this day;

7   -    Change in Plaintiff's personality, which used to be described as joyful and happy, extroverted and

8        social. Since the Alleged Incident, Plaintiff only feels comfortable speaking with individuals with

9        whom she is familiar and comfortable; and

10  -    Out of pocket costs and additional time management needed to ensure transportation outside of

11       the use of Uber's rideshare services since the date of the Alleged Incident and to this day.

12       If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer

13  on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or

14  recall more responsive, nonprivileged, relevant information.

15  **INTERROGATORY NO. 4**:

16       For each INJURY identified in response to Interrogatory No. 3, identify every symptom, condition,

17  OR manifestation that YOU believe YOU have experienced as a result of that INJURY AND when YOU

18  first experienced each symptom, condition, OR manifestation, INCLUDING whether YOU ever

19  experienced that symptom, condition, OR manifestation before the ALLEGED INCIDENT.

20  **RESPONSE TO INTERROGATORY NO. 4**:

21       Plaintiff objects to Interrogatory No. 4 to the extent that it requires a legal conclusion and/or the

22  disclosure of information that is protected from disclosure by the attorney-client privilege and/or the

23  attorney work-product doctrine.

24       Plaintiff further objects to the extent that this Request seeks, prematurely, expert materials and/or

25  opinions, as doing so impermissibly intrudes upon her counsel's work product.

26       Plaintiff further objects that case specific discovery has just begun, and as such this request may

27  be premature.

28       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

1    The Alleged Incident has caused Plaintiff to experience the following symptoms:

2  The Alleged Incident has caused Plaintiff to experience the following:

3  - An overwhelming feeling of humiliation, being robbed of personal dignity and safety, and feeling
4    violated in the immediate aftermath of the Alleged Incident and to this day;

5  - Symptoms of anxiety, including sleep disturbances and paranoia since the Alleged Incident and to
6    this day.

7  - Overwhelming fear, since the date of the Alleged Incident and to this day;

8  - Interrupted sleep and overwhelming fear of the dark, flashbacks to the Alleged Incident and the
9    dark backseat of the vehicle of the Driver who perpetrated the assault during the Alleged Incident.
10   Plaintiff has to sleep with a night light to this day and had to share a room with a family member
11   for months following the Alleged Incident due to her fear of the dark, flashbacks, and the effects
12   of same;

13 - Abrasions and scratches on Plaintiff's back, bruises on Plaintiff's arm, irritation in Plaintiffs
14   cervix, immediately following the Alleged Incident;

15 - Undergoing a SANE exam, or sexual assault (rape) kit, including a general medical exam and
16   medical forensic exam, the collection of oral, buccal, anal, external genital, and vaginal swabs,
17   collection of vaginal aspirate, urine sample, and Plaintiff's undergarments, pregnancy test,
18   administration of Ceftriaxone injection to prevent Gonorrhea, a Doxycycline prescription to
19   prevent Chlamydia, a Metronidazole prescription to prevent Trichomoniasis, a Levonorgestrel
20   prescription to prevent pregnancy, and a Dolutegravir & Emtricitabine prescription to prevent HIV
21   immediately following the Alleged Incident;

22 - Feeling of Plaintiff's thoughts being consumed by the Driver who perpetrated the Alleged Incident
23   and the sexual assault, since the Alleged Incident and to this day;

24 - Feeling of embarrassment in front of Plaintiff's flight attendant training class who found out about
25   the Alleged Incident immediately after the Alleged Incident occurred the day following the
26   Alleged Incident;

27 - Inability to graduate from flight attendant training at Mesa Airlines on November 16, 2023, the
28   day following the Alleged Incident, because of the effects of the Alleged Incident on Plaintiff's

RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE

1  mental and physical health;

2  -  Symptoms of depression and anxiety, including inability to get out of bed or eat, laying in bed

3     replaying the events of the Alleged Incident, and incontrollable panic attacks experienced for

4     months following the Alleged Incident;

5  -  Inability and fear of sitting in the backseat of a vehicle unaccompanied since the Alleged Incident

6     and to this day;

7  -  Change in Plaintiff's personality, which used to be described as joyful and happy, extroverted and

8     social. Since the Alleged Incident, Plaintiff only feels comfortable speaking with individuals with

9     whom she is familiar and comfortable; and

10 -  Out of pocket costs and additional time management needed to ensure transportation outside of

11    the use of Uber's rideshare services since the date of the Alleged Incident and to this day.

12        If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer

13 on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or

14 recall more responsive, nonprivileged, relevant information.

15 **INTERROGATORY NO. 5**:

16        If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR

17 additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state, for each

18 INJURY:

19        a.  The name, address, AND phone number of the MEDICAL PRACTITIONER who advised

20            YOU;

21        b.  The illness, condition, OR INJURY for which future treatment was discussed; AND

22        c.  The nature, duration, AND estimated cost of the discussed future treatment.

23 **RESPONSE TO INTERROGATORY NO. 5**:

24        Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

25        Plaintiff has received discharge instructions and notes regarding general follow-ups to the medical

26 forensic examination completed on November 15, 2023 and future care advice from the following medical

27 practitioners:

28        -   Forensic Nurse Examiner Unit, Jessica Weaver, RN, Honor Health Medical Center, 7400

or any other mental health treatment related to the effects of the Alleged Incident. Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which contains and discloses the requested information.

If Defendants believe further information is relevant and subject to production, Plaintiff is willing to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 7**:

Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life, INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

The Alleged Incident has affected Plaintiff in the following ways:

- Symptoms of anxiety, including sleep disturbances and paranoia;

- Overwhelming fear in general;

- Interrupted sleep and overwhelming fear of the dark, flashbacks to the Alleged Incident and the dark backseat of the vehicle of the Driver who perpetrated the assault during the Alleged Incident. Plaintiff has to sleep with a night light to this day and had to share a room with a family member for months following the Alleged Incident due to her fear of the dark, flashbacks, and the effects of same;

- Plaintiff had to suspend her graduation from flight attendant training with Mesa Airlines on November 16, 2023 and return to stay with her parents because of the effects of the Alleged Incident on Plaintiff's mental and physical health. She was not able to complete the program and had to switch careers and undergo other specialized education and training;

- Feeling of Plaintiff's thoughts being consumed by the Driver who perpetrated the Alleged Incident and the sexual assault, since the Alleged Incident and to this day;

- Symptoms of depression and anxiety, including inability to get out of bed or eat, laying in bed replaying the events of the Alleged Incident, and incontrollable panic attacks experienced for

RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE

months following the Alleged Incident;

- Inability and fear of sitting in the backseat of a vehicle unaccompanied since the Alleged Incident and to this day;

- Change in Plaintiff's personality, which used to be described as joyful and happy, extroverted and social. Since the Alleged Incident, Plaintiff only feels comfortable speaking with individuals with whom she is familiar and comfortable; and

- Out of pocket costs and additional time management needed to ensure transportation outside of the use of Uber's rideshare services since the date of the Alleged Incident and to this day.

- Modified ability for Plaintiff to be alone in public spaces, interacting with strangers, engaging socially with individuals and crowds, interacting with individuals in a friendly or romantic manner, socializing, interacting with friends and family, entering rideshare vehicles or public transportation alone, and pursuing employment and education opportunities.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client

RESPONSES TO DEFENDANTS' INTERROGATORIES, SET ONE

1  RACHEL B. ABRAMS (Cal Bar No. 209316)
   ADAM B. WOLF (Cal Bar No. 215914)
2  **Peiffer Wolf Carr Kane Conway & Wise, LLP**
   555 Montgomery Street, Suite 820
3  San Francisco, CA 94111
   Telephone: 415.766.3544
4  Facsimile: 415.840.9435
   Email: rabrams@peifferwolf.com
5  Email: awolf@peifferwolf.com

6  TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
7  15 E. Baltimore Ave
   Detroit, MI 48202
8  Telephone: (313) 572-4727
   Facsimile: (415) 840-9435
9  Email: tellis@peifferwolf.com

10 *Attorneys for Plaintiff*

11                **UNITED STATES DISTRICT COURT**

12          **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

13

| | |
|---|---|
| 14 IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| 15 | **PLAINTIFF A.R.'S REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |
| 16 This Document Relates to: | |
| 17 *A.R. v. Uber Technologies, Inc., et al.*, 3:24-cv-07821 | |

20

21 PROPOUNDING PARTIES:        **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER,**

22                             **LLC, AND RASIER-CA, LLC**

23 RESPONDING PARTY:           **PLAINTIFF A.R.**

24

25

26

27

28

1  Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even

2  remotely connected to the ALLEGED INCIDENT.

3       Thus, to the extent this Request seeks medical information regarding matters not directly relevant

4  or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy.

5  *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe,* 429 U.S. 589-600

6  (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to

7  the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-

8  1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of*

9  *Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages

10  "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these

11  privacy interests, disclosure of highly confidential and sensitive medical information should only be

12  compelled where the documents concern those specific conditions the litigant has put directly at issue.

13       Plaintiff objects to the extent that it seeks the disclosure of information that would be protected

14  from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient

15  privilege.

16       Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has

17  been disclosed in Plaintiff's FACT SHEET, and thus is cumulative and duplicative.

18       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

19       Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which

20  contains and discloses the requested information.

21       If Defendants believe further information is relevant and subject to production, Plaintiff is willing

22  to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she

23  obtain more responsive, nonprivileged, relevant information.

24  **INTERROGATORY NO. 7**:

25       Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

26  INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR

27  responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

28  **RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

The Alleged Incident has affected Plaintiff in the following ways:

- An overwhelming feeling of embarrassment, confusion, anger, and fear in the immediate aftermath of the Alleged Incident;

- Symptoms of anxiety in public spaces, experienced since the date of the Alleged Incident to this day;

- Symptoms of anxiety in general, which have been exacerbated since the date of the Alleged Incident and to this day;

- Symptoms of depression, which have been exacerbated since the date of the Alleged Incident and to this day;

- Fear and hypervigilance when taking Uber or other rideshare services in general, experienced since the date of the Alleged Incident and to this day;

- Fear and hypervigilance when taking Uber or other rideshare services unaccompanied, experienced since the date of the Alleged Incident and to this day;

- Fear, symptoms of anxiety, and hypervigilance when taking Uber or other rideshare services and the Driver is not a woman, experienced since the date of the Alleged Incident and to this day;

- Fear, symptoms of anxiety, and panic when taking Uber or other rideshare services and the Driver is driving fast, experienced since the date of the Alleged Incident and to this day;

- Feeling of dissociation related to the Alleged Incident, experienced for months following the Alleged Incident;

- Sleep disturbances and insomnia, experienced for months following the Alleged Incident;

- Difficulty focusing on work and daily tasks, experienced for months following the Alleged Incident;

- Symptoms of social anxiety and stress that have affected Plaintiff's ability to make new social connections and participate in daily activities, experienced since the date of the Alleged Incident and to this day;

- Fear, nervousness, and symptoms of anxiety when Plaintiff is around strangers, walking in a neighborhood that isn't heavily populated, walking down empty streets, experienced since the date

1    of the Alleged Incident and to this day;

2    -    Decreased motivation for activities, isolation, and appetite since the date of the Alleged Incident

3         and to this day;

4    -    Spending more time in bed, inability to follow daily routine, and feeling of numbness, for weeks

5         following the date of the Alleged Incident;

6    -    Other symptoms related to generalized anxiety disorder and major depressive disorder,

7         exacerbated since the date of the Alleged Incident and to this day; and

8    -    General disruption of Plaintiff's daily routine, including sleep, interacting with friends, family,

9         romantic relationships, and strangers, socializing, and being alone in public spaces, experienced

10        since the date of the Alleged Incident and to this day.

11        If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

12   to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this

13   response at a later time should she obtain more responsive, nonprivileged, relevant information.

14   **INTERROGATORY NO. 8**:

15        Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim

16   to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY

17   out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have

18   incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as

19   a result of the ALLEGED INCIDENT.

20   **RESPONSE TO INTERROGATORY NO. 8**:

21        To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of

22   pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's

23   attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose

24   expert discovery at the time specified by the Court.

25        Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal

26   conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client

27   privilege and/or the attorney work-product doctrine.

28        In lieu of responding regarding any written documents in her custody, possession, or control,

M. Kevin Queenan (TX SBN 16427150)
*Appearance pro hac vice*
Carlos Lopez (TX SBN 24083414)
*Appearance pro hac vice*
**QUEENAN LAW FIRM P.C**.
731 Station Drive
Arlington, Texas 76015
Phone: (817) 635-3333
Facsimile: (817) 635-4444
E-mail: service@queenanlaw.com
E-mail: carlos@queenanlaw.com
*Attorneys for Plaintiff Jane Doe QLF 001*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| | **PLAINTIFF JANE DOE QLF 001'S RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC.'S, RASIER, LLC'S, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE** |
| This Document Relates to: | |
| *Jane Doe QLF 001 v. Uber Technologies, Inc., et al.; C.A. No. 3:24-cv-08783-CRB* | |

PROPOUNDING PARTIES:    **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:    **PLAINTIFF JANE DOE QLF 001**

Plaintiff Jane Doe QLF 001 (hereinafter, "Plaintiff") hereby objects and responds to Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's Interrogatories, Set One, as follows:

**PRELIMINARY STATEMENT**

Plaintiff has not completed discovery; the investigation of the facts, witnesses, or documents; the analysis of available information; or the preparation for trial in this case. These responses, while based on diligent inquiry and investigation by Plaintiff, reflect only the current state of Plaintiff's knowledge, understanding, and belief, based upon the information reasonably available to the Plaintiff at this time. As this action proceeds and further investigation and discovery are conducted, additional or different facts and information could be revealed to Plaintiff. Moreover, Plaintiff anticipates that the Propounding Parties may make legal or factual contentions presently unknown to and unforeseen by Plaintiff which may

1    <u>Soto v. City of Concord,</u> 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600

2    (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to

3    the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-

4    1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of*

5    *Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages

6    "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these

7    privacy interests, disclosure of highly confidential and sensitive medical information should only be

8    compelled where the documents concern those specific conditions the litigant has put directly at issue.

9        Plaintiff objects to the extent that this interrogatory seeks the disclosure of information that would

10   be protected from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-

11   patient privilege.

12       Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has

13   been disclosed in Plaintiff's FACT SHEET, and, thus, is cumulative and duplicative.

14       Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

15       Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which

16   contains and discloses the requested information.

17       If Defendants believe further information is relevant and subject to production, Plaintiff is willing

18   to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she

19   obtain more responsive, nonprivileged, relevant information.

20   **INTERROGATORY NO. 7**:

21       Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

22   INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR

23   responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

24   **RESPONSE TO INTERROGATORY NO. 7**:

25       Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

26       Since the incident, in general, my daily life has been inflicted with emotional distress which has

27   resulted in a problematic periodic use of alcohol and drugs. Throughout my daily life I have bouts of

28   depressed mood, sadness, discouragement, diminished confidence, restlessness, indecisiveness, low self-

esteem, irritability, increased appetite, poor concentration, fatigue, fearfulness, feeling overwhelmed, worry, and anxiety. These symptoms have resulted in me having inconsistent sleep and thoughts of suicide and self-harm. The symptoms have and continue to affect my personal relationships, interruption of my daily routines at home and at work, and socializing with friends and family.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out-of-pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

To the extent that the Interrogatory is limited to Plaintiff's damages incurred to date, Plaintiff responds, subject to and without waiving her specific and general objections, as follows:

In lieu of responding regarding any written documents in her custody, possession, or control, Plaintiff directs Propounding Parties to the documents produced in response to Propounding Parties' concurrently-served Requests for Production Nos. 4, 10, and 11.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this

1   **WAGSTAFF LAW FIRM**
    Sommer D. Luther, CO 35053
2   940 Lincoln Street
    Denver, CO 80203
3   Tel: (303) 263-8949
    Fax: (303) 376-6361
4   sluther@wagstafflawfirm.com

5   *Attorney for Plaintiff*

6                          UNITED STATES DISTRICT COURT

7                        NORTHERN DISTRICT OF CALIFORNIA

8                           SAN FRANCISCO DIVISION

9

10
    IN RE: UBER TECHNOLOGIES, INC.          Case 3:23-md-03084-CRB
11  PASSENGER SEXUAL ASSAULT
    LITIGATION                              MDL No. 3084
12
                                            Honorable Charles R. Breyer
13
    This Document Relates to:               JURY TRIAL DEMANDED
14
    *T.L v. Uber Technologies, Inc., et al.*  **PLAINTIFF T.L.'S REPONSE TO**
15  No. 23-cv-9217                          **DEFENDANTS UBER TECHNOLOGIES,**
                                            **INC., RASIER, LLC, AND RASIER-CA,**
16                                          **LLC'S INTERROGATORIES**

17

18  PROPOUNDING PARTIES:        DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC,

19                              AND RASIER-CA, LLC

20  RESPONDING PARTY:           PLAINTIFF T.L.

21  SET NO.:                    ONE (1)

22

23

24

25

26

27

28

─────────────────────────────────────────────────
RESPONSES TO INTERROGATORIES

1    While Plaintiff has put her mental, psychological, and psychiatric health at issue in the present

2  suit, that does not entitle Propounding Parties to an unrestricted fishing expedition into all treatment

3  Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even

4  remotely connected to the ALLEGED INCIDENT.

5    Thus, to the extent this Request seeks medical information regarding matters not directly relevant

6  or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy.

7  *Soto v. City of Concord*, 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe*, 429 U.S. 589-600

8  (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to

9  the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-

10  1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of*

11  *Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages

12  "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these

13  privacy interests, disclosure of highly confidential and sensitive medical information should only be

14  compelled where the documents concern those specific conditions the litigant has put directly at issue.

15    Plaintiff objects to the extent that it seeks the disclosure of information that would be protected

16  from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient

17  privilege.

18    Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has

19  been disclosed in Plaintiff's FACT SHEET, and thus is cumulative and duplicative.

20    Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

21    Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which

22  contains and discloses the requested information.

23    If Defendants believe further information is relevant and subject to production, Plaintiff is willing

24  to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she

25  obtain more responsive, nonprivileged, relevant information.

26  **INTERROGATORY NO. 7**:

27    Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

28  INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR

1  responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

2  **RESPONSE TO INTERROGATORY NO. 7**:

3      Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

4      The incident has had a profound impact on Plaintiff's life in ways that are difficult to fully

5  document here. Plaintiff attempts to Respond to this Interrogatory by stating and responding as follows:

6  The impact to Plaintiff includes but is not limited to the following: Plaintiff was out of work for a few

7  days due to the incident. After the incident, she found it hard to look at herself in the mirror. She had

8  trouble forcing herself to bathe because she was so disgusted. Plaintiff was paranoid and found it hard to

9  eat and sleep. She felt as if she had lost control over herself and started to hate herself and isolate. She

10  was in disbelief that the assault had occurred. To this day, it is extremely triggering for the Plaintiff every

11  time she is with a group of friends and they decide to take an Uber. Even getting in a car with another

12  person is triggering for her. She has had a high increase in panic attacks since the incident that still continue

13  to occur.

14      If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

15  to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this

16  response at a later time should she obtain more responsive, nonprivileged, relevant information.

17  **INTERROGATORY NO. 8**:

18      Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim

19  to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY

20  out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have

21  incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as

22  a result of the ALLEGED INCIDENT.

23  **RESPONSE TO INTERROGATORY NO. 8**:

24      To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of

25  pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's

26  attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose

27  expert discovery at the time specified by the Court.

28      Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal

C. Brooks Cutter, SBN 121407
Celine E. Cutter, SBN 312622
Jennifer S. Domer, SBN 305822
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone:     (916) 290-9400
Facsimile:     (916) 588-9330
Email:     bcutter@cutterlaw.com
           ccutter@cutterlaw.com
           jdomer@cutterlaw.com

*Attorneys for Plaintiff JANE ROE CL 68*

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| | **PLAINTIFF JANE ROE CL 68'S RESPONSES TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES, SET ONE** |
| This Document Relates to: | |
| *Jane Roe CL 68 v. Uber Technologies, Inc., et al.* Case No. 3:24-cv-06669 | |

PROPOUNDING PARTIES:     **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC**

RESPONDING PARTY:     **PLAINTIFF JANE ROE CL 68**

SET NO.:     **ONE**

1  on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or

2  recall more responsive, nonprivileged, relevant information.

3  **INTERROGATORY NO. 4**:

4      For each INJURY identified in response to Interrogatory No. 3, identify every symptom, condition,

5  OR manifestation that YOU believe YOU have experienced as a result of that INJURY AND when YOU

6  first experienced each symptom, condition, OR manifestation, INCLUDING whether YOU ever

7  experienced that symptom, condition, OR manifestation before the ALLEGED INCIDENT.

8  **RESPONSE TO INTERROGATORY NO. 4**:

9      Plaintiff objects to Interrogatory No. 4 to the extent that it requires a legal conclusion and/or the

10  disclosure of information that is protected from disclosure by the attorney-client privilege and/or the

11  attorney work-product doctrine.

12      Plaintiff further objects to the extent that this Request seeks, prematurely, expert materials and/or

13  opinions, as doing so impermissibly intrudes upon her counsel's work product.

14      Plaintiff further objects that case specific discovery has just begun, and as such this request may

15  be premature.

16      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

17      Plaintiff suffered significant mental health injuries as a result of the assault. Plaintiff no longer

18  feels safe utilizing rideshare services, which was her primary form of transportation, and feels

19  significantly more scared and anxious in her daily environment. To this day, Plaintiff continues to feel

20  unsafe in cars with strangers; has deep trust issues around men that negatively impact her relationships

21  with the opposite sex, including her personal and romantic ones; is negatively and significantly triggered

22  by particular smells reminiscent of the Uber driver who assaulted her; and has experienced a noticeable

23  and sustained loss of personal dignity. These are all conditions that arose immediately after the assault

24  and continue still. Plaintiff was so traumatized that she missed work for two days after the assault and

25  ultimately shifted employment so that she would not have to continue utilizing rideshare services for

26  daily transport.

27      If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer

28  on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or

1    recall more responsive, nonprivileged, relevant information.

2    **INTERROGATORY NO. 5**:

3        If ANY MEDICAL PRACTITIONER has advised YOU that YOU may require future OR

4    additional treatment for ANY INJURIES that YOU attribute to the ALLEGED INCIDENT, state, for each

5    INJURY:

6          a.   The name, address, AND phone number of the MEDICAL PRACTITIONER who advised

7             YOU;

8          b.   The illness, condition, OR INJURY for which future treatment was discussed; AND

9          c.   The nature, duration, AND estimated cost of the discussed future treatment.

10    **RESPONSE TO INTERROGATORY NO. 5**:

11        Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

12        University Medical Center Brackenridge, 601 E. 15th Street, Austin, TX 78701, (512) 324-7000.

13    The doctor recommended psychiatric care for Plaintiff for symptoms of PTSD from which she was

14    suffering stemming from the assault.

15        If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing

16    to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this

17    response at a later time should she obtain more responsive, nonprivileged, relevant information.

18    **INTERROGATORY NO. 6**:

19        IDENTIFY ANY MEDICAL PRACTITIONER who has diagnosed, examined, AND/OR

20    provided YOU with ANY psychological, psychiatric, OR other mental health treatment, at ANY time

21    prior to AND/OR following the ALLEGED INCIDENT INCLUDING (a) ANY such MEDICAL

22    PRACTITIONER'S full name, address, AND telephone number; (b) the date(s) when YOU were

23    diagnosed, examined, AND/OR treated; AND (c) the INJURY, condition, illness, etc. for which YOU

24    were diagnosed, examined, AND/OR treated.

25    **RESPONSE TO INTERROGATORY NO. 6**:

26        Plaintiff objects to this Request on the grounds that the interrogatory is overbroad as to time and

27    scope; disproportionate to the needs of the case; unduly burdensome to the point of being harassing and

28    oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant

1    information.

2         While Plaintiff has put her mental, psychological, and psychiatric health at issue in the present

3    suit, that does not entitle Propounding Parties to an unrestricted fishing expedition into all treatment

4    Plaintiff has ever received in her lifetime, unrestricted by type or limited to a temporal period even

5    remotely connected to the ALLEGED INCIDENT.

6         Thus, to the extent this Request seeks medical information regarding matters not directly relevant

7    or germane to Plaintiff's claims, Plaintiff objects on the grounds of relevancy, overbreadth, and privacy.

8    *Soto v. City of Concord,* 162 F.R.D. 603, 618 (N.D. Cal. 1995) (citing *Whalen v. Roe,* 429 U.S. 589-600

9    (1977). A litigant's waiver of privacy rights by putting private matters at issue in a lawsuit is limited to

10   the private information that is relevant to the lawsuit. *See, e.g.,Enwere v. Terman Assocs., L.P.,* No. C 07-

11   1239 JF (PVT), 2008 U.S. Dist. LEXIS 101901, at *5-6 (N.D. Cal. Dec. 3, 2008) citing *Doe v. City of*

12   *Chula Vista,* 196 F.R.D. 562, 569-70 (S.D. Cal. 1999) (a plaintiff's claim for emotional distress damages

13   "does not entitle defendants to invade the whole of [the plaintiff's] medical history"). In light of these

14   privacy interests, disclosure of highly confidential and sensitive medical information should only be

15   compelled where the documents concern those specific conditions the litigant has put directly at issue.

16        Plaintiff objects to the extent that it seeks the disclosure of information that would be protected

17   from disclosure by the patient-physician privilege, psychotherapist privilege, and or doctor-patient

18   privilege.

19        Furthermore, Plaintiff objects that this Interrogatory seeks identical information to that which has

20   been disclosed in Plaintiff's FACT SHEET, and thus is cumulative and duplicative.

21        Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

22        Plaintiff directs Defendants to Plaintiff's responses to the PLAINTIFF FACT SHEET, which

23   contains and discloses the requested information.

24        If Defendants believe further information is relevant and subject to production, Plaintiff is willing

25   to confer on this issue. Plaintiff reserves the right to supplement this response at a later time should she

26   obtain more responsive, nonprivileged, relevant information.

27   **INTERROGATORY NO. 7**:

28        Describe in detail how, if at all, the ALLEGED INCIDENT has affected YOUR daily life,

INCLUDING, but not limited to, how it has affected ANY of the day-to-day routines, tasks, hobbies, OR responsibilities YOU conducted OR had prior to the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 7**:

Subject to and without waiving Plaintiff's general objections, Plaintiff responds as follows:

Plaintiff no longer feels safe utilizing rideshare services (previously her primary form of transportation); feels significantly more scared and anxious in her daily environment as she goes about her usual routines; feels unsafe in cars with strangers; has deep trust issues around men that negatively impact her relationships with the opposite sex, not just with strangers out in public but in her personal life as well, negatively impacting how she interacts with her brothers, male friends, and romantic partners; is negatively and significantly triggered by particular smells reminiscent of the Uber driver who assaulted her, causing her to avoid being near to people for fear of encountering those smells; and in her daily life feels a noticeable and sustained loss of personal dignity. Plaintiff no longer feels as safe out in the world as she did before, which fundamentally impacts her daily life.

If Defendants believe further information is relevant and subject to discovery, Plaintiff is willing to confer on this issue. Additionally, discovery is ongoing. Plaintiff reserves the right to supplement this response at a later time should she obtain more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 8**:

Provide an itemized statement of ALL DAMAGES, exclusive of pain AND suffering, YOU claim to have sustained as a result of the ALLEGED INCIDENT INCLUDING an itemized statement of ANY out-of-pocket costs, INCLUDING MEDICAL EXPENSES covered by insurance, YOU claim to have incurred RELATING TO the diagnosis OR treatment of ANY INJURIES YOU allege YOU sustained as a result of the ALLEGED INCIDENT.

**RESPONSE TO INTERROGATORY NO. 8**:

To the extent that this Interrogatory seeks information regarding Plaintiff's future expected out of pocket costs and damages, Plaintiff objects that the request impermissibly intrudes on Plaintiff's counsel's attorney work product by seeking, prematurely, expert evidence and information. Plaintiff will disclose expert discovery at the time specified by the Court.

Plaintiff also objects to Interrogatory No. 8 more broadly, to the extent that it requires a legal