*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**Joint Letter Regarding the Kalanick Deposition**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Pursuant to the Court's May 20, 2025 Order (ECF No. 3037), the Uber Defendants and the MDL Plaintiffs submit this joint letter.

> **I.  MDL Plaintiffs and Defendants agree the Kalanick deposition should be rescheduled to permit resolution of outstanding document disputes.**
>
> **A.  There are several outstanding document disputes relating to the Kalanick deposition, but the MDL Parties agree that a short continuance will allow a reasonable probability of those disputes being resolved without Court intervention.**

Due to several outstanding document disputes, MDL Plaintiffs believe they will be severely prejudiced if the Kalanick deposition proceeds on May 27. At the same time, both MDL Plaintiffs and the Uber Defendants agree that the limited extension of time creates a very good chance that they will be able to resolve the disputes without further Court involvement.

*First*, as discussed during the May 19 conference, the primary issue is Uber's pending production of Board of Directors meeting minutes and related documents such as agendas and slide decks. Uber has made an initial production of 10 documents totaling over 200 pages, but following conferrals with Plaintiffs anticipates re-producing those 10 with fewer redactions, and making an additional production of at least 17 additional documents. Uber expects to make that production (totaling over 1,700 pages) later today, on May 22, which leaves Plaintiffs only 4 days (over a holiday weekend) to review those documents before May 27. After that production occurs, the parties will need time to resolve any remaining disputes regarding the scope of redactions. But even absent any such disputes, Plaintiffs need time to review not just the production, but the production in the context of the documents produced in this litigation (totaling nearly 2 million documents). This review is critical because, for example, other

documents shed light on what information Uber decisionmakers (including Mr. Kalanick himself) did or did not share with the Board. Plaintiffs' similar review of the heavily-redacted initial production in the context of Uber's entire document production required at least an hour per document. Plaintiffs expect that a fulsome review of the re-produced documents (with fewer redactions) will take significantly longer.

Plaintiffs do not believe that the potential for a subsequent deposition (if one could even be scheduled given Mr. Kalanick's schedule) cures the prejudice. Without the opportunity to review the Board documents together with the entire production, Plaintiffs cannot determine the full import of documents in the current production, and not having the ability to do so would be prejudicial to Plaintiffs. On May 27, the Parties would not be operating on an even playing field, a fundamental principle of discovery under the Federal Rules. Plaintiffs may, for example, obtain testimony about a given document in an initial deposition but after full review of Board meeting documents, may come to understand that document differently. But a follow-up deposition cannot un-ring the bell of testimony that has already been given where Uber is privy to evidence that Plaintiffs have not had sufficient time to review. Moreover, splitting testimony into multiple days will allow Mr. Kalanick (independently or through his counsel) an unfair advantage with respect to preparing and considering testimony that may "undo" prior testimony. The MDL Parties agree that Mr. Kalanick's high-stakes deposition is difficult to effectively re-open later and want to conduct the deposition only once.

*Second*, in addition to the 27 Board documents spanning 2018 through 2024 that Uber will produce, the Parties are still working to resolve whether additional Board documents from 2017 and earlier will be produced. The Parties believe they will be able to resolve this without Court involvement but need time to do so. Indeed, since the May 19 conference with the Court, the MDL Parties have made progress on this issue and Uber will make best efforts to produce documents by May 27. Plaintiffs believe that these may be some of the most crucial documents related to Mr. Kalanick and perhaps the entire litigation. Plaintiffs believe these meetings address key issues in the litigation, including assessing internal safety concerns, legal exposure, and what Uber prioritized.

*Third*, the importance of the Board documents to Plaintiffs is compounded because of Plaintiffs' long-standing concerns about the size and scope of Mr. Kalanick's custodial file. Moving the deposition to July 3 will allow the Parties the opportunity to resolve disputes about the scope of documents that Uber has produced for Mr. Kalanick, which they are hopeful that they may do without the Court's involvement. (ECF Nos. 2115, 1957). As Plaintiffs have raised with the Court previously and have continued to address with Uber as recently as a week ago, Plaintiffs have concerns that Uber (1) has not appropriately applied search terms and TAR to and/or improperly withheld documents collected from the custodial sources it has identified and (2) has not searched all available devices and media. First, as to the custodial file, Plaintiffs maintain that Mr. Kalanick, as Uber's founder and CEO who oversaw Rideshare from 2012 to mid-2017, should have more than the 8,000 total documents (including fewer than 150 emails in his custodial file that Kalanick authored) and at least a number similar to, if not more than, other executives (e.g., Gus Fuldner (40,000) and Sachin Kansal (100,000)) and most employees. Uber notes that it has collected from the same agreed-upon sources for Mr. Kalanick as it has for all other custodians and believes that plaintiffs' concerns are merely speculative. Nevertheless, the

2

parties are continuing to discuss Uber's production of Mr. Kalanick's custodial file. Second, the Parties are working to resolve Plaintiffs' request that Uber confirm it has searched all relevant and accessible sources in its possession, custody or control, including imaged media from one or more of Mr. Kalanick's devices. In particular, the parties are working to reach an understanding of what devices and imaged media relating to Mr. Kalanick existed and when, and the current status and location of any such devices and media.[1] In fact, in just the time since the May 19 conference with the Court, the parties have reached an agreement as to production of previously imaged data from one of Mr. Kalanick's personal devices, a phone, in the possession of Uber that Uber has indicated was made in connection with an unrelated litigation. Uber has agreed to search that imaged phone data (comprising ~60,000 documents) and anticipates producing any relevant, non-privileged documents by June 6. Plaintiffs will need time to review those documents in the context of the production in full and to confer with Uber about privilege and redaction concerns. Plaintiffs have also directed to Uber a request for data from Mr. Kalanick's personal Gmail account based on their belief that the document production shows he used that account regularly for business purposes; however, Uber maintains it has produced responsive information from that account that it has, and to the extent that Plaintiffs are seeking something more, such a request is appropriately directed to Mr. Kalanick (a non-party), rather than Uber. More generally, Uber maintains that it has complied with its obligations to produce materials from Mr. Kalanick that are in Uber's possession, custody or control, but is committed to using the extra time to resolve these disputes if at all possible.

### B. The deposition should be reset for July 3, 2025.

In light of the above, the MDL Plaintiffs and Defendants agree that the deposition of Travis Kalanick should be rescheduled from May 27, 2025, to July 3, 2025. The MDL Parties understand that the Court may not be available to supervise the deposition on that date but if necessary and with the Court's approval they agree that they are prepared to proceed without Court involvement and to rely on guidance that the Court may provide during the July 1 deposition of Mr. Khosrowshahi. Postponing this deposition until just two weeks after the date for substantial completion of fact discovery will not delay the September 22, 2025 close of discovery or otherwise delay the progress of this litigation to trial.

---

[1] Plaintiffs believe that Uber may be in possession of a laptop or other imaged media from devices that Mr. Kalanick used for business purposes during his time at Uber. This belief is based on letters from Uber's counsel to Plaintiffs in January and February 2024 indicating that when employees on legal hold leave the company, Uber retains their company-issued devices in the form that they were returned dating as far back as April 2012 (Mr. Kalanick was first placed on legal hold for any litigation in 2014, and for sexual assault or sexual misconduct litigation in 2023). Uber maintains that the 2024 letters did not specifically address Mr. Kalanick, who had departed the company more than six years earlier. Plaintiffs also assert that an Uber corporate witness has testified that Mr. Kalanick used both an Uber-issued phone and Uber-issued laptop, and that Uber imaged one or more of Mr. Kalanick's Uber-issued devices. Uber notes that the witness did not identify with certainty the device or devices imaged. Based on its investigation, Uber believes that it does not have possession of devices or imaged media of Mr. Kalanick other than the imaged media of the personal phone it has already identified to Plaintiffs but will continue to discuss additional efforts, if any, that can be made to settle the issue.

The MDL Parties respectfully submit that it makes sense to schedule a limited number of depositions after the June 16 date for substantial completion of fact discovery, but before the September 22 date for close of all discovery (so long as all parties agree doing so will not disrupt expert discovery). Mr. Kalanick's counsel has indicated the witness is not available in June due to his responsibilities as CEO of an international company. Should the Court require the Parties to seek leave from Judge Breyer to conduct depositions after June 16, the Parties are prepared to do so promptly and cooperatively.

Finally, the MDL Parties respectfully submit that the JCCP Plaintiffs' objection to rescheduling the deposition should not be given weight. The new date is before the beginning of the first JCCP trial (that trial date being the concern JCCP counsel raised at the May 20 hearing). But more fundamentally, as this Court has noted, "JCCP counsel is not running this MDL," and, while coordination is ideal, the interests of the state court litigation and decisions made there do not dictate the course of the MDL. 10/23/24 H'rg Tr. at 19:6-7; *see also, e.g.*, 6/13/24 H'rg Tr. at 38:20-23 ("[A]n MDL is a separate proceeding. We're not bound by the discovery decisions, the scope of discovery in the JCCP.").

Judge Shulman originally granted Uber's motion for protective order, preventing Mr. Kalanick from being deposed, but later permitted JCCP questioning of Mr. Kalanick only because this Court denied Uber's motion to prevent his deposition in the MDL. The MDL Plaintiffs were not involved in that argument or in any related agreements between the Uber Defendants and the JCCP Plaintiffs. It would be a case of the tail wagging the dog for the JCCP Plaintiffs to dictate the schedule for an MDL deposition under these circumstances. Especially considering that PTO 16, the MDL deposition protocol, generally permits the rescheduling of depositions so long as notice is given more than 3 or more calendar days in advance. ECF 866 at 4. The JCCP Plaintiffs should take up any JCCP-related discovery or deposition issues with Judge Shulman.

## II. JCCP Position

JCCP Plaintiffs have a July 7, 2025 trial date. Fact discovery closes May 30, 2025. JCCP Plaintiffs worked with Uber and MDL Plaintiffs to coordinate "apex" depositions pursuant to Judge Schulman's guidance and an agreed stipulation entered by Uber and JCCP Plaintiffs in California State Court. All "apex" depositions were scheduled to occur prior to the JCCP's May 30, 2025 fact-discovery cut-off. But now, in the last week, JCCP Plaintiffs have been told that: (1) the May 20, 2025 deposition of Dara Khosrowshahi had to be postponed because of Uber's over-redactions to Board of Directors' minutes and alleged additional Board of Directors' minutes scheduled for production—documents which have still not been produced (or re-produced with less redactions); (2) the May 22, 2025 deposition of Jill Hazelbaker was unilaterally postponed by Uber because of an apparent work emergency; and now (3) the May 27, 2025 deposition of Travis Kalanick needs to be postponed because of apparent document production issues relating to Mr. Kalanick's custodial file and pre-2018 Board of Directors' minutes.

JCCP Plaintiffs understand Uber and MDL Plaintiffs have agreed to postpone these depositions. JCCP Plaintiffs have endeavored to accommodate Uber and MDL Plaintiffs where possible. For example, JCCP Plaintiffs agreed to the proposed July 1, 2025 deposition date for

4

Mr. Khosrowshahi—a date in between pre-trial conferences scheduled for June 30 and July 2, and less than 1 week before trial. But JCCP Plaintiffs are unable to accommodate Uber and MDL Plaintiffs' attempts to reschedule the depositions of Ms. Hazelbaker or Mr. Kalanick.

Regarding Ms. Hazelbaker, Uber and MDL Plaintiffs have agreed to postpone the deposition until June 17 or June 23. But the JCCP attorney scheduled to take Ms. Hazelbaker's deposition—who has spent weeks preparing for the deposition—is unavailable on those dates. JCCP Plaintiffs proposed to move Ms. Hazelbaker's deposition to any date in May (before the May 30, 2025 fact discovery cut-off), but no alternative has been proposed.

Regarding Mr. Kalanick's deposition, Uber and MDL Plaintiffs have agreed to postpone the deposition until July 3—a mere 4 days before the JCCP trial starts. JCCP Plaintiffs can't agree to this date, and believe the May 27, 2025 deposition should move forward as scheduled. The JCCP attorney deposing Mr. Kalanick—who has extensively prepared for Mr. Kalanick's deposition—is lead trial counsel and can't be available to take Mr. Kalanick's deposition so close to trial. Further, JCCP Plaintiffs don't believe there is any justification to move the deposition from May 27, 2025. JCCP Plaintiffs are unaware of any additional documents Uber intends to produce from Mr. Kalanick's custodial file. Nor are JCCP Plaintiffs aware of any pre-2018 Board of Directors' minutes Uber intends to produce. To the extent such documents are produced, MDL and JCCP Plaintiffs should rightfully be permitted to bring the issue to Your Honor's attention and seek additional time to depose Mr. Kalanick on such documents. To try and accommodate Uber and MDL Plaintiffs, JCCP Plaintiffs agreed to postpone Mr. Kalanick's deposition to any date in May or the first week of June—ample time to resolve any pending document issues. No date has been proposed in that timeframe.

DATED: May 22, 2025                                  Respectfully submitted,

By: */s/ Roopal Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com
*Co-Lead Counsel for Plaintiffs*

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

By: */s/ Allison M. Brown*
**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN (*Pro Hac Vice*)
JESSICA DAVIDSON (*Pro Hac Vice*)
LAURA VARTAIN
CHRISTOPHER COX (*Pro Hac Vice*)

**SHOOK, HARDY & BACON L.L.P**.
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## **ATTESTATION**

      Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: May 22, 2025

By: /s/ <em>Andrew R. Kaufman</em>