# OFFICE OF THE CLERK
# UNITED STATES DISTRICT COURT
# Northern District of California

# CIVIL MINUTES

| **Date:** May 22, 2025 | **Time:** 10:45 a.m.-12:33 p.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana and Elizabeth Wilkins, Chaffin Luhana LLP; Rachel Abrams, Sara Craig and Tiffany Ellis, Peiffer Wolf Carr Kane Conway & Wise, LLP; Meredith Drukker Stratigopoulos, Edelson PC; Tracey B. Cowan, Clarkson Law Firm, P.C., Celine Cutter, Cutter Law PC., counsel for Plaintiffs

**For Defendants:** Allison Brown and Christopher Cox, Kirkland & Ellis LLP; Michael Shortnacy, Christopher Cotton, Veronica Gromada, Kathleen Frazier, Jeremiah Wikler, Jennifer Hill and Maria Salcedo, Shook, Hardy & Bacon LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims                  **Reported by:** Robin Herrera

# PROCEEDINGS

Discovery Status Conference held.

The Court expressed concern about the continuances of the Khosrowshahi, Kalanick, and Hazelbaker depositions. The Court noted that the parties have not provided specific reasons why Kalanick is not available in June.

Plaintiffs requested permission to set some 30(b)(6) depositions after the June 16, 2025 substantial completion deadline. The Court expressed concern about delays to the case schedule, and set a July 16, 2025 deadline to complete all 30(b)(6) depositions absent exceptional circumstances. The parties should not expect any continuance of expert discovery deadlines.

For disputes regarding Plaintiffs' bellwether discovery requests, Plaintiffs shall file a letter brief no longer than 6 pages no later by May 26, 2025, with attachments permitted as discussed. Uber shall file a response no longer than 6 pages no later than 5:00 PM on May 29, 2025. The Court may set a hearing by separate order or notice.

The parties propose a June 4, 2025 deadline to submit a PTO 8 letter regarding Uber's safety data as discussed in section IV of their status report (ECF No. 3033). The Court noted that this dispute appears to be related to issues previously addressed and purportedly resolved by

stipulation. The parties represented that their previous agreement went to which interrogatories Uber would respond to, but based on Uber's subsequently served responses, the parties had a misunderstanding over the scope of those interrogatories and Plaintiffs have concerned about the data Uber provided. The Court ordered a joint letter regarding the scope of this discovery by May 29, 2025 and a joint letter regarding data discrepancies by June 4, 2025.

Regarding Plaintiffs' medical records addressed in section V of the status report, the parties will continue to meet and confer and file a PTO 8 letter if needed.

Plaintiffs clarified that there is no outstanding dispute regarding hyperlinks as addressed in section VI of the status report.

Uber represented that it has provided deposition dates for case-specific 30(b)(6) depositions addressed in section VII of the status report. Plaintiffs argued that Uber's proposed dates do not allow sufficient time to complete discovery. The Court set a deadline of May 28, 2025 for the parties to resolve this dispute.

As to the privilege clawback procedures addressed in section VIII, the Court noted that Uber may properly instruct a deposition witness not to answer questions related to documents subject to clawback disputes, but also reiterated that that Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes, prior to appointment of the Special Master. The Court ordered Uber to provide privilege logs within two business days of asserting a clawback, absent an agreement by the parties or court order to the contrary. If any technical or other limitation that Uber did not raise at the status conference prevents Uber from complying with that deadline, Uber may file an administrative motion under Civil Local Rule 7-11 seeking relief from this order. (All procedural and substantive requirements that would generally apply to a motion for reconsideration are waived in light of the limited opportunity for briefing and argument on this issue.)

Uber requested an order that bellwether plaintiffs produce information called for by the ESI protocol, as addressed in section VII of the status report, by May 23, 2025. The Court ordered those disclosures to be completed by Wave I plaintiffs by May 27, 2025 and by all other Plaintiffs by May 30, 2025.