UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-MD-03084 CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING BELLWETHER PLAINTIFF INTERROGATORY CONCERNING PREVIOUS RIDER REPORTS** |
| This Document Relates to:<br><br>ALL BELLWETHER ACTIONS | Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8 (ECF No. 323), the Parties respectfully submit this joint letter regarding Uber's Responses to an Interrogatory served by each Bellwether Plaintiff concerning riders who reported earlier incidents of sexual misconduct by the subject drivers. An exemplar of the served interrogatories is attached as **Exhibit A** and an example of Uber's response to this particular interrogatory is attached as **Exhibit B**.[1]

**Plaintiffs' Position**:

This interrogatory seeks the identity and contact information of persons with relevant information: riders who, before Plaintiffs were assaulted, reported sexual assault or sexual misconduct on the part of the relevant drivers, but whose reports did not result in permanent deactivation of the driver. The Defense Fact Sheet disclosed the existence of some of these people, but not their identities or contact information. Plaintiffs request the Court order Uber to answer this interrogatory for the six Wave 1 Plaintiffs within 3 days and for remaining bellwether Plaintiffs within a reasonable time.

It is axiomatic that the identity and contact information of relevant witnesses is discoverable information. *See, e.g.*, *Trejo v. Macy's, Inc.*, 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (granting motion to compel responses to interrogatories for "the identity and contact information of … relevant fact witnesses"). These passengers have relevant information, such as what they reported to Uber and, most crucially, what Uber would have learned had it done a more thorough investigation. *See, e.g.*, A.R.2 Compl. ¶¶ 26-27 (after report of "rapist," Uber sent a message, but did not try to call the rider); Dean Compl. ¶¶ 26-27 (after report of sexual assault, Uber deactivated driver for a single day before reactivating him); LCHB128 Compl. ¶ 17.b (after report of sexual propositions, Uber interviewed rider and told him driver was deactivated; in reality, Uber reactivated him that same day).

Uber objects that the interrogatory calls for personal identifying information. Courts "have adopted a balancing test … to determine whether disclosure is appropriate, under which the Court must balance the plaintiff's need of the information against the claimed privacy right." *EFT Holdings, Inc v. CTX Virtual Techs., Inc.*, 2016 WL 11519280, at *3 (C.D. Cal. Nov. 3, 2016). Plaintiffs have a real need for the information. Apart from the driver himself, hardly a credible source of information, these people are the only ones who know what happened during those reported incidents, and what Uber would have learned had it conducted an adequate investigation. These individuals also know what they reported to Uber, allowing Plaintiffs to test Uber's self-serving incident tracking and narratives.

In similar circumstances, courts regularly recognize that privacy interests do not outweigh plaintiffs' need. In *Doe v. County of Solano*, 2023 WL 8878150 (E.D. Cal. Dec. 22, 2023), for example, the plaintiff alleged he was raped in a jail, and sought the "identities of

---

[1] Uber served responses in late April, but declined to answer any interrogatories on the basis that Plaintiffs served compound interrogatories. After meeting and conferring, Uber agreed to supplement its responses on May 16. Exhibit B reflects the supplemented response.

witness including other victims of plaintiff's assailant, who are likely to have information about defendants' knowledge of the assailant's past conduct and dangerousness." *Id.* at *1. The court balanced the "[t]hird party privacy concerns … against the plaintiff's need for the information at issue" and granted the motion to compel, subject to the parties agreeing on a "stipulated protective order" that would permit the information to be produced "Attorneys' Eyes Only." *Id*; *see also Sandifor v. County of Los Angeles*, 2019 WL 4137415, at *5-6 (C.D. Cal. May 28, 2019) (ordering production of "names and contact information of … all women [who were] sexually assaulted and/or sexually harassed" by deputy); *Meza-Perez v. Sbarro LLC*, 2020 WL 3963758, at *2 (D. Nev. July 13, 2020) ("[L]earning the identities of other Sbarro employees who engaged in sexual relations with Defendant while he was employed there could reasonably lead to the discovery of admissible evidence. … Defendant fails to explain why a "CONFIDENTIAL" designation … would not sufficiently protect any privacy concerns related to any third party."); *Goold v. Hilton Worldwide, Inc.*, 2014 WL 1383252, at *3-6 (E.D. Cal. Apr. 8, 2014) (ordering identification of "all individuals who have made a complaint about illegal discrimination, including sexual harassment"). Another court concluded the same, even where the victims were minor students. *See Burke v. Basil*, 2021 WL 4189395, at * (C.D. Cal. May 21, 2021) (ordering provision of identities of "students" who "receiv[ed] sexual images and messages" from teacher, and explaining that the school district defendant "has concerns about third party privacy, but as this dispute is proceeding in federal court, Plaintiff has due process rights to the names of witnesses and other persons who may have knowledge of relevant events").

As in *Doe*, any information provided is protected by the Stipulated Protective Order. *See Leprino Foods Co. v. Avani Outpatint Surg. Ctr.*, 2024 WL 4488711, at *14 (C.D. Cal. Sept. 30, 2023) (overruling objections based on "third party privacy" where the opposing party "ha[d] not demonstrated that any privacy concerns relative to the redacted information in this case cannot adequately be protected by the Stipulated Protective Order"); *accord Block v. Quest Diagnostics, Inc.*, 2024 WL 5411306, at *9 (C.D. Cal. Nov. 13, 2024) (same, and collecting cases).

Uber cites *Anders v. United Airlines Inc.*, 2020 WL 8575131 (C.D. Cal. Dec. 18, 2020), but in that case the plaintiff sought identification of all prior complaints against an airline in order to show that the carrier knew or should have known of the risks of sexual assault. The identity and contact information of any given complainant was not relevant—it was the number of complaints that mattered. Here, Plaintiffs aim to show that Uber should have fully investigated these particular complaints and, based on their unique details, deactivated the drivers before they could assault Plaintiffs. So what the riders told Uber, and, more importantly, what they *would* have told Uber had they been asked, is crucial. The potential to learn about details of these assaults is not "speculation" as Uber says (though the fact that Uber treated these reports as speculative underscores the need for discovery into them).

Uber also cites Judge Corley's order in *Doe v. Uber Techs.*, No. 19-3310 (N.D. Cal. Aug. 11, 2021), but that case denied discovery of the identity of prior riders because "[t]here is no suggestion in the record that Uber is using these complainants as witnesses in this case such that it would be unfair to not share the complainants' contact information." *Id.* at 2-3. But here, that is exactly what Uber is doing. The company will claim at trial that it fully investigated these complaints and concluded that they did not justify deactivating the driver. Plaintiffs are left to rebut that contention using only Uber's self-serving and incomplete records. Presumably Uber

will not consent to a jury instruction that Uber refused to produce this information and so should not be permitted to rest on inferences supported by its absence.

In addition, *Doe* involved a former Uber driver impersonating a current Uber driver. So the content of previous reports was of limited relevance—the driver *was* deactivated. Here, the cases are about actual Uber drivers driving with Uber's authorization at the time of the assaults. In addition, Uber represented each of these drivers to Plaintiffs using a "star rating" supposedly reflecting previous riders' experience with the drivers. So Uber itself has put previous riders' experiences at issue and should not be permitted to limit discovery into those reports. Plaintiffs also assert fraud claims based on those incomplete disclosures, claims that should by fully explored through discovery.

Additional reasons support disclosure. First, it is perverse for a company that allegedly negligently permitted sexual assault on its platform to benefit in defending against those claims from privacy interests owned by other people harmed by its actions. As the Court noted in rejecting Uber's earlier reliance on passengers' privacy interests, "what Uber fails to recognize is that the MDL has also been brought on behalf of individuals who are alleged survivors of sexual assault." ECF 321 at 10. Second, Uber itself has already decided that these reports were either false or unsubstantiated—it allowed the drivers to continue driving. It makes no sense for Uber to rely on the privacy interests of sexual-misconduct reporters when Uber itself evidently determined the reports were in some sense illegitimate (the details of that determination, of course, are relevant facts for discovery).[2]

**Defendants' Position**:

Defendants have responded to Plaintiffs' interrogatories to the extent they can do so without violating non-parties' privacy rights. Defendants have also produced extensive information related to prior complaints and the actions taken in response. Plaintiffs now seek the names and contact information for prior reporters of sexual assault or misconduct to Defendants. This request is unsupported by legal authority under the facts presented and should be denied.

Plaintiffs, correctly, recognize their request implicates the privacy rights of non-parties. *Padron v. Lara*, 2018 WL 2213462, at *14 (E.D. Cal. May 11, 2018), *aff'd sub nom. Padron v. City of Parlier*, 776 F. App'x 453 (9th Cir. 2019) (recognizing privacy interests enshrined in the California constitution). Unsurprisingly, these privacy rights are heightened when a request relates to sexual conduct. *Morales v. Super. Ct.*, 99 Cal. App. 3d 283, 291 (1979) (although the contact information of persons with whom the plaintiff had extramarital affairs was relevant, compelled disclosure would violate privacy rights). Plaintiffs' understanding of this heightened privacy interest is evident-most of them are proceeding under pseudonyms. Further, it is well recognized that "the availability of limited protective orders *per se* does not automatically

---

[2] The Court should disregard the letter from Dr. Henard (Ex. 1 to Ex. D). The letter gives no indication that Uber informed Dr. Henard of this dispute or the context in which sexual assault survivors are seeking evidence to prove their claims. And, again, Uber already decided to disregard these persons' stories when it allowed the drivers at issue to continue driving.

override privacy concerns." *EFT Holdings, Inc. v. CTX Virtual Techs., Inc.*, 2016 WL 11519280, at *3 (C.D. Cal. Nov. 3, 2016); *Davis v. Leal*, 43 F. Supp. 2d 1102, 1111 (E.D. Cal. 1999).

"Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted." *Anders v. United Airlines Inc.*, 2020 WL 8575132, at *5 (C.D. Cal. Dec. 18, 2020). Here, the balancing test weighs against disclosure.

*First*, Defendants have produced every bit of information they have related to prior reports, putting both sides on equal footing. Defendants produced the investigative files related to multiple categories of prior incidents, including reports of sexual assault or misconduct. The original communications between Defendants and the reporting parties, both through oral and written correspondence, as well as any materials provided by the involved parties, have been produced. Thus, the facts from prior investigations and Defendants' resulting actions have been fully documented and disclosed to Plaintiffs, and have been supplemented to include any subsequent law enforcement involvement reported to Defendants. The specificity of Plaintiffs' allegations related to prior reports demonstrates Defendants' transparency.[3]

*Second*, the confidential information Plaintiffs are now requesting implicates heightened, and Constitutionally protected, privacy concerns. *Morales*, 99 Cal. App. 3d at 291. This Court recognized these concerns when it ruled that names and contact information should be redacted in documents related to Defendants' other litigation involving claims of sexual assault or misconduct. ECF 321. In making that ruling, the Court considered submissions from organizations that advocate for survivors of sexual violence urging that survivors' privacy rights be protected, including a February 26, 2024 letter from the CEO of Respect Together. ECF 321 at 4:15-19; ECF 293-3 at 51-59; *see also* statements on survivor privacy.[4] The Court's ruling in ECF 321 appropriately balanced Plaintiffs' request for some discovery of past sexual assault reports with the privacy rights of uninvolved third parties. The privacy interests of the non-parties whose contact information Plaintiffs now seek is even greater than the interest of the prior *litigants* (who chose to bring a lawsuit) at issue in ECF 321.[5]

In ordering the production of information from prior litigation, in ECF 321, this Court discussed *Anders v. United Airlines*, where the defendant was ordered to produce records related to past sexual assault complaints, but to redact the last names and contact information of the passengers involved. 2020 WL 8575132, at *5. The *Anders* plaintiff sought this information so

---

[3] For example, in one prior report, a male rider alleged that the male independent driver solicited oral sex, while the driver also alleged that the rider engaged in sexual misconduct. If Defendants were trying to downplay reports as Plaintiffs suggest, Plaintiffs would not have this information. This report also demonstrates that several types of important privacy concerns are implicated.
[4] RALIANCE Statement on Protecting Survivor Privacy (bit.ly/4jhKevX) (last visited 5/28/25); RALIANCE Statement on Protecting Survivor Privacy When Reporting App Based Workers (https://bit.ly/4kgmycP) (last visited 5/28/25); RAINN Files Appeal (https://bit.ly/3ZFDnpd) (last visited 5/28/25) (supporting Defendants' efforts to protect survivor privacy); see also **Ex. D**, Gromada Dec., attaching letter from Dr. Indira Henard, Uber Safety Advisory Board.
[5] The riders provided their contact information to Defendants pursuant to a privacy provision assuring riders that their private information would only be used for limited purposes. Their expectation is that this information will be kept confidential and not disclosed to third parties.

she could "contact other victims of sexual assault on United planes" and argued it was relevant to the defendant's knowledge of "risk factors." *Id*. at *5. *Anders* does not say that only the *number* of prior incidents was relevant. *Id*. Moreover, in *Doe*, Judge Corley denied a request for disclosure of prior complainants' contact information despite the plaintiff's argument that this information was relevant to "what else they would have told Uber had Uber investigators conducted additional follow-up…."[6] For the same reasons, Plaintiffs' request should be denied.

*Third*, Plaintiffs' need for this information is exaggerated if not non-existent. These non-parties are not witnesses to the events at issue in Plaintiffs' cases. Thus, Plaintiffs' citation to *Trejo v. Macy's, Inc.*, where the plaintiff sought "the identity and contact information of individuals and entities…involved in the attempt to collect *his* debt," provides no support. 2014 WL 1091000, at *2 (N.D. Cal. Mar. 17, 2014) (emphasis added). To the contrary, *Trejo* rejected a request for "previous complaints and judgements against Defendant" as "clear overreach[]" and "overbroad." *Id*. Similarly, *Burke v. Basil* involved requests for contact information for parties involved in the event at issue in the case. 2021 WL 4189395, at *4 (C.D. Cal. May 21, 2021) (applying federal common law). That is not true here.

Any information the non-parties might provide about issues extraneous to what allegedly happened with Plaintiffs is far too attenuated to justify invasion of the non-parties' privacy. Plaintiffs propose to ask these non-parties today what they reported to Uber about events that occurred many years ago supposedly to "test" the accuracy of Defendants' reporting system. Any response today would be unreliable and likely inadmissible.[7] Plaintiffs further propose to ask these non-parties *what they would have told Defendants* if asked more questions. Any response would be pure speculation and not admissible. Plaintiffs' purported need for this information is wholly insufficient to overcome the non-parties' privacy interest. Judge Corley recognized the "limited probative value" of this information in rejecting the similar request. Ex. C.

Plaintiffs' purported need for the contact information of non-parties does not outweigh the privacy interests at stake. *Trejo* does not support Plaintiffs and the other cases they rely on do not engage in a balancing analysis that allows for a meaningful comparison to this case. In *Doe v. County of Solano*, 2023 WL 8878150 (E.D. Cal. Dec. 22, 2023), the court does not engage in any balancing, and does not explain its reasoning. In *Sandifor v. County of Los Angeles*, 2019 WL 4137415 (C.D. Cal. May 28, 2019), the plaintiffs argued the contact information of past complainants was necessary to <u>defend</u> against the defendants' claims and affirmative defenses. Moreover, these cases involve prisoners who have significantly reduced privacy rights. *Seaton v. Mayberg*, 610 F.3d 530, 534 (9th Cir. 2010) ("Loss of privacy is an 'inherent incident[ ] of confinement.'") In *Goold v. Hilton Worldwide, Inc.*, an employment case, the court found that contact information of past complainants should be disclosed because there was "*no alternative*

---

[6] Judge Corley denied the plaintiff's request for prior complainants' contact information where plaintiff proposed an opt-out procedure finding that "Given the serious invasion of privacy, an opt-out process does not sufficiently protect the complainants' privacy interests…." See, **Ex. C**, Case 3:19-cv-03310-JSC at ECF 97 (August 11, 2021 Order).

[7] While information need not be admissible to be relevant, admissibility is properly considered when balancing the purported need for the information against the non-parties' privacy rights.

*method* for the Plaintiff to test" defendants' motivations in firing him. 2014 WL 1383252, at *6 (E.D. Cal. Apr. 8, 2014) (emphasis added). None of these cases support disclosure here.

The extensive discovery already provided, significant privacy interests at stake, and speculative nature of the information sought, all weigh strongly against disclosure. Ordering disclosure would not only contravene established protections under California law but could also deter future reporting. For these reasons, Plaintiffs' motion should be denied in its entirety.

Dated: May 28, 2025                                    Respectfully Submitted,

By: */s/Roopal Luhana*                                  */s/ Michael B. Shortnacy*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**                                  **KIRKLAND & ELLIS LLP**
600 Third Avenue, Fl. 12                                ALLISON M. BROWN
New York, NY 10016                                      JESSICA DAVIDSON
Telephone: (888) 480-1123                               LAURA VARTAIN
Email: luhana@chaffinluhana.com
                                                        **SHOOK, HARDY & BACON L.L.P**.
                                                        MICHAEL B. SHORTNACY
SARAH R. LONDON (SBN 267083)                            PATRICK L. OOT, JR.
**GIRARD SHARP LLP**                                    CHRISTOPHER V. COTTON
601 California St., Suite 1400                          ALYCIA A. DEGEN
San Francisco, CA 94108
Telephone: (415) 981-4800                               **O'MELVENY AND MYERS LLP**
Email: slondon@girardsharp.com                          SABRINA H. STRONG
                                                        JONATHAN SCHNELLER

RACHEL B. ABRAMS (SBN 209316)                           *Attorneys for Defendants*
**PEIFFER WOLF CARR KANE CONWAY**                       UBER TECHNOLOGIES, INC.,
**& WISE, LLP**                                         RASIER, LLC, and RASIER-CA, LLC
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*


## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, have authorized the filing.

Dated: May 28, 2025

By: /s/  Andrew R. Kaufman