# EXHIBIT B

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

1  MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2  **SHOOK, HARDY & BACON L.L.P.**
   2121 Avenue of the Stars, Suite 1400
3  Los Angeles, CA 90067
4  Telephone: (424) 285-8330
   Facsimile: (424) 204-9093
5

6  PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
7  **SHOOK, HARDY & BACON L.L.P.**
   1800 K St. NW Ste. 1000
8  Washington, DC 20006
   Telephone: (202) 783-8400
9  Facsimile: (202) 783-4211

10

11 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
12 RASIER, LLC, and RASIER-CA, LLC

13 *[Additional Counsel Listed on Signature Page]*

14                **UNITED STATES DISTRICT COURT**

15       **NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION**

| | |
|---|---|
| 16  IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| 17 | **DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S SUPPLEMENTAL RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** |
| 18 | |
| 19  This Document Relates to: | |
| 20  *LCHB128 v. Uber Technologies, Inc. et al., 3:24-cv-7019* | Judge:     Hon. Charles R. Breyer |
| 21 | |

22

23 PROPOUNDING PARTY:   LCHB128

24 RESPONDING PARTY:    UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA,
25                      LLC

26 SET NO.:             ONE (1); SPECIAL INTERROGATORIES

27

28

1  Propounding Party may have incurred. Responding Party does not take any position at this time
2  regarding Propounding Party's potential fault for the alleged incident at this time. Investigation and
3  discovery are ongoing. For example, Bellwether discovery is ongoing, and the parties still need to
4  conduct depositions of Propounding Party as well as other fact witnesses to determine the information
5  responsive to this Interrogatory. Responding Party reserves the right to supplement or amend this
6  Response.

7  Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025
8  Agreement.

9  Other Objection(s): Responding Party objects to the term "Incident" as the term is vague,
10 overbroad, calls for legal conclusion, and is defined by other objectionable terms such as "Sexual
11 Assault" and "Sexual Misconduct" which are themselves at least vague, overbroad, and call for legal
12 conclusion. Responding Party further objects to this Interrogatory on the grounds that it is premature,
13 argumentative, calls for legal conclusion, and calls for the rendering of an expert opinion.

14 **SPECIAL INTERROGATORY NO. 8:**

15 For any Rider who, before the date of the Subject Incident, reported Sexual Assault and/or
16 Sexual Misconduct against the Subject Driver, which did not result in permanent Deactivation,
17 Identify the Rider by name, email address, physical address, and phone number. (Plaintiff invites Uber
18 to meet and confer regarding a process for allowing these Riders to opt into or out of having their
19 identities shared.)

20 **RESPONSE NO. 8:**

21 Supplemental Response: Subject to the below objections and to Responding Party's best
22 understanding of this Interrogatory, pursuant to Federal Rule Civil Procedure 33(d), Responding Party
23 directs Propounding Party to the Tickets produced in answer to the Defendant Fact Sheet Requests 26
24 and 27 for this action. Responding Party will not identify for Propounding Party nonparties who
25 reported sensitive personal experiences to Defendants, or provide Propounding Party their contact
26 information.

27 Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025
28 Agreement.

1  Other Objection(s): Responding Party objects to the terms "Rider", "Subject Incident", "reported", "Sexual Assault", "Sexual Misconduct", and "Subject Driver" as vague, ambiguous, and overbroad. For example, "Rider" contemplates a scenario where an individual took an undefined "Uber Ride" without using the Uber Platform in its definition and is thus vague. The terms "Subject Incident", "Sexual Assault" and "Sexual Misconduct" are all also vague, ambiguous, and call for legal conclusion in scope. The term "reported" is undefined, making it unlimited in time and scope, which renders it vague. Responding Party further objects to this Interrogatory as it requires the disclosure of Personal Identifying Information without the consent of the individuals that information belongs to. Responding Party further objects to this Interrogatory to the extent it requests Responding Party to violate any Statute, Court Order, or other Rule of Law.

**SPECIAL INTERROGATORY NO. 9:**

For any Woman Rider who gave the Subject Driver a one-star rating and did not indicate why, please identify the Rider by name, email address, physical address, and phone number. (Plaintiff invites Uber to meet and confer regarding a process for allowing these Riders to opt into or out of having that informed shared through this process.

**RESPONSE NO. 9:**

Supplemental Response: Subject to the below objections and to Responding Party's best understanding of this Interrogatory, Responding Party will not provide contact information for nonparties.

Objection Based on Rule 33(a)(1): Objection preserved subject to the Parties' May 9, 2025 Agreement.

Other Objection(s): Responding Party objects to the terms "Woman", "Rider", and "Subject Driver" as vague and overbroad. Responding Party also objects to the term "Woman" as it calls for speculation. For example, "Woman" as used in this Interrogatory requires the Responding Party to identify individuals' "inferred gender" based on inherently ambiguous and vague factors such as names. Responding Party also objects to this Interrogatory to the extent it is overbroad, unduly burdensome, not reasonably calculated to lead to the discovery of admissible evidence, or disproportionate to the needs of the case. Responding Party further objects to this Interrogatory as it

**HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY**

**PROOF OF SERVICE**

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of Harris. My business address is 600 Travis St. Suite 3400, Houston, TX 77002 and my email address is smrodriguez@shb.com.

On the date set forth below, I caused the following document(s): **DEFENDANTS UBER TECHNOLOGIES, INC. AND RASIER, LLC'S RESPONSES TO PLAINTIFF'S SPECIAL INTERROGATORIES, SET ONE** to be served by providing a true copy thereof addressed to each of the persons named below:

| | |
|---|---|
| Sarah R. London (SBN 267083)<br>Simon Grille (SBN 294914)<br>Maya Kalonia (SBN 359755) | *Attorneys for Plaintiffs*<br><br>GIRARD SHARP LLP<br>601 California Street, Suite 1400<br>San Francisco, CA 94108<br>Tel: (415) 981-4800 |

**VIA EMAIL OR ELECTRONIC SUBMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on May 16, 2025 in Houston, Texas.

*[signature]*

Stephanie Rodriguez