**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL MATTERS | **MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |

By: /s/ LAURA VARTAIN HORN
**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
Laura.vartain@kirkland.com
ALLISON M. BROWN (*pro hac vice*)
Alli.brown@kirkland.com
JESSICA DAVIDSON (*pro hac vice*)
Jessica.davidson@kirkland.com

CHRISTOPHER C. COTTON (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
ccotton@shb.com

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
sstrong@omm.com
JONATHAN SCHNELLER
jschneller@omm.com

**SHOOK, HARDY & BACON L.L.P.**
PATRICK OOT (*pro hac vice*)
ALYCIA A. DEGEN (SBN 211350)
MICHAEL B. SHORTNACY (SBN 277035)

*Counsel for Defendants Uber Technologies,*
*Inc., Rasier, LLC, and Rasier-CA, LLC*

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE
JUDGE; Case No. 3:23-md-03084-CRB (LJC)

**INTRODUCTION**

Plaintiffs are demanding something no court appears to have ever endorsed: that witnesses bring laptops to their 30(b)(6) depositions to "display" or "demonstrate" the "architecture" of Uber Technologies, Inc.'s ("Uber") recordkeeping systems. Despite recognizing that this demand was "unusual" and without citing any authority approving such discovery, Magistrate Judge Cisneros nonetheless ruled that it is technically authorized under Rule 30 and sufficiently proportional to the needs of this litigation. Uber respectfully submits that this ruling was erroneous. First, Plaintiffs' requested "novel discovery procedure [is] not authorized under Rule 30." *Garcia v. County of Riverside*, No. ED CV 13-616-JGB (SPx), 2017 WL 11917348, at *3-6 (C.D. Cal. Aug. 9, 2017). If a party seeks a demonstration of her opponent's electronically stored information ("ESI"), the proper procedure is a normal Rule 34 inspection, not having a deponent do so on the fly in the middle of being examined.

Second, even if a hybrid inspection/oral deposition were ever authorized by Rule 30, Plaintiffs' request would be patently disproportionate (and therefore separately barred by Rule 26) because the information they seek can be obtained by less burdensome means (e.g., screenshots) that do not threaten the conduct of the depositions, much less risk disclosure of confidential employee, customer, company, and privileged attorney-client information.

When Plaintiffs previously raised the prospect of inspecting hyperlinked policy-related documents, this Court prescribed a specific process for doing so under the careful supervision of Special Master Jones. Plaintiffs' attempt to bypass that process raises concerns that they intend to use the upcoming depositions to conduct invasive inspections and harass the deponents, rather than question the witnesses about Uber's corporate conduct. For all of these reasons, Uber respectfully urges the Court to reaffirm its prior ruling that inspections of Uber's documents be conducted under the supervision of the Special Master and reverse the Magistrate Judge's ruling compelling deponents to bring laptops to the upcoming 30(b)(6) examinations.

**BACKGROUND**

On March 19 and 21, 2025, Plaintiffs served Uber with eight notices for 30(b)(6)

1

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

depositions covering 162 discrete topics, three of which demand the deponent bring a laptop to log into Uber's recordkeeping systems. The proffered purpose for this demand set forth in one of the notices is for the deponents to "display[] the architecture of those" systems, while the stated purpose described in the other two notices is for the deponents to "demonstrate the architecture of the platform(s), and the way in which [Uber's] policies are organized, linked, accessed, viewed, and interacted with." (Doc. No. 2995, at 5.) In overruling Uber's objections to these requests, the Magistrate Judge reasoned that "[a]lthough Plaintiffs' requests are unusual, a laptop falls within the literal scope of 'tangible things' that a party deponent can be required to produce at a deposition under Rule 30(b)(2)." (*Id.* at 6.) The Magistrate Judge also found that Plaintiffs' requests were "proportional . . . in light of the many disputes the parties have raised . . . regarding how Uber's documents are organized." (*Id.*) And while the Magistrate Judge noted that "Uber's concerns about confidentiality . . . also carry some weight," the court deemed them "limited in light of the protective order in this litigation." (*Id.*)[1]

## ARGUMENT

This Court should reverse the Magistrate Judge's ruling because it "is clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a).

***First***, Plaintiffs' request is "not authorized" by the Federal Rules. *Garcia*, 2017 WL 11917348, at *3-6; *see also, e.g.*, *Brewer v. BNSF Ry. Co.*, No. CV 14-65-GF-BMM-JTJ, 2016 WL 11219144, at *1 (D. Mont. Jan. 12, 2016) (denying motion to compel deponent "to bring a railroad computer to the deposition" to search for information during the deposition"), *aff'd*, No. CV 1465-GF-BMM, 2016 WL 11508203 (D. Mont. Mar. 9, 2016); *Wagner v. State Farm Mut. Auto. Ins. Co.*, No. 2:10–CV–11733, 2011 WL 13217193, at *4 (E.D. Mich. May 5, 2011) (requiring deponent to bring laptop "is unreasonable"); *Chauvin v. State Farm Mut. Auto. Ins. Co.*, No. 10-cv-11735, 2011 WL 1810625, at *4 (E.D. Mich. May 11, 2011) (rejecting plaintiff's

---

[1] The Magistrate Judge's ruling was part of a broader order addressing the parties' other disputes related to the upcoming 30(b)(6) depositions. Uber is not objecting to any of those other rulings at this time.

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

request that defense witness bring her "State Farm laptop computer to allow for access to State Farm databases, intranet pages and other documents and data electronically stored by State Farm.") (citation omitted); *E.E.O.C. v. BNSF Ry. Co.*, No. 2:12–CV–02634–JWL, 2014 WL 172141, at \*2-3 (D. Kan. Jan. 15, 2014) ("Plaintiffs are not entitled to use a Rule 34 inspection as an alternative to depositions or written discovery."). In *Garcia*, another magistrate judge within the Central District expressly rejected a request to compel a 30(b)(6) representative to "demonstrate how the [defendant's] equipment or database queries operate" "in real time during a deposition," reasoning that the "plaintiff is asking the court to order a novel discovery procedure not authorized under Rule 30." *Garcia*, 2017 WL 11917348, at \*3-6.

Neither Plaintiffs nor Magistrate Judge Cisneros cited any caselaw holding otherwise. Despite describing Plaintiffs' requests as "unusual," the Magistrate Judge reasoned that "a laptop falls within the literal scope of 'tangible things' that a party deponent can be required to produce at a deposition under Rule 30(b)(2)." (Doc. No. 2995, at 6.) But Rule 30(b)(2) merely provides that a deposition notice "may be accompanied by a request under Rule 34 to produce documents and tangible things at the deposition." Fed. R. Civ. P. 30(b)(2). That is not a license to "convert[]" an oral deposition into an inspection of the other side's ESI. *See Mir v. Kirchmeyer*, No. 3:12-cv-02340-GPC-DHB, 2016 WL 7336615, at \*2-3 (S.D. Cal. Dec. 19, 2016) ("the taking of an oral deposition pursuant to . . . rule 26[] should not be converted in effect into . . . an inspection procedure") (quoting *Deep S. Oil Co. v. Metro. Ins. Co.*, 25 F.R.D. 81, 82 (S.D.N.Y. 1959)). In short, "[a]bsent any authority for the procedure [P]laintiff[s] seek[]," *Garcia*, 2017 WL 11917348, at \*6, the Magistrate Judge's ruling was erroneous.

**Second**, Plaintiffs' request also contravenes Rule 26, which prohibits discovery where the information can be obtained "from some other source that is more convenient, [or] less burdensome[.]" Fed. R. Civ. P. 26(b)(1)-(2)(C)(i). Although the Magistrate Judge reasoned that "the operation and architecture of Uber's internal recordkeeping systems" is a "proportional topic" given the parties' disputes about Uber's recordkeeping policies (Doc. No. 2995, at 6),

Plaintiffs have not "made a sufficient showing" that they "will be unable to get the information" they seek "by simply asking questions of the deponent." *See Garcia*, 2017 WL 11917348, at *6 (finding that demonstration during deposition was not only unauthorized but also disproportionate; while "plaintiff would prefer to see and time the queries himself . . . he has not made a sufficient showing that he will be unable to get the information he requires by simply asking questions of the deponent"). For example, Plaintiffs have not explained why screenshots of Uber's "architecture" would be inadequate to provide a sufficient understanding of the company's systems. (*See* 5/13/25 Transcript at 22 (defense counsel noting that "we would meet and confer with plaintiffs if there are specific systems where screenshots may be helpful" as opposed to permitting live access).)

Use of an oral deposition to inspect an opposing party's ESI is also improper because it could result in the "disclosure of privileged or otherwise confidential material[.]" *Wagner*, 2011 WL 13217193, at *4. The Magistrate Judge expressly recognized that "Uber's concerns about confidentiality . . . carry some weight," but found that they were "limited in light of the protective order in this litigation." (Doc. No. 2995, at 6.) The magistrate's ruling overstates the import of the protective order, which would only prevent confidential information from being disseminated **outside** this litigation. Real-time demonstrations of Uber's platforms and systems during its upcoming depositions would still entail the disclosure of sensitive information to anyone attending those examinations. This is not merely a theoretical possibility; as William Anderson, manager of eDiscovery at Uber, explained in a prior declaration, Uber's policies are stored on Google Drive and its operating procedures are currently stored on "uKnowledge"— which contain private employee and customer data, communications of counsel and commercially sensitive information concerning all of Uber's business units. (Doc. No. 2477-3, Anderson Decl. ¶¶ 8-12.) Thus, "demonstrating" or "displaying" Uber's confidential internal system would not only violate Uber's security policies; it would also threaten the sensitive information of Uber's customers and employees, as well as communications with counsel. (*Id.*)

The Magistrate Judge noted that Uber may refuse to provide a particular demonstration if it would (a) disclose privileged information, (b) reveal "extremely sensitive information that is not relevant to this litigation," or (c) if there is some other "compelling reason." (Doc. No. 2995, at 7.) Unfortunately, this would not be practical, as defense counsel would have to engage in substantial pre-review of any requested demonstration prior to showing Plaintiffs' counsel the demonstration, effectively bringing the deposition "to a screeching halt." *See Chauvin*, 2011 WL 1810625, at *4 ("[T]he Court is without the depth of imagination and unbridled optimism necessary to adopt Plaintiff's view that the laptop's presence at the deposition will . . . [be] efficient and helpful[.]").

Finally, if Plaintiffs have a legitimate need for their requested "demonstrations" of Uber's internal "architecture," those exercises should be performed consistent with the inspection procedures previously established by the Court. On March 18, 2025, the Magistrate Judge ordered the parties to meet and confer concerning how best to effectuate Plaintiffs' request for discovery of hyperlinked policy-related documents, including a potential Rule 34 inspection of the policies on Uber's network, provided that the Special Master, or a representative, would be present to mediate access issues "in real time." (Doc. No. 2545, at 4-6.) This Court, in turn, empowered the Special Master to oversee a Rule 34 inspection of Uber's policy-related documents. (Doc. No. 2550.) Although the Special Master ordered Plaintiffs to file a motion for such an inspection by April 18, Plaintiffs never pursued that avenue, demanding instead to conduct inspections during corporate depositions. Plaintiffs' attempt to end-run this Court's unequivocal ruling should be rejected. Rather, the Court should reaffirm its prior order that inspections be conducted under the careful supervision of the Special Master.

## CONCLUSION

For the foregoing reasons, the Court should reverse the portion of the Order requiring Uber's 30(b)(6) corporate representatives to bring a laptop or computer to their depositions to demonstrate the "architecture" of Uber's internal platforms or recordkeeping systems.

1

**FILER'S ATTESTATION**

2

    I, Laura Vartain Horn, am the ECF User whose ID and password are being used to file

3

this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the

4

signatories identified above has concurred in this filing.

5

Dated: May 28, 2025

6

                                   By: /s/ Laura Vartain Horn

7

                                   Laura Vartain Horn

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)