UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER RESOLVING IN PART JOINT DISCOVERY LETTER REGARDING REQUESTS TO BELLWETHER PLAINTIFFS**<br><br>Re: Dkt. No. 3050 |
|---|---|

The parties have filed a joint discovery letter, Dkt. No. 3050, which concerns certain written discovery requests served by Uber in connection with the bellwether cases. Uber moves to compel Plaintiffs to provide certain social media information and content, medical information, and information related to the use of rideshare applications after the alleged incident giving rise to each plaintiff's claims. The Court presumes the parties' familiarity with the facts of the cases and the applicable law, and rules as follows with respect to requests concerning medical information and rideshare usage. The Court will address requests pertaining to social media in a separate order.

**A.   Medical Records and Related Materials**

The parties dispute three requests for production in which Uber seeks documents related to benefits, insurance, medical, and mental health. Request for Production No. 5 seeks:

> ALL DOCUMENTS, COMMUNICATIONS, records, papers, notes, OR pleadings from the last ten (10) years concerning ANY claims YOU have submitted to ANY insurance carrier OR governmental agency for benefits in which YOU asserted that YOU have suffered INJURY.

Dkt. No. 3050-1 at 3.

Request for Production No. 14 seeks:

> ALL DOCUMENTS RELATING TO YOUR medical treatment AND ANY diagnoses within the five (5) years preceding the ALLEGED INCIDENT.

*Id.* at 6.

And finally, Request for Production No. 29 seeks:

> ALL DOCUMENTS AND COMMUNICATIONS evidencing ANY instance OR symptom(s) of (a) depression, (b) anxiety, (c) PTSD, AND/OR (d) trauma, INCLUDING but not limited to interpersonal AND familial trauma, YOU experienced at ANY time prior to OR at ANY time following the ALLEGED INCIDENT, INCLUDING but not limited to DOCUMENTS AND COMMUNICATIONS from ANY MEDICAL PRACTICIONER who treated YOU as a result of such instance of trauma

*Id.* at 15.

The scope of information that Uber seeks is overbroad with respect to both the time period and the nature of the information requested, particularly without any showing that such documents are relevant to a particular plaintiff's claims.

The Court adopts Plaintiffs' proposed compromise, *see* Dkt. No. 3050 at 8, and directs Plaintiffs to produce: (1) insurance and government benefits claims arising from the claimed physical or emotional injury alleged; (2) medical records for two years prior to the alleged incident; and (3) mental health records for the past ten years. This ruling is without prejudice to Uber's ability to request a broader production of related documents if warranted by specific circumstances for specific plaintiffs, so long as any such request is tailored to a particularized need for documents in a given case.

### B. Rideshare Usage

Request for Production No. 20 seeks:

> ALL DOCUMENTS evidencing YOUR use of ANY rideshare applications AND services other than UBER, INCLUDING but not limited to Lyft, after the ALLEGED INCIDENT took place.

Dkt. No. 3050-1 at 13.

Uber is correct that continuing rideshare use may be relevant to some of Plaintiffs' alleged injuries, including disruption of their lives due to unwillingness to continue using rideshare services or otherwise interact with strangers after the alleged sexual assault or harassment at issue. *See* Dkt. No. 3050 at 5; Dkt. No. 3050-2 at 6, 8, 10, 13–14, 20, 22, 25 (interrogatory responses).

1  Plaintiffs do not dispute that such usage may be relevant, but argue that the request is not
2  sufficiently tailored to relevant information and that production of all such documents would be
3  unduly burdensome and cumulative.  Dkt. No. 3050 at 8.
4  　　　　The Court agrees, at least to an extent.  Plaintiffs are directed to produce documents
5  sufficient to show the number and dates of rides they have taken from non-Uber rideshare services
6  since the alleged incident.  To the extent such documents might include other information about
7  those rides, this limitation of the scope of what Plaintiffs are required to gather and produce is not
8  an invitation to apply redactions for relevance.  As with the medical records discussed above, this
9  ruling is without prejudice to Uber's ability to request a broader production of related documents
10 if warranted by specific circumstances for specific plaintiffs, so long as any such request is
11 tailored to a particularized need for documents in a given case

**IT IS SO ORDERED.**

Dated: May 29, 2025

LISA J. CISNEROS
United States Magistrate Judge

3