# EXHIBIT D

| Type | Uni No. | No. of 6 Wave 1 Bellwethers Propounding Req. | Request | Defendants' Responses (B.L. Exemplar) | Defendants' Primary Objections | Alleged Deficiency | Defendants' Response to Alleged Deficiency |
|---|---|---|---|---|---|---|---|
| ROG | 1 | 4 | Identify all drinking-related Marketing Campaigns and/or Advertising Campaigns that ran (in print, on billboards, at bus stops, on the internet, on any social media including but not limited to Youtube, Instagram, Facebook, SnapChat, on in-app Banners, television, on the radio, by any other electronic medium, or via any other Communications Channel), in the following Cities within the following date ranges: | Responding Party's best understanding of this Interrogatory, Responding Party directs Plaintiff to its response to MDL Plaintiffs' Request for Production No. 102. | Disproportionate, overly broad, unduly burdensome, vague, ambiguous, and objections to definitions/terms therein | These Plaintiffs allege that they each relied on Uber's advertisements that Uber was a safe option for people who were intoxicated and needed a ride home. For example, in her amended complaint (Doc. 2501), B.L. alleged: "38. Before taking the August 12, 2022 Uber ride, Plaintiff regularly heard and saw ads promoting Uber as a safe and responsible option for people who had been drinking. 39. As early as 2010, Plaintiff saw Uber advertisements placed in venues and establishments where drinking was popular. 40. Before 2021, Plaintiff heard advertisements on Austin, TX radio advertising Uber as a safe alternative to drunk driving. She recalls that these ads included language such as: 'Don't drink and drive. Call an Uber.'"<br><br>In these cases, Plaintiffs propounded a first interrogatory, before any others, asking Uber to "identify all drinking-related Marketing Campaigns or Advertising Campaigns that ran … in the following Cities within the following date ranges: [Listing cities where Jaylynn Dean and B.L. each lived and the dates for each residence.] These interrogatories are essential for refreshing Plaintiffs' recollection and preparing for deposition. But Uber objected and responded: "Responding Party directs Plaintiff to its response to MDL Plaintiffs' Request for Production No. 102." Request No. 102, in turn, is a generic request for documents regarding alcohol-related marketing to all riders, and is not limited to a particular geographic area or date range. Moreover, Uber did not identify by Bates range any documents in response to Request No. 102. In short, Uber has completely evaded these critical interrogatories. | Identifying, in an interrogatory answer, every advertisement that appeared in on television, radio, print, billboards, bust stops, on the internet, and on any social media platform including in-app banners, over substantial time periods, is plainly disproportionate. This is particularly true where the information is cumulative of national advertising information already produced. Defendants are attempting search for geographic specific information, but do not believe responsive documents will be located because advertising information is not maintained in this manner. |
| ROG | 4 | 6 | If You contend Plaintiff violated Your Community Guidelines or Your Terms of Use in connection with the Subject Ride, identify all facts in support of that contention, including but not limited to (1) the details of Plaintiff's actions that You contend were a violation of the Community Guidelines or Terms of Use, (2) the operative version of the Community Guidelines or Terms of Use, (3) the specific provision of the Community Guidelines or Terms of Use that You contend Plaintiff violated. | Supplemental Response: Subject to the foregoing objections and to Responding Party's best understanding of this Interrogatory, Responding Party refers Propounding Party to the applicable Terms of Use, and record of Plaintiff's checkbox consent thereto, which has been produced at UBERMDL3084-BW-00001074 - UBER-MDL3084-BW-00001127. Investigation and discovery areongoing. For example, Bellwether discovery is ongoing, and the parties still need to conduct depositions of Plaintiffs as well as other fact witnesses to determine the information responsive to this Interrogatory. | Premature, compound, and overbroad | Uber's only response to this ROG other than saying discovery is ongoing is pointing to the documents identified in response to ROG No. 2, an Interrogatory requesting the dates upon which Uber contends it became aware of litigation against it. These responses are not interchangeable. Also, Uber's response to ROG No. 2 did not refer to documents.<br><br>Uber should be precluded from arguing that Plaintiff violated its guidelines or terms of use if it does not meaningfully respond. | To the extent Defendants did not respond, this is a premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 5 | 6 | If you contend that any pre-Incident reports of Misconduct against the Subject Driver were by Riders with Low Credibility, please state in detail all facts that contention is based on. | Supplemental Response: Subject to the below objections and to Responding Party's best understanding of this Interrogatory, Responding Party states that to the extent any such reports reflecting the credibility of prior reporters against the Subject Driver (as interpreted by Responding Party) exist, e.g. in Jira Tickets or Bliss communications provided to Propounding Party in the Defendant Fact Sheet, the documents and records regarding such reports speak for themselves. | Implicating privacy rights and interests of third parties and objections to definitions / terms therein | Uber points to previously produced Bliss and JIRA tickets for prior misconduct. This does not answer the interrogatory. It does not provide clarity as to whether Uber is making this contention. In BG 1046 (JD), one of the JIRA tickets appears to refer to other documents (not produced by Uber) that would seem to be responsive. Uber needs to clarify that, other than the Bliss and JIRA tickets, there are no other responsive documents, if that is in fact the case.<br><br>Uber sometimes classifies certain users as lacking credibility or engaging in support abuse. Uber should be precluded from justifying its inaction on prior reports by claiming the reporting parties were non-credible account holders, unless it identifies such facts now. | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 6 | 5 | If Uber ever applied any Low Credibility designation to Plaintiff, please identify (1) the date of any such Low Credibility designation(s), (2) the title/nature of such Low Credibility designation(s), and (3) all facts any such Low Credibility designation was based on. | Supplemental Response: Subject to the below objections and to Responding Party's best understanding of this Interrogatory, Responding Party states that to the extent any such reports reflecting the credibility of Plaintiff exist, e.g. in Jira Tickets or Bliss communications provided to Plaintiffs in the Defendant Fact Sheet, and productions of other Jira Tickets and Bliss communications related to Plaintiff, the documents and records as provided to Plaintiffs in the Defendant Fact Sheet, regarding such reports speak for themselves. Responding Party otherwise refers to its document production in response to Defendant Fact Sheet questions, and reserves the right to supplement this response as discovery continues. | Compound and objections to definitions / terms therein | Uber points to Bliss and JIRA tickets and does not otherwise substantively respond to the interrogatory. It is unclear whether Uber actually determined that Plaintiffs were low-credibility reporters.<br><br>Uber should be precluded from offering evidence that each Plaintiff complained too often, asked for too many refunds, etc. unless Uber identifies such evidence now. | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 7 | 6 | If You contend that any Information or Data (including but not limited to any Uber App data, dash cam footage, and/or Location Data) contradicts Plaintiff's statements about the Subject Ride and/or Incident (including any statements Plaintiff made directly to Uber, and any statements in Plaintiff's most recent amended complaint), please specifically identify the contents and source of such Information or Data. | Responding Party has not yet obtained sufficient information regarding Plaintiff's actions to provide a full and complete response to this Interrogatory. Responding Party has undertaken a reasonable inquiry concerning this matter and the information known or readily obtainable is insufficient to enable it to respond to this Interrogatory. Investigation and discovery are ongoing. For example, Bellwether discovery is ongoing, and the parties still need to conduct depositions of Propounding Party as well as other fact witnesses to determine the information responsive to this Interrogatory. | Premature, calling for legal conclusion, calling for rendering of expert opinion, and objections to definitions / terms therein | Uber did not respond to the interrogatory. Instead, Uber propounded arguments that it is not liable for the actions of third party drivers and merely states that discovery is ongoing. "Plaintiff's statements" in this interrogatory does not refer to lawyers' statements in a complaint. It is discussing statements by the Plaintiff herself (i.e. when she reported the incident to Uber). If Uber has responsive information within its possession, it must identify it. If Uber does not have this information in its possession (for example, there may be no dash cam footage) then Uber must substantively respond to the same.<br><br>If Uber does not produce such data now, it should be precluded from introducing it later for any purpose. | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 8 | 6 | Do You contend that Plaintiff bears any fault for the Incident? | Responding Party does not take any position at this time regarding Plaintiffs' potential fault for the alleged incident at this time. Investigation and discovery are ongoing. For example, Bellwether discovery is ongoing, and the parties still need to conduct depositions of Propounding Party as well as other fact witnesses to determine the information responsive to this Interrogatory. Responding Party reserves the right to supplement or amend this Response. | Premature, calling for legal conclusion, calling for rendering of expert opinion, and objections to definitions / terms therein | Uber states discovery is ongoing and it does not take a position at this time.<br><br>Uber may amend its response later, but should respond now based on information already in its possession. Any facts now in its possession indicating that the Plaintiffs were at fault, which it does not now identify, should be excluded. | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |

Exhibit 2.xlsx

| Type | No. | Set | Interrogatory | Response | Objections | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|---|---|---|---|
| ROG | 9 | 6 | If You contend that Plaintiff bears any fault for the Incident, please state all facts that contention is based on. | Responding Party does not take any position at this time regarding Plaintiffs' potential fault for the alleged incident at this time. Investigation and discovery are ongoing.For example, Bellwether discovery is ongoing, and the parties still need to conduct depositions of Propounding Party as well as other fact witnesses to determine the information responsive to this | Premature, calling for legal conclusion, calling for rendering of expert opinion, and objections to definitions / terms therein | Uber states discovery is ongoing and it does not take a position at this time.<br><br>Uber may amend its response later, but should respond now based on information already in its possession. Any facts now in its possession indicating that the Plaintiffs were at fault, which it does not now identify, should be excluded. | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 12 | 6 | For every status change in the Subject Driver's Account History, please identify the reasons for the status change including (1) identify the date and title of the status change, (2) identify the policy or program that governed the status change, if any (2) identify any events or deadlines that triggered the status change, (4) if the status was the result of any Information Uber learned about the Subject Driver, any report by anyone regarding the Subject Driver, or any action or inaction of the Subject Driver, describe such Information, actions, and/or events. | Responding Party directs Plaintiff to the Account Status Log Produced in answer to Defendant Fact Sheet Request 24 for this action. To the extent not self-evident from the face of the Account Status Log, Responding Party responds as follows: As shown in the Account Status Log produced at UBER-MDL3084-DFS00061347, the independent third-party driver referenced in this Interrogatory applied to accept Rides (flow type P2P) on the Uber platform on June 23, 2022, and this individual's status changed from active to waitlisted four (4) times between June 27, 2022 and August 13, 2022. Generally, these status changes may relate to renewals of background checks, vehicle information, or other such reasons. These changes are often automated, and noted as reflected in the Account Status Log. This individual was deactivated on January 25, 2025, for safety reasons, as a result of new information provided to Responding Party and subsequent investigations. Further answering, Responding Party refers Propounding Party to the corporate representative deposition topic regarding the Subject Driver's status history with Uber. Responding Party will produce a corporate representative to testify regarding this topic. | Compound and objections to definitions / terms therein | Uber produced short (1 or 2 page) account status logs for the subject drivers that show the timeline of when a driver first applied and was activated, and also any occasions when he was subsequently deactivated, waitlisted, or reactivated. But it is hard to tell if a driver was waitlisted for a benign reason, such as needing to update a background check, or a serious reason, such as an incident or arrest. Uber's supplemental interrogatory response is non-committal, saying that "Generally, these status changes may relate to renewals of background checks, vehicle information, or other such reasons. These changes are often automated…." Uber then offers to produce a corporate representative on the topic.<br><br>Uber needs to provide direct responses, instead of vague, noncommittal ones, in order to narrow the issues for the corporate representative depositions, allocate time appropriately to those depositions, and enable Plaintiffs to more efficiently prepare. | Defendants have produced the Account Status Logs for the subject drivers, reflecting key account events such as activation, deactivation, waitlisting, and reactivation. These logs are generated and maintained in the ordinary course of business and accurately reflect the timeline of relevant account status events, as Plaintiffs' interrogatory requests. As explained in Uber's supplemental interrogatory response, these status changes are often automated and may relate to routine matters such as background check renewals or vehicle documentation updates. The supplemental responses accurately reflect the information available based on Uber's systems and the nature of the data maintained. To the extent the reason for a particular waitlist status is not discernible from the Account Status Log itself, Uber has agreed to make knowledgeable corporate representative available to testify regarding these status logs and the systems and processes that generate them, which is a reasonable and appropriate mechanism for further clarification. |
| ROG | 13 | 6 | For any acronyms or terms of art that appear in Uber's Location Data related to the Subject Ride (including the Chronicle data and maps, Voyager data and maps, and/or Fractal data and maps) describe what each acronym or term of art means. | Responding Party is available to meet and confer regarding any specific questions Propounding Party may have regarding specific "acronyms" or "terms of art" used by Responding Party. | Objections to definitions / terms therein | The location data for Plaintiffs' subject rides is replete with "mobile events" written in code speak, such as:"safety_ride_check_anomaly_rider_took it_feedback_request_failed."<br><br>Uber's supplemental response is "Responding Party is available to meet and confer regarding any specific questions Propounding Party may have regarding specific "acronyms" or "terms of art" used by Responding Party."<br><br>In meet and confer discussions, Plaintiffs asked Uber to either respond or immediately provide a "data dictionary" (an existing decoder that Uber employees use). A data dictionary is preferred at this point, since Plaintiffs also need Uber's data dictionary to understand the communications and trip logs (also excel printouts filled with code language in lieu of plain-language communications). Uber's counsel acknowledged that this is a mutual need for the attorneys on both sides of the case. However, no supplemental response or data dictionary has been forthcoming. | First, in responding to this interrogatory, Defendants evaluated the Chronicle snapshot as well as the snapshots from other mapping software such as Voyager, and did not see any acronyms or terms of art that are not common terms or previous subjects of conferral. Hence, Defendants responded with an offer to meet and confer. Second, as discussed with Plaintiffs, Defendants collect location data from riders only in connection with "mobile events," or interactions with the Uber app. Plaintiffs have not sought conferral on any such terms "acronyms or terms of art," and raised their first questions about any specific terms used in the Mobile Events for the first time in their May 26 brief to the Court. |
| ROG | 14 | 6 | Please identify, for every safety tool in Uber's Safety Toolkit (e.g. Share My Ride), (1) the date that tool became available to Plaintiff, and (2) the dates if any when Plaintiff used that tool. | Responding Party refers Plaintiff to Responding Party's response to Plaintiffs' Request for Production No. 18. Responding Party refers Propounding Party to the mobile events log produced at UBER-MDL3084-BW-00006317. | Compound and objections to definitions / terms therein | Uber does not respond other than to refer Plaintiffs to the trip history log, which does not include identification of what tools were available to Plaintiff when.<br><br>Plaintiff anticipates that Uber will argue the Plaintiffs were not safety conscious given that they did not use "Safety toolkit" tools Uber offered. Rather than respond to this interrogatory, Uber pointed generally to the communication logs with plaintiffs, which do not specify when any safety tools became available or were offered to plaintiffs, nor - as far as plaintiffs can tell - do these logs state whether or not plaintiffs were using certain tools.<br><br>Uber should respond, or else be precluded from arguing that Plaintiffs failed to use tools that were made available to them. | First, the Safety Toolkit and Defendants' rollout of various in-app safety features is the subject of considerable corporate discovery. Plaintiffs seek general information already available to them. Second, Plaintiffs' use of any safety tools are available to them, as stated, by review and analysis of the communications and events logs provided. |
| ROG | 15 | 6 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, from 2012 to the present, regarding any of the Minimum Requirements for a Rider to have a Safe Ride with Uber. | Subject to the below objections and to Responding Party's best understanding of this Interrogatory, pursuant to Federal Rule of Civil Procedure Rule 33(d), Responding Party directs Propounding Party to the Communications Log produced. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to | Seeking information equally available to Plaintiff and objections to definitions / terms therein | Uber fails to respond to this interrogatory and just points generally to the communications log. The log does not appear to contain responsive information. If there are no responsive communications, Uber should acknowledge that it has no responsive communications. If Uber does not promptly identify responsive communications, it should be taken as established pursuant to Rule 37(b)(2) (A)(i) that there were no such communications.) | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| ROG | 16 | 6 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, where Uber attempted to make Plaintiff more Vigilant and less Reliant on or Trusting of Uber during Rides (including but not limited to Communications to Plaintiff, using any words, that Plaintiff was Riding at her own risk; that Plaintiff was doing business with an independent Drivers rather than with Uber when she took a Ride; that Plaintiff should make an independent judgment regarding whether to Trust a particular Driver; that Uber had never met or interviewed its Drivers; that Uber had incomplete information about Drivers; and/or that Uber was not responsible for Plaintiff's Safety during Rides). | Responding Party directs Propounding Party to the Communications Log and Terms of Use previously produced. Responding Party further refers Propounding Party to Responding Party's Community Guidelines. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the information exists. Responding Party notes that individuals who use the Uber platform do so pursuant to the Terms of Use they affirmatively accept in order to gain access to the app. Terms of Use govern the relationship between riders and Uber and may contain relevant provisions pertaining to communications or interactions through the platform. | Calling for speculation and objections to definitions / terms therein | Same as No. 15 | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |

Exhibit 2.xlsx

| Type | No. | # | Request | Response | Objections | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|---|---|---|---|
| ROG | 17 | 6 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to any risk of Sexual Assault and/or Sexual Misconduct. | pursuant to Federal Rule of Civil Procedure 33(d) Responding Party directs Propounding Party to the Communications Log produced. Responding Party also refers Propounding Party to the publicly available 2017-2018 US Safety Reports. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the | Vague, ambiguous, overbroad, seeking relevant information, lack of proportionality, assumes facts not in evidence, and imposing obligations in conflict with the Federal Rules of Civil Procedure, and objections to definitions / terms therein | Same as No. 15 | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| ROG | 18 | 6 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to the risk of Sexual Assault and/or Sexual Misconduct for Female Riders Matched with Male Drivers. | pursuant to Federal Rule of Civil Procedure 33(d) Responding Party directs Propounding Party to the Communications Log produced. Responding Party also refers Propounding Party to the publicly available 2017-2018 US Safety Reports. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the | Objections to definitions / terms therein | Same as No. 15 | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| ROG | 19 | 6 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff, before the Incident, related to Risk Factors, including but not limited to Risk Factors present during the Subject Ride and/or Risk Factors related to the Subject Driver. | pursuant to Federal Rule of Civil Procedure 33(d) Responding Party directs Propounding Party to the Communications Log produced. Responding Party also refers Propounding Party to the publicly available 2017-2018 US Safety Reports. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the | Calling for a legal conclusion, calling for expert opinion, and objections to definitions / terms therein | Same as No. 15 | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| ROG | 20 | 4 | If You contend that Plaintiff did not view the entire Offer Card in connection with the Subject Ride, identify all facts in support of that contention including (1) what specific Information in the Offer Card Plaintiff did not view, and (2) the Documents, Data, and/or Information on which You base that contention. | Responding Party was not present at the time Propounding Party received the information from Responding Party regarding prospective rides, and has no means to determine what Propounding Party may or may not have viewed. Further investigation and discovery are ongoing example, the parties still need to conduct the deposition of Propounding Party and other fact witnesses to determine the information responsive to this Interrogatory. (J.D. Exemplar) | Calling for a legal conclusion, argumentative, seeking information equally available to Plaintiff, and objections to definitions / terms therein | Uber evasively responded that it was "not present" so does not know what P viewed. This is a silly response in light of Uber's app data about what an app user clicked on or viewed. If Uber is going to say that P did not click on, expand, or view a particular offer card screen in the app, that should be identified by Uber now. If Uber does not promptly identify responsive facts, it should be precluded from offering any later.) | Premature and overbroad contention interrogatory. In re eBay Seller Antitrust Litig., 2008 WL 5212170, at *1 (N.D. Cal. Dec. 11, 2008); Tennison v. City & Cnty. of San Francisco, 226 F.R.D. 615, 618 (N.D. Cal. 2005); Former S'holders of Cardiospectra, Inc. v. Volcano Corp., 2013 WL 5513275, at *2 (N.D. Cal. Oct. 4, 2013); Haggarty v. Wells Fargo Bank, N.A., 2012 WL 4113341, at *2 (N.D. Cal. Sept. 18, 2012); Mancini v. Ins. Corp. of New York, 2009 WL 1765295, at *3 (S.D. Cal. June 18, 2009); Bovarie v. Schwarzenegger, 2011 WL 719206 *1 (S.D. Cal. Feb. 22, 2011). |
| ROG | 21 | 3 | Identify (by date, content of the Communications, Communications Channel used, and Bates numbers of supporting Documents) any Communications from Uber to Plaintiff conveying negative information about the Subject Driver, including but not limited to (1) limitations of, or incompleteness of, Uber's Screening and/or Background Check(s) for the Subject Driver; (2) Reports of Misconduct Uber received about the Subject Driver; (3) Risk Factors Uber was aware of about the Subject Driver. | Responding Party directs Propounding Party to the Communications Log produced. Responding Party also refers Propounding Party to the publicly available 2017-2018 US Safety Reports. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the information exists. | Compound, calling for narrative response, and objections to definitions / terms therein | Same as No. 15 | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| ROG | 22 | 4 | Identify (by date, contents, Bates numbers of any supporting Documents, and Communications Channels used to reach Plaintiff) any Communications from Uber to Plaintiff, before the Incident, regarding requesting and taking Rides while Intoxicated (including but not limited to any Communications prohibiting or discouraging that practice, and/or any Communications regarding the risk of Sexual Assault and/or Sexual Misconduct for Intoxicated Riders. | Responding Party directs Propounding Party to the Communications Log produced. Responding Party also refers Propounding Party to the publicly available US Safety Reports. To the best of Responding Party's knowledge, the information requested may be found on the face of the document to the extent the information exists. | Calling for legal conclusion, argumentative, seeking information equally available to Plaintiff, and objections to definitions / terms therein | Uber fails to respond to this interrogatory and just points generally to the communications log. The log does not appear to contain responsive information. If there are no responsive communications, Uber should acknowledge that it has no responsive communications. If Uber does not promptly identify responsive communications, it should be precluded from introducing any such communications into evidence later. | This Interrogatory requested communications from Defendants to Plaintiffs, which are provided as stated in the communications log. |
| RPD | -- | | PLEADING RESPONSE | | | THERE IS NO SUPPLEMENTAL PLEADING RESPONSE STATING WHETHER ALL RESPONSIVE DOCUMENTS HAVE BEEN PRODUCED, WHETHER AFTER A DILIGENT SEARCH NONE COULD BE FOUND, OR IDENTIFYING RESPONSIVE BATES RANGES. | This is not required by the Federal Rules of Civil Procedure. Treppel v. Biovail Corp., 233 F.R.D. 363, 374 (S.D.N.Y. 2006) (explaining that a party is "not obligated to produce documents it does not have or which do not exist," and has "no duty to 'confirm' that no such documents exist beyond conducting a diligent search.") |
| RPD | 1 | 6 | Each Agreement between Uber and the Subject Driver (including sufficient information to identify the effective date of each). | Responding Party will provide, to the extent they exist, each agreement between Uber and the Subject Driver. | Vague, ambiguous, overbroad, irrelevant, lack of proportionality, duplicative and cumulative, and objections to definitions / terms therein | Uber referred Plaintiffs' counsel to the agreement logs for the rider and driver. But Uber also needs to identify the Bates ranges to Plaintiffs' counsel can locate the actual agreements in question. | This is not required by the Federal Rules of Civil Procedure. However, Defendants' transmittal letter for the relevant production provided Bates numbers. |
| RPD | 2 | 6 | Each Agreement between Uber and the Plaintiff (including sufficient information to identify the effective date of each). | Responding Party will produce all agreements between Uber and the Plaintiff. | Vague, ambiguous, overbroad, irrelevant, lack of proportionality, and objections to definitions / terms therein | Same as No. 1. | This is not required by the Federal Rules of Civil Procedure. However, Defendants' transmittal letter for the relevant production provided Bates numbers. |
| RPD | 4 | 6 | Any and all Materials reflecting Uber's Screening of the Subject Driver. (This includes but is not limited to Documents reflecting the Screening-related User Experience for the Subject Driver, including Uber's instructions to, offers to, statements to, requests of, and/or questions to the Subject Driver.) | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 22(b) of the Defendant Fact Sheet, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos 19, 22, and 136, which are responsive to this Request. | Vague, overbroad, unduly burdensome, duplicative, and objections to definitions / terms therein | Uber has produced only high-level reports issued by its contractors, but not any actual background checks. Even if Uber does not have access to those, there is clearly information in Uber's possession regarding what adjudication criteria it applied (for the subject drivers). Uber has produced case-specific adjudication criteria in other cases, but not here. In addition, clearly the drivers must have filled out a form, or answered some questions, when they applied to drive. No such documents have been produced. | Defendants produced the results of the background check that are in its possession. To the extent Plaintiffs seek additional information, Defendants do not know what is being sought. |
| RPD | 5 | 6 | Any and all Materials reflecting Information Uber and/or its Contractors received from the Subject Driver in connection with Screening the Subject Driver (including but not limited to address history, social security number, name, date of birth, image of driver's license, driver's license information, insurance information, vehicle information). | Responding Party refers Plaintiff to Defendant's Responses to Questions 6, 13-19, and 22(b) of the Defendant Fact Sheet, as well as, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos. 19, 22, and 136, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproportional, duplicative, implicating privacy rights and interests of third parties, seeking information in the possession/custody/control of third parties, and objections to definitions / terms therein | Same as No. 4. | Defendants produced the results of the background check that are in its possession. The information Plaintiffs seek here is substantially cumulative and duplicative of information provided in the Defendant Fact Sheet (ECF 348-2). Rule 26(b)(2)(E)(iii) provides that a producing party need not produce the same ESI in more than one form. To the extent Plaintiffs seek additional information, Defendants do not know what is being sought. |
| RPD | 6 | 6 | Any and all Materials reflecting the Background Check Process(es) for the Subject Driver, including for All Accounts (including but not limited to Uber's policies, protocols, and/or instructions to Background Check Contractor(s), interactions between Uber and its Background Check Contractor(s), Information the Background Check Contractor(s) made available to Uber, including the Background Check itself, any Background Check Findings, and conversations and decisions about the Background Check Findings). | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 22(b) of the Defendant Fact Sheet, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos 19, 22, and 136, which are responsive to this Request. Investigation and discovery are ongoing. | Vague, overbroad, unduly burdensome, duplicative, and objections to definitions / terms therein | Same as No. 4. | Defendants produced the results of the background check that are in its possession. Consistent with Rules 26(b)(2)(E)(iii) and 33(d)(1), Defendants have referenced previously-produced ESI, and pointed to business records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. To the extent Plaintiffs seek additional information, Defendants do not know what is being sought. |

Exhibit 2.xlsx

| | | | Request | Response | Objection | Dispute | Uber Position |
|---|---|---|---|---|---|---|---|
| RPD | 7 | 6 | Any and all Communications, including with Third Parties or the Subject Driver, related to Screening the Subject Driver (including but not limited to Communications with the Background Check Contractor(s) about the Background Check). | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 22(b) of the Defendant Fact Sheet, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos 19, 22, and 136, which are responsive to this Request. Investigation and discovery are ongoing. | Vague, overbroad, unduly burdensome, duplicative, and objections to definitions / terms therein | Same as No. 4. | Defendants produced the results of the background check that are in its possession. Consistent with Rules 26(b)(2)(E)(iii) and 33(d)(1), Defendants have referenced previously-produced ESI, and pointed to business records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. To the extent Plaintiffs seek additional information, Defendants do not know what is being sought. |
| RPD | 8 | 6 | Any and all Documents reflecting any Screening Uber performed on the Subject Driver other than a Background Check (including but not limited to any Documents indicating that Uber or its Contractor(s) had the Subject Driver fill out an application, interviewed the Driver, checked the Subject Driver's references, searched Public Information about the Driver, and/or conducted Psychological Screening). | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 22(b) of the Defendant Fact Sheet, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos 19, 22, and 136, which are responsive to this Request. Investigation and discovery are ongoing. | Vague, overbroad, unduly burdensome, duplicative, and objections to definitions / terms therein | Same as No. 4. | Defendants produced the results of the background check that are in its possession. Consistent with Rules 26(b)(2)(E)(iii) and 33(d)(1), Defendants have referenced previously-produced ESI, and pointed to business records in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. To the extent Plaintiffs seek additional information, Defendants do not know what is being sought. |
| RPD | 9 | 6 | Every set of Background Check Adjudication Criteria that applied, at any time, to the Subject Driver, including the Adjudication Criteria that applied in each City and State where the Driver was authorized to offer Rides, and for each time period when the Driver was authorized to offer Rides. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 22(b) of the Defendant Fact Sheet, and documents previously produced in response to Plaintiffs' Set One Request for Production Nos 19, 22, and 136, which are responsive to this Request. Investigation and discovery are ongoing. | Vague, overbroad, unduly burdensome, duplicative, and objections to definitions / terms therein | Same as No. 4. | Rule 33(d)(1) provides that interrogatories can be answered by examining business records, by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could.<br><br>However, an upcoming supplement will identify certain material previously produced |
| RPD | 11 | 6 | For any status change in the Subject Driver's Account History, all Documents and Communications that explain or relate to that status change. | Responding Party refers Plaintiff to the documents previously produced, including but not limited to those responsive to Questions 24, 26, 27, and 31(d) of the Defendant Fact Sheet, to the extent such documents exist and are applicable. | Overbroad, unduly burdensome, disproportional, duplicative, not reasonably limited in time/scope/subject matter, seeking irrelevant information, implicating privacy rights and interests of third parties, better acquired via other discovery methods, and objections to definitions / terms therein | Other than the JIRA tickets that explain some status changes, Uber has not identified or produced documents that give context for other status changes (for example, policies regarding automatic deactivation when a background check cannot be performed). | Rule 33(d)(1) provides that interrogatories can be answered by examining business records, by specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could. Defendants have done so. |
| RPD | 14 | 6 | All Documents reflecting Metrics Uber kept track of related to the Subject Driver, including but not limited to the Subject Driver's Cancellation Rate, and Displayed Star Rating, including the timing of changes to those Metrics. | Responding Party will search for responsive, non-privileged documents and information. | Overbroad, unduly burdensome, disproportional, duplicative, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Nothing produced. Although the communications log contains some of this information, it appears to only report this information for delivery drivers. | As Defendants have told Plaintiffs during conferrals, the information sought in this RFP is available as maintained in the ordinary course of business was provided in the "Feedback and Ratings" reports that Defendants custom tailored to be responsive to Plaintiffs' requests. |
| RPD | 15 | 6 | All Materials reflecting any thresholds or minimums for any Metrics, such as minimum Displayed Star Rating, Cancellation Rate, that at the time of the Incident Uber required Drivers to maintain in the City where the Subject Ride occurred. | Responding Party refers Plaintiff to the documents previously produced in response to Plaintiffs' Set One Request for Production No. 66, which are responsive to this Request. | Overbroad, unduly burdensome, disproportional, duplicative, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Same as No. 14. | As Defendants have told Plaintiffs during conferrals, the information sought in this RFP is available as maintained in the ordinary course of business was provided in the "Feedback and Ratings" reports that Defendants custom tailored to be responsive to Plaintiffs' requests. |
| RPD | 16 | 6 | All Materials related to any Deactivation of the Subject Driver, including but not limited to all Communications concerning the Subject Driver's participation in quality improvement aimed to improve the Subject Driver's chances of reactivation. | Responding Party refers Plaintiff to documents produced pursuant to Questions 24, 26, 27, and 31(d) of the Defendant Fact Sheet, as well as the documents previously produced in response to Plaintiffs' Set One Request for Production Nos. 96 and 97, which are responsive to this Request. | Overbroad, unduly burdensome, disproportional, cumulative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 17 | 6 | Materials reflecting training Uber required the Subject Driver take at any time. | Uber does not and has no obligation to "train" third-party transportation providers. Uber may, from time to time, provide independent third-party transportation providers with educational or informational materials designed to give them an understanding of Uber's policies, procedures, and community guidelines. Uber also verifies that independent third-party transportation providers are adequately trained to operate vehicles used on the platform to the extent required by local laws and regulations. Responding Party refers Plaintiff to documents Bates labeled UBER000000566 to UBER000001463. | Vague, overbroad, ambiguous, unduly burdensome, seeking irrelevant information, lacking foundation and assuming facts not in evidence, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 18 | 6 | All Voyager Data for the Subject Driver that resulted in a Telematics Trigger on any Ride at any time prior to and/or on the date of the Incident (including any Documents reflecting a Telematics Trigger, alert, and/or notification). | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 8 of the Defendant Fact Sheet. Responding Party will also produce rider events related to Plaintiff's rides. | Overbroad, unduly burdensome, disproportional, duplicative, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Nothing produced. Uber uses a program called Fractal to track GPS signals that a driver is engaging in unsafe behavior. It knows that when drivers, e.g., prefer driving in bar areas late at night and then inexplicably stop on the side of the road during rides, the risk of sexual assault is higher. Plaintiffs are trying to find out whether Uber had this knowledge about the subject drivers, which would admittedly signal that they posed a high risk to riders. | As represented in conferrals, first, there is no such thing as "Voyager data." Voyager is a mapping display software that displays a GPS data files opened within the program, just as, e.g., Word displays whatever word processing files are opened within that program. Defendants have produced the GPS and speed data related to the subject trip in DFS. Additionally, as Plaintiffs know or should know, On May 15, 2025, Defendants produced "mobile events" logs custom compiled for these independent drivers, which include GPS, speed, and pings or interactions with the Uber driver app, as available, for 24 hours prior to the subject trip, and 24 hours thereafter.<br><br>In conferrals, Plaintiffs conceded that the volume of data requested here may make this request impracticable. |
| RPD | 19 | 6 | All Location Data, including Voyager Data, reflecting Unplanned Stops, Unplanned Rider-Driver Proximity, and/or Route Deviations for the Subject Driver at any time prior to and/or on the date of the Incident, whether or not there was a resulting Telematics Trigger. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 8 of the Defendant Fact Sheet. Responding Party will also produce rider events related to Plaintiff's rides. | Overbroad, unduly burdensome, disproportional, duplicative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Same as No. 18. | As represented in conferrals, first, there is no such thing as "Voyager data." Voyager is a mapping display software that displays a GPS data files opened within the program, just as, e.g., Word displays whatever word processing files are opened within that program.<br><br>Defendants have produced the GPS and speed data related to the subject trip in DFS. Additionally, as Plaintiffs know or should know, On May 15, 2025, Defendants produced "mobile events" logs custom compiled for these independent drivers, which include GPS, speed, and pings or interactions with the Uber driver app, as available, for 24 hours prior to the subject trip, and 24 hours thereafter.<br><br>In conferrals, Plaintiffs conceded that the volume of data requested here may make this request impracticable. |

Exhibit 2.xlsx

| Type | No. | # | Request | Response | Objections | Plaintiffs' Position | Defendants' Position |
|---|---|---|---|---|---|---|---|
| RPD | 21 | 6 | For any Ride where the Subject Driver was given a Star Rating of 1 or 2 stars, any Documents related to why the Subject Driver received that rating (including but not limited to any attempts by Uber to find out why the Subject Driver received that rating, and/or anything Uber learned about why the Subject Driver received that rating). | Responding Party will search for responsive, non-privileged documents and information for the Subject Rider. | Overbroad, unduly burdensome, disproportional, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Defendants have produced the GPS and speed data related to the subject trip in DFS. Additionally, as Plaintiffs know or should know, On May 15, 2025, Defendants produced potentially relevant "mobile events" logs custom compiled for these independent drivers, which include GPS, speed, and pings or interactions with the Uber driver app, as available, for 24 hours prior to the subject trip, and 24 hours thereafter. |
| RPD | 23 | 6 | For All Accounts for the Subject Driver, All Safety Lens Documents (including the Safety Lens landing page and all associated Information, data, documents, and views linked together within Safety Lens). | Responding Party refers Plaintiffs to responses or documents produced in response to Questions 13, 16, 26, 27, 29, 30, and 31(d) of the Defendant Fact Sheet. | Overbroad, unduly burdensome, disproportional, duplicative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 24 | 6 | All Tickets for All Accounts for the Subject Driver. | Responding Party refers Plaintiff to the documents previously produced in response to Question Nos. 26, 27, and 31(d) of the Defendant Fact Sheet, which are responsive to this Request. | Overbroad, unduly burdensome, disproportional, duplicative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Though as previously stated by this Court as not required, in every production transmittal letter Defendants provide Plaintiffs a table containing information about that production. On May 15, 2025, Defendants' made a production that was characterized in the production transmittal letter as "Driver and Rider mobile events documents, identified by MDL Centrality ID." [EXHIBIT XX, May 14, 2025 Production Transmittal Letter]. Further, Defendants, though not required to do so, include this information in the Production Log that Defendants create and regularly update for Plaintiffs in compliance with the ESI Protocol (ECF 524, para 19(e), at 20). [EXHIBIT XX, Defendants' Production Log (under seal)] |
| RPD | 25 | 6 | For All Accounts for the Subject Driver, all Ticket-Related Documents or Materials (including but not limited to Location Data and Voyager Data) for any Tickets that involved allegations of Sexual Assault and/or Sexual Misconduct. | Responding Party refers Plaintiff to documents previously produced in response to Question Nos. 26, 27, and 31(d) of the Defendant Fact Sheet, which are responsive to this Request. | Overbroad, unduly burdensome, disproportional, duplicative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Uber has produced several Voyager screenshots stating that the Voyager map was unable to load, but it has not produced the GPS data for prior rides. (Plaintiffs are willing to limit the request for GPS data to the prior rides where there was an allegation that the driver stopped or pulled over or made a detour, and the report where a rider used the word "rapist" without other context.) | To the extent raw GPS data for prior trips is relevant, it is cumulative and duplicative of the location information provided in Jiras and Bliss communications that were produced. |
| RPD | 27 | 6 | All Information Uber has concerning cellular phones used by the Subject Driver (including but not limited to cell phone number(s), make and model of cell phone(s), and IP addresses used by the Subject Driver). | Responding Party is willing to meet and confer regarding the scope of this Request. | Overbroad, disproportional, duplicative, seeking irrelevant information, seeking business records/proprietary information, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Uber has agreed to produce this but still has not done so. | Defendants have agreed to provide this material. However, there are technical limitations to extracting this information, which has not been previously produced in the granular detail requested by Plaintiffs. Defendants' best guess is that an additional 21 days of engineering effort may be required to develop, validate, and export the requested queries. Defendants are also willing to confer with Plaintiffs to narrow this request such that it will be less burdensome to provide. |
| RPD | 28 | 6 | All photographs, surveillance, video recordings, and/or audio recordings of the Plaintiff. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproportional, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Uber may have already produced everything it has (it is hard to know without an actual RFD resposne), but if not, then Plaintiffs would respectfully request evidentiary sanctions/issue sanctions excluding any later-produced documents | In conferrals, Plaintiffs conceded that the volume of data requested here may make this request impracticable. |
| RPD | 29 | 6 | All Information in Uber's possession related to the Plaintiff including, for All Accounts for the Plaintiff, any and all Information provided to Uber by Plaintiff. | Responding Party will search for responsive, non-privileged documents and information. | Overbroad, unduly burdensome, disproportional, implicating privacy rights and interests of third parties, seeking documents protected by attorney-client privilege/attorney work product doctrine, seeking information beyond the scope of the relevant time period, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 31 | 6 | Any and all Documents reflecting Investigations (including but not limited to all JIRA Tickets) for All Accounts for the Plaintiff. | Responding Party responds as follows: Responding Party refers Plaintiff to the documents previously produced in response to Question Nos. 12, 26, and 27 of the Defendant Fact Sheet, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproportional, duplicative, seeking business records/proprietary information, seeking irrelevant information, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 32 | 6 | All Communications between the Plaintiff and Uber, for All Accounts for Plaintiff. | Responding Party refers Plaintiff to marketing documents previously produced in response to Plaintiffs' Set One Requests for Production. | Vague, ambiguous, overbroad, unduly burdensome, disproporational, seeking information equally available to Plaintiff, seeking information in the possession/custody/control of third parties, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 33 | 6 | A complete communications log for the Plaintiff, including the date, time, Trip ID, and contents for all Communications made within the Uber App or Driver App with Drivers or with Uber. | Responding Party will produce Plaintiff's Communications Log. | Vague, ambiguous, overbroad, unduly burdensome, disproporational, seeking information equally available to Plaintiff, seeking information in the possession/custody/control of third parties, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 40 | 6 | For All Accounts for the Plaintiff, all Ticket-Related Documents and/or Materials (including but not limited to Location Data and Voyager Data) for any Tickets that involved allegations of Sexual Assault and/or Sexual Misconduct. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproportional, duplicative, seeking business records/proprietary information, seeking irrelevant information, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 41 | 6 | If Uber determined the Plaintiff had Low Credibility (including but not limited to if Uber ever found a contradiction between a statement by the Plaintiff and any other Information, or if Uber ever determined Plaintiff communications reflecting "over escalation"), all Documents related to that determination. | Responding Party is willing to meet and confer regarding the scope of this Request. | Vague, ambiguous, overbroad, disproporational, seeking irrelevant information, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 45 | 6 | All Information from Uber's Fractal program concerning the Subject Ride. | Responding Party is willing to meet and confer regarding the specific categories of information Plaintiff contends are relevant. | Vague, ambiguous, overbroad, seeking irrelevant information, seeking business records/proprietary information, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Need confirmation there are no other responsive documents. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 48 | 6 | All photographs, surveillance, video recordings, and/or audio recordings that captured any part of the Subject Incident or Subject Ride. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 31(d) of the Defendant Fact Sheet, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproportional, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Same as No. 28. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |

Exhibit 2.xlsx

| Type | No. | # | Request | Response | Objections | Plaintiff Position | Defendant Position |
|---|---|---|---|---|---|---|---|
| RPD | 51 | 6 | All Communications (in any form whatsoever, including audio recordings, and made at any time) related to the Subject Ride, including but not limited to Communications with the Rider, Communications with third parties, third party witness statements, Communications with the Driver, Communications with Law Enforcement, Ride Receipts, Communications regarding refunds, and Communications regarding appeasements, excluding attorney-client privileged Communications). | Responding Party refers Plaintiff to the documents previously produced in response to Question Nos. 28 and 31(d), of the Defendant Fact Sheet, which are responsive to this Request. | Vague, ambiguous, overbroad, unduly burdensome, disproporational, duplicative, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | Need confimation there are no other responsive documents. | Parties are not required to provide assurances that no additional documents exist. Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp., 222 F.R.D. 594, 598 (E.D. Wis. 2004); Dobbs v. Costle, 559 F. Supp. 238, 242 (N.D. Ill. 1983). |
| RPD | 52 | 6 | All Documents provided to Law Enforcement that relate to the Subject Incident. | Responding Party refers Plaintiff to the documents previously produced in response to Question No. 28 of the Defendant Fact Sheet, which are responsive to this Request. | Overbroad, unduly burdensome, disproporational, duplicative, implicating privacy rights and interests of third parties, and objections to definitions / terms therein | For clarity, need responsive documents identified by Bates. | Defendants response is consistent with Rule 33(d)(1). Further, the file names of documents produced in response to the Defendant Fact Sheet have the question to which the document is responsive in the production file name, per the requirements of MDL Centrality. Therefore, there is no ambiguity regarding which documents were produced in response to DFS Question No. 28. |
| RPD | 54 | 5 | The Offer Card for the Subject Driver as it appeared on the day of the Incident. | Responding Party refers Plaintiff to the Account Status Log produced. The information contained within the Offer Card is available in the Account Status Log. | Vague, ambiguous, overbroad, seeking irrelevant information, seeking business records/proprietary information, seeking documents protected by attorney-client privilege/attorney work product doctrine, and objections to definitions / terms therein | Nothing has been produced. Uber claims it did not know what Plaintiff meant by "offer card" even though that term is clearly defined in the RPD definitions. | Defendants have produced the information that would be contained in the Offer Card (e.g., driver name, trips taken, star rating). Plaintiffs are seeking the information in another form that does not exist. |
| RPD | 56 | 4 | All Drinking-Related Communications from Uber to Plaintiff whether by text, email, or Communications within the Uber App. | Responding Party will produce the communications log with Plaintiff, to the extent available. | Vague, ambiguous, disproportional, not reasonably limited in time or scope, seeking irrelevant information, improperly assuming facts not in evidence, and objections to definitions / terms therein | While there are some communications in Uber's communications log spreadsheet, they are written as lengthy strings of code, with the user-facing English hidden inside the code. They do not look anything like their original format, where they likely were part of an ad campaign and were displayed with graphics and photos. If Uber has responsive communications in a usable format, it should produce them. | Defendants produced the responsive information. This information no longer exists in the format Plaintiffs seek. |
| RPD | 57 | 4 | All Documents reflecting Drinking-Related Advertisements and/or Marketing by Uber or its Contractor(s), which are identified by Uber in response to Plaintiff's Special Interrogatories as having run in ____ (location) from ____ to ____ (time period). | Responding Party refers Plaintiff to marketing documents previously produced in response to Plaintiffs' Set One Requests for Production. | Vague, ambiguous, disproportional, not reasonably limited in time or scope, seeking irrelevant information, improperly assuming facts not in evidence, and objections to terms / definitions therein | While there are some communications in Uber's communications log spreadsheet, they are written as lengthy strings of code, with the user-facing English hidden inside the code. They do not look anything like their original format, where they likely were part of an ad campaign and were displayed with graphics and photos. If Uber has responsive communications in a usable format, it should produce them. | Defendants have produced responsive communications logs maintained in the ordinary course of business. Plaintiffs' demand for "usable" versions of these materials, such as fully formatted advertisements with graphics and photos, is disproportionate to the needs of the case, particularly where the underlying content has already been produced in text form. Defendants are attempting search for geographic specific information, but do not believe responsive documents will be located because advertising information is not maintained in this manner. As previously noted in response to Interrogatory No. 1, Defendants do not centrally maintain advertisements by format, geography, or channel (e.g., billboards, social media, in-app banners), and locating each potential variation over extended time periods would be unduly burdensome and cumulative of national campaign materials already produced. |

Exhibit 2.xlsx