MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this Administrative Motion to Seal Portions of the Joint Letter Brief and Exhibits Regarding Plaintiffs' Interrogatories 7 & 8, filed May 29, 2025. Uber respectfully requests that the Court seal the following documents filed in support of that motion:

I.   **BACKGROUND AND REQUESTED SEALING**

The following documents are at issue in this motion:

| Document | Description |
| --- | --- |
| Portions of Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |
| Portions of B. Wilkins Declaration in Support of Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |
| Portions of Exhibit A to Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions of Defendants' Amended Responses to Plaintiffs' Second Set of Interrogatories contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |
| Portions of Exhibit B to Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |
| Portions of Exhibit D to Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions of email contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |
| Portions of M. Shortnacy Declaration in Support of Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |

| Document | Description |
|---|---|
| Portions of Exhibit 1 to Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions Defendants' Responses to Plaintiffs' Second Set of Interrogatories contain confidential, non-public, internal information regarding Uber's review and analysis of incident data and the identities of third parties. |
| Portions of Exhibit 2 / Exhibit F to Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 | Redacted portions Defendants' Second Amended Responses to Plaintiffs' Second Set of Interrogatories contain confidential, non-public, internal information regarding Uber's review and analysis of incident data. |

The documents at issue are the Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 and supporting exhibits. The portions of these documents Defendants move to seal consist of confidential, non-public, internal information regarding Uber's review and analysis of incident data, as well as non-public information regarding the identities of third-party organizations. *See* Cummings Decl. ¶¶ 2-5. Disclosure of these documents would harm Uber's competitive standing and legitimate interests in confidentiality of internal business information, as well as the legitimate privacy interests of third parties. Uber therefore submits this requests that the Court seal the exhibits under Local Rule 79-5(b) and (c).

## II.    LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on Defendants' responses to two interrogatories; they are not related to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery

3

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8    Case No. 3:23-MD-3084-CRB

motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015.  District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true here, where the document is an exhibit to a letter brief on a nondispositive discovery matter. *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022).  Likewise, confidential business information such as business data or research can be sealed under the good cause standard.  *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products").  Similarly, courts within the Ninth Circuit have sealed information about business research and proprietary information. *See, e.g.*, *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at *2 (N.D.

Cal. Dec. 7, 2023); *Skillz Platform Inc.*, 2023 WL 8430420; *Williams v. Apple, Inc.*, 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021); *Foran v. Ulthera, Inc.*, 2020 WL 3047789, at *2 (E.D. Cal. June 8, 2020); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3.

"Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"). Indeed, this Court has sealed an exhibit contained Uber employee names, business titles, and employment dates, among other information. *See* ECF Nos. 217, 221.

### III.   UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are the Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8 and supporting exhibits. The portions of these documents Defendants move to seal consist of confidential, non-public, internal information regarding Uber's review and analysis of incident data, as well as non-public information regarding the identities of third-party organizations. *See* Cummings Decl. ¶¶ 2-5. Defendants have a legitimate interest in sealing these documents in order to avoid harm to their competitive standing and confidentiality of internal business information, as well as the privacy interests of third parties. There are no less restrictive alternatives to sealing the documents— Defendants seek only to partially seal the documents at issue through narrowly tailored redactions. *See id.* ¶¶ 2-5.

#### A.   Failing to Seal the Documents Would Harm Uber

**Portions of Letter Brief, Wilkins Declaration, Exhibit A (Nos. 7 & 8),**

**Exhibit B, Exhibit D, Shortnacy Declaration, Exhibit 1 (Nos. 7 & 8), and**

**Exhibit 2 / Exhibit F (Nos. 7 & 8):**

**<u>Information on Uber's Internal Incident Data Review and Analysis</u>**

Defendants' responses to Plaintiffs' Interrogatory Nos. 7 and 8 (included or reflected in the

5

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8    Case No. 3:23-MD-3084-CRB

aforementioned documents) disclose information about Uber's data review and analysis pertaining to its U.S. Safety Reports. This information is not publicly available. While Uber ultimately publishes its Safety Reports, its internal process of reviewing, analyzing, and validating the safety incident report data upon which these reports are based is proprietary and confidential. Uber expends significant resources to ensure that the data on which it relies, and the statistics and analyses it generates from that data for its Safety Reports, are accurate and reliable. The internal processes and timelines for the analysis, auditing, and validation of the data are maintained as confidential. The disclosure of the information at issue would risk revealing certain of Uber's internal procedures and processes for getting from raw data to the extensive and impressive final product of its U.S. Safety Report.

Importantly, the proposed redactions are in a filing that does not relate the merits of this litigation, so there is little public interest in the disclosure of this information to overcome Uber's significant interest in confidentiality. *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016). Nor is the specific information at issue important for the public to understand the merits of this litigation. *See* Cummings Decl. ¶ 3.

### Portions of Exhibit 1 (No. 9):

### Identities of Third Party Organizations

Exhibit 1 is an excerpt of the relevant portions of Defendants' initial interrogatory responses, namely Defendants' responses to Interrogatories 7 and 8. However, this exhibit contains part of Defendants' response to Plaintiffs' Interrogatory No. 9. This partial response—having no bearing on this discovery dispute—discloses some of the names of "more than 200 gender-based violence prevention experts" that Uber worked with "to innovate on new approaches that will raise the bar on safety in ridesharing."[1] While certain organizations are named in the Safety Report and their roles explained—such as the Rape, Abuse & Incest National Network (RAINN) and RALIANCE[2]—the identities of all 200 gender-based violence prevention experts are not disclosed in the report (including many of those on the page included in Exhibit 1). Naturally, the roles of each of the 200 organizations varied. While some organizations were publicly disclosed and discussed in the Safety Reports, others

---

[1] *See* Uber 2017-18 U.S. Safety Report, pp.9, 13.
[2] *See id.* at 7, 9, 13-14, 19, 29-32, 71.

were not. The names of these organizations should not be publicly disclosed unless these organizations choose to do so. Disclosing these names could unnecessarily chill these and other organizations from offering their expert input and guidance for fear of being pulled into or associated with litigation. These organizations have no connection to the allegations underlying Plaintiffs' claims. Disclosure of these organizations would serve no legitimate public interest and would violate their legitimate privacy interests and risk undermining their missions or dissuading future partnerships to advise and promote safety. *See Jones*, 2023 WL 7434197, at *2 *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.

Not only are the identities of these organizations unrelated to the merits of this litigation, but this discovery response is not even at issue in the underlying letter brief. This Court has previously sealed an exhibit containing Uber employee names, *see* ECF Nos. 217, 221, and should seal the names of these third-party organizations who are even further removed from this litigation. *See* Cummings Decl. ¶ 4.

**Less Restrictive Alternative to Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to partially sealing the documents at issue, as requested above, is sufficient. Defendants have narrowly tailored their requests to seal, redacting documents rather than sealing them in their entirety and narrowly tailoring their requested redactions. Actions short of sealing the documents requested by Defendants would not protect the legitimate interests of Uber, Uber's employees, and third parties. *See* Cummings Decl. ¶ 5.

**IV.    CONCLUSION**

For the foregoing reasons, Uber respectfully requests that the Court order that these documents listed above be maintained under seal.

DATED: May 29, 2025                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
       MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)

7

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8    Case No. 3:23-MD-3084-CRB

mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

KYLE N. SMITH (*Pro Hac Vice* admitted)
   ksmith@paulweiss.com
JESSICA E. PHILLIPS (*Pro Hac Vice* admitted)
   jphillips@paulweiss.com
**PAUL, WEISS, RIFKIND, WHARTON
   & GARRISON LLP**
2001 K Street, NW
Washington DC, 20006
Telephone: (202) 223-7300
Facsimile:  (202) 223-7420

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8    Case No. 3:23-MD-3084-CRB