MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## **DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Administrative Motion to File Under Seal Portions of Joint Letter Brief and Exhibits Regarding Plaintiffs' Interrogatories 7 & 8.

2. I have reviewed the Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8, the Declaration of Beth Wilkins in Support of the Joint Letter Brief, Exhibit A to the Joint Letter Brief, Exhibit B to the Joint Letter Brief, Exhibit D to the Joint Letter Brief, Exhibit F to the Joint Letter Brief, the Declaration of Michael Shortnacy in Support of the Joint Letter Brief, and Exhibit 1 to the Joint Letter Brief.

3. Defendants' responses to Plaintiffs' Interrogatory Nos. 7 and 8 (included or reflected in the Joint Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8, the Declaration of Beth Wilkins in Support of the Joint Letter Brief, Exhibit A to the Joint Letter Brief, Exhibit B to the Joint Letter Brief, Exhibit D to the Joint Letter Brief, Exhibit F to the Joint Letter Brief, the Declaration of Michael Shortnacy in Support of the Joint Letter Brief, and Exhibit 1 to the Joint Letter Brief) disclose information about Uber's data review and analysis pertaining to its U.S. Safety Reports. On information and belief, this information is not publicly available. While Uber ultimately publishes its Safety Reports, on information and belief, its internal process of reviewing, analyzing, and validating the safety incident report data upon which these reports are based is proprietary and confidential. On information and belief, Uber expends significant resources to ensure that the data on which it relies, and the statistics and analyses it generates from that data for its Safety Reports, are accurate and reliable. On information and belief, the internal processes and timelines for the analysis, auditing, and

1  validation of the data are maintained as confidential.  On information and belief, the disclosure of the
2  information at issue would risk revealing certain of Uber's internal procedures and processes for
3  getting from raw data to the extensive and impressive final product of its U.S. Safety Report.
4  Importantly, the proposed redactions are in a filing that does not relate the merits of this litigation, so
5  there is little public interest in the disclosure of this information to overcome Uber's significant interest
6  in confidentiality. *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016).  Nor is the specific
7  information at issue important for the public to understand the merits of this litigation.

8         4.     Exhibit 1 is an excerpt of the relevant portions of Defendants' initial interrogatory
9  responses, namely Defendants' responses to Interrogatories 7 and 8.  However, this exhibit contains
10 part of Defendants' response to Plaintiffs' Interrogatory No. 9.  This partial response—having no
11 bearing on this discovery dispute—discloses some of the names of "more than 200 gender-based
12 violence prevention experts" that Uber worked with "to innovate on new approaches that will raise the
13 bar on safety in ridesharing."  While certain organizations are named in the Safety Report and their
14 roles explained—such as the Rape, Abuse & Incest National Network (RAINN) and RALIANCE—
15 the identities of all 200 gender-based violence prevention experts are not disclosed in the report.  On
16 information and belief, naturally, the roles of each of the 200 organizations varied.  While some
17 organizations were publicly disclosed and discussed in the Safety Reports, others were not.  The names
18 of these organizations should not be publicly disclosed unless these organizations choose to do so.  On
19 information and belief, disclosing these names could unnecessarily chill these and other organizations
20 from offering their expert input and guidance for fear of being pulled into or associated with litigation.
21 On information and belief, these organizations have no connection to the allegations underlying
22 Plaintiffs' claims.  Disclosure of these organizations would serve no legitimate public interest and
23 would violate their legitimate privacy interests and risk undermining their missions or dissuading
24 future partnerships to advise and promote safety.  *See Jones*, 2023 WL 7434197, at *2 *In re Pac.*
25 *Fertility Ctr. Litig.*, 2021 WL 1082843, at *2. Not only are the identities of these organizations
26 unrelated to the merits of this litigation, but this discovery response is not even at issue in the
27 underlying letter brief.  This Court has previously sealed an exhibit containing Uber employee names,
28

*see* ECF Nos. 217, 221, and should seal the names of these third-party organizations who are even further removed from this litigation.

5. No less restrictive alternative to partially sealing the documents at issue, as requested in Defendants' Motion, is sufficient. Defendants have narrowly tailored their requests to seal, redacting documents rather than sealing them in their entirety and narrowly tailoring their requested redactions. Actions short of sealing the documents requested by Defendants would not protect the legitimate interests of Uber, Uber's employees, and third parties

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 29, 2025.                    By: */s/ Daniel Cummings*
                                                  Daniel Cummings

4
DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF JOINT LETTER BRIEF AND EXHIBITS REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8                    Case No. 3:23-MD-3084-CRB