MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF JOINT DISCOVERY LETTER BRIEF REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in support of the Joint Discovery Letter Brief Regarding Plaintiffs' Interrogatories 7 & 8.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Uber in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of California, the Bar of the District of Columbia, and the Bar of the State of New York. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

**The April 4 Agreement Regarding Interrogatories Nos. 7 and 8**

3. On April 4, 2025, the Parties reached an agreement relating to disputes over certain interrogatories within Plaintiffs' Second Set of Interrogatories. *See* Email from Plaintiffs' Steering Committee Counsel ("PSC") (Apr. 4, 2025 at 11:20 p.m. PT) (the "April 4, 2025 Agreement," or the "Agreement"), which Plaintiffs attached to the Joint Discovery Letter Brief as Exhibit B; *see also* Joint Letter Regarding Incident Categorization and Plaintiffs' Written Discovery Pursuant to ECF 2647 at 1 (ECF 2713) (notifying the Court of the Parties' agreement and resolution of their disputes).

4. That Agreement was titled "Global Deal Resolving Current Discovery Disputes."

5. For Interrogatories Nos. 1-6, which relate to the years 2017-2022 (*i.e.*, the years covered by Uber's three U.S. Safety Reports), the Parties agreed that Defendants would provide numbers, with caveats explaining necessary context for the numbers provided, in response. *See* April 4, 2025 Agreement at ¶ 2 ("2. Defendants agree to provide numbers, with caveats, requested by Plaintiffs' Second Set of Interrogatories Nos. 1-6 . . . .") (Ex. B).

6. Consistent with their conferral discussions, the Parties' Agreement excluded Interrogatories Nos. 7 and 8 from the agreement to provide any numbers. *See* April 4, 2025 Agreement at ¶ 2 (Ex. B).

2

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8    Case No. 3:23-MD-3084-CRB

7. Rather, the Agreement carves off how Defendants would respond to Interrogatories Nos. 7 and 8 as a separate paragraph (See April 4, 2025 Agreement at ¶ 3 (Ex. B)), memorializing the Parties' prior discussions where Defendants explained that numbers could not be provided for the unreported, and still in process, years (2023-2024).

8. If the Parties had agreed that Defendants would provide numbers for Interrogatories Nos. 7 and 8, the Agreement would have stated, "Interrogatories Nos. 1-8," not "Interrogatories Nos. 1-6."

9. For Interrogatories Nos. 7 and 8, which relate to the years 2023-2024, the Parties agreed that, instead of providing numbers like Defendants did for Interrogatories Nos. 1-6, Defendants would provide, in writing, their reasons for not being able to provide numbers.

10. During the Parties' April 4, 2025 meet and confer, the Parties had a very specific discussion about their agreement for Interrogatories Nos. 7 and 8.

11. Specifically, during this conferral, I initially proposed that Plaintiffs could simply ask the questions posed in Interrogatories Nos. 7 and 8 to an Uber Rule 30(b)(6) witness to obtain sworn testimony.

12. I explained that, [REDACTED]

13. Plaintiffs' counsel responded that, in compromise and as part of the global deal being discussed by the parties, they would agree in compromise that the dispute relating to Interrogatories Nos. 7 and 8 is resolved if Defendants would put those reasons that I stated during conferral in writing in response to discovery requests.

14. The Parties therefore agreed that Defendants would provide those reasons in written responses to Interrogatories Nos. 7 and 8.

15. After reaching that agreement during the meet and confer, the Parties put that agreement in writing. See April 4, 2025 Agreement at ¶ 3 ("3. Defendants will respond to Interrogatory Nos. 7 and 8.") (Ex. B).

3

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8            Case No. 3:23-MD-3084-CRB

**Defendants' Compliance with, and Repeated Reiteration of, the April 4 Agreement Regarding Interrogatories Nos. 7 and 8 Are Unrefuted by Plaintiffs for Weeks**

16. Defendants complied with the Parties' April 4 Agreement regarding Interrogatories Nos. 7 and 8, and repeatedly reiterated in writing that portion of the Parties' April 4 Agreement to Plaintiffs, with no response or objection from Plaintiffs.

17. On April 21, 2025, Plaintiffs requested that Defendants provide Plaintiffs with the agreed-upon information for Interrogatories Nos. 7 and 8 by April 23, 2025, two days before Plaintiffs' April 25, 2025 Rule 30(b)(6) deposition.

18. On April 23, 2025, Defendants provided Plaintiffs with the agreed-upon information for Interrogatories Nos. 7 and 8. In particular, Defendants provided Plaintiffs with the following written statement:

> On April 4, 2025, the Parties agreed that Defendants would provide numbers, with caveats, for the categorization of incident reports for the years 2017-2022, as requested by Interrogatories Nos. 1-6 from Plaintiffs' Second Set of Interrogatories. While Interrogatories Nos. 7-8 from Plaintiffs' Second Set of Interrogatories seek similar information for the years 2023 and 2024, the Parties' agreement did not include a similar requirement for Defendants to provide numbers for the years 2023 and 2024. Instead, during the Parties' conferrals, Defendants explained their objection to providing numbers for the years 2023 and 2024, and Plaintiffs requested, and the Parties agreed, that Defendants would provide that reason in writing, which Defendants provide here. ████████████████████████
> ████████████████████████████████████████████████

See Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024 (Apr. 23, 2025), which Plaintiffs attached to the Joint Discovery Letter Brief as Exhibit C.

19. On April 25, 2025, Plaintiffs took a Rule 30(b)(6) deposition regarding the incident data, for six hours, including questioning and testimony regarding Defendants' incident data and classification numbers.

20. On April 30, 2025, Defendants served Plaintiffs with Defendants' Responses to Plaintiffs' Second Set of Interrogatories, which included, among other things, this same agreed-upon

4

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8                Case No. 3:23-MD-3084-CRB

information, quoted above in Paragraph 16, for Interrogatories Nos. 7 and 8 that Defendants previously provided on April 23. *See* Defs. Uber Technologies, Inc., Rasier LLC and Rasier-CA, LLC's Responses to Plaintiffs' Second Set of Interrogatories, Interrogatories Nos. 1-8 (Apr. 30, 2025), a true and correct copy is attached hereto as Exhibit 1.

21. On May 1, 2025, Defendants served Plaintiffs with Defendants' Amended Responses to Plaintiffs' Second Set of Interrogatories, which again included this same agreed-upon information, quoted above, for Interrogatories Nos. 7 and 8 that Defendants provided on April 23. *See* Defs. Uber Technologies, Inc., Rasier LLC and Rasier-CA, LLC's Amended Responses to Plaintiffs' Second Set of Interrogatories (May 1, 2025), which Plaintiffs attached to the Joint Discovery Letter Brief as Exhibit A.

22. The information Defendants provided on April 23, 2025 – which Defendants provided again on April 30 and May 1 – is precisely what the Parties' April 4, 2025 Agreement requires.

23. After Plaintiffs received this agreed-upon information on April 23, 2025, Plaintiffs did not reach out to Defendants about the information in any way, let alone to say that the information provided, or Defendants' reiteration of the Agreement, was inconsistent with the Parties' April 4, 2025 Agreement.

24. After Plaintiffs received this agreed-upon information again on April 30, 2025, Plaintiffs did not reach out to Defendants about the information in any way, let alone to say that the information provided, or Defendants' reiteration of the Agreement, was inconsistent with the Parties' April 4, 2025 Agreement.

25. After Plaintiffs received this agreed-upon information again on May 1, 2025, Plaintiffs did not reach out to Defendants about the information in any way, let alone to say that the information provided, or Defendants' reiteration of the Agreement, was inconsistent with the Parties' April 4, 2025 Agreement.

5

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8        Case No. 3:23-MD-3084-CRB

**Plaintiffs at First Claimed Defendants Did Not Comply with the April 4 Agreement, But Then Abandoned that Flatly Incorrect Claim**

26. On May 15, 2025, over three weeks after Defendants provided the agreed-upon information (by that time, several times over), Plaintiffs wrongly claimed for the first time that Defendants had instead agreed to provide numbers in response to Interrogatories Nos. 7 and 8, but did not do so.

27. Specifically, in a May 15, 2025 *draft* Joint Status Report, Plaintiffs stated the following regarding Interrogatories Nos. 7 and 8: "Despite the parties' agreement that Uber would provide the number of sexual violence incidents in the United States that Uber categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as 'Insufficient Information' or 'Parent Category Usage Tracking' for years 2023-24 (ECF No. 2713), Uber did not do so."

28. Defendants pointed out that Plaintiffs' statement in the draft Joint Status Report was flatly wrong, that there was no such agreement, and that the Parties had actually specifically excluded Interrogatories Nos. 7 and 8 from the Agreement regarding providing numbers. *See* Joint Status Report for May 22, 2025 Discovery Status Conference at 6 (ECF 3033).

29. In response, Plaintiffs removed the incorrect claim that the Parties had agreed that Defendants would provide numbers, and Plaintiffs stated instead that "Uber failed to provide" numbers. *See* Joint Status Report for May 22, 2025 Discovery Status Conference at 5 (ECF 3033).

30. But Plaintiffs failed to note for the Court that the reason Defendants did not provide numbers for Interrogatories Nos. 7 and 8 was because the Parties had agreed that Defendants would not provide numbers. For their part, Defendants explained in the Joint Status Report that the Parties had agreed to exclude Interrogatories Nos. 7 and 8 from the portion of the Agreement requiring the provision of numbers and that Defendants would instead provide a written response for Interrogatories No. 7 and 8. *See* Joint Status Report for May 22, 2025 Discovery Status Conference at 6 (ECF 3033).

6

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8          Case No. 3:23-MD-3084-CRB

**Defendants' Second Amended Responses to Interrogatories Nos. 7 and 8**

31.     While not required by the Parties' April 4, 2025 Agreement, in an effort to resolve the dispute Plaintiffs raised for the first time on May 15, 2025, Defendants served Second Amended Responses to Plaintiffs' Second Set of Interrogatories, which include the following further response:



Defs. Uber Technologies, Inc., Rasier LLC and Rasier-CA, LLC's Second Amended Responses to Plaintiffs' Second Set of Interrogatories, Interrogatories Nos. 1-8 (May 28, 2025), Plaintiffs attached to the Joint Discovery Letter Brief as Exhibit F.

32.     For the Court's convenience, attached as Exhibit 2 is a true and correct copy of the Parties' April 4 Agreement.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of May in Los Angeles, California.

/s/ Michael B. Shortnacy
MICHAEL B. SHORTNACY

7

M. SHORTNACY DECL. ISO JOINT DISCOVERY LETTER BRIEF
REGARDING PLAINTIFFS' INTERROGATORIES 7 AND 8                    Case No. 3:23-MD-3084-CRB