# EXHIBIT 1

| | |
|---|---|
| 1 | MICHAEL B. SHORTNACY (SBN: 277035) |
| | mshortnacy@shb.com |
| 2 | **SHOOK, HARDY & BACON L.L.P.** |
| | 2121 Avenue of the Stars, Ste. 1600 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: (424) 285-8330 |
| 4 | Facsimile: (424) 204-9093 |
| 5 | PATRICK OOT (Admitted *Pro Hac Vice*) |
| | oot@shb.com |
| 6 | **SHOOK, HARDY & BACON L.L.P.** |
| | 1800 K St. NW Ste. 1000 |
| 7 | Washington, DC 20006 |
| | Telephone: (202) 783-8400 |
| 8 | Facsimile: (202) 783-4211 |
| 9 | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC.; |
| 10 | RASIER, LLC; and RASIER-CA, LLC |
| 11 | *[Additional Counsel Listed on Signature Page]* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

---

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

2. Responding Party objects to the definitions of "Uber," "You," "Your," and "Yourself" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants.

**OBJECTIONS AND RESPONSES TO SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each month in the year 2017, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 1:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information

Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 2:**

For each month in the year 2018, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 2:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 3:**

For each month in the year 2019, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

6

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 3:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 4:**

For each month in the year 2020, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 4:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates,

7

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 5:**

For each month in the year 2021, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 5:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental

8

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 6:**

For each month in the year 2022, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 6:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 7:**

For each month in the year 2023, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 7:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 23, 2025 in a document titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024," and incorporates it herein: On April 4, 2025, the Parties agreed that Defendants would provide numbers, with caveats, for the categorization of incident reports for the years 2017-2022, as requested by Interrogatories Nos. 1-6 from Plaintiffs' Second Set of Interrogatories. While Interrogatories Nos. 7-8 from Plaintiffs' Second Set of Interrogatories seek similar information for the years 2023 and 2024, the Parties' agreement did not include a similar requirement for Defendants to provide numbers for the years 2023 and 2024. Instead, during the Parties' conferrals, Defendants explained their objection to providing numbers for the years 2023 and 2024, and Plaintiffs requested, and the Parties agreed, that Defendants would provide that reason in writing, which Defendants provide here. ███

███

**INTERROGATORY NO. 8:**

For each month in the year 2024, specify by category, the number of Sexual Violence Incidents

10

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1  in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct
2  and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category
3  Usage Tracking."

4  **RESPONSE NO. 8:**

5      Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it
6  seeks to compel the creation of new analyses and documents that do not exist. Responding Party
7  further objects to the definition of the term "Sexual Violence Incident" as argumentative and
8  confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous,
9  overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses
10 in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates,
11 predecessors, successors, present or former officers, directors, owners, members, partners, principals,
12 agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators,
13 consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf."
14 Responding Party is responding only on behalf of the named defendants. Subject to and without
15 waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information
16 responsive to this Interrogatory on April 23, 2025 in a document titled "Information Provided by
17 Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of
18 Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024,"
19 and incorporates it herein: and incorporates it herein: On April 4, 2025, the Parties agreed that
20 Defendants would provide numbers, with caveats, for the categorization of incident reports for the
21 years 2017-2022, as requested by Interrogatories Nos. 1-6 from Plaintiffs' Second Set of
22 Interrogatories. While Interrogatories Nos. 7-8 from Plaintiffs' Second Set of Interrogatories seek
23 similar information for the years 2023 and 2024, the Parties' agreement did not include a similar
24 requirement for Defendants to provide numbers for the years 2023 and 2024. Instead, during the
25 Parties' conferrals, Defendants explained their objection to providing numbers for the years 2023 and
26 2024, and Plaintiffs requested, and the Parties agreed, that Defendants would provide that reason in
27 writing, which Defendants provide here. [REDACTED]
28

11

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO
PLAINTIFFS' SECOND SET OF INTERROGATORIES

1  ███████████████████████████████████████████████████████
2  ███████████████████████

**INTERROGATORY NO. 9:**

Identify the "200 gender-based violence prevention experts" referenced in the introduction (page 9) of Uber's 2017-2018 U.S. Safety Report.

**RESPONSE NO. 9:**

Responding Party objects to the definition of the term "Uber" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that page 9 of its 2017-2018 U.S. Safety Report refers to "more than 200 gender-based violence prevention experts," not "200 gender-based violence prevention experts." Responding Party further responds by identifying the following organizations:

| Organizations |
|---|
| ███████ |
| █████ |
| ██ |
| ██████████████ |
| █ |
| █████ |
| ███████ |
| █████████ |
| ███████ |
| ███ |
| █████████ |
| ███████ |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES