# EXHIBIT 2

## Shortnacy, Michael (SHB)

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Saturday, April 5, 2025 1:20 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>; JoAnna Pollock <jpollock@simmonsfirm.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

**EXTERNAL**

Let's see if this works. See edits in red bold.

**Depositions:**
1. The Parties agree that MDL Plaintiffs may take a Fed. R. Civ. P. 30(b)(6) deposition of Uber for no more than six hours relating to: (1) Plaintiffs' Second Set of Interrogatories Nos. 1-6 (categorization); and (2) Defendants' extraction and production of safety data in this Litigation. (ECF No. 2647) The Parties will use best efforts **to schedule this deposition on April 15, 2025.** This deposition will occur no later than April 25, 2025.
2. Defendants agree to provide numbers, with caveats, requested by Plaintiffs' Second Set of Interrogatories Nos. 1-6 in advance of the Fed. R. Civ. P. 30(b)(6) deposition, and will use best efforts to do so seven days in advance, but in any event no earlier than April 10 **and no fewer than 5 days before the deposition.**
3. MDL Plaintiffs agree to take the above Fed. R. Civ. P. 30(b)(6) deposition in one day's sitting, so long as the information in response to the Interrogatory Nos. 1-6 data is received in advance.
4. Defendants agree that the above Fed. R. Civ. P. 30(b)(6) deposition will not count against Plaintiffs' "soft cap" of 45 depositions.
5. MDL Plaintiffs agree to attend the JCCP PMK depositions of Katy McDonald and use best efforts not to repeat questions from those depositions during MDL Plaintiffs' Fed. R. Civ. P. 30(b)(6) depositions for which Ms. McDonald is designated, and during an MDL deposition of Ms. McDonald in her personal capacity, **so long as the depositions are scheduled on dates that are agreeable to MDL Plaintiffs. MDL Plaintiffs will use best efforts to be available for JCCP PMK depositions of Katy McDonald.**
6. **Defendants** ~~Uber~~ **will use best efforts to produce Katy McDonald for deposition in her individual capacity on or before May 6, 2025 and believe at this time they will be able to do so. Defendants will propose dates for this deposition by April 8. If Defendants do not produce Katy McDonald for deposition in her individual capacity on or before May 6, Defendants understand that the deposition of Frank Chang may need to be moved, and the deposition of Dara Khosrowshahi may need to be moved depending on the date of Frank Chang's deposition. Defendants will work with Plaintiffs to provide agreeable dates for these depositions to occur prior to June 16.**

**Plaintiffs' Interrogatories (Set Two):**
1. The Parties agree that Plaintiffs will withdraw Interrogatory Nos. 1-6, and Defendants will provide the information requested via Fed. R. Civ. P. 30(b)(6) deposition notice as set forth above.
2. Plaintiffs agree to withdraw Interrogatory Nos. 13-15 and 19-21.
3. Defendants will respond to Interrogatory Nos. 7 and 8.
4. Plaintiffs will convert Interrogatory Nos. 9-12 and 24-27 to requests for information attached to a Fed. R. 30(b)(6) deposition notice. Uber will endeavor to produce the requested information 7 days prior to the corresponding deposition.

5. The Parties agree that Defendants will provide data responsive to Interrogatory Nos. 16-18 and 29, subject to the following limitations:
   1. Independent Driver UUIDs to be provided are limited to those contained within the incident report data produced to Plaintiffs via BDO.
   2. For Interrogatories 17 and 18, the data will be limited to that contained within the incident report data produced to Plaintiffs via BDO, and the time scope shall begin with the commencement of the Industry Sharing Safety Program through December 1, 2024.
6. For Interrogatory No. 22, Defendants respond in writing here that the incidents in the safety report are classified by the year the alleged incident occurred, not by the year the alleged incident was reported.
7. The Parties agree that, for Interrogatory 23, Defendants will provide in writing the number of trips by year. Defendants will also use due diligence to determine whether number of trips are or have been kept ~~keep~~ in the ordinary ~~reasonable~~ course of business on a quarterly or monthly basis at any point during the relevant time period, and if Defendants identify such information for any period of time, Defendants will produce it to Plaintiffs.
8. The Parties agree to continue meeting and conferring regarding Interrogatory No. 28. To the extent a dispute remains, the Parties agree to file any PTO 8 letter brief by April 10, with Defendants providing their draft portion of the PTO 8 letter brief by April 8 and Plaintiffs providing their draft portion of the PTO 8 letter brief by April 9.

**Plaintiffs' Requests for Production (Set Two):**
1. Plaintiffs agree to withdraw Requests for Production Nos. 26 and 59.
2. Defendants will provide demonstrative examples, by Bates number, of documents Defendants have produced in response to Plaintiffs' Requests for Production (Set One) that Defendants believe are responsive to the following Requests for Production: Nos.  5, 10, 11, 12, 13, 21, 22, 31-41, 46-50, 56-58, 63, 64, 68-70, 73, 75-78.
   1. Defendants will provide this information on a rolling basis, to commence on April 9, 2025 and to be completed by April 23, 2025.
3. Defendants will respond to Plaintiffs' "new policy requests" (Requests for Production Nos. 3, 4, 6, 15, 16) by either: (i) identifying demonstrative Bates numbers from Defendants' production in response to Plaintiffs' Requests for Production (Set One) or (ii) producing demonstrative policies responsive to these Requests, to the extent they exist. Plaintiffs will then wrap any follow-up requests related to those policies identified or produced as set forth above in the ongoing policy request process set forth in ECF 2607.
4. Defendants agree to provide a written response to the following Requests for Production, and, if applicable, provide demonstrative examples, by Bates number, of previously-produced responsive documents: Nos. 7, 8, 9, 17-20, 23, 24, 27-30, 42-45, 51-55, 60-62, 67, 71, 72, 74, 79, 80. Defendants will provide this information on a rolling basis, to commence on April 9, 2025 and to be completed by April 23, 2025.
5. The Parties have narrowed the scope of the dispute regarding deposition transcripts (Requests for Production No. 1, 2, 25, 65, 66). The Parties will continue meeting and conferring regarding requests for deposition transcripts in these prior actions: PTO 5 cases, *McKnight*, and *Boston Retirement*. To the extent a dispute remains, the Parties agree to file any PTO 8 letter brief by April 10, with Defendants providing their draft portion of the PTO 8 letter brief by April 8 and Plaintiffs providing their draft portion of the PTO 8 letter brief by April 9.