IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**DECLARATION OF BETH WILKINS IN SUPPORT OF PLAINTIFFS' PORTION OF JOINT LETTER REGARDING PLAINTIFFS' INTERROGATORIES 7 & 8**<br><br>Judge: Honorable Lisa J. Cisneros |

I, Beth Wilkins, hereby declare as follows:

1. I am a partner in the law firm of Chaffin Luhana LLP. I am a member of the State Bars of Illinois and Missouri and duly admitted to practice before this Court, representing Plaintiffs in the above caption action. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of Plaintiffs' portion of the parties' Joint Letter Regarding Plaintiffs' Interrogatories 7 and 8 of Plaintiffs' Second Set of Interrogatories.

3. Attached hereto as Exhibit A is a true and accurate copy of Uber's Amended Responses to Plaintiffs' Second Set of Interrogatories.

4. Attached hereto as Exhibit B is a true and accurate copy of Uber's additional information provided in response to Interrogatories 7 and 8, titled, "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024."

5. Attached hereto as Exhibit C is a true and accurate correspondence between the Parties memorializing their April 4 agreement and follow-up correspondence following that agreement.

6. Attached hereto as Exhibit D is a true and accurate correspondence between the Parties leading up to the Parties' April 4 Agreement.

7. Attached hereto as Exhibit E is a true and accurate correspondence between the Parties regarding Uber's responses to Interrogatories with respect to the timing of a 30(b)(6) deposition.

8. Attached hereto as Exhibit F is a true and accurate copy of Uber's Second Amended Responses to Plaintiffs' Second Set of Interrogatories.

9. Plaintiffs served their Second Set of Interrogatories on February 26, 2025. Relevant here are Interrogatories 1 through 8, which sought the number of Sexual Violence Incidents Uber categorized into its Sexual Misconduct and Sexual Violence Taxonomy, as well as the "Insufficient

Information" and "Parent Category Usage Tracking" categories for each month from 2017 through 2024.

10. As of March 24, 2025, Uber had not provided responses to Plaintiffs' Second Set of Interrogatories and objected in full to responding to any of the discovery. The Parties raised this issue in their March 24 Joint Status Report and during the March 27 status conference. *See* ECF 2608 at 2-3. The Court ordered Uber to file any motion for relief from discovery by April 4. *See* ECF 2647 at 1.

11. Additionally, in their March Joint Status Report, Plaintiffs raised their concerns regarding Uber's extraction and production of safety incident data from 2017 through 2022 in response to the Court's numerous Orders on this issue. *See* ECF 2608 at 3-4. The Parties addressed this issue with the Court during the March 27 status conference. *See* Mar. 27, 2025 Hrg. Tr. At 17:8-24:6. As a result, the Court ordered Uber to produce a witness for a four-hour 30(b)(6) deposition on this discrete topic. *See* ECF 2647 at 2. This deposition was to address solely the issue of the accuracy and completeness of the production of the safety data from 2017 and 2022.

12. During the week of March 31 through April 4, the Parties met and conferred and exchanged numerous emails about both the four-hour 30(b)(6) deposition and Uber's responses to written discovery. The agreement documented by the Parties on April 4 ("the April 4 Agreement") reflects both of these issues. *See* **Exhibit C** at 3-4.

13. The April 4 Agreement addresses Interrogatories 1 through 6 separately from Uber's responses to Interrogatories 7 through 8 for two important reasons. First, the information sought by Interrogatories 1 through 6, which address years 2017 to 2022, was necessary before proceeding with the four-hour 30(b)(6) deposition on the safety data that Uber produced for those years. The information sought by interrogatories 7 though 8 (years 2023 and 2024) was not relevant to that deposition because that deposition was to address only Uber's production of data for years 2017 to 2022. Discovery regarding 2023 and 2024 was to be addressed at a later 30(b)(6) deposition, subject to a deposition notice. A date for that deposition had not yet been set at the time of the April 4 Agreement. Second, to accomplish the production of necessary information for 2017-

2022 prior to the 4-hour deposition on those years, while still allowing Uber the time it represented it needed to respond to the Interrogatories, Plaintiffs agreed to Uber's request that Plaintiffs withdraw Interrogatories 1 through 6 and instead convert those requests to attached to the (30)(b)(6) notice for the 4-hour deposition. *See* **Exhibit C** at 4 ("The Parties agree that Plaintiffs will withdraw Interrogatory Nos. 1-6, and Defendants will provide the information requested via Fed. R. Civ. P. 30(b)(6) deposition notice as set forth above."); **Exhibit D** at 1-2. Importantly, Plaintiffs **did not** agree to withdraw or otherwise modify Interrogatories 7 and 8. Instead, the agreement was that Uber would "respond to Interrogatories Nos. 7 and 8." **Exhibit C** at 4.

14. The April 4 Agreement spelled out that Uber must produce the numbers sought Interrogatories 1 through 6 before the four-hour 30(b)(6) deposition because Plaintiffs required those numbers to be produced before that deposition; or otherwise, the dispute would need to be raised to the Court in accordance with the Court's March 27 Order requiring Uber to file a motion for relief with the Court. On the other hand, because the years 2023 and 2024 were not at issue in that deposition (and the deposition addressing those issues would not occur for some time), Plaintiffs were willing to review Uber's responses to Interrogatories 7 and 8 seek relief from the Court later, if necessary.

15. There has never been an agreement between the Parties that Plaintiffs would accept whatever responses Uber provided in response to Interrogatories 7 and 8, or that Plaintiffs would waive their right to challenge the adequacy of Uber's responses. Instead, the April 4 Agreement with respect to Interrogatories 7 and 8 was intended to address the Court's March 27 Order and whether Uber would need to request relief from the Court to avoid responding to those Interrogatories.

16. Consistent with the above, Plaintiffs' follow-up with Uber on April 21 regarding the status of their responses to Interrogatories 7 and 8 was not related to the 4-hour deposition that occurred on April 25. Instead, and as indicated by the fact that Plaintiffs followed up again on April 28, the responses to Interrogatories 7 through 8 were needed before the *second* 30(b)(6) deposition on safety data-related topics, which at that time, was set to occur on May 6. *See* **Exhibit**

**E** (note, the attachment to the email reflected in Exhibit E is Exhibit C, attached hereto). Ultimately, that deposition was postponed due to Uber's failure to provide timely and complete information. A new date (July 15) was not set until May 28. Plaintiffs raised this issue in the May 19 Status Report in an effort to resolve it before that deposition.

17. Uber criticizes Plaintiffs for not reiterating the assertion made in the last Joint Discovery Status Report that Uber breached the Parties' agreement. Plaintiffs removed that language in an effort at collegiality after Uber pushed back, suggesting the possibility of a mutual misunderstanding regarding the terms of the April 4 Agreement. Regardless, the Parties are where they are. Plaintiffs certainly did not agree to forego the numbers sought in this letter brief.

18. Counsel for Uber indicated during a meet and confer discussion on May 23, 2025 that there are no technological barriers to providing numbers in response to Interrogatories 7 and 8 but rather, Uber's objections are that ████████████████████████████████

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 29th Day of May, 2025 in Lebanon, Illinois.

/s/ *Beth Wilkins*
Beth Wilkins