# EXHIBIT A

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1600
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Pursuant to the Fed. R. Civ. P. 26 and 33, Defendants Uber Technologies, Inc., Rasier LLC and Rasier-CA, LLC (collectively, "Responding Party," or "Uber"), and pursuant to the Parties' agreements regarding these topics and without waiver of any objections, provide the following responses and objections to Plaintiffs' Second Set of Interrogatories. Responding Party has not yet completed its investigation of the facts relating to this action, has not yet completed its discovery in this action, and has not yet completed its preparation for trial. All of the responses contained herein are based only upon such information and documents which are presently available to it and specifically known to it. It is anticipated that further discovery, independent investigations, legal research, and analysis will supply additional facts, add meaning to known facts, as well as establish entirely new factual conclusions and legal contentions, all of which may lead to substantial additions, changes and variations from the contentions and responses set forth herein.

The following responses are given without prejudice to Responding Party's right to produce evidence of any subsequently discovered fact or facts which Responding Party may later develop or identify. The responses contained herein were prepared with the assistance of counsel and are made in a good faith effort to supply as much factual information as is presently known, but should in no way be understood to prejudice Responding Party in relation to further discovery, research, analysis, or production of evidence.

On April 4 and 10, 2025, the Parties agreed that Responding Party would provide certain information in response to specified Interrogatories from Plaintiffs' Second Set of Interrogatories and, in exchange, that Plaintiffs would withdraw their Interrogatories, convert their Interrogatories to requests for information attached to Fed. R. Civ. P. 30(b)(6) deposition notices, or otherwise accept responsive information and/or deposition testimony in lieu of verified interrogatory responses and objections. Nevertheless, subject to the limitations of the Parties' April 4 and 10 agreements, Responding Party provides the following responses and objections, which are based on Responding Party's reasonable efforts to gather accurate information responsive to the specified Interrogatories below, in light of the expansive time scope of the Interrogatories and availability of information in dispersed sources.

2

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**PRELIMINARY STATEMENT**

1. Responding Party objects to the Interrogatories to the extent they purport to impose obligations on Responding Party beyond those required or permitted under the Federal Rules of Civil Procedure. Responding Party will respond only in accordance with the Federal Rules of Civil Procedure.

2. In preparing these responses, Responding Party has consulted sources reasonably available to it. However, discovery and investigation in this action are continuing. Hence Responding Party's responses to these Interrogatories are necessarily based on incomplete information available at this time.

3. Responding Party objects to the Interrogatories to the extent they call for privileged documents and/or information, including, without limitation, documents and/or information protected by attorney-client privilege, the attorney work product doctrine, or any other applicable privilege of law.

4. Responding Party objects to the Interrogatories insofar as they seek information in the public domain and thus equally available to Requesting Party, and to the extent they seek information that is obtainable from some other source that is more convenient, less burdensome, and less expensive.

5. Responding Party objects to the Interrogatories to the extent they assume facts that are incorrect or do not exist, and to the extent they are overbroad, vague, ambiguous, and make responses impossible without speculation.

6. By responding to these Interrogatories, Responding Party neither admits nor concedes the appropriateness or accuracy of the words or definitions in these Interrogatories. Responding Party will respond to these Interrogatories to the extent that it does not object thereto, in accordance with the relevant provisions of law and according to their understanding of the fair and reasonable meaning of the Interrogatories.

7. Responding Party objects to each Interrogatory to the extent it seeks information that would violate any constitutional, statutory, or common law privacy rights of any third party, or current

1 | or former client or employee of Responding Party.

2 |     8.    Responding Party objects to each Interrogatory on the grounds and to the extent it calls for documents or information covered by confidentiality and/or non-disclosure agreements or understandings with third parties.

    9.    Responding Party objects to each Interrogatory on the grounds and to the extent that it seeks information that is proprietary, confidential, trade secret, and/or similarly protected.

    10.    Responding Party objects to each Interrogatory to the extent that it seeks information regarding any matter not relevant to the subject matter involved in the pending action, or information regarding any matter which is not relevant to the claims and defenses in this Action.

    11.    Responding Party objects to each Interrogatory on the grounds and to the extent that it seeks information related to instances of alleged sexual misconduct or sexual assault outside the specific instances of alleged sexual misconduct or sexual assault at issue in this action.

    12.    Responding Party has endeavored to respond with specificity to each Interrogatory below. However, Responding Party's failure to repeat in its specific objections any general objection made herein shall not be intended to waive the application of these general objections where they are applicable.

    13.    Responding Party objects to the Interrogatories to the extent that they are unnecessarily burdensome and duplicative, including Interrogatories that are exact duplicates or substantially duplicative of other Interrogatories.

**OBJECTIONS TO INSTRUCTIONS**

    1.    Responding Party objects to the Instructions to the extent they purport to impose obligations on Responding Party beyond those required or permitted under the Federal Rules of Civil Procedure. Responding Party will respond only in accordance with the Federal Rules of Civil Procedure.

**OBJECTIONS TO DEFINITIONS**

    1.    Responding Party objects to the definition of "Sexual Violence Incident" as argumentative and confusing.

4

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

2. Responding Party objects to the definitions of "Uber," "You," "Your," and "Yourself" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants.

**OBJECTIONS AND RESPONSES TO SECOND SET OF INTERROGATORIES**

**INTERROGATORY NO. 1:**

For each month in the year 2017, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 1:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information

5

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

1 Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 2:**

For each month in the year 2018, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 2:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 3:**

For each month in the year 2019, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 3:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 4:**

For each month in the year 2020, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 4:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates,

1 predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 5:**

For each month in the year 2021, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 5:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental

8

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 6:**

For each month in the year 2022, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 6:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 7:**

For each month in the year 2023, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 7:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 23, 2025 in a document titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024," and incorporates it herein: On April 4, 2025, the Parties agreed that Defendants would provide numbers, with caveats, for the categorization of incident reports for the years 2017-2022, as requested by Interrogatories Nos. 1-6 from Plaintiffs' Second Set of Interrogatories. While Interrogatories Nos. 7-8 from Plaintiffs' Second Set of Interrogatories seek similar information for the years 2023 and 2024, the Parties' agreement did not include a similar requirement for Defendants to provide numbers for the years 2023 and 2024. Instead, during the Parties' conferrals, Defendants explained their objection to providing numbers for the years 2023 and 2024, and Plaintiffs requested, and the Parties agreed, that Defendants would provide that reason in writing, which Defendants provide here. ███

███

███

**INTERROGATORY NO. 8:**

For each month in the year 2024, specify by category, the number of Sexual Violence Incidents

10

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

1  in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct
2  and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category
3  Usage Tracking."

4  **RESPONSE NO. 8:**

5        Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it
6  seeks to compel the creation of new analyses and documents that do not exist. Responding Party
7  further objects to the definition of the term "Sexual Violence Incident" as argumentative and
8  confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous,
9  overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses
10  in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates,
11  predecessors, successors, present or former officers, directors, owners, members, partners, principals,
12  agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators,
13  consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf."
14  Responding Party is responding only on behalf of the named defendants. Subject to and without
15  waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information
16  responsive to this Interrogatory on April 23, 2025 in a document titled "Information Provided by
17  Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025, Regarding Categorization of
18  Reports of Sexual Assault or Sexual Misconduct Incidents Alleged to Have Occurred in 2023 or 2024,"
19  and incorporates it herein: and incorporates it herein: On April 4, 2025, the Parties agreed that
20  Defendants would provide numbers, with caveats, for the categorization of incident reports for the
21  years 2017-2022, as requested by Interrogatories Nos. 1-6 from Plaintiffs' Second Set of
22  Interrogatories. While Interrogatories Nos. 7-8 from Plaintiffs' Second Set of Interrogatories seek
23  similar information for the years 2023 and 2024, the Parties' agreement did not include a similar
24  requirement for Defendants to provide numbers for the years 2023 and 2024. Instead, during the
25  Parties' conferrals, Defendants explained their objection to providing numbers for the years 2023 and
26  2024, and Plaintiffs requested, and the Parties agreed, that Defendants would provide that reason in
27  writing, which Defendants provide here. [REDACTED]

28

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**INTERROGATORY NO. 9:**

Identify the "200 gender-based violence prevention experts" referenced in the introduction (page 9) of Uber's 2017-2018 U.S. Safety Report.

**RESPONSE NO. 9:**

Responding Party objects to the definition of the term "Uber" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that page 9 of its 2017-2018 U.S. Safety Report refers to "more than 200 gender-based violence prevention experts," not "200 gender-based violence prevention experts." Responding Party further responds by identifying the following organizations:



12

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,