EXHIBIT C

| From: | Beth Wilkins |
|---|---|
| To: | Haider, Jay B. (SHB); Layne Hilton; Wikler, Jeremy (SHB) |
| Cc: | Tiffany Ellis; Gromada, Veronica G. (SHB); Shortnacy, Michael (SHB); Wikler, Jeremy (SHB); Roopal Luhana; Brian Abramson; JoAnna Pollock; christopher.cox@kirkland.com |
| Subject: | RE: Uber MDL - Discovery Set Two M&C (Uber"s Revised Proposal) |
| Date: | Monday, April 28, 2025 9:04:00 PM |
| Attachments: | image002.png |
|  | image003.png |
|  | image004.png |
|  | image005.png |

Counsel,

My apologies, I omitted interrogatories 9-12 from the discussion below.  See additions below in red.

**Beth Wilkins | Partner**
**E:** Wilkins@chaffinluhana.com
**P:** (412) 643-0290

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Beth Wilkins
**Sent:** Monday, April 28, 2025 7:38 PM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>; JoAnna Pollock <jpollock@simmonsfirm.com>; christopher.cox@kirkland.com
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

Jay and all,

Following up on our agreement below, we have not received responses to interrogatories 7-8, 9 through 12, 16-18, or 24-27 (we understand from Michael separately that Uber's response to interrogatory 28 is in the works and Michael will provide an update today). Additionally, although we received numbers that appear responsive to interrogatory 23 on April 23, they are not signed as required under FRCP 23.

As we discussed during our numerous meet and confers leading up to the agreement below, Plaintiffs need Uber's responses to these interrogatories at least 7 days before the relevant 30(b)(6) witness who will address the corresponding topic. We understand Katy McDonald is offered on May 6 to cover topic 2 of Plaintiffs' Knowledge of Sexual Assault notice, which encompasses interrogatories 7 and 8. Ms. McDonald is also offered on that day to cover topic 14 of that notice, which encompasses interrogatories 9 through 12, 16, 24, 25, and 27. **Please confirm that Uber will provide responses to these interrogatories on or before April 29, or otherwise let us know which witness will address the topics.** Additionally, please confirm that Uber will provide a signed response to interrogatory 23.

Thank you,
Beth

**Beth Wilkins | Partner**
**E:** Wilkins@chaffinluhana.com
**P:** (412) 643-0290

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
ChaffinLuhana.com

ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for

the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Saturday, April 5, 2025 1:27 AM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>; JoAnna Pollock <jpollock@simmonsfirm.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

Beth, we will clean this up in the AM (colors, etc.) but we have agreement on the language and will file the joint letter now accordingly.

Have a good weekend!

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com



**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Saturday, April 5, 2025 1:20 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>; JoAnna Pollock <jpollock@simmonsfirm.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

## EXTERNAL

Let's see if this works. See edits in red bold.

### Depositions:

1. The Parties agree that MDL Plaintiffs may take a Fed. R. Civ. P. 30(b)(6) deposition of Uber for no more than six hours relating to: (1) Plaintiffs' Second Set of Interrogatories Nos. 1-6

(categorization); and (2) Defendants' extraction and production of safety data in this Litigation. (ECF No. 2647) The Parties will use best efforts **to schedule this deposition on April 15, 2025. This deposition will occur no later than April 25, 2025.**

2. Defendants agree to provide numbers, with caveats, requested by Plaintiffs' Second Set of Interrogatories Nos. 1-6 in advance of the Fed. R. Civ. P. 30(b)(6) deposition, and will use best efforts to do so seven days in advance, but in any event no earlier than April 10 and no fewer than 5 days before the deposition.

3. MDL Plaintiffs agree to take the above Fed. R. Civ. P. 30(b)(6) deposition in one day's sitting, so long as the information in response to the Interrogatory Nos. 1-6 data is received in advance.

4. Defendants agree that the above Fed. R. Civ. P. 30(b)(6) deposition will not count against Plaintiffs' "soft cap" of 45 depositions.

5. MDL Plaintiffs agree to attend the JCCP PMK depositions of Katy McDonald and use best efforts not to repeat questions from those depositions during MDL Plaintiffs' Fed. R. Civ. P. 30(b)(6) depositions for which Ms. McDonald is designated, and during an MDL deposition of Ms. McDonald in her personal capacity, so long as the depositions are scheduled on dates that are agreeable to MDL Plaintiffs. MDL Plaintiffs will use best efforts to be available for JCCP PMK depositions of Katy McDonald.

6. Defendants ~~Uber~~ will use best efforts to produce Katy McDonald for deposition in her individual capacity on or before May 6, 2025 **and believe at this time they will be able to do so**. **Defendants will propose dates for this deposition by April 8. If Defendants do not produce Katy McDonald for deposition in her individual capacity on or before May 6, Defendants understand that the deposition of Frank Chang may need to be moved, and the deposition of Dara Khosrowshahi may need to be moved depending on the date of Frank Chang's deposition. Defendants will work with Plaintiffs to provide agreeable dates for these depositions to occur prior to June 16.**

**Plaintiffs' Interrogatories (Set Two):**

1. The Parties agree that Plaintiffs will withdraw Interrogatory Nos. 1-6, and Defendants will provide the information requested via Fed. R. Civ. P. 30(b)(6) deposition notice as set forth above.

2. Plaintiffs agree to withdraw Interrogatory Nos. 13-15 and 19-21.

3. Defendants will respond to Interrogatory Nos. 7 and 8.

4. Plaintiffs will convert Interrogatory Nos. 9-12 and 24-27 to requests for information attached to a Fed. R. 30(b)(6) deposition notice. Uber will endeavor to produce the requested information 7 days prior to the corresponding deposition.

5. The Parties agree that Defendants will provide data responsive to Interrogatory Nos. 16-18 and 29, subject to the following limitations:
   a. Independent Driver UUIDs to be provided are limited to those contained within the incident report data produced to Plaintiffs via BDO.

b. For Interrogatories 17 and 18, the data will be limited to that contained within the incident report data produced to Plaintiffs via BDO, and the time scope shall begin with the commencement of the Industry Sharing Safety Program through December 1, 2024.

6. For Interrogatory No. 22, Defendants respond in writing here that the incidents in the safety report are classified by the year the alleged incident occurred, not by the year the alleged incident was reported.

7. The Parties agree that, for Interrogatory 23, Defendants will provide in writing the number of trips by year. Defendants will also use due diligence to determine whether number of trips are or have been kept ~~keep~~ in the ordinary ~~reasonable~~ course of business on a quarterly or monthly basis at any point during the relevant time period, and if Defendants identify such information for any period of time, Defendants will produce it to Plaintiffs.

8. The Parties agree to continue meeting and conferring regarding Interrogatory No. 28. To the extent a dispute remains, the Parties agree to file any PTO 8 letter brief by April 10, with Defendants providing their draft portion of the PTO 8 letter brief by April 8 and Plaintiffs providing their draft portion of the PTO 8 letter brief by April 9.

**Plaintiffs' Requests for Production (Set Two):**

1. Plaintiffs agree to withdraw Requests for Production Nos. 26 and 59.

2. Defendants will provide demonstrative examples, by Bates number, of documents Defendants have produced in response to Plaintiffs' Requests for Production (Set One) that Defendants believe are responsive to the following Requests for Production: Nos. 5, 10, 11, 12, 13, 21, 22, 31-41, 46-50, 56-58, 63, 64, 68-70, 73, 75-78.

   a. Defendants will provide this information on a rolling basis, to commence on April 9, 2025 and to be completed by April 23, 2025.

3. Defendants will respond to Plaintiffs' "new policy requests" (Requests for Production Nos. 3, 4, 6, 15, 16) by either: (i) identifying demonstrative Bates numbers from Defendants' production in response to Plaintiffs' Requests for Production (Set One) or (ii) producing demonstrative policies responsive to these Requests, to the extent they exist. Plaintiffs will then wrap any follow-up requests related to those policies identified or produced as set forth above in the ongoing policy request process set forth in ECF 2607.

4. Defendants agree to provide a written response to the following Requests for Production, and, if applicable, provide demonstrative examples, by Bates number, of previously-produced responsive documents: Nos. 7, 8, 9, 17-20, 23, 24, 27-30, 42-45, 51-55, 60-62, 67, 71, 72, 74, 79, 80. Defendants will provide this information on a rolling basis, to commence on April 9, 2025 and to be completed by April 23, 2025.

5. The Parties have narrowed the scope of the dispute regarding deposition transcripts (Requests for Production No. 1, 2, 25, 65, 66). The Parties will continue meeting and conferring regarding requests for deposition transcripts in these prior actions: PTO 5 cases, *McKnight*, and *Boston*

*Retirement*. To the extent a dispute remains, the Parties agree to file any PTO 8 letter brief by April 10, with Defendants providing their draft portion of the PTO 8 letter brief by April 8 and Plaintiffs providing their draft portion of the PTO 8 letter brief by April 9.

**Beth Wilkins | Partner**
**E:** Wilkins@chaffinluhana.com
**P:** (412) 643-0290

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com

ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

***A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.***

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Saturday, April 5, 2025 12:40 AM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

Beth, thank you for the edits. We are generally in agreement, with the minor edits below.

Also fixed the numbering in the ROG section.

As for the stip, we accepted your edits and noticed one typo.



With the edits below, do we have agreement and your consent to file the letter?

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com



---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Saturday, April 5, 2025 12:20 AM
**To:** Haider, Jay B. (SHB) <jhaider@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Roopal Luhana <Luhana@chaffinluhana.com>; Brian Abramson <babramson@whlaw.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

**EXTERNAL**

Jay, Michael, and all. Thank you for taking the time to put this together. We are close, but we're still missing a few of the details we discussed, particularly the timing of the depositions. Please see below. Also minor redlines in the attached stipulation.

**Beth Wilkins | Partner**
**E:** Wilkins@chaffinluhana.com
**P:** (412) 643-0290

**Serving clients nationwide with offices in CT, NY, PA, and WV.**



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Haider, Jay B. (SHB) <jhaider@shb.com>
**Sent:** Friday, April 4, 2025 11:35 PM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Layne Hilton <lhilton@meyerwilson.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

[+Beth, Michael, Jeremy]

Beth, please see attached draft joint letter to file with the Court tonight. Our agreement is memorialized below:

**GLOBAL DEAL RESOLVING CURRENT DISCOVERY DISPUTES:**

**Jay B. Haider**
*Senior Counsel*
Shook, Hardy & Bacon L.L.P.

| jhaider@shb.com



**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>

**Sent:** Friday, April 4, 2025 1:59 PM
**To:** Layne Hilton <lhilton@meyerwilson.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C (Uber's Revised Proposal)

Hi, Layne.

To memorialize our discussion, below is Defendants' revised proposal for a deal to resolve disputes regarding Requests for Production, Set Two. We look forward to speaking with you further.

Thanks.

**Uber MDL - Requests for Production, Set Two Agreement**

**in Lieu of Motion Practice**

- "Duplicative" Requests (Nos. 5, 10, 11, 12, 13, 21, 22, 31-41, 46-50, 56-58, 63, 64, 68-70, 73, 75-78)
  - <u>**Plaintiffs' Position:**</u>

    Plaintiffs request that Uber respond, in writing, that they have produced these documents already in response to the first RFPDs, and provide demonstrative examples, by bates number, of documents Uber believes were responsive to these new requests. *By providing Plaintiffs with demonstrative examples in writing, Plaintiffs will be able to assess whether a delta exists between the parties understanding of what is being called for by these new requests and what exists in the production.*

  - <u>**Uber's Position:**</u>

    Uber agrees to provide demonstrative examples, by bates number, of responsive documents.

- Driver Specific Requests (Nos. 26, 59)
  - <u>**Plaintiffs' Position:**</u>

Plaintiffs will drop these requests in the 2nd RFPDs if agreement can be reached on the rest.

- ○ **Uber's Position:**

    Agree.

- New Policy Requests (Nos. 3, 4, 6, 15, 16)
  - ○ **Plaintiffs' Position:**

    Plaintiffs cannot agree to wrap the policy requests made in the 2nd RFPDs to the already ongoing policy process that is unfolding. If Uber is able to identify in a response, by bates numbers, the demonstrative policies that have been previously produced responsive to these new requests, Plaintiffs will then agree to wrap any follow-up requests related to those policies in the ongoing policy request process stipulated in ECF 2607.

    If, however, Uber **cannot** identify demonstrative examples of these policies by bates number that have been previously produced, then Plaintiff will request that Defendants respond and produce the documents in the manner they would respond to new requests.

  - ○ **Uber's Position:**

    Uber agrees to search for demonstrative policy documents responsive to these requests. As discussed and agreed, any hyperlinked document requests from those policy documents will be subject to ECF 2607 – Order Regarding Protocols for Production of Policy Hyperlinks.

- Other Requests Not Addressed Above (Nos. 7, 8, 9, 17-20, 23, 24, 27-30, 42-45, 51-55, 60-62, 67, 71, 72, 74, 79, 80)
  - ○ **Plaintiffs' Position:**

    For these requests Plaintiffs request that Defendants provide written response. If Uber believes that they have produced all of the documents responsive to these requests (such as Women-to-Women, etc.), Uber is permitted to answer as such, in writing, with demonstrative examples, by bates number, of these previously produced documents. This will allow Plaintiffs to assess whether there is any delta between the Parties' understanding of what types of documents are being called for by these requests and what exists in the production. If Uber is unable to provide

demonstrative examples of these documents, Uber will be required to respond to these requests as they would any request.

- ○ **Uber's Position:**

  Uber agrees respond in writing and provide demonstrative examples, where applicable, by bates number, of responsive documents.

- Transcript Requests (Nos. 1, 2, 25 65, 66)
  - ○ **Plaintiffs' Position:**

    Plaintiffs will limit these requests to the litigations that were at issue in PTO 5, along with *McKnight et al. v. Uber Technologies, Inc. et al., No. 3:14-cv-05615-JST* (N.D.Cal.) and *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.)

  - ○ **Uber's Position:**

    As discussed, the Parties agree to continue this discussion.

---

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Friday, April 4, 2025 12:22 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>
**Subject:** Re: Uber MDL - Discovery Set Two M&C

**EXTERNAL**

That works for me, thanks!

Would you mind sending a calendar invite?

Layne C. Hilton, Esq. | Attorney

PHONE 866.827.6537 | DIRECT 614.255.2697

EMAIL lhilton@meyerwilson.com

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, April 4, 2025 12:18 PM
**To:** Layne Hilton <lhilton@meyerwilson.com>; Haider, Jay B. (SHB) <jhaider@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C

Sorry. I've been on client calls. How's 1 p.m. CT?

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Friday, April 4, 2025 10:00 AM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Tiffany Ellis <tellis@peifferwolf.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Haider, Jay B. (SHB) <jhaider@shb.com>
**Subject:** Re: Uber MDL - Discovery Set Two M&C

**EXTERNAL**

Hi Veronica:

I am available at 11amCT to discuss if that works for you?

Thanks,

Layne

> On Apr 4, 2025, at 1:26 AM, Gromada, Veronica G. (SHB) <vgromada@shb.com> wrote:
>
>
> Layne and Tiffany,
>
> What's your availability in the morning to discuss the RFPs? Overall, we are aligned, with two discrete discussion points to address that can land us on a deal.
>
> Thanks.
>
> **From:** Layne Hilton <lhilton@meyerwilson.com>
> **Sent:** Thursday, April 3, 2025 12:40 PM

**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Shortnacy, Michael (SHB)
<mshortnacy@shb.com>; Beth Wilkins <Wilkins@chaffinluhana.com>; Tiffany Ellis
<tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London
<slondon@girardsharp.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy
(SHB) <JWIKLER@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest
Johnson, Kimberly (SHB) <kpj@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>;
akaufman@girardsharp.com; Steven Cohn <cohn@chaffinluhana.com>
**Subject:** Re: Uber MDL - Discovery Set Two M&C

**EXTERNAL**

Hi Veronica and Michael:

Thank you for your emails of this morning. To begin, Plaintiffs do not think it is
appropriate to tether any such agreement on the RFPDs with any agreement on the
interrogatories. These are two distinct and separate forms of discovery, used for
different purposes, and the response to one set does not necessarily obviate or
eliminate the need for the other. Consequently, Plaintiffs will be making two
proposals, one on the interrogatories, and one on the RFPDs. Beth will be sending
an email to address our proposal for the interrogatories in due course.

I write to provide Plaintiffs' counter proposal for response to the RFPDs. While
Plaintiffs are cognizant of Uber's objections as articulated below, Uber's response
as to why they should not be required to respond to these requests misses the
mark and further highlights the issue between the parties, and why the requests
were made in the first instance.

For example, Uber argues that because there are 6500 slide decks with the terms
"Sexual assault" or "sexual misconduct" in them, somehow that is sufficient to
respond to Plaintiffs' requests for studies related to these issues. However, this
fails to reconcile the fact that many of these slide decks you reference make
references to "case studies" and "expert interviews" that were used in developing
Uber's global policies related to safety issues. *See*
 UBER_JCCP_MDL_000540998. What we are asking for in this request are those
underlying "case studies" and "expert interviews" that are cited in that
presentation. We do not believe those have been produced, which is why we made
a specific subsequent request re same. The same can be said for a great many
other presentations which refer amorphously to case studies and expert work for
which we do not appear to have the underlying material.

Nevertheless, in order to try and bridge the gap between what you believe is responsive based merely on keyword hits, and what we are asking for, Plaintiffs propose the below counterproposal:

1.    Transcript Requests (Nos. 1, 2, 25 65, 66)

    1.    Plaintiffs will limit these requests to the litigations that were at issue in PTO 5, along with *McKnight et al. v. Uber Technologies, Inc. et al., No. 3:14-cv-05615-JST* (N.D.Cal.) and *Boston Retirement System v. Uber Technologies, Inc.*, No. 19-cv-6361 (N.D. Cal.)

1.    So-called "Duplicative" Requests (Nos. 5, 10, 11, 12, 13, 21, 22, 31-41, 46-50, 56-58, 63, 64, 68-70, 73, 75-78)

    1.    Plaintiffs request that Uber respond, in writing, that they have produced these documents already in response to the first RFPDs, and provide demonstrative examples, by bates number, of documents Uber believes were responsive to these new requests. By providing Plaintiffs with demonstrative examples in writing, Plaintiffs will be able to assess whether a delta exists between the parties understanding of what is being called for by these new requests and what exists in the production.

1.    Driver Specific Requests (Nos. 26, 59)

    1.    Plaintiffs will drop these requests in the 2nd RFPDs if agreement can be reached on the rest.

1.    New Policy Requests (Nos. 3, 4, 6, 15, 16)

    1.    Plaintiffs cannot agree to wrap the policy requests made in the 2nd RFPDs to the already ongoing policy process that is unfolding.  If Uber is able to identify in a response, by bates numbers, the demonstrative policies that have been previously produced responsive to these new requests, Plaintiffs will then agree to wrap any follow-up requests related to those policies in the ongoing policy request process stipulated in ECF 2607.

    1.    If, however, Uber **cannot** identify demonstrative examples of these policies by bates number that have been previously produced, then Plaintiff will request that Defendants respond and produce the documents in the manner they would respond to new requests.

1.    Other Requests Not Addressed Above (Nos. 7, 8, 9, 17-20, 23, 24, 27-30, 42-45, 51-55, 60-62, 67, 71, 72, 74, 79, 80)

    1.    For these requests Plaintiffs request that Defendants

provide written response.  If Uber believes that they have produced all of the documents responsive to these requests (such as Women-to-Women, etc), Uber is permitted to answer as such, in writing, with demonstrative examples, by bates number, of these previously produced documents.  This will allow Plaintiffs to assess whether there is any delta between the Parties' understanding of what types of documents are being called for by these requests and what exists in the production.  If Uber is unable to provide demonstrative examples of these documents, Uber will be required to respond to these requests as they would any request.

Thanks,

Layne


**Layne C. Hilton, Esq. |** **Attorney**


**PHONE** 866.827.6537 **| DIRECT** 614.255.2697

**EMAIL** lhilton@meyerwilson.com

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Thursday, April 3, 2025 8:02 AM
**To:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Beth Wilkins <Wilkins@chaffinluhana.com>; Layne Hilton <lhilton@meyerwilson.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>
**Subject:** Re: Uber MDL - Discovery Set Two M&C

Counsel,

As requested, Defendants provide this overview of its preliminary objections and position as to Plaintiffs' Requests for Production (Set Two), solely for the purposes of facilitating the parties' meet and confer process, and in an attempt to informally resolve or narrow disputes that would require Court intervention, and without waiver of any objections or rights, all of which are expressly reserved.

Defendants have a number of other objections to Plaintiffs' discovery, much of which has already been previewed in our prior conferral communications. However, as time is of the essence we again request that Plaintiffs: 1) identify specific discovery requests for which they believe prior responsive, non-privileged, documents and information have not been provided; and 2) present a counterproposal to Defendants' offer of compromise.

Notwithstanding, and without waiving other objections, Defendants' state the following objections:

**Request for Production (Set Two)**

### Contrary to Rule 26(b)(1), At Least 62 of Plaintiffs' 80 Requests for Production Impermissibly Seek "All Documents"

1. **RFPs:** 27, 28, 29, 30, 31, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 60, 61, 62, 65, 66, 67, 68, 69, 70, 72, 73, 74, 76, 77, 78, 79

### Duplicative or Cumulative of Plaintiffs' Requests for Production (Set One):

1. **RFPs: 2-6, 7, 8, 10-13, 19-22, 27- 58, 62 - 65, and 76-80.**

As discussed during the 3/31 meet and confer, most of Plaintiffs' set two requests , are duplicative or cumulative of requests in set one. Thus, Defendants reiterate their request that Plaintiffs specify what Plaintiffs believe is missing from the productions. For example, we discussed RFPs 10, 11, and 12 and 27 - 30.

1. **RFP 10** – seeks, in pertinent part, "All documents" related to studies or research re: Rider perceptions of risk of sexual assault/sexual misconduct in conjunction with use of the app.

As discussed, Defendants have produced over 6500 slide decks hitting on search terms "sexual assault" and "sexual misconduct" from 2015 to 2025. Yet Plaintiffs asked Defendants to acknowledge they have produced "all research and studies" regarding Rider perceptions of sexual assault or sexual misconduct.  Again, we have confirmed that Defendants searched for and produced responsive, non-privileged research and study documents (to the extent they exist) that were either in a custodial file or were part of the collections and productions Defendants made as part of Google Drive / custodian agnostic productions in or around October 2024.

1. **RFPs 27 - 30**: Seeks documents regarding S-RAD.

Again, Defendants have produced 3,000 docs with S-RAD in the filename and nearly 8,000 documents mentioning S-RAD from May 2018 – February 2025. This is yet another example of a fulsome production of documents responsive to

Plaintiffs' new discovery requests.

1.  **RFPs 20, 21, 59:** Relate to Rider/Driver Pairing Information, including Women-to-Women pairings.

During conferrals, Defendants reminded Plaintiffs that not only had these searches and productions been made, but at Plaintiffs' insistence, Defendants conducted these searches for the United States *and* eight global markets outside of the U.S. (the OUS agreement).  In the 3/31 conferral, Plaintiffs indicated that they, to paraphrase, "expected to see more" documents concerning research and vetting of potential Women-to-Women pairings in the U.S.  As explained, there are unique legal considerations for the U.S. as opposed to OUS markets, such as Saudi Arabia.  Again, Defendants have produced responsive, non-privileged documents, as agreed by the parties. Plaintiffs' speculation that there should be more documents does not warrant additional searches, particularly at this stage of discovery.

The same arguments apply to other requests by Plaintiffs seeking "all documents", *e.g.* **RFP 31** – "All documents" regarding rollout of dash cam programs; and **RFP 46 – 48** – "All documents" regarding rollout of in-app audio recording. However, if Plaintiffs identify a specific request for which responsive documents have not been provided, Defendants will investigate.

**Contrary to / Beyond the Scope of a Court Order or Agreement of the Parties**

1.  **RFPs 3, 4, 6, 13, 14, 15, 16 (Policy Requests):**

Plaintiffs' requests are subject to ECF 2607 – Order Regarding Protocols for Production of Policy Hyperlinks and ECF 2614 – Order Regarding Protocol for Inspection of Policy Hyperlinks.

1.  **RFPs 23 and 26 (Driver Marketing and Communications):**

Analogous to the Courts' marketing order (ECF 2320), Plaintiffs' request for "any and all messages" to independent Drivers and "all" communications logs for Drivers for whom Defendants have produced Defendant Fact Sheets should be limited to Bellwether cases.

1.  **RFPs, 1, 2, 25, 65, and 66 (Production of 3rd Party Discovery)**

Plaintiffs' requests are beyond the scope of PTO 5 and the guidance provided by Judge Cisneros in her orders regarding the Peters, Stanley, and Yackulic subpoenas.  These requests are also duplicative or cumulative of other deposition / transcript requests governed by party agreements.

1.  **RFPs 26, 59 (Driver Related Requests)**

Plaintiffs' requests impermissibly expand the scope of PTO 10, but if allowed should be limited to Bellwether cases.

1. **RFP 8 (Lyft/ISSP Subpoena)**

Defendants have provided responsive, non-privileged documents and information during discovery,  per the Court's order regarding Lyft/ISSP documents.

1. **RFP 71 (ECF 2011)**

Defendants have provided documents sufficient to show the criteria provided to auditors for reviewing and categorizing reports and the process and criteria for measuring the accuracy of the audits, as agreed, as well as a certification of that.

### Other

1. **RFPs 9, 75** (Not relevant to any claims or defenses)

1. **RFPs 17, 18, 25** (Impermissibly seeks information protected by the attorney-client privilege or attorney work product doctrine)

1. **RFPs 23, 24, 67** (Harassing, overbroad, unduly burdensome)

**Interrogatories (Set Two):**

**Exceeding the Number of Permissible Requests**:

1. ROGs 1-29

Further, and without waiving any rights under Rule 33(a)(1), or any other objections, Defendants object to the following categories of Interrogatories propounded by Plaintiffs:

**Not Relevant to Any Claims or Defenses**

1. ROG 28

**Information already known or equally available to Plaintiffs**

1. ROGs 1-6, 19

**Requiring incident report data collection outside the scope of the Parties' Agreement related to incident report collection and production (ECF 2011)**

1. ROGs 7, 8, 16, 17, 20,  21, 29

**Harassing, Overly Broad, and Burdensome**

1. ROGs 9, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 23, 24, 26, 27, 28, 29

**Seeking PII of Non-Parties**

1. ROGs 13, 14, 15, 16, 17, 18, 19, 20, 21, 28, 29

**Compound**

1. ROGs 15, 24, 25

Finally, despite the foregoing and other applicable objections, Defendants remain open to resolving the parties' discovery disputes. Thus, if Plaintiffs believe that Defendants have not provided sufficient documents in response to a narrowly tailored subset of particularly important requests, we are open to meet and confer to demonstrate that Uber has produced documents responsive to those requests.

Get Outlook for iOS

**From:** Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Sent:** Thursday, April 3, 2025 12:49:53 AM
**To:** Beth Wilkins <Wilkins@chaffinluhana.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Oot, Patrick L. (SHB) <OOT@shb.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C

Beth, Tiffany and team,

Thank you for the conferral today.  We write to follow up our discussion, including Plaintiffs' written discovery, Set Two, which consists of 80 requests for production and 29 interrogatories served on February 26, 2025.  To date, Uber has made over 200 document productions, totaling over ~1.25 million documents.

As we expressed to you in prior conferrals, and to the Court in the last CMC, Defendants have serious concerns that Plaintiffs' Set Two Requests / Rogs are untimely, overly broad, cumulative, and duplicative of prior discovery. Further, the requests exceed the limits on the number of interrogatories Plaintiffs are permitted to serve under Federal Rules of Civil Procedure 33(a)(1).  Moreover, Plaintiffs did not seek leave to serve these additional requests as required by local rules.

Nevertheless, in the spirit of compromise, and in an effort to conserve judicial resources and the resources of the parties, Defendants have continued to meet and confer with Plaintiffs, most recently 3/31 through today (4/2) in an attempt to resolve several pending discovery disputes and align on a pragmatic path forward.  Specifically, as part of those efforts, today Defendants made an offer of compromise in order to resolve several related discovery disputes. Plaintiffs' asked to see Defendants' offer in writing. This offer follows. If Defendants' offer is not acceptable to Plaintiffs, Defendants invite Plaintiffs to respond with a counterproposal.

**Defendants' Proposal**

Defendants propose the following Agreement to fully and finally resolve all issues between the Parties related to the following disputes:

1. Plaintiffs' Requests for Production and Interrogatories (Set Two), including obviating the need for a Protective Order or any future Motion to Compel. Defendants will provide the information set forth below to resolve all issues in lieu of Responses and Objections to Plaintiffs' RFPs and Interrogatories.
2. Judge Cisneros's Order regarding a deposition in connection with the data exports provided to BDO.
3. The April 4 joint filing regarding Uber's categorization of incidents in its taxonomy and how that categorization is reflected in the data per ECF 2647.

Without conceding that any of the discovery set forth below is permissible under Rule 26(b)(1), 33(a)(1), or any other applicable Rule, Defendants would agree to produce the following regarding Plaintiffs' Requests for Production (Set Two), in exchange for Plaintiffs withdrawing their remaining discovery requests:

1. RFPs 3, 4, 13, 14, 15, 16 (Policy Requests): Defendants will search for and produce responsive, non-privilege, documents pursuant to ECF 2607.
    1. During the conferral today, you asked about whether Defendants would consider the following as part of the compromise.  In an effort to resolve these matters, Defendants would be willing to the extent Plaintiffs seek policies for which they do not have hyperlinks, to agree that Plaintiffs can provide reasonably specific descriptions of the anticipated policy, and the Parties will meet-and-confer in good faith if any questions arise as to the policy or Knowledge Base sought. These document productions will be part of Plaintiffs' weekly allotment of 50 policy or Knowledge Base documents pursuant to ECF 2607.
2. RFPs 23 and 26 (Driver Marketing and Communications):
    1. Analogous to the Court's marketing order (ECF 2320) regarding

production of comms logs for named Defendants, Defendants will not object to requests for production of comms logs for bellwethers as part of bellwether discovery.

<u>Interrogatories</u>

1. ROGs 1-6 (Taxonomy / Safety Report - Data and Stats).
    1. Defendants would agree to provide numbers in response to the PMK or a 30(b)(6) deposition notice as to categories of safety data identified in Rogs 1-6.
2. ROGs 19, 20, 21 (UUID Requests):
    1. Defendants would agree to forgo appellate options regarding Judge Cisneros's Order regarding removal of UUID hashing, which moots these ROGs.

<u>Depositions</u>

1. Plaintiffs agree to participate in the PMK deposition noticed for Katy McDonald on April 14 and 15, 2025, which will include the following topics, which will serves as both the deposition ordered by Judge Cisneros following the CMC, and the deposition that Judge Cisneros ordered the Parties to confer on and provide a stipulation or competing proposals regarding categorization.  For the avoidance of doubt, Ms. MacDonald would be prepared to answer questions as to responses to the numbers provided in response to the categories identified in Rogs 1-6.
    1. Defendants' extraction and production of safety data (PMK Topic 8)

<u>Other Requests (Rogs and RFPs)</u>

Defendants agree to entertain limited requests posed by Plaintiffs by April 10 for discrete sets of documents and information originally sought by Plaintiffs in these discovery requests.

<u>Next Steps</u>

As discussed, Defendants are open to a counterproposal by Plaintiffs. However, it is our understanding that despite Defendants providing examples of documents and information already produced that are responsive to specific requests, Plaintiffs seek Defendants' position on each request.  We believe, again for the sake of compromise and finality, that there may be a middle ground here – and are working to provide your side with categorical responses that will provide clarity on Defendants' position as to each of the Set Two discovery.

We look forward to discussing this further with you tomorrow.  Again, we believe the Court expects the parties to reach some common ground, and certainly

expects that we do everything we can to meet the June deadline.  We are trying to work with you pragmatically to achieve these ends, and hope that we can avoid unnecessary motion practice tying up the Court's time.  We look forward to working with you to forge a practical path forward.

Thank you,

Michael

**Michael B. Shortnacy**
*Partner*
Shook, Hardy & Bacon L.L.P.
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
T: 424-324-3494 | mshortnacy@shb.com

<image006.jpg>

---

**From:** Beth Wilkins <Wilkins@chaffinluhana.com>
**Sent:** Wednesday, April 2, 2025 1:06 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Layne Hilton <lhilton@meyerwilson.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C

**EXTERNAL**

Here is a link to the call that was set up for the safety data discussion. We assumed you would not want to combine these because you were clear on Monday that your team wanted to address these matters separately. Regardless,  if you all want to get started now rather than at 3:30, we can do that.

Topic: Uber- Call re: safety data
Time: Apr 2, 2025 03:30 PM Central Time (US and Canada)
Join Zoom Meeting
https://us06web.zoom.us/j/88006894765?pwd=xtDm8p4q4a4betjEg0Tuz5rmz5dm2Z.1

Meeting ID: 880 0689 4765
Passcode: 157603

---

One tap mobile
+13126266799,,88006894765#,,,,*157603# US (Chicago)
+13092053325,,88006894765#,,,,*157603# US

---

Dial by your location
• +1 312 626 6799 US (Chicago)
• +1 309 205 3325 US
• +1 646 931 3860 US
• +1 301 715 8592 US (Washington DC)
• +1 305 224 1968 US
• +1 646 558 8656 US (New York)
• +1 346 248 7799 US (Houston)
• +1 360 209 5623 US
• +1 386 347 5053 US
• +1 507 473 4847 US
• +1 564 217 2000 US
• +1 669 444 9171 US
• +1 689 278 1000 US
• +1 719 359 4580 US
• +1 720 707 2699 US (Denver)
• +1 253 205 0468 US
• +1 253 215 8782 US (Tacoma)

Meeting ID: 880 0689 4765
Passcode: 157603

Find your local number: https://us06web.zoom.us/u/kJmOn8eKZ

**Beth Wilkins | Partner**
**E:** Wilkins@chaffinluhana.com
**P:** (412) 643-0290

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
<image007.jpg>

ChaffinLuhana.com                          <image008.png>
ChaffinLuhanaFoundation.org

                                           <image010.png>

<image011.png>

<image012.png>

**Mailing Address:**

Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Wednesday, April 2, 2025 3:02 PM
**To:** Layne Hilton <lhilton@meyerwilson.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Beth Wilkins <Wilkins@chaffinluhana.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>
**Subject:** RE: Uber MDL - Discovery Set Two M&C

All,

Excuse the delayed response.  Please note since there is another meet and confer with some of the same individuals at 1:30 p.m. PT/3:30 p.m. CT, we will be joining that call.

Thanks.

**From:** Layne Hilton <lhilton@meyerwilson.com>
**Sent:** Wednesday, April 2, 2025 12:12 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Beth Wilkins <Wilkins@chaffinluhana.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>
**Subject:** Re: Uber MDL - Discovery Set Two M&C

**EXTERNAL**

Hi Veronica:

We are available at 3pmCT for an additional meet and confer.

As far as compromise positions go, Plaintiffs will need to see Uber's position in order to assess where we have agreement or disagreement.

Would you mind circulating a calendar invite?

Thanks,

Layne


**Layne C. Hilton, Esq. |** **Attorney**


**PHONE** 866.827.6537 **| DIRECT** 614.255.2697

**EMAIL** lhilton@meyerwilson.com

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Wednesday, April 2, 2025 11:44 AM
**To:** Layne Hilton <lhilton@meyerwilson.com>; Tiffany Ellis <tellis@peifferwolf.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Sarah London <slondon@girardsharp.com>; Beth Wilkins <Wilkins@chaffinluhana.com>; Haider, Jay B. (SHB) <jhaider@shb.com>; Wikler, Jeremy (SHB) <JWIKLER@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Schoultz, Shannon M. (SHB) <sschoultz@shb.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>
**Subject:** Uber MDL - Discovery Set Two M&C

Layne and Tiffany,

I am starting a new email thread.  There was an issue with the last thread that kept shutting down Outlook when I tried to respond.

Are Plaintiffs available at 3 p.m. CT or later?  In the meantime, we will be sending a follow up conferral email that includes an offer of compromise.  As requested, will Plaintiffs to do the same?  And as also discussed, for discovery requests that are

duplicative or cumulative, can Plaintiffs identify specific discovery requests for which they believe Defendants have not produced responsive documents?

Thanks.


**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com

<image013.jpg>

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.