# EXHIBIT F

| | |
|---|---|
| 1 | MICHAEL B. SHORTNACY (SBN: 277035) |
| | mshortnacy@shb.com |
| 2 | **SHOOK, HARDY & BACON L.L.P.** |
| | 2121 Avenue of the Stars, Ste. 1600 |
| 3 | Los Angeles, CA 90067 |
| | Telephone: (424) 285-8330 |
| 4 | Facsimile: (424) 204-9093 |
| 5 | PATRICK OOT (Admitted *Pro Hac Vice*) |
| | oot@shb.com |
| 6 | **SHOOK, HARDY & BACON L.L.P.** |
| | 1800 K St. NW Ste. 1000 |
| 7 | Washington, DC 20006 |
| | Telephone: (202) 783-8400 |
| 8 | Facsimile: (202) 783-4211 |
| 9 | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC.; |
| 10 | RASIER, LLC; and RASIER-CA, LLC |
| 11 | *[Additional Counsel Listed on Signature Page]* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:       Hon. Lisa J. Cisneros |
| | Courtroom:   G – 15th Floor |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

2. Responding Party objects to the definitions of "Uber," "You," "Your," and "Yourself" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants.

## OBJECTIONS AND RESPONSES TO SECOND SET OF INTERROGATORIES

**INTERROGATORY NO. 1:**

For each month in the year 2017, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 1:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information

Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 2:**

For each month in the year 2018, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 2:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 3:**

For each month in the year 2019, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

6

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

**RESPONSE NO. 3:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 4:**

For each month in the year 2020, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 4:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates,

7

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

1  predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 5:**

For each month in the year 2021, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 5:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental

8

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED
RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES

Case No. 3:23-MD-3084-CRB,

Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 6:**

For each month in the year 2022, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

**RESPONSE NO. 6:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing in that it seeks to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Responding Party is responding only on behalf of the named defendants. Subject to and without waiving the foregoing objections, Responding Party responds that it served Plaintiffs with information responsive to this Interrogatory on April 17 and April 23, 2025 in two documents titled "Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025" and "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2025."

**INTERROGATORY NO. 7:**

For each month in the year 2023, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 7:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing insofar as it purports to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Party is responding only on behalf of the named defendants.

Subject to and without waiving the foregoing objections, Defendants state ███████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
███████████████████████████████

**INTERROGATORY NO. 8:**

For each month in the year 2024, specify by category, the number of Sexual Violence Incidents in the United States that YOU categorized into each of the 21 categories in Uber's Sexual Misconduct and Sexual Violence Taxonomy or categorized as "Insufficient Information" or "Parent Category Usage Tracking."

10

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED
RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
                                                                    Case No. 3:23-MD-3084-CRB,

HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY

**RESPONSE NO. 8:**

Responding Party objects to this Interrogatory as unduly burdensome and harassing insofar as it purports to compel the creation of new analyses and documents that do not exist. Responding Party further objects to the definition of the term "Sexual Violence Incident" as argumentative and confusing. Responding Party also objects to the definition of the term "YOU" as vague, ambiguous, overbroad, unduly burdensome, and seeking information that is not relevant to the claims and defenses in this Action to the extent they refer to "parents, divisions, departments, subsidiaries, affiliates, predecessors, successors, present or former officers, directors, owners, members, partners, principals, agents, employees, contractors, subcontractors, administrators, attorneys, experts, investigators, consultants, joint venturers, licensors, and all other Persons acting or purporting to act on its behalf." Party is responding only on behalf of the named defendants.

Subject to and without waiving the foregoing objections, Defendants state [REDACTED]

**INTERROGATORY NO. 9:**

Identify the "200 gender-based violence prevention experts" referenced in the introduction (page 9) of Uber's 2017-2018 U.S. Safety Report.

**RESPONSE NO. 9:**

Responding Party objects to the definition of the term "Uber" as vague, ambiguous, overbroad,

11

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SECOND AMENDED
RESPONSES TO PLAINTIFFS' SECOND SET OF INTERROGATORIES
Case No. 3:23-MD-3084-CRB,