William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com

*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS LEVIN SIMES CASES FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS** |
| Jane Doe LS 90 v. Uber Technologies, Inc., et al., No. 3:23-cv- 03956-CRB | |
| Jane Doe LS 250 v. Uber Technologies, Inc., et al., No. 3:23-cv- 03995-CRB | Judge: Honorable Charles R. Breyer
Date: July 11, 2025
Time: 10:00 a.m.
Courtroom: 6 – 17th Floor |
| Jane Doe LS 383 v. Uber Technologies, Inc., et al., No. 3:23-cv- 05197-CRB | |
| Jane Doe LS 107 v. Uber Technologies, Inc., et al., No. 3:23-cv- 05232-CRB | |
| Jane Doe LS 353 v. Uber Technologies, Inc., et al., No. 3:23-cv- 05401-CRB | |
| Jane Doe LS 285 v. Uber Technologies, Inc., et al., No. 3:23-cv- 05919-CRB | |
| Jane Doe LS 330 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05160-CRB | |
| Jane Doe LS 419 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05263-CRB | |

| | |
|---|---|
| 1 | Jane Doe LS 412 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05317-CRB |
| 2 | Jane Doe LS 492 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05324-CRB |
| 3 | |
| 4 | Jane Doe LS 338 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05326-CRB |
| 5 | Jane Doe LS 252 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05334-CRB |
| 6 | |
| 7 | Jane Doe LS 225 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05336-CRB |
| 8 | Jane Doe LS 131 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05337-CRB |
| 9 | |
| 10 | Jane Doe LS 128 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05377-CRB |
| 11 | Jane Doe LS 281 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05430-CRB |
| 12 | |
| 13 | Jane Doe LS 507 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05509-CRB |
| 14 | Jane Doe LS 500 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05513-CRB |
| 15 | |
| 16 | Jane Doe LS 101 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05521-CRB |
| 17 | Jane Doe LS 506 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05531-CRB |
| 18 | |
| 19 | Jane Doe LS 473 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05544-CRB |
| 20 | Jane Doe LS 47 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05571-CRB |
| 21 | |
| 22 | Jane Doe LS 482 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05593-CRB |
| 23 | Jane Doe LS 476 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05646-CRB |
| 24 | |
| 25 | Jane Doe LS 467 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05652-CRB |
| 26 | Jane Doe LS 509 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05662-CRB |
| 27 | |
| 28 | Jane Doe LS 449 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05689-CRB |

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

| | |
|---|---|
| 1 | Jane Doe LS 435 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05755-CRB |
| 2 | Jane Doe LS 452 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05756-CRB |
| 4 | Jane Doe LS 422 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05758-CRB |
| 5 | Jane Doe LS 519 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05759-CRB |
| 7 | Jane Doe LS 429 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05797-CRB |
| 8 | Jane Doe LS 434 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05814-CRB |
| 10 | Jane Doe LS 417 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05821-CRB |
| 11 | Jane Doe LS 469 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05874-CRB |
| 13 | Jane Doe LS 289 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05883-CRB |
| 14 | Jane Doe LS 366 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05886-CRB |
| 16 | Jane Doe LS 355 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05887-CRB |
| 17 | Jane Doe LS 300 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05900-CRB |
| 19 | Jane Doe LS 267 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05901-CRB |
| 20 | Jane Doe LS 173 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05907-CRB |
| 22 | Jane Doe LS 169 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05918-CRB |
| 23 | Jane Doe LS 324 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05920-CRB |
| 25 | Jane Doe LS 124 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05930-CRB |
| 26 | Jane Doe LS 132 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05934-CRB |
| 28 | Jane Doe LS 45 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05935-CRB |

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1  Jane Doe LS 243 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05939-CRB

2  Jane Doe LS 192 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05975-CRB

3

4  Jane Doe LS 5 v. Uber Technologies, Inc., et al., No. 3:24-cv-05976-CRB

5  Jane Doe LS 288 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05987-CRB

6

7  Jane Doe LS 160 v. Uber Technologies, Inc., et al., No. 3:24-cv- 05996-CRB

8  Jane Doe LS 327 v. Uber Technologies, Inc., et al., No. 3:24-cv- 06032-CRB

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

# TABLE OF CONTENTS

I.   INTRODUCTION ........................................................................................................... 1

II.  PROCEDURAL HISTORY .......................................................................................... 3

III. ARGUMENT .................................................................................................................. 4

   A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with PREJUDICE. ........................................................... 5

   B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice ............................................................................ 6

   C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice. ........................................ 7

   D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice. ......................................................................... 7

IV.  CONCLUSION .............................................................................................................. 9

IV.

i

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

## I. INTRODUCTION

Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. The clients are not unwilling, our firm has been unsuccessful in obtaining current contact information in order to reach them to obtain the information and authorizations required by the Plaintiff Fact Sheet. Since these cases were filed years ago and have been continuously stayed, it has been difficult to reach clients with the contact information that was originally provided to our firm. Nevertheless, our firm is, and has been, employing all of the resources available to us outside of the original contact information in an effort to obtain the necessary information. These efforts have been successful as there has been over a seventy reduction in the number of cases subject to this motion. Unfortunately, we have not been able to reach everyone yet, but we continue to reduce the scope of the problem. For these reasons, and for the reasons set forth below, Uber's motion to dismiss should be denied in favor of the less drastic procedure outlined by the Court in it March 26, 2025 order. (Doc. 2628.)

First, Uber's motion fails to consider the progress that has been made on this issue. Since this issue was raised in late December 2024, Levin Simes has been able to cure over seventy percent of the fact sheet deficiencies, and we expect we will continue to cure them. (Levin Dec., at ¶ 3.) In the vast majority of cases, these Plaintiffs were assaulted, retained our firm, and filed their case several years ago. We have been engaged to represent these women, were provided with basic information about their cases and initial contact information but have been unable to reach the clients, despite our best efforts. These efforts include numerous phone calls, emails, texts, written letters, and address searches. (Levin Dec., at ¶ 4.) We also employed investigators to trace new contact information for these individuals. (Levin Dec., at ¶ 4.) Simply put, while we have made every effort to reach these Plaintiffs to complete a Plaintiff Fact Sheet, we have not received any indication that these clients are actually aware that they have failed to comply with the Court's orders. What we do know is that our process of reestablishing contact with clients has been effective, and it is clear that these Plaintiffs are resurfacing over time and through the different contact methods we are using.

Second, Uber's motion unreasonably prejudices the Plaintiffs who were subject to the August 26, 2024 filing cut-off. The circumstances regarding these Plaintiffs involvement in the JCCP and subsequent entry into the MDL, created particular issues for this subset of Plaintiffs and counsel. These cases were originally filed in the JCCP several years ago and subject to a stay in the JCCP. Uber brought its *forum non conveniens* motion, which was granted. The cases were then subject further stay and not required to provide Plaintiff Fact Sheet in the JCCP while the *forum non convienens* order was appealed to the Ninth Circuit. During this stay, the JCCP bellwethers were selected, and all other case specific discovery was stayed. Then, the Ninth Circuit affirmed the *forum non conveniens* order. After which, this Court implemented a filing cut-off of August 26, 2024 for all cases subject to the JCCP *forum non conveniens* order, despite the fact that the vast majority of these cases would not be time-barred under California law.

In order to comply with the Court's cut-off, Levin Simes filed over 237 cases in a short period of time in order to preserve each client's ability to join the MDL. Because of the short turnaround for filing, this was done without being able to contact each affected client to discuss how being a participant MDL differs from the JCCP, including completion of the Plaintiff Fact Sheet. As a result, cases that would not have ordinarily been filed without consistent communication with the clients were filed into the MDL. Notably, the Court, as recently as February 28, 2025, has not set a similar cut-off date for other unfiled cases that are not time-barred. Consequently, these legitimate claims are at risk of dismissal with prejudice on the sole basis of their counsel's inability to reach them. This is unreasonable given length of time since the filing of their claim, the multiple stays in place, and the filing deadline that only these Plaintiffs were subject to.

Third, Uber's motion ignores the current procedural posture and direction of the litigation. Uber also fails to specifically address how the failure of these Plaintiffs to submit a Plaintiff Fact Sheet at this point in the litigation actually causes harm. Currently, the bellwethers have already been selected, and none of the Levin Simes cases have been selected as a bellwether. The current case management deadlines will be focused on the bellwether cases and the corporate discovery.

Furthermore, for each of these Plaintiffs, Uber is not operating in the dark. Indeed, Uber and Plaintiffs' counsel are on a level playing field. Levin Simes has already disclosed the following

2

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

information pertinent to the case, where possible, to Uber prior to the filing of Uber's motion: city of incident, date of incident, pick up location and drop off location, account identifying information, whether the client reported the assault to Uber, the date the client reported the assault to Uber, whether the client reported the assault to the police, the date the client reported the assault to the police, whether the client sought medical treatment after the assault, and whether the client sought therapy. This information helps to mitigate any prejudice Uber faces.

Therefore, Plaintiffs respectfully request that the Court deny Uber's motion and that the Court implement less drastic remedies that are available. These remedies include additional time for our firm to obtain current contact information for each Plaintiff and to complete the fact sheet, dismissal without prejudice, and/or remand or severance of these claims from the MDL. These remedies balance the needs of the litigation and the rights of these Plaintiffs more appropriately.

## II.    PROCEDURAL HISTORY

These Plaintiffs originally filed their cases California State Court in the JCCP on a timely basis. Thereafter, Uber brought a successful *forum non convienens* motion on the basis suitable and superior alternative forum existed in either federal court or the state where the incident occurred. After the Court of Appeals affirmed the FNC order, this Court set the August 26, 2024 filing cut-off date for MDL participation by Plaintiffs who originally filed in the JCCP. In order to comply with this Court's order and cutoff date, it was necessary to expedite the filing of a large number cases in a short period of time. No claimants other than those who appealed the FNC motion were required to bring their case by this deadline.  In other words, but/for the cut-off date, these cases would have only been filed into the MDL after we were able to communicate with the Plaintiffs. Now, Uber is threatening a dismissal with prejudice for these same Plaintiffs who could have filed in either federal court or state court after August 26, 2024.

On December 17, 2024, Uber sent Levin Simes a letter which included the names of over ninety-five Plaintiffs that had not yet provided a Plaintiff Fact Sheet that were subject to the originally December 16, 2024 deadline. Given the large volume of clients with Plaintiff Fact Sheets due, we tried to work with Uber to create a schedule for getting the Plaintiff Fact Sheets to them. Indeed, upon agreeing to the deadlines, we specifically stated that we can meet and confer about a

3

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

subset of the clients who will need more time to complete their fact sheet. Additionally, the parties agreed in the stipulation "the parties have agreed that these deadlines may be subject to revision based on further discussion and agreement amongst the parties (or, in the absence of agreement, via application to the Court) about why changed circumstances (e.g., a significant additional volume of filings of cases by other law firms) may warrant further adjustment to the deadlines." (Doc. 1819.)

At the filing of this brief, only 41[1] Plaintiffs remain subject to this motion, which is less than three percent of the total cases in the MDL. The over seventty percent decrease in the number of Plaintiffs subject to this motion is significant and demonstrates that the methods to re-establish contact with each of these Plaintiffs are working. In our experience, it is likely that we will be able to reach many of these clients. That said, since their cases are stayed, bellwethers have been selected, and Uber has been provided with additional information regarding these Plaintiffs 'cases, Uber's proposed process unreasonably punitive and should be denied by the Court in favor of less drastic remedies.

### III.  ARGUMENT

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir., 1996). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967). Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*,

---

[1] Uber identifies 52 Plaintiffs, however in the time between Uber's filing of its moving papers and the filing of this brief, Levin Simes produced three additional fact sheets. (Levin Dec., at ¶ 5.) Further, three of the Plaintiffs subject to Uber's motion are currently incarcerated, and one Plaintiff is deceased. (Levin Dec., at ¶ 6.) It is our position that these cases pose issues that require a separate meet and confer process.

4

786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal because of the posture of the litigation, the nature of the cases, and the unique positioning of these Plaintiffs.

A.  **The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.**

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id.* at 1453.

Here, since December 17, 2024, Levin Simes has already decreased the number of Plaintiffs subject to this motion by over seventy percent. These forty-one remaining Plaintiffs delayed submission of their Plaintiff Fact Sheet does not unreasonably impede the resolution of the litigation. These Plaintiffs constitute less than 3 percent of the total MDL. And bellwethers have already been selected. The production of these Plaintiff Fact Sheets will not have a substantial impact the timeline of the bellwether cases set for trial. Those trial deadlines will be driven by case specific discovery in the bellwether cases as well as the overall corporate discovery.

5

CASE NO. 3:23-MD-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

Also, the unique posture of these Plaintiffs also highlights that a dismissal with prejudice of these their cases would be unreasonable at this juncture. Unlike the other unfiled cases that could be filed into the MDL, these cases were subject to a filing deadline which subsequently triggered all deadlines relating to the Plaintiff Fact Sheets. In effect, these legitimate claims, which often involve young women who are mobile, and whose claims have been repeatedly stayed for several years, are now at risk for dismissal with prejudice on the sole basis of counsel's current inability to reach them. While Uber is entitled to Plaintiff Fact Sheets from these clients, noncompliance at this point does not cause an unreasonable delay in the resolution of the MDL overall. *See contra In re Eisen*, 31 F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in four years...the four-year delay in this case is clearly unreasonable.) Therefore, the first two factors weigh against dismissal.

## B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case.*" Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).

These Plaintiffs' actions do not impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials. Uber's reliance on *In re Phenylpropanolamine (PPA) Product Liability Litigation* (hereinafter "PPA") is misplaced because the underlying facts of the claims and discovery process are inconsistent with this case. 460 F. 3d 1217, 1223 (9th Cir., 2006). In *PPA*, the discovery timeline was triggered by the submission of the Plaintiff Fact Sheet: Defendants could not take case-specific fact depositions sooner than 120 days after the Plaintiff Fact Sheet was submitted, and the one-year discovery period for completion of discovery would also not start until a Plaintiff Fact Sheet was submitted. *Id*. at 1224. By contrast, here, the case specific discovery process is rooted in the bellwether cases rather than each individual claim. The bellwethers have already been selected and the cases remaining in the litigation are now stayed. Other than the fact sheet, Uber is barred from seeking any additional discovery in these cases. Any concern regarding prejudice to Uber relating to the

6

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

bellwether selection deadline is now moot because the deadline has already passed. If there *were* any harm, the remedy Uber seeks would not cure it.

While Uber may argue that without these fact sheets, it is unable to assess the entire litigation, Plaintiffs have also mitigated this risk. Our firm provided pertinent case information for each Plaintiff at the end of 2024, prior to Uber's filing of its motion, while we continue to reach clients and provide Plaintiff Fact Sheets as soon as we are able. As such, these cases pose no greater risk to Uber than any unfiled case. Indeed, the prejudice to these sexual assault survivors, who were the only ones subject to a filing cut-off, is far greater. Therefore, the third factors weighs against dismissal.

### C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice.

At a general level, the "public policy favoring disposition of cases on their merits"—the fourth Malone factor—always weighs against a default judgment, and often "strongly" so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As such, this factor weighs against dismissal.

### D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice.

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131. "Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and

7

Case No. 3:23-md-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

processes in other multi-district litigations weigh against a dismissal with prejudice. "Before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

This particular issue can be resolved by less drastic measures. Plaintiff's proposed measures, discussed above, take a more holistic approach to the needs of litigation and the rights of each Plaintiff to have to their day in court. Notably, Uber brought a similar request in the JCCP before Judge Schulman. Judge Schulman denied the request because the cases were stayed, and bellwethers were already selected. (Levin Dec., at ¶7.) Less drastic measures are available to the Court, which the Court has already employed with respect to different subset of Levin Simes cases. On March 26, 2025, the Court outlined a process regarding similarly situated cases. (Doc. 2628.) That process is as follows:

1. Each Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet within 14 days of this Order.
2. Uber shall submit a declaration within 21 days of this Order, identifying which, if any, Plaintiffs have not complied with the Court's Order as of that date.
3. If Levin Simes LLP ("Levin Simes") disagrees with the inclusion of any Plaintiff(s) identified in Uber's declaration, Levin Simes shall submit a declaration 28 days of this Order, identifying the date when such Plaintiff(s) submitted a complete and verified Plaintiff Fact Sheet.
4. The Court will dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1 of this Order.

(*Id.*)

By contrast, Uber's proposed dismissal process is particularly punitive in light of the nature of Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct by an Uber driver, and this Court's prior order.  There are many reasons why these victims of sexual assault could be unresponsive after having their case stayed for many years. These cases often involve young women who are mobile -- changes in address name, phone number, etc. are all real human reasons why their initial contact information is no longer valid. But, our methods of locating these Plaintiffs are working. This is evident from the seventy percent reduction in Plaintiffs that are subject to the motion, which Uber wholly ignores.

Although, MDL Courts have ordered the dismissal of cases for failure to comply with a Plaintiff Fact Sheet, the underlying facts and orders are distinguishable, and the process is less aggressive than what Uber proposes here. For example, in *In re Gen. Motors LLC Ignition Switch Litig.*, Pretrial Order No. 25, which governed the bellwether and fact sheet process, set forth a clear process for non-compliance that put all Parties on notice regarding the effect of non-compliance, and included a longer process before dismissal. *See In Re: General Motors LLC Ignition Switch Litigation*, 14 MD-2543, Pretrial Order No. 25.

Similarly, Pretrial Order No. 6 in *In Re: Bextra and Celebex Marketing Sales Practices and Product Liability Litigation*, MDL No. 1699, which governed the Plaintiff Fact Sheet Protocol, also contained a clear process regarding fact sheet compliance, this included a clause that stated "notice that claims may be dismissed." *See In re Bextra and Celbex*, MDL No. 1699, PTO No. 6, at ¶ 7. It further had a 30-day notice period that was followed by a 21-day noticed compliance motion, and a 21-day dismissal motion, after which the Court could dismiss claims *with or without* prejudice. *Id*.

Additionally, Case Management Order No. 8 in *In re: Juul Labs Inc.*, MDL No. 2913, which governed fact sheet implementation also had a specific non-compliance process contained in the order. That processes included a 30-day notice period, followed by a 14-day noticed motion for dismissal without prejudice. The Defendant could only move the court for a dismissal with prejudice 30 days after the court's entry of order of the dismissal without prejudice. *Id*.

Here, despite the fact that the Court has already made an order related to similarly situated cases, Uber seeks to unilaterally enforce one by crafting the non-compliance process which only allows a 14-day window before a Plaintiff is complete barred from recovery in their sexual assault claim. This proposed solution does not comport with the needs of the litigation, the actual effect of the delayed Plaintiff Fact Sheets, or the rights of the Plaintiffs. Therefore, the final factor weighs against dismissal.

### IV. <u>CONCLUSION</u>

The Court should deny Uber's motion because less drastic measures are available to the Court and should be implemented rather than a dismissal with prejudice. Plaintiffs respectfully request that the Court order the same timeline and process regarding dismissal without prejudice

9

CASE NO. 3:23-MD-03084-CRB      LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS

as detailed in the Court's March 26, 2025 Order.

DATED: May 30, 2025                    Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for Plaintiff*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

10
CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO COMPLY WITH DISCOVERY ORDERS