William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>*Jane Doe LS 293 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04364-CRB<br><br>*Jane Doe LS 231 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04367-CRB<br><br>*Jane Doe LS 144 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04388-CRB<br><br>*Jane Doe LS 112 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05286-CRB<br><br>*Jane Doe LS 284 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05363-CRB<br><br>*Jane Doe LS 126 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05370-CRB<br><br>*Jane Doe LS 265 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05377-CRB<br><br>*Jane Doe LS 200 v. Uber Technologies, Inc., et* | Case No. 3:23-md-03084-CRB<br><br>**LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO ENFORCE THE MARCH 26, 2025 ORDER (ECF. No. 2628.)**<br><br>Judge: Honorable Charles R. Breyer<br>Date: July 11, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

*al.,* Case No. 3:23-cv-05387-CRB
*Jane Doe LS 66 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05414-CRB

*Jane Doe LS 317 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05424-CRB

*Jane Doe LS 234 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05433-CRB

*Jane Doe LS 191 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05573-CRB

*Jane Doe LS 273 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05946-CRB

*Jane Doe LS 470 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05207-CRB

*Jane Doe LS 232 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05327-CRB

*Jane Doe LS 373 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05328-CRB

*Jane Doe LS 462 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05329-CRB

*Jane Doe LS 226 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05330-CRB

*Jane Doe LS 166 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05331-CRB

*Jane Doe LS 122 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05332-CRB

*Jane Doe LS 202 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05333-CRB

*Jane Doe LS 416 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05335-CRB

*Jane Doe LS 305 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05338-CRB

*Jane Doe LS 201 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05354-CRB

*Jane Doe LS 189 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05379-CRB

*Jane Doe LS 272 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05390-CRB

*Jane Doe LS 199 v. Uber Technologies, Inc., et*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

*al.,* Case No. 3:24-cv-05402-CRB

*Jane Doe LS 279 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05420-CRB

*Jane Doe LS 139 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05527-CRB

*Jane Doe LS 487 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05611-CRB

*Jane Doe LS 141 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05634-CRB

*Jane Doe LS 423 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05676-CRB

*Jane Doe LS 491 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05678-CRB

*Jane Doe LS 441 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05751-CRB

*Jane Doe LS 518 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05761-CRB

*Jane Doe LS 319 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05800-CRB

*Jane Doe LS 484 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05824-CRB

*John Doe LS 4 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05861-CRB

*Jane Doe LS 368 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05898-CRB

*Jane Doe LS 274 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05902-CRB

*Jane Doe LS 359 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05908-CRB

*Jane Doe LS 342 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05913-CRB

*Jane Doe LS 304 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05914-CRB

*Jane Doe LS 369 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05915-CRB

*Jane Doe LS 269 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05922-CRB

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

*Jane Doe LS 93 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05925-CRB

*Jane Doe LS 7 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05926-CRB

*Jane Doe LS 504 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05928-CRB

*Jane Doe LS 180 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05936-CRB

*Jane Doe LS 119 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05937-CRB

*Jane Doe LS 197 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06003-CRB

*Jane Doe LS 314 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06016-CRB

*Jane Doe LS 188 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06022-CRB

*Jane Doe LS 230 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06026-CRB

*Jane Doe LS 209 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06033-CRB

*Jane Doe LS 532 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06927-CRB

*Jane Doe LS 534 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-07142-CRB

## I. INTRODUCTION

On March 26, 2025, the Court outlined a process regarding a dismissal without prejudice of Plaintiffs who did not file a Plaintiff Fact Sheet. (Doc. 2628.) In the briefing on this issue, Levin Simes informed the Court and Uber that there are certain clients who are incarcerated or deceased. As such, Levin Simes took the position that these clients should be discussed separately given the circumstances surrounding the lack of Plaintiff Fact Sheet. Uber now seeks to dismiss those Plaintiffs without prejudice. Uber's motion to enforce the Court's March 26, 2025 order with respect to the Plaintiffs that are either incarcerated or deceased should be denied allowing time to locate next of kin and speak with them about the case, and to work with incarcerated individuals who do not have regular access to normal methods of communication or their own records.

## II. ARGUMENT

Rule 37 sanctions are appropriate only in "extreme circumstances" and where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Constr. Co., Inc.,* 857 F.2d 600, 603 (9th Cir.1988) (citations omitted). Disobedient conduct not shown to be outside the litigant's control meets this standard. *Fair Housing of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002) (citing *Hyde & Drath v. Baker,* 24 F.3d 1162, 1167 (9th Cir.1994)).

The Court should deny Uber's motion with respect to Plaintiff's deceased and incarcerated clients. With respect to Plaintiff's deceased clients, Plaintiff cannot simply stipulate or agree that those cases should be dismissed without prejudice because we have not yet determined who, if any, is the successor to the deceased Plaintiffs. Certainly, the deceased individuals are not violating the Court's discovery order, nor is it acting in bad faith. Our suggestion is that the parties meet and confer regarding the best way to move forward with these cases, given the sensitivity of both the underlying lawsuit itself and navigating the sensitivities of these Plaintiffs' next of kin.

With respect to those Plaintiffs who are currently incarcerated, they still have a right to be afforded meaningful access prosecute their claim in civil court.[1] The Plaintiff Fact Sheets require

---

[1] Cal. Judges Benchbook: Civil Proceedings Before Trial, § 10.109 Incarcerated Litigant (2025).

1

CASE NO. 3:23-MD-03084-CRB        LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION
                                  TO ENFORCE THE COURT'S MARCH 26, 2025 ORDER

1  substantial back and forth between clients, a search for records, signatures for authorizations, etc.
2  Simply because the Plaintiffs are incarcerated does not mean that there is a willful violation of the
3  Court's order as Uber's motion suggests. This process takes longer than other Plaintiffs who are
4  not limited in the same way. Given that the incarcerated Plaintiffs' cases are currently stayed, and
5  that they represent an infinitesimal portion of the overall MDL, it is not prejudicial to allow the
6  Parties time attempt to come to a solution on the issue of these fact sheets in order to preserve the
7  rights of these litigants.

### III.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Uber's Motion to Enforce the Court's March 26, 2025, order with respect to incarcerated or deceased clients.

DATED:  May 30, 2025                               Respectfully Submitted,

**LEVIN SIMES LLP**

 */s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for Levin Simes Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on April 23, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

 */s/ William A. Levin*
William A. Levin

2