IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Disputed Entries for Master Review on May 21, 2025.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

4. The List of Disputed Entries for Master Review Plaintiffs provided on May 21, 2025, contained an entry still in dispute from Defendants' May 7, 2025 claw back notices.

**Claw Back Notices**

5. Defendants sent Plaintiffs two claw back notices on May 7, 2025. The notices included many overlapping documents, but they were not entirely duplicative. Together, they identified twenty-nine (29) individual documents.

6. Ten of the documents appeared on Defendants' May 2, 2025 privilege log. On May 9, 2025, Plaintiffs challenged Defendants' assertion of privilege to two of these ten documents. Additionally, Plaintiffs raised issue to Defendants' claw back of the two documents via e-mail sent on May 12, 2025.

7. Defendants did not provide privilege log entries for two documents included on the claw back notices until May 19, 2025. Plaintiffs included the dispute regarding one of these documents with other disputes stemming from Defendants' May 16, 2025 claw back notice.

8. Three documents were logged on Defendants' "Tranche" privilege logs.

9. UBER_JCCP_MDL_001719965 (logged as JCCP_MDL_PRIVLOG001121) was a Tranche 1 log entry included on a privilege log Defendants produced on September 14, 2024

- 2 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW

and Uber fully withdrew its privilege claim as part of its Court-mandated re-review.

10. UBER_JCCP_MDL_003340172 logged as JCCP_MDL_PRIVLOG023201 is a Tranche 1 log entry included on a privilege log Defendants produced on September 25, 2024 and Uber fully withdrew its privilege claim in its Court-mandated re-review.

11. UBER_JCCP_MDL_003340806 logged as JCCP_MDL_PRIVLOG054410 is a Tranche 3 log entry included on a privilege log Defendants produced on December 3, 2024, which plaintiffs challenged at the time. Defendants withdrew their privilege claim in part and produced the document with redactions during the mandated re-review process. Plaintiffs then removed their challenges based on redactions Uber provided during the mandated re-review process.

12. Judge Cisneros addressed the issue of Defendants attempting to claw back documents that appeared on "Tranche" privilege logs during the April 24, 2025 discovery hearing. "So, essentially if I allow Uber to serve clawback notices as to documents that were de-designated during that process after they had been posted on a privilege log that was then re-reviewed, then we are seriously turning this into a merry-go-round process. And so, I consider those de-designation decisions to be waiver of -- of the privilege assertion." *See* 4/24/25 H'rg Tr at 9:13–19 attached hereto as Exhibit 1. Judge Cisneros further stated, "[b]ut at least for the time period in which privilege assertions were withdrawn, documents were de-designated and taken off the privilege log while I was handling the privilege log process and ordering rereviews on multiple occasions, then those privilege assertions are waived and they should not be part of clawback." *Id.* 10:4–9.

13. Judge Cisneros, during the May 22, 2025 Discovery Status Conference, held "Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes, prior to appointment of the Special Master." *See* ECF No. 3059.

14. On May 16, 2025, Plaintiffs provided their challenges to Defendants' May 7, 2025 claw back notices.

- 3 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF
PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW

15. The parties conferred on May 19, 2025.

16. On May 21, 2025, Plaintiffs provided their final list of eighteen disputed claw back entries to the Master and Defendants.

17. On June 1, 2025, the Parties resolved disputes related to eight entries, UBER_JCCP_MDL_003695335; UBER_JCCP_MDL_003696157; UBER_JCCP_MDL_003697869; UBER_JCCP_MDL_005367529; UBER_JCCP_MDL_005231277; UBER_JCCP_MDL_001578035; UBER_JCCP_MDL_003307558; and UBER_JCCP_MDL_003307560, leaving ten entries in dispute.

Executed this 2nd day of June 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis