IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

- 1 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Disputed Entries for Master Review on May 29, 2025 related to Defendants' May 16, 2025 clawback notice and related privilege log.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

**Clawback Notice**

4. Defendants sent Plaintiff a clawback notice on May 16, 2025. It listed a total of forty (40) individual documents. The clawback notice had forty-five (45) entries, but five entries were listed twice.

5. On May 21, 2025, Plaintiffs challenged Defendants' assertion of privilege to thirty-five (35) of those documents. Of those, twenty-five (25) appeared on Defendants' May 16, 2025 privilege log, eight (8) were previously logged on non-"Tranche" privilege logs from various dates (February 18, 2025, March 14, 2025, April 18, 2025 and May 5, 2025), and two were logged on Defendants' "Tranche 1" privilege logs.

6. UBER_JCCP_MDL_003389318 (logged as JCCP_MDL_PRIVLOG007423) was a Tranche 1 log entry included on a privilege log Defendants produced on September 20, 2024, and Uber fully withdrew its privilege claim as part of its Court-mandated re-review.

7. UBER_JCCP_MDL_004015278 (logged as JCCP_MDL_PRIVLOG009470) was a Tranche 1 log entry included on a privilege log Defendants produced on September 25, 2024. Defendants had ample opportunity to raise a proper clawback of this document during the Court

mandated review process but failed to do so until May 16, 2025. In accordance with PTO 14, ECF 396, [t]he Producing Party must notify the Receiving Party within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced which the Producing Party asserts privilege and/or other protection." Although Plaintiffs did not challenge the privilege assertion on the September 25, 2024 privilege log, Defendants had ample opportunity to become aware of any privilege issue and issue a clawback notice well before May 16, 2025. Judge Cisneros repeatedly ordered Parties to apply lessons learned on existing privilege log entries. Judge Cisneros's Order dated November 27, 2024 stated "Uber must apply lessons learned from the meet-and-confer process and this Order to other privilege log entries from the first tranche of custodial document production no later than fourteen days from the date of this Order, must apply those lessons to any other existing privilege log entries no later than twenty-one days from the date of this Order, and must continue to apply those lessons going forward." *See* ECF 1908 at 13. JCCP_MDL_PRIVLOG009470 fell within the purview of this order and should have been re-reviewed to apply lessons learned no later than December 18, 2024. Based on that timeline, Defendants were required to notify Plaintiffs of a clawback of JCCP_MDL_PRIVLOG009470 by January 8, 2025.

8. Judge Cisneros previously addressed the issue of Defendants attempting to claw back documents that appeared on "Tranche" privilege logs during the April 24, 2025 discovery hearing. "So, essentially if I allow Uber to serve clawback notices as to documents that were de-designated during that process after they had been posted on a privilege log that was then re-reviewed, then we are seriously turning this into a merry-go-round process. And so, I consider those de-designation decisions to be waiver of -- of the privilege assertion." *See* 4/24/25 H'rg Tr at 9:13–19. Judge Cisneros further stated, "[b]ut at least for the time period in which privilege assertions were withdrawn, documents were de-designated and taken off the privilege log while I was handling the privilege log process and ordering rereviews on multiple occasions, then those privilege assertions are waived and they should not be part of clawback." *Id.* 10:4–9.

9. Judge Cisneros, during the May 22, 2025 Discovery Status Conference, held

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF
PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW

"Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes, prior to appointment of the Special Master." *See* ECF No. 3059.

10. On May 21, 2025, Plaintiffs provided their challenges to Defendants' May 16, 2025 clawback notice.

11. The parties conferred on May 27, 2025.

12. On May 29, 2025, Plaintiffs provided their final list of thirty-five (35) disputed clawback entries to the Master and Defendants. While that list included thirty-six (36) entries, one relates to a document included in Defendants' May 7, 2025 clawback notices for which Defendants were delayed in providing a privilege log entry.

Executed this 2nd day of June 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis