LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC'S BRIEF IN SUPPORT OF UBER'S PRIVILEGE CLAIMS CHALLENGED BY PLAINTIFFS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III, ¶ 4 (DKT. 2933)** |

Pursuant to Special Master Order No. 4, III, ¶ 4 (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for documents it has claw backed on May 7, 2025 pursuant to Pretrial Order No. 14. Uber respectfully requests that the Special Master uphold Uber's privilege claims for the 10 documents Plaintiffs have challenged.[1]

Uber incorporates by reference the legal standard and arguments set forth in its prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for its privilege claims, Uber provides the arguments and factual support listed below, including the declaration from Scott Binnings, Uber's Associate General Counsel, Safety and Core Services (Ex. A). The applicable legal standards and arguments outlined below and in prior briefs, the attached declarations from in-house counsel, and the factual material previously provided to the Special Master,[2] when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that the documents at issue are privileged.

### I. Uber Has Appropriately Exercised Its Right To Claw Back Privileged Documents.

The documents submitted for the Special Master's review should remain protected as privileged, and subject to other applicable protections, notwithstanding prior production. Uber has appropriately exercised its clawback rights under Stipulated Pretrial Order No. 14: Federal Rule of Evidence 502(d) and Privilege Materials ("PTO 14") (Dkt. 396). PTO 14 provides that "the production of any privileged or otherwise protected or exempted information in this case ***shall not be deemed a waiver or impairment of any claim of privilege or protection in this case*** or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material." PTO 14, Sec. B.2 (emphasis added).

---

[1] Plaintiffs initially challenged 18 documents, but as the parties informed the Special Master over email on June 1, 2025, the parties resolved their dispute concerning 8 of the 18 documents.
[2] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log. Defense counsel will also be available for any questions the Special Master may have during the review process.

1    Uber timely notified Plaintiffs of its intention to clawback these documents. Uber has provided
2    a privilege log and replacement images for all documents subject to its clawback request. Plaintiffs
3    have identified three documents at issue that were originally logged as part of Tranches 1-4
4    (JCCP_MDL_PRIVLOG001121, JCCP_MDL_PRIVLOG023201, and
5    JCCP_MDL_PRIVLOG054410). Uber is considering seeking relief and/or reconsideration from
6    Judge Cisneros regarding any waiver claim. (ECF 2855).  Accordingly, Uber respectfully requests
7    that the Special Master defer ruling on these documents until the potential waiver issue is adjudicated
8    and resolved before Judge Cisneros. The Special Master, however, should consider the privilege and
9    work product claims applicable to the remainder of the documents at issue in this set.

**II. Additional Factual Information Supports Uber's Privilege Assertions.**

To provide additional factual support for its privilege assertions for JCCP_MDL_PRIVLOG095858 and JCCP_MDL_PRIVLOG094281, Uber submits the attached declaration from Scott Binnings, Uber's Associate General Counsel, Safety and Core Services (Ex. A).  These documents relate to safety features developed at Uber in partnership with Uber in-house counsel.  The Special Master has previously ruled that similar documents[3] are privileged.  Defendants submit the Special Master should rule likewise as it pertains to these two documents.

As Mr. Binnings explains in his declaration, he was closely involved with the development of these safety features. The dominant purpose of his (as well as other in-house counsel's) relationship with the development teams was in identifying and advising on legal risks associated with the development and launch of the features.  The program discussed in JCCP_MDL_PRIVLOG095858 was viewed as a particularly complex feature from a legal perspective, as it raised an array of legal considerations spanning federal, state, and local legal issues, including where the feature could be tested and the experimental parameters that may be evaluated. JCCP_MDL_PRIVLOG095858 was an update directed to Mr. Binnings in his capacity as then-Legal Director, Global Safety so he could

---

[3] On April 28, 2025, in relation to the Kansal custodial documents, the Special Master ruled that four email chains (JCCP_MDL_PRIVLOG079870, JCCP_MDL_PRIVLOG079712, JCCP_MDL_PRIVLOG079416, and JCCP_MDL_PRIVLOG079417) were communications "sent for the purpose of obtaining and facilitating legal advice" and were privileged.

evaluate the status of the feature's launch and advise the development team on the legal risks associated with the plans for moving the feature forward. Mr. Binnings reviewed this specific document, and other similar updates, throughout the course of the feature's development to fulfill his role as in-house counsel on safety issues and advise the development team on legal risks of moving the feature forward.

Similarly, JCCP_MDL_PRIVLOG094281 is an email that summarizes the status and proposed launch of a feature intended to reduce incidents of interpersonal conflict on the Uber platform outside the United States, which he advised on to comply with legal and regulatory requirements. JCCP_MDL_PRIVLOG094281 reflects Mr. Binnings' legal advice and work performed under his direction as the in-house counsel working on the release of the feature. He was deeply involved in, and provided legal advice and counsel for, the creation, testing and launch of this feature. This email facilitated his provision of legal advice concerning this model and ensured he concurred with the summary of the launch plan's legal and regulatory compliance.

Thus, the two documents addressed in Mr. Binnings' declaration are privileged because they were made during the course of an attorney-client relationship and were intended to facilitate the provision of legal advice. *See* Special Master's Ruling on Obj. (April 11, 2025) (quoting *Costco v. Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009) ("If 'the communications were made during the course of an attorney-client relationship'--as opposed to a relationship with some other 'dominant purpose'-then 'the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means.'"). Moreover, the dominant purpose of the relationship between in-house counsel and the development team was attorney-client, rendering the challenged documents privileged. *See* Special Master's Ruling on Obj. (April 11, 2025) (quoting *McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1015 (S.D. Cal. 2014) ("If the dominant purpose of the relationship was attorney-client at the time of the communications, they are privileged.")).

**III.    Plaintiffs Did Not Timely Challenge the Privilege Claim for Seven Documents.**

DEFENDANTS' BRIEF IN SUPPORT OF UBER'S PRIVILEGE CLAIMS CHALLENGED BY PLAINTIFFS PURSUANT TO SPECIAL MASTER ORDER NO. 4, §III, ¶4 (DKT. 2933)
Case No. 3:23-MD-3084-CRB

In addition to the 10 documents submitted to the Special Master for review, Plaintiffs have also sought to challenge seven documents out of time.[4] The Special Master should reject Plaintiffs' challenges as to these seven documents because they are untimely. These documents were clawed back on May 7. Plaintiffs provided their challenges to the May 7 clawback list on May 16. Not only did they not include any challenges for these seven documents, they affirmatively indicated that they had no challenge to these seven documents. There is no justification for a belated challenge here, particularly where any challenge is based on the testimony that Roger Kaiser provided during his April 22, 2025 deposition, before Plaintiffs decided that they had no challenges to these seven documents.[5]

The Special Master should uphold Uber's privilege claims as to each of the documents submitted for review.

DATED: June 2, 2025

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: /s/ Maria Salcedo
    MARIA SALCEDO

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN

---

[4] These seven documents are JCCP_MDL_PRIVLOG089361, JCCP_MDL_PRIVLOG089366, JCCP_MDL_PRIVLOG089365, JCCP_MDL_PRIVLOG089364, JCCP_MDL_PRIVLOG089363, JCCP_MDL_PRIVLOG089362, and JCCP_MDL_PRIVLOG089367.

[5] Moreover, even if their challenges were timely, Defendants have appropriately withheld the documents based on attorney-client privilege and work product protection. The face of the documents makes clear that their purpose was to accelerate preparation for anticipated litigation and that they were prepared at the direction of counsel. In-house counsel, Jennifer Handley's prior declaration corroborates this practice. She has previously explained that Mike Haas, in his role on Uber's Safety Legal Special Investigations team, shares information at the legal team's direction in order to facilitate the in-house team's provision of legal advice because the in-house team anticipated the potential for future litigation regarding safety-related incidents. *See* Mar. 24, 2025 Handley Declaration at para. 2 (Dkt. 2605-1). The untimely challenged emails are examples of how information was shared at the legal team's direction. Defendants' interpretation of these documents as privileged and protected is also confirmed by the Special Master's prior determinations. The Special Master has already determined that other "Global Serious Safety Incidents" email threads, like the ones at issue here, are privileged. Plaintiffs did not challenge those determinations and are beyond the time to do so. *See* Special Master's Determinations for Custodian Kaiser at Line 64 (finding JCCP_MDL_PRIVLOG019747 privileged); Special Master's Determinations for Custodian Akamine at Line 2 (finding JCCP_MDL_PRIVLOG034217 privileged).

JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
   adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com

MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

6
DEFENDANTS' BRIEF IN SUPPORT OF UBER'S PRIVILEGE CLAIMS CHALLENGED BY PLAINTIFFS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III, ¶ 4 (DKT. 2933)
Case No. 3:23-MD-3084-CRB

# CERTIFICATE OF SERVICE

I hereby certify that on June 2, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ *Maria Salcedo*
MARIA SALCEDO