IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Care Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Disputed Entries for Master Review on May 30, 2025 related clawback documents referred to as "Category 3-5" or "Cat 3-5" clawbacks in Plaintiffs' Responses to the Master's April 23, 2025 Requests.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on the List of Disputed Entries was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

**Clawback Notice**

4. On April 23, 2025, Defendants provided an omnibus clawback list to the Plaintiffs.

5. On April 29, 2025, the Parties responded to the Master's Requests. Plaintiffs identified categories that Defendants' clawbacks fell into in the Response. Three of the six categories relate to the current submission. Plaintiffs identified documents where Defendants provided a clawback notice, privilege log entries, but did not provide a replacement image or document, "Category 3." Plaintiffs identified documents for which Defendants only provided a clawback notice but did not provide a privilege log entry or replacement image or document, "Category 4." Further, Plaintiffs identified documents for which Defendants had only provided a clawback notice and replacement image or document but did not provide a privilege log entry, "Category 5." The categories collective referred to as "Cat 3-5."

6. On May 5, 2025, Defendants withdrew their clawback on 54 documents, 46 of which were Cat 3-5 documents.

7. On May 8, 2025, the parties conferred.

8. Defendants provided a privilege log on May 2, 2025 for Cat 3-5 clawback documents which previously were not logged on a privilege log.

9. On May 9, 2025, Plaintiffs provided Defendants a list of 35 entries in dispute, out of 86 entries logged on the May 2, 2025 privilege log. Plaintiffs noted six entries that were duplicates or near duplicates of prior log entries from Defendants' Tranche 1 through Tranche 4 privilege logs that Defendants withdrew their claim to privilege and Judge Cisneros deemed "those privilege assertions are waived and they should not be part of clawback." *See* April 24, 2025 Status Conference 10:4-10. Those six entries that were submitted to the Master as part of the Cat 3-5 dispute process are:

1. JCCP_MDL_PRIVLOG089317
2. JCCP_MDL_PRIVLOG089318
3. JCCP_MDL_PRIVLOG089328
4. JCCP_MDL_PRIVLOG089340
5. JCCP_MDL_PRIVLOG089358
6. JCCP_MDL_PRIVLOG089368

10. On May 29, 2025, the Parties conferred prior to Plaintiffs submitting a final list of disputed entries to the Master.

11. On May 30, 2025, Plaintiffs submitted 33 entries still in dispute to the Master following the parties' meet and confer.

Executed this 3rd day of June 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis