LAURA VARTAIN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
    allison.brown@kirkland.com
JESSICA DAVIDSON (Pro Hac Vice admitted)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III** |

1    Pursuant to Special Master Order No. 4, § III, ¶ 3 (Dkt. 2933), Defendants submit this brief in

2    support of Uber's privilege assertions for documents it clawed back pursuant to Pretrial Order No. 14

3    prior to May 5, 2025 ("Category 3-5 clawbacks"). Defendants respectfully request that the Special

4    Master uphold the privilege claims as to the challenged documents.

5    Defendants incorporate by reference the legal standard and arguments set forth in Defendants'

6    prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580).  As further support for their privilege claims,

7    Defendants provide the arguments and factual support listed below, including the May 13, 2025

8    declaration of Uber's Legal Director, Global Safety Daniel Kolta (Ex. A). The applicable legal

9    standard and arguments outlined below and in prior briefs, the declarations from in-house counsel,

10   and the factual material previously provided to the Special Master,[1] when reviewed in conjunction

11   with the challenged documents and the associated metadata fields, establish that the documents at

12   issue are privileged.

13   **I.    Uber Has Appropriately Exercised Its Right to Claw Back Privileged Documents.**

14   The documents submitted for the Special Master's review should remain protected as

15   privileged, and subject to other applicable protections, notwithstanding prior production. Uber has

16   appropriately exercised its clawback rights under Stipulated Pretrial Order No. 14: Federal Rule of

17   Evidence 502(d) and Privilege Materials ("PTO 14") (Dkt. 396). PTO 14 provides that "the production

18   of any privileged or otherwise protected or exempted information in this case ***shall not be deemed a***

19   ***waiver or impairment of any claim of privilege or protection in this case*** or in any other federal or

20   state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to

21   work product materials, statutory privileges and protections, or the subject matter thereof, as to the

22   produced document and any related material." PTO 14, Sec. B.2 (emphasis added).

23   Uber timely notified Plaintiffs of its intention to clawback these documents. Uber has provided

24   a privilege log and replacement images for all documents subject to its clawback request. Plaintiffs

25   have identified six documents at issue that they claim are other versions of documents that were

---

[1] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log.  Defense counsel will also be available for any questions the Special Master may have during the review process.

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER
ORDER NO. 4, § III                                          Case No. 3:23-MD-3084-CRB

1   originally logged as part of Tranches 1-4 and later produced (JCCP_MDL_PRIVLOG089317,

2   JCCP_MDL_PRIVLOG089318, JCCP_MDL_PRIVLOG089328, JCCP_MDL_PRIVLOG089340,

3   JCCP_MDL_PRIVLOG089358, and JCCP_MDL_PRIVLOG089368). Uber is considering seeking

4   relief and/or reconsideration from Judge Cisneros regarding any waiver claim. (ECF 2855).

5   Accordingly, Uber respectfully requests that the Special Master defer ruling on these documents until

6   the potential waiver issue is adjudicated and resolved before Judge Cisneros. The Special Master,

7   however, should consider and resolve the privilege and work product claims applicable to the

8   remainder of the documents at issue in this set, as set forth herein.

9   **II.     Additional Context and Factual Information Supports Uber's Privilege Assertions.**

10   Uber offers additional context and factual information to support the privilege assertions as to

11   certain documents within this set.

12   **A. Information and Correspondence Reflecting Legal Analysis and Advice Regarding a**

13   **Proposed Rider Safety Program Are Privileged.**

14   Uber properly clawed back and provided replacement images with redactions to certain

15   documents regarding a proposed rider safety program because they contain in-house counsel's legal

16   advice, analysis, or conclusions regarding the program:

17   - JCCP_MDL_PRIVLOG089291

18   - JCCP_MDL_PRIVLOG089292

19   - JCCP_MDL_PRIVLOG089293

20   - JCCP_MDL_PRIVLOG089294

21   - JCCP_MDL_PRIVLOG089295

22   - JCCP_MDL_PRIVLOG089296

23   - JCCP_MDL_PRIVLOG089356

24   These redactions are necessary to protect the legal analysis and advice of Uber's in-house

25   counsel regarding the proposed rider safety program. As to -89291 through -89296, the analysis and

26   advice includes input from "Tony," i.e., Tony West, Uber's Chief Legal Officer and Corporate

27   Secretary. The redactions further reflect efforts to gather information and estimates in preparation for

28

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER
ORDER NO. 4, § III                                    Case No. 3:23-MD-3084-CRB

1    ongoing discussions with Mr. West. Likewise, -89356 includes limited redactions to explicit

2    references to legal advice and risk informed by the legal team related to the same proposed rider safety

3    program.

4           Uber's privilege assertions as to these documents are further supported by the May 13, 2025

5    declaration of Uber's Legal Director, Global Safety, Daniel Kolta (Ex. A, Dkt. 2985-3). As Mr. Kolta

6    explained, Uber's legal department undertook an investigation and analysis concerning the legal risks,

7    including the potential legal costs, of the proposed rider safety program in anticipation of litigation.

8    As Mr. Kolata explained, the legal department also conducts research and analyzes various federal

9    and state laws, along with case law interpreting and applying such laws, and Uber's prior litigation

10   experience.

11          The legal analysis, advice, and conclusions reflected in the redactions, including those

12   addressing legal costs, are privileged and work-product protected.  *See Green v. Baca*, 226 F.R.D.

13   624, 652 (C.D. Cal. 2005) ("Opinion work product, including the mental impressions, conclusions,

14   opinions, or legal theories of an attorney, is entitled to nearly absolute protection."**);** *Staley v. Gilead*

15   *Scis., Inc.*, 2021 WL 4318403, at *2 (N.D. Cal. July 16, 2021) ("the attorney-client privilege can still

16   obtain even where a business decision is implicated. Specifically, if an attorney gives a client legal

17   advice on a business decision, that communication is protected by the privilege"); *see also Rhone-*

18   *Poulenc Rorer Inc. v. Home Indem. Co.*, 139 F.R.D. 609, 614-15 (E.D. Pa. 1991) ("The litigation's

19   ultimate cost to the client has great significance in determining whether a lawsuit will be tried or settled

20   and, if settled, for what amount. Establishing the value of a claim is analytically complex, requiring

21   an assessment of the body of evidence and the particular legal issues involved in each case, as well as

22   an evaluation of the case's strengths and weaknesses. It is one of the more challenging and difficult

23   tasks a lawyer confronts . . . . these documents should not be subject of discovery.") (citation omitted);

24   *Zurich Am. Ins. Co. v. Superior Ct.,* 155 Cal. App. 4th 1485, 1502 (2007) ("If legal advice is discussed

25   or contained in the communications between [corporate] employees, then to that extent, it is

26   presumptively privileged.  A communication reflecting a discussion of litigation strategy which

27   expresses that the strategy is in response to advice of counsel would come within the privilege").

28

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER
ORDER NO. 4, § III                                                    Case No. 3:23-MD-3084-CRB

1

2

**B. Other Documents Made Available to the Special Master Further Support Uber's Privilege Assertions.**

3

4

5

6

7

8

9

10

11

12

13

Plaintiffs' challenge to JCCP_MDL_PRIVLOG089327 should be rejected because later in time emails provide additional support for Uber's privilege assertion. This document was clawed back and reproduced with limited redactions to protect legal advice regarding employment law considerations with respect to certain initiatives to promote rider safety. Plaintiffs challenged this document based on their observation that there was no attorney on the challenged document. However, other emails demonstrate that in-house counsel was, in fact, involved in the decision-making and recommendations contained within the redacted portion of the challenged email. *See* JCCP_MDL_PRIVLOG005204 (Jan. 13, 2022 email from Willis Fannon regarding whether the redacted portion was a "mandate from our legal teams" and Jan. 14, 2022 response by Daniel Kolta clarify the legal team's advice). Taken as a whole, the thread demonstrates that legal advice from in-house counsel was incorporated in the portions of the email that have been redacted as privileged.

14

15

16

**C. Confidential Chat Threads Should Be Protected as Privileged Because They Reflect Legal Advice from In-House Counsel and Were Prepared in Anticipation of Litigation.**

17

18

19

20

21

22

23

24

25

JCCP_MDL_PRIVLOG089335 and JCCP_MDL_PRIVLOG089336 are confidential chat threads that contain various references to discussions with Uber's legal team, including Katie Waitzman, Tony West, Jennifer Handley, Scott Binnings, and Claire Eagen. While Plaintiffs acknowledge that these chats reference discussions involving lawyers, Plaintiffs incorrectly argue that they reflect a primary business purpose. Indeed, "'communications made during the course of an attorney-client relationship'—as opposed to a relationship with some other 'dominant purpose'" are privileged. *Costco v. Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009). The fact that these communications were discussed between non-lawyers in an informal chat thread does not negate the privileged nature of the communications when the chat thread was kept confidentially.

26

27

**D. Documents Relating to Uber's Internal Handling of Mass Tort Cases Are Protected as Privileged and Work Product.**

28

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III                                                                     Case No. 3:23-MD-3084-CRB

1       Plaintiffs have challenged a series of documents that reflect advice of Uber's legal team in the

2   handling of mass tort cases. Not only does this information demonstrate the advice of counsel, it also

3   reflects Uber's internal process for handling cases as part of anticipated or pending litigation. These

4   documents       include:       JCCP_MDL_PRIVLOG089345,       JCCP_MDL_PRIVLOG089369,

5   JCCP_MDL_PRIVLOG089370,  JCCP_MDL_PRIVLOG089371,  JCCP_MDL_PRIVLOG089372,

6   JCCP_MDL_PRIVLOG089373,  JCCP_MDL_PRIVLOG089374,  JCCP_MDL_PRIVLOG089375,

7   and JCCP_MDL_PRIVLOG089376. Plaintiffs challenged these documents based on their observation

8   that there were no attorneys identified in the metadata. However, identification of an attorney in the

9   metadata is not a prerequisite for a privilege assertion. Nor is it necessary when, like here, the face of

10  the documents demonstrates that they are intended to facilitate in the defense of anticipated or pending

11  litigation.

12          **E.  Internal Analyses Regarding the Development of Safety Features in Partnership with**

13               **Uber In-House Counsel Are Privileged.**

14      Uber's in-house counsel was closely involved in the development of safety features referenced

15  in JCCP_MDL_PRIVLOG089333. Defendants clawed this document back in order to apply limited

16  privilege redactions to portions of this document that are marked as "Attorney-Client Privilege" and

17  that are reflective of the legal analysis and advice that originated from in-house counsel. *See*, *e.g.*, Apr.

18  21, 2025 Declaration of Daniel Kolta (provided to the Special Master *ex parte* on April 21, 2025) and

19  June 2, 2025 Declaration of Scott Binnings (Dkt. 3141-1). The Special Master has previously found

20  that other documents on this same subject matter are privileged.[2] The same result is appropriate here.

21          The Special Master should uphold the privilege assertion as to each of the documents submitted

22  for review.

23

24

25

26      _____

27  [2] On April 28, 2025, in relation to the Kansal custodial documents, the Special Master ruled that four email chains (JCCP_MDL_PRIVLOG079870, JCCP_MDL_PRIVLOG079712, JCCP_MDL_PRIVLOG079416, and JCCP_MDL_PRIVLOG079417) were communications "sent for the purpose of obtaining and facilitating

28  legal advice" and were privileged.

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER
ORDER NO. 4, § III                                          Case No. 3:23-MD-3084-CRB

DATED: June 3, 2025                          Respectfully submitted,

                                             **SHOOK HARDY & BACON L.L.P.**

                                             By: */s/ Maria Salcedo*
                                                 MARIA SALCEDO

                                             **KIRKLAND & ELLIS LLP**
                                             LAURA VARTAIN
                                             ALLISON M. BROWN
                                             JESSICA DAVIDSON

                                             **O'MELVENY AND MYERS LLP**
                                             SABRINA STRONG
                                             JONATHAN SCHNELLER

                                             **SHOOK, HARDY, & BACON, LLP**
                                             PATRICK OOT (Admitted *Pro Hac Vice*)
                                                 oot@shb.com
                                             1800 K St. NW Ste. 1000
                                             Washington, DC 20006
                                             Telephone: (202) 783-8400
                                             Facsimile: (202) 783-4211

                                             ALYCIA A. DEGEN (SBN: 211350)
                                                 adegen@shb.com
                                             MICHAEL B. SHORTNACY (SBN: 277035)
                                                 mshortnacy@shb.com
                                             2121 Avenue of the Stars, Suite 1400
                                             Los Angeles, CA 90067
                                             Telephone: (424) 285-8330
                                             Facsimile: (424) 204-9093

                                             CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
                                                 ccotton@shb.com

                                             MARIA SALCEDO (Admitted *Pro Hac Vice*)
                                                 msalcedo@shb.com
                                             **SHOOK, HARDY & BACON L.L.P.**
                                             2555 Grand Blvd.
                                             Kansas City, MO 64108
                                             Telephone: (816) 474-6550
                                             Facsimile: (816) 421-5547

                                             *Attorney for Defendants*
                                             UBER TECHNOLOGIES, INC.,

7

DEFENDANTS' BRIEF IN SUPPORT OF CATEGORY 3-5 CLAWBACKS PURSUANT TO SPECIAL MASTER
ORDER NO. 4, § III                                    Case No. 3:23-MD-3084-CRB

1    RASIER, LLC, and RASIER-CA, LLC

8