# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT CASE MANAGEMENT STATEMENT** |
| This Document Relates To: | Judge:      Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor (via videoconference)<br>Date:       June 6, 2025<br>Time:       10:30 a.m. |
| ALL ACTIONS | |

**JOINT CASE MANAGEMENT STATEMENT**

Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), and Plaintiffs' Co-Lead Counsel (collectively referred to herein as "the Parties"), respectfully provide this Joint Case Management Conference Statement and Proposed Agenda in advance of the Case Management Conference scheduled for June 6, 2025.

**Proposed Agenda**

I. Status of Case Filings
II. General Discovery Updates
III. Answers to Bellwether Complaints
IV. Bellwether Wave 1 Update—WHB1486
V. Expert Witness Demonstratives
VI. Pretrial Depositions
VII. Motions in Limine on Privilege
VIII. Proposed Order Regarding 15 U.S.C. § 1681b
IX. Appointment of Additional PSC Members
X. Settlement Master
XI. Next Case Management Conference

I. **STATUS OF CASE FILINGS**

1. **Number of MDL Case Filings**

As of May 27, 2025 there are 2,229 cases in this MDL, with more than 200 new filings since the last case management conference.

2. **Status of JCCP**

There are approximately 619 cases pending in the JCCP.

3. **Other Cases and Proceedings**

Defendants have provided a current list of civil actions and government investigations arising from sexual assault on the Uber platform in which Uber is a defendant, attached as Exhibit A.

## II.     GENERAL DISCOVERY UPDATES

The parties continue to engage in robust discovery efforts.

The parties appeared before Judge Cisneros for a discovery status conference on the morning of May 22, 2025. A joint statement on the status of discovery was be filed in advance of the conference at ECF 3033. Among other notable developments:

- Due to ongoing document disputes and witness schedules, the deposition of Uber's current CEO has been rescheduled to July 1 and the deposition of Uber's former CEO has been rescheduled to July 3.

- The parties jointly requested that Judge Cisneros grant leave to conduct a limited number of common-discovery depositions after the June 16 deadline. Judge Cisneros ordered that all depositions be completed by July 16.

- On May 26 and 29, 2025, the parties filed briefs concerning Uber's responses to Plaintiff's case-specific requests for productions and interrogatories (ECF 3069, 3093). On June 2, 2025, Judge Cisneros ordered the parties to appear in person at the courthouse on June 9 to meet and confer on unresolved topics. (ECF 3069)

- On May 28, 2025, the parties submitted a joint letter brief (ECF 3074) regarding Plaintiffs' request for the identities and contact information of passengers who previously reported misconduct by the drivers at issue.

- On May 20, 2025, the parties submitted a Joint Letter (ECF 3050) regarding Plaintiffs' responses to certain discovery requests; Judge Cisneros resolved the disputes regarding medical records, use of other ride companies' services, and social media.

- Judge Cisneros ordered Wave 1 Plaintiffs to provide disclosures required by the ESI Protocol (ECF 524) no later than May 27, 2025, and ordered non-Wave 1 Plaintiffs to provide those disclosures by May 30, 2025. The parties are in the process of meeting and conferring regarding disclosures made by Wave 1 Plaintiffs. Any issues will be promptly presented to the Court.

### III. ANSWERS TO BELLWETHER COMPLAINTS

#### A. Plaintiffs' Position:

Plaintiffs reached out to Defendants to address a timing issue with Defendants' Answers to the Bellwether Complaints (including the Master Complaint, which each Bellwether Complaint incorporates by reference). The problem is that Plaintiffs need to know Uber's affirmative defenses in time to conduct appropriate discovery into them. Plaintiffs also do not know, for example, if Defendants deny that any of the alleged assaults occurred.

Defendants' reply in support of the motion to dismiss is due on June 9. If Defendants are not required to answer until 14 days after the Court decides the motion to dismiss, as Rule 12(a)(4) provides, Plaintiffs may not receive those Answers until mid-July. Defendants have moved to dismiss only one Wave 1 case (WHB 1876) in its entirety.

Uber proposes propose that it will provide Plaintiffs with its affirmative defenses to each Wave 1 complaint by June 15, 2025 (reserving all rights under Rule 15). Plaintiffs agree to these dates, subject to the Court allowing completion of discovery on affirmative defenses to extend a bit beyond July 16, 2025, if needed. Plaintiffs also propose that the remainder of the Answers be due 5 days after the Court's order on the motion to dismiss and request discovery flexibility.

#### B. Defendants' Position:

Uber has moved to dismiss portions or all of the bellwether complaints, and that motion has not yet been ruled upon. As a result, no answer has been filed. Uber is willing to provide a list of all anticipated affirmative defenses for each Wave 1 Bellwether Complaint as of June 15, 2025, reserving all rights to amend and supplement when it provides its Rule 12(a)(4) Answers following a ruling on its pending Motion to Dismiss. Uber does not agree to extend the Wave 1 discovery cutoff for this purpose.

### IV. BELLWETHER WAVE 1 UPDATE—WHB 1486

#### A. Plaintiffs' Position:

Plaintiffs respectfully request that the Court remove WHB 1486 (a defense pick) from Wave 1 to a later Wave. At this time, Plaintiffs' counsel has been unable to reach WHB 1486 with sufficient reliability to reschedule her deposition. WHB 1486's counsel have informed Plaintiffs' leadership that

the father of WHB 1486's 4-year-old child was in a serious car accident, and WHB 1486 has been unusually busy dealing with her son and with his father's injuries. Plaintiffs' Leadership informed Uber's counsel of the situation on May 22, the same day they learned from WHB 1486's counsel of the difficulties coordinating with her.

PTO 21 stated that "[i]n the event that a proposed Plaintiff refuses to participate as a bellwether, the Defendant may select a substitute Plaintiff." *Id.* at 2. Plaintiffs agree that Uber may substitute in another pick from the pool for Wave 1. The parties discussed and have agreed in principle to adjusting discovery deadlines by a few weeks. Additionally, should the Court decide not to postpone WHB 1486 to another Wave, Plaintiffs do not object to Uber selecting a substitute Plaintiff for the Bellwether Pool.Finally, Plaintiffs recognize the Court stated in PTO 21 that a "'refusing Plaintiff' will be subject to a motion to dismiss for failure to prosecute." ECF 1950 at 2. WHB 1486 participated in the bellwether process, including completing a plaintiff fact sheet, filing an amended complaint, and serving responses to requests for production and interrogatories. Should the Court opt to entertain a motion to dismiss WHB 1486/s case with prejudice, Plaintiffs will be prepared to discuss a briefing schedule so that she has a full and fair opportunity to be heard before dispositive relief is granted.

Uber objects to staggered deadlines and instead proposes that the deadline for substantial completion of fact discovery for all bellwethers (including the unnamed replacement pick) be extended two weeks to August 1. Plaintiffs do not object to adding an additional two weeks to the bellwether discovery schedule (especially given all of the disputes pending before Judge Cisneros). But realistically it is necessary to stagger the new Wave 1 case beyond that. Indeed, Uber has not proposed a substitute pick even though Plaintiffs informed them of this issue two weeks ago.

Assuming a substitute pick is selected promptly, Plaintiffs propose that the deadline for substantial completion of fact discovery for that new case be set to August 16, 2025. The Court could then stagger expert deadlines for that case accordingly, so the parties exchange expert reports on August 22, 2025, and rebuttal expert reports on September 22, 2025. The Court could decide the schedule for briefing summary judgment and *Daubert* for this new case after the Court determines which case will be tried first.

B.  **Defendants' Position:**

WHB 1486's claims should be dismissed with prejudice; the Court should replace her case in Wave 1 with another defense pick; and the Court should reset the deadline for substantial completion of fact discovery in the Wave 1 cases for August 1, 2025. Defendants are working to identify a replacement to recommend to the Court.

Plaintiffs' request comes after a drawn-out process that culminated on May 1, 2025, with the Court ordering that trial Wave 1 would consist of four plaintiff picks and two defense picks—WHB 1876 and WHB 1486. Notably, Plaintiffs have provided few facts about the timing of the Plaintiff's child's father's accident, how that accident has impacted Plaintiff's ability to pursue her claims or how long the demands on WHB 1486's time are expected to last.

If WHB 1486 is no longer willing to proceed with her claims on the schedule ordered by the Court, her claims should be dismissed with prejudice. In Pretrial Order No. 21, the Court was clear: "The "refusing Plaintiff" will be subject to a motion to dismiss for failure to prosecute." ECF 1950 at 2. The Court also was clear that "[i]n the event that a proposed Plaintiff refuses to participate as a bellwether, the Defendant may select a substitute Plaintiff." ECF 1950 at 2. Accordingly, the parties have agreed that, should WHB 1486 be permitted to withdraw from Wave 1, the case should be replaced by another defense pick in Wave 1.

To accommodate completion of discovery in a new Wave 1 case, Defendants propose that the deadline for substantial completion of case-specific discovery in the Wave 1 cases be moved to August 1, 2025. This modest extension will allow for simultaneous work-up of all the cases. While Plaintiffs proposed staggering the discovery schedule for the replacement case during the parties' meet and confer, Defendants believe the cases should continue to proceed in parallel rather than having one case trail the others.

V.  **EXPERT WITNESS DEMONSTRATIVES**

The Court's Standing Order on Civil Jury Trials Section II(F)(1) regarding Expert Witnesses provides, in relevant part: "expert reports must be complete and sufficiently detailed. Illustrative animations, diagrams, charts and models may be used on direct examination only if they were part to the

expert's report…By written stipulation, of course, all sides may relax these requirements." The parties intend to provide a stipulation relaxing these requirements to the Court.

## VI.    PRE-TRIAL DEPOSITIONS

### A.    Plaintiffs' Position:

To streamline discovery, Plaintiffs request an order providing that, if a person appears on a trial witness list who was not previously deposed, the opposing party will have a reasonable opportunity to depose that person before trial. A similar order was stipulated to in *In re JUUL Labs*, MDL 2913 (attached as **Exhibit B**, relevant language highlighted on p. 3). This allows the parties to take the depositions needed for complete discovery without having to depose each and every person who might testify at trial, especially helpful given the large number of cases that must complete discovery by September 22.

### B.    Defendants' Position:

Defendants will look for a specific proposal from Plaintiffs. In concept, Defendants anticipate that there may be situations and witnesses for which such a stipulation could be appropriate. However, there are other circumstances in which a late disclosure of a witness through a witness list may not justify or warrant a deposition beyond the close of fact discovery. In short, the circumstances for the late identification are relevant to a consideration of whether a deposition beyond the close of fact discovery is appropriate and should be addressed on a case-by-case basis, taking into consideration the reason for the late disclosure and other relevant factors.

## VII.    MOTION IN LIMINE ON PRIVILEGE

### A.    Plaintiffs' Position:

Plaintiffs wish to discuss whether the Court would be receptive to a limited set of motions in limine filed in advance of the expert discovery deadlines. Specifically, Uber has withheld as privileged hundreds of documents concerning potential safety measures (such as woman-to-woman matching) on the basis that they contain legal advice concerning liability risks to the company if such policies are adopted. Uber should not be able to withhold these documents and at the same time employ evidence or arguments at trial that those legal risks were actual and reasonable bases for refusing to modify Uber's

policies or products. *See In re: Xyrem (Sodium Oxybate) Antitrust Litig.*, 2025 WL 860505, at *5 (N.D. Cal. Mar. 19, 2025) (Seeborg, J.) ("Unless Defendants agree to produce withheld privilege documents, they are precluded from introducing testimony by Cozadd and Honerkamp regarding their subjective beliefs as to why Jazz settled—including any beliefs about business impacts that implicate attorney-client advice regarding the litigation or the strength of the underlying patents.").

It makes sense to resolve this issue before Plaintiffs' experts need to offer their opinions concerning possible safety initiatives on August 8. Plaintiffs propose the Court adopt a reasonable briefing schedule for this motion (subject to the page limits set out in the Court's standing order).

### B. Defendants' Position:

It is premature to hear motions in limine nearly half a year before trial, while discovery is ongoing. Defendants have not yet provided affirmative defenses, and the preparation and strategy that accompanies the preparation of pretrial filings such as exhibit lists and witness lists has not yet happened. Defendants are willing to meet and confer with Plaintiffs on a briefing schedule for motions in limine closer in time to trial and present those to the Court together with a pretrial schedule.

## VIII. PROPOSED ORDER REGARDING 15 U.S.C. §1681B

### A. Plaintiffs' Position:

Plaintiffs served subpoenas on two companies (Checkr and Accurate Background) seeking background checks conducted on the drivers who assaulted them. Both companies indicated that they will not produce background checks without an order authorizing such a production under the Fair Credit Reporting Act, 15 U.S.C. § 1681b(a)(1). Plaintiffs intend to seek such an order. Plaintiffs request a deadline for the parties to file a stipulation and proposed order or, if no agreement can be reached, Plaintiffs to file a motion.

### B. Defendants' Position:

Defendants will address this matter with Judge Cisneros as appropriate.

## IX. APPOINTMENT OF ADDITIONAL PSC MEMBER

Plaintiffs request that the Court appoint Sommer Luther of the Wagstaff Law Firm to the Plaintiffs' Steering Committee. Ms. Luther will assist the PSC with matters related trial preparation. The

1  PSC believes Ms. Luther's extensive experience with tort litigation will assist the advancement of this
2  case.

3      **X.  SETTLEMENT MASTER**

4      The Honorable Gail Andler has been appointed as Settlement Master, having provided her
5  consent and disclosure. The parties are meeting with Judge Andler periodically.

6      **XI.  NEXT CASE MANAGEMENT CONFERENCE**

7      The next case management conference was previously set for June 20, 2025, at 10:00am, via
8  videoconference. ECF 1990. This case management conference is not on Court's calendar, however, but
9  the parties remain available for a conference on June 20.
10     //

Dated:  June 3, 2025

**KIRKLAND & ELLIS LLP**

By: */s/ Laura Vartain Horn*

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN

**SHOOK, HARDY & BACON L.L.P.**
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Dated:  June 3, 2025

By: */s/ Sarah R. London*

Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsels for Plantiffs*

**FILER'S ATTESTATION**

  I, Laura Vartain Horn, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: June 3, 2025            */s/ Laura Vartain Horn*