1  LAURA VARTAIN (SBN: 258485)
       laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
3  555 California Street, 30th Floor
   San Francisco, CA 94104
4  Telephone: (415) 439-1625

5  ALLISON M. BROWN (Pro Hac Vice admitted)
       allison.brown@kirkland.com
6  JESSICA DAVIDSON (Pro Hac Vice admitted)
       jessica.davidson@kirkland.com
7  **KIRKLAND & ELLIS LLP**
8  601 Lexington Avenue
   New York, NY 10022
9  Telephone: (212) 446-4723

10 *Attorneys for Defendants*
11 UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
12
   *[Additional Counsel Listed on Following Pages]*
13

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § I (B) (REMAINING CHALLENGES FOR PRIVILEGE LOGS ISSUED THROUGH MACH 3, 2025)** |

Pursuant to Special Master Order No. 4, § I (b) (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for documents that Plaintiffs have challenged from Defendants' privilege logs issued before March 3, 2025, which Plaintiffs identified as Exhibit A in their April 3, 2025 letter to the Special Master (documents that did not have a custodian with a scheduled

deposition). On April 3, 2025, Plaintiffs challenged approximately 1,222 documents. Through conferrals, the parties further narrowed their dispute to 349 challenges. Defendants respectfully request that the Special Master uphold the privilege claims as to the challenged documents.

Defendants incorporate by reference the legal standard and arguments set forth in Defendants' prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for their privilege claims, Defendants provide the arguments and factual support listed below, including the March 17 and 24, 2025 declarations of Uber's Senior Legal Director, Global Safety Jennifer Handley (Dkts. 2606-1, 2606-2), the June 2, 2025 declaration of Uber's Associate General Counsel, Safety and Core Services Scott Binnings (Dkt. 3141-1), and the April 21, 2025 declaration of Uber's Legal Director, Global Safety Daniel Kolta (provided to the Special Master *ex parte* on April 21, 2025). The applicable legal standard and arguments outlined below and in prior briefs, the declarations from in-house counsel, and the factual material previously provided to the Special Master, when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that the documents at issue are privileged.

### I. Additional Context and Factual Information Supports Uber's Privilege Assertions.

Uber offers additional context and factual information to support the privilege assertions as to certain documents within this set.

#### A. Uber's Draft Safety Report

JCCP_MDL_PRIVLOG014853 is a draft confidential document titled "A-C Privileged-Safety Report - Safety Inves", dated September 16, 2021, and marked "Attorney/Client Privilege" and "Prepared at the request of Legal." This confidential document is a draft of a section of Uber's Safety Report. The Special Master has previously found that draft sections of the Safety Report are privileged. The Special Master should rule likewise here.

As Ms. Handley indicated in her declarations submitted on March 17 and 24, 2025 (Dkts. 2606-1, 2606-2), given the legal risks of public statements regarding safety issues, a team of Uber's in-house attorneys, including Ms. Handley, directed and coordinated the drafting of the Safety Report. Uber's in-house attorneys directed and coordinated this effort to facilitate the provision of legal advice on the

statements in the draft reports. Uber's in-house attorneys did, in fact, provide legal advice at every step of the way. The draft reports were maintained confidentially throughout the drafting process. Each non-attorney involved with drafting the report did so at the direction, and under the supervision, of counsel.  Thus, Ms. Handley's prior declarations and the information contained within this document establish that JCCP_MDL_PRIVLOG014853 is privileged because it was created at the direction and under the supervision of Uber's in-house counsel in anticipation, and in response to, litigation and contains their legal advice. *United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation"); *Costco v. Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009) ("If 'the communications were made during the course of an attorney-client relationship'—as opposed to a relationship with some other 'dominant purpose'—then 'the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means.'").

**B. Other Documents Made Available to the Special Master Further Support Uber's Privilege Assertions.**

Plaintiffs' challenge to JCCP_MDL_PRIVLOG070096 should be rejected because emails to and from Uber's in-house counsel provide additional support for Uber's privilege assertion.  JCCP_MDL_PRIVLOG070096 is a document dated June 8, 2017 that was authored by Allison Frelinger, then-Lead Logistics and Operations Manager at Uber, and it is marked "A/C Privileged // Confidential." The document was addressed to "Scott" and "Angela" and sought their legal advice. An email identified in Uber's privilege log as JCCP_MDL_PRIVLOG015978 demonstrates that the Scott and Angela referenced in this document are Scott Binnings, then-Senior Counsel, Safety, and Angela Johnson, then Counsel. Ms. Frelinger used the text of JCCP_MDL_PRIVLOG070096 in an email, JCCP_MDL_PRIVLOG015978, she sent to Mr. Binnings, Ms. Johnson, and an Uber non-attorney employee. In this email, Ms. Frelinger sought Mr. Binnings' and Ms. Johnson's legal advice concerning a rider safety issue.  Indeed, both Mr. Binnings and Ms. Johnson responded to her email and provided their legal advice concerning the matter she

identified in JCCP_MDL_PRIVLOG070096. Thus, -70096 is privileged because it was created for the purpose of seeking legal advice from Mr. Binnings and Ms. Johnson, and it facilitated their provision of legal advice.

Plaintiffs' challenge to JCCP_MDL_PRIVLOG070430 and JCCP_MDL_PRIVLOG070431 should be rejected. JCCP_MDL_PRIVLOG070430 is a draft confidential document dated March 12, 2024 and titled "Uber-Guardia Check-In Voice." It is marked "Confidential / AC Privilege" and discusses various potential initiatives to promote rider safety. This document was an attachment to an email that non-attorney Uber employee Pritika Gupta, Consumer Growth at Uber, sent to Daniel Kolta, Uber's Legal Director, Global Safety, and to three Uber non-attorney employees. The email is identified in Uber's privilege log as JCCP_MDL_PRIVLOG070429 and will be provided to the Special Master for review. In that email, Ms. Gupta specifically requested review and approval of recent changes that had been made to the policies outlined in the document concerning rider safety initiatives.

JCCP_MDL_PRIVLOG070431 is another draft of the same document. -70431 is dated February 14, 2024 and is also marked "Confidential / AC Privilege." The parent email UBER_JCCP_MDL_002701062 shows that Ms. Gupta sent this document to Mr. Kolta for review and suggested a meeting to discuss the policies outlined in the document. As such, both of these documents are privileged because they were sent to counsel for the purpose of seeking his legal advice. *Costco v. Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009) ("If 'the communications were made during the course of an attorney-client relationship'—as opposed to a relationship with some other 'dominant purpose'—then 'the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means.'"); *United States ex rel. Schmuckley v. Rite Aid Corp.*, 2023 WL 425841, at *3 (E.D. Cal. Jan. 26, 2023) (finding that documents "sent for the purpose of facilitating legal advice" are privileged.). Defendants will make UBER_JCCP_MDL_002701062 available for the Special Master's review.

**C. Internal Analyses Regarding the Development of Safety Features in Partnership with Uber In-House Counsel**

4

1   Uber's in-house counsel was closely involved in the development of safety features referenced in JCCP_MDL_PRIVLOG070120. *See*, *e.g.*, Apr. 21, 2025 Declaration of Daniel Kolta (provided to the Special Master *ex parte* on April 21, 2025) and June 2, 2025 Declaration of Scott Binnings (Dkt. 3141-1). The Special Master has previously found that other documents on this same subject matter are privileged. The same result is appropriate here. These declarations provide additional context regarding safety features developed at Uber in partnership and with legal analysis from and close involvement with Uber's in-house counsel. As explained in the Kolta and Binnings declarations, Uber's in-house counsel was closely involved with the development of these safety features, which were viewed as particularly complex from a legal perspective. JCCP_MDL_PRIVLOG070120 is one example of in-house counsel's role with the development of these features. This PowerPoint presentation reflects research about how the feature could be introduced in a new market while minimizing legal risks. Daniel Kolta is one of the collaborators of this document. This document incorporated and facilitated his provision of legal advice.

The Special Master should uphold the privilege assertion as to each of the documents submitted for review.

DATED: June 6, 2025                               Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Maria Salcedo*
    MARIA SALCEDO

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
1800 K St. NW Ste. 1000

5

Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
   adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com

MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC