# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Plaintiff WHB 1876 v. Uber Technologies, Inc., et al., No. 3:24-cv-05230* | Case No. 3:23-md-03084-CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING BELLWETHER PLAINTIFF WHB 1876 AND SOCIAL MEDIA PRODICTION**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G. – 15th Floor |

      The Court's Order Resolving Joint Discovery Letter Regarding Requests to Bellwether Plaintiffs (ECF 3136), which specifically addressed disputes regarding social media, directed the parties to raise any remaining disputes about the scope social media discovery through a joint letter.  Pursuant to the Court's Order, the parties have met and conferred.  The parties in this case have reached agreement as to several points but disagree as to a narrow set of issues, which are addressed below.

**Defendants' Position**

This Court has already decided that "plaintiff shall produce social media communications and documents that depict or describe the topics that are determined to be relevant to plaintiff's case." ECF 3136, at 5. The Court directed that a plaintiff's claimed injuries, or other reasonable grounds for inquiry into specific topics, might be sometimes discernable from Plaintiff Fact Sheets and interrogatory responses that further elaborate on the claimed injuries. ECF 3136, at 4-5.

On June 4, 2025, the parties in this case met and conferred at the Court's direction. During the meet and confer, and through subsequent correspondence on June 5 and 6, the parties in this case agreed certain social media materials are in scope and will be produced by Plaintiff. These materials include:

- Social media depicting Plaintiff gathering with friends in a similar environment to which she was in the night of the alleged incident.

- Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident.

- Social media that evidence the number or dates of rides taken with other rideshare services.

- Social media posts on the topic of Uber usage.

- Social media relating to any major traumatic experience or trauma.

- Social media relating to major stressful experiences.

- Social media that indicates Plaintiff experienced emotional pain and suffering.

Pursuant to the Court's order, the responsive time period would "begin two years before the date of the incident" until the present. ECF 3136, at 6. The parties, however, did not reach agreement on the timing of Plaintiff's social media production. That issue is addressed below.

Timing of Production

Plaintiff in this case is scheduled for deposition on June 20, 2025. Defendants request that Plaintiff's social media production and the validation required by this Court's order (ECF 3136) be complete in advance of that deposition. Accordingly, Defendants request that Plaintiff produce responsive materials by June 11. Defendants, in turn, would provide proposed validation parameters consistent with this Court's order by June 13, and ask for the validation materials to be produced by June 18.

**Plaintiff's Position**

Pursuant to this Court's order, the parties met and conferred on June 4, 2025, to try and reach agreement on the scope of social media discovery relevant to Plaintiff WHB 1876's case. This Court identified that while some of Defendants' requests may be relevant to particular harms claimed by each plaintiff, "for plaintiffs not claiming [those] particular injuries, and whose cases do not otherwise implicate those issues, [such as drug or alcohol use], many of Uber's inquiries

go toward inherently private subjects that may have nothing to do with plaintiff's case." ECF 3136, at 4. Plaintiff's statement on topics agreed upon by the parties is as follows:

Plaintiff's Statement of Agreed Topics

Plaintiff agrees with the following aspects of Defendants' representation of what was agreed upon during the meet and confer as being social media materials in scope. Plaintiff will agree to produce the following, should they be found to exist:

- Social media depicting Plaintiff gathering with friends in a similar environment to which she was in the night of the alleged incident;

- Social media posts (if any) that depict drug/alcohol use within 24 hours of the alleged incident;

- Social media that evidences the number or dates of rides taken with other rideshare services;

- Social media posts on the topic of Uber usage;

- Social media relating to any major traumatic experience or trauma Plaintiff experienced;

- Social media relating to major stressful experiences Plaintiff experienced;

- Social media that indicates Plaintiff experienced emotional pain and suffering; and

- Social media relating to Plaintiff's mental health diagnosis of anxiety.

Disagreements with Defendants' Positions

Plaintiff disagrees with Defendants' self-imposed deadlines regarding the timing of Plaintiff's social media production. As discussed during the meet and confer on June 4th, Plaintiff has been on an international vacation since May 25th and will not return until June 7th. She has not been reachable while she has been out of the country. Given that Plaintiff has been unreachable for two weeks, undertaking a reasonable and diligent search of all her social media content before June 11th and providing the proposed validation materials by June 13th is highly improbable. However, we will attempt to comply with the proposed schedule in good faith and keep Defendants apprised of our progress after speaking with Plaintiff.

Lastly, Plaintiff does not believe that the Court's order requiring "a further joint letter" envisioned lengthy letter briefs for each individual case. But Uber requested that the parties file individual letters for each case, and Plaintiffs deferred to Uber as the moving party.

DATED: June 6 , 2025

| | |
|---|---|
| */s/ Walt Cubberly*<br>John Eddie Williams, Jr. Esq.<br>Brian Abramson, Esq.<br>Margret Lecocke, Esq.<br>Sejal K. Brahmbhatt, Esq.<br>Walt Cubberly, Esq.<br>Batami Baskin, Esq.<br>Myles Shaw, Esq.<br>Stasja Drecun, Esq.<br><br>**WILLIAMS HART & BOUNDAS, LLP**<br>8441 Gulf Freeway, Suite 600<br>Houston, Texas 77017-5051<br>Email: wcubberly@whlaw.com<br><br>*Attorneys for Plaintiff*<br>*WHB 1876* | */s/ Christopher V. Cotton*<br>CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)<br><br><br><br><br><br><br><br><br>**SHOOK, HARDY, & BACON L.L.P,**<br>2555 Grand Blvd,<br>Kansas City, MO 64108<br>Email: ccotton@shb.com<br><br>*Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC |