UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Plaintiff WHB 1486 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04803 | Case No.: 3:23-cv-03084-CRB<br>MDL No. 3084<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING BELLWETHER PLAINTIFF WHB 1486 AND SOCIAL MEDIA PRODUCTION**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

      The Court's Order Resolving Joint Discovery Letter Regarding Requests to Bellwether Plaintiffs (ECF 3136), which specifically addressed disputes regarding social media, directed the parties to raise any remaining disputes about the scope social media discovery through a joint letter.  Pursuant to the Court's Order, the parties have met and conferred.  The parties in this case have reached agreement as to several points, but disagree as to a narrow set of issues, which are addressed below.

1

**Defendants' Position**

This Court has already decided that "plaintiff shall produce social media communications and documents that depict or describe the topics that are determined to be relevant to plaintiff's case." ECF 3136, at 5. The Court directed that a plaintiff's claimed injuries, or other reasonable grounds for inquiry into specific topics, might be sometimes discernable from Plaintiff Fact Sheets and interrogatory responses that further elaborate on the claimed injuries. ECF 3136, at 4-5.

On June 4, 2025, the parties in this case met and conferred at the Court's direction. During the meet and confer, and through subsequent correspondence on June 5 and 6, the parties in this case agreed certain social media materials are in scope and will be produced by Plaintiff. These materials include:

- Social media that evidence the number or dates of rides taken with other rideshare services. The parties have conferred and agreed that this also includes social media relating to the use of public transportation as Plaintiff alleges that she relies on public transportation due to the alleged incident.

- Social media posts on the topic of Uber usage.

- Social media relating to any major traumatic experience or trauma.

- Social media relating to major stressful experiences.

- Social media that indicates Plaintiff experienced emotional pain and suffering.

Pursuant to the Court's order, the responsive time period would "begin two years before the date of the incident" until the present. ECF 3136, at 6.

The parties, however, did not reach agreement on certain points. The details of the disputed discovery are set forth below.

Disputed Discovery

First, Plaintiff in this case objects to producing social media until the Court decides whether her case will remain in Wave 1. Plaintiff's position is not acceptable and ignores the fact that the social media production obligation applies to all Bellwether plaintiffs, not just the Wave 1 plaintiffs, each of whom were served with requests for production in March 2025. If this case is not dismissed and stays in the bellwether group, Plaintiff's social media production obligation remains.

Second, the parties did not reach agreement as to the timing of Plaintiff's social media productions. Plaintiff was originally scheduled for deposition in May, but that was cancelled by Plaintiff due to her personal circumstances which form the basis for her request to be removed from Wave 1. If this case remains in Wave 1, Defendants request that Plaintiff produce responsive materials by June 11 because her deposition would need to take place soon thereafter. Defendants, in turn, would provide proposed validation parameters consistent with this Court's order by June 13, and ask for the validation materials to be produced by June 18. If this case is not dismissed and is moved to a later Wave, Defendants request that Plaintiff be ordered to produce responsive social media within 30 days. The validation process ordered by the Court will follow that production.

Third, Plaintiff objects to producing the following two specific categories of social media.

- Social media relating to Plaintiff's attendance at social gatherings.
- Social media relating to Plaintiff's mental health.

These materials are relevant in light of this Plaintiff's claimed damages. For example, this Plaintiff alleges the following: "Pain and suffering and mental anguish; Plaintiff was made to feel extremely uncomfortable and unsafe during and after the ride, and as a result of the incident has become very distrustful of others and bottled up her feelings." *See* Exh. A, Supp. Response to Interrogatory No. 4. Plaintiff further claims: "Mental anguish; pain and suffering." *See* Exh. B, Verified PFS, Sept. 12, 2024, ¶ 31.

In light of Plaintiff's allegations, Defendants seek the additional social media described above. With respect to discovery of social media relating to Plaintiff's attendance at social gatherings, Plaintiff acknowledged in correspondence that a tailored request for such social media materials could be proportional to the needs of the case, but Plaintiff deferred meeting and conferring on the topic until such time as this case's status as a Wave 1 Bellwether case is decided. Given the nature of Plaintiff's allegations– including Plaintiff's claim that she has become very distrustful of others and bottled up her feels – discovery of Plaintiffs attendance at social gatherings is clearly relevant. Indeed, such discovery will provide a window into whether such injuries have occurred, and if they did, the timing and causes of them. Similarly, social media relating to Plaintiff's mental health diagnoses are relevant in light of Plaintiff's explicit claim that the alleged incident at issue here caused her "mental anguish". Defendants are entitled to discovery into Plaintiff's mental health issues, including details of which she shared with third parties on social media. Plaintiff should be compelled to produce the two additional categories of social media that remain in dispute.[1] *See EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 435 (S.D. Ind. 2010) ("[i]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social media] content, and an examination of that content might reveal whether onset occurred, when, and the degree of distress. Further, information that evidences other stressors that could have produced the alleged emotional distress is also relevant.").

---

[1] *See generally Simply Storage Mgmt.*, 270 F.R.D. at 436 ("the appropriate scope of relevance is any profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) and SNS applications . . . that reveal, refer, or relate to any emotion, feeling, or mental state, as well as communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state."); *Lin v. Solta Medical Inc.*, No. 21-cv-05062-PJH, 2024 WL 858750, *2 (N.D. Cal. Feb. 15, 2024) (compelling production of social media posts as relevant to plaintiff's theories of damages); *Lieberman v. Unum Group*, No. 5:20-cv-1798-JGB, 2021 WL 8154889, *9 (C.D. Cal. Oct. 14, 2021) (compelling social media posts as "relevant because they may contain objective and contemporaneous examples of plaintiff's activities and functionality"); *Rosales v. Crawford & Co.*, No. 2:20-cv-02530, 2021 WL 4429468, *6 (E.D. Cal. Sept. 27, 2021) (recognizing that social media activity is reflective of an individual's contemporaneous emotions and mental state); *Anderson v. CentraArchy Restaurant Mgmt. Co.*, No.1:14-CV-539-LMM-ECS, 2014 WL 13066216, *3-4 (N.D. Ga. Dec. 2, 2014) (compelling production of social media activity and communications during relevant timeframe as reflective of plaintiff's emotional state and relevant to claims of emotional distress).

**Plaintiff's Position**

Pursuant to this Court's order, the parties met and conferred on June 4, 2025, and subsequently corresponded to try and reach agreement on the scope of social media discovery relevant to Plaintiff WHB 1486's case. This Court identified that while some of Defendants' requests may be relevant to particular harms claimed by each plaintiff, "for plaintiffs not claiming [those] particular injuries, and whose cases do not otherwise implicate those issues, [such as drug or alcohol use], many of Uber's inquiries go toward inherently private subjects that may have nothing to do with plaintiff's case." ECF 3136, at 4. Plaintiff's statement on topics agreed upon by the parties and topics disputed by the parties is as follows:

**Plaintiff's Statement of Agreed Topics**

Plaintiff agrees with the following aspects of Defendants' representation of what was agreed upon during the meet and confer and subsequent discussion as being social media materials in scope of what is relevant to the cause of action. Plaintiff will agree to produce the following, should they be found to exist, with the caveat that amended discovery requests reflecting the same be propounded with the below terms of "relating to", "major", "traumatic", "trauma", and "stressful" clearly defined such that Plaintiff may respond accordingly, reserving the right to object to those definitions:

- Social media posts that evidence the number or dates of rides taken with other rideshare services.

- Social media posts on the topic of Uber usage.

- Social media relating to any major traumatic experience or trauma.

- Social media posts relating to major stressful experiences.

- Social media that indicates Plaintiff experienced emotional pain and suffering.

**Plaintiff Statement of Disputed Topics for which Agreement was Misstated by Defendants**

Plaintiff disagrees with Defendants' position that agreement was reached to the following during meet and confer:

- Plaintiff disagrees with Defendants that public transportation was discussed.

Plaintiff disagrees with Defendants' representation that public transportation was discussed during the meet and confer. In the spirit of compromise, and recognizing Plaintiff's discovery responses identify reliance on public transit following the incident, to the extent that posts are found to exist evidence Plaintiff's reliance on public transit following the incident, Plaintiff agrees to produce those posts upon a narrowly tailored discovery request for the same being propounded.

- Plaintiff does not object to producing social media.

Plaintiff does not object to producing social media, contrary to Defendants' statement, but articulated timing may not need to proceed by Wave 1 deadlines should the case be deferred to a later trial wave. Plaintiff simply stated that further meeting and conferring on scope, should it be required, and timing of production once said scope is propounded on Plaintiff, might best wait until after the case management conference set to occur today, Friday June 6th, before Judge Breyer, in the spirit of maintaining consistency with other non-wave 1 deadlines as they become determined and stipulated to. As articulated in the position letter provided to Defendants following the meet and confer, Plaintiff has conducted the exercise of going through, topic by topic, and stating her position, so that Defendants may consider the same.

- Plaintiff objects to Defendants' proposed timing of production.

Plaintiff does however object to Defendants' request that, should Plaintiff WHB 1486's case be moved to a later trial Wave, Plaintiff be ordered to produce responsive social media within 30 days. Plaintiff instead requests the Court order Defendants to articulate any more narrowly tailored requests in writing, and propound them Plaintiffs once the responsive scope is ordered by this Court. Plaintiff will then respond in accordance with deadlines articulated in the rules of this Court and the Federal Rules of Civil Procedure.

**<u>Plaintiff's Response to Defendants' Disputed Discovery Topics</u>**

- Social media relating to Plaintiff's attendance at social gatherings needs to be more narrowly construed.

Plaintiff further incorporates her position statement as articulated in the letter sent to Defendants following meet and confer, that this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. *See* Exh. C, Letter to Defendants dated June 5, 2025, re: Plaintiff WHB 1486's Position on Relevance of RFP Nos. 16 and 17 Topics Post M&C on Social Media Search. Plaintiff further elaborates that she recognizes the topic of social gatherings to be relevant to the extent that she was en route to a family social gathering at the time the incident occurred. As such, Plaintiff recognizes social media posts evidencing that particular gathering, should they exist, are relevant and discovery of those materials is proportional to the needs of this case.

However, Plaintiff disagrees that social media posts two years prior to the incident showing a social gathering would be relevant to any degree. Therefore, for anything beyond the scope of posts evidence the social gathering Plaintiff was en route to attend on the day of the incident, Plaintiff invites Defendants to articulate more narrowly defined scope as to what it is they are seeking, and Plaintiff is both willing to meet and confer and respond accordingly, should the scope be tailored to suit and proportional to the needs of this case.

- Social media relating to Plaintiff's mental health

5

Plaintiff further incorporates her position statement as articulated in the letter sent to Defendants following meet and confer, that social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. This topic is not at issue in this case. Plaintiff has not been diagnosed with any mental health condition in the relevant period of 10 years prior to the incident to present. *See* Exh. C, Letter to Defendants dated June 5, 2025, re: Plaintiff WHB 1486's Position on Relevance of RFP Nos. 16 and 17 Topics Post M&C on Social Media Search.

Plaintiff has made it very clear in all interrogatory responses, her PFS, and discovery propounded to date that she has not been diagnosed with any mental health condition. Plaintiff recognizes the topic of mental health is relevant to her case, and while this request remains ill-defined as articulated, Plaintiff recognizes a more narrowly tailored request could be proportional to the needs of this case on account Plaintiff suffered emotional pain and suffering.

Lastly, Plaintiff does not believe that the Court's order requiring "a further joint letter" envisioned lengthy letter briefs for each individual case. But Uber requested that the parties file individual letters for each case, and Plaintiffs deferred to Uber as the moving party.

| | |
|---|---|
| */s/ Walt Cubberly* <br> John Eddie Williams, Jr. Esq. <br> Brian Abramson, Esq. <br> Margret Lecocke, Esq. <br> Sejal K. Brahmbhatt, Esq. <br> Walt Cubberly, Esq. <br> Batami Baskin, Esq. <br> Myles Shaw, Esq. <br> Stasja Drecun, Esq. <br><br> **WILLIAMS HART & BOUNDAS, LLP** <br> 8441 Gulf Freeway, Suite 600 <br> Houston, Texas 77017-5051 <br> Email: wcubberly@whlaw.com <br><br> *Attorneys for Plaintiff* <br> *WHB 1876* | */s/ Christopher V. Cotton* <br> CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*) <br><br><br><br><br><br><br><br> **SHOOK, HARDY, & BACON L.L.P,** <br> 2555 Grand Blvd, <br> Kansas City, MO 64108 <br> Email: ccotton@shb.com <br><br> *Attorneys for Defendants* <br> UBER TECHNOLOGIES, INC., <br> RASIER, LLC, and RASIER-CA, LLC |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, have authorized the filing.

Dated: June 6, 2025

By: */s/ Christopher V. Cotton*

7