# Exhibit C



**SEJAL K. BRAHMBHATT**
PARTNER

Direct 713-230-2227
sbrahmbhatt@whlaw.com

June 5, 2025

*VIA E-MAIL*
Hassia Diolombi
Shook Hardy & Bacon, LLP
hdiolombi@shb.com

RE:    Plaintiff WHB 1486's Position on Relevance of RFP Nos. 16 and 17 Topics Post M&C
on Social Media Search

Dear Ms. Diolombi,

We appreciate your meeting and conferring with us on June 4, 2025, at 9:30AM CST pursuant to Judge Cisneros' recent discovery order resolving social media discovery requests to Bellwether Plaintiffs, entered on June 2, 2025 (ECF 3136).

Plaintiff interprets J. Cisneros' order to involve a process in two phases; the first phase identifying which topics articulated in Uber's Requests for Production Nos. 16 and 17 are relevant to each case such that Defendants may produce more narrowly tailored discovery requests to Plaintiff, or that briefing may be submitted to the Court should an impasse be reached, and the second phase defining a validation protocol agreeable to the parties in order to confirm narrowly tailored searches are identifying responsive social media posts.

As discussed in that meet and confer, Plaintiff WHB 1486's position remains that the second phase of discussion pursuant to J. Cisneros' order concerning precise search terms and/or validation protocols should be deferred until such time as J. Breyer has had an opportunity to hear and rule on the status of Plaintiff WHB 1486 as a wave 1 Bellwether case, which is subject to change. Plaintiff has understood Defendants agree with this position. Below is Plaintiff's position regarding which topics articulated in Uber's Requests for Production Nos. 16 and 17 are relevant to WHB 1486's case. In good faith, we are willing to continue discussions regarding all responses with hopes of amicable resolution.

Incorporating and notwithstanding her previous objections to Uber's Requests for Production Nos. 16 and 17, Plaintiff WHB 1486 hereby articulates her position as to the relevancy and scope of topics articulated in Uber's Requests for Production Nos. 16 and 17 to her case, specifically:

Request for Production No. 16

(a) Social Gatherings

Request for Production No. 16(a) asks for "all documents and communications on social media. . . that depict, describe, or relate to. . . you attending social gatherings, public or private, with

people you know or with strangers."

As articulated, this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. While Plaintiff's discovery responses do not implicate any change in her social behavior as a result of the incident, Plaintiff recognizes a more substantively narrow, tailored request could be proportional to the needs of the case on account of the subject incident occurring on route to a family social gathering attended by Plaintiff. Plaintiff is willing to meet and confer further on this topic at such time as WHB 1486's status as a wave 1 Bellwether pick is either confirmed or deferred to a later wave.

(b) <u>Hobbies</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated decreased interest in pursuing her hobbies, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to her hobbies are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(c) <u>Alcohol or Drug Use</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated alcohol or drug use either surrounding the subject incident, or as a result of the subject incident, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to alcohol or drug use are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(d) <u>Use of Uber, Lyft, or any other rideshare service</u>

Request for Production No. 16(d) asks for "all documents and communications on social media. . . that depict, describe, or relate to. . . use of Uber, Lyft, or any other ridesharing service."

As articulated, this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. Plaintiff believes this request to be compound and conflate two separate topics as it applies to this case. While Plaintiff's use of other rideshare services than Uber is not implicated in the incident, pursuant to recent rulings by J. Cisneros, Plaintiff would be amenable to production of social media posts that evidence either the number or dates of rides taken with other rideshare services. Plaintiff's position is that any other discovery into social media on the topic of other rideshare services than Uber is irrelevant to any party's claim or defense and not proportional to the needs of the case.

Separately, however, on the topic of Uber usage, Plaintiff recognizes a more substantively narrow, tailored could proportional to the needs of the case. Plaintiff is willing to meet and confer further on this topic at such time as WHB 1486's status as a wave 1 Bellwether pick is either confirmed or deferred to a later wave.

Request for Production No. 17

(a) <u>Any mental health diagnosis</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Plaintiff's is not alleging a diagnosable mental health condition, as such, this topic is not at issue in this case. Further, Plaintiff has not been diagnosed with any mental health condition in the relevant period of 10 years prior to the incident to present.

(b) <u>Any traumatic experience</u>

Request for Production No. 17(b) asks for all documents and communications on social media. . . that depict, describe, or relate to. . . "any traumatic experience."

As articulated, this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. Plaintiff recognizes a more substantively narrow, tailored request could be proportional to the needs of the case on account of the subject incident being a traumatic experience. Plaintiff is willing to meet and confer further on this topic at such time as WHB 1486's status as a wave 1 Bellwether pick is either confirmed or deferred to a later wave.

(c) <u>Any nonsexual assault or battery</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. The subject incident did not involve *nonsexual* assault or battery, only sexual assault and battery, and as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to any nonsexual assault or battery are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(d) <u>Depression</u>

*See supra* Plaintiff's position on Request for Production No. 17(a) – any mental health diagnosis.

(e) <u>Anxiety</u>

*See supra* Plaintiff's position on Request for Production No. 17(a) – any mental health diagnosis.

(f) <u>PTSD</u>

*See supra* Plaintiff's position on Request for Production No. 17(a) – any mental health diagnosis.

(g) <u>Difficulty falling asleep and/or staying asleep</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated difficulty falling asleep and/or staying asleep as a result of the subject incident, as such, this topic is not at issue

in this case. Plaintiff's social media posts that depict, describe, or relate to her sleep habits are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(h) <u>Stress-related gastrointestinal disturbances</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated stress-related gastrointestinal disturbances as a result of the subject incident, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to any stress-related gastrointestinal disturbances are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(i) <u>Hypoactive sexual desire</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated hypoactive sexual desire as a result of the subject incident, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to any hypoactive sexual desire are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(j) <u>Suicidal ideation and/or planning</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated suicidal ideation and/or planning as a result of the subject incident, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to any suicidal ideation and/or planning are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(k) <u>Stress</u>

Request for Production No. 17(k) asks for all documents and communications on social media. . . that depict, describe, or relate to. . . "stress."

As articulated, this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. Plaintiff recognizes a more substantively narrow, tailored request could be proportional to the needs of the case on account of the subject incident inducing a stress response. Plaintiff is willing to meet and confer further on this topic at such time as WHB 1486's status as a wave 1 Bellwether pick is either confirmed or deferred to a later wave.

(l) <u>Headaches and/or migraines</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated headaches and/or migraines as a result of the subject incident, as such, this topic is not at issue in this case.

Plaintiff's social media posts that depict, describe, or relate to any headaches and/or migraines are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(m) <u>Difficulty concentrating</u>

Social media posts on this topic are not relevant to any party's claim or defense and the request is not proportional to the needs of the case. Nothing in Plaintiff's production has implicated difficulty concentrating as a result of the subject incident, as such, this topic is not at issue in this case. Plaintiff's social media posts that depict, describe, or relate to any difficulty concentrating are inherently private and discovery into them in this case would be an unnecessary intrusion into her privacy.

(n) <u>Trauma</u>

*See supra* Plaintiff's position on Request for Production No. 17(b) – any traumatic experience.

(o) <u>Emotional Pain and Suffering</u>

Request for Production No. 17(o) asks for all documents and communications on social media. . . that depict, describe, or relate to. . . "emotional pain and suffering."

As articulated, this topic is overbroad, ambiguous, and creates undue burden on Plaintiff to respond as it encompasses too large a scope to be permissible. Plaintiff recognizes a more substantively narrow, tailored request could be proportional to the needs of the case on account of the subject incident causing her emotional pain and suffering, which is the primary injury suffered by Plaintiff. Plaintiff is willing to meet and confer further on this topic at such time as WHB 1486's status as a wave 1 Bellwether pick is either confirmed or deferred to a later wave.

Plaintiff WHB 1486 looks forward to meeting and conferring further at such time as her status as a wave 1 Bellwether pick is either confirmed or deferred.

Sincerely,
*/s/ Sejal K. Brahmbhatt*
Sejal K. Brahmbhatt

CC:    Andrea Steele asteele@shb.com
       Chris Cotton ccotton@shb.com
       Cate Aubuchon caubuchon@shb.com