# Exhibit 1

1  RACHEL B. ABRAMS (Cal Bar No. 209316)
   ADAM B. WOLF (Cal Bar No. 215914)
2  SARA B. CRAIG (CAL BAR NO. 301290)
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
3  555 Montgomery Street, Suite 820
   San Francisco, CA 94111
4  Telephone: 415.766.3544
   Facsimile: 415.840.9435
5  Email: rabrams@peifferwolf.com
   Email: awolf@peifferwolf.com
6  Email: scraig@peifferwolf.com

7  TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
8  15 E. Baltimore Ave
   Detroit, MI 48202
9  Telephone: (313) 572-4727
   Facsimile: (415) 840-9435
10 Email: tellis@peifferwolf.com

11 CRISTINE FARAH (*Admitted Pro Hac Vice*)
   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
12 935 Gravier Street, Suite 1600
   New Orleans, LA 70112
13 Telephone: (504) 523-2434
   Facsimile: (415) 840-9435
14 Email: cfarah@peifferwolf.com

15 *Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*A.R. v. Uber Technologies, Inc., et al.*, 3:24-cv-07821 | **MDL No. 3084 CRB**<br><br>**PLAINTIFF A.R.'S FIRST SUPPLEMENTAL REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES** |

PROPOUNDING PARTIES:   DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC

RESPONDING PARTY:   PLAINTIFF A.R.

on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or recall more responsive, nonprivileged, relevant information.

**INTERROGATORY NO. 3**:

Identify ANY INJURIES YOU sustained because of the ALLEGED INCIDENT AND ANY DAMAGES to which YOU claim OR expect to claim that YOU are entitled as a result of the ALLEGED INCIDENT.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 3**:

Plaintiff objects to Interrogatory No. 3 to the extent that it requires a legal conclusion and/or the disclosure of information that is protected from disclosure by the attorney-client privilege and/or the attorney work-product doctrine.

Plaintiff further objects to the extent that this Request seeks, prematurely, expert materials and/or opinions, as doing so impermissibly intrudes upon her counsel's work product.

Plaintiff further objects that case specific discovery has just begun, and as such this request may be premature.

Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

The Alleged Incident has caused Plaintiff to experience the following:

- ███████████████████████████████████████ in the immediate aftermath of the Alleged Incident;
- ███████████████████████████████ since the date of the Alleged Incident and to this day;
- ██████████████████████████████████████ since the date of the Alleged Incident and to this day;
- ████████████████████████████ since the date of the Alleged Incident and to this day;
- █████████████████████████████████████████ experienced since the date of the Alleged Incident and to this day;
- █████████████████████████████████████████ experienced since the date of the Alleged Incident and to this day;

3

1 - ████████████████████████████████████████████████████████████
2 ████████████████████ experienced since the date of the Alleged Incident and to this day;
3 - ████████████████████████████████████████████████████████████
4 ████████████ experienced since the date of the Alleged Incident and to this day;
5 - ████████████████████████████████████ experienced for months following the
6 Alleged Incident;
7 - ██████████████████████ experienced for months following the Alleged Incident;
8 - ████████████████████████████ experienced for months following the Alleged
9 Incident;
10 - ████████████████████████████████████████████████████████████
11 ██████████████████████████████ experienced since the date of the Alleged Incident
12 and to this day;
13 - ████████████████████████████████████████████████████████████
14 ████████████████████████████████████████ experienced since the date
15 of the Alleged Incident and to this day;
16 - ██████████████████████████████████ since the date of the Alleged Incident
17 and to this day;
18 - ████████████████████████████████████████████████ for weeks
19 following the date of the Alleged Incident; and
20 - ████████████████████████████████████████████████████████████
21 ████████ since the date of the Alleged Incident and to this day.
22     Additionally, Plaintiff will not be seeking vocational or academic injuries.
23     If Defendants believe further data is relevant and subject to discovery, Plaintiff is willing to confer
24 on this issue. Plaintiff reserves the right to supplement this response at a later time should she obtain or
25 recall more responsive, nonprivileged, relevant information.
26 **INTERROGATORY NO. 6**:
27     IDENTIFY ANY MEDICAL PRACTITIONER who has diagnosed, examined, AND/OR
28 provided YOU with ANY psychological, psychiatric, OR other mental health treatment, at ANY time