Exhibit 3

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB** |
| | **PLAINTIFF A.R.'S REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR PRODUCION, SET ONE** |
| This Document Relates to: | |
| *A.R. v. Uber Technologies, Inc., et al.*, 3:24-cv-07821 | |

PROPOUNDING PARTIES:        **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S**

RESPONDING PARTY:        **PLAINTIFF A.R.**

SET NO.**:**        **ONE**

1   **REQUEST FOR PRODUCTION NO. 16**:

2       ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted, sent,

3   directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED

4   INCIDENT to the present that depict, describe, OR RELATE TO (a) YOU attending social gatherings,

5   public OR private, with people YOU know OR with strangers; (b) YOU practicing hobbies of ANY kind

6   whether done alone OR with people; (c) alcohol OR drug use; AND/OR (d) use of UBER, Lyft, OR ANY

7   other ridesharing service, regardless of whether the information is publicly available OR requires a

8   password AND login to access.

9   **RESPONSE TO REQUEST FOR PRODUCTION NO. 16**:

10      Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope;

11  disproportionate to the needs of the case; unduly burdensome to the point of being harassing and

12  oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant

13  information.

14      In accordance with the Federal Rule of Civil Procedure ("Rule") 26(b)(1), the scope of discovery

15  must be both limited to matters relevant to the claims and defenses and proportional to the needs of the

16  case, taking into account, *inter alia*, the importance of the discovery  in resolving the issues at stake, the

17  parties' relative access to the relevant information, the parties' resources, and whether the burden or

18  expense of the proposed discovery outweighs its likely benefit. Under this lens, Defendant's Request

19  seeking all "ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted,

20  sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the

21  ALLEGED INCIDENT to the present that depict, describe, OR RELATE TO (a) YOU attending social

22  gatherings, public OR private, with people YOU know OR with strangers; (b) YOU practicing hobbies of

23  ANY kind whether done alone OR with people; (c) alcohol OR drug use; AND/OR (d) use of UBER,

24  Lyft, OR ANY other ridesharing service" fails to pass muster.

25      Uber cannot reasonably establish that social media posts about attending social gatherings or

26  engaging in a hobby going back ***five years*** prior to the assault at issue in this lawsuit is either relevant or

27  reasonably tailored to the needs of this litigation. Furthermore, the request is vague and ambiguous as to

28  the undefined terms "social gathering" and "hobbies," the former of which could conceivably involve any

1     activity in which Plaintiff was with one or more other people, and the latter of which could broadly include

2     any activity she has ever done voluntarily, either alone or with others. Such a request creates an undue

3     burden on Plaintiff and counsel to compile, review, and produce an extensive amount of information

4     without clear parameters or relevance to the issues at hand.

5         Defendant's Request is overbroad, disproportionate, and would necessitate hours of labor to

6     review documents, exchanges, posts, and private direct messages, many or all of which may be unrelated

7     to this action's claims and defenses. Absent some explanation of why such materials would be relevant to

8     this litigation, the request is not appropriate and appears specifically aimed at embarrassing, harassing,

9     and/or unduly burdening Plaintiff. *See, e.g.*, *Prado v. Equifax Information Services LLC*, 331 F.R.D. 134,

10    138 (2019).

11        Defendant's Request is furthermore objectionable on privacy grounds because it would require

12    Plaintiff to produce materials that are highly private and/or sensitive, including private, non-public

13    communications wholly unrelated to this action that pre-date her injuries and allegations by half a decade.

14        Plaintiff further objects that the vast majority of the records sought are public records that are at

15    least as accessible to Propounding Parties as to Plaintiff. As such, there is no basis for putting the burden

16    of searching for, requesting, and producing such documents on Plaintiff. *See* Fed. R. Civ. Proc. 26(2)(C)

17    (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained

18    from some other source that is more convenient, less burdensome, or less expensive).

19        To the extent that this Request seeks information that is not publicly available, Plaintiff objects on

20    privacy and proportionality grounds. Propounding Parties "do[] not have a generalized right to rummage

21    at will" through social media posts that "Plaintiff has limited from public view," especially where the

22    Propounding Parties "ha[ve] nothing more than [their] hope that there might be something of relevance in

23    the social media posts." *Palma v. Metro PCS Wireless, Inc*., 18 F.Supp.3d 1346, 1347-48 (M.D. Fla.

24    2014). Instead, the Propounding Parties must still make "a threshold showing that the requested

25    information is reasonably calculated to lead to the discovery of admissible evidence." *Mailhoit v. Home

26    Depot U.S.A., Inc*., 285 F.R.D. 566, 570-71 (C.D. Cal. 2012) (holding social media network

27    communications are "not necessarily probative of the particular mental and emotional health issues in the

28    case" unless they bear directly on the claims and issues in the case).

1      "[D]istrict courts within the Ninth Circuit have permitted discovery of a party's social media posts

2  and information, but at least for emotional distress claims, the requests must be 'narrowed by websites or

3  platforms, time-period, and content related to the case.'" *Kellman v. Spokeo, Inc.*, No. 3:21-cv-08976-

4  WHO, 2023 U.S. Dist. LEXIS 13132, at *3 (N.D. Cal. Jan. 25, 2023) (internal citations omitted); *see also*,

5  *Perez v. Directv Grp. Holdings*, No. SA CV 16-01440-MS (DFMx), 2020 U.S. Dist. LEXIS 259346, at

6  *26 (C.D. Cal. July 23, 2020) (holding a request for "virtually unfettered and unlimited access" to a party's

7  social media account was "overbroad as written"). Applying this rule, courts have routinely held that

8  incredibly broad requests for every single social media post that might conceivably bear on Plaintiff's

9  emotional well-being or mental state, even where such requests are temporally limited to a far more

10  constrained and relevant time period than that in Propounding Parties' Request No. 16, fail "to put a

11  'reasonable person of ordinary intelligence' on notice of which specific documents or information would

12  be responsive to the request, and therefore fails to satisfy Rule 34(b)(1)(A)'s requirement that production

13  requests be stated with reasonable particularity." *Mailhoit*, 285 F.R.D. at 571.

14      Here, Defendants have sought an extremely broad category of information relating to four broad

15  and unrelated topics, none of which are defined with any specificity, over a multi-year period, most of

16  which is not even proximal to the events at issue and thus cannot possibly relate to the physical, mental,

17  and/or emotional conditions that Plaintiff has put at issue in this case. Moreover, the requests are not even

18  limited to Plaintiff's own posts and messages, but extend to posts made by third parties that Plaintiff

19  merely received, was tagged in, or that mentioned Plaintiff. *See Mailhoit*, 285 F.R.D. at 569 (posts and/or

20  tags made by third parties have minimal probative value). In short, "rather than tailor its requests,

21  Defendants seek 'to rummage through the entirety of [Plaintiff's] social media profiles and

22  communications in the hope of concocting some inference about her state of mind.'" *Id.*

23      Absent some explanation of why every single social media post from up to seven years prior to

24  now about any gathering of more than one person, any hobby, any time Plaintiff had a beer, or anytime

25  Plaintiff took a rideshare ride is probative of any of the claims or defenses in this case, Request No. 16 is

26  impermissibly overbroad and oppressive.

27      Plaintiff has posted extensively on social media during the specified time period. As such,

28  requiring her to review and produce such voluminous records, particularly where the information sought

1  is not stated with reasonable particularity, is unduly burdensome and disproportionate to the needs of the

2  case. Even if some negligible information about Plaintiff's claims could be gleaned from this information,

3  the burden far outweighs the likely benefit.

4      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

5      **Plaintiff stands on her objections and will not search for or produce documents in response**

6  **to this request.**

7      If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer

8  on this issue. Plaintiff reserves the right to supplement this response at a later time.

9  **REQUEST FOR PRODUCTION NO. 17**:

10     ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA AND/OR a social

11 networking website that YOU, posted, sent, directed, received AND/OR were tagged in OR mentioned

12 in, from five (5) years prior to the ALLEGED INCIDENT to the present, that depict, describe, OR

13 RELATE TO ANY mental OR emotional state OR condition of YOURS, INCLUDING but not limited

14 to those RELATED TO (a) ANY mental health diagnosis, (b) ANY traumatic experience, (c) ANY

15 nonsexual assault OR battery, (d) depression, (e) anxiety, (f) PTSD, (g) difficulty falling asleep AND/OR

16 staying asleep, (h) stress-related gastrointestinal disturbances, (i) hypoactive sexual desire, (j) suicidal

17 ideation AND/OR planning, (k) stress, (l) headaches AND/OR migraines, (m) difficulty concentrating,

18 (n) trauma, AND/OR (o) emotional pain AND suffering, regardless of whether the information is publicly

19 available OR requires a login AND/OR password to access.

20 **RESPONSE TO REQUEST FOR PRODUCTION NO. 17**:

21     Plaintiff objects to this Request on the grounds that this request is overbroad as to time and scope;

22 disproportionate to the needs of the case; unduly burdensome to the point of being harassing and

23 oppressive; and seeks information that is neither relevant nor likely to lead to the discovery of relevant

24 information.

25     Plaintiff objects to the overbroad term "related to." *See, e.g.*, *Frieri v. Sysco Corp.*, 2017 WL

26 3387713, at *11 (S.D. Cal. Aug. 4, 2017) ("[O]verbroad requests for "all documents" related to the broad

27 categories identified are not proportionate to the needs of the case.").

28     Plaintiff further objects that the vast majority of the records sought are public records that are at

1   least as accessible to Propounding Parties as to Plaintiff. As such, there is no basis for putting the burden

2   of searching for, requesting, and producing such documents on Plaintiff. *See* Fed. R. Civ. Proc. 26(2)(C)

3   (providing the court may limit discovery if it is unreasonably cumulative or duplicative, or can be obtained

4   from some other source that is more convenient, less burdensome, or less expensive).

5       In the interests of brevity, Plaintiff hereby incorporates in full her arguments and case citations

6   related to burden, specificity, and proportionality in seeking discovery of social media posts previously

7   stated in her Response to Request for Production No. 16.

8       Here, Defendants have sought an even broader category of information than in Request No. 16,

9   relating to no fewer than fifteen broad topics, none of which are defined with any specificity. Once again,

10  the vast majority of the time period covered is not even proximal to the events at issue and thus cannot

11  possibly relate to the physical, mental, and/or emotional conditions that Plaintiff has put at issue in this

12  case. Moreover, once again, the requests are not even limited to Plaintiff's own posts and messages, but

13  extend to posts made by third parties that Plaintiff merely received, was tagged in, or that mentioned

14  Plaintiff.

15      Plaintiff has posted extensively on social media during the specified time period. As such,

16  requiring her to review and produce such voluminous records, particularly where the information sought

17  is not stated with reasonable particularity, is unduly burdensome and disproportionate to the needs of the

18  case.

19      Subject to and without waiving the foregoing objections, Plaintiff responds as follows:

20      **Plaintiff stands on her objections and will not search for or produce documents in response**

21  **to this request.**

22      If Defendants believe further data is relevant and subject to production, Plaintiff is willing to confer

23  on this issue. Plaintiff reserves the right to supplement this response at a later time.

24  <u>**REQUEST FOR PRODUCTION NO. 18**</u>:

25      ALL DOCUMENTS RELATING TO YOUR use of the UBER Application at ANY time

26  INCLUDING but not limited to records of payment methods AND gratuities, completed surveys, AND

27  recommendations OR feedback posted on ANY online platform.

28

A.R.'S RESPONSES TO DEFENDANTS' REQUESTS FOR PRODUCTION, SET ONE