UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>3:23-cv-06708 | Case No.: 3:23-MD-03084 CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING BELLWETHER PLAINTIFF JAYLYNN DEAN AND SOCIAL MEDIA PRODICTION**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

     The Court's Order Resolving Joint Discovery Letter Regarding Requests to Bellwether Plaintiffs (ECF 3136), which specifically addressed disputes regarding social media, directed the parties to raise any remaining disputes about the scope social media discovery through a joint letter. Pursuant to the Court's Order, the parties have met and conferred. The parties in this case have reached agreement as to most points but disagree as to a narrow set of issues, which are addressed below.

**Defendants' Position**

This Court has already decided that "plaintiff shall produce social media communications and documents that depict or describe the topics that are determined to be relevant to plaintiff's case." ECF 3136, at 5. The Court directed that a plaintiff's claimed injuries, or other reasonable grounds for inquiry into specific topics, might be sometimes discernable from Plaintiff Fact Sheets and interrogatory responses that further elaborate on the claimed injuries. ECF 3136, at 4-5.

On June 4, 2025, the parties in this case met and conferred at the Court's direction. During the meet and confer, the parties in this case agreed certain social media materials are in scope and will be produced by Plaintiff. These materials include the following:

- Social media relating to alcohol use.

- Social media relating to use of Uber, Lyft, or any other ridesharing service.

- Social media relating to any mental health diagnosis.

- Social media relating to any traumatic experience, depression, anxiety, PTSD, difficulty falling asleep and/or staying asleep.

- Social media pertaining to stress-related gastrointestinal disturbances.

- Social media relating to stress, difficulty concentrating, trauma, and/or emotional pain and suffering.

Pursuant to the Court's order, the responsive time period would "begin two years before the date of the incident" until the present. ECF 3136, at 6.

The parties, however, did not reach agreement on certain points. The details of the disputed discovery are set forth below.

Disputed Discovery

First, the parties did not reach agreement as to the timing of Plaintiff's productions. Plaintiff in this case is scheduled for deposition on June 27, 2025. Defendants request that Plaintiff's social media production and the validation required by this Court's order (ECF 3136) be complete in advance of that deposition. Accordingly, Defendants request that Plaintiff produce responsive materials by June 11. Defendants, in turn, would provide proposed validation parameters consistent with this Court's order by June 13, and ask for the validation materials to be produced by June 18.

Second, Plaintiff objects to producing the following specific categories of social media.

- Social media relating to drug use.
- 
- Social media relating to Plaintiff's attendance at social gatherings.

- Social media relating to Plaintiff's hobbies.

- Social media relating to Plaintiff's ▮

These materials are relevant in light of this Plaintiff's specific damages claims. In particular, this Plaintiff alleges the following:



*See* Exh. A, Plaintiff's Response to Interrogatory #7. Plaintiff further claims.



*See* Exh. A, Plaintiff's Response to Interrogatory #3.

In light of Plaintiff's allegations, Defendants seek the additional, narrowed social media described above. Social media relating to Plaintiff's attendance at social gatherings and participation in hobbies will, for example, be directly relevant to this Plaintiff's claims that the alleged incident modified her ability to ▮ These materials will also be relevant to her claim that the alleged incident led to an ▮ Similarly, social media relating to Plaintiff's romantic relationships will be relevant to her claim that the alleged incident has impacted her ability to interact in a ▮ with others. Defendants are entitled to discovery as to whether Plaintiff experienced such issues, as well the timing and potential explanations unrelated to the alleged incident.

Further, as to drug use, Plaintiff's counsel concedes below that, because the alleged incident "involved intoxication, her counsel agreed to search for all alcohol-related social media posts." According to Plaintiff's own statement to the police, however, the alleged incident also involved drug use, and thus, the same rationale for producing social media content regarding alcohol applies to drug use as well. *See* Exh. B, Tempe Police Record. In addition, Plaintiff, in her verified interrogatory responses has repeatedly denied the existence of a mental health diagnosis and corresponding drug use, but her own reporting to the police contradicts this representation. *See* Exh. A, Plaintiff's Response to Interrogatory #6. Plaintiff should be compelled to produce the additional categories of social media that remain in dispute prior to her deposition.[1] *See EEOC v. Simply Storage Mgmt., LLC*, 270 F.R.D. 430, 435 (S.D. Ind. 2010)

---

[1] *See generally Simply Storage Mgmt.*, 270 F.R.D. at 436 ("the appropriate scope of relevance is any profiles, postings, or messages (including status updates, wall comments, causes joined, groups joined, activity streams, blog entries) and SNS applications . . . that reveal, refer, or relate

("[i]t is reasonable to expect severe emotional or mental injury to manifest itself in some [social media] content, and an examination of that content might reveal whether onset occurred, when, and the degree of distress. Further, information that evidences other stressors that could have produced the alleged emotional distress is also relevant.").

**Plaintiff Jaylynn Dean's Position**[2]

Jaylynn Dean was a high school junior 2 years before she was raped by her Uber driver. As most high school students these days, she was active on social media. Pursuant to this Court's order [ECF 3136], Plaintiff's social media is being searched for additional responsive information, but Uber's requests are not narrowly tailored to Plaintiff's allegations and damages and thus are burdensome and disproportionate to the needs of the case.

Plaintiff will produce responsive documents from these additional searches as soon as possible, but due to the exhaustive undisputed searches already agreed to by the parties, Uber's request for production in less than a week is impracticable. Uber's request makes no sense given the company originally demanded all Plaintiffs sit for deposition in May, regardless of the status of document discovery. The production schedule (particularly the validation piece) is also outside the narrow scope of what the Court ordered the parties to meet and confer and submit a letter on.

Agreed to Social Media Topics:

16(c) alcohol use;
16(d) use of UBER, Lyft, OR ANY other ridesharing service,
17 (a) ANY mental health diagnosis,
17 (b) ANY traumatic experience,
17 (d) depression,
17 (e) anxiety,
17 (f) PTSD,
17 (g) difficulty falling asleep AND/OR staying asleep,
17 (h) stress-related gastrointestinal disturbances,

---

to any emotion, feeling, or mental state, as well as communications that reveal, refer, or relate to events that could reasonably be expected to produce a significant emotion, feeling, or mental state."); *Lin v. Solta Medical Inc.*, No. 21-cv-05062-PJH, 2024 WL 858750, *2 (N.D. Cal. Feb. 15, 2024) (compelling production of social media posts as relevant to plaintiff's theories of damages); *Lieberman v. Unum Group*, No. 5:20-cv-1798-JGB, 2021 WL 8154889, *9 (C.D. Cal. Oct. 14, 2021) (compelling social media posts as "relevant because they may contain objective and contemporaneous examples of plaintiff's activities and functionality"); *Rosales v. Crawford & Co.*, No. 2:20-cv-02530, 2021 WL 4429468, *6 (E.D. Cal. Sept. 27, 2021) (recognizing that social media activity is reflective of an individual's contemporaneous emotions and mental state); *Anderson v. CentraArchy Restaurant Mgmt. Co.*, No.1:14-CV-539-LMM-ECS, 2014 WL 13066216, *3-4 (N.D. Ga. Dec. 2, 2014) (compelling production of social media activity and communications during relevant timeframe as reflective of plaintiff's emotional state and relevant to claims of emotional distress).

[2] Plaintiff does not believe that the Court's order requiring "a further joint letter" envisioned lengthy letter briefs for each individual case. But Uber requested that the parties file individual letters for each case, and Plaintiffs deferred to Uber as the moving party.

17 (k) stress,
17 (m) difficulty concentrating,
17 (n) trauma, AND/OR
17 (o) emotional pain AND suffering,

Disputed Social Media Topics:

Drug use:

As the Court noted, "[s]ome of Uber's requests may be relevant to plaintiff's claiming particular harms after their alleged assault or harassment- like a loss of interest in hobbies or social interaction, increased drug or alcohol use… But for plaintiff not claiming those particular injuries, and whose cases do not otherwise implicate those issues, such as drug or alcohol use, many of Uber's inquiries go toward inherently private subjects that may have nothing to do with plaintiff's case." [ECF 3136 at page 4].

Plaintiff Dean has *not* alleged ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ her counsel agreed to search for all ▓▓▓▓▓▓ social media posts, even posts unrelated to the underlying assault. But Uber insists on seeking more, unrelated discovery. Uber's counsel cites to a ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as the basis for a sweeping social media search for ▓▓▓▓. Plaintiff has agreed to search for all mental health diagnoses and medication related thereto. But Uber wants Plaintiff to search for any and all posts related to ▓▓▓▓. The party moving to compel bears the burden of demonstrating why the information sought is relevant and why the responding party's objections lack merit." *Bluestone Innovations LLC v. LG Elecs. Inc.*, No. C-13-01770, 2013 WL 6354419, at *2 (N.D. Cal. Dec. 5, 2013). There is no basis for this broad search given that Plaintiff has not alleged ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ as a result of her rape and has only used ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓, which Uber has or is obtaining through medical record requests.

Social media relating to Plaintiff's attendance at social gatherings:

Request for Production No. 16(a) asks for "all documents and communications on social media. . . that depict, describe, or relate to. . . you attending social gatherings, public or private, with people you know or with strangers." This request is overly broad and not narrowly tailored to the needs of the case. "Social gatherings" encompass the vast majority of people's social media presence. Indeed, any posting with another person could be considered a "social gathering." It is not clear to Plaintiff how to even search for this. During meet and confers, Plaintiff's counsel implored Uber's counsel to limit the scope of this request, but they would not. We would agree to search and produce social gatherings if limited in time and scope. This request could be limited to 3 months before and after the assault, and search social events, which would include, parties, concerts, weddings, birthday celebrations, and bridal and baby showers. We remain willing to continue to meet and confer on this topic.

Further, Uber attempts to improperly amend their request and seek not only all social gatherings, but also social media relating to Plaintiff's ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. First, Uber's

counsel did not raise this during the extensive meet and confer discussion. Second, this attempt to expand on propounded discovery requests should not be allowed. This Court's order specifically addressed RFP No. 16 which included "ALL DOCUMENTS AND COMMUNICATIONS on SOCIAL MEDIA that YOU posted, sent, directed, received AND/OR were tagged in OR mentioned in, from five (5) years prior to the ALLEGED INCIDENT to the present that depict, describe, or RELATE TO (a) YOU attending social gatherings, public OR private, with people YOU know or with strangers…" Uber should not be allowed to expand on their RFP, particularly where the information sought can be obtained by less burdensome and more proportionate means.

<u>Social media relating to Plaintiff's hobbies</u>:

Social media posts on Plaintiff's hobbies are not relevant to Plaintiff's allegations or damages, and thus this request is not proportional to the needs of the case. Nothing in Plaintiff's discovery responses has indicated a decreased interest in pursuing her hobbies. Uber has not pointed to a single hobby that Plaintiff would even search for if ordered to. This discovery request does not relate to Plaintiff Dean and is irrelevant and burdensome.

| | |
|---|---|
| By: /s/Rachel B. Abrams<br>RACHEL B. ABRAMS (SBN 209316)<br>**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**<br>555 Montgomery Street, Suite 820<br>San Francisco, CA 94111<br>Telephone: (415) 426-5641<br>Email: rabrams@peifferwolf.com<br><br>*Counsel for Plaintiff Dean* | By: /s/ Christopher Cotton<br>   CHRISTOPHER V. COTTON<br><br>**KIRKLAND & ELLIS LLP**<br>ALLISON M. BROWN<br>JESSICA DAVIDSON<br>LAURA VARTAIN<br><br>**O'MELVENY AND MYERS LLP**<br>SABRINA H. STRONG<br>JONATHAN SCHNELLER<br><br>**SHOOK, HARDY & BACON L.L.P**.<br>ALYCIA A. DEGEN<br>MICHAEL B. SHORTNACY<br>PATRICK L. OOT, JR.<br>CHRISTOPHER V. COTTON<br>RICKY L. BROWN<br><br>*Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, have authorized the filing.

Dated: June 6, 2025

By: /s/ Christopher Cotton
   CHRISTOPHER V. COTTON