RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, 3:23-CV-06708 | MDL No. 3084 CRB<br><br>**PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 3192]** |

**PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 79-5(c) and 7-11(b), Plaintiff Jaylynn Dean ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motion to Seal Document, Attached as an Exhibit to the Joint Discovery Letter Brief Regarding Bellwether Plaintiff Jaylynn Dean and Social Media Production, dated June 6, 2025, ECF 3192 ("Defendants' Motion"). Plaintiff joins Defendants in asking the Court to seal the Letter Brief and Exhibits A and B. Alternatively, at a minimum, the letter brief and exhibits should be redacted as set forth below.

I.     **BACKGROUND AND REQUESTED SEALING**

Defendants' Motion concerns the Joint Letter Brief and Exhibits A and B attached to the Joint Letter Brief.

The Exhibits are Plaintiff's Responses to Interrogatories and Supplemental Responses to Interrogatories, which, while not on their face designated as confidential, were produced to Defendants directly and not filed with the court. Plaintiff hereby designates them as confidential pursuant to the Protective Order. Sealed versions of Exhibit A and Exhibit B were filed on the public docket at ECF 3193-1 and 3193-2, respectively. The Exhibits that Plaintiff and Defendants seek to maintain under seal contain Personally Identifiable Information (PII) of Plaintiff and third-party witnesses, as well as highly sensitive information regarding the harms that Plaintiff alleges as part of this lawsuit. Plaintiff therefore submits this statement requesting that the Court seal the exhibits under Local Rule 79-5(f)(3). The Exhibits should be sealed for the reasons set forth in Defendants' Motion and as set forth below.

II.    **LEGAL STANDARD**

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *See also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here relate a discovery motion and responsive briefing regarding the production of Plaintiff's social media information; they are not related to a dispositive motion. *See United States v. Selugh*, 896 F. 3d 1007, 1015 (9th Cir. 2018); *Brown v. Google LLC*, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020). Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true here, where the document is an exhibit to a letter brief on a nondispositive discovery matter. *See generally, Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

In addition, "Courts in this circuit routinely seal email addresses and other personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses").

### III.    EXHIBITS 1 AND 2 SHOULD BE KEPT UNDER SEAL

The Exhibits at issue are discovery responses produced by Plaintiff solely to Uber and Plaintiffs' have now designated confidential pursuant to the Protective Order. Sealed versions of Exhibits A and B were filed on the public docket at ECF 3193-1 and 3193-2, respectively. They contain confidential information and PII about Plaintiff, as well as PII of third-party witnesses. These exhibits should be sealed in their entirety to avoid harm to Plaintiff's and third-party witnesses' privacy interests.

#### A. Exhibits A and B Should be Sealed for the Reasons Set Forth in Defendants' Motion

As set forth in Defendants' Motion, the Exhibits contain and primarily consist of highly sensitive and personal information regarding a report of sexual assault. The Exhibits were used by Defendants only to illustrate a discovery dispute and were not used in connection with the merits of the litigation. *See* ECF 3193. Based on Defendants' arguments alone, the Exhibits should be maintained under seal. Plaintiff fully supports Defendants' Motion and submits additional reasons below why the Exhibits should be sealed or,

at a minimum, redacted.

### B. Failing to Seal the Documents Would Harm Plaintiff and Third Parties

Exhibits A and B should be sealed because they contain the PII of Plaintiff as well as third-party witnesses.

First, as explained in Defendants' Motion, ECF 3192, Exhibits A and B should be sealed because they contain identifiable information about Plaintiff, including specific statements and information about the reported incident of sexual assault, locations near the Plaintiff's residence, and information regarding her medical treatment and other interventions. The disclosure of this sensitive and personal information could result in privacy harms and could cause "annoyance, embarrassment, oppression, or undue burden[.]" Fed. R. Civ. P. 26(c). Courts in this Circuit have found that a party's legitimate interest in ensuring the privacy of personal information and medical information outweighs the public's interest in access to court filings and have sealed accordingly. *Richter v. Oracle Am., Inc.*, 2003 WL 5663217, at *2 (N.D. Cal. Aug. 30, 2023). At a minimum, all such information should be redacted.

Second, Exhibits A and B should be sealed because they contain PII of third-party witnesses.

This Court has allowed sealing of third-party phone numbers in the past and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment. Likewise, disclosure of the third-party witnesses' phone numbers pose similar risks as they are not publicly available phone numbers. *See* Abrams Decl. ¶ 3. "Courts in this circuit routinely seal email addresses and other personal identifying information under the [more stringent] compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones,* 2023 WL 7434197, at *2; *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal customer names, … as well as employee email addresses"). Accordingly, Exhibits 1 and 2 should be sealed in their entirety, or at minimum, redacted to exclude such personally identifiable information.

### C. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm

No less restrictive alternative to sealing the documents at issue is sufficient. The Exhibits consist in their entirety or near-entirety of information that should be sealed for the reasons set forth in Defendants' Motion and set forth above. Actions short of sealing Exhibits A and B would not protect Plaintiff's and third-party witnesses' privacy interests. *See* Abrams Decl., ¶¶ 2-4.

At a minimum, the following information identified in Defendants' Motion and herein should be redacted:

- Plaintiff's name;
- The names of third-party witnesses;
- The details of the reported incident;
- All phone numbers contained in the Exhibits;
- Information regarding the harms that Plaintiff suffered;
- Information regarding the medical treatment that Plaintiff received as a result of said harms.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court order that Exhibits A and B be filed under seal, or in the alternative, order the redaction of the materials identified in Defendants' Motion and this Statement in support of Defendants' Motion.

DATED:  June 9, 2025

Respectfully submitted,
By: /s/ Rachel Abrams

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
SARA CRAIG
TIFFANY R. ELLIS (*Pro-Hac Vice*)
CRISTINE FARAH (*Pro-hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
awolf@peifferwolf.com
scraig@peifferwolf.com
tellis@peifferwolf.com
cfarah@peifferwolf.com

*Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that I am at least 18 years of age and not a party to this litigation, and that on June 9, 2025, I electronically transmitted by e-mail the attached to each of the persons named below:

| | |
|---|---|
| ROBERT ATKINS (*Admitted Pro Hac Vice*)<br>ratkins@paulweiss.com<br>CAITLIN E. GRUSAUSKAS (*Admitted Pro Hac Vice*)<br>cgrusauskas@paulweiss.com<br>ANDREA M. KELLER (*Admitted Pro Hac Vice*)<br>akeller@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>1285 Avenue of the Americas<br>New York, NY 10019<br>Telephone: (212) 373-3000 | RANDALL S. LUSKEY (SBN: 240915)<br>rluskey@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>535 Mission Street, 25th Floor<br>San Francisco, CA 94105<br>Telephone: (628) 432-5100 |
| KYLE SMITH (*Admitted Pro Hac Vice*)<br>ksmith@paulweiss.com<br>JESSICA E. PHILLIPS (*Admitted Pro Hac Vice*)<br>jphillips@paulweiss.com<br>**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**<br>2001 "K" Street, NW<br>Washington, DC 20006<br>Telephone: (202) 223-7300 | *Attorneys for Defendants UBER TECHNOLOGIES, INC., RASIER LLC, and RASIER-CA, LLC* |

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 9, 2025 in San Francisco, California.

/s/ Rachel B. Abrams

Rachel B. Abrams

---

1

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL [ECF NO. 3192]