# EXHIBIT A



**Littler Mendelson, P.C.**
101 Second Street
Suite 1000
San Francisco, CA  94105

Rod Fliegel
415.433.1940 main
rfliefel@littler.com

April 28, 2025

**VIA U.S. MAIL AND EMAIL**

Sommer Luther, Esq.
SOMMER LUTHER
940 N Lincoln Street
Denver, CO 80203
Email: sluther@wagstafflawfirm.com

Re:     *In re: Uber Technologies, Inc.*

Dear Ms. Luther:

Littler represents non-party Checkr, Inc. ("Checkr") in this proceeding.  All further communications regarding Plaintiffs' Subpoena for records regarding **Colin Drummond** (the "Driver") – served on Checkr's registered agent, CT Corporation, on **April 17, 2025** (the "Subpoena") – should be directed to my attention.  Please do not communicate with anyone at Checkr.[1]  Please also note that I will be largely unavailable during the week of May 5, 2025, due to business travel and meetings.

### PRELIMINARY COMMENTS

This is not the first subpoena to Checkr in this action.  Checkr already produced extensive documents and information to Plaintiffs, including documents regarding the adjudication of criminal records.  Responding to the initial subpoena was costly and disruptive.  Checkr is viewing this new subpoena against that background.

### SPECIFIC OBJECTIONS APPLICABLE TO THE VARIOUS DEMANDS

Checkr objects and responds below to Plaintiffs' document demands individually and with specificity.  For convenience, efficiency, and to avoid duplicating multiple objections detailing the defects in Plaintiffs' Subpoena, Checkr addresses here several common issues:

---

[1]     To be clear, Checkr has authorized Littler to correspond with Plaintiffs about the Subpoena itself but not to accept service of process from any party.  Furthermore, while "Schedule A" to the Subpoena includes a broad definition of the terms "CHECKR, INC.," "YOU," and "YOUR," Littler only represents Checkr, Inc. itself.

April 28, 2025
Page 2

**The FCRA Prohibits Checkr From Providing Consumer Reports to Plaintiffs**

Checkr is unable to comply with the Subpoena, in part, based on the consumer protection provisions of the federal Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.*  Checkr is a "consumer reporting agency" within the meaning of the FCRA.  The text of the FCRA unambiguously provides that a consumer reporting agency may only release "consumer reports" to a user with a "permissible purpose" for requesting the reports.  15 U.S.C. § 1681b(a).  An ordinary subpoena is legally insufficient.   15 U.S.C. §  1681(b)(A)(1); *FTC Staff Report, 40 Years of Experience with the Fair Credit Reporting Act: An FTC Staff Report with Summary of Interpretations* (July 2011) at p. 42; *Federal Trade Commission Official Staff Commentary on the Fair Credit Reporting Act*, § 604(1) item 1.

 Accordingly, Checkr respectfully objects to, and at this time declines to comply with, the facially defective Subpoena.  Without waiving those objections, and to avoid having to involve the Court in these issues, Checkr will produce its consumer reports for Uber Technologies, Inc. ("Uber")[2] regarding the Driver, if <u>any</u>, if the Court first enters an appropriate order.[3]  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel."  *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24.  Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

This Objection applies to requests 1 through 3 as if fully set forth therein.

**The Subpoena's Overbroad Requests Subject Checkr to Undue Burden**

Checkr objects to the Subpoena as overbroad, unduly burdensome, and not proportional to the needs of the case.  *See* Fed. R. Civ. P. 45(d)(3)(A)(iv) (ordering the district court to quash or modify a subpoena that "subjects a person to undue burden"); *see also generally* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.").

---

[2]     While "Schedule A" to the Subpoena includes a broad definition of the terms "Uber," "Defendant," and "Defendants," Checkr uses the term "Uber" herein to mean exclusively <u>Uber Technologies, Inc.</u>  Checkr disclaims knowledge of all of Uber's "parents, divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, employees, contractors, subcontractors, administrators," etc.

[3]     As Plaintiffs already know, Uber uses Checkr <u>and</u> other consumer reporting agencies.  Thus, Checkr may or may not have consumer reports to produce to Plaintiffs.  Checkr's investigation is ongoing.

April 28, 2025
Page 3

To illustrate, Plaintiffs' Subpoena broadly seeks "all" "communications" between Checkr and "Uber" "related to" Uber's adjudication criteria and Checkr's adjudication of the Driver.[4]  The Court already has admonished Plaintiffs not to make such broad demands of Checkr.  (Dkt. 695 at 11 ["Plaintiffs' request that Checkr turn over 'all documents' 'relating to' or 'related to' or 'reflecting' a general topic create a significant risk of undue burden on a nonparty."].)

Accordingly, Checkr respectfully objects to, and at this time declines to comply with, the facially defective Subpoena.  Without waiving those objections, and to avoid having to involve the Court in these issues, Checkr will produce its consumer reports for Uber regarding the Driver, if any, if the Court first enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel."  *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24.  Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

This Objection applies to requests 1 through 3 as if fully set forth therein.

**Plaintiffs Failed to Take Reasonable Steps to Avoid Imposing Undue Burden or Expense on Checkr**

Checkr further and relatedly objects to the Subpoena as Plaintiffs failed to heed the mandate in Rule 45 to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."  Fed. R. Civ. P. 45 (d)(1).  All the information available to Checkr is equally available to Uber, obviously a party in this litigation, including the adjudication criteria (produced already to Plaintiffs), so a third-party subpoena is not justified.  *See, e.g., Ow v. U.S.*, No. 17-CV-00733-SK, 2018 WL 6267839, at *1 (N.D. Cal. June 12, 2018) (granting in part motion to quash subpoena for documents that plaintiffs could have obtained directly from defendant); *Realtime Data, LLC v. MetroPCS Texas, LLC,* No. C 12-80130 LHK PSG, 2012 WL 3727304, at *2 (N.D. Cal. Aug. 28, 2012) (refusing to enforce subpoena issued to non-party where same documents were available from party opponent); *Kim v. NuVasive, Inc.,* No. 11CV1370-DMS NLS, 2011 WL 3844106, at *4 (S.D. Cal. Aug. 29, 2011) (quashing a subpoena that "shift[ed] the burden of production from a party to a nonparty" and stating "[t]his circuit does not favor unnecessarily burdening nonparties with discovery requests").

Plaintiffs must first exhaust their effort to obtain discovery from Uber before imposing the significant burden and expense of responding on non-party Checkr.  Accordingly, Checkr respectfully objects to, and at this time declines to comply with, the facially defective Subpoena.  Without waiving those objections, and to avoid having to involve the Court in these issues, Checkr will produce its consumer

---

[4]    Checkr's specific objections to the Subpoena's expansive definitions are set out below.  Checkr notes here that Instruction 5 in "Schedule A" to the Subpoena exacerbates the various defects in the Subpoena by stating that "the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of the individual Request."  (Emphasis added.)  Regarding the overbroad scope of the Subpoena, Checkr further notes that Instruction 13 (which is misnumbered) states that the "relevant time period" is "January 1, 2009 through the present time, unless otherwise specified," *i.e.*, more than 16 years even though Plaintiffs already know that Checkr first commenced operations in 2014.

April 28, 2025
Page 4

reports for Uber regarding the Driver, if any, if the Court first enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel."  *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24.  Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

This Objection applies to requests 1 through 3 as if fully set forth therein.

### The Subpoena Requests Privileged and Protected Materials

Checkr also objects to the Subpoena to the extent that it seeks privileged documents and information and/or documents (*i.e.*, documents and information protected by the attorney-client privilege and/or attorney work product doctrine) and information that is subject to a contractual agreement requiring confidentiality and/or that include confidential commercial information.  *See generally* Fed. R. Civ. P. 45(d)(3)(A)(iii).

The law does not require Checkr to expend substantial time and money to sift through volumes of information, including electronically stored information ("ESI"),[5] to attempt to identify privileged information and prepare a detailed, entry-by-entry privilege log.  *See, e.g., Fifty-Six Hope Road Music, Ltd. v. Mayah Collections, Inc.*, No. 2:05-cv-01059-KJD-GWF, 2007 WL 1726558, at **6-8 (D. Nev. June 11, 2007) (endorsing a certification in lieu of creating a full privilege log in a case involving a significant number of potentially privileged documents); *Orbit One Commc'ns, Inc. v. Numerex Corp.*, 255 F.R.D. 98, 109 (S.D.N.Y. 2008) ("[Attorney representing plaintiff who is challenging the subpoena] may provide a categorical privilege log rather than a traditional, itemized privilege log [...]."); *Lake as Tr. of Richard D. Lake Revocable Living Tr. Dated Aug. 24, 2011 v. Charlotte County Bd. of County. Commissioners*, No. 2:20-CV-809-JLB-NPM, 2021 WL 2351178, at *2 (M.D. Fla. June 9, 2021) (ordering that in lieu of producing a privilege log, the subpoenaed parties could categorically withhold privileged documents if they produced a "certification by both the subpoenaed party and [the plaintiff trustee] that none of the withheld or redacted documents were distributed to or reviewed by anyone other than [the trustee], [the trustee's] counsel, [the subpoenaed individuals], or their respective staffs").

If the Court orders Checkr to produce documents, any such production will be subject to the FRE 502(d) protections of paragraph 11.1 of the Court's 12/28/23 Protective Order (Dkt. 176).

Accordingly, Checkr respectfully objects to, and at this time declines to comply with, the facially defective Subpoena.  Without waiving those objections, and to avoid having to involve the Court in these issues, Checkr will produce its consumer reports for Uber regarding the Driver, if any, if the Court first enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside

---

[5]    "Schedule A" to the Subpoena includes an exceptionally broad definition of the terms "electronic data," "electronic database," "database," and "data."

April 28, 2025
Page 5

counsel."  *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24.  Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

This Objection applies to requests 1 through 3 as if fully set forth therein.

**The Subpoena Does Not Provide Sufficient Time to Comply**

Plaintiffs' Subpoena purports to require Checkr to produce <u>substantial</u> documents and information, including ESI, electronically or in San Francisco, CA by 8:00 a.m. on **May 2, 2025**.  Checkr objects to the Subpoena on the ground that it fails to afford Checkr sufficient time to even attempt to fully comply.  Fed. R. Civ. P. 45(d)(3)(A)(i).  Accordingly, Checkr respectfully objects to, and at this time declines to comply with, the facially defective Subpoena.  Without waiving those objections, and to avoid having to involve the Court in these issues, Checkr will produce its consumer reports for Uber regarding the Driver, <u>if any</u>, if the Court first enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel."  *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24. Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

This Objection applies to requests 1 through 3 as if fully set forth therein.

**The Subpoena Requests ESI that is Unrecoverable Due to a Routine, Good Faith Operation of an Electronic Information System Prior to Checkr's Anticipation or Awareness of the Subpoena or Plaintiffs' Action**

The Subpoena requires the production of ESI dating back 16 years to 2009.  Some information Plaintiffs seek may have been lost, damaged, altered, or overwritten as the result of Checkr's routine, good faith operation of an electronic system before Checkr could have anticipated or became aware of Plaintiffs' Subpoena or the underlying action.  Fed. R. Civ. P. 37.  Accordingly, to the extent that the Subpoena requests ESI from Checkr that has been lost, damaged, altered, or overwritten, as a part of its routine, good faith operation prior to Checkr could have anticipated or became aware of this Subpoena or underlying action, Checkr cannot comply with the Subpoena.

This Objection applies to requests 1 through 3 as if fully set forth therein.

<u>**OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS**</u>

As noted, Checkr objects to the Subpoena's definitions and instructions in "Schedule A" to the Subpoena insofar as they seek to impose obligations on Checkr beyond those the Federal Rules of Civil Procedure, or the law generally, impose.

littler.com

April 28, 2025
Page 6

## INDIVIDUALIZED OBJECTIONS

1.      **Please produce all documents YOU generated relating in any way to the Subject Driver, whether or not shared with Uber, including but not limited to the complete background check and any background check re-runs.**

Checkr respectfully objects to Request No. 1 in the Subpoena for the reasons set for above, including more specifically the following:

- the request is overbroad and not consistent with the Court's prior Order regarding Plaintiffs' overbroad subpoena demands on Checkr, unduly burdensome, and not proportional to the needs of the case;[6]

- the request seek information that is not relevant to any party's claim or defense in this action;

- Plaintiffs failed to heed the mandate in Rule 45 to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena";

- the request seeks privileged documents and information and/or documents and information that are subject to a contractual agreement requiring confidentiality and/or that include confidential commercial information;

- the request fails to afford Checkr sufficient time to even attempt to fully comply; and

- the request calls for the production of Checkr's consumer reports, and as such, implicates the preclusion in the FCRA.

Checkr respectfully declines to comply with Request No. 1, except, without waiving the above objections, Checkr will produce its consumer reports for Uber regarding the Driver, if any, if the Court enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel." *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24. Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

2.      **Please produce the adjudication criteria YOU used with respect to the Subject Driver.**

Checkr respectfully objects to, and at this time declines to comply with, Request No. 2 in the Subpoena for the reasons set for above, including more specifically the following:

---

6       Checkr cannot quantify the burden associated with the request at this time given that it asks for all "documents" "relating in any way" to Checkr's reports for any customer dating back to January 2009.

April 28, 2025
Page 7

- the request is overbroad, unduly burdensome, and not proportional to the needs of the case;[7]

- the request is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive, as the relevant adjudication criteria have already been produced to Plaintiffs;

- the request seek information that is not relevant to any party's claim or defense in this action;

- Plaintiffs failed to heed the mandate in Rule 45 to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena";

- the request seeks documents and information that are subject to a contractual agreement requiring confidentiality and/or that include confidential commercial information; and

- the request fails to afford Checkr sufficient time to fully comply.

Checkr respectfully declines to comply with Request No. 2, except, without waiving the above objections, Checkr will produce its consumer reports for Uber regarding the Driver, if any, if the Court enters an appropriate order.  Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel." *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24. Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

**3.**     **Please produce all communications between YOU and Uber related to the adjudication criteria in place when you adjudicated the subject driver and your adjudication of the subject driver.**

Checkr respectfully objects to Request No. 3 in the Subpoena for the reasons set for above, including more specifically the following:

---

[7]     Checkr cannot quantify the burden associated with the request at this time given that it asks for all "documents" regarding the adjudication criteria that Checkr used to adjudicate the Driver's report for any customer dating back to 2009.

April 28, 2025
Page 8

- the request is overbroad and not consistent with the Court's prior Order regarding Plaintiffs' overbroad subpoena demands on Checker, unduly burdensome, and not proportional to the needs of the case;[8]

- the request seek information that is not relevant to any party's claim or defense;

- Plaintiffs failed to heed the mandate in Rule 45 to "take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena";

- the request seeks privileged documents and information and/or documents and information that are subject to a contractual agreement requiring confidentiality and/or that include confidential commercial information;

- the request fails to afford Checkr sufficient time to even attempt to fully comply; and

- the request calls for the production of Checkr's consumer reports, and as such, implicates the FCRA and corresponding local law.

Checkr respectfully declines to comply with Request No. 3, except, without waiving the above objections, Checkr will produce its consumer reports for Uber regarding the Driver, if any, if the Court enters an appropriate order. Any production by Checkr is also subject to Plaintiffs' prior agreement that "Plaintiffs' attorneys agree not to disclose any documents designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to Checkr's competitors or other customers, including to their in-house/outside counsel." *See* email from Sam Hoefs to Rod Fliegel dated 10/1/24. Checkr will produce the documents to Plaintiffs within a reasonable time after Checkr receives a copy of any such order from the Court.

In closing, responding to the initial subpoena was costly and disruptive to Checkr. Checkr therefore continues to expressly reserve its right to seek all of its attorney's fees and costs.

Sincerely,

Rod Fliegel
Shareholder

---

[8] Checkr cannot quantify the burden associated with the request at this time given that it asks for all "communications" with "Uber" "related to" the adjudication criteria and the adjudication of the Driver's report. "Schedule A" to the Subpoena includes an exceptionally broad definition of the term "communication."

April 28, 2025
Page 9

**PROOF OF SERVICE**

I, the undersigned, state:

I am employed in the City and County of San Francisco, State of California.  I am over the age of 18 years, and not a party to the within action.  My business address is LITTLER MENDELSON, P.C., 101 Second Street, Suite 1000, San Francisco, CA 94105.

On April 28, 2025, I served the foregoing document(s) described as:

**CHECKR, INC.'S OBJECTIONS TO THE SUBPOENA FOR DOCUMENTS**

on the interested parties by enclosing a true copy in a sealed envelope addressed as follows:

| | |
|---|---|
| Samantha Hoefs<br>Nigh Goldenberg Raso Vaughn, PLLC<br>60 South 6th Street, Ste. 2800<br>Minneapolis, MN 55402 | *Attorney for Plaintiff*<br><br>T: 612-445-0202<br>Fax: 202-792-7927<br>Email: shoefs@nighgoldenberg.com |
| Michael B. Shortnacy (SBN 277035)<br>SHOOK, HARDY & BACON L.L.P.<br>2049 Century Park East, Ste. 3000<br>Los Angeles, CA 90067 | *Attorney for Defendant*<br>*UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC*<br><br>Telephone: (424) 285-8330<br>Facsimile: (424) 204-9093<br>Email: mshortnacy@shb.com |
| Patrick Oot (Admitted Pro Hac Vice)<br>SHOOK, HARDY & BACON L.L.P.<br>1800 K St. NW Ste. 1000<br>Washington, DC 20006 | *Attorney for Defendant*<br>*UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC*<br><br>Telephone: (202) 783-8400<br>Facsimile: (202) 783-4211<br>Email: oot@shb.com |
| Kyle N. Smith (Pro Hac Vice admitted)<br>Jessica E. Phillips (Pro Hac Vice admitted)<br>PAUL, WEISS, RIFKIND, WHARTON<br>& GARRISON LLP<br>2001 K Street, NW<br>Washington DC, 20006 | *Attorneys for Defendant*<br>*UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC*<br><br>Telephone: (202) 223-7300<br>Facsimile:  (202) 223-7420<br>Emails: ksmith@paulweiss.com<br>            jphillips@paulweiss.com |

littler.com

April 28, 2025
Page 10

| Jamie Mauhay Powers, Esq.<br>CLARKSON LAW FIRM, P.C.<br>22525 Pacific Coast Highway<br>Malibu, CA 90265 | *Attorney for Plaintiffs*<br><br>Telephone: (213) 788-4050<br>Facsimile:  (202) 223-7420<br>Email: jpowers@clarksonlawfirm.com |
| --- | --- |

 **VIA ELECTRONIC MAIL**: Pursuant to FRCP 5(b)(2)(E), I served the foregoing document described by emailing to it each of the aforementioned electronic mail addresses and the transmission was reported as complete and without error.  My email address is jpilchard@littler.com.

☒ **VIA U.S. MAIL:**  I caused the document(s) addressed to the person(s) at the address(es) listed above and for collection and mailing, following our ordinary business practices. I am readily familiar with Littler Mendelson, P.C.'s practice for collecting and processing correspondence for mailing.

        I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  I further declare that I am employed by a member of the bar of this court at whose direction the service was made.

        Executed on April 28, 2025, at San Francisco, California.


                                                                Jeffrey Pilchard