*Submitting counsel on signature page.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB-LJC |
| | **PLAINTIFFS' NOTICE OF MOTION AND MOTION TO PRODUCE DOCUMENTS PURSUANT TO 15 U.S.C. § 1681B(A)(1)** |
| | Magistrate Judge: Honorable Lisa J. Cisneros |
| This Document Relates to: | |
| All Cases | |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD, AND TO ACCURATE BACKGROUND AND ITS COUNSEL:**

Please take notice that on a date and time to be set by the Court, before the Honorable Lisa J. Cisneros in Courtroom G on the 15th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Plaintiffs by and through the undersigned counsel, will and hereby do, move the Court for an Order pursuant to 15 U.S.C. § 1681b(a)(1) for the potential disclosure of consumer reports furnished to Defendant Uber Technologies, Inc. by third party Accurate Background, LLC (successor in interest to Hirease, Inc.) ("Accurate").

## **BACKGROUND**

Through Defendant Fact Sheet (DFS) discovery, Uber was required to produce background checks it obtained for the Uber drivers who Plaintiffs allege sexually harassed and assaulted them during Uber rides (collectively, the "subject drivers"). PTO 10.  However, despite Uber's purported policy of obtaining background checks for all drivers on an annual basis, Uber's productions did not include background checks for all drivers, for every year. Indeed, Plaintiffs considered Uber's DFS

production substantially deficient. See, e.g., ECF 2849 at 5–6. To ensure that they had a full and complete record of all background checks performed on subject drivers on Uber's behalf, counsel for bellwether plaintiffs issued third party subpoenas to the entities that Uber used to perform background checks on its drivers, including Accurate. Hoefs Decl. Ex. A, Accurate's Objections and Responses to Bellwether Plaintiffs' Subpoenas. Subpoenas were served on Accurate in connection with the following cases:

| Case Number | Plaintiff |
|---|---|
| 3:24-cv-07019 | LCHB128 |
| 3:23-cv-06708 | Jaylynn Dean |
| 3:24-cv-07940 | B.L. |
| 3:24-cv-07821 | A. R. 2 |
| 3:23-cv-04972 | C.L. |
| 3:24-cv-05027 | WHB 1898 |
| 3:24-cv-01915 | A.G. |
| 3:24-cv-01827 | T.R. for A.R. [A.R.1] |
| 3:24-cv-09217 | T. L. |
| 3:24-cv-05028 | WHB 407 |
| 3:24-cv-04889 | WHB 318 |
| 3:24-cv-04900 | WHB 832 |
| 3:24-cv-08783 | Jane Doe QLF 001 |
| 3:24-cv-05281 | K.E. |
| 3:24-cv-06669 | Jane Roe CL 68 |
| 3:24-cv-04803 | WHB 1486 |
| 3:24-cv-08937 | Amanda Lazio |
| 3:24-cv-05230 | WHB 1876 |
| 3:24-cv-07228 | D. J. |
| 3:24-cv-03335 | J.E. |

Each subpoena that the bellwether plaintiffs served on Accurate contained an identical Request 1:

> Please produce all documents YOU generated relating in any way to the Subject Driver, whether or not shared with Uber, including but not limited to the complete background check and any background check re-runs.

*See id.* The "Subject Driver," or the driver who had committed sexually assaulted or harassed the bellwether plaintiff during the Uber ride that forms the basis of her lawsuit, was identified individually in each subpoena. Requests 2 and 3 have been resolved.

<u>**ARGUMENT**</u>

Accurate is a consumer reporting agency that potentially generated consumer reports (i.e., background checks reports) on the Uber's drivers within the meaning of the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 *et seq.* 15 U.S.C. § 1681a(d), (f) on behalf of Defendant Uber Technologies, Inc.. Accordingly, Accurate "may furnish a consumer report" under the circumstances delineated by 15 U.S.C. § 1681b(a) "and no other." These circumstances include furnishing a report "in response to the order of a court." 15 U.S.C. § 1681b(a)(1); *Young v. Trans Union*, 616 Fed.Appx. 301, 302 (9th Cir. 2015) ("consumer reporting agencies may furnish consumer reports in response to a proper court order"). In response to Request 1, Accurate stated "upon entry of an appropriate § 1681b order, and pursuant to the applicable Protective Order, Accurate will produce any responsive, non-privileged documents in its possession." Hoefs Decl., Ex. A. Here, the background checks performed on Uber's drivers, potentially performed by Accurate, are central to Plaintiffs' negligence claims, among others. *See* MCL ¶¶ 17, 160, 163, 165–66, 216, 365. Plaintiffs have sought complete records of the background checks performed from Uber through party discovery but because Uber has not produced all background checks for all drivers, for all years of activity, Plaintiffs need to obtain the background checks directly from the background check companies, which, in turn, requires a Court order. *See* 15 U.S.C. § 1681b(a)(1).

<u>**CONCLUSION**</u>

For the foregoing reasons, Plaintiffs respectfully request that the Court enter an Order authorizing third party Accurate to produce consumer reports for the Subject Drivers in the identified cases, if in existence, generated on behalf of Defendant Uber Technologies, Inc.

Dated: June 11, 2025

Respectfully submitted,

By: */s/ Sarah R. London*

Sarah R. London (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: June 11, 2025

By:     */s/ Samantha Hoefs*
_____
Samantha Hoefs