# EXHIBIT A

| | |
|---|---|
| 1 | **SEYFARTH SHAW LLP** |
| | Jasmine J. Stanzick (SBN 354704) |
| 2 | jstanzick@seyfarth.com |
| | 2029 Century Park East, Suite 3500 |
| 3 | Los Angeles, CA 90067-3021 |
| | Telephone:  (310) 277-7200 |
| 4 | Facsimile:    (310) 201-5219 |

Attorneys for Subpoenaed Non-Party Respondent
ACCURATE BACKGROUND, LLC, successor-in-interest
to HIREASE, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | **ACCURATE BACKGROUND, LLC'S OBJECTIONS AND RESPONSES TO SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS** |
| This Document Relates to: | |
| *B.L. v. Uber Technologies, Inc., et al.; No. 24-cv-7940* | |

Pursuant to Rules 26 and 45 of the Federal Rules of Civil Procedure, Subpoenaed Non-party Respondent Accurate Background, LLC, successor in interest to Hirease, Inc. ("Accurate"), by and through its attorneys, hereby objects and responds to Plaintiff's Subpoena for Production of Business Records ("Subpoena"), as follows:

## RESERVATION OF RIGHTS

These objections are based upon information and documents known to, and in the possession and control of, Accurate at the present time. Accurate will supplement or amend these objections and responses as necessary. Accurate further reserves the right to supplement these objections and assert any applicable and additional objections, privilege, or other protection.

Accurate's responses will not include documents that are privileged or protected work product. If

any document that may be produced is privileged or protected work product and disclosed inadvertently in response to any request, such disclosure does not waive, and is not to be construed as a waiver of, the attorney-client privilege, attorney work-product protection, or any other privilege or protection.

Further, Accurate's responses are made subject to its right to object to the admission in evidence of any documents produced in any subsequent actions, on the basis that such responses, or any of them, are not relevant to the issues or are otherwise inadmissible.

## **OBJECTIONS AND RESPONSES TO SUBPOENA REQUESTS**

**REQUEST NO. 1:**

Please produce all documents You generated in any way to the Subject Driver, whether or not shared with Uber, including but not limited to the complete background check and any background check re-runs.

**RESPONSE:**

Accurate objects to Request No. 1 on the basis that it is unduly burdensome, overbroad, seeks documents and data that are irrelevant to the claims asserted in the litigation, and does not contain any temporal or subject matter limitation. As phrased, Request No. 1 would require Accurate to search and review the entirety of its systems and data for any "document" of any kind whatsoever regarding the Subject Driver, regardless of its relevance to Uber Technologies, Inc. and/or the instant action. Accurate further objects to Request No. 1 on the basis that it seeks the confidential business and proprietary information of Accurate and its predecessors or affiliated entities. Accurate further objects to Request No. 1 to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. Accurate further objects to Request No. 1 to the extent that it seeks discovery of documents more easily obtainable from Uber, a named party in the litigation. By the nature of the Request, any potentially responsive, relevant document(s) would also be in the possession, custody, and/or control of Uber. Accurate further objects to Request No. 1 to the extent that it purports to seek production of any consumer report(s) or consumer report information without a permissible purpose, which Accurate is prohibited from doing under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681b(a).

Subject to and without waiving the foregoing objections, and upon entry of an appropriate § 1681b order, and pursuant to the applicable Protective Order, Accurate will produce any responsive, non-privileged documents in its possession.

**REQUEST NO. 2:**

Please produce the adjudication criteria You used with respect to the Subject Driver.

**RESPONSE:**

Accurate objects to Request No. 2 on the basis that the phrase "adjudication criteria" is undefined, vague, and ambiguous. Accurate further objects to Request No. 2 on the basis that it is unduly burdensome, overbroad, seeks documents and data that are irrelevant to the claims asserted in the litigation, and does not contain any temporal or subject matter limitation. Accurate further objects to Request No. 2 on the basis that it seeks the confidential business and proprietary information of Accurate and its predecessors or affiliated entities. Accurate further objects to Request No. 2 to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. Accurate further objects to Request No. 2 to the extent that it seeks discovery of documents more easily obtainable from Uber, a named party in the litigation. By the nature of the Request, any potentially responsive, relevant document(s) would also be in the possession, custody, and/or control of Uber. Accurate further objects to Request No. 2 to the extent that it purports to seek production of any consumer report(s) or consumer report information without a permissible purpose, which Accurate is prohibited from doing under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681b(a).

**REQUEST NO. 3:**

Please produce all communications between You and Uber related to the adjudication criteria in place when you adjudicated the subject driver and your adjudication of the subject driver.

**RESPONSE:**

Accurate objects to Request No. 3 on the basis that the phrase "adjudication criteria" is undefined, vague, and ambiguous. Accurate further objects to Request No. 3 on the basis that it is unduly burdensome, overbroad, seeks documents and data that are irrelevant to the claims asserted in the litigation, and does not contain any temporal or subject matter limitation. Accurate further objects to Request No. 3 on the basis that it seeks the confidential business and proprietary information of Accurate and its predecessors or affiliated entities. Accurate further objects to Request No. 3 to the extent it seeks documents protected from disclosure by the attorney-client privilege, work product doctrine, and/or any other applicable privilege or immunity. Accurate further objects to Request No. 3 to the extent that it seeks discovery of documents more easily obtainable from Uber, a named party in the litigation. By the nature of the Request, any potentially responsive, relevant document(s) would also be in the possession, custody, and/or control of Uber. Accurate further objects to Request No. 3 to the extent that it purports to seek production of any consumer report(s) or consumer report information without a permissible purpose, which Accurate is prohibited from doing under the Fair Credit Reporting Act. *See* 15 U.S.C. § 1681b(a).

DATED:  April 28, 2025

Respectfully submitted,

SEYFARTH SHAW LLP

By: */s/ Jasmine J. Stanzick*
Jasmine J. Stanzick
Attorneys for Subpoenaed Non-Party Respondent
ACCURATE BACKGROUND, LLC

# PROOF OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is 2029 Century Park East, Suite 3500, Los Angeles, CA 90067 On April 28, 2025, I served the within document(s):

**ACCURATE BACKGROUND, LLC'S OBJECTIONS TO
SUBPOENA FOR PRODUCTION OF BUSINESS RECORDS**

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as set forth below.

☐ by placing the document(s) listed above, together with an unsigned copy of this declaration, in a sealed envelope or package provided by an overnight delivery carrier with postage paid on account and deposited for collection with the overnight carrier at San Diego, California, addressed as set forth below.

☒ by transmitting the document(s) listed above, electronically, via the e-mail addresses set forth below.

Tara Doyle
Sommer Luther
Wagstaff Law Firm
940 North Lincoln Street
Denver, Colorado 80203
tdoyle@wagstafflawfirm.com
sluther@wagstafflawfirm.com

*Attorneys for the Subpoenaing Party*

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on April 28, 2025, at San Diego, California.

                                                       */s/ Jasmine J. Stanzick*
                                                        Jasmine J. Stanzick