LAURA VARTAIN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
    allison.brown@kirkland.com
JESSICA DAVIDSON (Pro Hac Vice admitted)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § I1 (CHALLENGES TO MAY 19, 2025 PRIVILEGE LOG)** |

1    Pursuant to Special Master Order No. 4, § II (Dkt. 2933), Defendants submit this brief in

2    support of Uber's privilege assertions for documents that Plaintiffs have challenged from Defendants'

3    privilege logs issued on May 19, 2025. On May 23, 2025, Plaintiffs challenged approximately 160

4    documents.  After conferrals, on June 2, 2025, Plaintiff submitted a final list of challenges to the

5    Special Master that included 151 documents.  Plaintiffs have since agreed to continue conferring on 2

6    of the 151 documents.[1] Defendants respectfully request that the Special Master uphold the privilege

7    claims as to the 149 remaining documents submitted for review.

8    Defendants incorporate by reference the legal standard and arguments set forth in Defendants'

9    prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580).  As further support for their privilege claims,

10   Defendants provide the arguments and factual support listed below, including the declarations of two

11   Uber in-house attorneys: Daniel Kolta, Legal Director, Global Safety (Ex. A), and Scott Binnings,

12   Associate General Counsel, Safety and Core Services (Ex. B). The applicable legal standard and

13   arguments outlined below and in prior briefs, the declarations from in-house counsel, and the factual

14   material previously provided to the Special Master,[2] when reviewed in conjunction with the challenged

15   documents and the associated metadata fields, establish that the documents at issue are privileged.

16   **I.    Additional Context and Factual Information Supports Uber's Privilege Assertions.**

17   Uber offers additional context and factual information to support the privilege assertions as to

18   certain documents identified in the declarations of Uber in-house attorneys Daniel Kolta and Scott

19   Binnings.

20   **A.  Document in Daniel Kolta's Declaration**

21   As explained in Mr. Kolta's declaration (Ex. A), JCCP_MDL_PRIVLOG097150 is a Google

22

---

23   [1] As part of the parties' ongoing conferral on privilege and other discovery disputes, the parties have
     agreed that certain documents identified by June 16 that show information reflecting insurance loss or
24   reserve amounts, settlement amounts, or loss runs will presumptively not be challenged, but will be
     the subject of further conferral. Pursuant to that agreement, the parties have agreed to continue to
25   confer regarding challenges to JCCP_MDL_PRIVLOG096566 and JCCP_MDL_PRIVLOG096621.
     [2] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in
26   disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3)
     a digest of third-parties present in its privilege log.  Defense counsel will also be available for any
27   questions the Special Master may have during the review process.

28
DEFENDANTS' BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO.
4, § II (CHALLENGES TO MAY 19, 2025 PRIVILEGE LOG)

Case No. 3:23-MD-3084-CRB

1   Slide deck regarding recommendations for addressing riders banned for low ratings. Because the issue

2   of banning riders implicates legal risk, including risks relating to discrimination lawsuits, he was

3   involved in assessing the company's policies in that area. He directed the research and analysis

4   contained in JCCP_MDL_PRIVLOG097150 and requested the preparation of the slide. Moreover, the

5   recommendations in the presentation reflect legal advice that he provided. The presentation is

6   therefore attorney-client privilege and work product protected. *See United States v. Sanmina Corp.*,

7   968 F.3d 1107, 1119 (9th Cir. 2020) (work-product doctrine protects "from discovery documents and

8   tangible things prepared by a party or his representative in anticipation of litigation"); *Costco v.*

9   *Wholesale Corp. Sup. Ct.*, 47 Cal. 4th 725, 740 (2009) ("If 'the communications were made during

10  the course of an attorney-client relationship'—as opposed to a relationship with some other 'dominant

11  purpose'—then 'the communications, including any reports of factual material, would be privileged,

12  even though the factual material might be discoverable by some other means.'").

13      B.  **Documents in Scott Binnings' Declaration**

14          The three documents identified in Mr. Binnings' declaration, JCCP_MDL_PRIVLOG096676,

15  JCCP_MDL_PRIVLOG096672, and JCCP_MDL_PRIVLOG096704 are privileged because they

16  were prepared at his direction and in anticipation of litigation.

17          As explained in Mr. Binnings' declaration (Ex. B), JCCP_MDL_PRIVLOG096676 is a

18  Google Slide presentation titled "Insurance Exposure Reduction" and the metadata date is January 9,

19  2018. The presentation is marked "Privileged & Confidential – Prepared at Direction of Counsel in

20  Anticipation of Litigation." Mr. Binnings is one of the collaborators of this presentation, and at the

21  time directly advised the team that prepared the document. This presentation was prepared at his

22  request in anticipation of litigation. Mr. Binnings and other Uber in-house attorneys on the Safety

23  Team were closely involved with the development and implementation of the initiatives described in

24  this presentation because they involved a number of legal issues and were motivated by efforts to

25  reduce potential liability against the company and resulting costs. Mr. Binnings requested the creation

26  of this slide deck to facilitate his provision of legal advice concerning ways to reduce legal risk and

27  liability arising from safety incidents on the Uber platform.

28

3

DEFENDANTS' BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II (CHALLENGES TO MAY 19, 2025 PRIVILEGE LOG)

Case No. 3:23-MD-3084-CRB

1    JCCP_MDL_PRIVLOG096672 is also a Google Slide presentation titled "Insurance Exposure

2 Reduction." The date on the metadata is May 30, 2018. This presentation is also marked "Privileged

3 & Confidential – Prepared at the Direction of Counsel in Anticipation of Litigation." Like -6676, this

4 presentation was created at Mr. Binnings' direction and in anticipation of litigation.  Preparing the

5 presentation involved collecting and analyzing data regarding insurance liability and exposure leading

6 to insurance costs, along with driver and rider risk factors, in various geographies to come up with a

7 new methodology for managing these insurance liability risks.  Uber's in-house legal department

8 coordinated and directed the data collection and analysis.

9    JCCP_MDL_PRIVLOG096704 is a subsequent presentation entitled "Safety Incentives

10 Recommendation." The date on the metadata is May 19, 2019. This presentation is also marked

11 "Privileged & Confidential – Prepared at the Direction of Counsel in Anticipation of Litigation." Mr.

12 Binnings and his team were the primary internal attorneys who provided advice to the team that created

13 this presentation, and the presentation was created at their direction and in anticipation of litigation.

14 Mr. Binnings was involved in the development of these initiatives in an effort to identify ways to

15 reduce Uber's litigation and insurance exposure.

16    For these reasons, the Special Master should uphold the privilege assertion as to each of the

17 documents submitted for review.

18

19 DATED: June 11, 2025                    Respectfully submitted,

20
                                         **SHOOK HARDY & BACON L.L.P.**
21
                                         By: /s/ Maria Salcedo
22

23
                                         **KIRKLAND & ELLIS LLP**
24                                       LAURA VARTAIN
                                         ALLISON M. BROWN
25                                       JESSICA DAVIDSON

26                                       **O'MELVENY AND MYERS LLP**
                                         SABRINA STRONG
27

28                                           4

DEFENDANTS' BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II (CHALLENGES TO MAY 19, 2025 PRIVILEGE LOG)

Case No. 3:23-MD-3084-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
   adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com

MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5
DEFENDANTS' BRIEF IN SUPPORT OF PRIVILEGE CLAIMS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II (CHALLENGES TO MAY 19, 2025 PRIVILEGE LOG)

Case No. 3:23-MD-3084-CRB