IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Order Relates To:<br><br>*ALL ACTIONS* | Case No. 23-md-03084-CRB (LJC)<br><br>**REPORT OF PRIVILEGE DETERMINATIONS** |

The standards governing privilege review for this multi-district litigation have been set forth in multiple orders of Magistrate Judge Cisneros. *See* Dkts. 1908, 2005, 2168.

Pursuant to Master Order No. 3, Uber produced 66 documents associated with custodians Mike Akamine, Dara Khosrowshahi, Jill Hazelbaker, and Travis Kalanick for *in camera* review. The Master determined that 54 of the documents were privileged in whole or in part and five were not privileged. The Master also ordered Uber to provide additional information regarding seven of the documents.

Plaintiffs withdrew their challenge to one of the seven documents that required additional information and Uber produced one of the seven challenged documents to plaintiffs, rendering further determination on those documents unnecessary. Uber then provided additional information for the five remaining documents as requested by the Master. Upon consideration of Uber's submissions and further *in camera* review, two of the five documents were determined to be privileged, and three documents were ordered to be produced with redactions.

-2-

Plaintiffs then objected to two of the Master's determinations that were made after the additional information was provided by Uber. Upon consideration of both parties' submissions and further *in camera* review of the challenged documents, plaintiffs' objections were denied.

Accordingly, the Master has determined that 59 documents associated with custodians Mike Akamine, Dara Khosrowshahi, Jill Hazelbaker, and Travis Kalanick are privileged in whole or in part and five are not privileged.[1]

Dated:   New York, New York
         June 12, 2025

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　HON. BARBARA S. JONES (Ret.)

---

[1] More specifically, of the 66 documents submitted to the Master, 9 documents were privileged in whole, 39 documents contained appropriate redactions of privileged material by Uber, 11 documents were ordered to be re-produced with redactions or revised redactions, five documents were not privileged, and two documents ultimately did not require a determination.