UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER AUTHORIZING PRODUCTION OF DRIVER BACKGROUND CHECKS IN RESPONSE TO SUBPOENAS**<br><br>Re: Dkt. Nos. 3225, 3226 |

Plaintiffs in the bellwether cases move for an order authorizing third parties Checkr, Inc. and Accurate Background, LLC (Accurate) to disclose background check reports they prepared for Uber regarding the drivers who allegedly sexually assaulted or harassed Plaintiffs. Plaintiffs served subpoenas on Checkr and Accurate that included the following request for production, among other requests not at issue in the present Motions:

> Please produce all documents YOU generated relating in any way to the Subject Driver, whether or not shared with Uber, including but not limited to the complete background check and any background check re-runs.

*See* Dkt. No. 3225 at 2; Dkt. No. 3226-2 at 3.

Checkr and Accurate asserted in response that the documents at issue are "consumer reports" within the meaning of 15 U.S.C. § 1681b. That statute prohibits disclosure of consumer reports except for certain enumerated permissible purposes, including—as is relevant here—"[i]n response to the order of a court having jurisdiction to issue such an order." 15 U.S.C. § 1681b(a)(1). As stated in Plaintiffs' Motions and attachments thereto, Checkr and Accurate object to the subpoenas on that basis but have indicated that they are willing to produce documents if the Court issues an order under § 1681b(a)(1) authorizing them to do so. *See* Dkt. No. 3225-1 at 3; Dkt. No. 3226-2 at 3–4.

1   Judge Breyer has already determined that the subject drivers' background checks "will be
2   highly relevant" and warrant production as part of Uber's Defendant Fact Sheets to the extent they
3   are in Uber's custody or control. Dkt. No. 348 (Pretrial Order No. 10) at 2. Background check
4   materials in Uber's contactors' possession are similarly relevant to the case and also warrant
5   production. The Court hereby authorizes Checkr and Accurate to produce the subject drivers'
6   background check materials, including any materials that could be considered a "consumer
7   report," under 15 U.S.C. § 1681b(a)(1). *See, e.g.*, *Singley v. Bank of Am.*, No. 14-cv-0525-BEN
8   (DHB), 2014 WL 12577597, at *1 (S.D. Cal. Dec. 2, 2014) (ordering compliance with subpoenas
9   for consumer reports where the "proposed subpoenas seek information relevant to this lawsuit").

   Such materials shall be deemed designated attorneys'-eyes-only under the protective order
   in this MDL absent either (1) a court order to the contrary; or (2) express agreement to the
   contrary by both the subject driver and the entity that prepared the report.

   Although Plaintiffs offer evidence that Checkr and Accurate have agreed to produce
   documents if the Court authorizes them to do so under § 1681b(a)(1), Dkt. No. 3225-2, Checkr
   and Accurate do not join in Plaintiffs' requests for such an order and have not yet filed anything
   stating their own current positions directly. This Order is therefore without prejudice to any
   argument that Checkr or Accurate might raise in a motion to quash Plaintiffs' subpoenas.

   **IT IS SO ORDERED.**

   Dated: June 12, 2025

   LISA J. CISNEROS
   United States Magistrate Judge