1
2
3
4
5
6
7
8
9
10
11

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| 12 IN RE: UBER TECHNOLOGIES, INC., 13 PASSENGER SEXUAL ASSAULT 14 LITIGATION 15 | Case No. 3:23-md-03084-CRB (LJC) |
| 16 This Document Relates to: 17 18 The Bellwether Cases Identified in the Caption of the Opposition 19 | **DECLARATION OF ANDREW R. KAUFMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO TRANSFER** Judge: Honorable Charles R. Breyer Date: TBD Time: TBD Ctrm.: 6-17th Floor (zoom) |

20
21
22
23
24
25
26
27
28

1    I, Andrew R. Kaufman, declare:

2        1.        I am an attorney in the law firm of Girard Sharp, LLP. I am a member of the State

3    Bars of Wisconsin and New York and am admitted to practice pro hac vice before this Court. I

4    make this declaration based on my own personal knowledge. If called upon to testify, I could and

5    would testify competently to the truth of the matters stated herein.

6        2.        Attached as **Appendix A** is a chart containing information about each Plaintiff

7    subject to this motion.

8            a.        The column labeled **Assent Dates** summarizes the dates of assent presented

9    in Exhibits E-Q to the Sauerwein Declaration.

10            b.        The column labeled **Assault** presents the date of assault as alleged in each

11    Plaintiff's amended bellwether complaint.

12            c.        The column labeled **MDL** presents the date each Plaintiff filed a case in

13    federal court, as reflected in the records my firm keeps of cases pending in the MDL.

14            d.        The column labeled **JCCP** presents the date, if applicable, that each

15    Plaintiff filed a case in California state court. I received this information from attorneys at

16    Williams Hart & Boundas, LLP, the law firm that represents these Plaintiffs.

17            e.        The column labeled **EATS** identifies those Plaintiffs for whom Exhibits E-

18    Q to the Sauerwein Declaration indicate assent was through "eats."

19            f.        The column labeled **OTHER** identifies other relevant facts alleged in

20    amended bellwether complaints.

21        3.        Each bellwether Plaintiff served the following interrogatory:

22        If You contend Plaintiff's MDL action is subject to a forum selection clause
        or a choice-of-law clause, identify (1) the effective date of each version of
23        Uber's Terms of Use that You contend the Plaintiff agreed to; (2) the date
        You contend that Plaintiff assented to each version; (3) the actions You
24        contend Plaintiff took that constituted assent; and (4) all facts supporting
        those contentions, including but not limited to whether the alleged assent
25        occurred in connection with Uber rides, Uber Eats, or some other service
        and a complete description of "electronic records" of the sort discussed in
26        ECF 393-1, ¶ 6.

27

28

1

DECLARATION OF ANDREW R. KAUFMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER
Case No. 3:23-md-03084-CRB (LJC)

4.      Uber initially refused to answer the interrogatory, but eventually agreed to answer under Rule 33(d) by producing (1) Terms of Use and (2) "Checkbox" consent forms. Plaintiffs asked counsel for Uber to confirm that those documents would allow Plaintiffs to understand whether assent occurred in connection with "Uber Eats." Uber's counsel confirmed that the produced documents would accomplish that goal.

5.      Attached as **Exhibit 1** is a true and correct copy of Tony West, *Turning the lights on*, Uber (May 15, 2018), printed from https://www.uber.com/newsroom/turning-the-lights-on/ on May 19, 2025.

6.      Attached as **Exhibit 2** is a true and correct copy of a document Uber produced in this litigation with bates-stamp beginning UBER-MDL-3084-000067465. This document has been filed under seal.

7.      Attached as **Exhibit 3** is a true and correct copy of a document Uber filed with the JPML (*In re: Uber Techs., Inc. Passenger Sexual Assault Litigation*, MDL No. 3084) at ECF 65-2 as Exhibit D to the O'Connor Declaration. Uber represented that this document is Uber's Terms of Use effective as of November 12, 2019.

8.      Attached as **Exhibit 4** is a true and correct copy of a document Uber filed with the JPML (*In re: Uber Techs., Inc. Passenger Sexual Assault Litigation*, MDL No. 3084) at ECF 65-2 as Exhibit J to the O'Connor Declaration. Uber represented that this document is Uber's Terms of Use effective as of December 12, 2021.

9.      Attached as **Exhibit 5** is a true and correct copy of a document Uber produced in this litigation with bates-stamp beginning UBER000182883. This document has been filed under seal.

10.      Attached as **Exhibit 6** is a true and correct copy of Uber.com, printed on June 3, 2025. This website had, as of June 3, a row of buttons on the top that did not render in the PDF. Those buttons look like this:

DECLARATION OF ANDREW R. KAUFMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER
Case No. 3:23-md-03084-CRB (LJC)

11.      Attached as **Exhibit 7** is a true and correct copy of

https://www.uber.com/us/en/about/how-does-uber-work, printed on June 3, 2025. This website

had, as of June 3, the same row of buttons on the top as appeared in Exhibit 6 and reproduced in

the immediately proceeding paragraph of this declaration. That row includes a button labeled

"Uber Eats." Thart button, whether clicked on Exhibit 6 or Exhibit 7, directed to

www.ubereats.com. As of June 3, Exhibit 7 also included a button under "Food" labeled "Details."

Clicking that button also directed to www.ubereats.com.

12.      Attached as **Exhibit 8** is a true and correct copy of https://www.ubereats.com/,

printed on June 3, 2025.

13.      Attached as **Exhibit 9** is a true and correct copy of

https://www.linkedin.com/pulse/ubers-new-safety-features-dara-khosrowshahi/, printed on June 5,

2025, with the identity of the logged-in LinkedIn account redacted, and nearly three pages of

extraneous content (comments and a page footer) removed.

14.      Attached as **Exhibit 10** is a true and correct copy of

https://www.uber.com/legal/en/document/?name=general-terms-of-use&country=united-

states&lang=en#_4d34og8, printed on June 10, 2025, which appears to be Uber's current Terms of

Use (last modified August 19, 2024).

15.      Page 18 of Plaintiffs' Opposition reproduces images of two Apple App Store

mobile application icons. The black image on the left was copied on May 23, 2025 from

https://apps.apple.com/us/app/uber-request-a-ride/id368677368. The green image on the right was

copied on May 23, 2025 from https://apps.apple.com/us/app/uber-eats-food-

groceries/id1058959277.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 13th day of June, 2025 in Milwaukee, WI.


*/s/ Andrew R. Kaufman*
Andrew R. Kaufman

DECLARATION OF ANDREW R. KAUFMAN IN SUPPORT OF PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO TRANSFER
Case No. 3:23-md-03084-CRB (LJC)