Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street,
San Francisco, CA 94104
Telephone: 415-439-1625
Facsimile: 415-439-1500
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
P: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
P: (212) 446-4757
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL BELLWETHER TRIAL CASES | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S NOTICE OF ANTICIPATED AFFIRMATIVE DEFENSES**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

Pursuant to the parties' Joint Case Management Statement (ECF No. 3157), Defendants Uber Technologies Inc., Rasier LLC and Rasier-CA, LLC (collectively, "<u>Uber</u>" or "<u>Defendants</u>")) respectfully submit their anticipated affirmative defenses in the bellwether trial cases in this MDL proceeding, as set forth below. Defendants reserve the right to assert additional affirmative defenses in light of ongoing case-specific discovery. For example, such discovery may support a basis for invoking equitable indemnity, which would permit Defendants to seek reimbursement from another party (e.g., a third-party driver) who is primarily at fault for a Plaintiff's alleged injuries.

1. *Statute of limitations*. Plaintiffs' claims arose at the time they sustained their purported injuries and are stale under the applicable statutes of limitations.

2. *Intervening/superseding criminal act*. The damages of which Plaintiffs complain were proximately caused or contributed to by the criminal acts of other persons (i.e., the drivers).

3. *Failure to join indispensable parties*. Plaintiffs' claims are barred by their failure to join parties who are necessary and indispensable, including the drivers who allegedly committed the acts giving rise to their lawsuits.

4. *Good faith*. Defendants acted in good faith, dealt fairly with Plaintiffs, and gave adequate warnings to Plaintiffs with regard to all known or reasonably knowable risks associated with the use of the Uber service.

5. *Independent contractor*. Plaintiffs' claims are barred, in whole or in part, under the independent contractor defense, as the drivers alleged to have committed the acts giving rise to these lawsuits were independently responsible for their own means, methods, and actions.

6. *Apportionment of fault/comparative fault*. Any alleged damages awarded to Plaintiffs must be apportioned according to the respective fault of the parties, persons and entities who contributed to Plaintiffs' supposed losses or injuries.

7. *Consent/assumption of risk*. Plaintiffs consented to the use of the Uber service knowing the nature and potential risks surrounding that service.

8. *Offset/failure to mitigate damages*. Plaintiffs are not entitled to recover any damages due to their own failure to take reasonable efforts to mitigate the amount of those damages. And to the extent they have mitigated their damages, the costs incurred by Plaintiffs were (or will be) borne, in whole or in part, from collateral sources, including through insurance.

9. *Joint and several liability*. Any liability for any non-economic damages awarded to Plaintiffs must be limited by California Civil Code § 1431.2, which limits Uber's responsibility to its proportionate share of those damages.

10. *Prior release/limitation of liability and damages (Terms of Use)*. Plaintiffs' claims are barred by a prior release of all claims pursuant to Uber's Terms of Use, which disclaim any liability or damages resulting from the actions of third-party drivers.

2

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ANTICIPATED
AFFIRMATIVE DEFENSES                                                    Case No. 3:23-md-03084-CRB

11. *Abstention.* The Court should abstain from adjudicating Plaintiffs' claims in deference to the limitations provided by California Public Utilities Code Section 1759.

Dated: June 16, 2025

Respectfully submitted,

**KIRKLAND & ELLIS LLP**

By: */s/ Laura Vartain Horn*
    LAURA VARTIAN HORN
555 California Street,
San Francisco, CA 94104
Telephone: 415-439-1625
Facsimile: 415-439-1500
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
P: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
P: (212) 446-4757
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC

3

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ANTICIPATED
AFFIRMATIVE DEFENSES                                                       Case No. 3:23-md-03084-CRB