LAURA VARTAIN (SBN: 258485)
   laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
   allison.brown@kirkland.com
JESSICA DAVIDSON (Pro Hac Vice admitted)
   jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF MAY 27, 2025 PRIVILEGE LOGS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II** |

Pursuant to Special Master Order No. 4, § II (Dkt. 2933), Defendants submit this brief in support of their position on the remaining privilege claims challenged by Plaintiffs from Defendants' privilege log issued on May 27, 2025. Plaintiffs initially challenged 439 documents on this log. Following the parties' conferral, Plaintiffs submitted a final list of 396 challenges on June 12. These remaining challenges are now submitted for the Special Master's review.

The Special Master has ample grounds on which to affirm Defendants' remaining privilege claims. Defendants incorporate by reference the legal standard and arguments set forth in their prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As explained more fully in the prior briefs, the applicable legal standard, and the factual material previously provided to the Special Master,[1] when reviewed in conjunction with the challenged documents and the associated metadata fields, support Uber's privilege and work product assertions. The prior briefing and declarations provide important factual context on recurring topics, including:

### *Safety Features Developed in Partnership with Uber In-House Counsel*

Uber's in-house counsel's analysis and advice is reflected in several documents regarding certain safety features that were viewed as particularly complex from a legal perspective, as they raised an array of legal considerations spanning federal, state, and local legal issues. *See*, *e.g.*, JCCP_MDL_PRIVLOG099174 and JCCP_MDL_PRIVLOG100970. Declarations from Daniel Kolta, Uber's Legal Director, Global Safety, and Scott Binnings, Uber's Associate General Counsel, Safety and Core Services, provide further context regarding the safety features developed at Uber in partnership and with legal analysis from Uber's in-house counsel. *See*, *e.g.*, Apr. 21, 2025 Declaration of Daniel Kolta (provided to the Special Master *ex parte* on April 21, 2025) and June 2, 2025 Declaration of Scott Binnings (Dkt. 3141-1). As explained, in-house counsel, including Mr. Kolta, in his capacity as Product Counsel, and Mr. Binnings, in his capacity as then-Legal Director, Global Safety, were closely involved with the feature's development. The dominant purpose of in-house counsel's relationship with the development teams was in identifying and advising on legal risks

---

[1] As requested by the Special Master, Uber has provided (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log. Defense counsel will also be available for any questions the Special Master may have during the review process.

associated with the development and launch of these safety features. This legal analysis from in-house counsel should be protected.

### *Global Serious Safety Incidents*

Plaintiffs challenged eight documents[2] relating to Uber's Global Serious Safety Incidents reports. Plaintiffs' challenges to these documents are based solely on their misplaced view that deposition testimony from Roger Kaiser established that "these regularly sent communications were used and relied upon for business, rather than legal purposes." The Special Master has already rejected a similar challenge. *See* Email from Hon. Barbara Jones regarding Additional Rulings on Documents Regarding Custodians Akamine, Khosrowshahi, and Hazelbaker (June 5, 2025) ("The fact that the privileged information was received and relied upon by a non-lawyer, Mr. Kaiser, to inform his business decisions in carrying out his duties as the Senior Director of Global Safety does not vitiate the privileged nature of the information."). Plaintiffs' repeated challenge is equally unavailing here.

### *Other Discrete Issues Impacting Certain Documents*

Defendants provide additional context regarding certain documents in this set to facilitate the resolution of privilege claims:

- **JCCP_MDL_PRIVLOG098500** is a slide deck called "U.S. IC+ Campaign," which was fully withheld as privileged. Attorneys Dalene Bramer (Senior Director, Global Labor and Employment) and Ann O'Regan (then-Associate General Counsel, Labor and Employment) are collaborators on the document. The slide deck reflects internal analyses and considerations relevant to classification of driver partners as independent contractors. Certain portions of the slide deck reflect legal considerations, including employment law considerations, relevant to the independent contractor classification. Defendants intend to produce this document with redactions for Plaintiffs' review in an effort to resolve the pending dispute.

---

[2] The eight documents are JCCP_MDL_PRIVLOG104422, JCCP_MDL_PRIVLOG104423, JCCP_MDL_PRIVLOG104424, JCCP_MDL_PRIVLOG104425, JCCP_MDL_PRIVLOG104426, JCCP_MDL_PRIVLOG104427, JCCP_MDL_PRIVLOG104428, and JCCP_MDL_PRIVLOG104675.

- **JCCP_MDL_PRIVLOG100224** is an email thread from Product Manager, Mariana Esteves, to Uber employees and in-house lawyer, Daniel Kolta regarding the Uber Teens Pilot program. While Mr. Kolta's role in providing legal advice on this program is not apparent on the face of the challenged document, -0224, other documents show that he was closely involved in the program, as Product Counsel. As Mr. Kolta has previously explained, Product Counsel works hand-in-hand with other Uber employees during the development of new features because there are a host of legal risks associated with the development activities. *See* Apr. 21, 2025 Declaration of Daniel Kolta (provided to the Special Master *ex parte* on April 21, 2025). Similar to the safety features discussed above, the Uber Teens Pilot program implicated certain unique legal risks. As such, Mr. Kolta and others in the legal department were requested to, and did, provide legal advice regarding the development of the program. For further context on Mr. Kolta's role in this pilot program, Defendants are making available another document for the Special Master's review. *See* JCCP_MDL_PRIVLOG107418.
- **JCCP_MDL_PRIVLOG104411** is a draft document regarding "investigation standards." For additional context, Defendants will make UBER_JCCP_MDL_005704364 available for the Special Master's review. Document -4364 is a Google Docs notification email indicating that Craig Clark (then-Legal Director I, Security) had shared the challenged document (-4411) with then-Chief Security Officer, Joe Sullivan. When Mr. Clark shared -4411, he explained that the document in question is a "draft of the investigations policy **we've been working on**." (Emphasis added). The metadata for -4411 is consistent and shows that Mr. Clark was, in fact, a collaborator on the document. Thus, taken together, -4364 supports the conclusion that -4411 was prepared by or at the direction of counsel and, therefore, should remain privileged.
- **Non-Privilege Redactions** – Certain documents in this set include redactions to non-responsive, commercially sensitive information, as previously discussed between the

4

DEFENDANTS' BRIEF IN SUPPORT OF MAY 27, 2025 PRIVILEGE LOG PURSUANT TO SPECIAL MASTER ORDER NO. 4, § II                                    Case No. 3:23-MD-3084-CRB

parties.[3] Defendants respectfully submit that these redactions are not on grounds of legal privilege and are, therefore, outside of the Special Master's scope of review. Defendants will confer with Plaintiffs, as needed, to resolve any disputes as to non-privilege redactions.

The remaining privilege claims submitted for the Special Master's determination should be upheld.

DATED: June 16, 2025                    Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: /s/ Jennifer Hill
      Jennifer Hill

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

---

[3] Documents with redactions to non-responsive, commercially sensitive materials include JCCP_MDL_PRIVLOG097384, JCCP_MDL_PRIVLOG103526, JCCP_MDL_PRIVLOG103527, and JCCP_MDL_PRIVLOG103528.

Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
   jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC