UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER DENYING ADMINISTRATIVE MOTION TO SEAL PORTION OF HEARING TRANSCRIPT**<br><br>Re: Dkt. No. 3244 |

## I.  INTRODUCTION

Defendants in this MDL (collectively, Uber) move to seal a short passage of a transcript of a public discovery status conference and hearing. Dkt. No. 3244. For the reasons discussed below, that motion is DENIED.

## II.  BACKGROUND

At a discovery status conference and hearing on May 22, 2025, counsel for Uber mentioned a past visit by its Chief Marketing Officer Jill Hazelbaker to a particular location.[1] Dkt. No. 3167 at 14:22–23. The hearing was scheduled on the public docket of this MDL, appeared on the Court's public calendar, and was conducted on a public Zoom videoconference—the virtual equivalent of open court. Towards the end of the nearly two-hour hearing, Uber's counsel asked if Uber could "move to seal the very limited portions of this transcript where we discussed [Executive Leadership Team] members' whereabouts or scheduling," and how the Court would like Uber to make such a request. *Id.* at 65:16–20. The Court directed Uber to file a motion to seal after a transcript was available and to identify the specific lines Uber sought to seal. *Id.* at 66:1–5.

---

[1] Although the Court finds no basis to seal the information at issue, this Order is deliberately vague as to Hazelbaker's past location so as not to preclude a potential appeal or motion for relief.

A transcript was filed on June 5, 2025. *See generally id.* Pursuant to this Court's General Order 59, that transcript will not be publicly available on the electronic docket until ninety days have elapsed from its filing, but may be viewed at public terminals in the Clerk's Office or purchased from the court reporter before then. General Order No. 59 (N.D Cal. Apr. 25, 2008), ¶ 2, *available at* https://cand.uscourts.gov/wp-content/uploads/general-orders/GO-59.pdf [https://perma.cc/CN8Y-JWZ6]; *see also* U.S. Dist. Ct. for the N. Dist. of Cal., Transcripts / Court Reporters, § II ("What do I need to know about ordering a transcript?"), https://cand.uscourts.gov/about/clerks-office/transcripts-court-reporters/ [https://perma.cc/4QAZ-K5A].

The next day, Uber filed a "Notice of Intent to Request Redaction of Transcript," using a form available on the Court's website. Dkt. No. 3185. On June 12, 2025, Uber filed an administrative motion[2] to seal two lines of the transcript referencing Hazelbaker's past presence at a particular location. Dkt. No. 3244. Uber asserts that revealing that information would "implicat[e] privacy and safety concerns for Ms. Jill Hazelbaker," whose "physical whereabouts and political activities are unrelated to the merits of this litigation" or to her "tenure at Uber." *Id.* at 2.

### III.   LEGAL STANDARD

"The public generally has presumptive access to judicial opinions, hearings, and court filings . . . ." *Forbes Media LLC v. United States*, 61 F.4th 1072, 1077 (9th Cir. 2023). Documents filed with discovery motions that are no "more than tangentially related to the merits of a case" may be maintained under seal on a showing of "good cause," as distinct from the more stringent standard of "compelling reasons" to seal documents filed in contexts more closely tied to the merits. *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016). Uber asserts that the lower "good cause" standard also applies to transcripts of discovery hearings. The Court assumes for the sake of argument that is correct, although Uber cites no authority

---

[2] Though Uber's administrative motion cites Civil Local Rule 79-5(f)(3), *see* Dkt. No. 3244 at 2, the Court construes this motion as a request to seal a party's own representations in a court proceeding, as memorialized in the Court's transcript, and therefore the requirements under Civil Local Rule 79-5(c) apply.

1  addressing that question directly.  As the Court has previously noted in this MDL, even the "good
2  cause" standard "requires a 'particularized showing' that 'specific prejudice or harm will result' if
3  the information is disclosed," such that "'[b]road allegations of harm, unsubstantiated by specific
4  examples or articulated reasoning' will not suffice." *Fed. Trade Comm'n v. Qualcomm Inc.*, No.
5  17-cv-00220-LHK, 2018 WL 2317835, at *6 (N.D. Cal. May 22, 2018) (quoting *Phillips ex rel.*
6  *Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210–11 (9th Cir. 2002); *Beckman Indus.,*
7  *Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992)); *see* Dkt. No. 1818 at 2.

**IV.   ANALYSIS**

   **A.   Disclosure in Open Court Presumptively Waived Confidentiality**

As a starting point, several courts have held that a party waives any claim to confidentiality by voluntarily revealing information in open court.  *E.g.*, *In re Google Inc. Gmail Litig.*, No. 13-md-02430-LHK, 2014 WL 10537440, at *6 (N.D. Cal. Aug. 6, 2014) ("[T]he Court will not permit an ex post facto redaction of statements made in open court in the transcript."); *TriQuint Semiconductor, Inc. v. Avago Techs. Ltd.*, No. CV-09-1531-PHX-JAT, 2012 WL 1432519, at *7 (D. Ariz. Apr. 25, 2012) ("[T]he parties have already voluntarily 'let the cat out of the bag,' and this Court is unwilling, let alone able, to undo what is already done." (citation omitted)); *Pfizer, Inc. v. Teva Pharms. USA, Inc.*, No. CIV.A. 08-1331 (DMC), 2010 WL 2710566, at *4 (D.N.J. July 7, 2010) ("Once a hearing is conducted in open court, information placed on the record is just that: information that is *on the record.*  Ex-post facto sealing should not generally be permitted." (citations omitted)).[3]

If ex post facto sealing is generally improper, one might ask why this Court offers the form that Uber filed in this case giving notice of intent to redact a transcript.  *See* Dkt. No. 3185.  The answer is found in General Order 59, which "establishes a procedure for counsel to request the

---

[3] *See also Littlejohn v. Bic Corp.*, 851 F.2d 673, 680 (3d Cir. 1988) ("It is well established that the release of information in open court 'is a publication of that information and, if no effort is made to limit its disclosure, operates as a waiver of any rights a party had to restrict its future use.'" (citation omitted)); *In re Bard IVC Filters Prods. Liab. Litig.*, No. CV-16-00474-PHX-DGC, 2018 WL 3725729, at *1 (D. Ariz. June 25, 2018) (considering the related issue of sealing exhibits introduced in evidence and discussed in open court at trial, and collecting cases addressing sealing transcripts of public hearings).

3

redaction from the transcript of specific personal data identifiers before the transcript is made electronically available to the general public," as follows:

> 3. The Clerk shall provide to all parties electronic notice of the filing and of the redaction requirements. *Redaction is limited to* the following personal identifiers which must be redacted: (a) Social Security numbers; (b) financial account numbers; (c) names of minor children; (d) dates of birth; and, (e) home addresses of individuals. Within five business days of the filing of an official transcript, a party must file electronically a Notice of Intent to Request Redaction . . . .

General Order No. 59 (emphasis added). The information Uber seeks to redact here falls outside the limited categories of redactions allowed by General Order 59.

The Court recognizes that parties and counsel can make mistakes in what they disclose.[4] In some circumstances, a retroactive sealing order for information outside the scope of General Order 59 might be appropriate at least to mitigate the effects of a previous disclosure if serious harm is likely to result or if the disclosure was inadvertent (e.g., if a lawyer thought their microphone was muted during a remote hearing). *Cf. In re Google*, 2014 WL 10537440, at *6 (denying a request to redact a transcript where "the disclosures were not inadvertent"). Here, though, Uber's counsel was undoubtedly aware that she was speaking on the record of a public hearing when she disclosed Hazelbaker's past location. The parties have routinely ordered and obtained transcripts of discovery status conferences in this litigation, and no party requested to seal any portion of this proceeding before it occurred. The Court therefore starts from the presumption that Uber waived its claim to confidentiality of Hazelbaker's past location, and would require a showing of serious likely harm—or some other significant countervailing factor—to seal that statement post hoc. No such reason for retroactive sealing is apparent.

**B.     Uber Has Not Shown Good Cause to Seal**

Even if Uber had not (at least presumptively) waived any claim to confidentiality, Uber has not met its burden to make a "particularized showing" that "specific prejudice or harm will result"

---

[4] The Court also recognizes that Uber first raised its request to seal the information at issue at the hearing, Dkt. No. 3167 at 65:16–20, but Uber only did so well after counsel made the statement at issue. The Court does not fault Uber for following the Court's instruction to file a written motion after the transcript was available rather than pressing the issue when Uber first requested sealing. The problem for Uber is that its first request was already too late.

4

from disclosure. *See Phillips*, 307 F.3d at 1211. As noted above, Uber's present motion cites two potential harms from disclosure: unspecified "safety concerns," and the potential privacy intrusion of "needless public scrutiny." Dkt. No. 3244 at 3.

Uber's attorney states in a declaration that disclosing "the past physical whereabouts of a current Uber executive . . . implicates security and safety concerns." Dkt. No 3244-1, ¶ 3. Neither that declaration nor Uber's motion identifies those concerns in any further detail or explains how disclosure of Hazelbaker's *past* location poses a security risk. If Uber's argument is that knowledge of Hazelbaker's past visit to this location could create risks to her safety if she returns there in the future, such a contention would border on frivolous under the circumstances at issue. If Uber had some other security concern in mind, it has not explained what that might be.

That leaves only Uber's position that disclosure could result in "public scrutiny" of Hazelbaker. Potential "scrutiny" for a past visit to the location at issue here is the sort of "[b]road allegation[] of harm, unsubstantiated by specific examples or articulated reasoning," that does not overcome the public right of access to judicial proceedings. *See Phillips*, 307 F.3d at 1211 (quoting *Beckman Indus.*, 966 F.2d at 476).

Uber also asserts that Hazelbaker's past location is "wholly unrelated to [her] tenure at Uber or any of Plaintiffs' allegations in this proceeding." Dkt. No. 3244 at 3. To the extent that the degree of relevance of the information at issue might be pertinent to the present motion, the reason for Hazelbaker's unavailability for an earlier deposition was relevant to the Court's inquiry into the delay of multiple depositions, the parties' request to allow depositions after a deadline for substantial completion of discovery, and the Court's consideration of measures to ensure discovery is completed in a manner consistent with the broader case schedule. Public disclosure of the passage at issue would aid in the public's understanding of the judicial process, i.e., the parties' arguments and the reasons for the Court's decisions.

That is not to say that relevant information cannot be sealed on an appropriate showing of potential harm from disclosure. The procedural aspects of the judicial process at issue here may be only tangential to the merits of Plaintiffs' claims, but they are nevertheless subject to at least a limited presumption of public access, which a party must show at least "good cause" to

1  overcome—even if Uber had not waived confidentiality by disclosing the information at issue in a
2  public hearing.  As discussed above, Uber has not met that burden here.

## V. CONCLUSION

For the reasons discussed above, Uber's administrative motion to seal a portion of the May 22, 2025 transcript is DENIED, and the entire transcript shall remain available under the terms of General Order 59.

**IT IS SO ORDERED.**

Dated: June 18, 2025

LISA J. CISNEROS
United States Magistrate Judge