1

2

3

4                                    UNITED STATES DISTRICT COURT

5                                  NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE: UBER TECHNOLOGIES, INC.,              Case No.  23-md-03084-CRB   (LJC)
     PASSENGER SEXUAL ASSAULT
8    LITIGATION
                                                  **ORDER REGARDING DISCOVERY
9                                                 STATUS REPORT**

     This Document Relates To:                    Re: Dkt. No. 3328
10
             ALL CASES.
11

12            This Order briefly addresses certain matters raised in the parties' June 23, 2025 Status

13   Report.  Dkt. No. 3328.  Other matters raised therein may be addressed at the June 26, 2025 status

14   conference.

15        **A.       Deposition Disputes**

16            Section I.2 of the Status Report discusses a dispute regarding scheduling certain

17   depositions.  Uber asserts that the parties reached an agreement for an expedited briefing schedule.

18   If the parties now agree that there was such an agreement, they shall comply with it.  If they do not

19   so agree, they shall file a joint letter raising the dispute no later than June 26, 2025, consistent with

20   Pretrial Order No. 8 except to the extent the schedule set by that Order is not consistent with this

21   deadline.  In either event, the Court will constrain its review to the parties' joint letter or other

22   agreed briefing.  The Court will not consider arguments regarding this issue presented in today's

23   status report in determining the relevance and propriety of particular depositions.

24            As a procedural matter, the Court notes that the parties' stipulated Bellwether Deposition

25   Protocol plainly requires that "[t]he parties shall respond with 2 potential dates within 5 business

26   days of receiving the request."  Dkt. No. 2738 at 3; Dkt. No. 2745-1 at 3.[1]  Where a party seeks to

27

28   [1] To the extent that there was any ambiguity as to this point in the Court's previous Orders
     resolving disputes regarding that deposition protocol, *see* Dkt. Nos. 2754, 2924, all undisputed

United States District Court
Northern District of California

United States District Court
Northern District of California

1  be excused from this requirement, the Court will consider whether there is good cause to grant that

2  request.  The Court offers the following preliminary guidance.  Where a plaintiff has requested to

3  depose a former employee, and Uber has diligently sought to locate and contact that individual but

4  the person has been unresponsive and therefore rendered Uber unable to provide two potential

5  deposition dates within the required five business day time frame, there is good cause to extend

6  the deadline to provide deposition dates.  On the other hand, where there is a dispute as to whether

7  a current or former employee is relevant to the bellwether case, this substantive dispute does not

8  excuse Uber from providing two potential deposition dates for individuals with whom Uber is able

9  to communicate, though those dates may need to be moved if the relevancy dispute has not been

10  resolved in advance.

11          **B.      Subpoena Disputes**

12          The briefing schedule proposed by the parties in section V of the Status Report, to address

13  disputes regarding litigation funding subpoenas, is hereby adopted.  The parties shall either

14  comply with that schedule or promptly file a joint status report if they resolve those disputes

15  before briefing is complete.

16          **IT IS SO ORDERED.**

17  Dated: June 24, 2025

18

19                                                        _____

20                                                        LISA J. CISNEROS
                                                          United States Magistrate Judge

21

22

23

24

25  _____

26  provisions of the protocol are hereby ADOPTED as an order of the Court, retroactive to the date
    that the parties jointly proposed them.  If the parties believe that a standalone order reflecting the

27  bellwether deposition protocol would be useful, they may file a stipulation and proposed order that
    reflects the Court's previous rulings on their disputes.  In this Court's view, however, the

28  undisputed provisions and the Court's previous Orders remain fully effective in the absence of
    such an order consolidating them into a single document.

2