1    [Submitting counsel below]

2

3

4                    UNITED STATES DISTRICT COURT

5                   NORTHERN DISTRICT OF CALIFORNIA

6                      SAN FRANCISCO DIVISION

7

8    **IN RE: UBER TECHNOLOGIES, INC.,**          No. 3:23-md-03084-CRB
     **PASSENGER SEXUAL ASSAULT**
9    **LITIGATION**                               **PLAINTIFFS' BRIEF REGARDING**
                                                  **DISPUTED ENTRIES FOR SPECIAL**
10                                                **MASTER REVIEW**

11   This Document Relates to:                    Judge: Honorable Barbara S. Jones
                                                  Date: TBD
12   All Cases                                    Time: TBD
                                                  Via: TBD
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3 **<u>INTRODUCTION</u>**

4          Pursuant to guidance provided by Master Jones on June 19, 2025, Plaintiffs submit this

5 brief in support of Plaintiffs' List of Disputed Entries from Defendants' June 19, 2025, Privilege

6 Log. Plaintiffs respectfully request that the Master issue determinations that Defendants' privilege

7 assertions regarding Uber's Board of Directors Meeting minutes and materials are improper.

8          Plaintiffs incorporate by reference the legal standard and arguments set forth in Discovery

9 Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4,

10 2025. *See* ECF No. 2434. Additionally, Plaintiffs provide the arguments below as well as factual

11 support included on the June 24, 2025 Declaration of Tiffany R. Ellis ("Ellis Declaration")

12 attached hereto as <u>Exhibit 1</u>.

13 **<u>LEGAL STANDARD</u>**

14

15          "[I]n a civil case, state law governs privilege regarding a claim or defense for which state

16 law supplies the rule of decision." Fed. R. Evid. 501. The parties agree that California law applies

17 to Uber's claim of privilege. (ECF No. 664 at 2, 5, n.7); *see also Holley v. Gilead Scis., Inc.*, No.

18 18-cv-06972, 2021 WL 2371890, at *2 (N.D. Cal. June 10, 2021)(applying California choice-of-

19 law rules to conclude that California privilege law applied in a case with "factual connections to

20 multiple states," where no party introduced evidence of a conflict of laws or another state's

21 governmental interest in applying its own law).

22

23          Under California law, the attorney-client privilege is governed by statute and applies to

24 confidential communications between client and lawyer during the course of the attorney-client

25 relationship. *See* Cal. Evid. Code §§ 911, 954, 952. For the privilege to apply, "the communication

26 must be between the client and lawyer for the purpose of obtaining legal advice." *United States v.*

27 *Marti*n, 278 F.3d 988, 1000 (9th Cir. 2002). "The party claiming the privilege has the burden of

28

1    establishing the preliminary facts necessary to support its exercise." *Costco Wholesale Corp. v.*

2    *Superior Ct.*, 47 Cal. 4th 725, 733 (2009).

3        The Ninth Circuit recognizes that "some communications might have more than one

4    purpose." *In re Grand Jury*, 23 F.4th 1088, 1091 (9th Cir. 2021). Ninth Circuit Courts apply a

5    "primary-purpose test" to determine whether the communications are privileged. *Id*. at 1092. Under

6    that test, "courts look at whether the primary purpose of the communication is to give or receive

7    legal advice, as opposed to business ... advice." *Id*. at 1091 (citation omitted). "The natural

8    implication of this inquiry is that a dual-purpose communication can only have a single 'primary'

9    purpose." *Id*.  "The attorney-client privilege is inapplicable where the attorney merely acts as a

10   negotiator for the client, gives business advice or otherwise acts as a business agent." *Chi. Title Ins.*

11   *Co. v. Superior Ct.*, 174 Cal. App. 3d 1142, 1151 (1985)(citing *Aetna Cas. & Sur. Co. v. Superior*

12   *Ct.*, 153 Cal. App. 3d 467, 475 (1984)).

13

14        "It is established that otherwise routine, non-privileged communications between

15   corporate officers or employees transacting the general business of the company do not attain

16   privileged status solely because in-house or outside counsel is 'copied in' on correspondence or

17   memoranda." *Zurich*, 155 Cal. App. 4th at 1504 (collecting cases). Communications involving in-

18   house counsel "warrant[] heightened scrutiny because in-house counsel may act as integral

19   players in a company's business decisions or activities, as well as its legal matters." *Wisk Aero*

20   *LLC v. Archer Aviation Inc.*, No. 21-cv-02450, 2023 WL 2699971, at *4 (N.D. Cal. Mar. 29,

21   2023)(quoting *Oracle Am., Inc. v. Google, Inc.*, No. 10-cv-03561, 2011 WL 3794892, at *4 (N.D.

22   Cal. Aug. 26, 2011). Thus, "[w]hen attempting to demonstrate that an internal communication

23   involving in-house counsel deserves privileged status, a party ... 'must make a clear showing that

24   the speaker made the communication[ ] for the purpose of obtaining or providing legal advice.'"

25   *Id*. (citations omitted).

26

27

28

Moreover, a party's "assertion of privilege may be sustained only if "there is a clear evidentiary predicate for concluding that each communication in question was made primarily for the purpose of generating legal advice." *McCaugherty v. Siffermann*, 132 F.R.D. 234, 238 (N.D. Cal. 1990); *In re Grand Jury*, 23 F.4th at 1091. The privilege "protects only those disclosures necessary to obtain informed legal advice which might not have been made absent the privilege," which means that "[n]o privilege can attach to any communication as to which a business purpose would have served as a sufficient cause, i.e., any communication that would have been made because of a business purpose, even if there had been no perceived additional interest in securing legal advice." *Id.* (internal citations omitted). Finally, the party asserting privilege bears the burden of showing the communications that it asserts privileged for has a predominant purpose of providing legal advice. *Id.*

### ARGUMENT

Uber has not met its burden of demonstrating that the documents at issue are protected by privilege or that any legal advice provided by counsel was the primary or dominant purpose of the communications. The challenged entries reflect communications and materials that were prepared primarily for business—not legal—purposes. Uber has failed to establish that the redacted communications were not driven by a dominant business function. As such, Uber has not satisfied its burden to demonstrate that the attorney-client privilege applies.

In particular, Uber's in-house counsel participated in Board meetings to advise the Board in ways that would allow it to steer the company's business strategy and corporate objectives. This role inherently serves a business, rather than legal, purpose. The documents concerning Board meeting minutes and materials provide insight into the information Uber's executives did or did not share with the Board, especially during the critical time period highlighted by Plaintiffs, which

includes the final months of Mr. Kalanick's tenure and the development and publication of Uber's

Safety Reports.

These Board materials are highly relevant to the litigation. They may reveal Uber's internal

safety assessments, business risk evaluations, and business priorities—issues central to this case.

The significance of these documents is amplified given the limited scope of the custodial files for

Mr. Kalanick and Mr. Khosrowshahi, and they offer essential context for evaluating those

individuals' conduct and strategic decisions during their respective leadership periods.

*Wisk Aero LLC v. Archer Aviation Inc.*, 2023 WL 2699971 at *4 is on point. In *Wisk*, the

court held that materials authored by the company's General Counsel and shared with the Board

were not privileged, noting a "clear business purpose in the environment in which the purportedly

privileged communications occurred." *Id*. Just so here. Uber's Board documents, while involving

in-house counsel, reflect both legal and non-legal content and appear, based on their descriptions,

to be primarily business-driven.

Uber has produced redacted versions of these documents, but the redactions are so extensive

that Plaintiffs cannot evaluate the context or the legitimacy of the asserted privilege. As courts have

emphasized, board meeting minutes involving in-house counsel are not privileged unless the

communications were made for the primary purpose of securing legal advice. *See United States v.*

*Rite Aid Corp.*, No. 12-cv-1699, 2021 WL 1196250, at *8 (E.D. Cal. Mar. 30, 2021). And vague or

conclusory privilege descriptions—such as those provided by Uber—are insufficient to establish

privilege. *Id*. at *7 ("[v]ague and conclusory assertion[s] that these redactions relate to legal and

regulatory issues is insufficient…"); *see also Licensing Corp. v. Adobe Inc.*, 402 F. Supp. 3d 855,

866 (N.D. Cal. 2019) (holding that a "vague declaration that states only that the document 'reflects'

an attorney's advice is insufficient…").

Furthermore, while Plaintiffs agreed to a June 12, 2025 compromise to allow limited "Commercially Sensitive" redactions—specifically for matters involving Delivery, Eats, Freight, non-Rides businesses, investor relations, M&A, divestitures, and international issues (except where safety issues are implicated in Brazil, India, Australia, Mexico, Indonesia, Canada, the UK, and Saudi Arabia)—that agreement did not extend to U.S. Rides, U.S. Mobility, or safety-related U.S. Uber Eats content. Information within those categories must remain unredacted.

As an example of over-redaction in violation of the agreement, Uber redacted a section of the December 5, 2019 Board meeting minutes concerning the Safety Report Review (UBER_JCCP_MDL_005775395). The Board's discussions about rider safety and anticipated public reaction to the publication of the first Safety Report clearly implicate a dominant business concern.

In short Uber has not met its burden of proving that the redacted material is protected by privilege. The redactions appear to serve a business, not legal, function—and thus fall outside the scope of protected communications.

## CONCLUSION

For the reasons stated herein and in Plaintiffs' other submissions to the Master, Uber has not met its burden showing that disputed documents or communications at issue are privileged and such documents or communications should be immediately produced.

Dated: June 24, 2025                    Respectfully Submitted,

                                        By: /s/ Sarah R. London
                                        Sarah R. London (SBN 267093)
                                        **GIRARD SHARP LLP**
                                        601 California St., Suite 1400
                                        San Francisco, CA 94108
                                        Telephone: (415) 981-4800
                                        slondon@girardsharp.com

                                        By: /s/ Rachel B. Abrams
                                        Rachel B. Abrams (SBN 209316)

1

2      **PEIFFER WOLF CARR KANE CONWAY**
       **& WISE, LLP**
3      555 Montgomery Street, Suite 820
       San Francisco, CA 94111
4      Telephone: (415) 426-5641
       Facsimile: (415) 840-9435
5      rabrams@peifferwolf.com

6      By: */s/ Roopal P. Luhana*
       Roopal P. Luhana
7

8      **CHAFFIN LUHANA LLP**
       600 Third Avenue, 12th Floor
9      New York, NY 10016
       Telephone: (888) 480-1123
10     Facsimile: (888) 499-1123
       luhana@chaffinluhana.com
11

12     *Co-Lead Counsel for Plaintiffs*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

      I hereby certify that on June 24, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Veronica L. Stewart*
Veronica L. Stewart, Paralegal

PLS. BRIEF REGARDING DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW
NO. 3:23-MD-03084