UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER RESOLVING JOINT DISCOVERY LETTER REGARDING PREVIOUS RIDER REPORTS**<br><br>Re: Dkt. No. 3074 |

## I.   INTRODUCTION

Among other theories of liability, Plaintiffs in this multidistrict litigation allege that Defendants (collectively, Uber) failed to take reasonable steps to prevent drivers from sexually assaulting and harassing them. Uber had received previous complaints of similar misconduct by some of the drivers at issue, before the alleged incidents at issue. Plaintiffs now seek to discover the identities of those previous complainants. Uber opposes that discovery, arguing that it is irrelevant and an undue invasion of the previous complainants' privacy. The parties filed a joint discovery letter brief raising that dispute. This Order largely assumes the parties' familiarity with the facts and history of this litigation, as well as foundational law of discovery in federal court. *See* Fed. R. Civ. P. 26(b)(1) ("Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ."). For the reasons discussed in Section II below, the Court GRANTS Plaintiffs the discovery they seek, subject to certain conditions to protect the previous complainants from harassment or undue publicity. In addition, in Section III, the Court proposes a notice to be served on all prior complainants who are contacted by lawyers in this litigation. At the June 26, 2025 discovery status conference, counsel shall be prepared to address this proposed notice, and the parties shall

meet and confer an file a stipulation by July 2, 2025.

## II. ANALYSIS

Each Plaintiff in a bellwether case has served the following interrogatory on Uber:

> For any Rider who, before the date of the Subject Incident, reported Sexual Assault and/or Sexual Misconduct against the Subject Driver, which did not result in permanent Deactivation, Identify the Rider by name, email address, physical address, and phone number. (Plaintiff invites Uber to meet and confer regarding a process for allowing these Riders to opt into or out of having their identities shared.)

*E.g.*, Dkt. No. 3074-3 at 3.

Plaintiffs argue that riders who previously complained about the specific drivers at issue are relevant and important witnesses, because: (1) they allow Plaintiffs to test the veracity and completeness of Uber's records of what those riders told Uber in their complaints and any investigation that may have followed; and (2) they are uniquely situated to testify to what information was in their possession and available for Uber to uncover, if Uber had conducted more thorough investigations. The Court agrees.

Uber argues that such testimony would be inadmissible, but fails to explain that argument beyond conclusory and unpersuasive characterizations of the testimony as "speculative." Dkt. No. 3074 at 6. Barring unusual circumstances, a rider would be qualified to testify to their personal knowledge of the alleged sexual misconduct that gave rise to their complaint without relying on speculation, and any testimony that the rider would have relayed to Uber (if Uber had asked) would also likely be admissible. To the extent riders might testify to what they actually told Uber, such testimony is not hearsay[1] because it is not offered for "the truth of the matter asserted." *Cf.* Fed. R. Evid. 801(c)(2). Whether a driver actually engaged in prior sexual misconduct is unlikely to be directly relevant to Plaintiffs' claims here. The question more likely to be relevant—speaking generally, and not resolving the specific elements of any claim—is whether Uber had reason to *believe* that a driver engaged in misconduct, which might inform whether Uber reasonably should have taken further steps to protect passengers from that driver. Ultimately, any

---

[1] Uber has not specifically argued that such testimony would be hearsay, but because Uber has offered little explanation for its assertions of inadmissibility, the Court addresses the issue in an abundance of caution.

2

question of admissibility will be for the presiding judge to resolve, but the evidence that Plaintiffs hope to obtain appears at least potentially relevant to their claims and likely admissible at trial.

Uber also argues that Plaintiffs' request unduly infringes the privacy of the prior complainants. "Resolution of a privacy objection requires a balancing of the need for the particular information against the privacy right asserted." *Anders v. United Airlines Inc.*, No. CV 19-5809-GW (KS), 2020 WL 8575132, at *5 (C.D. Cal. Dec. 18, 2020). Under California law—which informs the Court's analysis but is not dispositive in this federal litigation—a person's privacy "interest must be measured against other competing or countervailing interests in a 'balancing test,'" where such competing interest include a litigant's interest in discovering relevant evidence. *Pioneer Elecs. (USA), Inc. v. Superior Ct.*, 40 Cal. 4th 360, 371 (2007). That remains true even where the privacy interest is "legally protected," the person "possess[ed] a reasonable expectation of privacy under the particular circumstances," and "the invasion of privacy complained of [is] be 'serious' in nature, scope, and actual or potential impact to constitute an 'egregious' breach of social norms." *Id.* at 370–71 (citations omitted).[2]

Judge Corley denied a request for similar information in *Doe v. Uber*, No. 19-cv-03310-JSC, Dkt. No. 97 (N.D. Cal. Aug. 11, 2021).[3] Like here, the plaintiff in that case sought to hold Uber liable for an attack by a driver—there, a former Uber driver who posed as the driver the plaintiff had ordered, and then raped and strangled her—and sought to discover the identities of other riders who had complained about that driver. The plaintiff "propose[d] that the Court utilize the *Belaire* opt-out process that is typically used in class actions." *Id.* at 1 (citing *Belaire-W. Landscaping, Inc. v. Superior Ct.*, 149 Cal. App. 4th 554 (2007)). Judge Corley held that such

---

[2] Though the range of sexual misconduct at issue in this civil litigation is broad, the Court notes for certain egregious types of sexual misconduct, the privacy concerns of victims do not preclude the mandatory disclosure of suspected abuse to law enforcement officials. *See e.g.*, Child Abuse and Neglect Reporting Act, Cal. Penal Code §§ 1164, *et seq*; Cal. Penal Code § 11160(b) (requiring certain health practitioners to report immediately or as soon as possible certain assaultive or abusive conduct, such as rape and sexual battery, to local law enforcement). Here, the existence of privacy concerns on the part of prior complainants, standing alone, does not justify withholding the information from Plaintiffs, but necessarily requires a balancing of those concerns with other interests at play in the litigation and the privacy protections that may be imposed.

[3] A copy of that order is included in the record here as Exhibit C to the parties' joint letter. Dkt. No. 3074-4.

1    disclosure could deter other victims of sexual misconduct from submitting complaints to Uber,
2    imposed a far greater invasion of privacy than the *Belaire* process's typical application of
3    identifying putative class members in wage-and-hour cases, and was not justified by any
4    asymmetry in access when there was "no suggestion in the record that Uber is using these
5    complainants as witnesses." *Id.* at 2–3.

6          This Court agrees with Judge Corley that identifying people who raised prior complaints of
7    sexual misconduct implicates significantly greater privacy concerns than identifying members of a
8    typical wage-and-hour class action like *Belaire* or a typical products liability case about consumer
9    electronics like *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal. 4th 360 (2007). Uber
10   has offered a declaration by its Safety Advisory Board member Indira Henard discussing general
11   concerns about protecting the privacy of survivors of sexual assault, the basic principles of which
12   are not in dispute. Dkt. No. 3074-5. Under the circumstances of this case, however, and with
13   sufficient safeguards to protect the complainants from harassment or unwanted publicity, the
14   relevance of their potential testimony outweighs the limited imposition on their privacy.

15         Unlike in *Doe*, where Uber had apparently already banned the driver at issue from its
16   platform, Plaintiffs here argue that Uber unreasonably failed to take that same action in response
17   to the prior complaints. As discussed above, the complainants' testimony could be relevant to test
18   Uber's recordkeeping of what the complainants told it, and as evidence of what information the
19   complainants possessed and were able to provide to Uber if it had followed up with them further
20   regarding their complaints. In *Doe*, Judge Corley accepted without explanation the premise that
21   the discovery at issue had only "limited probative value," perhaps because Uber had already
22   banned the driver in response to the prior complaints. *See Doe*, Dkt. No. 97 at 2. That is not the
23   case here.

24         Other courts have allowed discovery of similar information. In *Goold v. Hilton*
25   *Worldwide, Inc.*, for example, the Eastern District of California ordered the defendant to respond
26   to interrogatories identifying employees who had complained of sexual harassment (among other
27   forms of discrimination), limited to complainants who later experienced an adverse employment
28   action. *Goold*, No. 1:13-cv-00438 JLT, 2014 WL 1383252 (E.D. Cal. Apr. 8, 2014). There, the

1    plaintiff alleged that the defendants retaliated against him for reporting and opposing sexual

2    harassment of another employee. *Id.* at *2. The court found other potential acts of harassment or

3    discrimination "directly relevant" to the defendants' motive in firing the plaintiff, and that then

4    plaintiff had "no alternative method . . . to test the motivation of Defendants when they fired him."

5    *Id.* at *6. The court also concluded that the protective order in that case adequately protected third

6    parties' privacy interests. *Id.*; *see also, e.g.*, *Doe v. County of Solano*, No. 2:23-cv-00180 AC,

7    2023 WL 8878150, at *1 (E.D. Cal. Dec. 22, 2023) (ordering identification of prior complainants

8    of sexual assault by the inmate who allegedly assaulted the plaintiff, with minimal analysis but

9    similar reliance on a protective order to *Goold* and similar safeguards to those imposed below).

10        Here, although Uber apparently does not intend to call prior complainants as witnesses,

11   Uber has already had superior access to those complainants when they submitted their complaints

12   and Uber either investigated them or chose not to. Uber could potentially still contact those

13   complainants if it believed their testimony would be relevant to Uber's defense.[4] *Goold* is not

14   directly on point, but similarly to that case, Plaintiffs here have "no alternative method," *see* 2014

15   WL 1383252, at *6, to test the veracity and completeness of Uber's records of those complaints

16   and any investigation thereof, or to discover what Uber could have learned from the complainants

17   if it had investigated further.

18        Disclosing the identity of a prior victim of sexual assault or other sexual misconduct is a

19   meaningful privacy intrusion, but the degree of that intrusion can be mitigated with sufficient

20   protection against undue exposure or harassment. Moreover, while some complainants might not

21   wish to be involved with this litigation, others might not be aware of Plaintiffs' claims regarding

22   the same drivers who allegedly assaulted or harassed them, and might welcome the opportunity to

23   seek to hold Uber liable if they feel it did not sufficiently respond to their complaints. Still others

24   perhaps might wish to set the record straight if they believe Uber responded appropriately or that

---

[4] Uber asserts in a footnote that "riders provided their contact information to Defendants pursuant to a privacy provision assuring riders that their private information would only be used for limited purposes," but does not offer any evidence to support that assertion, nor does it explain the "limited purposes" for which Uber may use riders' contact information. Dkt. No. 3074 at 5 n.5. There is no record evidence that Uber is subject to any enforceable limitation (prior to this Order) governing how it might disclose or otherwise use complainants' contact information.

5

Plaintiffs here are overstating the nature of their prior complaints. And for those who do not wish to discuss or be publicly associated with a traumatic experience any further than they have already, their identities will be disclosed only to Plaintiffs' counsel and subject to a strict protective order, and, absent a further court order, they are under no obligation to speak to counsel if they would prefer not to be involved in this litigation.

Plaintiffs have not indicated any intent to serve subpoenas on complainants who are unwilling to cooperate with them, and Plaintiffs' suggestion that the parties' discuss an opt-in or opt-out process suggests that Plaintiffs do not intend to pursue discovery from complainants who are not willing to provide it. At this stage of the case, however, an opt-in or opt-out process would only add further delay (as well as potential for dispute among the parties as to the form it would take), and is not warranted as compared to ordering production of the complainants' contact information with terms sufficient to protect them from harassment or unwanted publicity.

The Court imposes the following conditions on contact with former complainants and protection of their identifying information:

(1) Uber's responses shall be designated Attorneys'-Eyes-Only under the protective order in this litigation. Plaintiffs must comply with the same restrictions for any further identifying information they might obtain as a result of that disclosure (e.g., the results of a "skip trace" or similar investigation to obtain updated contact information if Uber's information is outdated). Uber is subject to the same limitations with respect to disclosure of complainants' identities or contact information in any manner connected in any way to this litigation.

(2) In all public filings, and in any context where a prior complainant's identifying information is not directly relevant, the parties shall identify prior complainants only by their initials or by pseudonyms and shall not reveal other personally identifying information about them, absent a court order or express agreement by the prior complainant to the contrary.

(3) Absent leave of Court, the parties may not serve subpoenas on the prior complainants, or on other persons for the purpose of seeking information about prior complainants.

6

(4) Counsel must inform any prior complainants they contact of the existence and basic terms of this Order, must provide copies of the notice discussed below and this Order where feasible, must offer to provide copies if it is not feasible to do so directly (as in the case of a telephone conversation), and must inform them they are not required to speak with counsel or otherwise cooperate in this litigation if they do not wish to. Counsel must also offer to provide a copy of the protective order.

(5) If a prior complainant communicates to counsel at any point in time, though any mode of communication, that they do not wish to be contacted, counsel must cease contact, absent an order by the Court to the contrary or subsequent proactive outreach by that complainant to counsel.  Any response to such a request must be limited to acknowledging the request, that counsel will comply with it, and that the prior complainant may change their mind and reinitiate contact with counsel.

### III. PROPOSED NOTICE TO PRIOR COMPLAINANTS OF THEIR PROTECTIONS

The Court will require the lawyers in this litigation to provide a notice of protections to people who have submitted complaints about certain Uber drivers who are now the subject of this litigation, if the lawyers choose to contact those people.  This Order therefore includes a proposed notice to those individuals:

> The Plaintiffs in this litigation are suing Uber for alleged sexual assault and harassment by drivers.  The Court has determined that Uber must disclose to the Plaintiffs' lawyers the identities of people who submitted previous complaints about sexual misconduct by the same drivers who are accused of misconduct in this litigation.  If you are someone who submitted that sort of complaint, the lawyers in this case cannot publicly disclose your name or identifying information without either your permission or the Court's permission.  If the Court or the lawyers need to refer to you in a public filing, you will be identified only by your initials or a false name like "Jane Doe," unless you agree to allow your name to be disclosed or the Court determines that it should be.  Your contact information is similarly protected.
> You do not need to speak to the lawyers or parties in this case or cooperate with them if you do not want to.  But if you choose to cooperate with one side in this case, you might be required to provide evidence to both sides.
>
> If you ask the lawyers to stop contacting you, they may acknowledge your request and they must stop further communication with you, unless they obtain permission from the Court.  If lawyers seek such permission from the Court, the Court will take steps to ensure that you

are notified of their request to further communicate with you, that you have an opportunity to object if that request is granted, and that your identity and privacy are protected during this process.

To explain further, there might (or might not) be circumstances where the Court would require someone who submitted a previous complaint to provide evidence or testimony even if they do not want to, by allowing the parties to the case to issue a subpoena for that person. A subpoena is a legal document that calls for an individual to appear to provide testimony or produce documents relevant to a legal case. So far, no party has asked—or otherwise indicated any intent—to issue a subpoena to someone who submitted a previous complaint, so the Court has not had a reason to consider whether such a subpoena should be allowed. The Court will not allow such a subpoena in this litigation without specific reasons why it is necessary to the case. If the Court later allows a party to issue a subpoena to you, you will have an opportunity to object to the subpoena and argue to a court that you should not be required to testify or provide documents in response to it.

You are not required to have a lawyer to make an objection to a subpoena. The lawyers in this case who represent Plaintiffs or Uber are not your lawyers (unless you agree to retain them to represent you). Under most circumstances, they are allowed to disclose what you tell them, except that this Order prohibits them from disclosing your name or identifying information unless you (or the Court) give them permission to disclose that information.

If you are served with a subpoena and do not think you should have to comply with it, or if you think a lawyer has violated this Order, you may hire your own lawyer or represent yourself to seek relief from the Court. Lawyers at the Court's Legal Help Center can provide free basic assistance to people who are representing themselves but cannot provide legal representation. You can request an appointment with the Legal Help Center by calling (415) 782-8982 or emailing fedpro@sfbar.org. Additional information for people representing themselves is available at https://cand.uscourts.gov/pro-se-litigants/.

### IV.    CONCLUSION

For the reasons discussed above, the Court ORDERS Uber to respond to the interrogatories at issue no later than one week from the date of this Order, and imposes the conditions set forth above to protect the privacy of third parties.

The terms of this Order, except for the response deadline, shall apply equally to any future interrogatory seeking the identities or contact information of riders who complained to Uber of sexual harassment or assault by the specific driver at issue in a given case.

The parties are further ordered to meet and confer regarding the above proposed notice and file a joint stipulation by July 1, 2025 that proposes any changes to this notice. If the parties

8

disagree on certain aspects of the notice, they may file by the same deadline separate statements with their respective positions on the disputed issues.

**IT IS SO ORDERED.**

Dated: 6/25/2025

LISA J. CISNEROS
United States Magistrate Judge