OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

## CIVIL MINUTES

| **Date:** June 26, 2025 | **Time:** 10:42 a.m.-11:27 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana, Chaffin Luhana LLP., Rachel Abrams, Peiffer Wolf Carr Kane Conway & Wise, LLP., and Sara Peters, Walkup, Melodia, Kelly and Schoenberger APC, counsel for Plaintiffs

**For Defendants:** Michael Shortnacy, Veronica Gromada and Patrick Ott, Shook, Hardy and Bacon LLP, Christopher Cox, Laura Vartain and Michael Vives, Kirkland & Ellis LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims                **Reported by:** Andrea Bluedorn

## PROCEEDINGS

Discovery Status Conference held. The Court addressed the parties' joint letter (Dkt. No. 3344) regarding disputes as to whether depositions of certain Uber witnesses should be considered part of corporate discovery common to the MDL or case-specific discovery. The Court suggested that some form of hybrid or third-category treatment might be appropriate for witnesses who may be relevant to a subset of cases, such as employees responsible for regional or city-specific policies and practices, to avoid repeated depositions of the same witnesses on the same topics. The Court directed the parties to meet and confer and file a joint stipulation and/or, if needed, separate statements for Defendants and Plaintiffs with their respective positions regarding the depositions for this set of witnesses no later than July 2, 2025 at 5:00 PM. Plaintiffs' counsel later noted that this issue might apply to additional witnesses beyond the four addressed in the joint letter, based on Plaintiffs' review of recently produced documents.

The Court noted the upcoming court-supervised depositions on July 1 and 3, 2025. The parties did not raise any concerns about proceeding with those depositions as scheduled.

The Court and the parties addressed other issues noted in the parties' status report that did not present disputes ripe for resolution. The Court directed the parties to comply with applicable pretrial orders with respect to disputes about purported deficiencies in Plaintiff Fact Sheets.

The parties indicated that they are considering the Court's recent Order (Dkt. No. 3346) requiring production of contact information of former complainants of sexual misconduct by the drivers at issue in bellwether cases, subject to safeguards stated therein. Uber indicated that it might seek relief from that Order but has not yet made that decision. Uber argued that any outreach to former complainants should come from Uber in the first instance. The Court noted that Uber did not suggest such a process in the joint letter (Dkt. No. 3074). The Court directed the parties to address that proposal in the July 1, 2025 filing(s) called for by that Order regarding the form of notice to the individuals at issue. Plaintiffs indicated that they do not intend to serve subpoenas on former complainants at this time.