IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Carr Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Disputed Entries from Defendants' June 5, 2025 Privilege Log that was submitted for Master Review on June 23, 2025. The Defendants' privilege log regarded a clawback notice sent which contained 15 entries previously logged.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on Plaintiffs' List of Disputed Entries from Defendants' May 27, 2025 Privilege Log was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

**Uber's June 5, 2025 Privilege Log**

4. On June 5, 2025, Defendants provided a clawback notice containing 135 documents. Additionally, Defendants provided a privilege log concerning 121 of the documents on the clawback notice.

5. On June 12, 2025, Plaintiffs provided the Defendants with a list disputing all but two of the entries from Defendants' June 6, 2025 clawback notice and privilege log. The list included entries Plaintiffs challenged outright or identified as lacking sufficient information to assess the privilege claim. Most of the documents were noted to be documents "identified for preparation of Catherine Gibbons for deposition in Boston Retirement Systems litigation containing highlights, thoughts and mental impressions of in-house and outside counsel regarding pending litigation."

6. Defendants did not identify the names of attorneys associated with those documents or explain why the underlying documents in and of themselves were privileged.

7. Plaintiffs, noting that most documents lacked attorney involvement or legal advice, sought out duplicate versions produced by Uber.

8. The Parties met and conferred on June 19, 2025, regarding the disputed entries. Plaintiffs provided Defendants with a list of entries a duplicate could not be found.

9. On June 20, 2025, and June 23, 2025, Defendants provided additional information related to duplicates to entries on their June 5, 2025 privilege log.

10. On June 23, 2025, the Plaintiffs provided a list of 21 entries remaining in dispute to the Master and Defendants. These documents contain no thoughts or mental impressions of in-house and outside counsel. At most, some documents contain minimal highlights but no indication an attorney made the highlights nor convey any confidential communication or work product. The attorney work-product doctrine is incorporated into Federal Rule of Civil Procedure 26(b)(3)(A), which states: "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by of for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." See also In re Grand Jury Subpoena, 357 F.3d 900, 906 (9th Cir. 2004). Even if these documents are considered Work Product, the documents should be discoverable as Plaintiffs endeavored to find "substantial equivalent" produced documents of these internal Uber documents and communications documents, Fed. R. Civ. P. 26(b)(3)(A)(ii). "If the court orders discovery of those materials, it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). Highlighting by an attorney on non-privileged documents does not transform those documents into privileged material. The mere act of highlighting does not reflect an attorney's mental impressions, conclusions, opinions, or legal theories, which are necessary for absolute work product protection.

Executed this 26th day of June 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis