LAURA VARTAIN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF CLAWBACKS IDENTIFIED IN UBER'S JUNE 5, 2025 PRIVILEGE LOG PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III, ¶ 4 (DKT. 2933)** |

Pursuant to Special Master Order No. 4, III, ¶ 4 (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for documents it clawed backed on June 3, 2025 pursuant to Pretrial Order No. 14 and included in its June 5, 2025 privilege log. Uber respectfully requests that the Special Master uphold Uber's privilege claims for the 21 documents Plaintiffs have challenged.

Uber incorporates by reference the legal standard and arguments set forth in its prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for its privilege claims, Uber provides the arguments and factual support listed below, including the declaration from Neils Melius, Uber's

Senior Counsel, Litigation (Ex. A). The applicable legal standards and arguments outlined below and in prior briefs, the attached declaration from in-house counsel, and the factual material previously provided to the Special Master, when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that the documents at issue are privileged.

## I. Plaintiffs Did Not Timely Challenge the Privilege Claims for These Documents.

The Special Master should reject Plaintiffs' challenges to the 21 documents at issue because they are untimely. Uber clawed these documents back on June 3, 2025. Defendants provided a privilege log and replacement images on June 5, 2025. Pursuant to Special Master Order No. 4, § III, Plaintiffs challenges were due "within five days" of receiving the clawback materials, so they were due by June 10, 2025. Plaintiffs however did not provide their challenges to Uber until June 12, 2025. There is no justification for the belated challenges. Plaintiffs' counsel indicated during conferrals that they did not believe their challenges were late because the five day deadline does not include weekends. But that position is contrary to Federal Rule of Civil Procedure 6(a)(1), which expressly states that, in computing time, parties are to "count every day, including intermediate Saturdays, Sundays, and legal holidays." Plaintiffs' position is also not supported by the plain language of the order, or by how both parties have been operating over the past four months. The Special Master should therefore reject all these challenges.

## II. Uber Has Appropriately Exercised Its Right To Claw Back Privileged Documents.

Even if Plaintiffs' challenges were timely, the documents should remain protected as privileged, and subject to other applicable protections, notwithstanding prior production. Uber has appropriately exercised its clawback rights under Stipulated Pretrial Order No. 14: Federal Rule of Evidence 502(d) and Privilege Materials ("PTO 14") (Dkt. 396). PTO 14 provides that "the production

2

of any privileged or otherwise protected or exempted information in this case ***shall not be deemed a waiver or impairment of any claim of privilege or protection in this case*** or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material." PTO 14, Sec. B.2 (emphasis added).

Uber timely notified Plaintiffs of its intention to clawback these documents. Uber has provided a privilege log and replacement images for all documents subject to its clawback request. Plaintiffs have identified four documents at issue that were originally logged as part of Tranches 1-4 (JCCP_MDL_PRIVLOG043850; JCCP_MDL_PRIVLOG043854;JCCP_MDL_PRIVLOG043856; JCCP_MDL_PRIVLOG043859). Uber is considering seeking relief and/or reconsideration from Judge Cisneros regarding any waiver claim. (ECF 2855).  Accordingly, Uber respectfully requests that the Special Master defer ruling on these documents until the potential waiver issue is adjudicated and resolved before Judge Cisneros. The Special Master, however, should consider the privilege and work product claims applicable to the remainder of the documents at issue in this set.

### III.     Additional Factual Information Supports Uber's Privilege Assertions.

To provide additional factual support for its privilege assertions Uber submits the attached declaration from Neils Melius, Uber's Senior Counsel, Litigation (Ex. A).  As Mr. Melius explains in his declaration, all of the documents at issue were compiled by Uber's in-house counsel, or Uber's non-attorney employees at the direction of Uber's in-house counsel, in collaboration with Uber's outside defense counsel, A&O Shearman, to prepare Catherine Gibbons, Uber's Senior Director, Global Head of Platform Safety, Identity, Risk & Payments, for her deposition in the Boston Retirement Systems litigation. Some of these documents even contain highlighting made by Uber's

3

DEFENDANTS' BRIEF IN SUPPORT OF CLAWBACKS IN JUNE 5, 2025 PRIVILEGE LOG
Case No. 3:23-MD-3084-CRB

outside counsel. All of the documents are, therefore, protected by the work product doctrine, as they reflect the impressions and conclusions of Uber's in-house and outside counsel.

Attorney work product—including materials prepared by attorneys or created at the request of an attorney in connection with ongoing or anticipated litigation—is subject to protection. *See United States v. Sanmina Corp.*, 968 F.3d 1107, 1119 (9th Cir. 2020) (work-product doctrine protects "from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation"). While certain types of work product may be discoverable upon a showing of substantial need, attorney work product materials that contain an attorney's "opinion work product (*i.e.*, mental impressions, conclusions, or legal theories" are "afforded near absolute protection from discovery." *United States ex rel. Everest Principals, LLC v. Abbott Labs.*, No. 3:20-cv-286-W-MSB, 2024 WL 2152455, at *3 (S.D. Cal. 2024) (citation omitted); *Green v. Baca*, 226 F.R.D. 624, 652 (C.D. Cal. 2005) ("Opinion work product, including the mental impressions, conclusions, opinions, or legal theories of an attorney, is entitled to nearly absolute protection."). The Third Circuit has held "the selection and compilation of documents by counsel [which were placed in a folder]. . . in preparation for pretrial discovery falls within the highly-protected category of opinion work product." *Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("In selecting and ordering a few documents out of thousands counsel could not help but reveal important aspects of his understanding of the case." (quoting *James Julian, Inc. v. Raytheon Co.*, 93 F.R.D. 138, 144 (D. Del. 1982))). Relying on *Sporck*, courts in the Ninth Circuit and throughout the country have likewise found that documents an attorney selected and compiled to prepare a witness for deposition are protected attorney work-product. *See Stevens v. Corelogic, Inc.*, No. 14CV1158 BAS (JLB), 2016 WL 397936, at *9 (S.D. Cal. Feb. 2, 2016); *In re Allen*, 106 F.3d 582, 608 (4th Cir. 1997); <u>*Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1329 (8th Cir. 1986)</u>.

Here, all of the documents at issue were compiled by Uber's in-house counsel, or Uber's non-attorney employees at the direction of Uber's in-house counsel, in collaboration with Uber's outside counsel A&O Shearman to prepare Ms. Gibbons for deposition. *See* Ex. A. Indeed, as the titles of the documents reflect, each document was placed in tabs in a binder used to prepare Ms. Gibbons for her deposition. The selection and compilation of these documents necessarily reflects the mental impressions, conclusions, and legal theories of Uber's in-house and outside counsel, as they selected a few documents out of thousands and put them in a tabbed binder, revealing "important aspects of their understanding of the case." For this reason alone, the Special Master should find that all 21 documents are protected from discovery. *Id.* Moreover, 12[1] of the 21 documents are protected for the additional reason that they contain highlighting from Uber's outside counsel (*see* Ex. A), which inherently reveals their impressions and conclusions regarding the relative importance of the highlighted portions of the documents.

For these reasons, the Special Master should uphold Uber's privilege claims as to each of the documents submitted for review.

DATED: June 26, 2025                          Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Maria Salcedo*
    MARIA SALCEDO

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG

---

[1] JCCP_MDL_PRIVLOG043854, JCCP_MDL_PRIVLOG043859, JCCP_MDL_PRIVLOG104710, JCCP_MDL_PRIVLOG104734, JCCP_MDL_PRIVLOG104743, JCCP_MDL_PRIVLOG104748, JCCP_MDL_PRIVLOG104756, JCCP_MDL_PRIVLOG043850, JCCP_MDL_PRIVLOG104706, JCCP_MDL_PRIVLOG104721, JCCP_MDL_PRIVLOG043856, and JCCP_MDL_PRIVLOG104727.

JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
   adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547


*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Maria Salcedo
MARIA SALCEDO