LAURA VARTAIN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
    allison.brown@kirkland.com
JESSICA DAVIDSON (Pro Hac Vice admitted)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF CLAWBACKS IDENTIFIED IN UBER'S JUNE 17, 2025 PRIVILEGE LOG PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III (DKT. 2933)** |

1   Pursuant to Special Master Order No. 4, III (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for documents it logged as privilege on June 17, 2025, which included documents that were clawed backed on June 13, 2025 pursuant to Pretrial Order No. 14. Plaintiffs initially challenged 29 documents from Defendants' June 17 privilege log. Following conferral, the parties have narrowed their disputes to 24 documents. Uber respectfully requests that the Special Master uphold Uber's privilege claims for all of the remaining challenges.

Uber incorporates by reference the legal standard and arguments set forth in its prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for its privilege claims, Uber provides the arguments and factual support listed below. The applicable legal standards and arguments outlined below and in prior briefs, the attached declaration from in-house counsel, and the factual material previously provided to the Special Master,[1] when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that the documents at issue are privileged.

## I.     Uber Has Appropriately Exercised Its Right To Claw Back Privileged Documents.

The documents should remain protected as privileged, and subject to other applicable protections, notwithstanding prior production. Uber has appropriately exercised its clawback rights under Stipulated Pretrial Order No. 14: Federal Rule of Evidence 502(d) and Privilege Materials ("PTO 14") (Dkt. 396). PTO 14 provides that "the production of any privileged or otherwise protected or exempted information in this case ***shall not be deemed a waiver or impairment of any claim of privilege or protection in this case*** or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material." PTO 14, Sec. B.2 (emphasis added).

Uber timely notified Plaintiffs of its intention to clawback these documents. Uber has provided a privilege log and replacement images for all documents subject to its clawback request. Plaintiffs

---

[1] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log. Defense counsel will also be available for any questions the Special Master may have during the review process.

have challenged 18 of the clawed back documents on the basis that they were originally logged as part of Tranches 1-4 (JCCP_MDL_PRIVLOG007554, JCCP_MDL_PRIVLOG007555, JCCP_MDL_PRIVLOG007556, JCCP_MDL_PRIVLOG032674, JCCP_MDL_PRIVLOG006612, JCCP_MDL_PRIVLOG006613, JCCP_MDL_PRIVLOG006614, JCCP_MDL_PRIVLOG007515, JCCP_MDL_PRIVLOG007165, JCCP_MDL_PRIVLOG007166, JCCP_MDL_PRIVLOG007167, JCCP_MDL_PRIVLOG006714, JCCP_MDL_PRIVLOG007553, JCCP_MDL_PRIVLOG006832, JCCP_MDL_PRIVLOG007475, JCCP_MDL_PRIVLOG007476, JCCP_MDL_PRIVLOG039302, JCCP_MDL_PRIVLOG007513). Uber is considering seeking relief and/or reconsideration from Judge Cisneros regarding any waiver claim. (ECF 2855). Accordingly, Uber respectfully requests that the Special Master defer ruling on these documents until the potential waiver issue is adjudicated and resolved before Judge Cisneros. The Special Master, however, should consider the privilege and work product claims applicable to the remainder of the documents at issue in this set.

## II. The Special Master Should Uphold Uber's Remaining Privilege Assertions.

The remaining documents at issue are email threads with redactions to communications with counsel. These communications are privileged. As the Special Master has recognized, "the focus of the inquiry is the dominant purpose of the relationship between the parties to the communication." Special Master's Ruling on Objection Regarding JCCP_MDL_PRIVLOG020615 (Apr. 11, 2025) (quoting Dkt. 2168 at 2 and *Clark v. Superior Ct.*, 196 Cal. App. 4th 37, 51 (2011)). "[I]t is not the dominant purpose of a particular communication that dictates whether the attorney-client privilege is applicable; rather the issue is what *was the dominant purpose of the relationship.* . . . If the dominant purpose of the relationship was attorney-client at the time of the communications, they are privileged." *Id.* (quoting *McAdam v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1015 (S.D. Cal. 2014)).

Uber provides additional factual support for its privilege assertion as to the document identified in the privilege log as JCCP_MDL_PRIVLOG110081. JCCP_MDL_PRIVLOG110081 is an email chain dated April 29, 2017 from Rachel Holt to Angela Padilla, then-Deputy General Counsel, and Gus Fuldner. Ms. Holt's email is marked "A/C Privileged" and seeks legal advice from Ms. Padilla. Mr. Fuldner then adds Scott Binnings, then-Senior Counsel-Safety, to the thread so that he could

3

1  provide further advice to the recipients on the thread. In fact, Mr. Binnings had recently shared legal
2  advice on the same topic with Mr. Fuldner, which is reflected in an email from April 28, 2017, logged
3  as JCCP_MDL_PRIVLOG078432. Read together, these emails show that counsel's advice was not
4  only sought, but also provided, and accordingly Defendants' privilege assertion should be upheld.
5  Defendants will make -8432 available for the Special Master's review.

6  For these reasons, the Special Master should uphold Uber's privilege claims as to each of the
7  documents submitted for review.

9  DATED: June 30, 2025                                    Respectfully submitted,

                                                           **SHOOK HARDY & BACON L.L.P.**

                                                           By: /s/ Jennifer Hill
                                                                  Jennifer Hill

                                                           **KIRKLAND & ELLIS LLP**
                                                           LAURA VARTAIN
                                                           ALLISON M. BROWN
                                                           JESSICA DAVIDSON

                                                           **O'MELVENY AND MYERS LLP**
                                                           SABRINA STRONG
                                                           JONATHAN SCHNELLER

                                                           **SHOOK, HARDY, & BACON, LLP**
                                                           PATRICK OOT (Admitted *Pro Hac Vice*)
                                                              oot@shb.com
                                                           1800 K St. NW Ste. 1000
                                                           Washington, DC 20006
                                                           Telephone: (202) 783-8400
                                                           Facsimile: (202) 783-4211

                                                           ALYCIA A. DEGEN (SBN: 211350)
                                                              adegen@shb.com
                                                           MICHAEL B. SHORTNACY (SBN: 277035)
                                                              mshortnacy@shb.com
                                                           2121 Avenue of the Stars, Suite 1400
                                                           Los Angeles, CA 90067
                                                           Telephone: (424) 285-8330
                                                           Facsimile: (424) 204-9093

|   |   |
|---|---|
| 1 | CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*) |
| 2 | ccotton@shb.com |
| 3 | MARIA SALCEDO (Admitted *Pro Hac Vice*) msalcedo@shb.com |
| 4 | JENNIFER HILL (Admitted Pro Hac Vice) jshill@shb.com |

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
  ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
  msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
  jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5
DEFENDANTS' BRIEF IN SUPPORT OF CLAWBACKS IN JUNE 17, 2025 PRIVILEGE LOG
Case No. 3:23-MD-3084-CRB