UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL BELLWETHER CASES | Case No. 3:23-md-03084-CRB (LJC)<br><br>**MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |

By: /s/ LAURA VARTAIN HORN
**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
Laura.vartain@kirkland.com
ALLISON M. BROWN (*pro hac vice*)
Alli.brown@kirkland.com
JESSICA DAVIDSON (*pro hac vice*)
Jessica.davidson@kirkland.com

CHRISTOPHER C. COTTON (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone: (816) 474-6550
ccotton@shb.com

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
sstrong@omm.com
JONATHAN SCHNELLER
jschneller@omm.com

**SHOOK, HARDY & BACON L.L.P.**
PATRICK OOT (*pro hac vice*)
ALYCIA A. DEGEN (SBN 211350)
MICHAEL B. SHORTNACY (SBN 277035)

*Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

**INTRODUCTION**

Plaintiffs have already received Uber Technologies, Inc.'s ("Uber's") investigative file containing previous reports of sexual misconduct for each of the drivers at issue in the bellwether cases. Nonetheless, Plaintiffs are also demanding the identities and contact information of these complainants. Providing this information would invade the privacy of the complainants, traumatize and/or retraumatize individuals who are contacted by Plaintiffs' counsel, and deter future reporting of misconduct, contrary to longstanding public policy. Judge Corley previously rejected an identical request for the identities of non-party complainants, reasoning that any proffered need for this information does not "outweigh[] the privacy interests of the complainants." *See* Ex. A, Order re: Complainants' Contact Information at 2, *Doe v. Uber Technologies Inc.*, No. 3:19-cv-03310-JSC, ECF No. 97 (N.D. Cal. Aug. 11, 2021) ("*Doe* Order"). In declining to follow that decision, Magistrate Judge Cisneros reasoned that: (1) Plaintiffs have "no alternative method" to challenge the adequacy of Uber's recordkeeping and investigation of prior complaints; and (2) any invasion of privacy would be mitigated by a protective order. Uber respectfully submits that this reasoning was erroneous.

First, Plaintiffs already have relevant information concerning these prior incidents, including any written communications and/or potentially applicable recordings, any actions taken by Uber, and any subsequent law enforcement involvement reported to Uber. Plaintiffs have not proffered any reason to question Uber's "recordkeeping" or "investigation" of these prior complaints. And to the extent Plaintiffs have questions about these incidents, they can depose the people who investigated them. In fact, Plaintiffs have already noticed 16 case-specific depositions in the Wave 1 cases, seeking to depose, among others, the Uber employees involved in investigating the complaints at issue in the Magistrate Judge's order.

Second, a protective order would not sufficiently protect the privacy rights of non-parties who reported sexual assault allegations to Defendants, but elected not to go public or initiate litigation. Third-party survivor advocacy groups have repeatedly explained that

disclosure of survivors' identities can re-traumatize individuals and deter future reporting. As the CEO of Respect Together (a leading victim advocacy organization) wrote to Judge Cisneros in February 2024, requiring Uber to share this information "would further violate individuals" and create a chilling effect, hampering Uber's ability to accurately track reports of abuse, respond appropriately and improve the safety of the platform.[1] The Magistrate Judge's ruling erroneously subordinates the fundamental privacy interests of these individuals to Plaintiffs' generalized litigation desires and should be reversed.

Uber respectfully requests the opportunity to be heard at oral argument on this issue and requests that the Court stay the Magistrate Judge's Order pending a ruling on this Motion.

## BACKGROUND

Uber has produced the entire investigative file of every prior complaint of sexual misconduct against the drivers in the bellwether cases, including all oral and written correspondence between Uber and these complainants and documentation of any law enforcement involvement. Plaintiffs nonetheless seek the "name, email address, physical address, and phone number" of the complainants who "before the date of the Subject Incident, reported Sexual Assault and/or Sexual Misconduct against the Subject Driver, which did not result in permanent Deactivation." (ECF No. 3346 at 2.) Uber objected to this discovery request as invading the privacy rights of non-party complainants, but the Magistrate Judge overruled Uber's objections, finding that the relevance of "potential testimony" from the complainants "outweighs the limited imposition on their privacy." (ECF No. 3346 at 4.) This motion follows.

## ARGUMENT

Non-party victims of sexual assault have a "constitutionally protected" right to privacy,

---

[1] *See* Ex. B, 2/26/24 Yolanda Edrington Letter to Magistrate Judge Cisneros; *see also e.g.*, RALIANCE Statement on Protecting Survivor Privacy When Reporting App-Based Workers (https://bit.ly/4kgmycP) ("Survivors should always have the option to make decisions about whether, when, and where to report incidents of abuse.") (last visited 6/29/25); RALIANCE Statement on Protecting Survivor Privacy (bit.ly/4jhKevX) (last visited 6/29/25); *see also* Exploring A Survivor's Right to Privacy When Reporting Sexual Harm Facilitated by Apps, https://www.raliance.org/exploring-a-survivors-right-to-privacy-when-reporting-sexual-harm-facilitated-by-apps/; RAINN Files Appeal (https://bit.ly/3ZFDnpd) (last visited 6/29/25) (supporting Defendants' efforts to protect survivor privacy).

1  which includes remaining anonymous. *See Morales v. Superior Court*, 99 Cal. App. 3d 283, 290-91 (1979). In addition, "the public generally has a strong interest in protecting the identities of sexual assault victims so that other victims will not be deterred from reporting such crimes." *Doe v. Penzato*, No. CV10-5154 MEJ, 2011 WL 1833007, at *3 (N.D. Cal. May 13, 2011) (citation omitted). Accordingly, where a plaintiff seeks the identity of non-party sexual assault complainants, courts must conduct "a balancing of the need for the particular information against the privacy right" of the non-parties. *See Anders v. United Airlines Inc.*, No. CV 19-5809-GW (KS), 2020 WL 8575132, at *5 (C.D. Cal. Dec. 18, 2020). This Court should reverse the Magistrate Judge's ruling because its attempted balancing misapprehends the respective interests at play and "is clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a).

*First*, the Magistrate Judge erred in finding that Plaintiffs have "no alternative method" to challenge the adequacy and veracity of Uber's recordkeeping and investigation of prior complaints. (ECF No. 3346 at 5.) As in *Doe*, Plaintiffs already have "Uber's entire investigative file for each complainant"; hence, the identity of those individuals has "limited probative value." (*See* Ex. A, *Doe* Order at 1-2.) This reasoning comports with the decision in *Anders*, which refused to require United Airlines to provide contact information for airline passengers who had complained of in-flight sexual assault, "regardless of their age or the factual similarity of the assault reported." *See Anders*, 2020 WL 8575132, at *3-5. As that court recognized, the complainants were "entitled to heightened privacy protections." *Id.* The Magistrate Judge did not address *Anders*. And although she distinguished *Doe* on the ground that the driver there had already been deactivated when he allegedly assaulted the plaintiff, *Doe* did not mention (much less turn on) that issue. In any event, at least two prior reports in that case did ***not*** result in the driver's deactivation, putting the case on all fours with this one. (*See* Ex. A, *Doe* Order at 1.)

The authority relied on by the Magistrate Judge—*Goold v. Hilton Worldwide, Inc.*, No. 1:13-CV-00438 JLT, 2014 WL 1383252, at *7 (E.D. Cal. Apr. 8, 2014)—does not hold otherwise. Indeed, even the Magistrate Judge acknowledged that the case "is not directly on

3
MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF
MAGISTRATE JUDGE; Case No. 3:23-md-03084-CRB (LJC)

point." (ECF No. 3346 at 5.) In *Goold*, an employment case concerning unlawful retaliation, the court ordered the defendant to identify individuals who complained of illegal discrimination and to disclose any adverse consequences they suffered as a result of making such a report. 2014 WL 1383252, at *3-7. There, however, the defendants had refused to produce **any** information about prior complaints and subsequent adverse actions and the court had not been directed to an "alternative method for Plaintiff to test the motivation of Defendants when they fired him." *Id.* at *6. In this litigation, by contrast, Plaintiffs have voluminous records concerning the prior complaints and have already sought depositions of the Uber investigators involved, providing them all they could conceivably "need" about the incidents.

**Second**, the minimal need for this information cannot justify the "serious invasion of privacy" of non-party complainants, who "have not gone public with their experiences" and have not consented to disclosure of their identities. (*See* Ex. A, *Doe* Order at 3.) In finding otherwise, the Magistrate Judge noted that the complainants' "identities will be disclosed only to Plaintiffs' counsel and subject to a strict protective order." (ECF No. 3346 at 5-6.) But "the availability of limited protective orders per se does not automatically override privacy concerns." *EFT Holdings, Inc. v. CTX Virtual Techs., Inc.*, No. CV 15-01597 GW (RAO), 2016 WL 11519280, at *3 (C.D. Cal. Nov. 3, 2016). The protective order would only limit the dissemination of these non-parties' information to other parties outside this litigation. It would not change the fact that Plaintiffs' counsel will be free to contact these individuals and question them without their consent. Indeed, the ruling expressly contemplates subpoenaing any complainant who is unwilling to speak to counsel, requiring such a person to litigate the matter on their own or potentially even hire an attorney. (ECF No. 3346 at 7-8.) In short, a protective order will in no way prevent the risk of re-traumatization that the ruling is unwittingly inviting.[2]

The Magistrate Judge's ruling is also at odds with a prior order requiring redaction of

---

[2] Plaintiffs themselves raised concerns about re-traumatizing individuals when they sought to limit Uber's ability to depose certain third parties, arguing that such depositions could be traumatic for bellwether Plaintiffs. (*See* ECF No. 2745.)

*Plaintiffs'* identifying information in other cases. (*See* ECF 321 at 10-11.) Notably, the privacy interest for the **non-parties** at issue here is **greater** than those of prior litigants who have gone public with their claims and voluntarily subjected themselves to the burdens of civil litigation. *See Morales*, 99 Cal. App. 3d at 291 (rejecting compelled disclosure of sexual conduct of non-parties; "If petitioner is required to answer the interrogatories as they are presently framed, he might have to divulge the names, addresses and phone numbers of other people. Their rights also deserve protection."); *Makor v. BNSF Ry. Co.*, No. ED CV 14-671-VAP (SPx), 2015 WL 13358362, at *3 (C.D. Cal. Jan. 5, 2015) ("Plaintiff's former partner has a strong privacy interest in protecting her sexual history, in protecting her identity as someone who may be HIV positive, and in protecting herself from being subjected to questioning regarding these and related sensitive matters.").

Finally, disclosing the identities of these prior complainants would also violate the longstanding public policy of encouraging people to report assaults by assuring them anonymity. As Dr. Indira Henard, CEO of the DC Rape Crisis Center and member of the Uber Safety Advisory Board, explained in a letter to Judge Cisneros, the prospect of sharing this information could potentially deter individuals from seeking support or remedies and could well "cause irreversible harm emotionally, and psychologically."[3] Judge Corley similarly noted that disclosing the identities of victims without their consent "would potentially discourage future victims from making complaints." (*See* Ex. A, *Doe* Order at 3.)

## CONCLUSION

For the foregoing reasons, the Court should reverse the Magistrate Judge's order requiring Uber to provide Plaintiffs with the identities of previous complainants of the drivers at issue in the bellwether cases.

## FILER'S ATTESTATION

I, Laura Vartain Horn, am the ECF User whose ID and password are being used to file

---

[3] (*See* ECF 3074-5.)

this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: June 30, 2025

By: <u>/s/ Laura Vartain Horn</u><br>Laura Vartain Horn