# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANE DOE,<br><br>    Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | Case No. 19-cv-03310-JSC<br><br>**ORDER RE: COMPLAINANTS' CONTACT INFORMATION**<br><br>Re: Dkt. No. 96 |

Now pending before the Court is a discovery dispute joint letter regarding Plaintiff's request for the contact information of three women who complained to Uber about the Uber driver who assaulted Plaintiff. (Dkt. No. 96.) While Plaintiff has Uber's entire investigative file for each complainant, Plaintiff contends that these witnesses may disclose additional, relevant information concerning their interactions with Uber following their complaints about the Uber driver. Recognizing the complainants' privacy interests, Plaintiff proposes that the Court utilize the *Belaire* opt-out process that is typically used in class actions. *See Belaire-West Landscaping, Inc. v. Superior Court*, 149 Cal. App. 4th 554 (2007). After carefully considering the parties' submission and the relevant legal authority, the Court concludes that oral argument is unnecessary, *see* Civ. L.R. 7-1(b), and DENIES Plaintiff's request.

## DISCUSSION

According to Plaintiff, in deciding whether to order an opt-out procedure for the disclosure of putative class members' contact information, courts consider whether (1) the putative class members had already voluntarily given their contact information by submitting complaints, (2) the disclosure of contact information does not involve a serious invasion of privacy, and (3) allowing one party the benefit of the contact information is unfair to the opposing party. (Dkt. No. 96 at 3

(citing *Pioneer Electronics (USA), Inc. v. Superior Court*, 40 Cal.4th 360 (2007).) Plaintiff contends these factors dictate allowing disclosure of the complainants' contact information with an opt-out procedure because the women voluntarily made complaints about the driver to Uber, the opt-out process protects their privacy interests, and it would be unfair to allow Uber to have exclusive possession of their contact information. The Court is unpersuaded that the limited probative value of the discovery sought outweighs the privacy interests of the complainants.

First, the Court rejects equating complaining about, for example, DVD players, *see Pioneer*, 40 Cal. 4th at 364, with complaining about a sexual assault or attempted sexual assault. As the "Me Too" movement has revealed, victims of sexual misconduct are often reluctant to complain. Holding that because the victims complained about the driver to Uber their expectation of privacy is less ignores the nature of the conduct about which they are complaining and would potentially discourage future victims from making complaints. Further, this is not a consumer class action; there is nothing to suggest that by complaining to Uber they expected that they would be contacted by an attorney for a third party to help with that third party's lawsuit.

Second, disclosure of the contact information would involve a serious invasion of privacy given the nature of the complaints. These women complained about sexually abusive conduct and, as far as the record shows, have not gone public with their experiences. Indeed, Plaintiff herself is proceeding in this action under a pseudonym. These circumstances are not even close to the cases in which *Belaire* notices are typically given—wage and hour and consumer class actions. *See, e.g., Aldapa v. Fowler Packing Company Inc*., 310 F.R.D. 583, 588 (E.D. Cal. 2015) (putative wage and hour class action filed by seasonal agricultural workers); *Nguyen v. Baxter Healthcare Corp*., 275 F.R.D. 503, 512 (C.D. Cal. 2011) (putative wage and hour class action filed by manufacturing employees). Given the serious invasion of privacy, an opt-out process does not sufficiently protect the complainants' privacy interests because they may not receive or read whatever notice is sent to them.

Third, this case is unlike a putative class action where an employer has access to employee/class members and without a *Belaire* notice the plaintiff is deprived of equal access to employees. There is no suggestion in the record that Uber is using these complainants as

2

witnesses in this case such that it would be unfair to not share the complainants' contact information with Uber.

## CONCLUSION

For all these reasons, Plaintiff's request that the Court order disclosure of the complainants' identities and contact information through an opt-out process is DENIED.

This Order disposes of Docket No. 96.

**IT IS SO ORDERED.**

Dated: August 11, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

3