| | |
|---|---|
| 1 | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| 2 | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| 3 | Telephone: (415) 439-1625 |
| | laura.vartain@kirkland.com |
| 4 | |
| | Jessica Davidson (Admitted *Pro Hac Vice*) |
| 5 | Christopher D. Cox (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| 6 | 601 Lexington Avenue |
| | New York, NY 10022 |
| 7 | Telephone: (212) 446-4800 |
| | jessica.davidson@kirkland.com |
| 8 | christopher.cox@kirkland.com |
| 9 | Allison M. Brown (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| 10 | 2005 Market Street, Suite 1000 |
| | Philadelphia, PA 19103 |
| 11 | Telephone: (215) 268-5000 |
| | alli.brown@kirkland.com |
| 12 | |
| 13 | *Counsel for Defendants* |
| | UBER TECHNOLOGIES, INC., |
| 14 | RASIER, LLC, and RASIER-CA, LLC |
| 15 | *[Additional Counsel Listed on Following Pages]* |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| | **STIPULATION AND [PROPOSED] ORDER REGARDING NOTICE TO PASSENGERS WHO PREVIOUSLY REPORTED DRIVER MISCONDUCT** |
| This Document Relates to: | |
| All Bellwether Cases | Judge:      Hon. Lisa J. Cisneros |
| | Courtroom: Courtroom G – 15th Floor |

SABRINA H. STRONG (SBN: 200292)
  sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
  jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT, JR. (*Pro Hac Vice* admitted)
  oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
  adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
  mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted)
  ccotton@shb.com
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

1

STIPULATION AND [PROPOSED] ORDER REGARDING NOTICE TO PASSENGERS WHO PREVIOUSLY REPORTED DRIVER MISCONDUCT
Case No. 3:23-md-03084-CRB

## RECITALS

**WHEREAS**, on May 28, 2025, the parties filed a joint letter brief under PTO 8 regarding Plaintiffs' Interrogatories concerning the identifies and contact information of passengers who reported misconduct on the part of certain Uber drivers, ECF 3074;

**WHEREAS**, on June 25, 2025, the Court issued an Order requiring Uber to provide the information Plaintiffs sought, proposing a form of notice to be sent to passengers, and ordering the parties to provide, through joint stipulation or separate statements, any proposed changes to the notice, ECF 3346;

**WHEREAS**, on June 26, 2025, the Court ordered that the parties' filing also address Uber's proposal that any outreach to former complainants should come from Uber in the first instance, ECF 3359;

**WHEREAS**, on June 30, 2025, Uber filed, under N.D. Cal. L.R. 72-2, a Motion for Relief from Nondispositive Pretrial Order of Magistrate Judge, including a request to stay the Order while the motion is pending, ECF 3391;

**WHEREAS**, the parties met and conferred and have agreed on the status of the Order while the Motion remains pending, the form of notice, and a procedure for Uber to contact complainants in the first instance.

## STIPULATION

**NOW, THEREFORE**, the parties hereby agree and request the Court enter the parties' stipulation as follows:

1. This stipulation is subject to Judge Breyer's ruling on Uber's Rule 72 motion for relief from the Court's June 26 order. If Judge Breyer grants Uber's motion, this stipulation is null and void.

2. If Judge Breyer denies Uber's Rule 72 motion for relief from the Court's June 26 order (including a denial under N.D. Cal. L.R. 72-2(d)), Uber will send the following Notice to any riders at issue within one business day. The parties' proposed revisions to the notice proposed in the June 26 order are highlighted.

==This email comes from lawyers representing Uber in the case *In re Uber Technologies, Inc. Passenger Sexual Assault Litigation,* No. 23-md-3084 (N.D. Cal.). The Court directed Uber to send this notice.==

The Plaintiffs in this litigation are suing Uber for alleged sexual assault and harassment by drivers. The Court has determined that Uber must disclose to the Plaintiffs' lawyers the identities of ==and contact information for== people who submitted previous complaints ==to Uber== about sexual misconduct by the same drivers who are accused of misconduct in this litigation. ==Uber disagrees with the Court's determination. If you have any response to the Court's determination or this notice, you can reply to this email within seven (7) days and Uber will provide it to the Court for its consideration; if you do not respond to this notice within seven (7) days, Uber must comply with the Court's determination and will provide the information above to Plaintiffs' lawyers.==

If you are someone who submitted that sort of complaint, the lawyers in this case cannot publicly disclose your name or identifying information without either your permission or the Court's permission. If the Court or the lawyers need to refer to you in a public filing, you will be identified only by your initials or a false name like "Jane Doe," unless you agree to allow your name to be disclosed or the Court determines that it should be. Your contact information is similarly protected.

You do not need to speak to the lawyers or parties in this case or cooperate with them if you do not want to. But if you choose to cooperate with one side in this case, you might be required to provide evidence to both sides.

If you ask the lawyers to stop contacting you, they may acknowledge your request and they must stop further communication with you, unless they obtain permission from the Court. If lawyers seek such permission from the Court, the Court will take steps to ensure that you are notified of their request to further communicate with you, that you have an opportunity to object if that request is granted, and that your identity and privacy are protected during this process.

To explain further, there might (or might not) be circumstances where the Court would require someone who submitted a previous complaint to provide evidence or testimony even if they do not want to, by allowing the parties to the case to issue a subpoena for that person. A subpoena is a legal document that calls for an individual to appear to provide testimony or produce documents relevant to a legal case. So far, no party has asked—or otherwise indicated any intent— to issue a subpoena to someone who submitted a previous complaint, so the Court has not had a reason to consider whether such a subpoena should be allowed. The Court will not allow such a subpoena in this litigation without specific reasons why it is necessary to the case. If the Court later allows a party to issue a subpoena to you, you will have an opportunity to object to the subpoena and argue to a court that you should not be required to testify or provide documents in response to it.

You are not required to have a lawyer to make an objection to a subpoena. The lawyers in this case who represent Plaintiffs or Uber are not your lawyers (unless you agree to retain them to represent you). Under most circumstances, they are allowed to disclose what you tell them, except that this Order prohibits them from disclosing your name or identifying information unless you (or the Court) give them permission to disclose that information.

If you are served with a subpoena and do not think you should have to comply with it, or if you think a lawyer has violated this Order, you may hire your own lawyer or represent yourself to seek relief from the Court. Lawyers at the Court's Legal Help Center can provide free basic assistance to people who are representing themselves but cannot provide legal representation. You can request an appointment with the Legal Help Center by calling (415)

782-8982 or emailing fedpro@sfbar.org. Additional information for people representing themselves is available at https://cand.uscourts.gov/pro-se-litigants/.

This notice does not constitute and should not be construed as legal advice.

3.  Uber will submit to the Court in camera on a rolling basis responses received from any riders within seven (7) days. Such responses will be submitted within 24 hours of receipt (unless received on a holiday or weekend day in which case they shall be submitted on the next business day). Each time Uber submits a response to the Court in camera, Uber will notify Plaintiffs of the fact that a response was submitted.

4.  The parties request that the Court consider any responses transmitted to the Court and issue a ruling addressing whether Uber is required to identify to plaintiffs the individual rider who provided the response.

5.  If after a period of seven (7) days, a rider has not submitted a response to the Notice, Uber will within one business day serve its response to the Interrogatory at issue with respect to such rider.

6.  Plaintiffs will not seek Uber's responses to the Interrogatories at issue until (i) the Court has issued a ruling regarding the response of a particular rider (as described in Paragraph 4) or (ii) until the seven-day period has elapsed without a rider response (as described in Paragraph 5), and will not seek relief from the Court regarding the timeliness of such responses if Uber provides such responses in accordance with the deadlines set forth in those paragraphs.

7.  Should Plaintiffs' counsel contact any individuals identified in responses to the Interrogatories at issue, they will use the form of notice proposed by the Court in the Order.

**IT IS SO STIPULATED.**

Dated: July 1, 2025

Respectfully submitted,

By: */s/ Laura Vartain*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)

Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

Respectfully submitted,

Dated:  July 1, 2025            **GIRARD SHARP LLP**


By: */s/ Sarah R. London*                              .
Sarah R. London
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE**
CONWAY & WISE, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**ATTESTATION**

Under Civil Local Rule 5-1(h)(3), I attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: July 1, 2025                                                              By: /s/  Laura Vartain

**[PROPOSED] ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED: _____                        _____
                                                                            HON. LISA J. CISNEROS
                                                                            United States Magistrate Judge