UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL WAVE 1 BELLWETHER ACTIONS | Case No.: 3:23-MD-03084 CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING CASE-SPECIFIC DEPOSITIONS OF UBER EMPLOYEES**<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

Dear Judge Cisneros:

    Pursuant to the Court's June 26, 2026 Civil Minutes (ECF 3359), the parties respectfully submit this joint letter regarding certain case-specific depositions of current or former Uber employees.

1

JOINT DISCOVERY LETTER BRIEF REGARDING CASE-SPECIFIC DEPOSITIONS OF UBER EMPLOYEES

**Plaintiffs' Position**:

The Court ordered the parties to consider how to treat "witnesses who may be relevant to a subset of cases, such as employees responsible for regional or city-specific policies and practices, to avoid repeated depositions of the same witnesses on the same topics." ECF 3359.

Plaintiffs propose a simple solution: after these witnesses have been deposed in the Wave 1 bellwether cases for which they are relevant, they will not be re-deposed in future MDL cases absent a particularized showing of good cause. This proposal appropriately balances Plaintiffs' right to take relevant discovery in their cases with the burden on the witnesses that the Court identified. The Court should adopt it.

Uber has not offered a reasonable counter-proposal. Instead, Uber uses its portion of the letter brief to re-hash its arguments on why these witnesses should not be deposed at all. That is not what the Court ordered the parties to meet and confer about. Uber's arguments also ignore the Court's observation that including "regional practice" in general discovery would have been impractical. 6/26/25 H'rg Tr. at 6:5-15. Regardless, those issues have been fully briefed in the letter brief pending before the Court. ECF 3344.[1]

To start, Uber had made no proposal at all for the deposition of David Brightman and has instead asked Plaintiffs to "drop" him from the requested depositions. For the reasons explained in the joint letter brief on these witnesses, Mr. Brightman has personal, relevant knowledge to an Austin-based bellwether who allegedly relied on Uber's designated driver marketing. ECF 3344 at 5-6 & Ex. 1. Uber's resistance to this deposition reflects gamesmanship. At Plaintiff B.L.'s deposition, Uber's attorneys grilled her on whether the designated-driving ads she recalled were advertisements by Uber or instead the government or some other entity (of course, she was not sure). Yet Uber objects to a deposition that will shed light on Uber's marketing in the area. Mr. Brightman's deposition should be permitted.

Regarding the other three witnesses (Azulay, Kaushal, and Light), Uber maintains that <u>none</u> should be deposed. As explained in the letter briefing, Mr. Azulay, Mr. Light, and Mr. Kaushal are likely to have information about the business pressures Uber's managers faced in these regions, and the effect those business pressures had on driver onboarding and retention. ECF 3344 at 6-7.[2] Instead, Uber offered a "4 hour deposition of a 30(b)(6) witness who will answer questions regarding driver onboarding and/or adjudication/approval at each of the regions at issue," with each of the four relevant bellwether cases having one hour to question the witness (even though Plaintiffs are not even close to

---

[1] For the first time, Uber cites language in the deposition protocol identifying certain types of case-specific fact witnesses. Nothing in that protocol shows that Plaintiffs agreed that defense case-specific witnesses be limited to those narrow examples, or that the general boundaries of discovery under Rule 26 would not apply. Had that been the case, there would have been no reason for the separate limits on the number (4) and hours (16) of such depositions.

[2] Uber suggests that this rationale is new, but it is exactly how Plaintiffs framed the relevance of these witnesses in the previous letter briefing.

JOINT DISCOVERY LETTER BRIEF REGARDING CASE-SPECIFIC DEPOSITIONS OF UBER EMPLOYEES

the time limits provided for in the deposition protocol). In its portion of the letter brief, Uber similarly argues Plaintiffs should pursue this discovery through other 30(b)(6) depositions.

This proposal should be rejected. While Plaintiffs can and will pursue relevant some regional information through already-noticed 30(b)(6) depositions, a 30(b)(6) deposition is not a substitute for an individual deposition, or vice versa. *See, e.g.*, *Hardy v. Singh*, 2025 WL 764138, at *2 (D. Nev. Mar. 11, 2025) ("A deposition pursuant to Rule 30(b)(6) is substantially different form a witness's deposition as an individual. … No leave of court is needed if a 30(b)(6) witness is then deposed in his or her individual capacity."); Fed. R. Civ. P. 30(b)(6) ("This paragraph … does not preclude a deposition by any other procedure allowed by these rules."). The former is defined by a noticed and negotiated scope (possibly requiring judicial resolution of disputes), is taken through a person selected by the defendant, and binds the company. The latter requires the designated individual, not one selected by Uber and its lawyers, and is defined by the witness's personal knowledge. Plaintiffs explained why they believe these individuals have relevant personal knowledge, why Plaintiffs seek their deposition, and why Plaintiffs may seek to have these persons testify at trial (whether live or through deposition). 30(b)(6) depositions play an important role, but so do depositions of fact witnesses with personal knowledge.

**Defendants' Position**:

Out of the 16 individual "case-specific" depositions that Plaintiffs noticed, Uber has objected to only four. Uber has not objected to 12 of the new depositions Plaintiffs have requested on top of the 7 hours of case specific 30(b)(6) deposition testimony noticed in each bellwether case and the dozens of hours of general discovery already taken. Plaintiffs' position in this briefing precisely illustrates the problem with these four notices, and why Uber continues to object to this very limited set of witnesses: Desperate as Plaintiffs are to rehash certain discovery topics, case specific discovery is not general discovery, and the distinction must mean something. Yet Plaintiffs will not reach any compromise on these "case specific" notices unless it both affords them the opportunity to revisit general discovery topics and dictates the deponents subjected to repeat discovery, whether or not they have any connection to the facts and circumstances of an individual case.  That approach is fundamentally unfair, defies the parties' working agreement, runs contrary to the guidance offered by the Court and is not consistent with Rule 26 or any other principle governing discovery.

There is no dispute that the parties agreed to separate general and case specific discovery.  In fact, in April of this year, the parties submitted proposed Deposition Protocols to the Court and both proposals agreed that there were  clearly defined parameters of general versus case specific witnesses. For example, Plaintiffs' proposed protocol (Dkt 2745-1 at 2-3, attached as Exhibit A)  provides, as a non-disputed provision,  that case-specific defense fact witnesses will be limited to the following in each case:

- 30(b)(6) depositions of Uber corporate representatives (capped at 7 hours);
- Other defense fact depositions, capped at 16 hours and 4 total depositions, which include:
1. Individuals involved in processing, reporting on, responding to, or investigating the plaintiff's sexual assault.
2. Individuals who *engaged with the subject driver*, including communications, screening or onboarding.  (emphasis added)

3
JOINT DISCOVERY LETTER BRIEF REGARDING CASE-SPECIFIC DEPOSITIONS OF UBER EMPLOYEES

This description is consistent with the guidance the Court itself *sua sponte* provided, stating that case specific discovery would likely implicate employees who "touched a particular investigation" or were involved with "a specific case … through an investigation or some marketing material [the plaintiff] consumed…" See Exhibit B (6/26/25 H'rg Tr. at 10:1-11:14). And Uber crafted its objections accordingly, objecting only to these four deponents because the witnesses did not "touch" an investigation, "engage with the subject driver," or have a connection to "marketing material the [plaintiff] consumed."

With respect to Azulay, Light, and Kaushal, there is no suggestion that they actually onboarded or even communicated with the subject drivers. Instead, Plaintiffs insist they be permitted to take these depositions in order to explore a moving target of general, regional focused topics, the latest iteration of which is framed as "business pressures Uber's managers faced in these regions, and the effect those business pressures had on driver onboarding and retention." But these inquiries are not unique to Dean and LCHB 128. These topics could have been explored in the multi-day 30(b)(6) depositions on driver onboarding and screening that already occurred as part of general discovery, and can still be explored in the additional 30(b)(6) deposition that remains on driver growth topics.[3] What's more, to the extent that there are regional issues that are too substantial to cover in these many depositions (Defendants dispute that), Plaintiffs already have noticed – *and Defendants have not objected to* - separate "case specific" 30(b)(6) depositions on so-called "regional" driver onboarding and adjudication. In sum, Defendants already are providing the testimony Plaintiffs seek, over numerous hours. Plaintiffs should not get what will now amount to a *fourth, fifth* and *sixth* opportunity to explore the same topics with a series of hand selected witnesses who have no ties to the Wave 1 cases.[4]

As for the request to depose David Brightman, there is no dispute that Mr. Brightman was a *regional manager*, not a marketing employee. The only evidence Plaintiffs marshal in an effort to connect Mr. Brightman to marketing is (1) a LinkedIn profile which *makes no mention of marketing*, and (2) an email which makes clear *a different* witness (who has already been deposed) oversaw the marketing they are interested in. These facts alone should be dispositive. Moreover, there are no unique marketing allegations in the B.L. case. To the contrary, both the complaint and testimony suggest only that BL saw a series of drunk driving related ads when she first used Uber in college. But any such ad would not be unique to Austin, TX and Plaintiffs already know that: Defendants have presented 30(b)(6) testimony explaining that Uber partnered on a *national basis* with Mothers Against Drunk Driving (MADD). See Exhibit C (06/11/2025 L. Ross Tr. Vol I at 301-302 and 6/12/2025 L. Ross Tr. Vol II at 516-517). Once again, Plaintiffs seek repeat general discovery through the auspices of a "case specific" notice, presumably to dictate the identity of the witness. But that is not how case specific discovery is intended to work.

---

[3] Moreover, Plaintiffs already took the depositions of several individual witnesses with similar backgrounds (general managers) during general discovery, further evidence that they are well aware that a deposition of this type of witness is not "case-specific."

[4] In an effort to resolve this dispute, Defendants offered more deposition time to explore these issues with no temporal limitations, asking only that Defendants be permitted to choose the witness to educate and present since the subjects requested are not actually case specific or unique to Azulay, Light, and Kaushal. Plaintiffs rejected the offer out of hand and moved immediately to PTO 8 briefing.

| | |
|---|---|
| Dated: July 2, 2025 | Respectfully Submitted, |
| By: /s/Roopal P. Luhana | /s/ Laura Vartain |
| ROOPAL P. LUHANA *(Pro Hac Vice)* | |
| **CHAFFIN LUHANA LLP** | **KIRKLAND & ELLIS LLP** |
| 600 Third Avenue, Fl. 12 | ALLISON M. BROWN |
| New York, NY 10016 | JESSICA DAVIDSON |
| Telephone: (888) 480-1123 | LAURA VARTAIN |
| Email: luhana@chaffinluhana.com | |
| | **SHOOK, HARDY & BACON L.L.P.** |
| SARAH R. LONDON (SBN 267083) | MICHAEL B. SHORTNACY |
| **GIRARD SHARP LLP** | PATRICK L. OOT, JR. |
| 601 California St., Suite 1400 | CHRISTOPHER V. COTTON |
| San Francisco, CA 94108 | ALYCIA A. DEGEN |
| Telephone: (415) 981-4800 | |
| Email: slondon@girardsharp.com | **O'MELVENY AND MYERS LLP** |
| | SABRINA H. STRONG |
| RACHEL B. ABRAMS (SBN 209316) | JONATHAN SCHNELLER |
| **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** | |
| 555 Montgomery Street, Suite 820 | *Attorneys for Defendants* |
| San Francisco, CA 94111 | UBER TECHNOLOGIES, INC., |
| Telephone: (415) 426-5641 | RASIER, LLC, and RASIER-CA, LLC |
| Email: rabrams@peifferwolf.com | |

*Co-Lead Counsel for Plaintiffs*

### ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, have authorized the filing.

Dated: July 2, 2025

By: /s/ Andrew R. Kaufman