LAURA VARTAIN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**JUDGE: HON. LISA J. CISNEROS**<br>**COURTROOM: G- 15TH FLOOR** |

---

DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION
Case No. 3:23-MD-3084-CRB

### ADMINISTRATIVE MOTION FOR LEAVE
### TO FILE MOTION FOR RECONSIDERATION

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC respectfully move for leave to file a motion for reconsideration of the Court's April 24, 2025 Minute Order (Dkt. 2855), finding Uber waived attorney-client or work product privilege for documents it originally designated as privileged and then inadvertently de-designated when this Court was overseeing privilege disputes. Attached as Exhibit A to this Motion for Leave to File Motion for Reconsideration is Uber's Proposed Motion for Reconsideration.

### ARGUMENT

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order." To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. Local Rule 7-9(b)(1)–(3).

**I.      Uber Meets the First Ground Under Local Rule 7-9(b)(1).**

Under Local Rule 7-9(b)(1), a party seeking leave to file a motion for reconsideration must show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

Local Rule 7-9(b)(1).[1]

First, "a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought." Local Rule 7-9(b)(1). Here, Plaintiffs did not request the Court to determine whether Uber waived attorney-client or work-product privilege for certain documents at the April 24, 2025 Status Conference. Rather, the Court

---

[1] Another ground that supports this motion is Local Rule 7-9(b)(3), which provides that the moving party must show "A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order." Here the Court manifestly failed to consider materials facts and dispositive legal arguments because Uber was not provided an adequate opportunity to present such facts and legal arguments to the Court because the Court raised and ruled on waiver *sua sponte* during a status conference.

1 raised the issue *sua sponte* without any prior notice to the parties. Consequently, the Court was not presented with *any* facts or circumstances concerning the specific documents at issue; indeed, the documents were not even identified in the Joint Status Report or during the hearing in which the oral order was made. Nor was the Court presented with law regarding privilege, waiver of privilege, or the propriety of deciding waiver on an unidentified category of documents as a whole without any notice to Uber and/or briefing and argument.[2]

Nevertheless, ample facts and law exist that materially affect this Court's decision finding waiver without any notice to Uber and/or briefing and legal argument. For example, the Court's decision that Uber waived the privilege as to a certain category of documents runs contrary to the procedures prescribed by Pretrial Order 14. *See* Dkt. 396 at ¶ 6. Further, the Court raised and ruled on privilege waiver *sua sponte*. *See* April 24, 2025 Status Conference Tr. at 9:18-10:9 (Ex. B). The authority cited in Uber's Proposed Motion for Reconsideration (Argument, Sections A-C)—and incorporated herein—respectfully should have been considered by the Court prior to entering the Order.

Second, despite the exercise of reasonable diligence, Uber did not have the relevant facts or law at its disposal at the time of the Status Conference. Because there was no pending motion or notice that the Court would consider the issue of privilege waiver at the April 24, 2025 Status Conference, Uber did not have any notice that waiver of its attorney-client or work product privilege would be addressed at the Status Conference and, thus, was unable to alert the Court to key legal authority and specific factual circumstances that should have been considered by the Court prior to any decision. Accordingly, Uber meets the first ground for leave to file a motion for reconsideration.

**II.    Uber Exercised Reasonable Diligence in Bringing This Motion.**

Uber exercised reasonable diligence in bringing this Motion following the Court's *sua sponte* ruling. The April 24, 2025[3] hearing raised, without prior notice to Uber, several significant, complex new issues, including waiver of attorney-client privilege and work-product protection, the procedure

---

[2] At best, Uber only asserted vague legal principles regarding the importance of privilege. *See* April 24, 2025 Status Conference Tr. at 11:12–13 (Ex. B).
[3] Uber did not receive the transcript of the status conference until April 28, 2025, which was necessary for understanding the Minute Order and the Court's reasoning.

1  for waiver, and other legal and factual issues, that Uber had not previously briefed. These issues
2  necessitate and warrant analysis of the relevant facts and applicable law.

3  Additionally, when the Court issued an oral order on the waiver issue at the April 24, 2025,
4  Status Conference, Plaintiffs took issue *only with the timing of clawback* for approximately *30*
5  *unidentified documents*. Dkt. 2823. Shortly thereafter, on April 29, Plaintiffs raised the issue before
6  Special Master Jones, claiming there were actually *83 documents* for which Plaintiffs claimed that
7  Defendants had waived their opportunity to clawback in light of the Court's ruling, and requested that
8  Special Master Jones find Uber had waived privilege on the 83 documents. Defendants diligently
9  requested that Plaintiffs identify these documents on April 30, May 1, and May 2, but received no
10 response until May 5. Plaintiffs then sought an *ex parte* meeting with the Special Master to discuss
11 their position on these documents, which Defendants believe occurred on or around May 13.
12 Defendants made a request to the Special Master to receive Plaintiffs' position in writing so that
13 Defendants could respond and have an opportunity to be heard. While Plaintiffs indicated on multiple
14 occasions, and as recently as May 19, that they intended to "formally raise" this issue of waiver for
15 specific documents before Special Master Jones, as of this date to Defendants' knowledge, Plaintiffs
16 have not done so. Uber exercised reasonable diligence in bringing this Motion prior to the Special
17 Master addressing the issue as to any particular documents.

## CONCLUSION

19 For the reasons set forth above, this Court should grant Uber leave to file its proposed motion
20 for reconsideration.

DATED: July 9, 2025                           Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Maria Salcedo*
    Maria Salcedo

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**

SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
   adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
   ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
   msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
   jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC