# Exhibit A

1   LAURA VARTAIN (SBN: 258485)
laura.vartain@kirkland.com
2   **KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
3   San Francisco, CA 94104
Telephone: (415) 439-1625
4
ALLISON M. BROWN (*Pro Hac Vice* admitted)
5   allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
6   jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
7   601 Lexington Avenue
New York, NY 10022
8   Telephone: (212) 446-4723
9   *Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
10  RASIER, LLC, and RASIER-CA, LLC
11  *[Additional Counsel Listed on Following Pages]*
12                      **UNITED STATES DISTRICT COURT**
13                     **NORTHERN DISTRICT OF CALIFORNIA**
14                        **SAN FRANCISCO DIVISION**
15
IN RE: UBER TECHNOLOGIES, INC.,        Case No. 3:23-md-03084-CRB
16  PASSENGER SEXUAL ASSAULT
LITIGATION                             **DEFENDANT UBER TECHNOLOGIES,**
17                                         **INC., RASIER, LLC, AND RASIER-CA,**
                                       **LLC'S NOTICE OF MOTION AND**
18  This Document Relates to:          **MOTION FOR RECONSIDERATION**
19  ALL ACTIONS                        Date:
                                       Time:
20                                     Place:
21
22
23
24
25
26
27
28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION
                                                    Case No. 3:23-MD-3084-CRB

1

## NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

2

### TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that, pursuant to Civil Local Rule 7-9 and the Court's Order

4  Granting Defendants' Motion for Leave to File Motion for Reconsideration, Defendants Uber

5  Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will and hereby do move

6  the Court to reconsider a portion of its April 24, 2025 Minute Order (Dkt. 2855) (the "Order").

7  Specifically, Uber seeks reconsideration of the portion of the Order finding Uber waived the attorney-

8  client privilege or work product protection for a category of documents it originally designated as

9  privileged and then de-designated when this Court was overseeing privilege disputes. Order at p. 1.

10    The Motion for Reconsideration (the "Motion") is based on this Notice of Motion and Motion,

11  the attached Memorandum of Points and Authorities, and the pleadings and papers on file herein.

12

13  DATED: July 9, 2025                    Respectfully submitted,

14                                         **SHOOK HARDY & BACON L.L.P.**

15                                         By: */s/  Maria Salcedo*
16                                             Maria Salcedo

17                                         **KIRKLAND & ELLIS LLP**
                                           LAURA VARTAIN
18                                         ALLISON M. BROWN
                                           JESSICA DAVIDSON
19
                                           **O'MELVENY AND MYERS LLP**
20                                         SABRINA STRONG
                                           JONATHAN SCHNELLER
21
                                           **SHOOK, HARDY, & BACON, LLP**
22                                         PATRICK OOT (Admitted *Pro Hac Vice*)
                                              oot@shb.com
23                                         1800 K St. NW Ste. 1000
                                           Washington, DC 20006
24                                         Telephone: (202) 783-8400
                                           Facsimile: (202) 783-4211
25
                                           ALYCIA A. DEGEN (SBN: 211350)
26                                            adegen@shb.com
                                           MICHAEL B. SHORTNACY (SBN: 277035)
27                                            mshortnacy@shb.com
                                           2121 Avenue of the Stars, Suite 1400
28                                         Los Angeles, CA 90067

2

1

Telephone: (424) 285-8330
Facsimile: (424) 204-9093

2

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
    ccotton@shb.com

3

MARIA SALCEDO (Admitted *Pro Hac Vice*)
    msalcedo@shb.com

4

JENNIFER HILL (Admitted Pro Hac Vice)
    jshill@shb.com

5

**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.

6

Kansas City, MO 64108
Telephone: (816) 474-6550

7

Facsimile: (816) 421-5547

8

*Attorney for Defendants*

9

UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' NOTICE OF MOTION AND MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1

## **MEMORANDUM OF POINTS AND AUTHORITIES**

The attorney-client privilege and work product protection are bedrock principles of American jurisprudence and are core to fair representation in the legal system. At the April 24, 2025 Status Conference (the "Status Conference"), the Court *sua sponte* questioned whether Uber waived these sacrosanct protections for certain unidentified documents it de-designated during the time this Court was overseeing privilege disputes and found that Uber had in fact waived such protections. In so finding, the Court did not follow the procedure for submitting clawback disputes to the Court established by Pretrial Order 14. The Court also made its *sua sponte* ruling without adequate notice to Uber and/or a full and fair opportunity to be heard on this consequential issue. As a result, Uber was deprived of its attorney-client privilege and work-product protection without consideration of the factual circumstances surrounding the de-designation and clawback of the unidentified documents and without the opportunity to develop and brief its legal arguments. There are unique sets of facts that warrant clawing back certain documents that may have been previously de-designated during the earlier, expedited review process. Yet, Uber did not have an opportunity to explain those facts before the Court categorically ruled. Therefore, Uber respectfully requests this Court reconsider and vacate the relevant portion of its Order. Additionally, Uber maintains that, if the Court grants reconsideration and vacates the relevant portion of the Order, Special Master Barbara Jones should address all privilege clawback disputes in accordance with Judge Breyer's Order appointing Judge Jones as Special Master.

## **BACKGROUND**

On April 21, 2025, the parties filed a Joint Status Report in advance of the April 24, 2025 Discovery Status Conference. Joint Status Report (Dkt. 2823). Among other discovery issues addressed by the parties, Plaintiffs raised the issue of the "Clawback Procedure" and their view that Uber was using an "improper process" for clawbacks. *Id.* at 2–4. Plaintiffs argued Uber's clawbacks were "improperly timed" and did "not provide requisite information for Plaintiffs to assess and potentially challenge the clawback." *Id.* at 3. Plaintiffs further argued that Uber had clawed back "at least 30 documents" for which it had previously withdrawn its privilege assertions. *Id.* Plaintiffs asked the Court to set an April 28 deadline to submit any clawback disputes to the Court. *Id.*

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1    In response, Uber pointed out in the Joint Status Report that current privilege disputes,

2    including disputes over clawed back documents, should be submitted to Special Master Jones. *Id.* Uber

3    also disagreed with Plaintiffs' characterization of Uber's clawback efforts and explained that it

4    complied with Pretrial Orders 14 and 16. *Id.* at 4. Finally, Uber explained that it was conferring with

5    Plaintiffs to address their concerns and was "preparing an omnibus list of all documents clawed back

6    to date and updated privilege log entries corresponding to the documents, as Plaintiffs requested." *Id.*

7    Nowhere in the Joint Status Report did Plaintiffs argue that Uber had waived its ability to claw back

8    privileged documents.

9    Importantly, in Uber's production of documents to Plaintiffs, Uber has consistently represented

10    that the production was "not intended to, and does not, waive any applicable privilege or other legal

11    basis under which information may be protected from disclosure." *See*, *e.g.*, Jan. 10, 2025

12    Correspondence to Plaintiffs' Counsel.  Plaintiffs received multiple productions under this reservation

13    of rights without objection.

14    On April 24, 2025, this Court held a Discovery Status Conference to address the issues raised

15    by the parties in the Joint Status Report.  April 24, 2025 Discovery Status Conference Tr. (Ex. B). At

16    the hearing, the Court agreed with Uber that clawback disputes "ought to be addressed by Special

17    Master Barbara Jones"; however, the Court took issue with "allowing clawback notices concerning

18    documents that were de-designated … before Judge Jones was appointed special master." *Id.* at 9:1–

19    8. The Court went on to find "those de-designation decisions to be waiver of … the privilege

20    assertion." *Id.* at 9:18–19. Specifically, the Court found, "[T]hose privilege assertions are waived and

21    they should not be part of … new clawback notices that are submitted to Judge Jones." *Id.* at 10:4–10.

22    After the Court's ruling, Uber responded that due to the volume of documents Uber re-

23    reviewed pursuant to the Court's prior order and in light of the compressed timeframe in which Uber

24    had to conduct the re-review, "there may be cases where we believe clawback is appropriate and

25    supportable." *Id.* at 10:21–11:11. The Court then stated it construed Uber's explanation as "a motion

26    for reconsideration based on newly discovered evidence," which would be submitted to this Court

27    because it ordered the re-review. *Id.* at 12:10–12:13. The Court, however, acknowledged that it "would

28
2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1    be within [Judge Jones's] purview to address new privilege log disputes that couldn't have been raised

2    in front of [the Court]." *Id.* at 12:13–15. Uber clarified that it was not "suggesting we take a document

3    the Court has specifically ruled on and redoing that document." *Id.* at 13:17–13:20. The Court,

4    nevertheless, found, "Even if [it] didn't adjudicate a particular document," allowing clawback of

5    documents that were de-designated when the Court was overseeing privilege disputes would be

6    revising "that prior corpus of … documents that we worked through over the fall." *Id.* at 14:9–14:12.

7        After the Status Conference, the Court entered the Order, which reiterated its oral order during

8    the hearing. The Order specifically states, "The merits of privilege clawback disputes are a matter to

9    be addressed to Special Master Jones.  But as a general matter, Uber has waived the right to claw back

10   documents that it originally designated as privileged and then de-designated as part of the privilege

11   dispute resolution process overseen by Judge Cisneros."  Order at 1 (Dkt. 2855).

12                                              **ARGUMENT**

13       Federal Rule of Civil Procedure 54(b) provides that interlocutory orders "may be revised at

14   any time before entry of a judgment adjudicating all the claims." Indeed, Local Rule 7-9(b)(1) allows

15   a party to seek reconsideration where "a material difference in fact or law exists from that which was

16   presented to the Court before entry of the interlocutory order for which reconsideration is sought."

17       A party seeking reconsideration of a *judgment* under Federal Rule of Civil Procedure 59(e)

18   must show "newly discovered evidence, [] clear error, or … an intervening change in the controlling

19   law." *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). However, "when

20   a district court issues 'an *interlocutory order*, the district court has plenary power over it and this

21   power to reconsider, revise, alter or amend the interlocutory order is not subject to the limitations of

22   Rule 59.'" *City of Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 889 (9th Cir. 2001) (quoting

23   *Toole v. Baxter Healthcare Corp.,* 235 F.3d 1307, 1315 (11th Cir. 2000)) (emphasis added).

24   Accordingly, this Court "possesses the inherent procedural power to reconsider, rescind, or modify

25   [its] interlocutory order *for cause seen by it to be sufficient*." *Hartzell v. Marana Unified School Dist.*,

26   130 F.4th 722, 741 (9th Cir. 2025) (emphasis added). Respectfully, sufficient cause exists for the Court

27   to reconsider its Order.

28
                                                    3

**A.    The Required Procedures for Addressing Clawback Disputes Were Not Followed.**

Federal Rule of Civil Procedure 72(a) requires that "[w]hen a pretrial matter not dispositive of party's claim is referred to a magistrate judge to hear and decide, *the magistrate judge must promptly conduct the required proceedings*." (Emphasis added).

Here the applicable clawback procedure originates from the Court's Pretrial Order 14 ("PTO 14"). *Northwest Acceptance Corp. v. Lynwood Equipment, Inc.*, 841 F.2d 918, 924 (9th Cir. 1988) ("A pretrial order … controls the subsequent course of action in the litigation.") (quotation omitted). PTO 14 prescribes a procedure by which the producing party may notify the receiving party that it produced a document for which it asserts privilege. PTO 14 (Dkt. 396), at p. 2. The receiving party then can contest the assertion of privilege by providing a written "Notice of Clawback Challenge." *Id.* The parties then go through a conferral period. If the conferral does not resolve the dispute, the parties are required to submit the issue to the Court by filing a "joint letter brief." *Id.* at 3.

This process simply did not occur here. Instead of a joint letter brief, the parties filed a Joint Status Report addressing within the ten page limit the status of eight different discovery disputes–none of which included a challenge to any particular claw back document. Although Plaintiffs did raise issues regarding clawback *procedures*, Plaintiff made no substantive challenge to documents Uber believed were subject claw back and made no request for the Court to make a finding of waiver. Indeed, Plaintiffs argued they did not have the "requisite information … to assess and potentially challenge the clawback." Joint Status Report (Dkt. 2823) at 3. Plaintiffs never mentioned the notion of waiver—neither in the Joint Status Report nor at the Status Conference.  Nevertheless, the Court found Uber's de-designation decisions constituted a waiver of its attorney-client or work-product privilege before Uber was given an opportunity to argue against waiver. Ex. B at 9:18–19. Respectfully, this is contrary to how the agreed-upon pretrial order contemplated that such disputes would be submitted to the Court and resolved.

**B.    The Court Improperly Raised and Ruled on Privilege Waiver *Sua Sponte.***

To allow litigants the full and fair opportunity to be heard, it is generally disfavored for courts to raise issues *sua sponte*. *See, e.g., Lewis v. Woodford*, Case No. CIV–S–02–0013 FCD GGH DP,

4

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1  2007 WL 196635, at \*20 n.13 (E.D. Cal. Jan. 23, 2007) ("[I]t is generally inappropriate for judicial

2  officers to raise issues sua sponte."). "There are, however, several respects in which the Federal Rules

3  allow the district court, *with appropriate notice*, to raise issues *sua sponte*." *Jones v. L.A. Central*

4  *Plaza LLC*, 74 F.4th 1053, 1057 (9th Cir. 2023) (emphasis added). Further, "[a] court *may only* grant

5  a motion *sua sponte* if all parties have a full opportunity to address the issue." *Mead Reinsurance v.*

6  *Granite State Ins. Co.*, 873 F.2d 1185, 1189 (9th Cir. 1988) (emphasis added); *see also Heinz v. C.I.R.*,

7  770 F.2d 874, 876 (9th Cir. 1985) (reversing the tax court's *sua sponte* ruling where the taxpayers

8  "were not given a 'full and fair opportunity to ventilate the issues'"). This is because "[i]n our

9  adversarial system of adjudication, we follow the principle of party presentation." *United States v.*

10  *Sinneng-Smith*, 590 U.S. 371, 375 (2020). At the very least, "[g]iven the due process and fairness

11  concerns presented, a district court generally must provide the parties with adequate notice that it is

12  contemplating invoking a particular procedural device *sua sponte*." *Jones*, 74 F.4th at 1060.

13  Due process must be carefully considered before a party can be said to have waived attorney-

14  client privilege. "[T]he attorney-client privilege is, perhaps, the most sacred of all legally recognized

15  privileges." *United States v. Bauer*, 132 F.3d 504, 510 (9th Cir.1997). Indeed, "[t]he privilege

16  recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy

17  depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S.

18  383, 389 (1981). Consequently, "[w]hether express or implied, the scope of a waiver must be *narrowly*

19  *construed* and 'fit within the confines of the waiver.'" *Garcia v. Progressive Choice Ins. Co.*, 2012

20  WL 3113172, at \*3 (S.D. Cal. July 30, 2012) (quotation omitted) (emphasis added).

21  Further, waiver of privilege is inappropriate for a blanket rule, but rather should be analyzed

22  in a fact-specific manner. Indeed, "[w]hether a privilege has been waived is a mixed question of fact

23  and law." *United States v. Sanmina Corp.*, 968 F.3d 1107, 1116 (9th Cir. 2020) (emphasis added).

24  Accordingly, "waiver of the attorney-client privilege favors a case-by-case determination of waiver

25  based on a consideration of all the circumstances." *Eureka Financial Corp. v. Hartford Acc. and*

26  *Indem. Co.*, 136 F.R.D. 179, 184 (E.D. Cal. 1991) (citing *Hartford Fire Ins. Co. v. Garvey*, 109 F.R.D.

27  323, 329 (N.D. Cal. 1985)).

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1      This Court did not have the opportunity to consider the specific factual circumstances

2   concerning Uber's de-designations or clawback of certain documents. In fact, the documents subject

3   to waiver pursuant to the Order were not even specifically identified at the Status Conference or in the

4   Order itself. Nor has Uber had the opportunity to develop and brief legal arguments that its de-

5   designations do not constitute waiver. The Court indicated its position concerning waiver before Uber

6   had an opportunity to speak about the topic during the hearing. *See* Ex. B at 9:18–19. And after the

7   Court stated its position, Uber was only permitted to make spontaneous and impromptu arguments

8   supporting its privilege claim.

9        "The purpose of notice under the Due Process Clause is to apprise the affected individual of,

10   and permit adequate preparation for, an impending 'hearing.' … Without notice, '[the] right to be

11   heard has little reality or worth.'" *Wright v. Beck*, 981 F.3d 719, 727 (9th Cir. 2020). Uber neither had

12   notice that waiver of its privilege claims would be raised at the Status Conference nor a fair opportunity

13   to address the issue. In short, Uber did not have the "full opportunity to address the issue" necessary

14   for the Court to raise and rule on waiver of the attorney-client privilege and attorney work-product

15   protection *sua sponte*.

16        To the contrary, the Order, which finds a blanket waiver of an unidentified group of at least 30

17   documents, stripped Uber of the opportunity to inform the Court of the particular circumstances that

18   Uber believes entitle it to assert attorney-client privilege over certain documents it de-designated.

19   Uber should be allowed such an opportunity, as envisioned by pretrial orders, the case law, and due

20   process.

21   **C.      The Facts and Law Support Claw Back of Certain De-Designated Documents.**

22        Because the Court ruled on waiver without the benefit of briefing, the Court was not able to

23   consider the unique factual circumstances and legal reasons that necessitated the claw back of certain

24   documents in this case. PTO 14 allows Uber to claw back the production of privileged documents

25   regardless of whether the production was inadvertent. Federal Rule of Evidence 502(b) sets a "default"

26   procedure that only allows a party to claw back certain inadvertent disclosures. Rule 502(d), however,

27   allows the court to "order that the privilege or protection is not waived by disclosure connected with

28

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1    the litigation pending before the court." In other words, Rule 502(d) orders can "supplant[] the default

2    procedures set forth in Rule 502(b)." *Great-West Life & Annuity Ins. Co. v. American Economy Ins.*

3    *Co.*, No. 2:11–cv–02082–APG–CWH, 2013 WL 5332410, at \*11 (D. Nev. Sept. 23, 2013) (finding

4    Rule 502(d) order supplanted Rule 502(b) where "it outline[d] specific action required from the

5    receiving party when it receive[d] information subject to a claim of privilege after inadvertent

6    production."). The Advisory Committees Notes further explain, "[T]he court order may provide for

7    return of documents without waiver *irrespective of the care taken by the disclosing party.*" Fed. R.

8    Evid. 502, Advisory Committee's Note to subdivision (d) (emphasis added). Indeed, "Rule 502(d)

9    permits courts to enter orders that provide that a disclosure does not constitute a waiver–*regardless of*

10   *the actions taken by the producing party*" and "avoid any question about whether [it] was inadvertent."

11   The Sedona Conference, *The Sedona Conference Commentary on Protection of Privileged ESI*, 17

12   SEDONA CONF. J. 95, 104 (2016) (emphasis added).

13        Here, PTO 14 invokes Rule 502(d) to supplant the default procedures in Rule 502(b).

14   Specifically, it provides, "Pursuant to Federal Rule of Evidence 502(d), the production of any

15   privileged or otherwise protected or exempted information in this case shall not be deemed a waiver

16   or impairment of any claim of privilege or protection in this case." PTO 14 ¶ 2. By its plain language,

17   the non-waiver provision does not require inadvertence. Further, PTO 14 provides a procedure to claw

18   back documents that have "been produced for which the Producing Party asserts privilege and/or other

19   protection," regardless of whether such production was inadvertent. *Id.* at ¶ 4. Several courts have

20   found similar orders pursuant to Rule 502(d) "allow[] a party to claw back privileged materials *without*

21   *regard to whether the disclosure was inadvertent.*" *GXO Logistics Supply Chain, Inc. v. Young Living*

22   *Essential Oils, LC*, 2024 WL 4960008, at \*4 (N.D. Miss. Dec. 3, 2024) (collecting cases) (emphasis

23   added).

24        Even so, Uber's de-designation of certain documents was inadvertent under the circumstances,

25   regardless of the fact that attorneys had reviewed the documents prior to de-designation. "An

26   'inadvertent disclosure' is simply where the work-product protected document was produced as the

27   result of a mistake." *B&G Foods North America, Inc. v. Embry*, 2024 WL 922900, at \*2 (E.D. Cal.

28

7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB

1   March 4, 2024). "[A] document may be produced inadvertently even after review and redaction." *In*

2   *re Zetia (Ezetimibe) Antitrust Litig.*, MDL No. 2:18md2836, 2019 WL 6122012, at *7 (E.D. Va. July

3   16, 2019) (collecting cases). This is because "the 'inadvertence' requirement of Rule 502(b) was not

4   designed to turn on fine distinctions based on the nature of the mistake to determine whether the

5   particular type of mistaken disclosure qualifie[s] for protection from waiver." *Datel Holdings Ltd. v.*

6   *Microsoft Corp.*, Case No. C–09–05535 EDL, 2011 WL 866993, at *3 (N.D. Cal. March 11, 2011).

7   Therefore, an intentional production of documents is an inadvertent disclosure if it is the result of a

8   mistake. *Id.* This comports with the purpose of Rule 502(b). "[T]he point of Rule 502(b) is to protect

9   clients' confidences from their lawyers' human errors." *Carmody v. Bd. of Trs. of Univ. of Ill.*, 893

10  F.3d 397, 406 (7th Cir. 2018). As one court explained:

11
12  > Concluding that a lawyer's mistake never qualifies as inadvertent disclosure under
    > Rule 502(b) would gut that rule like a fish. It would essentially reinstate the strict
    > waiver rule in cases where lawyers reviewed documents, and it would create a
    > perverse incentive not to have attorneys review documents for privilege.
13

14  *Amobi v. District of Columbia Dept. of Corrections*, 262 F.R.D. 45, 54 (D.D.C. 2009). This is

    particularly true where, as here, "'[s]uch errors are, of course, inevitable in complex litigation
15
    involving the production of tens of thousands of documents.'" *BNP Paribas Mortg. Corp. v. Bank of*
16
    *America N.A.*, Nos. 09 Civ. 9783(RWS), 09 Civ. 9784(RWS), , at *8 (S.D.N.Y. May 21, 2013)
17
    (quotation omitted). As such, "Courts have routinely found that where a large number of documents
18
    are involved, there is more likely to be an inadvertent disclosure rather than a knowing waiver."
19
    *Baker's Aid v. Hussmann Foodservice Co.,* No. 87 Civ. 0937, , at *5 (E.D.N.Y. Dec. 19, 1988).
20

21          Indeed, under similar circumstances, Judge Thomas Hixson of this District found that Apple

22  inadvertently disclosed and was entitled to clawback two documents it de-designated following a re-

23  review process because:

24  > Epic cites no authority for the proposition that inadvertence does not include an
    > intentional but mistaken decision by a human document reviewer. The question,
25  > after all, is whether Apple deliberately produced a document, not whether one
    > particular document reviewer deliberately decided these documents should have
26  > been redacted rather than withheld in full. Apple used a large team of reviewers to
    > make privilege calls on large numbers of documents, and a mistake does not mean
27  > that the company deliberately produced the document.

28
    MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR
    RECONSIDERATION
    Case No. 3:23-MD-3084-CRB

1  *Epic Games, Inc. v. Apple, Inc.*, Case No. 20-cv-05640-YGR (TSH), 2025 U.S. Dist. LEXIS 34007

2  (N.D. Cal. February 25, 2025).

3       Uber has produced approximately 1.5 million documents in this litigation. Due to the large

4  number of documents and compressed timeline for review, certain documents were produced as a

5  result of the mistakes of reviewing attorneys who had an incomplete and/or incorrect understanding

6  of the documents. Uber did not intend to produce privileged documents and waive its privilege. Uber

7  should have the opportunity to explain on a document-by-document basis the factual circumstances

8  and applicable law supporting its clawbacks, as contemplated in PTO 14.

9  **D.    Special Master Jones Should Decide Whether Uber Waived Privilege for Any
        Documents.**

10

11      If this Court grants Uber's Motion, Uber maintains its position that all clawback disputes

12  should be referred to Special Master Jones, including those concerning documents that were de-

13  designated when this Court was overseeing privilege disputes. Judge Breyer's Order Appointing Judge

14  Barbara Jones as Special Master provides that she "shall assist the Court with all disputes relating to

15  privilege logs and the assertion of attorney client and work product privileges in this MDL." Order

16  Appointing Judge Barbara Jones as Special Master (Dkt. 2289) ¶ 6. As the Court itself recognized,

17  "the merits of privilege clawback disputes are a matter to be addressed to Special Master Jones." Order

18  (Dkt. 2855) at 1. Indeed, it "would be within [Judge Jones's] purview to address new privilege log

19  disputes that couldn't have been raised in front of" the Court. Ex. B at 12:13–12:15. Accordingly, the

20  relevant timing for clawback disputes properly within Special Master Jones's purview is not when the

21  inadvertent de-designation occurred, but rather, when Uber discovered the inadvertent de-designation.

22  Only after discovery of the inadvertent disclosure could Uber raise the clawback issue.  Thus, the

23  current clawback dispute is a new privilege dispute and, thus, should be addressed by Special Master

24  Jones.

25      Special Master Jones is already assigned to resolve privilege disputes and she should decide

26  whether Uber has met its burden to establish privilege or has waived privilege for any particular

27  documents. Indeed, Special Master Jones has already ruled on approximately 1,100 privilege

28
                                            9
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR
RECONSIDERATION
                                                          Case No. 3:23-MD-3084-CRB

1    challenges and is very familiar with the specific issues related to privilege in this case. In fact, she has

2    already entered an order setting the timeline and procedures for addressing clawback privilege

3    disputes, and several sets of claw back documents have already been submitted to her for in-camera

4    review. (Dkt. 2933).  Several other sets of privilege challenges, including challenges to clawbacks, are

5    scheduled for submission in the next several weeks. For efficiency and pursuant to Judge Breyer's

6    Order, Special Master Jones should hear all privilege clawback disputes.

7                                        **CONCLUSION**

8            For the reasons set forth above, Uber requests the Court grant Uber's Motion for

9    Reconsideration. Uber further requests the Court vacate its April 24, 2025 Order to the extent it holds

10    Uber waived its attorney-client and work-product privilege for documents it de-designated and refer

11    all disputes arising out of clawed back documents to Special Master Jones.

12            Alternatively, even if the Court does not refer this clawback dispute to Special Master Jones,

13    Uber respectfully requests that the Court vacate the Order and provide an opportunity to present its

14    legal and factual arguments supporting clawback for specific documents that Plaintiffs claim are

15    subject to waiver due to de-designation when this Court was overseeing privilege disputes. For any

16    documents the Court determines Uber may clawback, Uber respectfully requests that Special Master

17    Jones decide the merits of the privilege claims.

18    DATED: July 9, 2025                        Respectfully submitted,

19

20                                              **SHOOK HARDY & BACON L.L.P.**

21                                              By: */s/ Maria Salcedo*
                                                     Maria Salcedo

22                                              **KIRKLAND & ELLIS LLP**
                                                LAURA VARTAIN
23                                              ALLISON M. BROWN
                                                JESSICA DAVIDSON
24

25                                              **O'MELVENY AND MYERS LLP**
                                                SABRINA STRONG
26                                              JONATHAN SCHNELLER

27                                              **SHOOK, HARDY, & BACON, LLP**
                                                PATRICK OOT (Admitted *Pro Hac Vice*)

28                                                    10

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR
RECONSIDERATION

Case No. 3:23-MD-3084-CRB

oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
    ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
    msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
    jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

11

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' NOTICE OF MOTION FOR RECONSIDERATION

Case No. 3:23-MD-3084-CRB