[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Judge: Honorable Lisa J. Cisneros<br>Date: TBD<br>Time: TBD<br>Via: TBD |
| This Document Relates to:<br><br>All Cases | |

## INTRODUCTION

Plaintiffs respectfully oppose Defendants' motion for leave to file a motion for reconsideration of the Court's April 24, 2025 Minute Order (ECF 2855), in which the Court correctly found that Defendants waived attorney-client or work product privilege for documents it originally designated as privileged and then de-designated. Defendants have not shown "reasonable diligence" per Local Rule 7-9(b). Moreover, granting Defendants' motion would delay completion of discovery, potentially threatening the December 8 date for the first bellwether trial.

## ARGUMENT

In order to move for reconsideration, "[t]he moving party must specifically show reasonable diligence in bringing the motion." L.R. 7-9(b). This standard "requires the party seeking reconsideration to bring its motion expeditiously." *Malcolm Drilling Co., Inc.*, 2021 WL 6199635, at *1 (N.D. Cal. Mar. 26, 2021). Defendants cannot make this showing.

### I. Defendants waited 10 weeks to seek reconsideration.

Here, Defendants moved for reconsideration on July 9, 2025, approximately 10 weeks after the Cout's April 24 Order. Defendants received the transcript of the applicable hearing, which they believed was "necessary for understanding the Minute Order and the Court's reasoning," on April 28, four days after the Order was issued. Mot. at 3 n. 3.[1] Defendants also do not mention that the Court re-affirmed its Order during the May 22, 2025 Discovery Status Conference, again stating that "Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes, prior to appointment of the Special Master." ECF 3059. Or that, since the April 24 Order, Plaintiffs have challenged multiple clawback attempts of Tranche privilege entries and noted that any such clawback is improper based on the April 24 Order. ECF No. 3137.

Defendants' ten-week delay precludes a motion for reconsideration. *See, e.g.*, *Ely Holdings Limited v. O'Keeffe's, Inc.*, 2021 WL 1164783, at *1 (N.D. Cal. Mar. 26, 2021) (denying motion

---

[1] Defendants also could have, but did not, seek relief from the April 24 Order from Judge Breyer. Such a motion should have been due within 14 days of the Order, or May 8. Fed. R. Civ. P 71(a); L.R. 72-2.

1  for reconsideration because the moving party waited nearly two months to file the motion and failed
2  to explain how such delay was consistent with the reasonable diligence requirement); *York v. Bank*
3  *of America*, 2016 WL 7033956, at *1 (N.D. Cal. Dec. 2, 2016) (motion brought 35 days after order
4  issued was "stale filing" submitted after "lengthy delay"); *Largan Precision Co., Ltd. v. Genius*
5  *Electronic Optical Co., Ltd.*, 2015 WL 2063988, at *2 (N.D. Cal. May 4, 2015) ("waiting more
6  than four weeks to file a motion for reconsideration" did not constitute reasonable diligence).

### II. Defendants knew all material facts when the April 24 Order was issued.

Defendants argue that they were reasonably diligent because they did not know of the specific documents material to the Court's ruling.[2] That contention is incorrect: Defendants knew all material facts when the April 24 Order was issued. Defendants had previously produced 10 "Tranche" privilege logs. The entries in those logs, up to log entry number 67,575, were under this Court's purview before Hon. Barabra Jones was appointed as Master to resolve privilege disputes. As part of the Court's privilege review process, the Court repeatedly ordered the parties to apply "lessons learned" to privilege log entries. For example, on November 27, 2024, the Court ordered that "Uber must apply lessons learned from the meet-and-confer process and this Order to other privilege log entries from the first tranche of custodial document production no later than fourteen days from the date of this Order, must apply those lessons to any other existing privilege log entries no later than twenty-one days from the date of this Order, and must continue to apply those lessons going forward." ECF 1908 at 13. The parties agreed Defendants would re-review all challenged Tranche entries by March 10, 2025. ECF No. 2344 at 5; ECF No. 2357 at 2. And the Court emphasized the point again at the April 24, 2025 hearing: "I specifically ordered in multiple orders -- in October, November, December -- Uber to rereview and de-designate based on what my rulings had been." 4/24/25 H'rd Tr. at 9:9–12.The idea that Defendants did not know the universe of documents at issue before the Court cannot be accepted.

---

[2] The Court ordered Plaintiffs address only whether Uber was reasonably diligent in seeking reconsideration, not the requirement under L.R. 7-9(b)(1) of a "material difference in law or fact." But Defendants' arguments on this point go to reasonable diligence as well. *See* Mot. at 3-4.

**III. Reconsideration of the April 24 Order will cause significant delay in discovery and threaten the trial date.**

Defendants' motion threatens to upend a case schedule that has already proved difficult for the parties to meet. There is potentially a tremendous number of documents at issue. Defendants logged 67,575 entries on their Tranche privilege logs. When Defendants finished their re-review of the logs on March 10, 2025, roughly 26,500 entries were de-designated in full or in part. These entries did not go through the dispute resolution process before Master Jones. To date, Defendants have attempted to clawback roughly 150 tranche entries that were de-designated. Thousands of additional entries may be clawed back if the Court reconsiders its April 24, 2025, Order and allows Defendants to claw back de-designated entries. Many or most of those claw-backs will be challenged before Judge Jones.

Further, approximately 22 depositions have been taken since April 24. Approximately 131 de-designated documents have been used in depositions to date. To the extent documents that were used in depositions are deemed privileged after the fact, multiple depositions will have to be re-opened and witnesses re-deposed to use different documents to elicit testimony.

Lastly, expert reports are due August 8, 2025. Plaintiffs' experts will rely on documents Defendants have produced including de-designated documents, as well as on the depositions that will need to be rescheduled. If Defendants' motion is granted, Plaintiffs' experts would not know which documents and testimony could be relied on for their reports. Thus, if Defendants' motion is granted, the expert deadlines will need to move.

The parties have already needed to ask the Court for leave to conduct many depositions out of time. Further delay will require significant modification of the case schedule and therefore threaten the December 8 trial date.

## CONCLUSION

For these reasons, Defendants' motion should be denied.

Dated: July 16, 2025                                              Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)

| | |
|---|---|
| 1 | **GIRARD SHARP LLP** |
| 2 | 601 California St., Suite 1400 |
|   | San Francisco, CA 94108 |
| 3 | Telephone: (415) 981-4800 |
|   | slondon@girardsharp.com |

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

- 4 -

# CERTIFICATE OF SERVICE

I hereby certify that on July 16, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/*Roopal P. Luhana*

- 5 -

PLS.' OPP'N TO DEFS.'
MOT. FOR RECONSIDERATION
NO. 3:23-MD-03084