LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>**JUDGE: HONORABLE LISA J. CISNEROS**<br>**COURTROOM:G- 15H FLOOR** |
|---|---|

Uber exercised reasonable diligence in bringing its motion for leave. Plaintiffs' arguments to the contrary should be rejected for at least four reasons. First, Plaintiffs argue that Uber's motion for reconsideration is "precluded" because it was filed 10 weeks after the Court's Order. However, Local Rule 7-9 "imposes no time limits on filing" a motion for leave to file a motion for reconsideration. *Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL 1548833, *5 n. 9 (N.D. Cal. Apr. 7, 2015) (noting that Rule 7-9 applies only to interlocutory orders "that can be reconsidered at any time before entry of final judgment"). Instead, what constitutes reasonable diligence depends on the circumstances of the case. Indeed, courts have found after looking at the particular circumstances and complexity of the case that parties were reasonably diligent in filing their motion even when it was filed more than 10 weeks after the court's order. *See*, *e.g.*, *Senne v. Kansas City Royals Baseball Corp.*, No. 14-CV-00608-JCS, 2016 WL 1623913, at *4 (N.D. Cal. Apr. 25, 2016) (Judge Spero finding "given the magnitude of the case, the many difficult discovery issues that have arisen in recent months and the deadlines facing the parties . . . Moving Defendants were reasonably diligent in bringing the Motion" over 300 days after the court's order and approximately five months after one of the depositions that provided the basis for reconsideration); *Huawei Techs. Co. v. Samsung Elecs. Co.,* No. 3:16-cv-02787-WHO, 2018 U.S. Dist. LEXIS 34793, at *16 (N.D. Cal. Mar. 1, 2018) (Judge Orrick granting a motion for reconsideration when the plaintiff sought leave more than four months after the court's order because "[Plaintiff] insisted that it was reasonably diligent '[g]iven the case's complexity and extended schedule' . . . Under these circumstances, I will not deny the motion on procedural grounds.").

Uber was reasonably diligent in bringing its motion under these principles. *See* Defs. Motion at 3-4. Since the issues were never briefed or argued, and the documents subject to the ruling were never identified prior to the Court's ruling, Uber had to investigate the legal and factual issues for the first time *after* receiving the transcript of the Court's Order. In the weeks since the Court's Order, Uber carefully assessed the meaning, scope, and potential impact of the Court's ruling and the authority that justifies reconsideration, all while keeping a very aggressive schedule for briefing (often with multiple deadlines per week) and submission of thousands of other privilege challenges to the

Special Master—as well as addressing many other issues and deadlines in this complex case. Since the Court's Order did not identify any particular documents, Uber requested a list from Plaintiffs to understand their interpretation of the Order. After Uber received Plaintiffs' list, it had to investigate the production history of the documents, as well the circumstances leading to claw back. Moreover, Uber analyzed the documents at issue in an effort to determine ways to narrow or resolve the dispute. Analysis of Plaintiffs' list revealed that the parties have different views concerning the scope of the ruling, and its application. Uber had to consider all these factors in deciding whether to file and in preparing its motion. These circumstances and complexities show Uber's reasonable diligence in bringing the motion.

The three cases Plaintiffs cited in support of their argument, *see* Pls.' Opp. at 1-2, are inapposite because the moving parties in those matters *completely failed* to address reasonable diligence in their motions, and thus failed to comply with Rule 7-9 (b). The courts' rulings in those cases were not a determination of reasonable diligence after analyzing the circumstances of the case; rather, the rulings address the parties' failure to comply with the local rules. *See*, *e.g.*, *York v. Bank of America*, 2016 WL 7033956, at * 1 (N.D. Cal. Dec. 2, 2016) ("The motion for leave has multiple deficiencies. To begin with, SBCA has not shown 'reasonable diligence' in bringing the motion."). Additionally, the motions for reconsideration in those cases addressed dispositive rulings that had been briefed and argued prior to the courts' rulings. That is not the case here.

Second, Plaintiffs argue that allowing Uber to file its motion for reconsideration will "upend" the case schedule because Uber will claw back "thousands of additional entries." Pls.' Opp. at 3. But that is speculation. The documents that Uber has *actually clawed back* are the only ones relevant for purposes of this motion. It is telling that Plaintiffs resort to arguments based on unsupported hypotheticals instead of the actual number of documents at issue. Because the number of clawed back documents is relatively small,[1] and Plaintiffs have not challenged the merits of the privilege assertion

[1] According to Plaintiffs, the number of documents that Uber has clawed back is approximately 150. Uber reserves its right to challenge the number of documents at issue. By Uber's account, the number of documents at issue is lower.

for the vast majority of those documents, Plaintiffs cannot credibly argue that permitting Uber to fully brief and argue its position on those documents will delay discovery and threaten the December 2025 trial date.

Third, Plaintiffs' claims regarding depositions and expert deadlines do not prove otherwise. For example, Plaintiffs argue that because 131 de-designated documents have been used in depositions since the April ruling, multiple depositions will have to be re-opened with different documents. Pls.' Opp. at 3. However, the 131 de-designated documents that Plaintiffs referenced in their opposition *have not been clawed back*, and are therefore irrelevant to this motion. In any event, a deposition can only be reopened for good cause. Plaintiffs plainly cannot meet this standard given Plaintiffs have themselves admitted that they were able to question witnesses about these documents.

Plaintiffs also claim that "expert deadlines will need to move" if the Court reconsiders its April ruling because their experts "rely on documents Defendants have produced including de-designated documents" Pls.' Opp. at 3. However, Plaintiffs failed to identify any particular documents from the 150 they claim are at issue that are so essential to their experts' opinions that a finding of privilege would warrant moving deadlines. Plaintiffs' experts can choose to rely on any of the 1.7 million documents Uber has produced in this litigation.

Finally, given the amount of privilege disputes that remain, allowing Uber to file its motion will not impact the case schedule as Plaintiffs argue. Over 2,000 documents that have been submitted for in camera review remain to be ruled upon by the Special Master, and more than 670 documents are scheduled for submission tomorrow. If the Court grants Uber's motion and Plaintiffs would like a ruling on those documents before others, the parties can jointly approach the Special Master to request that the documents be prioritized. The Special Master has accommodated similar requests for urgent relief and disposition in the past.

In short, none of the issues Plaintiffs raise in their opposition trump Uber's right to be fully heard on the sacrosanct issue of attorney-client privilege.

DATED: July 17, 2025

Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: /s/ Maria Salcedo
Maria Salcedo

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC