IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Carr Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Disputed Entries from Defendants' June 6, 2025 Privilege Log that was submitted for Master Review on July 15, 2025.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on Plaintiffs' List of Disputed Entries from Defendants' June 6, 2025 Privilege Log was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

**Uber's June 6, 2025 Privilege Log**

4. On June 6, 2025, Defendants provided a privilege log containing five thousand two hundred twenty-four (5,224) entries.

5. On June 13, 2025, Plaintiffs provided the Defendants with a list challenging or raising issues with nine hundred sixty (960) entries on the privilege log. These challenged entries included nine entries related to Board of Director meeting minutes and materials that were re-produced on Defendants' June 19, 2025 privilege log.

    a. A majority of the challenged entries, six hundred ninety-two (692) entries, were challenged because the documents or communications appear to have a primary business purpose based on the details provided.

    b. Three hundred twenty-four (324) entries were challenged because no attorney appears to have participated in the communication based on the details provided and no legal advice was sought or given by an attorney.

    c. A smaller set of entries were challenged because no legal advice appears to have been sought or given based on the totality of the information

Defendants provided on the log and for entries where an attorney appears to have been merely copied to an email with many non-attorneys and the communication within the email was primarily business related.

    d. Additional entries were challenged because a third party was included on the communication.

6. The Parties conferred on June 25, 2025. During the conferral, counsel for Defendants indicated they needed additional time to begin reviewing Plaintiffs challenges and anticipated providing a list of downgraded privilege claims. Following the conferral, counsel for Defendants proposed a July 11, 2025, deadline to make additional productions and downgrades of the June 6, 2025 privilege log followed by Plaintiffs' final challenges by July 15.

7. Plaintiffs responded to Defendants' counsel stating the delay in review of Plaintiffs' challenges was unreasonably long and proposed Uber's review of challenged entries to be complete by July 3, 2025.

8. On June 27, 2025, Master Jones granted Defendant's request to adjust the schedule for the June 6, 2025, privilege log dispute process.

9. During this delay in the process, Plaintiffs re-reviewed Defendants' privilege log. Additionally, Plaintiffs provided additional information for entries that noted Uber had modified its privilege claim and produced in full or with redactions to similar entries previously.

10. On July 11, 2025, Defendants made three productions. The productions included documents on Defendants' June 6, 2025 privilege log. Twenty-seven (27) documents were produced in full, and fifty-seven (57) documents were produced with new or modified redactions.

11. On July 15, 2025, Plaintiffs provided the Master and Defendants with a list of six hundred seventy-eight (678) entries still in dispute.

12. On July 16, 2025, Defendants produced an additional document with redactions, JCCP_MDL_PRIVLOG109385, and Plaintiffs subsequently removed the challenge to the entry.

13. On July 18, 2025, Defendants produced two additional documents, JCCP_MDL_PRIVLOG107574 and JCCP_MDL_PRIVLOG107721, Plaintiffs will remove the

challenges to these entries.

Executed this 18th day of July 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF
PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR
SPECIAL MASTER REVIEW