**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-MD-03084 CRB |
| This Document Relates to:<br><br>ALL WAVE 1 BELLWETHER ACTIONS | **JOINT DISCOVERY LETTER BRIEF REGARDING DATES FOR DEPOSITIONS OF UBER CASE-SPECIFIC WITNESSES**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8 (ECF No. 323), the Parties respectfully submit this joint letter regarding scheduling challenges the Parties have encountered while attempting to find dates for the depositions of certain case-specific witnesses.

**Plaintiffs' Position**:

**Gade Guce**, **Marvin Cabrero**, and **Roberto Lebajo.** Plaintiffs noticed these three witnesses (all in the A.R.2 case) on July 3. Under the bellwether protocol, Uber was to provide dates by July 11. Uber has not done so. Uber has been unable to locate the two Uber former employees whose names appeared on the prior report that the subject driver was a "rapist" [Jasmine Sarmiento and Simra Parveen]. Plaintiffs have now requested to depose those employees who appear, based upon Uber's own document, to be the missing witnesses' team leads and manager.

Uber contends that these witnesses should not be deposed because Plaintiffs only provided one document indicating these witnesses have relevant knowledge, and that one document does not support Plaintiffs' argument. Not so. The document in question identifies Gade Guce and Roberto Lebajo as team leads for Jasmine Sarmineto and Simra Parveen within weeks of the prior "rapist" report. Sarmineto and Parveen are the only two Uber personnel on the Bliss where the prior report was "rapist."[1] But a related spreadsheet shows Simra Parveen and Jasmine Sarmiento working under "team leads" Gade Guce and Roberto Lebajo - both with managers Marvin Cabreros. It shows them being "managed" by these individuals within a few weeks of the subject incident [August 2023] and prior "rapist" report.

Uber's counsel claims that these individuals do not have relevant information, but counsel's representations are not evidence. And even if that were the case, that fact that Uber's management of individuals who are responsible for handling and investigating such reports is so minimal the "team leads" don't even know who they are is itself relevant information. Alternatively, if Simra Parveen and Jasmine Sarmiento had different team leads at the time of the "rapist" report, then Uber should provide that information and Plaintiffs will seek to depose those individuals instead of those their document identifies as "team leads" and "manager." Uber has always been in unilateral control of this information and can provide it at any time, yet it refuses to do so, creating the very issues about which it complains.

**Julie Stallings and Morgan Ellsworth.** On July 10, 2025, Marissa Peterson was deposed as a case specific witness (in the LCHB128 case). Ms. Peterson stated repeatedly throughout the deposition that she was the triage investigator for this matter and the actual relevant communications would have been handled by TSI and, in this instance, the employee in that role was Julie Stallings. Ms. Peterson was identified as the "reporter" for the subject incident JIRA while Ms. Stallings was identified as the "assignee." Plaintiffs previously requested the deposition of Josh Lester, the "reporter" for a previous incident by the same driver and have since cancelled this deposition in light of the information revealed by Ms. Peterson. While Plaintiffs could have requested to depose everyone who was identified on the

[1] The parties do not dispute the contents of this document or the spreadsheet discussed below (although they do have different interpretations of the spreadsheet and whether it supports Plaintiffs' position as noted herein). To avoid an unnecessary sealing motion, Plaintiffs did not attach the documents here.

JIRA, in an effort to be efficient, Plaintiffs moved to depose the "reporter" who then indicated that the right person to depose would be the "assignee," Ms. Stallings and Ms. Ellsworth in those respective JIRAs. Plaintiffs have requested Ms. Stallings and Ms. Ellsworth's depositions, but Uber has so far refused to provide any dates for their depositions.

Uber objects to Plaintiffs' requests to depose Ms. Stallings and Ms. Ellsworth, made on July 10 and July 14th respectively, as untimely. But the identity of these individuals as having relevant information was first disclosed at a July 10 deposition – a date provided by Defendants over a month after Ms. Peterson was initially requested. And discovery, of course, is still open. Uber cites no order or offers no reasoning to claim these requests are untimely. All depositions were noticed before the discovery substantial completion date. Uber's routine violations of the requirement of providing deposition dates within 5 business days does not allow it to run out the clock. Moreover, Uber criticizes Plaintiffs for changing up deponents as Plaintiffs learn more information. But that is exactly how discovery is supposed to work. More information allows each party to target individuals who may have the most responsive information. Uber has likewise dropped or substituted witnesses, so its criticism here should be disregarded.

**Defendants' Position**:

Two letter briefs (Dkts. 3412 and 3344) are pending before this Court related to Plaintiffs requested "case-specific depositions." Before responding to the specific witnesses raised by Plaintiffs here, several events occurred since those letter briefs were filed that warrant consideration from the Court. Uber again reiterates its request for further hearing on this issue.

As a general matter, Uber's concerns raised in their letter briefs – that Plaintiffs are using case-specific depositions as a means of re-doing general discovery – has proven true. As one example, Plaintiffs' first case specific deposition occurred on July 2, 2025. That lasted for 5 hours and 14 minutes, with Plaintiffs' counsel questioning the witness for roughly 3.5 hours (across 164 pages of transcript) about general topics before asking any case-specific questions. During that deposition, Plaintiffs' counsel took the position that there are "no scope limitations on these depositions." *See* Exhibit A, 7/2 Deposition of Allison Cissna at 68-69. As a second example, on July 10th, Plaintiffs took the deposition of Rick Earle, another purportedly "case-specific" witness in the B.L. case. Yet, during that deposition Plaintiffs failed to ask Mr. Earle a single question about the Plaintiff or driver in question and instead questioned Mr. Earle for nearly two hours on general issues. Uber raises these concerns because, as the below makes clear, Plaintiffs continue to seek depositions of witnesses with no case-specific knowledge and, as such, appear to be continuing to look for additional ways to re-litigate general issues in the guise of case-specific depositions.

Second, Plaintiffs have whipsawed Uber by repeatedly rebuffing Uber's attempts to narrow their list to appropriate case-specific witnesses only to then pull down two depositions the day before they were set to occur. And, as the Court is well aware, Plaintiffs also withdrew one of the witnesses who the parties spent time and judicial resources litigating (Dkts. 3439, 3440). The uncoordinated nature that Plaintiffs have brought to these depositions is imposing prejudice on Uber. Uber has spent considerable time trying to identify the witnesses requested by Plaintiffs on an accelerated schedule, many of whom have not been affiliated with Uber for many years. While Plaintiffs are free to pursue their case as they see fit, Uber and the deponents sought should not be burned by Plaintiffs' approach. It is now July 17th

and Plaintiffs continue to seek more and more depositions of witnesses who have been known to them for months. Uber respectfully requests that this Court put an end to this practice by directing Plaintiffs to cease issuing new "case-specific" deposition notices at this late juncture.

**Gade Guce, Marvin Cabreros[2], and Roberto Lebajo**. Plaintiffs argue that they should be able to depose these three witnesses as "case-specific" witnesses because they believe each of them may have managed or supervised two individuals (referred to here as J.S. and S.R.) who had knowledge of a prior complaint related to the driver in the A.R. case. Plaintiffs' only basis for this theory across the millions of documents Uber has produced is a single, voluminous Excel spreadsheet that includes fifteen separate tabs. Plaintiffs have pointed Uber to a single tab within that spreadsheet (entitled "RAW") that has more than 25,000 rows and over 60 columns, but no description as to what the various rows and columns mean or otherwise denote. As such, this document does not provide evidence that these witnesses will have any personal knowledge about the incident in question, which Uber has explained to Plaintiffs multiple times. It defies logic that a witness who had no involvement with a particular complaint could testify as a "case-specific" witness about that same complaint. Because these witnesses lack knowledge about the complaint in question, the only questions they have foundation to answer are purely general in nature and, therefore, decidedly not "case specific." Nevertheless, as an attempt to compromise, Uber offered to make one of these three witnesses available for deposition and provided Plaintiffs with a date for that witnesses' deposition. Plaintiffs rejected that offer.

It should also be noted that the two individuals who responded to the customer support ticket regarding a prior complaint (J.R. and S.P) no longer provide customer support services for Uber and live outside the United States. Uber diligently attempted to make contact with J.R. and S.P. and informed Plaintiffs on July 2nd that, because Uber had been unable to make contact with them, Plaintiffs were free to reach out to them directly. Plaintiffs have known about these witnesses for months as the prior complaint that formed the basis for the request for these depositions is explicitly referenced in Plaintiff's short form complaint filed in March 2025. If these witnesses are as central as Plaintiffs now claim, then they should have started the process to procure their depositions much sooner in the discovery period. Plaintiffs' failure to timely pursue those depositions, however, is not an adequate basis to subject additional individuals to depositions, particularly when those individuals have no knowledge of the complaint at issue.

**Julie Stallings and Morgan Ellsworth:** Uber objects to Plaintiffs' requests to depose Ms. Stallings and Ms. Ellsworth, made on July 10 and July 14th respectively, as untimely. Back in June, Plaintiffs provided Uber with a list of sixteen case specific witnesses they were interested in deposing. During meet and confers, Uber indicated to Plaintiffs that some of the witnesses they were seeking were unlikely to be able to answer Plaintiffs' questions. Plaintiffs, however, indicated that they were free to pursue their case as they see fit. To limit disputes, Uber agreed to present 12 of the 16 witnesses requested by Plaintiffs, regardless of whether their involvement with the case was remote and began preparing those witnesses for their depositions.

Now, with the substantial completion deadline upon us, Plaintiffs claim that they first learned during the July 10th deposition of Marissa Peterson that certain witnesses they requested were not fully

---

[2] Uber would note that Mr. Cabreros is a former employee who resides in the Philippines who has not yet agreed to representation by counsel for Uber.

relevant and instead Ms. Stallings and Ms. Ellsworth are the employees who they should have requested in the first place.[3] This argument is unavailing for several reasons. First, as part of prior depositions going back more than six months, Uber witnesses have explained the distinction between a "reporter" and an "assignee" – namely that the reporter is merely the individual who initially documents the case while the assignee is the individual who investigates the case. *See e.g.*, Exhibit B, 12/18/2024 Deposition of Haley Albrecht at 111:12-112:15. In addition, the very documents Plaintiffs used during the July 10th deposition (which have been produced to Plaintiffs for months) made clear that Ms. Stallings and Ms. Ellsworth were the individuals who investigated the complaints at issue rather than the witnesses previously requested by Plaintiffs. Uber cannot agree to continue to be subjected to additional discovery and put up new witnesses this late into the fact discovery period because of decisions made by Plaintiffs' counsel, particularly when, with the exercise of reasonable diligence, Plaintiffs could have and should have identified these witnesses much sooner. Nevertheless, if this Court is inclined to let these two depositions proceed, Uber respectfully requests that the Court prohibit Plaintiffs from continuing to issue new notices for case-specific witnesses at this late stage.

Dated: July 18, 2025

By: */s/Roopal Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

Respectfully Submitted,

*/s/ Laura Vartain*

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN

**SHOOK, HARDY & BACON L.L.P.**
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

---

[3] Despite allegedly learning that Mr. Lester was not a relevant witness on 7/10, Plaintiffs waited until 7/14, the day before Mr. Lester's deposition to pull it down.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: July 18, 2025

By: /s/ *Andrew R. Kaufman*