1   LAURA VARTAIN HORN (SBN: 258485)
    laura.vartain@kirkland.com
2   KIRKLAND & ELLIS LLP
    555 California Street, 30th Floor
3   San Francisco, CA 94104
    Telephone: (415) 439-1625
4
    ALLISON M. BROWN (admitted Pro Hac Vice)
5   allison.brown@kirkland.com
    JESSICA DAVIDSON (admitted Pro Hac Vice)
6   jessica.davidson@kirkland.com
    KIRKLAND & ELLIS LLP
7   601 Lexington Avenue
    New York, NY 10022
8   Telephone: (212) 446-4723

9   Attorneys for Defendants
    UBER TECHNOLOGIES, INC.,
10  RASIER, LLC, and RASIER-CA, LLC

11  [Additional Counsel Listed on Following Pages]

12

13

14                  UNITED STATES DISTRICT COURT

15                NORTHERN DISTRICT OF CALIFORNIA

16                    SAN FRANCISCO DIVISION

17

18  IN RE: UBER TECHNOLOGIES, INC.,          Case No. 3:23-md-03084-CRB
19  PASSENGER SEXUAL ASSAULT
    LITIGATION                               **DEFENDANTS UBER TECHNOLOGIES,
20                                           INC., RASIER, LLC, RASIER-CA, LLC'S
                                             ADMINISTRATIVE MOTION TO FILE
21  This Document Relates to:               UNDER SEAL PORTIONS OF
                                             SUPPORTING MATERIALS FOR
22  ALL ACTIONS                             MOTION TO ENFORCE PROTECTIVE
                                             ORDER**
23
24                                           Judge:      Hon. Charles R. Breyer
25                                           Courtroom:  6 – 17th Floor
26

27

28

---

DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
                                                    Case No. 3:23-MD-3084-CRB

## DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants"), respectfully submit this Administrative Motion to Seal Portions of Supporting Materials for its Motion to Enforce Protective Order ("Motion to Enforce"), filed July 17, 2025. Defendants respectfully request that the Court seal the following documents filed in support of Defendants' Motion to Enforce:

## I.    BACKGROUND AND REQUESTED SEALING

The documents at issue in this Motion to Seal are the declaration supporting Defendants' Motion to Enforce (the "Declaration") and the exhibits to the Declaration (the "Exhibits"), specifically:

| Document | Description |
|---|---|
| Portions of Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted portions containing information and screenshots of highly confidential and confidential documents regarding company policy-related resources and information. Specifically, screenshots in paragraphs 15, 16, 22, 23, 24, 25 and 43. |
| Exhibit 1 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |
| Exhibit 3 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |
| Exhibit 6 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |
| Exhibit 7 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |
| Exhibit 16 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |

| Document | Description |
|---|---|
| Exhibit 17 to Declaration of Veronica Hayes Gromada in support of Motion to Enforce | Redacted spreadsheet in exhibit containing highly confidential and confidential information regarding company policy-related resources and information. |

The Motion to Enforce concerns the improper use and disclosure by a member of the MDL Plaintiffs' counsel of a list detailing Defendants' confidential business policy-related resources, including the internal categorization and repositories in which each resource is maintained. This list *admittedly* was compiled by a member of the Court-appointed Plaintiffs' Steering Committee, Bret Stanley, through his review and excerpting of Confidential and Highly Confidential/AEO documents that Defendants were ordered to produce in this MDL under the Protective Order, ECF 176. This list of Defendants' internal policies (or portions of it) is now being attached by non-parties and counsel who are not counsel of record in this MDL to discovery requests that are served and/or filed on public dockets in unrelated cases *outside* this MDL or the related JCCP. As explained in the Motion to Enforce, both disclosure of this information, and use of this information to prosecute non-MDL or JCCP cases, are violations of the Protective Order.

The list at issue was generated by Mr. Stanley from materials that Defendants produced in this MDL after, at the insistence of the MDL Plaintiffs, they were ordered to produce "an index, list, table of contents, or some other comparable record, to the extent such records exist, of Uber's policies" and "related homepages that operationalize those policies." ECF 706. *See*, Gromada Declaration supporting Motion to Enforce ("Decl. to Mtn. to Enforce"), ¶6-14. In response, Defendants produced documents reflecting indexes or lists of policy-related resources drawn from different business units throughout the company, along with homepages related to those resources. *See* Gromada Decl. to Mtn. to Enforce ¶7. These documents were designated as Confidential or Highly Confidential-Attorneys' Eyes Only ("AEO"), pursuant to the Protective Order (ECF 176). *See* Gromada Decl. to Mtn. to Enforce ¶7. From these materials, Mr. Stanley prepared–and has improperly disclosed and used–a list of Defendants' policy-related resources, which includes identification of the resources and the location

DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB

in which they are maintained within Defendants' internal information structure. *Id.* at ¶9-27. This list has been replicated, in whole or in part, in cases outside this MDL. *Id.* at ¶20-21, 27-28, 40, 42-43.

These lists identify or reference, by name and source, specific resources within Defendants' internal systems, many of which are not static documents like a traditional "policy." *See* Gromada Decl. to Mtn. to Enforce ¶17, 30. Some items are a single document, others are a folder with multiple documents, others are third-party resources, others are "Knowledge Base" homepages that serve as operational guidelines, while still others are interfaces or tools used by Defendants' agents. *See* Gromada Decl. to Mtn. to Enforce ¶17. The comprehensive nature of the lists renders this information different in kind than a basic, discrete list of policies: they also disclose a roadmap to Defendants' information infrastructure and significant information about its internal operations. *See* Gromada Decl. to Mtn. to Enforce ¶30.

This Confidential and Highly Confidential-AEO information necessarily is reflected in the Motion to Enforce the Protective Order under which it was produced and in the supporting Declaration and exhibits. Disclosure of these documents could harm Defendants' competitive standing and legitimate interest in the confidentiality of internal business and operations information. Defendants therefore ask the Court to seal these documents under Local Rule 79-5(b) and (c).

## II.    LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) provides that good cause exists to seal documents when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents at issue here relate to a motion to enforce this Court's Protective Order governing the production and use of confidential and highly confidential information in this litigation, not a dispositive motion. Such documents are "unrelated to the merits of a case," *Ctr. for Auto Safety*,

809 F.3d at 1097, and "one step further removed in public concern from the trial process than the discovery materials themselves." *U.S. v. Selugh*, 896 F.3d 1007, 1015 (9th Cir. 2018). Accordingly, these materials "need satisfy only the less exacting 'good cause' standard." Id. at 1014; *Brown v. Google* LLC, 2022 WL 4227545, at *1; *Adtrader, Inc. v. Google LLC*, 2020 WL 6387381 at *1 (N.D. Cal. Feb. 24, 2020).  *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Good cause to seal exists where the relevant documents contain confidential business information because competitive harm results–and sealing is warranted–where public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products").

Courts within the Ninth Circuit regularly find good cause to seal information about confidential internal business policies–including listings of business policies. *In re Bank of Am. California Unemployment Benefits Litig.*, 2024 WL 2209781, at *1 (S.D. Cal. Apr. 3, 2024) (sealing information that "lists the different policies and practices" of defendant); *Schmidt v. Standard Insurance Co.*, 2023 WL 5358146, *1 (E.D. Cal. Aug. 21, 2023) (sealing insurance policy list under stricter "compelling reasons" standard); *see also, e.g. Adtrader, Inc. v. Google LLC*, 2020 WL 6395528, at *2 (N.D. Cal. Feb. 11, 2020) (sealing Google policies and other documents related to advertisements and payments); *Charles v. Target Corp.*, 2022 WL 3205047, at *3 (N.D. Cal. July 6, 2022) (sealing document

"detailing Target's internal policies and procedures for guest incidents"); *Willis v. Colgate Palmolive Co.*, 2023 WL 11915708, at *5 (C.D. Cal. Jan. 5, 2023) (sealing documents that referred to pricing, sales data, and internal policy information); *Tetrault v. Cap. Grp. Companies Glob.*, 2023 WL 11876965, at *1-*2 (C.D. Cal. July 14, 2023) (sealing ethics policies and employee handbooks); *Mendell v. Am. Med. Response, Inc.*, 2021 WL 778624, at *3 (S.D. Cal. Mar. 1, 2021) (sealing internal policies for call center).

Consistent with the above, this Court has previously found good cause to seal similar charts of Defendants' policy-related resources and documents. *See* March 18, 2025 Order ECF 2545 at 7 (granting Defendants Motion to Seal, ECF 2476, sealing exhibits consisting of charts of documents, including policy-related resources, listing policy category and Knowledge Base source); *see also* Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies").

In addition to showing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

## III. DEFENDANTS' MATERIAL SHOULD BE KEPT UNDER SEAL

The relevant documents, including listings of Defendants' business policy-related resources and their location within Defendants' internal information structure, should be sealed under the good cause standard. Defendants have a legitimate business interest in sealing these documents that consist of confidential, non-public, internal information regarding Defendants' information infrastructure, internal policies, strategies, and operations to prevent competitive harm. *See* Gromada Decl. to Mtn. to Seal ¶¶2-9. The sealing Defendants request–redaction of only the documents or portions of documents at issue–is the least restrictive means of protecting that interest. *See id.* ¶10.

### A. Good Cause Exists to Seal the Documents

**1. Sealing Is Necessary to Allow Defendants to Protect Their Rights Under the Protective Order.**

As a threshold matter, the Court should grant this motion to seal because Defendants are required to file the confidential information with the Court to support their Motion to Enforce the very same protective order under which that information was produced. Parties should not face a "catch-22" where they are forced to disclose the very confidential information a protective order is meant to shield in order to enforce the protective order.

"Protective orders safeguard the interests of litigants who have no choice but to turn over sensitive information to the other party." *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1259 (9th Cir. 2017). But to serve as a meaningful safeguard, parties must be able to enforce a protective order; a legal right that is not "enforceable" is a "nullity." *Cf. Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037 (9th Cir. 2011) (discussing contract enforceability). To establish that another party has violated a protective order, it is often necessary—as it is here—to disclose the confidential information at issue in the motion to enforce and supporting exhibits.

Denying a motion to seal in such circumstances would discourage litigants from seeking to enforce their rights under protective orders, thereby undermining the efficacy of protective orders and fueling unnecessary discovery fights when parties believe they cannot rely on a protective order. Because disclosure of Defendants' confidential information and documents is necessary to establish the Protective Order violation addressed in the Motion to Enforce, the Court should grant the motion to seal. *See* Gromada Decl. to Mtn. to Seal ¶¶2-9; *DS Advanced Enters., Ltd. v. Lowe's Companies, Inc.*, 2025 WL 297684, at *2 (S.D. Cal. Jan. 24, 2025) (sealing portion of motion to enforce protective order).

**2. Public Disclosure Risks Competitive Harm to Defendants and its Information Security.**

Defendants have a legitimate business interest in protecting from disclosure these lists of

DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER

hundreds of policy-related resources and their internal source and categorization. The comprehensive nature of the lists at issue–which are repurposed variations of the same list–renders this information different in kind from a basic, discrete list of policies: here, the lists disclose a roadmap to Defendants' information infrastructure and significant information about its internal operations. For example, Exhibit 3 to the Declaration is a list of 860 of Defendants' policy-related resources that identifies, among the hundreds of other confidential policy resources, a collection of 21 different policy resources from the source "new hire onboarding." *See* Gromada Decl. to Mtn. to Enforce ¶10, 15. Disclosure of these materials would give competitors an unfair insight into Defendants' onboarding process. Exhibits 6, 16 and 17 to the Declaration, which copy from Exhibit 3, provide similar insight.

Exhibit 3 to the Declaration–and the additional Exhibits that copy from it–also includes, for example, over 50 resources from the "agent, earner account, and payment homepage," disclosing information about Defendants' payment processes and policies with respect to drivers on the platform. Many names of policy-related resources, especially considered in light of the sheer volume of resources, disclose significant, non-public information about Defendants' internal operations, how it conducts investigations, its standards for drivers and vehicles, systems used, its organization systems for information, incidents, business operations, and more. In addition, most of the policy-related resources listed include the homepage or index in Defendants' systems in which they are found, providing further detail regarding Defendants' information and operational organization and structure. *See* Gromada Decl. to Mtn. to Enforce ¶¶17, 30. Defendants developed these resources at significant time and expense, and they are not universally accessible to Defendants' employees; access by employees is on an as-needed basis, depending on employees' roles and responsibilities within the company. *See* ECF 2477-2 ¶13 (Will Anderson declaration); *see also id.* ¶¶17, 30.

A competitor, potential competitor, or other actor could use this information to attempt to replicate Defendants' information infrastructure or business practices, such as which specific topics and categories of topics it should develop policies about to optimize business performance. This roadmap could also allow anyone who is able to breach Defendants' information security systems to locate information of particular importance and value. Public disclosure of this roadmap of

confidential, non-public information, exceeding what most of Defendants' internal teams can access, would risk significant harm to Defendants, and the information should therefore be sealed. *See* Gromada Decl. to Mtn. to Seal ¶¶2-9; Sept. 3, 2024 Order, ECF 1559 at 2 (sealing documents with "substantive information about Uber's internal policies"); *In re Bank of Am.*, 2024 WL 2209781, at *1 (sealing information that "lists the different policies and practices" of defendant); *see also, e.g.* *Adtrader, Inc*, 2020 WL 6395528, at *2; *Charles*, 2022 WL 3205047, at *3; *Willis*, 2023 WL 11915708, at *5; *Tetrault*, 2023 WL 11876965, at *1-*2; *Mendell*, 2021 WL 778624, at *3; *Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2.

These same interests and risk of harm are reflected in each of the documents and excerpts that Defendants seek to seal because they are all substantially similar in nature:

**Exhibits to the Gromada Declaration:**

**Exhibit 1** is an email attaching a spreadsheet that lists 326 policy-related resources as well as the number of versions that exist for certain resources. The information contained in this spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5.

**Exhibit 3** is an email attaching a spreadsheet that lists 860 policy-related resources as well as the homepage on which the resource is maintained, which reflect Defendants' internal categorization and operations. *See* Gromada Decl. to Mtn. to Enforce ¶¶10-13. This list includes 587 resources that are specifically identified, with a corresponding Bates number, as having come from a document produced in this MDL as Confidential or Highly Confidential/AEO under the Protective Order. *See* Gromada Decl. to Mtn. to Enforce ¶¶11-13. The information contained in this spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5.

**Exhibit 6** contains a list of 891 policy-related resources, including the name of the resource and identification of the "source KB [Knowledge Base] Homepage / Index Title" within Defendants' computer systems. *See* Gromada Decl. to Mtn. to Enforce ¶¶20-21. The information contained in this

spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5. (This list was an appendix to a document request served by plaintiffs in a car accident case in New Jersey state court, *Lord v. Uber Technologies, Inc. et al.*, in which Uber Technologies, Inc. is a defendant.)

**Exhibit 7,** like the foregoing, identifies Defendants' policy-related resources (180 of them). *See* Gromada Decl. to Mtn. to Enforce ¶¶26–28. The information contained in this spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5. (This list also was an appendix to a document request served by plaintiffs in a car accident case, this time in Texas state court, *Smith v. Uber Technologies, Inc. et al.*, in which Uber Technologies, Inc. is a defendant.)

**Exhibit 16** is nearly identical to Exhibit 6, discussed above. The list contains 891 policy-related resources, and identifies the resources by the name of the resource and the "source KB [Knowledge Base] Homepage / Index Title" within Defendants' computer system. *See* Gromada Decl. to Mtn. to Enforce ¶¶40, 43. The information contained in this spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5. (This list also was an appendix to a document request served by the plaintiff in a case in another New Jersey state court, *Casey Jones v. Uber Technologies, Inc. et al.*, in which Uber Technologies, Inc. is a defendant.)

**Exhibit 17** is nearly identical to Exhibits 6 and 16.  It contains 891 policy-related resources (minus 19 redacted rows), and identifies the resources by the full name of the resource and the "source KB [Knowledge Base] Homepage / Index Title" within Defendants' computer system. *See* Gromada Decl. to Mtn. to Enforce ¶¶42-43. The information contained in this spreadsheet is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶5. (This list also was an appendix to a document request served by the plaintiff in yet another case in a New Jersey state court, *Soto v. Uber Technologies, Inc. et al.*, in which Uber Technologies, Inc. is a defendant. *See* Gromada Decl. to Mtn. to Enforce ¶42.)

**The Declaration of Veronica Gromada** describes each of the above Exhibits and includes screenshots and excerpts of the Confidential and Highly Confidential/AEO documents and

information. Paragraphs 16, 22, 24, 25 and 43 of the Declaration contain screenshots of Exhibits 3, 6, 16 or 17. In addition, Paragraphs 15 and 23 of the Declaration contain screenshots of two documents produced in the MDL and designated (without challenge) as Confidential (UBER_JCCP_MDL_000250806) and Highly Confidential/AEO (UBER-MDL3084-000367984-85).

The information contained on the Confidential or Highly Confidential/AEO documents, and the screenshots of the spreadsheets in the Declaration is not publicly available and is maintained as confidential by Defendants. *See* Gromada Decl. to Mtn. to Seal ¶¶5-6.

### 3. The Proposed Sealing Is the Least Restrictive Means of Protecting Defendants' Legitimate Interest in Maintaining Confidentiality

Defendants' proposed sealing is "narrowly tailored" to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). The proposed redactions are focused exclusively on Defendants' internal policies, strategies, systems, and operations. Actions short of sealing these documents and excerpts would be insufficient to protect Defendants' legitimate expectations of confidentiality. *See, e.g., Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022) (sealing information on "internal systems and operations, including details related to internal projects and their proprietary functionalities"); *In re Bank of Am.*, 2024 WL 2209781, at *1 (sealing information that "lists the different policies and practices"). Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

## IV.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that these documents listed above be maintained under seal.


DATED: July 18, 2025                    Respectfully submitted,


                                        **SHOOK HARDY & BACON L.L.P.**

                                        By: */s/ Michael B. Shortnacy*

DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB

MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

LAURA VARTAIN HORN
ALLISON M. BROWN
JESSICA DAVIDSON
**KIRKLAND & ELLIS LLP**

SABRINA STRONG
JONATHAN SCHNELLER
**O'MELVENY AND MYERS LLP**

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB