1 | LAURA VARTAIN HORN (SBN: 258485)
  | laura.vartain@kirkland.com
2 | KIRKLAND & ELLIS LLP
  | 555 California Street, 30th Floor
3 | San Francisco, CA 94104
  | Telephone: (415) 439-1625
4 |
5 | ALLISON M. BROWN (admitted Pro Hac Vice)
  | allison.brown@kirkland.com
  | JESSICA DAVIDSON (admitted Pro Hac Vice)
6 | jessica.davidson@kirkland.com
  | KIRKLAND & ELLIS LLP
7 | 601 Lexington Avenue
  | New York, NY 10022
8 | Telephone: (212) 446-4723

9 | Attorneys for Defendants
  | UBER TECHNOLOGIES, INC.,
10 | RASIER, LLC, and RASIER-CA, LLC

11 | [Additional Counsel Listed on Following Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
|---|---|
| This Document Relates to: ALL ACTIONS | **DECLARATION OF VERONICA HAYES GROMADA IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION TO ENFORCE PROTECTIVE ORDER AND SUPPORTING MATERIALS**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

I, Veronica Hayes Gromada, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon, L.L.P. I am a member in good standing of the Bars of the State of Texas and the District of Columbia, and am admitted to practice pro hac vice before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Defendants' Motion To Seal Portions of Supporting Materials for Motion to Enforce Protective Order ("Motion to Seal" and "Motion to Enforce," respectively).

2. This Motion to Seal concerns a declaration I submitted in support of the Motion to Enforce (the "Declaration"). That Declaration provides further information regarding the materials Defendants seek to redact in the Motion to Seal and is incorporated herein. I have reviewed my Declaration and all exhibits to that Declaration ("Exhibits"), including Exhibits 1, 3, 6, 7, 16, and 17 (the "lists"). Exhibits 1, 3, 6, 7, 16, and 17 are described in detail in the Declaration. Exhibit 1 is described in paragraphs 2-3. Exhibit 3 is described in paragraphs 10-17. Exhibit 6 is described in paragraphs 18-25. Exhibit 7 is described in paragraphs 26-29. Exhibit 16 is described in paragraphs 39-41. Exhibit 17 is described in paragraph 42.

3. The disclosure of Defendants' confidential information in the supporting Declaration to Defendants' Motion to Enforce, and the Exhibits to that Declaration, was necessary to establish the protective order violation addressed in the Motion to Enforce.

4. Disclosure of the lists of hundreds of policy-related resources and their internal source and categorization poses a risk of competitive harm and security risks to Defendants. The comprehensive nature of the lists at issue–which are repurposed variations of the same list–renders this information different in kind than a basic, discrete list of policies: they disclose a roadmap to Defendants' information infrastructure and significant information about its internal operations. For example, Exhibit 3 to the declaration (the October 2024 list) includes 21 different policy resources from the source "new hire onboarding," giving competitors a peek into Defendants' onboarding process. The same is true of Exhibits 6, 16 and 17 to the declaration, which copy from Exhibit 3. The

2

1  list includes over 50 resources from the "agent, earner account, and payment homepage," disclosing information about Defendants' payment processes and policies with respect to drivers on the Defendants' platform. Many names of policy-related resources, especially considered in light of the sheer volume of resources, disclose significant, non-public information about Defendants' internal operations, including, but not limited to, how they conduct investigations, their standards for drivers and vehicles, their systems, and their organization systems for information, incidents, business operations, and more. Most of the policy-related resources lists include the Knowledge Base homepage or index in which they are found, providing further detail regarding Defendants' information and operational organization and structure.

5.  In the operation of their business, Defendants refer to guidelines and operating procedures developed to implement company safety policies and standards as "Knowledge Bases." Knowledge Bases are developed by various teams and business groups across the company as a repository within the business unit. Knowledge Bases may be grouped thematically into landing pages called "Homepages" or "Repositories." These Knowledge Bases are accessible to employees on an as-needed basis, depending on the employees' roles and responsibilities within the company.

6.  Moreover, Knowledge Bases are organized in a decentralized manner, and access is given to employees subject to role-based credentials and is limited to a subset of Knowledge Bases relevant to the scope of their jobs due to data security and proprietary concerns about access within company systems.

7.  On information and belief, Defendants developed these resources at significant time and expense. A competitor, potential competitor, or other actor could use this information to attempt to replicate Defendants' information infrastructure or business practices, such as which specific topics and categories of topics it should develop policies about to optimize business performance. This roadmap could also allow anyone who is able to breach Defendants' information security systems to locate information of particular importance and value. Public disclosure of this roadmap of confidential, non-public information, exceeding what most of Defendants' internal teams can access, would risk significant harm to Defendant and should therefore be sealed.

3
DECLARATION OF VERONICA HAYES GROMADA IN SUPPORT OF DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB

8. The documents at issue in the Motion to Seal are substantially similar in nature and the documents' disclosure pose similar risks of harm to Defendants. The redactions in the Declaration to the Motion to Enforce consist of screenshot excerpts from the Exhibits to the Declaration. On information and belief, the information contained in the lists is not publicly available and is maintained as confidential by Defendants.

9. My Declaration in support of the Motion to Enforce describes Exhibits 1, 3, 6, 7, 16, and 17 to the Declaration. My Declaration also demonstrates, through screenshots of its Exhibits, how the information on Confidential and Highly Confidential/Attorneys' Eyes Only ("AEO") MDL documents was extracted and placed on the October 2024 Spreadsheet, which was then used to create the lists attached to the discovery requests that are Exhibits 6, 7, 16 and 17 to the Declaration. The screenshots reveal the same information discussed above with respect to the complete versions of Exhibits 3, 6, 16 and 17. In addition, the Declaration contains screenshots of two documents produced in the MDL and designated (without challenge) Confidential or Highly Confidential/AEO. Paragraphs 15 and 23 of the Declaration contain screenshots of the content of Confidential or Highly Confidential/AEO MDL documents. Paragraphs 16, 22 and 24 contain screenshots of Exhibit 3, the spreadsheet created using Confidential and Highly Confidential/AEO MDL documents discussed above. Paragraphs 22, 25, and 43 of the Declaration contain screenshots of Exhibit 6, 16 and 17, the discovery requests that include a list of 891 policy-related resources. The information contained in the spreadsheet and lists is not publicly available and is maintained as confidential by Defendants.

10. No less restrictive alternative to partially sealing the documents at issue in the Motion to Seal, as requested above, is sufficient. Defendants have narrowly tailored their requests to seal by seeking to redact the documents at issue rather than sealing them in its entirety and narrowly tailoring their requested redactions. Actions short of sealing the documents requested by Defendants would not protect Defendants' legitimate interests.

I declare under penalty of perjury that the foregoing is true and correct.

4
DECLARATION OF VERONICA HAYES GROMADA IN SUPPORT OF DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB

Executed this 18th day of July, 2025 in Houston, Texas.

                                        */s/ Veronica Hayes Gromada*
                                        Veronica Hayes Gromada

DECLARATION OF VERONICA HAYES GROMADA IN SUPPORT OF DEFENDANTS' MOTION TO SEAL RE: MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB