# EXHIBIT 8

## CAUSE NO. 2022CI11011

| | | |
|---|---|---|
| IVAN SMITH, | § | IN THE DISTRICT COURT |
| *Plaintiff*, | § § § | |
| vs. | § § | 57TH JUDICIAL DISTRICT |
| UBER TECHNOLOGIES, INC.; PORTIER, LLC d/b/a UBER EATS; RASIER, LLC; CARLA REYES TREVINO; JOSHUA ALDANA; RUBEN MALDONADO JR.; and ALBERT ANGEL REYES TREVINO, *Defendants*. | § § § § § § § | BEXAR COUNTY, TEXAS |

### PLAINTIFF'S FIRST OPPOSED MOTION FOR CONTINUANCE

COMES NOW, Plaintiff Ivan Smith and pursuant to Rule 252 of the Texas Rules of Civil Procedure, makes and files this, Plaintiff's First Opposed Motion for Continuance, and would respectfully show this honorable Court as follows:

### I.  PROCEDURAL HISTORY

This case is currently set for trial on October 27, 2025. Additional discovery is necessary before this case can be ready for trial.

On April 4, 2025, Plaintiff's Counsel Bret Stanley made an appearance in this matter. Bret Stanley was brought into this matter due to his long history of litigation against Uber and based on current litigations with Uber around the country, most notably the litigation ongoing in the Northern District of California, San Francisco Division— styled Multidistrict Litigation 3084, *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*. In the Fall of 2023, Mr. Stanley was named to MDL 3084's Plaintiff's Steering Committee and executive leadership. Since then, Mr. Stanley has undertook extensive discovery efforts against Uber, including many hearings

before Judge Breyer and Magistrate Judge Cisneros in MDL 3084. These litigation efforts have allowed Mr. Stanley significant experience and knowledge concerning Uber's internal systems, documents, tracking of data, and employee witnesses with relevant and discoverable information. The information known to Mr. Stanley is especially relevant to this matter before the District Court in Bexar County, Texas.

Since making an appearance in this matter, Mr. Stanley has served two sets of Requests for Production on the Uber Defendants that identify specific information that has been withheld in production to date. Previously, Plaintiff's Counsel requested much of this information in more general written discovery requests, however Mr. Ramos did not have information about Uber's internal workings that would allow a high degree of specificity in prior written discovery. While Mr. Ramos's requested were reasonably calculated to cause Uber to properly respond and provide information and documents, Uber's Counsel has withheld information and documents and has hidden behind onerous discovery objections.

The Uber Defendants withholding of discoverable information has prevented the Plaintiff from receiving discovery that is paramount to the claims and defenses made in this matter and has caused the need for Plaintiff's First Opposed Motion for Continuance. Additionally, the Uber Defendants are seeking many depositions that are needed to occur in order for Plaintiff's to meet the deadlines in the current Docket Control Order. Finally, Plaintiff's Counsel has requested depositions of Uber employees with relevant and material testimony to the claims and defenses in this matter. This discovery is needed so that justice may be done and for the Plaintiff's to meet the deadlines in the active Docket Control Order, including the deadline for designation of Expert witnesses on May 16, 2025.

As shown below, Plaintiff's pray this Court continue the deadlines in the current Docket Control Order, including the trial date, by sixty (60) to sevety-five (75) days, or to an appropriate trial setting that fits into this Court's scheduling of complex litigation matters

## II.    Texas Law

A trial court should consider the following nonexclusive factors when deciding whether a motion for continuance seeking additional time to conduct discovery is granted: the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought. *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex.2002); *Tenneco Inc. v. Enter. Prods. Co.,* 925 S.W.2d 640, 647 (Tex.1996); *Nat'l Union Fire Ins. Co. v. CBI Indus., Inc.,* 907 S.W.2d 517, 521–22 (Tex.1995); *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988); *Perrotta v. Farmers Ins. Exch.,* 47 S.W.3d 569, 576 (Tex.App.-Houston [1st Dist.] 2001, no pet.).

Rule 252 requires that if a party applies for continuance to conduct additional discovery:

> "[T]he party applying therefor shall make affidavit that such testimony is material, showing the materiality thereof, and that he has used due diligence to procure such testimony, stating such diligence, and the cause of failure, if known; that such testimony cannot be procured from any other source; and, if it be for the absence of a witness, he shall state the name and residence of the witness, and what he expects to prove by him; and also state that the continuance is not sought for delay only, but that justice may be done; provided that, on a first application for a continuance, it shall not be necessary to show that the absent testimony cannot be procured from any other source."

TEX. R. CIV. P. 252.

## III.    Analysis

**a. Uber's prior discovery responses have not provided information or production of documents known to exist.**

Attorney Eric Ramos has propounded four sets of Request for Production, three sets of Request for Admissions, and two sets of Interrogatories on the Uber Defendants. Since the

3

appearance made by Attorney Stanley, the Parties have had brief discussions concerning Uber's prior written discovery responses and intend to schedule conferrals concerning these responses.

To date, Uber has produced very little internal information concerning the Uber Eats trip that resulted in the collision with Plaintiff Smith.

Concerning Uber's internal information, data, and documents, Uber has only produced the following to date:

- UBER 001162 – Spreadsheet/Table of Online / Offline status of Joshua Aldana on April 5, 2022;
- UBER 001163 – 001257 – Uber Eats / Aldana Agreements to access the Uber Network;
- UBER 001258 – 001270 – Uber Community Guidelines (publicly available);
- UBER 001271 – A Feb. 16, 2022 Communication from an Uber Eats Requester about a single prior incident report.
- UBER 001272 – A September 30, 2022 Communication from Uber to Aldana about his deactivation.
- UBER 001272 – 001277 – Longitude / Latitude coordinates of Aldana captured by Uber's System.[1]
- UBER 0001278 – 001281 – Uber Background Checks of Aldana.
- UBER 001286 – 001288 – Uber Report concerning Mercury Insurance.
- UBER 001781 – 004625 – Spreadsheet/Table with three (3) weeks of Aldana's Online Longitude and Latitude coordinates captured by Uber's System for the period of March 23, 2022 through April 5, 2022.
- UBER 004626 – Online / Offline status of Joshua Aldana for the period of March 23, 2022 – April 5, 2022.

Excluding Uber's production of the large spreadsheet/table of Aldana's Longitude and Latitude (UBER 001781 – 004625), Uber has only produced 119 bates-stamped pages of documents and information concerning associated to the claims made by Plaintiff Smith. Uber has not produced any of the following:

- Communications with Aldana prior to the Uber Eats trip that resulted in the collision with the Plaintiff.
- Documents received by Uber from Aldana to gain access to the Uber Eats platform;
- Internal documents that evidence Uber's decision to allow Defendant Aldana to make Uber Eats deliveries by bicycle or foot, but not by vehicle;

---

[1] Bates Label 001272 is used twice.

4

- Communications with Aldana prior to, at the time, and after the Uber Eats trip that resulted in the collision with the Plaintiff;
- Internal investigation documents of the Uber Eats Trip that resulted in the collision with Plaintiff Smith, including JIRA documents;
- Internal documents concerning the deactivation of Aldana from the Uber Eats App;
- Evidence of Uber's communications with (or attempted communications with) Aldana, Reyes, and other witnesses when performing their internal investigation of the Uber Eats Trip that resulted in the collision with Plaintiff Smith.
- Internal communications between Uber Employee Investigators / Uber Customer Support Representatives concerning the Uber Eats trip that resulted in the collision with Plaintiff Smith.
- Audio recordings gathered by Uber relating to the Uber Eats trip that resulted in the collision with Plaintiff Smith;
- Internal Policies and instructional articles existing on Uber's intranet concerning Uber Earners and Uber Eats Platform Users.
- Information / documents about the offers of deliveries made by Uber to Aldana while Aldana was active on the Uber Application;
- Other reports of incidents on the Uber App related to Defendant Aldana;
- Uber's telematics relating to Defendant Aldana's driving or being driven during Uber Eats Trips;
- Information / documents indicating Uber's knowledge that Aldana made Uber Eats deliveries by car regularly prior April 5, 2022.

Plaintiff's prior written requests have sought this information generally and Plaintiff's Counsel has used diligence over the course of this litigation in making these requests; however, Uber has shielded the Plaintiff from virtually all knowledge of Uber's internal systems, internal information, internal claims process, and internal data. Uber's written discovery responses provide little insight into the Uber Eats System and even less documentation.

The above information is paramount to the claims and defenses in this matter and can only be obtained from Uber.

b. **Uber Defendants' requests for depositions.**

Uber has claimed that the following depositions must occur to obtain relevant information associated with the claims and defenses of this matter:

1. Phillip Cervantes, testimony associated with the ten (10) hours of San Antonio Police Department body-camera video;

2. Aaron Terrazas, testimony associated with the ten (10) hours of San Antonio Police Department body-camera video;
3. Noah DeLuna, testimony associated with the ten (10) hours of San Antonio Police Department body-camera video;
4. Christopher Bazany, testimony associated with the ten (10) hours of San Antonio Police Department body-camera video;
5. Ivan Smith, testimony associated with the ten (10) hours of San Antonio Police Department body-camera video;
6. Alfonso Saenz, fact witness testimony;
7. Philip Gonzales, fact witness testimony;
8. Marquis Williams, fact witness testimony;
9. Mathias Rocha, fact witness testimony;
10. Jonas Andersson, fact witness testimony;
11. Gary Smith, fact witness testimony;
12. Anita Smith, fact witness testimony;
13. Euliterio Rendon, fact witness testimony; and,
14. Selected treating physicians, medical treatment testimony.

These depositions are in the process of being scheduled and, based on Uber's contentions, are necessary for the case.

Plaintiff's First Motion for Continuance is requested to be granted so that justice can be done and these depositions be scheduled.

c. **Plaintiff Ivan Smith's requests for depositions.**

The Uber Defendants have produced initial disclosures in this matter, however the Uber Defendants have not identified **any** Uber Employees with relevant knowledge and facts associated to the claims and defenses of this case. Instead, the Uber Defendants merely identify "Uber Technologies, Inc., Rasier, LLC, and Portier, LLC" as persons having knowledge of relevant facts. Due to this, and the lack of production of documents from the Uber Defendants, no witnesses from the Uber Defendants could have been previously identified for deposition by the Plaintiff until recently. Since Attorney Stanley has made an appearance, the Plaintiff has requested the following depositions of Uber Employees to occur:

1. Matthew Baker – Internal Policies and Practices for Delivery People
2. Frank Chang – Road Safety / Driving Safety for Delivery People

6

3. Vo Nguyen – Product Operations – Bike Safety
4. Kristin Smith – Road Safety Central Policy
5. Mariana Esteves – Group Product Manager – Courier / Bike Safety
6. Joe Navin – Head of Central Delivery Safety – Reviewing emerging safety risks unique to Uber Delivery.
7. Nadio Moosvi – Dangerous Driving Notifications, Bike Safety Checklist,  – Road Safety Team
8. Pelipe Kenji Shiba – Sr. Software Engineer – Tech lead for several projects , including Bike Out of App Navigation, cross over work with Uber Maps Navigation and Driver Platform Teams. Point of contact for complex mobile discussions.
9. Harish Srinivasan - Senior Product Manager – Road Safety for Delivery / Driver
10. Kosuke Takano - Road Safety Team Crash Detection & RideCheck, Very Fast Bike Alerting

Previously, Plaintiff's Counsel would have had no exposure to these witnesses or knowledge of their potential testimony. However, these Uber employee witnesses maintain relevant facts and knowledge concerning the Uber Eats Platform, internal Uber Eats / Uber Earner policies, data tracked internally by Uber for Uber Eats couriers, deactivation / adjudication of Uber Eats incidents, and Uber's communication with Uber Eats couriers.

The Plaintiff has made a request for these depositions and Opposing Counsel is conferring with the Uber Defendants about whether any of these witnesses will be allowed to testify without court intervention.

Plaintiff's First Opposed Motion for Continuance is requested to be granted so that justice can be done and these depositions be scheduled.

**d. <u>Recent written discovery served by the Plaintiff on the Uber Defendants.</u>**

As referenced above, since making an appearance in this matter, Plaintiff's Counsel Bret Stanley has served the 5th and 6th Sets of Request for Production on the Uber Defendants. Responses to these discovery requests are due May 17th and May 21st respectively.

These Requests for Production have sought with specificity documents, data, and information known to be gathered and maintained by Uber concerning Uber Eats couriers like Defendant Joshua Aldana and Defendant Carla Reyes Trevino.

The Plaintiff's expect production of these items will require conferrals and potentially court intervention. The delay in these Request for Production from Plaintiff's Counsel prior to Attorney Stanley making an appearance is not due to lack of diligence, but due to general opacity by Uber.

The information sought in Plaintiffs 5th and 6th Requests for Production is of the highest importance and is sought so that justice may be done. As such, the Plaintiff's First Opposed Motion for Continuance is requested to be granted.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff moves and prays that all dates in the Docket Control Order and the trial setting of October 27, 2025 be continued and reset for sixty (60) to seventy-five (75) days in the future, or to a future complex trial setting consistent with the Court's calendar, and for such other and further relief as parties may show themselves justly entitled to receive.

    Respectfully submitted,

By: */s/ Bret Stanley*
    Bret Stanley
    Texas Bar No. 24075116
    2925 Richmond Ave., Suite 1700
    Houston, Texas 77098
    Telephone: (713) 626-9336
    Facsimile: (800) 731-6018
    bstanley@johnsonlawgroup.com

    Eric Ramos
    Texas Bar No. 24099306
    ERIC RAMOS LAW, PLLC
    7979 Broadway, Suite 207
    San Antonio, TX 78209

eric@ericramoslaw.com

JORGE A. HERRERA
State Bar No. 24044242
Jherrera@herreralaw.com
THE HERRERA LAW FIRM, INC.
1800 W. Commerce Street
San Antonio, Texas 78207
Telephone: (210) 224-1054
Facsimile: (210) 228-0887

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing instrument was served upon all counsel of record, via E-File Texas, in accordance with the Texas Rules of Civil Procedure on the 30th day of April, 2025.

/s/ Bret Stanley
Bret Stanley

## CERTIFICATE OF CONFERENCE

I certify that on April 28, 2025, a conferral occurred with Defense Counsel concerning Plaintiff's Motion for Continuance and the Defendants were opposed to Plaintiff's Motion.

/s/ Bret Stanley
Bret Stanley

| | |
|---|---|
| STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

## VERIFICATION

Before me, the undersigned notary, on this day personally appeared Bret Stanley, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

"My name is Bret Stanley. I am capable of making this verification. I have read Plaintiff's First Opposed Motion for Continuance. The facts stated in it are within my personal knowledge and are true and correct."

_____
Bret Stanley

SUBSCRIBED AND SWORN TO BEFORE ME, on this the 30th day of April, 2025, to certify which witness my hand and official seal of office.

_____
Notary Public, State of Texas

KARINA MUNOZ
Notary Public, State of Texas
Comm. Expires 05-21-2025
Notary ID 133114878

10