# EXHIBIT 11



2925 Richmond Avenue, Suite 1700, Houston, TX 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (800) 731-6018
**JOHNSONLAWGROUP.COM**

Ms. Veronica Gromada
Shook Hardy & Bacon
600 Travis St., Suite 3400
Houston, Texas 77002

June 2, 2025

RE:   Response to Uber's Claims of Violations of Protective Order,
      *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation,*
      Case No. 2:23-md-03084-CRB

Ms. Gromada –

I am in receipt of your letter dated May 26, 2025 in which you allege that I have violated the Protective Order of MDL 3084 by serving written document requests in other litigations requesting relevant and discoverable information from Uber Technologies, Inc.

The Protective Order of MDL 3084 was entered on December 28, 2023. (*See* ECF 176). At no point have I violated the Protective Order of MDL 3084 and no disclosures of Protected Material have been made to any category of persons outside of the scope of the Protective Order.

As you are aware, the Protective Order in this matter does not confer blanket protections on all disclosures or responses to discovery and the Protective Order extends protections only to limited information or items that are entitled to confidential treatment under applicable legal principles. *See* ECF 176 at Para. 1. The Protective Order defines Confidential Information as material that contains "financial or business plans or projections; proprietary business information, or other confidential research, design, development, financial, business or commercial information; information regarding or relating to a Party's insurance program; personnel information; personal information about any Party to this lawsuit or employees (current or former) or board members (current or former) of any Paty to this lawsuit; the personal information and any identifying information of any Non-Party; non-public incidents reports; executive committee selection; and any information regarding any Party or Non-Party not otherwise available to the public that is protected from disclosure by law, regulation, or contract." *See* ECF 176 at Para. 2.3.

The Protective Order in MDL 3084 cautions parties to exercise restraint and care in designating material for protection. *See* ECF 176 at Para. 5.1. The Order requires each Party or Non-Party to take care to limit confidentiality designations "so that other materials, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of [the] Order." *See* ECF 176 at Para. 5.1. The Order prohibits "[m]ass, indiscriminate, or routinized designations" and unjustified confidentiality designations "may expose the Designating Party to sanctions." *Id.*

Uber complains that using the *names* of Uber policies in written discovery requests made outside of MDL 3084 breaches the Protective Order. However, no information from any policy document has been copied or extracted and no copies, excerpts, summaries, or compilations of any Uber Policy has been made or disclosed to persons not bound by the Protective Order.

Uber is required by the Protective Order to make "all reasonable efforts" to designate for protection only those parts of documents that qualify as confidential. See ECF 176 at Para 5.1 (emphasis added). Uber's claim that using the *name* alone of a policy in written discovery violates the Protective Order is an attempt to unjustifiably sweep information into the ambit of the Protective Order and is a mass, indiscriminate, and routinized designation of confidentiality that is prohibited by the Protective Order in MDL 3084.

Finally, as Judge Cisneros has addressed in the past concerning the *Peters Subpoena* and the *Stanley Subpoena* served on Sara Peters and Bret Stanley in MDL 3084, counsel with experience litigating against Uber cannot unknow relevant and discoverable information that has been produced while litigating claims against Uber. Serving focused discovery requests that seek relevant and discoverable information against Uber in other litigations does not violate any protective order, including the Protective Order from MDL 3084.

To the extent this letter does not address your concerns, I am available to meet and confer at a time of mutual availability.

Sincerely,

Bret Stanley
Johnson Law Group
MDL 3084 Plaintiff Steering Committee