# EXHIBIT 12



**Sent from:** New York Office

June 4, 2025

<u>Sent via Email</u>
Veronica Hayes Gromada, Esq.
Shook, Hardy, & Bacon, L.L.P.
600 Travis St., Suite 3400
Houston, Texas 77002
vgromada@shb.com

      Re:    *In re: Uber Passenger Sexual Assault* 23-md-03084-CRB
             Response to Uber's Claims of Violations of Protective Order

Counsel:

      I write on behalf of the Plaintiffs' Steering Committee (PSC) in response to your correspondence dated May 26, 2025, in which you allege that PSC member Bret Stanley violated the Protective Order entered in this litigation (ECF No. 176) by serving document requests in unrelated actions that reference certain Uber Technologies, Inc. policies.

      To be clear, neither Mr. Stanley nor any member of the PSC has violated the Protective Order. To our knowledge, no confidential material produced in this MDL has been disclosed outside this litigation, nor has any information designated under the Protective Order been shared with persons not bound by its terms.

      As you know, the Protective Order does not impose blanket protection over all discovery but rather narrowly protects specific categories of information as defined in Paragraph 2.3. Uber's assertion that the mere reference to the names of Uber's internal policies constitutes a breach lacks merit and stretches the Order beyond its intended scope. Courts have consistently held that attorneys may use general knowledge and experience gained in one matter in subsequent litigation, provided that confidential materials themselves are not disclosed. *See, e.g., In re Dual-Deck Video Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993)(finding no violation of protective order when using knowledge of confidential information in a subsequent matter against the same party: "lawyers cannot achieve total amnesia", those "who learn from and use their experience obtained in discovery under such an order would have to change fields, and never do [] work again, lest they 'use' what they learned in a prior case 'in any way whatsoever' in any 'other action.' For the protective order to comply with common sense, a reasonable reading must connect

its prohibitions to its purpose []."); *see also Streck, Inc. v. Rsch. & Diagnostic Sys., Inc.*, 250 F.R.D. 426, 435 (D. Neb. 2008) (finding no violation of order because a "general reference to protected documents [in subsequent] proceedings [was] insufficient"); *Hu-Friedy Mfg. Co. v. Gen. Elec. Co.*, 1999 WL 528545, at *3 (N.D. Ill. July 19, 1999) (declining to interpret order "barring future use of confidential information that is independently relevant and discoverable in a subsequent action into a restriction on an attorney's right to practice law").

      We categorically reject any suggestion that protected materials have been improperly used to support other litigation, nor that the PSC sought discovery in this matter simply so that Mr. Stanley could seek such discovery in other matters, as Uber erroneously suggests. That said, we do not intend to detail or disclose the full scope of steps the PSC has taken—or will take—internally to ensure continued compliance with the Protective Order. Such internal measures are part of the PSC's deliberative processes and are not subject to disclosure to Uber or its counsel. However, the PSC remains fully committed to adhering to all obligations under the Order and takes any allegation of noncompliance seriously.

      Should you wish to further discuss this matter, we are available to meet and confer at a mutually convenient time.

                                    Sincerely,

                                      Roopal P. Luhana

cc:    Sarah London, Esq.
        Rachel Abrams, Esq.
        PSC members