LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (admitted Pro Hac Vice)
allison.brown@kirkland.com
JESSICA DAVIDSON (admitted Pro Hac Vice)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[Additional Counsel Listed on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC's UNOPPOSED ADMINISTRATIVE MOTION TO SHORTEN BRIEFING SCHEDULE ON MOTION TO ENFORCE PROTECTIVE ORDER**<br><br>Judge:      Honorable Charles R. Breyer<br>Courtroom: 6 - 17th Floor |

# INTRODUCTION

Pursuant to Civil Local Rule 6-3, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants") hereby submit this administrative motion to shorten time for briefing on their Motion to Enforce Protective Order ("Motion"). The interested parties conferred and agreed that a reasonable briefing schedule for the Motion being filed July 18, 2025 is: (a) Response from Mr. Stanley and/or the PSC by July 25, 2025; and (b) Defendants' reply by July 29, 2025. *See generally*, Exhibit A, Declaration of Veronica Hayes Gromada ("Gromada Dec."), ¶2. Therefore, the relief sought herein relating to the proposed briefing schedule of the Motion is unopposed.

This relief is necessary to stop ongoing harm.

# ARGUMENT

*Reasons for the requested shortening of time*. Defendants filed a Motion to Enforce Protective Order to stop ongoing violations of the Protective Order by Plaintiffs' Steering Committee ("PSC") member Bret Stanley. *See generally*, Exhibit A, Gromada Dec. Mr. Stanley created a spreadsheet detailing 587 of Defendants' internal policy related resources and identifying the repository location (or internal company "homepage") in which each resource is stored (the "October 2024 Spreadsheet"). Ex. A, Gromada Dec., ¶¶4-5.

Mr. Stanley admittedly identified this information by reviewing the content of Confidential and Highly Confidential/Attorneys' Eyes Only ("AEO") documents produced in the MDL. Ex. A, Gromada Dec., ¶¶6-8. Mr. Stanley is now using the October 2024 Spreadsheet to propound abusive discovery in other cases unrelated to the MDL or JCCP (for example single-plaintiff motor vehicle accident cases) brought against Defendants. Ex. A, Gromada Dec., ¶¶9-13. Mr. Stanley has also violated the Protective Order by disclosing the October 2024 Spreadsheet (and the confidential material that sheet contains) to other plaintiffs' counsel who are not counsel of record in the MDL or JCCP and who are prosecuting unrelated non-MDL and non-JCCP cases against Defendants. Ex. A, Gromada Dec., ¶¶9-13, 18-19.

The Parties conferred in an attempt to resolve this dispute on June 30, 2025. Ex. A, Gromada Dec., ¶14. In an effort to avoid immediate motion practice despite an apparent impasse, on July 8,

2025, Defendants proposed an "agreement to disagree" through which Mr. Stanley would "confirm that the only cases in which the names of [Defendants'] policies identified in the MDL have been used [by Mr. Stanley] are the *Smith* and *Lord* cases identified in our letter" and "agree that before using the names of [Defendants'] policies or other information from confidential documents identified in the MDL in any other case, [Mr. Stanley] will seek either [Defendants'] permission or permission from the MDL Court." Ex. A, Gromada Dec., ¶15.

On July 11, 2025, Mr. Stanley rejected Defendants' proposal. Ex. A, Gromada Dec., ¶16. However, Mr. Stanley also "confirm[ed] that the only matters I have made requests for production of KB Policies / Articles specifically by name are the Smith and Lord matters." *Id*.

That same day, Defendants learned that Mr. Stanley's co-counsel in a case unrelated to the MDL or JCCP, *Lord v. Uber Technologies, Inc. et al*, filed on the public docket a discovery request that attaches a 22-page spreadsheet listing by name 891 of Defendants' internal company policy related resources, 473 of which were identified by Mr. Stanley in Confidential and Highly Confidential/AEO MDL documents. Ex. A, Gromada Dec., ¶17. Defendants also learned that another attorney with the law firm of Mr. Stanley's *Lord* co-counsel had previously issued a nearly identical discovery request in yet another case, *Casey Jones v. Uber Technologies, Inc. et al.*, thus reflecting disclosure to yet another third party of confidential information covered by the Protective Order. Ex. A, Gromada Dec., ¶18.

In addition, on July 11, 2025, the same day Mr. Stanley confirmed "that the only matters I have made requests for production of KB Policies / Articles specifically by name are the Smith and Lord matters," counsel in *yet another case* against Defendants, *Soto v. Uber Technologies, Inc. et al.*, propounded a request for production nearly identical to the *Lord* and *Jones* requests. Ex. A, Gromada Dec., ¶¶16, 19. Thus, Mr. Stanley's October 2024 Spreadsheet is apparently "making the rounds" and being further disseminated among other plaintiffs' counsel who are not permitted to have this information in cases unrelated to the MDL or JCCP. Ex. A, Gromada Dec., ¶19. An expedited ruling on the underlying dispute is therefore required to prevent further dissemination of the information at issue and related harm to Defendants. Ex. A, Gromada Dec., ¶20.

*Meet and confer efforts to obtain a stipulation.* On July 17, 2025, Defendants emailed Plaintiffs' Steering Committee ("PSC") member, Bret Stanley, and other members of the PSC, including the co-leads, requesting a conferral regarding a proposed shortened briefing schedule on Defendants' Motion to Enforce. Ex. A, Gromada Dec., ¶2. A conferral by video conference occurred on July 18, 2025. Ex. A, Gromada Dec., ¶2. Mr. Stanley appeared on the conferral and represented that he had previously conferred with the PSC and that the PSC had authorized him to request 7 days to respond to the Motion to Enforce on the PSC's behalf. Ex. A, Gromada Dec., ¶2. Mr. Stanley also requested that any response to the Motion to Enforce that he may submit also be submitted within 7 days. Ex. A, Gromada Dec., ¶2. The parties also agreed that Defendants' reply would be due four days thereafter. Ex. A, Gromada Dec., ¶2. Having reached agreement, immediately following the conferral, Defendants sent an email to Mr. Stanley and the PSC confirming the Parties' agreement to the proposed briefing schedule: (a) Motion to Enforce to be filed July 18, 2025; (b) response from Mr. Stanley and/or the PSC by July 25, 2025; (c) Defendants' reply due July 29, 2025. Ex. A, Gromada Dec., ¶2. Mr. Stanley responded to Defendants' email confirming the same. Ex. A, Gromada Dec., ¶2.

*Substantial harm or prejudice without modification.* As explained above, an immediate ruling on the underlying dispute is necessary to prevent further dissemination and use of confidential information in violation of the Protective Order. Notably, Mr. Stanley and other plaintiffs' counsel using the confidential information to issue discovery requests have defended their conduct, in part, on the grounds that the MDL court has not yet ruled on the issue. Ex. A, Gromada Dec., ¶20.

Identification of Defendants' internal company policy related resources, and the homepages into which these resources are organized, effectively creates a roadmap of Defendants' information infrastructure. Ex. A, Gromada Dec., ¶21. The organization of these resources into homepages reveals the way each resource is used within the business, including what resources are available to what personnel. *Id*. Defendants developed their information infrastructure over a long period of time at significant cost. *Id*. Knowledge of these resources is even restricted within Defendants by roles and responsibilities within the business. *Id*. Thus, the continued use and disclosure of the confidential information is causing ongoing harm. The ongoing violations are also violating and undermining the

Protective Order.

*Nature of the underlying dispute and the parties' positions.* As explained above, Mr. Stanley is violating the Protective Order. The Protective Order defines "Protected Material" as material designated Confidential or Highly Confidential/AEO. ECF 176, ¶2.16. The Protective Order "cover[s] not only Protected Material" but also "any information copied or extracted from Protected Material," and "all copies, *excerpts, summaries, or compilations* of Protected Material," and any "conversations…by Parties or their Counsel that might reveal Protected Material." ECF 176, ¶3 (emphasis added). Mr. Stanley admitted that he created the October 2024 Spreadsheet from MDL documents designated as Confidential and Highly Confidential/AEO. Ex. A, Gromada Dec., ¶¶6-8. Therefore, Mr. Stanley is not permitted to use the October 2024 Spreadsheet to prosecute other cases or disclose it other than as allowed by the Protective Order.

Mr. Stanley and the PSC contend that the information on the October 2024 Spreadsheet is not confidential because policy names are not confidential. However, Mr. Stanley and the PSC confirmed during the conferral that they are not contending that any particular document was improperly designated as Confidential or Highly Confidential/AEO by Defendants.

*Previous time modifications.* The parties have agreed to depart from the ordinary timelines set out in the Local Rules as agreed or ordered by the Court. Ex. A, Gromada Dec., ¶23.

*Effect of the requested modification.* Expedited briefing on this issue would not impact any other deadlines in this case. Ex. A, Gromada Dec., ¶22.

DATED: July 18, 2025                     Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN HORN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON L.L.P**.
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC