LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
KIRKLAND & ELLIS LLP
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (admitted Pro Hac Vice)
allison.brown@kirkland.com
JESSICA DAVIDSON (admitted Pro Hac Vice)
jessica.davidson@kirkland.com
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF VERONICA HAYES GROMADA SUPPORTING DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED ADMINISTRATIVE MOTION TO SHORTEN TIME FOR PLAINTIFFS AND BRET STANLEY'S RESPONSE TO MOTION TO ENFORCE PROTECTIVE ORDER**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   6 - 17th Floor |

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING UNOPPOSED MOTION TO SHORTEN TIME
Case No. 3:23-MD-03084-CRB

I, Veronica Hayes Gromada, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon, L.L.P. I am a member in good standing of the Bars of Texas and the District of Columbia and am admitted to practice pro hac vice before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Defendants' Administrative Motion to Shorten Briefing Schedule on Motion to Enforce Protective Order ("Motion to Shorten" regarding the "Motion to Enforce").

2. On July 17, 2025, Defendants emailed Plaintiffs' Steering Committee ("PSC") member, Bret Stanley, and other members of the PSC, including the co-leads, requesting a conferral regarding a proposed shortened briefing schedule on Defendants' Motion to Enforce. A conferral by video conference occurred on July 18, 2025. Mr. Stanley appeared on the conferral and represented that he had previously conferred with the PSC and that the PSC had authorized him to request 7 days to respond to the Motion to Enforce on the PSC's behalf. Mr. Stanley also requested that any response to the Motion to Enforce that he may submit also be submitted within 7 days. The parties also agreed that Defendants' reply would be due four days thereafter. Having reached agreement, immediately following the conferral, Defendants sent an email to Mr. Stanley and the PSC confirming the Parties' agreement to the proposed briefing schedule: (a) Motion to Enforce to be filed July 18, 2025; (b) response from Mr. Stanley and/or the PSC by July 25, 2025; (c) Defendants' reply due July 29, 2025. Mr. Stanley responded to Defendants' email confirming the same. In light of the Parties' agreement, the relief related solely to the proposed briefing schedule sought by the Motion to Shorten is unopposed.

3. For transparency to the Court, the Motion to Shorten and supporting papers were not shared in advance with Mr. Stanley or the PSC. Therefore, the only component of the Motion to Shorten that is unopposed is the relief as to the proposed briefing schedule on the Motion to Enforce. Because this agreed upon abbreviated briefing schedule is a proposal for the Court's approval, Defendants have additionally set forth in their Motion to Shorten and in this Declaration, their bases

1   for seeking a shortened briefing schedule, to the extent the Court may require any additional
2   information in order to grant the relief sought in the Motion to Shorten.

3   4.  Mr. Stanley emailed myself and other recipients on October 9, 2024 demanding
4   production of internal policy related resources that he identified in Defendants' MDL production. Mr.
5   Stanley's email attached a spreadsheet (the "October 2024 Spreadsheet") listing Defendants' internal
6   policy related resources, organized in part by Knowledge Base Homepage.

7   5.  The October 2024 Spreadsheet lists 860 internal policy related resources. Of these, 587
8   resources are specifically identified by the Bates number of Confidential or Highly Confidential/AEO
9   MDL documents.

10  6.  Mr. Stanley's email explained that the October 2024 Spreadsheet was created largely
11  from MDL documents and explained: "[i]f the Policy on this spreadsheet was identified from
12  documents produced in the MDL, then you will find Beg Bates and Source information identifying
13  where the policy name was pulled from."

14  7.  All of the documents listed by MDL Bates number on the October 2024 Spreadsheet
15  are designated either Confidential or Highly Confidential/AEO.

16  8.  At the December 19, 2024 MDL discovery conference, Mr. Stanley again stated that
17  he created the October 2024 Spreadsheet by reviewing Defendants' Confidential and Highly
18  Confidential/AEO MDL production. Mr. Stanley again said that his October 2024 Spreadsheet listed
19  the MDL document in which he identified a policy related resource "by Bates label."

20  9.  Mr. Stanley recently appeared as additional counsel in two state court cases arising
21  from motor vehicle accidents in which Uber Technologies, Inc. is a defendant: *Smith v. Uber*
22  *Technologies, Inc., et al.* (Bexar County, Texas) and *Lord v. Uber Technologies, Inc., et al.* (Mercer
23  County, New Jersey) (the "*Smith*" and "*Lord*" cases, respectively).

24  10. On April 16, 2025, the plaintiff in *Lord* served a 12th Supplemental Notice to Produce
25  ("Notice to Produce"). The Notice to Produce contains 41 requests including for "the Documents
26  accessible via the hyperlinks shown in Appendix A." Appendix A lists 891 of Defendants' internal
27  policy related resources.

28

2
DECLARATION OF VERONICA HAYES GROMADA SUPPORTING UNOPPOSED MOTION TO SHORTEN TIME
Case No. 3:23-MD-03084-CRB

11. The 891 resources identified on Appendix A to the *Lord* Notice to Produce were compared to the 587 resources identified by MDL Bates number on the October 2024 Spreadsheet. That comparison revealed that 473 of the resources listed on Appendix A to the *Lord* Notice to Produce were identified by MDL Bates number on the October 2024 Spreadsheet (which, according to Mr. Stanley, means he identified them in Confidential and Highly Confidential/AEO MDL documents).

12. On April 17, 2025, the plaintiff in *Smith*, through Mr. Stanley, served a Fifth Set of Requests for Production. The Fifth Set of Requests for Production contains an Exhibit A listing 180 policy related resources. The Fifth Set of Requests for Production seeks, *inter alia*, the prior two and subsequent two versions of the "Policies identified in Exhibit A…" Exhibit A to the Fifth Set of Requests for Production in *Smith* is a spreadsheet listing 180 policy related resources.

13. The 180 resources identified on Exhibit A to the Fifth Set of Requests for Production in *Smith* were compared to the 587 documents identified by MDL Bates number on the October 2024 Spreadsheet. That comparison revealed that 19 of the resources listed on Exhibit A to the Fifth Set of Requests for Production in *Smith* were identified by MDL Bates number on the October 2024 Spreadsheet (which, according to Mr. Stanley, means he identified them in Confidential and Highly Confidential/AEO MDL documents).

14. Defendants demanded that Mr. Stanley cease his violations of the Protective Order. Mr. Stanley and the PSC responded separately denying any violation. The parties conferred in an attempt to resolve this dispute on June 30, 2025. During that conferral, Mr. Stanley stated that the names of Defendants' policies are not confidential and it "promotes efficiency" for him to use policy names identified in the MDL in other litigation. Mr. Stanley and the PSC representative were asked (twice) whether it was their position that the content on the face of one Confidential MDL document identified as a source on the October 2024 Spreadsheet, UBER_JCCP_MDL_000250806, was not confidential. They refused to answer saying they did not believe it would be productive to review specific documents. Mr. Stanley and the PSC confirmed that they are not contending that any particular document was improperly designated as Confidential or Highly Confidential/AEO by Defendants.

15. While Defendants vehemently disagreed with Mr. Stanley and the PSC's position, it

1  proposed an "agreement to disagree" whereby: (a) Mr. Stanley and the PSC "confirm that the only
2  cases in which the names of [Defendants'] policies identified in the MDL have been used are the *Smith*
3  and *Lord* cases identified in our letter;" and (b) "agree that before using the names of [Defendants']
4  policies or other information from confidential documents identified in the MDL in any other case,
5  [Plaintiffs] will seek either [Defendants'] permission or permission from the MDL Court."

6      16.    Mr. Stanley and the PSC rejected this compromise proposal on July 11, 2025. Notably,
7  Mr. Stanley's response states, "I confirm that the only matters I have made requests for production of
8  KB Policies / Articles specifically by name are the *Smith* and *Lord* matters."

9      17.    Shortly after receiving Mr. Stanley's July 11, 2025 email, the undersigned learned that
10  Mr. Stanley's co-counsel in *Lord*, Bruce Stern of Stark and Stark, publicly filed the list of policy
11  related resources and refused to remove it.

12      18.    I also learned that another attorney with Stark and Stark, the law firm of Mr. Stanley's
13  co-counsel in *Lord*, served a request to produce in another New Jersey Matter, *Casey Jones v. Uber*
14  *Technologies, Inc. et al.*, on or about April 4, 2025. The request to produce in *Jones* is nearly identical
15  to the Notice to Produce that would be served by Mr. Stanley's co-counsel in *Lord*, Mr. Stern, twelve
16  days later. As in *Lord*, the *Jones* request to produce also contains an Exhibit A listing Defendants'
17  internal resources Mr. Stanley admittedly identified in Confidential and Highly Confidential/AEO
18  MDL documents.

19      19.    It also appears that information from Mr. Stanley's October 2024 Spreadsheet has been
20  further disseminated among plaintiffs' counsel prosecuting cases against Defendants. Specifically, on
21  July 11, 2025, counsel in another case against Defendants in Hudson County, New Jersey, *Soto v.*
22  *Uber Technologies, Inc. et al.*, served a nearly identical Notice to Produce which includes the same
23  Exhibit A as was attached to the *Lord* and *Jones* Notices to Produce but with certain information
24  related to sexual assault and sexual misconduct redacted. Thus, Mr. Stanley's October 2024
25  Spreadsheet is apparently being disseminated among other plaintiffs' counsel in other unrelated cases
26  against Defendants.

27      20.    An expedited ruling on Defendants' Motion to Enforce Protective Order is required to

28

prevent further dissemination of the information at issue and related harm to Defendants. Mr. Stanley and other plaintiffs' counsel using the contested information to issue discovery requests have defended their conduct, in part, on the grounds that the MDL court has not yet ruled on the issue despite their knowledge of the protective order.

21. Identification of Defendants' internal policy related resources, and the homepages into which these resources are organized, effectively creates a roadmap of Defendants' information infrastructure. The organization of these resources into homepages reveals the way each resource is used within the business, including what resources are available to what personnel. Defendants developed their information infrastructure over a long period of time at significant cost. Knowledge of these resources is even restricted within Defendants by roles and responsibilities within the business.

22. Expedited briefing on this issue would not impact any other deadlines in this case.

23. To the best of my knowledge, the only previous time modifications in this case, whether by stipulation or Court order are:

 a. On December 14, 2023, the Court granted the stipulation to extend the deadline for filing the joint submission required by Pretrial Order No 4. to December 21, 2023;

 b. On December 14, 2023, the Court granted the stipulation to extend the deadline for filing the joint proposed conference agenda to January 15, 2023;

 c. On January 11, 2024, the Court granted the stipulation to extend the deadline for filing joint or competing fact sheets and supporting statements to January 24, 2024;

 d. On January 17, 2024, the Court granted the stipulation to extend time for Defendants to file its response to the administrative motion to consider whether another party's material should be sealed to January 23, 2024;

 e. On January 24, 2024, the Court granted the stipulation extending the time in which to submit proposed privilege log orders and proposed fact sheets to January 31, 2024;

 f. On February 5, 2024, the Court granted the stipulation extending time to submit a joint or competing ESI protocol to February 12, 2024;

g. On February 13, 2024, the Court advanced Defendants' time to respond to Plaintiffs' motion to shorten time for Defendants' response to the motion to enforce PTO 5 to February 14, 2024;

h. On February 23, 2024, the Court granted the stipulation to extend time to submit joint or competing deposition and expert discovery protocols to February 27, 2024;

i. On February 27, 2024, the Court granted the stipulation to extend the deadline for Defendants' Rule 26 initial disclosures to March 7, 2024;

j. On March 1, 2024, the Court granted in part a Stipulation and Order extending the time for proposals regarding Short Form Complaints to March 5, 2024;

k. On March 22, 2024, the Court granted Defendants' Unopposed Motion to Extend the Deadline for Compliance with the Court's March 15 Order to April 2, 2024;

l. On July 26, 2024 the Court granted the stipulation to extend the deadline for Non-Party Lyft to object to the Magistrate Judge's order regarding third-party subpoena disputes to August 16, 2024;

m. On August 22, 2024, the Court granted the Stipulation extending the time for Plaintiff Fact Sheets in connection with the Court of Appeal's JCCP forum non conveniens opinion for Plaintiffs represented by Williams Hart & Boundas, LLP to November 1, 2024, and for Defendant Fact Sheets to January 17, 2025;

n. On October 23, 2024, the Court issued an order extending the time for a joint letter regarding first sample of disputed privilege log entries to October 30, 2024;

o. On November 8, 2024 the Court granted the stipulation to extend certain Fact Sheet deadlines for Plaintiffs represented by Levin Simes LLP;

p. On November 8, 2024 the Court granted the stipulation to extend certain Fact Sheet deadlines for Plaintiffs represented by Cutter Law P.C.;

q. On December 12, 2024, the Court granted Defendants' Administrative Motion for an extension of time to provide custodial records and privilege logs to December 14, 2024;

r. On January 27, 2025, the Court granted the stipulation to extend the time period for a joint

1     letter brief regarding TAR dispute to January 28, 2025;

2   s. On January 28, 2025, the Court granted the Stipulation and Modified Order extending the time for Third-Party Plaintiffs to respond to Third-Party Defendants' motion to compel arbitration and stay the case to March 14, 2025, and for Third-Party Defendants' Reply in support of the motion to compel arbitration to March 21, 2025;

  t. On January 29, 2025, the Court granted the stipulation extending the time for a joint letter regarding hyperlinks to January 31, 2025;

  u. On February 9, 2025, the Court granted the stipulation to vacate certain deadlines related to privileged disputes for Tranche 4 custodians;

  v. On February 18, 2025, the Court granted the stipulation extending the deadline set by Pretrial Order 21 for the parties to submit bellwether selections to February 21, 2025;

  w. On February 28, 2025 the Court granted a stipulation regarding the briefing schedule for Motion for Protective Order or to Quash which modified the briefing schedule provided by the Court's January 14, 2025 Order;

  x. On March 7, 2025, the Court granted a stipulation extending the time for certain plaintiffs to provide a Plaintiff Fact Sheet;

  y. On March 14, 2025, the Court advanced Defendants' deadline for their reply supporting Motion for Protective Order;

  z. On March 17, 2025, the Court granted a stipulation extending the time for Defendants to respond to Third-Party Defendant's Motion to Compel Arbitration and Stay Case;

  aa. On March 27, 2025, the Court granted a stipulation extending the time for Defendants to respond to Third-Party Defendant's Motion to Dismiss and Motion for Protective Order;

  bb. On April 8, 2025, the Court granted Defendants' Administrative Motion for Relief and For Leave to File Responsive Statement Out of Time;

  cc. On April 9, 2025, the Court granted Defendants' Second Request for Administrative Relief from Service Deadline with respect to Cross-Claims;

  dd. On April 9, 2025, the Court granted Defendants' Second Request for Administrative

Relief from Service Deadline with respect to Third Party Claims;

ee. On June 4, 2025, the Court granted Defendants' Third Request for Administrative Relief from Service Deadline with respect to Cross-Claims;

ff. On July 15, 2025, the Court granted a stipulation staying a certain Third Party Defendants time to file a responsive pleading;

gg. On July 17, 2025, the Court granted Defendants' Third Request for Administrative Relief from Service Deadline with respect to Third Party Claims;

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 18th day of July, 2025 in Houston, Texas.

/s/ *Veronica Hayes Gromada*
Veronica Hayes Gromada