# EXHIBIT 3

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

IN RE: MARRIOTT                    *
INTERNATIONAL CUSTOMER
DATA SECURITY BREACH               *
LITIGATION
                                   *
                                        **MDL No.: 19-md-2879**
THIS DOCUMENT RELATES TO           *
ALL ACTIONS                             **JUDGE GRIMM**
                                   *

*   *   *   *   *   *   *   *        *   *   *   *   *   *   *   *

**CASE MANAGEMENT ORDER REGARDING MODEL LEADERSHIP**
**APPLICATIONS FOR THE CONSUMER TRACK**

On April 5, 2019, this Court conducted a pre-trial status conference that included

discussions regarding the selection of Co-Lead Counsel, a Steering Committee, and Liaison

Counsel on behalf of the different groups of litigants that have filed actions in this litigation.

From that conference, it appears that only the Consumer Track of this litigation will have

contested leadership applications.[1] The Court desires to appoint individuals (not firms) who have

the time and resources available to do the job but recognizes that some applicants may wish to

file as a slate or a group. To facilitate its decision, the Court asks those individuals interested in

filing for a leadership role to address the following questions in their submission in numbered

sections (e.g., "Section One") in the order and corresponding with the questions listed below:

1.      Please identify whether you are submitting this application as an individual or a

slate. If the application is submitted as a slate, describe your proposed leadership structure and

---

[1] As discussed at the April 5, 2019 Case Management Conference, counsel for the
plaintiffs in the two PSLRA cases are to jointly file a notice of the agreement reached as to
counsel leadership.  The agreed-upon lead counsel shall submit their application by April 19,
2019.

1

disclose any agreements you have reached with counsel in your slate or those supporting it. Please explain how you or your slate may bring a breadth of experience and diversity of background to this litigation.

Those applying as part of a slate should limit their application to 25 pages, double-spaced, with attachments of no more than 50 pages. An applicant applying as an individual should identify what role he or she is seeking and limit the application to 10 pages, double-spaced, with attachments of no more than 25 pages. Applicants filing as part of a slate are not permitted to file a separate individual application.

2.      For each person listed in Section One, describe his or her MDL/class action experience generally, and in data breach and privacy cases specifically.  For each attorney, list each court-appointed leadership position in any MDL or class action case in which he or she has previously been or is currently involved.  Please provide case citations and the names and contact information for judges or Special Masters who have overseen or are currently presiding over the attorney's cases.  For any MDL or class action in which an attorney is currently involved, please describe the current status of the litigation and how much of your time you expect to dedicate to that litigation in the next year.

3.      Please indicate how you plan to fund the case. This should include whether you anticipate using third party litigation funding and from whom.  If third party litigation funding is anticipated, please describe the amount of control the funder(s) will have over litigation strategy and settlement decisions.  Please detail whether you contemplate if individual lawyers not involved directly in the leadership will be asked to make contributions. If you prefer, you may submit your response to this question under seal or *ex parte*.

4.      Please disclose any agreements with other counsel in this case, whether regarding

funding, cost-sharing, or pooling clients for strategic reasons.

5.    Please describe what procedures you would use to monitor billing, control costs, and avoid the duplication of efforts of Plaintiffs' counsel, as well as procedures for assigning and monitoring work. Please describe how you would obtain input from non-lead law firms in this litigation, as well as how you will maintain case communications to those not in leadership. Please detail your history of working cooperatively with other counsel, including opposing counsel.

6.    Please address any additional factors outlined in Federal Rule of Civil Procedure 23(g) that are not already discussed above, including your ability to devote the time and resources needed to fulfill leadership duties.

Applications are due to the Court on April 19, 2019. While counsel may not submit oppositions to other applications, each individual applicant or slate of applicants may submit an optional 5-page, single-spaced, supplemental letter to their application providing non-repetitive additional information that explains why their application should be selected by April 26, 2019 at 12:00 p.m. EDT. The Court will conduct a hearing to discuss these applications on April 29, 2019 at 9:00 a.m. EDT.

**IT IS SO ORDERED.**

Date: _____

Paul W. Grimm
United States District Judge