ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com

*Attorneys for Levin Simes Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**UBER AND LEVIN SIMES PLAINTIFFS' JOINT STATEMENT** |

This Document Relates to:

*Jane Doe LS 293 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04364-CRB

*Jane Doe LS 231 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04367-CRB

*Jane Doe LS 144 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-04388-CRB

*Jane Doe LS 112 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05286-CRB

*Jane Doe LS 284 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05363-CRB

*Jane Doe LS 126 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05370-CRB

*Jane Doe LS 265 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05377-CRB

*Jane Doe LS 200 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05387-CRB

*Jane Doe LS 66 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05414-CRB

*Jane Doe LS 317 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05424-CRB

*Jane Doe LS 234 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05433-CRB

*Jane Doe LS 191 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05573-CRB

*Jane Doe LS 273 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05946-CRB

*Jane Doe LS 470 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05207-CRB

*Jane Doe LS 232 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05327-CRB

*Jane Doe LS 373 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05328-CRB

*Jane Doe LS 462 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05329-CRB

*Jane Doe LS 226 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05330-CRB

*Jane Doe LS 166 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05331-CRB

*Jane Doe LS 122 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05332-CRB

*Jane Doe LS 202 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05333-CRB

*Jane Doe LS 416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05335-CRB

*Jane Doe LS 305 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05338-CRB

*Jane Doe LS 201 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05354-CRB

*Jane Doe LS 189 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05379-CRB

*Jane Doe LS 272 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05390-CRB

*Jane Doe LS 199 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05402-CRB

*Jane Doe LS 279 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05420-CRB

*Jane Doe LS 139 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05527-CRB

*Jane Doe LS 487 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05611-CRB

*Jane Doe LS 141 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05634-CRB

*Jane Doe LS 423 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05676-CRB

*Jane Doe LS 491 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05678-CRB

*Jane Doe LS 441 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05751-CRB

*Jane Doe LS 518 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05761-CRB

*Jane Doe LS 319 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05800-CRB

*Jane Doe LS 484 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05824-CRB

*Jane Doe LS 4 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05861-CRB

*Jane Doe LS 368 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05898-CRB

*Jane Doe LS 274 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05902-CRB

*Jane Doe LS 359 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05908-CRB

*Jane Doe LS 342 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05913-CRB

*Jane Doe LS 304 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05914-CRB

| | |
|---|---|
| 1 | *Jane Doe LS 369 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05915-CRB |
| 2 | *Jane Doe LS 269 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05922-CRB |
| 3 | *Jane Doe LS 93 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05925-CRB |
| 4 | |
| 5 | *Jane Doe LS 7 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05926-CRB |
| 6 | *Jane Doe LS 504 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05928-CRB |
| 7 | *Jane Doe LS 180 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05936-CRB |
| 8 | *Jane Doe LS 119 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05937-CRB |
| 9 | |
| 10 | *Jane Doe LS 197 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06003-CRB |
| 11 | *Jane Doe LS 314 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06016-CRB |
| 12 | *Jane Doe LS 188 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06022-CRB |
| 13 | *Jane Doe LS 230 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06026-CRB |
| 14 | |
| 15 | *Jane Doe LS 209 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06033-CRB |
| 16 | *Jane Doe LS 532 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06927-CRB |
| 17 | *Jane Doe LS 534 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07142-CRB |
| 18 | |

19  On July 7, 2025, this Court ordered Defendants Uber Technologies, Inc., Rasier, LLC, and
20 Rasier-CA, LLC (collectively, "Defendants") and certain Plaintiffs represented by Levin Simes LLP
21 ("the LS Plaintiffs") to meet and confer regarding the status of Levin Simes cases involving
22 incarcerated or deceased Plaintiffs and submit a joint statement within 21 days detailing the process
23 for obtaining these Plaintiff Fact Sheets as well as any remaining disputes.  ECF No. 3430.
24  On Thursday, July 17, 2025, attorneys for Defendants and the LS Plaintiffs held a meet and
25 confer regarding these issues.  They followed up with additional discussions regarding these issues
26 via email on July 23.  The parties were not able to reach an agreement on the process for obtaining
27 Plaintiff Fact Sheets for Levin Simes cases involving incarcerated or deceased Plaintiffs.  After
28

meeting and conferring, the parties' positions are as follows:

**Incarcerated Plaintiffs:**

      **Defendants' Position:**

If incarcerated Plaintiffs intend to pursue their claims, they are obliged – like all Plaintiffs, bellwether and non-bellwether alike – to satisfy the PFS disclosure requirements ordered by this Court.

The fact that a plaintiff is incarcerated "does not excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil procedure." *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001). On March 26, the Court issued a final order compelling Plaintiffs to submit their PFS within 14 days of the Court's order or have their cases dismissed without prejudice. ECF No. 2628 at 5. The incarcerated LS Plaintiffs do not dispute that they have failed to submit a timely PFS. Instead, Plaintiffs' counsel assert that they should be permitted to file "partial fact sheets" that provide only as much information as they have now.

"Partial" fact sheets fail to satisfy the Court's order that "each Plaintiff must submit a completed PFS, and executed Authorizations, through MDL Centrality." ECF No. 348. Moreover, they prejudice Defendants. Indeed, Plaintiffs' submission of "partial fact sheets" fail to fulfill their essential purpose of "giv[ing] each defendant the specific information necessary to defend the case against it." *In re Phenylpropanolamine (PPA) Prods. Liability Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006). Further, by not submitting their fact sheets, Plaintiffs effectively remove themselves from eligibility for consideration as a future bellwether, directly limiting Uber's available options and undermining the bellwether process. Pretrial Order No. 21 ("PTO 21") at 2, ECF No. 1950 (a Plaintiff must have submitted a PFS to be eligible for inclusion in the bellwether pool).

Plaintiffs also assert that being required to submit complete PFS by a date certain would force them to fly to various jails/prisons around the country, which would be unworkable. That is nonsense. Communications with Plaintiffs – even incarcerated Plaintiffs – can take place in many different ways (e.g., FedEx, U.S. Mail, telephone, etc.). Given the Plaintiffs' counsel's representation that there are only five incarcerated Plaintiffs, they could fulfill their PFS obligations

in short order.  Lastly, although Defendants appreciate that Plaintiffs' counsel – like Defendants and their counsel —are preparing for trial, that does not excuse Plaintiffs (any more than it excuses Defendants) from satisfying their discovery obligations.  Like any other counsel, Plaintiffs' counsel must assign appropriate resources and supervise cases to comply with this court's orders.  *See, e.g., Holley v. Gilead Sciences, Inc.*, No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24 ("It is just a fact in cases like that are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess.")

The incarcerated Plaintiffs' fact sheets were originally due between 10 and 14 months ago. Defendants initially provided each Plaintiff with a 2-to-4-month extension. Thereafter, both the Magistrate and this Court each provided the incarcerated Plaintiffs additional time to satisfy their obligations as well. Yet, they still have not complied. Nonetheless, Defendants are willing to give the incarcerated LS Plaintiffs a final extension of 30 days to file the Court-ordered PFS.  Like all plaintiffs, they must abide by the rules of discovery and this Court's orders or face dismissal of their claims.  *See White v. Gonzalez,* No. 21-cv-04221-CRB, 2024 WL 1659896, at *3 (N.D. Cal. April 16, 2024) (Breyer, J.).  Any incarnated Plaintiff that does not satisfy the PFS disclosure obligations within 30 days should be dismissed with prejudice.

**Plaintiffs' Position:**

There are currently five Plaintiffs who are subject to the Court's July 3, 2025 Order that we believe are incarcerated. Our proposal regarding these clients is to provide a partial fact sheet with the information that we currently have and that the case be stayed until these women are released from incarceration. We will stipulate that we will not propose these cases to be selected as bellwether. Further, we will be cooperative with any remand order that this Court issues.

Uber's position that we fly to various jails/prisons around the country in order to submit a Plaintiff Fact Sheet within 30 days is not practical or workable at this time, particularly when our firm is preparing for the first Uber sexual assault trial in the JCCP, which is set for September 8,

2025. Additionally, our firm is a co-lead in the Lyft JCCP, which has the first trial set for October 6, 2025. Further, the second Uber bellwether trial is set in November of 2025. Given that these cases are stayed, and that they will not be bellwether cases, there is no real urgency in getting the Plaintiff Fact Sheet completed. Given the incarceration status of these individuals, these cases will not be set for trial in the near future and would certainly not be representative in terms of a bellwether with respect to the greater pool of claims in this litigation.

**Deceased Plaintiffs:**

**Defendants' Position:**

Plaintiffs and Defendants appear to agree that these cases cannot proceed without a plaintiff and Plaintiffs' counsel must substitute the deceased Plaintiffs with new Plaintiffs if they intend to proceed with these claims.

Where a plaintiff dies, the proper course is for a motion for substitution to be filed within ninety days; otherwise, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25; *see also LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"). It is uncontested that Plaintiffs' counsel has not made substitutions here.

Plaintiffs argue that they "cannot agree to a dismissal without prejudice without the permission of a client." Plaintiffs' position is untenable, given that they have admitted they have no client – their former clients are deceased. Regardless, dismissals under Rules 25, 37, and 41 do not require agreement from a plaintiff or their counsel. They are imposed by courts under the operation of the rules themselves.

During the parties' meet and confer, Plaintiffs' counsel claimed that they are "looking into" substituting living plaintiffs, but Plaintiffs refused to commit to a deadline to make those substitutions. There must be a deadline for Plaintiffs' counsel to complete their substitutions. If substitutions for deceased Plaintiffs are not made within 30 days, those cases should be dismissed with prejudice because there is no Plaintiff in those cases where the Plaintiff is deceased. *Foster v. Carter*, No. 3:16-cv-02336-LB, 2016 WL 7852472, at *2 (N.D. Cal. Dec. 1, 2016).

**Plaintiffs' Position:**

1    There are three Plaintiffs who are subject to the Court's July 3, 2025 Order that are deceased. (See ECF No. 3430.) These deceased Plaintiffs pose a unique issue because at this time there is no client that our law firm currently represents, and there is no party before the Court. We agree that these cases cannot move forward without a Plaintiff, and in all likelihood should be dismissed given that the victim of the Uber sexual assault is deceased and it is unclear whether certain claims pertinent to each case would survive the death of the victim. However, at this time, we do not currently represent the heirs, as such we cannot agree to a dismissal with or without prejudice without the permission of a client.

This is not a simple process is simply substituting one individual for another. However, given that sexual assault is underreported, any potential heir to these Plaintiffs' claims likely do not know about the sexual assault at issue, and even if they did those individuals are currently unknown to us at this time.  We are also bound by confidentiality both in terms of our representation and the protective order. We never received instructions from any of these clients regarding who they would want to substitute into their case should they pass away. We will be cooperative in this process. However, Uber's proposal of 30 days is not workable or practically necessary, particularly in a context where there is no party before the Court and no chance that any of these cases will be chosen as a bellwether. As such, there is no immediate need for this process to be expedited in the manner that Uber suggests.

Dated: July 24, 2025

LEVIN SIMES LLP
By: *William A. Levin*
WILLIAM A. LEVIN

WILLIAM A. LEVIN (SBN 98592)
wlevin@levinsimes.com
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001

SHOOK, HARDY & BACON L.L.P.
By: *Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

| | |
|---|---|
| *Attorney for Levin Simes Plaintiffs* | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |