# EXHIBIT A

Bret Stanley (TX SBN 24075116)
bstanley@johnsonlawgroup.com
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB <br><br> **DECLARATION OF BRET STANLEY SUPPORTING BRET STANLEY'S RESPONSE TO MOTION TO ENFORCE PROTECTIVE ORDER** <br><br> Judge: Honorable Charles R. Breyer <br> Courtroom: 6 – 17th Floor |
| This Document Relates to: <br><br> All Cases | |

1   I, Bret Stanley, declare:

2   1.  I am a Senior Counsel at the law firm of Johnson Law Group, LLP. I am a named member of the Plaintiffs' Steering Committee of MDL 3084, IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION. I am a member in good standing of the Bar of the State of Texas am admitted to practice before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Bret Stanley's Response to Defendants' Motion To Enforce Protective Order.

Exhibit 1 – *Lord vs. Uber Technologies, Inc.*, Defendant Uber Technologies, Inc.'s Responses to Plaintiff's Supplemental Notice to Produce, September 16, 2024.

2.  Exhibit 1 is a true and correct copy of Defendant Uber Technologies, Inc.'s Response to Plaintiff's Supplemental Notice to Produce Documents in the *Lord* matter served by the Uber Defendants on September 16, 2024.

Exhibit 2, Uber Defendants' December 10, 2024 Responses to Plaintiff Lord's Notice to Produce.

3.  Exhibit 2 is a true and correct copy of Defendant Uber Technologies, Inc.'s Response to Plaintiff's Supplemental Notice to Produce Documents in the *Lord* matter served by the Uber Defendants on December 10, 2024.

Exhibit 3, Uber Defendants' June 16, 2025 Responses to Plaintiff Lord's 12th Notice to Produce.

4.  Exhibit 3 is a true and correct copy of Defendant Uber Technologies, Inc.'s Response to Plaintiff's 12th Supplemental Notice to Produce Documents in the *Lord* matter served by the Uber Defendants on June 16, 2025.

Exhibit 4, July 9, 2025 Hearing Transcript Related to Plaintiff's Motion to Compel Production of Plaintiff's 12th Notice to Produce Documents to Uber Defendants, *Lord vs Uber*.

5.  Exhibit 4 is a true and correct copy of the July 9, 2025 Hearing transcript in *Lord vs Uber*

*Technologies, Inc. et al,* related to Plaintiff's Motion to Compel Production of Plaintiff's 12th Notice to Produce Documents to Uber Defendants.

<u>Exhibit 5, Uber Defendants Motion for Protective Order from Plaintiff Smith's Request for Production and Deposition Requests (June 2, 2025)</u>

6. <u>Exhibit 5</u> is a true and correct copy of Uber Technologies, Inc.'s Motion for Protective Order From Plaintiff Smith's 5th Request for Production served by the Uber Defendants in the *Ivan Smith* matter on June 2, 2025.

<u>STATEMENTS OF BRET STANLEY EXPERIENCE</u>

7. I have litigated various claims against Uber since 2019. Between 2019-2023, I tried individual arbitrations through final arbitration hearing on behalf of ten (10) different Uber Drivers, including the *DaSilva* matter where a California arbitrator found employee status for Mr. DaSilva, a long-standing driver for Uber.

8. In 2024, I tried the *Ali Razak, et al. vs. Uber Technologies, Inc. et al.* before Judge Baylson in the Eastern District of Pennsylvania. On information and belief, *Razak* was first ever jury trial against Uber concerning the employee status of Uber Drivers. The *Razak* matter was tried to a hung jury.

9. In 2023, I presented Oral Argument before the United States Judicial Panel on Multidistrict Litigation to petition the JPML to create MDL NO. 3084, *In Re Uber Technologies Inc., Passenger Sexual Assault Litigation.*

10. Since 2019, I have filed or made appearances in many additional cases outside of MDL 3084 against the Uber Defendants concerning car jackings, murders, and physical assault on the Uber Platform, sexual assault on the Uber platform, and traumatic injuries related to Uber Platform motor vehicle collisions.

11. In my experience in litigating matters against the Uber Defendants since 2019, the Uber Defendants have refused to produce internal documents, obstructed the discovery process, sought to overturn consolidation efforts, or otherwise required court intervention to compel discoverable information in every single case that I have litigated.

12. On May 17, 2025, I supplied Ms. Veronica Gromada and other Counsel for the Uber

Defendants a list of names of Knowledge Base Policies. The list was provided to the Uber Defendants in spreadsheet form and was used to assist in discovery of relevant information and documents from the Uber Defendants. The May 17, 2025 email to Counsel for the Uber Defendants informed Counsel that the list was created based on personal knowledge gained from litigating matters against the Uber Defendants over the course of many years.

13. The Uber Defendants have never claimed any breach of any Protective Order to Mr. Stanley or MDL Plaintiffs' Leadership based on the list of Knowledge Base Policies provided to Uber in May of 2024.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this the 25th day of July, 2025 in Houston, Texas.

_____
Bret Stanley