# EXHIBIT 1

Erica S. Mekles, Esq.
New Jersey Bar No. (000662010)
John W. Meyer, Esq.
New Jersey Bar No. (334332021)
**BOWMAN AND BROOKE LLP**
317 George Street, Suite 320
New Brunswick, NJ 08901
erica.mekles@bowmanandbrooke.com
john.meyer@bowmanandbrooke.com
Tel.: (201) 577-5196
Fax: (804) 649-1762

*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier LLC*

| | |
|---|---|
| CHAYA LORD and BRANDON LORD,<br><br>               Plaintiff,<br>    vs.<br><br>UBER TECHNOLOGIES, INC, RASIER, LLC, JUAN R. ESCOBAR, JOHN DOES 1-10 (fictitious designations), and ABC COMPANIES 1-10 (fictitious designations),<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - MERCER COUNTY<br><br>DOCKET NO. MER-L-360-24<br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'s RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE** |

**PLEASE TAKE NOTICE** that Defendant, UBER TECHNOLOGIES, INC. (hereinafter "Responding Defendant") by and through its attorneys BOWMAN & BROOKE LLP, as and for its Response to the Plaintiff's Supplemental Notice to Produce provided August 22, 2024 is as follows, and upon information and belief:

## <u>GENERAL RESPONSE AND OBJECTIONS</u>

1.      In responding to the document production requests, Responding Defendant does not concede the relevancy, materiality or admissibility of any of the information or documents sought therein. These responses are made subject to, and without waiving, any objections as to relevancy, materiality, or admissibility.

2.      Responding Defendant objects to the extent that the document production requests are overly broad, unduly burdensome, vague, and ambiguous.

3.      Responding Defendant objects to the extent that the document production requests seek material that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

4.      Responding Defendant objects to the extent the document production requests attempt to discover information protected by the attorney-client privilege or work product doctrine.

5.      Responding Defendant objects to the extent the document production requests seek information and materials that are not within the possession, custody, or control of Responding Defendant and/or that are publicly available. Responding Defendant will not endeavor to provide information that can be otherwise gathered by the other parties with equal or less effort.

6.      Responding Defendant objects to the extent the document production requests require the disclosure of the personal information (such as home address and telephone number) of Responding Defendant's employees. All such individuals may only be contacted through undersigned counsel.

7.      The information supplied in response to the document production requests is not based solely upon the personal knowledge of the individual signing such responses. The word usage and sentence structure of such responses, moreover, is not necessarily that of the executing individual.

8.      Discovery has also not been completed on many of the subjects inquired about so that full and complete answers cannot be given at this time. Although Responding Defendant has attempted to provide full and complete answers, this was not always possible due to the overly broad questions and expansive nature of some of the requests. Responding Defendant hereby reserves its right to supplement these responses as its investigation into these matters continues.

This General Response and these Objections are specifically incorporated into each of the individual responses that follow. Subject to and without waiving any objection, Responding Defendant states:

## DEFENDANT UBER TECHNOLOGIES, INC.'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE

1.      Copies of all non-privileged documents with regard to the matter of <u>New Jersey Department of Labor v. Uber Technologies, Inc.</u>, bearing agency docket number DOL-20-015.

**ANSWER: Responding Defendant objects to the extent this Request assumes facts not in evidence. Responding Defendant further objects to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible**

evidence. Additionally, documents related to "the matter of <u>New Jersey Department of Labor v. Uber Technologies, Inc.</u>, bearing agency docket number DOL-20-015" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.

Responding Defendant also objects to this request on the grounds that the information sought with respect to "all non-privileged documents with regard to the matter of <u>New Jersey Department of Labor v. Uber Technologies, Inc.</u>, bearing agency docket number DOL-20-015" would impose a burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendant further objects to this Request to the extent is covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendant further objects to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See <u>Berrie v. Berrie</u>, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); <u>DeMasi v. Weiss</u>, 669 F.2d 114, 119-20 (3d Cir. 1983); <u>see also</u> <u>R.</u> 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendant maintains that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. <u>Brady v. Bd. of Rev.</u>, 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Subject to, and without waiving the foregoing, <u>see</u> the Settlement Orders annexed hereto Bates Stamped UBER_0000281-86.

3

2.      With regard to the above action filed by the New Jersey Department of Labor, copies of all documents submitted to the Office of Administrative Law.

**ANSWER:      Responding Defendant objects to the extent this Request assumes facts not in evidence. Responding Defendant further objects to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "the matter of New Jersey Department of Labor v. Uber Technologies, Inc., bearing agency docket number DOL-20-015" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.**

**Responding Defendant also objects to this request on the grounds that the information sought with respect to "all non-privileged documents with regard to the matter of New Jersey Department of Labor v. Uber Technologies, Inc., bearing agency docket number DOL-20-015" would impose a burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendant further objects to this Request to the extent is covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.**

**Responding Defendant further objects to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendant maintains that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort**

4

**liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's.").**

3.    Copy of Uber Technology, Inc's and  Raiser, LLC's policies with regard to hiring/approving

drivers to drives to drive for Uber who have prior motor vehicle violations and/or convictions.

**ANSWER: Responding Defendant objects to the terms "hiring" and "drive for Uber" to the extent those terms are misleading and mischaracterize the nature of Uber's business and Uber's relationship to independent drivers and riders that utilize its proprietary technology and applications and/or falsely suggests the existence of an employment relationship between Uber and independent drivers. Uber is a transportation network company (TNC) within the meaning of New Jersey law. Uber does not employ or "hire" drivers. Instead, Uber licenses the driver version of the Uber Application (Driver App) to independent transportation providers in business for themselves. Riders download the rider version of the Uber Application (Rider App) and independent drivers download the Driver App; together the Apps allow users to access the platform that facilitates the connection of individuals in need of transportation with independent drivers willing to provide transportation services. Subject to and without waiving these objections, Responding Defendant directs Plaintiff to N.J.S.A. 39:5H-20(b) which dictates moving violates which if satisfied results in prohibition "from utilizing the transportation network company's digital network as a transportation network company driver or from providing a prearranged ride as a transportation network company driver . . . ."**

Dated: September 16, 2024

**BOWMAN AND BROOKE LLP**

By:  /s/ *John W. Meyer*
Erica S. Mekles, Esq.
New Jersey Bar No. (000662010)
John W. Meyer, Esq.
New Jersey Bar No. (334332021)
317 George Street, Suite 320
New Brunswick, NJ 08901
erica.mekles@bowmanandbrooke.com
john.meyer@bowmanandbrooke.com
Tel.: (201) 577-5196
Fax: (804) 649-1762

*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier, LLC*

6