# EXHIBIT 2

Erica S. Mekles, Esq.
New Jersey Bar No. (000662010)
John W. Meyer, Esq.
New Jersey Bar No. (334332021)
Edward O'Toole, Esq.
(*pro hac vice*)
**BOWMAN AND BROOKE LLP**
317 George Street, Suite 320
New Brunswick, NJ 08901
erica.mekles@bowmanandbrooke.com
john.meyer@bowmanandbrooke.com
edward.otoole@bowmanandbrooke.com
Tel.: (201) 577-5196
Fax: (804) 649-1762

*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier LLC*

| | |
|---|---|
| CHAYA LORD and BRANDON LORD,<br><br>                        Plaintiff,<br><br>      vs.<br><br>UBER TECHNOLOGIES, INC, RASIER, LLC, JUAN R. ESCOBAR, JOHN DOES 1-10 (fictitious designations), and ABC COMPANIES 1-10 (fictitious designations),<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - MERCER COUNTY<br><br>DOCKET NO. MER-L-360-24<br><br><br>**DEFENDANT UBER TECHNOLOGIES, INC.'s and RASIER, LLC'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICES TO PRODUCE** |

**PLEASE TAKE NOTICE** that Defendant, UBER TECHNOLOGIES, INC. and

RASIER, LLC (hereinafter "Responding Defendants") by and through its attorneys BOWMAN &

BROOKE LLP, as and for their Responses to the Plaintiff's Supplemental Notices to Produce

provided on September 26, 2024 ("Supplemental Notice to Produce #3), October 11, 2024

("Supplemental Notice to Produce #4), October 16, 2024 ("Supplemental Notice to Produce #5"),

and October 18, 2024 ("Supplemental Notice to Produce #6) state:

## <u>GENERAL RESPONSE AND OBJECTIONS</u>

1.      In responding to the document production requests, Responding Defendants do not concede the relevancy, materiality or admissibility of any of the information or documents sought therein. These responses are made subject to, and without waiving, any objections as to relevancy, materiality, or admissibility.

2.      Responding Defendants object to each and every request to the extent the request assumes facts not in evidence, renders legal conclusions, or otherwise assumes and asserts an agent, employment, or servant relationship between Responding Defendants and defendant Escobar. No such agent, servant, or employment relationship existed between Responding Defendants and any other party in this litigation.

3.      Responding Defendants object to the extent that the document production requests are overly broad, unduly burdensome, vague, and ambiguous.

4.      Responding Defendants object to the extent that the document production requests seek material that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence.

5.      Responding Defendants object to the extent the document production requests attempt to discover information protected by the attorney-client privilege or work product doctrine.

6.      Responding Defendants object to the extent the document production requests seek information and materials that are not within the possession, custody, or control of Responding Defendants and/or that are publicly available. Responding Defendants will not endeavor to provide information that can be otherwise gathered by the other parties with equal or less effort.

7.      Responding Defendants object to the extent the document production requests require the disclosure of the personal information (such as home address and telephone number) of Responding Defendants' employees. All such individuals may only be contacted through undersigned counsel.

8.      The information supplied in response to the document production requests is not based solely upon the personal knowledge of the individual signing such responses. The word usage and sentence structure of such responses, moreover, is not necessarily that of the executing individual.

9.      Responding Defendants object to each and every request that assumes facts not in evidence, renders legal conclusions, and otherwise concludes or assumes that "UberX" is a legal entity. "UberX" is not an party, entity, or individual that can provide responses to any request, create an agency relationship, or act in a corporate capacity.

10.    Responding Defendants object to any and all requests seeking documentation on "Uber drivers" to the extent these requests imply legal conclusions at issue in this litigation, assume facts not in evidence, and otherwise misconstrue or mislabel the relationship between independent drivers and Responding Defendants.

11.    Responding Defendants object to any and all requests seeking information, documentation, or testimony regarding out-of-state entities and individuals who have no bearing on the instant litigation.

12.    Discovery has also not been completed on many of the subjects inquired about so that full and complete answers cannot be given at this time. Although Responding Defendants have attempted to provide full and complete answers, this was not always possible due to the overly broad questions and expansive nature of some of the requests. Responding Defendants hereby reserves its right to supplement these responses as its investigation into these matters continues.

This General Response and these Objections are specifically incorporated into each of the individual responses that follow. Subject to and without waiving any objection, Responding Defendants state:

## DEFENDANT UBER TECHNOLOGIES, INC., AND RASIER, LLC'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE #3

1.    ** Rate Cards and Compensation Structures** Copies of all rate cards, rate structures, payment schedules, and any documents or communications indicating how compensation is determined for Uber drivers across all service categories, including but not limited to UberX, UberXL, UberBLACK, UberSUV, UberSELECT, UberLUX, UberEATS, and UberRUSH, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Moreover, Responding Defendants object to this request to the extent it seeks irrelevant information. There was no passenger in Escobar's vehicle at the time of the accident, Escobar was not in the middle of a trip, and therefore was not engaged in an activity that could generate payment from an independent rider to an independent driver like Escobar. Additionally, UberX, UberXL, UberBLACK, UberSUV, UberSELECT, UberLUX, Uber[] Eats, and UberRUSH have no bearing on the instant matter as none of these "service categories" were involved in this accident. Further objecting, Responding Defendants object to the phrase "Uber drivers" as assuming an agency, employment, or servant relationship**

**between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation. Subject to and without waiving these objections, Responding Defendants direct Plaintiff to N.J.S.A. 39:5H-7, and** https://www.uber.com/global/en/price-estimate/.

2. **Driver and Vehicle Requirements** All documents, manuals, or electronic records that detail the qualifications or requirements drivers and their vehicles must meet in order to register or remain active on the Uber platform for any Uber service brand, including UberX, UberBLACK, UberEATS, and UberRUSH, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Moreover, Responding Defendants object to this request to the extent it seeks irrelevant information. UberX, UberBLACK, Uber[] Eats, and UberRUSH have no bearing on the instant matter as none of these "service brand[s]" were involved in this accident. Subject to and without waiving these objections, Responding Defendants direct Plaintiff to N.J.S.A. 39:5H-22, et seq.**

3. **Control Over Driver Accounts** Copies of Uber's "Terms of Use" and any internal policies or communications that govern driver account requirements, including but not limited to: Maintenance of accurate driver information; Account suspension, termination, or other penalties for failure to comply with Uber's terms; Control of account access based on payment method validation or expiration.

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, and unduly burdensome. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents produced at Uber_000202-80.**

4. **Uber's Rights to Establish or Modify Charges** All documents, communications, policies, or procedures relating to Uber's right to establish, remove, or revise charges for services provided through the platform, including any changes to charges for both drivers and passengers, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Moreover, Responding Defendants object to this request to the extent it seeks irrelevant information. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents produced at Uber_000202-80.**

5. ** Driver-Platform Relationship and Communication** Any internal communications, policies, or procedures regarding Uber's level of control over the actions, conduct, and performance of drivers, including: Driver onboarding process; Training materials; Monitoring or evaluation of driver performance (e.g., driver ratings, trip cancellations, acceptance rates, etc.).

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and not reasonably bounded by scope or time. Moreover, Responding Defendants object to this request to the extent it seeks irrelevant information. Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar. Subject to and without waiving these objections, Responding Defendants respond as follows: With respect to "Driver onboarding process," please see Uber's publicly available website. With respect to "training materials," none. for "[m]onitoring or evaluation of driver performance" please see documents previously produced at Uber_000202-80.**

6. **Payment and Earnings Adjustments** All communications, internal guidelines, or records indicating when and how Uber has modified, reduced, or withheld payments to drivers, including any changes to payment structures, deductions, or penalties for failure to comply with platform rules, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Additionally, this Request is irrelevant as it pertains to the current controversy, and exceeds the scope of discovery as contemplated by R. 4:10-2, and implicates production of sensitive financial information not related to this matter. Subject to and without waiving these**

objections, Responding Defendants direct Plaintiff to the documents previously produced at Uber_000202-80.

7. **Driver Independence and Control** Any documents or records related to drivers' independence in setting their own rates or fares, choosing work hours, or declining service requests without penalties or repercussions from Uber, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Requests on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Additionally, Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents produced at Uber_000202-280.**

8. **Payment Methods and Account Information Requirements** Documents detailing Uber's requirements for drivers to maintain accurate payment methods and account information, including policies or internal guidelines regarding the consequences for drivers' failure to comply, from [insert date range].

**RESPONSE: Responding Defendants object to this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Requests on the grounds the Request is vague, overbroad, ambiguous, unduly burdensome, and by virtue of the Request's inclusion of the time frame "[insert date range]" is not reasonably bounded by scope or time. Subject to and without waiving these objections, Responding Defendants directs Plaintiffs to the documents produced at Uber_000202-280, including the Platform Access Agreement.**

## DEFENDANT UBER TECHNOLOGIES, INC., AND RASIER, LLC'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE #4

1. All non-privileged documents generated, produced, or submitted by Uber Technologies, Inc., and/or Rasier LLC in connection with the audit and investigation conducted by the New Jersey Department of Labor under Docket No. DOL-20-015 that support or discuss the classification of Uber drivers as employees or independent contractors, including but not limited to:
   - Communications with the New Jersey Department of Labor related to the classification of drivers.

-   Policies, guidelines, or manuals provided to drivers that set forth terms of employment or guidelines for controlling their work.

**RESPONSE: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to the "audit and investigation conducted by the New Jersey Department of Labor under Docket No. DOL-20-015" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.**

**Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweigh any benefit associated with such discovery, taking into account the facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information. Moreover, this Request is duplicative of prior requests for the same information.**

**Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under**

a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's.").

Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.

2.  All non-privileged documents produced in response to the New Jersey Department of Labor audit that demonstrate Uber's control over its drivers, including but not limited to:
    - Documents related to Uber's scheduling, routing, or dispatching of drivers.
    - Policies and communications regarding driver performance evaluations or standards imposed on drivers by Uber.
    - Any agreements between Uber and its drivers that discuss or define the drivers' working relationship with Uber.

**RESPONSE:** Responding Defendants object to the extent this Request to the extent it assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, "documents produced in response to the New Jersey Department of Labor audit," are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber and its drivers" and "Uber's control over its drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweigh any benefit associated with such discovery, taking into account the facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work

product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information. Moreover, this Request is duplicative of prior requests for the same information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's.").

Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.


3. All documents, reports, or findings by the New Jersey Department of Labor that address the employment status or classification of Uber drivers during the 2014-2018 period, including any findings or conclusions that Uber drivers were misclassified as independent contractors. This requests includes but is not limited to copies of New Jersey Department of Labor (DOL) documents supporting DOL's allegations that UBER and Raiser misclassified its drivers as independent contractors and not employees, copies of all deposition or hearing testimony, all DOL interviews, whether transcribed, audio recordings or video recordings of drivers or Uber employees.

RESPONSE: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "reports or findings by the New Jersey Department of Labor that address the employment status of Uber drivers" are irrelevant to the circumstances of the

alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber drivers" and "UBER and Raiser misclassified its drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweigh any benefit associated with such discovery, taking into account the facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information. Moreover, this Request is duplicative of prior requests for the same information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Additionally, the documents requested seek impermissible hearsay beyond the scope of R.

**4:10-2.** <u>DeBartolomeis v. Board of Review</u>, 341 N.J. Super. 80, 83 (App. Div. 2001); <u>Olivieri v. Y.M.F. Carpet, Inc.</u>, 186 N.J. 511, 525 (2006).

4. All settlement documents or communications between Uber and the New Jersey Department of Labor regarding the settlement of Docket No. DOL-20-015, including any agreements or stipulations regarding the classification of Uber drivers or Uber's obligations regarding driver classification.

<u>RESPONSE:</u> **Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "the settlement of Docket No. DOL-20-015" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.**

**Responding Defendants also objects to this request on the grounds that the information sought with respect to this Request would impose a burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.**

**Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. <u>See</u> <u>Berrie v.</u>**

**Berrie**, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); <u>DeMasi v. Weiss</u>, 669 F.2d 114, 119-20 (3d Cir. 1983); <u>see also</u> **R. 4:10-3** (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   **Brady v. Bd. of Rev.**, 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Moreover, this Request seeks impermissible settlement communications that are patently inappropriate for production. <u>Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C.</u>, 215 N.J. 242, 245 (2013); <u>State v. Williams</u>, 184 N.J. 432, 446-47 (2005); <u>Brown v. Pica</u>, 360 N.J. Super. 565, 568 (Law. Div. 2001). This Request is also duplicative of Request 11, rendering this Request duplicative, harassing, and otherwise vexatious. Subject to, and without waiving the foregoing, <u>see</u> the Settlement Orders previously produced at UBER_0000281-86.

5.  All non-privileged documents that explain Uber's processes, procedures, or methods for managing, controlling, or overseeing driver work.

**RESPONSE:** **Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Specifically, "driver work" is undefined rendering this Request vague and unduly burdensome. Further objecting, Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to discovery produced at Uber_000202-280.**

6.  DOL Complaints, Filings and Initial Investigative Reports.

-   Any formal complaints or charges filed by the New Jersey Department of Labor against Uber regarding driver classification as independent contractors versus employees.
-   Initial audit reports, investigations, or notices issued by the DOL concerning the classification of drivers.
-   Correspondence from the DOL detailing the scope of the investigation or audit, specifically focusing on the employment classification issue.

**RESPONSE**: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "DOL Complaints, Filings and Initial Investigative Reports" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Additionally, the documents requested seek impermissible hearsay beyond the scope of R.

**4:10-2.** **DeBartolomeis v. Board of Review**, 341 N.J. Super. 80, 83 (App. Div. 2001); **Olivieri v. Y.M.F. Carpet, Inc.**, 186 N.J. 511, 525 (2006).

7. Communications between Uber and the DOL.
   - All communications, letters, or emails between Uber and the New Jersey DOL discussing the employment status of drivers.
   - Any official responses from Uber to DOL requests for information concerning the classification of drivers, including but not limited to Uber's defense arguments, explanations, or compliance actions.

**RESPONSE:** **Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, is not reasonably bounded in scope or time, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "Communications between Uber and the DOL" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.**

**Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.**

**Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of**

justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); <u>DeMasi v. Weiss</u>, 669 F.2d 114, 119-20 (3d Cir. 1983); <u>see also</u> <u>R.</u> <u>4:10-3</u> (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  <u>Brady v. Bd. of Rev.</u>, 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Additionally, the documents requested seek impermissible hearsay beyond the scope of <u>R.</u> <u>4:10-2</u>. <u>DeBartolomeis v. Board of Review</u>, 341 N.J. Super. 80, 83 (App. Div. 2001); <u>Olivieri</u> <u>v. Y.M.F. Carpet, Inc.</u>, 186 N.J. 511, 525 (2006).

8. Audit Documents
   - Documents submitted by Uber to the DOL as part of the wage-and-hour audit, limited to:
   - Uber's control over its drivers (e.g., scheduling, dispatching, performance evaluations).
   - Guidelines, contracts, or policies provided to drivers that outline the terms of their work or relationship with Uber.

**RESPONSE:** Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "Audit Documents" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber's control over its drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the

passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.    Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Additionally, the documents requested seek impermissible hearsay beyond the scope of R. 4:10-2. DeBartolomeis v. Board of Review, 341 N.J. Super. 80, 83 (App. Div. 2001); Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 525 (2006). Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.

9.  Employee Classification Documents.
    - Any documents that explain the criteria Uber uses to classify drivers as independent contractors or employees, which were submitted to the DOL in response to the audit.

RESPONSE: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "Employee Classification Documents . . . which were submitted to the DOL" are irrelevant to the circumstances of the alleged collision between defendant Juan R.

**Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.**

**Responding Defendants also objects to this request on the grounds that the information sought in this Request would impose a burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.**

**Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.**

10. Driver Agreements and Contracts
    - Documents that outline the specific terms of employment or contractor status between Uber and its drivers, including any standard driver contracts or agreements that Uber submitted to the DOL.

**RESPONSE:** Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "standard driver contracts or agreements that Uber submitted to the DOL" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber and its drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also objects to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under

a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.

    11. Documents Pertaining to the DOL Settlement
  - The final settlement agreement between Uber and the DOL, including any admissions, stipulations, or conditions related to driver classification.
  - Communications between Uber and the DOL leading up to the settlement, especially those discussing the DOL's findings regarding driver classification.
  - Any corrective actions Uber agreed to take as part of the settlement, such as changing policies related to driver classification or reporting.

**RESPONSE:** Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "the DOL Settlement" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.

Responding Defendants also object to this request on the grounds that the information sought with respect to this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including

thousands of independent drivers which are protected by various privacy laws. **See** **Berrie v.** **Berrie**, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allow a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); **DeMasi v. Weiss**, 669 F.2d 114, 119-20 (3d Cir. 1983); **see also** **R.** **4:10-3** (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintains that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   **Brady v. Bd. of Rev.**, 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Moreover, this Request seeks impermissible settlement communications that are patently inappropriate for production. **Willingboro Mall, Ltd. v. 240/242 Franklin Ave., L.L.C.**, 215 N.J. 242, 245 (2013); **State v. Williams**, 184 N.J. 432, 446-47 (2005); **Brown v. Pica**, 360 N.J. Super. 565, 568 (Law. Div. 2001). Subject to, and without waiving the foregoing, **see** the Settlement Orders previously produced at UBER_0000281-86.

12. DOL Findings and Determinations.
- Final determinations or reports issued by the DOL that outline the agency's findings on whether Uber drivers were employees or independent contractors.
- Any official documentation from the DOL outlining the specific violations related to driver classification and the rationale behind its conclusions.

**RESPONSE**: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "DOL Findings and Determinations" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such

discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's."). Additionally, the documents requested seek impermissible hearsay beyond the scope of R. 4:10-2. DeBartolomeis v. Board of Review, 341 N.J. Super. 80, 83 (App. Div. 2001); Olivieri v. Y.M.F. Carpet, Inc., 186 N.J. 511, 525 (2006).

13. Documents Related to Employment Control
   - Any policies, manuals, or guides submitted by Uber to the DOL that describe how Uber controls its drivers' performance, hours, work assignments, and other employment-like activities.
   - Documents that describe Uber's method for monitoring or controlling drivers, including any communications that reference driver standards, feedback, or discipline.

**RESPONSE:** Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information,

and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents "submitted by Uber to the DOL" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit. Further objecting, Responding Defendants object to the phrase "Uber controls its drivers'" and "Uber's method for monitoring or controlling drivers" as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000202-280.

14. DOL Data or Records on Driver Earnings.
   - Documents related to how Uber categorized driver earnings in connection with benefits (e.g., unemployment compensation, disability, and tax withholding).

**RESPONSE: Responding Defendants object to the extent this Request assumes facts not in evidence. Responding Defendants further object to this Request on the grounds that the Request is vague, overbroad, ambiguous, unduly burdensome, seeks irrelevant information, and is not reasonably calculated to lead to the discovery of admissible evidence. Additionally, documents related to "DOL Data or Records on Driver Earnings" are irrelevant to the circumstances of the alleged collision between defendant Juan R. Escobar and Plaintiff Chaya Lord, that occurred on July 11, 2022, that is the subject of the above-captioned lawsuit.**

Responding Defendants also object to this request on the grounds that the information sought in this Request would impose an undue burden or expense associated with the search and production of additional information beyond what is publicly accessible, would be disproportionate to the needs of the case and outweighs any benefit associated with such discovery, taking into account that facts and issues relevant to the case. The settlement and case referenced above only addressed an alleged class of drivers from 2014-2018, including drivers who signed up to utilize the driver version of the Uber Application prior to the passage of the New Jersey Transportation Network Company Safety and Regulatory Act, and the Settlement Agreement contained no prospective requirements specific to this request (or in any other respect), for independent drivers. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information.

Responding Defendants further object to this Request to the extent it seeks private and confidential financial information (such as tax returns, social security numbers, tax identification numbers and other highly sensitive personal and/or private information, including financial statements) of Uber, its corporate employees, and third-parties including thousands of independent drivers which are protected by various privacy laws. See Berrie v. Berrie, 188 N.J. Super. 274, 286 (Ch. Div. 1983) ("It is contrary to the first principles of justice to allows a search of all respondent's records, relevant or irrelevant, in the hopes that something will turn up."); DeMasi v. Weiss, 669 F.2d 114, 119-20 (3d Cir. 1983); see also R. 4:10-3 (allows the Court authority to limit discovery to protect nonparties "from . . . oppression or expense."). Moreover, Responding Defendants maintain that private and confidential financial information is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Brady v. Bd. of Rev., 52 N.J. 197, 210 (1997) (administrative determinations of unemployment and disability benefits are reviewed under a lower evidentiary standard than that of tort liability; "[t]he judicial capacity to review administrative agency decisions is limited." And "if substantial credible evidence supports an agency's conclusion, a court may not substitute its own judgment for the agency's.").

    15. DOL Findings.
- Copies of all documents regarding conclusions or determinations made by the DOL regarding the classification of Uber drivers as employees or independent contractors.

**RESPONSE: This Request is duplicative of Request #12. See Response to Request to Produce #12.**

    16. Correspondence Between DOL and Uber.

- All written communications, including letters, emails, or meeting minutes between the DOL and Uber, that discuss:
- The classification of drivers as independent contractors or employees.

**RESPONSE: This Request is duplicative of Requests #1, 2, 4, and 7. <u>See</u> Responses to Request to Produce #1, 2, 4, and 7.**

17. Driver Classification Documents.
   - Any documents or evidence collected by the DOL that Uber misclassified its drivers as independent contractors, including:
   - Driver testimonies, complaints, or interviews collected during the investigation.
   - Any evaluations or reports that analyze the extent of Uber's control over its drivers' work

**RESPONSE: This Request is duplicative of Requests #3, 9, and 12. <u>See</u> Responses to Requests to Produce #3, 9, and 12.**

## <u>DEFENDANT UBER TECHNOLOGIES, INC., AND RASIER, LLC'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE #5</u>

1.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any application or other DOCUMENTATION (electronic or otherwise) concerning Defendant's indication of his desire to be a PARTNER/DRIVER for UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RASIER-CA LLC. This should include, but not be limited to, any WRITINGS referencing Defendants' application to be a DRIVER, any information requested of or provided by him to UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RASIER-CA LLC prior to his being allowed to use the APP.

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, and it assumes facts not in evidence including the existence of an application or employment process, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Further objecting, Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar.**

**Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000009-12; and Uber_000202-280.**

       2.      Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information provided by DEFENDANT to UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC RELATING TO his application for and/or acceptance as a PARTNER/DRIVER for UBER and/or UBER X. This should include, but not be limited to, any DOCUMENTS RELATING TO the inspection of Defendants' vehicle, his proof of insurance, his DRIVER's license, vehicle registration, photograph, etc.

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, and it assumes facts not in evidence including the existence of an application or employment process, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Further objecting. Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000005, 6, 9-12 to the extent responsive.**

       3.      Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any pre-employment screening, background check, driving history, vehicle inspection, or other efforts to acquire information about Defendants' suitability to be a PARTNER/DRIVER of, or for UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC.

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Further objecting. Defendant Escobar was an independent contractor at the time of the accident, and there is no employment, agency, or servant relationship between Responding Defendants and Escobar. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to the documents previously produced at Uber_000155-191.**

       4.      Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence that UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC,

and/or RAISER LLC obtained Defendants' driving record at any time (i.e., before he began providing service, or at any point thereafter up and through the present day.).

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents previously produced at Uber_000155-191.**

5.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any efforts of UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC to institute a program designed to obtain periodic driving histories of its DRIVERS from any state or local entity.

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving this objection, Responding Defendants direct Plaintiffs to N.J.S.A. 39:5H-18, N.J.S.A. 39:1-1, et seq., and Uber's publicly available website.**

6.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any POLICIES of UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC RELATING TO the minimum qualifications and/or prerequisites to be accepted as a DRIVER in New Jersey.

**RESPONSE: Objection. Responding Defendants object to this Request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving this objection, Responding Defendants direct Plaintiffs to N.J.S.A. 39:5H-16, et seq. Additionally, Responding Defendants directs Plaintiffs to the documents previously produced at Uber_000202-280, and N.J.S.A. 39:1-1, et seq.**

7.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any contract or agreement entered into by DEFENDANT with UBER TECHNOLOGIES, INC. and/or RASIER LLC, and/or RAISER LLC. This should include, but not be limited to the original agreement, as well as any modified or subsequent agreements.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

8.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any choice of venue, or choice of forum clause which UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC has inserted into any contract or agreement which has been posted on its English language websites, which are applicable to United States based relationships, contracts, or agreements with passengers and/or DRIVERS from the inception of the company to the present. This includes but is not limited to any WRITINGS which discuss the reason behind the choice of venue and/or choice of law provisions which were considered, chosen, employed and/or rejected.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. To the extent applicable, Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

9.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any training program which UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC has ever created, offered, required, recommended or suggested, whether created and/or conducted by UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC, or any other entity or provider (such as 7x7 Executive Transportation, SFPD, SF MTA, Taxi Commission etc.) designed to provide training to DRIVERS/PARTNERS who would be providing services through the APP in New Jersey.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Moreover, the Request as phrased is unintelligible and unclear as to what documentation Plaintiffs seek. Subject and without waiving these objections, Defendants do not have a "training programs" in New Jersey as characterized by Plaintiffs in this request. To the**

**extent that this interrogatory seeks information related to other cities, counties or states, (including the City of San Francisco and State of California) as required by those respective state or local laws, those requests are not reasonably calculated to lead to the discovery of admissible evidence, and Defendants fully comply with all state, local and federal laws.**

10.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any training program which UBER TECHNOLOGIES, INC and/or UBER X and/or RASIER LLC, and/or RAISER LLC established to comply with the New Jersey Public Utilities Commission's mandate, contained within the Decision Adopting Rules and Regulations to Protect Public Safety While Allowing New Entrants to the Transportation Industry, Rulemaking 12-12-011, Safety Requirements page 27, paragraph (f) requiring "TNC's   shall establish a DRIVER training program to ensure that all DRIVERS are safely operating the vehicle prior to the DRIVER being able to offer service."

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. To Defendants' knowledge, the "New Jersey Public Utilities Commission" does not exist. Upon information and belief the referenced "New Jersey Public Utilities Commission's mandate, contained within the Decision Adopting Rules and Regulations . . . Rulemaking 12-12-011" is actually from the Board of Public Utilities Commission of the State of California, and not New Jersey, published on September 23, 2013. This Request appears to mirror discovery demands in a California lawsuit, which is irrelevant and inapplicable.**

11.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any COMMUNICATIONS with anyone regarding the development of the DRIVER training program identified in the New Jersey Public Utilities Commission's Decision Adopting Rules and Regulations to Protect Public Safety While Allowing New Entrants to the Transportation Industry, Rulemaking 12-12-011, Safety Requirements page 27, paragraph (f).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Upon information and belief the referenced "New Jersey Public Utilities Commission's mandate, contained within the Decision Adopting Rules and Regulations . . . Rulemaking 12-12-011" is from the Board of Public Utilities Commission of the State of California, and not**

New Jersey, published on September 23, 2013. This Request appears to mirror discovery demands in a California lawsuit, which is irrelevant and inapplicable.

12.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any efforts or actions engaged in by UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC, from the inception of the UBER X product to the present, to provide training or information to DRIVERS/PARTNERS concerning the responsibilities of a driver while providing TNC services..

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections, there was no "Uber X product" involved in the accident at issue, rendering this Request improper and beyond the scope of R. 4:10-2.**

13.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information given to DRIVERS/PARTNERS in New Jersey, at any time up and through the present, about the nature of their relationship with UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC (i.e. where the DRIVER/PARTNER is informed that they are an employee, agent, independent contractor, partner, exempt, non-exempt, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

14.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information given to DRIVERS/PARTNERS in New Jersey regarding how to use the APP.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2.**

Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and Uber's publicly available website.

15.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence how a DRIVER in New Jersey would be treated for purposes of taxes, what they were told about the withholding or paying of any sales, service, or income tax, who was responsible for paying any taxes (sales, service, income or otherwise), and whether they would receive a W2, 1099, etc..

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

16.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence how, and under what circumstances a DRIVER in New Jersey should COMMUNICATE with UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER  LLC, and/or RAISER LLC, and or potential passengers.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. Further responding, publicly available information for independent drivers may be found here:** https://help.uber.com/driving-and-delivering

17.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence the nature and mechanism of the financial transactions between UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC and  the DRIVERS and passengers in New Jersey. (i.e. how the charge to the passenger would be made, what the DRIVER had to do in order to receive payment for providing transportation services, how the fare or amount charged to the passenger would be calculated, how much the DRIVER would receive, how much UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or

RAISER LLC would receive, how and under what conditions could gratuity/tip be made by a passenger, whether the APP suggested a gratuity, who would receive the gratuity, under what circumstances would a passenger be given a refund, discount, free ride, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. Further responding, publicly available information for independent drivers may be found here:** https://help.uber.com/driving-and-delivering

18.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what information and/or training was given to DRIVERS regarding the user interface between the APP and the DRIVER in New Jersey.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. By way of further objection the phrase "regarding the user interface between the APP and the DRIVER" is vague, undefined, and unclear rendering response impossible.**

19.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence under what circumstances DRIVERS in New Jersey should log on to the APP (i.e., if only ready to provide services and actively drive upon the road, or, if an area where a minimum hourly payment was engaged in when and under what circumstances (hours, location, etc.) a driver compensated in such a manner should log on.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Further objecting, the phrase "under what circumstances DRIVERS in New Jersey should log on to the APP" is vague and unclear. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280 to the extent applicable.**

20.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence, what, if any, pre-log on or pre-trip inspection of the vehicle should be undertaken by a DRIVER/PARTNER in New Jersey.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, N.J.S.A. 35:5H-1, et seq, and N.J.S.A. 39:1-1 et seq.**

21.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence whether someone other than the registered DRIVER in New Jersey could accompany the DRIVER while they were providing transportation services (i.e., whether they could have a friend, spouse, colleague, etc. ride along with them while providing services).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and N.J.S.A. 35:5H-1 et seq.**

22.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence whether DRIVERS in New Jersey were expected to, after signing on to the APP, be actively driving versus sitting stationary at home or in a café.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

23.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what the effect of a DRIVER in New Jersey being stationary after being

logged on would or might be (i.e., contact from the company seeking to determine why the vehicle was not moving, de-activation, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Moreover, the phrase "evidence what the effect of a DRIVER in New Jersey being stationary after being logged on would or might be" is unintelligible. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

     24.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence whether DRIVERS in New Jersey were permitted to operate for UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAS1ER-CA LLC, while they were also acting as an actual or potential DRIVER for any other TNC (meaning whether they could have the APP open while they were also logged on or into any other TNC provider's APP, or were accepting hails.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Further objecting, Responding Defendants object to the phrase "permitted to operate for UBER TECHNOLOGIES, INC." as assuming an agency, employment, or servant relationship between Responding Defendants and Escobar. There is no agency, employment, or servant relationship between Responding Defendants and any other party in this litigation.Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 39:5H-1, et seq.**

     25.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence where DEFENDANTS suggested, or required, the DRIVER should, could or must place the GPS mobile device given to them by UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC, including any information regarding the laws in any state (including, but not limited to New Jersey) regarding the placement or mounting of any GPS, or other mobile devices, within a car.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and N.J.S.A. 39:1-1, et seq.**

26.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information as to how the APP works including, but not limited to how a DRIVER in New Jersey was alerted of a request for service, what the DRIVER was expected to do upon receiving a request for service (as to accept that request or deny it), what the time frame was in which a DRIVER had to accept or deny a request, what the effect would be of either failing to accept a request or denying a request, whether a DRIVER who failed to accept a request or denied a request could be de-activated from the APP.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Responding Defendants further object to this Request to the extent it covers documents that are protected by the attorney work product doctrine, and/or attorney-client privilege and/or that constitute sensitive or confidential proprietary business information or trade secret information. Subject to and without waiving these objections, Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and Uber's publicly available website.**

27.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence how the DRIVER rating and/or rider rating system in New Jersey worked including, but not limited to what types of conduct by UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC could, might, or would lead to a negative or positive rating.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280.**

28.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence the conditions under which a DRIVER in New Jersey could be either temporarily or permanently de-activated from driving.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, 287-99, N.J.S.A. 39:1-1, et seq., and Uber's publicly available website. By way of further response Responding Defendants fully comply with all state, local and federal laws**

29.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any POLICIES or PROCEDURES DEFENDANTS had to obtain information regarding a DRIVER's driving or arrest record.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

30.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any safety standards or requirements for the DRIVER vehicles in New Jersey including, but not limited to tread depth on tires, working seat belts, condition of any aspect of the vehicle (such as working door handles, cracks in windshields, breaks, turn signals, head and tail lights, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq, and N.J.S.A. 39:1-1 et seq.**

31.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what notification must be given by a DRIVER in New Jersey to UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC in the event of any accident or injury involving the DRIVER or vehicle causing damage to PERSON or property whether during or outside the hours in which the APP was on.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

32.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what the DRIVERS responsibilities in New Jersey were/are to provide for the safety and security of the passengers during transport including, but not limited to information regarding where the passengers were suggested to sit, the maximum number of passengers that should be carried in a vehicle at any one time, how to deal with drunken or unruly passengers, what rules applied to open alcoholic beverage containers brought into the vehicle by the passenger, what to do if a passenger wanted to, or engaged in, smoking within the DRIVER's car, how to handle an inebriated passenger that passes out, or is incoherent during transport where does that PERSON get taken to, or discharged, what responsibility the DRIVER has to aid that PERSON in getting to their ultimate destination safely versus leaving them unconscious at the end point of the ride).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Further objecting information related to "how to deal with drunken or unruly passengers, what rules applied to open alcoholic beverage containers brought into the vehicle by the passenger," and other hypotheticals posed in this Request are not applicable to the instant accident, and are therefore irrelevant and beyond the scope of discovery. Subject to and without waiving these objections Responding Defendants, none responsive to this request as characterized. Responding Defendants direct Plaintiffs to documents produced at**

Uber_000202-280, and 287-99. **By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq., and N.J.S.A. 39:1-1, et seq.**

33.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what a DRIVER's obligations are in New Jersey regarding passenger luggage, packages, or other such items (i.e., should they permit them, allow them, to assist with the loading or unloading of such items).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq, and N.J.S.A. 39:1-1, et seq..**

34.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information provided to DRIVERS in New Jersey on the transportation of animals (including, but not limited to transportation of personal pets, live food products, service animals, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq. Responding Defendants fully comply with all state, local, and federal laws.**

35.    Any and all DOCUMENTS and/or WRITINGS YOU possess and/or have provided to DRIVERS which refer, reflect, memorialize, or otherwise evidence what a DRIVER's obligations are, in New Jersey, RELATING TO the transportation of disabled individuals including, but not limited to how to respond when a passenger had a wheelchair or other mobility device, whether a DRIVER had to transport handicapped individuals, or whether transportation of such individuals could be denied under any circumstances, what responsibilities, if any, a DRIVER had

in assisting elderly or disabled passengers, whether an additional fare could be charged to transport the disabled.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq, and N.J.S.A. 39:1-1, et seq. Responding Defendants comply with all state, local, and federal laws.**

36.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence under what circumstances a DRIVER in New Jersey could terminate a ride before the final destination was reached, and/or the effect of termination of a ride before the prearranged final destination was reached.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

37.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence how to respond to requests from a passenger for a DRIVER in New Jersey to disobey or violate a law (including, but not limited to speeding, carrying more passengers than there are seatbelts for, allowing open alcoholic beverage containers, going faster than the speed limit etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections, Responding Defendants fully comply witht he law. Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq., and N.J.S.A. 39:1-1, et seq.**

38.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any training or information provided to DRIVERS in New Jersey regarding non-discrimination in the provision of transportation services on the basis of any protected classification (e.g. such as age, sex, national origin, race, sexual identity, sexual orientation, disability, religion, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections, Responding Defendants fully comply with the law. Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

39.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any information provided to DRIVERS in New Jersey on the subject of distracted driving (including, but not limited to instant messaging, texting, talking on a cell phone, monitoring the mobile device and/or APP).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq., N.J.S.A. 39:1-1, et seq. and <u>https://help.uber.com/driving-and-delivering</u>.**

40.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any obligation of the DRIVER to UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC in the event that the GPS/mobile device was lost, damaged, or stolen.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections, none to Defendants' knowledge responsive**

to this request, as phrased. **Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280, and Uber's publicly available website.**

41.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any responsibilities of the DRIVER in New Jersey in accepting and safeguarding the mobile device on which the APP is displayed, so as to protect it from loss, damage or theft, and what the DRIVER was expected to do with the mobile device upon leaving the vehicle.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. Subject to and without waiving these objections, none. Defendant Escobar owned his own mobile device. Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

42.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence whether the mobile device provided to the DRIVER in New Jersey could be used for any purpose other than providing transportation services.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to <u>R.</u> 4:10-2. By way of further objection, defendant Escobar was not issued a mobile device by Responding Defendants, rendering this request irrelevant. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

43.    Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what a DRIVER in New Jersey is to do, i.e. vis-à-vis DEFENDANTS such as reporting, sending a copy, etc., in the event of receiving a citation for a moving violation (such as speeding, improper lane change, red light violation, failure to stop, etc.)

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in**

**evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

44.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what a DRIVER in New Jersey is to do in the event of being arrested for a driving related offense (such as reckless driving, speeding, driving under the influence, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq, and applicable criminal motor vehicle laws.**

45.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence POLICIES of UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC relating to DRIVERS in New Jersey carrying any type of weapon, including bats, saps, clubs, guns, knives, hammers, screwdrivers, or any other object that might be used as a weapon.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents produced at Uber_000202-280, and 287-99. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq., N.J.S.A. 39:1-1, et seq., N.J.S.A. 2C:39-1, et seq., and N.J.S.A. 2C:58-1, et seq.**

46.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence what a DRIVER in New Jersey is to do in the event of an injury-causing accident with a pedestrian.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in**

**evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

47.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any POLICIES of UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC, in New Jersey, regarding the DRIVER offering, or providing transportation services, other than through the use of the APP (i.e., accepting personal calls from passengers without going through the APP, street hails, etc.).

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq.**

48.     Any and all DOCUMENTS and/or WRITINGS which refer, reflect, memorialize, or otherwise evidence any WRITINGS showing what entity, UBER TECHNOLOGIES, INC. and/or UBER X, and/or RASIER LLC, and/or RAISER LLC actually inspected Defendants' vehicle prior to him providing TNC services for UBER X, and what the inspection consisted of.

**RESPONSE: Objection. Responding Defendants object to this request as overbroad, unduly burdensome, ill defined, not reasonably bounded by scope or time, it assumes facts not in evidence, and is otherwise not calculated to seek relevant evidence pursuant to R. 4:10-2. Subject to and without waiving these objections, none. Responding Defendants direct Plaintiffs to documents previously produced at Uber_000202-280; Uber_000005-6; Uber_000009-12. By way of further response, Responding Defendants direct Plaintiffs to N.J.S.A. 35:5H-1 et seq., and N.J.S.A. 39:1-1, et seq.**

## DEFENDANT UBER TECHNOLOGIES, INC., AND RASIER, LLC'S RESPONSES TO PLAINTIFF'S SUPPLEMENTAL NOTICE TO PRODUCE #6

1.     2017-2018 Uber Safety Report.

**RESPONSE:** Responding Defendants object to this Request to the extent it seeks irrelevant information beyond the scope of R. 4:10-2, and otherwise seeks information equally accessible to both parties. Subject to and without waiving these objections, the 2017-2018 Safety Report is publicly available here: https://www.uber-assets.com/image/upload/v1575580686/Documents/Safety/UberUSSafetyReport_201718_FullReport.pdf?uclick_id=f33d9ba7-088f-4344-b93d-f003e8eb28d4

2.  2019-2020 Uber Safety Report.

**RESPONSE:** Responding Defendants object to this Request to the extent it seeks irrelevant information beyond the scope of R. 4:10-2, and otherwise seeks information equally accessible to both parties. Subject to and without waiving these objections, the 2019-2020 Safety Report is publicly available here: https://uber.app.box.com/s/vkx4zgwy6sxx2t2618520xt35rix022h?uclick_id=f33d9ba7-088f-4344-b93d-f003e8eb28d4

3.  2021-2022 Uber Safety Report.

**RESPONSE:** Responding Defendants object to this Request to the extent it seeks irrelevant information beyond the scope of R. 4:10-2, and otherwise seeks information equally accessible to both parties. Subject to and without waiving these objections, the 2021-2022 Safety Report is publicly available here: https://uber.app.box.com/s/lea3xzb70bp2wxe3k3dgk2ghcyr687x3?uclick_id=f33d9ba7-088f-4344-b93d-f003e8eb28d4

4.  Copies of all reviews of defendant Escobar.

**RESPONSE:** Please see documents previously produced at Uber_000013-17.

5.  Copy of all background check documents pertaining to defendant Escobar.

**RESPONSE:** Please see documents previously produced at Uber_000155-191.

6.  Copy of Uber's Platform Access Agreement signed by defendant Escobar.

**RESPONSE:** Please see documents previously produced at Uber_000202-280.

7.  All vehicle requirements sent by Uber or Rasier to defendant Escobar.

**RESPONSE: Objection. Responding Defendants object to this Request as vague, undefined, unduly burdensome, and otherwise assumes facts not in evidence. Subject to and without waiving these objections, please see documents previously produced at Uber_000202-280 to the extent responsive. By way of further response Responding Defendants direct Plaintiffs to N.J.S.A. 39:5H-1, et seq.**

8.   Copies of all documents regarding data analysis made by Uber with regard to defendant Escobar's driving.

**RESPONSE:   Objection. Responding Defendants object to this request to the extent the phrase "data analysis made by Uber with regard to defendant Escobar's driving," is vague, undefined, and otherwise unintelligible. It is not clear what "data analysis" is seeking, rendering response impossible. To the extent responsive, please see documents previously produced at Uber_000018-154.**

9.   Copies of all Uber marketing with regard to passenger safety prior to July 11, 2022.

**RESPONSE:   Objection. Responding Defendants object to this request to the extent the phrase "marketing with regard to passenger safety" is irrelevant to the instant litigation. No passengers were involved in the accident at issue, rendering this Request irrelevant. By way of further objection, Responding Defendants object to this Request as unduly burdensome, harassing, duplicative, disproportionate to the needs of this case, and otherwise not calculated to lead to the discovery of relevant evidence. Moreover, Responding Defendants object to this Request to the extent it is not reasonably bounded by scope or time, and seeks "all Uber marketing" irrespective of time frame.**

10.   Uber's Community Guidelines in effect on July 11, 2022.

**RESPONSE: Responding Defendants object to this Request to the extent it seeks irrelevant information beyond the scope of R. 4:10-2, and otherwise seeks information equally accessible to both parties. Subject to and without waiving these objections, please see documents produced at Uber_000287-99 and Uber's publicly available website.**

Dated: December 10, 2024                **BOWMAN AND BROOKE LLP**

By: /s/ *John W. Meyer*
Erica S. Mekles, Esq.
New Jersey Bar No. (000662010)
John W. Meyer, Esq.
New Jersey Bar No. (334332021)

Edward O'Toole, Esq.
(*pro hac vice*)
317 George Street, Suite 320
New Brunswick, NJ 08901
erica.mekles@bowmanandbrooke.com
john.meyer@bowmanandbrooke.com
edward.otoole@bowmanandbrooke.com
Tel.: (201) 577-5196
Fax: (804) 649-1762

***Attorneys for Defendants***
***Uber Technologies, Inc. and Rasier, LLC***