# EXHIBIT 3

John W. Meyer, Esq.
New Jersey Bar No. (334332021)
Edward L. O'Toole, Esq.
(*Pro Hac Vice*)
Christopher R. Carton
New Jersey Bar No. (016691995)
**BOWMAN AND BROOKE LLP**
317 George Street, Suite 320
New Brunswick, NJ 08901
Tel.: (201) 577-5196
Fax: (201) 577-5188
john.meyer@bowmanandbrooke.com
edward.otoole@bowmanandbrooke.com
chris.carton@bowmanandbrooke,com
*Attorneys for Defendants*
*Uber Technologies, Inc. and Rasier LLC*

| | |
|---|---|
| CHAYA LORD AND BRANDON LORD,<br><br>                        Plaintiffs,<br><br><br>           vs.<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, JUAN R.<br>ESCOBAR, JOHN DOES 1-10,<br>ABC CORPORATIONS 1-10,<br><br>                    Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>DOCKET NO. MER-L-360-24<br><br><br>**DEFENDANTS UBER TECHNOLOGIES,<br>INC, RASIER, LLC'S RESPONSES TO<br>CHAYA LORD AND BRANDON LORD'S<br>12th SUPPLEMENTAL NOTICE TO<br>PRODUCE** |

To:     Bruce H. Stern, Esq.,
         STARK & STARK A
         Professional Corporation
         PO Box 5315,
         Princeton, NJ 08543
         Office Location: 100 American Metro Boulevard,
         Hamilton, NJ 08619-2319

         Bret Stanley, Esq., Texas Bar
         Johnson Law Group, LLC.
         2925 Richmond Ave,
         Suite 1700, Houston, TX 77079

         *Attorneys for Plaintiffs, Chaya Lord, and Brandon Lord*

Uber Technologies, Inc, Rasier, LLC (hereinafter ("Defendants"), by and through its counsel, serves the following responses to Plaintiffs Chaya Lord and Brandon Lord's Request for Production dated April 16, 2025:

## **GENERAL OBJECTIONS**

To the extent applicable, the following are incorporated in the response to each individual request in addition to any objections set forth in any response to a particular request, as if these objections were set forth in their entirety in each response:

1.      Defendant objects to these requests to the extent they ask for information protected from discovery by the attorney-client privilege, work product doctrine, and/or other applicable privileges.

2.      Except for facts explicitly admitted herein, no admission of any nature whatsoever is to be implied or inferred. The fact that any request herein has been responded to should not be taken as an admission or a concession of the existence of any facts set forth or assumed by such request, or that such responses constitute evidence of any fact thus set forth or assumed. The fact that documents may be referred to in these responses does not constitute an admission or representation regarding the authenticity, admissibility or nature of any documents and Defendant expressly reserves the right to object to the introduction of any documents during any trial on all applicable grounds.

3.      To the extent Plaintiffs ascribe special meaning or definitions to words used in this set of discovery, Defendant declines to accept those specialized meanings and definitions and interpret all words contained in these requests in accordance with their ordinary and customary meanings.

4.      Defendants object to any and all requests that are improper as the request related to the ultimate legal conclusion of liability or damages, rather than to any underlying facts.

2

CUS_DocIDChunk0

5. Defendants object to any and all requests seeking information and the production of documents that relate, in whole or in part, to any aspect of their business not related to the pending claims.

6. Defendants object to any and all requests seeking information and the production of documents that relate to information or documents that are equally available to plaintiff.

7. Defendants object to any and all requests that request information or the production of documents relating to irrelevant information or documents, or any request for information or document which may not be expected to lead to the discovery of relevant information.

8. Defendants object to any and all requests as to the completeness, relevancy, materiality, privilege and admissibility of documents as evidence for any purpose, as to all of the information requested in all of the requesting parties' requests.

9. Defendants object to any and all requests that seek to expand the scope of discovery beyond that permitted by <u>Rule</u> 4:10-2.

<u>**RESPONSES TO NOTICE TO PRODUCE**</u>

**REQUEST NO. 1:** Each Agreement between Uber and the Subject Driver (including sufficient information to identify the effective date of each).

**RESPONSE: Objection. This request is duplicative of multiple prior discovery requests and is vexatious and harassing. Subject to and without waiving these objections Defendants direct Plaintiff to documents previously produced at Uber_0000202-280, and Uber_000300.**

**REQUEST NO. 2:** Each Agreement between Uber and the Plaintiff (including sufficient information to identify the effective date of each).

**RESPONSE: Objection. Defendants object to this Request as not reasonably calculated to lead to the discovery of relevant evidence. Plaintiff was not utilizing the Uber application at the time of the accident, and was not connected to a driver from the Uber application. Plaintiff was driving her own personal vehicle and had no interaction with the application or Defendants. Subject to and without waiving these objections, Defendants direct Plaintiffs to documents produced at Uber_407-522.**

CUS_DocIDChunk0

**REQUEST NO. 3:**     Any and all Materials reflecting Uber's Screening of the Subject Driver. (This includes but is not limited to Documents reflecting the Screening-related User Experience for the Subject Driver, including Uber's instructions to, offers to, statements to, requests of, and/or questions to the Subject Driver.)

**RESPONSE:  Objection. Defendants object to this Request to the extent it seeks to compel Defendants to rebuild screen shots of the application, which are not regularly kept in the course of business, and are not reasonably accessible pursuant to R. 4:10-2(f). Defendants further object to this Request to the extent it implies facts not in evidence. Defendants also object to this Request as it is duplicative of multiple prior requests and is vexatious and harassing. This Request is also overbroad and unduly burdensome, and seeks information subject to attorney client privilege, work product, and/or is proprietary/trade secret. Subject to and without waiving these objections and responding in good faith, Defendants direct Plaintiff to the documents defendant Escobar provided to sign up to use the driver version of the Uber application at Uber_000009-12, and background checks performed by a nationally accredited third-party vendor defendant Escobar consented prior to and after obtaining access to the driver version of the Uber application at Uber_000155-191. By way of further response, to the extent this Request seeks a screenshot-by-screenshot recreation of what Mr. Escobar would have seen when utilizing the driver version of the Uber application, Defendants respond none in Defendants possession other than those previously produced at Uber_000202-280.**

**REQUEST NO. 4:**     Any and all Materials reflecting Information Uber and/or its Contractors received from the Subject Driver in connection with Screening the Subject Driver (including but not limited to address history, social security number, name, date of birth, image of driver's license, driver's license information, insurance information, vehicle information).

**RESPONSE: Objection. Defendants object to this Request as it seeks information outside of the control of Defendants, and is otherwise vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants also object to this Request as it is duplicative of multiple prior requests and is vexatious and harassing. This Request is also overbroad and unduly burdensome, and seeks information subject to attorney client privilege, work product, and/or is proprietary/trade secret. Subject to and without waiving these objections, Defendants direct Plaintiff to the documents defendant Escobar provided to sign up to use the driver version of the Uber application at Uber_000009-12 and background checks performed by a nationally accredited third-party vendor defendant Escobar consented prior to and after obtaining access to the driver version of the Uber application at Uber_000155-191. Defendants also direct Plaintiffs to Uber_000388-89 to the extent responsive.**

**REQUEST NO. 5:**     Any and all Materials reflecting the Background Check Process(es) for the Subject Driver, including for All Accounts (including but not limited to Uber's policies, protocols,

and/or instructions to its Background Check Contractor(s), interactions between Uber and its Background Check Contractor(s), Information the Background Check Contractor(s) made available to Uber, including the Background Check itself, any Background Check Findings, and conversations and decisions about the Background Check Findings).

> **RESPONSE: Objection. Defendants object to this Request seeks information outside of the control of Defendants, and is otherwise vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. This Request is also overbroad and unduly burdensome, and seeks information subject to attorney client privilege, work product, and/or is proprietary/trade secret. Defendants further object to this Request as it is duplicative of multiple prior discovery requests. Subject to and without waiving these objections Defendants direct Plaintiff to the documents defendant Escobar provided to sign up to use the driver version of the Uber application at Uber_000009-12 and background checks performed by a nationally accredited third-party vendor defendant Escobar consented prior to and after obtaining access to the driver version of the Uber application at Uber_000155-191. Defendants also direct Plaintiffs to Uber_000388-89.**

> **REQUEST NO. 6:**    Any and all Communications, including with Third Parties or the Subject Driver, related to Screening the Subject Driver (including but not limited to Communications with the Background Check Contractor(s) about the Background Check).

> **RESPONSE: Objection. Defendants object to this Request as it seeks information outside of the control of Defendants, and is otherwise vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. This Request is also duplicative, overbroad and unduly burdensome, and seeks information subject to attorney client privilege, work product, and/or is proprietary/trade secret. Subject to and without waiving these objections, Defendants direct Plaintiffs to Defendants response to Request Nos. 3 and 5.**

> **REQUEST NO. 7:**    Any and all Documents reflecting any Screening Uber performed on the Subject Driver other than a Background Check (including but not limited to any Documents interviewed the Driver, checked the Subject Driver's references, searched Public Information about the Driver, and/or conducted Psychological Screening).

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. This Request is also duplicative, overbroad and unduly burdensome, and seeks information subject to attorney client privilege, work product, and/or is proprietary/trade secret. Subject to and without waiving these objections, none.**

5

CUS_DocIDChunk0

**REQUEST NO. 8:**    Every set of Background Check Adjudication Criteria that applied, at any time, to the Subject Driver, including the Adjudication Criteria that applied in each City and State where the Driver was authorized to offer Rides, and for each time period when the Driver was authorized to offer Rides.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information protected from discovery.**

**REQUEST NO. 9:**    The complete up-to-date Account History for the Subject Driver, including for All Accounts.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Subject to and without waiving these objections, Defendants direct Plaintiffs to documents produced at Uber_000004, 202-280, 338-87, 388-89, 390-93, 523-25.**

**REQUEST NO. 10:**    For any status change in the Subject Driver's Account History, all Documents and Communications that explain or relate to that status change.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information protected from discovery. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Subject to and without waiving these objections, Defendants direct Plaintiffs to documents produced at Uber_000338-93.**

**REQUEST NO. 11:**    The complete up-to-date Ride Log for the Subject Driver, for the whole time period when the Subject Driver was Active.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not**

CUS_DocIDChunk0

proportionate to the needs of this case per **R.** 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, Defendants direct Plaintiffs to documents produced at Uber_000338-87, and Uber_000390-93.

**REQUEST NO. 12:** All Documents reflecting the Subject Driver's Uber Pro status (including each change to the Uber Pro status, Communications to the Subject Driver about his status, and the timing of each change in status, for the time period during which the Subject Driver was Active).

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to the extent this Request seeks proprietary or trade secret information. Subject to and without waiving these objections, Defendants direct Plaintiff to Uber_000523-25.**

**REQUEST NO. 13:** All Documents reflecting Metrics Uber kept track of related to the Subject Driver, including but not limited to the Subject Driver's Cancellation Rate, and Displayed Star Rating, including the timing of changes to those Metrics.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, Defendants direct Plaintiff to documents produced at Uber_000397-406, and Uber_000390-94. By way of further response Defendants state there is no composite query or document reflecting an aggregation of the data subject to Plaintiffs' request in a single location. However, in the spirit of good faith, all underlying data responsive to this request has been produced at Uber_000397-406.**

**REQUEST NO. 14:** All Materials reflecting any thresholds or minimums for any Metrics, such as minimum Displayed Star Rating, Cancellation Rate, that at the time of the Incident Uber required Drivers to maintain in the City where the Subject Ride occurred.

> **RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none as phrased, there was no "Subject Ride." See also documents previously produced and/or annexed hereto as Uber_00202-280.**

**REQUEST NO. 15:** All Materials related to any Deactivation of the Subject Driver, including but not limited to all Communications concerning the Subject Driver's participation in quality improvement aimed to improve the Subject Driver's chances of reactivation.

> **RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, Defendants direct Plaintiffs to documents previously produced at Uber_000192-201.**

**REQUEST NO. 16:** Materials reflecting training Uber required the Subject Driver take at any time.

> **RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There is no required "training" beyond those mandated by the State of New Jersey Department of Motor Vehicles, the Transportation Network Safety Statute, (N.J.S.A. 39:5H-1, *et seq.*) or other state, local and federal laws.**

8

**REQUEST NO. 17:** All Voyager Data for the Subject Driver that resulted in a Telematic Trigger on any Ride at any time prior to and/or on the date of the Incident (including any Documents reflecting a Telematics Trigger, aleli, and/or notification).

> **RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per <u>R.</u> 4:10-2(g). Defendants also object to this Request to the extent it is not reasonably bounded in time or scope. Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There is no such thing as "Voyager data." Voyager is a proprietary data visualization tool utilized by *inter alia* in-house Counsel. To the extent this Request seeks access to Uber's proprietary internal tools, this Request improperly seeks proprietary and trade secret information entirely irrelevant to this motor vehicle accident litigation. Subject to Defendants' objections to Plaintiffs' improper terminology and mischaracterizations, Escobar did not receive any "telematic triggers" from signup in 2017 through the date of loss.**

**REQUEST NO. 18:** All Location Data, including Voyager Data, reflecting Unplanned Stops, Unplanned Rider-Driver Proximity, and/or Route Deviations for the Subject Driver at any time prior to and/or on the date of the Incident, whether or not there was a resulting Telematics Trigger.

> **RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per <u>R.</u> 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. See also response to No. 17 above.**

**REQUEST NO. 19:** All Chronicle Trip Data, including the Chronicle Trip animated map that shows on a moving map each Period the Driver is in concerning the Subject trip, including Period 1, Period 2, and Period 3. Additionally, the speed, direction, and movement of the vehicle during the Subject Trip. Finally, the point of time in which the Offer of the trip was made, the acceptance of the trip was made, if any.

CUS_DocIDChunk0

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There was no "Subject Trip" at issue in this litigation. Mr. Escobar was not involved in a ride at the time of the accident. Moreover, there is no such thing as "Chronicle data." Chronicle is a proprietary data visualization tool utilized by *inter alia* in-house Counsel. To the extent this Request seeks access to Uber's proprietary internal tools, this Request improperly seeks proprietary and trade secret information entirely irrelevant to this motor vehicle accident litigation. However, in the spirit of good faith, and pursuant to R. 4:18-1(b)(2)(C), all underlying App status, Speed and GPS data that may be deemed responsive to this request (with the caveat that there was no "trip" at the time of the accident), have been produced at Uber_000338-387, Uber_000018-154, and Uber_000308-337.**

**REQUEST NO. 20:** Produce all communications sent to the Subject Driver sixty (60)

minutes prior to the Subject Incident.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none as phrased. However in the spirit of good faith, see all in-app notifications from Escobar's original sign up in 2017 to the date of the accident annexed hereto as Uber_000528-826.**

**REQUEST NO. 21:** Produce all communications sent to the Subject Driver 1 year after the

subject incident.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Defendants also object to this Request as it is duplicative of multiple prior discovery requests. Subject to and without waiving these objections, none as phrased. To the extent this request is duplicative of prior requests and seeks all non-privileged communications regarding this**

10

incident, Defendants direct Plaintiffs to documents previously produced at Uber_000192-201.

**REQUEST NO. 22:**  All Materials reflecting Communications, at any time prior to or on the date of the Incident, between Uber and the Subject Driver related to any Telematics Triggers.

**RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. Subject to our objections to Plaintiffs' improper terminology and mischaracterizations, and to the best of our knowledge, Escobar did not receive any "telematic triggers" from signup in 2017 through the date of loss. Any request for onboard vehicle technology or mobile data from Ecobar's device is more appropriately directed to Escobar.**

**REQUEST NO. 23:**  For any Ride where the Subject Driver was given a Star Rating of 1 or 2 stars, any Documents related to why the Subject Driver received that rating (including but not limited to any attempts by Uber to find out why the Subject Driver received that rating, and/or anything Uber learned about why the Subject Driver received that rating).

**RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. Defendants direct Plaintiffs to documents produced at Uber_000397-406.**

**REQUEST NO. 24:**  For any Ride where the Subject Driver was given a Star Rating of O stars, any Documents related to why the Subject Driver received that rating (including but not limited to any attempts by Uber to find out why the Subject Driver received that rating, and/or anything Uber learned about why the Subject Driver received that rating).

**RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not**

CUS_DocIDChunk0

proportionate to the needs of this case per **R.** 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There is no such thing as "a Star Rating of O."

**REQUEST NO. 25:** For All Accounts for the Subject Driver, All Safety Lens Documents (including the Safety Lens landing page and all associated Information, data, documents, and views linked together within Safety Lens).

**RESPONSE:** Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per **R.** 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, pursuant to R. 4:18-1(b)(2)(C), Defendants have produced all underlying data to any information visible in Safety Lens. As with "Voyager" and "Chronicle" data, Safety Lens is proprietary internal data visualization tool utilized by *inter alia* in-house counsel. To the extent this Request seeks access to Uber's proprietary internal tools, this Request improperly seeks proprietary and trade secret information entirely irrelevant to this motor vehicle accident litigation. Subject to, and without waiving the foregoing, and in the spirit of good faith, pursuant to R. 4:18-1(b)(2)(C), all underlying documents/data responsive to this request have been produced as Uber_000155-191, Uber_000304-307, Uber_000338, Uber_000389, Uber_000397-393.

**REQUEST NO. 26**: All tickets for All Accounts for the Subject Driver.

**RESPONSE**: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing, and not proportionate to the needs of this case per **R.** 4:10-2(g). Defendants also object to this Request to the extent it seeks proprietary or trade secret information, or information subject to attorney-client privilege or work product. Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Moreover, this Request appears to seek proprietary/trade secret documents that were exchanged in discovery in multi-district litigation ("MDL") arising from alleged incidents of sexual misconduct and/or violence committed by unrelated individuals, in violation of a governing Protective Order in the Northern District of California. Similar to another matter in Texas, Plaintiffs' Counsel is improperly attempting to utilize information derived and/or created from materials subject to that Protective Order to "clone" the MDL discovery in unrelated motor vehicle accident cases for other purposes, including their own business and personal marketing. Therefore, no response is required. Subject to and without waiving the foregoing,

CUS_DocIDChunk0

**Defendants have already produced the underlying data and contents of the sole prior driving complaint made by a rider about Escobar in discovery, as Uber_000304-307.**

**REQUEST NO. 27:** For All Accounts for the Subject Driver, all Ticket-Related Documents or Materials (including but not limited to Location Data and Voyager Data) for any Tickets that involved allegations of any breaches of the twelve (12) Global Safety Taxonomy Categories.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Defendants further object to the definition of the phrase "Voyager Data" as such presumes facts not in evidence, or otherwise renders an impermissible and incorrect definition. Moreover, this Request appears to seek proprietary/trade secret documents that were exchanged in discovery in multi-district litigation ("MDL") arising from alleged incidents of sexual misconduct and/or violence committed by unrelated individuals, in violation of a governing Protective Order in the Northern District of California. Similar to another matter in Texas, Plaintiffs' Counsel is improperly attempting to utilize information derived and/or created from materials subject to that Protective Order to "clone" the MDL discovery in unrelated motor vehicle accident cases for other purposes, including their own business and personal marketing. Therefore, no response is required.**

**In the spirit of good faith, and by way of further clarification, it appears that this demand refers to taxonomies developed by Uber, in collaboration with organizations like RALIANCE and the Urban Institute, for incidents of sexual misconduct and/or violence committed by unrelated individuals. See https://abcnews.go.com/Business/uber-announces-21-categories-sexual-misconduct-report/story?id=59139591. This matter involves a motor vehicle accident. Subject to and without waiving these objections, none.**

**REQUEST NO. 28:** For any Rider who gave the Driver a 1-star rating and/or reported any breaches against the Driver of Uber's 12 Global Safety Taxonomy Categories and/or any Interpersonal Conflict against the Driver before the Subject Incident, produce every incident report or ticket, every JIRA form, and all internal communications and investigative material concerning these incidents.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise**

presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. See response to No. 27 above. See also prior incident comms at Uber_000305-306.

**REQUEST NO. 29:**  Produce the Communication Log or Comm Log for the subject driver

for the period of 2 years prior to the Subject Incident and six (6) months after the Subject Incident.

**RESPONSE:** Objection. Defendants object to this Request as it is vague, ambiguous, undefined, and not reasonably calculated to lead to the discovery of relevant evidence. Specifically, "Communication Log" and "Comm Log" are undefined or improperly defined rendering the request unintelligible, harassing and/or duplicative of prior requests. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per **R.** 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving the foregoing, and pursuant to R. 4:18-1(b)(2)(C), see documents previously produced as Uber_000192-201, Uber_000304-307, and in-app notifications annexed hereto as Uber_000528-826.

**REQUEST NO. 30:**  Produce all Knowledge Base Articles, documents and/or Policies

identified in Exhibit A, attached hereto.

**RESPONSE:** Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per **R.** 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Moreover, this Request appears to seek proprietary/trade secret documents that were exchanged in discovery in multi-district litigation ("MDL") arising from alleged incidents of sexual misconduct and/or violence committed by unrelated individuals, in violation of a governing Protective Order in the Northern District of California. Similar to another matter in Texas, Plaintiffs' Counsel is improperly attempting to utilize information derived and/or created from materials subject to that Protective Order to "clone" the MDL discovery in unrelated motor vehicle accident cases for other purposes including their own business and personal marketing.

Finally, this  violative Request seeks information entirely irrelevant to this motor vehicle accident litigation because it does not relate to any of Plaintiffs' vicarious liability or direct claims because they solely relate to materials used for processes and training of

14

customer support agents. See https://help.uber.com/. See also https://www.uber.com/blog/personalized-customer-support-experiences/. **Therefore, no response is required.**

**REQUEST NO. 31:** All Information Uber has concerning cellular phones used by the Subject Driver (including but not limited to cell phone number(s), make and model of cell phone(s), and IP addresses used by the Subject Driver).

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, Defendants respond to their knowledge, that on the date of the alleged incident, Mr. Escobar was utilizing an Android model SM-G998U. No additional responsive information is in the possession of Defendants. Further demands are more appropriately directed to Defendant Escobar.**

**REQUEST NO. 32:** All Location Data and Voyager Data reflecting the Subject Driver's movements and/or proximity to the Rider from the time the Subject Driver accepted the Subject Ride until two hours after the Subject Ride.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing, not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none, there was no "Subject Ride," at issue in this litigation, and no "Rider." Mr. Escobar was not involved in conducting a ride at the time of the alleged incident. Pursuant to R. 4:18-1(b)(2)(C), see response to No. 17, 18, 25, 27, 28.**

**REQUEST NO. 33:** All Location Data and Voyager Data reflecting the Plaintiffs movements and/or proximity to the Driver from the time the Subject Rider requested the Subject Ride until two hours after the Subject Ride.

CUS_DocIDChunk0

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, and pursuant to R. 4:18-1(b)(2)(C), none other than the Speed/GPS previously provided as Uber_000018-154 and Uber_000308-337. There was no "Subject Rider" at issue in this litigation or "Subject Ride." Mr. Escobar was not involved in conducting a ride at the time of the alleged incident.**

**REQUEST NO. 34:** All Information from Uber's Fractal program concerning the Subject Ride.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Moreover the term "Fractal program" is vague, undefined and/or improperly defined as it relates to this driver or this case, and is therefore unintelligible. Defendants further object to this Request to the extent it is duplicative, harassing, and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There was no "Subject Ride" at issue in this litigation. Mr. Escobar was not involved in conducting a ride at the time of the alleged incident.**

**REQUEST NO. 35:** The Chronicle Trip map animation that shows the movement of the Driver on the map from the time the Subject Ride was offered to the Driver through completion of the Ride or one hour after Ride completion if the latter data is available.

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There was no "Subject Ride" at issue in this litigation. Mr. Escobar was not involved in conducting a ride at the time of the alleged accident. Pursuant to R. 4:18-1(b)(2)(C), see also responses to No. 19, 25 above. To the extent this Request seeks access to Uber's proprietary internal tools, this Request**

improperly seeks proprietary and trade secret information entirely irrelevant to this motor vehicle accident litigation. **All underlying speed/GPS data for the date of loss in Uber's possession has been previously provided as Uber_000018-154 and Uber_000308-337.**

**REQUEST NO. 36:**  All Location Data for the Plaintiff for the period from 12 hours prior to 12 hours after the Subject Ride (including but not limited to Location Data for any other Ride taken by the Plaintiff during that time period).

**RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There was no "Subject Ride" at issue in this litigation. Mr. Escobar was not involved in conducting a ride at the time of the alleged accident. Pursuant to R. 4:18-1(b)(2)(C), all underlying speed/GPS data for the date of loss in Uber's possession has been previously provided as Uber_000018-154 and Uber_000308-337.**

**REQUEST NO. 37:**  All photographs, surveillance, video recordings, and/or audio recordings that captured any part of the Subject Incident or Subject Ride.

**RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Defendants also object to this Request as it is duplicative of multiple prior discovery requests, and is therefore vexatious and harassing. Subject to and without waiving these objections, none. There was no "Subject Ride" as defined at issue in this litigation. Mr. Escobar was not involved in conducting a ride at the time of the alleged accident. However, Defendants have previously produced pictures of Escobar's vehicle following the accident at Uber_000005-6, and audio/written communications regarding the accident at Uber_000192-201 to the extent this Request seeks information from after the alleged accident.**

17

**REQUEST NO. 38:** Documents reflecting the time, date, and contents of all User Interactions by the Subject Driver related to the Subject Ride. (This includes but is not limited to ride acceptance, trip started, trip ended, any in-app messaging, responses to Telematic Triggers, and any other inputs).

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing, not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none. There was no "Subject Ride" at issue in this litigation. Mr. Escobar was not involved in conducting a ride at the time of the alleged accident. Pursuant to R. 4:18-1(b)(2)(C), see also responses to Nos. 17, 18, 19, 25, 27, 32, above.**

**REQUEST NO. 39:**  All Documents provided to Law Enforcement that relate to the Subject Incident.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Subject to and without waiving these objections, none other than those that may have been previously exchanged, or may be exchanged by Escobar and/or Plaintiffs in future discovery.**

**REQUEST NO. 40:** All e-mails, Exact Target Messages, Zendesk messages, Bliss Messages, text messages and/or any type of electronic message sent to the Driver from January 1, 2018 to Present.

> **RESPONSE:  Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants also object to the extent that this request seeks information subject to attorney-client privilege or work product. Defendants further object to this Request to the extent it is duplicative, harassing, and/or is not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence,**

and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. By way of clarification, as with "Voyager" and "Chronicle" and "Safety Lens," "Bliss" is a proprietary internal data visualization tool utilized by *inter alia* in-house counsel. To the extent this Request seeks access to Uber's proprietary internal tools, this Request improperly seeks proprietary and trade secret information entirely irrelevant to this motor vehicle accident litigation. Subject to and without waiving these objections, the only data/documents that appear responsive to this request are the underlying communications, data, and materials previously produced as Uber_000192-201, Uber_000304-307, and in-app notifications annexed hereto as Uber_000528-826 pursuant to R. 4:18-1(b)(2)(C). Any requests for personal emails or text messages from Escobar device(s) are more appropriately directed to Escobar.

**REQUEST NO. 41:** All Materials reflecting Uber's Investigation of the Subject Incident, including the complete, up-to-date Ticket and Ticket-Related Documents. (Ticket Related Documents includes but is not limited to the Documents accessible via the hyperlinks shown in Appendix A.)

**RESPONSE: Objection. Defendants object to this Request as it is vague, ambiguous, and not reasonably calculated to lead to the discovery of relevant evidence. Defendants further object to this Request to the extent it is duplicative, harassing and not proportionate to the needs of this case per R. 4:10-2(g). Further objecting, Defendants object to this Request to the extent it assumes facts not in evidence, and otherwise presumes factual or legal information not present on the record. Defendants also object to this Request to the extent it seeks proprietary or trade secret information. Moreover, this Request appears to seek proprietary/trade secret documents that were exchanged in discovery in multi-district litigation ("MDL") arising from alleged incidents of sexual misconduct and/or violence committed by unrelated individuals, in violation of a governing Protective Order in the Northern District of California. Similar to another matter in Texas, Plaintiffs' Counsel is improperly attempting to utilize information derived and/or created from materials subject to that Protective Order to and "clone" the MDL discovery in unrelated motor vehicle accident cases for other purposes, including their own business and personal marketing. Therefore, no response is required.**

**Subject to, and without waiving the foregoing, and in the spirit of good faith, Defendants' first notice of Plaintiffs' alleged loss was via a letter of representation from Plaintiffs' Counsel Bruce Stern. Thereafter, all investigation was conducted by and/or at the direction of either Uber's in-house Counsel, or undersigned Counsel, or both, in anticipation of litigation based on the claims and allegations set forth in Mr. Stern's correspondence. Beyond documents already produced during litigation, including communications in Uber_000192-201, no non-privileged documents exist responsive to this request.**

19

Dated: June 16, 2025

BOWMAN AND BROOKE LLP

By: /s/ John Meyer
John W. Meyer, Esq.  (334332021)
Christopher R. Carton (016691995)
Edward L. O'Toole (*pro hac vice*)
317 George Street
Suite 320
New Brunswick, NJ 08901
201.577.5175
john.meyer@bowmanandbrooke.com
*Attorneys for Defendant*
*Uber Technologies, Inc, Rasier, LLC*

CUS_DocIDChunk0

## CERTIFICATION PURSUANT TO R. 4:18-1(c)

     I hereby certify that I have reviewed the document production request and that with the assistance of Counsel, I have made or caused to be made a good faith search for all documents responsive to the request. I further certify that of this date, to the best of my knowledge and information, the production is complete and accurate based on my personal knowledge and information provided by others. I acknowledge my continuing obligation to make a good faith effort to identify additional documents that are responsive to the requests and to promptly serve a supplemental written response and production of such documents, as appropriate, as I become aware of them.

<em>Erin O'keefe</em>
_____

Erin O'Keefe

Dated: June 14, 2025

CUS_DocIDChunk0