

**VIA ECF**

The Honorable Lisa J. Cisneros
San Francisco Courthouse
450 Golden Gate Avenue
San Francisco, CA 94102

      RE: *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, MDL No. 3084 CRB; Reply in Support of Motion to Quash Law Firm Subpoenas

Your Honor:

      Uber's brief reads more like an op-ed or comment to the rules committee than a discovery motion. Uber provides no reason why it needs this discovery in this case, let alone explanation of how such documents are "crucial" to the company's defense.[1]

      Start with the legal authority. Plaintiffs explained that courts almost never find funding information relevant, and the few that authorize discovery even of actual parties (not lawyers) require non-conjectural, particularized showings of relevance. The few discovery cases Uber cites reaffirm those points. In *Nunes v. Lizza*, 2021 WL 7186264 (N.D. Iowa Oct. 26, 2021), the court cautioned that "[m]ere speculation by the party seeking discovery will not suffice." *Id.* at *4. For that reason, "[c]ourts will compel discovery into funding sources only upon the presentation of some objective evidence that the discovering party's theories of relevance are more than just theories." *Id*. The court ordered discovery of a party (not the lawyers) only because the defendants showed that, in the "certainly unusual" facts of that case, the plaintiffs' funding went to "a crucial" substantive issue. *Id.*[2] The court was also concerned about the identity of a "real party in interest" and whether a key witness was biased. *Id.* at *5-6.[3] Here, Uber identifies no merits issue implicated, and lawyers are neither parties nor witnesses.

      Uber's remaining cases do not show relevance under Rule 26. First, none is a discovery order. Some reflect district courts inquiring into litigation funding in appointing MDL leadership or otherwise managing the case. *See In re Social Media Adolescent Addiction/Pers. Injury Prods. Liab. Litig.* MDL No. 3047 (N.D. Cal. Nov. 9, 2022); *In re Marriott Int'l Customer Data Sec. Breach Litig.*, No. 19-md-02879, ECF 171 (D. Md. Apr. 11, 2019); *In re: Nat'l Prescription*

---

[1] Uber suggests that the heightened standard governing discovery on opposing counsel applies only where such discovery has a demonstrated "chilling effect." But the cases Plaintiffs cite explain that such discovery is "universally disfavored." *PlayUp, Inc. v. Mintas*, 2024 WL 1285670, at *4 (D. Nev. Mar. 25, 2024). In any event, Uber does not establish even relevance.
[2] Specifically, whether a Congressman's involvement required proof of actual malice. *Id.* at *4.
[3] *See also Colon v. Rosa*, 2004 WL 1627337, at *2 (Mass. Land Ct. July 21, 2004) (in challenge to pharmacy permit, authorizing discovery based on concern that a competitor was controlling the lawsuit, and relying on history of political funding of lawsuits against President Clinton).

July 28, 2025
Page 2

*Opiate Litig.*, No. 17-md-2804, ECF 383 (N.D. Ohio May 7, 2018). And one was concerned about party funding (not lawyer funding) due to the potential for "exorbitant fees and rates of interest." *See In re Depo-Provera*, 2025 WL 1860996, at *1 (N.D. Fla. July 1, 2025).[4]

Second, nearly every order (the yes/no question in *Social Media* being the only exception) required disclosure *ex parte*. *See Marriott*, ECF 171 at 2; *Opiate*, ECF 383 at 1-2; *Depo-Provera*, 2025 WL 1860996 at *1-2. Each order necessarily determines, one explicitly, that such information is not properly the subject of discovery. *See Opiate*, ECF 383 at 2 ("Absent extraordinary circumstances, the Court will not allow discovery into 3PCL financing.").

Uber suggests that disclosure will enable to Court to discover any "conflicts of interest" and evaluate "recusal." These concerns, if sincere, would have been raised at the outset of the MDL, not through subpoenas to a subset of law firms years later. In any event, this argument, if accepted, would apply in every case. But this Court requires disclosure of funders only in class actions. N.D. Cal. Standing Order for All Judges ¶ 17.

Uber says that funding is relevant because this is not a "run-of-the-mill personal injury case or commercial dispute." But that a case is large and involves lots of discovery does not make irrelevant information relevant. *See In re Valsartan N-Nitrosodimethylamine (NDMA) Contamination Prods. Liab. Litig.*, 405 F. Supp. 3d 612, 615 (D.N.J. 2019) (denying discovery in sprawling MDL involving personal injury, medical monitoring, and class economic loss claims, while noting that "this MDL will undoubtedly be costly to prosecute and defend").

Finally, Uber argues that disclosure will aid settlement. But, as confirmed by Uber's own authority, courts require that argument be substantiated with particular facts. *See MSP Recovery Claims v. Sanofi-Aventis U.S. LLC*, 2024 WL 4913662, at *6 (D.N.J. Apr. 2, 2024) ("Defendants have identified documents suggesting that these three entities have intimate involvement in Plaintiffs' litigation decision-making."). Uber's only other case ordered disclosure (again, of a party, not law firms) to protect proceeds of a global settlement. *See In re 3M Combat Arms Earplug Prods. Liab. Litig.*, 19-md-2885, ECF 3815 (N.D. Fla. Aug. 29, 2023). Uber also has no response to Plaintiffs' point that such concerns are properly directed to Judge Andler.

The documents sought are also protected work product. *See* ECF 3402 (collecting cases, including within the Ninth Circuit); *Opiate*, ECF 383 at 2. Uber cites a few out-of-circuit cases, but none are persuasive. *Mize v. Kai, Inc.*, 2018 WL 1035084, at *8 (D. Colo. Feb. 23, 2018) applied a cramped standard that does not reflect the Ninth Circuit law Plaintiffs presented in their brief and ignores the protections against discovery of ordinary work product. *See id.* at *8 (inappropriately requiring "legal advice or mental processes"). In *Combs v. Bridgestone Americas, Inc.*, 2023 WL 9630592 (E.D. Ky. Nov. 27, 2023), the plaintiff concealed "evidence of payments of medical expenses or wage loss expenses," so the discovery sought went beyond documents created solely in anticipation of litigation. *Id.* at *8. In addition, the district court's order on the report & recommendation ordered production only to the extent the documents were "not protected work-product [] meaning … created in anticipation of trial," leaving it unclear whether the court agreed with the magistrate judge on that point. *Combs v. Bridgestone*

---

[4] *FastShip, LLC v. United States*, 143 Fed. Cl. 700 (2019) did not require any disclosure at all.

July 28, 2025
Page 3

*Americas, Inc.*, 2024 WL 188360, at *3 (E.D. Ky. Jan. 16, 2024). The third case, *Acceleration Bay LLC v. Activision Blizzard, Inc.*, 2018 WL 798731, at *1 (D. Del. Feb. 9, 2019) is a poorly reasoned outliner. *See Valsartan*, 405 F. Supp. 3d at 617 n.7 (noting "the weight of recent authority" finding work-product and identifying *Acceleration* as outlier going the other way).[5]

      Finally, the subpoenas are untimely. Uber's argument presupposes that Judge Breyer intended for indefinite, ongoing discovery on anything not "corporate," but that is neither a reasonable interpretation of the scheduling order nor a practical way of managing the litigation.

Respectfully,

Sarah R. London

ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

---

[5] *Acceleration* reasoned that a party's funding documents were "prepared with a 'primary' purpose of obtaining a loan, as opposed to aiding in possible future litigation." 2018 WL 798731 at *2. Other, better reasoned decisions disagree. *See Taction Tech., Inc. v. Apple Inc.*, 2022 WL 18781396, at *7 (S.D. Cal. Mar. 16, 2022) (rejecting the argument that "litigation funding documents are [] discoverable as facts related to a business transaction").

July 28, 2025
Page 4

## FILER'S ATTESTATION

     I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatory identified above has concurred in this filing.

Dated: July 28, 2025

By: <i>/s/ Andrew R. Kaufman</i>