Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*T.W. v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 00559-CRB<br><br>*P.K. v. Uber Technologies, Inc., et al.*, No. 3:24-cv- 00572-CRB | Case No. 3:23-md-03084-CRB<br><br>**NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS**<br><br>Date: August 22, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS
Case No. 3:23-md-03084-CRB

## I. INTRODUCTION

Defendants Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC (collectively "Uber") erroneously claim that Plaintiffs Jane Doe PK ("PK"), Case No. 3:24-cv-00572, and Jane Doe TW ("TW"), Case No. 3:24-cv-00559 (collectively the "Nachawati Plaintiffs"), failed to comply with court-ordered disclosure deadlines for the filing of their Plaintiff Fact Sheets ("PFS"). In actuality, the Nachawati Plaintiffs timely filed their PFS responses in accordance with the deadlines set out by this Court. Therefore, Uber's Motion to Dismiss respectfully must be denied as moot.

## II. PROCEDURAL HISTORY

As correctly set forth in Uber's motion, the timeline for filing the PFS is controlled by PTO 10. ECF No. 348 at 5-6. Per Uber, in accordance with PTO 10, Plaintiffs' PFS responses were due May 29, 2024. Shortnacy Decl., Ex. A, ECF No. 3493-2 at 2 (listing PK and TW's deadline as May 29, 2024). Plaintiffs PK and TW timely filed their original PFS responses on May 29, 2024. Ex. 1, Schulte Decl., at Ex. A (timeline of PK's PFS filings) and Ex. B (timeline of TW's PFS filings). Plaintiffs PK and TW timely supplemented their initial responses, filing their First Amended PFS responses on June 16, 2024, and their Second Amended PFS responses on December 12, 2024. *Id.*

Despite Plaintiffs PK and TW's timely disclosures and supplementations, Uber erroneously sent a Delinquency Notice on May 29, 2025, incorrectly alleging that Plaintiffs' PFS responses were overdue, despite being timely filed a year earlier. *Id.*, Ex. C at 3. The most likely reason for Uber's incorrect delinquency notice is the existence of multiple, duplicative plaintiff entries for the same case number on the case-filing portal. *Id.* at Ex. D (requesting to delete duplicate PK Plaintiff) and Ex. E (requesting to delete duplicate TW Plaintiff). Case No. 3:24-cv-00572, for Plaintiff PK's suit, contains duplicative entries for Plaintiff ID 1360 and Plaintiff ID 1212. Similarly, Case No. 3:24-cv-00559, for Plaintiff TW's suit, contains duplicative entries for Plaintiff ID 1361 and Plaintiff ID 1229. *Id.* at Ex. A, B, D, and E. Counsel has already sought to remove the duplicate plaintiff IDs from the portal. *Id.* at Ex. F. Due to an administrative issue, the Delinquency Notice was not received by the attorneys assigned to this case, so they were not able to notify Uber of its error or catch the duplication issue prior to receiving Uber's motion to dismiss.

Next, on July 10 and July 13, 2025, Uber sent two additional deficiency letters instructing

2

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS            Case No. 3:23-md-03084-CRB

1  Plaintiff TW and PK, respectively, to cure deficiencies in their PFS responses within 30-days, a
2  deadline that has not passed as of the filing of this response. PTO 10, ECF No. 348 at 7 (instructing
3  that deficient parties have 30 days to correct alleged deficiencies).

4  Now, on July 16, 2025, Uber filed the present Motion to Dismiss, incorrectly asserting that
5  the Nachawati Plaintiffs failed to file their PFS. ECF No. 3493. Because Uber has already received
6  the PFS for Plaintiffs PK and TW which forms the basis of the present motion, the relief Uber seeks
7  has already occurred and Uber's motion respectfully must be denied as moot.

8  **III. ARGUMENT**

9  Uber's Motion to Dismiss must be denied as moot. Plaintiffs PK and TW have not missed
10 the deadline to file their PFS responses and are in compliance with the discovery schedule imposed
11 by this Court. "A claim is considered moot if it has lost its character as a present, live controversy
12 and if no effective relief can be granted due to subsequent developments." *Abernethy v. Acting
13 Warden, FCI-Dublin*, No. 22-CV-03284-CRB (PR), 2023 WL 2960010, at *1 (N.D. Cal. Mar. 2,
14 2023) (Breyer, J.) (citing *Flast v. Cohen*, 392 U.S. 83, 95 (1968)).

15 "The doctrine of mootness, which is embedded in Article III's case or controversy
16 requirement, requires that an actual, ongoing controversy exist at all stages of federal court
17 proceedings." *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 862 (9th Cir. 2017) (quotation
18 omitted). "The basic question in determining mootness is whether there is a present controversy as
19 to which effective relief can be granted." *Id.* (quotation omitted).

20 Here, Uber is already in possession of Plaintiffs PK and TW's PFS responses and their
21 subsequent amendments. Thus, there is no effective relief this Court could grant. Therefore, Uber's
22 Motion to Dismiss must be denied as moot. Finally, even if any deficiency in Plaintiffs PK and TW
23 amended PFS responses remained, which is not addressed in the present motion, the deadline to cure
24 has not passed as of the filing of this response.

25 **IV. CONCLUSION**

26 The Nachawati Plaintiffs PK and TW timely submitted their original PFS responses, and
27 subsequent amendments. Thus, Uber's Motion to Dismiss for failure to comply is moot, and
28 respectfully should be denied accordingly.

3

Dated: July 30, 2025

                                                **NACHAWATI LAW GROUP**

*/s/ Steven S. Schulte*
Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com

*Counsel for Plaintiffs*

4

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND
RASIER-CA, LLC'S MOTION TO DISMISS                                    Case No. 3:23-md-03084-CRB

5

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND
RASIER-CA, LLC'S MOTION TO DISMISS                                    Case No. 3:23-md-03084-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on July 30, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Steven S. Schulte*
Steve Schulte (TX SBN 24051306)