United States District Court
Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates To:

ALL CASES.

Case No.  23-md-03084-CRB   (LJC)

**ORDER GRANTING MOTION TO QUASH LITIGATION FUNDING SUBPOENAS**

Re: Dkt. No. 3402

Plaintiffs move to quash subpoenas served on several of their law firms seeking documents pertaining to litigation funding.  Dkt. No. 3402.  As discussed below, that Motion is GRANTED based on Uber's failure to show that the subpoenas seek evidence relevant to a claim or defense within the meaning of Rule 26 of the Federal Rules of Civil Procedure.  The Court also addresses Uber's arguments regarding settlement and conflicts of interest.  To the extent that Plaintiffs are aware of any entities with a financial interest in the member cases of this multidistrict litigation, including sources of litigation funding, Plaintiffs must disclose them under Civil Local Rule 3-15(b)(2).

A.    **Relevance Under Rule 26**

"The scope of discovery [through subpoenas] under Rule 45 is the same as under Rule 26(b)."  *Waymo LLC v. Uber Techs., Inc.*, No. 17-cv-00939-WHA (JSC), 2017 WL 2929439, at *2 (N.D. Cal. July 7, 2017).  Rule 26(b) allows for "discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case," except as "otherwise limited by court order."  Fed. R. Civ. P. 26(b)(1).

Recognizing that courts have reached different conclusion on the subject, this Court is not persuaded that litigation funding "is relevant to any party's claim or defense" under the

United States District Court
Northern District of California

1    circumstances of this litigation.  *See id.*  Uber has not identified, for example, how litigation

2    funding information "might affect the plaintiff's credibility or be used for impeachment."  *Cf.*

3    *Nunes v. Lizza*, No. 20-cv-4003-CJW, 2021 WL 7186264, at *4 (N.D. Iowa Oct. 26, 2021)

4    (allowing discovery of litigation funding information based on "the unusual facts" of that

5    defamation case, including the possibility that the source of funding was a public figure while a

6    nominal plaintiff was not).  There is no indication that discovery into the source or nature of

7    litigation funding could lead in any way, directly or indirectly, to evidence that would be relevant

8    or admissible at the trials on the merits of these cases.  *See* Fed. R. Evid. 401 ("Evidence is

9    relevant if: (a) it has any tendency to make a fact more or less probable than it would be without

10   the evidence; and (b) the fact is of consequence in determining the action.").  Plaintiffs' motion to

11   quash is therefore GRANTED.

12   The Court need not and does not reach the parties' remaining arguments regarding the

13   subpoenas, including as to their timeliness, the heightened standards for subpoenas directed to

14   opposing counsel, or whether the subpoenas seek protected attorney work product.

15   **B.      Conflicts of Interest and Civil Local Rule 3-15**

16   Uber contends that litigation funding arrangements should be disclosed to avoid any

17   potential for judicial conflicts of interest.  ECF No. 3538 at 3.  Civil Local Rule 3-15 requires

18   "[e]ach non-governmental party" to "file a 'Certification of Conflicts and Interested Entities or

19   Persons,'" Civ. L.R. 3-15(a), which must:

20   
21   
22   
23

> disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy . . . ; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

24   Civ. L.R. 3-15(b)(2).

25   Plaintiffs rely on the Standing Order for All Judges of the Northern District of California

26   for the proposition that disclosure under Local Rule 3-15 only includes litigation funders in class,

27   collective, or representative actions.  ECF No. 3587 at 2.  The relevant provision of the Standing

28   Order reads as follows:

United States District Court
Northern District of California

1
2
3
4
5
6
7

Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15. In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding. In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

8   Standing Order for All Judges of the Northern District of California, ¶ 17, *available at*

9   https://cand.uscourts.gov/wp-content/uploads/judges/Standing_Order_All_Judges-11-30-2023.pdf

10  [https://perma.cc/3S52-6J4N].

11          Under the plain language of Local Rule 3-15, a provider of litigation funding whose

12  financial arrangement is in any way contingent on the outcome of litigation[1] has "a financial

13  interest of any kind in the subject matter in controversy."  Civ. L.R. 3-15(b)(2).  The Court

14  declines to read the Standing Order for All Judges, which—as indicated by its subheading—is

15  directed to the "Contents of Joint Case Management Statement," as limiting the scope of Local

16  Rule 3-15.  Moreover, the Standing Order's note about litigation funding in the context of class

17  and representative actions does not state that litigation funding arrangements fall within the scope

18  of the Local Rule *only* in such cases.

19          Accordingly, to the extent that Plaintiffs are aware of any person or entity with an interest

20  in the outcome of any case in this MDL that has not already been disclosed under Civil Local Rule

21  3-15 (including but not limited to sources of litigation funding whose arrangements are contingent

22  in any way on the outcome of litigation), Plaintiffs must file supplemental certificates of interested

23  entities.  Each law firm representing Plaintiffs in this case must file a digest of all such interested

24  entities (and the cases in which they have an interest) in the MDL docket no later than August 8,

25  2025.  Multiple law firms may consolidate those digests into a single filing if they so choose.

26

27  [1] In contrast, a provider of a loan for which repayment is not in any way contingent on the outcome of litigation, and which provides for no other compensation based on the outcome of
28  litigation or control over the direction of litigation, would likely fall outside the scope of the Local Rule.

3

United States District Court
Northern District of California

1    Plaintiffs must also file updated certifications in each individual case where such an

2 interest is present.  Under Civil Local Rule 3-15(c)(2), a certification is required to "[l]ist names

3 and identify their connection and interest."  Plaintiffs may describe the "interest" of litigation

4 funders in general terms, along the lines of "source of funding with a contingent interest in the

5 outcome of litigation."  To account for the potential logistical challenge of the large number of

6 filings that might be required from some firms, the Court sets a deadline of August 15, 2025 for

7 filings in individual cases.

8    **C.      Relevance to Settlement**

9    Uber also argues for disclosure of litigation funding arrangements on the basis that

10 litigation funders could influence settlement.  ECF No. 3538 at 3–4.  There might be some

11 potential for such influence, at least in some circumstances, but that does not make such

12 information "relevant to any party's claim or defense" within the meaning of Rule 26(b)(1).

13 "[S]ettlement considerations are a wholly distinct concept and not a proper basis to obtain

14 discovery under Rule 26(b)(1)."  *Fulton v. Foley*, No. 17-CV-8696, 2019 WL 6609298, at *3

15 (N.D. Ill. Dec. 5, 2019) (granting a motion to quash a subpoena seeking documents related to

16 litigation funding).

17    To the extent there might be prudential reasons outside the scope of Rule 26 to require or

18 encourage disclosure of litigating funding arrangements to facilitate settlement discussions, that

19 could be a matter to address to the Special Master appointed to oversee settlement discussions.

20 This Order should not be construed as limiting any authority the Special Master might otherwise

21 have with respect to such issues, or as suggesting any view as to whether further disclosure of

22 funding arrangements beyond what is required by Local Rule 3-15 is or is not appropriate in the

23 context of settlement discussions for this litigation.

24    **IT IS SO ORDERED.**

25 Dated: August 1, 2025

26

27                                    LISA J. CISNEROS
                                      United States Magistrate Judge

28

4