LAURA VARTAIN HORN (SBN: 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (*Pro Hac Vice* admitted)
allison.brown@kirkland.com
JESSICA DAVIDSON (*Pro Hac Vice* admitted)
jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

Attorneys for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[Additional Counsel Listed on Following Pages]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RAISER, LLC, AND RAISER-CA, LLC'S (COLLECTIVELY "UBER") MOTION FOR RELIEF FROM NONDISPOSITIVE PRETRIAL ORDER OF MAGISTRATE JUDGE**<br><br>JUDGE: HONORABLE R. BREYER<br>COURTROOM: 6-17TH FLOOR |

Uber respectfully objects to Magistrate Judge Lisa Cisneros's July 22, 2025 Order (Dkt. 3545) denying Uber leave to file a motion for reconsideration of her April 24, 2025 Minute Order (Dkt. 2855) on the sole ground that Uber failed to exercise diligence in seeking leave. Because that finding is contrary to law addressing reasonable diligence in similarly complex cases and based on the incorrect and unsupported factual conclusion that the timing of Uber's motion is inconsistent with the case schedule and would delay discovery, this Court should set aside the July 22 Order and allow Uber to file its motion for reconsideration (Dkt. 3442, Ex. A).

## BACKGROUND

The attorney-client and work product privileges are bedrock principles of American jurisprudence and core to fair representation. At the April 24 Status Conference, the Magistrate Judge *sua sponte* concluded that Uber had waived these sacrosanct protections for certain unidentified documents Uber de-designated during the time she was overseeing privilege disputes. In so finding, the Magistrate Judge did not follow the procedure for submitting clawback disputes to the Court established by Pretrial Order 14. The Magistrate Judge also made her *sua sponte* ruling without first providing notice to Uber and/or a full and fair opportunity to be heard on this consequential issue. As a result, Uber was deprived of its attorney-client and work-product protections without consideration of the factual circumstances surrounding the de-designation and clawback of the unidentified documents or even a chance to develop and brief arguments. In response, Uber asked for leave to file a motion for reconsideration on July 9, 2025. However, the Magistrate Judge again refused to consider the merits of Uber's position, and instead denied its motion based on a conclusory finding that granting the motion would delay discovery. Dkt. 3545 at 8.

## LEGAL STANDARD

A magistrate judge's rulings on non-dispositive motions may be set aside or modified by the district court if found to be "clearly erroneous" or "contrary to law." 28 U.S.C. § 636 (b)(1)(A); Fed. R. Civ. P. 72(a). The clearly erroneous standard applies to findings of fact, whereas legal conclusions are reviewable to determine whether they are contrary to law. *See, e.g.*, *Equal Employment Opportunity Comm'n v. Peters' Bakery*, 301 F.R.D. 482, 484 (N.D. Cal. 2014); *Perry v.*

*Schwarzenegger*, 268 F.R.D. 344, 348 (N.D. Cal. 2010). Under the clearly erroneous standard, a district court must reverse the magistrate judge's order if it is left with "a definite conviction that a [factual] mistake has been committed." *Perry,* 268 F.R.D. at 348 (quotations and citations omitted). By contrast, the contrary to law standard requires the district court to conduct an "independent, plenary review of purely legal determinations by the magistrate judge" and set aside her order if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *See Perez v. Cty. of Fresno*, 519 F. Supp. 3d 718, 722 (E.D. Cal. 2021) (collecting cases); *see also Olais-Castro v. U.S.*, 416 F.2d 1155, 1158 n.8 (9th Cir. 1969) ("The term 'contrary to law' means contrary to any existing law.").

## **ARGUMENT**

This Court should set aside the July 22 Order for at least two reasons. *First*, the finding that Uber failed to exercise diligence is contrary to law. Rule 7-9's "reasonable diligence" requirement imposes no specific time limits on filing a motion for leave, and instead contemplates leave to move for reconsideration of any interlocutory order before entry of final judgment. *Monterey Bay Mil. Hous., LLC v. Pinnacle Monterey LLC*, No. 14-CV-03953-BLF, 2015 WL1548833, *5 n.9 (N.D. Cal. Apr. 7, 2015). Courts handling class actions or other complex cases have found, after looking at the cases' circumstances and complexity, that parties exercised reasonable diligence in filing their motion more than 10 weeks after the courts' orders. *See, e.g.*, *Senne v. Kansas City Royals Baseball Corp.,* No. 14-CV-00608-JCS, 2016 WL 1623913, at *4 (N.D. Cal. Apr. 25, 2016) (Judge Spero finding "[m]oving Defendants were reasonably diligent in bringing the Motion" over 300 days after the court's order and approximately five months after one of the depositions that provided new evidence, "given the magnitude of the case, the many difficult discovery issues that have arisen in recent months and the deadlines facing the parties"); *Huawei Techs. Co. v. Samsung Elecs. Co.,* No. 3:16-cv-02787-WHO, 2018 U.S. Dist. LEXIS 34793, at *16 (N.D. Cal. Mar. 1, 2018) (Judge Orrick refusing "to deny the motion on procedural grounds" of reasonable diligence "'[g]iven the case's complexity and extended schedule,'" where plaintiff sought leave more than four months after the order).

The Magistrate Judge failed to apply the reasoning of this authority and improperly failed to consider the case's complexity and numerous deadlines; thus, her finding that Uber failed to show

diligence is contrary to law. Indeed, because the legal issues were never briefed or argued, and the documents subject to the ruling were never identified prior to her ruling, Uber was not even given an opportunity to investigate the legal and factual issues until *after* it received the transcript of the order on April 28. As explained below, these unprecedented circumstances added a layer of complexity that did not exist in *Senne*, *Huawei*, or any of the cases that have addressed reasonable diligence, and which further supports Uber's showing of reasonable diligence.

After the April 24 Order, Uber carefully assessed the meaning, scope, and potential impact of the ruling and the authority that justifies reconsideration. Since the order did not identify any particular documents, Uber requested a list from Plaintiffs to understand their interpretation of the ruling. After Uber received Plaintiffs' list on May 5, it investigated the documents' production and clawback history.[1] Analysis of Plaintiffs' list revealed the parties viewed the scope and application of the ruling differently. Nevertheless, Uber analyzed the documents to determine ways to narrow or resolve the dispute. Uber investigated and assessed all of these factors in deciding whether to file, and in preparing, the motion for leave. Parties normally spend time on such analysis before filing and arguing motions, and before a court order, not after, as here given the Magistrate Judge's *sua sponte* ruling.

Uber's reasonable diligence is further underscored by the fact that it reverse-engineered the April 24 Order while keeping a very aggressive schedule for briefing (often with multiple deadlines per week) and submission of thousands of other privilege disputes to the Special Master.[2] Indeed, between April 24 and July 9, Defendants briefed and submitted approximately 2,500 documents to the Special Master for review. Uber also analyzed the Special Master's rulings for hundreds of documents that had been previously submitted to determine whether to object to the rulings, drafted any such objections if needed, and met and conferred with Plaintiffs weekly on privilege disputes. That was in addition to the many other complex issues and deadlines in this MDL. For example, between April 24

---

[1] This included a document-by-document analysis of the original privilege claim and the timing and circumstances for the de-designation, including whether any privilege redactions were maintained during the de-designation. Reconstructing the production history required review of multiple versions of the produced documents, some of which were voluminous, and various iterations of the privilege log.

[2] The Special Master has upheld in full or in part the vast majority (85-90%) of Uber's privilege claims.

and July 9, Uber produced approximately 150,000 documents, defended approximately 37 company witness depositions and 40 fact depositions, briefed 60 motions, including motions to transfer bellwether cases, and served 1,005 Plaintiff Fact Sheet deficiency notices. The magnitude of the case, the many difficult discovery issues, and the deadlines facing the parties are more complex than the ones in *Senne*, *Huawei*, and most cases.

In light of the foregoing, the Magistrate Judge incorrectly found that *Senne* and *Huawei*–cases instructing that case-complexity must factor into the reasonable diligence analysis–were unpersuasive and inapposite. The Magistrate Judge distinguished *Senne* because Judge Spero denied leave after finding the moving party had failed to establish "new material facts" and the question of diligence "was not material to the outcome." Dkt. 3545 at 7. But Uber did not cite *Senne* for its finding on the merits of the new material facts. Instead, Uber cited *Senne* to illustrate that the defendant was "reasonably diligent in bringing the Motion" even though it was filed over 300 days after the order and five months after discovery of the evidence. *Senne*, 2016 WL 1623913, at *4.

Similarly, the Magistrate Judge distinguished *Huawei* because Judge Orrick granted the plaintiff's motion for reconsideration "with no explanation for the delay beyond 'the case's complexity and extended schedule.'" Dkt. 3545 at 7. Although Judge Orrick's diligence reasoning was sparse, he nevertheless explained that requirement was satisfied by the plaintiff's "*insistence that it was reasonably diligent* 'given the case's complexity and extended schedule.'" *Huawei*, 2018 U.S. Dist. LEXIS 34793, at *17 (emphasis added). There, the plaintiff successfully argued it was reasonably diligent because the case was "highly complex" and "a long runway remain[ed] in the case schedule," with several months before the close of discovery and trial. *Huawei* Pl.'s Mot. at 8-9 (Dkt. 225). Similar circumstances support a finding of reasonable diligence here. Uber did not seek reconsideration anywhere near "the eve of trial," with discovery not closing until October 6 and trial scheduled to begin December 8.

The Magistrate Judge also distinguished *Huawei* because Judge Orrick relied on the Federal Circuit's endorsement of a "rolling claim construction, in which the [district] court revisits and alters its interpretation of the claim terms as its understanding of the technology evolves"–a process not

1 relevant here. Dkt. 3545 at 7-8. But the rolling claim construction issue in *Huawei* was not the basis for Judge Orrick's reasonable-diligence finding. Indeed, Plaintiff identified in its motion for leave, claims construction as a ground for relief separate from Rule 7-9. *Huawei* Pl.'s Mot. at 9 (Dkt. 225).

*Second*, the Magistrate Judge committed clear factual error in finding that the timing of Uber's motion is inconsistent with Rule 7-9(b) because it was filed after June 16 and would delay discovery. Dkt. 3545 at 8. The Magistrate Judge denied leave because she "made clear at the April 24 status conference its interest in not letting these clawback disputes further delay discovery and other proceedings" and filing "nearly a month after the substantial completion deadline, in a case that has already faced substantial delays and where both this Court and Judge Breyer have repeatedly emphasized adherence to the case schedule is not consistent with reasonable diligence . . . ." *Id.* But the order did not actually find that the clawbacks impeded the substantial completion of discovery or identify *any* facts supporting the assertion that leave would delay discovery. Nor could she have done so given there is no evidence in the record to support those points. Uber substantially completed production by June 16–having produced 1.7 million documents. And it is undisputed that Uber has clawed back a small number of documents potentially subject to the ruling. Plaintiffs have not challenged the merits of Uber's privilege claims for most of those documents. Resolving Plaintiffs' procedural challenge for the approximately 100 documents will not impact the schedule. But even if Plaintiffs challenge the merits of the claims, the 100 documents are a drop in the bucket compared to the over 2,000 documents that have been submitted for review and remain to be ruled upon by the Special Master. Resolving the dispute for the 100 documents will not impede the case schedule.[3]

Uber has a right to be heard on the merits before losing its right to assert evidentiary privileges. Because the Magistrate Judge's abbreviated process afforded Uber no opportunity to be heard, she made decisions that were contrary to law and which rested upon a clearly erroneous view of the facts. Accordingly, the Court should reverse the Magistrate Judge's ruling.

---

[3] If Plaintiffs want to prioritize review of these 100 documents, the parties can jointly approach the Special Master and request that she prioritize them over the other 2,000. The Special Master has previously accommodated such requests. This matter can certainly be resolved in a short time.

1  DATED: August 5, 2025                         Respectfully submitted,

                                                 **SHOOK HARDY & BACON L.L.P.**

                                                 By: */s/ Maria Salcedo*
                                                      MARIA SALCEDO

                                                 **KIRKLAND & ELLIS LLP**
                                                 LAURA VARTAIN HORN
                                                 ALLISON M. BROWN
                                                 JESSICA DAVIDSON

                                                 **O'MELVENY AND MYERS LLP**
                                                 SABRINA STRONG
                                                 JONATHAN SCHNELLER

                                                 **SHOOK, HARDY, & BACON, LLP**
                                                 PATRICK OOT (Admitted *Pro Hac Vice*)
                                                      oot@shb.com
                                                 1800 K St. NW Ste. 1000
                                                 Washington, DC 20006
                                                 Telephone: (202) 783-8400
                                                 Facsimile: (202) 783-4211

                                                 ALYCIA A. DEGEN (SBN: 211350)
                                                      adegen@shb.com
                                                 MICHAEL B. SHORTNACY (SBN: 277035)
                                                      mshortnacy@shb.com
                                                 2121 Avenue of the Stars, Suite 1400
                                                 Los Angeles, CA 90067
                                                 Telephone: (424) 285-8330
                                                 Facsimile: (424) 204-9093

                                                 CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
                                                      ccotton@shb.com
                                                 MARIA SALCEDO (Admitted *Pro Hac Vice*)
                                                      msalcedo@shb.com
                                                 2555 Grand Blvd.
                                                 Kansas City, MO 64108
                                                 Telephone: (816) 474-6550
                                                 Facsimile: (816) 421-5547

                                                 *Attorney for Defendants*
                                                 UBER TECHNOLOGIES, INC.,
                                                 RASIER, LLC, and RASIER-CA, LLC