ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER** |
| This Document Relates to:<br><br>*Jane Doe LS 98 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05412-CRB | Judge: Honorable Charles R. Breyer<br>Date: August 22, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1 | *Jane Doe LS 326 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05415-CRB

2

3 | *Jane Doe LS 245 v. Uber Technologies, Inc., et al.,* No. 3:23-cv- 05944-CRB

4 | *T.W. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 00559-CRB

5

6 | *P.K. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 00572-CRB

7 | *D.P. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 04449-CRB

8

9 | *Jane Roe CL 16 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04837-CRB

10 | *Jane Roe CL 24 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05536-CRB

11

12 | *Jane Roe CL 34 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05696-CRB

13 | *Jane Roe CL 36 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05720-CRB

14

15 | *Jane Roe CL 37 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05728-CRB

16 | *Jane Roe CL 38 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05729-CRB

17

18 | *Jane Roe CL 42 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05740-CRB

19 | *Jane Roe CL 43 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05741-CRB

20

21 | *Jane Roe CL 48 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05810-CRB

22 | *Jane Roe CL 53 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05831-CRB

23

24 | *Jane Roe CL 56 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05837-CRB

25 | *Jane Doe LS 268 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 05910-CRB

26

27 | *Jane Roe CL 65 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 06189-CRB

28

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH COURT ORDER

Case No. 3:23-MD-3084-CRB

1  *Jane Roe CL 70 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 06863-CRB

2  *Jane Roe CL 71 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 06864-CRB

3

4  *Jane Roe CL 76 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07569-CRB

5

6  *Jane Roe CL 77 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07571-CRB

7  *Jane Roe CL 78 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07584-CRB

8

9  *Jane Roe CL 79 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07857-CRB

10  *A.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07929-CRB

11

12  *A.R. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08177-CRB

13  *Jane Roe CL 81 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08521-CRB

14

15  *Jane Roe CL 83 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08525-CRB

16  *Jane Roe CL 84 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08526-CRB

17

18  *Jane Roe CL 85 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08754-CRB

19  *Jane Roe CL 86 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08756-CRB

20

21  *K.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09059-CRB

22  *Jane Roe CL 88 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09145-CRB

23

24  *Jane Doe LS 546 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09186-CRB

25  *G.C. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09195-CRB

26

27  *Jane Doe LS 547 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09208-CRB

28

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH COURT ORDER

Case No. 3:23-MD-3084-CRB

1 | *Jane Doe LS 548 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09211-CRB

2

3 | *Jane Roe CL 91 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09235-CRB

4 | *Jane Roe CL 92 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09237-CRB

5

6 | *Jane Roe CL 93 v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 09549-CRB

7 | *Jane Roe CL 98 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 00853-CRB

8

9 | *B.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 00982-CRB

10 | *Jane Roe CL 101 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01118-CRB

11

12 | *Jane Roe CL 102 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01120-CRB

13 | *Jane Doe LS 550 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01327-CRB

14

15 | *Jane Roe CL 103 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01347-CRB

16 | *Jane Roe CL 105 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01349-CRB

17

18 | *Jane Roe CL 107 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01470-CRB

19 | *Jane Doe LS 553 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01493-CRB

20

21 | *Jane Roe CL 109 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01652-CRB

22 | *Jane Roe CL 110 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01653-CRB

23

24 | *Jane Doe LS 554 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01693-CRB

25 | *Jane Roe CL 114 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01942-CRB

26

27 | *K.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01962-CRB

28

*TA.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 01967-CRB

*Jane Roe CL 118 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02132-CRB

*Jane Roe CL 119 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02133-CRB

*Jane Roe CL 122 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02138-CRB

*Jane Doe LS 580 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02460-CRB

*Jane Roe CL 126 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02495-CRB

*Jane Roe CL 127 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02496-CRB

*Jane Roe CL 130 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02742-CRB

*Jane Roe CL 131 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02743-CRB

*Jane Roe CL 135 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02747-CRB

*Jane Doe LS 582 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02792-CRB

*Jane Doe LS 584 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 02806-CRB

*Jane Roe CL 137 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03036-CRB

*Jane Roe CL 138 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03137-CRB

*Jane Doe LS 589 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03216-CRB

*Jane Doe LS 590 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03217-CRB

*Jane Roe CL 139 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03255-CRB

*Jane Roe CL 142 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03258-CRB

*Jane Doe LS 592 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03266-CRB

*Jane Doe LS 593 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03269-CRB

*Jane Doe LS 594 v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03274-CRB

*T.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03261-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with Court Order, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to serve a PFS despite this Court's order directing them to do so months ago. PTO 10 at 5–6, ECF No. 348. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL by (1) unilaterally excluding these Plaintiffs from consideration as bellwether cases and (2) impeding Uber's ability to adequately investigate the claims against it under the immense time pressure of an MDL. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Uber's request that the Court issue one final order compelling Plaintiffs to submit a PFS within 14 days or face dismissal with prejudice is entirely reasonable.

Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Indeed, courts have repeatedly dismissed with prejudice under similar circumstances. *See, e.g., In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020); *Guidant*, 496 F.3d at 865-66; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019).

Plaintiffs' responses[1] to Uber's Motion to Dismiss can be categorized into five basic types:

---

[1] The Wagstaff Law Firm has filed two Responses, ECF Nos. 3608 & 3609, which are similar but not identical, purporting to be on behalf of the same four Plaintiffs. Without conceding the propriety of this double filing, Uber's Reply addresses both responses, as well as the responses filed by the Nachawati Law Group (ECF No. 3603), Cutter Law P.C. (ECF No. 3605) and Levin Simes LLP (ECF No. 3610) in a single filing for this Court's convenience.

1    (1) Some of the Plaintiffs who failed to submit a PFS have not responded to Uber's motion, and for that reason alone the motion should be granted as to those Plaintiffs. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025).

(2) Other Plaintiffs have responded primarily to quibble with the procedure followed by Uber. *E.g.,* ECF No. 3608 at 2; ECF No. 3609 at 2; ECF No. 2610 at 2. But Uber appropriately filed a motion to dismiss as permitted by Federal Rules of Civil Procedure 37 and 41.

(3) Still other Plaintiffs have maintained that, although they have failed to submit fact sheets, they have good reasons for not doing so and, regardless, this Court should excuse this failure for various reasons, including because other Plaintiffs have submitted a PFS in other cases.[2] *See* ECF No. 3605 at 1; ECF No. 3610 at 3-5. Plaintiffs have filed individual cases, not class actions, and therefore they must individually comply with the Court's orders. *See Sanchez v. Autozone, Inc.,* No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018). They cannot excuse their individual noncompliance by pointing to others' compliance.

(4) Some Plaintiffs contend that Uber has not been harmed by their failings. ECF No. 3609 at 2; ECF No. 3610 at 608. As set forth in Uber's Motion to Dismiss and this Reply, Uber has been harmed.

(5) Finally, Plaintiffs contend that dismissal is too drastic a remedy, *id.*, but this assertion is meritless because they have already been given extensions and/or warnings of their noncompliance, making dismissal an appropriate remedy. *See, e.g., Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).

---

[2] The following Plaintiffs initially included in Uber's motion have now submitted PFS, and Uber therefore withdraws its motion as to those Plaintiffs: T.W. (No. 3:24-cv-00559), P.K. (No. 3:24-cv-00572), B.M. (No. 3:25-cv-00982), Jane Roe CL 38 (No. 3:24-cv-05729), Jane Roe CL 105 (No. 3:25-cv-01349), Jane Roe CL 126 (No. 3:25-cv-02495), Jane Roe CL 127 (No. 3:25-cv-02496), Jane Roe CL 135 (No. 3:25-cv-02747), Jane Roe CL 142 (No. 3:25-03258), and Jane Roe LS 546 (No. 3:24-cv-09186). Additionally, Plaintiffs Jane Roe CL 103 (No. 3:25-cv-01347) and Jane Roe CL 131 (No. 3:25-cv-02743) have been dismissed by joint stipulation and therefore Uber withdraws its motion as to those Plaintiffs.

# ARGUMENT

## I. Five Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.

The Meyer Wilson firm, representing Plaintiffs in *D.P. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 04449-CRB; *A.R. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 08177-CRB; and *G.C. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09195-CRB, did not file a response in opposition to Uber's Motion to Dismiss. Neither did Pulaski Kherkher, representing the Plaintiff in *A.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 07929-CRB. And although the Wagstaff Law Firm filed two responses to Uber's motion, neither of those responses purported to oppose dismissal for that firm's client in *T.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv- 03261-CRB. ECF Nos. 3608 & 3609. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because Plaintiffs D.P., A.R., G.C., A.J., and T.G. compounded their failure to timely submit a PFS by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to those Plaintiffs.

## II. Uber's Motion was procedurally proper.

In the first of its responses, the Wagstaff Law Firm argues that Uber's motion to dismiss under Rules 37 and 41 was "procedurally improper" because Uber should instead have filed a motion to show cause. ECF No. 3608 at 2. This response cites only California state law, but in this federal court, federal rather than state law applies to questions of procedure. *Gasperini v. Ctr. for Humanities,* 518 U.S. 415, 427 (1996). The Ninth Circuit has long been clear that a motion to dismiss is an appropriate vehicle to seek relief under Federal Rule of Civil Procedure 37, as Uber has done here. *See Anheuser Busch, Inc. v. Natural Beverage Distrib.,* 69 F.3d 337, 348 (9th Cir. 1995). In addition, the plain language of Federal Rule of Civil Procedure 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Plaintiffs' argument that a motion to show cause was required is simply incorrect.

In the second of its two responses, the Wagstaff Law Firm similarly argues that Uber's motion was "procedurally improper," this time claiming that Uber needed to seek an order to show cause to make a record in support of "the requisite showing of 'flagrant disregard.'" ECF No. 3609 at 2. This misstates the requisite showing for dismissal, which is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Uber's motion shows that Plaintiffs have disobeyed this Court's order and Plaintiffs have not shown the disobedience to be outside their control. Indeed, Plaintiffs have provided no individualized facts but only generalized excuses for their failure to comply with the Court's order.

Finally, Levin Simes LLP's response argues that Uber should have met and conferred with Plaintiffs before filing its motion. ECF No. 3610 at 1-2. Uber and Levin Simes have repeatedly discussed the Plaintiffs' PFS deficiencies, including most recently with connection with the Joint Statement filed by Uber and Levin Simes on July 24 of this year. The parties' positions are known to one another and there is nothing further to discuss. Moreover, parties lack the power to agree among themselves to disregard deadlines set forth in a court order. *In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *3 (N.D. Cal. March 19, 2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or not."); *Brown v. Wescott,* No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013) ("The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements."). The meet and confer requirement can be excused where, as here, meeting and conferring would be futile. *Tapgerine, LLC v. 50Mango, Inc.*, No. C 16-06504,  2017 WL 1956874, at *3 (N.D. Cal. May 11, 2017).

**III.   The first & second *Malone* Factors: Plaintiffs' compliance with this Court's PFS deadline cannot be excused.**

Those Plaintiffs who address the first two *Malone* factors (the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket) essentially argue those factors

should be ignored because their failure to comply with the Court's order "can be endured" and has not rendered the Court's docket "unmanageable." ECF 3610 at 3. Plaintiffs cite one case in support of their argument, but that case did not hold that courts must endure violations of their orders until their dockets become unmanageable. Instead, the Ninth Circuit in that case actually found that the first two *Malone* factors **favored** dismissal for failure to prosecute and **affirmed** the dismissal of plaintiff's case. *In re Eisen,* 31 F.3d 1447, 1451-52 & 1456 (9th Cir. 1994).

Some of the responses imply that this Court's PFS deadline should not apply to deceased Plaintiffs. ECF No. 3605 at 1; ECF 3610 at 4. But where a plaintiff dies, the proper course is for a motion for substitution to be filed within ninety days; otherwise, "the action by or against the decedent must be dismissed." Fed. R. Civ. P. 25; see also *LN Mgmt., LLC v. JPMorgan Chase Bank, N.A.*, 957 F.3d 943, 953 (9th Cir. 2020) ("the dead lack the capacities that litigants must have to allow for a true Article III case or controversy"). Plaintiffs articulate no reason that the Court should depart from this well-established rule.

Levin Simes' response also references the fact that some Plaintiffs are incarcerated, seemingly as a reason for excusing compliance with the Court's PFS deadline. ECF No. 3610 at 4. However, the fact that a plaintiff is incarcerated "does not excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil procedure." *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001). These Plaintiffs, like any others, have chosen to avail themselves of the justice system and must follow its rules or abide by the consequences.

In addition, Levin Simes suggests that its Plaintiffs should not have to abide by this Court's PFS deadline because "[t]here are many reasons why these victims of sexual assault could be unresponsive" and "[t]hese cases often involve young women who are mobile." ECF No. 3610 at 7. But courts have recognized that "difficulty in locating clients" and "the debilitating nature of the injuries at issue" are not adequate excuses for the failure to comply with a court order. *In re*

5

*Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024) ("Defendants' travel schedule is no excuse for failure… to comply with the court's discovery orders."). By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

The Levin Simes Plaintiffs also complain that "Uber's motion fails to consider the progress that has been made on this issue," noting that Levin Simes has submitted a PFS in many other cases. ECF No. 2610 at 1 & 4. But an MDL is not a class action and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual discovery obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez,* 2018 WL 6137165, at *5. The fact that some other Levin Simes Plaintiffs have submitted a PFS does not excuse the failure of the Levin Simes Plaintiffs at issue here to comply with this Court's order to timely submit a PFS, any more than the fact that other plaintiffs in other cases have complied with other court orders. As the Court put it in *Holley v. Gilead Sciences, Inc.*, MDLs "are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

**IV.    The third *Malone* factor: Uber has been prejudiced by Plaintiffs' failure to timely submit PFS.**

Those Plaintiffs who address the third *Malone* factor argue that their failure to comply with this Court's order to timely submit a PFS does not "impair [Uber's] ability to go to trial or threaten to

interfere with the rightful decision of the case." ECF No. 3610 at 4-6. Again, Plaintiffs cite only to cases that actually **affirmed** dismissal in whole or in part. *PPA,* 460 F.3d at 1252; *Malone,* 833 F.2d at 134. They argue that *PPA* is distinguishable because the failure to submit a PFS in that case prevented other discovery deadlines from being triggered (ECF No. 3610 at 5), but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA,* 460 F.3d at 1227. Without even discussing the delay in other types of discovery, the court approved the district court's reasoning that:

> unreasonable delay in completing Fact Sheets prejudiced the defendants' ability to proceed with the cases effectively…. [T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and… without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint…. Allen's and Anderson's inability or unwillingness to furnish the information requested in a timely fashion was not excusable…. Failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records.

*Id.* at 1234. The same is true here. Not only has each Plaintiff's failure to provide a PFS directly prejudiced Uber's ability to select bellwether cases, it has also prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual plaintiffs or their injuries outside the allegations of the complaint. *See Bextra*, 2007 WL 136625, at *1. And Uber will also have to contend with the danger that evidence and memory will be lost with the Plaintiffs' delay in submitting their PFS. *Id.* The prejudice to Uber is particularly acute given that it must prepare to defend thousands of cases in a short time frame. *See Guidant*, 496 F.3d at 867. By failing to timely submit information that should be readily available to them, Plaintiffs are unfairly depriving Uber of time it needs to prepare its defenses in this complex litigation.

Nor have Plaintiffs mitigated the harm to Uber as they suggest. The Levin Simes Plaintiffs claim that they have "provided pertinent case information for each Plaintiff" to Uber "where possible." ECF 3610 at 2 & 5. Their hedge is telling. In many cases, these Plaintiffs have apparently not found it

"possible" to provide Uber with details about their cases, as they have not done so. In many cases, Uber still lacks the basic information necessary to assess the veracity of the Plaintiff's allegations, inlcuding Plaintiff's educational and employment history, details regarding the alleged incident beyond the date and state where it occurred, any information about Plaitniff's alleged injuries, and the signed authorization necessary for Uber to collect medical and law enforcement records. Regardless, this Court ordered Plaintiffs to timely submit a PFS, not simply to provide Uber with whatever information they happen to find it convenient to share. The Plaintiffs at issue in this motion have not complied with that order and Uber's ability to defend itself has been significantly prejudiced.

### V. The fourth and fifth *Malone* factors: Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available.

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And despite Plaintiffs contrary arguments (ECF No. 3609 at 2; ECF 3610 at 6-8), dismissal is not too drastic a sanction in this case. As set forth in Uber's Motion, some of the Plaintiffs at issue in this motion have previously received an extension of their deadline to submit a PFS. All of the Plaintiffs at issue have received a Delinquency Notice informing them of the missed deadline and giving them an additional thirty days to submit a PFS or otherwise respond. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting immediate dismissal of Plaintiffs cases despite their long-term non-compliance with this Court's order and previous warnings, but rather **another warning** followed by dismissal fourteen days later if

8

Plaintiffs still fail to comply. This is, in fact, a less drastic sanction than is warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a PFS, which would be contrary to law and highly prejudicial to Uber.

## VI. Conclusion

Plaintiffs' failure to comply with court orders and rules continues, with some Plaintiffs even failing respond to Uber's motion to dismiss their cases. Those Plaintiffs who have responded raise procedural and substantive objections, but none of them change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a complete and verified Plaintiff Fact Sheet. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: August 6, 2025

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC