UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br><br>This Document Relates to:<br><br>*Jaylynn Dean c. Uber Technologies, Inc., et al.*, 3:23-cv-06708-CRB | Case No.: 3:23-MD-03084-CRB<br><br>**JOINT LETTER REGARDING PLAINTIFF JAYLYNN DEAN'S PRESERVATION AND PRODUCTION OF EVIDENCE**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

The Parties respectfully submit this joint letter regarding disputed issues related to Plaintiff Jaylynn Dean's preservation and production of documents related to her interactions with the Dr. Phil Show.

Respectfully submitted,

DATED:

By: /s/  Roopal P. Luhana
    ROOPAL P. LUHANA (*Pro Hac Vice*)
    **CHAFFIN LUHANA LLP**
    600 Third Avenue, Fl. 12
    New York, NY 10016
    Telephone: (888) 480-1123
    Email: luhana@chaffinluhana.com

    SARAH R. LONDON (SBN 267083)
    **GIRARD SHARP LLP**
    601 California St., Suite 1400
    San Francisco, CA 94108
    Telephone: (415) 981-4800
    Email: slondon@girardsharp.com

    RACHEL B. ABRAMS (SBN 209316)
    **PEIFFER WOLF CARR KANE**
    **CONWAY & WISE, LLP**
    555 Montgomery Street, Suite 820
    San Francisco, CA 94111
    Telephone: (415) 426-5641
    Email: rabrams@peifferwolf.com

    *Co-Lead Counsel for Plaintiffs*

By: /s/  Laura Vartain Horn
    LAURA VARTAIN HORN
    **KIRKLAND & ELLIS LLP**
    Laura.vartain@kirkland.com
    ALLISON M. BROWN (*pro hac vice*)
    Alli.brown@kirkland.com
    JESSICA DAVIDSON (*pro hac vice*)
    Jessica.davidson@kirkland.com

    *Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

## I.    Defendants' Position:

Over the course of this litigation, Plaintiff has concealed and withheld information and documents relevant to Plaintiff's claims and Uber's defenses. In June 2024, Plaintiff attended a taping of the Dr. Phil Show to specifically discuss the alleged incident at issue in this litigation. Plaintiff's attendance on the Dr. Phil show was secured by her attorney representing her in this case, Rachel Abrams of Peiffer Wolf Carr Kane Conway & Wise, LLP. While Plaintiff ultimately backed out of the arrangement and declined to move forward after filming an initial recording session, Plaintiff has concealed these facts for well over a year. The first time Plaintiff disclosed her or Abrams' communications with the Dr. Phil show was at her June 27, 2025 deposition. *See* Ex. 1 (Pl. Dep. Tr. 246-250); *see also* Ex. 2 (N. Ramos Dep. Tr. 128-136) at 135:3-17 (The show "was in relation to an allegation of rape by an Uber driver."). That concession comes after months of repeated sworn representations by Plaintiff (and discovery responses signed by Abrams) that she had disclosed all persons with knowledge surrounding the events in question and all communications related to the events of the alleged incident and the damages Plaintiff claims as a result. Not so. Rather, Plaintiff has continuously obscured potential witnesses and withheld documents relevant to this litigation. Indeed, Uber has been without an explanation as to what assertions Plaintiff and her agent made to Dr. Phil personnel, the representations she made on camera, and the reasons for which she decided not to move forward with the segment.[1]

### A.    Legal Standard

"Under Federal Rule of Civil Procedure 26, '[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense proportional to the needs of the case…'" *Canton v. U.S. Foods, Inc.*, 2023 WL 4372699, at *2 (N.D. Cal. July 5, 2023) (CISNEROS). It is bedrock principle of this rule that "pre-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir.1993) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). "The broad right of discovery is based on the general principle that litigants have a right to 'every man's evidence,' and that wide access to relevant facts serves the integrity and fairness of the judicial process by promoting the search for the truth." *Id.* (citation omitted).[2] Moreover, "[t]he test for relevance is not overly exacting: evidence is relevant if it has 'any tendency to make more or less probable a fact that is of consequence in determining the action." *Canton*, 2023 WL 4372699, at *2 (cleaned up). "On the other hand, the party opposing discovery 'has the burden of showing that discovery should not be allowed, and also has the burden of clarifying, explaining and supporting [her] objections with competent evidence.'" *Id.* (internal quotations and citation omitted).

### B.    Plaintiff Failed To Disclose And Produce Relevant Evidence

Throughout the discovery period, there have been multiple times where Plaintiff failed to identify the fact that she attended a taping of the Dr. Phil show about the subject incident. As an initial matter, Plaintiff was required to disclose the interactions she had with the Dr. Phil Show as early as May 23, 2024, when she submitted her first Plaintiff Fact Sheet ("PFS") which obligates Plaintiff to identify "each individual or other entity [she] communicated with about the Incident and their last known contact information." She failed to do that despite the fact that she has now

---

[1]    Tellingly, Plaintiffs made a production at the eleventh hour hoping to moot this issue. The production did not contain all of the wrongfully withheld material and does not adequately remedy Uber's prejudice.

[2]    *See also Wardius v. Or.*, 412 U.S. 470, 473 (1973) ("[T]he ends of justice will be best served by a system of liberal discovery which gives both parties the maximum possible amount of information[.]"); *Forthmann v. Boyer*, 97 Cal. App. 4th 977, 987 (Cal. Ct. App. 2002) ("[L]iberal policies of discovery rules will generally counsel against overturning a trial court's decision *granting* discovery [] and militate in favor of overturning a decision to *deny* discovery.").

testified that she had [s]ome [meetings] over Zoom[,]" and then traveled to New York for a "meet and greet" with a producer, and meetings with "hair and makeup, [and] a videographer" from the Dr. Phil Show. *Cf.* Ex. 1 at 247:2-248:8. Thereafter, Plaintiff then served and verified interrogatory responses stating that she had produced all non-privileged communications "CONCERNING THE ALLEGED INCIDENT…" (Plaintiff's 3d Supp. Resp. to Interrogatories) at Interrogatory No. 2. Again, Plaintiff failed to disclose any communications with representatives of the Dr. Phil show.[3]

After this discovery was served, Plaintiff sat for her deposition on June 27, 2025 and disclosed for the first time in this case her involvement with the Dr. Phil Show. Two weeks later, Plaintiff amended her interrogatories to include ambiguous assertions of an unknown number of communications with unspecified Dr. Phil Show personnel over the course of a limited two-day period. *See* Ex. 4 at Interrogatory No. 2. ("Oral communications between Plaintiff and a videographer and producer at Merit Street Media, Dr. Phil McGraw, Dr. Phil, Dr. Phil's Merit TV, and/or Dr. Phil Primetime, on our around June 2 or June 3, 2024, regarding the Alleged Incident and Plaintiff's damages arising from the same"). This meager addition does not, in any way, remedy Plaintiff's deficiencies.

*First*, Plaintiff has not produced a single document related to her involvement on the Dr. Phil Show. There is simply no way that there are no relevant communications related to this issue. For example, Plaintiff or her agents—here her attorney who arranged her participation on the show—necessarily must have had conversations with Dr. Phil Show personnel about securing Plaintiff's attendance on the show. Plaintiff and her agents also likely had communications with the Dr. Phil Show about Uber and allegations of sexual assault. Those documents, regardless of whether they were sent by Ms. Dean directly or her lawyer acting on her behalf, are relevant and should be produced. And no communication between Plaintiff (and/or her attorneys) and the Dr. Phil Show are privileged as they were not communications made for the purposes of legal advice to Plaintiff, nor could there have been any expectation of confidentiality in Plaintiff's agreement to appear on national television. *See* Order re Tranche 3 Privilege Disputes (ECF 2168) ("In order for a communication to be privileged, it must be made for the purpose of the legal consultation, rather than some unrelated or ancillary purpose") (internal quotations and citation omitted). While Uber has served a subpoena on the Dr. Phil Show in an attempt to mitigate the prejudice caused by Plaintiff's misconduct, the show has not been forthcoming with evidence relevant to Plaintiff's participation with the show, leaving Uber without crucial evidence or even information as to whether such evidence has been preserved. Indeed, Plaintiff's wrongful suppression of the existence of this evidence may have led to its spoliation. Uber requests that this Court compel Plaintiff to produce all communications between the Dr. Phil Show and Plaintiff and/or her agent— here Ms. Abrams—related to Plaintiff's attendance on the Dr. Phil Show or about the subject matter at issue in this litigation. This Court should also order Plaintiff to facilitate Uber's request for information from the Dr. Phil Show by, at minimum, reaching out to her contacts from the show and asking for copies of any and all agreements, audio/video recordings, and any other relevant documentation.

*Second,* Plaintiff's supplemented responses still lack the particularity required under the Federal Rules of Civil Procedure. While Plaintiff now acknowledge conversations with the Dr. Phil Show occurred, the amended responses fail to lay out with any specificity what conversations actually occurred, where each took place, who they were with, and what the nature of those conversations were. Moreover, the supplemental responses omit information that Ms. Dean herself testified about. For example, the supplemental responses make no reference to the "hair and makeup" personnel who Plaintiff admitted she spoke to while at the Dr. Phil Show. As a result, Uber requests that Plaintiff's serve yet another set of amended interrogatory responses that fully describe the facts and circumstances related to Plaintiff's attendance on the Dr. Phil Show.

---

[3]  Plaintiff supplemented and verified those responses on June 3, 2025 and June 17, 2025, but still made no mention of her communications with the Dr. Phil Show.

### C. Conclusion

Based on the foregoing, Uber requests that the Court order the immediate production of all documents and communications related to Plaintiffs interaction with and participation in the Dr. Phil Show. This includes communications Plaintiff's agent – here her lawyer – had with the Dr. Phil Show about the subject matter at issue in this litigation as well as the steps taken to secure Plaintiff's appearance on the Show, which Plaintiff's counsel admits are in their possession. *See, infra* at 5.[4] Uber also requests that the Court order Plaintiff to supplement her responses to Interrogatory No. 2 to describe the facts and circumstances related to Plaintiff's attendance on the Dr. Phil Show in their entirety. Uber reserves the right to re-open Ms. Dean's deposition to question her in a limited capacity about her appearance on the Dr. Phil Show.

## II. Plaintiff's Position:

Defendants make an impossible demand of Plaintiff Jaylynn Dean to produce materials she does not have and which, in any event are not relevant or proportional to the claims or defenses in this matter. Plaintiff already supplemented her discovery responses in good faith and confirmed to Defendants that she has no further responsive materials. The unaired videotape that Defendants now seek is not within Plaintiff's possession, custody, or control, nor are the other documents Defendants requested.[5] In the spirit of transparency and cooperation Plaintiff's counsel provided, by email today, all emails – albeit unresponsive – between herself and the show. Plaintiff nor her counsel have any other documents or materials in their possession sought by defendants related to this topic.

Moreover, Defendants have no need to reopen Plaintiff's deposition to question her regarding the Dr. Phil Show, and doing so risks further harm to Plaintiff. Defendants had a full day to depose Plaintiff, and they thoroughly questioned her regarding her experience with the Dr. Phil Show. Compelling a second deposition of Plaintiff, who is a survivor of sexual assault, would be unduly burdensome, duplicative, and potentially retraumatizing.

### A. Plaintiff Has No Materials Related to Her Appearance on the Dr. Phil Show Within Her Possession, Custody, or Control

Plaintiff cannot produce discovery that she does not have. "[']Rule 34 only requires a party to produce documents that are already in existence," and a district court [']cannot compel the production of documents that do not exist.[']" *Kakowski v. Allison,* No. 21cv1625-JAH (LR), 2022 WL 17652776, at *4 (S.D. Cal. Dec. 13, 2022) (quoting *Alexander v. F.B.I.,* 194 F.R.D. 305, 310 (D.C. Cir. 2000); *Medina v. Cnty. Of San Diego*, Civil No. 08cv1252 BAS (RBB), 2014 WL 4793026, at *19 (S.D. Cal. Sept. 25, 2014)). On July 28, 2025, Plaintiff's counsel notified Uber that she supplemented her discovery responses and has no further responsive documents. On July 29, 2025, Plaintiff's counsel confirmed that she reviewed her communications with the Dr. Phil Show and explained that none are relevant or discoverable. Plaintiff's counsel only has communications concerning logistics and scheduling and no communications concerning the substance of Ms. Dean's allegations.

---

[4] Plaintiff's contentions that that these communications are not relevant lack merit—they led to Plaintiff recording a segment regarding the subject matter of this litigation. Regardless, relevance is not the standard for discovery, and it is apparent that Plaintiff and her counsel have abused this rationale to hide discovery in the past, given they concealed information about the Dr. Phil Show for over a year as well as other discovery (*see* Joint Letter Regarding Sanctions for Misconduct).

[5] Uber fails to mention that it subpoenaed the Dr. Phil show for all related materials/video recordings, which Plaintiff has not moved to quash.

Uber cannot claim that Plaintiff is noncompliant with her discovery obligations where she supplemented her discovery responses to address the Dr. Phil Show and confirmed that she has no relevant, responsive documents in her possession, custody, or control.

### B. Materials Related to Plaintiff's Appearance on the Dr. Phil Show are Not Proportional to the Needs of the Case

"Under Rule 26, discovery requests must be proportionate to the needs of the case." *Doe v. Eating Recovery Ctr. LLC*, 2025 WL 754061, at *1 (N.D. Cal. Mar. 10, 2025) (Cisneros, M.J.). "Cumulative discovery requests are generally disproportionate to the needs of a case." *In re Social Media Adolescent Addiction/Personal Inj. Prods. Liab. Litig.*, 2025 WL 15555362, at *4 (N.D. Cal. June 2, 2025). Here, Uber's requests are disproportionate. Scheduling communications, if they exist, have minimal, if any relevance to the claims and defenses at issue in this litigation. The only arguably relevant materials concerning Plaintiff's appearance on the Dr. Phil Show are transcripts and footage of Plaintiff's unaired appearance, which Uber has subpoenaed. However, Plaintiff testified that she does **not** have access to relevant information concerning the Dr. Phil Show, other than what she orally told Uber during her deposition. *See* Ex. 1 (Pl. Dep. Tr. 249:24-250:1).

Despite this, Uber asks the Court to order Plaintiff to produce information (that she does not have) reflecting exactly what she told Uber in her testimony or, in the alternative, reopen Plaintiff's deposition. Both requests should be denied as needlessly duplicative, cumulative, and harassing.

Uber's request to reopen Plaintiff's deposition for the limited purpose of questioning Plaintiff about the Dr. Phil Show should be denied because Uber has already done exactly that. Reopening a deposition is generally disfavored and the requesting party must show "good need." *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1990). Courts will not find "good need" if the second deposition is "unreasonably cumulative or duplicative." *Ransom v. Herrera*, 2018 WL 4008386, at *2 (E.D. Cal. Aug. 21, 2018). Here, a second deposition of Plaintiff regarding the Dr. Phil Show would be unreasonably cumulative or duplicative because the matters Uber seeks to cover have "already been covered." *Id.*

Uber deposed Plaintiff for a full day on June 27, 2025 during which Plaintiff testified extensively about her experience on the Dr. Phil show. Among other things, Plaintiff answered Uber's questions about her participation, and eventual withdrawal of participation, on the Dr. Phil show, including the reasons for those decisions. *See* Ex. 1 (Pl. Dep. Tr. 245:18-247:1). Plaintiff identified, to the best of her knowledge, the individuals with whom she interacted in connection with her potential appearance on the show. *See* Ex. 1 (Pl. Dep. Tr. 247:2-248:3). Plaintiff further testified that what she taped was not aired, and answered questions about meetings she had and others present on set. *See* Ex. 1 (Pl. Dep. Tr. 248:19-249:20). Uber confirmed with Plaintiff that there were no other meetings with the Dr. Phil Show that she did not mention during her deposition. *See* Ex. 1 (Pl. Dep. Tr. 249:21-23). Critically, Plaintiff testified **that she did not have any video or transcript from the portion of the Dr. Phil show she did shoot**. *See* Ex. 1 (Pl. Dep. Tr. 249:24-250:1).

Plaintiff has already given over a full day of deposition testimony, during which Defendants had ample opportunity to question her on all relevant matters. Not only would reopening Plaintiff's deposition be unreasonably cumulative and duplicative—and thus not warranted under the Rules, but it would also be unduly harassing. Requiring her to endure another deposition—particularly in a case involving sexual assault—would impose an undue burden, cause unnecessary emotional distress, and serve no legitimate discovery purpose. *See* Fed. R. Civ. P. 26(c).

## FILER ATTESTATION

I, Laura Vartain Horn, am the ECF user whose ID and password are being used to file this document.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above have consented to this filing.

DATED: August 8, 2025

Respectfully submitted,

KIRKLAND & ELLIS LLP

*/s/ Laura Vartain Horn*

Laura Vartain Horn

## CERTIFICATE OF SERVICE

On August 8, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all persons registered for ECF. All copies of documents required to be served by Fed. R. Civ. P. 5(a) and L.R. 5-1 have been so served.

*/s/ Laura Vartain Horn*
Laura Vartain Horn