**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>**PLAINTIFF H.S.01**<br>**Case No. 3:25-cv-01999** | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF CHAFFIN LUHANA LLP'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF H.S.01** |

I, Roopal P. Luhana, declare:

1. I am an attorney and partner in the law firm of Chaffin Luhana LLP. I am a member of the State Bar of New York and am admitted Pro Hac Vice to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Plaintiff H.S.01 has not substantively responded to any efforts to reach her made by my firm since July 29, 2025.

3. Plaintiff H.S.01's breakdown in communication with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary and is appropriate.

4. Under California Rule of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff H.S.01.

    a. Before and throughout the time period described below, Plaintiff H.S.01 received numerous letters, emails, text messages, and telephone calls requesting she contact our firm. In these

unanswered communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, the reasons we would need to withdraw as counsel absent contact.

    b. On July 29, 2025 my firm spoke with Plaintiff informing her of the importance of the documentation required, its deadlines, and the importance of being timely.

    c. On July 30, 2025 my firm attempted to speak with Plaintiff but Plaintiff was not available to speak.

    d. On July 31, 2025, my firm called Plaintiff and Plaintiff disconnected the call.

    e. On August 1, 2025, my firm sent Plaintiff a letter via email and FedEx informing her of my firm's contact efforts and informing her of the impossibility of moving forward if we do not hear from her. My firm informed Plaintiff that if we did not hear back from Plaintiff by August 8, 2025, and receive the necessary documentation required to move her case forward, we would have no choice but to withdraw as counsel for her case.

    f. On August 6, 2025 my firm attempted to reach Plaintiff via phone call and text message with no answer. On August 7, 2025 my firm reached Plaintiff via phone call and Plaintiff disconnected the call.

    g. On August 6, 2025, my firm sent an email to Plaintiff with no response.

    h. On August 6, 2025 we were informed that the FedEx letter was successfully delivered.

5. To date, my firm has not yet heard from Plaintiff since July 29, 2025.

6. On July 31, 2025, my firm secured an extension for Plaintiff's deadlines.

7. My firm informed Plaintiff on August 1, 2025 that we would be moving to withdraw as counsel.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff and informed her of the consequences of failing to comply with case deadlines.

9. On August 12, 2025, my firm informed Defendant of its intent to withdraw as counsel for Plaintiff.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. My firm accepts this responsibility.

    Executed this 13th day of August, 2025, in New York, New York.

/s/ Roopal P. Luhana
Roopal P. Luhana