# L. Vartain Horn Decl. Exhibit 6

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF KRISTEN FOURNIER** |
| This Document Relates to:<br>All Cases | |

KRISTEN FOURNIER DECLARATION

## DECLARATION OF KRISTEN FOURNIER

I, Kristen Renee Fournier, declare the following:

1. I am over the age of 18 and am a resident of New York, New York.

2. I am a partner at the law firm of Kirkland & Ellis ("Kirkland"), attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC. I am a member in good standing of the Bar of the State of New York. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so.

3. I have reviewed the article relating to this litigation that appeared in the *New York Times* on August 6, 2025 (hereinafter "Article").

4. I and others at Kirkland identified the vast majority of the confidential documents quoted and described in the Article as matching the sealed materials submitted by Plaintiffs in connection with their opposition to Uber's summary judgment motion in the JCCP.

5. Significantly, the article refers to this set of documents as "sealed court records." Only a limited number of people would even know that these particular documents were sealed court records. That fact alone limits the universe of who could be responsible for providing access to these documents to the *New York Times*.

6. After review of the Article, I contacted each Kirkland attorney and staff member who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of those attorneys and staff members confirmed that they had not shared or in any way provided access to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly.

7. I confirmed that none of Uber's experts received the sealed documents/exhibits (or a significant subset thereof).

8. Uber's other outside counsel similarly confirmed with each individual who had access to these sealed documents that they did not share or in any way provide access to these documents to the *New York Times* or its agents, either directly or indirectly.

9.  In addition, I hereby confirm that I have not shared or in any way provided access to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Executed on August 13, 2025, in New York, NY.

_____
Kristen Renee Fournier

KRISTEN FOURNIER DECLARATION