# L. Vartain Horn Decl.
# Exhibit 10

John Eddie Williams Jr. (*pro hac vice*)
John Boundas (*pro hac vice*)
Brian Abramson (*pro hac vice*)
Margret Lecocke (*pro hac vice*)
Walt Cubberly (SBN 325163)
**WILLIAM HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: wcubberly@whlaw.com

*Attorneys for Plaintiff*

**FILED**

San Francisco County Superior Court

**MAR 06 2025**

CLERK OF THE SUPERIOR COURT
By *Felicia Allen*
                              Deputy

# SUPERIOR COURT FOR THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [CRC3.550(C)] | JUDICIAL COUNSEL COORDINATION PROCEEDING NO. 5188 |
| | **Case No. CJC-21-005188** |
| **IN RE UBER RIDESHARE CASES** | **STIPULATION AND [PROPOSED] AMENDED PROTECTIVE ORDER** |
| This Document Relates to: | The Honorable: Ethan P. Schulman Dept.:   304 |
| *ALL ACTIONS* | |

Under California Code of Civil Procedure § 2017.010 and California Evidence Code § 912, and in the interests of efficiency, judicial economy, and avoiding ancillary litigation over discovery issues relating to confidential, proprietary, or private information or the inadvertent production of Privileged Materials, the undersigned Parties hereby stipulate and agree to this Stipulation and proposed Protective Order Governing Confidential Information ("Stipulated Protective Order" or "Order").

### 1.    PURPOSE AND LIMITATIONS

Disclosure and discovery activity in this Action may involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for

1    any purpose other than prosecuting this may be warranted. Accordingly, the Parties hereby stipulate to

2    and petition the Court to enter the following Stipulated Protective Order. The parties acknowledge that

3    this Order does not confer blanket protections on all disclosures or responses to discovery and that the

4    protection it affords from public disclosure and use extends only to the limited Information or items that

5    are entitled to confidential treatment under the applicable legal principles. The Parties further

6    acknowledge, as set forth in Section 12.5 below, that this Stipulated Protective Order does not entitle

7    them to file Confidential Information under seal; the California Rules of Court, including Rules 2.550

8    and 2.551, set forth the procedures that must be followed and the standards that will be applied when a

9    Party seeks permission from the Court to file material under seal.

10    For avoidance of doubt, this Protective Order constitutes an integrated agreement of the Parties,

11    and the Parties have agreed that none of the negotiation history concerning this Protective Order (*e.g.*,

12    language deleted from earlier drafts) shall bear on the interpretation of this Protective Order.

13    **2.    DEFINITIONS**

14    2.1    <u>Action</u>: The above-entitled proceeding, San Francisco Superior Court Case No. CJC-21-

15    005188, including the current consolidated cases and any add-on cases.

16    2.2    <u>Challenging Party</u>: A Party that challenges the designation of Information or items under

17    this Order.

18    2.3    <u>CONFIDENTIAL Information or Items</u>: Any Discovery Material that the Producing Party

19    believes in good faith contains financial or business plans or projections; proprietary business

20    information, or other confidential research, design, development, financial, or commercial information;

21    information regarding or relating to a Party's insurance program; personnel information; personal

22    information about any Party to this lawsuit or employees (current or former) or board members (current

23    or former) of any Party to this lawsuit; the personal information and any identifying information of any

24    Non-Party; non-public incident reports; executive committee selection; and any information regarding

25    any Party or Non-Party not otherwise available to the public that is protected under California Rules of

26    Court 2.550, 2.551, 2.580, 2.585, 8.46, and 8.490 or any information  protected from disclosure by law,

27    regulation, or contract.

Case No. CJC-21-005188                STIPULATION AND [~~PROPOSED~~] AMENDED PROTECTIVE ORDER

2.4    HIGHLY CONFIDENTIAL -ATTORNEYS' EYES-ONLY Information or Items:

Extremely sensitive CONFIDENTIAL Information as defined in Section 2.3, including without limitation, technical and competitively sensitive information protected by law. By way of example only, HIGHLY CONFIDENTIAL ATTORNEYS' EYES-ONLY Information includes, but is not limited to: transactional sales data; non-public research or analysis; customer information; financial, marketing, or strategic business planning information; trade secrets; pricing information; non-public information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; employee information and personnel files; information related to business, sales, marketing, engineering, development, and testing; sensitive information pertaining to drivers and riders who use Uber's platform(s); and communications that constitute, incorporate, summarize, or reference any HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY Information.

2.5    <u>Counsel</u>: (i) attorneys who have been retained on behalf of a Party to this Action and their Support Staff; (ii) attorneys who are employees of a Party to this Action; and/or (iii) attorneys representing an insurer or indemnitor of any Defendant, including the insurer's or indemnitor's legal personnel.

2.6    <u>Designating Party</u>: A Party or Non-Party that designates Discovery Material as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY.

2.7    <u>Discovery Material</u>: Any hard-copy documents and electronically stored information and data, answers to interrogatories, deposition testimony, deposition exhibits, and all other discovery in any form, including all Information, Documents, and things described in California Code of Civil Procedure § 2031.010 and California Evidence Code §§ 250, 255, and 260 produced by Parties and Non-Parties in response to discovery in this Action.

2.8    <u>Document</u>: (i) any "Writing," "Original," and "Duplicate" as those terms are defined by the California Evidence Code §§ 250, 255, and 260 which have been produced in discovery in this Action by any person or entity, and (ii) any copies, reproductions, or summaries of all or any part of the foregoing.

3

1      2.9    Expert: A person with specialized knowledge or experience in a matter pertinent to the

2 litigation who (i) has been retained by a Party or its Counsel to serve as an expert witness or as a consultant

3 in this Action; (ii) is not a current employee of a Party or of a Party's competitor; and (iii) at the time of

4 retention, is not in discussions or has a present intention to become an employee of a Party or of a Party's

5 competitor. This definition includes any technical experts, consulting experts, discovery experts, and

6 professional jury or trial consultants retained in connection with this Action and focus group participants

7 brought in by those professional jury or trial consultants.

8      2.10   Information: The content of Discovery Material.

9      2.11   Non-Party: Any natural person, partnership, corporation, association, or other legal entity

10 not named as a Party to the Action.

11     2.12   Party: Any party to this Action, including all of its officers, directors, employees,

12 consultants, retained Experts, and Counsel (and their support personnel).

13     2.13   Privileged Material: Discovery Material subject to a claim of attorney-client privilege,

14 work-product protection, or any other legally recognized privilege or immunity from production.

15     2.14   Producing Party: A Party or Non-Party that produces Discovery Material in this Action.

16     2.15   Professional Vendors: Persons or entities that provide litigation-support services (e.g.,

17 photocopying, videotaping, video production, translating, preparing exhibits or demonstrations, and

18 organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

19     2.16   Protected Material: Any Testimony or Discovery Material that is designated as

20 CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY.

21     2.17   Receiving Party: A Party that receives Discovery Material from a Producing Party.

22     2.18   Support Staff: Legal staff, including but not limited to paralegals, investigative, technical,

23 secretarial, clerical, accountants, assistants, vendors, and other personnel who are engaged in assisting

24 Counsel.

25     2.19   Testimony: All depositions, declarations, or other testimony taken, provided, or used in

26 this Action.

27

### 3.    SCOPE

The Protection of this Stipulation and Protective Order shall govern all Documents, Testimony, Information, and things produced or disclosed by any Party or Non-Party in the Action that contains Protected Material. The protections conferred by this Order cover not only Protected Material (as defined above), but also (i) any information copied or extracted from Protected Material; (ii) all copies, excerpts, summaries, or compilations of Protected Material; and (iii) any Testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Order do not cover: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

This Stipulation and Protective Order is without prejudice to the right of any Party to object to disclosing or producing any Information or item. Similarly, no Party waives any right to object on any ground to use in evidence any of the material covered by the Stipulation and Protective Order. This Stipulation and Protective Order is without prejudice to the right of any Party to seek further or additional protection of any materials or to modify this Stipulation and Protective Order in any way, including, without limitation, an Order that certain materials not be produced at all. This Stipulation and Protective Order does not alter, waive, modify, or abridge any right, privilege, or protection otherwise available to any Party with respect to the discovery of matters, including but not limited to any Party's right to assert the attorney-client privilege, the attorney work product doctrine, or other privileges, or any Party's right to contest any such assertion.

In the event that additional parties join or are joined in this Action, they shall not have access to the materials designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY pursuant to this Stipulation and Protective Order unless and until (i) the Designating Party has consented to such access, and (ii) the additional parties have executed and, at the request of

1  any Party, filed with the Court, their agreement to be bound by this Stipulation and Protective Order in

2  the form of the non-disclosure agreement attached hereto as Exhibit A.

3      Nothing in this Stipulation and Protective Order shall be construed to preclude either Party from

4  asserting in good faith that certain Confidential Materials require additional protection, such as protection

5  of one Party's sensitive personal Information from being disclosed to other Parties. The Parties shall meet

6  and confer to agree upon the terms of such additional protection.

7  **4.      DURATION**

8      Even after final disposition of this Action, the confidentiality obligations imposed by this Order

9  shall remain in effect unless a Producing Party agrees otherwise in writing or a court order otherwise

10  directs. Final disposition shall be deemed to be the later of (i) dismissal of all claims and defenses in this

11  Action, with or without prejudice; or (ii) final judgment herein after the completion and exhaustion of

12  all appeals, re-hearings, remands, trials, or reviews of this Action, including the time limits for filing

13  any motions or applications for extension of time pursuant to applicable law.

14  **5.      DESIGNATING PROTECTED MATERIAL**

15      5.1      Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-

16  Party that designates Information or items for protection under this Order must take care to limit any such

17  designation to specific material that qualifies under the appropriate standards. The Designating Party

18  must endeavor to designate for protection only those parts of material, documents, items, or oral or

19  written communications that qualify, so that, if feasible, other portions of the material, documents, items,

20  or communications for which protection is not warranted are not swept unjustifiably within the ambit of

21  this Order. Mass, indiscriminate, or routinized designations are prohibited. The Parties agree to exercise

22  good faith in responding to requests from a Requesting Party to de-designate material in accordance with

23  Section 6. Designations that are shown to be clearly unjustified or that have been made for an improper

24  purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose

25  unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions, just as

26  disclosure of Protected Material in violation of this Order would do. If it comes to a Designating Party's

27  attention that Information or items that it designated for protection do not qualify for protection, the

1    Designating Party must promptly notify all other Parties that it is withdrawing the mistake designation.

2        5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order or as

3    otherwise stipulated or ordered, Discovery Material, Testimony, or other items that qualify for

4    protection under this Order must be clearly so designated at the time the material is disclosed or produced.

5    Designation in conformity with this Order requires:

6        a.    For information in documentary form (*e.g.*, paper or electronic Documents, but excluding

7    transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend

8    CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY to each page that

9    contains Protected Material. If only a portion or portions of the material on a page qualifies for protection,

10   the Producing Party also must clearly identify the protected portion(s) (*e.g.,* by making appropriate

11   markings in the margins). A Party or Non-Party that makes original Documents or materials available for

12   inspection need not designate them for protection until after the inspecting Party has indicated which

13   Documents it would like copied and produced. During the inspection and before the designation, all of the

14   material made available for inspection shall be deemed CONFIDENTIAL or HIGHLY

15   CONFIDENTIAL-ATTORNEYS' EYES-ONLY. After the inspecting Party has identified the

16   Documents it wants copied and produced, the Producing Party must determine which Documents, or

17   portions thereof, qualify for protection under this Order. Then, before producing the specified Documents,

18   the Producing Party must affix the appropriate designation to each page that contains Protected Material.

19       b.    For Testimony given in deposition or in other pretrial proceedings, that the Designating

20   Party designates within 30 days of receipt of the final transcript the portions of Testimony as to which

21   protection is sought to and to specify the level of protection being asserted. Any Testimony given in

22   deposition or other pretrial proceedings shall be treated as HIGHLY CONFIDENTIAL-ATTORNEYS'

23   EYES-ONLY until the end of that 30-day period following receipt of the final transcript. After that

24   period ends, only those portions of the Testimony that are appropriately designated for protection

25   consistent with the provisions of this Section 5.2(b) shall be covered by the provision of this Order. A

26   Designating Party may specify, at the deposition or until the end of the 30-day period following receipt

27   of the final transcript, that the entire transcript shall be treated as HIGHLY CONFIDENTIAL-

7

ATTORNEYS' EYES-ONLY. To facilitate this Section 5.2(b), the Parties agree to ask the court-reporting service responsible for a deposition transcript to promptly complete the final transcript, but there shall be no obligation to incur a rush fee for a transcript for this purpose. Further, for Testimony given in deposition or in other pretrial proceedings, transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall be followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. Pages of transcribed deposition Testimony or exhibits to depositions that contain Protected Material shall be bound by the court reporter as follows: (i) one separately bound transcript that contains no Protected Material; (ii) one separately bound transcript that includes all Information not designated HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY; and (iii) one separately bound transcript that includes all Protected Material and all Information that is not Protected Material. Pages in bound transcripts pursuant to Section 5.2(b)(ii) shall be treated as CONFIDENTIAL. Pages in bound transcripts pursuant to Section 5.2(b)(iii) shall be treated as HIGHLY CONFIDENTIAL. The Designating Party shall inform the court reporter of these requirements. Any failure of or refusal by the court reporter to comply with these procedures will not invalidate the CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY designation.

c.    For Information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the Information or item is stored the legend CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY. If only a portion or portions of the Information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3    <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified Information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or discloses Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated

1   in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped

2   copies of the items in question. Within five days of the receipt of the appropriately stamped copies of the

3   items in question, the Receiving Party shall return or destroy the previously unmarked versions of the

4   items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the

5   material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not

6   be deemed a waiver of confidentiality, and such designation shall be made promptly after the discovery

7   of the inadvertent production or disclosure.

8        If any Information was disclosed by a non-Designating Party to any person other than in

9   the manner authorized by this Stipulation and Protective Order prior to notice of the inadvertent failure

10   to designate, the non-Designating Party responsible for the disclosure shall bring all pertinent facts

11   relating to the disclosure of such Confidential Materials to the immediate attention of the Designating

12   Party.

13   **6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS**

14        6.1    <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of

15   confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation

16   is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant

17   disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality

18   designation by electing not to mount a challenge promptly after the original designation is disclosed.

19        6.2    <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by

20   providing written notice of the designations it is challenging and generally describing the basis for the

21   challenges. To avoid ambiguity as to whether a challenge has been made, the written notice must

22   recite that the  challenge to confidentiality is being made in accordance with this specific paragraph

23   of the Protective Order. The Parties shall attempt to resolve each challenge in good faith and must

24   begin the process by conferring promptly, and in any event, no later than 21 days (in voice to voice

25   dialogue; other forms of communication are not sufficient) days of the date of service of notice. In

26   conferring, the Challenging Party must explain the basis for its belief that the confidentiality

27   designation was not proper and must give the Designating Party an opportunity to review the

designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling or unable to meet and confer in a timely manner.

6.3    Judicial Intervention. If the Parties cannot resolve a challenge without court intervention through the procedure set forth above, they must hold an informal in-person conference with the Court. If the Parties still cannot resolve the challenge, either party may file and serve a motion to retain or challenge confidentiality within 10 days of the informal in-person conference. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless prompt intervention to a resolve a dispute over a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to seek an informal in-person conference with the Court promptly after the Parties have completed the procedure set forth above. The procedures set out in this provision shall be procedural only, and shall not affect the burden on challenging or maintaining a designation as established under California law.

6.4    Frivolous Challenges. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. The prevailing party in any motion concerning the confidentiality of materials may move for its attorneys' fees incurred in the making of or opposing the motion if it can show that it is entitled to such fees under California law.

## 7.    ACCESS TO AND USE OF PROTECTED MATERIAL

7.1    Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for litigating or attempting to settle this litigation, including through mediation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been

1    terminated, a Receiving Party must comply with the provisions of Section 14 ("Final Disposition").

2    Protected Material must be stored and maintained by a Receiving Party at a location and in a secure

3    manner that ensures that access is limited to the persons authorized under this Order.

4        7.2    Disclosure of CONFIDENTIAL Information or Items. Unless otherwise ordered by the

5    Court or permitted in writing by the Designating Party, any Information or item designated

6    CONFIDENTIAL may be disclosed only to:

7        a.    Counsel for the Receiving Party, as well as employees of said Counsel, including Support

8            Staff, to whom it is reasonably necessary to disclose the Information for this Action.

9        b.    The Parties, including the officers, directors, and employees of a Party if the Receiving

10           Party's Counsel determines in good faith that the officer, director, or employee's assistance

11           is reasonably necessary to the conduct of the Action in which the Information is disclosed

12       c.    Counsel representing insurer or indemnitor of any Defendant, including the insurer's or

13           indemnitor's legal team.

14       d.    Experts (as defined in this Order) of the Parties to whom disclosure is reasonably necessary

15           for this Action and who have signed the "Acknowledgment and Agreement To Be Bound"

16           (Exhibit A).

17       e.    The Court and its personnel.

18       f.    Court reporters and their staff.

19       g.    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom

20           disclosure is reasonably necessary for this litigation and who have signed the

21           "Acknowledgment and Agreement To Be Bound" (Exhibit A).

22       h.    During their depositions, Non-Party witnesses and attorneys for Non-Party witnesses, in

23           the Action to whom disclosure is reasonably necessary. The Designating Party shall obtain

24           a signed "Acknowledgement and Agreement To be Bound" (Exhibit A) at the deposition,

25           unless otherwise agreed by the Designating Party or ordered by the Court.

26       i.    The author or recipient of a Document containing the Information or a custodian or other

27           person who otherwise possessed or knew the Information.

11

j.    Mediators or arbitrators, and their support personnel, engaged by the Parties for settlement purposes in this Action.

k.    Other persons only by written consent of the Designating Party or upon order of the Court and on such conditions as may be agreed or ordered.

7.3    Disclosure of HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY Information or Items. Except by further order by the Court, or by express written consent of Counsel, Information and things designated HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY in this Action by any Party or Non-Party may only be disclosed in accordance with the terms of this Order to the persons identified in Section 7.2(a), (c)-(g), (i)-(j).

**8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any Information or items designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY that Party must:

a.    Promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

b.    Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

c.    Cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected. If the Designating Party timely seeks a protective order or other applicable relief, the Party served with the subpoena or court order shall not produce any information designated in this Action as CONFIDENTIAL or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY before a determination authorizing such production by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating

Party shall bear the burden and expense of seeking protection in that court of its Protected Material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

Any Non-Party producing Information in this Action may designate Information as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY under this Order. Such Information produced by Non-Parties in connection with this Action is protected by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections. Information produced or disclosed by any Non-Party may be designated CONFIDENTIAL or HIGHLY CONFIDENTIAL - ATTORNEYS' EYES-ONLY by any Party within thirty (30) days after such production or disclosure.

In the event that a Party is required, by a valid discovery request, to produce a Non-Party's Protected Material in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's Protected Information, then the Party shall:

a.    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the Information requested is subject to a confidentiality agreement with a Non-Party;

b.    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the Information requested; and

c.    Make the Information requested available for inspection by the Non-Party. The Receiving Party shall make a good faith attempt to obtain the Non-Party's written consent to produce the Non-Party's Confidential Information responsive to the discovery request. If the Non-Party refuses to give such consent, the Receiving Party may seek a court order compelling disclosure of the Information. Absent the Non-Party's consent, the Receiving Party shall not produce any Information in its possession or control that is subject to the confidentiality

13

1    agreement with Non-Party before a determination authorizing such production by the Court.

2    **10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

3    If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material

4    to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving

5    Party must promptly (i) notify in writing the Designating Party of the unauthorized disclosures; (ii) use its

6    best efforts to retrieve all unauthorized copies of the Protected Material; (iii) inform the person or persons to

7    whom unauthorized disclosures were made of all the terms of this Order; and (iv) request such person

8    or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit

9    A.

10    **11.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL**

11    The production or disclosure of Discovery Material by a Producing Party shall, to the maximum

12    extent permitted by law, be governed by California law regarding the inadvertent production of Privileged

13    Material. The procedure set forth below is intended to provide the Producing Party or any other Party

14    purporting to hold a privilege with an efficient procedure for retrieving or "clawing back" inadvertently

15    produced Privileged Material, subject to any resolution of any dispute over the privileged or protected

16    status of the material, and for foreclosing any arguments of waiver. If there is a conflict between California

17    law and the procedures in this Section 11, the procedures in this Section 11 shall govern.

18    a.    If a Producing Party or any other Party purporting to hold a privilege has a good-faith belief

19    that Privileged Material has inadvertently been produced and promptly upon discovery of

20    the inadvertent production notifies all Parties in writing that Privileged Material was

21    disclosed, then, consistent with California law, the inadvertent production of Privileged

22    Material shall not be deemed a waiver. If a Receiving Party discovers the inadvertent

23    production of Privileged Material by a Producing Party, then, consistent with California

24    law, it shall have a duty to promptly upon discovery of the inadvertent production give the

25    Producing Party written notice of the inadvertent production of Privileged Material. The

26    obligations of the Parties are those set forth in California Code of Civil Procedure §

27    2031.285.

14

b.    Upon receipt of notice of inadvertent disclosure of Privileged Material, all other Parties (regardless of whether they agree with the claim of privilege or other protection) shall promptly (i) use reasonable efforts to destroy or sequester all copies of the inadvertently produced Documents or material in their possession, custody, or control and notify the Producing Party, or any other Party purporting to hold a privilege, that they have done so; and (ii) take reasonable steps to retrieve and destroy or sequester the inadvertently produced Privileged Material from other persons, if any, to whom such Privileged Material has been provided, and notify the Producing Party that they have done so.

c.    To the extent a Receiving Party disputes the claim of privilege or other protection with respect to the inadvertently disclosed Privileged Material, such Party shall notify in writing the Producing Party, or any other Party purporting to hold a privilege, with a copy to all Counsel, of its position within 14 business days of receiving the notice of inadvertent disclosure and shall return or destroy all Documents identified by the Producing Party within 14 business days of receipt of notice that the Documents were inadvertently produced, but may retain one copy of any such Document solely for the purpose of meeting and conferring with the Producing Party over the claim of privilege, which shall remain segregated and protected against further disclosure and use during the pendency of any dispute over its status. Within 7 business days of receiving the notice of dispute from the Receiving Party, the Producing Party, or any other Party purporting to hold a privilege, shall either withdraw its claim of privilege or confer with the Receiving Party in an effort to resolve their disagreement. If no such resolution is reached within 45 business days, the Receiving Party may apply to the Court for a ruling on the claim of privilege in accordance with California Rules of Court 2.550 and 2.551 for a determination of the claim or may return or destroy the Documents and make no further use of the Information in the Documents. In arguing issues concerning protection for material claimed to constitute Privileged Material, no Party may assert as a basis for the relief it seeks (including if a Receiving Party seeks a ruling that the disclosed Information was never privileged) the fact

1    or circumstances that such Documents already have been inadvertently produced in the

2    Action or a related action.

3    d.    If, during a deposition, a Party claims that a Document being used in the deposition

4    is Privileged Material, it may at its sole discretion (i) allow the Document to be used in

5    the deposition without waiver of its claim of privilege or other protection; or (ii) instruct

6    the witness not to answer questions concerning the Document pending a prompt resolution

7    of any disagreement concerning the Document's privileged or other protected status. If a

8    Party claiming privilege allows the examination concerning the Document to proceed on

9    a non-waiver basis, the Parties shall sequester all copies of the purportedly privileged

10   Document and any Testimony relating thereto. Immediately following the deposition, the

11   Parties will commence the procedure outlined in the preceding sub-sections to address the

12   claim of privilege or other protection. Until the dispute is resolved, Counsel for the Parties

13   shall treat the transcript of such deposition as CONFIDENTIAL or HIGHLY

14   CONFIDENTIAL-ATTORNEYS' EYES-ONLY and, further, shall not distribute such

15   transcript or disclose the purportedly-privileged Document or Testimony to any person,

16   except as is necessary to commence the procedure outlined in the preceding sub-sections.

17   If the Party instructs the witness not to answer questions concerning the Document, the

18   Parties will then cooperate in promptly submitting the issue of the Document's status

19   to the Court.

20   e.    Nothing herein shall be deemed or construed as a waiver of any applicable privilege, right

21   of privacy, immunity from production or proprietary interest with respect to any Document

22   or Information.

23   **12.    MISCELLANEOUS**

24   12.1    <u>Right to Further Relief</u>. Nothing in this Order restricts the right of any person to its

25   modification by the Court in the future. Any Party to the Action (or other person subject to the terms of

26   this Stipulation and Protective Order) may ask the Court, after appropriate notice to the other Parties to the

27   Action, to modify or grant relief from any provision of this Stipulation and Protective Order.

12.2  <u>Right to Additional Protection</u>. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection.

12.3  <u>Right To Assert Other Objections</u>. By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any Information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.4  This Order shall be binding upon the Parties, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their Expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purposes of any proceeding brought by a Party to this Action to enforce this Stipulation and Protective Order.

12.5  <u>Filing Protected Material</u>. A Receiving Party may file in the public record Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY only if it reasonably believes it is necessary to do so for purposes of pleadings, motions, or other Court matters and it (i) secures the written permission of the Designating Party to file the material without sealing it or in redacted form; (ii) lodges the material with the Court under California Rule of Court 2.55l(b)(3), and receives no motion to seal from the Designating Party within the time allotted by California Rule of Court 2.55l(b)(3)(B); or (iii) secures an order of the Court denying the Designating Party's motion to seal pursuant to California Rule of Court 2.551(b)(6).

a.  Where any Discovery Material or Information derived from Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY is included in any motion or other proceeding governed by California Rules of Court, Rules 2.550 and 2.551, the party shall follow those rules. With respect to discovery motions or other proceedings not governed by California Rules of Court, Rules 2.550 and

2.551, the following shall apply: If Discovery Material or Information derived from Discovery Material designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY are submitted to or otherwise disclosed to the court in connection with discovery motions and proceeding, the same shall be separately filed under seal with the clerk of the Court in an envelope marked: "CONFIDENTIAL [or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES-ONLY] - FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER AND WITHOUT ANY FURTHER SEALING ORDER REQUIRED."

b.   Notwithstanding any other provisions of this Sub-Section 12.5, except to the extent otherwise required by Court order or law, the Parties must redact social security numbers, tax information, financial account numbers, and driver's license numbers from all Documents filed with the Court. In the case of "personal records" of any "consumer" containing "information which would in any way identify [that] consumer" within the meaning of California Code of Civil Procedure § 1985.3, no Party shall be prevented from seeking to redact such Information and in its place affix a unique, randomly assigned identification number to identify all Documents related to a particular consumer for purposes of admission and use at trial in an unsealed courtroom.

c.   Nothing in this Order shall be construed to waive a Party's right to argue that CONFIDENTIAL or HIGHLY CONFIDENTIAL-ATTORNEYS' EYES ONLY material that is filed under seal is fully admissible and otherwise available for use at trial in an unsealed courtroom, either with or without redactions. Similarly, nothing in this Order shall abridge the rights of any person to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the issue of the status of Protected Material, or to argue that Protected Material is inadmissible

d.   While a motion to seal is pending and before the Court has ruled, no Party shall make use in open court, in public, or in any way inconsistent with the protections in this Order of any

18

Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

### 13.    FINAL DISPOSITION

Within 45 days after the final disposition of this Action, as defined in Section 2, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the end of the 30-day deadline that affirms the Receiving Party has not retained any Protected Material, except for pleadings; motion papers; trial, deposition, and hearing transcripts; legal memoranda; correspondence; deposition and trial exhibits; expert reports; and attorney work product that contain or reflect Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 ("Duration").

### 14.    EFFECTIVE DATE OF THIS STIPULATION AND PROTECTIVE ORDER

After this Stipulation and Protective Order has been signed by Counsel for all Parties, it shall be presented to the Court for entry. Counsel agree to be bound by the terms set forth herein with regard to any Confidential Materials that have been produced before the Court signs this Stipulation and Protective Order. The Parties and all signatories to the non-disclosure agreement attached hereto as Exhibit A agree to be bound by this Stipulation and Protective Order pending its approval and entry by the Court. In the event that the Court modifies this Stipulation and Protective Order, or in the event that the Court enters a different Protective Order, the Parties agree to be bound by this Stipulation and Protective Order until such time as the Court may enter such a different Order. It is the Parties' intent to be bound by the terms of this Stipulation and Protective Order pending its entry so as to allow for immediate production of Confidential Materials under the terms herein. This Stipulation and Protective Order may be executed in counterparts.

Any Party to the Action who has not executed this Stipulation and Protective Order as of the time it is presented to the Court for signature may thereafter become a Party to this Stipulation and Protective Order by its counsel's signing and dating a copy thereof and filing the same with the Court, and serving copies of such signed and dated copy upon the other Parties to this Stipulation and Protective Order.

## 15.    RETENTION OF JURISDICTION

This Order shall continue to be binding after the Final Disposition of this Action and all subsequent proceedings arising from this Action, except that a Party may seek the written permission of the Designating Party or may move the Court for relief from the provisions of this Order. To the extent permitted by law, the Court shall retain jurisdiction to enforce, modify, or reconsider this Order, even after the Action has concluded.

Dated: March 4, 2025

**WILLIAMS HART & BOUNDAS, LLP**

By:   /s/ Walt Cubberly
      Walt Cubberly

*Attorneys for Plaintiff*


**PAUL, WEISS, RIFKIND, WHARTON**
**& GARRISON LLP**

By:    /s/ Randall S. Luskey
      Randall S. Luskey
      535 Mission Street, 24th Floor
      San Francisco, CA 94105
      Telephone: (628) 432-5100
      Facsimile: (628) 232-3101

*Attorneys for Defendants*

Case No. CJC-21-005188          STIPULATION AND [PROPOSED] AMENDED PROTECTIVE ORDER

1

[PROPOSED] ORDER

2

3      PURSUANT TO THIS STIPULATION BETWEEN THE PARTIES, IT IS SO ORDERED.

4
DATE: _Mar. 6, 2025_                    _____
5                                        HONORABLE ETHAN P. SCHULMAN

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

21

Case No. CJC-21-005188                  STIPULATION AND [PROPOSED] AMENDED PROTECTIVE ORDER

**EXHIBIT A**

ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND

I ___Rick R. Fuentes___ [print or type full name], of ___29322 Ono Blvd, Orange Beach, AL 36561___ [print or type full address], declare under penalty of perjury that I heave read in its entirety and understand the Stipulated Protective Order that was issued by the Superior Court of California on __3/13/2025__ [date] in the case of *In Re: Uber Rideshare Cases*, JCCP 5188. I will maintain all such Protected Materials, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than 30 days after the conclusion of the Action, I will return the Protected Material, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Protected Materials. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any Information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provision of this Order.

I further agree to submit to the jurisdiction of the Superior Court of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent of service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: ___3/13/2025___

City and State where sworn and signed: ___Orange Beach, AL___

Printed name: ___Rick R. Fuentes___

Signature: ___Rick R. Fuentes___

Case No. CJC-21-005188          STIPULATION AND [PROPOSED] AMENDED PROTECTIVE ORDER

## CERTIFICATE OF ELECTRONIC SERVICE
(CCP 1010.6(6) & CRC 2.260(g))

I, Felicia Green, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On March 6, 2025, I electronically served STIPULATION AND AMENDED PROTECTIVE ORDER via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:    MAR 0 6 2025

Brandon E. Riley, Court Executive Officer

By:  _____
          Felicia Green, Deputy Clerk