Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street,
San Francisco, CA 94104
Telephone: (415) 439-1400
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MARK PREMO-HOPKINS IN SUPPORT OF MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

I, Mark Premo-Hopkins, declare as follows:

1. I am an attorney at Kirkland & Ellis L.L.P., counsel of record for Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber" or "Defendants"). I offer this Declaration in the above-captioned matter in support of Uber's Motion for Enforcement of the Protective Order.

2. Attached as **Exhibit 1** is a true copy of my letter, dated August 8, 2025, to Diane Brayton.

3. Attached as **Exhibit 2** is a true copy of a letter, dated August 10, 2025, from David E. McCraw to me.

4. Attached as **Exhibit 3** is a true copy of my email, dated August 1, 2025, at 6:23 p.m., to lead counsel in the JCCP and the MDL, including John Eddie Williams, William A. Levin, C. Brooks Cutter, Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams.

5. Attached as **Exhibit 4** is a true copy of my letter, dated August 1, 2025, to lead counsel in the JCCP and the MDL, including John Eddie Williams, William A. Levin, C. Brooks Cutter, Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams.

6. Attached as **Exhibit 5** is a true copy of an email, dated August 4, 2025, at 4:14 p.m., from Sarah R. London in response to my August 1, 2025 email.

7. Attached as **Exhibit 6** is a true copy of an email, dated August 4, 2025, at 4:32 p.m., from John Eddie Williams Jr. in response to my August 1, 2025 email.

8. Attached as **Exhibit 7** is a true copy of my email, dated August 4, 2025, at 7:16 p.m., to lead counsel in the JCCP and the MDL, including John Eddie Williams, William A. Levin, C. Brooks Cutter, Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams.

9. Attached as **Exhibit 8** is a true copy of an email, dated August 5, 2025, at 10:30 p.m., from William Levin in response to my August 4, 2025 email.

10. Attached as **Exhibit 9** is a true copy of an email dated August 6, 2025, at 3:47 p.m., from Steven Cohn in response to my August 4, 2025 email.

11. Attached as **Exhibit 10** is a true copy of a letter dated August 6, 2025, from Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams to me.

12. Attached as **Exhibit 11** is a true copy of an email, dated August 6, 2025, at 5:21 a.m., from Brooks Cutter in response to my August 4, 2025 email.

13. Attached as **Exhibit 12** is a true copy of my email, dated August 6, 2025 at 8:28 p.m., to lead counsel in the MDL, including Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams. I requested that counsel provide availability for a meet-and-confer by phone the next day to discuss the source of the sealed documents referenced in the New York Times's August 6, 2025 story.

14. Attached as **Exhibit 13** is a true copy of an email, dated August 7, 2025, at 8:34 p.m., from Sarah London to me. Ms. London stated that she could confer that evening or the next morning.

15. I met and conferred with lead counsel in the MDL, including Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams, via phone on August 10, 2025. I explained that Uber has received confirmation from the New York Times that File and Serve was not the source of the sealed documents referenced in the August 6, 2025 story, and that Uber was also conducting its own investigation.

16. Attached as **Exhibit 14** is a true copy of my email, dated August 11, 2025, at 6:06 p.m., to lead counsel in the MDL, including Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams. I requested that to avoid motion practice, each of Plaintiffs' firms that had access to the sealed documents referenced in the August 6, 2025 story certify that they (1) "contacted each employee, contractor, consultant or agent (including expert witnesses) working with [the firm], as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP"; and (2) "[e]ach of th[ose] individuals … confirmed [] that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly" or that the investigation "revealed information concerning the source of this unauthorized disclosure to the New York Times," in which case I requested that counsel "describe the circumstances of such disclosure."

17. Attached as **Exhibit 15** is a true copy of my email, dated August 11, 2025, at 6:18 p.m., to lead counsel in the JCCP, including John Eddie Williams, William A. Levin, and C. Brooks Cutter. I requested that counsel meet and confer regarding any impact the publication of the New York Times story on August 6, 2025 may have on the Court's final sealing rulings and to discuss the fact surrounding any

violation of the Court's protective order that led to the story's publication. I also requested that each of Plaintiffs' firms that had access to the sealed documents referenced in the August 6, 2025 story certify that they (1) "contacted each employee, contractor, consultant or agent (including expert witnesses) working with [the firm], as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP"; and (2) "[e]ach of th[ose] individuals … confirmed [] that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly" or that the investigation "revealed information concerning the source of this unauthorized disclosure to the New York Times," in which case I requested that counsel "describe the circumstances of such disclosure."

18. Lead counsel for the MDL have suggested that motion practice is not necessary and that they will modify the language proposed by Uber, but to date they have not provided the certification responsive to Uber's request. Lead counsel also have not confirmed that each plaintiff law firm in the MDL would provide the certification with the language Uber requested.

19. Attached as **Exhibit 16** is a true copy of my email, dated August 13, 2025, at 9:25 p.m., to lead counsel in the MDL, including Roopal P. Luhana, Sarah R. London, and Rachel B. Abrams. During a Zoom-based meet-and-confer on August 13, 2025 with representatives from multiple law firms who represent plaintiffs in the MDL, and after they had received Uber's request for certification in writing, those lawyers confirmed that they would not be providing any further information or certification in response to Uber's request.

I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Dated:  August 13, 2025

Respectfully submitted,

By: /s/ Mark Premo-Hopkins
Mark Premo-Hopkins (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2706
mark.premohopkins@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC