# M. Premo-Hopkins Decl. Exhibit 2



David E. McCraw
Senior Vice President
& Deputy General Counsel

T 212 556 4031
mccraw@nytimes.com

620 8th Avenue
New York, NY 10018
nytimes.com

August 10, 2025

**VIA EMAIL**

Mark W. Premo-Hopkins, Esq.
Kirkland & Ellis
555 California St.
San Francisco, CA 94104

      Re:    Uber Documents

Dear Mr. Premo-Hopkins:

I write in response to your letter of August 8, 2025 concerning our article "Uber's Festering Sexual Assault Problem" published on August 6, 2025. As an initial matter, I have to say that I appreciate the courteous and professional way your letter raises the issue of whether sealed Uber documents had been obtained by The Times from the File & Serve system used by the parties and the court.

I am disappointed that Plaintiffs' counsel would suggest, without evidence, that The Times may have used that system to obtain sealed records. We did not. As your letter notes, our outside counsel, Duffy Carolan, was improperly included on the service list as an attorney for Uber following her limited appearance to oppose the possible closing of the summary judgment hearing. As her email to counsel said (and you quote in your letter), she quickly realized the error, did not look at any further documents, and did not provide any of the documents to anyone at The Times. Neither she nor anyone at The Times was included on the service list or had access to the service and filing system after that point. Following the receipt of your letter, I did go back to Ms. Carolan and confirm that my understanding, as set forth here, was accurate, and she again assured me it was.

1

We are unaware of any publicly available docket that inadvertently contains sealed Uber documents. While we have taken the position in other cases that documents that are publicly available on a court docket can be legally accessed and used by the public and by journalists, irrespective of the parties' intention, that is an issue for another day in this case.

Sincerely,

*David McCraw*

David E. McCraw