# M. Premo-Hopkins Decl. Exhibit 10



**Sent from:** New York Office

August 6, 2025

<u>Sent via Email</u>
Mark W. Premo-Hopkins, P.C.
Kirkland & Ellis LLP
555 California Street
San Francisco, CA 94104
mark.premohopkins@kirkland.com

  Re: *In re: Uber Passenger Sexual Assault* 23-md-03084-CRB
     Response to Uber's August 1, 2025 Letter re New York Times

Dear Counsel:

  We write on behalf of the Plaintiffs' Steering Committee (PSC) in response to your letter dated August 1, 2025, in which you request that MDL Lead Counsel certify that neither they nor anyone at their firms were directly or indirectly involved in disclosing confidential information to the New York Times, and that they conduct an investigation into any such disclosures.

  We appreciate the concerns you have raised and take any suggestion of noncompliance seriously. To the best of our knowledge, the PSC has complied with its obligations under the Protective Order and has not disclosed confidential information to the New York Times.

  We trust that this response will dispose of the matter, absent further evidence that any PSC member firm had any involvement in any alleged leak. As you are aware, a request to subpoena JCCP law firms was recently addressed and declined by Judge Schulman in the related JCCP litigation. In that instance, the Court expressly noted the absence of any evidence that materials designated as "Confidential" or "Highly Confidential" under the Protective Order were disclosed by any Plaintiffs' counsel.

  We understand that a New York Times reporter was accidentally given access to file & serve and was listed on the JCCP docket as counsel for Uber. This could be the source of disclosure to the New York Times—something we trust you have investigated.

  Additionally, given the circle of people with access to the materials identified in your letter, the source of any disclosure to the New York Times could certainly be an employee or a member of

Uber's own defense team. We presume that Uber's counsel has conducted a thorough investigation into the origin of the alleged disclosure from all employees as well as counsel representing Uber in these matters.

Should you wish to further discuss this matter, we are available to discuss at a mutually convenient time.

Sincerely,

*/s/ Roopal P. Luhana*

Roopal P. Luhana, Esq.

*/s/ Sarah R. London*

Sarah R. London, Esq.

*/s/Rachel B. Abrams*

Rachel B. Abrams, Esq.

*Co-Lead Counsel for Plaintiffs*