# M. Premo-Hopkins Decl. Exhibit 15

| | |
|---|---|
| **From:** | Premo-Hopkins, Mark W. |
| **To:** | Brian Abramson; Vives, Michael |
| **Cc:** | Vartain, Laura; Davidson, Jessica; Brooks Cutter; Celine Cutter; William Levin; Walt Cubberly; John Eddie Williams Jr.; Larsen, Beth; Cox, Christopher; Coverstone, Kaitlyn L.; Brown, Alli; Fournier, Kristen; Caritis, Alexandra |
| **Subject:** | Uber JCCP - M&C on Sealing and Protective Order |
| **Date:** | Monday, August 11, 2025 6:18:00 PM |

Counsel –

We are reaching out in light of Judge Schulman's order today that requested the parties meet-and-confer regarding any impactthe publication of the New York Times story on August 6, 2025 may have on the Court's final sealing rulings.  We anticipate having updated proposed redactions to you soon, but the story's publication has required us to rework those to some degree.

We also should use the same time to discuss the facts surrounding any violation of the Court's protective order that led to the story's publication, and whether any motion practice will be necessary on that issue.  As an update, we have received from the New York Times confirmation that File and Serve was not the source of the sealed documents referenced in the August 6, 2025 story.  Uber also is conducting its own investigation.  Uber requests each of the plaintiffs' firms that had access to the relevant documents (not just the leadership firms) conduct the following investigation and certify the following facts.

Please let us know times that work to discuss these issues.

*******INVESTIGATION FACTS TO BE CERTIFIED*******

1. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with  Plaintiffs' summary judgment opposition in the JCCP.

2. Each of the individuals identified in paragraph 1 confirmed to me that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly.
      OR
3. The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times and then describe the circumstances of such disclosure.

**Mark Premo-Hopkins, P.C.**
================================================
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco
**T** 415 439 1910
**M** 312 497 6606

================================================
he / him / his
mark.premohopkins@kirkland.com