Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**[PROPOSED] PRETRIAL ORDER NO. 31: ENFORCEMENT OF THE PROTECTIVE ORDER** |

All Parties and their counsel in this proceeding are bound by the Court's Protective Order. ECF No. 176. They also have stipulated to the jurisdiction of this Court in enforcing the terms of that Order. The Court takes any violation of the Protective Order—particularly a potentially willful violation—very seriously.

Based on the contents of the July 30 New York Times email to Uber and the August 6, 2025 New York Times article concerning Uber, as well as Uber's comparison of the contents of that email and article to the JCCP summary judgment opposition exhibits, the Court finds that its Protective Order has been violated. ECF No. 176. The Court also finds that it is more likely than not that some person or people with access to the sealed JCCP summary judgment opposition materials has provided those materials (or a significant subset thereof) either directly or indirectly to the New York Times. Uber has provided its certification and those of its outside counsel describing their investigations into these matters and certifying that none of their employees, former employees, counsel, experts, or other agents disclosed those materials directly or indirectly to the New York Times.

Accordingly, the Court orders that each Plaintiffs' Counsel in this proceeding should conduct a similar investigation and either sign the certification attached as an exhibit to this Order or else submit a declaration indicating that their investigation revealed information concerning the source of this unauthorized disclosure to the Times and describing the circumstances of such disclosure.

**IT IS SO ORDERED.**

DATED:_____

CHARLES R. BREYER
United States District Judge

**Exhibit A**

**Certification of Investigation Facts**

1. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP.

2. Each of the individuals identified in paragraph 1 confirmed to me that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly.