Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Uber*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) <br><br> **OPPOSITION TO MOTIONS TO WITHDRAW** |
| This Document Relates to: <br><br> PLAINTIFF B.F. <br> Case No. 3:25-cv-04466 <br><br> PLAINTIFF H.S.01 <br> Case No. 3:25-cv-01999 | Judge:     Hon. Charles R. Breyer <br> Date:      TBD <br> Time:      TBD <br> Courtroom: 6 – 17th Floor |

## I. INTRODUCTION

The Court should deny Chaffin Luhana's motions to withdraw, particularly while Uber's Motion for Entry of an Order to Show Cause (ECF 3604) ("Receipts Motion") is pending. In that motion, Uber demonstrated that several Plaintiffs in this MDL submitted fraudulent receipts. Two of those Plaintiffs are those from whose representation Chaffin Luhana seeks to withdraw.  ECF 3689, 3690.

Chaffin Luhana's motion does not address the impact its withdrawal would have on the motion pending before the court. It also fails to address any time period beyond a narrow two-week window in the Chaffin Luhana firm's relationship with its clients.  It leaves out anything about the rest of the two-year relationship between Chaffin Luhana and these clients.  And it entirely omits any discussion of the obviously fraudulent receipts submitted by H.S.01 and B.F, or of Uber's Receipts Motion asking that the Court enter an order to show cause why those Plaintiffs' claims should not be dismissed with prejudice. The contents of the motion, and its timing vis-à-vis the Receipts Motion, are problematic for several reasons, and the motion should be denied at least while the fraud motion is pending, and until after any related show-cause or other proceedings are concluded.

*First*, while Chaffin Luhana claims it is now—within the last two weeks—having difficulty communicating with Plaintiffs, it purportedly was able to communicate with them enough to file complaints and serve receipts (via MDL Centrality) on their behalf on 2/25/2025 (H.S. 01) and 5/27/2025 (B.F.), and to force Uber to bear costs in defending against their claims, investigating their receipts, and filing the Receipts Motion.

*Second*, in response to the Court's Pretrial Order 5, on 2/25/2025 and 5/27/2025 the Chaffin Luhana firm submitted receipts on behalf of H.S.01 and B.F. that are fraudulent on their face.

1    B.F.'s receipt is shown below.

```
Subtotal                                               $13.25
Marketplace Fee                                         $3.14
Promotion                                              -$3.25
Access for All Fee                                      $0.10
CA Driver Benefits                                      $1.25

Payments
 [Uber]  Uber Cash                                      $4.46
         6/8/22 12:39 PM
 [VISA]  Visa ••                                       $10.53
         6/9/23 2:12 AM

Visit the trip page for more information, including invoices (where available)

You rode with ▉
issued on behalf ▉

WAV    7.60 miles | 34 min
  ▪ 12:05 PM  ▉
  ▪ 12:39 PM  ▉

Payments
 [Uber]  Uber Cash
         6/8/22 12:39 PM
 [VISA]  Visa ••
         6/9/23 2:12 AM
```

The fraud in B.F.'s receipt is readily apparent.  First, the math does not add up.  The total of the charges is $14.49, but B.F. listed a total of $14.99.  Second, B.F. included a *California* Driver Benefits fee for a *Texas* trip.  Third, the payment date is 6/8/22, for a trip that occurred a year later in 2023!

1  H.S.01's receipt is below:



The fraud in H.S.01's receipt is also obvious. First, the math does not add up. The total on the receipt states $36.79, but the numbers add up to $37.15. Second, the destination address does not exist.

Chaffin Luhana plainly did not review or investigate these receipts before it it submitted them—a circumstance which is alarming for its implications for the MDL docket as a whole. Even a quick review of these receipts would have demonstrated that the receipts are fraudulent.

***Third***, Chaffin Luhana never mentions the impact its requested withdrawal would have on the Receipts Motion pending before the Court. Indeed, the withdrawal motions do not even mention fraud or the Receipts Motion. Instead, in both cases, Chaffin Luhana claims only that "Plaintiff has not responded to the firm's contact attempts in order to properly prosecute her case," and that this "breakdown in communication with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct" (permitting ethical withdrawal when "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"). ECF 3689, 3689-1, 3690, and 3690-1. These contact attempts started on July 30, after the Chaffin Luhana firm began to meet and confer with Defendants regarding the Receipts Motion, and continued for approximately two weeks. Chaffin Luhana states that it was unable to establish communication with either plaintiff by email or text.

***Fourth***, in terms of its implications for the MDL docket of over 2,500 Plaintiffs, the Chaffin Luhana firm's inability to communicate with its clients is as troubling as Plaintiffs' fraud. That docket has been built in part using click-bait ads (from other firms) like the one below.



https://www.rideshareassaultjustice.com/

Individuals who click on these ads technically end up as "Plaintiffs" in this litigation. But many of these individuals are "Plaintiffs" in name only. They are not actually participants in the litigation. Many of them may be unaware they are "Plaintiffs." Like B.F. and H.S.01, they do not even respond to repeated texts and emails from their attorneys. They hope to remain on the sidelines (with "No Paperwork" and "No Hassle," as the above ad promised) until a settlement is announced. But the Federal Rules do not allow for a "Park My No-Paperwork, No-Hassle Claims On the Docket Until a Settlement Is Announced" Option. Instead, these claims should be dismissed—with prejudice.

Accordingly, given the timing of the withdrawal motions and their failure to address the Receipts Motion issues in any way, Chaffin Luhana should not be permitted to withdraw while the show cause and dismissal-with-prejudice process is underway. Chaffin Luhana filed complaints on behalf of B.F. and H.S. 01. Chaffin Luhana submitted B.F.'s and H.S.01's fraudulent receipts in discovery. Even assuming Chaffin Luhana was not aware of the fraud because Chaffin Luhana did not exercise even a few minutes of diligence in reviewing the receipts, Chaffin Luhana should not now be permitted to impose further costs on Defendants by requiring Defendants to follow the relatively more burdensome process of obtaining dismissals of *pro se* plaintiffs.

Allowing Plaintiffs' firms to withdraw in these circumstances would create bad incentives. Permitting withdrawal would mean there is no economic or legal reason for Plaintiffs' counsel to vet non-bellwether Plaintiffs' claims—even for Plaintiffs who have submitted obviously fraudulent documents. If withdrawal is permitted under these circumstances, Plaintiffs' counsel could hope to gather hundreds of claims, get compensated for unvetted claims that turn out not to be fraudulent, and simply withdraw from the fraudulent ones. That framework would only encourage more fraud.

For all these reasons, the Court should deny Chaffin Luhana's motions to withdraw as counsel for Plaintiffs H.S.01 and B.F at this time.

## II. BACKGROUND

On July 30, Uber moved for an order that Plaintiffs who violated the Court's orders by submitting non-bona fide receipts must show cause as to why they should not be dismissed from this case with prejudice. ECF 3604. Two Plaintiffs that Uber identified in its motion as having submitted fraudulent receipts were Plaintiffs H.S.01 and B.F, represented by Chaffin Luhana. *Id.*[1]

On August 13, Chaffin Luhana moved to withdraw as counsel of record for Plaintiffs H.S.01 and B.F. ECF 3689; 3690. In their motion, Chaffin Luhana claims it has been "unable to reach" Plaintiff H.S. 01 since July 29, 2025, and Plaintiff B.F. since August 1, 2025. ECF 3689 at 2; ECF 3690 at 2. Chaffin Luhana further claims that they have attempted to contact each Plaintiff "via phone, email and text message" over approximately two weeks and "informed [each] Plaintiff that [they] cannot continue representation without her input." *Id.* Chaffin Luhana informed each Plaintiff on August 12, 2025 of their intent to withdraw as counsel. ECF 3689 at 3; ECF 3690 at 3. Chaffin Luhana "does not believe [either] Plaintiff has agreed to voluntarily dismiss her case," and neither Plaintiff has "informed [Chaffin Luhana]

---

[1] On August 12, the day before the Motion to Withdraw was filed, Michael Sweet, an attorney for Chaffin Luhana, reached out via email to two staff attorneys who handle intake of Plaintiff Fact Sheets as outside counsel for Uber. Ex. 1 to Degen Decl. The email stated, "Please see the attached for the two clients," specifically Plaintiffs H.S. 01 and B.F., "we intend to file a motion to withdraw for tomorrow and wanted to reach out as a courtesy." *Id.* The attachment only contained the case number, MDLC ID, and Plaintiff Initials for H.S.01 and B.F. One of the intake attorneys for Uber responded, "Thanks for the heads up Michael!" *Id.* Neither of the two staff attorneys at Shook Hardy whom Chaffin Luhana contacted regarding its motions to withdraw have entered appearances in this MDL. Degen Decl., ¶ 3. No one from Chaffin Luhana reached out to counsel for Uber, including any of its lead litigation counsel across various firms, to hold a telephonic meet and confer about Chaffin Luhana's intention to withdraw as counsel. Degen Decl., ¶ 4.

that she has retained any other counsel." *Id.* Chaffin Luhana's motions to withdraw say nothing about Uber's pending Receipts Motion, which requests an order to show cause why the claims of these two Plaintiffs (and others) should not be dismissed with prejudice, or how Plaintiffs will respond to this motion without Chaffin Luhana's representation.

### III.  THE COURT SHOULD DENY CHAFFIN LAHUNA'S MOTIONS TO WITHDRAW.

Courts consider several factors when considering a motion for withdrawal, including: "(1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Deal v. Countrywide Home Loans*, No. C 09-01643 SBA, 2010 WL 3702459, at *2 (N.D. Cal. Sept. 15, 2010); *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 3:15-CV-6119-CRB, 2019 WL 13268604, at *1 (N.D. Cal. Aug. 30, 2019) (Breyer, J.) (citing *Deal* in granting motion for co-counsel to withdraw when Plaintiffs would still be represented by other counsel). "Ultimately, a ruling on a motion to withdraw 'must involve a balancing of the equities.'" *Robinson v. Delgado*, No. CV 02-1538 NJV, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010) (denying motion to withdraw) (cited with approval by *In re Volkswagen*, 2019 WL 13268604, at *1).

Here, the balancing of the equities demonstrates that the Court should not permit Chaffin Luhana to withdraw before the Court rules on Uber's Receipts Motion and decides whether or not Plaintiffs' claims should be denied with prejudice.

First, the second *Deal* factor strongly supports denial of Chaffin Luhana's motion. There will be prejudice—to the newly unrepresented Plaintiffs and Uber—if Chaffin Luhana is permitted to withdraw now. "It is the duty of the trial court to see that the client is protected, so far as possible, from the consequences of an attorney's abandonment." *Caveman Foods, LLC v. Jann Payne's Caveman Foods, LLC*, Civ. No. 2:12-1112 WBS DAD, 2015 WL 6736801, at *5 (E.D. Cal. Nov. 4, 2015) (internal citation omitted). By allowing Chaffin Luhana to withdraw at this juncture—in the face of imminent response deadlines for Uber's request for entry of an order to show cause why Plaintiffs' claims should not be dismissed—Plaintiffs would be left without representation to enable them to defend against the dismissal of their claims, should they have any basis on which to do so. Where, as here, an attorney seeks to

withdraw shortly before a filing is due, especially given the potential of dismissal, "courts typically find prejudice and deny a motion to withdraw." *See Wige v. City of Los Angeles*, Case No. CV 09-01369 MMM (PLAx), 2014 WL 12806226, at *4 (C.D. Cal. Feb. 14, 2014); *see also Robinson*, 2010 WL 3259384, at *2 (denying motion to withdraw filed sixteen days before a hearing on numerous substantive pre-trial motions).

Not only would withdrawal prejudice Chaffin Luhana's own clients, but it would prejudice Uber. Permitting withdrawal now would require Defendants to follow the relatively more burdensome process of obtaining dismissals of *pro se* plaintiffs. Uber should not have to shoulder that burden because Chaffin Luhana now finds these representations inconvenient and undesirable after Uber's filing of the Receipts Motion.

The need for the Court and Uber to deal with newly *pro se* plaintiffs if the motion is granted also implicates the fourth *Deal* factor, delay in the resolution of this case. Uber has proposed that all Plaintiffs that submitted non-bona-fide receipts should be dismissed with prejudice, but in order to ensure due process, has also suggested a show-cause process permitting Plaintiffs to challenge this result. Plaintiffs' counsel should continue to represent them throughout that show-cause and dismissal process, so that resolution of these issues is not unduly delayed.

The third *Deal* factor also supports denial of the motion, because permitting withdrawal here would harm the administration of justice in this matter. Less than two weeks after Uber filed the Receipts Motion implicating Plaintiffs H.S.01 and B.F., Chaffin Luhana has moved to withdraw as counsel for those Plaintiffs. Nowhere in their withdrawal motions, however, do they address Uber's recent allegations of fraud. *See* ECF 3689; 3690. Chaffin Luhana should not be permitted to sidestep these serious allegations, supported by credible evidence and expert testimony, against Plaintiffs whom they *agreed to represent* by simply withdrawing from representation now. Instead, to ensure that justice is done, the Court should hear and resolve Uber's credible allegations of fraud.

Consideration of the first *Deal* factor—Chaffin Luhana's asserted reason for seeking withdrawal—also supports denial of the motion. The purported reason—that Chaffin Luhana is unable to reach Plaintiffs in the last two weeks—is incomplete and insufficient given that these two clients are implicated in the

Receipts Motion (which is nonetheless mentioned nowhere in Chaffin Luhana's papers).[2] Although Chaffin Luhana details their outreach over an approximately two-week period, they do not provide any explanation of how they were retained by Plaintiffs and why it is so problematic that they suddenly cannot reach their clients now. Chaffin Luhana's claims at a minimum call into question how exactly Plaintiffs were brought into this litigation, whether through an aggregator or other means lacking any individualized assessment of their claims. But perhaps more seriously, the lack of vetting of Plaintiffs' claims points to the likely possibility that other claims among the two-thousand-plus Plaintiffs in this MDL are similarly not vetted and have indicia of fraud.

To promote the "administration of justice," the Court should make clear both to (1) Plaintiffs that their fraudulent conduct will not be tolerated, and (2) their counsel that they must conduct a reasonable inquiry into the bases of Plaintiffs' claims before bringing them to the Court. *See Deal*, 2010 WL 3702459, at *2. But the Court cannot do so if Uber is not given the chance to litigate this asserted fraud. Such an outcome would "work an injustice in the handling of the case," by enabling counsel to bring unvetted and potentially fraudulent claims without accountability. *The People v. Henry Ford McCracken*, 39 Cal. 2d 336, 350, 246 P.2d 913, 921 (Cal. 1952).

## IV. CONCLUSION

Uber respectfully requests that the Court deny Chaffin Luhana's Motions to Withdraw. ECF 3689; 3690.

---

[2] Chaffin Luhana cites Rule 1.16(b)(4) of the California Rules of Professional Conduct—that "the client by other conduct renders it unreasonably difficult for the lawyer to carry out the representation effectively"— as the reason they should be permitted to withdraw. Given the pending Receipts Motion, subjection (b)(2) may be more apt. That section permits withdrawal when a client has "used the lawyer' services to advance a course of conduct that the lawyer reasonably believes was a crime of fraud."

DATED:  August 19, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER,LLC, And RASIER-CA, LLC