**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiffs*

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFFS' REPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER** |
| This Document Relates to:<br><br>T.T. v. Uber Technologies, Inc., et al., No. 3:25-cv- 04647-CRB<br><br>S.Y. v. Uber Technologies, Inc., et al., No. 3:25-cv- 04629-CRB<br><br>C.B. v. Uber Technologies, Inc., et al., No. 3:25-cv- 01961-CRB | Date:      October 3, 2025<br>Time:      10:00 a.m.<br>Courtroom: 6-17th Floor |

## I.    INTRODUCTION

On August 11, 2025, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10. (Doc. 3493). Counsel acknowledges and understands that under PTO 10, the Court created procedures and deadlines to produce a PFS. Counsel has and continues to diligently comply with discovery obligations. Plaintiffs can become unavailable for a variety of reasons during litigation, especially when said plaintiff is the survivor of a sexual assault. Counsel continues to try to obtain a completed PFS from three outstanding clients.

## II. ARGUMENT

a. *The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal – let alone dismiss with prejudice – is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. Signalo v. Mendoza, 642 F.2d 309, 310 (9th Circ. 1981). Uber has not even tried to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. Id. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

b. *The Court should not dismiss these cases with prejudice.*

In the event the Court is inclined to grant Uber's Motion to Dismiss, it cannot dismiss with prejudice in this context. Dismissing with prejudice goes against the Malone factors as discussed by Uber and other Plaintiffs' firms in response to the Motion to Dismiss. Here, Plaintiffs state the quiet out loud: dismissing with prejudice is premature as these are survivors of sexual assault speaking out against one of the largest corporations on the planet. While the appropriate safeguards to discovery must be followed for the truth-seeking process, the practical reality is that these humans have suffered grave harm but are not part of the current bellwether trial. There is no real prejudice to Uber that warrants dismissal with prejudice. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head on and it is often uncomfortable and overwhelming. Counsel will continue its efforts with plaintiffs to produce their PFS.

## III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court DENY Uber's Motion to Dismiss as procedurally improper. In the alternative, counsel requests that Plaintiffs T.T., S.Y., and C.B. do not be dismissed with prejudice.

DATED: August 20, 2025

Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiffs*

**CERTIFICATE OF SERVICE**

I hereby certify that, on August 20, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: August 20, 2025

>*/s/ Sommer D. Luther*
>**WAGSTAFF LAW FIRM**
>Sommer D. Luther, CO 35053
>940 Lincoln Street
>Denver, CO 80203
>Tel: (303) 263-8949
>Fax: (303) 376-6361
>sluther@wagstafflawfirm.com
>*Attorney for Plaintiffs*

# PROOF OF SERVICE

I, the undersigned, declare: I am a citizen of the United States, over 18 years of age and not a party to the within action. My business mailing address is 940 Lincoln Street, Denver, CO 80203.

On the date specified below, I served a copy of the foregoing document described as:

**PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER**

To be served by providing a true copy thereof addressed to each of the persons named below:

**O'MELVENY & MYERS, LLP**
400 South Hope Street
Suite 1900
Los Angeles, CA 90071
Telephone: (310) 553-6700

**SABRINA STRONG**
sstrong@omm.com
**JONATHAN SCHNELLER**
jschneller@omm.com
**JOSHUA REVESZ**
jrevesz@omm.com
**LOUIS FISHER**
lfisher@omm.com

**KIRKLAND & ELLIS, LLP**
601 Lexington Avenue New York, NY 10022
Telephone: (212) 446-4800

**ALLI BROWN**
alli.brown@kirkland.com
**CHRIS COX**
christopher.cox@kirkland.com
**JESSICA DAVIDSON**
jessica.davidson@kirkland.com
**JENNIFER LEVY**
jlevy@kirkland.com
**RUPAL JOSHI**
rupal.joshi@kirkland.com

**SHOOK, HARDY & BACON LLP**
1 Rockefeller Plaza, Suite 2801 New York, NY 10020
Telephone: (212) 989-8844
UberMDLService@listserv.shb.com

**PATRICK OOT**
oot@shb.com
**ALYCIA A. DEGEN**
adegen@shb.com
**MICHAEL B. SHORTNACY**
mshortnacy@shb.com

**CHRISTOPHER C. COTTON**
ccotton@shb.com

***Attorneys for Defendants – UBER TEHCNOLOGIES, INC., RASIER LLC, and RASIER-CA, LLC***

[X]    **BY ELECTRONIC TRANSMISSION ONLY:** By emailing the document(s) to the persons at the email address(es) listed above. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed August 20, 2025 in Denver, Colorado.

/s/ Theresa Fryan
Theresa Fryan
Paralegal