Sommer D. Luther, CO #35053*
**Wagstaff Law Firm**
940 Lincoln Street
Denver, Colorado 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hace Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB |
| | **PLAINTIFF B.L.'S NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT** |
| This Document Relates to:<br><br>*B.L. v. Uber Techs., Inc.*, No. 24-cv-7940 | Judge: Honorable Charles R. Breyer<br>Date: October 3, 2025<br>Time: 10:00 AM<br>Ctrm.: 6-17th Floor (by Zoom)<br><br>**REDACTED** |

1

<u>**NOTICE OF MOTION**</u>

2

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3

NOTICE IS HEREBY GIVEN that on October 3, 2025 at 10:00 AM, before the Honorable

4

Charles R. Breyer, by Zoom, Plaintiff B.L. will, and hereby does, move this Court for an order

5

permitting her to file an amended bellwether complaint.

6

This Motion is based on this Notice, the attached Memorandum of Points and Authorities,

7

the declaration of Sommer D. Luther, the exhibits attached to it, and the attached proposed

8

amended complaint.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

Plaintiff B.L. respectfully seeks leave to amend her bellwether complaint to add a claim for ratification-based liability under California law based on evidence only recently produced by Uber. The amended complaint also implements modest updates to conform to discovery and conforms to rulings in Pretrial Order No. 28 by removing the fraud claim and the products liability claims based on "Safe Ride Matching." The proposed Second Amended Bellwether Complaint is attached as **Exhibit A**.

<u>**BACKGROUND**</u>

This motion arises because Uber inexplicably delayed in producing crucial information in B.L.'s case: that the driver in the case continued to drive for Uber in the country of Colombia at least as of July 2025. Worse, Uber's lawyers and corporate witnesses actively obstructed Plaintiff from learning the truth.

 Plaintiff B.L. was raped by an Uber driver named Edwin Castaneda Orozco on August 12, 2022. ECF 2946-10 ¶¶ 5-31. Local law enforcement informed Uber of the assault the next day. Ex. A ¶ 37.

Pretrial Order No. 21 required bellwether cases to file amended complaints by March 14, 2025. PTO 21 at 2. On that date, Plaintiff B.L. filed an amended complaint asserting the following claims: negligence; fraud; breach of a common carrier's non-delegable duties; respondeat superior; apparent agency; and strict products liability. ECF 2496-10. B.L. did not assert a ratification theory.

After case-specific discovery opened on March 14, Plaintiff served requests for production on March 26. Luther Decl. ¶ 2. After unreasonably delaying document productions in Wave 1 bellwether cases, necessitating a Court-ordered in-person meet and confer at the courthouse, Uber produced documents between June 13 and July 2. *Id.* ¶¶ 3-5. Those documents showed the subject driver operating on the Uber platform even after the filing of this lawsuit. *Id.* ¶ 5. Uber's production was ███████████████████████████████████████████ ████████████████████████████. *Id.* ¶ 4 & Ex. D.

Then, on June 26, when Plaintiff asked a third-party witness about Mr. Orozco continuing

to drive on Uber's platform, Uber's counsel objected that the inquiry was an "absolutely

ridiculous question" and "completely untrue." *Id.* ¶ 6 & Ex. C.  On July 10, Uber informed

Plaintiff's counsel that previous productions reflected a clerical error. *Id.* ¶ 7. Uber provided ███

████████████████████████████████████████████████████████████████████████████

████████████████████████████████████████████. *Id.* & Ex. G. That same day, Uber's 30(b0(6)

witness ████████████████████████████████████████████████. *Id.* ¶ 8 & Ex. E.

   Next, on July 22—a week after the deadline for substantial completion for fact

discovery—Uber changed its story again. Now Uber, again citing production errors, produced

documents showing that Mr. Orozco in fact was still driving for Uber in July in the country of

Colombia. *Id.* ¶ 9; *see also* ECF 3557 (Uber acknowledging "prior production error in the BL

case"). After Judge Cisneros ordered additional discovery to determine the source of the problem

and the true facts about B.L.'s case, ECF 3569, Uber reproduced its 30(b)(6) witness on August 7.

Luther Decl. ¶¶ 10-11. At that deposition, the witness ██████████████████████████████

████████████████████████████████████████████████████████████████████████████

████████. *Id.* ¶ 11 & Ex. F. Uber retained the driver even though there is a warrant out for his

arrest stemming from his rape of B.L. Ex. B at 56:7-11.

   Plaintiff sought Uber's consent to amend her complaint. Uber expressed it will oppose

leave to amend.

## LEGAL STANDARDS

   Courts should "freely give leave" to amend "when justice so requires." Fed. R. Civ. P.

15(a)(2). The "policy favoring amendment 'should be applied with extreme liberality.'"

*Hernandez v. Syncrasy*, 2023 WL 2601361, at *2 (N.D. Cal. Mar. 22, 2023) (Breyer, J.) (quoting

*United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981)). The Court "considers five factors to

assess whether to grant leave to amend: (1) undue delay, (2) bad faith or dilatory motive on the

part of the movant, (3) repeated failure to cure deficiencies by amendment previously allowed, (4)

undue prejudice to the opposing party by virtue of allowance of the amendment, and (5) futility of

amendment." *Id.* (quoting *Leadsinger, Inc. v. BMG Music Publ'g*, 512 F.3d 522, 542 (9th Cir.

2008)) (alterations omitted). Absent "an apparent reason … it is an abuse of discretion for a

1    district court to refuse to grant leave to amend a complaint." *Id.* at *3 (citation and alterations
2    omitted).

3        Where, as here, the court has entered a pretrial scheduling order that includes a deadline to
4    amend the pleadings, the party seeking to amend must also satisfy the requirements of Rule
5    16(b)(4). Under that rule, "[a] schedule may be modified only for good cause and with the judge's
6    consent." Fed. R. Civ. P. 16 (b)(4). Under Rule 15(a)'s multi-factor analysis, "Rule 16(b)'s 'good
7    cause' standard primarily considers the diligence of the party seeking the amendment." *Calvary*
8    *Chapel San Jose v. Cody*, 2021 WL 4427384, at *2 (N.D. Cal. Sept. 21, 2021) (citation omitted).
9    The "focus … is on the moving party's reasons for seeking modification." *Id.* (citation omitted).

10                                            **<u>ARGUMENT</u>**

11    **I.**    <u>**There is good cause to permit amendment of the complaint under Rule 16.**</u>

12        Plaintiff seeks to amend to add a single claim based on evidence only recently produced
13    by Uber. Courts routinely find good cause to permit amendments based on new evidence. *See,*
14    *e.g.*, *Calvary Chapel*, 2021 WL 4427384, at *2 (finding good cause where "Plaintiffs learned new
15    facts that they allege warrant a new equal protection claim"); *Woodward v. County of San Diego*,
16    2020 WL 1820265, at *3 (S.D. Cal. Apr. 10, 2020) ("Under Rule 16(b), a finding of diligence is
17    proper when the moving party obtains new evidence through the discovery process and promptly
18    moves to amend the pleading."); *Fru-Con Constr. Corp. v. Sacramento Mun. Util. Distr.*, 2006
19    WL 3733815, at *4 (E.D. Cal. Dec. 15, 2006) ("Allowing parties to amend [under Rule 16] based
20    on information obtained through discovery is common and well established.").

21        Here, Plaintiff has been diligent. Due to a self-confessed error, Uber did not produce
22    crucial evidence of Mr. Orozco continuing to drive for Uber until July 22 and finally confirm the
23    same until the August 7 deposition. Uber's production and confirmation came after months of
24    obstruction and obfuscation, including (1) ███████████████████████████████████
25    ███████████████████; (2) earlier incorrect productions that (apparently) showed a different driver
26    on the platform; (3) attorney speaking objections deriding Plaintiff for even inquiring into these
27    facts; and (5) ███████████████████████████████████████████
28    ██████████████████████████████████ Luther Decl. ¶¶ 4-11.

MOTION FOR LEAVE TO AMEND
CASE NO. 3:23-MD-03084; CASE NO. 24-CV-7940

Plaintiff received final confirmation of the facts key to the ratification claim on August 7. After receiving the transcript, Plaintiff prepared an amended complaint and sought Uber's consent. Consent was denied. This motion follows shortly afterwards. *See Woodward*, 2020 WL 1820265 at *4 ("Plaintiffs were diligent within the meaning of Rule 16(b) because they carefully obtained new evidence through the discovery process and promptly moved to amend their complaint in light of the new evidence.").

## II.    Amendment is warranted under Rule 15(a).

Each factor weighs in favor of permitting amendment.

### A.    There is no undue delay or dilatory motive.

Because Plaintiff seeks leave to amend shortly after discovering new, relevant evidence, there is no undue delay or dilatory motive. As explained above, Plaintiff was diligent in seeking leave based on new evidence, so there is no undue delay or dilatory motive. *See Calvary Chapel*, 2021 WL 4427384, at 2 (finding "no undue delay" for the same reasons the court found diligence under Rule 16). And, the amendment's only purpose is to include the newly-supported ratification claim in the pleading—there is no bad faith. Indeed, Rule 15 contemplates amended pleadings "to conform them to the evidence" "at any time, even after judgment." Fed. R. Civ. P. 15(b)(2).

### B.    The amendment reflects a good faith attempt to plead ratification claims as the Court has required.

There is no "bad faith" or "repeated failure to cure deficiencies by amendment previously allowed." *Hernandez*, 2023 WL 2601361, at *2 (citation omitted). In Pretrial Order No. 17, the Court dismissed ratification claims under California law with leave to amend. ECF at 30. The Court explained that to state a claim for vicarious liability through ratification, Plaintiffs must allege facts "support[ing] a plausible inference that Uber knew about [the] incident … [and] permit[ing] inferences about what actions Uber too with respect to particular drivers." PTO 17 at 30. Three Plaintiffs (A.R.2, C.L., and WHB 1898) included ratification claims in their amended complaints, each alleging that "despite learning that Plaintiffs had been assaulted, [Uber] permitted the drivers to remain on the company's platform." PTO 28 at 23 (citing opposition). The Court found those allegations sufficient and denied Uber's motion to dismiss the ratification

1    claims. *Id.* at 23-25.

2        Now, based on new evidence, Plaintiff B.L. seeks to assert a claim indistinguishable from

3    the ones the Court just recently sustained in PTO 28. Like the other three Plaintiffs, B.L. seeks to

4    plead that Uber learned about her assault and nevertheless permitted the driver to remain on

5    Uber's platform. Ex. A ¶¶ 37-38.

6        **C.    There is no prejudice to Uber.**

7        Leave to amend "will not interfere with discovery, delay the proceedings, or otherwise

8    improperly prejudice" Uber. *Srigley v. Monterey Peninsula Yacht Club, Inc.*, 748 F. Supp. 3d

9    801, (N.D. Cal. 2024). The ratification theory is based entirely on documents in Uber's

10   possession: its records indicating notice of the assault and its driver's subsequent history. Judge

11   Cisneros already ordered whatever additional discovery is necessary. ECF 3569. The ratification

12   claim will not delay the proceedings any more than Uber's discovery failures and misconduct

13   have already delayed them.

14       Nor will the new claim prejudice Uber in any other way. Indeed, the Court forecasted that

15   pleading this claim might become possible only after Uber produced relevant documents, and that

16   "plaintiffs … could seek to amend their complaints at the appropriate time." PTO 17 at 31.

17       **D.    The amendment is not futile.**

18       Finally, amendment is not futile because the Court has already sustained similarly pleaded

19   claims. As the Court explained: "Ratification may be inferred from the fact that the employer,

20   after being informed of the employee's actions, does not fully investigate and fails to repudiate

21   the employee's conduct by redressing the harm done and punishing or discharging the employee."

22   PTO 28 at 23 (quoting *Garcia ex rel. Marin v. Clovis Unified Sch. Distr.*, 627 F. Supp. 2d 1187,

23   1202 (E.D. Cal. 2009)). The Court denied Uber's motion to dismiss claims in three cases in which

24   Uber failed to promptly deactivate drivers upon learning of the sexual assaults alleged in these

25   cases. Indeed, B.L.'s ratification claim parallels that of A.R.2. Both cases arise under California

26   law. And in both cases, Uber failed to deactivate the driver even once a lawsuit was pending. Ex.

27   A ¶ 38; PTO 28 at 25.

28

1

**CONCLUSION**

2          For these reasons, Plaintiff B.L. respectfully requests that she be granted leave to amend

3   her bellwether complaint.

4

5   Dated: August 22, 2025                  Respectfully submitted,

6

7                                By: */s/ Sommer D. Luther*
                                   Sommer D. Luther

8

9                                **WAGSTAFF LAW FIRM**
                                Sommer D. Luther, CO 35053

10                            940 Lincoln Street
                            Denver, CO 80203

11                            Tel: (303) 263-8949
                            Fax: (303) 376-6361

12                            sluther@wagstafflawfirm.com

13                            *Attorney for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO AMEND
CASE NO. 3:23-MD-03084; CASE NO. 24-CV-7940

1

## **FILER'S ATTESTATION**

2   I am the ECF User whose ID and password are being used to file this document. In

3 compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this

4 filing.

5 Dated: August 22, 2025      By:  */s/ Andrew R. Kaufman*

6                    Andrew R. Kaufman

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28