UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: *B.L. v. Uber Techs., Inc.*, No. 24-cv-7940 | **DECLARATION OF SOMMER LUTHER IN SUPPORT OF PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT**<br><br>**REDACTED** |

I, Sommer Luther, declare:

1. I am an attorney at Wagstaff Law Firm and counsel for Plaintiff B.L. I am a member of the State Bar of Colorado and am admitted to practice pro hac vice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. On March 26, 2025, Plaintiff B.L. served Requests for Production on Uber requesting, among other items: documents related to driver Edwin Castaneda Orozco's account history, his updated account status logs, and documents relating to his Uber applications and screening processes.

3. Uber resisted production of even these foundational documents. Only after multiple lengthy meet and confers, including an in-person meeting in Judge Cisneros's chambers on June 9, 2025, did Uber agree to produce the requested documents relating to the driver.

4. Plaintiff also served requests for admission. On May 21, 2025 Uber responded to those RFAs, ███████████████████████████████████████████████████████████
███████████████████████ **Exhibit D.**

5. Then, between June 13, 2025 and July 2, 2025, Uber produced multiple documents, including account status logs, showing a driver operating on the Uber platform even after the filing of this subject lawsuit. These documents were produced in B.L.'s case and represented as reflecting the driver in her case.

6. On June 26, 2025, based on the documents produced, Plaintiff's counsel questioned a third-party witness, Officer Andrew Colton, about whether he was aware of the subject driver driving for Uber after the subject incident. In response, Uber's counsel made dramatic speaking objections, saying "absolutely ridiculous question" and "completely untrue" and "this is not an appropriate question for this witness and it's absolutely untrue." **Exhibit C** at 155:14-156:1.

7. On July 10, 2025, Uber's counsel emailed Plaintiff's counsel saying that, due to a clerical error, the documents showing the subject driver operating on the platform after the subject incident were incorrect. Subsequently, Uber sent ███████████████████████
████████████████████████████████████████████████████████████████████

1 ████████████████████████. **Exhibit G**. Uber provided this document as an ████████

2 ████████████████████████████████████████████████████████████████████████████████

3 ████████████████████████████████████████████

4        8.      That same day, Uber's 30(b)(6) witness Hannah Nilles testified that ████████

5 ████████████████████████████████████████████████████████████████████████████████

6 ████████████████████████████████████████ **Exhibit E** at 19:14-28:16.

7        9.      Then, on July 22, 2025, Uber, again citing errors in its previous productions in this

8 case, produced documents showing that the driver, as of July 2025, continued to drive for Uber in

9 the country of Colombia.

10       10.     The parties met and conferred about the "corrections" extensively. Ultimately,

11 Plaintiffs submitted a discovery dispute brief to Judge Cisneros concerning Uber's failure to

12 provide ECF 3557. Judge Cisneros ordered Plaintiffs to submit, and Uber to answer by declaration

13 or deposition, 10 questions regarding B.L.'s driver and the discovery problems. ECF 3569. Uber

14 responded to those questions on July 29, 2025 by proposing depositions of Jamie Brown and

15 Hannah Nilles.

16       11.     On August 7, ████████████████████████████████████████████████████

17 ████████████████████████████████████████████████████████████████████████████████

18 ████████████████████████████████████████. **Exhibit F** at 267:25-274:18.

19       12.     Attached as **Exhibit A** is a true and correct copy of Plaintiff B.L.'s proposed

20 Second Amended Bellwether Complaint.

21       13.     Attached as **Exhibit B** is a true and correct copy of excerpts of the transcript of the

22 June 27, 2025 deposition of Sergeant Edith Fong.

23       14.     Attached as **Exhibit C** is a true and correct copy of excerpts of the transcript of the

24 June 26, 2025 deposition of Officer Andrew Colton.

25       15.     Attached as **Exhibit D** is a true and correct copy of Uber's responses to Plaintiff

26 B.L.'s requests for admission. This document has been filed under seal.

27       16.     Attached as **Exhibit E** is a true and correct copy of excerpts of the transcript of the

28 July 10, 2025 deposition of Hannah Nilles. This document has been filed under seal.

17. Attached as **Exhibit F** is a true and correct copy of excerpts of the transcript of the August 7, 2025 deposition of Hannah Nilles at 267:25-274:18. This document has been filed under seal.

18. Attached as **Exhibit G** is a true and correct copy of the " ███████████ ███████████████████████ . This document has been filed under seal.

19. I declare under penalty of perjury that the foregoing is true and correct. Executed this 22th day of August, 2025 in Denver, Colorado,

/s/ Sommer D. Luther
Sommer D. Luther

DECLARATION OF SOMMER LUTHER IN SUPPORT OF PLAINTIFFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT
Case No. 3:23-md-03084-CRB (LJC)