ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to:<br><br>*Jane Doe LS 37 v. Uber Technologies, Inc., et al., No.* 3:23-cv-04393-CRB | Date:        October 3, 2025<br>Time:        10:00 a.m.<br>Courtroom:  6 – 17th Floor |

*E.D. v. Uber Technologies, Inc., et al.,*
No. 3:23-cv-05307-CRB

*Jane Doe LS 244 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05372-CRB

*H.L. v. Uber Technologies, Inc. et al.,*
No. 3:24-cv-04526-CRB

*Jane Roe CL 12 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04673-CRB

*WHB 1293 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04817-CRB

*WHB 1027 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04820-CRB

*WHB 928 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04825-CRB

*WHB 511 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04842-CRB

*WHB 860 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04845-CRB

*WHB 1023 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04877-CRB

*WHB 1002 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04885-CRB

*WHB 1497 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04891-CRB

*WHB 310 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04903-CRB

*WHB 333 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04905-CRB

*WHB 56 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04908-CRB

*WHB 312 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04928-CRB

*WHB 1590 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04946-CRB

*WHB 1667 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04957-CRB

1

*WHB 1960 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04960-CRB

2

3

*WHB 1619 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04961-CRB

4

*WHB 689 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04965-CRB

5

6

*WHB 676 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05024-CRB

7

*WHB 1837 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05033-CRB

8

9

*WHB 1902 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05040-CRB

10

*WHB 1431 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05057-CRB

11

12

*WHB 666 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05127-CRB

13

*LS 523 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05155-CRB

14

15

*WHB 1394 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05237-CRB

16

*WHB 466 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05265-CRB

17

18

*WHB 1832 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05305-CRB

19

*WHB 645 v. Uber Technologies, Inc., et al., No. 3:*24-cv-05356-CRB

20

21

*WHB 703 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05361-CRB

22

*WHB 1272 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05366-CRB

23

24

*LS 529 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05422-CRB

25

*WHB 994 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05452-CRB

26

27

*WHB 1856 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05461-CRB

28

*WHB 1021 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05466-CRB

*WHB 1661 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05468-CRB

*WHB 1414 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05495-CRB

*WHB 1468 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05500-CRB

*WHB 1043 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05501-CRB

*CL 21 v. Uber Technologies, Inc., et al., No.* 3:24-cv-05525-CRB

*LS 494 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05547-CRB

*WHB 1840 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05554-CRB

*WHB 1677 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05556-CRB

*WHB 1659 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05565-CRB

*WHB 1618 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05572-CRB

*Jane Roe CL 30 v. Uber Technologies, Inc.,* et al., No. 3:24-cv-05591-CRB

*A.T. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05592-CRB

*WHB 1943 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05598-CRB

*WHB 1552 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05599-CRB

*WHB 1880 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05602-CRB

*WHB 1381 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05603-CRB

*WHB 632 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05604-CRB

1   *WHB 1260 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05613-CRB

2

3   *WHB 1544 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05622-CRB

4   *WHB 438 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05631-CRB

5

6   *LS 248 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05647-CRB

7   *LS 514 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05658-CRB

8

9   *WHB 1611 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05665-CRB

10  *WHB 891 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05666-CRB

11

12  *WHB 1348 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05669-CRB

13  *WHB 946 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05698-CRB

14

15  *Jane Roe CL 35 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05706-CRB

16  *WHB 1142 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05712-CRB

17

18  *WHB 1057 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05715-CRB

19  *WHB 1470 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05716-CRB

20

21  *Jane Roe CL 44 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05744-CRB

22  *WHB 494 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05767-CRB

23

24  *WHB 871 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05770-CRB

25  *WHB 935 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05776-CRB

26

27  *LS 455 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05812-CRB

28

*CL 55 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05835-CRB

*LS 363 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05891-CRB

*LS 318 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05932-CRB

*WHB 884 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05948-CRB

*WHB 991 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05959-CRB

*LS 207 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05965-CRB

*DMA 1 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05968-CRB

*LS 303 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05980-CRB

*LS 125 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-05982-CRB

*WHB 1556 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05986-CRB

*LS 153 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-06011-CRB

*LS 216 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-06029-CRB

*LS 233 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-06030-CRB

*Jane Roe CL 73 v. Uber Technologies, Inc., et al.,* No 3:24-cv-7030-CRB

*WHB 1999 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07048-CRB

*B.B. v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-07492-CRB

*A.A. v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-07549-CRB

*E.R. 02 v. Uber Technologies, Inc., et al.,*
No. 3:24-cv-07635-CRB

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

*E.H. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08342-CRB

*Jane Doe NLG (HK) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08614-CRB

*S.G. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08675-CRB

*Dadej v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08785-CRB

*C.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09049-CRB

*D.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09050-CRB

*E.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09052-CRB

*S.H. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09068-CRB

*CL 90 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09201-CRB

*Jane Doe NLG (R.M.) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09216-CRB

*D.C. 2636 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09367-CRB

*Jane Doe 693827 v. Uber Technologies, Inc., et al., No.* 3:24-cv-09515-CRB

*Jane Doe 691535 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09523-CRB

*CL 94 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09550-CRB

*CL 96 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00463-CRB

*I.A. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00822-CRB

*CL 99 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00855-CRB

1    *L.F. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-01005-CRB

2
3    *WHB 2060 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01092-CRB

4    *WHB 2061 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01095-CRB

5
6    *WHB 2062 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01098-CRB

7    *WHB 2063 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01099-CRB

8
9    *WHB 2064 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01101-CRB

10   *WHB 2067 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01122-CRB

11
12   *WHB 2070 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01126-CRB

13   *WHB 2071 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01130-CRB

14
15   *WHB 2073 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01143-CRB

16   *WHB 2075 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01148-CRB

17
18   *WHB 2077 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01150-CRB

19   *WHB 2082 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01177-CRB

20
21   *WHB 2084 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01179-CRB

22   *WHB 2036 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01180-CRB

23
24   *WHB 2039 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01202-CRB

25   *WHB 2041 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01205-CRB

26
27   *WHB 2043 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01207-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

*WHB 2044 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01209-CRB

*WHB 2047 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01215-CRB

*WHB 2048 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01216-CRB

*WHB 2049 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01218-CRB

*WHB 2051 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01226-CRB

*WHB 2054 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01244-CRB

*WHB 2057 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01249-CRB

*WHB 2059 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01255-CRB

*S.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01417-CRB

*K.D. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01602-CRB

*T.K. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01651-CRB

*S.W. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01658-CRB

*C.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01707-CRB

*M.S. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01863-CRB

*Halligan v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02104-CRB

*T.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02109-CRB

*Jane Doe LS 578 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02405-CRB

*CL 129 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02498-CRB

*A.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02510-CRB

*J.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02526-CRB

*A.J. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02577-CRB

*Jane Doe NLG (KS) v. Uber
Technologies, Inc., et al.,* No. 3:25-cv-
02616-CRB

*K.B. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02650-CRB

*N.K. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02681-CRB

*J.M., v. Uber Technologies, Inc., et al.,*
No.  3:25-cv-02689-CRB

*T.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02704-CRB

*S.F. v. Uber Technologies, Inc., et al.,,*
No. 3:25-cv-02708-CRB

*CL 132 v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02744-CRB

*NLG (IM) v. Uber Technologies, Inc., et
al.,* No. 3:25-cv-02771-CRB

*M.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02859-CRB

*K.T. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-02880-CRB

*T.P. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03016-CRB

*CL 143 v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03260-CRB

*CL 145 v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03262-CRB

*J.P.F. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03289-CRB

*J.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03364-CRB

1   *Batterson, Vanessa v. Uber*
2   *Technologies, Inc., et al.,* No. 3:25-cv-
    03378-CRB

3   *V.M. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-03591-CRB

4   *CL 153 v. Uber Technologies, Inc., et al.,*
5   No. 3:25-cv-03818-CRB

6   *Crystal Lugo v. Uber Technologies, Inc.,*
    *et al.,* No. 3:25-cv-03969-CRB

7   *Breanna Donaldson v. Uber*
8   *Technologies, Inc., et al.,* No. 3:25-cv-
    03976-CRB

9   *C.E. v. Uber Technologies, Inc., et al.,*
10  No. 3:25-cv-04100-CRB

11  *S.S. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04143-CRB

12  *W.M. v. Uber Technologies, Inc., et al.,*
13  No. 3:25-cv-04717-CRB

14  *K.N. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04719-CRB

15  *R.H. v. Uber Technologies, Inc., et al.,*
16  No. 3:25-cv-04725-CRB

17  *T.P. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04766-CRB

18  *V.R. v. Uber Technologies, Inc., et al.,*
19  No. 3:25-cv-04767-CRB

20  *S.K. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04768-CRB

21  *L.K. v. Uber Technologies, Inc., et al.,*
22  No. 3:25-cv-04774-CRB

23  *B.W. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04796-CRB

24  *G.G. v. Uber Technologies, Inc., et al.,*
25  No. 3:25-cv-04798-CRB

26  *D.C. v. Uber Technologies, Inc., et al.,*
    No. 3:25-cv-04851-CRB

27

28

1

## NOTICE OF MOTION TO DISMISS

2      TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3      PLEASE TAKE NOTICE that on October 3, 2025 at 10:00 a.m., or as soon thereafter as

4  counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th

5  Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate

6  Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-

7  CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing with

8  prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to

9  prosecute their cases and have failed to comply with Pretrial Order No. 10.

10      This Motion is made pursuant to Pretrial Order No. 10 (ECF No. 348) and Rules 16(f)(1)(C),

11  37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this

12  Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of

13  Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers

14  filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this

15  Motion; and any other arguments or evidence that may be presented to the Court in support of this

16  Motion.

17

18  Dated: August 22, 2025                    SHOOK, HARDY & BACON L.L.P.

19                                            By: */s/ Michael B. Shortnacy*
                                                MICHAEL B. SHORTNACY
20

21                                            MICHAEL B. SHORTNACY (SBN: 277035)
                                              mshortnacy@shb.com
22                                            **SHOOK, HARDY & BACON L.L.P.**
                                              2121 Avenue of the Stars, Suite 1400
23                                            Los Angeles, CA 90067
                                              Telephone: (424) 285-8330
24                                            Facsimile: (424) 204-9093

25

26

27

28

---

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

# TABLE OF CONTENTS

**Page**

STATEMENT OF RELIEF SOUGHT ....................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

I.     INTRODUCTION ........................................................................................................1

BACKGROUND ....................................................................................................................3

ARGUMENT ..........................................................................................................................4

I.     THE CLAIMS OF THE 179 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH
       PREJUDICE PURSUANT TO RULE 41(B). ............................................................5

       A.     The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of
              Litigation and the Court's Need to Manage Its Docket Support Dismissal.................5

       B.     The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and
              Continues to Prejudice Uber. ......................................................................................6

       C.     The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Substantially Complete PFS
              Overrides the Public Policy Favoring Disposition on the Merits. ................................8

       D.     The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.................8

II.    PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH
       PREJUDICE UNDER RULE 37(B)(2). ....................................................................10

CONCLUSION.....................................................................................................................10

i

1

## <u>TABLE OF AUTHORITIES</u>

2
**Page(s)**

3
**Cases**

4
*Adriana Int'l Corp.* v. *Thoeren*,
5
    913 F.2d 1406 (9th Cir. 1990) ...................................................................................6

6
*Computer Task Group, Inc. v. Brody*,
    364 F.3d 1112 (9th Cir. 2004) ...................................................................................2

7
*Degrelle v. Simon Wiesenthal Center*,
8
    883 F.2d 1023 (9th Cir. 1989) ...................................................................................9

9
*Henderson* v. *Duncan*,
    779 F.2d 1421 (9th Cir. 1986) ...................................................................................8
10

11
*Hilton v. Pagani Worldwide LLC*,
    No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020)......................9

12
*Holley v. Gilead Sciences, Inc.*,
13
    No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021)...........................................................2

14
*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
    No. 7:21-cv-57728 (N.D. Fla. May 4, 2022) .............................................................6
15

16
*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
    No. 8:20-cv-22581 (N.D. Fla. May 23, 2022) ...........................................................6

17
*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
18
    2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.)...........................7, 8, 9, 10

19
*In re Deepwater Horizon*,
    907 F.3d 232 (5th Cir. 2018) .....................................................................................8
20

21
*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
    No. 10-2258, 2012 WL 629747 (E.D. La. Feb. 27, 2012) .........................................7

22
*In re Gen. Motors LLC Ignition Switch Litig.*,
23
    No. 14-MD-2543, 2019 WL 12048517 ......................................................................9

24
*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* (*In re Guidant*),
    496 F.3d 863 (8th Cir. 2007) ............................................................................. *passim*
25

26
*In re Mirena IUD Prods. Liab. Litig.*,
    No. 13-MD-2434, 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) ........................3, 7

27
*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
28
    460 F.3d 1217 (9th Cir. 2006) ............................................................................ *passim*

ii

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*,
   223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618 (S.D.N.Y.
   July 27, 2004) ........................................................................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
   966 F.3d 351 (5th Cir. 2020) ...........................................................................3, 9, 10

*In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*,
   No. 3:09–md–02100, 2011 WL 3035087 (S.D. Ill. July 25, 2011) .......................................2, 7

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
   No. 09–md–2096, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011) ................................................3

*In re Zostavax (Zoster Vacccine Live) Prods. Liab. Litig.*,
   No. 2:18-md-02848, 2020 WL 2771189 (E.D. Penn. May 28, 2020) .......................................7

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
   No. 2:18-md-02848, 2020 WL 1506434 (E.D. Penn. March 30, 2020) ...............................7, 8

*Jackson v. United States*,
   116 F.3d 484 (9th Cir. 1997) ...............................................................................9

*Malone* v. *U.S. Postal Serv.*,
   833 F.2d 128 (9th Cir. 1987) ...................................................................... *passim*

*McLaughlin v. Bayer Essure Inc.*,
   No. 14-cv-7315, 2019 WL 7593834 (E.D. Penn. Dec. 27, 2019) ..........................................7

*Morales v. Allstate Northbrook Indem. Co.*,
   No. 5:20-cv-02577, 2022 WL 3684583 (C.D. Cal. Aug. 25, 2022) ........................................7

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
   668 F. App'x 173 (7th Cir. 2016) ...........................................................................5

*Pagtalunan* v. *Galaza*,
   291 F.3d 639 (9th Cir. 2002) ...............................................................................5

*Rodgers v. Alameda Cnty. Social Servs. Agency*,
   Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966 (N.D. Cal. Jan. 12,
   2001) ..........................................................................................................9

**Statutes**

28 U.S.C. § 1407(a) ...............................................................................................1

**Rules**

Fed. R. Civ. P. 16(f)(1)(C) .......................................................................................5

Fed. R. Civ. P. 25 ...................................................................................................9

iii

Fed. R. Civ. P. 37 ................................................................................................................10

Fed. R. Civ. P. 37(b)(2) ....................................................................................................4, 10

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) ........................................................................................5

Fed. R. Civ. P. 37(b)(2)(A)(v) ................................................................................................5

Fed. R. Civ. P. 41(b) ................................................................................................4, 5, 9, 10

Fed. R. Civ. P. 41(b) and 37(b)(2) ..........................................................................................5

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order directing Plaintiffs to submit substantially complete Plaintiff Fact Sheets ("PFS") within fourteen days or have their cases dismissed with prejudice.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Years into this multidistrict litigation ("MDL"), a substantial number of Plaintiffs have still failed to provide even the most basic substantiation for their serious claims of sexual assault by Uber drivers. This has made it impossible for Uber to investigate and assess the credibility of dozens of Plaintiffs' claims, while the issues of falsified receipts identified in Uber's recent Motion for an Order to Show Cause (ECF No. 3604) also cast that credibility into doubt. It appears this Court anticipated the threat to "the just and efficient conduct" of the thousands of cases in this MDL from unsubstantiated claims, 28 U.S.C. § 1407(a), because it required all Plaintiffs to provide basic support for their claims in Pretrial Order No. 10 ("PTO 10"), which it issued back in March 2024. ECF No. 348. In PTO 10, the Court ordered each Plaintiff to submit a "substantially complete" PFS and specified that, to be considered substantially complete, a PFS must: "[a]nswer all applicable questions," "[i]nclude a signed declaration" (*i.e.* Plaintiffs' verification that the PFS answers are true and correct), "[p]rovide duly executed record release authorizations," produce the supporting documents requested in the PFS. *Id.* at 6-7. The Court also provided firm deadlines by which Plaintiffs must submit their PFS and supporting documents. *Id.* at 5-6.

The Plaintiffs at issue in this motion had deadlines to provide substantially complete PFS beginning in May 2024. Well after these PFS deadlines, the Plaintiffs at issue have failed to submit substantially complete PFS. Declaration of Michael Shortnacy ("Shortnacy Decl."), Ex. A (identifying Plaintiffs at issue, deadlines, and PFS deficiencies). The deficiencies in their PFS are serious, including unanswered questions, missing verifications and record release authorizations, and failure to produce the requested supporting documentation.[1] *Id.* All of the Plaintiffs have been apprised of the material

---

[1] In this Motion, Uber is focusing solely on these four categories of PFS deficiencies. Its investigation and review of PFS is ongoing and it reserves the right to seek relief from other PFS deficiencies in the future.

1  deficiencies in their PFS and their non-compliance with PTO 10 through a Deficiency Notice. *Id.* Still,

2  they have failed to cure the material deficiencies in their PFS. *Id.*

3       Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL

4  and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004).

5  A PFS contains "information that only [Plaintiffs] possess[] regarding the critical elements of their

6  claims." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006).

7  "Inaccurate and/or incomplete PFS submissions, however, interfere with the… discovery process

8  reaching its full potential…. [T]he information will be of no use for assessing whether claims should

9  proceed to trial, settlement, or dismissal." *In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices*

10  *& Prod. Liab. Litig.,* No. 3:09–md–02100, 2011 WL 3035087, at *3 (S.D. Ill. July 25, 2011). "Given

11  the time pressure on a defendant that must investigate the claims" of numerous plaintiffs in a

12  multidistrict litigation, the "danger of prejudice" stemming from late or incomplete PFS is

13  "substantial." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig)*, 496 F.3d 863, 867

14  (8th Cir. 2007). In other words, even "if a case is stayed or inactive, a party must be prepared for the

15  court to lift the stay or resume active litigation in whole or in part." December 19, 2024 Order at 2,

16  ECF No. 1995. While Uber appreciates that Plaintiffs' counsel—like Uber and its counsel—are

17  preparing for trial, that does not excuse Plaintiffs (any more than it excuses Uber) from satisfying their

18  discovery obligations. Like any other counsel, Plaintiffs' must assign appropriate resources and

19  supervise cases to comply with this court's orders. *See, e.g.*, *Holley v. Gilead Sciences, Inc.*, No. C-

20  18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24 ("It is just a fact in cases like that are not class

21  actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're

22  going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted

23  because you thought it was a good strategy and, because you're a profit-making enterprise, you thought

24  you would make more money that way, I guess."). Uber cannot continue to defend against or reach a

25  final disposition of, and it is difficult for the Court to manage, the claims of hundreds of Plaintiffs who

26  fail to comply with even the most minimal court-ordered discovery obligations.

27       Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit

28  substantially complete PFS within 14 days of the Court's order, and providing that the Court will

2

dismiss with prejudice the case of any Plaintiff who fails to comply with the extended deadline. This order is warranted given Plaintiffs' disregard of their discovery obligations, Uber's Deficiency Notice issued pursuant to PTO 10, and, in some cases, extensions to comply already granted by Uber in response to certain Plaintiff's counsel outreach. It is also consistent with and arguably more lenient than the decisions of several other courts that have been presented with failures to submit substantially complete PFS in an MDL. *See, e.g.*, *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with prejudice of cases for failure to submit complete PFS); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice for late and incomplete PFS); *In re Guidant*, 496 F.3d at 865–66 (same); *In re Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015) (dismissing with prejudice for PFS deficiencies); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (same); *In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004) (same), *vacated in part*, 2004 WL 1700618, at *1 (S.D.N.Y. July 27, 2004) (denying reconsideration as to plaintiffs whose cases were dismissed for failure to provide proof of timely and complete discovery).

## **BACKGROUND**

The Plaintiffs in this MDL allege that, after they or someone on their behalf used the Uber App to arrange for rides, Plaintiffs were connected with an independent driver who injured them by committing sexual assault or other sexual misconduct. Pretrial Order No. 1 at 1, ECF No. 2. To "efficiently advance these coordinated proceedings," and "help the parties and the Court to manage the litigation," the Court issued PTO 10 in March 2024. ECF No. 348 at 2. PTO 10 required each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." *Id.* at 4. PTO 10 required each Plaintiff whose case was a part of the MDL by March 26, 2024 to submit a completed PFS within 60 days of that date—i.e., by May 25, 2024. *Id.* at 5. Each Plaintiff who joined the MDL after March 26, 2024 is required to submit the PFS within 30 days of joining. *Id.* at 6.

PTO 10 requires not only that Plaintiffs submit PFS by a certain date but also that the submitted PFS be "substantially complete." *Id.* at 6. PTO 10 makes clear that to be substantially complete each Plaintiff must:

1. Answer all applicable questions (Parties may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");
2. Include a signed Declaration (for a PFS) or Certification (for a DFS);
3. Provide duly executed record release Authorizations (for a PFS); and
4. Produce the requested documents to the extent such documents are in the Party's possession, custody, or control.

*Id.* at 6-7. If a party considers a PFS to be materially deficient, PTO 10 provides that a deficiency notice outlining the purported deficiencies should be served on the deficient party's attorney of record, after which the deficient party has thirty (30) days to correct those deficiencies. *Id.* at 7.

As of August 20, 2025, well beyond their Court ordered production deadlines, and more than 30 days after receipt of a deficiency notice, the 179 Plaintiffs at issue in this motion still have not submitted a substantially complete PFS. Exhibit A to this Motion, the Declaration of Michael Shortnacy, sets forth the PFS deficiencies for each of these Plaintiffs. The deficiencies vary from Plaintiff to Plaintiff, but include significant defects like failing to answer all questions (3 Plaintiffs), failing to include a signed verification (88 Plaintiffs), failing to provide a duly executed release authorization (84 Plaintiffs), and failure to produce supporting documentation (27 Plaintiffs).[2] And all of these Plaintiffs are well past their deadlines to submit a substantially complete PFS – with more than half of the Plaintiffs, a full ninety-two, failing to comply with initial substantial completeness deadlines in 2024. In addition, all the Plaintiffs at issue were sent a Notice of Deficiency in May, June, or July of 2025, warning them of the material deficiencies in their PFS and giving them thirty (30) days to respond, but none of them cured their deficiencies nor has counsel explained the inaction. Uber now moves to dismiss these Plaintiffs' cases with prejudice if they continue to fail to comply following yet another warning from this Court.

## **ARGUMENT**

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed.

---

[2] Some PFS have more than one of these deficiencies, which is why these sub-categories add up to more than 179 PFS.

R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

## I.    THE CLAIMS OF THE 179 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with PTO 10. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

### A.    <u>The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.</u>

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not produced substantially complete PFS well after they were originally due and despite a clear Court order to do so.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to orders like PTO 10 is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu*, 668 F. App'x at 175 ("Strict adherence to case management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed

5

dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). "Pretrial orders… 'are the engine that drives disposition on the merits'" and a court's "willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* No. 7:21-cv-57728, at 2 (N.D. Fla. May 4, 2022) (quoting *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.,* 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018)) (dismissing 786 cases with prejudice for equivalent of PFS deficiencies). After all, "when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 8:20-cv-22581, at 3 (N.D. Fla. May 23, 2022) (dismissing 3919 cases with prejudice for failure to timely submit equivalent of PFS).

It is uncontested that here, as in *In re PPA*, Plaintiffs have failed to comply with the Court's order mandating production of substantially complete PFS. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

**B.    The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and Continues to Prejudice Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412.

Plaintiffs' failure to comply with PTO 10 prejudices Uber in this multidistrict litigation. The PFS' primary purpose is "to give [Uber] the specific information necessary to defend the case against it." *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and if it is incomplete or inaccurate, Uber cannot assess Plaintiffs' cases and mount an effective defense, *see In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-

6

01699CRB, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). "PFS deficiencies… raise questions about the credibility of the information that has been obtained" which make it "of no use for assessing whether claims should proceed to trial, settlement, or dismissal" and render "the entire process… a waste of everyone's time and resources." *In re Yasmin,* 2011 WL 3035087, at *3. In particular, courts "give great weight to prejudice" where a PFS "omits material information" by failing to answer certain questions; such non-disclosure "undermines the purpose of centralizing the actions in this MDL" by making it difficult "to assess the meritoriousness of the plaintiffs' claims." *In re Zostavax (Zoster Vacccine Live) Prods. Liab. Litig.,* No. 2:18-md-02848, 2020 WL 2771189, at *3 (E.D. Penn. May 28, 2020). Under those circumstances, "defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-2258, 2012 WL 629747, at *2 (E.D. La. Feb. 27, 2012). Moreover, the delay in providing this information inherently increases the risk of prejudice from faded memories and stale evidence. *In re PPA,* 460 F.3d at 1238.

Similarly, the failure to accompany a PFS with a signed verification is sufficiently prejudicial to merit dismissal with prejudice. *McLaughlin v. Bayer Essure Inc.,* No. 14-cv-7315, 2019 WL 7593834, at *4-5 (E.D. Penn. Dec. 27, 2019). Plaintiffs who fail to sign and verify "demonstrate little interest in participating in this litigation" and defendants are substantially prejudiced thereby. *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.,* No. 2:18-md-02848, 2020 WL 1506434, at *5 (E.D. Penn. March 30, 2020). The failure to provide a records release authorization with a PFS is also highly prejudicial because it interferes with a defendant's investigation. *See Morales v. Allstate Northbrook Indem. Co.,* No. 5:20-cv-02577, 2022 WL 3684583, at *6 n.5 (C.D. Cal. Aug. 25, 2022). Far from being a minor technical requirement, a release is "so critical that failure to provide that information will result in dismissal of a plaintiff's claim." *In re Mirena IUD Prods. Liab. Litig.,* No. 14-CV-891, 2015 WL 10433457, at *1 n.2 (S.D.N.Y. March 5, 2015). Finally, because PTO 10 has specifically ordered Plaintiffs to produce documents requested in the PFS, failure to produce those documents is presumed to be sufficiently prejudicial to justify dismissal, and indeed "[t]he risk of prejudice is exacerbated" in an MDL "where each delay potentially affects the discovery and remand schedule in hundreds of other cases." *In re PPA,* 460 F.3d at 1236-1237. In other words, given "the

7

1    time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs," failing to

2    provide a substantially complete PFS creates a "substantial" danger of prejudice. *In re Guidant*, 496

3    F.3d at 867.

4        Indeed, Uber has already suffered prejudice because "in order to assess the merits of the claims

5    against it, [Uber] has spent great time and expense identifying deficiencies, providing notices of the

6    deficiencies, and filing discovery motions." *In re Zostavax,* 2020 WL 1506434, at *4. Given the

7    prejudice Uber has suffered and will continue to suffer, dismissing Plaintiffs' cases with prejudice is

8    a justified consequence.

9        **C.    The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Substantially**

10       **Complete PFS Overrides the Public Policy Favoring Disposition on the Merits.**

11       A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines

12   and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d

13   at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's

14   order to produce substantially complete PFS. Hence, the preference for resolving cases on the merits

15   does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving

16   cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court

17   orders).

18       **D.    The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.**

19       The Court must consider the availability of alternative sanctions when deciding whether to

20   dismiss a case with prejudice for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But

21   that does not mean the court must somehow exhaust every possible alternative before ordering

22   dismissal with prejudice. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

23       In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses

24   for their failure to comply with this Court's orders. *See, e.g.,* ECF No. 3605 at 1; ECF 3610 at 4. But

25   courts have rejected such excuses, including "the difficulty in locating clients, the debilitating nature

26   of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*,

27   460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (plaintiffs

28   counsel argued "they were having technical filing issues, and that they had 'clients that [were] out of

8

town, out of the country, or working offshore and unable to respond to counsel.'" (alterations in original) (citation omitted)). In particular, Plaintiffs have previously argued that their compliance should be excused where individual Plaintiffs are deceased or incarcerated, but this is not the case. *See* Fed. R. Civ. P. 25 (absent timely substitution, "the action by or against the decedent must be dismissed"); *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001) (incarceration "does not excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil procedure"). MDL courts frequently dismiss plaintiffs' claims with prejudice notwithstanding their excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant*, 496 F.3d at 865–66.

Moreover, dismissal is warranted because all of the Plaintiffs at issue in this motion have been warned of their noncompliance with this Court's order to provide a substantially complete PFS. *See Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997). Some previously received an extension of their deadline to produce. All received a Deficiency Notice informing them of the missed deadline and giving them an additional thirty (30) days to produce substantially complete PFS or otherwise respond, but none of them did so. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting immediate dismissal of Plaintiffs' cases despite their long-term non-compliance with this Court's order and previous warnings, but rather **another warning** followed by dismissal fourteen days later if Plaintiffs still fail to comply. This is, in fact, a less drastic sanction than is warranted by existing law.

In sum, because of Plaintiffs' repeated and continuing disregard for this Court's order, the *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In*

9

1    *re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and

2    impede the efficient resolution of the cases in this multidistrict litigation.

## II.    PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2).

5        "The standards governing dismissal for failure to obey a court order are basically the same

6    under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including

7    dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or*

8    fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d

9    899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets

10   this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have

11   willfully violated PTO 10 and they have not demonstrated that it was impossible for them to comply.

12   Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

### <u>CONCLUSION</u>

14       The Court clearly notified Plaintiffs of their obligation to produce substantially complete

15   PFS. Uber has also notified Plaintiffs via a Deficiency Letter. Despite these notices and additional

16   time to address the material deficiencies, Plaintiffs have failed to provide the Court-ordered

17   discovery and have prejudiced Uber in the process. This Court should take the same approach as

18   other MDL courts and dismiss these Plaintiffs' claims with prejudice.

20   Dated: August 22, 2025               SHOOK, HARDY & BACON L.L.P.

21                                        By: */s/ Michael B. Shortnacy*
                                            MICHAEL B. SHORTNACY

22
23                                        MICHAEL B. SHORTNACY (SBN: 277035)
                                          mshortnacy@shb.com
24                                        **SHOOK, HARDY & BACON L.L.P.**
                                          2121 Avenue of the Stars, Suite 1400
25                                        Los Angeles, CA 90067
                                          Telephone: (424) 285-8330
26                                        Facsimile: (424) 204-9093

27                                        *Attorney for Defendants*
                                          UBER TECHNOLOGIES, INC.,
28                                        RASIER, LLC, and RASIER-CA, LLC

10