Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Uber*

UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**UNOPPOSED MOTION TO SHORTEN TIME TO HEARING ON MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER**<br><br>Judge:         Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## I.    INTRODUCTION

In its Motion for Enforcement of Protective Order (the "Motion"), Uber demonstrated that the Court's Protective Order in this action had been violated by someone who intentionally provided sealed Court documents to the *New York Times*. The very first line of the *Times* article describes what "sealed court records show."

Although two weeks have passed since the Times article, the person or organization who accessed sealed Court records and violated the Court's Protective Order has neither confessed nor been caught. Plaintiffs' attorneys are now beginning to publish the sealed confidential information on their websites. *See, e.g.,* https://federal-lawyer.com/injury-lawsuit/sex-abuse/uber/ (linking to *Times* Article). And there is no telling when the Protective Order violator may share additional sealed information with unauthorized parties.

Unfortunately, some plaintiffs' firms (outside plaintiffs' MDL leadership) have expressly refused to execute certifications detailing that they did not share sealed confidential information with the *Times*. Premo-Hopkins Decl., ¶ 5. The integrity of the Court process has been compromised and this breach needs urgent addressing before discovery can continue. Uber views any additional document productions it makes as being at significant risk of being disclosed to the *Times* or other media.

The hearing on Uber's Motion to Enforce the Protective Order is currently set for September 30. To expedite the resolution of this serious issue, Uber respectfully requests that the Court enter the Proposed Order attached as Exhibit A, resetting the hearing on the Motion for Thursday to coincide with the status conference on August 28, 2025, at 10:30 a.m. Pursuant to an email from the Courtroom Deputy on August 15, Uber understands that the Court has a trial set for that week that may run into Thursday, August 28, and that the Court may need to push the status conference from 10:30 a.m. to 2 p.m. that day—timing that also works for Uber. Plaintiffs' response brief is due August 27. To the extent August 28 cannot work, Uber respectfully requests that the hearing be scheduled on the earliest available date. MDL Plaintiffs' Leadership have

indicated they do not oppose the relief sought in this Motion, provided that the due date for Plaintiffs' response brief remains unchanged.

## II. BACKGROUND

Uber recently filed the Motion, describing the violations of this Court's Protective Order that resulted in sealed information being shared with the Times. ECF 3695. In the Motion, Uber certified that it had contacted each of its current employees, former employees, attorneys, and other agents who had access to the protected material and confirmed that they did not share those materials with the *Times*, either directly or indirectly. *Id.* at 13. Uber also certified that it contacted the *Times* and excluded the possibility that the *Times* received the documents through a File-and-Serve error. *Id.* at 1.

Uber asked that the Court order MDL Plaintiffs' Counsel to likewise certify that (1) they "contacted each employee, contractor, consultant or agent (including expert witnesses) working with" them, "as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits" containing the protected material that was leaked; and (2) each of those individuals confirmed "that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in" the article "to the New York Times or its agents, either directly or indirectly." ECF 3695-31 at 3.

The three MDL Plaintiffs' leadership firms have agreed to provide a certification. But the other 34 Plaintiffs' firms with cases in the MDL have not, including some Plaintiffs' firms that have expressly refused to provide the requested certification. Premo-Hopkins Decl., ¶ 5.

The Motion noticed a hearing based on Judge Breyer's earliest available hearing date of October 3 as set forth in the Court's Next Available Civil Law and Motion Calendar. ECF 3695 at 1. Judge Breyer then referred the Motion to Magistrate Judge Cisneros. ECF 3697. Judge Cisneros set a hearing on the Motion for September 30, 2025. ECF 3710. In the meantime, the Protective Order violator has not come forward voluntarily, as should have been expected of attorneys who are officers of this Court. And following the filing of Uber's Motion, the sealed material continues to appear in public, including on the websites of plaintiffs' lawyers.

https://federal-lawyer.com/injury-lawsuit/sex-abuse/uber/ ("Update for August 15, 2025: Uber Sexual Assault Claims.") Uber believes that any document production it makes in this MDL—even those containing trade secrets or other highly confidential documents—is now at risk of being forwarded to the *Times* or otherwise provided to unauthorized persons.

### III.    ARGUMENT

Uber moves pursuant to Local Civil Rule 6-3 to shorten the time for the Court to hear the Motion. Protective orders are meant to protect the parties subject to it "from annoyance, embarrassment, oppression, or undue burden or expense," including by preventing the disclosure of information that "if publicly released could be damaging to reputation and privacy." Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984). But there is a "constant danger [of dissemination to third parties] inherent in disclosure of confidential information pursuant to a protective order." *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*, No. 4:13-CV-00064-EJL, 2013 WL 6446704, at *6 n.5 (D. Idaho Dec. 9, 2013) (internal citation omitted).

Here, the violations of the Court's Protective Order, including the leaking of confidential business information and sensitive data, threatens continued harm if not promptly addressed. The person or organization who violated the Court's Protective Order may be planning to share additional sealed information with the *Times*—or another media organization—in the near future. And the longer this violation remains unaddressed, the greater the likelihood it will have to prejudice jury pools against Uber in the upcoming bellwether trials. While moving up the hearing date for the Motion to coincide with the upcoming status conference (or another date that is convenient for the Court) would not prejudice Plaintiffs (who do not oppose this Motion) or interfere with the case schedule, it would promote the interests of justice by accelerating resolution of Uber's allegations and its opportunity to obtain relief.

Uber has made good-faith efforts to obtain a stipulation with Plaintiffs regarding an earlier hearing date. In particular, Uber initiated a meet-and-confer process with MDL Plaintiffs' counsel pursuant to Local Civil Rules 6-3(a)(4) and 37-1. Premo-Hopkins Decl., ¶ 7. Counsel for Uber

met and conferred via phone call with MDL Plaintiffs' counsel on August 21, 2025. *Id.*, ¶ 8. Although MDL Plaintiffs' counsel stated that they would not stipulate to a new hearing date as early as next week, they indicated that they would not oppose Uber's motion to expedite the hearing date. *Id.* The next day, on August 22, 2025, Counsel for Uber provided MDL Plaintiff's counsel a draft of its motion to expedite the hearing date. *Id.*, ¶ 9, Ex. 1. Plaintiffs' counsel represented their position as follows: "Plaintiffs defer to the Court on the timing of the hearing, but respectfully request that the Court not advance the due date for Plaintiffs' response to the motion, currently set for August 27." *Id.*, ¶ 10, Ex. 2.

For all these reasons, the Court should shorten the time to the hearing on the Motion.

## IV.  CONCLUSION

Uber respectfully requests that the Court enter the Proposed Order attached as Exhibit A, resetting the hearing on the Motion to coincide with the status conference set for August 28, or the earliest date available to the Court.

| | |
|---|---|
| DATED: August 22, 2025 | Respectfully submitted, |

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com

**SHOOK, HARDY & BACON, LLP**

255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on August 22, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn
