Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street,
San Francisco, CA 94104
Telephone: (415) 439-1400
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MARK PREMO-HOPKINS**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

I, Mark Premo-Hopkins, declare as follows:

1. I am an attorney at Kirkland & Ellis L.L.P., counsel of record for Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber" or "Defendants"). Pursuant to Local Civil Rules 6-3 and 37-1, I offer this Declaration in the above-captioned matter in support of Uber's Unopposed Motion to Shorten Time to Hearing on Motion for Enforcement of Protective Order.

2. In its Motion for Enforcement of Protective Order (the "Motion"), Uber raised credible allegations that the Court's Protective Order in this action had been violated by someone who provided sealed Court documents to the *New York Times*.

3. Two weeks have passed since the Times article, but no person or organization has come forward and confessed to accessing sealed Court records and violating the Court's Protective Order. Plaintiffs' attorneys are now beginning to publish the sealed confidential information on their websites. *See, e.g.,* https://federal-lawyer.com/injury-lawsuit/sex-abuse/uber/ (linking to *Times* Article). Uber views any additional document productions it makes as being at significant risk of being disclosed to the *Times* or other media.

4. Uber's Motion requests that the Court order MDL Plaintiffs' counsel to certify that (1) they "contacted each employee, contractor, consultant or agent (including expert witnesses) working with" them, "as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits" containing the protected material that was leaked; and (2) each of those individuals confirmed "that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in" the article "to the New York Times or its agents, either directly or indirectly." ECF 3695-31 at 3.

5. The three MDL Plaintiffs' leadership firms have agreed to provide a certification. But the other 34 Plaintiffs' firms with cases in the MDL have not, including some Plaintiffs' firms that have expressly refused to provide the requested certification.

6. Potential violations of the Court's Protective Order have led to the leaking of confidential business information. The longer these potential violations remain unaddressed, the greater the likelihood they will have to prejudice jury pools against Uber in the upcoming bellwether trials.

7. Uber initiated a meet-and-confer process with MDL Plaintiffs' counsel in an effort to obtain a stipulation with Plaintiffs regarding an earlier hearing date.

8. Counsel for Uber met and conferred via phone call with MDL Plaintiffs' counsel on August 21, 2025. Although MDL Plaintiffs' counsel stated that they would not stipulate to a new hearing date as early as next week, they indicated that they would not oppose Uber's motion to expedite the hearing date and would defer to the Court's schedule.

9. The next day, on August 22, 2025, Counsel for Uber provided MDL Plaintiff's counsel a draft of its motion to expedite the hearing date. Attached as **Exhibit 1** is a true copy of my email, dated August 22, 2025, to MDL Plaintiffs' leadership firms, and my follow-up email shortly after which attached Uber's draft Motion to Shorten Time to Hearing on Motion for Enforcement of Protective Order.

10. In response to my emails, Plaintiffs' counsel represented their position as follows: "Plaintiffs defer to the Court on the timing of the hearing, but respectfully request that the Court not advance the due date for Plaintiffs' response to the motion, currently set for August 27." Attached as **Exhibit 2** is a true copy of the email from Andrew Kaufman to me, dated August 22, 2025.

11. Attached as **Exhibit 3** is a true copy of a spreadsheet prepared by counsel for Uber disclosing all previous time modifications in the case, whether by stipulation or Court order.

1    I declare under penalty of perjury under the laws of the State of California and the laws of the United States of America that the foregoing is true and correct.

Dated: August 22, 2025

Respectfully submitted,

By: */s/ Mark Premo-Hopkins*
Mark Premo-Hopkins (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
333 West Wolf Point Plaza
Chicago, IL 60654
Telephone: (312) 862-2706
mark.premohopkins@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.; RASIER, LLC; and RASIER-CA, LLC