LAURA VARTAIN HORN (SBN: 258485)
  laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
  alli.brown@kirkland.com
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF AUGUST 8, 2025 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III** |

Pursuant to Special Master Order No. 4, § III (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for two documents it clawed back on August 8, 2025, pursuant to Pretrial Order No. 14. Defendants respectfully request that the Special Master uphold the privilege claims as to the challenged documents. Plaintiffs in the California JCCP have also challenged the clawback of one of these documents, JCCP_MDL_PRIVLOG074265, and Defendants understand that Plaintiffs view this as a time-sensitive document. Defendants respectfully request that the Special Master expedite review of the privilege claim as to JCCP_MDL_PRIVLOG074265.

Defendants incorporate by reference the legal standard and arguments set forth in Defendants' prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for their privilege claims, Defendants provide the arguments and factual support listed below, along with the August 22, 2025 declaration of Uber's Associate General Counsel, Safety and Core Services, Scott Binnings (Ex. A). The applicable legal standard and arguments outlined below and in prior briefs, the declaration from in-house counsel, and the factual material previously provided to the Special Master,[1] when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that both documents at issue are privileged:

**JCCP_MDL_PRIVLOG074265**

JCCP_MDL_PRIVLOG074265 is a confidential spreadsheet titled "Global-Safety Risk Register Template – ATTORNEY-CLIENT PRIVILEGED." This spreadsheet was clawed back in full on August 8, 2025, but was produced with redactions on August 22, 2025. As Mr. Binnings explains, this spreadsheet tracked certain safety risks so that the company could identify risk prevention and mitigation efforts. Ex. A at para. 2. Mr. Binnings and Amos Davis, then-Global Senior Counsel, helped to develop the risk tracking framework represented in -74265 and provided legal guidance throughout its creation. *Id.* Hannah Nilles, Director, Head of Safety – Americas, confirmed this fact during her August 6, 2025, deposition. Ms. Nilles explained that the document was created with an attorney, and the creation and assignment of information within the document was done with an attorney. Nilles Dep. (Aug. 6, 2025) at 844:24-845:18.[2] Mr. Binnings's declaration also confirms that he and Mr. Davis provided legal advice on certain areas of risk that were important to potential litigation and regulatory concerns. Ex. A at para. 2. Their advice is reflected in the redacted portions of the spreadsheet. *Id.*; *see also, e.g.*, JCCP_MDL_PRIVLOG074265 (tabs for "Risk Matrix," "US&C Risk Tracker," and "Copy of US&C Risk Tracker"). Mr. Davis, who reported to Mr. Binnings at the

---

[1] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log. Defense counsel will also be available for any questions the Special Master may have during the review process.

[2] Defendants will make available the relevant excerpts from Mr. Nilles's deposition testimony to the Special Master's team for review.

time, was responsible for providing legal guidance on how to categorize certain areas of risk. He did so at Mr. Binnings's direction and with Mr. Binnings's supervision. The redacted portions of the spreadsheet are privileged because they directly reflect the legal guidance that Mr. Davis provided.

Plaintiffs challenge this document based on their belief that the document was not created by an attorney. The metadata, however, confirms that Mr. Binnings and Mr. Davis were both collaborators on the document, consistent with the facts set out above. While counsel helped to develop the entire framework of the risk tracker, Defendants have redacted only the portions of the document that directly reflect the guidance of counsel.

In their August 22 challenges, MDL Plaintiffs also note that this document was cited by an expert for plaintiffs in the JCCP matter on July 18 and claim that Defendants' clawback is untimely. Their argument is misplaced. PTO 14 requires that a clawback notice be issued within 21 calendar days "upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection." Dkt. 396. Even if service of the JCCP expert report on July 18 constituted such discovery, Defendants' August 8 clawback was timely and within the 21 day period allowed by PTO 14. Moreover, the document was clawed back on the record when it was introduced at the August 6 deposition of Ms. Nilles, and a formal clawback notice was promptly issued just two days later.

The Special Master should uphold Defendants' limited redactions based on attorney-client privilege.

**JCCP_MDL_PRIVLOG110283**

Following conferrals with Plaintiffs' counsel, Defendants intend to produce a redacted version of JCCP_MDL_PRIVLOG110283 to protect privileged sections of the document that are explicitly attributed to in-house counsel (Mr. Binnings and Mr. Davis). Plaintiffs do not contest that portions of this document should be redacted as privilege. *See* Aug. 22 Challenges, row 3. Defendants believe the redacted version resolves the present dispute.

| | |
|---|---|
| DATED: August 25, 2025 | Respectfully submitted, |
| | **SHOOK HARDY & BACON L.L.P.** |
| | By: /s/ *Jennifer Hill* |
| |     Jennifer Hill |

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
ALLISON M. BROWN

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
    ccotton@shb.com
JENNIFER HILL (Admitted *Pro Hac Vice)*
    jshill@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
    msalcedo@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*

UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC

5

DEFENDANTS' BRIEF IN SUPPORT OF AUGUST 8, 2025 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III                                                                        Case No. 3:23-MD-3084-CRB