**CHAFFIN LUHANA LLP**
Roopal P. Luhana (Pro Hac Vice)
Chaffin Luhana LLP
600 Third Ave., 12th Fl.
New York, NY 10016
Telephone: 888.480.1123
Facsimile: 888.499.1123
Email: luhana@chaffinluhana.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB  **REPLY IN FURTHER SUPPORT OF MOTIONS TO WITHDRAW AS COUNSEL** |
| This Document Relates to:  PLAINTIFF B.F. Case No. 3:25-cv-04466  PLAINTIFF H.S.01 Case No. 3:25-cv-01999 | Judge: Hon. Charles R. Breyer Date: TBD Time: TBD Courtroom: 6 – 17th Floor |

## INTRODUCTION

Undersigned counsel for Plaintiffs B.F. and H.S. 01 respectfully submits this reply in further support of counsel's motions to withdraw as counsel for these two Plaintiffs. (ECF Nos. 3689, 3690).

Uber's opposition relies heavily on the notion that Chaffin Luhana attempted to contact these Plaintiffs for only two weeks before moving to withdraw. But Uber leaves out the rest of the story. On July 30, 2025, the parties met and conferred regarding Uber's motion related to potentially non-bona fide ride receipts. *See* August 27, 2025 Declaration of Roopal P. Luhana, Esq, attached hereto. During that meet and confer, undersigned counsel specifically requested additional time to investigate Uber's allegations and to speak with the Plaintiffs to discuss what Uber shared with Plaintiffs' counsel for the first time during the meet and confer. *Id*. Counsel further asked Uber to produce additional information and evidence it possessed concerning Uber's process to assess the disputed receipts so that counsel could investigate Uber's assertions. *Id*. Uber rejected both requests and filed its Motion for an Order to Show Cause (ECF No. 3604), which included Plaintiffs B.F. and H.S. 01, hours later. *Id*.

These motions to withdraw are not brought lightly. Rather, they are compelled by circumstances outside counsel's control, including the inability to reach the clients timely to have meaningful communication regarding Uber's allegations, which has made it unreasonably difficult to continue effective representation.

Defendants raise ancillary issues regarding the authenticity of certain ride receipts in connection with these motions. While Plaintiffs' counsel acknowledges the importance of accurate information, these issues pertain to Uber's internal accounting systems and data that are solely within Uber's control. As such, they should not impede counsel's withdrawal, particularly where Plaintiffs' counsel has neither access to these systems nor received the cooperation necessary to

verify Uber's assertions. Ultimately, regardless of whether Defendants' concerns have merit, the situation illustrates the practical difficulty—if not impossibility—of continuing representation in the absence of communication between attorney and client.

Setting aside Uber's criticisms against Plaintiffs and their counsel, a breakdown in the attorney-client relationship constitutes good cause for withdrawal, particularly where, as here, the cases are not bellwethers, will not prejudice other litigants, and will not delay the broader resolution of the MDL. This Court has wide discretion to grant withdrawal under such circumstances, and numerous courts in this Circuit have confirmed that such relief is appropriate when counsel is unable to obtain client cooperation.

Accordingly, for the reasons set forth herein and in counsel's motions, undersigned counsel respectfully requests that the Court grant the motions to withdraw as counsel for Plaintiffs B.F. and H.S.01.

## **ARGUMENT**

### I.  The Two Subject Ride Receipts are Not Objectively Fraudulent

Defendants contend that two ride receipts are "objectively fraudulent on their face." But Uber's assertions rely on assumptions about Uber's internal systems and accounting practices—information that is exclusively within Uber's control.

*First*, Uber contends that Plaintiff B.F.'s ride receipt is fraudulent because it reflects a California Driver Benefits fee for a trip taken in Texas. But Plaintiffs' counsel has no knowledge of how Uber allocates or applies such benefit fees. Nor does Plaintiffs' counsel have knowledge of how Uber applies state-based charges or when they start and stop promotions. The mechanics of Uber's driver benefits program are uniquely within Uber's knowledge and are not apparent in reviewing the ride receipts. Moreover, regarding Uber's general issue with alleged discrepancies for ride receipts, Plaintiffs' counsel specifically requested that Uber wait until to file its Motion for

the Order to Show Cause to allow Plaintiffs' counsel an opportunity to discuss with the Plaintiffs what Uber shared about the ride receipts; Uber refused.

*Second*, Uber claims fraud because Plaintiff B.F.'s receipt reflects a June 2022 "payment date" for a 2023 trip. But Uber omits that the bulk of the payment was made *via* Visa on the same date as the trip. The only portion reflecting a 2022 date is the "Uber Cash" contribution. Uber Cash, however, may carry forward from earlier deposits, which would explain the earlier date. Plaintiffs' counsel is not privy to Uber's internal handling of Uber Cash and is therefore not in a position to explain matters that are exclusively within Uber's control.

*Third*, Uber asserts Plaintiff H.S.01's receipt is fraudulent because the destination address "does not exist." But Uber provided no declaration establishing that its counsel physically went to the destination in question and confirmed the address's nonexistence, rather than relying on (presumably) an online search. In any event, whether an address exists is a matter of external verification; a receipt requiring such investigation cannot be "fraudulent on its face."

*Finally*, Uber cites small discrepancies in totals: 50 cents on Plaintiff B.F.'s receipt (which lacks a total line item altogether) and 36 cents on Plaintiff H.S.01's receipt. Such minor discrepancies do not render the receipts "objectively fraudulent." Indeed, it would be unlikely for someone to intentionally fabricate a receipt that overlooks such apparent discrepancies—though that possibility certainly cannot be ruled out.

Ultimately, the inconsistencies identified by Uber as "obvious" involve matters that only Uber is in a position to fully clarify, given its exclusive understanding of how its systems generate receipts. That is why Plaintiffs' counsel sought additional time to investigate and discuss these issues with Plaintiffs prior to Uber filing its Motion for an Order to Show Cause. Alleging "fraud on the face" of such documents under these circumstances is thus premature and unavailing.

## II. The Court Should Permit Chaffin Luhana to Withdraw as Counsel For These Two Cases

Regardless of the above, the Court should permit Chaffin Luhana to withdraw as counsel for these two cases.

California Rule of Professional Conduct 3-700(C)(1)(d) allows withdrawal where the client "renders it unreasonably difficult for [counsel] to carry out the employment effectively." Cal. R. Prof. C. 3-700(C)(1)(d).

The decision to grant or deny a motion to withdraw is committed to the sound discretion of the district court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). Courts have held that "a client's failure to communicate with their attorneys constitutes good cause for the attorneys to seek withdrawal from representing the client." *Almont Ambulatory Surgery Ctr., LLC v. UnitedHealth Grp., Inc.*, 2016 WL 7042098, at *2 (C.D. Cal. Mar. 22, 2016); *see also Krause v. Manhattan Beach Police Dep't*, 2018 WL 6118566, at *2 (C.D. Cal. May 2, 2018)(citing *Delga Grp. for Invs. v. BoConcept USA, Inc.*, 2011 WL 12187267, at *3 (C.D. Cal. May 6, 2011)). ("[a] breakdown in communications between client and attorney may constitute good cause to permit an attorney's withdrawal from representation of the client.").

Factors which courts consider in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *See Riese v. Cnty. of Del Norte*, 2013 WL 6056606, at *1 (N.D. Cal. Nov. 14, 2013). All factors weigh in favor of permitting counsel's withdrawal.

*First*, withdrawal is warranted because counsel is unable to communicate with the Plaintiffs in question. Defendants have moved to dismiss Plaintiffs' cases on the grounds that they submitted fraudulent ride receipts. But without any ability to speak with these Plaintiffs about the issues

Defendants raise, counsel cannot meaningfully respond to Uber's pending motion. Accordingly, the first factor favors withdrawal.

*Second*, withdrawal will cause minimal prejudice to other litigants. Neither case is a bellwether. If counsel is permitted to withdraw, Plaintiffs will be provided with all necessary case materials, including Defendants' motion regarding the ride receipts. At that point, Plaintiffs may obtain new counsel, proceed pro se, or choose not to respond. Under any scenario, the potential delay in resolving these two non-bellwether cases will be slight and will not prejudice Defendants. Thus, the second factor favors withdrawal.

*Third*, withdrawal will not impair the administration of justice. These cases are two of more than 2,500 and, again, are not among the bellwether selections. Whether Plaintiffs proceed with new counsel, pro se, or not at all, withdrawal will have no effect on the scheduling or trial order. Accordingly, the third factor favors withdrawal.

*Fourth*, withdrawal will not meaningfully delay resolution of the litigation. These cases would not proceed to trial until after the bellwethers are tried. Courts routinely grant motions to withdraw under similar circumstances where a breakdown in attorney-client communications prevents effective representation. This Court should do the same here. *See, e.g., Capital Commc'ns v. Lucent Techs.*, 2004 WL 201596, *1 (N.D. Cal. Jan. 16, 2004)(granting motion to withdraw where counsel's attempts to communicate with the plaintiff and obtain its cooperation had been futile); *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, *1 (N.D. Cal. Dec. 10, 2007)("Plaintiff's failure to provide his counsel with updated contact information is sufficient to allow [counsel] permissive withdrawal under California Rule of Professional Conduct 3-700(C)(1)(d)"); *Hershey v. Berkeley*, 2008 WL 4723610, at *2 (C.D. Cal. Oct. 24, 2008) ("Plaintiffs' failure to communicate with their counsel has created a complete breakdown in the attorney-client relationship. This breakdown constitutes good cause for Plaintiffs' counsel to withdraw from this

case."); *Anhing Corp. v. Thuan Phong Co. Ltd.*, 2014 WL 12591456, at *2 (C.D. Cal. Dec. 2, 2014)(allowing withdrawal two weeks before trial where counsel "demonstrated [an] inability to litigate [the] matter competently due to his client's refusal to cooperate with him"); *Liang v. Calbay Intern., Inc.*, 2007 WL 3144099, *1 (S.D. Cal. Oct. 24, 2007)(finding that there was good cause for withdrawal where counsel was "unable to reach his clients and despite repeated attempts, ha[d] been unable to obtain his clients' cooperation in settling or otherwise moving forward with the case").

Defendants rely on two cases in opposition, neither of which supports their position. In *Robinson v. Delgado*, 2010 WL 3259384, at *2 (N.D. Cal. Aug. 18, 2010), the court denied counsel's withdrawal motion because the plaintiff was incarcerated, mentally ill, and the case had been pending for over eight years and was entering post-trial proceedings. The court reasoned that, under those unique circumstances, the plaintiff could not competently represent himself in such advanced proceedings. *Id*. *Robinson* is thus easily distinguishable: these cases are not at the post-trial stage, Plaintiffs are not incarcerated, and there is no evidence of comparable circumstances that would prevent them from protecting their own interests should they choose to proceed pro se.

By contrast, Uber's other authority, *Wige v. City of Los Angeles*, 2014 WL 12806226, at *4 (C.D. Cal. Feb. 14, 2014), actually supports withdrawal here. In *Wige*, counsel was unable to communicate with his client six weeks before a pretrial conference and nine weeks before trial. Nevertheless, the court granted withdrawal, finding the client had sufficient time to either obtain new counsel or proceed pro se. *Id*.

The same rationale applies here with even greater force. These cases are not yet scheduled for trial, and the earliest possible trial date is several months away. Counsel has made diligent efforts but is unable to communicate with Plaintiffs, leaving counsel unable to adequately respond to Defendants' motion concerning the ride receipts. Plaintiffs' counsel requested time to investigate

Uber's claims, but Defendants refused. This situation is thus of Uber's own making. Under these circumstances, counsel's motions to withdraw should be granted.[1]

## CONCLUSION

For these reasons, counsel's motions should be granted.

Dated: August 26, 2025                               Respectfully Submitted,

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Counsel for Plaintiffs*

---

[1] Uber (represented in the instant motions by Kirkland & Ellis) suggests that Plaintiffs' counsel failed to adequately meet and confer before filing these motions because the conferral email was directed to two "staff attorneys" at Shook Hardy, another firm representing Uber. Plaintiffs' counsel contacted these attorneys because they have consistently handled Plaintiff discovery deficiencies in this and other matters. One of these attorneys (who were acting on Uber's behalf) acknowledged receipt of counsel's email and did not indicate that he was the wrong person to contact or that counsel should reach out to another attorney representing Uber. If Kirkland & Ellis takes issue with Shook Hardy attorneys acting on Uber's behalf, that is a matter between Uber and its counsel. In any event, it is unclear what additional meet-and-confer efforts Kirkland & Ellis believes were required, given that Uber (i) had already denied Plaintiffs' counsel's request for time to investigate Uber's claims at the previous meet and confer, and (ii) oppose Plaintiffs' counsel's withdrawal in these matters.

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Roopal P. Luhana*

Roopal P. Luhana