Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Phone: (214) 890-0711
Direct: (972) 581-9778
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com
*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>**This Document Relates to:**<br><br>**JANE DOE (J.V.),** an Individual**,**<br>    *Plaintiff,*<br>vs.<br><br>**UBER TECHNOLOGIES, INC.** a Delaware Corporation;<br>**RASIER, LLC**, a Delaware Limited Liability Company,<br>**RASIER-CA, LLC,** a Delaware Limited Liability Company, and Does 1 through 50, Inclusive, et al.<br>    *Defendants*. | MDL No. 3:23-md-03084-CRB<br><br>**Honorable Charles R. Breyer**<br><br>Case No.: 3:24-cv-08622<br><br>**MOTION TO WITHDRAW AS COUNSEL OF RECORD FOR PLAINTIFF J.V.** |

**MOTION TO WITHDRAW AS COUNSEL OF RECORD**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE:

Nachawati Law Group ("NLG"), counsel of record for Plaintiff J.V. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for said Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a), and in part, California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). This Notice of Motion and Motion to Withdraw is based on the below Memorandum and accompanying Declaration of Steven S. Schulte, attached as Exhibit A, filed contemporaneously. A Proposed Order is attached as Exhibit B.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a), Nachawati Law Group ("NLG") submits this Memorandum and Notice/Motion to Withdraw as Counsel for Plaintiff J.V. NLG respectfully requests that the Court grant the Motion.

**STATEMENT OF FACTS**

Plaintiff J.V. is currently represented by NLG. Plaintiff's claims were filed in the United States District Court for the Northern District of California as Case No. 3:24-cv-08622 on December 2, 2024. Plaintiff's case was consolidated into the multidistrict litigation *In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084.

NLG has been unable to reach and communicate with Plaintiff. *See* Ex. A, Declaration of Steven S. Schulte ("Schulte Decl.") at ¶ 3. NLG has made numerous, ongoing attempts to contact Plaintiff via phone, email, correspondence, and text, about the need to respond and communicate with our firm about the case, to no avail. Schulte Decl. ¶ 4(a)-(b). NLG has been unable to identify or locate any better contact information for Plaintiff. *Id*.

In our firm's latest correspondence to Plaintiff in mid-August 2025, sent via fed ex, NLG informed Plaintiff of its intention to withdraw in light of non-responsiveness and lack of communication. Schulte Decl. ¶ 4(b). Since then and as of this filing's date, Plaintiff has not responded or otherwise contacted or communicated with NLG. Schulte Decl. ¶ 5. NLG thus remains counsel of record for Plaintiff, while it also remains unable to reach or communicate with Plaintiff.

**ARGUMENT**

NLG should respectfully be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the Court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a). Attorneys practicing before

this Court are required to adhere to the California Rules of Professional Conduct. Civ. L.R. 11-4(a)(1). Under those rules, a "lawyer shall not terminate a representation until the lawyer has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client." Cal. Rules. Prof. Conduct 1.16(d)(1). NLG has given appropriate advance notice of its intent to withdraw to Plaintiff. Schulte Decl. ¶ 4(a)-(b). NLG has taken all steps possible to avoid prejudice to Plaintiff. Schulte Decl. ¶ 6.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client . . . renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff has failed to communicate with NLG or otherwise be responsive and provide certain information required to prosecute the case. Schulte Decl. ¶¶ 2-3. NLG has been unable or will continue to be unable to meet deadlines or effectively prosecute the case because of this non-responsiveness and inability to communicate; Plaintiff's conduct thus falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this Motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, NLG will agree to the condition imposed by Civ. L.R. 11-5(b) to serve Plaintiff with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. *See* Schulte Decl. ¶ 7.

## CONCLUSION

NLG respectfully requests that the Court enter an order terminating it and its lawyers from any further responsibility for the representation of Plaintiff J.V. and to allow ample opportunity and time to Plaintiff to retain new counsel.

Dated: August 26, 2025

**NACHAWATI LAW GROUP**
*/s./ Steven S. Schulte*
Steven S. Schulte (TX SBN 24051306)
*Admitted pro hac vice*
Arati Furness (CA Bar No. 225435)
5489 Blair Road, Dallas, TX  75231
Phone: (214) 890-0711
schulte@ntrial.com; afurness@ntrial.com
**COUNSEL FOR PLAINTIFF**