William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Roe CL 125 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02233-CRB<br><br>*Jane Roe CL 128 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02497-CRB<br><br>*L.L. (5) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03742-CRB<br><br>*Roe CL 148 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03812-CRB<br><br>*Roe CL 147 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03811-CRB<br><br>*Roe CL 149 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03813-CRB | **LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>Judge: Honorable Charles R. Breyer<br>Date: August 22, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1  *Roe CL 150 v. Uber Technologies, Inc., et al., No. 3:25-cv-03815-CRB*

2
3  *Jane Roe CL 151 v. Uber Technologies, Inc., et al., No. 3:25-cv-03816-CRB*

4  *Jane Doe CL 156 v. Uber Technologies, Inc., et al., No. 3:25-cv-03944-CRB*
5

6  *Jane Roe CL 158 v. Uber Technologies, Inc., et al., No. 3:25-cv-04038-CRB*

7
8  *Jane Roe CL 160 v. Uber Technologies, Inc., et al., No. 3:25-cv-04205-CRB*

9
10 *Jane Roe CL 161 v. Uber Technologies, Inc., et al., No. 3:25-cv-04206-CRB*

11 *Jane Roe CL 163 v. Uber Technologies, Inc., et al., No. 3:25-cv-04386-CRB*
12

13 *T.S. v. Uber Technologies, Inc., et al., No. 3:24-cv-00635-CRB*

14
15 *C.B. (2) v. Uber Technologies, Inc., et al., No. 3:25-cv-01961-CRB*

16
17 *Jane Doe LS 596 v. Uber Technologies, Inc., et al., No. 3:25-cv-04069-CRB*

18 *Jane Doe LS 597 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04070-CRB

19
20 *Jane Doe LS 598 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04071-CRB

21
22 *Jane Roe Cl 165 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04589-CRB

23 *Jane Roe Cl 166 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04591-CRB
24

25 *S.Y. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04629-CRB

26
27 *Jane Doe LS 600 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04631-CRB

28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1. *T.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04647-CRB

2. *Jane Roe CL 167 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04670-CRB

3. *Jane Roe CL 169 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04672-CRB

4. *Jane Doe LS 601 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04699-CRB

5. *Jane Roe Cl 170 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04705-CRB

# TABLE OF CONTENTS

I. Introduction ................................................................................................................. 1

II. Argument ..................................................................................................................... 2

    A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice. ................................................................. 3

    B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice ........................................................................... 4

    C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice. ......................................... 5

    D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice. ........................................................................... 5

        1. Each Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet within 14 days of this Order. ................... 6

        2. Uber shall submit a declaration within 21 days of this Order, identifying which, if any, Plaintiffs have not complied with the Court's Order as of that date. ...................................................................................... 6

        3. If Levin Simes LLP ("Levin Simes") disagrees with the inclusion of any Plaintiff(s) identified in Uber's declaration, Levin Simes shall submit a declaration 28 days of this Order, identifying the date when such Plaintiff(s) submitted a complete and verified Plaintiff Fact Sheet. .... 6

        4. The Court will dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1 of this Order. ................................ 6

III. CONCLUSION ........................................................................................................... 7

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

i

Case No. 3:23-md-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

I.     **INTRODUCTION**

Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. The clients are not unwilling, our firm has been unsuccessful in obtaining current contact information in order to reach them to obtain the information and authorizations required by the Plaintiff Fact Sheet. Our firm is, and has been, employing all of the resources available to us outside of the original contact information in an effort to obtain the necessary information. These efforts have been successful overall in our efforts to reach out unresponsive clients. Unfortunately, we have not been able to reach everyone yet, but we continue to reduce the scope of the problem. For these reasons, and for the reasons set forth below, Uber's motion to dismiss should be denied in favor of the less drastic procedure outlined by the Court in it March 26, 2025 order. (Doc. 2628.)

First, only three Levin Simes clients are at issue here.[1] (Levin Dec., at ¶ 3.) As is true in the majority of cases in this litigation, these Plaintiffs were assaulted, retained our firm, and filed their case several years ago. We have been engaged to represent these women, were provided with basic information about their cases and initial contact information but have been unable to reach the clients, despite our best efforts. These efforts include numerous phone calls, emails, texts, written letters, and address searches. (Levin Dec., at ¶ 4.) We also employed investigators to trace new contact information for these individuals. (Levin Dec., at ¶ 4.) Simply put, while we have made every effort to reach these Plaintiffs to complete a Plaintiff Fact Sheet, we have not received any indication that these clients are actually aware that they have failed to comply with the Court's orders. What we do know is that our process of reestablishing contact with clients has been effective, and it is clear that these Plaintiffs are resurfacing over time and through the different contact methods we are using.

Second, Uber's motion unreasonably prejudices the Plaintiffs. Uber did not meet and confer regarding this issue for a subset of these clients. Had Uber done so, the Parties could have potentially

---

[1] Jane Doe LS 600's fact sheet was produced on August 14, 2025. Jane Doe LS 596, is a client whose case was concurrently filed with another firm, the Levin Simes case will be dismissed.

1

CASE NO. 3:23-MD-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

come up with a process consistent with the Court's prior orders on this same issue. Consequently, these legitimate claims are at risk of dismissal with prejudice on the sole basis of their counsel's inability to reach them.

Third, Uber's motion ignores the current procedural posture and direction of the litigation. Uber also fails to specifically address how the failure of these Plaintiffs to submit a Plaintiff Fact Sheet at this point in the litigation actually causes harm. Currently, the bellwethers have already been selected, and only one Levin Simes case been selected as a bellwether. The current case management deadlines will be focused on the bellwether cases and the corporate discovery.

Furthermore, for each of these Plaintiffs, Uber is not operating in the dark. Indeed, Uber and Plaintiffs' counsel are on a level playing field. Levin Simes has already disclosed the following information pertinent to the case, where possible, to Uber prior to the filing of Uber's motion: city of incident, date of incident, pick up location and drop off location, account identifying information, whether the client reported the assault to Uber, the date the client reported the assault to Uber, whether the client reported the assault to the police, the date the client reported the assault to the police, whether the client sought medical treatment after the assault, and whether the client sought therapy. This information helps to mitigate any prejudice Uber faces.

Therefore, Plaintiffs respectfully request that the Court deny Uber's motion and that the Court implement less drastic remedies that are available, and that the Court has already implemented in its March 26, 2025 order, as well as in subsequent orders on the same issue.

## II.   ARGUMENT

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir., 1996). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967). Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v.*

2

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

*R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal because of the posture of the litigation, the nature of the cases, and the unique positioning of these Plaintiffs.

A.  **The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.**

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id.* at 1453.

Levin Simes has already decreased the number of Plaintiffs with overdue fact sheets in the majority of cases that this issue has been raised. The three Plaintiffs delayed submission of their Plaintiff Fact Sheet does not unreasonably impede the resolution of the litigation. These Plaintiffs constitute less than 1 percent of the total MDL. And bellwethers have already been selected. The production of these Plaintiff Fact Sheets will not have a substantial impact the timeline of the

3

1  bellwether cases set for trial. Those trial deadlines will be driven by case specific discovery in the
2  bellwether cases as well as the overall corporate discovery.
3       Also, the unique posture of these Plaintiffs also highlights that a dismissal with prejudice of
4  these their cases would be unreasonable at this juncture. Unlike the other unfiled cases that could be
5  filed into the MDL, these cases were subject to a filing deadline which subsequently triggered all
6  deadlines relating to the Plaintiff Fact Sheets. In effect, these legitimate claims, which often involve
7  young women who are mobile, and whose claims have been repeatedly stayed for several years, are
8  now at risk for dismissal with prejudice on the sole basis of counsel's current inability to reach them.
9  While Uber is entitled to Plaintiff Fact Sheets from these clients, noncompliance at this point does
10  not cause an unreasonable delay in the resolution of the MDL overall. *See contra In re Eisen*, 31
11  F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in
12  four years...the four-year delay in this case is clearly unreasonable.) Therefore, the first two factors
13  weigh against dismissal.

### B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case*." Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131 (9th Cir. 1987).

     These Plaintiffs' actions do not impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials. Uber's reliance on *In re Phenylpropanolamine (PPA) Product Liability Litigation* (hereinafter "PPA") is misplaced because the underlying facts of the claims and discovery process are inconsistent with this case. 460 F. 3d 1217, 1223 (9th Cir., 2006). In *PPA*, the discovery timeline was triggered by the submission of the Plaintiff Fact Sheet: Defendants could not take case-specific fact depositions sooner than 120 days after the Plaintiff Fact Sheet was submitted, and the one-year discovery period for completion of discovery would also not start until a Plaintiff Fact Sheet was submitted. *Id*. at 1224. By contrast, here, the case specific discovery process is rooted in the bellwether cases rather than each individual claim. The bellwethers have already been selected and the cases

4

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

1 remaining in the litigation are now stayed. Other than the fact sheet, Uber is barred from seeking
2 any additional discovery in these cases. Any concern regarding prejudice to Uber relating to the
3 bellwether selection deadline is now moot because the deadline has already passed. If there *were*
4 any harm, the remedy Uber seeks would not cure it.

5 While Uber may argue that without these fact sheets, it is unable to assess the entire litigation,
6 Plaintiffs have also mitigated this risk. Our firm provided pertinent case information for each
7 Plaintiff at the end of 2024, prior to Uber's filing of its motion, while we continue to reach clients
8 and provide Plaintiff Fact Sheets as soon as we are able. As such, these cases pose no greater risk
9 to Uber than any unfiled case. Indeed, the prejudice to these sexual assault survivors, some of which
10 who were the only ones subject to a filing cut-off, is far greater. Therefore, the third factors weighs
11 against dismissal.

## C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice.

14 At a general level, the "public policy favoring disposition of cases on their merits"—the
15 fourth Malone factor—always weighs against a default judgment, and often "strongly" so."
16 *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez*
17 *v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not
18 promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's*
19 *Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As
20 such, this factor weighs against dismissal.

## D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice.

23 "The district court abuses its discretion if it imposes a sanction of dismissal without first
24 considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833
25 F.2d at 131. "Our case law reveals that the following factors are of particular relevance in
26 determining whether a district court has considered alternatives to dismissal: (1) Did the court
27 explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions
28 would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the

5

1 malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of
2 dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and
3 processes in other multi-district litigations weigh against a dismissal with prejudice. "Before
4 dismissing an action, a court should always be certain that other less drastic alternatives are not
5 available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987)

6       This particular issue can be resolved by less drastic measures. Plaintiff's proposed
7 measures, discussed above, take a more holistic approach to the needs of litigation and the rights
8 of each Plaintiff to have to their day in court. Notably, Uber brought a similar request in the JCCP
9 before Judge Schulman. Judge Schulman denied the request because the cases were stayed, and
10 bellwethers were already selected. (Levin Dec., at ¶8.) Less drastic measures are available to the
11 Court, which the Court has already employed with respect to different subset of Levin Simes
12 cases. On March 26, 2025, the Court outlined a process regarding similarly situated cases. (Doc.
13 2628.) That process is as follows:

    1.   Each Plaintiff subject to Defendants' Motion must provide a complete and verified Plaintiff Fact Sheet within 14 days of this Order.

    2.   Uber shall submit a declaration within 21 days of this Order, identifying which, if any, Plaintiffs have not complied with the Court's Order as of that date.

    3.   If Levin Simes LLP ("Levin Simes") disagrees with the inclusion of any Plaintiff(s) identified in Uber's declaration, Levin Simes shall submit a declaration 28 days of this Order, identifying the date when such Plaintiff(s) submitted a complete and verified Plaintiff Fact Sheet.

    4.   The Court will dismiss without prejudice the claims of any Plaintiff who does not comply with Paragraph 1 of this Order.

22 (*Id*.)

23    By contrast, Uber's proposed dismissal process is particularly punitive in light of the nature of
24 Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct by an Uber driver,
25 and this Court's prior order.  There are many reasons why these victims of sexual assault could be
26 unresponsive. These cases often involve young women who are mobile -- changes in address name,
27 phone number, etc. are all real human reasons why their initial contact information is no longer
28 valid. But, our methods of locating these Plaintiffs are working. This is evident from the large

6

reduction in Levin Simes Plaintiffs that have cured overdue fact sheets, which Uber wholly ignores.

Although, MDL Courts have ordered the dismissal of cases for failure to comply with a Plaintiff Fact Sheet, the underlying facts and orders are distinguishable, and the process is less aggressive than what Uber proposes here. For example, in *In re Gen. Motors LLC Ignition Switch Litig.*, Pretrial Order No. 25, which governed the bellwether and fact sheet process, set forth a clear process for non-compliance that put all Parties on notice regarding the effect of non-compliance, and included a longer process before dismissal. *See In Re: General Motors LLC Ignition Switch Litigation*, 14 MD-2543, Pretrial Order No. 25.

Similarly, Pretrial Order No. 6 in *In Re: Bextra and Celebex Marketing Sales Practices and Product Liability Litigation*, MDL No. 1699, which governed the Plaintiff Fact Sheet Protocol, also contained a clear process regarding fact sheet compliance, this included a clause that stated "notice that claims may be dismissed." *See In re Bextra and Celbex*, MDL No. 1699, PTO No. 6, at ¶ 7. It further had a 30-day notice period that was followed by a 21-day noticed compliance motion, and a 21-day dismissal motion, after which the Court could dismiss claims *with or without* prejudice. *Id*.

Additionally, Case Management Order No. 8 in *In re: Juul Labs Inc.*, MDL No. 2913, which governed fact sheet implementation also had a specific non-compliance process contained in the order. That processes included a 30-day notice period, followed by a 14-day noticed motion for dismissal without prejudice. The Defendant could only move the court for a dismissal with prejudice 30 days after the court's entry of order of the dismissal without prejudice. *Id*.

Here, despite the fact that the Court has already made multiple orders related to similarly situated cases, Uber seeks to unilaterally enforce one by crafting the non-compliance process which only allows a 14-day window before a Plaintiff is complete barred from recovery in their sexual assault claim. This proposed solution does not comport with the needs of the litigation, the actual effect of the delayed Plaintiff Fact Sheets, or the rights of the Plaintiffs. Therefore, the final factor weighs against dismissal.

### III.   CONCLUSION

The Court should deny Uber's motion because less drastic measures are available to the Court and should be implemented rather than a dismissal with prejudice. Plaintiffs respectfully

7

request that the Court order the same timeline and process regarding dismissal without prejudice as detailed in the Court's March 26, 2025 Order.

DATED: August 26, 2025                                                  Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for Levin Simes Plaintiffs*

8

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 26, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin

9

Case No. 3:23-md-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER