Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Doe (LR) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04306-CRB<br><br>*DOE (KH) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04326-CRB<br><br>*Doe (YE) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04330-CRB<br><br>*Doe (TW) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04356-CRB<br><br>*Doe (E.N.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04370-CRB<br><br>*Doe (EB) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05110-CRB<br><br>*Doe (D.G.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05169-CRB | Case No. 3:23-md-03084-CRB<br><br>**NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF (1) AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) A CASE MANAGEMENT ORDER ADDRESSING CERTAIN PLAINTIFFS WHO HAVE NOT SUBMITTED RECEIPTS**<br><br>Date: September 19, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

*Doe (CH) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05340-CRB

*DOE (JH) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05341-CRB

*Doe (TM) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05764-CRB

*Doe (K.M.) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05796-CRB

*Doe (EP) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05946-CRB

*Doe (AR) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05947-CRB

*Doe (CS) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-05964-CRB

*Doe (E.W.) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-06073-CRB

*Doe (JS) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-06075-CRB

*DOE (SS) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-06076-CRB

*Doe NLG (NC) v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-00069-CRB

*Doe NLG (BH) v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-00369-CRB

*Doe NLG (AB) v. Uber Technologies, Inc., et al.*,
No. 3:25-cv-01079-CRB

*Doe NLG (JV) v. Uber Technologies, Inc., et al.*,
No. 3:24-cv-08622-CRB

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS                                                                                    Case No. 3:23-md-03084-CRB

## I.     Introduction

On July 30, 2025, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively referred to as "Defendants" or "Uber") filed a Motion for Entry of Order to Show Cause, seeking dismissal of Plaintiffs whom Uber allege to have submitted non-bona fide ride receipts; as well as a Motion for Case Management Order addressing Plaintiffs who have not yet submitted receipts. Plaintiffs' response deadline was extended by this Court's order to August 27, 2025. Doc. No. 3656.

The Motion includes a list of cases subject to the motion. Cases represented by Nachawati Law Group (NLG) are listed below by their Plaintiff ID numbers:

<u>Motion for Entry of Order to Show Cause</u>: 2723 (Doc. No. 3604-1, p. 7, App. A.6), 2812 (Doc. No. 3604-1, p. 2, App. A.1), 2918 (Doc. No. 3604-1, p. 5, App. A.4).

<u>Motion for Entry of Case Management Order</u>: 1482, 1491, 1493, 1500, 1511, 2221, 2227, 2231, 2232, 2253, 2255, 2256, 2257, 2259, 2261, 2263, 2264, 2796 (Doc. No. 3604-43, pp. 4-6, "Exhibit B-1" to Uber's proposed order).

## II.     Background

Parties are required to meet and confer **in good faith** before bringing any motion to resolve a disclosure or discovery dispute to the Court. L. R. 37-1. Plaintiffs' counsel participated in a meet and confer session with Uber counsel on July 30, 2025 via Zoom. Exhibit 1, Declaration of Steve S. Schulte ISO Pltfs' Response (Schulte Decl.). The session was scheduled for 30 minutes, from 10:30 am – 11:00 am Central. *Id.* During the meet and confer, Plaintiffs' counsel and liaison counsel repeatedly requested a reasonable amount of time to investigate the allegations in Uber's meet and confer letter. *Id.* Uber counsel never directly responded to Plaintiffs' counsel's request, giving non-committal non-responses and did not even state a willingness to consider the request. *Id.* Immediately following the meet and confer, liaison counsel and other Plaintiffs' counsel re-iterated their request for time to discuss with clients and re-convene with Uber. *See* Exhibit 1-A, E-mail communication between counsel. Uber again did not respond to the request, but a scant few hours later, at 4:02 pm Central time on the same day, July 30, Uber filed the Motions subject to the meet and confer and this response. Exhibit 1, Schulte Decl.

1

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS                                                                                                       Case No. 3:23-md-03084-CRB

### III. Argument

#### A. Plaintiffs who have allegedly submitted non-bona fide receipts

With respect to Plaintiff ID Nos. 2723, 2812, and 2918 implicated in Uber's Motion for Order to Show Cause, NLG is no longer in the position to respond, as Plaintiffs' counsel has filed a Motion to Withdraw from the three NLG cases implicated in the Motion. As stated in Plaintiffs' counsel's Motions to Withdraw (Doc. No. 3754 (ID 2723), Doc. No. 3753 (ID 2812), and Doc. No. 3756 (ID 2918) and their respective supporting Declaration (Doc. No. 3754-1 (ID 2723), Doc. No. 3753-1 (ID 2812), Doc. No. 3756-1 (ID 2918)), Plaintiffs' counsel have made diligent attempts to reach these three Plaintiffs over the course of months, but these attempts have been unsuccessful. The receipts in these three NLG cases passed ordinary inspection, and Plaintiffs dispute characterization of these inconsistencies and "evidence of alterations" advanced by Uber as being obvious or "glaring", especially since it required the engagement of the leader of a consulting service's Digital Forensics Practice to conduct a forensic analysis of these ride receipts and produce a lengthy declaration. *See* Doc. No. 3604-38, Declaration of Brett D. Harrison and FTI Consulting, Inc. In any event, NLG is not in the position to respond on behalf of these Plaintiffs, because NLG has been unable to investigate Uber's allegations due to these Plaintiffs' non-responsiveness.

#### B. Plaintiffs who have not yet submitted receipts

##### 1. Uber did not meet and confer with Plaintiffs in good faith.

As discussed in §II. Background above, Uber counsel did not meet and confer with Plaintiffs' counsel in good faith, in violation of the Federal Rules of Civil Procedure and this Court's local rules. During the brief Zoom conversation with Uber counsel, it soon became clear that Uber counsel did not come to the meet and confer in good faith but was merely checking a box, as evidenced by Uber counsel's refusal of Plaintiffs' counsel and liaison counsel's repeated requests for time to investigate and further discussion, as well as by the timing of the filing of their Motions on the same day as the meet and confer. *See* Exhibit 1, Schulte Decl. Issues such as the two NLG cases on which Uber previously erroneously sent delinquency notices and moved to dismiss (Doc. No. 3603, filed July 30, 2025, Nachawati Plaintiffs' Response to Uber's Motion to Dismiss), then withdrew its erroneous

2

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS                                                                                                          Case No. 3:23-md-03084-CRB

motion with respect to those two NLG cases[1]—are precisely the reason additional time to investigate are needed as part of a customary good-faith meet and confer process. Uber's absolute refusal of Plaintiffs' counsel's reasonable requests on this front evinces a lack of good faith in the meet and confer process.

Uber's lack of good faith is further indicated by its counsel's declaration attached to its Motions, which makes it clear that Uber never intended any compromise: The Declaration only states that Uber will "inform the Court" and "remove the case from its proposed order" if Plaintiffs' counsel agree to exactly the result Uber seeks (dismissal). *See* Doc. No. 3604-40, Declaration of Kristen Fournier re [Uber's] Receipts Motion; *see also* Exhibit 1-A, p. 3, E-mail communication between counsel. Filing the Motions first, then informing the Court certain cases need to be removed from the Motions, obviously does not fulfill the purpose of the meet and confer requirement, which is to *avoid* involving the Court in the first place. *Wong v. Astrue*, 2008 WL 4167507, at *2 (N.D. Cal. 2008) ("The purpose of the [meet and confer] requirement is to … resolve disputes which need not involve the Court …"). In any event, this would be Uber's duty to keep the Court adequately informed and not any real concession or compromise. The Declaration describes no other attempt at compromise made to Plaintiffs' counsel before stating in merely conclusory manner that Uber "has made every effort to meet and confer on this topic" and "it has not been possible to reach agreement as to all cases." Doc. No. 3604-40, Fournier Decl. [Uber], p. 4.

The meet and confer requirement is "not a meaningless formality" as Uber appear to have treated it. *RG Abrams Ins. v. Law Offices of C.R. Abram*, No. 20-cv-01379-JST (RMI), 2020 WL 7695374, at *3 (N.D. Cal. Dec. 28, 2020). It is "for the Parties to engage in a *meaningful* dialogue …" *Id.* (italics in original). Here, Uber counsel evidently did not intend to engage in any meaningful dialogue, as they deflected Plaintiffs' repeated requests for time to investigate Uber's allegations and re-convene, proceeded to file the motion the very same day of the meet and confer, and made it clear

---

[1] Uber only withdrew its motion to dismiss on these two cases after Plaintiffs had to file a formal response in opposition, even though Plaintiffs' counsel previously alerted Uber to its error. Exhibit 1-A, p. 8, E-mail communication between counsel ("Since there is no actual deficiency, can you withdraw your motion as to these 2 plaintiffs? Would prefer not having to file a response on this tomorrow.")

3

that regardless of what Plaintiffs' counsel said during the meet and confer, Uber was going to forge ahead with its Motions, as even agreeing to the exact relief sought in Uber's Motions would not keep the Motions from being put before this Court, nor even delay their filing. Exhibit 1, Schulte Decl.; *see also* Doc. No. 3604-40, Fournier Decl. [Uber]. These actions evidenced a lack of good faith on Uber's part during the meet and confer process. *See, e.g. Goldwater Bank, N.A. v. Elizarov*, No. 5:21-cv-00616-JWH (SPx), 2022 WL 17078950, at *2 (C.D. Cal. Oct. 7, 2022) (Contrary to defendant's contentions, e-mail sent "the very next day after the conference" advising intent to file the discovery motion when plaintiff had communicated intent to supplement discovery responses, "does not indicate good faith"); *Palmer v. Hatton*, No. C 05-358 SI(pr), 2006 WL 3365596, at *1 (N.D. Cal. Nov. 20, 2006) (filing a motion to compel just ten days after mailing a meet and confer letter "did not allow reasonable time for any informal resolution of a discovery dispute" and thus did not constitute a good faith effort to meet and confer). For all intents and purposes, Uber's "meet and confer" here served only to advise Plaintiffs that it desires to make its Motions, thus it does not constitute a good faith meet and confer. *Ruiz v. Law Offices of John E. Bouzane*, No. SA CV 16-0323 FMO (MRWx), 2016 WL 9223779, at *1 n. 1 (C. D. Cal. July 11, 2016) ("Simply advising [non-moving party] that a party desires to have the court rule on the issues addressed in the Motion … does not constitute a good faith meet and confer."). Therefore, this Court should deny Uber's Motions and order it to meet and confer with Plaintiffs in good faith.

### a. Uber's Motion for Case Management Order should be denied.

Uber devoted fewer than two pages out of its 15-page filing to seeking the entry of a Case Management Order regarding 92 Plaintiffs who have "either provided no reason for not submitting a receipt or have provided boilerplate reasons." Uber's complaint that Plaintiffs have provided "boilerplate, non-detailed reasons" is ironic because, except for the 21 Plaintiffs represented by Levin Simes (whose responses differ from those of NLG Plaintiffs), Uber has not articulated why Plaintiffs' reason for not having submitted a receipt is deficient, and in any event have made no statements specific to NLG's cases other than listing them in Doc. No. 3604-43. This is sufficient reason for the Court to deny Uber's Motion for Case Management Order. *See, e.g.*, *Thomas v. Heberling*, No. 1:12-cv-01248-AWI-SAB(PC), 2015 WL 3660323, at *3, (E.D. Cal. June 10, 2015) (moving party bears

4

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS
Case No. 3:23-md-03084-CRB

the burden to provide sufficient information for the Court to discern why response is being challenged, and it is insufficient to merely attach discovery responses to motion[2], claim dissatisfaction, and move to compel); *see also Williams v. Cate*, No. 1:09-cv-00468 LJO JLT PC, 2011 WL 6217378, at *1 (E.D. Cal. Dec. 14, 2011) ("Plaintiff may not simply assert that he has served discovery requests, that he is dissatisfied, and that he wants an order compelling further responses.")

To the extent that the reasoning provided by Plaintiffs in the NLG cases for not having submitted ride receipts are "boilerplate", that is due to the "uniformity, consistency, and predictability" that is the hallmark of an MDL litigation. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F.Supp.2d 1049, 1053 (N.D. Cal. 2004). However, the responses are not identical, since they indicate in applicable cases, "Plaintiff has been unable to access her account and locate the receipt despite a diligent effort to do so[]" or "Plaintiff has been unable to recover the receipt in the app." *Compare* Exhibit 1-B, Plaintiff ID 1491 Uber Ride Information Form [identifying information redacted] *with* Exhibit 1-C, Plaintiff ID 1511 Uber Ride Information Form [identifying information redacted]. The remainder of the Ride Information Form contains other information specific to the case, such as account holder's name and contact information, date of the ride, location, and other information that may assist Defendants in identifying the ride to the extent that Plaintiff can recall. *See id.* Further, the NLG Plaintiffs indicated in the Ride Information Form that "an older or now expired number or email address may have [] been associated with this ride or account, any details of which she does not recall at the time." *Id.* A court cannot compel a party to respond to something he or she does not recall. *Williams v. Romero*, No. 2:17-cv-1884 TLN DB P, 2023 WL 2466237, at *4 (E.D. Cal. Mar. 10, 2023). Nor, absent evidence contradicting a party's response, can a court compel a different response. *See, e.g.*, *Tilei v. Wan*, No. 1:096-cv-00776-OWW-GSA PC, 2010 WL 3633338, at *2 (E.D. Cal. Jan. 22, 2010); *Pryer v. Bott*, 1:23-cv-00167-BAM (PC), 2024 WL 169228, at *2 (E.D. Cal. Jan. 16, 2024).

Because Uber has failed to articulate why it is challenging the NLG Plaintiffs' responses provided on their Ride Information Forms nor any good cause for entry of a new Case Management

---

[2] Uber did not do this either.

Order—merely stating their dissatisfaction with the responses is not enough—Uber's Motion should respectfully be denied.

### IV. Conclusion and Prayer

For all of the foregoing, Plaintiffs pray that this honorable Court DENY Uber's Motion for Entry of (1) Order to Show Cause and (2) Case Management Order.

Dated: August 27, 2025

**NACHAWATI LAW GROUP**

*/s/ Steven S. Schulte*
Steve Schulte (TX SBN 24051306)
*Appearance Pro Hac Vice*
John Raggio (CA Bar No. 338261)
Arati Furness (CA Bar No. 225435)
**NACHAWATI LAW GROUP**
5489 Blair Road
Dallas, TX 75231
Telephone: (214) 890-0711
Facsimile: (214) 890-0712
schulte@ntrial.com
jraggio@ntrial.com
afurness@ntrial.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

*/s/ Steven S. Schulte*
Steve Schulte (TX SBN 24051306)

7

NACHAWATI PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF TWO ORDERS RELATED TO RECEIPTS                                                                                                Case No. 3:23-md-03084-CRB