John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFFS' MEMORANDUM OF SUPPORT IN OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY OF (1) ORDER TO SHOW CAUSE AND (2) CASE MANAGEMENT ORDER**<br><br>Judge: Hon. Charles R. Breyer<br><br>Courtroom: 6 – 17th Floor |
| This Document Relates to:<br><br>*WHB 1339 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05292<br><br>*WHB 645 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05356<br><br>*WHB 492 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05470 | |

-1-

*WHB 1969 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05483

*WHB 1484 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05779

*WHB 375 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05781

*WHB 1604 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05958

*WHB 1273 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05950

*WHB 885 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05952

*WHB 1381 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05603

*WHB 505 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05709

*WHB 2030 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01092

*WHB 2063 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01099

*WHB 2064 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01101

*WHB 2066 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01121

*WHB 2067 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01122

*WHB 2069 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01124

*WHB 2071 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01130

*WHB 2072 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01140

*WHB 2075 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01148

*WHB 2076 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01149

*WHB 2078 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01152

*WHB 2081 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01161

*WHB 2082 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01177

*WHB 2084 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01179

*WHB 2085 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01183

*WHB 2036 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01180

*WHB 2038 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01196

*WHB 2042 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01206

*WHB 2043 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01207

*WHB 2037 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01189

*WHB 2044 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01209

*WHB 2046 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01213

*WHB 2048 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01216

*WHB 2051 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01226

*WHB 2052 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01229

*WHB 2053 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01237

*WHB 2054 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01244

*WHB 2056 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01246

*WHB 2057 v. Uber Technologies, Inc., et al., No. 3:25-cv-01247*

*WHB 2059 v. Uber Technologies, Inc., et al., No. 3:25-cv-01255*

*WHB 491 v. Uber Technologies, Inc., et al., No. 3:24-cv-05268*

*WHB 644 v. Uber Technologies, Inc., et al., No. 3:24-cv-05272*

*WHB 1348 v. Uber Technologies, Inc., et al., No. 3:24-cv-05669*

*WHB 1556 v. Uber Technologies, Inc., et al., No. 3:24-cv-05986*

## I. INTRODUCTION

To be clear, none of the 45 Williams Hart & Boundas (WHB) Plaintiffs Uber moves to dismiss provided fraudulent or doctored ride receipts. Rather Uber moves to dismiss these 45 WHB Plaintiffs for providing "boilerplate" reasons as to why they have been unable to provide a ride receipt. Uber's draconian motion for dismissal should be denied.

All 45 WHB Plaintiffs have provided Uber with all information in their possession about the accountholder who ordered the ride so that Uber can identify the accounts at issue. All 45 WHB Plaintiffs have also provided Uber with the approximate date, starting, and ending locations of the ride with as much precision as possible so that Uber can identify the rides at issue. By providing Uber with this information, Plaintiffs have complied with the Court's Orders.

On July 30, 2025, Defendants filed a proposed Motion for Entry of (1) And Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice and (2) a Case Management Order Addressing Certain Plaintiffs Who Have Not Submitted Receipts (ECF No. 3604). Defendants allege that 45 WHB Plaintiffs have provided insufficient responses for why ride receipts are not available. According to Uber, 42 of the WHB Plaintiffs' articulated reasons in their uploaded Uber Ride Information Forms are

"boilerplate." Motion at 14. Presumably, the remaining three WHB Plaintiffs' reasons as stated in their uploaded Uber Ride Information Forms are simply not detailed enough for Defendants.

Pretrial Orders 5 and 10 do not require the detailed explanations that Defendants seek from Plaintiffs, and certainly not at the cost of dismissal with prejudice. Motion at 15. The Court never demanded dismissal with prejudice of Plaintiffs who could not provide ride receipts. Rather, the Court anticipated instances in which a plaintiff could not produce a ride receipt. In such cases, counsel must disclose why the receipt is unavailable, the accountholder's name, phone number, and email address, the date, starting and ending locations of the ride with as much precision as reasonably possible, and any other basic information that may assist Defendants in identifying the ride. PTO 5 at 2 -3.

There is no requirement in Pretrial Orders 5 or 10 that Plaintiffs provide a detailed explanation as to why they are unable to produce the receipt for the ride in question. After all, the purpose of the Uber Ride Information Form is to provide data so that Uber can ultimately identify the ride.

Two months ago, Defendants alleged that over 100 of WHB's Uber Ride Information Forms[1] were deficient in a June 17, 2025 letter. See attached **Exhibit A**. The deficiencies spanned questions two through six of the Uber Ride Information Form, as opposed to question 1, the subject of the current motion. WHB responded to Defendants' letter on August 18, noting that the vast majority of the Ride Information Forms (86 to be exact) were compliant with PTO 5 and 10. See attached **Exhibit B**. For those cases in which the Uber Ride Information Forms were not, WHB uploaded amended Forms, curing any alleged deficiencies.

Similarly, if the Court determines that any of the responses these 45 WHB Plaintiffs provided to Question 1 in the Uber Ride Information Form are not compliant with PTO 5 or 10, WHB respectfully requests that counsel be permitted to submit amended Forms.

---

[1] Uber raises six of these same cases in the current motion (MDL ID 2066, 2067, 2079, 2127, 2128, 2186).

## ARGUMENT

Defendants' only complaint is that these 45 plaintiffs have provided "boilerplate" reasons as to why they cannot submit a ride receipt. Indeed, in many of the 45 Uber Ride Information Forms for WHB's listed cases, the Plaintiffs note that they are unable to locate the receipt for the rides at issue. However, pursuant to PTO 5 and 10, Plaintiffs' counsel has disclosed all information in Plaintiffs' possession about the accountholder who ordered the ride (in most cases, the name, phone number, and email address); the approximate date of the ride with as much precision as is reasonably possible; the starting location and ending location of the ride with as much precision as reasonably possible; as well as any other basic information that may assist Defendants in identifying the ride in each properly produced Uber Ride Information Form.

Plaintiffs have complied with all of the Court's Pretrial Orders. Plaintiffs do not have the ride receipts for the rides at issue,[2] and they have stated this in their Uber Ride Information Forms. Pursuant to this Court's Pretrial Orders, because they do not have their ride receipts, they have provided the information that is required of a plaintiff who does not have her ride receipt. If Defendants believe that additional information in the Ride Information Form is somehow deficient, they should serve a deficiency notice on counsel just as they did in June.[3] Defendants have not, however, in their motion, articulated any justification for how or why a more detailed explanation will help them identify the rides at issue. Defendants' desire for a more detailed explanation does not support the severe penalty of dismissal and is not supported by the Pretrial Orders.

## CONCLUSION

The 45 WHB Plaintiffs Defendants seek to dismiss have complied with PTO 5 and 10 by providing a reason why the ride receipt for the ride at issue is not available. Defendants' request to include these plaintiffs in the scope of the Show Cause Order and/or to dismiss these plaintiffs

---

[2] Per PTO 10, a party must produce requested documents to the extent such documents are in the party's possession, custody, or control. While this language relates to substantial completeness of PFS and DFS, counsel adheres to it when filling out the Uber Ride Information Form as well.

[3] To date, counsel has not heard back from Uber regarding the August 22 deficiency response.

should be denied. In the event that the Court determines some or all of Plaintiffs' Uber Ride Information Forms are not compliant with PTO 5 or 10, WHB respectfully requests that counsel be permitted to submit amended Forms.

Dated: August 26, 2025

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*