# Exhibit B



# WILLIAMS HART & BOUNDAS

**MARGRET E. LECOCKE**
Attorney at Law

Direct 713-230-2362
mlecocke@whlaw.com

August 18, 2025

**VIA MDL CENTRALITY**
and email to bhoerl@shb.com

Brandon J. Hoerl
SHOOK HARDY & BACON
255 Grand Blvd.
Kansas City, Missouri 64108

RE:    MDL 3084; Response to Notice of Deficient or Incomplete Ride Receipt or Ride
Information Forms; MDLC ID 1721

Dear Mr. Hoerl:

Please allow this letter to serve as Plaintiffs' response to Uber Technologies Inc.'s. Notice of
Deficient or Incomplete Ride Receipt or Ride Information Form in the following cases:

| Plaintiff ID | Plaintiff Name | Case No. | Applicable Question No. | Ride Receipt Due Date | Days Since Ride Receipt Was Due | Response |
|---|---|---|---|---|---|---|
| 1807 | WHB 466 | 24-CV-05265 | 1,2 | 8/30/2024 | 290 | #1: Plaintiff has disclosed (1) why the ride receipt is not available, (2) the name of the accountholder who ordered the ride, (3) the date of the ride, and (4) the exact starting and ending location of the ride, as required by PTO 5, paragraph 4, lines 25 through 4. In addition, Plaintiff has produced exhibit A, a screenshot of the Uber Trip History, which shows details of the ride at issue including the driver's name, along with the license plate number, car details, and time of the ride. Plaintiff has also produced Exhibit B, a screen shot of the Uber driver at issue's account profile. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | #2: Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information through exhibits A & B that should assist Defendants in identifying the ride. |
| 1863 | WHB 1409 | 24-CV-05122 | 3,6 | 8/28/2024 | 292 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1866 | WHB 427 | 24-CV-05132 | 3.6 | 8/28/2024 | 292 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1867 | WHB 1275 | 24-CV-05136 | 2 | 8/28/2024 | 292 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Not |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | only did Plaintiff answer that she does not know the name and email address of the accountholder, she also provided an explanation as to why that information is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 1868 | WHB 1425 | 24-CV-05129 | 3 | 8/28/2024 | 292 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 1874 | WHB 638 | 24-CV-05116 | 3,6 | 8/28/2024 | 292 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1876 | WHB 1469 | 24-CV-05123 | 4,6 | 8/28/2024 | 292 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride, as well as Exhibit A, a screenshot of her complaint to Uber about the subject ride and Uber's response to her complaint. Per PTO 5, |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1879 | WHB 510 | 24-CV-05278 | 3,6 | 8/30/2024 | 290 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1882 | WHB 491 | 24-CV-05268 | 4,6 | 8/30/2024 | 290 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride, as well as Exhibit A, a screenshot of her complaint to Uber about the subject ride and Uber's response to her complaint. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1883 | WHB 644 | 24-CV-05272 | 2 | 8/30/2024 | 290 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2)(B), Plaintiff must provide an explanation as to why the information is |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her responses to questions (1) and (6), Plaintiff no longer has access to her account. Plaintiff has provided an explanation as to why the information in 2(B) is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 1885 | WHB 1549 | 24-CV-05275 | 2 | 8/30/2024 | 290 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2)(B), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her responses to questions (1) and (6), Plaintiff no longer has access to her account. Plaintiff has provided an explanation as to why the information in 2(B) is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 1887 | WHB 500 | 24-CV-05238 | 4,6 | 8/30/2024 | 290 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 1926 | WHB 1272 | 24-CV-05366 | 2 | 9/2/2024 | 287 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her response to question (1), the Uber ride at |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | issue was ordered by someone else. Plaintiff provided an explanation as to why the information in 2(B) and 2(C) is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 1947 | WHB 1021 | 24-CV-05466 | 3 | | 9/3/2024 | 286 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 1963 | WHB 1930 | 24-CV-05555 | 2 | | 9/4/2024 | 285 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2)(B), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her responses to questions (1) and (6), Plaintiff no longer has access to her account. Plaintiff has provided an explanation as to why the information in 2(B) is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 1968 | WHB 1613 | 24-CV-05574 | 3 | | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 1985 | WHB 406 | 24-CV-05560 | 3,4 | | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the approximate starting and exact ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 1988 | WHB 1414 | 24-CV-05495 | 2 | 9/3/2024 | 286 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2)(B), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her responses to questions (1) and (6), Plaintiff no longer has access to her account. Plaintiff has provided an explanation as to why the information in 2(B) is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 2055 | WHB 1324 | 24-CV-05561 | 4 | 9/4/2024 | 285 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | information that should assist Defendants in identifying the ride. |
| 2057 | WHB 1677 | 24-CV-05556 | 2 | 9/4/2024 | 285 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Not only did Plaintiff answer that she does not know the email address of the accountholder, she also provided an explanation as to why that information is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. |
| 2059 | WHB 1020 | 24-CV-05558 | 4 | 9/4/2024 | 285 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2061 | WHB 1860 | 24-CV-05568 | 3 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2064 | WHB 1010 | 24-CV-05773 | 2,3,4 | 9/6/2024 | 283 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be |

| | | | | | | entered, only numbers. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Not only did Plaintiff answer that she does not know the phone number and email address of the accountholder, she also provided an explanation as to why that information is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. <br><br> #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the date of the ride, with as much precision as possible as stated above and (3) the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5. <br><br> #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the approximate date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2066 | WHB 1484 | 24-CV-05779 | 3,4,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the approximate starting and exact ending location of the ride, as required by PTO 5. <br><br> #4: Plaintiff has disclosed the starting and ending location of the ride with as much |

| | | | | | | precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
|---|---|---|---|---|---|---|
| 2069 | WHB 342 | 24-CV-05784 | 3,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2070 | WHB 1659 | 24-CV-05565 | 3,6 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |

| 2071 | WHB 345 | 24-CV-05766 | 2 | 9/6/2024 | 283 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Not only did Plaintiff answer that she does not know the phone number and email address of the accountholder, she also provided an explanation as to why that information is not readily accessible in her response to question (6), as required by PTO 5, page 3, lines 2 – 4. Plaintiff has disclosed (2) the name of the accountholder who ordered the ride, (3) the date of the ride and (4) the exact starting and ending location of the ride, as required by PTO 5. |
|------|---------|-------------|---|----------|-----|-----|
| 2074 | WHB 498 | 24-CV-05769 | 3,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2079 | WHB 1604 | 24-CV-05958 | 3 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2127 | WHB 1273 | 24-CV-05950 | 3,4,6 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the year of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision and also explained why the receipt is not available in response to question (1). |
| 2128 | WHB 885 | 24-CV-05952 | 3,6 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | #6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2131 | WHB 1417 | 24-CV-05977 | 4,6 | 9/9/2024 | 280 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2136 | WHB 1943 | 24-CV-05598 | 4,6 | 9/4/2024 | 285 | #4: Plaintiff has disclosed the exact starting and ending location of the ride, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2150 | WHB 393 | 24-CV-05633 | 3 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |

| 2151 | WHB 338 | 24-CV-05635 | 4 | 9/4/2024 | 285 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
|---|---|---|---|---|---|---|
| 2152 | WHB 349 | 24-CV-05636 | 3,4 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2153 | WHB 359 | 24-CV-05610 | 3 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2158 | WHB 1552 | 24-CV-05599 | 3,4 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2160 | WHB 1449 | 24-CV-05587 | 3,6 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |

| 2172 | WHB 658 | 24-CV-07869 | 3,4 | 9/6/2024 | 203 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), In addition, Plaintiff has produced exhibit A, a screenshot of the Uber driver at issue's Facebook profile. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information, including through exhibit A, that should assist Defendants in identifying the ride. |
| 2173 | WHB 1003 | 24-CV-05616 | 3,6 | 9/4/2024 | 285 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2176 | WHB 1611 | 24-CV-05665 | 3,6 | 9/5/2024 | 284 | #3: Plaintiff provided the date of the ride with as much precision as reasonably |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2 the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2178 | WHB 602 | 24-CV-05666 | 4,6 | 9/5/2024 | 284 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2180 | WHB 1556 | 24-CV-05986 | 3,6 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |

| 2181 | WHB 1844 | 24-CV-05697 | 4,6 | 9/5/2024 | 284 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
|---|---|---|---|---|---|---|
| 2186 | WHB 505 | 24-CV-05709 | 3,6 | 9/5/2024 | 284 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2187 | WHB 1142 | 24-CV-05712 | 3,6 | 9/5/2024 | 284 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |

| 2188 | WHB 1295 | 24-CV-05713 | 4,6 | 9/5/2024 | 284 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
|------|----------|-------------|-----|----------|-----|---|
| 2191 | WHB 647 | 24-CV-05703 | 2,3,6 | 9/5/2024 | 284 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2), Plaintiff must provide an explanation as to why the information is not readily ascertainable. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Plaintiff answered that she does not know the email address of the accountholder, and she also provided an explanation as to why the ride receipt is not available in response to question (1).<br><br>#3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name and phone number of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2196 | WHB 871 | 24-CV-05770 | 3,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably |

| | | | | | | possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
|---|---|---|---|---|---|---|
| 2197 | WHB 503 | 24-CV-05774 | 3,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2198 | WHB 413 | 24-CV-05782 | 4,6 | 9/6/2024 | 283 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has produced exhibit A, Uber Trip History, which shows the map of the ride at issue, including pick up and drop off date and time. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | #6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2199 | WHB 1317 | 24-CV-05791 | 3,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2202 | WHB 695 | 24-CV-05799 | 3,4,6 | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | #6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2203 | WHB 1927 | 24-CV-05802 | 4 | | 9/6/2024 | 283 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2204 | WHB 1597 | 24-CV-05801 | 3 | | 9/6/2024 | 283 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2205 | WHB 520 | 24-CV-05954 | 3,6 | | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2206 | WHB 991 | 24-CV-05959 | 3,6 | | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2207 | WHB 884 | 24-CV-05948 | 3,6 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2209 | WHB 1671 | 24-CV-05953 | 3,4 | 9/9/2024 | 280 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (1) why the ride receipt is not available, (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2850 | WHB 2060 | 25-CV-01092 | 3 | 2/17/2025 | 119 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2851 | WHB 2061 | 25-CV-01095 | 4,6 | 2/17/2025 | 119 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2853 | WHB 2062 | 25-CV-01098 | 3 | 2/17/2025 | 119 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |

| 2855 | WHB 2064 | 25-CV-01101 | 4,6 | 2/17/2025 | 119 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
|---|---|---|---|---|---|---|
| 2857 | WHB 2066 | 25-CV-01121 | 3,4 | 2/18/2025 | 118 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, phone number, and email address of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2859 | WHB 2067 | 25-CV-01122 | 3 | 2/18/2025 | 118 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 –28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2862 | WHB 2071 | 25-CV-01130 | 4,6 | 2/18/2025 | 118 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2863 | WHB 2072 | 25-CV-01140 | 2 | 2/18/2025 | 118 | #2: Per PTO 5, if any items (2) through (5) cannot be provided at all, as is the case here with 2(B), Plaintiff must provide an explanation as to why the information is not readily ascertainable. *Note that item 2(B) does not allow for words to be entered, only numbers. Plaintiff provided an explanation as to why she cannot list the phone number of the accountholder in question (6), as required by PTO 5, page 3, lines 2 – 4.<br><br>Plaintiff has disclosed (2) the name and email address of the accountholder who ordered the ride, (3) the date of the ride and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2865 | WHB 2074 | 25-CV-01145 | 2,6 | 2/18/2025 | 118 | #2: Per PTO 5, if items (2) through (5) cannot be provided at all, as is the case here in (2)(A), Plaintiff must provide an explanation as to why the information is not readily ascertainable. As stated in her response to question (1), the Uber ride at issue was ordered by someone else. Plaintiff has provided all the information |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | she knows with regard to the accountholder, including the first name, phone number, and email address. Plaintiff has also explained why the ride receipt is not available in response to question (1).<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2870 | WHB 2079 | 25-CV-01154 | 3 | 2/18/2025 | 118 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2874 | WHB 2082 | 25-CV-01177 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2876 | WHB 2084 | 25-CV-01179 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2877 | WHB 2085 | 25-CV-01183 | 4,6 | 2/19/2025 | 117 | #4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name, email address, and phone number of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2878 | WHB 2036 | 25-CV-01180 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2880 | WHB 2038 | 25-CV-01196 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2884 | WHB 2041 | 25-CV-01206 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ending location of the ride, as required by PTO 5. |
| 2885 | WHB 2043 | 25-CV-01207 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5 |
| 2887 | WHB 2037 | 25-CV-01189 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2892 | WHB 2048 | 25-CV-01216 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2 the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2896 | WHB 2051 | 25-CV-01226 | 3, 6 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2898 | WHB 2052 | 25-CV-01229 | 3 | | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2900 | WHB 2054 | 25-CV-01244 | 3 | | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |
| 2902 | WHB 2055 | 25-CV-01245 | 3,4 | | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and approximate ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the |

| | | | | | | |
|---|---|---|---|---|---|---|
| | | | | | | name, email address, and phone number of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride. |
| 2903 | WHB 2056 | 25-CV-01246 | 3,4,6 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and approximate ending location of the ride, as required by PTO 5.<br><br>#4: Plaintiff has disclosed the starting and ending location of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4, pages 2-3. In addition, Plaintiff has disclosed the name of the accountholder who ordered the ride and the date of the ride. Per PTO 5, paragraph 4, item (5), Plaintiff has provided significant additional basic information that should assist Defendants in identifying the ride.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |
| 2904 | WHB 2057 | 25-CV-01247 | 3 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5. |

| 2906 | WHB 2059 | 25-CV-01255 | 3,6 | 2/19/2025 | 117 | #3: Plaintiff provided the date of the ride with as much precision as reasonably possible, as required by PTO 5, paragraph 4 at lines 27 – 28. Plaintiff has also disclosed (2) the name, phone number, and email address of the accountholder who ordered the ride, (3) the date of the ride, with as much precision as possible as stated above and (4) the exact starting and ending location of the ride, as required by PTO 5.<br><br>#6: This question is not applicable as Plaintiff has provided items (2) through (5) with precision. |

There are no deficiencies in the Ride Information Forms for the cases listed above. Each of the above-listed plaintiffs' Ride Information Forms are in compliance with PTO 5 and 10.

Please let me know when you are available to meet and confer as many of these plaintiffs are listed in Exhibit A to Uber's July 30 Motion for Entry of Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Ride Receipts Should Not Be Dismissed With Prejudice.

Very truly yours,

**WILLIAMS HART & BOUNDAS, LLP**

Margret E. Lecocke