[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF (1) AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) A CASE MANAGEMENT ORDER ADDRESSING CERTAIN PLAINTIFFS WHO HAVE NOT SUBMITTED RECEIPTS** |
| This Document Relates to:<br><br>All Cases | Judge: Hon. Charles R. Breyer<br>Date: TBD<br>Time: TBD<br>Courtroom: 6 – 17th Floor |

**INTRODUCTION**

There is no dispute on the fundamentals here. *First*, fraud has no place in this MDL. Particularized allegations of fraud must be taken seriously, investigated, and resolved. *Second*, verification that alleged rides occurred is important both in defining the nature and number of claims against Uber and in permitting the efficient production of evidence. PTO 5 does not set out a process for dealing with the kinds of deficiencies Uber alleges here; the Court should establish one.

As to the ride receipts Uber says are fraudulent, the Court should order the parties to meet and confer in good faith and, if the issue is not resolved, Plaintiffs and Uber to provide more information. Plaintiffs should affirm the ride receipt is genuine or otherwise explain the discrepancies that Uber identifies. But Uber, too, should declare that it cannot locate the ride at issue, and detail the process it has used. Once the Court has received those submissions, if it finds actual, intentional fraud, then it should take appropriate action, which may include dismissal with or without prejudice.

As to "missing" or "boilerplate" explanations in lieu of ride receipts, Plaintiffs agree PTO 5 should be modified to provide for an orderly process for Uber to challenge missing or boilerplate explanations for missing ride receipts. But Uber's proposed order is piecemeal, one-sided, and inefficient. The Court should establish an orderly process, similar to how PTO 10 treats disputes over fact sheets, for Uber to raise asserted deficiencies and, if they cannot be resolved, for Uber to move to dismiss with sufficient factual support to enable the Court to take appropriate action.

**ARGUMENT**

**I.     In cases involving alleged fraud, the Court should order both parties to provide additional information.**

Plaintiffs take allegations of fraud seriously. Such claims should be promptly and fully investigated. Should the Court determine fraud has occurred, it should take appropriate action, which may include dismissal. But the investigation needs to be a two-way street: Plaintiffs should affirm that the ride receipt is genuine, or otherwise explain the situation; and Uber should declare

- 2 -

that it cannot locate the ride at issue, and detail the process it undertook to reach that determination. The Court should order the parties to meet and confer and then, if the issue is not resolved, both the affected Plaintiffs and Uber to provide additional information within 14 days after concluding discussions. Upon receiving all of the evidence, then, but only then, should the Court issue a show-cause dismissal order, if the Court deems that sanction potentially appropriate.

### II. The Court should modify PTO 5 to provide a procedure for raising and exploring missing or boilerplate ride receipt responses.

Uber identifies 90 Plaintiffs it says provided either "no reason" or "only a boilerplate reason" for failing to locate a ride receipt, and proposes a special PTO requiring more of those Plaintiffs. Plaintiffs agree that PTO 5 should be modified to address Uber's concerns. But Uber's proposal is piecemeal, one-sided, and inefficient.

It bears emphasis upfront that the point of PTO 5 was not to compile a database of ride receipts, but instead to allow Uber to identify the trip. And PTO 5 implicitly recognized that there are many reasons why a plaintiff may not be able to locate a ride receipt. Many plaintiffs were allegedly assaulted during rides ordered by someone else. Some may have lost access to their Uber account. Some may have been prevented from finding a ride receipt because Uber deletes such receipts after a certain amount of time. Those kinds of circumstances are why PTO 5 anticipated other means to allow Uber to identify the ride at issue. Specifically, in cases "where a receipt is not readily available," the Plaintiff must disclose the reason why as well as other, fairly specific, information about the ride. *See* PTO 5 at 2-3.

Given the importance of identifying the rides at issue, the Court should modify PTO 5 to provide a process for raising, investigating, and resolving alleged missing or boilerplate ride receipt explanations. It does not make sense to set out a special procedure applicable only to these 90 Plaintiffs, since this issue may recur. The Court should order that:

- If a Plaintiff has failed to produce a ride receipt and has provided either no explanation or boilerplate (i.e., identical to others submitted by other plaintiffs represented by the same attorney) for not doing so, Uber may may serve on Plaintiff (if *pro se*) or Plaintiff's counsel via MDL Centrality, a "Notice of Overdue Discovery" identifying that the bona fide ride receipt

is overdue and stating that, unless the Plaintiff complies with its PTO 5 obligations, the case may be subject to dismissal.

- No sooner than 30 days after serving the Notice of Overdue Discovery, if the parties are unable to resolve the dispute after meeting and conferring where the parties exchange necessary information to investigate the issue, Uber may file a motion to dismiss the case without prejudice. As part of its motion, Uber must file a declaration stating what efforts it undertook to locate the ride.

- If after Uber files the motion, the Plaintiff complies with its obligations under Section 4 of this Order, Uber will stipulate to withdraw its motion to dismiss.

This orderly process both addresses Uber's concerns and ensures the Court will not be burdened with dismissal motions unless (1) there is a real deficiency; (2) the deficiency has not been cured after meeting and conferring, and (3) the deficiency is material, i.e., Uber cannot locate the ride.

## **CONCLUSION**

For these reasons, Defendants' requested relief should be denied, but the Court should take the alternative actions described above. The Court should give the parties guidance on what a modified PTO 5 should provide and then direct the parties to submit joint or competing proposals within 7 days.

Dated: August 27, 2025                    Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111

Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated:  August 27, 2025                              By:      */s/ Andrew R. Kaufman*
                                                                    Andrew R. Kaufman