**CHAFFIN LUHANA LLP**
Roopal P. Luhana (Pro Hac Vice)
Chaffin Luhana LLP
600 Third Ave., 12th Fl.
New York, NY 10016
Telephone: 888.480.1123
Facsimile: 888.499.1123
Email: luhana@chaffinluhana.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**CHAFFIN LUHANA LLP'S OPPOSITION TO UBER'S MOTION FOR ENTRY TO SHOW CAUSE** |
| This Document Relates to:<br><br>ALL CASES | Judge: Hon. Charles R. Breyer<br>Date: September 19, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

**INTRODUCTION**

Chaffin Luhana LLP individually joins the larger Plaintiff Steering Committee's opposition to Defendants' motion seeking (1) an Order to Show Cause regarding alleged "non-bona fide" ride receipts and (2) a new Case Management Order concerning certain Plaintiffs who have not produced receipts. (ECF No. 3604.) Further, Chaffin Luhana LLP respectfully opposes Defendants' motion specifically naming Chaffin Luhana's clients, MDL ID 3038 and MDL ID 3425, for alleged ride-receipt deficiencies.[1] (ECF No. 3604-42.)

On July 30, 2025, the parties met and conferred regarding Uber's motion related to potentially non-bona fide ride receipts. *See* August 27, 2025 Declaration of Roopal P. Luhana, Esq., attached hereto. During that meet and confer, Uber raised specific concerns about Plaintiffs 3038's and 3425's ride receipts. Upon learning this, undersigned counsel requested additional time to investigate Uber's allegations and to speak with the Plaintiffs to discuss what Uber shared for the first time during the meet and confer. *Id.* Counsel further asked Uber to provide information about any steps it took to locate the disputed receipts and/or rides on its platform. *Id.* Uber rejected both requests and filed its Motion for an Order to Show Cause (ECF No. 3604), which included Plaintiffs 3038 and 3425, hours later. *Id.*

Plaintiffs' counsel recognizes the importance of bona fide ride receipts and takes Uber's allegations of particularized fraud seriously. The issues that Uber raises with Plaintiffs' 3038 and 3425 ride receipts, however, are not facially apparent and Plaintiffs' counsel would like the opportunity to have reasonable time to discuss these issues with the Plaintiffs. Unfortunately, the undersigned counsel has been unable to get in touch with the Plaintiffs to discuss what Uber has raised about their ride receipts despite multiple attempts. (ECF Nos. 3689-1, 3690-1.) As a result, Plaintiffs' counsel sought to withdraw as counsel which the Court denied in light of the Order to Show Motion. (ECF No. 3759.)

Accordingly, for the reasons set forth herein, undersigned counsel respectfully requests that this Court deny Defendants' Motion for an Order to Show Cause and allow Plaintiffs' counsel an additional 45 days to attempt to get in contact with Plaintiffs to potentially resolve these discrepancies.

---

[1] The Court previously denied Chaffin Luhana LLP's Motions to Withdraw as Counsel (ECF Nos. 3689, 3690) without prejudice pending the outcome of Uber's Motion for an Order to Show Cause. ECF No. 3759.

### I. UBER DID NOT ALLOW PLAINTIFFS ADEQUATE TIME TO RESOLVE ALLEGED DISCREPANCIES THAT ARE NOT READILY APPARENT

Uber 's motion names Plaintiffs 3425 and 3038 as examples of "Receipts with Math Errors and Other Internal Inconsistencies" to highlight alleged discrepancies. ECF No. 3604 at 5-6.

Uber claims that Plaintiff 3425's receipt's numbers "add up to $14.49, but the listed "Total" is $14.99." *Id.* at 5.

**Ex. 5 (MDL ID 3425)**

Listed Total = $14.99
Actual Total = $14.49

| | |
|---|---|
| Total | $14.99 |
| Trip fare | $13.25 |
| Subtotal | $13.25 |
| Marketplace Fee | $3.14 |
| Promotion | -$3.25 |
| Access for All Fee | $0.10 |
| CA Driver Benefits | $1.25 |

Uber cites to a small numeric discrepancy as its basis for fraud, contending that Plaintiff 3425's ride receipt is fraudulent because it reflects a surcharge or benefit of a different state, and that it has a timestamp error. *Id.* at 6. At the time of filing, Plaintiffs' counsel did not have definitive knowledge of how Uber allocates or applies benefit fees, applies its general or state-based charging practices, or how Uber applies its Uber Cash and split payment contributions. Plaintiffs' counsel became aware after Uber filed its motion and provided a declaration confirming some of its practices. *Id.* at 6; ECF No. 3604-38; ECF No. 3604-39.

Similarly, Uber contends that Plaintiff 3038's ride receipt lists a total of "36.79" when the actual total is "$37.15" as a basis for fraud. ECF No. 3604 at 6.

Below, the numbers add up to $37.15, but the listed "Total" is $36.79.

Ex. 7 (MDL ID 3038)

Listed Total = $36.79
Actual Total = $37.15

| | |
|---|---|
| Total | $36.79 |
| Trip fare | $31.56 |
| Subtotal | $31.56 |
| Booking Fee | $5.23 |
| Wait Time | $2.14 |
| Promotion | -$2.14 |
| Texas Regulatory Recovery Fee | $0.36 |

These very issues are at the heart of why Plaintiffs sought to meaningfully meet and confer with Uber to effectively resolve these issues without Court involvement, particularly because Uber has done so historically in this litigation (with Uber's previous counsel).[2]

On July 30, 2025, the parties met and conferred regarding Uber's motion related to non-bona fide ride receipts. *See* August 27, 2025 Declaration of Roopal P. Luhana, Esq. Plaintiffs sought to use this meet and confer as an opportunity to learn from Uber about its ride receipt processes and details, alleged issues, and then speak with the respective Plaintiffs regarding the issues that Uber raised. During the meet and confer, Plaintiffs' counsel asked Uber's counsel questions regarding what searches Uber did to verify (or not verify) the ride receipts at issue existed in its system. Unfortunately, Uber did not agree to provide such information and did not agree to provide counsel time to investigate these issues further and communicate with the Plaintiffs regarding the same.

Previously, the parties worked together to resolve a case regarding ride receipt issues after meeting and conferring and gathering additional details from Uber's system and what it could verify (or not verify). Plaintiffs were similarly unaware here of what circumstances and facts Uber was able to uncover as the custodians of its data. Bu, unfortunately, Uber's counsel declined to do so here.

---

[2] Under Local Rule 37-1, if a dispute arises during a discovery event the parties *must attempt to resolve the matter without judicial intervention by conferring in good faith*. L. R. 37-1(b)(emphasis added).

Chaffin Luhana's only solution to address the issues Uber raised in its motion was to speak with their clients to attempt to resolve the alleged ride receipt deficiencies and understand the circumstances. Counsel attempted to communicate with these Plaintiffs during the limited time period afforded. Unfortunately, counsel was unable to speak with these Plaintiffs despite outreach efforts, resulting in Chaffin Luhana filing motions to withdraw. (ECF Nos. 3689, 3690.)

Therefore, the undersigned respectfully requests that the Court allow counsel 45 days to attempt to contact each respective Plaintiff to resolve these alleged deficiencies.  Without the ability to meaningfully speak with these Plaintiffs about the issues Uber has raised, counsel cannot meaningfully respond to Uber's motion.

## CONCLUSION

For the reasons described herein, Uber's motion should be denied to allow Plaintiffs' counsel an additional 45 days to attempt to get in contact with Plaintiffs to resolve these discrepancies.

Dated: August 27, 2025

Respectfully Submitted,

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

Roopal P. Luhana, Esq. phv
Steven D. Cohn, Esq. phv
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com
cohn@chaffinluhana.com

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Roopal P. Luhana*
Roopal P. Luhana