|   |   |
|---|---|
| 1 | C. Brooks Cutter (SBN 121407) |
| 2 | Jennifer S. Domer (SBN 305822)<br>Celine Cutter (SBN 312622) |
|   | **CUTTER LAW P.C.** |
| 3 | 401 Watt Avenue<br>Sacramento, CA 95864 |
| 4 | Telephone: 916-290-9400<br>Facsimile: 916-588-9330 |
| 5 | Email: bcutter@cutterlaw.com |
|   | jdomer@cutterlaw.com |
| 6 | ccutter@cutterlaw.com |

*Attorneys for ROE CL Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-md-03084-CRB |
|---|---|
|  | Hon. Charles R. Breyer |
| This Document Relates to: | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION FOR ORDER TO SHOW CAUSE AND CASE MANAGEMENT ORDER** |
| *Jane Roe CL 32 v. Uber Technologies, Inc., et al., No. 3:24-cv-05596-CRB* |  |
| *Jane Roe CL 36 v. Uber Technologies, Inc., et al., No. 3:24-cv-05720-CRB* | Date:  September 19, 2025<br>Time:  10:00 a.m.<br>Courtroom:  6 – 17th Floor |
| *Jane Roe CL 42 v. Uber Technologies, Inc., et al., No. 3:24-cv-05740-CRB* |  |
| *Jane Roe CL 45 v. Uber Technologies, Inc., et al., No. 3:24-cv-05746-CRB* |  |
| *Jane Roe CL 61 v. Uber Technologies, Inc., et al., No. 3:24-cv-05850-CRB* |  |
| *Jane Roe CL 78 v. Uber Technologies, Inc., et al., No. 3:24-cv-07584-CRB* |  |
| *Jane Roe CL 82 v. Uber Technologies, Inc., et al., No. 3:24-cv-08522-CRB* |  |
| *Jane Roe CL 143 v. Uber Technologies, Inc., et al., No. 3:25-cv-03260-CRB* |  |

## I. INTRODUCTION

On July 30, 2025, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a bona fide trip receipt and asks for a new case management order for those that have not produced them. (Doc. 3604). While Counsel has two Plaintiffs listed as having produced receipts that were deemed not genuine, Counsel has not been able to communicate with those claimants and cannot address their authenticity or origin.

However, Counsel has six Plaintiffs identified on Exhibit 25 of Laura Vartain Horn's Declaration, which Defendants have vaguely indicated as "boilerplate," thereby requesting the court to issue an extensive and burdensome case management order to address these issues, asking Plaintiffs to go above and beyond what is requested in Pretrial Order 5 ("PTO 5"). (Doc. 3604-37). Plaintiffs have satisfied their initial burden under PTO 5 and routinely work to try to provide information to assist Defendants with locating the referenced ride, even through the production of an Amended PTO 5 form. Counsel should be allowed to continue to work with Plaintiffs to cure particular parts of the ride information form that is deemed deficient, rather than having them subjected to dismissal.

## II. ARGUMENT

As indicated above, Counsel has not been able to communicate with Plaintiffs MDL ID 3286 or 2103. Therefore, the authenticity or origin of the trip receipts provided to our firm could not be discussed with the clients and I am thereby not able to speak as to whether any additional evidence exists, or statements can be produced.

However, Counsel does take issue with six Plaintiffs listed on Exhibit 25 to the Declaration of Laura Vartain Horn, which were listed as "having provided boilerplate reasons – or not at all – for not providing a receipt." (Doc. 3604 at pg. 14). When Plaintiffs complete the PTO 5 form, they indicate why they cannot produce a trip receipt but also any additional information that may be helpful to the Defendants to locate the ride.

Defendants then produce a Defendant Fact Sheet indicating whether they have been able to locate the account and whether the ride has also been located. Of the six Plaintiffs on this list, Defendants indicated that they were not able to locate the account of three, which then became

two after Plaintiff MDL ID 2091 submitted additional information via an Amended Ride Information Form to help them locate the account. (Domer Decl. at ¶ 6-7).

Plaintiffs change numbers, email addresses, and can create new accounts on the Uber app. Counsel work with Plaintiffs to determine which account it may have been, or the information needed to help Uber identify the ride. Counsel therefore uses Plaintiff MDL ID 2091, referenced in the previous paragraph, as an example in that it had the same exact email listed in the Amended PTO 5 Form, but with a different phone number. Uber was then able to locate an account but not the ride. Counsel references this particular client as an illustrative of the difficulty in recalling changed numbers or emails, but that Plaintiffs are willing and able to work to obtain the information. It is not clear to Counsel how a more detailed explanation of their inability to locate the receipt will therefore help Uber identify the ride.

Additionally, looking at MDL Centrality, it does not appear that all six Plaintiffs listed on this Motion were even given notice as to the deficiency of their PTO 5 forms. Three Plaintiffs, MDL ID 2091, 2106, and 2123 received an deficiency notice on July 17, 2025 via MDL Centrality, to which Defendants then filed this Motion thirteen days later. (Domer Decl. at ¶ 8-9). Given the difficulty it can be for Plaintiffs to recall additional details from long ago or for them to search back for information from closed emails, phone numbers, or friends, thirteen days is hardly enough time to try to cure a deficiency notice before they are subject to a dismissal.

Whereas Plaintiffs, MDL ID 2095, 2682, and 2703 were not even afforded any deficiency notice process through MDL Centrality that their PTO 5 forms were deficient, and Defendants' email on July 22, 2025, notifying leadership and Counsel, that they would bring this motion was the first we heard from Defendants that the information provided on the PTO 5 forms for these Plaintiffs was "boilerplate," or deemed deficient. (Domer Decl. at ¶ 10). These Plaintiffs at the very least should not be subject to this Motion and should be removed from consideration entirely.

Lastly, Defendants have not articulated in their motion why having a more detailed explanation from Plaintiff would help them identify rides, or at the very least, why this merits a

1  dismissal of their cases. Plaintiffs have completed the sections provided in the PTO 5 forms, some
2  through an Amended PTO 5 form.

### III. CONCLUSION

The inclusion of the Plaintiffs, MDL ID 2091, 2106, 2123, 2095, 2682, and 2703, in Defendants request to dismiss their case should be denied. Plaintiffs have complied with their initial burden under PTO 5, thereby not meriting dismissal. In the alternative, the Court should allow Plaintiffs an actual opportunity to cure claims deemed needing additional information, especially for those claims that have received no reasonable notice as to their deficiency.

Dated: August 27, 2025                    CUTTER LAW P.C.

By:  */s/ Jennifer S. Domer*

Jennifer S. Domer (SBN 305822)
C. Brooks Cutter (SBN 121407)
Celine Cutter (SBN 312622)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330
Email: bcutter@cutterlaw.com
       jdomer@cutterlaw.com
       ccutter@cutterlaw.com

*Attorneys for ROE CL Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on August 27, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: August 27, 2025                  CUTTER LAW P.C.

                                          By:  */s/ Jennifer S. Domer*

C. Brooks Cutter (SBN 121407)
Jennifer S. Domer (SBN 305822)
Celine Cutter (SBN 312622)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330
Email: bcutter@cutterlaw.com
       jdomer@cutterlaw.com
       ccutter@cutterlaw.com

*Attorneys for ROE CL Plaintiffs*