William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 134 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-03811-CRB<br><br>*Jane Doe LS 144 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-04388-CRB<br><br>*Jane Doe LS 365 v. Uber Technologies, Inc., et al.*, Case No. 3:23-CV-05237-CRB<br><br>*Jane Doe LSA 234 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05433-CRB<br><br>*Jane Doe LSA 191 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05573-CRB<br><br>*Jane Doe LSA 279 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05420-CRB | Case No. 3:23-md-03084-CRB<br><br>**LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR ENTRY OF (1) AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE AND (2) A CASE MANAGEMENT ORDER ADDRESSING CERTAIN PLAINTIFFS WHO HAVE NOT SUBMITTED RECEIPTS**<br><br>Judge: Hon. Charles R. Breyer<br>Date: September 19, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1. *Jane Doe LS 166 v. Uber Technologies, Inc., et al.,* Case No. 3:24-CV-05331-CRB

2. *John Doe LS 5 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05853-CRB

3. *Jane Doe LS 421 v. Uber Technologies, Inc., et al.,* Case No. 3: 24-cv-05941-CRB

4. *John Doe LS 4 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05861-CRB

5. *Jane Doe LS 423 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05676-CRB

6. *Jane Doe LS 430 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05743-CRB

7. *Jane Doe LS 209 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06033-CRB

8. *Jane Doe LS 125 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05982-CRB

9. *Jane Doe LS 369 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05915-CRB

10. *John Doe LS 3 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05760-CRB

11. *Jane Doe LS 189 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05379-CRB

12. *Jane Doe LS 441 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05751-CRB

13. *Jane Doe LS 593 v. Uber Technologies, Inc., et al.,* Case No. 3:25-cv-03269-CRB

14. *Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05930-CRB

15. *Jane Doe LS 397 v. Uber Technologies. Inc., et al.,* Case No. 3:24-cv-05864-CRB

I.     **INTRODUCTION**

The Levin Simes firm takes Uber's concerns with potentially fraudulent ride receipts very seriously. We have been on alert to this issue, and have refused to take cases where it appeared a potential client was offering a fraudulent ride receipt. We have never knowingly or intentionally submitted a false or forged receipt.

But, Uber's purported concern that this MDL is saturated with fraudulent claims is plainly overblown. Uber has tacitly acknowledged that it has received report of more than 100,000 *serious* cases of sexual assault on the platform.[1] And Uber acknowledges that as many as 80% of sexual assault incidents on the platform are not reported to it at all. But there are only ~3,100 cases filed in this MDL and the JCCP. (Dkt. 3722, p. 2.) That is 3% of the reported total, and less than 1% of the likely actual total. Yet Uber's motion identifies only 21 allegedly fraudulent receipts. The contention that these proceedings are so permeated with bogus claims that the court must do violence to due process is not supported by the record.

Additionally, Uber's docket management motions, warranted by its need to "wrap its arms around the problem," might make sense in the context of a problem that has come to an end, such as a toxic spill which has since been plugged and remediated. But Uber has done nothing to stop the problem of its drivers sexually assaulting passengers such that it could resolve its liability with the finality by way of docket management motions. This motion does far less to tie off Uber's liability than, for instance, requiring cameras in Uber cars. Until Uber has taken affirmative steps that stop the problem, it makes no sense to waste court time picking away at the margins of a problem that will only continue to balloon beneath it.

II.    **ARGUMENT**

As to the argument: Uber disingenuously merges two distinct issues -- the failure to provide any ride receipt and the provision of a fraudulent ride receipt -- and uses the latter to tarnish the former. These are plainly two distinct issues that merit separate attention.

---

[1] Steel, Emily, Uber's Festering Sexual Assault Problem, N.Y. TIMES (Aug. 6, 2025), available at https://www.nytimes.com/2025/08/06/business/uber-sexual-assault.html ("Ms. Nilles said that about 75 percent of the 400,181 reports were 'less serious'.")

A. **Uber has failed to establish that the accused LS ride receipts are "non-bona-fide."**

With respect to the issue of "non-bona-fide" receipts, Levin Simes has been aware of and vigilant against submitting any fraudulent receipts since the issue first came to our attention. Only two of the purportedly non-bona-fide receipts identified by Uber belong to Levin Simes clients; MDL IDs 1194 (Vartain Exh. 3) and 2350 (Exh. 11-B). Neither receipt bears overt indicia of fraud such as watermarks from a receipt-generation website. Instead, Uber takes issue with the duration of the ride stated on the receipt and various minor formatting issues. See Harrison Decl., p. 5-6 (1194); p. 17-18 (2350).

Uber has not explained how its "bona-fide" ride receipts are generated in detail, nor averred that there were never any bugs in the calculation of ride duration in the program or programs that generate the ride receipts from underlying ride data. Nor does Uber provide a declaration from an Uber employee with personal knowledge of the consistency of the formatting of Uber receipts over time or produced via different platforms, such as from an email or in the app. Instead, Uber's evidence of forgery comes entirely from an outside expert who performed a comparison analysis by looking only at unidentified and unpresented "actual receipts produced by Uber for other Plaintiffs' substantiated rides."

Uber, notably, does not represent that it is unable to locate a ride matching the account and trip information indicated by the "non-bona-fide" ride receipts.

Both Plaintiffs assure us their receipts are authentic, and that their assaults were real.

We have impressed upon these clients the importance of providing only an authentic receipt, and also the dangers of misrepresenting a fraudulent receipt as authentic, not only to themselves but also to the other clients of our firm, the other plaintiffs in this litigation, and innocent accused drivers. As it stands, these claims remain under investigation. We intend to continue meeting and conferring with Uber to develop the facts of these, and all our cases, to the degree called for by our ethical duties and necessary to resolve them. Those duties may ultimately include taking action such as withdrawing from representation or dismissing a claim where necessary. We do not believe the evidence presented by Uber yet calls for that kind of action.

//

**B.     The absence of a ride receipt is not proof of the absence of a claim.**

It is worth remembering that the purpose of the ride receipt requirement is to help Uber identify the driver and relevant ride information so as to help develop the factual record and resolution. There is no evidence that the Court intended to treat the plaintiff's provision of a ride receipt as *Lone Pine*-style proof of feasibility.[2] There are many reasons why someone assaulted by their Uber driver might not be able to provide a ride receipt, such as the ride being ordered by another person, losing access to the Uber account, or losing access to the email account or phone number tied to the ride request. The absence of a ride receipt is not tantamount to living upstream from a source of toxic runoff. A dismissal with prejudice is inappropriate where a plaintiff has sworn under oath they were sexually assaulted by their Uber driver. Unlike the slow accumulation of toxins in the blood stream, sexual assault is perfectly capable of being observed firsthand by the plaintiff. It is inappropriate to summarily dismiss sexual assault claims on this basis.

And Uber has not stated that it is incapable of identifying a ride without the receipt. Uber has in the past proven capable of identifying a ride when given approximate information concerning its starting location, destination, and the time of the ride. And the approximate information needed to identify a ride is not just near-approximate; Uber can look through the entire ride history of a provided account to find the ride (or rides) that meet the criteria recalled by Plaintiff. Where the account is unknown, Uber can find all rides that began or ended within an arbitrary distance from arbitrary points within an arbitrary period, and identify the accounts associated with those rides. It can partially anonymize those accounts to assist an unsure plaintiff in identifying the appropriate ride. It has made no attempt to do so, but instead has moved to shift the burden to the victim to remember the exact date of the incident, often some years later, in hopes it can artificially reduce its docket by circumventing due process.

That is not to disclaim our responsibility in providing relevant information where possible. We embrace that duty. Uber neglects to mention that in many of the cases identified on its chart of

---

[2] See *Lore v. Lone Pine Corp.*, No. L 33606–85, 1986 WL 637507, 1986 N.J.Super. LEXIS 1626 (N.J.Super.Ct.Law Div. Nov. 18, 1986); see also *Avila v. Willits Envtl. Remediation Tr.*, 633 F.3d 828 (9th Cir. 2011).

"boilerplate" deficiencies, Levin Simes plaintiffs did provide "other information that may assist Defendants in Identifying Ride," such as the name of the driver.

In some cases, and as explained in previous filings concerning incomplete fact sheets, we lose contact with clients after their claims are filed. Levin Simes remains engaged in serious efforts to reach unresponsive clients, many of whom filed cases years ago which were then stayed in coordination, and who have since changed addresses, emails, and phone numbers, to collect all relevant and required information. It is not always easy. We have engaged private investigators to locate clients who are in the wind, as is sometimes the case. Many sexual assault victims are targeted due to their perceived vulnerability and precarity, which often includes being unhoused.[3] Others may simply be momentarily reluctant to engage, but come around later. Uber has no evidence that any Levin Simes plaintiff has intentionally disregarded any court order to produce relevant information. Dismissal with prejudice is thus not warranted nor appropriate.

At the end of the day, no case can go to trial nor settle without the involvement of the plaintiff asserting the claim. Uber faces no risk from those cases where the plaintiff never resurfaces. And given Uber's failure to address the root of the problem, moribund cases will not be the reason Uber cannot close out this litigation with finality.

## III. CONCLUSION

In light of the foregoing, the Levin Simes plaintiffs respectfully request Uber's motion be denied.

//

//

//

//

---

[3] See National Sexual Violence Resource Center, *Sexual Violence & Housing Resource Collection*, NAT'L SEXUAL VIOLENCE RES. CTR. (last visited Aug. 27, 2025), https://www.nsvrc.org/sexual-violence-housing-resource-collection.

4

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR ENTRY

1 | DATED: August 27, 2025

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*

William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on August 27, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin