# M. Premo-Hopkins Reply Decl. Exhibit 4

| | |
|---|---|
| **From:** | Premo-Hopkins, Mark W. |
| **Sent:** | Thursday, August 21, 2025 10:07 AM |
| **To:** | Roopal Luhana |
| **Cc:** | Vartain, Laura; Sarah London; Rachel Abrams; Andrew Kaufman; Steven Cohn; Larsen, Beth; Davidson, Jessica |
| **Subject:** | RE: Uber's Motion For Enforcement of the Protective Order |

Thanks, Roopal. Here is a proposed alternative with some minor changes.

We maintain that we will ultimately need to obtain certifications from all counsel on the plaintiffs' side that had access to the materials.

I can be available to discuss starting at 3:30 PT / 6:30 ET today. If that times works, can you please circulate an invite?

*****UBER DRAFT*****

- Each PSC law firm with access to MDL shared document and work product depositories will conduct an investigation and report to Uber's counsel by email the following:

    - I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

    - ~~I do not have information suggesting that that any individual identified in paragraph 1 shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly~~. **I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way - either directly or indirectly - in sharing confidential information with the New York Times**.

        OR

    - The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times and then describe the circumstances of such disclosure.

- Reports to Uber's counsel at [email address] are due by [insert reasonable date].

**Mark Premo-Hopkins, P.C.**
_____
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco
**T** 415 439 1910

1

M 312 497 6606

he / him / his
mark.premohopkins@kirkland.com

From: Roopal Luhana <Luhana@chaffinluhana.com>
Sent: Wednesday, August 20, 2025 12:14 PM
To: Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
Cc: Vartain, Laura <laura.vartain@kirkland.com>; Sarah London <slondon@girardsharp.com>; Rachel Abrams <rabrams@peifferwolf.com>; Andrew Kaufman <akaufman@girardsharp.com>; Steven Cohn <cohn@chaffinluhana.com>; Roopal Luhana <Luhana@chaffinluhana.com>
Subject: Re: Uber's Motion For Enforcement of the Protective Order

**This message is from an EXTERNAL SENDER**
Be cautious, particularly with links and attachments.

Thank you for your e-mail Mark. I'm available for a call tomorrow to discuss the matter further. However, as I mentioned to Laura yesterday and noted in my emails last week, we should have met and conferred before the Defendants filed the Motion to Enforce the Protective Order. We believe the Defendants should withdraw their Motion since the proper meeting and conferring process was not followed.

To address your concerns, MDL Leadership is willing to agree to the following:

- Each PSC law firm with access to MDL shared document and work product depositories will conduct an investigation and report to Uber's counsel by email the following:

    o I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

    o Following reasonable investigation, I do not have information suggesting that that any individual identified in paragraph 1 shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly.

      OR

    o The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times and then describe the circumstances of such disclosure.

- Reports to Uber's counsel at [email address] are due by [insert reasonable date].

We believe this proposal adequately addresses the concerns raised.

Best,
Roopal

2

**Roopal Luhana | Partner**
**E:** Luhana@chaffinluhana.com
**P:** (347) 269-4461

**Serving clients nationwide with offices in CT, NY, PA, and WV.**



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 600 Third Ave., 12th Flr. New York, NY 10016

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Sent:** Tuesday, August 19, 2025 4:07 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Vartain, Laura <laura.vartain@kirkland.com>
**Subject:** Re: Uber's Motion For Enforcement of the Protective Order

Roopal - apologies for the delay in getting back to you. I was traveling internationally for work and did not get a chance to circle back.

I am happy to connect to discuss. I understand from Laura Vartain that you have a proposal for what plaintiffs' leadership counsel would be willing to do. Please send that along in advance.

Copying Laura here for visibility.

Are you available to discuss tomorrow or Thursday?

**Mark Premo-Hopkins, P.C.**
----------------------------------------
**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2706
**M** +1 312 497 6606
**F** +1 312 862 2200

3

he / him / his
mark.premohopkins@kirkland.com

On Aug 14, 2025, at 6:28 PM, Roopal Luhana <Luhana@chaffinluhana.com> wrote:

Hi Mark, I left you a VM on your cell and work line today to discuss above. Can you please give me a call when you get a chance? Thanks.

Best,
Roopal


**Roopal Luhana | Partner**
**E:** Luhana@chaffinluhana.com
**P:** (347) 269-4461

**Serving clients nationwide with offices in CT, NY, PA, and WV.**



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

  

**Mailing Address:**
Chaffin Luhana LLP 600 Third Ave., 12th Flr. New York, NY 10016

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.