# M. Premo-Hopkins Reply Decl.

# Exhibit 7

| | |
|---|---|
| **From:** | Premo-Hopkins, Mark W. |
| **To:** | Roopal Luhana |
| **Cc:** | Vartain, Laura; Sarah London; Rachel Abrams; Andrew Kaufman; Steven Cohn; Larsen, Beth; Davidson, Jessica; Carden, Alanna Ruth |
| **Subject:** | Re: Uber"s Motion For Enforcement of the Protective Order |
| **Date:** | Friday, August 22, 2025 3:42:02 PM |
| **Attachments:** | Uber - DRAFT Motion for New Hearing Date(127354656.4).docx |

Now with attachment.

**Mark Premo-Hopkins, P.C.**

------------------------------------------------
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco
**T** 415 439 1910
**M** 312 497 6606
------------------------------------------------
he / him / his
mark.premohopkins@kirkland.com

> On Aug 22, 2025, at 4:40 PM, Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:
>
>  Counsel -
>
> In further follow-up to our meet and confer last night, attached is a motion to set the hearing on Uber's motion for protective order to coincide with the Cisneros conference <u>next Thursday</u>.
>
> To the extent counsel are able to cooperate as represented on our call yesterday, I'm optimistic that we will be able to report that for those attorneys the motion has been mooted.
>
> Please let us know today if you oppose the motion to reset the hearing date.
>
>
> **Mark Premo-Hopkins, P.C.**
>
> ------------------------------------------------
> **KIRKLAND & ELLIS LLP**
> 555 California Street, San Francisco
> **T** 415 439 1910
> **M** 312 497 6606
> ------------------------------------------------
> he / him / his
> mark.premohopkins@kirkland.com
>
>
> > On Aug 22, 2025, at 1:57 PM, Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:
> >
> >  Roopal -

Following up on our conversation yesterday, below is a list of firms from whom we would expect the same certification that Uber requested and that plaintiffs' leadership has agreed to give.

As explained yesterday, some of these firms have already informed us that they do not intend to provide any further information.

| |
|---|
| Anapol Weiss |
| Herzfeld, Suetholz, Gastel, Leniski and Wall, PLLC |
| Justice Law Collaborative |
| Cutter Law PC |
| Cohen Hirsch, LP |
| Williams Hart & Boundas, LLP |
| Nigh Goldenberg Raso & Vaughn |
| Slater Slater Schulman LLP |
| Kenney Conley, PC |
| Levin Simes, LLP |
| Edelson PC |
| Clarkson Law Firm, P.C. |
| Nachawati Law Group |
| Lieff Cabraser Heimann & Bernstein, LLP |
| Pulaski Law Firm, PLLC |
| Harding Mazzotti, LLP |
| Kherkher Garcia |
| Potter Handy, LLP |
| Simmons Hanly Conroy |
| Meyer Wilson |
| Wagstaff Law Firm |
| Christopher Ligori & Associates |
| Simon Greenstone Panatier, P.C. |
| Reich and Binstock, LLP |
| Walkup, Melodia, Kelly & Schoenberger |
| Queenan Law Firm, P.C. |
| Johnson Law Group |
| Erskine & Blackburn, PLLC |
| Davis Bethune Jones |
| D. Miller & Associates, PLLC |
| Grant & Eisenhofer |
| Ben Martin Law Group |
| Daly & Black, P.C. |
| Verhine & Verhine, PLLC |

**Mark Premo-Hopkins, P.C.**

-------------------------------------------------------

**KIRKLAND & ELLIS LLP**

555 California Street, San Francisco
**T** 415 439 1910
**M** 312 497 6606
------------------------------------------------
he / him / his
mark.premohopkins@kirkland.com

> On Aug 21, 2025, at 3:39 PM, Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:
>
>
> Roopal - can you let me know your response to the email below and whether there is a time that works for you later today?
>
> Also - given the parties and the Court's interest in fully understanding the facts here as soon as possible, would Plaintiffs join in a note to Judge Cisneros to move the hearing on Uber's motion from September 30 to September 3 or 4?
>
> **Mark Premo-Hopkins, P.C.**
> ------------------------------------------------
> **KIRKLAND & ELLIS LLP**
> 555 California Street, San Francisco
> **T** 415 439 1910
> **M** 312 497 6606
> ------------------------------------------------
> he / him / his
> mark.premohopkins@kirkland.com
>
>
> > On Aug 21, 2025, at 11:06 AM, Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:
> >
> >
> > Thanks, Roopal.  Here is a proposed alternative with some minor changes.
> >
> > We maintain that we will ultimately need to obtain certifications from all counsel on the plaintiffs' side that had access to the materials.
> >
> > I can be available to discuss starting at 3:30 PT / 6:30 ET today.  If that times works, can you please circulate an invite?
> >
> > *****UBER DRAFT*****

- Each PSC law firm with access to MDL shared document and work product depositories will conduct an investigation and report to Uber's counsel by email the following:

  ○ I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

  ○ ~~I do not have~~

~~information suggesting that that any individual identified in paragraph 1 shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly~~. **I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way - either directly or indirectly - in sharing confidential information with the New York Times**.

OR

○ The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times and then describe the circumstances of such disclosure.

- Reports to Uber's counsel at [email address] are due by [insert reasonable date].

**Mark Premo-Hopkins, P.C.**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
**KIRKLAND & ELLIS LLP**
555 California Street, San Francisco
**T** 415 439 1910
**M** 312 497 6606
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

he / him / his
[mark.premohopkins@kirkland.com](mailto:mark.premohopkins@kirkland.com)

---

**From:** Roopal Luhana
<Luhana@chaffinluhana.com>
**Sent:** Wednesday, August 20, 2025 12:14 PM
**To:** Premo-Hopkins, Mark W.
<mark.premohopkins@kirkland.com>
**Cc:** Vartain, Laura
<laura.vartain@kirkland.com>; Sarah London
<slondon@girardsharp.com>; Rachel Abrams
<rabrams@peifferwolf.com>; Andrew Kaufman
<akaufman@girardsharp.com>; Steven Cohn
<cohn@chaffinluhana.com>; Roopal Luhana
<Luhana@chaffinluhana.com>
**Subject:** Re: Uber's Motion For Enforcement of
the Protective Order

---

**This message is from an EXTERNAL
SENDER**

Be cautious, particularly with links and
attachments.

---

Thank you for your e-mail Mark. I'm
available for a call tomorrow to discuss
the matter further. However, as I
mentioned to Laura yesterday and noted
in my emails last week, we should have
met and conferred before the
Defendants filed the Motion to Enforce
the Protective Order. We believe the
Defendants should withdraw their
Motion since the proper meeting and
conferring process was not followed.

To address your concerns, MDL
Leadership is willing to agree to the
following:

- Each PSC law firm with
  access to MDL shared
  document and work product
  depositories will conduct an
  investigation and report to
  Uber's counsel by email the

following:

- I contacted each employee, contractor, consultant or agent (including expert witnesses) working with [INSERT FIRM NAME HERE], as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

- Following reasonable investigation, I do not have information suggesting that that any individual identified in paragraph 1 shared or in any way provided access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly.

  OR

- The investigation described in paragraph

1 revealed information concerning the source of this unauthorized disclosure to the New York Times and then describe the circumstances of such disclosure.

- Reports to Uber's counsel at [email address] are due by [insert reasonable date].

We believe this proposal adequately addresses the concerns raised.


Best,
Roopal


**Roopal Luhana | Partner**
**E:** Luhana@chaffinluhana.com
**P:** (347) 269-4461

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
<image001.jpg>

ChaffinLuhana.com                        <image002.png>
ChaffinLuhanaFoundation.org

                                         <image003.png>

                                         <image004.png>

                                         <image005.png>



**Mailing Address:**
Chaffin Luhana LLP 600 Third Ave., 12th Flr. New York, NY 10016

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Sent:** Tuesday, August 19, 2025 4:07 PM
**To:** Roopal Luhana <Luhana@chaffinluhana.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Vartain, Laura <laura.vartain@kirkland.com>
**Subject:** Re: Uber's Motion For Enforcement of the Protective Order

Roopal - apologies for the delay in getting back to you.  I was traveling internationally for work and did not get a chance to circle back.

I am happy to connect to discuss.  I understand from Laura Vartain that you have a proposal for what plaintiffs' leadership counsel would be willing to do.  Please send that along in advance.

Copying Laura here for visibility.

Are you available to discuss tomorrow or Thursday?

**Mark Premo-Hopkins, P.C.**
------------------------------------------------
**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2706
**M** +1 312 497 6606

**F** +1 312 862 2200

-------------------------------------------------

he / him / his
mark.premohopkins@kirkland.com

On Aug 14, 2025, at 6:28 PM,
Roopal Luhana
<Luhana@chaffinluhana.com>
wrote:

Hi Mark, I left you a VM on
your cell and work line today
to discuss above. Can you
please give me a call when
you get a chance? Thanks.

Best,
Roopal

**Roopal Luhana | Partner**
**E:** Luhana@chaffinluhana.com
**P:** (347) 269-4461

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
<image001.jpg>

ChaffinLuhana.com                    <image002.png>
ChaffinLuhanaFoundation.org
                                     <image003.png>

                                     <image004.png>

                                     <image005.png>

**Mailing Address:**
Chaffin Luhana LLP 600 Third Ave.,
12th Flr. New York, NY 10016

*A referral is the best compliment.*
*If you know anyone who needs*
*our help, please have them call*
*us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-
mail message contains information

belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Uber*

UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to: | **[UNOPPOSED] MOTION TO SHORTEN TIME TO HEARING ON MOTION FOR ENFORCEMENT OF PROTECTIVE ORDER** |
| ALL ACTIONS | Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

## I.      INTRODUCTION

In its Motion for Enforcement of Protective Order (the "Motion"), Uber demonstrated that the Court's Protective Order in this action had been violated by someone who intentionally provided sealed Court documents to the *New York Times*.  The very first line of the *Times* article describes what "sealed records show."

Although two weeks have passed since the Times article, the person or organization who accessed sealed Court records and violated the Court's Protective Order has neither confessed nor been caught.   Emboldened Plaintiffs' attorneys are now beginning to publish the sealed confidential information on their websites.   *See, e.g.,* https://federal-lawyer.com/injury-lawsuit/sex-abuse/uber/ (linking to *Times* Article).   And there is no telling when the Protective Order violator may share additional sealed information with unauthorized parties.

The integrity of the court process has been compromised and this breach needs urgent addressing before discovery can continue.   Uber views any additional document productions it makes as being at significant risk of being disclosed to the *Times* or other media.

The hearing on Uber's Motion to Enforce the Protective Order is currently set for September 30.  To expedite the resolution of this serious issue, Uber respectfully requests that the Court enter the Proposed Order attached as Exhibit A, resetting the hearing on the Motion for Thursday to coincide with the status conference on August 28, 2025, at 10:30 a.m.  Pursuant to an email from the Courtroom Deputy on August 15, Uber understands that the Court has a trial set for that week that may run into Thursday, August 28, and that the Court may need to push the status conference from 10:30 a.m. to 2 p.m. that day—timing that also works for Uber.  Plaintiffs' response brief is due August 27.  To the extent August 28 cannot work, Uber respectfully requests that the hearing be scheduled on the earliest available date.   [MDL Plaintiffs' Leadership have indicated they do not oppose the relief sought in this Motion.]

## II.     BACKGROUND

Uber recently filed the Motion, describing the violations of this Court's Protective Order that resulted in sealed information being shared with the Times.  ECF 3695.  In the Motion, Uber

certified that it had contacted each of its current employees, former employees, attorneys, and other agents who had access to the protected material and confirmed that they did not share those materials with the *Times*, either directly or indirectly. *Id.* at 18. Uber also certified that it contacted the *Times* and excluded the possibility that the *Times* received the documents through a File-and-Serve error. *Id.* at 6.

Uber asked that the Court order MDL Plaintiffs' Counsel to likewise certify that (1) they "contacted each employee, contractor, consultant or agent (including expert witnesses) working with" them, "as well as any client who, based on a reasonable investigation, may have had access to the compilation of sealed documents/exhibits" containing the protected material that was leaked; and (2) each of those individuals confirmed "that they had not shared or in any way provided access, directly or indirectly, to any of the documents referenced in" the article "to the New York Times or its agents, either directly or indirectly." ECF 3695-31 at 3.

The three MDL Plaintiffs' leadership firms have agreed to provide a certification. But the other 34 Plaintiffs' firms with cases in the MDL have not, including some Plaintiffs' firms that have expressly refused to provide the requested certification.

The Motion noticed a hearing based on Judge Breyer's earliest available hearing date of October 3 as set forth in the Court's Next Available Civil Law and Motion Calendar. ECF 3695 at 1. Judge Breyer then referred the Motion to Magistrate Judge Cisneros. ECF 3697. Judge Cisneros set a hearing on the Motion for September 30, 2025. ECF 3710. In the meantime, the Protective Order violator has not come forward voluntarily, as should have been expected of attorneys who are officers of this Court. And following the filing of Uber's Motion, the sealed material continues to appear in public, including on the websites of plaintiffs' lawyers. https://federal-lawyer.com/injury-lawsuit/sex-abuse/uber/ ("Update for August 15, 2025: Uber Sexual Assault Claims.") Uber believes that any document production it makes in this MDL—

even those containing trade secrets or other highly confidential documents—is now at risk of being forwarded to the *Times* or otherwise provided to unauthorized persons.

## III.    ARGUMENT

Uber moves pursuant to Local Civil Rule 6-3 to shorten the time for the Court to hear the Motion. Protective orders are meant to protect the parties subject to it "from annoyance, embarrassment, oppression, or undue burden or expense," including by preventing the disclosure of information that "if publicly released could be damaging to reputation and privacy."  Fed. R. Civ. P. 26(c); *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 (1984).  But there is "a 'constant danger [of dissemination to third parties] inherent in disclosure of confidential information pursuant to a protective order.'"  *Rocky Mountain Med. Mgmt., LLC v. LHP Hosp. Grp., Inc.*, No. 4:13-CV-00064-EJL, 2013 WL 6446704, at *6 n.5 (D. Idaho Dec. 9, 2013) (internal citation omitted).

Here, the violations of the Court's Protective Order, including the leaking of confidential business information and sensitive data, threatens continued harm if not promptly addressed.  The person or organization who violated the Court's Protective Order may be planning to share additional sealed information with *Times*—or another media organization—in the near future.  And the longer this violation remains unaddressed, the greater the likelihood it will have to prejudice jury pools against Uber in the upcoming bellwether trials.  While moving up the hearing date for the Motion to coincide with the upcoming status conference (or another date that is convenient for the Court) would not prejudice Plaintiffs (who do not oppose this Motion) or interfere with the case schedule, it would promote the interests of justice by accelerating resolution of Uber's allegations and its opportunity to obtain relief.

Moreover, Uber has not frequently sought or received modifications to the case schedule, whether by stipulation or Court order.  [Disclose all previous time modifications in this case, whether by stipulation or by Court order.]  [_____] Decl., ¶ [__].

Uber has made good-faith efforts to obtain a stipulation with Plaintiffs regarding an earlier hearing date.  In particular, Uber initiated a meet-and-confer process with MDL Plaintiffs' counsel

pursuant to Local Civil Rules 6-3(a)(4) and 37-1.  Premo-Hopkins Decl., ¶ [___].  Counsel for Uber met and conferred via phone call with MDL Plaintiffs' counsel on August 21, 2025.  *Id.*, ¶ [___].  Although MDL Plaintiffs' counsel stated that they would not stipulate to a new hearing date as early as next week, they indicated that they would not oppose Uber's motion to expedite the hearing date.  *Id.*, ¶ [___].  [The next day, on August 22, 2025, Counsel for Uber confirmed with MDL Plaintiff's counsel via email that Plaintiffs would not oppose its motion to expedite the hearing date.  *Id.*, ¶ [___].]

For all these reasons, the Court should shorten the time to the hearing on the Motion.

## IV.    CONCLUSION

Uber respectfully requests that the Court enter the Proposed Order attached as Exhibit A, resetting the hearing on the Motion to coincide with the status conference set for August 28, or the earliest date available to the Court.

DATED: August 22, 2025                    Respectfully submitted,

                                          /s/ _____

[UNOPPOSED] MOTION TO SHORTEN TIME FOR HEARING ON MOTION FOR
ENFORCEMENT OF PROTECTIVE ORDER
Case No. 3:23-md-03084-CRB (LJC)

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**

6

255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

[UNOPPOSED] MOTION TO SHORTEN TIME FOR HEARING ON MOTION FOR
ENFORCEMENT OF PROTECTIVE ORDER
Case No. 3:23-md-03084-CRB (LJC)