OFFICE OF THE CLERK

UNITED STATES DISTRICT COURT

Northern District of California

**CIVIL MINUTES**

| **Date:** August 28, 2025 | **Time:** 10:39 a.m.-11:57 a.m. | **Judge:** LISA J. CISNEROS |
|---|---|---|
| **Case No.:** 3:23-md-03084-CRB | **Case Name:** In re: Uber Technologies, Inc. | |

**For Plaintiffs:** Roopal Luhana and Elizabeth Wilkins, Chaffin Luhana LLP; Rachel Abrams and Tiffany Ellis, Peiffer Wolf Carr Kane Conway & Wise, LLP; Andrew Kaufman, Girard Sharp LLP; Sommer Luther, Wagstaff Law Firm, counsel for Plaintiffs

**For Defendants:** Christopher Cox and Mark Premo-Hopkins, Kirkland & Ellis LLP; Michael Shortnacy, Maria Salcedo and Jennifer Hill, Shook Hardy & Bacon LLP, counsel for Defendants

**Deputy Clerk:** Brittany Sims                **Reported by:** Marla Knox

**PROCEEDINGS**

Discovery status conference and motion hearing held.

The Court heard argument on Uber's Motion to Enforce the Protective Order (Dkt. No. 3695). Some attorneys from the JCCP were not present due to a conflicting JCCP pretrial conference. The Court expressed its view that this appears to be a matter best addressed to the JCCP court in the first instance. The Court took the motion under submission and will issue a written order, likely either denying the motion without prejudice or calling for supplemental submissions. The Court emphasized the importance that all individuals governed by the protective order in the MDL comply with it.

The Court heard argument on the parties' discovery letter regarding Flack data (Dkt. No. 3700). The Court is inclined to order production, but will issue an order setting forth the scope of production.

The Court noted that it will issue a written order on the discovery letter regarding purported discovery misconduct by the Peiffer Wolf firm (Dkt. No. 3669).

Turning to the discovery status report (Dkt. No. 3746), the Court will leave to Judge Jones any questions of whether particular documents fall within the scope of this Court's previous ruling on waiver as to clawback requests.

The Court declined to set a deadline for a potential joint letter regarding SRAD data, but emphasized that the parties should continue to meet and confer in the next week.

Plaintiffs represented that they expect to be able to reach an agreement with Uber for the length of the continued deposition of Sunny Wong.

The Court found other matters not yet ripe for resolution. The Court emphasized that substantial completion deadlines are meaningful, but that discovery is an iterative process and further requests beyond those deadlines may be appropriate for new developments.  The Court also noted that because this MDL is at the later stage of common discovery, the scope of further discovery requests should be calibrated and tailored so that responses and productions are promptly completed in light of the approaching discovery cut-off.