Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Uber*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY 6 PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |
| This Document Relates to: | |
| ALL ACTIONS | Complaint Filed Date: |
| | Judge:        Hon. Charles R. Breyer |
| | Date:         October 3, 2025 |
| | Time:         10:00 a.m. |
| | Courtroom:    6 – 17th Floor |

**NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER RELATED TO RECEIPTS**

Please take notice that on October 3, 2025 at 10:00 a.m. before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, Uber) will and hereby do move for Entry Of An Order To Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice. This motion is made pursuant to Federal Rule of Civil Procedure 37(b) and seeks relief under that Federal Rule of Civil Procedure and the Court's inherent authority. Uber seeks entry of an order to show cause why the claims of those Plaintiffs listed in the Proposed Order to Show Cause who have submitted non-bona-fide receipts should not be dismissed with prejudice. This motion is based on this notice, the accompanying memorandum of points and authorities, the declarations of Brett D. Harrison and Chris Cotton, and their accompanying exhibits, any oral argument the Court may permit, and all pleadings and papers on file in this action and on such other matters as may be presented to the Court at or before the hearing. A meet and confer certification is being filed herewith.

DATED: August 28, 2025                    Respectfully submitted,

_/s/ Laura Vartain Horn_____

# **TABLE OF CONTENTS**

**Page**

NOTICE OF MOTION AND MOTION FOR ENTRY OF ORDER RELATED TO
RECEIPTS ................................................................................................................. 1

I.     INTRODUCTION ............................................................................................. 1

II.    BACKGROUND ............................................................................................... 1

       A.     PTO #5 ................................................................................................. 1

       B.     Non-Bona-Fide Receipts Submitted by Certain Plaintiffs ................... 1

III.   ARGUMENT .................................................................................................... 8

       A.     Like the Request in Uber's Receipts Motion the Court Should Exercise its
              Authority Under Rule 37(b) to Dismiss the Claims of Plaintiffs who have
              Submitted Non-Bona-Fide receipts. .................................................... 8

IV.    CONCLUSION ............................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp. v. Thoeren,*
    913 F.2d 1406 (9th Cir. 1990) .................................................................8

*Anheuser-Busch, Inc. v. Nat. Beverage Distribs.,*
    69 F.3d 337 (9th Cir. 1995) ...................................................................9

*Garcia v. Berkshire Life Ins. Co. of Am.,*
    569 F.3d 1174 (10th Cir. 2009) .........................................................9, 10

*IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan,*
    No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13, 2009)......9, 10, 11

*Malone v. U.S. Postal Serv.,*
    833 F.2d 128 (9th Cir. 1987) ..........................................................9, 10

*In re Deepwater Horizon,*
    907 F.3d 232 (5th Cir. 2018) .................................................................10

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.,*
    460 F.3d 1217 (9th Cir. 2006) .........................................................9, 10

*In re Silica Prods. Liab. Litig.,*
    398 F. Supp. 2d 563 (S.D. Tex. 2005) ........................................................10

*Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.,*
    727 F.2d 1470 (9th Cir. 1984) ..........................................................1, 8

*Singh v. Hancock Nat. Res. Grp., Inc.,*
    No. 93-17335, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21, 2017)................9, 11

*Thompson v. Hous. Auth. of City of Los Angeles,*
    782 F.2d 829 (9th Cir. 1986) .................................................................8

*Wyle v. R.J. Reynolds Indus., Inc.,*
    709 F.2d 585 (9th Cir. 1983) .................................................................8

*Yourish v. Cal. Amplifier,*
    191 F.3d 983 (9th Cir. 1999) .................................................................9

**Rules**

Fed. R. Civ. P. 16(f)(C)...................................................................................................8

Fed. R. Civ. P. 37....................................................................................................8, 9

Fed. R. Civ. P. 37(b)(2)(A)(v)......................................................................................8

Fed. R. Civ. P. 37(b)(2)(C).........................................................................................1

Fed. R. Civ. P. 60(b)..............................................................................................5, 6

## I.      INTRODUCTION

Unfortunately, and once again, Uber has discovered that certain Plaintiffs in this MDL proceeding have submitted non-bona-fide receipts to support their lawsuits. Accordingly, Uber respectfully moves for an order to show cause why the claims of those Plaintiffs who have submitted non-bona-fide receipts should not be dismissed. *See* Exhibit A; *see also* Uber's Motion for Entry of an Order to Show Cause (ECF 3604) ("Receipts Motion"). As the Ninth Circuit has recognized, dismissal of claims is warranted where a party, "[p]ursuant to a discovery order," "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *See Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984) (upholding dismissal under Fed. R. Civ. P. 37(b)(2)(C) where "[p]ursuant to a discovery order, [a party] produced documents" that were "falsified," including "photocopies of checks," without holding an evidentiary hearing). Here, in light of the conduct, which again includes the alteration of bona-fide receipts, the Court should issue an order to show cause why these Plaintiffs' claims (*see* Exhibit A) should not be dismissed with prejudice.

## II.     BACKGROUND

### A.      PTO #5

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF 175, ¶ 4; *see also* PTO #10, ECF 348, ¶ 2.

### B.      NON-BONA-FIDE RECEIPTS SUBMITTED BY CERTAIN PLAINTIFFS

At least an additional 6 Plaintiffs listed in Exhibit A have violated the Court's Order by submitting receipts that are not bona fide, and 5 Plaintiffs are represented by law firms included in Uber's Receipts Motion. In fact, one Plaintiff's firm has been on notice about the fraudulent nature of their client's receipt since at least May 2024. There are likely to be additional such Plaintiffs, including but not limited to Plaintiffs who purchased the "Pro" or "Enterprise" membership from Makereceipt.com (discussed in Uber's Receipts Motion), which makes receipt alteration more difficult to detect. This motion addresses only those that Uber has been able to identify through its manual, line-by-line review process thus far.

1

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1

### 1. Uber Has Identified the Alteration of Additional Actual Receipts[1]

The below is the original receipt for an actual ride that occurred on November 30, 2022, with a

female driver name ("         "). Ex. 1-A.




The version of the receipt produced in the litigation was altered, changing the name from a

female driver ("         ") to a male driver ("     "). Harrison Decl. 10 § 12 – 16, Ex. 1-B. All other

details – e.g., pick-up location and time, drop-off location and time, trip fare – in the receipt remained

the same.

---

[1] MDL ID 1199 also filed a case in *In re Uber Rideshare Cases* in the JCCP and Uber's Counsel previously addressed the unsubstantiated ride receipt (Ex. 6) produced in both litigations with Plaintiff's Counsel via letter on May 14, 2024. Ex. 10. Plaintiff's counsel has been on notice about the fraudulent nature of the receipt submitted and yet has taken no action in 10 months. MDL ID 1199 is currently the subject of Judge Breyer's August 8, 2025 Order Regarding Motion to Dismiss Cases for Failure to Comply with Court Order. ECF 3666. Nevertheless, and in light of the production of a non-bona-fide ride receipt, Uber respectfully requests that for the same reasons identified in Ex. 10, MDL ID 1199's case be dismissed with prejudice.

**MDL ID 2642 (Ex. 1-B)**

  

The below is a real receipt for an actual ride that occurred on January 5, 2018. Ex. 2-A. The real receipt details (e.g., "Base Fare," "Distance," "Time," pick-up location, drop-off location, and payment) uncannily mirror the version of the receipt submitted by MDL ID 1384. *Id.*



3

1    The version of the receipt produced by MDL ID 1384 in the litigation appears to have been

2  materially altered or recreated using aspects of a real receipt, such that the year comprising the Google

3  Maps data ("2018") from the receipt precedes the year in which the trip was completed ("2022"), the

4  date of the ride ("January 1, 2022") is misaligned with the text residing next to it (" | uberX"), the fees

5  listed under "Subtotal" are missing "Driver Paid Sick & Safe Time" expected during the time period of

6  the ride, and there is the presence of stray black dots near the image of the trip map. Harrison Decl. at

7  5 – 6; Ex. 7.

8  **MDL ID 1384 (Ex. 2-B)**                    **Real Receipt (2022) (Ex. 7)**



24    MDL ID 1384 filed a complaint on June 7, 2024 through her counsel, Peiffer Wolf Carr Kane

25  Conway & Wise, LLP ("Peiffer Wolf"). On January 8, 2025, Peiffer Wolf Carr Kane Conway & Wise,

26  LLP moved to withdraw its representation of MDL ID 1384 on the grounds that Plaintiff "failed to

27  establish useful communication with Peiffer Wolf" and "failed to provide Peiffer Wolfe with sufficient

28

4

or adequate information to confirm [Plaintiff's] claim." ▇, No. 3:24-cv-03441-CRB, ECF 7 at 2, Ex.
11. On February 3, 2025, the Court granted that motion. ▇, No. 3:24-cv-03441-CRB, ECF 8 at 1, Ex.
12. In parallel, Plaintiff had also retained Kherker Garcia and filed a duplicate complaint on December
31, 2024. Kherker Garcia set-up an MDL Centrality ("MDLC") profile under MDL ID 2774. Notably,
MDL ID 2774 did not upload a ride receipt but rather a "Uber Ride Information Form" (*see* MDLC Doc.
ID 42135) which stated, in part, that (a) "Plaintiff is not able to provide the ride receipt at this time. Will
supplement if available." (see Question No. 1); (b) provided the date of the ride as "Jan 1 2022" (see
Question No. 3; this also matches the date of the ride receipt produced via MDL ID 1384); and (c) stated
"Will supplement." for the approximate starting address and approximate ending address (see Question
No. 4). Ex. 13. Uber previously identified this Plaintiff in the Receipts Motion as one of the 90 Plaintiffs
that either provided no reason for not submitting a receipt or having provided boilerplate reasons. *See*
ECF 3604. Uber now understands why MDL ID 2774 failed to submit a ride receipt a second time.[2]

**MDL ID 1384**



**MDL ID 2774**

---

[2] MDL ID 1384 ("▇▇▇") was previously dismissed without prejudice on June 2, 2025 due to the failure by the
plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel, but
given the seriousness of the conduct at issue the dismissal should be converted to with-prejudice pursuant to Fed. R. Civ. P.
60(b). In addition, the duplicate claim filed as MDL ID 2774 ("▇▇▇") should also be dismissed with prejudice.

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

### 2.    Additional Receipts Inconsistent with Uber's Formatting

Uber has identified additional receipts submitted by Plaintiffs that are inconsistent with the standard formatting used in Uber's system. The receipt submitted by MDL ID 1507[3] contains several indicators that it was altered. Harrison Decl. 8 – 9; Ex. 3. For example, the receipt does not capitalize street names in the pick-up and drop-off addresses and does not use commas to separate the street name from the city and state. Harrison Decl. 8 § 15-20; Ex. 3. The receipt also contains a reference to "0 hour 0 min" for the trip duration but bona fide Uber receipts do not include "0 hour" for the trip duration. Ex. 8.

| MDL ID 1507 (Ex. 3) | UBER'S FORMATTING (Ex. 8) |
|---|---|
|  |  |

Beyond this, the pick-up ("8:13PM") and drop-off ("8:13PM") times displayed in the produced receipt are also the same for a trip that, even based on the receipt submitted by MDL ID 1507, resulted in travel of 1.3 miles and from one address to another. Harrison Decl. 8 § 2 – 5; Ex. 3.

The receipt submitted by MDL ID 3841[4] includes a timestamp error showing purported payment made over an hour before the alleged ride occurred. Harrison Decl. 12 § 6 – 8; Ex. 4. Regardless of when the ride was requested, the payment timestamp on bona fide receipts is published after the trip is completed. Harrison Decl. § 6 – 8. The receipt also does not use a comma to separate the street name from the city and state in the drop-off location which is expected in bona fide Uber receipts. *Id*. at 12 § 3 – 6.

---

[3] MDL ID 1507 was previously dismissed without prejudice on June 2, 2025 due to the failure by the plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel but given the seriousness of the conduct at issue the dismissal should be converted to with-prejudice pursuant to Fed. R. Civ. P. 60(b).

[4] MDL ID 3841 uploaded the ride receipt on August 8, 2025. Uber understands that Plaintiff's counsel is attempting to clawback the document reasoning that it was "Uploaded in error." Uber has not received any additional explanation from the Plaintiff and/or Plaintiff's counsel and thus, Uber respectfully requests that the Plaintiff's claim be dismissed with prejudice.

**MDL ID 3841 (Ex. 4)**



Another inconsistency exists where the date of the receipt is not justified in accordance with Uber's standard formatting. The receipt submitted by MDL ID 3659 includes an improperly justified date in the top right corner that is contrary to Uber's standard formatting. *Id*. at 11 § 18 – 20; Ex. 5.

**MDL ID 3659 (Ex. 5)**



**Uber's Formatting (Ex. 9)**



The receipt submitted by MDL ID 3659 also does not use a comma to separate the street name from the city and state in the drop-off location. Harrison Decl. 11 § 16 – 18; Ex. 5.

**MDL ID 3659 (Ex. 5)**



## III.    ARGUMENT

### A.    LIKE THE REQUEST IN UBER'S RECEIPTS MOTION THE COURT SHOULD EXERCISE ITS AUTHORITY UNDER RULE 37(B) TO DISMISS THE CLAIMS OF PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS.

An additional 6 Plaintiffs included in Exhibit A have not complied with this Court's order to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" PTO #5, ECF 175, ¶ 4; PTO #10, ECF 348, ¶ 2. These Plaintiffs' claims should be dismissed with prejudice.

Federal Rule of Civil Procedure 16(f) provides that "the [C]ourt may issue any just orders" when a party "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(C). Such "just orders" may include, for example, "dismissing the action[.]" Fed. R. Civ. P. 37(b)(2)(A)(v); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 592 (9th Cir. 1983) ("By its terms, Rule 37 authorizes the sanction of dismissal[.]"). The production of "falsified" discovery in response to a "discovery order" is grounds for dismissal under Rule 37. *Pro. Seminar*, 727 F.2d at 1472-73 (affirming default judgment against defendant that "did not assert that the documents were genuine.").

Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]"[5] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle*, 709 F.2d at

---

[5] "[D]ismissal sanctions under Rule 37 and a court's inherent powers are similar." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 n.4 (9th Cir. 1990). The Ninth Circuit therefore "use[s] cases involving dismissal under Rule 37 and inherent powers interchangeably." *Id.*

589. "Where 'a party has engaged deliberately in deceptive practices that undermine the integrity of judicial proceedings'"—such as "fabricat[ing]" evidence during discovery—"[i]t is well settled that dismissal is warranted" under the Court's inherent authority. *IV Sols., Inc. v. Office Depot Emp. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, at *14 (C.D. Cal. May 13, 2009) (dismissing action where plaintiff "fabricated an invoice" during discovery) (citing *Anheuser-Busch, Inc. v. Nat. Beverage Distribs.*, 69 F.3d 337, 348 (9th Cir. 1995)); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 93-17335, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017) (plaintiffs "falsified documents to respond to discovery requests," which demonstrate "bad faith and . . . willful abuse of the judicial process and support the issuance of terminating sanctions."); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176, 1179 (10th Cir. 2009) (affirming dismissal where plaintiff "fabricated a number of discovery documents in an effort to win her case.").

Regardless of whether a district court is acting pursuant to Rule 37 or its inherent authority, the Ninth Circuit has held that "[a] district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (citation and internal quotations omitted).

Each of the *Malone* factors support dismissal here.

***Public interest and the Court's docket***. The first two factors—"the public's interest in expeditious resolution of litigation" and "the court's need to manage its docket"—both "strongly support the court's dismissal" of the claims of Plaintiffs who deliberately fail to comply with court orders or engage in fraudulent discovery. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226, 1240 (9th Cir. 2006). "[T]he public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999). Plaintiffs' failure to comply honestly with their court ordered discovery obligations has also consumed scarce judicial time and resources in a litigation with thousands of plaintiffs. "Sound management of the court's docket also

9

counsels in favor of sanctions as a deterrent to others, particularly in the context of an MDL proceeding where there are thousands of plaintiffs and tag-along cases are continually being added." *Id.* at 1234.

Deterrence is especially important here. There are now more than 2,500 Plaintiffs in this proceeding, resulting in part from aggressive online advertising from plaintiffs' counsel, such as the ad promising "Significant Compensation" with "No Paperwork" and "No Hassle." Available at https://www.rideshareassaultjustice.com/. Prospective plaintiffs need to understand there is a consequence for alteration of evidence, and that doing so will not result in monetary compensation.

***Prejudice***. Courts "examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone*, 833 F.2d at 131. Here, Plaintiffs' fabrication of receipts means that Uber has "been forced to defend this case from the outset – despite its basis in fraud," which is the paradigmatic form of prejudice. *See IV Sols.*, 2009 U.S. Dist. LEXIS 133650, at *20; *see also In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005) (filing claims based on false diagnoses forced defendants to "pay significant costs litigating meritless claims.") This misconduct also calls into question the "veracity" of all of these Plaintiffs' other discovery responses, which will require Uber to "attempt independent corroboration of each submission, at substantial expense or time and money, or to accept the real possibility that those discovery documents . . . are inaccurate." *Garcia*, 569 F.3d at 1180 (submission of falsified evidence substantially prejudices an opposing party). Moreover, allowing these claims to proceed would also prejudice the rights of claimants who have complied with their discovery obligations and undermine their "full and meaningful access to the courts." *In re Silica*, 398 F. Supp. 2d at 636; *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) (explaining that non-bona-fide lawsuits "hamper the resolution of meritorious claims by real plaintiffs.").

***Public policy***. Where Plaintiffs have "purposefully and defiantly violated a court order"—in this case, by submitting non-bona-fide receipts—"it is unnecessary … to discuss why alternatives to dismissal are infeasible." *Malone*, 833 F.2d at 132. Nor is any further warning to Plaintiffs necessary. There is no concern that the receipts at issue were somehow generated in good faith by unsophisticated people. For example, in the case of receipts altered utilizing bona fide Uber receipts, it takes a level of

10

sophistication and consciousness of wrong-doing to know how to edit certain aspects of an image (even if doing so on a mobile device like an Apple iPhone). Dismissal is thus very strongly in the public interest.

*Availability of lesser sanctions*. "It is difficult to conceive an act of misconduct graver than the outright fabrication of evidence that Plaintiffs here undertook[.]" *IV Sols.*, 2009 U.S. Dist. LEXIS 133650, at *23. Such actions "demonstrate bad faith and Plaintiffs' willful abuse of the judicial process and support the issuance of terminating sanctions." *Singh*, 2017 U.S. Dist. LEXIS 24893, at *24. Lesser sanctions would not sufficiently compensate Uber for having to defend against these claims. Nor would lesser sanctions deter other current (or potential) Plaintiffs from engaging in similar conduct.

For these reasons, the Court should enter Uber's proposed order attached as Exhibit A, requiring the 6 Plaintiffs listed above to show cause why their claims should not be dismissed with prejudice.

## IV.    CONCLUSION

Uber respectfully requests that the Court enter the order attached as Exhibit A requiring the Plaintiffs listed to show cause why their claims should not be dismissed with prejudice.

1  DATED:  August 28, 2025

2

3

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT, JR. (*Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac*

12

*Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on August 28, 2025, I electronically filed the foregoing document with the

3

Clerk of the Court using the CM/ECF system, which will automatically send notification of the

4

filing to all counsel of record.

5

6

By: */s/ Laura Vartain Horn*
    Laura Vartain Horn

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED
NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB (LJC)