# **EXHIBIT 10**

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

1285 AVENUE OF THE AMERICAS
NEW YORK, NEW YORK 10019-6064
TELEPHONE (212) 373-3000

BEIJING
HONG KONG
LONDON
LOS ANGELES
SAN FRANCISCO
TOKYO
TORONTO
WASHINGTON, DC
WILMINGTON

May 14, 2024

**VIA EMAIL**

William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie

**LEVIN SIMES LLP**

1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3s000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com

*Attorneys for Plaintiff LS 245*

   Re: *In Re: Uber Technologies, Inc.* and *In re Uber Rideshare Cases*, Plaintiff LS 245's Ride Receipt Submission

Dear Counsel:

  We write in regards to Plaintiff LS 245's ("Plaintiff's") unsubstantiated ride receipt (the "Ride Receipt") submitted to Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber"), pursuant to the MDL Pretrial Order No. 5 ("PTO No. 5") issued by Judge Breyer and the JCCP Court's Stipulation and Order re: *Forum Non Conveniens* Discovery and Motion Practice in the above-captioned matter.

  As Uber previously made Plaintiff's Counsel aware, Uber has been unable to locate a ride matching Plaintiff's Ride Receipt in its database. After further searching its records and a careful review of the Ride Receipt, Uber has concluded that the Ride Receipt Plaintiff provided is inauthentic. Given these developments, Uber requests that Counsel dismiss Plaintiff's case with prejudice.

  **I.** **Plaintiff's Receipt is Not Authentic.**

  Uber has identified a number of discrepancies in Plaintiff's Ride Receipt that have no possible explanation other than the receipt is inauthentic.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

2

1. <u>The hyperlink contained on Plaintiff's submitted receipt is linked to another Uber user's account.</u>

Uber receipts have an embedded hyperlink that enables the recipient to view more information regarding the rider's trip information and account. The URL contained in the hyperlink for each receipt is partially comprised of a character string which is individual and unique and corresponds to a unique ride. The Ride Receipt Plaintiff submitted pursuant to PTO No. 5 contains such an embedded hyperlink. That link (in blue) can be accessed by clicking on the phrase "Visit the trip page," which is part of the sentence, "Visit the trip page for more information, including invoices (where available)." Although the hyperlinked page contains additional information, it also contains the same information as is available on the receipt.

**Uber**

January 8, 2021

**Here's your receipt for your ride,** ▮▮▮▮
We hope you enjoyed your ride this evening.

| Total | $16.59 |

| Trip fare | $16.59 |

| Subtotal | $16.59 |
| Booking Fee | $3.00 |

**Amount Charged**

VISA  •••• ▮▮▮▮   $19.59

<u>Visit the trip page</u> for more information, including invoices (where available)

You rode with ▮▮▮▮

UberX    7.16 Miles | 13

9:12 AM | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

11:32 AM | ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Fare does not include fees that may be charged by your bank. Please contact your bank directly for inquiries.

*Plaintiff's Ride Receipt with the hyperlink in blue*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

3

Not so for the Ride Receipt submitted by the Plaintiff. In that Ride Receipt, the unique character string embedded in the hyperlink connects to trip information that is different from the information that Plaintiff submitted. Instead, the hyperlink's unique character string connects to information for a completely different ride, one that occurred on August 18, 2021. And that ride is connected with an Uber account that was not one provided or identified by Plaintiff, and which is not Plaintiff's account. For purposes of this letter, we will refer to that account as UA 1. UA 1 is not Plaintiff's account, is not connected with any name provided to Uber by Plaintiff, and does not have a ride that matches Plaintiff's alleged ride. If Plaintiff submitted an authentic ride receipt, the hyperlink's unique character string would link to information regarding the corresponding trip on Plaintiff's Uber account. Instead, the hyperlink's unique character string on Plaintiff's Ride Receipt connects to a different user's ride receipt, for a ride that occurred on a different day, and had different trip details.

Here is the UA 1 ride receipt that is accessed by clicking on the hyperlink in the Ride Receipt Plaintiff submitted.

**Uber**  August 18, 2021

**Here's your receipt for your ride,** ▮

We hope you enjoyed your ride this evening.

| | |
|---|---|
| **Total** | **$14.99** |
| Trip fare | $11.99 |
| Subtotal | $11.99 |
| Booking Fee | $3.00 |

**Amount Charged**

VISA  ---- ▮                                                              $14.99

Visit the trip page for more information, including invoices (where available)

You rode with ▮

UberX  6.14 miles | 10 min

9:27 PM ▮
9:38 PM ▮

Fare does not include fees that may be charged by your bank. Please contact your bank directly for inquiries.

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

4

We note that, the last four digits of the credit card number listed on Plaintiff's Ride Receipt, "▇▇▇▇," are the same as the last four credit card digits connected to the hyperlinked account of UA 1. It thus appears that Plaintiff used the electronic version of UA 1's ride receipt as the base for her receipt, and then altered it to attempt to match certain allegations of her ride.

2. <u>The independent driver on Plaintiff's receipt could not have been the driver on the date of the alleged incident.</u>

The independent driver identified on Plaintiff's Ride Receipt, "▇▇▇▇," is the independent driver on the receipt linked to UA 1's account. But ▇▇▇▇ could not have been the driver who allegedly assaulted Plaintiff on January 8, 2021. ▇▇▇▇ did not use the Uber platform on January 8, 2021, the date of Plaintiff's alleged trip. On the contrary, ▇▇▇▇ did not even *create* his driver profile account until April 17, 2021 and only completed his first trip on May 29, 2021. In other words, ▇▇▇▇ did not complete his first trip until *over four months after* Plaintiff's alleged ride. ▇▇▇▇ was an independent driver on August 18, 2021, the date of the ride on UA 1's receipt.

There is no explanation for these discrepancies, aside from Plaintiff providing an inauthentic receipt.

3. <u>There are inconsistencies in the alleged ride's distance and duration.</u>

Plaintiff's Ride Receipt shows a start (9:12 am) and end (11:32 am) time, for a ride lasting 2 hours and 20 minutes. In an authentic receipt, this trip duration would be recorded such that a 2 hour and 20 minute ride would appear on the receipt as "2 h 20 min." This Ride Receipt instead states only "13." And it has no "min" after the 13, as would be expected on an authentic receipt. Regardless, a 2 hour and 20 min ride would not have "13" listed in the duration space. And, of course, Plaintiff's alleged ride cannot have been both 13 minutes and 2 hours and 20 minutes.

Below is a comparison of Plaintiff's Ride Receipt (on the left) with UA 1's authentic ride receipt (on the right). As you see, the authentic receipt details that the ride was "10 min", while Plaintiff's receipt does not include the "min".



*Plaintiff's inauthentic Ride Receipt*        *Authentic Uber receipt where "10 min" next to 6.14 miles matches the time*

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

5

There is also a discrepancy with the price. The "Total" amount on Plaintiff's Ride Receipt, "$16.59," should, but does not, match the "Amount Charged," "$19.59." This is in contrast with an authentic receipt associated with UA 1, where "Total" amount and "Amount Charged" are equal, "$14.99," even taking into account the "Booking Fee."

| | |
|---|---|
| Total | $16.59 |
| Trip fare | $16.59 |
| Subtotal | $16.59 |
| Booking Fee | $3.00 |
| Amount Charged VISA •••• | $19.59 |

Visit the trip page for more information, including invoices (where available)

*The "Total" does not match the "Amount Charged" on Plaintiff's inauthentic Ride Receipt*

| | |
|---|---|
| Total | $14.99 |
| Trip fare | $11.99 |
| Subtotal | $11.99 |
| Booking Fee | $3.00 |
| Amount Charged VISA •••• | $14.99 |

Visit the trip page for more information, including invoices (where available)

*The "Total" and "Amount Charged" match on an authentic ride receipt*

4. **There are discrepancies in the format of Plaintiff's submitted receipt and authentic Uber receipts.**

Plaintiff's Ride Receipt's formatting further supports the conclusion that it is inauthentic because it does not match the formatting of an authentic receipt. For example, the text "Uber" in the upper left corner is not horizontally aligned with "January 8, 2021" in the upper right corner of Plaintiff's inauthentic Ride Receipt; whereas the text "Uber" in the upper left corner is aligned

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

6

with "August 18, 2021" in an authentic Uber receipt. Additionally, the text size in the inauthentic Ride Receipt is not in the same proportion to the Uber logo as the authentic receipt.

**Uber**                                                                January 8, 2021

*The text, "Uber," is on a different line than the date, "January 8, 2021"*

**Uber**                                                                August 18, 2021

*The text, "Uber" is aligned with the date, "August 18, 2021," on an authentic Uber Ride Receipt*

Given these significant discrepancies and inaccuracies, Uber has concluded that Plaintiff's Ride Receipt is inauthentic.

**II.    Uber Requests That Counsel Dismiss Plaintiff's Claims With Prejudice.**

Under California law, a party who presents a complaint to the court certifies that, to the best of their knowledge, "[t]he allegations and other factual contentions have evidentiary support or, if specifically so identified, are likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." Cal. Code Civ. Proc. § 128.7(b); *see also id.* § 128.5; *Stephen Slesinger, Inc.* v. *Walt Disney Co.*, 155 Cal. App. 4th 736, 758–59 (2007) ("California courts possess the inherent authority to dismiss cases that are fraudulent"); *Zamos v. Stroud*, 32 Cal.4th 958, 966-67 (2004) ("[O]ne who continues a civil proceeding that has properly been begun or one who takes an active part in its continuation for an improper purpose after he has learned that there is no probable cause for the proceeding becomes liable as if he had initiated the proceeding.").

As detailed above, the Ride Receipt underlying Plaintiff's complaint is inauthentic. Inauthentic documents are not admissible. Cal. Evid. Code § 1402 (2022) (providing that a party may generally not submit altered evidence). Plaintiff has no evidentiary support for her allegation that she took an Uber ride on January 8, 2021.

While Uber has the greatest sympathy for victims who have suffered injuries like those which Plaintiff alleges, Uber is left to conclude that any such injuries alleged by Plaintiff are not related to any ride ordered through the Uber App. Uber therefore respectfully requests that Plaintiff dismisses her Complaint with prejudice **by May 21, 2024**. We wanted to bring these particular points to your attention so that Plaintiff can remedy the problems discussed above

PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP

7

without Uber pursuing alternative remedies.  If Plaintiff does not dismiss her case, Uber will file a motion for summary judgment of this complaint.[1]

Uber reserves all rights, and looks forward to productively discussing this matter.

Sincerely,

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:  /s/ *Marc Price Wolf*
Marc Price Wolf
535 Mission Street
San Francisco, CA 94105
mpricewolf@paulweiss.com
(628) 432-5167

---

[1] Additionally, Uber reserves the right to request sanctions separately from that motion.  This letter serves as notice of Uber's intent to file sanctions if Plaintiff's case is not dismissed and a start to the safe-harbor period pursuant to Cal. Civ. Proc. Code § 128.7.