# EXHIBIT D

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF CHRISTOPHER V. COTTON**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

I, Christopher V. Cotton, state as follows:

1. I am an attorney at Shook, Hardy & Bacon L.L.P., counsel of record for Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber" or "Defendants"). I offer this Declaration in the above-captioned matter in support of Uber's Motion for Entry of an Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed with Prejudice.

2. In an effort to seek Plaintiffs' agreement to the relief sought in the above-referenced motion, counsel for Uber initiated a meet-and-confer process.

3. On August 19, 2025, I sent a letter on behalf of Uber to Plaintiffs' counsel, copying MDL leadership, that requested to promptly meet and confer regarding the aforementioned Plaintiffs' noncompliance with the Receipt Order. The letter stated that the cases of those Plaintiffs should be dismissed with prejudice. A true copy of my August 19, 2025 letter to Plaintiffs' counsel is attached as **Exhibit 1**.

4. Plaintiffs' counsel did not initially respond to my August 19, 2025 letter requesting to meet and confer. On August 20, 2025, I followed up with Plaintiffs' counsel, requesting their availability the next day (August 21) to meet and confer. A true copy of my August 20, 2025 email to Plaintiffs' counsel is attached as **Exhibit 2**.

5. On August 21, 2025, I had a meet-and-confer via Zoom with the Pulaski Firm, counsel for Plaintiffs with MDL IDs 2642, 3841, and 3659. No agreement was reached with counsel regarding the dismissal of these Plaintiffs' cases with prejudice.

6. On August 21, 2025, I followed up with counsel for the remaining Plaintiffs identified in my August 19, 2025 letter, requesting their availability that day to meet and confer. A true copy of my August 21, 2025 email to Plaintiffs' counsel is attached as **Exhibit 3**.

7. Later that day, on August 21, 2025, I heard back from Peiffer Wolf, former counsel for Plaintiff with MDL ID 1384. Peiffer Wolf responded to my email: "We withdrew as counsel and the case was dismissed without prejudice." A true copy of the email from Rachel Abrams to me, dated August 21, 2025, is attached as **Exhibit 4**.

8.	Later on August 21, 2025, I followed up again with Plaintiffs' counsel, noting that I had not received any response from Levin Simes LLP, Kherker Garcia, or Nachawati Law Group.  I notified Plaintiffs' counsel that I would schedule a call the next day (August 22) at 11:30 AM Pacific to discuss the cases of the remaining Plaintiffs identified in my August 19, 2025 letter.  I also notified Plaintiffs' counsel that to the extent the issues were not resolved, Uber intended to file a motion to dismiss with prejudice each of those cases.  A true copy of my August 21, 2025 email to Plaintiffs' counsel is attached as **Exhibit 5**.

9.	Kherker Garcia, counsel for Plaintiff with MDL ID 2774, declined the meeting invitation.  A true copy of the notification I received regarding the declined invitation is attached as **Exhibit 6**.

10.	Levin Simes LLP, counsel for Plaintiff with MDL ID 1199, initially accepted the meeting invitation.  True copies of the notifications I received regarding the accepted invitation are attached as **Exhibit 7** and **Exhibit 8**.

11.	The next day, August 22, 2025, none of Plaintiffs' counsel showed up to the scheduled meeting at 11:30 AM Pacific.  I kept the line open for 30 minutes, but Plaintiffs' counsel did not appear.

12.	Although Uber has made every effort to meet and confer on this cross-cutting issue affecting several Plaintiffs, as well as many counsel, it has not been possible to reach agreement.  Rather than attempting to address this issue piecemeal, Uber submits that the relief requested is the most efficient way to proceed for all parties and the Court.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DECLARATION OF CHRISTOPHER V. COTTON — 2 — Case No. 3:23-md-03084-CRB (LJC)

Dated: August 25, 2025

Respectfully submitted,

By: *Christopher V Cotton*
Christopher V. Cotton (admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

DECLARATION OF CHRISTOPHER V. COTTON   3   Case No. 3:23-md-03084-CRB (LJC)