1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
   laura.vartain@kirkland.com
4
   Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Jessica Davidson (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
9  601 Lexington Avenue
   New York, NY 10022
10 Telephone: (212) 446-4800
   jessica.davidson@kirkland.com
11
   *Attorneys for Defendants*
12 UBER TECHNOLOGIES, INC., RASIER, LLC,
   And RASIER-CA, LLC
13 [*Additional Counsel Listed on Signature Page*]

14

15

16 UNITED STATES DISTRICT COURT

17 NORTHERN DISTRICT OF CALIFORNIA

18 SAN FRANCISCO DIVISION

19

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 3727]** |
| This Document Relates to: | |
| *B.L. v. Uber Techs., Inc.*, No. 24-cv-7940 | |
| | Judge:     Hon. Charles R. Breyer |
| | Courtroom: Courtroom 6 – 17th Floor |

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated August 22, 2025, ECF 3727 ("Plaintiffs' Motion").

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns Plaintiff B.L.'s Notice of Motion and Motion for Leave to Amend Bellwether Complaint and supporting exhibits, filed August 22, 2025, ECF 3726 ("Motion to Amend"):

| Document | Description | Defendants' Request |
|---|---|---|
| **[Unredacted] Motion to Amend** (ECF 3727-4; redacted version at ECF 3726) | Portion of briefing referring to documents designated confidential | No request for sealing |
| **[Unredacted] Declaration of Sommer Luther** in Support of Motion to Amend (ECF 3727-5; redacted version at ECF 3726-1) | Portion of declaration referring to documents designated confidential | No request for sealing |
| **Exhibit D** to Luther Declaration in Support of Motion to Amend (ECF 3727-6) | Uber's Responses to Plaintiff's Requests for Admission, Set One, designated as Highly Confidential – Attorneys' Eyes Only pursuant to Protective Order | No request for sealing |
| **Exhibit E** to Luther Declaration in Support of Motion to Amend (ECF 3727-7) | Excerpts of Transcript of July 10, 2025 Deposition of Hannah Niles, designated as Highly Confidential pursuant to Protective Order | Single redaction of unrelated driver's name (at 19:21) |
| **Exhibit F** to Luther Declaration in Support of Motion to Amend (ECF 3727-8) | Excerpts of Transcript of August 7, 2025 Rule 30(b)(6) Deposition of Defendants by Hannah Niles, designated as Highly Confidential pursuant to Protective Order | Limited redactions of unredacted driver's name (at 268:14, 15, 17-18) and proprietary information on Uber systems (at 269:9-271:8, 272:18-274:7) |

| Document | Description | Defendants' Request |
|---|---|---|
| **Exhibit G** to Luther Declaration in Support of Motion to Amend (ECF 3727-9) | Document produced by Uber | Limited redactions of unrelated drivers' names ("Driver Name" column, rows 3-8) |

The documents at issue are Exhibits E, F, and G in support of the Motion to Amend. The portions of these exhibits Defendants ask to seal consist of names of drivers on the Uber platform unrelated to the driver at issue in the B.L. bellwether case and confidential, proprietary information regarding Uber's internal systems, the disclosure of which would pose security risks. *See* Cummings Decl. ¶¶ 2-6. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1).

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on the Motion to Amend; they are not related to a dispositive motion.[1] Therefore, the good cause standard applies. *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2021 WL 1312748, at *5 (N.D. Cal. Apr. 8, 2021) (holding "the lower good cause standard" applies to "motion for leave to file [an] amended complaint"); *Kellman v. Whole Foods Mkt., Inc.*, 2018 WL 6728000, at *3 (N.D. Cal. Dec. 21, 2018) ("Courts have found that … motions

---

[1] This Motion does not involve sealing or partially sealing any pleading. *See Paradise Ent. Ltd.*, 2025 WL 755149, at *2 (applying good cause standard to sealing motion to amend and compelling reasons standard to sealing amended complaint); ECF 2858 (granting narrowly-tailored request for partial sealing of bellwether complaints under compelling reasons standard).

to amend a pleading do not resolve the merits of the underlying causes of action, and are only tangentially related to the merits, and have applied the good-cause standard in deciding motions to seal such filings." (cleaned up)); *see also Software Rts. Archive, LLC v. Facebook, Inc.*, 485 F. Supp. 3d 1096, 1113 (N.D. Cal. 2020); *Real Action Paintball, Inc. v. Advanced Tactical Ordnance Sys., LLC*, 2015 WL 1534049, at *3 (N.D. Cal. Apr. 2, 2015); *Angioscore, Inc. v. TriReme Med., Inc.*, 2015 WL 75187, at *2 (N.D. Cal. Jan. 6, 2015); *Dunbar v. Google, Inc.*, 2012 WL 6202719, at *2 (N.D. Cal. Dec. 12, 2012); *LaBarge v. Elutia, Inc.*, 2025 WL 1296700, at *2 (S.D. Cal. May 5, 2025); *Paradise Ent. Ltd. v. Empire Tech. Grp. Ltd.*, 2025 WL 755149, at *2 (D. Nev. Mar. 7, 2025); *McCrary v. Elations Co., LLC*, 2014 WL 1779243, at *6 n.6 (C.D. Cal. Jan. 13, 2014). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Sealing of information about a company's internal systems is also justified where it poses a potentially "increased risk of cyber security threats." *Id.* at *1-*2; *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022) (same). Likewise, confidential business information such as business data or research can be sealed under the good cause standard. *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023).

"Courts in this circuit routinely seal … personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021). In particular, names of third parties unrelated to the merits of the litigation are routinely sealed under the good cause standard and even, in some circumstances, the more stringent compelling reasons standard. *See Price*

*v. Equilon Enters. LLC*, 2012 WL 12846100, at *1 (W.D. Wash. Nov. 20, 2012) (finding good cause to redact names of non-party employees of defendant in employment discrimination lawsuit who were not implicated in alleged hostile work environment); *see also Liles v. Cnty. of Sacramento*, 2024 WL 1971882, at *2 (E.D. Cal. May 3, 2024) (sealing names of non-party law enforcement deputies in complaint under compelling reasons standard in light of "the absence of a connection with the factual allegations in this case and [their] non-involvement in this or related matters"); *Am. Auto. Ass'n of N. California, Nevada & Utah v. Gen. Motors LLC*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (sealing "personally identifiable information of third-party individuals, including names" under compelling reasons standard); *Ancier v. Egan*, 2015 WL 6757528, at *6 (D. Haw. Nov. 4, 2015) (sealing under compelling reasons standard "names of other alleged perpetrators" of sexual abuse in suit alleging malicious prosecution of false accusations); *United States v. Kwok Cheung Chow*, 2015 WL 5094744, at *5 (N.D. Cal. Aug. 28, 2015) (requiring redaction of names of unindicted third parties).

### III.  UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are Exhibits E, F, and G in support of the Motion to Amend. The portions of these exhibits Defendants ask to seal consist of names of drivers on the Uber platform unrelated to the driver at issue in the B.L. bellwether case and confidential, proprietary information regarding Uber's internal systems, the disclosure of which would pose security risks. *See* Cummings Decl. ¶¶ 2-6. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal three exhibits through narrowly tailored redactions and do not seek any sealing of the Motion to Amend, the supporting declaration, or Exhibit D. *See id.* ¶¶ 3, 6.

#### A. Failing to Seal the Documents Would Harm Uber

**Exhibit E** to the Declaration of Sommer Luther in Support of Motion to Amend (ECF 3727-7) consists of excerpts from the transcript of the July 10, 2025 deposition of Hannah Nilles. (ECF 3727-7)

**Exhibit F** to the Luther Declaration consists of excerpts from the transcript of the August 7,

5

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3727]
Case No. 3:23-MD-3084-CRB

2025 Rule 30(b)(6) Deposition of Defendants by Hannah Niles (ECF 3727-8), which was designated as Highly Confidential pursuant to Protective Order.

**Exhibit G** to the Luther Declaration (ECF 3727-7) is an index produced by Defendants listing Bates numbers, names of drivers on the Uber platform, and those drivers' UUID identification numbers. *See* Luther Decl. ¶¶ 7, 18.

### Names of Unrelated Drivers

Defendants request very limited redactions in Exhibit E (at 19:21), Exhibit F (at 268:14, 15, 17-18), and Exhibit G ("Driver Name" column, rows 3-8) of the names of drivers on the Uber platform, *not including* the specific driver at issue in the B.L. case (Edwin Castaneda Orozco).

The other drivers' names appear on certain documents due to a production error that has since been corrected; they have nothing to do with Plaintiffs' claims, as Plaintiffs concede. *See* Motion to Amend (ECF 3726 & 3727-4) at 3:25-26; Luther Decl. (ECF 3727-5 & 3726-1) ¶¶ 7-8; *see also* Exhibit E (ECF 3727-7) at 21:6-8 (Hannah Niles testifying that "there was a production issue and there is the -- an incorrect name pasted onto results for a different person").

For sealing purposes, the names of these other drivers are irrelevant portions of a background point to the Motion to Amend—their names are included in this filing by mere happenstance and have no bearing on this litigation or the public's ability to understand the merits of the litigation. Balanced against this is the drivers' privacy and reputational interests. Including these unrelated drivers' names in a filing in this litigation related to alleged sexual misconduct and assault would risk unfair reputational harm. *See* Cummings Decl. ¶ 4. Good cause exists to redact these non-party drivers' names due to "the absence of a connection with the factual allegations in this case" and "[their] non-involvement in this or related matters." *Liles*, 2024 WL 1971882, at *2; *see also Am. Auto. Ass'n*, 2019 WL 1206748, at *2; *Ancier*, 2015 WL 6757528, at *6; *Kwok Cheung Chow*, 2015 WL 5094744, at *5; *Price*, 2012 WL 12846100, at *1.

### Details Regarding Uber's Internal Systems

The other requested redactions in Exhibit F (269:9-271:8, 272:18-274:7) are related to testimony regarding Uber's proprietary internal systems.

Exhibit F contains testimony regarding Uber's investigation and discovery that, after being deactivated from the Uber platform, Mr. Orozco set up a separate driver account in Colombia. *See* Exhibit F at 267-69. When this was discovered, Uber immediately deactivated this new Colombian account. *Id.* at 271:16-22. The redactions at issue relate to testimony regarding the internal tools used by Uber to investigate and uncover this separate account. The testimony includes discussion of the technology, functionality, and procedures used by Uber for investigations and security.

Uber has expended significant time and resources in the development of its internal systems, software platforms, and investigative and security tools. This information is not publicly available and has been maintained by Uber as confidential. Public disclosure of this information risks competitive harm to Uber. Disclosure also poses security risks by publicly disclosing the manner in which Uber investigates and monitors safety concerns, which could be used by individuals attempting to circumvent these measures. Not only is the basis for sealing these narrow portions of Exhibit F very strong, but there are no countervailing considerations weighing against sealing. *Ctr. for Auto Safety*, 809 F.3d at 1097. There is no legitimate public interest in the disclosure of this information, which is background information to a background point in a non-dispositive motion—it is not critical, or even relevant, to the public's understanding of the merits of this litigation. *See* Cummings Decl. ¶ 5. Therefore, good cause exists to seal the portions of Exhibit F Defendants request. *See Calhoun*, 2022 WL 1122843, at *1-*2; *Brown*, 2022 WL 816078, at *1; *Blockchain Innovation*, 2024 WL 4394758; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2.

**B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

No less restrictive alternative to partially sealing the exhibits at issue, as requested above, is sufficient. Defendants have narrowly tailored their requests to seal, redacting the exhibits rather than sealing them in their entirety, narrowly tailoring their requested redactions, and requesting no sealing of the Motion to Amend itself, the Luther Declaration, or Exhibit D. Actions short of sealing the exhibits requested by Defendants would not protect Uber's competitive standing and legitimate interests in the confidentiality and security of the information about its internal systems or protect the legitimate privacy interests of drivers on the Uber platform with no relevance to the B.L. case. *See*

7

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3727]
Case No. 3:23-MD-3084-CRB

Cummings Decl. ¶¶ 2-6.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal.

DATED: August 29, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC