Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: *B.L. v. Uber Techs., Inc.*, No. 24-cv-7940 | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 3727]**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [ECF No. 3727] ("Statement in Support of Sealing").

2. I have reviewed Plaintiff B.L.'s Notice of Motion and Motion for Leave to Amend Bellwether Complaint, filed August 22, 2025, ECF 3727-4 & 3726 ("Motion to Amend"), the Declaration of Sommer Luther in Support of Motion to Amend, ECF 3727-5 & ECF 3726-1 ("Luther Declaration"), and the supporting exhibits to the Luther Declaration.

3. The documents at issue in Defendants' Statement in Support of Sealing are Exhibits E, F, and G in support of the Motion to Amend. The portions of these exhibits Defendants ask to seal consist of names of drivers on the Uber platform unrelated to the driver at issue in the B.L. bellwether case and confidential, proprietary information regarding Uber's internal systems, the disclosure of which would pose security risks. Defendants seek only to partially seal three exhibits through narrowly tailored redactions and do not seek any sealing of the Motion to Amend, the Luther Declaration, or Exhibit D. Nor do they seek to seal or partially seal any pleading in the Statement in Support of Sealing.

4. Exhibit E to the Luther Declaration consists of excerpts from the transcript of the July 10, 2025 deposition of Hannah Nilles. Exhibit F to the Luther Declaration consists of excerpts from the transcript of the August 7, 2025 Rule 30(b)(6) Deposition of Defendants by Hannah Niles, which was designated as Highly Confidential pursuant to Protective Order. Exhibit G to the Luther Declaration is an index produced by Defendants listing Bates numbers, names of drivers on the Uber

2

platform, and those drivers' UUID identification numbers. Defendants request very limited redactions in Exhibit E (at 19:21), Exhibit F (at 268:14, 15, 17-18), and Exhibit G ("Driver Name" column, rows 3-8) of the names of drivers on the Uber platform, *not including* the specific driver at issue in the B.L. case (Edwin Castaneda Orozco). On information and belief, the other drivers' names appear on certain documents due to a production error that has since been corrected; they have nothing to do with Plaintiffs' claims. For sealing purposes, the names of these other drivers are irrelevant portions of a background point to the Motion to Amend—on information and belief, their names are included in this filing by mere happenstance and have no bearing on this litigation or the public's ability to understand the merits of the litigation. Balanced against this is the drivers' privacy and reputational interests. On information and belief, including these unrelated drivers' names in a filing in this litigation related to alleged sexual misconduct and assault would risk unfair reputational harm.

5. The other requested redactions in Exhibit F (269:9-271:8, 272:18-274:7) are related to testimony regarding Uber's proprietary internal systems. Exhibit F contains testimony regarding Uber's investigation and discovery that, after being deactivated from the Uber platform, Mr. Orozco set up a separate driver account in Colombia. This testimony states that, when this was discovered, Uber immediately deactivated this new Colombian account. The redactions at issue related to testimony regarding the internal tools used by Uber to investigate and uncover this separate account. The testimony includes discussion of the technology, functionality, and procedures used by Uber for investigations and security. On information and belief, Uber has expended significant time and resources in the development of its internal systems, software platforms, and investigative and security tools. On information and belief, this information is not publicly available and has been maintained by Uber as confidential. Public disclosure of this information risks competitive harm to Uber. Disclosure also poses security risks by publicly disclosing the manner in which Uber investigates and monitors safety concerns, which could be used by individuals attempting to circumvent these measures. Not only is the basis for sealing these narrow portions of Exhibit F very strong, but there are no countervailing considerations weighing against sealing. There is no legitimate public interest in the disclosure of this information, which is background information to a background point in a non-

dispositive motion—it is not critical, or even relevant, to the public's understanding of the merits of this litigation.

      6.    No less restrictive alternative to partially sealing the exhibits at issue, as requested above, is sufficient. Defendants have narrowly tailored their requests to seal, redacting the exhibits rather than sealing them in their entirety, narrowly tailoring their requested redactions, and requesting no sealing of the Motion to Amend itself, the Luther Declaration, or Exhibit D. Actions short of sealing the exhibits requested by Defendants would not protect Uber's competitive standing and legitimate interests in the confidentiality and security of the information about its internal systems or protect the legitimate privacy interests of drivers on the Uber platform with no relevance to the B.L. case.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 29, 2025.        By:    <u>/s/ Daniel Cummings</u>
                                                               Daniel Cummings