1  ALLISON M. BROWN (Admitted *Pro Hac Vice*)
   alli.brown@kirkland.com
2  JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
   jessica.davidson@kirkland.com
3  CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
   christopher.cox@kirkland.com
4  **KIRKLAND & ELLIS LLP**
5  601 Lexington Avenue
   New York, NY 10022
6  Telephone: (212) 446-4800

7  MICHAEL B. SHORTNACY (SBN: 277035)
8  mshortnacy@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
9  2121 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
10 Telephone: (424) 285-8330

11
   PATRICK OOT (Admitted *Pro Hac Vice*)
12 oot@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
13 1800 K St. NW Ste. 1000
   Washington, DC 20006
14 Telephone: (202) 783-8400

15
   *Attorneys for Defendants*
16 UBER TECHNOLOGIES, INC.;
   RASIER, LLC; and RASIER-CA, LLC

17

18                       UNITED STATES DISTRICT COURT

19                      NORTHERN DISTRICT OF CALIFORNIA

20                            SAN FRANCISCO DIVISION

21 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB
   | PASSENGER SEXUAL ASSAULT |
22 | LITIGATION | **DEFENDANTS UBER TECHNOLOGIES,**
   |  | **INC., RASIER, LLC, AND RASIER-CA,**
23 |  | **LLC'S REPLY SUPPORTING MOTION TO**
   |  | **DISMISS CASES FOR FAILURE TO**
24 |  | **COMPLY WITH PTO 5**

25 | This Document Relates to: | Judge:     Honorable Charles R. Breyer
   |                           | Date:      October 3, 2025
26 | *D.P. v. Uber Technologies, Inc., et al.,* | Time:      10:00 a.m.
   | No. 3:24-cv- 04449-CRB | Courtroom: 6 – 17th Floor
27
   *Jane Roe CL 17 v. Uber Technologies,*
28 *Inc., et al.,* No. 3:24-cv-04915-CRB

| | |
|---|---|
| 1 | *Jane Roe CL 37 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05728-CRB |
| 2 | |
| 3 | *Jane Roe CL 38 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05729-CRB |
| 4 | *Jane Roe CL 67 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06191-CRB |
| 5 | |
| 6 | *Jane Roe CL 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06863-CRB |
| 7 | *Jane Roe CL 71 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06864-CRB |
| 8 | |
| 9 | *Jane Roe CL 76 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07569-CRB |
| 10 | *Jane Roe CL 77 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07571-CRB |
| 11 | |
| 12 | *Jane Roe CL 79 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07587-CRB |
| 13 | *A.R. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08177-CRB |
| 14 | |
| 15 | *Jane Roe CL 81 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08521-CRB |
| 16 | *Jane Roe CL 83 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08525-CRB |
| 17 | |
| 18 | *L.G. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09036-CRB |
| 19 | *Jane Roe CL 88 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09145-CRB |
| 20 | |
| 21 | *G.C. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09195-CRB |
| 22 | *Jane Roe CL 91 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09235-CRB |
| 23 | |
| 24 | *Jane Roe CL 92 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09237-CRB |
| 25 | *Jane Roe CL 93 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09549-CRB |
| 26 | |
| 27 | *Jane Roe CL 98 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-00853-CRB |
| 28 | *Jane Roe CL 101 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01118-CRB |

1 | *Jane Roe CL 102 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01120-CRB

2

3 | *Jane Roe CL 107 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01470-CRB

4 | *Jane Roe CL 109 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01652-CRB

5

6 | *Jane Roe CL 110 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01653-CRB

7 | *Jane Roe CL 114 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01942-CRB

8

9 | *C.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01961-CRB

10 | *Jane Roe CL 118 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02132-CRB

11

12 | *Jane Roe CL 119 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02133-CRB

13 | *Jane Roe CL 122 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02138-CRB

14

15 | *Jane Roe CL 126 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02495-CRB

16 | *Jane Doe NLG (PB) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02938-CRB

17

18 | *Jane Roe CL 138 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03137-CRB

19

20 | *Jane Roe CL 139 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03255-CRB

21 | *Jane Roe CL 147 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03811-CRB

22

23 | *Jane Roe CL 148 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03812-CRB

24 | *Jane Roe CL 150 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03815-CRB

25

26 | *Jane Roe CL 151 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03816-CRB

27 | *Jane Roe CL 158 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04038-CRB

28

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5
Case No. 3:23-MD-3084-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Jane Roe CL 160 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04205-CRB

*Jane Roe CL 161 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04206-CRB

*Jane Roe CL 164 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04587-CRB

*Jane Roe CL 165 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04589-CRB

*Jane Roe CL 166 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04591-CRB

*Jane Roe CL 167 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04670-CRB

*Jane Roe CL 169 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04672-CRB

*Jane Roe CL 170 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04705-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to produce a bona ride receipt or information form despite this Court's order directing them to do so months ago. ECF No. 175 at 2-3. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court issue one final order compelling Plaintiffs to submit ride receipts or information forms within 14 days or face dismissal with prejudice is entirely reasonable.

Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Drumgoole v. American Airlines, Inc.,* 316 F. App'x 606, 607 (9th Cir. 2009); *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-24 (9th Cir. 2006); *Doe v. Tapang,* No. 18-cv-07721-NC, 2020 WL 13499905, at *4 (N.D. Cal. Jan. 28, 2020); *Briseno v. Saratoga Pizza Corp.,* No. NO. C 08-00873 JW, 2009 WL 10695148, at *4 (N.D. Cal. June 5, 2009); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

Some of the Plaintiffs who failed to submit ride receipts or information forms have not responded to Uber's motion, and for that reason alone the motion should be granted as to those Plaintiffs. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Other Plaintiffs responded, but only to state that in the time since Uber filed its motion, they produced ride receipts or information forms and therefore should be removed from the motion, which Uber does not oppose. A final group of Plaintiffs argues that dismissal is inappropriate because their failure to produce was not willful, but in fact willfulness includes any "[d]isobedient conduct not shown to be outside the litigant's control." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002).

# ARGUMENT

## I. Four Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.

The Meyer Wilson firm, representing Plaintiffs in *D.P. v. Uber Technologies, Inc., et al.,* No. 3:24-cv- 04449-CRB; *A.R. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08177-CRB; and *G.C. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09195-CRB, did not file a response in opposition to Uber's Motion to Dismiss. Neither did the pro se Plaintiff in *L.G. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09036-CRB. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). This is true even for *pro se* plaintiffs, who are bound by the rules of procedure like any other litigant. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Moreover, each of these four Plaintiffs has had significant time to become compliant with PTO 5, but has not done so. D.P. filed the case more than a year ago, on July 23, 2024; A.G. filed on November 20, 2024; L.G. on December 13, 2024; and G.C. on December 18, 2024. All four were sent delinquency notices on July 9, 2025, some 55 days ago. None have produced ride receipts or information forms or otherwise responded to their delinquency notice. Thus, because Plaintiffs D.P., A.R., G.C., and L.G. compounded their failure to timely produce ride receipts or information forms by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to those Plaintiffs.

## II. Uber withdraws its motion as to Plaintiffs who have subsequently produced ride receipts or information forms.

The sole argument in the Wagstaff Law Firm's opposition (ECF No. 3761) is that the Plaintiff in *C.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01961-CRB, produced a ride receipt on August 26, 2025, and therefore should not be subject to dismissal with prejudice. Similarly, Cutter Law P.C.'s opposition (ECF No. 3760) asserts that, following Uber's motion, counsel assisted the following Plaintiffs in producing a ride receipt or information form:

*Jane Roe CL 70 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06863-CRB
*Jane Roe CL 76 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07569-CRB
*Jane Roe CL 93 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09549-CRB
*Jane Roe CL 118 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02132-CRB
*Jane Roe CL 138 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03137-CRB
*Jane Roe CL 150 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03815-CRB
*Jane Roe CL 161 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04206-CRB
*Jane Roe CL 167 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04670-CRB

Uber has confirmed that these plaintiffs have in fact produced ride receipts or information forms; however, these plaintiffs have not offered any excuse for their late submissions, some of which are more than 6 months late. Uber should not have to file a dispositive motion in order for plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves any potential arguments regarding the sufficiency of their submissions, and reserves the right to seek an award of sanctions against Plaintiffs or counsel for continued disregard of this Court's orders.

**III.     Because Plaintiffs have not shown their disobedience of this Court's order was outside their control, dismissal is appropriate.**

Without directly tying their argument to any of the five factors for assessing dismissal from *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), the Cutter Law Plaintiffs argue that:

> there are many circumstances that may occur to render information not readily available to comply with PTO 5 discovery obligations. For example, Plaintiff contact information changes, or friends who may have ordered referenced rides also lose touch with Plaintiffs as life or circumstances change. New contact information or changing friendships does not mean a Plaintiff has willfully disregarded their obligation. However, it does mean that additional steps may need to be taken to locate information or assist clients in locating information required to comply with PTO 5. These Plaintiffs do not therefore deserve to have their cases dismissed with prejudice as a result.

ECF No. 3760 at 4. Plaintiffs cite no legal authority in support of this argument, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court

3

orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). Moreover, even if the hypothetical circumstances raised by the Cutter Plaintiffs lead to a delay in obtaining a ride receipt, Plaintiffs should still have been able to comply with their court-ordered PTO 5 obligations by submitting a ride information form.

Plaintiffs are also incorrect in their assumption that their disobedience of this Court's order cannot be considered willful simply because they have raised vague excuses for it. "To be willful the failure need not necessarily be accompanied by wrongful intent." *Horsley v. United States,* No. 83-cv-0102, 1985 WL 2655, at *4 (N.D Cal. June 5, 1985). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v*, 285 F.3d at 905. There is nothing in the record to suggest that Plaintiffs failed to meet their deadlines to produce ride receipts or information forms due to circumstances beyond their control. *See Hilton v. Pagnini Worldwide LLC,* No. 19-cv-1848, 2020 WL 2528935, at *2 (N.D. Cal. April 16, 2020). Indeed, Plaintiffs' Oppositions fail to allege facts specific to any individual Plaintiff to explain the failure to produce; they offer only "vague [and hypothetical] excuses" about new contact information and changing friendships of the type courts have previously been "unmoved by." *United States v. Passegger,* No. 5:22-cv-875, 2025 WL 2074359, at *2 (C.D. Cal. March 6, 2025). Nor did any of the Plaintiffs seek an extension for their deadlines from Uber by explaining any extenuating circumstances that might justify a delay in compliance. Because Plaintiffs have not shown their failure to abide by this Court's discovery order was outside of their control, and their deadlines to comply occurred as long as 10 months ago, dismissal with prejudice is appropriate. *See Ruelas v. Alameda Cnty.,* No. 19-cv-07637, 2023 WL 8173675, at *3 (N.D. Cal. April 14, 2023).

## IV.  Conclusion

Plaintiffs' failure to comply with court orders and rules continues, with some Plaintiffs even failing respond to Uber's motion to dismiss their cases. Those Plaintiffs who have responded to oppose Uber's motion despite non-compliance have not even attempted to rebut Uber's showing that it has been prejudiced by their failure to produce ride receipts or information forms and the *Malone* factors all favor dismissal. Rather, they raise vague, hypothetical excuses that are wholly insufficient

to negate their willful violation of this Court's order. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: September 2, 2025	SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
　　MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC