ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER** |
| This Document Relates to:<br><br>*Jane Roe CL 125 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02233-CRB | Judge: Honorable Charles R. Breyer<br>Date: October 3, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1  *Jane Roe CL 128 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02497-CRB

2

3  *L.L. (5) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03742-CRB

4  *Roe CL 148 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03812-CRB

5

6  *Roe CL 147 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03811-CRB

7  *Roe CL 149 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03813-CRB

8

9  *Roe CL 150 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03815-CRB

10  *Jane Roe CL 151 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-03816-CRB

11

12  *Jane Doe CL 156 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-03944-CRB

13  *Jane Roe CL 158 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-04038-CRB

14

15  *Jane Roe CL 160 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-04205-CRB

16  *Jane Roe CL 161 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-04206-CRB

17

18  *Jane Roe CL 163 v. Uber Technologies, Inc.,* et al., No. 3:25-cv-04386-CRB

19  *T.S. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-00635-CRB

20

21  *C.B. (2) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01961-CRB

22  *Jane Doe LS 596 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04069-CRB

23

24  *Jane Doe LS 597 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04070-CRB

25  *Jane Doe LS 598 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04071-CRB

26

27  *Jane Roe Cl 165 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04589-CRB

28

1  *Jane Roe Cl 166 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04591-CRB

2

3  *S.Y. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04629-CRB

4  *Jane Doe LS 600 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04631-CRB

5

6  *T.T. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04647-CRB

7  *Jane Roe CL 167 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04670-CRB

8

9  *Jane Roe CL 169 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04672-CRB

10  *Jane Doe LS 601 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04699-CRB

11

12  *Jane Roe Cl 170 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04705-CRB

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

In its Motion to Dismiss Cases for Failure to Comply with Court Order, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve a PFS despite this Court's Order directing them to do so months ago. PTO 10 at 5–6, ECF, No. 348. These Plaintiffs' violation of the Court's Order impairs Uber's ability to defend itself in this MDL by (1) unilaterally excluding these Plaintiffs from consideration as bellwether cases, and (2) impeding Uber's ability to adequately investigate the claims against it under the immense time pressure of an MDL. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Uber's request that the Court issue one final order compelling Plaintiffs to submit a PFS within 14 days or face dismissal with prejudice is entirely reasonable.

Nothing that Plaintiffs have argued in their barebones Oppositions to Motion to Dismiss persuades otherwise. Indeed, many of their responses are near regurgitations of the same arguments already lodged in opposition to a previous Motion to Dismiss against a similar group of Plaintiffs by the same law firms (*See, e.g.*, ECF No. 3609 (Wagstaff), ECF No. 3605 (Cutter Law), and ECF No. 3610 (Levin Simes)), which this Court has summarily rejected. *See* ECF No. 3666 (Breyer, J.) (granting Motion to Dismiss without Prejudice for Failure to Comply with Court Order).[1] Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Indeed, courts have repeatedly ordered cases dismissed with prejudice under similar circumstances. *See, e.g., In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020); *Guidant*, 496 F.3d at 865-66; *In re*

---

[1] Moreover, Levin Simes filed its Opposition after the deadline established by the Federal Rules of Civil Procedure and this Court's Local Rules, and accordingly should be afforded little weight.

1  *Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019).

Plaintiffs' responses to Uber's Motion to Dismiss fall into five categories:

(1) Some Plaintiffs have responded primarily to quibble with the procedure followed by Uber to file this motion to dismiss. *See* ECF No. 3724 at 2. Uber has appropriately filed a motion to dismiss as permitted by Federal Rules of Civil Procedure 37 and 41.

(2) Another group of Plaintiffs[2] responded solely to argue that, following Uber's motion, they submitted a PFS and should not be subject to dismissal with prejudice. ECF No. 3758 at fn. 1; ECF No. 3744 at 1-2. Uber has confirmed that these Plaintiffs have in fact submitted a PFS, and therefore withdraws its motion as to these Plaintiffs, although it reserves any potential arguments regarding the sufficiency of their submissions.[3]

(3) Other Plaintiffs have maintained that, although they have failed to submit fact sheets, they have good reasons for not doing so and, regardless, this Court should excuse this failure for various reasons, including because other Plaintiffs have submitted a PFS in other cases. *See* ECF No. 3744 at 1; ECF No. 3724 at 1-2; ECF 3758 at 1. However, as counsel well knows, Plaintiffs have filed individual cases, *not* class actions, and therefore they must individually comply with the Court's orders. *See Sanchez v. Autozone, Inc.,* No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018). They cannot excuse their individual noncompliance by pointing to others' compliance.

(4) Still, other Plaintiffs contend that Uber has not been harmed by their failings. ECF No. 3724 at 2; ECF No. 3758 at 4-5. As set forth in Uber's Motion to Dismiss and this Reply, Uber has been harmed– as has this Court–by Plaintiffs non compliance with this Court-ordered procedure.

(5) Finally, Plaintiffs contend that dismissal is too drastic a remedy. *See* ECF No. 3724 at 2; ECF No. 3758 at 5-7. This assertion is meritless, however, because every Plaintiff subject to Uber's motion received warning of their noncompliance and the opportunity to cure, and many have already been

---

[2] Jane Roe C.L. 149 (3:25-cv-03813), Jane Roe CL 150 (3:25-cv-03815), Jane Roe CL 161 (3:25-cv-04206), Jane Doe LS 600 (3:25-cv-04631), Jane Roe CL 167 (3:25-cv-04670), Jane Roe CL 169 (3:25-cv-04672).

[3] Jane Doe LS 596 (3:25-cv-04069) voluntarily dismissed her case on August 28, 2025.

given extensions, making dismissal an appropriate remedy. *See, e.g., Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).

## ARGUMENT

### I.  Uber's Motion Was Procedurally Proper

The Wagstaff Law Firm argues that Uber's Motion to Dismiss was "procedurally improper" and "premature" because it should have instead first sought an order to show cause. ECF No. 3724 at 2. In addition, the Wagstaff Law Firm argues that Uber needed to make a record to support "the requisite showing of 'flagrant disregard.'" *Id.*

First, Plaintiffs' argument that a motion for an order to show cause was required is simply incorrect, as evidenced by their lack of cited authority for such a notion. The Ninth Circuit has long been clear that a motion to dismiss is an appropriate vehicle to seek relief under Federal Rule of Civil Procedure 37, as Uber has done here. *See Anheuser Busch, Inc. v. Natural Beverage Distrib.,* 69 F.3d 337, 348 (9th Cir. 1995). In addition, the plain language of Federal Rule of Civil Procedure 41 states that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." (emphasis added).

Furthermore, contrary to Plaintiffs' assertion, "flagrant disregard" is not required for dismissal and misstates the requisite showing which is "noncompliance… due to willfulness, fault, or bad faith." *Fjelstad v. Honda Motor Co., Inc.,* 762 F.2d 1334, 1337 (9th Cir. 1985). Although the Ninth Circuit has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather, "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). Uber's motion shows that Plaintiffs have disobeyed this Court's order and Plaintiffs have not shown the disobedience to be outside their control. Indeed, Plaintiffs have provided no individualized facts but only generalized, hypothetical excuses for their failure to comply with the Court's order.

Finally, Levin Simes LLP argues that Uber did not meet and confer regarding this issue for a subset of these clients, thus allegedly prejudicing Plaintiffs. ECF No. 3758 at 1-2. However, Plaintiffs

have had ample notice in this case of their PFS delinquencies. In fact, Uber sent a Notice of Delinquency in late June or early July 2025 to every Plaintiff at issue here warning them of their failure to submit a PFS and giving them thirty days to respond or cure. Moreover, Uber and Levin Simes recently addressed delinquent PFS responses in the Joint Statement filed on July 24 of this year. In other words, the parties' positions are known to one another and there is nothing further to discuss, more so where Plaintiffs refuse to comply with a Court Order. And, as courts in this Circuit have recognized, the meet and confer requirement can be excused where, as here, meeting and conferring would be futile. *Tapgerine, LLC v. 50Mango, Inc*., No. C 16-06504, 2017 WL 1956874, at *3 (N.D. Cal. May 11, 2017).

**II.     Plaintiffs' Failure to Comply with this Court's PFS Deadline Cannot Be Excused and Mandate Dismissal Under the First and Second *Malone* Factors**

Plaintiffs offer various excuses as to why their noncompliance is either understandable or minimal in context and why the Court should not be bothered by it. These attempts to explain away their noncompliance are unavailing. At bottom, the Court still has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized by *Malone*. 833 F.2d at 130. The Levin Simes Plaintiffs essentially argue that these first two factors under *Malone* should be ignored because their own failure to comply with the Court's order "can be endured" and has not rendered the Court's docket "unmanageable." ECF 3758 at 3-4. Levin Simes cites just one case in support of their argument, but that case did not hold that courts must endure violations of their orders *until* their dockets become unmanageable. Instead, the Ninth Circuit in that case actually found that the first two *Malone* factors **favored** dismissal for failure to prosecute and **affirmed** the dismissal of plaintiff's case. *In re Eisen,* 31 F.3d 1447, 1451-52 & 1456 (9th Cir. 1994).

Whether couched in the language of the *Malone* factors or not, Plaintiffs cannot ignore this Court's obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation. At various points in their Oppositions, Plaintiffs' counsel all make various shades of the same argument–essentially that the Court should turn a blind eye to their noncompliance

1  because there are many reasons why a survivor of an alleged sexual assault might be difficult to locate
2  or become unavailable. *See, e.g.*, ECF No. 3724 at 2 ("the process of producing a PFS is a multifaceted
3  task that requires a survivor to confront their traumatizing experience head on and it is often
4  uncomfortable and overwhelming"), ECF No. 3758 at 6 ("[t]here are many reasons why these victims
5  of sexual assault could be unresponsive" and "[t]hese cases often involve young women who are
6  mobile"). ECF No. 3610 at 7. While there might be various challenges confronting Plaintiffs who have
7  allegedly suffered all types of harms, courts have recognized that "difficulty in locating clients" and
8  "the debilitating nature of the injuries at issue" are not adequate excuses for the failure to comply with
9  a court order. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006);
10 *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2
11 (N.D. Cal. Aug. 15, 2024) ("Defendants' travel schedule is no excuse for failure… to comply with the
12 court's discovery orders."). By choosing to file their lawsuits, Plaintiffs have agreed to take on the
13 burdens of compliance with court orders, which are by their nature sometimes unpleasant or even
14 "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI,
15 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

16  The Levin Simes Plaintiffs also complain that "Uber's motion fails to consider the progress
17 that has been made on this issue," seemingly arguing that both Uber and the Court should accept its
18 partial compliance as good enough, noting that Levin Simes has submitted a PFS in many *other* cases.
19 ECF No. 3758 at 1 and 3. However, it cannot be overstated that this is not a class action but an MDL
20 and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re
21 Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual discovery
22 obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez,* 2018 WL
23 6137165, at *5. The fact that some *other* Levin Simes Plaintiffs have submitted a PFS does not excuse
24 the failure of the Levin Simes Plaintiffs at issue here to comply with this Court's order to timely submit
25 a PFS, any more than the fact that other plaintiffs in other cases have complied with other court orders.
26 As the Court put it in *Holley v. Gilead Sciences, Inc*., MDLs "are not class actions. You have 1,000
27 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate
28

a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

Notwithstanding these proffered justifications for flouting this Court's orders, the Court still has a heavy interest in managing its own docket and safeguarding the public's interest in expeditious resolution of this litigation, and these factors militate in favor of dismissal.

### III. Uber Has Been Prejudiced By Plaintiffs' Failure to Timely Submit PFS and Thus the Third *Malone* Factor Has Been Satisfied

Those Plaintiffs who address the third *Malone* factor argue that their failure to comply with this Court's Order to timely submit a PFS does not "impair [Uber's] ability to go to trial or threaten to interfere with the rightful decision of the case." ECF No. 3610 at 4-6. Again, Plaintiffs cite only to cases that actually **affirmed** dismissal in whole or in part. *PPA,* 460 F.3d at 1252; *Malone,* 833 F.2d at 134. They argue that *PPA* is distinguishable because the failure to submit a PFS in that case prevented other discovery deadlines from being triggered (ECF No. 3610 at 5), but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA,* 460 F.3d at 1227. Without even discussing the delay in other types of discovery, the court approved the district court's reasoning that:

> unreasonable delay in completing Fact Sheets prejudiced the defendants' ability to proceed with the cases effectively…. [T]he purpose of the Plaintiff's Fact Sheet was to give each defendant the specific information necessary to defend the case against it, and… without this device, a defendant was unable to mount its defense because it had no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint…. Allen's and Anderson's inability or unwillingness to furnish the information requested in a timely fashion was not excusable…. Failure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records.

*Id.* at 1234. The same is true here. Not only has each Plaintiff's failure to provide a PFS directly prejudiced Uber's ability to select bellwether cases, it has also prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual plaintiffs or their injuries outside the allegations of the complaint. *See Bextra*, 2007 WL 136625, at *1. And Uber will also have to contend with the danger that evidence and memory will be lost with the Plaintiffs' delay

in submitting their PFS. *Id.* The prejudice to Uber is particularly acute given that it must prepare to defend thousands of cases in a short time frame. *See Guidant*, 496 F.3d at 867. By failing to timely submit information that should be readily available to them, Plaintiffs are unfairly, and now knowingly, depriving Uber of time it needs to prepare its defenses in this complex litigation.

Nor have Plaintiffs mitigated the harm to Uber as they suggest. The Levin Simes Plaintiffs claim that they have "provided pertinent case information for each Plaintiff" to Uber "where possible." ECF 3758 at 2 & 5. Their hedge is telling. In many cases, these Plaintiffs have apparently not found it "possible" to provide Uber with details about their cases, as they have not done so. In many cases, Uber still lacks the basic information necessary to assess the veracity of the Plaintiff's allegations, including Plaintiff's educational and employment history, details regarding the alleged incident beyond the date and state where it occurred, any information about Plaintiff's alleged injuries, and signed authorizations necessary for Uber to collect medical and law enforcement records. Regardless, this Court ordered Plaintiffs to timely submit a PFS, not simply to provide Uber with whatever information they happen to find it convenient to share, without verification and outside the Court ordered PFS process. The Plaintiffs at issue in this motion have not complied with that order and Uber's ability to defend itself has been significantly prejudiced.

**IV.    Plaintiffs' Failure to Comply with the Court's Order Overrides the Public Policy Favoring Disposition on the Merits, and No Less Drastic Sanction is Available**

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And, despite Plaintiffs' contrary arguments (ECF No. 3758 at 5-6, ECF No. 3724 at 2), dismissal is not too drastic a sanction in this case. As set forth in Uber's Motion, some of the Plaintiffs at issue in this motion have previously received an extension of their deadline to submit a PFS. All of

the Plaintiffs at issue have received a Delinquency Notice informing them of the missed deadline and giving them an *additional* thirty days to submit a PFS or otherwise respond. Going further, if Plaintiffs were given even more time to comply and still fail to do so, would they *then* concede to dismissal with prejudice? There is no situation in which an unsubstantiated claim should persist in this litigation, particularly given the fact that many other Plaintiffs are fully able to submit the required information, despite the "uncomfortable and overwhelming" nature of their claims. ECF No. 3758 at 6.

Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting immediate dismissal of Plaintiffs cases despite their long-term non-compliance with this Court's order and previous warnings, but rather **another warning** followed by dismissal fourteen days later if Plaintiffs still fail to comply. This is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a PFS, which would be contrary to law and highly prejudicial to Uber.

### V.     Conclusion

Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers into intentional avoidance of Court-mandated deadlines in pursuit of allegations that seemingly have no plaintiff attached to them. Those Plaintiffs raise procedural and substantive objections, but none of them change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a complete and verified Plaintiff Fact Sheet. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: September 2, 2025                                    SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC