Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)

**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe QLF 0001 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08387-CRB | Case No. 3:23-md-03084-CRB<br><br>**ANSWER TO AMENDED BELLWETHER COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>Judge:         Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

Defendants Uber Technologies, Inc.; Rasier, LLC; and Rasier-CA, LLC (together, "Uber" or "Defendants") make the following response to Plaintiff's Amended Bellwether Complaint and Demand for Jury Trial ("Complaint"):

## I. Designated Forum

**RESPONSE TO PARAGRAPH NO. 1:**

Uber admits that Plaintiff has identified the Northern District of California as the Federal District Court in which the Plaintiff would have filed in the absence of direct filing.

## II. Identification of Parties

**RESPONSE TO PARAGRAPH NO. 2:**

Uber admits that Plaintiff has identified herself as Jane Doe QLF 0001. Uber is without knowledge or information sufficient to form a belief as to the truth of the other allegations in Paragraph 2 of the Complaint and therefore denies same.

**RESPONSE TO PARAGRAPH NO. 3:**

Uber admits that Plaintiff has represented that she resides in Fort Worth, Tarrant County, Texas.

**RESPONSE TO PARAGRAPH NO. 4:**

Defendants admit that Plaintiff has brought the above-captioned lawsuit against Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC but denies Plaintiff is entitled to relief from any Defendant.

**RESPONSE TO PARAGRAPH NO. 5:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 6:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 7:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 8:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 9:**

Uber admits that an individual named Victor Huynh Le had access to the driver version of the Uber app on June 9, 2020. Uber is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 9 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 10:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 11:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 12:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 13:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 14:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 15:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 16:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 17:**

Uber admits that an individual named Victor Huynh Le had access to the driver version of the Uber App on January 12, 2020. Uber is without knowledge or information sufficient to form a belief as to the truth of remaining allegations in Paragraph 17 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 18:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 19:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 18 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 20:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 20 of the Complaint as stated and therefore denies the same.

**RESPONSE TO PARAGRAPH NO. 21:**

Uber denies the allegations in Paragraph 21 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 22:**

Uber denies the allegations in Paragraph 22 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 23:**

Uber admits that it received a communication from a rider on February 13, 2020 and that selected portions of that communication and Uber's response are excerpted or paraphrased in Paragraph 23 of the Complaint. Uber respectfully refers to any such communication for its complete contents and denies any characterizations of the referenced material in Paragraph 23 of the Complaint. Uber denies the remaining allegations in this Paragraph.

**RESPONSE TO PARAGRAPH NO. 24:**

Uber denies the allegations in Paragraph 24 of the Complaint.

### III.   Causes of Action Asserted

**RESPONSE TO PARAGRAPH NO. 25:**

Paragraph 25 of the Complaint is not directed to Uber and does not require a response. To the extent a response is required, Uber denies that Plaintiff is entitled to relief under any of the claims identified in this paragraph.

### IV.   Additional Allegations in Support of Products Liability Claims

**RESPONSE TO PARAGRAPH NO. 26:**

Paragraph 26 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 26 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 27:**

Paragraph 27 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 27 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 28:**

Paragraph 28 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 28 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 29:**

Paragraph 29 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 29 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 30:**

Paragraph 30 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 30 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 31:**

Paragraph 31 of the Complaint does not require a response because the related claim was dismissed by the Court in PTO 28. To the extent a response is required, Uber denies the allegations in Paragraph 31 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 32:**

Uber denies the allegations in Paragraph 32 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 33:**

Uber denies the allegations in Paragraph 33 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 34:**

Uber denies the allegations in Paragraph 34 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 35:**

Uber denies the allegations in Paragraph 35 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 36:**

Uber is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36 of the Complaint as stated and therefore denies same.

**RESPONSE TO PARAGRAPH NO. 37:**

Uber denies the allegations in Paragraph 37 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 38:**

Uber denies the allegations in Paragraph 38 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 39:**

Uber denies the allegations in Paragraph 39 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 40:**

Uber denies the allegations in Paragraph 40 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 41:**

Uber denies the allegations in Paragraph 41 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 42:**

Uber denies the allegations in Paragraph 42 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 43:**

Uber denies the allegations in Paragraph 43 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 44:**

Uber denies the allegations in Paragraph 44 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 45:**

Uber denies the allegations in Paragraph 45 of the Complaint.

**RESPONSE TO PARAGRAPH NO. 46:**

Uber denies the allegations in Paragraph 46 of the Complaint.

## AFFIRMATIVE & OTHER DEFENSES

1. *Intervening/superseding criminal act*. The damages of which Plaintiff complains were proximately caused or contributed to by the criminal acts of other persons.

2. *Failure to join indispensable parties*. Plaintiff's claims are barred by her failure to join parties who are necessary and indispensable, including the driver who allegedly committed the acts giving rise to her lawsuit.

3. *Good faith*. Defendants acted in good faith, dealt fairly with Plaintiff, and gave adequate warnings to Plaintiff with regard to all known or reasonably knowable risks associated with the use of the Uber service.

4. *Independent contractor*. Plaintiff's claims are barred, in whole or in part, under the independent contractor defense, as the driver alleged to have committed the acts giving rise to this lawsuit was independently responsible for his own means, methods, and actions.

5. *Apportionment of fault/comparative fault*. Any alleged damages awarded to Plaintiff must be apportioned according to the respective fault of the parties, persons and entities who contributed to Plaintiff's supposed losses or injuries.

6. *Consent/assumption of risk.* Plaintiff consented to the use of the Uber service knowing the nature and potential risks surrounding that service.

7. *Offset/failure to mitigate damages.* Plaintiff is not entitled to recover any damages due to her own failure to take reasonable efforts to mitigate the amount of those damages. And to the extent she has mitigated her damages, the costs incurred by Plaintiff were (or will be) borne, in whole or in part, from collateral sources, including through insurance.

8. *Joint and several liability.* Any liability for any non-economic damages awarded to Plaintiff must be limited by California Civil Code § 1431.2, which limits Uber's responsibility to its proportionate share of those damages.

9. *Prior release/limitation of liability and damages (Terms of Use).* Plaintiff's claims are barred by a prior release of all claims pursuant to Uber's Terms of Use, which disclaim any liability or damages resulting from the actions of third-party drivers.

10. *Abstention.* The Court should abstain from adjudicating Plaintiff's claims in deference to the limitations provided by California Public Utilities Code Section 1759.

## JURY TRIAL DEMANDED

Defendants hereby demand a trial by jury on all issues so triable.

DATED: September 2, 2025

Respectfully submitted,

*/s/Laura Vartain Horn*
Laura Vartain Horn

Laura Vartain Horn (SBN 258485)
laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

---

ANSWER TO PLAINTIFF'S AMENDED BELLWETHER COMPLAINT

9

MDL No. 3.23-md-03084-CRB,
Case No. 3.24-cv-08387-CRB