UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO ENFORCE PROTECTIVE ORDER**<br><br>Re: Dkt. No. 3695 |

Pending before the Court is Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, Uber)'s Motion for Enforcement of the Protective Order (Motion). Dkt. No. 3695. This Order presumes the parties' familiarity with the facts and history of this litigation. Uber asserts that an article published in the New York Times revealed information governed by the protective order in this litigation, specifically a compilation of documents filed under seal in the parallel JCCP proceeding in California state court. Uber moves to enforce the protective order by requiring all plaintiffs' law firms in this MDL to certify that they have contacted any of their agents or employees who had access to that filing and confirmed that they did not share the documents with the New York Times. *See* Dkt. No. 3772 at 3 (reply brief, setting forth Uber's latest proposed certification).

Plaintiffs do not dispute that sealed filings from the JCCP appear to have been disclosed, but argue that "Uber strains to tie the alleged disclosure to MDL counsel,"[1] and assert that their

---

[1] Uber's eDiscovery Manager William Anderson attests that he contacted all Uber employees who had access to the compilation of documents at issue and they "confirmed that they had not shared or in any way provided access to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly." Dkt. No. 3695-3, ¶ 4; *see also* Dkt. Nos. 3695-4 – 3695-7 (similar declarations by Uber's outside counsel). Even if those confirmations are accurate, that does not rule out other potential sources besides Plaintiffs' counsel in this MDL—or at least counsel who are not also (and perhaps more) involved in the JCCP litigation. *See, e.g.*, Dkt. No. 3772 at 4 (Uber's reply, asserting deficiencies in representations made by Plaintiffs' lead

co-lead counsel, at least, have no knowledge of how the disclosure might have occurred. Dkt. No. 3765 at 2. Plaintiffs contend that to the extent the disclosed material is comprised of JCCP court filings, such material is not addressed by the MDL protective order. *Id.* at 6; No. 3695-9 at 3–4 (Protective Order, Paras. 2.3 and 2.8, Confidential and Highly Confidential information and items consist of "Discovery Material"). If this Court were to grant relief, Plaintiffs argue that Uber's proposed remedy is overly broad and burdensome. Dkt. No. 3765 at 7–8.

At bottom, the issues are whether disclosures occurred in violation of the MDL protective order, the source(s) of such disclosure(s), and what measures within this MDL are appropriate to undertake to identify the source of the violative disclosure(s), if they occurred.[2] For the following reasons, the Court defers ruling on the Uber's Motion.

As discussed at the hearing on August 28, 2025, because this matter concerns a sealed filing the JCCP, it is best addressed to that court in the first instance, even if the materials at issue were also governed by the protective order here, and some (although it is not clear if all) of the law firms in this litigation had access to the filing. Though Judge Schulman (presiding in the JCCP matter) denied an impromptu request by Uber to serve subpoenas on Plaintiffs' counsel, he did not foreclose further action presented in a more orderly fashion—i.e., on a motion after Uber's counsel has met and conferred with Plaintiffs' counsel. The Court further notes that the parties' positions on the matter appear to still be in flux, there is some uncertainty as to which Plaintiffs' firms here had access to the filing at issue at all, and Uber has cited no legal authority for the particular approach of a compelled investigation and certification that it proposes.

That is not to say that the Court has foreclosed endorsing Uber's proposal at an appropriate juncture with further development of the record. Any violation of the protective order is a serious matter, and a certification by Plaintiffs' counsel might be less burdensome than, for example,

---

counsel in the JCCP matter). For now, this Court does not reach the question of to what degree, if any, Uber might be required to eliminate other potential sources of the disclosure before obtaining relief here.

[2] According to Uber, some of the disclosed material, which it had designated as confidential, was the subject of a tentative ruling by Judge Schulman that some of the material should be unsealed. ECF No. 3695 at 8. The timing and specifics of Judge Schulman's ruling are not detailed in record, though Uber quotes from the *New York Times* article that "the [sealed] records have yet to be released." *Id.*

2

authorizing Uber to take discovery from its opponents' attorneys. Under the present circumstances, however, Uber should first meet and confer with Plaintiffs' counsel in the JCCP as Judge Schulman instructed, and as needed, pursue relief from the court whose sealed filing appears to have been disclosed.

The Court therefore defers ruling on the Motion for forty-five days from the date of this Order to allow Uber to further address the issue in the JCCP, and to develop a more fulsome factual record and legal argumentation regarding the appropriate intervention to enforce the MDL protective order. The parties shall meet and confer prior to the expiration of that period, and file either a stipulation and proposed order or a joint letter (the latter not to exceed three pages) setting forth a proposed briefing schedule that will allow the parties and the Court to address any relevant intervening developments.

Uber may request an earlier resolution of the Motion by filing a supplemental brief, not to exceed six pages, and supporting evidence that addresses: (1) relevant developments in the JCCP, namely the filing of a motion for relief and any resolution by Judge Schulman; (2) specific, non-speculative reason(s) to believe that materials at issue were disclosed by a party or attorney in this MDL[3]; or (3) other developments that the Court may not have anticipated at this time and that present good cause to allow Uber to renew the motion despite neither of the first two conditions listed here being satisfied. Regardless of which prong of that test Uber relies on, Uber must meet and confer with Plaintiffs' co-lead counsel before filing such a supplemental brief. If Uber files such a supplemental brief, Plaintiffs may file a response no later than three business days after Uber's filing.

//
//
//
//
//

---

[3] The specific, non-speculative reason(s) must go beyond evidence that certain Plaintiffs' counsel in the MDL merely had access to the documents at issue.

3

In the meantime, Plaintiffs' co-lead counsel are ORDERED to cooperate with Uber's counsel in helping Uber to understand which Plaintiffs' attorneys in this MDL had access to the JCCP filing at issue and how such access was managed.

**IT IS SO ORDERED.**

Dated:  September 3, 2025

_____
LISA J. CISNEROS
United States Magistrate Judge