1  LAURA VARTAIN HORN (SBN: 258485)
     laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
3  555 California Street, 30th Floor
   San Francisco, CA 94104
4  Telephone: (415) 439-1625

5  ALLISON M. BROWN (*Pro Hac Vice* admitted)
     allison.brown@kirkland.com
6  JESSICA DAVIDSON (*Pro Hac Vice* admitted)
     jessica.davidson@kirkland.com
7  601 Lexington Avenue
   New York, NY 10022
8  Telephone: (212) 446-4723

9
   *Counsel for Defendants*
10 UBER TECHNOLOGIES, INC.,
   RASIER, LLC, and RASIER-CA, LLC
11

12 [*Additional Counsel Listed on Following Pages*]

13
                    UNITED STATES DISTRICT COURT
14
                   NORTHERN DISTRICT OF CALIFORNIA
15
                        SAN FRANCISCO DIVISION
16

17
   | IN RE: UBER TECHNOLOGIES, INC.,        | Case No. 3:23-md-03084-CRB |
18 | PASSENGER SEXUAL ASSAULT               |                            |
   | LITIGATION,                            | **DEFENDANTS' OPPOSITION TO** |
19 |                                        | **PLAINTIFF B.L.'S MOTION FOR** |
   |                                        | **LEAVE TO AMEND BELLWETHER** |
20 | This Document Relates to:              | **COMPLAINT**              |
   |                                        |                            |
21 | *B.L. v. Uber Technologies, Inc., et al.*, No. | Judge:    Hon. Charles R. Breyer |
   | 24-cv-7940                             | Date:     October 3, 2025  |
22 |                                        | Time:     10:00 AM         |
   |                                        | Courtroom: Courtroom 6 – 17th Floor (by Zoom) |
23

24
   SABRINA H. STRONG (SBN: 200292)
25    sstrong@omm.com
   JONATHAN SCHNELLER (SBN: 291288)
26    jschneller@omm.com
   **O'MELVENY & MYERS LLP**
27 400 South Hope Street, 19th Floor
   Los Angeles, CA 90071
28

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND
BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

1 | Telephone: (213) 430-6000
  | Facsimile: (213) 430-6407
2 |
3 | PATRICK L. OOT, JR. (*Pro Hac Vice* admitted)
  |     oot@shb.com
4 | **SHOOK, HARDY & BACON, LLP**
  | 1800 K Street NW, 10th Floor
  | Washington, DC 20006
5 | Telephone: (202) 783-8400
  | Facsimile: (202) 783-4211
6 |
7 | ALYCIA A. DEGEN (SBN: 211350)
  |     adegen@shb.com
  | MICHAEL B. SHORTNACY (SBN: 277035)
8 |     mshortnacy@shb.com
  | 2121 Avenue of the Stars, Suite 1400
9 | Los Angeles, CA 90067
  | Telephone: (424) 285-8330
10 | Facsimile: (424) 204-9093
11 | CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted)
  |     ccotton@shb.com
12 | 255 Grand Boulevard
  | Kansas City, MO 64108
13 | Telephone: (816) 474-6550
  | Facsimile: (816) 421-5547

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ............................................................................................................................. 1

BACKGROUND ............................................................................................................................... 1

LEGAL STANDARD ....................................................................................................................... 2

ARGUMENT .................................................................................................................................... 2

    I.    PLAINTIFF'S CONCLUSORY ALLEGATIONS FAIL TO STATE A RATIFICATION CLAIM. ................................................................................... 2

    II.    ALLOWING PLAINTIFF TO AMEND HER COMPLAINT WOULD RESULT IN UNDUE PREJUDICE. ................................................................. 4

CONCLUSION ................................................................................................................................. 5

i

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

# TABLE OF AUTHORITIES

Page

**Cases**

*Berger v. Southern Pacific Co.*,
  144 Cal. App. 2d 1 (1956)................................................................................................. 4

*Bowoto v. Chevron Texaco Corp.*,
  312 F. Supp. 2d 1229 (N.D. Cal. 2004) ........................................................................... 3

*Edmunds v. Atchison, Topeka & Santa Fe Ry. Co.*,
  174 Cal. 246 (1917) ..................................................................................................... 3, 4

*Entangled Media, LLC v. Dropbox Inc.*,
  348 F.R.D. 649 (N.D. Cal. 2025)...................................................................................... 4

*Fischl v. Pac. Life Ins. Co.*,
  94 Cal. App. 5th 108 (2023) ............................................................................................ 3

*Foman v. Davis*,
  371 U.S. 178 (1962).......................................................................................................... 2

*Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*,
  627 F. Supp. 2d 1187 (E.D. Cal. 2009)............................................................................. 3

*In re Cloudera, Inc.*,
  121 F.4th 1180 (9th Cir. 2024) ......................................................................................... 2

*Lathus v. City of Huntington Beach*,
  56 F.4th 1238 (9th Cir. 2023) ........................................................................................... 2

*Miller v. Rykoff-Sexton, Inc.*,
  845 F.2d 209 (9th Cir. 1988)............................................................................................. 2

*Morongo Band of Mission Indians v. Rose*,
  893 F.2d 1074 (9th Cir. 1990).......................................................................................... 4

*Rakestraw v. Rodrigues*,
  500 P.2d 1401 (Cal. 1972) ................................................................................................ 3

*Saes Getters S.p.A. v. Aeronex, Inc.*,
  219 F. Supp. 2d 1081 (S.D. Cal. 2002) ............................................................................ 4

*Thomas v. Regents of the Univ. of Cal.*,
  97 Cal. App. 5th 587 (2023) ............................................................................................ 3

**Rules**

Fed. R. Civ. Pro. 15(a)(2)............................................................................................................ 2

ii

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND
BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

## INTRODUCTION

Plaintiff B.L.'s motion to amend her Complaint to add a ratification theory of vicarious liability should be denied as both futile and unduly prejudicial. B.L.'s proposed amendment would add two sentences to her Complaint, which allege, in conclusory terms, that Defendants permitted the independent driver who allegedly assaulted her to offer rides through the Uber platform in Colombia after law enforcement had notified them of the alleged assault. The amendment fails on its face to state a ratification claim. Plaintiff alleges nothing about what law enforcement told Uber or Uber's response—she does not allege, for instance, that Defendants failed to deactivate the driver in the United States or otherwise failed to investigate. Without such allegations, the proposed amendment cannot support a plausible inference that Uber knowingly and voluntarily adopted the driver's prior conduct as its own.

The Court should thus dismiss the proposed amendment as futile. Separately, the Court should reject the proposed amendment because it would result in undue prejudice, significantly complicating this litigation by requiring burdensome last-minute discovery overseas with scant connection to this case.

## BACKGROUND

Plaintiff characterizes the lead-up to her proposed amendment as a series of "inexplicabl[e]" delays and intentional "obfuscation." Pl.'s Mot. at 1, 3. The reality is more straightforward: after identifying a production error, Defendants promptly corrected their production, investigated the issue, and, upon discovering additional relevant documents revealing an account for the driver Edwin Castaneda Orozco in Colombia, promptly disclosed the documents and additional account information, too. Defendants then offered 30(b)(6) witnesses to testify to both the production process and its substantive contents.

On March 26, 2025, Plaintiff served Defendants with requests for production seeking all accounts related to Orozco. Luther Decl. ¶ 2. Between June 13, 2025 and July 2, 2025, Defendants produced responsive documents. *Id.* ¶ 5. Eight days after completing the production, on July 10, Defendants discovered a production error: Defendants inadvertently produced a

1

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND
BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

document that incorrectly linked Orozco to other independent drivers' account information, one of whom remained active on the Uber platform. *Id.* ¶ 7. Defendants promptly disclosed the error and provided Plaintiff with corrected information. *Id.*; *see* Pl.'s Ex. G.

While investigating the production error, Defendants uncovered separate documents suggesting that Orozco had a different account with the Uber platform in Colombia. *See* Pl.'s Ex. F. Defendants produced corrected information to Plaintiff on July 22, 2025, Luther Decl. ¶ 9, and the parties filed a joint discovery letter about the production issue the next day, *see* Dkt. 3557. After Judge Cisneros ordered additional discovery, Defendants tendered 30(b)(6) witnesses to testify regarding the discovery issues and Orozco's Colombia account. *See* Luther Decl. ¶ 10; *see, e.g.*, Pl.'s Ex. F.

Based on the documents and testimony Defendants provided, Plaintiff B.L. now moves to add a ratification claim to her Amended Complaint.

## **LEGAL STANDARD**

Courts must deny a motion to amend when "it is clear that granting leave to amend would have been futile." *In re Cloudera, Inc.*, 121 F.4th 1180, 1190 (9th Cir. 2024) (quoting *Lathus v. City of Huntington Beach*, 56 F.4th 1238, 1243 (9th Cir. 2023) (discussing Fed. R. Civ. Pro. 15(a)(2)). The "test to be applied when determining the legal sufficiency of a proposed amendment is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Courts likewise may deny leave to amend where a proposed amendment would result in "undue prejudice to the opposing party." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## **ARGUMENT**

### I. **PLAINTIFF'S CONCLUSORY ALLEGATIONS FAIL TO STATE A RATIFICATION CLAIM.**

Plaintiff's proposed amendment fails to allege the basic facts necessary to state a ratification claim. The Court has clarified that "ratification may be inferred from the fact that the employer, after being informed of the employee's actions, *does not fully investigate and fails to repudiate* the employee's conduct by redressing the harm done and punishing or discharging the

2

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND
BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

employee." PTO 28 at 23 (quoting *Garcia ex rel. Marin v. Clovis Unified Sch. Dist.*, 627 F. Supp. 2d 1187, 1202 (E.D. Cal. 2009) (emphasis added)); *see Thomas v. Regents of the Univ. of Cal.*, 97 Cal. App. 5th 587, 618-19 (2023) (The "theory of ratification is generally applied where an employer *fails to investigate or respond* to charges that an employee committed an intentional tort[.]") (citation omitted) (emphasis added).

But the proposed amendment makes no assertions at all about Defendants' failure to respond or investigate after receiving notice from law enforcement. It alleges neither that Defendants failed to adequately investigate nor that they failed to deactivate the driver in the United States (upon notice) and in Colombia (upon discovery of Orozco's account). It likewise does not allege that Defendants had "knowledge of the material facts." *Fischl v. Pac. Life Ins. Co.*, 94 Cal. App. 5th 108, 129 (2023); *see also Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1247 (N.D. Cal. 2004) ("Ratification is demonstrated through *knowing acceptance* after the fact by the principal of an agent's actions.") (emphasis added). Its threadbare allegations thus plead no facts plausibly supporting an "essential" element of Plaintiff's ratification theory: that Defendants' post-incident conduct was "truly voluntary in character" and "inconsistent with any reasonable intention on [Defendants'] part, other than that [they] intended approving and adopting it." *Rakestraw v. Rodrigues*, 500 P.2d 1401, 1405 (Cal. 1972) (citations omitted).

Absent such basic allegations, a jury cannot "fairly infer[]" that Defendants formed "an intention to consent to" the driver's alleged bad acts, or to "adopt" or "authorize" such acts "as [their] own." *Id.* at 1404-05. Take *Edmunds v. Atchison, Topeka & Santa Fe Ry. Co.*, 174 Cal. 246 (1917). There, the California Supreme Court considered jury instructions asserting that ratification is established where (1) "the attention of defendant was called" to its employee's alleged assault, and (2) defendant nevertheless "retained [the employee] in its employ." *Id.* at 249. The Court rejected the instruction on multiple grounds, including because it was not "a correct statement of the law" of ratification. *Id.* While "failure to discharge" after receipt of notice "may be evidence tending to show ratification," the court explained, "omission to dispense with the services of the offender, standing by itself and unsupported by any other circumstances

3

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND
BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

indicating the employer's approval of his course, *is never sufficient to establish ratification*." *Id.* (emphasis added). Here, Plaintiff does not even allege those insufficient facts: She does not state what law enforcement reported to Defendants, does not allege that Defendants failed to investigate and does not allege that Defendants failed to "discharge" Orozco by deactivating his account in the United States. Because Plaintiff's two-sentence amendment fails to plead key elements of her ratification claim, her motion to amend should be denied as futile.

## II.  ALLOWING PLAINTIFF TO AMEND HER COMPLAINT WOULD RESULT IN UNDUE PREJUDICE.

Permitting Plaintiff's proposed amendment would also unduly prejudice Defendants by requiring them to prepare a defense against alleged conduct in Colombia when discovery is nearly complete. The proposed claim raises a number of new issues that may require cross-border discovery, including, among other things, how the driver obtained access to the platform in Colombia and the relationship between U.S. and Colombian operations. But "the Ninth Circuit has found . . . substantial prejudice where the claims sought to be added 'would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense.'" *Saes Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002) (quoting *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)). Further, "[s]uch prejudice may result from reopening discovery or conducting supplemental discovery, which may cause delays and require the other party to consider new legal theories in a short period of time." *Entangled Media, LLC v. Dropbox Inc.*, 348 F.R.D. 649, 656 (N.D. Cal. 2025) (citation omitted). Plaintiff has a variety of claims pending against Defendants, including two vicarious liability claims based on the Court's application of *Berger v. Southern Pacific Co.*, 144 Cal. App. 2d 1 (1956). Particularly given the threadbare nature of the proposed ratification allegations, the burden of investigating and litigating a new claim about alleged conduct and operations in another country near the close of discovery vastly outweighs any marginal benefit Plaintiff would derive by asserting a third theory of vicarious liability.

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940

**CONCLUSION**

Because Plaintiff's proposed amendment fails to plausibly allege how any Defendant ratified the alleged assailant's actions, and because the amendment would require Defendants to investigate and defend a new factual theory as summary judgment approaches, the Court should deny Plaintiff B.L.'s motion to amend.

Dated: September 5, 2025

**O'MELVENY AND MYERS LLP**

By: */s/Jonathan Schneller*
Jonathan Schneller

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY & MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON, LLP**
PATRICK LEO OOT, JR.
ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
CHRISTOPHER V. COTTON

*Counsel for Defendants*

5

DEFENDANTS' OPPOSITION TO PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT—CASE NO. 3:23-md-03084-CRB; CASE NO. 24-CV-7940