John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to:<br><br>*WHB 1293 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04526<br><br>*WHB 1027 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04820<br><br>*WHB 928 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04825 | Date: October 3, 2025<br>Time: 10:00 am<br>Courtroom: 6 – 17th Floor |

*WHB 511 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04842

*WHB 860 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04845

*WHB 1023 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04877

*WHB 1002 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04885

*WHB 1497 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04891

*WHB 310 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04903

*WHB 333 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04905

*WHB 56 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04908

*WHB 312 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04928

*WHB 1590 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04946

*WHB 1667 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04957

*WHB 1960 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04960

*WHB 1619 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04961

*WHB 689 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04965

*WHB 676 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05024

*WHB 1837 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05033

*WHB 1902 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05040

*WHB 1431 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05057

*WHB 666 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05127

*WHB 1394 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05237

*WHB 466 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05265

*WHB 1832 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05305

*WHB 645 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05356

*WHB 703 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05361

*WHB 1272 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05366

*WHB 994 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05452

*WHB 1856 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05461

*WHB 1021 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05466

*WHB 1661 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05468

*WHB 1414 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05495

*WHB 1468 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05500

*WHB 1043 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05501

*WHB 1840 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05554

*WHB 1677 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05556

*WHB 1659 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05565

*WHB 1618 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05572

1
2   *WHB 1943 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05598

3   *WHB 1552 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05599
4
5   *WHB 1880 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05602

6   *WHB 1381 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05603
7
8   *WHB 632 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05604

9   *WHB 1260 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05613
10
11  *WHB 1544 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05622

12  *WHB 438 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05631-CRB
13
14  *WHB 1611 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05665

15  *WHB 891 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05666-CRB
16
17  *WHB 1348 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05669

18  *WHB 946 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05698
19
20  *WHB 1142 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05712

21  *WHB 1057 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05715
22
23  *WHB 1470 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05716

24  *WHB 494 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05767
25
26  *WHB 871 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05770

27  *WHB 935 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05776
28

1
2   *WHB 884 v. Uber Technologies, Inc., et al.,*
    *No. 3:24-cv-05948*
3   *WHB 991 v. Uber Technologies, Inc., et al.,*
    *No. 3:24-cv-05959*
4
5   *DMA 1 v. Uber Technologies, Inc., et al.,*
    *No. 3:24-cv-05968*
6   *WHB 1556 v. Uber Technologies, Inc., et
    al., No. 3:24-cv-05986*
7
8   *WHB 1999 v. Uber Technologies, Inc., et
    al., No. 3:24-cv-07048*
9   *WHB 2060 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01092*
10
11  *WHB 2061 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01095*
12  *WHB 2062 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01098*
13
14  *WHB 2063 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01099*
15  *WHB 2064 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01101*
16
17  *WHB 2067 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01122*
18  *WHB 2070 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01126*
19
20  *WHB 2071 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01130*
21  *WHB 2073 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01143*
22
23  *WHB 2075 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01148*
24  *WHB 2077 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01150*
25
26  *WHB 2082 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01177*
27  *WHB 2084 v. Uber Technologies, Inc., et
    al., No. 3:25-cv-01179*
28

*WHB 2036 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01180

*WHB 2039 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01202

*WHB 2041 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01205

*WHB 2043 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01207

*WHB 2044 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01209

*WHB 2047 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01215

*WHB 2048 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01216

*WHB 2049 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01218

*WHB 2051 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01226

*WHB 2054 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01244

*WHB 2057 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01249

*WHB 2059 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01255

**INTRODUCTION**

Defendant's Motion to Dismiss Cases for Failure to Comply with PTO 10 (the "Motion") seeks dismissal of 87 Plaintiffs (the "WHB Plaintiffs") represented by Williams Hart & Boundas, LLP ("WHB"). Defendants bring the Motion despite the express command of Local Rule 37-1(a) to meet and confer before bringing a discovery motion. For this reason alone, the Court should deny the Motion as to the WHB Plaintiffs.

The WHB Plaintiffs have been diligently working to cure deficiencies as Uber identifies them. Of the WHB Plaintiffs, 22 have already cured the deficiencies Defendants complain of

identified in the Motion — at least five of those deficiencies were cured before Defendants filed the Motion. Declaration of Walter Cubberly ("Cubberly Decl.") Ex. A – U.

Additionally, for five of the WHB Plaintiffs, the deficiencies Defendants allege were never identified in a deficiency letters. Because those deficiencies were never identified, Plaintiffs had no opportunity to investigate and cure possible deficiencies before Defendants filed the Motion.

As past practice has shown, the parties would likely have resolved the deficiencies Defendants now complain of had there been proper notice through deficiency letters and the mandated meet and confer process.

## BACKGROUND

This is not the first time Defendants have sought dismissal of cases in this MDL for failure to abide by the Court's Pre-Trial Orders. In January, Defendants filed a similar motion (the "January Motion") seeking dismissal for alleged deficiencies in plaintiffs represented by WHB's responses in their PFS. As in the Motion, Defendants argued in the January Motion that failure to produce a signed verification or failure to answer a particular PFS question justified dismissal.[1] And, as with the Motion, Defendants neglected to mention in the January Motion that a number of plaintiffs had cured the identified deficiencies.

Before bringing the January Motion, Defendants and plaintiffs represented by WHB engaged in a month-long meet and confer process. In December 2024, Defendants notified Counsel that there were various issues with some 455 Plaintiff PFS, be it unsigned verifications (136), failure to provide contact information (224), or insufficient responses (95). That process was fruitful and ended with many disputes resolving without the need for motion practice. By January 10, Plaintiffs had submitted more than half of the outstanding verifications (some of which were verifying second and third amended PFS) and only four plaintiffs still needed to

---

[1] Joint Letter Regarding Williams Hart Plaintiffs' Compliance With November 18, 2024 PFS Order (ECF No. 2132).

provide witness contact information or supplement a PFS answer. As a result, Defendants only needed to move on 63 plaintiffs, down from 455.[2]

Here, Defendants have not even attempted to meet and confer. Moreover, for some of the deficiencies identified for five WHB Plaintiffs, the alleged deficiencies were never identified in a deficiency letters (on top of there being no meet and confer).

## ARGUMENT

WHB Plaintiffs fully appreciate the importance of PTO 10. They are diligently working to produce fully compliant PFS and all required documents. To be clear, none of the 87 WHB Plaintiffs failed to produce a PFS or served a blank PFS. Rather, according to Defendants' Exhibit A, the majority of WHB Plaintiffs are "missing release" (20 WHB Plaintiffs) or "missing verification" (45 WHB Plaintiffs). Exhibit A to the Declaration of Michael Shortnacy. Since Defendants filed the Motion on August 22, these two categories have further shrunk to 51 WHB Plaintiffs. Specifically, WHB 860, WHB 632, WHB 333, WHB 1677, and WHB 2067 produced signed verifications. Cubberly Decl., Ex. A – E. And WHB 1840, WHB 1002, WHB 310, WHB 1618, WHB 2064, WHB 1837, WHB 466, WHB 1394, and WHB 645 produced signed releases. *Id.*, Ex. F – N.

An additional nine WHB Plaintiffs were missing production. Exhibit A to the Declaration of Michael Shortnacy. As of filing, five of these WHB Plaintiffs have cured the production deficiency: DMA 1, WHB 1260, WHB 2062, WHB 2063, WHB 2071, WHB 1902, and one, WHB 2063, cannot produce the requested video because it was a Facebook Live video that is no longer in her possession. *Id.*, Ex. O – S.

Two WHB Plaintiffs had "unanswered" PFS questions. Exhibit A to the Declaration of Michael Shortnacy. Both WHB Plaintiffs have cured these deficiencies: WHB 994 and WHB 2084. *Id.*, Ex. T – U.

---

[2] The Honorable Magistrate Judge Lisa Cisneros took note of WHB's progress in addressing its clients' obligations and ordered the Plaintiffs at issue to serve compliant PFS no later than February 21. (ECF No. 2186.) Judge Cisneros noted that any request for dispositive sanctions for noncompliance with her order were to be directed to Judge Breyer in the form of a motion under Civil Local Rule 7-2.

a. **The Court Should Deny Defendants' Motion for Failure to Comply with Local Rule 37-1.**

The Parties did not meet and confer before Defendants brought the Motion. This is not a matter of niceties. The Local Rules expressly require that the parties meet and confer before a party brings a discovery motion. Loc. R. 37-1(a). Specifically, the rule states, "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. *Id.* Courts take these meet-and-confer requirements "very seriously." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). This is because "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Id.* (citing *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)).

While courts retain discretion to waive the meet-and-confer requirement based on the circumstances of the case, *V5 Tech.*, 334 F.R.D. at 302, nothing counsels that the Court exercise that discretion here. As discussed, WHB has had significant success in resolving and narrowing disputes in the meet-and-confer process. Nor can Uber point to any "gamesmanship" by WHB or the WHB Plaintiffs to avoid a meaningful meet and confer. *See id.*

Because Defendants' Motion was brought without any attempt to meet and confer, and because WHB and WHB Plaintiffs have not engaged in gamesmanship to avoid meeting and conferring, the Court should refuse to entertain the Motion. Loc. R. 37-1.

b. **Defendant's Failure to Identify Deficiencies for Five WHB Plaintiffs Before Bringing the Motion Provides Further Basis to Deny the Motion as to Those WHB Plaintiffs**

Defendants identified five WHB Plaintiffs in the Motion as "missing release" despite not having listed this alleged deficiency in the deficiency letters Defendants sent: WHB 1880, WHB 1021, WHB 1856, WHB 1960, and WHB 2044. For example, the Deficiency Letter for WHB 1880, ID number 2139 provided the following deficiencies:

> We received a PFS submitted on behalf of your client that is deficient in the following respects:
>
> | PFS Question # | Deficiency |
> |---|---|
> | V.25 | Plaintiff failed to provide consistent answers for Qs 25, 32-35, 40, & 40a. |

| V.28 | Plaintiff failed to provide consistent answers to Qs 28, 30, & 30a. |
|------|-----|
| VI.35 | Plaintiff failed to provide consistent responses to Qs 35 & 40a (box not checked). |
| VII.2 | Failed to attach records. |

This letter constitutes notice of the deficiencies outlined above . . .

The language before the table makes clear that the table provides the deficiencies that Defendants identified for each Plaintiff. The language under the table confirms that the deficiencies for that Plaintiff are outlined *in* the table.

Every deficiency letter that Defendants serve also concludes with a stock paragraph reserving Defendants' right to supplement the notice and requests an amended PFS, amended verification, and amended Exhibits B through C. While the exact same final paragraph appears in each of these clients' deficiency letters, it is the table in each letter that identifies the specific deficiencies for each client.

Because the tables in the Deficiency Letters for Plaintiffs WHB 1880, WHB 1021, WHB 1856, WHB 1960, and WHB 2044 do not list authorizations, the deficiency letter does not identify authorizations as deficient. Absent notice, these Plaintiffs did not have the opportunity to cure the alleged deficiencies before Defendants filed the Motion. For that reason, for these five WHB Plaintiffs, the Motion should be denied.

c. **The Motion Should be Denied as to WHB Plaintiffs Who Have Cured Deficiencies Alleged by Defendants**

Plaintiffs WHB 860, WHB 632, WHB 333, WHB 1677, and WHB 2067 have cured the deficiencies identified by Defendants. They are in compliance with PTO 10. Accordingly, there is no basis to dismiss these WHB Plaintiffs.

Plaintiffs WHB 1840, WHB 1002, WHB 310, WHB 1618, WHB 2064, WHB 1837, WHB 466, WHB 1394, and WHB 645 produced signed releases, the only deficiency identified in

Defendants' Motion. They are in compliance with PTO 10. Accordingly, there is no basis to dismiss these WHB Plaintiffs.

DMA 1, WHB 1260, WHB 2062, 2063, WHB 2071, and WHB 1902 were alleged to be missing production in Defendants' Motion. All have cured this deficiency.[3] They are in compliance with PTO 10. Accordingly, there is no basis to dismiss these WHB Plaintiffs.

WHB 994 and WHB 2084 had "unanswered" PFS questions. Both of these WHB Plaintiffs have cured these deficiencies. They are in compliance with PTO 10. Accordingly, there is no basis to dismiss these WHB Plaintiffs.

### d. WHB and the WHB Plaintiffs are Diligently Working to Comply with PTO 10

As the Court is aware, Plaintiffs may become unavailable for a variety of reasons and WHB has used extensive efforts to reach each of the remaining 60 clients, even predating Defendants' Motion. As evidenced by Defendants' December notification and the parties' meet and confer process that involved over 450 WHB Plaintiffs, WHB devotes extensive time and resources to successfully curing Defendants' voluminous deficiencies. WHB intends to continue this process as it works alongside its clients by carefully reviewing every deficiency letter Defendants serve, often two or three per Plaintiff.

### CONCLUSION

Because Defendants have failed to comply with the Local Rules necessitating a meet and confer before bringing a discovery motion, Defendants Motion should be denied. Since Defendants began serving Deficiency Letters, WHB has diligently and in good faith worked with Defendants to resolve these issues without the Court's involvement. Defendants should not be rewarded for short-circuiting that process. Plaintiffs respectfully ask that the Court deny Defendants' Motion.

---

[3] As noted, WHB 2063 is not in possession of the requested video. Under PTO 10, paragraph 8, a party must produce the requested documents to the extent such documents are in the Party's possession, custody, or control. The requested Facebook Live video is no longer in her possession, custody, or control.

1
2
3   Dated: September 5, 2025                         /s/ *Walt Cubberly*
                                                    John Eddie Williams, Jr.
4                                                   Brian Abramson
                                                    Margret Lecocke
5                                                   Walt Cubberly (SBN 325163)
                                                    Batami Baskin
6                                                   Myles Shaw
                                                    WILLIAM HART & BOUNDAS, LLP
7                                                   8441 Gulf Freeway, Suite 600
                                                    Houston, Texas 77017-5051
8                                                   Telephone: (713) 230-2200
                                                    Facsimile: (713) 643-6226
9                                                   Email: jwilliams@whlaw.com
                                                    Email: babramson@whlaw.com
10                                                  Email: mlecocke@whlaw.com
                                                    Email: wcubberly@whlaw.com
11                                                  Email: bbaskin@whlaw.com
                                                    Email: mshaw@whlaw.com
12
13                                                  *Attorneys for Plaintiff*
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28