Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Uber*

UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF CHRISTOPHER V. COTTON**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

I, Christopher V. Cotton, state as follows:

1. I am an attorney at Shook, Hardy & Bacon L.L.P., counsel of record for Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber" or "Defendants"). I offer this Declaration in the above-captioned matter in support of Uber's Reply in Support of (1) Motion for Entry of an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed with Prejudice and (2) a Case Management Order Addressing Certain Plaintiffs Who Have Not Submitted Receipts (the "Motion").

2. Attached as **Exhibit 1** is a true and correct copy of a verification submitted for Plaintiff with MDL ID 2770 on January 14, 2025.

3. Publicly available NPI information for Plaintiff with MDL ID 2770 indicates that she has worked as a Mental Health Counselor since at least May 2017, even though the Plaintiff Fact Sheet submitted on January 14, 2025 shows that this Plaintiff's response to PFS Question No. 7 (Employment) was "Not Applicable" and the response to PFS Question No. 8 (Education) was "High School Graduate/GED." Attached as **Exhibit 2** is a true and correct copy of that Plaintiff Fact Sheet.

4. Attached as **Exhibit 3** is a true and correct copy of a purported ride receipt uploaded by Plaintiff with MDL ID 2770 on January 2, 2025. The ride receipt originates from Lyft (not Uber), yet its details match the incident details in the Plaintiff Fact Sheet attached as Exhibit 2.

5. Attached as **Exhibit 4** is a true and correct copy of a Defendant Fact Sheet served by Uber on December 27, 2024 via MDLC.

6. Attached as **Exhibit 5** is a true and correct copy of a purported ride receipt submitted by Plaintiff with MDL ID 1194.

7. Attached as **Exhibit 6** is a true and correct copy of a purported ride receipt submitted by Plaintiff with MDL ID 2350.

8. Attached as **Exhibit 7** is a true and correct copy of my email to Levin Simes, counsel for Plaintiffs with MDL IDs 1194 and 2350, dated September 2, 2025.

9. Attached as **Exhibit 8** is a true and correct copy of a purported ride receipt submitted by Plaintiff with MDL ID 1384 on June 13, 2024.

10. On January 8, 2025, Peiffer Wolf moved to withdraw its representation of MDL ID 1384 on the grounds that Plaintiff "failed to establish useful communication with Peiffer Wolf" and "failed to provide Peiffer Wolfe with sufficient or adequate information to confirm [Plaintiff's] claim." No. 3:24-cv-03441-CRB, ECF 7 at 2. The Court granted that motion. No. 3:24-cv-03441-CRB, ECF 8 at 1.

11. While being represented by Peiffer Wolf, Plaintiff with MDL ID 1384 also retained Kherker Garcia and filed a duplicate complaint on December 31, 2024. Kherker Garcia set up an MDLC profile under MDL ID 2774 and uploaded a ride information form on January 14, 2025. Attached as **Exhibit 9** is a true and correct copy of that ride information form.

12. Attached as **Exhibit 10** is a true and correct copy of the original ride information form submitted by Plaintiff with MDL ID 2703.

13. Attached as **Exhibit 11** is a true and correct copy of the Defendant Fact Sheet served by Uber via MDLC for Plaintiff with MDL ID 2703 based on Plaintiff's original ride information form.

14. Attached as **Exhibit 12** is a true and correct copy of the amended ride information form submitted by Plaintiff with MDL ID 2703.

15. Uber conducted another search following Plaintiff with MDL ID 2703's submission of the amended ride information form, and again confirmed that it was unable to substantiate the alleged ride.

16. Attached as **Exhibit 13** is a spreadsheet containing the names of 90 Plaintiffs who have not produced a bona fide ride receipt in this litigation and have either provided no explanation, a limited explanation, or a boilerplate explanation for not doing so. The spreadsheet also includes the name of the law firm representing each Plaintiff, the reason provided by each Plaintiff for not providing a bona fide

receipt as provided in his or her Plaintiff Fact Sheet, and certain other information that each Plaintiff provided in his or her Plaintiff Fact Sheet.

17. Before filing its Motion, Uber served a Defendant Fact Sheet for each of the 21 Plaintiffs identified in the Motion as having submitted fraudulent receipts. Uber verified under oath in each Defendant Fact Sheet that Uber could not locate the ride associated with the receipt submitted by each Plaintiff.

18. Before filing its Motion, Uber served a Defendant Fact Sheet for each of the 90 Plaintiffs identified in the Motion as having provided a boilerplate excuse for failing to submit a ride receipt. Uber verified under oath in each Defendant Fact Sheet that Uber could not locate the ride at issue based on the information provided by each Plaintiff. None of these 90 Plaintiffs with missing receipts have provided a receipt since Uber filed its Motion.

19. Of the Plaintiffs in this MDL who have not provided a ride receipt, Uber has been unable to substantiate less than 24 percent of their alleged rides.

20. To the extent Uber is able to substantiate a Plaintiff's ride, it produces: (a) the Chronicle Trip map for the Subject Trip; (b) the Background Check Results for *each and every* background check conducted on the driver; (c) a complete log of Agreements the Driver accepted with Uber; (d) a complete Account Status Log for the Driver; (e) the Driver "Tax Summary" for *every* year the Driver accepted any rides using the Uber Driver App; (f) all Tickets for the Driver; (g) all Communications exchanged between Uber and various third parties related to alleged misconduct and/or crimes by the Driver; and (h) all Communications, regarding the incident, between Uber and Plaintiff, Uber and the Driver, or Uber and any other witness to the Incident.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: September 5, 2025

Respectfully submitted,

By: /s/ Christopher V. Cotton
Christopher V. Cotton (admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC