William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 529 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05422-CRB<br><br>*Jane Doe LS 37 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-04393-CRB<br><br>*Jane Doe LS 244 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05372-CRB<br><br>*Jane Doe LS 578 v. Uber Technologies, Inc., et al.,* Case No. 3:25-cv-02405-CRB<br><br>*Jane Doe LS 153 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06011-CRB<br><br>*Jane Doe LS 303 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05980-CRB | Case No. 3:23-md-03084-CRB<br><br>**LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Judge: Honorable Charles R. Breyer<br>Date: Date: October 3, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1  *Jane Doe LS 318 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05980-CRB

2
3  *Jane Doe LS 248 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05647-CRB

4
5  *Jane Doe LS 514 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05658-CRB

6  *Jane Doe LS 494 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05547-CRB

7
8  *Jane Doe LS 233 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06030-CRB

9
10  *Jane Doe LS 455 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05812-CRB

11  *Jane Doe LS 207 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05965-CRB

12
13  *Jane Doe LS 216 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-06029-CRB

14
15  *Jane Doe LS 363 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05891-CRB

16
17  *Jane Doe LS 125 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05982-CRB

18  *Jane Doe LS 523 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05155-CRB

19
20
21
22
23
24
25
26
27
28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**TABLE OF CONTENTS**

I.   INTRODUCTION ........................................................................................................... 1

II.  ARGUMENT ................................................................................................................... 2

    A.   The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice. ................................................................. 3

    B.   The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice ............................................................................ 3

    C.   The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice. ......................................... 4

    D.   The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice. ........................................................................... 4

III.  CONCLUSION ................................................................................................................ 5

i

Case No. 3:23-md-03084-CRB     LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## I. INTRODUCTION

Uber wrongly presents this issue as one of refusal by the clients to provide a substantially complete Plaintiff Fact Sheet. However, this is not the case. The vast majority of the Levin Simes clients included in Uber's declaration have provided a substantially complete fact sheet and release.[1] Uber's motion fails to demonstrate how it is prejudiced by the purported deficiencies contained in it Exhibit A.[2]

With respect to the clients contained in Exhibit A, our records show the following Plaintiffs have provided releases:

- Jane Doe LS 153: signed release dated December 17, 2024.
- Jane Doe LS 303: signed release dated December 18, 2024
- Jane Doe LS 578: signed release dated April 16, 2025
- Jane Doe 455: signed release dated January 11, 2025
- Jane Doe 207: signed release dated December 20, 2024
- Jane Doe LS 363: signed release dated January 8, 2025
- Jane Doe LS 125: signed release dated January 8, 2025
- Jane Doe LS 244: signed release dated December 20, 2024.

With respect to missing verifications:

- Jane Doe LS 494: signed verification dated December 16, 2024
- Jane Doe LS 216: signed verification dated December 12, 2024. Further this Plaintiff stated in her Plaintiff fact sheet that she does not recall her health care provider, as such a release was not provided.

With respect to other issues listed in Uber's Exhibit A:

- Jane Doe LS 514: no release provided because Plaintiff indicated that she did not see a medical provider in her Plaintiff Fact Sheet.
- Jane Doe LS 248: Plaintiff Fact Sheet shows she checked "no" in response to question 19.

---

[1] Uber notes that Jane Doe LS 529, 523, 233 207 are missing productions. It is unclear from Uber's moving papers what it means by a missing production.

[2] Notably, several Levin Simes Plaintiffs are included in Exhibit A that are not included in the caption for this pleading. As such, we address the Levin Simes Plaintiffs contained in the Exhibit A.

1

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10

(Levin Decl. at ¶ 3.)

Uber's motion seeks to unreasonably prejudices the Plaintiffs who have provided Uber with substantially complete information. Uber's proposed remedy is clearly disproportionate to the alleged deficiencies raised in its motion. As such, Uber's motion should be denied.

## II.     ARGUMENT

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir., 1996). Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp.*, 278 F.Supp. 938, 949 (C.D. Cal. 1967). Additionally, dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.*

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal because of the limited deficiencies, if any of these Plaintiff's submissions.

//
//
//

### A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal with Prejudice.

With respect to the first *Malone* factor, the district court has discretion to determine what is an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id*. at 1453.

While Uber is entitled to Plaintiff Fact Sheets from these clients, Uber does not show that there has been unreasonable delay or noncompliance. *See contra In re Eisen*, 31 F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in four years...the four-year delay in this case is clearly unreasonable.) As detailed above, according to our records, all but one[3] of the Levin Simes Plaintiffs who sought medical treatment and who Uber states is missing a release has already provided one. To the extent that Uber is stating that Levin Simes client have a missing release because of the form of disclosure box is not checked, it is Plaintiff's position that Uber should chose the form of disclosure it wishes to receive the documentation. This does not constitute an invalid or missing release nor does is it noncompliance with the Court's order. The same is true for verification in that Plaintiff's records show that those missing verifications have been provided to Uber. Therefore, the first two factors weigh against dismissal.

### B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal with Prejudice

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case*." Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987).

---

[3] It appears that there is a discrepancy in Jane Doe LS 37's Plaintiff Fact Sheet with respect to medical providers. We will endeavor to clarify and provide an amended fact sheet.

3

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10

These Plaintiffs' actions do not impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials. Uber's reliance on *In re Phenylpropanolamine (PPA) Product Liability Litigation* (hereinafter "PPA") is misplaced because the underlying facts of the claims and discovery process are inconsistent with this case. 460 F. 3d 1217, 1223 (9th Cir., 2006). In *PPA*, the discovery timeline was triggered by the submission of the Plaintiff Fact Sheet: Defendants could not take case-specific fact depositions sooner than 120 days after the Plaintiff Fact Sheet was submitted, and the one-year discovery period for completion of discovery would also not start until a Plaintiff Fact Sheet was submitted. *Id*. at 1224. By contrast, here, the case specific discovery process is rooted in the bellwether cases rather than each individual claim. The bellwethers have already been selected and the cases remaining in the litigation are now stayed. Other than the fact sheet, Uber is barred from seeking any additional discovery in these cases. Any concern regarding prejudice to Uber relating to the bellwether selection deadline is now moot because the deadline has already passed. The Levin Simes Plaintiff have substantially complied with their discovery obligations. Therefore, the third factors weigh against dismissal.

### C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal with Prejudice.

At a general level, the "public policy favoring disposition of cases on their merits"—the fourth Malone factor—always weighs against a default judgment, and often "strongly" so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025). As such, this factor weighs against dismissal.

### D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal with Prejudice.

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833

4

1  F.2d at 131. "Our case law reveals that the following factors are of particular relevance in
2  determining whether a district court has considered alternatives to dismissal: (1) Did the court
3  explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions
4  would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the
5  malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of
6  dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and
7  processes in other multi-district litigations weigh against a dismissal with prejudice. "Before
8  dismissing an action, a court should always be certain that other less drastic alternatives are not
9  available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987). This particular issue can be
10 resolved by less drastic measures as these Plaintiffs have already provided Uber with substantially
11 complete by way of releases and verifications. To the extent that there are additional issues, the
12 Parties should meet and confer to resolve those issues.

### III.  CONCLUSION

For the foregoing reasons, Levin Simes Plainiffs respectfully request this Court deny Uber's motion and order the Parties to meet and confer regarding any outstanding discovery issues.

Dated:  September 5, 2025                                    Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on September 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin

6

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10