LAURA VARTAIN HORN (SBN: 258485)
            laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
            alli.brown@kirkland.com
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

## UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF AUGUST 22, 2025 CLAWBACK PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III** |

Pursuant to Special Master Order No. 4, § III (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for one document it clawed back on August 22, 2025, pursuant to Pretrial Order No. 14. Defendants respectfully request that the Special Master uphold the privilege claims as to the challenged document.

Defendants incorporate by reference the legal standard and arguments set forth in Defendants' prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580).  As further support for their privilege claims, Defendants provide the arguments and factual support listed below, along with the September 8, 2025 declaration of Uber's Senior Legal Director, Global Labor and Employment, Dalene Bramer (Ex. A). The applicable legal standard and arguments outlined below and in prior briefs, the declaration from in-house counsel, and the factual material previously provided to the Special Master,[1] when reviewed in conjunction with the challenged document and the associated metadata fields, establish that the document at issue is privileged.

## BACKGROUND

JCCP_MDL_PRIVLOG080062 is a Q2 Board of Director's Update on "AB5," which is stamped "Attorney Client Privileged & Confidential" at the top of each page. This Board of Director's Update was initially produced with redactions on March 21, 2025, entered on Uber's April 1, 2025 privilege log, and subsequently clawed back in-full on August 22, 2025. Uber clawed back this document after it was introduced as an exhibit at the deposition of 30(b)(6) designee, Chad Dobbs.  At the deposition, Uber's counsel objected to questioning relating to this document on the basis of privilege, which Plaintiffs' counsel acknowledged as a standing objection.

As Ms. Bramer explains in her declaration, AB5 was a new bill signed into law in California that laid out new criteria for who would be classified as an employee of a company under California law.  Ex. A at para. 2. Ms. Bramer's declaration further details that she drafted this confidential legal update for Uber's Board of Directors for the purpose of informing and advising the Board about the critical legal implications the passage of this bill would have on Uber, including potential exposure in

---

[1] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log.  Defense counsel will also be available for any questions the Special Master may have during the review process.

future litigation, product changes, and possibly regulatory and policy strategy. *Id.* Ms. Bramer further explains, consistent with the metadata of the file in question, that she was the sole author of this document and that she personally drafted slides 1-12 and 27-30 and directed the drafting of slides 13-25 and 31-34.[2] Ms. Bramer explained that she prepared and collected the factual information, litigation analysis, and product changes and campaign information contained within the document. *Id.* at para. 3. The document was ultimately shared with Tony West, Uber's General Counsel, for his presentation to the Board as a reflection of the legal department's advice. *Id.* Plaintiffs did not challenge the redactions that were applied in this document when it was originally produced, however, they dispute Defendants' ability to claw this document back in full.

## ARGUMENT

Plaintiffs challenge this document on three grounds, but they offer no valid reason that would entitle them to this privileged and work-product protected document. Each of Plaintiffs' challenges should be rejected.

### I.     Defendants Appropriately Exercised Its Clawback Rights Under PTO 14.

First, Plaintiffs claim that Defendants failed to prove that their earlier production was inadvertent. This claim misinterprets the applicable standard and contradicts recent rulings by the Special Master. Plaintiffs rely on Federal Rule of Evidence 502(b), which sets a "default" procedure that allows a party to claw back certain inadvertent disclosures. Rule 502(b), however, does not apply in this case because the parties stipulated to, and the Court entered, Pretrial Order No. 14 (Dkt. 396), which specifically invokes Rule 502(d). PTO  14 provides:

> Pursuant to Federal Rule of Evidence 502(d), the production of any privileged or otherwise protected or exempted information in this case **shall not be deemed a waiver or impairment** of any claim of privilege or protection in this case . . . , including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material.

PTO No. 14, para. 2 (emphasis added). Indeed, PTO 14 provides a procedure to claw back privileged or protected documents, regardless of whether such production was inadvertent. *See* PTO 14 para. 4;

---

[2] The only other slide in this deck, slide 26, is a title page for the appendix.

*see also* The Sedona Conference, The Sedona Conference Commentary on Protection of Privileged ESI, 17 SEDONA CONF. J. 95, 104 (2016) ("Rule 502(d) permits courts to enter orders that provide that a disclosure does not constitute a waiver–regardless of the actions taken by the producing party" and "avoid any question about whether [it] was inadvertent."). With their challenge, Plaintiffs are in essence asking the Special Master to disregard the applicable stipulated pretrial order and instead apply a different standard. Tellingly, despite months of privilege disputes, Plaintiffs have never previously asserted that Rule 502(b) applies in this case. The Special Master should reject Plaintiffs' last minute, back-door attempt to end-run Judge Breyer's pretrial order.

The Special Master's determinations to date are consistent with this view. Indeed, the Special Master has allowed clawbacks even when documents were previously produced with redactions. *See*, *e.g.*, July 18, 2025 Determinations on Category 2 Clawbacks (finding JCCP_MDL_PRIVLOG085508 to be privileged in full, despite prior production with privilege redactions); August 24, 2025 Email from R. Goldman (allowing JCCP_MDL_PRIVLOG110284 to be withheld for work product, despite earlier redactions for personal identifying information). Even if a showing of inadvertence were required here, which it is not, it is demonstrated in this situation. Ms. Bramer, in her September 5 declaration, provided, for the first time, facts that clarify the privileged and protected nature of the document itself, including the fact that she personally drafted or directed the drafting of all of the content within the deck. *See* Ex. A at para. 3. Defendants' previous redactions to this challenged document were applied without the benefit of the factual information supplied by Ms. Bramer.[3] Plaintiffs' procedural challenges are meritless and should be rejected.

## II.  The Document Is Appropriately Withheld Under Attorney-Client Privilege and Work-Product Doctrine.

Plaintiffs rely on the incorrect legal standard to argue that attorney-client privilege only protects the document in part. While they point to factual or policy content within the document, the

---

[3] Ms. Bramer's declaration distinguishes this situation from the one faced by the Western District of Washington in *FTC v. Amazon.com*, 2024 WL 3620467 (W.D. Wash. Aug. 1, 2024), as cited by Plaintiffs. In *Amazon*, the court applied 502(b) and reasoned that a party's initial production with redactions was evidence that the production was intentional, rather than inadvertent. In that case, the documents were apparently clawed back without the emergence of any new facts, as is present here.

DEFENDANTS' BRIEF IN SUPPORT OF AUGUST 22, 2025 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III                                  Case No. 3:23-MD-3084-CRB

content of the document is not the proper inquiry. JCCP_MDL_PRIVLOG080062 is, as Ms. Bramer attests to in her declaration, a document that was created to provide a confidential legal update for the Board of Directors for the purpose of informing and advising them about the critical legal implications the passage of this bill would have on Uber. Ms. Bramer personally drafted or directed the drafting of the document. *See* Ex. A at para. 3. Thus, the document is effectively a communication by Ms. Bramer (an attorney) to Uber (the client).

Under California law, as the Special Master has recognized, when "communications were made during the course of an attorney-client relationship"--as opposed to a relationship with some other "dominant purpose"--then the communications, including any reports of factual material, would be privileged, even though the factual material might be discoverable by some other means." *Costco Wholesale Corp. v. Superior Ct.*, 47 Cal. 4th 725, 740 (2009). Plaintiffs cite the federal standard and out-of-jurisdiction cases that focus on the purpose of the communication. However, under applicable California law,[4] "it is not the dominant purpose of a particular communication that dictates whether the attorney-client privilege is applicable; rather the issue is what *was the dominant purpose of the relationship* . . . . If the dominant purpose of the relationship was attorney-client at the time of the communications, they are privileged." *McAdams v. State Nat. Ins. Co.*, 15 F. Supp. 3d 1009, 1015 (S.D. Cal. 2014). Consequently, since Ms. Bramer's update to the Board on AB5 were made during the course of an attorney-client relationship and she created the update to provide legal advice, the document as a whole is privileged and is properly withheld.[5]

Ms. Bramer's declaration also demonstrates that this document is properly withheld as protected work product. Indeed, Ms. Bramer explained that she drafted or directed the drafting of the slides, and she did so to provide legal advice to the Board on the implications of the bill, including potential exposure in future anticipated litigation. The document as a whole includes Ms. Bramer's

---

[4] California law applies to the application of attorney-client privilege in this case. *See* Dkt. 1908. Plaintiffs incorrectly cite out-of-jurisdiction cases, as well as *In re California Bail Bond Antitrust Litigation*, 778 F. Supp. 3d 1051 (N.D. Cal. 2025), which applied the federal law of privilege in a case arising under the Sherman Act.

[5] Plaintiffs' citation to the Special Master's August 27, 2025, ruling regarding JCCP_MDL_PRIVLOG074265 is misplaced. That ruling related to a document created by a non-lawyer that incorporated legal advice from counsel. Here, by contrast, the document at issue was created by counsel for the purpose of conveying legal advice.

mental impressions and opinions about the bill and her recommendations and advice as legal counsel to the company. *See* Ex. A at para. 3. The document is and should remain protected as work product.

### III.     The Discussion of the Document at the Dobbs Deposition Is Not Dispositive of Its Privileged and Protected Status.

Finally, Plaintiffs make an unsupported argument that the document at issue is not privileged because Chad Dobbs, a 30(b)(6) witness, did not refuse to answer questions on the basis of privilege. Mr. Dobbs, of course, is not the arbiter, nor holder, of privilege in this case. While counsel appropriately recognized that the document may be privileged at the August 21 deposition, neither Mr. Dobbs nor counsel had the benefit of Ms. Bramer's September 5 declaration, which demonstrates that the document should be protected in full under the attorney-client privilege and work-product doctrine. Moreover, Plaintiffs' counsel acknowledged a standing objection to this line of questioning during the deposition. Plaintiffs' argument should be rejected.

Accordingly, the Special Master should uphold Defendants' clawback of JCCP_MDL_PRIVLOG080062 based on attorney-client privilege and work product doctrine.

DATED: September 8, 2025                    Respectfully submitted,


                                           **SHOOK HARDY & BACON L.L.P.**

                                           By: */s/  Jennifer Hill*
                                                  Jennifer Hill

                                           **KIRKLAND & ELLIS LLP**
                                           LAURA VARTAIN
                                           ALLISON M. BROWN
                                           JESSICA DAVIDSON

                                           **O'MELVENY AND MYERS LLP**
                                           SABRINA STRONG
                                           JONATHAN SCHNELLER

                                           **SHOOK, HARDY, & BACON, LLP**
                                           PATRICK OOT (Admitted *Pro Hac Vice*)
                                                  oot@shb.com
                                           1800 K St. NW Ste. 1000
                                           Washington, DC 20006

Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
  adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
  mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
  ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
  msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
  jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

7