UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A WHO HAVE SUBMITTED NON-BONA-FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE<br><br>Re: Dkt. No. 3604 |

Having considered Uber's Motion for Entry of an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident."

The 21 Plaintiffs listed in Exhibit A have submitted non-bona-fide receipts. Some of these receipts show on their face that they were generated using websites designed for creating receipts, such as Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other errors. Other receipts submitted by these Plaintiffs were altered from actual receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court." *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Anheuser-Busch, Inc. v. Nat. Beverage Distributors*, 69 F.3d 337, 348 (9th Cir. 1995).

[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

Accordingly, the 21 Plaintiffs listed in Exhibit A are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice.

Levin Simes, counsel for Plaintiffs with MDL IDs 1194 and 2350, represents that these two Plaintiffs have "assure[d]" them that "their receipts are authentic." ECF No. 3771 at 2. Uber served Defense Fact Sheets indicating it was not able to validate these receipts. The Court orders that Plaintiffs with MDL IDs 1194 and 2350 be required to: (1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (dkt. 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts.

**IT IS SO ORDERED.**

Dated: September 9, 2025



2
[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE
Case No. 3:23-md-03084-CRB

# EXHIBIT A

| MDL ID | Law Firm |
|---|---|
| 2812 | Nachawati Law Group |
| 1914 | Slater Schulman LLP |
| 1194 | Levin Simes LLP |
| 2918 | Nachawati Law Group |
| 3425 | Chaffin Luhana |
| 2723 | Nachawati Law Group |
| 3038 | Chaffin Luhana |
| 3286 | Cutter Law PC |
| 2734 | Walkup, Melodia, Kelly & Schoenberger |
| 2350 | Levin Simes LLP |
| 3078 | Pulaski Law Firm |
| 3422 | Pulaski Law Firm |
| 2959 | Simmons Hanly Conroy |
| 3198 | Pulaski Law Firm |
| 2103 | Cutter Law |
| 3510 | Pulaski Law Firm |
| 3521 | Pulaski Law Firm |
| 3048 | Pulaski Law Firm |
| 3303 | Pulaski Law Firm |
| 3125 | Pulaski Law Firm |
| 3047 | Pulaski Law Firm |

[PROPOSED] REVISED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB