Sommer D. Luther, CO #35053*
**Wagstaff Law Firm**
940 Lincoln Street
Denver, Colorado 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
**Appearing Pro Hace Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**REPLY IN SUPPORT OF PLAINTIFF B.L.'S MOTION FOR LEAVE TO AMEND BELLWETHER COMPLAINT** |
| This Document Relates to:<br><br>*B.L. v. Uber Techs., Inc.*,<br>No. 24-cv-7940 | Judge: Honorable Charles R. Breyer<br>Date:   October 3, 2025<br>Time:   10:00 AM<br>Ctrm.:   6-17th Floor (by Zoom) |

**REPLY**

Uber failed to produce evidence of its driver's continued employment until after the deadline for substantial completion of fact discovery, all while its witnesses denied the crucial facts at issue and its attorneys mocked Plaintiff's counsel for even inquiring into the topic. Uber does not contest any of this, nor that its belated productions came long after other Plaintiffs successfully pleaded ratification claims based on similar facts. Instead, Uber argues that amendment is futile and will prejudice Uber. Both arguments should be rejected.

**I.      Amendment is not futile.**

In asserting that B.L.'s ratification claim fails, Uber does not even try to distinguish this Court's motion-to-dismiss order finding similar allegations sufficient to support ratification claims. Plaintiff A.R.2 alleged that "Uber did not deactivate" its driver "even after Plaintiff filed a lawsuit." A.R.2 Am. Compl. ¶ 42. In moving to dismiss the bellwether complaints, Uber argued that A.R.2 "alleges no facts about when Uber knew of her driver's conduct, when Uber first learned of her complaints, and whether Uber took any action in response." ECF 2791 at 35. The company contended that "[s]uch allegations cannot establish that Uber 'learned of the [driver's bad act] and affirmed it, and thus made it [Uber's] own.'" *Id.* at 35 (quoting *Shultz Steel Co. v. Hartford Accident & Indem. Co.*, 187 Cal. App. 3d 513, 519 (1986)). The Court disagreed:

> Plaintiff A.R.2 alleges that Uber did not deactivate her driver's account after she filed her lawsuit. A.R.2, Am. Compl. ¶ 42. While the Court agrees with Uber that "immediate termination" is not a "*requirement* to avoid ratification," Reply at 16 (emphasis added), a jury could still find that Uber's failure to do so constituted ratification *in this instance*, particularly because Uber did deactivate the accounts of the drivers involved in the other two cases once it received notice of the lawsuits. *See* C.L., Am. Compl. ¶¶ 32–33; WHB 1898, Am. Compl. ¶ 26.

PTO 28 (ECF 3441) at 25.

The Court also rejected similar arguments with respect to Plaintiff WHB 1898:

> Plaintiff WHB 1898 alleges that she reported her assault to Uber in September 2022, and that the driver was not removed from the platform until July 2024. WHB 1898, Am. Compl. ¶ 26. Uber claims this allegation is "conclusory." Mot. at 35. Not so. WHB 1898 alleges that Uber was informed of the driver's purported actions via direct user report, and that Uber then failed to remove the driver for more than a year afterwards. These details are sufficiently concrete to state a plausible claim of ratification at this stage; forcing WHB 1898 to recall the exact language she used in her user report prior to discovery would artificially heighten her burden under Rule 12(b)(6) beyond what the law requires.

1 *Id.*

2     Now Uber rehashes the same arguments and expects a different outcome. Uber says that B.L. must allege the details of Uber's investigation. But neither A.R.2 nor WHB 1898 included such details (which are facts within Uber's possession), and the Court explained that such allegations were unnecessary: "[W]hile Uber's failure to discharge their drivers may not *necessitate* a finding of ratification, it certainly *could* support such a determination. … Whether or not it does in these circumstances presents a reasonable question of fact best decided by a jury." *Id.* at 24. Uber's argument is also illogical: if Uber conducted an exhaustive investigation into B.L.'s assault and responded appropriately, it has every incentive to introduce those facts into evidence.

    Uber argues that B.L. "does not allege that Defendants had 'knowledge of the material facts.'" Opp'n at 3 (citation omitted). But B.L. alleges that the police promptly reported the assault to Uber. B.L. Amend. Compl. ¶ 37. It takes no great leap to infer that this report included the essential facts. *See* PTO 28 at 25 (rejecting Uber's argument that a Plaintiff was required to plead "the exact language" in the report). Further, as with Plaintiff A.R.2, Uber has been on notice of the material facts alleged since Plaintiff B.L. filed her complaint on November 13, 2024. Uber also took *fourteen* case-specific depositions in B.L.'s case, all discovery that occurred before the July date the driver was still driving for Uber.

    Uber argues facts outside the record, namely that it "deactivat[ed]" the driver's "account in the United States" and only later happened "upon discovery of Orozco's account" in Colombia. Opp'n at 2-3. That is one inference, one that requires assuming that Uber has no role in approving drivers in Colombia.[1] Another is that Uber, with full knowledge, determined it sufficient that the driver no longer worked for Uber in the United States, but found it acceptable that he drove in another country notwithstanding the assault and warrant for his arrest. At this stage, "[a] court

---

[1] *But see* Ltr. from Covington & Burling to Colombian Ministers re "Notice of Dispute under the United States-Colombia Trade Promotion Agreement," December 30, 2019, *available at* https://arbitration.org/sites/default/files/awards/arb6518.pdf (asserting that "Uber Technologies, Inc. … develops, supports, and owns a technology platform that, *inter alia*, enables independent providers of ridesharing services … to enter into transportation contracts with riders in Colombia").

1   must draw all reasonable inferences in favor of the nonmoving party." PTO 28 at 12 (citation
2   omitted). Plaintiff is entitled to all reasonable inferences based on the facts alleged, not the facts
3   as Uber would have them be.

4       Last, Uber, disregarding the authority the Court relied on in PTO 28, cites *Edmunds v.*
5   *Atchison, T. & S.F. Ry. Co.*, 161 P. 1038 (Cal. 1917). But that decision came on a full record
6   after trial, not on a motion to dismiss. The court affirmed the validity of a ratification theory
7   where the employer "continue[d] the wrongdoer in his service after knowledge or opportunity or
8   to learn of the misconduct." *Id.* at 1039. The court reversed the verdict only because the facts
9   showed there was no "time and opportunity for investigation" of the plaintiffs' allegations. *Id.*
10  (describing how the lawsuit was filed before the company had the chance to speak with the
11  alleged tortfeasor). Here, Uber permitted Mr. Orozco to drive for the company in Colombia
12  nearly two and a half years after he assaulted B.L., the police reported the incident, and a warrant
13  was issued for his arrest. *See Sandoval v. S. Cal. Enters.*, 291 P.2d 928, 935-36 (Cal. App. 1950)
14  (distinguishing *Edmunds* where evidence showed one tortfeasor "continued in the employment of
15  the" corporate defendant "for about one year after the incident" and the other "was still in its
16  employ at the termination of the trial").

17  **II.   Uber may not claim prejudice stemming from its own discovery misconduct.**
18      Uber argues that the Court should not permit the ratification claim because Uber requires
19  "discovery" to "prepare a defense." Opp'n at 4. But any "discovery" relevant to that defense, for
20  example "how the driver obtained access to the platform in Colombia," should have been
21  produced ages ago. *See* PTO 10 (ECF 348) at Ex. 2 at 4 (requiring Uber to produce as part of the
22  Defense Fact Sheet records of the driver's employment with Uber); Luther Decl. ¶ 2 (discussing
23  March 2025 discovery requests related to "account history, [] updated account status logs, and
24  documents relating to his Uber applications and screening processes").

25      Uber's argument contradicts three principles governing motions for leave to amend. *First*,
26  to "deny leave to amend, the prejudice must be substantial." *Abels v. JBC Legal Grp., P.C.*, 229
27  F.R.D. 152, 156 (N.D. Cal. 2005); *accord Duggan v. Hobbs*, 99 F.3d 307, 313 (9th Cir. 1996).
28  The facts Uber claims to not know are all internal to the company, so any investigation (which,

again, should have happened a long time ago) is not overly prejudicial. *Second*, "[a]ny prejudice to the nonmovant must be weighed against the prejudice to the moving party by not allowing the amendment." *Newton v. Am. Debt. Servs., Inc.*, 2013 WL 5592620, at *15 (N.D. Cal. Oct. 10, 2013) (citation omitted). Here, denying leave to amend would deprive B.L. of a vicarious liability theory that she could have asserted earlier but for Uber's failure to produce relevant evidence. *Third*, courts assign little weight to self-inflicted prejudice. *See Martin v. Yasuda*, 928 F.3d 1118, 1126 (9th Cir. 2016) ("To prove prejudice," a party "must show more than 'self-inflicted' wounds …."); *Richards v. Gregory Funding LLC*, 2022 WL 657066, at *2 (C.D. Cal. Mar. 4, 2022) (granting leave to amend where "any delay or prejudice to Defendants is self-inflicted"). Any additional discovery that still needs to be conducted (none of which Uber has actually defined with particularity) is Uber's fault.

## CONCLUSION

For these reasons, Plaintiff B.L. respectfully requests that she be granted leave to amend her bellwether complaint.

Dated: September 12, 2025                Respectfully submitted,

By: */s/ Sommer D. Luther*
    Sommer D. Luther

**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: September 12, 2025        By:   */s/ Andrew R. Kaufman*
                                              Andrew R. Kaufman