# EXHIBIT A

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10 [ECF 3731]** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *Jane Doe LS 37 v. Uber Technologies, Inc., et al., No.* 3:23-cv-04393-CRB | Date: October 3, 2025 |
| | Time: 10:00 a.m. |
| | Courtroom: 6 – 17th Floor |

1  *E.D. v. Uber Technologies, Inc., et al.,*
   No. 3:23-cv-05307-CRB

2

3  *Jane Doe LS 244 v. Uber Technologies,*
   *Inc., et al.,* No. 3:23-cv-05372-CRB

4  *H.L. v. Uber Technologies, Inc. et al.,*
   No. 3:24-cv-04526-CRB

5

6  *Jane Roe CL 12 v. Uber Technologies,*
   *Inc., et al.,* No. 3:24-cv-04673-CRB

7  *WHB 1293 v. Uber Technologies, Inc., et*
   *al.,* No. 3:24-cv-04817-CRB

8

9  *WHB 1027 v. Uber Technologies, Inc., et*
   *al.,* No. 3:24-cv-04820-CRB

10  *WHB 928 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04825-CRB

11

12  *WHB 511 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04842-CRB

13  *WHB 860 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04845-CRB

14

15  *WHB 1023 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04877-CRB

16  *WHB 1002 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04885-CRB

17

18  *WHB 1497 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04891-CRB

19  *WHB 310 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04903-CRB

20

21  *WHB 333 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04905-CRB

22  *WHB 56 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04908-CRB

23

24  *WHB 312 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04928-CRB

25  *WHB 1590 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04946-CRB

26

27  *WHB 1667 v. Uber Technologies, Inc., et*
    *al.,* No. 3:24-cv-04957-CRB

28

*WHB 1960 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04960-CRB

*WHB 1619 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04961-CRB

*WHB 689 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04965-CRB

*WHB 676 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05024-CRB

*WHB 1837 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05033-CRB

*WHB 1902 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05040-CRB

*WHB 1431 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05057-CRB

*WHB 666 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05127-CRB

*Jane Doe LS 523 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05155-CRB

*WHB 1394 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05237-CRB

*WHB 466 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05265-CRB

*WHB 1832 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05305-CRB

*WHB 645 v. Uber Technologies, Inc., et al., No. 3:*24-cv-05356-CRB

*WHB 703 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05361-CRB

*WHB 1272 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05366-CRB

*Jane Doe LS 529 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05422-CRB

*WHB 994 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05452-CRB

*WHB 1856 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05461-CRB

1   *WHB 1021 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05466-CRB

2

3   *WHB 1661 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05468-CRB

4   *WHB 1414 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05495-CRB

5

6   *WHB 1468 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05500-CRB

7   *WHB 1043 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05501-CRB

8

9   *Jane Roe CL 21 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05525-CRB

10  *Jane Doe LS 494 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05547-CRB

11

12  *WHB 1840 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05554-CRB

13  *WHB 1677 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05556-CRB

14  *WHB 1659 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05565-CRB

15

16  *WHB 1618 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05572-CRB

17  *Jane Roe CL 30 v. Uber Technologies, Inc.*, et al., No. 3:24-cv-05591-CRB

18

19  *A.T. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05592-CRB

20  *WHB 1943 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05598-CRB

21

22  *WHB 1552 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05599-CRB

23  *WHB 1880 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05602-CRB

24

25  *WHB 1381 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05603-CRB

26

27  *WHB 632 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05604-CRB

28

1   *WHB 1260 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05613-CRB

2   *WHB 1544 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05622-CRB

3

4   *WHB 438 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05631-CRB

5

6   *Jane Doe LS 248 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05647-CRB

7   *Jane Doe LS 514 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05658-CRB

8

9   *WHB 1611 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05665-CRB

10  *WHB 891 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05666-CRB

11

12  *WHB 1348 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05669-CRB

13  *WHB 946 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05698-CRB

14

15  *Jane Roe CL 35 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05706-CRB

16  *WHB 1142 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05712-CRB

17

18  *WHB 1057 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05715-CRB

19  *WHB 1470 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05716-CRB

20

21  *Jane Roe CL 44 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05744-CRB

22  *WHB 494 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05767-CRB

23

24  *WHB 871 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05770-CRB

25  *WHB 935 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05776-CRB

26

27  *Jane Doe LS 455 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05812-CRB

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Jane Doe CL 55 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05835-CRB

*Jane Doe LS 363 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05891-CRB

*Jane Doe LS 318 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05932-CRB

*WHB 884 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05948-CRB

*WHB 991 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05959-CRB

*Jane Doe LS 207 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05965-CRB

*DMA 1 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05968-CRB

*Jane Doe LS 303 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05980-CRB

*Jane Doe LS 125 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05982-CRB

*WHB 1556 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05986-CRB

*Jane Doe LS 153 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06011-CRB

*Jane Doe LS 216 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06029-CRB

*Jane Doe LS 233 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06030-CRB

*Jane Roe CL 73 v. Uber Technologies, Inc., et al.,* No 3:24-cv-7030-CRB

*WHB 1999 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07048-CRB

*B.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07492-CRB

*A.A. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07549-CRB

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

*E.R. 02 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07635-CRB

2

3

*E.H. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08342-CRB

4

*Jane Doe NLG (HK) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08614-CRB

5

6

*S.G. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08675-CRB

7

*Dadej v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08785-CRB

8

9

*C.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09049-CRB

10

*D.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09050-CRB

11

12

*E.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09052-CRB

13

*S.H. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09068-CRB

14

15

*Jane Roe CL 90 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09201-CRB

16

17

*Jane Doe NLG (R.M.) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09216-CRB

18

*D.C. 2636 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09367-CRB

19

20

*Jane Doe 693827 v. Uber Technologies, Inc., et al., No.* 3:24-cv-09515-CRB

21

*Jane Doe 691535 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09523-CRB

22

23

*Jane Roe CL 94 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09550-CRB

24

*Jane Roe CL 96 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00463-CRB

25

26

*I.A. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00822-CRB

27

28

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Roe CL 99 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00855-CRB

*L.F. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01005-CRB

*WHB 2060 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01092-CRB

*WHB 2061 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01095-CRB

*WHB 2062 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01098-CRB

*WHB 2063 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01099-CRB

*WHB 2064 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01101-CRB

*WHB 2067 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01122-CRB

*WHB 2070 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01126-CRB

*WHB 2071 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01130-CRB

*WHB 2073 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01143-CRB

*WHB 2075 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01148-CRB

*WHB 2077 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01150-CRB

*WHB 2082 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01177-CRB

*WHB 2084 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01179-CRB

*WHB 2036 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01180-CRB

*WHB 2039 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01202-CRB

*WHB 2041 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01205-CRB

1    *WHB 2043 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01207-CRB

2

3    *WHB 2044 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01209-CRB

4    *WHB 2047 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01215-CRB

5

6    *WHB 2048 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01216-CRB

7    *WHB 2049 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01218-CRB

8

9    *WHB 2051 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01226-CRB

10   *WHB 2054 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01244-CRB

11

12   *WHB 2057 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01249-CRB

13   *WHB 2059 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01255-CRB

14

15   *S.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01417-CRB

16   *K.D. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01602-CRB

17

18   *T.K. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01651-CRB

19   *S.W. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01658-CRB

20

21   *C.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01707-CRB

22   *M.S. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01863-CRB

23

24   *Halligan v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02104-CRB

25   *T.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02109-CRB

26

27   *Jane Doe LS 578 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02405-CRB

28

1  *Jane Roe CL 129 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02498-CRB

2

3  *A.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02510-CRB

4  *J.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02526-CRB

5

6  *A.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02577-CRB

7  *Jane Doe NLG (KS) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02616-CRB

8

9  *K.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02650-CRB

10

11  *N.K. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02681-CRB

12  *J.M., v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02689-CRB

13

14  *T.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02704-CRB

15  *S.F. v. Uber Technologies, Inc., et al.,,* No. 3:25-cv-02708-CRB

16

17  *Jane Roe CL 132 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02744-CRB

18  *Jane Doe NLG (IM) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02771-CRB

19

20  *M.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02859-CRB

21  *K.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02880-CRB

22

23  *T.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03016-CRB

24  *Jane Roe CL 143 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03260-CRB

25

26  *Jane Roe CL 145 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03262-CRB

27

28

*J.P.F. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03289-CRB

*J.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03364-CRB

*Batterson v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03378-CRB

*V.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03591-CRB

*Jane Roe CL 153 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03818-CRB

*Lugo v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-03969-CRB

*Donaldson v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03976-CRB

*C.E. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04100-CRB

*S.S. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04143-CRB

*W.M. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04717-CRB

*K.N. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04719-CRB

*R.H. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04725-CRB

*T.P. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04766-CRB

*V.R. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04767-CRB

*S.K. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04768-CRB

*L.K. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04774-CRB

*B.W. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04796-CRB

*G.G. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04798-CRB

*D.C. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-04851-CRB

# TABLE OF CONTENTS

MEMORANDUM OF POINTS AND AUTHORITIES ....................................................................1

**ARGUEMENT** ...............................................................................................................................3

I.    Two dozen Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought......................................................................................3

II.   Uber withdraws its motion as to Plaintiffs who have produced PFS with all questions answered, accompanied by signed verifications, record releases, and the production of supporting documentation................................................................................................................4

III.  Uber's motion to dismiss was not a discovery motion and it was therefore not required to meet and confer before filing it under Local Rule 37-1............................................................5

IV.   Plaintiffs' arguments that the *Malone* factors do not favor dismissal are unsupported by the law and the facts......................................................................................................................6

A.    The first and second *Malone* factors: Plaintiffs' failure to comply with PTO 10 threatens this Court's management of its docket and the public interest in expedition in expedition resolution of this case...................................................................................................................7

B.    The third *Malone* factor: the fact that other discovery has been stayed heightens rather than diminishes the prejudice to Uber from Plaintiffs' failure to timely produce substantially complete PFS..........................................................................................................................8

C.    The fourth and fifth Malone factors: Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available. .................................................................................................................................10

**CONCLUSION** ............................................................................................................................12

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp.* v. *Thoeren,*
    913 F.2d 1406 (9th Cir. 1990) ............................................................................1

*Bennett-Martin v. San Bernadino Community College,*
    No. 16-cv-1165, 2018 WL 5919212 (C.D. Cal. May 15, 2018)................................9

*Brown v. Wescott,*
    No. C13–369 MJP, 2013 WL 6670252 (W.D. Wash. Dec. 18, 2013)......................6

*Brunt v. United States,*
    No. 21-cv-231, 2021 WL 2670735 (C.D. Cal. May 14, 2021)................................8

*Capolupo v. Ellis,*
    No. 18-cv-07458-RMI, 2019 WL 2327883 (N.D. Cal. May 31, 2019)................................12

*Catalan v. Hill,*
    No. 22-cv-0062, 2024 WL 5185635 (C.D. Cal. Aug. 26, 2024) ............................12

*Collins v. Laborers Int'l Union of N. Am.,*
    No. 24-3937, 2025 WL 1895310 (9th Cir. July 9, 2025)........................................11

*Computer Task Group, Inc. v. Brody,*
    364 F.3d 1112 (9th Cir. 2004) ..........................................................................1

*Degrelle v. Simon Wiesenthal Center,*
    883 F.2d 1023 (9th Cir. 1989) ........................................................................11

*In re Eisen,*
    31 F.3d 1447 (9th Cir. 1994) ..........................................................................7

*Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,*
    No. 10-cv-1284, 2011 WL 4841285 (E.D. Cal. Oct. 12, 2011)............................2, 6

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,*
    No. 10-2258, 2012 WL 629747 (E.D. La. Feb. 27, 2012)......................................9

*Fimbrez v. Fresno Cnty. Jail,*
    No. 1:24-cv-1462, 2025 WL 1506225 (E.D. Cal. May 27, 2025)..........................12

*George v. United States,*
    901 F.Supp.2d 1179 (N.D. Cal. 2012) ..............................................................3

*Ghazali v. Moran,*
    46 F.3d 52 (9th Cir. 1995) ..............................................................................3

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
    496 F.3d 863 (8th Cir. 2007) ............................................................. 2

*Hilton v. Pagani Worldwide LLC*,
    No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020) ............ 11, 12

*Hoffman v. Constr. Protective Servs., Inc.*,
    541 F.3d 1175 (9th Cir. 2008) ............................................................. 6

*Holley v. Gilead Sciences, Inc.*,
    No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021) ....................................... 8

*Honnevk v. Farmers New World Life Ins. Co.*,
    No. 1:11–cv–153, 2013 WL 6839605 (E.D. Cal. Dec. 23, 2013) ................ 10

*Horsley v. United States*,
    No. 83-cv-0102, 1985 WL 2655 (N.D Cal. June 5, 1985) .......................... 11

*ILWU-PMA Welfare Plan Board of Trustees v.*
    No. 15-cv-2965, 2017 WL 345988 (N.D. Cal. Jan 24, 2017) ..................... 9

*Jackson v. United States*,
    116 F.3d 484 (C.D. Cal. June 5, 1997) ................................................. 11

*Johnson v. Williams*,
    No. 2:20-cv-01835, 2025 WL 2401323 (D. Nev. Aug. 1, 2025) ................. 2, 6

*Karnazes v. Cnty. of San Mateo*,
    No. 09-cv-0767, 2010 WL 1910522 (N.D. Cal. May 11, 2010) ................... 10

*In re Korean Air Lines Co.*,
    642 F.3d 685 (9th Cir. 2011) ............................................................. 8

*Malone v. U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ....................................................... 2, 7, 9, 13

*Mattingly v. United States*,
    939 F.2d 816 (9th Cir. 1991) ............................................................. 12

*In re Mirena IUD Prods. Liab. Litig.*,
    No. 13-MD-2434, 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) ................ 2

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) ............................................................. 7

*In re Phenylpropanolamine Prods. Liab. Litig.*,
    460 F.3d 1217 (9th Cir. 2006) ...................................................... 1, 9, 10

*Ruelas v. Alameda Cnty.*,
    No. 19-cv-07637, 2023 WL 8173675 (N.D. Cal. April 14, 2023) ................ 12

iii

*Sanchez v. Autozone, Inc.*,
    No. 14-cv-1347, 2018 WL 6137165 (C.D. Cal. March 27, 2018)............................................8

*Shanko v. Lake Cnty.*,
    No. 14-cv-5543, 2016 WL 9047117 (N.D. Cal. Feb. 2, 2016)................................................8

*Sotoodeh v. City of South El-Monte*,
    No. 24-3848, 2025 WL 1409493 (9th Cir. May 15, 2025)......................................................3

*Spears v. Baldwin Park Unified Sch. Dist.*,
    No. 24-1428, 2025 WL 2028305 (9th Cir. July 21, 2025)...................................................2, 4

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
    966 F.3d 351 (5th Cir. 2020) ...............................................................................................1

*Temujin Labs Inc. v. Translucence Research, Inc.*,
    No. 21-cv-9152, 2025 WL 277402 (N.D. Cal. Jan. 23, 2025)................................................8

*Torres v. General Motors LLC*,
    No. 24-cv-02474-BEN-JLB, 2025 WL 1435524 (S.D. Cal. May 16, 2025) ..........................11

*In re Toy Asbestos*,
    No. 19-cv-00325-HSG, 2021 WL 1056552 (N.D. Cal. March 19, 2021) ................................6

*United States v. $133,420.00 in U.S. Currency*,
    672 F.3d 629 (9th Cir. 2012) ...............................................................................................10

*United States v. Passeger*,
    No. 5:22-cv-875, 2025 WL 2074359 (C.D. Cal. March 6, 2025)..........................................12

*Young v. Cnty. of Alameda*,
    No. 24-cv-3914, 2025 WL 1237558 (N.D. Cal. April 28, 2025)...........................................12

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    No. 09–md–2096, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011)...............................................2

**Rules**

Fed. R. Civ. P. 37 ..................................................................................................................2, 6

Fed. R. Civ. P. 41 ..................................................................................................................3, 12

Fed. R. Civ. P. 41(b) .................................................................................................................12

iv

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with PTO 10, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to produce a substantially complete Plaintiff Fact Sheet ("PFS") despite this Court's order directing many of them to do so more than a year ago. ECF No. 348 at 5-7. The deficiencies in these Plaintiffs' PFS were not minor or subject to interpretation, but consisted of failure to do one or more of four things this Court specifically ordered Plaintiffs to do: (1) answer all applicable questions, (2) include a signed verification, (3) provide executed record release authorizations, and (4) produce the supporting documents requested in the PFS.[1] *Id.* These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). Plaintiffs claim that "these cases pose no greater risk to Uber than any unfiled case" because "bellwethers have already been selected" and the production "will not have a substantial impact on the timeline of the bellwether cases set for trial." ECF 3843 at 7, 10. But there is no rule permitting someone to: (i) click on an internet ad; (ii) remain submerged as a non-bellwether Plaintiff, in this case violating Court orders; and (iii) "resurface" for a settlement check. Uber's request that the Court issue one final order compelling Plaintiffs to cure the deficiencies in their PFS within 14 days or face dismissal with prejudice is entirely reasonable.

Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay and overall lack of participation from Plaintiffs in this litigation, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren,* 913 F.2d 1406,

---

[1] In its Response, the Levin Simes firm asserts that "[i]t is unclear from Uber's moving papers what it means by a missing production." ECF No. 3856 at n.1. Respectfully, Uber's motion was quite clear that it was referring to some Plaintiffs' failure to produce the supporting documents that this Court ordered should be produced with the PFS and the PFS outlines when a response triggers a production requirement. ECF No. 3731 at 1 (citing PTO 10, ECF No. 348 at 6-7, which in turn states that, to be considered "substantially complete," a PFS must be accompanied by a production of "the requested documents to the extent such documents are in the Party's possession, custody, or control.")

1

1412 (9th Cir. 1990). Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.,* 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011).

Some of the Plaintiffs who failed to submit substantially complete PFS have not responded to Uber's motion, and for that reason alone the motion should be granted as to those Plaintiffs. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Other Plaintiffs[2] have responded, but only to state that they have cured any PFS deficiencies and therefore should be removed from the motion, which Uber does not oppose. A number of Plaintiffs argue that Uber's motion should be denied because it did not meet and confer before filing it, perhaps unaware of the numerous court decisions holding that motions for sanctions under Rule 37 are not discovery motions that would be subject to the meet and confer requirement. *See, e.g.*, *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011); *Johnson v. Williams,* No. 2:20-cv-01835, 2025 WL 2401323, at *2 (D. Nev. Aug. 1, 2025). Only a few Plaintiffs even engage on the application of the factors for dismissal outlined in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). However, the cases they cite actually favor dismissal of their cases and the hypothetical excuses they offer are vague and insufficient to allow them to indefinitely violate court orders with impunity as they request. Uber's requested relief, which

---

[2] Anapol Weiss (ECF No. 3781), Peiffer Wolf Carr Kane Conway & Wise, LLP (ECF No. 3831), the Wagstaff Law Firm (ECF No. 3841), Nachawati Law Group (ECF No. 3843), Simmons Hanly Conroy, LLP (ECF No. 3844), William Hart & Bondas, LLP (ECF No. 3847), Cutter Law PC (ECF No. 3853), and Levin Simes LLP (ECF No. 3856) have all filed Responses on behalf of their clients. Uber's Reply addresses all of these responses in a single filing for this Court's convenience.

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10                    Case No. 3:23-MD-3084-CRB

affords Plaintiffs additional time to comply with this Court's order of more than a year ago but not a

blank check to continue to shirk their obligations for as long as they see fit, is entirely reasonable.

## <u>ARGUEMENT</u>

**I.    Two dozen Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

The Meyer Wilson firm, representing the Plaintiff in *M.S. v. Uber Technologies, Inc., et al.,*

No. 3:25-cv-01863-CRB, did not file a response in opposition to Uber's Motion to Dismiss. Neither

did the Pulaski Law Firm, PLLC, which represents more than a dozen relevant Plaintiffs:

> *B.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-7492-CRB
> *A.A. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-7549-CRB
> *S.G. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-8675-CRB
> *T.K. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-1651-CRB
> *S.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-1658-CRB
> *C.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-1707-CRB
> *T.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2109-CRB
> *A.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2510-CRB
> *J.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2526-CRB
> *A.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2577-CRB
> *N.K. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2681-CRB
> *T.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2704-CRB
> *S.F. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2708-CRB
> *M.H. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2859-CRB
> *K.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-2880-CRB
> *T.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-3016-CRB
> *V.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-4767-CRB

Similarly, Kherkher Garcia, LLP, counsel of record in *Jane Doe 693827 v. Uber Technologies,*

*Inc. et al,* No. 3:24-cv-9515-CRB and *Jane Doe 639535 v. Uber Technologies, Inc., et al.*, No. 3:24-

9523-CRB, did not file an opposition, nor did Cohen Hirsch, LP, for the Plaintiff in *D.C.* 2636 v. *Uber*

*Technologies, Inc., et al.,* No. 3:24-cv-9367-CRB, or Justice Law Collaborative for *E.D. v. Uber*

*Technologies, Inc., et al.,* No. 3:23-cv-5307-CRB. Beyond this, two pro se Plaintiffs also failed to

oppose Uber's motion to dismiss, in *C.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-9049-CRB

and *D.J. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-9050-CRB.

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,*

901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). This is true even for *pro se* plaintiffs, who are bound by

the rules of procedure like any other litigant. *Ghazali v. Moran,* 46 F.3d 52, 54 (9th Cir. 1995). And

unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,*

No. 24-3848, 2025 WL 1409493, at \*2 (9th Cir. May 15, 2025). Even in the context of case-

terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted.

*Spears,* 2025 WL 2028305, at \*1. Thus, because these two dozen Plaintiffs compounded their failure

to produce substantially complete PFS by failing to timely oppose Uber's motion to dismiss, the

motion should be granted as to those Plaintiffs.

## II. Uber withdraws its motion as to Plaintiffs who have produced PFS with all questions answered, accompanied by signed verifications, record releases, and the production of supporting documentation.

Several law firms have responded to Uber's motion to dismiss by stating that they have

produced substantially complete PFS on behalf of some of the Plaintiffs at issue. ECF No. 3781;

ECF No. 3831; ECF No. 3841; ECF No. 3844; ECF No. 3847; ECF No. 3856. Uber has confirmed

that the following Plaintiffs have in fact produced PFS with all questions answered, accompanied

by signed verifications, record releases, and the production of supporting documentation:

> *B.B. v. Uber Technologies, Inc., et al.,* 3:24-cv-4845-CRB
> *E.O. v. Uber Technologies, Inc., et al.,* 3:24-cv-4905-CRB
> *E.N. v. Uber Technologies, Inc., et al.,* 3:24-cv-4903-CRB
> *M.E. v. Uber Technologies, Inc., et al.,* 3:24-cv-5033-CRB
> *H.H. v. Uber Technologies, Inc., et al.,* 3:24-cv-4673-CRB
> *B.B. v. Uber Technologies, Inc., et al.,* 3:24-cv-5265-CRB
> *T.C. v. Uber Technologies, Inc., et al.,* 3:24-cv-5356-CRB
> *C.G. v. Uber Technologies, Inc., et al.,* 3:24-cv-5572-CRB
> *S.L. v. Uber Technologies, Inc., et al.,* 3:24-cv-5591-CRB
> *M.L. v. Uber Technologies, Inc., et al.,* 3:24-cv-5706-CRB
> *C.P. v. Uber Technologies, Inc., et al.,* 3:24-cv-5835-CRB
> *B.D. v. Uber Technologies, Inc., et al.,* 3:24-cv-5968-CRB
> *D.W. v. Uber Technologies, Inc., et al.,* 3:24-cv-5604-CRB
> *A.E. v. Uber Technologies, Inc., et al.,* 3:24-cv-5613-CRB
> *S.G. v. Uber Technologies, Inc., et al.,* 3:24-cv-5812-CRB
> *F.W. v. Uber Technologies, Inc., et al.,* 3:24-cv-6029-CRB
> *A.L. v. Uber Technologies, Inc., et al.,* 3:24-cv-5422-CRB
> *D.J. v. Uber Technologies, Inc., et al.,* 3:24-cv-8785-CRB

*J.H. v. Uber Technologies, Inc., et al.,* 3:24-cv-9201-CRB[3]
*E.H. v. Uber Technologies, Inc., et al.,* 3:24-cv-8342-CRB
*E.B. v. Uber Technologies, Inc., et al.,* 3:24-cv-9052-CRB
*P.M. v. Uber Technologies, Inc., et al.,* 3:25-cv-1098-CRB
*J.M. v. Uber Technologies, Inc., et al.,* 3:25-cv-1101-CRB
*A.N. v. Uber Technologies, Inc., et al.,* 3:25-cv-1122-CRB
*J.R. v. Uber Technologies, Inc., et al.,* 3:25-cv-1130-CRB
*S.W. v. Uber Technologies, Inc., et al.,* 3:25-cv-1179-CRB
*S.G. v. Uber Technologies, Inc., et al.,* 3:25-cv-1417-CRB
*L.H. v. Uber Technologies, Inc., et al.,* 3:25-cv-2104-CRB
*L.T. v. Uber Technologies, Inc., et al.,* 3:25-cv-2405-CRB
*J.M. v. Uber Technologies, Inc., et al.,* 3:25-cv-2689-CRB
*M.L. v. Uber Technologies, Inc., et al.,* 3:25-cv-2498-CRB
*D.A. v. Uber Technologies, Inc., et al.,* 3:25-cv-3262-CRB
*V.B. v. Uber Technologies, Inc., et al.,* 3:25-cv-3378-CRB
*V.M. v. Uber Technologies, Inc., et al.,* 3:25-cv-3591-CRB
*C.L. v. Uber Technologies, Inc., et al.,* 3:25-cv-3969-CRB
*B.D. v. Uber Technologies, Inc., et al.,* 3:25-cv-3976-CRB
*S.S. v. Uber Technologies, Inc., et al.,* 3:25-cv-4143-CRB
*C.E. v. Uber Technologies, Inc., et al.,* 3:25-cv-4100-CRB
*W.M. v. Uber Technologies, Inc., et al.,* 3:25-cv-4717-CRB
*K.N. v. Uber Technologies, Inc., et al.,* 3:25-cv-4719-CRB
*R.H. v. Uber Technologies, Inc., et al.,* 3:25-cv-4725-CRB
*L.K. v. Uber Technologies, Inc., et al.,* 3:25-cv-4774-CRB
*S.K.* v. Uber Technologies, Inc., et al., 3:25-cv-4768-CRB
*T.P. v. Uber Technologies, Inc., et al.,* 3:25-cv-4766-CRB
*B.W. v. Uber Technologies, Inc., et al.,* 3:25-cv-4796-CRB
*G.G. v. Uber Technologies, Inc., et al.,* 3:25-cv-4798-CRB
*D.C. v. Uber Technologies, Inc., et al.,* 3:25-cv-4851-CRB

Uber therefore withdraws its motion as to these Plaintiffs[4], although it reserves any other potential arguments regarding the sufficiency of these Plaintiffs' PFS submissions.

**III.    Uber's motion to dismiss was not a discovery motion and it was therefore not required to meet and confer before filing it under Local Rule 37-1.**

---

[3] The Opposition submitted by the Cutter Law P.C. Plaintiffs (ECF 3853) implies that Uber incorrectly included Jane Roe CL 90 in its Motion for failing to provide a signed record release authorization. Not true. Rather, after Uber filed its Motion, Jane Roe CL 90 submitted an amended PFS in which she changed her answer to certain questions, thereby alleviating her duty provide the missing signed record release authorization.

[4] Uber also withdraws its motion as to S.H., No. 3:24-cv-09068; Jane Doe WHB 1021, No. 3:24-cv-05466; Jane Doe WHB 1856, No. 3:24-cv-05461; and Jane Doe WHB 2063; 3:25-cv-01099. Uber inadvertently omitted the deficiencies that serve as the basis for these plaintiffs' inclusion in this motion from the deficiency notices that Uber sent to these plaintiffs. Uber's withdrawal is not a concession regarding the sufficiency of these plaintiffs' PFS submissions and Uber reserves the right to seek dismissal of these plaintiffs' claims based on these and any other PFS deficiencies in the future.

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10                    Case No. 3:23-MD-3084-CRB

A number of Plaintiffs argue that this Court should deny Uber's motion solely because it did not meet and confer with them pursuant to Local Rule 37-1 before filing it. ECF No. 3781 at 2; ECF No. 3831 at 4; ECF No. 3841 at 2; ECF No. 3843 at 4; ECF No. 3844 at 2; ECF No. 3847 at 9. But under the plain language of the rule, it applies only to "a motion to resolve a disclosure or discovery dispute." L.R. 37-1(a). And courts have been clear that "a motion relating to sanctions pursuant to Rule 37," such as Uber's present motion, is "not a discovery motion." *Endurance Am. Specialty Ins. Co.*, 2011 WL 4841285, at *3. Accordingly, there is "no obligation to meet and confer… before bringing his motion for sanctions." *Johnson,* 2025 WL 2401323, at *2. In fact, the Ninth Circuit has held that any local rule requiring a conference prior to imposition of sanctions under Rule 37 would be inconsistent with that rule and therefore unenforceable. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Indeed, meeting and conferring over Plaintiffs' failure to comply with this Court's order to submit substantially complete PFS would make no sense, as Uber could not give Plaintiffs permission to violate the Court's order even if it wanted to. *See In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *3 (N.D. Cal. March 19, 2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or not."); *Brown v. Wescott,* No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013) ("The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements."). Plaintiffs cannot negotiate away their obligations to comply with this Court's order; they have violated PTO 10 and sanctions are appropriate. Nonetheless, Plaintiffs fail to acknowledge that Uber actually offered to meet and confer in the deficiency notices it sent to every plaintiff that is subject to this Motion. While a few Plaintiffs took Uber up on its offer, most actively chose not to do so and now attempt to use their own, conscious inaction to claim Uber violated the rules.

**IV.    Plaintiffs' arguments that the *Malone* factors do not favor dismissal are unsupported by the law and the facts.**

**A.  The first and second *Malone* factors: Plaintiffs' failure to comply with PTO 10 threatens this Court's management of its docket and the public interest in expedition in expedition resolution of this case.**

Two of the oppositions filed by Plaintiffs address the first two *Malone* factors, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. ECF No. 3843 at 6-7; ECF No. 3856 at 3. Both address these factors together rather than separately, so Uber will do the same.

As an initial matter, the Ninth Circuit has squarely held that the first *Malone* factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). So Plaintiffs' assertion, without explanation, that it somehow "weigh[s] against dismissal with prejudice" in this case is obviously wrong. ECF No. 3843 at 6; ECF No. 3856 at 3.

Beyond that, Plaintiffs argue that it is fine for them to ignore this Court's orders because the resulting delays can "be endured" and the court's docket has not yet "become unmanageable." ECF No. 3843 at 6; ECF No. 3856 at 3. But the only case they cite in support of that argument actually found that the first two *Malone* factors **favored** dismissal for failure to prosecute and **affirmed** the dismissal of plaintiff's case. *In re Eisen,* 31 F.3d 1447, 1451-52 & 1456 (9th Cir. 1994). Contrary to Plaintiffs' suggestion, courts do not have to permit plaintiffs to ignore their orders and stall cases for years before they can do anything about it; courts have routinely found that their need to manage the docket justified dismissal after much shorter periods of delay by plaintiffs. *See, e.g., Temujin Labs Inc. v. Translucence Research, Inc.,* No. 21-cv-9152, 2025 WL 277402, at *2 (N.D. Cal. Jan. 23, 2025); (dismissing with prejudice after three month delay by plaintiffs); *Shanko v. Lake Cnty.,* No. 14-cv-5543, 2016 WL 9047117, at *2 (N.D. Cal. Feb. 2, 2016) (dismissing with prejudice after failure to respond to court orders for "a period of months;" allowing plaintiff to "disregard court orders without consequence may have a broader effect on the Court's docket if it sends a message to other litigants that compliance with discovery obligations, case schedules, and court orders is optional"); *Brunt v.*

7

*United States,* No. 21-cv-231, 2021 WL 2670735, at *2 (C.D. Cal. May 14, 2021) (dismissing with prejudice after three month delay by plaintiff, which "hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently").

In addition, the Nachawati Law Group's opposition also suggests that this Court should endure some Plaintiffs' delay in complying with PTO 10 in multiple cases because the Nachawati firm has "already decreased the number of Plaintiffs with overdue fact sheets in a majority of cases that this issue has been raised." ECF No. 3843 at 6. But this is not how court ordered obligations work. Non-compliant Plaintiffs cannot be excused for their failure to produce substantially complete PFS because other Plaintiffs in other cases have done so any more than Uber could be excused from producing documents in this case because Lyft has done so in a different sexual assault lawsuit. An MDL is not a class action and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual court ordered obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez v. Autozone, Inc.,* No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018). As the Court put it in *Holley v. Gilead Sciences, Inc*., MDLs "are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24. The Plaintiffs subject to this motion have failed to comply with their individual obligations to comply with court orders, and the first two *Malone* factors both favor dismissal with prejudice.

**B.**  **The third *Malone* factor: the fact that other discovery has been stayed heightens rather than diminishes the prejudice to Uber from Plaintiffs' failure to timely produce substantially complete PFS.**

The Nachawati Law Group and Levin Simes both argue that Uber has not been prejudiced by Plaintiffs' failure to produce substantially complete PFS because all other discovery in this case has

8

been stayed, except as to bellwether cases. ECF No. 3843 at 7-8; ECF No. 3856 at 3-4. This gets it exactly backwards. The stay of discovery actually renders Plaintiffs' deficient PFS **more prejudicial** to Uber because the PFS provides **the only information** Uber will be able to obtain about the non-bellwether cases for some time. *See ILWU-PMA Welfare Plan Board of Trustees v.* No. 15-cv-2965, 2017 WL 345988, at *6 (N.D. Cal. Jan 24, 2017) (prejudice established from loss of evidence where it was not available from other sources); *Bennett-Martin v. San Bernadino Community College,* No. 16-cv-1165, 2018 WL 5919212, at *7 (C.D. Cal. May 15, 2018) (party would "likely suffer substantial prejudice" where it had "no other source to obtain [sought after] information"). As the Ninth Circuit has explained in affirming the dismissal of MDL cases with prejudice for failure to produce PFS, without a complete PFS, a defendant is "unable to mount its defense because it ha[s] no information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint." *In re PPA,* 460 F.3d at 1234. In other words, defendants are "substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 10-2258, 2012 WL 629747, at *2 (E.D. La. Feb. 27, 2012).

Plaintiffs do not even attempt to address most of the cases Uber has cited establishing that deficient PFS are prejudicial to defendants. ECF No. 3843 at 7-8; ECF No. 3856 at 3-4. They do argue that *PPA* is distinguishable because the failure to submit a PFS in that case prevented other discovery deadlines from being triggered, but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA,* 460 F.3d at 1227. It added that "an involved, complex case increases the prejudice from the delay. Early preparation and participation are essential in such circumstances." *Id.* at 1228. But regardless, not only have Plaintiffs failed to distinguish Uber's authority establishing prejudice, they have not pointed to a single case suggesting that the failure to provide a substantially complete PFS is not prejudicial. ECF No. 3843 at 7-8; ECF No. 3856 at 3-4. Indeed, Uber is unaware of any case so holding.

The Nachawati firm also argues that it has "mitigated" any prejudice to Uber from being "unable to assess the entire litigation" by "provid[ing] pertinent case information for each Plaintiff." ECF No. 3843 at 8. But it is absurd to suggest that any information Plaintiffs might provide could take the place of the signed declaration required to accompany the PFS by PTO 10; declarations are "cognizable evidence," *United States v. $133,420.00 in U.S. Currency,* 672 F.3d 629 (9th Cir. 2012), that "provide a basis upon which the court can find that a proffered fact… can be supported at trial by testimonial or other competent evidence," *Honnevk v. Farmers New World Life Ins. Co.,* No. 1:11–cv–153, 2013 WL 6839605, at *4 (E.D. Cal. Dec. 23, 2013). Nor does any such informally-provided information allow Uber to obtain Plaintiffs medical and/or law enforcement records, as the releases required by PTO 10 as part of a substantially complete PFS would. *See Karnazes v. Cnty. of San Mateo,* No. 09-cv-0767, 2010 WL 1910522, at *6 (N.D. Cal. May 11, 2010). This Court ordered Plaintiffs to timely submit a substantially complete PFS—including answers to all questions, a verification, releases, and an accompanying production of supporting documents—not simply to provide Uber with whatever information they happen to find it convenient to share. The Plaintiffs at issue in this motion have not complied with that order and Uber's ability to defend itself has been significantly prejudiced.

### C.    The fourth and fifth Malone factors: Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available.

Plaintiffs' oppositions cite to the general policy in favor of disposing of cases on the merits rather than by default judgment. ECF No. 3843 at 8; ECF No. 3856 at 4. Although Plaintiffs are correct that disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion

in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And despite Plaintiffs' contrary arguments (ECF No. 3843 at 9; ECF No. 3856 at 4-5), dismissal is not too drastic a sanction in this case. This Court entered its order requiring Plaintiffs to file substantially complete PFS more than a year ago. All of the Plaintiffs whose cases remain at issue have received a Deficiency Notice informing them of the reasons their PFS are not substantially complete. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020); *Jackson v. United States*, 116 F.3d 484, 484 (C.D. Cal. June 5, 1997).

Plaintiffs also appear to argue that dismissal is inappropriate because they are not "unwilling" to comply with this Court's order or simply "refusing" to do so, but rather have vague excuses for their noncompliance. ECF No. 3843 at 3; ECF No. 3856 at 1. But for the failure to comply with a court order to be willful, and dismissal to be appropriate, "the failure need not necessarily be accompanied by wrongful intent." *Horsley v. United States,* No. 83-cv-0102, 1985 WL 2655, at *4 (N.D Cal. June 5, 1985). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v*, 285 F.3d at 905. There is nothing in the record to suggest that Plaintiffs failed to meet their deadlines to produce ride receipts or information forms due to circumstances beyond their control. *See Hilton v. Pagnini Worldwide LLC,* No. 19-cv-1848, 2020 WL 2528935, at *2 (N.D. Cal. April 16, 2020). Indeed, Plaintiffs' Oppositions fail to allege facts specific to any individual Plaintiff to explain the failure to produce; they offer only "vague [and hypothetical] excuses" about changing contact information of the type courts have previously been "unmoved by." *United States v. Passegger,* No. 5:22-cv-875, 2025 WL 2074359, at *2 (C.D. Cal. March 6, 2025). Because Plaintiffs

11

have not shown their failure to abide by this Court's discovery order was outside of their control, dismissal with prejudice is appropriate. *See Ruelas v. Alameda Cnty.,* No. 19-cv-07637, 2023 WL 8173675, at *3 (N.D. Cal. April 14, 2023).

The Nachawati Plaintiffs also argue that dismissal "is particularly punitive in light of the nature of Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct." ECF No. 3843 at 9. But Rule 41 does not excuse plaintiffs from following court rules and prosecuting their cases simply because they have made serious factual allegations, and sexual assault cases are not immune from dismissal. *See Young v. Cnty. of Alameda,* No. 24-cv-3914, 2025 WL 1237558, at *5 (N.D. Cal. April 28, 2025) (noting, in case involving sexual assault allegations, that failure to comply with court orders "will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)"); *Fimbrez v. Fresno Cnty. Jail,* No. 1:24-cv-1462, 2025 WL 1506225, at *6 (E.D. Cal. May 27, 2025) (dismissing case including sexual assault claim with prejudice for failure to prosecute); *Catalan v. Hill,* No. 22-cv-0062, 2024 WL 5185635, at *4 (C.D. Cal. Aug. 26, 2024) (same). "The Rules of Civil Procedure… apply by their own force to all litigants before the court." *Mattingly v. United States,* 939 F.2d 816, 818 (9th Cir. 1991). Plaintiffs have come before this Court making serious allegations and seeking significant relief; they cannot ignore their Court-imposed obligations, no matter how inconvenient they may find them. *See Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

## **CONCLUSION**

Plaintiffs' failure to comply with court orders and rules continues, with some Plaintiffs even failing respond to Uber's motion to dismiss their cases. Some of those Plaintiffs who have responded raise procedural objections, but these are inconsistent with the plain language of the rule they rely on and the case law interpreting it. Other Plaintiffs attempt to rebut Uber's showing that the Malone factors favor dismissal, but they lack supporting legal authority and raise only vague factual excuses.

This Court should take the same approach as other MDL courts faced with plaintiffs' willful failure to comply with court orders and dismiss these Plaintiffs' claims with prejudice.


Dated: September 12, 2025                          SHOOK, HARDY & BACON L.L.P.

                                                  By: */s/ Michael B. Shortnacy*
                                                      MICHAEL B. SHORTNACY

                                                  MICHAEL B. SHORTNACY (SBN: 277035)
                                                  mshortnacy@shb.com
                                                  **SHOOK, HARDY & BACON L.L.P.**
                                                  2121 Avenue of the Stars, Suite 1400
                                                  Los Angeles, CA 90067
                                                  Telephone: (424) 285-8330
                                                  Facsimile: (424) 204-9093

                                                  *Attorney for Defendants*
                                                  UBER TECHNOLOGIES, INC.,
                                                  RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10                     Case No. 3:23-MD-3084-CRB