Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 333 v. Uber Technologies, Inc., et al,* Case No. 3:23-cv-05930-CRB<br><br>*Jane Doe LS 397 v. Uber Technologies. Inc., et al,* Case No. 3:24-cv-05864-CRB | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME TO COMPLY WITH COURT'S ORDER CONCERNING NON-BONA-FIDE RECEIPTS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME TO COMPLY WITH COURT'S ORDER CONCERNING NON-BONA-FIDE RECEIPTS

1

Case No. 3:23-md-03084-CRB (LJC)

Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser-CA, LLC (collectively, "Uber" or "Defendants") respectively oppose Plaintiffs' Motion to Change Time to Comply with Court's Order Concerning Non-Bona Fide Receipts (ECF 3904).

## ARGUMENT

The Levin Simes law firm has long known about issues with the receipts provided by *Jane Doe LS 333* (MDL ID 1194) and *Jane Doe LS 397* (MDL ID 2350). In February 2024 and September 2024, the Levin Simes firm served the non-bona-fide receipts at issue. Cotton Decl. ¶¶2-3. In May 2024 and March 2025, Uber provided Defendant Fact Sheets indicating that Uber could not locate ride receipts that correspond to these Plaintiffs' allegations. Cotton Decl. ¶¶4-5. The non-bona-fide receipts were again discussed in a letter to the Levin Simes firm on July 22, 2025, and on a meet and confer call with the firm on July 25, 2025 – well before the current JCCP trial started. ECF 3604.

In July 2025, similar issues were raised with respect to 19 other Plaintiffs that likewise submitted non-bona-fide receipts. *Id.* Counsel for those other Plaintiffs did not dispute that the receipts submitted by their clients are inauthentic. Only Levin Simes asserted that "[b]oth Plaintiffs assure us their receipts are authentic." ECF 3771 at 2. Levin Simes did not provide any signed declarations, from themselves or their clients, nor did they attempt to explain the discrepancies identified in Uber's original Motion (ECF 3604). Today, over a year after Uber served the Defendant Fact Sheet for MDL ID 1194 and six months since Uber served the Defendant Fact Sheet for MDL ID 2350, and almost two months after the parties' meet and confer call, Levin Simes has not come forward with any explanation for these non-bona-fide receipts.

On September 9, 2025, this Court ordered Plaintiffs with MDL IDs 1194 and 2350 to "(1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (ECF 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website 'Makereceipt.com'; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts." ECF 3876. The next day, on September 10, counsel for Defendants asked the Levin Simes firm to provide each Plaintiff's availability for a deposition

between September 26-29 and October 6-9.  *See* Cotton Decl. ¶6.  The Levin Simes firm did not respond to that request, so counsel for Defendants followed up with respect to deposition scheduling on September 12.  *Id*.  In response, the Levin Simes firm requested an extension of the deadlines set by the Court.  *Id.* Defendants did not agree to the requested extension. *Id.*

The Defendant Fact Sheets relating to the non-bona-fide receipts were served long ago (as far back as May 2024), and the parties met and conferred back in July 2025.  The Levin Simes firm has taken no action to resolve these issues over the course of that time.  Defendants have proposed several deposition dates that would comply with this Court's September 9 Order, including dates after September 25, which Plaintiffs acknowledge is when the JCCP trial is scheduled to conclude.  In the interim, Plaintiffs should produce the documents that the Court ordered to be produced.  Bona fide ride receipts were due to be produced long ago pursuant to PTO 5.  ECF 175.  The trial of a JCCP case does not excuse Plaintiffs in this MDL from complying with Court orders – particularly where their actions implicate the integrity of our judicial system.

## CONCLUSION

Plaintiffs with MDL IDs 1194 and 2350 have submitted non-bona-fide receipts.  The JCCP trial that is scheduled to conclude on September 25, 2025, does not justify extending the deadlines set by the Court in its September 9, 2025 Order.  Accordingly, Plaintiffs' Motion to Change Time to Comply with the Court's Order Concerning Non-Bona-Fide receipts should be denied.

Dated: September 15, 2025

Respectfully submitted,

By: _____
Christopher V. Cotton (admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO CHANGE TIME TO COMPLY WITH COURT'S ORDER CONCERNING NON-BONA-FIDE RECEIPTS

3

Case No. 3:23-md-03084-CRB (LJC)