Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3868]]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

## DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF SEALING

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated September 8, 2025, ECF 3868 ("Plaintiffs' Motion"). Plaintiffs do not oppose this request for sealing. *See* Cummings Decl. ¶ 12.

### I.    BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns the Joint Discovery Letter Brief Regarding 30(b)(6) Topics and Written Discovery, filed September 8, 2025, ECF 3867 ("Letter Brief") and supporting exhibits:

| Document | Description | Defendants' Request |
|---|---|---|
| **[Unredacted] Letter Brief** (ECF 3868-3; redacted version at ECF 3867) | Portions of briefing referring to documents designated confidential | Narrowly tailored redactions at p. 2 |
| **Plaintiffs' Exhibit A** in Support of Joint Discovery Letter Brief (ECF 3868-4) | Exhibit consisting of excerpt of Defendants' August 18, 2025 written responses and objections to Plaintiffs' Interrogatories and Requests for Admission in Lieu of 30(b)(5) Depositions, designated Highly Confidential Attorneys Eyes Only | Narrowly tailored redaction of non-public compensation information for one individual at 13:12 |
| **Plaintiffs' Exhibit B** in Support of Joint Discovery Letter Brief (ECF 3868-5) | Exhibit consisting of excerpt of transcript of August 21, 2025 deposition of Chad Dobbs, designated Highly Confidential | Narrowly tailored redactions of deposition transcript at 104:9-108:23 |
| **Plaintiffs' Exhibit C** in Support of Joint Discovery Letter Brief (ECF 3868-6) | Exhibit consisting of excerpt of document produced by Defendants in discovery, designated as Highly Confidential – Attorneys' Eyes Only, marked as Bates UBER_JCCP_MDL_003341903, marked as Exhibit 1897 for deposition of Chad Dobbs, detailing confidential internal business strategy | Maintain under seal |

| Document | Description | Defendants' Request |
|---|---|---|
| **Plaintiffs' Exhibit D** in Support of Joint Discovery Letter Brief (ECF 3868-7) | Exhibit consisting of document produced by Defendants in discovery, designated as Confidential, marked as Bates UBER_JCCP_MDL_003276626-45, detailing confidential internal business strategy | Maintain under seal |
| **Plaintiffs' Exhibit E** in Support of Joint Discovery Letter Brief (ECF 3868-8) | Exhibit consisting of document produced by Defendants in discovery, designated as Confidential, marked as Bates UBER_JCCP_MDL_002618039-45, detailing confidential internal business strategy | Maintain under seal |

The documents at issue are Plaintiffs' portion of the Letter Brief and their Exhibits A, B, C, D, and E in support of the Letter Brief. The portion of the Letter Brief and exhibits Defendants ask to seal consist of confidential, proprietary business strategy, data, research, and compensation information, as well as the non-public email addresses of Uber employees. *See* Cummings Decl. ¶¶ 2-10. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1).

## II.   LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on the Letter Brief related to discovery requests; they are not related to a dispositive motion. Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to

balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true for exhibits to a letter brief (like Exhibits A, B, C, D, and E here) on a nondispositive discovery matter, because they are even further removed from the merits of the litigation. *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Likewise, confidential business information such as business data or research can be sealed under the good cause or compelling reasons standard. *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021); *Foran v. Ulthera, Inc.*, 2020 WL 3047789, at *2 (E.D. Cal. June 8,

2020); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sep. 25, 2013).

Confidential compensation information can also be sealed under the good cause or compelling reasons standard. *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *4–5 (N.D. Cal. Jan. 15, 2013); *see also, e.g.*, *Hyams v. CVS Health Corp.*, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (sealing under "good cause" standard compensation information); *Gomo v. NetApp, Inc.*, 2019 WL 1170775, at *3 (N.D. Cal. Mar. 13, 2019) (sealing under "compelling reasons" standard "non-public, confidential information regarding [company's] compensation plan and executives"); *Orthopaedic Hosp. v. DJO Glob., Inc.*, 2020 WL 7625124, at *3 (S.D. Cal. Dec. 22, 2020) (sealing under "good cause" standard "confidential information about [an individual's] compensation"); *Hill v. Xerox Corp.*, 2014 WL 1356212, at *1 (W.D. Wash. Apr. 7, 2014) (sealing under "good cause" standard information on employee compensation).

"Courts in this circuit routinely seal … personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021). Relatedly, courts regularly seal individual's private financial information, including based on the right to privacy in the California Constitution. *See* Cal. Const., Art. I, § 1; *Valley Bank of Nevada v. Superior Ct.*, 15 Cal. 3d 652, 656-58 (1975); *Cobb v. Superior Ct.*, 99 Cal. App. 3d 543, 551, 160 Cal. Rptr. 561 (Ct. App. 1979); *Moser v. Health Ins. Innovations, Inc.*, 2019 WL 2996950, at *5 (S.D. Cal. July 8, 2019); *Doyle v. Galderma, Inc.*, 2021 WL 4926999, at *1 (N.D. Cal. Apr. 27, 2021).

### III.  UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are Plaintiffs' portion of the Letter Brief and their Exhibits A, B, C, D, and E in support of the Letter Brief. The portion of the Letter Brief and exhibits Defendants ask to seal consist of confidential, proprietary business strategy, data, research, and compensation information, as well as the non-public email addresses of Uber employees. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal three

sentences of the Letter Brief and part of Exhibits A and B through narrowly tailored redactions, and to seal three other exhibits consisting of confidential documents. See Cummings Decl. ¶¶ 2-11.

### A. Failing to Seal the Documents Would Harm Uber

**Exhibit A: Non-Public Compensation Information**

Exhibit A is Defendants' August 18, 2025 Objections and Responses to Plaintiffs' Interrogatories and Requests for Admission in Lieu of 30(b)(6) Depositions ("Discovery Responses"), designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Interrogatory No. 10 asks for the annual compensation for each member of the Executive Leadership Team. In their response, Defendants provided compensation information for 2024 for several executive officers, as well as for Gus Fuldner, Uber's Senior Vice President, Safety and Core Services. The compensation information for the other executive officers is publicly available in Uber's 2025 Proxy Statement, therefore Defendants do not seek to seal this information. However, the compensation information for Mr. Fuldner (at 12:13, third column titled "Total Compensation") is not included in the Proxy Statement and is not publicly available, therefore Uber seeks a single redaction in Exhibit A of the number of Mr. Fuldner's compensation.

Disclosure of non-public, confidential compensation information poses a risk of competitive harm "by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of … Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against … Defendants." *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *4–5. Uber developed its executive compensation strategy through significant time and expense. This information could also be used by other companies in formulating their own executive compensation strategies "and circumvent the time and resources necessary in developing their own practices and strategies," *Hyams*, 2023 WL 2960009, at *2, as well as in competing with Uber in executive and employee recruitment and retention. Uber has maintained this information as confidential and has not publicly disclosed it. Good cause exists to seal Mr. Fuldner's specific compensation information. *See* Cummings Decl. ¶ 4; *In re High-Tech Emp. Antitrust Litig.*, 2013 WL 163779, at *4–5; *Hyams*, 2023

WL 2960009, at *2; *Gomo*, 2019 WL 1170775, at *3; *Orthopaedic Hosp.*, 2020 WL 7625124, at *3; *Hill*, 2014 WL 1356212, at *1.

Disclosure of Mr. Fuldner's compensation would also violate his legitimate privacy interests in not having his financial information publicly disseminated. *See* Cummings Decl. ¶ 4. The California Constitution expressly protects the right to "privacy," which "extends to one's confidential financial affairs," including in the context of discovery in litigation. *Valley Bank*, 15 Cal. 3d at 656-58 (vacating discovery order and directing that, on remand, the trial court consider options to protect financial information of third parties, such as "ordering that the information be sealed, to be opened only on further order of court"); *see also* Cal. Const., Art. I, § 1; *Cobb*, 99 Cal. App. 3d at 55 (reversing discovery order requiring disclosure of financial affairs and net worth based on California constitutional right to privacy and stating that, on remand, "[s]ealing and limited access should also be considered, the latter a mandatory requirement .. if [an] appropriate objection is made"); *Moser*, 2019 WL 2996950, at *5 ("[F]inancial information is protected by the right to privacy under California law and these privacy rights are generally recognized in federal court."); *Doyle*, 2021 WL 4926999, at *1 ("The constitutionally-protected privacy interests of this employee present compelling reasons to justify a sealing order.").

### Exhibits B and C: Business Strategy Regarding Driver Incentives

Exhibit C is a highly confidential internal document titled "Driver Loyalty Insights & Strategy," used as an exhibit and discussed in the deposition of Chad Dobbs (Exhibit B). The document details Uber's business strategy related to attracting and retaining quality drivers to drive on the Uber platform. The exhibit contains confidential internal information regarding driver sentiment, motivation, pay, usage, and retention. It further discusses the importance of attracting and retaining drivers for the rideshare business. It then details financial information on revenue and driver pay and incentives, among other financial information.

The disclosure of this exhibit would risk competitive harm to Uber. Uber developed a recruitment and retention strategy of independent drivers through significant time and expense. If disclosed, competitors could use the strategic information in this exhibit to Uber's detriment through

copying the strategy or developing their own driver recruitment and retention strategies to counter Uber's strategies or based on Uber's business intelligence. Uber has maintained this document as confidential and has not publicly disclosed it. There is no public interest in the disclosure of this exhibit, which does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about Uber's ability to calculate information on average fares. *See* Cummings Decl. ¶ 5.

Exhibit B is an excerpt from the transcript of the August 21, 2025 deposition of Chad Dobbs, designated as Highly Confidential under the Protective Order. Defendants seek only to seal Exhibit B in part (at 104:9-108:23). This portion of the transcript discusses Exhibit C in detail, for which good cause exists to seal for the reasons set forth above. The deposition discusses financial information in Exhibit C, as well as the business strategy and research contained therein. *See* Cummings Decl. ¶ 6.

The Court should maintain the portions of Exhibit B and all of Exhibit C under seal because they consist of confidential business strategy and research. *See Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at 2-3; *Foran*, 2020 WL 3047789, at *2; *In re Google*, 2013 WL 5366963, at *3.

### Exhibit D: Data Methodology on Gender Inference

Exhibit D is a confidential draft internal policy document titled "Rider Gender Inference in Safety." This document details how Uber's safety team makes gender inferences in support of safety research and data and safety products using that data. This document includes extensive details about Uber's data sources and methodology, as well as confidential, proprietary safety technology and products. And it also contains confidential internal comments on the draft document.

The disclosure of this exhibit would risk competitive harm to Uber. Uber developed its data capture, methodology, and analysis practices and procedures through significant time and expense. If disclosed, competitors and other businesses could use the data insights and methodology in this exhibit to Uber's detriment through copying the strategy. Uber has maintained this document as confidential and has not publicly disclosed it. There is no public interest in the disclosure of this exhibit, which

8

DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3868]
Case No. 3:23-MD-3084-CRB

does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about its request for the total number of rides provided to female riders. *See* Cummings Decl. ¶ 7.

The Court should maintain Exhibit D under seal because it consists of confidential business data and strategy. *See Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3;; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at 2-3; *Foran*, 2020 WL 3047789, at *2; *In re Google*, 2013 WL 5366963, at *3.

### Exhibit E: Proprietary Safety Technology

Exhibit E is a confidential draft internal policy document discussing the details of a proprietary, confidential safety technology that uses data and a trip-matching algorithm to reduce safety incidents. The document contains details about how the program operates, including data inputs used and internal plans for future data collection and analysis. Judge Breyer has already allowed the data inputs for this program to be sealed in bellwether complaints under the more stringent "compelling reasons" standard (ECF 2858)—the applicable, lower "good cause" standard is readily satisfied to seal this document.

The disclosure of this exhibit would risk competitive harm to Uber. Uber developed this safety technology and underlying data through significant time and expense. If disclosed, competitors and other businesses could use the information in this exhibit to Uber's detriment through copying. Uber has maintained this document as confidential and has not publicly disclosed it. There is no public interest in the disclosure of this exhibit, which does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about its request for the total number of rides provided to female riders. *See* Cummings Decl. ¶ 8.

The Court should maintain Exhibit E under seal because it consists of confidential business data and strategy. *See Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3;; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at 2-3; *Foran*, 2020 WL 3047789, at *2; *In re Google*, 2013 WL 5366963, at *3.

**Joint Letter Brief Redaction: Data Methodology and Proprietary Safety Technology**

The portion of the Letter Brief that Defendants seek to seal (redactions on page 2) cites Exhibits D and E and discloses information from those confidential documents. This portion of the Letter Brief discloses the data used in Uber's trip-matching algorithm and other internal considerations and data used in another safety program, drawing information directly from confidential documents, Exhibits D and E. *See* Cummings Decl. ¶ 9. This portion of the Letter Brief should be redacted for the same reasons as Exhibits D and E explained above. *See Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3;; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at 2-3; *Foran*, 2020 WL 3047789, at *2; *In re Google*, 2013 WL 5366963, at *3.

**Exhibits C, D, E: Non-Public Employee Email Addresses**

Finally, Exhibits C, D, and E contain non-public email addresses of Uber employees. Many of these addresses are found in the metadata cover sheets Plaintiffs include in the exhibits, which are not part of the documents. Other addresses are found in comments on draft documents and elsewhere in these exhibits. *See* Cummings Decl. ¶ 10. This Court has routinely granted requests to seal internal, non-public email addresses. *See, e.g.* ECF 2545 at 7; ECF 2475. In the event the Court does not seal these exhibits in their entirety, it should allow the partial sealing and redaction of these email addresses. *See Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2.

**B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal three sentences of the Letter Brief and part of Exhibits A and B through narrowly tailored redactions, and to seal three other exhibits consisting of confidential documents. Actions short of sealing the exhibits requested by Defendants would not protect Uber's competitive standing and legitimate interests in the confidentiality and security of its business strategy information and data, as well as the legitimate privacy interests of Uber employees. *See* Cummings Decl. ¶ 11.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal.

DATED: September 15, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC