Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 3868]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

# DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Unopposed Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [ECF No. 3868] ("Statement in Support of Sealing").

2. I have reviewed the Joint Discovery Letter Brief Regarding 30(b)(6) Topics and Written Discovery, filed September 8, 2025, ECF 3867 ("Letter Brief") and Plaintiffs' Exhibits A, B, C, D, and E in support of the Letter Brief.

3. The documents at issue are Plaintiffs' portion of the Letter Brief and their Exhibits A, B, C, D, and E in support of the Letter Brief. The portion of the Letter Brief and exhibits Defendants ask to seal consist of confidential, proprietary business strategy, data, research, and compensation information, as well as the non-public email addresses of Uber employees.

4. Exhibit A is Defendants' August 18, 2025 Objections and Responses to Plaintiffs' Interrogatories and Requests for Admission in Lieu of 30(b)(6) Depositions ("Discovery Responses"), designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Interrogatory No. 10 asks for the annual compensation for each member of the Executive Leadership Team. Uber provided compensation information for 2024 for its named executive officers, as well as for Gus Fuldner, Uber's Senior Vice President, Safety and Core Services. The compensation information for the named executive officers is publicly available in Uber's 2025 Proxy Statement, therefore Defendants do not seek to seal this information. However, the compensation information for Mr. Fuldner is not included in the Proxy Statement and is not publicly available, therefore Uber seeks a single redaction in Exhibit A of the number of Mr. Fuldner's compensation. Disclosure of

2

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3868]                         Case No. 3:23-MD-3084-CRB

non-public, confidential compensation information poses a risk of competitive harm by giving third-parties (including individuals responsible for competitive decision-making) insights into confidential and sensitive aspects of Defendants' strategies, competitive positions, and business operations, allowing these third-parties to potentially gain an unfair advantage in dealings with and against Defendants. On information and belief, Uber developed its executive compensation strategy through significant time and expense. This information could also be used by other companies in formulating their own executive compensation strategies and circumvent the time and resources necessary in developing their own practices and strategies, as well as in competing with Uber in executive and employee recruitment and retention. . On information and belief, Uber has maintained this information as confidential and has not publicly disclosed it. Disclosure of Mr. Fuldner's compensation would also violate his legitimate privacy interests in not having his financial information publicly disseminated.

5. Plaintiffs' Exhibit C to the Letter Brief is a highly confidential internal document titled "Driver Loyalty Insights & Strategy," used as an exhibit and discussed in the deposition of Chad Dobbs (Exhibit B). The document details Uber's business strategy related to attracting and retaining quality drivers to drive on the Uber platform. The exhibit contains confidential internal information regarding driver sentiment, motivation, pay, usage, and retention. It further discusses the importance of attracting and retaining drivers for the rideshare business. It then details financial information on revenue and driver pay and incentives, among other financial information. The disclosure of this exhibit would risk competitive harm to Uber. On information and belief, Uber developed a recruitment and retention strategy of independent drivers through significant time and expense. If disclosed, competitors could use the strategic information in this exhibit to Uber's detriment through copying the strategy or developing their own driver recruitment and retention strategies to counter Uber's strategies or based on Uber's business intelligence. On information and belief, Uber has maintained this document as confidential and has not publicly disclosed it. There is no public interest in the disclosure of this exhibit, which does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about Uber's ability to calculate information on average fares.

6. Plaintiffs' Exhibit B to the Letter Brief is an excerpt from the transcript of the August 21, 2025 deposition of Chad Dobbs, designated as Highly Confidential under the Protective Order. Defendants seek only to seal Exhibit B in part (at 104:9-108:23). This portion of the transcript discusses Exhibit C in detail, for which good cause exists to seal for the reasons set forth above. The deposition discusses financial information in Exhibit C, as well as the business strategy and research contained therein.

7. Plaintiffs' Exhibit D to the Letter Brief is a confidential draft internal policy document titled "Rider Gender Inference in Safety." This document details how Uber's safety team makes gender inferences in support of safety research and data and safety products using that data. This document includes extensive details about Uber's data sources and methodology, as well as confidential, proprietary safety technology and products. And it also contains confidential internal comments on the draft document. The disclosure of this exhibit would risk competitive harm to Uber. On information and belief, Uber developed its data capture, methodology, and analysis practices and procedures through significant time and expense. If disclosed, competitors and other businesses could use the data insights and methodology in this exhibit to Uber's detriment through copying the strategy. On information and belief, Uber has maintained this document as confidential and has not publicly disclosed it. There is no public interest in the disclosure of this exhibit, which does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about its request for the total number of rides provided to female riders.

8. Plaintiffs' Exhibit E to the Letter Brief is a confidential draft internal policy document discussing the details of a proprietary, confidential safety technology that uses data and a trip-matching algorithm to reduce safety incidents. The document contains details about how the program operates, including data inputs used and internal plans for future data collection and analysis. The disclosure of this exhibit would risk competitive harm to Uber. On information and belief, Uber developed this safety technology and underlying data through significant time and expense. If disclosed, competitors and other businesses could use the information in this exhibit to Uber's detriment through copying. On information and belief, Uber has maintained this document as confidential and has not publicly

4

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3868]          Case No. 3:23-MD-3084-CRB

disclosed it. There is no public interest in the disclosure of this exhibit, which does not relate to the merits of this litigation and is cited only once in the Letter Brief to support Plaintiffs' argument about its request for the total number of rides provided to female riders.

9. The portion of the Letter Brief that Defendants seek to seal (redactions on page 2) cites Exhibits D and E and discloses information from those confidential documents. This portion of the Letter Brief discloses the data used in Uber's trip-matching algorithm and other internal considerations and data used in another safety program, drawing information directly from confidential documents, Exhibits D and E.

10. Plaintiffs' Exhibits C, D, and E to the Letter Brief contain non-public email addresses of Uber employees. Many of these addresses are found in the metadata cover sheets Plaintiffs include in the exhibits, which are not part of the documents. Other addresses are found in comments on draft documents and elsewhere in these exhibits.

11. There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal three sentences of the Letter Brief and part of Exhibits A and B through narrowly tailored redactions, and to seal three other exhibits consisting of confidential documents. Actions short of sealing the exhibits requested by Defendants would not protect Uber's competitive standing and legitimate interests in the confidentiality and security of its business strategy information and data, as well as the legitimate privacy interests of Uber employees.

12. On September 15, 2025, counsel for Plaintiffs stated via email to counsel for counsel for Defendants that Plaintiffs do not oppose Defendants request to seal in the Statement in Support of Sealing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 15, 2025.                    By:     */s/ Daniel Cummings*

                                                                    Daniel Cummings