Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Uber*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**REPLY IN SUPPORT OF MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY 6 PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE**<br><br>Judge:      Hon. Charles R. Breyer<br>Date:       October 3, 2025<br>Time:      10:00 a.m.<br>Courtroom:  6 – 17th Floor |

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ............................................................................................................. 1
II. BACKGROUND ............................................................................................................... 2
    A. MDL ID 1384 ....................................................................................................... 2
    B. MDL ID 2774 ....................................................................................................... 3
III. ARGUMENT .................................................................................................................... 5
    A. Contrary to Kherkher Garcia's Representation, The "Allegations Relating to MDL ID 1384" Are Not "Based on a Prior, Unrelated Litigation." ................. 5
    B. Plaintiff's Request for An Additional 45-day Delay Should Be Denied. ............. 7
IV. CONCLUSION ................................................................................................................. 7

**TABLE OF AUTHORITIES**

**Page**

**Cases**

███ *v. Uber Techs., Inc., et al.*,
  No. 3:24-cv-03441-CRB (N.D. Cal. Feb. 5, 2025) ................................................................. 3

**Rules**

Fed. R. Civ. P. 60(b) ................................................................................................................. 4

## I. INTRODUCTION

In their August 27, 2025 response (ECF 3768) to Uber's first motion relating to fraudulent receipts (ECF 3604), Plaintiffs' leadership stated that "fraud has no place in this MDL," and that "[p]articularized allegations of fraud must be taken seriously, investigated, and resolved." ECF 3768 at 2. One day later, on August 28, 2025, Uber filed the current motion relating to six additional fraudulent receipts, addressing fraudulent receipts submitted by Plaintiffs currently represented by three firms (Kherkher Garcia, Levin Simes, and Pulaski). Of those three Plaintiff firms, only one (Kherkher Garcia) submitted any opposition to Uber's motion. Tellingly, Levin Simes and Pulaski[1] did not respond.

The fact that two out of three Plaintiff's law firms did not even respond to Uber's Motion reinforces that Plaintiffs are not taking fraud "seriously," as they claimed the day before Uber filed the Motion. It also underscores that there are serious issues in this MDL relating to (i) fraud and (ii) individuals who are nominally "Plaintiffs" but are neither responsive nor participating in the litigation. *See generally* ECF 3855, Reply in Support of First Fraudulent Receipts Motion, at 1-5.

The one response that was filed—by the Kherkher Garcia firm—is based on a material misrepresentation. Specifically, Kherkher Garcia represents to the Court that the "allegations relating to MDL ID 1384 ***are based on a prior, unrelated litigation***" from those asserted by MDL ID 2774. ECF 3845 at 2 (emphasis added). That statement is false. MDL ID 1384 is the same person as MDL 2774. And, as shown below, MDL ID 2774's allegations are based on the same incident as MDL ID 1384's allegations.

Uber respectfully requests that the Court order Kherkher Garcia to explain its statement to the Court that the "allegations relating to MDL ID 1384 are based on a prior, unrelated litigation." ECF 3845 at 2. That request is reflected in the attached, revised proposed order.

Kherkher Garcia's other arguments are similar to those the Court rejected when it granted Uber's First Receipts Motion (ECF 3876) ("the 21 Plaintiffs listed in Exhibit A are hereby ORDERED TO SHOW

---

[1] Instead of a response, Pulaski submitted a motion to withdraw as counsel. (ECF 3891). However, as Uber has explained (ECF 3900), the Court has already denied a similar motion to withdraw from representing Plaintiffs with fraudulent receipts, submitted by the Chaffin Luhana firm. (ECF 3759).

1  CAUSE why their claims should not be dismissed with prejudice"), and the arguments should similarly
2  be rejected here.

3  **II.  BACKGROUND**

4      **A.  MDL ID 1384**

5  As explained in Uber's Second Receipts Motion (ECF 3784), Plaintiff with MDL ID 1384, who
6  provided the name ▮▮▮▮▮▮▮ in her Plaintiff Fact Sheet, filed a complaint in this MDL on June 7,
7  2024, through her original counsel, Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf").
8  Peiffer Wolf submitted a purported ride receipt for its client on June 13, 2024, with several indicators of
9  fraudulent manipulation.  For example, the trip map image shows the year 2018 in its Google Maps data,
10 but the trip was completed in 2022.  Also, the date of the ride ("January 1, 2022") is misaligned with the
11 text residing next to it (" | uberX"), and the fees listed under "Subtotal" are missing "Driver Paid Sick &
12 Safe Time", which would be expected during the time period of the ride.  There are also stray black dots
13 scattered on the graphic near the image of the trip map.  These are all indicators that the receipts were
14 altered.  *See* Ex. C to Second Receipts Motion, FTI Report, ECF 3784-18.

MDL ID 1384 (Cotton Decl., Ex. 1)[2]



Real Receipt (2022) (Ex. 2)



On July 3, 2024, Uber served Peiffer Wolf with a Defendant Fact Sheet stating that it was unable to identify an account for MDL ID 1384 and could not substantiate the alleged ride. Cotton Decl., ¶ 4; Ex. 3. Over 6 months later, on January 8, 2025, Peiffer Wolf moved to withdraw from representation of MDL ID 1384 on the grounds that Plaintiff "failed to establish useful communication with Peiffer Wolf" and "failed to provide Peiffer Wolf with sufficient or adequate information to confirm [Plaintiff's] claim." ▆ v. Uber Techs., Inc., et al., No. 3:24-cv-03441-CRB, ECF 7 at 2. On February 3, 2025, the Court granted that motion. ▆, No. 3:24-cv-03441-CRB, ECF 8 at 1, 3.

B.  MDL ID 2774

Before Peiffer Wolf had even moved to withdraw from the MDL ID 1384 case and while it was still pending, Plaintiff, who provided the name ▆ in her second Plaintiff Fact Sheet, retained

---

[2] References to exhibits in the Cotton Declaration will be marked by exhibit number.

1  Kherkher Garcia LLP and filed a duplicate complaint on December 31, 2024—now under MDL ID
2  2774. As shown below via MDL Centrality, both MDL ID 1384 and MDL ID 2774 provided the same
3  date of birth and either a name of ▮▮▮▮▮▮ or ▮▮▮▮▮▮

**MDL ID 1384 (Ex. 4)**



**MDL ID 2774 (Ex. 5)**



Despite having previously submitted a purported ride receipt under MDL ID 1384, MDL ID 2774 did not upload a ride receipt but rather a "Uber Ride Information Form" which stated, in part, that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Ex. 6. In her Plaintiff Fact Sheet, MDL ID 2774 also provided the same ride date—▮▮▮▮▮▮—as the ride receipt produced by MDL ID 1384. On February 5, 2025, Uber served Kherkher Garcia with a Defendant Fact Sheet stating that it could not substantiate the alleged ride for MDL ID 2774. Cotton Decl., ¶ 8; Ex. 7. Uber previously identified MDL ID 2774 in its First Receipts Motion as one of the 90 Plaintiffs that either provided no reason for not submitting a receipt or having provided boilerplate reasons.[3] See ECF 3604, 3876.

---

[3] MDL ID 1384 ▮▮▮▮ was previously dismissed without prejudice on June 2, 2025 due to the failure by the Plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of their counsel, but given the seriousness of the conduct at issue, and the fact that the claim has been refiled, the dismissal should be converted to with-prejudice pursuant to Fed. R. Civ. P. 60(b). In addition, the duplicate claim filed as MDL ID 2774 ▮▮▮▮ should also be dismissed with prejudice.

## III. ARGUMENT

### A. Contrary to Kherkher Garcia's Representation, The "Allegations Relating to MDL ID 1384" Are Not "Based on a Prior, Unrelated Litigation."

Kherkher Garcia represents that the "allegations relating to MDL ID 1384 are based on a prior, unrelated litigation" and that "[n]o such receipt or document has been submitted in MDL ID 2774." ECF 3845 at 2. This is false, as MDL ID 1384 is the same Plaintiff as MDL 2774. Moreover, the allegations made by MDL ID 1384 and MDL 2774 in their Plaintiff Fact Sheets are the same or similar in many respects. For example:

| PFS Question | MDL ID 1384 (7/2/2024) | MDL ID 2774 (1/30/2025) |
|---|---|---|
| 2. Name (Last, First, Middle) | | |
| 9. Date of the Incident | | |
| 11. To the best of Your recollection, did the Driver take You to the requested destination for the Trip? If No, please explain: | | |
| 20. Please describe the Incident in Your own words (attach additional sheets as needed): | | |



MDL ID 1384,  submitted a fraudulent ride receipt in this litigation, discussed at pages 2-3, *supra*.  MDL ID 2774, ▬▬▬▬▬▬ made allegations about the same incident as MDL ID 1384, but claimed her receipt was missing, *see* ECF 3604-37 at 13.  Thus, Kherkher Garcia's claim that

"[n]o such receipt or document has been submitted in MDL ID 2774," ECF 3845 at 2, only underscores the problem. Kherkher Garcia failed to conduct a reasonable investigation prior to re-filing the same Plaintiff's claim.

**B.  Plaintiff's Request for an Additional 45-Day Delay Should Be Denied.**

MDL ID 2774, formerly known as MDL ID 1384, has shown repeatedly that she can communicate with counsel when it comes time to assert claims against Uber. She has now done so in at least two complaints. But counsel for Plaintiff attempts to delay resolution of Uber's Second Receipts Motion by 45 days because counsel has "been unsuccessful" in reaching Plaintiff "despite repeated efforts to do so." ECF 3845 at 2. Counsel's inability to contact their client only raises more concern. Uber served a Defendant Fact Sheet indicating it could not locate MDL ID 1384's receipt on July 3, 2024, and did the same for MDL ID 2774 on February 5, 2025. Moreover, counsel do not explain how they communicated with their client well enough to file a second complaint seeking, at minimum, thousands of dollars from Uber, yet now cannot reach her at all. Counsel have provided no assurances that Plaintiff, whom they apparently can no longer contact, was not acquired through a click-bait ad or a lead generator, *see generally* ECF 3855 at 1-5, or that they had good (or any) communication with their client previously. Given the fraud identified by Uber in the materials submitted by MDL IDs 1384 and 2774, the fact that counsel has been on notice of these issues for at least six months (if not over a year), and the potential implications of these issues for Plaintiffs across this MDL, Uber respectfully requests that the Court deny any further requests for delay. If counsel has not resolved this issue with their client in the last six months, it appears they have either not done so with the due diligence called for by this action or simply cannot do so by any means. An additional 45 days would be futile, and inconsistent with the gravity of Plaintiff's misconduct.

**IV.  CONCLUSION**

For the reasons discussed above, and in light of the Court's order granting Uber's First Receipts Motion (ECF 3876), Uber respectfully requests that the Court enter the revised proposed order attached as Exhibit A to this reply, requiring the identified Plaintiffs to show cause as to why their claims should not be dismissed with prejudice for providing a non-bona fide receipt, and further requiring Kherkher

1 | Garcia to explain the statement in its response brief that "allegations relating to MDL ID 1384 are based
2 | on a prior, unrelated litigation."

| | |
|---|---|
| DATED: September 18, 2025 | Respectfully submitted, |

/s/ *Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT, JR. (*Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**

9

2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*Attorneys for Uber*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn