# Exhibit A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |

Having considered Uber's Motion for Entry of an Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's PTO #5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 6 Plaintiffs listed in Exhibit A1 have submitted non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 6 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice.  The Plaintiff with MDL ID 2774 should include in their response an explanation for their representation to the Court that the receipt submitted in MDL ID 1384 was from a "prior, unrelated litigation." ECF 3845 at 2.

[PROPOSED] ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

Case No. 3:23-md-03084-CRB

**IT IS SO ORDERED.**

Dated: _____, 2025

_____
HON. CHARLES R. BREYER
United States District Court Judge

# EXHIBIT A1

| MDL ID | Law Firm |
|---|---|
| 2642 | Pulaski Law Firm |
| 1199 | Levin Simes LLP |
| 1384[1] | Peiffer Wolf |
| 2774[2] | Kherkher Garcia |
| 1507[3] | Nachawati Law Group |
| 3841 | Pulaski Law Firm |
| 3659 | Pulaski Law Firm |

---

[1] Plaintiff was dismissed without prejudice after the Court granted the withdrawal of counsel (Peiffer Wolf) on February 3, 2025. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.
[2] Same Plaintiff as Plaintiff with MDL ID 1384.
[3] Dismissed without prejudice on June 2, 2025 due to the failure by Plaintiff to file a notice indicating whether they intended to pursue their action following the withdrawal of Nachawati. Plaintiff must show cause why dismissal should not be converted to dismissal with prejudice.