Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3913]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

**DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF SEALING**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated September 15, 2025, ECF 3913 ("Plaintiffs' Motion"). Plaintiffs do not oppose this request for sealing. *See* Cummings Decl. ¶ 20.

## I. BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns Plaintiffs' exhibits to the declaration of Beth Wilkins in support of the Joint Discovery Letter Brief Pursuant to ECF No. 3848, filed September 15, 2025, ECF 3914 ("Letter Brief"):

| Document | Description | Defendants' Request |
|---|---|---|
| **Plaintiffs' Exhibit A** to the Letter Brief (ECF 3913-3) | Declaration of Todd Gaddis, designated as Highly Confidential – Attorneys' Eyes Only, containing confidential information about Uber's internal data systems | Seal in part (¶¶ 5-11 and appendix at pages 5-7) |
| **Plaintiffs' Exhibit B** to the Letter Brief (ECF 3913-4) | Defendants' Responses to Plaintiffs' Requests for Production of Documents Set One, containing confidential information about Uber's operations and products | Seal in part (all requests and responses except those cited in the Letter Brief: RFP Nos. 73, 83, 84) |
| **Plaintiffs' Exhibit C** to the Letter Brief (ECF 3913-5) | Excerpts of transcript of Defendants' July 11, 2025, 30(b)(6) deposition by Todd Gaddis, designated as Highly Confidential – Attorneys' Eyes Only, containing confidential information about Uber's internal data systems | Seal in part (86:5-93:25) |
| **Plaintiffs' Exhibit D** to the Letter Brief (ECF 3913-6) | Documents identifying and describing all fields within Uber's Jira and Bliss systems, designated as Highly Confidential – Attorneys' Eyes Only | Maintain under seal |
| **Plaintiffs' Exhibit E** to the Letter Brief (ECF 3913-7) | Document providing detailed supplemental information about Uber's incident report data, categorization, storage, and systems, designated as Highly Confidential – Attorneys' Eyes Only | Maintain under seal |

| Document | Description | Defendants' Request |
|---|---|---|
| **Plaintiffs' Exhibit F** to the Letter Brief (ECF 3913-8) | Document providing detailed supplemental information about Uber's incident report data, categorization, storage, and systems, designated as Highly Confidential – Attorneys' Eyes Only | Maintain under seal |
| **Plaintiffs' Exhibit G** to the Letter Brief (ECF 3913-9) | Document providing detailed supplemental information about Uber's incident report data, categorization, storage, and systems, designated as Highly Confidential – Attorneys' Eyes Only | Maintain under seal |
| **Plaintiffs' Exhibit H** to the Letter Brief (ECF 3913-10) | Email from Plaintiffs' counsel containing confidential information about Uber's incident categorization and data systems | Seal in part (incident report system data fields) |

The documents at issue are Plaintiffs' Exhibits A, B, C, D, E, F, G, and H in support of the Letter Brief. The exhibits Defendants ask to seal consist of confidential, proprietary information about Uber's systems for reporting and analyzing incident report data as well as extensive non-public incident report data. *See* Cummings Decl. ¶¶ 2-19. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1).

## II.     LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to briefing on discovery requests; they are not related to a dispositive motion. Therefore, the good cause standard applies. Discovery motion materials "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of

1  private parties and public disclosure when deciding to seal documents.  *Kamakana*, 447 F.3d at 1180.

2  The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir.1986)).  The diminished public interest in disclosure is particularly true for exhibits to a brief (like the exhibits here) on a nondispositive discovery matter, because they are even further removed from the merits of the litigation.  *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities."  *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022).  Likewise, confidential business information such as business data or research can be sealed under the good cause or compelling reasons standard.  *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021); *Foran v. Ulthera, Inc.*, 2020 WL 3047789, at *2 (E.D. Cal. June 8, 2020); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sep. 25, 2013).

/ / /

### III. UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are Plaintiffs' Exhibits A, B, C, D, E, F, G, and H in support of the Letter Brief. The exhibits Defendants ask to seal consist of confidential, proprietary information about Uber's systems for reporting and analyzing incident report data as well as extensive non-public incident report data. *See* Cummings Decl. ¶¶ 2-19. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal four of the eight exhibits through narrowly tailored redactions, and to seal the four other exhibits consisting entirely of confidential information. *See* Cummings Decl. ¶ 19.

####    A.  Failing to Seal the Documents Would Harm Uber

**Exhibits A, C, D, E, F, G, and H: Uber's Internal Incident Report Data and Systems**

Exhibits A, C, D, E, F, G, and H should be sealed because they contain detailed confidential information about Uber's internal data systems and practices as well as unaudited, unverified data from those systems.

**Exhibit E** is titled "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2024." It is designated as Highly Confidential – Attorneys' Eyes only. This 35-page document contains detailed information about the functionality of the Bliss and Jira systems used by Uber for incident reports, how Uber captures and categorizes incident reports, Uber's incident report auditing process, challenges to incident report classification, Uber's internal operations and teams responsible for incident reports and data, and overlap in incident report tickets for the same incident. The document then provides extensive, non-public, unaudited and unvalidated (potentially duplicative) data on the number of categorizations of incidents on a month-by-month basis from 2017 to 2022. **Exhibit F** provides substantively identical information but includes data for 2023-2024. Both Exhibit E and Exhibit F are designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective order. **Exhibit G** is titled "Incident Report Classification of Dominant Tickets for 2017-2024. This document was provided to Plaintiffs in compliance with the Court's September 5, 2025 order, ECF 3848. This document is similar to Exhibits E and F, but provides additional information about the Flack system used by Uber and how it interfaces with data from the Bliss and

5

DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3913]
Case No. 3:23-MD-3084-CRB

1  Jira systems. This document is likewise designated as Highly Confidential – Attorneys' Eyes Only.
2  It provides extensive, non-public, unaudited and unvalidated data on the number of "dominant tickets"
3  within Flack for "on trip incidents" by incident category on a month-by-month basis from 2017 to
4  2024.

5  **Exhibit A** is the August 18, 2025 declaration of Todd Gaddis, Manager II, Data Science, at
6  Uber. The declaration is designated as Highly Confidential – Attorneys' Eyes only. Defendants seek
7  only to seal paragraphs 5-11 of this declaration and the appendix to the declaration. Like Exhibits E,
8  F, and G, these paragraphs in Mr. Gaddis's declaration explain the nature and functionality of the
9  internal systems used by Uber to store, query, and analyze incident report data, specifically Bliss, Jira,
10  and Flack. In addition, the appendix contains detailed information on all of the fields found within
11  Flack.

12  **Exhibit D** is a document provided to Plaintiffs by Defendants in this litigation that lists all
13  fields (numbering in the hundreds), a description of the field, and date provided for Jira tickets, Bliss
14  actions, and Bliss messages. It is designated as Highly Confidential – Attorneys' Eyes Only pursuant
15  to the Protective Order.

16  **Exhibit C** consists of excerpts from the transcript of Defendants' July 11, 2025, Rule 30(b)(6)
17  deposition by Todd Gaddis. This transcript was designated as Highly Confidential – Attorneys' Eyes
18  Only pursuant to the Protective Order. Defendants seek to seal pages and lines 86:5-93:25 of the
19  exhibit transcript. This testimony provides detailed confidential information about Uber's internal
20  classification system for incident reports and its technology, systems, and operations for generating,
21  searching, storing, and analyzing incident report data, including the Bliss and Jira systems.

22  **Exhibit H** is an email sent by Beth Wilkins, counsel for Plaintiffs, to counsel for Defendants
23  on September 15, 2025. This email lists numerous non-public fields used in Uber's Bliss, Jira, and
24  Flack systems, based on confidential information learned in discovery in this litigation.

25  Disclosure of these exhibits risks competitive harm to Uber. Uber has spent significant time
26  and resources developing its internal systems and procedures for intaking incident report data, and
27  storing, querying, and analyzing that data. Information like the exhaustive list and explanation of all
28  the fields in Uber's Bliss, Jira, and Flack systems provides a roadmap to Uber's internal systems. Uber

has maintained this information as confidential and not publicly disclosed it.  Competitors and other entities could utilize this information in developing their own internal systems through copying and taking advantage of Uber's work and investments.

Disclosure also poses a cybersecurity risk by providing detailed information about Uber's internal systems that store highly sensitive personal information in incident reports—information about Uber's systems that malicious actors could attempt to use.

Moreover, Uber has a legitimate interest in not disclosing the data in Exhibits E, F, and G because, unlike the reliable data Uber has publicly disclosed in its U.S. Safety Reports, the information in these exhibits is unaudited, unvalidated, and misleadingly inflated due to the fact of multiple tickets for single incidents.

By contrast, there is little to no public interest in disclosure of these exhibits for a non-dispositive discovery brief; they are not necessary for the public to understand the merits of this litigation, or even to understand the discovery dispute itself.

Courts routinely seal confidential information regarding a business's internal systems and operations under the lower good cause standard here, as has this Court. ECF 3826 (granting ECF 3790 at 6-7); ECF 3915 (granting ECF 3910 at 7-10); ECF 3709 (granting ECF 3511 at 7-11); *Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at *2-*3; *Foran*, 2020 WL 3047789, at *2; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3.  The Court should do so again here.

### Exhibit B: Uber's Discovery Responses

Exhibit B should be sealed–other than the three discovery requests cited in the Letter Brief–because the vast majority of these requests and responses are wholly irrelevant to the discovery dispute addressed in the Letter Brief.  It should also be sealed because it contains confidential information.

**Exhibit B** is the full set of Defendants responses to Plaintiffs' Requests for Production of Documents, Set One, dated June 27, 2024 and designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.  Defendants seek to seal this exhibit other than the specific requests (and corresponding responses) cited by Plaintiffs in the letter Brief. *See* ECF 3914 at 3 (citing

RFP Nos. 73, 83, 84).

Notably, Plaintiffs cited these discovery responses only to support their argument that the Flack data they now seek is encompassed within *three* of their existing discovery requests. But they did not use an exhibit consisting of excerpts of those discovery specific requests and Defendants' responses. Rather, they attached ***the entirety*** of Defendants' responses—spanning 160 pages, covering 202 requests, and designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Plaintiffs' inclusion of wholly superfluous material protected as highly confidential under the Protective Order is reason alone to seal.[1] *See Phillips*, 307 F.3d at 1213 ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court."); *Certified Nutraceuticals, Inc. v. Clorox Co.*, 2020 WL 4339489, at *6 (S.D. Cal. July 28, 2020) (concluding that "superfluous documents" that "were neither relevant nor necessary to the Court's determination of this dispute" should not be disclosed).

Moreover, the discovery responses contain requests that discuss (based on confidential information learned in discovery) confidential and/or non-public information, including internal research, potential systems and product features, areas of research, and relationships with third-parties. Disclosure of this confidential information poses a risk of competitive harm to Uber from competitors or others who would copy or otherwise utilize this information about for their own advantage or in competition with Uber. If the Court does not grant Defendants' request to seal the discovery requests and responses in their entirety (other than the cited requests, nos. 73, 83, 84), it should nevertheless seal the requests and responses containing confidential and/or non-public information.[2]

**B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal four of the eight exhibits through narrowly tailored redactions, and to seal the four other exhibits consisting entirely of confidential information. *See* Cummings Decl. ¶19.

---

[1] Alternatively, the Court could order Plaintiffs to file a new version of Exhibit B limited to excerpts of RFP Nos. 73, 83, 84.
[2] These requests to be sealed are nos. 31-38, 42-43, 47-50, 52, 80-81, 94-95, 108-09, 117, 124-26, 139, 175-76.

## IV. CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal.

DATED: September 22, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
   DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
   decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC