Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF No. 3913]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |

## DECLARATION OF DANIEL CUMMINGS

I, Daniel Cummings having personal knowledge of the following state:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Unopposed Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed [ECF No. 3913] ("Statement in Support of Sealing").

2. I have reviewed the Joint Discovery Letter Brief Pursuant to ECF No. 3848, filed September 15, 2025, ECF 3914 ("Letter Brief") and Plaintiffs' Exhibits A, B, C, D, E, F, G, and H in support of the Letter Brief.

3. The documents at issue are Plaintiffs' Exhibits A, B, C, D, E, F, G, and H in support of the Letter Brief. The exhibits Defendants ask to seal consist of confidential, proprietary information about Uber's systems for reporting and analyzing incident report data as well as extensive non-public incident report data.

4. Exhibits A, C, D, E, F, G, and H should be sealed because they contain detailed confidential information about Uber's internal data systems and practices as well as unaudited, unverified data from those systems.

5. Exhibit E is titled "Supplemental Information Provided by Defendants Pursuant to the Parties' Agreement, Dated April 4, 2024." It is designated as Highly Confidential – Attorneys' Eyes only. This 35-page document contains detailed information about the functionality of the Bliss and Jira systems used by Uber for incident reports, how Uber captures and categorizes incident reports, Uber's incident report auditing process, challenges to incident report classification, Uber's internal operations and teams responsible for incident reports and data, and overlap in incident report tickets for the same incident. The document then provides extensive, non-public, unaudited and unvalidated

1  (potentially duplicative) data on the number of categorizations of incidents on a month-by-month basis from 2017 to 2022.

6. Exhibit F provides substantively identical information to Exhibit E but includes data for 2023-2024. Both Exhibit E and Exhibit F are designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective order.

7. Exhibit G is titled "Incident Report Classification of Dominant Tickets for 2017-2024. This document was provided to Plaintiffs in compliance with the Court's September 5, 2025 order, ECF 3848. This document is similar to Exhibits E and F, but provides additional information about the Flack system used by Uber and how it interfaces with data from the Bliss and Jira systems. This document is likewise designated as Highly Confidential – Attorneys' Eyes Only. It provides extensive, non-public, unaudited and unvalidated data on the number of "dominant tickets" within Flack for "on trip incidents" by incident category on a month-by-month basis from 2017 to 2024.

8. Exhibit A is the August 18, 2025 declaration of Todd Gaddis, Manager II, Data Science, at Uber. The declaration is designated as Highly Confidential – Attorneys' Eyes only. Defendants seek only to seal paragraphs 5-11 of this declaration and the appendix to the declaration. Like Exhibits E, F, and G, these paragraphs in Mr. Gaddis's declaration explain the nature and functionality of the internal systems used by Uber to store, query, and analyze incident report data, specifically Bliss, Jira, and Flack. In addition, the appendix contains detailed information on all of the fields found within Flack.

9. Exhibit D is a document provided to Plaintiffs by Defendants in this litigation that lists all fields (numbering in the hundreds), a description of the field, and date provided for Jira tickets, Bliss actions, and Bliss messages. It is designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.

10. Exhibit C consists of excerpts from the transcript of Defendants' July 11, 2025, Rule 30(b)(6) deposition by Todd Gaddis. This transcript was designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Defendants seek to seal pages and lines 86:5-

1  93:25 of the exhibit transcript. This testimony provides detailed confidential information about Uber's internal classification system for incident reports and its technology, systems, and operations for generating, searching, storing, and analyzing incident report data, including the Bliss and Jira systems.

11.  Exhibit H is an email sent by Beth Wilkins, counsel for Plaintiffs, to counsel for Defendants on September 15, 2025. This email lists numerous non-public fields used in Uber's Bliss, Jira, and Flack systems, which on information and belief is based on confidential information learned in discovery in this litigation.

12.  Disclosure of these exhibits risks competitive harm to Uber. On information and belief, Uber has spent significant time and resources developing its internal systems and procedures for intaking incident report data, and storing, querying, and analyzing that data. Information like the exhaustive list and explanation of all the fields in Uber's Bliss, Jira, and Flack systems provides a roadmap to Uber's internal systems. On information and belief, Uber has maintained this information as confidential and not publicly disclosed it. Competitors and other entities could utilize this information in developing their own internal systems through copying and taking advantage of Uber's work and investments.

13.  Disclosure also poses a cybersecurity risk by providing detailed information about Uber's internal systems that store highly sensitive personal information in incident reports—information about Uber's systems that malicious actors could attempt to use.

14.  Moreover, Uber has a legitimate interest in not disclosing the data in Exhibits E, F, and G because, unlike the reliable data Uber has publicly disclosed in its U.S. Safety Reports, the information in these exhibits, on information and belief, is unaudited, unvalidated, and misleadingly inflated due to the fact of multiple tickets for single incidents.

15.  Exhibit B should be sealed–other than the three discovery requests cited in the Letter Brief–because the vast majority of these requests and responses are wholly irrelevant to the discovery dispute addressed in the Letter Brief. It should also be sealed because it contains confidential information.

16. Exhibit B is the full set of Defendants responses to Plaintiffs' Requests for Production of Documents, Set One, dated June 27, 2024 and designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. Defendants seek to seal this exhibit other than the specific requests (and corresponding responses) cited by Plaintiffs in the letter Brief. *See* ECF 3914 at 3 (citing RFP Nos. 73, 83, 84). Alternatively, the Court could order Plaintiffs to file a new version of Exhibit B limited to excerpts of RFP Nos. 73, 83, 84.

17. Notably, Plaintiffs cited these discovery responses only to support their argument that the Flack data they now seek is encompassed within *three* of their existing discovery requests. But they did not use an exhibit consisting of excerpts of those discovery specific requests and Defendants' responses. Rather, they attached the entirety of Defendants' responses—spanning 160 pages, covering 202 requests, and designated as Highly Confidential – Attorneys' Eyes Only under the Protective Order. Plaintiffs' inclusion of wholly superfluous material protected as highly confidential under the Protective Order is reason alone to seal.

18. Moreover, the discovery responses contain requests that discuss (based on confidential information learned in discovery) confidential and/or non-public information, including internal research, potential systems and product features, areas of research, and relationships with third-parties. Disclosure of this confidential information poses a risk of competitive harm to Uber from competitors or others who would copy or otherwise utilize this information about for their own advantage or in competition with Uber. If the Court does not grant Defendants' request to seal the discovery requests and responses in their entirety (other than the cited requests, nos. 73, 83, 84), it should nevertheless seal the requests and responses containing confidential and/or non-public information.

19. There are no less restrictive alternatives to sealing the documents—Defendants seek only to partially seal four of the eight exhibits through narrowly tailored redactions, and to seal the four other exhibits consisting entirely of confidential information.

5

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3913]
Case No. 3:23-MD-3084-CRB

20. On September 22, 2025, counsel for Plaintiffs stated via email to counsel for counsel for Defendants that Plaintiffs do not oppose Defendants request to seal in the Statement in Support of Sealing.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 22, 2025.         By:   */s/ Daniel Cummings*
                                               Daniel Cummings