IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**DECLARATION OF BETH WILKINS IN RESPONSE TO THE COURT'S SEPTEMBER 22, 2025 ORDER (ECF NO. 3969)**<br><br>Judge: Honorable Lisa J. Cisneros |

I, Beth Wilkins, hereby declare as follows:

1. I am a partner in the law firm of Chaffin Luhana LLP. I am a member of the State Bars of Illinois and Missouri and duly admitted to practice before this Court, representing Plaintiffs in the above caption action. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. All documents attached to this declaration are true and accurate copies.

3. **Exhibits A, B,** and **C** are August 14 (ECF 3705), August 26 (ECF 3757) and September 11 (ECF 3895) Orders extending expert deadlines in light of the parties' ongoing discovery and discovery disputes, including Flack discovery relevant to Plaintiffs' data expert opinions. Expert reports are due on September 26 and rebuttal reports on October 24. Plaintiffs will make all efforts to serve and supplement expert reports consistent with Court deadlines.

4. **Exhibit D** is an email string between counsel for the parties, dated July 31 to August 5, 2025, following Hannah Nilles' deposition. Plaintiffs sought a list of Flack fields given concerns that Flack contains data, not in Bliss/Jira, that may resolve inconsistencies in the Bliss/Jira data. Plaintiffs stressed the urgency of resolving this issue sufficiently before the expert report deadline. Uber's counsel responded that Flack data is not more accurate or reliable than the Bliss/Jira data.

5. **Exhibit E** is an email string between counsel for the parties, dated August 7 to September 15, 2025, addressing the parties' respective positions on the Flack, Jira, and Bliss data.

6. **Exhibit F** is a January 16, 2024 letter from Uber counsel sent pursuant to the Court's January 9, 2024 Order requiring Uber to disclose its non-custodial ESI sources (ECF 190).

7. **Exhibit G** is a February 22, 2024 letter from Uber counsel. Uber's letter responded to Plaintiffs' January 29 letter seeking Uber's compliance with the Court's January 9 Order. That Order directed Uber to provide a list and/or Declaration of non-custodial sources. Both letters disclose Bliss, Jira, and Zendesk as structured data systems used for customer service ticketing. Neither references Flack.

8. **Exhibit H** is an email string between counsel for the parties, dated April 19 to May 10, 2024. Pursuant to the Court's ESI Order (ECF 524) and subsequent agreement by the parties, Uber was to provide on May 7, 2024, a list of non-custodial files that Uber could produce without

the use of search terms. The parties discuss Plaintiffs' request for safety incident data, including non-custodial sources. Uber identifies Bliss but not Jira or Flack (pp. 7-8).

9. **Exhibit I** is a January 18, 2024 declaration of Katherine McDonald, provided in relation to the first joint discovery dispute letter on safety data (ECF 651). Ms. McDonald stated: "Plaintiffs in this action have requested that Uber produce statistical data on the numbers of sexual assaults and instances of sexual misconduct reported to Uber from 2013 to present on a nationwide basis. This statistical analysis does not exist." Ms. McDonald did not identify Bliss, Jira, or Flack.

10. **Exhibit J** is an excerpt of the transcript of June 13, 2024 discovery hearing (ECF 640). In the excerpt, regarding sources of the incident data, Uber's counsel represented "there is no sort of data, as the plaintiffs suggest, is not really what that is; those are tickets…the plaintiffs are seeking to compel us to do something that doesn't exist." (p. 11). In response to the Court's question, "does that data exist in a dataset?", Uber's counsel answered: "[t]he answer is no," *id*. at 21, and "Uber has superior knowledge about its data systems and processes." *Id*. at 28.

11. **Exhibit K** is a June 21, 2024 letter from Uber's counsel, purporting to disclose non-custodial sources in response to Court orders. It identifies Bliss, Zendesk, and Jira, but not Flack.

12. **Exhibit L** is the Court's July 18, 2024 discovery order (ECF 706). In that Order, based on Uber's representations, the Court ordered Uber to provide information about Jira, Bliss, and Zendesk, stating "these are the databases in which the incident reports reside."

13. **Exhibit M** is an excerpt of the transcript of February 27, 2025 discovery status conference. In that excerpt, regarding the identification and production of incident-data fields, Uber's counsel represented "[t]here's JIRA and there's Bliss," and referenced certifications that production of incident data was complete.

14. **Exhibits N, O, and P** are Uber certifications dated January 10, 2025, February 25, 2025, and March 6, 2025 signed by Ms. McDonald, referring to Jira and Bliss, but not Flack. The January 10 and February 25 certifications were provided in response to the Court's December 19 and 23, 2024 Orders (ECF 1996, 2016). The March 6 certification was provided in response to the Court's February 27, 2025 Order (ECF 2427 at 33).

DECLARATION OF BETH WILKINS IN RESPONSE TO THE COURT'S SEPTEMBER 22, 2025 ORDER (ECF NO. 3969)

15. **Exhibit Y** is an excerpt of the April 25, 2025 deposition of Katherine McDonald, who testified that "Flack holds all of [Uber's] Safety incident data within Bliss and Jira." (107:12-108:6, 125:6-12). She was inconsistent as to whether Flack contains information that is not in either Bliss or Jira (108:7-110:4, 114:18-115:10), or whether Flack "enriches" the data from Bliss and Jira and may contain fields that are not in Bliss or Jira (110:5-114:17; 115:11-117:9).

16. **Exhibit X** is an excerpt of Ms. McDonald's April 24, 2025 JCCP deposition. When asked about Flack, Ms. McDonald responded, "there are three different sources of tickets for safety reports," Bliss, Zendesk, and Jira (42:20-43:17). She described Flack as a "protected database" *id*. at 44:3-7, that it is used for "translating the human experience." *Id*. at 45:12-46:8.

17. **Exhibit Q** is a document introduced at Ms. McDonald's JCCP deposition (not her MDL deposition) that Uber produced in August 2024. The document does not indicate that Flack contains different fields or provides additional or different incident data than Bliss or Jira.

18. **Exhibit R** is an April 28 to May 1, 2025 email chain between Plaintiffs' counsel and Uber's counsel addressing the Flack and data source issues raised in Ms. McDonald's depositions. Plaintiffs sent draft PTO 8 letter concerning Flack on April 30 but agreed to forego filing until after the 30(b)(6) deposition scheduled for May 6. **Exhibit S** is the draft PTO 8 letter.[1]

19. **Exhibit T** is an excerpt of the July 11 deposition of Todd Gaddis (30(b)(6) deposition rescheduled from May 6 at Uber's request). Mr. Gaddis testified that Bliss and Jira are the only sources of information for incident data (90:11-19; 211:11-212:5).

20. **Exhibit Z** is an excerpt of the July 23 deposition of Hanah Nilles. Ms. Nilles testified that she regularly refers to the data in Flack to provide reliable current and historic incident rates for sexual assault (64:1-69:14; 302:8-304:2).

Executed this 23rd day of September, 2025 in Lebanon, Illinois.

/s/ *Beth Wilkins*
Beth Wilkins

---

[1] Note this email thread addresses two separate but tightly related disputes: First, data source (including Flack) disputes, and second, disputes about Uber's interrogatory responses regarding number of incidents (see pages 12-13). The May 1 agreement addressed only the latter and was not an agreement to forego discovery of Flack.

- 4 -

DECLARATION OF BETH WILKINS IN RESPONSE TO THE
COURT'S SEPTEMBER 22, 2025 ORDER (ECF NO. 3969)