Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>ALL ACTIONS | CASE NO. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH CIVIL LOCAL RULE 3-15 AND COURT ORDERS**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Date: October 31, 2025<br>Time: 10:00 AM<br>Courtroom: 17th Floor, Courtroom 6 |

**NOTICE OF MOTION AND MOTION TO COMPEL COMPLIANCE WITH
<u>CIVIL LOCAL RULE 3-15 AND COURT ORDERS</u>**

PLEASE TAKE NOTICE that on October 31, 2025, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") will and hereby do move the Court to compel compliance with Civil Local Rule 3-15 and two Court Orders, the first issued on August 1, 2025 (Dkt. No. 3625, the "August 1 Order") and the other issued on August 11, 2025 (Dkt. No. 3676, the "August 11 Order"), all of which require each law firm representing Plaintiffs in this MDL to disclose sources of third-party litigation funding with an interest in the outcome of the litigation and file a digest of all such interested entities (and the cases in which they have an interest) in the MDL docket.

The Motion to Compel Compliance with Civil Local Rule 3-15 and the August 1 and 11 Court Orders is based on this Notice of Motion, the attached Memorandum of Points and Authorities, its exhibits, and the pleadings and papers on file herein.

# TABLE OF CONTENTS

**Page**

I.      Introduction and Summary of Argument..........................................................................1

II.     Background.........................................................................................................................4

III.    Argument............................................................................................................................6

IV.     Conclusion........................................................................................................................10

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
    No. 3:19-md-02885 (N.D. Fla. Aug. 29, 2023) ...................................................................8

*In re Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*,
    No. 3:25-md-3140, 2025 WL 1860996 (N.D. Fla. July 1, 2025) ......................................8

*Gibson v. Nat'l Ass'n of Realtors*,
    No. 23-CV-00788-SRB, 2025 WL 2491196 (W.D. Mo. Aug. 18, 2025).........................7, 8

*In re Zantac (Ranitidine) Prods. Liab. Litig.*,
    No. 20-MD-2924, 2020 WL 1669444 (S.D. Fla. Apr. 3, 2020) ........................................8

**Statutes**

Georgia Code Ann. § 9-11-26(b)(2.1)(A)....................................................................................9

Montana. Code § 31-4-108 (2023)..............................................................................................9

West Virginia Code § 46A-6N-6 (2024) ....................................................................................9

Wiconsin. Code § 804.01(2)(bg) (2018)....................................................................................9

**Rules**

Civil Local Rule 3-15................................................................................................... *passim*

Civil Local Rule 3-15(a) .............................................................................................................6

Civil Local Rule 3-15(b)(2) ..........................................................................................1, 4, 6, 9

*In re Rule 8, Rules of Civil Procedure*,
    No. R-25-0003 (Ariz. Aug. 26, 2025)..............................................................................9

U.S.D.C. D.N.J. Civ. L.R. 7.1.1. (June 21, 2021).......................................................................9

**Other Authorities**

Emily R. Siegel, *Fortress Law Firm Investment Signals Shift in Legal Industry*,
    Bloomberg Law, (Aug. 28, 2025)......................................................................................3

Mark Behrens, *Third-Party Litigation Funding: A Call for Disclosure and Other*
    *Reforms to Address the Stealthy Financial Product That Is Transforming the Civil*
    *Justice System*, 34 Cornell J.L. & Pub. Pol'y 1, 26 (2024)........................................7

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

WESTFLEET ADVISORS, THE WESTFLEET INSIDER: 2024 LITIGATION
    FINANCE MARKET REPORT 6 (6th ed. 2024)...................................................1, 8

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    Introduction and Summary of Argument**

Civil Local Rule 3-15, as well as the Court's August 1 (Dkt. No. 3625) and August 11 (Dkt. No. 3676) Orders, require all MDL Plaintiffs' counsel to fully disclose third-party contingent litigation funding, whether that financing is individual-plaintiff-based or portfolio-based.  The August 11 Order, issued after Plaintiffs did not respond to the August 1 Order, stated that "a provider of litigation funding whose financial arrangement is *in any way contingent on the outcome of litigation* is subject to disclosure under Civil Local Rule 3-15(b)(2), and . . . if Plaintiffs are aware of entities with such interests, Plaintiffs must file digests in the MDL docket identifying them no later than August 8, 2025." (Dkt. No. 3676).  In response to the August 11 Order, Plaintiffs' counsel representing some Plaintiffs in this MDL made just four disclosures and limited those disclosures to individual-plaintiff-based financing. (Dkt. Nos. 3683, 3684, 3685, and 3698).  But Civil Local Rule 3-15 and the Court's Orders require more.  Each firm representing Plaintiffs must disclose all entities with financial arrangements "*in any way contingent on the outcome of litigation*," (Civ. L.R. 3-15(b)(2); Dkt. Nos. 3625, 3676), which includes portfolio-based financing.

Plaintiffs' omission of portfolio-based financing is significant.  As the below graphic from the 2024 Litigation Finance Market Report shows, 2/3 of litigation financing arrangements over the past five years have been "portfolio" deals (excluded from Plaintiffs' disclosures), and only 1/3 are "single matter" deals (covered in the Plaintiffs' disclosures).[1]

---

[1]    WESTFLEET ADVISORS, THE WESTFLEET INSIDER: 2024 LITIGATION FINANCE MARKET REPORT 6 (6th ed. 2024) (source of graphic below).

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)



## Type Of Deal Structure

The allocation of capital between single-matter and portfolio deals remained consistent in 2024 compared with prior years, with portfolios comprising 67% of new capital commitments. The ratio of portfolio deals to single-matter deals has remained approximately 2:1 consistently from 2019 through 2024.

**2024 Commitments
by Type of Deal**

Bloomberg Law reports indicate that various plaintiffs' firms—including Johnson Law Group, which represents 67 Plaintiffs in the MDL—are known to have ties with litigation funders. *See, e.g.*, Declaration of Christopher V. Cotton ("Cotton Decl.") Ex. A ("Fortress' Billions Quietly Power America's Biggest Legal Fights," Bloomberg Law (Oct. 16, 2024) (noting that Fortress has provided funding to Johnson Law Group and others and the source of the graphic below).

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

In certain locations where local laws have dispensed with the general prohibition that non-lawyers may not share in fees or own law firms, third-party litigation funders have even invested directly in plaintiffs' firms, taking on a partial ownership role.[2]

Uber respectfully requests that this Court order all counsel representing any Plaintiffs in the MDL to disclose any litigation financing contingent, in whole or in part, on the outcome of a single Uber case, a portfolio of cases against Uber, or some broader portfolio that includes but is not limited to Uber cases.

---

[2]  *See* Emily R. Siegel, *Fortress Law Firm Investment Signals Shift in Legal Industry,* Bloomberg Law, (Aug. 28, 2025), https://news.bloomberglaw.com/litigation-finance/fortress-injury-lawyer-play-is-sign-of-times-as-industry-shifts (reporting third-party litigation funder Fortress Investment Group has a 20% economic interest in a Phoenix personal injury law firm).

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

## II.    Background

Under Civil Local Rule 3-15 and the Court's Orders, Plaintiffs must disclose both individual-plaintiff-based and portfolio-based contingent litigation financing.  Plaintiffs have not disclosed the information, despite multiple requests by Uber.

In June 2025, Uber served subpoenas on Plaintiffs' leadership firms, seeking documents regarding litigation funding.  Plaintiffs moved to quash those subpoenas (Dkt. No. 3402).  The Court granted Plaintiffs' motion in the August 1 Order.  The Court ruled that although it was not persuaded that litigation funding "is relevant to any party's claim or defense," Civil Local Rule 3-15's "plain language" required disclosure of any "provider of litigation funding whose financial arrangement is in any way contingent on the outcome of litigation," and required that "[e]ach law firm representing Plaintiffs in this case must file a digest of all such interested entities (and the cases in which they have an interest) in the MDL docket no later than August 8, 2025."  The August 1 Order "includ[ed]" as interested entities any "sources of litigation funding whose arrangements are contingent in any way *on the outcome of litigation*." (*Id.*) (emphasis added).  The Court's Order did not limit disclosure to sources of litigation funding whose arrangements are contingent on the outcome for any particular plaintiff.

When Plaintiffs' firms did not file the required digest of interested entities by August 8, the Court issued the August 11 Order, which states:

> In a previous [3625] Order, the Court determined that "a provider of litigation funding whose financial arrangement is in any way contingent on the *outcome of litigation*" is subject to disclosure under Civil Local Rule 3-15(b)(2), and ordered that if Plaintiffs are aware of entities with such interests, Plaintiffs must file digests in the MDL docket identifying them no later than August 8, 2025.  That deadline has passed, and no disclosures have been filed.  Plaintiffs are ORDERED to file a status report no later than August 12, 2025 either confirming that they are not aware of entities with such interests or otherwise explaining their failure to file disclosures by the August 8th deadline.

Dkt. No. 3676

In response, most Plaintiffs' firms did not make any disclosures.  A few Plaintiffs' firms did file three status reports on August 12 and one firm filed a status report on August 14, but those reports are incomplete and do not address litigation funding arrangements "contingent in any way on the

---

4

*outcome of litigation*," as the Court had twice ordered.  Instead, the reports are limited to disclosures about "*any plaintiff*":

> Plaintiffs' Co-Lead Counsel: "are not aware of any plaintiff who intends to submit a supplemental Civil Local Rule 3.15 Certificate of Interested Entities," and "do understand that some plaintiffs have not yet submitted their original Certificates, but will do so by August 15." (Dkt. No. 3684, attached as Cotton Decl. Ex. B).

> Williams Hart & Boundas, LLP: "is not aware of any providers of litigation funding whose financial arrangement or interest is in any way contingent on the outcome of litigation *as to any of its Jane Doe WHB plaintiffs*." "*Each* Williams Hart & Boundas *plaintiff filed* a "Certificate of Interested Parties or Entities" contemporaneously *with the individual Short Form Complaint* ..." (Dkt. No. 3683, attached as Cotton Decl. Ex. C) (emphasis added).

> Nachawati Law Group: "confirms that it is not aware of any providers of litigation funding whose financial arrangement or interest is any way contingent on the outcome of litigation *as to any of its NGL plaintiffs*. ...*Each NGL plaintiff* has filed or is filing a 'Certificate of Interested Parties or Entities' *in the individual cases* pursuant to Civil Local Rule 3-15" (Dkt. No. 3685, attached as Cotton Decl. Ex. D) (emphasis added).

> Simmons Hanly Conroy, LLP: "confirms they are not aware of any providers of litigation funding whose financial arrangement or interest is in any way contingent on the outcome of this litigation *as to any of its Plaintiffs.  ...Each* Simmons Hanly Conroy, LLP *plaintiff filed* a Civil Local Rule 3.15 Certificate of Interested Entities contemporaneously *with their Short Form Complaint* ..." (Dkt. No. 3698, attached as Cotton Decl. Ex. E) (emphasis added).

Because these status reports limited disclosures to "any plaintiff," *i.e.*, third-party litigation funding on a single-matter basis, they are inadequate under Civil Local Rule 3-15 and do not comply with the August 1 and August 11 Orders, both of which require disclosure of litigation financing "in any way contingent on the outcome of litigation."  On August 18, Uber requested that Plaintiffs' firms file supplemental certificates of interested parties under Civil Local rule 3-15 to address these deficiencies.  The letter specifically requested information about contingent portfolio funding, stating, "Since litigation funders often engage in portfolio funding where multiple cases belonging to a law firm are funded under one agreement, Plaintiffs' firms' disclosures must include any entities that are funding groups of multiple cases where the financial arrangements in play are in any way contingent on the outcome of those multiple cases."  *See* Cotton Decl. Ex. F (August 18, 2025 Letter).

---

5

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15                CASE NO 3.23-MD-03084-CRB (LJC)

The parties met and conferred on August 25. During that meet and confer, counsel for Uber reiterated the points made in the August 18 letter and expressly asked Plaintiffs' counsel to disclose portfolio-based contingent litigation financing. Plaintiffs' counsel did not reveal whether such portfolio-based contingent litigation financing exists. Instead, Plaintiffs' counsel pointed back to the prior individual-plaintiff-based responses. Ultimately, during the August 25 meet and confer, Plaintiffs' leadership suggested that Uber propose language for a template certification for Plaintiffs' counsel to complete. Per Plaintiffs' request, Uber prepared a proposed certification, which was presented to Plaintiffs' leadership the next day, on August 26. *See* Cotton Decl. Ex. G (August 26, 2025 Email with accompanying proposed certification). Plaintiffs' leadership did not agree to the proposed certification.

To date, Plaintiffs' firms have not filed complete and accurate certifications and have not fulfilled their obligations under Civil Local Rule 3-15 and this Court's August 1 and August 11 Orders.

### III.    Argument

Civil Local Rule 3-15 requires "[e]ach non-governmental party" to "file a 'Certification of Conflicts and Interested Entities or Persons," Civ. L.R. 3-15(a), which "must disclose any persons, associations of persons, firms, partnerships, corporations (including, but not limited to, parent corporations), or any other entities, other than the parties themselves, known by the party to have either: (i) a financial interest of any kind in the subject matter in controversy ... ; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding." Civ. L.R. 3-15(b)(2). Any loans for which repayment is in any way contingent on the outcome of the litigation or which provide for additional compensation based on the outcome of the litigation or control over the direction of the litigation must also be disclosed. *See* August 1 Order at fn. 1.[3]

---

[3]    Uber is not seeking disclosure of information about loans "for which payment is not in any way contingent on the outcome of the litigation, and which provide[] for no other compensation based on the outcome of litigation or control over the direction of litigation." *Id.*

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)

The Northern District of California was the first court to require third-party litigation funding disclosure as part of a standing order.[4]  The standing order requires the following:

> Disclosure of Non-party Interested Entities or Persons: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.  In addition, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.  In any proposed class, collective, or representative action, the required disclosure includes any person or entity that is funding the prosecution of any claim or counterclaim.

*See* Standing Order for All Judges of the Northern District of California, § 17 (Nov. 30, 2023).

Civil Local Rule 3-15 and the Court's standing order recognize that the Court and litigants need to know how third-party litigation funding is involved for many reasons, including but not limited to determining the real entities with interests in the outcome of the litigation, avoiding conflicts of interest, ensuring compliance with ethical rules, and protecting all parties.[5]  "The unique nature of multidistrict litigation and class actions warrant transparency, the highest regard for professional conduct, and confidence in leadership and class counsel." *Gibson v. Nat'l Ass'n of Realtors*, No. 23-CV-00788-SRB, 2025 WL 2491196, at *1 (W.D. Mo. Aug. 18, 2025).  As another MDL court recently remarked:

> For at least the past decade, multidistrict litigations ("MDLs") have attracted the attention of third-party litigation funding entities, some with ill motives aimed at preying on litigants.  Typically, third-party litigation funding is provided in exchange for an interest in the settlement recovery or on credit, often with exorbitant fees and rates of interest.  According to a December 2022 report of the United States Government Accountability Office, such funding is not only expensive for participants, but it also "could create conflicts of interest between plaintiffs and their attorneys" and may improperly "deter plaintiffs from accepting a settlement offer because they want to make up the amount they will" be forced to "repay the funder."

---

[4]  Mark Behrens, *Third-Party Litigation Funding: A Call for Disclosure and Other Reforms to Address the Stealthy Financial Product That Is Transforming the Civil Justice System*, 34 Cornell J.L. & Pub. Pol'y 1, 26 (2024).

[5]  *Id.* at 10.

*In re Depo-Provera (Depot Medroxyprogesterone Acetate) Prods. Liab. Litig.*, No. 3:25-md-3140, 2025 WL 1860996, at *1 (N.D. Fla. July 1, 2025) (citation omitted) (ordering disclosure by all plaintiffs' counsel and *pro se* plaintiffs of third-party litigation funding and citing this Court's standing order while noting that "some federal courts have formalized a requirement that litigants disclose information about their third-party litigation funding arrangements").  Because "[o]utside interests have an impact" on leadership and can be "vested with undue influence or control over the underlying litigation," Plaintiffs' counsel must reveal the identities of third-party entities who have interests in the outcome of the litigation.  *Gibson*, 2025 WL 2491196, at *1 (ordering each applicant for leadership or class counsel to "provide the Court and the public" with a written declaration answering eleven questions about entities financing the litigation); *see also In re Zantac (Ranitidine) Prods. Liab. Litig.*, No. 20-MD-2924, 2020 WL 1669444, at *5-6 (S.D. Fla. Apr. 3, 2020) (ordering each applicant for plaintiff's leadership/PSC to provide written responses to questions about entities financing the litigation, noting that "[t]he unique nature of an MDL, and particularly one of this potential size, warrants transparency, the highest regard for professional conduct, and confidence in the leadership and in the manner in which the case is handled by all parties"); *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-md-02885 (N.D. Fla. Aug. 29, 2023) (Case Management Order No. 61 (Third-Party Litigation Funding) (requiring plaintiffs' counsel who obtain third-party litigation funding to provide the court with the name of the claimant and funder or lender and all material terms of the funding arrangement).[6]

Two-thirds of all litigation funding is portfolio-based, not single-plaintiff based.  As discussed in Westfleet Advisors' 2024 Litigation Finance Report, "the allocation of capital structure between single-matter and portfolio deals remained consistent in 2024 compared with prior years, with portfolios comprising 67% of new capital commitments.  The ratio of portfolio deals to single-matter deals has remained approximately 2:1 consistently from 2019 to 2024."[7]

---

[6]  https://www.uscourts.gov/courts/flnd/3M-Case_Management_Order_No_61_Third-Party_Litigation_Funding.pdf [https://perma.cc/4C3J-UJRA]

[7]  WESTFLEET ADVISORS, THE WESTFLEET INSIDER: 2024 LITIGATION FINANCE MARKET REPORT 6 (6th ed. 2024).

1    Neither the Local Rules nor this Court's Orders exclude the more-common portfolio-based

2    contingent litigation financing.  To the contrary, in its August 1 Order, this Court stated that "[u]nder

3    the plain language of Local Rule 3-15, a provider of litigation funding whose financial interest is in

4    any way contingent on the outcome of litigation has 'a financial interest of any kind in the subject

5    matter of the controversy'" and ordered that "[e]ach law firm representing Plaintiffs in this case must

6    file a digest of all such interested entities (and the cases in which they have an interest) ...." (August

7    1 Order).  Similarly, the Court's August 11 Order states that "a provider of litigation funding whose

8    financial arrangement is in any way contingent on the *outcome of litigation* is subject to disclosure

9    under Civil Local Rule 3-15(b)(2)."  (Dkt. No. 3676); *cf. In re Rule 8, Rules of Civil Procedure*, No.

10   R-25-0003, (Ariz. Aug. 26, 2025) (modifying Ariz. R. Civ. Rule 8 to require third-party litigation

11   funding disclosures including "whether the funding is applicable to a portfolio of cases or is specific

12   to this litigation"); Standing Order Regarding Third-Party Litigation Funding Arrangements (D. Del.

13   Apr. 18, 2022) (requiring disclosures regarding any third party providing funding for any attorneys'

14   fees and expenses in relation to "the litigation"); U.S.D.C. D.N.J. Civ. L.R. 7.1.1. (June 21, 2021)

15   (same); *see also, e.g.*, W. Va. Code § 46A-6N-6 (2024) (requiring disclosure of any agreement "under

16   which any litigation financier, other than an attorney permitted to charge a contingent fee representing

17   a party, has a right to receive compensation that is contingent in any respect on the outcome of the

18   legal claim."); Ga. S.B. 69 (2025) (to be codified at Ga. Code Ann. § 9-11-26(b)(2.1)(A)) ("A party

19   may obtain discovery of the existence and terms and conditions of any litigation financing agreement

20   . . . ."); Mont. Code § 31-4-108 (2023) (requiring disclosure of litigation financing contract); Wis.

21   Code § 804.01(2)(bg) (2018) (requiring disclosure of any agreement with a third party that "has a right

22   to receive compensation that is contingent on and sourced from any proceeds of the civil action, by

23   settlement, judgment, or otherwise").

24   Whether Plaintiffs' firms have obtained third-party contingent funding to finance a single Uber

25   case, a portfolio of cases against Uber, or some broader portfolio that includes but is not limited to

26   Uber cases, those Plaintiffs' firms must disclose that funding under Civil Local Rule 3-15 and this

27   Court's Orders.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**IV.      Conclusion**

Based on the foregoing, and consistent with Civil Local Rule 3-15 and the August 1 and 11 Orders, Uber requests the Court order all law firms that represent Plaintiffs in the MDL to file updated Civil Local Rule 3-15 disclosures including any litigation financing contingent, in whole or in part, on the outcome of a single Uber case, a portfolio of cases against Uber, or some broader portfolio that includes but is not limited to Uber cases.

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15                    CASE NO 3.23-MD-03084-CRB (LJC)

1    DATED:  September 24, 2025                    Respectfully submitted,

2
                                                   */s/ Laura Vartain Horn*
3                                                  Laura Vartain Horn (SBN 258485)
                                                   **KIRKLAND & ELLIS LLP**
4                                                  555 California Street, Suite 2700
                                                   San Francisco, CA 94104
5                                                  Telephone: (415) 439-1625
                                                   laura.vartain@kirkland.com
6
                                                   Jessica Davidson (Admitted *Pro Hac Vice*)
7                                                  Christopher D. Cox (Admitted *Pro Hac Vice*)
                                                   **KIRKLAND & ELLIS LLP**
8                                                  601 Lexington Avenue
                                                   New York, NY 10022
9                                                  Telephone: (212) 446-4800
                                                   jessica.davidson@kirkland.com
10                                                 christopher.cox@kirkland.com

11                                                 Allison M. Brown (Admitted *Pro Hac Vice*)
                                                   **KIRKLAND & ELLIS LLP**
12                                                 2005 Market Street, Suite 1000
                                                   Philadelphia, PA 19103
13                                                 Telephone: (215) 268-5000
                                                   alli.brown@kirkland.com
14
                                                   Christopher V. Cotton (Admitted *Pro Hac
15                                                 Vice*)
                                                   **SHOOK, HARDY & BACON, LLP**
16                                                 255 Grand Boulevard
                                                   Kansas City, MO 64108
17                                                 Telephone: (816) 474-6550
                                                   ccotton@shb.com
18
                                                   *Attorneys for Defendants*
19                                                 UBER TECHNOLOGIES, INC.,
                                                   RASIER, LLC, And RASIER-CA, LLC
20

21

22

23

24

25

26

27

28

NOTICE OF MOTION AND MOTION TO COMPEL
COMPLIANCE WITH CIVIL LOCAL RULE 3-15          CASE NO 3.23-MD-03084-CRB (LJC)