# EXHIBIT F

# KIRKLAND & ELLIS LLP

Mark W. Premo-Hopkins, P.C.
To Call Writer Directly:
+1 312 862 2706

mark.premohopkins@kirkland.com

555 California Street
San Francisco, CA 94104
United States

+1 415 439 1400

www.kirkland.com

Facsimile:
+1 415 439 1500

August 18, 2025

Re:  Civil Local Rule 3-15 Status Reports filed on August 12, 2025

Dear Counsel:

We write concerning the deficiencies of the Civil Local Rule 3-15 Status Reports that Plaintiffs' firms filed on August 12, 2025. As detailed below, Uber requests that the addressees of this letter file non-deficient certificates of interested entities under Civil Local Rule 3-15 by August 20, 2025.

On August 1, 2025, the MDL Court issued an order finding that entities with a financial interest in the outcome of the litigation must be disclosed under Civil Local Rule 3-15 stating, "Each law firm representing Plaintiffs in this case must file a digest of all such interested entities (and the cases in which they have an interest) in the MDL docket no later than August 8, 2025." The Court's order "includ[ed]" as interested entities any "sources of litigation funding whose arrangements are contingent in any way on the *outcome of litigation*." (Dkt. No. 3625) (emphasis added). The Court's Order did not limit disclosure to sources of litigation funding whose arrangements are contingent on the *outcome for any particular plaintiff*.

When Plaintiffs' firms did not file the required digest of interested entities by August 8, the Court issued a follow-up order on August 11:

> In a previous [3625] Order, the Court determined that "a provider of litigation funding whose financial arrangement is in any way contingent on the *outcome of litigation*" is subject to disclosure under Civil Local Rule 3-15(b)(2), and ordered that if Plaintiffs are aware of entities with such interests, Plaintiffs must file digests in the MDL docket identifying them no later than August 8, 2025. That deadline has passed, and no disclosures have been filed. Plaintiffs are ORDERED to file a status report no later than August 12, 2025 either confirming that they are not aware of entities with such interests or otherwise explaining their failure to file disclosures by the August 8th deadline.

KIRKLAND & ELLIS LLP

August 18, 2025
Page 2

Dkt. No. 3676

In response, Plaintiffs' firms filed status reports on August 12, but those reports did not address litigation funding arrangements "contingent in any way on the *outcome of litigation*," as the Court had ordered. Instead, the reports were limited to disclosures about "*any plaintiff*":

- Plaintiffs' Co-Lead Counsel: "are not aware of any plaintiff who intends to submit a supplemental Civil Local Rule 3.15 Certificate of Interested Entities," and "do understand that some plaintiffs have not yet submitted their original Certificates, but will do so by August 15." (Dkt. No. 3684).

- Williams Hart & Boundas, LLP: "is not aware of any providers of litigation funding whose financial arrangement or interest is in any way contingent on the outcome of litigation *as to any of its Jane Doe WHB plaintiffs*." "*Each* Williams Hart & Boundas *plaintiff filed* a "Certificate of Interested Parties or Entities" contemporaneously *with the individual Short Form Complaint …*" (Dkt. No. 3683) (emphasis added).

- Nachawati Law Group: "confirms that it is not aware of any providers of litigation funding whose financial arrangement or interest is any way contingent on the outcome of litigation *as to any of its NGL plaintiffs*. …*Each NGL plaintiff* has filed or is filing a 'Certificate of Interested Parties or Entities' *in the individual cases* pursuant to Civil Local Rule 3-15" (Dkt. No. 3685) (emphasis added).

These Civil Local Rule 3-15 status reports providing information limited to "any plaintiff" are inadequate under the rule and do not comply with the August 1 and August 11 orders, both of which required disclosures for the "outcome of litigation." Since litigation funders often engage in portfolio funding where multiple cases belonging to a law firm are funded under one agreement, Plaintiffs' firms' disclosures must include any entities that are funding groups of multiple cases where the financial arrangements in play are in any way contingent on the outcome of those multiple cases.

Uber requests that by August 20, 2025 Plaintiffs' firms file supplemental certificates of interested parties under Civil Local Rule 3-15 that are consistent with this Court's order on August 1, 2025 that each law firm file a digest of all such interested entities (and the cases in which they

**KIRKLAND & ELLIS LLP**

August 18, 2025
Page 3

have an interest) in the MDL docket, which includes the digests of cases that have third-party funding on a portfolio or group basis.

                                                Sincerely,

                                                Mark W. Premo-Hopkins, P.C.

## KIRKLAND & ELLIS LLP

August 18, 2025
Page 4

## DISTRIBUTION

Sarah R. London
GIRARD SHARP LLP
Email: slondon@girardsharp.com

Rachel B. Abrams
PEIFFER WOLF CARR KANE
CONWAY & WISE LLP
Email: rabrams@peifferwolf.com

Roopal P. Luhana
CHAFFIN LUHANA LLP
Email: luhana@chaffinluhana.com

Walt Cubberly
WILLIAMS HARD & BOUNDAS, LLP
Email: wcubberly@whlaw.com

Steven S. Schulte
NACHAWATI LAW GROUP
Email: schulte@ntrial.com