# Exhibit G

## RE: Emergency Deposition Dispute (LR 37-1(b))

**Brittany Sims** <Brittany_Sims@cand.uscourts.gov>
06/25/2025 at 02:17 PM

| | |
|---|---|
| **From:** | **Brittany Sims** <Brittany_Sims@cand.uscourts.gov> |
| **Sent:** | 06/25/2025 at 02:17 PM |
| **To:** | **Sara Peters** <speters@walkuplawoffice.com> |
| **Cc:** | **mark.premohopkins@kirkland.com** |

Counsel, Judge Cisneros has provided the following response which will also be posted as a text order:

The witness must answer Ms. Peters's question, and Mr. Wong has not done do despite repeated questioning. The objection is not grounded in any privilege. Mr. Wong must answer. This ruling does not resolve whether the objection is sustained. The question may be improper, and an objection may be sustained at some point, if a party seeks to introduce the witness's response into the litigation, but for now, Mr. Wong must answer.

Thank You,

**Brittany Nicole Sims**

*Courtroom Deputy to the Honorable Magistrate Judge Lisa J. Cisneros*

United States District Court

Northern District of California

450 Golden Gate Ave

San Francisco, CA 94102

Phone: 415-522-2043

Brittany_Sims@cand.uscourts.gov

---

**From:** LJC CRD <LJCCRD@cand.uscourts.gov>
**Sent:** Wednesday, June 25, 2025 1:38 PM
**To:** Brittany Sims <Brittany_Sims@cand.uscourts.gov>
**Subject:** FW: Emergency Deposition Dispute (LR 37-1(b))

---

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Wednesday, June 25, 2025 8:37:28 PM (UTC+00:00) Monrovia, Reykjavik

**To:** LJC CRD <LJCCRD@cand.uscourts.gov>
**Cc:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Subject:** Emergency Deposition Dispute (LR 37-1(b))

**CAUTION - EXTERNAL:**

Dear Ms. Sims:

Pursuant to Civil L.R. 37-1(b) and Judge Cisneros' standing order, Plaintiffs' counsel respectfully requests emergency judicial intervention during the deposition of Uber 30b6 deponent Sunny Wong, which is currently in progress. Plaintiffs' counsel feel that the witness is not being responsive, and Uber's counsel disagrees. The parties have engaged in good faith attempts to resolve the dispute but were not able.

The relevant excerpt is pasted below.

Please let us know if the Judge is available for us to call and, if so, at what time we should call. If she prefers to call us, Plaintiffs' counsel can be reached at cell phone (415) 319-3272 (Sara Peters) and Uber's counsel can be reached at cell phone (312) 497-6606 (Mark Premo-Hopkins).

Thank you

Excerpt:

| | | | |
|---|---|---|---|
| 125/17 | 13:17:27 | Q. | And so would you agree that Uber has a |
| 125/17 | 13:17:32 | | responsibility to do everything that it can not to |
| 125/18 | 13:17:35 | | the dispatch drivers who are going to sexually |
| 125/19 | 13:17:38 | | assault riders? |
| 125/20 | 13:17:39 | | MR. PREMO-HOPKINS: Object to form. |
| 125/21 | 13:17:40 | | THE WITNESS: Again, as part of the Uber |
| 125/22 | 13:17:43 | | platform, our goal was to provide again safe |
| 125/23 | 13:17:45 | | reliable transportation options for our users |
| 125/24 | 13:17:48 | | through our matching platform. |

| | | | |
|---|---|---|---|
| 125/25 | 13:17:49 | Q. | Going to object as nonresponsive and |
| 126/1 | 13:17:52 | | direct you back to my question. My question is, |
| 126/2 | 13:17:58 | | would you agree that Uber has a responsibility to do |
| 126/3 | 13:18:01 | | everything that it can not to dispatch drivers who |
| 126/4 | 13:18:05 | | are going to sexually assault riders? |
| 126/5 | 13:18:06 | | MR. PREMO-HOPKINS: Object to form. |
| 126/6 | 13:18:08 | | THE WITNESS: I mentioned earlier that |
| 126/7 | 13:18:12 | | reports of sexual reports on platform are extremely |
| 126/8 | 13:18:16 | | rare one in over a million and we continuously try |
| 126/9 | 13:18:18 | | to improve safety on the Uber platform. And again |
| 126/10 | 13:18:23 | | what the overall goal of also still providing again |
| 126/11 | 13:18:26 | | liable matching services with our platform. So |
| 126/12 | 13:18:30 | | we're not leaving anyone out in the middle of the |
| 126/13 | 13:18:31 | | night to we can provide that trip. |
| 126/14 | 13:18:33 | Q. | Counsel I'd ask that you instruct the |
| 126/15 | 13:18:35 | | witness to respond to the question? |
| 126/16 | 13:18:38 | | MR. PREMO-HOPKINS: You can ask. That's |
| 126/17 | 13:18:42 | | fine. I think it's a completely improper question |
| 126/18 | 13:18:45 | | that's why I'm objecting to the form. |
| 126/19 | 13:18:47 | | THE WITNESS: Can you repeat the question. |
| 126/20 | 13:18:48 | | MS. PETERS: No but I'm asking you to |
| 126/21 | 13:18:50 | | please. |
| 126/22 | 13:18:50 | | MR. PREMO-HOPKINS: I'm not going to |

| | | |
|---|---|---|
| 126/23 | 13:18:51 | instruct my the witness to answer the question.  I |
| 126/24 | 13:18:53 | think the witness has answered the question fairly |
| 126/25 | 13:18:56 | as asked. |
| 127/1 | 13:18:57 | Q.    Okay I'm going to ask it again because |
| 127/2 | 13:19:04 | he's not been answering it.  Would you agree that |
| 127/3 | 13:19:06 | Uber has a responsibility to do everything that it |
| 127/4 | 13:19:09 | can to not dispatch drivers who are going to |
| 127/5 | 13:19:13 | sexually assault riders? |
| 127/6 | 13:19:14 |         MR. PREMO-HOPKINS:  Object to form. |
| 127/7 | 13:19:15 |         THE WITNESS:  S-RAD does not have -- S-RAD |
| 127/8 | 13:19:20 | assesses risks at the payer -- rider-driver pairing |
| 127/9 | 13:19:25 | level.  It doesn't score user level risks.  So we |
| 127/10 | 13:19:30 | don't have that visibility in terms of at the user |
| 127/11 | 13:19:33 | level which driver is what you define as risky |
| 127/12 | 13:19:36 | right. |
| 127/13 | 13:19:36 | Q.    Yeah I'm not I'm not saying that the |
| 127/14 | 13:19:41 | drivers are known to be risky drivers? |
| 127/15 | 13:19:43 |         MR. PREMO-HOPKINS:  That's exactly what |
| 127/16 | 13:19:45 | you're asking him. |
| 127/17 | 13:19:45 | Q.    I'm asking, you would agree that Uber has |
| 127/18 | 13:19:52 | a responsibility to do everything it can to not -- |
| 127/19 | 13:19:56 | and I'll ask it a little bit differently -- to not |
| 127/20 | 13:20:00 | make a driver trip pairing that is going to result |

| | | |
|---|---|---|
| 127/21 | 13:20:02 | in a sexual assault of a rider? |
| 127/22 | 13:20:04 | MR. PREMO-HOPKINS:  Object to form. |
| 127/23 | 13:20:05 | MS. PETERS:  Do you agree. |
| 127/24 | 13:20:06 | MR. PREMO-HOPKINS:  Object to form. |
| 127/25 | 13:20:07 | THE WITNESS:  Again there's no way for us |
| 128/1 | 13:20:09 | with reasonable confidence to know or identify |
| 128/2 | 13:20:12 | what's going to happen on a particular trip.  These |
| 128/3 | 13:20:14 | sexual assaults are extremely rare that are reported |
| 128/4 | 13:20:16 | on the Uber platform I mentioned earlier.  Sorry. |
| 128/5 | 13:20:20 | So again there's no way for us to know with |
| 128/6 | 13:20:22 | reasonable confidential.  Again we try our best.  We |
| 128/7 | 13:20:24 | have investing in things like S-RAD.  We're going to |
| 128/8 | 13:20:28 | invest in it to improve safety but again these |
| 128/9 | 13:20:31 | events are extremely rare and we continuously try to |
| 128/10 | 13:20:34 | improve S-RAD and other safety programs at Uber. |
| 128/11 | 13:20:36 | Q.    I think you're answer go about what Uber |
| 128/12 | 13:20:39 | can do.  I'm asking to the extent it's able to, |
| 128/13 | 13:20:43 | would you agree that Uber has a responsibility to do |
| 128/14 | 13:20:46 | everything it can to not make pairings of drivers |
| 128/15 | 13:20:52 | with trips that are likely to result in sexual |
| 128/16 | 13:20:56 | assault? |
| 128/17 | 13:20:56 | MR. PREMO-HOPKINS:  Object to form. |
| 128/18 | 13:20:56 | THE WITNESS:  The report rates of sexual |

| | | |
|---|---|---|
| 128/18 | 13:21:09 | assaults are extremely rare. And there's no way for |
| 128/20 | 13:21:12 | us with reasonable confidence say which pairings are |
| 128/21 | 13:21:16 | going to -- will be deemed to be maybe have a higher |
| 128/22 | 13:21:20 | risk right. So that's why again we've done other -- |
| 128/23 | 13:21:24 | we continue to invest in improving our ability to |
| 128/24 | 13:21:26 | improve safety via S-RAD. So. |
| 128/25 | 13:21:31 | Q.　　So counsel we're going to have to take a |
| 129/1 | 13:21:38 | break and? |
| 129/2 | 13:21:38 | 　　　　MR. PREMO-HOPKINS: I mean do you want me |
| 129/3 | 13:21:40 | to read the question back to you. |
| 129/4 | 13:21:41 | 　　　　MS. PETERS: No I don't. |
| 129/5 | 13:21:42 | 　　　　MR. PREMO-HOPKINS: The question was I |
| 129/6 | 13:21:43 | just want this to be on the record. He's explained |
| 129/7 | 13:21:46 | to you. |
| 129/8 | 13:21:46 | 　　　　MS. PETERS: It is on the record. |
| 129/9 | 13:21:47 | 　　　　MR. PREMO-HOPKINS: He's explained to you |
| 129/10 | 13:21:50 | multiple times that given the rarity of these events |
| 129/11 | 13:21:54 | and the technology they have there is no way to |
| 129/12 | 13:21:56 | determine whether any particular driver or pairing |
| 129/13 | 13:21:59 | or trip is likely to result in sexual assault. |
| 129/14 | 13:22:01 | Every time you ask the question, you ask the |
| 129/15 | 13:22:03 | question of whether or not Uber has a responsibility |
| 129/16 | 13:22:06 | to do something that he's told you is impossible. |

| | | |
|---|---|---|
| 129/17 | 13:22:08 | It's a completely unfair and improper question and |
| 129/18 | 13:22:11 | he's answered it.  So I'm happy to go to the judge |
| 129/19 | 13:22:13 | and read the judge that question and read the answer |
| 129/20 | 13:22:16 | that he gave if you think that's what we need to do. |
| 129/21 | 13:22:18 | MS. PETERS:  Yeah I do think we need to |
| 129/22 | 13:22:21 | because like I said to Mr. Wong, my question is |
| 129/23 | 13:22:24 | about whether Uber should do everything that it can |
| 129/24 | 13:22:28 | do.  He's explaining what he thinks are the limits |
| 129/25 | 13:22:30 | of what it can do.  And we'll get to that.  But I'm |
| 130/1 | 13:22:33 | asking for a basic principle.  Should it do what is |
| 130/2 | 13:22:36 | within its power.  That's the question. |
| 130/3 | 13:22:38 | MR. PREMO-HOPKINS:  That's a legal |
| 130/4 | 13:22:40 | question also. |
| 130/4 | 13:22:40 | MS. PETERS:  No.  I mean. |
| 130/5 | 13:22:41 | MR. PREMO-HOPKINS:  There's so many |
| 130/6 | 13:22:44 | problems with the question.  I'm happy -- if you |
| 130/7 | 13:22:46 | want to ask a clean question, have him answer it |
| 130/8 | 13:22:48 | again so that you can have it on the record and |
| 130/9 | 13:22:50 | decide what you want to do in terms of going to the |
| 130/10 | 13:22:52 | judge, we can do that, but he's certainly fairly and |
| 130/11 | 13:22:56 | accurately answering the question that you've asked |
| 130/12 | 13:22:58 | so far. |
| 130/13 | 13:22:58 | Q.      I'll try one more time.  And first |

| | | |
|---|---|---|
| 130/14 | 13:23:06 | Mr. Wong I understand you're saying there are limits |
| 130/15 | 13:23:08 | to what Uber maybe can do.  My question is to the |
| 130/16 | 13:23:14 | extent that it's within Uber's ability, do you agree |
| 130/17 | 13:23:18 | that Uber should -- strike that.  Let me get my |
| 130/19 | 13:23:24 | wording. |
| 130/20 | 13:23:24 | Q.     Do you agree that to the extent that it's |
| 130/21 | 13:23:28 | within Uber's ability, Uber should do whatever it |
| 130/22 | 13:23:33 | can not to make driver trip pairings that are likely |
| 130/23 | 13:23:37 | to result in sexual assault? |
| 130/24 | 13:23:39 | MR. PREMO-HOPKINS:  Object to form.  The |
| 130/25 | 13:23:40 | last part of your question there is completely |
| 131/1 | 13:23:43 | improper and unfair.  And I'm saying it because |
| 131/2 | 13:23:46 | you've threatened to call the judge.  There are many |
| 131/3 | 13:23:48 | ways you could ask this question that would be |
| 131/4 | 13:23:50 | proper.  When you put that in there and you know |
| 131/5 | 13:23:52 | what he's told you and testified to, you're making a |
| 131/6 | 13:23:55 | misrepresentation of the record to him, and you're |
| 131/7 | 13:23:59 | improperly characterizing the facts.  So you can ask |
| 131/8 | 13:24:02 | a question like that that would work, but when you |
| 131/9 | 13:24:04 | say likely to result in sexual assault, he's told |
| 131/10 | 13:24:07 | you that's impossible for them to know.  And so when |
| 131/11 | 13:24:09 | you put that into your question it makes it |
| 131/12 | 13:24:11 | impossible for him to answer other than the way he's |

| | | |
|---|---|---|
| 131/13 | 13:24:13 | answering it.  So the structure of your question is |
| 131/14 | 13:24:15 | calling for for that answer.  So there are ways for |
| 131/15 | 13:24:18 | you to do a question like that.  And you can ask |
| 131/16 | 13:24:20 | that question, but if you continue to ask whether or |
| 131/16 | 13:24:23 | not Uber should do anything with regard to pairings |
| 131/18 | 13:24:27 | that are likely to result in sexual assault you're |
| 131/19 | 13:24:30 | going to keep getting the same answer because that's |
| 131/20 | 13:24:32 | unknowable. |
| 131/21 | 13:24:35 | MS. PETERS:  I disagree.  I think the |
| 131/22 | 13:24:36 | whole rest of this deposition has been about the |
| 131/23 | 13:24:38 | know ability of which are and are not high risk. |
| 131/24 | 13:24:44 | But that is question about what Uber should do with |
| 131/25 | 13:24:48 | that information.  But yeah let's reach out to the |
| 132/1 | 13:24:50 | judge.  Let's go off the record please. |
| 132/1 | 13:24:52 | THE VIDEOGRAPHER:  Counsel do you agree. |
| 132/2 | 13:24:55 | MR. PREMO-HOPKINS:  Yeah we can go off the |
| 132/3 | 13:24:56 | record. |
| 132/4 | 13:24:56 | THE VIDEOGRAPHER:  Going off the record at |
| 132/5 | 13:24:58 | 1:25 p.m. |

THIS ELECTRONIC MESSAGE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL and may contain information that is privileged under federal and/or state law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, you are not authorized to read, share, forward, distribute, copy, or take any other action with respect to the message or any attachments to the message. Further, you are not authorized to take, or forbear from taking, any legal action in reliance upon the contents of the message. If you have received this communication in error, please notify the sender immediately. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.