# Exhibit G

## RE: Emergency Deposition Dispute (LR 37-1(b))

**Brittany Sims** <Brittany_Sims@cand.uscourts.gov>
06/25/2025 at 02:17 PM

| | |
|---|---|
| **From:** | **Brittany Sims** <Brittany_Sims@cand.uscourts.gov> |
| **Sent:** | 06/25/2025 at 02:17 PM |
| **To:** | **Sara Peters** <speters@walkuplawoffice.com> |
| **Cc:** | **mark.premohopkins@kirkland.com** |

Counsel, Judge Cisneros has provided the following response which will also be posted as a text order:

The witness must answer Ms. Peters's question, and Mr. Wong has not done do despite repeated questioning. The objection is not grounded in any privilege. Mr. Wong must answer. This ruling does not resolve whether the objection is sustained. The question may be improper, and an objection may be sustained at some point, if a party seeks to introduce the witness's response into the litigation, but for now, Mr. Wong must answer.

Thank You,

**Brittany Nicole Sims**

*Courtroom Deputy to the Honorable Magistrate Judge Lisa J. Cisneros*

United States District Court

District Court Logo    Northern District of California

450 Golden Gate Ave

San Francisco, CA 94102

Phone: 415-522-2043

Brittany_Sims@cand.uscourts.gov

**From:** LJC CRD <LJCCRD@cand.uscourts.gov>
**Sent:** Wednesday, June 25, 2025 1:38 PM
**To:** Brittany Sims <Brittany_Sims@cand.uscourts.gov>
**Subject:** FW: Emergency Deposition Dispute (LR 37-1(b))

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Wednesday, June 25, 2025 8:37:28 PM (UTC+00:00) Monrovia, Reykjavik

**To:** LJC CRD <LJCCRD@cand.uscourts.gov>
**Cc:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Subject:** Emergency Deposition Dispute (LR 37-1(b))

 **CAUTION - EXTERNAL:**

Dear Ms. Sims:

Pursuant to Civil L.R. 37-1(b) and Judge Cisneros' standing order, Plaintiffs' counsel respectfully requests emergency judicial intervention during the deposition of Uber 30b6 deponent Sunny Wong, which is currently in progress. Plaintiffs' counsel feel that the witness is not being responsive, and Uber's counsel disagrees. The parties have engaged in good faith attempts to resolve the dispute but were not able.

The relevant excerpt is pasted below.

Please let us know if the Judge is available for us to call and, if so, at what time we should call. If she prefers to call us, Plaintiffs' counsel can be reached at cell phone (415) 319-3272 (Sara Peters) and Uber's counsel can be reached at cell phone (312) 497-6606 (Mark Premo-Hopkins).

Thank you

Excerpt:

| | | | |
|---|---|---|---|
| 125/17 | 13:17:27 | Q. | And so would you agree that Uber has a |
| 125/17 | 13:17:32 | | responsibility to do everything that it can not to |
| 125/18 | 13:17:35 | | the dispatch drivers who are going to sexually |
| 125/19 | 13:17:38 | | assault riders? |
| 125/20 | 13:17:39 | | MR. PREMO-HOPKINS:  Object to form. |
| 125/21 | 13:17:40 | | THE WITNESS:  Again, as part of the Uber |
| 125/22 | 13:17:43 | | platform, our goal was to provide again safe |
| 125/23 | 13:17:45 | | reliable transportation options for our users |
| 125/24 | 13:17:48 | | through our matching platform. |

| | | |
|---|---|---|
| 125/25 | 13:17:49 | Q.    Going to object as nonresponsive and |
| 126/1 | 13:17:52 | direct you back to my question.  My question is, |
| 126/2 | 13:17:58 | would you agree that Uber has a responsibility to do |
| 126/3 | 13:18:01 | everything that it can not to dispatch drivers who |
| 126/4 | 13:18:05 | are going to sexually assault riders? |
| 126/5 | 13:18:06 | MR. PREMO-HOPKINS:  Object to form. |
| 126/6 | 13:18:08 | THE WITNESS:  I mentioned earlier that |
| 126/7 | 13:18:12 | reports of sexual reports on platform are extremely |
| 126/8 | 13:18:16 | rare one in over a million and we continuously try |
| 126/9 | 13:18:18 | to improve safety on the Uber platform.  And again |
| 126/10 | 13:18:23 | what the overall goal of also still providing again |
| 126/11 | 13:18:26 | liable matching services with our platform.  So |
| 126/12 | 13:18:30 | we're not leaving anyone out in the middle of the |
| 126/13 | 13:18:31 | night to we can provide that trip. |
| 126/14 | 13:18:33 | Q.    Counsel I'd ask that you instruct the |
| 126/15 | 13:18:35 | witness to respond to the question? |
| 126/16 | 13:18:38 | MR. PREMO-HOPKINS:  You can ask.  That's |
| 126/17 | 13:18:42 | fine.  I think it's a completely improper question |
| 126/18 | 13:18:45 | that's why I'm objecting to the form. |
| 126/19 | 13:18:47 | THE WITNESS:  Can you repeat the question. |
| 126/20 | 13:18:48 | MS. PETERS:  No but I'm asking you to |
| 126/21 | 13:18:50 | please. |
| 126/22 | 13:18:50 | MR. PREMO-HOPKINS:  I'm not going to |

126/23    13:18:51    instruct my the witness to answer the question.  I

126/24    13:18:53    think the witness has answered the question fairly

126/25    13:18:56    as asked.

127/1    13:18:57    Q.    Okay I'm going to ask it again because

127/2    13:19:04    he's not been answering it.  Would you agree that

127/3    13:19:06    Uber has a responsibility to do everything that it

127/4    13:19:09    can to not dispatch drivers who are going to

127/5    13:19:13    sexually assault riders?

127/6    13:19:14        MR. PREMO-HOPKINS:  Object to form.

127/7    13:19:15        THE WITNESS:  S-RAD does not have -- S-RAD

127/8    13:19:20    assesses risks at the payer -- rider-driver pairing

127/9    13:19:25    level.  It doesn't score user level risks.  So we

127/10    13:19:30    don't have that visibility in terms of at the user

127/11    13:19:33    level which driver is what you define as risky

127/12    13:19:36    right.

127/13    13:19:36    Q.    Yeah I'm not I'm not saying that the

127/14    13:19:41    drivers are known to be risky drivers?

127/15    13:19:43        MR. PREMO-HOPKINS:  That's exactly what

127/16    13:19:45    you're asking him.

127/17    13:19:45    Q.    I'm asking, you would agree that Uber has

127/18    13:19:52    a responsibility to do everything it can to not --

127/19    13:19:56    and I'll ask it a little bit differently -- to not

127/20    13:20:00    make a driver trip pairing that is going to result

127/21    13:20:02    in a sexual assault of a rider?

127/22    13:20:04    MR. PREMO-HOPKINS:  Object to form.

127/23    13:20:05    MS. PETERS:  Do you agree.

127/24    13:20:06    MR. PREMO-HOPKINS:  Object to form.

127/25    13:20:07    THE WITNESS:  Again there's no way for us

128/1    13:20:09    with reasonable confidence to know or identify

128/2    13:20:12    what's going to happen on a particular trip.  These

128/3    13:20:14    sexual assaults are extremely rare that are reported

128/4    13:20:16    on the Uber platform I mentioned earlier.  Sorry.

128/5    13:20:20    So again there's no way for us to know with

128/6    13:20:22    reasonable confidential.  Again we try our best.  We

128/7    13:20:24    have investing in things like S-RAD.  We're going to

128/8    13:20:28    invest in it to improve safety but again these

128/9    13:20:31    events are extremely rare and we continuously try to

128/10    13:20:34    improve S-RAD and other safety programs at Uber.

128/11    13:20:36    Q.    I think you're answer go about what Uber

128/12    13:20:39    can do.  I'm asking to the extent it's able to,

128/13    13:20:43    would you agree that Uber has a responsibility to do

128/14    13:20:46    everything it can to not make pairings of drivers

128/15    13:20:52    with trips that are likely to result in sexual

128/16    13:20:56    assault?

128/17    13:20:56    MR. PREMO-HOPKINS:  Object to form.

128/18    13:20:56    THE WITNESS:  The report rates of sexual

128/18    13:21:09    assaults are extremely rare.  And there's no way for

128/20    13:21:12    us with reasonable confidence say which pairings are

128/21    13:21:16    going to -- will be deemed to be maybe have a higher

128/22    13:21:20    risk right.  So that's why again we've done other --

128/23    13:21:24    we continue to invest in improving our ability to

128/24    13:21:26    improve safety via S-RAD.  So.

128/25    13:21:31    Q.     So counsel we're going to have to take a

129/1    13:21:38    break and?

129/2    13:21:38        MR. PREMO-HOPKINS:  I mean do you want me

129/3    13:21:40    to read the question back to you.

129/4    13:21:41        MS. PETERS:  No I don't.

129/5    13:21:42        MR. PREMO-HOPKINS:  The question was I

129/6    13:21:43    just want this to be on the record.  He's explained

129/7    13:21:46    to you.

129/8    13:21:46        MS. PETERS:  It is on the record.

129/9    13:21:47        MR. PREMO-HOPKINS:  He's explained to you

129/10    13:21:50    multiple times that given the rarity of these events

129/11    13:21:54    and the technology they have there is no way to

129/12    13:21:56    determine whether any particular driver or pairing

129/13    13:21:59    or trip is likely to result in sexual assault.

129/14    13:22:01    Every time you ask the question, you ask the

129/15    13:22:03    question of whether or not Uber has a responsibility

129/16    13:22:06    to do something that he's told you is impossible.

| | | |
|---|---|---|
| 129/17 | 13:22:08 | It's a completely unfair and improper question and |
| 129/18 | 13:22:11 | he's answered it.  So I'm happy to go to the judge |
| 129/19 | 13:22:13 | and read the judge that question and read the answer |
| 129/20 | 13:22:16 | that he gave if you think that's what we need to do. |
| 129/21 | 13:22:18 | MS. PETERS:  Yeah I do think we need to |
| 129/22 | 13:22:21 | because like I said to Mr. Wong, my question is |
| 129/23 | 13:22:24 | about whether Uber should do everything that it can |
| 129/24 | 13:22:28 | do.  He's explaining what he thinks are the limits |
| 129/25 | 13:22:30 | of what it can do.  And we'll get to that.  But I'm |
| 130/1 | 13:22:33 | asking for a basic principle.  Should it do what is |
| 130/2 | 13:22:36 | within its power.  That's the question. |
| 130/3 | 13:22:38 | MR. PREMO-HOPKINS:  That's a legal |
| 130/4 | 13:22:40 | question also. |
| 130/4 | 13:22:40 | MS. PETERS:  No.  I mean. |
| 130/5 | 13:22:41 | MR. PREMO-HOPKINS:  There's so many |
| 130/6 | 13:22:44 | problems with the question.  I'm happy -- if you |
| 130/7 | 13:22:46 | want to ask a clean question, have him answer it |
| 130/8 | 13:22:48 | again so that you can have it on the record and |
| 130/9 | 13:22:50 | decide what you want to do in terms of going to the |
| 130/10 | 13:22:52 | judge, we can do that, but he's certainly fairly and |
| 130/11 | 13:22:56 | accurately answering the question that you've asked |
| 130/12 | 13:22:58 | so far. |
| 130/13 | 13:22:58 | Q.    I'll try one more time.  And first |

130/14    13:23:06    Mr. Wong I understand you're saying there are limits

130/15    13:23:08    to what Uber maybe can do.  My question is to the

130/16    13:23:14    extent that it's within Uber's ability, do you agree

130/17    13:23:18    that Uber should -- strike that.  Let me get my

130/19    13:23:24    wording.

130/20    13:23:24    Q.      Do you agree that to the extent that it's

130/21    13:23:28    within Uber's ability, Uber should do whatever it

130/22    13:23:33    can not to make driver trip pairings that are likely

130/23    13:23:37    to result in sexual assault?

130/24    13:23:39          MR. PREMO-HOPKINS:  Object to form.  The

130/25    13:23:40    last part of your question there is completely

131/1     13:23:43    improper and unfair.  And I'm saying it because

131/2     13:23:46    you've threatened to call the judge.  There are many

131/3     13:23:48    ways you could ask this question that would be

131/4     13:23:50    proper.  When you put that in there and you know

131/5     13:23:52    what he's told you and testified to, you're making a

131/6     13:23:55    misrepresentation of the record to him, and you're

131/7     13:23:59    improperly characterizing the facts.  So you can ask

131/8     13:24:02    a question like that that would work, but when you

131/9     13:24:04    say likely to result in sexual assault, he's told

131/10    13:24:07    you that's impossible for them to know.  And so when

131/11    13:24:09    you put that into your question it makes it

131/12    13:24:11    impossible for him to answer other than the way he's

| 131/13 | 13:24:13 | answering it.  So the structure of your question is |

| 131/14 | 13:24:15 | calling for for that answer.  So there are ways for |

| 131/15 | 13:24:18 | you to do a question like that.  And you can ask |

| 131/16 | 13:24:20 | that question, but if you continue to ask whether or |

| 131/16 | 13:24:23 | not Uber should do anything with regard to pairings |

| 131/18 | 13:24:27 | that are likely to result in sexual assault you're |

| 131/19 | 13:24:30 | going to keep getting the same answer because that's |

| 131/20 | 13:24:32 | unknowable. |

| 131/21 | 13:24:35 | MS. PETERS:  I disagree.  I think the |

| 131/22 | 13:24:36 | whole rest of this deposition has been about the |

| 131/23 | 13:24:38 | know ability of which are and are not high risk. |

| 131/24 | 13:24:44 | But that is question about what Uber should do with |

| 131/25 | 13:24:48 | that information.  But yeah let's reach out to the |

| 132/1 | 13:24:50 | judge.  Let's go off the record please. |

| 132/1 | 13:24:52 | THE VIDEOGRAPHER:  Counsel do you agree. |

| 132/2 | 13:24:55 | MR. PREMO-HOPKINS:  Yeah we can go off the |

| 132/3 | 13:24:56 | record. |

| 132/4 | 13:24:56 | THE VIDEOGRAPHER:  Going off the record at |

| 132/5 | 13:24:58 | 1:25 p.m. |

THIS ELECTRONIC MESSAGE, INCLUDING ANY ACCOMPANYING DOCUMENTS, IS CONFIDENTIAL and may contain information that is privileged under federal and/or state law. If you are neither the intended recipient nor responsible for delivering the message to the intended recipient, you are not authorized to read, share, forward, distribute, copy, or take any other action with respect to the message or any attachments to the message. Further, you are not authorized to take, or forbear from taking, any legal action in reliance upon the contents of the message. If you have received this communication in error, please notify the sender immediately. Thank you.

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.