IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL CASES | Case No. 23-md-03084-CRB<br><br>**AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW**<br><br>Judge: Honorable Barbara S. Jones |

- 1 -

AFFIDAVIT OF TIFFANY R. ELLIS IN SUPPORT OF PLAINTIFFS' LIST OF DISPUTED ENTRIES FOR SPECIAL MASTER REVIEW

I, Tiffany R. Ellis, hereby declare as follows:

1. I am a partner of Peiffer Wolf Carr Kane Conway & Wise, an attorney licensed in the States of Michigan and Illinois and duly admitted to practice before this Court, representing Plaintiffs in the above caption action.

2. I submit this declaration in support of Plaintiffs' List of Remaining Challenges to Uber's September 3, 2025 and September 8, 2025 clawbacks and JCCP_MDL_PRIVLOG067370 (UBER_JCCP_MDL_002302309) that was submitted for Master Review on September 22, 2025.

3. Plaintiffs incorporate the Discovery Letter Brief Regarding Disputed Entries for Master Review filed by All Plaintiffs on March 4, 2025. *See* ECF No. 2434. Plaintiffs incorporate the brief to support the specific reasons each entry on Plaintiffs' List of Remaining Challenges to Uber's September 3, 2025 and September 8, 2025 clawbacks and JCCP_MDL_PRIVLOG067370 (UBER_JCCP_MDL_002302309) was challenged. The Brief included the general background of the privilege dispute process to date, the legal standard for Plaintiffs raising challenges to Defendants' privilege log entries, and a general argument for the challenges Plaintiffs raised.

**Uber's September 3, 2025 and September 8, 2025 clawbacks**

4. Defendants issued a clawback notice of eight (8) documents on September 3, 2023. Defendants sent the corresponding revised privilege log on September 5, 2025.

5. Plaintiffs raised issue to one (1) entry related to Defendants' September 3, 2025 clawback notice and corresponding privilege log. Plaintiffs provided defendants with a challenge to entry JCCP_MDL_PRIVLOG110285 (UBER_JCCP_MDL_004992422) on September 10, 2025.

6. On September 8, 2025, Defendants issued a clawback notice for four (4) documents that were trial exhibits for Jane Doe LSA 78. Defendants sent the corresponding revised privilege log on September 10, 2025.

7. Plaintiffs raised issue to all four (4) entries related to Defendants' September 8, 2025 clawback notice and corresponding privilege log. Plaintiffs provided defendants with a

challenges to the entries on September 11, 2025 noting all four (4) entries were marked as exhibits to earlier depositions or used by a JCCP expert in a report.

8. Plaintiffs' challenges to these entries focused primarily on Defendants' untimely clawback attempt per the Protective Order and PTO 14. Defendants have waived any right to assert privilege or work product protection as to its contents. See Dkt. 176 (Protective Order) at ¶ 11.1 (disclosure of privileged information is not a waiver of privilege "provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production"); Dkt. 396 (PTO 14) at ¶ 4 ("The Producing Party must notify the Receiving Party within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection."); id. at ¶ 10 ("With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final transcript [of a deposition], the asserted privilege or protection will be deemed as waived absent good cause.")

9. The Parties met and conferred on September 16, 2025.

10. On September 17, 2025, counsel for Defendants asked Plaintiffs to delay providing the final list of challenges to the Master until September 22, 2025, due to the ongoing JCCP trial. Counsel stated they wished to have more time to confer with their client.

11. On September 22, 2025, Defendants withdrew their clawback to JCCP_MDL_PRIVLOG110289 and stated JCCP_MDL_PRIVLOG110291 would be produced with redactions.

12. On September 25, 2025, Plaintiffs, in the spirit of compromise, withdrew the challenge to Defendants' clawback of JCCP_MDL_PRIVLOG110291.

**JCCP_MDL_PRIVLOG067370 (UBER_JCCP_MDL_002302309)**

13. Further, on September 11, 2025, Plaintiffs raised issue with Defendants prior clawback of JCCP_MDL_PRIVLOG067370 (UBER_JCCP_MDL_002302309).

14. This entry was a part of the seventeen (17) documents in Category 1 that were

never de-designated are not subject to Judge Cisneros' orders per Judge Jones' September 3, 2025 order.

15. When Plaintiffs transmitted their August 26, 2025 submission to Judge Jones on this question, they expressly reserved their rights to object to these clawbacks on substantive grounds in the event Uber prevailed in its position that any of the challenged documents are not subject to Judge Cisneros' orders.

16. Plaintiffs provided grounds for the challenge to Defendants on September 11, 2025, and provided to the Master on September 22, 2025.

17. During the Parties' meet and confer on September 16, 2025, Defendants only raised that they believe Plaintiffs' challenge to this entry was time barred. Defendants now which to use time elements within PTO 14 as a sword while ignoring such time restraints for their own clawbacks.

18. JCCP_MDL_PRIVLOG067370 (UBER_JCCP_MDL_002302309) was initially produced and logged on Defendants' Tranche 4 privilege log on January 10, 2025.

19. Plaintiffs did not originally submit a challenge to the entry as Defendants provided a redacted version of the document and Plaintiffs had no issue with the redactions to the document.

20. On April 15, 2025, four months after Defendants reviewed the document and made precise redactions of the document and more than a month after the deadline of the court ordered re-review process concluded, Defendants clawed back the document in its entirety. Plaintiffs timely raised issue with the timing of Defendants clawback.

21. Plaintiffs believe the document is over-designated and the redacted version of the document should be reproduced.

Executed this 25th day of September 2025 in Detroit, Michigan.

/s/ *Tiffany R. Ellis*
Tiffany R. Ellis