LAURA VARTAIN HORN (SBN: 258485)
 laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (Pro Hac Vice admitted)
 alli.brown@kirkland.com
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Following Pages]*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S BRIEF IN SUPPORT OF SEPTEMBER 5 AND 8, 2025 CLAWBACKS PURSUANT TO SPECIAL MASTER ORDER NO. 4, § III** |

Pursuant to Special Master Order No. 4, § III (Dkt. 2933), Defendants submit this brief in support of Uber's privilege assertions for three documents Uber clawed back on September 5 and 8, 2025, pursuant to Pretrial Order No. 14, which Plaintiffs have now challenged. Defendants respectfully request that the Special Master uphold the privilege claims as to each of the challenged documents.

Defendants incorporate by reference the legal standard and arguments set forth in Defendants' prior briefing (Dkts. 2433, 2461, 2528, 2544, and 2580). As further support for their privilege claims, Defendants provide the arguments and factual support listed below, along with the September 25, 2025, declaration of Uber's Senior Legal Director, Global Labor and Employment, Dalene Bramer (Ex. A) and September 25, 2025, declaration of Uber's Director, Head of Marketing Legal & Commercial Transactions, Jessica Smith (Ex. B). The applicable legal standard and arguments outlined below and in prior briefs, the declarations from in-house counsel, and the factual material previously provided to the Special Master,[1] when reviewed in conjunction with the challenged documents and the associated metadata fields, establish that the documents at issue are privileged.

## I. Uber Has Appropriately Exercised Its Right to Claw Back Privileged Documents.

The three documents at issue here should remain protected as privileged, and subject to other applicable protections, notwithstanding the documents' prior production. Uber has appropriately exercised its clawback rights under Stipulated Pretrial Order No. 14: Federal Rule of Evidence 502(d) and Privilege Materials ("PTO 14") (Dkt. 396). PTO 14 provides that "the production of any privileged or otherwise protected or exempted information in this case ***shall not be deemed a waiver or impairment of any claim of privilege or protection in this case*** or in any other federal or state proceeding, including, but not limited to, the attorney-client privilege, the protection afforded to work product materials, statutory privileges and protections, or the subject matter thereof, as to the produced document and any related material." PTO 14, Sec. B.2 (emphasis added). Uber timely notified

---

[1] As requested by the Special Master, Uber has provided: (1) a glossary of terms commonly used in disputed documents, (2) a list of names and titles of relevant Uber inside and outside counsel, and (3) a digest of third-parties present in its privilege log. Defense counsel will also be available for any questions the Special Master may have during the review process.

Plaintiffs of its intention to clawback these documents. Uber has also timely provided a privilege log and replacement images for all documents subject to its clawback request.

## II. The Special Master Should Uphold Uber's Claims of Privilege and Work Product Protection.

The factual record and additional context provided herein provides additional support for Defendants' PTO 14 clawbacks. The Special Master should reject Plaintiffs' challenges and uphold the privilege and work product claims for each of the three documents at issue.

### A. JCCP_MDL_PRIVLOG110285

JCCP_MDL_PRIVLOG110285 is a presentation deck outlining an initiative regarding the company's independent contractor model for independent drivers who use the Uber platform. The presentation deck is stamped "Attorney Client Privileged" and "Created at Request of Counsel" on the title slide at the beginning of the deck, and on several slides throughout the presentation. As Ms. Bramer explains in her declaration, she was the designated leader of the initiative discussed in the document. The project included a cross-functional team of product, operations, and legal individuals that were led by her. The purpose of the presentation was to inform the business about the product changes that she recommended to bolster driver independence for purposes of strengthening the company's position in litigation and to avoid future litigation. The purpose of the presentation was also to advise the company about the critical legal implications that an employment model for drivers could have on Uber.

Plaintiffs challenge this document on the ground that "it is not privileged in its entirety," because Plaintiffs claim the primary purpose of this document is business operations/corporate policy. Plaintiffs provide no basis, however, for challenging Uber's claim for work product protection. Ms. Bramer's declaration demonstrates that this document is properly withheld as protected work product. Indeed, Ms. Bramer explained that she and other attorneys directed the creation of the slides, and provided direct input, in anticipation of litigation and to mitigate legal risks related to misclassification lawsuits. The document as a whole includes Ms. Bramer's and other attorneys' mental impressions and opinions about the independent contractor model and their recommendations and advice as legal

counsel to the company. *See* Ex. A at para. 3. The document is and should remain protected as work product.

Moreover, Plaintiffs are wrong to suggest that the document does not reflect legal advice. Ms. Bramer's declaration confirms that the document reflects the legal team's view of legal risks and strategies for minimizing those risks. The document itself contains explicit references to legal challenges that were anticipated. The fact that there is factual or policy content within the document does not diminish its privileged nature, because that content was integral to the provision of legal advice contained within the document.

### B. JCCP_MDL_PRIVLOG110292

As Jessica Smith, who is an attorney and the Director, Head of Marketing Legal & Commercial Transactions at Uber, explains in her declaration, JCCP_MDL_PRIVLOG110292 is a slide presentation reflecting a confidential, legal training course, titled "Uber Marketing Legal Training." The author identified in the metadata is Alex Riback, Manager, Legal - Compliance. Although not an attorney, Mr. Riback is part of the Compliance Legal team and works closely with in-house counsel.

As Ms. Smith explains, this document was created at the direction of, and contains advice, opinions, and analysis performed by, attorneys in Uber's Marketing Legal team and Legal Ethics and Compliance team. Specifically, as the metadata of the presentation confirms, Uber in-house attorneys Scott Schools, then-Chief Ethics and Compliance Officer, and Deanna Slocum, then- Senior Director, Ethics and Compliance Program, are collaborators on the document and provided legal advice reflected in the legal training, such as the federal and state laws applicable to Uber's marketing practices. One of the key responsibilities of Uber attorneys in the Compliance team is training various departments on the laws and regulations that apply to the department, as well as advising them concerning the legal liabilities and risks associated with non-compliance. This training was designed to provide legal guidance to Uber's marketing department.

Tellingly, Plaintiffs do not, and cannot, contest the fact that the document was created at the direction of counsel in anticipation of litigation and reflects legal advice. Instead, Plaintiffs claim that Defendants waived privilege by not objecting or clawing this document back during a June 11, 2025,

deposition of Uber company witness, Elizabeth Ross. While the document was marked as an exhibit for the record, there were no questions asked about the challenged document. Rather, the questioner indicated that she intended to use a different document and instructed the witness to "just set that one [JCCP_MDL_PRIVLOG110292] aside for right now." The questioner never returned to ask questions about the challenged document, so there was no occasion for the parties to appreciate the privileged nature of the document. Once Defendants and counsel identified the privileged nature of the document after it was identified in JCCP Plaintiffs' trial exhibit list, the document was promptly clawed back.

### C.  JCCP_MDL_PRIVLOG110290

JCCP_MDL_PRIVLOG110290 is a document called "Safety Ops Legal Guidance Doc," authored by in-house counsel Scott Binnings. Five of the six document collaborators are attorneys. It contains explicit legal advice from Mr. Binnings and other legal contacts identified in the document regarding the company's standards for using recording devices. Not surprisingly, Plaintiffs do not challenge the merits of Uber's privilege and work product assertions. Rather, they challenge this clawback based solely on their view that Defendants waived privilege and work product protection by not clawing the document back within 21 days of the document having been identified on lists of materials considered by two expert witnesses.

This argument is without merit. This document appears to have first been identified as one of approximately 300 documents considered by the JCCP Plaintiffs' expert, John Feldis, in a May 26, 2025, report. Defendants' expert, Dr. Daniel Cumming, reviewed the same set of materials and likewise identified it on his list of materials considered. None of these reports included a substantive discussion of JCCP_MDL_PRIVLOG110290; it was merely identified by Bates number in broad lists of materials considered. The appearance of this document, by Bates number, on an expert's materials considered list is not evidence that Defendants had discovered that a privileged and protected document had been produced. Of course, the experts are not tasked with identifying or evaluating claims of legal privilege. When Defendants and counsel became aware this privileged and protected material had been produced, Defendants promptly clawed it back. Plaintiffs' procedural argument to the contrary should be rejected.

### III. The Court Should Reject Plaintiffs' Untimely Challenge to JCCP_MDL_PRIVLOG067370.

The Court should reject Plaintiffs' challenge because it is untimely, as Plaintiffs have challenged the merits of Uber's privilege assertion for the first time approximately five months after Defendants clawed the document back. Defendants clawed this document back by letter dated April 15, 2025. A replacement image was produced on April 18, 2025. Under Pretrial Order No. 14, Plaintiffs were required to assert any challenge to the clawback within seven business days. They did not do so. Plaintiffs took the position that their challenge to this document was submitted to the Special Master as of April 29, 2025. *See* "2025 08 26 PTF List of disputed and submitted documents," Row 129. However, their challenge was based solely on their position that the document was subject to Judge Cisneros's April 24, 2025 waiver order [Dkt. 2855]. Plaintiffs did not assert any challenge to the merits of the privilege assertion until September 11, 2025, *after* the Special Master resolved the pending challenge. Nothing in pretrial orders or the Special Master's orders allow Plaintiffs multiple opportunities to challenge a document. While Plaintiffs claim that their August 26, 2025, submission reserved a right to challenge Defendants' clawbacks on substantive grounds, the time to do so had long passed. The Court should reject Plaintiffs' untimely challenge. However, if the Court allows Plaintiffs to assert a merits challenge, Defendants respectfully request an opportunity to respond and support the merits of their privilege claim.

DATED: September 25, 2025        Respectfully submitted,

**SHOOK HARDY & BACON L.L.P.**

By: */s/ Maria Salcedo*
    Maria Salcedo

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY AND MYERS LLP**
SABRINA STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY, & BACON, LLP**
PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
    ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
    msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
    jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC