ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*K.C. (4) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05720-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>Date: November 7, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

*Jane Doe LS 615 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05887-CRB

*Jane Roe CL 183 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05733-CRB

*Jane Roe CL 184 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05855-CRB

*Jane Roe CL 185 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05890-CRB

*Jane Roe CL 186 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06086-CRB

*R.J. 1472 v. Uber Technologies, Inc.*, et al., No. 3:25-cv-05991-CRB

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 7, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6, on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing with prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with the Court's order.

This Motion is made pursuant to Pretrial Order No. 10 (ECF No. 348) and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: September 26, 2025

SHOOK, HARDY & BACON L.L.P.

By: *[/s/ Michael B. Shortnacy]*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

**TABLE OF CONTENTS**


STATEMENT OF RELIEF SOUGHT ........ 1

MEMORANDUM OF POINTS AND AUTHORITIES ........ 1

BACKGROUND ........ 3

ARGUMENT ........ 4

I. THE CLAIMS OF THE 7 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B). ........ 4

A. The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal. ........ 4

B. The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and Continues to Prejudice Uber. ........ 5

C. The Fourth *Malone* Factor: Plaintiffs' Failure to Provide Fact Sheets Overrides the Public Policy Favoring Disposition on the Merits. ........ 6

D. The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available. ........ 6

II. PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2). ........ 8

CONCLUSION ........ 8

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Adriana Int'l Corp.* v. *Thoeren*,
913 F.2d 1406 (9th Cir. 1990) ....5

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
718 F.3d 236 (3d Cir. 2013)....3

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.)....2, 5, 6, 7, 8

*In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*,
2018 WL 1109553 (S.D.W. Va. Feb. 28, 2018) ....2

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) (per curiam)....3, 7

*In re Fosamax Prods. Liab. Litig.*,
2010 WL 2465497 (S.D.N.Y. June 15, 2010) ....2

*In re Gen. Motors LLC Ignition Switch Litig.*,
2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019)....2, 7

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*,
496 F.3d 863 (8th Cir. 2007) ....2, 6, 7, 8

*Henderson* v. *Duncan*,
779 F.2d 1421 (9th Cir. 1986) ....7

*In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*,
2015 WL 12844447 (D.S.C. June 19, 2015)....2

*Malone* v. *U.S. Postal Serv.*,
833 F.2d 128 (9th Cir. 1987) ....4, 5, 6, 7, 8

*In re Mirena IUD Prods. Liab. Litig.*,
2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) ....3

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
668 F. App'x 173 (7th Cir. 2016) ....3, 5

*Pagtalunan* v. *Galaza*,
291 F.3d 639 (9th Cir. 2002) ....4

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
460 F.3d 1217 (9th Cir. 2006). Pretrial Order No. 10 ....1, 2, 5, 6, 7, 8

*In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 2015 WL 12746199 (D.N.J. Sept. 1, 2015) ....................2

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618 (S.D.N.Y. July 27, 2004)....................3

*In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021)....................3, 7

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351 (5th Cir. 2020) ....................2, 7, 8

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011)....................3

**Statutes**

28 U.S.C. § 1407(a) ....................1

**Rules**

Fed. R. Civ. P. 16(f)(1)(C)....................4

Fed. R. Civ. P. 37....................8

Fed. R. Civ. P. 37(b)(2)....................4, 8

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)....................4

Fed. R. Civ. P. 37(b)(2)(A)(v) ....................4

Fed. R. Civ. P. 41(b) ....................4, 7, 8

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order dismissing Plaintiffs' claims for failure to prosecute and failure to comply with the Court's Order by not serving Plaintiff Fact Sheets ("PFSs"). This Court recently entered orders granting the relief sought herein in connection with groups of similarly situated Plaintiffs. (ECF No. 3666, ECF No. 3861, ECF No. 3921).

**MEMORANDUM OF POINTS AND AUTHORITIES**

This multidistrict litigation (the "MDL") was created to "promote the just and efficient conduct" of the hundreds of cases pending before the Court. 28 U.S.C. § 1407(a). To have any hope of achieving that goal, "the district judge must establish schedules with firm cutoff dates" for compliance. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232 (9th Cir. 2006). Pretrial Order No. 10 ("PTO 10") does precisely that. That order requires each Plaintiff to submit a PFS and sets clear deadlines for when Plaintiffs must satisfy that obligation. PTO 10 at 5–6, ECF No. 348. PTO 10's deadlines for the 7 Plaintiffs at issue in this motion passed long ago. Declaration of Michael B. Shortnacy, dated September 26, 2025, ("Shortnacy Decl."), Ex. A (identifying Plaintiffs at issue and missed deadlines). Plaintiffs still have not complied. *Id.*

Plaintiffs are over one month late in submitting a PFS, despite being apprised of their non-compliance with this Court's order through a Delinquency Notice. Nor have these Plaintiffs responded within the thirty days provided in the Notice or cured their non-compliance by submitting a PFS.

Plaintiffs' violation of the Court's order has impaired and continues to impair Uber's ability to defend itself in this MDL. By not submitting their fact sheets, Plaintiffs unilaterally removed themselves from eligibility for consideration as a future bellwether, directly limiting Uber's available options and undermining the bellwether process. Pretrial Order No. 21 ("PTO 21") at 2, ECF No. 1950 (a Plaintiff must have submitted a PFS to be eligible for inclusion in the bellwether pool). Judge Cisneros recognized this exact danger when imposing the PFS obligation in the prior order regarding another set of plaintiffs, December 19, 2024 Order at 2 (ECF No. 1995), ("Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers.").

The Court has also ordered "[e]ach Plaintiff [to] submit a completed PFS" regardless of whether or not the Plaintiff is selected as a bellwether. PTO 10 at 4. The Plaintiff Fact Sheet contains "information that only [Plaintiffs] possess[] regarding the critical elements of their claims." *In re PPA*, 460 F.3d at 1234. "Given the time pressure on a defendant that must investigate the claims" of numerous plaintiffs in a multidistrict litigation, the "danger of prejudice" stemming from an unproduced PFS is "substantial." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*, 496 F.3d 863, 867 (8th Cir. 2007). In other words, even "if a case is stayed or inactive, a party must be prepared for the court to lift the stay or resume active litigation in whole or in part." December 19, 2024 Order at 2. Plaintiffs who have not submitted a complete and verified PFS do not meet that standard.

Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit the overdue discovery within 14 days of the Court's order, and providing that the Court will dismiss with prejudice the case of any Plaintiff who fails to comply with the extended deadline. This order is warranted given Plaintiffs' disregard of their discovery obligations. It is also consistent with—and arguably more lenient than—the decisions of several other courts that have been presented with similar failures to submit the required fact sheets in an MDL. *See, e.g.*, *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with prejudice of cases for failure to submit required fact sheets); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal with prejudice for failure to submit required fact sheets); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice); *In re Guidant*, 496 F.3d at 865–66 (same); *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (ordering dismissal with prejudice); *In re C.R. Bard, Inc., Pelvic Repair Sys. Prods. Liab. Litig.*, 2018 WL 1109553, at *2 (S.D.W. Va. Feb. 28, 2018) (same); *In re Lipitor (Atorvastatin Calcium) Mktg., Sales Pracs. & Prods. Liab. Litig.*, 2015 WL 12844447, at *3 (D.S.C. June 19, 2015) (same); *In re Plavlix Mktg., Sales Pracs. & Prods. Liab. Litig. (No. II)*, 2015 WL 12746199, at *2 (D.N.J. Sept. 1, 2015) (ordering dismissal with prejudice for failure to submit plaintiff profile form); *In re Fosamax Prods. Liab. Litig.*, 2010 WL 2465497, at *1 (S.D.N.Y. June 15, 2010) (same); Pretrial Order No. 252: Granting Mot. to Dismiss

for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858.[1]

**BACKGROUND**

The Plaintiffs in this MDL allege that, after they or someone on their behalf used the Uber App to arrange for rides, Plaintiffs were connected with an independent driver who injured them by committing sexual assault or other sexual misconduct. Pretrial Order No. 1 at 1, ECF No. 2. To "efficiently advance these coordinated proceedings," and "help the parties and the Court to manage the litigation," the Court issued PTO 10 in March 2024. PTO 10 at 2. PTO 10 requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." *Id.* at 4. PTO 10 required each Plaintiff whose case was a part of the MDL by March 26, 2024 to submit a PFS within 60 days of that date—*i.e.*, by May 25, 2024. PTO 10 at 5. Each Plaintiff who joined the MDL after March 26, 2024 must serve the PFS within 30 days of joining. *Id.* at 6.

As of September 24, 2025, well beyond their submission deadlines, the seven Plaintiffs at issue in this motion still have not submitted a PFS. Exhibit A to the accompanying Shortnacy Decl., sets forth the relevant missed deadlines for each of these Plaintiffs. After failing to submit a PFS by their deadline prescribed in PTO 10, Uber provided each Plaintiff subject to this motion written notice of the Plaintiff's delinquency and an opportunity to cure. Specifically, Uber sent all seven Plaintiffs a

[1] MDL courts have also dismissed cases *with prejudice* for plaintiffs' failure to cure defects in their fact sheets. *E.g.*, *In re Mirena IUD Prods. Liab. Litig.*, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011); *In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618, at *1 (S.D.N.Y. July 27, 2004) (vacating dismissal with prejudice order as to plaintiffs who provided proof of timely and complete discovery and denying reconsideration as to all other plaintiffs). And failure to comply with pretrial orders that impose requirements other than submitting a complete fact sheet frequently results in dismissal with prejudice as well. *E.g.*, *In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (per curiam) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring plaintiffs file declarations with a wet-ink signature); *Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 173–75 (7th Cir. 2016) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring the production of medical and pharmacy records); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 240 (3d Cir. 2013) (affirming dismissal with prejudice of plaintiffs who failed to comply with pretrial order requiring production of specific histories of plaintiffs' exposure to asbestos).

Notice of Delinquency in mid-August 2025, warning them of their failure to submit a PFS and giving them thirty days to respond, but none of them responded or submitted a PFS. Uber now moves to dismiss these Plaintiffs' cases with prejudice.

## ARGUMENT

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

### I. THE CLAIMS OF THE 7 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with the Court's order. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

#### A. The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not submitted their fact sheets well after they were originally due.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to orders like PTO 10 is particularly important in an MDL, where there are hundreds of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu*, 668 F. App'x at 175 ("Strict adherence to case management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). It is uncontested that here, as in cases like *In re PPA* and *In re Bextra*, Plaintiffs have failed to comply with the Court's order. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

### B. The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 Has Prejudiced and Continues to Prejudice Uber.

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412.

Plaintiffs' failure to comply with PTO 10 prejudices Uber in this multidistrict litigation. Plaintiffs have directly prejudiced Uber's bellwether selections by failing to provide Plaintiff Fact Sheets. PTO 21 makes it clear that a case is eligible for bellwether selection only if the parties have completed their fact sheet exchanges by February 21, 2025. PTO 21 at 2. By withholding their fact sheets and ignoring this Court's Order, Plaintiffs unilaterally removed themselves from the bellwether selection pool and directly limited Uber's options. *See* December 19, 2024 Order at 2 ("Excusing failure to provide timely and complete PFSs at this stage of the case invites potentially gamesmanship by plaintiffs who might wish to avoid having their cases selected as bellwethers.").

And separate from the bellwether process, Plaintiffs' continued failure to provide complete and verified discovery prejudices Uber's ability to defend itself in this proceeding. The PFS' primary purpose is "to give [Uber] the specific information necessary to defend the case against it." *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and withholding it prevents Uber from adequately assessing Plaintiffs' cases and mounting an effective defense, *see In re Bextra*, 2007 WL 3022241 at *1 (concluding that without a PFS, defendants could not "defend themselves because they ha[d] no information about the individual plaintiffs or the plaintiffs' injuries outside the allegations of the complaint"). Furthermore, the delay in providing the information also prejudices Uber due to "the loss of evidence and memory that attend the delay, . . . factors that are aggravated by the complexity of this litigation." *In re Bextra*, 2007 WL 3022241 at *1.

In short, given "the time pressure on a defendant that must investigate the claims of nearly 1,400 plaintiffs," failing to provide a PFS creates a "substantial" danger of prejudice. *In re Guidant*, 496 F.3d at 867. That prejudice has been established in this MDL, where more than 2,500 cases are coordinated, through Plaintiffs' undermining of the bellwether process and will persist so long as Plaintiffs' discovery remains outstanding. Dismissing Plaintiffs' cases with prejudice is a justified consequence.

### C. The Fourth *Malone* Factor: Plaintiffs' Failure to Provide Fact Sheets Overrides the Public Policy Favoring Disposition on the Merits.

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's order. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

### D. The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.

The Court must consider the availability of alternative sanctions when deciding whether to dismiss a case with prejudice for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But that does not mean the court must somehow exhaust every possible alternative before ordering dismissal with prejudice. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

MDL proceedings regularly involve plaintiffs who do not provide complete and verified fact sheets. As has happened here, Plaintiffs' counsel often "proffer[] several excuses" for their clients' non-compliance, including "the difficulty in locating clients, the debilitating nature of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d at 234 ("Plaintiffs' attorneys then filed a second motion for extension of time and explained that they were having technical filing issues, and that they had 'clients that [were] out of town, out of the country, or working offshore and unable to respond to counsel in the 48-day window and [could] not provide the sworn declaration.'" (alterations in original) (citation omitted)). MDL courts frequently dismiss plaintiffs' claims with prejudice notwithstanding these arguments. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, 2019 WL 12048517, at *2; Pretrial Order No. 252: Granting Mot. to Dismiss for Failure to Submit PFS at 1, *In re Roundup Prods. Liab. Litig.*, No. 3:16-md-02741-VC (N.D. Cal. Sept. 27, 2021), ECF No. 13858. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66.

In this case, PTO 10 makes it clear that each "Plaintiff must submit a completed PFS, and executed Authorizations, through MDL Centrality pursuant to the terms of this Order." PTO 10 at 4. Plaintiffs missed their deadlines to submit a PFS and even when reminded of their non-compliance with Notices of Delinquency, all 7 Plaintiffs failed to respond or submit a PFS within the thirty days allotted. At some point, there must be consequences for Plaintiffs' continued non-compliance with the Court's order. Uber respectfully submits that the time is now.

In sum, because of Plaintiffs' repeated and continuing disregard for this Court's order, the *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In*

*re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and impede the efficient resolution of the cases in this multidistrict litigation.

## II. PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2).

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 10 and they have not demonstrated that it was impossible for them to comply. Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

## CONCLUSION

The Court clearly notified Plaintiffs of their obligation to provide complete and verified Plaintiff Fact Sheets in PTO 10. Despite this notice, Plaintiffs have failed to provide the Court-ordered discovery and have prejudiced Uber in the process. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: September 26, 2025

SHOOK, HARDY & BACON L.L.P.
By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC