ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Roe CL 178 v. Uber Technologies, Inc., et al., No. 3:25-cv-05537-CRB* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5**<br><br>Date: November 7, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1  *Jane Roe CL 179 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05538-CRB

2  *Jane Roe CL 181 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05633-CRB

3  

4  *Jane Roe CL 182 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05628-CRB

5  

6  *Jane Doe NLG (N.K.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06217-CRB

7  

8  *Jane Doe NLG (B.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05972-CRB

9  

10 *Jane Doe NLG (M.E.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06480-CRB

# NOTICE OF MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on November 7, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6, on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order dismissing with prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with Pretrial Order No. 5.

This Motion is made pursuant to Pretrial Order No. 5 (ECF No. 175) and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: September 26, 2025        SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
      MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

# **TABLE OF CONTENTS**

STATEMENT OF RELIEF SOUGHT ...................................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES .......................................................................1

BACKGROUND ....................................................................................................................................2

ARGUMENT ..........................................................................................................................................3

I.   THE CLAIMS OF THE SEVEN PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B)..................................................................4

   A.   The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal...................4

   B.   The Third *Malone* Factor: Plaintiffs' Violation of PTO 5 Has Prejudiced and Continues to Prejudice Uber. ..........................................................................................5

   C.   The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Ride Receipts or Information Overrides the Public Policy Favoring Disposition on the Merits. .............6

   D.   The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.................6

II.  PLAINTIFFS' WILLFUL VIOLATION OF PTO 5 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2). ........................................................................................8

CONCLUSION........................................................................................................................................8

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adriana Int'l Corp.* v. *Thoeren*,
   913 F.2d 1406 (9th Cir. 1990) .................................................................................................5

*Amatrone v. Champion*,
   No. 15-cv-01356-JST, 2017 WL 4618671 (N.D. Cal. Oct. 16, 2017) ......................................5

*Briseno v. Saratoga Pizza Corp.*,
   No. NO. C 08-00873 JW, 2009 WL 10695148 (N.D. Cal. June 5, 2009) ................................2

*Computer Task Group, Inc. v. Brody*,
   364 F.3d 1112 (9th Cir. 2004) .............................................................................................1, 5

*Degrelle v. Simon Wiesenthal Center*,
   883 F.2d 1023 (9th Cir. 1989) .................................................................................................7

*Doe v. Tapang*,
   No. 18-cv-07721-NC, 2020 WL 13499905 (N.D. Cal. Jan. 28, 2020) .....................................2

*Drumgoole v. American Airlines, Inc.*,
   316 F. App'x 606 (9th Cir. 2009) ............................................................................................2

*Goulatte v. Cnty. of Riverside*,
   587 F. App'x 374 (9th Cir. 2014) .........................................................................................2, 5

*Henderson* v. *Duncan*,
   779 F.2d 1421 (9th Cir. 1986) .................................................................................................6

*Hilton v. Pagani Worldwide LLC*,
   No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020) ....................................7

*In re Asbestos Prods. Liab. Litig. (No. VI)*,
   718 F.3d 236 (3d Cir. 2013) ....................................................................................................2

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
   2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) ................................................ *passim*

*In re Deepwater Horizon*,
   907 F.3d 232 (5th Cir. 2018) ...................................................................................................6

*In re Gen. Motors LLC Ignition Switch Litig.*,
   No. 14-MD-2543, 2019 WL 12048517 ...................................................................................7

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*,
    496 F.3d 863 (8th Cir. 2007) ................................................................................... passim

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
    460 F.3d 1217 (9th Cir. 2006). Pretrial Order No. 10 ............................................... passim

*In re Taxotere (Docetaxel) Prods. Liab. Litig.*,
    966 F.3d 351 (5th Cir. 2020) ............................................................................................7

*Jackson v. United States*,
    116 F.3d 484 (9th Cir. 1997) ...........................................................................................7

*Malone* v. *U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ..................................................................................4, 6, 8

*Mendia v. Garcia*,
    No. 10–cv–03910–MEJ, 2017 WL 6210603 (N.D. Cal. May 31, 2017) ...................................6

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
    668 F. App'x 173 (7th Cir. 2016) ................................................................................2, 4

*Pagtalunan* v. *Galaza*,
    291 F.3d 639 (9th Cir. 2002) ...........................................................................................4

*Payne v. Exxon Corp.*,
    121 F.3d 503 (9th Cir. 1997) ...........................................................................................5

*Rodgers v. Alameda Cnty. Social Servs. Agency*,
    Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966 (N.D. Cal. Jan. 12,
    2001) ................................................................................................................................7

**Statutes**

28 U.S.C. § 1407(a) ...............................................................................................................1

**Rules**

Fed. R. Civ. P. 16(f)(1)(C) ......................................................................................................4

Fed. R. Civ. P. 25 ...................................................................................................................7

Fed. R. Civ. P. 37 ...................................................................................................................8

Fed. R. Civ. P. 37(b)(2) .......................................................................................................4, 8

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) ........................................................................................4

Fed. R. Civ. P. 37(b)(2)(A)(v) ................................................................................................4

Fed. R. Civ. P. 41(b) .................................................................................................................4, 8

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order directing Plaintiffs to produce a bona fide ride receipt or an information sheet regarding the trip giving rise to their claims to Defendants within fourteen days, or have their cases dismissed with prejudice. This Court recently entered an order granting the relief sought herein in connection with a group of similarly situated Plaintiffs. (ECF No. 3682).

**MEMORANDUM OF POINTS AND AUTHORITIES**

This multidistrict litigation (the "MDL") was created to "promote the just and efficient conduct" of the hundreds of cases pending before the Court. 28 U.S.C. § 1407(a). To have any hope of achieving that goal, "the district judge must establish schedules with firm cutoff dates" for compliance. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006). Pretrial Order No. 5 ("PTO 5") did precisely that. That order required each Plaintiff within the MDL on or before February 1 to produce a bona fide ride receipt from an Uber trip connected to the alleged incident by February 15, 2024. PTO 5 at 2, ECF No. 175. If such a receipt was not readily available, PTO 5 required each Plaintiff to provide information to help identify the ride or an explanation as to why it was not readily ascertainable by that same February 2024 date. *Id.* at 2-3. For cases filed in, removed to, or transferred to the MDL after February 1, 2024, Plaintiffs were required to produce a ride receipt or information within 14 days of joining the MDL. PTO 5 at 3, ECF No. 175. The seven Plaintiffs at issue in this motion have not produced ride receipts or information despite the passing of the deadline to do so months ago. Declaration of Michael B. Shortnacy ("Shortnacy Decl."), Ex. A (identifying Plaintiffs at issue and missed deadlines). In all cases, they have been apprised of their non-compliance with PTO 5 through a Delinquency Notice, but have failed to either respond within the thirty days provided in the Notice or cure their non-compliance by producing a ride receipt or information.

Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). "Failure to produce discovery documents is sufficient prejudice… to support dismissal." *Goulatte v. Cnty. of Riverside,* 587 F. App'x 374, 375 (9th Cir. 2014). And the prejudice is even more "substantial" because this is multidistrict litigation, where Uber faces "time pressure" to investigate thousands of

1

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

claims. *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit the overdue ride receipts or information within 14 days of the Court's order, and providing that the Court will dismiss with prejudice the case of any Plaintiff who fails to comply with the extended deadline. This order is warranted given Plaintiffs' disregard of their discovery obligations. It is also consistent with—and arguably more lenient than—the decisions of several other courts that have been presented with similar failures to produce discovery. *See, e.g.*, *Drumgoole v. American Airlines, Inc.*, 316 F. App'x 606, 607 (9th Cir. 2009) (affirming dismissal for failure to prosecute in part because plaintiff failed to respond to discovery); *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with prejudice of MDL cases for failure to submit plaintiff's fact sheets); *Doe v. Tapang,* No. 18-cv-07721-NC, 2020 WL 13499905, at *4 (N.D. Cal. Jan. 28, 2020) (ordering dismissal with prejudice in part due to failure to produce discovery); *Briseno v. Saratoga Pizza Corp.,* No. NO. C 08-00873 JW, 2009 WL 10695148, at *4 (N.D. Cal. June 5, 2009) (same); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.,* No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (ordering dismissal of MDL cases with prejudice for failure to submit plaintiff's fact sheets and produce required discovery); *Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 173–75 (7th Cir. 2016) (affirming dismissal with prejudice of MDL plaintiffs who failed to comply with pretrial order requiring production of medical and pharmacy records); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 718 F.3d 236, 240 (3d Cir. 2013) (affirming dismissal with prejudice of MDL plaintiffs who failed to comply with pretrial order requiring production of specific histories of plaintiffs' exposure to asbestos).

## BACKGROUND

The Plaintiffs in this MDL allege that, after they or someone on their behalf used the Uber App to arrange for rides, Plaintiffs were connected with an independent driver who injured them by committing sexual assault or other sexual misconduct. Pretrial Order No. 1 at 1, ECF No. 2. On December 28, 2023, this Court entered PTO 5 and encouraged the parties to "to coordinate discovery to the maximum extent feasible to promote the efficient and speedy resolution of this MDL." PTO 5

at 2, ECF 175. PTO 5 was expressly "binding on all parties and their counsel in all cases currently pending in or subsequently added" to this MDL. *Id.* As relevant here, PTO 5 stated that:

> All Plaintiffs must produce to Defendants a bona fide ride receipt from an Uber trip connected to the alleged incident by February 15, 2024. For those cases where a receipt is not readily available, Plaintiffs' counsel must disclose to Defendants: (1) why the receipt is unavailable; (2) the name, phone number, and email address of the accountholder who ordered the ride; (3) the date of the ride, with as much precision as is reasonably possible; (4) the starting location and ending location of the ride, with as much precision as is reasonably possible; (5) any other basic information that may assist Defendants in identifying the ride; and (6) if items (2) through (5) cannot be provided with precision or cannot be provided at all, an explanation as to why the information is not readily ascertainable.
>
> The February 15 deadline shall apply only to cases currently pending in this MDL and those cases that are directly filed in this Court, removed to this Court, or transferred to the MDL on or before February 1, 2024. For any case that is filed in, removed to, or transferred to the MDL after February 1, 2024, the plaintiff must produce the above information to Defendants within 14 days of the case being filed in, removed to, or transferred to this Court.

PTO 5 at 2-3.

As of September 26, 2025, well beyond their production deadlines, the seven Plaintiffs at issue in this motion still have not produced ride receipts or required ride information. Exhibit A to the Declaration of Michael B. Shortnacy, sets forth the missed deadlines for each of these Plaintiffs. Four of these Plaintiffs had production deadlines in July of 2025. The other three were required to produce ride receipts or ride information in August of 2025. All have failed to comply or even seek an extension. In addition, all Plaintiffs have been given notice of their failure to timely produce ride receipts or information and an opportunity to cure. All Plaintiffs were sent a Notice of Delinquency, warning them of their failure to timely produce ride receipts or information and giving them thirty days to respond. None of these Plaintiffs responded or produced ride receipts or information. Uber now moves to dismiss these Plaintiffs' cases with prejudice if they continue to fail to comply following yet another warning from this Court.

## **ARGUMENT**

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with

the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

## I. THE CLAIMS OF THE SEVEN PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with PTO 5. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

### A. The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not produced ride receipts or information for months after they were originally due.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to orders like PTO 5 is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu*, 668 F. App'x at 175 ("Strict adherence to case

4

management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). It is uncontested that here, as in cases like *In re PPA* and *In re Bextra*, Plaintiffs have failed to comply with the Court's order mandating production of ride receipts or information by February 15, 2024, or within 14 days of joining the MDL. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

### B. The Third *Malone* Factor: Plaintiffs' Violation of PTO 5 Has Prejudiced and Continues to Prejudice Uber.

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412; *see also Goulatte,* 587 F. App'x at 375;

Plaintiffs' failure to comply with PTO 5 prejudices Uber in this multidistrict litigation. The ride receipts Plaintiffs were ordered to produce are necessary to provide the most basic information about where and when the incidents that support Plaintiffs' claim occurred. To defend itself, Uber needs to know at a minimum the basis on which Plaintiffs are seeking relief. *Amatrone v. Champion,* No. 15-cv-01356-JST, 2017 WL 4618671, at *4 (N.D. Cal. Oct. 16, 2017). Without this information, it is impossible for Uber to prepare for trial. *See Computer Task Group,* 364 F.3d at 1116. Uber needs time to meaningfully follow up on this information and incorporate it into its litigation strategy, *Payne v. Exxon Corp.,* 121 F.3d 503, 508 (9th Cir. 1997), for instance by confirming that the ride actually occurred in its systems and contacting the relevant driver. This is especially true in this multidistrict litigation where Uber faces "time pressure" to investigate approximately 2,410 claims; the prejudice from Plaintiffs' failure to comply with PTO 5 is particularly substantial. *In re Guidant*, 496 F.3d at 867. And with every additional day of Plaintiffs' noncompliance, Uber has faced a growing risk "loss of evidence and memory. . . factors that are aggravated by the complexity of this litigation." *In re Bextra*, 2007 WL 3022241 at *1. In addition, Uber has been prejudiced by the increased costs and burdens of litigation from having to repeatedly remind Plaintiffs of their court-ordered obligation to

produce this basic information, monitoring productions for thousands of plaintiffs, preparing Notices of Delinquency, and engaging in motion practice. *See Mendia v. Garcia,* No. 10–cv–03910–MEJ, 2017 WL 6210603, at *12 (N.D. Cal. May 31, 2017).

In short, Plaintiffs' failure to produce the required ride receipts or information has substantially prejudiced Uber by depriving it of basic information necessary to investigate any defense and forcing it to reallocate resources to enforce a court order Plaintiffs should have complied with months ago. Dismissing Plaintiffs' cases with prejudice is a justified consequence.

### C. The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Ride Receipts or Information Overrides the Public Policy Favoring Disposition on the Merits.

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's order to produce ride receipts or information. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

### D. The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.

The Court must consider the availability of alternative sanctions when deciding whether to dismiss a case with prejudice for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But that does not mean the court must somehow exhaust every possible alternative before ordering dismissal with prejudice. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses for their failure to comply with this Court's orders. *See, e.g.*, ECF No. 3605 at 1; ECF 3610 at 4. But courts have rejected such excuses, including "the difficulty in locating clients, the debilitating nature of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (plaintiffs counsel argued "they were having technical filing issues, and that they had 'clients that [were] out of town, out of the country, or working offshore and unable to respond to counsel.'" (alterations in

original) (citation omitted)). In particular, Plaintiffs have previously argued that their compliance should be excused where individual Plaintiffs are deceased or incarcerated, but this is not the case. *See* Fed. R. Civ. P. 25 (absent timely substitution, "the action by or against the decedent must be dismissed"); *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001) (incarceration "does not excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil procedure"). MDL courts frequently dismiss plaintiffs' claims with prejudice notwithstanding their excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant*, 496 F.3d at 865–66.

Moreover, dismissal is warranted because all Plaintiffs at issue in this motion have been warned of their noncompliance with this Court's order to produce ride receipts or information. *See Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997). All received a Delinquency Notice informing them of the missed deadline and giving them an additional thirty days to produce ride receipts or information or otherwise respond, but none of them did so. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not requesting immediate dismissal of Plaintiffs cases despite their non-compliance with this Court's order and previous warnings, but rather **another warning** followed by dismissal fourteen days later if Plaintiffs still fail to comply. This is, in fact, a less drastic sanction than is warranted by existing law.

In sum, because of Plaintiffs' repeated and continuing disregard for this Court's order, the *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and impede the efficient resolution of the cases in this multidistrict litigation.

## II. PLAINTIFFS' WILLFUL VIOLATION OF PTO 5 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2).

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 5 and they have not demonstrated that it was impossible for them to comply. Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

## CONCLUSION

The Court clearly notified Plaintiffs of their obligation to produce ride receipts or ride information in PTO 5. Despite this notice, Plaintiffs have failed to provide the Court-ordered discovery and have prejudiced Uber in the process. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: September 26, 2025

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC