1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
   laura.vartain@kirkland.com
4
   Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Jessica Davidson (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
9  601 Lexington Avenue
   New York, NY 10022
10 Telephone: (212) 446-4800
   jessica.davidson@kirkland.com
11
   *Attorneys for Defendants*
12 UBER TECHNOLOGIES, INC., RASIER, LLC,
   And RASIER-CA, LLC
13 [*Additional Counsel Listed on Signature Page*]

14

15

16                **UNITED STATES DISTRICT COURT**

17              **NORTHERN DISTRICT OF CALIFORNIA**

18                  **SAN FRANCISCO DIVISION**

19
   IN RE: UBER TECHNOLOGIES, INC.,          Case No. 3:23-md-03084-CRB
20 PASSENGER SEXUAL ASSAULT
   LITIGATION                               **DEFENDANTS UBER TECHNOLOGIES,**
21 _____      **INC., RASIER, LLC, RASIER-CA, LLC'S**
                                            **UNOPPOSED STATEMENT IN**
22 This Document Relates to:                **SUPPORT OF PLAINTIFFS'**
                                            **ADMINISTRATIVE MOTION TO**
23 *All Cases*                              **CONSIDER WHETHER ANOTHER**
                                            **PARTY'S MATERIALS SHOULD BE**
24                                          **SEALED [ECF NO. 3993]**

25                                          Judge:      Hon. Lisa J. Cisneros
                                            Courtroom:  Courtroom G – 15th Floor
26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### DEFENDANTS' UNOPPOSED MOTION TO SEAL

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated September 23, 2025, ECF 3993 ("Plaintiffs' Motion").  Plaintiffs do not oppose this request for sealing.  *See* Cummings Decl. ¶ 24.

The Court recently granted Defendants' request to seal the same type of documents at issue here—documents related to Uber's internal incident report data systems—and Defendants respectfully request that the Court do so again here.  *See* ECF 3996 (granting ECF 3913, 3976).

### I.    BACKGROUND AND REQUESTED SEALING

Plaintiffs' Motion concerns materials filed pursuant to the Court's September 22, 2025 order, ECF 3969, directing the parties to "jointly to file excerpts of the depositions of Katherine McDonald and Hannah Nilles … that any party believes are relevant to the latest 3914 Joint Letter regarding Flack data" and evidence showing "when Plaintiffs were first on notice that Flack combined tickets from Bliss and Jira into discrete incidents."

Defendants have narrowly tailored their request to seal, requesting full or partial sealing for a subset of the documents in Plaintiffs' Motion:

| Document | Description | Defendants' Request |
|---|---|---|
| **Exhibit 1** | Excerpt of document produced by Uber (complete document attached as Exhibit Q), designated as Confidential, Bates stamped UBER_JCCP_MDL_000031233, used as an exhibit to the April 24, 2025 JCCP deposition of Katherine McDonald, containing confidential information about Uber's Flack system and non-public employee email addresses | Maintain under seal |

| Document | Description | Defendants' Request |
|---|---|---|
| **Exhibit 2** | Excerpt of production letter from counsel for Defendants to counsel for Plaintiffs dated August 19, 2024, containing link to secure file transfer and user name. | Seal in part (p. 1, link to secure file transfer and user name) |
| **Exhibit 3** | Draft Joint Discovery Letter Brief Relating to Safety Data | No request to seal |
| **Exhibit 4** | Excerpt of transcript of April 25, 2025 Rule 30(b)(6) deposition of Defendants by Todd Gaddis | No request to seal |
| **Exhibit D** | Email correspondence between the Parties dated July 31 – August 5, 2025 | No request to seal |
| **Exhibit E** | Email correspondence between the Parties dated August 7 – September 15, 2025 | Seal in part (portions of pp. 3-5, ¶¶ 1, 7-15, pp. 14-15) |
| **Exhibit F** | Letter dated January 16, 2024 from counsel for Defendants to counsel for Plaintiffs pursuant to the Court's January 9, 2024 Order, containing detailed information regarding legal holds, document retention, and ESI locations, designated as Confidential, and previously sealed by the Court (ECF 221) | Maintain under seal |
| **Exhibit G** | Letter dated February 22, 2024 from counsel for Defendants to counsel for Plaintiffs responding to Plaintiffs' January 29, 2024 letter, containing detailed information regarding legal holds, document retention, and ESI locations, designated as Confidential | Maintain under seal |
| **Exhibit H** | Email correspondence between the parties dated April 19 – May 10, 2024 | No request to seal |
| **Exhibit I** | January 18, 2024 declaration of Katherine McDonald, filed under seal in JCCP, containing confidential information on Uber's incident report data, systems, operations, and auditing | Seal in part (¶¶ 5-8) |
| **Exhibit K** | Correspondence from counsel for Defendants to counsel for Plaintiffs dated June 21, 2024, containing confidential information about non-custodial data sources | Seal in part (portions of p. 2 listing data sources) |
| **Exhibit N** | Certification of Katherine McDonald dated January 10, 2025, containing exhaustive list of Jira fields | Seal in part (pp. 2-3) |

| Document | Description | Defendants' Request |
|---|---|---|
| **Exhibit O** | Certification of Katherine McDonald dated February 25, 2025, containing exhaustive list of Bliss Actions and Bliss Messages fields | Seal in part (pp. 2-5) |
| **Exhibit P** | Certification of Katherine McDonald dated March 6, 2025 | No request to seal |
| **Exhibit Q** | Document produced by Uber, designated as Confidential, Bates stamped UBER_JCCP_MDL_000031197-255, used as an exhibit to the April 24, 2025 JCCP deposition of Katherine McDonald, detailing confidential information on Uber's safety data operations, technology, usage, and practices and containing non-public employee email addresses. | Maintain under seal |
| **Exhibit R** | Email correspondence between the parties dated April 28 – May 1, 2025 | No request to seal |
| **Exhibit S** | Draft Joint Discovery Letter Brief Relating to Safety Data | No request to seal |
| **Exhibit T** | Excerpts of transcript of April 25, 2025 Rule 30(b)(6) deposition of Defendants by Todd Gaddis, containing confidential information about Uber's Flack system | Seal in part (90:3-93:25, 210:7-213:2) |
| **Exhibit X** | Excerpt of transcript of April 24, 2025 deposition of Katy R. McDonald, designated as Highly Confidential – Attorneys' Eyes Only, containing confidential information about Uber's Flack system | Seal in part (42:2-44:7, 45:14-46:8, 94:19-25) |
| **Exhibit Y** | Excerpt of transcript of April 25, 2025 Rule 30(b)(6) deposition of Defendants by Katy R. McDonald, designated as Highly Confidential – Attorneys' Eyes Only, containing confidential information about Uber's Flack system | Seal in part (108:1-111:4, 111:13-114:8, 114:21-117:25) |
| **Exhibit Z** | Excerpt of transcript of April 25, 2025 Rule 30(b)(6) deposition of Defendants by Hannah Nilles, designated as Highly Confidential – Attorneys' Eyes Only, containing confidential information about Uber's Flack system | Seal in part (62:10-69:14, 302:21-305:25) |

The documents at issue are exhibits to the declarations of Plaintiffs' counsel Beth Wilkins and Defendants' counsel Christopher Cox, filed pursuant to the Court's September 22, 2025 order, ECF 3969, related to the parties discovery dispute regarding Flack incident report data. The exhibits and portions of exhibits Defendants ask to seal consist of confidential, proprietary information about

1  Uber's systems for reporting and analyzing incident report data, Uber's document and data storage

2  and management systems, URL links to confidential documents, and employee names and non-public

3  email addresses. *See* Cummings Decl. ¶¶ 2-22. Defendants therefore submit this request that the Court

4  seal the exhibits under Local Rule 79-5(f)(3) and (c)(1).

5  **II.    LEGAL STANDARD**

6  Documents which do not relate directly to the merits of a case are properly sealed when a

7  moving party makes "a particularized showing under the good cause standard of Rule 26(c)."

8  *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations

9  and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02

10  (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing

11  an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression,

12  or undue burden or expense." Fed. R. Civ. P. 26(c).

13  The documents here are related to documents filed pursuant to the Court's order, related to

14  briefing on discovery requests; they are not related to a dispositive motion. Therefore, the good cause

15  standard applies. Discovery motion materials "are actually one step further removed in public concern

16  from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District

17  Courts have discretion to balance the interests of private parties and public disclosure when deciding

18  to seal documents. *Kamakana*, 447 F.3d at 1180.

19  The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of

20  modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no

21  tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims

22  of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809

23  F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and

24  *Anderson v. Cryovac, Inc*., 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure

25  is particularly true for exhibits related to a nondispositive discovery matter, because they are even

26  further removed from the merits of the litigation. *See generally Phillips ex rel. Ests. of Byrd v. Gen.

27  Motors Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's

28  protective order useless simply because the plaintiffs attached a sealed discovery document to a

nondispositive [] motion filed with the court.").

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Likewise, confidential business information such as business data or research can be sealed under the good cause or compelling reasons standard. *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021); *Foran v. Ulthera, Inc.*, 2020 WL 3047789, at *2 (E.D. Cal. June 8, 2020); *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sep. 25, 2013).

Sealing of information is also justified where disclosure poses a potentially "increased risk of cyber security threats." *Calhoun v. Google LLC*, 2022 WL 1122843, at *1-*2 (N.D. Cal. Apr. 14, 2022); *Brown v. Google LLC*, 2022 WL 816078, at *1 (N.D. Cal. Mar. 17, 2022) (same).

"Courts in this circuit routinely seal … personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021).

## III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents at issue are exhibits to the declarations of Plaintiffs' counsel Beth Wilkins and Defendants' counsel Christopher Cox, filed pursuant to the Court's September 22, 2025 order, ECF 3969, related to the parties discovery dispute regarding Flack incident report data. The exhibits and portions of exhibits Defendants ask to seal consist of confidential, proprietary information about

Uber's systems for reporting and analyzing incident report data, Uber's document and data storage and management systems, URL links to confidential documents, and employee names and non-public email addresses. *See* Cummings Decl. ¶¶ 2-22. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing the documents—Defendants seek only partial sealing for ten documents, complete sealing of just five documents, and no sealing of seven of the documents in Plaintiffs' Motion. *See* Cummings Decl. ¶ 23.

### A. Failing to Seal the Documents Would Harm Uber

### Exhibits 1, E, N, O, Q, T, X, Y, Z: Uber's Internal Incident Report Data Systems

Exhibits 1, E, N, O, Q, T, X, and Z should be sealed because they contain confidential information about Uber's internal data systems. The Court recently granted Defendants' unopposed request to seal these types of documents at issue here, and should do so again here. *See* ECF 3996 (granting 3913, 3976).

**Exhibit E** is a 44-page email chain between counsel for Plaintiffs and counsel for Defendants, dated between July 31 and September 15, 2025. Defendants seek to seal limited portions of five pages of this communication (on pp. 3-5, ¶¶ 1, 7-15, pp. 14-15). The email on pages 2-5 (dated September 15, 2025) contains a discovery proposal from Plaintiffs related to incident report data. This proposal discloses non-public, confidential information about Uber's Jira, Bliss, and Flack proprietary systems, specifically listing numerous fields used in these internal systems. Similarly, another email from Plaintiffs' counsel on pages 13-14 (dated August 21, 2025) lists nineteen different fields used in the Flack system.

**Exhibit N** is a discovery certification, signed by Uber Director of Data Science Katherine McDonald, dated January 10, 2025, which contains a table listing all "fields within the Company's database containing a table with the SAFE Jira ticket data" on pages 2-3 of Exhibit N containing these fields for Uber's internal, proprietary Jira system. Defendants seek only to seal pages 2-3. Similarly, **Exhibit O** is a discovery certification, signed by Uber Director of Data Science Katherine McDonald, dated February 25, 2025, which contains a table listing all "fields within the Company's database, associated with two tables related to Bliss communications data: one containing Company support

1    agents' actions taken on customer reports ('Bliss Actions') and a second containing the context and

2    communications within the customer report, between customer and the Company. ('Bliss Messages'),"

3    on pages 2-5.  Defendants seek only to seal pages 2-5 of Exhibit O containing these fields for Uber's

4    internal, proprietary Bliss system.  Both Exhibits N and O are designated Highly Confidential –

5    Attorneys' Eyes Only pursuant to the Protective Order.

6         **Exhibit Q** is a document produced by Uber in this litigation, Bates stamped as

7    UBER_JCCP_MDL_000031197-255, used as an exhibit to the deposition of Katy McDonald, and

8    designated as Confidential pursuant to the Protective Order.  This document is an internal Uber

9    presentation titled "Safety Data Overview."  This presentation details Uber's data generation,

10   management, analysis, and storage systems and operations inside Uber.  It also details incident report

11   classification and auditing, different teams' roles with respect to safety data, safety data best practices,

12   and how safety data is utilized internally by Uber. **Exhibit 1** is an excerpt from the same document,

13   Bates stamped as UBER_JCCP_MDL_000031233.  Exhibit 1 contains details about the functionality

14   of Uber's Flack system and how it interfaces with tickets from the Bliss and Jira systems.  The

15   metadata coversheets to Exhibits Q and 1 also contain non-public email addresses of Uber employees

16   in the Google author and collaborator fields.

17        **Exhibit T** consists of excerpts from the transcript of the July 11, 2025 Rule 30(b)(6) deposition

18   of Defendants by Todd Gaddis.  Defendants seek to seal a portion of this exhibit (pages and lines 90:3-

19   93:25, 210:7-213:2).  These portions contain discussion of non-public, confidential information about

20   Uber's incident report data systems and its data quality and auditing practices, systems, and operations.

21        **Exhibit X** consists of excerpts from the transcript of the April 24, 2025 deposition of Katy R.

22   McDonald.  **Exhibit Y** consists of excerpts from the transcript of the April 25, 2025 Rule 30(b)(6)

23   deposition of Defendants by Ms. McDonald.  Both transcripts were designated as Highly Confidential

24   – Attorneys' Eyes Only pursuant to the Protective Order.  The testimony in Exhibits X and Y contain

25   extensive discussion about the functionality of Uber's Jira, Bliss, and Flack systems.  Defendants seek

26   only to seal pages and lines 42:2-44:7, 45:14-46:8, and 94:19-25 of Exhibit X and 108:1-111:4,

27   111:13-114:8, 114:21-117:25 of Exhibit Y.

28        **Exhibit Z** consists of excerpts from the transcript of the July 23, 2025 deposition of Hannah

Nilles.  Defendants seek to seal a portion of this exhibit (pages and lines 62:10-69:14, 302:21-305:25).  This testimony discusses non-public, confidential information about Uber's internal goals and metrics on safety incidents, its safety data infrastructure, and its internal systems and databases for generating, reviewing, and managing incident reports.

Disclosure of these exhibits risks competitive harm to Uber.  Uber has spent significant time and resources developing its internal systems and procedures for intaking incident report data, and storing, querying, and analyzing that data.  Uber has maintained this information as confidential and not publicly disclosed it.  Competitors and other entities could utilize this information in developing their own internal systems through copying and taking advantage of Uber's work and investments.

Additionally, the disclosure of detailed information about Uber's incident report data systems poses a potential cybersecurity risk by publicly disclosing a roadmap to Uber's informational infrastructure for data containing highly sensitive personal information and PII of riders and drivers on the Uber platform.

By contrast, there is little to no public interest in disclosure of these exhibits for a non-dispositive discovery brief; they are not necessary for the public to understand the merits of this litigation, or even to understand the discovery dispute itself.  *See* Cummings Decl. ¶¶ 4-15.

Courts routinely seal confidential information regarding a business's internal systems and operations under the lower good cause standard here, as has this Court numerous times in this litigation. *See* ECF 3996 (granting ECF 3976 at 5-7); ECF 3826 (granting ECF 3790 at 6-7); ECF 3915 (granting ECF 3910 at 7-10); ECF 3709 (granting ECF 3511 at 7-11); *Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2; *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at *2-*3; *Foran*, 2020 WL 3047789, at *2; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3.  The Court should do so again here.

**Exhibits F, G, I, K: Uber's Data and Document Storage and Management Systems**

Exhibits F, G, I, and K should be sealed because they contain confidential information about Uber's data and document storage and management systems.

This Court has previously sealed Exhibit F and should do so again.  *See* ECF 221 (granting

9

ECF 217). **Exhibit F** is a letter from counsel for Defendants to counsel for Plaintiffs dated January 16, 2024, related to Uber's legal holds and document preservation. **Exhibit G** is also a letter from counsel for Defendants to counsel for Plaintiffs (dated February 22, 2024), related to Uber's legal holds and document preservation. Both letters include detailed information about Uber's custodial and non-custodial ESI sources, such as the specific software systems Uber employs (both at present and historically) for various operational purposes, information related to the manner and methods with which Uber employees communicate with one another and conduct the company's business, and internal corporate policies regarding information retention protocols. Exhibit G also contains the names of 143 individual Uber employees. Both letters are designated as confidential. ***This Court has previously sealed Exhibit F***, and has sealed the names of Uber employees listed in documents related to legal holds and document preservation. *See* ECF 221 (granting ECF 217).

**Exhibit I** is a sealed Declaration of Katherine McDonald in Support of Defendants' Opposition to Motion to Compel, dated January 18, 2024 and filed in the *In Re: Uber Rideshare Cases* Judicial Council Coordination Proceeding, Case No. CJC-21-005188, pending in the Superior Court of the County of San Francisco ("JCCP"). Defendants seek to seal paragraphs 5-8 of this declaration. These paragraphs detail Uber's historical and current practices on management, review, and categorization of incident report data, including the functionality of the systems used to generate, store, and query this data, and Uber's operations for auditing the data and improving data quality.

**Exhibit K** is a lengthy email chain between counsel for Plaintiffs and counsel for Defendants, dated between June 14 and 21, 2024. Defendants seek to seal a portion of the email (dated June 21, 2024) on page 2. This email provides detailed information regarding non-custodial ESI sources, such as the specific software systems Uber employs (both at present and historically) for various operational purposes, and the location internal policies and data are stored.

Disclosure of these exhibits risks competitive harm to Uber. Uber has spent significant time and resources developing its internal systems and procedures for document retention, data storage, and data auditing. These exhibits provide significant non-public and confidential information about Uber's internal operations, procedures, business strategy, priorities, and similar information. Uber has maintained this information as confidential and not publicly disclosed it. Competitors and other

1  entities could utilize this information through copying and taking advantage of Uber's work and

2  investments.

3        Additionally, the disclosure of detailed information about Uber's data storage and management

4  systems poses a potential cybersecurity risk by publicly disclosing a roadmap to Uber's informational

5  infrastructure.

6        By contrast, there is little to no public interest in disclosure of these exhibits for a non-

7  dispositive discovery brief; they are not necessary for the public to understand the merits of this

8  litigation, or even to understand the discovery dispute itself.  *See* Cummings Decl. ¶¶ 16-20.

9        Courts routinely seal confidential information regarding a business's internal systems and

10  operations under the lower good cause standard here, as has this Court. *See* ECF 3996 (granting ECF

11  3976 at 5-7); ECF 3826 (granting ECF 3790 at 6-7); ECF 3915 (granting ECF 3910 at 7-10); ECF

12  3709 (granting ECF 3511 at 7-11); *Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024

13  WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2;

14  *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at *2-*3;

15  *Foran*, 2020 WL 3047789, at *2; *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3.  The Court

16  should do so again here.

17                    **Exhibits 2, E: URL Links**

18        **Exhibit 2** is a production letter from counsel for Defendants to counsel for Plaintiffs dated

19  August 19, 2024.  Defendants seek only to redact one part of one sentence in this letter (in the

20  penultimate sentence of the first paragraph of page 1).  This sentence includes a URL link to a website

21  and a username to download the production.  Similarly, **Exhibit E** contains two URL links to

22  document production sites on page 7 (emails dated September 12, 2025).  Disclosure of these links

23  and username on the public docket poses a cybersecurity risk from malicious actors that may attempt

24  to access documents intended only for the parties to this litigation, including highly confidential

25  documents and documents containing PII.  *See* Cummings Decl. ¶ 21; *Calhoun*, 2022 WL 1122843,

26  at *1-*2; *Brown*, 2022 WL 816078, at *1.

27                **Exhibit 1, Q: Employee Email Addresses**

28        As noted above, the metadata coversheets to the documents comprising Exhibits Q and 1

1    contain non-public email addresses of Uber employees in the Google author and collaborator fields.

2    This Court has routinely sealed non-public email addresses of Uber employees and should do so here

3    in the event the Court does not seal Exhibit 1 in full.  *See* Cummings Decl. ¶ 22; *see also, e.g.*, ECF

4    2545 at 7; ECF 2475; *Jones*, 2023 WL 7434197, at *2; *In re Pac. Fertility Ctr. Litig.*, 2021 WL

5    1082843, at *2.

6    **B.  Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

7    There are no less restrictive alternatives to sealing the documents—Defendants seek only

8    partial sealing for ten documents, complete sealing of just five documents, and no sealing of seven of

9    the documents in Plaintiffs' Motion. *See* Cummings Decl. ¶ 23.

10   **IV.    CONCLUSION**

11   For the foregoing reasons, Uber respectfully requests that the Court order that the documents

12   listed above be maintained under seal.  Plaintiffs do not oppose this request.

13

14   DATED: September 30, 2025                Respectfully submitted,

15                                            By: */s/ Daniel Cummings*
                                                 DANIEL CUMMINGS

16
                                             MICHAEL B. SHORTNACY (SBN: 277035)
17                                              mshortnacy@shb.com
                                             **SHOOK, HARDY & BACON L.L.P.**
18                                           2121 Avenue of the Stars, Ste. 1400
                                             Los Angeles, CA 90067
19                                           Telephone: (424) 285-8330
                                             Facsimile: (424) 204-9093
20
                                             PATRICK OOT (Admitted *Pro Hac Vice*)
21                                              oot@shb.com
                                             **SHOOK, HARDY & BACON L.L.P.**
22                                           1800 K St. NW Ste. 1000
                                             Washington, DC 20006
23                                           Telephone: (202) 783-8400
                                             Facsimile: (202) 783-4211
24
                                             DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
25                                              decummings@shb.com
                                             **SHOOK, HARDY & BACON L.L.P.**
26                                           2555 Grand Blvd.
                                             Kansas City, MO 64108
27                                           Telephone: (816) 474-6550
                                             Facsimile: (816) 421-5547
28

1

2

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3993]
Case No. 3:23-MD-3084-CRB