Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 3993]** |
| This Document Relates to:  *All Cases* | |
| | Judge:        Hon. Lisa J. Cisneros  Courtroom:  Courtroom G – 15th Floor |

I, Daniel Cummings, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Unopposed Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed ("Plaintiffs' Motion" and "Statement in Support of Sealing").

2. I have reviewed the declarations of Plaintiffs' counsel Beth Wilkins and Defendants' counsel Christopher Cox, and Exhibits 1, 2, 3, 4, D, E, F, G, H, I, K, N, O, P, Q, R, S, T, X, Y, and Z to the declarations, filed pursuant to the Court's September 22, 2025 order, ECF 3969 (ECF 3994)

3. The documents at issue in Plaintiffs' Motion and Defendants' Statement in Support of Sealing are exhibits to the declarations of Beth Wilkins and Christopher Cox. The exhibits and portions of exhibits Defendants ask to seal consist of confidential, proprietary information about Uber's systems for reporting and analyzing incident report data, Uber's document and data storage and management systems, URL links to confidential documents, and employee names and non-public email addresses.

4. Exhibits 1, E, N, O, Q, T, X, Y, and Z should be sealed because they contain confidential information about Uber's internal data systems.

5. Exhibit E is a 44-page email chain between counsel for Plaintiffs and counsel for Defendants, dated between July 31 and September 15, 2025. Defendants seek to seal limited portions of five pages of this communication (on pp. 3-5, ¶¶ 1, 7-15, pp. 14-15). The email on pages 2-5 (dated September 15, 2025) contains a discovery proposal from Plaintiffs related to incident report data. This proposal discloses non-public, confidential information about Uber's Jira, Bliss, and Flack proprietary systems, specifically listing numerous fields used in these internal systems. Similarly, another email

1  from Plaintiffs' counsel on pages 13-14 (dated August 21, 2025) lists nineteen different fields used in
2  the Flack system.

3    6. Exhibit N is a discovery certification, signed by Uber Director of Data Science
4  Katherine McDonald, dated January 10, 2025, which contains a table listing all "fields within the
5  Company's database containing a table with the SAFE Jira ticket data" on pages 2-3 of Exhibit N.
6  Defendants seek only to seal pages 2-3 containing these fields for Uber's internal, proprietary Jira
7  system.

8    7. Similarly, Exhibit O is a discovery certification, signed by Uber Director of Data
9  Science Katherine McDonald, dated February 25, 2025, which contains a table listing all "fields within
10 the Company's database, associated with two tables related to Bliss communications data: one
11 containing Company support agents' actions taken on customer reports ('Bliss Actions') and a second
12 containing the context and communications within the customer report, between customer and the
13 Company. ('Bliss Messages')," on pages 2-5 containing these fields for Uber's internal, proprietary
14 Bliss system.

15   8. Defendants seek only to seal pages 2-5 of Exhibit O.  Both Exhibits N and O are
16 designated Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order.

17   9. Exhibit Q is a document produced by Uber in this litigation, Bates stamped as
18 UBER_JCCP_MDL_000031197-255, used as an exhibit to the deposition of Katy McDonald, and
19 designated as Confidential pursuant to the Protective Order.  This document is an internal Uber
20 presentation titled "Safety Data Overview."  This presentation details Uber's data generation,
21 management, analysis, and storage systems and operations inside Uber.  It also details incident report
22 classification and auditing, different teams' roles with respect to safety data, safety data best practices,
23 and how safety data is utilized internally by Uber.

24   10. Exhibit 1 is an excerpt from the document comprising Exhibit Q, Bates stamped as
25 UBER_JCCP_MDL_000031233.  Exhibit 1 contains details about the functionality of Uber's Flack
26 system and how it interfaces with tickets from the Bliss and Jira systems.

27

28

11. The metadata coversheets to Exhibits Q and 1 also contain non-public email addresses of Uber employees in the Google author and collaborator fields.

12. Exhibit T consists of excerpts from the transcript of the July 11, 2025 Rule 30(b)(6) deposition of Defendants by Todd Gaddis. Defendants seek to seal a portion of this exhibit (pages and lines 90:3-93:25, 210:7-213:2). These portions contain discussion of non-public, confidential information about Uber's incident report data systems and its data quality and auditing practices, systems, and operations.

13. Exhibit X consists of excerpts from the transcript of the April 24, 2025 deposition of Katy R. McDonald. Exhibit Y consists of excerpts from the transcript of the April 25, 2025 Rule 30(b)(6) deposition of Defendants by Ms. McDonald. Both transcripts were designated as Highly Confidential – Attorneys' Eyes Only pursuant to the Protective Order. The testimony in Exhibits X and Y contain extensive discussion about the functionality of Uber's Jira, Bliss, and Flack systems. Defendants seek only to seal pages and lines 42:2-44:7, 45:14-46:8, and 94:19-25 of Exhibit X and 108:1-111:4, 111:13-114:8, 114:21-117:25 of Exhibit Y.

14. Exhibit Z consists of excerpts from the transcript of the July 23, 2025 deposition of Hannah Nilles. Defendants seek to seal a portion of this exhibit (pages and lines 62:10-69:14, 302:21-305:25). This testimony discusses non-public, confidential information about Uber's internal goals and metrics on safety incidents, its safety data infrastructure, and its internal systems and databases for generating, reviewing, and managing incident reports.

15. Disclosure of Exhibits 1, E, N, O, Q, T, X, Y, and Z risks competitive harm to Uber. On information and belief, Uber has spent significant time and resources developing its internal systems and procedures for intaking incident report data, and storing, querying, and analyzing that data. On information and belief, Uber has maintained this information as confidential and not publicly disclosed it. Competitors and other entities could utilize this information in developing their own internal systems through copying and taking advantage of Uber's work and investments. Additionally, the disclosure of detailed information about Uber's incident report data systems poses a potential cybersecurity risk by publicly disclosing a roadmap to Uber's informational infrastructure for data

containing highly sensitive personal information and PII of riders and drivers on the Uber platform. By contrast, there is little to no public interest in disclosure of these exhibits for a non-dispositive discovery brief; they are not necessary for the public to understand the merits of this litigation, or even to understand the discovery dispute itself.

16. Exhibits F, G, I, and K should be sealed because they contain confidential information about Uber's data and document storage and management systems.

17. Exhibit F is a letter from counsel for Defendants to counsel for Plaintiffs dated January 16, 2024, related to Uber's legal holds and document preservation. Exhibit G is also a letter from counsel for Defendants to counsel for Plaintiffs (dated February 22, 2024), related to Uber's legal holds and document preservation. Both letters include detailed information about Uber's custodial and non-custodial ESI sources, such as the specific software systems Uber employs (both at present and historically) for various operational purposes, information related to the manner and methods with which Uber employees communicate with one another and conduct the company's business, and internal corporate policies regarding information retention protocols. Exhibit G also contains the names of 143 individual Uber employees. Both letters are designated as confidential.

18. Exhibit I is a sealed Declaration of Katherine McDonald in Support of Defendants' Opposition to Motion to Compel, dated January 18, 2024 and filed in the In Re: Uber Rideshare Cases Judicial Council Coordination Proceeding, Case No. CJC-21-005188, pending in the Superior Court of the County of San Francisco ("JCCP"). Defendants seek to seal paragraphs 5-8 of this declaration. These paragraphs detail Uber's historical and current practices on management, review, and categorization of incident report data, including the functionality of the systems used to generate, store, and query this data, and Uber's operations for auditing the data and improving data quality.

19. Exhibit K is a lengthy email chain between counsel for Plaintiffs and counsel for Defendants, dated between June 14 and 21, 2024. Defendants seek to seal a portion of the email (dated June 21, 2024) on page 2. This email provides detailed information regarding non-custodial ESI sources, such as the specific software systems Uber employs (both at present and historically) for various operational purposes, and the location internal policies and data are stored.

20. Disclosure of Exhibits F, G, I, and K risks competitive harm to Uber. On information and belief, Uber has spent significant time and resources developing its internal systems and procedures for document retention, data storage, and data auditing. These exhibits provide significant non-public and confidential information about Uber's internal operations, procedures, business strategy, priorities, and similar information. On information and belief, Uber has maintained this information as confidential and not publicly disclosed it. Competitors and other entities could utilize this information through copying and taking advantage of Uber's work and investments. Additionally, the disclosure of detailed information about Uber's data storage and management systems poses a potential cybersecurity risk by publicly disclosing a roadmap to Uber's informational infrastructure. By contrast, there is little to no public interest in disclosure of these exhibits for a non-dispositive discovery brief; they are not necessary for the public to understand the merits of this litigation, or even to understand the discovery dispute itself.

21. Exhibit 2 is a production letter from counsel for Defendants to counsel for Plaintiffs dated August 19, 2024. Defendants seek only to redact one part of one sentence in this letter (in the penultimate sentence of the first paragraph of page 1). This sentence includes a URL link to a website and a username to download the production. Similarly, Exhibit E contains two URL links to document production sites on page 7 (emails dated September 12, 2025). Disclosure of these links and username on the public docket poses a cybersecurity risk from malicious actors that may attempt to access documents intended only for the parties to this litigation, including highly confidential documents and documents containing PII.

22. The metadata coversheets to the documents comprising Exhibits Q and 1 contain non-public email addresses of Uber employees in the Google author and collaborator fields.

23. There are no less restrictive alternatives to sealing the documents—Defendants seek only partial sealing for ten documents, complete sealing of just five documents, and no sealing of seven of the documents in Plaintiffs' Motion.

24. On September 30, 2025, counsel for Plaintiffs stated via email to counsel for counsel for Defendants that Plaintiffs do not oppose Defendants' Motion to Seal.

1  I declare under penalty of perjury under the laws of the United States of America that the
2  foregoing is true and correct.

4  Executed on September 30, 2025.           By:      */s/ Daniel Cummings*
                                                      Daniel Cummings