Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4008]** |
| This Document Relates to: | |
| *All Cases* | |
| | Judge:     Hon. Lisa J. Cisneros |
| | Courtroom:  Courtroom G – 15th Floor |

**DEFENDANTS' UNOPPOSED MOTION TO SEAL**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated September 24, 2025, ECF 4008 ("Plaintiffs' Motion"). Plaintiffs do not oppose this request for sealing. *See* Cummings Decl. ¶ 13.

The Court has previously sealed documents containing confidential information about Uber's proprietary Safety Risk Assessed Dispatch system, referred to internally as "S-RAD." *See* ECF 3868 (granting ECF 3910 at 9-10). In fact, Judge Breyer has allowed the data inputs for S-RAD to be sealed in bellwether complaints, even under the more stringent "compelling reasons" standard (ECF 2858)—a much more demanding standard than the lower "good cause" standard applicable here. Defendants respectfully ask the Court to do likewise here and grant their narrowly tailored request to seal.

**I.      BACKGROUND AND REQUESTED SEALING**

Plaintiffs' Motion concerns the Joint PTO 8 Letter Brief Regarding Outstanding S-RAD Issues ("Letter Brief") and supporting exhibits, filed September 24, 2025, ECF 4009:

| Document | Description | Defendants' Request |
|---|---|---|
| [Partially Redacted] **Letter Brief** (ECF 4008-3) | Letter Brief containing references to confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD system | Seal in part (second paragraph of Plaintiffs' Position) |
| [Partially Redacted] **Exhibit A** to Letter Brief (ECF 4008-4) | Plaintiffs' detailed requests for S-RAD data, documents, and information, containing confidential, proprietary information about the operation and functionality of Uber's S-RAD system | Seal in part (portion of p. 1) |

| Document | Description | Defendants' Request |
|---|---|---|
| [Partially Redacted] **Exhibit B** to Letter Brief (ECF 4008-5) | Declaration of Plaintiffs' ESI discovery and litigation consultant Jonathan Jaffe dated September 22, 2025, containing detailed confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD system from confidential discovery produced by Defendants | Seal in part (¶¶ 17-20, 24-27, 52, fn. 9, 18-20, 22-23) |
| **Exhibit D** to Letter Brief (ECF 4008-7) | Transcript of July 23, 2025 Rule 30(b)(6) deposition of Defendants by Sunny Wong, designated as Highly Confidential, containing confidential, proprietary information about the testing, operation, functionality, and design of Uber's S-RAD system | Maintain under seal |
| **Exhibit E** to Letter Brief (ECF 4008-8) | Excerpts of transcript of May 20, 2025 deposition of Michael Akamine, designated as Highly Confidential, containing confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD system | Maintain under seal |
| **Exhibit F** to Letter Brief (ECF 4008-9) | Transcript of June 25, 2025 Rule 30(b)(6) deposition of Defendants by Sunny Wong, designated as Highly Confidential | Maintain under seal |
| [Partially Redacted] **Exhibit H** to Letter Brief (ECF 4008-11) | Declaration of Sunny Wong dated September 24, 2025, containing detailed confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD system | Seal in part (¶¶ 14, 19, 22, 24, 28) |

The documents Defendants seek to seal contain confidential, proprietary information about Uber's S-RAD system.  *See* Cummings Decl. ¶¶ 2-11. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1).

## II.    LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing

an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a discovery dispute; they are not related to a dispositive motion. Therefore, the good cause standard applies. Discovery motion exhibits "are actually one step further removed in public concern from the trial process than the discovery materials themselves." *Selugh*, 896 F. 3d at 1015. District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

The Ninth Circuit has explained "that discovery is largely 'conducted in private as a matter of modern practice,' so the public is not presumed to have a right of access to it" and that "[t]here is no tradition of public access to discovery, and requiring a trial court to scrutinize carefully public claims of access would be incongruous with the goals of the discovery process." *Ctr. for Auto Safety*, 809 F.3d at 1097 (9th Cir. 2016) (quoting *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 33 (1984) and *Anderson v. Cryovac, Inc*., 805 F.2d 1, 13 (1st Cir.1986)). The diminished public interest in disclosure is particularly true for exhibits related to a nondispositive discovery matter, because they are even further removed from the merits of the litigation. *See generally Phillips ex rel. Ests. of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1213 (9th Cir. 2002) ("[I]t makes little sense to render the district court's protective order useless simply because the plaintiffs attached a sealed discovery document to a nondispositive [] motion filed with the court.").

Sealing is justified based on the risk of competitive harm when public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022). Likewise, confidential business information such as business data or research can be sealed under the good cause or compelling reasons standard. *See, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc*., 2024 WL 4394758, at *3 (N.D. Cal. 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc*., 2023 WL 7440303, at *2 (N.D. Cal. 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc*., 2023 WL

6135556, at *2 (N.D. Cal. 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products"); *Williams v. Apple, Inc*., 2021 WL 2476916, at *6 (N.D. Cal. June 17, 2021); *In re Incretin-Based Therapies Prods. Liab. Litig*., 2021 WL 873290, at 2-3 (S.D. Cal. Mar. 9, 2021); *Foran v. Ulthera, Inc*., 2020 WL 3047789, at *2 (E.D. Cal. June 8, 2020); *In re Google Inc. Gmail Litig*., 2013 WL 5366963, at *3 (N.D. Cal. Sep. 25, 2013).

"Courts in this circuit routinely seal … personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed." *Jones v. PGA Tour, Inc*., 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023); *see also In re Pac. Fertility Ctr. Litig*., 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021).

## III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL

The documents Defendants seek to seal contain confidential, proprietary information about Uber's S-RAD system.  *See* Cummings Decl. ¶¶ 2-11.  Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(f)(3) and (c)(1). There are no less restrictive alternatives to sealing the documents—Defendants seek narrowly tailored partial sealing and full sealing only where appropriate and warranted.  *See* Cummings Decl. ¶ 12.

### A.  Failing to Seal the Documents Would Harm Uber

### Letter Brief and Exhibits A, B, D, E, F, H: Uber's S-RAD System

Portions of the Letter Brief and Exhibits A, B, and H, and Exhibits D, E, and F in their entirety, should be sealed because they contain confidential, proprietary details about Uber's S-RAD system, a technology that uses data and a trip-matching algorithm to reduce safety incidents.  As Sunny Wong declared under oath, this technology is "a highly confidential trade secret," the details of which are "unknown to Uber's competitors, and their disclosure would result in a competitive disadvantage to Uber" in the "highly competitive space" in which Uber operates. Ex. H, ¶¶ 38-39.  Disclosure of these trade secrets would pose a serious risk of economic harm by disclosing the technological and strategic know-how behind Uber's advanced safety technology.  Indeed, this Court has recognized the highly sensitive, proprietary nature of this advanced safety technology and sealed documents containing confidential information about S-RAD under both the good cause and compelling reasons standards. *See* ECF 3868; ECF 2858.

The single paragraph of the **Letter Brief** Defendants seek (without opposition from Plaintiffs) to maintain under seal (ECF 4008-3, at 3, second paragraph of Plaintiffs' Position) discloses specific details on how the S-RAD technology is designed and operates, and data on the scope of its functioning in ride pairing on the Uber app.  *See* Cummings Decl. ¶ 5.

**Exhibit A** is a detailed articulation of Plaintiffs' requests for additional discovery related to S-RAD.  The single paragraph of Exhibit A Defendants seek (without opposition) to maintain under seal (the penultimate paragraph of page 1) discloses information Plaintiffs learned in confidential meet and confers between counsel for the Parties about how the S-RAD technology is designed and operates, and the data generated by its operation.  *See* Cummings Decl. ¶ 6.

**Exhibit B** is the Declaration of Plaintiffs' ESI discovery and litigation consultant Jonathan Jaffe, dated September 22, 2025. The paragraphs of the Jaffe declaration Defendants seek to seal (¶¶ 17-20 24-27, 52, footnotes 9, 18-20, 22-23) contain detailed and extensive information about the design of S-RAD and how its technology works, as well as data on the scope of its functioning in ride pairing on the Uber app.  All this information in the Jaffe declaration was obtained from confidential, internal company documents produced by Defendants in this litigation, to which Mr. Jaffe has access as Plaintiffs' consultant.  *See* Ex. B, ¶ 12.  Like the other exhibits at issue, Exhibit B provides significant technological know-how that could be used by competitors if disclosed.  *See* Cummings Decl. ¶ 7.

**Exhibit D** is the 427-page transcript of the July 23, 2025 Rule 30(b)(6) deposition of Sunny Wong, Uber's Director, Applied Science – Safety.  **Exhibit F** is the 348-page transcript of the June 25, 2025 Rule 30(b)(6) deposition of Sunny Wong.  Both Exhibits D and Exhibit F are designated as Highly Confidential pursuant to the Protective Order.  Plaintiffs cited portions of just four pages of Exhibit D in the Letter Brief (19:2-22:16) and included only a general citation to Exhibit F, not citing any particular pages; Defendants cited portions of two pages of Exhibit D in the Letter Brief (169:4-13; 225:12-16).  *See* ECF 4009 at 5, 7.

Despite the limited citations to Exhibits D and F—transcripts designated as Highly Confidential—the transcripts have been filed in their entirety.  As this Court has recognized, the inclusion of wholly superfluous material protected as highly confidential under the Protective Order

1   is reason alone to seal (or at least to seal all portions not cited in the underlying Letter Brief).[1]  *See*

2   ECF 3976 at 7-8 (sealing granted, ECF 3996); *see also Marks v. Crunch San Diego, LLC*, 2014 WL

3   12508596, at *2 (S.D. Cal. July 25, 2014) (finding good cause to seal "portions of [a deposition]

4   transcript marked confidential are not cited in [the] briefing"); *Rhino Metals, Inc. v. Sturdy Gun Safe,*

5   *Inc.*, 2022 WL 657052, at *18 (D. Idaho Mar. 4, 2022) (sealing all portions of deposition transcript

6   "not cited by either Party"); *Phillips*, 307 F.3d at 1213 ("[I]t makes little sense to render the district

7   court's protective order useless simply because the plaintiffs attached a sealed discovery document to

8   a nondispositive [] motion filed with the court."); *Certified Nutraceuticals, Inc. v. Clorox Co.*, 2020

9   WL 4339489, at *6 (S.D. Cal. July 28, 2020) (concluding that "superfluous documents" that "were

10  neither relevant nor necessary to the Court's determination of this dispute" should not be disclosed).

11  There is no argument, as Plaintiffs concede in not opposing this request, that the public's interest may

12  be served by revealing any of the superfluous and highly confidential proprietary material that is

13  outside of the portions actually used in connection with the motion.

14      The portions of Exhibit D that are actually cited in the Letter Brief should be sealed because

15  (like the portions not cited) they contain confidential, proprietary information regarding the design

16  and operation of Uber's S-RAD system and the data generated by the system.  In sum, Exhibits D and

17  F should be sealed in their entirety.  *See* Cummings Decl. ¶ 8.

18      **Exhibit E** consists of excerpts of the transcript of the May 20, 2025 deposition of Michael

19  Akamine, Uber's Director, Product Management.  This transcript is designated as Highly Confidential

20  under the Protective Order.  The four pages of testimony in Exhibit E consist of confidential,

21  proprietary information about the operation and functionality of Uber's S-RAD system and the data

22  used in and generated by the system.  *See* Cummings Decl. ¶ 9.

23      **Exhibit H** is a declaration of Sunny Wong dated September 24, 2025.  Defendants seek to seal

24  only a portion of the Wong declaration (¶¶ 14, 19, 22, 24, 28).  These paragraphs contain detailed

25  confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD

---

[1] Alternatively, if the Court does not seal Exhibits D and F in their entirety (and it should), it could order Plaintiffs to file a new version of Exhibit D limited to excerpts of pages and lines 19:2-22:16, 169:4-13; 225:12-16.

1   system.  It describes how different inputs in the S-RAD model affect ride pairing, and how the model

2   utilizes data to improve its performance.  It also describes the granularity of the data utilized by the S-

3   RAD model and how the data on the S-RAD model and other data is stored.  *See* Cummings Decl.

4   ¶ 10.

5          This Court has recognized the highly sensitive, proprietary nature of Uber's advanced S-RAD

6   technology and has sealed documents containing confidential information about S-RAD under both

7   the good cause and compelling reasons standards.  *See* ECF 3868; ECF 2858.  Consistent with the

8   Court's prior rulings, Mr. Wong's unrefuted declaration establishes that Uber's "S-RAD technology

9   [is] a highly confidential trade secret," "[t]he details of the S-RAD technology are unknown to Uber's

10  competitors, and their disclosure would result in a competitive disadvantage to Uber [because] Uber

11  operates in a highly competitive space, and the time, money, and effort spent in researching and

12  developing proprietary technologies can be used by other companies to harm Uber's competitive

13  advantage. For instance, competitors may use the information they learn about Uber's SRAD

14  technology and how it works in order to reverse engineer their own similar product.  Addressing safety

15  challenges that face the ridesharing industry is a key part of Uber's business, and disclosure of

16  research, processes, and technology that Uber has developed and engaged in would be injurious to

17  Uber's competitive standing." Ex. H, ¶¶ 38-40.  Uber has maintained the information in the documents

18  it seeks to maintain under seal as confidential and has not publicly disclosed it.

19         There is no public interest in the disclosure of these exhibits, which do not directly relate to

20  the merits of this litigation, especially in the context of a discovery dispute. *See* Cummings Decl. ¶ 2-

21  11.  The Court should maintain portions of the Letter Brief and Exhibits A, B, and H, and Exhibits D,

22  E, and F in their entirety, under seal because they consist of confidential and proprietary trade secrets.

23  *See* ECF 3996 (granting ECF 3976 at 5-7); ECF 3868 (granting ECF 3910 at 9-10); ECF 3826

24  (granting ECF 3790 at 6-7); ECF 3915 (granting ECF 3910 at 7-10); ECF 3709 (granting ECF 3511

25  at 7-11); ECF 2858 (granting 2845); *Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation*, 2024

26  WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform*, 2023 WL 6135556, at *2;

27  *Williams*, 2021 WL 2476916, at *6; *In re Incretin-Based Therapies*, 2021 WL 873290, at 2-3; *Foran*,

28  2020 WL 3047789, at *2; *In re Google*, 2013 WL 5366963, at *3

**B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

There are no less restrictive alternatives to sealing the documents—Defendants seek narrowly tailored partial sealing and full sealing only where appropriate and warranted. *See* Cummings Decl. ¶ 12.

## IV.    CONCLUSION

For the foregoing reasons, Uber respectfully requests that the Court order that the documents listed above be maintained under seal. Plaintiffs do not oppose this request.

DATED: October 1, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO
CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4008]
Case No. 3:23-MD-3084-CRB