Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4008]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  Courtroom G – 15th Floor |

I, Daniel Cummings, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Unopposed Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, dated September 24, 2025, ECF 4008 ("Plaintiffs' Motion" and "Statement in Support of Sealing").

2. I have reviewed the Joint PTO 8 Letter Brief Regarding Outstanding S-RAD Issues ("Letter Brief"), filed September 24, 2025, ECF 4009, and Exhibits A, B, D, E, F, and H

3. The documents Defendants seek to seal contain confidential, proprietary information about Uber's Safety Risk Assessed Dispatch system, referred to internally as "S-RAD."

4. As explained in Defendants' Statement in Support of Sealing, portions of the Letter Brief and Exhibits A, B, and H, and Exhibits D, E, and F in their entirety, should be sealed because they contain confidential, proprietary details about Uber's S-RAD system, a technology that uses data and a trip-matching algorithm to reduce safety incidents. Disclosure of these trade secrets would pose a serious risk of economic harm by disclosing the technological and strategic know-how behind Uber's advanced safety technology.

5. The single paragraph of the Letter Brief Defendants seek (without opposition from Plaintiffs) to maintain under seal (ECF 4008-3, at 3, second paragraph of Plaintiffs' Position) discloses specific details on how the S-RAD technology is designed and operates, and data on the scope of its functioning in ride pairing on the Uber app.

6. Exhibit A is a detailed articulation of Plaintiffs' requests for additional discovery related to S-RAD. The single paragraph of Exhibit A Defendants seek (without opposition) to maintain under seal (the penultimate paragraph of page 1) discloses information that, on information

2

1  and belief, Plaintiffs learned in confidential meet and confers between counsel for the Parties about
2  how the S-RAD technology is designed and operates, and the data generated by its operation.

3      7.    Exhibit B is the Declaration of Plaintiffs' ESI discovery and litigation consultant
4  Jonathan Jaffe, dated September 22, 2025. The paragraphs of the Jaffe declaration Defendants seek to
5  seal (¶¶ 17-20 24-27, 52, footnotes 9, 18-20, 22-23) contain detailed and extensive information about
6  the design of S-RAD and how its technology works, as well as data on the scope of its functioning in
7  ride pairing on the Uber app.  On information and belief, all this information in the Jaffe declaration
8  was obtained from confidential, internal company documents produced by Defendants in this
9  litigation, to which Mr. Jaffe has access as Plaintiffs' consultant.  *See* Ex. B, ¶ 12.  Like the other
10 exhibits at issue, Exhibit B provides significant technological know-how that could be used by
11 competitors if disclosed.

12     8.    Exhibit D is the 427-page transcript of the July 23, 2025 Rule 30(b)(6) deposition of
13 Sunny Wong, Uber's Director, Applied Science – Safety.  Exhibit F is the 348-page transcript of the
14 June 25, 2025 Rule 30(b)(6) deposition of Sunny Wong.  Both Exhibits D and Exhibit F are designated
15 as Highly Confidential pursuant to the Protective Order.  Plaintiffs cited portions of just four pages of
16 Exhibit D in the Letter Brief (19:2-22:16) and included only a general citation to Exhibit F, not citing
17 any particular pages; Defendants cited portions of two pages of Exhibit D in the Letter Brief (169:4-
18 13; 225:12-16).  *See* ECF 4009 at 5, 7.  Despite the limited citations to Exhibits D and F—transcripts
19 designated as Highly Confidential—the transcripts have been filed in their entirety.  There is no
20 argument, as Plaintiffs concede in not opposing this request, that the public's interest may be served
21 by revealing any of the superfluous and highly confidential proprietary material that is outside of the
22 portions actually used in connection with the motion.  The portions of Exhibit D that are actually cited
23 in the Letter Brief should be sealed because (like the portions not cited) they contain confidential,
24 proprietary information regarding the design and operation of Uber's S-RAD system and the data
25 generated by the system.  In sum, Exhibits D and F should be sealed in their entirety.

26     9.    Exhibit E consists of excerpts of the transcript of the May 20, 2025 deposition of
27 Michael Akamine, Uber's Director, Product Management.  This transcript is designated as Highly

28

1  Confidential even under the Protective Order.  The four pages of testimony in Exhibit E consist of confidential, proprietary information about the operation and functionality of Uber's S-RAD system and the data used in and generated by the system.

10. Exhibit H is a declaration of Sunny Wong dated September 24, 2025.  Defendants seek to seal only a portion of the Wong declaration (¶¶ 14, 19, 22, 24, 28).  These paragraphs contain detailed confidential, proprietary information about the operation, functionality, and design of Uber's S-RAD system.  It describes how different inputs in the S-RAD model affect ride pairing, and how the model utilizes data to improve its performance.  It also describes the granularity of the data utilized by the S-RAD model and how the data on the S-RAD model and other data is stored.

11. Uber's S-RAD is a highly sensitive, proprietary technology.  S-RAD technology is a highly confidential trade secret, on information and belief the details of the S-RAD technology are unknown to Uber's competitors, and their disclosure would result in a competitive disadvantage to Uber because Uber operates in a highly competitive space, and the time, money, and effort spent in researching and developing proprietary technologies can be used by other companies to harm Uber's competitive advantage. For instance, competitors may use the information they learn about Uber's SRAD technology and how it works in order to reverse engineer their own similar product.  Addressing safety challenges that face the ridesharing industry is a key part of Uber's business, and disclosure of research, processes, and technology that Uber has developed and engaged in would be injurious to Uber's competitive standing.  On information and belief, Uber has maintained the information in the documents it seeks to maintain under seal as confidential and has not publicly disclosed it.  There is no public interest in the disclosure of these exhibits, which do not directly relate to the merits of this litigation, especially in the context of a discovery dispute.

12. There are no less restrictive alternatives to sealing the documents—Defendants seek narrowly tailored partial sealing and full sealing only where appropriate and warranted.

13. On October 1, 2025, counsel for Plaintiffs stated via email to counsel for counsel for Defendants that Plaintiffs do not oppose Defendants' Motion to Seal.

1   I declare under penalty of perjury under the laws of the United States of America that the
2   foregoing is true and correct.

3
4   Executed on October 1, 2025.              By:    */s/ Daniel Cummings*
                                                     Daniel Cummings