TRACEY B. COWAN (Cal Bar No. 250053)
**CLARKSON LAW FIRM, P.C.**
95 3rd Street, 2nd Floor
San Francisco, CA 94103
Telephone: (213) 788-4050
Email: tcowan@clarksonlawfirm.com

RYAN J. CLARKSON (Cal Bar No. 257074)
**CLARKSON LAW FIRM, P.C.**
22525 Pacific Coast Highway
Malibu, CA 90265
Telephone: (213) 788-4050
Email: rclarkson@clarksonlawfirm.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | **MDL No. 3084 CRB**<br>Hon. Charles R. Breyer |
| This Document Relates to:<br><br>*CLF K.P. v. Uber Technologies, Inc., et al.*<br>Case No. 25-cv-4288-CRB | **DECLARATION OF TRACEY B. COWAN IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Date: November 7, 2025<br>Time: 10:00 a.m.<br>Courtroom 6 |

I, Tracey B. Cowan, declare as follows:

1. I am a partner of Clarkson Law Firm, P.C. and am licensed to practice before all state and federal courts in the State of California. I am the attorney of record for the Plaintiff. I am over the age of eighteen and have personal knowledge of the facts set forth herein, and, if called as a witness, I could and would testify competently as to such facts.

2. Plaintiff CLF K.P. signed a retainer agreement with my firm on February 28, 2025. A material term of that contract was that Plaintiff must always maintain updated contact

1 information with counsel. The contract specified that my firm would have grounds to withdraw
2 as counsel if this contractual obligation was not upheld.

3     3. Despite this agreement, for several months, my team has been unable to reach
4 Plaintiff CLF K.P. despite repeated attempts to contact her using a variety of methods. We have
5 tried numerous times to call and text Plaintiff at the phone number she provided, with only one
6 response. She has not responded to any of the numerous emails we have sent to the email address
7 she provided. We have also mailed multiple letters to Plaintiff's physical address, which have
8 gone unanswered.

9     4. We filed this action on May 19, 2025, at our client's behest.

10     5. Per Pretrial Order ("PTO") 10, Plaintiff CLF K.P.'s Plaintiff Fact Sheet ("PFS")
11 was due within 30 days of May 19, 2025. My team made several attempts for months following
12 the filing of Plaintiff K.P.'s case to gather the necessary information to comply with the
13 requirements of PTO 10. My team was not able to reach Plaintiff K.P., with one exception where
14 Plaintiff K.P. briefly contacted us. Besides from that one message, we have not heard from her.

15     6. Unable to reach Plaintiff K.P. by phone, text message, or email for several weeks,
16 my team requested an extension on the deadline to submit Plaintiff K.P.'s PFS. On June 15, 2025,
17 counsel for Defendants granted a 30-day extension for Plaintiff K.P.'s PFS, giving her until July
18 18, 2025, to comply with PTO 10.

19     7. We made several more attempts to contact Plaintiff CLF K.P. via phone call, text
20 message, and email. Having not heard from her, we requested an additional extension to submit
21 her PFS. Defendant granted this final extension, absent exigent circumstances, making the new
22 response deadline August 5, 2025.

23     8. On July 22, 2025, having been unable to reach Plaintiff CLF K.P. via phone and
24 email, my office mailed a letter, through certified mail, to Plaintiff's address in Indianapolis,
25 Indiana. We also sent a copy by email. This letter stated that if Plaintiff was unable or unwilling
26 to communicate with us, we would no longer be able to represent her in this litigation and her
27 failure to submit a timely PFS could result in dismissal. This letter reiterated Plaintiff's duty to
28 communicate, as was stated in the representation agreement she signed. The letter was returned

to our office.

9. We made a further attempt to reach Plaintiff K.P. by phone call, text message, and email. On August 4, 2025, my team sent a final withdrawal letter to Plaintiff, both by email and by certified mail to her physical address in Indianapolis, Indiana. Per the tracking information, this letter is en route to be returned to sender.

10. After conducting a diligent search to confirm Plaintiff's current address, my office hired a process server to personally serve Plaintiff the final withdrawal letter at her address in Indianapolis, Indiana. On September 8, 2025, after multiple attempts, the process server was able to connect with Plaintiff CLF K.P.'s aunt, who resides at this address. Plaintiff's aunt informed the process server that Plaintiff CLF K.P. is currently transient, with her whereabouts unknown. On September 13, 2025, the process server returned to the physical address in Indianapolis, Indiana and left the letter in care of Plaintiff K.P.'s aunt, which was Plaintiff's last known address, since neither Plaintiff's counsel nor Plaintiff's aunt knows her current address.

11. Plaintiff K.P.'s inability or refusal to communicate has prevented us from collecting information required by court-ordered deadlines and puts us at risk of being unable to produce documents in accordance with future deadlines. As referenced above, we were unable to speak with Plaintiff and gain additional information regarding her claims prior to the August 5, 2025, deadline to submit her PFS—a court-mandated deadline that had already been extended twice. The PFS requires information my team does not currently have and, further, requires Plaintiff to provide responses in her own words. We thus cannot complete and submit Plaintiff's PFS without communicating with Plaintiff. We informed Plaintiff, via email and in the multiple hard-copy, certified letters mentioned above, of the importance of responding, specifically because of the relevant court-mandated deadlines.

12. Plaintiff CLF K.P. has ceased all contact with her attorneys, and we have no way to contact her. Without her cooperation and willingness to communicate with her counsel, it is impossible for me or my firm to effectively represent her.

I declare, under penalty of perjury, that the foregoing is true and correct to the best of my knowledge, that if called as a witness, I could competently testify thereto, and that this declaration

1  is executed in San Rafael, California on this 3rd day of October 2025.

2                                             *s/ Tracey Cowan*
3                                             Tracey Cowan

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION & MOTION                                  CASE NO. _3:25-cv-4288-CRB_____
TO WITHDRAW AS COUNSEL

**CERTIFCATE OF SERVICE**

I, Tracey Cowan, hereby certify that I caused to be served on the attached Notice of Motion and Motion to Withdraw as Counsel, and Supporting Memorandum and Declaration of Tracey Cowan in Support of Motion to Withdraw on October 3, 2025 by first class U.S. Mail, addressed to Plaintiff CLF K.P., at the last recorded address on file.

Executed in San Rafael, California on October 3, 2025.

*s/Tracey Cowan*
Tracey Cowan