## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| This Document Relates to:<br><br>ALL MATTERS | **JOINT LETTER REGARDING DISCOVERY CUT OFF**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G - 15th Floor |

Dear Judge Cisneros:

Pursuant to the Court's Order (ECF No. 4038), the Parties respectfully submit this joint letter regarding a discovery cut off.

DATED: October 7, 2025                    Respectfully Submitted,

By: */s/ Roopal P. Luhana*
ROOPAL P. LUHANA (*Pro Hac Vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

By: */s/ Christopher Cox*
CHRISTOPHER COX
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022

CHRISTOPHER C. COTTON (*pro hac vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri  64108
Telephone: (816) 474-6550
ccotton@shb.com

**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN (*pro hac vice*)
Alli.brown@kirkland.com
JESSICA DAVIDSON (*pro hac vice*)
Jessica.davidson@kirkland.com
LAURA VARTAIN
Laura.vartain@kirkland.com

*Co-Lead Counsel for Plaintiffs*

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
sstrong@omm.com
JONATHAN SCHNELLER
jschneller@omm.com

**SHOOK, HARDY & BACON L.L.P.**
PATRICK OOT (*pro hac vice*)
ALYCIA A. DEGEN (SBN 211350)
MICHAEL B. SHORTNACY (SBN 277035)

*Counsel for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

**Plaintiffs' Position:**

The Court asked the parties to submit proposals for a cutoff of common discovery. Plaintiffs submit three points.

*First*, any cutoff should extend to both common discovery and case-specific discovery for the Wave 1 bellwether cases. That means one deadline for the five cases that have substantially completed fact discovery: 24-cv-7940 (B.L.); 24-cv-7821 (A.R.2); 24-cv-7019 (LCHB128); 23-cv-6708 (Dean); and 24-cv-4900 (WHB 823).

*Second*, the deadline for the five cases should accommodate outstanding discovery. Per the Court's October 3, 2025 Order (ECF No. 4060), Plaintiffs served document requests related to Flack data, and Uber must produce a 30(b)(6) witness regarding the same. And Uber must produce Sunny Wong for a further deposition related to S-RAD, with potential additional discovery flowing from that deposition. Additionally, Plaintiffs served discovery requests related to Uber's 2025 Woman-to-Woman ride matching ("W2W") roll out on October 6, 2025 (with Uber's responses due in 30 days). Plaintiffs also served discovery seeking information on Uber ride use by witnesses who may testify to their personal Uber use (as they did in the September JCCP trial). And the Special Master has determined that numerous documents withheld by Uber are not privileged—as these documents were or will be produced after depositions, Plaintiffs may seek to depose witnesses about these newly produced documents.

The upshot is that the discovery deadline for the first five Wave 1 bellwether cases should be November 14, 2025. This will give the parties time to complete the outstanding discovery, including depositions, and allow ample time for experts to supplement their reports with discovery, including 30(b)(6) testimony, received after the initial September 26, 2025 expert report deadline (and allow time for the parties to work out any disputes related to additional depositions or motions).

*Third*, in setting a deadline, the Court should emphasize the ongoing duty to supplement discovery where applicable. For example, Plaintiffs have requested that Uber supplement its productions to account for Uber's 2025 rollout of W2W matching in the United States. While Uber complains that Plaintiff requested that Uber search new custodians to supplement such discovery, these new custodians were specifically identified by Ms. Esteves, a 30(b)(6) witness, at her August 28, 2025 deposition, as individuals who were involved in the 2025 W2W rollout.

For these reasons, Plaintiffs submit that November 14 is an appropriate common and case-specific discovery cutoff date. Additionally, while Uber suggests that its forthcoming discovery may require moving the upcoming expert deadlines, the deadlines are not moveable given the January 6 trial date. Should experts, as is not uncommon before trials, need to supplement their reports in light of belatedly-produced discovery (such as the Flack data) or new developments (such as W2W matching), the parties will negotiate any additional work that needs to be done at that time and bring any disputes to the Court.

**Defendants' Position:**

As a preliminary matter, Uber notes that the Court's July 21, 2025 Order (ECF 3533) set an October 6, 2025 deadline for the "close of discovery."  Uber further submits that it has been the parties' understanding that the October 6 deadline was intended to mark the close of common fact discovery in the MDL.  See ECF 3700, at 5 (Plaintiffs' joint discovery letter asserting that "July 16 was the deadline only for 'substantial completion;' *discovery does not close until October.*") (emphasis added).  Indeed, Plaintiffs' service of a third set of interrogatories and a third set of requests for production after 10:00 pm ET on October 6 (even though such discovery is untimely and otherwise improper for the reasons stated below) further supports that this has been the parties' understanding.

### Common Fact Discovery Previously Ordered Or Otherwise Outstanding

Uber acknowledges that there is outstanding common fact discovery to be completed including in connection with the Court's September 22, 2025 Order (ECF 3973) and October 3, 2025 Order (ECF 4060).  Uber will continue to work with plaintiffs to address those issues and agrees that the supplemental written responses, document productions, depositions and other follow-up can be completed in the coming weeks and by November 14, 2025 (as Plaintiffs suggest).  However, the November 14 deadline must serve as a cut-off for the completion of common fact discovery *for all cases in the MDL*, not merely for the first five bellwether cases.  As Plaintiffs point out, in the future, the parties may have a duty to supplement common fact discovery under certain circumstances (and Uber will meet and confer with Plaintiffs regarding any such supplementation that is required by Uber), but no new or additional common fact discovery should be permitted.  That is the point of a common fact discovery cut-off.  Uber further acknowledges that the time it will take to complete such outstanding common fact discovery may require the adjustment of other deadlines, including remaining expert deadlines, given that Plaintiffs have indicated such fact discovery would be relevant to their expert reports.  Uber will meet and confer with Plaintiffs regarding other deadlines.

### New Discovery Served On October 6

On the night of October 6, 2025, Plaintiffs served a third set of interrogatories (containing 33 individual interrogatories) and a third set of requests for production (containing 37 individual requests), as well as correspondence requesting that Uber conduct more than 20 additional custodial collections (nearly all of which relate to individuals who were *not previously identified* as custodians) and produce additional documents covering the period *up to and including October 1, 2025*.  Unlike the single Flack-related document request that Plaintiffs served with leave of Court earlier that day, Plaintiffs had no such leave to serve these sweeping requests.

Under the October 6 deadline, such discovery is untimely under Local Rule 37-3 ("Discovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause shown.").  Moreover, a trial in the JCCP has been completed — without the need for such discovery.  Even if such discovery – which, broadly speaking, relates to (a) Uber employees' (and their family members') personal use of Uber and Lyft and (b) Uber's Women Preferred program – is not considered untimely, it is also objectionable on other grounds, including breadth, burden, relevance and proportionality.

Uber will meet and confer with Plaintiffs regarding this 11th hour discovery but believes it is improper for a variety of reasons and reserves the right to raise its position with the Court more fully, if necessary.  Further, to the extent that any such discovery were to be allowed (which it should not be), Uber submits that completion may not be feasible by November 14, 2025.

## FILER'S ATTESTATION

I, Roopal Luhana, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: October 7, 2025

By: /s/ *Roopal Luhana*
Roopal Luhana