# EXHIBIT A

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000 Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*<br>Case No: 3:24-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR ADMISSION, SET ONE** |

**PROPOUNDING PARTY**: UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**RESPONDING PARTY**: PLAINTIFF JAYLYNN DEAN

**SET NO.**: ONE (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants") propound this First Set of Requests for Admission to Plaintiff Jaylynn Dean. Responses to these Requests for Admission shall be served within 30 days from service of this document.

## INSTRUCTIONS

1. When answering and responding to these REQUESTS FOR ADMISSION, YOU are requested to furnish all information available to YOU, COUNSEL, AND YOUR investigators, accountants, representatives, agents or any other person acting on YOUR behalf and not merely such information that is within YOUR own personal knowledge. If YOU cannot answer or respond in full after exercising due diligence to secure the information, answer or respond to the extent possible, specifying the reason or reasons for YOUR inability to answer or respond to the remainder.

2. If YOU object to any portion or subpart of these REQUESTS FOR ADMISSION, you shall state the objection to such portion or subpart and shall answer any unobjectionable portion(s) or subpart(s) AND provide the unobjectionable information requested.

## DEFINITIONS

1. "**ACTION**" shall mean the case captioned *Jaylynn Dean v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06708.

2. "**AGREEMENT**" means any contract, term sheet, memorandum of understanding, or other written or oral arrangement or understanding, formal or informal.

3. "**ALL**" AND "**ANY**" both INCLUDE "each" AND "every."

4. "**ALLEGED INCIDENT**" means the alleged circumstances AND events surrounding the accident, INJURY, OR other occurrence described in the COMPLAINT AND PLAINTIFF FACT SHEET.

5. "**AND**" AND "**OR**" INCLUDE and/or.

6. "**ANTICIPATED RECOVERY**" shall mean ANY amount of money ANY PERSON OR ENTITY with a FINANCIAL INTEREST in the ACTION expects may be recouped as a result of the ACTION.

7. "**BILLING COMPANY**" shall mean ANY individual, organization, corporation, agency that is tasked with issuing bills, reviewing medical coding, OR submitting medical coding, insurance billing, accounts payable, OR accounts receivable.

8. "**COMMUNICATION(S)**" is used in the broadest sense to encompass ANY transmission or exchange of information, ideas, facts, data, proposals, OR ANY other matter whether between individuals OR between OR among members of a group, whether face-to-face, by telephone, letter, e-mail, message, telegram, OR ANY other means of written, electronic, OR other medium.

9. "**COMPENSATION**" shall mean ANY form of PAYMENT made to ANY individual for work OR services performed RELATING TO the ALLEGED INCIDENT.

10. "**COMPLAINT**" shall refer to the Master Long Form Complaint, filed on February 15, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB, AND ANY individual COMPLAINT, original OR amended, that YOU have filed in ANY legal proceeding RELATED TO the ALLEGED INCIDENT, INCLUDING ANY short form COMPLAINT.

11. "**COUNSEL**" shall mean ANY attorney OR firm representing YOU in the ACTION, INCLUDING Williams Hart & Borden LLP, and their agents, assigns, employees, and partners.

12. "**DAMAGES**" shall mean ANY financial, mental, OR physical harm that YOU allege resulted from the ALLEGED INCIDENT AND for which YOU alleged UBER is responsible, as well as ANY financial compensation YOU seek as a result of those harms.

13. "**DESCRIBE**" shall mean to INCLUDE a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to the subject matter of a specific REQUEST FOR ADMISSION.

14. "**DOCUMENT(S)**" means a writing AND INCLUDES the original OR a copy of handwriting, typewriting, printing, photostating, photographing, AND every other means of recording ANY tangible things AND form of communication OR representation, INCLUDING letters, words, pictures, images, sounds, OR symbol, OR combinations of them.

15. "**FINANCIAL INTEREST**" shall mean ANY advantage OR profit of a financial nature by ANY PERSON, PERSONS, organizations, companies involved in the ACTION, whether OR not the value is ascertainable.

16. "**FORBEARANCE AGREEMENT**" shall mean ANY contracts, whether written, Oral, OR implied that delay the enforcement of ANY debts for ANY reason RELATING TO the ACTION.

17. "**INCLUDE**" AND "**INCLUDING**" shall mean including, but not limited to.

18. "**INJURY**" means ANY injury, harm, OR DAMAGES, INCLUDING but not limited to general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, AND physical DAMAGES.

19. "**INSURANCE**" shall mean ANY contract(s) between YOU AND ANY individual(s), company, AND/OR agency providing indemnification for MEDICAL TREATMENT.

20. "**LETTER OF PROTECTION**" shall mean ANY legally-binding DOCUMENT directed by COUNSEL between YOU AND ANY MEDICAL PROVIDER that promises the payment of ANY professional services provided out of ANY settlement RELATING TO the ALLEGED INCIDENT.

21. "**LIEN**" shall mean ANY security interest OR legal right acquired in YOUR property by ANY creditor RELATING TO the ALLEGED INCIDENT.

22. "**LITIGATION FINANCING**" means the financing, funding, advancing, OR loaning of money to pay for fees, costs, medical bills, litigation OR witness expenses, lost wages, advancement against a portion of OR ALL potential recovery you may receive, OR ANY other sums arising from OR in ANY manner RELATED TO the ACTION in exchange for ANY financial interest in the outcome of the ACTION, the repayment of ANY loan OR financing secured OR collateralized in whole OR in part by ANY of the claims advanced OR recoveries obtained in connection with the ACTION, OR a non-monetary result, if the financing, funding, advancing, OR loaning of money is provided by ANY PERSON other than a PERSON who is:

    a. a party to the ACTION;

    b. a legal representative engaged, directly OR indirectly through another legal representative, to represent a party in the ACTION; OR

    c. an entity OR insurer with a preexisting contractual obligation to indemnify OR defend a party to the ACTION.

23. **"LITIGATION FINANCING AGREEMENT"** means a written contract in which a PERSON or ENTITY agrees to provide LITIGATION FINANCING to ANY PERSON in conjunction with a civil action OR an administrative proceeding OR in pursuit of ANY claim OR cause of action in consideration for:

    a.    the payment of interest, fees, OR other consideration to the PERSON providing the LITIGATION FINANCING; OR

    b.    granting OR assigning to the PERSON OR ENTITY providing the LITIGATION FINANCING consideration realized from ANY judgment, award, settlement, verdict, OR other form of monetary relief ANY consumer, legal representative, OR entity may receive OR recover in relation to the civil action, administrative proceeding, claim, OR cause of action.

24. **"LITIGATION FINANCER"** means ANY PERSON OR ENTITY providing OR offering YOU with LITIGATION FINANCING RELATING TO the ACTION.

25. **"MEDICAL PROVIDER"** shall INCLUDE ANY medical doctor, nurse, emergency medical technician, physician, podiatrist, doctor of chiropractic medicine, physical therapist, psychologist, psychiatrist, mental health counselor, therapist, OR other PERSON who performs ANY form of healing art who has provided services OR MEDICAL TREATMENT YOU claim is RELATED TO the ALLEGED INCIDENT.

26. **"MEDICAL TREATMENT"** shall mean ANY medical, pharmaceutical, mental health, counseling, OR other services OR treatment considered a healing art provided to YOU which YOU claim is RELATED TO the ALLEGED INCIDENT.

27. "**NON-RECOURSE ACTION**" shall mean an interest in ANY collateral provided by the terms of ANY AGREEMENT in exchange for ANY monetary or non-monetary benefit RELATED TO the ACTION.

28. "**PAYMENT**" shall mean the voluntary transfer of money, equivalent, OR other valuable items from ANY party in this ACTION to another individual, company, OR corporation in exchange for goods OR services received OR to meet a legal obligation

29. "**PERSON(S)**" shall INCLUDE ANY natural person, entity, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

30. "**PLAINTIFF FACT SHEET**" shall mean ANY fact sheet YOU completed AND provided to UBER in Case No. 3:23-md-03084-CRB AND ANY addition OR supplement to ANY such fact sheet.

31. "**RELATING TO**" OR "**RELATED TO**" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these REQUESTS FOR ADMISSION.

32. "**UBER**" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC, collectively, AND their employees, agents, assigns, directors officers, AND subsidiaries.

33. "**YOU**" AND "**YOUR**" shall refer to the Plaintiff named in the above case caption, AND her agents, employees, insurance companies, accountants, investigators, guardians, AND anyone else acting on her behalf.

## REQUESTS FOR ADMISSION

**REQUEST FOR ADMISSION NO. 1:**

Admit that YOU are receiving LITIGATION FINANCING in this ACTION.

**REQUEST FOR ADMISSION NO. 2:**

Admit that YOU entered into a LITIGATION FINANCING AGREEMENT in this ACTION.

**REQUEST FOR ADMISSION NO. 3:**

Admit that there is a PERSON (excluding named parties and COUNSEL) that holds a FINANCIAL INTEREST contingent on or sourced from the outcome of the ACTION by settlement, judgment, or otherwise.

**REQUEST FOR ADMISSION NO. 4:**

Admit that there is a PERSON (excluding named parties and COUNSEL) that holds a NON-RECOURSE INTEREST.

**REQUEST FOR ADMISSION NO. 5:**

Admit that YOU have already received or collected money or funds due to the injuries or damages YOU allege YOU suffered in the ACTION.

**REQUEST FOR ADMISSION NO. 6:**

Admit that YOU have communicated with a LITIGATION FINANCER about the ACTION.

**REQUEST FOR ADMISSION NO. 7:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to approve or make litigation decisions in the ACTION.

**REQUEST FOR ADMISSION NO. 8:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to approve or participate in the selection or compensation of your MEDICAL PROVIDERS RELATED TO the ACTION.

**REQUEST FOR ADMISSION NO. 9:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to approve or manage litigation expenses in the ACTION.

**REQUEST FOR ADMISSION NO. 10:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to approve or participate in the selection or compensation of experts in the ACTION.

**REQUEST FOR ADMISSION NO. 11:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to receive notice of settlement offers and/or has the authority or right to approve or participate in settlement discussions in the ACTION.

**REQUEST FOR ADMISSION NO. 12:**

Admit that a PERSON (excluding named parties and COUNSEL) has the authority or right to approve or participate in the selection or compensation of MEDICAL PROVIDERS in the ACTION.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU received MEDICAL TREATMENT the PAYMENT of which was subject to a LIEN.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU have communicated with a MEDICAL PROVIDER about lien-based MEDICAL TREATMENT.

**REQUEST FOR ADMISSION NO. 15:**

Admit that a MEDICAL PROVIDER is waiting to be paid until the ACTION is settled or resolved.

**REQUEST FOR ADMISSION NO. 16:**

Admit that YOU will issue payment to a medical provider if YOU obtain a verdict or settlement in the ACTION.

**REQUEST FOR ADMISSION NO. 17:**

Admit that YOU do not intend to pay the entirety of the lien amount regardless of the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU had no medical INSURANCE at the time of loss.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU had Medicaid health INSURANCE at the time of loss.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU had private medical INSURANCE at the time of loss.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU had employer provided medical INSURANCE at the time of loss.

**REQUEST FOR ADMISSION NO. 22:**

Admit that YOU opted to obtain MEDICAL TREATMENT on a LIEN instead of submitting the costs of MEDICAL TREATMENT to INSURANCE.

**REQUEST FOR ADMISSION NO. 23:**

Admit that the LIEN was perfected by the MEDICAL PROVIDER.

**REQUEST FOR ADMISSION NO. 24:**

Admit that the rate charged to YOU under LIEN AGREEMENT is higher than rate charged to patients treating not on a LIEN.

**REQUEST FOR ADMISSION NO. 25:**

Admit that YOU OR COUNSEL submitted DOCUMENTS or materials to a MEDICAL PROVIDER for LIEN-based MEDICAL TREATMENT.

**REQUEST FOR ADMISSION NO. 26:**

Admit YOU obtained a LETTER OF PROTECTION, or similar document from a MEDICAL PROVIDER.

**REQUEST FOR ADMISSION NO. 27:**

Admit YOU entered into an AGREEMENT with a MEDICAL PROVIDER for LIEN-based MEDICAL TREATMENT.

**REQUEST FOR ADMISSION NO. 28:**

Admit that a MEDICAL PROVIDER sells the accounts receivable for YOUR MEDICAL TREATMENT to a third party at less than the invoice price.

**REQUEST FOR ADMISSION NO. 29:**

Admit that COUNSEL has a financial interest with Erica Leathers, RM, MSN, FNP-C OR their medical practice.

**REQUEST FOR ADMISSION NO. 30:**

Admit that Erica Leathers, RM, MSN, FNP-C has a FINANCIAL INTEREST in the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 31:**

Admit that COUNSEL referred YOU to Erica Leathers, RM, MSN, FNP-C.

**REQUEST FOR ADMISSION NO. 32:**

Admit that COUNSEL has a financial interest with Jessica Weaver, NP OR their medical practice.

**REQUEST FOR ADMISSION NO. 33:**

Admit that Jessica Weaver, NP has a FINANCIAL INTEREST in the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 34:**

Admit that COUNSEL referred YOU to Erica Leathers, Jessica Weaver, NP.

**REQUEST FOR ADMISSION NO. 35:**

Admit that COUNSEL has a financial interest with Amarillo Pediatric Clinic.

**REQUEST FOR ADMISSION NO. 36:**

Admit that Amarillo Pediatric Clinic has a FINANCIAL INTEREST in the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 37:**

Admit that COUNSEL referred YOU to Amarillo Pediatric Clinic.

**REQUEST FOR ADMISSION NO. 38:**

Admit that COUNSEL has a financial interest with Chandler Family Advocacy Center.

**REQUEST FOR ADMISSION NO. 39:**

Admit that Chandler Family Advocacy Center has a FINANCIAL INTEREST in the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 40:**

Admit that COUNSEL referred YOU to Chandler Family Advocacy Center.

**REQUEST FOR ADMISSION NO. 41:**

Admit that COUNSEL has a financial interest with HonorHealth.

**REQUEST FOR ADMISSION NO. 42:**

Admit that HonorHealth has a FINANCIAL INTEREST in the outcome of the ACTION.

**REQUEST FOR ADMISSION NO. 43:**

Admit that COUNSEL referred YOU to HonorHealth.

DATED: August 26, 2025

By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# CERTIFICATE OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco. My business address is Kirkland & Ellis LLP, 555 California Street, 27th Floor, San Francisco, CA 94104 and my email address is ltarpley@kirkland.com.

On the date set forth below, I caused the following document(s) to be served by providing a true copy thereof addressed to each of the persons named below:

**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR ADMISSION, SET ONE**

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| Rachel Abrams, Esq.<br>Email: rabrams@peifferwolf.com<br>Adam B. Wolf, Esq.<br>Email: awolf@peifferwolf.com<br>Tiffany R. Ellis<br>Email: tellis@peifferwolf.com | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**<br>555 Montgomery Street, Suite 820<br>San Francisco, California 94111<br>Telephone: (415) 766-3544<br>Facsimile: (415) 840-9435 |

  X   **VIA EMAIL OR ELECTRONIC SUBMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 26, 2025 in San Francisco, California.

/s/ Lisa A. Tarpley
Lisa A. Tarpley