# EXHIBIT B

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000 Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*<br>Case No: 3:24-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR PRODUCTION, SET THREE** |

**PROPOUNDING PARTY**:  UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**RESPONDING PARTY**:   Jaylynn Dean

**SET NO.**:            THREE (3)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants") hereby request that Jaylynn Dean ("Plaintiff") produces documents responsive to the document requests set forth below (the "Requests"). Plaintiff is directed to answer within 30 days of the date these Requests are served.

## DEFINITIONS

1. "**ACTION**" shall mean the case captioned *Jaylynn Dean v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06708.

1. "**ALL**" AND "**ANY**" both INCLUDE "each" AND "every."

2. "**AGREEMENT**" means any contract, term sheet, memorandum of understanding, or other written or oral arrangement or understanding, formal or informal.

3. "**AND**" AND "**OR**" INCLUDE and/or.

4. "**ALLEGED INCIDENT**" means the alleged circumstances AND events surrounding the accident, INJURY, OR other occurrence described in the COMPLAINT AND PLAINTIFF FACT SHEET.

5. "**ANTICIPATED RECOVERY**" shall mean ANY amount of money ANY PERSON OR ENTITY with a FINANCIAL INTEREST in the ACTION expects may be recouped as a result of the ACTION.

6. "**BILLING COMPANY**" shall mean ANY individual, organization, corporation, agency that is tasked with issuing bills, reviewing medical coding, OR submitting medical coding, insurance billing, accounts payable, OR accounts receivable.

7. "**COMMUNICATION(S)**" is used in the broadest sense to encompass ANY transmission or exchange of information, ideas, facts, data, proposals, OR ANY other matter whether between individuals OR between OR among members of a group, whether face-to-face, by telephone, letter, e-mail, message, telegram, OR ANY other means of written, electronic, OR other medium.

8. "**COMPENSATION**" shall mean ANY form of PAYMENT made to ANY individual for work OR services performed RELATING TO the ALLEGED INCIDENT.

9. "**COMPLAINT**" shall refer to the Master Long Form Complaint, filed on February 15, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB, AND ANY individual COMPLAINT, original OR amended, that YOU have filed in ANY legal proceeding RELATED TO the ALLEGED INCIDENT, INCLUDING ANY short form COMPLAINT.

10. "**COUNSEL**" shall mean ANY attorney OR firm representing YOU in the ACTION, INCLUDING Williams Hart & Borden LLP, and their agents, assigns, employees, and partners.

11. "**DAMAGES**" shall mean ANY financial, mental, OR physical harm that YOU allege resulted from the ALLEGED INCIDENT AND for which YOU alleged UBER is responsible, as well as ANY financial compensation YOU seek as a result of those harms.

12. "**DESCRIBE**" shall mean to INCLUDE a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to the subject matter of a specific REQUEST.

13. "**DOCUMENT(S)**" means a writing AND INCLUDES the original OR a copy of handwriting, typewriting, printing, photostating, photographing, AND every other means of recording ANY tangible things AND form of communication OR representation, INCLUDING letters, words, pictures, images, sounds, OR symbol, OR combinations of them.

14. "**FINANCIAL INTEREST**" shall mean ANY advantage OR profit of a financial nature by ANY PERSON, PERSONS, organizations, companies involved in this litigation, whether OR not the value is ascertainable.

15. "**INCLUDE**" AND "**INCLUDING**" shall mean including, but not limited to.

16. "**INJURY**" means ANY injury, harm, OR DAMAGES, INCLUDING but not limited to general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, AND physical DAMAGES.

17. "**INSURANCE**" shall mean ANY contract(s) between YOU AND ANY individual(s), company, AND/OR agency providing indemnification for MEDICAL TREATMENT.

18. "**LIEN**" shall mean ANY security interest OR legal right acquired in YOUR property by ANY creditor RELATING TO the ALLEGED INCIDENT.

19. "**LITIGATION FINANCING**" means the financing, funding, advancing, OR loaning of money to pay for fees, costs, medical bills, litigation OR witness expenses, lost wages, advancement against a portion or ALL potential recovery you may receive, OR ANY other sums arising from OR in ANY manner RELATED TO the ACTION in exchange for ANY financial interest in the outcome of the ACTION, the repayment of ANY loan OR financing secured OR collateralized in whole OR in part by ANY of the claims advanced OR recoveries obtaining in connection with the ACTION, OR a non-

monetary result, if the financing, funding, advancing, OR loaning of money is provided by ANY PERSON OR ENTITY other than a PERSON who is:

  a. a party to the ACTION;

  b. a legal representative engaged, directly OR indirectly through another legal representative, to represent a party in the ACTION; OR

  c. an entity OR insurer with a preexisting contractual obligation to indemnify OR defend a party to the ACTION.

20. **"LITIGATION FINANCER"** means ANY PERSON OR ENTITY providing OR offering YOU LITIGATION FINANCING.

21. "**MEDICAL PROVIDER**" shall INCLUDE ANY medical doctor, nurse, emergency medical technician, physician, podiatrist, doctor of chiropractic medicine, physical therapist, psychologist, psychiatrist, mental health counselor, therapist, OR other PERSON who performs ANY form of healing art who has provided services or MEDICAL TREATMENT YOU claim is RELATED TO the ALLEGED INCIDENT.

22. "**MEDICAL TREATMENT**" shall mean any medical, pharmaceutical, mental health, counseling, or other services OR treatment considered a healing art provided to YOU which YOU claim is RELATED TO the ALLEGED INCIDENT.

23. "**PERSON(S)**" shall INCLUDE ANY natural person, entity, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

24. "**PLAINTIFF FACT SHEET**" shall mean ANY fact sheet YOU completed AND provided to UBER in Case No. 3:23-md-03084-CRB AND ANY addition OR supplement to ANY such fact sheet.

25. "**RELATING TO**" OR "**RELATED TO**" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these REQUESTS.

26. "**RENUMERATION**" shall mean to pay, convey, compensate, satisfy, reimburse, indemnify, or otherwise compensate whether through money or any other financial incentive or benefit.

27. "**UBER**" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC, collectively, AND their employees, agents, assigns, directors officers, AND subsidiaries.

28. "**YOU**" AND "**YOUR**" shall refer to the Plaintiff named in the above case caption, AND her agents, employees, insurance companies, accountants, investigators, guardians, AND anyone else acting on her behalf.

## INSTRUCTIONS

1. In addition to the specific instructions set forth below, these REQUESTS incorporate the instructions set forth in Federal Rules 26 and 34, the Local Rules, and the Protective Order. Subject to a valid claim of privilege, please produce the entire document if any part of that document is responsive.

2. Please produce all requested documents in YOUR possession, custody, or control, or available to YOU, or to which YOU may gain access through reasonable effort, including information in the possession of YOUR past and present attorneys, representatives, investigators, consultants, agents, or other Persons directly or indirectly employed or retained by YOU, or anyone else otherwise subject to YOUR control who maintains records on YOUR behalf, in YOUR name, or otherwise under YOUR control.

3.  Pursuant to Federal Rule 34, DOCUMENTS must be produced either: (a) as they are kept in the usual course of business (in which case they must be produced in such fashion as to identify the Person in whose possession the document was found or the server or central file in which it was found, and the address of each document's custodian(s)) or (b) segregated as responsive to a specific REQUEST enumerated herein, with such specific REQUEST identified.

4.  YOU must retain all of the original documents for inspection or copying throughout the pendency of this ACTION, any appeal(s), and any related proceedings.

5.  YOU must produce all documents and associated metadata according to the Federal Rules, Local Rules, and the governing ESI Order for this ACTION. YOU must provide instructions and all other materials necessary to use or interpret YOUR data compilations, such as a data dictionary, with YOUR production.

6.  Data and materials that are stored electronically or in machine-readable form should be produced in accordance with the governing ESI Order for this ACTION.

7.  If YOU object to all or any portion of any of the below REQUESTS, YOU must identify the objectionable REQUEST or portion thereof, and the nature and basis of the objection. Notwithstanding any objection to any portion of any REQUEST, YOU must produce all DOCUMENTS and information to which such objection does not apply.

8.  If any DOCUMENT responsive to a particular REQUEST no longer exists for reasons other than YOUR document retention policy, describe the circumstances under which it was lost or destroyed, describe the information lost or destroyed, identify the REQUEST to which it was responsive, and identify PERSONS with knowledge of the document.

7
DEFENDANTS' REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE
Case No. 3:23-md-03084-CRB

9. If YOU are unable to produce a DOCUMENT that is responsive to a REQUEST, describe the DOCUMENT, state why it cannot be produced and, if applicable, state the whereabouts of such DOCUMENT when last in YOUR possession, custody, or control.

10. If there are no DOCUMENTS or information responsive to all or any portion of any REQUEST, so state in writing.

11. Failure to provide information in response to a REQUEST will be deemed a waiver of YOUR right to produce such evidence at trial. UBER reserves the right to move to preclude the introduction of any evidence not produced in response to these REQUESTS.

12. Other than redactions of privileged information, DOCUMENTS are to be produced in full. If any requested DOCUMENT cannot be produced in full, or if YOU withhold production of any DOCUMENT or portion of any DOCUMENT responsive to these REQUESTS based upon any privilege, protection, or immunity, produce it to the extent possible and provide a privilege log in accordance with any ESI Order and/or agreed upon protocol.

13. In construing the REQUESTS herein:

   a. terms not specifically defined shall be given their ordinary meaning as YOU understand them to be used in the trade;

   b. the use of a verb in ANY tense, mood, or voice shall be construed as the use of the verb in ALL other tenses, moods, or voices, whenever necessary, to bring within the scope of ANY REQUEST ALL information that might otherwise be construed to be outside its scope;

   c. the use of the singular form of ANY word includes the plural AND vice versa;

     d.  words in the masculine, feminine, OR neutral gender shall include each of the other genders;

     e.  the terms "all," "any," and "each" shall each be construed as encompassing any and all.

14. None of the DEFINITIONS OR REQUESTS set forth herein shall be construed as an admission relating to the existence of ANY evidence, to the relevance OR admissibility of ANY evidence, OR to the truth OR accuracy of ANY statement OR characterization in the DEFINITIONS OR the REQUESTS.

15. These REQUESTS are continuing in nature. In the event that YOU become aware of responsive DOCUMENTS OR information in addition to, OR in ANY way inconsistent with, that which YOU previously have produced, prompt supplementation of YOUR responses is required.

16. UBER specifically reserves the right to seek supplementary responses AND the additional supplementary production of DOCUMENTS before trial.

**REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

ALL DOCUMENTS RELATING TO ANY LITIGATION FINANCING YOU have agreed to OR received, including but not limited to, ANY agreements, contracts, modifications, amendments, addenda, appendices, attachments, exhibits, OR terms and conditions, INCLUDING terms, conditions, rights, authority, or scope of any LITIGATION FUNDING, RELATED TO ANY LITIGATION FINANCING.

**REQUEST FOR PRODUCTION NO. 2:**

ALL DOCUMENTS OR COMMUNICATIONS RELATED TO the conveyance, sale, syndication, factoring, or other transfer of LITIGATION FUNDING YOU have received.

**REQUEST FOR PRODUCTION NO. 3:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO PAYMENTS for MEDICAL TREATMENT provided by ANY PERSON which are secured by a LIEN, regardless of whether the payment was made directly to a MEDICAL PROVIDER.

**REQUEST FOR PRODUCTION NO. 4:**

ALL DOCUMENTS OR COMMUNICATIONS RELATED TO ANY conditions, limitations, obligations, authority RELATED TO settlement or otherwise resolve the ACTION OR claims that have or may be asserted therein.

**REQUEST FOR PRODUCTION NO. 5:**

ALL DOCUMENTS OR COMMUNICATIONS RELATED TO ANY conditions, limitations, obligations, authority RELATED TO litigation strategy, including case valuation, experts, merits of claims or defenses that have or may have been asserted, OR trial themes, in the ACTION.

**REQUEST FOR PRODUCTION NO. 6:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO how much RENUMERATION YOU have received in LITIGATION FUNDING.

**REQUEST FOR PRODUCTION NO. 7:**

ALL DOCUMENTS RELATED TO ANY contracts OR agreements RELATED TO the sale of ANY MEDICAL PROVIDER's bills OR liens RELATED TO MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 8:**

ALL DOCUMENTS RELATED TO ANY AGREEMENTS with ANY BILLING COMPANY RELATED TO the sale of ANY MEDICAL PROVIDER's bills OR LIENs RELATED TO MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 9:**

ALL AGREEMENTS with ANY entity RELATED TO the sale of ANY MEDICAL PROVIDER's bills OR LIENS RELATED TO MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 10:**

ALL COMMUNICATIONS between YOU AND ANY BILLING COMPANY regarding the sale of ANY MEDICAL PROVIDER's bills OR LIENS RELATED TO MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 11:**

ALL COMMUNICATIONS between YOU AND ANY entity regarding the sale of ANY MEDICAL PROVIDER's bills OR liens RELATED TO MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 12:**

ALL DOCUMENTS RELATED TO ANY agreements OR contracts to which YOU AND YOUR MEDICAL PROVIDERS are party.

**REQUEST FOR PRODUCTION NO. 13:**

ALL COMMUNICATIONS between COUNSEL AND YOUR MEDICAL PROVIDERS.

**REQUEST FOR PRODUCTION NO. 14:**

ALL DOCUMENTS RELATED TO out-of-pocket PAYMENTS made by YOU for MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 15:**

ALL DOCUMENTS RELATED TO PAYMENTS made by COUNSEL for MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 16:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO the COMPENSATION received by a MEDICAL PROVIDER for provision of MEDICAL TREATMENT on a LIEN.

**REQUEST FOR PRODUCTION NO. 17:**

ALL DOCUMENTS AND COMMUNICATIONS RELATED TO PAYMENT accepted by ANY MEDICAL PROVIDER in satisfaction of a LIEN for MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 18:**

ALL DOCUMENTS reflecting proof of PAYMENT for ALL medical bills received from ANY MEDICAL PROVIDER.

**REQUEST FOR PRODUCTION NO. 19:**

ALL DOCUMENTS evidencing ANY COMMUNICATIONS between a MEDICAL PROVIDER OR BILLING COMPANY AND COUNSEL.

**REQUEST FOR PRODUCTION NO. 20:**

ALL DOCUMENTS evidencing ANY COMMUNICATIONS regarding YOUR treatment between a MEDICAL PROVIDER OR ANY PERSON on behalf of a MEDICAL TREATMENT PROVIDER AND COUNSEL.

**REQUEST FOR PRODUCTION NO. 21:**

ALL DOCUMENTS evidencing ANY COMMUNICATIONS regarding the scheduling of MEDICAL TREATMENT on behalf of a MEDICAL PROVIDER AND COUNSEL.

**REQUEST FOR PRODUCTION NO. 22:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO a recommendation for MEDICAL TREATMENT addressed to or sent by to YOU.

**REQUEST FOR PRODUCTION NO. 23:**

ALL DOCUMENTS AND COMMUNICATIONS RELATING TO a recommendation for treatment sent to YOUR MEDICAL TREATMENT PROVIDER by YOU.

**REQUEST FOR PRODUCTION NO. 24:**

ANY DOCUMENTS reflecting the amount of LITIGATION FINANCING YOU have received.

**REQUEST FOR PRODUCTION NO. 25:**

ALL DOCUMENTS reflecting ANY PAYMENTS made by YOU or by ANY PERSON on YOUR behalf, including but not limited to a LITIGATION FINANCER, with funds obtained from LITIGATION FINANCING for MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 26:**

ALL COMMUNICATIONS between YOU AND ANY LITIGATION FINANCER RELATING TO the ACTION OR MEDICAL TREATMENT.

**REQUEST FOR PRODUCTION NO. 27:**

ALL COMMUNICATIONS between ANY MEDICAL PROVIDERS AND ANY LITIGATION FINANCER RELATING TO MEDICAL TREATMENT in this ACTION.

**REQUEST FOR PRODUCTION NO. 28:**

ALL COMMUNICATIONS between YOU and ANY LITIGATION FINANCER RELATING TO potential settlement of the ACTION.

**REQUEST FOR PRODUCTION NO. 29:**

ALL due diligence materials provided to or received from ANY LITIGATION FINANCER RELATING TO the ACTION.

**REQUEST FOR PRODUCTION NO. 30:**

ALL DOCUMENTS, information, or materials produced OR obtained in discovery in the ACTION that have been provided to OR are accessible by ANY LITIGATION FINANCER.

| | |
|---|---|
| DATED: August 26, 2025 | By: */s/ Laura Vartain Horn*<br>Laura Vartain Horn (SBN 258485)<br>**KIRKLAND & ELLIS LLP**<br>555 California Street, Suite 2700<br>San Francisco, CA 94104<br>Telephone: (415) 439-1625<br>laura.vartain@kirkland.com<br><br>Jessica Davidson (Admitted *Pro Hac Vice*)<br>Christopher D. Cox (Admitted *Pro Hac Vice*)<br>**KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue<br>New York, NY 10022<br>Telephone: (212) 446-4800<br>jessica.davidson@kirkland.com<br>christopher.cox@kirkland.com<br><br>Allison M. Brown (Admitted *Pro Hac Vice*)<br>Caroline Power (Admitted *Pro Hac Vice*)<br>**KIRKLAND & ELLIS LLP**<br>2005 Market Street, Suite 1000<br>Philadelphia, PA 19103<br>Telephone: (215) 268-5000<br>alli.brown@kirkland.com<br>caroline.power@kirkland.com<br><br>*Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |

# CERTIFICATE OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco. My business address is Kirkland & Ellis LLP, 555 California Street, 27th Floor, San Francisco, CA 94104 and my email address is ltarpley@kirkland.com.

On the date set forth below, I caused the following document(s) to be served by providing a true copy thereof addressed to each of the persons named below:

**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REQUESTS FOR PRODUCTION, SET THREE**

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| Rachel Abrams, Esq.<br>Email: rabrams@peifferwolf.com<br>Adam B. Wolf, Esq.<br>Email: awolf@peifferwolf.com<br>Tiffany R. Ellis<br>Email: tellis@peifferwolf.com | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**<br>555 Montgomery Street, Suite 820<br>San Francisco, California 94111<br>Telephone: (415) 766-3544<br>Facsimile: (415) 840-9435 |

  X    **VIA EMAIL OR ELECTRONIC SUBMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on August 26, 2025 in San Francisco, California.

/s/ Lisa A. Tarpley
Lisa A. Tarpley