# **EXHIBIT C**

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com )

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*) **KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
Caroline Power (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000 Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com
caroline.power@kirkland.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*<br>Case No: 3:24-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES, SET THREE** |

DEFENDANTS' INTERROGATORIES, SET THREE
Case No. 3:23-md-03084-CRB

**PROPOUNDING PARTY**:   UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**RESPONDING PARTY**:   Jaylynn Dean

**SET NO.**:   THREE

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants") hereby propound this THIRD SET OF INTERROGATORIES to Jaylynn Dead ("Plaintiff"). Plaintiff is directed to answer within 30 days of the date these INTERROGATORIES are served.

## DEFINITIONS

1. "**ACTION**" shall mean the case captioned *Jaylynn Dean v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06708.

1. "**AGREEMENT**" means any contract, term sheet, memorandum of understanding, or other written or oral arrangement or understanding, formal or informal.

2. "**ALL**" AND "**ANY**" both INCLUDE "each" AND "every."

3. "**ALLEGED INCIDENT**" means the alleged circumstances AND events surrounding the accident, INJURY, OR other occurrence described in the COMPLAINT AND PLAINTIFF FACT SHEET.

4. "**AND**" AND "**OR**" INCLUDE and/or.

5. "**ANTICIPATED RECOVERY**" shall mean ANY amount of money ANY PERSON OR ENTITY with a FINANCIAL INTEREST in the ACTION expects may be recouped as a result of the ACTION.

6. "**BILLING COMPANY**" shall mean ANY individual, organization, corporation, agency that is tasked with issuing bills, reviewing medical coding, OR submitting medical coding, insurance billing, accounts payable, OR accounts receivable.

7. "**COMMUNICATION(S)**" is used in the broadest sense to encompass ANY transmission or exchange of information, ideas, facts, data, proposals, OR ANY other matter whether between individuals OR between OR among members of a group, whether face-to-face, by telephone, letter, e-mail, message, telegram, OR ANY other means of written, electronic, OR other medium.

8. "**COMPENSATION**" shall mean ANY form of PAYMENT made to ANY individual for work OR services performed RELATING TO the ALLEGED INCIDENT.

9. "**COMPLAINT**" shall refer to the Master Long Form Complaint, filed on February 15, 2024, in the United States District Court for the Northern District of California, San Francisco Division, Case No. 3:23-md-03084-CRB, AND ANY individual COMPLAINT, original OR amended, that YOU have filed in ANY legal proceeding RELATED TO the ALLEGED INCIDENT, INCLUDING ANY short form COMPLAINT.

10. "**COUNSEL**" shall mean ANY attorney OR firm representing YOU in the ACTION, INCLUDING Williams Hart & Boundas LLP, and their agents, assigns, employees, and partners.

11. "**DAMAGES**" shall mean ANY financial, mental, OR physical harm that YOU allege resulted from the ALLEGED INCIDENT AND for which YOU alleged UBER is responsible, as well as ANY financial compensation YOU seek as a result of those harms.

12. "**DESCRIBE**" shall mean to INCLUDE a complete description and explanation of the facts, circumstances, analysis, opinion, and other information relating to the subject matter of a specific INTERROGATORY.

13. "**DOCUMENT(S)**" means a writing AND INCLUDES the original OR a copy of handwriting, typewriting, printing, photostating, photographing, AND every other means of recording ANY tangible things AND form of communication OR representation, INCLUDING letters, words, pictures, images, sounds, OR symbol, OR combinations of them.

14. "**FINANCIAL INTEREST**" shall mean ANY advantage OR profit of a financial nature by ANY PERSON, PERSONS, organizations, companies involved in this litigation, whether OR not the value is ascertainable.

15. "**FORBEARANCE AGREEMENT**" shall mean ANY contracts, whether written, Oral, OR implied that delay the enforcement of ANY debts for ANY reason RELATING TO this litigation.

16. "**IDENTIFY**" as used in these INTERROGATORIES, shall mean to state the following for each category of identifications:

    a.    In the case of a PERSON, to state as:

        i.    The full name;

        ii.    The last known address;

        iii.    The state of formation, incorporation, OR organization; AND

        iv.    The principal place of business.

    b.    In the case of a DOCUMENT, regardless of whether privilege is being claimed, to:

        i.    State the present location of the DOCUMENT;

        ii.    State the identity of the custodian or other source of the DOCUMENT;

        iii.    State the type of file (*i.e.* electronic mail, memorandum, meeting minutes, etc.); AND

        iv.    IDENTIFY the parties included on that DOCUMENT and the nature of YOUR relationship to those parties.

     c.  In the case of an event, to state and DESCRIBE:

          i.  The date of the event;

          ii.  The PERSONS involved in the event;

          iii.  The nature of the event;

          iv.  The facts and circumstances surrounding the event.

17. **"INCLUDE"** AND **"INCLUDING"** shall mean including, but not limited to.

18. **"INJURY"** means ANY injury, harm, OR DAMAGES, INCLUDING but not limited to general DAMAGES, economic DAMAGES, pain AND suffering, emotional OR mental DAMAGES, AND physical DAMAGES.

19. **"INSURANCE"** shall mean ANY contract(s) between YOU AND ANY individual(s), company, AND/OR agency providing indemnification for MEDICAL TREATMENT.

20. **"LETTER OF PROTECTION"** shall mean ANY legally-binding DOCUMENT directed by COUNSEL between YOU AND ANY MEDICAL PROVIDER that promises the payment of ANY professional services provided out of ANY settlement RELATING TO the ALLEGED INCIDENT.

21. **"LIEN"** shall mean ANY security interest OR legal right acquired in YOUR property by ANY creditor RELATING TO the ALLEGED INCIDENT.

22. **"LITIGATION FINANCING"** means the financing, funding, advancing, OR loaning of money to pay for fees, costs, medical bills, litigation OR witness expenses, lost wages, advancement against a portion OR ALL potential recovery you may receive OR ANY other sums arising from OR in ANY manner RELATED TO the ACTION in exchange for ANY financial interest in the outcome of the ACTION, the repayment of ANY loan OR financing secured OR collateralized in whole OR in part by

ANY of the claims advanced OR recoveries obtained in connection with the ACTION, OR a non-monetary result, if the financing, funding, advancing, OR loaning of money is provided by ANY PERSON or ENTITY other than a PERSON who is:

    a. a party to the ACTION;

    b. a legal representative engaged, directly OR indirectly through another legal representative, to represent a party in the ACTION; OR

    c. an entity OR insurer with a preexisting contractual obligation to indemnify OR defend a party to the ACTION.

23. **"LITIGATION FINANCING AGREEMENT"** means a written contract in which a PERSON or ENTITY agrees to provide litigation financing to ANY PERSON in conjunction with a civil action OR an administrative proceeding OR in pursuit of ANY claim OR cause of action in consideration for:

    a. the payment of interest, fees, OR other consideration to the PERSON or ENTITY providing the LITIGATION FINANCING; OR

    b. granting OR assigning to the PERSON or ENTITY providing the LITIGATION FINANCING consideration realized from ANY judgment, award, settlement, verdict, OR other form of monetary relief ANY consumer, legal representative, OR entity may receive OR recover in relation to the civil action, administrative proceeding, claim, OR cause of action.

24. **"LITIGATION FINANCER"** means ANY PERSON or ENTITY providing OR offering YOU with LITIGATION FINANCING RELATING TO the ACTION.

25. "**MEDICAL PROVIDER**" shall INCLUDE ANY medical doctor, nurse, emergency medical technician, physician, podiatrist, doctor of chiropractic medicine, physical therapist, psychologist, psychiatrist, mental health counselor, therapist, OR other PERSON who performs ANY form of healing art who has provided services or MEDICAL TREATMENT YOU claim is RELATED TO the ALLEGED INCIDENT.

26. "**MEDICAL TREATMENT**" shall mean any medical, pharmaceutical, mental health, counseling, or other services OR treatment considered a healing art provided to YOU which YOU claim is RELATED TO the ALLEGED INCIDENT.

27. "**NON-RECOURSE INTEREST**" shall mean an interest in ANY collateral provided by the terms of ANY AGREEMENT in exchange for ANY monetary or non-monetary benefit RELATED TO the ACTION.

28. "**PERSON(S)**" shall INCLUDE ANY natural person, entity, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

29. "**PLAINTIFF FACT SHEET**" shall mean ANY fact sheet YOU completed AND provided to UBER in Case No. 3:23-md-03084-CRB AND ANY addition OR supplement to ANY such fact sheet.

30. "**RELATING TO**" OR "**RELATED TO**" means, by way of example AND without limitation: demonstrates, describes, memorializes, evidences, comprises, refers to, pertains to, supports, contradicts, affects, discusses, reflects OR concerns ALL OR ANY portion of the matter, facts, AND contentions specified in these INTERROGATORIES.

31. "**UBER**" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC, collectively, AND their employees, agents, assigns, directors officers, AND subsidiaries.

32.     "**YOU**" AND "**YOUR**" shall refer to the Plaintiff named in the above case caption, AND her agents, employees, insurance companies, accountants, investigators, guardians, AND anyone else acting on her behalf.

## INSTRUCTIONS

1.      The instructions set forth in Federal Rules of Civil Procedure 26 and 33 are incorporated herein by reference.

2.      No INTERROGATORY shall be read as limiting to ANY other INTERROGATORY.

3.      Each INTERROGATORY shall be answered in good faith AND as completely as YOUR information will permit. YOUR answers shall be based upon YOUR entire knowledge from all sources, INCLUDING all information in YOUR possession, custody, OR control. YOU may not give lack of information OR knowledge as an answer OR as a reason for failure to answer unless YOU state that YOU have made a reasonable inquiry AND that information known OR readily obtainable by YOU is insufficient to enable YOU to answer the substance of the INTERROGATORY.

4.      These INTERROGATORIES seek ALL information (INCLUDING information contained in OR on DOCUMENTS OR any tangible thing OR material) that is known OR available to YOU, INCLUDING ALL information in the possession of YOUR employees, agents, representatives, accountants, attorneys, investigators, AND consultants.

5.      These INTERROGATORIES should be construed as broadly as possible with ALL doubts resolved in favor of providing full AND complete responses to the INTERROGATORIES. Except as specifically provided in these INTERROGATORIES, words imparting the singular shall INCLUDE the plural AND vice versa, where appropriate, AND words imparting the present tense shall also INCLUDE the past AND future tense AND vice versa, where appropriate.

6. Unless otherwise specified, the time period covered by these INTERROGATORIES is January 1, 2016 through the present.

7. If YOU cannot fully respond to the following INTERROGATORIES after exercising due diligence to secure the information requested thereby, so state, AND provide the following information: (a) the portion of the INTERROGATORY that cannot be responded to fully AND completely; (b) the efforts that were made to obtain the requested information AND the facts relied upon that support the contention that the INTERROGATORY cannot be answered fully AND completely; AND (c) the knowledge, information, or belief YOU have concerning the unanswered portion of the INTERROGATORY.

8. If a claim of privilege is asserted with respect to any information requested herein, information shall be identified on a privilege log that provides ALL of the information required by Rule 26(b)(5) of the Federal Rules of Civil Procedure subject to ANY agreement by the parties in this ACTION regarding claims of privilege AND privilege logs. Provide ALL information falling within the scope of the INTERROGATORY which is not privileged.

9. In the event YOU contend that ANY of these INTERROGATORIES is objectionable, in whole or in part, state with particularity each such objection AND the bases therefor, AND respond to the remainder of the INTERROGATORY to the extent You are not objecting to it.

10. If, in responding to ANY INTERROGATORY, ANY ambiguities in the INTERROGATORY'S wording are encountered, the response shall set forth the matter deemed ambiguous AND the construction used in responding to the INTERROGATORY.

11. The INTERROGATORIES are continuing AND may require, pursuant to Rules 26(e) and 33 of the Federal Rules of Civil Procedure, supplemental responses if, at ANY time after responding to

these INTERROGATORIES, YOU discover additional information that will make YOUR responses to these INTERROGATORIES more complete or correct. Such supplemental responses are to be promptly produced. This continuing obligation to amend responses includes additional information created during the course of this ACTION.

12. These Instructions are submitted for the purposes of discovery and are not to be taken as waiving any objections which may be made at trial to the introduction of evidence on subjects covered by these INTERROGATORIES or as an admission at trial of the relevance or materiality of ANY of the matters covered by these INTERROGATORIES.

13. UBER reserves its rights to modify OR supplement ANY INTERROGATORY in this THIRD SET OF INTERROGATORIES.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

IDENTIFY ANY instance where YOU sought or received LITIGATION FINANCING.

**INTERROGATORY NO. 2:**

IDENTIFY ANY PERSON that holds a NON-RECOURSE INTEREST in the outcome of the ACTION.

**INTERROGATORY NO. 3:**

IDENTIFY ANY PERSON, excluding COUNSEL, who has the authority OR right to approve OR make litigation decisions, INCLUDING, managing litigation expenses, approving or participating in the selection OR compensation of experts, OR receiving notice of OR approving settlement OR participating in settlement discussions in the ACTION, AND DESCRIBE the scope of that authority OR right.

**INTERROGATORY NO. 4:**

For ANY PERSON identified in response to INTERROGATORY NO. 3, (a) DESCRIBE the relationship between YOU and the PERSON AND the nature of the PERSON'S FINANCIAL INTEREST in the ACTION, AND (b) IDENTIFY ALL COMMUNICATIONS RELATED TO the ACTION between that PERSON and YOU.

**INTERROGATORY NO. 5:**

IDENTIFY ANY PERSON that currently has, or has ever had, a FINANCIAL INTEREST in ANY recovery from the ACTION, even if payment is OR was not conditioned on the outcome of the ACTION.

**INTERROGATORY NO. 6:**

For ANY PERSON identified in response to INTERROGATORY NO. 5, DESCRIBE the nature of the PERSON'S FINANCIAL INTEREST in this ACTION.

**INTERROGATORY NO. 7:**

IDENTIFY ANY PERSON who has previously provided OR is currently providing LITIGATION FINANCING.

DATED: August 26, 2025

By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue

| | |
|---|---|
| 1 | New York, NY 10022 |
| 2 | Telephone: (212) 446-4800 |
|   | jessica.davidson@kirkland.com |
| 3 | christopher.cox@kirkland.com |
| 4 | Allison M. Brown (Admitted *Pro Hac Vice*) |
| 5 | Caroline Power (Admitted *Pro Hac Vice*) |
|   | **KIRKLAND & ELLIS LLP** |
| 6 | 2005 Market Street, Suite 1000 |
|   | Philadelphia, PA 19103 |
| 7 | Telephone: (215) 268-5000 |
|   | alli.brown@kirkland.com |
| 8 | caroline.power@kirkland.com |
| 9 | *Attorneys for Defendants* |
| 10 | UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |

# CERTIFICATE OF SERVICE

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco. My business address is Kirkland & Ellis LLP, 555 California Street, 27th Floor, San Francisco, CA 94104 and my email address is ltarpley@kirkland.com.

On the date set forth below, I caused the following document(s) to be served by providing a true copy thereof addressed to each of the persons named below:

**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S INTERROGATORIES, SET THREE**

| *Attorneys for Plaintiff* | *Attorneys for Plaintiff* |
|---|---|
| Rachel Abrams, Esq.<br>Email: rabrams@peifferwolf.com<br>Adam B. Wolf, Esq.<br>Email: awolf@peifferwolf.com<br>Tiffany R. Ellis<br>Email: tellis@peifferwolf.com | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**<br>555 Montgomery Street, Suite 820<br>San Francisco, California 94111<br>Telephone: (415) 766-3544<br>Facsimile: (415) 840-9435 |

  X   **VIA EMAIL OR ELECTRONIC SUBMISSION**: Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the person(s) at the e-mail address(es) listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the State of California that the foregoing istrue and correct. Executed on August 26, 2025 in San Francisco, California.

                                                */s/ Lisa A. Tarpley*
                                                Lisa A. Tarpley