RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF A.T.** |
| This Document Relates to:<br><br>*A.T. v. Uber Technologies, Inc., et al;*<br>3:24-cv-05592-CRB | |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023. Additionally, Plaintiff A.T. has been unable to provide Peiffer Wolf with adequate information to substantiate her case and fulfill her discovery obligations.

3. Plaintiff A.T.'s failure to communicate with and provide sufficient information to our

firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff A.T. ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office throughout her representation.

   a. On May 9, 2023, Plaintiff retained Peiffer Wolf as legal counsel.
   b. Between May 9, 2023 and September 15, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included thirty-eight (38) unsuccessful phone calls where voice messages could not be left, five (5) unsuccessful phone calls with voice messages, ten (10) unanswered text messages, and nine (9) unanswered e-mails.
   c. During the aforementioned time period, our office and staff was in the process of collecting intake information from Plaintiff about her claim.
   d. Plaintiff never contacted or responded to contact attempts by our office during that time period.
   e. On August 21, 2024, as Plaintiff's case was filed in the MDL, our office began contacting Plaintiff informing her of her discovery obligations and the Plaintiff Fact Sheet requirements.
   f. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information provided by Plaintiff.
   g. On September 6, 2024, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.
   h. Between September 6, 2024 and to this day, Plaintiff received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she

contact our office or provide requested information. These communications included 38 unsuccessful phone calls where no voice messages could be left, five (5) unsuccessful phone calls with voice messages, ten (10) text messages, nine (9) e-mails, and four (4) letters. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

    i. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff.

    j. Between September 6, 2024 and to this day, Plaintiff never responded to any contact attempts.

    k. On February 27, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by March 7, 2025, we would choose to withdraw as counsel.

6. Plaintiff has failed to provide our firm with appropriate information to substantiate her claim and fulfill her discovery obligations.

    a. On September 6, 2024, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

    b. Plaintiff's ride receipt could not be confirmed or substantiated.

7. On October 3, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned

on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 9th day of October, 2025 in San Francisco, California.

>*/s/ Rachel B. Abrams*
>Rachel B. Abrams
>
>*Counsel for Plaintiff*