UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING SCHEDULE FOR COMMON FACT DISCOVERY** |

     Since the beginning of this MDL the parties have undertaken significant common discovery regarding Uber's policies and practices related to passenger safety and reports of alleged sexual assault and sexual misconduct. The parties have also conducted case-specific discovery. With respect to discovery management, the undersigned has asked the parties for their positions as to the schedule for ongoing common, as opposed to case-specific, fact discovery.

     By way of background, on April 14, 2025, Judge Breyer, organized the bellwether cases into five trial waves, tentatively assigned a selection of cases to each of the trial waves, and requested the parties' feedback on the proposed waves. *See* Dkt. No. 2775 (Pretrial Order No. 24). After issuing a revised proposal for cases in Wave 1 and gathering the parties' responses, Judge Breyer selected six cases to comprise the bellwether Wave 1 trial cases and set a schedule for those cases. Dkt. No. 2894 (Pretrial Order No. 26). With respect to discovery, Pretrial Order 26 set for the Wave 1 trial cases substantial completion deadlines for case-specific fact discovery and MDL-wide corporate discovery, deadlines for the exchange of expert reports and rebuttal expert reports, and a date for the close of discovery. *Id.* The order set deadlines for *Daubert* and dispositive motions and related briefing for these six cases. In addition, Pretrial Order No. 26 set for the first Wave 1 trial, a date for the final pretrial conference and the trial start date. Pretrial

Order No. 26 did not set a cut-off date for MDL common discovery or determine other deadlines or scheduling for the subsequent four trial waves or non-bellwether cases.

On July 21, 2025, the schedule in Pretrial Order No. 26 was modified in part. Dkt No. 3533. Specifically, for Wave 1 trial cases, the deadlines for the exchange of expert reports and expert rebuttal reports were extended and the close of discovery was changed to October 6, 2025. The Court's order approving the parties' stipulation to change these dates did not govern trial Waves 2 through 5 of the bellwether cases or non-bellwether cases.

Turning to the parties' positions, Plaintiffs first state that "any cutoff should extend to both common discovery and case-specific discovery for the Wave 1 bellwether cases," meaning one deadline for the five cases that comprise the trial Wave 1 bellwether cases. Dkt. No. 4092. Plaintiffs then summarize outstanding discovery and assert that the discovery deadline for the Wave 1 cases should be November 14, 2025. In effect, Plaintiffs are seeking an extension of the October 6, 2025 discovery cutoff for Wave 1 cases. Plaintiffs do not propose a deadline for the close of common fact discovery for any MDL cases beyond the Wave 1 trial cases. It appears that Plaintiffs implicitly do not support the setting of a deadline for common fact discovery for Waves 2 through 5 of the bellwether cases or all the MDL cases.

Uber, in contrast, contends that November 14, 2025 should be the deadline for common fact discovery for all cases in the MDL. Uber acknowledges an ongoing duty to supplement discovery, which may result in further discovery responses and productions, and the company objects to discovery requests that Plaintiffs served on October 6, 2025, contending that they are untimely.

Discovery requests served on October 6, 2025 are untimely as to the Wave 1 cases, but they are not untimely as to all other cases because the existing common fact discovery cut-off of October 6, 2025 applies only to the Wave 1 cases. *See* Civ. L.R. 37-3 commentary ("Counsel should initiate discovery requests and notice depositions sufficiently in advance of the cut-off date to comply with this local rule."). To the extent Plaintiffs wish for this discovery to be put to use in the Wave 1 trials, they must seek an order from the Court finding good cause. *See id*.

With respect to ongoing Wave 1 discovery, namely that in connection with the

undersigned's recent discovery orders, Dkt. Nos. 3973, 4060, this discovery shall be completed by November 14, 2025.

To the extent that Uber seeks a common fact discovery cutoff that applies to all MDL cases, they shall present their request to Judge Breyer. As the presiding judge, Judge Breyer controls the case schedule overall.

With respect to the supplementation of discovery responses. Rule 26(e)(1) of the Federal Rules of Civil Procedure establishes a duty to supplement initial disclosures and certain discovery responses. Fed. R. Civ. P. 23(e). The parties shall continue to abide by this requirement as applicable. To the extent that there is an existing dispute regarding Uber's or Wave 1 Plaintiffs' obligation to supplement discovery, the parties shall meet and confer regarding those disputes, and where they are unable to resolve the dispute, they shall file a joint letter no later than October 28, 2025.

**IT IS SO ORDERED.**

Dated: October 13, 2025

LISA J. CISNEROS
United States Magistrate Judge