ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*E.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09052-CRB<br><br>*A.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02105-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS DUPLICATIVE CASES**<br><br>Date:    December 12, 2025<br>Time:   10:00 a.m.<br>Courtroom:  6 – 17th Floor |

*T.B. 1475 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02989-CRB

*Jane Roe CL 146 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03719-CRB

*E.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04526-CRB

*Arpitkumar Patel v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05287-CRB

*Jane Doe LS 618 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06160-CRB

*K.L. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06178-CRB

## NOTICE OF MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2025 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") will, and hereby do, move this Court for an order dismissing with prejudice the later-filed cases of the above-listed Plaintiffs on the grounds that Plaintiffs have filed two duplicative actions in this multidistrict litigation, for an order to show cause why Plaintiffs should not be required to pay Defendants' reasonable attorneys' fees and costs incurred to file this Motion to Dismiss, and for such other and further relief the Court deems just and proper.

This Motion is made pursuant to the rule against claim splitting recognized in *Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879 (9th Cir. 2022), and other cases. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: October 14, 2025                        SHOOK, HARDY & BACON L.L.P.

                                                          By: */s/ Michael B. Shortnacy*
                                                             MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

1.  **STATEMENT OF RELIEF SOUGHT**

Uber seeks an order dismissing Plaintiffs' later-filed duplicative actions within this MDL with prejudice and an order to show cause why Plaintiffs should not be required to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss. Uber does not move as against the first-filed cases for these Plaintiffs.

2.  **MEMORANDUM OF POINTS AND AUTHORITIES**

I.  **INTRODUCTION**

Plaintiffs "generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007), *abrogated on other grounds by Taylor v. Sturgell*, 553 U.S. 880 (2008). Yet this is what the Plaintiffs at issue in this motion have attempted to do in this multidistrict litigation ("MDL"). Each of these four Plaintiffs has filed two separate actions within this MDL, related to the same alleged incident on the same date and including the same defendants. Indeed, the only difference between the two actions filed by each of these Plaintiffs appears to be that different law firms purport to be representing these Plaintiffs in the two different actions. Uber has contacted each of these law firms in an attempt to resolve these issues without having to unnecessarily burden this Court. However, Plaintiffs have disregarded the reasonable resolutions offered by Uber and continue to maintain both of their overlapping cases. Regardless, duplicative actions like these are a waste of this Court's and the parties' resources and should be dismissed with prejudice. *See Bell v. ReconTrust Co., N.A.*, 587 F. App'x. 402, 405 (9th Cir. 2014).

3.  **BACKGROUND**

Each of the four Plaintiffs at issue in this motion has filed duplicative actions in this MDL and, when informed of the redundant complaints by Uber, failed to resolve the issue.

On December 13, 2024, Plaintiff E.B. filed a complaint alleging that she had been sexually assaulted or harassed by an Uber driver in Florida on June 9, 2021, through counsel Anapol Weiss. Complaint, *E.B. v. Uber Technologies, Inc. et al.*, No. 3:24-cv-09052-CRB, ECF No. 1 (N.D. Cal. Dec. 13, 2024). Approximately six months later, on May 29, 2025, E.B. filed a second complaint, this time through the Pulaski Law Firm, PLLC, again relating to an alleged incident with an independent

1

driver in Florida on June 9, 2021. Complaint, *E.B. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-04526-CRB, ECF No. 1 (N.D. Cal. May 29, 2025). Uber's counsel sent an email on August 21, 2025 to both sets of Plaintiffs' counsel requesting that the duplication in cases be resolved. *See* Declaration of Michael B. Shortnacy ¶ 4. Counsel responded that same day to say that they would let Uber know which firm for the Plaintiff would be taking the lead. To date, Plaintiffs' counsel have failed to do so, leaving both *identical* actions pending, thereby requiring Uber to file this motion.

Plaintiff T.B. filed a complaint on April 1, 2025, alleging sexual assault or harassment by an independent driver on the Uber platform in Shelby County, Tennessee, on April 30, 2024. Complaint, *T.B. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-02989-CRB, ECF No. 1 (N.D. Cal. April 1, 2025). She was represented by Cohen Hirsch LP. *Id.* Later that same month, on April 29, 2025, T.B. filed a second complaint related to the same April 2024 incident under a pseudonym through the Cutter Law Firm. Complaint, *Jane Roe CL 146 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-03719-CRB, ECF No. 1 (N.D. Cal. April 29, 2025). Uber notified both sets of counsel for Plaintiff of the duplication of cases in an email on August 21, 2025, and asked that it be resolved. *See* Shortnacy Decl. ¶ 4. To date, Uber has not received a response from Plaintiff's counsel, and both actions remain pending.

On July 22, 2025, Plaintiff Jane Doe LS 618, through counsel at Levin Simes, LLP, filed a complaint alleging an independent driver on the Uber platform sexually assaulted or harassed her in Dallas, Texas, on July 29, 2023. Complaint, *Jane Doe L.S. 618 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06160-CRB, ECF No. 1 (N.D. Cal. July 22, 2025). The very next day, July 23, 2025, she filed a second complaint relating to the July 2023 incident under a different pseudonym through counsel at Peiffer Wolf Carr Kane Conway & Wise. Complaint, *K.L. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06178-CRB, ECF No. 1 (N.D. Cal. July 23, 2025). Uber sent an email to both sets of Plaintiff's counsel on August 21, 2025 asking that the duplication be resolved but did not receive a response. *See* Shortnacy Decl. ¶ 4. Neither action has been dismissed.

On February 28, 2025, Plaintiff A.P. filed a complaint alleging sexual assault or harassment by an Uber driver in New Jersey on June 27, 2023. Complaint, *A.P. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-02105-CRB, ECF No. 1 (N.D. Cal. Feb. 28, 2025). Counsel was Peiffer Wolf Carr Kane Conway & Wise. *Id.* Plaintiff filed a second complaint relating to the June 2023 incident on June 27,

2025, this time through the Ben Martin Law Group and abandoning the pseudonym. *Patel v. Uber Technologies, Inc. et al.,* No. 3:25-cv-05287-CRB, ECF No. 1 (N.D. Cal. June 27, 2025). Uber did not receive a response to its August 22, 2025 email to both sets of Plaintiff's counsel requesting that the duplication be resolved, and both duplicative cases remain pending. *See* Shortnacy Decl. ¶ 4.

4. **ARGUMENT**

I. **THE LATER-FILED OF EACH OF PLAINTIFFS' DUPLICATIVE ACTIONS SHOULD BE DISMISSED WITH PREJUDICE FOR IMPROPER CLAIM-SPLITTING.**

It is an important premise of our justice system that a plaintiff is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894). Thus, plaintiffs are not permitted to "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza*, 30 F.4th at 886. District courts have "broad discretion to control their dockets [and] may exercise [their] discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688.

To determine whether a suit is duplicative, the Ninth Circuit uses the "transaction test," borrowed from the context of claim preclusion. *Id.* at 689. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Id.* The Ninth Circuit has identified four criteria for courts to consider in evaluating whether two actions are duplicative: (1) whether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action; (2) whether substantially the same evidence is presented in the two actions; (3) whether the two suits involve infringement of the same right; and (4) whether the two suits arise out of the same transactional nucleus of facts. *Id.* at 689 (*quoting Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982)). The "most important factor is whether the two suits arise out of the same transactional nucleus of facts." *Mendoza,* 30 F.4th at 887. Indeed, the Ninth Circuit has repeatedly found this last factor to be outcome determinative. *Media Rights Tech., Inc. v. Microsoft Corp.,* 922 F.3d 1014, 1028 (9th Cir.

2019).

Beginning, then, with this most important factor, each of the four Plaintiffs at issue in this motion should have one of their cases dismissed because both suits arise out of the same transactional nucleus of facts. "Whether two events are part of the same transaction or series depends on whether they are related to the same set of facts and whether they could conveniently be tried together." *Mpoyo v. Litton Electro-Optical Sys.,* 430 F.3d 985, 987 (9th Cir. 2005). Here, Plaintiffs' complaints show that both of their actions depend on the exact same set of facts: a single alleged incident with an Uber driver, at the same place and time, that forms the basis of both cases.

- Both of E.B.'s cases relate to an incident in Florida on June 9, 2021. Complaint, *E.B. v. Uber Technologies, Inc. et al.*, No. 3:24-cv-09052-CRB, ECF No. 1 (N.D. Cal. Dec. 13, 2024); Complaint, *E.B. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-04526-CRB, ECF No. 1 (N.D. Cal. May 29, 2025).

- T.B.'s actions both concern events on April 30, 2024, in Tennessee. Complaint, *T.B. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-02989-CRB, ECF No. 1 (N.D. Cal. April 1, 2025); Complaint, *Jane Roe CL 146 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-03719-CRB, ECF No. 1 (N.D. Cal. April 29, 2025).

- Jane Doe LS 618 filed two cases relating to an ride on the Uber platform in Texas, on July 29, 2023. Complaint, *Jane Doe L.S. 618 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06160-CRB, ECF No. 1 (N.D. Cal. July 22, 2025); Complaint, *K.L. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06178-CRB, ECF No. 1 (N.D. Cal. July 23, 2025).

- A.P.'s actions both relate to events in New Jersey on June 27, 2023. Complaint, *A.P. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-02105-CRB, ECF No. 1 (N.D. Cal. Feb. 28, 2025); Complaint, *Patel v. Uber Technologies, Inc. et al.*, No. 3:25-cv-05287-CRB, ECF No. 1 (N.D. Cal. June 27, 2025).

Because each of the Plaintiffs at issue here has based two different cases on "near identical factual allegations," dismissal of the later-filed cases is appropriate. *Malberg v. McCracken,* No. 5:22-cv-03613, 2023 WL 6278879, at *2 (N.D. Cal. Sept. 25, 2023); *see also Indigo Group USA, Inc. v. Ralph Lauren Corp.,* 690 F. App'x 945, 946 (9th Cir 2017) (affirming dismissal of later-filed case arising out of same facts as earlier one). Indeed, this Court need not even consider the other factors given the lack of any "real differences (if there are any differences at all) between the factual predicates for" each of the Plaintiffs' two cases. *United States v. Liquidators of European Federal Credit Bank,* 630 F.3d 1139, 1151 (9th Cir. 2011).

The other factors also favor dismissal. Two cases involve infringement of the same right (for purposes of the third factor) where they assert the "same overall harms and primary rights," even if there are "modest difference in the legal theories." *Ramchandran v. City of Los Altos,* No. 23-cv-02928, 2024 WL 1745037, at *11 & 14 (N.D. Cal. April 22, 2024). Here, all of Plaintiffs' cases are part of the same MDL, incorporate the same Master Long-Form Complaint by reference, and assert the same basic claims related to sexual assault or harassment. *See* ECF No. 269. They indisputably assert the same overall harms and primary rights. *See Mpoyo,* 430 F.3d at 987. Because the facts and the legal theories at issue in Plaintiffs' actions are basically indistinguishable from one another, it follows that "the evidence in both actions will be essentially the same," satisfying the second factor. *Raskin v. Bausch & Lomb Inc.,* No. 24-cv-6442, 2025 WL 1666145, at *3 (N.D. Cal. June 12, 2025). And by filing separate but virtually identical complaints based on the same facts and legal interests, Plaintiffs have created a risk of inconsistent decisions across their two matters. *Murphy v. Wells Fargo Home Mortgage,* No. 12-cv-6228, 2013 WL 4482671, at *7 (N.D. Cal. Aug. 19, 2013). Any inconsistencies in the later-filed case would serve to destroy or impair rights or interests from the first-filed case, consistent with the first factor. *See Kleidman v. Murphy,* No. 22-cv-6355, 2023 WL 6232562, at *6 (N.D. Cal. Sept. 25, 2023) (emphasizing importance of "fostering reliance on judicial action by minimizing the possibility of inconsistent decisions").

In addition, "judicial economy and the comprehensive disposal of litigation" favor dismissal of Plaintiffs' identical actions. *Jones v. Ghaly,* No. 21-cv-5828, 2022 WL 1128680, at *1 (N.D. Cal. April 15, 2022). Dismissal is appropriate because "[p]arallel litigation of claims that could have been brought in the same lawsuit is exactly the conduct the doctrine of claim splitting is meant to prevent." *Raskin,* 2025 WL 1666145, at *4. Thus, this Court should dismiss the later-filed actions for each of the four relevant Plaintiffs with prejudice, namely *E.B. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-04526-CRB; *Jane Roe CL 146 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-03719-CRB; *K.L. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06178-CRB; and *Patel v. Uber Technologies, Inc. et al.*, No. 3:25-cv-05287-CRB.

## II. PLAINTIFFS SHOULD BE ORDERED TO SHOW CAUSE WHY THEY SHOULD NOT BE REQUIRED TO PAY UBER'S REASONABLE ATTORNEYS' FEES INCURRED TO FILE THIS MOTION TO DISMISS.

This Court has the inherent authority to order a party or its counsel to pay another party's legal fees associated with litigation abuses or bad faith conduct. *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.,* No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024). Where, as here, a party has filed a duplicative complaint, courts have ordered sanctions in the past. *See, e.g.*, *Pace v. Cirrus Design Corp.,* No. 3:22-cv-685, 2025 WL 819006, at *10 & 12 (S.D. Miss. March 13, 2025) (ordering $15,000 sanction where plaintiff filed a duplicative lawsuit); *Cole v. City of Wauwatosa,* No. 23-cv-1321, 2024 WL 2862112, at *1 & 4 (E.D. Wis. June 6, 2024) (awarding reasonable attorneys' fees and costs where plaintiff "unnecessarily consumed both the Court's limited resources and that of Defense counsel" by filing a duplicative lawsuit). By filing duplicative lawsuits, Plaintiffs caused Uber to unnecessarily spend time and money to defend against meritless claims. *See White v. Witt,* No. 05-cv-695, 2006 WL 3337365, at *3 (W.D. Wash. Nov. 16, 2006). And by failing to take action to resolve the duplication for more than a month after Uber's counsel notified them of it, Plaintiffs necessitated the effort and expense of this motion practice. Uber respectfully requests that this court exercise its authority to order Plaintiffs to show cause why they or their counsel should not be ordered to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss. *See Coronavirus Reporter Corp. v. Apple, Inc.,* No. No. 24-cv-08660, 2025 WL 2162947, at *3 (N.D. Cal. July 30, 2025) ("On its own, the court may order an attorney, law firm, or party to show cause").

Due to Plaintiffs' failure to resolve the duplication of cases after receiving notice from Defendants, Defendants were forced to expend an approximate total of 24.6 attorney hours to research, draft, and prepare this motion, at an approximate total cost to Defendants of $16,278. Defendants are prepared to substantiate these costs with appropriate back up material should the Court so order.

### 5. CONCLUSION

The four Plaintiffs subject to this motion have each filed two duplicative actions within this MDL and, when apprised of the issue by Uber's counsel, failed to remedy it. These Plaintiffs'

1  competing complaints are substantively identical and maintaining them would serve only to waste the
2  Court's and the parties' resources. This Court should dismiss the later-filed of each of Plaintiffs'
3  actions with prejudice and Plaintiffs should be ordered to show cause why they should not be required
4  to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss.

Dated: October 14, 2025

SHOOK, HARDY & BACON L.L.P.
By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC