ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     (816) 559-2393
Facsimile:     (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTIONS TO WITHDRAW AS COUNSEL OF RECORD** |
| This Document Relates to: | Judge:     Honorable Charles R. Breyer |
| *A.T. v. Uber Technologies, Inc., et al.,* 3:24-cv-05592; and | |
| *K.B. v. Uber Technologies, Inc., et al.,* 3:25-cv-02650. | |

The Court should deny Peiffer Wolf Carr Kane Conway and Wise, LLP's ("Peiffer Wolf") Motions to Withdraw as Counsel of Record (ECF Nos. 4103 & 4104) for the above referenced Plaintiffs.

Inexplicably, Peiffer Wolf failed to disclose to the Court that the two Plaintiffs referenced in these Motions to Withdraw are subject to imminent PTO 31 deadlines on October 20, 2025. Nor does counsel offer any explanation to the Court as to how they believe Plaintiffs can meet these imminent deadlines once abandoned by their counsel. Both of the above referenced Plaintiffs received notice on September 12, 2025, pursuant to PTO 31 (ECF No. 3877), which related to Uber's First Receipts Motion (ECF No. 3604). PTO 31 requires these Plaintiffs to "either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt" within 30 days, or by October 13, 2025. ECF No. 3877 at 2. Peiffer Wolf recently sought and received an extension of that deadline to **October 20, 2025**. Failure to comply with the deadline "shall subject the Plaintiff to dismissal without prejudice." ECF No. 3877 at 2. In complete disregard of these impending PTO 31 obligations, however, Peiffer Wolf is now seeking to withdraw as counsel at the eleventh hour, without so much as acknowledging the imminent deadline, much less explaining how it knows its clients will be able to meet that deadline *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both the Plaintiffs at issue and to Uber. *See Eslick v. Intuitive Surgical, Inc.,* No. at *2 (N.D. Cal. April 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Even more problematically, however, the declarations submitted by counsel in connection with these Motions make clear that each of the cases was filed by counsel despite Plaintiffs' lack of communication *before* they were filed. *See* ECF No. 4103-1, at ¶ 5b, 5d, 5e, 5f (admitting no contact with the Plaintiff after May 9, 2023 but describing the filing of the MDL complaint 15 months later in August 2024 and submitting both a Ride Information Form and Plaintiff Fact Sheet thereafter,

1

apparently with no input from their client); ECF No. 4104-1, at ¶ 5b, 5d, and 5e (describing Plaintiffs' failure to return counsel's communications beginning in December 2024 three months before the case was filed). Counsel's admissions raise serious questions regarding why these cases were ever filed in the first place, whether counsel consulted with Plaintiffs about filing the cases before doing so, how counsel completed Ride Information Forms and Plaintiff Fact Sheets without Plaintiffs' involvement or review of the responses, and why counsel waited until now – with imminent PTO 31 deadlines – to attempt withdraw from these cases.

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Peiffer Wolf's motions to withdraw do not identify these four factors, do not address the third and fourth factors at all, and cite no case law. ECF Nos. 4103 & 4104. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motions on that basis alone.

On the merits, this Court should deny Peiffer Wolf's motions to withdraw because of the prejudice they would cause Plaintiffs and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, the deadline for both A.T. and K.B. to respond to PTO 31 is roughly a week away, on October 20, 2025. Ex. A, 10/10/25 email. Peiffer Wolf was clearly aware of that deadline, as it sought and obtained the extension the day after filing its motions to withdraw. *Id.* But neither motion to withdraw mentions that deadline, much less explains what Peiffer Wolf has told A.T. and K.B. about this specific deadline or their obligations under PTO 31, when those communications occurred, or how counsel believes Plaintiffs will be able to comply with that deadline *pro se* without delaying the resolution of this case. ECF Nos. 4103 & 4104. The motions contain only vague statements about how Peiffer Wolf has "taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact Peiffer Wolf or meet

1  discovery deadlines." *Id*. Perhaps Peiffer Wolf was concerned this Court would not grant its motions
2  to withdraw if it clearly acknowledged that the withdrawals would come right before an important
3  (and indeed potentially case-dispositive) deadline.

4      Regardless, the lack of candor with this Court is troubling. *See AliveCor, Inc. v. Apple, Inc.*,
5  No. 21-cv-03958, 2023 WL 4335293, at *6 (N.D. Cal. June 2, 2023). This is especially true in this
6  circumstance. Plaintiffs' PTO 31 obligations are a direct result of the incomplete information provided
7  in Plaintiffs' Ride Information Forms served pursuant to Pretrial Order Number 5. *See* PTO 31 (ECF
8  No. 3877), at 2. But Counsel's declarations clearly indicate that counsel completed Plaintiffs' Ride
9  Information Forms without Plaintiffs' review or input. Indeed, for Plaintiff A.T., counsel admits that
10 they lost touch with Plaintiff more than 15 months before filing the MDL complaint and then
11 submitting a Ride Information Form on Plaintiff's behalf. *See* ECF No. 4103-1, at ¶ 2, 5(b), 5(d-f).
12 Even if Plaintiffs were able to proceed *pro se* on such short notice, it is not clear whether they are even
13 aware of what information counsel previously submitted in Plaintiffs' Ride Information Form or
14 Plaintiff Fact Sheets on Plaintiffs' behalf. With this important PTO 31 deadline pending, the possibility
15 that "withdrawal would work an injustice or cause undue delay in the proceeding" means that Peiffer
16 Wolf's motion should be denied. *TMCO Ltd. v. Green Light Energy Sols. R&D Corp.*, No. 4:17-cv-
17 00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020).

18     Indeed, in an August 26, 2025 Order (ECF No. 3759), this Court denied a similar motion to
19 withdraw by counsel for Plaintiffs subject to Uber's First Receipts Motion filed on July 30, 2025 (ECF
20 No. 3604). The Court stated in the Order:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF No. 3759. For the same reasons stated in that Order, Uber requests that this Court deny Peiffer Wolf's Motions to Withdraw as Counsel (ECF Nos. 4103 & 4104) without prejudice, pending Plaintiffs' response to their noticed and outstanding PTO 31 obligations.

In addition, in light of Peiffer Wolf's failure to address the impending PTO 31 obligations in its motions, Uber respectfully requests that this Court enter an order (in the form attached as Exhibit A) requiring that firm to provide a declaration stating (1) whether it informed plaintiffs of their specific obligations under PTO 31 and, if so, when it did so; and (2) how counsel believes plaintiffs can proceed *pro se* to meet the existing PTO 31 deadlines without further delaying the progress of this matter.

DATED: October 15, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC