1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
   laura.vartain@kirkland.com
4
   Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Christopher V. Cotton (Admitted *Pro Hac Vice*)
   **SHOOK, HARDY & BACON LLP**
9  2555 Grand Boulevard
   Kansas City, MO 64108
10 Telephone: (816) 474-6550
   ccotton@shb.com
11
   *Attorneys for Defendants*
12 UBER TECHNOLOGIES, INC., RASIER, LLC,
   And RASIER-CA, LLC

13                  **UNITED STATES DISTRICT COURT**

14                **NORTHERN DISTRICT OF CALIFORNIA**

15                    **SAN FRANCISCO DIVISION**

16

17 IN RE: UBER TECHNOLOGIES, INC.,        MDL No. 3084 CRB
   PASSENGER SEXUAL ASSAULT
   LITIGATION                             **DEFENDANTS UBER TECHNOLOGIES,**
18                                        **INC., RASIER, LLC, AND RASIER-CA,**
                                          **LLC'S OPPOSITION TO MOTION TO**
19 _____       **WITHDRAW AS COUNSEL OF RECORD**

20 This Document Relates to:              Judge:      Honorable Charles R. Breyer

21 *Jane Doe LS 333 v. Uber Technologies,*
   *Inc., et al.,* No. 3:23-cv-05930-CRB
22 *Jane Doe LS 397 v. Uber Technologies,*
   *Inc., et al.,* No. 3:24-cv-05864-CRB
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

The Court should deny Levin Simes LLP's ("Levin Simes") Motion to Withdraw as Counsel of Record (ECF 4146) for Plaintiffs Jane Doe LS 333 and 397 (hereinafter "Motion to Withdraw"). Although not disclosed in Levin Simes' Motion to Withdraw, both of these Plaintiffs were subject to Uber's Motion to Show Cause filed on July 30, 2025. ECF 3604. The Court granted that Motion on September 9, 2025. ECF 3876. The Court also ordered these two Plaintiffs to produce documents (by October 14, a deadline that Plaintiff/Levin Simes has missed) and sit for depositions (by October 30) related to their submission of fraudulent receipts. ECF 3977. It has also ordered them to show cause why their cases should not be dismissed by October 17. *Id.*; ECF 4120. Although Levin Simes acknowledges that these Plaintiffs are "subject to a court order to produce discovery concerning purported non-bona-fide ride receipts[,]" they fail to fully disclose the extent of these Plaintiffs' current obligations, including the fact that these Plaintiffs' document production deadline was only hours after Levin Simes filed its Motion to Withdraw. ECF 4146-1. With the deadline to produce documents now missed, and the deadline to sit for a deposition fast approaching, Levin Simes seeks to leave its clients to fend for themselves, which would cause great prejudice to both those Plaintiffs and Uber. *See Eslick v. Intuitive Surgical, Inc.,* No. at *2 (N.D. Cal. April 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759.

1

**BACKGROUND**

Levin Simes served the fraudulent receipts for LS 333 and 397 in February and September 2024. ECF 3909. In May 2024 and March 2025, Uber provided Defendant Fact Sheets indicating that Uber could not locate ride receipts that correspond to these Plaintiffs' allegations. *Id.* The receipts were again discussed in a letter to the Levin Simes firm on July 22, 2025, and on a meet and confer call with the firm on July 25, 2025. *Id.* On July 30, Uber filed a Motion for an Order to Show Cause. ECF 3604. That motion included 21 fraudulent receipts. *Id.* In response, plaintiffs' firms did not deny that 19 of the 21 receipts were fraudulent. The only two receipts whose authenticity was disputed were those of LS 333 and LS 397 – the two plaintiffs from whom Levin Simes is now seeking to withdraw representation. In their response to Uber's Motion to Show Cause, Levin Simes (on behalf of LS 333 and LS 397) belittled Uber's Motion. ECF 3771. Levin Simes argued that Uber's Motion was a "waste [of] court time," "disingenuous," and "violence due to due process." *Id.* at 1, 4.

Levin Simes stated that "both Plaintiffs [LS 333 and LS 397] assure us their receipts are authentic, and that their assaults were real." ECF 3771 at 4. Levin Simes did not provide any signed declarations, from themselves or their clients, nor did they attempt to explain the discrepancies identified in Uber's original Motion. *Id.*

On September 9, 2025, this Court recognized that LS 333 and 397 "submitted non-bona-fide receipts" and ordered them to produce native versions of their receipts including all available metadata, produce related documents within 14 days, and submit to depositions within 30 days. ECF 3876. Levin Simes obtained extensions of these deadlines to October 14 (for the documents) and October 30 (for the depositions). ECF 3904 at 2. As recently as September 30, 2025, Levin Simes represented to counsel for Uber that it would "reach out to the clients and get back to you" about scheduling depositions. Declaration of Christopher V. Cotton Ex. B.

From that point, Levin Simes failed to produce any responsive documents before Plaintiffs October 14 deadline and failed to even respond to counsel's emails before abruptly announcing **on the**

2

**very day the production was due** that "[w]e will be moving to withdraw as counsel from these two cases" and asking for further extensions. *Id.* That same evening, Levin Simes filed the instant motion. ECF 4146. Levin Simes' last-minute motion-to-withdraw follows a familiar pattern:

1. A plaintiff's law firm files a plaintiff's claim without sufficient vetting.

2. Uber diligently investigates fraud or other material deficiencies in connection with that plaintiff's claim.

3. Uber files a motion.

4. Without actually investigating the facts, Plaintiff's counsel disputes the fraud or other material deficiency and belittles Uber's motion.

5. On the eve of Plaintiff's counsel having to do substantive work in connection with the fraud, Uber's motion, and a Court Order, Plaintiff's counsel moves to withdraw.

## Plaintiffs' Attorney's Business Model – Failing to Vet Claims And Then Withdrawing At the Last Second – Should Not Be Permitted



This pattern is not conducive to justice or efficiency. Levin Simes' Motion should be denied.

## ARGUMENT

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD

withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Levin Simes' Motion to Withdraw does not identify these four factors, does not address the second, third, or fourth factors at all, and cites no case law. ECF Nos. 4103 & 4104. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Levin Simes' Motion to Withdraw because of the prejudice it would cause Plaintiffs and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, the extended deadline for both Plaintiffs to produce documents related to their fraudulent receipts has already passed on October 14. ECF 3977. Plaintiffs are required to show cause why their cases should not be dismissed by October 17. ECF 4120. The deadline for Plaintiffs to sit for depositions is in approximately two weeks, on October 30, 2025. *Id.* Levin Simes's motion only vaguely acknowledges these deadlines, much less explains how it believes its clients can meet them *pro se* without disturbing this Court's schedule and harming themselves and Uber in the process. ECF 4146. Counsel cannot be permitted to withdraw without taking "reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client [and] allowing time for employment of other counsel," among other things. Cal. R. Prof. Conduct 3–700(A)(2); *see also BSD, Inc. v. Equilon Enterprises, LLC,* No. 10–5223, 2013 WL 942578, at *2 (N.D. Cal. March 11, 2013) (denying withdrawal where counsel "failed to show that it has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of its client," such as "submit[ting] evidence indicating that its client was given a detailed explanation of the reasons for withdrawal and/or the consequences of withdrawal"). Plaintiffs are facing case-terminating sanctions if they do not comply with this Court's deadlines, making the prejudice from Levin Simes' abrupt withdrawal all the more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL

4

12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, as this Court has already noted, Uber would be severely prejudiced by Levin Simes' withdrawal at this juncture, when discovery is ongoing on Plaintiffs' and Levin Simes' submission of fraudulent receipts in support of their claims. ECF 3759. Uber and this Court deserve answers on these issues; Levin Simes cannot just disappear as though it has nothing to do with the fraudulent receipts it produced and then chose to stand behind as it belittled Uber's Motion. Nor should any further delay in resolving these serious issues be tolerated. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding").

Levin Simes' conduct here continues a troubling pattern of lack of candor with opposing counsel and this Court perhaps best evidenced by the fact that they and the Plaintiffs at issue here have been found to have submitted fraudulent receipts in discovery. ECF 3876. Specific to this motion, Levin Simes knew about this Court's deadlines for its clients to produce documents and sit for depositions related to the fraud issues and even successfully asked this Court to extend those deadlines. ECF 3904. But rather than disclose to counsel or this Court that it was allegedly experiencing "an irreconcilable breakdown in communication and cooperation" with its clients (ECF 4146) that could endanger its compliance with those deadlines, Levin Simes chose to ignore Uber's communications on these issues. *See* Ex. A. It only informed Uber of its intention to withdraw on the day its clients' production was due and then immediately filed the instant motion, in which it did not even specifically inform the Court of the pending (and missed) deadlines, only representing vaguely that it had "taken steps to preserve the client's interests." ECF 4146.

## **CONCLUSION**

Levin Simes' Motion to Withdraw should be denied for the same reasons this Court denied a prior, similar motion. ECF 3759. Levin Simes has not set forth an adequate basis to withdraw, and the firm's withdrawal at this time would be unduly prejudicial to both Plaintiffs and Uber.

5

Dated: October 16, 2025

**Respectfully submitted,**


_____/s/Christopher V. Cotton_____

By: Christopher V. Cotton (admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com
*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD