Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## OF NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANT UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER - CA, LLC'S CORRECTED REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH CIVIL LOCAL RULE 3-15 AND COURT ORDERS**<br><br>Judge: Honorable Lisa J. Cisneros<br>Date: TBD<br>Time: TBD<br>Courtroom.: G-15th Floor (Zoom) |

## ARGUMENT

### I. THE COURT'S ORDERS REQUIRED DISCLOSURES BY "PLAINTIFFS" THAT THEY WERE NOT AWARE OF CONTINGENT LITIGATION FUNDING.

Plaintiffs argue that the Court's August 1 and August 11 Orders did not require "a certification the firm did not have litigation funding," but instead "only an affirmative disclosure of litigating funding if any exists." (Response at 1). Plaintiffs incorrectly claim it was sufficient that "Plaintiffs Co-Lead Counsel convened an all-counsel call to review the Court's order. ECF 3684. No Plaintiff submitted supplemental disclosures, thereby confirming that no such litigation funding exists." (Response at 1).

Plaintiffs' argument contravenes the plain text of the Court's August 1 and August 11 Orders. The August 1 Order required that "**[e]ach law firm representing Plaintiffs in this case** must file a digest of all such interested entities (and the cases in which they have an interest) in the MDL docket no later than August 8, 2025." (Dkt. No. 3625) (emphasis added). In the August 11 Order the Court stated, "**Plaintiffs are ORDERED to file a status report no later than August 12, 2025 either confirming that they are not aware of entities with such interests or otherwise explaining their failure to file disclosures by the August 8th deadline.**" (Dkt. No. 3676) (emphasis added). Each plaintiffs' firm is required to make an affirmative disclosure stating that they have or have not received contingent litigation funding.

Had the Court meant to limit its orders to "Plaintiffs' Co-Lead Counsel" instead of "Plaintiffs," it would have done so. Plaintiffs should be compelled to comply with the plain language of Civil Local Rule 3-15 and the Court's orders. Uber is not required to present evidence of litigation funding by plaintiffs—information that only Plaintiffs possess—to trigger application of this Court's disclosure requirements.

### II. PLAINTIFFS DO NOT DISPUTE LOCAL RULE 3-15 AND THE COURT'S ORDERS REQUIRE DISCLOSURE OF PORTFOLIO-BASED CONTINGENT FUNDING.

As explained in Uber's Motion, most litigation funding is done on a portfolio basis—including mass tort funding. The Westfleet article Uber cited in its Motion underscores this reality, and—contrary to Plaintiffs' claims—expressly includes some contingent mass tort funding in its analysis.[1] The article

---

[1]  Westfleet Advisors, The Westfleet Insider: 2024 Litigation Finance Market Report, at 2 (2025) (The article explains it does not include mass tort financing only where "repayment is not contingent on the

explains that "**Law firm portfolio transactions are included** even where the underlying cases may contain cases that are not commercial **(e.g., cases involving bodily injuries) if the nature of the law firm's repayment obligations are contingent upon recoveries in the underlying cases.**" *Id.* (emphasis added). And plaintiffs do not dispute Westfleet's bottom-line conclusion – that 2/3 of contingent funding (including in non-commercial contingency cases) is portfolio-based, not individual-plaintiff-based. Plaintiffs also do not contest that Local Rule 3-15 and the Court's August 1 and 11 Orders require disclosure of this more-prevalent portfolio-based contingent funding.

### III. PLAINTIFFS DO NOT DISPUTE THAT ANY DISCLOSURES MADE TO DATE EXCLUDE PORTFOLIOS-BASED FUNDING.

Plaintiffs do not challenge that, to the extent a limited number of law firms made any disclosures at all in this MDL, they were limited to the individual-plaintiff funding, and exclude portfolio-based contingent funding. *See, e.g.*, Simmons Hanly Conroy, LLP Disclosure ("confirm[ing] they are not aware of any providers of litigation funding whose financial arrangement or interest is in any way contingent on the outcome of this litigation **as to any of its Plaintiffs**") (Dkt. No. 4006-6) (emphasis added).

### IV. PLAINTIFFS DO NOT ADDRESS WHETHER JOHNSON LAW GROUP HAS RECEIVED CONTINGENT PORTFOLIO-BASED FUNDING, NOR DID JOHNSON LAW GROUP MAKE THE REQUIRED DISCLOSURE.

Plaintiffs argue that "a 2024 news article that asserts that one litigation funder [Fortress] and one MDL law firm [Johnson Law Group] engaged in unspecified 'transactions' at unspecified times 'over the past decade'" is "vague hearsay establishes nothing," and suggest that Uber should have produced more "evidence." (Dkt. No. 3698). But Uber does not have access to the contracts between Fortress and Johnson Law Group. Nor do Plaintiffs address whether Johnson Law Group received contingent portfolio-based litigation funding. In any event, Johnson Law Group did not make the Court-ordered disclosure.[2]

---

outcome of legal matters." (*Id.* at p. 8). Contingent mass tort financing is certainly included in Westfleet's analysis.

[2] Plaintiffs further claim in their Response that a Bloomberg Law graphic on page 3 of Uber's Motion is inapposite because it refers to "a different 'Dan Johnson Law Group' not related to this MDL" (Response at 1). The Response ignores that the graphic also includes a reference to the "Johnson Law Group," which is involved in this litigation, and which is the entity mentioned in Uber's opening brief. (Opening Brief at 2) ("Bloomberg Law reports indicate that various plaintiffs' firms—including Johnson Law Group, which represents 67 Plaintiffs in the MDL—are known to have ties with litigation funders.") "Dan Johnson Law Group" is irrelevant.

In any event, Uber is not required to meet Plaintiffs' proposed evidentiary burdens in order for Plaintiffs to be required to comply with the plain language of Civil Local Rule 3-15 and the Court's orders. The easy solution is for Johnson Law Group – and Plaintiffs' firms in the MDL – to comply with this Court's Orders and disclose portfolio-based litigation funding. These disclosures are critical to provide information to the Court about the real parties in interest in the litigation. *See, e.g.*, *Gibson v. Nat'l Ass'n of Realtors*, No. 23-CV-00788-SRB, 2025 WL 2491196, at *1 (W.D. Mo. Aug. 18, 2025). Plaintiffs still have not complied with Civil Local Rule 3-15 and the Court's Orders and should be ordered to do so.

## <u>CONCLUSION</u>

For all the reasons stated in Uber's Motion to Compel and Reply, and consistent with Civil Local Rule 3-15 and the August 1 and 11 Orders, Uber requests the Court order all law firms that represent Plaintiffs in the MDL to file updated Civil Local Rule 3-15 disclosures including any litigation financing contingent, in whole or in part, on the outcome of a single Uber case, a portfolio of cases against Uber, or some broader portfolio that includes but is not limited to Uber cases.

1  DATED:  October 16, 2025                    Respectfully submitted,

2

3                                              */s/ Laura Vartain Horn*
                                               Laura Vartain Horn (SBN 258485)
4                                              **KIRKLAND & ELLIS LLP**
                                               555 California Street, Suite 2700
5                                              San Francisco, CA 94104
                                               Telephone: (415) 439-1625
6                                              laura.vartain@kirkland.com

7                                              Jessica Davidson (Admitted *Pro Hac Vice*)
                                               Christopher D. Cox (Admitted *Pro Hac Vice*)
8                                              **KIRKLAND & ELLIS LLP**
                                               601 Lexington Avenue
9                                              New York, NY 10022
                                               Telephone: (212) 446-4800
10                                             jessica.davidson@kirkland.com
                                               christopher.cox@kirkland.com

11                                             Allison M. Brown (Admitted *Pro Hac Vice*)
12                                             **KIRKLAND & ELLIS LLP**
                                               2005 Market Street, Suite 1000
13                                             Philadelphia, PA 19103
                                               Telephone: (215) 268-5000
14                                             alli.brown@kirkland.com

15                                             Christopher V. Cotton (Admitted *Pro Hac
                                               Vice*)
16                                             **SHOOK, HARDY & BACON, LLP**
                                               255 Grand Boulevard
17                                             Kansas City, MO 64108
                                               Telephone: (816) 474-6550
18                                             ccotton@shb.com

19                                             *Attorneys for Defendants*
                                               UBER TECHNOLOGIES, INC., RASIER,
20                                             LLC, And RASIER-CA, LLC

21

22

23

24

25

26

27

28

---

DEFENDANTS' CORRECTED REPLY
SUPPORTING MOTION TO COMPEL              4           CASE NO 3.23-MD-03084-CRB (LJC)
WITH CIVIL LOCAL RULE 3-15