Sadi R. Antonmattei-Goitia (SBN # 24091383)
*(Pro Hac Vice)*
**KHERKHER GARCIA LLP**
2925 Richmond Ave, Suite 1560
Houston, TX 77098
Telephone: (713) 333- 1030
Facsimile : (713) 333-1029
Email: skherkher-team@kherkhergarcia.com
Email: rideshare@kherkhergarcia.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
|---|---|
| | Honorable Charles R. Breyer |
| This Document Relates to: Jane Doe 693827 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:24-cv-09515-CRB, MDL ID 2774 | **PLAINTIFF'S RESPONSE TO SHOW CAUSE ORDER AS TO WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE** |

Kherkher Garcia and undersigned counsel represent MDL 2774. Counsel filed the Short-Form Complaint for MDL 2774 on December 31, 2024. Unbeknownst to Counsel and, according to Uber's representations to the Court, MDL 2774 had previously filed another Short-Form Complaint through a different law firm under MDL 1384. MDL 1384's action was dismissed without prejudice, something Kherkher Garcia and Counsel also did not know.

Uber claims that MDL1384 produced a non-bona fide ride receipt in her previous case. To be clear, this was done as MDL 1384 and while represented by a different law firm, not as MDL 2774 represented by Kherkher Garcia and Counsel. The Court in Order at ECF 3972 is requiring MDL 2774 to show cause as to why her claim should not be dismissed with prejudice because of Uber's allegations that she filed a non-bona fide receipt as MDL 1384.

Kherkher Garcia and Counsel have attempted contact with MDL 2774 for a long time now. Attached herein as **Exhibit A** is the Declaration of Sadi R. Antonmattei-Goitia in Support of this response. Kherkher Garcia and Counsel have exercised due diligence in reaching MDL 2774 to obtain a copy of her ride receipt. Counsel called her on January 6, 2025, January 22, 2025, emailed Plaintiff on January 6, 2025, January 9, 2025, January 16, 2025, January 22, 2025, August 4, 2025, August 5, 2025. Counsel called and spoke with MDL 2774's emergency contact, a friend, on January 15, 2025, January 21, 2025, and February 20,2025. Counsel followed up with an email and letters sent on January 6, 2025 and August 5, 2025 urging her to make contact. To date, Counsel's repeated efforts to contact MDL 2774 have been unsuccessful.

Kherkher Garcia and Counsel filed a motion to withdraw on August 28, 2025, at 24-cv-09515, ECF 9. The Court has not yet ruled on this motion to withdraw, pending Uber's request to dismiss MDL 2774's claims with prejudice.

Counsel has not been able to confer with MDL 2774 with regards to the authenticity of any ride receipt she may have produced as MDL 1384 and therefore cannot here and now show cause against dismissal with prejudice in that regard. Notwithstanding, Kherkher Garcia and Counsel submit that the Court should not punish MDL 2774 based on allegations of conduct in an already dismissed case without affording her an opportunity to respond to Uber's allegations of ride receipt alteration.

Kherkher Garcia and Counsel filed MDL 2774's action with good faith belief in the merits of her case. Uber's allegations are not conclusive as to the merits of those claims. Dismissing MDL 2774's current claims with prejudice without affording her an opportunity to respond through new counsel would be unjust and potentially prejudicial.

Kherkher Garcia and Counsel respectfully request that the Court:

- Grant the pending motion to withdraw as counsel for MDL 2774;
- Allow MDL 2774 a 30-day period to retain new counsel and respond to the Order to Show Cause; and
- Should MDL 2774 fail to appear or respond within the allotted time, the Court may then proceed to dismiss her claims without prejudice.

On a final note, Counsel wishes to clarify the statement made in the previously filed Response dated September 5, 2025, at ECF 3845, indicating that the ride receipt submitted under MDL 1384 was from a "prior, unrelated litigation." Counsel chose words poorly. The intention was to express that if Uber's allegations are true, that conduct was undertaken in prior litigation unrelated to Kherkher Garcia and Counsel and of which neither had any knowledge.

DATED: September 5, 2025                                        Respectfully Submitted,

*/s/ Sadi R. Antonmattei-Goitia*
Sadi R. Antonmattei-Goitia (SBN # 24091383)
(Pro Hac Vice)
KHERKHER GARCIA LLP
2925 Richmond Ave, Suite 1560
Houston, TX 77098
Telephone: (713) 333- 1030
Facsimile : (713) 333-1029
Email: skherkher-team@kherkhergarcia.com
Email: rideshare@kherkhergarcia.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By: /s/ *Sadi R.Antonmattei-Goitia*
Sadi R. Antonmattei-Goitia