ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *K.C. (4) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05720 <br><br> *Jane Doe LS 615 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05887-CRB <br><br> *Jane Roe CL 183 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05733-CRB <br><br> *Jane Roe CL 184 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05855-CRB | Case No. 3:23-md-03084-CRB <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER** <br><br> Date: November 7, 2025 <br> Time: 10:00 a.m. <br> Courtroom: 6 – 17th Floor |

*Jane Roe CL 185 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05890-CRB

*Jane Roe CL 186 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06086-CRB

*R.J. 1472 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05991-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In its Motion to Dismiss Cases for Failure to Comply with Court Order (ECF No. 3912), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve a Plaintiff Fact Sheet ("PFS") despite this Court's Order directing them to do so months ago. PTO 10 at 5–6 (ECF No. 348). These Plaintiffs' violation of the Court's Order impairs Uber's ability to defend itself in this MDL by (1) unilaterally excluding these Plaintiffs from consideration as bellwether cases, and (2) impeding Uber's ability to adequately investigate the claims against it under the immense time pressure of an MDL and in light of numerous demonstrably fraudulent claims, which this Court has also recognized. *See* ECF 3876 and 3972; *see also In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007). Uber's request that the Court issue one final order compelling Plaintiffs to submit a PFS within 14 days or face dismissal with prejudice is entirely reasonable.

Nothing that Plaintiffs have argued in their barebones Oppositions persuades otherwise and the Court has previously summarily rejected these same arguments. ECF No. 3666; No. 3861. Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Indeed, courts have repeatedly ordered cases dismissed with prejudice under similar circumstances. *See, e.g., In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020); *Guidant*, 496 F.3d at 865-66; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019).

One Plaintiff, Jane Doe LS 615, represented by Levin Simes, LLP ("Levin Simes"), who failed to submit a Plaintiff Fact Sheet, has not responded to Uber's motion, and for that reason alone, the motion should be granted as to that Plaintiff. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Beyond this, Plaintiffs represented by Cutter Law, P.C. ("Cutter Law")[1] argue that, because counsel has been unable to maintain contact with Plaintiffs, and has therefore been unable to produce PFS, the Court should deny Uber's Motion and grant Plaintiffs additional time to comply. ECF 4122 at 1. However, this Court has already rejected this exact argument on numerous occasions and should do so again here. *See e.g.,* ECF No. 3666.

Plaintiff K.C., represented by the Wagstaff Law firm, argues that, following Uber's motion, she submitted a PFS and should not be subject to dismissal with prejudice. ECF No. 4130 at 1-2. Uber has confirmed that this Plaintiff has in fact submitted a PFS and therefore withdraws its motion as to her. As explained more below, Plaintiff Jane Roe CL 185, represented by Cutter Law, also belatedly filed a PFS on September 12, 2025 and thus, Uber withdraws its motion as to her as well. Uber, however, reserves any potential arguments regarding the sufficiency of these Plaintiffs' PFS submissions.

In addition, R.J. 1472, represented by Cohen Hirsch, voluntarily dismissed her case on September 12, 2025, and the docket reflects that the case has been closed; accordingly, Uber withdraws its motion as to this Plaintiff. However, this Plaintiff's dismissal *after* Uber's Motion to Dismiss (ECF No. 3912) follows a troubling theme in this litigation as a plaintiff's inability to provide even basic information via the PFS casts serious doubt on the legitimacy of the filed claim in the first place if unable to provide basic information via the PFS. Beyond this, Plaintiffs represented by Cutter Law[2] argue that, because counsel has been unable to maintain contact with their clients, and has therefore been unable to produce Plaintiff Fact Sheets, the Court should deny Uber's Motion and grant Plaintiffs additional time to comply. ECF 4122 at 1. The Court, however, is not in the business of waiting an indefinite amount of time for counsel to locate and communicate with their clients as the Court is duty-

---

[1] It should be noted that Cutter Law included a Plaintiff in its caption (John Roe CL 6) who is not at issue in the present matter, therefore, Defendants do not address that Plaintiff here.

bound to manage its docket and ensure speedy resolution of cases. Accordingly, Defendants' Motion to Dismiss should be granted.

## ARGUMENT

### I. One Plaintiff has not responded to Uber's motion and therefore should be deemed to have consented to the relief sought.

The Levin Simes law firm, representing Plaintiff in *Jane Doe LS 615 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05887 did not provide a PFS and/or file a response in opposition to Uber's Motion to Dismiss. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because Plaintiff Jane Doe LS 615 compounded its failure to timely produce a PFS by also failing to timely oppose Uber's motion to dismiss, the motion should be granted as to that Plaintiff.

### II. Uber withdraws its motion as to those Plaintiffs who have subsequently produced Plaintiff Fact Sheets or voluntarily dismissed their case.

The sole argument in the Wagstaff Law Firm's opposition (ECF No. 4130)[3] is that the Plaintiff in *C.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01961-CRB, produced a PFS on October 13, 2025, and therefore should not be subject to dismissal with prejudice. In addition, although not mentioned by Cutter Law in its Opposition, Uber has confirmed that Jane Roe CL 185 submitted a PFS on September 12, 2025.[4] PFS were produced by the two Plaintiffs represented by the Wagstaff

---

[3] The Wagstaff Law firm initially filed its Opposition to the Motion to Dismiss as to Plaintiff KC on October 10, 2025 (ECF 4116) arguing their failure to file a PFS for Plaintiff KC should be excused because Defendants should have instead filed an Order to Show Cause rather than a Motion to Dismiss. However, on October 13, 2025, the Wagstaff Law firm cured its failure to file by filing a PFS for Plaintiff KC and filed a Supplemental Response to Defendants' Motion to Dismiss, noting they had filed a PFS and thus, their client should be removed from consideration from the instant Motion to Dismiss. Defendants agree to withdraw the Motion to Dismiss as to Plaintiff KC.

[4] In fact, Cutter Law's Opposition only pertains to three of the four Plaintiffs it represents who are subject to Defendants' Motion to Dismiss (Jane Roe CL 183, Jane Roe CL 184, and Jane Roe CL 186) but omits any mention of Jane Roe CL 185. ECF 4122. Instead, Cutter Law erroneously added a fourth Plaintiff to its Opposition–John Roe CL 6–who is not even subject to Defendants' Motion to Dismiss. Nevertheless, Uber has confirmed that Jane Roe CL 185 subsequently submitted a PFS and thus, Uber

Law Firm and Cutter Law and Uber withdraws its Motion to Dismiss as to these Plaintiffs, although it reserves any other potential arguments regarding the sufficiency of their submissions.

In addition, R.J. 1472 (3:25-cv-05991), represented by Cohen Hirsch, voluntarily dismissed her case on September 12, 2025, and the docket reflects that the case has been closed; accordingly, Uber withdraws its Motion to Dismiss as it relates to this Plaintiff.

### III.   Plaintiffs' Failure to Comply with this Court's PFS Deadline Cannot Be Excused and Mandate Dismissal Under the First and Second Malone Factors.

Cutter Law's Opposition implies that the firm has lost contact with the Plaintiffs identified in the Motion. Specifically, Cutter Law argues that "a Plaintiff may become unavailable for a variety of reasons. Counsel has utilized extensive efforts to reach each of the clients, predating the filing of Defendant's motion." ECF 4122 at 1. Accordingly, Cutter Law requests that Counsel be given an unspecified amount of additional time to produce the information requested. This meager attempt to explain away Plaintiffs' noncompliance is unavailing as evidenced by this Court's previous rejection of this same argument on numerous occasions. *See e.g.,* ECF No. 3666. The plaintiffs subject to this Motion, who chose to file their complaints in this forum, all filed their cases at least three months ago, all received a PFS Delinquency Notice last month, and yet still have not submitted a PFS. As noted in *Malone*, the Court has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket. *Malone,* 833 F.2d at 130. Cutter Law's Opposition disregards the interests of the Court to (1) manage its docket and (2) ensure speedy resolution and does so without enumerating specific reasons for the lack of contact with Plaintiffs. ECF 4122 at 1.

Whether couched in the language of the *Malone* factors or not, Plaintiffs cannot ignore this Court-ordered obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation. While there might be various challenges confronting Plaintiffs who have allegedly suffered various harms, courts have recognized that difficulty in locating clients or the difficult nature of the injuries at issue are not adequate excuses for the failure to comply with a

---

withdraws its Motion to Dismiss as to Jane Roe CL 185, although it reserves any potential arguments regarding the sufficiency of this Plaintiff's PFS submission.

court order as is the case here. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024). By choosing to file their lawsuits, Plaintiffs have agreed to take on the burdens of compliance with court orders, including the PFS obligations at issue here. Simply put, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

### IV. Plaintiffs' Failure to Comply with the Court's Order Overrides the Public Policy Favoring Disposition on the Merits, and No Less Drastic Sanction is Available.

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits"). Dismissal is not too drastic a sanction in this case. All the Plaintiffs at issue have received a Delinquency Notice informing them of the missed deadline (which required compliance in the first instance) and giving them an *additional* thirty days to submit a PFS or otherwise respond. Going further, if Plaintiffs were given even more time to comply and still fail to do so, would they *then* concede to dismissal with prejudice? There is no situation in which an unsubstantiated claim should persist in this litigation, particularly given the fact that many other Plaintiffs are fully able to submit the required information.

Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting immediate dismissal of Plaintiffs cases despite their long-term non-compliance with this Court's order and previous warnings, but rather another warning followed by dismissal fourteen days later if Plaintiffs still fail to comply. This is, in fact, a less drastic sanction

than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a PFS, which would be contrary to law and highly prejudicial to Uber.

### CONCLUSION

Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers into intentional avoidance of Court-mandated deadlines in pursuit of allegations that seemingly have no plaintiff attached to them. None of the Plaintiffs' Oppositions change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a complete and verified PFS. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

Dated: October 17, 2025                    SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
    MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC