ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Roe CL 178 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05537-CRB<br><br>*Jane Roe CL 179 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05538-CRB<br><br>*Jane Roe CL 181 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05633-CRB<br><br>*Jane Roe CL 182 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05628-CRB | Case No. 3:23-md-03084-CRB<br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5**<br><br>Judge:     Honorable Charles R. Breyer<br>Date:      November 7, 2025<br>Time:      10:00 a.m.<br>Courtroom: 6 – 17th Floor |

*Jane Doe NLG (N.K.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06217-CRB

*Jane Doe NLG (B.D.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05972-CRB

*Jane Doe NLG (M.E.) v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06480-CRB

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 5 (ECF No. 4027), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to produce a bona ride receipt or information form despite this Court's order directing them to do so months ago. ECF No. 175 at 2-3. These Plaintiffs' violation of the Court's order (1) impairs Uber's ability to defend itself in this MDL by impeding Uber's ability to adequately investigate the claims against it under the immense time pressure of an MDL and in light of numerous demonstrably fraudulent claims which this Court has also recognized[1] and (2) prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court issue one final order compelling Plaintiffs to submit ride receipts or information forms within 14 days or face dismissal with prejudice is entirely reasonable and provides Plaintiffs with yet another opportunity to cure their failure to abide by the Court's order.

Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Drumgoole v. American Airlines, Inc.,* 316 F. App'x 606, 607 (9th Cir. 2009); *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-24 (9th Cir. 2006); *Doe v. Tapang,* No. 18-cv-07721-NC, 2020 WL 13499905, at *4 (N.D. Cal. Jan. 28, 2020); *Briseno v. Saratoga Pizza Corp.,* No. NO. C 08-00873 JW, 2009 WL 10695148, at *4 (N.D. Cal. June 5, 2009); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

After Uber filed its Motion to Dismiss, two of the Plaintiffs[2] later produced, albeit delinquently, ride receipts and argue that they should be removed from the Motion to Dismiss, which Uber does not oppose. The Cutter Law P.C. Plaintiffs (Jane Roe CL 178, Jane Roe CL 179, Jane Roe CL 181, and Jane Roe CL 182) argue that "there are a number of reasons a client may become unavailable and

---

[1] *See* ECF 3876 and 3972.

[2] Jane Does NLG (NK) and (BD).

1

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

unable to produce documents or information" and thus counsel requests that the Court allow them to continue to try to reach out to Plaintiffs for an unspecified and perhaps unlimited amount of time (ECF No. 4121 at 1) which would unquestionably prejudice Defendants and prevent this Court from being able to manage its own docket. Moreover, this Court has already rejected this argument in the context of Uber's prior motions to dismiss cases for failing to comply with either PTO 5 or PTO 10. *See e.g.,* ECF No. 3921. The Nachawati Plaintiff (Jane Doe NLG (M.E.)) raises a number of unpersuasive arguments under the *Malone* factors, essentially claiming that Defendants have somehow not been prejudiced by Plaintiffs' failure to file a ride receipt and that dismissing claims with prejudice would be too drastic a remedy. ECF 4115 at 8-10. These assertions are meritless, however, because every Plaintiff subject to Uber's Motion received written notice of their noncompliance and the opportunity to cure, making dismissals with prejudice an appropriate remedy. *See, e.g., Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).

## **ARGUMENT**

### I. Uber withdraws its motion as to two Plaintiffs who have since produced ride receipts.

The Nachawati Law Group argues that the Court should deny Uber's Motion to Dismiss as to Plaintiffs Jane Doe NLG (N.K.) and Jane Doe (B.D.) because these Plaintiffs produced ride receipts after the filing of Uber's Motion, and well after their respective deadlines to do so. ECF No. 4115 at 3. Uber has confirmed that these Plaintiffs have produced ride receipts; however, these Plaintiffs have not offered any excuse for their late submissions. Uber should not have to file a dispositive motion in order for plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its Motion to Dismiss as to these two Plaintiffs, although Uber reserves any potential arguments regarding the sufficiency of their submissions, and reserves the right to seek recovery of costs and fees against Plaintiffs and/or counsel if disregard of this Court's orders continues.

### II. Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused just because it is difficult to reach their clients.

The sole argument proffered by the Cutter Law P.C. Plaintiffs is that Counsel has "diligently tried" to locate Plaintiffs in order to obtain ride receipt information from them but has thus far failed

to locate them. Specifically, the Cutter Law P.C. Plaintiffs argue that:

> there are many circumstances that may occur to render information not readily available to comply with PTO 5 discovery obligations. For example, Plaintiff contact information changes, or friends who may have ordered referenced rides also lose touch with Plaintiffs as life or circumstances change. New contact information or changing friendships does not mean a Plaintiff has willfully disregarded their obligation. However, it does mean that additional steps may need to be taken to locate information or assist clients in locating information required to comply with PTO 5. These Plaintiffs do not therefore deserve to have their cases dismissed with prejudice as a result.

ECF No. 4121 at 1. Plaintiffs cite no legal authority in support of this argument, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). In fact, if as counsel states, Plaintiffs cannot be reached to fulfill their obligations in this litigation, that is a fact that *supports* rather than undermines a finding that they have failed to prosecute their claims. *See Smith v. Cnty. of Riverside Sheriff Dep't,* No. 17-cv-1969, 2019 WL 7865170, at *2 (C.D. Cal. Nov. 18, 2019) (*"*Since plaintiff has ceased complying with or responding to court orders, and since plaintiff cannot be reached to participate in the litigation of this case, this case should be dismissed for failure to prosecute").

Plaintiffs are also incorrect in their assumption that their disobedience of this Court's order cannot be considered willful simply because they have raised vague excuses for it. "To be willful the failure need not necessarily be accompanied by wrongful intent." *Horsley v. United States,* No. 83-cv-0102, 1985 WL 2655, at *4 (N.D Cal. June 5, 1985). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002). There is nothing in the record to suggest that Plaintiffs failed to meet their deadlines to produce ride receipts or information forms due to circumstances beyond their control. *See Hilton v. Pagnini*

3
DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

*Worldwide LLC,* No. 19-cv-1848, 2020 WL 2528935, at *2 (N.D. Cal. April 16, 2020). Indeed, Plaintiffs' Oppositions fail to allege any facts specific to any individual Plaintiff to explain the failure to produce; counsel only offers "vague [and hypothetical] excuses" about new contact information and changing friendships of the type courts have previously been "unmoved by." *United States v. Passegger,* No. 5:22-cv-875, 2025 WL 2074359, at *2 (C.D. Cal. March 6, 2025). Nor did any of the Plaintiffs seek an extension for their deadlines from Uber – despite Uber's offer to meet and confer – by explaining any extenuating circumstances that might justify a delay in compliance. Moreover, failing to satisfy its inaugural discovery deadlines, which fall only 14-days after filing, is a probable if not expected consequence of Cutter Law P.C.'s apparent willful decision to bring claims on behalf of clients despite not being in contact. Because Plaintiffs have not shown their failure to abide by this Court's discovery order was outside of their control, dismissal with prejudice is appropriate. *See Ruelas v. Alameda Cnty.,* No. 19-cv-07637, 2023 WL 8173675, at *3 (N.D. Cal. April 14, 2023).

**III.   Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused and mandates dismissal under the first and second *Malone* factors.**

The Nachawati Law Group offers various excuses as to why its Plaintiff's noncompliance should be viewed as either understandable or minimal in context and why the Court should not be bothered by it. These attempts to explain away their noncompliance are unavailing. The Court still has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized by the *Malone* court. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

Plaintiffs cannot ignore this Court's obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation. By choosing to file their lawsuits, Plaintiffs have agreed to comply with court orders. *See Capolupo*, 2019 WL 2327883, at *7.

The Nachawati Law Group also complains that it "has already decreased the number of Plaintiffs with missing information and/or documents in a majority of cases that this issue has been raised," seemingly arguing that both Uber and the Court should accept its partial and unrelated compliance as good enough. ECF No. 4115 at 7. However, it cannot be overstated that this is not a

4
DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 5
                                                                                                         Case No. 3:23-MD-3084-CRB

class action but an MDL and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual discovery obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez,* 2018 WL 6137165, at *5. The fact that some *other* Nachawati Law Group Plaintiffs out of the firms' 200+ cases have submitted ride receipts does not excuse the failure of the Plaintiff at issue here to comply with this Court's order to timely submit a ride receipt or information form, any more than the fact that other plaintiffs in other cases have complied with other court orders would. As the Court put it in *Holley v. Gilead Sciences, Inc*., MDLs "are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

Notwithstanding these proffered justifications for flouting this Court's orders, the Court still has a heavy interest in managing its own docket and safeguarding the public's interest in expeditious resolution of this litigation, and these factors militate in favor of dismissal.

**IV.  Uber has been prejudiced by Plaintiffs' failure to timely submit a ride receipt and thus the third *Malone* factor has been satisfied.**

The Nachawati Law Group Plaintiff also contends that their failure to comply with this Court's Order to timely submit a ride receipt does not "impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials." ECF No. 4115 at 8. Plaintiff argues that Uber's reliance on *In Re Phenylpropanolamine (PPA) Product Liability Litigation* is misplaced because, in *PPA*, the failure to submit a PFS in that case prevented other discovery deadlines from being triggered, but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA,* 460 F.3d at 1227. The *PPA* Court further recognized the risk that "[f]ailure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records." *Id.* at 1234. The same is true

here. Not only has each Plaintiff's failure to provide a bona fide ride receipt directly prejudiced Uber's ability to initially select bellwether cases, it has also prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual plaintiffs or their injuries outside the allegations of the complaint. *See Bextra*, 2007 WL 136625, at *1. And Uber will also have to contend with the danger that evidence and memory will be lost with the Plaintiffs' delay in submitting their PFS. *Id.* The prejudice to Uber is particularly acute given that it must prepare to defend thousands of cases in a short time frame. *See In re Guidant Corp.*, 496 F.3d 863, 867 (8th Cir. 2007). By failing to timely submit information that should be readily available to them, Plaintiffs are unfairly, and now knowingly, depriving Uber of time it needs to prepare its defenses in this complex litigation.

Nor have Plaintiffs mitigated the harm to Uber as they suggest. The Nachawati Law Group claims Plaintiff has "provided pertinent case information" to Uber "including [a] substantially completed Plaintiff Fact [Sheet]." ECF 4115 at 8. But providing a Plaintiff Fact Sheet is not enough to have complied with Plaintiff's obligations under PTO 5. The ride receipts that Plaintiffs were ordered to produce are necessary to provide the most basic information about where and when the alleged incidents occurred. Uber needs time to meaningfully follow up on this information and incorporate it into its litigation strategy. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). This is especially true in this multidistrict litigation where Uber faces "time pressure" to investigate approximately 2,410 claims. *In Re Guidant*, 496 F.3d at 867. And Uber has been prejudiced by the increased costs and burdens of litigation from having to repeatedly remind Plaintiffs of their Court-ordered obligation to produce this basic information, monitoring productions for thousands of plaintiffs, preparing Notices of Delinquency, and engaging in motion practice. *See Mendia v. Garcia*, 2017 WL 6210603, at *12 (N.D. Cal. May 31, 2017) (dismissing case because Plaintiff's inaction had drawn out the proceedings, placed unnecessary burdens on Defendants and the Court, and prevented the parties from engaging in meaningful settlement negotiations).

The Plaintiff has not provided the required ride receipt or information, which has substantially prejudiced Uber, thus dismissing Plaintiff's case with prejudice is warranted.


**V. Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available.**

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits"). Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020).

The Nachawati Law Group argues that there is a less drastic measure available, such as allowing "additional time to reach this Plaintiff." ECF No. 4115 at 9. Indeed, Uber is not even requesting immediate dismissal of Plaintiffs cases despite their long-term non-compliance with this Court's order and previous warnings, but rather **another warning** followed by dismissal fourteen days later if Plaintiffs still fail to comply. This is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a ride receipt, which would be contrary to law and highly prejudicial to Uber.

**VI. Conclusion**

Plaintiffs' failure to comply with court orders and rules continues. Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers into intentional avoidance of Court-mandated deadlines. Plaintiffs' Oppositions raise procedural and substantive objections, but none of them change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a bona fide ride receipt. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss Plaintiffs' Jane Roe

1  CL 178, Jane Roe CL 179, Jane Roe CL 181, Jane Roe CL 182, and Jane Doe NLG (ME)'s claims
2  with prejudice.
3
4  Dated: October 17, 2025                    SHOOK, HARDY & BACON L.L.P.
                                              By: */s/ Michael B. Shortnacy*
5                                                  MICHAEL B. SHORTNACY
6
                                              MICHAEL B. SHORTNACY (SBN: 277035)
7                                             mshortnacy@shb.com
                                              **SHOOK, HARDY & BACON L.L.P.**
8                                             2121 Avenue of the Stars, Suite 1400
                                              Los Angeles, CA 90067
9                                             Telephone: (424) 285-8330
                                              Facsimile: (424) 204-9093
10
11                                            *Attorney for Defendants*
                                              UBER TECHNOLOGIES, INC.,
12                                            RASIER, LLC, and RASIER-CA, LLC