1   ALLISON M. BROWN (Admitted *Pro Hac Vice*)
    alli.brown@kirkland.com
2   JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
    jessica.davidson@kirkland.com
3   CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
    christopher.cox@kirkland.com
4   **KIRKLAND & ELLIS LLP**
5   601 Lexington Avenue
    New York, NY 10022
6   Telephone: (212) 446-4800

7
    MICHAEL B. SHORTNACY (SBN: 277035)
8   mshortnacy@shb.com
    **SHOOK, HARDY & BACON L.L.P.**
9   2121 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
10  Telephone: (424) 285-8330

11
    PATRICK OOT (Admitted *Pro Hac Vice*)
12  oot@shb.com
    **SHOOK, HARDY & BACON L.L.P.**
13  1800 K St. NW Ste. 1000
    Washington, DC 20006
14  Telephone: (202) 783-8400

15
    *Attorneys for Defendants*
16  UBER TECHNOLOGIES, INC.;
    RASIER, LLC; and RASIER-CA, LLC
17

18              **UNITED STATES DISTRICT COURT**

19            **NORTHERN DISTRICT OF CALIFORNIA**

20                **SAN FRANCISCO DIVISION**

21  IN RE: UBER TECHNOLOGIES, INC.,      Case No. 3:23-md-03084-CRB
    PASSENGER SEXUAL ASSAULT
22  LITIGATION                           **DEFENDANTS UBER TECHNOLOGIES,**
                                         **INC., RASIER, LLC, AND RASIER-CA,**
23                                       **LLC'S MOTION TO DISMISS CASES FOR**
                                         **FAILURE TO COMPLY WITH PTO 10**
24  _____
                                         Date:       December 12, 2025
25  This Document Relates to:            Time:       10:00 a.m.
                                         Courtroom:  6 – 17th Floor
26  *Baumgarner v. Uber Technologies, Inc.,*
    *et al.,* No. 3:23-cv-05949-CRB
27

28

---

1   *Grier v. Uber Technologies, Inc., et al.,*
    No. 3:23-cv-05960-CRB

2
3   *Jane Doe LN v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-00120-CRB

4   *Jane Doe TW v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-00559-CRB

5
6   *Jane Doe DP v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-00573-CRB

7   *Crisotomo v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-01211-CRB

8
9   *Jane Doe LR v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04306-CRB

10  *Jane Doe BW v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04308-CRB

11
12  *Jane Doe ST v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04309-CRB

13  *Jane Doe AR v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04313-CRB

14
15  *Jane Doe JB v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04316-CRB

16  *Jane Doe VB v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04317-CRB

17
18  *Jane Doe KH v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04326-CRB

19  *Jane Doe SF v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04327-CRB

20
21  *Jane Doe SR v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04332-CRB

22  *Jane Doe MC v. Uber Technologies,
    Inc., et al.,* No. 3:24-cv-04334-CRB

23
24  *Jane Doe SG v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04353-CRB

25  *Jane Doe TW v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04356-CRB

26
27  *Jane Doe VL v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04357-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *Jane Doe SW v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04358-CRB
2
    *Jane Doe DM v. Uber Technologies,
3   Inc., et al.,* No. 3:24-cv-04359-CRB

4   *Jane Doe GA v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04361-CRB
5
    *Jane Doe CH v. Uber Technologies, Inc.,
6   et al., No.* 3:24-cv-04363-CRB

7   *Jane Doe SW v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04364-CRB
8
    *Jane Doe JG v. Uber Technologies, Inc.,
9   et al.,* No. 3:24-cv-04368-CRB

10  *Jane Doe KY v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04369-CRB
11
    *Jane Doe DC v. Uber Technologies, Inc.,
12  et al.,* No. 3:24-cv-04373-CRB

13  *Jane Doe PC v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-04374-CRB
14
    *Jane Doe DB v. Uber Technologies, Inc.,
15  et al.,* No. 3:24-cv-04428-CRB

16  *SA KE v. Uber Technologies, Inc., et al.,*
    No. 3:24-cv-04669-CRB
17
    *BR TI v. Uber Technologies, Inc., et al.,*
18  No. 3:24-cv-04670-CRB

19  *Stephens v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-04801-CRB
20
    *Carvalho v. Uber Technologies, Inc., et
21  al.,* No. 3:24-cv-04813-CRB

22  *Watrobski v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-4814-CRB
23
    *Anderson v. Uber Technologies, Inc., et
24  al.,* No. 3:24-cv-04833-CRB

25  *Head v. Uber Technologies, Inc., et al.,*
    No. 3:24-cv-04834-CRB
26
    *Ivey v. Uber Technologies, Inc., et al.,*
27  No. 3:24-cv-04850-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

*Gallant v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04859-CRB

2

3

*Li v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04869-CRB

4

*Greco v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04870-CRB

5

6

*Grimes v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04874-CRB

7

*Holloway v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04886-CRB

8

9

*Morris v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04901-CRB

10

*McCoy v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04931-CRB

11

12

*McKinney v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04935-CRB

13

*Mensah v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04937-CRB

14

15

*Moye v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04945-CRB

16

*Miquel v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04948-CRB

17

18

*Payne v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04949-CRB

19

*Kennedy v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04950-CRB

20

21

*Okamoto v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04954-CRB

22

*Patrick v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04958-CRB

23

24

*Sonnier v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04969-CRB

25

*Campbell v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04971-CRB

26

27

*Carr v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04975-CRB

28

1  *Lord v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-04977-CRB
2
   *Lyons-Orange v. Uber Technologies,*
3  *Inc., et al.,* No. 3:24-cv-04979-CRB

4  *Maple v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-04980-CRB
5
   *Martin v. Uber Technologies, Inc., et al.,*
6  No. 3:24-cv-04982-CRB

7  *Tyler v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-05003-CRB
8
   *Young v. Uber Technologies, Inc., et al.,*
9  No. 3:24-cv-05015-CRB

10 *Peterson v. Uber Technologies, Inc., et
   al.,* No. 3:24-cv-05025-CRB
11
   *Raibon v. Uber Technologies, Inc., et al.,*
12 No. 3:24-cv-05034-CRB

13 *Frost v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-05036-CRB
14
   *Cvetkovich v. Uber Technologies, Inc., et
15 al.,* No. 3:24-cv-05037-CRB

16 *Dobey v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-05039-CRB
17
   *Tijerina v. Uber Technologies, Inc., et
18 al.,* No. 3:24-cv-05061-CRB

19 *Willig v. Uber Technologies, Inc., et al.,*
   No. 3:24-cv-05062-CRB
20
   *Rizwan v. Uber Technologies, Inc., et al.,*
21 No. 3:24-cv-05066-CRB

22 *Doe CA Jane v. Uber Technologies, Inc.,
   et al.,* No. 3:24-cv-05072-CRB
23
24 *Jane Doe KC v. Uber Technologies, Inc.,
   et al.,* No. 3:24-cv-05073-CRB

25 *Jane Doe RD v. Uber Technologies, Inc.,
   et al.,* No. 3:24-cv-05074-CRB
26
27 *Jane Doe TD v. Uber Technologies, Inc.,
   et al.,* No. 3:24-cv-05075-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    *Jane Doe JH v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-05079-CRB
2
     *Saliba v. Uber Technologies, Inc., et al.,*
3    No. 3:24-cv-05082-CRB

4    *Carr v. Uber Technologies, Inc., et al.,*
     No. 3:24-cv-05085-CRB
5
     *Dupree v. Uber Technologies, Inc., et al.,*
6    No. 3:24-cv-05089-CRB

7    *Pargaman v. Uber Technologies, Inc., et*
     *al.,* No. 3:24-cv-05094-CRB
8
     *Stewart v. Uber Technologies, Inc., et*
9    *al.,* No. 3:24-cv-05095-CRB

10   *Yoke v. Uber Technologies, Inc., et al.,*
     No. 3:24-cv-05097-CRB
11
     *Jane Doe JM v. Uber Technologies, Inc.,*
12   *et al.,* No. 3:24-cv-05108-CRB

13   *Jane Doe JB v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-05109-CRB
14
     *Jane Doe EB v. Uber Technologies, Inc.,*
15   *et al.,* No. 3:24-cv-05110-CRB

16   *Jane Doe AE v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-05121-CRB
17
     *Whitaker v. Uber Technologies, Inc., et*
18   *al.,* No. 3:24-cv-05128-CRB

19   *Kampfl v. Uber Technologies, Inc., et al.,*
     No. 3:24-cv-05129-CRB
20
     *Harris v. Uber Technologies, Inc., et al.,*
21   No. 3:24-cv-05132-CRB

22   *John Doe DG v. Uber Technologies,*
     *Inc., et al.,* No. 3:24-cv-05169-CRB
23
     *Jane Doe KH v. Uber Technologies, Inc.,*
24   *et al.,* No. 3:24-cv-05174-CRB

25   *Lowe v. Uber Technologies, Inc., et al.,*
     No. 3:24-cv-05230-CRB
26
     *Shaver v. Uber Technologies, Inc., et al.,*
27   No. 3:24-cv-05232-CRB

28

1   *Shifflett v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05236-CRB
2
3   *Smith v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05240-CRB

4   *Steege v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05243-CRB
5
6   *Anderson v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05254-CRB

7   *Motsinger v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05261-CRB
8
9   *Fraser v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05275-CRB

10  *Orozco v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05280-CRB
11
12  *Tasby v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05355-CRB

13  *Wright v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05434-CRB
14
15  *Yarbrough v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05436-CRB

16  *Jamison v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05450-CRB
17
18  *Reed-Morrow v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05457-CRB

19  *Mincy v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05460-CRB
20
21  *Peterson v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05462-CRB

22  *Cates v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05472-CRB
23
24  *Wade v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05473-CRB

25  *Ritzberg v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05477-CRB
26
27  *Womble v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05504-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1   *Makoka v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-05552-CRB
2
    *Fischer v. Uber Technologies, Inc., et
3   al.,* No. 3:24-cv-05568-CRB

4   *Williams v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-05574-CRB
5
    *Robinson v. Uber Technologies, Inc., et
6   al.,* No. 3:24-cv-05612-CRB

7   *Grilliot v. Uber Technologies, Inc., et al.,*
    No. 3:24-cv-05627-CRB
8
    *Gould v. Uber Technologies, Inc., et al.,*
9   No. 3:24-cv-05633-CRB

10  *Prince v. Uber Technologies, Inc., et al.,*
    No. 3:24-cv-05667-CRB
11
    *Nyirabahaya v. Uber Technologies, Inc.,
12  et al.,* No. 3:24-cv-05693-CRB

13  *Demmon v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-05709-CRB
14
    *Jane Doe SK v. Uber Technologies, Inc.,
15  et al.,* No. 3:24-cv-05710-CRB

16  *Jane Doe AM v. Uber Technologies, Inc.,
    et al.,* No. 3:24-cv-05765-CRB
17
    *Napenas v. Uber Technologies, Inc., et
18  al.,* No. 3:24-cv-05782-CRB

19  *Streaks v. Uber Technologies, Inc., et al.,*
    No. 3:24-cv-05791-CRB
20
    *Washington v. Uber Technologies, Inc.,
21  et al.,* No. 3:24-cv-05794-CRB

22  *Koehler v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-05799-CRB
23
    *Jane Doe AR v. Uber Technologies, Inc.,
24  et al.,* No. 3:24-cv-05947-CRB

25  *Simmons v. Uber Technologies, Inc., et
    al.,* No. 3:24-cv-05952-CRB
26
    *Smith v. Uber Technologies, Inc., et al.,*
27  No. 3:24-cv-05954-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1    *Jane Doe AS v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-05960-CRB

2
     *Montie v. Uber Technologies, Inc., et al.,*
3    No. 3:24-cv-05961-CRB

4    *Jane Doe CS v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-05964-CRB

5
     *Jane Doe GT v. Uber Technologies, Inc.,*
6    *et al.,* No. 3:24-cv-06051-CRB

7    *John Doe EW v. Uber Technologies,*
     *Inc., et al.,* No. 3:24-cv-06073-CRB

8
     *Jane Doe JD v. Uber Technologies, Inc.,*
9    *et al.,* No. 3:24-cv-06074-CRB

10   *Jane Doe JS v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-06075-CRB

11
     *Jane Doe SS v. Uber Technologies, Inc.,*
12   *et al.,* No. 3:24-cv-06076-CRB

13   *CH WA v. Uber Technologies, Inc., et*
     *al.,* No. 3:24-cv-06176-CRB

14
     *Arthur v. Uber Technologies, Inc., et al.,*
15   No. 3:24-cv-06643-CRB

16   *Jane Doe NLG MR v. Uber*
     *Technologies, Inc., et al.,* No. 3:24-cv-
17   07677-CRB

18   *Jane Doe NLG-TG v. Uber*
     *Technologies, Inc., et al.,* No. 3:24-cv-
19   07803-CRB

20   *Jane Doe NLG-GH v. Uber*
     *Technologies, Inc., et al.,* No. 3:24-cv-
21   08078-CRB

22   *Jane Doe NLG-MC v. Uber*
     *Technologies, Inc., et al.,* No. 3:24-cv-
23   08091-CRB

24   *Jane Doe NLG VK v. Uber Technologies,*
     *Inc., et al.,* No. 3:24-cv-08610-CRB

25
     *Jane Doe NLG TJ v. Uber Technologies,*
26   *Inc., et al.,* No. 3:24-cv-08621-CRB

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    *Jane Doe NLG JV v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08622-CRB

2

3    *Jane Doe NLG AC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09151-CRB

4    *Jane Doe NLG AB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09188-CRB

5

6    *Jane Doe NLG PP v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09215-CRB

7    *Jane Doe NLG KC v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
8    00072-CRB

9    *Jane Doe NLG TT v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00075-CRB

10

11    *John Doe NLG GH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
00308-CRB

12

13    *Jane Doe NLG PO v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
00358-CRB

14

15    *Jane Doe NLG LB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00365-CRB

16    *Jane Doe NLG BH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
17    00369-CRB

18    *Jane Doe NLG RC v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00371-CRB

19

20    *Jane Doe NLG BE v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00401-CRB

21    *Jane Doe NLG KK v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
22    00673-CRB

23    *Jane Doe NLG HK v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
24    00675-CRB

25    *Jane Doe NLG JN v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00715-CRB

26

27    *Jane Doe NLG AJ v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00717-CRB

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    *Jane Doe NLG DO v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00718-CRB

2

3    *Jane Doe NLG CM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-00738-CRB

4

5    *Jane Doe NLG KK v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01068-CRB

6

7    *Jane Doe NLG KS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01076-CRB

8

9    *Jane Doe NLG MS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01078-CRB

10

11   *Jane Doe NLG AB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01079-CRB

12   *Jane Doe NLG HB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01084-CRB

13

14   *Jane Doe NLG TS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01090-CRB

15   *Williams v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01178-CRB

16

17   *Green v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01229-CRB

18

19   *Johnson v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01245-CRB

20   *Jones v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01246-CRB

21

22   *Jane Doe NLG KL v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01265-CRB

23   *Jane Doe NLG AH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01266-CRB

24

25   *Jane Doe NLG- CR v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01716-CRB

26

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1  *Jane Doe NLG- BH v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
2  01719-CRB

3  *Jane Doe NLG- BY v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
4  01720-CRB

5  *Jane Doe NLG- HW v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
6  01725-CRB

7  *Jane Doe NLG- ZD v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
8  01729-CRB

9  *Jane Doe NLG- CP v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
10 01731-CRB

11 *Jane Doe NLG- JF v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
12 01733-CRB

13 *Jane Doe NLG- BB v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
14 01734-CRB

15 *Jane Doe NLG- AM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
16 01797-CRB

17 *Jane Doe NLG- WB v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
18 01799-CRB

19 *Jane Doe NLG- JJ v. Uber Technologies,*
   *Inc., et al.,* No. 3:25-cv-01804-CRB
20
   *Jane Doe NLG- KD v. Uber*
21 *Technologies, Inc., et al.,* No. 3:25-cv-
   01809-CRB
22
   *Jane Doe NLG- RS v. Uber*
23 *Technologies, Inc., et al.,* No. 3:25-cv-
   01814-CRB
24
   *Jane Doe NLG- KG v. Uber*
25 *Technologies, Inc., et al.,* No. 3:25-cv-
   01816-CRB
26

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1  *Jane Doe NLG- JN v. Uber*
2  *Technologies, Inc., et al.,* No. 3:25-cv-
   01818-CRB

3  *Jane Doe NLG- DS v. Uber*
4  *Technologies, Inc., et al.,* No. 3:25-cv-
   01907-CRB

5  *Jane Doe NLG- JD v. Uber*
6  *Technologies, Inc., et al.,* No. 3:25-cv-
   01909-CRB

7  *Douglas v. Uber Technologies, Inc., et*
   *al.,* No. 3:25-cv-02274-CRB
8
9  *Jane Doe NLG- VM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02622-CRB
10
11 *Jane Doe NLG-BS v. Uber Technologies,*
   *Inc., et al.,* No. 3:25-cv-02685-CRB

12 *Jane Doe NLG-KM v. Uber*
13 *Technologies, Inc., et al.,* No. 3:25-cv-
   02706-CRB

14 *Montoya v. Uber Technologies, Inc., et*
   *al.,* No. 3:25-cv-02716-CRB
15
16 *Jane Doe NLG-KO v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02787-CRB
17
18 *Jane Doe NLG-RR v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02788-CRB
19
20 *Jane Doe NLG-AH v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02797-CRB
21
22 *Jane Doe NLG-AV v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02855-CRB
23
24 *Jane Doe NLG-KM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
   02856-CRB
25
26 *Vardiman v. Uber Technologies, Inc., et*
   *al.,* No. 3:25-cv-02885-CRB

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    *Jane Doe NLG-BC v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
2    02899-CRB

3    *Jane Doe NLG-LB v. Uber Technologies,
     Inc., et al.*, No. 3:25-cv-02904-CRB
4

5    *Jane Doe NLG-PB v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
     02938-CRB
6

7    *Jane Doe NLG-KM v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
     02956-CRB
8

9    *Rivera v. Uber Technologies, Inc., et al.*,
     No. 3:25-cv-03285-CRB

10   *Jane Doe NLG VT v. Uber Technologies,
     Inc., et al.*, No. 3:25-cv-03789-CRB
11

12   *Jane Doe NLG-EC v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
     03794-CRB
13

14   *John Doe-RM v. Uber Technologies,
     Inc., et al.*, No. 3:25-cv-04152-CRB

15   *Jane Doe NLG-SW v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
16   04155-CRB

17   *Brown v. Uber Technologies, Inc., et al.*,
     No. 3:25-cv-04371-CRB
18

19   *Davis v. Uber Technologies, Inc., et al.*,
     No. 3:25-cv-04742-CRB

20   *Moore v. Uber Technologies, Inc., et al.*,
     No. 3:25-cv-04803-CRB
21

22   *Brandon v. Uber Technologies, Inc., et
     al.*, No. 3:25-cv-04856-CRB

23   *Jane Doe NLG-PL v. Uber Technologies,
     Inc., et al.*, No. 3:25-cv-05014-CRB
24

25   *Jane Doe NLG-PA v. Uber
     Technologies, Inc., et al.*, No. 3:25-cv-
     05096-CRB
26

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1  *Jane Doe NLG-YM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
2  05109-CRB

3  *Jane Doe NLG-MH v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
4  05163-CRB

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## NOTICE OF MOTION TO DISMISS

2       TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3       PLEASE TAKE NOTICE that on December 12, 2025 at 10:00 a.m., or as soon thereafter as

4   counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor

5   of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue,

6   San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC

7   (collectively, "Defendants" or "Uber") will, and hereby do, move this Court for an order dismissing

8   with prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to

9   prosecute their cases and have failed to comply with Pretrial Order No. 10.

10      This Motion is made pursuant to Pretrial Order No. 10 (ECF No. 348), the Magistrate Judge's

11  November 18, 2024 Order (ECF No. 1877), and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the

12  Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of

13  Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently

14  filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this

15  coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or

16  evidence that may be presented to the Court in support of this Motion.

17

18  Dated: October 20, 2025                SHOOK, HARDY & BACON L.L.P.

19                                         By: */s/ Michael B. Shortnacy*
                                              MICHAEL B. SHORTNACY
20

21                                         MICHAEL B. SHORTNACY (SBN: 277035)
                                           mshortnacy@shb.com
22                                         **SHOOK, HARDY & BACON L.L.P.**
                                           2121 Avenue of the Stars, Suite 1400
23                                         Los Angeles, CA 90067
                                           Telephone: (424) 285-8330
24

25                                         *Attorney for Defendants*
                                           UBER TECHNOLOGIES, INC.,
26                                         RASIER, LLC, and RASIER-CA, LLC

27

28

---

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

# TABLE OF CONTENTS

1.   STATEMENT OF RELIEF SOUGHT ........................................................................1

2.   MEMORANDUM OF POINTS AND AUTHORITIES ............................................1

I.    INTRODUCTION .................................................**Error! Bookmark not defined.**

3.   BACKGROUND ......................................................................................................5

4.   ARGUMENT ...........................................................................................................7

I.    THE CLAIMS OF THE 218 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B). ......................................................................7

     A.   The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal...................7

     B.   The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 and the November 18, 2024 Order Has Prejudiced and Continues to Prejudice Uber......................................8

     C.   The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Verifications for their Amended PFS Overrides the Public Policy Favoring Disposition on the Merits. .......10

     D.   The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available...............11

II.   PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2). ...................................................................................12

5.   CONCLUSION.....................................................................................................13

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Adriana Int'l Corp.* v. *Thoeren*,
    913 F.2d 1406 (9th Cir. 1990) ................................................................6

*Computer Task Group, Inc. v. Brody*,
    364 F.3d 1112 (9th Cir. 2004) ................................................................1

*Degrelle v. Simon Wiesenthal Center*,
    883 F.2d 1023 (9th Cir. 1989) ................................................................9

*Gilmore v. Augustus*,
    No. 1:12-cv-925, 2015 WL 4430478 (E.D. Cal. July 20, 2015)...................7

*Henderson* v. *Duncan*,
    779 F.2d 1421 (9th Cir. 1986) ................................................................8

*Hilton v. Pagani Worldwide LLC*,
    No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020)...............9

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
    No. 7:21-cv-57728 (N.D. Fla. May 4, 2022) .............................................6

*In re 3M Combat Arms Earplug Prods. Liab. Litig.*,
    No. 8:20-cv-22581 (N.D. Fla. May 23, 2022) ...........................................6

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
    2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.)...................7, 8, 9

*In re Deepwater Horizon*,
    907 F.3d 232 (5th Cir. 2018) ................................................................8

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*,
    No. 10-2258, 2012 WL 629747 (E.D. La. Feb. 27, 2012).........................8

*In re Gen. Motors LLC Ignition Switch Litig.*,
    No. 14-MD-2543, 2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019)...............9

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* (*In re Guidant*),
    496 F.3d 863 (8th Cir. 2007) ..........................................................2, 6, 9

*In re Mirena IUD Prods. Liab. Litig.*,
    No. 13-MD-2434, 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015)...............2

ii

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
    460 F.3d 1217 (9th Cir. 2006) ..................................................................... *passim*

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*,
    223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618 (S.D.N.Y.
    July 27, 2004)..................................................................................................3

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
    966 F.3d 351 (5th Cir. 2020) .........................................................................2, 9

*In re Yasmin and Yaz (Drospirenone) Mktg., Sales Practices & Prod. Liab. Litig.*,
    No. 3:09–md–02100, 2011 WL 3035087 (S.D. Ill. July 25, 2011) ....................2, 7

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
    No. 09–md–2096, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011)..............................2

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
    No. 2:18-md-02848, 2020 WL 1506434 (E.D. Penn. March 30, 2020) ...............7, 8

*Jackson v. United States*,
    116 F.3d 484 (9th Cir. 1997) ...........................................................................9

*Malone* v. *U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) ....................................................................... *passim*

*McLaughlin v. Bayer Essure Inc.*,
    No. 14-cv-7315, 2019 WL 7593834 (E.D. Penn. Dec. 27, 2019)........................2, 7

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
    668 F. App'x 173 (7th Cir. 2016) .....................................................................6

*Pagtalunan* v. *Galaza*,
    291 F.3d 639 (9th Cir. 2002) ...........................................................................5

*Rodgers v. Alameda Cnty. Social Servs. Agency*,
    Nos. C-98-3760 VRW & C-00-4470 VRW, 2001 WL 58966 (N.D. Cal. Jan. 12,
    2001) ...........................................................................................................9

*United States v. Commodities Account No. 549 54930 at Saul Stone & Co.*,
    219 F.3d 595 (7th Cir. 2000) .........................................................................2, 7

*United States v. Sarabia-Ramirez*,
    No. 1:14-cr-226, 2019 WL 1493338 (E.D. Cal. April 4, 2019)............................7

**Court Rules**

Fed. R. Civ. P. 16(f)(1)(C)....................................................................................5

Fed. R. Civ. P. 25 ...............................................................................................9

iii

Fed. R. Civ. P. 37 ................................................................................................................10

Fed. R. Civ. P. 37(b)(2) ....................................................................................................5, 10

Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii) ........................................................................................5

Fed. R. Civ. P. 37(b)(2)(A)(v) .................................................................................................5

Fed. R. Civ. P. 41(b) ......................................................................................................5, 9, 10

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF RELIEF SOUGHT

Uber seeks an order dismissing the identified Plaintiffs' cases with prejudice, as Plaintiffs have disregarded all prior attempts to resolve their incomplete Plaintiff Fact Sheets ("PFS") and have failed to comply with this Court's order to submit verifications for their most recent amended PFS. Alternatively, should this Court extend Plaintiffs a third opportunity to abide by its prior Orders, Uber asks the Court to issue one final order compelling Plaintiffs to submit verifications for their most recent amended PFS within 7 days of the Court's Order, and providing notice that the Court will dismiss with prejudice the case of any Plaintiff who fails to provide the missing verification by the deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

More than a year and a half ago, in March 2024, this Court entered Pretrial Order No. 10 ("PTO 10"), which ordered each Plaintiff to submit a "substantially complete" PFS that "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct within a specified time frame. ECF No. 348 at 5-7. Six months later, in a November 18, 2024 order, Magistrate Judge Cisneros expressly rejected Plaintiffs' position that PTO 10 does not require submission of a verification contemporaneously with any amended PFS, but instead allows for submission of such verification at an unspecified point "sometime later in the case." ECF No. 1877 at 2. In turn, this Court ordered Plaintiffs to provide verifications for any then-unverified PFS amendments within 30 days and, moving forward, "in conjunction with any further amendments." *Id.* at 3.

As Uber demonstrated in an August 2025 motion that was granted by this Court, ECF Nos. 3731 & 3922, many Plaintiffs have failed to timely submit a substantially complete PFS and/or supporting documents in violation of PTO 10. Moreover, as outlined in this motion, hundreds of Plaintiffs purport to proceed as if PTO 10 does not require the submission of a verification contemporaneously with any amended PFS. But it plainly does. All told, 218 Plaintiffs have chosen to ignore this Court's orders by failing to submit a verification for their most recent amended PFS in violation of PTO 10. *See* accompanying Declaration of Michael B. Shortnacy ("Shortnacy Decl."), dated October 20, 2025, Ex. A (identifying Plaintiffs with the fatal deficiency at issue in this motion and the dates of each Plaintiff's most recent amended PFS that were served without the required

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    verifications). All the Plaintiffs have already been given notice and apprised of their failure to submit

2    a contemporaneous verification and their non-compliance with PTO 10 through a Deficiency Notice

3    posted to MDL Centrality. *Id.* Still, they have failed to submit verifications for their most recent

4    amended PFS as required by the Court's order. *Id.*

5        Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this multi-

6    district litigation ("MDL") and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d

7    1112, 1116 (9th Cir. 2004). A PFS contains "information that only [Plaintiffs] possess[] regarding the

8    critical elements of their claims." *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1234

9    (9th Cir. 2006). And this information is supposed to come from the Plaintiffs themselves based on

10   their factual knowledge of events they experienced, not be inserted by counsel based on their intake

11   process without plaintiff involvement. "Verification forces the claimant to place himself at risk of

12   perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement

13   that we easily excuse." *United States v. Commodities Account No. 549 54930 at Saul Stone & Co.,*

14   219 F.3d 595, 597 (7th Cir. 2000). The failure to accompany a PFS with a signed verification casts the

15   accuracy of the information contained therein in doubt and creates prejudice to a defendant. *See*

16   *McLaughlin v. Bayer Essure Inc.,* No. 14-cv-7315, 2019 WL 7593834, at *4-5 (E.D. Penn. Dec. 27,

17   2019). And potentially "[i]naccurate and/or incomplete PFS submissions… interfere with the…

18   discovery process reaching its full potential…. [T]he information will be of no use for assessing

19   whether claims should proceed to trial, settlement, or dismissal." *In re Yasmin and Yaz (Drospirenone)*

20   *Mktg., Sales Practices & Prod. Liab. Litig.,* No. 3:09–md–02100, 2011 WL 3035087, at *3 (S.D. Ill.

21   July 25, 2011). "Given the time pressure on a defendant that must investigate the claims" of numerous

22   plaintiffs in a multidistrict litigation, the "danger of prejudice" stemming from unreliable or

23   incomplete PFS is "substantial." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.),*

24   496 F.3d 863, 867 (8th Cir. 2007).

25       Plaintiffs' failure to verify their amended PFS responses is especially concerning given the

26   litigation misconduct that Uber has previously identified and this Court has previously recognized.

27   Specifically, this Court found that 27 Plaintiffs submitted non-bona-fide receipts in support of their

28

2

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1  claims, including receipts that show on their face that they were generated using websites designed for

2  creating receipts; receipts that contain math errors, formatting inconsistencies, and other errors; and

3  receipts that were clearly altered from bona-fide receipts. ECF Nos. 3876 and 3972. Following the

4  Court's ruling, Uber identified even more Plaintiffs (7) who have submitted fraudulent receipts. ECF

5  No. 4137. Plaintiffs have also not complied with a number of different orders from this Court

6  throughout this litigation. This Court previously found that hundreds of Plaintiffs have failed to

7  comply with PTO 10's requirement that they provide substantially complete and verified PFS by a

8  deadline. ECF No. 3922. The Court also found that dozens of Plaintiffs failed to comply with PTO 5

9  when they did not produce ride receipts or information on the schedule set by this Court. ECF No.

10  3862. Most recently, on September 9, 2025, this Court entered PTO 31, requiring 90 specifically

11  identified Plaintiffs to, within thirty days, "either (i) produce a bona fide ride receipt to Defendants via

12  MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt,

13  explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email

14  and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt."

15  ECF No. 3877. As permitted by PTO 31, Uber identified a second batch of 213 Plaintiffs who were

16  subject to its requirements and gave these Plaintiffs notice via MDL Centrality ("MDLC"); they were

17  due to comply with PTO 31 by October 13. Shortnacy Decl. ¶ 7. With those deadlines now passed, as

18  of October 16 (giving Plaintiffs a four-day grace period beyond their October 12 deadline) only 74 out

19  of 303 (or just over 24% of) Plaintiffs subject to PTO 31 have complied. *Id.*

20      In other words, years into this MDL, and with filings of new cases daily, Plaintiffs and their

21  counsel continue to disregard their court-ordered obligations to provide even the most basic

22  substantiation for their serious claims of alleged sexual assault. This motion arises at a time in the

23  litigation where 48% of the Plaintiffs at issue in this motion (identified in **Exhibit A** to the supporting

24  Declaration of Michael B. Shortnacy) are represented by a law firm that also represents a plaintiff

25  subject to one of Uber's fraudulent receipt motions (ECF Nos. 3604, 3784, and 4137).[1] Plaintiffs

26

27  _____

[1] These firms include: Peiffer Wolf Carr Kane Conway & Wise, the Nachawati Law Group, Kherkher Garcia, and the Pulaski Law Group.

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    should have been involved in amending their responses to the PFS *before* their amended PFS were

2    served. Plaintiffs' failure to serve a verification at the time they amended it raises the real possibility,

3    however, that counsel for more than 200 Plaintiffs may have amended and served a new PFS without

4    Plaintiffs' involvement at all. After all, as things presently stand, PFS can be verified with a

5    typewritten signature; if counsel actually conferred with each Plaintiff about the amendments to the

6    PFS, it would have made little sense for counsel not to simultaneously ask for the client's consent to

7    apply their typewritten signature to the required verification. Indeed, this strong inference is supported

8    by the declarations submitted by counsel in connection with recent motions to withdraw, which state

9    that counsel had no communication with their clients for extensive periods of time beginning *before*

10   the matters were filed, suggesting that counsel may have submitted the PFS without client input. *See*

11   ECF No. 4103-1, at ¶ 5b, 5d, 5e, 5f (admitting no contact with the Plaintiff after May 9, 2023 but

12   describing the filing of the MDL complaint 15 months later in August 2024 and submitting both a

13   Ride Information Form and Plaintiff Fact Sheet thereafter, apparently with no input from their client);

14   ECF No. 4104-1, at ¶ 5b, 5d, and 5e (describing Plaintiffs' failure to return counsel's communications

15   beginning in December 2024 three months before the case was filed). Thus, Uber has a good-faith

16   basis for its concern about the integrity and validity of the PFS amendment process and hundreds of

17   amended PFS that have been served. The law firms representing Plaintiffs have advertised heavily for

18   additional clients to bring claims against Uber, and the persistence of fraudulent and "no show"

19   Plaintiffs raises the possibility that this MDL docket has been artificially inflated with unsupported

20   "click bait" claims.

21          Uber thus respectfully asks that the Court dismiss all subject Plaintiffs' claims with prejudice.

22   Dismissal is warranted given Plaintiffs' disregard of their verification obligations and Uber's

23   Deficiency Notice issued pursuant to PTO 10. Plaintiffs have been given multiple chances to comply,

24   but continue to flagrantly ignore this Court's orders. Dismissal is also consistent with and arguably

25   more lenient, given the amount of chances this Court has provided for Plaintiffs to abide by its rulings,

26   than the decisions of several other courts that have been presented with failures to comply with orders

27   related to PFS in an MDL. *See, e.g.*, *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with

28

4

prejudice of cases for failure to submit complete PFS); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice for late and incomplete PFS); *In re Guidant*, 496 F.3d at 865–66 (same); *In re Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015) (dismissing with prejudice for PFS deficiencies); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (same); *In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004) (same), *vacated in part*, 2004 WL 1700618, at *1 (S.D.N.Y. July 27, 2004) (denying reconsideration as to plaintiffs whose cases were dismissed for failure to provide proof of timely and complete discovery).

## **BACKGROUND**

To "efficiently advance these coordinated proceedings," and "help the parties and the Court to manage the litigation," the Court issued PTO 10 in March 2024. ECF No. 348 at 2. PTO 10 requires each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality." *Id.* at 4. To be considered complete, a PFS has to, among other things "[i]nclude a signed declaration." *Id.* at 6-7. Plaintiffs were required to "serve" their PFS "[w]ithin the deadlines prescribed for the PFS," and service was to "be accomplished by uploading the *verified* PFS to MDL Centrality." *Id.* at 6 (emphasis added).

Plaintiffs previously took the position that PTO 10's explicit verification requirement did not apply to amended PFS, which they maintained could be verified months or even years after the fact, "once a case is advanced for expanded case-specific discovery." ECF No. 1803 at 4. In response, Uber pointed out that this was "tantamount to arguing that verifying discovery responses is trivial or 'optional,' a position courts have squarely rejected." *Id.* at 2 (citing *Walls v. Paulson*, 250 F.R.D. 48, 52 (D.D.C. 2008)) To the contrary, verification of Plaintiffs' written discovery "is essential for establishing the truth of the answers so that they may be relied on by the parties during the litigation." *Id.* (quoting *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *7 (E.D. Pa. Nov. 16, 2012)).

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

On November 18, 2024, Magistrate Judge Cisneros issued an order rejecting Plaintiffs' argument that they need not verify their PFS amendments until "sometime later in the case," concluding that PTO 10 required verifications to be contemporaneous with the submission of PFS or amendments. ECF No. 1877 at 2-3. She stressed that "[d]eferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage." *Id.* at 2. In addition, Judge Cisneros rejected Plaintiffs' claim that providing the verifications for PFS amendments would be unduly burdensome, noting that "if individual plaintiffs are in fact reviewing their amended PFS responses and agreeing to submit them under oath, the additional burden of obtaining a signed verification is minimal." *Id.* at 3. She ordered Plaintiffs to "provide verifications for any currently unverified amendments to PFS responses no later than thirty days from the date of this Order" (or by December 18, 2024) and further required that, "[g]oing forward, Plaintiffs shall provide verifications in conjunction with any further amendments." *Id.*

Despite these two clear orders to submit verifications for their amended PFS, as of October 20, 2025, the 218 Plaintiffs at issue in this motion (approximately 8% of filed cases in this MDL) still have not provided these verifications. Exhibit A to the Declaration of Michael B. Shortnacy submitted with this Motion sets forth the dates each Plaintiff that is subject to this motion provided their most recent amended PFS but failed to include the required verification. All of these Plaintiffs submitted their most recent amended PFS after the Magistrate Judge's November 18, 2024 order, and thus should have submitted their verifications contemporaneously with any amendment. ECF No. 1877 at 3. But all of the verifications at issue are at least a month late and many are more than three months late. Shortnacy Decl. Ex. A. In addition, in an effort to secure compliance without intervention by the Court, Uber sent a Notice of Deficiency to all Plaintiffs at issue on September 18, 2025, warning them of their non-compliance with PTO 10's requirement to provide verifications, but none of them subsequently submitted a verification or otherwise responded. Shortnacy Decl. ¶ 4. Uber now moves to dismiss these Plaintiffs' cases with prejudice in light of Plaintiffs' continued failure to abide by this Court's orders.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **ARGUMENT**

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

## I.    THE CLAIMS OF THE 218 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with PTO 10. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

### A.    The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not produced verifications for their most recent amended PFS well after they were originally due and despite clear Court orders to do so. Moreover, verifications are doubly important in light of the fraud this Court has recognized some Plaintiffs have committed in this case, including by submitting non-bona-fide receipts. ECF Nos. 3876 and 3972. Litigation cannot be resolved expeditiously if the parties and the public are not able to trust that it rests on a foundation of fact rather than fraud.

7

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to orders like PTO 10 and the November 18, 2024 order is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 17, 175 (7th Cir. 2016) ("Strict adherence to case management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). "Pretrial orders… 'are the engine that drives disposition on the merits'" and a court's "willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* No. 7:21-cv-57728, at 2 (N.D. Fla. May 4, 2022) (quoting *In re Cook Medical, Inc. Pelvic Repair Sys. Prof. Liab. Litig.,* 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018)) (dismissing 786 cases with prejudice for equivalent of PFS deficiencies). After all, "when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 8:20-cv-22581, at 3 (N.D. Fla. May 23, 2022) (dismissing 3,919 cases with prejudice for failure to timely submit equivalent of PFS).

It is uncontested that here, as in *In re PPA*, Plaintiffs have failed to comply with the Court's order mandating production of verifications for their amended PFS. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

**B.**     **The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 and the November 18, 2024 Order Has Prejudiced and Continues to Prejudice Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (quoting

8

*Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. *Adriana Int'l Corp.*, 913 F.2d at 1412.

Plaintiffs' failure to comply with PTO 10 by providing a verification for their most recent amended PFS prejudices Uber in this multidistrict litigation. As Magistrate Judge Cisneros already recognized, "[d]eferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage." ECF No. 1877 at 2. As other courts have recognized, verification is "essential… because of the substantial danger of false claims." *United States v. Sarabia-Ramirez,* No. 1:14-cr-226, 2019 WL 1493338, at *1 (E.D. Cal. April 4, 2019). "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *Commodities Account No. 549 54930,* 219 F.3d at 597. PFS are intended to reflect a plaintiff's factual knowledge, not counsel's *ad hoc* attempts to answer the questions without plaintiff's involvement; verifications ensure that plaintiffs have been involved in developing the PFS response or at least approved it.[2] Indeed, unverified responses are inadmissible as evidence, which is itself prejudicial to the receiving party. *See Gilmore v. Augustus,* No. 1:12-cv-925, 2015 WL 4430478, at *3 (E.D. Cal. July 20, 2015); *In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.,* No. 2:18-md-02848, 2020 WL 1506434, at *5 (E.D. Penn. March 30, 2020) (Plaintiffs who fail to verify "demonstrate little interest in participating in this litigation," substantially prejudicing defendants). Accordingly, the failure to accompany a PFS with a signed verification has been found sufficiently prejudicial to merit dismissal with prejudice. *McLaughlin,* 2019 WL 7593834, at *4-5.

---

[2] This Court has recognized that Federal Rule of Civil Procedure 26 "requires that counsel make a reasonable investigation and effort to certify that *the client has provided all information* and documents available to it which are responsive to a discovery request." *Clear-View Techs., Inc. v. Rasnick,* No 5:13-cv-02744-BLF, 2015 WL 2251005, at *8 n.90 (N.D Cal. May 13, 2015) (emphasis added). Because the lack of verifications here calls into question whether counsel actually consulted with the client on the amended PFS, Uber requests that this Court order counsel to provide a Rule 26(g) certification within 7 days identifying on separate lists (a) which plaintiffs reviewed the amended PFS before it was served, and (b) which plaintiffs did not review the amended PFS before it was served.

This makes sense because the PFS is essentially the only way for defendants to obtain "the specific information necessary to defend the case against" them. *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and if it is incomplete or inaccurate, Uber cannot assess Plaintiffs' cases and mount an effective defense, *see In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Failure to provide a complete, verified PFS "raise[s] questions about the credibility of the information that has been obtained," rendering it "of no use for assessing whether claims should proceed to trial, settlement, or dismissal" and making "the entire process… a waste of everyone's time and resources." *In re Yasmin,* 2011 WL 3035087, at *3. Under those circumstances, "defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-2258, 2012 WL 629747, at *2 (E.D. La. Feb. 27, 2012).

Indeed, Uber has already suffered prejudice because "in order to assess the merits of the claims against it, [Uber] has spent great time and expense identifying deficiencies, providing notices of the deficiencies, and filing discovery motions." *In re Zostavax,* 2020 WL 1506434, at *4. Given the prejudice Uber has suffered and will continue to suffer, dismissing Plaintiffs' cases with prejudice is a justified consequence.

**C.    The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Verifications for their Most Recent Amended PFS Overrides the Public Policy Favoring Disposition on the Merits.**

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's order to produce verifications for their most recent amended PFS. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure

2    to comply with court orders).

3         D.    __The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.__

4         The Court must consider the availability of alternative sanctions when deciding whether to

5    dismiss a case with prejudice for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But

6    that does not mean the court must somehow exhaust every possible alternative before ordering

7    dismissal with prejudice. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

8         In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses

9    for their failure to comply with this Court's orders. *See, e.g.*, ECF No. 3605 at 1; ECF No. 3610 at 4.

10   But courts have rejected such excuses, including "the difficulty in locating clients, the debilitating

11   nature of the injuries at issue, and the burden of complying with other case management orders." *In re*

12   *PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (plaintiffs

13   counsel argued "they were having technical filing issues, and that they had 'clients that [were] out of

14   town, out of the country, or working offshore and unable to respond to counsel.'" (alterations in

15   original) (citation omitted)). MDL courts frequently dismiss plaintiffs' claims with prejudice

16   notwithstanding their excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re*

17   *Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept.

18   9, 2019). These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re*

19   *Taxotere,* 966 F.3d at 351; *In re Guidant*, 496 F.3d at 865–66.

20        Moreover, as Judge Cisneros previously recognized, "if individual plaintiffs are in fact

21   reviewing their amended PFS responses and agreeing to submit them under oath, the additional burden

22   of obtaining a signed verification is minimal." ECF No. 1877 at 3. Given this minimal burden, there

23   should be no excuse that counsel cannot contact individual plaintiffs now; they should have obtained

24   the necessary signatures when those plaintiffs should have been assisting with amending the PFS that

25   counsel has now served as representing *plaintiffs'* amended responses. Though, if Plaintiffs' counsel

26   cannot so much as contact their clients at this stage of the MDL to obtain a simple verification

27   signature, an even greater threat to the integrity of these proceedings persists.

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

Additionally, dismissal is warranted because all the Plaintiffs at issue in this motion have been warned of their noncompliance with this Court's order to provide a verification for their most recent amended PFS. *See Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997). They received a Deficiency Notice informing them of their failure to abide by PTO 10 and giving them an additional fourteen (14) days to produce verifications for their most recent amended PFS or otherwise respond, but none of them did so. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber has expended significant time and resources in its repeated attempts to enforce this Court Order. Since both Uber and this Court have previously taken less drastic approaches to Plaintiffs' long-term noncompliance with this Court's Order, dismissal with prejudice is not only a reasonable outcome at this stage, but the *only* remaining solution. Plaintiffs simply do not seem to respond to any gentler approach to resolving their non-compliance with this Court's orders.

In sum, because of Plaintiffs' repeated and continuing disregard for this Court's orders, the *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and impede the efficient resolution of the cases in this MDL during a time where fraud is rampant in the litigation and Plaintiffs continue to submit non-bona fide receipts to support their claims.

## II.    PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH PREJUDICE UNDER RULE 37(B)(2).

"The standards governing dismissal for failure to obey a court order are basically the same under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or* fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets

1   this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have

2   willfully violated PTO 10 and they have not demonstrated that it was impossible for them to comply.

3   Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

4                                          <u>**CONCLUSION**</u>

5           Through its prior orders, the Court has already very clearly notified Plaintiffs of their obligation

6   to contemporaneously provide verifications for their most recent amended PFS. Uber has also notified

7   Plaintiffs via a Deficiency Letter. Despite these repeated notices and additional time to address their

8   material deficiencies, Plaintiffs have failed to provide the Court-ordered verifications and have

9   significantly prejudiced Uber in the process. This Court should take the same approach as other MDL

10  courts and dismiss these Plaintiffs' claims with prejudice. In addition, given the uncertainty the lack

11  of verifications has created about whether Plaintiffs' counsel actually consulted the plaintiffs in

12  amending the PFS at issue here, this Court should order counsel to provide a Rule 26(g) certification

13  within 7 days of the date of its Order identifying on separate lists (a) which plaintiffs reviewed the

14  amended PFS before it was served, and (b) which plaintiffs did not review the amended PFS before it

15  was served.

16

17  Dated: October 20, 2025                      SHOOK, HARDY & BACON L.L.P.

18                                              By: */s/ Michael B. Shortnacy*
                                                  MICHAEL B. SHORTNACY
19
                                                MICHAEL B. SHORTNACY (SBN: 277035)
20                                              mshortnacy@shb.com
                                                **SHOOK, HARDY & BACON L.L.P.**
21                                              2121 Avenue of the Stars, Suite 1400
                                                Los Angeles, CA 90067
22                                              Telephone: (424) 285-8330
                                                Facsimile: (424) 204-9093
23

24                                              *Attorney for Defendants*
                                                UBER TECHNOLOGIES, INC.,
25                                              RASIER, LLC, and RASIER-CA, LLC

26

27

28

                                              13

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10