UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING MOTION TO COMPEL COMPLIANCE WITH DISCLOSURE REQUIREMENTS**<br><br>Re: Dkt. No. 4006 |

## I.   INTRODUCTION

Uber moves to compel compliance with disclosure requirements under Civil Local Rule 3-15(b)(2) and this Court's previous Orders, asserting that Plaintiffs may have failed to disclose entities with portfolio-based interests in the outcome of litigation. Dkt. No. 4006. As clarified in Uber's reply brief, Uber seeks an affirmative representation by each law firm representing Plaintiffs in this MDL that no provider of litigation funding has a contingent interest in the outcome of an MDL member case, including on a portfolio basis. Dkt. No. 4155.

## II.   BACKGROUND

The Court presumes the parties' familiarity with the record, the applicable law, and the history of this litigation. As a brief recap, however, Plaintiffs' counsel previously moved to quash Uber's subpoenas seeking discovery related to litigation funding. Dkt. No. 3402. The Court granted that motion because Uber failed to show that such matters were "relevant to any party's claim or defense" under Rule 26(b)(1) of the Federal Rules of Civil Procedure, but held that Civil Local Rule 3-15(b)(2) required disclosure of any "provider of litigation funding whose financial arrangement is in any way contingent on the outcome of litigation." Dkt. No. 3625 at 1–3. The Court ordered disclosure as follows:

> Accordingly, to the extent that Plaintiffs are aware of any person or entity with an interest in the outcome of any case in this MDL that has not already been disclosed under Civil Local Rule 3-15 (including but not limited to sources of litigation funding whose arrangements are contingent in any way on the outcome of litigation), Plaintiffs must file supplemental certificates of interested entities. Each law firm representing Plaintiffs in this case must file a digest of all such interested entities (and the cases in which they have an interest) in the MDL docket no later than August 8, 2025. Multiple law firms may consolidate those digests into a single filing if they so choose.
>
> Plaintiffs must also file updated certifications in each individual case where such an interest is present. Under Civil Local Rule 3-15(c)(2), a certification is required to "[l]ist names and identify their connection and interest." Plaintiffs may describe the "interest" of litigation funders in general terms, along the lines of "source of funding with a contingent interest in the outcome of litigation." To account for the potential logistical challenge of the large number of filings that might be required from some firms, the Court sets a deadline of August 15, 2025 for filings in individual cases.

*Id.* at 3–4.

The August 8, 2025 deadline passed with no digests of interested entities filed in the MDL docket. The Court ordered "Plaintiffs . . . to file a status report no later than August 12, 2025 either confirming that they are not aware of entities with such interests or otherwise explaining their failure to file disclosures by the August 8th deadline." Dkt. No. 3676.

Plaintiffs' Co-Lead Counsel filed a status report indicating that they had "convened an all-counsel call to review the Court's order" and were "not aware of any plaintiff who intends to submit a supplemental Civil Local Rule 3.15 Certificate of Interested Entities." Dkt. No. 3684. The law firms of Williams Hart & Boundas, LLP; Nachawati Law Group; and (belatedly) Simmons Hanly Conroy, LLP also filed separate status reports asserting that they were not aware of any litigation funders with contingent interests in the outcome of their cases in this MDL. Dkt. Nos. 3683, 3685, 3698.

Uber now moves to compel compliance, speculating that Plaintiffs may have omitted contingent litigation funding arrangements that were based on a portfolio of cases rather than a specific individual case, and noting that at least one firm representing Plaintiffs in this MDL (Johnson Law Group) has been reported "to have ties with litigation funders." Dkt. No. 4006 at

2

7.[1] Uber construes Plaintiffs' counsel's representations regarding a lack of knowledge of "any plaintiff" required to make additional disclosures as narrowly tailored to case-specific funding arrangements. *Id.* at 10.

Plaintiffs assert that they previously complied with the Court's orders, and that "[n]o Plaintiff submitted supplemental disclosures, thereby confirming that no such litigation funding exists." Dkt. No. 4098 at 2. A supporting declaration by co-lead counsel Sarah London attest "that, as far as Co-Lead Counsel knew, no firm had litigation funding to disclose." Dkt. No. 4098-1, ¶ 4. Plaintiffs do not dispute Uber's position that the Court's previous Orders encompassed portfolio-based litigation funding.

Uber contends in its reply that because the Court previously directed each law firm representing Plaintiffs to file a digest of interest entities (if any), the subsequent order requiring a status report is best understood as also requiring a report from each firm, which did not occur. Dkt. No. 4155 at 2. The parties dispute who should have the burden of establishing whether there is or is not reason to believe that any firm has made use of contingent litigation funding. *Id.* at 4; Dkt. No. 4098 at 3.

## III. ANALYSIS

There does not appear to be any dispute that the Court's previous Orders regarding disclosures under Local Rule 3-15 encompassed all litigation funding arrangements that are contingent in any way on the outcome of a case in this MDL, including arrangements contingent on the outcome of a portfolio of cases that include one or more MDL member cases. To the extent there is any doubt, the Court now confirms that such arrangements must be disclosed. If any Plaintiff or law firm representing a Plaintiff is aware of such arrangements that have not been disclosed, they must file no later than October 28, 2025 both: (1) a supplemental disclosure of the entity or entities with such interests in the individual member case(s) to which such interests apply; and (2) a digest on the MDL docket listing, for a given law firm, all such entities and the

---

[1] Uber directed this Motion to Judge Breyer, who determined that it fell within the scope of discovery matters previously referred to the undersigned magistrate judge for decision. *See* Dkt. No. 4037.

3

cases in which they have an interest.

The Court did not, however, previously require a certification from each law firm that is *not* aware of any such interest, and declines to do so now. Unlike the original order requiring disclosures of interested entities (if any) by "[e]ach law firm representing Plaintiffs in this case," Dkt. No. 3625 at 3, the subsequent text-only order calling for a status report was directed to "Plaintiffs" generally, Dkt. No. 3676. At the outset of this litigation, Judge Breyer appointed Plaintiffs' Co-Lead Counsel to, among other duties, "determine (after such consultation with other members of the Plaintiffs' Steering Committee and other co-counsel as may be appropriate) the position of the plaintiffs on all matters arising during pretrial proceedings." Dkt. No. 152 (Pretrial Order No. 4) at 2. In this Court's management of discovery, both the Court and Uber have routinely accepted filings from Co-Lead Counsel on behalf of Plaintiffs. The Court's Order for a status report was not intended as an exception.

Co-Lead Counsel's status report arguably failed to respond to the question the Court asked, by asserting only that Co-Lead Counsel were "not aware of any plaintiff who *intends to submit* a supplemental" disclosure, Dkt. No. 3684 at 1, rather than addressing whether they were aware of any Plaintiff who was *required* to file such a disclosure. But Co-Lead Counsel's present opposition brief and accompanying declaration now make sufficiently clear that they are not aware of any plaintiff with a contingent interest to report, which resolves any such ambiguity.

The Court's previous Orders, as well as this Order clarifying their application to portfolio financing, are sufficient to make clear Plaintiffs' and their counsel's obligations. They are also sufficient to support sanctions for failure to disclose an entity with such interests. As such, the Court agrees with Plaintiffs that requiring each to firm to affirmatively disclaim any such interests or entities would be unnecessary busywork. If no further disclosures are made by October 28, 2025, such nondisclosure shall be equivalent to the affirmative statements Uber now seeks.

**IV.   CONCLUSION**

To the extent Uber's present Motion seeks clarification that the Court's previous Orders encompassed entities with a portfolio-based interest contingent in any way on the outcome of any case in this MDL, the Motion is GRANTED. That question does not appear to have been in

4

dispute, but if any Plaintiff or law firm previously failed to disclose such an interest, they must do so as discussed above no later than October 28, 2025. To the extent the present Motion seeks an affirmative statement from each Plaintiff's law firm disclaiming knowledge of such interests, it is DENIED.

**IT IS SO ORDERED.**

Dated: October 21, 2025

LISA J. CISNEROS
United States Magistrate Judge