Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 - 17th Floor |

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)

Pursuant to Local Rule 6-3, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move the Court to extend the expert rebuttal report deadlines for the five bellwether cases in which opening reports have already been exchanged from October 24, 2025 to November 6, 2025.

There is good cause for extending the deadline because of: (1) the large number of experts; (2) Plaintiffs' inability or unwillingness to present their experts for deposition on a feasible schedule; and (3) the need for Uber to designate multiple rebuttal experts in light of unanticipated reports and opinions. Plaintiffs have failed to provide deposition dates for their experts in many instances until after the current October 24 rebuttal deadline—and, in some cases, until after November 6. Uber has repeatedly asked Plaintiffs for earlier dates so that Uber's rebuttal experts can adequately formulate their respective rebuttals in advance of the current October 24 deadline. And although Plaintiffs initially agreed to extensions on rebuttal reports for their experts who are not available to sit for deposition until after the current rebuttal deadline, Plaintiffs ultimately retracted their agreement without any justification.

Despite Uber's best efforts to resolve this dispute without the Court's intervention, Plaintiffs have refused to work cooperatively. Accordingly, Uber respectfully requests that the expert rebuttal report deadlines be extended until November 6.

Given that the current rebuttal deadline for all expert reports is Friday, October 24, Plaintiffs have agreed to submit any opposition to this motion by Thursday, October 23 at noon. Defendants respectfully request a ruling by Friday, October 24 at noon.

## BACKGROUND

Under the current MDL schedule for B.L., A.R.2, Dean, LCHB128, and WHB 823, and following prior agreed stipulations to modify the expert discovery schedule on July 21, 2025 [ECF 3533]; August 15, 2025 [ECF 3705]; August 26, 2025 [ECF 3757]; September 10, 2025 [ECF 3893]; and September 24, 2025 [ECF 3997]:

- Expert reports were exchanged on September 26, 2025;

- Rebuttal expert reports are due October 24, 2025;

2

- Dispositive motions and Rule 702/*Daubert* motions for experts who served opening reports on September 26 are due November 10, 2025; and

- Rule 702/*Daubert* Motions for experts who only serve rebuttal reports are due November 14, 2025.

ECF No. 3997.

On September 26, 2025, Plaintiffs designated 17 experts, and Uber designated nine. Upon receiving expert designations, the parties began discussions regarding: (1) deposition scheduling; and (2) the potential that some experts may need to supplement their reports given ongoing fact discovery. Because seven Plaintiffs' experts offer case-specific opinions in more than one case, Uber sought multiple dates for those experts' depositions. Unfortunately, scheduling depositions has proved more difficult than expected. While Plaintiffs originally offered pre-rebuttal-deadline dates for 11 of their 16 experts, they subsequently withdrew seven of those dates, insisting that these experts be deposed *after* the October 24 rebuttal report deadline. As to the five remaining experts, Plaintiffs only offered dates at or after the rebuttal deadline, making it impossible for Uber's experts to provide timely rebuttal reports.

Below is a table summarizing the current schedule:

| Plaintiffs' Expert | Specialty | Deposition Date | Rebuttal Witness Anticipated? |
|---|---|---|---|
| Brown, Erik | Impairment and Consent (BL, JD) | TBD - To be rescheduled[1] | Yes |
| Chandler, John | Marketing | 11/6-11/7 | Yes |
| Drumwright, Minette | Company Conduct | 10/26 | No |
| Espritt, Charlene | Life-Care Plan | 11/4-11/5; 11/17 | No |
| Feldis, Jay | Dashcams | 10/24 | Yes |
| Johnson, Robert | Ability to Pay | 10/31 | No |
| Kelkar, Rajeev | GPS | 10/27-10/28 | No |

---

[1]    Uber asked Plaintiffs to reschedule Mr. Brown's deposition, which was originally set for October 20, because of scheduling difficulties.

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)

| Plaintiffs' Expert | Specialty | Deposition Date | Rebuttal Witness Anticipated? |
|---|---|---|---|
| Keller, Lacey[2] | Stats & S-RAD | 10/27 | Yes |
| Mechanic, Mindy | Psychology (BL, AR, EM, and JD) | 11/11, 11/22, 11/23, and 11/28 | Yes |
| Milnor, Michael | Law Enforcement (BL) | 11/3 | Yes |
| Moore, Julie | HR / Employment Practices | 10/28 | Yes |
| Rad, Heleya | Psychology (BM) | 10/17 | Yes |
| Rando, Cynthia | Human Factors | 11/7 | No |
| Sawyer, David | Background Checks | 10/23 | Yes |
| Tremblay, Thomas | Failure to Warn or Take Other Steps | 10/29-10/30 | Yes |
| Valliere, Veronique[3] | Company Conduct | 10/24 | Yes |
| Weiner, Bruce | Product & Software Development | 10/28 | Yes |

On October 9, 2025, Uber told Plaintiffs it could not agree to depositions at or near October 24, 2025 unless Plaintiffs agreed to move the rebuttal report deadline for depositions occurring later in October. Ex. A at 1 (10/9/2025 Email from A. Caritis to R. Abrams). The next day, Uber reiterated that it could not accept certain deposition dates without an agreement to move rebuttal report deadlines. Ex. B at 8 (10/10/2025 Email from L. Marden to R. Abrams). With that understanding, Plaintiffs represented that they would agree to move the rebuttal report deadline in exchange for Uber agreeing to later deposition dates, and Uber agreed to draft a joint stipulation concerning the revised rebuttal deadlines. *Id.* at 5-6 (10/14/2025 Email from L. Marden to R. Abrams). Then, on the afternoon of October 15, Plaintiffs retracted that agreement and told Uber they would not agree to extend the deadline for rebuttal reports except for a few limited exceptions. *Id.* at 5 (10/15/2025 Email from R. Abrams to L. Marden). The next

---

[2]    In light of Judge Cisneros' October 3 Orders related to Flack and SRAD discovery, Plaintiffs have informed Uber they intend to supplement the Keller report but are unable to provide a date certain for that supplemental report at this point.

[3]    On October 20, Plaintiffs served a supplemental report for Dr. Valliere related to a deposition that was on October 1.

4

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)

day, Plaintiffs pulled down three agreed dates and offered new dates during the last week of October or November.[4] *Id*. at 4 (10/16/2025 Email from R. Abrams to A. Caritis).

Uber continued to meet and confer with Plaintiffs on October 16 and October 17 in hopes of reaching an agreement concerning the rebuttal report deadline. *Id*. During a meet-and-confer on Friday, October 17, Plaintiffs again suggested they would be amenable to agreeing to later rebuttal deadlines for certain rebuttal reports. On October 19, Uber requested that Plaintiffs agree to move the rebuttal deadline (consistent with Plaintiffs' prior agreement) for specific reports and agreed to serve reports for certain rebuttal experts as soon as one day after the witness they are rebutting is deposed. *Id*. at 2-3. That night, Plaintiffs informed Uber they would only consider moving the rebuttal report deadline for ***one*** expert report. *Id.* at 1 (10/19/2025 Email from R. Abrams to A. Caritis).

## ARGUMENT

The Federal Rules of Civil Procedure authorize the modification of pretrial scheduling orders "for good cause with the judge's consent." Fed. R. Civ. P. 16(b)(4). Good cause exists for modifying the deadline with respect to rebuttal reports where a defendant has been denied the opportunity to depose the plaintiff's experts before serving rebuttal reports. *See United States ex rel. O'Connell v. Chapman Univ.*, 245 F.R.D. 652, 656 (C.D. Cal. 2007) (modifying scheduling order so that defendant could have sufficient time to depose relator's expert whose opinions would be the subject of any rebuttal reports). After all, a defendant "cannot be expected to provide its rebuttal experts' reports until *after*" the expert whose opinions will be rebutted is cross-examined. *Id.* (emphasis added). "It makes sense to allow a defendant to fully explore the plaintiff's expert's theories through a deposition before making his own disclosures" because the plaintiff bears the burden of proof. *Booker v. P.A.M. Transp., Inc.*, No. 2:23-cv-18 WJ/KRS, 2024 U.S. Dist. LEXIS 200621, at *28-29 (D.N.M. Nov. 4, 2024). In *Booker*, the plaintiff repeatedly rejected the defendant's request to depose the plaintiff's four experts before disclosing its rebuttal witnesses. As the court recognized, there was no "reason other than to strategically disadvantage Defendants for Plaintiff to not have accommodated this reasonable request." *Id.* at *29-30. The court ruled that the plaintiff's "refusal to accommodate a scheduling request for purely strategic reasons (as opposed

---

[4]    On October 17, after the parties' meet-and-confer, Plaintiffs agreed to keep one of the three previously agreed deposition dates.

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)

to demonstrated inability), is good cause for an extension of the opposing party's disclosure deadline, both to avoid undue prejudice to the party presenting rebuttal expert testimony and to discourage counsel from engaging in gamesmanship like conduct." *Id.* at *30.

These principles warrant a modest extension of the current deadline governing rebuttal disclosures. Plaintiffs have designated a large number of experts, and Uber is unable to complete rebuttal reports under the deadlines originally set by the Court. Despite Uber's repeated good-faith attempts to depose Plaintiffs' experts in an expeditious manner, counsel have dragged their feet and refused to make those witnesses available until after the current deadline for service of rebuttal reports. Uber has sought to negotiate reasonable extensions with Plaintiffs but those efforts ultimately failed. The only conceivable reason for Plaintiffs' counsel's conduct is to hinder Uber's trial preparation efforts and to ensure that Plaintiffs' experts receive a preview of their cross-examinations. An extension of the rebuttal report deadline need not impact any other case deadline, although it may make sense to extend the Rule 702/*Daubert* deadlines by a week to ensure expert depositions are complete.

In short, the Court should extend the current deadline until after most of Plaintiffs' experts are deposed, "both to avoid undue prejudice to" Uber "and to discourage counsel from engaging in gamesmanship like conduct." *Booker*, 2024 U.S. Dist. LEXIS 200621, at *30.

## CONCLUSION

For the foregoing reasons, the Court should extend the deadline for rebuttal reports until November 6.

DATED: October 21, 2025                    Respectfully submitted,

                                           */s/ Laura Vartain Horn*

                                           Laura Vartain Horn (SBN 258485)
                                           **KIRKLAND & ELLIS LLP**
                                           555 California Street, Suite 2700
                                           San Francisco, CA 94104
                                           Telephone: (415) 439-1625
                                           laura.vartain@kirkland.com

                                           Jessica Davidson (Admitted *Pro Hac Vice*)
                                           Christopher D. Cox (Admitted *Pro Hac Vice*)
                                           **KIRKLAND & ELLIS LLP**
                                           601 Lexington Avenue

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)

New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*

DEFENDANTS' MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS
Case No. 3.23-md-03084-CRB (LJC)