ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S AMENDED MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to: | Date:       December 12, 2025 |
| *H.B. v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05949-CRB | Time:       10:00 a.m. |
| | Courtroom:  6 – 17th Floor |

1    *Grier v. Uber Technologies, Inc., et al.,*
     No. 3:23-cv-05960-CRB

2

3    *Jane Doe LN v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-00120-CRB

4    *Jane Doe TW v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-00559-CRB

5

6    *Jane Doe DP v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-00573-CRB

7    *Jane Doe LR v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04306-CRB

8

9    *Jane Doe BW v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04308-CRB

10   *Jane Doe ST v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04309-CRB

11

12   *Jane Doe AR v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04313-CRB

13   *Jane Doe JB v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04316-CRB

14

15   *Jane Doe VB v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04317-CRB

16   *Jane Doe KH v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04326-CRB

17

18   *Jane Doe SF v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04327-CRB

19   *Jane Doe SR v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04332-CRB

20

21   *Jane Doe MC v. Uber Technologies,*
     *Inc., et al.,* No. 3:24-cv-04334-CRB

22   *Jane Doe SG v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04353-CRB

23

24   *Jane Doe TW v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04356-CRB

25   *Jane Doe VL v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04357-CRB

26

27   *Jane Doe SW v. Uber Technologies, Inc.,*
     *et al.,* No. 3:24-cv-04358-CRB

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1    *Jane Doe DM v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04359-CRB

2

3    *Jane Doe GA v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04361-CRB

4    *Jane Doe SW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04364-CRB

5

6    *Jane Doe JG v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04368-CRB

7    *Jane Doe KY v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04369-CRB

8

9    *Jane Doe DC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04373-CRB

10   *Jane Doe PC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04374-CRB

11

12   *Jane Doe DB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04428-CRB

13   *S.K. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04669-CRB

14

15   *B.T. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04670-CRB

16   *WHB 304 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04801-CRB

17

18   *WHB 1882 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04813-CRB

19   *WHB 322 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-4814-CRB

20

21   *WHB 1478 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04833-CRB

22   *WHB 188 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04834-CRB

23

24   *WHB 1123 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04850-CRB

25   *WHB 1144 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04859-CRB

26

27   *WHB 1914 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04869-CRB

28

---

1   *WHB 199 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04870-CRB

2

3   *WHB 1030 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04874-CRB

4   *WHB 196 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04886-CRB

5

6   *WHB 526 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04901-CRB

7   *WHB 950 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04931-CRB

8

9   *WHB 1462 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04935-CRB

10  *WHB 1531 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04937-CRB

11

12  *WHB 1847 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04945-CRB

13  *WHB 1858 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04948-CRB

14

15  *WHB 1670 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04949-CRB

16  *WHB 1936 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04950-CRB

17

18  *WHB 757 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04954-CRB

19  *WHB 1387 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04958-CRB

20

21  *WHB 1546 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04969-CRB

22  *WHB 603 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04971-CRB

23

24  *WHB 1638 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04975-CRB

25  *WHB 974 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04977-CRB

26

27  *WHB 696 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04979-CRB

28

*WHB 1834 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04980-CRB

*WHB 175 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04982-CRB

*WHB 1916 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05003-CRB

*WHB 1845 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05015-CRB

*WHB 1269 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05025-CRB

*WHB 400 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05034-CRB

*WHB 999 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05036-CRB

*WHB 1891 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05037-CRB

*WHB 755 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05039-CRB

*WHB 3 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05061-CRB

*WHB 599 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05062-CRB

*WHB 1606 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05066-CRB

*Jane Doe (C.A.) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05072-CRB

*Jane Doe KC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05073-CRB

*Jane Doe RD v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05074-CRB

*Jane Doe TD v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05075-CRB

*Jane Doe JH v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05079-CRB

*WHB 979 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05082-CRB

*WHB 1953 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05085-CRB

*WHB 1865 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05089-CRB

*WHB 1967 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05094-CRB

*WHB 649 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05095-CRB

*WHB 862 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05097-CRB

*Jane Doe JM v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05108-CRB

*Jane Doe JB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05109-CRB

*Jane Doe EB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05110-CRB

*Jane Doe AE v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05121-CRB

*WHB 1386 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05128-CRB

*WHB 1425 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05129-CRB

*WHB 427 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05132-CRB

*John Doe DG v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05169-CRB

*Jane Doe KH v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05174-CRB

*WHB 1382 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05232-CRB

*WHB 428 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05236-CRB

*WHB 1962 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05240-CRB

*WHB 504 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05243-CRB

1   *WHB 1555 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05254-CRB

2
3   *WHB 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05261-CRB

4   *WHB 1549 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05275-CRB

5
6   *WHB 1909 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05280-CRB

7   *WHB 662 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05355-CRB

8
9   *WHB 1338 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05434-CRB

10  *WHB 704 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05436-CRB

11
12  *WHB 1476 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05450-CRB

13  *WHB 1888 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05457-CRB

14
15  *WHB 335 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05460-CRB

16  *WHB 1048 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05462-CRB

17
18  *WHB 1443 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05472-CRB

19  *WHB 1596 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05473-CRB

20
21  *WHB 58 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05477-CRB

22  *WHB 1593 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05504-CRB

23
24  *WHB 1673 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05552-CRB

25  *WHB 1860 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05568-CRB

26
27  *WHB 1613 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05574-CRB

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *WHB 1053 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05612-CRB

2

3   *WHB 519 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05627-CRB

4   *WHB 393 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05633-CRB

5

6   *WHB 1416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05667-CRB

7   *WHB 1843 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05693-CRB

8

9   *WHB 505 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05709-CRB

10   *Jane Doe SK v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05710-CRB

11

12   *Jane Doe AM v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05765-CRB

13   *WHB 413 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05782-CRB

14

15   *WHB 1317 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05791-CRB

16   *WHB 1481 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05794-CRB

17

18   *WHB 695 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05799-CRB

19   *Jane Doe AR v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05947-CRB

20

21   *WHB 885 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05952-CRB

22   *WHB 520 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05954-CRB

23   *Jane Doe AS v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05960-CRB

24

25   *WHB 678 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05961-CRB

26   *Jane Doe CS v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05964-CRB

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1   *Jane Doe GT v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06051-CRB

2

3   *John Doe EW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06073-CRB

4   *Jane Doe JD v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06074-CRB

5

6   *Jane Doe JS v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06075-CRB

7   *Jane Doe SS v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06076-CRB

8

9   *C.W. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06176-CRB

10  *Jane Doe 691532 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-06643-CRB

11

12  *Jane Doe NLG MR v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07677-CRB

13

14  *Jane Doe NLG-TG v. Uber Technologies, Inc., et al.,* No. 3:24-cv-07803-CRB

15

16  *Jane Doe NLG-GH v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08078-CRB

17

18  *Jane Doe NLG-MC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08091-CRB

19

20  *Jane Doe NLG VK v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08610-CRB

21  *Jane Doe NLG TJ v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08621-CRB

22

23  *Jane Doe NLG JV v. Uber Technologies, Inc., et al.,* No. 3:24-cv-08622-CRB

24  *Jane Doe NLG AC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09151-CRB

25

26  *Jane Doe NLG AB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09188-CRB

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *Jane Doe NLG PP v. Uber Technologies,*
    *Inc., et al.,* No. 3:24-cv-09215-CRB

2

3   *Jane Doe NLG KC v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00072-CRB

4

5   *Jane Doe NLG TT v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00075-CRB

6   *John Doe NLG GH v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-

7   00308-CRB

8   *Jane Doe NLG PO v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-

9   00358-CRB

10  *Jane Doe NLG LB v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00365-CRB

11

12  *Jane Doe NLG BH v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00369-CRB

13

14  *Jane Doe NLG RC v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00371-CRB

15  *Jane Doe NLG BE v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00401-CRB

16

17  *Jane Doe NLG KK v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00673-CRB

18

19  *Jane Doe NLG HK v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00675-CRB

20

21  *Jane Doe NLG JN v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00715-CRB

22  *Jane Doe NLG AJ v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00717-CRB

23

24  *Jane Doe NLG DO v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00718-CRB

25

26  *Jane Doe NLG CM v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
    00738-CRB

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1   *Jane Doe NLG KK v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01068-CRB

2

3   *Jane Doe NLG KS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01076-CRB

4

5   *Jane Doe NLG MS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01078-CRB

6

7   *Jane Doe NLG AB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01079-CRB

8   *Jane Doe NLG HB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01084-CRB

9

10  *Jane Doe NLG TS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01090-CRB

11  *WHB 2083 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01178-CRB

12

13  *WHB 2045 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01211-CRB

14  *WHB 2052 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01229-CRB

15

16  *WHB 2055 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01245-CRB

17  *WHB 2056 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01246-CRB

18

19  *Jane Doe NLG KL v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01265-CRB

20  *Jane Doe NLG AH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01266-CRB

21

22  *Jane Doe NLG- CR v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01716-CRB

23

24  *Jane Doe NLG- BH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01719-CRB

25

26

27

28

1   *Jane Doe NLG- BY v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
2   01720-CRB

3   *Jane Doe NLG- HW v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
4   01725-CRB

5   *Jane Doe NLG- ZD v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
6   01729-CRB

7   *Jane Doe NLG- CP v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
8   01731-CRB

9   *Jane Doe NLG- JF v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
10  01733-CRB

11  *Jane Doe NLG- BB v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
12  01734-CRB

13  *Jane Doe NLG- AM v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
14  01797-CRB

15  *Jane Doe NLG- WB v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
16  01799-CRB

17  *Jane Doe NLG- JJ v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-01804-CRB
18

19  *Jane Doe NLG- KD v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
20  01809-CRB

21  *Jane Doe NLG- RS v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
22  01814-CRB

23  *Jane Doe NLG- KG v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
24  01816-CRB

25  *Jane Doe NLG- JN v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
26  01818-CRB

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *Jane Doe NLG- DS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
2   01907-CRB

3   *Jane Doe NLG- JD v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
4   01909-CRB

5   *Jane Doe 691046 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02274-CRB
6

7   *Jane Doe NLG- VM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02622-CRB
8

9   *Jane Doe NLG-BS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02685-CRB

10  *Jane Doe NLG-KM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
11  02706-CRB

12  *Jane Doe 691530 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02716-CRB
13

14  *Jane Doe NLG-KO v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02787-CRB
15

16  *Jane Doe NLG-RR v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02788-CRB
17

18  *Jane Doe NLG-AH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02797-CRB
19

20  *Jane Doe NLG-AV v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02855-CRB
21

22  *Jane Doe NLG-KM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
    02856-CRB
23

24  *M.V. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02885-CRB

25  *Jane Doe NLG-BC v. Uber Technologies, Inc., et al.,* No. 3:25-cv-
26  02899-CRB

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

*Jane Doe NLG-LB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02904-CRB

2

3

*Jane Doe NLG-PB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02938-CRB

4

*Jane Doe NLG-KM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02956-CRB

5

6

*Rivera v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03285-CRB

7

8

*Jane Doe NLG VT v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03789-CRB

9

*Jane Doe NLG-EC v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03794-CRB

10

11

*John Doe-RM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04152-CRB

12

13

*Jane Doe NLG-SW v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04155-CRB

14

15

*DLB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04371-CRB

16

*V.D. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04742-CRB

17

18

*S.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04803-CRB

19

*A.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04856-CRB

20

21

*Jane Doe NLG-PL v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05014-CRB

22

*Jane Doe NLG-PA v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05096-CRB

23

24

*Jane Doe NLG-YM v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05109-CRB

25

26

27

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Doe NLG-MH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05163-CRB

1

## NOTICE OF AMENDED MOTION TO DISMISS

2    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

3    PLEASE TAKE NOTICE that on December 12, 2025 at 10:00 a.m., or as soon thereafter as

4 counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor

5 of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue,

6 San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC

7 (collectively, "Defendants" or "Uber") will, and hereby do, move this Court for an order dismissing

8 with prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to

9 prosecute their cases and have failed to comply with Pretrial Order No. 10.

10    This Amended Motion is made pursuant to Pretrial Order No. 10 (ECF No. 348), the Magistrate

11 Judge's November 18, 2024 Order (ECF No. 1877), and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b)

12 of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached

13 Memorandum of Points and Authorities; the concurrently filed Amended Declaration of Michael B.

14 Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith;

15 the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and

16 any other arguments or evidence that may be presented to the Court in support of this Motion.

17

18 Dated: October 22, 2025                SHOOK, HARDY & BACON L.L.P.

19                                        By: */s/ Michael B. Shortnacy*
20                                          MICHAEL B. SHORTNACY

21                                        MICHAEL B. SHORTNACY (SBN: 277035)
                                          mshortnacy@shb.com
22                                        **SHOOK, HARDY & BACON L.L.P.**
                                          2121 Avenue of the Stars, Suite 1400
23                                        Los Angeles, CA 90067
                                          Telephone: (424) 285-8330
24

25                                        *Attorney for Defendants*
                                          UBER TECHNOLOGIES, INC.,
26                                        RASIER, LLC, and RASIER-CA, LLC

27

28

# TABLE OF CONTENTS

STATEMENT OF RELIEF SOUGHT ...................................................................................1

MEMORANDUM OF POINTS AND AUTHORITIES ........................................................1

BACKGROUND .................................................................................................................5

ARGUMENT ......................................................................................................................7

I.     THE CLAIMS OF THE 216 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH
       PREJUDICE PURSUANT TO RULE 41(B). ............................................................7

       A.     The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of
              Litigation and the Court's Need to Manage Its Docket Support Dismissal..................7

       B.     The Third *Malone* Factor: Plaintiffs' Violation of PTO 10 and the November 18,
              2024 Order Has Prejudiced and Continues to Prejudice Uber.......................................8

       C.     The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Verifications for their
              Amended PFS Overrides the Public Policy Favoring Disposition on the Merits. .......10

       D.     The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available...............11

II.    PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH
       PREJUDICE UNDER RULE 37(B)(2). .................................................................12

CONCLUSION.................................................................................................................13

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Adriana Int'l Corp.* v. *Thoeren,*
  913 F.2d 1406 (9th Cir. 1990) ...............................................................9

*Computer Task Grp., Inc. v. Brotby,*
  364 F.3d 1112 (9th Cir. 2004) ...............................................................2

*Degrelle v. Simon Wiesenthal Ctr.,*
  883 F.2d 1023 (9th Cir. 1989) .............................................................12

*Gilmore v. Augustus,*
  No. 1:12-cv-925, 2015 WL 4430478 (E.D. Cal. July 20, 2015).......................9

*Henderson* v. *Duncan,*
  779 F.2d 1421 (9th Cir. 1986) .............................................................11

*Hilton v. Pagani Worldwide LLC,*
  No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020).................12

*In re 3M Combat Arms Earplug Prods. Liab. Litig.,*
  No. 3:19-MD-2885, 2022 WL 2792258, at *2 (N.D. Fla. May 2, 2022) .................8

*In re 3M Combat Arms Earplug Prods. Liab. Litig.,*
  No. 3:19-MD-2885, 2022 WL 2045350 (N.D. Fla. May 24, 2022) .........................8

*In re Asbestos Prods. Liab. Litig. (No. VI),*
  2012 WL 5839023 (E.D. Pa. Nov. 16, 2012) ................................................2

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*),
  2007 WL 136625 (N.D. Cal. Jan. 12, 2007) (Breyer, J.)...........................10, 11, 12

*In re Deepwater Horizon,*
  907 F.3d 232 (5th Cir. 2018) ...............................................................11

*In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,*
  No. 10-2258, 2012 WL 629747 (E.D. La. Feb. 27, 2012)...............................10

*In re Gen. Motors LLC Ignition Switch Litig.,*
  No. 14-MD-2543, 2019 WL 12048517 (S.D.N.Y. Sept. 9, 2019).......................11

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.* (*In re Guidant*),
  496 F.3d 863 (8th Cir. 2007) ...............................................2, 5, 8, 11, 12

ii

*In re Mirena IUD Prods. Liab. Litig.*,
  No. 13-MD-2434, 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) .............................................5

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
  460 F.3d 1217 (9th Cir. 2006) ....................................................................... *passim*

*In re Rezulin Prods. Liab. Litig. (MDL No. 1348)*,
  223 F.R.D. 109 (S.D.N.Y. 2004), *vacated in part*, 2004 WL 1700618 (S.D.N.Y.
  July 27, 2004)...............................................................................................5

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
  966 F.3d 351 (5th Cir. 2020) ..................................................................5, 11

*In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prod. Liab. Litig.*,
  No. 3:09–md–02100, 2011 WL 3035087 (S.D. Ill. July 25, 2011) ....................................2, 10

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  No. 09–md–2096, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011)...............................................5

*In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.*,
  No. 2:18-md-02848, 2020 WL 1506434 (E.D. Pa. March 30, 2020) ................................9, 10

*Jackson v. United States*,
  116 F.3d 484 (9th Cir. 1997) ..................................................................................12

*Malone* v. *U.S. Postal Serv.*,
  833 F.2d 128 (9th Cir. 1987) ........................................................................ *passim*

*McLaughlin v. Bayer Essure Inc.*,
  No. 14-cv-7315, 2019 WL 7593834 (E.D. Penn. Dec. 27, 2019)........................................2, 9

*Nwatulegwu* v. *Boehringer Ingelheim Pharms., Inc.*,
  668 F. App'x 173 (7th Cir. 2016) ...........................................................................8

*Pagtalunan* v. *Galaza*,
  291 F.3d 639 (9th Cir. 2002) ...............................................................................7

*United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.*,
  219 F.3d 595 (7th Cir. 2000) ...............................................................................2, 9

*United States v. Sarabia-Ramirez*,
  No. 1:14-cr-226, 2019 WL 1493338 (E.D. Cal. April 4, 2019)...............................................9

**Court Rules**

Fed. R. Civ. P. 16(f)(1)(C)..........................................................................................7

Fed. R. Civ. P. 37 .......................................................................................... *passim*

iii

Fed. R. Civ. P. 41(b) .................................................................................................................7, 12

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## STATEMENT OF RELIEF SOUGHT

Uber seeks an order dismissing the identified Plaintiffs' cases with prejudice, as Plaintiffs have disregarded all prior attempts to resolve their incomplete Plaintiff Fact Sheets ("PFS") and have failed to comply with this Court's order to submit verifications for their most recent amended PFS. Alternatively, should this Court extend Plaintiffs a third opportunity to abide by its prior Orders, Uber asks the Court to issue one final order compelling Plaintiffs to submit verifications for their most recent amended PFS within 7 days of the Court's Order, and providing notice that the Court will dismiss with prejudice the case of any Plaintiff who fails to provide the missing verification by the deadline.

## MEMORANDUM OF POINTS AND AUTHORITIES

More than a year and a half ago, in March 2024, this Court entered Pretrial Order No. 10 ("PTO 10"), which ordered each Plaintiff to submit a "substantially complete" PFS that "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct within a specified time frame. ECF No. 348 at 5-7. Six months later, in a November 18, 2024 order, Magistrate Judge Cisneros expressly rejected Plaintiffs' position that PTO 10 does not require submission of a verification contemporaneously with any amended PFS, but instead allows for submission of such verification at an unspecified point "sometime later in the case." ECF No. 1877 at 2. In turn, this Court ordered Plaintiffs to provide verifications for any then-unverified PFS amendments within 30 days and, moving forward, "in conjunction with any further amendments." *Id.* at 3.

As Uber demonstrated in an August 2025 motion that was granted by this Court, ECF Nos. 3731 & 3922, many Plaintiffs have failed to timely submit a substantially complete PFS and/or supporting documents in violation of PTO 10. Moreover, as outlined in this motion, hundreds of Plaintiffs purport to proceed as if PTO 10 does not require the submission of a verification contemporaneously with any amended PFS. But it plainly does. All told, 216 Plaintiffs have chosen to ignore this Court's orders by failing to submit a verification for their most recent amended PFS in violation of PTO 10. *See* accompanying Amended Declaration of Michael B. Shortnacy ("Shortnacy Decl."), dated October 22, 2025, Ex. A (identifying Plaintiffs with the fatal deficiency at issue in this motion and the dates of each Plaintiff's most recent amended PFS that were served without the

required verifications). All the Plaintiffs have already been given notice and apprised of their failure to submit a contemporaneous verification and their non-compliance with PTO 10 through a Deficiency Notice posted to MDL Centrality. *Id.* Still, they have failed to submit verifications for their most recent amended PFS as required by the Court's order. *Id.*

Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this multi-district litigation ("MDL") and prepare for trial. *See Computer Task Grp., Inc. v. Brotby,* 364 F.3d 1112, 1116 (9th Cir. 2004). A PFS contains "information that only [Plaintiffs] possess[] regarding the critical elements of their claims." *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006). And this information is supposed to come from the Plaintiffs themselves based on their factual knowledge of events they experienced, not be inserted by counsel based on their intake process without plaintiff involvement. "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." *United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597 (7th Cir. 2000). The failure to accompany a PFS with a signed verification casts the accuracy of the information contained therein in doubt and creates prejudice to a defendant. *See McLaughlin v. Bayer Essure Inc.,* No. 14-cv-7315, 2019 WL 7593834, at *4-5 (E.D. Pa. Dec. 27, 2019); *In re Asbestos Prods. Liab. Litig. (No. VI)*, 2012 WL 5839023, at *8 (E.D. Pa. Nov. 16, 2012). And potentially "[i]naccurate and/or incomplete PFS submissions… interfere with the… discovery process reaching its full potential…. [T]he information will be of no use for assessing whether claims should proceed to trial, settlement, or dismissal." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.,* No. 3:09–md–02100, 2011 WL 3035087, at *3 (S.D. Ill. July 25, 2011). "Given the time pressure on a defendant that must investigate the claims" of numerous plaintiffs in a multidistrict litigation, the "danger of prejudice" stemming from unreliable or incomplete PFS is "substantial." *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 867 (8th Cir. 2007).

Plaintiffs' failure to verify their amended PFS responses is especially concerning given the litigation misconduct that Uber has previously identified and this Court has previously recognized.

---

2

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

Specifically, this Court found that 27 Plaintiffs submitted non-bona-fide receipts in support of their claims, including receipts that show on their face that they were generated using websites designed for creating receipts; receipts that contain math errors, formatting inconsistencies, and other errors; and receipts that were clearly altered from bona-fide receipts. ECF Nos. 3876 and 3972. Following the Court's ruling, Uber identified even more Plaintiffs (7) who have submitted fraudulent receipts. ECF No. 4137. Plaintiffs have also not complied with a number of different orders from this Court throughout this litigation. This Court previously found that hundreds of Plaintiffs have failed to comply with PTO 10's requirement that they provide substantially complete and verified PFS by a deadline. ECF No. 3922. The Court also found that dozens of Plaintiffs failed to comply with PTO 5 when they did not produce ride receipts or information on the schedule set by this Court. ECF No. 3862. Most recently, on September 9, 2025, this Court entered PTO 31, requiring 90 specifically identified Plaintiffs to, within thirty days, "either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt." ECF No. 3877. As permitted by PTO 31, Uber identified a second batch of 213 Plaintiffs who were subject to its requirements and gave these Plaintiffs notice via MDL Centrality ("MDLC"); they were due to comply with PTO 31 by October 13. Shortnacy Decl. ¶ 7. With those deadlines now passed, as of October 16 (giving Plaintiffs a four-day grace period beyond their October 12 deadline) only 74 out of 303 (or just over 24% of) Plaintiffs subject to PTO 31 have complied. *Id.*

In other words, years into this MDL, and with filings of new cases daily, Plaintiffs and their counsel continue to disregard their court-ordered obligations to provide even the most basic substantiation for their serious claims of alleged sexual assault. This motion arises at a time in the litigation where 48% of the Plaintiffs at issue in this motion (identified in **Exhibit A** to the supporting Declaration of Michael B. Shortnacy) are represented by a law firm that also represents a plaintiff

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

subject to one of Uber's fraudulent receipt motions (ECF Nos. 3604, 3784, and 4137).[1] Plaintiffs should have been involved in amending their responses to the PFS *before* their amended PFS were served. Plaintiffs' failure to serve a verification at the time they amended it raises the real possibility, however, that counsel for more than 200 Plaintiffs may have amended and served a new PFS without Plaintiffs' involvement at all. After all, as things presently stand, PFS can be verified with a typewritten signature; if counsel actually conferred with each Plaintiff about the amendments to the PFS, it would have made little sense for counsel not to simultaneously ask for the client's consent to apply their typewritten signature to the required verification. Indeed, this strong inference is supported by the declarations submitted by counsel in connection with recent motions to withdraw, which state that counsel had no communication with their clients for extensive periods of time beginning *before* the matters were filed, suggesting that counsel may have submitted the PFS without client input. *See* ECF No. 4103-1, at ¶ 5b, 5d, 5e, 5f (admitting no contact with the Plaintiff after May 9, 2023 but describing the filing of the MDL complaint 15 months later in August 2024 and submitting both a Ride Information Form and Plaintiff Fact Sheet thereafter, apparently with no input from their client); ECF No. 4104-1, at ¶ 5b, 5d, and 5e (describing Plaintiffs' failure to return counsel's communications beginning in December 2024 three months before the case was filed). Thus, Uber has a good-faith basis for its concern about the integrity and validity of the PFS amendment process and hundreds of amended PFS that have been served. The law firms representing Plaintiffs have advertised heavily for additional clients to bring claims against Uber, and the persistence of fraudulent and "no show" Plaintiffs raises the possibility that this MDL docket has been artificially inflated with unsupported "click bait" claims.

Uber thus respectfully asks that the Court dismiss all subject Plaintiffs' claims with prejudice. Dismissal is warranted given Plaintiffs' disregard of their verification obligations and Uber's Deficiency Notice issued pursuant to PTO 10. Plaintiffs have been given multiple chances to comply, but continue to flagrantly ignore this Court's orders. Dismissal is also consistent with and arguably

---

[1] These firms include: Peiffer Wolf Carr Kane Conway & Wise, the Nachawati Law Group, Kherkher Garcia, and the Pulaski Law Group.

1   more lenient, given the amount of chances this Court has provided for Plaintiffs to abide by its rulings,

2   than the decisions of several other courts that have been presented with failures to comply with orders

3   related to PFS in an MDL. *See, e.g.*, *In re PPA*, 460 F.3d at 1232–34 (affirming dismissal with

4   prejudice of cases for failure to submit complete PFS); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*

5   (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice for late and

6   incomplete PFS); *In re Guidant*, 496 F.3d at 865–66 (same); *In re Mirena IUD Prods. Liab. Litig.*,

7   No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015) (dismissing with prejudice for

8   PFS deficiencies); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–

9   2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (same); *In re Rezulin Prods. Liab. Litig.*

10  *(MDL No. 1348)*, 223 F.R.D. 109, 113, 120 (S.D.N.Y. 2004) (same), *vacated in part*, 2004 WL

11  1700618, at *1 (S.D.N.Y. July 27, 2004) (denying reconsideration as to plaintiffs whose cases were

12  dismissed for failure to provide proof of timely and complete discovery).

13                                          **BACKGROUND**

14      To "efficiently advance these coordinated proceedings," and "help the parties and the Court to

15  manage the litigation," the Court issued PTO 10 in March 2024. ECF No. 348 at 2. PTO 10 requires

16  each Plaintiff to "submit a completed PFS, and executed Authorizations, through MDL Centrality."

17  *Id.* at 4. To be considered complete, a PFS has to, among other things "[i]nclude a signed declaration."

18  *Id.* at 6-7. Plaintiffs were required to "serve" their PFS "[w]ithin the deadlines prescribed for the PFS,"

19  and service was to "be accomplished by uploading the *verified* PFS to MDL Centrality." *Id.* at 6

20  (emphasis added).

21      Plaintiffs previously took the position that PTO 10's explicit verification requirement did not

22  apply to amended PFS, which they maintained could be verified months or even years after the fact,

23  "once a case is advanced for expanded case-specific discovery." ECF No. 1803 at 4. In response, Uber

24  pointed out that this was "tantamount to arguing that verifying discovery responses is trivial or

25  'optional,' a position courts have squarely rejected." *Id.* at 2 (citing *Walls v. Paulson*, 250 F.R.D. 48,

26  52 (D.D.C. 2008)) To the contrary, verification of Plaintiffs' written discovery "is essential for

27

28
                                              5

establishing the truth of the answers so that they may be relied on by the parties during the litigation." *Id.* (quoting *In re Asbestos,* 2012 WL 5839023, at *7).

On November 18, 2024, Magistrate Judge Cisneros issued an order rejecting Plaintiffs' argument that they need not verify their PFS amendments until "sometime later in the case," concluding that PTO 10 required verifications to be contemporaneous with the submission of PFS or amendments. ECF No. 1877 at 2-3. She stressed that "[d]eferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage." *Id.* at 2. In addition, Judge Cisneros rejected Plaintiffs' claim that providing the verifications for PFS amendments would be unduly burdensome, noting that "if individual plaintiffs are in fact reviewing their amended PFS responses and agreeing to submit them under oath, the additional burden of obtaining a signed verification is minimal." *Id.* at 3. She ordered Plaintiffs to "provide verifications for any currently unverified amendments to PFS responses no later than thirty days from the date of this Order" (or by December 18, 2024) and further required that, "[g]oing forward, Plaintiffs shall provide verifications in conjunction with any further amendments." *Id.*

Despite these two clear orders to submit verifications for their amended PFS, as of October 20, 2025, the 216 Plaintiffs at issue in this motion (approximately 8% of filed cases in this MDL) still have not provided these verifications. Exhibit A to the Declaration of Michael B. Shortnacy submitted with this Motion sets forth the dates each Plaintiff that is subject to this motion provided their most recent amended PFS but failed to include the required verification. All of these Plaintiffs submitted their most recent amended PFS after the Magistrate Judge's November 18, 2024 order, and thus should have submitted their verifications contemporaneously with any amendment. ECF No. 1877 at 3. But all of the verifications at issue are at least a month late and many are more than three months late. Shortnacy Decl. Ex. A. In addition, in an effort to secure compliance without intervention by the Court, Uber sent a Notice of Deficiency to all Plaintiffs at issue on September 18, 2025, warning them of their non-compliance with PTO 10's requirement to provide verifications, but none of them subsequently submitted a verification or otherwise responded. Shortnacy Decl. ¶ 4. Uber now moves

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

to dismiss these Plaintiffs' cases with prejudice in light of Plaintiffs' continued failure to abide by this Court's orders.

**ARGUMENT**

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal with prejudice of Plaintiffs' claims is justified here.

## I.    THE CLAIMS OF THE 216 PLAINTIFFS AT ISSUE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) on the basis of Plaintiffs' continued non-compliance with PTO 10. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam)). These factors favor dismissal of Plaintiffs' claims with prejudice.

### A.    The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The factor is especially weighty in a situation such as this one, where Plaintiffs have not produced verifications for their most recent amended PFS well after they were originally due and despite clear Court orders to do so. Moreover, verifications are doubly important in light of the fraud this Court has recognized some Plaintiffs have committed in this case, including by submitting non-bona-fide receipts. ECF Nos.

3876 and 3972. Litigation cannot be resolved expeditiously if the parties and the public are not able to trust that it rests on a foundation of fact rather than fraud.

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal with prejudice. Adherence to orders like PTO 10 and the November 18, 2024 order is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232; *accord Nwatulegwu v. Boehringer Ingelheim Pharms., Inc.*, 668 F. App'x 173, 175 (7th Cir. 2016) ("Strict adherence to case management orders is necessary to manage multidistrict litigation, and our sister circuits have affirmed dismissals with prejudice based on non-compliance with discovery deadlines." (internal citation omitted)). "Pretrial orders… 'are the engine that drives disposition on the merits'" and a court's "willingness to resort to sanctions in the event of noncompliance can ensure that the engine remains in tune, resulting in better administration of the vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.,* No. 3:19-MD-2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (quoting *In re Cook Medical, Inc. Pelvic Repair Sys. Prods. Liab. Litig.,* No. 2:16-cv-3043, 2018 WL 4698953, at *2 (S.D. W. Va. Sept. 28, 2018)) (dismissing 786 cases with prejudice for equivalent of PFS deficiencies). After all, "when parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-2885, 2022 WL 2792258, at *2 (N.D. Fla. May 2, 2022) (dismissing 3,919 cases with prejudice for failure to timely submit equivalent of PFS).

It is uncontested that here, as in *In re PPA*, Plaintiffs have failed to comply with the Court's order mandating production of verifications for their amended PFS. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims with prejudice.

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

**B.    The Third _Malone_ Factor: Plaintiffs' Violation of PTO 10 and the November 18, 2024 Order Has Prejudiced and Continues to Prejudice Uber.**

A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." _In re PPA_, 460 F.3d at 1227 (quoting _Adriana Int'l Corp._ v. _Thoeren_, 913 F.2d 1406, 1412 (9th Cir. 1990)). "Failure to produce documents as ordered . . . is considered sufficient prejudice" to justify dismissal. _Adriana Int'l Corp._, 913 F.2d at 1412.

Plaintiffs' failure to comply with PTO 10 by providing a verification for their most recent amended PFS prejudices Uber in this multidistrict litigation. As Magistrate Judge Cisneros already recognized, "[d]eferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage." ECF No. 1877 at 2. As other courts have recognized, verification is "essential… because of the substantial danger of false claims." _United States v. Sarabia-Ramirez,_ No. 1:14-cr-226, 2019 WL 1493338, at *1 (E.D. Cal. April 4, 2019) (citation omitted). "Verification forces the claimant to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse." _Commodities Account No. 549 54930,_ 219 F.3d at 597. PFS are intended to reflect a plaintiff's factual knowledge, not counsel's _ad hoc_ attempts to answer the questions without plaintiff's involvement; verifications ensure that plaintiffs have been involved in developing the PFS response or at least approved it.[2] Indeed, unverified responses are inadmissible as evidence, which is itself prejudicial to the receiving party. _See Gilmore v. Augustus,_ No. 1:12-cv-925, 2015 WL 4430478, at *3 (E.D. Cal. July 20, 2015); _In re Zostavax (Zoster Vaccine Live) Prods. Liab. Litig.,_ No. 2:18-md-02848, 2020 WL 1506434, at *5 (E.D. Pa. Mar. 30, 2020) (Plaintiffs who fail to verify "demonstrate little interest in participating in this litigation," substantially

---

[2] This Court has recognized that Federal Rule of Civil Procedure 26 "requires that counsel make a reasonable investigation and effort to certify that _the client has provided all information_ and documents available to it which are responsive to a discovery request." _Clear-View Techs., Inc. v. Rasnick,_ No 5:13-cv-02744-BLF, 2015 WL 2251005, at *8 n.90 (N.D Cal. May 13, 2015) (emphasis added) (citation omitted). Because the lack of verifications here calls into question whether counsel actually consulted with the client on the amended PFS, Uber requests that this Court order counsel to provide a Rule 26(g) certification within 7 days identifying on separate lists (a) which plaintiffs reviewed the amended PFS before it was served, and (b) which plaintiffs did not review the amended PFS before it was served.

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

prejudicing defendants). Accordingly, the failure to accompany a PFS with a signed verification has been found sufficiently prejudicial to merit dismissal with prejudice. *McLaughlin,* 2019 WL 7593834, at *4-5.

This makes sense because the PFS is essentially the only way for defendants to obtain "the specific information necessary to defend the case against" them. *In re PPA*, 460 F.3d at 1234. The PFS asks Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and if it is incomplete or inaccurate, Uber cannot assess Plaintiffs' cases and mount an effective defense, *see In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. MDL 1699, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007) (Breyer, J.). Failure to provide a complete, verified PFS "raise[s] questions about the credibility of the information that has been obtained," rendering it "of no use for assessing whether claims should proceed to trial, settlement, or dismissal" and making "the entire process… a waste of everyone's time and resources." *In re Yasmin,* 2011 WL 3035087, at *3. Under those circumstances, "defendants have been substantially prejudiced by their inability to learn the most basic facts about these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.,* No. 10-2258, 2012 WL 629747, at *2 (E.D. La. Feb. 27, 2012).

Indeed, Uber has already suffered prejudice because "in order to assess the merits of the claims against it, [Uber] has spent great time and expense identifying deficiencies, providing notices of the deficiencies, and filing discovery motions." *In re Zostavax,* 2020 WL 1506434, at *4. Given the prejudice Uber has suffered and will continue to suffer, dismissing Plaintiffs' cases with prejudice is a justified consequence.

### C.    The Fourth *Malone* Factor: Plaintiffs' Failure to Produce Verifications for their Most Recent Amended PFS Overrides the Public Policy Favoring Disposition on the Merits.

A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's

order to produce verifications for their most recent amended PFS. Hence, the preference for resolving cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1 (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

### D.    The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.

The Court must consider the availability of alternative sanctions when deciding whether to dismiss a case with prejudice for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But that does not mean the court must somehow exhaust every possible alternative before ordering dismissal with prejudice. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses for their failure to comply with this Court's orders. *See, e.g.*, ECF No. 3605 at 1; ECF No. 3610 at 4. But courts have rejected such excuses, including "the difficulty in locating clients, the debilitating nature of the injuries at issue, and the burden of complying with other case management orders." *In re PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d 232, 234 (5th Cir. 2018) (plaintiffs counsel argued "they were having technical filing issues, and that they had 'clients that [were] out of town, out of the country, or working offshore and unable to respond to counsel.'" (alterations in original) (citation omitted)). MDL courts frequently dismiss plaintiffs' claims with prejudice notwithstanding their excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019). These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere,* 966 F.3d at 351; *In re Guidant*, 496 F.3d at 865–66.

Moreover, as Judge Cisneros previously recognized, "if individual plaintiffs are in fact reviewing their amended PFS responses and agreeing to submit them under oath, the additional burden of obtaining a signed verification is minimal." ECF No. 1877 at 3. Given this minimal burden, there should be no excuse that counsel cannot contact individual plaintiffs now; they should have obtained the necessary signatures when those plaintiffs should have been assisting with amending the PFS that counsel has now served as representing *plaintiffs'* amended responses. Though, if Plaintiffs' counsel

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1    cannot so much as contact their clients at this stage of the MDL to obtain a simple verification

2    signature, an even greater threat to the integrity of these proceedings persists.

3        Additionally, dismissal is warranted because all the Plaintiffs at issue in this motion have been

4    warned of their noncompliance with this Court's order to provide a verification for their most recent

5    amended PFS. *See Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997). They received a

6    Deficiency Notice informing them of their failure to abide by PTO 10 and giving them an additional

7    fourteen (14) days to produce verifications for their most recent amended PFS or otherwise respond,

8    but none of them did so. Courts have recognized that dismissal is an appropriate remedy where a party

9    has previously been warned about its non-compliance with a court order and still failed to comply.

10   *Degrelle v. Simon Wiesenthal Ctr.*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,*

11   No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber has expended

12   significant time and resources in its repeated attempts to enforce this Court Order. Since both Uber

13   and this Court have previously taken less drastic approaches to Plaintiffs' long-term noncompliance

14   with this Court's Order, dismissal with prejudice is not only a reasonable outcome at this stage, but

15   the *only* remaining solution. Plaintiffs simply do not seem to respond to any gentler approach to

16   resolving their non-compliance with this Court's orders.

17       In sum, because of Plaintiffs' repeated and continuing disregard for this Court's orders, the

18   *Malone* factors weigh in favor of dismissing Plaintiffs' cases with prejudice under Rule 41(b). *See In*

19   *re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 354; *In re Guidant*, 496 F.3d at 865–66; *In*

20   *re Bextra*, 2007 WL 136625, at *2. A different ruling would endorse Plaintiffs' non-compliance and

21   impede the efficient resolution of the cases in this MDL during a time where fraud is rampant in the

22   litigation and Plaintiffs continue to submit non-bona fide receipts to support their claims.

23   **II.    PLAINTIFFS' WILLFUL VIOLATION OF PTO 10 WARRANTS DISMISSAL WITH**
     **        PREJUDICE UNDER RULE 37(B)(2).**
24

25       "The standards governing dismissal for failure to obey a court order are basically the same

26   under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including

27   dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or*

28

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin* v. *Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* (quoting *Fair Hous.*, 285 F.3d at 905). The Plaintiffs at issue in this motion have willfully violated PTO 10 and they have not demonstrated that it was impossible for them to comply. Dismissal with prejudice is thus warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

## CONCLUSION

Through its prior orders, the Court has already very clearly notified Plaintiffs of their obligation to contemporaneously provide verifications for their most recent amended PFS. Uber has also notified Plaintiffs via a Deficiency Letter. Despite these repeated notices and additional time to address their material deficiencies, Plaintiffs have failed to provide the Court-ordered verifications and have significantly prejudiced Uber in the process. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice. In addition, given the uncertainty the lack of verifications has created about whether Plaintiffs' counsel actually consulted the plaintiffs in amending the PFS at issue here, this Court should order counsel to provide a Rule 26(g) certification within 7 days of the date of its Order identifying on separate lists (a) which plaintiffs reviewed the amended PFS before it was served, and (b) which plaintiffs did not review the amended PFS before it was served.

Dated: October 22, 2025

SHOOK, HARDY & BACON L.L.P.
By: */s/ Michael B. Shortnacy*
  MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

13

DEFENDANTS' AMENDED MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB