<tt><tt>
<tt><tt>
<tt><tt>
<tt>
<tt>
<tt>
<tt>
<tt>
<tt>

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**REPLY IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO EXTEND TIME TO SERVE REBUTTAL EXPERT REPORTS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this brief reply in support of Uber's Motion to Extend Expert Rebuttal Report Deadlines for the five bellwether cases in which opening reports have already been exchanged from October 24, 2025 to November 6, 2025. Uber submits this reply to bring to the Court's attention two developments that have taken place since Uber filed its motion on October 21, 2025.

*First*, earlier today, Plaintiffs served a supplemental expert report for their marketing expert Dr. Minette Drumwright—nearly a month after the report deadline, two days before rebuttal deadline, and four days before her scheduled deposition. Plaintiffs provided no prior notice of this 37-page, 71-paragraph untimely supplemental expert report. The report contains 129 footnote citations, *all* of which are from sources available prior to September 26, 2025, the original expert report deadline. Plaintiffs' failure to abide by the Court's deadlines makes it all the more impossible for Uber to depose their experts and submit rebuttal reports on the original schedule. *See Carter v. Finely Hosp.*, 2003 WL 22232844, at *2 (N.D. Ill. Sept. 22, 2003) (an attempted supplement under Rule 26(e) is "particularly" disingenuous "where, as here, the materials on which the new expert opinions are based were available to the [d]efendant prior to [p]laintiff deposing her expert witnesses."); *Noffsinger v. Valspar Corp.*, 2012 WL 5948929, at *3 (N.D. Ill. Nov. 27, 2012) ("[A] party may not abuse Rule 26(e) to subvert discovery deadlines by supplementing its expert reports with entirely new theories or with information that it should have included in the initial reports.").

*Second*, despite multiple requests from Uber, Plaintiffs have refused to provide Uber with certain "facts or data considered by the [their experts] in forming" their opinions, FED. R. CIV. P. 26(a)(2)(B)(ii), specifically, interview notes, raw testing data, and interpretive reports for psychological testing conducted by their experts Dr. Mindy Mechanic and Dr. Heleya Rad. *See* Ex. A at 1-3 (10/22/2025 Email from L. Marden to R. Abrams); Ex. B at 1-4 (10/22/2025 Email from L. Marden to R. Abrams). In its most recent communication, Uber has requested the materials, which are critical for Uber's rebuttal experts, by noon tomorrow. Absent production, Uber intends to move to compel before the Magistrate Judge, which will further delay Uber's ability to submit rebuttal reports. *See Wesdem, LLC v. Illinois Tool Works, Inc.*, 2021 WL 9968679, at *1-*2 (W.D. Tex. Aug. 12, 2021) (granting motion to compel plaintiff's expert to produce

"underlying data" needed by defendants "to properly prepare a rebuttal report" and extending the deadline for defendant's rebuttal expert report); *see also Kimmel v. Massachusetts Bay Insurance Co.*, 2023 WL 8714336, at *12 (D.N.J. Dec. 15, 2023) ("Defendant cannot effectively rebut a report when an expert has not disclosed the materials used to come to the opinions in it.").

For the foregoing reasons, and those set forth in Uber's Motion to Extend Time, the Court should extend the deadline for rebuttal reports until November 6.

DATED: October 22, 2025                            Respectfully submitted,

                                                   */s/ Laura Vartain Horn*
                                                   Laura Vartain Horn (SBN 258485)
                                                   **KIRKLAND & ELLIS LLP**
                                                   555 California Street, Suite 2700
                                                   San Francisco, CA 94104
                                                   Telephone: (415) 439-1625
                                                   laura.vartain@kirkland.com

                                                   Allison M. Brown (Admitted *Pro Hac Vice*)
                                                   **KIRKLAND & ELLIS LLP**
                                                   2005 Market Street, Suite 1000
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 268-5000
                                                   alli.brown@kirkland.com

                                                   Jessica Davidson (Admitted *Pro Hac Vice*)
                                                   **KIRKLAND & ELLIS LLP**
                                                   601 Lexington Avenue
                                                   New York, NY 10022
                                                   Telephone: (212) 446-4800
                                                   jessica.davidson@kirkland.com

                                                   *Attorneys for Defendants*
                                                   UBER TECHNOLOGIES, INC.,
                                                   RASIER, LLC, And RASIER-CA, LLC