Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05930-CRB <br><br> *Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05864-CRB | Case No. 3:23-md-03084-CRB (LJC) <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONAL IDENTIFYING INFORMATION CONTAINED IN AN EXHIBIT TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS** <br><br> Judge:       Hon. Charles R. Breyer <br> Courtroom:  6 – 17th Floor |

**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Under Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber" or "Defendants") hereby move this Court for an order to seal the personal identifying information ("PII") contained in an exhibit to their Motion to Compel Compliance with Court Orders & to Reset Deadline for Certain Depositions (altogether, the "Exhibit"). The Exhibit contains PII from materials produced by both Uber and Plaintiffs. The Exhibit in question is attached as Exhibit A, filed concurrently to this Administrative Motion.

A party seeking to seal a judicial record bears the burden of establishing that "compelling reasons" support that request. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006). Specifically, that party must "articulate[] compelling reasons supported by specific factual findings … that outweigh the general history of access and the public policies favoring disclosure [of court records], such as the 'public interest in understanding the judicial process.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In turn, the [C]ourt must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Assessment of the public and private interests implicated here warrant sealing this information. Local Rule 79-5(c)(1)(i). Uber in particular seeks to seal the names of Plaintiffs and one other individual contained throughout Exhibit, as well as home and other addresses,[1] contact information such as phone numbers and email addresses, and financial information such as credit card number. Courts have found that such information "is sealable under the compelling reasons standard." *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 WL 17971633, at *1 (N.D. Cal. Nov. 17, 2022). That is because such information is "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). On the other hand, the public disclosure of the PII contained within the Exhibit could cause significant and avoidable harm or embarrassment to the affected individuals. Moreover, no

---

[1] Uber proposes redacting all addresses, because Uber is not able to assess which addresses are potentially personally identifying.

2

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONALLY IDENTIFYING INFORMATION
CONTAINED IN EXHIBIT TO DEFENDANTS' MOTION TO COMPEL
Case No. 3:23-md-03084-CRB (LJC)

less restrictive alternative to sealing the PII in the Exhibit is sufficient. Local Rule 79-5(c)(1)(iii). Uber's request is narrowly tailored to seal only the PII while ensuring that the public retains access to the rest of the Exhibit to the Motion to Compel. This Court may therefore "appropriately balance[]" the privacy interests of the affected individuals with the public's right to access by allowing redaction of all such PII in the Exhibit. *O'Connor*, 2015 WL 355496, at *2.

## CONCLUSION

For the foregoing reasons, Uber respectfully requests this Court grant this Administrative Motion to seal the personal identifying information, specifically the names, addresses, financial information, and contact information contained in the Exhibit to its Motion to Compel.

DATED: October 22, 2025                    Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC