Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS** |
| This Document Relates to: <br><br> *Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05930-CRB <br><br> *Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05864-CRB | Date:         December 12, 2025 <br> Time:         10:00 a.m. <br> Courtroom:  6 – 17th Floor |

1

## NOTICE OF MOTION TO COMPEL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on December 12, 2025, at 10:00 a.m. Pacific, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order (1) compelling Plaintiffs Jane Doe LS 333 and 397 to immediately comply with this Court's September 9, 2025, and September 22, 2025 Orders; and (2) setting a new deadline for their depositions consistent with those prior orders.

This Motion is made pursuant to this Court's September 9 and 22 Orders (ECF 3876 & 3904) and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declarations of Christopher V. Cotton and Brett D. Harrison; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: October 22, 2025                    Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

2

DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT
ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS
Case No. 3:23-MD-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order (1) compelling Plaintiffs Jane Doe LS 333 and 397 to immediately comply with this Court's September 9, 2025, and September 22, 2025 Orders; and (2) setting a new deadline for their depositions consistent with those prior orders.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Plaintiffs' Fraud & This Court's Orders**

Plaintiffs Jane Doe LS 333 and 397 and their counsel have shown a disregard for this Court's orders. In July of this year, Uber made this Court aware that various Plaintiffs in this multi-district litigation had submitted fraudulent receipts including Plaintiffs Jane Doe LS 333 and 397. ECF 3604. Although none of the other Plaintiffs identified by Uber denied that their receipts were fraudulent, Plaintiffs' counsel at Levin Simes LLP represented that Plaintiffs Jane Doe LS 333 and 397 "assure us their receipts are authentic, and that their assaults were real." ECF 3771 at 4. In fact, in their response to Uber's Motion to Show Cause, Levin Simes belittled Uber's Motion, arguing it was a "waste [of] court time," "disingenuous," and "violence to due process." ECF 3771 at 1, 4.

This Court disagreed and, on September 9, found that Plaintiffs including Jane Doe LS 333 and 397 had "submitted non-bona-fide receipts" and ordered them to show cause why their claims should not be dismissed with prejudice. ECF 3876. In addition, as to Plaintiffs Jane Doe LS 333 and 397, this Court ordered that they (1) produce native versions of their receipts; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts. *Id.* Plaintiffs later obtained extensions of these deadlines to October 14 (for the document productions) and October 30 (for the depositions). ECF 3977.

**B. Plaintiffs' Non-compliance**

Rather than produce documents on October 14, however, Levin Simes informed Uber by email that day that "[w]e will be moving to withdraw as counsel from these two cases" and asked for further extensions. Declaration of Christopher V. Cotton ("Cotton Decl.") ¶ 5. That same evening, Levin

1

Simes filed a motion to withdraw as counsel for Plaintiffs Jane Doe LS 333 and 397. ECF 4146. In the declaration supporting the motion, counsel said that Plaintiffs had a production deadline "in the coming days" (when in reality it was that same day), and claimed that he was "unaware of any responsive documents to produce." ECF 4146-1 ¶ 6.[1] There was no adequate foundation for that statement, because counsel also represented that "[c]ounsel and clients have experienced a fundamental breakdown in communication." *Id.* ¶ 2.

### C. The Missing Documents

Plaintiffs' counsel's unsubstantiated statement that he was "unaware of any responsive documents to produce" ignores the evidence already presented to this Court in connection with Uber's first fraud motion (ECF 3604), as well as these Plaintiffs' prior productions and representations to this Court.

As an initial matter, as previously detailed for the Court, the "receipts" at issue here are not bona fide receipts. *See* ECF 3604 & Declaration of Brett D. Harrison ("Harrison Decl."). As Uber explained in its motion that brought these issues to this Court's attention, the non-bona-fide receipts at issue have clear indications of fraud, including the following:

- Jane Doe LS 333's (also known as MDL 1194) receipt miscalculates the total ride time, showing it as lasting 23 hours and 45 minutes, even though it also shows the ride occurred from 11:46 p.m. until 12:01 a.m. ECF 3604 at 11. A forensic expert was able to replicate this error by purchasing a Makereceipt.com account and inputting a ride-start time before midnight and a ride-end time after midnight, which generated a ride receipt showing a ride time close to 24 hours. ECF 3604-38 at 6. He also noted that the receipt submitted by LS 333 had missing capitalization of street names, incorrect usage of a period after the state abbreviation, and a missing space before the state abbreviation. *Id.*

- Jane Doe LS 397's (MDL 2350) receipt had formatting that was inconsistent with a genuine Uber receipt, such as an "X" in "UberX" that was not capitalized; forward slashes rather than vertical lines between the timestamps and addresses; no use of "AM" or "PM" with times, no capitalization of the street name in the drop-off address, and no commas in either address. ECF 3604 at 14. A forensic expert noted that the file containing LS 397's receipt contained inconsistencies showing editing and changing of an Uber receipt file had occurred. ECF 3604-38 at 17.

---

[1] Uber opposed the motion to withdraw in light of these Plaintiffs' pending deadlines and the need for Levin Simes to be involved in the resolution of the serious fraud issues before this Court. ECF 4161. The Court denied the motion to withdraw on October 17, 2025. ECF 4167.

2

DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT
ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS
Case No. 3:23-MD-3084-CRB

*See* ECF 3604 at 11 & 14. As set forth in the attached expert declaration from FTI, Plaintiffs would have responsive documents available to them to produce. For example, because Plaintiff Jane Doe LS 333 appears to have used the website Makereceipt.com to create a fraudulent receipt, *she would at the very least have credit card statements reflecting the charges for Makereceipt.com*, as well as communications relating to her account with that website. Harrison Decl. at 4 & 9. All of these materials would be responsive to this Court's order that Plaintiffs produce documents relating to "generation of their receipts" and to "the website Makereceipt.com." ECF 3876.

Moreover, these two Plaintiffs previously submitted static images of the alleged receipts in February (LS 333) and September (LS 397) 2024. Cotton Decl. ¶ 3. At a minimum, Plaintiffs would have had the underlying sources for those static images (authentic or not) and therefore would be able to respond to the Court's Order to produce "native versions of [those] receipts," unless they destroyed that evidence in violation of the Court's Preservation Order. ECF 65. Those "native versions of [those] receipts" – authentic or not – would be available to produce from a number of sources in accordance with this Court's order. ECF 3876; Harrison Decl. at 8-9. Plaintiffs have not produced from any of those sources. Moreover, the two alleged rides at issue here were allegedly paid for by credit cards, so *at the very least credit card statements would provide a third form of available documentation that has not been produced*. Harrison Dec. at 9.

\* \* \*

The October 14 deadline has come and gone without any production of documents as ordered by this Court. Uber has attempted to meet and confer with counsel for Plaintiffs about their non-compliance, but agreement could not be reached. Cotton Decl. ¶ 7. Instead, Plaintiffs' counsel now demands that these depositions should proceed – even though the documents ordered by the Court have not been produced. *Id.* Plaintiffs' counsel argues that Uber can "ask about the absence of responsive documents at the deposition." *Id*. But that ignores that the Court required document production *before* depositions, and also misses the point of these depositions. The purpose of these depositions, per the Court's orders, is to address the alleged authenticity of the non-bona-fide receipts at issue; it is not to address the now-claimed absence of responsive documents. The missing documents

1  must be produced and then the depositions can proceed.

## ARGUMENT

Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 Fed. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional discovery. *See, e.g., Hardin v. Mendocino Coast Dist. Hosp'l,* No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.,* No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

"Compliance with court orders is not optional." *Narula v. Orange Cnty. Superior Court*, No. 8:19-cv-00133, 2021 WL 2406810, at *4 (C.D. Cal. May 3, 2021). This includes court-ordered deadlines. *21st Century Brands Ltd. v. RTW Retailwinds Acquisition LLC,* No. 22-cv-07539, 2024 WL 5504878, at *1 (N.D. Cal. March 12, 2024) ("Deadlines are not optional. If a party cannot meet a deadline, that party should meet and confer with the other side and shall request leave of Court reasonably *before* the deadline passes to extend the time."). Here, the Court's September 9 Order set a clear deadline for Plaintiffs to produce native versions of their receipts and any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com." ECF 3876. Indeed, Plaintiffs obviously understood that deadline, because they asked this Court for an extension, which the Court granted, setting an equally clear deadline of October 14. ECF 3904 at 2. Plaintiffs' failure to produce any documents by that deadline is a clear violation of this Court's order, and this Court should compel them to comply with the order before their depositions. *See Tangle, Inc. v. Boxgear Int'l, LLC,* No. 23-cv-04573, 2025 WL 346083,

4
DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT
ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS
Case No. 3:23-MD-3084-CRB

at *1 (N.D. Cal. Jan. 30, 2025) (finding violation of court order under Rule 37 where party failed to produce documents by court-ordered deadline).

As set forth above, the claim by Plaintiffs' counsel in a declaration that he is "unaware of any responsive documents to produce," ECF 4146-1 ¶ 6, is not credible. After all, among the documents Plaintiffs were ordered to produce were the "native versions of their receipts… including all available metadata" and documents related to "the website Makereceipt.com." ECF 3867 at 2. It was Plaintiffs' initial production of static images of the fraudulent receipts in this litigation that resulted in their additional production obligations in the first place. It makes no sense for Plaintiffs' counsel to now claim they have no receipts or related documents to produce. And Levin Simes has offered only the bare assertion that it is unaware of responsive documents. This is contrary to the well-established principle that, "[i]n responding to discovery requests, a reasonable inquiry must be made, and if no responsive documents or tangible things exist the responding party should so state with sufficient specificity to allow the court to determine whether the party made a reasonable inquiry and exercised due diligence." *Flodin v. Central Garden & Pet Co.,* No. 21-cv-01631, 2024 WL 3859803, at *3 (N.D. Cal. Aug. 16, 2024).

Similarly, Levin Simes' representation to this Court that Plaintiffs "assure [them] their receipts are authentic," ECF 3771 at 4, does not hold up under scrutiny. Plaintiffs' counsel presented no basis for that representation to this Court. Instead, just a month and a half later, Plaintiffs' counsel claimed that "[c]ounsel and clients have experienced a fundamental breakdown in communication and cooperation such that continued representation is no longer possible." ECF 4146-1 ¶ 2. There is a fundamental tension between these two representations that have been made to this Court in a short period of time.

Nor should Uber be forced to depose Plaintiffs without the benefit of documents related to their fraudulent receipts, as Plaintiffs' counsel now demands. Cotton Decl. ¶ 7. Courts have "stressed the efficiency of producing documents to be discussed at a deposition in advance of the deposition, and ha[ve] modified orders to reschedule depositions in order to allow plaintiff time for such pre-deposition review." *Saca v. J.P. Molyneux Studio Ltd.,* No. 06-cv-2818, 2008 WL 62181, at *1 n.1

1  (E.D. Cal. Jan. 4, 2008). Indeed, in appropriate circumstances, courts recognize that "depositions could
2  not proceed without the documents." *Hernandes v. City of Hayward*, No. 03-cv-4757, 2005 WL
3  119871, at *5 (N.D. Cal. Jan. 20, 2005).
4        Since the initial purpose of Plaintiffs' depositions at issue here was to examine the non-bona-
5  fide "receipts" at issue in light of the hallmarks of fraud, it would make no sense for Uber to be forced
6  to depose Plaintiffs without the documents that must obviously exist (as set forth above) related to
7  those receipts. Indeed, Levin Simes has offered no explanation as to "why it thinks [Uber] can conduct
8  depositions without documents, and why it thinks it is reasonable to refuse a request for an extension
9  when the timing of its production… puts [the parties] in a position to miss [the] deadlines." *See*
10 *Gagetta v. Walmart*, No. 22-cv-03757, 2024 WL 1559724, at *3 (N.D. Cal. March 1, 2024). Plaintiffs
11 should be deposed after they have complied with their production obligations, just as this Court
12 originally envisioned. ECF 3876.
13       Because Plaintiffs Jane Doe LS 333 and 397 have failed to meet their October 14 production
14 deadline, this Court should order them to immediately comply with the prior orders. For the
15 depositions to be effective for the intended purpose, the deposition deadline should be extended until
16 sixteen days after the production to allow for review of its contents, which is consistent with the
17 original schedule set by this Court. ECF 3876.

## **CONCLUSION**

19       This Court set clear deadlines for Plaintiffs Jane Doe LS 333 and 397 to produce documents
20 related to the fraudulent receipts they submitted in this litigation and sit for depositions. Plaintiffs have
21 failed to comply with the document production deadline, even after the extension provided by the
22 Court. This Court should order them to immediately comply with the prior orders to produce
23 documents and set a new deadline for the completion of the depositions consistent with the prior
24 orders.
25 ///
26 ///
27 ///
28


| | |
|---|---|
| DATED: October 22, 2025 | Respectfully submitted, |
| | **SHOOK, HARDY & BACON L.L.P.** |
| | By: */s/ Christopher V. Cotton* |
| | CHRISTOPHER V. COTTON |
| | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, and RASIER-CA, LLC |

7

DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS
Case No. 3:23-MD-3084-CRB