Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br>*Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05930-CRB<br><br>*Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05864-CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS**<br><br>Judge:    Honorable Charles R. Breyer |

## **DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") motion to (1) compel Plaintiffs LS 333 and LS 397 to comply with this Court's September 9 and 22 orders, and (2) reset deadlines for certain depositions.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On September 9, 2025, this Court recognized that Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 "submitted non-bona-fide receipts" and ordered them to show cause why their claims should not be dismissed with prejudice. ECF 3876. (Jane Doe LS 333 submitted a static image of the alleged receipt in February 2024, and Jane Doe LS 397 did so in September 2024.) The Court also ordered these two Plaintiffs to (1) produce native versions of their receipts; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts. ECF 3876. Plaintiffs later obtained extensions of these deadlines to October 14, 2025 (for the document productions) and October 30, 2025 (for the depositions). ECF 3977.

5. Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 never produced any responsive documents. Rather, on October 14, the deadline for Plaintiffs to make productions under this Court's September 22 order, Levin Simes emailed me that "[w]e will be moving to withdraw as counsel from these two cases" and asked for further extensions. That same evening, Levin Simes filed a motion to withdraw as counsel for Plaintiffs Jane Doe LS 333 and 397. ECF 4146. In the declaration supporting

the motion, counsel said that Plaintiffs had a production deadline "in the coming days" (when in reality it was that same day), and claimed that he was "unaware of any responsive documents to produce." ECF 4146-1 ¶ 6. Counsel also represented that "[c]ounsel and clients have experienced a fundamental breakdown in communication and cooperation such that continued representation is no longer possible." *Id.* ¶ 2. Uber opposed the motion to withdraw in light of these Plaintiffs' pending deadlines and the need for Levin Simes to be involved in the resolution of the serious fraud issues before this Court. ECF 4161. The Court denied the motion to withdraw on October 17. ECF 4167.

6. The deadline for Jane Doe LS 333 and 397 to respond to this Court's order to show cause was October 17, 2025. ECF 4120. Neither Plaintiff filed a response.

7. On October 21, 2025, I emailed several of the Levin Simes attorneys of record in this matter to ask for their availability to meet and confer regarding Plaintiffs' non-compliance with this Court's September 9 and 22 orders. Levin Simes responded to my message but did not provide availability to meet and confer. Instead, Plaintiffs' counsel insisted that Uber move forward with depositions of Plaintiffs without the production of documents and stated that Uber could "ask about the absence of responsive documents at the deposition." Accordingly, we were unable to resolve this dispute without intervention from this Court. Attached as Exhibit 1 is a true and accurate copy of my email communications with Plaintiffs' counsel.

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct. Executed on October 22, 2025, in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

 */s/ Christopher V. Cotton*_____

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

3

DECLARATION OF CHRISTOPHER V. COTTON ISO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS & TO RESET DEADLINE FOR CERTAIN DEPOSITIONS
Case No. 3:23-md-03084-CRB