# Exhibit 1

| | |
|---|---|
| **From:** | Cotton, Chris (SHB) |
| **To:** | David Grimes; William Levin; Laurel Simes; Samira Bokaie; Bela Veksler |
| **Cc:** | Alyssa Tillett |
| **Subject:** | RE: Uber MDL - Judge Breyer"s 9/22/25 Order - Request for Deposition Dates |
| **Date:** | Wednesday, October 22, 2025 9:11:20 PM |

David,

As I said, given the nature of the documents the Court ordered these Plaintiffs to produce, there must be additional documents.

For example, because Plaintiff Jane Doe LS 333 appears to have used the website Makereceipt.com to create a fraudulent receipt, she would at the very least have credit card statements reflecting the charges for Makereceipt.com, as well as communications relating to her account with that website. All of those materials would be responsive to this Court's order that Plaintiffs produce documents relating to "generation of their receipts" and to "the website Makereceipt.com." ECF 3876.

As another example, these two Plaintiffs previously submitted static images of the alleged receipts in February (LS 333) and September (LS 397) 2024. At a minimum, Plaintiffs would have had the underlying sources for those static images (authentic or not) and therefore would be able to respond to the Court's Order to produce "native versions of [those] receipts," unless they destroyed that evidence in violation of the Court's Preservation Order. ECF 65.

As a further example, the two alleged rides at issue here were allegedly paid for by credit cards, so credit card statements would provide another form of available documentation.

None of these documents, or any other documents, were produced by the October 14 deadline.

Chris

---

**From:** David Grimes <dgrimes@levinsimes.com>
**Sent:** Wednesday, October 22, 2025 8:05 PM
**To:** Cotton, Chris (SHB) <CCOTTON@shb.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** Re: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

**EXTERNAL**

Chris, as I wrote, the clients state no responsive documents exist. You can ask them about it at the deposition you noticed and refused to move. If you don't want to ask that's your prerogative, but a motion won't compel blood from a stone. If there's a particular document you think must exist but wasn't produced you can identify it with

specificity and explain why you think it must exist, but right now you haven't given me anything to take to the clients that shows they're not telling the truth.

David

David Grimes

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Wednesday, October 22, 2025 5:55:31 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

David,

As I previously said below, Uber will be moving to compel Plaintiffs' compliance with the Court's prior orders, and we're postponing the depositions of Plaintiffs with MDL IDs 1194 and 2350 until that issue is resolved.

To be clear, Uber insisted on Plaintiffs complying with the Court's September 9 and 22, 2025 orders, but Plaintiffs have not complied.  Consistent with the Court's orders, notices for these depositions were originally served on September 29, 2025.  They were noticed to take place after these Plaintiffs were due to have completed the ordered document productions on October 14, as contemplated by the Court's orders.  Neither Plaintiff, however, produced any documents at all in response to the orders.  Given the nature of the documents the Court ordered these Plaintiffs to produce, there must be additional documents.  Your claim now that there are no additional documents must be addressed by the Court before these depositions can proceed.  Indeed, the initial purpose of the deposition, per the Court's orders, was to address the alleged authenticity of the non-bona-fide receipts at issue; it was not to address the now-claimed absence of responsive documents.

Uber reserves the right to re-notice these depositions at a later time after the production issues are addressed by the Court.

Chris

**From:** David Grimes <dgrimes@levinsimes.com>
**Sent:** Tuesday, October 21, 2025 5:03 PM
**To:** Cotton, Chris (SHB) <CCOTTON@shb.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>

**Subject:** Re: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

**EXTERNAL**

Chris, my clients and I have already set aside the time for the deposition as noticed by and insisted upon by you. You can ask about the absence of responsive documents at the deposition. We will take your non-appearance if you don't show. Please send the zoom link as soon as possible.



**David M. Grimes | Associate Attorney**
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250 | San Francisco, CA  94111
Direct (415) 426-3133 | Main (415) 426-3000 | Fax (415) 503-5251

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Tuesday, October 21, 2025 12:41:33 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Bill, Laurel, David, Samira, and Bela,

Please let me know your availability to meet and confer today or tomorrow regarding Plaintiffs with MDL IDs 1194 and 2350 and their non-compliance with the Court's September 9, 2025, and September 22, 2025 Orders.

On September 9, the Court set a deadline for these two plaintiffs to "(1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (ECF 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website 'Makereceipt.com'; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts."  ECF 3876.  On September 12, your firm sought an extension of the deadlines set by Judge Breyer (ECF 3904), which he granted on September 22 (ECF 3977).   The extended to deadline to complete the ordered document productions was October 14, 2025.  To date, no documents have been produced.

In Plaintiffs' counsel October 14 declaration submitted to the Court in connection with their motion to withdraw as counsel, Plaintiffs' counsel stated counsel is "unaware of any responsive documents to produce." ECF 4146-1 ¶ 6. The basis for that statement is not clear, particularly since counsel also represented that "[c]ounsel and clients have experienced a fundamental breakdown in

communication and cooperation such that continued representation is no longer possible." *Id.* ¶ 2. Regardless, Plaintiffs were ordered to produce native versions of their receipts and any documents and communications relating to the production of their ride receipts, among other materials as detailed above.  Plaintiffs' counsel's representation to the Court that they are "unaware of any responsive documents to produce" is implausible and ignores Plaintiffs prior productions and counsel's representations to this Court.  After all, among the documents Plaintiffs were ordered to produce were the "native versions of their receipts… including all available metadata." ECF 3867 at 2. In addition, Plaintiffs should have documents relating to "generation of their receipts", which the Court likewise ordered them to produce, among other materials.  In short, it was Plaintiffs' initial production of the non-bona-fide receipts in this litigation that resulted in their additional production obligations in the first place. It makes no sense for Plaintiffs' counsel to now claim they have no receipts or related documents to produce.

Again, please let me know your availability to meet and confer on these issues today or tomorrow.  Uber intends to file a motion to compel compliance with the Court's orders in the event these issues are not promptly addressed.  In the meantime, Uber will postpone the previously-noticed depositions of these two Plaintiffs until after the ordered productions are completed.

Chris

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Tuesday, October 14, 2025 7:20 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

David,

There is no basis for your firm to withdraw as to Plaintiffs with MDL IDs 1194 and 2350.  In addition, these two Plaintiffs have submitted non-bona-fide ride receipts, and representations have been made to the Court about those submissions.  This could have serious consequences for those involved.  It would be prejudicial to allow your firm to withdraw at this stage.  Accordingly, Uber will oppose your motion to withdraw as to Plaintiffs with MDL IDs 1194 and 2350.

Chris

---

**From:** David Grimes <dgrimes@levinsimes.com>
**Sent:** Tuesday, October 14, 2025 6:32 PM
**To:** Cotton, Chris (SHB) <CCOTTON@shb.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

**EXTERNAL**

Hi Chris,

I'm not sure I understand why you would oppose the motion to withdraw. How does it hurt you? Are you in a rush with respect to these deadlines?

David

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Tuesday, October 14, 2025 4:24 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

David,

Uber will oppose your firm's motion to withdraw and will not agree to a further extension of the already-extended deadlines ordered by Judge Breyer.

As you know, on July 30, 2025, Uber filed a motion for an order to show cause why Plaintiffs with MDL IDs 1194 and 2350 (along with certain other Plaintiffs) who have submitted non-bona-fide receipts should not be dismissed. ECF 3604. In response, on August 27, your law firm represented to the Court that "[b]oth Plaintiffs assure us their receipts are authentic." ECF 3771, at 2. No evidence (declarations or otherwise) was submitted in support of that claim, and no other Plaintiffs subject to Uber's July 30 motion made similar claims. On September 9, Judge Breyer ordered Plaintiffs with MDL IDs 1194 and 2350 to "(1) produce native versions of their receipts, in accordance with the parties' agreed upon ESI Protocol (ECF 524), including all available metadata outlined in Appendix 2; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website 'Makereceipt.com'; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts." ECF 3876. On September 12, your firm sought an extension of the deadlines set by Judge Breyer (ECF 3904), which he granted on September 22 (ECF 3977). The already-extended deadlines set by Judge Breyer require these Plaintiffs' to (1) produce the ordered documents by today and (2) sit for their depositions by October 30. ECF 3977.

Uber reserves its right to seek all appropriate relief in the event Plaintiffs with MDL IDs 1194 and 2350 – who have submitted non-bona-fide receipts – do not comply with the Court's orders.

Chris

**From:** David Grimes <dgrimes@levinsimes.com>
**Sent:** Tuesday, October 14, 2025 4:57 PM
**To:** Cotton, Chris (SHB) <CCOTTON@shb.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Cc:** Alyssa Tillett <atillett@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

**EXTERNAL**

Chris,

Sorry for the delay on this. We will be moving to withdraw as counsel from these two cases. Let me know if you'll agree to extend the deadlines and deposition dates past the hearing on the motion to withdraw.

We'll get the motion filed shortly.



**David M. Grimes | Associate Attorney**
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250 | San Francisco, CA  94111
Direct (415) 426-3133 | Main (415) 426-3000 | Fax (415) 503-5251

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Monday, October 13, 2025 6:57 AM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Bill, Laurel, David, Samira, and Bela,

I'm following up on my emails below.  It has been nearly two weeks, and I haven't heard back from you regarding the depositions ordered by Judge Breyer of Plaintiffs with MDL IDs 1194 and 2350.  If you'd like to propose alternative dates between Oct 20-30 for those depositions, please let me know by end of day tomorrow, October 14.  If I don't hear back from you by then, we will proceed with those depositions as previously noticed.

Chris

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Monday, October 6, 2025 6:19 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

David,

Following up on our exchange below from last week, do you have alternative dates to propose between Oct 20-30 for these depositions ordered by Judge Breyer?

Chris

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Tuesday, September 30, 2025 12:50 PM
**To:** David Grimes <dgrimes@levinsimes.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Thanks, David.  We'll conduct these depositions in person but can of course be flexible on location and timing within the October 20-30 window.  Let me know what works on your end.

Will do regarding Bela.

Chris

---

**From:** David Grimes <dgrimes@levinsimes.com>
**Sent:** Tuesday, September 30, 2025 12:18 PM
**To:** Cotton, Chris (SHB) <CCOTTON@shb.com>; William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>; Bela Veksler <bveksler@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

**EXTERNAL**

Hi Chris,

We will reach out to the clients and get back to you. Are you willing to go with remote depositions? Remote will greatly increase our scheduling flexibility.

Also, please include @Bela Veksler (copied here) on future communications.

Thanks,

David

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Monday, September 29, 2025 8:06 PM
**To:** William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; David Grimes <dgrimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Bill, Laurel, David, and Samira,

Following up on my emails below, attached are the deposition notices that were served this afternoon for the depositions ordered by Judge Breyer of Plaintiffs with MDL IDs 1194 and 2350.  If you would prefer the depositions to occur on different dates and/or at different locations, I'd be happy to discuss mutually agreeable options between October 20-30.

Chris

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Friday, September 26, 2025 8:52 AM
**To:** William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; David Grimes <dgrimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>
**Subject:** RE: Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Bill, Laurel, David, and Samira,

Following up on Judge Breyer's September 22 Order (attached) and my email below, please provide these Plaintiffs' (MDL IDs 1194 and 2350) availability for deposition between October 20-30 by this coming Monday morning (September 29).  Uber will issue notices for the depositions that afternoon.

Chris

---

**From:** Cotton, Chris (SHB) <CCOTTON@shb.com>
**Sent:** Wednesday, September 24, 2025 5:26 PM
**To:** William Levin <wlevin@levinsimes.com>; Laurel Simes <llsimes@levinsimes.com>; David Grimes <dgrimes@levinsimes.com>; Samira Bokaie <sbokaie@levinsimes.com>
**Subject:** Uber MDL - Judge Breyer's 9/22/25 Order - Request for Deposition Dates

Bill, Laurel, David, and Samira,

I'm following up on the attached September 22, 2025 Order (ECF 3977) issued by Judge Breyer. As you know, the deadlines for Plaintiffs with MDL IDs 1194 and 2350 to produce certain documents and to appear for deposition have been extended to October 14, 2025 (new deadline for document productions) and October 30, 2025 (new deadline for each to appear for a deposition).

**Please provide each Plaintiff's availability for a deposition between October 20-30 by this coming Monday morning (September 29).** Uber will issue notices for these depositions no later than the afternoon of September 29.

Chris

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.