1   RACHEL B. ABRAMS (Cal Bar No. 209316)
    ADAM B. WOLF (Cal Bar No. 215914)
2   **Peiffer Wolf Carr Kane Conway & Wise, LLP**
    555 Montgomery Street, Suite 820
3   San Francisco, CA 94111
    Telephone: 415.766.3544
4   Facsimile: 415.840.9435
    Email: rabrams@peifferwolf.com
5   Email: awolf@peifferwolf.com

6   TIFFANY R. ELLIS (*Admitted PHV*)
    **Peiffer Wolf Carr Kane Conway & Wise, LLP**
7   2229 Trumbull St.
    Detroit, MI 48216
8   Telephone: 313.210.1559
    Facsimile: 415.840.9435
9   Email: tellis@peifferwolf.com

10  *Counsel for Plaintiff*

11
                    **UNITED STATES DISTRICT COURT**
12                  **NORTHERN DISTRICT OF CALIFORNIA**
                        **SAN FRANCISCO DIVISION**
13
    _____        MDL No. 3084 CRB
14  IN RE: UBER TECHNOLOGIES, INC.,
    PASSENGER SEXUAL ASSAULT              **DECLARATION OF RACHEL B.**
15  LITIGATION                            **ABRAMS IN SUPPORT OF MOTION TO**
    _____      **WITHDRAW AS COUNSEL FOR**
16                                        **PLAINTIFF M.A.Y.**
17  This Document Relates to:

18  *M.A.Y. v. Uber Technologies, Inc., et al;*
    *3:25-cv-02107-CRB*
19
    _____
20  I, Rachel B. Abrams, declare:

21      1.  I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am

22          admitted to practice before this Court. I make this declaration based on my own personal

23          knowledge. If called upon to testify, I could and would testify competently to the truth of

24          the matters stated herein:

25      2.  Plaintiff M.AY. has not responded to any efforts to reach her made by myself or my staff

26          since July 31, 2025. Additionally, Plaintiff M.A.Y. has been unable to provide Peiffer

27          Wolf with adequate information to substantiate her case and fulfill her discovery

28          obligations.

3. Plaintiff M.A.Y.'s failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff M.A.Y. ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office throughout her representation.

   a. On October 14, 2022 Plaintiff retained Peiffer Wolf as legal counsel.

   b. Between October 14, 2022 and October 1, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included thirty-two (32) unsuccessful phone calls with voice messages, ten (10) unsuccessful phone calls with voice messages, four (4) unanswered text messages, and fifteen (15) unanswered e-mails.

   c. During the aforementioned time period, our office and staff was in the process of collecting intake information from Plaintiff about her claim.

   d. Plaintiff only contacted, or responded to contact attempts by, our office on seven (7) occasions during that time period.

   e. On February 28, 2025, as Plaintiff's case was filed in the MDL, our office began contacting Plaintiff informing her of her discovery obligations and the Plaintiff Fact Sheet requirements.

   f. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information provided by Plaintiff.

   g. On June 2, 2025, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

   h. Between June 2, 2025 and to this day, Plaintiff received four (4) unsuccessful phone calls with voice messages, five (5) e-mails, four (4) text messages, and one

(1) letter. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

    i.   Between June 2, 2025 and to this day, Plaintiff only responded once to any contact attempts.

    j.   On July 25, 2025 we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by August 1, 2025, we would choose to withdraw as counsel.

6. Plaintiff has failed to provide our firm with appropriate information to substantiate her claim and fulfill her discovery obligations.

    a.   On June 2, 2025, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

7. On October 21, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 23rd of October, 2025 in San Francisco, California.

*/s/ Rachel B. Abrams*
Rachel B. Abrams

*Counsel for Plaintiff*

DECLARATION IN SUPPORT OF MOTION
TO WITHDRAW AS COUNSEL