RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*A.T. v. Uber Technologies, Inc., et al;* 3:24-cv-05592-CRB and<br>*K.B. v. Uber Technologies, Inc., et al.,* 3:25-cv-02650. | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF REPLY TO *DOCUMENT 4168* RE: MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF'S A.T. AND K.B.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

   **Plaintiff A.T:**

2. Plaintiff A.T. has not responded to numerous efforts to reach her made by myself or my staff since Plaintiff retained Peiffer Wolf. Additionally, Plaintiff A.T. has been unable to

provide Peiffer Wolf with information and documents to fulfill her discovery obligations. As such, on October 9, 2025, Plaintiffs attempted to withdraw as counsel. *See Docket No. 4103.*

3. Plaintiff A.T.'s failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case. Withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff A.T. ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office throughout her representation.

    a. On May 9, 2023, Plaintiff retained Peiffer Wolf as legal counsel.

    b. Between May 9, 2023 and September 15, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included thirty-eight (38) unsuccessful phone calls where voice messages could not be left, five (5) unsuccessful phone calls with voice messages, ten (10) unanswered text messages, and nine (9) unanswered e-mails.

    c. During the aforementioned time period, our office and staff attempted to collect further information from Plaintiff about her claim.

    d. Plaintiff never contacted or responded to contact attempts by our office during that time period.

    e. On August 21, 2024, as Plaintiff's case was filed in the MDL, our office informed her of her discovery obligations, including the Plaintiff Fact Sheet requirements.

    f. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information provided by Plaintiff.

    g. On September 6, 2024, Uber's counsel informed our firm of an inconsistency

between Uber's records and Plaintiff's discovery submissions.

    h. Between September 6, 2024 and to this day, Plaintiff received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact our office or provide requested information. These communications included thirty-eight (38) unsuccessful phone calls where no voice messages could be left, five (5) unsuccessful phone calls with voice messages, ten (10) text messages, nine (9) e-mails, and four (4) letters. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

    i. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff.

    j. Between September 6, 2024 and to this day, Plaintiff never responded to any contact attempts.

    k. On February 27, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by March 7, 2025, we would move to withdraw as counsel.

6. On October 3, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

**Plaintiff K.B.**

10. As a preliminary matter, with regards to K.B., the Court <u>already granted</u> Plaintiff's motion to withdraw on October 10, 2025. *See Docket No. 8.* As such, we have no longer continued to reach out to K.B. Nevertheless, Defendants raised K.B. in their October 15, 2025 opposition. *See Document 4153.*

11. Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025. Additionally, Plaintiff K.B. has been unable to provide Peiffer Wolf with adequate information to fulfill her discovery obligations. Hence, on October 9, 2025, we attempted to withdraw from Plaintiff's case. *See Docket No. 4104.*

12. Plaintiff K.B.'s failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

13. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff K.B. ("Plaintiff").

14. Plaintiff has failed to consistently or properly communicate with our office throughout her representation.

    a. On December 3, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

    b. Between December 3, 2024 and September 15, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included fifty-two (52) unsuccessful phone calls where voice messages could not be left, seven (7) unsuccessful phone calls with voice messages, twenty-one (21) unanswered text messages, and twenty-seven (27) unanswered e-mails.

    c. During the aforementioned time period, our office and staff attempted to collect information from Plaintiff about her claim.

    d.  Plaintiff only contacted, or responded to contact attempts by our office on three (3) occasions during that time period.

    e.  On March 19, 2025, as Plaintiff's case was filed in the MDL, our office began contacting Plaintiff informing her of her discovery obligations, including the Plaintiff Fact Sheet requirements.

    f.  Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information provided by Plaintiff.

    g.  On June 2, 2025, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

    h.  Between June 2, 2025 and to this day, these communications to Plaintiff included six (6) unsuccessful phone calls with voice messages, one (1) facebook messenger message, two text messages, two (2) unanswered e-mails, and two (2) letters. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

    i.  Between June 2, 2025 and to this day, Plaintiff only responded twice to the numerous contact attempts. Since June 4, 2025, Plaintiff completely ceased communication with our firm.

    j.  On September 25, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by September 30, 2025, we would move to withdraw as counsel.

15. Plaintiff has failed to provide our firm with appropriate information to fulfill her discovery obligations.

    a.  On June 2, 2025, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

16. On October 3, 2025, we sent Uber advance notice of our intent to withdraw from representation of Plaintiff.

17. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed

our firm that alternative counsel has been retained.

18. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

19. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed the 24 of October, 2025 in San Francisco, California.

         */s/ Rachel B. Abrams*
         Rachel B. Abrams

         *Counsel for Plaintiff*