Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| This Document Relates to: | |
| *R.L. vs. Uber Technologies, Inc., et al.,* No. 3:25-cv-05515 | Judge:      Honorable Charles R. Breyer |
| *P.T. vs. Uber Technologies, Inc., et al.,* No. 3:25-cv-05677 | |
| *S.W. vs. Uber Technologies, Inc., et al.,* No. 3:25-cv-06329 | |

The Court should deny Pulaski Kherkher, PLLC's ("Pulaski's") Motion to Withdraw as Counsel of Record (ECF 4226) for Plaintiffs P.T. and S.W. (hereinafter "Motion to Withdraw"), each of whom is subject to Uber's October 13, 2025 Motion for Entry of an Order to Show Cause Why 7 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice (ECF 4137, the "Third Receipts Motion"). In an August 26, 2025 Order (ECF 3759, the "Order"), this Court denied a similar motion to withdraw by counsel for Plaintiffs subject to Uber's First Receipts Motion filed on July 30, 2025. ECF 3604. The Court stated in the Order:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759; *see also* ECF 3974; ECF 4167. The Court should deny Pulaski's Motion to Withdraw for the same reasons.

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Pulaski's Motion to Withdraw does not identify these four factors, does not address the second, third, or fourth factors at all, and cites no case law. ECF 4226. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Pulaski's Motion to Withdraw because of the prejudice it would cause Plaintiffs and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, Plaintiffs P.T. and S.W. are subject to a pending motion for entry of an order to show cause. Plaintiffs are facing case-terminating sanctions in connection with this motion, making the prejudice from Pulaski's abrupt withdrawal all the more acute. *See Oracle Am. v. Service*

1

*Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Pulaski's withdrawal at this juncture, which would make it more difficult to get answers to the serious fraud issues before this Court and would undoubtedly delay these proceedings. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Pulaski's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; ECF 4167. Pulaski has not set forth an adequate basis to withdraw, and the firm's withdrawal at this time would be unduly prejudicial to both Plaintiffs and Uber.

Dated: October 24, 2025

**Respectfully submitted,**

  /s/Christopher V. Cotton

By: Christopher V. Cotton (admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD