1  ALLISON M. BROWN (Admitted *Pro Hac Vice*)
   alli.brown@kirkland.com
2  JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
   jessica.davidson@kirkland.com
3  CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
4  christopher.cox@kirkland.com
   **KIRKLAND & ELLIS LLP**
5  601 Lexington Avenue
   New York, NY 10022
6  Telephone: (212) 446-4800

7
   PATRICK OOT (Admitted *Pro Hac Vice*)
8  oot@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
9  1800 K St. NW Ste. 1000
   Washington, DC 20006
10 Telephone: (202) 783-8400

11
   Christopher V. Cotton (Admitted *Pro Hac Vice*)
12 ccotton@shb.com
   **SHOOK, HARDY & BACON LLP**
13 2555 Grand Blvd.
   Kansas City, Missouri 64108
14 Telephone:    (816) 559-2393
   Facsimile:    (816) 421-5547
15
   *Attorneys for Defendants*
16 UBER TECHNOLOGIES, INC.;
   RASIER, LLC; and RASIER-CA, LLC
17

18              UNITED STATES DISTRICT COURT

19              NORTHERN DISTRICT OF CALIFORNIA

20              SAN FRANCISCO DIVISION

21 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB
22 | PASSENGER SEXUAL ASSAULT         |
   | LITIGATION                       | **DEFENDANTS UBER TECHNOLOGIES,**
23 |                                  | **INC., RASIER, LLC, AND RASIER-CA,**
   |                                  | **LLC'S OPPOSITION TO MOTION TO**
24 | This Document Relates to:        | **WITHDRAW AS COUNSEL OF RECORD**
25 | *M.A.Y. v. Uber Technologies, Inc., et al.,* | Judge:   Honorable Charles R. Breyer
26 | 3:25-cv-02107-CRB                 |

27

28

The Court should deny Peiffer Wolf Carr Kane Conway and Wise, LLP's ("Peiffer Wolf") Motion to Withdraw as Counsel of Record (ECF 4217) for Plaintiff M.A.Y.

The affidavit submitted in support of Peiffer Wolf's motion acknowledges that Plaintiff M.A.Y. has outstanding discovery obligations and that "Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions," which has yet to be addressed. ECF 4217-1 ¶¶ 2 & 5. Specifically, Plaintiff failed to provide the verification for her Plaintiff Fact Sheet that PTO 10 requires. ECF 438 at 5-7. Uber served Plaintiff M.A.Y. with a deficiency notice informing her of this failure on June 2, 2025. Declaration of Christopher V. Cotton ¶ 4. Counsel now asserts that Plaintiff M.A.Y.'s "failure to communicate" necessitates the firm's withdrawal. ECF 4217-1 ¶ 3. Counsel represents that this failure dates back to its retention in October 2022, with dozens of "unsuccessful phone calls with voice messages," "unanswered text messages," and "unanswered emails" between then and now. *Id.* ¶ 5.

Plaintiff's counsel also now acknowledges that "Plaintiff M.A.Y. has been unable to provide Peiffer Wolf with adequate information to substantiate her case." *Id.* ¶ 2. Yet counsel still filed a complaint raising serious sexual assault allegations against Uber in February 2025 and submitted an (unverified) Plaintiff Fact Sheet and Ride Information Form on her behalf in March 2025. Cotton Decl. ¶ 3. This raises questions as to whether counsel complied with its "duty prior to filing a complaint . . . to conduct a reasonable factual investigation," *Christian v. Mattel,* 286 F.3d 1118, 1127 (9th Cir. 2002), or had Plaintiff review her Plaintiff Fact Sheet and Ride Information Form before submitting them. Counsel states these documents included "the information provided by Plaintiff," ECF 4217-1 ¶ 5f, but stops short of saying she reviewed them and, given the lack of a verification, it is reasonable to conclude that she did not. Regardless, with important discovery obligations outstanding, permitting withdrawal would be highly prejudicial to both the Plaintiff M.A.Y. and to Uber. *See Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

1    Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons
2    why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm
3    withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will
4    delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No.
5    21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Peiffer Wolf's motion to withdraw
6    does not identify these four factors, does not address the third and fourth factors at all, and cites no
7    case law. ECF 4217. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101,*
8    *Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

9    On the merits, this Court should deny Peiffer Wolf's motion to withdraw because of the
10   prejudice withdrawal would cause Plaintiff M.A.Y. and Uber, the likely delay, and the potential harm
11   to the administration of justice. As set forth above, Plaintiff M.A.Y. has outstanding obligations under
12   PTO 10 that could lead to the dismissal of her case. Peiffer Wolf avers that it has "inform[ed] [Plaintiff]
13   of her options and the consequences of failing to comply with case deadlines," but does not state what
14   specifically it has told her or explain how it knows she understands these obligations when she "has
15   not responded to any efforts to reach her . . . since July 31, 2025." ECF 4217-1 ¶¶ 2 & 9. Nor does
16   counsel explain how it believes Plaintiff will be able to comply her obligations *pro se* without delaying
17   the resolution of this case. ECF 4217. With significant discovery obligations pending, permitting
18   withdrawal would "threaten potential prejudice . . . and may harm the administration of justice."
19   *PlayUp, Inc. v. Mintas,* No. 2:21-cv-02129, 2025 WL 2021632, at *2 (D. Nev. July 18, 2025). The
20   possibility that "withdrawal would work an injustice or cause undue delay in the proceeding" means
21   that Peiffer Wolf's motion should be denied. *TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No.
22   4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020); *see also Vasques v. Protection*
23   *One,* No. 2:17-cv-01524, 2019 WL 13218648, at *3 (E.D. Cal. July 18, 2019) (denying motion to
24   withdraw due to, among other things, potential "delay in the administration of justice and resolution
25   of the case"). Indeed, this Court has denied similar motions to withdraw by counsel for Plaintiffs in
26   this MDL with significant pending obligations. *See, e.g.*, ECF 3759; ECF 3974; ECF 4167.
27
28

Accordingly, Uber respectfully requests that this Court deny Peiffer Wolf's Motion to Withdraw as counsel for M.A.Y.

DATED: October 24, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Christopher V. Cotton

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC