Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

MICHAEL B. SHORTNACY (SBN: 277035)
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
mshortnacy@shb.com

Attorneys for Defendants
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  Courtroom G – 15th Floor |

## DEFENDANTS' MOTION TO SEAL

Pursuant to Civil Local Rules 79-5(c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this Administrative Motion to File Under Seal Portions of Declaration and Exhibit in Support of their contemporaneously-filed Motion for Sanctions Against Bret Stanley ("Motion for Sanctions").

## I.     BACKGROUND AND REQUESTED SEALING

This motion to seal concerns the Motion for Sanctions, the Declaration of Michael B. Shortnacy, dated October 24, 2025, in Support of Defendants' Request for an Award of Attorneys' Fees ("Shortnacy Declaration") filed in support of the Motion for Sanctions, and Exhibit A to the Shortnacy Declaration, consisting of itemized billing and cost entries reflecting work done by Defendants' outside counsel at the law firm Shook, Hardy & Bacon L.L.P.:

| Document | Description | Defendants' Request |
|---|---|---|
| **Motion for Sanctions** | Redactions of confidential, non-public information regarding fee arrangement between Defendants and their outside counsel. | Seal in part (information reflecting fee arrangement between Defendants and outside counsel) |
| **Shortnacy Declaration** | Redactions of confidential, non-public information regarding fee arrangement between Defendants and their outside counsel. | Seal in part (information reflecting fee arrangement between Defendants and outside counsel) |
| **Exhibit A to the Shortnacy Declaration** | Redactions of confidential, non-public information regarding fee arrangement between Defendants and their outside counsel and billing details of work performed. | Seal in part (information reflecting fee arrangement between Defendants and outside counsel and narratives of work performed) |

The limited portions of the Motion for Sanctions, Shortnacy Declaration, and Exhibit A, which Defendants seek to seal, contain confidential, non-public information regarding fee agreements between Defendants and their outside counsel and confidential narrative billing statements of work.

*See* Cummings Decl. ¶¶ 2-7. Defendants therefore submit this request that the Court seal the portions of these documents under Local Rule 79-5(c)(1).

## II.  LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions; they are not related to a dispositive motion. Therefore, the good cause standard applies. *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4, 2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024) (same). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Courts in this Circuit have found good cause to seal information related to attorney hourly rates and billing records where: the rates were individually negotiated; disclosure of rates could impair a party's bargaining power with other law firms or vice-versa; or the billing descriptions disclose litigation strategy. *See TVIIM, LLC*, 2015 WL 5116721, at *1 (finding good cause and sealing documents with information "concerning special fee arrangements between WilmerHale and Defendant" McAfee, Inc., disclosure of which "would put WilmerHale at competitive disadvantage"); *M.A. Mobile Ltd.*, 2019 WL 6525752, at *6 (finding good cause and sealing documents containing "the hourly rates of its attorneys" at Goodwin Procter LLP "and staff along with the time billed for this case, which could be used to determine those rates" because "disclosure of the rates could harm

3
DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS
Case No. 3:23-MD-3084-CRB

1  its ability to negotiate with clients in the future," but the defendant did not request to seal "the total
2  amount [of fees] requested"); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (finding
3  good cause and sealing "the rates paid for the services of [the plaintiffs'] contract attorneys, staff
4  attorneys, and a contract paralegal that billed in this case" that were "privately negotiated financial
5  arrangements [that] could impair the attorneys' bargaining power," as well as "information that could
6  be used to derive an individual attorney's rate," but the plaintiffs did not request "to seal the amounts
7  aggregated across all contract attorneys, staff attorneys, and the contract paralegal"); *Clark v. InComm
8  Fin. Servs., Inc.*, 2024 WL 4744041, at *2 (C.D. Cal. Sept. 13, 2024) (finding good cause "to seal the
9  specialized billing rates charged by [the defendant's] attorneys at Patterson Belknap Webb and Tyler
10 LLP … [because] the disclosure of its negotiated billing rates, which are not publicly known, could
11 cause Counsel competitive harm by placing it at a disadvantage in future rate negotiations"); *TB
12 Holding Co. LLC*, 2024 WL 4924738, at *1 (finding good cause and sealing a declaration that "details
13 the range of hourly rates for litigation principals, litigation associations, paralegals, and eDiscovery
14 Analysts at [law firm] Fish & Richardson [P.C.] as well as the rate of each individual who worked on
15 this motion and the total amount billed to the client" because "the rates charged to [the defendant] are
16 individually negotiated and specific to the circumstances of this case [so d]isclosing that information
17 could place counsel at a competitive disadvantage," but denying the request as to "the total requested
18 fee amount"); *Monster Energy Co. v. Vital Pharms., Inc.*, 2023 WL 8168854, at *2 n.1 (C.D. Cal. Oct.
19 6, 2023) (sealing law firm "Hueston Hennigan's negotiated billing rates for Monster that 'are
20 competitively sensitive and not publicly known' [because] '[d]isclosure of these rates would harm
21 Hueston Hennigan by providing current and prospective clients—and potentially its competitors—
22 nonpublic information about its negotiated fee agreements for Monster" (citations omitted)); *Mine
23 O'Mine, Inc. v. Calmese*, 2012 WL 1279827, at *4 (D. Nev. Apr. 16, 2012) (sealing "certain exhibits
24 containing detailed billing records which contain negotiated billing rates" because "these hourly
25 billing rates are competitively sensitive and not publicly known"); *E & J Gallo Winery v. Proximo
26 Spirits, Inc.*, 2012 WL 1635190, at *1 (E.D. Cal. May 8, 2012) (finding good cause to seal
27 "confidential billing rate information that, if became known, would likely impact the law firm's
28

competitiveness").

Attorney billing records which "reveal the motive of the client in seeking representation, litigation strategy, or the specific nature of the services provided, such as researching particular areas of law" are protected by attorney-client privilege. *Bell v. Ken Lee*, 2017 WL 1956828, at *3 (N.D. Cal. May 11, 2017) (quoting *Clarke v. Am. Commerce Nat. Bank*, 974 F.2d 127, 129 (9th Cir. 1992)). As a result, courts seal narrative descriptions in billing records when they are privileged or might contain privileged information. *See, e.g.*, *Quackenbush v. Am. Honda Motor Co., Inc.*, 2023 WL 8360045, at *11 (N.D. Cal. Dec. 1, 2023) (finding good cause to seal "attorney billing records … [b]ecause such records *may* implicate privileged information" (emphasis added)); *BoxNic Anstalt v. Gallerie degli Uffizi*, 2020 WL 2991561, at *4 (D. Ariz. June 4, 2020) (finding good cause to seal "itemized task-based [attorney billing] statement" because "the individual entries *may* reveal confidential information, including counsel's legal strategy and client communications that detail legal services rendered throughout this litigation" (emphasis added)); *Sun Life Assurance Co. of Canada v. O'Connor*, 2017 WL 1479470, at *1 (W.D. Wash. Apr. 25, 2017) (finding good cause to seal "attorney billing records" that "contain[ed] attorney-client relationship material"); *Medicis Pharm. Corp. v. Acella Pharms., LLC*, 2012 WL 2260928, at *2 (D. Ariz. June 15, 2012) (finding good cause to seal "an itemized summary of its attorney fees and expenses" and "attorney billing information"); *see also In re Nat'l Collegiate Athletic Ass'n Athletic Grant-in-Aid Cap Antitrust Litig.*, 2019 WL 12194763, at *7 (N.D. Cal. Dec. 6, 2019) (finding good cause to grant motion to seal materials submitted in support of motion for attorney fees); *Delaware Life Ins. Co. v. Cunningham*, 2024 WL 5185644, at *3 (C.D. Cal. Dec. 18, 2024) (finding good cause to seal "[d]etailed [attorney] billing records").

### III. DEFENDANTS' MATERIAL SHOULD BE KEPT UNDER SEAL

The limited portions of the Motion for Sanctions, Shortnacy Declaration, and Exhibit A which Defendants seek to seal, contain confidential, non-public information regarding fee agreements between Defendants and their outside counsel and confidential narrative billing statements of work. *See* Cummings Decl. ¶¶ 2-7. Defendants therefore submit this request that the Court seal the exhibits under Local Rule 79-5(c)(1). There are no less restrictive alternatives to sealing the documents—

Defendants seek only narrowly tailored redactions of negotiated fee amounts (or limited data from which fee agreements could be derived) and narrative descriptions of work performed to the Motion for Sanctions, Shortnacy Declaration, and Exhibit A, and do not seek to seal the total amount in fees sought in the motion. *See* Cummings Decl. ¶ 9.

### A. Failing to Seal the Documents Would Harm Defendants and Their Counsel Motion for Sanctions, Shortnacy Declaration, Exhibit A

Defendants seek only limited redactions to the Motion for Sanctions, Shortnacy Declaration, and Exhibit A of confidential, non-public information regarding fee agreements between Defendants and their outside counsel at Shook, Hardy & Bacon L.L.P., the number of hours billed, which could be used to determine hourly rates, and narrative descriptions of work performed that could disclose confidential legal strategy. Defendants do not seek to seal the total amount of attorney fees requested in the Motion for Sanctions or subtotals of fees for each category of task performed.

While attorney hourly rates are not sealed in every instance, courts will seal attorney fee arrangements or hourly rates and information that can be used to calculate attorney hourly rates if disclosure would put a party or their counsel at a competitive disadvantage in future fee negotiations. However, those courts generally do not seal the total amount of fees requested. *TVIIM, LLC*, 2015 WL 5116721, at *1; *M.A. Mobile Ltd.*, 2019 WL 6525752, at *6; *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2; *TB Holding Co. LLC*, 2024 WL 4924738, at *1.

Under this standard, sealing is justified here. The fee arrangement between Defendants and their outside counsel at Shook, Hardy & Bacon L.L.P. is confidential business information, that neither has publicly disclosed. Nor do Defendants or Shook generally publicly disclose their fee arrangements. Defendants retain outside counsel from many different law firms for different matters and routinely negotiate fee arrangements with outside counsel. Similarly, Shook and the Shook counsel representing Defendants in this litigation represent numerous clients on a wide range of matters. Public disclosure of the fee arrangement between Defendants and Shook would put each at a competitive disadvantage in future fee negotiations. Other law firms could use the information to their advantage in negotiations with Defendants.

|   |   |
|---|---|
| 1 | Sealing this information under the applicable "good cause" standard is not a heavy burden. Judge Gilliam of this District sealed "portions of its motion for attorneys' fees and costs, and related documents" (*TVIIM, LLC*, 2015 WL 5116721, at *1) based on the defendant's representation that the fee amounts between the defendant, McAfee, Inc., and their outside counsel at Wilmer Hale were "confidential business information" and "[i]f made public, other attorneys and law firms could use this information to seek a competitive business advantage over both WilmerHale and McAfee" (*TVIIM, LLC v. McAfee, Inc*., No. 13-CV-04545-HSG, Dkt. 296-2 at 2, ¶¶ 5 (Aug. 21, 2015)). Judge Orrick of this District sealed "the hourly rates of its attorneys and staff" at Goodwin Procter LLP "along with the time billed for this case, which could be used to determine those rates" because "disclosure of the rates could harm its ability to negotiate with clients in the future" (*M.A. Mobile Ltd.*, 2019 WL 6525752, at *6) based on the defendant's representation that "Goodwin has a business need to maintain the confidentiality of the legal fees incurred, as such business information is commercially sensitive and not publicly known and could prejudice Goodwin in future negotiations with potential clients" (*M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, No. 3:08-CV-02658-WHO, Dkt.658-1 at 2, ¶ 2 (Sept. 19, 2019)). Judge Koh of this District sealed "the rates paid for the services of contract attorneys, staff attorneys, and a contract paralegal that billed in this case" and "information that could be used to derive an individual attorney's rate" (*In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2) based on the representation that "[t]he amounts paid for these attorneys' services were privately negotiated" and public disclosure "could impair these attorneys' bargaining power" (*In re Anthem, Inc. Data Breach Litig.*, No. 15-MD-02617-LHK, Dkt. 965-1 at 2, ¶ 4). Judge Bernal in the Central District of California found *compelling reasons* to seal "the specialized billing rates charged by [the defendant's] attorneys at Patterson Belknap Webb and Tyler LLP" in a class action because "the disclosure of its negotiated billing rates, which are not publicly known, could cause Counsel competitive harm by placing it at a disadvantage in future rate negotiations." *Clark*, 2024 WL 4744041, at *2; *see also Monster Energy Co.*, 2023 WL 8168854, at *2 n.1 (Bernal, J.) (similar). Another district judge in the Ninth Circuit sealed information "detail[ing] the range of hourly rates for litigation principals, litigation associates, paralegals, and eDiscovery Analysts at [the defendant's law |

1  firm] Fish & Richardson [P.C.] as well as the rate of each individual who worked on this motion and
2  the total amount billed to the client" (*TB Holding Co. LLC*, 2024 WL 4924738, at *1) based on a
3  representation that the rates were "proprietary, sensitive, and confidential" (*TB Holding Co. LLC v.
4  J&S Siding*, No. 4:22-CV-00307-BLW, Dkt. 120-1 & 127-1 (June 6 & 17, 2024)) because the it was
5  "clear from the information submitted that the rates charged to [the defendant] are individually
6  negotiated and specific to the circumstances of this case [so d]isclosing that information could place
7  counsel at a competitive disadvantage" (*TB Holding Co. LLC*, 2024 WL 4924738, at *1 (Winmill, J.)).
8  Yet another judge in this Circuit sealed "confidential billing rate information that, if became known,
9  would likely impact the law firm's competitiveness." *E & J Gallo Winery*, 2012 WL 1635190, at *1
10 (Thurston, J.).  Here too, disclosure of the fee arrangement between Defendants and their counsel at
11 Shook would competitively harm each in future fee arrangement negotiations.

12 Likewise, the Court should seal the descriptions in the "Narrative" column of the billing
13 records in Exhibit A to the Shortnacy Declaration.  Disclosure of these records could "reveal …
14 litigation strategy, or the specific nature of the services provided, such as researching particular areas
15 of law." *Bell*, 2017 WL 1956828, at *3 (quoting *Clarke*, 974 F.2d at 129).  For example, the narratives
16 describe research performed for arguments considered for the Motion for Sanctions and methods of
17 investigating the violation of the Protective Order at issue in the Motion for Sanctions.  Because these
18 descriptions could disclose strategy, good cause exists to seal the Narrative column of Exhibit A.  *See,
19 e.g.*, *Quackenbush*, 2023 WL 8360045, at *11 (Alsup, J.) (finding good cause to seal "attorney billing
20 records … [b]ecause such records *may* implicate privileged information" (emphasis added)); *BoxNic
21 Anstalt*, 2020 WL 2991561, at *4 (finding good cause to seal "itemized task-based [attorney billing]
22 statement" because "the individual entries *may* reveal confidential information, including counsel's
23 legal strategy" (emphasis added)); *Sun Life Assurance Co.*, 2017 WL 1479470, at *1; *Medicis Pharm.
24 Corp.*, 2012 WL 2260928, at *2; *see also In re Nat'l Collegiate Athletic Ass'n*, 2019 WL 12194763,
25 at *7; *Delaware Life Ins. Co.*, 2024 WL 5185644, at *3.

26 By contrast, there is no public interest in disclosure of this granular fee arrangement or billing
27 narrative information; it is not necessary for the public to understand the merits of this litigation or
28

even to understand the Motion for Sanctions itself, which seeks recovery of reasonable attorneys' fees for work incurred as a result of Mr. Stanley's violation of the Court's Protective Order.  *See* Cummings Decl. ¶¶ 2-8.

### B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm

There are no less restrictive alternatives to sealing the documents—Defendants seek only narrowly tailored redactions to the Motion for Sanctions, Shortnacy Declaration, and Exhibit A, seeking to protect the hourly rates, worked hours, and narrative descriptions, but leaving in the public record totals and subtotals of fees for the tasks performed.  Such information in the public records protects any interest the public may have, while protecting the interests of Defendants in being able to seek recovery of the fees they incurred in connection with Mr. Stanley's conduct violating the Protective Order, which the Court has already determined has occurred.  Not permitting the narrowly tailored redactions of the limited fee information that Defendants' seek here would chill parties' ability and willingness to seek recovery of fees in instances where, as here, the Court has already made a judicial finding of a violation of a Court's prior orders. *See* Cummings Decl. ¶ 9.

### IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the documents listed above be maintained under seal as set forth in this motion.

DATED: October 24, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006

|   |   |
|---|---|
| 1 | Telephone: (202) 783-8400 |
| 2 | Facsimile: (202) 783-4211 |

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
   decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC