1  Laura Vartain Horn (SBN 258485)
2  **KIRKLAND & ELLIS LLP**
   555 California Street, Suite 2700
3  San Francisco, CA 94104
   Telephone: (415) 439-1625
4  laura.vartain@kirkland.com

5  Allison M. Brown (Admitted *Pro Hac Vice*)
6  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
7  Philadelphia, PA 19103
   Telephone: (215) 268-5000
8  alli.brown@kirkland.com

9  Jessica Davidson (Admitted *Pro Hac Vice*)
10 **KIRKLAND & ELLIS LLP**
   601 Lexington Avenue
11 New York, NY 10022
   Telephone: (212) 446-4800
12 jessica.davidson@kirkland.com

13 *Attorneys for Defendants*
14 UBER TECHNOLOGIES, INC., RASIER, LLC,
   And RASIER-CA, LLC
15 [*Additional Counsel Listed on Signature Page*]

16                    **UNITED STATES DISTRICT COURT**

17                    **NORTHERN DISTRICT OF CALIFORNIA**

18                         **SAN FRANCISCO DIVISION**

19 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB |
20 | PASSENGER SEXUAL ASSAULT LITIGATION | |
21 | | **DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS** |
22 | | |
23 | This Document Relates to: | |
24 | *All Cases* | |
25 | | Judge:    Hon. Lisa J. Cisneros |
   |           | Courtroom: Courtroom G – 15th Floor |
26
27
28 DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO
   FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS
                                                            Case No. 3:23-MD-3084-CRB

**DECLARATION OF DANIEL CUMMINGS**

I, Daniel Cummings, having personal knowledge of the following, state:

1. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Administrative Motion to File Under Seal Portions of Motion for Sanctions dated October 24, 2025 ("Motion to Seal").

2. I have reviewed Defendants' Motion for Sanctions Against Bret Stanley ("Motion for Sanctions"), the Declaration of Michael B. Shortnacy in Support of Defendants' Request for an Award of Attorneys' Fees filed in support of the Motion for Sanctions ("Shortnacy Declaration"), and Exhibit A to the Shortnacy Declaration ("Exhibit A").

3. The documents at issue in the Motion to Seal are the Motion for Sanctions Against Bret Stanley ("Motion for Sanctions"), the Shortnacy Declaration, and Exhibit A. The documents Defendants ask to seal, only in part, consisting of itemized billing and cost entries reflecting work done by Defendants' outside counsel at the law firm Shook, Hardy & Bacon LLP ("Shook").

4. The Motion for Sanctions, Shortnacy Declaration, and Exhibit A should be sealed in part because portions of the documents contain confidential, non-public information regarding fee agreements between Defendants and their outside counsel and confidential narrative billing statements of work.

5. Defendants seek only limited redactions to the Motion for Sanctions, Shortnacy

2
DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS
Case No. 3:23-MD-3084-CRB

Declaration, and Exhibit A of confidential, non-public information regarding fee agreements between Defendants and their outside counsel at Shook, and the number of hours billed, which could be used to determine hourly rates, and narrative descriptions of work performed that could disclose confidential legal strategy. Defendants do not seek to seal the total amount of attorney fees requested in the Motion for Sanctions or subtotals of fees for each category of task performed.

6. The fee arrangement between Defendants and their outside counsel at Shook, Hardy & Bacon L.L.P. is confidential business information, that, on information and belief, has not been publicly disclosed. Nor do Defendants or Shook generally publicly disclose their fee arrangements. On information and belief, Defendants retain outside counsel from many different law firms for different matters and routinely negotiate fee arrangements with outside counsel. Similarly, Shook and the Shook counsel representing Defendants in this litigation represent numerous clients on a wide range of matters. Public disclosure of the fee arrangement between Defendants and Shook would put each at a competitive disadvantage in future fee negotiations. Other law firms could use the information to their advantage in negotiations with Defendants.

7. The Court should seal the descriptions in the "Narrative" column of the billing records in Exhibit A to the Shortnacy Declaration. Disclosure of these records could reveal litigation strategy, or the specific nature of the services provided, such as researching particular areas of law. For example, the narratives describe research performed for arguments considered for the Motion for Sanctions and methods of investigating the violation of the Protective Order at issue in the Motion for Sanctions. Because these descriptions could disclose strategy, good cause exists to seal the Narrative column of Exhibit A.

8. There is no public interest in disclosure of this granular fee arrangement or billing narrative information; it is not necessary for the public to understand the merits of this litigation or

3
DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS
Case No. 3:23-MD-3084-CRB

even to understand the Motion for Sanctions itself, which seeks recovery of reasonable attorneys' fees for work incurred as a result of Mr. Stanley's violation of the Court's Protective Order.

9. There are no less restrictive alternatives to sealing the documents—Defendants seek only narrowly tailored redactions to the Motion for Sanctions, Shortnacy Declaration, and Exhibit A, seeking to protect the hourly rates, worked hours, and narrative descriptions but leaving in the public record totals and subtotals of fees for the tasks performed. Such information in the public records protects any interest the public may have, while protecting the interests of Defendants in being able to seek recovery of the fees they incurred in connection with Mr. Stanley's conduct violating the Protective Order, which the Court has already determined has occurred. Not permitting the narrowly tailored redactions of the limited fee information that Defendants seek here would chill parties' ability and willingness to seek recovery of fees in instances where, as here, the Court has already made a judicial finding of a violation of a Court's prior orders.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 24, 2025.   By:   */s/ Daniel Cummings*

Daniel Cummings