# EXHIBIT B

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

MICHAEL B. SHORTNACY (SBN: 277035)
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
mshortnacy@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF VERONICA HAYES GROMADA SUPPORTING MOTION FOR SANCTIONS AGAINST BRET STANLEY** |
| This Document Relates to: | |
| ALL ACTIONS | Judge: Hon. Lisa J. Cisneros |
| | Courtroom:  G-15th Floor |

I, Veronica Hayes Gromada, declare:

I am a partner at the law firm of Shook, Hardy & Bacon, L.L.P. I am a member in good standing of the Bars of the State of Texas and of the District of Columbia and am admitted to practice *pro hac vice* before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Defendants' Motion for Sanctions Against Bret Stanley. I have also reviewed the accompanying Declaration of Michael B. Shortnacy Supporting Defendants' Request for an Award of Attorneys' Fees and Exhibit A thereto.  The time and fees expended for (a) investigating Mr. Stanley's Protective Order violations; (b) communicating with him repeatedly and attempting to make him comply with the Protective Order without Court intervention; (c) drafting and filing the Motion to Enforce Protective Order and related filings; and (d) seeking to compel Mr. Stanley to perform the remedial measures required by this Court's August 18, 2025 Order were necessary and reasonable as set forth in the Motion and supporting documentation.

<u>Cease and Desist and Investigative Work</u>[1]

2.    On May 26, 2025, Defendants wrote to Mr. Stanley and the Plaintiffs' Steering Committee ("PSC") demanding that Mr. Stanley cease violating the Protective Order. ECF 3512-11. Defendants prepared a detailed, eight-page, single-spaced, letter describing the Protective Order provisions violated, identifying Mr. Stanley's conduct violating the Protective Order, and referencing the records that show his violative conduct in the MDL, and in *Smith v. Uber Technologies, Inc., et al.*, and *Lord v. Uber Technologies, Inc., et al.*, pending in Texas and New Jersey respectively.  In drafting these letters, Defendants reviewed and compared pertinent non-MDL discovery-related requests and MDL productions to identify and provide specificity about the extent of the violations in the two cases. This involved working with a variety of in-house

---

[1] My July 18, 2025 Declaration, which was attached to Defendants' prior Motion to Enforce Protective Order, contains a detailed recitation of the facts surrounding the lead up to the Motion to Enforce and the specific violations by Mr. Stanley. I expressly incorporate these facts by reference here. ECF 3512, Ex. A, Gromada Dec.

1

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

counsel and outside counsel for non-MDL cases in Texas and New Jersey for an understanding of the discovery and motion practice related to the MDL Protective Order violations.

3.      Mr. Stanley responded on June 2, 2025, and denied any violation of the Protective Order. ECF 3512-12. The PSC responded on June 4, 2025, and denied that Mr. Stanley's conduct violated the Protective Order. ECF 3512-13.

Conferral Related Work

4.      The parties conferred via videoconference in an attempt to resolve this dispute on June 30, 2025 in compliance with L.R. 37-1. During that conferral, Mr. Stanley stated that the names of Defendants' policies were not confidential. Mr. Stanley and the PSC representative in attendance were asked (twice) whether it was their position that the content of one Confidential MDL document (UBER_JCCP_MDL_000250806) was not confidential. They refused to answer, stating they did not believe it would be productive to review specific documents. Mr. Stanley and the PSC representative informed Defendants that they would continue using and disclosing the Confidential Information unless this Court ordered them to stop.

5.      While Defendants vehemently disagreed with Mr. Stanley and the PSC's position, in the spirit of compromise and to conserve judicial resources by resolving issues among the parties, Defendants proposed an "agreement to disagree" on July 8, 2025 whereby: (a) Mr. Stanley and the PSC "confirm that the only cases in which the names of Uber policies identified in the MDL have been used are the *Smith* and *Lord* cases identified in our letter;" and (b) "agree that before using the names of Uber policies or other information from confidential documents identified in the MDL in any other case, you will seek either Uber's permission or permission from the MDL Court." ECF 3512-15.

6.      Mr. Stanley and the PSC rejected this compromise proposal on July 11, 2025.  ECF 3512-16. Mr. Stanley explained that it was "not workable" for him to seek permission from either Uber or the MDL Court before using Uber's Confidential Information to make discovery requests in his non-MDL matters. *Id.* Instead of agreeing to Defendants' compromise proposal, Mr. Stanley wrote that the dispute "need[ed] to be brought in front of the Court. . ." " and the parties "need[ed]

to discuss a filing and response schedule." ECF 3512-16.

7.     Shortly thereafter, Defendants' MDL counsel learned that Mr. Stanley's co-counsel in *Lord v. Uber Technologies* had publicly filed the Confidential Information as part of a motion to compel. At the same time, Defendants learned that Mr. Stanley's spreadsheet[2] was being further disseminated among Plaintiff's counsel in non-MDL cases. (ECF 3512, Ex. A, Gromada Dec., Ex. 3 (Stanley Email) and Ex. 4 (December 19, 2024 transcript) at 32:6-12; 36:12-16).

Motion Drafting, Hearing and Related Activities

8.     As a result of Mr. Stanley's breaches, Defendants were forced to file their Motion to Enforce Protective Order and related Motions to Seal and Shorten Time, followed by a request for an expedited hearing. (ECF 3512, 3511, and 3513). The Motion required Defendants to expend significant time and resources conducting factual and legal research, investigating Mr. Stanley's discovery violations outside the MDL, and extensive briefing with copious supporting documentation.   For example, Defendants reviewed and distinguished each of the cases Mr. Stanley and the Plaintiffs' Steering Committee cited in their responses to Defendants' cease and desist letters, as well as addressed the arguments set forth in Mr. Stanley's response to the Motion. Beyond identifying and understanding the nature of Mr. Stanley's protective order violations, Defendants needed to establish the extent to which Mr. Stanley had used and/or disclosed protected information across *four* matters in Texas and New Jersey: *Smith v. Uber Technologies, Inc., et al.*, *Lord v. Uber Technologies, Inc., et al.*, *Casey Jones v. Uber Technologies, Inc. et al.*, and *Soto v. Uber Technologies, Inc. et al.*[3] *See* ECF 3512-1, par. 18, 40, 42; ECF 3512-17; ECF 3512-18. Defendants invested significant time and resources, with contributions by in-house counsel, MDL counsel, and outside counsel across the non-MDL matters to make a strong showing to the Court that was packaged in a helpful and clear manner.   Indeed, the Court found the detailed declaration

---

[2] As further detailed in my prior Declaration, Mr. Stanley's spreadsheet contained a detailed list of Defendants' confidential and proprietary policy-related resources, Knowledge Bases, and their locations within the company's virtual filing cabinet.  ECF 3512, Ex. A, Gromada Dec.
[3] For further background as to how the Defendants learned about the Protective Order violations in the *Casey Jones v. Uber Technologies, Inc. et al.*, and *Soto v. Uber Technologies, Inc. et al.* cases, *see* ECF 3512, Ex. A, Gromada Dec., ¶ 39-42.

3

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

helpful and clear.  *See* Motion to Enforce Protective Order Hearing Transcript, p. 9, lines 9 - 16.

9.      Defendants gave the same level of attention and detail to preparing the proposed Order and Reply Brief.  ECF 3512-19 and 3598.  Defendants spent significant time briefing their arguments while striking a balance between making a strong showing, while protecting their confidential information.  An essential part of this process was identifying the right exhibits from MDL and non-MDL discovery, motions, transcripts and conferral communications, and parsing through redactions for the Motion to Seal.  Moreover, Defendants kept the proposed Order and Reply Brief focused on the critical issue before the Court, the fact that a violation occurred: a fact supported by caselaw and Defendants' carefully curated exhibits.  In doing so, the Court was able to rule from the bench, while reserving one issue on the proposed order form, which required further detailed review and identification of each line item from Mr. Stanley's spreadsheet that violated the MDL protective order, not only for the Court, but for Mr. Stanley as well. *See* Exhibit A to Motion for Sanctions at 14:20-16:10 (August 12, 2025 Transcript).

<u>Enforcement of the August 18, 2025 Order</u>

10.     On August 12, 2025, this Court found that Mr. Stanley violated the Protective Order. ECF 3692. On August 18, 2025, the Court entered a proposed order jointly prepared and submitted by the parties requiring Mr. Stanley to take modest steps to mitigate the damages caused by his violation ("August 18, 2025 Order"). ECF 3708. The August 18, 2025 Order, which Mr. Stanley and the PSC jointly prepared with Defendants and submitted to the Court, required Mr. Stanley to take the following remedial measures:

> (c) Within three days of the date of this Order, Mr. Stanley shall identify to Defendants' counsel all persons outside of the MDL Litigation to whom Mr. Stanley has disclosed any information covered by the Protective Order, including without limitation, the Confidential Information, **and** Mr. Stanley shall identify to Defendants' counsel **all court proceedings in which Mr. Stanley is aware that the Confidential Information has been used or disclosed** in discovery or otherwise;
>
> (d) Within three days of the date of this Order, Mr. Stanley shall provide a copy of this Order to all persons **and courts** identified pursuant to paragraph (c) of this Order with notice to Defendants'

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

Counsel of same; and

(e) Mr. Stanley shall take reasonable efforts to retrieve or ensure the destruction of all unauthorized Confidential Information to all persons identified pursuant to paragraph (c) of this Order.

ECF 3708 (emphases added).

<u>Mr. Stanley Violated the August 18, 2025 Order</u>

11.     Mr. Stanley is one of the Plaintiffs' counsel in *Lord v. Uber Technologies, Inc., et al.* While Mr. Stanley identified counsel in the *Lord* case to whom he disclosed the Confidential Information as required by the August 18, 2025 Order, Mr. Stanley failed to provide a copy of the August 18, 2025 Order to the *Lord* court by August 21, 2025 as required by the Order. After the deadline passed, Defendants' counsel emailed Mr. Stanley and identified several apparent violations of the August 18, 2025 Order, including his failure to provide a copy of the August 18, 2025 Order to the *Lord* court by August 21, 2025 as required. A true and correct copy of this August 22, 2025 email is attached as <u>Exhibit 1</u> to this Declaration. Mr. Stanley's response failed to address the *Lord* case. A true and correct copy of Mr. Stanley's response is attached as <u>Exhibit 2</u> to this Declaration.

12.     Because of Mr. Stanley's failure to provide a copy of the August 18, 2025 Order to the *Lord* court by August 21, 2025 as required, Defendants submitted the August 18, 2025 Order to the *Lord* court on August 26, 2025. Thereafter, Mr. Stanley wrote to Defendants' counsel and the *Lord* court stating that the email he intended to send transmitting the August 18, 2025 Order to the *Lord* court was "hung in my outbox." In a subsequent email on August 27, 2025, Mr. Stanley said he "thought [Defendants' counsel] were working from stale information" when they noted his failure to comply with the August 18, 2025 order in *Lord*.

13.     Mr. Stanley also failed to provide a copy of the August 18, 2025 Order to the court in *Casey Jones v. Uber Technologies, Inc. et al.* even though Mr. Stanley disclosed the Confidential

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

CASE NO. 3:23-MD-03084-CRB

Information to *Jones* Plaintiff's counsel, Evan Lide,[4] in that case. After the August 21, 2025 deadline, Defendants' counsel emailed Mr. Stanley three times asking for confirmation that he provided the August 18, 2025 Order to the *Jones* court as required. Mr. Stanley did not respond to the first two emails and responded to the third email but failed to address the *Jones* case. Exhibit 2. Ultimately, the *Jones* court received the August 18, 2025 Order not from Mr. Stanley, as ordered, but from Plaintiffs' co-counsel in the *Jones* case, Mr. Lide on August 25, 2025. Evan Lide is a colleague of Mr. Stanley's co-counsel in *Lord.*

14.    The discovery request in *Soto v. Uber Technologies, Inc. et al.* containing the Confidential Information was attached to Defendants' Declaration Supporting Motion to Enforce Protective Order. ECF 3512-18. Therefore, Mr. Stanley was given notice that Confidential Information was disclosed in *Soto* as set forth in Defendants' Motion. The discovery requests attached to Defendants' Motion to Enforce Protective Order identified the Plaintiff's counsel who disclosed the Confidential Information in *Soto* and identified the court and case number. ECF 3512-18.

15.    Mr. Stanley maintained that the August 18, 2025 Order did not require him to take any action in *Soto* because he did not disclose the Confidential Information to the *Soto* Plaintiff's counsel. Specifically, Mr. Stanley wrote to Defendants' counsel on August 20, 2025 stating: "I don't have any connection to any counsel in the Soto matter and did not disclose anything to that firm." Because Mr. Stanley was given notice that the Confidential Information was being used in *Soto*, he was plainly required to provide the August 18, 2025 Order to the *Soto* Court whether Mr. Stanley disclosed the Confidential Information to the *Soto* Plaintiff's counsel or not.

16.    Therefore, after the August 21, 2025 deadline, Defendants' counsel emailed Mr. Stanley asking for confirmation that he provided a copy of the August 18, 2025 Order to the *Soto* court as required. Mr. Stanley's response stated: "I do not know the lawyers in the *Soto* matter and did not disclose the documents to any lawyers in *Soto*. I know nothing about that case or who [*sic*]

---

[4] Evan Lide is an attorney with Stark & Stark, PC, along with Bruce Stern, Mr. Stanley's co-counsel in *Lord*.

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

the firms involved. I have instructed all attorneys to delete what they have seen that is in violation according to Cisneros and provided the Order to the Courts subject to my disclosure."

17.    Defendants' counsel noted that the *Soto* Plaintiff's counsel was identified in the Motion to Enforce Protective Order filing and stated, "our position is to the extent you are aware that the Confidential Information from the MDL is being used in that matter, notice to counsel and the court is required." Mr. Stanley did not respond; therefore Defendants' counsel again emailed him stating he was in violation of the August 18, 2025 Order. Exhibit 1.

18.    Mr. Stanley's response states, "I didn't disclose anything to the *Soto* counsel. I informed you I had no knowledge of which court the case was in or who counsel was. Stop playing games. If you have information, then share it. If you would prefer to go to the Court, I'll be there." Exhibit 2. Because of Mr. Stanley's failure to provide a copy of the August 18, 2025 Order to the *Soto* court as required, Defendants submitted the order on August 26, 2025.

19.    At the same time that Mr. Stanley was failing to take several actions required by the August 18, 2025 Order, Mr. Stanley continued to aggressively pursue discovery in his non-MDL cases against Defendants during this time period. Specifically, between August 18, 2025 and August 26, 2025, Mr. Stanley sent at least ten emails to Defendants' MDL counsel and Defendants' counsel in *Smith v. Uber Technologies* related to his continued efforts to obtain discovery in the *Smith* case.

<u>On October 8, 2025, Mr. Stanley's Lord Co-Counsel<br>Again Publicly Filed the Confidential Information[5]</u>

20.    On October 8, 2025, Mr. Stanley's co-counsel in *Lord v. Uber Technologies* once again publicly filed Defendants' Confidential Information in violation of the Protective Order. Specifically, Mr. Stanley's co-counsel publicly filed the exact same discovery request–which this Court had found violated the Protective Order– that was attached to Defendants' Declaration Supporting Motion to Enforce Protective Order. ECF 3512-7; 3708.

---

[5] Defendants have not included in this Motion recovery of fees for time spent addressing the October 8 violation but reserve their right to bring a separate motion seeking appropriate relief at a later time.

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

21.     This Court's August 18, 2025 Order required Mr. Stanley to "take reasonable efforts to retrieve or ensure the destruction of all unauthorized Confidential Information…." ECF 3708. Therefore, Mr. Stanley's co-counsel should not have had any Confidential Information to disclose. *Lord* defense counsel identified this new violation of the Protective Order on October 8, 2025, raising it in writing with Mr. Stanley and his co-counsel.  MDL defense counsel followed up with Mr. Stanley, copying the Plaintiffs Steering Committee on October 9, 2025. Yet, Defendants' Confidential Information remained on the *Lord* public docket thirteen days after Mr. Stanley's co-counsel filed it.

22.     Finally, on October 16, 2025, pursuant to L.R. 37-1, I conferred with Mr. Stanley regarding this Motion for Sanctions in an attempt to resolve the dispute raised by this Motion and avoid court intervention. *See also* Judge Lisa J. Cisneros - Standing Orders, p. 2 regarding Motion Practice updated August 19, 2025.  The parties were unable to resolve this dispute as Mr. Stanley maintains that he is not liable for any of the attorneys' fees resulting from his conduct that Defendants seek in their Motion for Sanctions.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of October, 2025 in Houston, Texas.


*/s/ Veronica Hayes Gromada*
Veronica Hayes Gromada

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING
MOTION FOR SANCTIONS AGAINST BRET STANLEY

CASE NO. 3:23-MD-03084-CRB

# EXHIBIT 1

| | |
|---|---|
| **From:** | Gromada, Veronica G. (SHB) |
| **To:** | Steven Cohn; Bret Stanley; Chris Cox |
| **Cc:** | Roopal Luhana; Rachel Abrams; Sarah London; Andrew Kaufman; An Truong; Priest Johnson, Kimberly (SHB); Shortnacy, Michael (SHB) |
| **Subject:** | In re Uber, Proposed Joint Order re Protective Order |
| **Date:** | Friday, August 22, 2025 5:54:00 PM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

Bret,

As you know, the Court entered an Order on August 18, 2025 regarding the Protective Order violations. You and the PSC agreed to that Order.

Among other things, the August 18, 2025 Order requires that within three days (August 21, 2025), you:

> ...identify to Defendants' counsel all persons outside of the MDL Litigation to whom Mr. Stanley has disclosed any information covered by the Protective Order, including without limitation, the Confidential Information, **and** Mr. Stanley shall identify to Defendants' counsel **all court proceedings in which Mr. Stanley is aware that the Confidential Information has been used or disclosed in discovery or otherwise**;

> (d) Within three days of the date of this Order, Mr. Stanley shall provide a copy of this Order to all persons **and courts** identified pursuant to paragraph (c) of this Order with notice to Defendants' Counsel of same...

Thus, you were not simply required to identify persons to whom you disclosed confidential information, but also to identify "all court proceedings in which [you are] **aware**" that confidential information has been disclosed and provide a copy of the August 18, 2025 Order to those courts.

You have failed to comply with the August 18, 2025 Order as follows:

1. Lord: You have not provided a copy of the August 18, 2025 Order to the court.

2. Casey Jones: Even though you are aware that confidential information is being used in this case, you have not provided a copy of the August 18, 2025 Order to the court.

3. <u>Soto</u>: Even though you are aware that confidential information is being used in this case and has been disclosed to the plaintiff's counsel, you have not provided notice and a copy of the August 18, 2025 Order to the plaintiff's counsel or to the court.

In addition to the August 18, 2025 Order, the MDL Protective Order separately requires certain actions in the event confidential information is disclosed. [ECF, par. 10]

We intend to raise your non-compliance with the August 18, 2025 Order with the MDL Court if the above violations are not remedied by 3:00pm PST on Monday, August 25, 2025.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | vgromada@shb.com



---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, August 15, 2025 3:52 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Steve and Bret,

Defendants accept the proposed edits. We will present the revised version to the court as an agreed proposed order.

Thank you.

---

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Friday, August 15, 2025 2:12 PM

**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>;
Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>;
Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An
Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy,
Michael (SHB) <mshortnacy@shb.com>
**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

**EXTERNAL**

Veronica,

Our proposed edits are attached in redline.

Thanks,
Steve

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
ChaffinLuhana.com

ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Friday, August 15, 2025 1:43 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

Veronica,

We should have our proposed edits to you shortly.

Thank you,
Steve

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

***A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.***

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, August 15, 2025 11:48 AM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Good morning, Steve and Bret.

We're following up regarding the proposed joint order sent yesterday. Do you have any comments regarding the proposed order? We would like to prepare the submission before the end of the workday.

Please let us know your thoughts.

Thank you.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Thursday, August 14, 2025 1:28 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Steve,

Please see the attached proposed order for your review.

Thanks

---

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Thursday, August 14, 2025 11:24 AM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>

**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

**EXTERNAL**

Thank you.

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Thursday, August 14, 2025 12:22 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** In re Uber, Proposed Joint Order re Protective Order

Hi, Steve.

We're working on a draft Order and will have it to you in about an hour.

Thanks.

---

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Thursday, August 14, 2025 9:01 AM
**To:** Chris Cox <christopher.cox@kirkland.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>;
Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>;
Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>
**Subject:** In re Uber, Proposed Joint Order re Protective Order


**EXTERNAL**

Veronica/Chris,

Per the Court's Order (ECF 3692), please let us know if you are available to meet and confer this afternoon regarding the Proposed Order related to the Protective Order. Alternatively, if you can send us a draft proposed order, we can review and let you know if we agree or have any proposed edits (and then meet and confer if there are any issues that remain).

Thanks,
Steve


**Steven Cohn | Partner**
**E:**  cohn@chaffinluhana.com
**P:**  (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**
ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org


**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT 2

| | |
|---|---|
| **From:** | Bret Stanley |
| **To:** | Gromada, Veronica G. (SHB); Steven Cohn; Chris Cox |
| **Cc:** | Roopal Luhana; Rachel Abrams; Sarah London; Andrew Kaufman; An Truong; Priest Johnson, Kimberly (SHB); Shortnacy, Michael (SHB) |
| **Subject:** | Re: In re Uber, Proposed Joint Order re Protective Order |
| **Date:** | Friday, August 22, 2025 7:19:36 PM |
| **Attachments:** | image002.png |
| | image003.png |
| | image004.png |
| | image005.png |

---

**EXTERNAL**

Veronica-

I didn't disclose anything to the Soto counsel. I informed you I had no knowledge of which court the case was in or who counsel was.

Stop playing games. If you have information, then share it.

If you would prefer to go to the Court, I'll be there.

Get Outlook for iOS

 

**Bret Stanley** | Senior Counsel

Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

The information contained in this email is confidential and/or privileged. This email is intended to be reviewed initially by the recipient or a representative of the recipient, you are hereby notified that any review, dissemination or copying of this email or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by telephone and return this email to the sender at the above address. Thank you.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, August 22, 2025 5:54:08 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** In re Uber, Proposed Joint Order re Protective Order

[EXTERNAL]

Bret,

As you know, the Court entered an Order on August 18, 2025 regarding the Protective Order violations. You and the PSC agreed to that Order.

Among other things, the August 18, 2025 Order requires that within three days (August 21, 2025), you:

> ...identify to Defendants' counsel all persons outside of the MDL Litigation to whom Mr. Stanley has disclosed any information covered by the Protective Order, including without limitation, the Confidential Information, **and** Mr. Stanley shall identify to Defendants' counsel **all court proceedings in which Mr. Stanley is aware that the Confidential Information has been used or disclosed in discovery or otherwise**;

> (d) Within three days of the date of this Order, Mr. Stanley shall provide a copy of this Order to

all persons **and courts** identified pursuant to paragraph (c) of this Order with notice to Defendants' Counsel of same...

Thus, you were not simply required to identify persons to whom you disclosed confidential information, but also to identify "all court proceedings in which [you are] **aware**" that confidential information has been disclosed and provide a copy of the August 18, 2025 Order to those courts.

You have failed to comply with the August 18, 2025 Order as follows:

1. <u>Lord</u>: You have not provided a copy of the August 18, 2025 Order to the court.

2. <u>Casey Jones</u>: Even though you are aware that confidential information is being used in this case, you have not provided a copy of the August 18, 2025 Order to the court.

3. <u>Soto</u>: Even though you are aware that confidential information is being used in this case and has been disclosed to the plaintiff's counsel, you have not provided notice and a copy of the August 18, 2025 Order to the plaintiff's counsel or to the court.

In addition to the August 18, 2025 Order, the MDL Protective Order separately requires certain actions in the event confidential information is disclosed. [ECF, par. 10]

We intend to raise your non-compliance with the August 18, 2025 Order with the MDL Court if the above violations are not remedied by 3:00pm PST on Monday, August 25, 2025.

**Veronica G. Gromada**
*Partner*
Shook, Hardy & Bacon L.L.P.

713-546-5683 | <u>vgromada@shb.com</u>



---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, August 15, 2025 3:52 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Steve and Bret,

Defendants accept the proposed edits. We will present the revised version to the court as an agreed proposed order.

Thank you.

---

**From:** Steven Cohn <<u>cohn@chaffinluhana.com</u>>
**Sent:** Friday, August 15, 2025 2:12 PM
**To:** Gromada, Veronica G. (SHB) <<u>vgromada@shb.com</u>>; Chris Cox <<u>christopher.cox@kirkland.com</u>>; Bret Stanley

<bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

**EXTERNAL**

Veronica,

Our proposed edits are attached in redline.

Thanks,
Steve

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Friday, August 15, 2025 1:43 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

Veronica,

We should have our proposed edits to you shortly.

Thank you,
Steve

**Steven Cohn | Partner**
E: cohn@chaffinluhana.com
P: (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com



ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Friday, August 15, 2025 11:48 AM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>; Bret Stanley <bstanley@johnsonlawgroup.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Good morning, Steve and Bret.

We're following up regarding the proposed joint order sent yesterday. Do you have any comments regarding the proposed order? We would like to prepare the submission before the end of the workday.

Please let us know your thoughts.

Thank you.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Thursday, August 14, 2025 1:28 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: In re Uber, Proposed Joint Order re Protective Order

Steve,

Please see the attached proposed order for your review.

Thanks

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Thursday, August 14, 2025 11:24 AM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>;
An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB)
<mshortnacy@shb.com>
**Subject:** Re: In re Uber, Proposed Joint Order re Protective Order

**EXTERNAL**

Thank you.

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com

ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged,
confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you
think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the
message and understand that any dissemination, distribution or copying is strictly prohibited.

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Thursday, August 14, 2025 12:22 PM
**To:** Steven Cohn <cohn@chaffinluhana.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London
<slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>;
An Truong <atruong@simmonsfirm.com>; Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB)
<mshortnacy@shb.com>
**Subject:** In re Uber, Proposed Joint Order re Protective Order

Hi, Steve.

We're working on a draft Order and will have it to you in about an hour.

Thanks.

**From:** Steven Cohn <cohn@chaffinluhana.com>
**Sent:** Thursday, August 14, 2025 9:01 AM
**To:** Chris Cox <christopher.cox@kirkland.com>; Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Cc:** Roopal Luhana <Luhana@chaffinluhana.com>; Rachel Abrams <rabrams@peifferwolf.com>; Sarah London <slondon@girardsharp.com>; Bret Stanley <bstanley@johnsonlawgroup.com>; Andrew Kaufman <akaufman@girardsharp.com>; An Truong <atruong@simmonsfirm.com>
**Subject:** In re Uber, Proposed Joint Order re Protective Order

**EXTERNAL**

Veronica/Chris,

Per the Court's Order (ECF 3692), please let us know if you are available to meet and confer this afternoon regarding the Proposed Order related to the Protective Order. Alternatively, if you can send us a draft proposed order, we can review and let you know if we agree or have any proposed edits (and then meet and confer if there are any issues that remain).

Thanks,
Steve

**Steven Cohn | Partner**
**E:** cohn@chaffinluhana.com
**P:** (347) 269-4465

**Serving clients nationwide with offices in CT, NY, PA, and WV.**

ChaffinLuhana.com

ChaffinLuhana.com
ChaffinLuhanaFoundation.org

**Mailing Address:**
Chaffin Luhana LLP 615 Iron City Drive, Pittsburgh, PA, 15205

*A referral is the best compliment. If you know anyone who needs our help, please have them call us. We're available 24/7.*

CONFIDENTIALITY NOTE: This E-mail message contains information belonging to Chaffin Luhana LLP and may be privileged, confidential and/or protected from disclosure. The information is intended only for the use of the individual or entity named above. If you think that you have received this message in error, please E-mail the sender. If you are not the intended recipient, please delete the message and understand that any dissemination, distribution or copying is strictly prohibited.

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.