Bret Stanley (TX SBN 24075116)
bstanley@johnsonlawgroup.com
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>All Cases | No. 3:23-md-03084-CRB<br><br>**BRET STANLEY'S OPPOSITION TO RAISIER, LLC, RASIER-CA, LLC, AND UBER TECHNOLOGIES, INC.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS AGAINST BRET STANLEY**<br><br>Judge: Honorable Lisa J. Cisneros<br>Courtroom G – 15th Floor |

## I.  PRELIMINARY STATEMENT

On October 24, 2025, Rasier, LLC, Rasier-CA, LLC, and Uber Technologies, Inc. (hereinafter referred to as "Uber") filed an Administrative Motion to Seal Portions of its Declaration and Exhibits in Support of Uber's contemporaneously filed Motion for Sanctions against Bret Stanley. See ECF 4232. Despite Uber asking for nearly $200,000 in its Motion for Sanctions, Uber seeks to prevent the public filing of purported billing statements, attorney time, and hourly rates related to Uber's Motion for Sanctions. Uber's Counsel in this MDL and Uber's Counsel in multiple other jurisdictions have twisted the facts and enlarged this Court's ruling concerning Bret Stanley's Protective Order Violations in attempts to obstruct discovery and personally attack Bret Stanley.

Neither Uber nor Uber's Counsel have made a particular showing of any specific prejudice or harm that will result through a public unredacted filing of its attorney fee information associated with its Motion for Sanctions. Attorney fee information associated with a Motion for Sanctions is not generally considered privileged information in the Northern District of California, is not generally sealed in the Northern District of California, and should not be sealed here.

## II.  AUTHORITIES

Local Rule 79-5(a) states:

> The public has a right of access to the Court's files. This local rule applies in all instances where a party seeks to conceal information from the public by filing a document, or portions of a document, under seal. A party must explore all reasonable alternatives to filing documents under seal, minimize the number of documents filed under seal, and avoid wherever possible sealing entire documents (as opposed to merely redacting the truly sensitive information in a document).

Local Rule 79-5(a).

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.' " *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir.2006). In considering a sealing request, the Court begins with "a strong presumption of access [as] the starting point." *Id.* The documents sought to be filed under seal in this case are related to motions for attorneys' fees, a non-dispositive motion. A party

1    seeking to seal materials related to non-dispositive motions must show good cause by making a
2    "particularized showing" that "specific prejudice or harm will result" should the information be
3    disclosed. *Id.* at 1179–80; Fed.R.Civ.P. 26(c). "[B]road, conclusory allegations of potential harm"
4    will not suffice. *Foltz v. State Farm Mut. Auto. Ins. Co.,* 331 F.3d 1122, 1131 (9th Cir.2003).

5          Claims that disclosing attorneys' time and billable rates in a public filing *could* place a
6    firm at a disadvantage for future fee agreements with other firms or clients does not constitute a
7    "particularized showing" of harm necessary to rebut the presumption of public access to court
8    filings. *See Linex Techs., Inc. v. Hewlett-Packard Co.,* No. C-13-159, 2014 WL 6901744, at *1
9    (N.D. Cal. Dec. 8, 2014. It is commonplace for the number of hours billed and the hourly rate of
10   attorneys to be openly filed on court dockets; without this information the final fees award
11   appears to be drawn from thin air. *Id.* Furthermore, this type of information is clearly not
12   privileged. *See Ferrington v. McAfee,* 2013 WL 3814474 (N.D. Cal.) (denying motion to seal
13   billing records) (*quoting Real v. Cont'l Group, Inc.,* 116 F.R.D. 211, 231 (N.D. Cal. 2013)).
14   Numerous courts in the Northern District of California have denied similar requests to seal
15   attorney rates and hours, finding that attorney rates and hours are generally not considered
16   privileged information and sealable. *Aylus Networks, Inc. v. Apple Inc.*, No. 13-CV-04700-EMC,
17   2016 WL 1252778, at *1 (N.D. Cal. Mar. 30, 2016). In *Aylus,* the Court found that Apple
18   provided no particularized showing of a specific harm that will result from the disclosure of the
19   hours and billing rates and required the information to be filed on the public docket with no
20   redactions. *Aylus Networks, Inc. v. Apple Inc.,* No. 13-CV-04700-EMC, 2016 WL 1252778, at *1
21   (N.D. Cal. Mar. 30, 2016).

22   **III.    ANALYSIS**

23         Counsel for Uber has not met the burden of identifying the "particularized showing" of
24   harm to rebut the presumption of public access to court filings related to attorneys' fee
25   information. Therefore, the Administrative Motion to Seal should be denied.

26         Counsel seeks to bar public access to the billable hours, rates, and narratives of time spent
27   related to Uber's Motion for Sanctions against Bret Stanley but only provide the court with the
28   broad conclusory statement that "disclosure of the fee arrangement between Defendants and their

1  counsel at Shook would competitively harm each in future fee arrangement negotiations." *See*
2  ECF 4232 at 8. Uber and its Counsel merely argue that harm "*could*" occur from a public filing
3  with Shook's attorneys' fees information. *See* ECF 4232 at 3, 4, 6, 7, and 8. However, Counsel
4  does not make a single particularized showing that any specific prejudice or harm **will** result.

5      Uber and Counsel make personal attacks against Bret Stanley, but seek to shield their
6  attorney billing records from the public. As shown in *Linex*, "[i]t is commonplace for the number
7  of hours billed and the hourly rate of attorneys to be openly filed on court dockets; without this
8  information the final fees award appears to be drawn from thin air." *Linex Techs., Inc.*, 2014 WL
9  6901744, at *1.

10     The law maintains a presumption that the public deserves access to documents filed,
11 including documents relating to attorneys' fees. Uber should not be allowed to file muckraking
12 pleadings and also withhold from the public the bases of the attorneys' fees sought, especially
13 when Uber has not met the burden required under the law for sealing this information.

14 **IV.   CONCLUSION**

15     The Local Rules and precedent in the Northern District of California require Uber's
16 Administrative Motion to Seal be denied.  Uber's Motion for Sanctions Against Bret Stanley is
17 publicly filed and is already being circulated among Uber's nationwide counsel in various matters
18 across the country.  Uber's ability to circulate this motion publicly while concealing the
19 attorneys' fees and costs from public view is not justified, is not supported by the Local Rules of
20 the Northern District of California, and is specifically against the case law in the Northern District
21 of California. Therefore, Uber's Administrative Motion to Seal information concerning Uber's
22 Attorneys' Fees should be denied.

23 Dated: October 28, 2025                                   Respectfully submitted,

25                                                      */s/ Bret Stanley*
                                                     Bret Stanley (TX SBN 24075116)
                                                     bstanley@johnsonlawgroup.com
26                                                      **Johnson Law Group**
                                                     2925 Richmond Ave, Suite 1700
27                                                      Houston, TX 77098
28                                                      Telephone: (713) 626-9336