1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
   laura.vartain@kirkland.com
4
   Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Christopher V. Cotton (Admitted *Pro Hac Vice*)
   **SHOOK, HARDY & BACON L.L.P.**
9  2555 Grand Boulevard
   Kansas City, MO 64108
10 Telephone: (816) 474-6550
   ccotton@shb.com
11
   *Attorneys for Defendants*
12 UBER TECHNOLOGIES, INC., RASIER, LLC,
   and RASIER-CA, LLC
13
                    **UNITED STATES DISTRICT COURT**
14
                 **NORTHERN DISTRICT OF CALIFORNIA**
15
                       **SAN FRANCISCO DIVISION**
16

17 | IN RE: UBER TECHNOLOGIES, INC., | MDL No. 3084 CRB |
   | PASSENGER SEXUAL ASSAULT | |
18 | LITIGATION | **DEFENDANTS UBER TECHNOLOGIES,** |
   | | **INC., RASIER, LLC, AND RASIER-CA,** |
19 | | **LLC'S OPPOSITION TO MOTION TO** |
   | | **WITHDRAW AS COUNSEL OF RECORD** |
20 | This Document Relates to: | |
   | | Judge:      Honorable Charles R. Breyer |
21 | *A.E. v. Uber Technologies, Inc., et al.,* | |
   | No. 3:25-cv-07668 | |
22 | | |
   | *A.D. v. Uber Technologies, Inc., et al.,* | |
23 | No. 3:25-cv-07091 | |
   | | |
24 | *K.H. v. Uber Technologies, Inc., et al.,* | |
   | No. 3:25-cv-07700 | |

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD

1
2
3
4
5
6
7
8
9
10
11
12
13

The Court should deny Reich & Binstock, LLP's ("Reich's") Motion to Withdraw as Counsel of Record (ECF 4249) for Plaintiffs A.E., A.D., and K.H. (hereinafter "Motion to Withdraw"), each of whom is subject to Uber's October 13, 2025 Motion for Entry of an Order to Show Cause Why 7 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice (ECF 4137, the "Third Receipts Motion"). In an August 26, 2025 Order (ECF 3759, the "Order"), this Court denied a similar motion to withdraw by counsel for Plaintiffs subject to Uber's First Receipts Motion filed on July 30, 2025. ECF 3604. The Court stated in the Order:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

14
15
16
17

ECF 3759; *see also* ECF 3974; ECF 4167. The Court should deny Reich's Motion to Withdraw for the same reasons. Indeed, counsel's motion is more inappropriate because it was filed on the very day Plaintiffs' responses to the Third Receipts Motion were due, attempting to abandon Plaintiffs and this Court to resolve these serious fraud issues on their own.

18
19
20
21
22
23
24
25
26

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Reich's Motion to Withdraw and the supporting declaration do not identify these four factors; make only conclusory statements relating to the second, third, and fourth factors; and cite no case law. ECF 4249 & 4249-1. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

27
28

On the merits, this Court should deny Reich's Motion to Withdraw because of the prejudice it would cause Plaintiffs and Uber, the likely delay, and the potential harm to the administration of

1

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD

1    justice. As set forth above, all three Plaintiffs are subject to a pending motion for entry of an order to

2    show cause. Their responses were submitted on October 27, 2025, and none of the Plaintiffs disputed

3    any of the allegations of fraud. Instead, Reich filed a one-paragraph response that simply made the

4    conclusory statement that "[t]he Court should deny Defendants' Third Show Cause Motion" and

5    permit Reich to withdraw. ECF 4248. Plaintiffs are facing case-terminating sanctions in connection

6    with this motion, making the prejudice from Reich's abrupt last-minute withdrawal all the more acute.

7    *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18,

8    2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would

9    be severely prejudiced by Reich's withdrawal at this juncture, which would make it more difficult to

10   get answers to the serious fraud issues before this Court and would undoubtedly delay these

11   proceedings. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL

12   1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an

13   injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-

14   LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would

15   pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

16       Reich's Motion to Withdraw should be denied for the same reasons this Court denied prior,

17   similar motions. ECF 3759; ECF 3974; and ECF 4167. Reich has not set forth an adequate basis to

18   withdraw, and the firm's withdrawal on the very day it filed a conclusory response to Uber's Motion

19   to Show Cause would be unduly prejudicial to both Plaintiffs and Uber.

20

21

22

23

24

25

26

27

28

2

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD

1    Dated: October 28, 2025                    **Respectfully submitted,**

2

3                                               /s/Christopher V. Cotton

4                                               By: Christopher V. Cotton (admitted *Pro Hac Vice*)
                                                **SHOOK, HARDY & BACON L.L.P.**
5                                               2555 Grand Blvd.
                                                Kansas City, MO 64108
6                                               Telephone: (816) 474-6550
                                                ccotton@shb.com
7
                                                *Attorney for Defendants*
8                                               UBER TECHNOLOGIES, INC.;
                                                RASIER, LLC; and RASIER-CA, LLC
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                3

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD