Ben C. Martin (TBN 13052400)
Michael Kagramanian (TBN 24136938)
**Ben Martin Law Group**
3500 Maple Ave., Suite 400
Dallas, TX 75219
Email: bmartin@bencmartin.com
Email: eservice@bencmartin.com
Email: mkagramanian@bencmartin.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>Arpitkumar Patel<br>3:25-cv-05287 | MDL No. 3084 CRB<br><br>**PLAINTIFF's OPPOSITION TO DEFENDANTS' MOTION TO DISMISS DUPLICATE CASES**<br><br>**CASE NO 3:25-CV-05287** |

## I.     INTRODUCTION

1. On October 14th, 2025, Defendant's filed a Motion to Dismiss on the claims in the above-listed Plaintiffs on the grounds that Plaintiffs have two duplicative actions in this multidistrict litigation. [Document 4145]. Regarding the one case that involved Ben Martin Law Group, the dual representation has been cured and therefore Uber's Motion to Dismiss should be denied.

## II.     STATEMENT OF ACTION

2. On February 28, 2025, Peiffer Wolf Carr Kane Conway & Wise filed a complaint on behalf of Plaintiff A.P. alleging sexual assault or harassment by an Uber driver in New Jersey on June 27, 2023. *Complaint, A.P. v. Uber Technologies, Inc. et al., No. 3:25-cv-02105-CRB,*

*ECF No. 1* (N.D. Cal. Feb. 28, 2025). Plaintiff A.P. filed a second complaint relating to the same incident on June 27, 2025, through the Ben Martin Law Group and abandoning the pseudonym. *Patel v. Uber Technologies, Inc. et al.*, No. 3:25-cv-05287-CRB, ECF No. 1 (N.D. Cal. June 27, 2025). Peiffer Wolf and Ben Martin Law Group have resolved this dual representation issue. Peiffer Wolf will continue their case filed on behalf of Plaintiff A.P., and Ben Martin Law Group has agreed to dismiss their case.

### III. ARGUMENT

3.  Plaintiffs in mass tort litigations unfortunately may get confused and hire a different law firm than the one that they originally contacted for representation. An individual might sign with one firm and then sign with a second firm, mistakenly believing it is the same law firm. This is not uncommon in large mass tort litigations. Plaintiffs A.P. and K.L. mistakenly signed contracts for representation with two different law firms, resulting in duplicative complaints being filed. However, this was not intentional and there was no bad faith. Plaintiffs have rectified the dual filing issues, and Uber's motion for dismissal is moot.

Further, Uber's request for sanctions is procedurally improper. A motion for sanctions must be brought on motion after notice to the opposing party. Fed. R. Civ. P. 37; N.D. Cal. Civ. L.R. 7-2, 7-8. Because Uber fails to satisfy this threshold procedural requirement its request should be denied. Additionally, Uber's request for sanctions is meritless. Uber cites to cases where sanctions were awarded for clear litigation abuses or bad faith conduct. *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.*, No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024). Here, there was no litigation abuse or bad faith conduct. Plaintiffs mistakenly contracted with two different law firms and promptly cured the dual case filings.

### III.    CONCLUSION

4.  For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Respectfully Submitted,

                                                                                           /s/ Michael Kagramanian

Michael Kagramanian (TBN 24136938)
Ben C. Martin (TBN 13052400)
**Ben Martin Law Group**
3500 Maple Ave, Suite 400
Dallas, TX 75219
Telephone: (214) 761-6614
Facsimile: (214) 744-7590
Email: bmartin@bencmartin.com
Email: eservice@bencmartin.com
Email: mkagramanian@bencmartin.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 29, 2025, a true and correct copy of the foregoing Motion for Plaintiffs Opposition to Defendants' Motion to Dismiss was filed electronically via the Court's CM/ECF system, which will send notification to all counsel of record.

_____
Michael Kagramanian (TBN 24136938)