Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*M.J. v. Uber Technologies, Inc., et al.,*<br>No. 3:25-cv-08088-CRB | MDL No. 3084 CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Judge:   Honorable Charles R. Breyer |

The Court should deny the Wagstaff Law Firm's ("Wagstaff's") Motion to Withdraw as Counsel of Record (ECF 4258) for Plaintiff M.J. (hereinafter "Motion to Withdraw"). This Plaintiff submitted an alleged ride receipt in this litigation that bears indicia of fraud and will be a subject of Uber's upcoming fourth Motion for Entry of an Order to Show Cause Why Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice. Indeed, in a sworn statement accompanying the Motion to Withdraw, a Wagstaff attorney admits that "[m]y staff and I have also recently became further concerned that some of the information initially provided to us by Plaintiff M.J., may not have been accurate." ECF 4258-1. Uber was unable to substantiate M.J.'s alleged ride and communicated that to Wagstaff via a Defendant's Fact Sheet on October 24, 2025. Declaration of Christopher V. Cotton ¶ 3. Uber's counsel also separately informed Plaintiff's counsel that Plaintiff M.J. submitted a non-bona-fide receipt and that Uber will be seeking dismissal of this case with prejudice. *Id.* ¶ 4.

Moreover, Wagstaff admits that it had no contact with Plaintiff M.J. when it filed her complaint in September 2025. It states it has been trying and failing to contact the plaintiff for five months. ECF 4258 at 3 (citing ECF 4258-1 ¶¶ 2-8). But Wagstaff counsel still filed a complaint against Uber on this plaintiff's behalf just over one month ago. ECF 4258 at 2. Indeed, Wagstaff filed Plaintiff M.J.'s case on September 23 but was so concerned about her lack of responsiveness by September 29—less than one week later—that counsel told the plaintiff it would move to withdraw if she didn't contact them "immediately." ECF 4258 at 2. This lack of contact, coupled with counsel's submission of a non-bona-fide receipt on Plaintiff M.J.'s behalf, make it clear that counsel as well as Plaintiff M.J. did not comply with their obligations in this case.

Counsel has a "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). It is unclear why the Wagstaff firm did not assess the authenticity of the alleged "receipt" at issue before it filed a complaint asserting serious sexual assault claims against Uber. Attorneys are prohibited from "falsify[ing] evidence" and/or "knowingly disobey[ing] an obligation under the rules of a tribunal." Cal. R. Prof'l Conduct 3.4. If, as Uber will present to this Court (and the Wagstaff firm may now suspect as well), the receipt M.J. provided in support of her claims was fraudulent, the Wagstaff firm

1

should explain what it did to investigate the receipt's alleged authenticity. It should not be permitted to withdraw as though Plaintiff's potential fraud has nothing to do with it; courts can impose discovery sanctions under Federal Rule of Civil Procedure 37 on both clients and their attorneys depending on their culpability. *See Apple, Inc. v. Samsung Electronics Co., Ltd.,* No. 5:11-cv-01846, 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759; *see also* ECF 3974; ECF 4167. The Court should deny Wagstaff's Motion to Withdraw for the same reasons.

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Wagstaff's Motion to Withdraw and the supporting declaration do not identify these four factors; do not discuss the second, third, or fourth factors; and cite no case law. ECF 4258; ECF 4258-1. Failing to timely raise these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Wagstaff's Motion to Withdraw because of the prejudice it would cause Plaintiff M.J. and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, Plaintiff M.J. has produced a receipt in support of her claims that bears indicia of fraud and will soon be subject to a motion seeking case-terminating sanctions (Uber's fourth motion addressing the growing list of fraudulent receipts in this litigation). The critical juncture at which Wagstaff's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff all the

2

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD

more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Wagstaff's withdrawal at this juncture, which would make it more difficult to get answers to the serious fraud issues before this Court and would undoubtedly delay these proceedings. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Additionally, Wagstaff's Motion to Withdraw should be denied because it violates Local Rule 11-5, which requires that "[c]ounsel may not withdraw from an action until . . . written notice has been provided, reasonably in advance, to the client and to all other parties who have appeared in the case." Here, the Wagstaff firm informed Uber of intent to withdraw in this matter via an email sent on October 29, 2025, at 1:04 PM Pacific time. Cotton Decl. ¶ 3. It then filed its Motion to Withdraw approximately one hour later, at 2:05 PM Pacific time. *Id.* Such short notice is not "reasonably in advance" of the filing. *See TBS Business Sols. USA v. Studebaker Defense Grp., LLC,* No. 22-cv-0758, 2024 WL 2429186, at *2 (C.D. Cal. April 25, 2024) (same day notice to opposing counsel of intended withdrawal not reasonable). Nevertheless, Uber informed the firm just a few hours later of the non bona-fide nature of the receipt and its intent to oppose the Motion to Withdraw. Cotton Decl. ¶ 4.

Wagstaff's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Wagstaff has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute, improperly noticed withdrawal would be unduly prejudicial to both Plaintiffs and Uber.

1  Dated: October 30, 2025                    **Respectfully submitted,**

3                                              /s/Christopher V. Cotton

4                                              By: Christopher V. Cotton (admitted *Pro Hac Vice*)
                                               **SHOOK, HARDY & BACON L.L.P.**
5                                              2555 Grand Blvd.
                                               Kansas City, MO 64108
6                                              Telephone: (816) 474-6550
                                               ccotton@shb.com

8                                              *Attorney for Defendants*
                                               UBER TECHNOLOGIES, INC.;
9                                              RASIER, LLC; and RASIER-CA, LLC

4

DEFENDANTS' OPPOSITION TO MOTION TO
WITHDRAW AS COUNSEL OF RECORD