Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO STRIKE SUPPLEMENTAL REPORT OF MINETTE E. DRUMWRIGHT, PH.D.**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

1

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move to strike from evidence the October 22, 2025 supplemental report of Plaintiffs' expert, Dr. Minette E. Drumwright ("Drumwright Supplemental Report").[1]

Plaintiffs attempted to improperly supplement Dr. Drumwright's opening report nearly a ***month*** after the deadline for opening expert reports (September 26, 2025) and ***four days*** prior to her scheduled deposition (October 26, 2025). This was a clear violation of the Federal Rules and the Court's scheduling order. The Drumwright Supplemental Report is based on information that was available to Dr. Drumwright before she served her opening expert report. Because Plaintiffs cannot show that the belated supplementation was substantially justified or harmless, the Drumwright Supplemental Report should be excluded in accordance with Rule 37(c)(1). This is especially so because Plaintiffs refused a modest extension of the deadline for expert discovery, which would have enabled Uber to postpone the Drumwright deposition and be prepared to question her on her new opinions and reliance materials.

## BACKGROUND

Under the governing deadlines in this proceeding, the parties' opening expert reports were due on September 26, 2025. *See* ECF 3997. In opposing Uber's request for a modest extension of expert deadlines, Plaintiffs were adamant that "***[t]hese deadlines must stick***—there is no time before the January trial for further extensions." ECF 4199 at 3 (emphasis added). Nonetheless, Plaintiffs have not stuck to the deadlines they seek to enforce.

Plaintiffs served Dr. Drumwright's 194-page, 511-paragraph opening expert report on September 26, 2025. Uber reasonably understood the report to contain the entirety of Dr. Drumwright's opinions. After some back-and-forth between the parties, Dr. Drumwright's deposition was set for October 26, 2025. Four days prior to Dr. Drumwright's scheduled deposition, Plaintiffs—with ***no*** advance notice—served the Drumwright Supplemental Report. According to Dr. Drumwright, her 38-page, 71-paragraph untimely "supplemental" expert report "provides new evidence and additional bases for [her initial] opinions,"

---

[1] Due to the length of the improper supplemental report, Uber has not lodged a copy of it under seal. Should the Court wish to review the report, Uber will file it under seal.

Drumwright Supplemental Report ¶ 1, but *most* of the report's 129 footnote citations are from sources available prior to September 26, 2025—i.e., the original expert report deadline.

At Dr. Drumwright's deposition on October 26, 2025, Uber's counsel left the deposition open in the event this motion is denied. If the Drumwright Supplemental Report is not stricken, Uber requests 1.5 hours of additional deposition time to question Dr. Drumwright about the report prior to the deadline for Rule 702 motions.

## ARGUMENT

"Federal Rule of Civil Procedure 26(a)(2) requires parties to disclose the identity of a witness they may call at trial to present evidence. Parties that retain or hire an expert witness must disclose that expert's written report, which must contain, among other things, a complete statement of h[er] opinions and their basis." *Key v. Qualcomm Inc.*, 129 F.4th 1129, 1143 (9th Cir. 2025) (citing Fed. R. Civ. P. 26(a)(2)(B)). The Federal Rules are clear that "[e]xpert reports must be disclosed 'at the times and in the sequence that the court orders.'" *Id*. (quoting Fed. R. Civ. P. 26(a)(2)(D)). "Rule 37(c)(1) excludes untimely expert witness testimony, *unless* the parties' failure to disclose the required information is substantially justified or harmless." *Pensmore Reinforcement Techs., LLC v. Cornerstone Mfg. & Distribution, Inc.*, 674 F.Supp.3d 781, 790 (C.D. Cal. 2023) (citation and quotations omitted) (emphasis added). Put differently, "[e]xclusion under Rule 37(c)(1) is *automatic* unless [the supplementing party] can show that the late disclosure was substantially justified or harmless." *Id*. (emphasis added).

Federal courts have routinely held that "supplementary disclosures do not permit a party to introduce new opinions after the disclosure deadline under the guise of a 'supplement.'" *Plumley v. Mockett*, 836 F. Supp. 2d 1053, 1062 (C.D. Cal. 2010) (granting motion to exclude supplemental report); *Werdebaugh v. Blue Diamond Growers*, No. 12-CV-02724-LHK, 2014 WL 7148923, at *7 (N.D. Cal. Dec. 15, 2014) (same); *In re Deepwater Horizon Belo Cases*, No. 3:19CV963-MCR-HTC, 2022 WL 17721595, at *25 (N.D. Fla. Dec. 15, 2022), *report and recommendation adopted*, No. 3:19CV963, 2023 WL 2711573 (N.D. Fla. Mar. 30, 2023), *aff'd*, 119 F.4th 937 (11th Cir. 2024) (same); *Bailey v. Stanley Access Techs., Inc.*, No. 3:14-CV-72-SA-JMV, 2015 WL 6828921, at *3-4 (N.D. Miss. Nov. 6, 2015) (same). This is because while "Rule 26(e)(1) imposes a *duty* to supplement . . . disclosures to reveal

incomplete or incorrect information to an opposing party," that is "not a *right* to extend discovery deadlines." *Carter v. Finely Hosp.*, No. 01 C 50468, 2003 WL 22232844, at *2 (N.D. Ill. Sept. 22, 2003) (granting motion to strike supplemental expert disclosures). "To rule otherwise would create a system where preliminary reports could be followed by supplementary reports and there would be no finality to expert reports . . . This practice would surely circumvent the full disclosure requirement implicit in Rule 26 and would interfere with the Court's ability to set case management deadlines[.]" *Beller ex rel. Beller v. United States*, 221 F.R.D. 689, 695 (D.N.M. 2003) (granting motion to strike supplemental expert report).

Here, Plaintiffs served a detailed opening report from Dr. Drumwright on the original deadline of September 26, 2025. Plaintiffs then served the Drumright Supplemental Report on October 22, 2025, nearly four weeks after the deadline. Moreover, the Drumright Supplemental Report does not meet the standard for proper supplementation under the Federal Rules. Dr. Drumwright attempts to shoehorn her report into the standard by noting that "[t]he additional material does not change my initial opinions, but it provides new evidence and additional bases for my opinions[.]" Drumwright Supplemental Report ¶ 1. Merely saying that, however, does not make it true. As explained above, **most** of the report's 129 footnote citations are from sources available prior to the original expert report deadline of September 26, 2025.[2] It would be "disingenuous to argue that the duty to supplement under Rule 26(e)(1) can be used as a vehicle to disclose entirely new expert opinions after the deadline established by the court under Rule 26(a)(2)(C). This is particularly true where, as here, the materials on which the new expert opinions are based were available" to Dr. Drumwright prior to her opening report. *Carter*, 2003 WL 22232844, at *2.

---

[2]  The only document cited in the Supplemental Report that was produced after Dr. Drumwright served her opening report was a Deposition Aid produced by Uber on October 1, 2025, prior to Ms. Boman's deposition. But even the Deposition Aid is, for the most part, based on information already produced by Uber in discovery. The only arguably "new" information contained within the Deposition Aid details certain payments made by Uber to various nonprofit organizations, which are peripheral to Dr. Drumwright's opinions. Regardless, Dr. Drumwright could have included similar payment information in her opening report because it is well-known, as noted on Uber's website, that Uber has committed millions of dollars to working with non-profit organizations to combat sexual violence. *See, e.g.*, *Driving Change: Uber Commits $10 Million for Community Partnerships Working to End Gender-Based Violence* (Dec. 5, 2023), https://www.uber.com/newsroom/driving-change-2023."

1  Plaintiffs will likely argue that the late disclosure was justified because the 30(b)(6) depositions of Uber employees Emilie Boman and Sunny Wong took place after Dr. Drumwright submitted her opening report. *See* Drumwright Supplemental Report Appx. A. But Dr. Drumwright does not actually cite any substantive deposition testimony from Ms. Boman or Mr. Wong in the Drumwright Supplemental Report. Rather, she cites to certain exhibits used during their depositions, ***all but one*** of which was available to her months before the opening expert report deadline. As such, the Drumwright Supplemental Report is merely Dr. Drumwright's effort to belatedly "strengthen or deepen opinions expressed in the original expert report" without relying on any "new" information, and is thus "beyond the scope of proper supplementation and subject to exclusion under Rule 37(c)." *Plumley*, 836 F. Supp. 2d at 1062 (citation and quotations omitted). This is particularly prejudicial given Plaintiffs' refusal to accommodate Uber's request for relief on certain expert deadlines.

## CONCLUSION

For the foregoing reasons, the Court should strike from evidence the October 22, 2025 supplemental expert report of Dr. Minette E. Drumwright.

DATED: October 30, 2025                    Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue

|   |   |
|---|---|
| 1 |  |
| 2 | New York, NY 10022<br>Telephone: (212) 446-4800<br>jessica.davidson@kirkland.com |
| 3 |  |
| 4 | *Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC., |
| 5 | RASIER, LLC, And RASIER-CA, LLC |