RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: (415) 766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANSISCO

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Grier v. Uber Technologies, Inc., et al; 3:23-cv-05960-CRB*<br><br>*Rivera v. Uber Technologies, Inc., et al; 3:25-cv-03285-CRB* | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Date: December 12, 2025<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

### 1. INTRODUCTION

On October 20, 2025, Defendants filed a Motion to Dismiss the claims of the above-captioned Plaintiffs on the grounds that Plaintiffs have failed to comply with Pretrial Order ("PTO") No. 10. See *Docket No. 3731*. PTO 10 establishes procedures and deadlines related

to the production of Plaintiff Fact Sheets. *See Docket No. 348*.

## II. ARGUMENT

**A. Plaintiffs notified Uber of its plan to withdraw from Grier prior to Defendants' motion to dismiss filing**.

On October 17, 2025, Plaintiffs sent Uber notice of its intent to withdraw from Grier's representation for her case. It was not until October 20, 2025 that Uber filed their motion to dismiss Plaintiff's case. *See Docket No. 4181*. Plaintiff's motion to withdraw should be granted as outlined below and in the accompanying Declaration of Rachel B. Abrams ("Decl."), attached hereto as Exhibit A.

1. Plaintiff Keisha Grier has not responded to any efforts to reach her made by myself or my staff since January 2, 2025. Additionally, Plaintiff Keisha Grier has been unable to provide Peiffer Wolf with adequate information to fulfill her discovery obligations.
2. Plaintiff Keisha Grier's failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. Withdrawal from the case has become necessary.
3. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff Keisha Grier ("Plaintiff").
4. Plaintiff has failed to properly communicate with our office.
    a. On September 16, 2023, Plaintiff retained Peiffer Wolf as legal counsel.
    b. Between September 16, 2023 and September 16, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included seven (7) unsuccessful phone calls with voice messages, eight (8) unsuccessful phone calls with no ability to leave voice messages, eleven (11) unanswered text

        messages, and seven (7) unanswered e-mails.

   c. Plaintiff contacted or responded to contact attempts by our office three (3) times during that time period.

   d. After communicating with Plaintiff, her case was filed in the MDL on November 17, 2023, and our office informed her of her discovery obligations and the Plaintiff Fact Sheet requirements.

   e. Peiffer Wolf submitted Plaintiff Fact Sheet with the information provided by Plaintiff.

   f. On July 3, 2025, Uber's counsel informed our firm of an inconsistency between Uber's records and Plaintiff's discovery submissions.

   g. Between July 3, 2025 and to this day, Plaintiff received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact our office or provide requested information. These communications included five (5) unsuccessful phone calls with no ability to leave voice messages, four (4) phone calls with ability to leave voice messages, five (5) text messages, five (5) e-mails, and one (1) letter. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   h. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff.

   i. Between July 3, 2025 and to this day, Plaintiff never responded to any contact attempts.

   j. On September 16, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by September 25, 2025, we would move to withdraw as counsel.

5. Plaintiff has failed to provide our firm with appropriate information to fulfill her

discovery obligations.

6. On October 17, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation. Notice was issued prior to Uber filing a motion to dismiss.

7. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. We understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

10. Peiffer Wolf should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1).

In summary, Peiffer Wolf has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on September 16, 2025 and culminating with final notice on September 25, 2025. Decl. ¶¶ 5(k). Peiffer Wolf has also given Uber advance notice of withdrawal. Notice was given prior to Uber's motion to dismiss. Decl. ¶ 7. Peiffer Wolf has taken all possible steps to avoid prejudice to Plaintiff by explaining to her the possible consequences of failing to contact Peiffer Wolf or meet discovery deadlines. Decl. ¶¶ 5-6. Peiffer Wolf submitted the information Peiffer Wolf had for Plaintiff. Decl. ¶ 5. Despite those efforts, Plaintiff failed to meaningfully communicate with Peiffer Wolf ¶ 5. Peiffer Wolf has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff. Decl. ¶ 9.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the

representation effectively." Here, Plaintiff rendered it unreasonably difficult for Peiffer Wolf to continue effective representation of Plaintiff by failing to communicate with Peiffer Wolf and failing to provide necessary information to continue with her case, despite requests from Peiffer Wolf. Decl. ¶ 5. Therefore, Plaintiff and Peiffer Wolf has been unable to meet discovery deadlines in this case.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed *pro se*, Peiffer Wolf agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiff with all papers in this matter, unless or until Plaintiff appears *pro se*, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 10. Therefore, this case should never have been included in Defendants' Motion and should not be dismissed.

### B. Counsel is undertaking extensive efforts to bring Plaintiff Rivera into full compliance with PTO 10.

Counsel has diligently attempted to produce all of the required discovery documents for Plaintiff Rivera. Unfortunately, as the Court is aware, a Plaintiff may become unavailable for various reasons as litigation progresses. Specifically, Rivera is imprisoned and communication with Plaintiff has been incredibly difficult. Counsel has utilized extensive efforts to reach Rivera, predating the filing of Defendant's motion to dismiss. Counsel will continue these efforts and will provide the missing documents for Rivera immediately upon receipt. Decl. ¶ 11. Plaintiffs' Counsel respectfully request that this Court deny Defendants' Motion and allow additional time for Rivera to mail the requested documents to Counsel. This relief is particularly warranted in light of Rivera's incarceration.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss.

Dated: November 3, 2025        Respectfully Submitted by:

*/s/ Rachel Abrams*
Rachel B. Abrams (Bar #209316)
Adam B. Wolf (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: 415-766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
      awolf@peifferwolf.com

Tiffany R. Ellis (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on, November 3, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF System, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: November 3, 2025

Respectfully Submitted by:

*/s/ Rachel Abrams*
Rachel B. Abrams (Bar #209316)
Adam B. Wolf (Cal Bar No. 215914)
**Peiffer Wolf Carr**
**Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: 415-766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
          awolf@peifferwolf.com

Tiffany R. Ellis (*Admitted PHV*)
**Peiffer Wolf Carr**
**Kane Conway & Wise, LLP**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com