RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to:<br><br>*Keisha Grier v. Uber Technologies, Inc., et al;* 3:23-cv-05960-CRB<br><br>*Rivera v. Uber Technologies, Inc., et al;* 3:25-cv-03285-CRB | |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff Keisha Grier has not responded to numerous efforts to reach her made by myself or my staff since January 2, 2025. Additionally, Plaintiff Keisha Grier has been

unable to provide Peiffer Wolf with adequate information to fulfill her discovery obligations.

3. Plaintiff Keisha Grier's failure to communicate with and provide sufficient information to our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise continue with her case. Withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff Keisha Grier ("Plaintiff").

5. Plaintiff has failed to properly and consistently communicate with our office.

   a. On September 16, 2023, Plaintiff retained Peiffer Wolf as legal counsel.
   b. Between September 16, 2023 and September 16, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included seven (7) unsuccessful phone calls with voice messages, eight (8) unsuccessful phone calls with no ability to leave voice messages, eleven (11) unanswered text messages, and seven (7) unanswered e-mails.
   c. Plaintiff contacted or responded to contact attempts by our office three (3) times during that time period.
   d. After communicating with Plaintiff before filing, her case was filed in the MDL on November 17, 2023. Our office informed Plaintiff of her discovery obligations, including the Plaintiff Fact Sheet obligations.
   e. Peiffer Wolf submitted Plaintiff Fact Sheet with the information provided by Plaintiff.
   f. On July 3, 2025, Uber's counsel informed our firm of an inconsistency with Plaintiff's discovery submissions.
   g. Between July 3, 2025 and to this day, Plaintiff received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact

our office or provide requested information. These communications included five (5) unsuccessful phone calls with no ability to leave voice messages, four (4) phone calls with ability to leave voice messages, five (5) text messages, five (5) e-mails, and one (1) letter. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

h. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff.

i. Between July 3, 2025 and to this day, Plaintiff never responded to any contact attempts.

j. On September 16, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by September 25, 2025, we would choose to withdraw as counsel.

6. Plaintiff has failed to provide our firm with appropriate information to fulfill her discovery obligations.

7. On October 17, 2025, our office sent Uber notice of our intent to withdraw from Plaintiff's representation. Notice was issued prior to Uber's motion to dismiss.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

**Rivera:**

11. Plaintiff Rivera is imprisoned and communication with Plaintiff has been incredibly difficult. Counsel has utilized extensive efforts to reach Rivera, predating the filing of Uber's motion. Counsel will continue these efforts and will provide the missing documents for Rivera immediately upon receipt.

Executed this 3rd day of November, 2025 in San Francisco, California.

<u>/s/ Rachel B. Abrams</u>
Rachel B. Abrams

*Counsel for Plaintiff*
