**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>T.L. v. Uber Technologies, Inc., et al., No. 3:24-cv-09217-CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFF T.L.'S NOTICE OF MOTION AND MOTION TO COMPEL THIRD-PARTY, THE COMFY PLACE, TO COMPLY WITH SUBPOENA AND PRODUCE DOCUMENTS; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Judge:  Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**NOTICE OF MOTION AND MOTION TO COMPEL**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that Plaintiff T.L. will and hereby does move for an order compelling third-party, The Comfy Place, to comply with a valid subpoena issued pursuant to Federal Rule of Civil Procedure 45 and to produce responsive documents.

The subpoena seeks mental health treatment records relevant to Plaintiff's claims of emotional distress and related damages. Production will be made subject to the MDL Protective Order to preserve confidentiality of sensitive health information, consistent with PTO No. 10. This Motion is based on this Notice, the accompanying Memorandum of Points and Authorities, the Declaration of Sommer Luther, attached exhibits, and such other evidence or argument as may be presented at the hearing.

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This motion arises from third-party, The Comfy Place's, failure to comply with a properly issued subpoena for limited mental health treatment records relevant to Plaintiff's alleged emotional and psychological injuries arising from the incident at issue in this MDL. The records are discoverable under the Federal Rules and within the scope of PTO 10, which expressly contemplates the production of medical and mental health records. Recognizing the sensitivity of the information, Plaintiff seeks production pursuant to the MDL Protective Order to ensure robust privacy protections. Despite proper service and repeated efforts to resolve this informally, The Comfy Place has failed to produce the requested records or assert valid objections.

## II. FACTUAL BACKGROUND

- Since December 2024, our firm and a third-party record retrieval service have made over thirty-five (35) requests to obtain records from The Comfy Place, including numerous emails, letters, faxes, and more than forty (40) phone calls. Despite engaging in repeated good-faith efforts, we have not received the records or a valid explanation for the delay, and the issue remains unresolved.

- On July 8, 2025, Plaintiff sent a demand letter to The Comfy Place, as a final attempt to obtain the records without requiring involvement of the Court. No response from the provider's office was received.

- On September 25, 2025, Plaintiff served a subpoena on The Comfy Place, requesting records limited to the relevant period of treatment. (Ex. A.)

- The subpoena was properly served on October 6, 2025. (Ex. B.)

- The Comfy Place failed to produce records or provide adequate objection.

- Plaintiff executed a valid HIPAA authorization, consistent with PTO 10, to facilitate production.

- The subpoena expressly provides that records may be produced under the MDL Protective Order.

## III.  LEGAL STANDARD

Under Federal Rule of Civil Procedure 45, a court may compel compliance with a subpoena properly issued and served. Federal Rule of Civil Procedure 26(b)(1) allows discovery of any nonprivileged matter relevant to a claim or defense and proportional to the needs of the case. Rule 45(g) provides the Court authority to enforce compliance and issue appropriate relief where a third party fails to obey a subpoena without adequate excuse. Where a plaintiff has placed their mental and emotional condition at issue, courts routinely permit discovery of mental health records subject to protective orders to safeguard privacy interests.

## IV.  ARGUMENT

**a. The Subpoena Was Properly Issued and Served**

The subpoena complies with Rule 45 and PTO 10. Proof of service is attached as Exhibit B.

**b. The Requested Records Are Relevant and Proportional**

Plaintiff alleges emotional distress damages as a direct result of the assault. The Comfy Place is where Plaintiff went to seek treatment after the sexual assault at issue in this litigation. Therefore, records from The Comfy Place are probative of the existence, nature, and extent of these injuries and any related damages.

**c. Production Will Be Subject to the MDL Protective Order**

Given the sensitive nature of mental health records, production will occur under the MDL Protective Order. The provider may designate records as "Confidential" or "Highly Confidential," ensuring disclosure is strictly limited to counsel, experts, and authorized personnel in accordance with the Court's orders.

**d. Court Intervention Is Necessary**

Plaintiff has made multiple good-faith efforts to obtain compliance without burdening the Court.

The Comfy Place's continued noncompliance necessitates enforcement.

## V.     REQUESTED RELIEF

Plaintiff respectfully requests that the Court:

1. Compel third-party, The Comfy Place, to produce the requested mental health treatment records within 14 days of the Court's order;

2. Permit production under the MDL Protective Order;

3. Overrule any untimely or unsupported objections; and

4. Award such further relief as the Court deems just and proper pursuant to Federal Rule of Civil Procedure 37(a)(5).

Dated:  November 3, 2025                    Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 3, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  November 3, 2025

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plainti*
