Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (*Admitted Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE AND LIMITED DEPOSITIONS**<br><br>Judge:    Honorable Charles R. Breyer<br>Date:     December 12, 2025<br>Time:    10:00 a.m.<br>Courtroom:  6 – 17th Floor |

**TABLE OF CONTENTS**

**Page**

INTRODUCTION ..................................................................................................................1

ARGUMENT ........................................................................................................................2

I. Plaintiff A.G. has not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought. ............................................................2

II. Five other Plaintiffs have failed to make substantive arguments or cite legal authority in opposition to Uber's Motion and should therefore be deemed to have waived any challenge to the relief sought. ......................................................3

III. The only Plaintiff that substantively responded to Uber's Motion, R.L., did not argue that the first receipt was bona fide but instead submitted a second fraudulent receipt. ..........................3

IV. Depositions of Plaintiffs A.E. and J.H. related to the potential submission of fraudulent receipts are highly relevant and not unduly burdensome. And given their new fraudulent receipt submitted in this litigation, a deposition of Plaintiff R.L. is warranted. .........................6

V. Conclusion .........................................................................................................7

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. Sotelo*,
  No. 3:16-cv-02161, 2018 WL 3019928 (S.D. Cal. June 18, 2018) .........................................6

*Adriana Int'l Corp. v. Thoeren*,
  913 F.2d 1406 (9th Cir. 1990) ..................................................................................................1

*Al Otro Lado, Inc. v. Wolf*,
  No. 3:17-cv-02366, 2020 WL 4336064 (S.D. Cal. July 27, 2020) ..........................................7

*Allen v. Lizarraga*,
  No. 5:15-cv-04387, 2018 WL 3956207 (N.D. Cal. Aug. 17, 2018) .........................................3

*Estate of Arroyo v. Cnty. of San Diego*,
  No. 21-cv-1956, 2025 WL 1914399 (S.D. Cal. Apr. 14, 2025) ...........................................2, 6

*Barton v. Delfgauw*,
  No. 3:21-cv-05610, 2025 WL 814484 (W.D. Wash. Mar. 13, 2025).......................................6

*Blumenkron v. Multnomah Cnty.*,
  91 F.4th 1303 (9th Cir. 2024) ...................................................................................................3

*In re Cathode Ray Tube (CRT) Antitrust Litig.*,
  No. 07-cv-5944, 2016 WL 11505721 (N.D. Cal. March 9, 2016)............................................7

*DeCastro v. McKnight*,
  No. 2:24-cv-435, 2025 WL 2431688 (D. Nev. Aug. 21, 2025).................................................7

*Garcia v. Berkshire Life Ins. Co. of Am.*,
  569 F.3d 1174 (10th Cir. 2009) ................................................................................................1

*George v. United States*,
  901 F. Supp. 2d 1179 (N.D. Cal. 2012) ....................................................................................2

*Hager v. Arioso Diagnostics, Inc.*,
  No. 23-mc-80261, 2023 WL 8654388 (N.D. Cal. Dec. 14, 2023) ...........................................7

*Hughes v. Rodriguez*,
  31 F.4th 1211 (9th Cir. 2022) ...................................................................................................3

*IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan*,
  No. EDCV 07-1603-VAP, 2009 U.S. Dist. LEXIS 133650 (C.D. Cal. May 13,
  2009) .........................................................................................................................................1

*M&F Fishing, Inc. v. Certain Underwriters at Lloyds*,
    No. 06-cv-0934, 2007 WL 9706491 (S.D. Cal. April 13, 2007) ............................................. 7

*McKinney v. Corsair Gaming, Inc.*,
    646 F. Supp. 3d 1133 (N.D. Cal. 2022) ................................................................................... 3

*Pro Seminar Consultants, Inc. v. Sina Am. Tech. Exch. Council, Inc.*,
    727 F.2d 1470 (9th Cir. 1984) ................................................................................................. 1

*Shammam v. Am. Honda Fin. Corp.*,
    No. 3:24-cv-00648, 2025 WL 2816791 (S.D. Cal. Sep. 25, 2025) .......................................... 7

*Singh v. Hancock Nat. Res. Grp., Inc.*,
    No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893 (E.D. Cal. Feb. 21,
    2017) ........................................................................................................................................ 1

*Soto v. United Airlines Inc.*,
    No. 24-cv-03045, 2024 WL 3996068 (N.D. Cal. Aug. 28, 2024) ........................................... 4

*Sotoodeh v. City of S. El-Monte*,
    No. 24-3848, 2025 WL 1409493 (9th Cir. May 15, 2025) ...................................................... 2

*Spears v. Baldwin Park Unified Sch. Dist.*,
    No. 24-1428, 2025 WL 2028305 (9th Cir. July 21, 2025) .................................................. 1, 2

*Thompson v. Hous. Auth. of City of Los Angeles*,
    782 F.2d 829 (9th Cir. 1986) (per curiam) .............................................................................. 1

*Twins Special Co., Ltd. v. Twins Special, LLC*,
    No. 23-cv-223, 2025 WL 1292528 (S.D. Cal. May 5, 2025) .................................................. 6

*United States v. Graf*,
    610 F.3d 1148 (9th Cir. 2010) ................................................................................................. 3

*United States v. Holmes*,
    129 F.4th 636 (9th Cir. 2025) .................................................................................................. 4

*United States v. Wenger*,
    No. 23-cr-00268, 2025 WL 256988 (N.D. Cal. Jan. 17, 2025) ............................................... 3

*Universal Dyeing & Printing, Inc. v. Zoetop Business Co., Ltd.*,
    No. 22-cv-3741, 2023 WL 9004983 (C.D. Cal. June 23, 2024) ............................................. 7

*Waterkeeper All. v. U.S. EPA*,
    140 F.4th 1193 (9th Cir. 2025) ............................................................................................ 2, 3

**Rules**

Fed. R. Civ. P. 37 .............................................................................................................................. 1

Fed. R. Civ. P. 41 ................................................................................................................2

# INTRODUCTION

In their Motion, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber" or "Defendants") provided evidence, including forensic analysis, that the Plaintiffs at issue had submitted non-bona fide receipts. ECF 4137. Specifically, Uber demonstrated that several of these Plaintiffs submitted ride receipts that showed signs of having been altered from bona fide receipts in Uber's system from other rides and riders. *Id.* at 3–13. Another produced a ride receipt that was formatted in a way that was inconsistent with the standard formatting used in Uber's system. *Id.* at 13–14. None of Plaintiffs' responses deny the alleged fraud. The submission of falsified discovery is grounds for an order to show cause why plaintiffs should not be dismissed *with* prejudice under Federal Rule of Civil Procedure 37. *Pro Seminar Consultants, Inc. v. Sina Am. Tech. Exch. Council, Inc.,* 727 F.2d 1470, 1474 (9th Cir. 1984).

The nature of Plaintiffs' fraud, the prejudice to Uber, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).[1] Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."); *IV Solutions, Inc. v. Office Depot Emple. Welfare Benefit Plan*, No. EDCV 07-1603-VAP (JWJx), 2009 U.S. Dist. LEXIS 133650, at *14 & *26 (C.D. Cal. May 13, 2009); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 1:15-cv-01435-LJO-JLT, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017); *Garcia v. Berkshire Life Ins. Co. of Am.*, 569 F.3d 1174, 1176 (10th Cir. 2009).

One of the seven Plaintiffs who was identified in Uber's Motion (Plaintiff A.G.) failed to file a response to that motion and therefore should be deemed to have consented to the relief Uber sought. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Five other Plaintiffs filed responses but made only the conclusory assertion that Uber's Motion

---

[1] In their responses, none of the Plaintiffs subject to Uber's Motion addressed any of the five factors identified in cases like *Adriana* as bearing on whether a court should dismiss with prejudice under Federal Rule of Civil Procedure 37. ECF 4244; ECF 4248. In light of that, Uber does not repeat its analysis of those factors here, but rests on its earlier briefing. ECF 4137 at 14–17.

should be denied. ECF 4244; ECF 4248. They did not raise any arguments that their receipts were not fraudulent or otherwise make a case for why they should not be ordered to show cause; nor did they cite any legal authority. These five Plaintiffs, too, have waived any substantive arguments against the relief Uber seeks. Accordingly, Uber's motion should be granted. *See Waterkeeper All. v. U.S. EPA,* 140 F.4th 1193, 1213 (9th Cir. 2025). As discussed in Section III, the remaining Plaintiff subject to Uber's motion responded by submitting another fraudulent receipt via MDL Centrality. The Court should grant Uber's request to depose this Plaintiff.

Finally, two Plaintiffs whose limited depositions Uber has requested to explore fraud issues argue, without any details or supporting arguments, that the depositions would be "fishing expedition[s] lacking any relevance" to their claims and "unduly burdensome." ECF 4244; ECF 4248. The requested depositions of Plaintiffs with MDL IDs 3962 and 3621 are wholly relevant to Plaintiffs' claims and the evidence of fraud therein as well as to the issue of whether others are assisting them (and/or other plaintiffs like them) in committing fraud. Uber's requested relief imposes no burden that these Plaintiffs have not agreed to undertake by choosing to file their complaints. *See Estate of Arroyo v. Cnty. of San Diego,* No. 21-cv-1956, 2025 WL 1914399, at *12 (S.D. Cal. Apr. 14, 2025).

Like Uber's prior motions for orders to show cause why plaintiffs should not be dismissed for submitting fraudulent receipts, ECF 3876; ECF 3972, Uber's current motion should be granted.

## ARGUMENT

### I. Plaintiff A.G. has not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.

Peiffer Wolf Carr Kane Conway & Wise (Peiffer"), representing the Plaintiff in *A.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07373-CRB, did not file a response in opposition to Uber's Motion. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp. 2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted under Rule 41. *Sotoodeh v. City of S. El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because A.G. failed to timely oppose Uber's Motion, the motion should be granted as to A.G.

**II.     Five other Plaintiffs have failed to make substantive arguments or cite legal authority in opposition to Uber's Motion and should therefore be deemed to have waived any challenge to the relief sought.**

Pulaski Kherkher, PLLC and Reich and Binstock, LLP filed "responses" on behalf of their clients, but did not include any supporting arguments or citations as to five of those clients: P.T., S.W., A.E., A.D., and K.H. ECF 4244; ECF 4248. Both briefs are only one paragraph long and state the conclusion that this Court should deny Uber's motion without any explanation as to why. ECF 4244; ECF 4248. These purported oppositions do not argue that Plaintiffs did not commit fraud or cite authority suggesting that potential discovery fraud is not serious or should not result in a show-cause order. ECF 4244; ECF 4248. It is well established that courts "will generally not consider . . . arguments that are not meaningfully developed." *Waterkeeper All.,* 140 F.4th at 1213; *see also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); *United States v. Wenger,* No. 23-cr-00268, 2025 WL 256988, at *11 (N.D. Cal. Jan. 17, 2025) (argument waived through failure to point to evidence or provide citations to the record). Indeed, parties can be deemed to have "abandoned" claims or arguments that they fail to sufficiently develop. *Blumenkron v. Multnomah Cnty.,* 91 F.4th 1303, 1318 (9th Cir. 2024); *see also Hughes v. Rodriguez,* 31 F.4th 1211, 1224 (9th Cir. 2022) (claims waived where party failed to "include his 'contentions and the reasons for them, with citations to the authorities and parts of the record on which [he] relie[d]'"); *Allen v. Lizarraga,* No. 5:15-cv-04387, 2018 WL 3956207, at *18 (N.D. Cal. Aug. 17, 2018) (claim "effectively waived" where party "provide[d] no arguments to support" it). Because Plaintiffs P.T., S.W., A.E., A.D., and K.H. have waived any opposition to Uber's arguments in the Motion by failing to specifically respond to them, Uber's Motion should be granted as to these five Plaintiffs. *See McKinney v. Corsair Gaming, Inc.,* 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) (granting motion to dismiss where Plaintiffs waived their opposition by failing to address argument).

**III.    The only Plaintiff that substantively responded to Uber's Motion, R.L., did not argue that the first receipt was bona fide but instead submitted a *second* fraudulent receipt.**

In response to Uber's Motion, Pulaski Kherkher argues that "[t]he Court should further deny Defendant's show cause motion with respect to Plaintiff R.L who recently produced a *bona fide* ride

receipt via MDL Centrality." ECF 4244 (emphasis in original). The new receipt is not "bona fide," but fraudulent.

As set forth in Uber's Motion, Plaintiff R.L. initially submitted a receipt in this litigation that was altered from an original receipt for a different ride that actually took place on August 30, 2025. ECF 4137 at 5. The date on the ride receipt was changed from "August 30, 2023" to "August 16, 2023," and the formatting on the submitted receipt was inconsistent with Uber's standard formatting. *Id.* Plaintiff R.L.'s response to Uber's motion does nothing to explain or contradict these indicia of fraud; indeed, it does not even address them. ECF 4244. A response that "contains no explanation as to *why*" the challenged conduct occurred, "fails to acknowledge that [an] error was unacceptable or apologize, and does not reflect any commitment to do better in the future" is "fundamentally inadequate[.]" *Soto v. United Airlines Inc.*, No. 24-cv-03045, 2024 WL 3996068, at *1 n.1 (N.D. Cal. Aug. 28, 2024) (emphasis in original). Moreover, the fact that Plaintiff R.L. did not deny that the first receipt was fraudulent—but instead submitted a new receipt—is dispositive. *See United States v. Holmes,* 129 F.4th 636, 657 (9th Cir. 2025) (evidence that party took remedial measures was "highly probative" of party's "state of mind" and awareness of problem remediated). If the receipt Plaintiff initially submitted was valid, the logical course would be for her to substantiate its validity, not to remain silent about it and submit a different receipt as support for her filed claim.

Worse still, the new receipt Plaintiff R.L. provided via MDL Centrality is also fraudulent. The receipt again shows a ride by ▓▓▓▓ on August 16, 2023 for a total of $38.91. However, the receipt includes an active "Download PDF" link and, when clicked, the link includes the same Trip uuID ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ for an August 30, 2023 trip, *not* the fraudulent August 16, 2023 trip that Plaintiff now claims in this litigation. Ex. 1; Harrison Decl. 4:1–6:15.



**Exhibit A: 3666_160574.pdf**     **Uber web server response to requested embedded "Download PDF" URL contained in 3666_160574.pdf**

**Exhibit B: 3666_Real Receipt_Email Version.pdf**

In sum, Plaintiff R.L: (a) does not deny that the first submitted receipt was fraudulent (nor does Plaintiff's response even address Uber's evidence of fraud) and (2) has now doubled down and submitted a second fraudulent receipt. Plaintiff R.L should therefore be ordered to show cause why their claims should not be dismissed with prejudice.

**IV.    Depositions of Plaintiffs A.E. and J.H. related to the potential submission of fraudulent receipts are highly relevant and not unduly burdensome. And given their new fraudulent receipt submitted in this litigation, a deposition of Plaintiff R.L. is warranted.**

Plaintiffs A.E. (MDL ID 3962) and J.H. (MDL ID 3621) both assert, without citing facts or legal authority in support, that deposing them about the submission of non-bona fide receipts would be "an impermissible fishing expedition lacking any relevance to [their] claims against Defendants." ECF 4244; ECF 4248. They are incorrect. The discovery misconduct that Plaintiffs appear to have committed (MDL ID 3962) or assisted with (MDL ID 3621) relates to "issues [that] are not peripheral" but that "go to [the] underlying questions in this case[,]" specifically whether and how Plaintiffs committed fraud. *Twins Special Co., Ltd. v. Twins Special, LLC,* No. 23-cv-223, 2025 WL 1292528, at *10 (S.D. Cal. May 5, 2025). Moreover, the depositions are needed to determine whether others assisted Plaintiffs in committing fraud. Specifically, and as previously explained in Uber's Motion, the receipt submitted by Plaintiff with MDL ID 3962 includes a Trip uuID that is now the basis of *two* fraudulent receipts in the above captioned litigation—one of which (MDL ID 3286) is already subject to the Court's Order to Show Cause issued on September 9, 2025. ECF 4137 at 3:26–4:25, ECF 3876. That Plaintiff did not respond to the Court's show-cause order. Separately, the receipt submitted by Plaintiff with MDL ID 3787 (which is at issue in this Motion) is similar to the receipt submitted by Plaintiff with MDL ID 3621. Both Plaintiffs with MDL IDs 3787 and 3621 are represented by Pulaski Kherkher, PLLC and thus, the deposition of MDL ID 3621 is needed to determine how MDL ID 3621 assisted MDL ID 3787 in committing fraud in this case.

Because information about whether Plaintiffs fabricated receipts could "corroborate or undermine Plaintiff[s'] claims in this case," it is highly relevant and warrants further investigation. *Adams v. Sotelo,* No. 3:16-cv-02161, 2018 WL 3019928, at *3 (S.D. Cal. June 18, 2018). As set forth in Uber's Motion, ECF 4137 at 18, courts have repeatedly granted additional limited discovery to investigate potential litigation misconduct like that at issue here. *See, e.g.*, *Estate of Arroyo,* 2025 WL 1914399, at *12; *Barton v. Delfgauw,* No. 3:21-cv-05610, 2025 WL 814484, at *4 & *6 (W.D. Wash. Mar. 13, 2025).

Plaintiffs' claim that the proposed depositions would be "unduly burdensome" is similarly unpersuasive. ECF 4244; ECF 4248. "The party claiming that a discovery request is unduly

6

burdensome must allege specific facts which indicate the nature and extent of the burden, usually by affidavit or other reliable evidence." *Universal Dyeing & Printing, Inc. v. Zoetop Business Co., Ltd.,* No. 22-cv-3741, 2023 WL 9004983, at *8 (C.D. Cal. June 23, 2024) (internal quotations omitted); *see also Al Otro Lado, Inc. v. Wolf,* No. 3:17-cv-02366, 2020 WL 4336064, at *3 (S.D. Cal. July 27, 2020) (permitting deposition where party opposing failed to provide "competent evidence demonstrating the time, expense, burden, or specific, non-speculative harm that will result") (internal quotations omitted). Plaintiffs have provided no specific evidence of burden from these depositions, but only the bare assertion that such a burden exists. Uber seeks only narrowly tailored depositions "not to exceed 3 hours" on limited topics "regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." ECF 4137-1. Courts have recognized that such tailoring avoids potential burden to the deponent. *See Hager v. Arioso Diagnostics, Inc.,* No. 23-mc-80261, 2023 WL 8654388, at *3 (N.D. Cal. Dec. 14, 2023); *Shammam v. Am. Honda Fin. Corp.,* No. 3:24-cv-00648, 2025 WL 2816791, at *4 (S.D. Cal. Sep. 25, 2025). This Court should permit the limited depositions of MDL IDs 3962 and 3621 that Uber seeks. Further, and in light of Plaintiff R.L.'s submission of a second fraudulent receipt, this Court should permit the limited deposition of Plaintiff with MDL ID 3666. *See M&F Fishing, Inc. v. Certain Underwriters at Lloyds,* No. 06-cv-0934, 2007 WL 9706491, at *1 & *7 (S.D. Cal. April 13, 2007) (permitting deposition as relevant and proper where authenticity of records was at issue). Because R.L.'s second fraudulent submission was made in response to Uber's Motion and thus could not be addressed at the time that Motion was made, it is appropriate for Uber to address that submission for the first time in this Reply. *See In re Cathode Ray Tube (CRT) Antitrust Litig.,* No. 07-cv-5944, 2016 WL 11505721, at *3 (N.D. Cal. March 9, 2016); *DeCastro v. McKnight,* No. 2:24-cv-435, 2025 WL 2431688, at *4 (D. Nev. Aug. 21, 2025) ("New arguments are permitted—indeed expected—in a reply if they are responsive to points or authorities raised in the response . . . ."). A revised proposed Order including the additional deposition is attached as Exhibit C.

V.  **Conclusion**

The Plaintiffs subject to this Motion committed (and even now, continue to commit) serious litigation misconduct. Plaintiffs in their oppositions have failed to rebut this evidence of fraud or

1. provide any explanation or excuse. The only Plaintiff to provide any substantive response has not
2. disputed that the first submitted receipt was fraudulent and instead has submitted a second fraudulent
3. receipt. This Court should grant the order requiring Plaintiffs to show cause why their claims should
4. not be dismissed with prejudice and grant the limited depositions that Uber requests.

DATED: November 3, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT (*Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)

mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC