ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to: | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS DUPLICATIVE CASES**<br><br>Date:       December 12, 2025<br>Time:       10:00 a.m.<br>Courtroom:  6 – 17th Floor |

| | |
|---|---|
| 1 | *E.B. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-09052-CRB |
| 2 | |
| 3 | *A.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02105-CRB |
| 4 | *T.B. 1457 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-02989-CRB |
| 5 | |
| 6 | *Jane Roe CL 146 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-03719-CRB |
| 7 | *E.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04526-CRB |
| 8 | |
| 9 | *Patel v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05287-CRB |
| 10 | |
| 11 | *Jane Doe LS 618 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06160-CRB |
| 12 | *K.L. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06178-CRB |
| 13 | |

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS DUPLICATIVE CASES
Case No. 3:23-MD-3084-CRB

## **MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Duplicative Cases, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") demonstrated that certain Plaintiffs had filed duplicative actions in this multidistrict litigation ("MDL"). Each of these four Plaintiffs filed two separate actions within this MDL, arising from the same alleged incident, alleged to have occurred on the same date, and naming the same defendants. The only apparent difference between the two case filings is that different law firms purport to represent the same Plaintiff in each action. On August 21, 2025, Uber notified each of these law firms of the duplicative filings and sought to resolve the issue without Court intervention. Despite having nearly two months to do so, Plaintiffs took no corrective action. Instead, it was not until Uber filed the present Motion to Dismiss and sought sanctions on October 15, 2025, that Plaintiffs finally indicated any interest or willingness to resolve these issues. As a result, Plaintiffs have unnecessarily burdened the Court and wasted the parties' time and resources by forcing Uber to investigate, notify, and file this Motion to correct problems entirely of Plaintiffs' own making.

Only after Uber filed its Motion to Dismiss seeking sanctions did some of the Plaintiffs take steps to resolve their duplicative cases.  Despite having nearly two months to correct the duplicative cases, the Pulaski law firm waited until October 15, 2025, the very day that Uber filed its Motion to Dismiss, to file a notice of voluntary dismissal for Plaintiff E.B (Case No. 3:25-cv-04526-CRB). ECF No. 4154. Similarly, Cutter Law P.C. did not file a voluntary dismissal of Plaintiff Jane Roe CL 146's case until October 16, nearly two months after being given notice of the duplicative cases and one day after Uber filed its Motion to Dismiss. ECF No. 4163.[1]  While these belated voluntary dismissals moot Uber's request to dismiss these particular Plaintiffs' duplicative cases, they underscore–not diminish– the need for sanctions and an award of attorneys' fees. Plaintiffs' counsel only acted after being prompted by Uber's filing, despite prior notice, wasting the Court's and Uber's time and resources in the process.

---

[1] On October 29, 2025, after likewise delaying for over two months after being given notice of Plaintiff A.P.'s duplicative cases, and two weeks after Uber filed its Motion to Dismiss, the Ben Martin Law Group contacted Counsel for Uber seeking an Agreed Stipulation of Voluntary Dismissal of Plaintiff A.P.'s claims. The parties are conferring on this issue, but as of the date of the filing of this Reply, this Plaintiff's duplicative claims both remain undismissed.

Meanwhile, Peiffer Wolf continues to allow duplicative litigation to proceed. In its Opposition to the Motion to Dismiss, the firm acknowledged its intent to dismiss Plaintiff K.L.'s duplicative case, which would then proceed under the pseudonym Jane Doe LS 618 with Levin Simes. ECF No. 4254 at 2-3. Yet, as of the date of this filing of the Reply, Peiffer Wolf has not filed any proposed stipulation of dismissal and both of this Plaintiff's cases remain active on the MDL docket.

These circumstances further illustrate why sanctions and an award of fees remain necessary. Counsel for Plaintiffs' blatant, repeated disregarded of their obligations to this Court and to opposing counsel have forced Uber to expend unnecessary time and resources addressing cases that should never have been filed, or at the very least, that should have been dismissed months ago upon notice of these Plaintiffs' duplicate claims, negating the need to address this issue through motion practice.

## ARGUMENT

**I.  Uber withdraws its request seeking dismissal as to those Plaintiffs who have subsequently filed a voluntary notice of dismissal but Uber maintains its request for reasonable attorneys' fees.**

Two Plaintiffs–Plaintiffs E.B. and T.B. 1457–delinquently filed notices of dismissal pertaining to their duplicate claims after Uber filed its Motion to Dismiss seeking sanctions against them. First, on October 15, 2025, the Pulaski law firm filed a notice of voluntary dismissal for Plaintiff E.B., thus leaving the Anapol Weiss law firm to proceed with Plaintiff E.B.'s claims in Case No. 3:24-cv-09052. Second, on October 16, 2025, Cutter Law P.C. filed a voluntary dismissal of Plaintiff Jane Roe CL 146's case, leaving the Cohen Hirsch law firm to proceed with the same Plaintiff's claims under a different pseudonym–Plaintiff T.B. 1457–in Case No. 3:25-cv-02989-CRB.

Although counsel for these Plaintiffs eventually filed notices of dismissal, these dismissals only came *after* Uber provided notice of the duplicate case, and *after* Uber was forced to expend significant resources preparing and filing its Motion. Plaintiff's eleventh-hour dismissals do not cure the underlying harm or the unnecessary burden placed on Uber and the Court. At a minimum, the timing of these dismissals confirms that Uber's Motion was necessary to prompt Plaintiffs and their counsel to correct their duplicative filings because Uber's attempt to resolve this with them without Court intervention was to no avail. Accordingly, Uber respectfully maintains its request for reasonable attorneys' fees and costs.

**II.   Unless and until Plaintiffs Jane Does LS 618 and A.P. file stipulations or notices of dismissal, this Court should dismiss their duplicate cases with prejudice.**

Plaintiffs Jane Doe LS 618 and A.P. have indicated an intent to dismiss but, as of the date of this filing, have not yet done so. Accordingly, the Court should dismiss their duplicate cases with prejudice. On July 22, 2025, Plaintiff Jane Doe LS 618, through counsel at Levin Simes, LLP, filed a complaint alleging an independent driver on the Uber platform sexually assaulted or harassed her in Dallas, Texas, on July 29, 2023. Complaint, *Jane Doe L.S. 618 v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06160-CRB, ECF No. 1 (N.D. Cal. July 22, 2025). The very next day, July 23, 2025, she filed a second complaint relating to the same July 2023 alleged incident under a different pseudonym through counsel at Peiffer Wolf Carr Kane Conway & Wise. Complaint, *K.L. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-06178-CRB, ECF No. 1 (N.D. Cal. July 23, 2025). On August 21, 2025, Uber notified counsel for Plaintiff in both actions of the duplicate filing and asked that the firms resolve the issue amongst themselves – neither firm responded. *See* Shortnacy Decl. ¶ 4. On October 28, 2025, Peiffer Wolf filed its Opposition to Uber's Motion to dismiss, acknowledging the duplicative cases for Plaintiff K.L. and stated that, "Peiffer Wolf and Levin Simes have resolved this dual representation issue. Levin Simes will continue their case filed on behalf of this Plaintiff, and Peiffer Wolf intends to dismiss their case." ECF No. 4254 at 2-3. However, as of the date of this filing, neither action has been dismissed.

On February 28, 2025, Plaintiff A.P. filed a complaint alleging sexual assault or harassment by an Uber driver in New Jersey on June 27, 2023. Complaint, *A.P. v. Uber Technologies, Inc. et al.,* No. 3:25-cv-02105-CRB, ECF No. 1 (N.D. Cal. Feb. 28, 2025). Counsel was Peiffer Wolf Carr Kane Conway & Wise. *Id.* Plaintiff filed a second complaint relating to the June 2023 incident on June 27, 2025, this time through the Ben Martin Law Group and abandoning the pseudonym. *Patel v. Uber Technologies, Inc. et al.,* No. 3:25-cv-05287-CRB, ECF No. 1 (N.D. Cal. June 27, 2025). Uber did not receive a response to its August 22, 2025 email to both sets of Plaintiff's counsel requesting that the duplication be resolved, and both duplicative cases remain pending. On October 29, 2025, after delaying for over two months after being given notice of Plaintiff A.P.'s duplicative cases, and two weeks after Uber filed its Motion to Dismiss, the Ben Martin Law Group contacted Counsel for Uber

5
DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS DUPLICATIVE CASES
Case No. 3:23-MD-3084-CRB

seeking an Agreed Stipulation of Voluntary Dismissal of Plaintiff A.P.'s claims. The parties are conferring on this issue, but as of the date of the filing of this Reply, this Plaintiff's duplicative claims both remain undismissed.

As Uber established in its Motion to Dismiss, it is an important premise of our justice system that a plaintiff is "not at liberty to split up his demand, and prosecute it by piecemeal, or present only a portion of the grounds upon which special relief is sought, and leave the rest to be presented in a second suit, if the first fail. There would be no end to litigation if such a practice were permissible." *United States v. Haytian Republic*, 154 U.S. 118, 125 (1894) (quoting *Stark v. Starr*, 94 U.S. 477, 485 (1876)). Thus, plaintiffs are not permitted to "maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." *Mendoza v. Amalgamated Transit Union Int'l,* 30 F.4th 879, 886 (9th Cir. 2022) (quoting *Adams*, 487 F.3d at 688). District courts have "broad discretion to control their dockets [and] may exercise [their] discretion to dismiss a duplicative later-filed action." *Adams*, 487 F.3d at 688.

Because Plaintiffs Jane Doe LS 618/K.L. through Levin Simes and Peiffer Wolf and Patel/A.P. through Ben Martin Law Group and Peiffer Wolf have both based two different cases on "near identical factual allegations," dismissal of the later-filed cases is appropriate. *Malberg v. McCracken,* No. 5:22-cv-03613, 2023 WL 6278879, at *2 (N.D. Cal. Sept. 25, 2023); *see also Indigo Group USA, Inc. v. Ralph Lauren Corp.,* 690 F. App'x 945, 946 (9th Cir 2017) (affirming dismissal of later-filed case arising out of same facts as earlier one). Indeed, this Court need not even consider the other factors given the lack of any "real differences (if there are any differences at all) between the factual predicates for" each of the Plaintiffs' two cases. *United States v. Liquidators of European Federal Credit Bank,* 630 F.3d 1139, 1151 (9th Cir. 2011). Accordingly, this Court should dismiss with prejudice Plaintiff Jane Doe LS 618/K.L.'s action through Peiffer Wolf and Plaintiff Patel/A.P.'s action through Ben Martin Law Group as the later-filed actions.

### III. Plaintiffs should be ordered to show cause as to why they should not be required to pay Uber's reasonable attorneys' fees incurred to file this motion to dismiss.

This Court possesses certain "inherent powers," not conferred by rule or statute, "to manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Goodyear Tire &*

*Rubber Co. v. Haeger*, 581 U.S. 101, 107, 137 S. Ct. 1178, 197 L.Ed.2d 585 (2017). "That authority includes 'the ability to fashion an appropriate sanction for conduct which abuses the judicial process.'" *Id.* (quoting *Chambers*, 501 U.S. at 44–45, 111 S.Ct. 2123 (1991)). Such inherent powers include ordering a party or its counsel to pay another party's legal fees associated with litigation abuses or bad faith conduct. *See Evon v. Law Offices of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.,* No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024).

Where, as here, a plaintiff has filed duplicative complaints, courts have ordered sanctions in the past. *See, e.g.*, *Pace v. Cirrus Design Corp.,* No. 3:22-cv-685, 2025 WL 819006, at *10 & 12 (S.D. Miss. March 13, 2025) (ordering $15,000 sanction where plaintiff filed a duplicative lawsuit); *Cole v. City of Wauwatosa,* No. 23-cv-1321, 2024 WL 2862112, at *1 & 3 (E.D. Wis. June 6, 2024) (awarding reasonable attorneys' fees and costs where plaintiff "unnecessarily consumed both the Court's limited resources and that of Defense counsel" by filing a duplicative lawsuit). By filing duplicative lawsuits, Plaintiffs caused Uber to unnecessarily spend time and money to defend against meritless claims. *See White v. Witt,* No. 05-cv-695, 2006 WL 3337365, at *3 (W.D. Wash. Nov. 16, 2006). And by failing to take action to resolve the duplication for more than a month after Uber's counsel notified them of it, counsel for these Plaintiffs necessitated the effort and expense of this motion practice. Uber respectfully requests that this court exercise its inherent authority to order Plaintiffs to show cause why they or their counsel should not be ordered to pay Uber's reasonable attorneys' fees incurred to file this Motion to Dismiss. *See Coronavirus Reporter Corp. v. Apple, Inc.,* No. No. 24-cv-08660, 2025 WL 2162947, at *3 (N.D. Cal. July 30, 2025) ("On its own, the court may order an attorney, law firm, or party to show cause") (citing Fed. R. Civ. P. 11(c)(3)).

Moreover, even where Plaintiffs E.B. and T.B. 1457 have filed stipulations of voluntary dismissal, the Court still maintains wide discretion to award attorneys' fees to Uber to compensate them for the costs incurred in litigating the motion to dismiss. *See Westlands Water Dist v. United States*, 100 F.3d 94, 97-98 (9th Cir. 1996); *Telegram Messenger, Inc. v. Lantah*, 2020 WL 6415506, *6 (N.D. Cal. Nov. 2, 2020) (citation omitted) (Breyer, J.) (recognizing that the Court has "wide discretion" to impose reasonable fees and costs as a condition of voluntary dismissal).

In determining whether to award costs and fees following a voluntary dismissal without prejudice, courts generally consider the following factors: (1) any excessive and duplicative expense of a second litigation; (2) the effort and expense incurred by a defendant in preparing for trial; (3) the extent to which the litigation has progressed; and (4) the plaintiff's diligence in moving to dismiss. *See Fraley v. Facebook, Inc.*, No. 11-CV-01726-LHK, 2012 WL 893152, *4 (N.D. Cal. March 13, 2012) (*quoting Williams v. Peralta Cmty. Coll. Dist.*, 277 F.R.D. 538, 540 (N.D. Cal. 2005)).

Here, the *Williams* factors all favor awarding Uber its reasonable attorneys' fees. First, Plaintiffs' duplicative filings caused Uber to incur significant and unnecessary expense monitoring the case dockets, fulfilling the Defendant Fact Sheet ("DFS") obligations pursuant to PTO 10, identifying redundant pleadings, and preparing this Motion. Second, the MDL, although still pre-trial, is massive in scale including more than 2700 Plaintiffs and requires efficient case management, thus making the elimination of duplicative filings critical. Third, Plaintiffs' diligence in moving to dismiss has been sorely lacking. Although all Plaintiffs here were notified either on August 21, 2025 or August 22, 2025 of their duplicative filings, none of them took any action until Uber was compelled to file the instant Motion to Dismiss on October 15, 2025, and several have still failed to address the issue.

Absent a fee award, Plaintiffs' counsel would face no consequences for imposing needless litigation costs and wasting judicial resources. Fee shifting is therefore warranted to compensate Uber for expenses incurred as a direct result of Plaintiffs' improper and duplicative filings, and to deter similar conduct going forward.

## **CONCLUSION**

This pattern of delay and disregard for basic filing obligations reflects litigation conduct that this Court should not countenance, particularly in an MDL of this scale. Accordingly, this Court should dismiss with prejudice Plaintiff K.L. and A.P.'s claims as the later-filed duplicative actions. In addition, the Court should award Uber its reasonable attorneys' fees and costs for having to file this Motion to Dismiss as against all four Plaintiffs K.L., A.P., T.B. 1457 and Jane Roe CL 146.

| | |
|---|---|
| Dated: November 4, 2025 | SHOOK, HARDY & BACON L.L.P. |
| | By: */s/ Michael B. Shortnacy* |
| |    MICHAEL B. SHORTNACY |
| | MICHAEL B. SHORTNACY (SBN: 277035) |
| | mshortnacy@shb.com |
| | **SHOOK, HARDY & BACON L.L.P.** |
| | 2121 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| | Telephone: (424) 285-8330 |
| | Facsimile: (424) 204-9093 |
| | *Attorney for Defendants* |
| | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, and RASIER-CA, LLC |