John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>**WILLIAMS HART & BOUNDAS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10** |
| This Document Relates to:<br><br>*WHB 304 v. Uber Technologies, Inc., et al., No. 3:24-cv-04801*<br><br>*WHB 1882 v. Uber Technologies, Inc., et al., No. 3:24-cv-04813*<br><br>*WHB 322 v. Uber Technologies, Inc., et al., No. 3:24-cv-04814* | Date: December 12, 2025<br>Time: 10:00 am<br>Courtroom: 6 – 17th Floor |

*WHB 1478 v. Uber Technologies, Inc., et al., No. 3:24-cv-04833*

*WHB 188 v. Uber Technologies, Inc., et al., No. 3:24-cv-04834*

*WHB 1123 v. Uber Technologies, Inc., et al., No. 3:24-cv-04850*

*WHB 1144 v. Uber Technologies, Inc., et al., No. 3:24-cv-04859*

*WHB 1914 v. Uber Technologies, Inc., et al., No. 3:24-cv-04869*

*WHB 199 v. Uber Technologies, Inc., et al., No. 3:24-cv-04870*

*WHB 1030 v. Uber Technologies, Inc., et al., No. 3:24-cv-04874*

*WHB 196 v. Uber Technologies, Inc., et al., No. 3:24-cv-04886*

*WHB 526 v. Uber Technologies, Inc., et al., No. 3:24-cv-04901*

*WHB 950 v. Uber Technologies, Inc., et al., No. 3:24-cv-04931*

*WHB 1462 v. Uber Technologies, Inc., et al., No. 3:24-cv-04935*

*WHB 1531 v. Uber Technologies, Inc., et al., No. 3:24-cv-04937*

*WHB 1847 v. Uber Technologies, Inc., et al., No. 3:24-cv-04945*

*WHB 1858 v. Uber Technologies, Inc., et al., No. 3:24-cv-04948*

*WHB 1670 v. Uber Technologies, Inc., et al., No. 3:24-cv-04949*

*WHB 1936 v. Uber Technologies, Inc., et al., No. 3:24-cv-04950*

*WHB 757 v. Uber Technologies, Inc., et al., No. 3:24-cv-04954*

*WHB 1387 v. Uber Technologies, Inc., et al., No. 3:24-cv-04958*

1

2

*WHB 1546 v. Uber Technologies, Inc., et al., No. 3:24-cv-04969*

3

*WHB 603 v. Uber Technologies, Inc., et al., No. 3:24-cv-04971*

4

5

*WHB 1896 v. Uber Technologies, Inc., et al., No. 3:24-cv-04975*

6

*WHB 974 v. Uber Technologies, Inc., et al., No. 3:24-cv-04977*

7

8

*WHB 696 v. Uber Technologies, Inc., et al., No. 3:24-cv-04979*

9

*WHB 1834 v. Uber Technologies, Inc., et al., No. 3:24-cv-04980*

10

11

*WHB 175 v. Uber Technologies, Inc., et al., No. 3:24-cv-04982*

12

*WHB 1916 v. Uber Technologies, Inc., et al., No. 3:24-cv-05003*

13

14

*WHB 1845 v. Uber Technologies, Inc., et al., No. 3:24-cv-05015*

15

*WHB 1269 v. Uber Technologies, Inc., et al., No. 3:24-cv-05025*

16

17

*WHB 400 v. Uber Technologies, Inc., et al., No. 3:24-cv-05034*

18

*WHB 999 v. Uber Technologies, Inc., et al., No. 3:24-cv-05036*

19

20

*WHB 1891 v. Uber Technologies, Inc., et al., No. 3:24-cv-05037*

21

*WHB 755 v. Uber Technologies, Inc., et al., No. 3:24-cv-05039*

22

23

*WHB 3 v. Uber Technologies, Inc., et al., No. 3:24-cv-05061*

24

*WHB 599 v. Uber Technologies, Inc., et al., No. 3:24-cv-05062*

25

*WHB 1606 v. Uber Technologies, Inc., et al., No. 3:24-cv-05066*

26

27

*WHB 979 v. Uber Technologies, Inc., et al., No. 3:24-cv-05082*

28

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS

*WHB 1953 v. Uber Technologies, Inc., et al., No. 3:24-cv-05085*

*WHB 1865 v. Uber Technologies, Inc., et al., No. 3:24-cv-05089*

*WHB 1967 v. Uber Technologies, Inc., et al., No. 3:24-cv-05094*

*WHB 1414 v. Uber Technologies, Inc., et al., No. 3:24-cv-05095*

*WHB 862 v. Uber Technologies, Inc., et al., No. 3:24-cv-05097*

*WHB 1386 v. Uber Technologies, Inc., et al., No. 3:24-cv-05128*

*WHB 1425 v. Uber Technologies, Inc., et al., No. 3:24-cv-05129*

*WHB 427 v. Uber Technologies, Inc., et al., No. 3:24-cv-05132*

*WHB 1876 v. Uber Technologies, Inc., et al., No. 3:24-cv-05230*

*WHB 1382 v. Uber Technologies, Inc., et al., No. 3:24-cv-05232*

*WHB 428 v. Uber Technologies, Inc., et al., No. 3:24-cv-05236*

*WHB 1962 v. Uber Technologies, Inc., et al., No. 3:24-cv-05240*

*WHB 504 v. Uber Technologies, Inc., et al., No. 3:24-cv-05243*

*WHB 1555 v. Uber Technologies, Inc., et al., No. 3:24-cv-05254*

*WHB 70 v. Uber Technologies, Inc., et al., No. 3:24-cv-05261*

*WHB 1549 v. Uber Technologies, Inc., et al., No. 3:24-cv-05275*

*WHB 1909 v. Uber Technologies, Inc., et al., No. 3:24-cv-05280*

*WHB 662 v. Uber Technologies, Inc., et al., No. 3:24-cv-05355*

1

2   *WHB 1338 v. Uber Technologies, Inc., et al., No. 3:24-cv-05434*

3   *WHB 704 v. Uber Technologies, Inc., et al., No. 3:24-cv-05436*

4

5   *WHB 1476 v. Uber Technologies, Inc., et al., No. 3:24-cv-05450*

6   *WHB 1888 v. Uber Technologies, Inc., et al., No. 3:24-cv-05457*

7

8   *WHB 335 v. Uber Technologies, Inc., et al., No. 3:24-cv-05460*

9   *WHB 1048 v. Uber Technologies, Inc., et al., No. 3:24-cv-05462*

10

11  *WHB 1443 v. Uber Technologies, Inc., et al., No. 3:24-cv-05472*

12  *WHB 1596 v. Uber Technologies, Inc., et al., No. 3:24-cv-05473*

13

14  *WHB 58 v. Uber Technologies, Inc., et al., No. 3:24-cv-05477*

15  *WHB 1593 v. Uber Technologies, Inc., et al., No. 3:24-cv-05504*

16

17  *WHB 1673 v. Uber Technologies, Inc., et al., No. 3:24-cv-05552*

18  *WHB 1860 v. Uber Technologies, Inc., et al., No. 3:24-cv-05568*

19

20  *WHB 1613 v. Uber Technologies, Inc., et al., No. 3:24-cv-05574*

21  *WHB 1053 v. Uber Technologies, Inc., et al., No. 3:24-cv-05612*

22

23  *WHB 519 v. Uber Technologies, Inc., et al., No. 3:24-cv-05627*

24  *WHB 393 v. Uber Technologies, Inc., et al., No. 3:24-cv-05633*

25

26  *WHB 1416 v. Uber Technologies, Inc., et al., No. 3:24-cv-05667*

27  *WHB 1843 v. Uber Technologies, Inc., et al., No. 3:24-cv-05693*

28

1
2
*WHB 505 v. Uber Technologies, Inc., et al., No. 3:24-cv-05709*

3
*WHB 413 v. Uber Technologies, Inc., et al., No. 3:24-cv-05782*

4
5
*WHB 1317 v. Uber Technologies, Inc., et al., No. 3:24-cv-05791*

6
*WHB 1481 v. Uber Technologies, Inc., et al., No. 3:24-cv-05794*

7
8
*WHB 695 v. Uber Technologies, Inc., et al., No. 3:24-cv-05799*

9
*WHB 885 v. Uber Technologies, Inc., et al., No. 3:24-cv-05952*

10
11
*WHB 520 v. Uber Technologies, Inc., et al., No. 3:24-cv-05954*

12
*WHB 678 v. Uber Technologies, Inc., et al., No. 3:24-cv-05961*

13
14
*WHB 2083 v. Uber Technologies, Inc., et al., No. 3:25-cv-01178*

15
*WHB 2052 v. Uber Technologies, Inc., et al., No. 3:25-cv-01129*

16
17
*WHB 2055 v. Uber Technologies, Inc., et al., No. 3:25-cv-01245*

18
*WHB 2056 v. Uber Technologies, Inc., et al., No. 3:25-cv-01246*

19

## INTRODUCTION

20
21
      Defendants' Amended Motion to Dismiss Cases for Failure to Comply with PTO 10 (the

22
"Motion") [Doc. No. 4203] seeks dismissal of 87 Plaintiffs (the "WHB Plaintiffs") represented by

23
Williams Hart & Boundas, LLP ("WHB"). Defendants bring this Motion despite the express

24
command of Local Rule 37-1(a) to meet and confer before bringing a discovery motion. For this

25
reason alone, the Court should deny the Motion as to the WHB Plaintiffs.

26
27
28

1   These 80[1] Plaintiffs have diligently amended their fact sheets *multiple times*. Uber now

2   moves to dismiss their cases not because they are missing data or information in their fact sheets,

3   but because they have not submitted a signed verification for their *most recent* amended fact

4   sheet. Motion at 1.

5   As of the filing of this response, 47 of the remaining 80 Plaintiffs have submitted a signed

6   verification.

7   As past practice has shown, the parties would likely have resolved this deficiency had

8   there been a mandated meet and confer process.

9   ## BACKGROUND

10  This is not the first time Defendants have sought dismissal of cases in this MDL for

11  failure to abide by the Court's Pre-Trial Orders. In January, Defendants filed a similar motion (the

12  "January Motion") seeking dismissal for alleged deficiencies in plaintiffs represented by WHB's

13  responses in their PFS. As in this Motion, Defendants argued in the January Motion that failure to

14  produce a signed verification or failure to answer a particular PFS question justified dismissal.[2]

15  And, as with this Motion, Defendants neglected to mention in the January Motion that a number

16  of plaintiffs had cured the identified deficiencies.

17  Before bringing the January Motion, Defendants and plaintiffs represented by WHB

18  engaged in a month-long meet and confer process. In December 2024, Defendants notified

19  Counsel that there were allegedly various issues with some 455 Plaintiff PFS, be it unsigned

20  verifications (136), failure to provide contact information (224), or allegedly insufficient

21  responses (95). That process was fruitful and ended with many disputes resolving without the

22  need for motion practice. By January 10, Plaintiffs had submitted more than half of the

23  outstanding verifications (some of which were verifying their second and third amended PFS) and

24

25

26

27  [1] One of the plaintiffs Uber lists as having a deficient fact sheet is WHB 1876. The Court has already dismissed this plaintiff's case in full. *See* document 3441. Six of the remaining 86 cases are in the process of being dismissed: WHB 304; WHB 2055; WHB 1860; WHB 1317; WHB 678; WHB 3.

28  [2] Joint Letter Regarding Williams Hart Plaintiffs' Compliance With November 18, 2024 PFS Order (ECF No. 2132).

1    only four plaintiffs still needed to provide witness contact information or supplement a PFS

2    answer. As a result, Defendants only saw the need to move on 63 plaintiffs, down from 455.[3]

3         Here, Defendants have not even attempted to meet and confer.

4                                      **ARGUMENT**

5         WHB Plaintiffs fully appreciate the importance of PTO 10. They are diligently working to

6    produce fully compliant PFS and all required documents. To be clear, none of the 80 WHB

7    Plaintiffs failed to produce a PFS or served a blank PFS. As of the filing of this response, more

8    than half of missing verifications have been uploaded the MDL Centrality. *See* Ex. A - UU to the

9    Declaration of Walt Cubberly. Those 47 Plaintiffs are each identified below.

10        **The Court Has Issued Orders That Set Forth the Proper Remedy for Plaintiffs Who**

11   **Have Failed to Provide a Verified Plaintiff Fact Sheet**

12        Uber seeks a drastic remedy. *See* Defendants' Proposed Order. This Court has ruled on

13   several motions to dismiss related to other firms' cases. The most recent related to WHB cases

14   was signed on September 16, 2025. Doc. 3922; Ex. VV to the Declaration of Walt Cubberly.

15   Pursuant to that order, the Court overruled Uber's request for dismissal with prejudice and instead

16   provided each Plaintiff subject to Uber's motion 14 days to provide a complete and verified

17   Plaintiff Fact Sheet. *Id*. Further, the Court ordered Uber to submit a declaration within 21 days of

18   the order that identifies which, if any, Plaintiffs have not complied with the Court's order as of

19   that date. *Id*. If any Plaintiff disagreed with her inclusion on Uber's declaration, that Plaintiff was

20   to submit her own declaration within 28 days of the Court's order. The Plaintiff's declaration was

21   to identify the date upon which she submitted a complete and verified Plaintiff Fact Sheet. *Id*. The

22   final step in the process was dismissal without prejudice of the claims of any Plaintiff who did not

23   comply with paragraph 1 of the order (provide a complete and verified Plaintiff Fact Sheet within

24   14 days of the order). *Id*.

25

26   _____

27   [3] The Honorable Magistrate Judge Lisa Cisneros took note of WHB's progress in addressing its clients' obligations
     and ordered the Plaintiffs at issue to serve compliant PFS no later than February 21. (ECF No. 2186.) Judge Cisneros
28   noted that any request for dispositive sanctions for noncompliance with her order were to be directed to Judge Breyer
     in the form of a motion under Civil Local Rule 7-2.

The remaining 33 WHB Plaintiffs subject to Uber's Motion (as shown above, the remainder have now served verifications) respectfully request the same procedural remedy that was afforded to the WHB plaintiffs before them in September.

**The Court Should Deny Defendants' Motion for Failure to Comply with Local Rule 37-1.**

The Parties did not meet and confer before Defendants brought this Motion. This is not a matter of niceties. The Local Rules expressly require that the parties meet and confer before a party brings a discovery motion. Loc. R. 37-1(a). Specifically, the rule states, "The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to Fed. R. Civ. P. 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues." *Id.* Courts take these meet-and-confer requirements "very seriously." *V5 Tech. v. Switch, Ltd.*, 334 F.R.D. 297, 302 (D. Nev. 2019). This is because "[d]iscovery is supposed to proceed with minimal involvement of the Court." *Id.* (citing *F.D.I.C. v. Butcher*, 116 F.R.D. 196, 203 (E.D. Tenn. 1986)).

While courts retain discretion to waive the meet-and-confer requirement based on the circumstances of the case, *V5 Tech.*, 334 F.R.D. at 302, nothing counsels that the Court exercise that discretion here. As discussed, WHB has had significant success in resolving and narrowing disputes in the meet-and-confer process. Nor can Uber point to any "gamesmanship" by WHB or the WHB Plaintiffs to avoid a meaningful meet and confer. *See id.*

Because Defendants' Motion was brought without any attempt to meet and confer, and because WHB and WHB Plaintiffs have not engaged in gamesmanship to avoid meeting and conferring, the Court should refuse to entertain the Motion. Loc. R. 37-1.

a.  **The Motion Should be Denied as to WHB Plaintiffs Who Have Cured Deficiencies Alleged by Defendants**

Plaintiffs WHB 1882, WHB 322, WHB 188, WHB 1914, WHB 1030, WHB 1462, WHB 1858, WHB 1670, WHB 757, WHB 1546, WHB 603, WHB 1896, WHB 974, WHB 696, WHB 1834, WHB 1269, WHB 999, WHB 755, WHB 599, WHB 1606, WHB 1953, WHB 1865, WHB 1967, WHB 862, WHB 1386, WHB 504, WHB 1555, WHB 70, WHB 1909, WHB 1338, WHB

1888, WHB 335, WHB 1593, WHB 1613, WHB 1053, WHB 1843, WHB 505, WHB 413, WHB 1481, WHB 695, WHB 885, WHB 520, WHB 2083, WHB 1476, WHB 400, WHB 1847, and WHB 662 have cured the deficiency identified by Defendants. They are in compliance with PTO 10. Accordingly, there is no basis to dismiss these WHB Plaintiffs.

**b. WHB and the WHB Plaintiffs are Diligently Working to Comply with PTO 10**

As the Court is aware, Plaintiffs may become unavailable for a variety of reasons and WHB has used extensive efforts to reach each of the remaining 33 clients, even predating Defendants' Motion. WHB devotes extensive time and resources to successfully curing Defendants' voluminous alleged deficiencies. WHB intends to continue this process as it works alongside its clients by carefully reviewing every alleged deficiency Defendants serve, often two or three per Plaintiff. In the event that the Court does not deny Defendants' motion for failure to abide by the Court's meet and confer rule, the remaining 33 WHB Plaintiffs respectfully request that they be afforded additional time to submit a signed verification under the same process outlined in the Court's September 16 order. Doc. 3922, Exhibit UU to the Declaration of Walt Cubberly.

Further, in accordance with the Court's prior orders referenced above, there is certainly no basis to dismiss any Plaintiff's claim *with* prejudice to the extent that they ultimately, after being given the opportunity to cure discussed above, fail to submit a verification to an amended PFS (having verified prior PFS's that were served on Defendants).

**CONCLUSION**

Because Defendants have failed to comply with the Local Rules necessitating a meet and confer before bringing a discovery motion, Defendants' Motion should be denied. Since Defendants began serving Deficiency Letters, WHB has diligently and in good faith worked with Defendants to resolve these issues without the Court's involvement. Defendants should not be rewarded for short-circuiting that process. Even without a meet and confer process, as shown

1   above, more than half of the WHB Plaintiffs subject to this motion have already cured the alleged

2   deficiencies. Plaintiffs respectfully ask that the Court deny Defendants' Motion.

3       Dated: November 5, 2025                    /s/ *Walt Cubberly*
                                                    John Eddie Williams, Jr.
4                                                   Brian Abramson
                                                    Margret Lecocke
5                                                   Walt Cubberly (SBN 325163)
                                                    Batami Baskin
6                                                   Myles Shaw
                                                    WILLIAM HART & BOUNDAS, LLP
7                                                   8441 Gulf Freeway, Suite 600
                                                    Houston, Texas 77017-5051
8                                                   Telephone: (713) 230-2200
                                                    Facsimile: (713) 643-6226
9                                                   Email: jwilliams@whlaw.com
                                                    Email: babramson@whlaw.com
10                                                  Email: mlecocke@whlaw.com
                                                    Email: wcubberly@whlaw.com
11                                                  Email: bbaskin@whlaw.com
                                                    Email: mshaw@whlaw.com
12

13                                                  *Attorneys for Plaintiff*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28