Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO PARTIALLY STRIKE REBUTTAL REPORT OF LINDSEY D. CAMERON, PH.D.**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Pursuant to Federal Rule of Civil Procedure 37(c)(1), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully move to strike Sections IV-IX of the October 24, 2025 "rebuttal" report of Plaintiffs' expert, Dr. Lindsey D. Cameron ("Cameron Report").

Plaintiffs designated Dr. Cameron on the rebuttal report expert deadline as a purported "rebuttal" expert to Uber's expert, Joesph O. Okpaku. However, just **six** of the **sixty** pages of Dr. Cameron's report respond to Mr. Okpaku. The remainder of the report (specifically, Sections IV-IX) does not even mention Mr. Okpaku's name and instead effectively serves as an "opening" expert report on how rideshare companies (such as Uber) purportedly exercise "control" over independent third-party drivers who utilize their platform. Indeed, Dr. Cameron's so-called "rebuttal" report is **nearly identical** to an opening report she served in a litigation brought against Uber by the Massachusetts Attorney General.

Under Rule 26, Dr. Cameron's opinions in Sections IV-IX should have been disclosed as affirmative opinions by September 26—the deadline for serving opening reports. Moreover, exclusion is the proper remedy because Plaintiffs' disregard of Rule 26 is not substantially justified or harmless under Federal Rule of Civil Procedure Rule 37(c)(1). In particular, Dr. Cameron does not point to any new information that could not have been included in a proper "opening" report by September 26. And allowing Dr. Cameron to offer her opinions under the guise of "rebuttal" testimony would be highly prejudicial to Uber, which has no way of responding to those new opinions.

## BACKGROUND

Under the governing deadlines in this proceeding, the parties' opening expert reports were due on September 26, 2025, and any rebuttal reports were due on October 24, 2025. *See* ECF 3997. In opposing Uber's request for a modest extension of expert deadlines, Plaintiffs were adamant that "***[t]hese deadlines must stick***—there is no time before the January trial for further extensions." ECF 4199 at 3 (emphasis added). Nonetheless, Plaintiffs have not stuck to the deadlines they seek to enforce.

Plaintiffs served Dr. Cameron's 60-page, 98-paragraph "rebuttal" expert report on October 24, 2025. *See* Ex. 1 (Oct. 24, 2025 Cameron Report). The report contains nine sections and purports to provide a "rebuttal . . . to the expert report dated September 26, 2025, authored by [Uber's expert] Joseph O. Okpaku." *Id.* ¶ 1. Yet, Mr. Okpaku's name is conspicuously missing from **seven** out of **nine** sections in

the Cameron Report. Mr. Okpaku is mentioned in Section I ("Purpose of the Report"), which provides an overview of the Report, and Section III ("Summary of Rebuttal Arguments re: Joseph Okpaku's Report"), which "[p]rovide[s] an overview of [Dr. Cameron's] rebuttal arguments to Joesph O. Okpaku." *Id*. ¶ 2.a. Section II contains Dr. Cameron's qualifications.

The remaining sections (IV-IX) have nothing to do with Mr. Okpaku's opening report. Rather, these sections include untimely opinions setting forth Dr. Cameron's opinion that Uber exercises "control" over the independent third-party drivers who utilize its platform.[1] Neither Mr. Okpaku nor his report is referenced in any of these sections.

## ARGUMENT

"[T]he role of a designated rebuttal expert is '***solely*** to contradict or rebut evidence on the same subject matter identified by' the opposing party's expert witness." *Avila v. Ford Motor Co.*, No. 5:22-CV-00542-PCP, 2025 WL 2538722, at *3 (N.D. Cal. Aug. 22, 2025) (citing Fed. R. Civ. P. 26(a)(2)(D)(ii)) (emphasis added). "Rebuttal testimony cannot be used to advance new arguments or new evidence." *Id*. (citation omitted). "Instead, the sole function of a rebuttal expert is to explain, repel, counteract or disprove evidence of the adverse party." *Tubio v. Adidas Am. Inc.*, No. CV 22-6424 GW (PVCx), 2024 WL 1191051, at *2 (C.D. Cal. Feb. 5, 2024) (citation and quotations omitted); *see also Panasonic Commc'ns Corp. of Am. v. United States*, 108 Fed. Cl. 412, 415 (2013) ("[R]ebuttal evidence is properly admissible when it will explain, repel, counteract, or disprove the evidence of the adverse party."); *Carroll v. Trump*, No. 22-CV-10016 (LAK), 2023 WL 2652636, at *2 (S.D.N.Y. Mar. 27, 2023), *aff'd*, 124 F.4th 140 (2d

---

[1] That opinion is not only untimely, but also irrelevant under Arizona law, which requires that "qualified marketplace contractors," such as independent third-party drivers using Uber's "qualified marketplace platform," "shall be treated as an independent contractor for all purposes[.]" A.R.S. § 23-1603(A) (setting forth three-part test for independent-contractor status). Because independent drivers provide services pursuant to a "written contract" that satisfies the statutory "qualified marketplace" criteria, and "[a]ll or substantially all of the payment" drivers receive relates to those services, they are independent contractors as a matter of law. A.R.S. § 23-1603(A)(1)-(3). Thus, Dr. Cameron's opinions on the "question of control" are irrelevant as a matter of Arizona law. *Santorii v. MartinezRusso, LLC*, 240 Ariz. 454, 459 (Ct. App. 2016); *see also, e.g.*, *Coslett v. Hannart*, No. CV 2018-005515 (Ariz. Sup. Ct. Mar. 14, 2023) (granting summary judgment and finding Uber to be a qualified marketplace platform and the independent driver to be an independent contractor) (Ex. 3); *Klosa v. Goldman*, No. CV 2019-000428 (Ariz. Sup. Ct. Aug. 21, 2022) (granting summary judgment and expressly finding the driver to be an independent contractor with no agency relationship) (Ex. 4).

Cir. 2024) (same); *Eng'g & Constr. Innovations, Inc. v. Bradshaw Constr. Corp.*, No. 20-CV-0808 (WMW/TNL), 2022 WL 3585153, at *3 (D. Minn. Aug. 22, 2022) (same).

These principles create a "full up-front disclosure duty upon the party with the burden of proof on a given issue." *Oracle Am., Inc. v. Google Inc.*, No C 10-03561 WHA, 2011 WL 5572835, at *3 (N.D. Cal. Nov. 15, 2011) (striking reports "attacking each of [defendant's] two opposition reports on damages," including one from plaintiff's original expert and a "new expert who crept out of the woodwork only for this purpose"); *see also In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *4 (N.D. Cal. Mar. 19, 2021) (striking most of plaintiff's expert's proffered "rebuttal" causation report because "[e]stablishing that [decedent] developed mesothelioma from asbestos is . . . a fundamental issue in Plaintiffs' case."); *Terpin v. AT&T Mobility, LLC*, No. 18-cv-06975-ODW-KS, 2023 WL 3431906, at *9 (C.D. Cal. Mar. 20, 2023) ("[T]hese opinions by [plaintiff's expert] are not proper 'rebuttal' and should have been the subject of affirmative expert disclosures."). Moreover, in accordance with Rule 37(c)(1), a party may not "use as evidence at trial" the opinions in a purported rebuttal expert report "exceeding the proper scope of rebuttal[.]'" *Matthew Enter., Inc. v. Chrysler Grp. LLC*, No. 13-CV-04236-BLF, 2016 WL 4272430, at *2 (N.D. Cal. Aug. 15, 2016). Such a "sanction is **automatic** and **mandatory** unless the sanctioned party can show that its violation . . . was either justified or harmless." *Id*. (citation omitted) (emphasis added); *see also Tubio*, 2024 WL 1191051, at *3 (if a "rebuttal" report fails to comply with these principles, the expert "witness . . . may be viewed as an initial expert who was not timely designated and whose testimony may be struck"). Sections IV-IX of the Cameron Report do not comply with these requirements and should be excluded.

*First*, Sections IV-IX of the Cameron Report do not constitute proper rebuttal because they do not even address Mr. Okpaku's opinions, much less attempt to "rebut" them. *See Tubio*, 2024 WL 1191051, at *3 (granting motion to strike untimely rebuttal report because "merely opining on the same general subject ma[tt]er does not qualify as a rebuttal report if the report does not explicitly rebut and contradict the same evidence relied on by the expert report it seeks to rebut"); *Est. of Goldberg v. Goss-Jewett Co.*, No. 5:14-CV-01872-DSF (AFMx), 2019 WL 8227387, at *3 (C.D. Cal. Oct. 29, 2019) (granting motion to strike untimely rebuttal opinions); *Van Osten v. Home Depot, U.S.A., Inc.*, No. 19CV2106 CAB (BGS),

2020 WL 7427212, at *4 (S.D. Cal. Dec. 17, 2020) (directing plaintiff to submit a new rebuttal report "specifically addressing how his opinion rebuts" defendant's expert's opinions). Instead, they seek to prop up the allegations from Plaintiffs' Complaint as to why Uber purportedly exercises "control" over independent, third-party drivers who utilize its platform. *See* ECF 269, Compl. ¶¶ 72-111. Because such allegations lie at the heart of Plaintiffs' affirmative theory of the case, they should have been disclosed in a proper opening report.

*Second*, exclusion is the proper remedy for this belated disclosure because it is neither substantially justified nor harmless. Dr. Cameron's new opinions could have been served "prior to the disclosure of" Mr. Okpaku's report. *In re Toy Asbestos*, 2021 WL 1056552, at *4 (finding that "Plaintiffs have not offered any credible reason for the delay" in designating causation expert after defendants served their expert's report). Indeed, the only conceivable reason why Plaintiffs are seeking to introduce Dr. Cameron's report into this case is to bolster their case-in-chief. "[W]here the purported rebuttal evidence concerns the party's case in chief, as it does here, its failure to timely disclose the expert is 'indefensible.'" *Tubio*, 2024 WL 1191051, at *4. That is particularly true given that Dr. Cameron appears to have largely repurposed an *opening* report she recently served in the litigation brought against Uber by Massachusetts' Attorney General. *See* Ex. 2 (Oct. 12, 2023 Cameron Mass. AG Opening Report). A comparison of the overview section of the two reports makes it clear that one was copied from the other. For example, the section titled "How Organizational Scholars Define Organizational Control and its Importance" is nearly identical in both reports (Section VI in the Cameron Report and Section III in the Cameron Mass. AG Opening Report). *Compare* Ex. 1 ¶¶ 36-38 with Ex. 2 ¶¶ 14-16. The section titled "How On-Demand Organizations Exercise Organizational Control through Algorithmic Management" in both reports (Section VII in the Cameron Report and Section IV in the Cameron Mass. AG Opening Report) also contains substantial similarities. *Compare* Ex. 1 ¶¶ 39-69 with Ex. 2 ¶¶ 17-40. Given that Dr. Cameron had no difficulty espousing these opinions in an affirmative opening report in another case, there is no (much less substantial) justification for Plaintiffs' failure to disclose them in a proper opening report here.

Finally, Plaintiffs also cannot establish that introduction of these new opinions would be harmless. The expert disclosure rules are "designed to forestall 'sandbagging' by a party with the burden of proof

who wishes to save its best points for reply, when it will have the last word . . . ." *Oracle*, 2011 WL 5572835, at *3. But that is precisely the upshot of Plaintiffs' tactic in this case. By timely disclosing Dr. Cameron's opinions about Uber's purported control over independent drivers in the Massachusetts litigation, the AG afforded Uber an opportunity to respond to the initial claims being offered in support of the state's affirmative liability theories. By contrast, Uber has no corresponding opportunity to rebut what Dr. Cameron is saying in her new report here. Moreover, Uber is being denied this fundamental right at a time when Plaintiffs are simultaneously dragging their feet on making their experts available for depositions, undermining Uber's ability to explore the bases of their opinions and prepare for trial. In short, Plaintiffs "should not be allowed to manufacture a tactical advantage by waiting to disclose critical information about their case." *In re Toy Asbestos*, 2021 WL 1056552, at *4 (Plaintiffs' "actions evince the intent to play fast-and-loose with Rule 26's requirements to the detriment of [Defendants], which the Court will not countenance.") (citation omitted). For this reason, too, the Court should strike Sections IV-IX of the Cameron Report.

## CONCLUSION

For the foregoing reasons, the Court should strike from evidence Sections IV-IX of the October 24, 2025 "rebuttal" expert report of Dr. Lindsey D. Cameron.

DATED: November 5, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By:  */s/ Laura Vartain Horn*

Laura Vartain Horn

CERTIFICATE OF SERVICE                                                                                     CASE NO. 3.23-md-03084-CRB