Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL EXHIBIT 1 TO UBER'S MOTION TO PARTIALLY STRIKE THE REBUTTAL REPORT OF LINDSEY D. CAMERON, PH.D.**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor<br><br>Judge:        Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion ("Motion") to Seal Exhibit 1 to Uber's Motion to Partially Strike the Rebuttal Report of Lindsey D. Cameron, Ph.D. Uber has conferred with Plaintiffs, who have stated their position as follows: "Plaintiffs take no position on [Uber's] redactions and reserve all rights. *See* Declaration of Alexandra Caritis in Support of the Administrative Motion to Seal, ¶ 3. For the reasons set forth herein, good cause exists to seal the redacted version of the following Exhibit:

| Document | Description | Party Claiming Confidentiality |
|---|---|---|
| Exhibit 1 | Redacted Rebuttal Report of Lindsey D. Cameron, Ph.D. | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |

## I.   LEGAL STANDARD

Documents attached to non-dispositive motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c). In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ L.R. 79-5(c).

## II.   ARGUMENT

Good cause exists for redacting the requested portions of the Exhibit. The document at issue relates not to a dispositive motion, but to a motion to strike an expert report as an improper rebuttal pursuant to Rule 37(c) of the Federal Rules of Civil Procedure.[1] This motion to seal therefore only needs to meet the

---

[1] "Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While

less exacting "good cause" standard under Rule 26(c).

The rebuttal report contains quotations from internal company documents that Uber has produced in discovery under the Court's protective order. The limited portions of the report that Uber seeks to redact concern topics such as Uber's algorithms, loyalty programs, and other internal projects and initiatives, as well as discussions revealing internal business strategies. The disclosure of this sensitive information will result in competitive harm to Uber, since it will reveal information concerning its internal business strategies. *See Impossible Foods Inc. v. Impossible LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *3-4 (N.D. Cal. Feb. 27, 2025) (holding that "confidential business information and internal business strategy involving Impossible Foods's trademarks" meets the good cause standard); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 54692, at *3 (N.D. Cal. Jan. 4, 2024) ("The Court finds good cause to seal the information identified…. These exhibits discuss non-public information about Bold's corporate structure and business transactions, which if released would cause Bold competitive harm."); *Laatz v. Zazzle, Inc*., No. 5:22-cv-04844-BLF, 2024 WL 4493441, at *2 (N.D. Cal. Sept. 25, 2024) ("The Court finds that good cause exists to seal Exhibits B and C. The exhibits contain information related to Zazzle's business structure, strategies, and practices, public disclosure of which would harm Zazzle's competitive standing."); *Rodman v. Safeway, Inc*., No. 11-cv-03003-JST, 2013 WL 12320765, at *2 (N.D. Cal. Oct. 30, 2013) ("Both parties agree that much of the material proposed to be sealed is internal information not otherwise made available to the public regarding Safeway.com's pricing strategies, pricing methodology, internal business strategy, financial performance, and transaction and customer data. The Court agrees with both parties that exposing this information could subject Defendant to 'undue burden or expense,' and [it] is therefore sealable.") (internal citation omitted).

In addition, Uber is not seeking to seal the full rebuttal report (or even all portions of the report citing its internal documents), but only to redact very limited excerpts that relate to Uber's sensitive internal communications and strategies. *Impossible Foods Inc.*, 2025 WL 638350, at *4 ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that

---

many technically nondispositive motions will fail this test, some will pass." *Ctr. for Auto Safety*, 809 F.3d at 1101 (internal footnote omitted). Here, the motion to strike—which addresses whether the rebuttal report was improper—is only tangentially related to the merits of this case.

IF's proposed redactions are narrowly tailored"). Moreover, to the extent information was already made public in connection with the JCCP trial and other proceedings, Uber is also not seeking to protect that information. Thus, Uber's approach is the least restrictive alternative, and is narrowly tailored to protect Uber's competitive and other interests.

Accordingly, good cause exists for the Court to redact the Exhibit as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibit be maintained on the docket under seal.

DATED:  November 5, 2025                         Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER,LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn