UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-MD-03084-CRB (LJC)<br><br>[PROPOSED] **MODIFIED** PRETRIAL ORDER NO. **34**: PRETRIAL MECHANICS FOR THE *DEAN* CASE |

Having considered the parties' Stipulation, the Court orders as follows:

1. The summary judgment and *Daubert* papers due on November 10, November 14, December 10, and December 23 will encompass only issues relevant in the *Jaylynn Dean* case. The parties do not waive any arguments or issues that do not relate to the *Dean* bellwether case.

2. The following page limits govern the parties' summary judgment motions in *Dean*:
   - Motion:        30 pages
   - Opposition:    30 pages
   - Reply:         18 pages

3. The following page limits govern the parties' *Daubert* motions in *Dean*:
   - Motions:       90 aggregate pages
   - Oppositions:   90 aggregate pages
   - Replies:       45 aggregate pages

4. The pretrial conference for *Dean* will be set for January 6, 2026, at 10 A.M. P.T. The deadlines that are triggered by the pre-trial conference apply only to the Dean case.

5. The following schedule applies to motions in limine:
   - November 14, 2025:    The parties to exchange proposed MILs

- November 24, 2025: The parties to submit a joint statement or stipulation concerning page and/or number limits on MILs

6. The *Dean* trial will be 80 hours, divided 48 hours to Plaintiff and 32 hours to Uber, not including jury selection or any Phase 2 (should the Court bifurcate the trial). The parties agree that time should be strictly kept pursuant to a chess-clock method, such that all time that a party uses (i.e., crosses and rebuttals) is counted towards the party using the time.

7. Voir dire for the *Dean* trial is rescheduled for January 13, 2026. Counsel may make brief opening statements to the jurors before voir dire. The parties need not submit to the Court "a joint simplified statements of the case to be included in the questionnaire and read to the jury during voir dire" as required by the Court's standing order.

8. The parties will exchange opening demonstratives by 7:30 PM the night before they are to be used.

9. In the interests of efficiency and due to the large number of filings, the Court will permit the parties to file expert reports and other exhibits provisionally under seal in connection with both opening and opposition *Daubert* briefs. Following the filing of the opening motions, the parties will meet and confer as to any proposed PII and other redactions and then file opposed, unopposed, or partially unopposed motions to seal. Each party shall file a single omnibus motion to seal addressing all of the Rule 702 motions, rather than individual motions to seal for each motion, in order to ease the burden on the Court and the parties.

10. The following schedule applies to the omnibus motions to seal:

    a. November 24, 2025: Motions to seal materials filed provisionally under seal in connection with the November 10 and 14 opening *Daubert* motions

    b. December 3, 2025: Oppositions, if any

    c. December 15, 2025: Replies and supplements to opening motions to seal (to the extent new materials are filed provisionally under seal in connection with the December 10 *Daubert* oppositions)

11. The following page limits govern the parties' omnibus motions to seal the Daubert materials:

- Motions: 10 pages
- Oppositions: 10 pages
- Replies/Supplements: 5 pages

**IT IS SO ORDERED.**

Dated: November 7, 2025

IT IS SO ORDERED
Judge Charles R. Breyer