Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE THE OPINIONS OF PLAINTIFFS' EXPERT LACEY KELLER; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge:      Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**NOTICE OF MOTION AND MOTION TO EXCLUDE**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Evidence 702, excluding the opinions of Plaintiffs' expert Lacey Keller. Ms. Keller provides no comparison or baseline for her statistical opinions, and her opinions will therefore not help the jury.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: November 10, 2025                                KIRKLAND & ELLIS LLP


                                                         By: /s/ *Laura Vartain Horn*
                                                         *Counsel for Uber*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs have designated Lacey Keller, a purported data scientist, to opine on the raw reported rates of alleged sexual assault and misconduct ("SA" or "SM") related to rides arranged on the Uber platform. The nub of Ms. Keller's 55-page report is that "hundreds of thousands of Sexual Assault and Sexual Misconduct Incidents [were] reported in the U.S. from 2017 through 2024" at an average pace of once "every eight minutes," and that such alleged incidents were likely underreported. These are entirely rhetorical opinions that lack context and would not help jurors decide the claims in this litigation, which will turn on whether Uber satisfied any purported "duty to act with reasonable care." Master Compl. ¶ 363. Resolution of that fundamental question will require jurors to compare the rate of reported incidents to *some relevant baseline*. That is, to assist the jurors, Ms. Keller would need to have provided some context for those numbers by comparing her statistics related to the Uber platform to some other relevant comparator group, whether that be rates for sexual assault in society generally, rates reported for taxi or other ridesharing services, or even some hypothetical rideshare program with different policies than Uber. Ms. Keller, however, expressly disclaimed even attempting to perform such a comparison. Accordingly, her claims about the number of alleged incidents reported to Uber (or the extent to which they were allegedly underreported) are irrelevant. Moreover, allowing Plaintiffs to parade such opinions bearing the imprimatur of a purported statistical expert at trial would be extremely prejudicial, effectively inviting jurors to falsely conclude that the rate of sexual assault on the Uber platform was too high, despite not providing a comparison of that rate to any relevant baseline.

## II. BACKGROUND

Lacey Keller, a self-described "data scientist," claims to have "calculate[d] the number of, rates of, and trends related to Sexual Assault and Sexual Misconduct Incidents reported to Uber between 2017 and 2024, as well as Uber's investigations of those incidents and Uber's communications about the incidents in Uber's U.S. Safety Reports." Keller Rep. at 5-6 (Ex. 1). Specifically, Ms. Keller contends that "hundreds of thousands of Sexual Assault and Sexual Misconduct Incidents [were] reported in the U.S. from 2017 through 2024" at an average pace of once "every eight minutes," and that such alleged incidents

were likely underreported. *Id.* at 19-25. As Ms. Keller made clear at her deposition, she did not attempt to provide any context or to compare what Uber was doing to any baseline:

> Q: And how sexual misconduct related to the Uber platform compares to the outside world is not something that you've looked at or thought about in your work for this case?
>
> A: That analysis was not necessary to do my analysis….

10/27/2025 Dep. of Lacey Keller ("Keller Dep.") 78:5-11 (Ex. 2); *see also id.* 82:2-16 (comparison of Uber rate to any other alternative "was not necessary"). Ms. Keller further testified that, because "the purpose of [her] report is to show . . . what data Uber had in its possession[,] . . . making comparisons to the taxi industry" or other ridesharing services "was not necessary[.]" *Id.* 40:13-41:6.

### III.  STATEMENT OF THE ISSUES TO BE DECIDED

1. Have Plaintiffs failed to demonstrate by a preponderance of evidence that Lacey Keller's proffered testimony will assist the jury as is required under Federal Rule of Evidence 702?

### IV.  LEGAL STANDARD

The standard for admissibility under Fed. R. Evid. 702 is set forth in Uber's Motion to Exclude the Opinions of Plaintiffs' Expert Minette Drumwright and incorporated herein by reference.

### V.  ARGUMENT

Courts exclude statistical "evidence" that "would not be helpful to the jury" but instead would only "plac[e] a thumb on the scale for" liability. *See People v. Wilson*, 33 Cal. App. 5th 559, 571 (2019) ("Even assuming one could determine that only 1 to 6 percent of sexual abuse allegations are false, that fact would not be helpful to the jury because it tells the jury nothing about whether this particular allegation is false . . . . The jury must evaluate [the] testimony, together with all the other evidence, to decide this question, and it should do so without statistical evidence placing a thumb on the scale for guilt . . . . The statistical evidence was not relevant, and its admission was more prejudicial than probative.").

That is the case here. Plaintiffs seek to have Ms. Keller simply tell jurors that "hundreds of thousands" of incidents were reported on the Uber platform over a seven-year period, implying an average rate of one report every 8 minutes, and that such incidents were likely underreported. *See* Keller Rep. at 19-25. But such raw numbers are meaningless in the absence of a baseline or some sort of comparison group. To use an analogy, the statement that 100,000 patients sustained heart attacks after using a

prescription drug might have rhetorical force because it combines an alarming event (heart attack) with a large number (100,000). But the statistic only has real meaning when compared to users of another drug or a placebo group. For example, if a comparison group of the same size also saw 100,000 patients sustain heart attacks, the finding as to the first drug is statistically meaningless. *In re Meridia Prods. Liab. Litig.*, 328 F. Supp. 2d 791, 807-08 (N.D. Ohio 2004) (utilizing similar hypothetical to explain a related concept), *aff'd*, 447 F.3d 861 (6th Cir. 2006).

Ms. Keller's proposed testimony presents the same statistical problem. It is obvious that Plaintiffs seek to elicit this testimony in hopes of shocking the jury with large numbers and alarming events. But implicit in such a presentation is a representation that something about Uber's conduct is ***causally related*** to the statistics, and to support that representation, Ms. Keller needed to do more. She needed to show that, relative to some baseline, a greater number of SA and SM incidents than would be expected occurred during rides matched on the Uber platform, and that there is some reason to infer that this increase resulted from some fault of Uber's. By her own admission, Ms. Keller has not even attempted to perform such an analysis.[1] As a result, her recitation of bare statistics without any context will do nothing to aid the jury's resolution of disputed facts in this case.

Relatedly, allowing Ms. Keller to testify on this topic would inject substantial prejudice and confusion into the trial. While Ms. Keller insisted that making comparison "to the outside world" was "not necessary," Keller Dep. 78:5-11, her failure to do so means Plaintiffs are left only with bare statistics and the hope that the jury will not understand that they are meaningless without the additional context that Ms. Keller refused to provide. That would be highly prejudicial, particularly given the reality that Uber and Lyft have similar and extremely low reported incident rates and that the rate of reported incidents for rides related to the Uber platform is extremely low compared to other available and relevant rates. *See* Stodden Rep. ¶ 12. Accordingly, exclusion of Ms. Keller's testimony would serve to focus jurors on the relevant task at hand; it would also ensure that they are not left with a distorted (indeed, fallacious) view of the evidence divorced from the relevant context.

---

[1] By contrast, Uber's expert, Dr. Victoria Stodden, compared the reported rates of alleged SA and SM incidents related to rides on the Uber platform with those on other means of transportation. *See* Rep. of Dr. Victoria Stodden ("Stodden Rep.") ¶ 12 (Ex. 3).

## VI. CONCLUSION

For the foregoing reasons, the Court should exclude the opinions of Plaintiffs' expert Lacey Keller.

DATED: November 10, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn