Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT VERONIQUE VALLIERE; MEMORANDUM OF POINTS & AUTHORITIES** |
| This Document Relates to: | |
| *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | |
| | Judge:      Hon. Charles R. Breyer |
| | Courtroom:  6 – 17th Floor |
| | Judge:      Mag. Lisa J. Cisneros |
| | Courtroom:  G – 15th Floor |

## NOTICE OF MOTION AND MOTION TO EXCLUDE

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Evidence 702, partially excluding the opinions of Plaintiffs' expert Veronique Valliere.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: November 10, 2025                                    KIRKLAND & ELLIS LLP

                                                           By: */s/ Laura Vartain Horn*

                                                           *Counsel for Uber*

## TABLE OF CONTENTS

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ................................................................1

I.      INTRODUCTION ....................................................................................................1

II.     BACKGROUND ......................................................................................................1

III.    STATEMENT OF THE ISSUES TO BE DECIDED.............................................2

IV.     LEGAL STANDARD..............................................................................................2

V.      ARGUMENT ...........................................................................................................2

        A.      Dr. Valliere's Proposed Opinions Go Far Beyond Her Expertise. ............................2

        B.      Dr. Valliere Lacks A Reliable Basis For Her Opinions About Uber's Conduct,
                Marketing, Ethics, And Knowledge..........................................................................4

VI.     CONCLUSION.......................................................................................................10

i

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT
VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*,
    613 F. Supp. 3d 1308 (S.D. Cal. 2020), *aff'd*, 9 F.4th 1102 (9th Cir. 2021) ............................9

*Banda v. Herc Rentals, Inc.*,
    No. 18-CV-05329-JCS, 2020 WL 353461 (N.D. Cal. Jan. 21, 2020) ......................................3

*In re Baycol Prods. Litig.*,
    532 F. Supp. 2d 1029 (D. Minn. 2007) ....................................................................................8

*Brown v. Google, LLC*,
    No. 20-cv-3664-YGR, 2022 WL 17961497 (N.D. Cal. Dec. 12, 2022) ..................................2

*Burrows v. 3M Co.*,
    No. C19-1649-RSL, 2022 WL 3346419 (W.D. Wash. Aug. 12, 2022) ..................................10

*In re ConAgra Foods, Inc.*,
    302 F.R.D. 537 (C.D. Cal. 2014) ..............................................................................................6

*Crowley v. Chait*,
    322 F. Supp. 2d 530 (D.N.J. 2004) ..........................................................................................5

*Daubert v. Merrell Dow Pharms.*,
    509 U.S. 579 (1993) ..................................................................................................................8

*Domingo ex rel. Domingo v. T.K.*,
    289 F.3d 600 (9th Cir. 2002) ....................................................................................................7

*Gen. Elec. Co. v. Joiner*,
    522 U.S. 136 (1997) ..................................................................................................................6

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
    340 F. Supp. 3d 934 (N.D. Cal. 2018) ...................................................................................10

*Insolia v. Philip Morris Inc.*,
    53 F. Supp. 2d 1032 (W.D. Wis. 1999), *aff'd in part, rev'd in part on other grounds*,
    216 F.3d 596 (7th Cir. 2000) ....................................................................................................4

*Jones v. United States*,
    933 F. Supp. 894 (N.D. Cal. 1996), *aff'd*, 127 F.3d 1154 (9th Cir. 1997) ..............................7

*Kerrigan v. Maxon Indus.*,
    223 F. Supp. 2d 626 (E.D. Pa. 2002) .......................................................................................3

ii

*In re Lyft Rideshare Cases*,
    No. CJC-20-005061 (Sept. 30, 2025) .........................................................3, 5, 6, 7

*Moller v. Cnty. of San Bernardino*,
    No. 5:22-CV-01306-DSF-MARx, 2024 WL 5185640 (C.D. Cal. Jan. 2, 2024) ......................9

*O'Bryant v. Johnson & Johnson*,
    No. 20-2361 (MAS) (DEA), 2022 WL 7670296 (D.N.J. Oct. 13, 2022) .................................9

*Patterson v. Six Flags Theme Parks Inc.*,
    No. 2:21-CV-02398-KJM-AC, 2024 WL 2112376 (E.D. Cal. May 9, 2024) .........................9

*Popovich v. Sony Music Ent., Inc.*,
    No. 1:02 CV 359, 2005 WL 5990223 (N.D. Ohio May 9, 2005) .............................................3

*Powell v. Anheuser-Busch Inc.*,
    No. CV 09-729-JFW, 2012 WL 12953439 (C.D. Cal. Sept. 24, 2012) ...................................6

*Reinken v. Big Game Treestands*,
    No. C16-3096-LTS, 2018 WL 10625889 (N.D. Iowa Mar. 8, 2018) .......................................4

*Repa v. Napierkowski*,
    No. 1:19-CV-00101-RAL, 2022 WL 1522360 (W.D. Pa. May 13, 2022) ...............................5

*In re Rezulin Prods. Liab. Litig.*,
    309 F. Supp. 2d 531 (S.D.N.Y. 2004) ...................................................................................8

*Siqueiros v. Gen. Motors LLC*,
    No. 16-CV-07244-EMC, 2022 WL 74182 (N.D. Cal. Jan. 7, 2022) ...............................9, 10

*Smith v. Pac. Bell Tel. Co.*,
    649 F. Supp. 2d 1073 (E.D. Cal. 2009) .................................................................................6

*Snyder v. Bank of Am., N.A.*,
    No. 15-CV-04228-KAW, 2020 WL 6462400 (N.D. Cal. Nov. 3, 2020) .................................3

*Valentine v. Pioneer Chlor Alkali Co.*,
    921 F. Supp. 666 (D. Nev. 1996) ...........................................................................................8

*Wolfe v. McNeil-PPC, Inc.*,
    No. 07-348, 2011 WL 1673805 (E.D. Pa. May 4, 2011) ........................................................8

*Wyatt Tech. Corp. v. Malvern Instruments, Inc.*,
    No. CV 07-8298 ABC, 2010 WL 11505684 (C.D. Cal. Jan. 25, 2010), *aff'd in part*,
    526 F. App'x 761 (9th Cir. 2013) .........................................................................................2

**Rule**

Fed. R. Evid. 702 .............................................................................................. *passim*

iii

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT
VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    INTRODUCTION

Dr. Veronique Valliere is a clinical psychologist who focuses on issues related to interpersonal violence. Uber is not seeking to exclude Dr. Valliere's opinions to the extent they fall within her area of expertise.[1] But Plaintiffs also seek to have Dr. Valliere testify on a broad range of topics that are outside her wheelhouse, are not proper subjects for expert testimony, are based on speculation, and/or constitute improper legal opinions. For the reasons set forth below, these opinions are inadmissible.

Judge Schulman previously excluded Dr. Valliere's marketing opinions on the basis that "Dr. Valliere is not qualified to testify regarding Uber's marketing practices[.]" Order at 35, *In re Uber Rideshare Services*, JCCP 5188 ("JCCP Order") (Aug. 29, 2025) (Ex. 2). This Court should do the same. Although Judge Schulman did permit Dr. Valliere to testify "regarding the enhanced risk of sexual assault for women using Uber," *id.* at 36, Dr. Valliere's expertise related to sexual assault does not render her an expert on Uber's technical features, its corporate values, or its warnings. Judge Schulman further noted that Dr. Valliere's methodological flaws, including her narrow review of documents, "misunderstanding" of certain evidence, and "assumptions" were matters that could be addressed on cross-examination, *id.* at 36-37, but Uber respectfully submits that Dr. Valliere's unreliable methodology renders her opinion inadmissible under amended Rule 702.

### II.    BACKGROUND

Dr. Valliere is a self-professed "expert on sexual assault, sexual offenders, and victims of sexual assault[.]" Valliere Rep. at 1. Dr. Valliere seeks to provide a hodgepodge of opinions outside of her discipline that are intended to bolster Plaintiffs' allegations against Uber, including that: (1) Uber's marketing efforts "can and ha[ve] exploited [consumer] ignorance to provide the illusion of safety on Uber while avoiding the true measures that could mitigate risk," *id.* at 12; (2) "[t]here are unique features to the Uber rideshare environment that allow sexual offenders to sexually assault and maltreat female passengers

---

[1] This includes Dr. Valliere's general opinions on victim responses to sexual violence, *see* Valliere Rep. at 43-44 (Ex. 1); offender pathology, *see id.* at 34; sex offenders and stereotypes, *see id.* at 30-31; the impact of fear during and after an incident, *see id.* at 43; and internal and external factors influencing victim behavior, *see id.* at 44-45.

and drivers," *id.* at 11; and (3) Uber "misled riders that it[s platform] was safe for women," *id.* at 46. She also seeks to testify about the ethical appropriateness of Uber's actions and Uber's corporate safety guidelines, *id.* at 48, and what Uber allegedly knew about sexual assault on rides arranged through its platform, *id.* at 35.

## III.    STATEMENT OF THE ISSUES TO BE DECIDED

1.    Have Plaintiffs failed to demonstrate by a preponderance of evidence that the majority of Dr. Valliere's proffered testimony satisfies Federal Rule of Evidence 702?

## IV.    LEGAL STANDARD

The legal standard governing Rule 702 motions is set forth in Uber's Motion to Exclude the Opinions of Dr. Minette Drumwright and incorporated herein.

## V.    ARGUMENT

### A.    Dr. Valliere's Proposed Opinions Go Far Beyond Her Expertise.

Dr. Valliere's opinions on marketing and/or branding, corporate values, failure to warn and Uber's safety features extend far beyond Dr. Valliere's self-described expertise and should be excluded.

***Marketing.*** Judge Schulman recently excluded Dr. Valliere's marketing opinions, expressly finding that "Dr. Valliere is not qualified to testify regarding Uber's marketing practices, including its 'branding' and the purported impact of its advertisements on the general population." JCCP Order at 35. As he explained, "her report and c.v. do not reflect any relevant skill or expertise in marketing"; she "did not conduct any survey of how Uber's advertisements affected the general public or women customers in particular"; "nor did she speak to a single plaintiff or driver who uses the Uber platform on that subject." *Id.* at 35-36. Nothing has changed since that ruling. Valliere Dep. 57:3-8, 59:7-12, 60:9-15, 61:1-3 (Ex. 3); *see also Wyatt Tech. Corp. v. Malvern Instruments, Inc.*, No. CV 07-8298 ABC (MANx), 2010 WL 11505684, at *8 (C.D. Cal. Jan. 25, 2010) (collecting cases) ("[A]n expert offering opinions on consumer perceptions must be qualified as an expert in consumer perceptions."), *aff'd in part*, 526 F. App'x 761 (9th Cir. 2013); *Brown v. Google, LLC*, No. 20-cv-3664-YGR, 2022 WL 17961497, at *11 (N.D. Cal. Dec. 12, 2022) (holding that although security technologist could "opine generally about relevant privacy issues, he does not have specialized expertise in opining about the purported understandings and

expectations of consumers specifically").

**Corporate Values.** Dr. Valliere is not an expert in government regulations or corporate governance.[2] Valliere Dep. 59:14-18, 61:22-62:1. She has never worked at a large corporation as an executive and has no formal training in managing or running a large business. *Id.* 412:11-413:9. Indeed, when asked if she has ever been part of a "C suite," Dr. Valliere admitted, "I don't know what that is." *Id.* 412:11-15. Accordingly, such opinions should be excluded. *See, e.g.*, *Popovich v. Sony Music Ent., Inc.*, No. 1:02 CV 359, 2005 WL 5990223, at *3 (N.D. Ohio May 9, 2005) (finding that because expert was "a valuation expert only," he was unqualified to opine on "corporate operations or strategy" or "accounting ethics or ethics generally").

**Uber's Safety Features.** Dr. Valliere conceded at her deposition that she is not an expert in transportation services and she has no training in developing safety features for rideshare applications. Valliere Dep. 56:5-12; 168:20-169:2.[3] As a result, she lacks relevant qualifications to offer opinions about Uber's safety features. On this basis, a court recently excluded Dr. Valliere's opinions pertaining to "Lyft safety analysis and Lyft's safety measures" because Dr. Valliere did "not have the requisite expertise" to opine on these topics. *See In re Lyft Rideshare Cases*, No. CJC-20-005061, at 8 (Sept. 30, 2025) (Ex. 4). This Court should find the same and exclude Dr. Valliere's opinions about Uber's safety features. *See, e.g.*, *Banda v. Herc Rentals, Inc.*, No. 18-CV-05329-JCS, 2020 WL 353461, at *10 (N.D. Cal. Jan. 21, 2020) (excluding expert's safety features opinions because "he does not have expertise in designing heavy equipment and therefore is not qualified to testify about whether the Backhoe *should* have had the safety features described in these opinions or whether the lack of these features constitutes a design defect"); *Kerrigan v. Maxon Indus.*, 223 F. Supp. 2d 626, 636, 639 (E.D. Pa. 2002) (excluding expert as unqualified where he did "not have any experience in designing or constructing hydraulic systems or safety devices

---

[2] Judge Schulman did not directly address this argument.

[3] Although Dr. Valliere refused to admit that she is not an expert on "rideshare services" at her deposition, this testimony is at odds with Dr. Valliere's previous admission that she is "not an expert on Rideshare platforms." Valliere Dep. 52:20-54:12. "[C]ontradiction[s]" in an expert's testimony "render[] [her] opinions unreliable." *Snyder v. Bank of Am., N.A.*, No. 15-CV-04228-KAW, 2020 WL 6462400, at *6 (N.D. Cal. Nov. 3, 2020).

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT
VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

intended to check their operation").[4]

**Failure to Warn.** Dr. Valliere admitted at her prior deposition that she has never drafted a consumer-facing warning and has no expertise in consumer warnings. Valliere JCCP Dep. 189:5-20 (Ex. 5). These admissions warrant exclusion of her warning opinions. *See, e.g.*, *Reinken v. Big Game Treestands*, No. C16-3096-LTS, 2018 WL 10625889, at *12 (N.D. Iowa Mar. 8, 2018) (expert was not qualified to testify about adequacy of warnings because he had "never written any warnings or instructions for tree stand products").

For this reason alone, the Court should exclude Dr. Valliere's opinions on marketing, corporate values, Uber's safety features and failure to warn.

**B.    Dr. Valliere Lacks A Reliable Basis For Her Opinions About Uber's Conduct, Marketing, Ethics, And Knowledge.**

Not only is Dr. Valliere unqualified to offer the bulk of her opinions, but the opinions themselves are not based on a reliable methodology and/or are impermissibly speculative.

    1.    Dr. Valliere's Marketing Opinions Are Inadmissible.

Expert testimony about the impact of marketing or warnings on consumers must be grounded in reliable evidence, such as surveys or social science research. *See, e.g.*, *Insolia v. Philip Morris Inc.*, 53 F. Supp. 2d 1032, 1041 (W.D. Wis. 1999) (excluding marketing expert's "sweeping assertions" that tobacco industry's advertising caused consumers to underappreciate the risks of smoking absent citations to "hard evidence," such as "citations to public opinion surveys, anthropological, market or sociological studies" or other evidence "that would demonstrate the actual impact of . . . advertising"), *aff'd in part*, *rev'd in part on other grounds*, 216 F.3d 596 (7th Cir. 2000). Here, Dr. Valliere cannot point to *any* data, study or other objective evidence supporting her opinions regarding the factors consumers consider when deciding whether or not to utilize Uber rideshare services. *See* Valliere Dep. 272:20-274:15; *see also* Valliere JCCP

---

[4] Judge Schulman held that Dr. Valliere was qualified to testify "regarding the enhanced risk of sexual assault for women using Uber" because her "expertise necessarily encompasses the features of the environments in which victims may be subjected to sexual assault, whether they are vehicles or military bases, and how those features may affect victims' reactions." JCCP Order at 36. Uber respectfully submits, however, that such expertise does not render Dr. Valliere an expert on Uber's specific safety features—such as background checks, GPS systems, driver ratings systems, and investigatory procedures.

Dep. 206:16-21 ("I don't have a study that says [how individuals react to Uber advertising.]"). This is, in part, because Dr. Valliere has not personally conducted *any* study on drivers or riders at all. Valliere Dep. 274:17-23.

The JCCP court recognized as much in precluding Dr. Valliere from offering similar marketing opinions, expressly faulting Dr. Valliere for "not conduct[ing] any survey of how Uber's advertisements affected the general public or women customers in particular" and not speaking "to a single plaintiff or driver who uses the Uber platform on that subject." JCCP Order at 35-36. The *Lyft* court found similarly, concluding that "the court does not anticipate allowing Dr. Valliere to testify to her opinions as to . . . Lyft's marketing or branding." *See In re Lyft Rideshare Cases*, No. CJC-20-005061, at 7 (Sept. 12, 2025). This Court should find the same and exclude these opinions.

2.    Dr. Valliere's "Enhanced Risk" Opinions Are Rank Speculation.

Dr. Valliere also broadly seeks to opine on the alleged "enhanced risk of sexual assault and sexual misconduct of women using Uber." Valliere Rep. at 1. Specifically, Dr. Valliere posits that "[t]here are unique features to the Uber rideshare environment that allow sexual offenders to sexually assault and maltreat female passengers and drivers." *Id.* at 11. These opinions should be excluded as unfounded speculation.

*First*, Dr. Valliere has no reliable methodological basis for her opinion that there is an increased risk of sexual assault to women due to Uber's actions and safety features. Although Dr. Valliere purports to base her opinions on a review of Uber's documents and deposition evidence, Valliere Dep. 379:22-380:21, that "review" was admittedly limited to documents hand-selected by Plaintiffs' counsel, *see id.* 380:22-381:1, 245:22-246:5, 246:8-12.[5] Such "selective furnishing of information by counsel to an expert" does not constitute a reliable methodology. *Crowley v. Chait*, 322 F. Supp. 2d 530, 542 (D.N.J. 2004) (excluding expert's opinion based on "information spoonfed to him by plaintiff's counsel"); *Repa v. Napierkowski*, No. 1:19-CV-00101-RAL, 2022 WL 1522360, at *3 (W.D. Pa. May 13, 2022) (excluding

---

[5] Dr. Valliere's prior testimony in the JCCP proceeding further confirms that the scope of the materials was limited to what was provided to her by her by Plaintiffs' attorneys, Valliere JCCP Dep. 200:19-201:2; *id.* 72:20-73:1, 76:10-77:14, 80:12-22, and that counsel single-handedly "made the determination if something was relevant" to Dr. Valliere's opinions, *id.* 76:25-77:8, *see also id.* 120:6-17.

expert's "opinions" because "selective summary of party and witness testimony and other evidence [in an expert report] will not assist the jury").

Dr. Valliere's deposition testimony also illustrates that she lacked information material to her expert opinions. For example, although she seeks to opine broadly on rideshare safety features, Valliere Rep. at 11, 31, Dr. Valliere admittedly "did not investigate any" studies regarding the safety or efficacy of any rideshare feature, Valliere Dep. 167:16-25. The closest she came to conducting any research was a "conversation [she] had with a taxi driver" about dashcams, although she was unable to identify the name of the driver or when the conversation occurred. *Id.* 178:9-180:11. And Dr. Valliere reached her opinion that "[r]ideshares are a ripe environment for sexual assault" ***before*** she reviewed any Uber documents, *id.* 413:11-414:12, highlighting the non-rigorous, results-oriented nature of her approach. In short, Dr. Valliere's reliance (at Plaintiffs' attorneys' direction) on "incomplete facts and data" renders her opinions unreliable because "an expert must know 'of facts which enable him to express a reasonably accurate conclusion.'" *Powell v. Anheuser-Busch Inc.*, No. CV 09-729-JFW (VBKx), 2012 WL 12953439, at *7 (C.D. Cal. Sept. 24, 2012) (citing *Smith v. Pac. Bell Tel. Co.*, 649 F. Supp. 2d 1073, 1096-97 (E.D. Cal. 2009)).[6]

***Second***, Dr. Valliere's opinions are also unreliable because "there is simply too great an analytical gap between the data and the opinion proffered." *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 146 (1997).[7] The *Lyft* court found as much in excluding Dr. Valliere's testimony on "whether Lyft increased the risk to passengers," holding that Dr. Valliere's opinions on the topic were "speculative" and that "the jury can

---

[6] Judge Schulman allowed Dr. Valliere to offer opinions "regarding the enhanced risk of sexual assault for women using Uber," noting that Dr. Valliere's narrow review of documents, "misunderstanding" of certain evidence, and "assumptions" were matters that could be addressed on cross-examination. JCCP Order at 36-37. Uber respectfully submits that, pursuant to the amended Rule 702, Dr. Valliere's numerous methodological flaws renders her opinion inadmissible. Indeed, one reason for the amendment was to clarify that unreliability is a basis for exclusion, not cross. *See* Fed. R. Evid. 702, advisory committee's note. In any event, Dr. Valliere's most recent deposition presented additional grounds for exclusion, addressed herein, that Judge Schulman did not address.

[7] Dr. Valliere's report also contains several charts copied from Plaintiffs' data expert, Lacey Keller. Valliere Rep. at 16, 17, 22. For an expert to rely on evidence prepared by another expert, the "record [must] demonstrate[] that the expert conducted an independent evaluation of that evidence." *In re ConAgra Foods, Inc.*, 302 F.R.D. 537, 556-57 (C.D. Cal. 2014) (precluding opinion by expert who "merely reviewed the surveys prepared by marketing experts and . . . report[ed] what they found"). No such record exists here.

---

6

**DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT VERONIQUE VALLIERE**

decide whether, and if so, to what extent Lyft's practices and procedures affected women's use of the application[.] *See In re Lyft Rideshare Cases*, No. CJC-20-005061, at 7 (Sept. 30, 2025); *see also id.* ("[Dr. Valliere] has no evidentiary basis for testifying whether or not Lyft's platform contributed to emboldening offenders. There is no foundation for her opinions."). Dr. Valliere commits the same errors here. Dr. Valliere's risk opinion rests on the premise that "the actual number of sexual assault[s] [in Ubers] . . . is significant." Valliere Rep. at 16. But Dr. Valliere ignores that the number of reported sexual assault incidents is exceedingly small given the billions of rides across the United States in which the drivers and riders use the Uber application—between 0.00002% and .006%. *See, e.g.*, Valliere Dep. 228:20-229:13.[8] Thus, Dr. Valliere has no evidence to support her opinion that rides on the Uber platform are not safe, further supporting the exclusion of her opinions. *See Jones v. United States*, 933 F. Supp. 894, 898 (N.D. Cal. 1996) (excluding experts who "did not cite to any competent scientific evidence to support their testimony" and noting that although the experts "claimed that their opinions were supported by numerous scientific articles," "a careful reading of these articles reveals that many of their authors came to different conclusions than Plaintiffs' witnesses did"), *aff'd*, 127 F.3d 1154 (9th Cir. 1997).

### 3. Dr. Valliere Also Lacks A Reliable Basis For Her Failure-To-Warn Opinions.

Dr. Valliere also seeks to testify that "Uber should provide warnings and accurate, complete information directly to riders about sexual assaults and sexual misconduct occurring on Uber." Valliere Rep. at 46; *see also id.* at 45. Similarly, Dr. Valliere repeatedly criticizes Uber for not "disclos[ing] to passengers or educat[ing] them" on the risks of sexual assault. *Id.* at 40, 46. Dr. Valliere's failure-to-warn opinions are inadmissible because they are pure ipse dixit. *See Domingo ex rel. Domingo v. T.K.*, 289 F.3d 600, 607 (9th Cir. 2002) (trial court properly excluded expert where "there was nothing but [expert]'s ipse dixit linking" the alleged conduct to the plaintiff's injury). The crux of Dr. Valliere's failure-to-warn opinion is that Uber's lack of warnings "of sexual assaults and sexual misconduct occurring during Uber rides" prevented customers from "mak[ing] informed decisions about when, how, and whether to use Uber's mode of transportation," Valliere Rep. at 2, 40, but she cites no evidence demonstrating that the provision of more or different information by Uber would have had any impact on any customer's

---

[8] https://www.uber.com/newsroom/ubers-safety-record/.

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT VERONIQUE VALLIERE

Case No. 3.23-md-03084-CRB (LJC)

decision-making, let alone Ms. Dean's. *See* Valliere Dep. 202:21-203:16 (Dr. Valliere admitting that she has not conducted any studies to support her failure-to-warn opinions). Such "speculation [and] conjecture [are] inadmissible[.]" *Valentine v. Pioneer Chlor Alkali Co.*, 921 F. Supp. 666, 672 (D. Nev. 1996) (citing *Daubert v. Merrell Dow Pharms.*, 509 U.S. 579, 589-90 (1993)).

4.    Dr. Valliere's Opinions On Corporate Values And Ethics Should Be Excluded.

Dr. Valliere's proposed testimony also includes impermissible commentary on Uber's "values" and the ethics of Uber's conduct, neither of which is a proper subject of expert testimony. *See In re Rezulin Prods. Liab. Litig.*, 309 F. Supp. 2d 531, 542-43 (S.D.N.Y. 2004) (noting that expert testimony "concerning the ethical obligations of . . . companies and whether the defendants' conduct was ethical [is] inadmissible" because it rests on "personal, subjective views" rather than "knowledge" within the meaning of Rule 702); *In re Baycol Prods. Litig.*, 532 F. Supp. 2d 1029, 1053, 1057-58 (D. Minn. 2007) (excluding expert testimony that the defendant "was unethical"; "[p]ersonal views on corporate ethics and morality are not expert opinions"). For example, Dr. Valliere seeks to testify about "the #DeleteUber campaign," which she claims "became viral" due to "many issues calling into question [Uber's] values, including its handling of sexual assault and sexual harassment." Valliere Rep. at 6. Dr. Valliere also seeks to opine that "Uber's values" include "ambition, being 'trip obsessed,' caring 'deeply about our impact,' embedding 'safety into everything we do,' and 'seeing the big picture and the details,'" while noting that "[doing] the right thing" "is the last listed value" in terms of priority to the company. *Id.*

Dr. Valliere does not reference (much less reliably apply) any objective standard in offering these highly subjective opinions about Uber's values and ethics. *See Valentine*, 921 F. Supp. at 672 (citing *Daubert*, 509 U.S. at 589-90). Moreover, such opinions "would not assist the [jury] in determining any factual dispute in this case" because Uber's "ethical character . . . is not relevant to these lawsuits." *See In re Rezulin*, 309 F. Supp. 2d at 544 ("While the defendants may be liable in the court of public opinion, or before a divine authority for any ethical lapses, expert opinion as to the ethical character of their actions simply is not relevant to these lawsuits."). Further, any tenuous probative value of Dr. Valliere's testimony would be "vastly outweighed by the tendency of such testimony to encourage the jury to impose liability on an improper basis." *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *9 (E.D. Pa. May

4, 2011) (expert's testimony about defendant's "social responsibility and ethical obligations" was alternatively inadmissible). For all of these reasons, the evidence should be excluded.

### 5. Dr. Valliere's Opinions Regarding Uber's Knowledge Should Be Excluded.

Dr. Valliere's report and deposition testimony are replete with statements concerning Uber's supposed corporate knowledge. For example, Dr. Valliere claims that "Uber knows the public and passengers look to its background check system as a safety feature and rely on it." Valliere Rep. at 23; *see also id.* at 32; 43. She also seeks to testify about Uber's motives and intent, including its alleged effort to "minimiz[e] . . . the severity of behavior that does not rise to the level of 'assault.'" *Id.* at 40; *see also id.* at 16. These opinions should be excluded because issues related to "state of mind are properly for the trier of fact." *Patterson v. Six Flags Theme Parks Inc.*, No. 2:21-CV-02398-KJM-AC, 2024 WL 2112376, at *3 (E.D. Cal. May 9, 2024); *see also Moller v. Cnty. of San Bernardino*, No. 5:22-CV-01306-DSF-MARx, 2024 WL 5185640, at *7 (C.D. Cal. Jan. 2, 2024) ("Courts routinely exclude as impermissible expert testimony as to intent, motive, or state of mind.") (citation omitted); *Aya Healthcare Servs., Inc. v. AMN Healthcare, Inc.*, 613 F. Supp. 3d 1308, 1322 (S.D. Cal. 2020) (expert's state-of-mind conclusions were inadmissible because such "testimony intrudes on the province of the jury, wh[ich] is capable of evaluating the same evidence and drawing conclusions without [the expert's] proffered testimony"), *aff'd*, 9 F.4th 1102 (9th Cir. 2021).

### 6. Dr. Valliere's Opinions Constitute Improper Recitation Of Documents.

Finally, Dr. Valliere offers a number of "opinions" that merely consist of her summarizing company documents under the guise of expert testimony. Such testimony should be barred from trial.

An expert "may not restate or summarize record evidence and then state a conclusion without applying a methodology that is reliable and which evinces his/her expertise." *Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2022 WL 74182, at *9 (N.D. Cal. Jan. 7, 2022); *see also O'Bryant v. Johnson & Johnson*, No. 20-2361 (MAS) (DEA), 2022 WL 7670296, at *13 (D.N.J. Oct. 13, 2022) (testimony that "simply parrot[s] [d]efendant's corporate documents or offer[s] a narrative account of events from them will not be helpful to the jury") (citation omitted).

Many of Dr. Valliere's "opinions" contravene these principles because she parrots corporate

9

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT
VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

documents that jurors are fully capable of understanding and interpreting. For example, in opining that "Uber knew" about "the motivations of perpetrators and the ease of committing a sexual" assault, Dr. Valliere quotes a "training document" produced by Uber. Valliere Rep. at 32. Dr. Valliere also claims that "Uber itself knew that intoxicated women riders with male drivers were at significant higher risk of sexual assault in an Uber as early as 2015 or 2016," again citing an internal document. *Id.* at 35. Elsewhere in her report, Dr. Valliere similarly seeks to summarize certain cherry-picked Uber marketing materials for the jury. *See, e.g.*, *id.* at 12-13. But Dr. Valliere does not actually apply any expertise or methodology to her review of these documents; thus, these opinions should also be excluded because "the jury is in as good a position as the expert to draw conclusions from the evidence, and is capable of drawing its own inferences[.]" *Siqueiros*, 2022 WL 74182, at *9 (quoting *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 992 (N.D. Cal. 2018)); *see also Burrows v. 3M Co.*, No. C19-1649-RSL, 2022 WL 3346419, at *5 (W.D. Wash. Aug. 12, 2022) (expert "invade[d] . . . province" of jury where his opinion was based on review of defendant's promotional materials).

## VI.    CONCLUSION

For the foregoing reasons, the Court should exclude Plaintiffs' expert Dr. Veronique Valliere's opinions on: (1) Uber's marketing and its supposed impact on riders and drivers; (2) features of the Uber app that allegedly make female passengers susceptible to sexual assault; (3) Uber's supposed failure to warn riders of the risks of sexual assault; (4) the alleged inadequacy of Uber's safety guidelines and other commentary on Uber's values; and (5) Uber's supposed knowledge. The Court should also bar Dr. Valliere from simply regurgitating company documents under the guise of expert testimony.

DATED: November 10, 2025                    Respectfully submitted,


*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

DEFENDANTS' MOTION TO PARTIALLY EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT
VERONIQUE VALLIERE
Case No. 3.23-md-03084-CRB (LJC)

1

### CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By:  */s/ Laura Vartain Horn*
_____
Laura Vartain Horn