Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT JAY FELDIS; MEMORANDUM OF POINTS & AUTHORITIES**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge:     Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**NOTICE OF MOTION AND MOTION TO EXCLUDE**

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Evidence 702, excluding the opinions of Plaintiffs' Expert Jay Feldis.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated:  November 10, 2025                              KIRKLAND & ELLIS LLP

                                                                              By: */s/ Laura Vartain Horn*
                                                                              *Counsel for Uber*

**TABLE OF CONTENTS**

Page

MEMORANDUM OF POINTS AND AUTHORITIES ...................................................................1

I.    INTRODUCTION ...............................................................................................................1

II.   BACKGROUND .................................................................................................................1

III.  STATEMENT OF THE ISSUES TO BE DECIDED.........................................................2

IV.   LEGAL STANDARD..........................................................................................................3

V.    ARGUMENT.......................................................................................................................3

      A.    Mr. Feldis's Opinions About The Feasibility Of Dashcam Technology From 2017-Present Are Unreliable And Inadmissible. ....................................................3

      B.    Mr. Feldis's Opinion That Dashcams Deter Crimes Is Also Inadmissible..............5

VI.   CONCLUSION....................................................................................................................6

## TABLE OF AUTHORITIES
Page(s)

**Cases**

*Beard v. United States Postal Serv.*,
    No. 17-cv-03218-JCS, 2019 WL 257978 (N.D. Cal. Jan. 18, 2019) .........................................5

*Blockchain Innovation, LLC v. Franklin Res., Inc.*,
    No. 21-CV-08787-TSH, 2024 WL 5483606 (N.D. Cal. Oct. 22, 2024) ...................................3

*Currie v. Chevron U.S.A. Inc.*,
    No. 1:05-CV-1610-BBM, 2006 WL 5249707 (N.D. Ga. Sept. 19, 2006) ................................5

*Deitsch Plastics Co. v. Gredale LLC*,
    602 F. Supp. 3d 1331 (C.D. Cal. 2022), *aff'd*, No. 22-55569, 2023 WL 3994960
    (9th Cir. June 14, 2023) .........................................................................................................3

*Duchimaza v. United States*,
    211 F. Supp. 3d 421 (D. Conn. 2016) ....................................................................................4

*Martinez v. Coloplast Corp.*,
    No. 2:18-CV-220, 2022 WL 425206 (N.D. Ind. Feb. 11, 2022) .............................................3

*Ollier v. Sweetwater Union High Sch. Dist.*,
    768 F.3d 843 (9th Cir. 2014) ..................................................................................................6

*Santiago Salas v. PPG Architectural Finishes, Inc.*,
    No. C17-1787RSM, 2019 WL 399029 (W.D. Wash. Jan. 31, 2019) ........................................6

*Shahinian v. Kimberly-Clark Corp.*,
    No. CV 14-8390-DMG, 2017 WL 11595343 (C.D. Cal. Mar. 7, 2017) .................................5

*Snyder v. Bank of Am., N.A.*,
    No. 15-CV-04228-KAW, 2020 WL 6462400 (N.D. Cal. Nov. 3, 2020) .................................3

*United States Fid. & Guar. Co. v. Ulbricht*,
    576 F. Supp. 3d 850 (W.D. Wash. 2021) ................................................................................6

*United States v. Chang*,
    207 F.3d 1169 (9th Cir. 2000) ................................................................................................3

*Washington v. Resol. Tr. Corp.*,
    No. CIV.A. 3:92-CV-2606-P, 1996 WL 734938 (N.D. Tex. Dec. 12, 1996) ..........................5

**Rule**

Fed. R. Evid. 702 ...................................................................................................2, 2, 3, 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Jay Feldis is an electrical engineer who has spent the majority of his career in product development. Based on his experience working on the development of web cameras in the Video Products Division at Logitech Inc. from 1993 to 2006, Mr. Feldis seeks to offer opinions about the technological feasibility of networked dashboard cameras ("dashcams") in "rideshare vehicles" (as he calls them)[1] beginning in 2017 (eleven years after he left Logitech). Because he lacks expertise in the development of dashcams or safety features integrated into vehicles more broadly, especially during the relevant time period, Mr. Feldis relies on Google searches to identify dashcams that were allegedly commercially available beginning in 2017. Based on a handful of press releases related to dashcams, Mr. Feldis concludes it was technologically feasible to employ dashcams in every single trip arranged in connection with the Uber platform and to automatically send footage from each and every trip to Uber beginning in 2017.

The Court should exclude these opinions because they are neither based on relevant experience nor the product of a reliable methodology and thus do not meet the applicable standards for the admission of expert testimony. Mr. Feldis has no relevant experience with dashcams or the safety dimensions of cameras, and his method of searching Google to develop a feasibility timeline is manifestly not a reliable methodology. And at a minimum, even if the Court were inclined to permit Mr. Feldis to testify about the "feasibility" of dashcam technology as of 2017, he should be barred from offering opinions about the deterrent effect of dashcams. As Mr. Feldis admits, he is "here as an expert on the technology" and could not "say that [he is] an expert . . . on the criminology part of it." Feldis Dep. 83:13-15 (Ex. 1).

## II.    BACKGROUND

Mr. Feldis is an electrical engineer who currently serves as a consultant in the fields of engineering, product development, and technical program management. Feldis Rep. at 2 (Ex. 2). From 1993 to 2006, Mr. Feldis worked at Logitech Inc., where he focused on webcam products. *Id.* at 16. After leaving Logitech in 2006, Mr. Feldis worked for Leapfrog, where he developed learning products for children; was employed by a start-up called "Device Anywhere" that focused on remote mobile application testing;

---

[1] Uber does not own vehicles driven by independent drivers.

developed a retail e-commerce business for collectors; and developed a Bitcoin blockchain device. *Id*. at 16. Beginning in 2016, Mr. Feldis began consulting for Product Realization Group on a variety of product management assignments. *Id.* at 15. According to Mr. Feldis, aside from his work at Logitech from 1993 to 2006, he has worked on only five camera-related products in a consulting role, including a doorbell camera in 2016 or 2017, a baby monitor in approximately 2018 or 2019, a robotic trash sorter in the 2019 and 2020 timeframe, cameras related to identifying a charging station between 2017 and 2018, and a FedEx delivery robot. Feldis Dep. 65:8-20. Mr. Feldis has never done any work with respect to a dashcam product prior to becoming involved in this litigation, has no experience related to integrating technology into passenger vehicles, and has no experience developing passenger vehicle safety systems. *Id*. 70:22-71:2; 71:20-22; 72:6-13.

Despite opining about the purported effect of dashcams in deterring criminal conduct, Mr. Feldis acknowledges that he is not a criminologist, *id.* 72:18-19; he is not an expert in deterrence theory, *id.* 72:24-25; he is not an expert in crime prevention, *id*. 72:22-23; and he is not an expert in law enforcement, *id*. 73:8-9. He has never researched or reviewed a single study concerning the deterrent effect of surveillance cameras on crime prevention, *id.* 83:17-20, and he does not hold himself out as an expert related to the "criminology part" of cameras, *id.* 83:13-15. In short, as Mr. Feldis admits, he is familiar with camera technology, but he is not qualified to act as an expert regarding the effects of cameras as they relate to crime prevention. *Id*.

In connection with this case, Mr. Feldis seeks to opine, based on Google searches regarding the availability of dashcams over time, that it was technologically feasible to employ networked dashcams in every single vehicle using the Uber platform as early as 2017. Feldis Rep. at 13. In addition, despite admittedly having no expertise regarding the role of cameras in crime prevention, Mr. Feldis seeks to offer the opinion that "in some situations" cameras can deter crime. Feldis Dep. 75:12-15.

III.  **STATEMENT OF THE ISSUES TO BE DECIDED**

1. Have Plaintiffs failed to demonstrate by a preponderance of evidence that Jay Feldis's proffered testimony satisfies the requirements of qualification and reliability that are enumerated in Federal Rule of Evidence 702?

## IV. LEGAL STANDARD

The standard for admissibility under Fed. R. Evid. 702 is set forth in Uber's Motion to Exclude the Opinions of Plaintiffs' Expert Minette Drumwright and incorporated herein by reference.

## V. ARGUMENT

### A. Mr. Feldis's Opinions About The Feasibility Of Dashcam Technology From 2017-Present Are Unreliable And Inadmissible.

Mr. Feldis asserts in his expert report that dashcam technology that records audio and video for every ride without the driver controlling the footage was available for use in "rideshare vehicles" by 2017. Feldis Rep. at 13. This opinion, however, is not supported by any relevant experience; nor is it the product of a reliable methodology.

*First*, Mr. Feldis lacks the relevant qualifications to opine on the technological feasibility of dashcam technology integrated into "rideshare vehicles." "While a witness 'can qualify as an expert through practical experience in a particular field,' it must be shown that the experience relates to issues in dispute such that the expertise would be helpful to the trier of fact." *Blockchain Innovation, LLC v. Franklin Res., Inc.*, No. 21-CV-08787-TSH, 2024 WL 5483606, at *9 (N.D. Cal. Oct. 22, 2024) (citation omitted). Thus, an expert in one field does not automatically qualify as an expert in another, even when their subject matter may overlap. *E.g.*, *Martinez v. Coloplast Corp.*, No. 2:18-CV-220, 2022 WL 425206, at *3 (N.D. Ind. Feb. 11, 2022) (excluding expert in pelvic mesh case despite expert's "decades of experience in product development" because experience was "primarily related to pharmaceutical products" and expert "did not begin working with medical device products until she started her own consulting business"). For example, in *United States v. Chang*, 207 F.3d 1169, 1173 (9th Cir. 2000), the court held the district court did not abuse its discretion in determining that an expert's "'practical experience in international finance' did not amount to practical experience determining whether a particular security is counterfeit, the fact at issue[.]"[2]

---

[2] Other cases are in accord. *See, e.g., Snyder v. Bank of Am., N.A.*, No. 15-CV-04228-KAW, 2020 WL 6462400, at *4 (N.D. Cal. Nov. 3, 2020) (finding that "Plaintiff lacks the qualifications and experience required to be an expert witness on the NMS, loan servicing, origination of loans, or credit reporting"; although "Plaintiff asserts that she has experience representing, developing, and selling real estate, as well as preparing residential loans," "[e]xperience in real estate does not make her an expert in loan servicing or credit reporting"); *Deitsch Plastics Co. v. Gredale LLC*, 602 F. Supp. 3d 1331, 1335 (C.D. Cal. 2022), *aff'd*, No. 22-55569, 2023 WL 3994960 (9th Cir. June 14, 2023) ("although [expert] has expertise

The same expertise gap exists here. Mr. Feldis has never worked directly with dashcam technology, much less evaluated the feasibility of employing and integrating such technology in the millions of unique vehicles operated by independent drivers who use the Uber app across the country to connect with potential riders. While Mr. Feldis worked generally with web camera technology in the 1990s and early 2000s, he admits he has ***never*** worked with or researched dashcams or vehicle integration in any capacity during any time period, much less the time period at issue in his opinions. Feldis Dep. 72:6-13; *id*. 89:19-22; *id*. 90:4-9. Yet here, he seeks to opine not only that camera technology in general existed by 2017, but also specifically that it was technologically feasible for Uber to employ dashcams in ***every ride without drivers controlling the footage*** by that time, an opinion he did not offer in the JCCP. He has no relevant expertise that would allow him to testify about the technological feasibility of implementing dashcams in every vehicle operated by independent drivers who use the Uber platform, rendering his opinions inadmissible for this reason alone.[3]

***Second***, Mr. Feldis's "feasibility" opinions are not based on a reliable methodology. Mr. Feldis claims that he conducted his "research" regarding the feasibility of dashcams in connection with this litigation, research that consisted of Google searches. Feldis Dep. 89:7-12. Using press releases identified via his Google search, Mr. Feldis purports to have constructed a "Dashcam Technology Timeline" demonstrating that it was technologically feasible to employ dashcams in vehicles utilized in connection with rideshare platforms as early as 2017. Feldis Rep. at 5. But courts have specifically recognized the

---

concerning tailoring and sewing, and qualifies pursuant to Federal Rule of Evidence 702 as an expert on those matters, he lacks sufficient specialized knowledge concerning the FDA regulations, CDC guidelines, and industry standards concerning medical isolation gowns to qualify as an expert on the regulations, guidelines, and industry standards related to medical isolation gowns"); *Duchimaza v. United States*, 211 F. Supp. 3d 421, 430-31 (D. Conn. 2016) (in case involving alleged trafficking of Supplemental Nutrition Assistance Program benefits via Electronic Benefit Transfer case, when expert "cited his '22 years in different aspects of retail compliance [at Food and Nutrition Services ("FNS") agency],' . . . as his principal qualification," court found the "qualifications appear to be of little value" because expert "gained all of his experience in retailer compliance at [FNS agency] before the agency implemented the EBT program.").

[3] For this reason, Judge Schulman's order in the parallel California state court JCCP proceeding concerning the technical feasibility of dashcams is inapposite. In those cases, Mr. Feldis opined broadly that "by 2017 it[] was technically feasible to employ cabin-facing dashcam video recording into rideshare vehicles." JCCP Order at 32 (Ex. 3). Judge Schulman found that Mr. Feldis was permitted to opine as to the ***availability of dashcam technology*** more broadly in part because it was undisputed that Uber had implemented some dashcam programs. *Id*. at 33. Here, Mr. Feldis seeks to opine on additional feasibility issues (feasibility of implementing across all rides, without driver control) that go beyond his expertise.

obvious—that simply searching the internet for information about a topic is not a reliable methodology for an expert opinion. *See, e.g.*, *Shahinian v. Kimberly-Clark Corp.*, No. CV 14-8390-DMG (PLAx), 2017 WL 11595343, at *7 (C.D. Cal. Mar. 7, 2017) (excluding expert's opinions on the ground that he "has not properly laid the foundation for his testimony" because "his 'search of the medical literature' was limited to a search on the PubMed website [and] [w]hile the [c]ourt does not question this website's legitimacy, it does struggle to comprehend how 'research' of a topic on a publicly-available Internet website can be a proper basis for an expert opinion on this subject"); *Beard v. United States Postal Serv.*, No. 17-cv-03218-JCS, 2019 WL 257978, at *2-3 (N.D. Cal. Jan. 18, 2019) (excluding expert's opinions that were based on information "he obtained from two websites that he found by conducting Google searches" without providing a "basis from which to conclude that the information he found on these websites [was] reliable" or "that the websites [were] generally relied upon in his field"). For this reason, too, Mr. Feldis's feasibility opinions fail as a matter of law.

**B.    Mr. Feldis's Opinion That Dashcams Deter Crimes Is Also Inadmissible.**

During his deposition, Mr. Feldis went beyond the feasibility opinions included in his expert report to testify that "in some situations" cameras deter crime. Feldis Dep. 75:12-15. As Mr. Feldis admits, however, he is not an expert on these issues, and even if he were, he bases his opinions on speculation, his lay observations, and "common sense," none of which constitutes a reliable methodology.

*First*, Mr. Feldis admits he is not an expert in deterrence theory, criminology, crime prevention, or law enforcement. Feldis Dep. 72:22-23, 73:8-9, 72:18-19, 72:24-25. He also admits he has not read any studies, research, or statistics concerning the impact, if any, of cameras on crime. *Id.* 74:13-75:11. Moreover, Mr. Feldis's education, training, and experience as an engineer who has worked for some period of his career developing cameras do not extend to deterrence theory, which further supports exclusion. *Currie v. Chevron U.S.A. Inc.*, No. 1:05-CV-1610-BBM, 2006 WL 5249707, at *11 (N.D. Ga. Sept. 19, 2006) (holding that petroleum engineer who observed criminal acts at gas stations on several occasions was not qualified to opine on crime foreseeability); *Washington v. Resol. Tr. Corp.*, No. CIV.A. 3:92-CV-2606-P, 1996 WL 734938, at *5 (N.D. Tex. Dec. 12, 1996) (excluding expert testimony that the likelihood of shooting at workplace would have been reduced if proper security measures were put in place where expert relied only on his experience working at similar properties and did not consider any

formal study of efficacy rates of crime prevention programs). Because Mr. Feldis's deterrence opinions (admittedly) extend far beyond his expertise, they should be excluded.

**Second**, Mr. Feldis's opinion regarding the alleged deterrent effect of cameras on crime is also inadmissible because it is entirely speculative and is not grounded in any reliable methodology. *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 861 (9th Cir. 2014) ("[E]xpert testimony based on mere subjective belief or unsupported speculation is inadmissible.") (citation omitted). Mr. Feldis has confirmed that he did not research whether surveillance cameras have the effect of preventing crime, Feldis Dep. 74:13-75:11, and instead is basing his opinions on his personal "observation[s] over the years using cameras," *id*. 76:17-24. According to Mr. Feldis, his opinions are based on his lay observations of surveillance cameras in his everyday life, including in banks, in stores, and on ATM machines, and the "logical conclusion that, if they're used extensively, that, obviously. . . . they're effective in some manner." *Id*. 77:12-16. Further, Mr. Feldis asserts that the deterrent effect of cameras on crime is just "common sense." *Id.* 85:18-20.

Even if that were true, it is well recognized that "[e]xpert testimony is inadmissible if it concerns factual issues within the knowledge and experience of ordinary lay people because it would not assist the trier of fact in analyzing the evidence." *Santiago Salas v. PPG Architectural Finishes, Inc.*, No. C17-1787RSM, 2019 WL 399029, at *1 (W.D. Wash. Jan. 31, 2019); *accord United States Fid. & Guar. Co. v. Ulbricht*, 576 F. Supp. 3d 850, 861 (W.D. Wash. 2021) (same).[4] Thus, Plaintiffs may not attempt to filter through an expert the "common sense" conclusions they wish the jury to reach—which in any event does not include the deterrent effect of dashcams, a subject as to which there is relevant academic literature for a qualified expert to consider.[5] For this reason, too, his opinions should be excluded from trial.

## VI. CONCLUSION

For the foregoing reasons, the Court should exclude the opinions of Plaintiffs' expert Mr. Jay Feldis.

---

[4] Notably, Judge Schulman did not rule on the admissibility of an expert opinion on this subject from Mr. Feldis because he determined that Mr. Feldis was only offering a personal opinion and did not intend to offer an expert opinion on the topic. JCCP Order at 33. Here, to the extent Mr. Feldis intends to testify to his opinions related to deterrence, the Court should exclude such testimony.

[5] For example, Uber's expert Eric Piza does precisely that.

DATED:  November 10, 2025                     Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC