1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
   laura.vartain@kirkland.com
4
   Allison M. Brown (Admitted *Pro Hac Vice*)
5  **KIRKLAND & ELLIS LLP**
   2005 Market Street, Suite 1000
6  Philadelphia, PA 19103
   Telephone: (215) 268-5000
7  alli.brown@kirkland.com

8  Jessica Davidson (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
9  601 Lexington Avenue
   New York, NY 10022
10 Telephone: (212) 446-4800
   jessica.davidson@kirkland.com
11
   *Attorneys for Defendants*
12 UBER TECHNOLOGIES, INC., RASIER, LLC,
   And RASIER-CA, LLC
13

14                    **UNITED STATES DISTRICT COURT**

15                    **NORTHERN DISTRICT OF CALIFORNIA**

16                         **SAN FRANCISCO DIVISION**

17
18 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB (LJC) |
   | PASSENGER SEXUAL ASSAULT |  |
19 | LITIGATION | **DEFENDANTS UBER TECHNOLOGIES,** |
   |  | **INC., RASIER, LLC, AND RASIER-CA,** |
20 |  | **LLC'S NOTICE OF MOTION AND MOTION** |
   | This Document Relates to: | **TO EXCLUDE OPINIONS OF PLAINTIFFS'** |
21 |  | **EXPERT THOMAS R. TREMBLAY;** |
   | *Jaylynn Dean v. Uber Techs., Inc.*, | **MEMORANDUM OF POINTS &** |
22 | No. 23-cv-06708 | **AUTHORITIES** |
   |  |  |
23 |  | Judge:      Hon. Charles R. Breyer |
   |  | Courtroom:  6 – 17th Floor |
24 |  |  |
   |  | Judge:      Mag. Lisa J. Cisneros |
25 |  | Courtroom:  G – 15th Floor |

26
27
28

DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT THOMAS R.
TREMBLAY
Case No. 3:23-md-03084-CRB (LJC)

## NOTICE OF MOTION AND MOTION TO EXCLUDE

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") by and through their undersigned counsel, will and hereby do move the Court for an order, pursuant to Federal Rule of Evidence 702, excluding the opinions of Plaintiffs' expert Thomas R. Tremblay. Mr. Tremblay's law enforcement background does not qualify him to provide the corporate conduct opinions he proffers in this case. Nor are his opinions based on a reliable methodology or helpful to the jury.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated:  November 10, 2025                                KIRKLAND & ELLIS LLP


                                                         By:  */s/ Laura Vartain Horn*

                                                         *Counsel for Uber*

---

1

DEFENDANTS' MOTION TO EXCLUDE OPINIONS OF PLAINTIFFS' EXPERT THOMAS R. TREMBLAY
Case No. 3:23-md-03084-CRB (LJC)


**TABLE OF CONTENTS**

**Page**

MEMORANDUM OF POINTS AND AUTHORITIES ..................................................................1

I.  INTRODUCTION ...............................................................................................................1

II. BACKGROUND .................................................................................................................1

III. STATEMENT OF THE ISSUES TO BE DECIDED.........................................................2

IV. LEGAL STANDARD..........................................................................................................2

V.  ARGUMENT.......................................................................................................................2

    A.  Mr. Tremblay's Background As A Police Officer Does Not Qualify Him To Provide The Proffered Opinions. ...........................................................................2

    B.  Mr. Tremblay's "Methodology" Is Inapplicable To Evaluating Corporate Conduct. ...................................................................................................................3

    C.  Mr. Tremblay Should Not Be Allowed To Testify About Uber's Knowledge And Intent Or To Regurgitate Company Documents. .......................................................4

    D.  Mr. Tremblay Should Not Be Allowed To Testify On Ultimate Legal Questions..................................................................................................................6

VI. CONCLUSION....................................................................................................................6

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Adams v. United States*,
　No. CIV 03-0049-E-BLW, 2009 WL 1324231 (D. Idaho May 8, 2009) .................................5

*Alves v. Riverside Cnty.*,
　No. EDCV 19-2083 JGB (SHKx), 2023 WL 2983583 (C.D. Cal. Mar. 13, 2023)..................2

*Burrows v. 3M Co.*,
　No. C19-1649-RSL, 2022 WL 3346419 (W.D. Wash. Aug. 12, 2022) ....................................6

*Fogle v. CSX Transp.*,
　No. CIV. A. 2007-203 (WOB), 2009 WL 2020782 (E.D. Ky. July 9, 2009)...........................2

*Gomez v. Am. Med. Sys. Inc.*,
　No. CV-20-00393-PHX-ROS, 2021 WL 1163087 (D. Ariz. Mar. 26, 2021) .........................5

*Huawei Techs., Co. v. Samsung Elecs. Co.*,
　340 F. Supp. 3d 934 (N.D. Cal. 2018) ....................................................................................6

*Kamradt v. Esurance Ins. Co.*,
　No. 2:22-cv-01445-TL, 2024 WL 5356886 (W.D. Wash. Nov. 1, 2024) .............................4, 5

*Krause v. Cnty. of Mohave*,
　459 F. Supp. 3d 1258 (D. Ariz. 2020) .....................................................................................2

*McCalla v. ACE Am. Ins. Co.*,
　No. CV-20-01561-PHX-JAT, 2022 WL 2290552 (D. Ariz. June 24, 2022)...........................5

*McDougall v. CRC Indus., Inc.*,
　No. CV 20-1499, 2023 WL 5515827 (D. Minn. Aug. 25, 2023) .............................................2

*O'Bryant v. Johnson & Johnson*,
　No. 20-2361 (MAS) (DEA), 2022 WL 7670296 (D.N.J. Oct. 13, 2022) ................................6

*Rogers v. Raymark Indus., Inc.*,
　922 F.2d 1426 (9th Cir. 1991) .................................................................................................2

*Siqueiros v. Gen. Motors LLC*,
　No. 16-CV-07244-EMC, 2022 WL 74182 (N.D. Cal. Jan. 7, 2022).......................................6

*Tyree v. Bos. Sci. Corp.*,
　54 F. Supp. 3d 501 (S.D. W. Va. 2014), *as amended* (Oct. 29, 2014) .....................................5

*United States v. Tamman*,
    782 F.3d 543 (9th Cir. 2015) ...................................................................................................6

*Walker v. Conagra Brands, Inc.*,
    No. 8:20-CV-01679-FWS-KES, 2023 WL 8885148 (C.D. Cal. Sept. 21, 2023).......................4

*Zetz v. Bos. Sci. Corp.*,
    644 F. Supp. 3d 684 (E.D. Cal. 2022)......................................................................................5

**Rule**

Fed. R. Evid. 702 ............................................................................................................1, 2, 4

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.    INTRODUCTION**

Thomas Tremblay, a former law enforcement officer, seeks to offer opinions that stray far from the knowledge and experience he gained in law enforcement. Rather than testify about law enforcement investigations, he offers a host of opinions on issues related to Uber's corporate conduct, without any explanation of how his law enforcement background remotely qualifies him to opine on these topics. The Court should exclude Mr. Tremblay's opinions because he is not qualified to offer them, his methodology is unreliable, and his testimony will not assist the jury.

**II.   BACKGROUND**

Mr. Tremblay served for 30 years in various positions, including Chief of Police of Burlington, Vermont, and Vermont Public Safety Commissioner. Trembly Rep. ¶ 9 (Ex. 1). After retiring from law enforcement in 2011, he started a consulting and training business that focuses on "leadership, reforms, and prevention for sexual assault, domestic violence, and other crimes involving gender-based violence." *Id.* ¶ 18. Mr. Tremblay asserts that he was retained by Plaintiffs' counsel "to render opinions regarding public safety accountability and sexual assault and sexual misconduct prevention." *Id.* at 1. But Mr. Tremblay's report is rife with opinions that lie far outside the scope of his law enforcement expertise, including, but not limited to, opinions that: (1) "it is more likely than not that the crimes of sexual assault and sexual misconduct by Uber drivers on Uber Riders were foreseeable to Uber"; (2) "Uber knew about the risk of Uber drivers committing sexual assault / misconduct against Uber Riders in Uber vehicles"; (3) "[i]t's more likely than not that Uber could have prevented or substantially reduced sexual assault / misconduct by Uber drivers on Uber Riders on the Uber platform"; and (4) "[i]t is more likely than not that Uber's conduct increased the risk that Uber Riders would be subject to sexual assault / misconduct committed by Uber drivers on the Uber platform." *See id.* at 10, 11, 18, 31. Such opinions have no connection to Mr. Tremblay's law enforcement experience, and, in any event, are not proper topics for expert testimony.

## III. STATEMENT OF THE ISSUES TO BE DECIDED

1. Have Plaintiffs failed to demonstrate by a preponderance of evidence that Thomas Tremblay's proffered testimony satisfies the requirements of qualification, reliability, and relevance that are enumerated in Federal Rule of Evidence 702?

## IV. LEGAL STANDARD

The standard for admissibility under Fed. R. Evid. 702 is set forth in Uber's Motion to Exclude the Opinions of Plaintiffs' Expert Minette Drumwright and incorporated herein by reference.

## V. ARGUMENT

### A. Mr. Tremblay's Background As A Police Officer Does Not Qualify Him To Provide The Proffered Opinions.

"A person qualified to give an opinion on one subject is not necessarily qualified to opine on others." *Rogers v. Raymark Indus., Inc.*, 922 F.2d 1426, 1431 (9th Cir. 1991). Courts have thus repeatedly excluded expert testimony from law enforcement officers that falls outside their area of expertise. For example, in *Alves v. Riverside Cnty.*, No. EDCV 19-2083 JGB (SHKx), 2023 WL 2983583, at *8 (C.D. Cal. Mar. 13, 2023), the court excluded a law enforcement officer's expert testimony concerning behavioral science issues. *Id.* As the court explained, the expert's long career in law enforcement "might qualify him as an expert in some subjects, but not in the subjects for which he is offered here, namely disciplines of behavioral science." *Id.* Similarly, in *Krause v. Cnty. of Mohave*, 459 F. Supp. 3d 1258, 1266 (D. Ariz. 2020), the court excluded expert testimony concerning ballistic evidence, despite the proposed expert's extensive law enforcement experience, because "general firearms and law enforcement experience . . . does not bear on his expertise to assess ballistic evidence or judge bullet trajectories." *See also Fogle v. CSX Transp.*, No. CIV. A. 2007-203 (WOB), 2009 WL 2020782, at *3 (E.D. Ky. July 9, 2009) (excluding testimony of former police officer, who, "although experienced in accident reconstruction," was not qualified to be an expert on the necessity of gates at railway crossings; the expert "offer[ed] the court and jury no cost analysis, either of initial installation or maintenance, nor any comparison of this crossing to other crossings, or how the complex decisions regarding what crossings should have gates are arrived at"); *McDougall v. CRC Indus., Inc.*, No. CV 20-1499 (JRT/LIB), 2023 WL

5515827, at *11 (D. Minn. Aug. 25, 2023) (holding that former police officer could not testify as to corporation's knowledge with respect to inhalant abuse).

So too here. Mr. Tremblay considers himself an expert "in more than just law enforcement, but [the] broader criminal justice system as a whole." Tremblay Dep. 65:18-66:11 (Ex. 2). But even if his expertise were that broad, it would not qualify him to testify about Uber's **corporate knowledge or conduct**, a topic on which he has no experience or knowledge outside of being provided with documents by Plaintiffs' counsel in connection with this litigation. Nor does "criminal justice" experience qualify Mr. Tremblay to offer opinions about Uber's marketing and other corporate statements about safety, including that such statements were misleading, or that additional warnings about the "totality and prevalence of sexual assault" risk factors would have avoided injury to any Uber user. Tremblay Rep. ¶¶ 4-5.

Mr. Tremblay's deposition further confirms his lack of qualifications to offer his far-reaching opinions. For example, despite offering a plethora of opinions regarding the content and effect of Uber's marketing, Mr. Tremblay conceded at his deposition that he is not "a marketing and advertising expert." Tremblay Dep. 66:12-17. Similarly, while Mr. Tremblay seeks to offer various opinions regarding safety technology used by and available to Uber, *see, e.g.,* Tremblay Rep. at 25 (discussing Uber's RideCheck safety tool), he is admittedly not "an expert in technology" generally or rideshare technology specifically, Tremblay Dep. 66:19-23. Further, Mr. Tremblay offered opinions at his deposition criticizing an Uber employee for stating in a deposition that sexual assault on the Uber platform was "exceedingly statistically rare," indicating that this was inaccurate. *Id.* 245:15-248:2. But Mr. Tremblay admits that he is "not a statistician," *id*. 71:19-21, and, when questioned about the basic mathematical concept of statistical significance, he was unable to accurately define the term, stating only that it meant "looking at statistics and determining what's significant," *id*. 249:5-13. In short, Mr. Tremblay has many opinions but few credentials to offer them. The Court should limit him to the area of his expertise: law enforcement.

### B.     Mr. Tremblay's "Methodology" Is Inapplicable To Evaluating Corporate Conduct.

Mr. Tremblay describes his methodology as "applying [his] experience around sexual assault, sexual violence, crime prevention, public safety, looking at all of" the information he was provided. *Id.*

3

261:7-24. He testified that he is using a "problem-solving methodology[,] SARA [Scanning, Analysis, Response, Assessment]" to "[s]can for the problem, analyze the problem, develop responses to the problem and then assess the problem and whether you've reduced the problem." *Id*. 82:7-20. According to Mr. Tremblay, "*[t]hat is the strategy that I use no matter where these incidents are occurring*" *id*. (emphasis added), and "[t]his is part of the methodology of my work that I do in -- in -- in every case and -- and did for a long time in policing," *id*. 188:19-189:3.

But the methodology Mr. Tremblay used in policing does not provide a reliable basis for opinions concerning Uber's corporate conduct, responsibilities, and statements, including opinions that Uber's warnings were insufficient and that Uber's conduct was "more likely than not" a "substantial factor" in causing Plaintiff's alleged assault. Tremblay Rep. Schedule A. 1 at 1. Nor does Mr. Tremblay explain how methods he used as a law enforcement officer provide a sufficient basis for an opinion on the conduct of a rideshare company and its approach towards safety issues—or how he can reliably apply his experience as a police officer to the very different factual situation of evaluating what is appropriate corporate conduct in the rideshare industry. "Without such information or explanation of the methodology that [the expert] applied to reach these conclusions, [the expert's] conclusions are grounded in nothing more than his say so." *Walker v. Conagra Brands, Inc.*, No. 8:20-CV-01679-FWS-KES, 2023 WL 8885148, at *8 (C.D. Cal. Sept. 21, 2023) (citation omitted); *see also Kamradt v. Esurance Ins. Co.*, No. 2:22-cv-01445-TL, 2024 WL 5356886, at *7 (W.D. Wash. Nov. 1, 2024) (excluding an expert's opinion based on experience where the expert failed to explain "how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts") (quoting Fed. R. Evid. 702 Advisory Committee Notes (2000 Amendment)). For this reason, too, Mr. Tremblay's opinions on Uber's conduct should be excluded.

### C. Mr. Tremblay Should Not Be Allowed To Testify About Uber's Knowledge And Intent Or To Regurgitate Company Documents.

The Court should also exclude Mr. Tremblay's opinions about Uber's supposed knowledge. *See e.g.*, Tremblay Rep. at 10 ("Although Uber knew that there were three critical lenses to safety, it appears that Uber has failed to recognize that it has control or influence over all three elements: offender (driver),

4

location (Uber vehicle) and target/victim ([R]ider)"); *id.* at 11 ("Uber knew about the risk of Uber drivers committing sexual assault / misconduct against Uber Riders in Uber vehicles.").[1] As numerous courts have held, such testimony usurps the province of the jury and is thus inappropriate *See Zetz v. Bos. Sci. Corp.*, 644 F. Supp. 3d 684, 703 (E.D. Cal. 2022) (excluding expert testimony about defendants' state of mind, knowledge, or intent); *Gomez v. Am. Med. Sys. Inc.*, No. CV-20-00393-PHX-ROS, 2021 WL 1163087, at *4 (D. Ariz. Mar. 26, 2021) (noting that "a party's knowledge, state of mind, or other matters related to corporate conduct and ethics are not appropriate subjects of expert testimony because opinions on these matters will not assist the jury") (citing *Tyree v. Bos. Sci. Corp.*, 54 F. Supp. 3d 501, 517-18 (S.D. W. Va. 2014), *as amended* (Oct. 29, 2014)); *McCalla v. ACE Am. Ins. Co.*, No. CV-20-01561-PHX-JAT, 2022 WL 2290552, at *9-10 (D. Ariz. June 24, 2022) ("To the extent that Flood's testimony is based on his view of the corporate motivation of CorVel, expert testimony as to such matters is ordinarily inappropriate."); *Adams v. United States*, No. CIV 03-0049-E-BLW, 2009 WL 1324231, at *1 (D. Idaho May 8, 2009) (refusing to allow expert to "testify about DuPont's corporate intent").

This is particularly so because many of Mr. Tremblay's opinions about Uber's supposed knowledge merely consist of him summarizing company documents under the guise of expert testimony. *See*, *e.g.*, Tremblay Rep. at 20-23 (summary of Uber documents and testimony about background checks); *id.* at 26-27 (summary of Uber documents about "women preferred" technology); *id.* at 30 (summary of "easy and clear" reporting process); *id.* Schedules A.1 (summarizing Uber's documents on specific bellwether case). An expert "may not restate or summarize record evidence and then state a conclusion without applying a methodology that is reliable and which evinces his/her expertise." *Siqueiros v. Gen. Motors LLC*, No. 16-CV-07244-EMC, 2022 WL 74182, at *9 (N.D. Cal. Jan. 7, 2022); *see also O'Bryant v. Johnson & Johnson*, No. 20-2361 (MAS) (DEA), 2022 WL 7670296, at *13 (D.N.J. Oct. 13, 2022) (testimony that "simply parrot[s] [d]efendant's corporate documents or offer[s] a narrative account of

---

[1] *See also, e.g.*, Tremblay Rep. at 14 ("Uber is clearly aware of the prevalence of sexual assault and sexual misconduct on the Uber platform and the risk to Riders"); *id.* at 15 ("Uber also knew about the high-risk factors for sexual assault / misconduct."); *id.* at 18 ("Uber has actual notice of this critical information, which is predictive of sexual assault / misconduct."); *id.* at 25 ("Uber knew that certain feedback it received from a Rider about a driver after a trip was correlated to an increased risk of sexual assault / misconduct in subsequent trips.").

events from them will not be helpful to the jury") (citation omitted). Mr. Tremblay has no personal knowledge of these materials outside this litigation, and he does not actually apply any expertise or methodology in his review and summary of them. "[T]he jury is in as good a position as the expert to draw conclusions from the evidence, and is capable of drawing its own inferences" from Uber's materials. *Siqueiros*, 2022 WL 74182, at *9 (quoting *Huawei Techs., Co. v. Samsung Elecs. Co.*, 340 F. Supp. 3d 934, 992 (N.D. Cal. 2018)); *see also Burrows v. 3M Co.*, No. C19-1649-RSL, 2022 WL 3346419, at *5 (W.D. Wash. Aug. 12, 2022) (expert "invade[d] . . . province" of jury where his opinion was based on review of defendant's promotional materials). For this reason, too, Mr. Tremblay's opinions about Uber's supposed knowledge or intent should be excluded.

### D. Mr. Tremblay Should Not Be Allowed To Testify On Ultimate Legal Questions.

Finally, Mr. Tremblay also seeks to offer bellwether-specific opinions that Uber's actions "were more likely than not a substantial factor in causing" Plaintiffs' alleged assaults. *See e.g.*, Tremblay Rep. Schedule A-1 at 1. Such testimony would improperly usurp the role of the jury by deciding one of the ultimate legal questions in this case. *See*, *e.g.*, Ex. 3 (Jury Verdict Form in JCCP LSA 78 bellwether trial asking "Was Uber's negligence a substantial factor in causing harm to [Plaintiff]?"); *see also United States v. Tamman*, 782 F.3d 543, 552 (9th Cir. 2015) ("an expert cannot testify to a matter of law amounting to a legal conclusion."). Accordingly, it should be excluded.

## VI. CONCLUSION

For the foregoing reasons, the Court should grant Uber's Motion and exclude Thomas R. Tremblay's opinions in their entirety.

| | |
|---|---|
| DATED: November 10, 2025 | Respectfully submitted, |
| | */s/ Laura Vartain Horn* |
| | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| | Telephone: (415) 439-1625 |
| | laura.vartain@kirkland.com |
| | |
| | Allison M. Brown (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 2005 Market Street, Suite 1000 |
| | Philadelphia, PA 19103 |
| | Telephone: (215) 268-5000 |
| | alli.brown@kirkland.com |
| | |
| | Jessica Davidson (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 446-4800 |
| | jessica.davidson@kirkland.com |
| | |
| | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, And RASIER-CA, LLC |

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn