Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (*Admitted Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>_____<br><br>This Document Relates to:<br><br>*H.B. v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05949-CRB<br><br>*Grier v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05960-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING AMENDED MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Judge:    Honorable Charles R. Breyer<br>Date:     December 12, 2025<br>Time:     10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1    *Jane Doe LN v. Uber Technologies, Inc., et al.,* No. 3:24-cv-00120-CRB

2

3    *Jane Doe TW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-00559-CRB

4    *Jane Doe DP v. Uber Technologies, Inc., et al.,* No. 3:24-cv-00573-CRB

5

6    *Jane Doe LR v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04306-CRB

7    *Jane Doe BW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04308-CRB

8

9    *Jane Doe ST v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04309-CRB

10    *Jane Doe AR v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04313-CRB

11

12    *Jane Doe JB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04316-CRB

13    *Jane Doe VB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04317-CRB

14

15    *Jane Doe KH v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04326-CRB

16    *Jane Doe SF v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04327-CRB

17

18    *Jane Doe SR v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04332-CRB

19    *Jane Doe MC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04334-CRB

20

21    *Jane Doe SG v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04353-CRB

22    *Jane Doe TW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04356-CRB

23

24    *Jane Doe VL v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04357-CRB

25    *Jane Doe SW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04358-CRB

26

27    *Jane Doe DM v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04359-CRB

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Doe GA v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04361-CRB

*Jane Doe SW v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04364-CRB

*Jane Doe JG v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04368-CRB

*Jane Doe KY v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04369-CRB

*Jane Doe DC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04373-CRB

*Jane Doe PC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04374-CRB

*Jane Doe DB v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04428-CRB

*S.K. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04669-CRB

*B.T. v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04670-CRB

*WHB 304 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04801-CRB

*WHB 1882 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04813-CRB

*WHB 322 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-4814-CRB

*WHB 1478 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04833-CRB

*WHB 188 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04834-CRB

*WHB 1123 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04850-CRB

*WHB 1144 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04859-CRB

*WHB 1914 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04869-CRB

*WHB 199 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04870-CRB

1     *WHB 1030 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04874-CRB

2

3     *WHB 196 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04886-CRB

4     *WHB 526 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04901-CRB

5

6     *WHB 950 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04931-CRB

7     *WHB 1462 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04935-CRB

8

9     *WHB 1531 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04937-CRB

10     *WHB 1847 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04945-CRB

11

12     *WHB 1858 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04948-CRB

13     *WHB 1670 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04949-CRB

14

15     *WHB 1936 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04950-CRB

16     *WHB 757 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04954-CRB

17

18     *WHB 1387 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04958-CRB

19     *WHB 1546 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04969-CRB

20

21     *WHB 603 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04971-CRB

22     *WHB 1638 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04975-CRB

23     *WHB 974 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04977-CRB

24

25     *WHB 696 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04979-CRB

26

27     *WHB 1834 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04980-CRB

28

1    *WHB 175 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04982-CRB

2

3    *WHB 1916 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05003-CRB

4    *WHB 1845 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05015-CRB

5

6    *WHB 1269 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05025-CRB

7    *WHB 400 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05034-CRB

8

9    *WHB 999 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05036-CRB

10    *WHB 1891 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05037-CRB

11

12    *WHB 755 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05039-CRB

13    *WHB 3 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05061-CRB

14

15    *WHB 599 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05062-CRB

16    *WHB 1606 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05066-CRB

17

18    *Jane Doe (C.A.) v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05072-CRB

19    *Jane Doe KC v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05073-CRB

20

21    *Jane Doe RD v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05074-CRB

22    *Jane Doe TD v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05075-CRB

23

24    *Jane Doe JH v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05079-CRB

25    *WHB 979 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05082-CRB

26

27    *WHB 1953 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05085-CRB

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *WHB 1865 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05089-CRB

2

3   *WHB 1967 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05094-CRB

4   *WHB 649 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05095-CRB

5

6   *WHB 862 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05097-CRB

7   *Jane Doe JM v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05108-CRB

8

9   *Jane Doe JB v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05109-CRB

10  *Jane Doe EB v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05110-CRB

11

12  *Jane Doe AE v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05121-CRB

13  *WHB 1386 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05128-CRB

14

15  *WHB 1425 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05129-CRB

16  *WHB 427 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05132-CRB

17

18  *John Doe DG v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05169-CRB

19  *Jane Doe KH v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05174-CRB

20

21  *WHB 1382 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05232-CRB

22  *WHB 428 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05236-CRB

23

24  *WHB 1962 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05240-CRB

25  *WHB 504 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05243-CRB

26

27  *WHB 1555 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05254-CRB

28

1    *WHB 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05261-CRB

2

3    *WHB 1549 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05275-CRB

4    *WHB 1909 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05280-CRB

5

6    *WHB 662 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05355-CRB

7    *WHB 1338 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05434-CRB

8

9    *WHB 704 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05436-CRB

10   *WHB 1476 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05450-CRB

11

12   *WHB 1888 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05457-CRB

13   *WHB 335 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05460-CRB

14

15   *WHB 1048 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05462-CRB

16   *WHB 1443 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05472-CRB

17

18   *WHB 1596 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05473-CRB

19   *WHB 58 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05477-CRB

20

21   *WHB 1593 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05504-CRB

22   *WHB 1673 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05552-CRB

23

24   *WHB 1860 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05568-CRB

25   *WHB 1613 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05574-CRB

26

27   *WHB 1053 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05612-CRB

28

1   *WHB 519 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05627-CRB

2

3   *WHB 393 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05633-CRB

4   *WHB 1416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05667-CRB

5

6   *WHB 1843 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05693-CRB

7   *WHB 505 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05709-CRB

8

9   *Jane Doe SK v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05710-CRB

10  *Jane Doe AM v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05765-CRB

11

12  *WHB 413 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05782-CRB

13  *WHB 1317 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05791-CRB

14

15  *WHB 1481 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05794-CRB

16  *WHB 695 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05799-CRB

17

18  *Jane Doe AR v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05947-CRB

19  *WHB 885 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05952-CRB

20

21  *WHB 520 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05954-CRB

22  *Jane Doe AS v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05960-CRB

23

24  *WHB 678 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05961-CRB

25  *Jane Doe CS v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05964-CRB

26

27  *Jane Doe GT v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06051-CRB

28

1    *John Doe EW v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-06073-CRB

2

3    *Jane Doe JD v. Uber Technologies, Inc.,*
      *et al.,* No. 3:24-cv-06074-CRB

4    *Jane Doe JS v. Uber Technologies, Inc.,*
      *et al.,* No. 3:24-cv-06075-CRB

5

6    *Jane Doe SS v. Uber Technologies, Inc.,*
      *et al.,* No. 3:24-cv-06076-CRB

7    *C.W. v. Uber Technologies, Inc., et al.,*
      No. 3:24-cv-06176-CRB

8

9    *Jane Doe 691532 v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-06643-CRB

10   *Jane Doe NLG MR v. Uber*
      *Technologies, Inc., et al.,* No. 3:24-cv-

11   07677-CRB

12   *Jane Doe NLG-TG v. Uber*
      *Technologies, Inc., et al.,* No. 3:24-cv-

13   07803-CRB

14   *Jane Doe NLG-GH v. Uber*
      *Technologies, Inc., et al.,* No. 3:24-cv-

15   08078-CRB

16   *Jane Doe NLG-MC v. Uber*
      *Technologies, Inc., et al.,* No. 3:24-cv-

17   08091-CRB

18   *Jane Doe NLG VK v. Uber Technologies,*
      *Inc, et al.,* No. 3:24-cv-08610-CRB

19

20   *Jane Doe NLG TJ v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-08621-CRB

21   *Jane Doe NLG JV v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-08622-CRB

22

23   *Jane Doe NLG AC v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-09151-CRB

24   *Jane Doe NLG AB v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-09188-CRB

25

26   *Jane Doe NLG PP v. Uber Technologies,*
      *Inc., et al.,* No. 3:24-cv-09215-CRB

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

                                    Case No. 3:23-MD-3084-CRB

1   *Jane Doe NLG KC v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
2   00072-CRB

3   *Jane Doe NLG TT v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00075-CRB
4
    *John Doe NLG GH v. Uber*
5   *Technologies, Inc., et al.,* No. 3:25-cv-
    00308-CRB
6
    *Jane Doe NLG PO v. Uber*
7   *Technologies, Inc., et al.,* No. 3:25-cv-
    00358-CRB
8
    *Jane Doe NLG LB v. Uber Technologies,*
9   *Inc., et al.,* No. 3:25-cv-00365-CRB

10  *Jane Doe NLG BH v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
11  00369-CRB

12  *Jane Doe NLG RC v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00371-CRB
13
    *Jane Doe NLG BE v. Uber Technologies,*
14  *Inc., et al.,* No. 3:25-cv-00401-CRB

15  *Jane Doe NLG KK v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
16  00673-CRB

17  *Jane Doe NLG HK v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
18  00675-CRB

19  *Jane Doe NLG JN v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-00715-CRB
20
    *Jane Doe NLG AJ v. Uber Technologies,*
21  *Inc., et al.,* No. 3:25-cv-00717-CRB

22  *Jane Doe NLG DO v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
23  00718-CRB

24  *Jane Doe NLG CM v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
25  00738-CRB

26  *Jane Doe NLG KK v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
27  01068-CRB

28

1    *Jane Doe NLG KS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01076-CRB

2

3    *Jane Doe NLG MS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01078-CRB

4

5    *Jane Doe NLG AB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01079-CRB

6    *Jane Doe NLG HB v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01084-CRB

7

8    *Jane Doe NLG TS v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01090-CRB

9

10   *WHB 2083 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01178-CRB

11   *WHB 2045 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01211-CRB

12

13   *WHB 2052 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01229-CRB

14   *WHB 2055 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01245-CRB

15

16   *WHB 2056 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01246-CRB

17   *Jane Doe NLG KL v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01265-CRB

18

19   *Jane Doe NLG AH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01266-CRB

20

21   *Jane Doe NLG- CR v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01716-CRB

22

23   *Jane Doe NLG- BH v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01719-CRB

24

25   *Jane Doe NLG- BY v. Uber Technologies, Inc., et al.,* No. 3:25-cv-01720-CRB

26

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1  *Jane Doe NLG- HW v. Uber*
2  *Technologies, Inc., et al.,* No. 3:25-cv-01725-CRB

3  *Jane Doe NLG- ZD v. Uber*
4  *Technologies, Inc., et al.,* No. 3:25-cv-01729-CRB

5  *Jane Doe NLG- CP v. Uber*
6  *Technologies, Inc., et al.,* No. 3:25-cv-01731-CRB

7  *Jane Doe NLG- JF v. Uber*
8  *Technologies, Inc., et al.,* No. 3:25-cv-01733-CRB

9  *Jane Doe NLG- BB v. Uber*
10  *Technologies, Inc., et al.,* No. 3:25-cv-01734-CRB

11  *Jane Doe NLG- AM v. Uber*
12  *Technologies, Inc., et al.,* No. 3:25-cv-01797-CRB

13  *Jane Doe NLG- WB v. Uber*
14  *Technologies, Inc., et al.,* No. 3:25-cv-01799-CRB

15  *Jane Doe NLG- JJ v. Uber Technologies,*
16  *Inc., et al.,* No. 3:25-cv-01804-CRB

17  *Jane Doe NLG- KD v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-01809-CRB
18

19  *Jane Doe NLG- RS v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-01814-CRB
20

21  *Jane Doe NLG- KG v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-01816-CRB
22

23  *Jane Doe NLG- JN v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-01818-CRB
24

25  *Jane Doe NLG- DS v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-01907-CRB
26

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1   *Jane Doe NLG- JD v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
2   01909-CRB

3   *Jane Doe 691046 v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-02274-CRB
4
    *Jane Doe NLG- VM v. Uber*
5   *Technologies, Inc., et al.,* No. 3:25-cv-
    02622-CRB
6
    *Jane Doe NLG-BS v. Uber Technologies,*
7   *Inc., et al.,* No. 3:25-cv-02685-CRB

8   *Jane Doe NLG-KM v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
9   02706-CRB

10  *Jane Doe 691530 v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-02716-CRB
11
    *Jane Doe NLG-KO v. Uber*
12  *Technologies, Inc., et al.,* No. 3:25-cv-
    02787-CRB
13
    *Jane Doe NLG-RR v. Uber*
14  *Technologies, Inc., et al.,* No. 3:25-cv-
    02788-CRB
15
    *Jane Doe NLG-AH v. Uber*
16  *Technologies, Inc., et al.,* No. 3:25-cv-
    02797-CRB
17
    *Jane Doe NLG-AV v. Uber*
18  *Technologies, Inc., et al.,* No. 3:25-cv-
    02855-CRB
19
    *Jane Doe NLG-KM v. Uber*
20  *Technologies, Inc., et al.,* No. 3:25-cv-
    02856-CRB
21
    *M.V. v. Uber Technologies, Inc., et al.,*
22  No. 3:25-cv-02885-CRB

23  *Jane Doe NLG-BC v. Uber*
    *Technologies, Inc., et al.,* No. 3:25-cv-
24  02899-CRB

25  *Jane Doe NLG-LB v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-02904-CRB
26

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1  *Jane Doe NLG-PB v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
2  02938-CRB

3  *Jane Doe NLG-KM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
4  02956-CRB

5  *Rivera v. Uber Technologies, Inc., et al.,*
   No. 3:25-cv-03285-CRB
6
   *Jane Doe NLG VT v. Uber Technologies,*
7  *Inc., et al.,* No. 3:25-cv-03789-CRB

8  *Jane Doe NLG-EC v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
9  03794-CRB

10 *John Doe-RM v. Uber Technologies,*
   *Inc., et al.,* No. 3:25-cv-04152-CRB
11
   *Jane Doe NLG-SW v. Uber*
12 *Technologies, Inc., et al.,* No. 3:25-cv-
   04155-CRB
13
   *DLB v. Uber Technologies, Inc., et al.,*
14 No. 3:25-cv-04371-CRB

15 *V.D. v. Uber Technologies, Inc., et al.,*
   No. 3:25-cv-04742-CRB
16
   *S.M. v. Uber Technologies, Inc., et al.,*
17 No. 3:25-cv-04803-CRB

18 *A.B. v. Uber Technologies, Inc., et al.,*
   No. 3:25-cv-04856-CRB
19
   *Jane Doe NLG-PL v. Uber Technologies,*
20 *Inc., et al.,* No. 3:25-cv-05014-CRB

21 *Jane Doe NLG-PA v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
22 05096-CRB

23 *Jane Doe NLG-YM v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
24 05109-CRB

25 *Jane Doe NLG-MH v. Uber*
   *Technologies, Inc., et al.,* No. 3:25-cv-
26 05163-CRB

27

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1

## <u>TABLE OF CONTENTS</u>

**Page**

INTRODUCTION ...................................................................................................................1

ARGUMENT ........................................................................................................................2

I.      Four Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought. ...............................................................................................2

II.     Uber withdraws its motion as to Plaintiffs who have produced verifications for their most recent amended PFS.........................................................................................................3

III.    Uber's motion to dismiss was not a discovery motion and it was therefore not required to meet and confer before filing it under Local Rule 37-1............................................................4

IV.     Plaintiffs' arguments that the Malone factors do not favor dismissal are unsupported by the law and the facts...............................................................................................................5

        A.      The first and second Malone factors: Plaintiffs' failure to comply with PTO 10 threatens this Court's management of its docket and the public interest in expedition in expedition resolution of this case....................................................................5

        B.      The third Malone factor: the fact that other discovery has been stayed heightens rather than diminishes the prejudice to Uber from Plaintiffs' failure to verify their amended PFS in compliance with PTO 10.....................................................................7

        C.      The fourth and fifth Malone factors: Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available. ...........................................................................9

V.      Conclusion ....................................................................................................................11

i

1

### TABLE OF AUTHORITIES

2

**Page(s)**

3

**Cases**

4

*Abernathy v. Liberty Ins. Corp.*,
   No. 22-cv-1903, 2023 WL 6785797 (C.D. Cal. Sept. 22, 2023) ....................................7

5

6

*Adriana Int'l Corp.* v. *Thoeren*,
   913 F.2d 1406 (9th Cir. 1990) ...........................................................................................1

7

*Bennett-Martin v. San Bernadino Valley Cmty. Coll.*,
   No. 16-cv-1165, 2018 WL 5919212 (C.D. Cal. May 15, 2018)........................................7

8

9

*Brunt v. United States*,
   No. 21-cv-231, 2021 WL 2670735 (C.D. Cal. May 14, 2021)..........................................6

10

*Cannon Partners, Ltd. v. Cape Cod Biolab Corp.*,
   225 F.R.D. 247 (N.D. Cal. 2003) ................................................................................2, 10

11

12

*Capolupo v. Ellis*,
   No. 18-cv-07458-RMI, 2019 WL 2327883 (N.D. Cal. May 31, 2019)...........................11

13

14

*Catalan v. Hill*,
   No. 22-cv-0062, 2024 WL 5185635 (C.D. Cal. Aug. 26, 2024) .....................................11

15

*Collins v. Laborers Int'l Union of N. Am.*,
   No. 24-3937, 2025 WL 1895310 (9th Cir. July 9, 2025)..................................................9

16

17

*Computer Task Group, Inc. v. Brotby*,
   364 F.3d 1112 (9th Cir. 2004) ...........................................................................................1

18

19

*Degrelle v. Simon Wiesenthal Center*,
   883 F.2d 1023 (9th Cir. 1989) ...........................................................................................9

20

21

*Edelman v. Lynchburg College*,
   535 U.S. 106 (2002)............................................................................................................7

22

*In re Eisen*,
   31 F.3d 1447 (9th Cir. 1994) .............................................................................................5

23

24

*Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.*,
   No. 10-cv-1284, 2011 WL 4841285 (E.D. Cal. Oct. 12, 2011)....................................2, 4

25

*Fair Hous. of Marin v. Combs*, 285 F.3d 899 (9th Cir. 2002)............................................10

26

*Fimbrez v. Fresno Cnty. Jail*,
   No. 1:24-cv-1462, 2025 WL 1506225 (E.D. Cal. May 27, 2025)...................................11

27

28

ii

*George v. United States*,
    901 F.Supp.2d 1179 (N.D. Cal. 2012) ................................................................3

*In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*,
    496 F.3d 863 (8th Cir. 2007) ...........................................................................1

*Haag v. Macomber*,
    No. 24-cv-04111, 2025 WL 20565 (C.D. Cal. Jan. 2, 2025) ...............................6

*Hilton v. Pagani Worldwide LLC*,
    No. 19-cv-01848-VC, 2020 WL 2528935 (N.D. Cal. April 16, 2020).................9, 10

*Hoffman v. Constr. Protective Servs., Inc.*,
    541 F.3d 1175 (9th Cir. 2008) ..........................................................................4

*Holley v. Gilead Sciences, Inc.*,
    No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021) ....................................................6

*Honnevk v. Farmers New World Life Ins. Co.*,
    No. 1:11–cv–153, 2013 WL 6839605 (E.D. Cal. Dec. 23, 2013) .........................8

*Horsley v. United States*,
    No. 83-cv-0102, 1985 WL 2655 (N.D Cal. June 5, 1985).................................10

*ILWU-PMA Welfare Plan Board of Trustees v. Conn. General Life Ins. Co.*,
    No. 15-cv-2965, 2017 WL 345988 (N.D. Cal. Jan 24, 2017)............................7

*Jackson v. United States*,
    116 F.3d 484 (C.D. Cal. June 5, 1997) ..............................................................9

*Johnson v. Williams*,
    No. 2:20-cv-01835, 2025 WL 2401323 (D. Nev. Aug. 1, 2025)......................2, 4

*In re Korean Air Lines Co.*,
    642 F.3d 685 (9th Cir. 2011) ...........................................................................6

*Malone v. U.S. Postal Serv.*,
    833 F.2d 128 (9th Cir. 1987) .....................................................................2, 5, 7

*Mattingly v. United States*,
    939 F.2d 816 (9th Cir. 1991) ..........................................................................11

*Melton v. Regional Ctr. of East Bay, Inc.*,
    No. 20-cv-06613, 2025 WL 1137264 (N.D. Cal. April 15, 2025).........................5

*In re Mirena IUD Prods. Liab. Litig.*,
    No. 13-MD-2434, 2015 WL 10433457 (S.D.N.Y. Mar. 5, 2015) .........................1

*Pagtalunan v. Galaza*,
    291 F.3d 639 (9th Cir. 2002) ...........................................................................5

*In re Phenylpropanolamine Prods. Liab. Litig.*,
  460 F.3d 1217 (9th Cir. 2006) ...........................................................................1, 7, 8

*Rodgers v. Alameda Cnty. Social Servs. Agency*,
  Nos. C-98-3760 & C-00-4470, 2001 WL 58966 (N.D. Cal. Jan. 12, 2001)...................11

*Ruelas v. Alameda Cnty.*,
  No. 19-cv-07637, 2023 WL 8173675 (N.D. Cal. April 14, 2023)..............................11

*Sanchez v. Autozone, Inc.*,
  No. 14-cv-1347, 2018 WL 6137165 (C.D. Cal. March 27, 2018).................................6

*Shanko v. Lake Cnty.*,
  No. 14-cv-5543, 2016 WL 9047117 (N.D. Cal. Feb. 2, 2016)......................................5

*Sotoodeh v. City of S. El-Monte*,
  No. 24-3848, 2025 WL 1409493 (9th Cir. May 15, 2025).............................................3

*Spears v. Baldwin Park Unified Sch. Dist.*,
  No. 24-1428, 2025 WL 2028305 (9th Cir. July 21, 2025).........................................1, 3

*In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*),
  966 F.3d 351 (5th Cir. 2020) ...................................................................................1

*Temujin Labs Inc. v. Translucence Research, Inc.*,
  No. 21-cv-9152, 2025 WL 277402 (N.D. Cal. Jan. 23, 2025).......................................5

*Torres v. General Motors LLC*,
  No. 24-cv-02474-BEN-JLB, 2025 WL 1435524 (S.D. Cal. May 16, 2025)...................9

*United States v. $133,420.00 in U.S. Currency*,
  672 F.3d 629 (9th Cir. 2012) ...................................................................................8

*United States v. Passegger*,
  No. 5:22-cv-875, 2025 WL 2074359 (C.D. Cal. March 6, 2025)................................11

*United States v. Redlightning*,
  624 F.3d 1090 (9th Cir. 2010) .................................................................................8

*United States v. Sarabia-Ramirez*,
  No. 1:14-cr-226, 2019 WL 1493338 (E.D. Cal. Apr. 4, 2019)..................................1, 7

*Walker v. Tilton*,
  No. 1:07–cv–1256, 2009 WL 1155663 (E.D. Cal. April 29, 2009)..............................8

*Young v. Cnty. of Alameda*,
  No. 24-cv-3914, 2025 WL 1237558 (N.D. Cal. April 28, 2025)................................11

*In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*,
  No. 09–md–2096, 2011 WL 3438862 (D. Ariz. Aug. 5, 2011)...................................1

iv

**Other Authorities**

Fed. R. Civ. P. 37................................................................................................................2, 4

Fed. R. Civ. P. 41...............................................................................................................3, 11

L.R. 37-1(a)...........................................................................................................................4

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

**INTRODUCTION**

In their Motion to Dismiss Cases for Failure to Comply with PTO 10, ECF 4203, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed submit the required verifications for their most recent amended Plaintiff Fact Sheets ("PFS") despite PTO 10 directing them to do so a year and a half ago, ECF 348, and Magistrate Judge Cisneros reiterating the requirement in November 2024, ECF 1877. Verification is not merely some technical requirement, but "essential . . . because of the substantial danger of false claims." *United States v. Sarabia-Ramirez*, No. 1:14-cr-226, 2019 WL 1493338, at *1 (E.D. Cal. Apr. 4, 2019) (citation omitted). Accordingly, these Plaintiffs' violations of the Court's orders impair Uber's ability to defend itself in this MDL and only further raise doubts about Plaintiff's counsel's vetting procedures. *See Computer Task Grp., Inc. v. Brotby,* 364 F.3d 1112, 1116 (9th Cir. 2004).

Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay and non-participation by Plaintiffs in this litigation, and the inadequacy of lesser sanctions favor dismissal. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990). Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1234 (9th Cir. 2006); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011).

Some of the Plaintiffs who failed to provide verifications for their PFS have not responded to Uber's motion, and for that reason alone the motion should be granted as to those Plaintiffs. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025) (holding that the "failure to respond to [defendant's] Motion to Dismiss is deemed his consent to the granting of the motion."). Other Plaintiffs[1] have responded, but only to state that they have now

---

[1] Anapol Weiss (ECF 4290 & 4303), Peiffer Wolf Carr Kane Conway & Wise, LLP (ECF 4291), Nachawati Law Group (ECF 4309), William Hart & Boundas, LLP (ECF 4310), and Kerkher Garcia

submitted verifications and therefore should be removed from the motion, which Uber does not oppose. A number of Plaintiffs argue that Uber's motion should be denied because it did not meet and confer before filing it, perhaps unaware of the numerous court decisions holding that motions for sanctions under Rule 37 are not discovery motions that would be subject to the meet and confer requirement. *See, e.g., Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011); *Johnson v. Williams,* No. 2:20-cv-01835, 2025 WL 2401323, at *2 (D. Nev. Aug. 1, 2025). Only a few Plaintiffs even address the factors for dismissal outlined in *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987), and those who do so downplay the prejudice to Uber and the harm to the administration of justice in a way that is contrary to the governing legal authority. At best, those Plaintiffs offer vague excuses that in no way justify their wholesale failure to comply with the verification requirement they have already been warned about more than once. ECF 347; ECF 1866. And Plaintiffs' history of non-compliance with this Court's orders shows that less drastic sanctions are simply not working to compel them to follow their obligations. *See Cannon Partners, Ltd. v. Cape Cod Biolab Corp.,* 225 F.R.D. 247, 251 (N.D. Cal. 2003) ("terminating sanctions appear to be the only practical course" where court had "attempted to impose lesser sanctions to curb plaintiff's behavior" without success). This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims with prejudice.

## ARGUMENT

### I. Four Plaintiffs have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.

Nigh Goldenberg Raso & Vaughn and Verhine & Verhine, PLLC did not file responses in opposition to Uber's Motion or attempt to cure their Plaintiffs' non-compliance with PTO 10 by submitting verifications for their most-recent amended PFS. These law firms represent the following four clients:

---

LLP (ECF 4311), have all filed Responses on behalf of their clients. Uber's Reply addresses all of these responses in a single filing for this Court's convenience.

2

| MDL ID | Case Number | Counsel |
|--------|-------------|---------|
| 1742 | 24-cv-04669 | Nigh Goldenberg Raso & Vaughn |
| 1497 | 24-cv-04670 | Nigh Goldenberg Raso & Vaughn |
| 2562 | 24-cv-06176 | Nigh Goldenberg Raso & Vaughn |
| 3716 | 25-cv-04371 | Vehrine & Verhine, PLLC |

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted under Rule 41. *Sotoodeh v. City of S. El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Thus, because these four Plaintiffs failed to timely oppose Uber's Motion, the motion should be granted as to them.

## II.     Uber withdraws its motion as to Plaintiffs who have produced verifications for their most recent amended PFS.

Several law firms have responded to Uber's motion to dismiss by stating that they have now produced verifications for the most recent amended PFS on behalf of some of the Plaintiffs at issue. ECF 4290; ECF 4303; ECF 4310. Uber has confirmed that, after the filing of Uber's motion, the Plaintiffs listed in Exhibit A to this Reply have in fact produced the verifications of their most recent amended PFS. Uber therefore withdraws its motion as to these Plaintiffs, although it reserves any other potential arguments regarding the sufficiency of these Plaintiffs' PFS submissions.[2] Uber also withdraws its Motion as to one Plaintiff, WHB 3 (MDL 1763), whose case was dismissed without prejudice after Uber filed its Motion. (Exhibit B to this Reply lists out the Plaintiffs who have not cured their non-compliance with PTO 10 and as to whom Uber still requests dismissal. Uber also submits a revised proposed Order granting this Motion for the Court's convenience.)

---

[2] In particular, Uber is still investigating the verifications that these Plaintiffs submitted in light of the fact that many of them bear only e-signatures without verifying metadata and there has been evidence in the past of counsel submitting documents on Plaintiffs' behalf despite a lack of contact with those Plaintiffs. *See* ECF No. 4103-1, at ¶ 5b, 5d, 5e, 5f (admitting no contact with the Plaintiff after May 9, 2023 but describing the filing of the MDL complaint 15 months later in August 2024 and submitting both a Ride Information Form and Plaintiff Fact Sheet thereafter, apparently with no input from their client); ECF No. 4104-1, at ¶ 5b, 5d, and 5e (describing Plaintiffs' failure to return counsel's communications beginning in December 2024 three months before the case was filed).

3

1    Uber notes, however, that William Hart & Boundas's ("WHB") statement that "Defendants

2    neglected to mention … that a number of plaintiffs had cured the identified deficiencies," ECF 4310

3    at 7, is incorrect. Uber's Motion was filed on October 22, 2025, and expressly reported Plaintiffs'

4    non-compliance with PTO 10 "as of October 20, 2025." ECF 4203 at 6. The data from MDL

5    Centrality reflected in Exhibit A shows that all the Plaintiffs who cured their failure to verify did so

6    by uploading the verification **after October 20, 2025**. And none of the relevant WHB Plaintiffs

7    uploaded a verification to cure their non-compliance before **November 4, 2025**. So Uber's Motion

8    did not unfairly fail to credit any WHB Plaintiffs for curing the identified deficiencies. But regardless,

9    WHB's Plaintiffs should have complied with PTO 10 when the Court entered the order a year and a

10   half ago instead of waiting until they were on the precipice of dismissal for failure to comply, causing

11   prejudice to Uber.

12   **III.    Uber's motion to dismiss was not a discovery motion and it was therefore not required to
13   meet and confer before filing it under Local Rule 37-1.**

14   A number of Plaintiffs argue that this Court should deny Uber's motion solely because it did

15   not meet and confer with them pursuant to Local Rule 37-1 before filing it. ECF 4290 at 2; ECF 4309

16   at 11; ECF 4310 at 9; ECF 4311 at 3. But under the plain language of the rule, the meet-and-confer

17   requirement applies only to "a motion to resolve a disclosure or discovery dispute." L.R. 37-1(a). And

18   courts have been clear that "a motion relating to sanctions pursuant to Rule 37," such as Uber's present

19   motion, is "not a discovery motion." *Endurance Am. Specialty Ins. Co.*, 2011 WL 4841285, at *3.

20   Accordingly, there is "no obligation to meet and confer… before bringing his motion for sanctions."

21   *Johnson*, 2025 WL 2401323, at *2. In fact, the Ninth Circuit has held that any local rule requiring a

22   conference prior to imposition of sanctions under Rule 37 would be inconsistent with that rule and

23   therefore unenforceable. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir.

24   2008). Regardless, as Plaintiffs have previously recognized in a joint submission to Magistrate Judge

25   Cisneros, Plaintiffs' failure to submit verifications when submitting amended PFS has been the subject

26   of "several meet and confers" in the past. ECF 1803. Plaintiffs cannot simply "ignore[] the parties'

27   previous meet and confer efforts" and the Court's repeated rulings and guidance thereafter to prevent

28

---

4

Uber from obtaining relief on Plaintiffs' continued failure to comply with court orders. *Melton v. Reg'l Ctr. of East Bay, Inc.*, No. 20-cv-06613, 2025 WL 1137264, at *1 (N.D. Cal. April 15, 2025).

**IV.    Plaintiffs' arguments that the Malone factors do not favor dismissal are unsupported by the law and the facts.**

    **A.    The first and second *Malone* factors: Plaintiffs' failure to comply with PTO 10 threatens this Court's management of its docket and the public interest in expedition in expedition resolution of this case.**

Two of the oppositions filed by Plaintiffs address the first two *Malone* factors: the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket. ECF 4309 at 13-14; ECF 4311 at 5. Both address these factors together rather than separately, so Uber will do the same.

As an initial matter, the public's interest in expeditious resolution of the litigation "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002). So Plaintiffs' assertion, without explanation, that it somehow "[w]eigh[s] against dismissal with prejudice" in this case is obviously wrong. ECF 4309 at 13; ECF 4311 at 5.

Turning to the Court's management of its docket, Plaintiffs argue that they may ignore this Court's orders because the resulting delays can "be endured" and the court's docket has not yet "become unmanageable." ECF 4309 at 13-14; ECF 4311 at 5. But the only case they cite in support actually found that the first two *Malone* factors **favored** dismissal for failure to prosecute and **affirmed** the dismissal of plaintiff's case. *In re Eisen*, 31 F.3d 1447, 1451-52 & 1456 (9th Cir. 1994). And although Plaintiffs emphasize that the district court in that case had dismissed after four years of delay, ECF 4309 at 14; ECF 4311 at 5, neither the district court nor the Ninth Circuit suggested that courts must wait that long before dismissing. Indeed, courts have repeatedly found just a few months of delay in prosecuting a case to be unreasonable and support dismissal. *See, e.g.*, *Temujin Labs Inc. v. Translucence Research, Inc.*, No. 21-cv-9152, 2025 WL 277402, at *2 (N.D. Cal. Jan. 23, 2025); (dismissing with prejudice after three month delay by plaintiffs); *Shanko v. Lake Cnty.*, No. 14-cv-5543, 2016 WL 9047117, at *2 (N.D. Cal. Feb. 2, 2016) (dismissing with prejudice after failure to respond to court orders for "a period of months;" allowing plaintiff to "disregard court orders without

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

consequence may have a broader effect on the Court's docket if it sends a message to other litigants that compliance with discovery obligations, case schedules, and court orders is optional"); *Haag v. Macomber*, No. 24-cv-04111, 2025 WL 20565, at *1 (C.D. Cal. Jan. 2, 2025) ("Plaintiff's failure to take any action for over two months is an unreasonable delay that raises a presumption of prejudice"); *Brunt v. United States*, No. 21-cv-231, 2021 WL 2670735, at *1 (C.D. Cal. May 14, 2021) (dismissing with prejudice after three month delay by plaintiff, which "hinders the Court's ability to move this case toward disposition and indicates that Plaintiff does not intend to litigate this action diligently").

Plaintiffs also argue that this Court should tolerate their failure to comply with PTO 10 because counsel has "already decreased the number of Plaintiffs with overdue fact sheets in a majority of cases that this issue has been raised," ECF 4309 at 14, and the Plaintiffs who have not complied "constitute less than 1 percent of the total MDL," ECF 4311 at 5. For starters, Plaintiffs' math is wrong: in fact, 216 Plaintiffs are at issue here, which would represent approximately 7.57% of approximately 2,852 active cases in this MDL. (It was approximately 8% at the time Uber filed its Motion, ECF 4203 at 6, but there have been additional cases filed since then.) But, even accepting Plaintiffs' questionable math, that is not how court ordered obligations work. Non-compliant Plaintiffs cannot be excused for their failure to produce substantially complete PFS simply because other Plaintiffs in other cases have done so, any more than Uber could be excused from producing documents in this case because Lyft has done so in a different sexual assault lawsuit. An MDL is not a class action, and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re Korean Air Lines Co.*, 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual court-ordered obligations and cannot take advantage of being in an MDL to avoid them. *See Sanchez v. Autozone, Inc.*, No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018); *see also Holley v. Gilead Sciences, Inc.*, No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24 ("[MDLs] are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way[.]"). The Plaintiffs subject to this motion have failed to comply with their

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

individual obligations under PTO 10, and the first two *Malone* factors both favor dismissal with prejudice.

      **B.**    **The third *Malone* factor: the fact that other discovery has been stayed heightens rather than diminishes the prejudice to Uber from Plaintiffs' failure to verify their amended PFS in compliance with PTO 10.**

      The Nachawati Law Group and Kherkher Garcia LLP both argue that Uber has not been prejudiced by Plaintiffs' failure to produce substantially complete PFS because all other discovery in this case has been stayed, except as to bellwether cases. ECF 4309 at 15; ECF 4311 at 6. That gets it exactly backwards. The stay of discovery actually renders Plaintiffs' failure to provide verifications for their amended PFS **more prejudicial** to Uber because the PFS provides **the only information** Uber will be able to obtain about the non-bellwether cases for some time. *See ILWU-PMA Welfare Plan Board of Trustees v. Conn. General Life Ins. Co.*, No. 15-cv-2965, 2017 WL 345988, at *6 (N.D. Cal. Jan 24, 2017) (prejudice established from loss of evidence where it was not available from other sources); *Bennett-Martin v. San Bernadino Valley Cmty. Coll.*, No. 16-cv-1165, 2018 WL 5919212, at *7 (C.D. Cal. May 15, 2018) (party would "likely suffer substantial prejudice" where it had "no other source to obtain [sought after] information"). PFS are the only "information about the plaintiff or the plaintiff's injuries outside the allegations of the complaint" that an MDL defendant will receive. *In re PPA*, 460 F.3d at 1234. And verifications are "essential" to prevent "false claims." *Sarabia-Ramirez*, 2019 WL 1493338, at *1. A verification requirement protects defendants "from the disruption and expense of responding to a claim unless a complainant is serious enough and sure enough to support it by oath subject to liability for perjury." *Edelman v. Lynchburg College*, 535 U.S. 106, 113 (2002). That is crucial where, as here, the Court has already found that nearly thirty Plaintiffs submitted non-bona fide ride receipts in support of their claims. ECF 3876; ECF 3972. As one court put it, verification is "particularly important in this case since Defendant alleges that one or more of the documents attached to Plaintiff's pleadings were fraudulently created[.]" *Abernathy v. Liberty Ins. Corp.*, No. 22-cv-1903, 2023 WL 6785797, at *2 (C.D. Cal. Sept. 22, 2023). Uber has been significantly prejudiced by Plaintiffs' failure to provide the verification required by PTO 10 because

7

1    it cannot trust that their PFS are truthful, such that it could rely on their representations to assess their

2    cases and prepare to defend them.

3         Plaintiffs do not even attempt to address most of the cases Uber has cited establishing that the

4    failure to provide a verification for an amended PFS is prejudicial to defendants. ECF 4309 at 15; ECF

5    4311 at 6. They do argue that *PPA* is distinguishable because the failure to submit a PFS in that case

6    prevented other discovery deadlines from being triggered, but the court in *PPA* did not rely on that

7    fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered

8    sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA*, 460 F.3d

9    at 1227. It added that "an involved, complex case increases the prejudice from the delay. Early

10   preparation and participation are essential in such circumstances." *Id.* at 1228. But regardless, not only

11   have Plaintiffs failed to distinguish Uber's authority establishing prejudice, they also have not pointed

12   to a single case suggesting that the failure to comply with a court order to verify a PFS is not

13   prejudicial. ECF 4309 at 15; ECF 4311 at 6. Indeed, Uber is unaware of any case so holding.

14        The Nachawati firm also argues that it has "mitigated" any prejudice to Uber from being

15   "unable to assess the entire litigation" by "provid[ing] pertinent case information for each Plaintiff."

16   ECF 4309 at 15. That is absurd. No amount of unsworn information Plaintiffs might provide can take

17   the place of the verified PFS by PTO 10. Unsworn statements are generally recognized as unreliable.

18   *See United States v. Redlightning*, 624 F.3d 1090, 1118 (9th Cir. 2010); *Walker v. Tilton,* No. 1:07–

19   cv–1256, 2009 WL 1155663, at *5 (E.D. Cal. April 29, 2009). In contrast, assertions that have been

20   verified with an affidavit or declaration are "cognizable evidence," *United States v. $133,420.00 in*

21   *U.S. Currency*, 672 F.3d 629, 639 (9th Cir. 2012), that "provide a basis upon which the court can find

22   that a proffered fact… can be supported at trial by testimonial or other competent evidence," *Honnevk*

23   *v. Farmers New World Life Ins. Co.*, No. 1:11–cv–153, 2013 WL 6839605, at *4 (E.D. Cal. Dec. 23,

24   2013). Regardless, this Court ordered Plaintiffs to submit verifications for their amended PFS, ECF

25   348; ECF 1877, not simply to provide Uber with whatever information they happen to find it

26   convenient to share. The Plaintiffs at issue in this motion have not complied with PTO 10 and Uber's

27   ability to defend itself has been significantly prejudiced.

28

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

### C. The fourth and fifth Malone factors: Plaintiffs' failure to comply with the Court's order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available.

Plaintiffs' oppositions cite to the general policy in favor of disposing of cases on the merits rather than by default judgment. ECF 4309 at 15-16; ECF 4311 at 6-7. But while disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC*, No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.*, No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

Despite Plaintiffs' contrary arguments (ECF 4309 at 16-17; ECF 4311 at 7), dismissal is not too drastic a sanction in this case. PTO 10 ordered Plaintiffs to verify their PFS a year and a half ago, ECF 348, and Magistrate Judge Cisneros reiterated that requirement almost a full year ago, ECF 1877. Yet Plaintiffs filed their most recent amended PFS without verifications, in clear violation of these longstanding orders. And there is a clear history in this case of Plaintiffs and the firms that represent them failing to comply with this Court's orders. *See, e.g.,* ECF 3862; ECF 3922. Courts have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Ctr.*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020); *Jackson v. United States*, 116 F.3d 484, 484 (C.D. Cal. June 5, 1997).

Moreover, based on Plaintiffs' previous actions, there is reason to believe that lesser sanctions will not be effective. In past motions based on Plaintiffs' non-compliance with court orders, Uber has asked this Court to give Plaintiffs one last chance to comply. *E.g.,* ECF 3493 at 2-3 ("Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit the overdue discovery within 14 days of the Court's order, and providing that the Court will dismiss with prejudice the case of any Plaintiff who fails to comply with the extended deadline."); ECF 3731 at 2-3 ("Uber thus proposes that the Court issue one final order compelling Plaintiffs to submit substantially complete

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB

1  PFS within 14 days of the Court's order, and providing that the Court will dismiss with prejudice the

2  case of any Plaintiff who fails to comply with the extended deadline."). This Court has given the

3  Plaintiffs these opportunities. *E.g.,* ECF 3666; ECF 3861; ECF 3862. But many Plaintiffs still have

4  not complied with the Court's orders, despite the several extended periods they were granted in which

5  to do so. *E.g.,* ECF 3743; ECF 3988; ECF 3991. Clearly, measures short of dismissal with prejudice

6  have not been effective in attempting to get Plaintiffs, and their counsel, to take their Court-ordered

7  obligations seriously. Plaintiffs have continued to violate Court orders and their counsel have

8  continued to proffer weak excuses for the failure to comply. Given this Court's unsuccessful prior

9  "attempt[s] to impose lesser sanctions to curb plaintiff's behavior," we have reached a point where

10  "terminating sanctions appear to be the only practical course."[3] *Cannon Partners, Ltd.*, 225 F.R.D. at

11  251.

12      Plaintiffs also argue that dismissal is inappropriate because they are not "unwilling" to comply

13  with this Court's order or simply "refusing" to do so, but have been unable to do so for various vague

14  and non-specific reasons (for example, counsel's inability to obtain current contact information for

15  unspecified clients, ECF 4309 at 10, or an unidentified Plaintiff's alleged unresponsiveness to

16  counsel's outreach, ECF 4311 at 2). But, for the failure to comply with a court order to be willful, and

17  dismissal to be appropriate, "the failure need not necessarily be accompanied by wrongful intent."

18  *Horsley v. United States*, No. 83-cv-0102, 1985 WL 2655, at *4 (N.D Cal. June 5, 1985). "Disobedient

19  conduct not shown to be outside the litigant's control meets this standard." *Fair Hous. of Marin v.*

20  *Combs*, 285 F.3d 899, 905 (9th Cir. 2002). There is nothing in the record to suggest that Plaintiffs

21  failed to provide verifications for their amended PFS due to circumstances beyond their control. *See*

22  *Hilton*, 2020 WL 2528935, at *2. Indeed, Plaintiffs' Oppositions fail to allege facts specific to any

23  individual Plaintiff[4] to explain the failure to produce; they offer only "vague [and hypothetical]

24

25  _____
   [3] In light of this, this Court should reject Plaintiffs' requests that it give them additional time to comply
26  with PTO 10 and, if they fail to do so, dismiss their cases without prejudice. ECF 4310 at 8; ECF 4311
   at 2 & 4.
27  [4] One exception is Plaintiff MDL 3234, as to whom the Peiffer Wolf firm specifically alleges "is
   imprisoned," making "communication… incredibly difficult." ECF 4291 at 5. But this Court has
28  held that incarceration "does not excuse plaintiff's obligations to prosecute his case and comply with

excuses" about changing contact information of the type courts have previously been "unmoved by." *United States v. Passegger*, No. 5:22-cv-875, 2025 WL 2074359, at *2 (C.D. Cal. March 6, 2025). Because Plaintiffs have not shown their failure to abide by this Court's discovery order was outside of their control, dismissal with prejudice is appropriate. *See Ruelas v. Alameda Cnty.*, No. 19-cv-07637, 2023 WL 8173675, at *3 (N.D. Cal. April 14, 2023).

The Nachawati Plaintiffs also argue that dismissal "is particularly punitive in light of the nature of Plaintiffs' claims, which all stem from the sexual assault or sexual misconduct." ECF 4309 at 16. But Rule 41 does not excuse plaintiffs from following court rules and prosecuting their cases simply because they have made serious factual allegations, and sexual assault cases are not immune from dismissal. *See Young v. Cnty. of Alameda*, No. 24-cv-3914, 2025 WL 1237558, at *5 (N.D. Cal. April 28, 2025) (noting, in case involving sexual assault allegations, that failure to comply with court orders "will result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b)"); *Fimbrez v. Fresno Cnty. Jail*, No. 1:24-cv-1462, 2025 WL 1506225, at *6 (E.D. Cal. May 27, 2025) (dismissing case including sexual assault claim with prejudice for failure to prosecute); *Catalan v. Hill*, No. 22-cv-0062, 2024 WL 5185635, at *4 (C.D. Cal. Aug. 26, 2024) (same). "The Rules of Civil Procedure … apply by their own force to all litigants before the court." *Mattingly v. United States*, 939 F.2d 816, 818 (9th Cir. 1991). Plaintiffs have come before this Court making serious allegations and seeking significant relief; they cannot ignore their Court-imposed obligations, no matter how inconvenient they may find them. *See Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

## V.    Conclusion

Plaintiffs have been repeatedly warned that PTO 10 requires them to submit a verification with any amended PFS, but have failed to submit the required verification. This conduct has seriously prejudiced Uber and impaired the efficient management of this MDL. This Court should dismiss Plaintiffs' claims with prejudice and grant the other relief requested in Uber's Motion.

---

the federal rules of civil procedure." *Rodgers v. Alameda Cnty. Soc. Servs. Agency*, Nos. C-98-3760 & C-00-4470, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001).

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

1

Dated: November 12, 2025

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY ISO MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 10

Case No. 3:23-MD-3084-CRB