Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR ORDER ESTABLISHING COMMON FACT DISCOVERY CUT-OFF**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Pursuant to Federal Rules of Civil Procedure 16 and 26, N.D. Cal. Civ L.R. 37-3, and Magistrate Judge Cisneros's direction that if "Uber seeks a common fact discovery cutoff that applies to all MDL cases, they shall present their request to Judge Breyer," ECF 4123, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants" or "Uber") respectfully move for an order establishing a November 14, 2025 common fact discovery cut-off across this MDL.

Over the past two years, Plaintiffs have had every opportunity to take—and have received—an extraordinary amount of common discovery, even for an MDL proceeding: more than ***1.5 million of Defendants' corporate documents totaling more than 5.5 million pages (and hundreds of millions of cells of additional data)*** from more than 55 agreed-upon custodians and other company sources and nearly ***60 days of company witness depositions*** regarding common issues. Indeed, a bellwether case in the JCCP has already been tried to verdict on the existing record, and the first MDL bellwether trial is mere weeks away. Under Rule 26's proportionality requirement and the efficiency mandate of 28 U.S.C. § 1407, once common discovery has achieved its purpose, it must end. That moment has arrived in this MDL. Accordingly, Defendants now respectfully move for a common fact discovery cut-off of November 14, 2025. ECF 4123 at 3; *see also* N.D. Cal. Civ L.R. 37-3 (governing discovery cut-offs).

## BACKGROUND

This MDL was formed on October 4, 2023. *See* ECF 1. Discovery commenced promptly, with Plaintiffs serving hundreds of written discovery requests beginning in early 2024. *See* Decl. of Christopher D. Cox. ("Cox Decl.") ¶ 4 (Ex. 1). The parties conferred extensively regarding Defendants' data sources, custodians, and search terms. *See, e.g.*, *id.* ¶¶ 4, 8-10. Issues regarding the scope of document and deposition discovery have been the subject of extensive litigation, and throughout 2024 and 2025, the Court has exercised close supervision over the discovery process, holding monthly discovery status conferences, guiding the parties to compromise, and, where necessary, resolving disputes. *Id.* ¶ 7. These efforts have resulted in a comprehensive factual record. Defendants have made a massive production: ***more than 1.5 million documents, exceeding 5.5 million pages, as well as hundreds of millions of cells of other data***, drawn from an agreed-upon list of 55 custodians (who represent every conceivable relevant functional area of the company) and other sources. *Id.* ¶¶ 6, 8. A similarly complete testimonial record has

been developed. *Nearly 60 days of common discovery depositions of dozens of current and former Uber employees* have been taken in the MDL, spanning more than 350 hours on the record.[1] *Id.* ¶¶ 12-15. These include depositions of investigators and safety agents as well as managers, directors, and vice-presidents with responsibilities for marketing, communications, research, product development, data science, applied science, law enforcement responses, corporate development, finance, customer support, policy, and every area of safety and safety operations. *Id.* ¶ 13. In addition, multiple apex witness depositions were taken, including those of Uber's co-founder and former CEO, current executive leadership team members, and Uber's current CEO. *Id.* ¶ 14. Plaintiffs have taken more than ten 30(b)(6) depositions on a wide range of topics, including, but not limited to, reported incidents of sexual assault and sexual misconduct; identification of risk factors associated with such reported incidents; efforts to prevent sexual assault and sexual misconduct incidents, including safety features considered and/or implemented; the company's Safety Reports; driver screening, background checks, onboarding, and deactivation; rider and driver communications; marketing; and business and financial data. *Id.* ¶ 15.

## ARGUMENT

Common fact discovery in this MDL has more than accomplished everything it was designed to: a comprehensive record of millions of pages of documents that have been produced and dozens of corporate depositions that have been taken. Plaintiffs have had a full and fair opportunity to explore Uber's policies, systems, and decision-making, and to examine the witnesses and documents necessary to advance their theories. Leaving common fact discovery open would only indefinitely extend a process that has already achieved its purpose, and this Court should therefore impose a cut-off applicable to all cases.

*First*, a global cut-off will ensure uniform, efficient management of all the MDL cases and safeguard the integrity of the bellwether process. Establishing a single MDL-wide date—November 14, 2025, the same date already governing the completion of ongoing common discovery for Wave 1, ECF 4123 at 2-3—prevents the balkanization of discovery across waves and avoids the recurring problem in large MDLs where piecemeal schedules spawn duplicative requests, rolling disputes, and inconsistent

---

[1] Approximately 30 additional common discovery depositions of Uber witnesses were taken in the JCCP, which are also accessible to Plaintiffs in this MDL. Cox Decl. ¶ 12.

rulings. *See In re Uber Techs., Inc., Passenger Sexual Assault Litig.*, 699 F. Supp. 3d 1396, 1398 (J.P.M.L. 2023) (transfer order) (explaining that this MDL's purpose is to "eliminate duplicative discovery; prevent inconsistent pretrial rulings; and conserve the resources of the parties, their counsel, and the judiciary"). These efficiency and fairness principles are codified in 28 U.S.C. § 1407, which directs MDL courts to ensure the "just and efficient conduct" of centralized actions. Efficiency is measured not by how long discovery remains open but by how effectively coordinated discovery positions the litigation for expert work, dispositive motions, and representative trials. With expert discovery underway and the first MDL trial approaching, allowing common discovery to continue would force experts to adjust mid-analysis, risk inconsistent evidentiary foundations, and divert resources from trial planning. A uniform cut-off, by contrast, fixes the record, harmonizes schedules across waves, and enables the Court to stage the next phases of the litigation on common footing—precisely what Congress intended when it authorized centralized MDL management. *Conroy v. Fresh Del Monte Produce, Inc.*, 325 F. Supp. 2d 1049, 1053 (N.D. Cal. 2004) (explaining that "uniformity, consistency, and predictability in litigation . . . underlies the MDL system.").

**Second**, the existing record satisfies Rule 26's proportionality limits and triggers the Court's duty to limit cumulative discovery. As Judge Cisneros noted in this case, "[t]he right to discovery, even plainly relevant discovery, is not limitless." ECF 321 at 6; *see also Auris Health, Inc. v. Noah Med. Corp.*, No. 22-cv-08073-AMO (LJC), 2024 WL 1016077, at *2 (N.D. Cal. Feb. 13, 2024) (same). Under Rule 26(b)(1)-(2), discovery must be "proportional to the needs of the case" and not "unreasonably cumulative or duplicative." Fed. R. Civ. P. 26(b)(1)-(2). These rules ensure that discovery is "not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest. Parties are entitled to a reasonable opportunity to investigate the facts—and no more." *Dale v. Deutsche Telekom AG*, No. 22 C 3189, 2024 WL 4416761, at *1, *3 (N.D. Ill. Oct. 4, 2024). "The key here is careful and realistic assessment of **actual need**." John Roberts, C.J., 2015 Year-End Report on the Federal Judiciary at 7 (Dec. 31, 2015) (emphasis added). As the *Dale* court cautioned, "just because counsel in this case insist that there are 50 or 60 stones to be looked under, does not mean they get to look under every one of them." *Dale*, 2024 WL 4416761, at *2-3; *see also Manual for Complex Litigation (Fourth)*,

§ 11.41 ("[E]ven in complex litigation, discovery does not require leaving no stone unturned."). That same principle applies here, as the parties have produced and examined the materials that are at issue in all cases in this MDL: company-wide policies and practices, safety features and data, and the testimony of the key corporate and third-party witnesses across nearly the entire life of the company. At this stage, follow-on requests, repeat depositions, and incremental data points would impose burdens and costs but would not change the evidentiary landscape. Moreover, the need for finality here is underscored by the continuing innovation that is inherent in Uber's business—given that the company is constantly updating its technology, safety tools, and platform, Plaintiffs could always assert that each new iteration or feature justifies still more discovery.[2] The Rules therefore require the Court to impose a global cut-off to prevent common discovery from becoming an end in itself.[3]

For the foregoing reasons, Uber respectfully requests that the Court enter an order establishing a November 14, 2025 common fact discovery cut-off for all MDL cases.[4]

---

[2] Given prior leaks of confidential information in this litigation, which violate the protective order entered by the Court (ECF 176), foreclosing further discovery requests that are aimed at improperly trying cases in the media rather than in the courtroom is yet another reason to impose a common discovery cut-off.

[3] For these reasons, MDL courts regularly impose common-discovery deadlines, either after extensive discovery has been completed, *see, e.g.*, Second Am. Discovery Case Mgmt. Order Governing Master Discovery, *In re Exactech Polyethylene Orthopedic Prods. Liab. Litig.*, MDL No. 3044 (E.D.N.Y. Jan. 26, 2024), ECF 522 (cabining master discovery after about a year of coordinated discovery); Case Mgmt. Order & Fourth Am. Scheduling Order, *In re Paragard IUD Prods. Liab. Litig.*, MDL No. 2974 (N.D. Ga. Feb. 11, 2025), ECF 870 (effectively closing the general record while preserving ordinary supplementation rights after about three years of common discovery), or at the outset of discovery, *see, e.g.*, Case Mgmt. Order No. 16 (MDL Scheduling Order), *In re Taxotere (Docetaxel) Eye Injury Prods. Liab. Litig.*, MDL No. 3023 (E.D. La. May 2, 2023), ECF 115 (setting a deadline for general discovery to end about one year after the start of coordinated discovery); Scheduling Order, *In re T-Mobile Customer Data Sec. Breach Litig.*, MDL No. 3019 (W.D. Mo. Apr. 18, 2022), ECF 117 (similar); Discovery Plan & Scheduling Order, *In re Smitty's/Cam2 303 Tractor Hydraulic Fluid Mktg., Sales Pracs. & Prods. Liab. Litig.*, MDL No. 2936 (W.D. Mo. July 8, 2020), ECF 25 (similar); Case Mgmt. Order No. 5 (General Discovery Protocol - Sanofi Defendants), *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 2740 (E.D. La. Aug. 23, 2017), ECF 762 (similar) (attached collectively as Ex. 2).

[4] Defendants do not claim that common discovery requests that have already been served and responded to (such as Plaintiffs' third sets of interrogatories and requests for production served on October 6, 2025 and responded to on November 5, 2025), Cox. Decl. ¶ 5, would be untimely under a November 14, 2025 cut-off.

DATED: November 12, 2025                    Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on November 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By:  */s/ Laura Vartain Horn*
Laura Vartain Horn