# EXHIBIT 1

| | |
|---|---|
| 1 | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| 2 | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| 3 | Telephone: (415) 439-1625 |
| | laura.vartain@kirkland.com |
| 4 | |
| | Allison M. Brown (Admitted *Pro Hac Vice*) |
| 5 | **KIRKLAND & ELLIS LLP** |
| | 2005 Market Street, Suite 1000 |
| 6 | Philadelphia, PA 19103 |
| | Telephone: (215) 268-5000 |
| 7 | alli.brown@kirkland.com |
| 8 | Jessica Davidson (Admitted *Pro Hac Vice*) |
| | Christopher D. Cox (Admitted *Pro Hac Vice*) |
| 9 | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| 10 | New York, NY 10022 |
| | Telephone: (212) 446-4800 |
| 11 | jessica.davidson@kirkland.com |
| | christopher.cox@kirkland.com |
| 12 | |
| | *Attorneys for Defendants* |
| 13 | UBER TECHNOLOGIES, INC., RASIER, LLC, |
| | And RASIER-CA, LLC |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
| | **DECLARATION OF CHRISTOPHER D. COX IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION FOR ORDER ESTABLISHING COMMON FACT DISCOVERY CUT-OFF** |
| This Document Relates to: | |
| ALL ACTIONS | |
| | Judge:       Hon. Charles R. Breyer |
| | Courtroom:  6 – 17th Floor |

I, Christopher D. Cox, declare the following:

1. I am over the age of 18 and am a resident of Darien, Connecticut.

2. I am a partner at the law firm of Kirkland & Ellis LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Defendants" or "Uber"). I am a member in good standing of the Bar of the State of New York. I know the following facts to be true of my own knowledge, except those matters stated to be based upon information and belief, and if called to testify, I could competently do so.

3. I submit this declaration in support of Defendants' Administrative Motion for Order Establishing Common Fact Discovery Cut-off.

4. Upon information and belief, following the formation of this MDL on October 4, 2023, ECF 1, discovery commenced promptly. Both before and after Plaintiffs served extensive formal discovery requests (described below), the parties engaged in numerous conferrals about Defendants' data sources.

5. Between February 27, 2024, and March 27, 2025, Plaintiffs propounded hundreds of written discovery requests (more than 280 requests for production and 130 interrogatories, as well as more than 130 requests for admission), to which Defendants responded. On October 6, 2025, Plaintiffs served additional common discovery requests (third sets of interrogatories and requests for production) to which Defendants responded on November 5, 2025.

6. Upon information and belief, in connection with these and other requests, to date Defendants have produced over **1.5 million documents** in common fact discovery, **exceeding 5.5 million pages**, as well as hundreds of millions of cells of data, including safety incident reporting data. These numbers exclude productions made pursuant to the Defendant Fact Sheets or bellwether discovery.

7. Upon information and belief, since the beginning of this litigation, the Court has exercised close supervision over the discovery process. For example, in March 2024, Magistrate Judge Cisneros entered Pre-Trial Order No. 8 outlining a process for raising and resolving discovery disputes, which the parties and the Court have utilized throughout the litigation to date. ECF 323. In addition, throughout 2025, Magistrate Judge Cisneros has held monthly discovery status conferences. *See* ECF 1996 and ECF

4191. These conferences require the parties to submit in advance joint status reports identifying discovery issues and/or disputes. In connection with PTO 8 submissions and regular conferences, through which the parties have had opportunities to raise any disagreements regarding the scope of discovery, the Court has guided the parties to compromise and, where necessary, resolved disputes.

8. These document productions were drawn from an extensively negotiated and litigated list of 55 custodians. Upon information and belief, the parties began conferring about custodians in April 2024, and exchanged custodian lists of various sizes with rationales through April and May 2024. In June and July, 2024, the parties engaged in motion practice and Court-ordered conferrals, culminating in an agreement, on July 8, 2024, that Defendants would produce documents for 55 total custodians selected by Plaintiffs for both the JCCP and MDL. *See* ECF 693 at 2. These custodians were finalized on October 11, 2024. *See* ECF 1744.

9. Upon information and belief, the parties also worked together to develop a set of search terms to identify responsive documents. The parties spent months negotiating search terms, including a multi-day, in-person negotiation at the courthouse, and ultimately agreed to a final set of search terms on August 5, 2024. *See* ECF 779 at 2.

10. Upon information and belief, the parties also litigated or reached agreement on productions from other sources, including Defendants' incident report data and custodian-agnostic productions from Defendants' Google Drive infrastructure.

11. Over the last several months, in response to numerous requests following substantial completion and pursuant to related Court orders, Defendants have also provided extensive supplemental discovery, which has resulted in further data and document productions, *see* ECF 3848, ECF 4060, as well as additional responses to written questions and/or declarations, *see* ECF 3848, ECF 3973.

12. In addition to the above-described document and data productions, written responses, and declarations, nearly 60 days of common-discovery depositions have been taken in the MDL, spanning over 350 hours on the record. *See* ECF 4015-1. These numbers ***do not include*** the numerous case-specific company witness depositions that were taken in connection with Wave 1 bellwether cases. Further, approximately 30 additional common-discovery depositions of Uber witnesses were taken in the JCCP

proceeding, which are also available to Plaintiffs in the MDL.

13. These nearly 60 days of depositions include depositions of current and former Uber employees at multiple levels throughout the company, including investigators and safety agents as well as managers, directors, and vice-presidents with responsibilities for marketing, communications, research, product development, data science, applied science, law enforcement responses, corporate development, finance, customer support, policy, and safety and safety operations.

14. Multiple apex witness depositions were also taken, including those of current members of Uber's executive leadership team such as Jill Hazelbaker and Gus Fuldner, Uber's co-founder and former chief executive, Travis Kalanick, and Uber's current Chief Executive Officer, Dara Khosrowshahi.

15. In addition to individual witness depositions, Plaintiffs have taken more than ten 30(b)(6) depositions on a wide range of topics, including, but not limited to, reported incidents of sexual assault and sexual misconduct; identification of risk factors associated with such reported incidents; efforts to prevent sexual assault and sexual misconduct from occurring on the platform, including safety features that have been considered and/or implemented; the company's Safety Reports and safety reporting data sources; driver screening, background checks, onboarding, and deactivation; communications with riders and drivers; marketing; and business and financial data.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 12, 2025, in New York, New York.

              */s/ Christopher D. Cox*
              Christopher D. Cox