RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
SARA B. CRAIG (Cal Bar No. 301290)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com
Email: scraig@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

CRISTINE FARAH (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
935 Gravier Street, Suite 1600
New Orleans, LA 70112
Telephone: (504) 523-2434
Facsimile: (415) 840-9435
Email: cfarah@peifferwolf.com

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**REPLY IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR M.A.Y.** |
| This Document Relates to:<br><br>*M.A.Y. v. Uber Technologies, Inc., et al.,*<br>*3:25-cv-02107-CRB* | Honorable Charles R. Breyer |

**REPLY IN FURTHER SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

**FOR M.A.Y.**

Counsel for Plaintiff M.A.Y. respectfully submits this reply in further support of their

motion to withdraw as counsel. *See Docket No. 4217*. This motion was filed only after diligent efforts to maintain communication with this plaintiff. Unfortunately, circumstances outside counsel's control—including the inability to reach this client and maintain consistent communication—have made continued representation impractical and unreasonably difficult.

Defendants have raised collateral concerns regarding verification of Plaintiff's Fact Sheet. Nevertheless, the communication breakdown between attorney and client underscores the impossibility of effective representation under current conditions.

A breakdown in communication and trust between attorney and client constitutes good cause for withdrawal, particularly where withdrawal will not prejudice other parties or delay proceedings. The Court has broad discretion to permit withdrawal under such circumstances, and courts in this Circuit have consistently found it appropriate when counsel cannot maintain contact or cooperation with their clients.

Under California Rule of Professional Conduct 1.16(b)(4), withdrawal is permitted when a client renders it unreasonably difficult for counsel to carry out representation effectively.

Courts consider four factors when ruling on a motion to withdraw: (1) the reason for withdrawal, (2) potential prejudice to other litigants, (3) impact on the administration of justice, and (4) delay in resolving the case. *See Riese v. County of Del Norte, 2013 WL 6056606*, at *1 (N.D. Cal. Nov. 14, 2013). Each factor supports withdrawal here.

1. **Reason for Withdrawal.** Counsel cannot meaningfully respond to Defendants' filings or advance the litigation without input from the Plaintiffs. This factor favors withdrawal.

2. **Prejudice to Other Litigants.** These cases are not bellwethers. Plaintiffs will receive all relevant materials and can obtain new counsel, proceed pro se, or choose not to pursue further action. Any delay or prejudice to other litigants is minimal.

3. **Administration of Justice.** Withdrawal will not disrupt the overall MDL

proceedings. These two cases are among more than 2,500 and have no bearing on bellwether scheduling.

4. **Delay in Resolution.** The earliest potential trial dates remain months away, and permitting withdrawal now will not delay the MDL process. Courts routinely grant withdrawal under similar circumstances where client noncommunication prevents effective advocacy. *See, e.g., Capital Commc'ns v. Lucent Techs.*, 2004 WL 201596 (N.D. Cal. Jan. 16, 2004); *El Hage v. U.S. Sec. Assocs.*, 2007 WL 4328809 (N.D. Cal. Dec. 10, 2007); and *Hershey v. Berkeley*, 2008 WL 4723610 (C.D. Cal. Oct. 24, 2008).

Shockingly, Defendants' response inaccurately insinuates that Plaintiff's counsel failed to adhere to its duty to conduct a reasonable factual investigation prior to filing this complaint. *See Docket No. 4231*. Such an assertion is baseless and contradicts what was described in Plaintiff's filed declaration for M.A.Y. *See Docket No. 4217*. Here, between October 14, 2022 and October 1, 2025, Plaintiff's assert that M.A.Y. did contact our office on 7 occasions. Defendants are incorrectly misstating our firm's handling of this case and the Plaintiff.

Counsel has made diligent efforts, but is unable to communicate with this Plaintiff, leaving counsel unable to continue representation. Under these circumstances, counsel's motion to withdraw should be granted for M.A.Y.

**CONCLUSION**

For these reasons, counsel's motion to withdraw for Plaintiff M.A.Y. should be granted.

DATED: November 13, 2025         RESPECTFULLY SUBMITTED,

By: /s/ Rachel Abrams

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
SARA B. CRAIG (Cal Bar No. 301290)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544

Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
awolf@peifferwolf.com
scraig@peifferwolf.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2025, I electronically transmitted the foregoing **REPLY IN SUPPORT OF WITHDRAW** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Rachel B. Abrams*
RACHEL B. ABRAMS