# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL WAVE 1 BELLWETHER ACTIONS | Case No.: 3:23-MD-03084 CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING ORCHOWSKI REBUTTAL REPORT**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Dear Judge Cisneros:

   Pursuant to Pretrial Order No. 8 (ECF No. 323), the parties respectfully submit this joint letter regarding Plaintiffs' motion to strike in part the rebuttal report submitted by Dr. Lindsay Orchowski.

Dated: November 14, 2025                          Respectfully Submitted,

By: */s/Roopal P. Luhana*                          By: */s/Laura Vartain Horn*
ROOPAL P. LUHANA *(Pro Hac Vice)*         **KIRKLAND & ELLIS LLP**
**CHAFFIN LUHANA LLP**                            ALLISON M. BROWN
600 Third Avenue, Fl. 12                              JESSICA DAVIDSON
New York, NY 10016                                    LAURA VARTAIN HORN
Telephone: (888) 480-1123                          CHRISTOPHER COX
Email: luhana@chaffinluhana.com

                                                                      **SHOOK, HARDY & BACON L.L.P**.
SARAH R. LONDON (SBN 267083)              MICHAEL B. SHORTNACY
**GIRARD SHARP LLP**                                PATRICK L. OOT, JR.
601 California St., Suite 1400                        CHRISTOPHER V. COTTON
San Francisco, CA 94108                             ALYCIA A. DEGEN
Telephone: (415) 981-4800
Email: slondon@girardsharp.com              **O'MELVENY AND MYERS LLP**
                                                                      SABRINA H. STRONG
RACHEL B. ABRAMS (SBN 209316)            JONATHAN SCHNELLER
**PEIFFER WOLF CARR KANE CONWAY**
**& WISE, LLP**                                              *Attorneys for Defendants*
555 Montgomery Street, Suite 820

San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**Plaintiffs' Position**:

Uber offers various opinions from psychologist Lindsay Orchowski to purportedly rebut opinions from Plaintiffs' expert, Dr. Veronique Valliere. Several of Dr. Orchowski's opinions, however, are not actual rebuttals, but in fact brand new opinions that should be stricken.

**Legal Standard**. A rebuttal opinion must be "intended solely to contradict or rebut evidence on the same subject matter identified by another party" in its own expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal is only appropriate to "explain, repel, counteract or disprove evidence of the adverse party." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015). Thus, "a defendant's rebuttal expert is limited to offering opinions rebutting and refuting the theories set forth by plaintiff's expert(s)." *Id.* (citation omitted).

**The Court should strike Dr. Orchowski's statistical causation opinions**. Based on her expertise with sexual assault victims and offenders, Dr. Valliere opines that "[t]he rideshare environment is ripe for exploitation and utilization by sexual offenders for numerous reasons," including "ready victim access and ease of victim selection; offender control of the environment; isolation and other victim vulnerabilities; presumption of relationship, safety, and trust; access to and control of information; endorsement by and protection of the company; and the inherent burden shifting of the response from the offender to the victim." ECF 4340 (Valliere Rpt.) at 1, 11; *see also id.* at 31 & 39 (explaining that Uber presents a "crime triangle," i.e., circumstances in which there is an offender, a victim, and an opportunity). Dr. Valliere's expertise in sexual assault and analysis of the features of the Uber environment help the jury evaluate whether Uber breached its duty of care, defrauded Plaintiffs, and acted recklessly.

In response, Dr. Orchowski accuses Dr. Valliere of engaging in a "causal fallacy" equivalent to the belief that a correlation between the "number of storks and the number of births" shows that "storks deliver babies." Ex. A (Orchowksi Reb. Rpt) at 12. But Dr. Valliere does not make a claim of statistical significance, instead she offers a qualitative analysis of the Uber environment. Dr. Orchowski's analysis of storks and babies does not "contradict or rebut" Dr. Valliere: the distinction between correlation and causation has nothing to do with Dr. Valliere's opinion. If Dr. Orchowski wished to opine on the statistical significance, or lack thereof, between sexual assault and the Uber platform, she should have submitted a primary report.

Dr. Orchowski criticizes Dr. Valliere's analysis of the Uber environment as an "abstraction" because, "[l]ike many other environments, rideshares may allow for proximity between individuals." *Id.* This criticism is, too, non-responsive. Nothing about Dr. Valliere's analysis is "abstract"; rather, she identifies specific features of the Uber environment that endanger victims and appeal to offenders. Dr. Orchowski does not say that Dr. Valliere misunderstood those features or reached the wrong conclusion about them. She just says the analysis is "abstract," but accusations untethered to the opposing expert's report are just that—accusations—not rebuttal. *See Avila v. Ford Motor Co.*, 2025 WL 2538722, at *3 (N.D. Cal. Aug. 22, 2025) ("Calef points out logical flaws in Ford's experts' reports and disputes their conclusion, but such critiques are more appropriate for cross examination or closing argument, rather than being within the purview of a rebuttal expert. The jury can draw these conclusions themselves without the need for expert testimony.") (citation and alterations omitted).

1

Next. Dr. Orchowski says that "[l]ike bars, elevators, and medical exam rooms, rideshare environments create proximity between two individuals, but none of these environments 'cause' or 'produce' sexual aggression." Ex. A. at 12. But Uber does not operate bars, elevators, or medical exam rooms, and Dr. Valliere does not discuss those locations in her report. Again if Dr. Orchowski desired to opine that Uber is safer than an elevator and that somehow that weighs against liability to Jaylynn Dean, she should have served a primary report.

Finally, Dr. Orchowski says that "[i]ndividuals who engage in sexual aggression are responsible for their actions[.]" Ex. A at 12. But neither Dr. Valliere's analysis nor her opinions suggests the conclusion that a person is not "responsible for their actions." Indeed, ███████████████████████████████████████████████████████████████

Ex. B (Fuldner Dep., Ex. 434).

███████████████████████████████████████████████████████████████

*Id.* at .0005. Dr. Orchowski may not smuggle in a comparative fault opinion in rebuttal (such an opinion would be excludable in any event as invading the province of the jury).

**The Court should strike Dr. Orchowski's sexual assault prevention opinions**. Dr. Valliere explains that Uber was aware of risk factors that predicted the likelihood of sexual assault, but irresponsibly failed to act on that knowledge and affirmatively marketed to women to use Uber in dangerous ways. Valliere Rpt. at 3, 34-36.

In response, Dr. Orchowski advances an affirmative opinion that Uber properly followed a "public health" approach by taking "steps to document, describe, and assess risk factors for risk of violence." Ex. A at 9-10. This rebuttal opinion does not "directly respond" to Dr. Valliere's analysis. *Rovid v. Graco Children's Prods., Inc.*, 2018 WL 5906075, at *10 (N.D. Cal. Nov. 9, 2018) (quotations omitted). Instead, it is non-responsive opinion offered to rebut a non-existent claim: there is no dispute that Uber identified risk factors. Dr. Valliere explains how to evaluate what the company did and did not do with that knowledge. Whether identifying those factors in the first place reflected good "public health" has nothing to do with Dr. Valliere's opinions.

If Dr. Orchowski wished to opine that Uber did a good job identifying risk factors, she should have offered those affirmative opinions in an opening report. She did not, so they should be stricken. *See Clear-View Techs. Inc.*, 2015 WL 3509384 at *4 ("Permitting Defendants to backdoor such expert testimony under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless[.]").

**Uber's Position:**

**Dr. Orchowski provides permissible rebuttal opinions.** Plaintiffs argue that Sections VIII and V of Dr. Orchowski's Rebuttal Report (labeled by Plaintiffs as her "statistical causation opinions" and "sexual assault prevention opinions," respectively) are improper because they do not "contradict or rebut" Dr. Valliere's opinions. This mischaracterizes both Dr. Orchowski's opinions and the law. Each challenged opinion directly responds to Dr. Valliere by directly addressing her methodology and opinions and applying alternative analytical methods to expose flaws in Dr. Valliere's approach.

An expert rebuttal opinion is proper when it explains, repels, counteracts, or disproves evidence offered by the adverse party. *Tubio v. Adidas Am. Inc.*, No. CV 22-6424 GW (PVCx), 2024 WL 1191051, at *2 (C.D. Cal. Feb. 5, 2024). The Federal Rules do not require a rebuttal report to use the same analytical approach as the opposing expert to which the rebuttal expert is responding. Rather, courts have expressly held that "nothing constrains an expert preparing a rebuttal report from taking a different approach than the initial expert . . . methodology, or from reframing an issue addressed in the initial report before analyzing it." *Van Alfen v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 11-08120 JVS (FMOx), 2012 WL 12930456, at *7 (C.D. Cal. Nov. 9, 2012) ("An expert may introduce new methods of analysis in a rebuttal report if they are offered to contradict or rebut another party's expert.") (citing *In re Genetically Modified Rice Litig.*, No. 4:06MD1811 CDP, 2010 WL 4483993, at *3 (E.D. Mo. Nov. 1, 2010)). Similarly, a "rebuttal expert may cite new evidence and data or introduce new methods of analysis . . . so long as the new evidence, data, or method is offered to contradict or rebut the opposing party's expert." *In re MacBook Keyboard Litig.*, No. 5:18-cv-02813-EJD, 2022 WL 1604753, at *8 (N.D. Cal. Jan. 25, 2022); *see also Kirola v. City & Cnty. of San Francisco*, No. C-07-3685 SBA (EMC), 2010 WL 373817, at *2 (N.D. Cal. Jan. 29, 2010) ("As a general matter, courts have permitted additional data to be used in a rebuttal report so long as it is of the same subject matter."). As set forth below, that is precisely what Dr. Orchowski has done in this case.

**Section VIII of Dr. Orchowski's Report directly rebuts Dr. Valliere's contention that Uber "constructed" an environment that facilitated sexual assault.** In her report, Dr. Valliere argues that Uber "constructed" an environment that facilitated sexual assault. *See* ECF 4340, Valliere Report, at 39 (stating that Uber "has constructed its own 'crime triangle'"), 31 (defining the crime triangle as "a term used to describe the elements that facilitate and impact criminal behavior" and that "consists of factors presented by the offender, the victim, and the opportunity"). Dr. Orchowski rebuts this opinion by explaining that Dr. Valliere's contention "rests on a logical fallacy—in essence, that whenever misconduct occurs on the Uber platform, it must somehow have been caused by conditions created by Uber." **Exhibit A**, Orchowski Rebuttal Report, at 12.

After identifying this fallacy, Dr. Orchowski dismantles it. She uses the "Storks Deliver Babies" study to illustrate the dangers of conflating correlation with causation. *Id.* She notes that Dr. Valliere relies on abstractions, rather than evidence of causation, and shows that Dr. Valliere's reasoning applies equally to bars, elevators, and exam rooms. *Id.* at 12. She emphasizes that perpetrators (not enclosed spaces) cause sexual assault. *Id.* at 12-13. Each point reframes Dr. Valliere's arguments and offers an alternative perspective that undermines her causal inferences. As a result, Section VIII of Dr. Orchowski's rebuttal report contains appropriate rebuttal opinions.

3

Plaintiffs cannot dispute that Dr. Orchowski expressly states that she is offering these opinions to counter Dr. Valliere. Instead, Plaintiffs simply assert that Dr. Orchowski's criticisms are invalid and do not undermine Dr. Valliere's opinions. But this is not a basis to strike Dr. Orchowski's proper rebuttal testimony.

**Section V of Dr. Orchowski's report directly rebuts Dr. Valliere's contention that "the acts of sexual offenders are often preventable."** In her report, Dr. Valliere argues (without scientific support) that "the acts of sexual offenders are often preventable." *See* ECF 4340, Valliere Report, at 3. In response to this assertion, Dr. Orchowski explains in her rebuttal report that there is a "lack of available evidence-based prevention programs that reliably demonstrate an objective reduction in rates of harassment or sexual assault among men[.]" **Exhibit A**, Orchowski Rebuttal Report, at 9. Therefore, she argues, "following a public health approach to prevention practice can provide an organization with a context-specific strategy for addressing violence risk." *Id.* After explaining why a public health approach is proper in the context of sexual assault prevention, Dr. Orchowski details the components of a public health approach to sexual assault prevention and opines that Uber's actions are consistent with this framework. *See id.* at 9-10. Thus, she rebuts Dr. Valliere's suggestion that Uber failed to implement a proper system for preventing sexual assaults involving riders and drivers using the Uber platform. This, too, is a proper rebuttal opinion

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: November 14, 2025

By: /s/*Roopal P. Luhana*

4