UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-MD-03084 CRB<br><br>**JOINT DISCOVERY LETTER BRIEF REGARDING ZGOBA REBUTTAL REPORT** |
| This Document Relates to:<br><br>ALL WAVE 1 BELLWETHER ACTIONS | Judge:       Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

Dear Judge Cisneros:

Pursuant to Pretrial Order No. 8 (ECF No. 323), the parties respectfully submit this joint letter regarding Plaintiffs' motion to strike in part the rebuttal report submitted by Dr. Kristen Zgoba.

Dated: November 14, 2025                                          Respectfully Submitted,

By: */s/Roopal P. Luhana*
ROOPAL P. LUHANA *(Pro Hac Vice)*
**CHAFFIN LUHANA LLP**
600 Third Avenue, Fl. 12
New York, NY 10016
Telephone: (888) 480-1123
Email: luhana@chaffinluhana.com

SARAH R. LONDON (SBN 267083)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Email: slondon@girardsharp.com

RACHEL B. ABRAMS (SBN 209316)
**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820

By: */s/Laura Vartain Horn*
**KIRKLAND & ELLIS LLP**
ALLISON M. BROWN
JESSICA DAVIDSON
LAURA VARTAIN HORN
CHRISTOPHER COX

**SHOOK, HARDY & BACON L.L.P.**
MICHAEL B. SHORTNACY
PATRICK L. OOT, JR.
CHRISTOPHER V. COTTON
ALYCIA A. DEGEN

**O'MELVENY AND MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

*Attorneys for Defendants*

San Francisco, CA 94111  
Telephone: (415) 426-5641  
Email: rabrams@peifferwolf.com  

*Co-Lead Counsel for Plaintiffs*

UBER TECHNOLOGIES, INC.,  
RASIER, LLC, and RASIER-CA, LLC

**Plaintiffs' Position**:

Uber offers various opinions from criminologist Kristen Zgoba to purportedly rebut opinions from Plaintiffs' expert, Dr. Veronique Valliere. One of Dr. Zgoba's opinions, however, is not actual rebuttal, and so must be struck.

A rebuttal opinion must be "intended solely to rebut evidence on the same subject matter identified by another party" in its own expert disclosures. Fed. R. Civ. P. 26(a)(2)(D)(ii). Rebuttal is only appropriate to "explain, repel, counteract or disprove evidence of the adverse party." *Clear-View Techs., Inc. v. Rasnick*, 2015 WL 3509384, at *2 (N.D. Cal. June 3, 2015). Thus, "a defendant's rebuttal expert is limited to offering opinions rebutting and refuting the theories set forth by plaintiff's expert(s)." *Id.* (citation omitted).

Based on her expertise with sexual assault victims and offenders, Dr. Valliere opines that "[t]he rideshare environment is ripe for exploitation and utilization by sexual offenders for numerous reasons," including "ready victim access and ease of victim selection; offender control of the environment; isolation and other victim vulnerabilities; presumption of relationship, safety, and trust; access to and control of information; endorsement by and protection of the company; and the inherent burden shifting of the response from the offender to the victim." ECF 4340 (Valliere Rpt.) at 1, 11; *see also id.* at 31 & 39 (explaining that Uber presents a "crime triangle," i.e., circumstances in which there is an offender, a victim, and an opportunity). Dr. Valliere's expertise in sexual assault and analysis of the features of the Uber environment help the jury evaluate whether Uber breached its duty of care, defrauded Plaintiffs, and acted recklessly.

In response, Dr. Zgoba opines regarding the "impossibility of a zero-risk society," including the opinion that "[a]bsolute elimination of sexual violence is statistically and practically impossible; even institutions with comprehensive oversight—such as the military—continue to experience incidents, underscoring that zero-risk standards are unrealistic." Ex. A (Zgoba Reb. Rpt.) at 3, 6. While Dr. Zogba asserts that the opinions are responsive to Dr. Valliere's "suggest[ion]" that "Uber should create an assault-free environment (*id* at 6.), Dr. Valliere's report offers no such opinion, either expressly or implicitly. Rather, Dr. Valliere opines that Uber's environment provides conditions that make it ideal for offensive behavior, that Uber knew of such risks, that Uber had data to identify predictive factors relevant to such risks, and that Uber had methods within its control to mitigate those risks and to warn riders accordingly, but it failed to do so. Nowhere in her report does she "suggest" that Uber should have created an "assault free" zone.

In fact, the only time the concept of "zero risk" came up was during Dr. Valliere's deposition, when she was asked by defense counsel, "Do you believe that there is no environment that is 100 percent free of the risk of sexual assault." Ex. B (Valliere Dep.) at 140:6-8. To which she responded, "it is not true that every environment is at risk or can be a high risk. It's never a zero risk, but … there are environments that are much higher risk and there's many things we can do that will deter offenders." *Id.* at 140:11-20. Thus, Dr. Valliere is not advancing a "zero risk" theory at all. Dr. Zgoba's attempted rebuttal on this issue is therefore improper and should be stricken. *See Clear-View Techs. Inc.*, 2015 WL 3509384 at *4 ("Permitting Defendants to backdoor such expert testimony under the guise of 'rebuttal' testimony would render Rule 26's limits generally meaningless[.]").

1

**Uber's Position**:

Plaintiffs argue that the section of Dr. Zgoba's Rebuttal Report titled "The Impossibility of a Zero-Risk Society" does not constitute proper rebuttal, and should be stricken, because it does not "contradict or rebut" Dr. Valliere's opinions. They are incorrect. The challenged section of Dr. Zgoba's report responds directly to Dr. Valliere's criticisms of Uber for failing to implement measures to "eliminate" sexual assault on rides arranged using the Uber platform by explaining that: (1) the elimination of sexual assault incidents is not a realistic or proper standard; and (2) Uber complied with safety standards that are actually applicable.

An expert rebuttal opinion is proper when it explains, repels, counteracts, or disproves evidence offered by the adverse party. *Tubio v. Adidas Am. Inc.*, No. CV 22-6424 GW (PVCx), 2024 WL 1191051, at *2 (C.D. Cal. Feb. 5, 2024). In her report, Dr. Valliere faults Uber for failing to implement known measures to "eliminate" sexual assault involving individuals using its platform. *See* ECF 4340, Valliere Report, at 4 ("Uber has developed effective methods to identify and eliminate risky drivers, even those who might be involved in future incidents of interpersonal conflict, including sexual assault and misconduct that it is not effectively deploying"); *id*. at 24 ("Despite repeated protests that sexual assault cannot be absolutely predicted or eliminated, Uber has identified ways to decrease risk by screening drivers and making safer driver/rider dispatches"); and 39-40 ("In 2017, Uber brought in experts and researched how it could eliminate sexual assault from its platform. . . . While Uber knew that Uber drivers were committing sexual violence toward Uber riders and that it was prevalent, Uber was slow to act on prevention and deactivation, [which led to] future sexual assaults.").

In direct response to Dr. Valliere's assertions that Uber improperly failed to eliminate sexual assault during rides arranged on the Uber platform, or to eliminate third-party drivers who may perpetrate such assaults, Dr. Zgoba explains that Dr. Valliere "sets an unattainable standard" and "offers no objective framework, empirical support, or evidence-based methodology for how such a standard could be realistically achieved or measured." **Exhibit A**, Zgoba Report, at 6. To explain this position, and why Dr. Valliere's opinions are improper, Dr. Zgoba goes on to summarize sexual assault prevention efforts and concludes that "[t]he appropriate benchmark is not elimination of all incidents but to reduce the *relative risk* through environmental design, safety features, deterrence, and accountability systems—the same standard applied in public health and workplace safety regulation." *Id.* In short, Dr. Zgoba critiques Dr. Valliere's opinions that Uber acted improperly by failing to "eliminate" incidents and offers an alternative benchmark for sexual assault prevention. Thus, Dr. Zgoba's opinions "explain, repel, counteract, or disprove" the assertions made by Dr. Valliere and constitute proper rebuttal testimony. *Tubio*, 2024 WL 1191051, at *2 (citation omitted).

3

## **ATTESTATION**

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: November 14, 2025

By: /s/*Roopal P. Luhana*