1  [Submitting counsel below]

UNITED STATES DISTRICT COURT

OF NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S MOTION TO PARTIALLY EXCLUDE THE EXPERT REBUTTAL TESTIMONY OF LINDSAY ORCHOWSKI, PH.D.** |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Judge: Honorable Charles R. Breyer<br>Date:   January 6, 2026<br>Time:  10:00 A.M. PT<br>Ctrm.:  6-17th Floor<br><br>**PROVISIONALLY FILED UNDER SEAL PURSUANT TO ECF 4332** |

**TABLE OF CONTENTS**

I. INTRODUCTION ..................................................................................................................1
II. BACKGROUND ....................................................................................................................1
III. STATEMENT OF THE ISSUES TO BE DECIDED............................................................4
IV. LEGAL STANDARD............................................................................................................4
V. ARGUMENT..........................................................................................................................4
    A. Dr. Orchowski's ███████████ opinions are unreliable and irrelevant.........4
        1. Dr. Orchowski's ███████████ opinions are unreliable....................4
        2. Dr. Orchowski's ███████████ opinions are irrelevant.....................5
    B. Dr. Orchowski's ███████████████ opinions are unreliable and irrelevant ...........................................................................................................................6
    C. Dr. Orchowski's causation opinions are irrelevant...................................................8
VI. CONCLUSION.......................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Am. Booksellers Assoc., Inc. v. Barnes & Noble, Inc.*,
  135 F. Supp. 2d 1031 (N.D. Cal. 2001) .................................................................................. 5

*Englis v. Monsanto Co.*,
  151 F.4th 1040 (9th Cir. 2025) .............................................................................................. 7

*Gen. Elec. Co. v. Joiner*,
  522 U.S. 136 (1997) ............................................................................................................... 5

*In re Bextra & Celebrex Mktg., Sales Practices, & Prods. Liab. Litig.*,
  524 F. Supp. 2d 1166 (N.D. Cal. 2007) .................................................................................. 5

*In re Incretin-Based Therapies Prods. Liab. Litig.*,
  524 F. Supp. 3d 1007 (S.D. Cal. 2021) .................................................................................. 5

*Shirley v. Washington State Dept. of Fish & Wildlife*,
  2025 WL 1384803 (W.D. Wash. May 13, 2025) .................................................................. 7

*Smith v. Bell Tel. Co., Inc.*,
  649 F. Supp. 2d 1073 (E.D. Cal. 2009) .................................................................................. 7

I.   **INTRODUCTION**

Plaintiffs move to exclude, in part, the testimony of Uber's expert, Dr. Lindsay Orchowski. Uber offers the testimony of Dr. Orchowski to rebut opinions raised by Plaintiffs' expert, Dr. Veronique Valliere. But Dr. Orchowski's purported rebuttal opinions are untethered to any Uber-specific facts and not responsive to the opinions submitted by Dr. Valliere.[1]

*First*, Dr. Orchowski's opinion regarding " ▓▓▓▓▓▓▓▓▓▓ " (Expert Rebuttal Report of Lindsay Orchowski at § IV) is irrelevant and unreliable. The opinion is based on research that is not tethered to the theories of this case and ignores the wealth of contrary data from Uber regarding ▓▓▓▓▓▓▓▓▓▓ .

*Second,* Dr. Orchowski's opinion that " ▓▓▓▓▓▓▓▓▓▓ " (*id.* at § V) is unreliable because it lacks foundation in data and evidence. Dr. Orchowski does not identify ▓▓▓▓▓▓▓▓▓▓ " as a basis for her opinion that ▓▓▓▓▓▓▓▓▓▓ . This is not an issue of an incomplete record, but one where an expert considered no record at all.

*Third,* Dr. Orchowski's opinions regarding causation (*see id.* at § VIII) are, in part, irrelevant. In attempting to respond to Dr. Valliere's conclusions regarding ▓▓▓▓▓▓▓▓▓▓ This opinion does not respond to what was raised by Dr. Valliere—the only task Dr. Orchowski is here to do—and thus it is irrelevant.

Plaintiffs respectfully request that the Court exclude these opinions.

II.   **BACKGROUND**

Plaintiffs' expert, Dr. Veronique Valliere, is a licensed clinical psychologist who has worked in the field of interpersonal violence for over 30 years, studying and evaluating thousands

---

[1] Plaintiffs separately move to strike, in part, Dr. Orchowski's opinions as improper rebuttal. That motion will be filed on November 14 before Magistrate Judge Lisa Cisneros.

of sexual assault victims and offenders. *See* Valliere Report at 4-5; *see also id.* at App. C (Curriculum Vitae).[2] In the course of preparing her opinions and report, Dr. Valliere studied documentation, evidence, and depositions from Uber, including relevant investigations; requested and reviewed documents related to Uber's policies, deposition testimony and internal documents related ███████████████████████████████████████████████

███████████████████████████████████████████████

███████████████████████████████████████████████ *See* Valliere Report at 5-6; *see also id.* at App. A (Materials Considered). The Uber-specific facts supporting Dr. Valliere's opinions are comprehensive and substantial, and Dr. Valliere reviewed these facts through the lens of decades of experience in the field of sexual and interpersonal violence. *See id.*

In contrast, Defendants' rebuttal expert, Dr. Lindsay Orchowski, does not reference a single Uber-specific document. *See* Ex. A (Expert Rebuttal Report of Lindsay Orchowski dated October 24, 2025) ("Orchowski Rebuttal Report"); *see also id.* at Ex. B (Materials Cited and Considered). Instead, her singular focus was to respond only to what was in Dr. Valliere's report. *See* Ex. B (Deposition of Lindsay Orchowski dated November 11, 2025) ("Orchowski Dep."). at 47:16-21, 78:2-14, 80:13-25, 82:9-15; 82:23-83:6. While Dr. Orchowski sporadically alluded to ███████ ███████████████████████████████ (*see id.* at 82:20-83:6), her testimony makes clear that ███████████████████████████████████████████████ ███████████████████████████████████. *See id.* at 78:2-14 ( ███████████████████████████████████████████"); *id.* at 80:13-25 (" ███████████████████████"); *id.* at 82:9-15 (" ███████████████████████████"); *id.* at 82:20-83:6 ███████████████████████████████████████████████

---

[2] The expert report of Veronique Valliere dated September 26, 2025 is filed as Ex. 1 to Uber's Motion to Partially Exclude Dr. Valliere. *See* ECF 4339.

1 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓"). Despite this analytical deficiency, Dr. Orchowski makes bold and unsubstantiated opinions.

In Section IV of her report, Dr. Orchowski opines on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Orchowski Rebuttal Report at 4-9. She reaches this conclusion without ever considering documentation and research that Uber has to the contrary. *See id.* For example, Dr. Orchowski did not consider ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ Valliere Report at 25. Dr. Orchowski admitted that she was "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. Orchowski Dep. at 170:3-174:10. And, as testified to elsewhere in her deposition, Dr. Orchowski ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* at 78:2-14, 80:13-25, 82:9-15, 82:20-83:6. "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." *Id.* at 81:7-15 (emphasis added).

In Section V of her report, Dr. Orchowski opines that Uber ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" This opinion lacks basis in any actual evidence or information as to ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See* Orchowski Rebuttal Report at 9-10. The sum of her analysis is ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.*

In Section VIII of her report, Dr. Orchowski employs an apples-to-oranges argument, invoking ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.* at 12. She concludes that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. *See id.*

III. **STATEMENT OF THE ISSUES TO BE DECIDED**

Have Defendants failed to demonstrate by a preponderance of evidence that Dr. Lindsay Orchowski proffered testimony that satisfies the requirements of reliability and relevance as enumerated in Federal Rule of Evidence 702?

IV. **LEGAL STANDARD**

The legal standard was set out in Plaintiffs' Omnibus *Daubert* motion. *See* ECF 4358.

V. **ARGUMENT**

As set forth below, several opinions by Dr. Orchowski are unreliable and irrelevant. They should be excluded.

A. **DR. ORCHOWSKI'S ▮▮▮▮ OPINIONS ARE UNRELIABLE AND IRRELEVANT**

▮▮▮▮" Valliere Report at 24. Dr. Valliere explains that "▮▮▮▮. *Id*. In response, Dr. Orchowski opines that "▮▮▮▮ (Orchowski Rebuttal Report at 3), "▮▮▮▮" (*id.* at 4), and ▮▮▮▮" *Id.*; *see also* Orchowski Rebuttal Report at § IV. These opinions are inadmissible because they lack fit to the facts of this case and, further, are based on an analysis that excludes consideration of Uber-specific data.

1. **Dr. Orchowski's ▮▮▮▮ opinions are unreliable.**

Dr. Orchowski opines that there are not yet "▮▮▮▮," without considering ▮▮▮▮. *See* Orchowski Rebuttal Report at 8. In fact, Dr. Orchowski did not look at a single document or deposition produced in this case outside of Dr. Valliere's report. *See id.* at Ex. B (Materials Cited and Considered). This is no oversight, but rather willful blindness to evidence that

1  was highlighted in Dr. Valliere's report. Specifically, Dr. Valliere discussed ▮
2  ▮
3  ▮. See Valliere Report at 25-26 (citing
4  internal Uber documents and testimony). Despite this robust discussion, Dr. Orchowski ignored the
5  cited evidence in order to reach her conclusion. See Orchowski Rebuttal Report at § IV; id. at Ex.
6  B (Materials Cited and Considered).

When pressed on this omission at deposition, Dr. Orchowski admitted that ▮ ▮ (see Orchowski Dep. at 170:3-174:10), ▮ ▮ (see id. at 78:2-14, 80:13-25, 82:9-15, 82:20-83:6). Awareness of relevant information, but failure to review and consider it is antithetical to reliable expert methodology. See In re Incretin-Based Therapies Prods. Liab. Litig., 524 F. Supp. 3d 1007, 1046 (S.D. Cal. 2021) (holding expert opinion was unreliable because expert did not consider all available data); see also Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997) (explaining courts need not admit opinions "connected to existing data only by the ipse dixit of the expert. A court may conclude that there is simply too great an analytical gap between the data and the opinion proffered"); see also Am. Booksellers Assoc., Inc. v. Barnes & Noble, Inc., 135 F. Supp. 2d 1031, 1041-42 (N.D. Cal. 2001) (excluding expert testimony based on a model that "contains entirely too many assumptions and simplifications that are not supported by real-world evidence"). Because Dr. Orchowski's ▮ opinions ignore contrary facts and data, they are unreliable and should be excluded.

    **2.    Dr. Orchowski's ▮ opinions are irrelevant.**

Dr. Orchowski's opinions are irrelevant because they are decontextualized from Uber's ▮ ▮ and, instead, directed to tools used in other industries (not Uber). See In re Bextra & Celebrex Mktg., Sales Practices, & Prods. Liab. Litig., 524 F. Supp. 2d 1166, 1171 (N.D. Cal. 2007) (testimony must be "relevant to the task at hand, i.e., that it logically advances a material aspect of the proposing party's case") (quotations omitted). The efficacy of ▮ Uber did not use has no bearing on any fact in this case (or on Dr. Valliere's opinions). Dr. Orchowski's opinions on why ▮ may or may not work does not help the jury in the face of

actual data on ███████████████████████████████████████
███

Dr. Orchowski does not address ████████████████████████ but instead relies on ████████████████████████████████████████████. *See* Orchowski Rebuttal Report at 3-9. For example, Dr. Orchowski relies ██████████████
████████████████████████████████. *See id*. Dr. Orchowski also relies on ████████████████████████████████████████████████████████████████████. *See id*. Dr. Orchowski evidently understands that ████████████████████████████████
████████████████████████████████. *See id*. at 7. Yet, she never ██████████████████████████████████████████████████████████████████████
██████████████████████████. *See id.* at 3-9. Because Dr. Orchowski's ███████ opinions are based on irrelevant materials, they should be excluded.

**B.   DR. ORCHOWSKI'S ███████████████████████████ OPINIONS ARE UNRELIABLE AND IRRELEVANT**

Dr. Valliere explains that ████████████████████████████████████████
████████████████████████████████████████████████████████████████████
███████████████████████████. *See* Valliere Report at 3, 34-36. In response, Dr. Orchowski advances an opinion that ████████████████████████████
████████████████████████████████████████████████████████████████████." Orchowski Rebuttal Report at 9. This opinion (laid out in Section V of the report) should be excluded as unreliable and irrelevant.

*First*, the opinion is unreliable. Dr. Orchowski opines that █████████████
████████████████████████████████████████████████████████████████████
███████████████████████████. *See* Orchowski Rebuttal Report at 9-10, *see id.* at Ex. B (Materials Cited and Considered). Specifically, she concludes, █████████
████████████████████████████████████████████████████████████████████

1  ████████████████████████████.” *Id.* at 9.

2  It is axiomatic that an expert opinion must be based on "sufficient facts or data." Fed. R. Evid. 702(b). For "that inquiry, what matters is the evidence [the expert] actually considered and the conclusions he actually drew from that evidence in the process of forming his opinion as disclosed in his expert report." *Englis v. Monsanto Co.,* 151 F.4th 1040, 1052 (9th Cir. 2025) (affirming exclusion of expert testimony where the expert did not disclose any facts or data to support his conclusion). Here, Dr. Orchowski disclosed no documents to support her conclusion about ████████████████████████████████████████████████████████████████ ████████ This is not a matter of an incomplete factual record, but one where she relied on no record *at all*. Dr. Orchowski's opinion that █████████████████████████████████ ██████████████████████████████████████████████████████████████ is therefore inadmissible. *See Smith v. Bell Tel. Co., Inc.*, 649 F. Supp. 2d 1073, 1096 (E.D. Cal. 2009) (expert opinions are "admissible only if an expert knows of facts which enable him to express a reasonably accurate conclusion"); *Shirley v. Washington State Dept. of Fish & Wildlife*, 2025 WL 1384803, at *6 (W.D. Wash. May 13, 2025) (excluding expert who relied only on personal experience and paucity of documents to evaluate defendant's accommodations process).

*Second*, the opinion is irrelevant. Dr. Orchowski's opinion is intended to only rebut Dr. Valliere's opinions on this issue. *See, e.g.,* Orchowski Dep. at 74:11-15 (████████████ ████████████████████████████"). But, as relevant here, Dr. Valliere's opinion was limited to ████████████████████████████████████████████████████ ██████████████████. *See, e.g.,* Valliere Report at 39-40.

---

[3] To the extent Dr. Orchowski attempts to bootstrap her opinions to sources in Dr. Valliere's report regarding ████████████████████████████████ this is a mischaracterization. ████ ████████████████████████████████████████████████████████████████. *See, e.g.,* Valliere Report at 39-40 ████████████████████████████████████████████████ ████████). Thus, her report cannot be a substitute for proper review and analysis of ████████████████████████████

### C. DR. ORCHOWSKI'S CAUSATION OPINIONS ARE IRRELEVANT

As noted above, in defense of her report, Dr. Orchowski has repeatedly emphasized that ███████. *See, e.g.,* Orchowski Dep. at 47:16-20 ██████████"); 81:7-15 (██████████); *id.* at 80:13-25 (██████████"); *see also id.* at 82:13-15; 82:23-83:6; 144:7-17; 186:18-187:2; 334:10-12. █████████████████████████

In Section VIII of her report, Dr. Orchowski presents opinions to rebut what she calls "█████████████" Orchowski Rebuttal Report at 12. According to Dr. Orchowski, the foundation for this rebuttal opinion is that ██████████████████" *Id.* at p. 12. Dr. Orchowski concludes, in part, that ██████████████████." *Id.* at 12. But Dr. Valliere is not making a claim of ██████████. Specifically, Dr. Valliere opines that ██████████████████ Valliere Report at 1, 11; *see also id.* at 31, 39. Moreover, Dr. Valliere grounds her opinions in ██████████████████. *See* Valliere Report at 31. ██████████████████. *See*

1  Orchowski Dep. at 297:15-299:3. Thus, Dr. Valliere does not (as Dr. Orchowski asserts) conclude

2  that " ██████████████████████████████████████████████

3  ██████████████████████████" Orchowski Rebuttal Report at 12. Dr. Orchowski's opinion as to

4  ██████████████████ is therefore unhelpful.

## VI.  CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court exclude the above opinions of Dr. Lindsay Orchowski.

Dated: November 14, 2025                    Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: November 14, 2025              By:    */s/ Ellyn Hurd*
                                             Ellyn Hurd