# EXHIBIT 5

Clerk of the Superior Court
*** Electronically Filed ***
08/23/2022 8:00 AM

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-000428                                           08/21/2022

HONORABLE SCOTT BLANEY

CLERK OF THE COURT
P. McKinley
Deputy

JORDAN JAMES KLOSA                            KELLEN W BRADLEY

v.

MARTIN BARRY GOLDMAN, et al.                  ADAM B CAMPBELL

DANIEL R MOWREY
CHARLES B WILLIAMSON
JENNIFER R REBHOLZ
BRIAN DEL GATTO
TAYLOR H ALLIN
JUDGE BLANEY

**UNDER ADVISEMENT RULING**

The Court has reviewed and considered Defendants Uber Technologies, Inc. and Rasier, LLC's *Motion for Summary Judgment*, Plaintiff's *Response* thereto, Defendants' *Reply* in support of their *Motion*, Defendant Martin Goldman's *Joinder to Uber Technologies, Inc. and Rasier, LLC's Motion for Summary Judgment*, Defendants' *Statement of Facts in Support of Their Motion for Summary Judgment*, Defendants' *Notice of Errata*, Plaintiff's *Response to Defendants' Statement of Facts and Plaintiff's Statement of Additional Facts*, and the arguments received at the August 18, 2022 oral argument.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. *See* Rule 56(a), *Arizona Rules of Civil Procedure*; *Orme School v. Reeves*, 166 Ariz. 301, 305, 802 P.2d 1000, 1004 (1990); *Hourani v. Benson Hosp.*, 211 Ariz. 427, 432, 122 P.3d 6, 11 (App. 2005).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-000428                                                                08/21/2022

**THE COURT FINDS AS FOLLOWS:**

1. Uber is a global technology company that uses technology to develop and maintain digital multi-sided platforms. These multi-sided platforms are digital marketplaces where providers or sellers of a good or service can connect with consumers of that good or service. Uber's platforms provide users (both the sellers and buyers) with various services, including matching and payment processing.

2. Uber has created several mobile applications available via smartphone or tablet that allow Riders, Restaurants, Drivers, and delivery people to access its various platforms. One of Uber's platforms is the Rides platform. Riders download the rider version of the Uber App ("Rider App") and Drivers download the Driver version of the Uber App ("Driver App"); together, the Apps allow users to access the platform that facilitates the connection of individuals in need of a ride ("Riders") with individuals willing to provide transportation services ("Drivers").

3. Rasier is an Uber subsidiary and a transportation network company as defined by A.R.S. § 28-9551(3), which licenses the use of the Driver App to drivers.

4. Uber and Rasier are both "Qualified Marketplace Platforms" as defined by A.R.S. § 23-1603(E)(2), because each is an "organization … that both: (a) Operates a digital website or digital smartphone application that facilitates the provision of services by qualified marketplace contractors to individuals or entities seeking such services; and (b) Accepts service requests from the public only through its digital website or digital smartphone application…."

5. Defendant Martin Goldman earns an income by responding through Uber's Driver App to requests for transportation services from passengers seeking such services through Uber's Rider App. Thus, Uber's Apps connect the two parties (Driver and Rider) that are seeking to provide and to utilize, respectively, transportation services. On the date in question, Defendant Goldman was transporting one or more passengers when his vehicle collided with Plaintiff's motorcycle.

6. Defendant Goldman is a "Qualified Marketplace Contractor" because he is a "person … that enter[ed] into an agreement with a qualified marketplace platform (Uber and Rasier) to use the qualified marketplace platform's digital platform to provide services to third-party individuals … seeking those services." A.R.S. § 23-1603(E)(1).

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-000428                                                                                              08/21/2022

7. Pursuant to A.R.S. § 23-1603(A), Defendant Goldman's relationship with Defendants Uber and Rasier was that of an independent contractor "for all purposes under state and local laws, regulations and ordinances…." *Id*. Defendants' relationship was governed by a written contract (*see* Finding #6, above) that satisfied each of the individual criteria listed in A.R.S. § 23-1603(A)(3)(a)-(g). Defendant Goldman was therefore an independent contractor.

8. It is well-established in Arizona that an employer is generally not liable for the negligence of an independent contractor. *Wiggs v. City of Phoenix*, 198 Ariz. 367, 369, 10 P.3d 625, 627 (2000); *Santorii v. MartinezRusso, L.L.C.*, 240 Ariz. 454, 459, 381 P.3d 248, 253 (App. 2016).

9. Plaintiff argues that even if Defendant Goldman is an independent contractor, Defendants Uber and Rasier may still be liable because Mr. Goldman is their agent. An independent contractor, although not a servant, can still be an agent of the principal. *Wiggs,* 198 Ariz. at 628, 10 P.3d at 370. In such cases, the principal instructs the agent on what to do, but not how to do it. *Id*.; *Santorii*, 240 Ariz. at 459, 381 P.3d at 253. The focus of the analysis is on the amount of control that the principal exercises. *Santorii*, 240 Ariz. at 459, 381 P.3d at 253. "The right to control is not established when the entity cannot control the worker's time or the method and the means of how the work is completed." *Id*. The existence of agency is a question of law when there is "no competent evidence legally sufficient to prove it" in the record or "the material facts from which it is to be inferred are undisputed and only one conclusion can be drawn therefrom." *Schenks v. Earnhardt Ford Sales Company*, 9 Ariz.App. 555, 557, 454 P.2d 873, 875 (App. 1969).

10. Defendants Uber and/or Rasier did not materially control Defendant Goldman's time or the method and the means of how he completed his work. For example, Goldman was free to choose his own hours and days for driving. Goldman could market his services and perform the same transportation services for Riders through the app of a competitor to Uber/Rasier. Goldman was free to accept or decline requests for transportation through the Driver App. Goldman used his own vehicle to provide the service to Riders. And Goldman could determine the route and which navigation app he would use when providing transportation services. Defendants Uber and Rasier did not require Goldman to wear a uniform when using the Driver App.

11. Plaintiff's arguments in support of a finding of agency are not compelling. As just some examples, Plaintiff argues, *inter alia*, that "Goldman was driving an Uber certified vehicle." Response at pg. 3. Plaintiff further argues that Goldman "was qualified by Uber to access Uber's platform (APP)…." *Id*. Plaintiff also points to the

SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-000428 08/21/2022

Uber logo displayed on Goldman's windshield when he is providing transportation services. *Id*. But these requirements cited by Plaintiff were actually required by Arizona law, not Uber or Rasier as principals or employers. *See* A.R.S. §§ 28-9555(A) and 28-9552(D); *see also* A.R.S. § 23-1602 (precluding "any supervision or control exercised by an employing unit to comply with…" statutes, rules, codes, licensing requirements, or professional standards from being considered for purposes of determining independent contractor versus employment status).

12. There is insufficient competent evidence in the record to establish a genuine factual dispute regarding Uber's or Rasier's control of Defendant Goldman's time and/or the method and means of how he provided transportation services. *Santorii*, 240 Ariz. at 459, 381 P.3d at 253. Uber and Raiser did not control Defendant Goldman's time or the method and means of how he provided services such that liability for Defendant Goldman's alleged negligence may be imputed to Uber or Raiser. *See Wiggs*, 198 Ariz. at 369, 10 P.3d at 627 (employer generally not liable for the negligence of an independent contractor); *Santorii*, 240 Ariz. at 459, 381 P.3d at 253 (same).

13. There is also insufficient competent evidence in the record to support Plaintiff's negligence claims against Uber and/or Rasier. There was no competent evidence received establishing – or even suggesting – that Uber and/or Rasier "antecedently had reason to believe that an undue risk of harm would exist" if Defendant Goldman were permitted to use the Driver App. *See Kassman v. Busfield Enterprises, Inc.*, 131 Ariz. 163, 166, 639 P.2d 353, 356 (App. Div.2 1981) (principal is not liable simply because agent is incompetent or careless; liability only arises if principal had reason to anticipate undue risk of harm) (citing Restatement (Second) of Agency, § 213). There is no competent evidence in the record that Defendant Goldman's statutorily-required background and driver's licenses checks identified any such risks. And the Court notes that no special training was required for Defendant Goldman to provide his driving services. *Id*.

14. No genuine issues of material fact exists as to the disputed claims and Defendants Uber and Rasier are entitled to judgment as a matter of law.

**IT IS THEREFORE ORDERED** granting Defendants' *Motion for Summary Judgment* and dismissing all claims asserted against Defendants Uber Technologies, Inc. and Rasier, L.L.C.

**IT IS FURTHER ORDERED** Defendants shall lodge a proposed form of Judgment and file their attorney's fee application and affidavit in support thereof, and file, if appropriate, their statement of costs, within **20 days** of the filing date of this Minute Entry; Plaintiff shall file any


SUPERIOR COURT OF ARIZONA
MARICOPA COUNTY

CV 2019-000428                                                                                          08/21/2022

objections thereto within **20 days** thereafter; and Defendants shall file their replies within **10 days** thereafter.

      **IT IS FURTHER ORDERED** the Judgment shall contain Rule 54(b) language as no further matters remain pending as to Defendants Uber Technologies, Inc. and Rasier, L.L.C. and there is no just reason for delay.