# EXHIBIT 6

FILED
JAMES W. GIACOMINO
CLERK, SUPERIOR COURT
5/9/2025 1:20:42 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. JEFFREY T. BERGIN               CASE NO.        C20222745

                                     DATE:           May 09, 2025

GLENN DAVIS, ET AL.
    Plaintiff,

vs.

DOORDASH, INC., ET AL.
    Defendant(s)

## UNDER ADVISEMENT RULING

**IN CHAMBERS UNDER ADVISEMENT RULING RE: MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

The Court has under advisement Plaintiff's December 10, 2024 Motion for Partial Summary Judgment and Defendant DoorDash's January 3, 2025 Motions for Partial Summary Judgment. The Court has considered the motions, the responses in opposition, and the supporting replies. The Court has also considered the statements of fact with their supporting exhibits. Additionally, the Court has considered the arguments presented at the April 21, 2025 hearing. After significant deliberation, the Court rules as follows.

### FACTUAL BACKGROUND

**The Accident**

Early in the morning of January 22, 2022, Defendant Andy Otero was driving westbound on Speedway Boulevard near Mountain Avenue when he struck and killed Decedent Benjamin Davis. Otero was making a delivery for Defendant DoorDash at the time of the accident. Decedent had a blood alcohol level of 0.231 and had THC in his system at or near the time of the accident. Following the collision, Otero parked his car, got out, and fled the scene. The parties agree the collision caused non-survivable injuries to Decedent. Otero was later arrested at his home. On July 6, 2022, he pled guilty to "leaving the scene after causing an accident resulting in death/serious physical injury."

Otero admitted that he smoked marijuana the afternoon of January 22, 2022. Additionally, after the accident, marijuana was found in Otero's car. Plaintiff's accident reconstruction experts opine that at the time of the collision, Otero was driving above the speed limit by at least eight miles per hour and as much as nineteen miles per hour.

                                                           Joyce Burbridge
                                                         Judicial Administrative Assistant

**Working With DoorDash**

DoorDash drivers must enter into an independent contractor agreement. They must use a smartphone application to accept and make deliveries placed by customers through the DoorDash application. The DoorDash application also offers delivery route assistance; however, drivers are free to choose the delivery area and the route they take when making a delivery. To access the application, a driver must complete at least 90% of the accepted delivery assignments and must maintain a customer rating of at least 4.2 out of 5. A driver may not be allowed to continue working with DoorDash if their deliveries are repeatedly late.

Drivers, including Otero, set their own delivery schedule, can choose the days and times of day to work, and can choose when to stop working. Drivers can also choose whether to accept a delivery request and are not required to accept any minimum number of deliveries. Drivers sometimes receive specific requests from customers on how to complete a delivery; however, these requests are not created by DoorDash.

**The DoorDash Background Check**

On February 21, 2020, nearly two years before the accident, DoorDash performed a background check on Otero.  The background check showed Otero had a clear Motor Vehicle Report and a valid Arizona driver's license. It also revealed Otero had been convicted of armed robbery nearly ten years earlier, on June 28, 2010. Additionally, Otero had a July 17, 2018 conviction for possession of drug paraphernalia. The background check further revealed that between 2018 and 2020, Otero's driver's license had been suspended multiple times. In December 2021, a subsequent background check revealed Otero had an active felony warrant for prohibited possession of a deadly weapon.

## ANALYSIS

A Court shall grant summary judgment if the moving party shows there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a). Although the trial judge must evaluate evidence to some extent in ruling on a motion for summary judgment, the trial judge is to apply the same standard as used for a directed verdict; either motion should be granted if facts produced in support of a claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense. *Orme School v. Reeves*, 166 Ariz. 301, 309; 802 P.2d 1000, 1008 (1990).

**Plaintiff's Motion for Partial Summary Judgment**

Plaintiff argues that Defendant Otero's guilty plea to "leaving the scene after causing an accident resulting in death or serious physical injury" precludes him from disputing those key material facts in this civil action. Plaintiff further argues that because of this, summary judgment on the elements of causation and damages should be entered against Mr. Otero.

Defendant Otero argues that despite his guilty plea, he can still raise affirmative defenses, including comparative fault and contributory negligence.  Therefore, Defendant argues, Plaintiff is not entitled to summary judgment on any of the elements of negligence.

In Arizona, "[a] defendant who is convicted in a criminal proceeding is precluded from subsequently denying in any civil proceeding brought by the victim… the essential allegations of the criminal offense of which he was adjudged guilty." A.R.S. § 13-807. This statute does not preclude a defendant from asserting the defense of contributory negligence because contributory negligence "generally is not recognized as a defense to criminal conduct." *Williams v. Baugh*, 214 Ariz. 471, 475; 154 P.3d 373, 377 (App. 2007).

Plaintiff acknowledges Defendant Otero may argue legally available affirmative defenses.  Nevertheless, Otero's criminal plea establishes the necessary elements needed for proving his fault in the accident. Plaintiff is entitled to summary judgment on the elements of fault in its negligence claims against Defendant Otero. Defendant Otero maintains the ability to assert available legal defenses, including comparative and contributory fault.

**Defendant's Motion for Partial Summary Judgment: Independent Contractor Status**

Defendant DoorDash argues that it cannot be found vicariously liable for any of Defendant Otero's wrongdoings because Otero was an independent contractor ("IC") while working with DoorDash. It further argues that whether Otero was an employee or an IC is a question of law, and that A.R.S. § 23-1601 creates a rebuttable presumption of IC status. Alternatively, Defendant DoorDash argues that Otero is an IC under Arizona's common law because it did not have the right to control Otero's work.

In response, Plaintiff argues that a jury should decide existing fact questions to determine whether Otero was a DoorDash employee or an IC.  Particularly, a jury should decide whether DoorDash controlled Otero's work through its phone application and various performance metrics.

In a negligence action, the question of whether an individual is an employee or an independent contractor is generally a question of fact left to the jury. *See Santiago v. Phoenix Newspapers, Inc.*, 164 Ariz. 505, 509; 794 P.2d 138, 142 (1990). The primary consideration in determining whether an individual is an employee or an independent contractor is "[t]he extent of control exercised by the master over the details of the work and the degree of supervision." *Id.* at 508–09. Other factors to be considered include, but are not limited to, the provision of materials, the place work is conducted, the duration of the employment, and the belief of the parties. *Id.* at 509. The contract language is not outcome determinative, though it "may provide evidence of employment status." *Tarron v. Bowen Machine & Fabricating, Inc.*, 225 Ariz. 147, 152; 235 P.3d 1030, 1035 (2010).

Additionally, an employer can "control the manner in which employees work, whereas those who retain independent contractors may only direct results, not the manner in which the result is accomplished." *Santorii v. MartinezRusso, LLC*, 240 Ariz. 454, 459; 381 P.3d 248, 253 (App. 2016). An entity does not direct an employees work "when the entity cannot control the worker's time or the method and means of how the work is completed." *Id.* An entity does have the right of control "when the entity can control the details of how sales are made and can 'give specific instructions with the expectation that they will be followed.'" *Id.* (*quoting Santiago*, 164 Ariz. at 509–10).

DoorDash drivers are required to use an application while making deliveries. DoorDash does not, however, control the method and means of its drivers' work through this application. DoorDash drivers choose when they work, where they work, and how long they work. DoorDash drivers also choose whether to accept or

decline any given delivery. Although DoorDash requires its drivers to maintain a level of customer satisfaction and avoid consistently late deliveries, these requirements do not amount to control over the manner of a driver's work.  Instead, it constitutes general performance standards. Because of the limited control DoorDash has over its drivers, a reasonable jury could not find Otero to be a DoorDash's employee.

Therefore, Defendant DoorDash is entitled to summary judgment on Defendant Otero's status as an independent contractor.

**Defendant's Motion for Partial Summary Judgment: Direct Negligence**

Defendant DoorDash argues that Plaintiff's claims against it also fail because there is no legal support for a negligent hiring, training, supervision and retention (NHTSR) claim.  DoorDash argues Defendant Otero's criminal history is not relevant and inadmissible and that Otero's non-violent conviction history is inadmissible pursuant to A.R.S. § 12-558.03(B).  Further, Otero's armed robbery conviction is inadmissible because it "has no nexus to the alleged underlying wrong." DoorDash also argues that it had no duty to supervise or train Otero because he was an independent contractor.

Plaintiff argues that DoorDash acted negligently by not having policies in place to determine whether Otero's past convictions should have disqualified him as a driver. Plaintiff further argues that DoorDash acted negligently in retaining Otero after learning shortly before the accident that he had an active felony arrest warrant for weapons possession. Finally, Plaintiff argues that DoorDash failed in its duty to train Otero and failed in its duty to supervise and monitor Otero's driving behavior and illicit drug use.

*Negligent Hiring and Retention*

In an action for negligent hiring, it is inadmissible to show that the employee or independent contractor was previously convicted of a criminal offense before employment or becoming an independent contractor with the employer. A.R.S. § 12-558.03(B). Prior convictions that would otherwise be precluded can be used to support a negligent supervision claim if "the conviction was directly related to the nature of the employee's or independent contractor's work and the conduct that gave rise to the alleged injury that is the basis of the cause of action." A.R.S. § 12-558.03(C). This statutory preclusion does not apply when the prior conviction involved a violent offense. A.R.S. § 12-558.03(F)(1).

Evidence of prior criminal history may also be inadmissible if the prior convictions are not relevant based on the nature of an individual's employment. *See Kassman v. Busfield Enterprises, Inc.*, 131 Ariz. 163, 167; 639 P.2d 353, 357 (App. 1981). In *Kassman*, evidence of prior convictions was irrelevant because the employee's job "was simply that of a doorman and did not require the use of weapons or dealing with security problems" and "involved no risk of harm to others or the carrying of dangerous weapons." *Id.* In determining whether evidence of prior convictions is admissible, the proper inquiry is whether the prior conviction made the act of the employee or independent contractor foreseeable. *Pruitt v. Pavelin*, 141 Ariz. 195, 202; 685 P.2d 1347, 1354 (App. 1984).

DoorDash has not disclosed any written policies or standards stating which past offenses, if any, would disqualify a driver.  The plaintiff's standard of care expert has offered the opinion that the absence of any policies or standards identifying what may disqualify one from acting as a driver, in and of itself, falls below the

           Joyce Burbridge           
           Judicial Administrative Assistant

delivery industry's standard of care.  Additionally, the fact that shortly before this accident DoorDash became aware that Otero had an active felony warrant may support a claim for negligent retention.  The plaintiff's standard of care expert opines that retaining a delivery driver who is on active felony warrant status falls below delivery industry standards.

Evidence of Otero's criminal history and active felony warrant status is evidence supportive of a claim for negligent hiring and retention.  Further, it is not clearly violative of evidence rules 403 and 404.  Accordingly, fact questions exist concerning Plaintiff's negligent hiring or negligent retention claims.  Therefore, Defendant DoorDash is not entitled to summary judgment on these claims.

*Negligent Training and Supervision*

Pursuant to the Restatement, a principal "conducting an activity through servants or other agents" is directly liable for acting negligently in "giving improper or ambiguous orders" or "in the supervision of the activity." Restatement (Second) of Agency § 213. As acknowledged by the Arizona Court of Appeals, direct liability based on the Restatement rule arises "'not because of the relation of the parties, but because the employer antecedently had reason to believe that an undue risk of harm would exist because of the employment.'" *Quinonez v. Andersen*, 144 Ariz. 193, 197; 696 P.2d 1342, 1346 (App. 1984) (quoting Restatement (Second) Agency § 213 cmt. d).

Whether a principal is required to train or supervise an independent contractor, however, depends on whether the principal exercises some control over the independent contractor. *See Simon v. Safeway, Inc.*, 217 Ariz. 330, 335; 173 P.3d 1031, 1036 (App. 2007). Other jurisdictions recognize that a principal who does not retain control over an independent contractor does not have a duty to train or supervise that independent contractor. *See, e.g.*, *Wilson v. Guy*, 848 S.E.2d 138, 143 (Ga. App. 2020); *Wright v. TEGNA Inc.*, 557 P.3d 333, 342, *as modified on reh'g* (Colo. App. 2024).

Otero was an independent contractor for DoorDash.  DoorDash did not train or directly supervise Otero, and only tracked his delivery completion percentage, customer rating, and number of late deliveries.  DoorDash exercised little or no control over Otero while he was a DoorDash delivery driver. Accordingly, DoorDash did not have a duty to train or supervise him.

Defendant DoorDash is entitled to summary judgment on Plaintiff's negligent training and supervision claims.

*Gross Negligence*

A defendant is grossly negligent "if he acts or fails to act when he knows or has reason to know facts which would lead a reasonable person to realize that his conduct not only creates an unreasonable risk of bodily harm to others but also involves a high probability that substantial harm will result." *Walls v. Arizona Dept. of Public Safety*, 170 Ariz. 591, 595; 826 P.2d 1217, 1221 (App. 1991). "A court may withdraw the issue of gross negligence from the jury only when no evidence is introduced that would lead a reasonable person to find gross negligence." *Id.* at 595.

                                                              Joyce Burbridge
                                                         Judicial Administrative Assistant

A jury could conclude the evidence supporting the claims against DoorDash rises to the "high probability" level to satisfy the gross negligence standard. Accordingly, Defendant DoorDash is not entitled to summary judgment on the Plaintiff's claim of gross negligence.

**Defendant's Motion for Partial Summary Judgment: Punitive Damages**

Defendant DoorDash argues that Plaintiff is not entitled to punitive damages in this case because a reasonable jury could not find that either DoorDash or Defendant Otero acted with the requisite "evil mind" standard. DoorDash argues that while the car accident certainly caused fatal injuries to Benjamin Davis, Otero leaving the accident scene did not contribute to his death. DoorDash argues that speeding, alone, is insufficient to support a punitive damages claim. Further, Otero's criminal history, supporting the negligent hiring and retention claims, does not support a punitive damages award against DoorDash.

Plaintiff argues that punitive damages are warranted against both DoorDash and Otero because of the outrageousness of their conduct and their disregard of the substantial risk of harm to the community.

In Arizona, punitive damages are awarded "when a plaintiff can prove by clear and convincing evidence that the 'defendant's evil hand was guided by an evil mind.'" *Swift Transportation Co. of Arizona LLC v. Carman*, 253 Ariz. 499, 503–04; 515 P.3d 685, 689–90 (2022) (quoting *Rawlings v. Apodaca*, 151 Ariz. 149, 162; 726 P.2d 565, 578 (1986)). Punitive damages should not be awarded "based on mere negligence, gross negligence, or recklessness." *Id.* at 505–06. In a negligence action, a plaintiff will likely only be able to satisfy the punitive damages standard "by demonstrating that the outrageousness of the defendant's conduct is such that the defendant had an 'evil mind' when engaging in such conduct." *Id.* at 506. Further, "a plaintiff must establish that the defendant knew, or intentionally disregarded, facts that created an unreasonable risk of physical harm… and consciously disregarded that risk." *Id.* at 507.

Further, "[t]he requisite intent and outrageous and egregious conduct must occur in tandem with the conduct giving rise to the injury in order to recover punitive damages." *Saucedo v. Salvation Army*, 200 Ariz. 179, 182; 24 P.3d 1274, 1277 (App. 2001). In other words, the conduct giving rise to an award of punitive damages must be causally connected to the harm or injury that was incurred. *See id.* at 186.

There is no dispute that Otero leaving the accident scene after the collision did not contribute to the death of Benjamin Davis. Accordingly, this fact cannot support a punitive damages award against Otero. Additionally, although Otero admitted to smoking marijuana in the afternoon before the collision, there is no evidence that Otero was driving impaired at the time of the collision. Finally, although Plaintiff offers evidence that Otero was driving up to nineteen miles per hour over the speed limit, this fact, without more, constitutes "mere negligence, gross negligence, or recklessness," and is not enough to establish an evil mind. When viewing the evidence in the light most favorable to Plaintiff, a reasonable jury could not find clear and convincing evidence supporting a punitive damage award. Similarly, the allegations against DoorDash do not rise to the necessary punitive standard.

Therefore, Defendants are entitled to summary judgment on the issue of punitive damages.

                                                                            Joyce Burbridge
                                                               Judicial Administrative Assistant

## CONCLUSION

**IT IS THEREFORE ORDERED GRANTING** Plaintiff's December 10, 2024 Motion for Partial Summary Judgment against Defendant Otero.  Defendant Otero may still argue available legal defenses, including comparative and contributory fault.

**IT IS FURTHER ORDERED GRANTING IN PART AND DENYING IN PART** Defendant DoorDash's January 3, 2025 Motions for Partial Summary Judgment.

**IT IS FURTHER ORDERED GRANTING** Defendant DoorDash's Motion for Partial Summary Judgment on Defendant Otero's status as an independent contractor.

**IT IS FURTHER ORDERED GRANTING** Defendant DoorDash's Motion for Partial Summary Judgment on Plaintiff's negligent training and supervision, and punitive damages claims.

**IT IS FURTHER ORDERED DENYING** Defendant DoorDash's Motion for Partial Summary Judgment on Plaintiff's gross negligence, negligent hiring and negligent retention claims.

/s/
HON. JEFFREY T. BERGIN

(ID: 102aee1d-39db-4582-a36c-6e4a9db589e9)

cc:     Alexander Hilliard, Esq.
        Benjamin R O'Connor, Esq.
        Colin Quinn, Esq.
        Jarin K Giesler, Esq.
        Mandi J. Karvis, Esq.
        Mark E Munson, Esq.
        Samantha L Herman, Esq.
        Clerk of Court - Under Advisement Clerk

                                            Joyce Burbridge
                                            Judicial Administrative Assistant