RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*C.L. v. Uber Technologies, Inc., et al;*<br>*3:25-cv-00007-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF C.L.** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff C.L. has not responded to any efforts to reach her made by myself or my staff since January 9, 2025. Additionally, Plaintiff C.L. has been unable to provide Peiffer Wolf with adequate information needed to fulfill her discovery obligations.

3. Plaintiff C.L.'s failure to communicate with and provide sufficient information to our

firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines or otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff C.L. ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office throughout her representation.

   a. On August 19, 2024 Plaintiff retained Peiffer Wolf as legal counsel.

   b. Between August 19, 2024 and October 15, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included twenty-two (22) unsuccessful phone calls with voice messages, three (3) unsuccessful phone calls with no ability to leave voice messages, fourteen (14) unanswered text messages, and nine (9) unanswered e-mails.

   c. During the aforementioned time period, our office and staff was in the process of collecting information from Plaintiff about her claim.

   d. Plaintiff contacted, or responded to contact attempts by, our office on seven (7) occasions during that time period.

   e. On January 2, 2025, as Plaintiff's case was filed in the MDL, our office attempted to contact Plaintiff to inform her of her discovery obligations and Plaintiff Fact Sheet requirements.

   f. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information previously provided by Plaintiff.

   g. On July 17, 2025, Uber's counsel informed our firm of an alleged deficiency in Plaintiff's ride receipt or ride information form.

   h. Between July 17, 2025 through the present, these communications to Plaintiff included three (3) unsuccessful phone calls with no ability to leave voice

messages, two (2) e-mails, and one (1) letter sent by mail. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

   i. Between July 17, 2025 and to this day, Plaintiff never responded to any contact attempts.

   j. On October 1, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by October 8, 2025, we would choose to withdraw as counsel.

6. Plaintiff has failed to provide our firm with all the information necessary to fulfill her discovery obligations.

7. On November 14, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 17th day of November, 2025 in San Francisco, California.

/s/ Rachel B. Abrams
Rachel B. Abrams

*Counsel for Plaintiff*