Bret Stanley (TX SBN 24075116)
bstanley@johnsonlawgroup.com
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB <br><br> **BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPORTING MATERIALS IN RESPONSE TO MOTION FOR SANCTIONS** <br><br> Judge: Honorable Lisa J. Cisneros <br> Courtroom G – 15th Floor |
|---|---|
| This Document Relates to: <br><br> All Cases | |

**BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPORTING MATERIALS IN RESPONSE TO MOTION FOR SANCTIONS**

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Counsel Bret Stanley ("Counsel") respectfully submits this Administrative Motion to File Under Seal Portions of Supporting Materials in response to Defendants' Motion for Sanctions, filed November 17, 2025. Counsel respectfully requests that the Court seal the following documents filed in support of Counsel's response to Defendants' Motion for Sanctions:

I.   **BACKGROUND AND REQUESTED SEALING**

The documents at issue in this Motion to File Under Seal are in the declaration supporting Defendants' Motion to Enforce (the "Declaration") and the exhibits to the Declaration (the "Exhibits"), specifically:

| Document | Description | Plaintiff's Request |
|---|---|---|
| Bret Stanley's Response in Opposition to Sanctions relating to the billing hours and/or billing rate of Uber Attorneys | Redacted portions containing information relating to Uber's Attorney Fee Descriptions in on pp. 13 and 14. | Seal in part (information reflecting fee arrangement between Defendants and outside counsel) |
| Declaration of Bret Stanley in support of Response to Motion for Sanctions | Redacted portions containing information relating to Uber's Attorney Fee Descriptions and Rates in Paragraph 61, 64 and 68. | Seal in part (information reflecting fee arrangement between Defendants and outside counsel) |
| Exhibit A to Plaintiff's Response to Motion for Sanctions Against Bret Stanley | Redacted information related to the names of Knowledge Based Policies and Protected Information at 002-003. | Seal in part the names of Knowledge Based Policies and Protected Information at 002-003. |
| Exhibit B to Plaintiff's Response to Motion for Sanctions Against Bret Stanley | Redacted information related to the names of Knowledge Based Policies and other Protected Information at 002-005. | Seal in part the names of Knowledge Based Policies and other Protected Information at 002-005. |
| Exhibit E to Plaintiff's Response to Motion for Sanctions Against Bret | Redacted information related to the names of Knowledge Based Policies and other | Seal in part the names of Knowledge Based Policies and other Protected |

| | | |
|---|---|---|
| Stanley | Protected Information at 004. | Information at 004. |

The limited portions of Bret Stanley's Response to Uber Technologies, Inc.'s Motion for Sanctions, Stanley Declaration, and Exhibits A, B, E, which Plaintiff's seek to seal, contain information sought to be protected by the Defendants related to Defendant's Attorney's Fees and information found to be confidential related to this Court's August 18, 2025 Motion to Enforce Protective Order. *See* Stanley Decl. ¶¶

## II.     LEGAL STANDARD

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) provides that good cause exists to seal documents when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions; they are not related to a dispositive motion. Therefore, the good cause standard applies. *TVIIM, LLC v. McAfee*, Inc., 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4,2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024)(same). District Courts have discretion

to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

In addition to showing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

### III.   DEFENDANTS' HAVE SOUGHT THIS MATERIAL TO BE SEALED AND PLAINTIFF'S FILING IS OUT OF ABUNDANCE OF CAUTION

The relevant documents, including listings of Defendants' fee arrangement and business policy-related resources have been sought to be sealed by the Defendants, who claim good cause exists due to their business interest in sealing these documents that consist of confidential, non-public, internal information regarding Defendants' information infrastructure, internal policies, strategies, and operations to prevent competitive harm. *See* ECF 4232-1, Cummings Decl. to Mtn. to Seal ¶¶2-9. The sealing Defendants request–redaction of only the documents or portions of documents at issue–is the least restrictive means of protecting that interest. *See id.* ¶10.

#### A. THE NATURE OF THIS RESPONSE REQUIRES PLAINTIFF TO FILE THIS MOTION.

The Plaintiff is responding to Uber's Motion for Sanctions concerning a finding of that MDL 3084's Protective Order was breached and protective information was disseminated. Additionally, the Uber Defendants have sought to have their attorney fee information sealed from public view. Out of an abundance of caution, Plaintiff Bret Stanley is filing this response with attorney fee information redacted and Knowledge Base information found to be in breach of MDL 3084's Protective Order Redacted.

**Documents to the Stanley Declaration:**

**Bret Stanley's Response to Uber's Motion for Sanctions** contains limited information concerning Defense Attorneys' billable rate and description of billed time. *See* Stanley Decl. to Mtn. to Seal ¶5. This information is redacted out of abundance of caution.

**Bret Stanley's Declaration in Support of the Response to Uber's Motion for Sanctions** contains limited information concerning Defense Attorneys' billable rate and description of billed time. *See* Stanley Decl. to Mtn. to Seal ¶5. This information is redacted out of abundance of caution.

**Exhibit A to Bret Stanley's Response to Uber's Motion for Sanction** contains limited information that was found on August 18, 2025 to be a breach of MDL 3084's Protective Order. This information is redacted based on this Court's prior ruling.

**Exhibit B to Bret Stanley's Response to Uber's Motion for Sanction** contains limited information that was found on August 18, 2025 to be a breach of MDL 3084's Protective Order. Additionally, Exhibit B contains information relating to Uber's internal systems that, based on Uber's prior contentions, would be believed to be a breach of MDL 3084's Protective Order if filed publicly. This information is redacted based on this Court's prior ruling and out of abundance of caution.

**Exhibit E to Bret Stanley's Response to Uber's Motion for Sanction** contains the bates label to limited information that was found on August 18, 2025 to be a breach of MDL 3084's Protective Order. This information is redacted based on this Court's prior ruling and out of abundance of caution.

1. **The Proposed Sealing is the Least Restrictive Means of Protecting Defendants' Interest in Maintaining Confidentiality.**

Plaintiff's proposed sealing is "narrowly tailored" to cover only information for which the Defendants claimed a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). The proposed redactions are focused exclusively on Defendants attorney fee information and/or the names Defendants' of policies to which this Court has found are protected. Accordingly, there is good cause to grant the sealing Plaintiff's Request, and there are no less restrictive means of protecting Defendants' interest in maintaining confidentiality.

## IV. CONCLUSION

For the foregoing reasons, Counsel Bret Stanley respectfully requests that the Court order that these documents listed above be maintained under seal.

Dated: November 17, 2025

Respectfully submitted,

*/s/ Bret Stanley*
Bret Stanley (TX SBN 24075116)
bstanley@johnsonlawgroup.com
**Johnson Law Group**
2925 Richmond Ave, Suite 1700
Houston, TX 77098
Telephone: (713) 626-9336