# EXHIBIT U

| | |
|---|---|
| **From:** | Bret Stanley |
| **To:** | Gromada, Veronica G. (SHB); Chris Cox |
| **Cc:** | Priest Johnson, Kimberly (SHB); Shortnacy, Michael (SHB); Kirk, Brittany E. (SHB) |
| **Subject:** | RE: Uber PO Order - 19 Policies Claimed to be Violation in Smith |
| **Date:** | Monday, August 25, 2025 3:13:00 PM |
| **Attachments:** | image003.png |
| | image004.png |

Thanks for the response while you are traveling.

I'm directing the request to your team because it was never made clear by your team or by the Court who it is I'm supposed to request the use of these documents from. Next, Counsel in the *Smith* matter does not know about these documents, has not seen them, and has never produced them. Finally, assuming Uber and Ms. Angotti do not allow me to use these documents, I presume you will be handling the motion practice in the MDL on these issues and not Ms. Angotti.

---

**From:** Gromada, Veronica G. (SHB) <vgromada@shb.com>
**Sent:** Monday, August 25, 2025 2:54 PM
**To:** Bret Stanley <BStanley@johnsonlawgroup.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>; Kirk, Brittany E. (SHB) <bkirk@shb.com>
**Subject:** Uber PO Order - 19 Policies Claimed to be Violation in Smith

[EXTERNAL]

Bret,

Your email is inaccurate. I identified the 19 policies found in confidential MDL documents in an email to you sent on August 19, 2025 at 10:43am.

As for your request that Uber agree to allow you to use Exhibit A to the Smith Request for Production, it is entirely unclear why you are directing that request to us.

Most of those policies are not subject to the MDL Protective Order (although they are likely subject to other protective orders). Any request related to non-MDL information should be directed to Uber's counsel in Smith.

As for the Confidential Information subject to the MDL Protective Order, we do not agree that you can use that information.

**Veronica G. Gromada**
*Partner*
vgromada@shb.com | x53001

---

**From:** Bret Stanley <BStanley@johnsonlawgroup.com>
**Sent:** Monday, August 25, 2025 1:29 PM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** RE: Uber PO Order - 19 Policies Claimed to be Violation in Smith

EXTERNAL

Veronica –

It's a shame that Uber directed Angela Angotti to forward the below email to the Court in the *Smith* Matter.

I didn't get a response to you on the below request.

Per Judge Cisneros's direction, I am to ask permission from Uber to use these documents before going to her to seek relief from the Protective Order. Am I to assume that Uber will never agree to use of these documents in other matters? If that is Uber's position, we don't have to waste time with me sending a request to you.

Sincerely,

Bret Stanley



**Bret Stanley** | Senior Counsel

Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

The information contained in this email is confidential and/or privileged. This email is intended to be reviewed initially by the recipient or a representative of the recipient, you are hereby notified that any review, dissemination or copying of this email or the information contained herein is prohibited. If you have received this email in error, please immediately notify the sender by telephone and return this email to the sender at the above address. Thank you.

**From:** Bret Stanley
**Sent:** Tuesday, August 19, 2025 9:18 AM
**To:** 'Gromada, Veronica G. (SHB)' <vgromada@shb.com>; 'Chris Cox' <christopher.cox@kirkland.com>
**Cc:** 'Priest Johnson, Kimberly (SHB)' <kpj@shb.com>; 'Shortnacy, Michael (SHB)' <mshortnacy@shb.com>
**Subject:** RE: Uber PO Order - 19 Policies Claimed to be Violation in Smith

Veronica –

Please let me know when you can inform me of the 19 Policies you identified to be in breach of the Protective Order concerning the *Smith* Request for Production.

As an alternative to this identification, and in accordance with the Court's direction in the Hearing,  I'm requesting from Uber the ability to use the names of the policies on Exhibit A to Plaintiff's Fifth Request for Production in the *Smith* Matter. Please provide Uber's position concerning consent of use in the *Smith* matter.

To the extent Uber does not consent and you will not identify the 19 Policies claimed to be in breach of the Protective Order, I will be forced to seek MDL Court intervention to compel identification of the 19 Policies that you claim to be in breach from the Court.

Sincerely,

Bret Stanley

**From:** Bret Stanley
**Sent:** Monday, August 18, 2025 11:54 AM
**To:** Gromada, Veronica G. (SHB) <vgromada@shb.com>; Chris Cox <christopher.cox@kirkland.com>
**Cc:** Priest Johnson, Kimberly (SHB) <kpj@shb.com>; Shortnacy, Michael (SHB) <mshortnacy@shb.com>
**Subject:** Uber PO Order - 19 Policies Claimed to be Violation in Smith

Veronica –

Can you please identify the 19 Policies (or Resources) that are claimed to be a violation of the PO in the *Smith* Requests.

I need to identify the 19 Policies / Resources that are part of the claimed breach and subject to the Court's forthcoming Order, so that they can be removed.

Thank you.

Bret Stanley

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.

# EXHIBIT V

*PREPARED BY THE COURT*

| | |
|---|---|
| **CHAYA LORD AND BRANDON LORD,**<br>**Plaintiff,**<br><br>v.<br><br>**UBER TECHNOLOGIES, INC., RASIER,**<br>**LLC, JUAN R. ESCOBAR, JOHN DOES**<br>**1-10, ABC CORPORATIONS 1-10,**<br>**Defendants.** | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION<br>MERCER COUNTY<br><br>**DOCKET NO. MER-L-000360-24**<br><br>*Civil Action*<br>**AMENDED ORDER TO COMPEL**<br>**PRODUCTION OF PLAINTIFFS'**<br>**TWELFTH NOTICE TO PRODUCE,**<br>**EXTEND DISCOVERY AND TO COMPEL**<br>**PRODUCTION OF UBER'S**<br>**KNOWLEDGE BASE** |

**THIS MATTER** having been brought before the Court by Stark & Stark, P.C., attorneys for Plaintiffs Chaya Lord and Brandon Lord, for an order compelling response to Plaintiffs' Twelfth Notice to Produce, extending discovery and an order compelling the production of Uber's Knowledge Base policies; and the Court having considered the motion, the supporting certification, and arguments of counsel on the record on October 31, 2025; and considering the written submissions of the parties on November 3, 2025 and November 4, 2025; for good cause shown;

**IT IS** on this 6th day of November, 2025;

**IT IS ORDERED** that the Court amends its October 31, 2025 Order as follows:

1. The Court **GRANTS** Plaintiff's motion to compel the production of UBER's policies and procedures, Knowledge-based or otherwise, subject to the following limitations as agreed to by the parties:

   a. By November 14, 2025, Plaintiff shall provide UBER with a list, specifying by name,

1

EXHIBIT V                                                    001

*PREPARED BY THE COURT*

200 of UBER's Knowledge-based or other policies (limited to 2017-2023), with UBER waiving any confidentiality or other rights associated with Plaintiff specifying the policies referenced in the aforementioned list. UBER's waiver is limited to this litigation and only associated with Plaintiff providing it with the list herein.

b. By December 12, 2025, Uber shall produce any requested policies, except for those to which they object and shall state such objection in writing to Plaintiff.

c. The parties shall meet and confer in an attempt to resolve UBER's objections, if any, and if they cannot come to terms, shall request a case management conference with the Court to take place on or before December 17, 2025.

2. Subject to UBER's limited waiver referenced in paragraph 1, the production of UBER's policies does not waive either party's rights or the obligations contained in any Protective Orders or Confidentiality Orders issued by any other Court or that might otherwise be in effect.

3. The Court **DENIES** Plaintiff's motion to compel other records associated with UBER's proprietary systems, and instead, **ORDERS** the deposition of Corporate Designee, Erin O'Keefe, related to the subject matter raised in both of Plaintiff's motions, as was set forth more fully on the record.

4. The Court **GRANTS** UBER's request for a Confidentiality Order, but only to the extent it relates to UBER's proprietary systems:

a. The parties shall meet and confer by December 1, 2025, and attempt to come to terms over the scope and language in a Confidentiality Order to be submitted to the Court by December 1, 2025. Should the parties fail to come to terms, they shall submit proposed Confidentiality Orders to the Court in PDF and word formats and

2

EXHIBIT V                                                        002

*PREPARED BY THE COURT*

advise the Court of the basis of any dispute so that the Court can enter a Confidentiality Order.

b. Prior to her deposition, Ms. O'Keefe shall review UBER's proprietary systems as it relates to Defendant Escobar and the issues raised in this matter, and be prepared to testify about the information in such systems, and if requested by Plaintiff, provide access to those systems for Plaintiff's review, subject to the Confidentiality Order referenced in paragraph 4a.

5. The Court **DENIES** Defendant UBER's motion for a Protective Order or a Confidentiality Order associated with UBER's Knowledge-based and other policies and procedures. See also paragraph 2, above.

6. The Court **DENIES** Defendant UBER's motion for a discovery master.

7. The Court **GRANTS** Plaintiff's motion to extend discovery until June 15, 2026 and **ORDERS** the following:

a. UBER shall produce a privilege log related to its investigation by November 30 2025;

b. UBER shall produce any remaining internal communications, if any, related to Mr. Escobar by November 30, 2025;

c. Another deposition of Defendant Escobar shall take place by November 30, 2025;

d. The deposition of Erin O'Keefe shall take place on December 10, 2025 and any additional deposition dates for Ms. O'Keefe shall take place by January 31, 2026;

e. Pursuant to the June 6, 2025 Order of the Court, depositions of two named UBER employees shall take place by February 28, 2026;

f. Plaintiff's expert reports are due by May 15, 2026; and

3

EXHIBIT V    003

***PREPARED BY THE COURT***

     g.  Defendant's expert reports are due by June 15, 2026.

   **IT IS FURTHER ORDERED** that the posting of this Order on eCOURTS shall constitute service on all counsel of record.

*/s/ Jodi Bouer*
HON. JODI F. BOUER, J.S.C.

X    OPPOSED

_____UNOPPOSED

4

EXHIBIT V                                    004

# EXHIBIT W



**Bowman and Brooke** LLP

Attorneys at Law

317 George Street, Suite 320
New Brunswick, NJ  08901
Phone: 201-577-5190
Fax: 201-577-5188
bowmanandbrooke.com

John W. Meyer
Direct: 201-577-5191
Email: john.meyer@bowmanandbrooke.com

November 10, 2025

***VIA E-COURTS***

Honorable Jodi F. Bouer, J.S.C.
Mercer County Superior Court
175 South Broad Street, Floor 3
Trenton, NJ  08650

     **Re:**    **Lord v. Uber Technologies, Inc., et al.**
              **Docket No.: MER-L-360-24**

Dear Judge Bouer:

     This office represents Defendants Uber Technologies, Inc., and Rasier, LLC, ("Uber") in the above referenced matter. I am in receipt of this Court's Amended Order to Compel (Trans ID: LCV20253025870).

     Uber acknowledges this Court's efforts to Amend the Order to provide further clarification to the parties. However, Uber respectfully submits that the Amended Order does not rectify all of the concerns raised in its letter of November 3, 2025. Specifically, with respect to paragraph 1(a),. Uber recognizes that this Court has entered an Order compelling certain production and is allowing Plaintiffs to identify by name specific knowledge base resources. However, this was not because of voluntary agreement, waiver or stipulation by Uber.[1] This was as a result of this Court's decision to overrule Uber's objections on that basis.

     Uber respects this Court's jurisdiction over discovery in this case. Nevertheless, for purposes of ensuring a clear record, Uber maintains its position that the subject information and documents are confidential, proprietary, and/or trade secret, and Uber does not waive enforceability of any existing Court Orders in other jurisdictions to that effect.

---

[1] Waiver is defined as "the voluntary and intentional relinquishment of a known right." *Knorr v. Smeal*, 178 N.J. 169, 177, 836 A.2d 794 (2003).

Honorable Jodi F. Bouer, J.S.C.
November 10, 2025
Page 2


      To the extent that it would resolve any remaining disputes or obviate the need for a Motion for Reconsideration on the issue of confidentiality of certain proprietary information and/or documents, Uber is amenable to appearing for a Case Management Conference to discuss the above at the Court's discretion.

                                Respectfully,

                                **BOWMAN AND BROOKE LLP**


                                *s/ John W. Meyer*

                                John W. Meyer
                                Associate

JWM

EXHIBIT W           002

# EXHIBIT X

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHAWNA SCYOC,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC,<br><br>Defendants. | Case No. 3:25-CV-01012 |

## DEFENDANTS' MOTION TO PROHIBIT PARTICIPATION OF COUNSEL BRET STANLEY

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), through undersigned counsel, hereby file this motion respectfully asking this Court to prohibit Counsel Bret Stanley from participating in this action for (1) failure to comply with LR 83.01(b), and (2) a history of disclosing Uber's confidential information in violation of another court's protective order.

## ARGUMENT

On September 5, 2025, this Court provided Notice to Counsel Bret Stanley that he "shall file a Motion to Appear Pro Hac Vice, a Certificate of Good Standing signed by the Clerk of a United States District Court or a U. S. appellate court where admitted" no later than September 26, 2025. *See* Dkt. Entry dated Sept. 5, 2025. That deadline has come and gone, and Counsel Stanley did not file his *pro hac vice* application. Accordingly, because Counsel Stanley has not been permitted to appear and participate in this Court pursuant to LR 83.01(b) or otherwise complied

EXHIBIT X

with the requirements of that rule, he should be prohibited from further participation in this case.

Counsel Stanley should also be prohibited from participating in this case—and Uber would object to any *pro hac vice* application filed by him in the future—because Counsel Stanley violated the protective order in the multi-district litigation ("MDL") styled as *In re: Uber Technologies Inc., Passenger Sexual Assault Litigation* (MDL No. 3084), in the Northern District of California. *See* Stipulated Protective Order (ECF 176), and the MDL Court's August 18, 2025 Order on Defendants' Motion to Enforce Protective Order (ECF 3708), attached as **Ex. 1**. Specifically, the MDL Court found that Counsel Stanley violated the terms of the MDL protective order by creating a spreadsheet that reproduced information from documents produced by Uber and designated as Confidential under the protective order in the MDL litigation and disseminating that spreadsheet to persons outside the boundaries of the MDL, including attorneys handling other cases against Uber in Texas and New Jersey,[1] thus disclosing Uber's protected confidential information in violation of the MDL Court's protective order.[2] *Id*. at 2. Further, the MDL Court found that "the purpose of the protective order [like any protective order] was to give [Uber] some confidence and assurance that this information would not get released for purposes other than—or used for purposes other than advancing this MDL." **Ex. 2** at 13:17-19.  Uber cannot have confidence in

---

[1] Counsel Stanley is admitted *pro hac vice* in the New Jersey case. Counsel Stanley shared Uber's confidential information with his New Jersey co-counsel, who included the information in public filings.

[2] As stated by the MDL Court in the August 12, 2025 hearing, the MDL discovery process "involved Uber disclosing an immense amount of information in response to [the p]laintiffs' ***far reaching*** discovery requests" and "discovery in this MDL is for this MDL." **Ex. 2** (8/12/25 MDL Hearing Tr.) at 13:20-14:4 (emphasis added). The MDL court told Counsel Stanley: "maybe you should be adjusting your expectations about what you can do with information that you have learned in the MDL." (*Id.* at 13:17-19).

-2-

EXHIBIT X

protective orders, even upon stipulation (assurances) provided by Counsel Stanley.

Given his prior disregard for the MDL Court's protective order, Uber has serious concerns that Counsel Stanley may use Uber's confidential information that he has previously obtained access to in the MDL in this litigation (in further violation of his obligations under the MDL Court's protective order) and would fail to honor any confidentiality obligations imposed by this Court, either of which would prejudice Uber and may constitute further violations.

Given these serious concerns, and Counsel Stanley's disregard for this Court's order requiring that he submit his *pro hac vice* application and submit the necessary materials by September 26, 2025, Counsel Stanley should be prohibited from further participation in this matter.

## CONCLUSION

Uber respectfully requests that this Court exercise its inherent authority to prohibit Counsel Bret Stanley from participating in this action for failure to comply with LR 83.01(b) and given his history of unlawful disclosure of Uber's confidential information in violation of the MDL court's protective order.

Dated:  October 24, 2025                **PERKINS COIE LLP**

By: */s/ Katherine E. May*
         Katherine E. May (AZ #032335)*
         Karl J. Worsham (AZ #035713)*
         Jordan M. Buckwald (AZ #036610)*
         2525 E. Camelback Road, Suite 500
         Phoenix, Arizona 85016-4227

         *Admitted pro hac vice*

-3-

EXHIBIT X

**BUTLER SNOW LLP**

By: */s/ Y. Larry Cheng*
     Y. Larry Cheng (BPR #036707)
     1320 Adams Street, Suite 1400
     Nashville, Tennessee 37208

*Attorneys for Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC*

EXHIBIT X

## CERTIFICATE OF SERVICE

I hereby certify that on October 24, 2025, I electronically transmitted the attached documents to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Russell W. Lewis, IV
Johnson Law Group
1019 16th Avenue South
Nashville, Tennessee 37212
Rlewis@johnsonlawgroup.com

Bret Stanley
Johnson Law Group
2925 Richmond Ave., Suite 1700
Houston, Texas 77098
Bstanley@johnsonlawgroup.com

I hereby certify that on October 24, 2025, I served the attached document by first class mail on the following, who are not registered participants of the CM/ECF System:

*s/ Y. Larry Cheng*
_____

EXHIBIT X



1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **[PROPOSED] ORDER ON DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S MOTION TO ENFORCE PROTECTIVE ORDER** |
| This Document Relates to: | |
| ALL ACTIONS | |

ORDER ON DEFENDANTS' MOTION TO ENFORCE PROTECTIVE ORDER
Case No. 3:23-MD-3084-CRB

EXHIBIT X

1       This cause coming before the Court on Defendants Uber Technologies, Inc., Rasier, LLC and

2   Raiser-CA, LLC's Motion to Enforce Protective Order, due notice given and the Court being fully

3   advised, THE COURT HEREBY FINDS:

4       (a)    The information on the 587 rows of the spreadsheet sent by Bret Stanley to Defendants'

5   counsel on October 9, 2024, which identifies Defendants' internal policy related resources and the

6   repository where each resource is maintained and which are accompanied by MDL Bates numbers

7   (identifiable as the first 587 rows on the version of the spreadsheet attached as Exhibit 3 to the

8   Declaration of Veronica Gromada [ECF 3512-1]) ("Confidential Information"), is covered by the

9   Protective Order, which requires the Confidential Information be used "only for prosecuting,

10  defending, or attempting to settle this Action or the [related JCCP] consolidated action" [ECF 176, ¶

11  7.1];

12      (b)    Based on the record presented, Mr. Stanley has violated the Protective Order [ECF

13  176], by using and disclosing the Confidential Information outside of the MDL Litigation.

14  Accordingly, IT IS HEREBY ORDERED:

15      (c)    Within three days of the date of this Order, Mr. Stanley shall identify to Defendants'

16  counsel all persons outside of the MDL Litigation to whom Mr. Stanley has disclosed any information

17  covered by the Protective Order, including without limitation, the Confidential Information, and Mr.

18  Stanley shall identify to Defendants' counsel all court proceedings in which Mr. Stanley is aware that

19  the Confidential Information has been used or disclosed in discovery or otherwise;

20      (d)    Within three days of the date of this Order, Mr. Stanley shall provide a copy of this

21  Order to all persons and courts identified pursuant to paragraph (c) of this Order with notice to

22  Defendants' Counsel of same; and

23      (e)    Mr. Stanley shall take reasonable efforts to retrieve or ensure the destruction of all

24  unauthorized Confidential Information to all persons identified pursuant to paragraph (c) of this Order.

25

26  **IT IS SO ORDERED:**

27

28

EXHIBIT X

1   Dated: August 18, 2025

HON. LISA J. CISNEROS
United States Magistrate Judge

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

3

EXHIBIT X

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ | MDL No. 3084 CRB **PROTECTIVE ORDER** |
| This Order Relates To: ALL ACTIONS | |

Pursuant to Pretrial Order No. 4, the parties filed a Stipulated Protective Order and a letter brief outlining certain outstanding disputes on December 21, 2023. Dkt. No. 170. This Protective Order adopts those provisions on which the parties agreed and resolves the disputes identified in the parties' letter brief.

1.   <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this Action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth in Section 12.5, below, that this Stipulated

1    Protective Order does not entitle them to file CONFIDENTIAL or HIGHLY

2    CONFIDENTIAL ATTORNEYS' EYES ONLY Information under seal; Civil Local Rule

3    79-5 sets forth the procedures that must be followed and the standards that will be applied

4    when a Party seeks permission from the court to file material under seal.

5    2.    DEFINITIONS

6        2.1    Action: MDL No. 3084 and all related cases that have been or later are filed

7    in, transferred to, or removed to MDL No. 3084.

8        2.2    Challenging Party: A Party or Non-Party that challenges the designation of

9    information or items under this Order.

10        2.3    "CONFIDENTIAL" Information or Items: Any Discovery Material that the

11    Producing Party believes in good faith contains financial or business plans or projections;

12    proprietary business information, or other confidential research, design, development,

13    financial, business or commercial information; information regarding or relating to a

14    Party's insurance program; personnel information; personal information about any Party to

15    this lawsuit or employees (current or former) or board members (current or former) of any

16    Party to this lawsuit; the personal information and any identifying information of any Non-

17    Party; non-public incident reports; executive committee selection; and any information

18    regarding any Party or Non-Party not otherwise available to the public that is protected

19    from disclosure by law, regulation, or contract.

20        2.4    Counsel (without qualifier): Outside Counsel of Record and House Counsel

21    (as well as their support staff).

22        2.5    Designating Party: A Party or Non-Party that designates information or items

23    that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or

24    "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

25        2.6    Disclosure or Discovery Material: All items or information, regardless of the

26    medium or manner in which it is generated, stored, or maintained (including, among other

27    things, Testimony, transcripts, and tangible things), that are produced or generated in

28    disclosures or responses to discovery in this matter.

EXHIBIT X

United States District Court
Northern District of California

United States District Court
Northern District of California

2.7 <u>Expert</u>: A person with specialized knowledge or experience in a matter pertinent to the litigation, along with his or her employees and support personnel, who has been retained by a Party or its Counsel to serve as an expert witness or as a consultant in this Action.

2.8 <u>"HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items</u>: Extremely sensitive "CONFIDENTIAL" Information or Items as defined in Section 2.3 that the Designating Party reasonably believes to be economically or competitively sensitive and warrants the extra layer of protection described below. By way of example, and not limitation, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information includes non-public information reflecting: transactional sales data; technical, sales, product and design research or analysis; research or analysis pertaining to drivers who use Uber's platform; sales information related to specific customers or classes of customers; financial, marketing, or strategic business planning information; trade secrets; pricing information; information related to government or regulatory investigations; information relating to research, development, testing of, or plans for existing or proposed future products; information representing computer code and associated comments and revision histories, formulas, engineering specifications, or schematics that define or otherwise describe in detail the algorithms or structure of software or hardware designs; and communications that constitute, incorporate, summarize, or reference any "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information. In designating Discovery Material as Highly Confidential Information, the Producing or Designating Party shall do so in good faith consistent with the provisions of this Protective Order and rulings of the Court. Nothing herein shall be construed to allow for global designations of all documents as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.9 <u>In-House Counsel</u>: Attorneys who are employees of a party to this Action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

EXHIBIT X

United States District Court
Northern District of California

2.10 <u>Non-Party</u>: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 <u>Outside Counsel of Record</u>: Attorneys who are not employees of a party to this Action but are retained to represent or advise a party to this Action and have appeared in this Action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 <u>Party</u>: Any party to this Action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staff).

2.13 <u>Privileged Material</u>: Disclosure or Discovery Material subject to a claim of attorney-client privilege, work-product protection, or any other legally recognized privilege or immunity from production.

2.14 <u>Producing Party</u>: A Party or Non-Party that produces Disclosure or Discovery Material in this Action.

2.15 <u>Professional Vendors</u>: Persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.16 <u>Protected Material</u>: Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY."

2.17 <u>Receiving Party</u>: A Party that receives Disclosure or Discovery Material from a Producing Party.

2.18 <u>Testimony</u>: All depositions, declarations, or other testimony taken, provided or used in this Action.

3.    <u>SCOPE</u>

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected

1    Material; and (3) any Testimony, conversations, or presentations by Parties or their

2    Counsel that might reveal Protected Material. However, the protections conferred by this

3    Stipulation and Order do not cover the following information: (a) any information that is in

4    the public domain at the time of disclosure to a Receiving Party or becomes part of the

5    public domain after its disclosure to a Receiving Party as a result of publication not

6    involving a violation of this Order, including becoming part of the public record through

7    trial or otherwise; and (b) any information known to the Receiving Party prior to the

8    disclosure or obtained by the Receiving Party after the disclosure from a source who

9    obtained the information lawfully and under no obligation of confidentiality to the

10   Designating Party. Any use of Protected Material at trial shall be governed by a separate

11   agreement or order. Nothing in this Protective Order shall modify or abrogate the rights or

12   responsibilities of the Parties under HIPAA or any other existing data privacy statute.

13        This Stipulation and Protective Order is without prejudice to the right of any Party

14   to object to disclosing or producing any information or item. Similarly, no Party waives

15   any right to object on any ground to use in evidence any of the material covered by the

16   Stipulation and Protective Order. This stipulation and Protective Order is without prejudice

17   to the right of any Party to seek further or additional protection of any materials or to

18   modify this Stipulation and Protective Order in any way, including, without limitation, an

19   Order that certain materials not be produced at all. This stipulation and Protective Order

20   does not alter, waiver, modify, or abridge any right, privilege or protection otherwise

21   available to any Party with respect to the discovery of matters, including, but not limited

22   to, any Party's right to assert the attorney-client privilege, the attorney work product

23   doctrine, or other privileges, or any Party's right to contest any such assertion.

24        In the event that additional parties join or are joined in this Action, they shall not

25   have access to the materials designated as "CONFIDENTIAL" or "HIGHLY

26   CONFIDENTIAL – ATTORNEYS' EYES-ONLY" pursuant to this Stipulation and

27   Protective Order unless and until the additional parties have executed and, at the request of

28   any Party, filed with the Court, their agreement to be bound by this Stipulation and

United States District Court
Northern District of California

5

1    Protective Order in the form of their signing the Acknowledgment and Agreement to Be

2    Bound (Exhibit A).[1]

3          Nothing in this Stipulation and Protective Order shall be construed to preclude any

4    Party from asserting in good faith that certain Protected Materials require additional

5    protection, such as protection of one Party's sensitive personal information from being

6    disclosed to other Parties. The Parties shall meet and confer to agree upon the terms of

7    such additional protection. If the parties cannot reach an agreement after meeting and

8    conferring, the Designating Party shall seek an order from the Court as to any additional

9    protections it seeks within 14 days of the parties' meet and confer.

10   4.    <u>DURATION</u>

11         Even after final disposition of this litigation, the confidentiality obligations imposed

12   by this Order shall remain in effect until a Designating Party agrees otherwise in writing or

13   a court order otherwise directs. Final disposition shall be deemed to be the later of (1)

14   dismissal of all claims and defenses in this Action, with or without prejudice; and (2) final

15   judgment herein after the completion and exhaustion of all appeals, re-hearings, remands,

16   trials, or reviews of this Action, including the time limits for filing any motions or

17   applications for extension of time pursuant to applicable law.

18   5.    <u>DESIGNATING PROTECTED MATERIAL</u>

19         5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each

20   Party or Non-Party that designates information or items for protection under this Order

21   must take care to limit any such designation to material that qualifies under the appropriate

22   standards. The Designating Party must designate for protection only those materials,

23   documents, items, or oral or written communications that qualify—so that other materials,

24   documents, items, or communications for which protection is not warranted are not swept

25   unjustifiably within the ambit of this Order. If only a limited and clearly delineated part of

26

27   _____

28   [1] If additional non-natural persons are later added as parties to this action and this
     Protective Order is insufficient to address a party's needs for protection, the party may
     seek a modification of this Protective Order at that time.

EXHIBIT X

1    the materials, documents, items, or oral or written communications qualify for protection,

2    The Designating Party shall, to the extent practicable, make all reasonable efforts to

3    designate for protection only those parts that qualify.

4        Mass, indiscriminate, or routinized designations are prohibited. Designations that

5    are shown to be clearly unjustified or that have been made for an improper purpose (e.g.,

6    to unnecessarily encumber or retard the case development process or to impose

7    unnecessary expenses and burdens on other parties) may expose the Designating Party to

8    sanctions, just as disclosure of Protected Material in violation of this order would do. If it

9    comes to a Designating Party's attention that information or items that it designated for

10   protection do not qualify for protection, that Designating Party must promptly notify all

11   other Parties that it is withdrawing the mistaken designation.

12       5.2    <u>Manner and Timing of Designations</u>. Except as otherwise provided in this

13   Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or

14   ordered, Disclosure or Discovery Material that qualifies for protection under this Order

15   must be clearly so designated before the material is disclosed or produced. Designation in

16   conformity with this Order requires:

17       (a)    For information in documentary form (e.g., paper or electronic documents,

18   but excluding transcripts of depositions or other pretrial or trial proceedings), that the

19   Producing Party affix the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –

20   ATTORNEYS' EYES ONLY" to every page of each document that contains Protected

21   Material, or, in the case of an electronic document that is produced in native form or is

22   impracticable to produce in a form with the affixed legend, by placing the legend on a

23   placeholder document bearing the document's production number. If only a clearly

24   delineated portion or portions of the material on a page qualifies for protection, the

25   Producing Party, to the extent practicable, also must clearly identify the protected

26   portion(s) (e.g., by making appropriate markings in the margins).

27       A Party or Non-Party that makes original documents or materials available for

28   inspection need not designate them for protection until after the inspecting Party has

*United States District Court*
*Northern District of California*

EXHIBIT X

United States District Court
Northern District of California

indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL –ATTORNEYS' EYES-ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL ATTORNEYS' EYES-ONLY" legend to every page of each document that contains Protected Material, or, in the case of an electronic document that is produced in native form or is impracticable to produce in a form with the affixed legend, by placing the legend on a placeholder document bearing the document's production number. If only a clearly delineated portion or portions of the material on a page qualifies for protection, the Producing Party, to the extent practicable, also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     For Testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party designates within thirty (30) days after receipt of a final transcript, all protected Testimony and specify the level of protection being asserted by giving written notice to the court reporter and all Parties. A Designating Party may specify at the deposition, hearing, or other proceeding, or up to 30 days after receipt of the transcript, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Transcribed deposition Testimony or exhibits to depositions that reveal Protected Material must be marked as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" by the court reporter. All rough or final Testimony transcripts shall be treated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" until thirty (30) days after receipt of the final transcript. After that period ends, only Testimony that has been properly designated for protection consistent with the provisions of this Section 5.2(b) shall be covered by the provisions of this Order. Should a pending motion or procedural requirement necessitate an earlier date, the parties shall meet and confer as to a reasonable

EXHIBIT X

1 | date for provision of the confidentiality designation notice.

2        Transcripts containing Protected Material shall have an obvious legend on the title

3 page that the transcript contains Protected Material, and the title page shall be followed by

4 a list of all pages (including line numbers as appropriate) that have been designated as

5 Protected Material and the level of protection being asserted by the Designating Party. For

6 paper copies of transcribed deposition Testimony, pages of transcribed deposition

7 Testimony or exhibits to depositions that reveal Protected Material must be separately

8 bound by the court reporter and may not be disclosed to anyone except as permitted under

9 this Order. The Designating Party shall inform the court reporter of these requirements.

10 Any failure of or refusal by the court reporter to comply with these procedures will not

11 invalidate the "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS'

12 EYES-ONLY" designation.

13        (c)    For information produced in some form other than documentary and for any

14 other tangible items, that the Producing Party affix in a prominent place on the exterior of

15 the container or containers in which the information or item is stored the legend

16 "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY." If

17 only a portion or portions of the information or item warrant protection, the Producing

18 Party, to the extent practicable, shall identify the protected portion(s). When possible, in

19 order to minimize the likelihood of inadvertent disclosure of information protected by this

20 Order transmitted by electronic means, the Producing Party shall make a good faith effort

21 to place the appropriate confidentiality designation in the subject of the electronic mail

22 conveying the Protected Material and on the title of the digital document or media through

23 which it is conveyed, or otherwise notify the Receiving Party of the fact that Protected

24 Material is being conveyed. A failure to place the appropriate confidentiality designation

25 in the subject of the electronic mail conveying the information and on the title of the digital

26 document or media through which it is conveyed, or to otherwise notify the Receiving

27 Party of the fact that information protected by this Order is being conveyed, does not,

28 standing alone, waive the Designating Party's right to secure protection under this Order

for such material. However, a Designating Party cannot seek sanctions against the

EXHIBIT X

Receiving Party if the Receiving Party fails to treat the produced information as "CONFIDENTIAL" until such time as the Designating Party corrects any error or omission as the confidential nature of said information or electronic mail in writing to the Receiving Party, unless the Receiving Party is otherwise on notice that the information is "CONFIDENTIAL" through, for example, a confidentiality stamp on the document.

      5.3   <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. If any Producing Party inadvertently produces or disclosed Protected Material without marking it with an appropriate designation, the Producing Party or a Designating Party shall promptly notify the Receiving Party that the Protected Material should be treated in accordance with the terms of the Stipulated Protective Order, and shall forward appropriately stamped copies of the items in question. Within five (5) days of the receipt of the appropriately stamped copies of the items in question, the Receiving Party shall return or destroy the previously unmarked versions of the items and all copies thereof, and, additionally, must make all other reasonable efforts to assure that the material is treated in accordance with the provisions of this Order. The inadvertent disclosure shall not be deemed a waiver of confidentiality.

      If any information was disclosed by a non-Designating Party to any person other than in the manner authorized by this Stipulation and Protective Order prior to notice of the inadvertent failure to designate, the non-Designating Party responsible for the disclosure shall bring all pertinent facts relating to such disclosure of such Protected Materials, to the extent such facts are known or reasonably knowable to the non-Designating Party, to the immediate attention of the Designating Party.

6.   <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

      6.1   <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party

EXHIBIT X

does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

      6.2   <u>Meet and Confer</u>. The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly within 14 days of the date of service of notice. In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

      6.3   <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Parties may agree to seek informal conference with the Court. If the Parties still cannot resolve the challenge or do not have such a conference, the Designating Party must file and serve a motion to retain or challenge confidentiality within 14 days of conferring on the challenged designation or an informal conference with the court, whichever is later. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed in the preceding paragraph. Unless prompt intervention to resolve a dispute over a confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to seek an informal conference with the Court promptly after the Parties have completed the procedure set forth above. The procedures set out in this provision shall be procedural

EXHIBIT X

only, and shall not affect the burden on challenging or maintaining a designation as established under applicable law.

6.4    <u>Frivolous challenges</u>. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties), may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1    <u>Basic Principles</u>. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this Action or the consolidated action captioned <u>In re Uber Rideshare Cases</u>, Case No. CJC-21-005188, so long as such use is permitted herein. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    The Receiving Party's Outside Counsel of Record in this Action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

(b)    The officers, directors, and employees, including current and former employees, as well as In-House Counsel, of the Receiving Party to whom disclosure is

reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (c)    Experts (as defined in this Order) or insurers of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (d)    The court and its personnel, and any appellate court in this litigation;

      (e)    Court reporters, stenographers, or videographers and their staff and Professional Vendors to whom disclosure is reasonably necessary for this litigation.

      (f)    Professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

      (g)    During their depositions, potential or actual witnesses in the Action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. If a potential or actual witness refuses to sign Exhibit A, the witness shall be permitted to see Protected Material, but will not be permitted to retain such material. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

      (h)    The author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information, or any current employee of the Designating Party.

      (i)    Special masters or discovery referees appointed by the Court.

      (j)    Mediators or settlement officers, and their supporting personnel, mutually agreed upon by the Parties engaged in settlement discussion.

      (k)    Any other person as to whom the Designating Party has consented to disclosure in advance.

    7.3    <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" Information or Items</u>. Unless otherwise ordered by the court or permitted in

United States District Court
Northern District of California

1  writing by the Designating Party, a Receiving Party may disclose any information or item
2  designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY" to:

3    (a)    The Receiving Party's Outside Counsel of Record in this Action, as well as
4  employees of said Outside Counsel of Record to whom it is reasonably necessary to
5  disclose the information for this litigation.

6    (b)    Designated In-House Counsel of the Receiving Party who has signed the
7  "Acknowledgment and Agreement to Be Bound" (Exhibit A);

8    (c)    Experts of the Receiving Party who have signed the "Acknowledgment and
9  Agreement to Be Bound" (Exhibit A);

10    (d)    The Court and its personnel, and any appellate court in this litigation.

11    (e)    Court reporters and their staff, professional jury or trial consultants, mock
12  jurors, and Professional Vendors to whom disclosure to whom disclosure is reasonably
13  necessary for this litigation and who have signed the "Acknowledgment and Agreement to
14  be Bound." (Exhibit A);

15    (f)    The author or recipient of a document containing the information or a
16  custodian or other person who otherwise possessed or knew the information; and

17    (g)    Special masters, mediators, or other third parties retained by the parties for
18  settlement purposes or resolution of discovery disputes or mediation;

19    (h)    During their depositions, potential or actual witnesses in the Action to whom
20  disclosure is reasonably necessary and who have signed the "Acknowledgment and
21  Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or
22  ordered by the Court. If a potential or actual witness refuses to sign Exhibit A, the witness
23  shall be permitted to see Protected Material, but will not be permitted to retain such
24  material. Pages of transcribed deposition testimony or exhibits to depositions that reveal
25  Protected Material must be separately bound by the court reporter and may not be
   disclosed to anyone except as permitted under this Order.

26  8.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN
27  OTHER LITIGATION

28    If a Party is served with a subpoena or a court order issued in other litigation that

1   compels disclosure of any information or items designated in this Action as
2   "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY,"
3   that Party must:

4       (a)     Promptly notify in writing the Designating Party. Such notification shall
5   include a copy of the subpoena or court order;

6       (b)     Promptly notify in writing the party who caused the subpoena or order to
7   issue in the other litigation that some or all of the material covered by the subpoena or
8   order is subject to this Protective Order. Such notification shall include a copy of this
9   Stipulated Protective Order; and

10      (c)     Cooperate with respect to all reasonable procedures sought to be pursued by
11  the Designating Party whose Protected Material may be affected.

12      If the Designating Party timely seeks a protective order, the Party served with the
13  subpoena or court order shall not produce any information designated in this Action as
14  "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES-ONLY"
15  before a determination by the court from which the subpoena or order issued, unless the
16  Party has obtained the Designating Party's permission. The Designating Party shall bear
17  the burden and expense of seeking protection in that court of its Protected Material– and
18  nothing in these provisions should be construed as authorizing or encouraging a Receiving
    Party in this Action to disobey a lawful directive from another court.

19  9.      A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN
20  THIS LITIGATION

21      (a)     The terms of this Order are applicable to information produced by a Non-
22  Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
23  CONFIDENTIAL – ATTORNEYS' EYES-ONLY." Such information produced by Non-
24  Parties in connection with this litigation is protected by the remedies and relief provided by
25  this Order. Nothing in these provisions should be construed as prohibiting a Non-Party
26  from seeking additional protections.

27      (b)     In the event that a Party is required, by a valid discovery request, to produce
28  a Non-Party's Protected Material in its possession, and the Party is subject to an agreement

EXHIBIT X

with the Non-Party not to produce the Non-Party's Protected Material, then the Party shall:

(1)    Promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)    Promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)    Make the information requested available for inspection by the Non-Party.

(c)    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's Protected Material responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use reasonable efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

11.1.    Pursuant to Federal Rule of Evidence 502(d), if a Producing Party inadvertently discloses information (including both paper documents and electronically

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

stored information) subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege protecting information from discovery, such disclosure shall not constitute a waiver or forfeiture of any privilege or other protection in this or any other action, provided that the Producing Party notifies the Receiving Party of the inadvertent production, in writing, within a reasonable amount of time of the discovery of the inadvertent production; however, if the discovery is made after the final Pretrial Conference is held, the Producing Party may seek protection for the privileges and doctrines contained in the paragraph for produced information only by further order of the Court.

11.2    When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).

11.3    This stipulated Order set forth in this section and its subparts does not constitute a concession by any Party that any documents are subject to protection by the attorney-client privilege, the work-product, joint defense or other similar doctrine, or by another legal privilege. This agreement also is not intended to waive or limit in any way any Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

12.    <u>MISCELLANEOUS</u>

12.1    <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2    <u>Right to Assert Other Objections</u>. By stipulating to the entry of this Protective Order, no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3    <u>Right to Additional Protection</u>. Nothing in this Order shall be construed to preclude either Party from asserting in good faith that certain Protected Material requires

EXHIBIT X

United States District Court
Northern District of California

1
2
3
4

additional protection. The Parties shall meet and confer to agree upon the terms of such additional protection. If the parties cannot reach an agreement after meeting and conferring, the Designating Party shall seek an order from the Court as to any additional protections it seeks within 14 days of the parties' meet and confer.

5
6
7
8
9
10
11
12

12.4    This Order shall be binding upon the Parties to this action, upon their attorneys, and upon the Parties' and their attorneys' successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, and other persons or organizations over which they have control. The Parties, their attorneys and employees of such attorneys, and their expert witnesses, consultants and representatives retained in connection with this Action each expressly stipulates to the personal jurisdiction of this Court for the purpose of any proceeding brought by a Party to this Action to enforce this Stipulation and Protective Order.

13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

12.5    Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this Action, or any other action, any Protected Material. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 79-5 is denied by the court, then the Receiving Party may file the information in the public record pursuant to Civil Local Rule 79-5 unless otherwise instructed by the court. While a motion to seal is pending before the Court, no Party shall make use in open court, in public, or in any way inconsistent with the protection in this order of any Disclosure or Discovery Material that is subject to that motion to seal without the consent of the Designating Party or the permission of the Court.

28

18

EXHIBIT X

13.    <u>FINAL DISPOSITION</u>

Within 90 days after the final disposition of this Action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all reasonably accessible copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 90 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, Expert reports and work product, attorney work product, and consultant work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute as Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

**IT IS SO ORDERED.**

Dated: December 28, 2023

_____
CHARLES R. BREYER
United States District Judge

EXHIBIT X

```
 1                    UNITED STATES DISTRICT COURT

 2                   NORTHERN DISTRICT OF CALIFORNIA

 3                      SAN FRANCISCO DIVISION
                                       )
 4                                     )   23-MD-03084 CRB
                                       )
 5    IN RE: UBER TECHNOLOGIES, INC.,  )   SAN FRANCISCO, CALIFORNIA
      PASSENGER SEXUAL ASSAULT         )
 6    LITIGATION.                      )   AUGUST 12, 2025
                                       )
 7    _____   )   PAGES 1 - 17

 8
                     TRANSCRIPT OF REMOTE PROCEEDINGS
 9               BEFORE THE HONORABLE LISA J. CISNEROS
                    UNITED STATES MAGISTRATE JUDGE
10
      A P P E A R A N C E S:
11
      FOR THE PLAINTIFFS:      JOHNSON LAW GROUP
12                             BY: BRET D. STANLEY
                               2925 RICHMOND AVENUE, SUITE 1700
13                             HOUSTON, TEXAS 77098

14                             CHAFFIN LUHANA
                               BY: STEVEN COHN
15                             615 IRON CITY DRIVE
                               PITTSBURGH, PENNSYLVANIA 15205
16

17    FOR THE DEFENDANTS:      SHOOK, HARDY & BACON
                               BY: VERONICA GROMADA
18                             JPMORGAN CHASE TOWER
                               600 TRAVIS STREET, SUITE 3400
19                             HOUSTON, TEXAS 77002

20                             KIRKLAND & ELLIS
                               BY: CHRISTOPHER COX
21                             601 LEXINGTON AVENUE
                               NEW YORK, NEW YORK 10022

22

23    OFFICIAL COURT REPORTER:
                               IRENE L. RODRIGUEZ, CSR, RMR, CRR
24                             CERTIFICATE NUMBER 8074

25          PROCEEDINGS RECORDED BY MECHANICAL STENOGRAPHY
                  TRANSCRIPT PRODUCED WITH COMPUTER
```

13

11:55AM 1   PERMISSION TO REQUEST THESE DOCUMENTS VERBALLY ALWAYS END IN A

11:55AM 2   NO, SO THAT'S PROBABLY GOING TO RESULT IN US COMING BACK TO YOU

11:55AM 3   OVER AND OVER IN SPECIFIC CASES OR AT LEAST IN SOME WAY TO

11:55AM 4   UNDERSTAND HOW WE CAN IDENTIFY DOCUMENTS TO ASSIST IN

11:55AM 5   PRODUCTION FROM THIS LITIGATION.

11:55AM 6       AND SO I'M ALSO WORRIED THAT IN THE NEXT TEN CASES THAT I

11:55AM 7   FILE AGAINST UBER, THAT FOR VARIOUS REASONS OF HARM TO

11:55AM 8   INDIVIDUALS, THAT I'M GOING TO NEED TO JAM YOUR DOCKET UP, COME

11:55AM 9   BACK AND REQUEST USE FROM THIS WHEN UBER DOES NOT PERMIT ME TO

11:55AM 10  REQUEST DOCUMENTS IN THIS MANNER.  SO THAT'S ALSO A CONCERN

11:55AM 11  THAT I HAVE, AND ESPECIALLY WHEN IDENTIFYING THE DOCUMENTS WAS

11:55AM 12  HELPFUL TO THE PROCESS INSIDE OF THE MDL, DOCUMENTS THAT I HAD

11:56AM 13  KNOWLEDGE OF BEFORE THE MDL WHEN I DID IT THE SAME WAY THAT

11:56AM 14  THIS IS GOING TO BE SOMETHING THAT IS GOING TO BE RECURRING.

11:56AM 15  AND SO WHEN WE HAVE TO GO FORWARD ON WHAT WE SHOULD DO, THAT'S

11:56AM 16  SOMETHING THAT I JUST WANT YOU TO BE AWARE OF.

11:56AM 17          THE COURT:  I MEAN, MAYBE YOU SHOULD BE ADJUSTING

11:56AM 18  YOUR EXPECTATIONS ABOUT WHAT YOU CAN DO WITH INFORMATION THAT

11:56AM 19  YOU HAVE LEARNED IN THE MDL.

11:56AM 20      THE FACT OF THE MATTER IS THAT THIS DISCOVERY PROCESS

11:56AM 21  INVOLVED UBER DISCLOSING AN IMMENSE AMOUNT OF INFORMATION IN

11:56AM 22  RESPONSE TO PLAINTIFFS' FAR REACHING DISCOVERY REQUESTS AND A

11:56AM 23  LOT OF INFORMATION THAT WAS CONFIDENTIAL OR PROPRIETARY OR

11:56AM 24  SENSITIVE TO THE COMPANY HAD COME INTO PLAY AS PART OF THE

11:56AM 25  DISCOVERY PROCESS, AND THE PURPOSE OF THE PROTECTIVE ORDER WAS

UNITED STATES STAFF CERTIFIED REPORTER

EXHIBIT X

14

11:57AM 1    TO GIVE THEM SOME CONFIDENCE AND ASSURANCE THAT THIS

11:57AM 2    INFORMATION WOULD NOT GET RELEASED FOR PURPOSES OTHER THAN --

11:57AM 3    OR USED FOR PURPOSES OTHER THAN ADVANCING THIS MDL.

11:57AM 4        DISCOVERY IN THIS MDL IS FOR THIS MDL, AND TO THE EXTENT

11:57AM 5    THAT IT CROSSES OVER IN WAYS THAT THE COURT HAS SANCTIONED FOR

11:57AM 6    THE JCCP, THERE'S THAT, BUT THERE IS A LARGER UNIVERSE OF

11:57AM 7    LITIGATION AGAINST UBER I'M SURE FOR ALL DIFFERENT TYPES OF

11:57AM 8    CASES, BUT THAT IS NOT WHAT THE PURPOSE OF THE PROTECTIVE ORDER

11:57AM 9    HERE WAS.  IT WAS TO DEAL WITH DISCOVERY IN THIS CASE AND TO

11:57AM 10   SIMPLIFY THE PROCESS AND GIVE ASSURANCES TO PARTIES INVOLVED

11:57AM 11   THAT THEIR INFORMATION, THEIR CONFIDENTIAL INFORMATION OR

11:58AM 12   HIGHLY CONFIDENTIAL INFORMATION WOULD BE USED FOR OTHER

11:58AM 13   PURPOSES.

11:58AM 14       ATTORNEYS BECOME EXPERTS IN INDUSTRIES AND ON CERTAIN

11:58AM 15   COMPANIES AND THERE'S A GENERAL KNOWLEDGE THAT DEVELOPS, BUT

11:58AM 16   WHEN YOU SEE A REPRODUCTION LIKE WHAT MS. GROMADA LAID OUT, IT

11:58AM 17   SEEMS PRETTY STRAIGHTFORWARD THAT A DISCLOSURE OCCURRED.

11:58AM 18       SO THAT -- LET'S MOVE ON TO THE -- WHERE DO WE GO FROM

11:58AM 19   HERE AND WHAT IS THE ORDER?

11:58AM 20       IT DOESN'T SEEM -- TO ME IT SEEMS PRETTY STRAIGHTFORWARD

11:58AM 21   AS FAR AS WHAT UBER IS ASKING AS FAR AS YOU IDENTIFYING TO WHOM

11:58AM 22   YOU HAVE GIVEN THIS INFORMATION.  I THINK ONE ASPECT THAT I WAS

11:58AM 23   A LITTLE UNCLEAR ABOUT, THOUGH, WAS WHAT EXACTLY IS THE

11:59AM 24   DEFINITION OF A CONFIDENTIAL AND THEN THERE'S -- YOU HAD

11:59AM 25   ANOTHER SPREADSHEET THAT CONTAINED 326 POLICY RELATED

STATE COURT REPORTER
EXHIBIT X

# EXHIBIT Y

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **SHAWNA SCYOC** | § | |
| *Plaintiff* | § | |
| | § | |
| **vs.** | § | |
| | § | **Case No. 3:25-CV-01012** |
| **UBER TECHNOLOGIES, INC.,** | § | |
| **RASIER, LLC, AND RASIER-CA,** | § | |
| **LLC** | § | |
| *Defendants* | § | |

## RESPONSE TO MOTION TO PROHIBIT PARTICIPATION
## OF COUNSEL BRET STANLEY

**TO THE HONORABLE JUDGE OF SAID COURT:**

**NOW COMES** Plaintiff, Shawna Scyoc, "Plaintiff" herein, and files this Response to

Defendants Uber Technologies, Inc., Rasier, LLC. and Rasier-CA, LLC.'s ("Uber") Motion to

Prohibit Participation of Counsel Bret Stanley (Rec. Doc. 18) in this matter, Plaintiff, Shawna

Scyoc, hereby files this Response to Defendants' Motion to Prohibit Participation of Counsel Bret

Stanley. Defendants' Motion to Prohibit Participation of Counsel was filed in dereliction of the

Local Rules and is not supported under the law.

### I.   Procedural History

On September 5, 2025, this Court provided notice to Counsel Bret Stanley that he "shall

file a Motion to Appear *Pro Hac Vice*, a Certificate of Good Standing signed by the Clerk of a

United States District Court or a U. S. appellate court where admitted" no later than September 26,

2025. *See* Sept. 5, 2025 Docket Entry. Thereafter, Counsel Bret Stanley sought full admission to

the Middle District of Tennessee in lieu of seeking admission by *Pro Hac Vice.* On September 26,

2025, Counsel Bret Stanley was sworn in and fully admitted to the Middle District of Tennessee.

*Page **1** of **6***

*See C*ertificate of Admission dated Sept. 26, 2025 (Ex. A).  Prior to filing their Motion to Prohibit Counsel, Uber failed to confer with Counsel Bret Stanley in violation of Local Rule 7.01. Had Uber conferred as per the Local Rule, Uber would have been aware that Counsel Bret Stanley adhered to the requirements of admission in this district. Instead, Uber filed a spurious Motion that is a complete waste of judicial economy and a needless requirement for this Response from the Plaintiff. Additionally, Uber's Motion is not supported under the law.

III. <strong>ANALYSIS</strong>

Defendants' Motion to Prohibit Participation of Counsel Bret Stanley is immaterial and impertinent. Counsel Bret Stanley was fully admitted to the Middle District of Tennessee on September 26, 2025. *See* Ex. A, Certification of Admission.  Any arguments that Counsel Bret Stanley should be prohibited from participation in this case due to failure to comply with *Pro Hac Vice* requirements are completely spurious, as Bret Stanley was fully admitted to this district timely. Had Uber's Counsel complied with Local Rule 7.01 and conferred with Counsel on this Motion as required, Uber's Counsel would have learned that Bret Stanley is fully admitted to practice in this District and is in good standing to practice in more than ten (10) Federal District Courts around the country, including the Northern District of California where MDL 3084 presides. Uber's Motion has caused the wasteful expenditure of time and money of Counsel and a waste of judicial economy for Middle District of Tennessee.  Counsel Bret Stanley adhered to this Courts notice and was timely admitted to practice in the Middle District of Tennessee.

Additionally, the Defendants' Motion to Prohibit Participation of Counsel contains conclusory arguments regarding Counsel Bret Stanley's violation of the Protective Order in *In re: Uber Technologies Inc., Passenger Sexual Assault Litigation* (MDL No. 3084) and seeks to scandalize Bret Stanley. While the MDL Court found a technical breach of the protective order by

*Page 2 of 6*

Bret Stanley in *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation* (MDL No. 3084), no sanction has been imposed by that court. Bret Stanley's actions that resulted in the technical breach of MDL 3084's Protective Order were subjectively reasonable and not performed in bad faith. Any remedial or disciplinary measures appropriate for conduct related to MDL 3084 should be imposed by that court after reviewing the circumstances. Uber now asks this Court to do indirectly what the MDL court has not done—impose a penalty flowing from conduct in a separate case before a different tribunal. Counsel Bret Stanley has at all times complied with the rules and orders of this Court and will continue to do so throughout these proceedings. To prohibit his participation in this matter before any alleged or actual violative conduct has occurred here would be punitive, not protective.

Disqualification is among the most severe sanctions available to a court and is justified only where an attorney's conduct directly threatens the fairness or integrity of the proceedings before *this* Court. *In re Valley–Vulcan Mold Co.,* 237 B.R. 322, 337 (6th Cir. 1999) (internal citations omitted). "Motions to disqualify are viewed with disfavor and disqualification is considered a drastic measure which courts should hesitate to impose except when absolutely necessary." *In re Valley–Vulcan Mold Co.,* 237 B.R. 322, 337 (6th Cir. 1999) (internal citations omitted).

Because there has been no misconduct before this Court, and no showing that Mr. Stanley's participation would prejudice Uber or compromise the fairness of these proceedings, the requested disqualification would amount to an unwarranted and punitive sanction inconsistent with due process and fundamental fairness. Counsel in this matter are clearly using their Motion to Prohibit Participation of Counsel in a scandalous manner to sully Counsel Bret Stanley's reputation.

Finally, even had Uber met and conferred with Counsel concerning Uber's Motion to

*Page 3 of 6*

Prohibit Participation of Counsel Bret Stanley, Uber cites to zero legal authority or precedent to substantiate its Motion. To prevail on a motion to disqualify, the movant bears "the burden of proving that opposing counsel should be disqualified." *McKinney v. McMeans,* 147 F. Supp. 2d 898, 900 (W.D. Tenn. 2001) (*citing Bartech Indus. v. Int'l Baking Co.*, 910 F. Supp. 388, 392 (E.D. Tenn. 1996)).

## V. CONCLUSION

Plaintiff requests that the Motion to Disqualify be denied, and for such other and further relief that may be awarded at law or in equity.

Respectfully submitted,

JOHNSON LAW GROUP

By:  /s/ *Bret Stanley*
Bret Stanley
Texas Bar No. 24075116
(Attorney Admission in Middle District of Tennesse to be filed)
2925 Richmond Ave., Suite 1700
Houston, Texas 77098
Telephone: (713) 626-9336
Toll Free: (800) 624-8899
Facsimile: (800) 731-6018
Service: bstanley@johnsonlawgroup.com

Russell W. Lewis, IV
Tennessee Bar No. 024570
1019 16th Ave South
Nashville, TN 37212
Telephone: 615-200-1122
Facsimile: (800) 731-6018
Service: Rlewis@johnsonlawgroup.com

*Attorneys for the Plaintiff*

*Page 4 of 6*

<u>**CERTIFICATE OF SERVICE**</u>

I certify that on November 7, 2025, a true and correct copy of Plaintiff's Response to Uber's Motion to Prohibit Participation of Counsel Bret Stanley was served on all attorneys of records through the Court's Electronic Filing System.

**Katherine E. May (AZ #032335)\***
**Karl J. Worsham (AZ #035713)\***
**Jordan M. Buckwald (AZ #036610)\***
**2525 E. Camelback Road, Suite 500**
**Phoenix, Arizona 85016-4227**
***\*Admitted pro hac vice***
**Y. Larry Cheng (BPR #036707)**
**1320 Adams Street, Suite 1400**
**Nashville, Tennessee 37208**
***Attorneys for Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC***

By: /s/ *Bret Stanley*
Bret Stanley

*Page **5** of **6***

# EXHIBIT Z

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| SHAWNA SCYOC, | ) | |
| | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:25-cv-01012 |
| | ) | |
| UBER TECHNOLOGIES, INC., | ) | |
| RASIER, LLC, and | ) | |
| RASIER-CA, LLC, | ) | |
| | ) | |
|     Defendants. | ) | |

### <u>ORDER</u>

To the extent that Defendant's Motion to Prohibit Participation of Counsel Bret Stanley (Doc. No. 18) seeks to disqualify him as Plaintiff's counsel, the motion is **DENIED WITHOUT PREJUDICE** because it fails to cite or analyze the legal standard to disqualify counsel.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE

EXHIBIT Z