Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

Gregory F. Miller, WSBA No. 56466 (*pro hac vice*)
GMiller@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION , <br><br> v. <br><br> This Document Relates to: <br><br> All Cases | Case No. 3:23-md-03084-CRB <br><br> LCR 3-12(B) NOTICE REGARDING ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED <br><br> Judge:    Charles R. Breyer |

1    TO THE CLERK OF THE COURT AND COUNSEL FOR ALL PARTIES, PLEASE

2    TAKE NOTICE THAT:

3    On November 18, 2025, Defendants filed an Administrative Motion to Consider Whether

4    Cases Should be Related in *Doe v. Uber*, Case No. 3:19-cv-03310-JSC ("Motion").

5    That Motion requests that *Doe v. Uber*, Case No. 3:19-cv-03310-JSC be related to this

6    action, *In re: Uber Techns., Inc., Passenger Sexual Assault Litig.,* Case No. 3:23-md-03084-CRB.

7    Attached hereto as Exhibit A is a true and correct copy of that Motion.

8

9

10   Dated:  November 18, 2025                    **PERKINS COIE LLP**

11

12                                      By: *Julie L. Hussey*
                                           Julie L. Hussey, Bar No. 237711
13                                         JHussey@perkinscoie.com
                                           PERKINS COIE LLP
14                                         11452 El Camino Real, Ste 300
                                           San Diego, California 92130-2080
15                                         Telephone: +1.858.720.5700
                                           Facsimile:  +1.858.720.5799
16
                                           Gregory F. Miller, WSBA No. 56466 (*pro
17                                         hac vice*)
                                           GMiller@perkinscoie.com
18                                         PERKINS COIE LLP
                                           1301 Second Avenue, Suite 4200
19                                         Seattle, Washington 98101-3804
                                           Telephone: +1.206.359.8000
20                                         Facsimile:  +1.206.359.9000

21                                         *Attorneys for Defendants Uber Technologies,*
                                           *Inc., Raiser, LLC, and Raiser CA, LLC*
22

23

24

25

26

27

28

3:23-md-03084-CRB
NOTICE REGARDING ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD BE RELATED

# Exhibit A

1  Julie L. Hussey, Bar No. 237711
   JHussey@perkinscoie.com
2  PERKINS COIE LLP
   11452 El Camino Real, Ste 300
3  San Diego, California 92130-2080
   Telephone: +1.858.720.5700
4  Facsimile:  +1.858.720.5799

5  Gregory F. Miller, Bar No. 56466 (*pro hac vice*)
   GMiller@perkinscoie.com
6  PERKINS COIE LLP
   1301 Second Avenue, Suite 4200
7  Seattle, Washington 98101-3804
   Telephone: +1.206.359.8000
8  Facsimile:  +1.206.359.9000

9
   Attorneys for Defendant UBER TECHNOLOGIES, INC.,
10  RASIER, LLC, RASIER CA, LLC

11                 UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                  SAN FRANCISCO DIVISION

14

15  JANE DOE, an individual using a pseudonym,    Case No. 3:19-cv-03310-JSC

16              Plaintiff,                         ADMINISTRATIVE MOTION TO
                                                   CONSIDER WHETHER CASE SHOULD BE
17       v.                                        RELATED TO CASE NO. 3:23-MD-03084-
                                                   CRB
18  UBER TECHNOLOGIES, INC., RASIER,
    LLC, RASIER CA, LLC,
19
                Defendants.
20

21

22

23

24

25

26

27

28

1    **I.    INTRODUCTION**

2        Pursuant to the Northern District of California's Civil Local Rules ("LCR") 3-12(b) and 7-

3    11, Defendants file this motion to request that the above captioned case be related to the multi-

4    district litigation that is captioned, *In re: Uber Technologies, Inc., Passenger Sexual Assault*

5    *Litigation*, Case No. 3:23-md-03084-CRB.

6    **II.    LEGAL STANDARD**

7        "Whenever a party knows or learns that an action, filed in or removed to this district is (or

8    the party believes that the action may be) related to an action which is or was pending in this District

9    as defined in LCR 3-12(a), the party must promptly file in the lowest-numbered case an

10   Administrative Motion to Consider Whether Cases Should be Related, pursuant to LCR 7-11."

11   LCR 3-12(b). "An action is related to another when: (1) The actions concern substantially the same

12   parties, property, transaction or event; and (2) It appears likely that there will be an unduly

13   burdensome duplication of labor and expense or conflicting results if the cases are conducted before

14   different Judges." LCR 3-12(a).

15   **III.    DISCUSSION**

16       Plaintiff originally filed her complaint on June 12, 2019. Dkt. 1. On September 15, 2022,

17   the Court granted Uber's motion for summary judgment. Dkts. 246, 247. Plaintiff promptly

18   appealed. Dkt. 248.

19       Approximately a year later—while Plaintiff's appeal in this case was pending before the

20   Ninth Circuit—the Judicial Panel on Multidistrict Litigation ("JPML") transferred and centralized

21   cases against Uber which "share complex factual questions arising from allegations that Uber failed

22   to implement appropriate safety precautions to protect passengers, and that plaintiffs suffered

23   sexual assault or harassment as a result." *See In re: Uber Techns., Inc., Passenger Sexual Assault*

24   *Litig.*, Case No. 3:23-md-03084-CRB ("Uber MDL") Dkt. 1 at 1. The JPML's Transfer Order

25   identified the following "[c]ommon factual questions": "Uber's knowledge about the prevalence of

26   sexual assault by Uber drivers, and whether Uber failed to conduct adequate background checks of

27   its drivers, train drivers regarding sexual assault and harassment, implement adequate safety

28

3:19-CV-03310-JSC
ADMINISTRATIVE MOTION TO CONSIDER
WHETHER CASES SHOULD BE RELATED

1  measures to protect passengers from sexual assault, and adequately respond to complaints about

2  drivers." *Id.* at 1–2. The Transfer Order later reiterated that common issues included "Uber's

3  knowledge of the prevalence of sexual assault, representations regarding safety, and policies and

4  practices for handling complaints about drivers." *Id.* at 2.

5       On February 15, 2024—while this action was still on appeal before the Ninth Circuit—the

6  Plaintiffs in the Uber MDL filed a master long form complaint. Uber MDL Dkt. 269. Under the

7  "Parties" heading, the master long-form complaint identified "Plaintiffs" as "individuals who

8  suffered personal injuries as a result of their use of Uber's product and Services." *Id.* ¶ 36.

9       Approximately six months later, the Ninth Circuit affirmed in part, reversed in part, and

10  remanded this Court's grant of summary judgment in favor of Uber. Dkt. 255.[1] Uber petitioned for

11  certiorari, and that petition was denied only on October 6, 2025. *See* Dkt. 261 at 2:15–16.

12       In light of the above, this case and the Uber MDL are related cases under LCR 3-12(a).[2]

13       ***First***, the parties in the two cases are substantially similar. The Defendants are identical.

14  And the Plaintiff in this action meets the definition of a plaintiff in the MDL: she alleges she

15  "suffered personal injuries as a result of their use of Uber's product and Services." *See* Uber MDL

16  Dkt. 269 ¶ 36. Specifically, Doe alleges that she "has sustained and will sustain physical pain,

17  mental suffering, loss of enjoyment of life, anxiety, humiliation, and emotional distress" due to

18  Uber's alleged negligence in operating its product and services. *See* Dkt. 30 ¶ 106.

19       ***Second***, the allegations in the two cases are very similar. In fact, nearly every "[c]ommon

20  factual question[]" identified in the JPML's Transfer Order is present in this action, including:

---

[1] The Ninth Circuit issued an amended opinion approximately five months later. Dkt. 257.

[2] The local rules require the moving party to "promptly file" a motion to relate separate cases. *See* LCR 3-12(b). Under these circumstances, Uber has done so. "Jurisdiction over the case passe[d] to the appellate court" nearly one year before the JPML transferred the MDL to this Court, and it would have been improper to file this motion before the Ninth Circuit issued its mandate. *See McClatchy Newspapers v. Cent. Valley Typographical Union No. 46, Int'l Typographical Union*, 686 F.2d 731, 734 (9th Cir. 1982); *cf. Rezner v. Bayerische Hypo-Und Vereinsbank AG*, No. 06-2064, 2009 WL 3458704, at *1 (N.D. Cal. Oct. 23, 2009) (declining to relate a case with an action that was pending on appeal). Uber's motion, filed at the outset of post-remand proceedings, is timely.

-2-

1.    Uber's knowledge about the prevalence of sexual assault by Uber drivers. *See, e.g.*, Dkt. 223 at 2–9 (alleging "Uber knew" riders were being harmed by Uber drivers and non-Uber drivers); Dkt. 30 ¶¶ 45 ("Uber has known for years that criminals and sexual predators take advantage of its weak driver screening process"), 63–67.

2.    Whether Uber failed to conduct adequate background checks of its drivers. *See, e.g.*, Dkt. 30 ¶¶ 15–23, 36, 55, 67 (discussing Uber's background check policies).

3.    Whether Uber failed to train drivers regarding sexual assault and harassment. *See, e.g.*, Dkt. 30 ¶¶ 15–19.

4.    Whether Uber failed to implement adequate safety measures to protect passengers from sexual assault. *See, e.g.*, Dkt. 223 at 5:8–10 ("Uber knew or should have known that riders would view vehicles bearing its trade dress as affiliated with Uber and therefore trustworthy"); *id.* at 5:27–6:1; Dkt. 30 ¶¶ 39–55, 70.

5.    Whether Uber failed to adequately respond to complaints about drivers. *See, e.g.*, Dkt. 223 at 9:23–10:19 (faulting Uber for reactivating driver's account following assault complaint); *id.* at 4:28–5:6, 7:13–8:4; Dkt. 30 ¶¶ 63–67.

6.    Uber's representations regarding safety. *See, e.g.*, Dkt. 223 at 6:2–14 ("Uber's efforts to make riders feel safe getting into strangers' cars have been successful."); Dkt. 30 ¶¶ 14, 33–38.

The JPML's summary of the common questions is reflected in the MDL master complaint. Unsurprisingly, then, there is substantial overlap between the claims and allegations in the MDL complaint and Plaintiff's complaint. *Compare, e.g.*, Uber MDL Dkt. 269 ¶ 191 ("Uber intends the Uber decal and other matching features to reassure the prospective passenger: 'This is not just a random stranger's car. It is an UberX and it is safe to get in.'"), *and id.* ¶ 365.f ("Uber endorsed or recommended drivers to passengers without adequate basis for doing so."), *with* Dkt. 33 ¶ 24 ("Uber intends the Uber decal to reassure the prospective passenger: 'This is not just a random stranger's car. It is an Uber X and it is safe to get in.'"), *and id.* ¶ 96.c ("[Uber] [n]egligently created the appearance that it was recommending and endorsing the Assailant."). Indeed, Plaintiff tacitly

-3-

admits that there are significant common issues of fact between this action and the Uber MDL by requesting that depositions taken in the Uber MDL be admitted into evidence here. *See* Dkt. 261 at 2:19–23.[3]

Plaintiff's fixation on one factual wrinkle in this case that otherwise substantially overlaps with the MDL is misplaced. *See* Dkt. 261 at 4:11–24. Courts regularly relate cases with overlapping parties and claims, even in the face of some factual differences. *See, e.g.*, *JaM Cellars, Inc. v. Wine Grp. LLC*, No. 19-1878, 2020 WL 2322992, at *1 (N.D. Cal. May 11, 2020). Likewise, when it comes to MDLs, "Section 1407 does not require a complete identity of factual issues or parties as a prerequisite to transfer, and the presence of additional facts is not significant when the actions arise from a common factual core." *In re 100% Grated Parmesan Cheese Mktg. & Sales Pracs. Litig.*, 201 F. Supp. 3d 1375 (J.P.M.L. 2016); *see also In re Apple Inc. Smartphone Antitrust Litig.*, 737 F. Supp. 3d 1361, 1363 (J.P.M.L. 2024) (rejecting argument by plaintiff in potential tag-along action that the presence of separate facts and issues undermined transfer to the MDL when the cases were still "based on the same premise").

**Third**, relating the cases will result in significant efficiencies for the judiciary and the parties. As Plaintiff has acknowledged,[4] this action and the MDL share many of the same experts and witnesses, making these cases appropriate for relation. *See In re: Natrol, Inc. Glucosamine/Chondroitin Mktg. & Sales Pracs. Litig.*, 26 F. Supp. 3d 1392, 1393 (J.P.M.L. 2014)

---

[3] Plaintiff's original portion of the Joint Case Management Conference Statement was even more expansive, seeking to reopen discovery so Plaintiff could "subpoena[] certain depositions and documents that were taken and produced subject to a protective order in MDL No. 3084." *See* Declaration of Gregory F. Miller In Support of Defendants' Administrative Motion to Consider Whether Cases Should be Related ("Miller Decl.") ¶ 3(a). After being provided with Uber's position of the Joint Statement, Plaintiff pared back its position on reopening discovery. *See* Dkt. 261 at 2:18–25. Uber did not revise its position further because Plaintiff's revisions were made after working hours. Miller Decl. ¶ 5.

[4] Before modifying it in response to Uber's draft position, Plaintiff's original portion of the Joint Case Management Conference Statement also sought to justify further discovery in this action in part by arguing that "[s]ome of Uber's corporate witnesses whom Plaintiff's counsel deposed in the instant action have been deposed again in the MDL. Also, Uber has also disclosed in the MDL some of the same experts whom it disclosed in the instant action." *See* Miller Decl. ¶ 3(b).

(favoring MDL centralization where "extensive common expert discovery and one or more *Daubert*

hearings will likely be required"); *In re Glucagon-Like Peptide-1 Receptor Agonists Prods. Liab.

Litig.*, 717 F. Supp. 3d 1370, 1373 (J.P.M.L. 2024) (same). The overlap in witnesses and experts is

especially pertinent because there are currently pending motions to exclude experts in the MDL

that have applicability here, so consolidation would both promote efficiency and ensure

consistency. *See* Dkt. 261 at 6:1–7.

Likewise, lead counsel for both parties overlaps. *See Rothschild v. Pac. Cos.*, No. 23-1721,

2024 WL 2112898, at *2–3 (N.D. Cal. Apr. 26, 2024) (relating cases with shared counsel). Uber

plans to have Ms. Allison Meghan Brown of Kirkland & Ellis LLP—lead counsel for Uber in the

Uber MDL and its California state equivalent—serve as lead trial counsel in this case. And Sara

Peters, who is a member of the Plaintiffs' steering committee in the Uber MDL, is lead Plaintiff's

counsel in this action. In fact, Plaintiff previously acknowledged that the cases are related when it

argued that Ms. Peters' "familiar[ity] with the scope of discovery" in the Federal MDL justified

exchanging greater discovery between this case and the Uber MDL.[5]

## IV.   CONCLUSION

For the above reasons, Defendants respectfully request that the Court determine that the

above action is related to *In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, Case

No. 3:23-md-03084-CRB and consolidate the above action with *In re: Uber Technologies, Inc.,*

*Passenger Sexual Assault Litigation*, Case No. 3:23-md-03084-CRB.

---

[5] Plaintiff's original statement in the Joint Case Management Conference Statement sought to justify the reopening of discovery in part by noting that "Plaintiff's attorney Sara Peters is a member of the Plaintiff's steering committee in the Uber Passenger Sexual Assault MDL, and is familiar with the scope of discovery there." *See* Miller Decl. ¶ 3(c).

-5-

1 | Dated: November 18, 2025

**PERKINS COIE LLP**

By: *Julie L. Hussey*
Julie L. Hussey, Bar No. 237711
JHussey@perkinscoie.com
PERKINS COIE LLP
11452 El Camino Real, Ste 300
San Diego, California 92130-2080
Telephone: +1.858.720.5700
Facsimile:  +1.858.720.5799

Gregory F. Miller, WSBA No. 56466 (*pro hac vice*)
GMiller@perkinscoie.com
PERKINS COIE LLP
1301 Second Avenue, Suite 4200
Seattle, Washington 98101-3804
Telephone: +1.206.359.8000
Facsimile:  +1.206.359.9000

*Attorneys for Defendants Uber Technologies, Inc., Raiser, LLC, and Raiser CA, LLC*