UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | MDL No. 3084 CRB<br><br>~~[PROPOSED]~~ AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS IN EXHIBIT A1 WHO HAVE SUBMITTED NON-BONA FIDE RIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE<br><br>Judge:     Honorable Charles R. Breyer |

### ~~[PROPOSED]~~ AMENDED ORDER

Having considered Uber's Motion for Entry of an Order to Show Cause Why 7 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed with Prejudice, the Court hereby GRANTS the motion.

The Court's Pretrial Order No. 5 required Plaintiffs to provide "a bona fide ride receipt from an Uber trip connected to the alleged incident[.]" ECF 175, ¶ 4.

The 7 Plaintiffs listed in Exhibit A1 of the Motion have submitted non-bona fide receipts.

The Ninth Circuit has recognized that dismissal of claims is warranted under Federal Rule of Civil Procedure 37 where a party "willfully, deliberately, and intentionally submitted false documents to support apparently untenable claims and defenses." *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1472, 1474 (9th Cir. 1984). Courts may also impose sanctions as part of their "inherent power to control their dockets," including their "inherent power to dismiss an action when a party has willfully deceived the court[.]" *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986); *Wyle v. R.J. Reynolds Indus., Inc.*, 709 F.2d 585, 589 (9th Cir. 1983).

Accordingly, the 7 Plaintiffs listed in Exhibit A1 are hereby ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice. The Plaintiffs shall file a written response

1

~~[PROPOSED]~~ AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

no later than December 5, 2025. The response must specifically address the factual and legal basis for the submission of the non-bona fide receipts and why the conduct does not warrant dismissal under the Court's inherent powers.

The Court orders Plaintiffs with MDL IDS 3621, 3962, and 3666 to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here.

**IT IS SO ORDERED.**

Dated: November 19, 2025



[PROPOSED] AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE

# EXHIBIT A1

| MDL ID | Law Firm |
|---|---|
| 3666 | Pulaski Law Firm, PLLC |
| 3699 | Pulaski Law Firm, PLLC |
| 3787 | Pulaski Law Firm, PLLC |
| 3877 | Reich and Binstock, LLP |
| 3921 | Peiffer Wolf Carr Kane Conway & Wise |
| 3962 | Reich and Binstock, LLP |
| 3977 | Reich and Binstock, LLP |

3

[PROPOSED] AMENDED ORDER TO SHOW CAUSE WHY PLAINTIFFS WHO HAVE SUBMITTED NON-BONA FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE