ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:    (816) 559-2393
Facsimile:    (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| This Document Relates to: | Judge:    Honorable Charles R. Breyer |
| *C.O. v. Uber Technologies, Inc., et al.,* 3:25-cv-02551-CRB | |

The Court should deny Peiffer Wolf Carr Kane Conway and Wise, LLP's ("Peiffer Wolf") Motion to Withdraw as Counsel of Record (ECF 4432) for the above referenced Plaintiff.

Peiffer Wolf has acknowledged that Plaintiff C.O. has "failed to provide… sufficient or adequate information to meet her obligations under PTO 31." ECF 4432 at 2. PTO 31, which this Court entered on September 9, 2025, requires Plaintiff to "either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt" within 30 days. ECF 3877. Peiffer Wolf has not disclosed to this Court that Plaintiff's deadline to comply with PTO 31 **has already passed**, or mentioned that PTO 31 specifies that failure to comply with the deadline "shall subject the Plaintiff to dismissal without prejudice." *Id*. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it for eight months despite what it now says was Plaintiff's "fail[ure] to properly communicate with our office," ECF 4432-1 ¶ 5, Peiffer Wolf now seeks to abandon Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline, much less explaining how it knows its client will be able to proceed *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both Plaintiff C.O. and to Uber. *See Eslick v. Intuitive Surgical, Inc.,* No. at *2 (N.D. Cal. April 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759.

1  Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons
2  why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm
3  withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will
4  delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No.
5  21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Peiffer Wolf's motion to withdraw
6  does not identify these four factors and makes only naked allegations about the alleged lack of
7  prejudice and delay, citing no case law. ECF 4432. Failing to timely raise and substantively address
8  these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and
9  this Court could deny the motion on that basis alone.

10  On the merits, this Court should deny Peiffer Wolf's motion to withdraw because of the
11  prejudice withdrawal would cause Plaintiff C.O. and Uber, the likely delay, and the potential harm to
12  the administration of justice. As set forth above, the deadline for Plaintiff C.O. to respond to PTO 31
13  has already passed, and she is facing case-terminating sanctions. ECF 3877. The critical juncture at
14  which Peiffer Wolf's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff
15  more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D.
16  Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover,
17  Uber would be severely prejudiced by Peiffer Wolf's withdrawal at this juncture, because withdrawal
18  would make it more difficult for Uber and this Court to obtain the evidence Plaintiff C.O. (and Peiffer
19  Wolf, as her counsel) owe them to substantiate their claims that Plaintiff took an Uber ride and suffered
20  an assault. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL
21  1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an
22  injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-
23  LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would
24  pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very
25  least, this Court needs more information from Peiffer Wolf about its communications with Plaintiff
26  C.O. and what it did to investigate her claims so it can determine the extent to which withdrawal would
27  harm the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at
28

*1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation").

Indeed, there is cause for concern here because counsel's declaration in this case suggests that Peiffer Wolf filed both the complaint and the PFS despite lack of contact with Plaintiff. Counsel states that:

> Between July 29, 2024 and November 14, 2025, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included thirteen (13) unsuccessful phone calls with voice messages, three (3) unsuccessful phone calls with no ability to leave voice messages, three (3) unanswered text messages, and nine (9) unanswered e-mails.

ECF 4432-1 ¶ 5b. But despite the lack of communication, Peiffer Wolf still filed Plaintiff C.O.'s complaint during this period, on March 14, 2025. *Id.* ¶ 5e. This begs the question as to how counsel fulfilled its "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). Peiffer Wolf then went on to "submit[] Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information previously provided by Plaintiff," ECF 4432-1 ¶ 5f. Plaintiff's PTO 31 obligations are a direct result of the incomplete information provided in her Ride Information Form, *see* ECF 3877 at 2, apparently by her counsel without her review, ECF 4432-1 ¶ 5. Accordingly, Peiffer Wolf should not be permitted to withdraw as though Plaintiff's inadequate substantiation of her claims has nothing to do with it; the firm appears to have been integrally involved in filing those claims without evidentiary support.

Peiffer Wolf's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff C.O. and Uber.

| | | |
|---|---|---|
| 1 | DATED: November 19, 2025 | Respectfully submitted, |
| 2 | | **SHOOK, HARDY & BACON L.L.P.** |
| 3 | | By: /s/ Christopher V. Cotton |
| 4 | | CHRISTOPHER V. COTTON |
| 5 | | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC., |
| 6 | | RASIER, LLC, and RASIER-CA, LLC |