Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*See Exhibit to Motion* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS**<br><br>Date:        January 16, 2026<br>Time:        10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## NOTICE OF MOTION TO DISMISS

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order (1) dismissing without prejudice the claims of the Plaintiffs listed in Exhibit B to the Declaration of Michael B. Shortnacy and subject to Pretrial Order No. 31 ("PTO 31") for failing to prosecute their cases and comply with that order; (2) dismissing with prejudice the claims of the Plaintiffs listed in Exhibit A to the Declaration of Michael B. Shortnacy and subject to this Court's September 9 and September 22, 2025 show-cause orders for failing to comply with those orders to show cause why their claims should not be dismissed; and (3) ordering such relief as necessary to deter further fraud and widespread disregard of this Court's Orders.

This Motion is made pursuant to PTO 31 (ECF 3877), this Court's September 9 and September 22, 2025, orders to show cause (ECF 3876; ECF 3972), Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: November 21, 2025

1
2

# TABLE OF CONTENTS

3 SUMMARY OF ARGUMENT ................................................................................ 1

4 BACKGROUND ............................................................................................... 4

5 ARGUMENT ................................................................................................... 8

6 I.    THE CLAIMS OF 181 PLAINTIFFS WHO FAILED TO RESPOND TO PTO 31
      SHOULD BE DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(B). ... 8
7
      A.    Four *Malone* Factors Support Dismissal................................................ 9
8
9     B.    The Remaining *Malone* Factor Does Not Weigh in Plaintiffs' Favor Due to Ongoing
            Noncompliance. ................................................................................ 10
10
11 II.   THE CLAIMS OF THE 27 PLAINTIFFS WHO FAILED TO RESPOND (OR
      ADEQUATELY RESPOND) TO THE ORDER TO SHOW CAUSE SHOULD BE
      DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B). ................................ 10
12
13 III.  THE COURT SHOULD ORDER SUCH OTHER RELIEF AS NECESSARY TO
      DELIVER JUSTICE AND SEND THE MESSAGE THAT FRAUD AND DISREGARD
14    OF THE COURT'S ORDERS WILL NOT BE REWARDED......................................... 12

15 CONCLUSION ................................................................................................ 13

16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Amatrone v. Champion*,
No. 15-cv-01356-JST, 2017 WL 4618671 (N.D. Cal. Oct. 16, 2017)......................................9

*Amina v. WMC Mortg. Corp.*,
554 Fed. App'x 555 (9th Cir. 2014) ....................................................................................11

*In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*,
2007 WL 136625 (N.D. Cal. Jan. 12, 2007) .......................................................................10

*Computer Task Group, Inc. v. Brotby*,
364 F.3d 1112 (9th Cir. 2004) ..............................................................................................10

*In re Deepwater Horizon*,
907 F.3d 232 (5th Cir. 2018) ................................................................................................13

*Fair Hous. of Marin v. Combs*,
285 F.3d 899 (9th Cir. 2002) ..................................................................................................9

*GS Holistic, LLC v. TM Smoke Shop, Inc.*,
No. 23-cv-380, 2023 WL 3741621 (C.D. Cal. May 30, 2023)..............................................12

*Hedges v. United States*,
No. 23-cv-03429, 2024 WL 5666537 (N.D. Cal. Mar. 26, 2024) ........................................12

*Malone v. USPS*,
833 F.2d 128 (9th Cir. 1987) ........................................................................................8, 9, 10

*Pagtalunan* v. *Galaza*,
291 F.3d 639 (9th Cir. 2002) ..................................................................................................9

*In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*),
460 F.3d 1217 (9th Cir. 2006) ...........................................................................................9, 10

*In re Silica Prods. Liab. Litig.*,
398 F. Supp. 2d 563 (S.D. Tex. 2005) ..................................................................................13

*Sokolsky v. Meeks*,
789 F. App'x 63 (9th Cir. 2019) ...........................................................................................10

*Soto v. United Airlines Inc.*,
No. 24-cv-03045, 2024 WL 3996068 (N.D. Cal. Aug. 28, 2024) .........................................11

*Thompson* v. *Hous. Auth. of L.A.*,
782 F.2d 829 (9th Cir. 1986) ..................................................................................................9

ii

*United States v. Hayes*,
    763 F. Supp. 3d 1054 (E.D. Cal. 2025)........................................................................11

**Rules**

Fed. R. Civ. P. 16.....................................................................................................................8

Fed. R. Civ. P. 37..................................................................................................................8, 9

Fed. R. Civ. P. 41.............................................................................................................8, 9, 11

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## SUMMARY OF ARGUMENT

Plaintiffs' recent, widescale non-responses to Court orders demonstrate there is significant fraud and Plaintiff non-participation in this MDL. Hundreds of individuals have been signed up for this case through click-bait ads and lead generators. After they click on the ads, they nominally become "Plaintiffs." But many do not participate meaningfully in this litigation, and recently an alarming number of these Plaintiffs have been ignoring Court orders.

On July 30, 2025, Uber moved for a case management order requiring Plaintiffs who had not provided a ride receipt to provide a detailed explanation, under penalty of perjury, why they could not produce one. ECF 3604. Plaintiffs argued that Uber's motion was "disingenuous[]," claiming that there was no link between missing receipts and fraud. ECF 3771 at 1. Over Plaintiffs' protests, the Court entered Uber's proposed case management order for Plaintiffs with missing receipts. ECF 3877.

On September 9, 2025, the Court ordered, in PTO 31: "Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt." *Id.*

Of the 303 Plaintiffs subject to PTO 31's requirements, 181 (approximately 60%) have failed to respond at all, much less by the October 13, 2025 date required under PTO 31:

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28



On September 9 and September 22, 2025, the Court also ordered that 27 Plaintiffs "have submitted non-bona-fide receipts. Some of these receipts show on their faces that they were generated using websites designed for creating receipts, such as Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other glaring errors proving their inauthenticity. Other receipts submitted by these Plaintiffs were altered from actual receipts." ECF 3876; ECF 3972. To address that fraud, the Court ordered these 27 Plaintiffs to "SHOW CAUSE why their claims should not be dismissed with prejudice." *Id.* Of these 27 fraudulent Plaintiffs, 25 (over 90%) entirely failed to respond to the Court's orders. The other two did not claim that their receipts were not fraudulent.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB



Just two days ago, the Court found that an additional "7 Plaintiffs listed in Exhibit A1 of the Motion have submitted non-bona fide receipts," and ruled that they are "ORDERED TO SHOW CAUSE why their claims should not be dismissed with prejudice." ECF 4440. But, as the above graphic shows, over 90 percent of Plaintiffs have not been responding to this Court's show-cause orders.

Plaintiffs' counsel has argued that there is no problem with fraudulent and non-participating Plaintiffs, as long as non-bellwether Plaintiffs can "resurface" one day in order to receive a settlement. ECF 3771 at 4 ("At the end of the day, no case can go to trial nor settle without the involvement of the plaintiff asserting the claim. Uber faces no risk from those cases where the plaintiff never resurfaces."). But there is certainly no Federal Rule permitting a Plaintiff to remain submerged throughout litigation—immune from Court orders—as long as they are designated "non-bellwether." The Federal Rules and this Court's orders apply to all claimants, including any added via internet

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

advertising promising "significant compensation" with "no paperwork." Total Injury Help, *Rideshare Assault – Free Case Evaluation,* https://www.rideshareassaultjustice.com/ (last visited Nov. 19, 2025).

Uber seeks (1) dismissal without prejudice of the cases of 181 Plaintiffs who have failed to comply with PTO 31; and (2) an order dismissing with prejudice the cases of 27 Plaintiffs subject to this Court's September 9 and 22, 2025 orders to show cause (ECF 3876; ECF 3972).

Most importantly, this Court should also grant such other relief as it deems appropriate to deter fraud and disregard of the Court's orders. Nothing is more critical to the integrity of our judicial system than honesty and adherence to the rule of law.

## **BACKGROUND**

The material statistics relating to fraudulent receipts are below:

### Fraudulent Receipts

| | |
|---|---|
| Number of Plaintiffs Who Uber Claimed Provided Fraudulent Receipts | 27 |
| Number of Receipts Plaintiffs' Counsel Claim Are Bona Fide | 0 |
| Number Who Plaintiffs' Counsel Claim to Be Unable to Contact | 11 |
| Number of Plaintiffs Subject to the Court's Show-Cause Orders | 27 |
| Number of Plaintiffs Who Failed to Respond to the Court's Show-Cause Orders | 25 |
| Number of Plaintiffs Who Responded to the Court's Show-Cause Orders But Did Not Dispute Fraud | 2 |
| Number of Fraud Plaintiffs Whose Attorneys Moved to Withdraw | 23[1] |
| Number of Fraud Plaintiffs Whose Attorneys' Motions to Withdraw Were Denied | 17 |

Levin Simes LLP, representing Plaintiffs Jane Doe LS 333 and Jane Doe LS 397, initially stated that those Plaintiffs "assure us their receipts are authentic," ECF 3771 at 2, but did not ultimately file any responses to the Court's order to show cause and instead moved to withdraw, ECF 4146. On November 19, 2025, the Court ruled that these same two Levin Simes Plaintiffs (1) had violated this Court's Orders to produce documents; (2) are required to produce documents relating to their fraud; and (3) and are required to sit for a deposition relating to, among other things,

---

[1] This figure does not include the first counsel withdrawal for Plaintiff Jane Doe 693827, who also filed a separate lawsuit (now dismissed) with different counsel under the pseudonym J.H. Although Peiffer Wolf withdrew as counsel for J.H., it did so before Uber filed its fraud motion. Kherkher Garcia has separately moved to withdraw as counsel for Jane Doe 693827.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

whether others may have been involved in the fraud. ECF 4443 ("Having considered Defendants' Motion to Compel Compliance with Court Orders & to Reset Deadline for Certain Depositions, the Court finds that the Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 have *violated this Court's September 9 and 22, 2025 Orders* (ECF 3876 & 3904) by failing to produce documents by the extended deadline ordered by this Court." (emphasis added)).

The material statistics relating to missing receipts are below:

**Missing Receipts**

| | |
|---|---|
| Number of Plaintiffs with Missing Receipts Subject to PTO 31 For Missing Receipts | 303 |
| Number of PTO 31 Plaintiffs Who Have Since Provided Receipts (Out of 303) | 10 |
| Number of PTO 31 Plaintiffs Subject to PTO 31 Who Failed to Respond | 181 |

Multiple factors are responsible for the significant fraud and Plaintiff non-participation in this docket. First, Plaintiffs' counsel have engaged in aggressive (and highly successful) online click-bait style advertising. The number of Plaintiffs has increased by over 300 just since Uber filed its first fraud Motion on July 30, resulting, in part, from ads like the following "Free Compensation Check!" promise from the Nachawati Firm:

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

Lead generation firms like Blue Sky, meanwhile, boast that they have "help[ed] law firms acquire Uber and Lyft sexual assault plaintiffs at a performance-based cost of $3,600 to $4,800," and "deliver signed retainers at a targeted price range, helping law firms enter or scale into this litigation." *See* Blue Sky Legal, *Uber and Lyft Sexual Assault Litigation: MDL and State Court Landscape*, https://blueskylegal.com/case-types/uber-and-lyft-sexual-assault/ (last accessed Nov. 19, 2025).

<div style="border:1px solid #000; padding:1em;">

## BLUE SKY LEGAL: YOUR STRATEGIC PARTNER IN RIDESHARE ASSAULT LITIGATION

Blue Sky Legal is already helping law firms acquire Uber and Lyft sexual assault plaintiffs at a performance-based cost of **$3,600 to $4,800**, depending on the complexity of the criteria. We deliver signed retainers at a targeted price range, helping law firms enter or scale into this litigation with predictable, high-quality case acquisition.

Whether your strategy is MDL, state court, or both, we can align targeting and screening to your needs. Our campaigns are compliance-ready, high-performing, and built with transparency. For litigation funders and law firms looking to participate in a landmark mass tort, we offer the volume and vetting needed to build value from day one.

**Contact us to learn more:** https://blueskylegal.com/contact-us/

</div>

Once Plaintiffs click on the "Free Compensation Check" (or similar click-bait language in these ads) and their attorneys file a complaint on their behalf, each Plaintiff is required to fill out a Plaintiff Fact Sheet ("PFS"). Plaintiffs must then verify that they have reviewed the PFS and confirmed the answers—which are required to be based on their personal knowledge, information, and belief—are true and correct. Unfortunately, Uber has learned that many Plaintiffs do *not* actually fill out the PFS themselves or even participate meaningfully in the process, let alone review the PFS before submission. Instead, many PFS are systemically "auto-populated" by the law firm without verification prior to upload. And many of the required verifications are not provided at all or are plainly inadequate. *See, e.g.*, ECF 3855 at 4; ECF 4203 (Uber's Amended Motion to Dismiss Cases for Failure to Comply with PTO 10 which was granted by Judge Breyer on November 19, 2025 (ECF 4442)).

Under PTO 5 and PTO 31, Plaintiffs are required to provide a ride receipt or ride information form. Plaintiffs' law firms often auto-populate or mass-populate the reason for not providing ride

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

receipts. Over 50 Plaintiffs represented by Williams Hart[2], over 40 Plaintiffs represented by Levin Simes[3], and over 60 Plaintiffs represented by Nachawati Law Group[4] submitted via MDL Centrality ("MDLC") the exact-same or near-exact-same boilerplate reasons for why they could not provide a receipt within the ride information form. Many of these are not real Plaintiffs who are fulfilling their obligations under the Federal Rules; they are instead individuals who clicked on an advertisement to join the litigation and are now having their responses auto-populated or mass-populated at each stage of the case.

Plaintiffs' counsel have repeatedly attempted to withdraw *after* this Court entered orders relating to fraudulent receipts, citing an inability to communicate with their clients. This Court has repeatedly denied those motions:

- One Plaintiff's firm admitted that one Plaintiff "has not responded to any efforts to reach her made by myself or [counsel's] staff since May 9, 2023" but still "filed in the MDL" "[o]n August 21, 2024." ECF 4103-1 ¶¶ 2, 5e. The Court denied the Motion. ECF 4168.

- Another Plaintiff's firm attempted to withdraw where Plaintiff "has not responded to any phone calls, emails, SMS, or mail delivered to Plaintiff M.J.'s last known address over the last several months." ECF 4258-1 ¶ 2. The Court denied the Motion. ECF 4434.

- A third Plaintiff's firm submitted a show-cause response following this Court's order stating that it "reached out to Plaintiff numerous times from December 31, 2024 to present [October 17, 2025]," ECF 4175-1 ¶ 2, but "[t]o date, Counsel's repeated efforts to contact MDL 2774 have been unsuccessful." ECF 4175 at 2. That counsel filed Plaintiff's case on December 31, 2024. *Id.* at 2.

---

[2] Williams Hart provided the following boilerplate reason (or a near-exact same) within over 50 Plaintiffs' Ride Information Forms via MDLC: "Plaintiff is unable to obtain the receipt for the ride at issue."

[3] Levin Simes provided the following boilerplate reasons (or a near-exact same) within over 40 Plaintiffs' Ride Information Forms via MDLC: (a) "Plaintiff cannot locate the receipt."; or (b) "Plaintiff's counsel is working on getting in contact with Plaintiff to obtain the ride receipt."

[4] Nachawati Law Group provided the following boilerplate reason (or a near-exact same) within over 60 Plaintiffs' Ride Information Forms via MDLC: "Despite a diligent search of Plaintiff's email address that she believes was associated with her Uber account at the time of the subject ride, Plaintiff cannot locate a ride receipt and does not recall whether she ever received a receipt of the ride. Plaintiff has been unable to access her account and locate the receipt despite a diligent effort to do so. Additionally, while Plaintiff believes the below phone number and email address were associated with this ride and account, it is possible that an older or now expired number or email address may have instead been associated with this ride or account, any details of which she does not recall at this time."

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Case No. 3:23-MD-3084-CRB

1    While certain Plaintiffs provided no receipt whatsoever—indeed, this Motion seeks dismissal

2    of 181 such Plaintiffs—other Plaintiffs submitted fraudulent receipts. Plaintiffs incorrectly claim that

3    the fraud problem is limited. In fact, and most concerningly, there may be many more receipts

4    produced by Plaintiffs created using Makereceipt.com (or similar websites) that Uber has not yet been

5    able to identify. For example, Pro or Enterprise level Makereceipt.com memberships permit users to

6    generate receipts without a watermark, *see, e.g.*, ECF 3604 at 3, resulting in fraud that goes

7    undetected.[5]

8    ## ARGUMENT

9    Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a case with prejudice for

10   failure to comply with a court order. Rule 37(b)(2) likewise provides a court with the authority to

11   dismiss an action with prejudice for failure "to obey an order to provide or permit discovery." Fed. R.

12   Civ. P. 37(b)(2)(A)(v); *see also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may

13   issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney

14   . . . fails to obey a scheduling or other pretrial order."). Pursuant to both Rule 41(b) and Rule 37(b)(2),

15   dismissal of Plaintiffs' claims is justified here.

16

17   **I.    THE CLAIMS OF 181 PLAINTIFFS WHO FAILED TO RESPOND TO PTO 31
         SHOULD BE DISMISSED WITHOUT PREJUDICE PURSUANT TO RULE 41(B).**

18

19   Uber moves for dismissal under Rule 41(b) of the claims of 181 Plaintiffs (listed in Ex. B to

20   the Declaration of Michael B. Shortnacy[6]) for their failure to respond to the Court's Pretrial Order 31.[7]

21   [5] To the extent Uber is able to substantiate Plaintiff's ride, it then produces numerous documents
     consistent with this Court's orders, including: (a) the Chronicle Trip map for the Subject Trip;

22   (b) the Background Check Results for *each and every* background check conducted on the driver;
     (c) a complete log of Agreements the Driver accepted with Uber; (d) a complete Account Status Log

23   for the Driver; (e) the Driver "Tax Summary" for *every* year the Driver accepted any rides using the
     Uber Driver App; (f) all Tickets for the Driver; (g) all Communications exchanged between Uber

24   and various third parties related to alleged misconduct and/or crimes by the Driver; and (h) all
     Communications, regarding the incident, between Uber and Plaintiff, Uber and the Driver, or Uber

25   and any other witness to the Incident. *See* ECF 4287 at 46-49.

26   [6] This Declaration is attached hereto as Exhibit 1.

27   [7] "The standards governing dismissal for failure to obey a court order are basically the same under
     either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including dismissal,

28   may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, or fault of the

8

The Court already warned Plaintiffs that failure to comply with this order would lead to dismissal. ECF 3877 ¶ e; *see also* ECF 4443 (contemplating dismissal with prejudice for two Plaintiffs' failure to comply with multiple orders of the Court).

When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987) (quoting *Thompson* v. *Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)). These factors favor dismissal of Plaintiffs' claims.

### A. Four *Malone* Factors Support Dismissal.

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citation omitted). The second factor, the Court's need to manage its docket, also strongly supports dismissal. Adherence to orders like PTO 31 is particularly important in an MDL, where the "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d 1217, 1232 (9th Cir. 2006). Under the third *Malone* factor, Plaintiffs' violation of PTO 31 has prejudiced—and continues to prejudice—Uber. A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Id.* at 1227 (quoting *Adriana Int'l Corp,* 913 F.2d at 1412).

The details of where and when the Uber ride on which Plaintiffs were allegedly assaulted took place are some of the most basic information about Plaintiffs' claims. To defend itself, Uber needs to know at a minimum the basis on which Plaintiffs are seeking relief. *Amatrone v. Champion,* No. 15-cv-01356-JST, 2017 WL 4618671, at *4 (N.D. Cal. Oct. 16, 2017). Without this information, it is

party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin v. Combs*, 285 F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control meets this standard." *Id.* The 200 Plaintiffs at issue willfully violated PTO 31 because they have not demonstrated that it was impossible for them to comply with the order. Dismissal is also appropriate under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

impossible for Uber to prepare for trial. *See Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1116 (9th Cir. 2004). The third *Malone* factor supports dismissal. The final *Malone* factor, the availability of less drastic sanctions, also supports dismissal. Uber is merely asking for the relief the Court previewed in PTO 31—dismissal of Plaintiffs' claims without prejudice. ECF 3877 ¶ e. "It is hard to imagine a less drastic sanction than dismissal without prejudice." *Sokolsky v. Meeks*, 789 F. App'x 63, 64 (9th Cir. 2019) (cleaned up). This statement is particularly true here, because this Court already warned that dismissal without prejudice could follow Plaintiffs' noncompliance with PTO 31.

Plaintiffs have not complied with PTO 31 and the first three and final *Malone* factors weigh in favor of dismissing their claims.

### B.  The Remaining *Malone* Factor Does Not Weigh in Plaintiffs' Favor Due to Ongoing Noncompliance.

The remaining *Malone* factor—the public policy favoring disposition of cases on their merits—does not outweigh the other four factors here. A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d at 1228. These cases cannot be litigated or tried while Plaintiffs refuse to comply with the Court's orders to provide a bona fide ride receipt or statement. Each Plaintiff's case depends on establishing the necessary—but not sufficient—fact that a ride actually took place. Plaintiffs' disregard of court-ordered discovery on this point dooms their cases. Further, the evidence of ongoing fraud in the docket is a tangible result of willful noncompliance with this Court's orders. The preference for resolving cases on the merits therefore does not weigh in Plaintiffs' favor, including because the documents evidencing the merits were not produced in violation of Court orders. *In re Bextra & Celebrex Mktg., Sales Prac. & Prod. Liab. Litig.*, MDL No. 1699, 2007 WL 3022241, at *1 (N.D. Cal. Oct. 12, 2007) (preference for merits resolution did "not weigh in favor of plaintiffs at all" due to failure to comply with court orders).

## II.  THE CLAIMS OF THE 27 PLAINTIFFS WHO FAILED TO RESPOND (OR ADEQUATELY RESPOND) TO THE ORDER TO SHOW CAUSE SHOULD BE DISMISSED WITH PREJUDICE PURSUANT TO RULE 41(B).

This Court previously ordered the 27 Plaintiffs listed in Ex. A to the Declaration of Michael B. Shortnacy to show cause why their cases should not be dismissed with prejudice. ECF 3876; ECF

3972. The deadline for their response was October 17, 2025. ECF 4120. As of that date, 25 Plaintiffs chose to disregard the Court's order and submit no response at all. Shortnacy Decl. ¶ 3 & Ex. A (listing Plaintiffs subject to order to show cause and their responses or lack thereof). Under the circumstances, these Plaintiffs' claims should be dismissed with prejudice. ECF 3876; ECF 3972; *see, e.g.*, *Amina v. WMC Mortg. Corp.,* 554 Fed. App'x 555, 555 (9th Cir. 2014) (affirming dismissal with prejudice under Rule 41 where Plaintiff failed to respond to order to show cause).

The two Plaintiffs who did respond to the order to show cause said nothing that negates or excuses the fraud this Court already found:

- Jane Doe 693827, the Plaintiff in 24-cv-09515, had two responses filed by two different law firms. Shortnacy Decl. ¶ 3. She was also the Plaintiff in 3:24-cv-03341 under a different pseudonym (J.H.), but her counsel in that case withdrew and the case was dismissed without prejudice. *Id.* The first law firm, Peiffer Wolf, filed a response merely to state that it no longer represents J.H. ECF 4171 ("We no longer represent J.H. and we defer to the Court on this matter.") Of course, Peiffer Wolf did represent J.H. at the time she submitted the fraudulent receipt. Shortnacy Decl. ¶ 3. The second law firm, Kherkher Garcia, did not deny that Jane Doe 693827 had submitted a fraudulent receipt, but simply stated that it did not represent her at the time the receipt was filed and *that it could not get in touch with her to discuss the matter*. ECF 4175 ("Counsel has not been able to confer with MDL 2774 with regards to the authenticity of any ride receipt she may have produced as MDL 1384 and therefore cannot here and now show cause against dismissal with prejudice in that regard."). Notably, Kherkher Garcia states that the last time it attempted to contact Jane Doe 693827 was in August 2025, a month before the Court entered the show-cause order as to her. *See* ECF 3972 (entered Sep. 22, 2025). Neither response disputed that Jane Doe 693827 had submitted a fraudulent receipt.

- Plaintiff R.M. filed a response suggesting that "difficulties in retrieving legacy receipts do not reasonably imply fraud" without directly addressing the indicia of fraud identified by Uber. ECF 4176. In her response, she consented to dismissal with prejudice. *Id.* ("In light of that dismissal with prejudice, the issues identified in the Court's Order to Show Cause are largely moot. Plaintiff respectfully requests that the Court discharge the Order to Show Cause and deny any further discovery or sanctions proceedings as unnecessary."). Plaintiff R.M. did not dispute having submitted a fraudulent receipt.

Neither response addresses Uber's specific evidence that the Plaintiffs submitted fraudulent receipts or otherwise makes a case for why Plaintiffs should be permitted to continue to press their cases before this Court. A response to a show-cause order is "fundamentally inadequate" where, as here, it "contains no explanation as to *why*" the challenged conduct occurred, "fails to acknowledge that [an] error was unacceptable or apologize, and does not reflect any commitment to do better in the future." *Soto v. United Airlines Inc.,* No. 24-cv-03045, 2024 WL 3996068, at *1 n.1 (N.D. Cal. Aug. 28, 2024) (emphasis in original); *see also United States v. Hayes,* 763 F. Supp. 3d 1054, 1066 (E.D.

---

11

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Cal. 2025) (response to order to show cause "inadequate and not credible" where it failed to explain how challenged conduct occurred); *GS Holistic, LLC v. TM Smoke Shop, Inc.,* No. 23-cv-380, 2023 WL 3741621, at *1–2 (C.D. Cal. May 30, 2023) (response to order to show cause "inadequate and insufficient" where it failed to "explain why these failures occurred"). Given Plaintiffs' utter failure to justify or explain their fraud, after several months of not responding to this Court's Order, all 27 of their cases should be dismissed with prejudice. *See Hedges v. United States*, No. 23-cv-03429, 2024 WL 5666537, at *4 (N.D. Cal. Mar. 26, 2024).

**III.    THE COURT SHOULD ORDER SUCH OTHER RELIEF AS NECESSARY TO DELIVER JUSTICE AND SEND THE MESSAGE THAT FRAUD AND DISREGARD OF THE COURT'S ORDERS WILL NOT BE REWARDED.**

Over 200 Plaintiffs willfully failed to respond to either (1) the Court's show-cause orders regarding fraud or (2) the Court's PTO 31 regarding missing receipts. And at least 27 Plaintiffs do not dispute that they committed fraud. *See also* ECF 4440 (Court ordering an additional 7 Plaintiffs to show cause for why they should not be dismissed for fraudulent receipts).

Meanwhile, since Uber filed its first fraud motion on July 30, hundreds of "Plaintiffs" have been lured to file new claims in this MDL, by ads such as this one, promising a "**Significant Compensation**" with "**No Paperwork**" and "**No Hassle**." Total Injury Help, *Rideshare Assault – Free Case Evaluation,* https://www.rideshareassaultjustice.com/ (last visited Nov. 19, 2025).



---

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Fraudulent and non-compliant Plaintiffs, as well as the advertisers and lead generators who lure them, should be aware that there is no such thing as litigation with "no paperwork" and "no hassle."

Absent such an Order from this Court, this litigation will be clogged with fraudulent and frivolous claims, thereby prejudicing "meritorious" claimants who have complied with their discovery obligations and undermining their "full and meaningful access to the courts." *In re Silica Prods. Liab. Litig.*, 398 F. Supp. 2d 563, 636 (S.D. Tex. 2005); *see also In re Deepwater Horizon*, 907 F.3d 232, 236 (5th Cir. 2018) (such conduct "hamper[s] the resolution of meritorious claims by real plaintiffs.").

Uber's proposed Order, attached as Exhibit 2, provides the Court an opportunity to include in its order such remedies and language as are necessary to both deliver justice and deter additional fraud and disregard of Court orders.

## CONCLUSION

This Court clearly notified Plaintiffs of their PTO 31 obligation to produce a bona fide ride receipt or a statement explaining their search efforts and reasons why they have been unable to locate said receipt. ECF 3877. Despite this clear warning, and after specific notice, 181 Plaintiffs still failed to provide a receipt or statement within the allotted time, and this Court should dismiss their claims without prejudice. Similarly, this Court ordered 27 Plaintiffs who submitted fraudulent receipts in this litigation to show cause why their cases should not be dismissed with prejudice. ECF 3876; ECF 3972. Those Plaintiffs failed to do so. Those cases should now be dismissed with prejudice.

Uber also respectfully requests that the Court order such other relief as necessary to both deliver justice and deter fraud and non-compliance with the Court's orders.

Dated: November 21, 2025                     Respectfully submitted,

                                             */s/ Laura Vartain Horn*

                                             Laura Vartain Horn (SBN 258485)
                                             **KIRKLAND & ELLIS LLP**
                                             555 California Street, Suite 2700
                                             San Francisco, CA 94104
                                             Telephone: (415) 439-1625
                                             laura.vartain@kirkland.com

                                             Jessica Davidson (Admitted *Pro Hac Vice*)

13

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS

Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT (*Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108

14

Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY
WITH PTO 31 AND SHOW-CAUSE ORDERS