Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>ALL ACTIONS | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL** |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this statement in support of Bret Stanley's Administrative Motion to File Under Seal Portions of Supporting Materials in Response to Motion for Sanctions, dated November 17, 2025, ECF 4420 ("Stanley Sealing Motion") related to Plaintiff Counsel Bret Stanley's Response in Opposition to Defendants' Motion for Sanctions, dated November 17, 2025, ECF 4421 ("Stanley Sanctions Opposition"). Uber supports the Stanley Sealing Motion because the Court has already found good cause to seal substantially similar documents and information or because Defendants have already asked the Court to seal the same or similar documents and information filed provisionally under seal.

In the Stanley Sealing Motion, Mr. Stanley seeks to file certain portions of five documents under seal: **(1)** the Stanley Sanctions Opposition (ECF 4420-3; redacted version filed at ECF 4421); **(2)** Mr. Stanley's Declaration in support of the Stanley Sanctions Opposition (ECF 4420-4; redacted version filed at ECF 4421-1); **(3)** Exhibit A to Mr. Stanley's Declaration (ECF 4420-5; redacted version filed at ECF 4421-2 at 1-9); **(4)** Exhibit B to Mr. Stanley's Declaration (ECF 4420-6; redacted version filed at ECF 4421-2 at 10-18); and **(5)** Exhibit E to Mr. Stanley's Declaration (ECF 4420-7; redacted version filed at ECF 4421-2 at 25-33).

**(1) Stanley Sanctions Opposition and (2) Stanley Declaration:** For the same reasons stated in Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions (ECF 4232), Defendants support Mr. Stanley's request to seal the portions of the Stanley Sanctions Opposition and Mr. Stanley's Declaration in support of the Stanley Sanctions Opposition that discuss confidential, non-public information regarding fee arrangements between Defendants and their outside counsel. Mr. Stanley's motion to seal, with respect to these documents, should be granted in full.

**(3) Exhibit A, (4) Exhibit B, and (5) Exhibit E to the Stanley Declaration:** Defendants support Mr. Stanley's request to seal certain portions of Exhibits A and B containing the names and details about Uber's Knowledge Base system and other policy-related resources, as well as non-public, confidential information concerning Uber's internal systems' functionality and its informational

infrastructure.[1] The Court has previously found good cause to seal documents containing the same or substantially similar information, *see* Aug. 18, 2025 Order, ECF 3709 (granting ECF 3511), and Defendants support Mr. Stanley's request that the Court do the same here.

Defendants also support Mr. Stanley's request to seal a portion of Exhibit A containing URL links to internal Uber sites and resources.[2] The Court has previously allowed the redaction of URLs because of the potential cybersecurity risk of disclosing them on a public docket and the lack of any public interest in the disclosure of URLs, especially when the links are potentially connected to confidential, sensitive, or non-public information. *See, e.g.,* Mar. 18, 2025 Order, ECF 2545 at 7 (granting ECF 2476 at 5). Defendants likewise support Mr. Stanley's request for the Court to do so again here.[3]

DATED: November 21, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
     DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
     mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
     oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

---

[1] These redactions are located at ECF 4421-2 pages 3, 4, 12-15, and 17.
[2] These redactions are located at ECF 4421-2 at 4.
[3] As to Mr. Stanley's other proposed redactions of Exhibits A, B, and E, not identified herein, Defendants take no position.

1
2
3
4
5
6

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28