[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 23-md-03084-CRB <br><br> Honorable Charles R. Breyer |
| This Document Relates to: <br><br> *Jaylynn Dean v. Uber Technologies, Inc., et al.*, CV-25-4276-PHX-CRB | **PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO DEFENDANTS' RULE 702 MOTIONS** |

Pursuant to Civil Local Rules 7-11 and 79-5, the Protective Order, ECF 176, and Modified PTO No. 34, Plaintiffs respectfully submit this Administrative Motion to File Under Seal Portions of Exhibits to Defendants' Rule 702 Motions.

Plaintiffs respectfully request the Court seal portions of certain exhibits filed in support of Defendants' Motions to Exclude the Opinions of Plaintiffs' Expert Dr. John Chandler, Lacey Keller, and Thomas R. Tremblay.

## I. BACKGROUND AND REQUESTED SEALING

The exhibits at issue in this Motion to File Under Seal are:

| Exhibit | Description of Material to Be Sealed |
|---|---|
| Exhibit 1 to Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Dr. John Chandler (ECF 4342) ("Chandler Exhibit 1") | The names of Wave 1 Bellwether Plaintiffs B.L., LCHB128, A.R.2, and WHB 832 at p. i and ¶¶ 17, 136, 137, 207, 209, 213, 214, 215, 216, 217, 218, 219, and 220 |
| Exhibit 2 to Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Dr. John Chandler (ECF 4342-1) ("Chandler Exhibit 2") | The name of Wave 1 Bellwether Plaintiff LCHB128 at 206:17 |
| Exhibit 6 to Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Dr. John Chandler (ECF 4342-5) ("Chandler Exhibit 6") | The names of Wave 1 Bellwether Plaintiffs LCHB128, A.R.2, and WHB 832 at 435:6, 435:13, 445:9-10, 446:8-9, 446:11, 447:1, 449:2-3, 449:10, 450:11-12, 451:9, 453:16, 453:19, 453:25, 454:14, 454:22 |
| Exhibit 1 to Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Lacey Keller (ECF 4338) ("Keller Exhibit 1") | The names of Wave 1 Bellwether Plaintiffs B.L., LCHB128, A.R.2, and WHB 832 at p. 53 ¶ 76, and Appendix D pp. 4, 5, 6, 7, 8, 16, 23, 20, and 37 |
| Exhibit 1 to Defendants' Motion to Exclude Opinions of Plaintiffs' Expert Thomas R. Tremblay (ECF 4350) ("Tremblay Exhibit 1") | The name of third-party JW at Schedule A.1 p. 2, the address and private information of third party, SM, at Schedule A.1 p. 13, and the private medical information of Plaintiff Jaylynn Dean at Schedule A.1 p. 17 |

## II. LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id*.

1

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO DEFENDANTS' RULE 702 MOTIONS
Case No. 23-md-03084-CRB

at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has applied the compelling reasons standard to *Daubert* motions. *Ctr. for Auto Safety*, 809 F.3d at 1100 ("We did not allow the technically nondispostive nature of the *Daubert* motion to cloud the reality that it was able to significantly affect the disposition of the issues in the case.") (internal quotation marks omitted.)

### III.    PORTIONS OF THE EXHBITS AT ISSUE SHOULD BE SEALED

Chandler Exhibits 1, 2, and 6, Keller Exhibit 1, and Tremblay Exhibit 1 were filed at ECF Nos. 4342, 4342-1, 4342-5, 4338, and 4350, respectively. *See* Kalonia Decl. ¶¶ 2-4. The information that Plaintiffs seek to seal includes Wave 1 Bellwether Plaintiffs B.L., LCHB128, A.R.2, and WHB 832's first and last names, the personally identifiable information ("PII") of third parties SM and JW, and the sensitive private information of Plaintiff Jaylynn Dean and SM. Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Bellwether Wave 1 Plaintiffs and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 11.

#### A.    Failing to Seal the Records Would Harm Bellwether Plaintiffs and Third Parties

First, the identified portions of Chandler Exhibits 1, 2, and 6, and Keller Exhibit 1 should be sealed because they contain Bellwether Wave 1 Plaintiffs B.L., LCHB128, A.R.2 and WHB 832's names, rather than their pseudonyms. *See* Kalonia Decl. ¶¶ 5-8. Although the public has a general right to access court proceedings, courts routinely allow parties to proceed anonymously "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts, including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v. Lincoln Unified Sch. Dist.*, 188 Cal.App.4th 758, 766 (2010) (citing "countless" published decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme Court). Bellwether Plaintiffs' names are sealable under the compelling reasons standard because they are PII.

2

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO DEFENDANTS' RULE 702 MOTIONS
Case No. 23-md-03084-CRB

*Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)). They are also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015).

      Plaintiffs continued need for anonymity outweighs any minimal prejudice to the public, as the public's interest in the case can be satisfied without revealing Plaintiffs' names. *See* Kalonia Decl. ¶ 11. Defendants will suffer no prejudice because they know Plaintiffs' identities and have recognized that the public disclosure of PII, including names, "could cause significant and avoidable harm or embarrassment to the affected individuals." ECF 4205. As Plaintiffs B.L., LCHB128, A.R.2, and WHB 832 wish to continue proceeding under their pseudonyms, portions of Chandler Exhibits 1, 2, and 6, and Keller Exhibit 1 should be sealed. *See* Kalonia Decl. ¶ 9.

      Second, portions of Tremblay Exhibit 1 should be sealed because it contains the PII of third parties SM and JW, and the highly sensitive private information of SM and Plaintiff Jaylynn Dean. Specifically, Tremblay Exhibit 1 contains JW's name, SM's address, information related to SM's private life, and the sensitive medical information of Plaintiff Jaylynn Dean. *See* Kalonia Decl. ¶ 10. The third parties' names and addresses should be sealed because they are PII. *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal [] physical addresses…").

      Third party witness SM and Plaintiff Jaylynn Dean's highly sensitive private information should also be sealed. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Sparks v.*

3

PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBITS TO DEFENDANTS' RULE 702 MOTIONS
Case No. 23-md-03084-CRB

*Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). The medical information of Jaylynn Dean and information related to the private life of third-party witness SM contained in Tremblay Exhibit 1 is inherently private and highly sensitive, and typifies the type of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Kalonia Decl. ¶ 12; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

**B.     Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of the relevant exhibits, since describing the material Plaintiffs seek to seal is tantamount to revealing the details of its content. *See* Kalonia Decl. ¶ 13. Plaintiffs' request is narrowly tailored to seal only PII and sensitive personal information, while ensuring that the public retains access to the rest of the exhibits. *See id*.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request the Court order that the portions of the exhibits listed above be maintained under seal.

Dated: November 24, 2025                     Respectfully submitted,

By: */s/ Sarah R. London*
   Sarah R. London (SBN 267083)

   **GIRARD SHARP LLP**
   601 California St., Suite 1400
   San Francisco, CA 94108
   Telephone: (415) 981-4800
   slondon@girardsharp.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I, Maya Kalonia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: November 24, 2025                     /s/ Maya Kalonia
                                              Maya Kalonia