[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, CV-25-4276-PHX-CRB | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL [ECF NOS. 4355, 4377]** |

**PLAINTIFF'S STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Pursuant to Civil Local Rules 7-11(b) and 79-5(c), Plaintiff Jaylynn Dean ("Plaintiff") respectfully submits this statement in support of Defendants' Administrative Motions to Consider Whether Another Party's Material Should be Filed Under Seal. ECF Nos. 4355, 4377. Plaintiff respectfully request that the Court seal portions of Defendants' Motion for Partial Summary Judgment, portions of Defendants' Declaration of Jonathan Schneller in Support of Defendants' Motion, and portions of Exhibits 8, 9, 10, and 21 to Defendants' Motion.

**I.  BACKGROUND AND REQUESTED SEALING**

The documents at issue in this Motion to File Under Seal are:

| Document | Description of Material to Be Sealed |
|---|---|
| Defendants' Motion for Partial Summary Judgment (ECF 4379) | The name of third-party SM at 7:22, 7:23, 8:1, 8:4, 8:7, and 21:3 |
| Declaration of Jonathan Schneller in Support of Defendants' Motion for Partial Summary Judgment (ECF 4379-1) | The name of third-party SM at 4:6 |
| Exhibit 8 to Defendants' Motion for Partial Summary Judgment (ECF 4377-5) | The name of third-party SM at 176:2-3, 176:14, 176:25, 177:4, 177:8, 177:17, 178:3, 188:6-7, 188:11, 188:24, 189:8, 192:11, 201: 15, 201:20, 201:24, 202:7, 202:20, 202:24, 203:2, 203:5, 203:11, 204:6, 205:21, 208:22, 209:2, 209:9, 213:17, 214:17, 216:9, 217:4, 217:6, 259:19, 260:13, and 260:19<br><br>SM's address at 259:16-18, and 260:14<br><br>The details of SM's private life at 178:2-8, 178:20-23, 203:10-13, 203:16-18, and 222:17-20<br><br>Plaintiff Jaylynn Dean's medical information at 205:7-17 |
| Exhibit 9 to Defendants' Motion for Partial Summary Judgment (ECF 4377-6) | Third-party SM's name at 1:9-10, 2:22-23, 3:9, and 70:5<br><br>The details of SM's private life at 40:24, 41:11-42:13, 43:7, and 45:3-15 |
| Exhibit 10 to Defendants' Motion for Partial Summary Judgment (ECF 4377-7) | Third-party SM's name at pp. 3, 4, and 7<br><br>Third-party JW's name at p. 4 |

1

PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS'
ADMINISTRATIVE MOTIONS TO SEAL [ECF NOS. 4355, 4377]
Case No. 23-md-03084-CRB

| Document | Description of Material to Be Sealed |
|---|---|
| | The address of third-party SM at pp. 3, 4, 8, and 21 |
| | The details of SM's private life at pp. 3, 4, 7, and 10 |
| | Plaintiff Jaylynn Dean's medical information at p. 3 |
| Exhibit 21 to Defendants' Motion for Partial Summary Judgment (ECF 4377-9) | The names of Wave 1 Bellwether Plaintiffs LCHB128, B.L., A.R.2, and WHB 832 at p. 8 |

## II.  LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III.  PORTIONS OF DEFENDANTS' MOTION, DECLARATION, AND EXHIBITS 8, 9, 10, AND 21 TO THE MOTION SHOULD BE SEALED

The relevant documents were filed at ECF 4356-1, ECF 4379, and ECF 4379-1. *See* Kalonia Decl. ¶¶ 2-7. The underlying information that Plaintiff seeks to maintain under seal includes Plaintiff's private medical information, personally identifiable information (PII) and sensitive information of third parties, and the names of Wave 1 Bellwether Plaintiffs proceeding under pseudonym. Courts routinely find that "individual privacy rights in personal identifying information and health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff Dean, third parties, and Wave 1 Bellwether Plaintiffs outweigh the public's minimal interest in knowing their identities or sensitive information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 15.

A.  **Failing to Seal the Records Would Harm Bellwether Plaintiffs and Third Parties**

First, the identified portions of Defendants' Motion, Declaration, and Exhibits 8, 9, and 10 should be sealed because they contain PII of third-party witnesses, SM and JW, in the form of names and addresses. *See* Kalonia Decl. ¶¶ 8-12. As names and addresses are PII, this information should be sealed under the compelling reasons standard. *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal customer names [] and physical addresses…"). The privacy interests of third parties outweigh any minimal public interest in disclosure. *See* Kalonia Decl. ¶ 15; *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). (finding that "individual privacy rights in personal identifying information [] outweigh the presumption in favor of public access to court records."). Likewise, disclosure of SM's address poses risks as it is not a publicly available. *See* Kalonia Decl. ¶ 14. This Court has allowed the sealing of PII, including that of third-party witnesses, and should do so again, as publicly disclosing such PII could, at a minimum, pose risk of harassment.

Second, portions of Exhibits 8, 9, and 10 should be sealed because they include Plaintiff Dean's private medical information and highly sensitive information of third-party witness SM's private life. *See* Kalonia Decl. ¶¶ 10-12; *see also Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States*

3

*Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). The privacy interests of Plaintiff Jaylynn Dean and third-party SM outweigh any minimal public interest in disclosure. *See* Kalonia Decl. ¶ 15. This information is inherently private and highly sensitive, and typifies the type of information that may be used by a third party to gratify private spite or circulate libel. *See id*. ¶ 16; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted). Accordingly, the highly sensitive personal information in these records should be sealed.

Third, portions of Exhibit 21 should be sealed because Bellwether Wave 1 Plaintiffs B.L., LCHB128, A.R.2, and WHB 832 are referred to by their names, rather than their pseudonyms. *See* Kalonia Decl. ¶ 13. Although the public has a general right to access court proceedings, courts routinely allow parties to proceed anonymously "when special circumstances justify secrecy." *Does I thru XXIII v. Advanced Textile Corp*., 214 F.3d 1058, 1067 (9th Cir. 2000) (citing "many federal courts, including the Ninth Circuit, [that] permitted parties to proceed anonymously"); *see also Doe v. Lincoln Unified Sch. Dist*., 188 Cal.App.4th 758, 766 (2010) (citing "countless" published decisions featuring fictitious names in California courts, the Ninth Circuit, and the Supreme Court). Bellwether Plaintiffs' names are sealable under the compelling reasons standard because they are PII. They are also "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). Plaintiffs' continued need for anonymity outweighs any minimal prejudice to the public because the public's interest in the case can be satisfied without revealing Plaintiffs' names. *See* Kalonia Decl. ¶ 15. Defendants will suffer no prejudice because they know Plaintiffs' identities and have recognized that the public disclosure of PII, including names, "could cause significant and avoidable harm or embarrassment to the affected individuals." ECF 4205. As Plaintiffs B.L., LCHB128, A.R.2, and WHB 832 wish to continue proceeding under their pseudonyms, portions of Exhibit 21 should be sealed. *See* Kalonia Decl. ¶ 13.

4

PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS'
ADMINISTRATIVE MOTIONS TO SEAL [ECF NOS. 4355, 4377]
Case No. 23-md-03084-CRB

B.  **Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information. *See* Kalonia Decl. ¶ 17. No less restrictive alternative to sealing portions of Defendants' Motion, Declaration, and Exhibits 8, 9, 10, and 21 is sufficient. *See id*. Actions short of sealing portions of these records would reveal the contents of Bellwether Plaintiffs' and third parties' PII and highly sensitive information and would not protect their privacy interests. *See id*.

IV.  **CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that the Court order that PII and highly sensitive information contained in Defendants' Motion, Declaration, and Exhibits 8, 9, 10, and 21 to Defendants' Motion for Partial Summary Judgment remain under seal.

Dated: November 24, 2025                    Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123

5

PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL [ECF NOS. 4355, 4377]
Case No. 23-md-03084-CRB

Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

### FILER'S ATTESTATION

I, Maya Kalonia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: November 24, 2025            */s/ Maya Kalonia*
                                                        Maya Kalonia

6

PLAINTIFF JAYLYNN DEAN'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTIONS TO SEAL [ECF NOS. 4355, 4377]
Case No. 23-md-03084-CRB