*Submitting Counsel Listed on Signature Pages*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| | **JOINT STATEMENT CONCERNING PAGE AND/OR NUMBER LIMITS ON MOTIONS IN LIMINE** |
| This Document Relates to: | |
| ALL ACTIONS | Judge:      Hon. Charles R. Breyer |
| | Courtroom:  6 – 17th Floor |

1      Pursuant to the Court's November 7, 2025 Modified Pretrial Order No. 34: Pretrial

2    Mechanics for the Dean Case (ECF No. 4332), Plaintiffs and Defendants Uber Technologies,

3    Inc., Rasier, LLC, and Rasier-CA, LLC (together, "Defendants" or "Uber"), hereby submit their

4    respective positions concerning page and/or number limits on motions in limine.

5    **Plaintiffs' Position**

6          The Court should order that each side may file up to 25 total pages of motions in limine.

7          Uber seeks 70 total pages to file upwards of 30 motions. Even if this proposal were

8    reasonable in a vacuum (as explained below, it's not), it is unworkable in the circumstances of

9    this case. The Court's default rules provide for seven days to respond to motions in limine. The

10   parties are discussing the schedule now, but even with a limited extension of time, how the parties

11   are supposed to reasonably respond to 70 pages of motions on such a short timeframe is

12   unaddressed. More importantly, it also appears unworkable for the Court to review and decide

13   *140 total pages* of motions in limine when the briefing will close—at best—a week before the

14   pretrial conference. This is on top of hundreds of pages summary judgment and *Daubert* briefing

15   that will need to be decided at the same time.

16         Regardless, Uber's proposal is unreasonable and unwarranted. The Court discourages

17   motions in limine and requires that they be limited "to circumstances that really need a ruling in

18   advance" (and presumptively limits MILs to five per side). *See* Civil Jury Trial Standing Order at

19   2. Uber disregards this guidance. Further, its reference to the Court's Standing Order permitting

20   35 total pages is inapplicable. Plaintiffs agreed to remove the cap on the number of motions in

21   limine (beyond the Court's presumptive five) for each party, but that does not mean 33 motions

22   (the number of motions that Uber proposes) warrants 70 pages per side. Efficiency favors fewer

23   motions, not more. Indeed, many of Uber's proposed motions concern broad, amorphous

24   categories of evidence, including "Advertising or Marketing" and "Reptile Arguments." This is

25   improper and inefficient: "Motions in limine that seek exclusion of broad and unspecific

26   categories of evidence ... are generally disfavored" because courts are "better situated during the

27   actual trial to assess the value and utility of evidence," instead of "tackling the matter in a

28

1  vacuum." *Espinoza v. Sniff*, 2015 WL 12660410, at *1 (C.D. Cal. May 11, 2015) (citation
2  omitted).

3      Uber argues that "briefing will allow the Court to rule on evidentiary issues with more
4  context than would be available in hasty sidebars." But such evidentiary issues (more often than
5  not) will need to be viewed in the context of the evidence actually presented at trial. To the extent
6  that the Court can even offer rulings on such motions, those rulings have limited utility because
7  they are "essentially [] preliminary." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070
8  (9th Cir. 2017) (citation omitted). The Court "may change its ruling at trial because testimony
9  may bring facts to the … court's attention that it did not anticipate at the time of its initial ruling."
10  *Id*. Finally, Uber argues that the depositions in this case include objectionable questions, but Uber
11  will have a distinct opportunity to object to any deposition testimony to be played to the jury.

12      In the *JUUL* MDL, for example, Judge Orrick allotted 30 pages per side covering both
13  generic and case-specific issues, in a case where the defense included two independent
14  corporations. *See In re: JUUL Labs, Inc., Mkt., Sales Prac., & Prods. Liab. Litig.*, 19-md-2913,
15  ECF 2850 (N.D. Cal. Feb. 8, 2022). Here, 25 pages is sufficient.

16      Uber has not demonstrated good cause to justify 140 total pages of motions in limine. The
17  Court should reject Uber's request in favor of Plaintiffs' more reasonable position, which is
18  consistent with the Court's Standing Order and prior guidance, and avoids squandering judicial
19  resources. Given the significant gap between the parties' positions, and Uber's patently
20  unreasonable approach, the Court should employ "baseball arbitration" rules and pick the
21  proposal that is most reasonable—Plaintiffs' proposal.

22  **Defendants' Position**

23      The Court's Guidelines for Civil Jury Trials permit motions and oppositions of "no more
24  than 7 pages" and state that "[u]sually five or fewer motions per side is sufficient. . . . Advance
25  permission is required for more or longer motions." Thus, the Guidelines suggest a default limit of
26  35 pages of motion in limine briefing per side in the average case. *Dean*, however, is not the average
27  case; it is the first bellwether trial in a large-scale multi-district litigation proceeding that has
28  involved dozens of depositions and millions of pages of documents. Given the significant number

1   of evidentiary issues that have not yet been considered by the Court, many of which will apply in

2   subsequent cases, Uber requests permission to file up to 70 pages of motions in limine in total.

3   There is good cause for such an extension.

4       **First**, fairness requires that Uber have the ability to present the many evidentiary issues

5   raised by this litigation to the Court. In the first bellwether case in the JCCP proceeding, the parties

6   extensively briefed motions in limine, and Judge Schulman ruled on 30 motions in limine filed by

7   Uber that totaled approximately 60 pages. A slightly increased page limit is appropriate here given

8   the significant number of highly inflammatory questions and topics raised by the MDL plaintiffs at

9   the depositions of Uber witnesses, which included inquiries into a host of irrelevant and unfairly

10  prejudicial subjects with no bearing on the allegations at issue in *Dean*. And, while Plaintiffs urge

11  the Court to follow the approach to motions in limine taken in the *JUUL* MDL proceeding, Judge

12  Schulman's assessment of the appropriate length of motion in limine filings in an Uber proceeding

13  is far more relevant (and, in any event, the *JUUL* court allowed more pages for motions in limine

14  than Plaintiffs seek here).

15      **Second**, addressing evidentiary questions prior to trial will promote efficiency and trial

16  management. This is particularly true with respect to Plaintiff's case, the length of which will be

17  affected by the scope of the internal Uber documents and witness testimony on ancillary topics that

18  Plaintiff is permitted to present to the jury. In addition, with the benefit of the Court's fulsome pre-

19  trial review of motions in limine, Uber will be able to limit its objections to Plaintiff's evidence,

20  resulting in fewer interruptions of Plaintiff's presentation on evidentiary grounds, and a more

21  streamlined presentation for the jury. Uber also respectfully submits that briefing will allow the

22  Court to rule on evidentiary issues with more context than would be available in hasty sidebars.

23      **Third**, Plaintiff's position that the Parties should be limited to 25 pages of briefing on

24  motions in limine is illogical and would only serve to prolong the trial. As noted above, Plaintiff's

25  proposal would allow the Parties ***10 pages less*** than what is permitted in the average case to address

26  significant evidentiary issues that are being raised for the first time in an MDL proceeding. Further,

27  a 25-page limit on motions in limine would make it virtually impossible for the Parties to adequately

28  explain the relevant evidentiary issues to the Court, limiting the Court's ability to make informed

pre-trial rulings. This will inevitably result in the Parties having to argue countless evidentiary objections as they arise during the course of the trial, interrupting the flow of the trial presentation and inevitably prolonging the trial.

While Plaintiff's counsel asserts that Uber's motions in limine should be limited to 25 pages total because Plaintiff will have only seven days to oppose them (and the Court will have only a week to decide them), Uber is happy to meet and confer with Plaintiff's counsel to agree on a schedule that allows the Parties additional time to respond to motions in limine without affecting the trial schedule. Further, Plaintiff ignores that Uber's motions will be very brief—limited to two to three pages at most—and therefore will not warrant lengthy responses. The purpose of these motions is to avoid the need for long sidebars during the presentation of evidence to explain evidentiary disputes with which the Court has no prior familiarity. Finally, Uber's motions in limine will not address broad categories of evidence not tethered to the *Dean* case, contrary to Plaintiff's suggestion. While the titles of certain motions appear broad, each is targeted to specific evidence and argument that Plaintiff is likely to raise at the *Dean* trial based on the record to date and the prior trial.

For all of these reasons, Uber respectfully requests that the Court allow the Parties to file motion in limine briefing that does not exceed 70 pages in total.

Dated: November 24, 2025

Respectfully submitted,

By: */s/ Roopal P. Luhana*
Roopal P. Luhana (Admitted *Pro Hac Vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

Sarah R. London
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONWAY & WISE, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*


By: */s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

1

## **ATTESTATION**

2

     Under Civil Local Rule 5-1(h)(3), I attest that all signatories listed, and on whose behalf the

3

filing is submitted, concur in the filing's content and have authorized the filing.

4

5

Dated: November 24, 2025                    By: _/s/ Laura Vartain Horn_

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28