1  LAURA VARTAIN HORN (SBN: 258485)
       laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
   555 California Street, 30th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1625
4
   ALLISON M. BROWN (admitted *Pro Hac Vice*)
5      allison.brown@kirkland.com
   JESSICA DAVIDSON (admitted *Pro Hac Vice*)
6      jessica.davidson@kirkland.com
   **KIRKLAND & ELLIS LLP**
7  601 Lexington Avenue
   New York, NY 10022
8  Telephone: (212) 446-4723

9  *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
10 RASIER, LLC, and RASIER-CA, LLC
   *[Additional Counsel Listed on Following Pages]*

11

12

13                    **UNITED STATES DISTRICT COURT**

14                  **NORTHERN DISTRICT OF CALIFORNIA**

15                     **SAN FRANCISCO DIVISION**

16

17  IN RE UBER TECHNOLOGIES, INC.,        Case No.: 3:23-MD-03084-CRB
    PASSENGER SEXUAL ASSAULT
18  LITIGATION                            **DEFENDANTS UBER
                                          TECHNOLOGIES, INC., RASIER, LLC,
                                          RASIER-CA, LLC'S REPLY IN
19  This Document Relates to:             SUPPORT OF DEFENDANTS' MOTION
                                          FOR SANCTIONS AGAINST BRET
20  ALL ACTIONS                           STANLEY**

21                                        Judge:      Hon. Lisa J. Cisneros
                                          Courtroom:  G – 15th Floor
22

23

24

25

26

27

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
                                              Case No. 3:23-MD-03084-CRB

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................... 1

II.   ARGUMENT............................................................................................................ 2

   A.   The Court should award Defendants' attorneys' fees under Rule 37(b)(2)(C). ................. 2

      1.   Mr. Stanley's violations of the Protective Order were not substantially justified and an award of attorneys' fees would not be unjust. ......................................................................... 3

      2.   Mr. Stanley's violations of the Court's August 18, 2025 Order were not substantially justified and an award of attorneys' fees would not be unjust. .............................................. 6

   B.   Alternatively, the Court may award Defendants attorneys' fees under the Court's inherent authority. ........................................................................................................ 9

   C.   The attorneys' fees Defendants seek are reasonable............................................................ 9

      1.   All fees caused by Mr. Stanley's violations are recoverable. ......................................... 9

      2.   The Ninth Circuit permits fee awards based on an attorney declaration ...................... 11

      3.   Defendants' billing records are detailed and limited to compensable legal work. ....... 12

III.  CONCLUSION....................................................................................................... 14

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-03084-CRB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Lizarraga*,
   2018 WL 3956207 (N.D. Cal. Aug. 17, 2018) ...........................................................................4

*Apple, Inc. v. Samsung Elecs. Co.*,
   2014 WL 12596470 (N.D. Cal. Jan. 29, 2014) .........................................................................10

*Chambers v. NASCO, Inc.*,
   501 U.S. 32 (1991)......................................................................................................................9

*DeAnda-Zavala v. IFCO Systems US, LLC*,
   2025 WL 3157799 (E.D. Cal. Nov. 12, 2025).........................................................................11

*Facebook, Inc. v. OnlineNIC Inc.*,
   2025 WL 510430 (N.D. Cal. Feb. 14, 2025) ............................................................................14

*Gonzales v. Charter Commc'ns, LLC*,
   2022 WL 570003 (C.D. Cal. Jan. 26, 2022) ..............................................................................3

*Goodyear Tire & Rubber Co. v. Haeger*,
   581 U.S. 101 (2017)....................................................................................................................3

*Gopher Media, LLC v. Spain*,
   2020 WL 6449193 (S.D. Cal. Nov. 3, 2020) ...................................................................2, 6, 11

*Henry v. Gill Indus., Inc.*,
   983 F.2d 943 (9th Cir. 1993) ....................................................................................................11

*Hyde & Drath v. Baker*,
   24 F.3d 1162 (9th Cir. 1994) ..................................................................................................2, 5

*In re Hyundai and Kia Fuel Economy Litig.*,
   926 F.3d 539 (9th Cir. 2019) ....................................................................................................13

*Kim v. Fujikawa*,
   871 F.2d 1427 (9th Cir. 1989) .............................................................................................13, 14

*L.D., et al. v. United Behavioral Health, et al.*,
   No. 4:20-cv-02254-YGR, Dkt. Entry No. 521 (N.D. Cal. Oct. 7, 2025)................................10

*Leon v. IDX Systems Corp.*,
   464 F.3d 951 (9th Cir. 2006) ..................................................................................................3, 9

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

*Mulato v. Wells Fargo Bank, N.A.*,
   76 F. Supp. 3d 929 (N.D. Cal. 2014) ...................................................................3

*Oracle USA, Inc. v. SAP AG*,
   264 F.R.D. 541 (N.D. Cal. 2009).........................................................................3

*Pierce v. Underwood*,
   487 U.S. 552 (1988).........................................................................................2, 5

*Puckett v. Cnty. of Sacramento*,
   2024 WL 2304885 (E.D. Cal. May 21, 2024) .....................................................14

*RG Abrams Ins. v. L. Offs. of C.R. Abrams*,
   342 F.R.D. 461 (C.D. Cal. 2022) .........................................................................6

*Sanchez v. Rodriguez*,
   298 F.R.D. 460 (C.D. Cal. 2014) .........................................................................3

*United States v. Graf*,
   610 F.3d 1148 (9th Cir. 2010) ..............................................................................4

*Van Gerwen v. Guarantee Mut. Life Co.*,
   214 F.3d 1041 (9th Cir. 2000) ............................................................................11

*Varney v. Cal. Highway Patrol*,
   2013 WL 2299544 (N.D. Cal. May 24, 2013) ......................................................3

*Waterkeeper All. v. U.S. EPA*,
   140 F.4th 1193 (9th Cir. 2025) .........................................................................4, 6

**Rules**

Fed. R. Civ. P. 37.................................................................................................1, 2, 3, 10

Fed. R. Civ. P. 37(b)(2)....................................................................................................2

Fed. R. Civ. P. 37(b)(2)(C) .................................................................................. *passim*

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

## I.    INTRODUCTION

In their Motion for Sanctions, Defendants explained that Plaintiffs' Steering Committee member Bret Stanley violated two orders of this Court and that Mr. Stanley's violations caused Defendants to incur attorneys' fees. Defendants therefore requested their reasonable attorneys' fees from Mr. Stanley pursuant to Fed. R. Civ. P. 37(b)(2)(C) or, in the alternative, pursuant to the Court's inherent authority. In his Opposition, Mr. Stanley does not dispute that he violated two Court orders (nor could he). Instead, he seems to suggest that he was justified in violating the Protective Order because a supposed "legal question" existed as to whether he was permitted to publicly disclose and use outside of this litigation information he admits he extracted from confidential MDL material. ECF No. 4421 at 3. But to show substantial justification under Rule 37, the Supreme Court and the Ninth Circuit have required the non-moving party to show that reasonable people could dispute the appropriateness of the contested action. That is not the case here, as the Court has already determined. As to his repeated violations of this Court's August 18, 2025 Order, Mr. Stanley provides a litany of excuses for his acts and omissions. But excuses, even seemingly sympathetic ones, are not substantial justification for his intentional conduct, nor would they make a fee award unjust.

Mr. Stanley also takes issue with the attorneys' fees requested by Defendants, but his arguments once again miss the mark. For example, he ignores the sheer number of motion papers and ancillary documents that Mr. Stanley forced Defendants to prepare and file in response to his Protective Order and August 18, 2025 Order violations. Mr. Stanley also baselessly accuses Defendants' counsel of "block billing" and billing for calendaring and other administrative tasks. *Id.* at 12. There are no such entries. Mr. Stanley also argues, without citation to any legal authority, that Defendants cannot recover attorneys' fees because they did not present invoices evidencing "what they actually paid their attorneys." *Id.* at 16. But the Ninth Circuit has repeatedly held that an attorney declaration attesting to fees incurred such as the one submitted in support of the Motion here (ECF No. 4233-3) is sufficient. Here, Defendants have exceeded this showing by also providing the Court with time entry details. In addition, Mr. Stanley erroneously argues that

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY

1    Defendants are entitled to recover attorneys' fees only for fees incurred after the Court issued the

2    August 18, 2025 Order. *Id.* at 15. This argument ignores the plain language of Rule 37(b)(2)(C)

3    and Mr. Stanley's breach of *both* of this Court's orders and improperly conflates the applicable

4    legal standards under Rule 37 and the Court's inherent authority to issue sanctions.

5         Consequently, the Court should award Defendants' reasonable attorneys' fees as requested.

6    **II.    ARGUMENT**

7         **A.    The Court should award Defendants' attorneys' fees under Rule 37(b)(2)(C).**

8         As Defendants outlined in their Motion (ECF No. 4233 at 14), and as Mr. Stanley

9    acknowledges (ECF No. 4421 at 3), Rule 37(b)(2)(C) provides that the court "*must* order the

10    disobedient party, the attorney advising that party, or both to pay the reasonable expenses,

11    including attorney's fees, caused by the failure, unless the failure was substantially justified or

12    other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C) (emphasis

13    added).[1] And Mr. Stanley must carry the burden. *See, e.g.*, *Hyde & Drath v. Baker*, 24 F.3d 1162,

14    1171 (9th Cir. 1994) ("Under Rule 37(b)(2), . . . the burden of showing substantial justification

15    and special circumstances is on the party being sanctioned").

16         The Supreme Court has explained that the substantially-justified standard is "satisfied if

17    there is a 'genuine dispute' or 'if reasonable people could differ as to the appropriateness of the

18    contested action.'" *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations omitted). Courts do

19    not find substantial justification for a violation of a court order particularly where a party merely

20    recycles arguments that the court has already heard and rejected. *See Gopher Media, LLC v. Spain*,

21    2020 WL 6449193, at *3 (S.D. Cal. Nov. 3, 2020) (finding plaintiff was not "substantially

22    justified" because the court had already found that plaintiff's actions were not justified when it

23    granted the motion to compel, and thus any attempt to "recycle" an argument that had already been

24    "considered and rejected" by the court would be unavailing). In addition, courts have found the

25    imposition of sanctions under Rule 37(b)(2)(C) to be "unjust" only in limited circumstances. *See,*

26

27    ---
       [1] As explained in their Motion (ECF No. 4233 at 10 n.2), Defendants seek recovery of fees and
       costs ***only*** against Mr. Stanley, and not against any Plaintiff(s) in this action.

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

*e.g.*, *Sanchez v. Rodriguez*, 298 F.R.D. 460, 473 (C.D. Cal. 2014) (finding that sanctions would be unjust where the party was incarcerated and indigent). Notably, "in determining whether the sanctions would be otherwise unjust the court looks to 'the attorneys' behavior, rather than the client's actions.'" *Varney v. Cal. Highway Patrol*, 2013 WL 2299544, at *4 (N.D. Cal. May 24, 2013) (quoting *Hyde & Drath,* 24 F.3d at 1172).

Mr. Stanley hangs his hat exclusively on the Supreme Court's decision in *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101 (2017). But that case is inapposite as to Defendants' request for mandatory sanctions pursuant to Rule 37(b)(2)(C), as *Goodyear* involved only a court's inherent authority to issue sanctions, not Rule 37. *Id.* at 103 ("In this case, we consider a federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees."). While Defendants have moved, in the alternative, for sanctions under the Court's inherent authority, Mr. Stanley is incorrect to conflate the two standards, as there are critical differences between them. Most notably, an award of attorneys' fees is mandatory pursuant to Rule 37(b)(2)(C) absent an applicable exception, whereas a court acting under its inherent authority has discretion to award fees. *Mulato v. Wells Fargo Bank, N.A.*, 76 F. Supp. 3d 929, 962 (N.D. Cal. 2014). In other words, a "court need not find bad faith before imposing sanctions for violations of Rule 37[,]" *Gonzales v. Charter Commc'ns, LLC*, 2022 WL 570003, at *3 (C.D. Cal. Jan. 26, 2022) (quoting *Oracle USA, Inc. v. SAP AG*, 264 F.R.D. 541, 545 (N.D. Cal. 2009)); whereas, a court's inherent authority is typically triggered when a party acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (citation omitted). Relief is appropriate here under one, or both, standards for (1) Mr. Stanley's violations of the Protective Order and (2) Mr. Stanley's violations of the Court's August 18, 2025 Order.

**1.    Mr. Stanley's violations of the Protective Order were not substantially justified and an award of attorneys' fees would not be unjust.**

As to Mr. Stanley's violations of the Protective Order that led to the Court's August 18, 2025 Order (which he also later violated), Defendants are entitled to attorneys' fees pursuant to

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-03084-CRB

1   Rule 37(b)(2)(C) because Mr. Stanley's violations were not substantially justified and an award of

2   attorneys' fees would not be unjust. Mr. Stanley misstates the scope of what is at issue here by

3   erroneously claiming that the "alleged misconduct here is [his] purported failure to comply with

4   the August 18, 2025 Order directing him to provide that Order to certain tribunals." ECF No. 4421

5   at 15.[2] In fact, Mr. Stanley's Opposition never squarely addresses Defendants' arguments or

6   addresses Mr. Stanley's burden to show that his violation of the Protective Order was substantially

7   justified. *See id.* at 13-17. Instead, he focuses solely on his conduct occurring *after* the Court issued

8   the August 18, 2025 Order. *Id.* Mr. Stanley glosses over his first Protective Order violation, in

9   passing, positing that "[p]rior to this court's August 18, 2025 Order, a legal question existed as to

10  whether the use of the *names alone* of Uber's internal policies outside of this litigation was a

11  breach of confidentiality." *Id.* at 3 (emphasis in original); *see also id.* at 5-6.  However, Mr. Stanley

12  never expands on these bare statements with any reasoning or support with legal authority or

13  otherwise.

14          It is well established that courts "will generally not consider . . . arguments that are not

15  meaningfully developed." *Waterkeeper All. v. U.S. EPA*, 140 F.4th 1193, 1213 (9th Cir. 2025); *see*

16  *also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and

17  not supported by citations to the record or to case authority are generally deemed waived."); *Allen*

18  *v. Lizarraga*, 2018 WL 3956207, at *18 (N.D. Cal. Aug. 17, 2018) (claim "effectively waived"

19  where party "provide[d] no arguments to support" it). This is especially true where, as here, Mr.

20  Stanley has the burden of establishing that his violations of the Protective Order were substantially

21  justified. *Hyde & Drath*, 24 F.3d at 1171. By failing to meaningfully respond to Uber's argument,

22  Mr. Stanley has waived opposition to it and has not carried his burden.

23          Even assuming that Mr. Stanley's passing shot at the issue does not constitute waiver, his

24  "argument" still fails. While "a good faith dispute concerning a discovery question *might*, in the

25

26  _____

27  [2] As discussed in more detail *infra*, Mr. Stanley's argument that Defendants are precluded as a matter of law from recovering attorneys' fees incurred before the Court issued the August 18, 2025 Order is nonsensical and incorrect.

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY

Case No. 3:23-MD-03084-CRB

proper case, constitute 'substantial justification,'" this is clearly not that case. *Id.* (emphasis added); *see also Pierce*, 487 U.S. at 565 (substantially-justified standard satisfied "'if reasonable people could differ as to the appropriateness of the contested action'"). The Protective Order unambiguously prohibits a Receiving Party from using Protected Material or information copied or extracted from Protected Material outside of this MDL or the related JCCP. ECF No. 176, ¶¶ 3, 7.1. Yet, as the Court quickly concluded, that is precisely what Mr. Stanley did.[3] There is simply no substantial justification for doing the very thing that is expressly prohibited by the Protective Order, especially when the information was pulled from documents specifically marked Confidential and Highly Confidential/Attorneys' Eyes Only.

Mr. Stanley claims that there was a "legal question" as to whether disclosing the "*names alone* of Uber's internal policies outside of this litigation was a breach of confidentiality." ECF No. 4421 at 3 (emphasis in original). Even if there was some ambiguity in that regard (there was not), Mr. Stanley could have utilized the procedures set forth in the Protective Order to lodge a confidentiality challenge. ECF 176 ¶ 6. Or he could have sought relief from this Court. But he chose not to do so. Moreover, the Court has already determined that "the information is not just the names." ECF No. 4233-1 at 3, Tr. at 6:17. Therefore, the entire basis for Mr. Stanley's half-hearted claim of substantial justification relies on a flawed factual premise. *See Pierce*, 487 U.S. at 565 (For an action to be substantially justified, there must be a reasonable basis for it "'both in law *and fact*[.]'") (emphasis added). And Mr. Stanley's assertion here is nothing more than a recycling of an argument that this Court has already heard and rejected. *See Gopher Media*, 2020 WL 6449193, at *3 (no substantial justification where plaintiff merely recycled an argument that had already been "considered and rejected" by the Court).

---

[3] *See, e.g.*, ECF No. 4233-1 at 4, Tr. at 10:5-8 ("Even if you didn't print out a copy of that page from the production, it still ends up disclosing the material. . .I just feel like this is a point where the record is so clear that – I mean, you might have arguments as to what the harm actually is, but I think it's really difficult for me to get around that"); ECF No. 4233-1 at 5, Tr. at 14:16-17 (" . . . when you see a reproduction like what Ms. Gromada laid out, it seems pretty straightforward that a disclosure occurred"); ECF No. 4233-1 at 4, Tr. at 9:12-16 ("It really is clear to me that it's effectively a disclosure of the full content of the page").

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1    At bottom, Mr. Stanley's conduct in violation of the Protective Order was plainly not of

2    such a nature that reasonable people could differ as to its appropriateness. A reasonable person

3    would have followed the process clearly set forth in the Protective Order or sought judicial

4    intervention before making a disclosure and not resorted to self-help. Nor were Mr. Stanley's

5    actions justified in any way, "let alone 'substantially' justified, as required to trigger the exception

6    here." *RG Abrams Ins. v. L. Offs. of C.R. Abrams*, 342 F.R.D. 461, 522 (C.D. Cal. 2022). And Mr.

7    Stanley does not even attempt to argue that an award of attorneys' fees for his violations of the

8    Protective Order would be unjust;[4] therefore, Mr. Stanley has failed to carry his burden, and the

9    Court "must" award Defendants the reasonable attorneys' fees they incurred because of Mr.

10   Stanley's Protective Order violations. Fed. R. Civ. P. 37(b)(2)(C).

11   **2.    Mr. Stanley's violations of the Court's August 18, 2025 Order were**
          **not substantially justified and an award of attorneys' fees would not**
12        **be unjust.**

13   As to Mr. Stanley's violations of the Court's August 18, 2025 Order, Defendants are also

14   entitled to attorneys' fees pursuant to Rule 37(b)(2)(C) because Mr. Stanley's violations were not

15   substantially justified and an award of attorneys' fees would not be unjust. Mr. Stanley does not

16   dispute that he violated the Court's August 18, 2025 Order in at least four ways, and therefore an

17   award of attorneys' fees is mandatory under Rule 37(b)(2)(C). Rather, Mr. Stanley asserts a litany

18   of excuses for his actions and inactions–none of which amount to substantial justification for his

19   conduct, nor do they make an attorney fee award unjust.

20   Mr. Stanley concedes that he failed to take action violating the August 18, 2025 Order by:

21   (1) failing to provide a copy of the Court's August 18, 2025 Order to the *Lord* Court by August

22   21, 2025[5] (ECF No. 4421 at 13); (2) failing to provide a copy of the Court's August 18, 2025 Order

23

24   [4] Mr. Stanley's proffered excuses *all* pertain to his violations of the Court's August 18, 2025 Order.
     And, any claim that a fee award would be unjust is undermined by Defendants' repeated attempts
25   to resolve the dispute with Mr. Stanley without Court intervention.
     [5] Curiously, Mr. Stanley repeatedly states that he did not comply with the Court's August 18, 2025
26   Order by the Court's "October 22, 2025," deadline. ECF No. 4421 at 13, 14. Defendants assume
     that that is a typographical error, and that Mr. Stanley meant to say August 21, 2025. *See* ECF No.
27   3708 (establishing August 21, 2025 as the deadline for Mr. Stanley's compliance).

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1    to the *Jones* Court by August 21, 2025 (*id.* at 14); (3) failing to provide a copy of the Court's

2    August 18, 2025 Order to the *Soto* Court by August 21, 2025 (Stanley Decl., ¶¶ 53-54); and (4)

3    failing to provide a copy of the Court's August 18, 2025 Order to the plaintiffs' counsel in the *Soto*

4    matter by August 21, 2025 (Stanley Decl., ¶ 53).

5           Mr. Stanley also violated the August 18, 2025 Order in a fifth way. Specifically, Mr.

6    Stanley failed to take reasonable measures to ensure that his co-counsel in the *Lord* matter, Bruce

7    Stern, destroyed the Confidential Information, as Mr. Stern filed a document including that

8    information on the public docket for a second time on October 8, 2025. ECF No. 3708 (ordering

9    Mr. Stanley to "take reasonable efforts to retrieve or ensure destruction of all unauthorized

10   Confidential Information . . . ."). Mr. Stanley now claims that he had nothing to do with Mr. Stern's

11   October 8 filing and that he had previously emailed Mr. Stern one time and directed him to delete

12   the information. ECF No. 4421 at 8, 13; Stanley Decl., ¶¶ 34, 37-39; Stanley Exhibit J. But any

13   reading of "reasonable efforts" shows that sending a single email without more, especially in a

14   case in which Mr. Stanley continues to be co-counsel of record, is insufficient.  This is all the more

15   so where Mr. Stanley was the one who provided Mr. Stern the Confidential Information that Mr.

16   Stern then improperly placed repeatedly on the public docket.

17          As indicated, Mr. Stanley attempts to rationalize and provide excuses related exclusively

18   to his repeated violations of the Court's August 18, 2025 Order. He claims that he attempted to

19   send the August 18, 2025 Order to the *Lord* Court by the August 21, 2025 deadline, but that the

20   email got stuck in his outbox. ECF No. 4421 at 13. Mr. Stanley also claims that he could not locate

21   the email address for Corey Gaul, the plaintiffs' counsel in *Soto*, and (erroneously) claims that

22   Defendants' counsel refused to provide him with this information despite three requests. *Id.* at 14.

23   As to the *Jones* matter, Mr. Stanley claims that he was unable to comply with the August 21, 2025

24   deadline because he was not counsel of record. *Id.* In addition, Mr. Stanley asserts that the loss of

25   a loved one on August 20, 2025 prevented him from complying with the August 18, 2025 Order.

26   *Id.*

27

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY

Defendants sympathize with Mr. Stanley for his loss. But these excuses must be read in the context of Mr. Stanley's repeated and ongoing violations of Court orders, which undermine his claim of substantial justification or that a fee award would otherwise be unjust. Even if some of Mr. Stanley's violations of the Court's August 18, 2025 Order were substantially justified (they were not), it is too far of a stretch to conclude that all five of them were. Simply put, reasonable people could not disagree about Mr. Stanley's obligations under the August 18 Order, which Mr. Stanley helped draft. Mr. Stanley was ordered to provide a copy of the Court's August 18, 2025 Order to four courts by August 21, 2025. Yet, he timely did so in only one case.

Moreover, although Mr. Stanley claims that his lack of familiarity with the *Soto* matter precluded him from meeting the August 21, 2025 deadline, Exhibit 17 to Defendants' Motion to Enforce Protective Order provided Mr. Stanley with substantial information about the *Soto* matter, including the court's name, case title, and case number, in addition to the plaintiffs' lawyer's name, law firm name, address, attorney identification number, telephone number, and fax number. ECF No. 3512-18 at 2. Despite having access to this information, it appears that Mr. Stanley did not reach out to Mr. Gaul until August 27, 2025. Stanley Decl., ¶ 53. Mr. Stanley's exhibits also do not support his claim that Defendants' counsel ignored his repeated requests for Mr. Gaul's contact information. *See id.* ¶ 51; Stanley Exhibit P; Stanley Exhibit Q; Stanley Exhibit R. In fact, Mr. Stanley never asked for this information and instead maintained that–contrary to the plain language of the August 18, 2025 Order that he helped draft–he was not obligated to contact counsel in *Soto* because he did not disclose any Confidential Information to counsel personally. *See* Stanley Exhibit P; Stanley Exhibit Q; Stanley Exhibit R; *see also* ECF No. 4233 at 12 (explaining how Mr. Stanley violated the August 18, 2025 Order by failing to provide the Order to the plaintiffs' counsel in *Soto*). Finally, Defendants seek only $10,164.60 for attorneys' fees incurred as a result of attempting to compel Mr. Stanley to perform the remedial measures after the August 12, 2025 hearing and the August 18, 2025 Order, ECF No. 4233-3 at 20-21, which undermines any claim that such a fee award would be unjust.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**B.    Alternatively, the Court may award Defendants attorneys' fees under the Court's inherent authority.**

Defendants have established that they are entitled to a mandatory award of attorneys' fees pursuant to Rule 37(b)(2)(C). However, in the alternative, the Court may also predicate its order for attorneys' fees under its inherent authority. Courts permit the recovery of fees on this basis where an attorney willfully disobeys a court order, *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43-45 (1991), hampers enforcement of a court order, or acts "in bad faith, vexatiously, wantonly, or for oppressive reasons." *Leon*, 464 F.3d at 961. For the reasons set forth in Defendants' Motion, Defendants have established that Mr. Stanley hampered enforcement of two Court orders, willfully disobeyed two Court orders, and acted in bad faith. *See* ECF No. 4233 at 16-18. In short, Mr. Stanley's violations of the Protective Order were clear and obvious, and Defendants gave Mr. Stanley numerous opportunities to cure these violations, which he willfully ignored.[6] As to the violations of the Court's August 18, 2025 Order, the repeated nature of Mr. Stanley's violations demonstrate that he acted in bad faith and hampered enforcement of the Order. Mr. Stanley's decision to repeatedly ignore Defendants' attempts to compel his compliance also evinces bad faith. The Court has ample evidence before it to make a finding of bad faith and, if necessary, to award Defendants fees on this alternative ground.

**C.    The attorneys' fees Defendants seek are reasonable.**

**1.    All fees caused by Mr. Stanley's violations are recoverable.**

In their Motion, Defendants outlined the basis for seeking the recovery of attorneys' fees they incurred (a) investigating Mr. Stanley's Protective Order violations and attempting to compel Mr. Stanley to comply with the Protective Order without Court intervention; (b) drafting, filing,

---

[6] As a reminder, "[a]t the same time that Mr. Stanley was failing to take several actions required by the August 18, 2025 Order, Mr. Stanley continued to aggressively pursue discovery in his non-MDL cases against Defendants during this time period. Specifically, between August 18, 2025 and August 26, 2025, Mr. Stanley sent at least ten emails to Defendants' MDL counsel and Defendants' counsel in *Smith v. Uber Technologies* related to his continued efforts to obtain discovery in the *Smith* case." *See* ECF No. 4233-2, Veronica Hayes Gromada's Declaration in Support of Motion for Sanctions ("Gromada Decl.") at ¶18.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1    and arguing their Motion to Enforce Protective Order and related filings; and (c) seeking to compel

2    Mr. Stanley to perform the remedial measures required by this Court's August 18, 2025 Order.

3           The central flaw in Mr. Stanley's Opposition is his nonsensical assertion that the Court

4    may award only those fees incurred after the Court's August 18, 2025 Order. In essence, he asks

5    the Court to disregard his long-running and various violations of the Protective Order which led to

6    the motion to enforce in the first place, in an attempt to reset the clock as of August 18, 2025. *See*

7    ECF No. 4421 at 14-15. But Defendants seek fees that were incurred in the MDL as a direct result

8    of Mr. Stanley's violations of **two** Court orders: the underlying Protective Order and the August

9    18, 2025 Order.

10          While it may be convenient for Mr. Stanley to limit his exposure to fees stemming from

11   the latter of his two violations, that is not the way that Rule 37 operates. Rule 37(b)(2)(C) is clear:

12   when a party fails to comply with a court order, the court "must order the disobedient party, the

13   attorney advising that party, or both to pay the reasonable expenses, including attorney's fees,

14   caused by the failure, unless the failure was substantially justified or other circumstances make an

15   award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

16          Unsurprisingly, courts in this District routinely follow Rule 37's mandate and order the

17   award of attorneys' fees for violations of underlying Protective Orders. *See, e.g.*, *L.D., et al. v.*

18   *United Behavioral Health, et al.*, No. 4:20-cv-02254-YGR, Dkt. Entry No. 521 at 7–8 (N.D. Cal.

19   Oct. 7, 2025) (sanctioning the plaintiffs' lawyer and his law firm for protective order violation);

20   *Apple, Inc. v. Samsung Elecs. Co.*, 2014 WL 12596470, at *10 (N.D. Cal. Jan. 29, 2014) (ordering

21   attorneys' fees and costs incurred litigating motion for sanctions for violations of Protective Order

22   under Rule 37).

23          Here, Mr. Stanley violated both the December 28, 2023 Protective Order (ECF No. 176)

24   and the August 18, 2025 Order (ECF No. 3708), and accordingly Defendants may recover all

25   reasonable fees attributable to investigating, conferring about, and litigating Mr. Stanley's

26   violative conduct.

27

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

2.      **The Ninth Circuit permits fee awards based on an attorney declaration**

Mr. Stanley incorrectly asserts, without citing a single supporting authority, that Defendants cannot recover attorneys' fees unless they submit proof of amounts actually paid by the client. *See* ECF No. 4421 at 17 ("Internal time entries reflect only what counsel claims to have done…Without proof of actual payment, Defendants cannot meet their burden"). However, the Ninth Circuit has "clearly established" that an attorneys' fees award may be based on attorney declarations (as well as billing records) "so long as they are sufficiently detailed to enable the court to consider all the factors necessary in setting fees." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946 (9th Cir. 1993) (citations omitted) (finding attorney declarations submitted in support of fees award were satisfactory where they "disclosed the nature of the services rendered in connection with unavailing efforts to obtain discovery, the amount of attorney time so consumed, and the rates at which this time was billed to the client"). Numerous courts in this Circuit have followed the same rule, permitting recovery of attorneys' fees based exclusively on counsel's sworn declarations or other form of evidence showing the hours worked and the rates charged. *See, e.g.*, *Van Gerwen v. Guarantee Mut. Life Co.,* 214 F.3d 1041, 1045 (9th Cir. 2000) (holding that "the party seeking an award of fees must submit evidence supporting the hours worked and the rates claimed") (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)); *DeAnda-Zavala v. IFCO Systems US, LLC*, 2025 WL 3157799, at *5, 6 (E.D. Cal. Nov. 12, 2025) (permitting recovery of attorney's fees based solely on attorney's declaration); *Gopher Media,* 2020 WL 6449193, at *3 (permitting attorneys' fees based solely on attorneys' declarations).

Consistent with this well-established precedent, Defendants submitted detailed evidence supporting their requested fees. The Michael B. Shortnacy Declaration, along with accompanying Exhibit A, specifies the work incurred, each task performed, the attorney who performed it, and the applicable billing rate. *See* ECF No. 4233-3, Exhibit C, Declaration of Michael B. Shortnacy ("Shortnacy Dec."). This satisfies the Ninth Circuit's requirements for fee submissions and

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

provides more than enough information for the Court to assess the reasonableness of the request of fees incurred.

### 3.    Defendants' billing records are detailed and limited to compensable legal work.

Mr. Stanley's remaining challenges–that Defendants supposedly billed for "administrative" tasks, used "block billing," and engaged in duplicative work–are equally unsupported and should be rejected. Mr. Stanley's Opposition is replete with misstatements regarding the attorneys' fees the Defendants seek.

As a threshold matter, contrary to Mr. Stanley's assertions otherwise, Defendants neither used block billing nor charged for purely administrative or clerical tasks. *See, e.g.*, ECF No. 4421 at 16 (claiming Defendants used "[l]arge entries that combine multiple separate tasks [to] obscure whether the time spent on any individual component is reasonable"); ECF No. 4421 at 12 (claiming "Defendants billed for clerical tasks such as reviewing ECF notices, calendaring deadlines, uploading and formatting filings, and internal administrative coordination–all non-compensable regardless of who performs them"). These assertions are fanciful and wholly unsupported by the record.

To the contrary, Defendants submitted detailed, single-entry task descriptions for each attorney fee requested, and did not engage in block billing. Defendants' time entries itemize discrete, substantive litigation tasks–legal research, drafting, analysis, and strategy–and not clerical work. Nothing remotely approaching block-billing is used in Defendants' billing records here. Defendants' entries are narrowly focused, task-specific, and provide more than sufficient detail for the Court to assess their reasonableness.

Mr. Stanley also asserts, without substantiation, that Defendants' billing records reflect "extensive duplication," "repeated research," "serial internal discussions," and "multiple reviews of identical filings." ECF No. 4421 at 16. This argument ignores both the reality of this litigation and the governing legal standard. Counsel here have performed only the tasks necessitated by Mr. Stanley's conduct violating two Court orders. In determining the reasonableness of attorneys' fees,

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1   courts consider "the quality of the representation" and "the complexity and novelty of the issues

2   presented." *In re Hyundai and Kia Fuel Economy Litig.*, 926 F.3d 539, 570 (9th Cir. 2019).

3          Here, counsel were required to: investigate several collateral legal proceedings that were

4   involved in Mr. Stanley's violations of the Protective Order; confer with Defense Counsel and

5   clients in New Jersey and Texas in relation to those violations; review the extensive history of

6   discovery conferrals, orders, and productions in the MDL; and file various documents with the

7   Court, including a Motion for Sanctions, multiple attorney declarations, exhibits detailing the time

8   spent on these activities, a Motion to Seal with accompanying attorney declaration and exhibits,

9   and a Motion to Shorten Time. *See Kim v. Fujikawa*, 871 F.2d 1427, 1435 (9th Cir. 1989)

10  (upholding District Court's finding that attorney hours spent on motion for summary judgment,

11  pre-trial preparation, and post-trial briefing were reasonable given the "complexity of the facts and

12  law"). Moreover, Mr. Stanley did not assist in streamlining this process by fiercely resisting

13  Defendants' efforts at every turn, declining offers to compromise, and forcing Defendants to

14  expend additional time and resources to address his conduct. *See, e.g.*, Gromada Decl. at ¶¶ 4-8;

15  11-19 (detailing Mr. Stanley's obstructive conduct both before and after the August 18, 2025

16  Order).[7]

17         Courts have recognized that where a party's litigation conduct causes its opponent "to have

18  to work harder than [they] otherwise might have," the resulting fees may properly be deemed

19  reasonable. *Facebook, Inc. v. OnlineNIC Inc.*, 2025 WL 510430, at *2 (N.D. Cal. Feb. 14, 2025);

20  *see also Puckett v. Cnty. of Sacramento*, 2024 WL 2304885, at *3 (E.D. Cal. May 21, 2024)

21  ("Based on defendants' conduct and the nature of the dispute the undersigned finds the number of

22

23  ─────────────────

24  [7] To further underscore the reasonableness of the attorneys' fees Defendants are seeking, Defendants have actually incurred significantly more costs and attorneys' fees as a direct result of Mr. Stanley's improper conduct than those fees sought in this Motion. Defendants incurred MDL

25  Protective Order-related fees in four non-MDL matters wherein Mr. Stanley disclosed Confidential Information: *Lord, Smith, Jones,* and *Soto.* At this time, Defendants ask for recovery

26  of only those costs directly tied to and reflecting the work in investigating, seeking compromise, the resulting motion practice, and enforcement in the MDL. Moreover, Defendants have

27  voluntarily reduced the attorneys' fees they are seeking by 10%.

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1    hours expended to be reasonable."). Moreover, in a multi-district litigation of this scale with the

2    commensurate complexity of issues, it is necessary for more than one attorney to assist in drafting

3    and revising work product. *See Kim*, 871 F.2d at 1435 (rejecting claim that because party was

4    represented by more than one attorney, it was "'highly probable' that the hours claimed represented

5    duplicative efforts'" and explaining that given the "complexity of the facts and the law, the hours

6    spent on posttrial briefs were reasonable").

7         This is exactly what occurred here. Defendants' efforts were the direct and foreseeable

8    result of Mr. Stanley's own conduct–his repeated noncompliance, shifting positions, and

9    aggressive opposition to Defendants' reasonable attempts to enforce the Court's orders. Under

10    these circumstances, Defendants' time expended was not only reasonable, but necessary.

11    **III.     CONCLUSION**

12         For all of the above reasons, the Court should award Defendants attorneys' fees as

13    requested.

14

15    DATED: November 24, 2025          Respectfully submitted,

16                                              **SHOOK HARDY & BACON L.L.P.**

17

18                                              By: */s/ Michael B. Shortnacy*
                                                  Michael B. Shortnacy

19

20                                              **KIRKLAND & ELLIS LLP**
                                             LAURA VARTAIN

21                                              ALLISON M. BROWN
                                             JESSICA DAVIDSON

22

23                                              **O'MELVENY AND MYERS LLP**
                                             SABRINA STRONG

24                                              JONATHAN SCHNELLER

25

26                                              **SHOOK, HARDY, & BACON, LLP**
                                             PATRICK OOT (Admitted *Pro Hac Vice*)

27                                                   oot@shb.com

28

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
    adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
    ccotton@shb.com
MARIA SALCEDO (Admitted *Pro Hac Vice*)
    msalcedo@shb.com
JENNIFER HILL (Admitted Pro Hac Vice)
    jshill@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

REPLY IN SUPPORT OF MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB