RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
SARA B. CRAIG (Cal Bar No. 301290)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com
Email: scraig@peifferwolf.com

TIFFANY R. ELLIS (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave
Detroit, MI 48202
Telephone: (313) 572-4727
Facsimile: (415) 840-9435
Email: tellis@peifferwolf.com

CRISTINE FARAH (*Admitted Pro Hac Vice*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
935 Gravier Street, Suite 1600
New Orleans, LA 70112
Telephone: (504) 523-2434
Facsimile: (415) 840-9435
Email: cfarah@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*C.O. v. Uber Technologies, Inc., et al.,*<br>*3:25-cv-02551-CRB* | MDL No. 3084 CRB<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR C.O.**<br><br>Honorable Charles R. Breyer |

### **REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR C.O.**

Counsel for Plaintiff C.O. respectfully submits this reply in support of their motion to withdraw as counsel. *See Docket No. 4432.* This motion was filed after diligent efforts to maintain

communication with Plaintiff. Unfortunately, circumstances outside counsel's control—including the inability to reach Plaintiff and maintain consistent communication—have made continued representation impractical and unreasonably difficult.

Defendants have raised collateral concerns regarding Plaintiff's obligations under PTO 31. Nevertheless, the communication breakdown between attorney and client underscores the impossibility of effective representation under current conditions.

A breakdown in communication and trust between attorney and client constitutes good cause for withdrawal, particularly where withdrawal will not prejudice other parties or delay proceedings. The Court has broad discretion to permit withdrawal under such circumstances, and courts in this Circuit have consistently found it appropriate when counsel cannot maintain contact or cooperation with their clients.

Under California Rule of Professional Conduct 1.16(b)(4), withdrawal is permitted when a client renders it unreasonably difficult for counsel to carry out representation effectively.

Courts consider four factors when ruling on a motion to withdraw: (1) the reason for withdrawal, (2) potential prejudice to other litigants, (3) impact on the administration of justice, and (4) delay in resolving the case. *See Riese v. County of Del Norte, 2013 WL 6056606*, at *1 (N.D. Cal. Nov. 14, 2013). Each factor supports withdrawal here.

1. Reason for Withdrawal. Counsel cannot meaningfully respond to Defendants' filings or advance the litigation without input from the Plaintiff. This factor favors withdrawal.

2. Prejudice to Other Litigants.  Plaintiff is not a bellwether selected case. Plaintiff will receive all relevant materials and can obtain new counsel, proceed pro se, or choose not to pursue further action. There is no delay or prejudice to other litigants.

3. Administration of Justice. Withdrawal will not disrupt the overall MDL proceedings. This case is among more than 2,500 and has no bearing on bellwether scheduling or trials.

4. Delay in Resolution. The earliest potential trial date remains months away, and permitting withdrawal now will not delay the MDL process. Courts routinely grant withdrawal under similar circumstances where client noncommunication prevents effective advocacy. *See, e.g., Capital Commc'ns v. Lucent Techs.*, 2004 WL 201596 (N.D. Cal. Jan. 16, 2004); *El Hage v. U.S. Sec. Assocs.*, 2007 WL 4328809 (N.D. Cal. Dec. 10, 2007); *and Hershey v. Berkeley*, 2008 WL 4723610 (C.D. Cal. Oct. 24, 2008).

Inappropriately, Defendants' response inaccurately insinuates that Plaintiff's counsel failed to adhere to its duty to conduct a reasonable factual investigation prior to filing this complaint. *See Docket No. 4441*. This assertion is baseless and contradicts Plaintiff's filed declaration for C.O. *See Docket No. 4432*. As declared, between July 29, 2024 and November 14, 2025, Plaintiff C.O. did contact our office on seven (7) occasions. Defendants mischaracterize our firm's handling of this case and communication with Plaintiff C.O.

Counsel has made diligent efforts, but is unable to communicate with Plaintiff, leaving counsel unable to continue representation. This Court has previously granted similar motions: *see Docket No. 4426 and 4427*. Under these circumstances, counsel's motion to withdraw should be granted for C.O.

## CONCLUSION

For these reasons, counsel's motion to withdraw for Plaintiff C.O. should be granted.

DATED: November 25, 2025                RESPECTFULLY SUBMITTED,

By: /s/ *Rachel Abrams*

RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
SARA B. CRAIG (Cal Bar No. 301290)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com

awolf@peifferwolf.com
scraig@peifferwolf.com

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 25, 2025, I electronically transmitted the foregoing **REPLY IN SUPPORT OF WITHDRAW** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Rachel B. Abrams*
RACHEL B. ABRAMS