[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF ROOPAL P. LUHANA, ESQ. IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION FOR ORDER ESTABLISHING COMMON FACT DISCOVERY CUT-OFF** |
| This Document Relates to:<br><br>All Cases | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

I, Roopal P. Luhana, declare and state as follows:

1. I am an attorney in the law firm of Chaffin Luhana LLP, appointed Co-Lead counsel for Plaintiffs in the above-captioned Multi-District Litigation. I am a member of the State Bar of New York and am admitted pro hac vice to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this Declaration in support of Plaintiffs' response in opposition to Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's ("Defendants" or "Uber") motion seeking a November 14, 2025 MDL-wide common fact discovery cut-off.

3. In conjunction with the October 14, 2025 continued Rule 30(b)(6) deposition of Sunny Wong concerning S-RAD, Plaintiffs requested additional information about Uber's supply plan retention policy and S-RAD percentiles, which Uber hast not produced.

4. During the November 7, 2025 30(b)(6) deposition of Todd Gaddis regarding "Flack" data systems, Plaintiffs learned for the first time of new and previously undisclosed data sources which contain data about every trip Uber sold. This data was not previously identified or produced despite being directly responsive to discovery requests about driver supply and trips on the Uber platform and is directly relevant to core issues in this litigation, including regarding alternative drivers that Uber could have sent to each plaintiff.

5. Plaintiffs requested supplementation regarding women to women matching ("W2W") on October 6, 2025, covering December 1, 2024 through October 1, 2025.

6. On October 28, 2025, Uber agreed to conduct custodial collections for several key individuals involved in the program and to produce responsive documents on a rolling basis. Uber also represented that W2W materials were being collected and that responsive documents would be produced on a rolling basis beginning in early December.

7. In October and November 2025, Special Master Jones determined that over 100 documents Uber withheld or attempted to clawback as privileged were not privileged or over-redacted and must be produced.

8. Defendants clawed back additional documents on November 24, 2025.

9. Upon information and belief, at least 84 cases have been filed in this MDL with sexual assault incident dates in 2025, with 25 such 2025 incident cases filed since August 2025.

10. Plaintiffs have outstanding subpoenas to Lyft seeking documents concerning sexual-assault incidents and related complaints involving subject drivers (many of whom operate on both the Uber and Lyft platforms).

11. Plaintiffs are continuing to work with Checkr to obtain information that was not previously produced in response to subpoenas.

I declare under penalty of perjury that the foregoing is true and correct. Executed on November 25, 2025, in Brooklyn, New York.

*/s/ Roopal P. Luhana*
Roopal P. Luhana