ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | Date:        January 16, 2026 |
| *A.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07699-CRB | Time:        10:00 a.m. |
| | Courtroom:  6 – 17th Floor |

*A.D. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07091-CRB

*A.E. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07668-CRB

*A.P. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07148-CRB

*C.F. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07698-CRB

*CLF T.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04281-CRB

*D.V. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07747-CRB

*J.K.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07734-CRB

*Jane Doe LS 618 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06160-CRB

*Jane Doe LS 619 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06243-CRB

*Jane Doe LS 620 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06249-CRB

*Jane Doe LS 621 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06297-CRB

*Jane Doe LS 622 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06306-CRB

*Jane Doe LS 625 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06539-CRB

*Jane Doe LS 626 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06541-CRB

*Jane Doe LS 627 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06547-CRB

*Jane Doe LS 628 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-06552-CRB

*Jane Doe LS 630 v. Uber Technologies Inc., et al.,* No. 3:25-cv-06861

*Jane Doe LS 633 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07285-CRB

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

*Jane Doe LS 634 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07323-CRB

*Jane Doe LS 639 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07616-CRB

*Jane Doe LS 640 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07628-CRB

*Jane Doe LS 641 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07844-CRB

*Jane Doe LS 642 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07894-CRB

*Jane Doe NLG (A.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07407-CRB

*Jane Doe NLG (A.H.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07400-CRB

*Jane Doe NLG (D.L.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07478-CRB

*Jane Doe NLG (J.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07482-CRB

*Jane Doe NLG (J.L.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07545

*Jane Doe NLG (L.F.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07542-CRB

*Jane Doe NLG (L.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07423-CRB

*Jane Doe NLG (N.T.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07540-CRB

*Jane Doe NLG (R.H.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07403-CRB

1   *Jane Doe NLG (S.M.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-
2   07543-CRB

3   *Jane Doe NLG (T.P.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-
4   07484-CRB

5   *Jane Doe NLG (V.M.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-
6   07467-CRB

7   *Jane Doe NLG 2 (M.P.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-
8   07312-CRB

9   *Jane Roe CL 192 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06608-CRB
10

11  *Jane Roe CL 195 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06735-CRB

12  *Jane Roe CL 198 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06822-CRB
13

14  *Jane Roe CL 201 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06826-CRB

15  *Jane Roe CL 202 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07377-CRB
16

17  *Jane Roe CL 203 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07379-CRB

18  *Jane Roe CL 204 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07472-CRB
19

20  *Jane Roe CL 205 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07763-CRB

21  *John Doe LS 15 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07862-CRB
22

23  *John Roe CL 8 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07768-CRB

24  *K. H. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07700-CRB
25

26  *M.T. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07831-CRB

27

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

1    *M.W. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-07753-CRB

2

3    *R.N. 02 v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07097-CRB

4    *S.S. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-07149-CRB

5

6    *S.W. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-07695-CRB

7    *T.K. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-06734-CRB

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on January 16, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") will, and hereby do, move this Court for an order dismissing without prejudice the claims of the above-listed Plaintiffs on the grounds that Plaintiffs have failed to prosecute their cases and have failed to comply with Amended Pretrial Order No. 10.

This Motion is made pursuant to Amended Pretrial Order No. 10 (ECF No. 4287) and Rules 16(f)(1)(C), 37(b)(2)(A)(v), and 41(b) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: November 26, 2025

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*
   MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

1

## STATEMENT OF RELIEF SOUGHT

2

Pursuant to the procedures set forth in Amended Pretrial Order No. 10 ("Amended PTO 10"),

3

Uber seeks an order dismissing the above-captioned Plaintiffs' cases without prejudice for failure to

4

timely and substantially comply with Amended PTO 10.

5

## MEMORANDUM OF POINTS AND AUTHORITIES

6

In March 2024, this Court entered Pretrial Order No. 10, which ordered each Plaintiff to submit

7

a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed

8

declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record

9

release Authorizations," and was accompanied by a production of "the requested documents." ECF

10

No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2025, the PFS were due within sixty

11

days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in,

12

removed to, or transferred to this MDL. *Id.* at 5-6.

13

As the litigation progressed, many Plaintiffs failed to comply with their court ordered

14

obligation to timely submit a substantially complete PFS, and Uber was forced to seek dismissal of

15

those Plaintiffs' cases for non-compliance and failure to prosecute. *E.g.*, ECF No. 3731; ECF No.

16

4181; ECF No. 4203. In response to Uber's motions, this Court ordered the relevant Plaintiffs to

17

comply with PTO 10 within fourteen days or have their cases dismissed without prejudice. ECF

18

No. 3922. Then, with the other motions still pending, on October 31, 2025, the parties filed a

19

stipulation proposing amendments to PTO 10. ECF No. 4274. The Court granted the stipulation on

20

November 3, 2025. ECF No. 4286.

21

Amended PTO 10 contains both additional substantive requirements related to Plaintiffs' PFS

22

and a procedure for addressing Plaintiffs' failures to comply with the Order's requirements. ECF No.

23

4274-1; ECF No. 4286. Substantively, Amended PTO 10 requires Plaintiffs to, within thirty days of

24

the entry of the revised Order or thirty days of submitting their PFS, produce their medical and/or

25

therapy records and police reports, law enforcement and forensic records relating to the alleged

26

incident. ECF No. 4274-1 at 4-5. If a Plaintiff does not have such records, counsel must order the

27

records within thirty days and produce them within fourteen days of receipt. *Id.* Procedurally,

28

1    Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber

2    may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's Amended PTO 10

3    violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at

4    8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue Discovery,

5    Uber may, move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

6        The Plaintiffs listed in the above caption and Exhibit A to the attached Declaration of

7    Michael B. Shortnacy have all failed to comply with their Amended PTO 10 obligations. The specifics

8    of their non-compliance are detailed in Exhibit A. Shortnacy Decl. ¶ 6. Uber served each of these

9    Plaintiffs with a Notice of Overdue Discovery on a date, more than thirty days ago, as specified in

10   Exhibit A. *Id.* Plaintiffs have failed to cure their non-compliance with Amended PTO 10 and thus,

11   following the procedures specified in that Order, Uber respectfully moves the Court to dismiss their

12   complaints without prejudice. *Id.*

13       As set forth above, Uber has already briefed, and this Court has already resolved, motions

14   dealing with Plaintiffs' failure to comply with PTO 10, and Uber will not restate the relevant law at

15   length. This Court has already recognized that "Plaintiffs' failure to provide substantially complete

16   and verified fact sheets has caused prejudice to Uber" and that dismissal without prejudice is an

17   appropriate remedy. ECF No. 3922. This Court should follow its own prior decision and the decisions

18   of numerous other courts and dismiss Plaintiffs' claims for failure to comply with a court order and

19   prosecute their cases. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217,

20   1232-1234 (9th Cir. 2006) (affirming dismissal with prejudice of cases for failure to submit complete

21   PFS); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (*In re Taxotere*), 966 F.3d 351, 354 (5th Cir.

22   2020) (affirming dismissal with prejudice for late and incomplete PFS); *In re Guidant Corp.*

23   *Implantable Defibrillators Prods. Liab. Litig.*, 496 F.3d 863, 865-66 (8th Cir. 2007) (same); *In re*

24   *Mirena IUD Prods. Liab. Litig.*, No. 13-MD-2434, 2015 WL 10433457, at *2 (S.D.N.Y. Mar. 5, 2015)

25

26   _____

27   [1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal without prejudice based on such deficiencies. However, this Motion only pertains to Plaintiffs that have failed to submit a PFS altogether and therefore this provision is not applicable here.

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

(dismissing with prejudice for PFS deficiencies); *In re Zicam Cold Remedy Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 09–md–2096, 2011 WL 3438862, at *2 & n.1 (D. Ariz. Aug. 5, 2011) (same).

<u>**ARGUMENT**</u>

Federal Rule of Civil Procedure 41(b) empowers a court to dismiss a plaintiff's case for failure to comply with a court order. Federal Rule of Civil Procedure 37(b)(2) likewise provides a court with the authority to dismiss an action for failure "to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A)(v). Pursuant to both Rule 41(b) and Rule 37(b)(2), dismissal without prejudice of Plaintiffs' claims is justified here.

**I.    PLAINTIFFS' CLAIMS SHOULD BE DISMISSED PURSUANT TO RULE 41(B).**

Uber moves for dismissal of Plaintiffs' claims under Rule 41(b) due to their continued non-compliance with Amended PTO 10. When deciding whether to dismiss a case for non-compliance with a court order under Rule 41(b), a district court considers five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (internal quotation omitted). These factors favor dismissal of Plaintiffs' claims without prejudice.

**A.    The First Two *Malone* Factors: The Public Interest in Expeditious Resolution of Litigation and the Court's Need to Manage Its Docket Support Dismissal.**

The first factor, the public's interest in expeditious resolution of the litigation, "always favors dismissal." *Pagtalunan* v. *Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (internal citation omitted).

The second factor, the Court's need to manage its docket, also strongly supports granting dismissal without prejudice. Adherence to orders like Amened PTO 10 is particularly important in an MDL, where there are hundreds or thousands of individual cases to manage, and non-compliance "unfairly divert[s] the time and attention of the court away" from Plaintiffs who are diligently pursuing their claims. *In re Guidant*, 496 F.3d at 867. The "district judge must establish schedules with firm cutoff dates if the coordinated cases are to move in a diligent fashion toward resolution by motion, settlement, or trial." *In re PPA*, 460 F.3d at 1232. "Pretrial orders . . . 'are the engine that drives

1    disposition on the merits'" and a court's "willingness to resort to sanctions in the event of

2    noncompliance can ensure that the engine remains in tune, resulting in better administration of the

3    vehicle of multidistrict litigation." *In re 3M Combat Arms Earplug Prods. Liab. Litig.*, No. 3:19-MD-

4    2885, 2022 WL 2045350, at *1 (N.D. Fla. May 24, 2022) (internal quotation omitted). After all, "when

5    parties fail to comply with deadlines set in pretrial orders, a domino effect develops, resulting in the

6    disruption of other MDL cases." *In re 3M Combat Arms Earplug Prods. Liab. Litig*., No. 3:19-MD-

7    2885, 2022 WL 2792258, at *2 (N.D. Fla. May 2, 2022).

8        It is uncontested that here, as in *In re PPA*, Plaintiffs have failed to comply with Amended

9    PTO 10. The first two *Malone* factors consequently weigh in favor of dismissing Plaintiffs' claims.

10
11        **B.    The Third _Malone_ Factor: Plaintiffs' Violation of Amended PTO 10 Has
        Prejudiced Uber.**

12        A defendant is prejudiced when "the plaintiff's actions impair the defendant's ability to go to

13    trial or threaten to interfere with the rightful decision of the case." *In re PPA*, 460 F.3d at 1227 (internal

14    quotation omitted). "Failure to produce documents as ordered . . . is considered sufficient prejudice"

15    to justify dismissal. *Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

16        Plaintiffs' failure to comply with Amended PTO 10 prejudices Uber by impairing its ability to

17    defend itself in this MDL and prepare for trial. *See Computer Task Grp., Inc. v. Brotby*, 364 F.3d 1112,

18    1116 (9th Cir. 2004). The PFS is essentially the only way for defendants to obtain "the specific

19    information necessary to defend the case against" them. *In re PPA*, 460 F.3d at 1234. The PFS asks

20    Plaintiffs to provide basic but crucial information regarding the alleged incident and their alleged

21    damages. *E.g.*, Am. PFS at 7, 13, ECF No. 360-2. Only Plaintiffs possess this information "regarding

22    the critical elements of their claims," *In re PPA*, 460 F.3d at 1234, and if it is incomplete or inaccurate,

23    Uber cannot assess Plaintiffs' cases and mount an effective defense, *see In re Bextra & Celebrex Mktg.*

24    *Sales Pracs. & Prods. Liab. Litig.*, No. MDL 1699, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007)

25    (Breyer, J.). Failure to provide a complete, verified PFS "raise[s] questions about the credibility of the

26    information that has been obtained," rendering it "of no use for assessing whether claims should

27    proceed to trial, settlement, or dismissal" and making "the entire process… a waste of everyone's time

28

4

1  and resources." *In re Yasmin & Yaz (Drospirenone) Mktg., Sales Pracs. & Prods. Liab. Litig.*, No.

2  3:09–md–02100, 2011 WL 3035087, at *2 (S.D. Ill. July 25, 2011). Under those circumstances,

3  "defendants have been substantially prejudiced by their inability to learn the most basic facts about

4  these plaintiffs' claims." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, No. 10-2258, 2012

5  WL 629747, at *2 (E.D. La. Feb. 27, 2012).

6  In addition, Uber has already suffered prejudice because "in order to assess the merits of the

7  claims against it, [Uber] has spent great time and expense identifying deficiencies, providing notices

8  of the deficiencies, and filing discovery motions." *In re Zostavax*, No. 2:18-md-02848, 2020 WL

9  1506434, at *4 (E.D. Penn. March 30, 2020). Given the prejudice Uber has suffered and will continue

10  to suffer, dismissing Plaintiffs' cases is a justified consequence.

11
12  **C.    The Fourth *Malone* Factor: Plaintiffs Are Not Entitled to the Benefit of the Public Policy Favoring Disposition on the Merits.**

13  A "case that is stalled or unreasonably delayed by a party's failure to comply with deadlines

14  and discovery obligations cannot move forward toward resolution on the merits." *In re PPA*, 460 F.3d

15  at 1228. These cases cannot be litigated or tried while Plaintiffs continue to refuse to follow the Court's

16  order to produce verifications for their most recent amended PFS. Hence, the preference for resolving

17  cases on the merits does not weigh in Plaintiffs' favor. *In re Bextra*, 2007 WL 3022241 at *1

18  (preference for resolving cases on the merits did "not weigh in favor of plaintiffs at all" due to failure

19  to comply with court orders).

20
21  **D.    The Fifth *Malone* Factor: There Are No Less Drastic Sanctions Available.**

22  The Court must consider the availability of alternative sanctions when deciding whether to

23  dismiss a case for non-compliance with court orders. *Malone*, 833 F.2d at 131–32. But that does not

24  mean the court must somehow exhaust every possible alternative before ordering dismissal.

25  *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986).

26  In the past, Plaintiffs have attempted to avoid the sanction of dismissal by proffering excuses

27  for their failure to comply with this Court's orders. *See, e.g.*, ECF No. 3605 at 1; ECF No. 3610 at 4.

28

5

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

1   But courts have rejected such excuses, including "the difficulty in locating clients, the debilitating

2   nature of the injuries at issue, and the burden of complying with other case management orders." *In re*

3   *PPA*, 460 F.3d at 1233. MDL courts frequently dismiss plaintiffs' claims notwithstanding their

4   excuses for noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition*

5   *Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019). These orders are

6   regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere*, 966 F.3d at 360-

7   61; *In re Guidant*, 496 F.3d at 865–66. Additionally, dismissal is warranted because all the Plaintiffs

8   at issue in this motion have been warned of their noncompliance with Amended PTO 10 and the

9   possibility of dismissal. *See Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997). Courts have

10  recognized that dismissal is an appropriate remedy where a party has previously been warned about

11  its non-compliance with a court order and still failed to comply. *Degrelle v. Simon Wiesenthal Ctr.*,

12  883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC*, No. 19-cv-01848-VC, 2020 WL

13  2528935, at *4 (N.D. Cal. April 16, 2020).

14  **II.     PLAINTIFFS' WILLFUL VIOLATION OF AMENDED PTO 10 WARRANTS**

15  **DISMISSAL UNDER RULE 37(B)(2).**

16      "The standards governing dismissal for failure to obey a court order are basically the same

17  under either" Rule 41(b) or Rule 37(b)(2). *Malone*, 833 F.2d at 130. "Rule 37 sanctions, including

18  dismissal, may be imposed where the violation [of a court order] is 'due to willfulness, bad faith, *or*

19  fault of the party.'" *In re PPA*, 460 F.3d at 1233 (quoting *Fair Hous. of Marin Cnty.* v. Combs, 285

20  F.3d 899, 905 (9th Cir. 2002)). "Disobedient conduct not shown to be outside the litigant's control

21  meets this standard." *Id.* The Plaintiffs at issue in this motion have willfully violated Amended PTO 10

22  by not providing a PFS as required, and despite receiving notice of their failure, and they have not

23  demonstrated that it was impossible for them to comply with the Order of the Court. Dismissal is thus

24  warranted under Rule 37. *See In re PPA*, 460 F.3d at 1232–34.

25                              **CONCLUSION**

26      Through its prior orders, the Court has already very clearly notified Plaintiffs of their obligation

27  to provide timely and complete PFS under Amended PTO 10. Uber has also notified Plaintiffs of the

28

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

risk of dismissal via a Notice of Overdue Discovery and otherwise followed the procedures required by Amended PTO 10. Despite these repeated notices and additional time to comply, Plaintiffs have failed to do so. This Court should provide the relief contemplated by Amended PTO 10 and dismiss these Plaintiffs' claims without prejudice.

Dated: November 26, 2025

SHOOK, HARDY & BACON L.L.P.
By: */s/ Michael B. Shortnacy*
   MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB