UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc. et al.*, Case No. 3:23-cv-06708-CRB | Case No. 3:23-md-03084-CRB<br><br>**[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR (1) POSTPONEMENT OF FIRST BELLWETHER TRIAL AND RELATED RELIEF, AND (2) THIRD-PARTY SUBPOENA REGARDING MISLEADING AD CAMPAIGN** |

1

**[PROPOSED] ORDER**

Having considered Defendants' Motion for (1) Postponement of First Bellwether Trial and Related Relief, and (2) Third-Party Subpoena Regarding Misleading Ad Campaign, the Court finds that:

1. Exercising its judgment and guided by its inherent power "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants," *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936), the Court postpones the first bellwether trial, *Jaylynn Dean v. Uber Technologies, Inc. et al.*, Case No. 3:23-cv-06708-CRB, until such time as all advertising by Consumer Attorneys of California in its Every 8 Minutes campaign has ceased and an additional ninety-day cooling-off period has passed.

[OR]

1. The Court finds it appropriate to restrain publication of Consumer Attorneys of California's Every 8 Minutes Campaign in the states where the Court anticipates holding Wave 1 bellwether trials. Those states are Arizona, California, and North Carolina. The Court finds that (1) the facts show a substantial likelihood of material prejudice to an adjudicative proceeding; (2) this jurisdiction-limited order is narrowly drawn and affects only one advertising campaign in three states; and (3) no less restrictive alternatives are available.

2. Further, the Court finds that the "essential demands of fairness" require it to probe the venire in *Jaylynn Dean v. Uber Technologies, Inc. et al.*, Case No. 3:23-cv-06708-CRB with additional questions regarding Consumer Attorneys of California's Every 8 Minutes campaign. If any member of the jury pool indicates that they have seen this campaign in any form, the Court will conduct further voir dire on the topic of this advertising privately.

3. If the Court's expanded, private voir dire on the Every 8 Minutes campaign establishes actual prejudice to Uber during jury selection, Uber shall be afforded the opportunity to seek dismissal of the *Dean* case based on that prejudice.

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR (1) POSTPONEMENT OF FIRST BELLWETHER TRIAL AND RELATED RELIEF, AND (2) THIRD-PARTY SUBPOENA REGARDING MISLEADING AD CAMPAIGN

Case No. 3:23-md-03084-CRB

4. Finally, given the risk that the Every 8 Minutes campaign poses to tainting the jury pool, the Court permits Uber to prepare and serve a subpoena on Consumer Attorneys of California under Rule 45. This subpoena as described is relevant to more cases than *Jaylynn Dean v. Uber Technologies, Inc. et al.*, Case No. 3:23-cv-06708-CRB, including those in the Wave 2 bellwether pool and beyond. Therefore, this subpoena may not be sidestepped or avoided merely because of timing arguments or arguments that the *Dean* trial is imminent.

**IT IS SO ORDERED.**

Dated: _____, 202_          _____
                                     HON. CHARLES R. BREYER
                                     United States District Court Judge

[PROPOSED] ORDER REGARDING DEFENDANTS' MOTION FOR (1) POSTPONEMENT OF FIRST BELLWETHER TRIAL AND RELATED RELIEF, AND (2) THIRD-PARTY SUBPOENA REGARDING MISLEADING AD CAMPAIGN

Case No. 3:23-md-03084-CRB