Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*ALL WAVE 1 BELLWETHER CASES* | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4483]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |

## **DEFENDANTS' STATEMENT IN SUPPORT OF SELAING**

Pursuant to Civil Local Rules 79-5(f)(3) and (c)(1) and the Protective Order entered in this case dated December 28, 2023, ECF 176 ("Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively "Uber"), respectfully submit this statement in support of Plaintiffs' Administrative Motions to Consider Whether Another Party's Material Should Be Filed Under Seal, dated November 25, 2025, ECF 4483 ("Plaintiffs' Motion").

The Court has previously sealed documents containing confidential information about Uber's proprietary Safety Risk Assessed Dispatch system, referred to internally as "S-RAD." *See* ECF 3868 (granting ECF 3910 at 9-10). In fact, Judge Breyer has allowed the data inputs for S-RAD to be sealed in bellwether complaints, even under the more stringent "compelling reasons" standard (ECF 2858)—a much more demanding standard than the lower "good cause" standard applicable here. Defendants respectfully ask the Court to do likewise here and grant their narrowly tailored request to seal. Defendants seek only a single limited redaction of proprietary, confidential technical information consisting of the average S-RAD score for a particular region and time period. *See* ECF 4482 at 2, ¶ 2 ("The average S-RAD score for daytime trips in CityID 26 (covering Phoenix, AZ and Tempe, AZ) over a 7-day period ending on June 28, 2024 was **[REDACTED]**.")

**I.    BACKGROUND AND REQUESTED SEALING**

Plaintiffs' Motion concerns a single proposed redaction in the Stipulation and [Proposed] Order Regarding S-RAD Scores ("Stipulation"), filed November 25, 2025, ECF 4482:

| Document | Description | Defendants' Request |
|---|---|---|
| Redacted Stipulation and Proposed Order Regarding S-RAD Scores (ECF 4483-3; redacted version filed at ECF 4482) | Confidential information regarding S-RAD score data. | Seal in part (single redaction at end ¶ 1, p.2) |

**II.    LEGAL STANDARD**

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02

2

DEFENDANTS' STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4483]
Case No. 3:23-MD-3084-CRB

1  (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing
2  an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression,
3  or undue burden or expense." Fed. R. Civ. P. 26(c).

4        The document at issue here is a stipulation of fact and the redacted information has no bearing
5  on the public's ability to understand the merits of the litigation. Neither the Stipulation nor the
6  redacted fact are related to a dispositive motion. *See* Cummings Decl. ¶ 4. Therefore, the good cause
7  standard applies. *Roar Spirits, LLC v. Sutter Home Winery, Inc.*, 2025 WL 524654, at *2 (N.D. Cal.
8  Feb. 18, 2025) (applying good cause standard to motion to seal a stipulation to admit administrative
9  record); *see also Gutierrez v. Converse Inc.*, 2024 WL 3075824, at *4 (C.D. Cal. May 21, 2024)
10 (applying good cause standard to motion to seal parties' stipulation); *Vans, Inc. v. Walmart, Inc.*, 2023
11 WL 12074014, at *1 (C.D. Cal. Apr. 24, 2023) (same); *Simplehuman, LLC v. iTouchless Housewares*
12 *& Prods., Inc.*, 2020 WL 6192012, at *2 (C.D. Cal. Feb. 20, 2020) (same); *SEC v. Moshayedi*, 2013
13 WL 12172128, at *1 (C.D. Cal. June 18, 2013); *Stamps.com, Inc. v. Endicia, Inc*, 2008 WL 11339111,
14 at *1 (C.D. Cal. Sept. 12, 2008) (same). Regardless of whether the good cause or compelling reasons
15 standard applies, ample reasons exist to justify the narrow sealing requested.

16       District Courts have discretion to balance the interests of private parties and public disclosure
17 when deciding to seal documents. *Kamakana*, 447 F.3d at 1180. Sealing is justified based on the risk
18 of competitive harm when public disclosure would provide competitors insight into a party's "internal
19 systems and operations, including details related to internal projects and their proprietary
20 functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022); *see*
21 *also Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. 2023) (sealing
22 confidential information such as "propriet[ar]y information about a [party's] products"). Courts will
23 seal information that would allow competitors to "replicate [a party's] development of [technology]
24 without expending the resources [the party] invested." *E. W. Bank v. Shanker*, 2021 WL 3112452, at
25 *17 (N.D. Cal. July 22, 2021); *see also CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*,
26 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal
27 report about the efficacy of the company's products" because it "is a 'compilation of information
28 which is used in [the company's] business' and gives the company 'an opportunity to obtain an

1  advantage over competitors who do not know or use it,'"); *Williams v. Apple, Inc.*, 2021 WL 2476916,
2  at *4 (N.D. Cal. June 17, 2021) (granting motion to seal "exhibits that comprise internal Apple
3  documents on iCloud's development and technical metrics"); *Exeltis USA Inc. v. First Databank, Inc.*,
4  2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting motion to seal when "public release of
5  these documents could give non-party competitors an unfair advantage in the development or
6  marketing of rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *4 (N.D. Cal.
7  Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or
8  recreate features of Defendants' products."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at
9  *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing,
10 development, and evaluation processes"); *Ashcraft v. Welk Resort Grp., Corp.*, 2019 WL 12518367,
11 at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer"
12 Experian's systems).

13 Likewise, sealing is justified based on the risk that disclosure could allow third parties,
14 including malicious actors, to circumvent a proprietary technology's effectiveness or security
15 measures. *See, e.g., Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves
16 could use … to develop methods to circumvent Experian's protections"); *Campbell v. Facebook, Inc.*,
17 2015 WL 12965295, *2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could
18 cause Facebook competitive harm and compromise the technology of the products, harming Facebook
19 and Fakebook's end users).

20 **III.    UBER'S MATERIAL SHOULD BE KEPT UNDER SEAL**

21 The single redaction Defendants seek to seal consists of proprietary, confidential technical
22 information, specifically the average S-RAD score for a particular region and time period. *See*
23 Cummings Decl. ¶¶ 2-3. Defendants therefore submit this request that the Court seal the unredacted
24 version of the Stipulation under Local Rule 79-5(f)(3) and (c)(1).  There are no less restrictive
25 alternatives to sealing the unredacted Stipulation—Defendants seek only a single, narrowly tailored
26 redaction. *See* Cummings Decl. ¶ 7.

27
28

### A. Failing to Seal the Unredacted Stipulation Would Harm Uber

Uber's S-RAD system is a confidential and proprietary trip-matching safety assessment technology. *See* Decl. of Sunny Wong, ECF 4470-35 ¶ 3 ("Wong Decl.").

As Uber's Director, Applied Science for Safety Sunny Wong previously declared, this technology is "a highly confidential trade secret," the details of which are "unknown to Uber's competitors, and their disclosure would result in a competitive disadvantage to Uber" in the "highly competitive space" in which Uber operates. *Id.* ¶ 5. "Addressing challenges that face the ridesharing industry is a key part of Uber's business, and disclosure of research, processes, and technology that Uber has developed and continues to refine would be injurious to Uber's competitive standing." *Id.* "S-RAD and its level of sophistication is unique to Uber." *Id.* ¶ 7. Disclosing S-RAD scores would provide competitors insights and visibility into Uber's trade secrets, which even on a limited basis could allow competitors to begin to reverse engineer this highly confidential technology that "Uber has not revealed publicly and has gone to great lengths to safeguard, [causing] competitive harm to Uber." *Id.* ¶ 8; Cummings Decl. ¶ 5. Indeed, this Court has recognized the highly sensitive, proprietary nature of this advanced safety technology and sealed documents containing confidential information about S-RAD under both the good cause and compelling reasons standards. *See* ECF 3868; ECF 2858; *see also Skillz Platform Inc.*, 2023 WL 6135556, at *2; *Calhoun*, 2022 WL 1122843, at *2; *E. W. Bank*, 2021 WL 3112452, at *17; *CertainTeed Gypsum, Inc.*, 2021 WL 6621061, at *2; *Williams*, 2021 WL 2476916, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *2; *Finjan, Inc.* 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016); *Kowalsky*, 2012 WL 892427, at *4; *Ashcraft*, 2019 WL 12518367, at *2.

"Uber has expended significant time and money in the research and development of S-RAD and has maintained documents and communications related to that research and development under strict confidentiality." Wong Decl. ¶ 7. While "some limited and general information about S-RAD" and its existence has been publicly disclosed, "the details" have not been "revealed publicly." *Id.* ¶ 8.

Not only would disclosure pose a risk of competitive harm to Uber, but "public disclosure of information about the details of S-RAD to the public, such as information about variables that impact S-RAD scores and trip-matching functions, may allow users of the Uber platform or other individuals

to take steps to undermine or circumvent S-RAD's effectiveness." *Id.* ¶ 10; *see also, e.g., Ashcraft*, 2019 WL 12518367, at *2; *Campbell*, 2015 WL12965295, *2.

Balanced against these compelling reasons to maintain the redacted information under seal is the complete absence of any public interest in the disclosure of the "average S-RAD score for daytime trips in" a portion of Arizona "over a 7-day period ending on June 28, 2024." ECF 4482 at 2, ¶ 2; *See* Cummings Decl. ¶ 6. This minor detail adds nothing to the public's understanding of the merits of this litigation. Defendants therefore respectfully ask the Court to maintain the unredacted version of the Stipulation under seal.

**B. Any Less Restrictive Alternative to Partial Sealing is Insufficient to Prevent Harm**

There are no less restrictive alternatives to sealing the unredacted Stipulation—Defendants seek only a single, narrowly tailored redaction. *See* Cummings Decl. ¶ 7.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the unredacted Stipulation be maintained under seal.

DATED: December 2, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.

1
2
3
4

Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28