Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*ALL WAVE 1 BELLWETHER CASES* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, RASIER-CA, LLC'S UNOPPOSED STATEMENT IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE SEALED [ECF NO. 4483]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

1  I, Daniel Cummings, declare:

2      1.    I am a partner at the law firm of Shook, Hardy & Bacon LLP, attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC, (collectively, "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Statement in Support of Plaintiffs' Administrative Motion to Consider Whether Another Party's Materials Should Be Sealed, dated November 25, 2025, ECF 4483 ("Plaintiffs' Motion" and "Statement in Support of Sealing").

    2.    I have reviewed the Stipulation and [Proposed] Order Regarding S-RAD Scores ("Stipulation"), filed November 25, 2025, ECF 4482 and 4483-3.

    3.    Defendants seek only a single limited redaction to the Stipulation. The redacted information consists of proprietary, confidential technical information, specifically the average S-RAD score for a particular region and time period. *See* ECF 4482 at 2, ¶ 2 ("The average S-RAD score for daytime trips in CityID 26 (covering Phoenix, AZ and Tempe, AZ) over a 7-day period ending on June 28, 2024 was [REDACTED].")

    4.    The Stipulation is a stipulation of fact and, on information and belief, the redacted piece of information has no bearing on the public's ability to understand the merits of the litigation. Neither the Stipulation nor the redacted fact are related to a dispositive motion.

    5.    On information and belief, disclosing S-RAD scores would provide competitors insights and visibility into Uber's trade secrets, which even on a limited basis could allow competitors to begin to reverse engineer this highly confidential technology that Uber has not revealed publicly and has gone to great lengths to safeguard, causing competitive harm to Uber.

    6.    There is no public interest in the disclosure of the average S-RAD score for daytime trips in a portion of Arizona over a 7-day period ending on June 28, 2024. On information and belief, this minor detail adds nothing to the public's understanding of the merits of this litigation.

1  7. There are no less restrictive alternatives to sealing the unredacted Stipulation—
2 Defendants seek only a single, narrowly tailored redaction.

4  I declare under penalty of perjury under the laws of the United States of America that the
5 foregoing is true and correct.

7 Executed on December 2, 2025.   By: */s/ Daniel Cummings*
                                       Daniel Cummings