John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>Honorable Charles R. Breyer<br><br>**WILLIAMS HART & BOUNDAS PLAINTIFFS' RULE 26(g) CERTIFICATION PURSUANT TO THE COURT'S ORDER DATED NOVEMBER 19, 2025 [DOC. 4442]** |
| This Document Relates to:<br><br>*WHB 1478 v. Uber Technologies, Inc., et al., No. 3:24-cv-04833*<br><br>*WHB 1123 v. Uber Technologies, Inc., et al., No. 3:24-cv-04850*<br><br>*WHB 1144 v. Uber Technologies, Inc., et al., No. 3:24-cv-04859* | Date: December 12, 2025<br>Time: 10:00 am<br>Courtroom: 6 – 17th Floor |

1
2  *WHB 196 v. Uber Technologies, Inc., et al., No. 3:24-cv-04886*

3  *WHB 526 v. Uber Technologies, Inc., et al., No. 3:24-cv-04901*

4
5  *WHB 950 v. Uber Technologies, Inc., et al., No. 3:24-cv-04931*

6  *WHB 1936 v. Uber Technologies, Inc., et al., No. 3:24-cv-04950*

7
8  *WHB 1387 v. Uber Technologies, Inc., et al., No. 3:24-cv-04958*

9  *WHB 175 v. Uber Technologies, Inc., et al., No. 3:24-cv-04982*

10
11  *WHB 1916 v. Uber Technologies, Inc., et al., No. 3:24-cv-05003*

12  *WHB 1845 v. Uber Technologies, Inc., et al., No. 3:24-cv-05015*

13
14  *WHB 1891 v. Uber Technologies, Inc., et al., No. 3:24-cv-05037*

15  *WHB 979 v. Uber Technologies, Inc., et al., No. 3:24-cv-05082*

16
17  *WHB 649 v. Uber Technologies, Inc., et al., No. 3:24-cv-05095*

18  *WHB 1425 v. Uber Technologies, Inc., et al., No. 3:24-cv-05129*

19
20  *WHB 427 v. Uber Technologies, Inc., et al., No. 3:24-cv-05132*

21  *WHB 1382 v. Uber Technologies, Inc., et al., No. 3:24-cv-05232*

22
23  *WHB 428 v. Uber Technologies, Inc., et al., No. 3:24-cv-05236*

24  *WHB 1962 v. Uber Technologies, Inc., et al., No. 3:24-cv-05240*

25
26  *WHB 1549 v. Uber Technologies, Inc., et al., No. 3:24-cv-05275*

27  *WHB 1048 v. Uber Technologies, Inc., et al., No. 3:24-cv-05462*

28

| | |
|---|---|
| | *WHB 1443 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05472 |
| | *WHB 1596 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05473 |
| | *WHB 1673 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05552 |
| | *WHB 519 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05627 |
| | *WHB 393 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05633 |
| | *WHB 1416 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05667 |
| | *WHB 2052 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01129 |
| | *WHB 2045 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01211 |

Counsel for the Plaintiffs listed below, pursuant to the Court's Order Regarding Defendants' Amended Motion to Dismiss for Failure to Comply with PTO 10, dated November 19, 2025 (Doc. 4442) (the "Court's Order"), serve the following Rule 26(g) certification.

As a preliminary matter, Plaintiffs state that four of the Plaintiffs listed on Exhibit A to the Court's Order have reviewed and uploaded signed verifications to their most recently amended PFS. Therefore, the following four Plaintiffs intend to seek relief requesting that their cases not be dismissed, and further requesting that they be relieved from the requirement to file notices of dismissal:

(1) Plaintiff WHB 1891, ID 1744, uploaded a signed verification to MDL Centrality on November 24, 2025;

(2) Plaintiff WHB 2056, ID 2903, uploaded a signed verification to MDL Centrality on November 14, 2025;

(3) Plaintiff WHB 428, ID 1917, uploaded a signed verification to MDL Centrality on November 24, 2025; and

1  (4) Plaintiff WHB 1387, ID 1635, uploaded a signed verification to MDL Centrality on November 24, 2025.

Further, the following Plaintiffs' cases listed on Exhibit A had been dismissed prior to entry of the Court's Order: Plaintiffs WHB 305 (ID 1581); WHB 1860 (ID 2061); WHB 1317 (ID 2199); WHB 678 (ID 2078); and WHB 2055 (ID 2902).

The two Plaintiffs listed below appear on Exhibit A to the Court's Order. These Plaintiffs reviewed their most recently amended PFS before it was served via MDL Centrality:

|    | MDL ID | JANE DOE IDENTIFIER | CAUSE NUMBER | AMENDMENT MADE |
|----|--------|---------------------|--------------|----------------|
| 1. | 1885   | WHB 1549            | 24-CV-05275  | III.9 – date of incident<br><br>V.30.a. contact information |
| 2. | 1969   | WHB 1596            | 24-CV-05473  | II.7 – employer information for two years prior to incident<br><br>VI.40.a. – name of HCP at STESA, name of HCP at Santa Barbara County Public Health Dept., identify non-treating HCP noted in Q. 39<br><br>VII.2 – select an option for form of discovery |

The remaining Plaintiffs listed below appear on Exhibit A to the Court's Order . These Plaintiffs did not review their most recently amended PFS before it was served via MDL Centrality.

Pursuant to Rule 26(g), I am one of the attorneys of record for these Plaintiffs. I certify that to the best of my knowledge, information, and belief formed after a reasonable inquiry, the information provided in each of these Plaintiffs' most recently amended PFS was complete and correct at the time it was made prior to service via MDL Centrality.  The Plaintiffs are listed

below, along with a statement of the amendment or amendments that were made to each respective amended PFS.[1]

| | MDL ID | JANE DOE IDENTIFIER | CAUSE NUMBER | AMENDMENT MADE |
|---|---|---|---|---|
| 1. | 1546 | WHB 1478 | 24-CV-04833 | II.2. middle name<br>* Plaintiff has verified two prior Fact Sheets |
| 2. | 1659 | WHB 1123 | 24-CV-04850 | II.2 middle name<br><br>III.14.a. Drop-off address, city, state<br><br>III.14.b. Response to 14(b) as to whether you and the driver communicated about ending the trip at a location other than the requested destination<br><br>(Plaintiff wrote in her incident details that driver took her to her intended destination, her home. The response "yes" in question 14 is incorrect.)<br><br>*Plaintiff verified prior Fact Sheet on January 24, 2025 |
| 3. | 1567 | WHB 1144 | 24-CV-04859 | Uber's alleged deficiency was inconsistent responses to questions 3 and 10 and 25 and 33.<br><br>VII.2 - Did not check off form of disclosure on authorization (electronic or hard copy). The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10. Regardless, it was Uber's choice as to how it |

---

[1] Plaintiffs submit that under Amended PTO 10 (which was issued on November 3, after Uber filed its motions to dismiss these cases) and Judge Cisneros's November 18, 2024 order, the PFS's previously submitted and verified by most if not all of these Plaintiffs on both lists did not warrant the "deficiencies" that Uber claimed (for example, missing middle name or contact information for certain individuals, or claimed "inconsistent" responses), and were materially and substantially complete. Therefore, certain of these Plaintiffs, as permitted under Amended PTO 10, will be filing a motion to vacate the dismissal.

| | | | | |
|---|---|---|---|---|
| | | | | received records via authorization, not Plaintiff's.<br><br>*Plaintiff verified prior Fact Sheet and signed mental health authorization in November 2024 |
| 4. | 1573 | WHB 196 | 24-CV-04886 | II.7 – employment information<br><br>V.30.a. – last known contact information for Plaintiff's sister. Plaintiff's answer that she does not have this information is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877)<br><br>*Plaintiff verified two prior Fact Sheets |
| 5. | 1614 | WHB 526 | 24-CV-04901 | II.7 – employment information from 3/2019 – 5/2023<br><br>V.30.a – provide full name and contact information. (Plaintiff provided phone number.)<br><br>VII.3 – failed to attach records; law enforcement authorization. The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br>*Plaintiff verified prior Fact Sheet in January 2025 |
| 6. | 1681 | WHB 950 | 24-CV-04931 | V.30.1 –contact information. Plaintiff's answer that she does not have this information for Mohammed K. is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). She provided the contact information that she does have for witness Edward R. |

PLAINTIFFS' RULE 26(g) CERTIFICATION      -6-

| | | | | |
|---|---|---|---|---|
| | | | | Uber's alleged deficiency was inconsistent responses to questions 35 and 40(a) (Pre-existing conditions) <br><br> VI.40(a) – full name of HCP, dates of treatment, diagnoses. Plaintiff's answer that she does not know the name of the HCP at Arlington Heights Clarity Clinic is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). The same is true of her answer that she does not remember the approximate dates of diagnosis, treatment, or examination. <br><br> *Plaintiff verified two prior Fact Sheets |
| 7. | 1653 | WHB 1936 | 24-CV-04950 | II.2 – middle name <br><br> V.30.a. –contact information Plaintiff's answer that she does not know the contact information for the witness is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). <br><br> *Plaintiff verified prior Fact Sheet in October 2024 |
| 9. | 1697 | WHB 175 | 24-CV-04982 | II.7 – employment information. <br><br> V.30.a. – contact information. <br><br> *Plaintiff verified prior Fact Sheet in September 2024 |
| 10. | 1702 | WHB 1916 | 24-CV-05003 | V.30.a – contact information Plaintiff provided all contact information for the witnesses that she knows per PTO 10 and the November 18, 2024 Order |

| | | | | |
|---|---|---|---|---|
| | | | | Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>*Plaintiff verified two prior Fact Sheets |
| 11. | 1725 | WHB 1845 | 24-CV-05015 | V.30.a – contact information |
| 12. | 1770 | WHB 979 | 24-CV-05082 | III.13.a. & 14.a. – address of apartment complex identified in narrative response to Q.20. Plaintiff stated in her narrative response that the apartment complex was a random complex she had never been to and she did not know the address.<br><br>V.30.a – contact information Plaintiff's answer that she does not have the contact information for the witnesses is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>Plaintiff verified prior Fact Sheet in January 2025 |
| 13. | 1712 | WHB 649 | 24-CV-05095 | Uber's alleged deficiency was inconsistent responses to questions 24 and 20.<br><br>V.30.a. – contact information Plaintiff's answer that she does not recall the contact information for Karen S is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). Plaintiff provided the contact information she knew for Mr. Stewart.<br><br>*Plaintiff verified two prior Fact Sheets |
| 14. | 1868 | WHB 1425 | 24-CV-05129 | II.7. – employment information |

| | | | | *Plaintiff verified prior Fact Sheet in December 2024 |
|---|---|---|---|---|
| 15. | 1866 | WHB 427 | 24-CV-05132 | Uber's alleged deficiency was inconsistent responses to questions 28, 30 and 20. –<br><br>VI.40.a – provide complete HCP name and diagnosis information Plaintiff's answer that she does not know the name of the HCP at Methodist North Lake is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). The same is true of her answer that she does not know the "diagnosis, treatment, or examination (if known)."<br><br>VII.2 – did not write date of incident on authorizations. The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br>*Plaintiff verified prior Fact Sheet in December 2024 |
| 16. | 1916 | WHB 1382 | 24-CV-05232 | Uber's alleged deficiency was inconsistent responses to question 25, 27, and 20.<br><br>VII.3 – did not provide full SSN on authorization The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br>*Plaintiff verified prior Fact Sheet and signed law enforcement authorization in October 2024 |
| 17. | 1918 | WHB 1962 | 24-CV-05552 | II.3. – provide the period this name was used<br><br>*Plaintiff verified prior Fact Sheet in December 2024 |

| | | | | |
|---|---|---|---|---|
| 18. | 1943 | WHB 1048 | 24-CV-05462 | III.13.a – provide information about where the driver stopped during the trip<br><br>III.14.a. – provide a response<br><br>III.16. – provide time and location of incident<br><br>(Plaintiff answered that driver took her to a hotel she did not recognize.) |
| 19. | 1950 | WHB 1443 | 24-CV-05472 | V.30.a. – contact information Plaintiff's answer that she does not have any more information for the witness is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>*Plaintiff verified two prior Fact Sheets |
| 20. | 1962 | WHB 1673 | 24-CV-05552 | II.7. – employment information<br><br>VII.2 & VII.3 - Did not check off form of disclosure on authorization (electronic or hard copy) The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10. Regardless, it was Uber's choice as to how it received records via authorization, not Plaintiff's.<br><br>*Plaintiff verified two prior Fact Sheets |
| 21. | 2147 | WHB 519 | 24-CV-05627 | II.2 – middle name<br><br>II.7 – employer from 11/2014 – 5/2015<br><br>*Plaintiff verified prior Fact Sheet in October 2024 |
| 22. | 2150 | WHB 393 | 24-CV-05633 | II.2 – middle name |

| | | | | Uber's alleged deficiency was inconsistent responses to questions 20, 28, 30, 30(a)<br><br>*Plaintiff verified prior Fact Sheet in February 2025 |
|---|---|---|---|---|
| 23. | 2177 | WHB 1416 | 24-CV-05667 | Uber's alleged deficiency was inconsistent responses to questions 22 and 20<br><br>V.30.a – last name for daughter; contact information for other witness, Plaintiff's answer that she does not have contact information for Jacob A. is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). Plaintiff provided contact information for her daughter.<br><br>VI.40.a. – name of HCP. Plaintiff provided the name of the facility. She does not recall the name of the ER doctor who treated her at the hospital. This is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>*Plaintiff verified two prior Fact Sheets |
| 24. | 2898 | WHB 2052 | 25-CV-01229 | II.2 – middle name<br><br>*Plaintiff verified prior Fact Sheet in February 2025 |
| 25. | 2889 | WHB 2045 | 25-CV-01211 | II.7 – employer from 1/2015 – 1/2017<br><br>Uber's alleged deficiency was inconsistent responses to questions 11, 14, and 20 |

|  |  |  |  | III.19 – no response. Plaintiff did not describe taking any videos or audio recordings in her narrative response to Q. 20.<br><br>*Plaintiff verified prior Fact Sheet in March 2025 |

Dated: November 5, 2025

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 3, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: December 3, 2025                                      Respectfully Submitted,

s/ *Walt Cubberly*
Walt Cubberly