# EXHIBIT A

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>Case No. 23-cv-6708 (Dean) | Case No. 3:23-md-03084-CRB<br><br>**[PLAINTIFF'S PROPOSED] ORDER REGARDING SCHEDULING AND TRIAL EXHIBIT AND WITNESS PROTOCOL** |

Plaintiff submits this proposed order regarding pre-trial scheduling and trial exhibit and witness protocols, including protocols for the identification and exchange of trial exhibits, witness testimony and deposition designations to be introduced at trial.

I. **TRIAL EXHIBIT LIST**

    A. **Initial Exhibit List Exchange Deadline**

The parties shall exchange Exhibit Lists by no later than 11:59 p.m. on ***December 10, 2025***. The parties shall complete columns A-G, as applicable and defined in Section I.B, for their Exhibit List:

    B. **Format of Exhibit Lists**

The parties shall list their exhibits in order on a separate Excel spreadsheet consistent with the attached exhibit list template, which shall include columns with the following headings (the "Exhibit List"):

| Column | Column Name | Description |
|---|---|---|
| A | Ex. No. | The parties' unique exhibit numbers. |
| B | Date | Date of exhibit |
| C | Description | Short description of exhibit |
| D | BegBates | First production Bates number of exhibit |
| E | EndBates | Last production Bates number of exhibit |
| F | Subject to Stipulation | Whether a document is subject to stipulation. |

    1. **Static Exhibit Numbers**

For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their exhibit lists. The parties shall assign unique exhibit numbers using the prefixes specified below. Each prefix group shall begin with the number 1 and maintain a constant length of five numeric digits (including zero-digit padding).

| Party | Exhibit Prefix | Beginning Exhibit Number |
|---|---|---|
| All Plaintiffs | P- | 00001 |
| All Defendants | DEF-MDL- | 00001 |

    2. **Family Exhibits**

The parties may list whole document families as a single entry on their exhibit lists. For any exhibit family comprising more than ten documents, the offering party shall separately identify the individual documents within the exhibit intended for use on direct examination as set forth in Column F of the exhibit list. This provision does not apply to aggregate data set exhibits, which is governed by Section II.D of this stipulation.

### 3. Aggregate Data Sets

The parties may list as a single entry on their exhibit lists aggregate data sets that cannot reasonably be broken into individual entries (for example, -----).

### 4. Compilation Exhibits

The parties may list documents of similar type and category intended to serve as evidence pursuant to federal law under a single entry, provided that the exhibit shall be specifically and separately identified on the exhibit list [e.g. --]. For such compilation exhibit, the offering party shall both identify the individual Bates ranges of the documents comprising the exhibit and separately identify the individual documents within the compilation exhibit intended for use on direct or cross examination as set forth in Column G of the exhibit list.

### 5. Summaries Under Fed. R. Evid. 1006 ("Rule 1006")

Each party intending to introduce a summary chart, calculation or other type of summary must disclose and exchange by **[date for discussion]**

1. the proposed Rule 1006 summary;
2. a listing of the underlying documents or information summarized by the proposed Rule 1006 summary;
3. the exhibit numbers of the underlying writings, recordings or photographs proposed to be summarized, as listed on the parties' exhibit list;
4. a brief explanation of the manner in which the documents and/or data were summarized; and
5. the witness through whom the party proposes to introduce the Rule 1006 summary exhibit.

The proposed Rule 1006 summary should also be given an exhibit number in accordance with the procedure listed above, and a supplemental exhibit list regarding those proposed Rule 1006 summaries shall also be served on **[date for discussion]**

## II.     TRIAL EXHIBIT PRODUCTION AND OBJECTION PROCEDURE

### A.     Deadline to Exchange Copies of Branded Exhibits

The Parties shall exchange branded and stickered copies of their exhibits, in accordance with Section II.B-F of this stipulation, by no later than ***January 5, 2026.***

### B.     Branding Exhibits for Identification

Each exhibit will be branded with: (i) an exhibit sticker that identifies the unique exhibit number; and (ii) an exhibit endorsement that identifies the unique exhibit number and page number of each exhibit.

#### 1.     Exhibit Stickers

Each party will place an exhibit sticker on the first page of each exhibit in a location that does not overlap with or obstruct any text or content of the exhibit. Plaintiffs will use yellow stickers; Defendants will use blue stickers. The exhibit stickers shall identify the unique exhibit number. Electronically generated stickers shall be acceptable.

#### 2.     Exhibit Endorsements

Each party will include on each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of five numeric digits (including zero-digit padding). The exhibit endorsement shall conform to the following format: [exhibit number] [5-digit page number].

### C.     Production Format for Exhibits

#### 1.     PDF Format

All exhibits shall be properly branded and stickered (as specified in this stipulation) and individually produced in PDF format to the extent an exhibit can reasonably be converted to PDF format and remain usable. The file name of each PDF exhibit shall correspond to the unique exhibit number.

### 2. Native Format

If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native format. The file name of a native file shall correspond to the unique exhibit number. A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation and trial exhibit sticker.

### 3. Extracted Text for PDFs

The parties are not required to provide extracted text for exhibits produced in PDF format, but all PDFs shall be OCR'd before delivery to the parties so they are otherwise searchable.

### 4. Transcriptions for Audio and Video Recordings

The parties shall provide certified written transcriptions for any audio and video files and shall label such transcripts so they are easily traceable to the original media file.

### 5. Document Size

The parties will not alter or shrink original documents to smaller than full-page size.

## D. Method of Production

The parties may produce their exhibits via a secure FTP site or production media (*e.g.*, external drive). If a party produces its exhibits via production media, that production media must be delivered to the other party by the deadline for doing so.

## E. Procedure for Objections to Exhibits on Exhibit List

1. The Standing Order requires the parties to meet and confer over all exhibit numbers and objections and to weed out duplicate exhibits. It urges the parties to be reasonable.

2. Documents produced to a party to this action by another party or a third-party in response to compulsory process ( e.g., subpoena, Civil Investigative Demand), or a document request served upon a party pursuant to Fed. R. Civ. P. 34**, shall be deemed authentic for the purposes of this lawsuit only, absent good cause.** Good cause would include issues relating to the completeness of the document ( e.g., missing or incomplete pages) or any conditions in the actual document or the

manner in which it was produced that brings into question whether the document was actually generated by the relevant party or third-party.

3. Documents produced to Plaintiffs by Defendants in this action in response to a document request served upon a party pursuant to Fed. R. Civ. P. 34 or Court Order in this action, **that were purportedly generated by the Defendants, or by Defendants' agent, shall be presumed to be a record of a regularly conducted activity in accordance with Fed. R. Evid. 803(6), absent good cause**. Good cause would include circumstances under which the source of the information featured in the document or the circumstances of its preparation indicate a lack of trustworthiness (as noted in Fed. R. Evid. 803(6)). To the extent a document would be so presumed to be a **record of a regularly conducted activity in accordance,** both sides would still retain and reserve all rights to argue that a particular document is otherwise not admissible on all other evidentiary grounds.

## III.  CONTENTS OF EXHIBIT LISTS AND DISCLOSURE REQUIREMENTS

### A.  Direct Examination Documents

#### 1.  Listing on Exhibit List

The parties must include on their exhibit lists all exhibits they intend to use on direct examination (other than those documents listed under "Potential Trial Exhibits that Do Not Need to Be Listed on the Exhibit Lists" or documents used for purposes of impeachment or rebuttal). The parties may use on direct examination an exhibit that was not previously identified on an exhibit list only if 1) in the case of an internal Uber document, the document was previously produced and 2) the previously unlisted exhibit is disclosed by *12:00 p.m.* on the day prior to its expected use at trial. Except as provided herein, the parties retain and reserve all rights to argue that a particular document is otherwise not admissible on all other evidentiary grounds.

#### 2.  Disclosure of Exhibits for Use on Direct Examination

A party conducting a direct examination must disclose the specific exhibits from its exhibit list that it reasonably and in good faith intends to use on direct examination of the witness by *6:30 p.m.* on the day prior to their expected use at trial [or 12:00 p.m. on the day prior to their expected use at trial for those documents governed by Section III.A.1, above].

The parties are not required to disclose the documents intended to be used on direct examination of a witness who is currently or was formally associated with or employed by an opposing party or designated as hostile.

The parties are not required to disclose documents to be used on cross-examination (subject to Section III.B.1, below), impeachment or rebuttal (*i.e.*, re-direct).

### 3. Disclosure of Demonstratives for Use on Direct Examination

A party conducting a direct examination of any witness must disclose any demonstratives it intends to use by ***8:30 p.m.*** the day before the witness is expected to take the stand. The parties shall raise any objections to such witness demonstratives with the Court prior to the witness taking the stand. Demonstratives need not be disclosed by a party calling any witness who is currently or was formally associated with or employed by an opposing party or designated as hostile.

### 4. Objections

The Standing Order requires the parties to meet and confer over all exhibit numbers and objections and to weed out duplicate exhibits. It urges the parties to be reasonable. To the extent any objection to an exhibit remains after that process (described in Section II.E.1, above), any such objection to an exhibit disclosed for use on direct examination shall be disclosed by ***9:30 p.m.*** on the day prior to their expected use at trial. Such objection shall be raised at trial when the exhibit is offered as evidence.

### B. Cross-Examination Documents

#### 1. Listing on Exhibit List

The parties must include on their exhibit lists all exhibits they intend to use on cross-examination (other than for purposes of impeachment or rebuttal). In light of the complexity of this litigation, the parties may use on cross-examination an exhibit that was not previously identified on an exhibit list only if 1) in the case of an internal Uber document, the document was previously produced and 2) the previously unlisted exhibit is disclosed by ***6:30 p.m.*** on the day prior to their expected use at trial. Except as provided herein, the parties retain and reserve all rights to argue that a particular document is otherwise not admissible on all other evidentiary grounds.

### 2. Disclosure for Use on Cross Examination

No party is required to exchange exhibits intended for use on cross-examination or in examining a hostile witness called in the party's case (except as required by Section III.B.1, above). For avoidance of doubt, exhibits need not be disclosed by a party calling any witness who is currently or was formally associated with or employed by an opposing party or designated as hostile. This provision does not relieve the parties of any obligation to include such documents on exhibit lists.

### 3. Disclosure of Demonstratives Used on Cross-Examination

No party is required to exchange demonstratives intended for use on cross-examination. For avoidance of doubt, demonstratives need not be disclosed by a party calling any witness who is currently or was formally associated with or employed by an opposing party or designated as hostile.

## C. Expert Reliance Materials

### 1. Listing on Exhibit List

The parties must include on their respective exhibit lists individual entries for the exhibits the parties intend to introduce into evidence during an expert's direct or cross-examination, including documents from the expert's file, and disclosure is governed by Sections III.A.2 and III.B.2. This does not affect the ability of an expert witness to refer to his or her file during an examination, as is customary. However, to the extent any document from an expert's file will be offered into evidence during an expert witness' direct or cross-examination, that document must have its own unique identifying exhibit number. Expert reliance documents that are not being offered into evidence as an exhibit need not be listed.

## D. Potential Trial Exhibits that Do Not Need to Be Listed on the Exhibit Lists

The parties agree that the following groups of documents need not be listed on their exhibit lists. To the extent the parties offer any of these groups of documents as exhibits at trial, they will mark them for identification using the next available unique exhibit number and offer them into evidence in the ordinary course at trial, subject to objection from the opposing parties. The parties reserve their rights to object to the admissibility of these documents as trial exhibits on all other evidentiary grounds.

1. **Written Discovery Responses**: The parties' written responses to Interrogatories, Depositions upon Written Questions and Requests for Admission.

2. **Demonstratives**: Demonstratives that the parties intend to use at trial.

3. **Other**: Exhibits used solely to impeach or refresh a witness's recollection and exhibits used on rebuttal or sur-rebuttal.

## IV.  WITNESS LISTS

### A.  Initial Witness List Exchange

1. The parties shall exchange lists of all witnesses each party reasonably believes it will or may call to testify at trial in its case-in-chief, whether fact or expert, no later than 11:59 p.m. on ***December 8, 2025***. The determination whether the witness will be presented live or by deposition designation is being separately discussed and will be subject to a separate stipulation.

2. The parties' witness lists on this date shall reflect the witnesses whom the parties in good faith believe they may call at trial. The parties may make reasonable modifications to these lists prior to the submission of the final joint witness list on ***December 30, 2025.***

### B.  Joint Witness List

1. Per the Court's Guidelines, the parties shall submit to the Court a joint list of all witnesses each party reasonably believes it will or may call to testify at trial in its case-in-chief on ***December 30, 2025*** as part of its joint final pretrial order.

2. For each witness, the witness list shall include the following information:

   (a) whether the witness is a will call or may call;

   (b) whether the witness will be presented live or by deposition designation;

   (c) a time estimate for the length of the witness' direct examination testimony per the Court's Guidelines; and

   (d) a short statement of the substance of the witness' testimony, including what non-cumulative testimony the witness will give, per the Court's Guidelines.

### C.  Procedure for Witness Disclosures at Trial

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL ||
|---|---|
| **Disclosure** | **Deadline** |

| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include:<br>   The order in which the witnesses are expected to testify;<br>   An updated time estimate for the testimony of each witness; and<br>   Whether the witness will be presented live or by deposition. | 6:30pm the night before the witness (s) is expected to testify |
|---|---|
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 9:30pm the night before the witness is expected to testify. |

## V. DEPOSITION DESIGNATIONS AND FORMER TESTIMONY

### A. Introduction of Deposition and/or Former Testimony at Trial

Designated deposition and/or former testimony may be offered into evidence in two ways. The offering party may move designated deposition and/or former testimony into evidence. Alternatively, the offering party may choose to play video of or read in designated testimony during trial.

### B. Timeline for Disclosures of Deposition Designations and Former Testimony

| PROCEDURE FOR DISCLOSURES OF DEPOSITION AND FORMER TESTIMONY DESIGNATIONS | | |
|---|---|---|
| Round 1 | • Offering party's affirmative designations due<br>• Offering party to identify exhibits sought to be admitted with designations (in chart)<br>• Each deposition or former testimony exhibit shall include the corresponding trial exhibit number | Round 1 shall be served no later than 8:00 p.m. nine calendar days prior to the day of anticipated use at trial (e.g. if playing Jan. 21, then must disclose Round 1 no later than Jan. 12)<br><br>The Parties agree to work in good faith to identify a mutually agreeable format for the exchange of page and line citations for deposition and/or former testimony in a manner that permits their respective technical teams to efficiently cut the final videos. The parties further agree that attorney objections and commentary shall not be included in any parties' designations. |
| Round 2 | • Opposing party's objections to affirmative designations and exhibits sought to be admitted through designations due<br>• Opposing party's completeness and counter-designations due | Round 2 shall be served no later than 8:00 p.m. two calendar days after receipt of Round 1.<br><br>Testimony from a different witness may not be used as a completeness or counter-designation at trial; however, the parties may supplement their affirmative designations, including by adding affirmative designations from a new witness, to address any testimony |

|  |  |  |
|---|---|---|
|  |  | affirmatively designated by the opposing party at the same time as completeness and counter-designations. |
| Round 3 | • Offering party's objections to counter-designations and completeness designations due<br>• Offering party's responses to objections to affirmative designations due<br>• Offering party's reply designations due | Round 3 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 2.<br><br>To the extent the party serving Round 3 makes any changes to its Round 1 material, it shall be conspicuously noted in colored text or similar means. |
| Round 4 | • Opposing party's objections to offering party's reply designations due<br>• Opposing party's responses to objections to counter-designations and completeness designations due | Round 4 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 3.<br><br>To the extent the party serving Round 4 makes any changes to its Round 2 material, it shall be conspicuously noted in colored text or similar means. |
| Round 5 | • Offering party's responses to objections to reply designations due | Round 5 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 4.<br><br>To the extent the party serving Round 5 makes any changes to its Round 3 material, it shall be conspicuously noted in colored text or similar means. |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | • The parties meet and confer regarding their objections<br>• Submit designations and exhibits to the Court for ruling | The parties will meet and confer regarding objections to designations one calendar day after receipt of Round 5.<br><br>All Unresolved Objections to Court as soon as practicable but no later than two calendar days prior to the day of anticipated use at trial.<br><br>Submission shall include:<br>　1. transcript of testimony (including all remaining affirmative, completeness, counter- and reply designations, as well as any objections and responses);<br>　2. an exhibit chart that includes all exhibits sought to be admitted, with objections, responses and a blank ruling column; and<br>　3. all disputed exhibits. |

| Final Video and/or Transcript | • Offering party shall circulate the Court's rulings to all parties as soon as practicable after receipt and shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt. As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |
|---|---|---|

## VI.    RESERVATION OF RIGHTS

1. Subject to the deadlines set forth in this Stipulation, the parties reserve the right to object to the introduction and/or admissibility of any document listed on any exhibit list or the testimony of any witness listed on any witness list.

2. The parties agree that the inclusion of any exhibit on the exhibit list does not waive or affect any prior confidentiality designation in this litigation.

3. The parties agree that the inclusion of a particular document on a party's exhibit list or of a particular witness on a party's witness list is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document or witness' testimony for any purpose.

4. The parties reserve the right to use any and all documents or materials listed by another party in this litigation on their exhibit list, and to call witnesses listed by another party in this litigation on its witness list.

5. Unless contrary to Court Order, the parties reserve the right to modify, withdraw or supplement their trial exhibit lists prior to and during trial, including under, but not limited to, the following circumstances:

   (a)    upon receipt of other parties' exhibit lists, witness lists and/or deposition designations or counter-designations and amendments to deposition designations or counter-designations;

   (b)    in the event additional relevant documents or materials are produced in this action, identified in supplemental expert reports or discovered subsequent to the date of

service of the exhibit and/or witness lists;

(c) for purposes of adding any medical or scientific literature, other data, regulatory filings or communications issued or published after the date of submission of the exhibit and/or witness lists;

(d) as required to cure an evidentiary objection;

(e) in response to Plaintiff or Defendants proffering any documents or witnesses they have not listed on their exhibit lists or witness lists;

(f) in the event the parties pursue claims, defenses or theories not set forth in their pleadings to date;

(g) in response to rulings of the Court on pretrial motions, including any expert motions, motions for summary judgment, motions *in limine* or any other Court decisions that affect the scope of evidence in this trial;

(h) in response to testimony or exhibits introduced at trial; and

(i) as necessary based on the future severance, settlement and/or dismissal involving any party.

## VII. OTHER PRETRIAL DEADLINES

### A. MOTIONS IN LIMINE

The parties shall file opening Motions in Limine no later than 11:59 p.m. on **December 16, 2025**. Opposition Motions in Limine will be filed no later than 11:59 p.m. on **December 30, 2025**. The parties agree that no replies shall be filed.

### B. JURY INSTRUCTIONS AND VERDICT FORM

The parties agree to the following exchange and filing schedule on proposed Jury Instructions and Verdict Forms: Plaintiffs shall provide a proposed draft to Defendants no later than **December 15, 2025**; Defendants shall provide responsive additions/modifications no later than **December 22, 2025**; and the proposed Jury Instructions and Verdict Form shall be filed with the Court on **December 30, 2025**.

### C. JOINT PROPOSED PRE-TRIAL ORDER

Pursuant to Section I.E of the Court's Standing Order for Civil Jury Trials, the parties shall file their Joint Proposed Pre-Trial Order on **December 16, 2025**.

| | | |
|---|---|---|
| 1 | Dated: December 3, 2025 | Respectfully submitted, |
| 2 | | By: */s/ Roopal P. Luhana* |
| | | Roopal P. Luhana |
| 3 | | **CHAFFIN LUHANA LLP** |
| | | 600 Third Avenue, 12th Floor |
| 4 | | New York, NY 10016 |
| | | Telephone: (888) 480-1123 |
| 5 | | Facsimile: (888) 499-1123 |
| 6 | | luhana@chaffinluhana.com |
| 7 | | Sarah R. London (SBN 267093) |
| | | **GIRARD SHARP LLP** |
| 8 | | 601 California St., Suite 1400 |
| | | San Francisco, CA 94108 |
| 9 | | Telephone: (415) 981-4800 |
| 10 | | slondon@girardsharp.com |
| 11 | | Rachel B. Abrams (SBN 209316) |
| | | **PEIFFER WOLF CARR KANE** |
| 12 | | **CONWAY & WISE, LLP** |
| | | 555 Montgomery Street, Suite 820 |
| 13 | | San Francisco, CA 94111 |
| 14 | | Telephone: (415) 426-5641 |
| | | Facsimile: (415) 840-9435 |
| 15 | | rabrams@peifferwolf.com |
| 16 | | *Co-Lead Counsel for Plaintiffs* |

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: December 3, 2025  /s/ *Laura Vartain Horn*
Laura Vartain Horn

\* \* \*

**O R D E R**

IT IS SO ORDERED.

Dated: _____    _____
Hon. Charles. R. Breyer
United States District Judge