Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS**<br><br>Date:   February 13, 2026<br>Time:   10:00 a.m.<br>Courtroom:   6 – 17th Floor |
| This Document Relates to:<br><br>*Jane Doe LS 333 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05930-CRB<br><br>*Jane Doe LS 397 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05864-CRB | |

## NOTICE OF MOTION TO COMPEL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2026, at 10:00 a.m. Pacific, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order (1) compelling Plaintiffs Jane Doe LS 333 and 397 to comply with this Court's September 9, September 22, and November 19, 2025 Orders within five court days, (2) compelling a sworn declaration from Plaintiffs' counsel that addresses counsel's presuit investigation as to the claims of Plaintiffs Jane Doe LS 333 and LS 397, and (3) ordering such further relief as the Court deems appropriate given Plaintiffs' fraud and repeated noncompliance with this Court orders.

This Motion is made pursuant to this Court's September 9, September 22, and November 19 Orders (ECF 3876; ECF 3977; ECF 4443) and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: December 5, 2025                          Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: /s/ Christopher V. Cotton

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order (1) compelling Plaintiffs Jane Doe LS 333 and 397 – both clients of the Levin Simes firm – to comply with this Court's September 9, September 22, and November 19, 2025 Orders within five court days, (2) compelling a sworn declaration from Plaintiffs' counsel within five court days that addresses counsel's pre-suit investigation as to the claims of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397; and (3) ordering such further relief as the Court deems appropriate given Plaintiffs' fraud and repeated noncompliance with this Court orders.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. Levin Simes Clients Jane Does LS 333 and 397 Have Repeatedly Disregarded Court Orders Relating To The Fraud That This Court Found Them To Have Committed.**

This Court has already found that Jane Does LS 333 and 397 – both clients of the Levin Simes firm – have committed fraud. *See* ECF 3876. The Court twice ordered those Plaintiffs to provide discovery, including documents, relating to their fraud. ECF 3876; ECF 4443. The Plaintiffs have repeatedly disregarded those Court orders and not produced the required fraud-related documents. Neither Plaintiffs' fraud nor their repeated disregard of Court orders should be permitted. Uber respectfully requests that the Court order – for yet a third time – that Plaintiffs provide discovery relating to their fraud, and also order any further relief the Court deems appropriate to address Plaintiffs' fraud and repeated non-compliance with Court orders.

In July of this year, Uber made this Court aware that Plaintiffs Jane Does LS 333 and 397 submitted fraudulent receipts. ECF 3604. In response, counsel for Plaintiffs Jane Does LS 333 and 397 asserted – without a shred of supporting evidence – "their receipts are authentic, and that their

---

[1] Uber brings this motion before the Court rather than the Magistrate because it is "a motion relating to sanctions pursuant to Rule 37," which courts have recognized is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.*, No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. In addition, "district courts are in the best position to interpret their own orders." *Northern Central Distributing, Inc. v. Bogenschutz*, No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (*quoting JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.*, 359 F.3d 699, 705 (4th Cir. 2004)). Indeed, Magistrate Judge Cisneros herself has observed that disputes over violations of a district court's order "should be directed to [the district judge] in the first instance, subject to referral [back to the magistrate] if he determines that such a motion implicates discovery issues best addressed by the undersigned." *Wills v. City of Monterey*, No. 21-cv-01998, 2024 WL 1008596, at *9 (March 8, 2024).

assaults were real," belittling Uber's motion as a "waste [of] court time," "disingenuous," and "violence to due process." ECF 3771 at 1, 4. The Court disagreed, and on September 9, 2025, found that Plaintiffs had "submitted non-bona-fide receipts," ordered them to show cause why their claims should not be dismissed with prejudice, <u>and</u> ordered that they (1) produce native versions of their receipts; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts. ECF 3876.

Plaintiffs never produced any documents, and so the depositions did not go forward. Instead, on October 14, their counsel at Levin Simes informed Uber by email that "[w]e will be moving to withdraw as counsel from these two cases" and asked for further extensions. ECF 4206-1 ¶ 5. That same evening, Levin Simes filed the motion to withdraw, representing in a supporting declaration that <u>counsel</u> was "unaware of any responsive documents to produce," although he also stated that "[c]ounsel and clients have experienced a fundamental breakdown in communication." ECF 4146-1 ¶¶ 2 & 6. The Court denied the motion to withdraw. ECF 4167.

**1. Uber's First Motion to Compel as to Jane Does LS 333 & LS 397.**

On October 22, 2205, Uber moved to compel Jane Does LS 333 and 397 to produce the documents and sit for the depositions required by the Court's September 9 Order. ECF 4206. Among other things, Uber explained why Plaintiffs' position that no responsive documents exist was untenable. Uber provided expert declarations explaining why documents relating to these frauds must exist, including in the form of credit card statements. ECF 4206-3. First, both Jane Does previously submitted static images of their alleged receipts in February (LS 333) and September (LS 397) 2024. ECF 4206-1 ¶ 3. At a minimum, Plaintiffs must have the underlying sources for those static images (authentic or not) and therefore would be able to respond to the Court's Order to produce "native versions of [those] receipts." ECF 3876. Second, the two alleged rides at issue in Plaintiffs' cases were allegedly paid for by credit cards, so at the very least credit card statements would provide another form of available documentation. ECF 4206-3 at 9. Third, because Plaintiff Jane Doe LS 333 appears

to have used the website Makereceipt.com to create a fraudulent receipt, she should have credit card statements reflecting the charges for Makereceipt.com, as well as communications and login information relating to her account with that website. *Id.* at 4 & 9. These materials would be responsive to this Court's order that Plaintiffs produce documents relating to "generation of their receipts" and to "the website Makereceipt.com." ECF 3876.

Jane Does LS 333 and 397 and their Levin Simes counsel did not file a response to Uber's motion to compel, which the Court granted on November 19. ECF 4443. The Court ordered Plaintiffs to "immediately" produce the documents called for by its September 9 Order. *Id.*

### 2. Plaintiffs' continued non-compliance.

Plaintiffs continue to defy this Court's orders and refuse to produce documents. On November 25, Plaintiffs' counsel stated that "our clients deny the existence of any responsive documents" and suggested that Uber should "depose them about it." Cotton Decl. ¶ 5. When Uber pointed out that the denial was baseless for the reasons previously detailed to the Court in an expert declaration, Plaintiffs' counsel simply repeated that "[t]hey can't produce something they say does not exist." *Id.* Uber met and conferred with counsel for Jane Does LS 333 and 397 on December 1, 2025. During that meet and confer, Plaintiffs' counsel conceded that he *does not know what these two plaintiffs did to search for responsive documents*. See Cotton Decl. ¶ 6.

### B. The identities of the persons who assisted plaintiffs in committing fraud against this Court and Uber are not known, and further investigation is required in order to deliver justice.

Uber continues to discover fraudulent claims through its ongoing assessment of this docket of cases. *See* ECF 3604; ECF 3784; ECF 4137. The full extent of the fraud being perpetrated is unknown but increasingly concerning. For example, as Uber has previously explained, certain websites allow fraudsters to pay a bit more to make the fraud very difficult to detect. ECF 3604 at 4. Given the breadth of the fraud, a key question needs to be addressed: what are the identities of the persons who are assisting plaintiffs in committing fraud? This question must be addressed, and the fraud must be rooted out and remedied, in order to resolve this docket.

1    Dismissal of fraudulent cases is certainly warranted, but dismissal alone is not enough. Uber
2    is entitled to – as this Court has already ordered – certain document discovery and deposition testimony
3    from Plaintiffs that have submitted fraudulent receipts. *See* ECF 3876; ECF 3972; ECF 4440; ECF
4    4443. This discovery will enable Uber to more fully who is involved with the fraud and lead to
5    measures that better enable the Court, Uber, and the appropriate authorities to weed it out.

6    Instead of complying with this Court's orders, Plaintiffs and their counsel simply ignore their
7    court-ordered obligations. That is exactly what Uber is facing from Plaintiffs Jane Doe LS 333 and
8    Jane Doe LS 397. This conduct must end. This Court's orders must be enforced.

## ARGUMENT

Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss actions, Fed. R. Civ. P. 37(b)(2), but "<u>courts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process.</u>" *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted) (emphasis added). This can include ordering additional discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

**A. Plaintiffs must comply with this Court's Order to produce documents.**

"Compliance with court orders is not optional" and parties are "not free to ignore the Court's Orders with impunity." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810, at *4 (C.D. Cal. May 3, 2021). Indeed, parties (and their attorneys) must comply with a court's discovery orders or face sanctions, including fee shifting and/or the dismissal with prejudice of their claims. Fed. R. Civ. P. 37(b)(2); *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F. 4th 1136, 1146 (9th

4

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

Cir. 2024); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232 (9th Cir. 2006). This Court has not once but twice ordered Jane Does LS 333 and 397 to produce native versions of their receipts and related documents. ECF 3876; ECF 4443. And the Court made clear that the documents must be produced in advance of Plaintiffs' depositions. *Id.* Plaintiffs must comply with these orders.

### B. Dismissal of Plaintiff's claims with prejudice is warranted but does not moot the need for discovery.

Nor can Plaintiffs simply accept a dismissal of their cases as a sanction for their fraudulent submissions and non-compliance with this Court's now-repeated order that they produce documents and sit for depositions. *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) (failure to appear for court-ordered deposition not substantially justified despite prior dismissal of complaint), *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198, 202 (1999). A plaintiff's "mere desire to dismiss the case did not, and does not, abrogate his duty to comply with his discovery obligations and court orders." *Barrett v. Apple Inc.*, No. 20-cv-4812, 2023 WL 3006641, at *2 (N.D. Cal. April 18, 2023). Due to Plaintiffs' "own choice to file mass-joinder cases," they face court-ordered obligations as any litigant would. *In re PPA*, 460 F.3d at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). They cannot simply walk away now that dealing with the consequences of their apparent litigation fraud has become inconvenient.

Indeed, it is well established that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep. 22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)). Nor can a plaintiff use dismissal "to escape

the effect of unfavorable discovery rulings." *Chicano v. Monier, Inc.*, No. 06-cv-5028, 2007 WL 951761, at *1 (W.D. Wash. March 27, 2007). Although dismissal with prejudice is absolutely warranted here as a result of Plaintiffs' fraud and failure to comply with court orders, *see* Fed. R. Civ. P. 37(b)(2), they should not be permitted to use that dismissal as a means to deprive Uber the discovery it seeks regarding the fraudulent conduct.

It is particularly important that Jane Does LS 333 and LS 397 comply with their document production obligations because "discovery misconduct" is a "serious matter." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005). Where it has occurred, courts have not hesitated to order additional discovery as a remedy. *See Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 14-cv-298, 2016 WL 9454422, at *5 (C.D. Cal. Jan. 21, 2016). Uber has presented significant evidence, which this Court has previously accepted, that Plaintiffs submitted fraudulent receipts in support of their claims, but only Plaintiffs themselves know the full story of their conduct and means by which they perpetrated this fraud. They must answer for it in discovery so that Uber and this Court can better understand the scope of the fraud problem in this MDL and determine appropriate remedies.

In addition, discovery from Jane Does LS 333 and LS 397 is crucial for this Court to understand whether counsel fulfilled its "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). These Plaintiffs' fraud (not to mention that of more than thirty other Plaintiffs in this MDL) raises serious questions about whether counsel performed adequate due diligence before initiating the actions it and its clients now want to walk away from. Indeed, a federal judge in Pennsylvania recently referred a matter to the Department of Justice for investigation after finding plaintiffs' attorneys in a product liability action had, among other things, "conducted grossly inadequate presuit investigations" and filed complaints "which include numerous false, misleading, and baseless allegations." *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782, 2025 WL 3455934, at *1 (E.D. Penn. Dec. 2, 2025). Fraud issues in mass tort litigation are real, are serious, and warrant full investigation. It is clear there are fraudulent claims on this Court's docket – the extent of which remains unknown.

**C. Plaintiffs' claim no responsive documents exist is baseless and has already been rejected by this Court.**

Plaintiffs have allegedly told their counsel that no responsive documents exist, but that is not credible on its face. To claim native receipts do not exist after still images of said documents were submitted as proof of their claims is disingenuous, at best, but also more than likely a confirmation of their fraud. In addition, this is the same explanation that Plaintiffs' counsel offered when the parties met and conferred before Uber's first motion to compel, and which the Court previously rejected. ECF 4206 at 2; ECF 4443.

"[I]n order to fulfill its discovery obligations," a party "must confirm that it conducted a thorough search – not just a convenient one – with due diligence." *Strategic Partners, Inc. v. FIGS, Inc.*, No. 19-cv-2286, 2020 WL 2527056, at *7 (C.D. Cal. Feb. 6, 2020). It is not sufficient for a party to simply assert no responsive documents exist. *ML Prods., Inc. v. Aster Graphics, Inc.*, No. 5:23-cv-2904, 2025 WL 2995106, at *5 (N.D. Cal. Oct. 8, 2025). But that is precisely what these Plaintiffs have done. They have only made the naked assertion that no responsive documents exist, without any supporting details or sworn statements. Under these circumstances, Plaintiffs should provide a declaration "describing with specificity what [they] did to search for and collect responsive documents." *Optronic Techs., Inc. v. Ningbo Sunny Electronic Co., Ltd.*, No. 2020 WL 2838806, No. 16-cv-6370, at *7 (N.D. Cal. June 1, 2020). Without one, it is impossible for the opposing party or the court to "determine whether the party made a reasonable inquiry and exercised due diligence." *Flodin v. Central Garden & Pet Co.*, No. 21-cv-01631, 2024 WL 3859803, at *3 (N.D. Cal. Aug. 16, 2024).

Plaintiffs' counsel's concession that he has no idea what – if anything – these Plaintiffs did to search for responsive documents is likewise troubling and insufficient. "[I]t is not enough for counsel to simply give instructions to his clients and count on them to fulfill their discovery obligations." *Logtale, Ltd. v. IKOR, Inc.*, No. 4:11-cv-5452, 2013 WL 3967750, at *2 (N.D. Cal. July 31, 2013). The Federal Rules of Civil Procedure place an affirmative obligation on attorneys to provide reasonable oversight on their clients' searches for responsive documents and information. *Id.* Plaintiffs' counsel have failed to meet their obligations here.

7

7

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

1   A party's claim that no responsive documents exist must be rejected "where the seeking party presents convincing evidence that further responsive documents do exist." *Block v. Quest Diagnostics, Inc.*, No. 2:24-cv-00059, 2024 WL 5411206, at *11 (C.D. Cal. Nov. 13, 2024). That is precisely the case here. Uber has presented convincing evidence, including a declaration from a forensic expert, that Jane Does LS 333 and 397 must have responsive documents. ECF 4206-3. And common sense dictates that some responsive documents must exist. For example, this Court ordered Plaintiffs to "native versions of [their alleged ride] receipts." ECF 3876. Both Jane Does previously produced ride receipts in this litigation, ECF 4206-1 ¶ 3, so they must have native versions of those receipts that they could produce. Similarly, both Jane Does have claimed that they paid for the Uber rides at issue in this litigation with credit cards, so their credit card statements would constitute "documents… relating to the production of their ride receipts," the production of which this Court has required. ECF 3876. And Jane Doe LS 333's receipt bore indicia that it was created using MakeReceipt.com, ECF 3604-38 at 6, so she should have documents related to her creation of the receipt via that website. Plaintiffs' assertion that these documents do not exist is simply unbelievable and should be rejected. *See Ceballos v. Banda Maguey Corp.*, No. 2:23-cv-10911, at *7 (C.D. Cal. Jan. 31, 2025) (rejecting assertion responsive documents did not exist in light of convincing evidence to the contrary).

**D. Deposition testimony is no substitute for the required production.**

Plaintiffs' counsel argues that Uber should just take these Plaintiffs' depositions and ask them about their failure to produce any responsive documents. However, regardless of whether depositions are to take place, this Court has separately ordered the document production. Plaintiffs' counsel's argument is a blatant attempt to sidestep its obligation to ensure compliance with this Court's order. Counsel should not be encouraged to once again shirk its responsibility and force Uber to extract previously ordered document productions from their uncooperative (and obstructive) clients. Plaintiffs' counsel misses the point of the depositions. These depositions are not about missing documents. Instead, these depositions are about the fraud being perpetrated on this Court and Uber. Importantly, courts have recognized that "a deposition is not a substitute for responding to requests for production of documents." *Penn Nat'l Mut. Casualty Ins. Co. v. Va. Elec. & Power Co.*, No. 2:20-

8

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

cv-66, 2021 WL 6203177, at *5 (E.D.N.C. May 19, 2021); *see also Hirschman v. Agraria Ins. Co.*, No. 4:23-cv-4123, 2024 WL 4068745, at *10 (D.S.D. Sept. 5, 2024) ("deposition testimony does not substitute for the production of documents under Rule 34…. it is not for [defendant] to customize its discovery responses however it sees fit."). Jane Does LS 333 and 397 have already been ordered to produce responsive documents immediately, ECF 4443; now they must do so or face sanctions.

## CONCLUSION

This Court set clear deadlines for Plaintiffs Jane Does LS 333 and 397 to produce documents related to the fraudulent receipts they submitted in this litigation. Plaintiffs are expressly refusing to comply based on the incredible and unsupported contention that no responsive documents exist. This Court should order the following:

(1) Plaintiff Jane Doe LS 333 and Plaintiff Jane Doe LS 397 must produce the documents previously ordered to be produced within five court days. If either Plaintiff takes the position that no responsive documents exist, that Plaintiff must provide a sworn declaration within five court days explaining why the documents identified by Uber herein are allegedly not available for production. If either Plaintiff neither produces all responsive documents nor provides the declaration described herein, such Plaintiff(s) will be found in contempt of Court. Further proceedings will be addressed separately in the event either Plaintiff is in contempt of Court.

(2) Each Plaintiff shall appear for deposition, as previously ordered by the Court for up to three hours, no later than 30 days after entry of this Court's order.

(3) Plaintiffs' counsel shall provide within five court days a sworn declaration that addresses counsel's pre-suit investigation as to the claims of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397, including a privilege log of all communications with each Plaintiff.

(4) Other relief that the Court deems necessary to address Plaintiffs' fraud and non-compliance with the Court's discovery orders.

9

DEFENDANTS' SECOND MOTION TO COMPEL
COMPLIANCE WITH COURT ORDERS

Case No. 3:23-MD-3084-CRB

| | | |
|---|---|---|
| 1 | DATED: December 5, 2025 | Respectfully submitted, |
| 2 | | **SHOOK, HARDY & BACON L.L.P.** |
| 3 | | By: /s/ Christopher V. Cotton |
| 4 | | CHRISTOPHER V. COTTON |
| 5 | | *Attorney for Defendants*<br>UBER TECHNOLOGIES, INC., |
| 6 | | RASIER, LLC, and RASIER-CA, LLC |