ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: *Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05930-CRB *Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05864-CRB | **DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS** Judge:    Honorable Charles R. Breyer |

**DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Second Motion to Compel Compliance with Cout Orders.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On September 9, 2025, this Court found that Plaintiffs Jane Doe LS 333 and Jane Doe LS 397 had "submitted non-bona-fide receipts," ordered them to show cause why their claims should not be dismissed with prejudice, and ordered that they (1) produce native versions of their receipts; (2) produce within 14 days of this Order any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com"; and (3) submit within 30 days to a deposition not to exceed 3 hours relating to the authenticity of their receipts. ECF 3876.

4. Plaintiffs never produced any documents, and so the depositions did not go forward. Instead, counsel for Plaintiffs unsuccessfully attempted to withdraw. ECF 4146; ECF 4167. Uber moved to compel Plaintiffs to comply with the Court's order, providing a forensic expert's declaration explaining why Plaintiffs' position that no responsive documents exist was unreasonable. ECF 4206-3. The Court granted the motion on November 19 and ordered Plaintiffs to "immediately" produce responsive documents. ECF 4443.

5. Plaintiffs continue to refuse to produce documents. On November 25, Plaintiffs' counsel stated that "our clients deny the existence of any responsive documents" and suggested that Uber should "depose them about it." When Uber pointed out that the denial was not credible for the

reasons previously detailed to the Court, Plaintiffs' counsel simply repeated that "[t]hey can't produce something they say does not exist."

6. Uber met and conferred with counsel for Jane Does LS 333 and 397 on December 1, 2025, and the parties reached an impasse, necessitating this submission. During that meet and confer, Plaintiffs' counsel conceded that he does not know what these two Plaintiffs did to search for responsive documents.

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct. Executed on December 5, 2025, in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

 /s/ *Christopher V. Cotton*

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC