UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>*T.L. v. Uber Technologies, Inc.*, No. 24-cv-09217-CRB | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION TO COMPEL COMPLIANCE BY THE COMFY PLACE**<br><br>Re: Dkt. No. 4292 |

Plaintiff T.L. moves to compel compliance with a subpoena served on The Comfy Place, a provider of mental health services in Georgia, seeking Plaintiff's treatment records. Dkt. No. 4292. The subpoena demanded compliance at Plaintiff's counsel's office in Denver, Colorado. ECF No. 4292-1. In the hope that Plaintiff and The Comfy Place could work out any dispute among themselves, the Court directed them to meet and confer and file a joint letter no later than November 17, 2025 if The Comfy Place opposed Plaintiff's Motion. Dkt. No. 4304.[1] That Order stated that "[i]f no joint letter is filed, the Court will resolve the matter on Plaintiffs Motion." *Id.* The November 17 deadline has expired with no joint letter having been filed, suggesting that The Comfy Place did not engage with Plaintiff's counsel in response to the Court's previous Order.

Rule 45 of the Federal Rules of Civil Procedure provides that a party that has served for production or inspection of documents "may move the court *for the district where compliance is required* for an order compelling production or inspection." Fed. R. Civ. P. 45(d)(2)(B)(i)

---

[1] The Court also directed Plaintiff to provide proof of service that she had served her Motion to Compel on The Comfy Place. Dkt. No. 4304. It appears that Plaintiff only served the Motion after the Court requested such proof. *See* Dkt. No. 4326. Going forward, the Court expects parties to serve motions to compel on any non-party whose compliance is at issue (unless a party shows specifically that ex parte relief is appropriate) and to include proof of service with any such motion.

1  (emphasis added). Courts have reached different conclusions as to whether MDL proceedings

2  modify that rule to allow an MDL court to enforce subpoenas seeking compliance in other

3  districts. The parties addressed that issue previously in this MDL. On July 27, 2024, this Court

4  held "that it will hear motions to quash, modify, or enforce document-only subpoenas" seeking

5  compliance in other districts only where:

> (1) the responding nonparty consents to having the dispute filed in the first instance and adjudicated in this Court; (2) the JPML has transferred the motion to this Court; or (3) the district in which compliance is required has transferred the motion to this Court pursuant to Rule 45(f) of the Federal Rules of Civil Procedure.

Dkt. No. 752 at 1.[2]

There is no indication that any of those conditions are satisfied with respect to the subpoena at issue, which demands compliance in Colorado. Plaintiff's Motion to Compel is therefore DENIED WITHOUT PREJUDICE to filing a motion in the District of Colorado[3] or refiling in this Court after obtaining The Comfy Place's consent.

Though procedural defects preclude this Court granting relief, this Order should not be construed as questioning the merits of Plaintiff's subpoena. Based on the current record, no reason is apparent why Plaintiff should not be able to access her own treatment records.

**IT IS SO ORDERED.**

Dated: December 5, 2025

LISA J. CISNEROS
United States Magistrate Judge

---

[2] *In re Uber Techs. Inc., Passenger Sexual Assault Litig.*, No. 23-md-03084-CRB (LJC), 2024 WL 3559730 (N.D. Cal. July 27, 2024).

[3] It is not clear that Plaintiff can properly require compliance in Colorado by an entity located in Georgia. *See* Fed. R. Civ. P. 45(c)(2) ("A subpoena may command . . . production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person."). But even if the location of compliance is improper, any motion to enforce or challenge the subpoena generally must be filed in the district where compliance is demanded. *See generally Vervain, LLC v. Kingston Tech. Co., Inc.*, No. 24-mc-80322-LJC, 2025 WL 885599 (N.D. Cal. Mar. 21, 2025).