RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jessi Watt v. Uber Technologies, Inc., et al;*<br>*3:25-cv-04704-CRB* | MDL No. 3084 CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF JESSI WATT** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff J.W. has not responded to any efforts to reach her made by myself or my staff since June 3, 2025. Additionally, Plaintiff Jessi Watt has been unable to provide Peiffer Wolf with adequate information to fulfill her discovery obligations.

3. Plaintiff Jessi Watt's failure to communicate with and provide sufficient information to

our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff Jessi Watt ("Plaintiff").

5. Plaintiff has failed to properly communicate with our office.

   a. On December 21, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

   b. After communicating with Plaintiff, on June 4, 2025, Plaintiff's case was filed in the MDL, and Plaintiff was notified of her of her discovery obligations and Plaintiff Fact Sheet requirements.

   c. During the course of representation and litigation, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included thirty-eight (38) unsuccessful phone calls with voice messages, nineteen (19) unanswered text messages, and twenty-eight (28) unanswered e-mails.

   d. Plaintiff contacted or responded to contact attempts by our office six (6) times.

   e. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and Plaintiff Fact Sheet with the information provided by Plaintiff.

   f. On July 17, 2025, Uber's counsel informed our firm of alleged deficiencies with Plaintiff's discovery.

   g. Between July 17, 2025 through the present, Plaintiff received numerous emails, text messages, telephone calls, voice messages, and letters requesting that she contact our office or provide requested information. These communications included fifteen (15) unsuccessful phone calls with voice messages, six (6) text messages, nine (9) e-mails, and one (1) letter sent by mail. In these communications, we repeatedly explained the need for her continued

participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

 h. During that process, our firm also conducted investigations to try and locate alternative phone numbers and email addresses for Plaintiff.

 i. Between July 17, 2025 through the present, Plaintiff has not responded to any contact attempts.

 j. On September 16, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by September 25, 2025, we would have no choice but to withdraw as counsel.

6. Plaintiff has failed to provide our firm with all the information necessary to fulfill her discovery obligations.

7. On December 3, 2025, we sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

8. To date, Plaintiff has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained.

9. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

10. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 5th day of December, 2025 in San Francisco, California.

          */s/ Rachel B. Abrams*
          Rachel B. Abrams

          *Counsel for Plaintiff*