RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: (415) 766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer |
| This Document Relates to:<br><br>*Cody Jones v. Uber Technologies, Inc. et al., No. 3:24-cv-05822-CRB*<br><br>*C.L. v. Uber Technologies, Inc., et al; No. 3:25-cv-00007-CRB*<br><br>*C.O. v. Uber Technologies, Inc. et al., No.3:25-cv-02551-CRB*<br><br>*K.B. v. Uber Technologies, Inc., et al; 3:25-cv-02650-CRB*<br><br>*I.C. v. Uber Technologies, Inc., et al; 3:25-cv-* | **PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS** |

06382-CRB

*B.P. v. Uber Technologies, Inc., et al; 3:25-cv-06843-CRB*

## 1. INTRODUCTION

On November 21, 2025, Defendants filed a Motion to Dismiss the claims of the above-captioned Plaintiffs on the grounds that Plaintiffs have failed to comply with Pretrial Order ("PTO") No. 31 and this Court's September 9 and September 22, 2025 Orders to show cause. *See, ECF No. 4456; ECF No. 3876; ECF No. 3972*. None of the above-captioned Plaintiffs have (or are even alleged to have) submitted fraudulent ride receipts, and none are among the 27 Plaintiffs subject to this Court's September 9 and 22, 2025 orders to show cause. *See, ECF 4456-1 at Exhibit A*. Dismissal of the above-captioned claims under PTO 31 would be improper for the reasons stated below, and Defendants' motion should be denied.

## II. ARGUMENT

**A. Plaintiffs Cody Jones and C.L. are unrepresented and likely have not received notice of potential dismissal.**

### 1. Plaintiff Cody Jones

Plaintiff Cody Jones retained Peiffer Wolf as counsel on December 12, 2023. Decl. ¶ 2. On February 9, 2024, Peiffer Wolf filed a Complaint on behalf of Plaintiff in California state court, Judicial Council Coordination Proceedings ("JCCP") *In Re: Uber Rideshare Cases* (No. 5188), alleging sexual assault by an Uber Driver in Kentucky on February 16, 2023. Decl. ¶ 6. Following a dismissal based on *forum non conveniens*, this case was refiled in the MDL on August 23, 2024. Decl. ¶ 7.

Despite repeated efforts by Counsel to meet discovery obligations, Plaintiff Jones was unresponsive. Throughout the litigation, Counsel made substantial efforts to communicate with Plaintiff, including ninety (90) total unsuccessful outreach attempts. Decl. ¶ 3. Plaintiff

responded to Counsel's outreach on only nine (9) occasions during that entire period. Decl. ¶ 4. Counsel continued outreach attempts and sent numerous communications to Plaintiff explaining his continuing obligations, the risk of dismissal, and the need for his participation in the case. Decl. ¶ 3. Plaintiff never responded to these communications. Decl. ¶ 5.

Due to Plaintiff's unresponsiveness and inability to meet his discovery obligations, on November 17, 2025, Peiffer Wolf filed a motion to withdraw as counsel for Plaintiff Cody Jones. *See, ECF 4410*. Decl. ¶ 9. On November 18, 2025, the Court granted Counsel's motion to withdraw as counsel. *See, ECF 4427*. Decl. ¶ 10.

### 2. Plaintiff C.L.

Plaintiff C.L. retained Peiffer Wolf as counsel on August 19, 2024. Decl. ¶ 14. After communicating with Plaintiff C.L., Peiffer Wolf filed Plaintiff's Complaint on January 2, 2025, alleging sexual assault by an Uber driver in Louisiana on January 4, 2024. Decl. ¶ 17.

Despite repeated efforts by Counsel to meet discovery obligations, Plaintiff was unresponsive. Throughout the litigation, Counsel made substantial efforts to communicate with Plaintiff, including fifty-four (54) total unsuccessful outreach attempts. Decl. ¶ 15. Plaintiff responded to Counsel's outreach on only seven (7) occasions. Decl. ¶ 16. Counsel continued outreach attempts and sent numerous communications to Plaintiff explaining her continuing obligations, the risk of dismissal, and the need for her participation in the case. Decl. ¶ 15. Plaintiff never responded to these communications. Decl. ¶ 16.

Due to Plaintiff's unresponsiveness and inability to meet her discovery obligations, on November 17, 2025, Peiffer Wolf filed a motion to withdraw as counsel for Plaintiff C.L. *See, ECF 4409*. Decl. ¶ 20. On November 18, 2025, the Court granted Counsel's motion to withdraw as counsel. *See, ECF 4426*. Decl. ¶ 21.

### 3. Plaintiffs Cody Jones and C.L. Lack Actual Notice of Potential Dismissal

On November 18, 2025, this Court granted motions to withdraw as counsel for Plaintiffs Cody Jones and C.L. Decl. ¶¶ 10, 21. Three days later, on November 21, 2025, Defendants filed the present Motion to Dismiss. *See, ECF 4456, 4456-1*. Although Counsel continues to forward filings to these Plaintiffs pursuant to Local Rule 11-5(b), given their extended non-responsiveness and the timing of the withdrawal Order and this motion, Plaintiffs are likely unaware that the Court granted Counsel's withdrawal motions, or that Defendants have filed the instant Motion to Dismiss.

Dismissal under these conditions would violate fundamental due process principles. The Ninth Circuit holds that failure to warn a plaintiff that dismissal is imminent weighs against dismissal under the fifth *Malone* factor – Consideration of Less Drastic Alternatives. This requires that a litigant receives actual notice and a meaningful opportunity to be heard before a case may be dismissed under Rule 41(b). *Malone v. USPS*, 833 F.2d 128, 132 (9th Cir. 1987). Since this Motion to Dismiss was filed three days after this Court granted Counsel's withdrawal, Plaintiffs should be given the opportunity to receive actual notice and to obtain new counsel or to proceed *pro se* before their cases are dismissed. Dismissal at this stage would be fundamentally unfair and unduly prejudicial to Plaintiffs.

### 4. Plaintiffs C.O. and I.C. have motions to withdraw pending and dismissal would be unduly prejudicial.

Defendants' Motion to Dismiss claims of Plaintiffs C.O. and I.C. should be denied because Counsel has pending motions to withdraw as counsel. *See, ECF 4484 and 4488, respectively*. Decl. ¶¶ 34, 47.

### 5. Counsel's motion to withdraw as counsel for Plaintiff K.B. was granted and then denied.

Counsel diligently attempted to produce all required discovery documents for Plaintiff K.B.

Due to Plaintiff's unresponsiveness and inability to meet her discovery obligations, on October 9, 2025, Counsel filed a motion to withdraw as counsel for Plaintiff K.B. *See, ECF 4104*. Decl. ¶ 61. On October 10, 2025, the Court granted Counsel's motion to withdraw as counsel. *See, ECF 8* in Plaintiff's individual docket. Decl. ¶ 62. However, 7 days later on October 17, 2025, the Court denied Counsel's motion to withdraw as counsel. *See, ECF 4168*. The Court should vacate the subsequent Order denying withdrawal. Decl. ¶ 63.

### 6. Plaintiff B.P. Should be Allowed More Time to Comply with PTO 31

Plaintiff B.P. retained Peiffer Wolf as counsel on September 26, 2024. Decl. ¶ 65. After communicating with Plaintiff B.P., Peiffer Wolf filed Plaintiff's Complaint on August 13, 2025, alleging sexual assault by an Uber driver in Florida on September 21, 2023. Decl. ¶ 66.

Counsel has been in communication with Plaintiff B.P. about her obligations under PTO 31, most recently on December 3, 2025. Decl. ¶ 69. Plaintiff B.P. has already provided all ride information in her possession as part of her PTO 5 obligations, including the approximate date of the ride, the pick-up and drop-off locations, and the reason why the ride receipt is unavailable. Decl. ¶ 67. However, Plaintiff is actively working to locate additional information to comply with PTO 31. Accordingly, Plaintiff submits that dismissal of her claim is an unduly harsh sanction under the circumstances, that would be severely prejudicial to Plaintiff when a less drastic alternative exists. Specifically, Plaintiff respectfully requests an additional an extension of 14 days to provide a verified PTO 31 submission.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court deny Defendants' Motion to Dismiss Plaintiffs Cody Jones, C.L., C.O., K.B., I.C., and B.P.

Dated: December 5, 2025           Respectfully Submitted by:

/s/ Rachel Abrams
Rachel B. Abrams (Bar #209316)
Adam B. Wolf (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: 415-766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
           awolf@peifferwolf.com

Tiffany R. Ellis (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on, December 5, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF System, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  December 5, 2025                    Respectfully Submitted by:

/s/ Rachel Abrams
Rachel B. Abrams (Bar #209316)
Adam B. Wolf (Cal Bar No. 215914)
**Peiffer Wolf Carr**
**Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: 415-766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
           awolf@peifferwolf.com

Tiffany R. Ellis (*Admitted PHV*)
**Peiffer Wolf Carr**
**Kane Conway & Wise, LLP**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com