RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Cody Jones v. Uber Technologies, Inc. et al.*, No. 3:24-cv-05822-CRB<br><br>*C.L. v. Uber Technologies, Inc., et al*; No. 3:25-cv-00007-CRB<br><br>*C.O. v. Uber Technologies, Inc. et al.*, No.3:25-cv-02551-CRB<br><br>*K.B. v. Uber Technologies, Inc., et al*; 3:25-cv-02650-CRB<br><br>*I.C. v. Uber Technologies, Inc., et al*; 3:25-cv-06382-CRB<br><br>*B.P. v. Uber Technologies, Inc., et al*; 3:25-cv-06843-CRB | MDL No. 3:23-md-03084-CRB<br><br>**DECLARATION OF RACHEL B. ABRAMS IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS** |

I, Rachel B. Abrams, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway and Wise, LLP. I am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

**Cody Jones:**

2. On December 12, 2023, Plaintiff retained Peiffer Wolf as legal counsel.

3. Throughout the litigation, Counsel made substantial efforts to communicate with Plaintiff, including ninety (90) total unsuccessful outreach attempts. Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that he contact our office. These communications included forty (40) unsuccessful phone calls with no ability to leave voice messages, eight (8) unsuccessful phone calls with voice messages, eighteen (18) unanswered text messages, twenty-three (23) unanswered e-mails, and one (1) letter sent by mail. In these communications, we repeatedly explained the need for his continued participation in the case, the risk that his case may be dismissed, and that we would need to withdraw as counsel if he did not contact our office.

4. Plaintiff contacted or responded to contact attempts by our office on nine (9) occasions during that time period.

5. The last communication between Plaintiff and my office occurred on January 30, 2025.

6. On February 9, 2024, Peiffer Wolf filed a complaint on behalf of Plaintiff in California state court, Judicial Council Coordination Proceedings ("JCCP") *In Re: Uber Rideshare Cases* (No. 5188), alleging sexual assault by an Uber Driver in Kentucky on February 16, 2023.

7. Following a dismissal based on *forum non conveniens*, this case was refiled in the MDL

on August 23, 2024. See, *Short Form Complaint and Demand for Jury Trial, Cody Jones v. Uber Technologies, Inc. et al.*, No. 3:24-cv-05822-CRB, ECF No. 1 (N.D. Cal. Aug. 23, 2024).

8. On November 14, 2025, Peiffer Wolf sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

9. On November 17, 2025, Peiffer Wolf filed a Notice of Motion and Motion to Withdraw as Counsel for Plaintiff pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). *See, ECF No. 4410* (N.D. Cal. Nov. 17, 2025).

10. On November 18, 2025, this Court granted Peiffer Wolf's Motion to Withdraw. *See, ECF No. 4427* (N.D. Cal. Nov. 17, 2025).

11. On November 21, 2025, Defendant filed this Motion to Dismiss Plaintiff's claims. *See ECF No. 4456* (N.D. Cal. Nov. 21, 2025).

12. Because of the ongoing communication issues described above, Peiffer Wolf is unable to guarantee that Plaintiff is aware that our firm has withdrawn from his representation, and it is highly unlikely that Plaintiff is aware of the pending Motion to Dismiss his case.

13. Peiffer Wolf will continue to make reasonable attempts to forward case information and filings to Plaintiff in accordance with the obligations imposed by Local Rule 11-5(b).

**C.L.**

14. On August 19, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

15. Throughout the litigation, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included twenty-two (22) unsuccessful phone calls with voice messages, six (6) unsuccessful phone calls with no ability to leave voice messages, fourteen (14)

unanswered text messages, eleven (11) unanswered e-mails, and one (1) letter sent by mail. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

16. Plaintiff contacted, or responded to contact attempts by, our office on seven (7) occasions during that time period.

17. After communicating with Plaintiff, on January 2, 2025, Peiffer Wolf filed a complaint on behalf of C.L., alleging sexual assault or harassment by an Uber Driver in Louisiana on January 4, 2024. *Short Form Complaint and Demand for Jury Trial, C.L. v. Uber Technologies, Inc., et al; No. 3:25-cv-00007-CRB. ECF No. 2044* (N.D. Cal. Jan. 2, 2025).

18. Plaintiff did not respond to any contact attempts between July 17, 2025, through the present.

19. On November 14, 2025, Peiffer Wolf sent Uber advance notice of our intent to withdraw from Plaintiff's representation.

20. On November 17, 2025, Peiffer Wolf filed a Notice of Motion and Motion to Withdraw as Counsel for Plaintiff pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d). *See, ECF No. 4409* (N.D. Cal. Nov. 17, 2025).

21. On November 18, 2025, this Court granted Peiffer Wolf's Motion to Withdraw. *See, ECF No. 4426* (N.D. Cal. Nov. 18, 2025).

22. On November 21, 2025, Defendant filed this Motion to Dismiss Plaintiff's claims. *See, ECF No. 4456* (N.D. Cal. Nov. 21, 2025).

23. Because of the ongoing communication issues described above, Peiffer Wolf is unable to guarantee that Plaintiff is aware that our firm has withdrawn from his representation, and

it is highly unlikely that Plaintiff is aware of the pending Motion to Dismiss his case.

24. Peiffer Wolf will continue to make reasonable attempts to forward case information and filings to Plaintiff in accordance with the obligations imposed by Local Rule 11-5(b).

**C.O.**

25. On July 29, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

26. After communicating with Plaintiff, on March 14, 2025, Peiffer Wolf filed a complaint on behalf of C.O., alleging sexual assault by an Uber Driver in Washington on April 23, 2023. *Short-Form Complaint and Demand for Jury Trial, C.O. v. Uber Technologies, Inc. et al., No.3:25-cv-02551-CRB, See, ECF No 2563* (N.D. Cal. Mar. 14, 2025).

27. On March 19, 2025, my office prepared and submitted Plaintiff's Uber Ride Information Form that reflected the details provided by Plaintiff based on the information provided by Plaintiff. In this form, Plaintiff states the ride receipt is unavailable because she no longer has access to the email account or bank account that were linked to her Uber account. She is also unable to access her Uber account for the same reasons. *See, MDL Centrality Doc. ID 72283*.

28. On April 10, 2025, Plaintiff served her Plaintiff Fact Sheet ("PFS"), accompanied with a signed Plaintiff Verification. The information within the PFS reflected the details provided by Plaintiff. The PFS was amended on September 5, 2025. *See, MDL Centrality Doc. ID 87448, 146703*.

29. On September 12, 2025, Uber's counsel served PTO 31 written notice on Peiffer Wolf, asserting a deficiency in Plaintiff's ride receipt or ride information form. *See, MDL Centrality Doc. ID 148635*.

30. Between September 12, 2025 and the present, my office made the following efforts to obtain Plaintiff's continued participation and to secure additional information in response

to PTO 31: Four (4) phone calls during which voicemail messages were successfully left; Five (5) emails explaining the need for her participation and the risk of dismissal; One (1) letter sent by U.S. mail containing the same information. Plaintiff responded on two (2) occasions during this period.

31. Plaintiff informed our office that she no longer possesses the email address or bank account previously associated with her Uber account and has been unable to regain access to her account through the Uber app or website. To the best of our knowledge, these issues prevented Plaintiff from accessing past ride receipts, including the oldest and most recent receipts.

32. Plaintiff also informed our office that during the course of representation, she permanently relocated from Washington to Georgia. To the best of our knowledge, this relocation impacted our ability to maintain consistent communication with Plaintiff.

33. On November 14, 2025, Counsel sent Plaintiff a letter via U.S. certified mail advising that if she did not contact us by November 18, 2025, we would have no choice but to withdraw as counsel due to her limited communication and the urgent need for client participation.

34. On November 25, 2025, Counsel filed a Motion to Withdraw as Counsel for I.C. which is pending before this Court. *See, ECF No. 4484.*

35. Regardless of the pending Motion to Dismiss, Counsel continues to exhaust avenues of outreach to advise Plaintiff of this Motion to Dismiss.

**I.C.**

36. On December 4, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

37. Throughout this litigation, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included twenty (20) unsuccessful phone calls with voice messages, seven (7) unanswered

text messages, and eleven (11) unanswered e-mails.

38. During the litigation, our office and staff was in the process of collecting further information from Plaintiff.

39. Plaintiff contacted, or responded to contact attempts by, our office on nine (9) occasions during that time period.

40. After communicating with Plaintff, on July 30, 2025, Peiffer Wolf filed a complaint on behalf of I.C., alleging sexual assault by an Uber Driver in Nevada on August 1, 2023. *Short Form Complaint and Demand for Jury Trial, I.C. v. Uber Technologies, Inc., et al; 3:25-cv-06382-CRB, ECF No. 3626* (N.D. Cal. July 30, 2025).

41. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and PFS. *See, MDL Centrality Doc. ID 135667, 144008.*

42. On September 12, 2025, Uber's counsel informed our firm of an alleged deficiency in Plaintiff's ride receipt or ride information form. *See, MDL Centrality Doc. ID 148682.*

43. Between September 12, 2025 through the present, these communications to Plaintiff included one (1) unsuccessful phone calls with ability to leave voice message, three (3) e-mails, one (1) text message, and one (1) letter sent by mail. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

44. Between September 12, 2025 through the present, Plaintiff only responded once to any contact attempts.

45. Plaintiff informed our office that she has been unable to regain access to her account through the Uber app or website. To the best of our knowledge, these issues prevented Plaintiff from accessing past ride receipts, including the oldest and most recent receipts.

7   DECLARATION IN SUPPORT OF OPPOSITION

46. On November 14, 2025, Counsel sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by November 18, 2025, we would have no choice but to withdraw as counsel.

47. On November 25, 2025, Counsel filed a Motion to Withdraw as Counsel for I.C. which is pending before this Court. *See, ECF No. 4488.*

48. Regardless of the pending Motion to Dismiss, Counsel continues to exhaust avenues of outreach to advise Plaintiff of this Motion to Dismiss.

**K.B.**

49. On December 3, 2024, Plaintiff retained Peiffer Wolf as legal counsel.

50. Throughout this litigation, Plaintiff received numerous emails, text messages, telephone calls, and voice messages requesting that she contact our office. These communications included fifty-two (52) unsuccessful phone calls where voice messages could not be left, seven (7) unsuccessful phone calls with voice messages, twenty-one (21) unanswered text messages, and twenty-seven (27) unanswered e-mails.

51. During this litigation, our office and staff was in the process of collecting intake information from Plaintiff about her claim.

52. Plaintiff only contacted, or responded to contact attempts by, our office on three (3) occasions during that time period.

53. After communicating with Plaintoff,. on March 19, 2025, Peiffer Wolf filed a complaint on behalf of K.B., alleging sexual assault by an Uber Driver in Nevada on March 28, 2023. *Short-Form Complaint and Demand for Jury Trial, K.B. v. Uber Technologies, Inc., et al; 3:25-cv-02650-CRB, ECF No. 2577* (N.D. Cal. Mar. 19, 2025).

54. Peiffer Wolf submitted Plaintiff's Uber Ride Information Form and PFS. *See MDL Centrality Doc. ID 72302, 87829.*

55. On June 2, 2025, Uber's counsel informed our firm of alleged deficiencies in Plaintiff's discovery submissions. *See, MDL Centrality Doc. ID 100876*

56. Between June 2, 2025 and to this day, these communications to Plaintiff included six (6) unsuccessful phone calls with voice messages, one (1) Facebook messenger message, two (2) text messages, two (2) unanswered e-mails, and two (2) mailed letters. In these communications, we repeatedly explained the need for her continued participation in the case, the risk that her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

57. Between June 2, 2025 and to this day, Plaintiff only responded twice to any contact attempts. Since June 4, 2025, Plaintiff completely ceased communication with our firm.

58. In September 2025, Peiffer Wolf was advised of K.B.'s incarceration. To the best of our knowledge, K.B.'s incarceration has impacted our ability to maintain consistent communication with Plaintiff.

59. On September 12, 2025, Uber's counsel informed our firm of an alleged deficiency in Plaintiff's ride information form. *See, MDL Centrality Doc. ID 148504*

60. On September 25, 2025, we sent Plaintiff a letter by U.S. certified mail explaining that if she did not contact our firm by September 30, 2025, we would choose to withdraw as counsel.

61. On October 9, 2025, Peiffer Wolf filed a Motion to Withdraw as Counsel for Plaintiff K.B. pursuant to Local Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d) *See, ECF No. 4104* (N.D. Cal. Oct. 9, 2025).

62. On October 10, 2025, this Court granted Peiffer Wolf's Motion to Withdraw. *Order Granting Motion to Withdraw as Counsel for Plaintiff K.B. See, ECF No. 8* (N.D. Cal. Oct. 10, 2025).

63. On October 17, 2025, this Court denied Peiffer Wolf's Motion to Withdraw. *Order Regarding Peiffer Wolf's Motion to Withdraw as Counsel of Record, See ECF No. 4168* (N.D. Cal. Oct. 17, 2025).

64. Regardless of the pending Motion to Dismiss, Counsel continues to exhaust avenues of outreach to advise Plaintiff of this Motion to Dismiss.

**B.P.**

65. On September 26, 2024, Plaintiff K.B. retained Peiffer Wolf as legal counsel.

66. After communicating with Plaintiff, on August 13, 2025, Peiffer Wolf filed a complaint on behalf of Plaintiff, alleging sexual assault by an Uber Driver in Florida on September 21, 2023. *Short-Form Complaint and Demand for Jury Trial, B.P. v. Uber Technologies, Inc., et al; 3:25-cv-06843-CRB, ECF No. 3704* (N.D. Cal. Aug. 13, 2025).

67. On August 13, 2025, Peiffer Wolf submitted Plaintiff's Uber Ride Information Form with the information provided by Plaintiff. *See MDL Centrality Doc. ID 139478*.

68. Peiffer Wolf submitted the original PFS on September 9, 2025, and then submitted an amended PFS on October 21, 2025, with a new PFS Verification signed by Plaintiff. *See, MDL Centrality Doc. ID 147971, 158510, 158511, 163951*.

69. Throughout the course of litigation, Plaintiff has maintained consistent communication with counsel, with the most recent communication occurring on December 3, 2025.

70. On September 12, 2025, Uber's counsel informed our firm of an alleged deficiency in Plaintiff's ride information form. *See, MDL Centrality Doc. ID 148546.*

71. In October 2025, Counsel was advised that Plaintiff has been dealing with a family emergency. Although Plaintiff was not able to offer more details, Counsel believes this has impacted our ability to maintain consistent communication with Plaintiff and produce all required discovery documents.

72. Counsel continues to exhaust avenues of outreach to advise Plaintiff of this Motion to Dismiss and her continued discovery obligations.

Executed this 5th day of December, 2025 in San Francisco, California.

         */s/ Rachel B. Abrams*
         Rachel B. Abrams

         *Counsel for Plaintiff*