Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER**<br><br>Date:       February 13, 2026<br>Time:      10:00 a.m.<br>Courtroom:  6 – 17th Floor |
| This Document Relates to:<br><br>*J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB<br><br>*R.L. v. Uber Technologies, Inc., et al*, No. 3:25-cv-05515-CRB<br><br>*A.E. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-07668-CRB | |

# NOTICE OF MOTION TO COMPEL

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2026, at 10:00 a.m. Pacific, or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for an order compelling (1) Plaintiffs J.H., R.L., and A.E. to comply with this Court's November 19, 2025 Order by sitting for depositions within 30 days; and (2) Plaintiffs' counsel to produce within five court days a sworn declaration that addresses counsel's presuit investigation as to these Plaintiffs' claims.

This Motion is made pursuant to this Court's November 19 Order (ECF 4440) and Rules 16(f)(1)(C) & 37(b)(2)(A) of the Federal Rules of Civil Procedure. This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Christopher V. Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

DATED: December 5, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**STATEMENT OF RELIEF SOUGHT**

Uber seeks an order compelling (1) Plaintiffs J.H., R.L., and A.E. to immediately comply with this Court's November 19, 2025 Order by sitting for depositions; and (2) Plaintiffs' counsel to produce a sworn declaration that addresses counsel's presuit investigation as to these Plaintiffs' claims.[1]

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A. J.H., R.L., and A.E., The Evidence That Individuals Have Coordinated To Commit Fraud, And The Persistent Fraud Problem in this MDL.**

As this Court has recognized, a growing number of Plaintiffs in this MDL have submitted fraudulent receipts in support of their claims. ECF 3876; ECF 3972. Uber is continuing to find fraud on a regular basis and will continue to report it to the Court. Moreover, as Uber has previously informed this Court, the fraud found to date may be only part of the iceberg – for example, websites like makereceipt.com allow fraudsters to pay a small price to make fraud much more difficult to detect. ECF 3604 at 4.

On October 13, 2025, Uber filed a Motion for Order to Show Cause that made this Court aware that Plaintiffs and A.E. (MDL 3962) and R.L. (MDL 3666) were among these Plaintiffs. ECF 4137. Specifically, A.E. submitted a receipt bearing a Trip ID that matched a bona-fide receipt in Uber's system, but the name of the rider and date of the ride had been altered on the receipt A.E. submitted. *Id.* at 3-4. In addition, A.E.'s purported receipt included a timestamp error showing purported payment before the alleged ride occurred; the payment timestamp on bona fide receipts is published after the trip is completed. *Id.* at 3. **Moreover, four other Plaintiffs from the MDL have also submitted altered receipts based on the same receipt (with the same Trip ID) that A.E.'s purported receipt altered, suggesting coordination by several individuals engaged in fraud.** Cotton Decl. ¶ 3. Uber

---

[1] Uber brings this motion before the Court rather than the Magistrate because (1) it is to follow up on this Court's prior Orders; and (2) it is a motion "pursuant to Rule 37," which courts have recognized is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). This Court's referral to the Magistrate was limited to "ALL DISCOVERY PURPOSES." ECF 66. In addition, "district courts are in the best position to interpret their own orders." *Northern Central Distributing, Inc. v. Bogenschutz,* No. 1:17-cv-01351, 2019 WL 1004843, at *6 n.2 (E.D. Cal. March 1, 2019) (quoting *JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc.,* 359 F.3d 699, 705 (4th Cir. 2004)).

has made multiple attempts to serve a third-party deposition subpoena on the individual whose bona fide receipt served as the basis for these altered receipts, but she has tellingly evaded service. *Id.*

Similarly, Plaintiff R.L. submitted a receipt that matched a bona fide receipt in Uber's system, but had been altered to correspond with Plaintiff's allegations in the MDL. ECF 4137 at 5. In addition, R.L.'s purported receipt included formatting inconsistent with Uber's standard formatting. *Id.* Moreover, when confronted with this evidence of fraud, R.L. did not deny it, but rather submitted a different receipt in support of her claims. Cotton Decl. ¶ 4. That receipt, too, was determined by a forensic expert to have been altered to include a different date from the bona fide receipt with that Trip ID. *Id.* Metadata confirmed that this receipt was created over two years later using Acrobat PDFMaker. *Id.*

Another Plaintiff, J.H. (MDL 3621), submitted a bona fide receipt, but that receipt appeared to have been used as the basis for a fraudulent receipt submitted by another Plaintiff in the MDL. ECF 4137 at 18.

**B. This Court's November 19 Order.**

After reviewing Uber's submissions, on November 19 this Court concluded that Plaintiffs A.E. and R.L. had submitted fraudulent receipts and ordered them to show cause why their claims should not be dismissed with prejudice. ECF 4440. It further ordered A.E., R.L., and J.H. "to submit within 30 days [which would be by December 19] to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." *Id.*

**C. Plaintiffs' non-compliance.**

As of the morning of December 5, 2025, despite multiple requests from Uber, Plaintiffs have not provided potential dates for the depositions ordered by this Court. Cotton Decl. ¶ 6. Indeed, according to their attorneys at the Pulaski Law Firm and Reich & Binstock, Plaintiffs A.E. and R.L. have reportedly not responded to multiple communications from counsel regarding their obligations under this Court's November 19 order. *Id.* Plaintiff J.H. reportedly spoke with her counsel on December 4 but declined to provide proposed dates for a deposition. *Id.* During a December 5 meet

and confer, counsel for Plaintiff J.H. indicated he did not expect Plaintiff J.H. would appear for a deposition if Uber unilaterally noticed the deposition. *Id.* In short, although Uber met and conferred with counsel for these Plaintiffs on December 2 and 5, 2025, counsel could not provide any assurances that their clients would appear for depositions.[2] *Id.* Accordingly, the parties reached an impasse on these issues. *Id.*

## ARGUMENT

Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37).

**A. Plaintiffs must sit for the depositions this Court has ordered.**

"Compliance with court orders is not optional" and parties are "not free to ignore the Court's Orders with impunity." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810, at *4 (C.D. Cal. May 3, 2021). Indeed, parties (and their attorneys) must comply with a court's discovery orders or face sanctions, including fee shifting and the dismissal with prejudice of their claims. Fed. R. Civ. P. 37(b)(2); *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F. 4th 1136, 1146 (9th Cir. 2024); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.* (*In re PPA*), 460 F.3d 1217, 1232

---

[2] Given that Plaintiffs' counsel have not heard from their clients and cannot represent they will appear, noticing the depositions would be "a waste of time and resources." *Starbuzz Tobacco, Inc. v. Gold Star Tobacco Inc.,* No. 2020 WL 1162702, at *5 (C.D. Cal. Jan. 7, 2020).

(9th Cir. 2006). This Court has ordered Plaintiffs A.E., R.L., and J.H. to sit for depositions. ECF 4440. Plaintiffs must comply with this order. *See Williams v. Parsells*, No. 24-254, 2025 WL 2709500, at *1 (9th Cir. Sept. 23, 2025) (affirming dismissal of plaintiff's action for failing to comply with order to appear for and participate in deposition).

**B. Dismissal of Plaintiffs' claims with prejudice is warranted but does not moot the need for discovery.**

Nor can Plaintiffs simply accept a dismissal of their cases as a sanction for their non-compliance and ignore this Court's order that they sit for depositions. *See Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) (failure to appear for court-ordered deposition not substantially justified despite prior dismissal of complaint), *abrogated on other grounds by Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198, 202 (1999). In fact, if dismissal was the *only* result after Plaintiffs' coordinated fraud efforts in this docket, other fraudulent Plaintiffs would be encouraged to risk *only* that if they were to also be caught. A plaintiff's "mere desire to dismiss the case did not, and does not, abrogate his duty to comply with his discovery obligations and court orders." *Barrett v. Apple Inc.*, No. 20-cv-4812, 2023 WL 3006641, at *2 (N.D. Cal. April 18, 2023). Due to Plaintiffs' "own choice to file mass-joinder cases," they face court-ordered obligations as any litigant would. *In re PPA*, 460 F.3d at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019). They cannot simply walk away now that dealing with the consequences of their apparent litigation fraud has become inconvenient.

Indeed, it is well established that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep. 22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)). Nor can a plaintiff use dismissal "to escape

1  the effect of unfavorable discovery rulings." *Chicano v. Monier, Inc.*, No. 06-cv-5028, 2007 WL
2  951761, at *1 (W.D. Wash. March 27, 2007). Although dismissal with prejudice is absolutely
3  warranted here as a result of Plaintiffs' fraud and failure to comply with court orders, *see* Fed. R. Civ.
4  P. 37(b)(2), they should not be permitted to use that dismissal as a means to deprive Uber the discovery
5  it seeks, and was awarded, regarding the fraudulent conduct.

6        It is particularly important that these Plaintiffs sit for their depositions because "discovery
7  misconduct" is a "serious matter." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir.
8  2005). Where it has occurred, courts have not hesitated to order additional discovery as a remedy. *See*
9  *Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 14-cv-298, 2016 WL 9454422, at
10 *5 (C.D. Cal. Jan. 21, 2016). Uber has presented significant evidence, which this Court has previously
11 accepted, that Plaintiffs submitted fraudulent receipts in support of their claims, but only Plaintiffs
12 themselves know the full story of their conduct and the extent of coordination with others. They must
13 answer for it in their depositions so that Uber and this Court can better understand the scope of the
14 fraud problem in this MDL and determine appropriate remedies and hopefully methods to weed it out.

15       In addition, discovery from these Plaintiffs is crucial for this Court to understand whether
16 counsel fulfilled its "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation."
17 *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). Plaintiffs' fraud (not to
18 mention that of more than thirty other Plaintiffs in this MDL) raises serious questions about whether
19 counsel performed adequate due diligence before initiating the actions it and its clients now want to
20 walk away from. The persistence of clickbait-generated clients in this docket – and Plaintiffs'
21 counsels' lack of contact with their clients this far into litigation – further underscores the need for
22 proper pre-filing vetting by Plaintiffs' counsel to avoid injecting even more fraudulent cases in the
23 mix. Indeed, a federal judge in Pennsylvania recently referred a matter to the Department of Justice
24 for investigation after finding plaintiffs' attorneys in a product liability action had, among other things,
25 "conducted grossly inadequate presuit investigations" and filed complaints "which include numerous
26 false, misleading, and baseless allegations." *Johnson v. Smithkline Beecham Corp.*, No. 11-cv-5782,
27 2025 WL 3455934, at *1 (E.D. Penn. Dec. 2, 2025). Fraud issues in mass tort litigation are real, are
28

serious, and warrant full investigation. It is clear there are fraudulent claims on this Court's docket – the extent of which remains unknown but increasingly concerning.

### C. This Court should use Rule 37 to compel Plaintiffs' compliance.

Under the Federal Rules of Civil Procedure, a court can "treat[] as contempt of court the failure to obey any order except an order to submit to a physical or mental examination." Fed. R. Civ P. 37(b)(2)(vii). This includes orders to sit for depositions where a party has failed "to take all reasonable steps within the party's power to comply." *In re TFT-LCD (Flat Panel) Antitrust Litig.*, 2389 F.R.D. 548, 552 (N.D. Cal. Feb. 19, 2013). And civil contempt may appropriately be used to get a party to make good faith efforts to comply with a discovery request. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992); *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-420, 2012 WL 2551000, at *15 (E.D. Cal. June 22, 2021) (using civil contempt to encourage witnesses to appear for depositions). That is exactly what is needed here.

Plaintiffs A.E., R.L., and J.H. have already been ordered to sit for depositions, but they have not made any efforts to comply with that order or even apparently acknowledge it. The Court can and should impose sanctions to prevent the Plaintiffs from simply ignoring its order. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1106 (9th Cir. 2005) (affirming imposition of sanctions to prevent "an intentional effort, reckless and in bad faith… to ignore the court's orders"); *Buccola v. Boucher*, No. 22-cv-3877, 2024 WL 4584-35, at *4 (N.D. Cal. Oct. 24, 2024) (granting sanctions because none of plaintiff's excuses "speak to why [she] could willingly ignore a Court order"). Indeed, this Court has already recognized the possibility that the conduct at issue here – submitting fraudulent ride receipts – "could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel." ECF 3759.

### CONCLUSION

This Court set a clear deadline for J.H., R.L., and A.E. to sit for depositions related to the fraudulent receipts they submitted in this litigation. In response, Plaintiffs are non-responsive or, at least in the case Plaintiff J.H., simply refuse to comply with this Court's November 19 Order. This Court should order the Plaintiffs to sit for deposition within 30 days of this Court's order. If any

1  Plaintiff fails to appear for deposition, such Plaintiff(s) should be found in contempt of Court and
2  further proceedings should follow separately. In addition, in light of the circumstances of these cases,
3  Plaintiffs' counsel should be ordered to produce a sworn declaration within five court days of this
4  Court's order that addresses counsel's presuit investigation as to these Plaintiffs' claims, including a
5  privilege log of all communications with each Plaintiff.

 .

DATED: December 5, 2025        Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC