| | |
|---|---|
| 1 | ALLISON M. BROWN (Admitted *Pro Hac Vice*) |
| | alli.brown@kirkland.com |
| 2 | JESSICA DAVIDSON (Admitted *Pro Hac Vice*) |
| | jessica.davidson@kirkland.com |
| 3 | CHRISTOPHER D. COX (Admitted *Pro Hac Vice*) |
| | christopher.cox@kirkland.com |
| 4 | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| 5 | New York, NY 10022 |
| | Telephone: (212) 446-4800 |
| 6 | |
| 7 | CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*) |
| | **SHOOK, HARDY & BACON L.L.P.** |
| 8 | 2555 Grand Boulevard |
| | Kansas City, MO 64108 |
| 9 | Telephone: (816) 474-6550 |
| | ccotton@shb.com |
| 10 | PATRICK OOT (Admitted *Pro Hac Vice*) |
| 11 | oot@shb.com |
| | **SHOOK, HARDY & BACON L.L.P.** |
| 12 | 1800 K St. NW Ste. 1000 |
| | Washington, DC 20006 |
| 13 | Telephone: (202) 783-8400 |
| 14 | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC.; |
| 15 | RASIER, LLC; and RASIER-CA, LLC |

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DECLARATION OF CHRISTOPHER V. COTTON IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH COURT ORDER** |
| This Document Relates to: | |
| *J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB | Judge:    Honorable Charles R. Breyer |
| *R.L. v. Uber Technologies, Inc., et al*, No. 3:25-cv-05515-CRB | |
| *A.E. v. Uber Technologies, Inc. et al.*, No. 3:25-cv-07668-CRB | |

**DECLARATION OF CHRISTOPHER V. COTTON**

I, Christopher V. Cotton, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Kansas City, Missouri. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-CA, LLC's (collectively, "Defendants") Motion to Compel Compliance with Cout Order.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of Iowa, the Bar of the State of Missouri, and the Bar of the State of Wisconsin. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On October 13, 2025, Uber filed a Motion for Order to Show Cause that made this Court aware that Plaintiffs A.E. (MDL 3962) and R.L. (MDL 3666) had submitted fraudulent receipts in support of their claims. ECF 4137. Specifically, A.E. submitted a receipt bearing a Trip ID that matched a bona-fide receipt in Uber's system, but the name of the rider and date of the ride had been altered on the receipt A.E. submitted. *Id.* at 3-4. In addition, A.E.'s purported receipt included a timestamp error showing purported payment before the alleged ride occurred; the payment timestamp on bona fide receipts is published after the trip is completed. *Id.* at 3. Moreover, four other Plaintiffs from the MDL have also submitted altered receipts based on the same receipt (with the same Trip ID) that A.E.'s purported receipt altered, suggesting coordination by several individuals engaged in fraud. Uber has made multiple attempts to serve a third-party deposition subpoena on the individual whose bona fide receipt served as the basis for these altered receipts, but she has tellingly evaded service.

4. Similarly, Plaintiff R.L. submitted a receipt that matched a bona fide receipt in Uber's system, but had been altered to correspond with Plaintiff's allegations in the MDL. ECF 4137 at 5. In addition, R.L.'s purported receipt included formatting inconsistent with Uber's standard formatting. *Id.* Moreover, when confronted with this evidence of fraud, R.L. did not deny it, but rather submitted a different receipt in support of her claims. That receipt, too, was determined by a forensic expert to

have been altered to include a different date from the bona fide receipt with that Trip ID. Metadata confirmed that this receipt was created over two years later using Acrobat PDFMaker.

5. After reviewing Uber's submissions, on November 19 this Court concluded that Plaintiffs A.E. and R.L. had submitted non-bona fide receipts and ordered them to show cause why their claims should not be dismissed with prejudice. ECF 4440. It further ordered A.E., R.L., and J.H. "to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." *Id.*

6. As of the morning of December 5, 2025, despite multiple requests from Uber, Plaintiffs have not provided potential dates for the depositions ordered by this Court. Indeed, according to their attorneys at the Pulaski Law Firm and Reich & Binstock, Plaintiffs A.E. and R.L. have reportedly not responded to multiple communications from counsel regarding their obligations under this Court's November 19 order. Plaintiff J.H. reportedly spoke with her counsel on December 4 but declined to provide proposed dates for a deposition. During a December 5 meet and confer, counsel for Plaintiff J.H. indicated he did not expect Plaintiff J.H. would appear for a deposition if Uber unilaterally noticed the deposition. In short, although Uber met and conferred with counsel for these Plaintiffs on December 2 and 5, 2025, counsel could not provide any assurances that their clients would appear for depositions. Accordingly, the parties reached an impasse on these issues.

I declare under penalty of perjury under the laws of the State of Missouri that the foregoing is true and correct. Executed on December 5, 2025, in Kansas City, Missouri.

**SHOOK, HARDY & BACON L.L.P.**

 */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON
(admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC