C. Brooks Cutter (SBN 121407)
Jennifer S. Domer (SBN 305822)
Celine Cutter (SBN 312622)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330
Email: bcutter@cutterlaw.com
       jdomer@cutterlaw.com
       ccutter@cutterlaw.com

*Attorneys for ROE CL Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer |
| This Document Relates to:<br><br>*Jane Roe CL 5 v. Uber Technologies, Inc., et al.,* No. 3:23-cv-05647-CRB<br><br>*Jane Roe CL 14 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-04680-CRB<br><br>*Jane Roe CL 32 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05596-CRB<br><br>*Jane Roe CL 36 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05720-CRB<br><br>*Jane Roe CL 40 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05734-CRB<br><br>*Jane Roe CL 42 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05740-CRB<br><br>*Jane Roe CL 43 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05741-CRB<br><br>*Jane Roe CL 45 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05746-CRB<br><br>*Jane Roe CL 48 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05810-CRB | **PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31**<br><br>Date:  January 16, 2026<br>Time:  10:00 a.m.<br>Courtroom:  6 – 17th Floor |

*Jane Roe CL 49 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05811-CRB

*Jane Roe CL 53 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05831-CRB

*Jane Roe CL 58 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05846-CRB

*Jane Roe CL 61 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05850-CRB

*Jane Roe CL 64 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06188-CRB

*Jane Roe CL 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06863-CRB

*Jane Roe CL 76 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07569-CRB

*Jane Roe CL 78 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-07584-CRB

*Jane Roe CL 82 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08522-CRB

*Jane Roe CL 84 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08526-CRB

*Jane Roe CL 86 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-08756-CRB

*Jane Roe CL 93 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-09549-CRB

*Jane Roe CL 105 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01349-CRB

*Jane Roe CL 115 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01943-CRB

*Jane Roe CL 121 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02136-CRB

*Jane Roe CL 123 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02139-CRB

*Jane Roe CL 138 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03137-CRB

*Jane Roe CL 143 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03260-CRB

*Jane Roe CL 153 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03818-CRB

*Jane Roe CL 172 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04708-CRB

## I. INTRODUCTION

On November 19, 2025, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a bona fide trip receipt or ride form in connection with Pretrial Order ("PTO") 31. (Doc. 4456). Counsel acknowledges and understands that under PTO 31, the court created procedures and deadlines to produce a bona fide trip receipt, or in the alternative complete a form that identifies information Defendants can utilize to find the referenced ride, along with an explanation for its unavailability. (Doc. 3877).

Defendants' Motion argues that Plaintiffs have willfully violated this requirement and thus deserve dismissal. However, during the course of litigation, there are a number of reasons a client may become unavailable and unable to produce documents or information needed in the time prescribed by the Court. Especially as Counsel must repeatedly go back to client to obtain additional information not previously saved in a manner prescribed under the PTOs. Failure to provide the information by a certain deadline does not mean a Plaintiff has willfully chosen not to participate in their case. Counsel has undergone extensive efforts to work with these clients, predating Defendants' Motion. (Domer Decl. at ¶ 4). The extensive work done on each of these cases does not deserve dismissal for missing one additional component of a large list of difficult conversations and documents asked and required of the Plaintiffs.

## II. ARGUMENT

. Counsel has diligently communicated with clients throughout the course of litigation. Through the course of this communication, we worked with clients in helping them search their emails or access their accounts to obtain the trip receipts. Often times troubleshooting ways to try to recover old email accounts they no longer have access to or providing different methods they can search their emails or spam folders.

-1-
PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

However, since those communications, Plaintiffs may change their contact information or move. Even if in contact with the client, Counsel must recount the steps and procedures with the client again that were previously conducted. At times, that process may help them access information not previously realized or accessible, but often times it means going through the unsuccessful process all over again. They must then try to access an account they may still not have access to, then provide screenshots of the account, and write and sign their sworn statement.

Counsel understands that the case is contingent upon the rider being able to show that a ride occurred. However, Counsel has also provided Amended Ride Information Forms to Defendants after discussions with Plaintiffs about Defendants inability to locate an account or the trip. Once these Amended Ride Information Forms are uploaded, there is no confirmation whether this new information provided was searched by Defendants to yield a successful result in locating the receipt, or searched for at all. To that end, the factors outlined in *Malone v. USPS*, 833 F.2d 128, 130 (9th Cir. 1987) do not prejudice Defendants, as so much as those Plaintiffs who are still at a disadvantage without access to old accounts they can no longer reach. We do not receive any form of an Amended Defendant Fact Sheet to know if the new information resulted in a successful location of the trip receipt.

Amended Ride Information Forms were provided for Jane Roe CL 14 (MDL ID 1776), Jane Roe CL 32 (MDL ID 2091), Jane Roe CL 64 (MDL ID 2491), Jane Roe CL 84 (MDL ID 2705), Jane Roe CL 123 (MDL ID 3266), and Jane Roe CL 153 (MDL ID 3443), who are subject to this motion. (Domer Decl. at ¶ 7-12). Counsel then had to go back to these clients without knowing whether the information they newly provided yielded the location of the receipt but are now subject to potential dismissal. We have not been able to reach several of these clients in time to comply with the new PTO 31 procedures. For example, Jane Roe CL 105 has an Amended Information Form that was produced, but we are still following up with her to complete the PTO 31 certification process, but we will not know whether Uber will be able to locate a Trip Receipt with this new information. (Domer Decl. at ¶ 13).

Plaintiffs are diligently working to provide information, search for ways to figure out what old and outdated account information may actually be. Their diligence and production of an

-1-
PLAINTIFFS' MEMORANDUM IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

1  Amended Ride Information Form should not be overlooked solely because they have not also
2  then been able to speak to Counsel in time to produce a PTO 31 statement. These Plaintiffs have
3  demonstrated their commitment to fulfill their obligation of trying to locate the trip receipt, or
4  assist Defendants with information that would help them do so. They are not deserving of
5  dismissal of their claims.

6  Additionally, we have several Plaintiffs who are still in the process of trying to determine
7  which email accounts were utilized so that they may accurately provide and finalize a statement.
8  We expect a number of Plaintiffs subject to this list to be able to produce a PTO 31 statement
9  soon.

10  As to the Plaintiffs listed on motion, Counsel has been able to upload a PTO 31 for Jane
11  Roe CL 5, Jane Roe CL 32, Jane Roe CL 64, Jane Roe CL 93, and therefore request that they not
12  be included in the dismissal.

### III. CONCLUSION

For the foregoing reasons, Counsel asks that Jane Roes CL 5, 32, 64, and 93 should not be part of the dismissal due to their production of the PTO 31 statements. Counsel respectively requests additional time for all other claimants subject to the motion, especially those that were responsive enough to provide additional information for Amended Ride Information Forms but have not been able to provide a subsequent PTO 31 statements.

Dated: December 5, 2025                    CUTTER LAW P.C.

By:  */s/ Jennifer S. Domer*

Jennifer S. Domer (SBN 305822)
C. Brooks Cutter (SBN 121407)
Celine Cutter (SBN 312622)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330
Email: bcutter@cutterlaw.com
       jdomer@cutterlaw.com
       ccutter@cutterlaw.com

*Attorneys for ROE CL Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that, on December 5, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: December 5, 2025                    CUTTER LAW P.C.

By:  */s/ Jennifer S. Domer*

C. Brooks Cutter (SBN 121407)
Jennifer S. Domer (SBN 305822)
Celine Cutter (SBN 312622)
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone: 916-290-9400
Facsimile: 916-588-9330
Email: bcutter@cutterlaw.com
jdomer@cutterlaw.com
ccutter@cutterlaw.com

*Attorneys for ROE CL Plaintiffs*