Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S NOTICE OF MOTION AND MOTION REGARDING FRAUDULENT PLAINTIFF FACT SHEETS** |
| This Document Relates to:<br><br>ALL CASES | Date:        February 13, 2026<br>Time:        10:00 a.m.<br>Courtroom:  6 – 17th Floor |

**NOTICE OF MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") will, and hereby do, move this Court for (1) dismissal with prejudice of the 73 Plaintiffs listed on **Exhibit A**, because counsel admitted these Plaintiffs did not review their completed amended PFS and counsel had entirely lost contact with them; (2) depositions of the 5 Plaintiffs listed on **Exhibit B** regarding changes made in amended PFS that stated they were "complet[ed]" by those Plaintiffs; and (3) entry of an Order (attached as **Exhibit C**) requiring Plaintiffs and counsel from Nachawati Law Firm, Williams Hart & Boundas, LLP, and Kherkher Garcia LLP to certify under Rule 26(g) that all Plaintiffs in their inventories reviewed all completed PFS and amended PFS before service and identify the last date, prior to the Court's November 19, 2025 Order, when the firms had contact with their clients. This Motion is made pursuant to the Court's inherent power to manage this MDL and Rule 26(g) of the Federal Rules of Civil Procedure. The Motion is based on this Notice; the attached briefing; the concurrently filed Declaration of Christopher Cotton; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: December 5, 2025

# **TABLE OF CONTENTS**

**Page**

I. INTRODUCTION AND SUMMARY OF ARGUMENT ............................................1

II. BACKGROUND ............................................................................................................2

III. ARGUMENT..................................................................................................................9

    A. Conversion to Dismissals with Prejudice is Appropriate Given the Fraud on Behalf of 73 Plaintiffs. ..................................................................................9

    B. The Court Should Order Depositions of At Least a Subset of Plaintiffs For Whom Counsel Made Changes to Their PFS Without Those Plaintiffs' Review. ...............................................................................................................10

    C. Certifications From These Plaintiffs' Firms Regarding Their Entire Inventories Is Necessary to Understand How Deep the PFS Fraudulent Verification Problem Goes. ..............................................................................10

IV. CONCLUSION.............................................................................................................11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Grouse River Outfitters, Ltd. v. Oracle Corp.*,
    848 F. App'x 238 (9th Cir. 2021) ................................................................................10

*Hardin v. Mendocino Coast Dist. Hosp.*,
    No. 17-cv-05554, 2019 WL 4256383 (N.D. Cal. Sept. 9, 2019) .............................10

*Narula v. Orange Cnty. Superior Ct.*,
    No. 8:19-cv-00133, 2021 WL 2406810 (C.D. Cal. May 3, 2021) ..........................10

**Rules**

Fed. R. Civ. P. 16 ....................................................................................................10

Fed. R. Civ. P. 26(g) ......................................................................................... *passim*

Fed. R. Civ. P. 37 ....................................................................................................10

I.       INTRODUCTION AND SUMMARY OF ARGUMENT

This motion relates to 73 fraudulent Plaintiff Fact Sheets.

Plaintiffs in this MDL are responsible for providing basic information about their claims in a Plaintiff Fact Sheet. *See* ECF 4287 at 4-5. The answers provided in the Plaintiff Fact Sheet ("PFS") by the PFS's own terms are required to be completed by the Plaintiff herself and not merely counsel: "**The Plaintiff completing this Plaintiff Fact Sheet is under oath** and must provide information that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff is under an obligation to supplement these responses consistent with the Federal Rules of Civil Procedure." ECF 4287 at 15 (emphasis added). A PFS is fraudulent when (as here) it states that it has been "completed" by the Plaintiff, when in fact the Plaintiff did not review the completed PFS.

Uber asked Plaintiffs' counsel to confirm that Plaintiffs reviewed their amended, unverified fact sheets. ECF 4203-1 at 1-2. Plaintiffs refused. As a result, Uber was forced to file a motion with this Court. ECF 4203 at 4 (noting that Plaintiffs' failure to submit a verification along with amended PFS "raises the real possibility" that counsel "may have amended and served a new PFS without Plaintiffs' involvement at all"). In response to the Motion, the Court ordered Plaintiffs' counsel to certify that Plaintiffs had reviewed their amended PFS prior to submission. Because of Uber's persistence—beginning with argument before Magistrate Judge Cisneros over a year ago, spanning over 200 deficiency notices, and requiring motion practice, Plaintiffs stated that over 70 Plaintiffs did not review their completed amended PFS. Three firms, Nachawati Law Group (ECF 4522), Williams Hart & Boundas, LLP (ECF 4512), and Kherkher Garcia LLP (ECF 4508), have now admitted that at least 73 Plaintiffs did not review their completed amended PFS, before filing PFS falsely stating they had been "complet[ed]" by Plaintiffs. Williams Hart & Boundas concedes 24 Plaintiffs "**did not review their most recently amended PFS before it was served via MDL Centrality**." ECF 4512 (emphasis added). For 48 Plaintiffs, Nachawati admits that "Plaintiff executed verifications were not obtained **and amended plaintiff fact sheets were not able to be reviewed due to unavailability or non-responsiveness**." *Id* (emphasis added). Kherkher Garcia similarly admits that "Plaintiff Jane Doe 691046, MDL ID 3067, **did not review the amended PFS before it was served**." ECF 4508

(emphasis on "did not" in original). Counsel further admitted that those 73 Plaintiffs now cannot be contacted.

This is fraud. The amended PFS should not have stated that they had been "complet[ed]" by Plaintiffs, when in fact they were completed by Plaintiffs' counsel, and when in fact the completed versions of PFS prepared by counsel were not even reviewed by Plaintiffs.

Given this fraud, Uber requests (1) conversion of dismissals for the 73 Plaintiffs listed on **Exhibit A** to dismissals with prejudice, because counsel admitted these Plaintiffs did not review their completed amended PFS and counsel has entirely lost contact with them; (2) depositions of the 5 Plaintiffs listed on **Exhibit B** regarding changes made in amended PFS that stated they were "complet[ed]" by those Plaintiffs; and (3) entry of an order (attached as **Exhibit C**) requiring Nachawati Law Group, Williams Hart & Boundas, LLP, and Kherkher Garcia LLP and each Plaintiff represented by them to certify under Rule 26(g) that all Plaintiffs from each of those firms have reviewed each completed PFS and amended PFS before those PFS were served and identify the last date, prior to the Court's November 19, 2025 Order, when the firms had contact with their clients.

## II.   BACKGROUND

Nothing in the Federal Rules or this Court's Orders permits Plaintiffs' counsel to submit responses on their absent Plaintiff's behalf reflecting what counsel thinks a Plaintiff might state under oath, without Plaintiffs reviewing the completed responses. Nor does any PTO or other authority permit counsel for Plaintiffs to mislead the Court and the parties by passing off answers completed by counsel as those completed by Plaintiffs.

On March 19, 2024, the Court entered a PFS requirement as part of PTO 10 stating: "The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff is under an obligation to supplement these responses consistent with the Federal Rules of Civil Procedure." ECF 348-1 at 3. This provision remained unchanged in Amended PTO 10. ECF 4287 at 15.

On October 22, 2025, Uber filed a motion to dismiss those Plaintiffs that failed to verify their amended PFS as PTO 10 requires. ECF 4203. In its November 19, 2025 Order, the Court dismissed Plaintiffs that failed to comply with PTO 10 and ordered counsel for Plaintiffs who had been dismissed

by the November 19 Order to (1) file notices of dismissal for those Plaintiffs within 14 days; and (2) "serve a Rule 26(g) certification within 14 days identifying on separate lists: (i) which plaintiffs reviewed the amended PFS before it was served, and (b) which plaintiffs did not review the amended PFS before it was served." ECF 4442.

In response, three Plaintiffs' firms filed Rule 26(g) statements certifying that certain Plaintiffs did not themselves review and verify their own amended PFS before filing. Nachawati Law Group represents 59 Plaintiffs who were included in the Court's November 19 Order. *See* ECF 4442. Nachawati's Rule 26(g) statement indicates that counsel "consulted with and acquired information and items from or as to the Plaintiffs, which was incorporated into answering and completing a plaintiff fact sheet or amending a plaintiff fact sheet if an answer was inadvertently omitted or incomplete or could be more responsive." ECF 4522 at 5. For 48 Plaintiffs, Nachawati admits that "Plaintiff executed verifications were not obtained **and amended plaintiff fact sheets were not able to be reviewed due to unavailability or non-responsiveness**." *Id* at 6 (emphasis added). In its certification, Williams Hart & Boundas concedes 24 Plaintiffs "**did not review their most recently amended PFS before it was served via MDL Centrality**." ECF 4512 (emphasis added). Kherkher Garcia similarly admits that "Plaintiff Jane Doe 691046, MDL ID 3067, **did not review the amended PFS before it was served**." ECF 4508 (emphasis on "did not" in original).

The changes made by counsel without their Plaintiffs' signoff on the completed PFS address allegations such as: the location where the alleged incident took place, Plaintiffs' ability to recall facts surrounding their alleged assault, and the damages a Plaintiff is seeking. By way of example, Nachawati Law Group served an amended PFS on behalf of MDL ID 3201 changing her answer regarding her current address, the location of the alleged incident, the name of the driver, and the damages she seeks regarding out-of-pocket costs—even though counsel admits they could not reach her to review the completed PFS. *See* Exs. D, E. "At some point during the course of representation, the Plaintiffs subject to this dismissal became unavailable or non-responsive, which could be for any number of reasons. Despite Plaintiffs' firm's extensive efforts to locate, reach and reestablish communication with the Plaintiffs, to continue their case, it was unable to as to certain Plaintiffs . . . ." ECF 4522.

Similarly, Nachawati Law Group submitted multiple PFS on behalf of MDL ID 1496. Plaintiff first verified that she ▮▮▮▮▮▮▮. *See* Ex. F). Eight months later, her counsel provided unverified, ▮▮▮▮▮▮▮. *See* Ex. G. Counsel also changed the answer to whether that Plaintiff sought out-of-pocket costs as damages from ▮▮ which Plaintiff verified, to ▮▮ Nachawati Law Group changed a Plaintiff's verified statement that she ▮▮▮▮▮▮▮ without obtaining Plaintiff review of the completed amended PFS in at least two other cases: MDL ID 1500 and 1508. *See* Exs. H-I (MDL ID 1500) and J-K (MDL ID 1508). On December 3, 2025, Plaintiff's counsel admitted that Plaintiff did not review the amended, completed responses. The below chart further details several of these discrepancies, with Plaintiff-verified allegations in purple and examples of where Plaintiff did not review the amended completed PFS in blue.

*<u>Nachawati Jane Doe SG; MDL 1496</u>*



| Ex. F, First Amended PFS uploaded on 12/12/2024 | | Verified on 12/12/2024 |
|---|---|---|
| Ex. G, Second Amended PFS uploaded on 8/20/2025 | | Unverified |

| Ex. F, First Amended PFS uploaded on 12/12/2024 |  | Verified on 12/12/2024 |
|---|---|---|
| Ex. G, Second Amended PFS uploaded on 8/20/2025 | | Unverified |

**_Nachawati Jane Doe TW; MDL 1500_**

| Ex. H, First Amended PFS uploaded on 9/23/2024 |  | Verified on 12/12/2024 |
|---|---|---|
| Ex. I, Second Amended PFS uploaded on 8/18/2025 | | Unverified |

***Nachawati Jane Doe SW; MDL 1508***

| | | |
|---|---|---|
| Ex. J, First Amended PFS uploaded on 9/4/2024 |  | Verified on 12/12/2024 |
| Ex. K, Second Amended PFS uploaded on 8/18/2025 | | Unverified |

| | | |
|---|---|---|
| Ex. J, First Amended PFS uploaded on 9/4/2024 |  | Verified on 12/12/2024 |
| Ex. K, Second Amended PFS uploaded on 8/18/2025 | | Unverified |

***Nachawati Jane Doe NLG KM; MDL ID 3201***

| | | |
|---|---|---|
| Ex. D, PFS uploaded on 4/21/2025 | | Verified on 5/7/2025 |
| Ex. E, First Amended PFS uploaded on 8/9/2025 | | Unverified |

| | | |
|---|---|---|
| Ex. D, PFS uploaded on 4/21/2025 | | Verified on 5/7/2025 |
| Ex. E, First Amended PFS uploaded on 8/9/2025 | | Unverified |

| | | |
|---|---|---|
| Ex. D, PFS uploaded on 4/21/2025 | | Verified on 5/7/2025 |
| Ex. E, First Amended PFS uploaded on 8/9/2025 | | Unverified |

| | | |
|---|---|---|
| Ex. D, PFS uploaded on 4/21/2025 | | Verified on 5/7/2025 |
| Ex. E, First Amended PFS uploaded on 8/9/2025 | | Unverified |

***WHB 1048; MDL 1943***

| | | |
|---|---|---|
| Ex. L, First Amended PFS uploaded on 12/17/2024 | | Unverified |



| | | |
|---|---|---|
| Ex. M, Second Amended PFS uploaded on 6/30/2025 |  | Unverified |
| Ex. L, First Amended PFS uploaded on 12/17/2024 | | Unverified |
| Ex. M, Second Amended PFS uploaded on 6/30/2025 | | Unverified |
| Ex. L, First Amended PFS uploaded on 12/17/2024 | | Unverified |
| Ex. M, Second Amended PFS uploaded on 6/30/2025 | | Unverified |

Plaintiffs' counsel's recent Rule 26(g) statements are similar to admissions from Plaintiffs' counsel about communication with their clients, which are often raised in motions to withdraw as counsel after the Court enters show-cause orders related to submission of fraudulent receipts. In those withdrawal motions, Plaintiffs' counsel also cite inability to communicate with their clients. Some Plaintiffs' firms have similarly admitted in declarations supporting their motions to withdraw that they

have filed complaints and served PFS months after losing contact with their clients. *See, e.g.*, ECF 4104-1 at 2-3 (firm had almost no contact with Plaintiff from December 3, 2024 until September 2025 but submitted her complaint and PFS anyway). One Plaintiff's firm admitted that a Plaintiff "has not responded to any efforts to reach her made by myself or [counsel's] staff since May 9, 2023" but it still "filed in the MDL" "[o]n August 21, 2024." ECF 4103-1 ¶¶ 2, 5e. The Court has denied several such Motions. *See* ECF 3759; ECF 3974; ECF 4167; ECF 4168; ECF 4434.

Because of this pattern of counsel having little no or contact with their clients, Uber also requests that Plaintiffs' counsel certify the latest date of their firms' substantive communications with Plaintiffs, prior to the Court's November 19, 2025 Order.

### III.    ARGUMENT

The Court's Amended PTO 10 states that PFS responses "shall be considered the same as interrogatory responses, and where documents are requested, as responses to requests for production under the Federal Rules of Civil Procedure." ECF 4287 at 6. "[T]hese responses will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure." *Id*. Plaintiffs are further required to verify each completed PFS and amendment thereto. That requirement is "clear and undisputed." ECF 1877 at 2. At an even more basic level, no PFS should be served if the completed PFS has not been reviewed by a Plaintiff, who is "under oath" as to the representations made therein.

### A.    Conversion to Dismissals with Prejudice is Appropriate Given the Fraud on Behalf of 73 Plaintiffs.

Plaintiffs' counsel served 73 amended PFS indicating they had been "complet[ed]" by Plaintiffs. That was false. The completed PFS had not even been reviewed by those Plaintiffs before service, much less completed by them. Given this fraud on the Court and on Uber, the Court should convert its previous without-prejudice dismissals of the 73 Plaintiffs listed in Exhibit A to dismissals with prejudice. Plaintiffs' firms have no business passing off counsel's statements in the completed amended PFS as the Plaintiff's own sworn statements. It is alarming enough that Plaintiffs' counsel lost contact with these clients months or even years after filing, but it is also possible that some have never had any meaningful contact with these clients. This misconduct is clearly occurring at scale in

this litigation. Because Plaintiffs' counsel admitted they have entirely lost contact with these Plaintiffs but nonetheless filed their amended PFS, falsely stating they were "complet[ed]" by those Plaintiffs, the dismissals of these 73 Plaintiffs should be dismissals with prejudice.

### B. The Court Should Order Depositions of At Least a Subset of Plaintiffs For Whom Counsel Made Changes to Their PFS Without Those Plaintiffs' Review.

Uber also requests depositions of at least a subset of these Plaintiffs listed on **Exhibit B** because changes were made in their completed amended PFS without their review. Federal Rule of Civil Procedure 37(b)(2) states that, where a party "fails to obey an order to provide or permit discovery," a court "may issue further just orders." *See also* Fed. R. Civ. P. 16(f)(1)(C) ("On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney . . . fails to obey a scheduling or other pretrial order."). These orders may include orders to exclude evidence, strike pleadings, or even dismiss actions, Fed. R. Civ. P. 37(b)(2), but "courts have broad discretion" to fashion appropriate relief. *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional discovery. *See*, *e.g.*, *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019). "Compliance with court orders is not optional." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810, at *4 (C.D. Cal. May 3, 2021).

In serving amended PFS stating that Plaintiffs who had not reviewed the PFS had "complet[ed]" them, Nachawati Law Group, Williams Hart & Boundas, LLP, and Kherkher Garcia LLP made false statements to the Court and Uber, and these firms also failed to comply with this Court's orders. Further discovery on the veracity of material representations counsel made without their clients' review of the completed PFS is an appropriate remedy for this conduct.

### C. Certifications From These Plaintiffs' Firms Regarding Their Entire Inventories Is Necessary to Understand How Deep the PFS Fraudulent Verification Problem Goes.

Given Plaintiffs' counsel's pattern of filing amended PFS not reviewed by Plaintiffs upon completion, Uber should be granted additional relief. The Court should order Nachawati Law Firm, Williams, Hart & Boundas, LLP, and Kherkher Garcia LLP to file a Rule 26(g) certification as to all Plaintiffs in their inventories, either (i) stating that each Plaintiff has reviewed their PFS and all

amendments thereto after they were completed but prior to service, or (ii) identifying the Plaintiffs who have not done so; and (iii) identifying the last date, prior to the Court's November 19, 2025 Order, when they had contact with their clients.

The only reason that the Court—and Uber—are now aware of these Plaintiffs' firms' misconduct is because of persistent motion practice on Uber's part. The Court and Uber are entitled to understand how deep this fraud goes and what is needed to combat it. Plaintiffs' counsel led the Court and Uber to believe that *Plaintiffs* "complet[ed]" amended Plaintiff Fact Sheets contained "information that is true and correct to the best of her or his knowledge, information, and belief." ECF 4287 at 15. We now know those representations regarding who completed the amended PFS were (repeatedly) false. Counsel should be required to certify each completed PFS submitted by their "Plaintiffs" under Fed. R. Civ. P. 26(g). Further, Plaintiffs' counsels' lack of contact with their clients, some for years and some since inception, is a significant indicator of potential undiscovered fraud, and should raise concern over the integrity of the entire docket.

The submission of counsel-authored PFS and amended PFS as the completed statements of Plaintiffs themselves interferes with the Court's duty to manage this MDL and fundamentally compromises the truth-finding process in this litigation. This misconduct warrants Court intervention in the form of an order requiring Nachawati Law Firm, Williams Hart & Boundas, LLP, and Kherkher Garcia LLP to certify under Rule 26(g) that all Plaintiffs in their inventories have reviewed completed amended PFS before those fact sheets were served, as well as the status of their contact with their clients.

### IV. CONCLUSION

For all these reasons, Uber requests (1) conversion of without-prejudice dismissals to dismissals with prejudice for the 73 Plaintiffs listed on **Exhibit A**; (2) depositions of the 5 Plaintiffs listed on **Exhibit B** regarding the submission of amended PFS that Plaintiffs' counsel represented were "complet[ed]" by Plaintiffs but in fact were submitted without Plaintiffs' review; and (3) entry of the order attached as **Exhibit C** requiring Plaintiffs and counsel for each of Nachawati Law Group, Williams Hart & Boundas, LLP, and Kherkher Garcia LLP to certify for all Plaintiffs in their inventories under Rule 26(g) that they reviewed all completed PFS and all amended PFS before

serving and identifying the last date, prior to the Court's November 19, 2025 Order, when the firms had contact with their clients.

Dated: December 5, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC