Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONAL IDENTIFYING INFORMATION AND INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO ECF 176 CONTAINED IN DEFENDANTS' MOTION REGARDING FRAUDULENT PLAINTIFF FACT SHEETS**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Under Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber" or "Defendants") hereby move this Court for an order to seal the personal identifying information ("PII") contained in their Motion Regarding Fraudulent Plaintiff Fact Sheets (the "Motion") and some of its exhibits. The Motion and exhibits contain PII and information designated as confidential pursuant to the Protective Order entered in this matter from materials produced by Plaintiffs. *See* ECF 176. The Motion and exhibits are attached as Exhibit A, filed with this Administrative Motion.

A party seeking to seal a judicial record bears the burden of establishing that "compelling reasons" support that request. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006). Specifically, that party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure [of court records], such as the 'public interest in understanding the judicial process.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In turn, the [C]ourt must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Assessment of the public and private interests implicated here warrant sealing this information. Local Rule 79-5(c)(1)(i). Uber in particular seeks to seal PII and excerpts of responses provided within certain Plaintiff Fact Sheets ("PFS") produced by counsel via MDL Centrality ("MDLC") which are considered confidential and subject to the Protective Order entered in this matter. *See* ECF 176. Courts have found that such information "is sealable under the compelling reasons standard." *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 WL 17971633, at *1 (N.D. Cal. Nov. 17, 2022). That is because such information is "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). On the other hand, the public disclosure of the PII and excerpts of responses provided within certain PFS contained within the Motion could cause significant and avoidable harm or embarrassment to the affected individuals. Moreover, no less restrictive alternative to sealing the PII and excerpts of responses provided within certain PFS within the Motion is sufficient.

2

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONALLY IDENTIFYING INFORMATION AND INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO ECF 176

Case No. 3:23-MD-03084-CRB (LJC)

Local Rule 79-5(c)(1)(iii). Uber's request is narrowly tailored to seal only the PII and excerpts of responses provided within certain PFS while ensuring that the public retains access to the rest of the Motion and related documents. This Court may therefore "appropriately balance[]" the privacy interests of the affected individuals with the public's right to access by allowing redaction of all such PII and excerpts of responses provided within certain PFS in the Motion, as well as sealing exhibits D-M, which are confidential PFS. *O'Connor*, 2015 WL 355496, at *2.

## CONCLUSION

For the foregoing reasons, Uber respectfully requests this Court grant this Administrative Motion to seal excerpts of responses provided within certain PFS contained in the Motion and seal Exhibits D-M to the Motion, which consist of PFS marked confidential under the Protective Order.

DATED: December 5, 2025                    Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

3
DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONALLY IDENTIFYING INFORMATION AND INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO ECF 176

Case No. 3:23-MD-03084-CRB (LJC)