Sadi R. Antonmattei-Goitia (SBN # 24091383)
*(Pro Hac Vice)*
**KHERKHER GARCIA LLP**
2925 Richmond Ave, Suite 1560
Houston, TX 77098
Telephone: (713) 333- 1030
Facsimile : (713) 333-1029
Email: skherkher-team@kherkhergarcia.com
Email: rideshare@kherkhergarcia.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS** |
| This Document Relates to:<br><br>Jane Doe 693827 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:24-cv-09515-CRB, MDL ID 2774<br><br>Jane Doe 691174 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:25-cv-04582-CRB, MDL ID 3473<br><br>John Doe KGDB 020 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:25-cv-04979-CRB, MDL ID 3543<br><br>Jane Doe 690917 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:25-cv-05318-CRB, MDL ID 3648<br><br>Jane Doe KG 013 v. UBER TECHNOLOGIES, INC., et al., Case No. 3:25-cv-05577-CRB, MDL ID 3705 | |

Jane Doe KG 016 v. UBER TECHNOLOGIES, INC., et al.,
Case No. 3:25-cv-05582-CRB, MDL ID 3708

Jane Doe KG 039 v. UBER TECHNOLOGIES, INC., et al.,
Case No. 3:25-cv-06077-CRB, MDL ID 3773

## I. INTRODUCTION

Seven plaintiffs represented by Kherkher Garcia are the subject of Uber's *Motion to Dismiss Cases for Failure to Comply with PTO 31 and Show-Cause Orders*. *See*, ECF No. 4456. The Court should deny the Motion as moot as regards MDL 3543 because this Plaintiff has complied with PTO 31 on December 2, 2025. Kherkher Garcia has moved to withdraw from representing the other six plaintiffs subject of the Motion. The Court should deny Uber's Motion on all six.

## II. ARGUMENT

A. <u>MDL 3543 has complied with PTO 31</u>

Undersigned counsel conferred with Uber's counsel regarding MDL 3543 on October 6, 2025. Particularly as regards this Plaintiff, Undersigned Counsel advised Opposing Counsel that we were in communication with this client with the purpose of fully complying with PTO 31 but that more time was required. Undersigned Counsel requested additional time to do so, but Opposing Counsel never responded, deciding to file this motion instead.

MDL 3543 has fully complied with PTO 31 as of December 2, 2025. This Plaintiff has never shown an unwillingness to comply with PTO 31. The opposite is true; it was just a matter of having sufficient time to do so. The issue is therefore moot, and the Court should deny the Motion. The Court should also deny the motion due to Uber's failure to meaningfully confer regarding the issue.

B. *MDL 2774 is the subject of a pending motion to withdraw*

This Plaintiff has been the subject of sufficient motion practice. Undersigned Counsel moved to withdraw from her representation on August 28, 2025, at 24-cv-09515, ECF 9. The Court has not yet ruled.

Knowing that Undersigned Counsel has moved to withdraw from representing MDL 2774 due to unresponsiveness, Uber still noticed PTO 31 deficiency and now seeks dismissal with prejudice. Uber knows well that Undersigned Counsel would likely never be able to assist reach MDL 2774 to comply with PTO 31. The Court should grant the motion to withdraw that is pending and deny Uber's motion.

C. *Kherkher Garcia has today moved to withdraw from representing MDLs 3473, 3648, 3705, 3708, and 3773*

MDLs 3473, 3648, 3705, 4708, and 3773 are unresponsive to Undersigned Counsel's and Kherkher Garcia's multiple attempts to contact them regarding this litigation. Therefore, today, Kherkher Garcia has filed motions to withdraw from their representation. *See*, ECF Nos. 4582-4586. Undersigned Counsel incorporates by reference these motions and their respective Exhibit A as if fully set forth herein. *See,* Id. And ECF Nos. 4582-1-4586-1.

None of these Plaintiffs have been alleged to have submitted a fraudulent ride receipt. They are only subjected to Uber's Motion for failure to comply with PTO 31. Undersigned Counsel has attempted many times to reach all of them unsuccessfully. Dismissal is a harsh remedy. Justice is better served by allowing Undersigned Counsel to withdraw and allowing each Plaintiff to appear through new counsel, if so desired, and comply with the Court's orders. The Court can dismiss any of these cases for want of prosecution should a particular Plaintiff fail to appear through new counsel.

Therefore, the Court should deny Uber's Motion on this group of five Plaintiffs and grant Undersigned Counsel's and Kherkher Garcia's motions to withdraw instead.

DATED: December 5, 2025                     Respectfully Submitted,

*/s/ Sadi R. Antonmattei-Goitia*
Sadi R. Antonmattei-Goitia (SBN # 24091383)
(Pro Hac Vice)
KHERKHER GARCIA LLP
2925 Richmond Ave, Suite 1560
Houston, TX 77098
Telephone: (713) 333- 1030
Facsimile : (713) 333-1029
Email: skherkher-team@kherkhergarcia.com
Email: rideshare@kherkhergarcia.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

By: */s/ Sadi R. Antonmattei-Goitia*
Sadi R. Antonmattei-Goitia