William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05930-CRB

*Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05944-CRB

*Jane Doe LS 245 v. Uber Technologies, Inc., et al.,* Case No. 3:24-cv-05864-CRB

*Jane Doe LS 134 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-03811-CRB

*Jane Doe LS 364 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05237-CRB

*Jane Doe LS 234 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05433-CRB

Case No. 3:23-md-03084-CRB

**LEVIN SIMES PLAINTIFFS' OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW-CAUSE ORDERS**

Judge: Honorable Charles R. Breyer
Date: January 16, 2026
Time: 10:00 a.m.
Courtroom: 6 – 17th Floor

*Jane Doe LS 322 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05572-CRB

*Jane Doe LS 191 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05573-CRB

*Jane Doe LS 185 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05922-CRB

*Jane Doe LS 303 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05980-CRB

*John Doe LS 6 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05316-CRB

*Jane Doe LS 54 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05387-CRB

*Jane Doe LS 406 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05836-CRB

*Jane Doe LS 420 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05739-CRB

*John Doe LS 5 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05853-CRB

*Jane Doe LS 421 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05941-CRB

*Jane Doe LS 430 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05743-CRB

*Jane Doe LS 232 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05327-CRB

*Jane Doe LS 136 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05475-CRB

*Jane Doe LS 296 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06021-CRB

*Jane Doe LS 291 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06020-CRB

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

*Jane Doe LS 504 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05928-CRB

*Jane Doe LS 135 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05971-CRB

*Jane Doe LS 440 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05862-CRB

*Jane Doe LS 304 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05914-CRB

*Jane Doe LS 215 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05909-CRB

*Jane Doe LS 214 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05777-CRB

*Jane Doe LS 125 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05982-CRB

*Jane Doe LS 368 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05898-CRB

*Jane Doe LS 173 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05885-CRB

*Jane Doe LS 206 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05419-CRB

*John Doe LS 3 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05760-CRB

*Jane Doe LS 548 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-09211-CRB

*Jane Doe LS 553 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-01493-CRB

*Jane Doe LS 554 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-01693-CRB

*Jane Doe LS 583 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-02801-CRB

*Jane Doe LS 582 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-02792-CRB

*Jane Doe LS 593 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-03269-CRB

*Jane Doe LS 598 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-04071-CRB

*Jane Doe LS 601 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-04699-CRB

*Jane Doe LS 616 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-05942-CRB

*Jane Doe LS 614 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-05884-CRB

*Jane Doe LS 620 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-06249-CRB

*Jane Doe LS 619 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-06243-CRB

*Jane Doe LS 622 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-06306-CRB

*Jane Doe LS 626 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-06541-CRB

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

## I. INTRODUCTION

Federal Rule of Civil Procedure 41(b) allows a court to dismiss a claim for failure to prosecute or complaint with a court order, "dismissal, however, is so harsh a penalty it should be imposed as a sanction only in extreme cases." *Dahl v. City of Huntington Beach*, 84 F.3d 363, 366 (9th Cir., 1996). Dismissal is appropriate under Fed. R. Civ. P. 37 for violation of a discovery order "only where the failure to comply is due to willfulness, bad faith, or fault of the parties," *Wyle v. R.J. Reynolds Industries, Inc.,* 709 F.2d 585, 589 (9th Cir.1983), and "where lesser sanctions are considered by the district court to be inadequate." *N. Am. Watch Corp. v. Princess Ermine Jewels*, 786 F.2d 1447, 1451 (9th Cir. 1986). "The sanctions of dismissal or default, however, are generally reserved for those extreme circumstances where deception is willful, in bad faith, or relates to matters in controversy that interfere with rightful decisions of a case." *Id.* In other words, dismissal for failure to comply with a discovery order is a "harsh" and "drastic" remedy, reserved only for cases involving willfulness, bad faith, or fault of the highest order—none of which is present here.

Uber's motion should be denied for three reasons. First Uber's motion improperly conflates discovery deficiencies with fraud and seeks to dismiss claims on that basis. Second, dismissing these claims without prejudice at this juncture will not unburden the Court's docket, nor does it impede Uber's ability to try the bellwether cases. Third, dismissal of these cases at this time unreasonably prejudices the plaintiffs and violates public policy. For the reasons set forth below, Uber's motion to dismiss should be denied.

## II. FACTUAL BACKGROUND

### A. Levin Simes Plaintiffs Subject to PTO 31

The Levin Simes plaintiffs subject to this motion fall for the most part into three categories. First, plaintiffs who should not be subject to this motion. Second, plaintiffs who we have been able to contact who have either additional ride identifying information, or will provide a PTO 31 statement. Third, plaintiffs who we have not been able to reach regarding the Court's order. Below is a discussion of plaintiffs who fall into these categories.

With respect to the first category, Uber's Exhibit B contains several inaccuracies with respect to Levin Simes plaintiffs. The following five clients should not be subject to this motion

because Uber has identified the ride, Plaintiff already indicated that the ride was ordered by someone other than the Plaintiff on the ride identification form, or the Plaintiff is deceased or incarcerated.

- Jane Doe LS 54: Uber was able to identify a ride that matched the information provided on the Plaintiff's Fact Sheet on October 10, 2025, in its amended Defense Fact Sheet.
- Jane Doe LS 134: the ride was ordered by an individual other than Plaintiff.
- Jane Doe LS 191: the ride was ordered by an individual other than Plaintiff.
- Jane Doe LS 304: Plaintiff is deceased.
- Jane Doe LS 619: Plaintiff is currently incarcerated.[1]

With respect to the second category, we have been able to make contact with a number of clients subject to this motion. Obtaining the necessary information from each client identified on Exhibit B is a time consuming process that we are actively working on.[2] There are several plaintiffs who will be able to comply with the Court's order between the filing of this motion and the hearing date.

For these clients, we are in the process of amending ride information forms where we have additional information from the client, or to include information that was included on the Plaintiff Fact Sheet or was provided in records that were later submitted to Uber. The following are some examples of amendments and/or additional information that we can, and will, provide about the subject ride for certain clients. Jane Doe LS 332 provided more specific pick-up and drop-off information in her PFS, we will amend the ride identification form to reflect this information. Jane Doe LS 296 produced a police report and medical records related to the incident we will amend the ride identification form to reflect this information. Jane Doe 125 stated in her PFS that someone else ordered the ride, we will amend the ride identification form to reflect this

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

---

[1] We believe that the following plaintiffs may be incarcerated, but we have not been able to confirm: Jane Doe LS 504, Jane Doe LS 554, Jane Doe LS 626.

[2] To give additional context as to timing, it is worth noting that when PTO 31 was ordered by the Court, we were engaged in the bellwether trial of Jane Doe LSA 78 v. Uber Technologies Inc., before the Honorable Ethan P. Schulman in San Francisco Superior Court. That trial lasted nearly the entire month of September.

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

information. Plaintiff John Doe LS 3 does not have a ride receipt, but does have communications with Uber about the ride, we will amend the ride identification form to reflect this information and produce the communications to the extent they have not been. Along with providing amended ride information forms we will comply with this Court's PTO 31 requirements to the extent possible.

With respect to the third category, there is a subset of clients contained in Uber's Exhibit B, which remains unresponsive. We are continuing to attempt to reach out to these clients to provide additional ride identifying information, and to comply with the requirements of PTO 31. However, this subset is less than 30% of clients identified from Levin Simes. We will provide the Court with an update in advance of the hearing on the progress of compliance with respect to all Levin Simes clients.

**B. Plaintiffs Subject to the Court's Order to Show Cause.**

Uber's **Exhibit A** identifies three Levin Simes clients. We have met and conferred with Uber regarding Plaintiffs Jane Doe LS 333 and 397 and informed Uber that these Plaintiffs have no responsive documents, and that Uber can set the depositions of these Plaintiffs. See Declaration of David M. Grimes at ¶ 2.

With respect to Jane Doe LSA 245, the client has been and has remained unresponsive.

## III. ARGUMENT

In analyzing whether involuntary dismissal under FRCP 41(b) is warranted in any particular case, the Court must way the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir.1987) (*quoting Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829 (1986)). Each of these factors weigh against dismissal.

**A. The First and Second *Malone* Factors: The Public's Interest in Expeditious Resolution of the of Litigation and The Court's Need to Manage its Docket Weigh Against Dismissal.**

With respect to the first *Malone* factor, the district court has discretion to determine what is

an unreasonable delay in the expeditious resolution of the litigation because "it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable." *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994). The second *Malone* factor "is usually reviewed in conjunction with the public's interest in expeditious resolution of litigation to determine if there is unreasonable delay…[the district court] knows when its docket may become unmanageable." *Id*. at 1453.

Uber' motion does not show that there has been unreasonable delay in these plaintiffs' compliance with PTO 31. *See contra In re Eisen*, 31 F.3d 1451-52 ("the bankruptcy court found that Moneymaker had taken no action to prosecute in four years...the four-year delay in this case is clearly unreasonable.) Here, the majority of these plaintiffs have already submitted a verified Plaintiff Fact Sheet, and we are working with them to comply with PTO 31. They have not completely failed to proceed with their claim as Uber suggests.

For those plaintiffs that we are in contact with, dismissing cases without prejudice at this juncture will only burden the docket further. These plaintiffs who can provide additional information, and an appropriate declaration under PTO 31 will simply refile their claim and restart the process. Involuntary dismissal under FRCP 41(b) is a "drastic remedy which by is nature cannot be appropriately applied to every case of failure to comply with an order of the Court." *Industrial Bldg. Materials v. Interchemical Corp*., 278 F.Supp. 938, 949 (C.D. Cal. 1967).

The plaintiffs who we have not been able to reach that are subject to this motion make up a small portion of the actual docket. There are many reasons why these victims of sexual assault could be unresponsive. These cases often involve young women who are mobile -- changes in address name, phone number, etc. are all real human reasons why their initial contact information is no longer valid. Further, these cases involve traumatic events, lack of contact for a brief period of time does not necessarily equate to a willful refusal to comply with the Court's orders. Simply put, while we have made every effort to reach these plaintiffs to comply with this Court's orders, we have not received any indication that these clients are actually aware that they have failed to comply. What we do know is that our process of reestablishing contact with clients has been effective throughout this litigation. Therefore, the first two factors weigh against dismissal.

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**B. The Third Malone Factor: The Risk of Prejudice to Defendants Weighs Against Dismissal.**

"In determining whether a defendant has been prejudiced, we examine whether the plaintiff's actions impair the defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *Malone v. U.S. Postal Serv*., 833 F.2d 128, 131 (9th Cir. 1987). These Plaintiffs' actions do not impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials. Furthermore, Uber's argument is that it is prejudiced because frivolous and/or fraudulent claims that are clogging up the docket are also misplaced. Uber has not made an actual showing that these plaintiffs' claims are fraudulent or frivolous. As this Court is aware, there is a litany of reasons why a particular plaintiff may not have access to a ride receipt. For example, they might not have access to their Uber account, they may have multiple Uber accounts and forgotten which account the ride was taken on, and/or they may not have access to the email or phone number associated with the account to log into it.

Furthermore, some plaintiffs may only recall a date range for the account, rather than the specific date of the ride. This discovery deficiency at this stage is not the equivalent of fraud on that part of these plaintiffs, nor is it indicative that these plaintiffs' claims are frivolous. Uber cannot argue that any client listed on Exhibit B has used any of the make a receipt websites to create a false ride receipt. Instead, to support its point, Uber merely points to random websites regarding the acquisition of rideshare cases, but there is no evidence to show that those websites are tied to any particular Levin Simes plaintiff, or Levin Simes at all. Other than Uber's desire to decrease the claims against it, there is no substantial prejudice to Uber, as Uber seeks the Court to find in Exhibit 2. Therefore, this factor weighs against dismissal.

**C. The Fourth Malone Factor: The Public Policy Favoring Disposition of Cases on the Merits Weighs Against Dismissal.**

At a general level, the "public policy favoring disposition of cases on their merits"—the fourth Malone factor—always weighs against a default judgment, and often "strongly" so." *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998)). "By definition, a default judgment does not

promote the public policy of resolving lawsuits in their merits." *Smith v. Humboldt Cnty. Sheriff's Off. Corr. Facility*, No. 24-CV-01035-PHK, 2025 WL 41926, at *5 (N.D. Cal. Jan. 7, 2025).

Dismissal at this juncture in the litigation does not promote public policy and can discourage sexual assault victims from coming forward. A lack of ride receipt does not mean that a plaintiff was sexually assaulted. Nor, does it mean that a plaintiff cannot otherwise prove their claim. In a single case context, this type of issue would go more towards the credibility of the Plaintiff rather than being a dispositive factor as Uber suggests here. As mentioned above, there are a host of reasons as to why a particular plaintiff may not be able to provide a ride receipt or may be unresponsive at this time in the litigation. Finally, as these cases are all stayed, these cases are not unreasonably stalled such that any delay outweighs public policy that cases should be decided on the merits. As such, this factor weighs against dismissal.

**D. The Fifth Malone Factor: The Availability of Less Drastic Sanctions Weighs Against Dismissal.**

"The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131. "Our case law reveals that the following factors are of particular relevance in determining whether a district court has considered alternatives to dismissal: (1) Did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inadequate? (2) Did the court implement alternative methods of sanctioning or curing the malfeasance before ordering dismissal? (3) Did the court warn the plaintiff of the possibility of dismissal before actually ordering dismissal?" *Id*. These factors as well as the pretrial orders and processes in other multi-district litigations weigh against a dismissal with prejudice. "Before dismissing an action, a court should always be certain that other less drastic alternatives are not available." *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987).

We are working on providing amended ride information forms and included additional information where we can. We are also working on the appropriate declaration with the responsive plaintiffs that have been identified. We are continuing to reach out to those plaintiffs who are currently unresponsive. We will inform and its compliance with PTO in advance of the January

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

16, 2026 hearing on this issue.

## IV. CONCLUSION

For the foregoing reasons, Levin Simes Plainiffs respectfully request this Court deny Uber's motion and allow additional time for plaintiffs to comply with this PTO 31.

Dated: December 5, 2025

Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ William A. Levin*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

**CERTIFICATE OF SERVICE**

I hereby certify that on December 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ William A. Levin*
William A. Levin