Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS AGAINST BRET STANLEY AND PORTIONS OF SUPPORTING MATERIALS** |

**DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL**

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this Administrative Motion to Seal portions of their Motion for Sanctions Against Bret Stanley ("Motion for Sanctions") and supporting materials, filed contemporaneously. Defendants respectfully request that the Court seal the documents described in this Motion, as there is good cause to seal and the proposed sealing is the least restrictive means of protecting Defendants' legitimate interest in maintaining the confidentiality of Uber's proprietary information.

**I.  BACKGROUND AND REQUESTED SEALING**

The documents at issue in this Motion to Seal are: (1) the Motion for Sanctions; (2) the Declaration of Greg Brown in support of the Motion for Sanctions ("Brown Declaration"); (3) the Declaration of Veronica G. Gromada in support of the Motion for Sanctions ("Gromada Declaration"); and (4) Exhibit 1 to the Gromada Declaration, specifically:

| Document | Description | Defendants' Request |
|---|---|---|
| **Motion for Sanctions** | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber. | Seal in part (information regarding safety and compliance audit procedures developed and utilized by Uber) |
| **Brown Declaration** | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber. | Seal in part (portions of ¶¶3–6) |
| **Gromada Declaration** | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber. | Seal in part (portions of ¶¶4–5, 7, 9) |
| **Exhibit 1 to the Gromada Declaration** | Email correspondence referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber. | Seal in part (portions of: (1) Stanley 11/18/25 email; (2) Angotti 11/18/25 email; and (3) Stanley 11/13/25 email)[1] |

---

[1] Because the original version of Exhibit 1 has yellow highlights in it, Defendants have highlighted their proposed redactions as to Exhibit 1 in blue.

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions, and therefore do not pertain to the merits of the underlying litigation in any fashion; and the documents are not related to a dispositive motion. Therefore, the good cause standard applies. *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4, 2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024) (same). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Good cause to seal exists where the relevant documents contain confidential business information because competitive harm results–and sealing is warranted–where public disclosure would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022); *see also, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. Nov. 8, 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. Sept. 18, 2023) (sealing confidential information such as "internal business plans and propriet[ar]y

1    information about a [party's] products"); *E. W. Bank v. Shanker*, 2021 WL 3112452, at *17 (N.D. Cal.
2    July 22, 2021) (courts will seal information that would allow competitors to "replicate [a party's]
3    development of [technology] without expending the resources [the party] invested"); *CertainTeed*
4    *Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021)
5    (granting motion to seal "company's internal report about the efficacy of the company's products"
6    because it "is a 'compilation of information which is used in [the company's] business' and gives the
7    company 'an opportunity to obtain an advantage over competitors who do not know or use it'");
8    *Williams v. Apple, Inc.*, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (granting motion to seal
9    "exhibits that comprise internal Apple documents on iCloud's development and technical metrics");
10   *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting
11   motion to seal when "public release of these documents could give non-party competitors an unfair
12   advantage in the development or marketing of rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016
13   WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that
14   competitors would reproduce or recreate features of Defendants' products."); *Kowalsky v. Hewlett-*
15   *Packard Co.*, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information
16   concerning party's "product testing, development, and evaluation processes"); *Ashcraft v. Welk Resort*
17   *Grp., Corp.*, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a
18   competitor could [use to] reverse-engineer" Experian's systems).

19       Likewise, sealing is justified based on the risk that disclosure could allow third parties to
20   circumvent a proprietary technology's effectiveness or security measures. *See, e.g.*, *Ashcraft*, 2019
21   WL 12518367, at *2 (sealing information that "identity thieves could use … to develop methods to
22   circumvent Experian's protections"); *Campbell v. Facebook, Inc.*, 2015 WL 12965295, at *2 (N.D.
23   Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive
24   harm and compromise the technology of the products, harming Facebook and Fakebook's end users);
25   *cf. T1 Payments LLC v. New U Life Corp.*, 2022 WL 1472665, at *8 (D. Nev. May 9, 2022) (in the
26   context of a motion to retain a confidentiality designation, finding particularized harm was established
27   where the defendant's "ability to monitor its distributors would be harmed if the distributors learned
28   the monitoring procedures" utilized by the defendant).

### III. DEFENDANTS' MATERIAL SHOULD BE KEPT UNDER SEAL

The relevant document(s) should be sealed under the good cause standard. Defendants have a legitimate business interest in sealing these documents, as they feature confidential, non-public information regarding Uber's proprietary method for detecting fraud and preventing unauthorized conduct on its platform. Public disclosure would harm Uber's competitive standing and undermine an important safety and compliance feature developed by Uber. The sealing that Defendants request—limited redactions to a motion for sanctions and its supporting documents—is the least restrictive means of protecting these interests.

#### A. Good Cause Exists to Seal the Documents.

##### 1. Sealing Is Necessary to Allow Defendants to Protect Their Rights Under The Protective Order.

As a threshold matter, the Court should grant this Motion to Seal because, to establish that Bret Stanley once again violated the Protective Order, Defendants necessarily must reproduce Mr. Stanley's communications and discuss and describe the confidential information that Mr. Stanley is improperly using in another litigation. Parties should not face a "catch-22" where they are forced to disclose details of the very confidential information a protective order is meant to shield in order to enforce the Protective Order in court and seek remedies generally mandated under Fed. R. Civ. P. 37(b)(2)(C).

"Protective orders safeguard the interests of litigants who have no choice but to turn over sensitive information to the other party." *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1259 (9th Cir. 2017). But to serve as a meaningful safeguard, parties must be able to enforce a protective order; a legal right that is not "enforceable" is a "nullity." *Cf. Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037 (9th Cir. 2011) (discussing contract enforceability). To establish that another party has violated a protective order and entitlement to attorneys' fees or other sanctions, it is often necessary—as it is here—to disclose the confidential information at issue in the motion to enforce or motion for sanctions and those motions' supporting exhibits.

Denying a motion to seal in such circumstances would discourage litigants from seeking to

1  enforce their rights under protective orders, thereby undermining the efficacy of protective orders and
2  fueling unnecessary discovery fights when parties believe they cannot rely on a protective order.
3  Because disclosure of Defendants' confidential information is necessary to establish the Protective
4  Order violation addressed in the Motion for Sanctions, the Court should grant the Motion to Seal. *See*
5  Cummings Decl., Exhibit A, ¶ 4.  This fact weighs very heavily in favor of sealing confidential
6  business information that in this context has no bearing or relevance whatsoever to the underlying
7  litigation that the general public might otherwise even plausibly have an interest in under the
8  controlling legal standard.

### 2. Public Disclosure Risks Competitive Harm to Defendants and Risks Jeopardizing a Key Tool for Safety and Compliance Monitoring.

Defendants respectfully request that the Court maintain under partial seal portions of the documents at issue containing information about a proprietary and confidential safety and compliance audit procedure developed and used by Uber ("VFB Analysis"). *See* Brown Decl., Exhibit B to Motion for Sanctions, ¶ 4. Public disclosure of information pertaining to the VFB Analysis could harm Defendants' competitive standing. *See* Brown Decl., Exhibit B to Motion for Sanctions, ¶ 5 (The "details of the VFB Analysis are unknown to Uber's competitors and application users, and the disclosure of this information would result in a competitive disadvantage to Uber …."); Cummings Decl., Exhibit A, ¶ 5. Indeed, even within Uber, access to the VFB Analysis "was restricted … by role and responsibility, and is not broadly shared." Brown Decl., Exhibit B to Motion for Sanctions, ¶ 5. This Court has sealed analogous information regarding the inner workings of online platforms that, if publicly disclosed, could be copied, "caus[ing] competitive harm to" the party that created the proprietary information. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion to seal information about nonpublic features of Gmail); *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at *2 (N.D. Cal. Dec. 7, 2023) (sealing portions of document addressing "operation of [plaintiff's] proprietary software platform" because the public information "could be used by competitors to undercut the litigant"); *see also Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation, LLC*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform Inc.*, 2023 WL 6135556, at *2; *E. W. Bank*, 2021 WL 3112452, at *17; *CertainTeed Gypsum,*

*Inc.*, 2021 WL 6621061, at *2; *Williams*, 2021 WL 2476916, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *2; *Finjan, Inc.*, 2016 WL 7911651, at *4; *Kowalsky*, 2012 WL 892427, at *4; ECF 2858 (granting motion to seal (ECF 2846) information about Uber's Safety Risk Assessed Dispatch system under compelling reasons standard).

Not only would disclosure pose a risk of competitive harm to Defendants, but public disclosure of the information may allow Uber Eats platform users to take steps to undermine or circumvent the effectiveness of an important public safety and compliance program. *See* Brown Decl., Exhibit B to Motion for Sanctions, ¶ 5; Cummings Decl., Exhibit A, ¶ 5. Courts frequently grant motions to seal in related contexts, and Defendants respectfully request that the Court do the same here. *See, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use … to develop methods to circumvent Experian's protections"); *Campbell*, 2015 WL 12965295, at *2 (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Fakebook's end users); *cf. T1 Payments LLC*, 2022 WL 1472665, at *8 (in the context of a motion to retain a confidentiality designation, finding particularized harm was established where the defendant's "ability to monitor its distributors would be harmed if the distributors learned the monitoring procedures" utilized by the defendant).

Balanced against these reasons to maintain the redacted information under seal is the complete absence of any public interest in the disclosure of the confidential, proprietary methods used by Uber to monitor safety and compliance. This information adds nothing to the public's understanding of the merits of this litigation, or even the Motion for Sanctions. *See* Cummings Decl., Exhibit A, ¶ 6. Defendants therefore respectfully ask the Court to maintain this information under seal.

**B. The Proposed Sealing Is the Least Restrictive Means of Protecting Defendants' Legitimate Interest in Maintaining Confidentiality.**

Defendants' proposed sealing is narrowly tailored to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). The proposed limited redactions are focused exclusively on information pertaining to Defendants' proprietary, confidential, and non-public safety and compliance audit procedure. Actions short of sealing portions of these documents would be

insufficient to protect Defendants' legitimate expectations of confidentiality. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

## IV.     CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the documents listed above be maintained under seal, as specified herein.

DATED: December 8, 2025                    Respectfully submitted,

By: */s/ DANIEL E. CUMMINGS*
      DANIEL E. CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
   mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK L. OOT (Admitted *Pro Hac Vice*)
   oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL E. CUMMINGS (Admitted *Pro Hac Vice*)
   decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS AGAINST BRET STANLEY & PORTIONS OF SUPPORTING MATERIALS
CASE NO. 3:23-md-03084-CRB