Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC
And RASIER-CA, LLC
[*Additional Counsel Listed on Signature Page*]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF MOTION FOR SANCTIONS AGAINST BRET STANLEY AND PORTIONS OF SUPPORTING MATERIALS**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom: G-15th Floor |

I, Daniel Cummings, having personal knowledge of the following, state:

1. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions Against Bret Stanley and Portions of Supporting Materials ("Motion to Seal").

2. I have reviewed Defendants' Motion for Sanctions Against Bret Stanley ("Motion for Sanctions"), the Declaration of Greg Brown in support of the Motion for Sanctions ("Brown Declaration"), the Declaration of Veronica Hayes Gromada in support of the Motion for Sanctions ("Gromada Declaration"), and the exhibits to the Gromada Declaration. I have also reviewed the "VFB Analysis" discussed in these filings.

3. The documents at issue in the Motion to Seal are the Motion for Sanctions, the Brown Declaration, the Gromada Declaration, and Exhibit 1 to the Gromada Declaration. On information and belief, the documents Defendants ask to seal, only in part, contain reference to confidential, non-public safety and compliance audit procedures developed and utilized by Uber.

4. Disclosure of and reference to Defendants' confidential information is necessary to establish the Protective Order violation addressed in the Motion for Sanctions.

5. On information and belief, disclosure of the information set forth in the proposed redactions, including the name of the safety and compliance audit procedure, would harm Defendants' competitive standing and undermine the effectiveness of an important safety tool developed by Uber by disclosing the nature of the safety and compliance audit procedure.

6. Balanced against these reasons to maintain the redacted information under seal is the complete absence of any public interest in the disclosure of confidential, proprietary information used by Uber to monitor safety and compliance. This information adds nothing to the public's understanding of the merits of this litigation, or even the Motion for Sanctions.

7. There are no less restrictive alternatives to sealing the documents—Defendants' proposed sealing is narrowly tailored to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. The proposed limited redactions are focused exclusively on information pertaining to Defendants' proprietary, confidential, and non-public safety and compliance audit procedures. Actions short of sealing portions of these documents would be insufficient to protect Defendants' legitimate expectations of confidentiality. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 8, 2025.

                                                */s/ Daniel Cummings*
                                                Daniel Cummings