# EXHIBIT A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF VERONICA HAYES GROMADA SUPPORTING DEFENDANTS' MOTION FOR SANCTIONS AGAINST BRET STANLEY**<br><br>Judge:    Hon. Lisa J. Cisneros<br>Courtroom:   G-15th Floor |

I, Veronica Hayes Gromada, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon, L.L.P. I am a member in good standing of the Bars of the State of Texas and of the District of Columbia and am admitted to practice *pro hac vice* before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Defendants' Motion for Sanctions Against Bret Stanley. I have also reviewed the accompanying Declaration of Greg Brown.

### Defendants Produced A VFB Analysis In The MDL And Designated It Confidential Under The Protective Order

2. Defendants produced UBER_JCCP_MDL_003941399 (the "VFB Analysis") in this MDL and designated it Confidential under the Protective Order. As a member of the PSC, Mr. Stanley has direct access to the MDL repository of more than 1.8 million documents, including the VFB Analysis.

### Mr. Stanley Searched the MDL Discovery Repository Using The UUID Of An Uber Eats Earner Involved In A Non-MDL Case And Used The VFB Analysis He Found To Litigate His Non-MDL Case

3. Mr. Stanley is counsel of record for the plaintiff in *Smith v. Uber Technologies, Inc., et al.*, 2022-CI-11011 (Bexar County, Texas), which concerns an automobile accident that occurred in April 2022. Angela Angotti of Bowman and Brooke, LLP is Defendants' counsel of record in *Smith*. Ms. Angotti provided me with email correspondence between her, Mr. Stanley, and other counsel of record in *Smith*.

4. As the plaintiff's counsel in *Smith*, Mr. Stanley propounded a request for production seeking "documents that indicate ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮." As established by the Declaration of Greg Brown, Defendants have no record of any ▮▮▮▮▮ for Mr. Aldana.

5. Yet, in a November 13, 2025 email to Ms. Angotti, Mr. Stanley claimed that he knew ▮▮▮▮▮▮▮▮▮▮ existed for Mr. Aldana "based on documents related to Aldana's

---

[1] Defendants have omitted Mr. Aldana's UUID from this quotation because, as Mr. Stanley's actions here demonstrate, UUIDs should be treated as confidential information.

1

DECLARATION OF VERONICA HAYES GROMADA SUPPORTING DEFENDANTS'
MOTION FOR SANCTIONS AGAINST BRET STANLEY
                                                          Case No. 3:23-MD-03084-CRB

UUID." Mr. Stanley also accused Ms. Angotti of making "a substantial misrepresentation" to the *Smith* court:

> Importantly, RFP 70 was granted and Uber is to produce ▓▓▓▓▓▓▓ related to Aldana. On the record you made a substantial misrepresentation that Uber has **no** ▓▓▓▓ **for Aldana**. This is absolutely untrue based on documents related to Aldana's UUID. The Order granting RFP 70 allows me to trigger procedures in the MDL Protective Order to seek this production.

*See* Exhibit 1, email thread between Mr. Stanley and Ms. Angotti (Mr. Stanley's November 13, 2025 email at 8:53 am).

6. Following Mr. Stanley's accusations, Ms. Angotti searched and located no information supporting Mr. Stanley's accusation. Accordingly, Ms. Angotti asked Mr. Stanley to "identify the Aldana UUID documents mentioned in your November 13 email…by bates number…." Exhibit 1, email thread between Mr. Stanley and Ms. Angotti (Ms. Angotti's November 18, 2025 email at 4:13 pm).

7. Mr. Stanley responded that the document "**is from MDL 3084**…." Exhibit 1, email thread between Mr. Stanley and Ms. Angotti (Mr. Stanley's November 18, 2025 email at 4:55pm). Mr. Stanley suggested that attorneys who have access to the MDL repository "**could search MDL Database using Aldana's UUID and it will populate**."[2] *Id.* (emphasis added). Mr. Stanley claimed the VFB Analysis "indicates ▓▓▓▓▓▓▓▓▓▓▓ for the *Smith* Earner (Aldana) and was, thus, responsive to RFP 70. *Id*. Mr. Stanley also continued to assert that "a false statement to the court was made" by Defendants' *Smith* counsel. *Id*.

8. Mr. Stanley later provided the Bates number of the Confidential MDL document allegedly supporting his claims, which was VFB Analysis:

---

[2] Notably, Mr. Stanley's co-counsel in another non-MDL case, *Lord v. Uber Technologies, Inc.*, which has been pending since February 2024, asked the driver defendant's counsel for the driver's UUID on November 4, 2025. *See* Exhibit 3, November 4, 2025 letter from Mr. Stanley's co-counsel requesting the *Lord* driver's UUID.

> From: Bret Stanley <BStanley@johnsonlawgroup.com>
> Sent: Tuesday, November 25, 2025 4:11 PM
> To: Angela Angotti <Angela.Angotti@bowmanandbrooke.com>
> Subject: RE: Smith - Motion to Extend Docket Control Order
>
> Thanks.
>
> UBER_JCCP_MDL_003941399
>
>   **Bret Stanley** | Senior Counsel
> Johnson Law Group | 2925 Richmond Ave., Suite 1700 | Houston, Texas 77098
> Toll Free (800) 230-7700 | Phone (713) 626-9336 | Fax (713) 583-9460
> BStanley@johnsonlawgroup.com | www.johnsonlawgroup.com

Mr. Stanley never sought, let alone received, permission from either Defendants or the Court to: (a) search the MDL discovery repository—which is comprised largely of Defendants' Confidential and Highly Confidential MDL documents—using Mr. Aldana's UUID; or (b) use the VFB Analysis to litigate the *Smith* case.

### Mr. Stanley Challenged Defendants' Confidential Designation Of The VFB Analysis, But Withdrew His Challenge With Prejudice

9. On October 16, 2025, Bret Stanley challenged Defendants' confidential designation of UBER_JCCP_MDL_003941399, titled "INA-4142 | ▮▮▮▮▮▮▮ VFB Logistic Flow List to Audit" (hereinafter, "VFB Analysis"). *See* Exhibit 2, October 16, 2025 Bret Stanley email. Mr. Stanley's challenge asserted that the VFB Analysis "does not qualify under the definition contained in Paragraph 2.3 of Pretrial Order 4 [sic]," but did not provide any description of the basis for the challenge. *Id.*

10. During the required conferral with Mr. Stanley, Defendants identified all the reasons the VFB Analysis was confidential. Mr. Stanley never sought either Defendants' or this Court's permission to use the VFB Analysis in *Smith* or any other case. Instead, Mr. Stanley claimed—incorrectly and without explanation—that the VFB Analysis did not fall into any of the categories of information that can be designated Confidential under the Protective Order.

Defendants advised Mr. Stanley that his challenge was frivolous. On November 12, 2025, Mr. Stanley withdrew his confidentiality challenge to the VFB Analysis, with prejudice. ECF 4366 at 3.[3]

Defendants Met And Conferred With Mr. Stanley Regarding His Recent Smith Conduct

11.     With ample evidence that Mr. Stanley once again violated the Protective Order, Defendants, through MDL counsel, sent Mr. Stanley a Cease and Desist Letter on December 2, 2025. Defendants requested a meet and confer and advised of their intent to proceed with motion practice.

12.     On December 8, 2025, Defendants' counsel met and conferred with Mr. Stanley regarding this dispute. Defendants explained that searching the MDL discovery repository using the *Smith* Earner's UUID was a clear violation of the Protective Order. **Mr. Stanley did not deny that he searched the MDL discovery repository using the *Smith* Earner's UUID**. Instead, Mr. Stanley simply claimed that he did not "disclose" the VFB Analysis in the *Smith* matter. However, as explained above, Mr. Stanley plainly used information in the VFB Analysis to litigate the *Smith* matter. Moreover, the parties are clearly at an impasse regarding whether Mr. Stanley is permitted to search the MDL discovery repository for documents that may be helpful in his non-MDL matters.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 8th day of December, 2025 in Houston, Texas.

*/s/ Veronica Hayes Gromada*
Veronica Hayes Gromada

---

[3] Pursuant to the Protective Order, Mr. Stanley may use the VFB Analysis within the MDL or JCCP litigation. But there is no reason for Mr. Stanley to do so, as the document focuses exclusively on auditing the Uber Eats program, a program that is not at issue in this MDL or the JCCP. Indeed, the VFB Analysis does not involve incidents of alleged sexual assault or sexual misconduct.