[Submitting counsel below]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Administrative Motion to File Under Seal Exhibits to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment.

Plaintiff respectfully requests the Court to seal certain exhibits filed in support of Plaintiff's Motion.

## I. BACKGROUND AND REQUESTED SEALING

The exhibits at issue in this Motion to File Under Seal (some of which were also filed under seal in connection with Plaintiff's Administrative Motion to Determine Whether Another Party's Material Should be Sealed) are:

| Exhibit | Description of Material to Be Sealed | Redaction Status |
|---|---|---|
| Exhibit 8 to Opposition | The birth date of Plaintiff at 21:7 and the name of third party S.M. at 192:11. | Redacted version filed publicly |
| Exhibit 21 to Opposition | The birth date of third-party driver at 7:16-17. | Redacted version filed publicly |
| Exhibit 22 to Opposition | The entirety of the exhibit, which is third-party driver's license, containing his name, birth date, address, photo, and driver's license number | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 63 to Opposition | The social security number, birth date, and driver's license number of third-party driver | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 64 to Opposition | The birth date, social security number, driver's license number, email address, and phone number of third-party driver | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 65 to Opposition | The email address of third-party driver | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 67 to Opposition | The email address of third-party driver | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 69 to Opposition | The entirety of the exhibit, which is third-party driver's license, containing his birth date, address, photo, and driver's license number | No redacted version; Uber or its contractor designated as confidential in full |
| Exhibit 70 to Opposition | The birth date, social security number, driver's license number, email address, and phone number of third-party driver | No redacted version; Uber or its contractor designated as confidential in full |

1

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 23-md-03084-CRB

## II. LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

## III. THE EXHBITS AT ISSUE SHOULD BE SEALED

The information that Plaintiff seeks to seal includes the personally identifiable information ("PII") of Plaintiff and third parties. Exhibit 8 is an excerpt of Plaintiff's deposition that includes her birth date and the name of third party, S.M. *See* Kalonia Decl. at ¶ 3. The information that Plaintiff seeks to seal in Exhibits 21, 22, 63, 64, 65, 67, 69, and 70 includes the PII of the third-party driver in Plaintiff's case. *See* Kalonia Decl. ¶¶ 4-11. Exhibit 21 is an excerpt of the driver's deposition that includes his date of birth. *See id.* at ¶ 4. Exhibit 22 is a copy of the driver's license, containing his address, date and place of birth, photo, and driver's license number. *See id.* at ¶ 5. Exhibit 63 is a copy of the driver's background check, containing his last four digits of SSN, partial birth date, and partial driver's license number. *See id.* at ¶ 6. Exhibit 64 is a copy of the driver's background check, containing his birth date, last four digits of SSN, partial driver's license number, email address, and phone number. *See id.* at ¶ 7. Exhibit 65 is a copy of the driver's correspondence with Checkr, Inc., containing the driver's email address. *See id.* at ¶ 8. Exhibit 67 is a copy of Checkr, Inc.'s call notes with the driver's containing email address. *See id.* at ¶ 9. Exhibit 69 is a copy of the driver's license, containing his address, date and place of birth, photo, and driver's license number. *See id.* at ¶ 10. Exhibit 70 is a copy of the driver's background check, containing his birth date, last four digits of SSN, partial driver's license number, email address, and phone number. *See id.* at ¶11.

Exhibits 22, 63, 64, 65, 67, 69 and 70 have been filed under Plaintiff's accompanying Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal, as

2

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO PLAINTIFF'S OPPOSITION
TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 23-md-03084-CRB

Uber has designated these materials as confidential. *See id.* at ¶¶ 5, 7, 10, 11. Regardless of how the Court rules on Uber's confidentiality, portions of the exhibits at issue should be sealed because they include the PII of Plaintiff and third parties.

Courts routinely find that "individual privacy rights in personal identifying information… outweigh[s] the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases). The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their highly sensitive information and warrants the sealing of this information. *See* Kalonia Decl. ¶ 12.

### A. Failing to Seal the Records Would Harm Plaintiff and Third Parties

Portions of Exhibits 8, 21, 63, 64, 65, 67, and 70, and the entirety of Exhibits 22 and 69 contain the sensitive PII of Plaintiff and third parties. This PII is sealable under the compelling reasons standard. *See Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (noting that "there are compelling reasons to seal [] names, email addresses, and physical addresses…"); *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Kamakana*, 447 F.3d at 1184 (upholding the lower court's decision to seal home addresses and social security numbers under the compelling reasons standard as disclosure could result in "harm or identity theft.").

The PII of Plaintiff and third parties is "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). Defendants will suffer no prejudice because they know the underlying information about Plaintiff and third parties. *See* Kalonia Decl. ¶¶ 5, 7, 10, 11.

**B.  Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

Plaintiff's request is narrowly tailored to seal only PII, while ensuring that the public retains access to the remaining non-sensitive information. *See id*.

**IV.  CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that portions of Exhibits 8, 21, 63, 64, 65, 67, and 70 and the entirety of Exhibits 22 and 69 be sealed.

Dated: December 10, 2025                             Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I, Andrew R. Kaufman, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: December 10, 2025

*/s/ Andrew R. Kaufman*
Andrew R. Kaufman

5

PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL EXHIBITS TO PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT
Case No. 23-md-03084-CRB