Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

*[Additional Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO PARTIALLY EXCLUDE THE EXPERT REBUTTAL TESTIMONY OF LINDSAY ORCHOWSKI, PH.D.**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor<br><br>Judge: Mag. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

I. **INTRODUCTION**

Dr. Lindsay Orchowski—a clinical psychologist with decades of experience relating to sexual violence prevention and response—proffered a rebuttal report that challenges the unreliable sexual assault opinions being offered by Plaintiff's expert, Dr. Veronique Valliere. Plaintiff's motion does not challenge the bulk of Dr. Orchowski's report, including her assessment of the relevant scientific literature; her opinion that "sexual harassment trainings are [in]effective in preventing occurrence of workplace" harassment; her opinion that Dr. "Valliere's report lacks rigorous citation to the scientific research data to support her opinions"; or her opinion that Dr. "Valliere's report fails to recognize the role of behavioral definitions in lending precision to the description, study, and reporting of types of sexual violence[.]" Orchowski Rep. at 3-4 (Mot. Ex. A). While Plaintiff contends that Dr. Orchowski's three other opinions are irrelevant and/or unreliable, Plaintiff's arguments lack merit.

*First*, Plaintiff seeks to exclude Dr. Orchowski's "predictive screening" opinions—i.e., that "'research has yet to identify systems that can accurately predict whether an individual without a criminal history of committing sexual offenses will commit sexual assault,'" Mot. at 4 (quoting Orchowski Rep. at 3-4)—because Dr. Orchowski does not base her opinions on an independent review of Uber's internal documents. But Plaintiff fundamentally misapprehends Dr. Orchowski's role as a rebuttal witness. Dr. Orchowski was designated to critique Dr. Valliere's methodology, not to offer an affirmative opinion. And to perform that rebuttal function, Dr. Orchowski was not obligated to undertake an independent review of Uber's documents; rather, she was permitted to rely on Dr. Valliere's report (and the documents cited therein), her own extensive experience working on the development of sexual assault prevention programs, and her independent analysis of the relevant scientific literature.

*Second*, Plaintiff argues that Dr. Orchowski's "sexual assault risk factor" opinions—i.e., that Uber's actions "align with the public health framework for violence prevention," Mot. at 1 (quoting Orchowski Rep. at 9-10)—are unreliable and irrelevant because Dr. Orchowski did not cite to any specific Uber documents in offering these opinions. But Dr. Orchowski properly bases her "sexual

assault risk factor" opinions on her own substantial experience, literature analysis, and Dr. Valliere's own report, which discusses in detail the content of Uber documents pertaining to sexual assault risk factors.

*Third*, Plaintiff seeks to exclude Dr. Orchowski's opinion that Dr. Valliere's "causation" opinions demonstrate (at most) correlation, Mot. at 1, on the basis that Dr. Valliere did not "mak[e] a claim of statistical correlation," *id.* at 8-9. But Plaintiff's concession that Dr. Valliere is unable to identify even a statistical correlation only underscores why Dr. Orchowski must be allowed to educate jurors on the difference between causation and correlation. After all, as Plaintiff expressly recognizes, Dr. Valliere seeks to tell jurors that the ride environment is "potentially ripe for sexual assault *as a result of*" specific factors. Mot. at 8 (emphasis added). Because the obvious implication of such an opinion is that there *is* a causal relationship between Uber's alleged conduct and supposed assaults, Dr. Orchowski's opinions are critical to putting Dr. Valliere's false suggestions of causation in the proper context.

For all of these reasons, discussed further below, Dr. Orchowski's rebuttal opinions are clearly relevant and reliable, and Plaintiff's motion should be denied.

## II.    BACKGROUND

Dr. Lindsay Orchowski is a licensed clinical psychologist currently employed as a Staff Psychologist in the Adult Outpatient Division at Rhode Island Hospital and a Professor at the Warren Alpert Medical School of Brown University. Orchowski Rep. at 2. Dr. Orchowski is also a preeminent researcher "with a specific focus on advancing the development and evaluation of sexual assault prevention programs, implementation and dissemination of science, and engaging individuals in proactive helping behavior to prevent injury and harm in their community." *Id*.

Dr. Orchowski was retained in this case "to review and respond to Dr. Veronique Valliere's opinions regarding the Uber rideshare platform's driver sign-up and screening process, environmental safeguards and risk-reduction measures, and the sufficiency of its sexual misconduct taxonomy." Orchowski Rep. at 3. Dr. Orchowski "evaluate[d] whether Dr. Valliere's opinions are supported by sufficient research." *Id.*; *see also* Orchowski Dep. 75:15-20; *id.* 78:9-14 (Mot. Ex. B).

To arrive at her opinions, Dr. Orchowski "us[ed] the same methods [she] employ[s] in [her] academic work"—i.e., she considered "the empirical research and [her] knowledge and experience after over 20 years of relevant research and experience relating to sexual violence prevention and response." Orchowski Rep. at 3.

### III. STATEMENT OF THE ISSUES TO BE DECIDED

Do Dr. Lindsay Orchowski's rebuttal opinions challenged by Plaintiff satisfy the requirements of reliability and relevance enumerated in Federal Rule of Evidence 702, where Dr. Orchowski bases her opinions on Dr. Valliere's report (and the documents cited therein), her own extensive experience working on sexual assault prevention programs, and a thorough analysis of the relevant scientific literature?

### IV. LEGAL STANDARD

Although Rule 702 applies to both plaintiff and defense experts, "the test is different" for defense experts because the burden of proof is one that "the defense d[oes] not bear[.]" *Holbrook v. Lykes Bros. S.S. Co.*, 80 F.3d 777, 786 (3d Cir. 1996). The reliability prong ensures "that the expert testimony . . . 'rests on a reliable foundation,'" *Baker v. SeaWorld Ent., Inc.*, 423 F. Supp. 3d 878, 895 (S.D. Cal. 2019) (citation omitted), and "personal experience" in the relevant field is "an acceptable means of determining the reliability of [rebuttal] expert testimony." *Perez v. State Farm Mut. Auto. Ins. Co.*, No. C 06-01962 JW, 2011 WL 8601203, at *8 (N.D. Cal. Dec. 7, 2011). Additionally, "[e]xpert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *HP Tuners, LLC v. Cannata*, No. 3:18-CV-00527-LRH-CSD, 2023 WL 1071782, at *4 (D. Nev. Jan. 27, 2023).

### V. ARGUMENT

**1. Dr. Orchowski's Predictive Screening Opinions Are Admissible.**

In direct response to Dr. Valliere's suggestion—without any scientific support—that "something can be done to decrease sexual assault in the high-risk environment," Valliere Rep. at 25 (Dkt. 4357, Ex. Q); Orchowski Rep. at 4, and "the acts of sexual offenders are often preventable," Valliere Rep. at 3; Orchowski Rep. at 9, Dr. Orchowski explains that "research has yet to identify

systems that can accurately predict whether an individual without a criminal history of committing sexual offenses will commit sexual assault in the future," Orchowski Rep. at 3-4. Dr. Orchowski provides a detailed account of the research and scientific literature pertaining to risk assessment tools for the prediction of violence, which concludes that there are no "reliable systems that accurately predict who will and who will not engage in harm." *Id.* at 8. And she explains that because "[a]ttempts to implement predictive screening for sexual assault for those without a prior criminal history are unreliable and result in significant false positives," Dr. Valliere did not have a sufficient "scientific basis" to support her "opinion that Uber 'should have' identified potential offenders." *Id.* at 8-9.

Plaintiff argues that Dr. Orchowski's predictive screening opinions are unreliable and irrelevant because: (1) she did not cite to Uber documents or deposition testimony "outside of Dr. Valliere's report"; and (2) she did not "address Uber's predictive screening tool[.]" Mot. at 4-6. Neither argument has any merit.

*First*, Plaintiff claims that Dr. Orchowski's opinions are unreliable because she did not cite to Uber documents or deposition testimony "outside of Dr. Valliere's report," Mot. at 4, and did not discuss "Uber's underlying research about Cerebro/uSight" specifically, *id.* at 5. In so arguing, Plaintiff misunderstands the purpose of Dr. Orchowski's opinions, which is to "evaluate whether Dr. Valliere's opinions are supported by sufficient research." Orchowski Rep. at 3; *see also* Orchowski Dep. 75:15-20 (Dr. Orchowski explaining that the "[p]urpose of [her] report was not to analyze Uber documentation, it was to provide a scientific review of Dr. Valliere's report"); *id.* 78:9-14; *id.* 367:18-368:14. Because "a rebuttal expert is permitted to discuss overlooked evidence and perceived flaws in the methodology of the original expert's testimony," *Shaver v. Libbey Glass LLC*, No. 2:22-CV-07092-SPG-MAR, 2024 WL 3050719, at *3 (C.D. Cal. Apr. 12, 2024), Dr. Orchowski's focus on the research addressing predictive screening tools (that was entirely ignored by Dr. Valliere) is entirely appropriate.

Likewise, as a rebuttal expert, Dr. Orchowski was not obligated to "perform h[er] own" review of company documents and deposition testimony; rather, she needed only to "review[] the

5
DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO PARTIALLY EXCLUDE THE EXPERT REBUTTAL TESTIMONY OF LINDSAY ORCHOWSKI, PH.D.                                           Case No. 23-cv-06708

underlying facts and data on which" Plaintiff's expert relied in formulating her opinions. *See Winn-Dixie Stores, Inc. v. E. Mushroom Mktg. Coop.*, No. CV 15-6480, 2021 WL 2352016, at *15 (E.D. Pa. June 9, 2021) (defense expert's methodology was sufficiently reliable where he had "reviewed the underlying facts and data on which [the plaintiff's expert] relied to reach his opinions"); *see also Oddo v. Arocaire Air Conditioning & Heating*, No. 2:18-CV-07030-CAS (Ex), 2020 WL 5267917, at *12 (C.D. Cal. May 18, 2020) (expert's rebuttal opinions "clear[ed] *Daubert*'s reliability bar" where the expert "prepared his rebuttal report based on Schneyer's report" and "the documents Schneyer relied on in preparing his report"); *Lauderdale v. NFP Ret., Inc.*, No. 8:21-CV-00301-JVS-KES, 2022 WL 17324416, at *7 (C.D. Cal. Nov. 17, 2022) (although rebuttal expert "did not review" a specific document that he admitted was "relevant," "this alone does not render the entirety of his opinions as unreliable").[1] This is precisely what Dr. Orchowski did. *See* Orchowski Dep. 77:24-25; 365:16-21. To the extent Plaintiff has any questions about why Dr. Orchowski did not examine specific documents, such arguments "would be better addressed through cross-examination[.]" *Glam & Glits Nail Design, Inc. v. iGel Beauty, LLC*, No. SACV 20-88 JVS (DFMx), 2022 WL 3012522, at *12 (C.D. Cal. June 24, 2022) ("there is no case authority to support the proposition that [a rebuttal expert's] opinion should be excluded based on her failure to examine" specific documents); *Wolfe v. McNeil-PPC, Inc.*, No. 07-348, 2011 WL 1673805, at *6 (E.D. Pa. May 4, 2011) (the argument that an expert "did not consult certain sources that [an adversary] deem[s] relevant goes only to the weight of h[is] testimony, not its admissibility").

*Second*, Plaintiff claims that Dr. Orchowski's predictive screening opinions pertaining to the

---

[1] Plaintiff's cited cases, Mot. at 5, are inapposite because they involved the exclusion of *plaintiffs' experts* for failing to base opinions on existing research or reliable data—not for any alleged failure to look at specific company documents. *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 137 (1997) (exclusion of plaintiff's expert was proper where there was "not a sufficient basis for the experts' opinions") (cited in Mot. at 5); *In re Incretin-Based Therapies Prods. Liab. Litig.*, 524 F. Supp. 3d 1007, 1046 (S.D. Cal. 2021) (excluding plaintiffs' experts who failed to "account[] for [existing] data"), *aff'd*, No. 21-55342, 2022 WL 898595 (9th Cir. Mar. 28, 2022) (cited in Mot. at 5); *Am. Booksellers Ass'n v. Barnes & Noble, Inc.*, 135 F. Supp. 2d 1031, 1041 (N.D. Cal. 2001) (excluding plaintiff's expert whose opinion contained "too many assumptions and simplifications that are not supported by real-world evidence") (cited in Mot. at 5).

"efficacy of screening tools Uber did not use" are irrelevant because they are "decontextualized from Uber's own predictive screening tool[.]" Mot. at 5-6. But Plaintiff fundamentally misses the point of Dr. Orchowski opinions, which is that—based on more than 20 years working in sexual assault prevention and citation to supporting authority from the relevant literature—research has not identified *any* "system[] that can accurately predict whether an individual without a criminal history of committing sexual offenses will commit sexual assault[.]" Orchowski Rep. at 3-4; *see also* Orchowski Dep. 366:16-17. This opinion is not only highly relevant; it directly refutes Dr. Valliere's unsupported claim that Uber is somehow capable of doing what no other system or predictive screening tool can do—i.e., "decrease sexual assault in the high risk environment." Orchowski Rep. at 4. Thus, Dr. Orchowski's opinions plainly "ha[ve] a valid connection to the [] inquiry" and are thus relevant. *HP Tuners*, 2023 WL 1071782, at *4.

For all of these reasons, Plaintiff provides no valid basis to exclude Dr. Orchowski's reliable and relevant predictive screening opinions, and the motion should be denied.

**2. Dr. Orchowski's Sexual Assault Risk Factor Opinions Are Admissible.**

Dr. Orchowski's report also addresses in detail "the public health approach to prevention of sexual violence," including a four-step approach outlined by the Centers for Disease Control and Prevention. Orchowski Rep. at 10. She then opines that "Uber's steps to document, describe, and assess risk factors for risk of violence align with the public health framework for violence prevention." *Id.* at 9-10. Plaintiff argues that this opinion is inadmissible because "Dr. Orchowski disclosed no documents" in support of it. Mot. at 7. But it is Dr. Valliere who purports to identify risk factors she claims were "know[n]" by Uber, *see, e.g.*, Valliere Rep. at 37 (opining on "risk factors [Uber] knows about (and ha[s] proven with its own research)"), and who affirmatively details Uber's sexual assault research efforts, *id.* at 24 (explaining that "through [] research," "Uber identified predictors for sexual assault against women"); *id.* at 39 ("Uber performed studies illuminating specific risk factors associated with higher incidence of reports of sexual assault during Uber rides"). And in so doing, Dr. Valliere basically regurgitates the content of Uber documents that Dr. Valliere describes as "Uber's own internal analyses" and "trainings and partnerships Uber has

engaged in" pertaining to sexual assault risk factors. *Id.* at 38-40. Dr. Orchowski's point is that the information cited in Dr. Valliere's own report demonstrates that Uber's actions "align with the public health framework for violence prevention." Orchowski Rep. at 9-10. The fact that those particular Uber documents are not enumerated in the body of Dr. Orchowski's rebuttal report does not mean that her opinions lack a sufficient factual basis.

Plaintiff also briefly claims that Dr. Orchowski's sexual assault risk factor opinions do not rebut Dr. Valliere's report because "Dr. Valliere's opinion was limited to whether Uber acted appropriately on already identified risk factors not *how* those risks factors were identified." Mot. at 7. But a rebuttal report may "contradict or rebut evidence on the same subject matter identified by another party[.]" Fed. R. Civ. P. 26(a)(2)(D)(ii). The mere fact that Dr. Orchowski's sexual assault risk factor opinions may encompass "a broader concept" than Dr. Valliere's sexual assault risk factor opinions "does not take h[er] opinions outside of the scope of permissible rebuttal testimony[.]" *In re Twitter, Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 9073168, at *4 (N.D. Cal. Apr. 20, 2020); *see also Shaver*, 2024 WL 3050719, at *4 (because expert "offered analysis and conclusions on the same subject matter discussed in Sabbag's and Fish's reports," his "report did not exceed the scope of permissible rebuttal evidence").

### 3. Dr. Orchowski's Causation Opinions Are Relevant And Admissible.

Lastly, in response to Dr. Valliere's repeated claims that Uber "'construct[ed]' an environment which caused sexual violence to occur," Orchowski Rep. at 12; Valliere Rep. at 19, Dr. Orchowski explains that Dr. Valliere erroneously conflates correlation and causation. Plaintiff argues that Dr. Orchowski's opinion should be excluded as "unhelpful" because Dr. Valliere does not even attempt to "mak[e] a claim of statistical correlation." Mot. at 8-9. But that fundamental concession highlights why Dr. Valliere's ruminations about the purported relationship between Uber and alleged sexual assaults would be highly misleading and confusing for lay jurors. After all, according to Plaintiff's own characterization, Dr. Valliere seeks to tell jurors that "the ride environment" is "potentially ripe for sexual assault *as a result of*" specific factors. Mot. at 8 (citing Valliere Rep. at 31) (emphasis added). The import of such a claim is that there *is* some kind of

cause-effect relationship between the Uber rideshare environment and alleged assaults. Particularly given Plaintiff's concession that such a conclusion lacks any scientific basis, Dr. Orchowski should be allowed to educate jurors on the "causal fallacy" that pervades Dr. Valliere's claims, lest jurors improperly "infer a causal connection between circumstances in the absence of causal evidence." Orchowski Rep. at 12.

## VI. CONCLUSION

For the foregoing reasons, Dr. Orchowski's rebuttal opinions are reliable and relevant, and Plaintiff's motion should be denied.

DATED:  December 10, 2025                              Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on December 10, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

/s/ Laura Vartain Horn