**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>T.K. v. Uber Technologies, Inc., et al., No. 3:25-cv-06734 -CRB<br><br>A.P. v. Uber Technologies, Inc., et al., No. 3:25-cv-07148-CRB<br><br>S.S. v. Uber Technologies, Inc., et al., No. 3:25-cv-07149-CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

## I.     INTRODUCTION

On November 26, 2025, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Pretrial Order ("PTO") 10. (Doc. 3493). Counsel acknowledges and understands that under PTO 10, the Court has created procedures and deadlines to produce a PFS. Counsel has and continues to diligently comply with discovery obligations. Plaintiffs can become unavailable for a variety of reasons during litigation, especially when said plaintiff is the survivor of a sexual assault. This is evidenced by the fact Plaintiffs were able to cure A.P.'s deficiency.

## II.     ARGUMENT

*a. Plaintiff A.P. v. Uber Technologies, Inc., et al., No. 3:25-cv-07148's case should not be dismissed as her Plaintiff Fact Sheet was filed on December 10, 2025.*

Counsel has produced a compliant PFS and its authorizations for *A.P.,* and their claim should be removed from consideration of Defendant's Motion, rendering their inclusion moot in lieu of PTO 10. Plaintiff A.P.'s deficiencies were to be cured by today. Consequentially, counsel files this motion immediately after notifying defense counsel of this update via MDL Centrality and e-mail.

*b. The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. Signalo v. Mendoza, 642 F.2d 309, 310 (9th Circ. 1981). Uber has not even tried to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. Id. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

*c. The Court should not dismiss these cases with prejudice.*

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in Malone v. U.S. Postal Serv*., 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. at 130.

Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved

2

PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH COURT ORDER

only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. It is frequently described as overwhelming. Counsel will continue its efforts with the plaintiffs to cure their deficiencies.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court DENY Uber's Motion to Dismiss as procedurally improper. In the alternative, Plaintiffs request that Uber's Motion to Dismiss *A.P. v. Uber Technologies, Inc., et al., No. 3:25-cv-07148-CRB* be denied as she has fulfilled her obligations under PTO 10, and that T.K. v. Uber Tech… and S.S. v. Uber Tech… should not be dismissed with prejudice.

Dated: December 10, 2025

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2025, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  December 10, 2025

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintif*