ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:    (816) 559-2393
Facsimile:    (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe KG 039 v. Uber Technologies, Inc., et al.,* Case No. 3:25-cv-06077 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Judge:    Honorable Charles R. Breyer |

1  The Court should deny Kherkher Garcia, LLP's ("Kherkher Garcia") Motion to Withdraw as Counsel of Record (ECF 4585) for the above referenced Plaintiff.

Kherkher Garcia has acknowledged that Plaintiff Jane Doe KG 039 has "failed to respond to Counsel's numerous communication attempts … since filing her Short Form Complaint on July 18, 2025." ECF 4585 at 1. Kherkher Garcia's Motion does not, however, mention that Plaintiff Jane Doe KG 039 is subject to Uber's pending Motion to Dismiss for Failure to Comply with PTO 31. ECF 4456. PTO 31, which this Court entered on September 9, 2025, requires Plaintiff to "either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt" within 30 days. ECF 3877.

Kherkher Garcia has not disclosed to this Court that Plaintiff's deadline to comply with PTO 31 **passed nearly two months ago** (on October 13, 2025), or mentioned that PTO 31 specifies that failure to comply with the deadline "shall subject the Plaintiff to dismissal without prejudice." *Id*. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it for months despite what it now says was Plaintiff's "fail[ure] to respond to Counsel's numerous communication attempts … since filing her Short Form Complaint on July 18, 2025," ECF 4585 at 1, Kherkher Garcia now seeks to abandon Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline or the pending motion to dismiss, much less explaining how it knows its client will be able to proceed *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both Plaintiff Jane Doe KG 039 and to Uber. *See Eslick v. Intuitive Surgical, Inc.,* No. at *2 (N.D. Cal. April 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759.

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Kherkher Garcia's motion to withdraw does not identify these four factors and does not provide **any** statement or cite any case law about the prejudice and delay resulting from withdrawal. ECF 4585. Failing to timely raise and substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Kherkher Garcia's motion to withdraw because of the prejudice withdrawal would cause Plaintiff Jane Doe KG 039 and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, the deadline for Plaintiff Jane Doe KG 039 to respond to PTO 31 has already passed, and she is facing case-terminating sanctions. ECF 3877; ECF 4456. The critical juncture at which Kherkher Garcia's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Kherkher Garcia's withdrawal at this juncture, because withdrawal would make it more difficult for Uber and this Court to obtain the evidence Plaintiff Jane Doe KG 039 (and Kherkher Garcia, as her counsel) owe them to substantiate their claims that Plaintiff took an Uber ride and suffered an assault. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the

proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very least, this Court needs more information from Kherkher Garcia about its communications with Plaintiff Jane Doe KG 039 and what it did to investigate her claims so it can determine the extent to which withdrawal would harm the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at *1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation").

Kherkher Garcia's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff Jane Doe KG 039 and Uber.

DATED: December 11, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC