ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

Christopher V. Cotton (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON LLP**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     (816) 559-2393
Facsimile:     (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jessi Watt v. Uber Technologies, Inc., et al.;* 3:25-cv-04704-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Judge:     Honorable Charles R. Breyer |

The Court should deny Peiffer Wolf Carr Kane Conway and Wise, LLP's ("Peiffer Wolf") Motion to Withdraw as Counsel of Record (ECF 4573) for the above referenced Plaintiff.

Peiffer Wolf has acknowledged that Plaintiff J.W. has "failed to provide … sufficient or adequate information to meet her obligations under PTO 10." ECF 4573 at 2. PTO 10, which this Court entered on March 19, 2024, amended as of November 3, 2025, requires Plaintiff to "[i]nclude a signed Declaration" verifying the information in the Plaintiff Fact Sheet (PFS). Peiffer Wolf has not disclosed to this Court that Plaintiff's deadline to comply with PTO 10 **has already passed**, or mentioned that PTO 10 specifies that failure to comply with the deadline entitles Uber to "move the Court for an Order dismissing the relevant Complaint without prejudice." ECF 4287 at 8. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it for six months despite what it now says was Plaintiff's "fail[ure] to establish communication with Peiffer Wolf," ECF 4573 at 2, Peiffer Wolf now seeks to abandon Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline, much less explaining how it knows its clients will be able to proceed *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both Plaintiff J.W. and to Uber. *See Eslick v. Intuitive Surgical, Inc.*, 2019 WL 13201902, at *2 (N.D. Cal. April. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Peiffer Wolf's motion to withdraw does not identify these four factors and makes only naked allegations about the alleged lack of prejudice and delay, citing no case law. ECF 4573. Failing to timely raise and substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

| | |
|---|---|
| 1 | On the merits, this Court should deny Peiffer Wolf's motion to withdraw because of the |
| 2 | prejudice withdrawal would cause Plaintiff J.W. and Uber, the likely delay, and the potential harm to |
| 3 | the administration of justice. As set forth above, the deadline for Plaintiff J.W. to respond to PTO 10 |
| 4 | has already passed, and she is facing case-terminating sanctions. ECF 4287. The critical juncture at |
| 5 | which Peiffer Wolf's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff |
| 6 | more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. |
| 7 | Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, |
| 8 | Uber would be severely prejudiced by Peiffer Wolf's withdrawal at this juncture, because withdrawal |
| 9 | would make it more difficult for Uber and this Court to obtain the evidence Plaintiff J.W. (and Peiffer |
| 10 | Wolf, as her counsel) owe them to substantiate their claims that Plaintiff took an Uber ride and suffered |
| 11 | an assault. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL |
| 12 | 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an |
| 13 | injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200- |
| 14 | LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would |
| 15 | pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very |
| 16 | least, this Court needs more information from Peiffer Wolf about its communications with Plaintiff |
| 17 | J.W. and what it did to investigate her claims so it can determine the extent to which withdrawal would |
| 18 | harm the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at |
| 19 | *1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve |
| 20 | questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate |
| 21 | the motion to withdraw representation"). |
| 22 | Indeed, there is cause for concern here because counsel's declaration in this case suggests that |
| 23 | Peiffer Wolf filed the PFS despite lack of contact with Plaintiff. Counsel states that Plaintiff J.W. "has |
| 24 | not responded to any efforts to reach her made by myself or my staff since June 3, 2025." ECF 4573- |
| 25 | 1 ¶ 2. Counsel then states that Peiffer Wolf "submitted Plaintiff's Uber Ride Information Form and |
| 26 | Plaintiff Fact Sheet with the information provided by Plaintiff." ECF 4573-1 ¶ 5e. Counsel's |
| 27 | declaration omits the fact that the Plaintiff Fact Sheet was submitted, without a verification, on July |
| 28 | |

3, 2025—a full month after Plaintiff J.W. evidently ceased contact with Peiffer Wolf. *See* Declaration of Christopher V. Cotton ("Cotton Decl.") ¶ 3. Counsel for Uber notified Peiffer Wolf that Plaintiff J.W.'s PFS was deficient for lack of verification on July 18, 2025. Cotton Decl. ¶ 4. Peiffer Wolf then submitted an amended PFS on August 19, 2025 (more than two months after Plaintiff J.W.'s last contact with Peiffer Wolf), once again without a verification. *See* Cotton Decl. ¶ 5.

This sequence of events indicates that Peiffer Wolf did not consult with Plaintiff J.W. prior to uploading the PFS on July 3, 2025 or the amended PFS on August 19, 2025. But, as explained more fully in Uber's pending *Motion Regarding Fraudulent Plaintiff Fact Sheets* (ECF 4580), under the plain language of PTO 10, PFS are intended to include "Answer[s] to all applicable questions" and a "signed Declaration" from the "Party," **not her counsel**. ECF 4287 at 8; *see also United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597 (7th Cir. 2000) ("Verification forces **the claimant** to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.") (emphasis added). Indeed, PTO 10 provides that "**[t]he Plaintiff completing this Plaintiff Fact Sheet is under oath** and must provide information that is true and correct to the best of her or his knowledge, information, and belief." ECF 4287 at 15. Accordingly, Peiffer Wolf should not be permitted to withdraw as though Plaintiff's inadequate substantiation of her claims has nothing to do with it; the firm appears to have submitted a fraudulent PFS falsely stating that it had been "completed" by the Plaintiff, when in fact the PFS was prepared by counsel and not even reviewed by Plaintiff.

Peiffer Wolf's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff J.W. and Uber.

| | | |
|---|---|---|
| 1 | DATED: December 11, 2025 | Respectfully submitted, |
| 2 | | **SHOOK, HARDY & BACON L.L.P.** |
| 3 | | By: /s/ Christopher V. Cotton |
| 4 | | CHRISTOPHER V. COTTON |
| 5 | | *Attorney for Defendants* |
| 6 | | UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC |