1   Laura Vartain Horn (SBN 258485)
    **KIRKLAND & ELLIS LLP**
2   555 California Street, Suite 2700
    San Francisco, CA 94104
3   Telephone: (415) 439-1625
    laura.vartain@kirkland.com
4
    Allison M. Brown (Admitted *Pro Hac Vice*)
5   **KIRKLAND & ELLIS LLP**
    2005 Market Street, Suite 1000
6   Philadelphia, PA 19103
    Telephone: (215) 268-5000
7   alli.brown@kirkland.com
8
    Jessica Davidson (Admitted *Pro Hac Vice*)
9   **KIRKLAND & ELLIS LLP**
    601 Lexington Avenue
10  New York, NY 10022
    Telephone: (212) 446-4800
11  jessica.davidson@kirkland.com
12
    *Attorneys for Defendants*
13  UBER TECHNOLOGIES, INC.,
    RASIER, LLC, and RASIER-CA, LLC
14

15              **UNITED STATES DISTRICT COURT**

16            **NORTHERN DISTRICT OF CALIFORNIA**

17                 **SAN FRANCISCO DIVISION**

18  | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-MD-03084-CRB |
19  | PASSENGER SEXUAL ASSAULT LITIGATION | |

| **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO QUASH TRIAL PRESERVATION DEPOSITIONS** |

20
21  This Document Relates to:

22  *Jaylynn Dean v. Uber Techs., Inc.*,    Judge:       Hon. Charles R. Breyer
    No. 23-cv-06708                         Courtroom:   6 – 17th Floor
23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order to quash Plaintiff's trial preservation depositions because the witnesses who have been noticed have already been deposed multiple times in this litigation, both in this MDL proceeding and in the state court JCCP, and Plaintiff thus has a plethora of testimony to play at trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: December 12, 2025

**KIRKLAND & ELLIS LLP**

By: */s/ Laura Vartain Horn*

*Counsel for Uber*

1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Throughout this litigation, Plaintiffs have demanded, and Uber has provided, an inordinate amount of written and oral discovery, including numerous, repetitive depositions of the same company witnesses. With trial quickly approaching, Plaintiff has served Notices of Videotaped Trial Preservation Depositions for Uber witnesses Henry "Gus" Fuldner, Katherine McDonald, and Sunny Wong, seeking yet another round of depositions on December 22 and 23, 2025. There is no legitimate reason to take these depositions, which would not break any new ground on the fundamental issues raised in this litigation. Each of these witnesses has been deposed multiple times in this MDL and in the JCCP, and Plaintiff has a plethora of testimony to play at trial. Rather, the sole purpose of these notices appears to be to disrupt Uber's trial preparation and the witnesses' winter holidays. As discussed more fully below:

- ***Gus Fuldner***, Uber's Senior VP of Core Services, has been deposed as a fact witness in both the MDL and JCCP on three separate days: March 26, 2025, March 27, 2025, and April 29, 2025. In total, he was deposed for more than ***15.5 hours***. Mr. Fuldner testified extensively on a wide array of topics, including Uber's three Safety Reports, sexual assault prevention measures, background checks and onboarding processes, deactivation policies, and Uber's safety features.

- ***Katherine McDonald***, a Data Science Director, has also already sat for four days of depositions, totaling **23.5 hours**. In the JCCP, she was deposed as a fact witness on two occasions, October 7, 2024, and April 24, 2005, for a total of 13 hours and 22 minutes. In the MDL, she was deposed as a Rule 30(b)(6) witness on April 25, 2025, for 6 hours and 12 minutes, and as a fact witness on May 7, 2025, for 3 hours and 51 minutes. Ms. McDonald provided detailed testimony on the following topics: sexual assault and sexual misconduct reporting, Uber's tracking of incident data in Bliss and Jira, risk factors associated with sexual assault and sexual misconduct, Uber's work with the National Sexual Violence Resource Center on the taxonomy, key performance indicators related to safety, and Uber's deactivation policies.

- ***Sunny Wong***, a Senior Manager of Applied Science – Safety, has also sat for depositions on four separate occasions, all as a Rule 30(b)(6) witness. On April 16, 2025, Mr. Wong testified for 9.5 hours in the JCCP. In the MDL, he was deposed on June 25, 2025, for more than 6 hours; on July 23, 2025, for 6 hours and 41 minutes; and yet again on October 14, 2025, for nearly 3.5 hours. In total, Mr. Wong has been deposed for more than ***25.5 hours***. Mr. Wong testified about Uber's SRAD program, a machine learning tool used during the matching process for trips that is intended to lower the risk of a serious incident occurring on the trip. He also testified about safety tools Uber used prior to the development of

1    SRAD, other Uber safety features, risks associated with sexual assault and sexual misconduct, and case-specific SRAD data and thresholds.

2    Allowing Plaintiff to depose these witnesses *yet again* would not just be utterly

3    disproportionate; it would constitute a flagrant abuse of discovery. For these reasons, discussed

4    further below, the Notices should be quashed

5    ## II.    STATEMENT OF THE ISSUE TO BE DECIDED

6    Should Plaintiff be allowed to notice additional depositions on the eve of trial for multiple

7    Uber corporate witnesses who have already been deposed multiple times in this litigation, both in this

8    MDL proceeding and in the state court JCCP?

9    ## III.    LEGAL STANDARD

10   Parties must obtain leave of Court in order to depose a witness who has already been deposed

11   in a case. Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court should deny such leave if: "(i) the discovery

12   sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is

13   more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample

14   opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is

15   outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2)(C). Consistent with this rule,

16   multiple depositions of the same witness are "disfavored" in the Ninth Circuit, *Lobb v. United Air*

17   *Lines, Inc.*, No. 92-15846, 1993 WL 259470, at *1 (9th Cir. July 8, 1993) (quoting *Graebner v. James*

18   *River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989)), and "absent a showing of need or good reason,

19   a court generally will not require a deponent to appear for a second deposition," *Hinrichsen v. Bank*

20   *of Am., N.A.*, No. 17CV219-DMS(RBB), 2018 WL 11649570, at *2 (S.D. Cal. June 5, 2018) (quoting

21   7 Moore's Federal Practice § 30.05[1][c], at 30-34 (3d ed. 2018)). Good cause may exist "where a

22   long period of time has elapsed; new claims, defenses, or parties have been added; or new discovery

23   has been produced since the first deposition." *Id.*

24   Similarly, "in the Ninth Circuit and particularly in California, it is not a common practice to

25   permit a 'trial' deposition." *United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2014 WL

26   12925562, at *4 (C.D. Cal. Oct. 27, 2014). As the court in *Graebner* explained, "if a party could

27   compel a 'trial' deposition after having taken a prior deposition of the same witness, every witness

28

2

'would automatically be subject to two separate depositions . . . . This is unfair and uneconomical.'" 130 F.R.D. at 441-42; *see also Integra Lifesciences I, Ltd. v. Merck KGaA*, 190 F.R.D. 556, 559 (S.D. Cal. 1999) (on defendants' motion for leave to take trial deposition, court held that defendants failed to show exceptional circumstances or good cause to justify trial deposition of nonparty witness who was unavailable to testify at trial).

## IV.    ARGUMENT

### 1.    PLAINTIFF HAS HAD AMPLE OPPORTUNITY TO DEPOSE THESE WITNESSES.

The three witnesses whom Plaintiff seeks to re-depose have already sat for multiple, lengthy depositions. Deposing them yet again could not possibly unearth any additional information; rather, Plaintiff's request would only serve to waste time on the eve of trial, which is set to begin on January 13, 2026, just three weeks after the noticed dates. *See Lobb*, 1993 WL 259470, at *1 ("Here it would be even more burdensome to the defendants to require them to 'set aside [their] own pre-trial preparation to accommodate' [plaintiff] when the trial was little more than two weeks away.") (citation omitted). As noted above, **Mr. Fuldner** has testified more than 15.5 hours on safety-related issues; **Ms. McDonald** has testified for nearly 23.5 hours on sexual assault and sexual misconduct reporting, Uber's tracking of incident data, and other related topics; and **Mr. Wong** has testified for 25.5 hours (most recently on October 14, 2025) on a similarly wide range of matters related to SRAD and other safety features.

These voluminous examinations were more than sufficient for Plaintiff to comprehensively question these witnesses, and Plaintiff has failed to articulate what (if anything) was supposedly *not* adequately covered by the prior depositions. The Federal Rules of Civil Procedure normally provide that a witness may only be deposed once absent leave of Court or the stipulation of the opposing party. Fed. R. Civ. P. 30(a)(2)(A)(ii). Here, Plaintiff seeks *fourth and fifth* days of depositions from these witnesses, which could only produce "unreasonably cumulative or duplicative" testimony. Fed R. Civ. P. 26(b)(2)(C).

### 2. THERE ARE NO EXCEPTIONAL CIRCUMSTANCES JUSTIFYING MORE REPETITIVE DEPOSITIONS.

Plaintiff may not demand successive depositions absent some showing of good cause or exceptional circumstances. Here, there are none.

*First*, since the witnesses' last depositions, relatively little time has passed, and no new parties, claims, or defenses have been introduced. Accordingly, there is little reason to believe additional depositions are *likely* to produce any benefit sufficient to upset the Ninth Circuit's reluctance to indulge serial depositions. *See Hinrichsen*, 2018 WL 11649570, at *5 (denying leave to take second deposition where "no new claims, defenses, or parties have been added in [the] case" since the previous deposition).

*Second*, only a handful of their custodial documents have been produced since the witnesses' prior depositions. As to Mr. Fuldner, only 1,877 out of a total of 42,977 custodial documents were produced after his last deposition on April 29, 2025 (just over 4 percent). For Ms. McDonald, just 780 out of a total of 60,676 custodial documents were produced after her last deposition (as a fact witness in the MDL) on May 7, 2025—a little over 1 percent of her custodial records. Mr. Wong is not among the agreed-upon custodians in this case and documents related to the SRAD issues about which he testified as a corporate representative were produced prior to his most recent deposition in October.

In any event, Plaintiff did not seek to re-depose the witnesses at the time of these subsequent productions. Instead, Plaintiff waited until just weeks before the scheduled start of trial to sandbag Uber with her dilatory request. The Court should not countenance this tactic, particularly since there is no reason to believe that these documents—among the more than 1.5 million total documents that Uber has produced in this MDL—contain unique information sufficient to necessitate follow-up depositions. *See Couch v. Wan*, No. CV F 08-1621 LJO DLB, 2012 WL 4433470, at *3-4 (E.D. Cal. Sept. 24, 2012) (holding that there was no good cause to re-depose witness where the newly produced documents the plaintiff cited were of questionable relevance); *Cramton v. Grabbagreen Franchising LLC*, No. CV-17-04663-PHX-DWL, 2019 WL 1921595, at *2 (D. Ariz. Apr. 30, 2019) ("It would be chaos if a party could seek to re-depose all of the witnesses who've already been deposed in a case

1    whenever a later deponent provides new, potentially helpful testimony.").

2    In sum, Plaintiff's request for trial preservation depositions is a thinly veiled ploy to burden

3    and harass Uber, rather than a legitimate attempt to obtain information necessary to try Plaintiff's

4    claims.

5    **V.    CONCLUSION**

6    For all of the foregoing reasons, the Court should quash Plaintiff's Notices of Videotaped

7    Trial Preservation Depositions for Mr. Fuldner, Ms. McDonald, and Mr. Wong.

8

9    DATED: December 12, 2025                    Respectfully submitted,

10                                               */s/ Laura Vartain Horn*

11                                               Laura Vartain Horn (SBN 258485)
                                                 **KIRKLAND & ELLIS LLP**

12                                               555 California Street, Suite 2700
                                                 San Francisco, CA 94104

13                                               Telephone: (415) 439-1625
                                                 laura.vartain@kirkland.com

14

15                                               Allison M. Brown (Admitted *Pro Hac Vice*)
                                                 **KIRKLAND & ELLIS LLP**

16                                               2005 Market Street, Suite 1000
                                                 Philadelphia, PA 19103

17                                               Telephone: (215) 268-5000
                                                 alli.brown@kirkland.com

18

19                                               Jessica Davidson (Admitted *Pro Hac Vice*)
                                                 **KIRKLAND & ELLIS LLP**

20                                               601 Lexington Avenue
                                                 New York, NY 10022

21                                               Telephone: (212) 446-4800
                                                 jessica.davidson@kirkland.com

22

23                                               *Attorneys for Defendants*
                                                 UBER TECHNOLOGIES, INC.,

24                                               RASIER, LLC, And RASIER-CA, LLC

25

26

27

28

                                               5

1

## **PROOF OF SERVICE**

I hereby certify that on December 12, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn