# EXHIBIT F

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| A.B., et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>PACIFIC FERTILITY CENTER, et al.,<br><br>    Defendants. | Case No. 18-cv-01586-JSC<br><br>**PLAINTIFFS' MOTION IN LIMINE NO. 8**<br><br>Re: Dkt. Nos. 753, 784, 791 |

Plaintiffs' motion in limine No. 8 sought an order compelling Chart to produce certain former employees for remote trial testimony. (Dkt. No. 753.) At the second Pretrial Conference, the Court ordered Chart to inquire as to whether these former employees, Messers Wade, Junnier, and Eubanks, would testify remotely at trial, and to determine whether the individuals now worked for Cryoport, the third-party to whom Chart sold part of its business who has previously agreed to produce other employees as witnesses for trial. (Dkt. No. 779 at 45-46.) Chart was to submit a declaration regarding its efforts by May 6, 2021. (*Id*. at 56.) On May 6, Mr. Duffy submitted a declaration which attests that Mr. Eubanks is now an employee of Cryoport and "Cryoport will not agree to voluntarily make him available for live testimony at trial, including in a remote setting." (Dkt. No. 784 at ¶ 3.) Mr. Wade was recently re-hired as a Chart employee. (*Id*. at ¶ 5.) Chart was unable to contact Mr. Junnier, although it attempted to do so at his "last known contact information." (*Id*.)

Chart is ORDERED to immediately (1) contact CAIRE, Inc., the Chart division that employed Mr. Junnier, obtain Mr. Junnier's last known contact information, and contact him or his counsel to inquire as to whether he will voluntarily testify via live video at trial with Plaintiffs covering all his expenses; (2) reach out directly to Mr. Eubanks (or his counsel) to inquire as to

whether he will voluntarily testify at trial via video with Plaintiffs covering all his expenses; and (3) produce its employee Mr. Wade to testify live at trial via video.

In addition, the Court is troubled that Cryoport has agreed to produce the two witnesses Chart wants to testify but is refusing to allow the witness Plaintiffs want to call to testify live, even via video. Given that Chart has not offered any reason for this position, the Court is considering requiring the testimony of all Cryoport witnesses to be presented via their depositions absent some good faith explanation for the discrepancy. *See R.B. Matthews, Inc. v. Transamerica Transp. Servs., Inc.*, 945 F.2d 269, 272-73 (9th Cir. 1991).

Chart shall file a further submission regarding the above by May 17, 2021 at 12:00 p.m.

**IT IS SO ORDERED.**

Dated: May 12, 2021

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge

2