# EXHIBIT G

```
                                                    Pages 1 - 73

                    UNITED STATES DISTRICT COURT

                  NORTHERN DISTRICT OF CALIFORNIA

     BEFORE THE HONORABLE JACQUELINE SCOTT CORLEY, MAGISTRATE JUDGE


IN RE PACIFIC FERTILITY CENTER )  No. 18-1586 JSC
LITIGATION                     )
                               )
_____)
                                  San Francisco, California
                                  Tuesday, May 18, 2021


                       TRANSCRIPT OF PROCEEDINGS

APPEARANCES:

For Plaintiffs:
                     GIRARD SHARP LLP
                     602 California Street, Suite 1400
                     San Francisco, California 94108
               BY:   DENA C. SHARP, ESQ.
                     ADAM E. POLK, ESQ.
                     NINA R. GLIOZZO, ESQ.

                     GIBBS LAW GROUP LLP
                     505 14th Street, Suite 1110
                     Oakland, California 94612
               BY:   AMY M. ZEMAN, ESQ.
                     JOHN BICKNELL, ESQ.
                     GEOFFREY A. MUNROE, ESQ.

For Defendant Chart Industries:
                     SWANSON, MARTIN AND BELL, LLP
                     330 N Wabash, Suite 3300
                     Chicago, Illinois 60611
               BY:   JOHN J. DUFFY, ESQ.
                     KEVIN M. RINGEL, ESQ.
                     ANDREW LOTHSON, ESQ.
                     KRISTINE C. REVEILLE, ESQ.

             (APPEARANCES CONTINUED ON FOLLOWING PAGE)


Reported By:   Katherine Powell Sullivan, CSR #5812, CRR, RMR
               Official Reporter - U.S. District Court
```

```
 1              THE COURT:  Good morning.
 2              MR. MUNROE:  Good morning.
 3              MR. DUFFY:  Good morning, Your Honor.  John Duffy on
 4   behalf of Chart.
 5              THE COURT:  Good morning.
 6              MR. LOTHSON:  Good morning, Your Honor.  Andrew
 7   Lothson on behalf of Chart.
 8              THE COURT:  Good morning.
 9              MS. REVEILLE:  Good morning, Your Honor.  Kristine
10   Reveille on behalf of Chart.
11              THE COURT:  Good morning.
12              MR. COWDEN:  Good morning.  Marc Cowden on behalf of
13   Chart.
14              THE COURT:  Good morning.
15              MR. RINGEL:  Good morning.  Kevin Ringel on behalf of
16   Chart.
17              THE COURT:  Good morning.  All right.  And as I said
18   before, welcome, everyone.  Good to see in person.
19      What I want to do with our final pretrial, go through some
20   witness issues, exhibits, jury instructions, demonstratives,
21   and then the jury list if there's anyone we can excuse at this
22   time without actually having them come in.
23      So, first, with respect to witnesses, the Cryoport
24   witnesses are going to appear by their deposition.  Mr. Wade, I
25   don't believe I can require to appear given his status with
```

1  Chart; that he's not a managing agent or officer.  So he will
2  be by deposition.  And then the same, Mr. Junnier has declined
3  to appear remotely or otherwise, so he would be by deposition.
4  I don't know if anyone wants to hear from that, but I believe
5  that's what the rules require.
6       Okay.  All right.  And did we figure out when you're going
7  to give to me, if you have objections or impasse with respect
8  to the video deposition testimony?
9       **MR. DUFFY:**  I think your ruling now helps us make
10 those decisions.  I do think, Your Honor, based on how much
11 video we have in the case, it's really important that after
12 today we meet and confer and figure that out just because it's
13 so much work.
14      **THE COURT:**  Yes.  No, it will be a lot.  The good
15 news, though, is video deposition testimony goes much quicker,
16 and then you can use your limited hours for other things.
17      All right.  So with respect to the exhibits then, first,
18 the other occurrence exhibits and -- I think, you know, each
19 party reserves the right to object to something at the time.
20 So I don't think that Chart, by not attaching all those
21 exhibits to the motion *in limine*, waived anything.
22      In particular, though, as plaintiffs point out, most of
23 the exhibits they don't intend to use.  So what I'm going to
24 address this morning are those they said they intend to use.
25      To the extent, though, something else appears on the list,

1   they can do that up there.
2       Again, not going back to the jury room.  The jury's only
3   going to see it briefly.
4           **MR. POLK:**  Understood.
5           **THE COURT:**  Okay.  So don't know where our people are
6   to practice.
7       I guess the next thing, I think, then to do would be from
8   the list of jurors that we have, if there are any that we can
9   exclude.
10      Now, without, obviously --
11          **MS. ZEMAN:**  Your Honor, if I could, before we switch
12  gears to talking about the jury selection, could we perhaps
13  revisit, briefly, the Chart witnesses?
14          **THE COURT:**  Yes.
15          **MS. ZEMAN:**  See, as it stands right now, now that
16  Chart has -- you know, they had previously agreed that
17  Mr. Adams would appear in person.
18      Based on how you opened off this hearing today, my
19  understanding, however, is that Adams will no longer be
20  appearing in person and neither will Mr. Wade be appearing
21  remotely.
22      If that is the state of affairs, then there will not be a
23  single Chart witness, Chart employee appearing for the hearing.
24  We believe that there are compelling circumstances under that
25  situation to require Mr. Wade to appear remotely and that you

1  do have the power to require that.
2      Chart has --
3          **THE COURT:** I looked at it.  I looked at it, and I
4  don't agree this is like the *Vioxx* situation.
5      But I think you can comment on it.  I mean, you can
6  certainly comment that Chart chose to not have any of its
7  employees testify live.
8          **MR. DUFFY:** Your Honor, I think that would be overly
9  prejudicial to Chart, because if they don't control the
10 witnesses then do I get to be able to say that?  I think I have
11 to say something.
12         **THE COURT:** Well, what's the evidence?  What's the
13 evidence that Mr. Wade -- that if Chart asked Mr. Wade to
14 testify remotely that he will not?
15         **MR. LOTHSON:** I can comment on that, Your Honor.  In
16 our opinion, irrelevant other current stuff.  It's about
17 controllers, hearsay complaints.
18         **THE COURT:** That's lawyer argument.
19         **MR. LOTHSON:** I know.
20         **THE COURT:** That's why the lawyers don't want him to
21 testify.  That's exactly what I think it is.  That's exactly
22 what I think it is, not that Mr. Wade -- not that Chart doesn't
23 control Mr. Wade.  Clearly, Chart does.
24     But I don't think that I can make him testify because he's
25 not a managing agent.  Right?  I understand you don't think

```
 1   he's relevant.  I disagree.  I disagree.
 2       That is -- that's exactly the argument they want to make;
 3   right?  That's exactly the concern they have, is that you are
 4   manipulating the witnesses to only have those come live that
 5   you think help Chart.  That's why I said that -- but, you know,
 6   I think that if someone -- you can't use somebody live and have
 7   them have to do a depo.  That's not happening.  If it's all
 8   depo, it's all depo.  But, you know.
 9           MR. DUFFY:  Your Honor, to counter their position, may
10   I point out to the jury that the vast majority of all these
11   witnesses work for somebody else?
12           THE COURT:  I don't think those people -- if they're
13   not -- Chart.  Mr. Wade works for Chart.
14           MR. DUFFY:  Correct.
15           THE COURT:  Not the other people.
16           MR. DUFFY:  Correct.
17           THE COURT:  If they work for Cryoport, they work for
18   Cryoport.  You don't have any control over that.
19           MR. DUFFY:  Right.
20           THE COURT:  Maybe you do, but I'm not --
21           MR. DUFFY:  We do not.
22           THE COURT:  Yeah, yeah.
23       No, I don't think that would be a fair argument with
24   respect to the other people at all.
25           MR. DUFFY:  With Mr. Wade.
```

1      **THE COURT:**  Mr. Wade works for Chart though; right?
2      **MR. DUFFY:**  Correct.
3      **THE COURT:**  Yeah, Mr. Wade works for Chart.
4      **MS. ZEMAN:**  Your Honor, what about, however, the fact that Chart had agreed to provide Mr. Adams and Mr. Ingram in person?  And so now he's now saying he has no control and --
7      **THE COURT:**  Are they the other two Cryoport people?
8      **MS. ZEMAN:**  Correct.
9      **THE COURT:**  That's because you raised the issue with the third Cryoport person.  I suppose they would agree, maybe, to still have them appear in person if you don't object to the third person being by deposition.

That was my meddling, which was I thought that was the argument that you were making, that Mr. Polk made, that the other two were appearing in person and that the third Cryoport person they were refusing to put up, and that wasn't fair.

17     **MS. ZEMAN:**  Regarding Mr. Junnier.

At this point, however, there's sort of multiple things going on at the same time.  If Wade were being presented remotely, we might be okay without Mr. Adams, doing him with deposition.

But now, without Mr. Wade, it seems odd that we would not be able to comment on Chart not providing Mr. Adams and Mr. Ingram just because they work for Cryoport when previously Chart had agreed to provide them.  They clearly have control of

1    Mr. Adams and Mr. Ingram.
2             **THE COURT:** The reason they're not providing them is
3    because I did a ruling because you complained that the third --
4    who is the third person? Is it Mr. Junnier?
5             **MS. ZEMAN:** Yes. Junnier.
6             **MR. LOTHSON:** No.
7             **THE COURT:** No?
8             **MR. LOTHSON:** The third person is Mr. Eubanks. We
9    don't control him.
10            **THE COURT:** Yeah, Mr. Eubanks. You were complaining
11   that Mr. Eubanks, they weren't making him live. So then I
12   said -- and that, therefore, Mr. Polk made the argument that
13   their two tank witnesses they were putting live and their one
14   controller person they were putting by deposition.
15        So then I said, yeah, seems it should be unfair to do it
16   that way. So it's either -- but I can't make them all be live,
17   but they could all be by deposition then.
18            **MS. ZEMAN:** Right. I guess my comments -- what I'm
19   understanding Mr. Duffy to say is that we would not be allowed
20   to comment on Chart's failure to provide any employees or
21   anyone to testify as a former employee. It sounds like you're
22   okay with us saying that regarding Mr. Wade but not regarding
23   Mr. Adams --
24            **THE COURT:** He's no longer a former employee.
25            **MS. ZEMAN:** Correct. With Mr. Adams and Mr. Ingram, I

1  feel we should be able to make a comment to the jury about
2  Chart's failure to bring them in person when they did have the
3  ability to do so and had been willing to do so.
4          **THE COURT:**  I know, but the reason they're not now is
5  because I did a ruling in response to Mr. Polk's argument.
6       Speaking in circles here.
7          **MS. ZEMAN:**  I understand, Your Honor.  My
8  understanding, however, though, is that Chart actually offered
9  that up in its briefing.  It was not something we agreed to or
10 that we asked for.  We did not ask for Mr. Adams and Mr. Ingram
11 to appear by deposition.
12         **THE COURT:**  No, I understand.  I mucked things up, I
13 guess, is what I'm saying.  But I'm not going to allow you to
14 comment on something mucked up.
15      I would ask Mr. Duffy, then, if that's -- I was just
16 responding to your argument or Mr. Polk's argument that it was
17 unfair in that sense.  But I didn't understand.  I thought
18 that's -- I didn't -- well, I knew you wanted Mr. Eubanks to be
19 in person.  I don't think I can require that.
20         **MS. ZEMAN:**  Thank you, Your Honor.
21         **THE COURT:**  Maybe you can ask Mr. Duffy again if he'll
22 have the other two be live since that's what he wanted to
23 before.  Mr. Eubanks is still not going to be live.  So maybe
24 they would be willing to do that in light of knowing that
25 Mr. Eubanks won't be live.