Stephen J. Estey (SBN 163093)
R. Michael Bomberger (SBN 169866)
Angela J. Nehmens (SBN 309433)
Marek Pienkos (SBN 292729)
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Email: steve@estey-bomberger.com
Email: mike@eatey-bomberger.com
Email: angela@estey-bomberger.com
Email: mpienkos@estey-bomberger.com
*Attorneys for Plaintiff*s

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | Case No. 3:23-md-03084-CRB |
| | *EX PARTE* **APPLICATION FOR TEMPORARY EXCEPTION TO SECOND AMENDED PRETRIAL ORDER NO. 19 ESTABLISHING A COMMON BENEFIT FEE AND EXPENSE FUND** |
| This Document Relates to:<br>3:24-cv-05167, 3:24-cv-05180; 3:24-cv-05185;<br>3:24-cv-05186; 3:24-cv-05188; 3:24-cv-05194;<br>3:24-cv-05199; 3:24-cv-05208; 3:24-cv-05213;<br>3:24-cv-05214; 3:24-cv-05276; 3:24-cv-05299;<br>3:24-cv-05313; 3:24-cv-05353; 3:24-cv-05359;<br>3:24-cv-05376; 3:24-cv-05378; 3:24-cv-05384;<br>3:24-cv-05389; 3:24-cv-05497; 3:24-cv-05505;<br>3:24-cv-05506; 3:24-cv-05510; 3:24-cv-07090;<br>3:24-cv-08458; 3:25-cv-00064; 3:25-cv-00667;<br>3:25-cv-00931; 3:25-cv-01274; 3:25-cv-01456;<br>3:25-cv-01458; 3:25-cv-01935; 3:25-cv-01939;<br>3:25-cv-02365; 3:25-cv-02479; 3:25-cv-02763;<br>3:25-cv-02765; 3:25-cv-03151; 3:25-cv-03311;<br>3:25-cv-03667; 3:25-cv-03674; 3:25-cv-04173;<br>3:25-cv-04180; 3:25-cv-04559; 3:25-cv-04567;<br>3:25-cv-05079; 3:25-cv-05086; 3:25-cv-05304<br>3:24-cv-05388; 3:24-cv-05295; 3:24-cv-05374;<br>3:25-cv-03456; 3:24-cv-05512; 3:24-cv-07068;<br>3:25-cv-05307; 3:24-cv-04699; 3:24-cv-05215;<br>3:24-cv-05396; 3:24-cv-05221; 3:24-cv-05247;<br>3:24-cv-07075; 3:24-cv-05255; 3:24-cv-05520;<br>3:24-cv-05266;<br>*\*And unfiled Estey & Bomberger cases subject to PTO 19* | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

1

### *EX PARTE* APPLICATION

2      Pursuant to Civil Local Rules 7-10 and 6-3, and Federal Rules of Civil Procedure, Rule

3   6(b)(1)(A) and Rule 60(b)(6), Plaintiffs represented by Estey and Bomberger ("E&B" or "Movant")

4   respectfully submit this *Ex Parte* Application and accompanying Declaration of Marek Pienkos in

5   support seeking a temporary exception to the Court's Pretrial Order No. 19 Establishing a Common

6   Benefit Fee and Expense Fund ("Common Benefit Order"). The requested relief is limited,

7   administrative, and designed solely to avoid unnecessary delay in the distribution of settlement

8   funds, some of which were transferred into Movant's Qualified Settlement Fund ("E&B QSF") a

9   while ago and are ready to be disbursed. Nonetheless, the funds remain undistributable because the

10  Qualified Settlement Fund for depositing the MDL common benefit assessments ("MDL QSF") has

11  not yet been established. MDL Leadership has been advised of the need to set it up months ago. The

12  inability to distribute settlement funds to the settling Plaintiffs represented by E&B is causing great

13  harm to those Plaintiffs, and only due to an administrative delay. This Court has the inherent power

14  to grant the requested relief and allow the distribution to proceed.

15  **I.  BACKGROUND**

16      On October 4, 2023, the Judicial Panel on Multidistrict Litigation ("JPML") issued a

17  Transfer Order, pursuant to 28 U.S.C. § 1407, establishing MDL No. 3084, *In re: Uber*

18  *Technologies, Inc. Passenger Sexual Assault Litigation* ("MDL Proceeding"). The JPML

19  centralized the cases in the Northern District of California with the Honorable Charles R. Breyer

20  presiding.

21      On October 16, 2024, Hon. Charles R. Breyer issued Pretrial Order No. 19 Establishing a

22  Common Benefit Fee and Expense Fund ("Common Benefit Order"). (ECF No. 1754.)  The Order

23  established a framework for managing common benefit fees, common benefit expenses, and

24  common benefit work. Its purpose is to ensure, among other things, equitable cost sharing among

25  Plaintiffs and their counsel for the services performed and expenses incurred by Court-appointed

26  leadership counsel for the benefit of all Plaintiffs. (ECF No. 1754 at 3:1-3.)

27  ///

28  ///

The Order states that it applies to (1) all cases now or later subject to the jurisdiction of this Court in this MDL; (2) all cases or claims settled pursuant to an MDL negotiated or supervised settlement agreement; (3) all cases, filed or unfiled, in which any counsel associated receives or uses MDL work product; (4) all cases, filed or unfiled, in which any counsel associated signs a Participation Agreement; and (5) all cases, filed or unfiled, in which any counsel associated seeks common benefit fees or expenses in this MDL. (ECF No. 1754 at 4:21-5:7.)

The Order states it does not apply to (1) a case filed in the parallel JCCP, *In Re Uber Rideshare Cases*, JCCP No. 5188, by an individual domiciled in California at the time of filing and that arises from sexual assault/misconduct by an Uber driver that occurred in California; (2) an unfiled case by a claimant domiciled in California at the time of settlement and that arises from sexual assault/misconduct by an Uber driver that occurred in California; (3) a case filed in state court in which all attorneys representing a plaintiff do not receive or use MDL work product or do not sign/are not deemed to have signed a Participation Agreement; and (4) two cases pending in Missouri state court. (ECF No. 1754 at 5:8-25.)

Pursuant to the Common Benefit Order, any settlement or recovery in actions within the Court's jurisdiction is subject to a 7% assessment of the Gross Monetary Recovery, payable from attorneys' fees, and a 2% costs assessment of the Gross Monetary Recovery, payable from the client's portion ("Common Benefit Assessments"). (ECF No. 1754 at 11:16-22.)

The Common Benefit Order directs MDL Plaintiffs' Co-Lead Counsel to establish two bank accounts (one designated as a "fee fund" and the other as "expense fund") for the purpose of receiving and dispersing the Common Benefit Assessments. (ECF No. 1754 at 6:4-7.) The funds are being established as a qualified settlement fund (referred to as the "MDL QSF"). (Pienkos Decl., ¶ 5.) For cases subject to an assessment, Defendants are directed to pay the assessments from any settlements directly into the MDL QSF, and are not permitted to distribute any settlement proceeds, including attorneys' fees, before certain procedural steps have taken place, including that the settling Plaintiffs' and Defendants' counsel certify that the Common Benefit Assessments will be deposited into the MDL QSF at the same time the settlement proceeds are being disbursed. (ECF No. 1754 at 12:8-25.)

Several months ago, E&B and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC reached a comprehensive agreement to resolve the claims of E&B's clients whose cases were filed in the MDL Proceeding, as well as those of the firm's clients whose actions were not filed in the MDL Proceeding but are subject to the MDL Common Benefit Order. (Pienkos Decl. ¶ 2.)

Subsequent to the settlement, E&B and Defendants established a qualified settlement fund ("E&B QSF") for which Archer Systems, LLC ("Archer") is the court-appointed QSF Administrator. (Pienkos Decl., ¶ 3). The settlement awards for the resolved cases that have already been dismissed with prejudice and numerous other claimants have been funded and are now ready to be disbursed, with funding for additional claimants expected to continue over the coming months. (Pienkos Decl., ¶ 4.)

Notwithstanding the fact that the settlement awards for the cases dismissed with prejudice are ready to be disbursed, and settlement is expected to continue to be funded, the MDL QSF has not yet been established. (Pienkos Decl., ¶ 5.) As such, the Common Benefit Assessments cannot be deposited in compliance with the Order and settling Plaintiffs are prevented from receiving their settlement. (*Ibid*.) The only relief available to E&B's settling Plaintiffs at this time is the Court making an exception to the certification requirement under the Common Benefit Order and relieve E&B and Defendants' counsel from the requirement to certify that the Common Benefit Assessments will be deposited into the MDL QSF at the same time the settlement proceeds are being disbursed. (*Ibid*.)

Archer, the QSF Administrator for the E&B QSF, has represented to E&B, Defendants' counsel, and the MDL Leadership that it will reserve nine percent (9%) of each E&B claimant's settlement award funded, and it will remain in escrow within the E&B QSF. (Pienkos Decl., ¶ 6.) Upon establishment of the MDL QSF, the Common Benefit Assessments in escrow within the E&B QSF will be deposited into the MDL QSF in accordance with this Court's Order, or as directed by the Court. (*Ibid.*) MDL Leadership is responsible for establishing the MDL QSF was advised of the settlement and the need to open a common benefit fund to deposit the Common Benefit Assessments at least two months ago. (Pienkos Decl., ¶ 7.) Plaintiffs' counsel has been in communication with

the MDL Leadership and has been advised that they have been working on establishing the MDL QSF over the past 30 days, but there is no anticipated date of completion at this time. (Pienkos Decl., ¶ 8.)

Both Defendants and the MDL Leadership agree that settlement proceeds deposited in the E&B QSF should be disbursed, less the Common Benefit Assessments, which will remain in the E&B QSF until the MDL QSF has been established and will be promptly transferred once the MDL QSF is established. (Pienkos Decl., ¶ 9.)

Counsel for Uber has revied this *Ex Parte* Application and raises no objections to the requested relief. (Pienkos Decl., ¶ 10.) MDL Leadership has also been provided a stipulation regarding disbursement of settlement proceeds for a subset of E&B claimants whose settlement have been funded, but have not signed it to date. (*Ibid.*)

## II.    NEED FOR TEMPORARY EXCEPTION TO THE COMMON BENEFIT ORDER

Movant Estey & Bomberger, on behalf of its settling Plaintiffs seeks a temporary exception to the Common Benefit Order to be able to disburse the settlement proceeds that have been funded but before the MDL QSF is opened. Court relief is necessary to prevent irreparable harm to the settling Plaintiffs whose settlement proceeds are ready to be disbursed, but cannot be due to the administrative delay in establishing the MDL QSF. (Pienkos Decl., ¶ 11.) The delay in distribution leaves settling Plaintiffs confused and frustrated after waiting for a resolution to their lawsuits or claims for several years, only to be delayed further due to an administrative hurdle. This is exacerbated by the inability to even estimate when the MDL QSF will be fully set up so that the Common Benefit Assessments can be deposited.

Movant has received settlement funds allocated to the cases already dismissed with prejudice and numerous other claimants pursuant to the settlement agreement with Defendants, and funding is expected to continue. As of the filing of this Application, the MDL QSF has not been created. The MDL Leadership has not provided an expected date of completion. The only barrier to disbursement is the absence of this trust account. Movant and its clients have complied with all requirements; the delay is wholly administrative and outside of their control.

///

### III.    GROUNDS FOR RELIEF

This Application is made Pursuant to Civil Local Rules 7-10 and 6-3, and Federal Rules of Civil Procedure, Rule 6(b)(1)(A) and Rule 60(b)(6), on the grounds that the district court possesses inherent powers "necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases," including to rescind its orders. (*Dietz v. Bouldin*, 579 U.S. 40, 45-48 (2016).) Furthermore, Movant faces impossibility of performance as it cannot comply with the Common Benefit Order as written because the administrative mechanism for depositing the Common Benefit Assessments does not yet exist. Also, Movant is not seeking to avoid its obligation to comply with the Common Benefit Order, but seeks only a temporary exemption until the MDL QSF is opened, and Movant has shown good faith compliance by cooperating with the MDL Leadership, Archer, and Defendants to both establish the MDL QSF as well as to ensure the Common Benefit Assessments are held in escrow pending the establishment of the MDL QSF. Moreover, neither the MDL Leadership, nor Defendants object to the disbursement of settlement funds under the circumstances, and counsel for Uber does not oppose the requested relief. Additionally, settling Plaintiffs represented by E&B are being deprived of their settlement proceeds through no fault of their own or their counsel, and only because of an administrative hindrance. Lastly, the MDL Leadership will not be prejudiced by the temporary relief since the Common Benefit Assessments are preserved.

### IV.    REQUESTED RELIEF

Movant requests that the Court issue a **temporary exception** to allow the QSF administrator Archer to release settlement funds earmarked for Movant's clients subject to the Common Benefit Order, despite the pending establishment of the MDL QSF.

Movant proposes that:

1. The Common Benefit Assessments applicable to these funds be **held in escrow** by the QSF administrator, and

2. The Common Benefit Assessments be credited and transferred **immediately upon creation** of the MDL QSF.

This preserves the structure and purpose of the Common Benefit Order without prejudicing

1  any party.

2  **V.      CONCLUSION**

3      For the reasons set forth above, Movant respectfully requests that the Court grant a

4  temporary exception to the Common Benefit Order and direct the QSF administrator to release

5  Movant's settlement funds pending establishment of the MDL QSF.

6

7  DATED:  December 12, 2025                    Respectfully Submitted,

8                                               **ESTEY & BOMBERGER, LLP**

9                                               */s/ Marek Pienkos, Esq.*
                                                Marek Pienkos

10                                              **Attorneys for Plaintiff**

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

## **CERTIFICATE OF SERVICE**

3

      I hereby certify that on December 12, 2025, I electronically filed the above document with

4

the Clerk of the Court using the CM/ECF system, which will automatically send notification of the

5

filing to all counsel of record.

6

7
By: */s/ Marek Pienkos, Esq.*
     Marek Pienkos

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CASE No. 3:23-MD-03084-CRB    EX PARTE APPLICATION