Stephen J. Estey (SBN 163093)
R. Michael Bomberger (SBN 169866)
Angela J. Nehmens (SBN 309433)
Marek Pienkos (SBN 292729)
**ESTEY & BOMBERGER, LLP**
2869 India Street
San Diego, CA 92103
Tel: (619) 295-0035
Email: steve@estey-bomberger.com
Email: mike@eatey-bomberger.com
Email: angela@estey-bomberger.com
Email: mpienkos@estey-bomberger.com
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br>3:24-cv-05167, 3:24-cv-05180; 3:24-cv-05185; 3:24-cv-05186; 3:24-cv-05188; 3:24-cv-05194; 3:24-cv-05199; 3:24-cv-05208; 3:24-cv-05213; 3:24-cv-05214; 3:24-cv-05276; 3:24-cv-05299; 3:24-cv-05313; 3:24-cv-05353; 3:24-cv-05359; 3:24-cv-05376; 3:24-cv-05378; 3:24-cv-05384; 3:24-cv-05389; 3:24-cv-05497; 3:24-cv-05505; 3:24-cv-05506; 3:24-cv-05510; 3:24-cv-07090; 3:24-cv-08458; 3:25-cv-00064; 3:25-cv-00667; 3:25-cv-00931; 3:25-cv-01274; 3:25-cv-01456; 3:25-cv-01458; 3:25-cv-01935; 3:25-cv-01939; 3:25-cv-02365; 3:25-cv-02479; 3:25-cv-02763; 3:25-cv-02765; 3:25-cv-03151; 3:25-cv-03311; 3:25-cv-03667; 3:25-cv-03674; 3:25-cv-04173; 3:25-cv-04180; 3:25-cv-04559; 3:25-cv-04567; 3:25-cv-05079; 3:25-cv-05086; 3:25-cv-05304<br>3:24-cv-05388; 3:24-cv-05295; 3:24-cv-05374; 3:25-cv-03456; 3:24-cv-05512; 3:24-cv-07068; 3:25-cv-05307; 3:24-cv-04699; 3:24-cv-05215; 3:24-cv-05396; 3:24-cv-05221; 3:24-cv-05247; 3:24-cv-07075; 3:24-cv-05255; 3:24-cv-05520; 3:24-cv-05266;<br>\**And unfiled Estey & Bomberger cases subject to PTO 19* | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MAREK PIENKOS IN SUPPORT OF *EX PARTE* APPLICATION FOR TEMPORARY EXCEPTION TO PRETRIAL ORDER NO. 19 ESTABLISHING A COMMON BENEFIT FEE AND EXPENSE FUND**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

# DECLARATION OF MAREK PIENKOS

I, Marek Pienkos, declare:

1. I am an attorney licensed in the State of California and counsel for Plaintiffs represented by Estey & Bomberger, LLP in MDL No. 3:23-md-03084-CRB ("MDL Proceeding").

2. Several months ago, Estey & Bomberger and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC reached a comprehensive agreement to resolve the claims of Estey & Bomberger's clients whose cases were filed in the MDL Proceeding, as well as those of the firm's clients whose actions were not filed in the MDL Proceeding but are subject to Pretrial Order No. 19 Establishing a Common Benefit Fee and Expense Fund (the "Common Benefit Order").

3. Subsequent to the settlement, Estey & Bomberger and Defendants established a qualified settlement fund ("E&B QSF") for which Archer Systems, LLC is the court-appointed QSF Administrator.

4. The settlement awards for the resolved cases that have already been dismissed with prejudice and numerous other claimants have been funded and are now ready to be disbursed, with funding for additional claimants expected to continue over the coming months.

5. At this time, the MDL qualified settlement fund for depositing the common benefit assessments has not been established yet ("MDL QSF"). As a result, the common benefit assessments cannot be deposited in compliance with the Common Benefit Order, and settling Plaintiffs are prevented from receiving their settlement. The only relief available at this time is the Court making an exception to the certification requirement under the Common Benefit Order and relieve E&B and Defendants' counsel from the requirement to certify that the Common Benefit Assessments will be deposited into the MDL QSF at the same time the settlement proceeds are being disbursed.

6. Archer, the QSF Administrator for the E&B QSF, has represented to E&B, Defendants' counsel, and the MDL Leadership that it will reserve nine percent (9%) (per the terms of the Common Benefit Order) of each E&B claimant's settlement award funded, and it will remain in escrow within the E&B QSF. Upon establishment of the MDL QSF, the Common Benefit

1. Assessments in escrow within the E&B QSF will be deposited into the MDL QSF in accordance with this Court's Order, or as directed by the Court.

7. MDL Leadership is responsible for establishing the MDL QSF. As of today, they have not completed this step or provided a definitive timeline for completion. MDL Leadership was advised of the settlement and the need to open a common benefit fund to deposit the common benefit assessments at least two months ago.

8. I have been in communication with the MDL Leadership and have been advised that they have been working on establishing the MDL QSF over the past 30 days, but there is no anticipated date of completion at this time.

9. Both Defendants and the MDL Leadership agree that settlement proceeds from the E&B QSF should be disbursed, less the Common Benefit Assessments, which will remain in the E&B QSF until the MDL QSF has been established.

10. Counsel for Uber has revied this *Ex Parte* Application and raises no objections to the requested relief. MDL Leadership has also been provided a stipulation regarding disbursement of settlement proceeds for a subset of E&B claimants whose settlement have been funded, but have not signed it to date.

11. Court relief is necessary to prevent irreparable harm to the settling Plaintiffs whose settlement proceeds are ready to be disbursed, but cannot be due to the administrative delay in establishing the MDL QSF. The continued delay causes substantial prejudice to E&B's settling Plaintiffs who are awaiting long-overdue settlement proceeds.

Executed this 12th day of December 2025 in San Diego, California.

*/S/ Marek Pienkos*
Marek Pienkos