Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO STRIKE PLAINTIFF'S WITNESS AND EXHIBIT LISTS**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order to strike Plaintiff's witness and exhibit lists because they do not comprise good-faith representations of the evidence Plaintiff is likely to introduce at trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: December 15, 2025                     **KIRKLAND & ELLIS LLP**

                                             By: /s/ Laura Vartain Horn
                                             *Counsel for Uber*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

The fundamental purpose of witness and exhibit lists is to assist the parties in preparing for trial. *See, e.g., United States ex rel. Paredes v. Res-Care, Inc.*, No. 02-23460-CIV-LENARD/KLEIN, 2005 WL 8155529, at *1 (S.D. Fla. Dec. 1, 2005). Far from advancing that purpose, Plaintiff's *55-person* witness list and *nearly 5,000-document* exhibit list will affirmatively prejudice Uber's ability to prepare for trial by requiring Uber to prepare for dozens of witnesses and thousands of exhibits that will never see the light of day. Allowing such gamesmanship would subvert the objective of witness and exhibit list exchanges.

For these reasons, discussed further below, the Court should strike Plaintiff's witness and exhibit lists and order her to submit good-faith lists within three days.

## II. STATEMENT OF THE ISSUE TO BE DECIDED

Should Plaintiff's witness and exhibit lists be stricken because they were not made in good faith and would prejudice Uber's trial preparation?

## III. BACKGROUND

Last week, Uber asked the Court to require Plaintiff to agree to reasonable limits for witness and exhibit lists, expressing concern that Plaintiff would produce "a[n] [exhibit] list with thousands of exhibits" and an "extremely voluminous" witness list. The Court declined to impose a specific limit, but expressed confidence that Plaintiff would "make a submission in good faith." Ex. 1, 12/5/2025 Hr'g Tr. 33:24-34:20.

The Court's optimism on this score was mistaken. Plaintiff has 39 hours to present her case, including openings and closings. Nevertheless, despite representing at the December 5 hearing that she "want[s] to have a tight case" and "ha[s] no interest in bombarding . . . the other side with exhibits," *id.* 31:20-24, Plaintiff served Uber with (i) a witness list that identifies 55 potential witnesses, 42 of whom are listed on a "may call" basis, *see* Ex. 2, Pl.'s Initial Witness List; and (ii) an exhibit list that identifies *4,824* potential exhibits—534 of which have either blank descriptions or descriptions listed as "#N/A," *see* Ex. 3, Pl.'s Initial Exhibit List. By contrast, Uber—which will need

1

to respond to whatever case Plaintiff presents—identified (i) just 24 witnesses (less than half of the witnesses identified by Plaintiff), *see* Ex. 4, Defs.' Am. Proposed Witness List; and (ii) 441 potential exhibits (about 9% of Plaintiff's exhibit volume), *see* Ex. 5, Defs.' Initial Trial Exhibit List.

## IV.   ARGUMENT

Plaintiff's bloated witness and exhibit lists do not reflect a good-faith effort to advance trial preparation. Rather, they suggest an effort to overwhelm Uber and thwart its trial-preparation efforts. Trial is now less than a month away. Plaintiff carries the burden of proof and should know by now how she will present her case-in-chief. Although it is reasonable to have some residual uncertainty at the margins since trials cannot be planned in advance down to the minute, Plaintiff's 42-person may-call list "masks the identity of witnesses whom [she] truly intends to call [and thus] prevents Defendant[s] from efficiently preparing for trial." *Ulysse v. Waste Mgmt. Inc. of Fla.*, No. 11-CV-80723-RYSKAMP/HOPKINS, 2013 WL 12177856, at *1 (S.D. Fla. Nov. 5, 2013). And by identifying nearly 5,000 potential exhibits, Plaintiff "may as well have provided no list at all." *Id.*

Plaintiff's lists will force Uber to prepare cross-examinations, counter-designations, and objections for dozens of witnesses and thousands of exhibits that will never be introduced at trial—all of which will impede Uber's trial preparation. And Plaintiff's gamesmanship will undoubtedly multiply the number of issues that the Court will need to resolve before and during trial. For example, it is not possible for the parties to productively confer about objections to *thousands* of exhibits. In addition, the Court does not have the time to resolve objections to potentially thousands of exhibits that likely could have been addressed by the parties had Plaintiff provided a good-faith exhibit list.

Beyond the sheer number of exhibits, the content of Plaintiff's list further shows that this was not a careful, good-faith effort. For example, Plaintiff has listed a number of documents that are indisputably privileged because (i) Plaintiffs did not challenge Uber's clawback (e.g., UBER_JCCP_MDL_000441590, UBER_JCCP_MDL_002337741); (ii) Plaintiffs brought a challenge to Uber's clawback but then dropped it (e.g., UBER_JCCP_MDL_000905347, UBER_JCCP_MDL_000905476, UBER_JCCP_MDL_001467238); or (iii) Special Master Jones overruled Plaintiffs' challenge and determined the document to be privileged (e.g.,

2

1  UBER_JCCP_MDL_002654163).

2        Plaintiff "cannot escape [her] duty to produce—in good faith—a realistic list of the witnesses and exhibits [she] actually plans to present at trial." *Ulysse*, 2013 WL 12177856, at *1. And the Court should not "tolerate . . . the use of witness [and exhibit] lists for the strategic purpose of impeding an adversary's trial preparation." *United States v. Int'l Bus. Machs. Corp.*, 79 F.R.D. 15, 17 (S.D.N.Y. 1978); *see also Ulysse*, 2013 WL 12177856, at *1 ("Plaintiff may not attempt to hide a needle in a haystack."). At the December 5 hearing, the Court stated that "if it appears that" Plaintiff's lists are "too open-ended," the Court would "chop it off." Ex. 1, 12/5/2025 Hr'g Tr. 32:24-33:1. Accordingly, the Court should "strike[] Plaintiff's exhibit and witness lists" and order her to "resubmit [good-faith] lists" within three days. *Ulysse*, 2013 WL 12177856, at *1; *see also United States v. Moreira*, 605 F. App'x 852, 859 (11th Cir. 2015) (no abuse of discretion in striking "baseless and unrealistic" witness list and "having the defense reduce its number of witnesses").

## V.   CONCLUSION

The Court should strike Plaintiff's witness and exhibit lists, and order her to submit good-faith lists within three days.

DATED: December 15, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**

3

|   |   |
|---|---|
| 1 | |
| 2 | 601 Lexington Avenue |
|   | New York, NY 10022 |
|   | Telephone: (212) 446-4800 |
|   | jessica.davidson@kirkland.com |

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

4

**PROOF OF SERVICE**

I hereby certify that on December 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn