*[Counsel Listed on Signature Page]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**JOINT STATUS REPORT FOR DECEMBER 18, 2025 DISCOVERY STATUS CONFERENCE PURSUANT TO ECF 4191**<br><br>Judge:       Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

**JOINT STATUS REPORT**

In advance of the discovery status conference set for Thursday, December 18, 2025 at 10:30 am PST (ECF 4191), Plaintiffs and Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") (jointly, "the Parties"), respectfully submit this Joint Status Report.

I.     **Pending PTO 8 Disputes**

**Joint Statement:** The following PTO 8 briefs are currently pending before the Court: (1) joint letter regarding Orchowski rebuttal report (ECF 4384); (2) joint letter regarding Zgoba rebuttal report (ECF 4386); (3) joint letter regarding Cameron rebuttal report (ECF 4391); and (4) joint letter regarding Drumwright supplemental report (ECF 4393).

During the November 20, 2025, discovery status conference, the Court indicated that it was taking these letter briefs under submission.

II.    **Updates on Deposition Scheduling**

**Joint Statement**: Attached as Exhibit A is a chart listing the completed and upcoming depositions.

III.   **Plaintiffs' Dispute with Lyft Concerning Subpoena for Production of Documents Related to Plaintiff Dean's Driver**

**Plaintiffs' Position**: Plaintiffs issued subpoenas to Lyft seeking documents related to the drivers in each of the wave one bellwether cases. Given the imminence of Ms. Dean's trial, Plaintiffs currently seek production of documents related to Ms. Dean's Uber driver and have agreed to defer production related to the other bellwether drivers. Through conferral with Lyft, Plaintiffs agreed to narrow their request to documents concerning prior reports of sexual harassment, sexual misconduct, or sexual assault to Lyft and for prior incident reports and rider complaints to Lyft about Ms. Dean's driver. Lyft has refused to produce this information, arguing that it is irrelevant, subject to hearsay and confidentiality objections, and burdensome. Plaintiffs disagree. The documents are relevant because they reveal the subject driver's history prior to the incident and can help identify "outcry" and "pattern" witnesses who can describe similar misconduct by the driver. The documents are also relevant to the driver's pattern of behavior as well as information that Uber could have known about the driver had it investigated. Lyft's objections to admissibility are speculative and premature, and its objections relating to confidentiality are resolved by the protective order. Finally, Lyft has not provided any quantifiable evidence of undue burden. *See Shaw v. Experian Info. Sols., Inc,* 306 F.R.D. 293, 301 (S.D. Cal. 2015) (objecting party has burden "to demonstrate that the discovery is unduly burdensome"

and must provide "sufficient detail regarding the time, money, and procedures required to produce the requested documents"). Plaintiffs issued the relevant subpoenas to Lyft well in advance of the discovery cut-off for the wave one bellwether cases.

Plaintiffs and Lyft have reached an impasse, and Plaintiffs have requested that Lyft agree to proceed under PTO No. 8 to resolve the dispute. Lyft, however, refuses to follow that procedure and contends that Plaintiffs should file a motion. Given the fast-approaching trial date, and the efficacy and efficiencies gained through PTO No. 8, Plaintiffs request that the parties be directed to proceed under that process. Lyft is located in this district and has already appeared before the Court regarding a subpoena dispute in this MDL.

**Defendants' Position**:

Defendants understand this to be a matter between Plaintiffs and Lyft as to the process for resolving a dispute, and take no position on it. Defendants disagree with Plaintiffs' characterization that discovery sought of Lyft would show "information that Uber could have known about the driver had it investigated" as well as the mischaracterization of Ms. Dean's driver as an "Uber driver."

## IV. Checkr Discovery Related to Plaintiff Dean's Driver Mr. Turay

**Plaintiffs' Position**: Plaintiffs served subpoenas on Checkr for documents and a 30(b)(6) deposition seeking information and documents related to the drivers in the Wave 1 bellwether cases. Given the imminence of Ms. Dean's trial, Plaintiffs narrowed their request to Ms. Dean's Uber driver (Mr. Turay) and agreed to defer production related to the other bellwether drivers. Checkr has made two productions of documents related to the Dean case. Despite being responsive to the first subpoena, Checkr's second production showed that Mr. Turay did not pass the background check due to a License Status of cancelled. The new documents also indicate an over 5-minute recorded telephone conversation between Mr. Turay and Checkr on December 19, 2016, addressing Mr. Turay's suspended license. Immediately after this conversation, Checkr approved Mr. Turay to drive for Uber, noting a January 2008 driver's license on his background check. Plaintiffs do not have a copy of the 2008 driver's license or any records submitted to Checkr to clear him to drive. Through conferral with Checkr, Plaintiffs agreed to narrow their request for documents and deposition testimony to the

December 2016 recorded phone call between Mr. Turay and Checkr, and any additional documents Mr. Turay provided to Checkr during this time period (including information regarding Mr. Turay's 2008 driver's license notation) that Checkr reviewed and considered when clearing him to drive on December 19, 2016.

Plaintiffs and Checkr are continuing to confer; however, in the event of an impasse, Plaintiffs will be forced to file a PTO 8 brief for relief.

**Defendants' Position**:

Defendants understand this to be a matter between Plaintiffs and Checkr and the subject of continuing conferrals, and therefore does not appear to be ripe to be raised. Defendants also disagree with the mischaracterization of Mr. Turay as an "Uber driver."

V.  **Third-Party Witness Depositions for *Dean* Trial**

**Defendants' Position**:

In Plaintiff Dean's initial witness list served on December 8, 2025, Kenyuan "Kenny" Bagby was identified as a witness that Plaintiff may call live at trial. Because Mr. Bagby has not been deposed, Defendants have requested deposition dates for Mr. Bagby and are conferring with Plaintiff's counsel.

Defendants are meeting and conferring with Plaintiffs regarding their expressed need for a deposition of Officer Lopez, who is a third-party witness. Defendants' counsel do not control or represent him.

**Plaintiffs' Position**: Mr. Bagby is a third-party witness. Plaintiff's counsel do not control or represent him. Should Defendants wish to secure Mr. Bagby's deposition prior to trial, they will need to subpoena him.

Defendants have identified Officer Lopez as a witness Defendants may call live at trial. Officer Lopez has similarly not been deposed. The parties are meeting and conferring on a mutually agreeable plan for his deposition

| | |
|---|---|
| By: */s/ Roopal P. Luhana* <br> ROOPAL P. LUHANA *(Pro Hac Vice)* <br> **CHAFFIN LUHANA LLP** <br> 600 Third Avenue, Fl. 12 <br> New York, NY 10016 <br> Telephone: (888) 480-1123 <br> Email: luhana@chaffinluhana.com <br><br> SARAH R. LONDON (SBN 267083) <br> **GIRARD SHARP LLP** <br> 601 California St., Suite 1400 <br> San Francisco, CA 94108 <br> Telephone: (415) 981-4800 <br> Email: slondon@girardsharp.com <br><br> RACHEL B. ABRAMS (SBN 209316) <br> **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** <br> 555 Montgomery Street, Suite 820 <br> San Francisco, CA 94111 <br> Telephone: (415) 426-5641 <br> Email: rabrams@peifferwolf.com <br><br> *Co-Lead Counsel for Plaintiffs* | By: */s/ Laura Vartain Horn* <br> **KIRKLAND & ELLIS LLP** <br> ALLISON M. BROWN <br> JESSICA DAVIDSON <br> CHRISTOPHER COX <br> LAURA VARTAIN HORN <br><br> **SHOOK, HARDY & BACON L.L.P**. <br> MICHAEL B. SHORTNACY <br> PATRICK L. OOT, JR. <br> CHRISTOPHER V. COTTON <br> ALYCIA A. DEGEN <br><br> **O'MELVENY AND MYERS LLP** <br> SABRINA H. STRONG <br> JONATHAN SCHNELLER <br><br> *Attorneys for Defendants* <br> UBER TECHNOLOGIES, INC., <br> RASIER, LLC, and RASIER-CA, LLC |

## ATTESTATION

Pursuant to Civil Local Rule 5-1(h)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.

Dated: December 15, 2025

By: /s/   *Laura Vartain Horn*

**CERTIFICATE OF SERVICE**

I hereby certify that on December 15, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/    *Laura Vartain Horn*