Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S SUPPLEMENTAL ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS ATTACHED TO THE PARTIES' OPPOSITIONS TO MOTIONS TO EXCLUDE EXPERTS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Supplemental Administrative Motion ("Supplemental Motion") to Seal Certain Materials Attached to the Parties' Oppositions to Motions to Exclude Experts. Uber has conferred with Plaintiffs, who do not oppose Uber's proposed redactions. *See* Declaration of Kristen Renee Fournier in Support of the Supplemental Administrative Motion to Seal, ¶ 2. For the reasons set forth herein and in the Supplemental Declaration of Greg Brown, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following briefs and exhibits:

| Document | Description |
|---|---|
| Uber's Omnibus Opposition to Plaintiffs' Omnibus Motion to Exclude Experts ("Uber's *Daubert* Opposition") [Fournier Decl. Ex. R] | 12:16, 12:18, 13:5-6, 13:8, 13:11-13, 13:15-16, 13:19-20, 13:22-23 |
| Ex. 2 to Uber's Omnibus Opposition to Plaintiffs' Omnibus Motion to Exclude Experts [Fournier Decl. Ex. S] | UBER-MDL3084-000067582 |
| Ex. 3 to Uber's Omnibus Opposition to Plaintiffs' Omnibus Motion to Exclude Experts [Fournier Decl. Ex. T] | UBER_JCCP_MDL_001102150 |
| Ex. 4 to Uber's Omnibus Opposition to Plaintiffs' Omnibus Motion to Exclude Experts [Fournier Decl. Ex. U] | Expert Report of David C. Sawyer |
| Plaintiffs' Opposition to Defendants' Motions to Exclude Expert Testimony ("Plaintiffs' *Daubert* Opposition") [Fournier Decl. Ex. V] | 14:8, 14:23-15:1, 41:1[1] |
| Ex. 3 to Plaintiffs' Opposition to Defendants' Motions to Exclude Expert Testimony [Fournier Decl. Ex. W] | Addendum to Report of Veronique Valliere |

I.   ARGUMENT

Uber has a compelling interest in redacting the requested portions of the Exhibits. Release of the redacted materials described below to Uber's competitors and the public would result in competitive harm to Uber, which outweighs the public interest in disclosure here. *See generally* Supp. Brown Decl. ¶¶ 3-14.

---

[1] The redaction on p. 41 relates to Uber's S-RAD technology, and should be redacted for the reasons described in Uber's opening Motion to Seal and the Declaration of Sunny Wong. ECF 4470 at 3-5, ECF 4470-35 at ¶ 12.

Redactions concerning survey methodology and data. Uber seeks to redact two exhibits that describe the methodology and results of a confidential Uber survey reflecting user safety experiences, perceptions, and beliefs. *See* Supp. Brown Decl. ¶ 10. Exhibit 2 to Uber's *Daubert* Opposition provides a detailed description of the survey methodology, including the specific questions and the order in which they were presented to the survey takers. Exhibit 3 to Uber's *Daubert* Opposition provides information and analysis concerning the specific survey results. Uber also seeks to redact certain limited portions of its opposition brief that likewise discuss these survey results. As Uber explained in its opening brief, publicizing this information could put Uber at a competitive disadvantage by providing Uber's competitors with the benefits of Uber's proprietary research insights, enabling competitors to modify or tweak their own safety experiences by free-riding on Uber's investment of time and financial resources. The information could also allow Uber's competitors to assess weak spots in the Uber experience from users' perspectives, and tailor their own products to differentiate themselves or compete with Uber in those specific areas. *See Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) (granting motion to seal materials concerning "business decision-making" and "customer research"); *Craig v. Am. Tuna, Inc.*, No. 22-CV-473-RSH-MSB, 2023 WL 9503374, at *2 (S.D. Cal. Dec. 13, 2023) (finding compelling reasons to redact "data from customer surveys concerning the information customers rely on in making a purchasing decision"). There are also compelling reasons to seal the specific survey methodology, since disclosure of the methodology would "allow competitors to replicate the survey to [Uber's] competitive disadvantage." *Id.*

Redactions concerning driver screening. Uber seeks to redact portions of the Sawyer Expert Report that contain descriptions of confidential aspects of Uber's driver screening procedures. Supp. Brown Decl. ¶ 11. Uber also seeks to redact quotations from confidential internal evaluations of Uber's driver screening procedures as well as portions of the report that discuss the results of two internal confidential audits of Uber's screening procedures. *Id.* Disclosure of this information would result in competitive harm to Uber by providing its competitors with confidential information that Uber's competitors could leverage against Uber to its competitive disadvantage in developing and modifying their own screening procedures. *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *10 (N.D. Cal. July 10, 2017) (sealing information that "discuss[es] how drivers receive orders and how Grubhub manages drivers");

*Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard).

Redactions concerning an unlaunched Uber initiative. Uber seeks to redact portions of the Sawyer Report that describe Uber's strategies and analysis concerning an unlaunched new initiative. Supp. Brown Decl. ¶ 12. Because Uber has not yet publicly announced its plans regarding whether or not to launch this feature, information concerning Uber's consideration and analysis of this feature is competitively sensitive and could be used by Uber's competitors to Uber's disadvantage if it were made public. *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-CV-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal "information that would reveal [party's] unreleased platform information").

Redactions concerning Uber's relationships with non-profit organizations. Uber seeks to redact the Valiere Addendum, which discusses internal documents concerning Uber's strategies involving and relationships with non-profit organizations. Supp. Brown Decl. ¶ 13. Publicizing this information would provide Uber's competitors with valuable confidential information about Uber's confidential strategies in this area, which the competitors could potentially leverage in competing with Uber and use in their own relationships with non-profits. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to seal, under compelling reasons standard, "information about [party's] consulting relationships and other confidential agreements").

Except for Exhibits 2 and 3 to Uber's *Daubert* Motion (discussed further below), Uber is not seeking to seal any of the exhibits in full, but only to redact limited excerpts that are necessary to seal in order to protect Uber from competitive harm. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal when company "has proposed to redact only the portions of the documents containing the confidential information"). Moreover, to the extent information was already made public in connection with the JCCP trial and other proceedings, Uber is also not seeking to protect that information. Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests.

Exhibit 2 (which Uber seeks to seal in full) and Exhibit 3 (which Uber seeks to redact in large part) are internal Uber documents containing detailed information concerning a survey conducted by Uber. Exhibit 2 should be sealed in full because that is the only way to protect Uber's survey methodology, which is described throughout the document. Likewise, the portions of Exhibit 3 that Uber seeks to redact provide a detailed breakdown of Uber's survey results, and there is no less restrictive approach that would protect those results from disclosure.

Accordingly, compelling reasons exist for the Court to seal and redact the exhibits and briefs as described above. Uber therefore respectfully requests that the Court order that the redacted exhibits and briefs be maintained on the docket under seal.

Uber is submitting a Revised [Proposed] Order that includes the additional documents addressed in this Supplemental Motion. The Revised Order also identifies the original ECF filing numbers of all of the documents that Uber is seeking to redact.

DATED:  December 15, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER,LLC, And RASIER-CA, LLC

4