ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 3 v. Uber Technologies, Inc., et al., No.* 3:24-cv-05061-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES**<br><br>Judge:     Hon. Charles R. Breyer<br>Date:      February 13, 2026<br>Time:      10:00 a.m.<br>Courtroom: 6 – 17th Floor |

**NOTICE OF MOTION TO DISMISS**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on February 13, 2026 at 10:00 a.m., or as soon thereafter as counsel may be heard, before the Honorable Charles R. Breyer, in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants") will, and hereby do, move this Court for an order dismissing without prejudice Plaintiff's Complaint for lack of subject matter jurisdiction, for an order to show cause why Plaintiff's counsel should not be required to pay Defendants' reasonable attorneys' fees and costs incurred to defend against this Complaint and file this Motion to Dismiss, and for such other and further relief the Court deems just and proper. For the avoidance of doubt, Defendants do not seek entry of any order for an award of fees or costs as against the individual Plaintiff, but rather only as against Plaintiff's counsel, as forth below.

This Motion is made pursuant to Federal Rule of Civil Procedure 11(c)(3) and 12(b)(1). This Motion is based on this Notice; the attached Memorandum of Points and Authorities; the concurrently filed Declaration of Michael B. Shortnacy; the concurrently filed Proposed Order; all evidence, pleadings, and papers filed herewith; the entire file in this coordinated action; any Reply that may be filed in support of this Motion; and any other arguments or evidence that may be presented to the Court in support of this Motion.

Dated: December 16, 2025          SHOOK, HARDY & BACON L.L.P.

                                  By: */s/ Michael B. Shortnacy*
                                      MICHAEL B. SHORTNACY

                                  MICHAEL B. SHORTNACY (SBN: 277035)
                                  mshortnacy@shb.com
                                  **SHOOK, HARDY & BACON L.L.P.**
                                  2121 Avenue of the Stars, Suite 1400
                                  Los Angeles, CA 90067
                                  Telephone: (424) 285-8330
                                  Facsimile: (424) 204-9093

## <u>TABLE OF CONTENTS</u>

MEMORANDUM OF POINTS AND AUTHORITIES..................................................1

1.      STATEMENT OF RELIEF SOUGHT ..............................................................1

2.      INTRODUCTION AND SUMMARY OF ARGUMENT ...............................1

3.      FACTUAL BACKGROUND ............................................................................1

4.      ARGUMENT ....................................................................................................4

        A.      PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK
                OF SUBJECT MATTER JURISDICTION. ........................................4

        B.      PLAINTIFF'S COUNSEL SHOULD BE ORDERED TO SHOW
                CAUSE WHY COUNSEL SHOULD NOT BE REQUIRED TO
                PAY DEFENDANTS' REASONABLE ATTORNEYS' FEES
                INCURRED TO DEFEND AGAINST DUPLICATE CASES AND
                FILE THIS MOTION TO DISMISS. ....................................................7

5.      CONCLUSION .................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*3123 SMB LLC v. Horn*,
  880 F.3d 461 (9th Cir. 2018) .................................................................................6

*Arbaugh v. Y&H Corp.*,
  546 U.S. 500 (2006)............................................................................................4

*Atkins v. Fischer*,
  232 F.R.D. 116 (D.D.C. 2005)..............................................................................1

*Best Odds Corp. v. iBus Media Ltd.*,
  657 F. App'x 641 (9th Cir. 2016) ...........................................................................8

*Bradshaw v. Vilsack*,
  286 F.R.D. 133 (D.D.C. 2012)..............................................................................1

*Burris v. JPMorgan Chase & Co.*,
  No. 21-16852, 2024 WL 1672263 (9th Cir. 2024) ...................................................7

*Cole v. City of Wauwatosa*,
  No. 23-cv-1321, 2024 WL 2862112 (E.D. Wis. June 6, 2024) ...................................8

*Coronavirus Reporter Corp. v. Apple, Inc.*,
  No. 24-cv-08660, 2025 WL 2162947 (N.D. Cal. July 30, 2025) .................................8

*Doe WHBE 3 v. Uber Techs., Inc.*,
  102 Cal. App. 5th 1135, 322 Cal. Rptr. 3d 505 (2024)............................................2

*Edison v. United States*,
  822 F.3d 510 (9th Cir. 2016) .................................................................................5

*Evon v. Law Offices of Sidney Mickell*,
  688 F.3d 1015 (9th Cir. 2012) ...............................................................................7

*Fernandez v. 23676-23726 Malibu Rd., LLC*,
  74 F.4th 1061 (9th Cir. 2023) ................................................................................7

*Greenberg v. Sala*,
  822 F.2d 882 (9th Cir. 1987) .................................................................................9

*Hyde v. Irish*,
  962 F.3d 1306 (11th Cir. 2020) .............................................................................7

*Kanter v. Warner-Lambert Co.*,
  265 F.3d 853 (9th Cir. 2001) .................................................................................6

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ................................................................................4

*Lauser v. City Coll. of San Francisco*,
  359 F. App'x 755 (9th Cir. 2009) ...........................................................9

*Leeson v. Transamerica Disability Income Plan*,
  671 F.3d 969 (9th Cir. 2012) ..................................................................4

*Leite v. Crane Co.*,
  749 F.3d 1117 (9th Cir. 2014) ................................................................5

*Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*,
  117 F.3d 1128 (9th Cir. 1997) ................................................................8

*Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*,
  792 F.2d 797 (9th Cir. 1986) ...........................................................7, 8, 9

*Pace v. Cirrus Design Corp.*,
  No. 3:22-cv-685, 2025 WL 819006 (S.D. Miss. March 13, 2025) ..........7

*Skidmore Energy, Inc. v. KPMG*,
  No. 3:03-CV-2138, 2005 WL 8158140 (N.D. Tex. Mar. 18, 2005), *aff'd*, 455 F.3d
  564 (5th Cir. 2006) ..................................................................................8

*In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*,
  3-23-md-03084-CRB, ECF No. 14 ......................................................5, 6

*In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*,
  3-23-md-03084-CRB, ECF No. 349-1 ...................................................3, 9

*Warren v. Fox Fam. Worldwide, Inc.*,
  328 F.3d 1136 (9th Cir. 2003) ................................................................5

*White v. Lee*,
  227 F.3d 1214 (9th Cir. 2000) ................................................................5

*White v. Witt*,
  No. 05-cv-695, 2006 WL 3337365 (W.D. Wash. Nov. 16, 2006) ..........8

*Willy v. Coastal Corp.*,
  503 U.S. 131 (1992) ................................................................................7

*Wisconsin Dep't of Corr. v. Schacht*,
  524 U.S. 381 (1998) ................................................................................6

**Statutes**

28 U.S.C. § 1331 .........................................................................................5

28 U.S.C. § 1332(a)(1) ................................................................................5

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION
Case No. 3:23-MD-3804-CRB

28 U.S.C. § 1332(c)(1)...................................................................................................6

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ....................................................................1, 5

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. STATEMENT OF RELIEF SOUGHT

Defendants respectfully request that the Court dismiss Plaintiff's Complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Defendants further request that the Court order Plaintiff's counsel to show cause why counsel[1] should not be required to pay Defendants' reasonable attorneys' fees and costs incurred to defend against this duplicative case, filed without subject matter jurisdiction, including fees and costs incurred by filing this Motion to Dismiss.

## 2. INTRODUCTION AND SUMMARY OF ARGUMENT

Plaintiff's lawsuit, which stems from an alleged January 2020 sexual assault occurring in Hawaii, must be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) based on a lack of subject matter jurisdiction. Plaintiff asserts no federal claims and both she and Defendants are citizens of California. Because the Court lacks both federal question and diversity jurisdiction, this case must be dismissed.

In addition to the clear and fatal jurisdictional defects mentioned above, Plaintiff has also filed a separate lawsuit in Hawaii state court that is predicated on the same alleged January 2020 incident. Defendants should not be forced to defend duplicative lawsuits, and Plaintiff's counsel knew or should have known of the subsequently filed Hawaii action at the time counsel filed the Complaint in this case (without jurisdiction). This Court should therefore use its inherent authority to order Plaintiff's counsel to show cause why counsel should not be compelled to pay Defendants' reasonable attorneys' fees and costs in defending against both cases (including this case that has no jurisdictional basis) at the same time, and making this motion to dismiss, in an amount to be substantiated by Defendants through the show cause process.

## 3. FACTUAL BACKGROUND

On June 8, 2020, Plaintiff, through her counsel Walter Cubberly of Williams Hart Boundas Easterby, LLP, and an attorney of ADZ Law, LLP, filed a complaint against Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and "Doe One" for negligence, fraud, and related causes of action

---

[1] *See Bradshaw v. Vilsack*, 286 F.R.D. 133, 144 (D.D.C. 2012) (finding that imposing a monetary penalty on a plaintiff for the "misdeeds of his attorney would be unjust."); *Atkins v. Fischer*, 232 F.R.D. 116, 128 (D.D.C. 2005) ("[T]he sins of an attorney should not be visited upon an innocent client.").

1  in the Superior Court of California, County of San Francisco. *Jane Doe v. Uber Technologies, Inc., et*
2  *al.*, CGC-20-584649 ("California State Action"); Exhibit 1 ("Plaintiff California State Complaint").
3  Plaintiff initially identified Doe One as "William" in her California State Complaint and alleged that
4  William assaulted her on January 13, 2020. Exhibit 1, California State Complaint, ¶¶ 9, 41. William
5  was eventually identified as William Murray (hereinafter "Defendant Murray").

6       Uber and Rasier filed a cross-complaint against Defendant Murray, then a citizen of Hawaii,
7  in the California State Action on February 25, 2021. After the California court dismissed the cross-
8  complaint for lack of personal jurisdiction over Defendant Murray, Uber and Rasier filed an action in
9  Hawaii state court on September 14, 2021, Civil No. 1CCV-21-0001121 ("Uber's Hawaii Case"),
10  against Defendant Murray for contribution, indemnity, and a declaratory judgment.

11       Meanwhile, Plaintiff's California State Action was coordinated with other similar cases before
12  Judge Ethan P. Schulman in San Francisco Superior Court. *See In re Uber Rideshare Cases*, CJC-21-
13  005188, JCCP No. 5188.[2] On January 23, 2023, the California court stayed Plaintiff's case based on
14  a finding of *forum non convenines*. Exhibit 2. It reasoned, *inter alia*, that Hawaii was a suitable
15  alternative forum, and that Hawaii's interest in deciding Plaintiff's case was "substantially stronger
16  than California's . . . ." *Id.* at 17. On February 28, 2023, the California Superior Court ruled that,
17  subject to certain conditions, the stay would convert to an order of dismissal with prejudice. Plaintiff
18  appealed the January 23, 2023, and February 28, 2023, orders. The Court of Appeal affirmed the
19  decisions of the Superior Court. *See Doe WHBE 3 v. Uber Techs., Inc.*, 102 Cal. App. 5th 1135, 322
20  Cal. Rptr. 3d 505 (2024).[3] Plaintiff next appealed to the California Supreme Court, which *En Banc*
21  denied the appeal and remitted the case on September 18, 2024.

22       On August 12, 2024, Plaintiff, again using her counsel at Williams Hart & Boundas, LLP,[4]
23  including Walter Cubberly and Margret Lecocke, filed a Short-Form Complaint in the MDL Court.
24  Complaint, *WHB 3 v. Uber Technologies, Inc.*, *et al.*, No. 3:24-cv-05061-CRB, ECF No. 1 (N.D. Cal.

25

26  ---

[2] Plaintiff proceeded under the pseudonym "Jane Doe WHBE 3."
27  [3] Mr. Cubberly was one of Plaintiff's attorneys of record on appeal.
28  [4] Although its name has changed from Williams Hart Boundas Easterby, LLP to Williams Hart &
Boundas, LLP, it is the same law firm. *See Doe WHBE 3*, 102 Cal. App. 5th 1135, 1140 n.1, 322 Cal.
Rptr. 3d 505, 509 n.1 (Plaintiff explained in her appellate brief that the firm's name changed).

August 12, 2024).[5] Uber, Rasier, and Rasier-CA, LLC ("Rasier-CA") were named as defendants. *Id.* Notably, the Short-Form Complaint is signed by Mr. Cubberly. *Id.* at 5. And in all three of her Plaintiff Fact Sheets, Plaintiff states that Mr. Cubberly and Ms. Lecocke are the "principal attorney[s] representing Plaintiff." As discussed in more detail *infra*, counsel should not have filed the MDL Complaint because the Court clearly lacks subject matter jurisdiction. Indeed, Plaintiff has never asserted any federal claims, and in her California State Complaint, signed by Mr. Cubberly, Plaintiff specifically alleged that her case was not removable on the basis of diversity jurisdiction because Plaintiff and Uber share California citizenship. Exhibit 1, California State Complaint, ¶ 16. Counsel also seemingly ignored the following statement on the court-approved short-form complaint in the MDL, which is attached as Exhibit 1 to Pretrial Order 11:

> **BEFORE PROCEEDING - PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION AND PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS THE PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE**.

*In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3-23-md-03084-CRB, ECF No. 349-1 at 3-4 (emphasis in original).

Approximately two and a half months *after* filing her MDL Complaint, Plaintiff, through her Hawaii counsel at Galiher DeRobertis & Waxman LLP, filed a five-count complaint against only Uber in Hawaii state court, styled *Jane Doe WHBE 3 v. Uber Technologies, Inc.*, 1CCV-24-0001560 ("Plaintiff's Hawaii Case"). Exhibit 3 ("Plaintiff's Hawaii Complaint").[6] The core allegation in Plaintiff's Hawaii Case and her MDL case is the same: she alleges she was sexually assaulted in Hawaii on January 13, 2020. *Id.* ¶¶ 95–99; Complaint, *WHB 3 v. Uber Technologies, Inc.*, *et al.*, No. 3:24-cv-05061-CRB, ECF No. 1 at 2, 3.

Of significance, on January 27, 2025, Mr. Cubberly and Ms. Lecocke filed motions for *pro hac vice* admission in the Hawaii Action. *See* Exhibit 4, Mr. Cubberly Pro Hac Vice Motion; Exhibit

---

[5] All citations to electronic court filings refer to the docket in this case, *WHB 3 v. Uber Technologies, Inc.*, *et al.*, No.3:24-cv-05061-CRB, unless otherwise indicated.

[6] Plaintiff's Hawaii Case and Uber's Hawaii case were later consolidated by the Hawaii Court.

5, Ms. Lecocke Pro Hac Vice Motion. Notably, Plaintiff's local counsel in Hawaii submitted a declaration in support of each PHV motion, stating that Mr. Cubberly and Ms. Lecocke had "worked with the Plaintiff in this action for years" and that both lawyers were "familiar with [Plaintiff's] case and her damages." Exhibit 4, Declaration of Ilana Waxman, ¶ 4; Exhibit 5, Declaration of Ilana Waxman, ¶ 4. The Hawaii court granted both pro hac vice motions on April 15, 2025. Exhibit 6.[7]

Since consolidation of Uber's Hawaii Case and Plaintiff's Hawaii case on February 4, 2025, the parties have "exchanged multiple rounds of written discovery; Plaintiff has served and amended her pretrial statement; Uber has filed its responsive pretrial statement; and the Court has ruled on several motions, including Uber's Motion to Extend Time to Substitute a Party . . . ." Exhibit 7, Shortnacy Decl., ¶ 8. Discovery remains ongoing in the Hawaii Action, and trial is currently scheduled to begin on August 3, 2026.

## 4. ARGUMENT

### A. PLAINTIFF'S COMPLAINT MUST BE DISMISSED FOR LACK OF SUBJECT MATTER JURISDICTION.

Plaintiff's Complaint must be dismissed because this Court lacks both federal question and diversity jurisdiction. Plaintiff brings only state law claims and, by her own allegations in her California State Complaint and Hawaii Complaint, Plaintiff and Defendants share California citizenship. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute . . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). There is a presumption "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted).

Subject matter jurisdiction concerns "'the courts' statutory or constitutional *power* to adjudicate' cases." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 975 (9th Cir. 2012) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998)). When a court concludes that it lacks subject matter jurisdiction, it "must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

---

[7] Subsequently, on May 13, 2025, Mr. Cubberly and Ms. Lecocke filed amended motions for *pro hac vice* admission in order to address certain technical errors in their initial motions. By separate orders on August 20, 2025, the Hawaii court granted both motions.

An attack on subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) "may be facial or factual." *Edison v. United States*, 822 F.3d 510, 517 (9th Cir. 2016). "'In a facial attack, the challenger asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction. By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction.'" *Id.* (quoting *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004)); *Leite v. Crane Co.*, 749 F.3d 1117, 1121 (9th Cir. 2014). Defendants bring a factual challenge here,[8] to the extent Defendants rely not only on Plaintiff's allegations asserted in her Short-Form Complaint, but also evidence outside the Pleading, namely, Plaintiff's own allegations in Plaintiff's California State Complaint and Hawaii Complaint. *See Warren v. Fox Fam. Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003) (the defendants may present "extrinsic evidence" in the context of a Rule 12(b)(1) jurisdictional challenge); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("With a factual Rule 12(b)(1) attack, . . . a court may look beyond the complaint to matters of public record without having to convert the motion into one for summary judgment.").

First, Plaintiff asserts no federal claims. She advances only common law causes of action and causes of action under California statutes. *See* ECF No. 1 at 3–4; Master Long-Form Complaint, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3-23-md-03084-CRB, ECF No. 14. Accordingly, federal question jurisdiction does not exist. *See* 28 U.S.C. § 1331 (federal district courts have "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States").

Second, diversity jurisdiction is plainly lacking because both Plaintiff and Defendants are citizens of California. Federal courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds . . . $75,000 . . . and is between citizens of different states." 28 U.S.C. § 1332(a)(1). As the Supreme Court has explained, diversity jurisdiction exists only if "diversity of citizenship of the parties is complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens

---

[8] As discussed *infra*, Plaintiff alleges in her Short-Form Complaint that Uber is a "citizen" of California and that she "resides" in California. ECF No. 1 at 2. That alone is sufficient to establish, facially, that the parties are not diverse. This is particularly so where the Court-approved Short Form Complaint prompt clearly seeks to ascertain whether diversity jurisdiction exists.

of the same State." *Wisconsin Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998). A corporation like Uber is "deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1). A limited liability company ("LLC"), such as Rasier and Rasier-CA, is a "'citizen of every state of which its owners/members are citizens.'" *3123 SMB LLC v. Horn*, 880 F.3d 461, 465 (9th Cir. 2018) (quoting *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006)). A natural person's state of citizenship is determined by her "state of domicile, not her state of residence." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). In this context, domicile means a natural person's "permanent home, where she resides with the intention to remain or to which she intends to return." *Id.*

In her Short-Form Complaint, Plaintiff alleges that Uber's "principal place of business [is] in California." ECF No. 1 at 2 n.2; *see also* Master Long-Form Complaint, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3-23-md-03084-CRB, ECF No. 14, ¶ 37 (alleging that Uber's principal place of business is in San Francisco). Plaintiff also alleges that Rasier and Rasier-CA are LLCs whose "sole member" is Uber. ECF No. 1 at 2 n.3, n.4; *see also* Master Long-Form Complaint, *In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3-23-md-03084-CRB, ECF No. 14, ¶¶ 38–39 (alleging that both Rasier and Rasier-CA are "wholly owned subsidiar[ies] of Uber"). Therefore, Rasier and Rasier-CA, like Uber, are citizens of California. *3123 SMB LLC*, 880 F.3d at 465.

As to Plaintiff's citizenship, she alleges in her Complaint that she resides in "San Diego, San Diego County, California." ECF No. 1 at 2; *see also* Exhibit 3, Plaintiff's Hawaii Complaint, ¶ 1 (Plaintiff alleges that she is a "resident of California."). As indicated, Plaintiff's citizenship is determined by her "state of domicile, not her state of residence." *Kanter*, 265 F.3d at 857. The Short-Form Complaint does not expressly state Plaintiffs' domicile is California, but she has repeatedly admitted through allegations in her other pleadings that this is so. In Plaintiff's Hawaii Complaint, Plaintiff specifically alleges that diversity jurisdiction does not exist because both she and Uber are "citizen[s] of California." Exhibit 3, Plaintiff's Hawaii Complaint, ¶ 10. Similarly, in her California State Complaint, which is signed by Mr. Cubberly, Plaintiff alleged:

> There is not complete diversity between the parties, and so there is no [diversity jurisdiction]. [Plaintiff] is a citizen of California. She lives in and is domiciled in California; she has her true, fixed, and permanent home in California and intends to return to California whenever she is absent from California. Defendants Uber . . . and Rasier are also citizens of California because they have their principal place of business in California. A federal court would, therefore, not have subject matter jurisdiction over this under 28 U.S.C. § 1332 . . . .

Exhibit 1, California State Complaint, ¶ 16 (footnote omitted). Plaintiff also alleged that she "grew up in California and was and is a lifelong California resident." *Id.* ¶ 40.

In sum, because Plaintiff and Defendants share California citizenship, complete diversity does not exist, and this action must be dismissed because the Court lacks subject matter jurisdiction.

### B.   PLAINTIFF'S COUNSEL SHOULD BE ORDERED TO SHOW CAUSE WHY COUNSEL SHOULD NOT BE REQUIRED TO PAY DEFENDANTS' REASONABLE ATTORNEYS' FEES INCURRED TO DEFEND AGAINST DUPLICATE CASES AND FILE THIS MOTION TO DISMISS.

The Court should exercise its inherent authority to order Plaintiff's counsel to show cause why reasonable attorneys' fees and costs should not be awarded to Defendants. This Court has the inherent authority to order a party or its counsel to pay another party's legal fees associated with litigation abuses or bad faith conduct. *See Evon v. Law Offices of Sidney Mickell*, 688 F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.*, No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024).[9] The Court also has this authority pursuant to Federal Rule of Civil Procedure 11. Defendants' request for sanctions is grounded in Rule 11 and/or the Court's inherent power.

Courts have repeatedly imposed sanctions where a plaintiff files a duplicative complaint that wastes both judicial and party resources. *See, e.g.*, *Pace v. Cirrus Design Corp.*, No. 3:22-cv-685, 2025 WL 819006, at *10 & 12 (S.D. Miss. March 13, 2025) (ordering $15,000 sanction where the

---

[9] To be sure, although the Court lacks subject matter jurisdiction over this action, it may still impose sanctions. *See, e.g.*, *Willy v. Coastal Corp.*, 503 U.S. 131, 137–39 (1992) (holding that a lack of subject matter jurisdiction does not preclude the issuance of Rule 11 sanctions); *Fernandez v. 23676-23726 Malibu Rd., LLC*, 74 F.4th 1061, 1064 (9th Cir. 2023) (stating that Rule 11 sanctions can be imposed even though the Court lacks subject matter jurisdiction); *Hyde v. Irish*, 962 F.3d 1306, 1310 (11th Cir. 2020) (collecting cases from other circuits and holding that "a district court may address a sanctions motion based on its inherent powers or [28 U.S.C.] § 1927 even if it lacks jurisdiction over the underlying case."); *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th Cir. 1986) ("The fact that the district court lacked jurisdiction to consider the merits of the case did not preclude it from imposing sanctions.").

1    plaintiff filed a duplicative lawsuit); *Cole v. City of Wauwatosa,* No. 23-cv-1321, 2024 WL 2862112,

2    at *1 & 4 (E.D. Wis. June 6, 2024) (awarding reasonable attorneys' fees and costs where the plaintiff

3    "unnecessarily consumed both the Court's limited resources and that of Defense counsel" by filing a

4    duplicative lawsuit). By filing duplicative lawsuits, Plaintiff caused Defendants to unnecessarily spend

5    time and money to defend against claims filed in a court without jurisdiction. *See White v. Witt*, No.

6    05-cv-695, 2006 WL 3337365, at *3 (W.D. Wash. Nov. 16, 2006). Defendants therefore respectfully

7    request that this Court exercise its authority to order Plaintiff's counsel to show cause why counsel

8    should not be ordered to pay Defendants' reasonable attorneys' fees incurred to defend against

9    Plaintiff's Complaint and file this Motion. *See Coronavirus Reporter Corp. v. Apple, Inc.*, No. 24-cv-

10   08660, 2025 WL 2162947, at *3 (N.D. Cal. July 30, 2025) ("On its own, the court may order an

11   attorney, law firm, or party to show cause.").

12          Sanctions are also warranted because even a cursory review of Plaintiff's Complaint

13   demonstrates that subject matter jurisdiction does not exist. The filing of a meritless complaint—such

14   as the one filed by Plaintiff—"'may be sanctioned pursuant to Rule 11 or a court's inherent power . .

15   . .'" *Best Odds Corp. v. iBus Media Ltd*., 657 F. App'x 641, 642 (9th Cir. 2016) (quoting *Moore v.

16   Keegan Mgmt. Co. (In re Keegan Mgmt. Co. Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996)). The Ninth

17   Circuit has repeatedly and explicitly affirmed the issuance of Rule 11 sanctions in cases where a

18   plaintiff "must have known [that the complaint] completely lacked a factual foundation for subject

19   matter jurisdiction." *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d 797, 801 (9th

20   Cir. 1986); *see also Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d 1128,

21   1133 (9th Cir. 1997) (reaffirming the standard set forth in *Orange Prod. Credit Ass'n*).  This is all the

22   more so here, where Plaintiff's counsel was involved from the beginning and signed pleadings as to

23   the citizenship of the parties that establishes that diversity jurisdiction does not exist.

24          For the reasons explained above, Plaintiff's Complaint obviously "completely lacked a factual

25   foundation for subject matter jurisdiction." *Orange Prod. Credit Ass'n*, 792 F.2d at 801. As another

26   federal district court put it in a related context: "[E]lementary legal research . . . would have prevented

27   this suit from being filed . . . ." *Skidmore Energy, Inc. v. KPMG*, No. 3:03-CV-2138, 2005 WL

28   8158140, at *9 (N.D. Tex. Mar. 18, 2005), *aff'd*, 455 F.3d 564 (5th Cir. 2006). Indeed, as explained,

Plaintiff has consistently taken the position that diversity jurisdiction does not exist, including in her California State Complaint signed by Mr. Cubberly and in Plaintiff's Hawaii Complaint. Exhibit 1, California State Complaint, ¶ 16; Exhibit 3, Plaintiff's Hawaii Complaint, ¶ 10. That did not stop Plaintiff, through her counsel, from filing the instant lawsuit in the MDL.

To make matters worse, the "form" short-form complaint in the MDL, which is attached as Exhibit 1 to Pretrial Order 11, explicitly warns counsel to ensure diversity jurisdiction exists. As explained, it states:

> **BEFORE PROCEEDING - PLEASE CAREFULLY READ AND CONSIDER THE PLACES OF INCORPORATION AND PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT BEFORE SELECTING TO ENSURE THAT YOU ARE NOT NAMING ANY DEFENDANTS FROM THE SAME STATE AS THE PLAINTIFF. THE PLACE OF INCORPORATION, PRINCIPAL PLACE OF BUSINESS OR RESIDENCE OF EACH DEFENDANT IS IN THE FOOTNOTES FOR YOUR CONVENIENCE.**

*In Re: Uber Technologies, Inc., Passenger Sexual Assault Litigation*, 3-23-md-03084-CRB, ECF No. 349-1 at 3-4 (emphasis in original). Plaintiff's counsel failed to comply with this clear directive and should accordingly be sanctioned. *See Lauser v. City Coll. of San Francisco*, 359 F. App'x 755, 757 (9th Cir. 2009) ("The district court properly imposed [$14,774.39 in] sanctions on [the plaintiff] for filing a baseless complaint because the lack of subject matter jurisdiction should have been clear from well-established law . . . ."); *Orange Prod. Credit Ass'n*, 792 F.2d at 801 (holding that a fee award was not an abuse of discretion for filing a complaint which clearly lacked subject matter jurisdiction); *see also Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987) (explaining that frivolous complaints "'sap the time of judges, forcing parties with substantial disputes to wait in [a] longer queue . . . .'" (citation omitted)).

Due to Plaintiff's filing of duplicative cases, Defendants have incurred attorneys' fees and costs in defending against Plaintiffs' Complaint and in filing this Motion. Exhibit 7, Shortnacy Decl., ¶ 11. Defendants are prepared to substantiate these costs should the Court so order.

## 5.  <u>CONCLUSION</u>

For the foregoing reasons, the Court lacks subject matter jurisdiction over this action, and Plaintiff's Complaint must be dismissed. The Court should also order Plaintiff's counsel to show cause

why counsel should not be required to pay Defendants' reasonable attorneys' fees and costs incurred as set forth herein. Simply put, Plaintiff's lawsuit is not only duplicative of her Hawaii case, but also frivolous. Defendants have been forced to defend essentially the same lawsuit in two courts–one that is wholly lacking in jurisdiction. The combination of those factors warrant an award of reasonable attorneys' fees as against Plaintiffs' counsel.

Dated: December 16, 2025

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
   MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION