# EXHIBIT 6

GALIHER DeROBERTIS & WAXMAN LLP

| | |
|---|---|
| ILANA K. WAXMAN | 8733 |
| L. RICHARD DeROBERTIS | 3179 |
| ALLISON M. AOKI | 6912 |
| ALYSSA R. SEGAWA | 9798 |
| CHRISTOPHER JOHNSON | 11389 |
| ELIZABETH A. NARDI | 11343 |
| VICTORIA M. CHANG | 8920 |

820 Mililani Street, Suite 505
Honolulu, Hawai'i 96813
Telephone: (808) 597-1400
Facsimile: (808) 591-2608

Attorneys for Plaintiff JANE DOE WHBE 3

**Electronically Filed
FIRST CIRCUIT
1CCV-21-0001121
15-APR-2025
04:12 PM
Dkt. 141 ORDG**

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAI'I

UBER TECHNOLOGIES, INC., a Delaware corporation; RAISER, LLC, a Delaware limited liability company,

   Plaintiff,

vs.

WILLIAM MURRAY, JOHN ROES 1-100, JANE ROES 1-100, ROE CORPORATIONS 1-100, ROE PARTNERSHIPS 1-100, and ROE ENTITIES 1-100,

   Defendant.

CIVIL NO. 1CCV-21-0001121
(Other Non-Vehicle Tort)

ORDER GRANTING (1) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF WALT CUBBERLY, FILED FEBRUARY 18, 2025, and (2) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF MARGRET LECOKE, FILED FEBRUARY 18, 2025; ~~CERTIFICATE OF SERVICE~~

NO HEARING DATE

JUDGE: The HONORABLE JOHN TONAKI

NO TRIAL DATE

**PLEASE NOTE CHANGES**

| | | |
|---|---|---|
| JANE DOE WHBE 3, | ) | CIVIL NO. 1CCV-24-0001560 (JMT) |
| | ) | (Other Non-Vehicle Tort) |
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | |
| UBER TECHNOLOGIES, INC. | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |

**ORDER GRANTING (1) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF WALT CUBBERLY, FILED FEBRUARY 18, 2025, and (2) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF MARGRET LECOKE, FILED FEBRUARY 18, 2025**

*Plaintiff's Motion for Admission Pro Hac Vice of Walt Cubberly* filed February 18, 2025, *Plaintiff's Motion for Admission Pro Hac Vice of Margret Lecoke,* filed February 18, 2025, came before the Court for decision on March 27, 2025. The Court ordered the matter submitted on the briefs without oral argument pursuant to the Rules of the Circuit Courts of the State of Hawai'i, Rule 8. *See* Dkts. 116 and 118. The Court, having considered the motions and declarations of counsel, therefore,

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that:

*Plaintiff's Motion for Admission Pro Hac Vice of Walt Cubberly,* filed on February 18, 2025, and *Plaintiffs' Motion for Admission Pro Hac Vice of Margret Lecoke,* filed on February 18, 2025, are GRANTED [*see* Dkts. 125 and 128] on the following conditions:

1. Hawai'i counsel shall serve as lead trial counsel, shall participate actively in all phases of the case, and shall sign all pleadings, motions, briefs, or any other documents submitted in the case;

2. Service upon or communication with Hawai'i counsel shall constitute service upon or communication with *pro hac vice* counsel and their client;

2

3. In the event *pro hac vice* counsel is unable to proceed in this case, Hawai'i counsel will proceed without delay;

4. Unless otherwise ordered by the Court, *pro hac vice* counsel shall abide by local custom and practice and shall also abide by the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers. In addition, *pro hac vice* counsel shall conduct themselves in accordance with the Hawai'i Rules of Professional Conduct;

5. *Pro hac vice* counsel shall comply with Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i;

6. *Pro hac vice* counsel shall be subject to the jurisdiction of Hawai'i courts with respect to all applicable Hawai'i statutes, laws, and rules of the courts to the same extent as any other attorney admitted to practice in the courts of this State;

7. *Pro hac vice* counsel shall be subject to the disciplinary jurisdiction of the Supreme Court of the State of Hawai'i;

8. *Pro hac vice* counsel shall remain in good standing with their respective state bars;

9. This Court or the Supreme Court of the State of Hawai'i may revoke the permission for the attorney to appear *pro hac vice*, or impose any other appropriate sanction, on *pro hac vice* counsel or Hawai'i counsel, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, or orders of the court;

10. Hawai'i counsel shall provide to the Hawai'i State Bar Association and the Office of Disciplinary Counsel, as set forth in Rule 1.9(e) of the Rules of the Supreme Court of the State of Hawai'i, a copy of this order allowing the appearance of counsel *pro hac vice* and shall notify the Hawai'i State Bar Association and the Office of Disciplinary Counsel when the case is

closed or this order granting *pro hac vice* admission is no longer valid;

11. Pro hac vice counsel shall, for each year this case is pending, pay the Hawaiʻi State Bar annual Disciplinary Board Fee, the Lawyers' Fund for Client Protection of the Hawai'i Supreme Court fee, and any associated administrative fees as required by Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i. Proof of payment is required to be filed with the court within 10 days after the entry of this order and in January of each subsequent year in which this case is pending. Failure to pay the required fees within 10 days after entry of this order, and in January of each subsequent year, will render this order void by operation of law;

12. Pro hac vice counsel shall abide by Hawai'i custom and practice, and shall abide by the Guidelines of Professional Courtesy and Civility for Hawai'i Lawyers (the "Guidelines"). Although the Guidelines state that they are "not mandatory rules of professional conduct," this order is specifically conditioned upon pro hac vice counsel complying with the Guidelines. The court may, for violations of Hawai'i law, the Hawai'i Rules of Professional Conduct, the Guidelines, or orders of the court including but not limited to this order, impose appropriate sanctions including but not limited to revocation of the pro hac vice admission;

13. Pro hac vice counsel shall have full knowledge of all Hawai'i substantive and procedural law applicable to any aspect of this case. Failure to possess such knowledge may be a basis for the imposition of discipline and sanctions, including but not limited to revocation of the pro hac vice admission; and

14. Within 10 days after entry of this order, *pro hac vice* counsel shall file in the record herein proof of payment to the Hawai'i State Bar Association of the annual Disciplinary Board Fee (and other associated fees) authorized by the Supreme Court of the State of Hawai'i. *Pro hac vice* counsel shall file in the record herein proof of such payment in January of each

subsequent year until the case is closed or this order granting *pro hac vice* admission is no longer valid.

   15. Local counsel shall be designated as agent for service of Hawaii disciplinary process in accordance with Rule 1.9 of the Rules of the Supreme Court of the State of Hawai'i.

DATED: Honolulu, Hawaii, April 15, 2025.

/s/ John M. Tonaki

JUDGE OF THE ABOVE-ENTITLED COURT

APPROVED AS TO FORM:

/s/ *Ilana Waxman*
ILANA K. WAXMAN
Attorney for Plaintiff
JANE DOE WHBE 3

/s/ *Kenneth K. Fukunaga*
KENNETH K. FUKUNAGA
DARA S. NAKAGAWA
Attorneys for Defendants
UBER TECHNOLOGIES, INC, and RAISER LLC

_____
JARED WASHKOWITZ
Attorney for Defendant
WILLIAM MURRAY

---

*Uber Technologies Inc., et. al. v. William Murray, et. al.; Jane Doe WHBE 3 v. Uber Technologies, Inc.*; Civil No 1CCV-21-0001121; 1CCV-24-0001560 (JMT); Circuit Court of the First Circuit, State of Hawaii; ORDER GRANTING (1) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF WALT CUBBERLTY, FILED FEBRUARY 18, 2025, and (2) PLAINTIFFS' MOTION FOR ADMISSION *PRO HAC VICE* OF MARGRET LECOKE, FILED FEBRUARY 18, 2025