# EXHIBIT 7

ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB <br><br> **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDNG ATTORNEYS' FEES** |
| This Document Relates to: <br><br> *WHB 3 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05061-CRB | Judge:     Hon. Charles R. Breyer <br> Date:      February 13, 2026 <br> Time:      10:00 a.m. <br> Courtroom: 6 – 17th Floor |

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1.  I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s ("Uber"), Rasier, LLC's ("Rasier"), and Rasier-CA, LLC's ("Rasier-CA") (collectively, "Defendants") Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Order to Show Cause Regarding Attorneys' Fees.

2.  I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of California, the Bar of the District of Columbia, and the Bar of the State of New York. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.  Plaintiff initially filed her lawsuit against Uber, Rasier, and Doe 1 in case no. CGC-220204649 on June 8, 2020, in California Superior Court ("California State Action"). Exhibit 1. Plaintiff initially identified Doe 1 as "William" in her California complaint and alleged that William assaulted her on January 13, 2020. *Id.* ¶¶ 9, 41. Later, "William" was identified as "William Murray" (hereinafter "Defendant Murray").

4.  Uber and Rasier brought a cross-complaint against Defendant Murray, then a citizen of Hawaii, in the California State Action. After the California court dismissed the cross-complaint for lack of personal jurisdiction over Defendant Murray, Uber and Rasier then filed an action in Hawaii state court on September 14, 2021, Civil No. 1CCV-21-0001121 ("Uber's Hawaii Case"), against Defendant Murray for contribution, indemnity, and a declaratory judgment.

5.  On January 23, 2023, the California Superior Court granted Uber and Rasier's motion to stay the California State Action based on a finding of *forum non conveniens*. Exhibit 2. The court reasoned, among other things, that Hawaii was a suitable alternative forum, and that Hawaii's interest in deciding Plaintiff's case was "substantially stronger than California's . . . ." *Id.* at 17. By order of February 28, 2023, the California Superior Court ruled that, subject to certain conditions, the stay would convert to an order of dismissal with prejudice. Plaintiff appealed the January 23, 2023, and

1  February 28, 2023, orders to the Court of Appeal of California, First District, Division Two ("Court
2  of Appeal"). The Court of Appeal affirmed the decision of the Superior Court. *Doe WHBE 3 v. Uber
3  Techs., Inc.*, 102 Cal. App. 5th 1135, 322 Cal. Rptr. 3d 505 (2024). Plaintiff next appealed to the
4  California Supreme Court, which *En Banc* denied the appeal and remitted the case on September 18,
5  2024.

6        6. On August 12, 2024, Plaintiff, through her counsel, including Walter Cubberly and
7  Margret Lecocke, filed a Short-Form Complaint in the MDL Court. Complaint, *WHB 3 v. Uber
8  Technologies, Inc., et al.*, No. 3:24-cv-05061-CRB, ECF No. 1 (N.D. Cal. August 12, 2024). Uber,
9  Rasier, and Rasier-CA were named as defendants. *Id.*

10        7. On October 30, 2024, Plaintiff filed case *Jane Doe WHBE 3 v. Uber Technologies,
11  Inc.*, 1CCV-24-0001560 ("Plaintiff's Hawaii Complaint") in the Circuit Court of the First Circuit,
12  State of Hawaii, against only Uber. Exhibit 3. Plaintiff's Hawaii Case and Uber's Hawaii Case were
13  later consolidated by the Hawaii Court. I refer herein to the consolidated Hawaii cases collectively as
14  the "Hawaii Action." I am counsel of record, admitted *pro hac vice*, for Defendants in the Hawaii
15  Action.

16        8. Since consolidation of the Hawaii cases, the parties in the Hawaii Action have
17  exchanged multiple rounds of written discovery; Plaintiff has served and amended her pretrial
18  statement; Uber has filed its responsive pretrial statement; and the Court has ruled on several motions,
19  including Uber's Motion to Extend Time to Substitute a Party, and multiple pro hac vice applications,
20  including those submitted by Walter Cubberly and Margret Lecocke, the same counsel that represents
21  Plaintiff in this MDL. Discovery remains ongoing in the Hawaii Action, and trial is currently
22  scheduled to begin on August 3, 2026.

23        9. Based on Defendants' counsel's review of the Complaint filed by Plaintiff in this MDL,
24  the relief Plaintiff seeks in the Hawaii Action is based on the same facts and the same or substantially
25  similar legal theories as those Plaintiff advances in this MDL.

26        10. Since Plaintiff filed her Short-Form Complaint in this Court, Defendants' counsel have
27  expended time and resources litigating and defending the matter. This work has included reviewing
28  and analyzing Plaintiff's initial and amended Plaintiff Fact Sheets ("PFS"), verifying ride data and

incident details, and coordinating with Uber personnel to prepare and serve Uber's Defendant Fact Sheet ("DFS") and multiple supplemental attachments in accordance with the Court's case management orders. Defendants have also identified and addressed deficiencies in Plaintiff's PFS responses, including the service of a formal deficiency notice on May 31, 2025, and subsequent follow-up submissions.

11. As a direct result of Plaintiff's decision to file duplicative cases asserting the same allegations in both this MDL and the Hawaii Action, Defendants have incurred unnecessary and/or duplicative attorneys' fees and costs. Defendants' counsel were compelled to research, draft, and prepare this Motion to Dismiss to prevent parallel litigation of identical claims in two courts. These fees and costs would not have been incurred but for Plaintiff's duplicative filings, which have imposed an undue and avoidable burden on Defendants and the Court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2025 in Los Angeles, California.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
      MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC