Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>   No. 23-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S ADMINISTRATIVE MOTION TO SEAL CERTAIN MATERIALS ATTACHED TO UBER'S OMNIBUS MOTIONS IN LIMINE**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL        Case No. 3:23-md-03084-CRB (LJC)

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5(f)(3), Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Administrative Motion ("Motion") to Seal Certain Materials Attached to Uber's Omnibus Motions in Limine. Uber has conferred with Plaintiffs, who do not oppose Uber's proposed redactions. *See* Declaration of Laura Vartain Horn in Support of the Administrative Motion to Seal, ¶ 2. For the reasons set forth herein, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following Exhibits[1]:

| Document | Description |
|---|---|
| Ex. 12 to Uber's Omnibus Motions In Limine | 2025.08.07 Hannah Nilles Deposition Exhibit 1855 |
| Ex. 13 to Uber's Omnibus Motions In Limine | CHECKR000891 |
| Ex. 14 to Uber's Omnibus Motions In Limine | CHECKR000894 |
| Ex. 15 to Uber's Omnibus Motions In Limine | CHECKR000742 |
| Ex. 20 to Uber's Omnibus Motions In Limine | UBER-MDL3084-DFS00159669 |
| Ex. 23 to Uber's Omnibus Motions In Limine. | UBER-MDL3084-DFS00003711 |
| Ex. 24 to Uber's Omnibus Motions In Limine | UBER-MDL3084-DFS00216657 |
| Ex. 26 to Uber's Omnibus Motions In Limine | UBER-MDL3084-DFS00159699 |

I.   **LEGAL STANDARD**

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception.

---

[1]   Uber is also seeking narrow conforming redactions to one page of Plaintiffs' *Daubert* brief (Fournier Decl. Ex. O).

*Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* Motions in limine are generally considered dispositive for purposes of a sealing motion. *E.g.*, *Doe v. Regents of Univ. of California*, No. 22-CV-1506 JLS (VET), 2025 WL 1115295, at *1 (S.D. Cal. Apr. 14, 2025); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case").[2]

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing'") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing").

---

[2] The Ninth Circuit provided the example of a motion in limine to admit statements in furtherance of a conspiracy, which it noted "will often spell out the very conspiracy alleged in a civil RICO complaint." *Id.* at 1099 n.5. Of course, some motions in limine may be more tangentially related to the merits of the case, particularly when the argument to exclude evidence is that it is irrelevant. Uber contends that its proposed redactions are appropriate under either the good cause or compelling reasons standard.

In addition, "[t]he Ninth Circuit has held that compelling reasons exist to keep personal information confidential to protect an individual's privacy interest." *Activision Publ'g, Inc. v. EngineOwning UG*, No. CV 2:22-CV-00051-MWF (JCX), 2023 WL 2347134, at *1 (C.D. Cal. Feb. 27, 2023) (finding compelling reasons to seal customers' personal information, including email addresses and account numbers); *Murphy v. Kavo Am. Corp.*, No. CV 11 0410 YGR, 2012 WL 1497489, at *1 (N.D. Cal. Apr. 27, 2012) ("Employees and former employees who are not parties to this litigation have privacy interests in their personnel information, and in other sensitive identifying information such as dates of birth.").

## II.   ARGUMENT

Uber has established a compelling interest in redacting the requested portions of the Exhibits as discussed below.

### A.   Exhibit 23

Exhibit 23 is a report generated from Uber's project management software, known as JIRA, that reveals the details of Uber's proprietary system for performing comprehensive investigations in response to incident reports related to Uber trips ("Investigative Procedures"). *See generally* Brown Decl. ¶¶ 3-8. Specifically, the document details the investigation undertaken by Uber in response to a non-party's incident complaint concerning the driver in the Jaylynn Dean case. This report reveals proprietary, highly confidential information regarding Uber's Investigative Procedures, including: Uber's investigative methodology and measures for evaluating reports; the type of information that is collected by Uber and how that information is analyzed and distilled during an investigation; and the process by which reports are characterized, assessed, and classified as a result of Uber's investigation thereof. *Id.*

Unsealing this document would result in competitive harm to Uber because Uber's main competitors could replicate Uber's Investigative Procedures, which Uber has invested significant human and financial capital to develop and operationalize. *Id.*; *see Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret

information, which if made public, would harm [party's] business by, e.g., allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"); *United States v. Rite Aid Corp.*, No. 2:12-CV-1699-KJM-EFB, 2019 WL 1923234, at *2 (E.D. Cal. Apr. 29, 2019) (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'… consisting primarily of the layout, organization, and content of [party's] internal computer system"); *id.* (compelling reasons existed to seal exhibit where public dissemination "'may allow Defendants' competitors to reap the benefit of the [content] without having to incur the costs associated with developing the[m]'") (citing *Esquivel v. Bank of Am., N.A.*, No. 2:12-CV-02502-GEB, 2015 WL 4224712, at *4 (E.D. Cal. July 10, 2015)). Moreover, revealing Uber's Investigative Procedures to the public could allow third-party users of the Uber app to undermine and exploit Uber's methodologies for investigating and deactivating riders and drivers, including through fraudulent activity, compromising safety to the detriment of users and drivers. *Ashcraft v. Welk Resort Grp. Corp.*, No. 2:16-cv-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections").

Although Uber seeks to seal this document in full, that is the least restrictive approach to protect Uber's Investigatory Procedures from disclosure. The manner in which the information is collected, laid out, and formatted in the JIRA Report is itself valuable and proprietary information. *See Rite Aid Corp.*, 2019 WL 1923234, at *2 (granting motion to seal "'detailed, non-public information' regarding [party's] 'internal data systems, processes, and practices,'… consisting primarily of the **layout, organization, and content** of [party's] internal computer system") (emphasis added).

The JCCP Court agreed that JIRA reports similar to Exhibit 23 should be maintained under seal. "The declaration of Greg Brown filed July 3, 2025 establishes an overriding interest in confidentiality [of] business information, Uber's investigatory records, that supports sealing the record…. Although Uber seeks to seal [the reports] in their entirety, no less restrictive means exist to achieve the overriding interest." Ex. I, JCCP Sealing Order at 9. The Court should similarly seal Exhibit 23 here.

### B. Exhibits 20, 23-24, 26.

Uber seeks to redact internal hyperlinks in Exhibits 20, 23-24, and 26. Redacting the hyperlinks is necessary to avoid any inadvertent access to Uber internal documents by unauthorized individuals, who could click on the link and accidentally be granted access by the internal Uber owners of the documents. Redaction of the hyperlinks here does not impair the public right of access, because the hyperlinks themselves do not reveal any substantive information and the documents to which they link are not part of the public record.

### C. Exhibits 12-15

Uber seeks to redact certain PII of Hassan Turay from Exhibits 12-15. The PII that Uber seeks to redact includes Mr. Turay's email address, phone number, birth date, the last four digits of his social security number, and partial driver's license number.[3] Redaction of such personally identifying information is appropriate under the compelling interest standard. *See Activision Publ'g, Inc.*, 2023 WL 2347134, at *1; *Murphy*, 2012 WL 1497489, at *1.

## III. CONCLUSION

Compelling reasons exist for the Court to seal and redact the Exhibits as described above. Uber therefore respectfully requests that the Court order that the redacted and sealed Exhibits be maintained on the docket under seal.

---

[3] Federal Rule of Civil Procedure 5.2 requires that birth dates and social security numbers be redacted, although it permits the year and the last four numbers of social security numbers to be unredacted. The 2007 Advisory Committee Notes further provide that "the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement—such as driver's license numbers and alien registration numbers—in a particular case."

DATED: December 16, 2025                Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC