UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**DECLARATION OF ROOPAL P. LUHANA IN SUPPORT OF PLAINTIFF'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF PLAINTIFF'S OMNIBUS MOTIONS IN LIMINE AND EXHIBITS** |

I, Roopal P. Luhana, declare:

1. I am a partner of Chaffin Luhana, LLP, an attorney licensed in the State of New York, and duly admitted to practice before this Court pro hac vice, representing Plaintiffs in the above caption action. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff's Administrative Motion to File Under Seal Portions of Plaintiff's Omnibus Motions In Limine and Exhibits.

2. I have reviewed Plaintiff's Omnibus Motions in Limine and Exhibits 1 and 2 to the Motions.

3. Plaintiff's Omnibus Motions contains information regarding the mental health history of Jaylynn Dean, intimate aspects of Jaylynn Dean's personal life, and past substance abuse by a third party.

4.      Exhibit 1 is excerpts of the deposition of Jaylynn Dean and contains the names of third parties, information regarding intimate aspects of Jaylynn Dean's personal life, information regarding the past medical and mental health history of Jaylynn Dean, and information regarding past substance abuse by a third party.

5.      Exhibit 2 is Excerpts of the deposition of Natasha Ramos, which contains information regarding the past medical and mental health history of a third party.

6.      The significant privacy concerns of Plaintiff and third parties outweigh any minimal public interest in disclosure of their identities or highly sensitive information. The public's interest in the case may be satisfied without revealing this information.

7.      The intimate aspects of Jaylynn Dean's personal life, the medical and mental health history of Jaylynn Dean and a third party, and the information regarding a third party's history of drug use are highly sensitive and typify the type of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel.

8.      The disclosure of personally identifiable and highly sensitive private information of Plaintiff and third parties would harm their legitimate privacy interests. Plaintiff's request is narrowly tailored to sealing only PII and sensitive personal information. There is no less restrictive alternative to sealing portions of the relevant materials that would protect the legitimate privacy interests of Plaintiff and third parties, as describing the information would reveal its contents.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 16, 2025 in Pittsburgh, Pennsylvania.

                                                      */s/ Roopal P. Luhana*
                                                        Roopal P. Luhana