# EXHIBIT 3

```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE NORTHERN DISTRICT OF CALIFORNIA
                   SAN FRANCISCO DIVISION

IN RE: UBER TECHNOLOGIES,     )
INC., PASSENGER SEXUAL        )   CASE NO. 3:23-MD-03084-CRB
ASSAULT LITIGATION            )


         ------------------------------------------

           SUPERIOR COURT FOR THE STATE OF CALIFORNIA
         COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION


COORDINATION PROCEEDINGS      )
SPECIAL TITLE (Rule 3.550)    )   CASE NO. CJC-21-005188
                              )
In re: Uber Rideshare Cases   )



         ------------------------------------------

                     HIGHLY CONFIDENTIAL

              ORAL AND VIDEOTAPED DEPOSITION OF

                       KAYLA WHALING

                     February 28, 2025


         ------------------------------------------
```

1  systems --

2         MS. ABRAMS:  Objection, nonresponsive.

3     Q.   (By Ms. Abrams)  One of your roles on the Uber

4  communications team was to kill stories about dangerous

5  drivers, correct?

6         MS. RUBIN:  Objection, form.

7     A.   No.  I think that's a mischaracterization.

8     Q.   (By Ms. Abrams)  Okay.  What -- what is

9  incorrect about that statement?

10    A.   We would talk to reporters and provide

11 information that -- that we knew for their story and --

12    Q.   But you would agree that one of your roles at

13 Uber was to keep Uber's name out of negative stories in

14 the press, correct?

15        MS. RUBIN:  Objection, form.

16    A.   Again, our role was to communicate with

17 reporters and address any questions that they had on a

18 specific story or case that they were looking at.

19        MS. ABRAMS:  Objection, nonresponsive.

20    Q.   (By Ms. Abrams)  And as part of communicating

21 with the press, you'd agree that one of your roles was

22 to keep Uber's name out of negative press stories,

23 correct?

24        MS. RUBIN:  Objection to form.

25    A.   Our role is to communicate and address

Kayla Whaling   Highly Confidential
February 28, 2025

```
 1   each other informed on different stories that we were
 2   dealing with.
 3       Q.   (By Ms. Abrams)  So, at a minimum, Tracey,
 4   Susan and you would receive these summaries and discuss
 5   them?
 6            MS. RUBIN:  Objection to form.
 7       A.   I don't remember discussing them, but I do --
 8   but we did keep each other informed on stories or
 9   inquiries that -- that would come in.
10       Q.   (By Ms. Abrams)  Okay.  And the purpose of
11   killing stories was to keep Uber out of negative press;
12   is that correct?
13            MS. RUBIN:  Objection to form.
14       A.   So some of these terms are just communications
15   terms.  And so what our role was here, was to work with
16   each reporter and explain, also correct accurate [sic]
17   information, and -- and keep track of specific inquiries
18   that were coming in.
19            MR. CUBBERLY:  Objection, nonresponsive;
20   move to strike.
21       Q.   (By Ms. Abrams)  The purpose of killing stories
22   was to keep Uber out of bad press, correct?
23            MS. RUBIN:  Objection to form.
24       A.   No, I don't agree with that statement.  We
25   would provide accurate information and push back on
```

1  things that might be inaccurate that the reporter was
2  asking about, which you can see in some of the -- the
3  work that -- saying that there was incorrect information
4  or there was something that happened off platform.  And
5  so we were providing accurate information back to the
6  reporter and then kept track of what the result was.
7       Q.   (By Ms. Abrams)  Okay.  Right under Tracey,
8  right -- on the West, it says:  We killed the story by
9  delaying confirmation.
10            Do you see that?
11       A.   I don't know where you are.
12       Q.   First page, right under Tracey, on the last
13  sentence before the bullet points.
14       A.   I see that written there.
15       Q.   So by delaying confirmation of information,
16  that -- when a reporter was reaching out to Uber, the
17  story didn't run; it was killed, correct?
18            MS. RUBIN:  Objection to form.
19       A.   Well, I'm not Tracey.
20       Q.   (By Ms. Abrams)  Okay.  Well --
21       A.   And that wouldn't --
22       Q.   -- you reviewed this, correct?
23            MS. RUBIN:  Objection to form.
24       A.   I kept track of my own region.
25       Q.   (By Ms. Abrams)  Did you ever discuss with

```
 1              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF CALIFORNIA
 2                     SAN FRANCISCO DIVISION

 3     IN RE: UBER TECHNOLOGIES,    )

 4     INC., PASSENGER SEXUAL       )   CASE NO. 3:23-MD-03084-CRB

 5     ASSAULT LITIGATION           )

 6

 7     ----------------------------------------------

 8          SUPERIOR COURT OF THE STATE OF CALIFORNIA
         COUNTY OF SAN FRANCISCO - UNLIMITED JURISDICTION
 9

10     COORDINATION PROCEEDINGS     )

11     SPECIAL TITLE (Rule 3.550)   )   CASE NO. CJC-21-005188

12                                  )

13     In re: Uber Rideshare Cases  )

14

15                 REPORTER'S CERTIFICATION OF THE

16                ORAL AND VIDEOTAPED DEPOSITION OF

17                           KAYLA WHALING

18                         February 28, 2025

19           I, Jamie K. Israelow, a Certified Shorthand

20   Reporter duly commissioned and qualified in and for the

21   State of Texas, Registered Merit Reporter and Certified

22   Realtime Reporter, do hereby certify to the following:

23           That the witness, KAYLA WHALING, was duly

24   sworn by the officer and that the transcript of the oral

25   deposition is a true record of the testimony given by
```

1  the witness:

2         That the original transcript was delivered to
3  Rachel Adams, Esq.

4         That a copy of the certificate was served on
5  all parties and/or the witness shown herein on
6  _____.

7         I further certify that pursuant to FRCP Rule
8  30(f)(1) that the signature of the deponent:

9         _X_ was requested by the deponent or a party
10 before the completion of the deposition and that
11 signature is to be before any notary public and returned
12 within 30 days from date of receipt of the transcript.
13 If returned, the attached Changes and Signature Page
14 contains any changes and the reasons therefor;

15        ___ was not requested by the deponent or a
16 party before the completion of the deposition.

17        I further certify that I am neither attorney
18 or counsel for, nor related to or employed by any of the
19 parties to the action in which this deposition is taken,
20 and further that I am not a relative or employee of any
21 attorney or counsel employed by the parties hereto, or
22 financially interested in the action.

23       That the amount of time used by each party at the
24 deposition is as follows:
             Rachel Adams, Esq. - 6:49
25           Sara Craig, Esq. - 0:00

```
 1              Tiffany R. Ellis, Esq. 0:00
                Beth Wilkins, Esq. - 0:00
 2              Layne Hilton, Esq. 0:00
                Walt Cummberly, Esq. - 0:02
 3              Brian Abramson, Esq. - 0:00
                Jacqueline P. Rubin, Esq. - 0:00
 4

 5              That pursuant to information given to the

 6    deposition officer at the time said testimony was taken,

 7    the following includes counsel for all parties of

 8    record:

 9              Rachel Adams, Esq., Sara Craig, Esq. and
      Tiffany R. Ellis, Esq., Attorney for Plaintiffs.
10
                Beth Wilkins, Esq., Layne Hilton, Esq. and
11    Steve Rotman, Esq., Attorney for MDL Plaintiffs.

12              Walt Cummberly, Esq. and Brian Abramson, Esq.,
      Attorneys for Defendant MDL AND JCCP PLAINTIFFS.
13
                Jacqueline P. Rubin, Esq., and Elizabeth
14    Brandt, Esq., Attorney for Defendants.

15              CERTIFIED TO BY ME on this 13th day of March,
      2025.
16

17                   _____
18                   Jamie K. Israelow, CSR, RMR, CRR
                     Texas CSR 3801
19                   Expiration Date:  4/30/2025
                     US LEGAL SUPPORT, INC.
20                   Firm Registration No. 122
                     16825 Northchase Drive, Suite 900
21                   Houston, Texas  77060
                     713.653.7100
22

23

24

25
```