# EXHIBIT 6

```
 1        SUPERIOR COURT FOR THE STATE OF CALIFORNIA
               COUNTY OF SAN FRANCISCO
 2

 3                                 )
   IN RE UBER RIDESHARE CASES      ) No. CJC-21-005188
 4                                 )

 5

 6
                           -AND-
 7

 8

 9       IN THE UNITED STATES DISTRICT COURT
            NORTHERN DISTRICT OF CALIFORNIA
10               SAN FRANCISCO DIVISION

11

12  IN RE:  UBER TECHNOLOGIES, INC.,   )
    PASSENGER SEXUAL ASSAULT           )No. 3:23-md-03084-CRB
13  LITIGATION                         )

14

15

16
            HIGHLY CONFIDENTIAL PROCEEDINGS
17
             PURSUANT TO PROTECTIVE ORDER
18
             VALERIE SHUPING - VOLUME 1
19                 April 17, 2025

20

21

22

23

24
```

```
 1       Q.      The subject line is, Adjudication
 2   process for sexual misconduct - inappropriate
 3   comments.
 4               Do you see that?
 5       A.      Yes.
 6       Q.      All right.  And if I can direct you to
 7   the second page of the document where your email
 8   starts on Tuesday, February 13th.
 9               Do you see that?
10       A.      Where it starts, yes.
11       Q.      It's on the second page?
12       A.      Oh, okay.  Sure.
13       Q.      You write, Hi, Matt and Avi.  I've
14   spoken to you both about this separately, but I'd
15   like to revisit our current practice of running a
16   three-strike process for sexual misconduct,
17   inappropriate comments, non-explicit, and a
18   two-strike process for sexual misconduct,
19   inappropriate comments, explicit, in parallel with
20   our unified IPC standard.
21               Do you see that?
22       A.      Yes.
23       Q.      All right.  What is the three-strike
24   process for sexual misconduct, inappropriate
```

```
 1   comments?
 2        A.    This is referring to an older taxonomy,
 3   and we would kind of identify sexual misconduct
 4   under the comments as explicit versus
 5   non-explicit.  And at the time, we had a
 6   three-strike policy for sexual misconduct,
 7   inappropriate comments, non-explicit, and two
 8   strikes for explicit.  And that means how many
 9   incidents before deactivation.
10        Q.    So a three-strike or a two-strike
11   process refers to how many reports of that type of
12   incident would need to happen before a driver is
13   deactivated?
14        A.    That's right.
15        Q.    Okay.  Avi replies to you and he says,
16   Hi, Valerie.  Thanks for summarizing this.  This
17   is the first time I'm hearing of these two
18   policies.
19              Do you see that?
20        A.    Yes.
21        Q.    At this point in time -- I just want to
22   clarify the timeline.  You said that this referred
23   to an older taxonomy.
24              And are you saying that as of 2018,
```

```
 1   that the three strikes was an older taxonomy, or
 2   as of today, it's an older taxonomy?
 3        A.    I meant as of today.
 4        Q.    Okay.
 5        A.    This was the taxonomy, I think, at the
 6   time.
 7        Q.    Okay.  And then Matt Baker replies and
 8   says, These sexual misconduct deactivations have
 9   always been run outside of DACT and were never
10   moved over to that system.
11              So is DACT referring to deactivation?
12              MS. PHILLIPS:  Object to form.
13              Go ahead.
14              THE WITNESS:  DACT -- we called it DACT
15        for short -- is the program that we had where
16        deactivations would be automatically flagged.
17              So Avi was the global owner of
18        that kind of internal product at the time,
19        and so the conversation here is talking about
20        whether these two policies are included
21        within that system or managed outside of it.
22   BY MS. CUTTER:
23        Q.    Why were sexual misconduct
24   deactivations run outside of that program?
```

```
 1   STATE OF ILLINOIS  )
 2                      )  SS:
 3   COUNTY OF C O O K  )
 4
 5
 6             I, Michelle A. Duzan, CSR No.
 7   084-004270, a Notary Public within and for the
 8   County of Cook, State of Illinois, and a Certified
 9   Shorthand Reporter of said state, do hereby
10   certify:
11             That previous to the commencement of
12   the examination of the witness, the witness was
13   duly sworn to testify the whole truth concerning
14   the matters herein;
15             That the foregoing deposition
16   transcript was reported stenographically by me, was
17   thereafter reduced to typewriting under my personal
18   direction and constitutes a true record of the
19   testimony given and the proceedings had;
20             That the said deposition was taken
21   before me at the time and place specified;
22             That I am not a relative or employee or
23   attorney or counsel, nor a relative or employee of
24   such attorney or counsel for any of the parties
```

```
 1   hereto, nor interested directly or indirectly in
 2   the outcome of this action.
 3             IN WITNESS WHEREOF, I do hereunto set
 4   my hand and affix my seal of office at Orland Park,
 5   Illinois, this 21st day of April, 2025.
 6
 7
 8
                    [Signature: Michelle Duzan]
 9             _____
10             Notary Public, Cook County, Illinois.
11             My commission expires 11/01/27.
12
13             Michelle A. Duzan, CSR, RMR, CRR
14             CSR No. 084-004270
15
16
17
18
19
20
21
22
23
24
```