[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND OMNIBUS MOTIONS IN LIMINE** |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Judge: Honorable Charles R. Breyer<br>Date:  January 6, 2026<br>Time:  10:00 A.M. PT<br>Ctrm.:  6-17th Floor |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE that on January 6, 2026, at 10:00 a.m., before the Honorable Charles R. Breyer, Plaintiff will and hereby does, move for an order granting Plaintiff's motions in limine as described herein.

# **Table of Contents**

LEGAL STANDARD ................................................................................................................. 1

ARGUMENT ............................................................................................................................. 1

   I.    Plaintiff's Motion in Limine No. 1: Exclude Argument or Evidence on the Absence of Criminal Charges, Prosecution, or Conviction of Plaintiff's Uber Driver............................ 1

   II.    Plaintiff's Motion in Limine No. 2: Exclude Argument or Evidence Regarding ████ .................................. 3

   III.    Plaintiff's Motion in Limine No. 3: Exclude Argument or Evidence Related to Plaintiff's Sexual History............................................................................................... 4

   IV.    Plaintiff's Motion in Limine No. 4: Exclude Argument or Evidence Regarding Irrelevant and Unduly Prejudicial Aspects of Plaintiff's Personal Life............................... 5

   V.    Plaintiff's Motion in Limine No. 5: Exclude Argument or Evidence of Plaintiff's Post-Incident Rideshare Use. .......................................................................................... 6

   VI.    Plaintiff's Motion in Limine No. 6: Exclude Argument or Evidence Based on ████ ████ ................................... 7

   VII.    Plaintiff's Motion in Limine No. 7: Exclude Argument or Evidence Referencing Non-Material Amendments to Plaintiff Dean's Plaintiff Fact Sheet. ....................................... 8

   VIII.    Plaintiff's Motion in Limine No. 8: Exclude Untimely or Non-Produced Evidence. ..... 9

   IX.    Plaintiffs' Motion in Limine No. 9: Exclude Argument or Evidence Regarding Contingency Fees, Attorney Advertising, or "Attorney-Driven" Litigation............................. 11

   X.    Plaintiff's Motion in Limine No. 10: Exclude Argument or Evidence Concerning the Personal Use of Uber by Counsel, Witnesses, or Their Family or Friends. ............................ 13

   XI.    Plaintiff's Motion in Limine No. 11: Exclude Argument or Evidence That Uber Was Legally Prohibited or Constrained From Implementing Safety Measures................................ 14

   XII.    Plaintiff's Motion in Limine No. 12: Exclude Argument or Evidence of Non-Profit Endorsements of Uber's Safety Data or Policies Related to Sexual Assault............................ 17

   XIII.    Plaintiff's Motion in Limine No. 13: Exclude Argument or Testimony Regarding "Low" or "Rare" Prevalence of Sexual Violence on Uber's Platform Compared to Society in General or Other Forms of Transportation or Other Irrelevant. Scenarios. ............................ 18

   XIV.    Plaintiff's Motion in Limine No. 14: Exclude Argument or Evidence that Uber has Helped Reduce Drunk Driving Rates................................................................................ 21

   XV.    Plaintiff's Motion in Limine No. 15: Exclude Argument or Evidence that Uber Drivers Are Safer Drivers than the Average Driver............................................................... 22

   XVI.    Plaintiff's Motion in Limine No. 16: Exclude Argument or Evidence that Uber Drivers Prefer the Independent Contractor Model.......................................................... 23

CONCLUSION ......................................................................................................................... 24

## Table of Authorities

### CASES

*Aumand v. Dartmouth Hitchcock Med. Ctr.*, 611 F. Supp. 2d 78 (D.N.H. 2009)........................... 9

*Bittaker v. Woodford*, 331 F.3d 715 (9th Cir. 2003) .................................................................. 15

*Castro v. County of Los Angeles*, 2015 WL 4694070 (C.D. Cal Aug. 3, 2015) ............................ 2

*Chalco v. Belair*, 2019 WL 456162 (D. Conn. Feb. 5, 2019) ........................................................ 2

*Chevron Corp. v. Pennzoil Co.*, 974 F.2d 1156 (9th Cir.1992) ................................................... 15

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060 (9th Cir. 2017) ........................................ 1

*Clark v. City of Tucson*, 2010 WL 11515475 (D. Az. Nov. 1, 2010) ............................................. 2

*Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001) ............................................................................................................................... 15

*Dubey v. Concentric Healthcare*, 2025 WL 2480927 (D. Az. Aug. 28, 2025) .............................. 1

*Freeman v. Astrue*, 405 Fed. Appx. 148 (9th Cir. 2010) .............................................................. 8

*Gomez v. Am. Med. Sys. Inc.*, 2021 WL 12313068 (D. Az. June 17, 2021) ................................. 22

*Heath v. Cast*, 813 F.2d 254 (9th Cir. 1987) ............................................................................... 2

*In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL 2095829 (D. Az. May 3, 2018) ................... 12

*In re Ford Motor Co. DPS6 Prods. Liab. Litig.*, 2019 WL 7171542 (C.D. Cal. Oct. 31, 2019)... 12

*In re Lidoderm Antitrust Litig.*, 2016 WL 4191612 (N.D. Cal. 2016) ......................................... 16

*In re Xyrem Antitrust Litig.*, 2025 WL 860505 (N.D. Cal. Mar. 19, 2025) ................................. 16

*In re Yasmin*, 09-cv-10012 (09-md-2100-DRH-MDL 2100), Doc. No. 262 (Phila. Ct. Cmn. Pleas., Mass Torts Div. Dec. 22, 2011)....................................................................................... 13

*In re: Tylenol (Acetaminophen) Marketing*, 2016 WL 3125428 (E.D. Pa. June 3, 2016) ............ 13

*Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D 677 (N.D. Cal. 2015).................................. 10

*Kaiser Found. Health Plan, Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033 (9th Cir. 2009)................ 15

*Liberal v. Estrada*, 2011 WL 3956068 (N.D. Cal. Sept. 7, 2011) ................................................. 7

*Madrigal v. Allstate Indem. Co.*, 2015 WL 12748277 (C.D. Cal. Nov. 5, 2015) ......................... 15

*McCarrell v. Hoffman-LaRoche, Inc. and Roche Labs., Inc.*, ATL-L-1951-03-MT (N.J. Law Div. Apr. 17, 2007) .......................................................................................................................... 13

*Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875 (8th Cir. 1998) ........................................................ 5

*O'Connor v. Uber Techs, Inc.*, 82 F. Supp. 3d 1133 (N.D. Cal. 2015) ....................................... 23

*R & R Sails, Inc. v. Ins. Co. of Pennsylvania*, 673 F.3d 1240 (9th Cir. 2012)............................. 14

*Ramachandran v. City of Los Altos*, 2022 WL 316679 (N.D. Cal. Feb. 2, 2022) ......................... 3

*Rawcar Grp., LLC v. Grace Med., Inc.*, 2014 WL 12199979 (S.D. Cal. Oct. 21, 2014) .............. 16

*Rivera v. Ford Motor Co.*, 2020 WL 4001914 (C.D. Cal. Mar. 12, 2020) ................................... 12

*Rodriguez v. Google LLC*, 2025 WL 2237720 (N.D. Cal. Aug. 6, 2025) ..................................... 12

*Roguz v. Walsh*, 2013 WL 1498126 (D. Conn. Apr. 5, 2013) ...................................................... 2

*S.M. v. J.K.*, 262 F.3d 914 (9th Cir. 2001) ................................................................................... 5

*Shenwick v. Twitter, Inc.*, 2021 WL 1232451 (N.D. Cal. Mar. 31, 2021) ................................... 16

*Spencer v. McDonald*, 705 Fed. Appx. 386, 388 (6th Cir. 2017) ................................................ 2

*Tobeler v. Colvin*, 749 F.3d 830 (9th Cir. 2014)............................................................................ 3

*U.S. v. Bracy*, 2022 WL 17801133 (E.D.N.Y. Dec. 19, 2022) ..................................................... 2

*U.S. v. Brown*, 2018 WL 1903121 (D. Nev. Apr. 19, 2018).......................................................... 4

*U.S. v. Heller*, 551 F.3d 1108 (9th Cir. 2009).............................................................................. 1

*U.S. v. Holguin*, 51 F.4th 841 (9th Cir. 2022).............................................................................. 20

*U.S. v. Porter*, 562 F. Supp. 3d 1162 (E.D. Cal. 2022)............................................................... 4

### RULES

Fed. R. Evid. 401 ............................................................................................. 1, 7, 13, 21

Fed. R. Evid. 402 ..................................................................................................... 1, 4

Fed. R. Evid. 403 ............................................................................................. 1, 4, 9, 18

Fed. R. Evid. 404(a) .................................................................................................... 5

Fed. R. Evid. 404(b)(1) ................................................................................................ 5

Fed. R. Evid. 412 Advisory Comm. Notes ....................................................................... 4

Fed. R. Evid. 412(a) .................................................................................................... 4

i

Fed. R. Evid. 412(b)(2) ........................................................................................ 4
Fed. R. Evid. 412(c) ............................................................................................. 4
Fed. R. Evid. 602 .............................................................................................. 20
Fed. R. Evid. 609 ................................................................................................. 6
Fed. R. Evid. 701 ................................................................................................. 3
Fed. R. Evid. 702 .............................................................................................. 18
Fed. R. Evid. 801(c) .......................................................................................... 18
Fed. R. Evid. 802 .............................................................................................. 18

**LEGAL STANDARD**

Motions in limine are a "procedural mechanism to limit in advance testimony or evidence in a particular area." *U.S. v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Like other pretrial motions, motions in limine are "useful tools to resolve issues which would otherwise clutter up the trial." *City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1070 (9th Cir. 2017).

Evidence must be relevant. Fed. R. Evid. 402. Evidence is relevant if it "has any tendency to make a fact more or less probable than it would be without the evidence" and "the fact is of consequence in determining the action." Fed. R. Evid. 401. The Court may exclude relevant evidence "if its probative value is substantially outweighed by a danger of … unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "The party offering the evidence and testimony at trial bears the burden of proof that it is relevant under Rule 401 and not prejudicial under Rule 403." *Dubey v. Concentric Healthcare*, 2025 WL 2480927, at *2 (D. Az. Aug. 28, 2025).

**ARGUMENT**

I.      **Plaintiff's Motion in Limine No. 1: Exclude Argument or Evidence on the Absence of Criminal Charges, Prosecution, or Conviction of Plaintiff's Uber Driver.**

Plaintiff moves to exclude any evidence, testimony, or argument that Hassan Turay, her Uber driver, was not arrested, charged, prosecuted, convicted, or that a criminal investigation was closed without charges.

Facts about criminal proceedings have no bearing on Plaintiff's civil claims against Uber. Criminal standards (beyond a reasonable doubt) differ from those governing civil liability (preponderance of the evidence). A prosecutor's decision to charge—or not charge—reflects considerations distinct from whether Plaintiff can meet the civil standard of proof. The absence of a criminal charge does not tend to prove or disprove, for example, Uber's breach of duty, foreseeability, or failure to act reasonably in preventing Plaintiff's sexual assault. Nor does it prove or disprove whether Turay sexually assaulted Plaintiff. Permitting Uber to reference the outcome or status of a criminal investigation would improperly invite jurors to conflate the separate standards in criminal and civil cases and give undue weight to prosecutorial decisions

1

1   that have nothing to do Uber's civil liability in this case. Further, allowing Uber to emphasize that

2   a driver was "never charged" or "never convicted" would chill survivors' willingness to seek civil

3   redress and undermine the integrity of the civil justice process.

4        Judge Schulman excluded such evidence in the related Uber JCCP trial. *See In re Uber*

5   *Rideshare Cases*, JCCP, Superior Court, Case No. CJC-21-005188, at 18 (Aug. 29, 2025), Ex. 1,

6   attached to 12/16/25 Declaration of Roopal P. Luhana, Esq. ("Luhana Decl.")[1]. This Court should

7   do the same. *See, e.g., Heath v. Cast*, 813 F.2d 254, 260 (9th Cir. 1987)(evidence related to

8   dismissal of criminal charges is "more prejudicial than probative" of civil claims); *Castro v.*

9   *County of Los Angeles*, 2015 WL 4694070, at *1 (C.D. Cal Aug. 3, 2015)(excluding evidence of

10  lack of criminal charges because "the standard of proof in the instant civil case diverges

11  substantially from [] the standard required to bring criminal charges against an individual, [so]

12  any probative value of the aforementioned evidence is substantially outweighed by the risk of

13  unfair prejudice."); *Clark v. City of Tucson*, 2010 WL 11515475, at *8 (D. Az. Nov. 1,

14  2010)(excluding evidence of criminal charges in civil case because "the jury may give undue

15  weight to the fact that charges were filed [][,] such evidence would confuse the jury given that

16  Plaintiff is not on trial on those charges in this action. Any probative value derived from the

17  charges is substantially outweighed by unfair prejudice to Plaintiff [].").[2]

18

19

---

20  [1] All exhibits are attached to the Luhana Declaration.

21  [2] *See also Spencer v. McDonald*, 705 Fed. Appx. 386, 388, 390-91 (6th Cir. 2017)(affirming
    exclusion of evidence of sexual assault investigation that did not result in criminal charges,

22  finding it irrelevant and unduly prejudicial); *Chalco v. Belair*, 2019 WL 456162, at *5-6 (D.
    Conn. Feb. 5, 2019)(excluding evidence of defendant's arrest and subsequent criminal acquittal:

23  "[n]either the probable cause nor reasonable doubt standard is relevant here. The arrest and
    acquittal are not only irrelevant they would not aid the jury because they are based on different

24  factual, legal and procedural standards. [] If the Court admitted this evidence, it would have to
    explain these differences to the jury. This would not only unjustifiably confuse the issues and

25  likely mislead the jury, but it would be a waste of time."); *U.S. v. Bracy*, 2022 WL 17801133, at
    *8 (E.D.N.Y. Dec. 19, 2022)("[defendant] does not have evidence of an acquittal—and evidence

26  of charges that were dropped for unknown reasons is even less relevant than an acquittal. The fact
    that the state charges were dismissed is hearsay and is not relevant to [defendant]'s culpability [in

27  the instant action]"); *Roguz v. Walsh*, 2013 WL 1498126, at *10 (D. Conn. Apr. 5, 2013)("arrest

28  and prosecution have little probative value" to civil case).

1    Further, introducing the subject of criminal proceedings would likely spawn a collateral

2 "mini-trial" necessitating testimony from law enforcement officers or legal experts regarding

3 prosecutorial discretion and resources—factors that often dictate decisions in criminal

4 proceedings. These issues would waste time and confuse the jury.

5    **II.    Plaintiff's Motion in Limine No. 2: Exclude Argument or Evidence Regarding**

6 ██████████████████████████████████████

7    Plaintiff moves to exclude any evidence, testimony, or argument related to Plaintiff's

speculation regarding ████████████████████████████████

8 ████████████████████████████████████████

9 ████████████████████████████████████████

10 ████████████████████████████████████████

11 ████████████████████████

12 ████████████████████████████████████████

13 ████████████████████████████████████████

14 ████████████████████████████████████████

15 ████████████████████████ Fed. R. Evid. 701 limits lay testimony to that which is

16 (1) "rationally based on the witness's perception," (2) "helpful to clearly understanding the

17 witness's testimony or to determining a fact in issue," and (3) "not based on scientific, technical,

18 or other specialized knowledge within the scope of Rule 702." Courts consistently hold that

19 medical diagnoses fall outside the scope of Rule 701 because they require expert testimony and

20 are an improper subject for lay witnesses. *See Ramachandran v. City of Los Altos*, 2022 WL

21 316679, at *5 (N.D. Cal. Feb. 2, 2022)("[plaintiff] and other lay witnesses also may not testify

22 regarding any diagnoses he has received" because "[l]ay witness testimony is incompetent when

23 it consists of a medical diagnosis, because medical diagnoses are beyond the competence of lay

24 witnesses to make")(quoting *Tobeler v. Colvin*, 749 F.3d 830, 833 (9th Cir. 2014)).

25 ████████████████████████████████████████

26 ████████████████████████████████████████

27 ████████████████████████████████████. Whatever

28 probative value Plaintiff's testimony on this point might have (and there is none) is far

1   outweighed by the unfair prejudice and confusion it would cause. *See* Fed. R. Evid. 402 and 403;

2   *see also U.S. v. Brown*, 2018 WL 1903121, at *3 (D. Nev. Apr. 19, 2018)("[C]ertain stigmas

3   attach to any mental illness labeling," making "the low probative value of layperson testimony

4   regarding a mental illness evaluation [] substantially outweighed by [] unfair prejudice … under

5   Rule 403.").

6   **III.    Plaintiff's Motion in Limine No. 3: Exclude Argument or Evidence Related to
          Plaintiff's Sexual History.**

7

8   Plaintiff moves to exclude argument or evidence related to Plaintiff's sexual history.[3] Rule

9   412 broadly prohibits evidence offered to prove: (1) "that a victim engaged in other sexual

10  behavior" or (2) "a victim's sexual predisposition." Fed. R. Evid. 412(a). This rule protects sexual

11  assault survivors from embarrassment, bias, and sexual stereotyping that inevitably accompany

12  public disclosure of intimate sexual details. *See* Fed. R. Evid.  412 Advisory Comm. Notes

13  (principal purpose is "to safeguard the alleged victim against the invasion of privacy, potential

14  embarrassment and sexual stereotyping").

15  "Sexual behavior" under Rule 412 includes all activities involving physical sexual

16  contact, such as sexual intercourse or touching, while "sexual predisposition" covers evidence

17  with a sexual connotation that does not refer directly to physical activity. *See U.S. v. Porter*, 562

18  F. Supp. 3d 1162, 1173 (E.D. Cal. 2022); Fed. R. Evid. 412 Advisory Comm. Notes. To introduce

19  evidence related to sexual behavior or predisposition, the proponent must meet a heightened

20  standard showing the "probative value substantially outweighs the danger of harm to any victim

21  and of unfair prejudice to any party." Fed. R. Evid. 412(b)(2). The Rule also imposes strict

22  procedural requirements — a written motion, filed in advance, that specifically describes the

23  evidence and states its intended purpose. Fed. R. Evid. 412(c).

24

25

26

27

28

---

[3] Plaintiff is not moving to exclude her sexual activity on the night she was raped.

1  ████████████████████ These questions and the evidence they seek to elicit fall squarely

2  within the protections of Rule 412. *See, e.g.*, *S.M. v. J.K.*, 262 F.3d 914, 919 (9th Cir. 2001),

3  amended, 315 F.3d 1058 (9th Cir. 2003)(quoting 124 Cong. Rec. H11944 (daily ed. Oct. 10,

4  1978))("excluding prior instances of sexual assault, in addition to prior accusations" serves Rule

5  412's "principal purpose…to protect rape victims from the degrading and embarrassing

6  disclosure of intimate details about their private lives."). Therefore, if Uber intends to offer such

7  evidence, it must comply with Rule 412(c)'s procedural requirements of filing a motion that

8  details the evidence and the purposes for its introduction. It has not done so.

9       To the extent Uber attempts to offer such evidence outside of Rule 412, such an attempt

10 fails scrutiny under Rule 403 and Rule 404.[4] The only foreseeable effect of the evidence is to

11 embarrass Plaintiff, trigger improper juror bias, and divert the jury to inflammatory, irrelevant,

12 and confusing issues, including suggestions that ████████████████████████

13 ██████████████████ Such evidence should be excluded. *See, e.g.*, *U.S. v. Barrett*, 2023 WL

14 7528606, at *4 (E.D. Cal. Nov. 13, 2023) ("[t]he fact that a sexual assault victim has previously

15 accused others of assault is only relevant insofar as it can be shown convincingly that the other

16 charge was false"; admission also depends on the prior incident's similarity to the assault at issue;

17 absent such a showing, admitting such evidence would waste time, confuse the jury, and

18 needlessly embarrass the victim); *see also Nichols v. Am. Nat. Ins. Co.*, 154 F.3d 875, 886 (8th

19 Cir. 1998) ("[i]nforming the jury that [plaintiff] had had an abortion present[s] the danger of

20 provoking the fierce emotional reaction that is engendered in many people when the subject of

21 abortion surfaces in any manner.").

22 **IV.    Plaintiff's Motion in Limine No. 4:** Exclude Argument or Evidence Regarding
        Irrelevant and Unduly Prejudicial Aspects of Plaintiff's Personal Life.

23

24       Plaintiff moves to exclude any evidence, testimony, or argument regarding irrelevant and

25 unduly prejudicial aspects of Plaintiff's personal life, including issues and events related to any

---

26 [4] Fed. R. Evid. 404 states "[e]vidence of a person's character or character trait is not admissible to
prove that on a particular occasion the person acted in accordance with the character or trait."
27 Fed. R. Evid. 404(a). Further, evidence of "any other crime, wrong, or act is not admissible to
prove a person's character in order to show that on a particular occasion the person acted in
28 accordance with the character." Fed. R. Evid. 404(b)(1).

1   familial disposes, ███████████████████ and her parents' past criminal

2   convictions.

3        *First*, Plaintiff testified that ████████████████████████

4   ████████████████████████████████████████████

5   ████████████████████████████████████████████

6   ████████████████████████████████████████████

7   █████████████████████

8        *Second*, Mrs. Ramos testified to convictions in 2004 and 2011—neither involving

9   dishonesty or false statements. *See* N. Ramos Dep.at 33:3-25, 34:3-36:5. Uber also questioned

10  Mrs. and Mr. Ramos regarding a 2011 incident where a neighbor called the police related to an

11  alleged assault. *See* N. Ramos Dep. at 142:21-14. Mr. Ramos testified he was criminally charged

12  for the incident and pleaded no contest. *See* 8/26/25 Dep. of O. Ramos ("O. Ramos Dep.") at

13  106:2-107:4, Ex. 4. These convictions are all over ten years old and do not involve dishonesty or

14  false statements. *See* Fed. R. Evid. 609; *U.S. v. Lane*, 708 F.2d 1394, 1398 (9th Cir. 1983)

15  (impeachment not permitted under FRE 609(a) unless conviction involved "dishonesty or false

16  statement").

17       Whatever marginal probative value this criminal history—██████████████████

18  ████████ could have is vastly outweighed by the significant risk of unfair prejudice, stigma, and

19  embarrassment to Plaintiff and her family. *See U.S. v. Kizer*, 569 F.2d 504, 506 (9th Cir.

20  1978)("there is widespread recognition that drug addiction is an issue fraught with potential

21  prejudice[.]"). There is no evidence that these issues caused or contributed to any mental health

22  issue or emotional trauma Plaintiff suffers from today due to the sexual assault. These issues

23  should be excluded.

24  **V.    Plaintiff's Motion in Limine No. 5: Exclude Argument or Evidence of Plaintiff's
25            Post-Incident Rideshare Use.**

26       Plaintiff moves to exclude any evidence, argument, or testimony regarding her post-

27  incident use of Uber, Lyft, other rideshare services. After the subject sexual assault, Plaintiff

28  went in an Uber approximately three times with friends. *See, e.g.*, Dean Dep. at 185:5-14, 189:11-

16. Plaintiff's irrelevant use of rideshare services does not speak to whether the assault occurred, the severity of that assault, or her resulting damages. Fed. R. Evid. 401. The only conceivable purpose to introduce such evidence is to suggest—improperly—that Plaintiff's decision to use a rideshare again indicates exaggeration or falsification of the assault or her injuries. Such insinuations would be misleading and unduly prejudicial under Rule 403. For these reasons, Judge Schulman excluded the plaintiff's post-incident rideshare use in the JCCP bellwether case. *See* Ex. 1. This Court should do the same.

VI.     **Plaintiff's Motion in Limine No. 6:** Exclude Argument or Evidence Based on

Plaintiff intends to introduce evidence that, at the time Plaintiff was sexually assaulted by driver Turay,

This evidence is irrelevant and confusing and would cause extreme unfair prejudice to Plaintiff.

*First,*

*See Rivera Martinez v. GEO Grp.*, 2020 WL 2496064, at *9 (C.D. Cal. Jan. 23, 2020)(excluding post-lawsuit investigation report on other incidents issued eleven months after lawsuit was filed); *Liberal v. Estrada*, 2011 WL 3956068, at *3 (N.D. Cal. Sept. 7, 2011)(excluding evidence of knowledge gained after incident).

*Second,*

1   [REDACTED]. *See*

2   *Freeman v. Astrue,* 405 Fed. Appx. 148, 151 (9th Cir. 2010)(affirming trial court's exclusion of

3   evidence to avoid mini-trials on topics not germane); *Vasquez v. City of Long Beach*, 2016 WL

4   9114912, at *3 (C.D. Cal. April 19, 2016)(excluding evidence of other incidents).

5   Moreover, [REDACTED]

6   [REDACTED]

7   [REDACTED]

8   [REDACTED]

9   Further, Uber never raised Jennifer's purported "support abuse" in the subject DFS or in

10  any discovery responses. Instead, Uber disclosed for the first time—at a Rule 30(b)(6)

11  deposition—that it had reclassified certain incidents involving Jennifer as "support abuse." Only

12  after that testimony did Uber begin producing documents that were even arguably responsive to

13  this issue. And those belated, cherry-picked productions are incomplete and unreliable. Jennifer

14  was an Uber rider for approximately three years, yet Uber has produced only a handful of records

15  covering a matter of weeks. *See* Luhana Decl. ¶3. This selective production severely prejudices

16  Plaintiff's ability to test Uber's newly asserted, post-incident justification. All told, this

17  incomplete and prejudicial evidence will serve no purpose but to confuse the jury on an irrelevant

18  issue.

19  **VII.    Plaintiff's Motion in Limine No. 7:** Exclude Argument or Evidence Referencing
         Non-Material Amendments to Plaintiff Dean's Plaintiff Fact Sheet.

20

21  Plaintiff moves to exclude argument or evidence referencing non-material amendments to

22  Plaintiff's Plaintiff Fact Sheet ("PFS"). Plaintiff timely submitted her PFS and thereafter served

23  six supplemental PFSs to comply with her ongoing duty to amend and correct under PTO No. 10

24  (ECF No. 348) and Fed. R. Civ. P. 26(e). These updates included: correcting biographical details

25  (date of birth); adding third-party witness contact information; updating the location and timing of

26  her assault; correcting the driver/assailant's name spelling; detailing additional descriptive facts;

27  acknowledging out-of-pocket costs; acknowledging relevant social media activity; and updating

28  employment information. The updates clarified or added additional information that was recalled

1    or obtained to supplement the initial PFS that was required to be produced within 30 days of

2    filing a complaint.

3        Evidence that Plaintiff updated or corrected her PFS is irrelevant to any claim or defense.

4    Simply amending discovery responses does not have "any tendency to make a fact [of

5    consequence] more or less probable" under Rule 401. Moreover, even if such evidence had

6    marginal relevance, any probative value is substantially outweighed by the dangers of unfair

7    prejudice, jury confusion, and waste of time. Fed. R. Evid. 403.

8        Introducing PFS amendments invites the jury to make improper inferences about

9    Plaintiff—namely, that she is inconsistent, unreliable, or untruthful—based solely on compliance

10   with discovery obligations and to meet Court ordered compliance deadlines. This would not only

11   create a distracting and time-consuming mini trial over the reasons for corrections or supplements

12   (none of which are relevant) but also constitute inadmissible character evidence under Rule 404.

13   Such evidence or argument should be excluded. *See, e.g., Aumand v. Dartmouth Hitchcock Med.*

14   *Ctr.*, 611 F. Supp. 2d 78, 84–85 (D.N.H. 2009)("evidence that a pleading was amended should

15   generally be excluded under Rule 403, at least if offered to impeach the pleader's credibility.").

16   VIII.    **Plaintiff's Motion in Limine No. 8:** Exclude Untimely or Non-Produced Evidence.

17       Plaintiff moves to exclude any evidence that Uber belatedly produced or has not

18   produced. Specifically, as to belatedly produced documents, the deadline for Uber to produce

19   documents about its operations passed on May 16 and the deadline to complete case-specific

20   discovery for Wave 1 passed on November 14. (ECF 2924, 4123).

28   Uber has given no explanation for its failure to timely produce this purported evidence

1   regarding the recording of Plaintiff's trip. And these late-produced documents contradict timely-

2   produced evidence on which Plaintiff has justifiably relied in developing her case. Indeed, ███

3   ████████████████████████████████████████████████████████████

4   ████████████████████████████████  To upend the evidentiary record at this point,

5   with trial just weeks away, is unfair and constitutes exactly the kind of trial by surprise that this

6   Court has warned against. *See, e.g.*, *Jones v. Travelers Cas. Ins. Co. of Am.*, 304 F.R.D 677, 683

7   (N.D. Cal. 2015)(striking spreadsheets defendant produced three weeks after close of discovery

8   because spreadsheets contradicted defendant's prior representations and late production

9   prejudiced plaintiff by precluding discovery on the alleged facts in the spreadsheets).

10      Specifically, ████████████████████████████████████████

11   ████████████████████████████████████████████████████████████

12   ████████████████████████████████████████

13   ████████████████████████████████████████████████████

14   ████████████████████████████████████████████████████

15   ████████████████████████████████████████████████████

16   ████████████████████████████████████████████████████

17   ████████████████████████████████████████████████████████

18   ████████████████████████████████████████████

19   ████████████████████████████████████████████████

20   ████████████████████████████████████

21   ████████████████████████████████████████████████████████

22   ████████████████████████████████████████████████████████

23   ████████████████████████████████████████████████████

24   ████████████████████████████████████

25      Uber—just yesterday—offered to make Mr. Gaddis available for deposition. That is far

26   too little, far too late. Plaintiff does not have Mr. Gaddis's custodial file nor any document

27   productions, interrogatories, or other written discovery related to the issues addressed in his

28   declaration. All of that discovery, and likely more, would be required to give Plaintiff a fair

1   chance to understand this issue. If Uber wanted to inject this issue into the trial, it should have

2   done so months ago. That opportunity has passed.

3          Uber also designated Brown to testify about "[a]ll training Uber required [Turay] take at

4   any time," in response to a 30(b)(6) notice that requested he bring all documents relied on for his

5   testimony. ████████████████████████████████████████████████████████████

6   ████████████████████████████████████████████████████████████████████████

7   ████████████████████████████████████ Moreover, Uber should have

8   produced this document in response to Plaintiffs' March 26 discovery requests, which sought

9   "materials reflecting training Uber required the Subject Driver to take at any time." *See* Pl Dean's

10  3/26/25 Fist Set of Doc Reqs, No. 17, Ex. 10.[5] But it failed to do so.

11         Separately, in addition to the above, Uber has *never* produced documents or discovery

12  related to sexual assault/misconduct rates from 2025, despite Plaintiffs seeking data on such rates

13  (and Uber's duty to supplement discovery responses). *See* 2/28/24 Pls' First Set of Doc. Reqs.,

14  No. 73, Ex. 11. To the extent Uber intends to offer evidence or reference 2025 sexual

15  assault/misconduct rates on Uber's platform, it should be precluded from doing so as Plaintiff has

16  no basis to challenge whatever assertions Uber might try to make about these rates at trial.

17  **IX.    Plaintiffs' Motion in Limine No. 9: Exclude Argument or Evidence Regarding
18          Contingency Fees, Attorney Advertising, or "Attorney-Driven" Litigation.**

19         Plaintiff moves to exclude any evidence, testimony, or argument concerning (1)

20  contingency-fee arrangements or how Plaintiff's counsel are compensated; (2) attorney

21  advertising, including any suggestion that Plaintiff or others retained counsel after seeing such

22

23

24  _____

25  [5] Additionally, Plaintiff's 30(b)(6) Deposition Notice specifically asked for testimony regarding
    "All training Uber required the Subject Driver take at any time." *See* 7/9/25 Brown Dep. Notice,
26  Topic 7(c), Ex. 12. ██████████████████████████████████████████████

27  ████████████████████████████████████████████████████████████████████

28  ████████████████████████████████████████████████████████████████████

1    advertising; (3) assertions that this litigation is "attorney-driven" or "lawyer-manufactured"; or

2    (4) any similar statements impugning Plaintiff's counsel or their motives.[6]

3        How Plaintiff's counsel are compensated, or how Plaintiff selected her attorneys, has no

4    relevance to any issue in this case. Such information does not make any relevant fact more or less

5    probable. References to contingency fees or attorney advertising would serve only to inflame the

6    jury, invite bias against Plaintiff's counsel, and divert attention from the merits of the case.

7    Indeed, Uber's counsel sought to subpoena Plaintiffs' counsel for information on third-party

8    funding (subpoenas that Judge Cisneros quashed), raising the likelihood that Uber plans to raise

9    these issues at trial. *See* ECF Nos. 3250, 3252, 3253, 3255, 3257, 3258, 3259, 3262, 3263. Such

10   issues are irrelevant.

11       And even if such evidence had some marginal relevance, its probative value is far

12   outweighed by the substantial risk of unfair prejudice, confusion, and delay. Suggesting that

13   counsel are motivated by financial gain or that the litigation was "manufactured" through

14   advertising improperly invites jury decision on an improper basis. Arguments concerning

15   contingency-fee arrangements or advertising improperly appeal to bias and sympathy rather than

16   reason. Judge Schulman excluded Uber from making such arguments in the JCCP bellwether

17   case. *See* Ex. 1. And courts consistently preclude defendants from making such arguments. *See In*

18   *re Ford Motor Co. DPS6 Prods. Liab. Litig.*, 2019 WL 7171542, at *1 (C.D. Cal. Oct. 31, 2019)

19   (excluding attorney driven litigation arguments, holding that its "probative value is slim at best"

20   and would distract and prejudice the jury); *In re Bard IVC Filters Prods. Liab. Litig.*, 2018 WL

21   2095829, at *5 (D. Az. May 3, 2018)(excluding references to attorneys' fee agreement and

22   attorney advertising); *Rivera v. Ford Motor Co.*, 2020 WL 4001914, at *2 (C.D. Cal. Mar. 12,

23

---

24   [6] Uber's counsel Allison Brown and her partners have made such arguments to juries in other
     cases. *See, e.g.*, Trial Tr., *Henry v. Brenntag N. Am., Inc., et al.*, No. MID-1784-17 (N.J. Super.
25   Ct. Law Div. Middlesex Cnty. Oct. 10, 2018), 2781:9-14, 2782:10-2783:20, 2796:9-12, 2804:9-
     12 (Oct. 10, 2018)(closing argument)("money machine, the plaintiffs' lawyers and their highly
26   paid $30 million expert, they ran out of people to sue . . . [] [Plaintiffs' attorneys] say anything for
     money. [] They ran out of other people to sue. You heard them talk about other lawsuits. 1-800
27   call, we'll sue."), Ex. 13; Trial Tr., *Cadagin v. Johnson & Johnson*, No. 1522-CC00419-02 (Mo.
     Cir. Ct. City of St. Louis July 13, 2021), 428:14-429:5 (opening argument)("A lot of prospective
28   jurors [] told us that, you know, they had seen so much attorney advertising []."), Ex. 14.

2020)(excluding argument regarding attorneys' fees, attorney advertisements, or "attorney-driven" litigation as irrelevant and unfairly prejudicial); *Rodriguez v. Google LLC*, 2025 WL 2237720, at *2 (N.D. Cal. Aug. 6, 2025)("The intricacies of how this litigation evolved are not important to the jury; what matters is the evidence relevant to disputed, material issues of fact. [] Given the limited relevance of firm finances, Google would do well to steer clear of examining Plaintiffs' counsel's role in the case [].").

**X.    Plaintiff's Motion in Limine No. 10: Exclude Argument or Evidence Concerning the Personal Use of Uber by Counsel, Witnesses, or Their Family or Friends.**

Plaintiff moves to exclude any evidence, testimony, or argument concerning the personal use of Uber by counsel, witnesses, or their family or friends. ████████████ ████████████████████████████.[7] In response, Plaintiffs sought discovery on such personal and family Uber use. *See* Uber's Objs to Pls' 3rd Set of Rogs and Doc Reqs., Exs. 15, 16. Uber objected and refused to produce responsive discovery. *Id.*

Any reference to the personal use of Uber or rideshare services by counsel or witnesses (including expert witnesses) has no relevance to the issues in this case. Whether an individual (especially an Uber employee) personally chooses to use Uber says nothing about Uber's safety policies, practices, or the foreseeability of assaults. Personal anecdotes do not constitute evidence of safety or risk. Such testimony, which improperly infers safety, should be excluded as irrelevant, speculative, and unduly prejudicial under Fed. R. Evid, 401-403. *See, e.g., In re: Tylenol (Acetaminophen) Marketing*, 2016 WL 3125428, at *4 (E.D. Pa. June 3, 2016) ("[t]estimony by employees of the defendants about whether they personally take Tylenol is of little relevance to this case. However, the prejudice that such testimony may cause substantially outweighs any probative value it may have."); *In re Yasmin*, 09-cv-10012 (09-md-2100-DRH-MDL 2100), Doc. No. 262 at 61-62 (Phila. Ct. Cmn. Pleas., Mass Torts Div. Dec. 22, 2011) (excluding testimony by Bayer employees that they took Yaz because testimony was irrelevant

---

[7] ████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████████████████████████████████

1    and/or any probative value would be substantially outweighed by the prejudice of hearing

2    employees who were loyal to the company offer benefits); *McCarrell v. Hoffman-LaRoche, Inc.*

3    *and Roche Labs., Inc.*, ATL-L-1951-03-MT, (N.J. Law Div. Apr. 17, 2007)(excluding evidence

4    that witnesses, experts, or plaintiff's family/friends personally used Accutane because would be

5    "more prejudicial than probative").

6        And even if the Court were to find some marginal relevance, it is substantially outweighed

7    by the danger of undue prejudice because Uber refused to produce discovery related to their

8    witnesses' and families' Uber use. If Uber's witnesses testify that their family members use Uber,

9    Plaintiff is entitled to test, for example, whether those family members avoid the service at night,

10   or alone, or when under the influence of alcohol. Plaintiff would also be entitled to learn whether

11   Uber employees or executives use higher-end Uber services (such as Uber Black) or if the system

12   is designed to dispatch employees or executives only highly rated drivers. Yet Uber refused to

13   produce the data necessary for fair discovery on this issue. Uber cannot refuse to produce

14   responsive discovery yet still use such anecdotes to its advantage at trial. *See R & R Sails, Inc. v.*

15   *Ins. Co. of Pennsylvania*, 673 F.3d 1240, 1246 (9th Cir. 2012)(under Rule 37(c)(1), party that

16   failed to disclose evidence during discovery has burden to show its failure was substantially

17   justified or is harmless in order to use evidence at trial).

18       Permitting Uber to argue or elicit testimony about personal rideshare use would also

19   improperly conflate individual preference with corporate responsibility. It also risks reinforcing

20   jurors' own familiarity or experiences with Uber, thereby biasing their evaluation of the evidence.

21   Whether Uber's executives, counsel, or witnesses personally use Uber is not probative of whether

22   Uber exercised reasonable care in preventing sexual assaults. Such testimony should be excluded.

23   **XI.    Plaintiff's Motion in Limine No. 11: Exclude Argument or Evidence That Uber**
24   **Was Legally Prohibited or Constrained From Implementing Safety Measures.**

25       The Court should preclude Uber from introducing any evidence, testimony, or argument

26   suggesting that it was legally prohibited or otherwise constrained by legal considerations from

27   implementing effective safety measures—including dashcams, a woman-to-woman matching

28   option, or risk-based dispatch. ████████████████████████████████████

1    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Uber has withheld over 110,000 documents in

2    whole or in part on the basis of attorney-client and work-product privileges, including

3    communications and documents bearing directly on its alleged "legal considerations" behind

4    refusals to adopt safety measures. Having refused to disclose the advice it purportedly relied

5    upon, Uber cannot now argue at trial that its inaction was justified by legal prohibitions or

6    counsel's advice based on the very evidence it refused to produce.

7        A party cannot use privilege as both a sword and a shield. *See Kaiser Found. Health Plan,*

8    *Inc. v. Abbott Labs., Inc.*, 552 F.3d 1033, 1042 (9th Cir. 2009). In practical terms, "this means

9    that parties in litigation may not abuse the privilege by asserting claims the opposing party cannot

10   adequately dispute unless it has access to the privileged materials." *Bittaker v. Woodford*, 331

11   F.3d 715, 719 (9th Cir. 2003)(en banc)(citation omitted). "Where a party raises a claim which in

12   fairness requires disclosure of the protected communication, the privilege may be implicitly

13   waived." *Columbia Pictures Television, Inc. v. Krypton Broad. of Birmingham, Inc*., 259 F.3d

14   1186, 1196 (9th Cir. 2001) (quoting *Chevron Corp. v. Pennzoil Co*., 974 F.2d 1156, 1162 (9th

15   Cir.1992)). A "[d]efendant may testify as to attorney-client communications and their effect on

16   [d]efendant's mental processes only to the extent that evidence of those communications was

17   made fully available to [p]laintiffs through depositions or other discovery." *Id.* (citing *Madrigal*

18   *v. Allstate Indem. Co*., 2015 WL 12748277, at *9 (C.D. Cal. Nov. 5, 2015)).

19       Uber's most recent privilege log spans 110,298 entries (Luhana Decl. ¶ 5), and Uber

20   withheld numerous communications and documents related to specific safety measures based on

21   these privilege assertions.[8] And Uber's counsel invoked privilege repeatedly at depositions to

22   _____

23   [8] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

24   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

25   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

26   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

27   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

28   ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

1  prevent witnesses from testifying about legal advice that supposedly constrained Uber from

2  implementing these safety measures.[9] Uber cannot conceal such information from discovery and

3  then rely upon it at trial. By concealing its internal legal analysis, Uber has deprived Plaintiff of

4  the ability to test its claimed rationale.

5      The recent decision in *In re Xyrem Antitrust Litig.*, 2025 WL 860505, at *4-6 (N.D. Cal.

6  Mar. 19, 2025) is instructive. There, the court precluded defendants from introducing evidence at

7  trial about topics defendants asserted privilege over unless defendants waived privilege and

8  immediately produced the discovery. *Id.* The court further added, while non-privileged evidence

9  was available on the topic, "in order to test the veracity of [a] belief.... other justifications that

10 plaintiffs have shown relied on attorney-client advice are also directly implicated. In other words,

11 Defendants are essentially saying 'Trust us. []' To rebut such assertions, Plaintiffs must, in all

12 fairness, be given access to contemporaneous information regarding those topics that necessarily

13 implicate attorney-client advice." *Id.* (citation and quotations omitted).[10]



23  [10] *See also Shenwick v. Twitter, Inc.*, 2021 WL 1232451, at *4 (N.D. Cal. Mar. 31, 2021)

24  ("Having withheld documents on the subjects of its public statements on the grounds of privilege,
    fairness dictates that Defendants not be able to introduce evidence implying that its lawyers
    passed on the adequacy of Defendants' communications."); *In re Lidoderm Antitrust Litig.*, 2016

25  WL 4191612, at *5 (N.D. Cal. 2016)("it would be unfair to not allow [P]laintiffs access to
    [D]efendants' contemporaneous attorney-client information to test the veracity of the

26  [D]efendants' justifications in this litigation even though that belief is based in part on business
    judgment and executive experience."); *Rawcar Grp., LLC v. Grace Med., Inc.*, 2014 WL

27  12199979, at *1 (S.D. Cal. Oct. 21, 2014)(granting MIL where defendants affirmatively blocked

28  discovery based on advice of counsel).

Likewise, Uber should be prohibited from arguing or insinuating that it cannot be held liable under the common law negligence principles because its practices (purportedly) satisfy certain minimum regulatory or administrative requirements.

## XII.    Plaintiff's Motion in Limine No. 12: Exclude Argument or Evidence of Non-Profit Endorsements of Uber's Safety Data or Policies Related to Sexual Assault.

Plaintiff moves to exclude argument or evidence of non-profit endorsements of Uber's safety data or policies related to sexual assault. Such evidence is both hearsay and undisclosed expert testimony.



Plaintiff anticipates Uber will introduce evidence and testimony that Uber's purported safety efforts—including its U.S. Safety Reports—were endorsed by various non-profit groups. For example, during the JCCP bellwether trial, Uber alluded repeatedly to non-profit endorsements of its safety data or policies related to sexual assault. *See, e.g.*, Uber's Opening, pg. 79, Ex. 28 ("We partnered with many nonprofit organizations who exist only to try and solve this problem; for example, the National Sexual Violence Resource Center, or NSVRC. We partnered with these organizations and we said, Help us."); Uber's Closing, *Id.* at pg. 3143-44. And Kate

[11]

Parker, Uber's Global Director of Product Marketing, Brand Management, testified: "There were particular media components that our experts [non-profits] wanted to be able to provide insights. I think one of the things that our experts [non-profits] struggled with was this characterization that sexual violence or sexual harassment is an Uber problem, because our experts believe sexual harassment and sexual violence is a societal problem." *Id.* at 1007:9-15. Parker also testified: "Many of these folks would say [] even before the report came out […] This is incredible that you are going to do this. I think the term 'unprecedented' [] was the tone of the conversation." *Id.* at 1134:19-1135:10.

Any non-profit "endorsement" about Uber's safety data or safety record or policies relating to sexual assault should be excluded as inadmissible hearsay because it is an out-of-court statement that Uber would necessarily offer for its truth—i.e., to prove the sincerity of Uber's safety and transparency efforts and that the Safety Reports are an accurate reflection of the risk of using Uber. *See* Ex. 28 at 79 ("you1re going to get to see information in the safety report that calls it unprecedented; an unprecedented bold move to release this kind of data."). Fed. R. Evid. 801(c), 802. These non-profits were not deposed and don't appear on Uber's witness disclosures. Their out-of-court statements are classic hearsay, and no exception applies. Admission would also create a substantial risk of unfair prejudice and jury confusion because ▮▮▮▮▮ ▮▮▮▮▮▮ circumventing the safeguards for expert or opinion evidence and inflating the perceived reliability of Uber's position. *See* Fed. R. Evid. 403, 702.

**XIII.    Plaintiff's Motion in Limine No. 13: Exclude Argument or Testimony Regarding "Low" or "Rare" Prevalence of Sexual Violence on Uber's Platform Compared to Society in General or Other Forms of Transportation or Other Irrelevant. Scenarios.**

Plaintiff moves to exclude any argument, testimony, or evidence suggesting that (1) the rate of sexual violence on Uber's platform is "low," "rare," or "statistically insignificant"; (2) sexual violence is merely a "societal problem"; or (3) Uber is safer than other forms of transportation, "society in general," or other irrelevant comparators. Such claims are speculative, irrelevant, unduly prejudicial, unsupported by competent data, and lack evidentiary foundation. They rest on conjecture and unverifiable comparisons rather than any empirical analysis.

1    Uber attempts to compare its safety record to that of society in general. For example,



1

2

3

4

5

6

7

8

9

10

11

12

13        Such speculation, unsupported by any proper foundation, is prohibited by both Fed. R.

14   Evid. 701 and 602. *See U.S. v. Holguin*, 51 F.4th 841, 865 (9th Cir. 2022)(under Rule 701, a

15   witness "may not 'testify based on speculation, rely on hearsay, or interpret unambiguous, clear

16   statements.'") (citation omitted); *id*. (lay opinion testimony is admissible only if a foundation is

17   laid indicating that the opinion was "rationally based on the witness's perception."); Fed. R. Evid.

18   602 ("A witness may testify to a matter only if evidence is introduced sufficient to support a

19   finding that the witness has personal knowledge of the matter.").

20        Moreover, whether sexual violence is a "societal problem" or whether Uber is "safer than

21   average" has no bearing on any questions before the jury. Plaintiff does not need to prove that

22   Uber is less safe than other transportation options or than "society" at large. Permitting Uber to

23   introduce these assertions would invite a "mini-trial" on disputed social science, epidemiology,

24   denominators, base rates, and statistical methodology—all far afield from the issues the jury must

25   decide. The resulting confusion and prejudice substantially outweigh any minimal probative

26   value. The Court in the Lyft JCCP excluded similar arguments related to sexual assault and

27   society at large. *See In re Lyft Rideshare Cases*, JCCP, Superior Court, Case No. CJC-20-005061,

28   at 8-9 (Sept. 12, 2025), Ex. 43. This Court should follow suit.

1

2
## XIV.  <u>Plaintiff's Motion in Limine No. 14:</u> Exclude Argument or Evidence that Uber has Helped Reduce Drunk Driving Rates.

3       Plaintiff moves to exclude any argument or evidence that Uber has helped reduce drunk

4   driving rates or any similar claim. Such assertions are irrelevant to the issues in this case, lack

5   evidentiary foundation, and risk improperly influencing the jury with speculative "public safety"

6   narratives that have no bearing on Uber's duty to protect passengers from sexual assault. *See* Fed.

7   R. Evid. 401-403.



18       Such evidence, even if it were non-speculative, is irrelevant. Whether Uber reduces drunk

19   driving has nothing to do about whether it is responsible for the injuries to Jaylynn Dean. There is

20   no evidence she was going to drive herself instead of using Uber on the night in question—she

21   was in Arizona only temporarily, living at a hotel, at the time.

22       Evidence of Uber's effect on drunk driving is also unduly prejudicial and must be

23   excluded under Rule 403. Permitting Uber to frame itself as providing "public-safety benefits" or

24

25   13

26   

27

28   14

---

21

1  "good acts" would improperly invite the jury to weigh perceived societal benefits—such as

2  reduced drunk driving—against Uber's legal obligation to act reasonably to protect passengers

3  from foreseeable assaults. That is not the law. *See Gomez v. Am. Med. Sys. Inc.*, 2021 WL

4  12313068, at \*9 (D. Az. June 17, 2021)(excluding corporate defendant's good acts or reputation

5  as inadmissible, irrelevant, and "substantially more prejudicial than probative."). The Court in the

6  Lyft JCCP excluded evidence or argument that "Lyft reduces drinking and driving." *See In re Lyft*

7  *Rideshare Cases*, JCCP, Superior Court, Case No. CJC-20-005061, at 8-9 (Sept. 12, 2025), Ex.

8  43. This Court should do the same.

**XV.    Plaintiff's Motion in Limine No. 15: Exclude Argument or Evidence that Uber
Drivers Are Safer Drivers than the Average Driver.**

10      Plaintiff moves to exclude any evidence or argument that Uber drivers are safer drivers

11  than the average driver. Uber should not be permitted to argue that Uber drivers are safer than

12  average because such assertions are irrelevant, minimally probative (if at all), and highly

13  misleading.



22      None of this evidence is relevant to whether Uber adequately addressed the known risks

23  of sexual violence on its platform. Accident rates, speeding frequency, cellphone use, and motor

24  vehicle fatality statistics have no bearing on Uber's knowledge of, response to, or responsibility

25  _____

26  [15]

27

28

1  for preventing sexual assault. Allowing Uber to introduce this material would transform the trial

2  into a misleading comparison of driving safety, inviting improper inferences and confusing the

3  jury about the issues at stake. The risk of undue prejudice and juror distraction far outweighs any

4  marginal probative value.

**XVI.    Plaintiff's Motion in Limine No. 16: Exclude Argument or Evidence that Uber Drivers Prefer the Independent Contractor Model.**

Plaintiff moves to exclude any evidence or argument that Uber drivers prefer the

independent contractor model. Such assertions are irrelevant, minimally probative, and highly

prejudicial. Plaintiff anticipates that Uber will attempt to introduce evidence suggesting that its

drivers report a preference for remaining independent contractors rather than being classified as

employees.[16]

None of this is relevant to the issues in this case. Driver preferences about employment

classification have no bearing on whether Uber negligently failed to address the risk of sexual

violence on its platform, nor the extent to which Uber controls its drivers. *See O'Connor v. Uber*

*Techs, Inc.*, 82 F. Supp. 3d 1133, 1152 (N.D. Cal. 2015)(explaining that freedom or flexibility

"does not in itself preclude a finding of an employment relationship"). The more relevant inquiry

is how much control Uber has over its drivers *while they are on duty* for Uber. The fact that some

drivers are only on-duty irregularly says little about the level of control Uber can exercise over

them when they *do* report to work. Allowing Uber to introduce such material would lead the jury

to weigh perceived business or workforce consequences—matters wholly unrelated to Plaintiff's

claims—against Uber's safety obligations. This would create undue prejudice, confuse the issues,

and invite an improper "balance of interests" analysis that has no place in determining liability for

sexual assault.

_____

[16] According to Uber,

## CONCLUSION

For the reasons stated above, Plaintiffs respectfully request that the Court grant Plaintiffs' motions in limine as described herein.

Dated: December 16, 2025

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

1

## **FILER'S ATTESTATION**

2       I am the ECF User whose ID and password are being used to file this document. In

3  compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this

4  filing.

5  Dated:  December 16, 2025            By:   */s/ Roopal Luhana*

6                                                 Roopal Luhana

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28