[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S WITNESS AND EXHIBIT LISTS** |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**INTRODUCTION**

Uber's motion is a solution in search of a problem. Plaintiff's witness and exhibit lists reflect good-faith disclosures based on where the parties stood as of December 8 and 10, respectively, in a tight pretrial schedule, one in which, due to Uber's delays, discovery is still ongoing. Far from engaging in "gamesmanship," Plaintiff complied with the Court's directives, disclosed materials already known to Uber, and promptly advised Defendants that the lists would be narrowed and produced today.

Critically, Plaintiff has informed Defendants that she will serve a narrowed exhibit list today. Plaintiff has also proposed exchanging final exhibit lists on December 30 (when final witness lists are being exchanged), two weeks before trial begins. *See* 12/17/25 Declaration of Roopal L. Luhana, Esq. ("Luhana Decl."), at ¶3. Uber's motion therefore seeks extraordinary relief to remedy a purported prejudice that will never materialize. Courts do not strike trial disclosures merely because they are preliminary, particularly where refinement is anticipated and agreed upon. Uber's motion is effectively moot and should be denied.

Even setting mootness aside, Uber cannot claim surprise or prejudice. The overwhelming majority of the listed exhibits are Uber's own documents that were used in depositions, relied upon by Uber's own experts, cited in Plaintiff's expert reports, or all three. And the witnesses Uber complains about largely consist of individuals whose testimony will be presented by short video designations. In short, Uber knows these witnesses, knows these documents, and has litigated over them extensively. Rule 37 does not authorize striking good-faith preliminary disclosures simply because Defendants would prefer earlier narrowing.

**ARGUMENT**

Uber's motion ignores the procedural posture of this case. The pretrial schedule has been highly compressed, and key issues remained unsettled until recently. Plaintiff prepared her witness and exhibit lists based on the best information available as of December 8 and 10, respectively, consistent with the Court's expectation that parties would act in good faith rather than with artificial numerical limits. *See* Luhana Decl. at ¶4.

1    Plaintiff's methodology was straightforward and reasonable. The exhibit list includes: (1) documents cited by Plaintiff's experts who will or may testify at trial; (2) deposition exhibits of witnesses on Plaintiff's or Defendants' witness lists; and (3) documents specific to Plaintiff Dean's claims. That approach ensured completeness while preserving the ability to narrow. Plaintiff has already advised Uber that Plaintiff will de-duplicate and substantially reduce the exhibit list within the agreed timeframe. *See* Luhana Decl. at ¶5. The fact that refinement was not completed in the short window between disclosures does not transform a good-faith list into sanctionable conduct.

Uber's insistence that Plaintiff should already know the precise contours of her 39-hour case ignores the realities of trial preparation in a complex MDL proceeding. By necessity, initial witness and exhibit lists may be broader than what is ultimately presented, particularly where narrowing deadlines are built into the schedule (as they are here), so that witnesses or exhibits are not improperly added after court deadlines. *See*, *e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 254348, at *7 (N.D. Cal. Jan. 27, 2022) (citing Fed. R. Civ. P. 37) (parties not permitted to add additional witnesses or exhibits to pre-trial lists without substantial justification or harmlessness). That is particularly so here, where this case has been worked up on an accelerated schedule and discovery for this first trial case is still ongoing. *See* Luhana Decl. at ¶6 (most recent 30(b)(6) deposition was 11/7/25); ECF 4664 (stipulation regarding admitting documents in lieu of deposition); ECF 4690 at 9 (Pl's MIL No. 8 regarding late-produced documents).

Moreover, Uber's motion seeks relief that is unnecessary. Plaintiff has already agreed to serve a narrowed exhibit list, and the parties have agreed to exchange final witness lists on December 30, two weeks before trial begins. *See* Luhana Decl. at ¶3. Uber will therefore have precisely what it claims to want: a final, realistic set of witnesses and exhibits well in advance of trial.

Motions to strike are designed to prevent genuine prejudice, not to micromanage interim disclosures that will be superseded by final lists. Because the complained-of lists will not govern trial, Uber's motion is effectively moot. The Court should not expend judicial resources policing

1    preliminary disclosures where the parties have already established a narrowing mechanism that
2    fully protects Defendants' trial preparation.
3           And Uber's claim of prejudice is meritless. The vast majority of the documents on
4    Plaintiff's exhibit list are Uber documents used in depositions, relied upon by experts, or
5    challenged in privilege disputes litigated extensively before Judge Cisneros and Special Master
6    Jones. These are not ambush exhibits. They are the documentary backbone of Uber's own
7    discovery record.
8           Likewise, the witness list does not impose an unreasonable burden. Plaintiff's list consists
9    of: (1) 28 witnesses who will or may testify by video designation, for which Uber will receive the
10   designations in advance; (2) three Uber witnesses whom Uber has refused to make available for
11   live testimony and therefore may testify by video designation only; (3) 10 live expert witnesses;
12   (4) 10 witnesses who may testify live or by video; (5) live testimony by Plaintiff Dean and Mr.
13   Bagby (a hotel clerk with limited but important eyewitness testimony); and (6) two placeholders.
14   *See* Luhana Decl. at ¶7. Many of these witnesses will testify briefly. Preparing counter-
15   designations for known deposition witnesses is not prejudice; rather, it is routine trial practice.
16          Uber's comparison to its own smaller lists is beside the point. Defendants are not required
17   to mirror Plaintiff's case-in-chief. Plaintiff bears the burden of proof and is entitled to identify the
18   witnesses and exhibits necessary to present her claims, subject to reasonable narrowing which is
19   already underway.
20          Uber also seizes on the inadvertent inclusion of documents it claims are privileged. But
21   Uber's argument ignores the extraordinary scope and volatility of privilege disputes in this
22   litigation. Uber included more than 110,000 entries on its privilege logs. Plaintiffs challenged
23   approximately 35,000 of those designations, and after review by Judge Cisneros and Special
24   Master Jones, approximately 29,000 documents were de-designated in whole or in part. *See*
25   Luhana Decl. at ¶8. Keeping track of Uber's ever-shifting privilege claims has been a significant
26   challenge given that, for example, Defendants claw back documents in the middle of depositions
27   or after documents have been used at depositions (and its claw back notices do not identify
28   deposition exhibit numbers, only bates numbers). *Id*. at ¶9. And Defendants have repeatedly

1  clawed back documents they previously de-designated and even clawed back documents their
2  own experts have relied upon. *Id*. at ¶10. In that context, the inadvertent inclusion of some
3  disputed or clawed-back documents on an initial exhibit list is not evidence of bad faith. Rather, it
4  is a foreseeable byproduct of Uber's vast and ever-changing privilege assertions. Any remaining
5  issues can be addressed through the normal meet-and-confer and objection process without the
6  drastic remedy of striking the lists wholesale.

7      Striking witness and exhibit lists is an extreme remedy reserved for clear violations and
8  demonstrable prejudice. None exists here. Plaintiff acted in good faith, disclosed materials
9  already known to Uber, promptly agreed to narrowing, and complied with an expedited schedule
10 in a complex MDL trial setting. Uber's motion seeks to convert ordinary trial management issues
11 into a sanction request, contrary to both the Federal Rules and practical trial administration.[1]

## CONCLUSION

Because Plaintiff's witness and exhibit lists were prepared in good faith, because the parties have already agreed to narrowing and final lists before trial, and because Uber cannot show surprise or prejudice, Defendants' motion to strike should be denied.

Dated: December 17, 2025　　　　　　　　　　Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*

---

[1] Uber's cases cited in support are readily distinguishable. *See Ulysse v. Waste Mgmt. Inc. of Fla*., 2013 WL 12177856, at *1 (S.D. Fla. Nov. 5, 2013) (striking witness list that included "all persons disclosed in discovery" and exhibit list that simply listed "documents obtained through discovery" and "documents produced in response to non-party subpoenas" without specifically identifying the documents); *U.S. v. Int'l Bus. Machs. Corp*., 79 F.R.D. 15, 17 (S.D.N.Y. 1978) (ordering defendant to provide updated exhibit/witness lists and to seek leave of court to further amend lists); *U.S. v. Moreira*, 605 F. App'x 852, 859 (11th Cir. 2015) (finding trial court did not abuse its discretion in striking lists in criminal trial where defendant listed 75 witnesses for 3-4 day trial, list included non-relevant witnesses, and court did not prevent defendant from presenting any relevant testimony).

Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: December 17, 2025                    By:    */s/ Roopal Luhana*
                                                    Roopal Luhana