ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5** |
| This Document Relates to:<br><br>*Jane Doe LS 634 v. Uber Technologies, Inc., et al., No. 3:25-cv-07323-CRB* | Date:        January 16, 2026<br>Time:        10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1  *Jane Doe NLG (N.T.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07540-CRB
2
3  *Jane Doe NLG (N.H.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08109-CRB
4
5  *Jane Doe NLG 5 (A.H.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08112-CRB
6
7  *Jane Doe NLG (N.S.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08186-CRB
8
9  *Jane Doe NLG (D.S.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08258-CRB
10
11
12  *Jane Doe NLG 2 (J.C.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08259-CRB
13
14  *Jane Doe NLG (M.U.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08264-CRB
15
16  *Jane Doe NLG 2 (V.F.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08545-CRB
17
18
19  *Jane Doe NLG (J.O.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08567-CRB
20
21
22
23
24
25
26
27
28

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 5 (ECF 4490), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to produce a bona ride receipt or information form despite this Court's order directing them to do so months ago. PTO 5, at 2-3, ECF No. 175. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances. *See* Mot. at 2 (citing cases). Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

Since Uber filed its Motion to Dismiss, four of the Plaintiffs[1] have subsequently filed, albeit delinquently, ride receipts and argue that they should be removed from the Motion to Dismiss, which Uber does not oppose.

One of the ten Plaintiffs at issue on this Motion is represented by Levin Simes LLP, and the remaining nine are represented by the Nachawati Law Group ("NLG"). Levin Simes LLP did not file a response to the Motion on behalf of their client, Plaintiff Jane Doe LS 634, which is in effect consenting to the requested dismissal. With respect to all other Plaintiffs at issue in Uber's Motion, NLG opposes the Motion on the basis that "a plaintiff may become unavailable for various reasons as a litigation progresses" and thus counsel requests that the Court allow them to continue to try to reach out to Plaintiffs for an unspecified, and perhaps unlimited, amount of time (ECF No. 4619 at 4). Such a delay would unquestionably prejudice Defendants and prevent this Court from being able to manage its own docket. NLG also raises a number of unpersuasive arguments under the *Malone* factors, essentially claiming that Defendants have not been prejudiced by their failure to file a ride receipt, and

---

[1] Jane Doe NLG 5 (A.H.), Jane Doe NLG 2 (J.C.), Jane Doe NLG (M.U.), and Jane Doe NLG (J.O.).

1
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5
Case No. 3:23-MD-3084-CRB

that it is Plaintiffs who are actually prejudiced by Uber's Motion because Plaintiffs claim Uber purportedly did not comply with Local Rule 37-1's meet and confer requirement. ECF No. 4619 at 4-5. These assertions are meritless; every Plaintiff who is subject to Uber's motion received notice and warning of their noncompliance and the opportunity to cure, making dismissal an appropriate remedy. *See, e.g.*, *Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).[2]

## ARGUMENT

**A. Uber withdraws its motion as to four Plaintiffs who have belatedly produced ride receipts or information forms.**

NLG argues that the Court should deny Defendants' Motion to Dismiss as moot as to Plaintiffs Jane Doe NLG 5 (A.H.), Jane Doe NLG 2 (J.C.), Jane Doe NLG (M.U.), and Jane Doe NLG (J.O.). ECF No. 4619 at 3. Uber has confirmed that these Plaintiffs have in fact belatedly produced ride receipts or information forms. These Plaintiffs have not offered any excuse for their late submissions, and Uber should not have to incur the costs to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' submissions. Uber reserves the right to seek an award of sanctions, including recovery of its reasonable attorneys' fees and costs, as against Plaintiffs or counsel for continued disregard of this Court's orders.

NLG also argues that the Court should deny Defendants' Motion to Dismiss as moot as to Plaintiff Jane Doe NLG 2 (V.F.), on the same basis. However, unlike the four Plaintiffs listed above, Uber's records show that Plaintiff Jane Doe NLG 2 (V.F.) has not, in fact, produced a ride receipt or information form. As such, Defendants' Motion to Dismiss is not moot as to this Plaintiff.

---

[2] *See* Exhibit A for a chart consolidating all the Plaintiffs in the Motion to Dismiss and Uber's proposed actions with respect to each.

**B. Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused just because it is difficult to reach their own clients.**

The thrust of NLG's argument is that counsel have "diligently" tried to contact Plaintiffs in order to obtain ride receipt information from them, but have been thus far unsuccessful in contacting them. Specifically, the NLG Plaintiffs argue that:

> We have been engaged to represent these women, were provided with information about their cases and contact information but have lost communication or have been unable to reach the clients, despite our best efforts. These efforts include numerous phone calls, emails, texts, letters, written communications, and full contact and address searches.... Simply put, while we have made every effort to reach these Plaintiffs to obtain a bona fide ride receipt or information sheet, we have not received any indication that these clients are actually aware that they have failed to comply with the Court's Order. What we do know is that our process of reestablishing contact and communication with clients has been effective in many instances, and it is clear that these Plaintiffs are resurfacing over time and through the different contact methods we are using.

ECF No. 4619 at 4. Plaintiffs cite no legal authority in support of this argument, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging, but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**C. Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused and mandates dismissal under the first and second *Malone* factors.**

NLG offers various excuses as to why their noncompliance is either understandable or minimal in context and why the Court should not be bothered by it. These attempts to explain away their noncompliance are unavailing. At bottom, the Court still has an abiding interest in safeguarding the

3

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized by the *Malone* court. *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Plaintiffs cannot ignore this Court's obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation. By choosing to file their lawsuits, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes unpleasant or even "coercive," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

NLG also complains that it "has already decreased the number of Plaintiffs with missing information and/or documents in a majority of cases that this issue has been raised," seemingly arguing that both Uber and the Court should accept its partial compliance as good enough. ECF No. 4619 at 6. However, it cannot be overstated that this is not a class action but an MDL and Plaintiffs' cases remain "fundamentally separate actions," even where they share attorneys. *In re Korean Air Lines Co.,* 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have individual discovery obligations and cannot take advantage of being in an MDL to avoid them. *Sanchez v. Autozone, Inc.*, No. 14-CV-01347 DDP-PLA, 2018 WL 6137165, at *5 (C.D. Cal. Mar. 27, 2018). The fact that some *other* NLG Plaintiffs have submitted ride receipts does not excuse the failure of the NLG Plaintiffs at issue here to comply with this Court's order to timely submit a ride receipt or information sheet, any more than the fact that other plaintiffs in other cases have complied with other court orders. As the Court put it in *Holley v. Gilead Sciences, Inc.*, MDLs "are not class actions. You have 1,000 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate a thousand individual cases. There it is. That's a burden you willingly accepted because you thought it was a good strategy and, because you're a profit-making enterprise, you thought you would make more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

Notwithstanding these proffered justifications for flouting this Court's orders, the Court still has a heavy interest in managing its own docket and safeguarding the public's interest in expeditious resolution of this litigation, and these factors militate in favor of dismissal.

**D. Uber has been prejudiced by Plaintiffs' failure to timely submit a ride receipt and thus the third *Malone* factor has been satisfied.**

The NLG Plaintiffs contend that their failure to comply with this Court's Order to timely submit a ride receipt does not "impair Uber's ability to go to trial because the only further case-specific discovery that will take place is in those cases set for bellwether trials." ECF No. 4619 at 7. Plaintiff argues that Defendants' reliance on *In Re Phenylpropanolamine (PPA) Product Liability Litigation* is misplaced because, in *PPA*, the failure to submit a PFS in that case prevented other discovery deadlines from being triggered, but the court in *PPA* did not rely on that fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA*, 460 F.3d at 1227. The *PPA* Court further recognized the risk that "[f]ailure to produce information without a good reason increases the risk of prejudice from unavailability of witnesses and loss of records." *Id.* at 1234. The same is true here. Plaintiff's failure to provide a bona fide ride has prejudiced Uber's overall ability to defend itself given the absence of substantive information about the individual plaintiffs or their injuries outside the allegations of the complaint. *See In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig. (In re Bextra)*, No. 05-CV-01699CRB, 2007 WL 136625, at *1 (N.D. Cal. Jan. 12, 2007). And Uber will also have to contend with the danger that evidence and memory will be lost with the Plaintiffs' delay in submitting their bona fide receipt and ride information form. *Id.* The prejudice to Uber is particularly acute given that it must prepare to defend thousands of cases in a short time frame. *See In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*, 496 F.3d 863, 867 (8th Cir. 2007). By failing to timely submit information that should be readily available to them, Plaintiffs are unfairly, and now knowingly, depriving Uber of time it needs to prepare its defenses in this complex litigation.

Indeed, the ride receipts that Plaintiffs were ordered to produce are necessary to provide the most basic information about where and when the alleged incidents occurred. Uber needs time to meaningfully follow up on this information and incorporate it into its litigation strategy. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). This is especially true in this multidistrict litigation where Uber faces "time pressure" to investigate over 2,800 claims. *In Re Guidant,* 496 F.3d at 867.

1  And, it also true that Uber has been prejudiced by the increased costs and burdens of litigation from
2  having to repeatedly remind Plaintiffs of their Court-ordered obligation to produce this basic
3  information, monitoring productions for thousands of plaintiffs, preparing Notices of Delinquency,
4  and engaging in motion practice. *See Mendia v. Garcia*, 2017 WL 6210603, at *12 (N.D. Cal. May
5  31, 2017) (dismissing case because Plaintiff's inaction had drawn out the proceedings, placed
6  unnecessary burdens on Defendants and the Court, and prevented the parties from engaging in
7  meaningful settlement negotiations). These Plaintiffs have not provided the required ride receipt or
8  information, which has substantially prejudiced Uber, thus dismissing their cases without prejudice is
9  warranted.

10  **E. Plaintiffs' failure to comply with the Court's order overrides the public policy favoring**
11  **disposition on the merits, and no less drastic sanction is available.**

12  Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's
13  inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-
14  JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of*
15  *N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse
16  its discretion in determining the factors supporting dismissal outweighed the public policy favoring
17  disposition on the merits"). Courts have recognized that dismissal is an appropriate remedy where a
18  party has previously been warned about its non-compliance with a court order and still failed to
19  comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir.
20  1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal.
21  April 16, 2020).

22  NLG argues that there is a less drastic measure available, such as allowing "additional time to
23  reach this Plaintiff." ECF No. 4619 at 9. But, as explained in Uber's Motion, courts have rejected
24  excuses of the sort NLG proffers here, including "the difficulty in locating clients, the debilitating
25  nature of the injuries issue, and the burden of complying with other case management orders." *In re*
26  *PPA*, 460 F.3d at 1233; *see also In re Deepwater Horizon*, 907 F.3d 232, 324 (5th Cir. 2018)
27  (plaintiffs' counsel argued "they were having technical filing issues, and that they had 'clients that

28

6
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5
Case No. 3:23-MD-3084-CRB

[were] out of town, out of the country, or working offshore and unable to respond to counsel.'") (alterations in original) (citation omitted)). Indeed, Uber is not even requesting dismissal *with prejudice*—a sanction that MDL courts have repeatedly found warranted in light of noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019). These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351 (5th Cir. 2020); *In re Guidant*, 496 F.3d at 865–66. What Uber is seeking—dismissal *without prejudice*—is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a ride receipt, which would be contrary to law and highly prejudicial to Uber.

**F.   Meeting and conferring would have been futile.**

NLG's response also argues that Uber's Motion prejudices Plaintiffs because Uber should have met and conferred with Plaintiffs before filing its motion. ECF No. 4619 at 4-5. But there was nothing for Uber and the Plaintiffs to meet and confer about – parties lack the power to agree among themselves to disregard deadlines set forth in a court order. *In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *3 (N.D. Cal. March 19, 2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or not."); *Brown v. Wescott*, No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013) ("The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements."). And even if the parties could agree to disregard the Court's orders, NLG admits that it has lost contact with its clients, and therefore would not have authority to enter into agreements with Uber.  The meet and confer requirement can be excused where, as here, meeting and conferring would be futile. *Tapgerine, LLC v. 50Mango, Inc.*, No. C 16-06504, 2017 WL 1956874, at *3 (N.D. Cal. May 11, 2017). And regardless, Uber and NLG have repeatedly discussed the Plaintiffs' failure to submit bona fide receipts and information forms.

**G. Conclusion.**

Plaintiffs' failure to comply with court orders and rules continues. Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers into intentional

7
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

avoidance of Court-mandated deadlines. Plaintiffs' Oppositions raise procedural and substantive objections, but none of them change the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the Court's Order to submit a bona fide ride receipt or information form. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: December 17, 2025

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC