ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: | |
| *A.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-07699-CRB | Date:      January 16, 2026<br>Time:      10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1   *A.D. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07091-CRB

2

3   *A.E. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07668-CRB

4   *A.P. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07148-CRB

5

6   *C.F. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07698-CRB

7   *CLF T.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04281-CRB

8

9   *D.V. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07747-CRB

10   *J.K.R. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07734-CRB

11

12   *Jane Doe LS 618 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06160-CRB

13   *Jane Doe LS 619 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06243-CRB

14

15   *Jane Doe LS 620 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06249-CRB

16   *Jane Doe LS 621 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06297-CRB

17

18   *Jane Doe LS 622 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06306-CRB

19   *Jane Doe LS 625 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06539-CRB

20

21   *Jane Doe LS 626 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06541-CRB

22   *Jane Doe LS 627 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06547-CRB

23

24   *Jane Doe LS 628 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06552-CRB

25   *Jane Doe LS 630 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06861

26

27   *Jane Doe LS 633 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07285-CRB

28

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

1   *Jane Doe LS 634 v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-07323-CRB
2
    *Jane Doe LS 639 v. Uber Technologies,*
3   *Inc., et al.,* No. 3:25-cv-07616-CRB

4   *Jane Doe LS 640 v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-07628-CRB
5
    *Jane Doe LS 641 v. Uber Technologies,*
6   *Inc., et al.,* No. 3:25-cv-07844-CRB

7   *Jane Doe LS 642 v. Uber Technologies,*
    *Inc., et al.,* No. 3:25-cv-07894-CRB
8
    *Jane Doe NLG (A.D.) v. Uber*
9   *Technologies, Inc., et al.,* No. 3:25-cv-
    07407-CRB
10
    *Jane Doe NLG (A.H.) v. Uber*
11  *Technologies, Inc., et al.,* No. 3:25-cv-
    07400-CRB
12
    *Jane Doe NLG (D.L.) v. Uber*
13  *Technologies, Inc., et al.,* No. 3:25-cv-
    07478-CRB
14
    *Jane Doe NLG (J.D.) v. Uber*
15  *Technologies, Inc., et al.,* No. 3:25-cv-
    07482-CRB
16
    *Jane Doe NLG (J.L.) v. Uber*
17  *Technologies, Inc., et al.,* No. 3:25-cv-
    07545
18
    *Jane Doe NLG (L.F.) v. Uber*
19  *Technologies, Inc., et al.,* No. 3:25-cv-
    07542-CRB
20
    *Jane Doe NLG (L.R.) v. Uber*
21  *Technologies, Inc., et al.,* No. 3:25-cv-
    07423-CRB
22
    *Jane Doe NLG (N.T.) v. Uber*
23  *Technologies, Inc., et al.,* No. 3:25-cv-
    07540-CRB
24
    *Jane Doe NLG (R.H.) v. Uber*
25  *Technologies, Inc., et al.,* No. 3:25-cv-
    07403-CRB
26
    *Jane Doe NLG (S.M.) v. Uber*
27  *Technologies, Inc., et al.,* No. 3:25-cv-
    07543-CRB
28

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

1    *Jane Doe NLG (T.P.) v. Uber*
     *Technologies, Inc., et al.,* No. 3:25-cv-
2    07484-CRB

3    *Jane Doe NLG (V.M.) v. Uber*
     *Technologies, Inc., et al.,* No. 3:25-cv-
4    07467-CRB

5    *Jane Doe NLG 2 (M.P.) v. Uber*
     *Technologies, Inc., et al.,* No. 3:25-cv-
6    07312-CRB

7    *Jane Roe CL 192 v. Uber Technologies,*
     *Inc., et al.,* No. 3:25-cv-06608-CRB
8
     *Jane Roe CL 195 v. Uber Technologies,*
9    *Inc., et al.,* No. 3:25-cv-06735-CRB

10   *Jane Roe CL 198 v. Uber Technologies,*
     *Inc., et al.,* No. 3:25-cv-06822-CRB
11
     *Jane Roe CL 201 v. Uber Technologies,*
12   *Inc., et al.,* No. 3:25-cv-06826-CRB

13   *Jane Roe CL 202 v. Uber Technologies,*
     *Inc., et al.,* No. 3:25-cv-07377-CRB
14
     *Jane Roe CL 203 v. Uber Technologies,*
15   *Inc., et al.,* No. 3:25-cv-07379-CRB

16   *Jane Roe CL 204 v. Uber Technologies,*
     *Inc., et al.,* No. 3:25-cv-07472-CRB
17
     *Jane Roe CL 205 v. Uber Technologies,*
18   *Inc., et al.,* No. 3:25-cv-07763-CRB

19   *John Doe LS 15 v. Uber Technologies,*
     *Inc., et al.,* No. 3:25-cv-07862-CRB
20
     *John Roe CL 8 v. Uber Technologies,*
21   *Inc., et al.,* No. 3:25-cv-07768-CRB

22   *K. H. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-07700-CRB
23
     *M.T. v. Uber Technologies, Inc., et al.,*
24   No. 3:25-cv-07831-CRB

25   *M.W. v. Uber Technologies, Inc., et al.,*
     No. 3:25-cv-07753-CRB
26
     *R.N. 02 v. Uber Technologies, Inc., et*
27   *al.,* No. 3:25-cv-07097-CRB

28

*S.S. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-07149-CRB

*S.W. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-07695-CRB

*T.K. v. Uber Technologies, Inc., et al.,*
No. 3:25-cv-06734-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

In its Motion to Dismiss Cases for Failure to Comply with Court Order, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. PTO 10 at 5-6, ECF No. 348; Amended PTO 10 at 4-5, ECF No. 4274-1, ECF No. 4286. These Plaintiffs' noncompliance with the Court's orders impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial.

Nothing in Plaintiffs' Oppositions alters this conclusion. Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances, including in MDL proceedings where plaintiffs fail to submit complete and timely fact sheets. *See, e.g., In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006) (affirming dismissal with prejudice of cases for failure to submit complete PFS); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.) (dismissing with prejudice those plaintiffs' cases who failed to file PFS and otherwise provide discovery pursuant to PTO); *In re Taxotere (Docetaxel) Prods. Liab. Litig.*, 966 F.3d 351, 354 (5th Cir. 2020) (affirming dismissal with prejudice where plaintiff consistently failed to submit a complete PFS in spite of "numerous extensions and grace periods"); *In re Guidant Corp. Implantable Defibrillators Prods. Liab. Litig. (In re Guidant)*, 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sept. 9, 2019) (dismissing with prejudice for failure to submit PFS).

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

1    In their oppositions, twelve Plaintiffs from Wagstaff[1], Levin Simes[2], the Nachawati Law

2    Group[3], and Cutter Law[4] responded that, following Uber's motion, they belatedly submitted a PFS

3    and should therefore not be subject to dismissal without prejudice. ECF Nos. 4631 at 1, 4633 at 1,

4    4620 at 3, 4624 at 1. Uber has confirmed that these Plaintiffs have in fact belatedly submitted a PFS,

5    and therefore withdraws its motion as to them, although Uber reserves any potential arguments

6    regarding prejudice and the sufficiency of Plaintiffs' late submissions.[5]

7    Uber maintains that its Motion to Dismiss against the remaining 42 Plaintiffs is proper. First,

8    Uber seeks dismissal as to any of the Plaintiffs who failed to file an Opposition to the Motion to

9    Dismiss. Twelve Plaintiffs[6] represented by Reich & Binstock and the Clarkson Law firm have not

10   responded to Uber's motion (in addition to failing to submit PFS), and for that reason alone, the motion

11   should be granted as to them. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL

12   2028305, at *1 (9th Cir. July 21, 2025). Second, any incarcerated Plaintiffs should not be excused

13   from compliance with Amended PTO 10. Two Levin Simes[7] Plaintiffs appear to be currently

14   incarcerated, and Levin Simes suggests that this should be a basis for excluding them from Uber's

15   Motion to Dismiss. ECF No. 4633 at 1. However, the fact that a plaintiff is incarcerated "does not

16   excuse plaintiff's obligations to prosecute the case and comply with the federal rules of civil

17   procedure." *Rodgers v. Alameda Cnty. Social Servs. Agency*, Nos. C-98-3760 VRW & C-00-4470

18   VRW, 2001 WL 58966, at *1 (N.D. Cal. Jan. 12, 2001). These Plaintiffs, like any others, have chosen

19   to avail themselves of the justice system and must follow its rules or abide by the consequences.

20   In addition, some of the law firms launch various procedural and substantive challenges to the

21

22   _____

23   [1] One Plaintiff from Wagstaff: A.P.
     [2] One Plaintiff from Levin Simes: Jane Doe LS 641.
     [3] Five Plaintiffs from the Nachawati Law Group: Jane Doe NLG (A.H.), Jane Doe NLG (D.L.), Jane Doe NLG (L.R.),
     Jane Doe NLG (S.M.), and Jane Doe NLG (M.P.).

24   [4] Five Plaintiffs from Cutter Law: Jane Roe CL 195, Jane Roe CL 198, Jane Roe CL 203, Jane Roe CL 205, and John
     Roe CL 8.

25   [5] It should be noted that Levin Simes claims that one Plaintiff, Jane Doe LS 639, will (prospectively) cure "shortly."
     ECF No. 4633 at 1 (stating, "[w]e have also been in contact with Jane Doe LS 639, and believe that she will submit her

26   PFS shortly"). To date, Plaintiff has not submitted a PFS. Unless and until Jane Doe LS 639 cures, Uber maintains its
     Motion to Dismiss as to her.

27   [6] Plaintiffs A.B., A.D., A.E., C.F., C.L.F. T.M., D.V., J.K.R., K.H., M.T., M.W., R.N. 02, and S.W..
     [7] Jane Doe LS 619 and Jane Doe LS 626.

28

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

1    Motion to Dismiss, but all of these challenges are unavailing. The Wagstaff Law Firm and the

2    Nachawati Law Group argue that Uber's Motion to Dismiss is procedurally improper because Uber

3    should have instead sought an order to show cause or met and conferred with Plaintiffs before filing

4    its Motion. ECF No. 4631 at 2, ECF No. 4620 at 4-5. But, as discussed below, Uber appropriately

5    filed a motion to dismiss as permitted by Federal Rules of Civil Procedure 37 and 41.

6        Some Plaintiffs contend that—although they have failed to submit fact sheets required by court

7    order—they had "good" reasons for not doing so, and this Court should not dismiss their cases so they

8    can continue their efforts to reach their clients. ECF Nos. 4124 at 1; 4631 at 3; 4624 at 1. However, as

9    recognized by the *Malone* court, this Court has an abiding interest in safeguarding the public's interest

10   in expeditious resolution of the litigation and the Court's need to manage its own docket, and thus

11   Plaintiffs' noncompliance should not be countenanced. Finally, Plaintiffs assert that Uber has not been

12   harmed by their failings and that dismissal is too harsh of a sanction for their violation of Court orders.

13   ECF No. 4631 at 3; ECF No. 4620 at 5. But Uber has been harmed, as set forth herein. And Plaintiffs

14   have already been given warnings of their noncompliance, making dismissal an appropriate remedy.

15   *See, e.g.*, *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997).

16       Pursuant to the procedures set forth in Amended Pretrial Order No. 10, Uber seeks an order

17   dismissing the 42 Plaintiffs' cases[8] without prejudice for failure to timely and substantially comply

18   with Amended PTO 10.[9]

19                          **<u>ARGUMENT</u>**

20   **I.    Twelve Plaintiffs have not responded to Uber's motion and therefore should be
             deemed to have consented to the relief sought.**

22   The Reich & Binstock law firm representing Plaintiffs A.B., A.D., A.E., C.F.., D.V., J.K.R.,

---

[8] Uber seeks to dismiss the following 42 Plaintiffs' cases without prejudice: A.B., A.D., A.E., C.F., CLF T.M., D.V.,
J.K.R., Jane Doe LS 618, Jane Doe LS 619, Jane Doe LS 626, Jane Doe LS 620, Jane Doe LS 621, Jane Doe LS 622, Jane
Doe LS 625, Jane Doe LS 627, Jane Doe LS 628, Jane Doe LS 630, Jane Doe LS 633, Jane Doe LS 634, Jane Doe LS 639,
Jane Doe LS 640, Jane Doe LS 642, Jane Doe NLG (A.D.), Jane Doe NLG (J.D.), Jane Doe NLG (J.L.), Jane Doe NLG
(L.F.), Jane Doe NLG (N.T.), Jane Doe NLG (R.H.), Jane Doe NLG (T.P.), Jane Doe NLG (V.M.), Jane Roe CL 192, Jane
Roe CL 201, Jane Roe CL 202, Jane Roe CL 204, John Doe LS 15, K.H., M.T., M.W., R.N. 02, S.S., S.W., and T.K..
[9] *See* Exhibit A for a chart consolidating all the Plaintiffs in the Motion to Dismiss and Uber's proposed actions with
respect to each.

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

K.H., M.T., M.W., R.N. 02, and S.W. have failed to file an opposition to Uber's Motion to Dismiss. In addition, the Clarkson law firm representing Plaintiff C.L.F. T.M has not filed an opposition to Uber's Motion to Dismiss.

"Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL 2028305, at *1. Thus, because Plaintiffs A.B., A.D., A.E., C.F., D.V., J.K.R., K.H., M.T., M.W., R.N. 02, S.W, and C.L.F. T.M. compounded their failure to timely produce Plaintiff Fact Statements by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to those twelve Plaintiffs.

## II. Uber withdraws its motion as to those Plaintiffs who have belatedly produced Plaintiff Fact Sheets.

Twelve Plaintiffs from Wagstaff [10], Levin Sims[11], the Nachawati Law Group[12], and Cutter Law[13] claim that, following Uber's motion, they belatedly submitted a PFS and should not be subject to dismissal with prejudice. ECF Nos. 4633 at 1 (claiming Jane Doe LS 641 produced a PFS on 10/10/25); 4620 at 3 (claiming Jane Doe NLG (A.H.), Jane Doe NLG (D.L.), Jane Doe NLG (L.R.), Jane Doe NLG (S.M.), and Jane Doe NLG (M.P.) submitted a PFS on 12/10/25), 4624 at 1 (claiming PFS submitted for Plaintiffs Jane Roes CL 195, 198, 203, and 205, and John Roe CL 8). These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Uber reserves the right to seek an award of

---

[10] One Plaintiff from Wagstaff: A.P.
[11] One Plaintiff from Levin Sims: Jane Doe LS 641.
[12] Five Plaintiffs from the Nachawati Law Group: Jane Doe NLG (A.H.), Jane Doe NLG (D.L.), Jane Doe NLG (L.R.), Jane Doe NLG (S.M.), and Jane Doe NLG (M.P.).
[13] Five Plaintiffs from Cutter Law: Jane Roe CL 195, Jane Roe CL 198, Jane Roe CL 203, Jane Roe CL 205, and John Roe CL 8

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

1  sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or counsel for continued

2  disregard of this Court's orders.

3      **III.    Uber's motion was procedurally proper.**

4      The Wagstaff Law Firm and Nachawati Law Group launch various misplaced procedural

5  objections to Uber's Motion to Dismiss. First, the Wagstaff Law Firm argues that Uber's motion was

6  "procedurally improper," claiming that Uber needed to seek an order to show cause to make a record

7  in support of "the requisite showing of 'flagrant disregard.'" ECF No. 4631 at 2. This misstates the

8  requisite showing for dismissal, which is "noncompliance… due to willfulness, fault, or bad faith."

9  *Fjelstad v. Honda Motor Co., Inc.*, 762 F.2d 1334, 1337 (9th Cir. 1985). Although the Ninth Circuit

10  has "specifically encouraged dismissal" in cases involving flagrant disregard of court orders, *Sigliano*

11  *v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981), flagrant disregard is not required. Rather,

12  "[d]isobedient conduct not shown to be outside the litigant's control meets this standard." *Fair Hous.*

13  *of Marin v. Comb*s, 285 F.3d 899, 905 (9th Cir. 2002). Uber's motion showed that Plaintiffs have

14  disobeyed this Court's order and Plaintiffs have not shown the disobedience to be outside their control.

15      Second, the Nachawati Law Group's Opposition argues that Uber's Motion prejudices

16  Plaintiffs because, pursuant to L.R. 37-1, Uber should have met and conferred with Plaintiffs before

17  filing its motion. ECF No. 4620 at 4-5. But there was nothing for Uber and the Plaintiffs to meet and

18  confer about – parties lack the power to agree among themselves to disregard deadlines set forth in a

19  court order. *In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *3 (N.D. Cal. Mar. 19,

20  2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or

21  not"); *Brown v. Wescott*, No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013)

22  ("The Parties do not have the power to alter Court orders setting deadlines by entering into side

23  agreements"). Even if the parties could agree to disregard the Court's orders, Nachawati Law Group

24  admits that it lost contact with its clients, and therefore would not have the authority to enter into any

25  agreements with Uber. The meet and confer requirement can be excused where, as here, meeting and

26  conferring would be futile. *Tapgerine, LLC v. 50Mango, Inc*., No. C 16-06504, 2017 WL 1956874, at

27  *3 (N.D. Cal. May 11, 2017). And regardless, Uber and the Nachawati Law Group have repeatedly

28

discussed the Plaintiffs' PFS deficiencies, including most recently by serving these Plaintiffs with a "Notice of Overdue Discovery" identifying the Plaintiff's Amended PTO 10 violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. In other words, the parties' positions are known to one another and further conferrals would not be constructive or required.

## IV.    Plaintiffs' Failure to Comply with this Court's PFS Deadline Cannot Be Excused and Mandates Dismissal Under the First and Second *Malone* Factors.

Several of the Plaintiffs argue that, although they have failed to submit fact sheets, they have good reasons for not doing so, and this Court should not dismiss their cases so Plaintiffs' counsel can continue their efforts to reach their clients. ECF Nos. 4624 at 1; 4631 at 3; 4624 at 1. Specifically, Cutter Law argues that "a Plaintiff may become unavailable for a variety of reasons. Counsel has utilized extensive efforts to reach each of the clients, predating the filing of Defendant's motion." ECF No. 4624 at 1. The Wagstaff Law Firm points out that "the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on" and that Counsel will continue its efforts with the Plaintiffs to cure their deficiencies. ECF No. 4631 at 3. Finally, Levin Simes argues that "[t]here are many reasons why these victims of sexual assault could be unresponsive after having their case stayed for many years," and therefore requests an unspecified amount of additional time to follow up with these Plaintiffs. ECF No. 4633 at 1.

This meager attempt to explain away Plaintiffs' noncompliance is unavailing. At bottom, the Court still has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized by the first two factors outlined by the Court in *Malone*. *Malone*, 833 F.2d at 130. These law firms are essentially arguing that the first two factors under *Malone* should be ignored because "there are many reasons" why a Plaintiff may become unavailable, and thus make compliance with a Court order impossible. ECF No. 4633 at 1.

Whether couched in the language of the *Malone* factors or not, Plaintiffs cannot ignore this Court's obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation. While there might be various challenges confronting Plaintiffs who have allegedly suffered all types of harms, courts have recognized that difficulty in locating clients or the difficult nature of the injuries at issue are not adequate excuses for the failure to comply with a court

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

order. *In re Phenylpropanolamine Prods. Liab. Litig.*, 460 F.3d 1217, 1233 (9th Cir. 2006); *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024) ("Defendants' travel schedule is no excuse for failure… to comply with the court's discovery orders."). By choosing to file their lawsuits, Plaintiffs have agreed to take on the burdens of compliance with court orders, which by their nature may be personally challenging but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

## V. Plaintiffs' Failure to Comply with the Court's Order Overrides the Public Policy Favoring Disposition on the Merits, and No Less Drastic Sanction is Available.

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC,* No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.,* No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And, dismissal is not too drastic a sanction in this case. This Court has already recognized that "Plaintiffs' failure to provide substantially complete and verified fact sheets has caused prejudice to Uber" and that dismissal without prejudice is an appropriate remedy. ECF No. 3922. And, other courts in this Circuit have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). Indeed, Uber is not even requesting dismissal with prejudice of Plaintiffs' cases despite their long-term non-compliance with this Court's order and previous warnings, but rather seeks only dismissal without prejudice. This is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a PFS, which would be contrary to law and highly prejudicial to Uber. There is no situation in which an unsubstantiated claim should persist in this litigation, particularly given the fact that many other Plaintiffs are fully able to

1   submit the required information.

2       **VI.    Conclusion.**

3       Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable

4   delay and veers head into intentional avoidance of Court-mandated deadlines in pursuit of allegations

5   that seemingly have no plaintiff attached to them. None of the Plaintiffs' Opposition motions change

6   the basic facts here: despite many months in which to do so, Plaintiffs have still not complied with the

7   Court's Order to submit a complete and verified Plaintiff Fact Sheet. Their excuses for failing to do

8   so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take

9   the same approach as other MDL courts and dismiss these Plaintiffs'[14] claims without prejudice.

10

11  Dated: December 17, 2025                    SHOOK, HARDY & BACON L.L.P.

12

13                                              By: */s/ Michael B. Shortnacy*

14                                              MICHAEL B. SHORTNACY (SBN: 277035)
                                                mshortnacy@shb.com
15                                              **SHOOK, HARDY & BACON L.L.P.**
16                                              2121 Avenue of the Stars, Suite 1400
                                                Los Angeles, CA 90067
17                                              Telephone: (424) 285-8330
                                                Facsimile: (424) 204-9093
18

19                                              *Attorney for Defendants*
                                                UBER TECHNOLOGIES, INC.,
20                                              RASIER, LLC, and RASIER-CA, LLC

21

22

23

24

25  ---
    [14] Uber seeks to dismiss the following 42 Plaintiffs' cases without prejudice: A.B., A.D., A.E., C.F., CLF T.M., D.V.,
    J.K.R., Jane Doe LS 618, Jane Doe LS 619, Jane Doe LS 626, Jane Doe LS 620, Jane Doe LS 621, Jane Doe LS 622, Jane
26  Doe LS 625, Jane Doe LS 627, Jane Doe LS 628, Jane Doe LS 630, Jane Doe LS 633, Jane Doe LS 634, Jane Doe LS 639,
    Jane Doe LS 640, Jane Doe LS 642, Jane Doe NLG (A.D.), Jane Doe NLG (J.D.), Jane Doe NLG (J.L.), Jane Doe NLG
27  (L.F.), Jane Doe NLG (N.T.), Jane Doe NLG (R.H.), Jane Doe NLG (T.P.), Jane Doe NLG (V.M.), Jane Roe CL 192, Jane
    Roe CL 201, Jane Roe CL 202, Jane Roe CL 204, John Doe LS 15, K.H., M.T., M.W., R.N. 02, S.S., S.W., and T.K.
28

DEFENDANTS' REPLY IN SUPPORT OF MTD CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10
                                                Case No. 3:23-MD-3084-CRB