RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB<br><br>**RESPONSE TO ORDER REGARDING MOTION TO DISMISS DUPLICATIVE CASES** |
| This Document Relates to:<br><br>*K.L. v. Uber Technologies, Inc., et al;*<br>*3:25-cv-06178-CRB* | Honorable Charles R. Breyer |

## INTRODUCTION

On December 2, 2025, this Court issued an order to show cause as to why Plaintiff K.L. ("Plaintiff") should not be required to pay Defendants' attorneys' fees and costs incurred to file their Motion to Dismiss Duplicative cases. *See Docket No. 4051.* Plaintiff respectfully submits this response and the accompanying Declaration of Rachel B. Abrams ("Decl.").

## STATEMENT OF FACTS

On July 22, 2025, Plaintiff Jane Doe LS 618, through counsel at Levin Simes, LLP ("Levin Simes") filed a complaint alleging that a driver on the Uber platform sexually assaulted

1    or harassed her in Dallas, Texas, on July 29, 2023. Complaint, *Jane Doe L.S. 618 v. Uber*

2    *Technologies, Inc. et al., No.3:25-cv-06160-CRB, ECF No. 1* (N.D. Cal. July 22, 2025). Decl. ¶

3    2. One day later, on July 23, 2025, Plaintiff filed a second complaint relating to the same incident

4    through counsel at Peiffer Wolf Carr Kane Conway & Wise, LLP ("Peiffer Wolf"). Complaint,

5    *K.L. v. Uber Technologies, Inc. et al., No. 3:25-cv-06178-CRB, ECF No. 1* (N.D. Cal. July 23,

6    2025). Peiffer Wolf submitted the Plaintiff Fact Sheet on August 21, 2025. Decl. ¶ 3.

7         On August 21, 2025, Uber notified Peiffer Wolf and Levin Simes that both firms filed

8    claims on behalf of Plaintiff. Decl. ¶ 4. Peiffer Wolf reached out to Levin Simes multiple times

9    to resolve this dual representation issue but were unable to get a response until after Defendants

10   filed their motion to dismiss. Decl. ¶ 5. Defendants filed their Motion to Dismiss Duplicative

11   Cases on October 14, 2025. Decl. ¶ 6. Plaintiff filed a response to that motion on October 28,

12   2025. Decl. ¶ 7. Defendants did not send any additional communications about this dual

13   representation between August 21, 2025, and when they filed their motion on October 14, 2025;

14   nor did Defendants ever indicate to Plaintiff's counsel their intent to seek attorneys' fees or

15   sanctions.

16        On October 28, 2025, Plaintiff's counsel resolved the dual representation issue, agreeing

17   that Levin Simes would continue with the case it filed, and Peiffer Wolf would dismiss the case

18   that it filed. Decl. ¶ 8. On November 5, 2025, Peiffer Wolf filed a notice of voluntary dismissal.

19   Decl. ¶ 9.

20                              **ARGUMENT**

21        Defendants' request for sanctions related to their Motion to Dismiss is unwarranted and

22   should be denied. As the above timeline makes clear, court intervention was unnecessary to

23   resolve this dual representation. Defendants may have been frustrated that Plaintiff's counsel did

24   not resolve the dual representation issue immediately after the first (and only) notice of that issue,

25   but Defendants' decision to seek court intervention and incur the fees it now seeks as sanctions

26   was not compelled by any pressing exigency or bad-faith conduct by Plaintiff or her counsel.

27   Undersigned counsel acknowledges that the dual representation issue was not resolved before

28   Defendants filed their Motion and could have been addressed more expeditiously. That delay does

1    not warrant sanctions, however, as it did not result from bad-faith or vexatious conduct. Levin

2    Simes and Peiffer Wolf understood their obligations to address the issue and were attempting to

3    do so, as they have worked together throughout this litigation to resolve similar issues. That

4    resolution simply did not happen in the timeframe Defendants would have liked, and they

5    unilaterally decided to file a Motion to Dismiss and seek sanctions, without any further attempt

6    to resolve the issue without judicial intervention.

7         This is relevant for two reasons. First, Defendants' Motion needlessly wasted judicial and

8    party resources with wholly avoidable motion practice over a routine housekeeping issue. Next,

9    and more importantly, Defendants' decision to seek sanctions without any further communication

10   with Plaintiff's counsel renders that request procedurally improper. A motion for sanctions may

11   be brought only after notice to the opposing party. Fed. R. Civ. P. 37; N.D. Cal. Civ. L.R. 7-2, 7-

12   8. As noted above, Defendants filed their Motion to Dismiss requesting sanctions without first

13   communicating to Plaintiff that they would seek such a penalty if certain conditions were not met.

14   Because Defendants failed to satisfy this threshold procedural requirement, its request for

15   sanctions is improper and should be denied.

16        Additionally, Defendants' request for sanctions is meritless. They cite to cases where

17   sanctions were awarded for clear litigation abuses or bad faith conduct. *See Evon v. Law Offices*

18   *of Sidney Mickell,* 688 F.3d 1015, 1035 (9th Cir. 2012) (sanctioning attorney for violating his own

19   protective order and failing to seal and redact his client's confidential documents); *Burris v.*

20   *JPMorgan Chase & Co*., No. 21-16852, 2024 WL 1672263, at *3 (9th Cir. 2024) (dismissing

21   case and sanctioning attorney for intentional spoliation of evidence after finding that attorney

22   intentionally acted to destroy ESI considered to be "irretrievably lost"). Thus even the cases

23   Defendants cite in support of sanctions reveal that  request to be wholly unwarranted. No action

24   or omission by Plaintiff or her counsel even approaches the kind of litigation abuse or bad faith

25   conduct that would warrant sanction. Defendants' request for sanctions should be denied.

26                                   **<u>CONCLUSION</u>**

27        Counsel respectfully requests the Court deny Defendants' request that Plaintiff K.L. pay

28   their attorneys' fees and costs.

1    DATED: December 19, 2025                RESPECTFULLY SUBMITTED,

2                                            BY: */S/ RACHEL B. ABRAMS*
                                             RACHEL B. ABRAMS (CAL BAR NO. 209316)
3                                            ADAM B. WOLF (CAL BAR NO. 215914)
                                             **PEIFFER WOLF CARR KANE CONWAY &**
4                                            **WISE, LLP**
5                                            555 MONTGOMERY STREET, SUITE 820
                                             SAN FRANCISCO, CA 94111
6                                            TELEPHONE: 415.766.3544
                                             FACSIMILE: 415.840.9435
7                                            EMAIL: RABRAMS@PEIFFERWOLF.COM
8                                                     AWOLF@PEIFFERWOLF.COM

9                                            TIFFANY R. ELLIS (*ADMITTED PHV*)
                                             **PEIFFER WOLF CARR KANE CONWAY &**
10                                           **WISE, LLP**
                                             2229 TRUMBULL ST.
11                                           DETROIT, MI 48216
                                             TELEPHONE: 313.210.1559
12                                           FACSIMILE: 415.840.9435
                                             EMAIL: TELLIS@PEIFFERWOLF.COM
13
14                                           *COUNSEL FOR PLAINTIFF*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RESPONSE TO ORDER TO SHOW CAUSE