ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to:  *P.L. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-02847-CRB | Date:        February 13, 2026  Time:        10:00 a.m.  Courtroom:  6 – 17th Floor |

1  *C.M. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05182-CRB

2  *Jane Doe NLG (M.M.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02653-CRB

3

4  *Jane Doe 692195 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03421-CRB

5

6  *Jane Doe KGDB 016 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04337-CRB

7

8  *Jane Doe KGDB 018 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04355-CRB

9

10 *Jane Doe 694403 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04585-CRB

11 *Watt v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04704-CRB

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1.   I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2.   I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3.   In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4.   On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF No. 4274. The Court granted the stipulation on November 3. ECF No. 4286.

5.   Amended PTO 10 requires Plaintiffs to, within thirty days of the entry of the revised Order or thirty days of submitting their PFS, produce their medical and/or therapy records and police reports, law enforcement and forensic records relating to the alleged incident. ECF No. 4274-1 at 4-5. If a Plaintiff does not already have such records in their possession, counsel must order the records within thirty days and produce them within fourteen days of receipt. *Id.* Procedurally, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve

1  them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if
2  Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to
3  cure within thirty days of service of the Notice of Overdue Discovery, Uber may, move the Court for
4  an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

5        6.      The Plaintiffs listed in the attached **Exhibit A** have all failed to comply with their
6  Amended PTO 10 obligations in various ways. The specifics of their non-compliance are detailed in
7  Exhibit A. Uber served each of these Plaintiffs with a Notice of Overdue Discovery on a date, more
8  than thirty days ago, as specified in Exhibit A. Uber also met and conferred with counsel for each of
9  these Plaintiffs as specified in Exhibit A, but was unable to resolve these issues without this Court's
10 intervention. One Plaintiff simply failed to respond to Uber's repeated requests to meet and confer.
11 Plaintiffs' counsel stated that it had lost contact with its clients and intended to withdraw with regard
12 to five other Plaintiffs. Uber gave one other Plaintiff an extension to cure its PFS deficiencies, but the
13 extended deadline came and went without action by Plaintiff. Uber and the last Plaintiff had a meet
14 and confer discussion and Uber offered a compromise, but the parties did not reach an agreement. In
15 sum, following these meet and confer attempts, and despite Uber's repeated efforts to confer and
16 resolve the disputes short of court intervention, Plaintiffs still have failed to cure their non-compliance
17 with Amended PTO 10 and thus, following the procedures specified in the Order. Uber therefore
18 respectfully moves the Court to dismiss their complaints without prejudice.

19       I declare under penalty of perjury that the foregoing is true and correct.
20       Executed on December 19, 2025 in Los Angeles, California.

22                                           */s/ Michael B. Shortnacy*
                                           Michael B. Shortnacy

---

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal of without prejudice based on such deficiencies.