William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile: (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Jane Doe LS 333 and Jane Doe LS 397*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05930-CRB<br><br>*Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05944-CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS JANE DOE LS 333 AND JANE DOE LS 397'S OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLCS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)**<br><br>Judge: Honorable Charles R. Breyer<br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## I. INTRODUCTION

Uber contends that two of Levin Simes 700+ clients provided fraudulent receipts in support of their claims that they were sexually assaulted by their Uber drivers. Plaintiffs do not oppose appearing for the depositions the Court has already ordered. Those depositions are the appropriate and proportionate mechanism to explore Uber's questions concerning the receipts at issue, and Plaintiffs have repeatedly offered to sit for them.

Plaintiffs do oppose Uber's decision to append to a routine motion to compel a set of novel, intrusive demands directed not at the Plaintiffs, but at their counsel—demands Uber never raised during meet and confer and that have no clear legal destination. Uber seeks an order requiring counsel to submit a sworn declaration describing counsel's pre-suit investigation and to produce a privilege log of attorney–client communications, coupled with threats of contempt if Plaintiffs do not supply sworn statements explaining why additional documents do not exist. This is not ordinary discovery. It is an attempt to convert a narrow dispute about two Plaintiffs' receipts into an open-ended inquiry into counsel's conduct, mental impressions, and communications with clients.

Discovery of that sort requires more than suspicion; it requires a plausible theory of misconduct and a legally viable endpoint. Here, the only conceivable endpoint for Uber's counsel-targeted discovery is a claim that counsel filed frivolous actions without adequate investigation—i.e., Rule 11 sanctions. But Rule 11 sets a high bar: Uber would have to show that the claims were both baseless and filed without a reasonable and competent inquiry at the time of filing. Uber has not made that showing and cannot do so on this record.

The receipts at issue are not obvious forgeries. Uber itself had to enlist a forensic expert to identify subtle anomalies, and the Plaintiffs have consistently maintained that they were assaulted and that their receipts are genuine. Uber has not shown that the Plaintiffs' claims were impossible, only that certain corroborating evidence may be disputed. Nor has Uber shown that a reasonable pre-suit inquiry would necessarily have uncovered the alleged issues at the time these claims were filed—particularly where the accused receipts represent three cases out of more than 700 filed by Plaintiffs' counsel, and no similar receipts have been submitted since Uber first raised the issue

1

1  and provided technical guidance.

2      Plaintiffs are prepared to proceed with the Court-ordered depositions. Uber's effort to go
3  further—to probe counsel's pre-suit investigation and attorney–client communications without
4  articulating a viable legal basis for doing so—should be rejected.

5  **II.     BACKGROUND**

6      **A.     The Court's prior orders established a simple, two-step process.**

7      Uber initially moved this Court for various relief contending that various plaintiffs in this
8  MDL, including those in this motion, had submitted forged ride receipts in support of their claims
9  of sexual assault. See Grimes Decl. ¶ 3. Uber supported its motion with a declaration by an expert,
10 Todd Harrison of FTI Consulting, describing indicia of fraudulent Uber receipts—metadata,
11 formatting anomalies, and the "FOR PRO OR ENTERPRISE MEMBERS ONLY" watermark
12 associated with MakeReceipt.com. *Id.* at ¶ 4.

13     On September 9, 2025, the Court found that Plaintiffs LS 333 and LS 397 had "submitted
14 non-bona-fide receipts," ordered them to show cause why their claims should not be dismissed
15 with prejudice, and required that they: (1) produce native versions of their receipts; (2) produce
16 "any documents and communications relating to the production of their ride receipts, the
17 generation of their receipts, and/or the website 'Makereceipt.com'" within 14 days; and (3) sit for
18 depositions of up to three hours relating to the authenticity of their receipts within 30 days. *Id.* at ¶
19 5.

20     Plaintiffs did not produce additional documents because they asserted they did not have
21 any responsive documents, but held those dates open for deposition. Instead of taking the
22 depositions, Uber unilaterally withdrew the depositions and moved again for LS 333 and LS 397
23 to produce those same documents and sit for deposition. *Id.* at ¶ 6. The Plaintiffs did not oppose
24 the motion because their position was unchanged – they had no responsive documents. *Id.* at ¶ 7.
25 The Court signed Uber's proposed order, asking for the same relief it had previously ordered: to
26 "immediately" produce the documents described in the September 9 order. *Id.* at ¶ 8.

27 //

28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

B. **Plaintiffs' repeated offer: no further documents exist; take the ordered depositions.**

Throughout October and November 2025, undersigned counsel exchanged emails and met and conferred with Uber's counsel, Christopher Cotton, about ECF 3876 and the scope of Plaintiffs' obligations. *See* Grimes Decl. ¶ 9. Counsel explained that, after inquiry, LS 333 and LS 397 maintain that they have no additional documents responsive to the Court's orders regarding the generation of their challenged receipts. *Id. at* ¶ 10. Counsel further made clear that if Uber doubted those statements, Uber was free to do what the Court's orders already contemplated: take the plaintiffs' depositions. *See* Cotton Decl. ¶¶ 4–6 (acknowledging Plaintiffs' position that "no responsive documents exist" and that counsel suggested Uber "depose them about it").

Levin Simes moved to withdraw after LS 333 and LS 397 maintained that no additional responsive documents existed. The Court denied that motion and directed continued representation. *See* Grimes Decl. ¶ 11. Counsel has complied, continued to meet and confer, and has repeatedly stated that Plaintiffs will appear for the short depositions the Court already ordered. *Id. at* ¶ 12.

C. **Uber has no evidence that Levin Simes knowingly or even negligently suborned any fraud.**

The two Levin Simes client receipts at issue here do not bear the obvious hallmarks of MakeReceipt.com receipts (such as an overt MakeReceipt watermark). Instead, Uber's complaints focus on issues like inconsistencies in the stated trip times and the absence of a rider name on one printout. *Id. at* ¶ 13.

In a video meet-and-confer on November 21, Uber's counsel stated he was not aware of *any* fraudulent receipts being submitted after Uber's July 30, 2025 motion and the Harrison/FTI declaration, by *any* firm. *Id. at* ¶ 14. The Harrison declaration, attached to that motion, has assisted our firm, and likely every other firm in this litigation, in screening out problematic receipts. *Id. at* ¶ 15.

//

3

Case No. 3:23-md-03084-CRB    PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

### D. Uber's new motion adds counsel-focused relief it never raised in meet and confer.

Uber's Second Motion to Compel re-states the relief the Court has already ordered—document production and depositions—but adds two new components: (1) a sworn declaration from Plaintiffs' counsel describing counsel's pre-suit investigation of LS 333 and LS 397, and (2) a privilege log of "all communications with each Plaintiff," with contempt as a threatened consequence if Plaintiffs neither produce documents nor provide sworn client declarations within five days. *See* Grimes Decl. ¶ 16.

Those new requests were not mentioned during the December 1, 2025 meet-and-confer at which Uber purported it was meeting on this motion. At that time, Uber indicated it would seek only the same relief as before—re-enforcement of the existing orders requiring document production and depositions. *Id. at* ¶ 17. Undersigned counsel responded that, given Plaintiffs' representation that no additional documents exist, the next logical step was to take the Court-ordered depositions, not recycle motion practice. Uber declined to proceed with the depositions and instead filed this motion, adding the novel requests directed at counsel's mental impressions and communications. *Id. at* ¶ 18.

## III. ARGUMENT

### A. Plaintiffs Do Not Oppose the Court-Ordered Depositions; They Oppose Only Uber's Untethered and Undiscussed Attempt to Target Counsel

Plaintiffs LS 333 and LS 397 do not oppose appearing for the depositions the Court has already ordered. Those depositions are the appropriate and proportional mechanism to explore Uber's questions regarding the receipts and the circumstances under which they were generated. Plaintiffs have consistently offered to sit for those depositions.

What Plaintiffs oppose is Uber's decision to append to an otherwise routine motion to compel a set of novel, intrusive, and undisclosed demands directed at counsel—including a sworn declaration regarding counsel's pre-suit investigation and a privilege log of attorney–client communications—without ever explaining where that relief is supposed to lead.

Discovery is not an abstract entitlement. It must be tethered to a legitimate legal theory and

4

a plausible procedural endpoint. When discovery targets opposing counsel's conduct, mental impressions, or communications with clients, that endpoint must be especially clear. Here, Uber offers none.

### B. The Only Plausible "Destination" for Uber's Counsel-Targeted Discovery Is Rule 11—And Uber Cannot Meet the Rule 11 Standard

Uber's request to probe counsel's pre-suit investigation and attorney–client communications cannot be justified as ordinary merits discovery. That information is not relevant to whether Plaintiffs were assaulted, whether Uber breached a duty of care, or whether Plaintiffs suffered damages. Nor is it relevant to whether the receipts are authentic—a question that can be explored directly with the Plaintiffs themselves.

The only conceivable reason to demand discovery into counsel's investigation and communications is to argue that counsel filed claims that should never have been filed—that is, to pursue Rule 11 sanctions or some analogous theory premised on counsel misconduct.

But Rule 11 sets a high and specific bar, and Uber has not come close to satisfying it.

#### 1. Rule 11 requires more than a showing that evidence is later challenged or disproven

In the Ninth Circuit, Rule 11 sanctions require a showing that a filing was "both baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).

Critically, this inquiry is ex ante, not retrospective. Courts evaluate reasonableness "under the circumstances" at the time the pleading was filed—not with the benefit of hindsight or later-developed expert analysis. *Townsend*, 929 F.2d at 1362; *Golden Eagle Distrib. Corp. v. Burroughs Corp.*, 801 F.2d 1531, 1537 (9th Cir. 1986).

It is therefore not enough for Uber to show that certain corroborating documents are now disputed. Uber would need to show that, at the time of filing, the claims were objectively baseless *and* that a reasonable attorney would necessarily have discovered that fact through a competent pre-filing inquiry. Uber has not done so and cannot do so.

5

CASE NO. 3:23-MD-03084-CRB    PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

### 2. The accused receipts were not facially or obviously fraudulent

The receipts at issue here are not obvious forgeries. They do not bear conspicuous hallmarks such as "MakeReceipt.com" watermarks or glaring formatting errors. To the contrary, Uber itself enlisted an outside forensic expert to identify subtle anomalies—metadata issues, timing inconsistencies, and formatting characteristics—that are not apparent on ordinary review.

That matters. Rule 11 does not require attorneys to conduct forensic analysis of every client document or to assume fraud in the absence of red flags. The Ninth Circuit has repeatedly emphasized that the duty is one of reasonable inquiry, not exhaustive investigation or clairvoyance. *Holgate*, 425 F.3d at 676; *Golden Eagle*, 801 F.2d at 1537. "If the relevant facts are in control of the opposing party, more leeway must be given to make allegations in the early stages of litigation that may not be well-grounded. " *Townsend v. Holman Consulting Corp.* (9th Cir. 1990) 929 F.2d 1358, 1364. Uber alone has access to its ride databases that will confirm or deny the existence of a ride described in a receipt provided by a prospective plaintiff.

Where alleged falsity is not facial and must be established through specialized analysis, it cannot plausibly be said that a reasonable pre-suit inquiry would necessarily have uncovered it.

### 3. Plaintiffs have consistently maintained that they were assaulted and that their receipts are genuine

Uber has not shown that the Plaintiffs' underlying claims are impossible, fictitious, or inherently implausible. Plaintiffs LS 333 and LS 397 have consistently maintained that they were sexually assaulted by their Uber drivers and that their receipts are genuine. Uber's argument goes only to the authenticity of certain corroborating documents—not to the viability of the assault claims themselves.

That distinction is dispositive. Rule 11 sanctions are not warranted merely because some evidence supporting a claim is later challenged. As the Ninth Circuit has made clear, sanctions are inappropriate where factual contentions have evidentiary support or are "likely to have evidentiary support after a reasonable opportunity for further investigation or discovery." *Fed. R. Civ. P. 11(b)(3);* see also *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1128 (9th Cir. 2002).

Uber has not demonstrated—nor even seriously argued—that it was unreasonable for

6

CASE NO. 3:23-MD-03084-CRB     PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

Plaintiffs' counsel to think the claims lacked any evidentiary basis at the time of filing.

        4.    <u>Uber has not shown that a reasonable pre-suit inquiry would have revealed the alleged issues at the time of filing</u>

Uber has not shown that a reasonable attorney, conducting a reasonable inquiry at the time these claims were filed, would necessarily have discovered that the receipts are not genuine.

This point is critical. The Ninth Circuit's sanctions cases imposing liability on counsel involve circumstances where attorneys ignored clear warnings, internal contradictions, or dispositive contrary evidence already in their possession. See, e.g., *Holgate*, 425 F.3d at 677–78 (claims legally impossible and contradicted by existing records).

That is not this case. There is no evidence that counsel was confronted with obvious inconsistencies, external warnings, or dispositive facts that would have rendered reliance on Plaintiffs' representations unreasonable at the time they filed their complaints.

Absent such a showing, Rule 11 does not permit sanctions. Without the possibility of Rule 11 sanctions, discovery into counsel's pre-suit investigation has no legitimate endpoint.

### C.    <u>Uber's Own Conduct Undercuts Any Claim of Counsel Misconduct</u>

The broader context of this MDL further underscores the absence of any plausible theory of counsel wrongdoing.

The accused receipts comprise two claims here (and one other accused receipt not at issue here) out of more than 700 claims filed by Levin Simes in this proceeding. Since Uber first raised the issue of fraudulent receipts and presented the Harrison/FTI declaration to the Court and to Plaintiffs' counsel, no additional accused receipts have been filed by Levin Simes.

That fact matters. It demonstrates that once Uber identified the issue and provided technical guidance on indicia of fraud, Plaintiffs' counsel responded appropriately. There is no evidence of willful blindness, systemic misconduct, or a firm-wide failure to investigate. At most, Uber's theory is that counsel may have been deceived by a tiny subset of clients before the issue was known and before forensic indicators were provided.

That is not a basis for Rule 11 sanctions, and it is not a basis to compel discovery into counsel's mental impressions or attorney–client communications.

7

CASE NO. 3:23-MD-03084-CRB    PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

### D. Because Uber Cannot Articulate a Plausible Destination for Counsel-Targeted Discovery, That Relief Should Be Denied

Discovery directed at opposing counsel must be justified by more than suspicion or frustration. It must be tethered to a legally viable theory and a procedurally proper endpoint. Here, the only conceivable endpoint is Rule 11 sanctions—but Uber cannot satisfy Rule 11's governing standard.

Plaintiffs do not oppose depositions. They oppose only Uber's attempt to bootstrap a routine discovery dispute into an intrusive inquiry into counsel's conduct without first establishing that counsel's conduct is even plausibly sanctionable.

Because Uber has not shown that Plaintiffs' claims were both baseless and filed without a reasonable and competent inquiry, its request for counsel-targeted discovery lacks a legitimate purpose and should be denied.

## IV. CONCLUSION

Plaintiffs LS 333 and LS 397 stand ready to comply with the Court's existing orders by appearing for the short, targeted depositions the Court has already authorized and by producing any additional responsive documents should any be located. What Uber seeks in addition—(1) a sworn declaration from Plaintiffs' counsel describing pre-suit investigation and (2) a privilege log of all communications with each Plaintiff—is an unprecedented and unjustified intrusion into core opinion work product and privileged communications. Uber has not exhausted less intrusive alternatives, has not satisfied the standards governing discovery directed at opposing counsel, and has not established a factual predicate for a broad inquiry into Levin Simes' conduct.

Accordingly, Plaintiffs respectfully request that the Court:

- Deny Uber's request to compel a sworn declaration from Plaintiffs' counsel regarding pre-suit investigation and a privilege log of all communications with LS 333 and LS 397;
- Deny Uber's request for any contempt-style or issue-preclusion sanctions premised on the absence of such counsel declarations;
- Clarify that Plaintiffs must (a) produce any additional documents responsive to ECF 3876 and 4443, if such documents exist, and (b) appear for depositions of up to three hours on

8

CASE NO. 3:23-MD-03084-CRB     PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

the topics the Court has already identified; and

- Grant such further relief as is consistent with these principles and the proportionality requirements of Rule 37.

Dated:  December 19, 2025                     Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ David M. Grimes*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

9

Case No. 3:23-md-03084-CRB      PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ David M. Grimes*
David M. Grimes

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

10

CASE NO. 3:23-MD-03084-CRB   PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)