William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Jane Doe LS 333 and Jane Doe LS 397*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: *Jane Doe LS 333 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05930-CRB *Jane Doe LS 397 v. Uber Technologies, Inc., et al.,* Case No. 3:23-cv-05944-CRB | **DECLARATION OF DAVID M. GRIMES IN SUPPORT OF PLAINTIFFS JANE DOE LS 333 AND JANE DOE LS 397'S OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLCS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)** Judge: Honorable Charles R. Breyer Date: February 13, 2026 Time: 10:00 a.m. Courtroom: 6 – 17th Floor |

I, David Grimes declare:

1. I am an attorney at Levin Simes LLP and counsel of record for Plaintiffs Jane Doe LS 333 and Jane Doe LS 397. I make this declaration based on my personal knowledge and could competently testify to the matters stated herein.

2. This declaration is made in support of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397's Opposition to Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Second Motion to Compel Compliance with Court Orders.

3. Uber initially moved this Court for various relief contending that various plaintiffs in this MDL, including those in this motion, had submitted forged ride receipts in support of their claims of sexual assault.

4. Uber supported its motion with a declaration by an expert, Todd Harrison of FTI Consulting, describing indicia of fraudulent Uber receipts—metadata, formatting anomalies, and the "FOR PRO OR ENTERPRISE MEMBERS ONLY" watermark associated with MakeReceipt.com.

5. On September 9, 2025, the Court found that Plaintiffs LS 333 and LS 397 had "submitted non-bona-fide receipts," ordered them to show cause why their claims should not be dismissed with prejudice, and required that they: (1) produce native versions of their receipts; (2) produce "any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website 'Makereceipt.com'" within 14 days; and (3) sit for depositions of up to three hours relating to the authenticity of their receipts within 30 days.

6. Plaintiffs did not produce additional documents because they asserted they did not have any responsive documents, but held those dates open for deposition. Instead of taking the depositions, Uber unilaterally withdrew the depositions and moved again for LS 333 and LS 397 to produce those same documents and sit for deposition.

7. The Plaintiffs did not oppose the motion because their position was unchanged – they had no responsive documents.

2

Case No. 3:23-md-03084-CRB    DECL. OF DAVID M. GRIMES ISO PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

8. The Court signed Uber's proposed order, asking for the same relief it had previously ordered: to "immediately" produce the documents described in the September 9 order.

9. Throughout October and November 2025, undersigned counsel exchanged emails and met and conferred with Uber's counsel, Christopher Cotton, about ECF 3876 and the scope of Plaintiffs' obligations.

10. Counsel explained that, after inquiry, LS 333 and LS 397 maintain that they have no additional documents responsive to the Court's orders regarding the generation of their challenged receipts.

11. Levin Simes moved to withdraw after LS 333 and LS 397 maintained that no additional responsive documents existed. The Court denied that motion and directed continued representation.

12. Counsel has complied, continued to meet and confer, and has repeatedly stated that Plaintiffs will appear for the short depositions the Court already ordered.

13. The two Levin Simes client receipts at issue here do not bear the obvious hallmarks of MakeReceipt.com receipts (such as an overt MakeReceipt watermark). Instead, Uber's complaints focus on issues like inconsistencies in the stated trip times and the absence of a rider name on one printout.

14. In a video meet-and-confer on November 21, Uber's counsel stated he was not aware of *any* fraudulent receipts being submitted after Uber's July 30, 2025 motion and the Harrison/FTI declaration, by *any* firm.

15. The Harrison declaration, attached to that motion, has assisted our firm, and likely every other firm in this litigation, in screening out problematic receipts.

16. Uber's Second Motion to Compel re-states the relief the Court has already ordered—document production and depositions—but adds two new components: (1) a sworn declaration from Plaintiffs' counsel describing counsel's pre-suit investigation of LS 333 and LS 397, and (2) a privilege log of "all communications with each Plaintiff," with contempt as a threatened consequence if Plaintiffs neither produce documents nor provide

3

CASE NO. 3:23-MD-03084-CRB    DECL. OF DAVID M. GRIMES ISO PLAINTIFFS' OPPOSITION TO DEFENDANTS' SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS (ECF 4569)

sworn client declarations within five days.

17. Those new requests were not mentioned during the December 1, 2025 meet-and-confer at which Uber purported it was meeting on this motion. At that time, Uber indicated it would seek only the same relief as before—re-enforcement of the existing orders requiring document production and depositions.

18. Undersigned counsel responded that, given Plaintiffs' representation that no additional documents exist, the next logical step was to take the Court-ordered depositions, not recycle motion practice. Uber declined to proceed with the depositions and instead filed this motion, adding the novel requests directed at counsel's mental impressions and communications.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed on December 19, 2025, at San Francisco, California.

Respectfully Submitted,

**LEVIN SIMES LLP**

 /s/ David M. Grimes
David M. Grimes
*Attorney for Jane Doe LS 333 and Jane Doe LS 397*