Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al.;* No. 3:25-cv-05342 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF J.H.'S NOTICE OF VOLUNTARY DISMISSAL** |

The Court should (1) reject Plaintiff's Notice of Voluntary Dismissal (ECF 4666) filed pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i); and (2) instead order, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the dismissal of Plaintiff's claims (a) be conditioned upon

1  Plaintiff J.H.'s compliance with this Court's November 19, 2025 Order by sitting for a deposition and

2  (b) be with prejudice.

3  <u>**BACKGROUND**</u>

4      This Court has already determined that Plaintiff J.H. has submitted a non-bona fide receipt and

5  ordered her to show cause why her "claims should not be dismissed **with prejudice**." ECF 4440

6  (emphasis added). Plaintiff J.H.'s attempt to notice a voluntary dismissal without prejudice is not

7  appropriate and ignores this Court's prior order.

8      Fraud is rampant in this multi-district litigation, evidencing itself in different forms and

9  running across the portfolios of multiple different plaintiffs' law firms. As this Court has recognized,

10  dozens of Plaintiffs in this ligation "have submitted non-bona-fide receipts. Some of these receipts

11  show on their face that they were generated using websites designed for creating receipts, such as

12  Makereceipt.com. Other of these receipts contain math errors, formatting inconsistencies, and other

13  errors. Other receipts submitted by these Plaintiffs were altered from actual receipts." ECF 3876; *see*

14  *also* ECF 3972; ECF 4440. Indeed, in light of the large number of fraudulent receipts submitted by

15  Plaintiffs represented by J.H's counsel at Pulaski Kherkher, PLLC, Uber has asked this Court to

16  require that Pulaski and their clients "certify that they conducted a full review and analysis of the ride

17  receipt counsel submitted on each client's behalf before submitting that receipt in this MDL." ECF

18  4663 at 11. More recently, Uber has apprised the Court that law firms, including Pulaski Kherker,

19  have engaged in Plaintiff Fact Sheet fraud, purporting to serve PFS on behalf of their clients when in

20  fact those clients did not review the PFS before they were served. ECF 4580. In short, fraud is a

21  significant problem in this MDL, as indeed it has recently been revealed to be an issue in multiple

22  mass tort actions. *See, e.g.,* Rebecca Ellis, *In the biggest sex abuse settlement in U.S. history, some*

23  *claim they were paid to sue*, L.A. TIMES (Oct. 2, 2025); Emma Cueto, *Hagens Berman Referred to*

24  *DOJ for Alleged Misconduct*, LAW 360 (Dec. 2, 2025).

25      Plaintiff J.H. is one of the Plaintiffs who has been implicated in the submission of fraudulent

26  receipts. As explained in Uber's previous motions related to J.H., the receipt she submitted in support

27  of her claims was used as the basis for a fraudulent receipt submitted by another Plaintiff in this MDL.

28

DEFENDANTS' OPPOSITION TO PLAINTIFF
J.H.'S NOTICE OF VOLUNTARY DISMISSAL

1    ECF 4137 at 18. As a result, on November 19, 2025, this Court ordered Plaintiff J.H. (among others)

2    "to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became

3    involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was

4    involved in or aware of the fraud at issue here." ECF 4440. The Court also ordered Plaintiff J.H. to

5    show cause why her claims should not be dismissed with prejudice. *Id.*

6        Now, rather than complying with this Court's order, Plaintiff J.H. has filed a notice of

7    voluntary dismissal. ECF 4666. At this stage of the proceedings, after Uber has answered the Master

8    Complaint and otherwise invested time and resources in investigating Plaintiff's claims, Plaintiff

9    cannot merely notice a voluntary dismissal.  Instead, she must seek this Court's leave to dismiss under

10   Rule 41. In light of Plaintiff's apparent involvement in fraud and the pending order that she must sit

11   for a deposition, leave should only be granted after that deposition has taken place and the dismissal

12   should be with prejudice as originally contemplated by this Court's November 19, 2025 Order.

13                                            **ARGUMENT**

14   **A.  Plaintiff J.H.'s Notice of Voluntary Dismissal Is Invalid.**

15       Plaintiff J.H.'s Notice of Voluntary Dismissal (ECF 4666) purports to serve as notice that the

16   above-captioned action is voluntarily dismissed, without prejudice, pursuant to Federal Rule of Civil

17   Procedure 41(a)(1)(A)(i). Plaintiff's notice is not proper. Dismissal pursuant to Rule 41(a)(1)(A)(i) is

18   only proper if noticed "before the opposing party serves either an answer or a motion for summary

19   judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). Defendants already filed an Answer to the operative Master

20   Long Form Complaint in August of this year (ECF 3640), so Plaintiff may no longer dismiss merely

21   by filing a notice. *See Von Haar v. City of Mountain View,* No. 10-cv-2995, 2012 WL 5828511, at *7

22   (N.D. Cal. Nov. 15, 2012); *Tuck v. Wells Fargo Home Mortg.*, No. 12-cv-1796, 2012 WL 2906738,

23   at *1 (N.D. Cal. July 13, 2012). "The rule is designed to permit a disengagement of the parties at the

24   behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and

25   effort in the preparation of his case." *Sanchez v. Seterus*, No. 17-cv-1183, 2017 WL 4355146, at *3

26   (N.D. Cal. Oct. 2, 2017) (quoting *Armstrong v. Frostie Co.*, 453.2d 914, 916 (4th Cir. 1971)). Because

27   Uber has not only answered the master long form complaint but also invested significant time and

28

3

1    effort in investigating Plaintiff J.H.'s specific case and the fraud she appears to have committed,

2    voluntary dismissal by notice is improper. Instead, the proper course would be for Plaintiff to file a

3    motion for voluntary dismissal under Rule 41(a)(2), which provides that "an action may be dismissed

4    at the plaintiff's request only by court order, on terms that the court considers proper." This Court

5    should construe Plaintiff's Notice as such a motion. *See Tuck*, 2012 WL 2906738, at *1.

6    **B. This Court Should Not Grant Voluntary Dismissal Until Plaintiff J.H. Has Completed the Deposition It Has Ordered.**

7

8        "Compliance with court orders is not optional" and parties are "not free to ignore the Court's

9    Orders with impunity." *Narula v. Orange Cnty. Superior Ct.*, No. 8:19-cv-00133, 2021 WL 2406810,

10   at *4 (C.D. Cal. May 3, 2021). This Court ordered Plaintiff J.H. to sit for a deposition. ECF 4440.

11   Plaintiff J.H. must comply with this order. *See Williams v. Parsells*, No. 24-254, 2025 WL 2709500,

12   at *1 (9th Cir. Sept. 23, 2025) (affirming dismissal of plaintiff's action for failing to comply with order

13   to appear for and participate in deposition). A plaintiff's "mere desire to dismiss the case did not, and

14   does not, abrogate his duty to comply with his discovery obligations and court orders." *Barrett v.

15   Apple Inc.*, No. 20-cv-4812, 2023 WL 3006641, at *2 (N.D. Cal. April 18, 2023). Dismissal aside,

16   Plaintiff J.H. remains obligated to appear for the deposition pursuant to this Court's order and was

17   previously ordered to show cause why her cause should not be dismissed with prejudice.  *See Telluride

18   Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d 463, 466 (9th Cir. 1995) (failure to appear for court-

19   ordered deposition not substantially justified despite prior dismissal of complaint), *abrogated on other

20   grounds by Cunningham v. Hamilton Cnty., Ohio,* 527 U.S. 198, 202 (1999). Indeed, courts have

21   frequently required plaintiffs to sit for depositions before allowing them to voluntarily dismiss their

22   claims, noting that they are likely to have relevant information and that defendants would be legally

23   prejudiced if they could not obtain that information. *See Fraley v. Facebook Inc.,* No. 11-cv-1726,

24   2012 WL 555071, at *2-3 (N.D. Cal. Feb. 21, 2012) (requiring deposition from plaintiff seeking

25   voluntary dismissal); *Sherman v. Yahoo! Inc.,* No. 13-cv-0041, 2015 WL 473270, at *7 (S.D. Cal. Feb.

26   5, 2015) (conditioning voluntary dismissal on completion of deposition); *Benanav v. Healthy Paws

27   Pet Ins. LLC*, No. 2:20-cv-421, 2023 WL 5227702, at *10 (W.D. Wash. Aug. 15, 2023) (same).

28

4

DEFENDANTS' OPPOSITION TO PLAINTIFF
J.H.'S NOTICE OF VOLUNTARY DISMISSAL

Indeed, it is particularly important that Plaintiff J.H. sit for her deposition because "discovery misconduct," like the fraud she has seemingly enabled in this MDL, is a "serious matter." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1185 (9th Cir. 2005). Where it has occurred, courts have not hesitated to order additional discovery as a remedy. *See Sentinel Offender Servs., LLC v. G4S Secure Sols. (USA) Inc.*, No. 14-cv-298, 2016 WL 9454422, at *5 (C.D. Cal. Jan. 21, 2016). Uber has presented significant evidence, which this Court has previously accepted, that Plaintiff's receipt was used by another plaintiff in this MDL as the basis for a fraudulent submission. ECF 4137 at 18. She must answer questions about how her receipt came to be an instrument of fraud in a deposition so that Uber and this Court can better understand the scope of the fraud problem in this MDL and determine appropriate remedies and hopefully methods to weed it out. Plaintiff J.H. cannot simply walk away now that dealing with the consequences of her apparent litigation fraud has become inconvenient.

Indeed, it is well established that "the avoidance of an adverse ruling is an abusive reason to seek dismissal." *White v. Donley*, No. 05-cv-7728, 2008 WL 4184651, at *3 (C.D. Cal. Sept. 4, 2008); *see also Coupa Software Inc. v. DCR Workforce, Inc.*, No. 3:23-cv-3102, 2023 WL 6247252, at *4 (N.D. Cal. Sep. 22, 2023) ("District courts have broad discretion to deny a motion for voluntary dismissal when the purpose is to avoid an adverse determination on the merits of the action.") (quoting *Moore's Federal Practice* § 41.40[7][b][v] (3d ed. 2018)). Nor can a plaintiff use dismissal "to escape the effect of unfavorable discovery rulings." *Chicano v. Monier, Inc.*, No. 06-cv-5028, 2007 WL 951761, at *1 (W.D. Wash. March 27, 2007). Although dismissal with prejudice is absolutely warranted here as a result of Plaintiff J.H.'s fraud and failure to comply with court orders, *see* Fed. R. Civ. P. 37(b)(2), she should not be permitted to use that dismissal as a means to deprive Uber the discovery it seeks, and this Court has already ordered, regarding the fraudulent conduct.

**C. Dismissal of Plaintiff's Claims Must Be Dismissal With Prejudice.**

A court may require that a voluntary dismissal be with prejudice, rather than without prejudice, where the defendant would be harmed if the dismissal were without prejudice. *AF Hldgs. LLC v. Navasca,* No. 12-cv-2396, 2013 WL 1748011, at *3 (N.D. Cal. April 23, 2013). That includes where the defendant would be deprived of the benefit of favorable rulings through a dismissal without

DEFENDANTS' OPPOSITION TO PLAINTIFF
J.H.'S NOTICE OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB

prejudice. *EON Corp. IP Hldgs. LLC v. Apple Inc.,* No. 14-cv-5511, 2015 WL 4914984, at *5 (N.D. Cal. Aug. 17, 2015). That certainly includes this case, where permitting Plaintiff J.H. to voluntarily dismiss without prejudice (giving her the option of refiling her claims) would essentially erase this Court's rulings that she show cause why her case should not be dismissed with prejudice and that she must sit for a deposition. Additionally, permitting a voluntary dismissal without prejudice is inappropriate where, as here, a plaintiff has "engaged in… deceptive practices that have undermined the integrity of judicial proceedings." *Gonzalez v. Texaco, Inc.,* No. 06-cv-2820, 2007 WL 2255217, at *3 (N.D. Cal. Aug. 3, 2007). Indeed, courts have dismissed cases with prejudice under Federal Rule of Civil Procedure 37 as a sanction for litigation misconduct far less extreme than the fraud at issue here. *See, e.g., Transamerica Life Ins. Co. v. Arutyunyan*, 93 F. 4th 1136, 1146 (9th Cir. 2024); *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232 (9th Cir. 2006).

## CONCLUSION

This Court found that Plaintiff J.H.'s receipt was the basis for fraud in this MDL and ordered her to sit for a deposition. Rather than comply with this Court's order, Plaintiff filed a notice of voluntary dismissal. But voluntary dismissal cannot simply be noticed at this stage of the litigation; a plaintiff must move the Court for leave to voluntarily dismiss. Given Plaintiff's apparent involvement in fraud on Uber and this Court, dismissal should not be granted until she has completed her deposition. After she is deposed, Plaintiff J.H. should be dismissed with prejudice because she ignored this Court's prior order that required her to show cause by December 5, 2025, why her claims should not be dismissed with prejudice.

Dated: December 19, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' OPPOSITION TO PLAINTIFF
J.H.'S NOTICE OF VOLUNTARY DISMISSAL

Case No. 3:23-MD-3084-CRB