[Submitting counsel below]

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**UNOPPOSED MOTION TO ESTABLISH MDL 3084 UBER RIDESHARE COMMON BENEFIT QUALIFIED SETTLEMENT FUND AND APPOINT FUND ADMINISTRATOR** |
| This Document Relates to:<br><br>ALL CASES | Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Court-appointed MDL 3084 Plaintiffs' Co-Lead Counsel, (hereinafter "Plaintiffs' Leadership" and/or "Movants"), seeks the Court's approval to establish the MDL 3084 Uber Rideshare Common Benefit Qualified Settlement Fund (the "Fund") in accordance with Section 468B of the Internal Revenue Code, the Treasury Regulations promulgated thereunder, and such administrative announcements, notices, and information releases as shall be published by the Internal Revenue Service from time to time. Movants also seek the appointment of ARCHER Systems, LLC, as Administrator of the Fund. Movants respectfully state the following:

1.      The Fund shall receive settlement proceeds ("Proceeds"), including attorneys' fees and expenses, which arise from injuries and damages sustained by plaintiffs ("Claimants") represented by Plaintiffs' Leadership and other Plaintiffs' Counsel ("Plaintiffs' Counsel"). The Proceeds paid by the Defendant shall be transferred into the Fund, which qualifies as a qualified settlement fund as defined in 26 C.F.R. § 1.468B-1 and the Regulations thereunder, the creation of which shall be Ordered by this Court to collect payments from the resolution and conclusion of the underlying legal action(s).  The Fund will be an account where assets will be segregated from the general assets of the Defendant and related persons or entities. Upon deposit of the Proceeds into the Fund, the financial obligation of the Defendant pursuant to the confidential term sheets and/or confidential settlement agreements ("Settlement Agreements") and releases submitted pursuant to the Settlement Agreements will be completely fulfilled and satisfied out of the Proceeds deposited into the Fund, and the Fund shall no longer be the property or responsibility of the Defendant upon said deposit. Neither Defendant nor any of the other released persons shall have any responsibility for the management or investment of any of the Proceeds or any liability to any participating counsel arising from the handling of the Proceeds once it is deposited in the Fund, or of any claims by Plaintiffs' Counsel, Fund Administrator, and/or the Custodian.

2.      The Fund shall be established pursuant to an Order of the Court to resolve or satisfy one or more contested claims of alleged tort or violation of law that have resulted or may result from injuries and damages sustained by Claimants. The Fund is subject to the continuing exclusive jurisdiction of the Court and is intended to qualify as a "qualified settlement fund" as defined in Treas. Reg. 26 C.F.R. § 1.468B-1(c).

3.      This Court has jurisdiction over this matter under Treas. Reg. § 1.468B-1(c)(1), which states in relevant part that a Qualified Settlement Fund "is established pursuant to an order of, or is approved by, the United States, any state (including the District of Columbia), territory, possession, or political subdivision thereof, or any agency or instrumentality (including a court of law) of any of the foregoing

and is subject to the continuing jurisdiction of that governmental authority."

4. Movants hereby request that the Court approve the appointment of Goldman Sachs Bank USA as the custodian of the Fund (the "Custodian") and approve the appointment of ARCHER Systems, LLC, 1775 Saint James Place, Suite 200, Houston, Texas 77056, as the "Administrator" of the Fund (as a "qualified settlement fund") within the meaning of section 1.468B-2(k)(3) of the Regulations ("Administrator"), to administer the Fund. The Fund Administrator shall be authorized to change the Custodian with the written permission of Plaintiffs' Leadership and Defendant.

5. The Fund Administrator and/or its attorneys shall be indemnified and held harmless against reasonable expenses, costs and fees (including attorney fees), judgment, awards, and liabilities of all kinds incurred by the Fund Administrator from any and all claims made by any person or entity that attempts to assert a right of payment, reimbursement, or garnishment against the Fund, except to the extent that it is finally determined by this Court that the Fund Administrator and/or its attorneys was/were negligent or acted with willful misconduct in connection with the administration of this Fund. Pursuant to Treas. Reg. § 1.468B-1(c)(1), the United States District Court, Northern District of California, shall exercise continuing exclusive jurisdiction over the Fund and shall be the designated sole venue by operation of law for any and all disputes which may arise related to the Fund, the Fund's administration, any disbursements and/or payments therefrom, and any disputes relating to fees (including but not limited attorneys' fees).

6. Movants request that no bond be required, provided that all monies received by the Fund, which includes all principal and interest earned thereon, shall be invested by the Fund Administrator in: (a) any obligations of, or any obligation guaranteed as to principal and interest by, the United States of America or any agency or instrumentality thereof, including the Federal Deposit Insurance Corporation; or (b) U.S. dollar denominated deposit accounts with domestic commercial or national banks that have a short term issuer rating on the date of purchase of "A-1" or better by S&P or "Prime-1" or better by Moody's and maturing no more than 366 days after the date of purchase (provided that ratings on holding

companies are not considered as the rating of the bank); (c) money market accounts or money market funds registered under the Federal Investment Company Act of 1940, whose shares are registered under the Securities Act, and rated "AAAm," "AAAm-G," "AA+," "AA-," "A=," or "A" or better by S&P, and "Aaa," "Aa1," "Aa2," "Aa3," "A1," or "A2" if rated by Moody's, including any mutual fund for which the Fund Administrator or an affiliate of the Fund Administrator serves as investment manager, administrator, shareholder servicing agent, and/or custodian; (d) obligations of, or any obligation guaranteed as to principal and interest by, U.S. municipalities or agencies rated A2 / A or better (Moody's/S&P) with maturity dates no longer than three (3) years; (e) obligations of, or any obligation guaranteed as to principal and interest by, U.S.-domestic corporations or banks (including, but not limited to, bonds, loans, and commercial paper) rated A2 / A or better and less than 366 days until maturity; or (f) Securitized products issued by U.S.-incorporated companies (including, but not limited to, auto loans, credit card receivables, and student loans) rated A2 / A or better and a weighted average life remaining of less than 366 days. Income realized by investment of the Fund shall be available to the Fund Administrator as payment for tax preparation and filing, quarterly and annual tax payments, general administration services including, without limitation, the fees and costs associated with investment advisors, accountants, agents, managers, attorneys, actuaries, auditors, or insurers, which are incurred to maintain and administer the Fund. Any investment losses realized by investment of the Fund, or any portion thereof shall be charged to the Fund. To the extent the Fund Administrator invests any funds in the manner provided for in this paragraph ("Eligible Investments"), Plaintiffs' Counsel, Defendant, and Fund Administrator shall not be liable for any loss(es) which may be incurred by reason of any such investment (or reinvestment) including, but not limited to, loss(es) that occur due to decreases in account value as a result of negative yields on direct or indirect investments in Eligible Investments. Such funds should be invested such that the following investment policy is implemented, as appropriate: (i) safety of principal; (ii) zero bank balance exposure through use of custodial/trust accounts (to avoid the risk of bank deposit forfeiture); and

(iii) zero sweep disbursement accounts. In no instance will securities held pursuant to this agreement be lent or hypothecated. The Custodian shall be responsible for following the investment requirements of this paragraph, pursuant to the instructions of the Fund Administrator. Upon receipt of directions to distribute funds, the Fund Administrator may direct the Custodian to liquidate appropriate Fund investments and place the funds in an FDIC-insured demand deposit account established with the Custodian consistent with subparagraphs 6(c) above, which shall be a zero-balance account used solely for the purpose of making distributions from the Fund.

7.  In some circumstances, Plaintiffs' Counsel may elect to place all or a portion of their contingent legal fees into one of several types of tax-advantaged investments as Plaintiffs' attorneys have the ability to defer fees until a later taxable year.[1] To facilitate attorney fee structure(s), if any, the Fund, by and through the Fund Administrator, may purchase and assign structured settlements whether "qualified"[2] or "non-qualified"[3]. Any "qualified" structured settlement shall be issued by a life insurance company that holds an issuer credit rating equivalent to a National Association of Insurance Commissioners NAIC 1 designation.

8.  Upon request, the Fund Administrator will prepare and deliver quarterly Fund Statements ("Statements"). The Statements shall include a statement of receipts, investment earnings, and disbursements. The Fund Administrator shall provide the Statement no later than ten (10) business days following a request therefore.

9.  The Fund Administrator shall have the right to rely upon any affidavit, certificate, letter,

---

[1] *See Childs v. Commissioner,* 103 T.C. 634 (1994), *aff'd*, 89 F.3d 856 (11th Cir. 1996).

[2] Structured Settlement Payments are assigned to a qualified assignee by entering into qualified assignments of such structured settlement payments within the meaning of Section 130(c) of the Internal Revenue Code. The qualified assignee shall, respecting each person who is to receive periodic payments under a settlement agreement, purchase one or more qualified funding assets within the meaning of Section 130(d) of the Internal Revenue Code to fund any structured settlement payments assigned to the qualified assignee.

[3] A non-qualified assignment does not rely upon, nor must it comply with Internal Revenue Code Section 104 and/or 130 to effect such assignment. See P.L.R. 200836019.

notice, electronic mail, or other document provided to the Fund Administrator and in the Fund Administrator's reasonable judgement believed to be genuine and sufficient. By way of example, this may include but is not limited to, wire instructions, IRS Form(s) W-9, Plaintiffs' Counsel communications, payment instructions, fee deferment instructions, and the like.

10. The monies to be held in the Fund are the sole property of the Fund. Until such time as funds are distributed from the Fund, the Claimants shall not possess any rights to demand or receive any portion of the escrowed funds and shall not possess any right to mortgage, pledge, or encumber the same in any manner. To the extent possible, this Motion shall be construed so as to prevent the Claimants from being in constructive receipt, as determined under federal income tax principles, of any amounts held by the Fund.

11. Upon completion of all Fund agreements and final distribution of all monies to be paid into the Fund, the Fund Administrator shall take appropriate steps to wind down the Fund and thereafter be discharged from any further responsibility with respect to the Fund.

12. The Fund Administrator will obtain a Federal Taxpayer Identification Number for the Fund upon the execution of an order by the Court establishing the Fund.

WHEREFORE, Plaintiffs' Leadership respectfully request that the Court enter an Order:

1. Establishing said Fund as a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and pursuant to the jurisdiction conferred on this Court by Treas. Reg. § 1.468B-1(c)(1);

2. Appointing ARCHER Systems, LLC, as the Fund Administrator pursuant to the terms, conditions, and restrictions of this Motion; and granting the Fund Administrator the authority to conduct any and all activities necessary to administer this Fund as described in this Motion;

3. Authorizing the Fund to effect qualified or non-qualified assignments of any resulting structured settlement liability or deferred compensation agreement as directed in writing by Counsel;

4. Authorizing the Fund Administrator to distribute all funds, including attorney fees and litigation expenses, to participating counsel, consistent with this Court's Order(s);

5. Providing the United States District Court, Northern District of California, with continuing exclusive jurisdiction over the Fund pursuant to Treas. Reg. § 1.468B-1(c)(1);

6. Designating the United States District Court, Northern District of California, as the sole venue by operation of law for any and all disputes which may arise related to the Fund, the Fund's administration, any disbursements and/or payments therefrom, and any disputes relating to fees (including but not limited to attorneys' fees); and

7. Authorizing the Fund Administrator, upon completion and final distribution of all monies paid into the Fund, to take appropriate steps to wind down the fund and thereafter discharge the Fund Administrator from any further responsibility with respect to the Fund. The Fund Administrator may, but shall not be obligated to, seek a final order of discharge from this Court.

Dated: December 19, 2025.                    Respectfully Submitted,

By: /s/ Sarah R. London
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**

7

UNOPPOSED MOTION TO ESTABLISH MDL 3084 UBER RIDESHARE COMMON BENEFIT QUALIFIED SETTLEMENT FUND AND APPOINT FUND ADMINISTRATOR

1
2
3
4
5

600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

8

UNOPPOSED MOTION TO ESTABLISH MDL 3084 UBER RIDESHARE COMMON BENEFIT QUALIFIED SETTLEMENT FUND AND APPOINT FUND ADMINISTRATOR

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated:  December 19, 2025                    By:      /s/ Rachel B. Abrams

**CERTIFICATE OF SERVICE**

I hereby certify that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/  Rachel B. Abrams