ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     (816) 559-2393
Facsimile:     (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| This Document Relates to:<br><br>*John Doe 692195 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-03421 | Judge:     Honorable Charles R. Breyer |

Kherkher Garcia, LLP's ("Kherkher Garcia") Motion to Withdraw as Counsel of Record (ECF 4697) for Plaintiff John Doe 692195 is emblematic of a larger problem in this Multi-District Litigation. The Plaintiffs' law firms advertise heavily to attract additional clients, who are drawn in by promises of "free compensation" with little or no effort. The Plaintiffs' law firms do not vet the legitimacy of these Plaintiffs' claims sufficiently, perhaps for fear of driving away their new clients. After retaining the law firms, these new clients disappear and fail to participate in their cases or even respond to counsel for months or even years at a time. *E.g.,* ECF 4103-1 (stating in October 2025 that "Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023"); ECF 4104-1 (stating in October 2025 that "Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025"). But these firms continue to initiate lawsuits and submit discovery responses without their clients even reviewing them. *E.g.,* ECF 4103-1; ECF 4104-1. Then, when Uber highlights a failure to provide required substantiation for their claim pursuant to Amended Pretrial Order ("PTO 10") or worse, Uber discovers fraud by Plaintiff's counsel, the only prompt action taken is counsel's withdrawal based on the lack of communication with the client, attempting to leave the client, Uber, and this Court to clean up the mess alone. *E.g.,* ECF 4103; ECF 4104. This approach may be good for the Plaintiffs' lawyers, but it is prejudicial to their clients and Uber and harmful to this Court's administration of justice, and withdrawal should be denied.

In this case, Kherkher Garcia has acknowledged that Plaintiff John Doe 692195 has "failed to respond to Counsel's numerous request [sic] for additional information needed." ECF 4697 at 1; *see also* ECF 4697-1. PTO 10, which this Court entered on March 19, 2024, amended as of November 3, 2025, requires Plaintiff to "[i]nclude a signed Declaration" verifying the information in the Plaintiff Fact Sheet (PFS). Kherkher Garcia has not disclosed to this Court that Plaintiff's deadline to comply with PTO 10 **has already passed**, or mentioned that PTO 10 specifies that failure to comply with the deadline entitles Uber to "move the Court for an Order dismissing the relevant Complaint without prejudice." ECF 4287 at 8. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it for more than six months despite what it now says was Plaintiff's failure to respond to counsel's outreach between May 12, 2025 and October 23, 2025, and

1

at any point after October 23, 2025 (*see* ECF 4697 at 1; ECF 4697-1 ¶ 2), Kherkher Garcia now seeks to abandon Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline, much less explaining how it knows its client will be able to proceed *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both Plaintiff John Doe 692195 and to Uber. *See Eslick v. Intuitive Surgical, Inc.*, 2019 WL 13201902, at *2 (N.D. Cal. April. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Kherkher Garcia's motion to withdraw does not identify these four factors and does not provide **any** statement or cite any case law about the prejudice and delay resulting from withdrawal. ECF 4697. Failing to timely raise and substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Kherkher Garcia's motion to withdraw because of the prejudice withdrawal would cause Plaintiff John Doe 692195 and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, the deadline for John Doe 692195 to respond to PTO 10 has already passed, and he is facing case-terminating sanctions. ECF 4287. The critical juncture at which Kherkher Garcia's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Kherkher Garcia's withdrawal at this juncture, because withdrawal would make it more difficult for Uber and this Court to obtain the evidence Plaintiff John Doe 692195 (and Kherkher Garcia, as his counsel) owe them to substantiate their claims that Plaintiff took an Uber ride and suffered an assault. *See TMCO Ltd. v. Green Light*

1  *Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very least, this Court needs more information from Kherkher Garcia about its communications with Plaintiff John Doe 692195 and what it did to investigate his claims so it can determine the extent to which withdrawal would harm the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at *1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation").

Indeed, there is cause for concern here because counsel's declaration in this case suggests that Kherkher Garcia filed both the PFS and Amended PFS despite lack of contact with Plaintiff. Counsel's declaration indicates that Plaintiff John Doe 692195 did not communicate with Kherkher Garcia between May 12, 2025 and October 23, 2025—on which date Plaintiff reportedly told counsel he no longer wanted to pursue his claims—and that counsel "received no response from Plaintiff" after that date. ECF 4697-1 ¶ 2-3. Counsel's declaration omits the fact that John Doe 692195's PFS was submitted, without a verification, on May 17, 2025, several days after Plaintiff John Doe 692195 evidently ceased contact with Kherkher Garcia. Cotton Decl. ¶ 3. Counsel for Uber notified Kherkher Garcia that Plaintiff John Doe 692195's PFS was deficient for lack of verification on July 24, 2025. Cotton Decl. ¶ 4. Kherkher Garcia then submitted an amended PFS on August 23, 2025 (more than three months after Plaintiff John Doe 692195's last communication with Kherkher Garcia), once again without a verification. Cotton Decl. ¶ 5.

This sequence of events indicates that Kherkher Garcia did not consult with Plaintiff John Doe 692195 prior to uploading the PFS on May 17, 2025 or the amended PFS on August 23, 2025. But, under the plain language of Amended PTO 10, PFS are intended to include "Answer[s] to all applicable questions" and a "signed Declaration" from the "Party," **not his counsel**. ECF 4287 at 8;

3

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD
Case No. 3:23-md-03084-CRB

1 *see also United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597 (7th Cir. 2000) ("Verification forces **the claimant** to place himself at risk of perjury for false claims, and the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.") (emphasis added). Indeed, PTO 10 provides that "**[t]he Plaintiff completing this Plaintiff Fact Sheet is under oath** and must provide information that is true and correct to the best of her or his knowledge, information, and belief." ECF 4287 at 15. Accordingly, Kherkher Garcia should not be permitted to withdraw as though Plaintiff's inadequate substantiation of his claims has nothing to do with it; the firm appears to have submitted a fraudulent PFS falsely stating that it had been "completed" by the Plaintiff, when in fact the PFS was prepared by counsel and not even reviewed by Plaintiff.

Kherkher Garcia's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff John Doe 692195 and Uber.

DATED: December 19, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC