1  ALLISON M. BROWN (Admitted *Pro Hac Vice*)
   alli.brown@kirkland.com
2  JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
   jessica.davidson@kirkland.com
3  CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
   christopher.cox@kirkland.com
4  **KIRKLAND & ELLIS LLP**
5  601 Lexington Avenue
   New York, NY 10022
6  Telephone: (212) 446-4800

7
   PATRICK OOT (Admitted *Pro Hac Vice*)
8  oot@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
9  1800 K St. NW Ste. 1000
   Washington, DC 20006
10 Telephone: (202) 783-8400

11 CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
12 ccotton@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
13 2555 Grand Blvd.
   Kansas City, Missouri 64108
14 Telephone:   (816) 559-2393
   Facsimile:   (816) 421-5547
15
   *Attorneys for Defendants*
16 UBER TECHNOLOGIES, INC.;
   RASIER, LLC; and RASIER-CA, LLC
17

18              **UNITED STATES DISTRICT COURT**

19            **NORTHERN DISTRICT OF CALIFORNIA**

20                **SAN FRANCISCO DIVISION**

21  IN RE: UBER TECHNOLOGIES, INC.,        Case No. 3:23-md-03084-CRB
    PASSENGER SEXUAL ASSAULT
22  LITIGATION                             **DEFENDANTS UBER TECHNOLOGIES,
                                           INC., RASIER, LLC, AND RASIER-CA,
23                                         LLC'S OPPOSITION TO MOTION TO
                                           WITHDRAW AS COUNSEL OF RECORD**
24  This Document Relates to:
                                           Judge:      Honorable Charles R. Breyer
25  *Jane Doe KGDB 016 v. Uber
    Technologies, Inc., et al.*, Case No. 3:25-
26  cv-04337

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Kherkher Garcia, LLP's ("Kherkher Garcia") Motion to Withdraw as Counsel of Record (ECF 4698) for Plaintiff Jane Doe KGDB 016 is emblematic of a larger problem in this Multi-District Litigation. The Plaintiffs' law firms advertise heavily to attract additional clients, who are drawn in by promises of "free compensation" with little or no effort. The Plaintiffs' law firms do not vet the legitimacy of these Plaintiffs' claims sufficiently, perhaps for fear of driving away their new clients. After retaining the law firms, these new clients disappear and fail to participate in their cases or even respond to counsel for months or even years at a time. *E.g.,* ECF 4103-1 (stating in October 2025 that "Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023"); ECF 4104-1 (stating in October 2025 that "Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025"). But these firms continue to initiate lawsuits and submit discovery responses without their clients even reviewing them. *E.g.,* ECF 4103-1; ECF 4104-1. Then, when Uber highlights a failure to provide required substantiation for their claim pursuant to Amended Pretrial Order ("PTO 10") or worse, Uber discovers fraud by Plaintiff's counsel, the only prompt action taken is counsel's withdrawal based on the lack of communication with the client, attempting to leave the client, Uber, and this Court to clean up the mess alone. *E.g.,* ECF 4103; ECF 4104. This approach may be good for the Plaintiffs' lawyers, but it is prejudicial to their clients and Uber and harmful to this Court's administration of justice, and withdrawal should be denied.

In this case, Kherkher Garcia has acknowledged that Plaintiff Jane Doe KGDB 016 has "failed to respond in a timely matter [sic] to Counsel's numerous request [sic] for additional information needed" since June 17, 2025. ECF 4698 at 1; *see also* ECF 4698-1. PTO 10, which this Court entered on March 19, 2024, amended as of November 3, 2025, requires Plaintiff to "[i]nclude a signed Declaration" verifying the information in the Plaintiff Fact Sheet (PFS). Kherkher Garcia has not disclosed to this Court that Plaintiff's deadline to comply with PTO 10 **has already passed**, or mentioned that PTO 10 specifies that failure to comply with the deadline entitles Uber to "move the Court for an Order dismissing the relevant Complaint without prejudice." ECF 4287 at 8. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it for more than six months despite what it now says was Plaintiff's "fail[ure] to respond" to counsel's

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD
Case No. 3:23-md-03084-CRB

1  outreach at any point after May 5, 2025 (*see* ECF 4698 at 1), including "numerous" attempts to reach

2  Plaintiff from June 17, 2025 to present (*see* ECF 4698-1 ¶ 2-3), Kherkher Garcia now seeks to abandon

3  Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline,

4  much less explaining how it knows its client will be able to proceed *pro se* without further delaying

5  these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to

6  both Plaintiff Jane Doe KGDB 016 and to Uber. *See Eslick v. Intuitive Surgical, Inc.*, 2019

7  WL 13201902, at \*2 (N.D. Cal. April. 9, 2019) (denying motion to withdraw that "would pose possible

8  prejudice to Plaintiff and Defendant and may delay resolution of the case").

9    Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons

10  why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm

11  withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will

12  delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No.

13  21-cv-07097, 2025 WL 1479160, at \*2 (N.D. Cal. Feb. 19, 2025). Kherkher Garcia's motion to

14  withdraw does not identify these four factors and does not provide **any** statement or cite any case law

15  about the prejudice and delay resulting from withdrawal. ECF 4698. Failing to timely raise and

16  substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150,

17  1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

18    On the merits, this Court should deny Kherkher Garcia's motion to withdraw because of the

19  prejudice withdrawal would cause Plaintiff Jane Doe KGDB 016 and Uber, the likely delay, and the

20  potential harm to the administration of justice. As set forth above, the deadline for Jane Doe KGDB

21  016 to respond to PTO 10 has already passed, and she is facing case-terminating sanctions. ECF 4287.

22  The critical juncture at which Kherkher Garcia's abrupt Motion to Withdraw comes makes the

23  potential prejudice to Plaintiff more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790,

24  2013 WL 12218460, at \*1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could

25  face default judgment). Moreover, Uber would be severely prejudiced by Kherkher Garcia's

26  withdrawal at this juncture, because withdrawal would make it more difficult for Uber and this Court

27  to obtain the evidence Plaintiff Jane Doe KGDB 016 (and Kherkher Garcia, as her counsel) owe them

28

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD

1    to substantiate their claims that Plaintiff took an Uber ride and suffered an assault. *See TMCO Ltd. v.*

2    *Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb.

3    3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the

4    proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2

5    (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff

6    and Defendant and may delay resolution of the case"). At the very least, this Court needs more

7    information from Kherkher Garcia about its communications with Plaintiff Jane Doe KGDB 016 and

8    what it did to investigate her claims so it can determine the extent to which withdrawal would harm

9    the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at *1

10   (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve

11   questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate

12   the motion to withdraw representation").

13          Indeed, there is cause for concern here because counsel's declaration in this case suggests that

14   Kherkher Garcia filed both the PFS and Amended PFS despite lack of contact with Plaintiff. Counsel

15   states that it "received no response" to its outreach to Plaintiff Jane Doe KGDB 016 since June 17,

16   2025. ECF 4698-1 ¶ 2-3. Counsel's declaration omits the fact that Plaintiff Jane Doe KGDB 016's

17   PFS was submitted, without a verification, on June 20, 2025—several days after the first instance in

18   which Plaintiff Jane Doe KGDB 016 failed to respond to Kherkher Garcia's outreach (ECF 4698 ¶ 2)

19   and more than a month after the last reported date on which Kherkher Garcia made contact with

20   Plaintiff Jane Doe KGDB 016 (ECF 4698 at 1). Declaration of Christopher V. Cotton ("Cotton Decl.")

21   ¶ 3.  Counsel for Uber notified Kherkher Garcia that Plaintiff Jane Doe KGDB 016's PFS was deficient

22   for lack of verification on July 28, 2025. Cotton Decl. ¶ 4. Kherkher Garcia then submitted an amended

23   PFS on August 27, 2025 (more than two months after Plaintiff Jane Doe KGDB 016's last contact

24   with Kherkher Garcia), once again without a verification. Cotton Decl. ¶ 5.

25          This sequence of events indicates that Kherkher Garcia did not consult with Plaintiff Jane Doe

26   KGDB 016 prior to uploading the PFS on June 20, 2025 or the amended PFS on August 27, 2025.

27   But, under the plain language of Amended PTO 10, PFS are intended to include "Answer[s] to all

28

3

1   applicable questions" and a "signed Declaration" from the "Party," **not her counsel**. ECF 4287 at 8;

2   *see also United States v. Commodity Acct. No. 549 54930 at Saul Stone & Co.,* 219 F.3d 595, 597 (7th

3   Cir. 2000) ("Verification forces **the claimant** to place himself at risk of perjury for false claims, and

4   the requirement of oath or affirmation is not a mere technical requirement that we easily excuse.")

5   (emphasis added). Indeed, PTO 10 provides that "**[t]he Plaintiff completing this Plaintiff Fact Sheet**

6   **is under oath** and must provide information that is true and correct to the best of her or his knowledge,

7   information, and belief." ECF 4287 at 15. Accordingly, Kherkher Garcia should not be permitted to

8   withdraw as though Plaintiff's inadequate substantiation of her claims has nothing to do with it; the

9   firm appears to have submitted a fraudulent PFS falsely stating that it had been "completed" by the

10  Plaintiff, when in fact the PFS was prepared by counsel and not even reviewed by Plaintiff.

11      Kherkher Garcia's Motion to Withdraw should be denied for the same reasons this Court

12  denied prior, similar motions. ECF 3759; ECF 3974; and ECF 4167. Counsel has not set forth an

13  adequate basis to withdraw and has not complied with its professional obligations in this case. The

14  firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff Jane Doe KGDB 016 and

15  Uber.

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD
Case No. 3:23-md-03084-CRB

1 | DATED: December 19, 2025

Respectfully submitted,

2

**SHOOK, HARDY & BACON L.L.P.**

3

By: */s/ Christopher V. Cotton*

4

CHRISTOPHER V. COTTON

5

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,

6

RASIER, LLC, and RASIER-CA, LLC

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD

Case No. 3:23-md-03084-CRB