John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB |
| | MDL No. 3084 |
| | Honorable Charles R. Breyer |
| | **WILLIAMS HART & BOUNDAS PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION REGARDING ALLEGEDLY FRAUDULENT PLAINTIFF FACT SHEETS** |
| This Document Relates to: | |
| *WHB 1478 v. Uber Technologies, Inc., et al., No. 3:24-cv-04833* | Date: February 13, 2025 Time: 10:00 am Courtroom: 6 – 17th Floor |
| *WHB 1123 v. Uber Technologies, Inc., et al., No. 3:24-cv-04850* | |
| *WHB 1144 v. Uber Technologies, Inc., et al., No. 3:24-cv-04859* | |

1

2  *WHB 196 v. Uber Technologies, Inc., et al., No. 3:24-cv-04886*

3

4  *WHB 526 v. Uber Technologies, Inc., et al., No. 3:24-cv-04901*

5  *WHB 950 v. Uber Technologies, Inc., et al., No. 3:24-cv-04931*

6

7  *WHB 1936 v. Uber Technologies, Inc., et al., No. 3:24-cv-04950*

8  *WHB 1387 v. Uber Technologies, Inc., et al., No. 3:24-cv-04958*

9

10  *WHB 175 v. Uber Technologies, Inc., et al., No. 3:24-cv-04982*

11  *WHB 1916 v. Uber Technologies, Inc., et al., No. 3:24-cv-05003*

12

13  *WHB 1845 v. Uber Technologies, Inc., et al., No. 3:24-cv-05015*

14  *WHB 979 v. Uber Technologies, Inc., et al., No. 3:24-cv-05082*

15

16  *WHB 649 v. Uber Technologies, Inc., et al., No. 3:24-cv-05095*

17  *WHB 1425 v. Uber Technologies, Inc., et al., No. 3:24-cv-05129*

18

19  *WHB 427 v. Uber Technologies, Inc., et al., No. 3:24-cv-05132*

20  *WHB 1382 v. Uber Technologies, Inc., et al., No. 3:24-cv-05232*

21

22  *WHB 428 v. Uber Technologies, Inc., et al., No. 3:24-cv-05236*

23  *WHB 1962 v. Uber Technologies, Inc., et al., No. 3:24-cv-05240*

24

25  *WHB 1048 v. Uber Technologies, Inc., et al., No. 3:24-cv-05462*

26  *WHB 1443 v. Uber Technologies, Inc., et al., No. 3:24-cv-05472*

27

28  *WHB 1673 v. Uber Technologies, Inc., et al., No. 3:24-cv-05552*

1

2  *WHB 519 v. Uber Technologies, Inc., et al.,*
   *No. 3:24-cv-05627*
3
   *WHB 393 v. Uber Technologies, Inc., et al.,*
4  *No. 3:24-cv-05633*

5  *WHB 1416 v. Uber Technologies, Inc., et*
   *al., No. 3:24-cv-05667*
6
   *WHB 2052 v. Uber Technologies, Inc., et*
7  *al., No. 3:25-cv-01129*

8  *WHB 2045 v. Uber Technologies, Inc., et*
   *al., No. 3:25-cv-01211*
9
                          **INTRODUCTION**
10
11          Despite Uber's repeated invective, Williams Hart & Boundas ("WH") has committed no

12  "fraud" on the Court or Uber. Nor has WH "entirely lost contact"[1] with the 24 now-dismissed

13  WH Plaintiffs that Uber targets in its motion. To the contrary, most of these Plaintiffs, for whom

14  Uber had already confirmed that the subject ride occurred in its DFS, had verified prior versions

15  of their fact sheets several times.[2]

16          Over the course of this litigation, WH has responded to hundreds of Uber's PFS

17  "deficiencies" and satisfied PTO 10 and PTO 31 requirements for the vast majority of its

18  Plaintiffs. Indeed, Uber's original Motion to Dismiss sought to dismiss 87 WH Plaintiffs for

19  failure to verify their PFS. At the time of filing its Opposition in early November, 47 of the 80

20  active WH Plaintiffs had already cured the deficiency. *See* Williams Hart & Boundas Plaintiffs

21  Memorandum of Law in Support of Opposition to Defendants' Motion to Dismiss Cases for

22  Failure to Comply With PTO 10 at 7 (ECF Doc. 4310), Ex. A to the Declaration of Walt

23  Cubberly. WH Plaintiffs continued to submit verifications and the firm dismissed cases that were

24  no longer in compliance with the governing Power of Attorney, leading to the final 24 Plaintiffs

25  that are the subject of the present motion. WH exhibits no pattern of "misconduct," but instead a

26

27  _____

28  [1] Motion at 10.
    [2] *See* Rule Williams Hart & Boundas Plaintiffs' Rule 26(g) Certification Pursuant to the Court's Order Dated
    November 19, 2025, Exhibit B to the Declaration of Walt Cubberly.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION REGARDING                    -3-
ALLEGEDLY FRAUDULENT PFS

pattern of either satisfying its obligations under this Court's case management orders or voluntarily dismissing cases under the terms of its Power of Attorney with its clients.[3]

## SUMMARY OF THE ARGUMENT

Uber simply proclaims over and over that submission of an unverified fact sheet equals "fraud." Indeed, this bald and incorrect assertion underpins its underline entire motion. A PFS would be fraudulent if the verification were signed by someone other than the Plaintiff herself. That is fraud. WH did no such thing in these 24 cases. Instead, in order to preserve its clients' rights and meet its obligations under the governing case management orders, WH amended these Plaintiffs' PFS to the best of its knowledge, information, and belief after reasonable inquiry in response to Uber's deficiency notices (as shown below, the vast majority of which were not material).

Rather than attaching typed-in verifications or verifications signed by someone other than the Plaintiffs, WH uploaded amended PFS for these Plaintiffs without the verifications, making it clear that the Plaintiffs had not yet reviewed the submitted PFS. In fact, as Uber completely ignores, the verification form itself states that the PFS was reviewed, and is sworn under the Plaintiff's oath. A fact sheet that is unverified contains no such representation (that is the purpose of the verification requirement). There is no fraud involved in what WH did.

Uber's motion is built on an argument that Judge Cisneros rejected in November of 2024. Uber urges that "A PFS is fraudulent when it states that it has been completed by the Plaintiff, when in fact the Plaintiff did not review the completed PFS."[4] But every PFS "states" that it has been completed by the Plaintiff because the General Instructions, to which Uber cites for this "statement" argument[5] throughout its motion, are printed on every single PFS form. There is nothing the Plaintiff does to "state" she has completed the PFS (that's what the verification is for). The General Instructions are just that – instructions on every PFS form.

---

[3] As of the filing of this Opposition, WH has voluntarily dismissed 63 cases.

[4] Motion at 1.

[5] Motion at 1 ("The answers provided in the Plaintiff Fact Sheet ("PFS") by the PFS's own terms are required to be completed by the Plaintiff herself and not merely counsel: "The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information that is true and correct to the best of his or her knowledge, information, and belief.").

There is no statement by the Plaintiff until the one she makes under oath when she signs and submits the verification. That is the whole purpose of the verification requirement. Uber's argument totally disregards the distinction Judge Cisneros articulated between the General Instructions and the verification page of the PFS in her November 2024 Order: The General Instructions *refer* to the oath in the verification.[6] Uber utterly ignores the verification in its argument altogether; the language of which never appears (although Uber repeats the mantra "fraud" throughout its motion dozens of times).[7]

There is no purpose in filing the instant motion--casually and without factual basis making the serious accusation of fraud-other than harassment. The remedy Uber seeks, dismissal, has already been achieved.

Moreover, Amended PTO 10 <u>explicitly addresses and contemplates what happens when a fact sheet is submitted without an accompanying verification</u>: the fact sheet can be considered materially deficient, Uber can raise that deficiency, and if not cured Uber can seek dismissal. And that is exactly what happened with respect to the cases that are subject to Uber's motion. Further, although Amended PTO 10 addresses the issue of an unverified PFS, nothing in the Order remotely suggests or implies that submission of a fact sheet without a verification is a "fraudulent" act; although it does provide Uber with remedies in that instance, as mentioned above, and of which Uber has availed itself.

All 24 WH Plaintiffs have filed Notices of Voluntary Dismissal per the procedures set forth in Amended PTO 10. *See* Ex. C - AA to the Declaration of Walt Cubberly. If Uber seeks dismissal with prejudice, Amended PTO 10 permits Uber to move for that exact remedy within thirty days of the Court's Orders of Dismissal Without Prejudice in each of these cases. Ex. BB to the Declaration of Walt Cubberly at 9, lines 8-12.  Thus, the Court's existing PTO's address and

---

[6] *See* Ex. CC to the Declaration of Walt Cubberly at 3, lines 1-2 ("In context, though, **the oath referenced in the general instructions of the PFS form refers to the verification to be completed at the end,** which Plaintiffs now propose to defer.") (emphasis added). (ECF 1877)

[7] Motion at 9 – 11.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

have procedures for the exact thing Uber complains about (fact sheets that are substantially incomplete, specifically including those served without verification).

Uber's request to depose Plaintiff WHB 1048,[8] who filed her voluntary Notice of Dismissal two days before Uber filed the instant motion, is wholly unsupported by any facts in its motion, goes well beyond the reaches of "broad discretion" and begs the question of jurisdiction and standing, among other things. As to the proposition that counsel and all Plaintiffs represented by WH be required to further certify each completed PFS submitted and verified by all Plaintiffs under FRCP 26(g), Uber would again have this Court simply ignore the purpose and very existence of the PFS verification. As Judge Cisneros observed, verifying PFS responses provides Uber with "reliable basic information about the claims asserted against it at this early stage" to which Plaintiff has sworn. Ex. CC to the Declaration of Walt Cubberly at 2, lines 23 – 25. The Court has already built into the PFS a verification mechanism by which Uber is assured that Plaintiffs have reviewed their PFS and the answers therein are true and correct. There is no basis to impose an additional requirement on all Plaintiffs, who are not even the subject of this motion, and who have already verified their PFSs.

### BACKGROUND

Williams Hart uploaded amended PFS for these Plaintiffs in response to deficiency notices that Uber served between May and June of 2025. See Ex. EE - BBB to the Declaration of Walt Cubberly. WH amended these PFS despite the fact that many of the "deficiencies" <u>were not</u>, under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10, material. The "deficiencies" to properly verified PFS's included items like Plaintiffs' middle names when the predecessor verified PFS listed only a middle initial (*see e.g.* WHB 1478, ID 1546; WHB 2052, ID 2898) or contact information for witnesses when the predecessor PFS listed the witness's name followed by "I don't know" or "I no longer have their contact information" for the contact information, which under both PTO 10 and the November 18, 2024 Order, was an acceptable answer (*see e.g.* WHB 1936, ID 1653; WHB 1845,

---

[8] Plaintiff WHB 1048, ID 1943 filed a Notice of Voluntary Dismissal on December 3, 2025. Ex. T to the Declaration of Walt Cubberly. Plaintiff currently resides in Bassalt, CO. Ex. DD to the Declaration of Walt Cubberly.

1

2

ID 1725). *See* Ex. CCC to the Declaration of Walt Cubberly at 6, lines 23 – 24; Ex. CC to the

3

Declaration of Walt Cubberly at 4, lines 12-13 ("Plaintiffs must therefore provide contact

4

information for witness to the extent such information is known by Plaintiffs and called for by the

PFS.").

5

6

Take for example the case of WHB 1478 (discussed below), where the Plaintiff's initial

7

complete <u>and verified</u> PFS listed her middle initial. The letter K. Uber claimed that the fact sheet

8

was "deficient" because it failed to provide her middle name. Although Plaintiff's counsel did not

9

consider that a material deficiency, the PFS was nonetheless amended by supplying her full

10

middle name. Counsel was unable to reach the client to have her review and verify the amended

11

fact sheet, but as her attorneys provided the information that we had available based on

12

knowledge, information, and belief formed after a reasonable inquiry. And so an amended PFS

13

was served on Uber with accurate information that counsel was able to gather—namely, her

14

middle name. The PFS was served without a verification, an act that was not "fraudulent," was

15

done transparently and the lack of verification was plainly apparent. And now WHB 1478's case

16

has been dismissed because counsel was unable to procure from her a verification of this

amended PFS, which added her middle name.[9]

17

18

While the deficiencies in these cases did not merit an amended PFS under either PTO 10

19

or the November 18, 2024 Order, WH made a reasonable inquiry and checked all information that

20

it had at the time in order to cure Uber's "deficiencies." Because these Plaintiffs did not

21

personally review the amended PFS before WH uploaded their amended PFS to MDL Centrality,

22

WH did not and could not attach verifications to their PFS. There is no fraud in WH's actions.

/ / /

23

/ / /

24

/ / /

25

26

---

27

[9] It is an unfortunate reality in this litigation in particular that Plaintiffs subjected to repeated requests for information in cases involving this subject matter will sometimes not respond again to, for example, being asked to review and verify their third amended PFS. This does not mean that she was never intent on going forward with her case, or was never in contract with counsel, And when this happens, Uber has not been shy about availing itself of the ability to seek dismissal of cases, even, as shown here, when the alleged deficiency that sparked the lack of verification was not material.

28

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION REGARDING                -7-
ALLEGEDLY FRAUDULENT PFS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**ARGUMENT**

**The Federal Rules Allow an Attorney to Sign Discovery Responses**

The Federal Rules permit an attorney to certify that after a reasonable inquiry, a discovery response is complete and correct as of the time it is made to the best of her knowledge, information, or belief. F.R.C.P. 26(g)(1)(A). In serving these amended fact sheets without verifications, WH never represented that the relevant plaintiffs had, per the verification form, "reviewed the Plaintiff Fact Sheet." Instead, WH certified that based on knowledge, information, and belief, the minimal amendments that it made in response to Uber's "deficiencies" were complete and correct at the time they were made. This is permitted under the Federal Rules and is regular procedure when answering discovery.

Uber's fabricated scenario of WH submitting responses on "their absent Plaintiff's behalf reflecting what counsel thinks a Plaintiff might state under oath[10]" has no basis in reality, and Uber presented no evidence at all that WH has long lost contact with these Plaintiffs. WH's Rule 26(g) Certification indicates quite the opposite, in fact. Most of the 24 Plaintiffs had signed <u>multiple verifications</u>, and many within the last year. *See* Williams Hart & Boundas Plaintiffs' Rule 26(g) Certification Pursuant to the Court's Order Dated November 19, 2025 [Doc. 4442], Ex. B to the Declaration of Walt Cubberly.

But the most pertinent point, and one Uber repeats throughout its motion, is that WH submitted responses on its Plaintiffs' behalf ***under oath***. *See e.g.* Motion at 9 ("Plaintiffs' firms have no business passing off counsel's statements in the completed amended PFS as the Plaintiff's own sworn statements.").

Uber was a party to this litigation just as Plaintiffs' counsel were when Judge Cisneros delivered her Order Resolving Disputes Regarding PTO 10 Obligations in November 2024. In her Order, discussed in detail below, Judge Cisnerous clearly specified that the oath referenced in the General Instructions section of the PFS refers to the <u>verification</u>. Without the verification, there is

---

[10] Motion at 2.

no sworn statement. The General Instructions are just that - instructions on every PFS form questionnaire.

Uber surely has also read the verification form itself (although tellingly does not set it forth in its motion). It is the verification that the Plaintiff has to sign, indicating that she swears she has "reviewed the Plaintiff Fact Sheet." Without a signed verification, there is no sworn statement from the Plaintiff. Given the recent history behind this very language in the PFS and verification, Uber's continued misrepresentation to this Court that uploading an unverified PFS is the equivalent of "passing off counsel's statements as the Plaintiff's own <u>sworn</u> statements" is troubling to say the least.

**Only Verified PFS "State Under Oath" That the Plaintiff Reviewed the PFS** The general instructions on the PFS form read:

> The Plaintiff completing this Plaintiff Fact Sheet is under oath and must provide information that is true and correct to the best of her or his knowledge, information, and belief. Plaintiff is under an obligation to supplement these responses consistent with the Federal Rules of Civil Procedure.

*See e.g.*, Ex. DD to the Declaration of Walt Cubberly at 2; Ex. A to Ex. BB of the Declaration of Walt Cubberly.

Uber says that these 24 amended PFS should not have stated they were completed by the Plaintiffs since the Plaintiffs did not even review them.[11] Uber highlights the first portion of the instructions: "The Plaintiff completing this Plaintiff Fact Sheet is under oath," for the proposition that a PFS is fraudulent when "it states" that it has been "completed" by the Plaintiff, but the Plaintiff did not review it.

However, the General Instructions say nothing about the Plaintiff having reviewed the PFS. It is the *verification* that specifically makes that attestation:

> **I, _____, have reviewed the Plaintiff Fact Sheet**. The statements set forth therein are true and correct to the best of my knowledge, information, and belief. I make this verification based on my personal knowledge. I also declare that I have completed and submitted all required authorizations listed above. I declare under

---

[11] Motion at 2.

penalty of perjury that the foregoing is true and correct. I understand that I am under an obligation to supplement these responses.

*See e.g.*, Ex. DD to the Declaration of Walt Cubberly at 2; Ex. A to Ex. BB of the Declaration of Walt Cubberly. (emphasis added).

When a Plaintiff signs off on the verification, she swears under oath that she has reviewed the PFS. Absent a verification, there is no representation or "statement" by the Plaintiff, and certainly not by Plaintiff's counsel that the Plaintiff completed and reviewed the PFS.

A PFS cannot be "fraudulent" merely because "it states that it has been 'completed' by the Plaintiff."[12] The General Instructions are on every PFS. The Plaintiff (or anyone filling out a PFS on behalf of a Plaintiff[13]) does not add anything to "state" that it has been "completed" by the Plaintiff. The General Instructions simply say what they say. It is not the answers on the PFS that are under oath simply by virtue of the General Instructions. As Judge Cisneros wrote in her November 2024 Order:

> The requirement for Plaintiffs to verify their PFS responses is clear and undisputed. Judge Breyer has also made clear that the PFS focuses on questions that should be answered at the outset of the litigation. See Dkt. No. 348 at 2. Deferring verification of amended answers until a later phase of discovery undermines the intent to provide Uber with reliable basic information about the claims asserted against it at this early stage.
>
> Plaintiffs assert that any PFS response is reliable because 'on its face, PFSs state that responses are made 'under oath' and are 'true and correct to the best of [Plaintiff's] knowledge, information, and belief [.] Dkt. No. 1803 at 5…**In context, though the oath referenced in the general instructions of the PFS form refers to the verification to the completed at the end**, which Plaintiffs now propose to defer…the additional burden of obtaining a signed verification is minimal. If they are not, then **the 'oath' referenced in the instructions** has little meaning.

---

[12] Motion at 1.

[13] *See* Definition of "You" and "Your" ("You" and "Your" refers to the Plaintiff, listed above, who is completing this fact sheet, as well as her/his/their agents, representatives, and all other natural persons or entities acting on her/his behalf…"). Ex. ___ to the Declaration of Walt Cubberly at 2.

Ex. CC to the Declaration of Walt Cubberly at 2 – 3 (emphasis added).

The action a Plaintiff must take to indicate under oath that (1) she has reviewed the PFS and (2) everything contained in it is true and correct to the best of her knowledge is sign the verification. Submission of a PFS with additional available information but no signed verification is not equivalent to Plaintiff's counsel submitting "what a Plaintiff might state under oath," as Uber urges here. And it certainly isn't fraud.

In these 24 cases, WH did not submit signed verifications saying that these Plaintiffs had reviewed their amended PFS. Doing  that would have been fraudulent. And Uber's request for entry of an order (*e.g.,* Motion at 2) requiring WH "and each Plaintiff represented by them to certify under Rule 26(g) that all Plaintiffs from each of those firms have reviewed each completed PFS and amended PFS before those PFS were served and identify the last date, prior to the Court's November 19, 2025 Order, when the firms had contact with their clients" is overreaching, completely without precedent and moreover unwarranted.  As already made clear, the verification process is working, and Uber has presented no evidence (and there is none) that WH has improperly verified fact sheets for any client who provided a verified fact sheet.  If anything, its motion proves the opposite.

There is absolutely no basis (and certainly none supported by Uber's motion, which should be denied in its entirety) for additional "certifications" from counsel and every Plaintiff who has already verified a fact sheet, or for counsel to identify the last date it had contact with each of its clients.  The same goes for Uber's unsupported fishing expedition to depose one of the Plaintiffs in her now-dismissed case.

### WH Has Filed No Motions to Withdraw

In another sweeping generalization with no underlying evidence to support it, Uber declares that Plaintiffs' counsel's Rule 26(g) statements are similar to admissions that are

often raised in motions to withdraw.[14] WH has filed no motions to withdraw and no WH clients have been the subject of fraudulent receipt motions.  And, as noted above, these are Plaintiffs who had previously served verified fact sheets, in many instances multiple times.

### Uber's "Deficiencies" Were Not Material

The statements in WH's Rule 26(g) Certification highlight the fact that the PFS previously submitted and verified by most of the 24 Plaintiffs at issue[15] did not warrant the "deficiencies" Uber claimed. Ex. B to the Declaration of Walt Cubberly at 5.

| | MDL Id. | Jane Doe No. | Cause No. | Deficiency |
|---|---|---|---|---|
| 1. | 1546 | WHB 1478 | 24-CV-04833 | II.2. middle name<br><br>* Plaintiff has verified two prior Fact Sheets |
| 2. | 1659 | WHB 1123 | 24-CV-04850 | II.2 middle name<br><br>III.14.a. Drop-off address, city, state<br><br>III.14.b. Response to 14(b) as to whether you and the driver communicated about ending the trip at a location other than the requested destination<br><br>(Plaintiff wrote in her incident details that driver took her to her intended destination, her home. The response "yes" in question 14 is incorrect.)<br><br>*Plaintiff verified prior Fact Sheet on January 24, 2025 |
| 3. | 1567 | WHB 1144 | 24-CV-04859 | Uber's alleged deficiency was inconsistent responses to questions 3 and 10 and 25 and 33. |

---

[14] Motion at 8.

[15] Seven pages into its motion, Uber references *one* WH plaintiff who had not verified either her First or Second Amended PFS. Ex. L & M to the Declaration of Chris Cotton. WHB filed a Notice of Voluntary Dismissal in this case on December 3. Ex. T to the Declaration of Walt Cubberly.

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION REGARDING          -12-
ALLEGEDLY FRAUDULENT PFS

| | | | | |
|---|---|---|---|---|
| | | | | VII.2 - Did not check off form of disclosure on authorization (electronic or hard copy). The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10. Regardless, it was Uber's choice as to how it received records via authorization, not Plaintiff's.<br><br>*Plaintiff verified prior Fact Sheet and signed mental health authorization in November 2024 |
| 4. | 1573 | WHB 196 | 24-CV-04886 | II.7 – employment information<br><br>V.30.a. – last known contact information for Plaintiff's sister. Plaintiff's answer that she does not have this information is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877)<br><br>*Plaintiff verified two prior Fact Sheets |
| 5. | 1614 | WHB 526 | 24-CV-04901 | II.7 – employment information from 3/2019 – 5/2023<br><br>V.30.a – provide full name and contact information. (Plaintiff provided phone number.)<br><br>VII.3 – failed to attach records; law enforcement authorization. The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br>*Plaintiff verified prior Fact Sheet in January 2025 |
| 6. | 1681 | WHB 950 | 24-CV-04931 | V.30.1 –contact information. Plaintiff's answer that she does not have this information for Mohammed K. is an acceptable answer under PTO 10 and the |

| | | | | |
|---|---|---|---|---|
| | | | | November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). She provided the contact information that she does have for witness Edward R. |
| | | | | Uber's alleged deficiency was inconsistent responses to questions 35 and 40(a) (Pre-existing conditions) |
| | | | | VI.40(a) – full name of HCP, dates of treatment, diagnoses. Plaintiff's answer that she does not know the name of the HCP at Arlington Heights Clarity Clinic is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). The same is true of her answer that she does not remember the approximate dates of diagnosis, treatment, or examination. |
| | | | | *Plaintiff verified two prior Fact Sheets |
| 7. | 1653 | WHB 1936 | 24-CV-04950 | II.2 – middle name |
| | | | | V.30.a. –contact information Plaintiff's answer that she does not know the contact information for the witness is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). |
| | | | | *Plaintiff verified prior Fact Sheet in October 2024 |
| 8. | 1697 | WHB 175 | 24-CV-04982 | II.7 – employment information. |
| | | | | V.30.a. – contact information. |
| | | | | *Plaintiff verified prior Fact Sheet in September 2024 |

| 9. | 1702 | WHB 1916 | 24-CV-05003 | V.30.a – contact information Plaintiff provided all contact information for the witnesses that she knows per PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>*Plaintiff verified two prior Fact Sheets |
|---|---|---|---|---|
| 10. | 1725 | WHB 1845 | 24-CV-05015 | V.30.a – contact information |
| 11. | 1770 | WHB 979 | 24-CV-05082 | III.13.a. & 14.a. – address of apartment complex identified in narrative response to Q.20. Plaintiff stated in her narrative response that the apartment complex was a complex she had never been to and she did not know the address.<br><br>V.30.a – contact information Plaintiff's answer that she does not have the contact information for the witnesses is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>Plaintiff verified prior Fact Sheet in January 2025 |
| 12. | 1712 | WHB 649 | 24-CV-05095 | Uber's alleged deficiency was inconsistent responses to questions 24 and 20.<br><br>V.30.a. – contact information Plaintiff's answer that she does not recall the contact information for Karen S is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). Plaintiff provided the contact information she knew for Mr. Stewart. |

PLAINTIFFS' OPPOSITION TO
DEFENDANTS' MOTION REGARDING        -15-
ALLEGEDLY FRAUDULENT PFS

| | | | | |
|---|---|---|---|---|
| | | | | *Plaintiff verified two prior Fact Sheets |
| 13. | 1868 | WHB 1425 | 24-CV-05129 | II.7. – employment information<br><br>*Plaintiff verified prior Fact Sheet in December 2024 |
| 14. | 1866 | WHB 427 | 24-CV-05132 | Uber's alleged deficiency was inconsistent responses to questions 28, 30 and 20.  –<br><br>VI.40.a – provide complete HCP name and diagnosis information Plaintiff's answer that she does not know the name of the HCP at Methodist North Lake is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). The same is true of her answer that she does not know the "diagnosis, treatment, or examination (if known)."<br><br>VII.2 – did not write date of incident on authorizations. The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br><br>*Plaintiff verified prior Fact Sheet in December 2024 |
| 15. | 1916 | WHB 1382 | 24-CV-05232 | Uber's alleged deficiency was inconsistent responses to question 25, 27, and 20.<br><br>VII.3 – did not provide full SSN on authorization The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10.<br><br><br>*Plaintiff verified prior Fact Sheet and signed law enforcement authorization in October 2024 |

| | | | | |
|---|---|---|---|---|
| 16. | 1918 | WHB 1962 | 24-CV-05552 | II.3. – provide the period this name was used

*Plaintiff verified prior Fact Sheet in December 2024 |
| 17. | 1943 | WHB 1048 | 24-CV-05462 | III.13.a – provide information about where the driver stopped during the trip

III.14.a. – provide a response

III.16. – provide time and location of incident

(Plaintiff answered that driver took her to a hotel she did not recognize.) |
| 18. | 1950 | WHB 1443 | 24-CV-05472 | V.30.a. – contact information Plaintiff's answer that she does not have any more information for the witness is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).

*Plaintiff verified two prior Fact Sheets |
| 19. | 1962 | WHB 1673 | 24-CV-05552 | II.7. – employment information

VII.2 & VII.3 - Did not check off form of disclosure on authorization (electronic or hard copy) The authorization is moot since Plaintiff is obliged to obtain records under Amended PTO 10. Regardless, it was Uber's choice as to how it received records via authorization, not Plaintiff's.

*Plaintiff verified two prior Fact Sheets |
| 20. | 2147 | WHB 519 | 24-CV-05627 | II.2 – middle name

II.7 – employer from 11/2014 – 5/2015 |

| | | | | |
|---|---|---|---|---|
| | | | | *Plaintiff verified prior Fact Sheet in October 2024 |
| 21. | 2150 | WHB 393 | 24-CV-05633 | II.2 – middle name<br><br>Uber's alleged deficiency was inconsistent responses to questions 20, 28, 30, 30(a)<br><br>*Plaintiff verified prior Fact Sheet in February 2025 |
| 22. | 2177 | WHB 1416 | 24-CV-05667 | Uber's alleged deficiency was inconsistent responses to questions 22 and 20<br><br>V.30.a – last name for daughter; contact information for other witness, Plaintiff's answer that she does not have contact information for Jacob A. is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877). Plaintiff provided contact information for her daughter.<br><br>VI.40.a. – name of HCP. Plaintiff provided the name of the facility. She does not recall the name of the ER doctor who treated her at the hospital. This is an acceptable answer under PTO 10 and the November 18, 2024 Order Resolving Dispute Regarding Obligations Under Pretrial Order No. 10 (Doc. 1877).<br><br>*Plaintiff verified two prior Fact Sheets |
| 23. | 2898 | WHB 2052 | 25-CV-01229 | II.2 – middle name<br><br>*Plaintiff verified prior Fact Sheet in February 2025 |
| 24. | 2889 | WHB 2045 | 25-CV-01211 | II.7 – employer from 1/2015 – 1/2017 |

| | | | | Uber's alleged deficiency was inconsistent responses to questions 11, 14, and 20

III.19 – no response. Plaintiff did not describe taking any videos or audio recordings in her narrative response to Q. 20.

*Plaintiff verified prior Fact Sheet in March 2025 |

As stated, the "deficiencies" Uber identified in these cases included items like Plaintiffs' middle names when the predecessor PFS listed only a middle initial (*see e.g*. WHB 1478, ID 1546; WHB 2052, ID 2898) or contact information for all individuals when the predecessor PFS listed a witness's name followed by "I don't know" or "I no longer have their contact information," which under both PTO 10 and the November 18, 2024 Order, was an acceptable answer (*see e.g*. WHB 1936, ID 1653; WHB 1845, ID 1725). *See* Ex. CCC to the Declaration of Walt Cubberly at 6, lines 23 – 24; Ex. CC to the Declaration of Walt Cubberly at 4, lines 12-13 ("Plaintiffs must therefore provide contact information for witness to the extent such information is known by Plaintiffs and called for by the PFS.").

Another "deficiency" was Plaintiff's "failure" to (1) write in the date of incident or full SSN and/or (2) check off the preferred form of disclosure (electronic or hard copy) on the authorizations even if she signed them (*see e.g*., WHB 1382, ID 1916; WHB 1673, ID 1962; WHB 1144, ID 1567). Perhaps the most prevalent "deficiency" was "inconsistent responses." (*see e.g*., WHB 649, ID 1712; WHB 1416, ID 2177). What Uber considers "inconsistent" is subject matter for a deposition; inconsistent responses do not render a PFS incomplete. *See* PTO 10 at 6 ("The PFS and DFS submission must be substantially complete, which means a Party must: 1. Answer all applicable questions (Parties may answer questions in good faith by indicating 'not applicable,' 'I don't know,' or 'unknown'…). Nowhere is completeness defined by Uber's subjective opinion that the answers provided are "inconsistent." It is also worth noting that Uber's motion does not discuss a single WH amended PFS that is the subject of its motion.

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION REGARDING ALLEGEDLY FRAUDULENT PFS                    -19-

These Plaintiffs' prior, verified PFS were substantially complete under PTO 10. Their cases have now been dismissed despite the fact that Uber had already confirmed the subject rides, because Uber submitted immaterial deficiencies and for various reasons, and these 24 individuals could not verify their amended PFS in time.

Plaintiffs understand and recognize that this is the effect of not being able to obtain verifications, and the Court's orders that an unverified fact sheet (even an amended one) is substantially incomplete. And WH does not mean to suggest at all that the Court's orders are inappropriate or unfair. Uber availed itself of these orders, the 24 plaintiffs at issue were unable to timely submit verifications, and their cases were dismissed. The process put in place got Uber exactly what it wanted from the lack of verified responses pursuant to the orders already in place.

As discussed above, Amended PTO 10 guides <u>what happens when a fact sheet is submitted without an accompanying verification</u>: the fact sheet can be considered materially deficient, Uber can raise that deficiency, and if not cured Uber can seek dismissal. And that is what happened with respect to the cases that are subject to Uber's motion. And although Amended PTO 10 explicitly addresses the issue of an unverified PFS, nothing in the Order remotely suggests or implies that submission of a fact sheet without a verification is a fraudulent act; although it does provide Uber with remedies in that instance, as mentioned above, and of which Uber has availed itself.

But Uber's request for additional remedies (like requiring further certifications from counsel and Plaintiffs in all cases where Plaintiffs have already signed verifications, or seeking to depose a Plaintiff in a now-dismissed case), should be denied. And respectfully, Uber's wholly unsupported accusations of fraud as to WH are simply

1
2  inappropriate, unwarranted and moreover lack any basis to support its motion.  Therefore,
3  the motion should be denied.

4  **CONCLUSION**

5      Since Uber began serving deficiencies, WH has diligently and in good faith

6  worked to satisfy those deficiencies, even when they are immaterial. In these 24 cases,

7  WH uploaded amended fact sheets to satisfy the 30-day deficiency deadline under PTO

8  10. The amendments that WH made to each were based on knowledge and information

9  that the firm had after with reasonable inquiry. This is the exact response that is permitted

10  of an attorney when answering discovery by Rule 26(g).

11
12      WH has an obligation to its clients to preserve their rights. At the same time, WH must

13  satisfy its obligations under this Court's Orders. For that reason, these Plaintiffs have filed

14  Notices of Dismissal of their cases in compliance with the Court's November 19, 2025 Order.

15  WH has committed no fraud or misconduct. Plaintiffs respectfully ask that the Court deny

16  Defendants' Motion.

17  Dated: December 19, 2025                    /s/ *Walt Cubberly*
                                               John Eddie Williams, Jr.
18                                             Brian Abramson
                                               Margret Lecocke
19                                             Walt Cubberly (SBN 325163)
                                               Batami Baskin
20                                             Myles Shaw
                                               WILLIAM HART & BOUNDAS, LLP
21                                             8441 Gulf Freeway, Suite 600
                                               Houston, Texas 77017-5051
22                                             Telephone: (713) 230-2200
                                               Facsimile: (713) 643-6226
23                                             Email: jwilliams@whlaw.com
                                               Email: babramson@whlaw.com
24                                             Email: mlecocke@whlaw.com
                                               Email: wcubberly@whlaw.com
25                                             Email: bbaskin@whlaw.com
                                               Email: mshaw@whlaw.com
26
27                                             *Attorneys for Plaintiff*

28