# EXHIBIT CCC

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br>_____/<br><br>This Order Relates To:<br>ALL ACTIONS | MDL No. 3084 CRB<br><br>**PRETRIAL ORDER NO. 10: FACT SHEET IMPLEMENTATION ORDER** |

This Pretrial Order ("PTO" or "Order") governs the form, schedule for completion, and service of personal injury Plaintiff Fact Sheets ("PFS") and Defendant Fact Sheets ("DFS") in this MDL. This Order applies to Defendant Uber Technologies Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), and all Plaintiffs and their counsel in: (a) all actions transferred to <u>In re: Uber Technologies, Inc. Passenger Sexual Assault Litigation</u> ("MDL-3084") by the Judicial Panel on Multidistrict Litigation ("JPML") and (b) to all related actions directly filed in or removed to this MDL in this Court.

In entering this order and the appended fact sheets, the Court resolves the parties' numerous disputes over the form and content of the PFS and DFS. A few general observations are in order. With respect to the PFS, the Court has resolved some disputes in Plaintiffs' favor and others in Uber's. The Court has tried to avoid questions that are potentially confusion, questions that ask for duplicative information or information not readily available to a given plaintiff, and questions asking for information of limited relevance or that are unlikely to be useful at the stage in the proceedings. Much of what

Uber asks for in the PFS may ultimately be discoverable, but the appropriate question—for the PFS and DFS alike—is whether including a given question in a fact sheet will efficiently advance these coordinated proceedings, or whether that information might be better sought later, when individual cases are being worked up for trial. The Court regarded requests going to common issues, or issues that might otherwise help the parties and the Court to manage the litigation at this relatively early stage, as more appropriate for inclusion in the fact sheets.[1]

With respect to the DFS, the Court largely rejects Uber's contention that the DFS is a categorically inappropriate vehicle for document production. MDL fact sheets frequently include requests for production, as Plaintiffs correctly point out. Here, although the same documents could certainly be sought through Rule 34, there are advantages to including the requests in the DFS. Doing so ensures that the production of certain key documents occurs early in each case and on a rolling basis as new cases join the MDL. It can thereby facilitate more effective coordination of these proceedings—for example, the possible division of the cases into sub-categories or the selection of bellwethers. The Court notes that the parties are basically in agreement on the substance of the information that should be addressed in the DFS, although they diverge on how the DFS should address itself to a given category of information. For example, Uber's proposal would simply have it check "yes" or "no" as to whether Uber conducted a background check on a given driver. Plaintiffs' proposal, by contrast, would require Uber to produce all the background checks it conducted on the drivers. The latter is a superior solution for the background checks, which, where they exist, will be highly relevant, and which nothing in the record suggests would be unduly difficult for Uber to produce. The same is true of the customer support tickets about given drivers (although the Court has narrowed the language of this request somewhat) and the driver account status logs. By contrast, the same cannot be said for information like pre- and post-trip GPS data, whose relevance to a given case will likely

---

[1] These principles also explain why the Court has included certain document requests in the DFS but has excluded the disputed document requests from the PFS.

2

1  depend on the specific contours of the alleged incident. And some requests, like Plaintiffs'
2  request for "communication logs," are simply too broad for inclusion in the fact sheets,
3  given their potential utility.

4  This said, the Court's decision to <u>exclude</u> any given request or category of
5  information from the PFS or DFS does not reflect a ruling on that information's
6  discoverability. In some instances, information that the Court has left out of the fact sheets
7  may be highly relevant to certain cases, or even to most cases. The exclusion of any
8  question or request from the fact sheets should be taken to mean <u>only</u> that the Court
9  determined that requiring such information in a fact sheet would not, on balance, serve to
10  resolve the coordinated cases before it efficiently, promptly, and fairly. On the other hand,
11  Court has not ordered the <u>inclusion</u> in the fact sheets of any information that is not
12  discoverable.

### 1. Online Platform

The Court hereby appoints BrownGreer, PLC ("BrownGreer") to serve as the online platform for the data management of the PFS and DFS. The parties are directed to utilize BrownGreer's platform, "MDL Centrality," to fulfill their PFS and DFS obligations as detailed below and also, directly or through their designated representatives, to enter into a contract with the company specifying the services to be provided, the costs of such services, and the parties' payment obligations. BrownGreer shall work with the parties to compile all necessary data. The parties shall serve their respective PFS, DFS, and responsive documents to the requests for production of documents by uploading them to MDL Centrality. Uploading the responsive discovery to MDL Centrality shall constitute effective service.

### 2. Production of Bona Fide Ride Receipts

As previously ordered, Plaintiffs will either submit bona fide ride receipts or the ride information detailed in PTO No. 5 (dkt. 175 at 2–3) by February 15, 2024, for cases on file in this MDL as of February 1, 2024, and within 14 days of filing, transfer, or removal to this Court for all cases filed, transferred, or removed after February 1, 2024.

3

1   Plaintiffs shall serve the bona fide ride receipt, if located, or all ride information required
2   by PTO No. 5, if the receipt is not located, by uploading the bona fide ride receipt or ride
3   information to MDL Centrality, identifying each with the name of the Plaintiff to whom
4   the bona fide ride receipt or ride information applies, and by the associated case number.

### 3. Plaintiff Fact Sheets

The Court has approved a PFS that includes a variety of written authorizations for the release of records ("Authorizations"). See Exhibit 1. Each Plaintiff must submit a completed PFS, and executed Authorizations, through MDL Centrality pursuant to the terms of this Order.

The obligation to comply with this PTO and to provide a PFS shall fall solely on the individual counsel representing a Plaintiff. As with all case-specific discovery, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee are not obligated to conduct case-specific discovery for Plaintiffs by whom they have not been individually retained. In addition, Plaintiffs' Lead Counsel and the members of the Plaintiffs' Steering Committee have no obligation to notify counsel for Plaintiffs whom they do not represent of Defendants' notice of overdue or deficient discovery nor to respond to any motion practice pertaining thereto.

### 4. Defendant Fact Sheets

The Court has approved a DFS that includes document requests. See Exhibit 2.

Uber must submit a completed DFS and documents responsive to the requests in the DFS ("Responsive Documents") pursuant to the terms of this Order. However, if the ride receipt or ride information submitted by a Plaintiff is insufficient to allow Uber Defendants to identify a specific trip associated with the Plaintiff's alleged incident, then the Uber Defendants need not complete Section II (Uber Trip Information). Likewise, if the ride receipt or ride information submitted by a Plaintiff is insufficient to allow Uber Defendants to identify a driver associated with the Plaintiff's alleged incident, then the Uber Defendants need not complete Section III (Driver Information) and Section IV (Incidents).

If a Plaintiff for whom Uber was previously unable to identify a specific trip and/or

driver provides, via service via MDL Centrality, supplemental ride information, or a ride receipt not previously produced, and if this supplemental ride information or ride receipt allows Uber Defendants to identify a specific trip and/or driver not previously identified, Uber Defendants shall, within 90 days of receipt of this supplemental information, complete and serve a supplemental DFS, which includes the information previously lacking.

### 5. Discovery Mechanism

The effect of a Party's response to the questions contained in the PFS and DFS shall be considered the same as interrogatory responses, and where documents are requested, as responses to requests for production under the Federal Rules of Civil Procedure, and these responses will be governed by the standards applicable to written discovery under the Federal Rules of Civil Procedure.

A PFS or DFS is served without prejudice to the Parties' right to propound additional discovery. The Parties do not waive their rights to assert objections permitted under the Federal Rules of Civil Procedure to any additional discovery.

### 6. PFS and DFS Deadlines

The following PFS and DFS deadlines shall apply:

#### a. Cases filed on or before the date of March 26, 2024:

For cases directly filed in this judicial district and entered on the MDL 3084 docket on or before March 26, 2024 and for cases the JPML transfers to MDL 3084 on or before March 26, 2024, each Plaintiff must complete and submit a PFS and execute applicable Authorizations, and Uber Defendants must complete and submit a DFS and produce responsive documents, within 60 days after March 26, 2024. A case shall be deemed transferred to MDL 3084 either: (a) on the date the Clerk enters a certified copy of the JPML's Conditional Transfer Order on the docket of this Court, or (b) where transfer is contested, the date of transfer in any subsequent order from the JPML.

#### b. Cases filed after the date of March 26, 2024:

For cases directly filed in this judicial district and entered on the MDL 3084 docket,

and for cases the JPML transfers to MDL 3084 after March 26, 2024, each Plaintiff must complete and submit a PFS and execute applicable Authorizations within 30 days of the case being filed in, removed to, or transferred to MDL 3084. The Uber Defendants must complete and submit a DFS and produce Responsive Documents, within 30 days after a given plaintiff serves the ride receipt or ride information form in accordance with PTO No. 5 and this Order.

### 7. Procedures for Serving Completed Plaintiff and Defendant Fact Sheets and Associated Documents

Within the deadlines prescribed for the PFS in the prior section, Plaintiffs shall serve the completed PFS and Authorizations upon Uber's counsel. Service shall be accomplished by uploading the verified PFS to MDL Centrality in the relevant Plaintiff's case file and by producing all Authorizations and Responsive Documents in the same manner and format as detailed in the ESI protocol, with a cover letter identifying the Plaintiff and case number to which the production applies.

Within the deadlines prescribed for the DFS in the prior section, Uber shall serve the completed DFS and Responsive Documents upon Plaintiff's counsel. Service shall be accomplished by uploading the verified DFS to MDL Centrality in the relevant Plaintiff's case file and by producing all Responsive Documents in the same manner and format as detailed in the ESI protocol, with a cover letter identifying the Plaintiff and case number to which the production applies.

### 8. Substantial Completeness of PFS and DFS

The PFS and DFS submission must be substantially complete, which means a Party must:

1. Answer all applicable questions (Parties may answer questions in good faith by indicating "not applicable," "I don't know," or "unknown");

2. Include a signed Declaration (for a PFS) or Certification (for a DFS);

3. Provide duly executed record release Authorizations (for a PFS); and

4. Produce the requested documents to the extent such documents are in the

6

Party's possession, custody, or control.

If a Party considers a PFS or DFS to be materially deficient, a deficiency notice outlining the purported deficiency(ies) shall be served on the deficient Party's attorney of record via MDL Centrality. The deficient party will have thirty (30) days to correct the alleged deficiency(ies).

### 9. Objections Reserved to PFS and DFS

All objections to the admissibility of information contained in the PFS and DFS are reserved; therefore, no objections shall be lodged in the responses to the questions and requests contained therein. This paragraph, however, does not prohibit a Party from withholding or redacting information based upon a recognized privilege. Documents withheld on the basis of privilege shall be logged in accordance with the Court's forthcoming Privileged Materials Order, Rule 502(d), and all parties shall continue to comply with the Protective Order (dkt. 176) regarding produced information and documents.

### 10. Confidentiality of Data

To the extent that the PFS or DFS requires the responding party to provide confidential documents or information, the disclosure shall be governed by the Protective Order and Stipulation and Order Re: Plaintiffs Who Wish to Proceed Anonymously (dkt. 174).

### 11. Scope of Depositions and Admissibility of Evidence

Nothing in the PFS or DFS shall be deemed to limit the scope of inquiry at depositions and admissibility of evidence at trial. The scope of inquiry at depositions shall remain governed by the Federal Rules of Civil Procedure. The Federal Rules of Evidence shall govern the admissibility of information contained in responses to the PFS and DFS and no objections are waived by virtue of providing information in any PFS or DFS.

### 12. Rules Applicable to Plaintiffs' Authorizations

As set forth above, Authorizations together with copies of such records, to the extent that those records or copies thereof are in a Plaintiff's possession, custody, or

7

control, shall be provided with the PFS at the time that the Plaintiff is required to submit a PFS pursuant to this Order.

In addition to the addressed Authorizations, Plaintiff's counsel shall also maintain in their file unaddressed, executed Authorizations. Plaintiff's counsel shall provide executed Authorizations to counsel for the MDL Defendants (or communicate an objection to said request for authorizations) within 14 days of a request for such Authorizations.

Should Plaintiffs provide Authorizations that are undated, this shall not constitute a deficiency or be deemed to be a substantially non-complete PFS. Defendants (or the applicable records vendor) have permission to date (and where applicable, re-date) undated Authorizations before sending them to records custodians.

If an agency, company, firm, institution, provider, or records custodian to whom any Authorization is presented refuses to provide records in response to that Authorization, Uber (or the applicable records vendor) shall notify a Plaintiff's individual representative counsel and a designated individual from MDL Liaison Counsel. Upon notification, counsel shall work together in good faith to resolve the records issue.

In the event a records custodian requires a proprietary authorization or other particular form, Uber (or the applicable records vendor) will provide it to Plaintiff's individual representative counsel who shall thereafter execute and return the proprietary authorization or other particular form within 14 days.

Uber or its designees (including the applicable records vendor) shall have the right to contact agencies, companies, firms, institutions, or providers to follow up on record copying or production.

Counsel for each Plaintiff will have the right to obtain copies of all documents Uber receives pursuant to Authorizations provided by that Plaintiff. The Parties will meet and confer regarding the process and terms of Uber (and/or the applicable records vendor) providing copies of documents obtained.

### 13.    Stipulated Revisions

If, in light of the Court's rulings, the parties wish to stipulate to limited amendments

of the fact sheets or amendments to this Pretrial Order, they may do so by filing a stipulation on the docket on or before March 25, 2024. Revisions will be subject to the Court's approval. The Court will not revise either this Order or the fact sheets unless the parties agree on a given change. The Courtroom Deputy will email Word versions of the fact sheets to the parties.

**IT IS SO ORDERED.**

Dated: March 19, 2024



CHARLES R. BREYER
United States District Judge

9