1  Laura Vartain Horn (SBN 258485)
   **KIRKLAND & ELLIS LLP**
2  555 California Street, Suite 2700
   San Francisco, CA 94104
3  Telephone: (415) 439-1625
4  laura.vartain@kirkland.com

5  Allison M. Brown (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
6  2005 Market Street, Suite 1000
   Philadelphia, PA 19103
7  Telephone: (215) 268-5000
8  alli.brown@kirkland.com

9  Jessica Davidson (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
10 601 Lexington Avenue
   New York, NY 10022
11 Telephone: (212) 446-4800
12 jessica.davidson@kirkland.com

13 Kim Bueno (Admitted *Pro Hac Vice*)
   **KIRKLAND & ELLIS LLP**
14 401 W. 4th Street, Austin, TX 78701
   Telephone: (512) 355-4390
15 kim.bueno@kirkland.com

16 *Attorneys for Defendants*
   UBER TECHNOLOGIES, INC.,
17 RASIER, LLC, and RASIER-CA, LLC

18                    **UNITED STATES DISTRICT COURT**
19                    **NORTHERN DISTRICT OF CALIFORNIA**
20                           **SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-MD-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO QUASH TRIAL SUBPOENA** |
| This Document Relates to: | |
| *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Judge:      Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA
Case No. 3:23-md-03084-CRB

1  **TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order to quash Plaintiff's trial subpoena served on Andrew Hasbun because the witness resides and works outside the 100-mile geographical limits of the Court's subpoena power.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: December 19, 2025                    **KIRKLAND & ELLIS LLP**

                                            By: */s/ Laura Vartain Horn*

                                            *Counsel for Uber*

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff seeks to circumvent Rule 45's 100-mile geographical limitations on the Court's subpoena power to compel Andrew Hasbun, Uber's Director of Communications, to testify at the upcoming trial. As the Ninth Circuit has made clear, "despite changes in technology and professional norms, the rule governing the court's subpoena power has not changed[.]" *In re Kirkland*, 75 F.4th 1030, 1051-52 (9th Cir. 2023). Indeed, the geographic limits are so "strict" that a trial court's failure to heed them has resulted in the "extraordinary remedy" of mandamus relief. *Id.* at 1040, 1046 (bankruptcy court improperly "stretch[ed] the federal subpoena power well beyond the bounds of Rule 45, which focuses on the *location of the proceeding* in which a witness is compelled to testify"). Simply put, because Mr. Hasbun resides and works more than 100 miles from the courthouse at which Plaintiff's trial will be conducted, "the district court '*must* quash' . . . the subpoena." *Id.* at 1042.

### II.  STATEMENT OF THE ISSUE TO BE DECIDED

Should Plaintiff be allowed to compel the appearance of Mr. Hasbun at the upcoming trial, which is located more than 100 miles away from where Ms. Hasbun lives, works or regularly transacts in-person business?

### III.  ARGUMENT

"Federal Rule of Civil Procedure 45(c) defines the 'place of compliance' for subpoenas and the geographical scope of a federal court's power to compel a witness to testify at a trial or other proceeding." *In re Kirkland*, 75 F.4th at 1042 (citing Fed. R. Civ. P. 45(c)). First, a person can be commanded to attend trial "within 100 miles of where the person resides, is employed, or regularly transacts business in person[.]" Fed. R. Civ. P. 45(c)(1)(A). Second, a person can be compelled to attend a trial "within the state where the person resides, is employed, or regularly transacts business in person, if the person (i) is a party or a party's officer; or (ii) . . . would not incur substantial expense." Fed. R. Civ. P. 45(c)(1)(B). "If a trial subpoena exceeds these geographical limits, the district court '*must* quash'" the subpoena. *In re Kirkland*, 75 F.4th at 1042 (citing Fed. R. Civ. P.

45(d)(3)(A)(ii)).[1] These "geographical limits" "define the scope of a court's *power* to compel a witness to participate in a proceeding[.]" *Id.* at 1044-45 (citation omitted); *Orbital Eng'g, Inc. v. Buchko*, No. CV 2:20-593, 2022 WL 170043, at *3 (W.D. Pa. Jan. 19, 2022) (quashing trial subpoena with respect to employees of plaintiff located outside subpoena limits); *In re EpiPen (Epinephrine Injection, USP) Mktg., Sales Pracs. & Antitrust Litig.*, MDL No. 2785, 2021 WL 2822535, at *4 (D. Kan. July 7, 2021) (declining to "ignore Rule 45's limits on [the court's] subpoena power" with respect to out-of-state witnesses); *Coblin v. DePuy Orthopaedics, Inc.*, No. 3:22-cv-00075-GFVT-MAS, 2024 U.S. Dist. LEXIS 57714, at *6-7 (E.D. Ky. Mar. 29, 2024) (quashing trial subpoena on company witness located more than 100 miles away from courthouse because "[t]he Court cannot compel how a person may testify if it cannot first ensure the witness is within the Court's reach to compel"); *Bioconvergence LLC v. Attariwala*, No. 1:19-cv-01745-SEB-MG, 2023 WL 4494020, at *2 (S.D. Ind. June 29, 2023) (refusing to disregard Rule 45's strict geographic limitations); *Rochester Drug Coop., Inc. v. Campanelli*, No. 23 Misc. 89 (KPF), 2023 WL 2945879, at *2 (S.D.N.Y. Apr. 14, 2023) (a witness "can be commanded to testify only from a place described in Rule 45(c)(1)"); *Black Card LLC v. Visa USA Inc.*, No. 15-CV-27-SWS, 2020 WL 9812009, at *4 (D. Wyo. Dec. 2, 2020) (similar).

Here, Plaintiff has subpoenaed Mr. Hasbun (who lives and works in California) to testify at a trial in Arizona (oddly, on Martin Luther King Day, when court is not in session). Because Mr. Hasbun does not live, work, or regularly conduct any in-person business in Arizona, the first metric for commanding his appearance at trial in Arizona does not apply. Nor can Ms. Hasbun be compelled to appear in accordance with the second metric because the trial will be conducted more than 100 miles away from where Mr. Hasbun lives and works. As a result, Mr. Hasbun cannot "be compelled to testify *in person* at a trial in" Arizona. *In re Kirkland*, 75 F.4th at 1042. Rather, if Plaintiff wishes to present Mr. Hasbun's testimony at trial, she has 15 hours of his deposition testimony at her

---

[1] The Ninth Circuit went on to make clear that "the rule governing the court's subpoena power . . . does not except remote appearances from the geographical limitations" under Rule 43. *Id.* at 1051-52. Thus, any attempt by Plaintiff to circumvent these limits by using Rule 43 to attempt to compel Mr. Hasbun to testify by contemporaneous transmission would also contravene settled law. *Id.*

disposal. Any other conclusion would improperly "stretch the federal subpoena power well beyond the bounds of Rule 45" and contravene binding and well-established law. *Id.* at 1046. For this reason alone, the Court should quash Plaintiff's trial subpoena.

## V. CONCLUSION

For all of the foregoing reasons, the Court should quash Plaintiff's trial subpoena seeking to compel Andrew Hasbun's attendance at the upcoming trial.

DATED: December 19, 2025                        Respectfully submitted,

/s/ Laura Vartain Horn
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX  78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on December 19, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn