DENNIS C. REICH, ESQ. (SBN #69631)
Reich and Binstock, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Tel: 713.622.7271
Fax: 713.623.8724
Email: dreich@reichandbinstock.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*A.E. v. Uber Technologies, et al., Inc., et al.;* 3:25-cv-07668-CRB; and | MDL No. 3084 CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO COMPEL COMPLIANCE WITH COURT ORDER (ECF 4575)**<br><br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

**I.    Introduction**

On November 19, 2025, the Court filed an Order to Show Cause, which seeks additional information from Plaintiff, A.E. regarding the origin of a submitted ride receipt. See *Docket No. 4440.* Counsel for Plaintiff A.E., provided Plaintiff with a copy of the Court's Order which required A.E. to submit for a deposition within 30 days (by December 19, 2025). Plaintiff's counsel continues to be unable to meaningfully respond to the Order, as this Plaintiff has been and remains uncooperative and unresponsive to multiple contact attempts. Prior to the Court's issuance of the Order to Show Cause, Counsel intended to withdraw for those reasons. (ECF 4249).

Since that time, Plaintiff's counsel has cooperated with Uber in an effort to comply with the Court's Order. Despite counsel's full disclosure of continued lack of communications with the Plaintiff, as well as no representations that A.E. would appear, Uber insisted upon noticing

Plaintiff, A.E.'s in-person deposition in Las Vegas, Nevada. Uber noticed the deposition for Wednesday, December 17, 2025, and by agreement Plaintiff's counsel provided the notice to Plaintiff, A.E. Given that counsel does not know the reason for the lack of communication from the Plaintiff, counsel expressed concern that the Plaintiff may show up unilaterally, however unlikely. Prior to the deposition, on December 15, 2025, Plaintiff's counsel again notified Uber that they had not been in contact with the Plaintiff and made no representation that Plaintiff would appear for deposition. Nonetheless, Uber continued to insist upon moving forward with the in-person deposition. On Wednesday, December 17, 2025, the deposition occurred with counsel present and Uber took a certificate of non-appearance by A.E.

Plaintiff does not oppose Defendant's proposed order seeking to further compel a deposition within 30 days; however, Plaintiff counsel cannot represent that the Plaintiff will appear.

Plaintiff *does* oppose Uber's sought relief to compel the extraordinary remedy directed solely at Plaintiff's counsel to compel a sworn declaration that addresses counsel's pre-suit investigation as to the claims of Plaintiff, A.E., including a privilege log of all communications with the Plaintiff. This is not ordinary discovery. It is an attempt to narrow a dispute about a sole receipt into an open-ended inquiry into counsel's conduct, mental impression, work product, and privileged communications with clients.

Discovery of that sort requires more than suspicion; it requires a plausible theory of misconduct and a legally viable endpoint. Here, the only conceivable endpoint for Uber's counsel-targeted discovery is a claim that counsel filed frivolous actions without adequate investigation, *i.e.,* Rule 11 sanctions. However, Rule 11 sets a high bar: Uber would have to show that the claims were both baseless and filed without a reasonable and competent inquiry at the time of filing. Uber has not made that showing and cannot make that showing on this record.

The receipt at issue is not an obvious forgery. Uber itself had to enlist a forensic expert to identify subtle anomalies. Further, Uber has not shown that Plaintiff's claims were impossible,

only that limited corroborating evidence – not uncommon in alleged sexual assault cases – may be disputed. Uber has not shown that a reasonable pre-suit investigation would necessarily have uncovered the alleged issues at the time these claims were filed.

Uber's efforts to probe counsel's pre-suit investigation and attorney-client communications without articulating a viable legal basis for doing so should be rejected.

## II. Argument

### A. Plaintiff does not oppose the Court-Ordered Deposition; Plaintiff solely opposes Uber's attempt to target Plaintiff counsel.

Plaintiff opposes Uber's decision to append to an otherwise routine motion to compel a set of novel, intrusive, and undisclosed demands directed at Plaintiff counsel, including a sworn declaration regarding counsel's pre-suit investigation and a privilege log of all communication with Plaintiff, A.E. This request for relief amounts to nothing more than a fishing expedition.

Discovery is not an abstract entitlement. It must be tethered to a legitimate legal theory and a plausible procedural endpoint. When discovery targets opposing counsel's conduct, mental impressions, or privileged communications with clients, that endpoint must be especially clear. Here, Uber offers none.

### B. The only plausible destination for Uber's Counsel-Targeted Discovery is Rule 11 – and Uber cannot meet the Rule 11 standard.

Uber's request to probe counsel's pre-suit investigation and attorney-client privileged communications cannot be justified as ordinary merits discovery. That information is not relevant to whether Plaintiff was assaulted, whether Uber breached a standard of care, or whether Plaintiff suffered damages. Nor is it relevant to whether the receipt at issue is authentic.

The only conceivable reason to demand discovery into counsel's pre-suit investigation and communications is to argue that counsel filed claims that should never have been filed, that

is, to pursue Rule 11 sanctions or some analogous theory premised on counsel misconduct. Rule 11 sets a high and specific bar, and Uber has not come close to satisfying it.

### 1. Rule 11 requires more than a showing that evidence is later challenged or disproven.

In the Ninth Circuit, Rule 11 sanctions require a showing that a filing was both "baseless and made without a reasonable and competent inquiry." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005) (quoting *Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) (en banc)).

Critically, this inquiry is ex ante, not retrospective. Courts evaluate reasonableness "under the circumstances" at the time the pleading was filed, not with the benefit of hindsight or later-developed expert analysis. *Townsend,* 929 F.2d at 1362; *Golden Eagle Distrib. Corp. v. Burroughs Corp.,* 801 F.2d 1531, 1537 (9th Cir. 1986).

It is therefore not enough for Uber to show that certain corroborating documents are now disputed. Uber would need to show that, at the time of filing, the claims were objectively baseless *and* that a reasonable attorney would necessarily have discovered that fact through a competent pre-filing inquiry. Uber has not done so and cannot do so.

### 2. The receipt at issue is not facially or obviously fraudulent.

The receipt at issue here is not an obvious forgery. It does not bear conspicuous watermarks or glaring formatting errors. To the contrary, Uber itself enlisted an outside forensic expert to identify subtle anomalies, including metadata issues, timing inconsistencies, and formatting characteristics. These issues are not apparent on a reasonable, ordinary review.

This point is important. Rule 11 does not require counsel to conduct pre-suit forensic analysis of documents, nor to assume that a document is fraudulent in the absence of glaring red flags. The Ninth Circuit has repeatedly emphasized that the duty is one of reasonable inquiry, not

exhaustive investigation or clairvoyance. *Holgate,* 425 F.3d at 676; Golden Eagle, 801 F.2d at 1537. "If the relevant facts are in control of the opposing party, more leeway must be given to make allegations in the early stages of litigation that may not be well-grounded." *Townsend v. Holman Consulting Corp.* (9th Cir. 1990) 929 F.2d 1358, 1364. Uber alone has access to its ride databases that will confirm or deny the existence of a ride described in a receipt provided by a prospective plaintiff.

Where alleged falsity is not facial and must be established through specialized analysis, it cannot plausibly be said that a reasonable pre-suit inquiry would necessarily uncovered it.

### 3. Uber has not shown that a reasonable pre-suit inquiry would have revealed the alleged issues at the time of filing.

Uber has not shown that a reasonable attorney, conducting a reasonable inquiry at the time these claims were filed, would necessarily have discovered that the receipt at issue is not genuine. The Ninth Circuit's sanctions cases imposing liability on counsel involve circumstances where attorneys ignored clear warnings, internal contradictions, or dispositive contrary evidence already in their possession. *See, e.g., Holgate,* 425 F.3d at 677–78 *(claims legally impossible and contradicted by existing records).*

That is clearly not the case here. There is no evidence that counsel was confronted with obvious inconsistencies, external warnings, or dispositive facts that would have rendered reliance on Plaintiff's representations unreasonable at the time they filed their complaints.

### C. Because Uber has not and cannot articulate a Plausible Destination for Counsel-Targeted Discovery, that relief should be denied.

Discovery directed at opposing counsel must be justified by more than suspicion or frustration. It must be tethered to a legally viable theory and a procedurally proper endpoint. Here, the only conceivable endpoint is Rule 11 sanctions, but Uber cannot satisfy Rule 11's

governing standard.

Plaintiff solely opposes Uber's attempt to bootstrap a routine discovery dispute into an intrusive inquiry into counsel's conduct without first establishing that counsel's conduct is even plausibly sanctionable.

Because Uber has not shown that Plaintiff's claims were both baseless and filed without a reasonable and competent inquiry, it's request for counsel-targeted discovery lacks a legitimate purpose and should be denied.

### III.    Conclusion

Plaintiff does not oppose any further order compelling a deposition within 30 days. Plaintiff does oppose a sworn declaration from Plaintiff's counsel that addresses counsel's pre-suit investigation as to the claims of Plaintiff, A.E., including a privilege log of all communications with A.E., as this request is an unjustified intrusion into core opinion work product and privileged communications. Uber has not exhausted less intrusive alternatives, has not satisfied the standards governing discovery directed solely at opposing counsel, and has not established a factual predicate for a broad inquiry into Reich & Binstock, LLP's conduct. Accordingly, Plaintiff requests that the Court deny Defendant's Motion to Compel.

Dated: December 19, 2025            Respectfully submitted,

By: */s/ Dennis C. Reich*
DENNIS C. REICH (SBN #69631)
Reich & Binstock, LLP
4265 San Felipe, Suite 1000
Houston, Texas 77027
Tel: 713.622.7271
Fax: 713.623.8724
Email: dreich@reichandbinstock.com

*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on Friday, December 19, 2025, I electronically transmitted the foregoing Motion to Withdraw as Counsel of Record to the Clerk's office using the CM/ECF system for filing thereby transmitting a Notice of Electronic Filing to all CM/ECF registrants.

/s/ *Dennis R. Reich*
Dennis R. Reich