[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE REDACTED-FILED UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Redacted-Filed Under Seal. ECF 4671.

Plaintiff respectfully requests the Court seal portions of Exhibits 2 and 3 to the Declaration of Laura Vartain Horn in Support of Uber's Motion to Strike Plaintiff's Witness and Exhibits Lists.

## I. BACKGROUND AND REQUESTED SEALING

The exhibits at issue in this Statement are:

| Document | Description of Material to Be Sealed |
|---|---|
| **Exhibit 2** to the Declaration of Laura Vartain Horn in Support of Uber's Motion to Strike Plaintiff's Witness and Exhibits Lists (ECF 4672-3) | The names of third parties in Plaintiff Dean's case at 4:27, 5:1, 5:2, 5:7, and 5:10. |
| **Exhibit 3** to the Declaration of Laura Vartain Horn in Support of Uber's Motion to Strike Plaintiff's Witness and Exhibits Lists (ECF 4672-4) | The names of plaintiffs proceeding under pseudonym at rows 266, 274, 294, 312, 314, 315, 319, 320, 324, 325, 326, 327, 328, 337, 338, 339, 340, 341, 342, 343, 344, 413, 414, 415, 416, 417, 453, 457, 725, 951, 968, 969, 970, 971, 972, 973, 974, 975, 976, 977, 978, 979, 980, 981, 982, 1006, 1008, 1009, 1015, 1016, 1017, 1018, 2205, 3125, 3126, 3129, 3132, 3133, 3137, 3138, 3140, 3141, 3144, 3339,3340, 3341, 3342, 3355, 3356, 3357, 3358, 3359, 3360, 3361, 3362, 3363, 3364, 3365, 3366, 3382, 3383, 3384, 3385, 3386, 3393, 3394, 3395, 3396, 3398, 3399, 3400, 3401, 3403, 3404, 3405, 3407, 3409, 3410, 3411, 3412, 3413, 3421, 3422, 3423, 3426, 3427, 3433, 3437, 3439, 3440, 3441, 3442, 3443, 3449, 3451, 3452, 3454, 3454, 3456, 3458, 3460, 3462, 3464, and 4655.<br><br>The names of third parties in Plaintiff Dean's and Plaintiff B.L.'s cases at rows 2646, 2651, 2676, 2677, and 4672.<br><br>The address of a third party in Plaintiff Dean's case at row 4527. |

## II. LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City &*

*Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-1102 (9th Cir. 2016). Good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion to strike Plaintiff's witness and exhibit list. Motions to strike a witness list have been characterized as case management issues. *See United States v. Town of Colorado City*, 2014 WL 5431209, at *2 (D. Ariz. Oct. 27, 2014) ("The dispute here is about the sufficiency of the revised witness list…The instant motion has to do with the court's management of this case…"). As Defendants' Motion is related to the scope of evidence at trial, rather than resolving the merits of the case, the good cause standard applies.

### III.   PORTIONS OF THE EXHBITS AT ISSUE SHOULD BE SEALED

The Exhibits at issues are Plaintiff's witness and exhibit lists that contain the personally identifiable information ("PII") of plaintiffs and third parties. Sealed versions of Exhibits 2 and 3 were filed on the public docket at 4672-3 and 4672-4. *See* Kalonia Decl. ¶ 2. Relevant portions of the Exhibits should be sealed to avoid harm to plaintiffs' and third parties' privacy interests.

#### A.   Failing to Seal the Records Would Harm Plaintiffs and Third Parties

The identified portions of Exhibits 2 and 3 that contain PII, in the form of names of plaintiffs proceeding under pseudonym, and the names and addresses of third parties, should be sealed. The Court has previously granted plaintiffs in this litigation the option of proceeding anonymously as "plaintiffs' need to proceed anonymously outweighs the prejudice to the defendants and the public's interest in knowing the parties' identities." ECF 174. Disclosure of plaintiffs' full names may result in reputational and economic harm, harassment, and unwanted media attention. *See* Kalonia Decl. ¶ 5; *see Doe v. United Airlines, Inc.*, 2018 WL 3997258, at *2 (D. Nev. Aug. 21, 2018) (finding that allegations that disclosure of plaintiff's name in a sexual assault case may result in reputational and economic harm, unwanted media attention and scrutiny "weigh[ed] in favor of [p]laintiff proceeding using her initials."). Similarly, revealing the names and addresses of third parties in this sensitive, high-profile litigation could at minimum cause "annoyance" and "embarrassment." *See* Kalonia Decl. ¶ 6; Fed. R. Civ. P. 26(c).

Courts, further, routinely seal PII under the more stringent compelling reasons standard. *See Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action" (collecting cases)); *Jones v. PGA Tour, Inc.*, 2023 WL 7434197, at *2 (N.D. Cal. Oct. 5, 2023) ("Courts in this circuit routinely seal…personal identifying information under the compelling reasons standard due to the potential privacy harm to the individual whose contact information may be exposed."); *see also In re Pac. Fertility Ctr. Litig.*, 2021 WL 1082843, at *2 (N.D. Cal. Mar. 12, 2021) (noting that "there are compelling reasons to seal [] physical addresses…").

The significant privacy concerns of plaintiffs and third parties outweigh the public's minimal interest in knowing their identities or personal information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 7.

**B.     Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

There is no less restrictive alternative to sealing portions of the relevant exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Kalonia Decl. ¶ 8. Plaintiff's request is narrowly tailored to seal only PII, while ensuring that the public retains access to the rest of the exhibits. *See id.*

**IV.   CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of the exhibits listed above be maintained under seal.

Dated: December 22, 2025              Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

| | |
|---|---|
| | **PEIFFER WOLF CARR KANE CONWAY & WISE, LLP** |
| | 555 Montgomery Street, Suite 820 |
| | San Francisco, CA 94111 |
| | Telephone: (415) 426-5641 |
| | Facsimile: (415) 840-9435 |
| | rabrams@peifferwolf.com |
| | |
| | By: */s/ Roopal P. Luhana* |
| | Roopal P. Luhana |
| | |
| | **CHAFFIN LUHANA LLP** |
| | 600 Third Avenue, 12th Floor |
| | New York, NY 10016 |
| | Telephone: (888) 480-1123 |
| | Facsimile: (888) 499-1123 |
| | luhana@chaffinluhana.com |
| | |
| | *Co-Lead Counsel for Plaintiffs* |

## FILER'S ATTESTATION

I, Maya Kalonia, am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: December 22, 2025           */s/ Maya Kalonia*
                                   Maya Kalonia