**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Marlene Goldenberg (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.N.** |
| This Document Relates to:<br><br>*K.N. v. Uber Technologies, Inc., et al.*<br>Case No. 3:25-cv-04184 | Judge: Honorable Charles R. Breyer<br>Date:   TBD<br>Time:   TBD<br>Courtroom: |

**NOTICE OF MOTION & MOTION**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD, PLEASE TAKE NOTICE that at the aforementioned date, time, and location or as soon thereafter as the matter may be heard, Nigh Goldenberg Raso & Vaughn, PLLC ("NGRV"), counsel of record for Plaintiff K.N. ("Plaintiff"), moves this Court for an order permitting its withdrawal as counsel for Plaintiff.

This Motion is made pursuant to Local Rule 11-5(a) and C. This Notice of Motion & Motion is based on the below Memorandum in Support and the accompanying Declaration of Marlene Goldenberg ("Decl."), attached hereto as Exhibit A. A Proposed Order is attached as Exhibit B.

**MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Pursuant to Local Civil Rule 11-5(a) and California Rules of Professional Conduct 1.16(b)(4) and 1.16(d), NGRV submits this Memorandum of Law in support of its Motion to Withdraw as Counsel for Plaintiff K.N., NGRV respectfully requests the Court grant the Motion.

**STATEMENT OF FACTS**

Plaintiff retained NGRV to prosecute an action against Defendants. Plaintiffs' claims were filed in the United States District Court for the Northern District of California as Case No. 3:25-cv-04184 on May 15, 2025. On June 1, 2023, Plaintiff K.N., who was unhoused, was sexually assaulted in an Uber ride ordered for her by staff at a homeless shelter. *See* SFC, 3:25-cv-04184, ECF 1 (filed May 15, 2025). Plaintiff contacted NGRV regarding a claim against Uber and worked with NGRV to provide information about how her ride was ordered, executed authorizations, and provided answers to many questions in the Plaintiff Fact Sheet she would eventually need to submit. *See* Decl. ¶ 4. However, Plaintiff K.N. eventually stopped responding to NGRV's communications. Decl. ¶ 4.

Because NGRV was aware of K.N.'s housing instability, NGRV took numerous steps to locate K.N. and, in the interim, preserve her rights. First, NGRV attempted to contact K.N. by email 16 times, by text message 16 times, by phone call four times, and by U.S. mail. *Id.* Second, NGRV attempted to locate K.N. by running a background check, but mail sent to the identified

address was sent back to NGRV "return to sender" and attempts to reach K.N. at identified phone numbers were similarly unsuccessful. *Id.* Finally, NGRV engaged a private investigator to locate K.N. *Id.* The private investigator was able to locate K.N.'s next of kin but they also did not know K.N.'s current whereabouts and indicated that this was due to K.N.'s unhoused status. *Id.* During this period, to preserve K.N.'s rights consistent with Cal. R. Prof. Cond. 1.2.1, NGRV filed her case and thereafter submitted a PFS with the PFS responses K.N. had previously provided, though these responses were incomplete and unverified because NGRV could not reach K.N. to finalize her PFS despite requests that she do so and explaining in its communications that failure to work with NGRV to complete the PFS could result in dismissal or withdrawal. *Id.* NGRV's communications have noted discovery deadlines, explained the risk of dismissal, and explained that NGRV could not continue to represent Plaintiff without her input. *Id.*

On November 18, 2025, NGRV notified K.N. by email[1] that it would withdraw from her case if it did not hear from her soon. *Id.* NGRV followed up on December 2, 2025, by providing K.N. notice by email that it would withdraw from representing her if it did not hear from her by December 16, 2025. *Id.* NGRV did not hear from K.N. *Id.* On December 19, 2025, NGRV sent K.N. a Notice of Intent to Withdraw by email and U.S. mail to her last known address. *Id.* NGRV also notified Uber of its intent to withdraw and offered Uber the opportunity to meet and confer. Decl. ¶ 5. Uber indicated that it would oppose the Motion. *Id.*

To date, Plaintiff has not contacted NGRV, has not agreed to voluntarily dismiss her case, and has not informed NGRV that alternate counsel has been retained. Decl. ¶ 6. NGRV thus remains counsel of record for Plaintiff, but also remains unable to reach her.

---

[1] NGRV has notified K.N. primarily by email because the addresses and phone numbers identified in background checks have proven inaccurate and/or outdated.

**ARGUMENT**

NGRV should be permitted to withdraw as counsel for Plaintiff. An attorney may withdraw from a case by obtaining an order from the court after reasonable advance written notice has been provided to the client and to all other parties. Civ. L.R. 11-5(a); *see also* Cal. Rules Prof. Conduct 1.16(d)(1). Permitting NGRV to withdraw will not prejudice Plaintiff, Uber, delay the progress of this multi-district litigation, or otherwise potentially harm the administration of justice.

**I.    Withdrawal will not prejudice Plaintiff K.N.**

K.N. stopped communicating with NGRV in December 2024, less than six months before her statute of limitations expired. In fulfillment of its ethical obligations to K.N., NGRV acted diligently to preserve K.N.'s statute of limitations while also undertaking substantial efforts to locate K.N. that consisted of at least 36 communication attempts, a background check, and engagement of a private investigator. Decl. ¶ 4.

NGRV has given appropriate advance notice of its intent to withdraw to Plaintiff beginning on November 18, 2025 and culminating with final notice on December 19, 2025. *Id.* NGRV has also given Uber advance notice. Decl. ¶ 5. NGRV has taken all possible steps to avoid prejudice to Plaintiff by preserving her statute of limitations while working to locate her, taking numerous steps to attempt to locate her, including retaining a private investigator at cost to NGRV, and explaining to her in communications to all last known physical and email addresses the possible consequences of failing to contact NGRV or meet discovery deadlines. Decl. ¶ 4. NGRV also submitted the limited information NGRV did have and, upon receiving deficiencies due to not having critical information from Plaintiff, negotiated discovery extensions with Uber as it attempted to try to reach her. *Id.* NGRV has thus taken all reasonable steps to avoid foreseeable prejudice to Plaintiff.

Under California Rule of Professional Conduct 1.16(b)(4), a lawyer may withdraw from a case if "the client … renders it unreasonably difficult for the lawyer to carry out the representation effectively." Here, Plaintiff rendered it unreasonably difficult for NGRV to carry out the representation

effectively by failing to communicate with NGRV and failing to provide information required to prosecute her case, despite requests from NGRV. *Id.* NGRV has been unable to meet discovery deadlines in this case because, for example, the Plaintiff Fact Sheet requires Plaintiff's input and verification. Therefore, Plaintiff's conduct falls into the express terms of Rule 1.16 regarding permissive withdrawal.

Because this motion is not accompanied by a substitution of counsel or an agreement by Plaintiff to proceed pro se, NGRV agrees to the condition imposed by Local Rule 11-5(b) to serve Plaintiffs with all papers in this matter, unless or until Plaintiff appears pro se, other counsel appears on Plaintiff's behalf, or upon further order of the Court. Decl. ¶ 10

**II.     Withdrawal will not prejudice Uber or delay the progress of this MDL.**

Uber states that it "intends to oppose the motion to withdraw for the same reasons as within recent oppositions and filings that relate to PFS provided without a verification." Decl. ¶ 5. However, NGRV's inability to obtain a verification from Plaintiff K.N., in addition to other information necessary to cure Plaintiff Fact Sheet deficiencies, is one of the reasons it is "unreasonably difficult for the lawyer to carry out the representation effectively" so as to warrant withdrawal under California Rule of Professional Conduct 1.16(b)(4). At this time, Uber has not filed any motions with respect to K.N. and no other MDL deadlines are impacted by Plaintiff K.N.'s case.

To the extent the Court has denied motions to withdraw in other cases in the MDL where PFS deficiencies are present, those motions were after Uber had filed a motion to dismiss such that withdrawal would prejudice Uber and delay the progress of the MDL. Those circumstances are not present here.[2]

NGRV has undertaken diligent efforts to re-establish contact with Plaintiff K.N. and, failing that, retained a private investigator to search for K.N. over a period of months to no avail.

---

[2] If NGRV's Motion is denied and Uber files a Motion to Dismiss K.N.'s case in the future, NGRV will vigorously respond to the Motion.

NGRV has done all that it can to avoid prejudice to its client, Plaintiff K.N., and to withdraw from this matter only after efforts to re-establish contact with her have been exhausted.

## CONCLUSION

NGRV respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: December 21, 2025

Respectfully submitted,

/s/ Marlene Goldenberg
Marlene Goldenberg (Pro Hac Vice)
Sam Hoefs (Pro Hac Vice)
**NIGH GOLDENBERG RASO & VAUGHN PLLC**
14 Ridge Square NW, Third Floor
Washington, DC 20016
Tel.: (202) 978-2228
Fax: (202) 792-7927
Mgoldenberg@nighgoldenberg.com
Shoefs@nighgoldenberg.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 21, 2025, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

Furthermore, on December 21, I electronically filed the foregoing in Plaintiff's individual docket using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

/s/ Marlene Goldenberg
Marlene Goldenberg