UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*K.N. v. Uber Technologies, Inc., et al.*<br>Case No. No. 3:25-cv-04184 | No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MARLENE GOLDENBERG IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.N.** |

I, Marlene Goldenberg, state and declare as follows:

1. I am an attorney and partner in the law firm of Nigh Goldenberg Raso & Vaughn PLLC. I am admitted *pro hac vice* to practice before this Court. I make this declaration based upon my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein:

2. Plaintiff K.N. has not responded to any efforts to reach her made by myself or my staff made since December 2024.

3. Plaintiff K.N.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.16(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. It is my opinion that our withdrawal from the case has become necessary.

4. Under the California Rules of Professional Conduct 1.16(d), my firm has taken all reasonably available steps to avoid prejudice to the rights of Plaintiff K.N.:

a. Before and throughout the time period described below, Plaintiff K.N. received numerous letters, emails, text messages, and phone calls requesting that she contact our office. These communications included four phone calls, sixteen emails, sixteen text messages, and two letters. In these communications, we repeatedly explained the need for her continued participation in the case, the risk her case may be dismissed, and that we would need to withdraw as counsel if she did not contact our office.

b. Our office conducted a background check for K.N. to determine if there had been a change in her address or contact information that she inadvertently neglected to share with us, or whether she had become incarcerated, so that we could ensure we were directing communications to the correct phone numbers and physical addresses.

c. Our office also retained the services of Prestige, Inc., a private investigator, to search for K.N. both virtually and in person. If Prestige, Inc. located K.N. via phone, they could "warm transfer" her directly to our office. They could also have her sign missing documents and mail them directly to our office and provide us with her updated address and contact information. However, Prestige was not able to do any of these things because Prestige never located K.N. While Prestige located some of K.N.'s next-of-kin, these individuals were also unaware of her current whereabouts and indicated that this was as a result of her unhoused status.

d. In fulfillment of our obligations under California Rule of Professional Conduct 1.1.1 and 1.2.1, when Plaintiff K.N.'s statute of limitations was two weeks out and we had not re-established contact, our office filed her case to preserve her statute of limitations.

e. In advance of the Plaintiff Fact Sheet deadline, our office notified Plaintiff K.N. by phone, email, text message, and letter that we required input from her to complete her Plaintiff Fact Sheet but did not receive the requested information from her in advance

of the deadline. Plaintiff K.N. had provided preliminary answers to the Plaintiff Fact Sheet in July of 2024 in anticipation of eventually filing her case but did not provide all answers and did not complete a verification. To avoid prejudice to Plaintiff K.N. our office submitted an unverified and incomplete Plaintiff Fact Sheet consisting of the Plaintiff Fact Sheet answers she previously provided but, consistent with the warnings we had provided to Plaintiff K.N. in our communications, this resulted in a deficiency. We continued to notify Plaintiff K.N. by phone call, email, and letter that we required her input to correct Plaintiff Fact Sheet deficiencies to avoid dismissal of her case but Plaintiff K.N. did not respond to these communication attempts.

    f.   On November 18, 2025, we sent Plaintiff K.N. an email explaining that if she did not contact us promptly, we would choose to withdraw as counsel.

    g.   On December 2, 2025, we sent Plaintiff K.N. a final notice that if she did not contact us by December 16, 2025, we would withdraw as counsel.

    h.   On December 19, 2025, our office sent Plaintiff a formal Notice of Intent to Withdraw by email and by U.S. mail to her last two known addresses indicating that we would file a Motion to Withdraw the following week.

5. On December 17, 2025, NGRV notified counsel for Uber of our intent to withdraw as counsel. Counsel for Uber responded on December 19, 2025 that it intended to oppose the motion. Later that day, on request for clarification, Uber's counsel stated: "Uber intends to oppose the motion to withdraw for the same reasons as within recent oppositions and filings that relate to PFS provided without a verification. This issue is currently before Judge Breyer for similarly situated Plaintiffs."

6. To date, Plaintiff K.N. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained. Our firm cannot voluntarily dismiss Plaintiff K.N.'s case without her consent.

- 3 -
NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

7. No motions relating to K.N. are currently pending.

8. Our withdrawal from this case will not impact the timing or schedule of this litigation, and we have taken all reasonable steps possible to avoid prejudice to Plaintiff by informing her of her options and the consequences of failing to comply with case deadlines.

9. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward to the client. We are able to accept this responsibility.

Executed this 21st day of December, 2025 in Washington, DC.

    /s/ Marlene Goldenberg
    Marlene Goldenberg