1 | Bret Stanley (TX SBN 24075116)
2 | bstanley@johnsonlawgroup.com
  | **Johnson Law Group**
3 | 2925 Richmond Ave, Suite 1700
  | Houston, TX 77098
4 | Telephone: (713) 626-9336

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB |
|---|---|
| | **BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPORTING MATERIALS IN RESPONSE TO MOTION FOR SANCTIONS** |
| This Document Relates to:<br><br>All Cases | Judge: Honorable Lisa J. Cisneros<br>Courtroom G – 15th Floor |

**BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF SUPPORTING MATERIALS IN RESPONSE TO MOTION FOR SANCTIONS**

Pursuant to Civil Local Rules 79-5(b) and (c) and 7-11, and to the Protective Order entered in this case dated December 28, 2023, ECF No. 176 (the "Protective Order"), Counsel Bret Stanley ("Counsel") respectfully submits this Administrative Motion to File Under Seal Portions of Supporting Materials in response to Defendants' Motion for Sanctions, filed December 22, 2025. Counsel respectfully requests that the Court seal the following documents filed in support of Counsel's response to Defendants' Motion for Sanctions:

**I.   BACKGROUND AND REQUESTED SEALING**

The documents at issue in this Motion to File Under Seal are in the declaration supporting Defendants' Motion to Enforce (the "Declaration") and the exhibits to the Declaration (the "Exhibits"), specifically:

| Document | Description | Plaintiff's Request |
|---|---|---|
| Bret Stanley's Response in Opposition to Sanctions | The Response contains the name of Uber's VFB Audit, UUID Number for Joshua Aldana and other items Uber has declared as Confidential, non-public information regarding safety and the VFB compliance audit used by Uber. | Seal in part yellow highlighted Sections reflecting information Uber has declared in its Motion for Sanctions as "Confidential" |
| Declaration of Bret Stanley in support of Response to Motion for Sanctions – Exhibit A | Items Uber has declared as Confidential, non-public information regarding safety and compliance audit used by Uber. | Seal in part yellow highlighted Sections reflecting information Uber has declared in its Motion for Sanctions as "Confidential" |
| Exhibit 1 to Plaintiff's Response to Motion for Sanctions Against Bret Stanley – Fifth Request for Production from *Smith*. | Document contains the name of Uber's VFB Audit and UUID Number of Joshua Aldana – Items Uber has declared as Confidential in their Motion for Sanctions. | Seal in part the yellow highlights containing VFB Audit and UUID Number. |
| Exhibit 2 – Defendant Uber's Response to Plaintiff's Fifth Request for Production in | Document contains the name of Uber's VFB Audit and UUID Number of Joshua | Seal in part the yellow highlights containing VFB Audit and UUID Number. |

| | | |
|---|---|---|
| *Smith.* | Aldana – Items Uber has declared as Confidential in their Motion for Sanctions. | |
| Exhibit 3 – Portions of Hearing Transcript from November 5, 2025 in the *Smith* Matter | Transcript contains the Name VFB Audit | Seal in part the yellow highlights containing VFB Audit and UUID Number. |
| Exhibit 4 – Judge's Notes from Nov. 5, 2025 Hearing in *Smith* | Judge's Notes contain the VFB Name that Uber has designated as Confidential. | Seal in part the yellow highlights of the VFB Name. |
| Exhibit 5 – Email Exchange with Angela Angotti, Defense Counsel for Uber in the *Smith* Matter | Email Correspondence contains the VFB Name, Joshua Aldana's UUID, and the bates-label for the document Uber claims breached the Protective Order. Uber claims these items are Confidential in their Motion for Sanctions. | Seal in part the Yellow Highlighted Portions claimed by Uber to be Confidential |
| Exhibit 6 Email exchange between Bret Stanley and Uber's MDL Counsel | Email contains the VFB Name, references to the VFB Document at issue and its bates-label. These items have been claimed by Uber to be Confidential in Uber's Motion for Sanctions. | Seal in part the Yellow Highlighted Portions claimed by Uber to be Confidential |

The limited portions of Bret Stanley's Response to Uber Technologies, Inc.'s Motion for Sanctions, Stanley Declaration, and Exhibit A, and Exhibits 1-6 which Plaintiff's seek to seal, contain information sought to be protected by the Defendants related to Defendant's Motion for Sanctions. *See* Stanley Decl. ¶¶1-8.

**II.     LEGAL STANDARD**

Documents that do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group,*

*LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) provides that good cause exists to seal documents when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions; they are not related to a dispositive motion. The Plaintiff does not at this time that the good cause standard applies. *TVIIM, LLC v. McAfee*, Inc., 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4,2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024)(same). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

In addition to showing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c).

### III. DEFENDANTS' HAVE SOUGHT THIS MATERIAL TO BE SEALED AND PLAINTIFF'S FILING IS OUT OF ABUNDANCE OF CAUTION

The relevant documents and information identified in the above table have sought to be sealed by the Defendants, who claim good cause exists due to their business interest and proprietary nature of the information. Uber claims that sealing these documents is necessary because they consist of confidential, non-public, internal information regarding Defendants' information infrastructure, internal policies, strategies, and operations to prevent competitive harm. *See* ECF 4603-1, Cummings Decl. to Mtn. to Seal ¶¶2-7. The sealing Defendants request redaction of

only the documents or portions of documents at issue as the least restrictive means of protecting that interest. *See id.* ¶7.

### A. THE NATURE OF THIS RESPONSE REQUIRES PLAINTIFF TO FILE THIS MOTION.

The Plaintiff is responding to Uber's Motion for Sanctions concerning a finding of that MDL 3084's Protective Order was breached and protective information was disseminated. Additionally, the Uber Defendants have sought to this information sealed. Out of an abundance of caution, Plaintiff Bret Stanley is filing this response with the same or similar redactions sought by Uber in their Motion for Sanctions. (ECF 4604).

The documents sought to be sealed are identified in the above table.

#### 1. The Proposed Sealing is the Least Restrictive Means of Protecting Defendants' Interest in Maintaining Confidentiality.

Plaintiff's proposed sealing is "narrowly tailored" to cover only information for which the Defendants claimed a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). The proposed redactions are focused exclusively on the Defendant's designation that VFB information and material is confidential. Accordingly, there is good cause to grant the sealing Plaintiff's Request, and there are no less restrictive means of protecting Defendants' interest in maintaining confidentiality.

### IV. CONCLUSION

For the foregoing reasons, Counsel Bret Stanley respectfully requests that the Court order that these documents listed above be maintained under seal.

| | |
|---|---|
| Dated: December 22, 2025 | Respectfully submitted,<br><br>*/s/ Bret Stanley*<br>Bret Stanley (TX SBN 24075116)<br>bstanley@johnsonlawgroup.com<br>**Johnson Law Group**<br>2925 Richmond Ave, Suite 1700<br>Houston, TX 77098<br>Telephone: (713) 626-9336 |