D. Douglas Grubbs *(Admitted PHV)*
Adam K. Pulaski *(Admitted PHV)*
**PULASKI KHERKHER, PLLC**
2925 Richmond Avenue, Ste 1725
Houston, TX 77098
Telephone: 713-664-4555
Facsimile: 713-664-7543
Email: dgrubbs@pulaskilawfirm.com
Email: adam@pulaskilawfirm.com

*Counsel for Plaintiffs*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | MDL No. 3084 CRB <br><br> Honorable Charles R. Breyer |
| This Document Relates to: <br><br> *J.H.. vs. Uber Technologies, Inc., et al., 3:25-cv-05342-CRB;* and <br><br> *R.L. vs. Uber Technologies, Inc., et al., 3:25-cv-05515-CRB* | **DECLARATION OF D. DOUGLAS GRUBBS IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO COMPEL COURT COMPLIANCE (ECF 4575)** |

I, Donald Douglas Grubbs, declare:

1. I am an attorney with the law firm of Pulaski Kherkher, PLLC. I am a member of the State Bar of Texas and I am admitted to practice *pro hac vice* before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. Prior to the Court's November 19th Amended Show Cause Order (ECF 4440), I had last spoken with Plaintiff J.H. on October 9, 2025 and last emailed with Plaintiff R.L. on October 27, 2025

3. On November 20, 2025, I sent emails to Plaintiffs J.H. and R.L. regarding ECF 4440 and requested available deposition dates. I did not receive a response from either Plaintiff.

4. On November 20, 2025, I called Plaintiff J.H., but was unable to reach her. I left a detailed voice mail with my direct line. I did not receive a response from J.H.

5. On November 21, 2025, I called Plaintiff R.L., but was unable to reach her. I left a detailed voice mail with my direct line. I did not receive a response from R.L.

6. On November 24, 2025, I sent follow-up emails to Plaintiffs J.H. and R.L., but I did not receive a response. My firm also mailed letters to Plaintiffs' last known address via 2-day Federal Express. I did not receive a response to said letters.

7. On December 2, 2025, I called Plaintiffs J.H. and R.L. again, but neither answered. I received an automated message from R.L.'s phone number that the "number could not be completed as dialed." I confirmed that I had dialed the most recent phone number that R.L. had provided. I sent a follow-up email to R.L. the same day. She has not replied.

8. On December 3, 2025, I sent a text message to Plaintiff J.H. from my personal cell phone. She has not replied.

9. On December 4, 2025, my firm received R.L.'s Fedex letter "return to sender" with "Moved" as the reason noted. The same day, I instructed my staff to perform public records searches for J.H. and R.L. seeking any new contact information. I also retained a private investigative service, PeopleHunter, to find and make contact with J.H. and R.L.

10. After I was informed by PeopleHunter that they had made contact with J.H. the morning of December 4, but she was at work. I called her later that day. J.H. answered my call and I was instructed to dismiss her lawsuit. I sent her an email after our call summarizing our conversation. I sent follow-up texts to J.H. on December 5th and 8th.

11. I was informed by PeopleHunter that they were making 20+ calls and texts associated with R.L. daily on December 4th and 5th. I received no response from PeopleHunter's contact attempts.

12. After meeting and conferring with Uber's counsel, I received deposition notices for J.H. and R.L on December 10, 2025. I forwarded the deposition notices to the Plaintiffs the same day via email. I also instructed my staff to mail the deposition notices by 2-day Federal Express to Plaintiffs. My staff informed me that they had mailed copies to 3 different addresses for R.L. PeopleHunter informed me that they had found no additional mailing addresses for R.L.

13. I was informed by PeopleHunter on December 10, 2025 that they had located a possible alias Facebook profile for R.L. that was last logged into on December 7, 2025 and sent her a direct message. I did not receive a response from R.L.

14. My staff informed me on December 12, 2025 that two of the three letters mailed to R.L. via Federal Express had been delivered. I also asked PeopleHunter to send R.L. another Facebook message with her deposition information.

15. On December 12, 2025, J.H. replied to my email from December 4th and confirmed the dismissal of her lawsuit and termination of my firm's representation.

16. On December 15, 2025, my firm filed a voluntary dismissal on behalf of J.H. (ECF 4666) and I forwarded a copy to J.H. the same day via email.

17. On December 16, 2025, I instructed my staff to send R.L. another Facebook message.

18. On December 16, 2025, opposing counsel agreed to a 5-day extension for Plaintiffs' counsel to file this response by noon on December 24, 2025.

19. On December 17, 2025, R.L. failed to appear for her deposition in Las Vegas, Nevada. I attended the deposition remotely as agreed by opposing counsel.

20. J.H.'s deposition is currently set for January 6, 2026 in Birmingham, Alabma, but she has not confirmed her intention to attend.

I declare under penalty of perjury that the foregoing is true and correct, and that this declaration was executed on December 23, 2025 in Houston, Texas.

*/s/ D. Douglas Grubbs*
D. Douglas Grubbs

- 4 -