# EXHIBIT 2



E-SERVICE
77070898
Sep 12 2025
12:56PM
File & ServeXpress

F I L E D
Superior Court of California
County of San Francisco

SEP 12 2025

CLERK OF THE COURT
BY: _____
Deputy Clerk

SUPERIOR COURT OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550(c)]<br><br>**IN RE LYFT RIDESHARE CASES** | Case No. CJC-20-005061<br>JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5061<br><br>ORDER RULING ON MOTIONS IN LIMINE FOR OCTOBER, 2025 TRIAL |

This Order Relates to:

Plaintiff 0001: *Jane Doe WH 33 v. Lyft, Inc.*, Case No. CGC-21-595517

Plaintiff 0002: *Jane Doe WH 1715 v. Lyft, Inc.*, Case No. CGC-23-604763

Plaintiff 0003: *Jane Doe WH 1090 v. Lyft, Inc.*, Case No. CGC-22-599439

## INTRODUCTION

This matter came on regularly for hearing on September 9, 2025, at 9:00 a.m., in Department 606, the Honorable Jeffrey S. Ross presiding.  Walt Cubberly, John Eddie Williams, Jr., Conor Cathey, Margaret Lecocke, and Jim Hart (Williams Hart & Boundas, LLP) appeared for plaintiffs 001, 002, and 003. Beth Stewart, David Riskin, Krystal Durham and Matt Johnson (Williams & Connolly) and Warren Metlitzky (Conrad Metlitzky Kane LLP) appeared for defendant Lyft, Inc.  The parties filed motions in limine and reached agreement as to some issues, which were addressed the Joint Stipulation on

1  Undisputed Issues Re Motions in Limine, dated September 2, 2025.

2        The court issued a tentative ruling as to all the motions in limine in advance of the hearing. At that

3  time the court was proceeding on the schedule to try the three plaintiffs' cases simultaneously.

4  Accordingly, the court issued a tentative ruling applicable to all three cases. During the hearing, the

5  parties stipulated to trying the cases separately. Nevertheless, this order is applicable to all three cases.

6  After the trial of Plaintiff 0001: *Jane Doe WH33 v. Lyft, Inc.*, Case No. CGC-21-595517, the parties may

7  ask the court to reconsider particular rulings, if the evidence introduced in that trial may warrant

8  reconsideration of an issue.

9        Having reviewed and considered the arguments, pleadings, and written submissions of all parties,

10  the court issues the following order:

11  **LYFT'S MOTIONS IN LIMINE**

12        **1. Lyft's motion in limine No. 1 to exclude evidence of irrelevant issues.** At the hearing Lyft

13  clarified that its motion to exclude broad categories of evidence as "irrelevant" pursuant to Evidence Code

14  section 350 was introductory and that the court should address the six individual categories.

15        **I./a. Lyft's advertising and marketing.** Specific evidence of Lyft's advertising and marketing,

16  may, upon laying a foundation, be admissible. Lyft can renew its motion as to particular exhibits when

17  identified by Plaintiffs.

18        **II./b. Fingerprint or Biometric background checks.** Evidence regarding fingerprint or biometric

19  background checks, may be admissible if Plaintiffs can lay a foundation for admissibility. Lyft can renew

20  its motion as to particular exhibits when identified by Plaintiffs.

21        **III./c. Deactivation of other drivers.** Lyft's motion as to deactivation or reactivation of drivers

22  other than the three involved in these cases is granted.

23        **IV/d. Lyft's use of non-United States-based customer experience agents.** Lyft's motion to

24  exclude evidence of non-U.S. based customer experience agents is granted. At the hearing Plaintiffs

25  raised the issue as to the time in various emails reflecting the time where the agent was situated; where

26  relevant that limited evidence would be admissible to address the time of the communication.

27        **V/e. Lyft's Arbitration Clause** Lyft's motion to exclude evidence of the arbitration clause is

28  granted. Plaintiffs concede that there was no arbitration clause in Lyft's terms of use in 2019. The court

1  exercises its discretion under Evidence Code section 352 to exclude evidence of an arbitration clause in

2  the earlier terms of use.

3      **VI/f. Evidence relating to summary adjudication motions**. Lyft's motion is denied. The motion

4  does not identify specific evidence it seeks to exclude. The court will rule on all evidentiary objections to

5  specific evidence—not in the omnibus fashion proposed by Lyft.

6      **2. Unpleaded theories of liability.** Notwithstanding the parties' stipulation, Lyft's motion in

7  limine No. 2 as drafted is denied. Rather than identifying particular exhibits or deposition testimony, Lyft

8  seeks to exclude broad categories of evidence. The court will rule on particular items of evidence so as to

9  assure a clear record of what evidence has been admitted and what is excluded.

10     **2.A. and 2.B.** The motion is granted as to the undisputed issues of excluding "unpleaded liability

11 theories" and "golden rule" arguments.

12     **2. C. Hyperbolic Language, including sexual predator.** The motion as drafted is overbroad. The

13 court cannot rule on the use of language out of context. The court will rule on **specific** objections to

14 questions posed to witnesses and to comments in counsel's opening statements and closing arguments.

15     **2. D. Preventing attacks on Lyft, its counsel or witnesses.** The court is not anticipating that any

16 counsel will make personal attacks on one another. With respect to all witnesses, cross-examination

17 consistent with the Rules of Evidence is not a personal attack. The court expects all counsel are also

18 familiar with and will comply with the Rules of Professional Conduct.

19     **2. E. Traumatizing plaintiffs through discovery or the litigation.** The court does not anticipate

20 that either counsel will engage in this conduct. Again, that Lyft thought that an in limine motion on this

21 issue was necessary is concerning.

22     **2. F. Statistics about underreporting of sexual assaults.** The motion is granted; the court will

23 not admit evidence of the "underreporting of sexual assaults."

24     **2. G. Evidence on issues for which plaintiffs bear the burden of proof.** The motion is vague

25 and overbroad, which precludes granting it. The court will rule on specific evidentiary objections

26 according to the Rules of Evidence.

27

28

**3. Other alleged incidents.** The motion is granted. The court will not admit evidence of other specific alleged incidents of sexual violence unless the act involved one of the three plaintiffs or one of the three drivers whose conduct is at issue in this trial. (Evid. Code, § 352.)

**4. Motion to exclude statistics.** This issue is also raised by Plaintiffs' motion in limine 4. To the extent Plaintiffs seek to introduce **some** "statistics" of the incidence of complaints of sexual violence from records compiled by Lyft, the court will admit the evidence. At the hearing counsel provided the court with a document marked Lyft JCCP_01413526 and JCCP_01413527.

Upon the laying of an adequate foundation, the court will admit the following portions of the document marked Lyft JCCP_01413526 and JCCP_01413527: the top three lines: the column headings and data for 2017 and 2018. The court recognizes that the data may be overinclusive as it includes reports of conduct by passengers, in addition to conduct alleged to have been committed by Lyft drivers. Further it does not differentiate the driver and customer by gender. The parties may address those issues through witness testimony and exhibits.

**5. Lyft conduct after the date of the incidents.** Undisputed. Granted.

**6. Bifurcation as to punitive damages.** The motion is granted.

**7. Expert opinions from treating physicians.** The motion is granted. Unless disclosed and identified as an expert witness, a plaintiff's treating physician will be limited to testifying about the physician's percipient observations, diagnosis and treatment of the plaintiff.

**8. James Hopper, expert witness.** Lyft's motion to exclude Dr. Hopper's opinions in full is denied. Dr. Hopper is qualified to opine on certain topics. He is a licensed clinical psychologist with extensive training and both clinical and teaching experience in the areas of post-traumatic stress disorder (PTSD), the neuro-biology of trauma resulting from sexual abuse, and the effects of alcohol on perception and memory. His publications have appeared in peer-reviewed journals. He may opine on: the neuro-biological response to trauma, including sexual assault; the formation of memories (encoding, storage and retrieval); and the effects of alcohol on perception and memory. As to those topics, the motion in limine is denied. He will not testify about investigative techniques and their effect on memory; as to those issues the motion in limine is granted. He will not testify as to issues relating to witness credibility.

**9. Dr. David Madigan, expert witness.** To the extent Lyft seeks to preclude Dr. David Madigan from testifying, the motion is denied. Dr. Madigan is qualified to opine on certain topics.  He will be allowed to testify to lay a foundation as to the statistics known to Lyft up to the date of the incident at issue in the particular case—but not later.

The motion to limit the testimony of Dr. Madigan is granted with respect to the following topics: any opinion based on data after the earliest date in 2019 on which the events at issue occurred; whether the reports of sexual malfeasance were increasing from January 2018 to December 2021; and "the number of sexual malfeasance reports would likely have been received in the years from 2012-2017" based on "backcasting" i.e. extrapolation based on the assumption of a constant reporting rate (Maddigan, March 14, 2023 report, exhibit 44 to Cubberly declaration at pages 2 and 5). The motion to limit Dr. Madigan's testimony is denied as follows: He may testify about Lyft's data and statistics of actual (not extrapolated) reports of sexual malfeasance from 2017 (which appears to be the earliest date for which statistics and data were provided) through the date of the event at issue in the particular case. If a foundation is laid as to the gender of the perpetrator of the sexual malfeasance during the time periods, he may testify as to the percentage of male versus female perpetrators.

**10. Testimony of Artem.** The motion (as to plaintiff 0003) will be heard on September 29, 2025.

**11. Lost Wages and Earning Capacity.** Undisputed, the motion is granted by stipulation.

**12. Dr. Veronique Valliere, expert.**  At the motion in limine hearing the court said, before ruling on Lyft's motion in limine 12, the court would consider Dr. Veronique Valliere's testimony in the ongoing trial of *Jane Doe LSA 78 v. Uber Tech., Inc.* Case No. CGC-21-592427, part of the *In Re Uber Rideshare Cases* coordinated proceeding Case No. CJC-21-005188 (*Uber* trial). At the hearing the court agreed to read the transcript of Dr. Valliere's testimony when it becomes available. In the interim, the court learned that Dr. Valliere would testify in the morning on September 11, 2025—at a time that the court had no matters on calendar. Therefore, the court attended the trial and heard Dr. Valliere's direct testimony so as not to have to await the preparation of a transcript.

As the court observed in its tentative decision, Dr. Valliere would qualify as a licensed psychologist with experience with sexual assault victims and sexual assault perpetrators. After considering the arguments at the hearing and Dr. Valliere's direct testimony at the *Uber* trial, based on her

1    experience evaluating and treating victims and perpetrators of sexual assault, the court is prepared to

2    consider modifying its tentative decision and to allow Dr. Valliere to testify, limited to the following

3    topics (collectively "permissible testimony topics"):

4        The impact of sexual assault trauma on victims including its effect on: reporting the assault and, if

5    so, the timing of reporting; perception of the trauma; remembering and describing the traumatic event;

6        The obstacles to reporting sexual assault;

7        Circumstances which increase the risk of sexual assault;

8        Based on her experience working with sexual assault perpetrators, deterrents to sexual assault.

9        However, as to Dr. Valliere's proffered opinions from her report which were the subject of Lyft's

10    motion in limine 12, some of Dr. Valliere's opinions do not satisfy the standards of Evidence Code

11    sections 801 and 802 and *Sargon Enterprises, Inc. v. University of Southern California* (2012) 55 Cal.4th

12    747 and its progeny. The following opinions proffered as described in Plaintiffs' opposition to Lyft's

13    motion in limine number 12 do not qualify for admission:

14        "By marketing to women using the promise of safety and trust, Lyft has contributed to [the risk for

15    sexual assault and maltreatment] without addressing the risk."

16        "Lyft's endorsement and assurances have facilitated the women client's trust and raised their

17    expectations of safety, psychologically priming them to suspend their assessment of risk and feelings of

18    'stranger danger.' "

19        "[Lyft's] failure to respond aggressively to complaints and adequately address sexual assault and

20    misconduct, as well as to underreport the risk to women in their service, has contributed to emboldening

21    the offenders' conduct."

22        These opinions do not meet the threshold prerequisite of Evidence Code section 801(a). They are

23    not "**sufficiently** beyond common experience that the opinion of an expert would assist the trier of fact."

24    (Emphasis added.) The testimony which the court will allow provides the jury with a sufficient

25    understanding of the issues unique to sexual assault. With that context, the jury can decide whether, and if

26    so, to what extent Lyft's practices and procedures affected women's use of the application and the risks to

27    women. Similarly, as to offenders, the jury will decide what, if any, effect Lyft's procedures and practices

28    had with respect to the driver in each of the plaintiffs' cases. Dr. Valliere's testimony on these issues is

speculative. She cannot know whether women suspended their assessment of risk and feelings of

"stranger danger." She has no evidentiary basis for testifying whether or not Lyft's platform contributed

to emboldening offenders. There is no foundation for her opinions. In the *Uber* trial, the defense did not

object to her opining on these subjects. Here Lyft has objected, and the court grants the motion in limine

for the reasons stated and in exercising its discretion pursuant to Evidence Code section 352.

The court does not anticipate allowing Dr. Valliere to testify to her opinions as to: whether Lyft

increased the risk to passengers; whether Lyft's procedures were sufficient to deter sexual assaults or

other related conduct; whether Lyft should have undertaken other procedures to minimize the risk to

passengers; or Lyft's marketing or branding;

Further, to the extent her opinions are based on evidence, events or data which post-date the

conduct here at issue, they are inadmissible.

Should either party seek to address the issue further, they may do so at the September 29, 2025,

hearing. If so, counsel shall give the court and opposing counsel notice by **Friday, September 19, 2025**,

of the issues they want to address. In that event the court would benefit from receiving a copy of the

transcript of Dr. Valliere's testimony in the *Uber* trial annotated. If plaintiff seeks to introduce testimony

on topics addressed in her *Uber* trial testimony, she should highlight that testimony in green. If Lyft seeks

to object to any of the permissible testimony topics, to which Dr. Valliere testified in the *Uber* trial to

which Lyft would object, it should highlight that testimony in pink. The parties should deliver two

courtesy copies to Department 606 and email a PDF to Department 606 no later than **September 24,**

**2025, at 4:00 p.m.**

**13. Michel Milnor.** The motion relates to plaintiff 0003 and will be deferred.

**PLAINTIFFS' OMNIBUS MOTIONS IN LIMINE**

1. **Eliciting Sympathy.** Granted. I will instruct the jury using CACI 5000; "You must not let

bias, **sympathy**, prejudice, or public opinion influence your decision." (Emphasis added.) No

counsel will be allowed to introduce evidence or to argue where the principal objective is to

elicit sympathy.

2. **Rate of sexual violence in Lyfts**. The issue is also raised by Lyft's motion in limine 4. Upon

the laying of an adequate foundation, the court will admit the following portions of the

document marked Lyft JCCP_01413526 and 7; the top three lines: the column headings and data for 2017 and 2018. The court recognizes that the data may be overinclusive as it includes reports of conduct by passengers, in addition to conduct alleged to have been committed by Lyft drivers. Further it does not differentiate the driver and customer by gender. As Lyft argued at the hearing, admitting the number of rides during the period in which the complaints of sexual misconduct were reported is relevant to and admissible at least with respect to plaintiffs' claims seeking to hold Lyft vicariously liable for the drivers' conduct. The parties may address those issues through witness testimony and exhibits.

3. **Rate of reporting to law enforcement as opposed to Lyft**. Granted. The court will not admit evidence of the rate of reporting sexual violence incidents. (Evid. Code, § 352.)

4. **"Lyft reduces drinking and driving."** Granted. The court will not admit evidence that the use of Lyft reduces the rates of driving after drinking. (Evid. Code, § 352.)

5. **Private investigators.** Undisputed. Granted.

6. **Tax consequences.** Undisputed. Granted.

7. **Plaintiff's continued use of rideshare.** Granted. General evidence that a plaintiff used a rideshare application after the incident will not be admitted. (Evid. Code, § 352.) If Lyft can demonstrate the relevance of a plaintiff's particular use of a rideshare application to an issue in the case, the court will make an exception and allow that limited evidence.

8. **Sexual assault is a societal problem.** Granted. The motion seeks to exclude nonspecific evidence that sexual abuse is generally a societal issue and, to that extent, the evidence will not be admitted. (Evid. Code, § 352.) However, where relevant and appropriate, a witness will not be precluded from alluding to the issue in the context of providing an otherwise admissible answer.

9. **Lawyer advertising.** Undisputed. Granted.

10. **Harm to local economy**. Undisputed. Granted. In response to the comment in the parties' stipulation, should Lyft seek to do so, the court does not anticipate introducing evidence about the number of people Lyft employs in San Francisco.

11. **Lyft's Community Safety Report.** Undisputed. Granted.

12. **Plaintiff 001's prior drug use.** Undisputed. Granted.

13. **Speculation that plaintiff 0001 made false police reports.** Undisputed. Granted as to plaintiff 001's mother's speculation. Plaintiff 001's Facebook posts are admissible.

14. **Plaintiff 002's DUI stop.** Undisputed. The court will decide the motion on September 29, 2025.

15. **Plaintiff 0002's 2023 property damage claim.** The court will decide the motion on September 29, 2025.

16. **Plaintiff 0003's statements to LAPD or others about the incident.** The court will decide the motion on September 29, 2025.

17. **Lyft's subsequent remedial measures.** Undisputed. Granted.

**THE PARTIES' MOTIONS TO SEAL**

The court continued the hearing on the parties' motions to seal evidence and arguments submitted in support of or opposition to the in limine motions to September 29, 2025, at 9:00 a.m. The court has reminded counsel of the standards for sealing and encouraged counsel to stipulate to withdraw those items on which the court did not rely for its rulings.

Dated: September 12, 2025

JEFFREY S. ROSS
Judge of the Superior Court

- 9 -

## CERTIFICATE OF ELECTRONIC SERVICE
### (CCP 1010.6 & CRC 2.251)

I, Sean Kane, a Deputy Clerk of the Superior Court of the County of San Francisco, certify that I am not a party to the within action.

On September 12, 2025, I electronically served the attached document via File & ServeXpress on the recipients designated on the Transaction Receipt located on the File & ServeXpress website.

Dated:  September 12, 2025

Brandon E. Riley, Court Executive Officer

By: _____

Sean Kane, Deputy Clerk