UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF SIMON S. GRILLE IN SUPPORT OF JOINT LETTER REGARDING LYFT'S PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S SUBPOENA**<br><br>Judge:           Hon. Lisa J. Cisneros<br>Courtroom:   G – 15th Floor |

DECLARATION OF SIMON S. GRILLE IN SUPPORT OF JOINT LETTER REGARDING
LYFT'S PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S SUBPOENA
Case No. 3:23-md-03084-CRB (LJC)

I, Simon S. Grille, declare:

1. I am an attorney in the law firm of Girard Sharp LLP, and counsel for Plaintiffs in the above-captioned Multi-District Litigation. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of a Joint Letter Regarding Lyft's Production of Documents in Response to Plaintiff's Subpoena.

3. Attached as Exhibit 1 is a true and correct copy of the subpoena Plaintiff Dean served on Lyft on April 21, 2025, along with the proof of service.

4. Counsel for Plaintiffs in this action conferred with Lyft concerning the subpoena, Lyft's objections, and Lyft's refusal to search for or produce responsive documents. My understanding is that an attorney from a different law firm representing Plaintiff began the discussions with Lyft in or around June 2025. I picked up the discussions with Lyft in October 2025.

5. Through conferral with Lyft, Plaintiff Dean agreed to limit her document requests to seek: (1) reports of sexual harassment, sexual misconduct, or sexual assault received by Lyft relating to Ms. Dean's driver, Hassan Turay, and (2) incident reports and rider complaints received by Lyft regarding Turay.

6. Lyft has refused to search for responsive documents, arguing that Plaintiff's requests are irrelevant, subject to hearsay and confidentiality objections, and unduly burdensome. Attached as Exhibit 2 is a true and correct copy of Lyft's objections to Plaintiff Dean's subpoena.

7. Plaintiff continued to confer with Lyft and pursue her narrowed requests after the discovery cut-off. Plaintiff and Lyft reached an impasse on December 8, 2025.

8. Plaintiff abided by the procedures in PTO 8 and the agreement of counsel relating to the exchange of drafts of this joint letter.

1

DECLARATION OF SIMON S. GRILLE IN SUPPORT OF JOINT LETTER REGARDING LYFT'S PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFF'S SUBPOENA
Case No. 3:23-md-03084-CRB (LJC)

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of December 2025 in California.

                        */s/ Simon S. Grille*
                        Simon S. Grille