EXHIBIT 1

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **NOTICE OF SUBPOENA** |
| This Document Relates to: *Jaylynn Dean v. Uber Technologies, Inc., et al; 3:23-cv-06708-CRB* | Judge: Honorable Charles R. Breyer |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Plaintiffs intend to serve a subpoena, in the form attached hereto, on Lyft, Inc. on April 17, 2025,, or as soon thereafter as service may be effectuated.

Dated: April 16, 2025

Respectfully submitted,

By: /s/ Rachel B. Abrams
RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: 415.766.3544
Facsimile: 415.840.9435
Email: rabrams@peifferwolf.com
       awolf@peifferwolf.com

TIFFANY R. ELLIS (Admitted PHV)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
2229 Trumbull St.
Detroit, MI 48216
Telephone: 313.210.1559
Facsimile: 415.840.9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| In re: Uber Technologies, Inc., Passenger Sexual Assault Litigation )<br>)<br>)<br>This Document Relates to: )<br>)<br>Jaylynn Dean v. Uber Technologies, Inc., et al; 3:23-cv-06708-CRB ) | Civil Action No. No. 3:23-md-03084-CRB |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: LYFT, INC

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: **See Schedule A**

| Place: ELECTRONICALLY: rabrams@peifferwolf.com OR 555 Montgomery Street, Suite 820, San Francisco, CA 94111 | Date and Time: May 2, 2025, at 8:00AM |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 04/16/2025

*CLERK OF COURT*

OR

_____      /s/ Rachel B. Abrams
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff, Jaylynn Dean , who issues or requests this subpoena, are:

Rachel B. Abrams, 555 Montgomery Street, Suite 820, San Francisco, rabrams@peifferwolf.com, 415.766.3544

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before

it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. No. 3:23-cv-067084-CRB

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

' I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

' I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. No. 3:23-cv-06708-CRB

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* LYFT, INC on *(date)* 04/21/25 .

' I served the subpoena by delivering a copy to the named person as follows:
CT CORPORATION SYSTEM, AGENT FOR SERVICE OF PROCESS BY LEAVING WITH SARAI MARIN, AUTHORIZED TO ACCEPT
330 N BRAND BLVD, SUITE 700, GLENDALE, CA 91203    on *(date)* 04/17/25 AT 7:08 AM  ; or

' I returned the subpoena unexecuted because:                                      .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$                  .

My fees are $             for travel and $             for services, for a total of $             .

I declare under penalty of perjury that this information is true.

Date:  04/21/25                            *Server's signature*

AUGUST KUND (REG: 2017038478 COUNTY: LOS ANGELES)
*Printed name and title*

EXPRESS NETWORK
1605 W. OLYMPIC BLVD., 8TH FLOOR
LOS ANGELES, CA 90015
PHONE NUMBER: (213) 975-9850

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
    **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
    **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A

**Instructions**

The following instructions and definitions apply to each of the Requests set forth below and are deemed to be incorporated therein:

1. If You make any assumption of fact or law in responding to any Request, state each assumption and the basis for each assumption.
2. If the response to any Request consists, in whole or in part, of any objection(s), state with specificity the full objection(s) and the particularized basis for each objection. You must also state whether any responsive materials or information are being withheld on the basis of any objection(s). To the extent that You object to any portion of a Request, You must respond to the remaining portion of the Request to which You do not object.
3. If You object to Request on the basis of any claim of privilege, then You must produce any and all information required by the Privilege Order for this matter.
4. Each Request is considered continuing. You are required to timely supplement Your responses when appropriate or necessary under the Federal Rules of Civil Procedure to make them correct or complete. If, after responding to these Requests, additional responsive documents become available to You, You are required to produce such additional information.
5. For purposes of interpreting or construing the scope of these Requests, the terms shall be given their most expansive and inclusive interpretation unless otherwise specifically limited by the language of an individual Request. This includes, without limitation, the following:
    a. The terms "each," "every," "any," and "all" are synonymous with one another and with "each and every" and "any and all;"
    b. The connectives "and" and "or" are used inclusively and not exclusively and shall be construed either disjunctively or conjunctively as to require the broadest possible response;
    c. Construing the singular form of the word to include the plural and the plural form to include the singular;
    d. Construing the masculine to include the feminine, and vice-versa;
    e. The use of any tense of any verb shall also include all other tenses of that verb;
    f. A term or word defined herein is meant to include both the lower and uppercase reference to such term or word.
7. In construing these requests, You should give effect to the Definitions set forth below. Undefined words and terms shall be given their common meaning. If You are unsure about the definition of a particular term or word, use the definition that You believe to be the most accurate and state that definition in Your response. If, in responding to any of these requests, You encounter any other ambiguity in construing either the request or an instruction, then set forth the matter You deem ambiguous and the construction You use in answering the request.
13. The relevant time period for these Requests is January 1, 2009 through the present time, unless otherwise specified.

**Definitions**

In these Requests, the following words and terms shall bear the meanings as identified below. For any undefined term, the standard dictionary definition of the term applies.

1. "Communication(s)" is intended it its broadest sense and shall mean the transmittal of information or request for information, and shall include any oral, written, spoken, or electronic transmission of information (in the form of facts, ideas, thoughts, opinions, data, inquiries, or otherwise), including:
   a. correspondence, letters, memoranda, notes, comments, faxes, and "post-its," whether handwritten or otherwise;
   b. emails;
   c. text messages, whether sent via SMS, MMS, iMessage, or any other text-messaging platform or protocol, including without limitation end-to-end encrypted platforms such as Signal and WhatsApp;
   d. messages posted to or transmitted via any online collaborative system, hub, or resource, whether network- or cloud-based, and whether that system, hub, or resource is made available by a third party or is proprietary to You, including but not limited to Google Chat, Slack, uChat, and HipChat;
   e. user(s)-to-user(s) messages sent via any social media platform including Sprinklr, X (formerly Twitter), Facebook, LinkedIn, YouTube, Instagram, SnapChat, Reddit, Tumblr, Bluesky, Mastodon, Twitch, Discord, and TikTok, including messages sent "directly" or "privately;"
   f. posts (whether public or otherwise) on any social media platform including but not limited to those referenced immediately above;
   g. voicemails and voice messages;
   h. any handwritten, printed, typed, photographed, recorded, computer-generated, or computer-stored representation or writing that memorializes, transcribes, or records the substance or occurrence of any meeting, conference, seminar, discussion, conference call, or videoconference call, including calendar invites, minutes, notes, memoranda, briefing materials, decks, presentations, letters, postings, circulars, bulletins, agenda, instructions, audio recordings, and video recordings.
3. "Document" and "Documents" shall have the broadest possible meaning and interpretation and refers to any material or information discoverable under Fed. R. Civ. P. 34(a) and applicable Local Rules, including ESI and communications, and any original (or, if the information requested cannot be provided as to the original, each and every copy, duplicate or reproduction) of any medium upon which information can be recorded or retrieved. Consistent with the above definition, the term DOCUMENT shall include, without limitation, any written, printed, recorded, typed, photostatic, photographed, computer-generated, computer-stored, graphic matter, or otherwise maintained or reproduced communication or representation, any data compilation in any form, whether comprised of letters, words, numbers, pictures, sounds, or bytes, including those in any language, whether produced or reproduced or stored on paper, cards, tape, film, computer, electronic storage devices or any other media. The definition of DOCUMENTS includes papers, trade letters, envelopes, telegrams, cables, messages, correspondence, memoranda, notes, email, text messages, instant messages, communications on any collaborative system or hub (including but not limited to Google Chat, Slack, uChat, and HipChat), electronic signals, electronic data, active files, deleted files, file fragments, reports, studies, press releases,

comparisons, books, accounts, checks, audio and video recordings, pleadings, testimony, articles, bulletins, pamphlets, brochures, magazines, questionnaires, surveys, charts, newspapers, calendars, lists, logs, publications, notices, diagrams, instructions, diaries, meeting minutes, orders, resolutions, agendas and memorials or notes of oral Communications, together with all notations on any of the foregoing, all originals, file copies or other unique copies of the foregoing and all versions of drafts thereof, whether used or not. A request for all Documents Concerning a particular subject matter includes within its scope all Communications Concerning that subject matter.

4. "Driver" means anyone who uses or at any time has used the Uber Application to be connected with Riders for the purpose of providing rides to Riders. Where appropriate, "Driver" shall be interpreted to also include potential or prospective Drivers.

5. "Driver Screening" refers to anything and everything done to gather information about drivers and to act on that information, which occurs before and is a condition of allowing them to offer Rides.

6. "Electronic data," "electronic database," "database," and "data" mean the original (native electronic format) and any non-identical copies (whether non-identical because of notes made on copies or attached comments, annotations, marks, transmission notations, or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Such terms include, by way of example only, computer programs (whether private, commercial or works-in-progress), programming notes or instructions, activity listings or electronic mail receipts and /or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PID files, batch files, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media or which they reside and regardless of whether said electronic data consists of an active file, deleted file or file fragment. Such terms include any and all items stored on computer memories, hard disks, floppy disks, CD-ROMS, removable media such as zip drives, USB drives, storage cartridges, Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital data storage and/or transmittal. Such terms also include the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

7. "Fare" refers to all the money a Riders is required to pay in connection with a Ride, including but not limited to booking fees, base fares, tolls and surcharges, and surge pricing.

8. "Identity," Identification," or "Identify" means:
    a. When used in reference to a Person, shall mean to state her/his full name, address, telephone number, business affiliation, and relationship, if any, to the party answering the request;
    b. When used in reference to a business entity, shall mean to state the full name, address, telephone number of the entity, and the address of its principal place of business;
    c. When used in reference to a Document, shall mean to state the type of Document, date, author, addressee, recipient, title, its present location, the name and address of

    its custodian, and the substance of its contents. In lieu of the foregoing, a copy of the Document may be attached as an exhibit to Your answers; and

  d. When used in reference to a Communication, shall mean to Identify the Persons making and receiving the Communication, and to state the mode of the Communication (i.e.: verbal, written, etc.), the date and place of the Communication, and the contents of the Communication.

9. "Lobbying activities" means lobbying contacts and efforts in support of such contacts including preparation and planning activities, research and other background work related in any way to the lobbying activities or lobbying contacts of others. In this context, "Lobbying contact" means any oral or written communication including electronic communication with any Regulator, as herein defined, made on behalf of Uber.

10. "Media" means any person or entity engaged in disseminating information to the general public through newspapers or other print publication (whether in print or online), radio, television, or other medium of mass communication.

11. "Person" or "Persons" means any natural person, corporation, company, partnership, proprietorship, association, governmental or nongovernmental entity, agency, organization, group, or any other business entity or association.

12. "Policy" or "Policies" means all formal and informal policies, practices, guidelines, protocols, procedures, plans, systems, customs, or manners of conducting a specific task that are or were adopted, implemented, considered, or used by You; and for each of the foregoing terms, the methods and means of implementation.

13. "Regarding," "Referring To," "Refer To," "Reflecting," "Reflect," "Concerning," "Concern," "Relate(s)," "Relate(s) To," "Related To" or "Relating To" are used in their broadest sense and mean anything that, in whole or in part, analyzes, comments upon, concerns, contains, considers, constitutes, contradicts, comprises, deals with, describes, discusses, embodies, evidences, evaluates, indicates, identifies, involves, mentions, memorializes, pertains to, provides, refers to, reflects, regards, relates to, reports on, responds to, reviews, shows, states, summarizes, supports, or is in any way factually, legally, or logically pertinent to or connected with the subject matter or topic in question, either in whole or in part.

14. "Regulator" means any executive or legislative body of any city, county, municipal, state, or federal government entity in the United States, including legislatures and executive agencies, and any agents, employees, contractors, officers, attorneys, representatives, elected officials, and all others acting, or who have acted, for it and/or on its behalf.

15. "Ride" refers to transportation in an automobile, provided by a Driver to a Rider and facilitated via the Uber App and Uber Driver App.

16. "Rider" refers to an individual who uses or at any time has used the Uber App to request a Ride.

17. "Safety Risk" refers to anything that threatens to injure or harm, or does in fact injure or harm, Riders' physical safety and well-being, including but not limited to risks of kidnapping, sexual assault, sexual harassment, rape, battery, and/or murder.

18. "Sexual Assault" shall mean physical or attempted physical conduct that is sexual in nature and without the consent of the Rider, including but not limited to all acts addressed in Defendants' taxonomy and Raliance's Sexual Assault taxonomy.

19. "Sexual Misconduct" shall mean any and all non-physical conduct (such as verbal or staring) of a sexual nature that is without consent or has the effect of threatening or

intimidating a Rider, including but not limited to all acts addressed in Defendants' taxonomy and RALIANCE's Sexual Misconduct taxonomy.
20. "Study" (noun) means a documented research project, analysis, investigation, study, or test that was conducted to identify, predict and/or understand something, and/or to accomplish specific goals.
21. "Study" (verb) means to intentionally design, conduct, and/or document research, studies, analyses, investigation, and/or testing in order to identify, predict and/or understand something, and/or to accomplish specific goals.
22. "Uber" refers to Uber Technologies, Inc. and Rasier LLC., including the parents, divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, employees, contractors, subcontractors, administrators, as well as any of its parents, divisions, departments, subsidiaries, affiliates, predecessors, and all other Persons acting or purporting to act on its behalf that have Documents and information in their possession, custody, or control responsive to the request herein.
23. "Uber App" and "Uber Application" refer to Uber's mobile phone application that is used by Riders to order Rides.
24. "Uber Driver App" and "Uber Driver Application" refer to Uber's mobile phone application that is used by Drivers to offer Rides.
26. "Uber" "Defendant," or "Defendants" refers to Uber Technologies, Inc. and Rasier LLC., including the parents, divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, employees, contractors, subcontractors, administrators, as well as any of its parents, divisions, departments, subsidiaries, affiliates, predecessors, and all other Persons acting or purporting to act on its behalf.
27. "Lyft, Inc.," "You," or "Your," shall be used interchangeably and refer to the parties to which these requests are directed, including the parents, divisions, departments, subsidiaries, affiliates, predecessors, present or former officers, directors, owners, agents, employees, contractors, subcontractors, administrators, as well as any of its parents, divisions, departments, subsidiaries, affiliates, predecessors, and all other Persons acting or purporting to act on its behalf that have Documents and information in their possession, custody, or control responsive to the request herein.
28. "Subject Driver" shall refer to Hassan Turay (DOB: 01/31/1974), who may also be identified with the following information:
    - Email: hassanturay730@gmail.com,
    - Driver's license number: D08429278 (AZ)
    - City of driving: Phoenix, AZ
    - City of residence: Peoria, AZ

**Requests for Documents**

1. Please produce the complete background check results in Your possession for each and every background check completed on the Subject Driver.
2. Please produce all documents related to the Subject Driver that were generated for or otherwise shared with the Industry Sharing Safety Program, HireRight, L.L.C., or any Regulator (including any law-enforcement agency).
3. Please produce all documents You generated in related to the Subject Driver, including specifically reports of sexual harassment, sexual misconduct, or sexual assault and driving history.