EXHIBIT 2

1  WARREN METLITZKY (CA Bar No. 220758)
   GABRIELA KIPNIS (CA Bar No. 284965)
2  **CONRAD | METLITZKY | KANE LLP**
   217 Leidesdorff Street
3  San Francisco, CA  94111
   Telephone:    (415) 343-7100
4  Facsimile:    (415) 343-7101
   Email: wmetlitzky@conmetkane.com
5  Email: gkipnis@ conmetkane.com

6  HEIDI K. HUBBARD
   BETH A. STEWART
7  DAVID RANDALL J. RISKIN
   **WILLIAMS & CONNOLLY LLP**
8  680 Maine Avenue, N.W.
   Washington, DC 20024
9  Telephone:    (202) 434-5000
   Facsimile:    (202) 434-5029
10 Email: hhubbard@wc.com
   Email: bstewart@wc.com
11 Email: driskin@wc.com
   *Attorneys for Non-party Lyft, Inc.*
12

13              UNITED STATES DISTRICT COURT

14            NORTHERN DISTRICT OF CALIFORNIA

15               SAN FRANCISCO DIVISION

16

17 IN RE: UBER TECHNOLOGIES, INC.,
   PASSENGER SEXUAL ASSAULT
18 LITIGATION
                                          Case No. 3:23-md-03084-CRB
19
20 This document relates to:
   *Jaylynn Dean v. Uber Technologies, Inc., et*
21 *al.*, No. 23-cv-6708

22

23

24

25        **NON-PARTY LYFT, INC.'S OBJECTIONS**

26        Lyft, Inc., a non-party in the above captioned proceeding, objects and responds to Plaintiff's

27 April 17, 2025 subpoena as set forth below.  Lyft reserves the right to amend and/or supplement

28 these objections.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Specific Objections Applicable to Multiple Demands**

Lyft objects and responds below to Plaintiff's document demands individually and with specificity. For convenience, efficiency, and to avoid duplicating multiple lengthy objections detailing the many problems with Plaintiff's subpoena, Lyft addresses here several issues common to some or all of the demands:

***The subpoena is invalid because it does not permit sufficient time to respond.*** The subpoena provides insufficient time for Lyft to search for and produce documents and information to the subpoena. To the extent Lyft responds to the subpoena, Lyft will produce documents and/or information at a reasonable date mutually agreed to by Lyft and Plaintiffs.

This "Invalid-Subpoena" Objection applies to each request.

***The subpoena seeks documents available from a party.*** It is axiomatic that documents should be sought from a party to an action in the first instance—not a non-party. *See, e.g.*, *Nidec Corp. v. Victor Co. of Japan,* 249 F.R.D. 575, 577 (N.D. Cal 2007). Yet many requests demand documents that, on their face, would be available to Plaintiffs from Uber.

This "Party-Discovery" Objection applies to request 2.

***Right to amend and supplement.*** Lyft reserves all rights to amend and supplement its objections. These amendment and supplementation rights apply to its response to each request.

**Objections to Definitions and Instructions**

1. Lyft objects to the subpoena's definitions and instructions insofar as they seek to impose obligations on Lyft beyond those the Federal Rules of Civil Procedure, or the law generally, impose.

2. Lyft objects to the inclusion of defined terms not included in, or relevant to, the requests. Because Lyft cannot determine the proper definition of a term in isolation, Lyft objects to all definitions not utilized in the text of the requests.

3. Lyft objects to the definition of "Communications" to the extent that the definition purports to incorporate documents not in Lyft's possession, custody, or control.

4. Lyft objects to the definition of "Lyft, Inc.," "You," or "Your" to the extent that it imposes an obligation on Lyft to obtain information from other persons or entities, or to obtain information not in Lyft's possession, custody, or control. Lyft objects to inclusion of past or present

employees, contractors, affiliates, and "all other Persons acting or purporting to act on [Lyft's] behalf." Lyft construes the requests to exclude any such obligation and responds only on behalf of Lyft, Inc.

## OBJECTIONS

**REQUEST 1:**  Please produce the complete background check results in Your possession for each and every background check completed on the Subject Driver.

**RESPONSE:**

Lyft asserts its Invalid-Subpoena Objection as if fully set forth herein.  Lyft incorporates its objections to the definitions and instructions as if fully set forth herein.  Lyft objects to the request because it seeks information irrelevant to this action, including because Lyft's background-check results for a particular driver do not bear on any claims or defenses in this action.  After all, Lyft's conduct is not at issue in the litigation.  That the request seeks irrelevant information also means, necessarily, that the request is overly broad and unduly burdensome—and it is objectionable on that ground as well.  Lyft further objects because the request, as drafted, could encompass material protected as privileged, work product, or another privilege or protection from disclosure.  Lyft, of course, would not produce privileged or protected documents.

Lyft will not search for or produce documents in response to the request.

**REQUEST 2:**  Please produce all documents related to the Subject Driver that were generated for or otherwise shared with the Industry Sharing Safety Program, HireRight, L.L.C., or any Regulator (including any law-enforcement agency).

**RESPONSE:**

Lyft asserts its Invalid-Subpoena and Party-Discovery Objections as if fully set forth herein. Lyft incorporates its objections to the definitions and instructions as if fully set forth herein.  Lyft objects to the request insofar as the phrases "Industry Sharing Safety Program" and "HireRight, LLC" are undefined, notwithstanding that they are capitalized terms.  Lyft further objects to the request because it seeks information irrelevant to this action, including because Lyft's production of certain documents to the so-called "Industry Sharing Safety Program," "HireRight, L.L.C.," or "any Regulator" for a particular driver do not bear on any claims or defenses in this action.  After all, Lyft's conduct is not at issue in the litigation.  That the request seeks irrelevant information also means, necessarily, that

the request is overly broad and unduly burdensome—and it is objectionable on that ground as well.  Lyft further objects because the request, as drafted, could encompass material protected as privileged, work product, or another privilege or protection from disclosure.  Lyft, of course, would not produce privileged or protected documents.

Lyft will not search for or produce documents in response to the request.

**REQUEST 3:**  Please produce all documents You generated in related to the Subject Driver, including specifically reports of sexual harassment, sexual misconduct, or sexual assault and driving history.

**RESPONSE:**

Lyft asserts its Invalid-Subpoena Objection as if fully set forth herein.  Lyft incorporates its objections to the definitions and instructions as if fully set forth herein.  Lyft objects to the request because it seeks information irrelevant to this action, including because Lyft's background-check results for a particular driver do not bear on any claims or defenses in this action.  After all, Lyft's conduct is not at issue in the litigation.  That the request seeks irrelevant information also means, necessarily, that the request is overly broad and unduly burdensome—and it is objectionable on that ground as well.  Lyft further objects because the request, as drafted, could encompass material protected as privileged, work product, or another privilege or protection from disclosure.  Lyft, of course, would not produce privileged or protected documents.

Lyft will not search for or produce documents in response to the request.

DATED:  May 1, 2025

*/s/ Warren Metlitzky*
_____

Warren Metlitzky
Gabriela Kipnis
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    (415) 343-7100
Facsimile:    (415) 343-7101
Email: wmetlitzky@conmetkane.com
Email: gkipnis@ conmetkane.com

David Randall J. Riskin (*pro hac vice*)
**WILLIAMS & CONNOLLY LL**
680 Maine Avenue, N.W.
Washington, DC 20024
Telephone:    (202) 434-5000
Facsimile:    (202) 434-5029

2

Email: driskin@wc.com
*Attorneys for Non-party Lyft, Inc.*

CASE NO. 23-cv-6708                                    LYFT, INC.'S OBJECTIONS TO SUBPOENA

## PROOF OF SERVICE

I, **FELIPE CORREDOR**, declare as follows:

I am a citizen of the United States, over the age of eighteen years and not a party to the above-entitled action.  I am employed at the law firm of Conrad | Metlitzky | Kane LLP, 217 Leidesdorff Street, San Francisco, CA, 94111.

On May 1, 2025, I served the following documents:

**1.   NON-PARTY LYFT INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA**

on the following persons at the locations specified:

Rachel B. Abrams
Adam B. Wolf
PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
555 Montgomery Street, Suite 820
San Francisco, CA 94111
rabrams@peifferwolf.com
awolf@peifferwolf.com

Tiffany R. Ellis
PEIFFER WOLF CARR KANE CONWAY & WISE, LLP
2229 Trumbull St.
Detroit, MI 48216
tellis@peifferwolf.com

***Attorneys for Individual Plaintiff in Underlying Case***

in the manner indicated below:

☒         **BY EMAIL:**  I caused a copy of such document to be transmitted *via* electronic mail in portable document format ("PDF") Adobe Acrobat from the electronic address: fcorredor@conmetkane.com.

I declare under penalty of perjury pursuant to the laws of the State of California that the foregoing is true and correct.

Executed May 1, 2025, at San Francisco, California.

_____
          FELIPE CORREDOR