1
2  [Submitting counsel below]
3
4
5                    UNITED STATES DISTRICT COURT
6                   OF NORTHERN DISTRICT OF CALIFORNIA
7                         SAN FRANCISCO DIVISION
8

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION TO QUASH TRIAL SUBPOENA**<br><br>Judge:  Honorable Charles R. Breyer<br>Ctrm.:   6-17th Floor<br><br>**REDACTED** |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

1    Plaintiff respectfully requests that the Court deny Uber's motion to quash the trial
2    subpoena directed to Andrew Hasbun. A subpoena may command a person to attend a trial within
3    "within 100 miles of where the person resides …." Fed. R. Civ. P. 45(c)(1)(A). Mr. Hasbun
4    maintains and spends time at ▒▒▒▒▒▒▒, within the Court's subpoena power. Uber's motion
5    is unaccompanied by evidence that Mr. Hasbun resides solely in California. Instead, the evidence
6    suggests that he splits his time between California and Arizona and resides in both states.
7    　　　Mr. Hasbun lived and worked exclusively in Phoenix for many years and has extensive
8    connections to the Phoenix area. He moved to Phoenix in 2006 to work at a local television
9    station, a position he held until December 2016. Ex. A at 28:12-21. As expected over a decade of
10   life, Mr. Hasbun developed deep connections to the area, including friendships with local
11   politicians. *See id.* at 29:20-33:21. Mr. Hasbun joined Uber in 2016, but worked for the company
12   from Phoenix for many year. *Id.* at 33:22-34:12.
13   　　　Mr. Hasbun claims that in March 2023 he moved to live and work in San Francisco. *Id.* at
14   34:23-35:2. ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒
15   ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒. *Id.* at 46:1-47:7 (▒▒▒▒▒▒▒
16   ▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒▒). He
17   updated his LinkedIn to say he worked in San Francisco rather than Phoenix only two days before
18   his April 2025 deposition in this matter. *Id.* at 23:8-24:2. His Facebook page still indicates he
19   resides in Phoenix. *See* Kaufman Decl. ¶ 3 &. Ex. B.
20   　　　While cases applying Rule 45 to persons with multiple homes are hard to find, the best
21   interpretation of the rule is that a person, like Mr. Hasbun, can reside in more than one place.
22   Unlike "domicile, residency does not require 'an intent to make a fixed and permanent home.'"
23   *Vento v. Dir. of Virgin Islands Bureau of Internal Revenue*, 715 F.3d 455, 466 (3d Cir. 2013); *see
24   also Case v. Kitsap Cnty. Sheriff's Dep't*, 249 F.3d 921, 930 (9th Cir. 2001) (noting that "for
25   Fourth Amendment purposes, a person can have more than one residence"); *Dabdoub v. Triduum
26   Fin. LLC*, 2017 WL 7087199, at *1 (D. Ariz. July 26, 2017) ("A person can have multiple
27
28

1 | residences but only one domicile for determining citizenship.").[1] Indeed, "[t]hat a person can
2 | have multiple residences is proven not merely by reading the obituaries but by the existence of
3 | the ubiquitous construct 'principal residence.'" *In re Lawrence*, 469 B.R. 140, 142 (Bankr. D.
4 | Mass. 2012); *see also* Black's Law Dictionary, *Residence* (12th ed. 2024) ("The place where one
5 | actually lives …. A person thus may have more than one residence at a time …."). *Cf. id.*,
6 | *Primary residence* & *Principal residence* ("The place where a person lives most of the time …").

Applying a flexible concept of residence makes sense in the context of Rule 45. The point of the geographic limitations in Rule 45(c)(1) is to avoid unreasonable burdens on witnesses, not to impose formalistic requirements on service. *See In re Kirkland*, 75 F. 4th 1030, 1044 (9th Cir. 2023) (noting "that a primary concern underlying the Rule's geographical limitations is unfairly burdening witnesses with travel," and citing advisory committee's notes to 1991 and 2013 amendments). If Mr. Hasbun spends enough time in ███████████████████████ ███████, then it is reasonable for him to attend trial there as well.

For these reasons, Plaintiff respectfully requests that the Court deny Uber's motion to quash the trial subpoena directed to Mr. Hasbun.

---

[1] *See also Comm'r of IRS v. Est. of Sanders*, 834 F.3d 1269, 1279 (11th Cir. 2016) ("[W]hile a person may have only one domicile at a time, cases have recognized that one person may have multiple residences simultaneously."); *Haw. Fit Four LLC v. Ford*, 2017 WL 4883421, at *6 (D. Haw. Oct. 30, 2017) ("There are disputed issues about Ford's residence at the time the Complaint was filed, and it is possible that he had more than one residence.").

| | | |
|---|---|---|
| Dated: December 26, 2025 | | Respectfully submitted, |

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
pTelephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

### FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: December 26, 2025     By:   */s/ Maya R. Kalonia*
Maya R. Kalonia