Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

This Document Relates to:

*Jane Doe LS 333 v. Uber Technologies, Inc., et al.*, No. 3:23-cv-05930-CRB

*Jane Doe LS 397 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05864-CRB

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF SECOND MOTION TO COMPEL COMPLIANCE WITH COURT ORDERS**

Date: February 13, 2026

Time: 10:00 a.m.

Courtroom: 6 – 17th Floor

**MEMORANDUM OF POINTS AND AUTHORITIES**

In its Second Motion to Compel Compliance with Court Orders, Uber established that Plaintiffs Jane Doe LS 333 and 397 have defied this Court's repeated orders (ECF 3876; ECF 4443) to produce documents relating to their submission of fraudulent receipts and, following that production, sit for brief depositions. ECF 4569. In response, these Plaintiffs have not disputed that they were ordered to do these things and that they have not done so. ECF 4744. Indeed, they seem even to have backed away from their previous insistence that no responsive documents exist, ECF 4146-1, instead stating that they "stand ready" to "produc[e] any additional responsive documents should any be located." ECF 4744 at 8. This is appropriate, as Uber has demonstrated through unrebutted forensic expert testimony (which Plaintiffs have had since October 22) that responsive documents do exist, ECF 4206-3 (opining that "additional documents, like native versions or other documents or communications relating to the generation of the two static images at issue, should be available"), and this Court has already ordered Plaintiffs to produce them, ECF 4443.

It is telling that Plaintiffs have still not, despite many opportunities to do so, submitted any sworn statement explaining what they did to look for responsive documents or why they believe the forensic expert is wrong in stating these materials exist. *See ABN Corp. v. Groupe PELM Int'l Corp.*, No. 23-cv-00004, 2025 WL 2978710, at *5 (N.D. Cal. Sept. 17, 2025) ("The responding party must do more than merely assert that the search was conducted with due diligence; rather, she must briefly describe the search to allow the Court to determine whether it was reasonable."). Now Plaintiffs' primary quibble seems to be that they do not wish to produce a declaration addressing counsel's pre-suit investigation of their claims and privilege log of communications with Plaintiffs. ECF 4744 at 3-8. Plaintiffs characterize this as Rule 11 discovery and assert that Uber cannot meet the standard to establish that Plaintiffs' counsel violated Rule 11. *Id.* at 5. But to be clear, **Uber's Motion does not even mention Rule 11**, but rather seeks this discovery under Federal Rule of Civil Procedure 37 as "an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021). This Court has found that Plaintiffs submitted false evidence in support of their claims, ECF 3876, and Uber and this Court should be able to explore

how that fraud on the Court came to pass. If counsel's investigation of Plaintiffs' claims was adequate, then it should welcome the opportunity to detail that investigation in a declaration.

**A. Plaintiffs Have Conceded That They Must Produce Documents Relevant to Their Submission of Fraudulent Receipts and Sit for Depositions.**

In their opposition, Plaintiffs Jane Doe LS 333 and 397 appropriately concede that this Court has ordered them to produce documents relevant to their submission of fraudulent receipts and sit for depositions. ECF 4744 at 3. They also state that they "stand ready to comply with the Court's existing orders by appearing for the short, targeted depositions the Court has already authorized and by producing any additional responsive documents should any be located." *Id.* at 9. In light of this, Uber's motion to compel is undisputed as to these points, and this Court should grant it. *See Garcia v. Resurgent Capital Servs., LP,* No. 11-cv-1253, 2012 WL 1563984, at *1 (N.D. Cal. April 27, 2012) (granting motion to compel to extent unopposed); *Harris v. Vector Mktg. Corp.,* No. 08-cv-5198, 2010 WL 11484769, at *4 (N.D. Cal. Aug. 17, 2010) (granting undisputed motion).

**B. Plaintiffs Possess Relevant Documents That Must Be Produced Prior to the Depositions.**

When it found that Plaintiffs Jane Does LS 333 and 397 had produced fraudulent receipts in this MDL, this Court ordered them to produce (1) native versions of their receipts and (2) any documents and communications relating to the production of their ride receipts, the generation of their receipts, and/or the website "Makereceipt.com." ECF 3876. Plaintiffs have never produced any responsive documents, instead repeatedly stating that "our clients deny the existence of any responsive documents." ECF 4569 at 5. But this denial is not credible, as explained by forensic expert Brett D. Harrison in an October 22, 2025, declaration submitted with Uber's first motion to compel these Plaintiffs to produce documents, ECF 4206-3, and attached again here as Exhibit A. First, both Jane Does previously submitted static images of their alleged receipts in February (LS 333) and September (LS 397) 2024. ECF 4206-1 ¶ 3. At a minimum, Plaintiffs must have the underlying sources for those static images (authentic or not) and therefore would be able to respond to the Court's Order to produce "native versions of [those] receipts." ECF 3876. As the forensic expert observed:

> Uber's mobile app (application) will provide a rider with native versions of an Uber receipt. I observed that after opening the Uber App menu and then selecting "Activity" a listing of past rides is displayed. I observed that tapping on the particular ride displayed the ride details. I observed that tapping on the option to "Download PDF"

> provided me with a native version of my Uber receipt. Additionally, I observed that after tapping on the "Resend email" I received an email from Uber with the native version of my Uber receipt. . . . I determined that the Uber website, "https://riders.uber[.]com/trips", provided me with a native versions of an Uber receipt. I observed that after I logged into the Uber website, I was able to access "Past" trips and I tapped on a particular trip. I observed an option to "View Receipt" which the[n] allowed me to download to PDF. Additionally, I observed a "Resend Receipt" button that instantly sent an email from Uber to my email account with the native version of my Uber receipt.

Ex. A at 8-9. Second, the two alleged rides at issue in Plaintiffs' cases were allegedly paid for by credit cards; users of the Uber application who pay by credit card see the transaction reflected on their credit card statements. Ex. A at 9. Third, because Plaintiff Jane Doe LS 333 appears to have used the website Makereceipt.com to create a fraudulent receipt, as the forensic expert stated, "shortly after signing up" for her account, her "credit card account" should have "stated that the transaction occurred" and provided "transactional information" about the date and amount of her Makerecipet.com account purchase. Ex. A at 4. These materials would be responsive to this Court's order that Plaintiffs produce documents relating to "generation of their receipts" and to "the website Makereceipt.com." ECF 3876.

In essence, by providing the expert's declaration in October 2025, Uber gave Plaintiffs a guide to how they should search for and locate responsive documents. ECF 4206-3. Their response was simply to assert again, through their counsel and not under oath, that no responsive documents exist. ECF 4146-1. In light of the evidence that responsive documents exist, though, this is "clearly insufficient." *London Wallace v. City of Fresno,* No. 1:19-cv-01199, 2021 WL 916244, at *5 (E.D. Cal. March 10, 2021); *see also ML Prods., Inc. v. Aster Graphics, Inc.*, No. 5:23-cv-2904, 2025 WL 2995106, at *5 (C.D. Cal. Oct. 8, 2025) (discovery response insufficient where it "fails to define what efforts, if any, it undertook to identify responsive documents"). Rather, a party claiming it has no responsive documents must submit "a declaration that describes with specificity her efforts to review the material that she possesses to determine whether she has responsive records" and "[t]o the extent that [she] does not have additional relevant, responsive, nonprivileged material in her control, she must make such an attestation under penalty of perjury." *ABN Corp.,* 2025 WL 2978710, at *5. Indeed, courts have previously required parties claiming no responsive documents to describe in detail the date(s) of each search performed, the locations searched, the devices searched, the types of files searched, and the methods (such as search terms) used to perform the searches. *Advanced Labs. Int'l,*

*LLC v. Valentus, Inc.,* No. 17-mc-80096, 2017 WL 6209297, at *1 (N.D. Cal. Dec. 8, 2017); *see also Kalter v. Keyfactor, Inc.,* No. 21-cv-1707, 2022 WL 16985062, at *8 (requiring party claiming no responsive documents to "conduct a forensic examination, at her expense, of her new iPhone 11 to determine if it contains data responsive to any discovery requests"). Jane Does LS 333 and 397 cannot just assert that they have no responsive documents, without any supporting details or attempt to address the evidence to the contrary, and walk away from their discovery obligations. There is particular reason to doubt the credibility of their assertion here, where they have been found to have engaged in fraud. *See Singh v. Holder,* 638 F.3d 1264, 1273 (9th Cir. 2011) ("fraud… is a legitimate articulable basis to question the petitioner's credibility").

Indeed, it is telling that, after multiple requests to produce responsive documents, a detailed expert declaration in October 2025 explaining why those documents must exist, and multiple orders from this Court, Plaintiffs have still "offer[ed] only conclusory statements that no responsive documents exist" and "fail[ed] to substantively explain their efforts" to search for such documents. *TIW Hldgs. LLC v. Evo Brands LLC,* No. 5:23-00005, 2024 WL 2107379, at *9 (C.D. Cal. May 6, 2024). Plaintiffs' failure to provide additional information calls into question whether their arguments are substantially justified. *Id.* And it further undermines counsel's decision to just rely on his clients' "word that a thorough search was done." *Calvert v. Red Robin Int'l, Inc.,* No. 11-cv-3026, 2012 WL 1668980, at *5 (N.D. Cal. Oct. 1, 2014). When questioned during a meet and confer, Plaintiffs' counsel conceded that he does not know what Jane Does LS 333 and 397 did to search for responsive documents. ECF 4569-1 ¶ 6. But counsel cannot simply "hand off responsibility for document collection to the client and then just hope for the best." *Li v. Merck & Co., Inc.,* No. 23-cv-3347, 2025 WL 2162949, at *6 (N.D. Cal. July 30, 2025). Rather, attorneys must take "responsibility for ensuring that their clients conduct a comprehensive and appropriate document search." *Abadia-Peixoto v. U.S. Dep't of Homeland Sec.,* No. 11-cv-4001, 2013 WL 4511925, at *2 (N.D. Cal. Aug. 23, 2013). Counsel's failure to do so in this case raises additional questions about the extent to which its conduct in discovery can be trusted.

**C. In Light of Plaintiffs' and Counsel's Continued Discovery Misconduct, the Declaration Uber Seeks is Warranted Under Rule 37.**

In its Motion, Uber asked this Court to order Plaintiffs' counsel to "provide within five court days a sworn declaration that addresses counsel's pre-suit investigation as to the claims of Plaintiffs Jane Doe LS 333 and Jane Doe LS 397, including a privilege log of all communications with each Plaintiff." ECF 4569 at 11. Uber's motion was made pursuant to Federal Rule of Civil Procedure 37, which empowers courts to "issue further just orders" where, as here, a party "fails to obey an order to provide or permit discovery." It was premised on Jane Does LS 333 and 397's failure to abide by this Court's two orders to produce documents and sit for depositions related to their fraud, which clearly falls within the ambit of Rule 37. *Ralon v. Kaiser Fdn. Health Plan, Inc.,* No. 23-cv-3344, 2025 WL 833448, at *2 (N.D. Cal. March 17, 2025) ("Rule 37 of the Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has violated a discovery order.").

In response, Plaintiffs have asserted that "The Only Plausible 'Destination' for Uber's Counsel-Targeted Discovery Is Rule 11—And Uber Cannot Meet the Rule 11 Standard." ECF 4744 at 6. This, of course, ignores the actual basis of Uber's motion and puts the cart before the horse. Uber has not made a Rule 11 motion and generally such issues are reserved until after final resolution of a case. *Novitsky v. Transunion LLC,* No. 2:23-cv-4229, 2025 WL 1122390, at *3 (C.D. Cal. March 14, 2025). Indeed, it would be to Uber's disadvantage to bring such a motion now, when the full extent of Plaintiffs' fraud and Levin Simes' role in it (if any) are not yet known. *See Bighorn Cap., Inc. v. Sec. Nat'l Guaranty, Inc.,* No. 15-cv-3083, 2015 WL 9489897, at *4 (N.D. Cal. Dec. 30, 2015) (resolution of Rule 11 motion requires "a full sense of the case"). And, to be clear, Uber is continuing to investigate additional instances of fraud in this MDL.

Plaintiffs' contention that Uber is "not aware of *any* fraudulent receipts being submitted after Uber's July 30, 2025 motion," ECF 4744 at 4, is false. Indeed, Uber has *already filed a motion with this Court* identifying fraudulent receipts that were submitted after July 30, 2025. ECF 4137 at 5 (identifying seven additional Plaintiffs who submitted fraudulent receipts and noting that "4 out of 7 Plaintiffs filed their lawsuit and submitted a non-bona fide receipt after Uber filed its First Fraudulent Receipts Motion on July 30, 2025"). Specifically, the following Plaintiffs filed fraudulent receipts on

the following dates:

| MDL ID | Plaintiff's Counsel | Fraudulent Ride Receipt Filed |
|---|---|---|
| 3921 | Peiffer Wolf Carr Kane Conway & Wise | 9/3/2025 |
| 3877 | Reich and Binstock, LLP | 9/5/2025 |
| 3962 | Reich and Binstock, LLP | 9/9/2025 |
| 3977 | Reich and Binstock, LLP | 9/10/2025 |

This Court granted the motion and found that these Plaintiffs "submitted non-bona fide receipts." ECF 4440. Thus, just from reading the fraud motions Uber has filed and this Court's rulings on them, Plaintiff's counsel at Levin Simes should have been aware that its representation that "no similar receipts have been submitted since Uber first raised the issue and provided technical guidance" is false. ECF 4744 at 2-3.

The declaration Uber has requested is warranted under Rule 37. Under Rule 37, "courts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters*, 848 F. App'x at 244 (internal quotation omitted). This can include ordering additional discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37). And, specifically, Court have ordered parties to file declarations under Rule 37 to address their discovery misconduct. *See Grinzi v. Barnes,* No. 04-cv-1655, 2004 WL 2297984, at *1 (N.D. Cal. Oct. 5, 2004) ("Defendants shall file a declaration showing cause why they should not be sanctioned pursuant to Rule 37(a)."); *Zucchella v. Olympusat, Inc.*, No. 19-cv-7335, 2020 WL 6594989, at *6 (C.D. Cal. Sept. 25, 2020) (requiring party to provide declaration regarding actions taken with regard to produced documents); *Rob Kolson Creative Prods. v. Stander,* No. 18-cv-6789, 2020 WL 4334116, at *1 & 8 (C.D. Cal May 20, 2020) (holding party in contempt of order to file a declaration regarding discovery under Rule 37). The declaration Uber has requested is reasonable in light of the fraud this Court has found Jane Does LS 333 and 397 have engaged in and their repeated failure to comply with discovery orders. Uber and this Court deserve answers as to what, if anything, counsel did to prevent fraud. Indeed, even in its Opposition, counsel appears to be enabling rather than combatting fraud,

insisting that the receipts at issue "are not obvious forgeries," ECF 4744 at 7, that "whether the receipts are authentic" remains a "question" (despite this Court's ruling on the issue), *id.* at 6, and that "Plaintiffs [Jane Doe] LS 333 and LS 397 have consistently maintained that they were sexually assaulted by their Uber drivers and that their receipts are genuine," *id*. at 7. Coupled with counsel's repeated assertions that Plaintiffs have no fraud-related documents, *without even asking Plaintiffs what they did to search* and in the face of an expert declaration to the contrary, it becomes even more imperative to learn whether counsel does anything to test Plaintiffs' assertions or if it simply views itself as a rubber stamp for any improbable claims Jane Does LS 333 and 397 may make. Regardless, the declaration Uber seeks is well within this Court's power to grant under Rule 37.

## CONCLUSION

For the foregoing reasons and those set forth in Uber's Motion, this Court should compel Plaintiffs Jane Does LS 333 and 397 to produce the responsive documents that are plainly in their possession and sit for depositions thereafter. It should also order counsel for Plaintiffs to submit the declaration and privilege log requested in Uber's Motion and order any other relief it deems necessary to address Plaintiffs' fraud and non-compliance with the Court's discovery orders.

DATED: December 29, 2025

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC