Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415ll) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB <br><br> *R.L. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05515-CRB <br><br> *A.E. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07668-CRB | Case No. 3:23-md-03084-CRB (LJC) <br><br> **DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONAL IDENTIFYING INFORMATION AND INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO ECF 176 CONTAINED IN EXHIBITS TO DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH COURT ORDER** <br><br> Judge:       Hon. Charles R. Breyer <br> Courtroom:  6 – 17th Floor |

1

## **DEFENDANTS' STATEMENT IN SUPPORT OF SEALING CONFIDENTIAL MATERIALS**

Under Local Rules 7-11 and 79-5, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC ("Uber" or "Defendants") hereby move this Court for an order to seal Exhibits A and B to the Reply in Support of Uber's Motion to Compel Compliance with Court Order (the "Reply"), which contain personal identifying information ("PII") and information designated as confidential pursuant to the Protective Order entered in this matter. *See* ECF 176. The exhibits are attached as Exhibit A, filed with this Administrative Motion.

A party seeking to seal a judicial record bears the burden of establishing that "compelling reasons" support that request. *Kamakana v. City & Cnty. of Honolulu,* 447 F.3d 1172, 1178–79 (9th Cir. 2006). Specifically, that party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure [of court records], such as the 'public interest in understanding the judicial process.'" *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In turn, the [C]ourt must 'conscientiously balance[] the competing interests' of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135).

Assessment of the public and private interests implicated here warrant sealing this information. Local Rule 79-5(c)(1)(i). Uber in particular seeks to seal deposition transcripts containing PII regarding Plaintiffs that is considered confidential and subject to the Protective Order entered in this matter. *See* ECF 176. Courts have found that such information "is sealable under the compelling reasons standard." *See, e.g.*, *Kumandan v. Google LLC*, No. 19-cv-04286-BLF, 2022 WL 17971633, at *1 (N.D. Cal. Nov. 17, 2022). That is because such information is "not relevant to any of the issues in this litigation, nor would the public have any real interest in its disclosure." *O'Connor v. Uber Techs., Inc.*, No. C-13-3826 EMC, 2015 WL 355496, at *3 (N.D. Cal. Jan. 27, 2015). On the other hand, the public disclosure of the PII could cause significant and avoidable harm or embarrassment to the affected individuals. Moreover, no less restrictive alternative to sealing the PII within the exhibits is sufficient. Local Rule 79-5(c)(1)(iii). Uber's request is narrowly tailored to seal only the exhibits

2

DEFENDANTS' ADMINISTRATIVE MOTION TO SEAL PERSONALLY IDENTIFYING INFORMATION AND INFORMATION DESIGNATED AS CONFIDENTIAL PURSUANT TO ECF 176
Case No. 3:23-MD-03084-CRB (LJC)

while ensuring that the public retains access to the Reply and other related documents. This Court may therefore "appropriately balance[]" the privacy interests of the affected individuals with the public's right to access by allowing sealing of Exhibits A and B, which contain PII. *O'Connor*, 2015 WL 355496, at *2.

## CONCLUSION

For the foregoing reasons, Uber respectfully requests this Court grant this Administrative Motion to seal transcripts containing PII that are Exhibits A and B to the Reply.

DATED: December 29, 2025       Respectfully submitted,

*/s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON (*Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC