1 | Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
2 | 555 California Street, Suite 2700
San Francisco, CA 94104
3 | Telephone: (415ll) 439-1625
laura.vartain@kirkland.com
4 |
Allison M. Brown (Admitted *Pro Hac Vice*)
5 | **KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
6 | Philadelphia, PA 19103
Telephone: (215) 268-5000
7 | alli.brown@kirkland.com

8 | Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
9 | 2555 Grand Boulevard
Kansas City, MO 64108
10 | Telephone: (816) 474-6550
ccotton@shb.com
11 |
*Attorneys for Defendants*
12 | UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

13

14 | **UNITED STATES DISTRICT COURT**

15 | **NORTHERN DISTRICT OF CALIFORNIA**

16 | **SAN FRANCISCO DIVISION**

17 | IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION

Case No. 3:23-md-03084-CRB

**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO COMPEL COMPLIANCE WITH COURT ORDER**

This Document Relates to:

*J.H. v. Uber Technologies., Inc., et al.*, No. 3:25-cv-05342-CRB

*R.L. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05515-CRB

*A.E. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07668-CRB

Date:        February 13, 2026

Time:        10:00 a.m.

Courtroom:   6 – 17th Floor

**MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiffs J.H, R.L., and A.E. continue to defy this Court's November 19 order (ECF 4440) to sit for brief depositions regarding the fraudulent receipts they were involved in submitting as evidence in this MDL. ECF 4575. Plaintiffs' counsel for J.H. and R.L. do not state that they oppose the deposition. ECF 4786. Plaintiff's counsel for A.E. expressly states in their opposition that they do not oppose the Motion to the extent it seeks to compel a deposition. ECF 4758 at 2.

Instead, Plaintiffs' counsel argue they have had difficulty communicating with Plaintiffs, ECF 4758 at 1; ECF 4786 at 1-3, each of whom sought a significant recovery from Uber. But Plaintiffs' counsel are reaping what they have sown. Plaintiffs' counsel have signed up hundreds of litigants by advertising heavily, including by using click-bait ads like the one below, hoping to use the size of their inventories to extract payments from Uber:





Plaintiffs' counsel then fail to communicate with their clients. *E.g.,* ECF 4582 (Kherkher firm representing that "o]ver the past several months, Plaintiff . . . has failed to respond in a timely matter to Counsel's numerous request for additional information needed."). Plaintiffs' counsel submit fraudulent receipts for their clients without adequately reviewing them. ECF 3604; ECF 3784; ECF 4137. Plaintiffs' counsel even fill out Plaintiff Fact Sheets for their clients without obtaining their sign-off. ECF 4508 (Kherkher admitting that Plaintiff "did not review the amended PFS before it was served").

1

Now, when it comes time for individual plaintiffs to comply with straightforward Court orders, plaintiffs' counsel claim to be unable to communicate with clients. Plaintiffs' counsel cannot have it both ways. They cannot, on the one hand, sign up hundreds of plaintiffs through click-bait ads, and then, on the other hand, fail to communicate with them when it comes time to perform basic litigation functions. As this Court previously ordered, regarding efforts by other plaintiffs' counsel to cast off clients who submitted fraudulent receipts: "Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that [fraudulent receipt] dispute can be resolved." ECF 3759.

The Court's November 19 order was clear and unequivocal that these three Plaintiffs must sit for depositions. Plaintiffs R.L. and A.E. have refused to do so, and Plaintiff J.H. is poised to do the same. ECF 4758 at 2; 4768 at 3. In light of this, Uber asks that this Court find Plaintiffs A.E. and R.L. in contempt and order such further relief as necessary to get them to comply with this Court's order that they sit for depositions. *See Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1106 (9th Cir. 2005). Plaintiff J.H. should likewise be found in contempt with the same relief if she does not appear for her noticed deposition.

Plaintiffs oppose Uber's motion to the extent it requests that this Court order counsel to produce a declaration addressing their pre-suit investigation of Plaintiffs' claims and privilege log of communications with Plaintiffs. ECF 4758 at 2-6; ECF 4786 at 3. Plaintiffs characterize this as Rule 11 discovery and assert that Uber cannot meet the standard to establish that Plaintiffs' counsel violated Rule 11. *Id.* at 3-4. But **Uber's Motion does not reference Rule 11.** Rather, it seeks this discovery under Rule 37 as "an appropriate sanction for conduct which abuses the judicial process." *Grouse River Outfitters, Ltd. v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021).

This Court has found that Plaintiffs were involved in submitting false evidence and Uber and this Court should be allowed to explore how that fraud came to pass. There is evidence that others were involved in the fraud, and those conspirators should be identified to help address the fraud issues in this MDL. Specifically, there is evidence that at least two of these Plaintiffs were involved in submitting false receipts that were based on bona fide receipts submitted by an MDL Plaintiff and a non-party. ECF 4137 at 22. The limited depositions the Court has ordered of these Plaintiffs would

help uncover the scope of the fraud and safeguard the credibility of these MDL proceedings without substantial inconvenience or expense.

### A. Plaintiffs' Counsel Do Not Dispute that Plaintiffs Must Sit for Depositions Related to Their Submission of Fraudulent Receipts.

In their oppositions, Plaintiffs' counsel appropriately concede that this Court has ordered Plaintiffs to sit for depositions related to their submission of fraudulent receipts. ECF 4758 at 2; ECF 4786 at 1. Accordingly, Uber's motion to compel is undisputed on this point, and this Court should grant it. *See Garcia v. Resurgent Capital Servs., LP,* No. 11-cv-1253, 2012 WL 1563984, at *1 (N.D. Cal. April 27, 2012) (granting motion to compel to extent unopposed); *Harris v. Vector Mktg. Corp.,* No. 08-cv-5198, 2010 WL 11484769, at *4 (N.D. Cal. Aug. 17, 2010) (granting undisputed motion).

### B. This Court Should Hold Plaintiffs A.E. and R.L. in Contempt and Impose Sanctions to Encourage Them to Comply with Its Order That They Sit for Depositions.

Civil contempt "consists of a party's disobedience to a specific and definite court order by failure to take all reasonable steps within the party's power to comply." *United States v. DAS Corp.,* 18 F. 4th 1032, 1039 (9th Cir. 2021). To establish that an individual is in civil contempt, the party seeking relief must show by clear and convincing evidence that (1) that individual violated the terms of an order, (2) that the violation went beyond the merely technical and was not consistent with "substantial compliance," and (3) that the individual's violation was "not based on a good faith and reasonable interpretation of the order." *Labor/Community Strategy Ctr. v. L.A. Cnty. Metro. Transp. Auth.,* 564 F.3d 1115, 1123 (9th Cir 2009).

Plaintiffs A.E. and R.L. are clearly in contempt of this Court's November 19 order. That order was specific and definite, ordering them "to submit within 30 days to a deposition not to exceed 3 hours regarding how the Plaintiffs became involved in the litigation, how the fraudulent receipt was generated and distributed, and who else was involved in or aware of the fraud at issue here." ECF 4440. Counsel for Plaintiff A.E. concedes that Uber noticed her deposition for Wednesday, December 17; A.E. received notice of that deposition from her counsel; and she did not appear for the deposition. ECF 4758 at 2; Ex. A, Transcript of Non-appearance by A.E. Similarly, Plaintiff R.L. did not appear for her noticed deposition despite the following efforts by Plaintiffs' counsel:

|   |   |
|---|---|
| 1 | • her counsel started emailing her to request deposition dates on November 20; |
| 2-3 | • counsel sent several follow up emails about the deposition that went unanswered, including on November 21, November 24, December 2, and December 10; |
| 4-6 | • counsel called her and left a voicemail message about the deposition on November 21 and attempted to phone her again on December 2, receiving a "number could not be completed as dialed" automated message; |
| 7 | • counsel sent a letter to her about the deposition via Federal Express on November 24; |
| 8 | • counsel texted her about the deposition and attempted to reach her via Facebook; |
| 9-10 | • counsel sent her a notice of deposition designating December 17 as the date for the deposition via email and Federal Express on December 10; but |
| 11 | • she ultimately failed to appear for the deposition on December 17. |

ECF 4786 at 1-3; Ex. B, Transcript of Non-Appearance by R.L. Plaintiffs flatly refuse to comply with this Court's order, and that is not permitted.

"There is no question that [an individual] did not abide by" an order to appear for a deposition when the time for the deposition has passed without that individual's appearance. *Jazwares, LLC v. Perez,* No. 22-cv-00094, 2022 WL 1202861, at *2 (N.D. Cal. April 22, 2022). Nor is the failure to appear a technical violation; Plaintiffs have "thumbed [their] nose[s] at the process." *Id.* Plaintiffs A.E. and R.L. have not raised any good faith reason that they failed to show up for their depositions and indeed courts have recognized that "[u]nless a protective order is granted before the deposition, the party or witness has no basis to refuse to attend the properly noticed deposition." *Abercrombie & Fitch Trading. Co. v. Beauty Encounter, Inc.,* No. 8:23-cv-496, 2024 WL 2209776, at *2 (C.D. Cal. April 3, 2024). Plaintiffs A.E. and R.L. simply refuse to attend the properly-noticed depositions ordered by this Court, and there can be no doubt that they are in contempt.

This Court has the power to order a variety of sanctions to compel Plaintiff R.L. to comply with its order and sit for depositions. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1480 (9th Cir. 1992); *Aldapa v. Fowler Packing Co., Inc.*, No. 1:15-cv-420, 2012 WL 2551000, at *15 (E.D. Cal. June 22, 2021). This Court should find Plaintiffs A.E. and R.L. in contempt and, in its

discretion, impose relief sufficient to adequately motivate them to comply with its order and appear for deposition.

### C. If Plaintiff J.H. Fails to Attend Her January 6 Deposition, the Court Should Also Hold Her in Contempt and Impose Appropriate Relief.

Uber has noticed Plaintiff J.H.'s deposition for January 6, 2026,[1] but she appears poised to not appear. According to counsel for Plaintiff J.H., they emailed Plaintiff J.H. and asked her for deposition dates on November 20, and they followed up with a call and voicemail. ECF 4786 at 1. On December 4, Plaintiff's counsel reportedly spoke with J.H., who instructed counsel to dismiss her lawsuit. *Id.* at 2. Counsel reportedly notified J.H. that she was still subject to this Court's order to sit for a deposition and emailed her the deposition notice on December 10. *Id.* J.H. confirmed that she wished to dismiss her case and terminate counsel's representation on December 12. *Id.* at 3. Plaintiff's counsel states that Plaintiff "has not confirmed her attendance at her January 6, 2026 deposition." *Id.*

If Plaintiff J.H. fails to appear for her January 6 deposition, this Court should also find her to be in contempt of its November 19 order. *Jazwares, LLC,* 2022 WL 1202861, at *2. It should also impose relief sufficient to motivate Plaintiff to comply with the Court's prior order. *Richmark Corp*, 959 F.2d at 1480.

### D. In Light of Plaintiffs' Continued Discovery Misconduct, the Declaration Uber Seeks is Warranted Under Rule 37.

In its Motion, Uber asked this Court to order Plaintiffs' counsel to "produce a sworn declaration within five court days of this Court's order that addresses counsel's presuit investigation as to these Plaintiffs' claims, including a privilege log of all communications with each Plaintiff." ECF 4575 at 9. Uber's motion was made pursuant to Federal Rule of Civil Procedure 37, which empowers courts to "issue further just orders" where, as here, a party "fails to obey an order to provide or permit discovery." It was premised on Plaintiffs' failure to abide by this Court's order to sit for depositions related to their fraud, which clearly falls within the ambit of Rule 37. *Ralon v. Kaiser Fdn. Health Plan, Inc.,* No. 23-cv-3344, 2025 WL 833448, at *2 (N.D. Cal. March 17, 2025) ("Rule 37 of the

---

[1] Uber noticed the deposition for January 6, 2026, as an accommodation to Plaintiff's counsel's schedule.

1  Federal Rules of Civil Procedure grants courts the authority to impose sanctions where a party has
2  violated a discovery order.").

3   Plaintiffs' counsel have resisted this request, arguing that "[t]he only plausible destination for
4  Uber's [c]ounsel-[t]argeted [d]iscovery is Rule 11 — and Uber cannot meet the Rule 11 standard."
5  ECF 4758 at 3; ECF 4786 at 3 ("Plaintiffs J.H. and R.L. join and incorporate A.E.'s objection to Uber's
6  request for sworn declarations and presuit discovery."). This, of course, ignores the actual basis of
7  Uber's motion and puts the cart before the horse. Uber has not made a Rule 11 motion and generally
8  such issues are reserved until after final resolution of a case. *Novitsky v. Transunion LLC,* No. 2:23-
9  cv-4229, 2025 WL 1122390, at *3 (C.D. Cal. March 14, 2025). Indeed, it would be to Uber's
10 disadvantage to bring such a motion now, when the full extent of Plaintiffs' fraud and counsel's role
11 in it (if any) are not yet known. *See Bighorn Cap., Inc. v. Sec. Nat'l Guaranty, Inc.,* No. 15-cv-3083,
12 2015 WL 9489897, at *4 (N.D. Cal. Dec. 30, 2015) (resolution of Rule 11 motion requires "a full
13 sense of the case"). And, to be clear, Uber is continuing to investigate and identify additional instances
14 of fraud in this MDL and will continue to file motions with this Court as it develops evidence that
15 fraud has occurred.

16   The declaration Uber has requested is warranted under Rule 37. "[C]ourts have broad
17 discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse*
18 *River Outfitters*, 848 F. App'x at 244 (internal quotation omitted). This can include ordering additional
19 discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp'l*, No. 17-cv-05554, 2019 WL 4256383,
20 at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order
21 compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL
22 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37). And,
23 specifically, Courts have ordered parties to file declarations under Rule 37 to address their discovery
24 misconduct. *See Grinzi v. Barnes,* No. 04-cv-1655, 2004 WL 2297984, at *1 (N.D. Cal. Oct. 5, 2004)
25 ("Defendants shall file a declaration showing cause why they should not be sanctioned pursuant to
26 Rule 37(a)."); *Zucchella v. Olympusat, Inc.*, No. 19-cv-7335, 2020 WL 6594989, at *6 (C.D. Cal.
27 Sept. 25, 2020) (requiring party to provide declaration regarding actions taken with regard to produced
28 documents); *Rob Kolson Creative Prods. v. Stander,* No. 18-cv-6789, 2020 WL 4334116, at *1 & 8

1  (C.D. Cal May 20, 2020) (holding party in contempt of order to file a declaration regarding discovery
2  under Rule 37).

3        The declaration Uber has requested is reasonable in light of the fraud this Court has found
4  Plaintiffs J.H., R.L., and A.E. have engaged in and their failure to comply with this Court's order.
5  Uber and this Court deserve answers as to what, if anything, counsel did to prevent fraud. Indeed, even
6  in its Opposition, counsel for A.E. appears to be enabling rather than combatting fraud, insisting that
7  the receipt at issue "is not an obvious forgery," ECF 4758 at 2, that "whether the receipt at issue is
8  authentic" is a question (despite this Court's ruling that the receipt is fraudulent), *id.* at 3, and that
9  "Uber has not shown that Plaintiff's claims were impossible, only that limited corroborating evidence
10 – not uncommon in alleged sexual assault cases – may be disputed," *id.* at 2-3. Coupled with counsel
11 for A.E.'s apparent indignance that "Uber continued to insist upon moving forward with the in-person
12 deposition" this Court ordered, *id.* at 2, it becomes even more imperative to learn whether counsel
13 does anything to test Plaintiff A.E.'s assertions or encourage her to comply with this Court's orders,
14 or if it simply intends to defend her misconduct at all costs. Regardless, the declaration Uber seeks is
15 well within this Court's power to grant under Rule 37.

## **CONCLUSION**

17       For the foregoing reasons and those set forth in Uber's Motion, this Court should compel
18 Plaintiffs J.H., R.L., and A.E. to sit for the depositions it ordered on November 19. It should hold A.E.
19 and R.L. in contempt and order sanctions to encourage them to comply with its Order.  Plaintiff J.H.
20 should likewise be found in contempt with the same sanctions if she does not appear for her noticed
21 deposition. It should also order counsel for Plaintiffs to submit the declaration and privilege log
22 requested in Uber's Motion and order any other relief it deems necessary to address Plaintiffs' fraud
23 and non-compliance with the Court's discovery orders.

1  DATED: December 29, 2025         Respectfully submitted,

2                                   **SHOOK, HARDY & BACON L.L.P.**

3                                   By: /s/ Christopher V. Cotton

4                                   CHRISTOPHER V. COTTON

5                                   *Attorney for Defendants*
                                    UBER TECHNOLOGIES, INC.,
6                                   RASIER, LLC, and RASIER-CA, LLC