# EXHIBIT 5

C. Brooks Cutter, SBN 121407
Celine E. Cutter, SBN 312622
**CUTTER LAW P.C.**
401 Watt Avenue
Sacramento, CA 95864
Telephone:    (916) 290-9400
Facsimile:    (916) 588-9330
Email:    bcutter@cutterlaw.com
Email:    ccutter@cutterlaw.com

*Attorneys for Plaintiff*

ELECTRONICALLY
**F I L E D**
*Superior Court of California,*
*County of San Francisco*

**11/24/2025**
**Clerk of the Court**
BY: EDWARD SANTOS
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| IN RE: UBER RIDESHARE CASES | CASE ASSIGNED FOR ALL PURPOSES TO JUDGE ETHAN P. SCHULMAN, DEPT. 304 |
| THIS DOCUMENT RELATES TO: *ALL CASES* | **PLAINTIFFS' CERTIFICATIONS IN RESPONSE TO THE COURT'S ORDER OF OCTOBER 22, 2025** |

In compliance with the Court's order of October 22, 2025, Plaintiffs' leadership submit herewith all the certifications of Plaintiffs' counsel received to date. For the Court's convenience, this filing includes all such certifications, including those previously submitted to the Court. The certifications are from the following firms:

1. ADZ Law

2. Anapol Weiss

3. Baer Treger Rudin

4. Betts Law Group

5. Carrillo Law Firm

6. Carpenter & Zuckerman

7. Clarkson Law Firm

8.   Cutter Law

9.   Dordick Law

10. Downtown LA Law

11. Estey & Bomberger

12. Fiore Legal

13. Gilleon Law Firm

14. Girard Sharp

15. Gomez Trial Attorneys

16. Kiesel Law

17. Los Angeles City Law

18. Law Office of Arash Khorsandi

19. Law Office of Frank P. Agello

20. Levin Simes

21. Nachawati Law Group

22. Peiffer Wolf Carr Kane Conway & Wise

23. Pulaski Kherkher

24. Ray & Seyb

25. Ryan Law Group

26. Simon Greenstone Panatier

27. Slater Slater Schulman

28. Taylor & Ring

29. Trial Lawyers for Justice

30. Valero Law Group

31. Wagstaff Law Firm

32. Walkup Melodia Kelly & Schoenberger

33. Williams Hart & Boundas

1

2

3    DATED:  November 24, 2025                    Respectfully submitted,

4                                                **CUTTER LAW P.C.**

5

6                                                  ___/s/ Celine Cutter___
                                                 Celine E. Cutter
7
                                                 **CUTTER LAW P.C.**
8
                                                 *Liaison Counsel for Plaintiffs*
9

10

11   Dated: November 24, 2025                     WILLIAMS HART & BOUNDAS, LLP

12

13                                                /s/ Walt Cubberly

14                                                Walt Cubberly

15

16   Dated: November 24, 2025                     LEVIN SIMES LLP

17

18                                                /s/ William A. Levin

19                                                William A. Levin

20                                                CO-LEAD COUNSEL FOR PLAINTIFFS

21

22

23

24

25

26

27

28

JESSICA DAYTON (SBN: 231698)
ADZ LAW, LLP
2000 ALAMEDA DE LAS PULGAS, SUITE 161
SAN MATEO, CA 94403
JDAYTON@ADZLAW.COM
PHONE: 650-458-2300
FAX: 650-458-2319

ATTORNEY FOR JANE DOE ADZ 2

SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF SAN FRANCISCO

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | ) CASE NO. CJC-21-005188 ) ) JUDICIAL COUNCIL COORDINATION ) PROCEEDING NO. 5188 ) |
| **IN RE UBER RIDESHARE CASES** | ) **DECLARATION OF JESSICA DAYTON** ) |
| This Document Related to: | ) ) |
| Jane Doe ADZ 2 v. Uber Technologies, Inc., et Al. (Case No. CGC-20-585158) | ) ) ) ) ) |

I, JESSICA DAYTON, declare as follows,

1.     I contacted each employee, contractor, consultant or agent (including expert witnesses) working with ADZ Law, LLP, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.     I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing

confidential information with the New York Times.

I declare under penalty of perjury that the foregoing is true and correct. Executed on October 30, 2025 at San Mateo, California.

_____
Jessica Dayton, Attorney for
Jane Doe ADZ 2

1

2 **<u>CERTIFICATION OF INVESTIGATION FACTS</u>**

3   1.   I contacted each employee, contractor, consultant or agent (including expert witnesses)

4 working with Anapol Weiss, as well as any client who, to the best of my knowledge and

5 based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a

6 significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the

7 JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly

8 or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either

9 directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were

10 contacted by another law firm.

11   2a.   I do not have any knowledge or information relating to the identity of any person, entity or

12 organization that was involved in any way—either directly or indirectly—in sharing confidential

13 information with the New York Times.

14

15   Dated: 11/24/2024                 Respectfully submitted,

16                                     /s/ William L. Smith
17                                     William L. Smith (SBN #324235)
                                       ANAPOL WEISS
18                                     6060 Center Drive 10th Floor
19                                     Los Angeles, CA 90045
                                       Telephone: (202) 780-3014
20                                     Facsimile: (202) 780-3678
21                                     Email: wsmith@anapolweiss.com

22                                     Holly Dolejsi (pro hac vice forthcoming)
                                       ANAPOL WEISS
23                                     60 South 6th St. Suite 2800
24                                     Minneapolis, MN 55402
                                       Telephone: (202) 780-3014
25                                     Facsimile: (202)780-3678
                                       Email: hdolejsi@anapolweiss.com
26

27

28

                                                        Case No. CJC-21-005188

TRACY BAER, ESQ., Bar No. 113309
ANDREW L. TREGER, ESQ., Bar No. 240637
ERIC G. RUDIN, ESQ., Bar No. 265471
WESLEY J. KRIEGER, ESQ., Bar No. 291730
BAER TREGER RUDIN LLP
2121 Avenue of the Stars, Suite 800
Los Angeles, CA 90067
(310) 226-7570   Fax (310) 226-7571
tbaer@baertreger.com, atreger@baertreger.com,
erudin@baertreger.com, wkrieger@baertreger.com

Attorneys for Plaintiffs JANE EN DOE, JOHN BD DOE, JANE KI DOE, and JANE MX DOE

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| Coordinated Proceeding<br><br>Special Title (Rule 3.550)<br><br>**IN RE: UBER RIDESHARE CASES**<br><br>―――――――――――――――<br><br>**THIS DOCUMENT RELATES TO:**<br><br>*Jane EN Doe v. Uber Technologies, Inc., et al.,* Case No. 22SMCV01420, Los Angeles County Superior Court<br><br>*John BD Doe v. Uber Technologies, Inc., et al.,* Case No. 22SMCV02325, Los Angeles County Superior Court<br><br>*Jane KI Doe v. Uber Technologies, Inc., et al.,* Case No. 24NWCV00760, Los Angeles County Superior Court<br><br>*Jane MX Doe v. Uber Technologies, Inc., et al.,* Case No. 24CV023238, Sacramento County Superior Court | **JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188**<br><br>**Case No.: CJC-21-005188**<br><br>**Judge: Hon. Ethan P. Schulman Dept. 304**<br><br>**CERTIFICATION OF INVESTIGATIVE FACTS** |

///

///

///

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with BAER TREGER RUDIN LLP, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the *New York Times*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 6, 2025          BAER TREGER RUDIN LLP

By: _____
ERIC G. RUDIN, ESQ.
Attorneys for Plaintiffs JANE EN DOE, JOHN BD DOE,
JANE KI DOE, and JANE MX DOE

BAER TREGER RUDIN LLP

1  Whitney J. Betts, Esq. (SBN 272584)
   whitney@bettslawgroup.com
2  Danielle C. Hicks, Esq. (SBN 264661)
   danielle@bettslawgroup.com
3  **BETTS LAW GROUP PC**
   4455 Morena Blvd., Suite 210
4  San Diego, CA. 92117
   P: (858) 201-2424 / F: (858) 544-2424

5  Attorneys for Plaintiff
6  R.A.

7

8

9              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                 **FOR THE COUNTY SAN FRANCISCO**

11  R.A., an individual;                    )  CASE NO.: CJC-21-005188
                                            )  JUDICIAL COUNCIL COORDINATION
12               Plaintiffs,                )  PROCEEDING NO. 5188
                                            )
13                                          )
                                            )  **CERTIFICATION OF INVESTIGATION**
14      vs.                                 )  **FACTS PURSUANT TO ORDER**
                                            )  **GRANTING UBER'S MOTION TO**
15                                          )  **ENFORCE THE PROTECTIVE ORDER**
                                            )
16  Uber Technologies, Inc.; Raiser LLC; Raiser-  )
    CA, LLC                                 )  Judge: Hon. Ethan P. Schulman
17                                          )  Dept:   304
                                            )
18                                          )
                                            )
19               Defendants.               )

20

21        Pursuant to the Court's Order Granting Uber's Motion to Enforce The Protective Order on

22  October 22, 2025, Betts Law Group PC, counsel for R.A., hereby provides the following signed

23  Exhibit A.

24

25

26

27

28
                                    - 1 -

**Exhibit A**

**CERTIFICATION OF INVESTIGATION FACTS**

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with BETTS LAW GROUP PC, as well as any client who, to best of my knowledge and based on reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiff's summary judgment opposition in JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of these documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.


I declare under the penalty of perjury under the laws of the California that the foregoing is true and correct, and this declaration was executed on November 6, 2025 in San Diego, California.


DATED: November 6, 2025

By: _____
　　　　　　Whitney J. Betts
　　　　　　Attorneys for Plaintiff
　　　　　　R.A.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

**DEPARTMENT 34**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550] | Case No. CJC-21-005188 JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| IN RE UBER RIDESHARE CASES | CERTIFICATION OF FACTS |
| THIS DOCUMENT RELATES TO: *All Case* | |

- 1 -
CERTIFICATION OF FACTS

## DECLARATION OF DOMINIQUE L. BOUBION

I, DOMINIQUE L. BOUBION, declare as follows:

    1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with CARRILLO LAW FIRM, LLP, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

    2.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way–either directly or indirectly–in sharing confidential information with the New York Times.

    I hereby declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

    Executed on November 20, 2025, at South Pasadena, California.

                      Dominique L. Boubion
                      Declarant

Robert J. Ounjian, SBN 210213
robert@cz.law
Sasha J. Skaf, SBN 311607
skaf@cz.law
**CARPENTER& ZUCKERMAN**
8827 W. Olympic Boulevard
Beverly Hills, CA 90211
Telephone: (310) 273-1230
Facsimile: (310) 858-1063

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| IN RE: UBER RIDESHARE CASES | Case No.: CJC-21-00518 |
| | Judicial Council Coordination Proceeding (JCCP) No. 5188 |
| THIS DOCUMENT RELATES TO: | Assigned for all purposes to: |
| GIZEL CORTEZ, an individual, | Judge Ethan P. Schulman |
| Plaintiff, | |
| vs. | **CERTIFICATION OF INVESTIGATIVE FACTS** |
| JAVIER GOMEZ HERRERA; UBER TECHNOLOGIES, INC,; RASIER-CA, LLC; RASIER, LLC; LYFT, INC.; and DOES 1-20 | |
| Defendants. | |

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with CARPENTER & ZUCKERMAN, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access,

directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identify of any person, entity, or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the *New York Times*.

Dated: November 17, 2025

CARPENTER & ZUCKERMAN

Sasha J. Skaf, Esq.
Attorney for Plaintiff

2
CERTIFICATION OF INVESTIGATIVE FACTS

**Exhibit A**

**<u>CERTIFICATION OF INVESTIGATION FACTS</u>**

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Clarkson Law Firm, P.C., as well as any clients who, to the best of my knowledge and based on reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me that did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: November 6, 2025                          By: _____
                                                                    Tracey B. Cowan
                                                                    tcowan@clarksonlawfirm.com
                                                                    **CLARKSON LAW FIRM, P.C.**
                                                                    95 3rd Street, 2nd Floor
                                                                    San Francisco, CA 94103
                                                                    (213) 788-4050

C. Brooks Cutter (SBN 121407)
Celine Cutter (SBN 312622)
CUTTER LAW, P.C.
401 Watt Avenue
Sacramento, CA 95864
Tel: (916) 290-9400
Fax: (916) 588-9330
Email: bcutter@cutterlaw.com
Email: ccutter@cutterlaw.com

*Liaison Counsel for Plaintiffs*

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| Coordination Proceeding | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| *In re: Uber Rideshare Cases* | Case No. CJC-21-005188 |
| This Document Relates to: | (*Assigned to Hon. Ethan P. Schulman, Dept. 304*) |
| *All Cases* | **CERTIFICATON OF INVESTIGATIVE FACTS** |

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with CUTTER LAW, P.C., as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the *New York Times*.


DATED:   October 23, 2025

C. Brooks Cutter

Uber Rideshare Cases
San Francisco County Superior Court, Case No. JCCP 5188

**PROOF OF SERVICE**

I am employed in the County of Sacramento.  I am over the age of eighteen years and not a party to the within entitle action; my business address is Cutter Law P.C., 401 Watt Avenue, Sacramento, California 95864.

On the date below, I served a copy of the following document(s) described as:

**CERTIFICATON OF INVESTIGATIVE FACTS**

on the interested party(ies) in this action as follows:

| | |
|---|---|
| | **BY MAIL:**  By causing to be placed a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
| | **BY OVERNIGHT DELIVERY:**  I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list.  I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FACSIMILE:**  Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above or on the service list on the date above at approximately _____ a.m./p.m.  The telephone number of the sending facsimile machine was (916) 669-4499.  The sending facsimile machine issued a transmission reporting confirming that the transmission was complete and without error.  A copy of that report is attached. |
| X | **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent through File&ServeXpress to the person(s) on the service list maintained electronically on File&ServeXpress. |
| | **BY PERSONAL SERVICE:**  I *caused* the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| X | **STATE:**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| | **FEDERAL:**  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.  I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. |

Executed on October 23, 2025, at Sacramento, California.

_____
Brenda Reese

-1-



Gary A. Dordick, Esq. (SBN #: 128008)
Michelle J. Dordick, Esq. (SBN # 319725)
Danielle S. Dhari, Esq. (SBN #356788)
**DORDICK LAW CORPORATION**
509 South Beverly Drive
Beverly Hills, California 90212
Telephone: (310) 551-0949
Facsimile: (855) 299-4444
Email: MJDeservice@dordicklaw.com

*Attorneys for Plaintiff*

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| Coordination Proceeding | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| *In Re: Uber Rideshare Cases* | Case No. CJC-21-005188 |
| This Document Relates to: | (Assigned to Hon. Ethan P. Schulman, Dept. 304) |
| | **CERTIFICATION OF INVESTIGATION FACTS** |
| *Jane Doe* v. *Uber Technologies, Inc., et al.,* Case No. 22STCV20893 | |

///
///
///
///
///
///

1.

**CERTIFICATION OF INVESTIGATION FACTS**

**CERTIFICATION OF INVESTIGATION FACTS**

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with DORDICK LAW CORPORATION, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the New York Times.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 21st day of November, 2025, at Los Angeles, California.

_____
Michelle J. Dordick, Esq., Declarant

**CERTIFICATION OF INVESTIGATION FACTS**



Edward Morgan, Esq. (SBN 273336)
Anouk Rondel, Esq. (SBN 361221)
**DOWNTOWN L.A. LAW GROUP**
540 S. Santa Fe Ave.
Los Angeles, CA, 90013
Telephone: (213) 389-3765
Facsimile (877) 389-2775
Email: Edward@downtownlalaw.com

Attorneys for Plaintiff,

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF SAN FRANCISCO – UNLIMITED CIVIL JURISDICTION
### DEPARTMENT 304

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE [RULE 3.550]<br><br>*IN RE: UBER RIDESHARE CASES*<br><br>THIS DOCUMENT RELATES TO:<br>ALL ACTIONS | Case No. CJC-21-005188<br>JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188 |

/// 
/// 
/// 
/// 
/// 
/// 

*Downtown L.A. Law Group*
*540 S. Santa Fe Ave.*
*Los Angeles, CA 90013*

Downtown L.A. Law Group
540 S. Santa Fe Ave.
Los Angeles, CA 90013

## CERTIFICATION OF INVESTIGATION FACTS

1. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Downtown LA Law Group, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2. I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the New York Times.

I declare under penalty of perjury of the laws of the State of California that the foregoing is true and correct.

Executed on this 21st day of November, 2025 in Los Angeles, California.



_____
                    Farid Yaghoubtil, Esq.

Stephen J. Estey (SBN 163093)
R. Michael Bomberger (SBN 169866)
Angela J. Nehmens (SBN 309433)
Marek Pienkos (SBN 292729)
ESTEY & BOMBERGER, LLP
2869 India Street
San Diego, CA  92103
Telephone:  619-295-0035
Facsimile:  619-295-0172
steve@estey-bomberger.com
mike@estey-bomberger.com
angela@estey-bomberger.com
mpienkos@estey-bomberger.com

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550)<br><br>***In Re: Uber Rideshare Cases***<br><br>This Document Relates to:<br><br>*ALL ACTIONS* | JUDICIAL COUNCIL COORDINATED PROCEEDING NO. 5188<br><br>Case No. CJC-21-005188<br><br>*(Assigned to the Hon. Ethan P. Schulman — Dept. 304)*<br><br>**CERTIFICATION OF INVESTIGATIVE FACTS** |

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Estey & Bomberger LLP, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

/ / /

2.    I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the *New York Times*.

Dated: November 17, 2025                    **ESTEY & BOMBERGER, LLP**

                                                    _____

Stephen J. Estey
R. Michael Bomberger
Angela J. Nehmens
Marek Pienkos

*Attorneys for Plaintiffs*

1

2

## DECLARATION OF YESENIA SANCHEZ, ESQ.

3

I, Yesenia Sanchez, Esq., declare:

4

     1.    I am the attorney of record for Plaintiff NATALIA BURMAKOVA ("Plaintiff"). The

5

following information is based on my personal knowledge, and, if called to testify, I could and would

6

do so competently.

7

     2.    I contacted each employee, contractor, consultant or agent (including expert

8

witnesses) working with Fiore Legal, Inc., as well as any client who, to the best of my knowledge and

9

based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or

10

significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in

11

the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access,

12

directly or indirectly, to any of the documents referenced in the article to the New York Times or its

13

agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I

14

knew were contacted by another law firm.

15

     3.    I do not have any knowledge or information relating to the identity of any person,

16

entity, or organization that was involved in any way-either directly or indirectly-in sharing

17

confidential information with the New York Times.

18

     I declare under penalty of perjury under the laws of the State of California that the foregoing

19

is true and correct.  Executed this 6th day November, 2025, in Monrovia, California.

20

21

                     *Yesenia Sanchez*

22

                     Yesenia Sanchez, Esq.

23

24

25

26

27

28

DECLARATION OF YESENIA SANCHEZ, ESQ. RE: CERTIFICATION OF INVESTIGATION FACTS

Daniel M. Gilleon (SBN 195200)
Samuel A. Clemens (SBN 285919)
Gilleon Law Firm APC
550 West B Street, PMB075
San Diego, CA 92101
Tel: 619.702.8623/Fax: 619.374.7040
Email: dan@gilleon.com

Attorneys for Plaintiff Jane Doe

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**
**FOR THE COUNTY OF SAN FRANCISCO-UNLIMITED JURISDICTION**

| | |
|---|---|
| Coordination Proceeding | JUDICIAL COUNCIL COORDINATION PROCEEDING NO.5188 |
| *In re: Uber Rideshare Cases* | Case No. CJC-21-005188 |
| This Document Relates to: | **CERTIFICATION OF INVESTIGATIVE FACTS** |
| *All Cases* | |

1.    I contacted each employee, contractor, consultant, or agent (including expert witnesses) working with Gilleon Law Firm, APC., as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly, or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consults, contractors, agents, or experts that I knew were contacted by another law firm.

///

///

1       2.     I do not have any knowledge or information relating to the identity of any person,

2   entity, or organization that was involved in any way-either directly or indirectly-in sharing

3   confidential information with the *New York Times*.

4

5   Date:   11/18/2025                Gilleon Law Firm, APC

6

7

8                                     Daniel M. Gilleon

## CERTIFICATION OF INVESTIGATION FACTS

1. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Girard Sharp LLP, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits ( or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2. I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way-either directly or indirectly-in sharing confidential information with the New York Times.

Dated this 24th of November 24, 2025.

_____
Sarah R. London

## CERTIFICATION OF INVESTIGATION FACTS

I, Madison L. Henry, Esq., declare:

1.      I contacted each employee, contractor, consultant, or agent (including expert witnesses) working with Gomez Trial Attorneys, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or significant subset thereof) submitted in connection with Plaintiffs' summary judgement opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew where contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way either directly or indirectly in sharing confidential information with the New York Times.

I declare under penalty of perjury under the laws of the State of California that the above facts are true and correct.  Executed on the 24th day of November, 2025 at San Diego, California.

_____
Madison L. Henry, Esq.

**<u>CERTIFICATION OF INVESTIGATION FACTS</u>**

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with KIESEL LAW, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the *New York Times*.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 19, 2025, at Beverly Hills, California.

_____
Melanie Meneses Palmer

## <u>DECLARATION OF NANETTE G. REED, ESQ.</u>

I, Nanette G. Reed, Esq., certify as follows:

     1.     I am an attorney licensed to practice law in the State of California and an attorney at Los Angeles City Law, APLC; I represent a Jane Doe in this action coordinated under Case No. CJC-21-005188.

     2.     I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Los Angeles City Law, APLC, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

     3.     I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the New York Times.

     I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

     Executed this November 21, 2025, at Los Angeles, California.

DATED: November 21, 2025     By: _____

     NANETTE G. REED, ESQ., Declarant

**Exhibit A**

**CERTIFICATION OF INVESTIGATION OF FACTS**

1.        I contacted each employee, contractor, consultant, or agent (including expert witnesses) working with THE LAW OFFICES OF ARASH KHORSANDI, PC, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subject thereof) submitted in connection with Plaintiff's summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2a.        I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way-either directly or indirectly- in sharing confidential information with the New York Times.

        [OR]

2b.        The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times [and then describe the circumstances of the disclosure]

BENNY KHORSANDI

Nov. 11, 2025

**Frank P. Agello, Esq. (204471)**
**LAW OFFICE OF FRANK P. AGELLO, ESQ.**
**8335 Winnetka Ave., #304**
**Winnetka, CA 91306**
**Phone: (818) 458-7959**
**Fax: (818) 975-8069**
**Email: frank_agello@hotmail.com**

Attorneys for Plaintiff JANE DOE.

### SUPERIOR COURT OF THE STATE OF CALIFORNIA

### FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| Coordination Proceeding | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| *In Re: Uber Rideshare Cases* | |
| | Case No. CJC-21-005188 |
| This Document Relates to: | |
| *Jane Doe v. Uber Technologies, Inc., et. al.* Case No. 20STCV12243 | **CERTIFICATION OF INVESTIGATION OF FACTS BY THE LAW OFFICE OF FRANK P. AGELLO, ESQ.** |
| | *(Assigned to Hon. Ethan P. Schulman, Dept. 304)* |

### CERTIFICATION OF INVESTIGATION FACTS

I, Frank P. Agello, Esq., declare and say:

1. I am the attorney of record for Jane Doe in this matter, Case No. 20STCCV12243, (CJC-21-05188). I have personal knowledge of the following facts and if called upon to testify thereto, would competently do so.

2. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with the LAW OFFICE OF FRANK P. AGELLO, ESQ, as well as any client

who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

3. I do not have any knowledge or information relating to the identity of any person, entity organization that was involved in any way-either directly or indirectly-in sharing confidential information with the New York Times.

I declare under the penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this 7th day of November, 2025, in the City of Winnetka, County of Los Angeles, CA.

*FRANK P. AGELLO, Esq.*

**FRANK P. AGELLØ, ESQ.**
Declarant

2
CERTIFICATION OF INVESTIGATION FACTS
Case No. CJC-21-005188

William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Co-Lead Counsel for Plaintiffs*

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO**

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | **JUDICIAL COUNCIL COORDINATED PROCEEDING NO. 5188** |
| | Case No. CJC-21-005188 |
| *In Re: Uber Rideshare Cases* | **LEVIN SIMES LLP'S CERTIFICATION OF INVESTIGATIVE FACTS** |
| This Document Relates to: | |
| ALL ACTIONS. | |

I, William A. Levin, declare and state as follows:

1. I contacted each employee, contractor, consultant or agent (including expert witnesses working with Levin Simes LLP, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the August 8, 2025 Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

1    knew were contacted by another law firm.

2    2.   I do not have any knowledge or information relating to the identity of any person, entity or

3    organization that was involved in any way-either directly or indirectly-in sharing

4    confidential information with the New York Times.

5    I declare under penalty of perjury under the laws of the State of California that the

6    foregoing is true and correct, except as to those matters stated on information and belief, and as to

7    those matters, I am informed and believe that they are true and correct. This Declaration was

8    executed on November 17, 2025, at San Francisco, California.

9

10   Dated: November 17, 2025                       Respectfully submitted,

11                                                  **LEVIN SIMES LLP**

12                                                  */s/ William A. Levin*
                                                    _____
13                                                  William A. Levin
                                                    Laurel L. Simes
14                                                  David M. Grimes
                                                    Samira J. Bokaie
15                                                  *Co-Lead Counsel for Plaintiffs*

16

17

18

19

20

21

22

23

24

25

26

27

28

LEVIN SIMES LLP
1700 Montgomery Street, Suite 250
San Francisco, California 94111
415.426.3000 phone • 415.426.3001 fax

2

1  Arati Furness (CA Bar No. 225435)
2  John Raggio (CA Bar No. 338261)
3  **NACHAWATI LAW GROUP**
4  5489 Blair Road
5  Dallas, Texas 75231
6  Telephone: (214) 890-0711
7  Fax Number: (214) 890-0712
8  Email: afurness@ntrial.com
9  Email: jraggio@ntrial.com

10 *Attorneys for Plaintiffs*

8

9

10               SUPERIOR COURT OF THE STATE OF CALIFORNIA

11        FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

12

13

14   | **Coordination Proceeding In re:** | JUDICIAL COUNCIL |

15   **Uber Rideshare Cases**            COORDINATION PROCEEDING NO.
                                          5188
16   This Document Relates to:           Case No. CJC-21-005188

17   *All cases*                         *(Assigned to Hon. Ethan P. Schulman,
                                          Dept. 304)*
18

19                                       **CERTIFICATION OF
                                          INVESTIGATIVE FACTS**
20

21        1.      I  contacted each employee, contractor, consultant or agent (including

22   expert witnesses) working with Nachawati Law Group, as well as any clients who,

23   to the best of my knowledge and based on a reasonable investigation, had access to

24   the compilation of sealed documents/exhibits (or a significant subset thereof)

25   submitted in connection with Plaintiffs' summary judgment opposition in the JCCP.

26   Each of the individuals confirmed to me they did not share or in any way provide

27

28

access, directly or indirectly, to any of the documents referenced in the Article to the New York Times or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.    I do not have any knowledge or information relating to the identify of any person, entity, or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the New York Times.

Dated: November 12, 2025.

Arati Furness

CERTIFICATION OF INVESTIGATIVE FACTS - CASE NO. CJC-21-005188

RACHEL B. ABRAMS (SBN 209316)
ADAM B. WOLF (SBN No. 215914)
**PEIFFER WOLF CARR KANE CONWAY &
WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Email: rabrams@peifferwolf.com

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| IN RE: UBER RIDESHARE CASES | Case No. CJC-21-005188 |
| | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| This Document Relates to: | *Hon. Ethan P. Schulman* |
| *All Cases.* | **CERTIFICATION OF INVESTIGATIVE FACTS** |

1. I contacted each employee, contractor, consultant or agent (including expert witnesses) working with PEIFFER WOLF, CARR, CONWAY & WISE, LLP, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with the Plaintiff's summary judgements opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.  I do not have any knowledge or information relating to the identity of any person, entity, or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the *New York Times.*

DATED: November 14, 2025                    _____

                                                         Rachel Abrams, Esq.

Uber Rideshare Cases

San Francisco County Superior Court, Case No. JCCP 5188

## PROOF OF SERVICE

I am employed in the County of Orleans. I am over the age of eighteen years and not a party to the within entitled action; my business address is 935 Gravier St., Suite 1600 New Orleans, LA 70112.

On the date below, I served a copy of the following document(s) described as:

## CERTIFICATION OF INVESTIGATIVE FACTS

on the interested party(ies) in this action as follows:

| | |
|---|---|
| | **BY MAIL:** By causing to be placed a true copy thereof enclosed in a sealed envelope(s) addresses as above or on the service list, and placing each for collection and mailing on that date following ordinary business practices. I am "readily familiar" with the business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the U.S. Postal Service in Sacramento, California, in a sealed envelope with postage fully prepaid |
| | **BY OVERNIGHT DELIVERY:** I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed as above or on the service list. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight delivery carrier. |
| | **BY FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax number(s) listed above or on the service list on the date above at approximately _____ a.m/p.m. The telephone number of the sending facsimile machine was _____. The sending facsimile machine issued a transmission reporting confirming that the transmission was complete and without error. A copy of that report is attached. |
| X | **BY E-MAIL OR ELECTRONIC TRANSMISSION:** Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the document(s) to be sent through File&ServeXpress to the person(s) on the service list maintained electronically on File&ServeXpress. |
| | **BY PERSONAL SERVICE:** I *caused* the above documents to be hand delivered to the party(ies) listed above or on the service list. |
| X | **STATE:** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. |
| | **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United State of America that the foregoing is true and correct. |

Executed on November 14, 2025, at New Orleans, Louisiana.

CERTIFICATION OF INVESTIGATIVE FACTS

3

*/s/ Sarah L. Kohles*
Sarah L. Kohles

Adam K. Pulaski (*Pro Hac Vice* Pending)
D. Douglas Grubbs (*Pro Hac Vice*)
**Pulaski Kherkher, PLLC**
2925 Richmond Ave., Suite 1725
Houston, TX 77098
Telephone: (713) 664-4555
Facsimile: (713) 664-7543
Email: adam@pulaskilawfirm.com
Email: dgrubbs@pulaskilawfirm.com

*Attorneys for Plaintiffs*

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| IN RE: UBER RIDESHARE CASES | **Case No. CJC-21-005188** |
| | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| This Document Relates to: | *Hon. Ethan P. Shulman* |
| *All Cases* | **CERTIFICATION OF INVESTIGATIVE FACTS** |

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with PULASKI KHERKHER, PLLC, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2a.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way--either directly or indirectly--in sharing confidential information with the New York Times.

DATED:  November 21, 2025

Douglas Grubbs, Esq.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DECLARATION OF EMILY GIFFORD, ESQ.**

I, Emily Gifford, Esq. do declare and state as follows:

      1.     I am an associate attorney at RAY & SEYB LLP representing Plaintiffs CHANTAL K. CARRICO and EVA GRIFFITH in the matter of *Carrico et al. v. Uber Technologies, Inc., et al.,* case number 25CU007625N (filed in San Diego Superior Court), which was approved to be coordinated into this JCCP proceeding (Case No. CJC-21-005188) by Judge Ethan P. Schulman on April 2, 2025. I have personal knowledge of the facts stated herein, and if called to testify, I could and would competently attest thereto.

      2.     I make this Declaration to Certify Our Investigation Facts.

      3.     I contacted each employee, contractor, consultant or agent (including expert witnesses) working with RAY & SEYB LLP, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another firm.

      4.     I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way – either directly or indirectly – in sharing confidential information with the *New York Times*.

I declare under penalty of perjury, that the foregoing is true and correct.

Executed this 6th day of November, 2025 at Irvine, California.

_____

Emily Gifford, Esq.

**DECLARATION AS TO CERTIFICATION OF INVESTIGATION FACTS**

Andrew T. Ryan, Esq. (SBN 227700)
Jason A. Kayne (SBN 321006)
THE RYAN LAW GROUP
317 Rosecrans Ave.
Manhattan Beach, CA 90266
Tel: (310) 321-4800
Fax: (310) 496-1435
andrew.ryan@theryanlawgroup.com
jason@theryanlawgroup.com

Attorneys for Plaintiff Jane LM Doe (Case No. 30-2023-01365298-CU-PO-CJC)

SUPERIOR COURT FOR THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| Coordination Proceeding Special Title (Rule 3.550) | Judicial Council Coordination Proceeding (JCCP) No. 5188 |
|---|---|
| **In re Uber Rideshare Cases** | Case No. CJC-21-005188 |
| This Document Relates to: | **CERTIFICATION OF INVESTIGATION OF FACTS** |
| *All Cases* | |

## <u>CERTIFICATION OF INVESTIGATION OF FACTS</u>

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with The Ryan Law Group, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED: November 6, 2025            THE RYAN LAW GROUP

_____
Jason A. Kayne
Attorneys for Plaintiff Jane LM Doe
Case No. 30-2023-01365298-CU-PO-CJC

CERTIFICATION OF INVESTIGATION OF FACTS

**Exhibit A**

**CERTIFICATION OF INVESTIGATION FACTS**

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with SIMON,GREENSTONE, PANATIER, PC as well as any client who, to best of my knowledge and based on a reasonable investigation had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2a.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way-either directly or indirectly-in sharing confidential information with the New York Times.

*Jennifer Montemayor*

---

ORDER

Case No. CJC-21-005188

**Exhibit A**

**<u>CERTIFICATION OF INVESTIGATION FACTS</u>**

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with SLATER SLATER SCHULMAN LLP , as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2a. ☑ I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.

[OR]

2b. ☐ The investigation described in paragraph 1 revealed information concerning the source of this unauthorized disclosure to the New York Times [and then describe the circumstances of the disclosure].

**Lauren A. Welling, Esq.**
*Attorney for Plaintiff*
Dated: November 24, 2025

1  John C. Taylor (SBN 78389)
2  Natalie L. Weatherford (SBN 278522)
   **TAYLOR & RING LLP**
3  1230 Rosecrans Avenue, Suite 360
   Manhattan Beach, CA 90266
4  Phone: (310) 742-8613
   Email: taylor@taylorring.com
5  Email: weatherford@taylorring.com
   *Attorneys for Plaintiffs*
6

7              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
8                        **COUNTY OF SAN FRANCISCO**
9

| | |
|---|---|
| 10  COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | **JUDICIAL COUNCIL COORDINATED PROCEEDING NO. 5188** |
| 11 | |
| 12  *In Re: Uber Rideshare Cases* | Case No. CJC-21-005188 |
| 13 | **TAYLOR & RING LLP'S CERTIFICATION OF INVESTIGATIVE FACTS** |
| 14  This Document Relates to: | |
| 15  ALL ACTIONS. | |
| 16 | |

17        I, John C. Taylor, declare and state as follows:

18     1.  I contacted each employee, contractor, consultant or agent (including expert witnesses

19         working with Taylor & Ring LLP, as well as any client who, to best of my knowledge and

20         based on a reasonable investigation, had access to the compilation of sealed

21         documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs'

22         summary judgment opposition in the JCCP. Each of the individuals confirmed to me they

23         did not share or in any way provide access, directly or indirectly, to any of the documents

24         referenced in the August 8, 2025 Article to the *New York Times* or its agents, either

25         directly or indirectly. I did not contact consultants, contractors, agents, or experts that I

26         knew were contacted by another law firm.

27     2.  I do not have any knowledge or information relating to the identity of any person, entity or

28         organization that was involved in any way-either directly or indirectly-in sharing

---
                                           1
Case No. CJC-21-005188                    TAYLOR & RING LLP'S CERTIFICATION OF INVESTIGATIVE FACTS

1    confidential information with the New York Times.

2          I declare under penalty of perjury under the laws of the State of California that the

3    foregoing is true and correct, except as to those matters stated on information and belief, and as to

4    those matters, I am informed and believe that they are true and correct. This Declaration was

5    executed on November 18, 2025, at Manhattan Beach, California.

6

7                                                    Respectfully submitted,

8                                                    **TAYLOR RING LLP**

9

10                                                   John C. Taylor
                                                     *Attorney for Plaintiffs*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Exhibit A**

**CERTIFICATION OF INVESTIGATION FACTS**

I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Trial Lawyers For justice, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits ( or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2a.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.

~~XXXX~~

~~XXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

~~XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX~~

~~XXXXXXXX~~

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed this 19th day of November, 2025.


John A. Kawai
Trial Lawyers for Justice

## <u>CERTIFICATION OF INVESTIGATION OF FACTS</u>

I, Kyle Valero, declare:

1.      I contacted each employee, contractor, consultant or agent (including expert witnesses) working with VALERO LAW GROUP, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs'' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, agents, or experts that I knew were contacted by another law firm.

2.      I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way- either directly or indirectly- in sharing confidential information with the New York Times.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.  Executed on this 17th day of November 2025 in Woodland Hills, California.

_____
Kyle H. Valero

1

**WAGSTAFF LAW FIRM**
Kathryn Forgie (SBN 110404)

2

Benjamin Gillig (SBN 327873)
Sommer D. Luther (CO Bar #35053)*

3

940 Lincoln Street
Denver, CO 80203

4

Tel: (303) 376-6360
Fax: (303) 376-6361

5

kforgie@wagstafflawfirm.com
bgillig@wagstafflawfirm.com

6

sluther@wagstafflawfirm.com

7

*Attorneys for Plaintiff*
*Appearing Pro Hac Vice*

8

9

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10

**FOR THE COUNTY OF SAN FRANSISCO**

11

12

| | |
|---|---|
| COORDINATION PROCEEDING SPECIAL TITLE (Rule 3.550) | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188 |
| | Case No.  CJC-21-005188 |
| IN RE: UBER RIDESHARE CASES | **WAGSTAFF LAW FIRM'S CERTIFICATION OF INVESTIGATION FACTS** |
| This document relates to: | |
| *Jane Doe L.J. v. Uber Technologies, Inc., et al. Case No. CGC-24-6144526* | |
| *Jane Doe T.F. v. Uber Technologies, Inc., et al. Case No. CGC-24-618790* | |
| *Jane Doe Y.S. v. Uber Technologies, Inc., et al. Case No. CGC-24-620606* | |
| *Jane Doe J.K. v. Uber Technologies, Inc., et al. Case No. CGC-25-621829* | |
| *Jane Doe JU.K. v. Uber Technologies, Inc., et al. Case No. CGC-25-623972* | |
| *Jane Doe V.T. v. Uber Technologies, Inc., et al. Case No. CGC-24-624759* | |
| *Jane Doe E.M. v. Uber Technologies, Inc., et al. Case No. CGC-25-625860* | |

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2

*Jane Doe G.T. v. Uber Technologies,*
*Inc., et al. Case No. CGC-25-626986*

3
4

Pursuant to the Court's October 22, 2025 Order Granting Uber's Motion to Enforce the

Protective Order, Wagstaff Law Firm hereby states as follows:

5
6
7
8
9
10
11
12
13

I contacted each employee, contractor, consultant or agent working with Wagstaff Law

Firm, as well as any client who, to best of my knowledge and based on a reasonable investigation,

had access to the compilation of sealed documents/exhibits (or a significant subset thereof)

submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the

individuals confirmed to me they did not share or in any way provide access, directly or indirectly,

to any of the documents referenced in the Article to the *New York Times* or its agents, either directly

or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted

by another law firm.

14
15
16
17

I do not have any knowledge or information relating to the identity of any person, entity or

organization that was involved in any way – either directly or indirectly – in sharing confidential

information with the New York Times.

18
19

Dated: November 24, 2025                         **WAGSTAFF LAW FIRM**

20
21
22

By: _____

Sommer D. Luther
*Attorney for Plaintiffs*

23
24
25
26
27
28

WAGSTAFF LAW FIRM'S CERTIFICATION OF INVESTIGATION FACTS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**
*IN RE: UBER RIDESHARE CASES*
San Francisco County Superior Court Case No. CJC-21-005188

  I, the undersigned, declare: I am a citizen of the United States, over 18 years of age and not a party to the within action; that my business mailing address is 940 N. Lincoln Street, Denver, CO 80203.

  On the date specified below, I served a copy of the foregoing document described as:

**WAGSTAFF LAW FIRM'S CERTIFICATION OF INVESTIGATION FACTS**

on the interested parties in this action in the following manner:

**[X]**  **BY NOTICE OF ELECTRONIC FILING:** I electronically filed the document(s) by submitting an electronic version of the document(s) to File & ServeXpress through the user interface at www.FileandServeXpress.com . Participants in the case who have consented will be served through the user interface at www.FileandServeXpress.com. Participants who have not consented will be served by mail or by other means permitted by the court rules

on the parties listed on the:

**SERVICE LIST MAINTAINED BY FILE AND SERVE XPRESS**

  I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

  Executed November 24, 2025 at Denver, Colorado.


          */s/Emma Guidry*
          Emma Guidry, Senior Paralegal

WAGSTAFF LAW FIRM'S CERTIFICATION OF INVESTIGATION FACTS

LAW OFFICES OF

**WALKUP, MELODIA, KELLY & SCHOENBERGER**
A PROFESSIONAL CORPORATION

650 CALIFORNIA STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94108-2615
T: (415) 981-7210 · F: (415) 391-6965

KHALDOUN A. BAGHDADI (State Bar #190111)
kbaghdadi@walkuplawoffice.com
SARA M. PETERS (State Bar #260610)
speters@walkuplawoffice.com
**ATTORNEYS FOR PLAINTIFFS**

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION

| | |
|---|---|
| Coordination Proceeding<br><br>*In re: Uber Rideshare Cases*<br><br>This Document Relates To:<br><br>*All Cases* | JUDICIAL COUNCIL COORDINATION PROCEEDING NO. 5188<br><br>Case No. CJC-21-005188<br><br>(*Assigned to Hon. Ethan P. Schulman, Dept. 304*)<br><br>**CERTIFICATION OF INVESTIGATIVE FACTS** |

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with WALKUP, MELODIA, KELLY & SCHOENBERGER, as well as any client who, to the best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

1     2.     I do not have any knowledge or information relating to the identify of

2  any person, entity, or organization that was involved in any way – either directly or

3  indirectly – in sharing confidential information with the *New York Times*.

5  Dated:  November 7, 2025       WALKUP, MELODIA, KELLY & SCHOENBERGER

7  By:

8        KHALDOUN A. BAGHDADI

9        SARA M. PETERS
          Attorneys for PLAINTIFFS

LAW OFFICES OF
WALKUP, MELODIA, KELLY
& SCHOENBERGER
A PROFESSIONAL CORPORATION
650 CALIFORNIA STREET
26TH FLOOR
SAN FRANCISCO, CA  94108
(415) 981-7210

2
CERTIFICATION OF INVESTIGATIVE FACTS - CASE NO. CJC-21-005188

John Eddie Williams, Jr. (*pro hac vice*)
John Boundas (*pro hac vice*)
Brian Abramson (*pro hac vice*)
Margret Lecocke (*pro hac vice*)
Walt Cubberly (SBN 325163)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, TX 77017
Tel: (713) 230-2200
Fax: (713) 643-6226
jwilliams@whlaw.com
jboundas@whlaw.com
babramson@whlaw.com
mlecocke@whlaw.com
wcubberly@whlaw.com

CO-LEAD COUNSEL FOR PLAINTIFFS

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF SAN FRANCISCO – UNLIMITED JURISDICTION**

| | |
|---|---|
| Coordination proceeding<br><br>*In Re: Uber Rideshare Cases*<br><br>This Document Relates to:<br><br>*All Cases* | JUDICIAL COUNCIL COORDINATION PROCEEDING CASE NO. 5188<br><br>CASE NO. CJC-21-005188<br><br>*Assigned to Hon. Ethan P. Schulman, Dept. 304*<br><br>**CERTIFICATION OF INVESTIGATION FACTS PURSUANT TO OCTOBER 22, 2025 ORDER GRANTING UBER'S MOTION TO ENFORCE THE PROTECTIVE ORDER** |

## CERTIFICATION OF INVESTIGATION FACTS

1.    I contacted each employee, contractor, consultant or agent (including expert witnesses) working with Williams Hart & Boundas, LLP, as well as any client who, to best of my knowledge and based on a reasonable investigation, had access to the compilation of sealed documents/exhibits (or a significant subset thereof) submitted in connection with Plaintiffs' summary judgment opposition in the JCCP. Each of the individuals confirmed to me they did not share or in any way provide access, directly or indirectly, to any of the documents referenced in the Article to the *New York Times* or its agents, either directly or indirectly. I did not contact consultants, contractors, agents, or experts that I knew were contacted by another law firm.

2.    I do not have any knowledge or information relating to the identity of any person, entity or organization that was involved in any way—either directly or indirectly—in sharing confidential information with the New York Times.

I certify under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on November 7, 2025, in Houston, Texas.


_____
Brian Abramson

- 1 -