Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-md-03084-CRB (CRB)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENA**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

Plaintiff contends that Andrew Hasbun is within the Court's subpoena power because he "splits his time between California and Arizona and resides in both states." Opp'n at 1. That contention is inaccurate. Mr. Hasbun moved from Arizona to California in 2023 and resides in San Francisco. The only in-person contacts he presently has with Arizona are "five short visits per year" to the state (generally lasting 3-5 days), during which he vacations, meets friends and checks on rental properties, if needed. Decl. of Andrew Hasbun ¶¶ 4, 6, 7 ("Hasbun Decl."), Dec. 29, 2025. This evidence conclusively establishes that Mr. Hasbun resides solely in California. *See Expansion Cap. Grp., LLC v. Patterson*, No. 18-04135 (RAL), 2020 WL 42786, at *2 (D. Del. Jan. 3, 2020) (quashing subpoena based on affidavit swearing that individual "has resided in Puerto Rico since at least January 2019"). Plaintiff highlights Mr. Hasbun's testimony that he recently dined with a friend at a restaurant "'down the street from our houses'" in Phoenix, Opp'n at 1 (citation omitted), but the fact that Mr. Hasbun still owns his prior home (which he rents to a tenant full-time, Hasbun Decl. ¶ 9), does not mean he resides there. *See Planet Fitness Int'l Franchise v. JEG-United, LLC*, 602 F. Supp. 3d 258 (D.N.H. 2022) ("statement in . . . deposition that [witness] has a 'residence' in Miami was different from stating that he was or is a resident of Miami," particularly in light of declaration swearing that the property serves as a "vacation property"). Mr. Hasbun's LinkedIn profile, which identifies San Francisco as his place of employment, *see* Opp'n at 1, further supports Uber's position. *See Regents of Univ. of Calif. v. Kohne*, 166 F.R.D. 463, (S.D. Cal. 1996) ("Magistrate would also have been permitted to infer from" document stating that individual was employed in Illinois that he "*resided* over 100 miles . . ."). And while Mr. Hasbun's Facebook account contains stale information stating that he "lives in Phoenix," Ex. B to Opp'n, the account, which has had no activity since 2019, is outdated and cannot trump his declaration. *See* Hasbun Decl. ¶ 9.

The only case Plaintiff cites addressing a subpoena under Rule 45 (*In re Kirkland*) undercuts her argument. Plaintiff asserts that *In re Kirkland* acknowledged the Advisory Committee's statement that a "'primary concern underlying" Rule 45's "'geographical limitations is unfairly burdening witnesses with travel[.]'" Opp'n at 2 (citing *In re Kirkland*, 75 F.4th 1030, 1044 (9th Cir. 2023)). But as the Ninth Circuit made clear, "it is the text of the rules that control, and the [n]otes cannot . . . change the meaning that the Rules would otherwise bear." *Kirkland*, 75 F.4th at 1043 (citation

omitted). Because "Rule 45 . . . plainly instructs that courts must 'quash or modify' subpoenas that exceed Rule 45(c)'s geographical limits," *id.* at 1044 (citation omitted), *Kirkland* only reinforces Uber's argument. Plaintiff also cites a case for the proposition that "[u]nlike domicile, residency does not require 'an intent to make a fixed and permanent home.'" Opp'n at 1 (citing *Vento v. Dir. Of Virgin Islands Bureau of Internal Revenue*, 715 F.3d 455, 466 (3d Cir. 2013)). But that case addressed whether certain taxpayers were "bona fide residents" of the Virgin Islands under the tax code. *See Vento*, 715 F.3d at 465. To the extent the decision has any relevance to Uber's motion, it reaffirms that "extensive absences will negate a finding of bona fide residency[.]" *Id.* at 467.

Finally, Mr. Hasbun's occasional visits to Arizona to visit friends and check on his rental properties do not amount to "'regularly transact[ing] business'" in that state. *See Jones v. Jasper Wyman & Son*, No. 1:20-cv-00383-JAW, 2022 WL 16820442, at *6 (D. Me. Nov. 8, 2022) (attending "eight meeting[s] per year" does not suffice). Rather, such in-person visits are too "infrequent" to "fit within the meaning of Rule 45[.]" *Perez v. Progenics Pharms., Inc.*, No. 10-CV-08278 LAP, 2015 WL 4111551, at *2 (S.D.N.Y. June 24, 2015).

## CONCLUSION

For all of these reasons, the motion to quash should be granted.

DATED: December 29, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue

New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

---

4

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO QUASH TRIAL SUBPOENA
Case No. 3:23-md-03084-CRB

**PROOF OF SERVICE**

I hereby certify that on December 29, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn