1 | Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

[*Additional Counsel Listed on Signature Page*]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF 4780]** |

**TO THE COURT, THE PARTIES, AND ALL COUNSEL OF RECORD:**

Pursuant to Civil Local Rules 7-11(b), 79-5(c) and (f), and to the Protective Order entered in this case dated December 28, 2023, ECF 176 (the "Protective Order"), Defendants Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC (collectively "Defendants" or "Uber"), respectfully submit this statement in support of "Bret Stanley's Administrative Motion to File Under Seal Portions of Supporting Materials in Response to Motion for Sanctions." ECF 4780 ("Stanley Sealing Motion"). The Stanley Sealing Motion relates to Mr. Stanley's Response (ECF 4783, "Sanctions Response," filed Dec. 22, 2025) to Defendants' Second Motion for Sanctions Against Bret Stanley (ECF 4604, "Motion for Sanctions," filed Dec. 8, 2025).

While the Stanley Sealing Motion is styled as an "Administrative Motion to File Under Seal," it is in substance[1] an Administrative Motion to Consider Whether Another Party's Materials Should be Filed Under Seal pursuant to Civil Local Rule 79-5(f). Defendants submit this statement in support of sealing pursuant to Civil Local Rule 79-5(f)(3)[2] and respectfully ask the Court to maintain under seal a subset of the information at issue in the Stanley Sealing Motion because there is good cause to seal and the proposed sealing is the least restrictive means of protecting Defendants' legitimate interest in maintaining the confidentiality of Uber's proprietary information.[3]

**I.      BACKGROUND AND REQUESTED SEALING**

The documents at issue in this Motion to Seal are: (1) Mr. Stanley's Sanctions Response; (2) Mr. Stanley's Declaration in Support of the Sanctions Response ("Stanley Declaration"); and (3) six exhibits to the Stanley Declaration, specifically:

---

[1] Mr. Stanley seeks to seal information extracted from documents Defendants have designated as confidential and/or information that Defendants sought to file under seal in connection with the Motion for Sanctions. *See* ECF 4603 (Defendants' Administrative Motion to Seal Portions of Motion for Sanctions Against Bret Stanley and Portions of Supporting Materials).

[2] Mr. Stanley did not serve Defendants all the provisionally sealed materials until December 29, 2025. Defendants maintain that, where a designating party is not served with provisionally sealed materials, the 7 day deadline in Civil Local Rule 79-5(f)(3) for a response by the designating party does not begin to run until the date the designating party has been served with all materials filed provisionally under seal. Nevertheless, in the interest of judicial efficiency, Defendants file this Statement 7 days after the date the Stanley Sealing Motion was filed, December 22, 2025.

[3] As explained *infra*, Defendants do not support all of Mr. Stanley's proposed redactions.

| Document | Description | Defendants' Request[4][5] |
|---|---|---|
| **The Sanctions Response** (ECF 4780-3; redacted version filed at ECF 4783; proposed redactions at Ex. A to Cummings Decl.) | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as personally identifiable information ("PII"). | Seal in part (portions of pages 1, 4-7, 9-11, and 14) |
| **The Stanley Declaration** (ECF 4780-4; redacted version filed at ECF 4783-1; proposed redactions at Ex. B to Cummings Decl.) | Confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as PII. | Seal in part (portions of ¶¶1, 5-10, 14-17, 19-20, 23, 26, 28, 31, 37-39, 41-42, 44-45, and FN 1) |
| **Exhibit 1 to the Stanley Declaration** (ECF 4780-5; redacted version filed at ECF 4783-2; proposed redactions at Ex. C to Cummings Decl.) | The *Smith* plaintiff's requests for production ("RFP") referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as PII. | Seal in part (portions of RFPs 65 and 70, as well as the bolded title above RFP 70) |

---

[4] In the Stanley Sealing Motion, Mr. Stanley redacted most confidential information and, in some instances, redacted information that is not subject to sealing, such as Bates numbers for documents or the term "UUID" itself. In several instances, Mr. Stanley, in an apparent oversight, failed to redact information that should have been redacted related to the confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber, consistent with his other redactions. Defendants had to identify these omitted redactions through painstaking review of all the documents and exhibits at issue. Defendants seek to both narrow Mr. Stanley's proposed redactions and seek limited additional redactions consistent with the other redactions and the arguments herein. Should the Court grant Defendants' request, it should order Mr. Stanley to refile his Sanctions Response with the revised redactions attached hereto. Exhibit 1, Declaration of Daniel Cummings In Support of Defendants' Statement In Support of Bret Stanley's Motion to File Under Seal [ECF No. 4780] ("Cummings 12/29/25 Decl."), ¶15.

[5] Defendants have highlighted all of their proposed redactions in green. Any yellow highlights were either in Mr. Stanley's proposed redactions or in the original copy of the respective document.

| Document | Description | Defendants' Request[4][5] |
|---|---|---|
| **Exhibit 2 to the Stanley Declaration** (ECF 4780-6; redacted version filed at ECF 4783-3; proposed redactions at Ex. D to Cummings Decl.) | Uber's objections to RFPs in the *Smith* case that reference confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business as well as PII. | Seal in part (portions of objections to RFPs 70 and 72) |
| **Exhibit 3 to the Stanley Declaration** (ECF 4780-7; redacted version filed at ECF 4783-4; proposed redactions at Ex. E to Cummings Decl.) | 11/5/25 hearing transcript from the *Smith* case referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business. | Seal in part (portions of transcript at 70:15-20; portions of transcript at 70:24; transcript at 71:5-9; and portions of transcript at 71:11) |
| **Exhibit 4 to the Stanley Declaration** (ECF 4780-8; redacted version filed at ECF 4783-5; proposed redactions at Ex. F to Cummings Decl.) | Judge's notes from the *Smith* case referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business. | Seal in part (portion of page 3 of Judge's notes referencing RFP 70) |
| **Exhibit 5 to the Stanley Declaration** (ECF 4780-9; redacted version filed at ECF 4783-6; proposed redactions at Ex. G to Cummings Decl.) | Email correspondence referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business. | Seal in part (portions of: (1) Stanley 11/24 email; (2) Stanley 11/18 email; (3) Angotti 11/18 email; and (4) Stanley 11/13 email) |

| Document | Description | Defendants' Request[4] [5] |
|---|---|---|
| **Exhibit 6 to the Stanley Declaration** (ECF 4780-10; redacted version filed at ECF 4780-7; proposed redactions at Ex. H to Cummings Decl.) | Email correspondence referencing confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber in its Uber Eats (non-Rides) business. | Seal in part (portions of: (1) Gromada 10/28 email (10:39 pm); (2) Stanley 10/28 email; (3) Gromada 10/28 email (7:08 pm); and (4) Gromanda 10/21 email) |

II.     **LEGAL STANDARD**

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. For Auto Safety v. Chrysler Group, LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Federal Rule of Civil Procedure 26(c) states that good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to a motion for sanctions, and therefore do not pertain to the merits of the underlying litigation in any fashion; and the documents are not related to a dispositive motion. Therefore, the good cause standard applies. *TVIIM, LLC v. McAfee, Inc.*, 2015 WL 5116721, at *1 (N.D. Cal. Aug. 28, 2015) (finding good cause standard applies to motion for attorney fees); *M.A. Mobile Ltd. v. Indian Inst. of Tech. Kharagpur*, 2019 WL 6525752, at *6 (N.D. Cal. Dec. 4, 2019) (same); *In re Anthem, Inc. Data Breach Litig.*, 2018 WL 3067783, at *2 (N.D. Cal. Mar. 16, 2018) (same); *TB Holding Co. LLC v. J&S Siding*, 2024 WL 4924738, at *1 (D. Idaho June 21, 2024) (same). District Courts have discretion to balance the interests of private parties and public disclosure when deciding to seal documents. *Kamakana*, 447 F.3d at 1180.

Good cause to seal exists where the relevant documents contain confidential business information because competitive harm results–and sealing is warranted–where public disclosure

would provide competitors insight into a party's "internal systems and operations, including details related to internal projects and their proprietary functionalities." *Calhoun v. Google LLC*, 2022 WL 1122843, at *2 (N.D. Cal. Apr. 14, 2022); *see also, e.g.*, *Blockchain Innovation, LLC v. Franklin Resources, Inc.*, 2024 WL 4394758, at *3 (N.D. Cal. Oct. 3, 2024) (sealing documents containing confidential information on "internal business strategy and corporate decisionmaking"); *Jones v. PGA Tour, Inc.*, 2023 WL 7440303, at *2 (N.D. Cal. Nov. 8, 2023) (sealing document containing confidential information on, among other things, "strategic launch plans; financials; internal decision-making processes"); *Skillz Platform Inc. v. AviaGames Inc.*, 2023 WL 6135556, at *2 (N.D. Cal. Sept. 18, 2023) (sealing confidential information such as "internal business plans and propriet[ar]y information about a [party's] products"); *E. W. Bank v. Shanker*, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (courts will seal information that would allow competitors to "replicate [a party's] development of [technology] without expending the resources [the party] invested."); *CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal report about the efficacy of the company's products" because it "is a 'compilation of information which is used in [the company's] business' and gives the company 'an opportunity to obtain an advantage over competitors who do not know or use it,'"); *Williams v. Apple, Inc.*, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (granting motion to seal "exhibits that comprise internal Apple documents on iCloud's development and technical metrics"); *Exeltis USA Inc. v. First Databank, Inc.*, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting motion to seal when "public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products"); *Finjan, Inc. v. Proofpoint, Inc.*, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products."); *Kowalsky v. Hewlett-Packard Co.*, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Ashcraft v. Welk Resort Grp., Corp.*, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer" Experian's systems).

1    Likewise, sealing is justified based on the risk that disclosure could allow third parties to circumvent a proprietary technology's effectiveness or security measures. *See, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use … to develop methods to circumvent Experian's protections"); *Campbell v. Facebook, Inc.*, 2015 WL 12965295, at *2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Fakebook's end users); *cf. T1 Payments LLC v. New U Life Corp.*, 2022 WL 1472665, at *8 (D. Nev. May 9, 2022) (in the context of a motion to retain a confidentiality designation, finding particularized harm was established where the defendant's "ability to monitor its distributors would be harmed if the distributors learned the monitoring procedures" utilized by the defendant).

Courts also routinely find good cause to seal documents that contain personally identifiable information, especially where, as here, the information pertains to a non-party to the case and is not relevant to the disposition of the pending, non-dispositive motion. *See, e.g.*, *Snapkeys, Ltd. v. Google LLC*, 2021 WL 1951250, at *3 (N.D. Cal. May 14, 2021) ("This Court has found compelling reasons to seal personally identifiable information.") (collecting cases); *Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action.").

### III.     DEFENDANTS' MATERIAL SHOULD BE KEPT UNDER SEAL

The relevant documents should be sealed under the good cause standard. Defendants have a legitimate business interest in sealing portions of these documents, as they feature confidential, non-public information regarding Uber's proprietary method for detecting fraud and preventing unauthorized conduct on its platform. Public disclosure would harm Uber's competitive standing and undermine an important safety and compliance feature developed by Uber. The sealing Defendants request—limited redactions to a response to a discovery motion and its supporting documents—is the least restrictive means of protecting these interests.

7
DEFENDANTS' STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF 4780]
Case No. 3:23-MD-3084-CRB

### A. Good Cause Exists to Seal the Documents.

#### 1. Sealing Is Necessary to Allow Defendants to Protect Their Rights Under The Protective Order and to Afford Mr. Stanley an Adequate Opportunity to Respond to the Motion for Sanctions.

As a threshold matter, the Court should grant the Stanley Sealing Motion because, to establish that Mr. Stanley once again violated the Protective Order, Defendants in their Motion for Sanctions necessarily had to discuss and describe the confidential information that Mr. Stanley is improperly using in another litigation. In turn, Mr. Stanley, who of course has a right to respond to the Motion for Sanctions, had to discuss the same or similar information in his Sanctions Response. Parties should not face a "catch-22" where they are forced to disclose details of the very confidential information a protective order is meant to shield in order to enforce the Protective Order in court and seek remedies generally mandated under Fed. R. Civ. P. 37(b)(2)(C).

"Protective orders safeguard the interests of litigants who have no choice but to turn over sensitive information to the other party." *Ground Zero Ctr. for Non-Violent Action v. United States Dep't of Navy*, 860 F.3d 1244, 1259 (9th Cir. 2017). But to serve as a meaningful safeguard, parties must be able to enforce a protective order; a legal right that is not "enforceable" is a "nullity." *Cf. Facebook, Inc. v. Pac. Nw. Software, Inc.*, 640 F.3d 1034, 1037 (9th Cir. 2011) (discussing contract enforceability). To establish that another party has violated a protective order and entitlement to attorneys' fees or other sanctions, it is often necessary—as it is here—to disclose the confidential information at issue in the motion to enforce or motion for sanctions and supporting exhibits to those motions. When a party does so, the opposing party will ordinarily describe and include the same confidential information in opposition/response.

Denying a motion to seal in such circumstances would discourage litigants from seeking to enforce their rights under protective orders, thereby undermining the efficacy of protective orders and fueling unnecessary discovery fights when parties believe they cannot rely on a protective order. Because disclosure of Defendants' confidential information is necessary to establish the Protective Order violation addressed in the Motion for Sanctions, and because Mr. Stanley includes the same or

substantially similar information in his Sanctions Response, the Court should grant the Stanley Sealing Motion. *See* ECF 4603-1 (Declaration of Daniel Cummings in Support of Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions Against Bret Stanley and Portions of Supporting Materials), ¶4 (hereinafter "Cummings 12/8/25 Decl.").[6] This fact weighs very heavily in favor of sealing confidential business information that in this context has no bearing or relevance whatsoever to the underlying litigation that the general public might otherwise even plausibly have an interest in under the controlling legal standard.

### 2. Public Disclosure Risks Competitive Harm to Defendants and Risks Jeopardizing a Key Tool for Safety and Compliance Monitoring.

Defendants respectfully request that the Court maintain under partial seal portions of the documents at issue containing information about a proprietary and confidential safety and compliance audit procedure developed and used by Uber ("VFB Analysis"). *See* Brown Decl., Exhibit B to Motion for Sanctions (ECF 4603-6), ¶4. Public disclosure of information pertaining to the VFB Analysis could harm Defendants' competitive standing. *See id.* ¶5 (The "details of the VFB Analysis are unknown to Uber's competitors and application users, and the disclosure of this information would result in a competitive disadvantage to Uber …."); Cummings 12/8/25 Decl., ¶5. Indeed, even within Uber, access to the VFB Analysis "was restricted … by role and responsibility, and is not broadly shared." Brown Decl., Exhibit B to Motion for Sanctions (ECF 4603-6), ¶5. This Court has sealed analogous information regarding the inner workings of online platforms that, if publicly disclosed, could be copied, "caus[ing] competitive harm to" the party that created the proprietary information. *See, e.g.*, *In re Google Inc. Gmail Litig.*, 2013 WL 5366963, at *3 (N.D. Cal. Sept. 25, 2013) (granting motion

---

[6] The Cummings Decl. was filed on December 8, 2025 in connection with Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions against Bret Stanley and Portions of Supporting Materials. ECF 4603. Because most of the information Defendants' seek to seal in the Stanley Sanctions Opposition is identical or substantially similar to the information Defendants sought to seal in their Motion for Sanctions, Defendants rely on the Cummings Decl. for purposes of the instant Statement in Support of the Stanley Sealing Motion as well. However, Defendants have also filed a Supplemental Declaration of Daniel Cummings (Exhibit A) to address the confidentiality of a non-party Uber Earner's UUID, as that was not at issue in the Motion to Seal Defendants' Motion for Sanctions.

to seal information about nonpublic features of Gmail); *Mobileum Inc. v. Sarl*, 2023 WL 8481802, at *2 (N.D. Cal. Dec. 7, 2023) (sealing portions of document addressing "operation of [plaintiff's] proprietary software platform" because the public information "could be used by competitors to undercut the litigant"); *see also Calhoun*, 2022 WL 1122843, at *2; *Blockchain Innovation, LLC*, 2024 WL 4394758, at *3; *Jones*, 2023 WL 7440303, at *2; *Skillz Platform Inc.*, 2023 WL 6135556, at *2; *E. W. Bank*, 2021 WL 3112452, at *17; *CertainTeed Gypsum, Inc.*, 2021 WL 6621061, at *2; *Williams*, 2021 WL 2476916, at *4; *Exeltis USA Inc.*, 2020 WL 2838812, at *2; *Finjan, Inc.*, 2016 WL 7911651, at *4; *Kowalsky*, 2012 WL 892427, at *4; ECF 2858 (granting motion to seal (ECF 2846) information about Uber's Safety Risk Assessed Dispatch system under compelling reasons standard).

Not only would disclosure pose a risk of competitive harm to Defendants, but public disclosure of the information may allow Uber Eats platform users to take steps to undermine or circumvent the effectiveness of an important public safety and compliance program. *See* Brown Decl., Exhibit B to Motion for Sanctions (ECF 4603-6), ¶5; Cummings 12/8/25 Decl., ¶5. Courts frequently grant motions to seal in related contexts, and Defendants respectfully request that the Court do the same here. *See, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use … to develop methods to circumvent Experian's protections"); *Campbell*, 2015 WL 12965295, at *2 (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Fakebook's end users); *cf. T1 Payments LLC*, 2022 WL 1472665, at *8 (in the context of a motion to retain a confidentiality designation, finding particularized harm was established where the defendant's "ability to monitor its distributors would be harmed if the distributors learned the monitoring procedures" utilized by the defendant).

Balanced against these reasons to maintain the redacted information under seal is the complete absence of any public interest in the disclosure of the confidential, proprietary methods used by Uber to monitor safety and compliance. This information adds nothing to the public's understanding of the merits of this litigation, or even the Motion for Sanctions or Sanctions Reply. *See* Cummings 12/8/25 Decl., ¶ 6. Defendants therefore respectfully ask the Court to maintain this information under seal.

### 3. Public Disclosure Would Reveal the Personally Identifiable Information of a Non-Party to this Case.

The Court should also seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration that specify the Universally Unique Identifier ("UUID") number of a non-party to this MDL, who is identified by name in the sanctions related filings.[7] A UUID is a personal identifier for each individual Earner on the Uber platform and is used in a variety of contexts to identify Earners. *See* Exhibit 1, Declaration of Daniel Cummings In Support of Defendants' Statement In Support of Bret Stanley's Motion to File Under Seal [ECF No. 4780] ("Cummings 12/29/25 Decl."), ¶4. UUIDs are treated as personally identifiable information ("PII"), and courts routinely grant motions to seal documents containing PII. *See, e.g.*, *UnifySCC v. Cody*, 2024 WL 4752092, at *2 (N.D. Cal. Oct. 24, 2024) (finding compelling reasons to seal employee identification numbers); *Regents of Univ. of California v. LTI Flexible Prod., Inc.*, 2021 WL 4133869, at *11 (N.D. Cal. Sept. 10, 2021) (finding compelling reasons to seal employee identification numbers); *Snapkeys, Ltd.*, 2021 WL 1951250, at *3 ("This Court has found compelling reasons to seal personally identifiable information.") (collecting cases); *Am. Automobile Ass'n of N. Cal., Nev., & Utah*, 2019 WL 1206748, at *2 (N.D. Cal. Mar. 14, 2019) (finding compelling reasons to seal PII); Cummings 12/29/25 Decl., ¶¶ 4-5; *cf.* ECF 2647 (recognizing the potential privacy concerns associated with a UUID). Moreover, here, the "personally identifying information is not material to the merits of the" Motion for Sanctions, which further supports sealing. *UnifySCC*, 2024 WL 4752092, at *2; *see also Stiner*, 2022 WL 1180216, at *2 ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action."); Cummings 12/29/25 Decl., ¶6. Therefore, Defendants respectfully request that the Court seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration disclosing the UUID of a non-party to this MDL.

### B. The Proposed Sealing Is the Least Restrictive Means of Protecting Defendants' Legitimate Interest in Maintaining Confidentiality.

---

[7] To be clear, Defendants do not contend that the term "UUID" should be sealed.

Defendants' proposed sealing is "narrowly tailored" to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. Civ. L.R. 79-5(c)(3). The proposed redactions are focused exclusively on information pertaining to Defendants' proprietary, confidential, and non-public safety and compliance audit procedure and PII. Indeed, Defendants seek to redact less information than Mr. Stanley does in the Stanley Sealing Motion. Actions short of sealing the proposed limited portions of these documents would be insufficient to protect Defendants' legitimate expectations of confidentiality. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

### IV.   CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court order that the portions of the documents listed above be maintained under seal.

DATED: December 29, 2025

Respectfully submitted,

By: */s/ Daniel Cummings*
    DANIEL CUMMINGS

MICHAEL B. SHORTNACY (SBN: 277035)
    mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Ste. 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

PATRICK OOT (Admitted *Pro Hac Vice*)
    oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

DANIEL CUMMINGS (Admitted *Pro Hac Vice*)
    decummings@shb.com
**SHOOK, HARDY & BACON L.L.P.**

2555 Grand Blvd.
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

13

DEFENDANTS' STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF 4780]

Case No. 3:23-MD-3084-CRB