# EXHIBIT 1

| | |
|---|---|
| 1 | Laura Vartain Horn (SBN 258485) |
| 2 | **KIRKLAND & ELLIS LLP**<br>555 California Street, Suite 2700 |
| 3 | San Francisco, CA 94104<br>Telephone: (415) 439-1625 |
| 4 | laura.vartain@kirkland.com |
| 5 | Allison M. Brown (Admitted *Pro Hac Vice*) |
| 6 | **KIRKLAND & ELLIS LLP**<br>2005 Market Street, Suite 1000 |
| 7 | Philadelphia, PA 19103<br>Telephone: (215) 268-5000 |
| 8 | alli.brown@kirkland.com |
| 9 | Jessica Davidson (Admitted *Pro Hac Vice*) |
| 10 | **KIRKLAND & ELLIS LLP**<br>601 Lexington Avenue |
| 11 | New York, NY 10022<br>Telephone: (212) 446-4800 |
| 12 | jessica.davidson@kirkland.com |
| 13 | *Attorneys for Defendants* |
| 14 | UBER TECHNOLOGIES, INC., RASIER, LLC,<br>And RASIER-CA, LLC |
| 15 | |
| 16 | [*Additional Counsel Listed on Signature Page*] |

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF NO. 4780]**<br><br>Judge:     Hon. Lisa J. Cisneros<br>Courtroom:  G-15th Floor |
| This Document Relates to:<br><br>ALL ACTIONS | |

I, Daniel Cummings, having personal knowledge of the following, state:

1. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., attorneys of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber"). I am a member in good standing of the Bars of the States of Missouri, Kansas, and Nebraska. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief, and if called to testify, I could competently do so. I offer this Declaration in the above-captioned matter in support of Defendants' Statement in Support of Bret Stanley's Administrative Motion to File Under Seal [ECF 4780] ("Stanley Sealing Motion" and "Defendants' Sealing Statement").

2. I have reviewed the Stanley Sealing Motion, Mr. Stanley's Response to Defendants' Second Motion for Sanctions Against Bret Stanley (ECF 4783, "Sanctions Response," filed Dec. 22, 2025), the Stanley Declaration in Support of his Sanctions Response ("Stanley Declaration"), and the exhibits to the Stanley Declaration. ECF 4780.

3. I hereby incorporate by reference my prior Declaration filed with the Defendants' Administrative Motion to File Under Seal Portions of Motion for Sanctions Against Bret Stanley. ECF 4603-1 ("Cummings' 12/8/25 Decl."). For the reasons set forth in the Cummings' 12/8/25 Decl., Defendants ask to seal, only in part, any references to confidential, non-public safety and compliance audit procedures developed and utilized by Uber.

4. The Court should also seal the portions of the Sanctions Response, Stanley Declaration, and Exhibits 1 and 2 to the Stanley Declaration that specify the Universally Unique Identifier ("UUID") number of a non-party to this MDL. On information and belief, a UUID is a personal identifier for each individual Earner on the Uber platform and is used in a variety of contexts to identify Earners. On information and belief, UUIDs are treated as personally identifiable information ("PII"), and courts routinely grant motions to seal documents containing PII.

5. On information and belief, disclosure of the UUIDs would harm the privacy interests of Earners.

6. Balanced against these reasons to maintain the redacted information under seal is the

1

DECLARATION OF DANIEL CUMMINGS IN SUPPORT OF DEFENDANTS' STATEMENT IN SUPPORT OF BRET STANLEY'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL [ECF NO. 4780]
Case No. 3:23-MD-03084-CRB

complete absence of any public interest in the disclosure of the personally identifiable information of the Earner whose UUID and name are included in Mr. Stanley's filings. This information adds nothing to the public's understanding of the merits of this litigation, or even the Motion for Sanctions.

7. Attached as Exhibit A to this Declaration is a true and correct copy of the Sanctions Response with Defendants' proposed redactions.

8. Attached as Exhibit B to this Declaration is a true and correct copy of the Stanley Declaration with Defendants' proposed redactions.

9. Attached as Exhibit C to this Declaration is a true and correct copy of Exhibit 1 to the Stanley Declaration with Defendants' proposed redactions.

10. Attached as Exhibit D to this Declaration is a true and correct copy of Exhibit 2 to the Stanley Declaration with Defendants' proposed redactions.

11. Attached as Exhibit E to this Declaration is a true and correct copy of Exhibit 3 to the Stanley Declaration with Defendants' proposed redactions.

12. Attached as Exhibit F to this Declaration is a true and correct copy of Exhibit 4 to the Stanley Declaration with Defendants' proposed redactions.

13. Attached as Exhibit G to this Declaration is a true and correct copy of Exhibit 5 to the Stanley Declaration with Defendants' proposed redactions.

14. Attached as Exhibit H to this Declaration is a true and correct copy of Exhibit 6 to the Stanley Declaration with Defendants' proposed redactions.

15. Defendants' proposed redactions both narrow the redactions proposed by Mr. Stanley and propose additional redactions.  In the Stanley Sealing Motion, Mr. Stanley redacted most confidential information and, in some instances, redacted information that is not subject to sealing, such as Bates numbers for documents or the term "UUID" itself.  In several instances, Mr. Stanley, in an apparent oversight, failed to redact information that should have been redacted related to the confidential, non-public information regarding safety and compliance audit procedures developed and utilized by Uber, consistent with his other redactions.  Defendants had to identify these omitted

2

redactions through painstaking review of all the documents and exhibits at issue. Defendants seek to both narrow Mr. Stanley's proposed redactions and seek limited additional redactions consistent with the other redactions and the arguments in Defendants' Sealing Statement.

16. There are no less restrictive alternatives to sealing the documents—Defendants' proposed sealing is narrowly tailored to cover only information for which Defendants have a legitimate interest in maintaining confidentiality rather than seeking to seal the materials in their entirety. The proposed limited redactions are focused exclusively on information pertaining to Defendants' proprietary, confidential, and non-public safety and compliance audit procedures as well as the Earner's PII. Actions short of sealing portions of these documents would be insufficient to protect Defendants' legitimate expectations of confidentiality. Accordingly, there is good cause to grant the sealing Defendants request, and there are no less restrictive means of protecting Defendants' legitimate interest in maintaining confidentiality.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 29, 2025.        By:   */s/ Daniel Cummings*
                                             Daniel Cummings