# EXHIBIT A

LAURA VARTAIN HORN (SBN: 258485)
    laura.vartain@kirkland.com
**KIRKLAND & ELLIS LLP**
555 California Street, 30th Floor
San Francisco, CA 94104
Telephone: (415) 439-1625

ALLISON M. BROWN (admitted *Pro Hac Vice*)
    allison.brown@kirkland.com
JESSICA DAVIDSON (admitted *Pro Hac Vice*)
    jessica.davidson@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4723

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC
*[Additional Counsel Listed on Following Pages]*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF VERONICA HAYES GROMADA SUPPORTING DEFENDANTS' REPLY SUPPORTING MOTION FOR SANCTIONS AGAINST BRET STANLEY**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G-15th Floor |

I, Veronica Hayes Gromada, declare:

1. I am a partner at the law firm of Shook, Hardy & Bacon, L.L.P. I am a member in good standing of the Bars of the State of Texas and of the District of Columbia and am admitted to practice *pro hac vice* before this Court. I know the following facts to be true of my own knowledge, except those matters stated to be based on information and belief. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Defendants' Reply Supporting Motion for Sanctions Against Bret Stanley. I have also reviewed Bret Stanley's Response to Uber Technologies, Inc., Rasier, LLC, Rasier-CA, LLC's Motion to [sic] for Sanctions, including his declaration and exhibits in support.

<u>Mr. Stanley Challenged Defendants' Confidential Designation Of The VFB Analysis Without Disclosing That He Intended To Use The Document in *Smith*</u>

2. As set forth in my prior Declaration, on October 16, 2025, Mr. Stanley (acting his capacity as Plaintiffs' counsel in the MDL) challenged, pursuant to the MDL Protective Order, Defendants' designation of the VFB Analysis as Confidential in this MDL. *See* ECF 4603-4, Gromada Dec., ¶10. In response to the challenge, the undersigned met and conferred with Mr. Stanley, and explained to Mr. Stanley why the VFB Analysis was properly designated as Confidential. Defendants also sought to understand from Mr. Stanley the basis for Mr. Stanley's challenge. *Id*. Mr. Stanley refused to explain his position beyond generally asserting the VFB Analysis did not fall into the categories of confidential information set forth in the MDL Protective Order.

3. Mr. Stanley never told Defendants' MDL counsel that he was challenging the VFB Analysis' designation *because he had already searched the MDL repository* for documents to use in *Smith* and intended to use this document in *Smith*. *See* ECF 4603-4, Gromada Dec., ¶8. On November 12, 2025, Mr. Stanley withdrew his confidentiality challenge to the document in question, with prejudice. ECF 4366.

4. After Mr. Stanley withdrew his challenge to the VFB Analysis, I learned that Mr. Stanley was using the VFB Analysis to support assertions in emails with *Smith* counsel related to a

1
DECLARATION OF VERONICA HAYES GROMADA SUPPORTING DEFENDANTS' REPLY SUPPORTING MOTION FOR SANCTIONS AGAINST BRET STANLEY
Case No. 3:23-MD-03084-CRB

dispute about whether the *Smith* Defendants identified documents responsive to the plaintiff's RFP 70 seeking specific VFB information in *Smith v. Uber Technologies, Inc.*, et al., 2022-CI-11011 (Bexar County, Texas). ECF 4603-5, Ex. 1 to Gromada Dec. Based on those communications, it became apparent that Mr. Stanley had searched the MDL repository for the *Smith* Earner's UUID.

<u>Defendants Never Disputed Mr. Stanley's Ability To</u>

<u>Use His General Knowledge Of VFB Information In *Smith*</u>

5.     Defendants sought to confer with Mr. Stanley regarding the instant Motion for Sanctions. At the December 8, 2025 conferral, I explained to Mr. Stanley that Defendants, in connection with the *Smith* case, had searched their records for responsive documents for the *Smith* Earner during the entire time he was on the Uber Eats app and there were no VFB documents responsive to RFP 70 for the *Smith* Earner. ECF 4603-6, Brown Dec., ¶6.

6.     Mr. Stanley advised that he expected there to be responsive documents based on his experience in other cases. I assured Mr. Stanley that, while that may be true in some of his other cases, it was wrong to assume that the exact same information exists in each case regardless of the date, location, or other case specific factors. At no time did Defendants' MDL counsel take issue with Mr. Stanley's use of his general knowledge related to VFB information. Defendants do not dispute that Mr. Stanley can inquire about Defendants' *Smith* discovery responses in numerous ways within the rules including through additional written discovery and corporate representative questioning.

<u>Mr. Stanley Has Not Provided Any Information Related</u>

<u>To His Potential Motion To Modify The MDL Protective Order</u>

7.     In his Response, Mr. Stanley states that he "and other members of the PSC are actively working on Modification to the Protective Order …." ECF 4780-3 (Response) at 13:24-25. On December 17, 2025, Mr. Stanley emailed me to request a meet and confer concerning such a modification. In his email, Mr. Stanley advised: "I am working on the Motion to Modify the Protective Order and an addition to the current Protective Order to add a section concerning Collateral Litigations. Prior to our conferral, I will send these documents to your team to review."

8. I responded the same day, and the parties agreed to meet and confer on Monday, December 22nd at 11:30AM CT. On Sunday December 21, Mr. Stanley cancelled the scheduled conferral.  As of the date this Reply was filed, Defendants had not heard anything further regarding Mr. Stanley's potential motion to modify the Protective Order, and Mr. Stanley has not shared with Defendants any documents or other information about his supposed motion as he said he would on December 17. Thus, Defendants have no information regarding: (a) what type of Protective Order modification Mr. Stanley may seek; (b) for which case or cases Mr. Stanley may seek to use MDL discovery; (c) what specific MDL discovery Mr. Stanley may seek to use in such case or cases; (d) whether Mr. Stanley may seek to modify the Protective Order to allow him to search the entire MDL repository for another case or cases as occurred with *Smith*; or (e) any other details related to this issue.  To date, despite being copied on Mr. Stanley's conferral emails, no member of the PSC aside from Mr. Stanley has engaged in any communications with Defendants' counsel regarding a modification to the Protective Order.

9. In addition, no member of the PSC has engaged Defendants' counsel in any communications and/or taken a position on Defendants' request that: (1) Mr. Stanley be removed from the PSC; and (2) Mr. Stanley's access to the MDL repository be revoked.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of December, 2025 in Houston, Texas.

*/s/ Veronica Hayes Gromada*
Veronica Hayes Gromada