John Eddie Williams, Jr. (pro hac vice)
Brian Abramson (pro hac vice)
Margret Lecocke (pro hac vice)
Walt Cubberly (SBN 325163)
Batami Baskin (pro hac vice)
Myles Shaw (pro hac vice)
Joseph C. Melugin (SBN 279439)
**WILLIAMS HART & BOUNDAS, LLP**
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com
Email: jmelugin@whlaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | **MDL NO. 3084 CRB**<br><br>**(Individual Case No. 3:24-cv-05061-CRB)** |
| This Document Relates to:<br><br>*JANE DOE WHB 3 v. UBER TECHNOLOGIES, INC.,* (Individual Case No. 3:24-cv-05061-CRB) | **PLAINTIFF JANE DOE WHB 3'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS [Dkt. #4680]**<br><br>Judge: Honorable Charles R. Breyer<br><br>Date: February 13, 2026<br>Time: 10:00 AM<br>Courtroom: 6 – 17th Floor |

# INTRODUCTION

Uber's motion to dismiss should be denied as moot. On November 5, 2025, Ms. Doe WHB 3 moved to dismiss her case in this Court. (Dkt. #7). The next day, the Court terminated her case.

Over a month after the Court terminated Ms. Doe's case, Uber moved to dismiss and for attorney's fees. For weeks, Uber has had the dismissal it now seeks with its motion.

Uber's motion for sanctions should also be denied. It is defective under Rule 11 for several reasons, including because Uber filed its motion the same day it served it and, therefore, did not give the required 21-day safe harbor mandated by Rule 11(c)(2). Indeed, Uber already had the relief it sought, so Rule 11 barred Uber from ever filing its Rule 11 sanctions motion.

Uber's motion for sanctions pursuant to the Court's inherent powers should be denied because Plaintiff and her counsel have not acted in bad faith or with conduct tantamount to bad faith. They dismissed her suit in this Court before Uber ever filed this motion.

# BACKGROUND

An Uber driver raped Ms. Doe in Hawaii. Ms. Doe sued Uber in California state court, and Uber moved to dismiss based on *forum non-conveniens*. Uber's motion was granted. Ms. Doe refiled her case in this Court before filing suit in Hawaii.

On November 5, 2025, Ms. Doe moved to dismiss her case in this Court. (Dkt. #7). Ms. Doe filed her notice of dismissal in her individual case, but not in the Master file. The Court terminated her case the next day.

Over a month later, on December 16, 2025, Uber's counsel reached out to Ms. Doe's counsel and said Uber was filing a motion in the Hawaii action in the MDL that day. Given Uber counsel's statement that Ms. Doe still had a case on file in this Court, Ms. Doe's counsel said there was no need to file a motion, she would dismiss her case in the MDL (something unnecessary given the fact that Ms. Doe had already dismissed her case). Uber filed its motion on December 16, 2025 anyway.

After Uber's counsel filed its motion to dismiss and for fees, Ms. Doe's counsel e-mailed

Uber's counsel and informed Uber the case had been dismissed for over a month. Uber's counsel and Ms. Doe's counsel then spoke on the phone. Uber's counsel stated that his client wanted to stand on its motion — even though the relief it sought it already had. He said Uber wanted the fees.

## ARGUMENTS & AUTHORITIES

### Uber's Motion to Dismiss is Moot

Over a month before Uber moved to dismiss, Ms. Doe gave Uber the relief it now seeks when she dismissed her case in this Court. The Court terminated her case the next day.

### Because Uber has the Relief it Seeks, it Cannot File a Rule 11 Motion

Uber didn't just move for dismissal, it also seeks to sanction Plaintiff's counsel, citing Federal Rule of Civil Procedure 11 and the Court's inherent power. As to Rule 11, Uber's motion is defective for procedural reasons and because Uber already had the relief it now seeks.

Under Rule 11(c)(2), a motion for sanctions must be served but it cannot be filed or presented to the Court if the offending claim is withdrawn within 21 days.[1] In this way, "Rule 11 provides for a mandatory 21 day safe-harbor period before a motion for sanctions is filed with the court."[2]

Here, Uber filed the motion on day one — the same day it served its sanction motion. Uber jumped the gun and ignored the mandatory 21-day safe harbor created by Rule 11(c)(2).[3]

---

[1] Fed. R. Civ. P. 11(c)(2) ("A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, *but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets*. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.") (emphasis added).

[2] *Truesdell v. S. Cal. Permanente Med. Grp.*, 293 F.3d 1146, 1151 (9th Cir. 2002).

[3] *See Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998) ("The purpose of the safe harbor, however, is to give the offending party the opportunity, within 21 days after service of the motion for sanctions, to withdraw the offending pleading *and thereby escape sanctions*.") (emphasis in original).

Further, Ms. Doe gave Uber the relief Uber is seeking over a month before Uber filed its motion. That is, Uber cannot file or present its sanctions motion to the Court because the offending claim was withdrawn — not just within the 21-day safe harbor — but a month before the 21-day clock began to run.

Uber's Rule 11 motion also is defective because its sanction motion was not separately filed. Under the plain terms of Rule 11(c)(2), a "motion for sanctions must be made separately from any other motion." Uber did not do this, lumping its sanctions motion in with motion to dismiss. Uber's sanctions motion under Rule 11 is defective and should be denied.

Finally, to the extent Uber is asking the Court to, on its own motion, apply sanctions under Rule 11(c)(3), Rule 11(c)(5)(B) defeats Uber's request. That's because Rule 11(c)(5)(B), bars a Court from imposing sanctions on its own motion unless the Court issued a show-cause order before the case was dismissed. Here, the Court has never issued a show-cause order in Ms. Doe's case, and she dismissed her case over a month ago.

### Ms. Doe and Her Counsel Have Not Acted in Bad Faith

Without Rule 11, Uber must turn to the Court's inherent powers as the sole grounds for awarding sanctions. "Because of their very potency, inherent powers must be exercised with restraint and discretion."[4] Sanctions based on a court's inherent powers are only available upon a finding of bad faith or conduct tantamount to bad faith.[5]

Plaintiff and her counsel have not acted in bad faith. Ms. Doe dismissed her case in this Court over a month before Uber filed its motion. Plaintiff's dismissal shows she did not file suit to harass Uber or for improper purposes.

---

[4] *F.J. Hanshaw Enters., Inc. v. Emerald River Dev.*, 244 F.3d 1128, 1137 (9th Cir. 2001) (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991)).

[5] *In re Keegan Mgmt. Co., Securities Litigation*, 78 F.3d 431, 436 (9th Cir. 1996) ("Our precedents plainly require more. While recklessness may be the standard under § 1927, it is an insufficient basis for sanctions under a court's inherent power. Instead, counsel's conduct must "constitute or [be] tantamount to bad faith.") (cleaned up).

Uber argues it is entitled to sanctions because it had to draft its motion to dismiss. But Uber's work on its motion to dismiss was a creature of its refusal to meet and confer. If Uber would have picked up the phone and asked Plaintiff's Counsel to dismiss her suit rather than haul off and file a motion to dismiss with a request for monetary sanctions, Plaintiff would have told Uber it had already dismissed the case.

Instead, Uber filed its motion even though it was told doing so was unnecessary, and then Uber refused to take down its motion once Uber knew it had what it wanted.

Ms. Doe has not created unnecessary work.

## CONCLUSION

Uber has had the relief it seeks for more than a month. Its motion for sanctions is procedurally defective. And neither Ms. Doe nor her counsel have acted in bad faith. Ms. Doe asks the Court to deny Uber's motion in full and to grant to her any other relief to which she is entitled.

Dated: December 30, 2025                          Respectfully Submitted,

**WILLIAMS HART & BOUNDAS, LLP**

By: */s/ Walt Cubberly*
    John Eddie Williams Jr.
    Brian Abramson
    Margret Lecocke
    Walt Cubberly
    Batami Baskin
    Myles Shaw
    Joseph C. Melugin

A<small>TTORNEYS FOR</small> P<small>LAINTIFF</small>

**CERTIFICATE OF SERVICE**

I hereby certify that on December 30, 2025, I electronically filed the above document with the Clerk of Court using the CM/ECF system which automatically sends notification of the filing to all counsel of record.

By: /s/ *Walt Cubberly*
Walt Cubberly