Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Christopher V. Cotton (Admitted *Pro Hac Vice*)
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
ccotton@shb.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S RESPONSE TO RESPONSES TO SHOW CAUSE ORDER** |
| This Document Relates to: | |
| *Jane Roe CL 146 v. Uber Technologies, Inc., et al*., No. 3:25-cv-03719-CRB | |
| *E.B. vs. Uber Technologies, Inc., et al.,* No. 3:25-cv-04526-CRB | |
| *Patel v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05287-CRB | |
| *K.L. v. Uber Technologies, Inc., et al*., No. 3:25-cv-06178-CRB | |

**MEMORANDUM OF POINTS AND AUTHORITIES**

On December 2, 2025, this Court found that the four above-captioned Plaintiffs had "filed two separate but substantively identical complaints in this multidistrict litigation," necessitating dismissal of the later-filed complaints. ECF 4501. The Court ordered these Plaintiffs to show cause by December 19 "why they should not be required to pay Defendants' reasonable attorneys' fees and costs of $16,278 incurred to file Defendants' Motion to Dismiss Duplicative Cases." *Id.* Plaintiffs have failed to show cause and should therefore be ordered to pay Defendants' fees and costs.

**A. Plaintiff Patel did not respond to the Court's Order and has thereby waived any argument she should not be required to pay Defendants' fees and costs.**

This Court gave Plaintiffs until December 19 to show cause why they should not be required to pay Defendants' fees and costs. As of the filing of this Response, Plaintiff Patel has not filed a response to the show cause order. Accordingly, she has not contested that she should be ordered to pay Defendants' fees and costs. *Cavanaugh v. McCords Toyota of Vancouver,* 90 F. App'x 985, 986 (9th Cir. 2004); *Lopez v. Lee*, No. 23-cv-3660, 2025 WL 3248750, at *2 (N.D. Cal. Nov. 21, 2025) (where party fails to respond to order to show cause, allegations therein are "uncontested as a matter of law"). On this basis alone, the Court should order Patel to pay Defendants' fees and costs. *See Erickson v. Builder Advisor Grp. LLC,* No. 2023 WL 3579317, at *2 (N.D Cal. Feb. 3, 2023) (ordering fees and costs as sanction where party failed to respond to order to show cause); *Pistone v. Countrywide Home Loans, Inc.,* No. 14-cv-4581, 2015 WL 3424912, at *1 (N.D. Cal. May 27, 2015) (same).

**B. Plaintiffs did not act diligently to resolve their duplicative and frivolous actions.**

Plaintiff Jane Roe CL 146 argues that she should not be ordered to pay Defendants' fees and costs because she "worked actively to resolve this duplicative matter." ECF 4706 at 2. She concedes, however, that it took her nearly two months to seek dismissal of one of her duplicative and frivolous actions after Uber notified her of the issue. *Id.* This Court has recognized that delays of this length are not diligent. *See e.g. Johnstech Int'l Corp. v. JF Microtechnology SDN BHD*, No. 14-cv-02864, 2016 WL 6836965, at *1-2 (N.D. Cal. Mar. 10, 2016); *Power Integrations, Inc. v. Fairchild Semiconductor*

1

DEFENDANTS' RESPONSE TO RESPONSES
TO SHOW CAUSE ORDER

Case No. 3:23-MD-3084-CRB

*Int'l*, No. 09-cv-5235, 2013 WL 4604206, at *4 (N.D. Cal. Aug. 28, 2013). Moreover, Plaintiff should not have needed notice from Uber that she filed two duplicative actions – if she were diligently participating in this litigation, she would have known the second lawsuit was duplicative and prevented it from being filed on April 29, 2025. ECF 4145 at 7. Overall, Jane Roe CL 146 maintained two identical cases involving the same allegations before this same Court for nearly six months. This was an unreasonable delay in resolving the issue. *See TMF Trustee Ltd. v. M/T Megacore Philomena,* 792 F. App'x 472, 474 (9th Cir. 2019); *Al Ramahi v. Holder,* 725 F.3d 1133, 1135 (9th Cir. 2013).

Plaintiff K.L. acknowledges that "the dual representation issue . . . could have been addressed more expeditiously," but also minimizes the delay, stating it "simply did not happen in the timeframe Defendants would have liked" and that there was no "pressing exigency." ECF 4734 at 2-3. It is perhaps worth noting, therefore, that K.L. had two substantively identical actions pending before this Court for nearly four months, from July 23 through November 5. ECF 4145 at 7. And she filed her identical actions within a day of each other. *Id.* A reasonably diligent plaintiff would have been aware of this duplication without having to be informed by the defendants and would have resolved the duplication immediately upon receiving notice of it.

Plaintiff E.B. concedes that there was a "delay in dismissing" one of her duplicative actions. ECF 4731 at 2. To be more specific, E.B. had two substantively identical actions pending before this court for nearly five months, from May 29 through October 15. ECF 4145 at 7; ECF 4731-1 at 2. Plaintiff simply did not act diligently. *See Jacobson v. Persolve, LLC,* No. 14-cv-735, 2015 WL 2061712, at *4 (N.D. Cal. May 1, 2015) (5 month delay not diligent).

**C. Plaintiffs need not have acted intentionally or in bad faith; they can be ordered to pay Defendants' fees and costs because they filed frivolous complaints.**

Plaintiffs E.B. and K.L. assert that they should not have to pay costs because their actions were "not intentional," ECF 4731 at 2, and "did not result from bad-faith or vexatious conduct," ECF 4734 at 3. But neither intent or bad faith is required. The Ninth Circuit has affirmed orders that parties pay their opponents' attorneys' fees and costs for responding to frivolous filings without requiring any showing of bad faith or intentional conduct. *E.g., Edgerly v. City and Cnty. of San Francisco,* 599 F.3d 946, 963 (9th Cir. 2010); *Carleton v. Cnty. of Los Angeles,* 372 F. App'x 806, 808 (9th Cir. 2010); *see*

*also Ornstein v. Canites,* No. 18-cv-1616, 2019 WL 359984, at *2 (N.D. Cal. Jan. 29, 2019) (requested attorneys' fees reasonably compensated plaintiffs for costs incurred responding to a frivolous motion). And Plaintiffs' duplicative complaints, which were directly foreclosed by the claim-splitting doctrine because Plaintiffs had already filed complaints based on the exact same allegations, were undeniably frivolous. *See Jolivette v. California,* No. 19-cv-4123, 2019 WL 6771782, at *2 (N.D. Cal. Dec. 12, 2019) ("[t]he petition in this action is frivolous because it is duplicative of the petition filed in" another matter); *Wentworth v. Cal. Bd. of Educ.,* No. 21-cv-1938, 2021 WL 5494540, at *1 (S.D. Cal. Nov. 23, 2021) ("because this case is duplicative of Ms. Wentworth's consolidated action, the Court concludes it is frivolous"). In addition, courts routinely award the "reasonable expenses incurred in making the motion, including attorney's fees" for successful discovery motions, without any requirement of bad faith or intentional conduct. *See In re Akatugba,* No. 21-cv-1015, 2022 WL 20275206, at *2 (N.D. Cal. March 29, 2022); *DJCBP Corp. v. City of Baldwin Park,* No. 23-cv-384, 2025 WL 3691428, at *2 (C.D. Cal. Sept. 30, 2025). Accordingly, there is ample precedent for awarding attorney's fees to compensate a party for the costs it was required to incur in order to address its opponent's inappropriate litigation conduct.

Moreover, this Court could find bad faith based on Plaintiffs' "failures to timely and meaningfully confer on this issue that resulted in substantial time being unnecessarily expended by Defendant in responding to patently frivolous claims." *Pickens v. Peacehealth,* No. 6:23-cv-1718, 2025 WL 3688112, at *8 (D. Or. Dec. 19, 2025). In that case, as here, plaintiffs filed "substantively identical lawsuits for the Plaintiffs already named in this action," which the court recognized was "prohibited by Ninth Circuit precedent." *Id.* When defendants asked plaintiffs to "resolve the claim-splitting issue by dismissing this action or the others," plaintiffs did not do so, "forcing [d]efendant to file motions to dismiss." *Id.* As here, the duplicate "cases persisted for months" before they were ultimately dismissed. *Id.* Citing the plaintiffs' "pattern of disregard for timely and meaningful conferral," which it found to be "in bad faith," the court ordered plaintiffs to pay the attorneys' fees defendant had incurred under its statutory and inherent authority. *Id.* at *9. The same result is appropriate here.

**D. It was Plaintiffs' obligation (and their counsel's) not to file frivolous lawsuits; Uber did not have an obligation to warn them that they could be sanctioned for doing so.**

Plaintiffs E.B. and K.L. both recognize that Uber notified them of their duplicative filings and offered to meet and confer with them in August 2025, nearly two months before it filed its motion to dismiss those duplicative filings on October 14. ECF 4731 at 1; ECF 4734 at 2. But they both complain that Uber did not reach out to them again about their frivolous filings (though they conveniently omit that they also did not reach out to Uber) or notify them that they could be subject to sanctions for making frivolous filings. ECF 4731 at 2; ECF 4734 at 3. Respectfully, it is the obligation of Plaintiffs and their counsel to ensure that they do not file documents that are frivolous. Cal. R. Prof'l Conduct 3.1 ("A lawyer shall not bring or defend a proceeding, or assert or controvert an issue therein, unless there is a basis in law and fact for doing so that is not frivolous, which includes a good faith argument for an extension, modification or reversal of existing law.") And Uber was not obligated to meet and confer with Plaintiffs prior to filing a motion to dismiss their frivolous and duplicative pleadings, much less specifically state that they could be subject to sanctions. *Firsov v. Scandinavian Airlines of N. Am., Inc.,* No. 25-cv-3691, 2025 WL 3102033, at *1 (N.D. Cal. Nov. 6, 2025) (no obligation to meet and confer prior to filing motion to dismiss); *Riley v. Dang,* No. 18-cv-6540, 2019 WL 13472210, at *4 (N.D. Cal. Jan. 22, 2019) (same).

This Court unquestionably had the power to issue an order to show cause why Plaintiffs should not be sanctioned for filing and maintaining their frivolous duplicative complaints. *Parham v. Combs,* No. 24-cv-7181, at *4 (N.D. Cal. Aug. 19, 2025). It did so. ECF 4501. Plaintiffs now quibble with the procedure that led to this point, ECF 4734 at 3, but at the end of the day all they are entitled to is "notice and a reasonable opportunity to be heard," which the Court has provided them. *United States v. Louie,* No. 23-cv-3950, 2024 WL 4631660, at *2 (N.D. Cal. Oct. 30, 2024). One of the Plaintiffs at issue has not even attempted to justify her actions and the other three make excuses and attempt to shift blame to Uber but cannot change the fact that they filed frivolous, duplicative actions and, when informed of that fact, failed to resolve the issue for months. An award of reasonable fees and costs in the amount of $16,278 is appropriate.

| | | |
|---|---|---|
| 1 | DATED: December 30, 2025 | Respectfully submitted, |
| 2 | | **SHOOK, HARDY & BACON L.L.P.** |
| 3 | | By: */s/ Christopher V. Cotton* |
| 4 | | CHRISTOPHER V. COTTON |
| 5 | | *Attorney for Defendants* <br> UBER TECHNOLOGIES, INC., <br> RASIER, LLC, and RASIER-CA, LLC |