Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [SUMMARY JUDGMENT OPPOSITION MATERIALS]**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3) and the Stipulation and Order entered on December 17, 2025, ECF 4691, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed. Plaintiff takes no position on Uber's proposed redactions. *See* Declaration of Laura Vartain Horn in Support of the Administrative Motion to Seal, ¶ 2. For the reasons set forth herein, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following Exhibits[1]:

| Document | Description |
|---|---|
| Ex. 5 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. B) (ECF No. 4625-5) | Ex. 1110 to the June 17, 2025, 30(b)(6) Deposition of Greg Brown[2] |
| Ex. 12 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. C) (ECF No. 4625-12) | Ex. 1966B to the August 26, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 14 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. D) (ECF No. 4625-14) | Ex. 1092 to the June 17, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 17 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. E) (ECF No. 4625-17) | Excerpts from the June 25, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 19 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. F) (ECF No. 4625-19) | Excerpts from the July 16, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 23 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. G) (ECF No. 4625-23) | Ex. 1884 to the August 7, 2025, 30(b)(6) Deposition of Hannah Nilles |
| Ex. 24 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. H) (ECF No. 4625-24) | Ex. 283 to the March 14, 2025 Deposition of Tracey Breeden |
| Ex. 28 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. I) (ECF No. 4626-1) | Excerpts from the August 7, 2025, 30(b)(6) Deposition of Hannah Nilles |
| Ex. 30 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. J) (ECF No. 4626-3) | Ex. 2067A to the October 14, 2025, 30(b)(6) Deposition of Sunny Wong |

---

[1] Uber is also seeking narrow conforming redactions to Plaintiff's summary judgment opposition brief. Vartain Decl. Ex. A.

[2] In each case (except for Exhibit 19, as to which Uber seeks to redact a bellwether plaintiff's name), Uber is the party claiming confidentiality.

| Document | Description |
|---|---|
| Ex. 31 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. K) (ECF No. 4626-4) | Excerpts from the July 23, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 32 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. L) (ECF No. 4626-5) | Ex. 1240 to the June 25, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 33 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. M) (ECF No. 4626-6) | Ex. 1249 to the June 25, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 42 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. N) (ECF No. 4626-15) | Ex. 1102 to the June 17, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 43 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. O) (ECF No. 4626-16) | Ex. 1930 to the August 25, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 44 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. P) (ECF No. 4626-17) | UBER_JCCP_MDL_000108957 |
| Ex. 45 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. Q) (ECF No. 4626-18) | Ex. 1104 to the June 17, 2025, 30(b)(6) Deposition of Greg Brown |
| Ex. 52 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. R) (ECF No. 4626-25) | Ex. 1883 to the August 7, 2025, 30(b)(6) Deposition of Hannah Nilles |
| Ex. 53 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. S) (ECF No. 4626-26) | Excerpts from the October 14, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 54 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. T) (ECF No. 4626-27) | Excerpts from the July 15, 2025, 30(b)(6) Deposition of Mariana Esteves |
| Ex. 55 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. U) (ECF No. 4626-28) | Ex. 2071 to the October 14, 2025, 30(b)(6) Deposition of Sunny Wong |
| Ex. 56 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. V) (ECF No. 4626-29) | Ex. 2202 to the March 26, 2025 Deposition of Gus Fuldner |
| Ex. 57 to Plaintiff's Opposition to Defendants' Motion for Partial Summary Judgment (Vartain Decl. Ex. W) (ECF No. 4626-30) | Ex. 1243 to the June 25, 2025, 30(b)(6) Deposition of Sunny Wong |

## I.   LEGAL STANDARD

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception.

*Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* The compelling reasons standard applies to the briefing related to Uber's summary judgment motion here.

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted); *Bold Ltd. v. Rocket Resume, Inc.*, No. 22-cv-01045-BLF, 2024 WL 1329921, at *2 (N.D. Cal. Mar. 27, 2024) ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy, business transactions, corporate structure, and finances"); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing").

## II.   ARGUMENT

Uber has a compelling interest in redacting the requested portions of the Exhibits. Release of the redacted materials described below to Uber's competitors and the public would result in competitive harm to Uber, which outweighs the public interest in disclosure here.

<u>Redactions concerning Uber's S-RAD Technology</u>. The redacted materials contain specific details

concerning Uber's confidential and proprietary trip-matching safety assessment technology called Safety Risk Assessment Dispatch, or S-RAD. *See* Declaration of Sunny Wong ("Wong Decl."). The materials "describe specific variables that are programmed into the S-RAD technology; inputs and data points utilized by the technology; detailed product development and testing information such as results of internal experiments; historical information regarding features and variables utilized in different iterations of S-RAD models over time; reasons and internal business rationales for certain design decisions related to S-RAD; and confidential information about how the S-RAD technology functions." *Id.* ¶ 4; *see also id.* ¶¶ 13-18, 20-21 (describing the specific competitively sensitive information in the Exhibits concerning S-RAD).[3]

Details concerning S-RAD are kept confidential, even within Uber. *Id.* ¶ 7. Indeed, Plaintiffs' own experts have noted that, until very recently, Uber kept even the very existence of S-RAD confidential. Chandler Rep. ¶ 159 (S-RAD "considered confidential") (ECF 4470-9); Valliere Rep. at 21 ("Uber disclosed S-RAD to the public for the first time in August 2025 in response to the *New York Times* article") (ECF 4470-23); Keller Dep. 151:16-21 ("Uber has chosen to do a number of things behind closed doors, including developing the S-RAD program … but they have told the public nothing about that") (ECF 4470-19). Its existence was disclosed only recently in connection with this and related litigation, including via a leak of the sealed JCCP summary judgment opposition materials to the *New York Times* in violation of the Protective Order. *See* 10/22/25 JCCP Order Granting Uber's Motion to Enforce the Protective Order (ECF 4470-34). Moreover, Uber's investment of time and resources in developing and refining the S-RAD technology has been significant. Wong Decl. ¶ 7.

Disclosure of the details concerning S-RAD would cause competitive harm to Uber by allowing its competitors to use that information to Uber's competitive disadvantage and to potentially reverse-engineer the S-RAD technology for their own use. *Id.* ¶¶ 8-9; *see E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret information, which if made public, would harm [party's] business by, e.g.,

---

[3] The redactions that Uber seeks to apply to Exhibits 23 and 32 are the same as those ordered by the JCCP Court. ECF 4684-10 at 12-13 (MDL Exhibit 23 is the same as JCCP Exhibit 266; MDL Exhibit 32 is the same as JCCP Exhibit 196).

allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested"); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-CV-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"); *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-CV-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer" Experian's systems); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-CV-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June 1, 2020) (granting motion to seal when "public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products"); *CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, No. 19-CV-00802-LHK, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal report about the efficacy of the company's products" because it "is a 'compilation of information which is used in [the company's] business' and gives the company 'an opportunity to obtain an advantage over competitors who do not know or use it'") (citations omitted); *Kowalsky v. Hewlett-Packard Co.*, No. 5:10-CV-02176-LHK, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (granting motion to seal "exhibits that comprise internal Apple documents on iCloud's development and technical metrics").

Release of the information could also allow users of the Uber platform or other individuals to take steps to undermine or circumvent S-RAD's effectiveness. Wong Decl. ¶ 10; *see, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections"); *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 12965295, at *2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Facebook's end users).

Information concerning Uber's RideCheck technology. Uber seeks to seal limited information concerning the functioning of its RideCheck technology, as well as features that it may add to that technology, including a feature it is currently piloting. Wong Decl. ¶ 19. Information concerning the

function of RideCheck and concerning Uber's consideration and analysis of a new feature is competitively sensitive and could be used by Uber's competitors to Uber's disadvantage if it were made public. *Nautilus Biotechnology, Inc. v. SomaLogic, Inc.*, No. 23-CV-06440-BLF, 2024 WL 4894852, at *2 (N.D. Cal. Nov. 26, 2024) (finding compelling reasons to seal "information that would reveal [party's] unreleased platform information"); *Exeltis USA Inc.*, 2020 WL 2838812, at *2; *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard).

        <u>Research and analyses concerning internal Uber data.</u> Uber's internal data and its analyses of that data are core to its business operations and strategies. Brown Decl. ¶ 11. As one of Plaintiff's experts stated, "Uber says that data is 'crucial for [its] products' and that technology is 'at the heart' of its safety approach." Keller Rep. ¶ 59 (ECF 4470-17) (internal footnote omitted; alteration in Keller). Accordingly, Uber seeks to redact information concerning its internal data analyses. One such analysis concerns Uber's analysis of how certain rider-to-driver feedback tags correlate to a higher risk of sexual misconduct or assault. Brown Decl. ¶ 11.a. Other analyses discuss how various characteristics of rides correlate to sexual misconduct. *Id.* ¶ 11.b. The documents concerning these analyses also discuss particular strategies that can be deployed to reduce sexual misconduct. *Id.* An additional exhibit that Uber seeks to redact includes charts and descriptions concerning Uber's analysis of its internal data showing how driver ratings correlate to accidents and safety incidents, how that predictive power changed over time, and how specific changes to Uber's ratings procedures impacted their predictive power. Wong Decl. ¶ 12. Uber, like other companies, closely guards these data, analyses, and strategies, which would be valuable to Uber's competitors, who could gain insight into those data and copy those analyses and apply them to their own data. *See DeMartini v. Microsoft Corp.*, No. 22-CV-08991-JSC, 2023 WL 4205770, at *4 (N.D. Cal. June 26, 2023) (finding compelling reasons to seal "confidential and internal data, including platform user and franchise data, and economic and commercial analysis that are not publicly accessible outside the company"); *Daybreak Game Co., LLC v. Takahashi*, No. 25-CV-01489-BAS-BLM, 2025 WL 3552744, at *3 (S.D. Cal. Dec. 11, 2025) (compelling reasons to seal user engagement metrics, which are the sort of "confidential business information that companies guard closely"); *Craig v. Am. Tuna, Inc.*, No. 22-

CV-473-RSH-MSB, 2023 WL 8242460, at *3 (S.D. Cal. Nov. 28, 2023) (finding compelling reasons to seal "aggregated data and analysis that could be used 'as sources of business information that might harm [Defendant's] competitive standing'") (citation omitted); *Rodman*, 2015 WL 13673842, at *2 (granting motion to seal materials concerning "business decision-making" and "customer research"). Further, the competitors could copy Uber's strategies derived from the data. *See In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (sealing information to "prevent competitors from gaining insight into the parties' business model and strategy"); *Bold Ltd.*, 2024 WL 1329921, at *2 ("Compelling reasons exist to seal confidential business information, including non-public information about a company's business strategy….").

Survey data and customer research. The redacted materials describe the results of Uber's confidential survey data and focus group research reflecting user safety experiences, perceptions, and beliefs, as well as discussion of Uber's customer satisfaction scores. Brown Decl. ¶ 10. Publicizing this information could put Uber at a competitive disadvantage by providing Uber's competitors with the benefits of Uber's proprietary research insights, enabling competitors to modify or tweak their own safety experiences by free-riding on Uber's investment of time and financial resources. The information could also allow Uber's competitors to assess weak spots in the Uber experience from users' perspectives, and tailor their own products to differentiate themselves or compete with Uber in those specific areas. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal materials concerning "business decision-making" and "customer research"); *Hyams v. CVS Health Corp.*, No. 18-CV-06278-HSG, 2023 WL 2960009, at *2 (N.D. Cal. Mar. 15, 2023) (finding compelling reasons to seal "research and data on customers and employees").

Data re Reports of Sexual Assault/Sexual Misconduct. The redacted materials contain certain raw data from Uber's internal systems. Brown Decl. ¶ 12. Certain top-level raw data (total annual counts of sexual assault and sexual misconduct reports) from Uber's internal systems have been made public through the JCCP trial, as well as prior to that via a leak of sealed JCCP records to the *New York Times* in violation of the Protective Order in the JCCP. Uber is therefore not seeking to seal any of its raw top-level annual data. However, data concerning the breakdown of those top-line numbers into taxonomy categories has not been made public and has instead been kept confidential within Uber. The release of this data to

Uber's competitors would provide them with insight that they could leverage in competing with Uber.

Importantly, after the top-line annual data in the sealed JCCP records were leaked to a reporter and published in the *Times*, Consumer Attorneys of California ("CAOC"), a plaintiffs' counsel advocacy group with which certain Plaintiffs' counsel in this case are affiliated, launched "a robust ad campaign" seeking to leverage the *Times*' reporting on the leaked information. *See CAOC Launches New Campaign: Every 8 Minutes*, J. Gossett, CAOC News (ECF 4498-5). The initial version of the ad falsely attributed to the *New York Times* a statistic that "[a] sexual crime was reported to Uber almost every eight minutes." 11/24/25 Fournier Decl. ¶ 20 (ECF 4470-1). After Uber sent a cease-and-desist letter, the ad was revised to omit that particular false claim. The ad continues to misleadingly conflate Uber's receipt of a report of sexual misconduct or assault with silencing victims, by claiming "every 8 minutes, Uber tries to silence victims." The willingness of the CAOC—which has officers and members that represent Plaintiffs' counsel here—to make these false and misleading statements supports sealing the non-top-level data that is still confidential so as to protect Uber from further libelous statements and further potential contamination of the juror pool. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006) ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to … circulate libelous statements") (citing *Nixon*, 435 U.S. at 598).

<u>Hyperlinks.</u> Uber seeks to redact internal hyperlinks in Exhibits 5, 32, 33, 45, and 57. *See* Ex. 5 at 8, 12, 27, 55, 58, 59, 65, 81; Ex. 32 at 30; Ex. 33 at 2-3[4]; Ex. 45 at Slide 32 notes, Slide 63 notes; Ex. 57 at #21757.4. Redacting the hyperlinks is necessary to avoid any inadvertent access to Uber internal documents by unauthorized individuals, who could click on the link and accidentally be granted access by the internal Uber owners of the documents. Redaction of the hyperlinks here does not impair the public right of access, because the hyperlinks themselves do not reveal any substantive information and the documents to which they link are not part of the public record.[5]

---

[4] The hyperlinks in Exhibits 32 and 33 were sealed by the JCCP Court. ECF 4684-10 at 13. (MDL Exhibit 32 is the same as JCCP Exhibit 196; MDL Exhibit 33 is the same as JCCP Ex. 247.)

[5] Uber also requests that the driver's license plate number be redacted from Exhibit 12.

In addition, Uber is not seeking to seal almost any of the exhibits in full,[6] but only to redact limited excerpts that are necessary to seal in order to protect Uber from competitive harm. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal when company "has proposed to redact only the portions of the documents containing the confidential information"); *In re Qualcomm*, 2017 WL 5176922, at *2 (granting motion to seal when parties sought "to only redact the portions of the filings and the precise exhibits that implicate such confidential business information"). Moreover, to the extent information was already made public in connection with the JCCP trial and other proceedings, Uber is also not seeking to protect that information. Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests.

Accordingly, compelling reasons exist for the Court to redact the Exhibits as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibits be maintained on the docket under seal.

DATED:  December 30, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

---

[6] The only exception is Exhibit 30, a single-page spreadsheet containing detailed information about the S-RAD score associated with the trip at issue. Wong Decl. ¶ 15.

jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC