Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION FOR RELIEF FROM MAGISTRATE JUDGE'S ORDER REGARDING REBUTTAL EXPERT TESTIMONY**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

## I. INTRODUCTION

A fundamental principle of the adversarial process is that both sides play by the same rules. The Magistrate Judge's ruling appears to apply different rules to the two sides' experts. As set forth below, the Magistrate Judge struck key portions of the reports of Uber's experts (Drs. Kristen Zgoba and Lindsay Orchowski) as insufficiently responsive to Plaintiff's experts, while simultaneously excusing the fact that Plaintiff's purported rebuttal expert, Dr. Lindsey Cameron, does not even mention the Uber expert she claims to be rebutting in the bulk of her report. As explained more fully below, the challenged (and now excluded) section of Dr. Zgoba's report responds directly to Dr. Veronique Valliere's criticisms of Uber for failing to implement measures that would purportedly "eliminate" sexual assault on rides arranged using the Uber platform, while the challenged section of Dr. Orchowski's Report directly rebuts Dr. Valliere's contention that Uber "constructed" an environment that facilitated sexual assault. By contrast, nearly the entirety of Dr. Cameron's "rebuttal" report ignores Mr. Okpaku and instead effectively serves as an opening expert report on how rideshare companies (such as Uber) purportedly exercise "control" over independent third-party drivers who utilize the platform. Notably, even the Magistrate Judge expressly acknowledged that the circumstances surrounding Dr. Cameron's "rebuttal" report (which is nearly identical to an opening report previously served in other litigation and was largely written before Mr. Okpaku issued his report) "***might reasonably support an inference of gamesmanship***." Nonetheless, the Magistrate Judge reasoned that striking the report would unfairly "reduce the utility" of these cases as bellwethers. ECF 4701, 12/17/25 Order at 14, 16 ("Order"). At the least, the Magistrate Judge should have stricken Dr. Cameron's "rebuttal" for the first trial, where the prejudice is most pronounced. Instead, the ruling seems to put the thumb on the scale in favor of Plaintiff. After all, if the coordinated nature of this litigation were a relevant consideration in assessing the admissibility of these reports, the same rationale would necessarily weigh against striking Uber's rebuttal experts' testimony. For these reasons, Uber respectfully submits that the ruling should be reversed.

## II. BACKGROUND

***Dr. Zgoba***. Plaintiff's expert Dr. Valliere seeks to opine that Uber could have but failed to

1

"eliminate": (1) sexual assault during rides arranged on the Uber platform; and (2) third-party drivers who may perpetrate such assaults. In direct response, Dr. Zgoba explains that Dr. Valliere "sets an unattainable standard" and "offers no objective framework, empirical support, or evidence-based methodology for how such a standard could be realistically achieved." ECF 4386-1, Zgoba Rebuttal Report at 6. To explain why Dr. Valliere's opinions are unreliable, Dr. Zgoba discusses sexual assault prevention efforts and concludes that "[t]he appropriate benchmark is not elimination of all incidents but to reduce the relative risk through environmental design, safety features, deterrence, and accountability systems—the same standard applied in public health and workplace safety regulation." *Id.* The Magistrate Judge held that Dr. Zgoba's opinion was improper rebuttal because Dr. Valliere did not specifically opine "that Uber could entirely eliminate sexual assault." Order at 8-9.

**Dr. Orchowski**. Dr. Valliere argues that Uber "constructed" an environment that facilitated sexual assault. *See* ECF 4340, Valliere Report at 39. In direct response, Dr. Orchowski explains that Dr. Valliere's contention conflates causation with correlation and shows that Dr. Valliere's reasoning applies equally to bars, elevators, and exam rooms. ECF 4389-1, Orchowski Rebuttal Report at 12. The Magistrate Judge held that because Dr. Valliere does not specifically opine on the relative risks of bars, elevators, or medical examinations, Dr. Orchowski's opinions "stray beyond the scope of appropriate rebuttal[.]" Order at 5.

**Dr. Cameron**. Plaintiff designated Dr. Lindsey Cameron as a purported "rebuttal" expert to Uber's expert, Joseph Okpaku, but just six pages in her 60-page "rebuttal" report respond to Okpaku's opinions. *See* ECF 4312-1 at 12-17. Dr. Cameron's "rebuttal" report is otherwise nearly identical to an opening report she served in 2023 in another litigation, *id.* at 102-158, and Dr. Cameron "**performed substantial work on her 'rebuttal' report before the exchange of opening reports**." Order at 14 (emphasis added). Although the Magistrate Judge recognized that this "might reasonably support an inference of gamesmanship," the court reasoned that striking the report would "undermine the bellwether process" and be too drastic a remedy. *Id.* at 14, 16.

### III.   ARGUMENT

The Magistrate Judge's ruling striking portions of Uber's rebuttal experts' reports while

2

allowing Plaintiff's rebuttal expert to proceed "is clearly erroneous" and "contrary to law." Fed. R. Civ. P. 72(a).

*First*, the Magistrate Judge erred in finding that portions of Dr. Zgoba's and Dr. Orchowski's rebuttal reports do not constitute proper rebuttal opinions. The court ruled that Dr. Zgoba's opinion "that it is impossible to eliminate all risk of sexual assault" was an impermissible rebuttal opinion because Dr. Valliere opines that sexual assault is "'often preventable'" as opposed to 100% preventable. Order at 7-9 (quoting ECF 4340 at 5, 49). This reasoning is erroneous because Dr. Valliere repeatedly opines that Uber acted improperly by failing to "eliminate" incidents, Valliere Rep. at 4, 24, 39-40, and Dr. Zgoba's opinions are properly tailored to sexual assault risk "elimination," including explaining that Dr. Valliere "sets an unattainable standard" of risk elimination, Zgoba Rep. at 6. Thus, Dr. Zgoba's rebuttal opinions properly encapsulate the "same subject matter identified by" Dr. Valliere. *Gen. Elec. Co. v. Wilkins*, No. 1:10-CV-00674 LJO JLT, 2012 WL 5398407, at *3 (E.D. Cal. Nov. 2, 2012) (quoting Fed. R. Civ. P. 26(a)(2)(D)(ii)). The same is true with respect to Dr. Orchowski's opinions. For example, in direct response to Dr. Valliere's opinion that Uber "constructed" an environment that facilitated sexual assault, Valliere Rep. at 39, Dr. Orchowski explains that while "rideshares may allow for proximity between individuals," "many other environments"—such as "bars, elevators, and medical exam rooms"—also "create proximity between two individuals" but do not "'produce' sexual aggression." Orchowski Rebuttal Rep. at 12. The Magistrate Judge ruled that this opinion was impermissible because Dr. Valliere did not specifically opine "on the relative risks of bars, elevators, or medical examination rooms" or that "mere proximity [w]as a potential cause of sexual assault." Order at 5. But Dr. Orchowski directly rebuts Dr. Valliere's assumptions of which factors allegedly "construct" a uniquely unsafe environment in a vehicle used for rideshare. The fact that some of Dr. Orchowski's rebuttal opinions may encompass "a broader concept" in the course of rebutting Dr. Valliere's opinions "does not take h[er] opinions outside of the scope of permissible rebuttal testimony[.]" *In re Twitter, Inc. Sec. Litig.*, No. 16-CV-05314-JST, 2020 WL 9073168, at *4 (N.D. Cal. Apr. 20, 2020).

*Second*, the Magistrate Judge separately erred in declining to strike Dr. Cameron's improper

3

1  "rebuttal" report. Most fundamentally, only six out of sixty pages of that report respond to Mr.
2  Okpaku. ECF 4312-1 at 12-17. The remainder of the report (specifically, Sections IV-IX) does not
3  even mention Mr. Okpaku's name and is nearly identical to an opening report Dr. Cameron served in
4  a litigation brought against Uber by the Massachusetts Attorney General. *Id.* at 102-158. The
5  Magistrate Judge nonetheless reasoned that "Cameron's rebuttal report . . . contradicts and rebuts
6  Okpaku's opening report" because "Cameron's summary of arguments . . . addresses Okpaku's report
7  and explains how subsequent sections VI through IX of her rebuttal report relate to her criticism of
8  his conclusions." Order at 14. But even if the summary could fairly be construed as responding to Dr.
9  Okpaku's report, that would still not change the fact that "sections IV through IX of Cameron's
10 rebuttal report . . . do not mention Okpaku or the substance of his report." *Id.* at 13-14. That should
11 have been dispositive because a "rebuttal" report that largely ignores the supposedly rebutted expert
12 cannot be considered proper rebuttal opinion under any reading of Rule 26. *See Tubio v. Adidas Am.*
13 *Inc.*, No. CV 22-6424 GW (PVCx), 2024 WL 1191051, at *3 (C.D. Cal. Feb. 5, 2024) (striking
14 untimely rebuttal report because "merely opining on the same general subject ma[tt]er does not
15 qualify as a rebuttal report if the report does not explicitly rebut and contradict the same evidence
16 relied on by the expert report it seeks to rebut"). This is doubly true when juxtaposed against the
17 Magistrate's far stricter ruling regarding Dr. Orchowski.
18       Even more troubling, the Magistrate Judge recognized that the facts surrounding Dr.
19 Cameron's creation of her "rebuttal" report "might reasonably support an inference of
20 gamesmanship" and "raises questions of fairness." Order at 14. The court nonetheless reasoned that
21 because Uber was a party to that other case, it was "aware of Cameron's opinions prior to expert
22 discovery in this litigation." *Id.* at 15. But the expert disclosure rules are "designed to forestall
23 'sandbagging' by a party with the burden of proof who wishes to save its best points for reply, when
24 it will have the last word." *Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2011 WL
25 5572835, at *3 (N.D. Cal. Nov. 15, 2011). Regardless of whether Uber was aware of Dr. Cameron's
26 opinions in another case, it did not know that such testimony would be offered here. The Magistrate
27 Judge sought to distinguish *Oracle* on the ground that the court there "relied not on Rule
28

4

26(a)(2)(D)(ii)'s rebuttal provision but instead on [the court's] own case management order," Order at 10, but *Oracle* was addressing generally applicable principles and reflects the prevailing approach to rebuttal opinions in this circuit. *See Oracle*, 2011 WL 5572835, at *3 ("A party with the burden of proof on an issue should not be allowed to secretly prepare an army of 'rebuttal' experts to attack the opposition[.]"); *see also, e.g.*, *In re Toy Asbestos*, No. 19-CV-00325-HSG, 2021 WL 1056552, at *4 (N.D. Cal. Mar. 19, 2021) ("An expert report is not proper rebuttal if 'the report speaks directly to an issue on which [the offering party] bear the burden of proof.'") (citation omitted); *Terpin v. AT&T Mobility, LLC*, No. 18-CV-06975-ODW-KS, 2023 WL 3431906, at *9 (C.D. Cal. Mar. 20, 2023) ("Plaintiff essentially 'lay-in-wait' and lobbed expert opinions on the affirmative elements of his claims into the case at the eleventh hour, when Defendant would have no opportunity to respond."). And while the Magistrate Judge has attempted to mitigate any prejudice by permitting Uber to serve a sur-rebuttal in response to Dr. Cameron's opinions, that would not compensate for the significant disruption of Uber's trial preparation efforts necessitated by Plaintiff's dilatory tactics.

*Third*, even assuming that the Magistrate Judge's articulation of the governing legal principles were correct, the court did not apply them "uniformly." *Tietsworth v. Sears, Roebuck & Co.*, No. 5:09-CV-00288-JF (HRL), 2012 WL 1595112, at *11 (N.D. Cal. May 4, 2012) (refusing to exclude rebuttal opinions because "if it were to exclude [defendant's expert's] opinions on this ground, it likewise would have to exclude [plaintiff's expert's] opinions"). The only proffered justification for holding Uber's rebuttal experts to a more demanding standard than Dr. Cameron was that striking Dr. Cameron's report would unfairly "reduce the utility" of these cases as bellwethers. Order at 16. But that rationale should apply to ***both*** parties' experts equally. In any event, that framing was itself erroneous because the federal rules that apply to an MDL proceeding "are the same as those for ordinary litigation on an ordinary docket." *In re Korean Air Lines Co., Ltd. Antitrust Litig.*, 642 F.3d 685, 700 (9th Cir. 2011); *see also In re Nat'l Prescription Opiate Litig.*, 956 F.3d 838, 844 (6th Cir. 2020) (similar).

## IV.   CONCLUSION

For the foregoing reasons, the Court should reverse the Magistrate Judge's order.

DATED: December 31, 2025

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on December 31, 2025, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn