Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO QUASH ADDITIONAL DEPOSITION OF HANNAH NILLES**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on January 6, 2026, or a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 6 on the 17th Floor of the San Francisco Courthouse for the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order to quash Plaintiff's noticed deposition of Hannah Nilles. Ms. Nilles has already been deposed multiple times, both in this MDL proceeding and in the state court JCCP, and Plaintiff thus has more than enough testimony to present her case at trial.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: January 2, 2026

**KIRKLAND & ELLIS LLP**

By: */s/ Laura Vartain Horn*

*Counsel for Uber*

---

**MEMORANDUM OF POINTS AND AUTHORITIES**

I.   **INTRODUCTION**

Hannah Nilles—Uber's Director and Head of Safety Operations for the Americas—was deposed as a fact witness in both the MDL and JCCP on *eight* separate days during 2025: May 5, May 14, May 29, June 30, July 10, July 23, August 6 and August 7. In total, she was deposed for more than *42 hours*. Ms. Nilles has testified extensively on a wide array of topics, including Uber's background checks and onboarding processes, and how they were specifically applied to the independent driver who allegedly assaulted Plaintiff, Hassan Turay. With trial quickly approaching, Plaintiff is demanding that Ms. Nilles sit for yet another deposition regarding the contents of a declaration she submitted in support of Uber's motion for partial summary judgment. There is no legitimate basis for reopening discovery and re-deposing this witness. *See Fields v. Ethicon, Inc.*, No. CV421-020, 2022 WL 22891517, at *3 (S.D. Ga. Oct. 18, 2022) (finding "no authority in which other courts have granted leave to depose merely because an opposing party utilized a declaration in responding to a motion for summary judgment"). The bulk of the subjects discussed in Ms. Nilles's declaration (i.e., the Uber platform, the company's practices concerning background checks and the specific checks performed with respect to Mr. Turay) were covered in the prior examinations. And while Plaintiff's counsel did not specifically question Ms. Nilles about Uber's compliance with Arizona law (the only other subject discussed in Ms. Nilles's declaration), that does not render the information "previously unavailable to Plaintiff." *Kirksey v. Wal-Mart Stores E., LP*, No. 2:19-cv-00228-SCJ, 2021 WL 4865283, at *5 (N.D. Ga. Mar. 15, 2021) ("Plaintiff could have asked more pointed[] [questions] during the 30(b)(6) deposition" about the topics discussed in the declaration, which did not justify reopening discovery). In short, the only conceivable purpose for Plaintiff's request to depose Ms. Nilles yet again is to disrupt Uber's trial preparation efforts. Accordingly, the Court should quash Plaintiff's Notice.

II.  **STATEMENT OF THE ISSUE TO BE DECIDED**

Should Plaintiff be allowed to notice an additional deposition on the eve of trial for an Uber witness who has already been deposed multiple times in this litigation, both in this MDL proceeding

1

and in the state court JCCP?

## III.   ARGUMENT

Parties must obtain leave of Court in order to depose a witness who has already been deposed in a case. Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court should deny such leave if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2)(C). Consistent with this rule, multiple depositions of the same witness are "disfavored" in the Ninth Circuit, *Lobb v. United Air Lines, Inc.*, No. 92-15846, 1993 WL 259470, at *1 (9th Cir. July 8, 1993) (quoting *Graebner v. James River Corp.*, 130 F.R.D. 440, 441 (N.D. Cal. 1989)), and "absent a showing of need or good reason, a court generally will not require a deponent to appear for a second deposition," *Hinrichsen v. Bank of Am., N.A.*, No. 17CV219-DMS(RBB), 2018 WL 11649570, at *2 (S.D. Cal. June 5, 2018) (quoting 7 Moore's Federal Practice § 30.05[1][c], at 30-34 (3d ed. 2018)). Plaintiff's deposition Notice should be quashed under these principles for multiple reasons.

***First***, "[a]ffidavits and declarations are frequently filed in support of dispositive motions and the parties are ***not*** given an additional opportunity to cross examine the witnesses about those affidavits or declarations. The parties are given a complete and fair opportunity to thoroughly explore the issues in the case during the discovery period." *Ala. Aircraft Indus, Inc.. v. Boeing Co.*, No. 2:11-cv-03577-RDP, 2018 WL 6220073, *3 (N.D. Ala. June 22, 2018) (emphasis added); *see also, e.g.*, *Fields*, 2022 WL 22891517, at *3 ("Defendants cite to no authority in which other courts have granted leave to depose merely because an opposing party utilized a declaration in responding to a motion for summary judgment."); *Pakieser v. Mich. Nurses Ass'n*, No. 08-CV-14219-DT, 2010 WL 779280, *2 (E.D. Mich. Mar. 8, 2010) ("The Court is not persuaded that an affidavit filed in support of a motion for summary judgment creates a need for an additional deposition in this case."); *Moore v. McKibbon Bros., Inc.*, No. 5:98-CV-923-BO(2), 1999 WL 1940029, at *1 (E.D.N.C. Jan. 8, 1999) (refusing to permit additional deposition regarding affidavit offered in opposition to summary judgment because

"Defense counsel had a full opportunity to explore that topic during the first deposition," and "[t]heir failure to do so is not a reason to re-open discovery"); *Jugobanka d.d. N.Y. Agency v. Unis Int'l Corp.*, No. 93 C 1865, 1995 WL 3987, at *2 (N.D. Ill. Jan. 5, 1995) (denying request to depose individuals who provided affidavits in support of motion for summary judgment because party "has completely failed to demonstrate . . . that it pursued discovery diligently").

**Second**, a deposition would be duplicative of discovery already obtained by Plaintiff. Ms. Nilles has already sat for multiple, lengthy depositions that addressed (in great detail) the particulars of Uber's background check and onboarding processes. In questioning that spans more than 40 pages of deposition transcript, Plaintiff's counsel examined Ms. Nilles at great length about how those processes were applied to Mr. Turay in particular. *See* Ex. 1, Dep. of Hannah Nilles 298-339, Aug. 7, 2025. This is in addition to testimony from other Uber witnesses, such as Gus Fuldner, who (over the course of 15.5 hours) addressed Uber's background checks and onboarding processes, deactivation policies, and Uber's safety features. Deposing Ms. Nilles yet again could not possibly unearth any additional information; rather, Plaintiff's request would only serve to waste time on the eve of trial, which is set to begin on January 13, 2026, just one week after the noticed dates. *See Lobb*, 1993 WL 259470, at *1 ("Here it would be even more burdensome to the defendants to require them to 'set aside [their] own pre-trial preparation to accommodate' [plaintiff] when the trial was little more than two weeks away.") (citation omitted).

**Finally**, to the extent anything in Ms. Nilles's declaration was not specifically addressed in her prior depositions, Plaintiff had ample time and opportunity to do so. *See Fields*, 2022 WL 22891517, at *3 (denying leave to depose witness for a second time because defendants "could have asked [the witness] about the topics covered in the declaration during his deposition but failed to do so"). Of the 30 paragraphs of Ms. Nilles's declaration, just two discuss Uber's compliance with Arizona law, *see* ECF 4356-2 ¶¶ 24-25, which is the only subject that was not specifically covered in her prior August 7 deposition. And because Plaintiff bears the burden of proof on whether Uber's alleged conduct violated Arizona law, her counsel should have reasonably anticipated that this issue would be raised by Uber in its dispositive briefing. Given that Plaintiff's counsel could have

3

questioned Ms. Nilles about this subject, she cannot credibly claim that the information was "previously unavailable to Plaintiff." *Kirksey*, 2021 WL 4865283, at *5 ("Plaintiff's failure to identify and depose" the person who signed declaration "before summary judgment results from Plaintiff's—not Walmart's—discovery missteps").

## IV. CONCLUSION

For the foregoing reasons, the Court should quash Plaintiff's Notice of Deposition for Ms. Nilles.

DATED: January 2, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**PROOF OF SERVICE**

I hereby certify that on January 2, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Laura Vartain Horn*

Laura Vartain Horn