1

2  [Submitting counsel below]

3

4  UNITED STATES DISTRICT COURT
   NORTHERN DISTRICT OF CALIFORNIA
5  SAN FRANCISCO DIVISION

6

7  **IN RE: UBER TECHNOLOGIES, INC.,**          No. 3:23-md-03084-CRB
   **PASSENGER SEXUAL ASSAULT**
8  **LITIGATION**                              **PLAINTIFF'S OPPOSITION TO**
                                               **DEFENDANTS' MOTION TO QUASH**
9                                              **ADDITIONAL DEPOSITION OF HANNAH**
                                               **NILLES**
10
   _____         Judge:  Honorable Charles R. Breyer
11 This Document Relates to:                    Ctrm.:   6-17th Floor

12 *Jaylynn Dean v. Uber Techs., Inc.*,
   N.D. Cal. No. 23-cv-06708
13 D. Ariz. No. 25-cv-4276

14

15

16

17 UNITED STATES DISTRICT COURT
   DISTRICT OF ARIZONA
18 PHOENIX DIVISION

19

20 JAYLYNN DEAN,                                No. 25-cv-4276-PHX-CRB

21         Plaintiff,                           Judge:  Honorable Charles R. Breyer
                                               Ctrm.:   501
22    v.

23 UBER TECHNOLOGIES, INC., et al.,

24         Defendants.
   _____

25

26

27

28

**OPPOSITION**

Because there is good cause for a one-hour deposition of Uber's declarant Hannah Nilles, the Court should deny Uber's motion to quash. In the alternative, the Court should order prompt production of the documents on which Ms. Nilles relied in declaring that Uber complied with all aspects of Arizona law regarding Mr. Turay.

In its motion for summary judgment, Uber contended that its compliance with Arizona's Transportation Network Company statute (A.R.S. §§ 28-9551, et seq.) categorically precludes punitive damages in this case under a provision of Arizona's product-liability laws, A.R.S. § 12-689. In opposition, Plaintiff explained that (1) § 12-689 applies only to certain products liability claims; (2) § 12-689 does not immunize Uber for "actions" not authorized by statute; and (3) in any event, Uber allowed Mr. Turay to drive without a valid driver's license, in violation of the statute.

In support of its motion, Uber submitted a declaration from Ms. Nilles, stating the following: "Upon information and belief, Uber has, at all relevant times, complied with all relevant Arizona statutes regulating Transportation Network Companies." ECF 4356-2 (Nilles Decl.) at ¶ 24. Ms. Nilles's declaration said nothing about Mr. Turay in particular or explain or what "information" she referred to in developing her "belief." *See Barrett v. Forest Labs., Inc.*, 39 F. Supp. 3d 407, 431 (S.D.N.Y. 2014) ("When a plaintiff sets out allegations on information and belief, he is … acknowledging that his allegations are 'based on secondhand information that [he] believes to be true.'") (citation omitted). Except for a discussion of Uber's background checks, the declaration did not discuss any other legal compliance in detail.

Ms. Nilles has no intention of testifying to her declared facts at trial. Ms. Nilles is not on Uber's witness list as a live witness. London Decl. at ¶ 9. Uber has listed her as a witness-by-deposition, but only on the topics of "Mr. Turay's background check and onboarding process. *Id.* at ¶ 10.

To ensure a complete record on this crucial question, Plaintiff seeks a short, one-hour deposition of Ms. Nilles, limited to the factual basis for her declared statements. *See* Ex. 1 (notice). Plaintiff also requested that Ms. Nilles produce "all documents that form the basis for" her declaration. *Id.* at Ex. A. There is good cause to permit the deposition. *See* Mot. at 2 (setting out

1   "need or good reason" standard); *Delgado v. Donald J. Trump for President, Inc.*, 2024 WL

2   4443844, at *2 (S.D.N.Y. Oct. 8, 2024) (permitting deposition "to contest statements contained in

3   [] declaration," even though "Plaintiff was not previously diligent in her efforts to depose

4   Glassner," and explaining that "Plaintiff is … specifically responding to a declaration filed by

5   Defendants, that she could not have known about prior to Defendants filing it in connection with

6   their motion for summary judgment").

7       *First*, Uber dramatically overstates the amount of time for which Ms. Nilles has been

8   deposed. Several of the depositions were in the JCCP, not the MDL. And, in the MDL, Ms. Nilles

9   was designated as Uber's 30(b)(6) witness on a as least twelve distinct general (Uber's actions to

10  prevent sexual assault generally) and case-specific (primarily background checks and onboarding)

11  topics, and so was deposed as part of common discovery and also case-specific discovery for *five*

12  Wave 1 bellwethers.

13      *Second*, Ms. Nilles is in this case only as a 30(b)(6) witness. She was not a document

14  custodian and was never deposed in her personal capacity in either the MDL or the JCCP. As a

15  30(b)(6) witness only, the scope of the relevant information she would provide was defined by Uber

16  and by Uber alone. Ms. Nilles was never designated to testify on all aspects of compliance with the

17  Arizona TNC statute. *See* Mot. at 3 (conceding that "compliance with Arizona law" was not a

18  "subject … covered in" the prior Nilles depositions). Rather, her case-specific testimony concerned,

19  as Uber's motion concedes, "the particulars of Uber's background check and onboarding

20  processes." Mot. at 3. Unlike the cases Uber cites involving personal-knowledge witnesses,

21  Plaintiff had no obligation to "ask[] [Ms. Nilles] about the topic covered in the declaration at [her]

22  deposition." *Fields v. Ethicon*, 2022 WL 22891517, at *3 (S.D. Ga. 2022).

23      Uber criticizes Plaintiff for not seeking testimony from Ms. Nilles on these issues, but Ms.

24  Nilles was not identified on Uber's initial disclosures as a witness with information that Uber might

25  use to support its claims or defenses. London Decl. at ¶¶ 8. In addition, Uber consistently resisted

26  additional document custodians and witnesses. *See* ECF 1699 (order on custodians); ECF 371

27  (order on number of depositions); ECF 3344 (Uber refusing to produce employees as fact witness

28  in case-specific discovery). Instead, by Uber's design, case-specific discovery in this case

1   proceeded largely through Uber's self-selected 30(b)(6) witnesses like Ms. Nilles.

2         *Third*, the deposition ensures a complete record on a crucial issue in this first bellwether

3   trial. Uber engages in mis-direction. Plaintiff does not seek to depose Ms. Nilles on "the Uber

4   platform, the company's practices concerning background checks and the specific checks

5   performed with respect to Mr. Turay." Mot. at 3. Had Ms. Nilles's declaration stuck to the topics

6   for which she was designated as a 30(b)(6) witness (or even if Uber were bringing Ms. Nilles to

7   testify live at trial), then no deposition would be necessary.[1]

8         Ms. Nilles purports to prove categorical compliance with every aspect of Arizona law in

9   this specific case through two vague paragraphs in a declaration, without being willing to testify

10  the same to a jury. Plaintiff, the jury, and the Court are entitled to know the facts by which Ms.

11  Nilles concluded, for example, that Mr. Turay had proof of financial responsibility for the car in

12  which he raped Ms. Dean. *See* A.R.S. § 28-9555(B)(6) ("A transportation network company may

13  not allow a person to act as a transportation network company driver who …. [d]oes not possess

14  proof of financial responsibility for the motor vehicle that will be used as a transportation network

15  company vehicle."). Uber assigned Mr. Turay to pick up Ms. Dean in a Toyota Camry that,

16  according to Mr. Turay, he procured from a third-party leasing agent with Uber's assistance.

17  London Decl. at ¶¶ 3-4. But the only proof of insurance Uber produced is for a different vehicle

18  entirely, and reflected a policy that expired the day before the assault. *Id.* at ¶¶ 6-7.

19        In the alternative, if the Court is not inclined to grant a deposition, the Court should order

20  Uber to produce the documents that formed the basis for Ms. Nilles's declaration, to the extent such

21  documents have not been already produced.

22

23  _____

    [1] In the cases Uber cites involving un-deposed declarants at summary judgment, the witnesses were
24  available to testify at trial. *See Kirksey v. Wal-Mart Stores East LP*, 2021 WL 4865283, at *1 (N.D.
    Ga. Mar. 15, 2021) (witness was "employee at the Store where the incident occurred"); *Fields*,
25  2022 WL 22891517, at *1 (doctor who implanted medical device); *Pakieser v. Mich. Nurses Ass'n*,
    2010 WL 779280, at *1 (E.D. Mich. Mar. 8, 2010) (corporate representative of Michigan
26  association); *Moore v. McKibbon Bros.*, 1999 WL 1940029, at *1 (E.D.N.C. Jan. 8, 1999)
    (testifying expert). In one other case, the court did not rely on the affidavits at issue. *See Jugobanka*
27  *d.d. N.Y. Ag'y v. Unis Int'l Corp.*, 1995 WL 3987, at *2 (N.D. Ill. Jan. 5, 1995). And the last
    involved a plaintiff seeking a different form of relief than Plaintiff seeks here. *See Ala. Aircraft*
    *Indus., Inc. v. Boeing Co.*, 2018 WL 6220073, at *3 (N.D. Ala. June 22, 2018) (request to strike
28  declaration).

Dated: January 2, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 2, 2026

By:    */s/ Andrew R. Kaufman*
Andrew R. Kaufman