UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br><br>ALL CASES. | Case No. 23-md-03084-CRB   (LJC)<br><br>**ORDER REGARDING PLAINTIFFS' PRODUCTION OF EXPERT MATERIALS**<br><br>Re: Dkt. No. 4864-2 |

Pending before the Court is the parties' joint discovery letter regarding whether Plaintiffs' expert Dr. Mindy Mechanic must produce her notes, complete test files, and other documents created during her forensic examination of four bellwether Plaintiffs, and whether Uber may depose Dr. Mechanic before the Dean trial begins on January 8, 2026.  Dkt. No. 4864-2.  Having reviewed the parties' briefing, the record in this action, and the relevant authorities, Uber's request for discovery relief is GRANTED in part and DENIED in part.  Uber's request is GRANTED as to the testing materials it has identified and the notes that exist separate from Dr. Mechanic's draft reports for Plaintiff Jaylynn Dean and the other Wave 1 bellwether plaintiffs.  Uber's request to further depose Dr. Mechanic prior to Dean's trial is DENIED.

**I.     LEGAL STANDARD**

Federal Rule of Civil Procedure 26(a)(2) requires that an expert witness who will be used at trial make certain disclosures, generally including "a written report" providing the expert's "basis and reasons" for all opinions the witness will express during testimony, "the facts or data considered by the witness in forming" their opinions, and "any exhibits that will be used to summarize or support" the expert's testimony.  Rule 26(b)(4)(A) provides that "[a] party may depose any person who has been identified as an expert whose opinions may be presented at trial,"

1    and, if the expert is required to provide a report, their "deposition may be conducted only after the
2    report is provided." Experts need not provide "drafts of any report or disclosure required under
3    Rule 26(a)(2), regardless of the form in which the draft is recorded." Fed. R. Civ. P. 26(b)(4)(B).
4    Though Rule 26 exempts draft expert reports and attorney-expert communications from
5    disclosure, it "allows for discovery of: (a) the testing of material involved in litigation and notes
6    concerning any such testing; (b) alternative analyses, testing methods, or approaches; and (c)
7    'communications the expert had with anyone other than the party's counsel about the opinions
8    expressed.'" *Republic of Ecuador v. Mackay*, 742 F.3d 860, 870 (9th Cir. 2014) (quoting Fed. R.
9    Civ. P. 26(a)(2)(B) advisory committee's notes (2010)). "[M]aterials containing 'factual
10   ingredients' are discoverable, while opinion work product is not discoverable." *Id.* (quoting Fed.
11   R. Civ. P. 26(a)(2)(B) advisory committee's notes (2010)).

## II.   ANALYSIS

### A.   Testing Materials

Uber argues that it is entitled to the questions that correspond with Ms. Dean's TSI-2 and MMPI-3 answer sheets and Dr. Mechanic's SCID booklet and/or notes on Ms. Dean. Dkt. No. 4864-2 at 5. Plaintiffs do not dispute that they have not produced these materials. These materials comprise of testing materials and, possibly, Dr. Mechanic's "notes concerning" her testing of Ms. Dean, and accordingly are discoverable. *Mackay*, 742 F.3d at 870. Even where the testing material is publicly available, Plaintiffs shall produce the material to the extent it is in their or Dr. Mechanic's possession, custody, or control, along with any related notes that Dr. Mechanic has. The protective order shall be followed as needed to ensure that these materials that may not be publicly disclosed are sealed from the public docket and/or limited to attorney's eyes only. In addition to Ms. Dean, the other Wave 1 Plaintiffs shall supplement their productions with any testing materials that have not yet been produced, and the parties shall use the protective order as needed for material whose circulation must be restricted.

### B.   Notes from Forensic Interviews with Wave 1 Bellwether Plaintiffs

Uber also argues that it is entitled to Dr. Mechanic's notes from her forensic interviews with Ms. Dean and the other Wave 1 bellwether plaintiffs, arguing that these notes "constitute the

1  'facts' and 'data' underlying her opinions." Dkt. No. 4864-2 at 5-6. Plaintiffs counter that these
2  notes are drafts of Dr. Mechanic's expert reports, and thus protected from disclosure by Rule
3  26(b)(4)(B). *Id.* at 8. Dr. Mechanic's deposition testimony demonstrates that she took
4  contemporaneous notes during her interviews with Ms. Dean, and, while these notes formed the
5  basis of her report, she omitted certain dates and "specific details" from her reports to improve the
6  report's readability. *Id.* at 9; *see* Dkt. No. 4864-4 at 13-15. Uber is entitled to the factual
7  information contained in Dr. Mechanic's notes but omitted from her report. *See Salazar v. Ryan,*
8  No. CV-96-00085, 2017 WL 2633522, at *3 (D. Ariz. June 19, 2017) (agreeing with respondents'
9  argument that the expert witness's "contemporaneous notes are no different from raw data
10 generated during testing, and would thus be discoverable as a means of providing the basis of [the
11 expert's] opinion"). To the extent Dr. Mechanic's notes are "records of" Ms. Dean's "direct
12 statements, and do not incorporate [Dr. Mechanic's] analysis, opinions or commentary on those
13 statements," they are recitations of facts and data that formed the basis of her opinions and are thus
14 discoverable. *Id..*; *see Davita Healthcare Partners, Inc. v. United States*, 128 Fed. Cl. 584, 591
15 (2016) (distinguishing between discoverable "underlying facts and data" that inform an expert's
16 report and protected preliminary expert opinions). Accordingly, if Dr. Mechanic has notes from
17 her interviews with Ms. Dean and the other Wave 1 bellwether Plaintiffs that exist separately from
18 any draft of her expert reports, those notes shall be produced.[1] Portions of Dr. Mechanic's notes
19 that reflect Dr. Mechanic's "analysis, opinions or commentary," rather than factual information,
20 may be redacted and Plaintiffs shall provide a log providing the basis for each redaction. *Salazar*,
21 2-17 WL 2633522, at *3.

### C. Deposition of Dr. Mechanic

Lastly, Uber requests that Dr. Mechanic be ordered to sit for a deposition regarding her expert report in A.R. prior to the start of the Dean trial so that Uber may "use part of the A.R. deposition to question Dr. Mechanic regarding the materials related to [Ms. Dean] that Dr.

---

[1] Uber appears to contend that if those notes were not preserved, and not incorporated into a draft report, the failure to retain those notes amounts to evidence spoliation. ECF No. 4864-2 at 6. It is premature for the Court to address this issue as the matter has not been briefed.

Mechanic was required but failed to produce prior to her deposition in November." Dkt. No. 4864-2 at 4.  This request is denied.  As permitted by Rule 26(b)(4)(A), Uber took Dr. Mechanic's deposition in the Dean matter after receiving her expert report.  *See* Dkt. No. 4864-4.  Uber questioned Dr. Mechanic regarding her practice of taking notes during her forensic interviews.  *See id.*  Uber then deposed Dr. Mechanic for two other bellwether cases, where, presumably, it had the opportunity to further question Dr. Mechanic regarding "her separate notes documents."  Dkt. No. 4864-2 at 4; *see* Dkt. Nos. 4864-5, 4864-7.  Uber does not explain why it waited over a month—until the Friday afternoon before the Dean trial—to raise this issue.  Moreover, Uber does not argue that it is entitled to reopen Dr. Mechanic's deposition in the Dean matter, but rather seeks to schedule the deposition in A.R. so that it can question Dr. Mechanic "regarding the materials related to" Dean.  Dkt. No. 4864-2 at 4.  Uber's belated request to schedule the deposition in A.R. appears to be an attempt at an end run around of Rule 26(b)(4)(A) and is accordingly denied.  Based on Plaintiffs' representation that "Dr. Mechanic will provide a deposition in A.R.[] as soon as practicable," the undersigned orders Dr. Mechanic to provide promptly her available dates, but the deposition in A.R. need not be scheduled or held before the Dean trial.  *Id.* at 7.

### III.     CONCLUSION

Plaintiffs shall produce the questions that correspond with Ms. Deans' TSI-2 and MMP-3 answer sheets and Dr. Mechanic's SCID booklet and/or notes on Ms. Dean as soon as possible, but no later than January 6, 2026.  To the extent they exist as a separate document from her draft report, Plaintiffs shall produce Dr. Mechanic's contemporaneous notes containing factual information from Dr. Mechanic's forensic interviews with Ms. Dean and the other bellwether plaintiffs.  These notes concerning the forensic interview with Ms. Dean shall be produced not later than January 6, 2026.

With respect to the other Wave 1 bellwether Plaintiffs, the parties shall meet and confer to determine by when the testing materials and notes shall be produced in compliance with this order.  The testing materials and notes for the other Wave 1 bellwether Plaintiffs need not be produced before Ms. Dean's trial.

4

Uber's request that Dr. Mechanic be ordered to appear for her deposition in A.R. before the beginning of the Dean trial is denied.

**IT IS SO ORDERED.**

Dated:  January 4, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge

5