**NIGH GOLDENBERG RASO & VAUGHN PLLC**
Marlene Goldenberg (*Pro hac vice*)
14 Ridge Square NW
Third Floor
Washington DC 20016
Phone: (202)-792-7927
Facsimile: (202)-792-7927
Email: mgoldenberg@nighgoldenberg.com

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | No. 3:23-md-03084-CRB<br><br>**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF K.N.** |
| This Document Relates to:<br><br>*K.N. v. Uber Technologies, Inc., et al.*<br>Case No. 3:25-cv-04184 | Judge: Honorable Charles R. Breyer<br>Date:   TBD<br>Time:   TBD<br>Courtroom: |

**REPLY IN SUPPORT OF MOTION TO WITHDRAW AS COUNSEL**

Nigh Goldenberg Raso & Vaughn PLLC (NGRV) hereby moves to withdraw from representation of Plaintiff K.N., who became unreachable to the instability of homelessness. Lacking any basis on which to challenge NGRV's Motion, Uber instead stooped to inaccurately smearing NGRV and Plaintiff K.N. with allegations about *other* law firms and *other* plaintiffs. *See* ECF 4814 at 2. Whatever issues Uber may claim to have with other "Plaintiffs' counsel" are immaterial to this Motion, this firm, and this Plaintiff.

The facts of *this case* support withdrawal. Plaintiff K.N., who is unhoused, appears to lack any permanent phone number or address. While she initially maintained contact with NGRV, she subsequently lost contact with her lawyers at NGRV and, despite performing background checks, conducting numerous outreach attempts, and engaging a private investigator, NGRV has not been able to locate Plaintiff K.N. Indeed, NGRV's private investigator learned that even Plaintiff K.N.'s next of kin (who NGRV's investigator was able to locate) are unaware of her current whereabouts. As a result, it is not only unreasonably difficult but impossible for NGRV to continue its representation of Plaintiff K.N. To avoid prejudice, undue delay, or inappropriate impacts on the administration of justice, NGRV filed this Motion only after first exhausting all efforts to locate Plaintiff K.N. and after confirming that there are no other outstanding motions related to Plaintiff K.N.

**ARGUMENT**

The Court should authorize NGRV to withdraw from its representation of Plaintiff K.N. pursuant to Cal. Rules Prof. Conduct 1.16(d)(1). This Motion follows extensive and costly efforts by NGRV to reestablish contact with Plaintiff K.N., who was sexually assaulted in an Uber ride arranged by a homeless shelter and lacks a permanent address or consistent contact information. NGRV has no reason to believe that Plaintiff K.N. purposely disengaged; instead, NGRV believes that Plaintiff K.N. is uncontactable because she is experiencing homelessness. A majority of those experiencing

homelessness experience "considerable" turnover in phone numbers and cell phones during even a brief three-month period.[1] These individuals are still entitled to retain counsel and file lawsuits, though it can present difficulties if clients do not remember to update their attorneys when their contact information changes. Here, after conducting background checks, contacting Plaintiff K.N. repeatedly using her last known contact information, and utilizing a private investigator, NGRV was not able to locate any trace of Plaintiff K.N. ECF 4776-1, Goldenberg Decl. ¶ 4. Even Plaintiff K.N.'s next of kin notified the private investigator that they did not know her current whereabouts. Continued representation of Plaintiff K.N. is not just difficult, it is impossible because NGRV has no way to meet upcoming deadlines or gather outstanding discovery. *Id.* Throughout this process, NGRV preserved Plaintiff K.N.'s rights by serving required documents including a Plaintiff Fact Sheet using information previously confirmed by Plaintiff K.N.; however, NGRV was not able to provide a complete PFS because Plaintiff K.N. did not confirm all answers and NGRV was not able to provide a verified (i.e., signed) PFS because Plaintiff K.N. could not be located to obtain a signature for her certification form.

***Reason for Withdrawal.*** NGRV moved to withdraw because it is "unreasonably difficult" to do so effectively. Cal. Code Prof. Cond. R. 700(C)(1)(d). Uber faults NGRV for not submitting a completed PFS including a signed certification from Plaintiff K.N and for continuing to represent her. *See* ECF 4818 at 2–3. This is precisely the issue: NGRV cannot meet the Court's deadlines because Plaintiff K.N. is unreachable despite NGRV's best efforts to locate her. Uber suggests that the inability to communicate with a client is not sufficient grounds for withdrawal, but there is "good cause to withdraw where [a] client stopped communicating with [her] counsel on any matters regarding the case." *Rosales v. Garrison Prop. & Cas. Ins. Co.*, 2023 WL 429817, at *2 (C.D. Cal.

---

[1] Harmony Rhodes, et al., *No Digital Divide? Technology Use Among Homeless Adults*, 22 J. SOC. DISTRESS. HOMELESS 73, 75 (2017).

April 19, 2023).

**Prejudice.** Plaintiff K.N. will not be prejudiced. Though Uber asserts "she is facing case-terminating sanctions," ECF 4818 at 3, this is simply false. NGRV confirmed before filing its Motion that no motions of any kind related to Plaintiff K.N. had been filed. ECF 4776-1, Goldenberg Decl. ¶ 7. Plaintiff K.N. is not prejudiced by any hypothetical future motion. While Uber claims that Plaintiff K.N. will be prejudiced if this Motion is granted, NGRV's extensive efforts to locate Plaintiff K.N. weigh against this conclusion. *See Correia v. The Nat'l R.R. Passenger Corp.*, 2015 WL 4606064, at *2 (N.D. Cal. July 31, 2015) (finding that plaintiff's counsel took reasonable steps to avoid prejudice where they performed background checks and utilized a private investigator). Here, NGRV performed background checks, made numerous attempts to contact Plaintiff K.N. using the contact information furnished by background checks, and engaged a private investigator to search for Plaintiff K.N. ECF 4776-1, Goldenberg Decl. ¶ 4. NGRV's private investigator was able to locate Plaintiff K.N.'s next of kin, but even they were unaware of her current whereabouts. *Id.* Uber also claims that *it* will be prejudiced because, if NGRV withdraws, NGRV will not provide the information about Plaintiff K.N. it "owes" Uber. ECF 4818 at 4. However, NGRV is not willfully withholding information. Its client is missing, and NGRV's continued participation will not yield the information Uber demands.

To the extent Uber claims it will somehow be prejudiced going forward if NGRV is permitted to withdraw because NGRV committed "fraud" by submitting an "incomplete and unverified" PFS, this argument is meritless. First, as NGRV previously explained, the PFS is "unverified" in the sense that Plaintiff K.N. did not execute the verification page, not that NGRV failed to verify the accuracy of information entered into MDL Centrality's PFS portal with its client. The representation that the "statements set forth [in the PFS] are true and correct to the best of [the plaintiff's] knowledge" is contained in the verification page of the PFS, *see* ECF 348-1 at 16 (adopted PFS). Absent a signed verification, there is no representation that the plaintiff made the statements set forth in the PFS him

NOTICE OF MOTION AND MOTION TO WITHDRAW AS COUNSEL

or herself. Indeed, the parties did not truly contemplate such a process given that the PFS responses are entered on MDL Centrality, a portal used only by attorneys and their staff, and then *verified* by the plaintiff as true and correct. *See id.* Here, this verification step was never completed and NGRV never represented the PFS as having been filled out or verified by Plaintiff K.N. This is not fraud. At most, this situation demonstrates that the Parties were not aligned as to PFS process.

Second, even if Uber was somehow convinced that NGRV was trying to pass off a PFS without a verification page as one completed and reviewed by the client, this does not amount to prejudice that *will* occur if NGRV is permitted to withdraw. Uber fails to identify how its unsubstantiated and false allegations of *past* fraud will prejudice it if NGRV's motion to withdraw is granted. There is simply no connection between the two. Instead, NGRV did what its ethical obligations required in the face of an unreachable client: preserve all deadlines by producing the discovery responses the client had already provided.[2] *See* Cal. R. Prof. Cond. 1.2.1.

***Administration of Justice.*** Uber argues that denial of the Motion is required because (it says) NGRV did not address the administration of justice factor. Uber is wrong on both counts. While Uber relies on *In re Cellular 101, Inc.* for this proposition, that case says no such thing. *In re Cellular* concerns a defendant's failure to timely raise an affirmative defense, not the issue of whether a party's factor to address one of several non-dispositive factors on a withdrawal motion precludes withdrawal. 539 F.3d 1150, 1157 (9th Cir. 2008); *see Rosales*, 2023 WL 429817 (explaining that administration of justice and delay factors are "not dispositive"). In any event, contrary to Uber's assertion, NGRV did address "administration of justice." *See* Mem. at 4 ("Permitting NGRV to withdraw will not … harm the administration of justice."); *see also* Mem. at 5. As NGRV explained, while the Court denied motions to withdraw filed by other firms on administration of justice grounds where there were pending

---

[2] In doing so, NGRV did not provide a verification of the responses because it could not do so without Plaintiff K.N.'s participation.

motions involving the subject plaintiffs, NGRV confirmed at the time of filing that no such motions existed. ECF 4776-1, Goldenberg Decl. ¶ 7.

Uber also demands that NGRV be forced to turn over attorney-client privileged information about NGRV's "communications with Plaintiff K.N. and what it did to investigate her claims." ECF 4818 at 4.[3] However, Uber's specious allegations based on the conduct of *other law firms* is not sufficient to override attorney-client privilege and mandate NGRV to turn over its communications with Plaintiff K.N. NGRV does not seek to withdraw from Plaintiff K.N.'s case because of any information learned in the case-vetting process, but because NGRV cannot reach her despite running background checks and engaging a private investigator. ECF 4776-1, Goldenberg Decl. ¶ 4.

***Delay.*** Uber asserts that NGRV's withdrawal will "likely delay" these proceedings, though it fails to address *how* this will happen. ECF 4818 at 3. Indeed, as NGRV explained, there will be no delay: at the time of filing, there were no pending motions related to Plaintiff K.N. and no MDL deadlines relate to Plaintiff K.N. To the extent the deadline to complete the PFS has passed, NGRV cannot facilitate these deadlines even if it remains counsel of record because it simply has no way of contacting Plaintiff K.N. (thus, this Motion).

## CONCLUSION

NGRV respectfully requests that the Court enter an order terminating its representation of Plaintiff and allowing Plaintiff 30 days to retain new counsel.

Dated: January 5, 2026

Respectfully submitted,

/s/ Marlene Goldenberg
Marlene Goldenberg (Pro Hac Vice)
Sam Hoefs (Pro Hac Vice)

---

[3] Uber here relies on *Floyd v. Amazon.com, Inc.*, 2024 WL 5040453 (W.D. Wash. Nov. 5, 2024). However, *Floyd* does not concern an unreachable client, but a client whose relationship with counsel became "broken" down, for unspecified reasons. *Id.* at *1. In addition, unlike *Floyd*, NGRV provided extensive information about its efforts to reach out to Plaintiff K.N. numerous times at her last-known contact information, to perform background checks, and to send a private investigator to locate K.N. ECF 4776-1, Goldenberg Decl. ¶ 4. The circumstances that warrant withdrawal here are, unlike *Floyd*, well-documented in the record.

| | |
|---|---|
| 1 | **NIGH GOLDENBERG RASO & VAUGHN PLLC** |
| 2 | 14 Ridge Square NW, Third Floor |
| | Washington, DC 20016 |
| 3 | Tel.: (202) 978-2228 |
| | Fax: (202) 792-7927 |
| 4 | Mgoldenberg@nighgoldenberg.com |

**CERTIFICATE OF SERVICE**

I hereby certify that on December 21, 2025, I electronically filed the foregoing using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

Furthermore, on December 21, I electronically filed the foregoing in Plaintiff's individual docket using the CM/ECF system which will serve notification of such filing to all counsel of record and certify that a copy of this document was sent by mail to Plaintiff.

/s/ Marlene Goldenberg
Marlene Goldenberg
