1

2 [Submitting counsel below]

3

4

5

6

7 UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
8 SAN FRANCISCO DIVISION

9

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **PLAINTIFF'S MOTION TO STRIKE CLAWBACK NOTICE** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *Jaylynn Dean v. Uber Techs., Inc.,* N.D. Cal. No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | Ctrm.: 6-17th Floor |

10

11

12

13

14

15

16

17

18 UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
19 PHOENIX DIVISION

20

| | |
|---|---|
| JAYLYNN DEAN, | No. 25-cv-4276-PHX-CRB |
| Plaintiff, | Judge: Honorable Charles R. Breyer |
| v. | Ctrm.: 501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

21

22

23

24

25

26

27

28

## MOTION TO STRIKE

### I.    Introduction

Under Civil Local Rule 7-11, Plaintiffs move to strike Uber's January 2, 2026 notice of clawback ("Clawback Notice"), which seeks to sequester on the eve of trial documents that Uber has known for months are among the documents Plaintiffs intend to rely to prove their case at trial. Uber cannot with a straight face claim that it just discovered these documents were produced and, to its surprise, had purported privileged content. Twenty (20) of the documents were exhibits to depositions that took place months ago, nineteen (19) were referenced in Plaintiffs' September 2025 expert reports, and three were the subject of party negotiations that began in October 2025 regarding a business records stipulation filed with the Court last month. Two of them are even on Uber's own trial exhibit list.

Uber's eleventh-hour tactic, which seeks only to game the clawback procedures to its advantage at trial, is untimely – to say the least. With respect to the above-discussed documents, Uber cannot demonstrate its compliance with paragraph 4 of PTO 14 (ECF 396), which requires a "Producing Party" to "notify the Receiving party within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection." Regarding deposition exhibits, paragraph 10 of PTO 14 similarly and unequivocally bars Uber's attempted clawback. It says: "With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final transcript, the asserted privilege or protection will be deemed as waived absent good cause." Uber's Clawback Notice does not even come close. It was sent between 98 and 291 days after receiving the relevant final transcripts. That delay is between nearly five times and almost fifteen times the twenty-day limit. And Uber makes no effort to explain its delay, let alone demonstrate good cause. Plaintiffs have relied on these documents for months in preparing their case for trial, and Uber knows it. The prejudice here is severe. Uber's eleventh-hour gamesmanship must be rejected.

## II.    **Factual Background**

This case is set to begin jury selection on January 8, 2026, and discovery has been underway for two years. During that time, Uber has produced millions of documents across more than 200 production volumes, beginning in January 2024.

On the evening of Friday, January 2, 2026, less than a week before jury selection, Uber sent the Clawback Notice, invoking PTO 14 and advising of its purported "inadvertent production" of 46 documents spanning dozens of production volumes. Uber offered no explanation for its delay and asserted no good cause. But it did demand Plaintiffs immediately "destroy or sequester all copies" of the alleged "inadvertently produced" documents, before Uber has even provided a privilege log description of the document or advised of whether it intends to claw the documents back in full or only in part. Exhibit 1, 1/2/26 Clawback Notice.

Uber cannot legitimately claim that all (or even most) are documents it only recently discovered as "inadvertently produced." Many were used as exhibits in depositions months ago. Uber's counsel was present, reviewed the exhibits, and never once raised a privilege objection or sought a clawback. Equally egregious: In October 2025, Uber stipulated that some of these documents were authentic business records. Even more puzzling (and telling), Uber seeks to clawback two documents that it put on its own trial exhibit list.

The timing is no accident. Under PTO 14, Plaintiffs may challenge Uber's clawback through the Special Master, but that process cannot conclude before trial. Uber knows this. By waiting until now, Uber has ensured that even if its privilege claims are ultimately rejected (which they should be), Plaintiffs will be unable to use the documents at trial or in their trial preparation. This Court should not permit Uber's blatant gamesmanship.

Uber's tactic is not only untimely; it is exactly what Plaintiffs warned the Court about six weeks ago. In the November 17, 2025 Joint Status Report, Plaintiffs specifically raised the concern that "Uber may attempt to clawback additional documents on the eve of trial, potentially delaying trial," and requested the Court establish a clawback cutoff. ECF 4419 at 2. At the November 20, 2025 discovery conference, Judge Cisneros acknowledged the concern and suggested that "it makes sense to set such a cutoff for clawbacks in the Dean case," directing the

parties to meet and confer on a resolution. Nov. 20, 2025 Hr'g Tr. at 5:16-17, 6:20-21. Instead of working toward a good-faith resolution, Uber did the opposite: it waited until the eve of trial and served this sweeping Clawback Notice, doing precisely what Plaintiffs predicted.

### III.    <u>Argument</u>

The extent of Uber's delay is not a matter of inference. PTO 14 (ECF 396) requires a "Producing Party" to "notify the Receiving party within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection." With respect to documents used in a deposition, PTO 14 requires that a Clawback Notice be sent within twenty days of receiving the final transcript, or else privilege is "deemed as waived absent good cause." The following table demonstrates that Uber sent its January 2, 2026 Clawback Notice months, not days, after Uber received the relevant transcripts:

| Bates | For Documents Used at Depositions, Days Uber Waited to Clawback under PTO 14 | Notes |
|---|---|---|
| UBER_JCCP_MDL_000045899 | 161 | |
| UBER_JCCP_MDL_000158091 | 98 | |
| UBER_JCCP_MDL_000184573 | 98 | |
| UBER_JCCP_MDL_000257549 | 207 | |
| UBER_JCCP_MDL_000535001 | | Document appears on Uber's trial exhibit list as D-00116. |

| Bates | For Documents Used at Depositions, Days Uber Waited to Clawback under PTO 14 | Notes |
|---|---|---|
| UBER_JCCP_MDL_000909003 | 214 | Uber previously de-designated this document, withdrawing any privilege claim and waiving its right to clawback. 11/26/25 Production Log at p. 11 (Prod. Vol. JCCP_MDL125: "Documents for which Defendants no longer assert a claim of privilege or produce now with privilege redactions from Uber's privilege log"). [FN: Uber's attempt to clawback documents it previously de-designated has been rejected several times by Judge Cisneros and the Special Master. *See, e.g.*, ECF 3545. |
| UBER_JCCP_MDL_001090657 | 98 | |
| UBER_JCCP_MDL_001102563 | 98 | |
| UBER_JCCP_MDL_001467288 | 241 | |
| UBER_JCCP_MDL_001534042 | N/A | Uber stipulated this document was a business record on 12/13/25. ECF 4668. |
| UBER_JCCP_MDL_001563271 | 232 | |
| UBER_JCCP_MDL_001699650 | 207 | |
| UBER_JCCP_MDL_002057225 | 169 | |
| UBER_JCCP_MDL_002059181 | 291 | |
| UBER_JCCP_MDL_002184840 | 207 | |
| UBER_JCCP_MDL_002262778 | 98 | |
| UBER_JCCP_MDL_002286376 | 233 | |
| UBER_JCCP_MDL_002315507 | N/A | Uber stipulated this document was a business record on 12/13/25. ECF 4668 |
| UBER_JCCP_MDL_002315575 | N/A | Uber stipulated this document was a business record on 12/13/25. ECF 4668 |

| Bates | For Documents Used at Depositions, Days Uber Waited to Clawback under PTO 14 | Notes |
|---|---|---|
| UBER_JCCP_MDL_002473662 | 98 | |
| UBER_JCCP_MDL_002655853 | 200 | |
| UBER_JCCP_MDL_002657950 | 261 | |
| UBER_JCCP_MDL_002735065 | 98 | |
| UBER_JCCP_MDL_002992877 | 98 | |
| UBER_JCCP_MDL_003046461 | 98 | |
| UBER_JCCP_MDL_003077777 | 98 | |
| UBER_JCCP_MDL_003212294 | 98 | |
| UBER_JCCP_MDL_003212951 | 227 | |
| UBER_JCCP_MDL_003292945 | | |
| UBER_JCCP_MDL_003628483 | 98 | |
| UBER_JCCP_MDL_003726658 | 98 | |
| UBER_JCCP_MDL_003755190 | 98 | |
| UBER_JCCP_MDL_003945059 | 197 | |
| UBER_JCCP_MDL_004201586 | 130 | |
| UBER_JCCP_MDL_004212106 | 98 | |
| UBER_JCCP_MDL_004999440 | 228 | |
| UBER_JCCP_MDL_005031659 | 130 | |
| UBER_JCCP_MDL_005176144 | 122 | Document appears on Uber's trial exhibit list as D-00101. |
| UBER_JCCP_MDL_005266819 | 122 | |
| UBER_JCCP_MDL_005676090 | 207 | |
| UBER_JCCP_MDL_005696274 | N/A | |
| UBER_JCCP_MDL_005696277 | N/A | |
| UBER_JCCP_MDL_005696279 | N/A | |
| UBER_JCCP_MDL_005696281 | N/A | |
| UBER_JCCP_MDL_005696283 | N/A | |
| UBER_JCCP_MDL_005696285 | N/A | |

1    The game is apparent. Uber recognizes the impact these documents will have with the jury,

2    and knowing they have no other basis for keeping them out of evidence, they instead seek to claw

3    them back in a last-ditch effort to withhold the truth. Uber makes it especially hard to conclude that

4    this is anything other than a tactic – it seeks to clawback two documents included in its own trial

5    exhibit list and three documents that, just last month, it stipulated (for purposes of trial) were

6    business records.[1] ECF 4668. Yet now in January, Uber expects the Court to believe that it just

7    realized these documents are privileged.[2] The scope of Uber's January 2, 2026 Notice underscores

8    the abuse: it purports to claw back documents spanning dozens of production volumes, including

9    JCCP_MDL001, one of the earliest productions in this litigation (produced in August 2024).

10    Under normal circumstances, this tactic would not work, but because of the timetables

11    established by the parties' clawback objections procedure, Uber knows that even if they are

12    ultimately unsuccessful and the special master disagrees with Uber that the documents are

13    privileged, that decision will not come in time for Plaintiffs to enter those documents into evidence

14    in the upcoming trial. In Uber's mind, the gambit is a win-win.[3]

15    This Court should strike Uber's Clawback Notice. Uber has waived any privilege by failing

16    to comply with PTO 14. Uber invokes PTO 14 authority for its attempted clawback, but it does not

17    even acknowledge the deadlines PTO 14 establishes, or demonstrate good cause for its delay, or

18    even make some attempt to grapple with its obvious untimeliness.

19    Allowing the Clawback to stand would reward Uber for sitting on its rights, penalize

20    Plaintiffs for Uber's inaction, and permit Uber to weaponize a procedural mechanism designed to

21    protect genuine privilege as a trial tactic. Striking the Clawback Notice is the only remedy that

22    restores the status quo and ensures Plaintiffs can present their case with the evidence they have

23    relied upon for months. In the alternative, Plaintiffs request that the Court direct the Special Master

24    to complete review of the clawed-back documents before trial, so that any documents determined

---

[1] The discussion between the parties on those stipulated documents stretches back to September, meaning that Uber knew about Plaintiffs' possession of those documents for *months*.

[2] Several of the clawed back documents were also included in Plaintiffs expert reports that Plaintiffs served on Uber in September.

[3] On January 4, 2025, Plaintiffs advised Judge Jones of the clawback notice and informed the special master of this motion.

1    not to be privileged may be used.

2

3    Dated: January 5, 2026                    Respectfully submitted,

4                                              By: */s/ William Smith*

5                                                  William L. Smith (Cal Bar No.
6                                                  324235)
                                                   **ANAPOL WEISS**
7                                                  6060 Center Drive, 10th Floor
                                                   Los Angeles, CA 90045
8                                                  Telephone: 202.780.3014
                                                   Facsimile: 202.780.3678
9                                                  Email: wsmith@anapolweiss.com

10                                                 **GIRARD SHARP LLP**
11                                                 601 California St., Suite 1400
                                                   San Francisco, CA 94108
12                                                 Telephone: (415) 981-4800
                                                   slondon@girardsharp.com

13                                                 By: */s/ Rachel B. Abrams*
14                                                 Rachel B. Abrams (SBN 209316)

15                                                 **PEIFFER WOLF CARR KANE
                                                   CONWAY & WISE, LLP**
16                                                 555 Montgomery Street, Suite 820
                                                   San Francisco, CA 94111
17                                                 Telephone: (415) 426-5641
                                                   Facsimile: (415) 840-9435
18                                                 rabrams@peifferwolf.com

19                                                 By: */s/ Roopal P. Luhana*
                                                   Roopal P. Luhana
20

21                                                 **CHAFFIN LUHANA LLP**
                                                   600 Third Avenue, 12th Floor
22                                                 New York, NY 10016
                                                   Telephone: (888) 480-1123
23                                                 Facsimile: (888) 499-1123
                                                   luhana@chaffinluhana.com

24                                                 *Co-Lead Counsel*

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 5, 2026                                    By:    */s/ William L. Smith*
                                                                            William L. Smith