[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge:  Honorable Charles R. Breyer<br>Ctrm.:   501<br><br>**NOTICE RE: STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

1  Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff
2  respectfully submits this Statement in support of Defendants' Administrative Motion to Consider Whether
3  Another Party's Material Should be Filed Under Seal. ECF 4823.
4  Uber's motion was filed under Federal Rule of Evidence 412. Under that Rule, "[u]nless the court
5  orders otherwise, the motion, related materials, and the record of the hearing must be and remain sealed."
6  Fed. R. Evid. 412(c)(2). Accordingly, Uber's motion and "related materials," including all exhibits must
7  remain sealed.
8  In the alternative, substantial portions of the motion and Exhibits 1-4 should be sealed because they
9  involve intimate and sensitive aspects of Plaintiff's and third parties' personal lives:

| Exhibit | Description of Material to Be Sealed |
|---|---|
| Portions of Defendants' Motion to Permit Evidence Under FRE 412 (ECF 4824) | Intimate and sensitive aspects of Plaintiff's and third parties' personal lives at 1:4, 1:9, 1:10, 1:17, 2:9, 2:10, 2:13-2:14, 2:16, 2:19-2:20, 2:20-24, 2 nn. 1, 3:1-6, 3:7-17, 4:10, 4:14, 5:2, 5:8-9, 5:16, 6:14-15, 7:15, 7:26.<br><br>Plaintiff's medical history at 1:4, 1:9, 1:17, 2:10, 3:18, 3:18-21, 4:10, 4:14, 5:2, 5:10, 5:17, 6:15, 7:15, 7:26.<br><br>The names of third parties at 2:23-24, 2 nn. 1, 3:2, 3:3, 3:5, 3:7-9, 3:11, 3:14, 3:18, 5:9, 6:15-16 |
| Portions of Exhibit 1 to the Declaration of Laura Vartain Horn in Support of Defendants' Motion (ECF 4824-2) | Intimate and sensitive aspects of Plaintiff's and third parties' personal lives at 28:21-25, 29:1-17, 29:22-23, 29:25, 34:1-2, 34:10-25, 35:1-23, 36:11-16, 36:18-21, 37:1-6, 37:10-13, 37:20-22, 111:20, 112:1-16, 112:17-25, 113:1-25, 115:1-12, 115:15-24, 118:1-19, 121:23-25, 122:1-25, 123:1-5, 123:13-23, 124:2-24, 125:1-11, 125:14-25, 127:1-25, 128:1-17.<br><br>Plaintiff's medical and mental health history at 36:18-25, 133:2-25, 134:1-20.<br><br>The names of third parties at 108:4, 108:10, 111:1, 112:12, 115:1, 115:5, 118:12, 118:18, 118:21, 121:9, 121:14, 121:15, 121:18, 121:21, 122:6, 123:13, 123:14, 124:3, 124:6, 124:11, |

| Exhibit | Description of Material to Be Sealed |
|---|---|
| | 124:14-16, 124:21, 125:15, 125:19, 127:1-2, 127:8, 128:19, 133:2, 133:3, 133:21, 134:10. |
| Portions of Exhibit 2 to the Declaration of Laura Vartain Horn in Support of Defendants' Motion (ECF 4824-3) | Intimate and sensitive aspects of Plaintiff's and third parties' personal lives at 201, 202, 203. |
| Portions of Exhibit 3 to the Declaration of Laura Vartain Horn in Support of Defendants' Motion (ECF 4824-4) | The personally identifiable information of Plaintiff at 1, 16.<br><br>Substance abuse by Plaintiff and third parties at 16, 17, 18, 19 , 20, 21, 22, 24, 25, 35, 36, 37, 44.<br><br>Intimate and sensitive aspects of Plaintiff's and third parties' personal lives 17, 20, 23, 27, 28, 30, 31, 32, 33, 34, 35, 36, 37, 38, 39, 44, 47, 52, 53.<br><br>The names of third parties at 20, 23, 27, 30, 31, 32, 33, 34, 35, 37, 39, 44, 47, 48, 49, 50, 51, 52, 53, App'x D at 1, 2.<br><br>The name of a bellwether plaintiff proceeding under pseudonym at 52.<br><br>Plaintiff's medical and mental health history at 32, 35, 40, 41, 42, 43, 44, 47, 52, 53, 54, App'x D at 1. |
| Portions of Exhibit 4 to the Declaration of Laura Vartain Horn in Support of Defendants' Motion (ECF 4824-5) | Intimate and sensitive aspects of Plaintiff's and third parties' personal lives at 298:6-25, 299:1-25, 300:1-9, 300:22-25, 303:1-15, 304:8-21.<br><br>The names of third parties at 298:19, 299:25, 300:7, 300:25. |

## I.   LEGAL STANDARD

Documents which do not relate directly to the merits of a case are properly sealed when a moving party makes "a particularized showing under the good cause standard of Rule 26(c)." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (internal quotations and citations omitted); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-1102 (9th Cir. 2016). Good cause may exist when issuing an order to seal is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c).

The documents here are related to the scope of evidence related to Plaintiff's past that Defendants' may present at trial. Courts consistently recognize that evidentiary rulings about what evidence may be presented are procedural determinations that do not resolve the underlying claims. *2-Way Computing, Inc. v. Nextel Fin. Co.,* 2015 WL 456519, at *1, fn. 1 (D. Nev. Feb. 3, 2015) (stating that "good cause is the standard to apply to… non-dispositive evidentiary motions."). As Defendants' Motion is related to the scope of evidence at trial, rather than resolving the merits of the case, the good cause standard applies.

## II. EVEN IF THE COURT DOES NOT MAINTAIN THE ENTIRE FILINGS UNDER SEAL PURSUANT TO FRE 412(C)(2), PORTIONS OF DEFENDANTS' MOTION AND EXHBITS SHOULD BE SEALED

The information that Plaintiff seeks to seal includes information regarding the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health history, details of past substance abuse by Plaintiff and third parties, and the personally identifiable information ("PII") of Plaintiff, third parties, and another bellwether plaintiff proceeding under pseudonym. *See* Kalonia Decl. ¶¶ 3-7. Relevant portions of Defendants' Motion and Exhibits should be sealed to avoid harm to plaintiffs' and third parties' privacy interests.

### A. Failing to Seal the Records Would Harm Plaintiffs and Third Parties

First, portions of Defendants' Motion and Exhibits that contain information regarding intimate and sensitive aspects of Plaintiff's and third parties' personal lives should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). Courts have found that details of personal lives, including allegations of past abuse, "do[] not create a public interest sufficiently large to outweigh the [] private interests in confidentiality." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 427 (9th Cir. 2011).

Second, the portions Defendants' Motion and Exhibits that contain information regarding Plaintiff's medical and mental health history should be sealed. Courts have routinely found that medical and mental

3

health history is sealable under the higher compelling reasons standard. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1210 (9th Cir. 2024) ("[P]rotecting an individual's constitutional and statutory right to privacy is a compelling interest that may justify sealing a particular medical or health record."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

Third, portions of Defendants' Exhibits pertaining to Plaintiff's and a third party's substance use should be sealed. *See Voice of San Diego v. Naval Crim. Investigative Serv.*, 753 F. Supp. 3d 1069, 1122 (S.D. Cal. 2024) (recognizing that "records revealing [individuals']… participation in… using illegal or controlled substances implicated substantial privacy concerns" and disclosure could "foreseeably expose these third parties to harassment, embarrassment, or stigma and, potentially, could impact their employment.") (collecting cases).

Lastly, the identified portions of Defendants' Motion and Exhibits that contain names of third parties and another bellwether plaintiff proceeding under pseudonym, and the middle name and birthdate of Plaintiff, are sealable because they are PII. The Court has previously granted plaintiffs in this litigation the option of proceeding anonymously as "plaintiffs' need to proceed anonymously outweighs the prejudice to the defendants and the public's interest in knowing the parties' identities." ECF 174. Courts, further, routinely seal PII under the more stringent compelling reasons standard. *See Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action") (collecting cases).

Disclosure of the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health history, details of past substance abuse by Plaintiff and third parties, and the personally identifiable information ("PII") of Plaintiff, third parties, and another bellwether plaintiff proceeding under pseudonym, would cause significant privacy harms that may result in public humiliation, reputational damage, unwanted media attention, annoyance, and embarrassment. *See* Kalonia Decl. ¶ 8. Fed. R. Civ. P. 26(c).

The significant privacy concerns of Plaintiff and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 9.

### B. Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm

There is no less restrictive alternative to sealing portions of Defendants' Motion and Exhibits, since describing the material Plaintiff seeks to seal is tantamount to revealing the details of its content. *See* Kalonia Decl. ¶ 10. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information, while ensuring the public retains access to the rest of the exhibits. *See id.*

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order that the entirety of Defendant's Motion and Exhibits be maintained under seal pursuant to Fed. R. Evid. 412(c)(2). In the alternative, the portions of Defendants' Motion and the Exhibits listed above should be maintained under seal.

Dated: January 5, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

5
PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276

By: /s/ Rachel B. Abrams
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: /s/ Roopal P. Luhana
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

### FILER'S ATTESTATION

I, Maya Kalonia, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 5, 2026                                 /s/ Maya Kalonia
                                                      Maya Kalonia

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276