1    [Submitting counsel below]

2

3

4                    UNITED STATES DISTRICT COURT

5                  NORTHERN DISTRICT OF CALIFORNIA

6                     SAN FRANCISCO DIVISION

7

8    **IN RE: UBER TECHNOLOGIES, INC.,**          No. 3:23-md-03084-CRB
     **PASSENGER SEXUAL ASSAULT**
9    **LITIGATION**                               **PLAINTIFF'S OPPOSITION TO**
                                                   **DEFENDANTS' SECOND MOTION TO**
10                                                 **STRIKE PLAINTIFF'S WITNESS AND**
                                                   **EXHIBIT LISTS**
11

12   This Document Relates to:
                                                   Judge: Hon. Charles R. Breyer
13   *Jaylynn Dean v. Uber Techs., Inc.*,          Courtroom: 6 – 17th Floor
     N.D. Cal. No. 23-cv-06708
14   D. Ariz. No. 25-cv-4276

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

Uber's second motion to strike is an attempt to impose artificial and prejudicial constraints on Plaintiff's trial presentation rather than a response to any real surprise or misconduct. Plaintiff has acted in good faith, substantially reduced her exhibit list, and complied with all governing pretrial orders. Uber nonetheless asks the Court to force further premature narrowing in a fluid trial setting—despite the fact that the vast majority of the listed witnesses and exhibits are Uber's own witnesses, Uber's own documents, deposition exhibits, or materials relied upon by experts. Because granting Uber's motion would unfairly prejudice Plaintiff and is unnecessary, Uber's motion should be denied.

**ARGUMENT**

Plaintiff has already significantly reduced her exhibit list by over 25% from her prior version, reflecting the expected and appropriate narrowing that occurs as trial approaches. *See* January 5, 2025 Declaration of Roopal P. Luhana, Esq. ("Luhana Decl."), at ¶ 3. That process may also be informed by motions in limine, evidentiary rulings, and trial sequencing. Uber's demand that Plaintiff now narrow further—before trial unfolds—ignores both the realities of trial practice and the prejudice such forced rigidity would cause. Trial is inherently dynamic, and Plaintiff must retain reasonable flexibility to introduce exhibits and witnesses depending on what occurs in the courtroom. If Plaintiff is compelled to remove witnesses or exhibits now, she risks being barred from introducing necessary evidence later solely because it was prematurely omitted from a list, not because it is irrelevant or improper. *See*, *e.g.*, *Edwards Lifesciences Corp. v. Meril Life Scis. Pvt. Ltd.*, 2022 WL 254348, at *7 (N.D. Cal. Jan. 27, 2022) (citing Fed. R. Civ. P. 37) (parties not permitted to add additional witnesses or exhibits to pre-trial lists without substantial justification or harmlessness).

Uber cannot show surprise or prejudice. While Defendants complain about the types of documents listed, the overwhelming majority of the exhibits are Uber documents, deposition exhibits, or materials relied upon by experts. *See* Luhana Decl. at ¶ 4. And while Defendants take issue with certain document descriptions they claim are "incomprehensible", those descriptions are the actual file names for those Uber documents. *Id*. at ¶ 5. Again, these were documents

1

1  produced by Uber, examined in depositions, cited in expert reports, and litigated extensively.

2  They are not ambush evidence.

3      Indeed, PTO 38 eliminates any claim of unfair surprise. Each party is required to provide

4  deposition designations at least five days before they are shown to the jury. Uber will therefore

5  know exactly which testimony Plaintiff intends to present and will have ample opportunity to

6  prepare objections. The same is true for exhibits offered at trial, which will be identified through

7  the normal pretrial and trial management process.

8      Likewise, the witness list does not impose an unreasonable burden. Plaintiff's list consists

9  of: (1) six experts that will be called live, (2) five experts that may be called live, (3) three fact

10 witnesses that will be called live, (4) two fact witnesses that may be called live, (5) three

11 additional unnamed fact witnesses that may be called live (Custodian of Records, Sponsoring

12 witnesses for Voluminous Material, Rep from FastTrack), (6) two fact witnesses that will be

13 called by video, (7) 24 fact witnesses that may be called via video, (8) five fact witnesses that

14 may be called but may appear live or by video, and (9) three fact witnesses that will be called but

15 may appear live or by video. *Id.* at ¶ 6. The majority of the witnesses on Plaintiff's list will be

16 presented, if at all, by deposition designation, often briefly. Preparing counter-designations for

17 known witnesses whose depositions Uber took or defended is routine trial preparation, not

18 prejudice. *See, e.g., Blickenstaff v. R R Donnelly & Sons Co. Short Term Disability Plan*, 2002

19 WL 467138, at *2 (S.D. Indi. Mar. 12, 2002)(denying motion to strike exhibit and witness lists

20 where defendant failed to show "that it was surprised to see any of the witnesses or exhibits listed

21 on it or that consideration of this evidence will prejudice it in any way.").

22     Uber's motion also improperly seeks to micromanage Plaintiff's trial strategy. Plaintiff

23 bears the burden of proof and is entitled to identify the witnesses and exhibits reasonably

24 necessary to present her case, subject to good-faith narrowing—which already occurred. Nothing

25 in the Federal Rules or this Court's Orders authorizes striking witnesses or exhibits simply

26 because Defendants would prefer smaller lists, particularly where Defendants themselves are the

27 source of the vast majority of the evidence.

28

Finally, the remedy Uber seeks is extreme and unwarranted. Motions to strike are reserved for clear violations and demonstrable prejudice. Neither exists here. Plaintiff has reduced her lists, disclosed materials overwhelmingly known to Uber, and will comply with PTO 38. Uber's motion would do nothing to streamline trial and would instead risk unfairly impairing Plaintiff's ability to present her case.

## <u>CONCLUSION</u>

For these reasons, Defendants' second motion to strike should be denied.

Dated: January 5, 2026

Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 5, 2026                    By:    */s/ Roopal Luhana*
                                                    Roopal Luhana

4