[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501<br><br>**NOTICE RE: STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

Pursuant to Civil Local Rules 7-11 and 79-5, and the Protective Order, ECF 176, Plaintiff respectfully submits this Statement in support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal. ECF 4845.

Plaintiff respectfully requests the Court seal portions of Defendants' Opposition to Plaintiff's Omnibus Motions in Limine ("Defendants' Opposition") and corresponding Exhibits 3-8:

| Document | Description of Material to Be Sealed |
|---|---|
| Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847) | Excerpts containing Plaintiff's mental health history at i, pp. 2-3.<br><br>Excerpts regarding intimate and sensitive aspects of Plaintiff's personal and family life at i, pp. 3-7.<br><br>Excerpts regarding past substance abuse by a third party at pp. 6-7. |
| Exhibit 3 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-5) | Excerpts containing intimate and sensitive aspects of Plaintiff's personal and family life at pp. 24, 28-29, 34-37, 54-60, 65, 112-113, 115, 118, 120-123, 128, 133-134, 140-141.<br><br>Excerpts regarding substance abuse by a third party at pp. 51-56, 58, 60, 140-141.<br><br>Excerpts containing Plaintiff's medical and mental health history at pp. 57, 132-134, 140-141.<br><br>Excerpts containing the names of third parties at pp. 112, 115, 118, 120-123, 128, 132-134, 140-141. |
| Exhibit 4 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-6) | Excerpts containing Plaintiff's medical and mental health history at pp. 165, 170, 179, 182, 291, 312.<br><br>Excerpts regarding intimate and sensitive aspects of Plaintiff's personal and family life at pp. 166, 170, 179, 183, 299, 304-312.<br><br>Excerpts regarding substance abuse by a third party at pp. 170, 179, 291.<br><br>Excerpts containing the names of third parties at pp. 179, 299, 305-312. |

| Document | Description of Material to Be Sealed |
|---|---|
| Exhibit 5 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-7) | Excerpts regarding intimate and sensitive aspects of Plaintiff's personal and family life at pp. 33-36. |
| Exhibit 6 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-8) | Excerpt containing the date of birth of a third party at p. 105.<br><br>Excerpts regarding intimate and sensitive aspects of Plaintiff's personal and family life at pp. 105-106. |
| Exhibit 7 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-9) | Excerpts containing the personally identifiable information of third parties at pp. 1-8.<br><br>Excerpts regarding intimate and sensitive aspects of Plaintiff's personal and family life at pp. 1-8. |
| Exhibit 8 to Defendants' Opposition to Plaintiff's Omnibus Motions in Limine (ECF 4847-10) | Excerpts regarding intimate and sensitive aspects of another bellwether plaintiff's personal and family life at p. 103.<br><br>Excerpts regarding substance abuse by a third party in another bellwether plaintiff's case at p. 103. |

## I.   LEGAL STANDARD

A party seeking to seal a judicial record must overcome the presumption of access to court records by meeting the "compelling reasons" standard. *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016). Compelling reasons "must be shown to seal judicial records attached to a dispositive motion." *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). The Court balances the competing interests of the public and of the party who seeks to seal certain records. *Id.* at 1097. What constitutes a "'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 599 (1978)).

The Ninth Circuit has applied the compelling reasons standard to motions in limine. *Ctr. for Auto Safety*, 809 F.3d at 1099 (stating that "plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case" and should be therefore be subject to the compelling reasons standard.).

## II. PORTIONS OF DEFENDANTS' OPPOSITION AND EXHBITS SHOULD BE SEALED

The information that Plaintiff seeks to seal includes information regarding the intimate and sensitive aspects of bellwether plaintiffs' and third parties' personal lives, Plaintiff's medical and mental health history, details of past substance abuse by a third parties in bellwether plaintiffs' cases, and the personally identifiable information ("PII") of third parties. *See* Kalonia Decl. ¶¶ 3-9. Relevant portions of Defendants' Opposition and Exhibits 3-8 should be sealed to avoid harm to plaintiffs' and third parties' privacy interests.

### A. Failing to Seal the Records Would Harm Plaintiffs and Third Parties

First, portions of Defendants' Opposition and Exhibits that contain information regarding intimate and sensitive aspects of bellwether plaintiffs' and third parties' personal and family lives should be sealed. *Sparks v. Mamer*, 2020 WL 2513675, at *2 (D. Nev. May 15, 2020) (finding that the "desire to protect the intimate aspects of [] sexual history outweigh the public interest in access to judicial documents."); *United States Sec. & Exch. Comm'n v. Levoff*, 2024 WL 4913899, at *2 (D.N.J. Oct. 7, 2024) (concluding that public disclosure of "personal history" and "romantic relationships" would cause "immediate and irreparable harm, including the loss of [] well-established privacy rights."). Courts have found that details of personal lives, including allegations of past abuse, "do[] not create a public interest sufficiently large to outweigh the [] private interests in confidentiality." *In re Roman Cath. Archbishop of Portland in Oregon*, 661 F.3d 417, 427 (9th Cir. 2011).

Second, the portions Defendants' Opposition and Exhibits that contain information regarding Plaintiff's medical and mental health history should be sealed. Courts have routinely found that medical and mental health history is sealable under the compelling reasons standard. *See Hunt v. Cont'l Cas. Co.*, 2015 WL 5355398, at *3 (N.D. Cal. Sep. 14, 2015) ("[p]laintiff's interest in preserving the privacy of her sensitive mental health records constitutes a compelling reason to seal."); *Meyers v. Kaiser Found. Health Plan Inc.*, 2019 WL 120657, at *3 (N.D. Cal. Jan. 6, 2019) (finding that compelling reasons exist to seal personal and medical information "because of the strong interest in 'preserv[ing] privacy in a matter of sensitive and highly personal nature."); *Civ. Beat L. Ctr. for Pub. Int., Inc. v. Maile*, 117 F.4th 1200, 1210 (9th Cir. 2024) ("[P]rotecting an individual's constitutional and statutory right to privacy is a compelling

interest that may justify sealing a particular medical or health record."). Courts routinely find that "individual privacy rights in… health records outweigh the presumption in favor of public access to court records." *Hernandez v. Cnty. of Monterey*, 2023 WL 4688522, at *4 (N.D. Cal. July 21, 2023) (collecting cases).

Third, portions of Defendants' Opposition and Exhibits pertaining to third parties' substance use should be sealed. *See Voice of San Diego v. Naval Crim. Investigative Serv.*, 753 F. Supp. 3d 1069, 1122 (S.D. Cal. 2024) (recognizing that "records revealing [individuals']… participation in… using illegal or controlled substances implicated substantial privacy concerns" and disclosure could "foreseeably expose these third parties to harassment, embarrassment, or stigma and, potentially, could impact their employment.") (collecting cases).

Lastly, the identified portions of Defendants' Opposition and Exhibits that contain the personally identifiable information ("PII") of third parties should be sealed. Courts routinely seal PII under the compelling reasons standard. *See Stiner v. Brookdale Senior Living, Inc.*, 2022 WL 1180216, at *2 (N.D. Cal. Mar. 30, 2022) ("Courts in this District routinely find compelling reasons to seal personally-identifying information that has minimal relevance to the underlying causes of action") (collecting cases).

The intimate aspects of bellwether plaintiffs' and third parties' personal and family lives, the medical and mental health history of Plaintiff, the past substance abuse by third parties, and the PII of third parties, are inherently private and highly sensitive, and typify the types of information that may be used by a third party to gratify private spite, promote scandal, or circulate libel. *See* Kalonia Decl. ¶ 10; *A.B. v. Pac. Fertility Ctr.*, 441 F. Supp. 3d 902, 906 (N.D. Cal. 2020) ("Such compelling reasons include the use of records to gratify private spite, promote public scandal, circulate libelous statements…") (internal quotation marks and citation omitted).

The significant privacy concerns of bellwether plaintiffs and third parties outweigh the public's minimal interest in knowing their identities or highly sensitive information, and warrant the sealing of this information. *See* Kalonia Decl. ¶ 11.

B. **Less Restrictive Alternative to Sealing Is Insufficient to Prevent Harm**

Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information, while ensuring the public retains access to the rest of the exhibits. *See id*. at 12.

### III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court order that the portions of Defendants' Opposition and the Exhibits listed above be maintained under seal.

Dated: January 6, 2026                    Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

## FILER'S ATTESTATION

I, Maya Kalonia, am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified above has concurred in this filing.

Dated: January 6, 2025             */s/ Maya Kalonia*
                                    Maya Kalonia

6

PLAINTIFF'S STATEMENT IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276