ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to:<br><br>*CL 169 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04672-CRB | Date:        February 13, 2026<br>Time:        10:00 a.m.<br>Courtroom:   6 – 17th Floor |

1  *NLG (K.T.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07259-CRB
2
3  *LS 635 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07376-CRB
4
5  *LS 636 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07381-CRB
6  *NLG (J.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07482-CRB
7
8  *NLG (T.P.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07484-CRB
9
10  *LS 639 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07616-CRB
11  *LS 14 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07844-CRB
12
13  *C.B. 1244 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07853-CRB
14
15  *LS 15 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07862-CRB
16  *LS 646 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08086-CRB,
17
18  *K.A. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08120-CRB,
19
20  *CL 212 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08470-CRB,
21  *Brimlett v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08665-CRB, and
22
23  *JLG 180 v. Uber Technologies, Inc., et al.*, No. 3:25-CV-08985.
24
25
26
27
28

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Pretrial Order No. 31 ("PTO 31").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On September 9, 2025, the Court ordered, in PTO 31: "Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt." ECF 3877. Exhibit A to PTO 31 listed ninety Plaintiffs who were initially subject to the Order's requirements and whose receipts or statements were therefore due within thirty days, or on October 9, 2025. *Id*

4. In addition, PTO 31 provided that "Uber may serve written notice on [additional] Plaintiff[s] requiring that [they] comply with the procedures set forth in this Order." *Id.* ¶ a. Subsequently, Uber identified hundreds of additional Plaintiffs who claimed to have ordered their own rides on the Uber platform, had not submitted ride receipts, and whose alleged rides could not be substantiated by Uber. The Plaintiffs at issue in Uber's Motion have been notified in writing of their obligation to provide either a ride receipt or a sworn statement regarding their inability to do so, but have failed to submit either the receipt or statement within thirty days as required by PTO 31, Specifically, Uber served Plaintiffs C.B. 1244, CL 169, NLG (K.T.), NLG (J.D.), NLG (T.P.), LS 636,

1  LS 639, LS 635, LS 14, LS 15, LS 646, and K.A. with PTO 31 delinquency notices via MDL Centrality
2  on November 5, 2025. These Plaintiffs were therefore required to cure their respective delinquencies
3  by December 5, 2025, but failed to do so. Plaintiffs CL 212 and Brimlett were served delinquency
4  notices on November 11, 2025, and were due to cure their delinquencies by December 11, 2025, but
5  failed to do so. Plaintiff JLG 180 was served a delinquency notice on November 24, 2025, was due to
6  cure her delinquency by December 24, 2025, and failed to do so.

DATED: January 6, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*
MICHAEL B. SHORTNACY

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
and RASIER-CA, LLC