ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| _____ | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES** |
| This Document Relates to: | |
| *WHB 3 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05061-CRB | Judge: Hon. Charles R. Breyer<br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

# TABLE OF CONTENTS

I.      INTRODUCTION ...........................................................................................................1

II.     FACTUAL AND PROCEDURAL BACKGROUND........................................................1

III.    ARGUMENT ................................................................................................................3

    A.      Because Defendants filed an Answer before Plaintiff filed her Voluntary
        Dismissal, Rule 41 does not permit a voluntary dismissal without a court
        order. ...............................................................................................................3

    B.      Even if Plaintiff's Voluntary Dismissal complied with Rule 41,
        Defendants did not have proper notice of it and were still prejudiced by
        having to defend duplicative lawsuits for 15 nearly months prior to the
        dismissal...........................................................................................................5

    C.      The Court should issue a show cause order as Defendants requested in
        the Motion. ......................................................................................................6

        1.      The Court retains jurisdiction over this case to consider
            collateral issues. ................................................................................6

        2.      Sanctions are warranted pursuant to the Court's inherent
            authority and Rule 11........................................................................6

            a.      Rule 11.................................................................................7

            b.      The Court's inherent authority.............................................8

    D.      Plaintiff's Rule 11 procedural arguments miss the mark because Uber
        did not move for Rule 11 sanctions, but instead requested the Court to
        issue a show cause order. ..................................................................................9

IV.     CONCLUSION............................................................................................................10

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES
Case No. 3:23-MD-3804-CRB

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Barber v. Miller*,
146 F.3d 707 (9th Cir. 1998) ............................................................9, 10

*Best Odds Corp. v. iBus Media Ltd.*,
657 F. App'x 641 (9th Cir. 2016) ....................................................6

*Breaking Code Silence v. Papciak*,
No. 21-CV-00918-BAS-DEB, 2022 WL 3362053 (S.D. Cal. Aug. 15, 2022) ...................4

*Burris v. JPMorgan Chase & Co.*,
No. 21-16852, 2024 WL 1672263 (9th Cir. 2024) ...............................8

*Cooter & Gell v. Hartmarx Corp.*,
496 U.S. 384 (1990) ...............................................................6

*Evon v. Law Offices of Sidney Mickell*,
688 F.3d 1015 (9th Cir. 2012) ...................................................8

*Fink v. Gomez*,
239 F.3d 989 (9th Cir. 2001) .....................................................8

*Guzman v. Cent. Pac. Home Loans, Inc.*,
No. CIV. 11-00126 LEK, 2011 WL 3292281 (D. Haw. July 29, 2011) ...................4

*Lake v. Gates*,
130 F.4th 1054 (9th Cir. 2025) ..................................................6

*Lauser v. City Coll. of San Francisco*,
359 F. App'x 755 (9th Cir. 2009) ................................................7

*Mercado v. Rosenblum*,
No. 2:25-CV-00069-BLW, 2025 WL 1581325 (D. Idaho June 4, 2025) ...................5

*Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*,
117 F.3d 1128 (9th Cir. 1997) ...................................................7

*Novalk, LLC v. City of Imperial*,
No. 25-CV-02307-BAS-LR, 2025 WL 3540947 (S.D. Cal. Dec. 10, 2025) ...................6

*Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*,
792 F.2d 797 (9th Cir. 1986) .....................................................7

*Pardeaux v. US Mendicant Buddhist Congregation*,
No. 2:19-CV-0881-JAM-AC, 2019 WL 5091108 (E.D. Cal. Aug. 8, 2019) ...................4

ii

*Pickens v. PeaceHealth*,
  No. 6:23-CV-01718-MTK, 2025 WL 3688112 (D. Or. Dec. 19, 2025)...................................7

*Primus Auto. Fin. Servs., Inc. v. Batarse*,
  115 F.3d 644 (9th Cir. 1997) ............................................................................................8

*Sanchez v. Seterus*,
  No. 17-cv-1183, 2017 WL 4355146 (N.D. Cal. Oct. 2, 2017) ................................................4

*Skidmore Energy, Inc. v. KPMG*,
  No. 3:03-CV-2138, 2005 WL 8158140 (N.D. Tex. Mar. 18, 2005), *aff'd*, 455 F.3d
  564 (5th Cir. 2006).............................................................................................................7

*Tuck v. Wells Fargo Home Mortg.*,
  No. 12-cv-1796, 2012 WL 2906738 (N.D. Cal. July 13, 2012) ...............................................4

*United Nat. Ins. Co. v. R&D Latex Corp.*,
  242 F.3d 1102 (9th Cir. 2001) .......................................................................................9, 10

*Von Haar v. City of Mountain View*,
  No. 10-cv-2995, 2012 WL 5828511 (N.D. Cal. Nov. 15, 2012) ...............................................4

*Weisenborn v. Mandarich L. Grp., LLP*,
  No. 1:24-CV-00329-SAB, 2024 WL 1994206 (E.D. Cal. May 6, 2024) ..................................4

*Wilson v. City of San Jose*,
  111 F.3d 688 (9th Cir. 1997) ............................................................................................4

**Statutes**

28 U.S.C. § 1331 ......................................................................................................................7

28 U.S.C. § 1332 ......................................................................................................................8

28 U.S.C. § 1332(a)(1)..............................................................................................................7

**Rules**

Fed. R. Civ P. 11 .............................................................................................................. *passim*

Fed. R. Civ P. 11(b) ..............................................................................................................7, 9

Fed. R. Civ P. 11(b)(2)..............................................................................................................7

Fed. R. Civ. P. 11(c)(2).........................................................................................................9, 10

Fed. R. Civ. P. 11(c)(3).........................................................................................................9, 10

Fed. R. Civ. P. 11(c)(5)(B) .....................................................................................................10

Fed. R. Civ P. 41 ...................................................................................................2, 3, 5, 10

Fed. R. Civ P. 41(a)(1)(A) ......................................................................................3

Fed. R. Civ. P. 41(a)(1)(A)(i) ...............................................................................2, 4

Fed. R. Civ. P. 41(a)(2) ........................................................................................3, 4, 5

iv

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER
JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES

Case No. 3:23-MD-3804-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    Introduction

Plaintiff does not dispute that she maintained entirely duplicative lawsuits against Uber for months, one in this MDL and one in Hawaii state court. *See generally* ECF 4830. Nor does Plaintiff dispute that this Court plainly lacks subject matter jurisdiction over her case. *Id.* Instead, Plaintiff asks the Court to ignore all of the unnecessary expenses Defendants have incurred defending this duplicative case wholly lacking in jurisdiction because Plaintiff (improperly) voluntarily dismissed her suit nearly 15 months after it was filed. *Id.* at 2. The Court should reject Plaintiff's argument and, consistent with Defendants' Motion, order Plaintiff's counsel[1] to show cause why an award of reasonable attorneys' fees, as against Plaintiff's counsel, is not warranted.

### II.    Factual and Procedural Background

To briefly recount the underlying factual and procedural history, Plaintiff, through her counsel Walter Cubberly of Williams Hart Boundas Easterby, LLP ("Williams Hart"), among other attorneys, first filed her lawsuit against Uber Technologies, Inc. ("Uber"), Rasier, LLC ("Rasier"), and "Doe One" in June 2020 in California state court. ECF 4680-1 (California State Complaint).[2] Plaintiff alleged that she was sexually assaulted by an Uber Earner in Hawaii on January 13, 2020, *id.* ¶¶9, 41, but her case was dismissed based on a finding of *forum non conveniens*. *See* ECF 4680-2. Relevant here, the California state court specifically concluded that  Hawaii was a suitable alternative forum that had a strong interest in deciding Plaintiff's case. *Id.* at 18.

Thereafter, on August 12, 2024, Plaintiff, once again through her counsel at Williams Hart, including Mr. Cubberly and Margret Lecocke, filed a Short-Form Complaint ("SFC") directly in the MDL Court, signed by Mr. Cubberly. Complaint, *WHB 3 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05061-CRB ("Indv. Member Dkt."), ECF 1. Uber, Rasier, and Rasier-CA, LLC (collectively, "Defendants") were named as defendants. *Id.* Since Plaintiff filed her MDL SFC, "Defendants'

---

[1] Defendants once again clarify that they only seek a show cause order as to Plaintiff's counsel, not Plaintiff herself. *See* ECF 4680 (Motion) at 7 n.1 (collecting cases).

[2] All citations to electronic court filings refer to the MDL Master Docket, and not Plaintiff's individual member Docket, unless otherwise stated.

1    counsel have expended time and resources litigating and defending the matter. This work has included

2    reviewing and analyzing Plaintiff's initial and amended Plaintiff Fact Sheets ('PFS'), verifying ride

3    data and incident details, and coordinating with Uber personnel to prepare and serve Uber's Defendant

4    Fact Sheet ('DFS') and multiple supplemental attachments in accordance with the Court's case

5    management orders. Defendants have also identified and addressed deficiencies in Plaintiff's PFS

6    responses, including the service of a formal deficiency notice on May 31, 2025, and subsequent follow

7    up submissions." ECF 4680-7 (Shortnacy Decl.) ¶10.

8        On October 30, 2024, approximately two and a half months *after* filing her MDL SFC,

9    Plaintiff, through her Hawaii counsel, filed a five-count complaint against only Uber in Hawaii state

10   court. ECF 4680-3 (Plaintiff's Hawaii Complaint). Then, in January 2025, Mr. Cubberly and Ms.

11   Lecocke filed motions for *pro hac vice* admission in the Hawaii matter. ECF 4680-4 (Cubberly Pro

12   Hac Motion); ECF 4680-5 (Lecocke Pro Hac Motion). The Hawaii court granted both motions. ECF

13   4680-6. The core allegation in Plaintiff's Hawaii Case and her MDL case is the same: she alleges she

14   was sexually assaulted in Hawaii on January 13, 2020. ECF 4680-3, ¶¶ 95–99; Indv. Member Dkt.,

15   ECF 1 at 2, 3. The parties have engaged in multiple rounds of motion practice and written discovery

16   in the Hawaii matter, and trial is currently scheduled to begin on August 3, 2026. ECF 4680-7

17   (Shortnacy Decl.) ¶8.

18       Without notice to Defendants, on November 5, 2025, Plaintiff filed a notice of voluntary

19   dismissal in this Court, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). Indv. Member Dkt., ECF 7

20   ("Voluntary Dismissal"). Although, as set forth in greater detail below, Rule 41 required Plaintiff at

21   this stage of the proceedings to file a motion for voluntary dismissal rather than just a notice of

22   dismissal, the case was terminated one day after Plaintiff filed her notice. *See* Indv. Member Dkt.

23   However, Plaintiff only filed her Notice of Voluntary Dismissal on her member-case docket, not the

24   MDL master docket, in violation of Pretrial Order ("PTO") 1. Therefore, because Defendants' counsel

25   have understandably not entered appearances in each of the thousands of individual cases within this

26   MDL, including Plaintiff's member case, Defendants' counsel did not receive notice of the Voluntary

27   Dismissal until December 18, 2025, two days after Defendants' Motion was filed. Exhibit 1, Shortnacy

28

1  Decl., ¶¶5-6, 13.

2      Defendants attempted to meet and confer with Plaintiff's counsel prior to filing this Motion.

3  *Id.* ¶7. On December 16, 2025, Defendants' counsel contacted Plaintiff's counsel by text message to

4  request a conferral and to provide advance notice that Defendants intended to file a motion in the MDL

5  relating to Plaintiff's Hawaii action. *Id.* Plaintiff's counsel responded that he was unsure what motion

6  could be filed in the MDL regarding the Hawaii case, and Defendants' counsel explained that the

7  Hawaii action was duplicative of the MDL proceeding. *Id.* ¶8.

8      Plaintiff's counsel indicated that he was in a hearing and unavailable at that time, and later

9  stated by text message that Plaintiff would dismiss the federal action. *Id.* ¶9. By that point, Defendants

10  were already in the process of filing the Motion. *Id.* ¶10. Moreover, any attempted dismissal nearly 15

11  months after suit was filed would not have mooted Defendants' request for the substantial fees they

12  had already incurred as a result of Plaintiff's duplicative filings. *Id.*

13      Plaintiff's counsel later attempted to call Defendants' counsel, but Defendants' counsel was

14  unavailable to take the call at that time. *Id.* ¶11. On the following day, December 17, 2025, Defendants'

15  counsel texted Plaintiff's counsel again, affirmatively offering to confer by phone and to accommodate

16  Plaintiff's counsel with respect to briefing deadlines, including in light of the upcoming holidays. *Id.*

17  ¶12. The motion was noticed for hearing on February 13, 2026, the Court's first available motion date

18  given the trial schedule, providing Plaintiff with substantial time to respond. Plaintiff's counsel did

19  not respond to the follow-up text communication. *Id.*

20  **III.    Argument**

21      **A.    Because Defendants filed an Answer before Plaintiff filed her Voluntary**
22           **Dismissal, Rule 41 does not permit a voluntary dismissal without a court order.**

23      Rule 41(a)(1)(A) is clear: A plaintiff may voluntarily "dismiss an action without a court order

24  by filing: (i) a notice of dismissal *before the opposing party serves either an answer* or a motion for

25  summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."

26  (Emphasis added). Outside of those two circumstances, "an action may be dismissed at the plaintiff's

27  request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2); *see*

28

*also Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997) .

Here, Plaintiff's Notice of Voluntary Dismissal explicitly purports to rely on Rule 41(a)(1)(A)(i). Indv. Member Dkt., ECF 7. Yet, Defendants already served an Answer to the operative Master Complaint ("MC") in August of 2025 (ECF 3640), so Plaintiff could not dismiss her suit merely by filing a notice. *See Von Haar v. City of Mountain View*, No. 10-cv-2995, 2012 WL 5828511, at *7 (N.D. Cal. Nov. 15, 2012); *Tuck v. Wells Fargo Home Mortg.*, No. 12-cv-1796, 2012 WL 2906738, at *1 (N.D. Cal. July 13, 2012). "The rule is designed to permit a disengagement of the parties at the behest of the plaintiff only in the early stages of a suit, before the defendant has expended time and effort in the preparation of his case." *Sanchez v. Seterus*, No. 17-cv-1183, 2017 WL 4355146, at *3 (N.D. Cal. Oct. 2, 2017). Because Uber has not only answered the MC but also invested significant time and effort in litigating Plaintiff's specific case, voluntary dismissal by notice is improper. Instead, Plaintiff was required to file a motion for voluntary dismissal under Rule 41(a)(2), which, as explained, provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Because the Court has yet to issue such an order, Plaintiff's Voluntary Dismissal was ineffective. *See, e.g.*, *Weisenborn v. Mandarich L. Grp., LLP*, No. 1:24-CV-00329-SAB, 2024 WL 1994206, at *2 (E.D. Cal. May 6, 2024); *Pardeaux v. US Mendicant Buddhist Congregation*, No. 2:19-CV-0881 JAM-AC, 2019 WL 5091108, at *1 n.1 (E.D. Cal. Aug. 8, 2019); *Guzman v. Cent. Pac. Home Loans, Inc.*, No. CIV. 11-00126 LEK, 2011 WL 3292281, at *3 (D. Haw. July 29, 2011).

Nevertheless, to avoid unnecessary work for the parties and the Court, Defendants do not oppose the Court construing Plaintiff's Notice of Voluntary Dismissal as a motion for voluntary dismissal pursuant to Rule 41(a)(2). *See, e.g.*, *Breaking Code Silence v. Papciak*, No. 21-CV-00918-BAS-DEB, 2022 WL 3362053, at *2 (S.D. Cal. Aug. 15, 2022) ("When a plaintiff files a notice of voluntary dismissal after a defendant has answered, the court may consider it as a request for an order of dismissal under Rule 41(a)(2)."); *Tuck*, 2012 WL 2906738, at *1 (construing the plaintiff's notice of voluntary dismissal as a motion for dismissal under Rule 41(a)(2) where the defendant had already filed an answer). Defendants favor this pragmatic result as the Court plainly lacks subject matter

jurisdiction, a reality that Plaintiff does not dispute. *See Mercado v. Rosenblum*, No. 2:25-CV-00069-BLW, 2025 WL 1581325, at *1 (D. Idaho June 4, 2025) (construing the plaintiff's post-answer notice of voluntary dismissal "as a motion for voluntary dismissal pursuant to Rule 41(a)(2)" and granting the motion "because the Court lacks subject matter jurisdiction over the case."); *see generally* ECF 4830.

> **B.    Even if Plaintiff's Voluntary Dismissal complied with Rule 41, Defendants did not have proper notice of it and were still prejudiced by having to defend duplicative lawsuits for nearly 15 months prior to the dismissal.**

Without taking any responsibility for maintaining duplicative lawsuits against Uber for more than one year (including by filing in one court wholly lacking jurisdiction), Plaintiff attempts to frame Defendants as being unreasonable for filing the Motion after Plaintiff filed her improper Voluntary Dismissal. *See, e.g.*, ECF 4830 at 2. But Plaintiff ignores that: (1) her Voluntary Dismissal did not comply with PTO 1 because it was filed only in the individual member case and not on the MDL master docket, thus depriving Defendants of proper notice and the opportunity to raise the procedural objection discussed above; and (2) even if Defendants had proper notice of the Voluntary Dismissal, they still would have grounds to seek their fees and costs because filing a voluntary dismissal nearly 15 months after Plaintiff filed suit does not cure the prejudice already caused to Defendants.

PTO 1 is clear: "All documents shall be e-filed in the Master file, 23-MD-3084. Documents that pertain to one or only some of the pending actions shall also be e-filed in the individual case(s) to which the document pertains." ECF 2, ¶7; *see also* ECF 3131 (terminating motions and directing attorneys to refile the motions "on both the main MDL and member case dockets"). Given the thousands of individual cases in this MDL, Defendants' counsel have not entered (and could not be expected to enter) appearances in each individual case, including Plaintiff's. *See* Indv. Member Dkt. Accordingly, at the time Defendants filed the Motion, they were not aware that Plaintiff had voluntarily dismissed her case. Ex. 1, Shortnacy Decl., ¶¶5-6. In an MDL, off-docket or unilateral dismissals without proper notice undermine docket management and invite exactly the kind of duplicative litigation and gamesmanship that occurred here.

Regardless, even if Defendants had proper notice of Plaintiff's Voluntary Dismissal, they still would have raised the subject matter jurisdiction issues and sought to recover attorneys' fees for

5

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES
Case No. 3:23-MD-3804-CRB

unnecessary work completed during the pendency of this litigation.[3] Plaintiff's argument that she "has not created unnecessary work" for Defendants because Plaintiff filed the Voluntary Dismissal nearly 15 months after she filed suit is specious. ECF 4830 at 5. The previously filed Shortnacy Declaration (ECF 4680-7) outlines the unnecessary work required by Plaintiff's duplicate filing. ECF 4680-7, ¶10. None of this work would have been necessary if Plaintiff's counsel had never filed her MDL Complaint wholly lacking in subject-matter jurisdiction in the first place. *See id.* ¶11.

      **C.**    **The Court should issue a show cause order as Defendants requested in the Motion.**

      The Court should order Plaintiff's counsel to show cause why sanctions are not warranted pursuant to Rule 11 or the Court's inherent authority. Plaintiff's counsel not only filed suit in a court which they must have known lacked subject matter jurisdiction, but also simultaneously maintained virtually identical litigation against Uber in Hawaii state court.

      **1.**    **The Court retains jurisdiction over this case to consider collateral issues.**

      As a threshold matter, even assuming Plaintiff's Voluntary Dismissal was proper, the Court retains supervisory authority of this case to consider collateral issues, such as sanctions.[4] Although a voluntary dismissal divests the Court of jurisdiction to decide the merits of the action, "[i]t is well established that a federal court may consider collateral issues after an action is no longer pending." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990). Permissible collateral issues include, *inter alia*, the imposition of sanctions. *Id.* at 396; *see also Lake v. Gates*, 130 F.4th 1054, 1058 (9th Cir. 2025); *Novalk, LLC v. City of Imperial*, No. 25-CV-02307-BAS-LR, 2025 WL 3540947, at *1 (S.D. Cal. Dec. 10, 2025).

      **2.**    **Sanctions are warranted pursuant to the Court's inherent authority and Rule 11.**

      The filing of a meritless complaint—such as the one filed by Plaintiff—may be sanctioned pursuant to Rule 11 or a court's inherent power. *Best Odds Corp. v. iBus Media Ltd.*, 657 F. App'x 641, 642 (9th Cir. 2016). Moreover, courts (sometimes on their own motion) have imposed sanctions

---

[3] Although the issue of subject matter jurisdiction would have been moot, analysis of that issue still would have been necessary to establish that Plaintiff's Complaint was frivolous.

[4] Relatedly, for the reasons explained in the Motion, the Court may impose sanctions even though it lacks subject matter jurisdiction over this action. ECF 4680 at 13 n.9 (collecting cases). Plaintiff does not argue otherwise. *See generally* ECF 4830.

1    pursuant to their inherent authority or Rule 11 where a plaintiff files a duplicative complaint that

2    wastes both judicial and party resources. *See, e.g.*, *Pickens v. PeaceHealth*, No. 6:23-CV-01718-MTK,

3    2025 WL 3688112, at *9 (D. Or. Dec. 19, 2025) (ordering, pursuant to its inherent authority, the

4    plaintiffs' counsel "to pay all attorney fees incurred by Defendant in defending the individually filed

5    actions that were duplicative of claims by Plaintiffs in this case"); ECF 4680 (Motion) at 13-14 (citing

6    Rule 11 cases).

7                              **a.**      **Rule 11.**

8        The jurisdictional "issue" here is elementary: (1) Plaintiff asserts no federal claims, so there is

9    no federal question jurisdiction (28 U.S.C. § 1331); and (2) Plaintiff and Defendants are citizens of

10   California, so there is no diversity jurisdiction. 28 U.S.C. § 1332(a)(1); *see also* ECF 4680 at 10-13.

11   Plaintiff does not–and cannot–argue otherwise. *See generally* ECF 4830.

12       Under Rule 11(b): "By presenting to the court a pleading, … an attorney … certifies that to the

13   best of the [attorney's] knowledge, information, and belief, formed after an inquiry reasonable under

14   the circumstances: … (2) the claims, defenses, and other legal contentions are warranted by existing

15   law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for

16   establishing new law[.]" Plaintiff's counsel obviously violated Rule 11(b)(2) by filing a Complaint

17   that they must have known–and indeed did know based on their prior representation of Plaintiff–lacked

18   a basis for subject matter jurisdiction. *Orange Prod. Credit Ass'n v. Frontline Ventures Ltd.*, 792 F.2d

19   797, 801 (9th Cir. 1986); *Montrose Chem. Corp. of California v. Am. Motorists Ins. Co.*, 117 F.3d

20   1128, 1133 (9th Cir. 1997); *Lauser v. City Coll. of San Francisco*, 359 F. App'x 755, 757 (9th Cir.

21   2009). "[E]lementary legal research … would have prevented this suit from being filed …." *Skidmore*

22   *Energy, Inc. v. KPMG*, No. 3:03-CV-2138, 2005 WL 8158140, at *9 (N.D. Tex. Mar. 18, 2005), *aff'd*,

23   455 F.3d 564 (5th Cir. 2006). Indeed, Plaintiff's counsel did not even need to conduct research; Mr.

24   Cubberly had already signed Plaintiff's California State Complaint, which states: "There is not

25   complete diversity between the parties, and so there is no [diversity jurisdiction]. A federal court would

26   … not have subject matter jurisdiction over this case under 28 U.S.C. § 1332 …." ECF 4680-1

27   (California State Complaint), ¶16 (footnote omitted); *see also* ECF 4680-3 (Plaintiff's Hawaii

28

1   Complaint), ¶10 ("[T]his case is not removable on the basis of [diversity jurisdiction] because Uber is

2   a California citizen. Plaintiff is also a citizen of California.").

3       Rule 11 sanctions are also warranted because Plaintiff maintained entirely duplicative lawsuits

4   against Uber for over a year, a fact that counsel does not even attempt to address in the Opposition.

5   *See generally* ECF 4830; *see also* ECF 4680 (Motion) at 13-14 (citing cases where courts imposed

6   Rule 11 sanctions against attorneys for filing duplicative lawsuits).

7       For the above reasons, the Court should order Plaintiff's counsel to show cause why Rule 11

8   sanctions as against counsel are not warranted.

9                   **b.        The Court's inherent authority.**

10      This Court has the inherent authority to order an attorney appearing before it to pay another

11  party's legal fees associated with litigation abuses. *See Evon v. Law Offices of Sidney Mickell*, 688

12  F.3d 1015, 1035 (9th Cir. 2012); *Burris v. JPMorgan Chase & Co.*, No. 21-16852, 2024 WL 1672263,

13  at *3 (9th Cir. 2024). To issue sanctions pursuant to its inherent authority, the Court must find "bad

14  faith or conduct tantamount to bad faith." *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir. 2001). This

15  includes when an attorney acts with "recklessness when combined with an additional factor such as

16  frivolousness …." *Id.*; *see also Primus Auto. Fin. Servs., Inc. v. Batarse,* 115 F.3d 644, 648 (9th Cir.

17  1997). The facts here easily support a finding that Plaintiff's counsel recklessly filed a frivolous

18  complaint and recklessly maintained duplicative lawsuits against Uber for months.

19      Paragraph 9 of PTO 11, which concerns MCs and SFCs, states: "Plaintiff should only select

20  Defendants (by placing a check-mark next to the Defendants name) if Diversity exists. *The Court*

21  *expects that each Plaintiff and their counsel will make a carefully individualized evaluation of the*

22  *basis for naming appropriate Defendants in the filed SFC.*" ECF 349, ¶9 (emphasis added). Moreover,

23  the "form" SFC, which is attached as Exhibit 1 to PTO 11, explicitly warns counsel–in bolded,

24  highlighted, and capitalized letters–to ensure diversity jurisdiction exists. ECF 349-1 at 3-4. Plaintiff's

25  counsel plainly failed to comply with these clear directives. Plaintiff's counsels' blatant

26  noncompliance with these clear warnings, coupled with the fact that Mr. Cubberly previously signed

27  Plaintiff's California State Complaint alleging that diversity jurisdiction did not exist, supports a

28

finding of at least recklessness (if not potential actual knowledge). And for the reasons stated above, the Complaint is clearly frivolous because there is no basis for subject-matter jurisdiction. In addition to all of that, Plaintiff's counsel maintained duplicative lawsuits against Uber for months. It is difficult to think of a clearer example of reckless litigation conduct.

For the foregoing reasons, the Court should order Plaintiff's counsel to show cause why sanctions are not appropriate pursuant to the Court's inherent authority.

### D. Plaintiff's Rule 11 procedural arguments miss the mark because Uber did not move for Rule 11 sanctions but instead requested the Court to issue a show cause order.

Plaintiff advances several arguments concerning the technical procedure mandated by Rule 11 and contends that Defendants failed to comply with those requirements. However, Defendants did not move for Rule 11 sanctions, but instead merely asked the Court to issue a show cause order. For that reason, Plaintiff's Rule 11 procedural arguments are misplaced.

While Rule 11(c)(2) has a 21-day notice provision and provides that a "motion for sanctions must be made separately from any other motion," Rule 11(c)(3), which concerns a court's authority to issue a show cause order, does not provide these same limitations: "On its own, the court may order an attorney, law firm, or party to show cause why conduct specifically described in the order has not violated Rule 11(b)." The Ninth Circuit has been clear: "[T]he 'safe harbor' provision applies only to sanctions imposed upon motion of a party." *Barber v. Miller*, 146 F.3d 707, 711 (9th Cir. 1998); *United Nat. Ins. Co. v. R&D Latex Corp.*, 242 F.3d 1102, 1115–16 (9th Cir. 2001) ("[When] the sanctions are imposed on the court's own motion … —unlike the situation in which an opposing party moves for Rule 11 sanctions—there is no 'safe harbor' in the Rule allowing lawyers to correct or withdraw their challenged filings."); Fed. R. Civ. P. 11, Adv. Comm. Notes, 1993 Amend. (Rule 11 "does not provide a 'safe harbor' to a litigant ... after a show cause order has been issued on the court's own initiative").

Here, Defendants' Motion was specifically titled "Defendants['] … Motion to Dismiss for Lack of Subject Matter Jurisdiction and *Request for Order to Show Cause* Regarding Attorneys' Fees." ECF 4680 at 1 (emphasis added); *see also id.* at 2 (Notice of Motion, requesting "an *order to show cause* why Plaintiff's counsel should not be required to pay Defendants' reasonable attorneys' fees

and costs incurred to defend against this Complaint and file this Motion to Dismiss ….”); ECF 4680-8 (Proposed Order: “Additionally, Plaintiff’s counsel is *ORDERED TO SHOW CAUSE* why they should not be required to pay Defendants’ reasonable attorneys’ fees and costs incurred to defend against Plaintiff’s MDL Complaint and file the Motion to Dismiss for Lack of Subject Matter Jurisdiction.”). And Defendants’ argument specifically focused on the issuance of a show cause order. *See, e.g.*, ECF 4680 at 14 (“Defendants therefore respectfully request that this Court exercise its authority to *order Plaintiff’s counsel to show cause* why counsel should not be ordered to pay Defendants’ reasonable attorneys’ fees incurred to defend against Plaintiff’s Complaint and file this Motion.”). Accordingly, the safe harbor provision of Rule 11 is inapplicable here. *See Barber*, 146 F.3d at 711; *United Nat. Ins. Co.*, 242 F.3d at 1115–16. And because Defendants specifically moved for the issuance of a show cause order, not for sanctions, the requirement in Rule 11(c)(2) that a “*motion for sanctions* must be made separately from any other motion” is also inapplicable.

Plaintiff’s final Rule 11 procedural argument also carries no water. In particular, although a court may not issue a Rule 11(c)(3) show cause order after a plaintiff has voluntarily dismissed her case, Fed. R. Civ. P. 11(c)(5)(B), for the reasons explained above, Plaintiff’s Voluntary Dismissal was improper under Rule 41 and did not effect a valid dismissal.

Finally, even if Plaintiff’s Rule 11 procedural arguments are correct, the Court can still, pursuant to its inherent authority, require Plaintiff’s counsel to show cause why they should not be sanctioned.

## IV.    Conclusion

In sum, Plaintiff’s counsel have (1) filed the SFC even though there was obviously no basis for subject-matter jurisdiction, a fact that counsel undeniably knew from prior experience representing Plaintiff; (2) ignored multiple Court warnings and Orders directing counsel to ensure diversity jurisdiction exists before filing a SFC; (3) maintained duplicative lawsuits against Uber for months, with work actively being completed in both cases; (4) filed a Notice of Voluntary Dismissal that did not comply with Rule 41 or PTO 1; and (5) tried to shift blame to Defendants and failed to take any responsibility for their misconduct. Taken together, sanctions are warranted both to reimburse

1  Defendants for unnecessary expenses incurred and to deter Plaintiff's counsel from engaging in similar

2  conduct in the future. Plaintiff's improper Voluntary Dismissal nearly 15 months after she filed her

3  case does not cure the prejudice already caused to Defendants.

4  Dated: January 6, 2026                               **SHOOK, HARDY & BACON L.L.P.**

5                                                       By: */s/ Michael B. Shortnacy*

6
7                                                       MICHAEL B. SHORTNACY (SBN: 277035)
                                                        mshortnacy@shb.com
8                                                       **SHOOK, HARDY & BACON L.L.P.**
                                                        2121 Avenue of the Stars, Suite 1400
9                                                       Los Angeles, CA 90067
                                                        Telephone: (424) 285-8330
10                                                      Facsimile: (424) 204-9093

11                                                      *Attorney for Defendants*
                                                        UBER TECHNOLOGIES, INC.,
12                                                      RASIER, LLC, and RASIER-CA, LLC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28