ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW, Suite 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*WHB 3 v. Uber Technologies, Inc., et al.,* No. 3:24-cv-05061-CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE REGARDING ATTORNEYS' FEES**<br><br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

1

DECL. OF M. SHORTNACY ISO DEFS.' REPLY ISO MTN TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE

Case No. 3:23-md-03084-CRB

## DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in support of Defendants Uber Technologies, Inc.'s ("Uber"), Rasier, LLC's ("Rasier"), and Rasier-CA, LLC's ("Rasier-CA") (collectively, "Defendants") Reply Supporting Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for Order to Show Cause Regarding Attorneys' Fees.

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL as well as in Judicial Council Coordination Proceeding No. 5188, *In Re: Uber Rideshare Cases*, Case No. CJC-21-005188 (the "JCCP"). I am a member in good standing of the Bar of the State of California, the Bar of the District of Columbia, and the Bar of the State of New York. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. On November 5, 2025, Plaintiff filed a notice of voluntary dismissal, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), only on Plaintiff's Individual Member Case Docket, but not on the MDL Master Docket. *See* Indv. Member Dkt., ECF 7 ("Notice of Voluntary Dismissal").

4. Although the Docket does not reflect that the Court issued an Order concerning Plaintiff's Notice of Voluntary Dismissal, her case was terminated by the Clerk the day after Plaintiff filed her Notice, November 6, 2025. *See* Indv. Member Dkt.

5. However, Defendants' counsel have not appeared in each of the thousands of individual member cases pending in this MDL, including Plaintiff's. For that reason, Defendants' counsel did not receive notice of Plaintiff's Voluntary Dismissal from the CM/ECF system and were unaware of the Voluntary Dismissal until December 18, 2025.

6. Defendants filed their Motion to Dismiss for Lack of Subject Matter Jurisdiction and Request for an Order to Show Cause ("Motion") on December 16, 2025. ECF 4680. At the time Defendants filed the Motion, they were not aware any purported Notice of Voluntary Dismissal had been filed in the Member Case.

2

DECL. OF M. SHORTNACY ISO DEFS.' REPLY ISO MTN TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION AND REQUEST FOR ORDER TO SHOW CAUSE

Case No. 3:23-md-03084-CRB

1       7.     Defendants attempted to meet and confer with Plaintiff's counsel prior to filing the Motion. Specifically, on December 16, 2025, Defendants' counsel contacted Plaintiff's counsel by text message to request a conferral and to provide advance notice that Defendants intended to file a motion in the MDL relating to Plaintiff's duplicative Hawaii state court action.

      8.     Plaintiff's counsel responded that he was unsure what motion could be filed in the MDL regarding the Hawaii case, and I explained that the Hawaii action was duplicative of the MDL proceeding.

      9.     Plaintiff's counsel indicated that he was in a hearing and unavailable at that time, and later stated by text message that Plaintiff would dismiss the federal action.

      10.     But by that point, Defendants were already in the process of filing the Motion, and any attempted dismissal by Plaintiff would not have mooted Defendants' request for the substantial fees they had already incurred as a result of Plaintiff's duplicative filings.

      11.     Plaintiff's counsel later attempted to call me, but I was not available to take the call at that time.

      12.     On the following day, December 17, 2025, I texted Plaintiff's counsel again, affirmatively offering to confer by phone and to accommodate Plaintiff's counsel with respect to briefing deadlines on the Motion, including in light of the upcoming holidays. The Motion was noticed for hearing on February 13, 2026, the Court's first available motion date given the trial schedule, providing Plaintiff with substantial time to respond. Plaintiff's counsel did not respond to the follow-up text communication.

      13.     On December 18, 2025, Plaintiff's counsel informed Defendants' counsel via e-mail that Plaintiff had filed the Voluntary Dismissal on November 5, 2025, and the case was terminated the next day.

      14.     On December 23, 2025, I spoke with Plaintiff's counsel on the telephone. I assure the Court, the undersigned never stated to Mr. Cubberly that Uber already had the relief it sought but nevertheless "wanted the fees." ECF 4380 at 3. Instead, Defendants' counsel informed Plaintiff's counsel that–notwithstanding any voluntary dismissal of the Complaint–the Motion still presented a

1  live controversy for the Court to decide, namely the request for an Order to Show Cause on the attorney
2  fee request.
3       I declare under penalty of perjury that the foregoing is true and correct.
4       Executed on January 6, 2026 in Minneapolis, Minnesota.

                                    /s/ Michael B. Shortnacy
                                    Michael B. Shortnacy