[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. Case No. 3:23-cv-06708-CRB<br>D. Ariz. Case No. 2:25-cv-04276-CRB | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S STATEMENT IN RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE SEALED [PLAINTIFF'S OPENING MOTION IN LIMINE]**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>           Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>           Defendants. | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:      Hon. Charles R. Breyer<br><br>Courtroom:  501 |

DEFENDANTS' STATEMENT RE SEALING                              Case No. 3:23-md-03084-CRB (LJC)

Pursuant to Northern District of California Civil Local Rule 79-5(f)(3) and the Stipulation and Order entered on December 18, 2025, ECF 4722, Defendants Uber Technologies Inc., Rasier LLC, and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Statement in Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Material Should Be Sealed [Plaintiff's Opening Motions in Limine].[1] Plaintiff takes no position on Uber's proposed redactions. *See* Declaration of Laura Vartain Horn in Support of the Administrative Motion to Seal, ¶ 2. For the reasons set forth herein, there are compelling reasons to seal the narrowly-tailored proposed redactions in the following Exhibits[2]:

| Document | Description[3] |
|---|---|
| Plaintiff's Motions in Limine (Vartain Decl. Ex. A) (ECF No. 4688-3) | Plaintiff's Motions in Limine |
| Ex. 7 to Plaintiff's Motions in Limine (Vartain Decl. Ex. B) (ECF No. 4688-6) | UBER_JCCP_MDL_003348796 |
| Ex. 8 to Plaintiff's Motions in Limine (Vartain Decl. Ex. C) (ECF No. 4688-7) | Gregory Brown 7/15/25 Deposition Transcript |
| Ex. 9 to Plaintiff's Motions in Limine (Vartain Decl. Ex. D) (ECF No. 4688-8) | Exhibit 1831, Tab 3 to the 8/6/25 Deposition of Jamie Brown |
| Ex. 29 to Plaintiff's Motions in Limine (Vartain Decl. Ex. E) (ECF No. 4688-22) | UBER_JCCP_MDL_000911254 |
| Ex. 30 to Plaintiff's Motions in Limine (Vartain Decl. Ex. F) (ECF No. 4688-23) | Exhibit 2041 to the 10/1/25 Deposition of Emilie Boman |
| Ex. 31 to Plaintiff's Motions in Limine (Vartain Decl. Ex. G) (ECF No. 4688-24) | Emilie Boman 10/1/25 Deposition Transcript |

---

[1] Uber also separately sought and obtained permission to file the exhibits to its Opposition to Plaintiff's Motion in Limine provisionally under seal and to extend the deadline to file its motion to seal those exhibits until January 6, 2026. ECF 4739. Uber has ultimately decided not to seek any redactions to those exhibits.

[2] Uber is also seeking narrow conforming redactions to Plaintiff's brief. Vartain Decl. Ex. A. The redaction at 20:2, which is not supported by any exhibit or other citation, corresponds to the redactions that Uber has previously requested related to S-RAD inputs. *E.g.*, ECF 4848 at 3-5.

[3] In each case (except for Exhibit 9, which also includes redactions of a bellwether plaintiff's name), Uber is the party claiming confidentiality.

| Document | Description[3] |
|---|---|
| Ex. 32 to Plaintiff's Motions in Limine (Vartain Decl. Ex. H) (ECF No. 4688-25) | UBER000231789 |
| Ex. 38 to Plaintiff's Motions in Limine (Vartain Decl. Ex. I) (ECF No. 4688-31) | UBER_JCCP_MDL_001687315 |

I.   **LEGAL STANDARD**

In the Ninth Circuit, courts use one of two standards to decide whether a document supporting a motion should remain under seal—the "compelling reasons" standard or the "good cause" exception. *Amarte USA Holdings, Inc. v. Kendo Holdings Inc.*, No. 22-cv-08958-CRB, 2024 WL 4487404, at *1 (N.D. Cal. Aug. 13, 2024) (citations omitted). When a motion is dispositive, the compelling reasons standard applies. *Id.* Motions in limine are generally considered dispositive for purposes of a sealing motion. *E.g.*, *Doe v. Regents of Univ. of Cal.*, No. 22-CV-1506 JLS (VET), 2025 WL 1115295, at *1 (S.D. Cal. Apr. 14, 2025); *see also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1099 (9th Cir. 2016) ("plenty of technically nondispositive motions—including routine motions in limine—are strongly correlative to the merits of a case").[4]

"'[B]usiness information that might harm a litigant's competitive standing [if disclosed]' meets the compelling reasons standard for sealing." *Miller v. RP On-Site, LLC*, No. 19-CV-02114-LHK, 2021 WL 624175, at *2 (N.D. Cal. Jan. 8, 2021) (citing *In re Elec. Arts, Inc.*, 298 F. App'x 568, 569 (9th Cir. 2008)); *see also Rodman v. Safeway Inc.*, No. 11-CV-03003-JST, 2015 WL 13673842, at *2 (N.D. Cal. Aug. 4, 2015) ("common-law right of inspection has bowed before the power of a court to insure that its records" are not used as "sources of business information that might harm a litigant's competitive standing") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)); *Lawson v. Grubhub, Inc.*, No. 15-cv-05128-JSC, 2017 WL 2951608, at *9 (N.D. Cal. July 10, 2017) ("Sources of business information that might harm a litigant's competitive strategy may also give rise to a compelling reason to

---

[4]   The Ninth Circuit provided the example of a motion in limine to admit statements in furtherance of a conspiracy, which it noted "will often spell out the very conspiracy alleged in a civil RICO complaint." *Id.* at 1099 n.5. Of course, some motions in limine may be more tangentially related to the merits of the case, particularly when the argument to exclude evidence is that it is irrelevant. Indeed, Plaintiff argues that the good cause standard applies to motions related to the scope of evidence that may be presented at trial. ECF 4880 at 1. Uber contends that its proposed redactions are appropriate under either the good cause or compelling reasons standard, and addresses the higher standard out of caution.

seal, as may pricing, profit, and customer usage information kept confidential by a company that could be used to the company's competitive disadvantage.") (internal alterations and citations omitted); *In re Apple Inc. Device Performance Litig.*, No. 5:18-md-02827-EJD, 2019 WL 1767158, at *2 (N.D. Cal. Apr. 22, 2019) (noting that under the compelling reasons standard, courts have upheld the sealing of "trade secrets, marketing strategies, product development plans, detailed product-specific financial information, customer information, internal reports and other such materials that could harm a party's competitive standing").

## II.   ARGUMENT

Uber has a compelling interest in redacting the requested portions of the Exhibits. Release of the redacted materials described below to Uber's competitors and the public would result in competitive harm to Uber, which outweighs the public interest in disclosure here.

<u>Information concerning Uber's audio recording technology and related experimentation.</u> Uber seeks to seal limited information concerning its audio recording feature, including a detailed and technical discussion of experimentation with that feature. Brown Decl. ¶ 11. Information concerning this technology and experimentation is competitively sensitive and could be used by Uber's competitors to Uber's disadvantage if it were made public. *Laatz v. Zazzle, Inc.*, No. 22-CV-04844-BLF, 2025 WL 405702, at *3 (N.D. Cal. Feb. 5, 2025) (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons standard); *Kowalsky v. Hewlett-Packard Co.*, No. 5:10-CV-02176-LHK, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes").

<u>Investigation processes.</u> The redacted materials include confidential details concerning Uber's investigation procedures following its receipt of incident reports, including discussions of steps investigators take and the tools that Uber uses. Brown Decl. ¶ 12. Unsealing these documents would result in competitive harm to Uber because Uber's main competitors could replicate Uber's investigative processes, which Uber has invested significant human and financial capital to develop and operationalize. *Laatz*, 2025 WL 405702, at *3 (granting motion to seal information about party's "internal technical operations, technical search processes, [and] internal business processes" under compelling reasons

standard); *E. W. Bank v. Shanker*, No. 20-CV-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret information, which if made public, would harm [party's] business by, e.g., allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested"); *Finjan, Inc., vs. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products"). Moreover, revealing Uber's investigative and deactivation processes to the public could allow third-party users of the Uber app to undermine and exploit Uber's methodologies for investigating and deactivating riders and drivers, including through fraudulent activity, compromising safety to the detriment of users and drivers. *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-CV-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections").

Uber's relationships with non-profit organizations. The redacted materials discuss internal documents concerning Uber's strategies involving and relationships with non-profit organizations. Brown Decl. ¶ 13. Publicizing this information would provide Uber's competitors with valuable confidential information about Uber's confidential strategies in this area, which the competitors could potentially leverage in competing with Uber and use in their own relationships with non-profits. *Icon-IP Pty Ltd. v. Specialized Bicycle Components, Inc.*, No. 12-CV-03844-JST, 2015 WL 12976921, at *3 (N.D. Cal. Mar. 31, 2015) (granting motion to seal, under compelling reasons standard, "information about [party's] consulting relationships and other confidential agreements").

Hyperlinks. Uber seeks to redact internal hyperlinks in Exhibit 38. *See* Ex. 38 at 2-3.[5] Redacting the hyperlinks is necessary to avoid any inadvertent access to Uber internal documents by unauthorized individuals, who could click on the link and accidentally be granted access by the internal Uber owners of the documents. Redaction of the hyperlinks here does not impair the public right of access, because the hyperlinks themselves do not reveal any substantive information and the documents to which they link

---

[5] Exhibit 38 to Plaintiff's Motions in Limine is identical to Exhibit 33 to Plaintiff's Opposition to Uber's Motion for Partial Summary Judgment. Uber also requested sealing the hyperlinks in connection with that filing. ECF 4848 at 8.

are not part of the public record.

In addition, Uber is not seeking to seal any of the exhibits in full, but only to redact limited excerpts that are necessary to seal in order to protect Uber from competitive harm. *See Rodman*, 2015 WL 13673842, at *2 (granting motion to seal when company "has proposed to redact only the portions of the documents containing the confidential information"); *In re Qualcomm Litig.*, No. 3:17-CV-0108-GPC-MDD, 2017 WL 5176922, at *2 (S.D. Cal. Nov. 8, 2017) (granting motion to seal when parties sought "to only redact the portions of the filings and the precise exhibits that implicate such confidential business information"). Moreover, to the extent information was already made public in connection with the JCCP trial and other proceedings, Uber is also not seeking to protect that information. Thus, Uber's approach is the least restrictive alternative and is narrowly tailored to protect Uber's competitive and other interests.

Accordingly, compelling reasons exist for the Court to redact the Exhibits as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibits be maintained on the docket under seal.

| | |
|---|---|
| DATED:  January 6, 2026 | Respectfully submitted, |
| | |
| | */s/ Laura Vartain Horn* |
| | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| | Telephone: (415) 439-1625 |
| | laura.vartain@kirkland.com |
| | |
| | Allison M. Brown (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 2005 Market Street, Suite 1000 |
| | Philadelphia, PA 19103 |
| | Telephone: (215) 268-5000 |
| | alli.brown@kirkland.com |
| | |
| | Jessica Davidson (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 446-4800 |
| | jessica.davidson@kirkland.com |
| | |
| | Kim Bueno (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 401 W. 4th Street, Austin, TX 78701 |
| | Telephone: (512) 355-4390 |
| | kim.bueno@kirkland.com |
| | |
| | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, And RASIER-CA, LLC |