# Exhibit D

# EXHIBIT 9

## EXHIBIT FILED UNDER SEAL

**Reenee Gangopadhyay**

| | |
|---|---|
| **From:** | Premo-Hopkins, Mark W. |
| **Sent:** | Thursday, July 10, 2025 9:43 AM |
| **To:** | Meredith Drukker Stratigopoulos |
| **Cc:** | Sara Peters; Levy, Jennifer; Coverstone, Kaitlyn L.; Caritis, Alexandra; Cox, Christopher; Tracey Cowan; Rachel Abrams; Stefan Hubanov; Tiffany R. Ellis; Katherine Hazen; Luther Sommer; Tara Doyle; Sarah London; Maya Kalonia; Simon S. Grille; Alexandra Walsh; Brian Abramson; Sejal Brahmbhatt; Andrew Kaufman; Steven Cohn; Smith, Leslie M.; Borge, Theresa |
| **Subject:** | RE: [Ext] RE: Wave 1 Discovery (Urgent) Meet and Confer |
| **Attachments:** | B.L. Status and Flow Clarifications.pdf |

Counsel,

Attached please find clarifications of the which status and flows are specific to Edwin Castaneda Orozco and which are specific to other drivers. This was confirmed by referencing the UUIDs which are on the metadata sheets for each status and flow document. We will update the production accordingly.

Best,


**Mark Premo-Hopkins, P.C.**

**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 2706
M +1 312 497 6606
F +1 312 862 2200

he / him / his

---

**From:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Sent:** Thursday, July 10, 2025 8:43 AM
**To:** Meredith Drukker Stratigopoulos <mdrukker@edelson.com>
**Cc:** Sara Peters <speters@walkuplawoffice.com>; Levy, Jennifer <jlevy@kirkland.com>; Coverstone, Kaitlyn L. <kaitlyn.coverstone@kirkland.com>; Caritis, Alexandra <alexandra.caritis@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>; Tracey Cowan <tcowan@clarksonlawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Stefan Hubanov <shubanov@peifferwolf.com>; Tiffany R. Ellis <tellis@peifferwolf.com>; Katherine Hazen <khazen@walkuplawoffice.com>; Luther Sommer <sluther@wagstafflawfirm.com>; Tara Doyle <tdoyle@wagstafflawfirm.com>; Sarah London <slondon@girardsharp.com>; Maya Kalonia <mkalonia@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra Walsh <awalsh@anapolweiss.com>; Brian Abramson <babramson@whlaw.com>; Sejal Brahmbhatt <sbrahmbhatt@whlaw.com>; Andrew Kaufman <akaufman@girardsharp.com>; Steven Cohn <cohn@chaffinluhana.com>; Smith, Leslie M. <lsmith@kirkland.com>; Borge, Theresa <theresa.borge@kirkland.com>
**Subject:** Re: [Ext] RE: Wave 1 Discovery (Urgent) Meet and Confer

Counsel -

The incorrect name of the driver was inadvertently placed on various status and flows in connection with the production. We will resolve that issue and reproduce the documents with the correct driver's name.

1

The relevant bates numbers for the B.L. driver's status and flow are UBER-MDL3084-BW-00007742 and UBER-MDL3084-BW-00007767.  They are the same data set.  7742 was produced per our DFS obligations. 7767 contains additional columns and was produced after 7767 at Plaintiffs' requests and as a result of the parties' meet and confers during discovery.

**Mark Premo-Hopkins, P.C.**

**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 2706
M +1 312 497 6606
F +1 312 862 2200

he / him / his

> On Jul 10, 2025, at 7:53 AM, Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:
>
> Thank you for the detail as to the account status logs.
>
> We are working on the additional information requested as to BL.
>
> **Mark Premo-Hopkins, P.C.**
>
> **KIRKLAND & ELLIS LLP**
> 333 W. Wolf Point Plaza, Chicago, IL 60654
> T +1 312 862 2706
> M +1 312 497 6606
> F +1 312 862 2200
>
> he / him / his

>> On Jul 9, 2025, at 5:10 PM, Meredith Drukker Stratigopoulos <mdrukker@edelson.com> wrote:
>>
>> **This message is from an EXTERNAL SENDER**
>> Be cautious, particularly with links and attachments.
>>
>> There are multiple inconsistent and untrustworthy account status logs produced in BL. Like has been done for Dean, which was used as an example, we need to understand why multiple account status logs for the subject driver and apparently two other individuals have been produced. Uber has provided some responses for Dean, but not for BL.
>>
>> Thanks,
>> Meredith
>>
>> On Wed, Jul 9, 2025 at 4:05 PM Premo-Hopkins, Mark W.
>> <mark.premohopkins@kirkland.com> wrote:

I'm not sure what the question is that's being asked in the email below.  It also sounds like most, if not all, of what you're describing (e.g., rides driver took, etc.) may be handled by Greg Brown's case specific deposition.

Also unclear what can reasonably be addressed given it's now 6PM ET on the night before Ms. Nilles is set to testify.

Happy to try to figure things out, but need to know what the actual concerns are and what documents you're referencing.

**Mark Premo-Hopkins, P.C.**

**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
**T** +1 312 862 2706

**M** +1 312 497 6606

**F** +1 312 862 2200

he / him / his

mark.premohopkins@kirkland.com

**From:** Meredith Drukker Stratigopoulos <mdrukker@edelson.com>
**Sent:** Wednesday, July 9, 2025 4:18 PM
**To:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>
**Cc:** Sara Peters <speters@walkuplawoffice.com>; Levy, Jennifer <jlevy@kirkland.com>; Coverstone, Kaitlyn L. <kaitlyn.coverstone@kirkland.com>; Caritis, Alexandra <alexandra.caritis@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>; Tracey Cowan <tcowan@clarksonlawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Stefan Hubanov <shubanov@peifferwolf.com>; Tiffany R. Ellis <tellis@peifferwolf.com>; Katherine Hazen <khazen@walkuplawoffice.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Tara Doyle <tdoyle@wagstafflawfirm.com>; Sarah London <slondon@girardsharp.com>; Maya Kalonia <mkalonia@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra Walsh <awalsh@anapolweiss.com>; Brian Abramson <babramson@whlaw.com>; Sejal Brahmbhatt <sbrahmbhatt@whlaw.com>; Andrew Kaufman <akaufman@girardsharp.com>; Steven Cohn <cohn@chaffinluhana.com>
**Subject:** Re: [Ext] RE: Wave 1 Discovery (Urgent) Meet and Confer

Thank you Mark,

Before the Nilles deposition tomorrow, we need the same clarifications in BL, Dean was only used as an exemplar. There have been multiple account status logs and spreadsheets showing trips at various times for the subject driver, but none appear complete.

Please provide the same information for BL as you have done for Dean.

Thanks,

Meredith

On Wed, Jul 9, 2025 at 3:06 PM Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com> wrote:

> Sara,
>
> We are writing to provide further insights into Uber's document productions and are open to continuing a dialog to provide clarification, as appropriate.  In the meantime, we are providing additional context to dispel the notion of deficiencies based on what may be the way in which Plaintiffs' counsel is navigating the document production.
>
> For now, you raised the topics for Hannah Nilles's deposition tomorrow (using Dean as an exemplar):
>
> > • **Plaintiff Issue:** **"Multiple inconsistent account status logs**: There have been at least three account status logs produced for Dean's driver, none of which is complete (see, e.g., BW production 12965 versus 7747). We are trying to figure out if this problem is also occurring in the other Wave 1 bellwether cases, but it is going to make the Nilles deposition very inefficient if we are flipping back and forth between 3+ documents to establish a complete timeline."

4

**Uber's response:**

There is no deficiency.  Here are the Beg Bates for the three status and flow documents for the Dean driver:

- · UBER-MDL3084-BW-00007747

- · UBER-MDL3084-BW-00007772

- · UBER-MDL3084-BW-00012965

UBER-MDL3084-BW-00007747 and UBER-MDL3084-BW-00007772 are the same data sets.  7747 was produced per our DFS obligations. 7772 contains additional columns and was produced after 7747 at Plaintiffs' requests and as a result of the parties' meet and confers during discovery.

UBER-MDL3084-BW-00012965 is a separate, related account for the same driver.

- • **Plaintiff Issue:** "**Untrustworthy original account status logs:** Also in Dean, the original account status log produced with the DFS production did not include the fact that this driver was originally rejected in 2014! We would like an explanation for that, and we need to know how many other cases are affected by a similar deficiency."

**Uber's response:**

Again, there is no deficiency.  See Uber's response above.  The account status log reflects the separate, related account for the same driver, which was produced at UBER-MDL3084-BW-00012965.  This account does not have any associated trips.  This account was deactivated at the same time as the driver's main account in 2023.

- • **Plaintiff Issue: "Deficient Rog 12:** In Doc. 3172, Judge Cisneros specifically ordered Uber to respond to Interrogatory No. 12, saying "Uber must respond to this interrogatory in its entirety, with respect to each status change at issue. If Uber no longer knows responsive information, such as the reason for a particular status change, it may state that in its response, but Uber must respond with particularity to each of Plaintiffs' requests for each status change at issue." Uber's second supplemental interrogatory responses (6/13/25) in Dean does not state why the driver was rejected in 2014. That information needs to be provided immediately."

**Uber's response:**

As explained, there is no deficiency.  The account status log reflects rejection at the onboarding phase in 2014 before ever coming onto Uber's platform.  There is no additional information available to Uber at this time.

- **Plaintiff Issue: "Failure to produce documents for other accounts held by the subject driver:** It is hard to parse out from Uber's production, but some if not all of the Wave 1 bellwethers (for sure Dean and ▇▇▇▇ have other accounts for the same driver. It does not appear that Uber has produced, as required by RPD 23-24, all documents for these drivers, but rather only the documents for one of the drivers' accounts. There were 233 documents produced for the "main" account, but only several for each of the two duplicate accounts, and few for his rider account."

**Uber's response:**

Uber searched for and produced responsive information for the subject driver accounts. Related accounts can exist for certain drivers. This explains the observed differences between the volume of documents associated with the accounts.

**Mark Premo-Hopkins, P.C.**

**KIRKLAND & ELLIS LLP**
333 W. Wolf Point Plaza, Chicago, IL 60654
T +1 312 862 2706

M +1 312 497 6606

F +1 312 862 2200

he / him / his

mark.premohopkins@kirkland.com

---

**From:** Sara Peters <speters@WalkupLawOffice.com>
**Sent:** Wednesday, July 9, 2025 12:39 AM
**To:** Premo-Hopkins, Mark W. <mark.premohopkins@kirkland.com>; Levy, Jennifer <jlevy@kirkland.com>; Coverstone, Kaitlyn L. <kaitlyn.coverstone@kirkland.com>; Caritis, Alexandra <alexandra.caritis@kirkland.com>; Cox, Christopher <christopher.cox@kirkland.com>
**Cc:** Meredith Drukker Stratigopoulos <mdrukker@edelson.com>; Tracey Cowan <tcowan@clarksonlawfirm.com>; Rachel Abrams <rabrams@peifferwolf.com>; Stefan Hubanov <shubanov@peifferwolf.com>; Tiffany R. Ellis <tellis@peifferwolf.com>; Katherine Hazen <khazen@WalkupLawOffice.com>; Sommer Luther <sluther@wagstafflawfirm.com>; Tara Doyle <tdoyle@wagstafflawfirm.com>; Sarah London <slondon@girardsharp.com>; Maya Kalonia <mkalonia@girardsharp.com>; Simon S. Grille <sgrille@girardsharp.com>; Alexandra Walsh

<awalsh@anapolweiss.com>; Brian Abramson <babramson@whlaw.com>; Sejal
Brahmbhatt <sbrahmbhatt@whlaw.com>; Andrew Kaufman
<akaufman@girardsharp.com>; Steven Cohn <cohn@chaffinluhana.com>
**Subject:** Wave 1 Discovery (Urgent) Meet and Confer
**Importance:** High

Jenny, Mark, et al.,

On Saturday, I asked for a Zoom meet and confer, ideally Monday (yesterday). See
attached. There are a number of serious deficiencies in Uber's Wave 1 productions.
I'm not sure who is the current point person on those items. I will focus here on issues
that are particularly germane to upcoming depositions, including the fast-approaching
Nilles depo. I think it would be more productive if we could talk about these by Zoom
asap.

The issues (using Dean as an exemplar):

- **Multiple inconsistent account status logs**: There have been at least three
  account status logs produced for Dean's driver, none of which is complete
  (see, e.g., BW production 12965 versus 7747). We are trying to figure out if
  this problem is also occurring in the other Wave 1 bellwether cases, but it is
  going to make the Nilles deposition very inefficient if we are flipping back and
  forth between 3+ documents to establish a complete timeline.
- **Untrustworthy original account status logs:** Also in Dean, the original account
  status log produced with the DFS production did not include the fact that this
  driver was originally rejected in 2014! We would like an explanation for that,
  and we need to know how many other cases are affected by a similar
  deficiency.
- **Deficient Rog 12:** In Doc. 3172, Judge Cisneros specifically ordered Uber to
  respond to Interrogatory No. 12, saying "Uber must respond to this
  interrogatory in its entirety, with respect to each status change at issue. If
  Uber no longer knows responsive information, such as the reason for a
  particular status change, it may state that in its response, but Uber must
  respond with particularity to each of Plaintiffs' requests for each status
  change at issue." Uber's second supplemental interrogatory responses
  (6/13/25) in Dean does not state why the driver was rejected in 2014. That
  information needs to be provided immediately.

- **Missing audio recording of the subject trip:** There is a reference in Dean's
  mobile events log to
  ███████████████████████████████████, which per the
  glossary means ███████████████████████. This has NOT been
  produced.

- **Offer card**: I have personally been on nearly a dozen meet and confer calls and meetings where I have explained and re-explained what an "offer card" is (it's Uber's term of art for the information presented to the plaintiff about a driver who is coming to pick her up). Before May 16, Jay and others said they would look for it and produce either the offer card, or documents sufficient for us to reconstruct its contents, no later than May 16. Nothing was produced. Then we engaged in many more rounds of meet and confer efforts, culminating in a day in Judge Cisneros' chambers, and a stipulation that additional information would be produced in response to Rog 20 (by June 12) and RPD 54 (by June 17). The stipulation regarding RPD 54 states: "Defendants will produce the underlying data that they still have available, mostly the "voluntary" information about the driver, and/or confirm they have no such documents, by June 17." Now, I see that Uber's responses simply refer Plaintiffs to the "account status log," which has nothing to do with an offer card.
- **Failure to produce documents for other accounts held by the subject driver:** It is hard to parse out from Uber's production, but some if not all of the Wave 1 bellwethers (for sure Dean and ████████ have other accounts for the same driver. It does not appear that Uber has produced, as required by RPD 23-24, all documents for these drivers, but rather only the documents for one of the drivers' accounts. There were 233 documents produced for the "main" account, but only several for each of the two duplicate accounts, and few for his rider account.

Please respond asap. Please note I also have a separate thread regarding the S-RAD follow up issues.

Best,

Sara

<image001.png>

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.

The information contained in this communication is confidential, may be attorney-client privileged, may constitute inside information, and is intended only for the use of the addressee. It is the property of the multi-national law firm Kirkland & Ellis LLP and/or its affiliated entities. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify us immediately by return email or by email to postmaster@kirkland.com, and destroy this communication and all copies thereof, including all attachments.