[Submitting Counsel Below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, N.D. Cal. Case No. 3:23-cv-06708-CRB<br>D. Ariz. Case No. 2:25-cv-04276-CRB | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE CLAWBACK NOTICE**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| **JAYLYNN DEAN,**<br><br>**v.**<br><br>**UBER TECHNOLOGIES, INC., et al.,** | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: 501 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff effectively concedes that all 38 documents still at issue in Uber's clawback notice contain privileged information.[1] Nonetheless, Plaintiff argues that the clawback notice—which now affects *fewer than 0.9%* of the exhibits on Plaintiff's 3,662-document exhibit list, *see* Doc. 4900-1—is "eleventh-hour gamesmanship" that justifies leapfrogging the Special Master and demanding that the Court strike the clawback notice in its entirety. Mot. at 1. Plaintiff is wrong. Uber timely issued its clawback notice pursuant to PTO 14 by notifying Plaintiff "within twenty-one (21) calendar days" after "discover[ing]" that those documents were inadvertently produced with unredacted privileged information. Doc. 396 ¶ 4.

Plaintiff's primary argument—that Uber knew or should have known that these documents contained privileged information months ago but sat on its hands—is baseless. Plaintiff admits that "Uber has produced millions of documents" in this litigation, "across more than 200 production volumes." Mot. at 2. The parties have taken dozens of depositions and Plaintiff has produced more than 20 expert reports, in which *thousands* of Uber's documents were referenced or used in some way. Plaintiff's position—that her use of *any* document, at a deposition or in an expert report, should have placed Uber on notice that the document was likely to be used at trial such that Uber was obligated to immediately inspect the entire document (no matter how lengthy) for privileged information—is not realistic in the context of this massive litigation. Plaintiff will have a grand total of 39 hours to put on evidence, and will introduce only a tiny fraction of the documents used during discovery. The sheer magnitude and size of the documents in this litigation is precisely why PTO 14 does not tie the timing of clawback notices to the mere use of a document, but instead ties it to a party's "*discovery*" that a produced document contains privileged information. Doc. 396 ¶ 4 (emphasis added).

---

[1] Uber withdraws its clawback notice as to the following eight documents: (i) UBER_JCCP_MDL_001563271; (ii) UBER_JCCP_MDL_001699650; (iii) UBER_JCCP_MDL_002184840; (iv) UBER_JCCP_MDL_002286376; (v) UBER_JCCP_MDL_004201586; (vi) UBER_JCCP_MDL_004999440; (vii) UBER_JCCP_MDL_005266819; and (viii) UBER_JCCP_MDL_005676090. Uber continues to stand on its clawback notice with respect to the remaining 38 documents.

Uber's clawback notice was timely issued under PTO 14. Plaintiff served her initial 4,824-document exhibit list on Uber *less than a month ago*, on December 10, 2025. As Uber reviewed that bloated exhibit list (and further scrutinized the documents on its own exhibit list), it identified a limited number of documents that were inadvertently produced with privileged information. Uber then issued its clawback notice within 21 days of discovering that inadvertent production. The clawback notice is timely and should be considered on its merits.

Plaintiff also makes a mountain out of a molehill. Just last night, Plaintiff told the Court that "[m]otions to strike are reserved for clear violations and demonstrable prejudice." Pl.'s Opp'n To Defs.' 2d Mot. To Strike, Doc. 4895 at 3. But Plaintiff shows neither a "clear violation[]" nor any "demonstrable prejudice." Of the 38 documents still at issue in the clawback notice, only 32 of those documents are even found on Plaintiff's latest *3,662-document* exhibit list. *See* Doc. 4900-1. And of those 32 documents, only three are being withheld in full; Uber reproduced the other documents with relatively minor new redactions. Plaintiff makes no effort to explain how Uber's minuscule clawback could possibly prejudice her when she demands the ability to introduce *over 3,600 other documents* at trial.

To be clear, Uber consents to the alternative relief that Plaintiff seeks: "that the Court direct the Special Master to complete review of the clawed-back documents before trial, so that any documents determined not to be privileged may be used." Mot. at 6-7. Uber would have agreed to expedite the Special Master's review had Plaintiff made that request to Uber before filing her motion. Following Uber's reproduction of the bulk of its newly clawed-back documents in redacted form today, Plaintiff can review that new production and decide whether she wishes to challenge any of Uber's clawbacks before the Special Master on an expedited basis.[2]

In all other respects, Plaintiff's motion should be denied.

---

[2] Plaintiff does not argue that the Special Master would be unable to complete her review of the limited number of documents at issue before trial.

# ARGUMENT

## A. The Clawback Notice Is Timely.

Plaintiff's sole contention supporting her motion to strike—that the clawback notice is "untimely," Mot. at 1—is meritless. Plaintiff acknowledges that PTO 14 "requires a 'Producing Party' to 'notify the Receiving [P]arty within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which the Producing Party asserts privilege and/or other protection.'" Mot. at 3 (quoting PTO 14 (Doc. 396) ¶ 4). That is precisely what Uber did.

On December 10, 2025, Plaintiff served Uber with her initial exhibit list, which comprised 4,824 documents. *See* Doc. 4659-4. Uber then began the laborious process of trudging through Plaintiff's inflated exhibit list to prepare objections. In doing so, and in similarly inspecting the documents on its own exhibit list, Uber discovered that a very small number of those documents included privileged information. Uber issued its clawback notice with respect to each of the 38 documents, *see supra* n.1, within 21 days of "discover[ing]," Doc. 396 ¶ 4, that it had inadvertently produced privileged information. As such, Uber's clawback notice is timely under PTO 14.

Plaintiff's efforts to demonstrate untimeliness all fail. *First*, Plaintiff asserts that 20 documents "were exhibits to depositions that took place months ago," arguing that "paragraph 10 of PTO 14" required Uber to have issued a clawback notice as to those documents within 20 days after receiving the final transcript. Mot at 1. Plaintiff does not specify which 20 documents she believes were used at depositions;[3] nor does she specify the deposition or depositions at which they were supposedly used. In all events, Plaintiff is wrong. By its terms, paragraph 10 of PTO 14 applies to documents where "a Producing Party claims"—"*during a deposition*"—"that a document being used in the deposition . . . contains material that is subject to" a privilege. Doc. 396 ¶ 10 (emphasis added). *If* a party makes such a claim, the party then has "twenty (20) days after receipt of the final transcript" to issue a clawback notice; otherwise, the privilege "will be deemed as waived absent good cause." *Id.* That provision makes sense: if a party discovers during a deposition that a document used during that

---

[3] Plaintiff's chart includes a column that is titled "For Documents Used At Depositions, Days Uber Waiting to Clawback under PTO 14," but 35 entries include a number even though only 20 documents were used at a deposition.

deposition contains privileged information, the party should promptly issue a clawback notice or forever hold its peace.

But nothing in paragraph 10 obligates parties to scrutinize *every single exhibit* used in a deposition for privileged information; nor is it realistic to expect parties to do so. For example, UBER_JCCP_MDL_005031659 comprises a slide deck that is *nearly 900 pages long*—but only a handful of pages included unredacted, privileged information that was inadvertently produced. Although Plaintiff questioned one of Uber's witnesses about two pages in this document, her questions did not concern the relatively minimal privileged information found elsewhere in that document. There was no reason for Uber to place this giant document under a magnifying glass before Plaintiff included it on an exhibit list—and nothing in paragraph 10 required Uber to do so.[4]

*Second*, Plaintiff claims that 19 documents "were referenced in Plaintiffs' September 2025 expert reports." Mot. at 1. Again, Plaintiff does not identify which documents were referenced in what expert reports. Nor does Plaintiff assert that anything in any procedural order obligated Uber to study the thousands of documents that Plaintiff's experts "referenced" in their reports for privileged information. And Plaintiff does not contend that any of her experts relied on *privileged* information found in any of the documents at issue.

*Third*, Plaintiff argues that two of the documents at issue also appear on Uber's exhibit list. *See* Mot. at 3, 5. But Plaintiff does not even list one of those documents (UBER_JCCP_MDL_000535001) on her exhibit list, making it is difficult to understand how Uber's clawback (and subsequent reproduction with redactions) of that document affects her in any way, let alone constitutes gamesmanship. And the other document (UBER_JCCP_MDL_005176144) is a 171-page slide deck that Uber has reproduced with minor new redactions made to just six of those slides.

*Finally*, Plaintiff contends that Uber stipulated that three of the documents at issue were business records. *See* Mot. at 4 (citing Stipulation Regarding Certain Documents, Doc. 4668). But

---

[4] The analysis changes, of course, where a party claims privilege during the deposition but does not follow up with a clawback notice. *Cf.* Doc. 396 ¶ 10 (in such a case, the party "may . . . allow the document to be used during the deposition without waiver of any claim of privilege or other protection" but must serve a clawback notice within 20 days or risk waiving the privilege). Uber has withdrawn its clawback notice as to such documents. *See supra* n.1.

nothing in that stipulation suggested that Plaintiff was likely to use those documents at trial. That stipulation arose out of a dispute "as to whether any additional time remained with [Uber] witness [Chad Dobbs] or whether time had run out." Doc. 4668 at 2. "[I]n an effort to avoid burdening the Court with this dispute," the parties agreed to stipulate that "18 documents not used during the deposition that counsel represented would be used with the witness absent the parties' [dispute] about time . . . are authentic, true, and correct records kept in Uber's ordinary course of business." *Id.* at 2-3. Uber simply reviewed those documents to ensure that they were authentic and were business records; it did not review them for privilege and Uber expressly "reserve[d] all rights" in that stipulation "to object to the use of these documents at trial on all *other* grounds[.]" Doc. 4668 at 3.[5]

### B. Plaintiff Does Not Demonstrate Any Actual Prejudice.

Plaintiff decries what she describes as "Uber's eleventh-hour gamesmanship," Mot. at 1, but Judge Cisneros explained just last month that "abstract concerns about gamesmanship do not establish prejudice." Order Resolving Joint Letters, Doc. 4701 at 15. Such "abstract concerns" are all that Plaintiff offers here.

Of the 38 documents still at issue in Uber's clawback notice, six are not even on Plaintiff's exhibit list; thus, Plaintiff cannot credibly argue that she "ha[s] relied on these documents for months in preparing [her] case for trial."[6] The remaining 32 documents represent fewer than 0.9% of the 3,662 documents on Plaintiff's latest exhibit list. *See* Doc. 4900-1. And only three of those 32 documents are being withheld in full; the other 29 are being reproduced with new, limited redactions for privilege. Uber's clawback notice barely makes a dent in Plaintiff's massive exhibit list.

More fundamentally, Plaintiff does not explain how *any* of Uber's clawbacks would impede her ability to try this case. Indeed, she does not bother to even explain what any of the clawed-back documents are, let alone does she make any effort to show *how* "[t]he prejudice here is severe." Mot.

---

[5] Plaintiff also argues that "Uber previously de-designated" UBER_JCCP_MDL_000909003. Mot. at 4. That is not correct. This document has not been logged as privileged until now.

[6] The six clawed-back documents not found on Plaintiff's latest exhibit list are: (i) UBER_JCCP_MDL_000535001; (ii) UBER_JCCP_MDL_005696274; (iii) UBER_JCCP_MDL_005696279; (iv) UBER_JCCP_MDL_005696281; (v) UBER_JCCP_MDL_005696283; and (vi) UBER_JCCP_MDL_005696285.

at 1. As Plaintiff urged just last night, "[m]otions to strike are reserved for . . . *demonstrable* prejudice." Doc. 4895 at 3 (emphasis added). Plaintiff thus fails her own standard.

## CONCLUSION

To the extent Plaintiff continues to object to any portion of Uber's clawback notice in light of today's production, the Court should order the Special Master to expedite review of Plaintiff's remaining objections. In all other respects, Plaintiff's motion should be denied.

DATED: January 6, 2026                                Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 6, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn