1  WARREN METLITZKY (CA Bar No. 220758)
   CONRAD | METLITZKY | KANE LLP
2  217 Leidesdorff Street
   San Francisco, CA 94111
3  Tel:   (415) 343-7100
   Fax:   (415) 343-7101
4  Email: wmetlitzky@conmetkane.com

5  BETH A. STEWART (*pro hac vice*)
   DAVID RANDALL J. RISKIN (*pro hac vice*)
6  WILLIAMS & CONNOLLY LLP
   680 Maine Ave., S.W.
7  Washington, DC 20024
   Tel:   (202) 434-5000
8  Fax:   (202) 434-5029
   Email:  bstewart@wc.com
9  Email:  driskin@wc.com

10 *Attorneys for Lyft, Inc.*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC)<br><br>**LYFT INC.'S RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION**<br><br>Judge:  The Honorable Lisa J. Cisneros<br>Courtroom:  H—15th Floor |

That Plaintiffs filed an administrative motion is curious. A few points as prologue:

- As Plaintiffs concede (ECF 4936-1), their counsel reached out to Lyft to discuss their Lyft subpoenas (other than from Jaylynn Dean) on January 5, 2026—two days before Plaintiffs' deadline to file a letter brief.

- The next day, counsel asked for Lyft's consent to extend Plaintiffs' filing deadline. Lyft agreed but noted it was reserving its rights to argue that the extension request, and the animating circumstances, illustrated counsel's lack of diligence in pursuing the subpoenas. (The Court, of course, had set Plaintiffs' January 7, 2026 filing deadline two weeks earlier.)

- Lyft added to Plaintiffs' stipulation language reflecting its reservation (and clarifying that the extension request was Plaintiffs' alone), which counsel initially accepted—and then refused to include.

And now Plaintiffs' motion.

Lyft continues to have no issues with Plaintiffs' request for additional time to file a letter brief arguing "the diligence of their efforts to pursue the subpoena with Lyft." (ECF 4800.) But the fact Plaintiffs' counsel has sought an extension (including because counsel waited until January 5 of this year to ask for a discussion about the subpoenas) only underscores the lack of diligence. And Plaintiffs are correct Lyft would not sign a stipulation that did not expressly reserved this position, lest its written consent be taken as a waiver.

From Lyft's perspective, Plaintiffs can have as much time as they want to file their motion—although one imagines that had those subpoenas been pursued with the necessary diligence, the narrative would have been straightforward and an extension unnecessary.

DATED: January 7, 2026                                  Respectfully submitted,

**CONRAD | METLITZKY | KANE LLP**

_____
WARREN METLITZKY
GABRIELA KIPNIS

**WILLIAMS & CONNOLLY LLP**

BETH A. STEWART
DAVID RANDALL J. RISKIN

*Attorneys for Lyft, Inc.*