IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION _____/ This Order Relates To: *Jaylynn Dean v. Uber Techs., Inc.*, N.D. Cal. No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | MDL No. 3084 **PRETRIAL ORDER NO. 39: ORDER REGARDING DEAN PRETRIAL MOTIONS** |

Having considered the briefing on the Parties' various pretrial motions in the Dean bellwether case, the Court **ORDERS** as follows:

**I.   UBER'S MOTION FOR PARTIAL SUMMARY JUDGMENT**

Uber's Motion for Partial Summary Judgment is **GRANTED IN PART** as to Plaintiff's respondeat superior, fraud, and GPS Alert product liability claims.

Uber's Motion for Partial Summary Judgment is otherwise **DENIED**.

**II.   UBER'S MOTIONS TO EXCLUDE PLAINTIFF'S EXPERTS**

The Court has determined that Lindsey Cameron's expert testimony has been rendered irrelevant by the Court's ruling on Uber's Motion for Partial Summary Judgment. Therefore, Uber's Motion to exclude Cameron's expert testimony is **GRANTED**.

Uber's Motions to Exclude Minette Drumwright's, Veronique Valliere's, and John Chandler's expert testimony are **GRANTED IN PART** to the extent that they seek to opine on Uber's adherence or lack thereof to external ethical standards.

Uber's Motion to Exclude Thomas Tremblay's expert testimony is **GRANTED IN**

**PART** to the extent that Tremblay seeks to opine that Uber was a substantial causal factor in Plaintiff's alleged assault.

Uber's Motions to Exclude are otherwise **DENIED**.

### III. PLAINTIFF'S MOTIONS TO EXCLUDE UBER'S EXPERTS

The Court has determined that Joseph Okpaku's expert testimony has been rendered irrelevant by the Court's ruling on Uber's Motion for Partial Summary Judgment. Therefore, Plaintiff's Motion to Exclude Okpaku's testimony is **GRANTED**.

Plaintiff's Motion to Partially Exclude Vida Thomas's expert testimony is **GRANTED** to the extent that Thomas seeks to opine that Uber was not on notice that Hassan Turay would purportedly sexually assault a rider.

Plaintiff's Motion to Partially Exclude Eric Piza's expert testimony is **GRANTED IN PART** to the extent that Piza seeks to opine that complementary policies and safeguards needed for video cameras to prevent violent crime cannot realistically be implemented for the millions of rides on the Uber platform.

Plaintiff's Motions to Exclude are otherwise **DENIED**.

### IV. UBER'S MOTIONS IN LIMINE

For all the Motions in Limine, the Parties should rely first and foremost on the Court's guidance during the Pretrial Conference. The Court's rulings may change based on how specific evidence is presented within the context of the trial.

Uber's Motions in Limine Nos. 1, 2, 10, 11, 14, 15, 18, and 20 are **GRANTED**.

Uber's Motion in Limine No. 3 is **GRANTED IN PART** to the extent that the evidence regarding Uber's insurance coverage, carriers, or third-party administrators is related to the damages sought by Plaintiff.

Uber's Motion in Limine No. 6 is **GRANTED IN PART** to the extent that the evidence relates to Harvey Weinstein and the "Me Too" movement.

Uber's Motion in Limine No. 7 is **GRANTED IN PART** to the extent evidence that the evidence relates to lawsuits, claims, or judicial actions that do not directly concern Uber's representations about safety and its handling of sexual assault risk.

Uber's Motion in Limine No. 8 is **GRANTED IN PART** to the extent that the evidence relates to specific allegations or facts of other cases where Uber did not de-activate or re-activated accounts of drivers.

Uber's Motion in Limine No. 17 is **GRANTED IN PART** to the extent that Plaintiff seeks to introduce evidence regarding the involvement of Eric Holder or Rudy Giuliani in producing the third-party reports.

Uber's Motion in Limine No. 19 is **GRANTED IN PART** to the extent that Plaintiff seeks to introduce evidence on the size of the defense team.

Uber's Motion in Limine No. 23 is **GRANTED IN PART** to the extent that Plaintiff seeks to introduce evidence on this topic beyond what is strictly necessary to support Plaintiff's argument regarding the status of Hassan Turay's driver's license.

Uber's Motions in Limine are otherwise **DENIED**.

**V.   PLAINTIFF'S MOTIONS IN LIMINE**

Plaintiff's Motions in Limine Nos. 1, 7, 9, 10, and 16 are **GRANTED**.

Plaintiff's Motion in Limine No. 2 is **GRANTED** to the extent that Plaintiff does not open the door for Uber to introduce such evidence.

Plaintiff's Motion in Limine No. 3 is **GRANTED IN PART** to the extent that Uber seeks to use this evidence beyond cross-examination of Plaintiff's expert witness as discussed during the Pretrial Conference.

Plaintiff's Motions in Limine are otherwise **DENIED**.

**VI.   UBER'S MOTION TO PERMIT EVIDENCE UNDER FRE 412**

Uber's Motion to Permit Evidence under FRE 412 is **DENIED** subject to the narrow exception outlined in the ruling on Plaintiff's Motion in Limine No. 3.

**IT IS SO ORDERED.**

Dated: January 8, 2026

CHARLES R. BREYER
United States District Judge