# EXHIBIT A

Page 1

```
 1            UNITED STATES DISTRICT COURT
 2           NORTHERN DISTRICT OF CALIFORNIA
 3              SAN FRANCISCO DIVISION
 4
 5   CIVIL ACTION NO. 3:23-md-03084-CRB
 6   IN RE: UBER TECHNOLOGIES, INC.,
 7   PASSENGER SEXUAL ASSAULT LITIGATION
 8
 9   This Document Relates to:
10   J.H. v. Uber Technologies, Inc.,
11   et al., 3:25-cv-05342
12
13                  NON-APPEARANCE
14     REMOTE AND IN-PERSON DEPOSITION OF J. H.
15               Marriott Birmingham
16              3590 Grandview Parkway
17            Birmingham, Alabama 35243
18                 January 6, 2026
19
20   REPORTED BY:  Laura H. Nichols
21                 Certified Realtime Reporter,
22                 Registered Professional
23                 Reporter and Notary Public
     Job No.:      CS7798858
```

```
                                                    Page 2
 1              A P P E A R A N C E S
 2
 3   FOR THE PLAINTIFF:
 4        Mr. D. Douglas Grubbs
 5        Attorney at Law
 6        2925 Richmond Avenue, Suite 1725
 7        Houston, Texas 77098
 8        (713) 664-4555
 9        dgrubbs@pulaskilawfirm.com
10
11   FOR THE DEFENDANTS UBER TECHNOLOGIES, INC.,
12   RASIER, LLC AND RASIER-CA, LLC:
13        Ms. Jessica Grant
14        Attorney at Law
15        Shook, Hardy & Bacon L.L.P.
16        555 Mission Street, Suite 2300
17        San Francisco, California 94105
18        (415) 544-1900
19        jgrant@shb.com
20
21   OTHERS PRESENT:
22        Mr. John Badgley
23        Veritext Legal Solutions
```

1             PROCEEDINGS
2           January 6, 2026
3            9:56 a.m. CST
4          MS. GRANT:  Good morning.  My name
5    is Jessica Grant and I represent Uber.  I am
6    going to make a statement of nonappearance for
7    Plaintiff's J.H.'s duly noticed deposition.
8               On November 19, 2025, the Court
9    ordered Plaintiff J.H., with MDL ID Number
10   3621, to appear for a deposition by December
11   19th.
12              Plaintiff's counsel is aware of
13   this order and the obligation for plaintiff to
14   appear for deposition.
15              The parties met and conferred
16   regarding the scheduling of the deposition in
17   light of the Court's order.
18              My understanding is that
19   plaintiff's counsel was in contact with
20   Plaintiff J.H. in the week leading up to the
21   deposition.  Counsel for the parties met and
22   conferred and agreed that Uber would notice the
23   deposition of Plaintiff J.H. for today's date,

1  which is January 6, 2026.
2              Uber in turn served a notice for
3  the deposition on plaintiff's counsel, in light
4  of the Court's order and the parties'
5  agreement.  My understanding is that notice was
6  sent to Plaintiff J.H. and plaintiff's counsel
7  reported to us that notice was, indeed, sent to
8  her.  And he spoke with J.H. after notice was
9  still delivered.
10             Mr. Grubbs, do you want to add
11  anything about your initial communications with
12  J.H. and then the fact that I guess she ceased
13  communicating with you.
14             MR. GRUBBS:  Yes, please.  This is
15  Douglas Grubbs for Plaintiff J.H.  I have had
16  multiple discussions with Plaintiff J.H.
17  advising her of today's deposition and the
18  possible consequences of not appearing.  Our
19  most recent conversation was last Friday,
20  January 2nd, 2026.
21             I continued to contact J.H. over
22  the weekend, yesterday and this morning by
23  phone, text and email.  She has not responded.

1  I have also kept opposing counsel apprised of
2  my efforts and the unlikely hood of J.H.'s
3  attendance today.
4          MS. GRANT:  So the court reporter
5  and videographer are in person in Birmingham,
6  Alabama, which is where the deposition was
7  noticed to take place.  We have waited
8  twenty-nine minutes, and Plaintiff J.H. has not
9  appeared.
10         I am not aware of any
11 communications from plaintiff indicating that
12 she is running late or that she intends to
13 appear.
14         So to sum it up, Judge Breyer
15 ordered Plaintiff J.H. to appear for a
16 deposition in an order entered on November
17 19th, 2025, a docket entry 4440.  The
18 deposition notice was properly served on
19 counsel after the parties met and conferred on
20 scheduling and agreed the deposition would be
21 noticed for today's date.  Plaintiff J.H. has
22 failed to appear for her properly-noticed
23 deposition.

Page 6

1           As a result of Plaintiff's J.H.'s
2      failure to appear, she should be found in
3      contempt of the Court's order for failure to
4      comply with the Court's order.  Uber will seek
5      all appropriate relief including sanctions
6      pursuant FRCP 37(a).
7           Thank you.  We can go off the
8      record.
9        (Proceedings concluded at 10:00 a.m. CST)
10
11     THE ABOVE WAS ALL OF THE FOREGOING PROCEEDINGS
12
13
14
15
16
17
18
19
20
21
22
23

Page 7

1      REPORTER'S CERTIFICATE

2              I, Laura H. Nichols, a Registered
3      Professional Reporter of Birmingham, Alabama,
4      and a Notary Public for the State of Alabama at
5      Large, do hereby certify that I was present
6      with the videographer, John Badgley, at the
7      Marriott Birmingham, 3590 Grandview Parkway,
8      Birmingham, Alabama 35243 at the designated
9      time of 9:30 a.m. CST, and that I did remain
10     there until 10:00 a.m. CST on said date and
11     that J. H. did not appear at said time and
12     place in person.
13             I hereby certify that the above
14     and foregoing proceedings was taken down by me
15     in stenotypy, and the colloquy was reduced to
16     typewriting under my supervision, and that the
17     foregoing represents a true and correct
18     transcript of the proceedings upon said
19     hearing, to the best of my ability.
20             I further certify that I am
21     neither of counsel nor of kin to the parties to
22     the action, nor am I in anywise interested in
23     the result of said cause.

Page 8

1        Subscribed and sworn to on this
2   date of January 6, 2026.
3
4
5
         /s/ LAURA H. NICHOLS
6        Commissioner-Notary Public, State of AL
         ACCR License No. 3, Exp. 9/30/2026
7        GA CCR No. 2714, Exp. 4/1/2026
         TN LCR No. 679, Exp. 6/30/2027
8        Transcript Certified on 1/6/2026
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

**[& - conversation]** Page 1

| & | 415 2:18 | agreement 4:5 | **c** |
|---|---|---|---|
| & 2:15 | 4440 5:17 | al 1:11 8:6 | c 2:1 |
| **0** | **5** | alabama 1:17 | ca 2:12 |
| 03084 1:5 | 544-1900 2:18 | 5:6 7:3,4,8 | california 1:2 |
| 05342 1:11 | 555 2:16 | anywise 7:22 | 2:17 |
| **1** | **6** | appear 3:10,14 | cause 7:23 |
| 1/6/2026 8:8 | 6 1:18 3:2 4:1 | 5:13,15,22 6:2 | ccr 8:7 |
| 10:00 6:9 7:10 | 8:2 | 7:11 | ceased 4:12 |
| 1725 2:6 | 6/30/2027 8:7 | appearance | certificate 7:1 |
| 18409 8:5 | 664-4555 2:8 | 1:13 | certified 1:21 |
| 19 3:8 | 679 8:7 | appeared 5:9 | 8:8 |
| 19th 3:11 5:17 | **7** | appearing 4:18 | certify 7:5,13 |
| **2** | 713 2:8 | apprised 5:1 | 7:20 |
| 2025 3:8 5:17 | 77098 2:7 | appropriate | civil 1:5 |
| 2026 1:18 3:2 | **9** | 6:5 | colloquy 7:15 |
| 4:1,20 8:2 | 9/30/2026 8:6 | assault 1:7 | commissioner |
| 2300 2:16 | 94105 2:17 | attendance 5:3 | 8:6 |
| 2714 8:7 | 9:30 7:9 | attorney 2:5,14 | communicating |
| 2925 2:6 | 9:56 3:3 | avenue 2:6 | 4:13 |
| 2nd 4:20 | **a** | aware 3:12 | communicati... |
| **3** | a.m. 3:3 6:9 7:9 | 5:10 | 4:11 5:11 |
| 3 8:6 | 7:10 | **b** | comply 6:4 |
| 35243 1:17 7:8 | ability 7:19 | bacon 2:15 | concluded 6:9 |
| 3590 1:16 7:7 | above 6:11 | badgley 2:22 | conferred 3:15 |
| 3621 3:10 | 7:13 | 7:6 | 3:22 5:19 |
| 37 6:6 | accr 8:6 | best 7:19 | consequences |
| 3:23 1:5 | action 1:5 7:22 | birmingham | 4:18 |
| 3:25 1:11 | add 4:10 | 1:15,17 5:5 7:3 | contact 3:19 |
| **4** | advising 4:17 | 7:7,8 | 4:21 |
| 4/1/2026 8:7 | agreed 3:22 | breyer 5:14 | contempt 6:3 |
|  | 5:20 |  | continued 4:21 |
|  |  |  | conversation |
|  |  |  | 4:19 |

**[correct - morning]** Page 2

| | | | |
|---|---|---|---|
| **correct** 7:17<br>**counsel** 3:12,19<br>  3:21 4:3,6 5:1<br>  5:19 7:21<br>**court** 1:1 3:8<br>  5:4<br>**court's** 3:17 4:4<br>  6:3,4<br>**crb** 1:5<br>**cs7798858** 1:23<br>**cst** 3:3 6:9 7:9<br>  7:10<br>**cv** 1:11<br>**d**<br>**d** 2:4<br>**date** 3:23 5:21<br>  7:10 8:2<br>**december** 3:10<br>**defendants**<br>  2:11<br>**delivered** 4:9<br>**deposition** 1:14<br>  3:7,10,14,16,21<br>  3:23 4:3,17 5:6<br>  5:16,18,20,23<br>**designated** 7:8<br>**dgrubbs** 2:9<br>**discussions**<br>  4:16<br>**district** 1:1,2<br>**division** 1:3<br>**docket** 5:17 | **document** 1:9<br>**douglas** 2:4<br>  4:15<br>**duly** 3:7<br>**e**<br>**e** 2:1,1<br>**efforts** 5:2<br>**email** 4:23<br>**entered** 5:16<br>**entry** 5:17<br>**et** 1:11<br>**exp** 8:6,7,7<br>**f**<br>**fact** 4:12<br>**failed** 5:22<br>**failure** 6:2,3<br>**foregoing** 6:11<br>  7:14,17<br>**found** 6:2<br>**francisco** 1:3<br>  2:17<br>**frcp** 6:6<br>**friday** 4:19<br>**further** 7:20<br>**g**<br>**ga** 8:7<br>**go** 6:7<br>**going** 3:6<br>**good** 3:4<br>**grandview** 1:16<br>  7:7 | **grant** 2:13 3:4<br>  3:5 5:4<br>**grubbs** 2:4<br>  4:10,14,15<br>**guess** 4:12<br>**h**<br>**h** 1:14,20 7:2<br>  7:11 8:5<br>**hardy** 2:15<br>**hearing** 7:19<br>**hood** 5:2<br>**houston** 2:7<br>**i**<br>**including** 6:5<br>**indicating** 5:11<br>**initial** 4:11<br>**intends** 5:12<br>**interested** 7:22<br>**j**<br>**j** 1:14 7:11<br>**j.h.** 1:10 3:9,20<br>  3:23 4:6,8,12<br>  4:15,16,21 5:8<br>  5:15,21<br>**j.h.'s** 3:7 5:2<br>  6:1<br>**january** 1:18<br>  3:2 4:1,20 8:2<br>**jessica** 2:13 3:5<br>**jgrant** 2:19<br>**job** 1:23 | **john** 2:22 7:6<br>**judge** 5:14<br>**k**<br>**kept** 5:1<br>**kin** 7:21<br>**l**<br>**l.l.p.** 2:15<br>**large** 7:5<br>**late** 5:12<br>**laura** 1:20 7:2<br>  8:5<br>**law** 2:5,14<br>**lcr** 8:7<br>**leading** 3:20<br>**legal** 2:23<br>**license** 8:6<br>**light** 3:17 4:3<br>**litigation** 1:7<br>**llc** 2:12,12<br>**m**<br>**make** 3:6<br>**marriott** 1:15<br>  7:7<br>**md** 1:5<br>**mdl** 3:9<br>**met** 3:15,21<br>  5:19<br>**minutes** 5:8<br>**mission** 2:16<br>**morning** 3:4<br>  4:22 |

[multiple - transcript]                                                                 Page 3

| multiple 4:16 | parties 3:15,21 4:4 5:19 7:21 | rasier 2:12,12 | sexual 1:7 |
| --- | --- | --- | --- |
| **n** | passenger 1:7 | realtime 1:21 | shb.com 2:19 |
| n 2:1 | person 1:14 5:5 7:12 | recent 4:19 | shook 2:15 |
| name 3:4 | phone 4:23 | record 6:8 | signature 8:5 |
| neither 7:21 | place 5:7 7:12 | reduced 7:15 | solutions 2:23 |
| nichols 1:20 7:2 8:5 | plaintiff 2:3 3:9 3:13,20,23 4:6 4:15,16 5:8,11 5:15,21 | regarding 3:16 | spoke 4:8 |
| nine 5:8 | | registered 1:22 7:2 | state 7:4 8:6 |
| non 1:13 | | relates 1:9 | statement 3:6 |
| nonappearance 3:6 | | relief 6:5 | states 1:1 |
| northern 1:2 | plaintiff's 3:7 3:12,19 4:3,6 6:1 | remain 7:9 | stenotypy 7:15 |
| notary 1:23 7:4 8:6 | | remote 1:14 | street 2:16 |
| notice 3:22 4:2 4:5,7,8 5:18 | please 4:14 | reported 1:20 4:7 | subscribed 8:1 |
| | possible 4:18 | reporter 1:21 1:23 5:4 7:3 | suite 2:6,16 |
| noticed 3:7 5:7 5:21,22 | present 2:21 7:5 | | sum 5:14 |
| | | reporter's 7:1 | supervision 7:16 |
| november 3:8 5:16 | proceedings 3:1 6:9,11 7:14 7:18 | represent 3:5 | sworn 8:1 |
| number 3:9 | | represents 7:17 | **t** |
| **o** | professional 1:22 7:3 | responded 4:23 | take 5:7 |
| obligation 3:13 | | result 6:1 7:23 | taken 7:14 |
| opposing 5:1 | properly 5:18 5:22 | richmond 2:6 | technologies 1:6,10 2:11 |
| order 3:13,17 4:4 5:16 6:3,4 | public 1:23 7:4 8:6 | running 5:12 | texas 2:7 |
| | | **s** | text 4:23 |
| ordered 3:9 5:15 | pulaskilawfir... 2:9 | s 2:1 8:5 | thank 6:7 |
| **p** | pursuant 6:6 | san 1:3 2:17 | time 7:9,11 |
| p 2:1,1 | **r** | sanctions 6:5 | tn 8:7 |
| parkway 1:16 7:7 | r 2:1 | scheduling 3:16 5:20 | today 5:3 |
| | | seek 6:4 | today's 3:23 4:17 5:21 |
| | | sent 4:6,7 | transcript 7:18 8:8 |
| | | served 4:2 5:18 | |

**[true - yesterday]** Page 4

| |
|---|
| **true** 7:17<br>**turn** 4:2<br>**twenty** 5:8<br>**typewriting** 7:16 |
| **u** |
| **uber** 1:6,10 2:11 3:5,22 4:2 6:4<br>**under** 7:16<br>**understanding** 3:18 4:5<br>**united** 1:1 |
| **v** |
| **v** 1:10<br>**veritext** 2:23<br>**videographer** 5:5 7:6 |
| **w** |
| **waited** 5:7<br>**want** 4:10<br>**week** 3:20<br>**weekend** 4:22 |
| **y** |
| **yesterday** 4:22 |

Federal Rules of Civil Procedure

Rule 30

(e) Review By the Witness; Changes.

(1) Review; Statement of Changes. On request by the deponent or a party before the deposition is completed, the deponent must be allowed 30 days after being notified by the officer that the transcript or recording is available in which:

(A) to review the transcript or recording; and

(B) if there are changes in form or substance, to sign a statement listing the changes and the reasons for making them.

(2) Changes Indicated in the Officer's Certificate. The officer must note in the certificate prescribed by Rule 30(f)(1) whether a review was requested and, if so, must attach any changes the deponent makes during the 30-day period.

DISCLAIMER:  THE FOREGOING FEDERAL PROCEDURE RULES ARE PROVIDED FOR INFORMATIONAL PURPOSES ONLY. THE ABOVE RULES ARE CURRENT AS OF APRIL 1, 2019.  PLEASE REFER TO THE APPLICABLE FEDERAL RULES OF CIVIL PROCEDURE FOR UP-TO-DATE INFORMATION.

VERITEXT LEGAL SOLUTIONS

COMPANY CERTIFICATE AND DISCLOSURE STATEMENT

Veritext Legal Solutions represents that the foregoing transcript is a true, correct and complete transcript of the colloquies, questions and answers as submitted by the court reporter. Veritext Legal Solutions further represents that the attached exhibits, if any, are true, correct and complete documents as submitted by the court reporter and/or attorneys in relation to this deposition and that the documents were processed in accordance with our litigation support and production standards.

Veritext Legal Solutions is committed to maintaining the confidentiality of client and witness information, in accordance with the regulations promulgated under the Health Insurance Portability and Accountability Act (HIPAA), as amended with respect to protected health information and the Gramm-Leach-Bliley Act, as amended, with respect to Personally Identifiable Information (PII). Physical transcripts and exhibits are managed under strict facility and personnel access controls. Electronic files of documents are stored in encrypted form and are transmitted in an encrypted

fashion to authenticated parties who are permitted to access the material. Our data is hosted in a Tier 4 SSAE 16 certified facility.

Veritext Legal Solutions complies with all federal and State regulations with respect to the provision of court reporting services, and maintains its neutrality and independence regardless of relationship or the financial outcome of any litigation. Veritext requires adherence to the foregoing professional and ethical standards from all of its subcontractors in their independent contractor agreements.

Inquiries about Veritext Legal Solutions' confidentiality and security policies and practices should be directed to Veritext's Client Services Associates indicated on the cover of this document or at www.veritext.com.