[Submitting counsel below]

UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | **PLAINTIFF'S MOTION TO STRIKE UBER'S JANUARY 6 CLAWBACK NOTICE AND TO PROHIBIT FUTURE CLAWBACKS**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 6-17th Floor |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

**MOTION TO STRIKE UBER'S JANUARY 6, 2026 CLAWBACK NOTICE**

On Tuesday, Uber filed an opposition to Plaintiff's motion to strike Uber's January 2, 2026 clawback notice. In that opposition, Uber characterized its clawback as a "limited" exercise that "barely makes a dent" in Plaintiff's case and dismissed concerns about ongoing clawbacks as "abstract." ECF 4928 at 5. That same day, Uber withdrew eight of its prior clawbacks, but then issued *another* clawback notice covering eight more documents.

Two clawback notices in four days. Forty-six documents and counting. Jury selection begins today. The concerns Plaintiff raised were not abstract. They were prophetic.

Plaintiff moves to strike Uber's January 6, 2026 clawback notice. Plaintiff further requests that this Court impose an immediate clawback cutoff to end Uber's rolling campaign to remove evidence from trial. Common discovery for the Wave 1 bellwethers closed on October 6, 2025 and case-specific discovery cases closed on November 14, 2025. *See* ECF 4123 (magistrate judge order). The time for modifying the fact record has ended.

**I. Uber Issues a Second Belated Clawback Notice Two Days Before Trial.**

This clawback is worse than the last one. For example, two documents (005453872 and 003610881) were *already reviewed for privilege, already logged, and already produced with redactions.* That Uber made a strategic decision it now regrets is not proper grounds for a clawback. *See, e.g.*, *De Coster v. Amazon.com, Inc.*, No. 20-cv-00424, 2025 WL 904465, at *5 (W.D. Wash. Mar. 25, 2025) (citation omitted) ("When a party makes a strategic decision that it later regrets, such as redacting a document rather than withholding it completely as privileged, it cannot later claim inadvertence to shield itself from the consequences of its own judgment call.").

In another example, UBER_JCCP_MDL_000908314, was used at the Shuping deposition on April 18, 2025. The final transcript issued April 28, 2025. Under PTO 14, any clawback was due by May 18, 2025. Uber's clawback is 253 days late. Just as with its January 2 clawback notice, and just as in its opposition to Plaintiff's first motion to strike, Uber offers no good cause for this delay. It offers no explanation at all.

Uber seems to believe that the 20-day deadline in paragraph 10 of PTO 14 (regarding

deposition exhibits) only applies if it objected on privilege grounds at the deposition. ECF 4928 at 3-4. Not so. Paragraph 10 of PTO 14 is plain and simple: "With respect to any document or testimony that is the subject of a Clawback Notice that is sent more than twenty (20) days after receipt of the final transcript, the asserted privilege or protection will be deemed as waived absent good cause." There is no question 20 days has long since passed for all clawed back deposition exhibits, and Uber offers no good cause. Its silence is an admission that none exists.

Uber's read of the rules here sets up perverse incentives. By Uber's telling, if it closes its eyes during a deposition (or during business records stipulation negotiations) so as not to actually look at the documents at issue and put on a special "privilege review" hat, it can leave privileged documents in the record until whenever it decides to open its eyes and puts on its "review them for privilege" hat. ECF 4928 at 3, 4. That Uber didn't care enough about its own privilege to do those things until the eve of trial (if privilege even applies to these documents) – with respect to documents it knew Plaintiffs intended to rely on – cannot possibly constitute good cause.

## II. The Strategic Timing Is Now Undeniable.

Uber's opposition to Plaintiff's first motion to strike insisted that concerns about eve-of-trial clawbacks were "pure speculation." ECF 4928 at 4. Uber proved Plaintiff right the same day.

The timing is no accident. Plaintiff served deposition designations on December 19, 2025 and supplemental designations on January 5, 2026. Those designations provided Uber with a roadmap for the testimony and documents Plaintiff intends to present at trial. Armed with that preview, Uber is now clawing back documents that touch on the very issues Plaintiff's designations highlight, including multiple S-RAD documents central to Plaintiff's case. This is not privilege protection. It is strategic evidence suppression.

## III. The Court Should Strike the Clawback and Impose a Cutoff.

The Court should strike Uber's January 6 clawback for the same reasons it should strike the January 2 clawback: untimeliness under PTO 14, no good cause, and severe prejudice to Plaintiff right before trial.

But striking these two notices is not enough. Uber has demonstrated that it will continue issuing clawbacks until someone stops it. At the November 20, 2025 discovery conference, Judge

Cisneros suggested that "perhaps it makes sense to set such a cutoff for clawbacks in the Dean case" and said she would address it "if Judge Breyer himself doesn't set such a deadline." Nov. 20, 2025 Hr'g Tr. at 5-6. Uber opposed any cutoff, dismissing Plaintiff's concerns as speculation. *See* Nov. 17, 2025 JSR at 3-4 (ECF 4419). Two clawback notices in four days vindicate Plaintiff's warning. notice; and (2) impose a clawback cutoff, effective immediately, precluding Uber from clawing back any documents produced before December 1, 2025. Special Master review, even expedited, is not sufficient to enable Plaintiff to prepare her case for trial.

Plaintiff respectfully requests that this Court: (1) strike Uber's January 6, 2026 clawback notice; and (2) impose a clawback cutoff, effective immediately, precluding Uber from clawing back any documents produced before December 1, 2025.

Dated: January 5, 2026

Respectfully submitted,

By: */s/ William Smith*

William L. Smith (Cal Bar No. 324235)
**ANAPOL WEISS**
6060 Center Drive, 10th Floor
Los Angeles, CA 90045
Telephone: 202.780.3014
Facsimile: 202.780.3678
Email: wsmith@anapolweiss.com

By: */s/ Sarah R. London*

Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*

Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 8, 2026

By: */s/ William Smith*
William Smith