UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | Case No. 23-md-03084-CRB<br><br>Honorable Charles R. Breyer<br><br>**DECLARATION OF SARA BETH CRAIG IN SUPPORT OF PLAINTIFF'S STATEMENT REGARDING DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL** |

I, Sara Beth Craig, declare:

1. I am an attorney in the law firm of Peiffer Wolf Carr Kane Conway & Wise, LLP, and counsel for Plaintiffs in the above-captioned Multi-District Litigation. I am a member of the State Bar of California and am admitted to practice before this Court. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein. I respectfully submit this declaration in support of Plaintiff's Statement in Support of Defendants' Administrative Motion to Consider Whether Another Party's Material Should be Filed Under Seal.

2. I have reviewed Defendants' Motion to Permit Evidence Under FRE 412 and Exhibits 1-4 to the Declaration of Laura Vartain Horn filed at ECF Nos. 4824, 4824-2, 4824-3, 4824-4, and 4824-5, respectively.

3. Defendants' Motion includes intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical history, and the names of third parties.

4. Exhibit 1 includes intimate and sensitive aspects of Plaintiff's and third parties' personal lives, Plaintiff's medical and mental health history, and the names of third parties.

5. Exhibit 2 includes intimate and sensitive aspects of Plaintiff's and third parties' personal lives.

6. Exhibit 3 includes the middle name and birth date of Plaintiff, information regarding substance abuse by Plaintiff and third parties, the intimate and sensitive aspects of Plaintiff's and third parties' personal lives, the names of third parties, the name of a bellwether plaintiff proceeding under pseudonym, and Plaintiff's medical and mental health history.

7. Exhibit 4 includes the intimate and sensitive aspects of Plaintiff's and third parties' personal lives and the names of third parties.

8. Disclosure of the identified information in Defendants' Motion and Exhibits 1-4 would cause significant privacy harms resulting in public humiliation, reputational damage, unwanted media attention, annoyance, and embarrassment.

9. The significant privacy concerns of Plaintiffs and third parties outweigh the public's minimal interest in knowing their identities or personal information. The public's interest in the case may

2

DECLARATION OF SARA BETH CRAIG ISO PLAINTIFF'S STATEMENT REGARDING DEFENDANTS' ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIAL SHOULD BE FILED UNDER SEAL
N.D. CAL. NO. 3:23-MD-03084

be satisfied without revealing this information.

10. There is no less restrictive alternative to sealing portions of Defendants' Motion and Exhibits that would protect the legitimate privacy interests of plaintiffs and third parties, as describing the information would reveal its contents. Plaintiff's request is narrowly tailored to seal only PII and highly sensitive information.

11. This Court's PTO. 39 excludes testimony and evidence contained in Defendants' Motion and Exhibits.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 8, 2026 in Phoenix, Arizona.

                                */s/ Sara Beth Craig*
                                Sara Beth Craig