1  ALLISON M. BROWN (Admitted *Pro Hac Vice*)
   alli.brown@kirkland.com
2  JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
   jessica.davidson@kirkland.com
3  CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
   christopher.cox@kirkland.com
4  **KIRKLAND & ELLIS LLP**
5  601 Lexington Avenue
   New York, NY 10022
6  Telephone: (212) 446-4800

7  MICHAEL B. SHORTNACY (SBN: 277035)
8  mshortnacy@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
9  2121 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
10 Telephone: (424) 285-8330

11 PATRICK OOT (Admitted *Pro Hac Vice*)
12 oot@shb.com
   **SHOOK, HARDY & BACON L.L.P.**
13 1800 K St. NW Ste. 1000
   Washington, DC 20006
14 Telephone: (202) 783-8400

15 *Attorneys for Defendants*
16 UBER TECHNOLOGIES, INC.;
   RASIER, LLC; and RASIER-CA, LLC
17

18                    **UNITED STATES DISTRICT COURT**
19                    **NORTHERN DISTRICT OF CALIFORNIA**
20                        **SAN FRANCISCO DIVISION**

21 | IN RE: UBER TECHNOLOGIES, INC., | Case No. 3:23-md-03084-CRB |
22 | PASSENGER SEXUAL ASSAULT LITIGATION | |
   | | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
23
24
25 | This Document Relates to: | Date: February 13, 2026 |
26 | *P.L. v. Uber Technologies, Inc., et al.*, | Time: 10:00 a.m. |
   | No. 3:24-cv-02847-CRB | Courtroom: 6 – 17th Floor |
27
28

*C.M. v. Uber Technologies, Inc., et al.*, No. 3:24-cv-05182-CRB

*Jane Doe NLG (M.M.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-02653-CRB

*Jane Doe 692195 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-03421-CRB

*Jane Doe KGDB 016 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04337-CRB

*Jane Doe KGDB 018 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04355-CRB

*Jane Doe 694403 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04585-CRB

*Watt v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04704-CRB

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with Amended PTO 10, ECF 4737, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs had failed to serve substantially complete Plaintiff Fact Sheets (PFS) despite this Court's clear directive that they do so months ago. ECF 348 at 5-6; ECF 4274-1 at 4-5; ECF 4286. These Plaintiffs' noncompliance with the Court's orders impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. *See Malone* v. *U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Accordingly, Uber's request that the Court dismiss these Plaintiffs' cases without prejudice is entirely reasonable. *See, e.g.*, *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.).

Five of the eight Plaintiffs at issue in Uber's Motion failed to respond to the Motion in any way and, for this reason alone, the Motion should be granted as to them. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Of the Plaintiffs that have responded, one argues that she has cured the deficiencies in her PFS since Uber filed its motion, ECF 4805; Uber does not dispute this and accordingly withdraws its Motion as to this Plaintiff. Another Plaintiff asserts that her claim cannot be dismissed for failure to prosecute because her counsel has a pending motion to withdraw. ECF 4855 at 2. But the motion to withdraw has now been denied. ECF 4956. The final Plaintiff argues that her failure to produce supporting text messages she disclosed in her PFS that she sent the independent driver who she claims assaulted her is not a material deficiency because she also asserted in her PFS that she subsequently changed her phone number. But, that's a non sequitur. Merely changing one's phone number does not mean that all texts are automatically lost, much less unrecoverable. *See Sunbelt Rentals, Inc. v. Victor,* 43 F. Supp. 3d 1026, 1034 (N.D. Cal. 2014). Accordingly, Uber's request that this Plaintiff amend her PFS to explain what she did to search for the text messages and why she claims those messages are unavailable was appropriate. *See Advanced Labs. Int'l, LLC v. Valentus, Inc.,* No. 17-mc-80096, 2017 WL 6209297, at *1 (N.D. Cal.

Dec. 8, 2017). Yet, this Plaintiff failed to respond to Uber's request. The Plaintiffs subject to Uber's Motion have not complied with their obligations under PTO 10 and the Motion should be granted.

## ARGUMENT

**I. Five Plaintiffs have not responded to Uber's motion and therefore should be deemed to have consented to the relief sought.**

Plaintiffs P.L., Jane Doe 692195, Jane Doe KGDB 016, Jane Doe KGDB 018, and Jane Doe 694403 have failed to file oppositions to Uber's Motion to Dismiss. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Accordingly, Uber's motion to dismiss should be granted as to these five Plaintiffs that have not opposed the relief it seeks.

**II. Uber withdraws its motion as to the Plaintiff who subsequently cured the material deficiencies in her PFS.**

Plaintiff Jane Doe NLG (M.M.) asserts that she has now produced a PFS that cures the material deficiencies identified by Uber. ECF 4805. Putting aside the fact that Uber should not have to file a dispositive motion to get Plaintiffs to comply with their court-ordered obligations, Uber withdraws its motion as to Plaintiff Jane Doe NLG (M.M.) and submits herewith a proposed order reflecting this withdrawal. Uber reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiff's amended PFS. It also reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiff or counsel for continued disregard of this Court's orders.

**III. Counsel's motion to withdraw is no longer pending and, regardless, would not serve as a bar to dismissal of Plaintiff Watt's claims.**

Plaintiff Watt asserts that dismissal would be "premature and unduly prejudicial" because her counsel has a motion to withdraw pending. ECF 4855 at 2. But that motion (ECF 4573) is no longer

2
DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

pending; this Court denied it on January 9. ECF 4956. And regardless, this Court has routinely dealt with motions to dismiss and motions to withdraw simultaneously. *See, e.g.*, *Moore v. Addus HealthCare, Inc.,* No. 19-cv-1519, 2020 WL 127667, at *1 (N.D. Cal. Jan. 10, 2020); *Heath v. Google LLC,* No. 15-cv-1824, 2018 WL 4237659, at *1 (N.D. Cal. Sept. 5, 2018); *Lucero v. Ettare,* No. 15-cv-2654, 2017 WL 2812962, at *5 (N.D. Cal. June 29, 2017). It is also worth noting that Plaintiff Watt's counsel only sought to withdraw on December 5, ECF 4573, **after** Uber had sent her a Notice of Overdue Discovery on July 18 and met and conferred with her counsel on December 5. ECF 4737-2. It would be strange indeed if, rather than seeking to cure violations of this Court's orders after receiving notice of them from Uber, counsel could simply immunize Plaintiffs from the consequences of these violations by seeking to withdraw. The purpose of the meet and confer requirement in Amended PTO 10 is to give Plaintiffs an opportunity to cure defects without this Court's intervention. It should not serve to give Plaintiffs' counsel the ability to walk away from cases when these issues arise, leaving Uber and the Court holding the bag.

Moreover, in referencing its withdrawal motion, Plaintiff Watt's counsel accidentally makes the case for dismissal of her claims, noting that her "unresponsiveness and inability to meet her discovery obligations" are the reasons it seeks to withdraw. ECF 4855 at 2. Of course, failure to comply with discovery obligations is one of the primary bases for dismissal under Federal Rule of Civil Procedure 41. *See Khodayari v. City of Los Angeles,* 770 F. App'x 815, 816 (9th Cir. 2019).

**IV.    A PFS that references supporting documents but is not accompanied by a production of those documents does not comply with PTO 10.**

Plaintiff C.M. claims that she is "in full compliance with PTO 10" because, although she failed to produce the messages her PFS says she exchanged with her driver, she also stated elsewhere in the PFS that "she changed her phone number shortly after the incident." ECF 4855 at 2. She argues that "[t]his is a clear and sufficient response explaining why these text messages no longer exist." *Id.* She is incorrect.

Plaintiff C.M. is not in compliance with PTO 10, which clearly states that, for a PFS to be "substantially complete," a Plaintiff must "[p]roduce the requested documents to the extent such

3

DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

documents are in the Party's possession, custody, or control." ECF 4274-1 at 9. As Plaintiff C.M. concedes, ECF 4855 at 2, she responded "yes" to Question 15, which asked, "Did you communicate with the Driver in a written form outside of the Uber App, including text messages, social media messages or email?" The PFS directs that "If you answered yes to this question, please provide all of these communications to your lawyer for production," thus requesting these documents within the meaning of PTO 10. In her Response to Uber's Motion, Plaintiff C.M. admits that she did not produce these communications. ECF 4855 at 2. Accordingly, she did not comply with PTO 10's instruction to produce the requested documents so as to have a substantially complete PFS. ECF 4274-1 at 9.

Plaintiff's separate statement, in response to Question 20 of the PFS, that she changed her phone number after the alleged incident, does not cure her non-compliance. It is entirely possible for a person to change phone numbers but retain the messages sent with the previous number. *See, e.g.,* Apple Community, *Change phone number and keep Messages* (Jan. 30, 2020), https://discussions.apple.com/thread/251087034?sortBy=rank; Samsung, *Transfer, backup, or restore Messages on Galaxy phones* (last accessed Jan. 9, 2026), https://www.samsung.com/us/support/answer/ANS10003660/#:~:text=If%20you're%20concerned%20about,Restore%20data%20under%20Samsung%20Cloud. And even if Plaintiff C.M. did not make any efforts to preserve her own access to evidence on her phone at the time she changed her phone number, an individual's text messages may be available from their wireless carrier. *See Sunbelt Rentals,* 43 F. Supp. 3d at 1034 (noting that wireless customer had "obtained transcripts of the text messages from the wireless carrier"); *Murray v. Children's Hosp'l of Philadelphia,* No. 20-cv-6292, 2021 WL 5998453, at *5 (E.D. Penn. Dec. 17, 2021) (ordering Plaintiff to "obtain and provide… texts and emails, either directly from her own devices or, if the text and email threads no longer exist on her devices, through her cell phone provider"). If Plaintiff had the legal right to obtain these text messages from her wireless carrier, she would have an obligation to produce them in discovery. *See Nugent v. Secretlab US, Inc.,* No. 22-cv-8944, 2024 WL 4331812, at *9 (N.D. Cal. Sept. 27, 2024). Regardless, Plaintiff's simple statement that she changed her phone number is not dispositive of the existence of the highly relevant messages she herself stated she sent in relation to her alleged assault.

Moreover, at this stage of proceedings, Uber has not even asked for Plaintiff C.M. to take any steps to recover the text messages she claims she sent about her assault and then lost. All it has asked is that she amend her PFS to explain what she did to search for the text messages and why they were unavailable. ECF 4855 at 2-3. When, as here, a party asserts that information sought in discovery does not exist, this Courts has repeatedly required that party to provide a sworn explanation in support of that contention. *See ABN Corp. v. Groupe PELM Int'l Corp.,* No. 23-cv-00004, 2025 WL 2978710, at *5 (N.D. Cal. Sept. 17, 2025); *Advanced Labs.,* 2017 WL 6209297, at *1; *Muniz v. United Parcel Service,* No. 09-cv-1987, 2011 WL 311374, at *7 (N.D. Cal. Jan. 28, 2011); *Ashker v. Alameida,* No. 05-cv-3759, 2007 WL 4287330, at *2 (N.D. Cal. Dec. 5, 2007). If Plaintiff C.M. has undertaken adequate efforts to locate the messages she says she sent related to her alleged assault, she should describe those efforts in an amended PFS, just as other Plaintiffs have done.[1]

### V.     It is not "abusive" or "harassing" for Defendants to ask that Plaintiffs comply with this Court's orders.

In her response, Plaintiff C.M. characterizes Uber's Motion as "harassing" and asserts that "Defendants are abusing the discovery process and wasting the Court's time and resources by filing these motions without any actual material PFS deficiencies." ECF 4855 at 2-3. Plaintiff cites no legal authority for the proposition that seeking to dismiss a complaint for failure to comply with a court order is abusive or harassing, and this Court grants such motions to dismiss routinely. *E.g., Buccola v. Boucher,* No. 22-cv-3877, 2024 WL 5453170, at *1 (N.D. Cal. Dec. 19, 2024); *White v. Gonzales,* No. 21-cv-04221, 2024 WL 1659896, at *6 (N.D. Cal. April 16, 2024); *Martinez v. Extra Space Storage, Inc.,* No. 13-cv-00319, 2013 WL 5732967, at *3 (N.D. Cal. Oct. 22, 2013). Indeed, this Court has granted relief to Uber on a similar motion in this very MDL. ECF 3922 (finding that dozens of Plaintiffs "violated Pretrial Order No. 10 by failing to provide substantially complete and verified Plaintiff Fact Sheets" and ordering them to cure within 14 days or have their cases dismissed). It is difficult to see how correctly pointing out a Plaintiff's violation of a court order and successfully

---

[1] Indeed, Plaintiff C.M.'s counsel at Peiffer Wolf served an amended PFS addressing the unavailability of text messages for another Plaintiff (MDLC ID 1371) on December 15, 2025, following Uber's request during the same December 5, 2025, meet and confer.

5
DEFENDANTS' REPLY SUPPORTING MOTION TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10
Case No. 3:23-MD-3084-CRB

obtaining relief for that violation is harassing, abusive, or wasteful. Indeed, if anything, it is Plaintiff C.M.'s response, which concedes that she has not produced documents required by PTO 10 but asserts that she need not do so without the benefit of a single case citation in support, ECF 4855, that could be considered frivolous. *See Shackelford v. Koskinen,* No. 17-cv-4928, 2017 WL 6987690, at *1 (N.D. Cal. Sept. 27, 2017) (filing frivolous where it "does not point to any legal authority" in support of contentions).

## CONCLUSION

Seven of the eight Plaintiffs subject to Uber's initial Motion have failed to serve substantially complete PFS as required under Amended PTO 10. Five of those seven Plaintiffs have not even disputed their failure, and the remaining two make unconvincing, unsupported arguments that they have complied or should not be required to comply with Amended PTO 10. This Court should reject those arguments and, for the reasons set forth in Uber's Motion and above, provide the relief contemplated by Amended PTO 10 and dismiss these Plaintiffs' claims without prejudice.

Dated: January 9, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC