[Submitting Counsel Below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, N.D. Cal. Case No. 3:23-cv-06708-CRB<br>D. Ariz. Case No. 2:25-cv-04276-CRB | Case No. 3:23-MD-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO PLAINTIFF'S MOTION [4946] TO STRIKE UBER'S JANUARY 6, 2026 CLAWBACK NOTICE AND TO PROHIBIT FUTURE CLAWBACKS**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>            Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>            Defendants. | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:   501 |

## MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff criticizes the timing of Uber's clawback notice, even though that notice was triggered by *Plaintiff's* own late designation of new exhibits to its December 30, 2025 and January 6, 2026, exhibit lists—a fact Plaintiff conceals from the Court while falsely accusing Uber of "strategic evidence suppression." Mot. at 2.[1] If Plaintiff continues adding new exhibits to her already-gargantuan exhibit list, she cannot be surprised by new clawback notices. Because this notice, too, was timely, Plaintiff's latest motion to strike should be denied.

## ARGUMENT

Once again, Plaintiff does not deny, and thus impliedly concedes, that the eight documents at issue contain privileged information. She also fails to mention that Uber seeks to withhold only two of these documents in full, and reproduced the other six documents with limited, new redactions for privilege on January 7—the day before Plaintiff filed this motion. *See* Jan. 7, 2026 Ltr. from M. Shortnacy (Ex. 1).

As with the prior clawback notice, Uber's notice here was timely and procedurally proper. After Plaintiff designated for the first time (or, with respect to one document, redesignated) these documents on her December 30, 2025, and January 5, 2026, exhibit lists, Uber reviewed the late-designated documents for privilege and, in accordance with paragraph 4 of PTO 14, notified Plaintiff "within twenty-one (21) calendar days, in writing, upon discover[ing]" that privileged information had inadvertently been produced. PTO 14 (Doc. 396) ¶ 4.

Plaintiff only seriously challenges timeliness with respect to three of these documents. First, she argues that UBER_JCCP_MDL_000908314, a slide deck, was used at a deposition. *See* Mot. at 1.

---

[1] Specifically, six of these documents were first designated as exhibits on Plaintiff's December 30, 2025, exhibit list: (i) UBER_JCCP_MDL_003679334; (ii) UBER_JCCP_MDL_002340646; (iii) UBER_JCCP_MDL_005086849; (iv) UBER_JCCP_MDL_001197028; (v) UBER_JCCP_MDL_003610881; and (vi) UBER_JCCP_MDL_005353908. The document Bates-stamped UBER_JCCP_MDL_005453872 was first designated as an exhibit on Plaintiff's January 5, 2026, exhibit list. And the final document, Bates-stamped UBER_JCCP_MDL_000908314, was initially designated on Plaintiff's December 10, 2025, exhibit list; removed from her December 17, 2025, exhibit list; and then re-designated on her December 30, 2025, exhibit list.

1

DEFENDANTS' OPPOSITION TO MOTION TO STRIKE CLAWBACK NOTICE
Case No. 3:23-md-03084-CRB

1  But the deponent was questioned only on a single slide from that deck—and not on the (single) slide
2  that contains privileged information. After Plaintiff redesignated this document on her December 30,
3  2025, exhibit list, Uber "discover[ed]" that it contained a small amount of inadvertently produced
4  privileged information, timely clawed it back on January 6, and reproduced it with a new privilege
5  redaction on January 7.[2] Tellingly, Plaintiff does not challenge the privileged nature of the newly
6  redacted information; nor does she assert that she intends to introduce the newly redacted information
7  to the jury.

8  Plaintiff also complains that two other documents (UBER_JCCP_MDL_003610881 and
9  UBER_JCCP_MDL_005453872) had already been produced with privilege redactions. *See* Mot. at 1.
10 But after Plaintiff designated them for the first time on her December 30, 2025, and January 5, 2026,
11 exhibit lists, respectively, Uber discovered that these documents should have been withheld in full.
12 Mistaken privilege determinations are inevitable in giant document productions—a reality that the
13 Special Master has recognized. *See, e.g.*, Aug. 24, 2025 Email from R. Goldman (Ex. 2) (allowing
14 JCCP_MDL_PRIVLOG110284 to be withheld on work-product grounds, despite earlier redactions
15 for personal identifying information); July 18, 2025 Determinations on Category 2 Clawbacks (Ex. 3)
16 (finding JCCP_MDL_PRIVLOG085508 to be privileged in full, despite prior production with
17 privilege redactions). Plaintiff characterizes Uber's mistake as "a strategic decision it now regrets,"
18 Mot. at 1, but there was nothing strategic about Uber's privilege determinations. The reality is that if
19 Uber had experienced counsel check every line of every produced document, its production would
20 have taken years and cost hundreds of millions of dollars. In any event, there is no logical reason why
21 Uber would "strategically" disclose this privileged information. And beyond conclusory rhetoric,
22 Plaintiff offers no basis for her accusations.

23 Plaintiff also fails to satisfy the standard that she herself set just days ago: that "[m]otions to

---

[2]  Plaintiff again argues that paragraph 10 of PTO 14 required Uber to have issued a clawback notice within 20 days of receiving the final deposition transcript. *See* Mot. at 2. But she does not grapple with the fact that, as Uber explained in its last opposition, *see* Doc. 4928 at 3, paragraph 10 of PTO 14 applies only to documents where "a Producing Party claims"—"*during a deposition*"—"that a document being used in the deposition . . . contains material that is subject to" a privilege. Doc. 396 ¶ 10 (emphasis added).

2

strike are reserved for . . . *demonstrable* prejudice." Doc. 4895 at 3 (emphasis added). Plaintiff cannot seriously cry "prejudice" when she did not even designate (or redesignate) these documents on her exhibit lists until December 30 at the earliest. She also does not assert that she will (or even may) try to introduce these documents at trial. These eight documents comprise about *0.2%* of the 3,662 exhibits on Plaintiff's latest exhibit list. *See* Doc. 4900-1. And even though she had the new privilege redactions before filing her motion, Plaintiff makes no effort to explain how the new redactions prejudice her in any way. That is because she cannot.

Finally, Plaintiff asks the Court to impose a blanket clawback cutoff for all documents produced before December 1, 2025. Mot. at 3. This request, if granted, would eviscerate PTO 14 and force a waiver of inadvertently disclosed privilege that may exist in the *millions* of documents that Uber has produced in this sprawling litigation that have nothing to do with the upcoming trial. Plaintiff does not acknowledge the radical nature of her demand, let alone justify it. And this briefing would not even be necessary if Plaintiff stopped adding exhibits to her already-swollen exhibit list.

## **CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion, and order the Special Master to conduct an expedited review of the eight clawed-back documents given the imminence of trial.

DATED: January 9, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**

3

|   |   |
|---|---|
| 1 | 601 Lexington Avenue |
| 2 | New York, NY 10022<br>Telephone: (212) 446-4800<br>jessica.davidson@kirkland.com |

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 9, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*
Laura Vartain Horn