United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No.  23-md-03084-CRB   (LJC)<br><br>**ORDER RESOLVING JOINT LETTER REGARDING SUPPLEMENTAL REBUTTAL REPORTS**<br><br>Re: Dkt. No. 4982 |

### A.  Introduction

The Court previously declined to strike supplemental reports of Plaintiffs' expert witnesses Dr. John Chandler, Ph.D. and Lacey Keller, based on Uber's belated disclosure of data from its Flack database. Dkt. No. 4788. In accordance with an agreement by the parties, the Court permitted Uber to serve rebuttal reports no later than January 2, 2026. *Id.* at 6–7. Uber served supplemental rebuttal reports by its experts Dr. Victoria Stodden, Ph.D. (Dkt. No. 4983-2, provisionally under seal) and Dr. Kristen Zgoba, Ph.D. (Dkt. No. 4983-3, provisionally under seal). The parties have now filed a joint letter consistent with Pretrial Order No. 8 in which Plaintiffs move to strike portions of those reports as improper rebuttal. Dkt. No. 4982. This Order presumes the parties' familiarity with the record, the applicable law, and the history of this litigation. *See, e.g.*, Dkt. No. 4701 (addressing previous motions to strike rebuttal reports).

Before turning to the specific opinions in dispute, Plaintiffs argue in their introduction section that the timing of these rebuttal reports unfairly denies Plaintiffs the opportunity to file *Daubert* motions and requires them to depose Uber's experts during the first bellwether trial. Dkt. No. 4982 at 3. But as Uber correctly notes in response, the parties *agreed* to the timing of Uber's rebuttal reports, and Uber offered both experts for depositions in the short period between service

1  of these reports and the start of trial.[1]  *See* Dkt. No. 4982-1 at 8.  Plaintiffs' arguments regarding

2  the timing of Uber's reports and potential depositions are therefore not persuasive.  Whether

3  Plaintiffs should be allowed any form of *Daubert* challenge with respect to these rebuttal reports

4  after the deadline for such motions has expired is a question for Judge Breyer, and would likely

5  require Plaintiffs to show sufficient cause to modify a previous scheduling order.

### B.   S-RAD Opinions

Plaintiffs move to strike portions of the rebuttal reports that address data from Uber's S-RAD system, a machine learning model Uber uses to assess the risk of particular rides.  Uber misrepresents the degree to which Chandler's supplemental report addresses S-RAD.  According to Uber, Chandler "now claims that the 'Flack data allowed [him] to conduct a more comprehensive risk assessment for the relative risk levels,' enabling him to 'recreate . . . the insights from the S-RAD model' and 'illustrate what Uber could have disclosed.'"  Dkt. No. 4982 at 5 (quoting Chandler Supp'l Report, Dkt. No. 4753, ¶ 8) (alterations in original).  The relevant paragraph of Chandler's supplemental report in fact reads as follows:

> 8. At the time that I submitted my Opening Report, Uber had not provided data necessary to recreate, even partially, the insights from the S-RAD model, which would allow me to illustrate what Uber could have disclosed Since then, Uber has provided information through newly accessible Flack data, and the Flack deposition and exhibits of Todd Gaddis taken on November 7, 2025, which allowed me to do a more comprehensive risk assessment for the relative risk levels for Uber customers in specific conditions.

Dkt. No. 4753 (provisionally under seal) at 8–9, ¶ 8 (footnote omitted).  Chandler thus stops short of saying in this supplemental report that Uber's S-RAD model, specifically, could or should have anticipated the risks of a particular ride.  He instead opines on what Uber could have learned from its Flack data.

Uber is not alone in mischaracterizing this report.  Plaintiffs' assertion that Chandler

---

[1] The parties did not file a stipulation and proposed order or joint letter regarding the dates for the depositions of Dr. Chandler and Uber's rebuttal witness(es) by December 29, 2025 as required by this Court's December 23, 2025 Order.  Dkt. No. 4788.  If any depositions remain to be taken for witnesses who will testify at the *Dean* trial, the Court expects the parties to cooperate in scheduling them immediately.  Both sides have sufficient attorney resources available to take depositions in parallel with the ongoing trial if needed.

2

"mentions S-RAD only by reference in a single paragraph" is simply false. *See* Dkt. No. 4982 (citing Dkt. No. 4753, ¶ 12); *cf.* Dkt. No. 4753, ¶¶ 7, 8, 71, 141, 144, 145 & nn.6, 7, 13, 17, 34, 125, 128, 129, 130.

That said, even if Plaintiffs' experts do not meaningfully address S-RAD in their new opinions, Uber's rebuttal experts discuss S-RAD to explain how Uber considers the sorts of risk factors that Chandler and Keller address in their supplemental reports. Such testimony properly seeks to "impeach or defuse the impact of the evidence offered by an adverse party." *Huawei Techs., Co, Ltd v. Samsung Elecs. Co, Ltd.*, 340 F. Supp. 3d 934, 996 (N.D. Cal. 2018). Even if, as Plaintiffs contend, Uber could have offered these opinions in rebuttal to Plaintiffs' experts' original reports, Plaintiffs chose to serve supplemental reports that expanded on those issues, and thus opened the door for Uber to rebut them. Plaintiffs' motion to strike opinions related to S-RAD is DENIED.

### C. Impossibility of Eliminating Sexual Assault

The Court previously granted a motion by Plaintiffs to strike portions of a different rebuttal report by Zgoba "characterizing complete elimination of sexual assault as impossible." Dkt. No. 4701 at 9. Zgoba now once again asserts that "decades of empirical research demonstrate that neither training nor technology, independently or in combination, can eliminate all instances of sexual violence." Dkt. No. 4983-3 at 7. Neither Chandler nor Keller opines that sexual assault can be eliminated entirely. The circumstances here do not differ materially from the Court's previous Order. Plaintiff's motion to strike opinions that sexual assault cannot be eliminated entirely is GRANTED.

### D. Uber's Safety Features

Plaintiffs move to strike Zgoba's "lengthy discussion of Uber's 'safety features,' opining that the existence of these measures is evidence of Uber's 'investment in safety governance,' especially as compared to other transportation methods." Dkt. No. 4982 at 4 (quoting Dkt. No. 4983-3 at 11, with a slight non-material error). As Uber notes, Chandler listed a number of a safety features that Uber has added, and concluded that "the platform is no safer than it was previously." Dkt. No. 4753, ¶¶ 131–45. Zgoba's rebuttal report includes additional safety

1  features that Chandler did not address, and she opines that such efforts represent a "substantial
2  investment" and exceed the safety measures available for other transportation options. Such
3  opinions properly seek to "defuse the impact of" Chandler's opinions. *Huawei Techs.*, 340 F.
4  Supp. 3d at 996. Even though that portion of Zgoba's rebuttal report does not directly contradict
5  Chandler's conclusion that Uber has not become safer, it may be relevant to a jury's consideration
6  of the safety features that Chandler discussed and whether Uber acted reasonably. Plaintiffs'
7  motion to strike is DENIED as to these opinions.

        **E.**    **Baseline Rates of Sexual Assault**

Plaintiffs move to strike Zgoba's opinion that Keller and Chandler erred in failing to address a "real-world baseline" or another transportation system or comparable context that has achieved better results than Uber in reducing sexual assault. Dkt. No. 4982 at 4. Plaintiffs contend that Zgoba could and should have offered such opinions in response to Keller and Chandler's original reports. *Id.* Plaintiffs do not argue that these opinions are otherwise improper rebuttal.

Even if Zgoba could have addressed this issue previously, Chandler and Keller's supplemental reports expand and reinforce their opinions regarding rates of sexual assault on Uber's platform. Uber and Zgoba may reasonably have concluded that these somewhat more substantial opinions warranted more substantial rebuttal. Plaintiffs cite no authority striking material from a rebuttal report that properly responds to the opposing report at issue simply because it could also have been offered in response to a previous report.

Rule 26(a)(2)(D) of the Federal Rules of Civil Procedure provides relevant guidance, setting a default rule that rebuttal opinions may be served "within 30 days after the other party's disclosure." When a party serves new disclosures (here, Plaintiffs' supplemental reports), that begins a new thirty-day period for the opposing party to offer evidence to "contradict or rebut evidence on the same subject matter" as the supplemental reports. Fed. R. Civ. P. 26(a)(2)(D)(ii). Here, the schedule of disclosures was set by court order rather than by Rule 26's default schedule, but the same principle applies. Uber's experts' rebuttal reports may properly address opinions offered in Plaintiffs' experts' supplemental reports, even if those opinions cover some of the same

4

subject matter as Plaintiffs' experts' original reports.

Plaintiffs' motion to strike these opinions is therefore DENIED.

### F. Categories Included in Safety Report

Plaintiffs move to strike portions of Zgoba's rebuttal report addressing the categories of data that Uber disclosed in its safety reports. Dkt. No. 4982 at 4. Plaintiffs do not cite or otherwise identify the portion of the report at issue, which is itself a sufficient reason to deny this motion. Further, as with the issue of baseline rates discussed above, Plaintiffs only argue that these opinions could have been included in a previous rebuttal report, not that they are otherwise improper rebuttal with respect to the supplemental report at issue. Plaintiffs also do not address Uber's argument that Keller offered a new opinion in her supplemental report criticizing Uber's stated grounds for withholding certain categories from the safety reports. Dkt. No. 4982 at 6 (citing Dkt. No. 4753-1, ¶ 71). Plaintiffs' motion to strike these opinions is therefore DENIED.

### G. Stodden's Opinions Regarding Sexual Assault Rates

Plaintiffs move to strike opinions in Stodden's rebuttal report critiquing Plaintiffs' experts' opinions regarding purportedly increasing rates of sexual assault and misconduct, as well as a criticism of Keller's use of rates "per 100 million trips." Dkt. No. 4982 at 5. As with other issues discussed above, Plaintiffs argue only that these opinions could and should have been offered in rebuttal to their experts' previous reports. Again, Plaintiffs cite no authority striking opinions under similar circumstances, and under Rule 26(a)(2)(D), the period for disclosure of opinion evidence offered to rebut opinions is not limited to opening reports that first address specific subject matter when a supplemental report expands on the same subject matter. Therefore, Plaintiffs' experts' expanded opinions sufficiently justify Uber's new rebuttals, and the new rebuttals are timely. Plaintiffs' motion to strike those opinions is DENIED.

Plaintiffs also move to strike Stodden's opinion that "without appropriate benchmarks, the reader is left to assume an appropriate risk rate implicitly, with the unsupported implication that it might be zero." Dkt. No. 4982 at 4–5 (quoting Dkt. No. 4983-2, ¶ 17). Plaintiffs equate that statement to Zgoba's previously stricken opinion that it is impossible to wholly eliminate sexual assault. Stodden does not go so far as to say that it is *impossible* to reduce the rate to zero.

5

1  Instead, she limits her opinion to a purported flaw in Plaintiffs' experts' analysis: that they do not
2  identify an appropriate risk rate, and that to the extent they might imply that the rate should be
3  zero, they do not offer support for that premise. That opinion materially differs from Zgoba's
4  affirmative opinion that reducing the rate to zero is impossible. Unlike Zgoba's opinion,
5  Stodden's opinion is proper rebuttal. Plaintiffs' motion to strike that opinion is therefore
6  DENIED.

### H. Conclusion

For the reasons discussed above, the Court GRANTS Plaintiffs' motion to strike Zgoba's opinions regarding the impossibility of entirely eliminating sexual assault. Plaintiffs' motion to strike is otherwise DENIED.

**IT IS SO ORDERED.**

Dated: January 13, 2026

_____
LISA J. CISNEROS
United States Magistrate Judge