# IN THE UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br><br>This Document Relates to:<br><br>  ALL WAVE 1 BELLWETHER CASES | Case No. 3:23-md-03084-CRB (LJC)<br><br>**JOINT LETTER REGARDING LYFT'S RESPONSES TO PLAINTIFFS' SUBPOENAS**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

January 14, 2026

Dear Judge Cisneros:

     Plaintiffs and Lyft respectfully submit this joint letter regarding Lyft's Response to Wave 1 Plaintiffs' Subpoenas for Production of Documents pursuant to the Court's orders at ECF Nos. 4800 and 4953. This joint letter relates to the Wave 1 bellwether Plaintiffs except for Jaylynn Dean and WHB 318. Plaintiffs and Lyft attest that they have met and conferred but were unable to resolve their dispute without court action.

  Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (303) 263-8949
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Member, Plaintiffs' Steering Committee*

/s/*David Randall J. Riskin*
**WILLIAMS & CONNOLLY LLP**
David Randall J. Riskin (*pro hac vice*)
680 Main Avenue, S.W.
Washington, DC 20024
Tel: (202) 434-5789
driskin@wc.com

*Counsel for Lyft*

**Plaintiffs' Position:** Wave 1 Plaintiffs (with the exception of WHB 318[1]) served Lyft with a subpoena to produce documents on April 21, 2025. *See* Declaration of Sommer D. Luther ("Luther Decl."), **Ex. 1**, Subpoena to Lyft.  Through its Response to the subpoenas issued, and through subsequent meet and confer discussions, Lyft has refused to search for responsive documents and has thus not produced any documents in response.  Good cause exists to consider this dispute after the discovery cut-off.

Despite multiple conferrals, spanning from June 2025 through January of 2026, Lyft has never offered to provide any information in response to the valid subpoena issued to it.  Rather, Lyft has consistently refused production of information, and further refused to even search for requested information, based on flawed arguments and objections, which are addressed in more detail below.  Lyft now argues that Plaintiffs' attempts to compel the production of the requested information is past the discovery cut-off period, adding yet another objection and basis for failure to comply.  Lyft should not be permitted to avoid disclosure obligations and should be compelled to provide information that is highly relevant to the claims raised in this litigation and produce information and documents which are exclusively in its possession.

The good cause standard set forth in Rule 16(b) "primarily considers the diligence of the party seeking the amendment" and "the district court may modify the pretrial schedule, 'if it cannot reasonably be met despite diligence of the party seeking the extension.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Here, Plaintiffs, while simultaneously engaging in extensive litigation against Uber across all Wave 1 Bellwether cases, have made multiple attempts to work with Lyft regarding the information requested, including conducting multiple meet and confer calls; engaging in good faith attempts to narrow the information requested; and, supplying Lyft with specific information to help narrow the search and reduce the claimed burden on Lyft.  Luther Decl. ¶ 6.  Despite this, Lyft remains entrenched in its refusal to provide responsive documentation.  To date, Lyft has not produced one document in response to the subpoenas issued by the Wave 1 Plaintiffs.  While Plaintiffs did make attempts to reengage Lyft outside of the discovery cut-off, it is not accurate to represent that Plaintiffs failed to act relative to the subpoenas issued in this case.

Subpoenas issued to Lyft seek highly relevant information regarding the subject drivers in each of the Wave 1 bellwether cases.  Specifically, the subpoenas seek (a) complete background check results for each and every background completed on the driver; (b) all documents related to the subject driver that were generated for or other shared with the Industry Sharing Safety Program (ISSP), HireRight, LLC or any regulator (including law enforcement); and (c) all documents generated by Lyft in relation to the subject driver, including specifically reports of sexual harassment, sexual misconduct, or sexual assault and driving history.  *See* **Ex. 1**.  Lyft objects on the grounds that the requested information is not relevant to the litigation; that the requests are unnecessarily burdensome and expensive; that the requests seek confidential information; and, that the requests seek information that invades the attorney client and/or work product privileges.  As stated above, since May of 2025, despite conferral, Lyft has maintained that they "will not produce documents".  *See* **Ex. 1**.  All of Lyft's arguments fail.

---

[1] WHB 318 was recently added to the Bellwether pool. [ECF 3674].  WHB 318 has not issued the subject Subpoena to Lyft, although discovery is still open.

Background checks and prior complaints of sexual misconduct are critical to the claims and defenses raised by the Wave 1 Plaintiffs and are particularly relevant to establish what Uber knew about the drivers prior to the subject incidents.  Lyft concedes that Uber and Lyft share information about drivers and the requested information provides important evidence as to what information Uber knew, or could have known, about the drivers, had it adequately investigated the driver or followed up on complaints by prior passengers.  The necessity of such information is highlighted by the arguments and defenses Uber has set forth leading up to the *Jaylynn Dean* trial.[2]

Lyft's objections regarding the relevancy of the requested information must fail.  As a third-party, in responding to a subpoena, it is not appropriate for Lyft to make a unilateral determination that the requested information is not relevant to the claims in the litigation. Determinations regarding relevancy or admissibility of evidence is within the discretion of the Court and not a proper basis for refusing to provide documentation in response to a validly served subpoena. These determinations can and will be made by the Court at the appropriate time.

Similarly, arguments that the subpoenas pose undue burden or expense also must fail.  Lyft has failed to provide any information or substantiation of this claim.  *See Shaw v. Experian Info. Sols., Inc.*, 306 F.R.D. 293, 301 (S.D. Cal. 2015) (objecting party must provide "sufficient detail regarding the time, money, and procedures required to produce the requested documents"); *Am. Broad. Companies*, 2013 WL 1508894, at *4 ("The burden of showing that a subpoena is unreasonable and oppressive is upon the party to whom it is directed."); *A. Farber & Partners, Inc. v. Garber*, 234 F.RD. 186, 188 (C.D. Cal. 2006) ("As an initial matter, general or boilerplate objections such as "overly burdensome and harassing" are improper – especially when a party fails to submit any evidentiary declarations supporting such objections.").

Finally, arguments regarding confidentiality or that production of documents violates attorney client privilege or work product privileges are misplaced and not compelling.  As the Court is aware, there are appropriate Protective Orders in place in this case and any concerns regarding the production of this type of information has already been addressed by this Court.  *See* ECF Nos. 3346, 3410.  The subpoena here does not request commercially sensitive information, such as "analysis of Lyft as a potential acquisition target by Waymo." *Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *1 (N.D. Cal. July 7, 2017).

As the remaining Bellwether cases await the assignment of trial dates, the Plaintiffs request that the Court permit Plaintiffs to obtain information from Lyft previously requested through subpoenas that were properly served prior to the discovery cut off, which appropriately seek

---

[2] Although Lyft failed to produce subpoenaed driver documents in the *Jaylynn Dean* case, **Uber** obtained Plaintiff Dean's rider history documents **from Lyft**. Rider documents are not shared under the Industry Sharing Safety Program (ISSP). Lyft claims confidentiality and burden in producing documents that it already shares with Uber under the ISSP program, yet it willingly produced Plaintiff Dean's confidential Lyft rider records to Uber ("it's biggest competitor"). On December 31, 2025, Defendants filed their *Dean* trial exhibit list which included these never-before produced Lyft documents.

information that in the exclusive possession of Lyft.  Lyft's objections should be rejected by this Court and Lyft should be compelled to provide the information requested.

**Lyft's Position:**  Plaintiffs ask the Court to compel a third party to provide information not relevant to the claims or defenses in their actions, after the close of fact discovery, without having shown they diligently pursued their subpoenas while discovery was open and without any reasonable defense for not doing so.  There is no warrant for this relief, and Plaintiffs' arguments cannot overcome the protections afforded to third parties from the burdens of discovery.

*First*, Plaintiffs' motion comes far too late—long after the close of fact discovery.  As Plaintiffs acknowledge, to obtain documents from Lyft under these circumstances, they must demonstrate good cause, including by showing they acted with diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).  Plaintiffs cannot.  Consider:  Lyft served its objections to Plaintiffs' subpoenas no later than May 7, 2025—more than eight months ago.  As Plaintiffs' declaration notes, counsel reached out in June 2025 to discuss the subpoenas and then remained silent as the fact discovery deadline came and went.[3]  And when the Court gave the remaining Plaintiffs an opportunity to address the subpoenas, Plaintiffs' counsel sought *additional* time, undermining any claim of need for the information the subpoenas seek.

A brief discussion months before the fact discovery cut off followed by months of inaction does not amount to the diligence the law requires to reopen discovery.  *Garcia v. City of Scottsdale*, 2023 WL 2354562, at *2 (D. Ariz. Mar. 3, 2023) ("wait[ing] six months" demonstrates "carelessness" not diligence); *Romero v. Nevada Dep't of Corr.*, 2013 WL 6206705, at *4 (D. Nev. Nov. 27, 2013) ("The lengthy history of delays and inaction in this case prevents Plaintiff from demonstrating diligence.").  That is particularly so when the target of discovery is a third party, which is entitled to "extra protection."  *Soto v. Castlerock Farming & Transp., Inc.*, 282 F.R.D. 492, 504 (E.D. Cal. 2012).  Nor is Lyft aware of any facts that prevented Plaintiffs from addressing their subpoenas with Lyft or the Court in the many months between the June outreach and the close of fact discovery.  Plaintiffs do offer they were "engaged in extensive litigation against Uber," but that is no answer—particularly when they now contend the information the subpoenas seek is "highly relevant."  If Plaintiffs needed the information, at least one of them would have found time during discovery to pursue it.  Having chosen not to, Plaintiffs cannot demonstrate the required diligence.

*Second*, Plaintiffs, as is their burden, cannot establish the subpoenas seek relevant information.  *Optimize Tech. Sols., LLC. v. Staples, Inc.*, 2014 WL 1477651, at *2 (N.D. Cal. Apr. 14, 2014).  They demand "all documents [Lyft] generated in relation to" the at-issue drivers, including their background checks and records shared with regulators and other third parties.  Plaintiffs say this material is necessary "to establish what Uber knew about the drivers prior to the subject incidents."  But, critically, Plaintiffs do not explain *how* Uber would know, or could have known, *Lyft's* information—and that is dispositive.  After all, the Court already has held that prior complaints about a driver are "unlikely to be directly relevant" absent some

---

[3] The declaration references discussions in October 2025 with counsel for Jaylynn Dean.  Those are irrelevant—Dean is not at issue in the set of subpoenas Plaintiffs are litigating now—and they underscore Plaintiffs' lack of diligence because they began *after* fact discovery closed.

indication Uber was aware of them:  "Whether a driver actually engaged in prior sexual misconduct is unlikely to be directly relevant to Plaintiffs' claims here. The question more likely to be relevant—speaking generally, and not resolving the specific elements of any claim—is whether Uber had reason to believe that a driver engaged in misconduct…." (Order (June 25, 2025) [ECF 3346], at 2.)  Plaintiffs do not distinguish the Court's prior ruling.  Perhaps the information could be relevant *if* Uber had knowledge of it—but if so, then Plaintiffs could have obtained it from Uber.  (Certainly, Plaintiffs have pointed to no facts from the no-doubt-extensive depositions of Uber witnesses suggesting that Uber was or could have been aware of Lyft's internal records.)  Plaintiffs' circular relevance theory cannot carry the day.

The most Plaintiffs can do is point to the fact that in 2021, Uber and Lyft created the Industry Sharing Safety Program to exchange, through a third-party administrator, information about drivers one entity permanently deactivated.  But this cannot establish the relevance of the information the subpoenas seek.  For one thing, the Program underscores the limited information from Lyft Uber may learn—which is not what Plaintiffs demand in their subpoenas.  Put another way, the information Plaintiffs demand here is *not* the information shared through the Program.  For another, the Program would point, at most, to Uber as the target of discovery in the first instance (for any deactivation information Uber received), then perhaps to the administrator.  Not to Lyft.  Plaintiffs offer nothing other than speculation to suggest that Uber has any ability to learn information about drivers in Lyft's possession—and that should be the end of the matter.

Perhaps recognizing the frailty of their relevance argument, Plaintiffs say "relevancy … is … not a proper basis for refusing to provide documentation in response to a validly served subpoena."  Curious, and wrong.  *See Waymo LLC v. Uber Techs., Inc.*, 2017 WL 2929439, at *3–4 (N.D. Cal. July 7, 2017) ("[P]arty issuing the subpoena must demonstrate that the information sought is relevant and material to the allegations and claims at issue in the proceedings." (quotation marks omitted)).  It is all the more meritorious an objection when a third party is the target, as "[t]he mere relevance standard does not apply to nonparties.  A party seeking to obtain discovery from a nonparty must demonstrate that its need for discovery outweighs the nonparty's interest in nondisclosure." *Vena v. Moore, Schulman & Moore, APC*, 2023 WL 6194315, at *3 (S.D. Cal. Mar. 24, 2023) (quotations omitted and alterations adopted).  Of course, it always is the party seeking discovery through a subpoena—here, Plaintiffs—that bears the burden of establishing more than mere relevance.  They have not.

*Third*, even had Plaintiffs cleared their relevance hurdle, "[c]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance." *In re Subpoena to Kingswood Cap. Mgmt., L.P.*, 2024 WL 5423804, at *2 (C.D. Cal. Dec. 16, 2024) (quotation omitted).  Here, the scope of Plaintiffs' subpoenas is expansive.  Plaintiffs seek "all documents generated by Lyft" about the at-issue drivers—far more than the narrow category of documents Dean sought—multiplied across at least five Plaintiffs.  The collection, review, and production associated with those demands would be extensive, necessarily.

Further, characteristics of the requested documents underscore why requiring Lyft even to search for the material would be burdensome.  Most significantly, any reports of alleged conduct by the at-issue drivers would be hearsay, a point Plaintiffs do not dispute.  And although hearsay status generally is not an impediment to discovery, here, where Plaintiffs seek to force a

third party to provide irrelevant (or, at-best-minimally-relevant) information, the fact that information will be inadmissible bears on the balancing test. (This is to say nothing of the fact that any reports to Lyft about the at-issue drivers' alleged conduct seemingly would necessitate individual adjudication as to accuracy and similarity. *See Vasquez v. City of Long Beach*, 2016 WL 9114912, at *3 (C.D. Cal. Apr. 19, 2016).)

Separately, Plaintiffs seek production from Uber's primary competitor, comprising, in part, internal records about driver accounts and customer-relations management. Lyft maintains this information as confidential and, aside from the deactivation decision provided through the Industry Sharing Safety Program, does not disclose it to Uber. Plaintiffs gesture at the protective order, but that is not a salve, as courts recognize that discovery from competitors raises unique concerns. *See Waymo*, 2017 WL 2929439, at *3–4 (distinguishing authority as "not involve[ing] a Rule 45 subpoenas between direct competitors operating in the same industry").[4]

Through their motion, Plaintiffs demand that a third party produce information that does not bear on the claims or defenses in their proceedings, long after fact discovery closed in their cases, and having not timely pursued material Plaintiffs now say is "highly relevant." There is no basis as a matter of procedure or substance for this relief—even before the Court considers the greater protections afforded to third parties in discovery—and the Court should deny Plaintiffs' untimely discovery motion.

---

[4] After circulating their brief, Plaintiffs added a footnote addressing Lyft's production of Dean's rider history in response to Uber's subpoena. Those records, unlike the documents Plaintiffs demand in their subpoenas, are relevant—and Plaintiffs do not argue otherwise. Nor, because they relate to the Plaintiff in that case, are the same confidentiality concerns at issue as here.

**ATTESTATION**

Pursuant to Civil Local Rule 5-1(i)(3), I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's consent and have authorized the filing.


DATED: January 14, 2026                                      */s/Sommer D. Luther*
                                                            Sommer D. Luther