IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL WAVE 1 BELLWETHER CASES | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF JOINT LETTER REGARDING LYFT'S PRODUCTION OF DOCUMENTS IN RESPONSE TO PLAINTIFFS' SUBPOENA**<br><br>Judge: Hon. Lisa J. Cisneros<br>Courtroom: G – 15th Floor |

I, Sommer D. Luther, declare:

1. I am an attorney at the Wagstaff Law Firm, appointed to the Plaintiffs' Steering Committee in the above-captioned Multi-District Litigation. I am a member of the State Bar of Colorado and admitted to practice in this action *pro hac vice*. I make this declaration based on my personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.

2. I submit this declaration in support of a Joint Letter regarding Lyft's production of documents in response to Plaintiffs' Subpoena.

3. Attached as Exhibit 1 is a true and correct copy of the subpoena Plaintiffs served on Lyft on April 21, 2025, along with the proof of service.

4. The Subpoena attached as Exhibit 1, was served by all Wave 1 bellwether plaintiffs, with the exception of Plaintiff WHB 318. WHB 318 was added to the Wave 1 bellwether pool August 11, 2025 and has not served the subpoena on Lyft, although it is anticipated that WHB 318 will serve the subpoena on Lyft and request the same information that is being requested here.

5. Attached as Exhibit 2 is a true and correct copy of Lyft's objections to Plaintiffs' subpoenas.

6. Counsel for Plaintiffs in this action conferred with Lyft concerning the subpoena, Lyft's objections in June of 2025. On June 30, 2025, attorney Jamie Powers communicated with Lyft via email regarding Lyft's production of documents in response to Plaintiffs' subpoena. Ms. Powers provided Lyft with a chart of all bellwether claimants for which Plaintiffs did not have ISSP documents. To assist in

Lyft's search, the Chart included the relevant driver names and DOB. To further assist in the process, Ms. Powers advised Lyft that Plaintiffs were agreeable to narrow the scope of the documents requested and limit requests to records dated prior to each incident. Finally, Ms. Powers addressed the need to obtain information directly from Lyft as opposed to HireRight as HireRight did not maintain all of Lyft's deactivation data. A true and correct copy of the email correspondence to Lyft is attached as Exhibit 3.

7. I am not aware if Lyft responded to Ms. Powers' email or what subsequent discussions occurred after June 30, 2025.

8. It is my understanding that attorney Simon Grille, picked up discussions with Lyft in October of 2025. (Doc. 4797-1). It is also my understanding that through those discussions Lyft refused to search for responsive documents, arguing that Plaintiff's request are irrelevant, subject to hearsay and confidentiality objections, and unduly burdensome. (Doc. 4797-1). It is my understanding these discussions continued through December 8, 2025, when an impasse was reached and a Joint Letter Brief was filed with the Court related to the Jaylynn Dean case, only.

9. On December 26, 2025, the Court ordered the remaining bellwether plaintiffs to submit a Letter Brief by January 7, 2026. (Doc. 4800).

10. My office reached out to Lyft's counsel on January 5, 2026 and January 7, 2026. I had an initial call with Lyft's counsel, David Riskin, on January 7, 2026. During that call counsel had preliminary discussions regarding the substance of the subpoena and primarily discussed extending the time to submit Letter Briefs to allow for further conferral. Counsel for Lyft did state that Lyft's position was largely unchanged from the position addressed with Mr. Grille and that Lyft would be amenable to considering new or different arguments but believed that Plaintiffs' request for production were untimely and objectionable, as previously outlined.

11. On January 8, 2026, the Court ordered the parties to submit a Joint Letter Brief by January 14, 2026. (Doc. 4953).

12. None of the bellwether cases have been set for trial as of today's date.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of January, 2026, in Denver, Colorado.

1
2          /s/ Sommer D. Luther
           Sommer D. Luther
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28