WARREN METLITZKY (CA Bar No. 220758)
GABRIELA KIPNIS (CA Bar No. 284965)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:     (415) 343-7100
Facsimile:      (415) 343-7101
Email: wmetlitzky@conmetkane.com
Email: gkipnis@ conmetkane.com

HEIDI K. HUBBARD
BETH A. STEWART
DAVID RANDALL J. RISKIN
**WILLIAMS & CONNOLLY LLP**
680 Maine Avenue, N.W.
Washington, DC 20024
Telephone:     (202) 434-5000
Facsimile:      (202) 434-5029
Email: hhubbard@wc.com
Email:  bstewart@wc.com
Email: driskin@wc.com
*Attorneys for Non-Party Lyft, Inc.*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This document relates to:<br>*B.L. v. Uber Technologies, Inc., et al.*, No. 24-cv-7940 | Case No. 3:23-md-03084-CRB |

**NON-PARTY LYFT, INC.'S RESPONSES AND OBJECTIONS TO SUBPOENA**

Under Federal Rule of Civil Procedure 45, non-party Lyft, Inc. hereby objects to Plaintiff's April 14, 2025 subpoena.  Lyft reserves the right to amend and/or supplement these objections and responses.

**THRESHOLD ISSUES**

1. Lyft makes these objections and responses without waiving or intending to waive in any way, but instead by preserving and intending to preserve, the right to seek to shift the costs incurred in responding to the subpoena and/or to seek reimbursement for any costs associated with compliance with the subpoena; the costs incurred in preparing and filing any motion related to the subpoena; the costs incurred in responding to any motion regarding the subpoena; the costs incurred in producing any documents or information responsive to the subpoena (including, but not limited to, the costs involved in searching for, processing, reviewing, and producing such documents); and the costs associated with compliance of any order regarding the subpoena.

2. The subpoena provides insufficient time for Lyft to search for and produce documents and information to the subpoena. To the extent Lyft responds to the subpoena, Lyft will produce documents and/or information at a reasonable date mutually agreed to by Lyft and Plaintiffs.

3. Lyft objects to the subpoena as unreasonable and unduly burdensome to the extent Lyft has already responded to a third-party subpoena in connection with this action.

**OBJECTIONS TO INSTRUCTIONS AND DEFINITIONS**

1. Lyft objects to each and every paragraph of the section labeled "Definitions" to the extent the definitions purportedly set forth therein would (a) expand the definition of a term beyond its ordinary usage in the English language; (b) create undue burden for Lyft when propounding its responses and objections to the Requests for Documents ("requests"); and/or (c) impose obligations and demands on Lyft beyond those contemplated by the Federal Rules of Civil Procedure, the local rules of the District Court for the Northern District of California, or any other rules or orders of the Court. Lyft will respond to the topic consistent with the ordinary English meaning of the words and its obligations under the law.

2. Lyft objects to the inclusion of defined terms not included in, or relevant to, the requests. Because Lyft cannot determine the proper definition of a term in isolation, Lyft objects to all definitions not utilized in the text of the requests.

3. Lyft objects to the definition of "Communications" to the extent that the definition purports to incorporate documents not in Lyft's possession, custody, or control.

4.  Lyft objects to the definition of "Lyft, Inc.," "You," or "Your" to the extent that it imposes an obligation on Lyft to obtain information from other persons or entities, or to obtain information not in Lyft's possession, custody, or control. Lyft objects to inclusion of past or present employees, contractors, affiliates, and "all other Persons acting or purporting to act on [Lyft's] behalf." Lyft construes the requests to exclude any such obligation and responds only on behalf of Lyft, Inc.

## OBJECTIONS

**REQUEST 1:** Please produce the complete background check results in Your possession for each and every background check completed on the Subject Driver.

**RESPONSE:**

Lyft objects to this request as seeking information irrelevant to the parties' claims and defenses, including because Lyft's background-check results for a particular driver do not bear on any claims or defenses in this action. After all, Lyft's conduct is not at issue in the litigation. Lyft further objects to the request on the grounds that it imposes unnecessary burden and expense on a third party. Lyft further objects to the request insofar as it seeks "every" background check, an additional reason that the request seeks irrelevant and burdensome information. Lyft further objects to the request to the extent that it seeks the production of confidential information, including without limitation information that is proprietary, commercially sensitive, competitively significant, trade secrets, or personal information related to Lyft, its employees, its contractors, or its customers, and/or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality obligations to a third party that restrict or prohibit disclosure of such information or documents by Lyft. Lyft incorporates by reference its objections to instructions and definitions. Lyft further objects to the subpoena as unreasonable and unduly burdensome to the extent Lyft has already responded to a third-party subpoena in connection with this action.

Lyft will not produce documents in response to the request.

**REQUEST 2:** Please produce all documents related to the Subject Driver that were generated for or otherwise shared with the Industry Sharing Safety Program, HireRight, L.L.C., or any Regulator (including any law-enforcement agency).

2

CASE NO. No. 24-cv-7940                                    LYFT, INC.'S RESPONSES & OBJECTIONS TO SUBPOENA

**RESPONSE:**

Lyft objects to this request as seeking information irrelevant to the parties' claims and defenses, including because Lyft's documents related to a particular driver do not bear on any claims or defenses in this action. After all, Lyft's conduct is not at issue in the litigation. Further, any documents Lyft shared with the Industry Sharing Safety Program, HireRight, L.L.C., or any regulator, by themselves, are not relevant because a question presented in the litigation, as Lyft understands it, is what Uber knew about the "Subject Driver." Insofar as Plaintiff seeks to know what, if anything, the Industry Sharing Safety Program, HireRight, L.L.C., or any regulator knew or could have shared with Uber, those entities are the proper parties from which to seek documents. Lyft further objects to the request on the grounds that it imposes unnecessary burden and expense on a third party. Lyft further objects to the request insofar as it seeks "all documents" related to an individual, an additional reason that the request seeks irrelevant and burdensome information. Lyft further objects to the request to the extent that it seeks the production of confidential information, including without limitation information that is proprietary, commercially sensitive, competitively significant, trade secrets, or personal information related to Lyft, its employees, its contractors, or its customers, and/or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality obligations to a third party that restrict or prohibit disclosure of such information or documents by Lyft. Lyft incorporates by reference its objections to instructions and definitions. Lyft further objects to the subpoena as unreasonable and unduly burdensome to the extent Lyft has already responded to a third-party subpoena in connection with this action.

Lyft will not produce documents in response to the request.

**REQUEST 3:** Please produce all documents You generated in related to the Subject Driver, including specifically reports of sexual harassment, sexual misconduct, or sexual assault and driving history.

**RESPONSE:**

Lyft objects to this request as seeking information irrelevant to the parties' claims and defenses, including because Lyft's documents related to a particular driver do not bear on any claims or defenses in this action. After all, Lyft's conduct is not at issue in the litigation. Further, documents Lyft generated related to the "Subject Driver," by themselves, are not relevant because a question presented

in the litigation, as Lyft understands it, is what Uber knew about the "Subject Driver." Lyft further objects to the request on the grounds that it imposes unnecessary burden and expense on a third party. Lyft further objects to the request insofar as it seeks "all documents" Lyft generated related to an individual, an additional reason that the request seeks irrelevant and burdensome information. The contents of Lyft's files are not relevant to any claims or defenses in Plaintiffs' Action against Uber. Lyft further objects to the request on the grounds that it purports to seek "all documents" Lyft generated "related to" to the "Subject Driver" and so is overbroad and would impose an undue burden and expense on Lyft. Lyft further objects to the request to the extent it seeks information or documents protected by the attorney-client privilege, the work product doctrine, or any other applicable privilege or protection from discovery. Lyft further objects to the request to the extent that it seeks the production of confidential information, including without limitation information that is proprietary, commercially sensitive, competitively significant, trade secrets, or personal information related to Lyft, its employees, its contractors, or its customers, and/or information that is subject to other protective orders, non-disclosure agreements, or other confidentiality obligations to a third party that restrict or prohibit disclosure of such information or documents by Lyft. Lyft incorporates by reference its objections to instructions and definitions. Lyft further objects to the subpoena as unreasonable and unduly burdensome to the extent Lyft has already responded to a third-party subpoena in connection with this action.

Lyft will not produce documents in response to the request.

DATED: April 28, 2025

Warren Metlitzky
Gabriela Kipnis
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA  94111
Telephone:    (415) 343-7100
Facsimile:     (415) 343-7101
Email: wmetlitzky@conmetkane.com
Email: gkipnis@ conmetkane.com

David Randall J. Riskin (*pro hac vice*)
**WILLIAMS & CONNOLLY LL**
680 Maine Avenue, N.W.
Washington, DC 20024
Telephone:   (202) 434-5000
Facsimile:    (202) 434-5029
Email: driskin@wc.com
*Attorneys for Non-Party Lyft, Inc.*