# EXHIBIT C

# BRACEWELL

September 3, 2025

BY EMAIL

Tiffany R. Ellis
Peiffer Wolf Carr Kane Conway & Wise
15 E Baltimore Ave
Detroit, MI 48202

Maria R. Salcedo
Shook Hardy & Bacon
2555 Grand Blvd
Kansas City, Missouri 64108

   Re: *In Re: Uber Technologies*, *Inc.,* 3:23-md-3084 (N.D. Cal.),
      Ruling on Scope of Clawback Orders

Dear Counsel,

  On April 24, 2025 Judge Cisneros issued a ruling (Dkt. 2855) that "foreclosed Uber's ability to claw back certain documents" that had been de-designated during the period when Judge Cisneros was overseeing privilege disputes. Dkt. 3545 at 1. On July 22, 2025, Judge Cisneros issued an order denying defendants' motion for leave to move for reconsideration of the Court's April 24, 2025 order. *Id*.

  On July 23, 2025, I requested a list from the parties identifying all documents that had been previously submitted to me for a privilege determination that were also subject to these orders. Plaintiffs provided a list of 112 documents that defendants have attempted to claw back.[1] The parties dispute which documents are within the scope of Judge Cisneros' orders and whether they may be clawed back.

  On August 26, 2025, following a meet and conferral process, defendants acknowledged that 38 of the 112 documents are subject to Judge Cisneros' orders. Accordingly, those 38 documents may not be clawed back.

---

[1] The parties do not dispute that the 112 documents were included in the four tranches of custodial documents originally overseen by Judge Cisneros. *See* Dkt. 3545 at 1-6.

**Hon. Barbara S. Jones, (ret.)**   T:+1.212.508.6105    F: +1.800.404.3970
Partner        31 W. 52nd Street, Suite 1900, New York, New York 10019-6118
          barbara.jones@bracewell.com    bracewell.com

AUSTIN   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   PARIS   SAN ANTONIO   SEATTLE   WASHINGTON, DC

# BRACEWELL

September 3, 2025
Page 2

As for the remaining 74 documents in dispute that defendants seek to claw back, the parties agree the documents can be divided into three categories: (1) 17 documents that were designated as privileged in part and never de-designated by defendants; (2) 11 documents that were de-designated in part, and; (3) 46 documents de-designated by defendants after February 6, 2025, when I was appointed as Special Master.

Upon review of the parties' submissions, and the orders of the Court, I have determined that the 17 documents in Category 1 that were never de-designated are not subject to Judge Cisneros' orders. Judge Cisneros' orders are clear that "Uber has waived the right to claw back documents that it originally designated as privileged and then de-designated as part of the privilege dispute resolution process overseen by Judge Cisneros." Dkt. 2855; *see also* Dkt. 3545 (the Court "ruled that Uber had waived any claim to privilege for documents that it specifically de-designated and agreed to produce during the period when the Court was overseeing privilege disputes."); Dkt. 3059 ("Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes."). The parties do not dispute that defendants did not de-designate the 17 documents in Category 1.

As for the 11 documents in Category 2 that were de-designated in part, those documents are subject to Judge Cisneros' orders and may not be clawed back. A review of Judge Cisneros' orders demonstrates that Judge Cisneros did not draw a distinction between documents de-designated in part or in whole and I decline to do so.

As for the remaining category of 46 documents that were de-designated after I was appointed on February 6, 2025, defendants have expressly requested an opportunity to more "fully brief and argue their position." This request is granted. Uber may submit additional briefing on or before September 5, 2025 at 4pm PT, and should address whether the same principles identified by Judge Cisneros regarding waiver should also apply to the 46 documents de-designated after February 6, 2025. *See* Dkt. 2855 ("Whether that principle applies to documents de-designated after privilege issues were referred to Judge Jones is a question for Judge Jones."). Plaintiffs may file a reply to defendants' brief on or before September 9, 2025 at 4pm PT.

If there are documents that remain in dispute that require earlier resolution, the parties are directed to meet and confer and raise the issues with me as soon as possible.

# BRACEWELL

September 3, 2025
Page 3

      Finally, the parties are ordered to submit a status report regarding any further agreements that may be reached on the remaining disputed documents on or before September 9, 2025.

Hon. Barbara S. Jones (Ret.)

cc: Counsel of record