# EXHIBIT H

# BRACEWELL

November 17, 2025

BY EMAIL

Maria Salcedo, Esq.
Shook Hardy & Bacon LLP
2555 Grand Boulevard
Kansas City, MO 64108

Tiffany R. Ellis, Esq.
Peiffer Wolf Carr Kane Conway & Wise
15 E Baltimore Ave
Detroit, MI 48202

      Re:   *In Re: Uber Technologies*, *Inc.,* 3:23-md-3084 (N.D. Cal.)
             Objections to Rulings on Scope of Clawback Orders

Dear Counsel,

    Defendants have submitted objections to two of my rulings that denied defendants' requests to claw back certain documents.

    On September 30, 2025, I issued my ruling that denied defendants' request to claw back 42 documents that defendants had de-designated pursuant to a re-review process directed by Judge Cisneros.

    On October 7, 2025, I issued my determinations regarding plaintiffs' challenge to documents listed on defendants' June 17, 2025 Clawback Notice. Fifteen of the 42 documents on defendants' June 17, 2025 Clawback Notice were also subject to my September 30, 2025 ruling, and accordingly, I determined that those 15 documents may not be clawed back.

    On October 21, 2025, defendants objected to my September 30, 2025 ruling and the portion of my October 7, 2025 ruling regarding the 15 documents noted above. Defendants submitted briefing and a declaration from Professor Daniel J. Capra. On November 5, 2025, plaintiffs submitted a responsive brief, and by email dated November 7, 2025, defendants submitted a reply.

    For the reasons set forth below, defendants' objections are denied.

**Hon. Barbara S. Jones, (ret.)**   T:+1.212.508.6105      F: +1.800.404.3970
Partner                                 31 W. 52nd Street, Suite 1900, New York, New York 10019-6118
                                            barbara.jones@bracewell.com       bracewell.com

AUSTIN   DALLAS   DUBAI   HOUSTON   LONDON   NEW YORK   PARIS   SAN ANTONIO   SEATTLE   WASHINGTON, DC

November 17, 2025
Page 2

      The issue before me is the scope and application of Judge Cisneros' April 24, 2025 and July 22, 2025 orders, in which Judge Cisneros ruled "Uber has waived the right to claw back documents that it originally designated as privileged and then de-designated as part of the privilege dispute resolution process overseen by Judge Cisneros." Dkt. 2855; *see also* Dkt. 3545 at 5 (the Court "ruled that Uber had waived any claim to privilege for documents that it specifically de-designated and agreed to produce during the period when the Court was overseeing privilege disputes."); Dkt. 3059 ("Uber may not claw back documents that it has designated as privileged and subsequently de-designated, at least where such de-designation occurred while the Court was overseeing privilege disputes."). In the April 24, 2025 order, Judge Cisneros also stated that "[w]hether that principle applies to documents de-designated after privilege issues were referred to Judge Jones is a question for Judge Jones." Dkt. 2855.

      The parties provided multiple submissions regarding which documents in dispute should be subject to the April 24, 2025 and July 22, 2025 orders. Additionally, defendants specifically requested an opportunity to brief whether the 46 documents that were produced as de-designated documents after my appointment should fall within the April 24 and July 22 orders.

      In my September 3, 2025 decision, I ruled on the majority of de-designated documents in dispute and granted defendants' request to brief "whether the same principles identified by Judge Cisneros regarding waiver should also apply to the 46 documents de-designated after [my appointment on] February 6, 2025." The parties submitted additional briefing and defendants sought de novo review of whether 42 documents could be clawed back.[1]

      In my September 30, 2025 ruling, after considering the parties' submissions, the procedural history in this case, the related court orders, and relevant authority, I determined "that the same principles applied by Judge Cisneros in her April 24, 2025 and July 22, 2025 orders apply to the 42 documents de-designated after February 6, 2025 and Uber may not claw back those documents." In my October 7, 2025 determination, I applied my September 30, 2025 ruling to the documents then before me.

      In their present objection, defendants have not provided any relevant new facts or argument that would justify the reversal of my prior rulings.

      The re-review and de-designation of the documents at issue was undertaken and conducted by defendants pursuant to the orders of Judge Cisneros. That process was established by Judge Cisneros well before my appointment, and it was carried out in accordance with her various rulings. *See* Dkt. 3545; *see also* Dkt. 1808, 1908, 2005, 2168. The process was ongoing when I was appointed on February 6, 2025 and, as represented by the parties at that time, the

---

[1] Originally, 46 documents were at issue, but plaintiffs withdrew their objection to four of those documents, leaving only 42 in dispute. *See* September 30, 2025 ruling.

# BRACEWELL

November 17, 2025
Page 3

process was nearly complete.  Indeed, the only change to the re-review and de-designation process after my appointment was the parties' February 7, 2025 stipulation and joint request to Judge Cisneros that the Court extend the deadlines for completion of the process.  *See* Dkt. 2304.  Judge Cisneros granted the parties' request on February 9, 2025.  *See* Dkt. 2307.  In the parties' February 14, 2025 status reports, they agreed that defendants would complete the re-review and de-designation of the documents under Judge Cisneros' orders by March 10, 2025.  Dkt. 2343 at 2; Dkt. 2344 at 5.  I incorporated the parties' agreement in Master Order No. 2, dated February 18, 2025.  Dkt. 2357 at 2, n.2.

Defendants have proffered no reasonable or principled distinction between the documents de-designated in accordance with Judge Cisneros' orders before or after February 6, 2025.  The 42 documents in dispute were de-designated pursuant to, and as a part of, the process ordered and overseen by Judge Cisneros.  *See also* November 7, 2025 email submitted in reply from J. Hill to B. Jones (the "documents that Defendants now seek to claw back were inadvertently de-designated and produced *during* the re-review process") (emphasis in original).  Accordingly, Judge Cisneros' orders apply to the 42 documents.

For the foregoing reasons, defendants' request for relief is denied.

Hon. Barbara S. Jones (Ret.)

cc:     Counsel of record