[Submitting counsel below]

UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S TRIAL BRIEF RE: SCOPE OF GUS FULDNER TESTIMONY**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

UNITED STATES DISTRICT COURTS
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>     Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>     Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

# TRIAL BRIEF

Plaintiff moves to enforce Federal Rule of Evidence 611(b), which limits the scope of cross-examination to "the subject matter of the direct examination and matters affecting the witness's credibility." Fed. R. Evid. 611(b). In this case, Plaintiff will call an Uber executive named Gus Fuldner. Uber originally refused to bring Mr. Fuldner live to trial. After the Court ordered that Plaintiff could take a trial deposition of Mr. Fuldner in lieu of his live appearance, ECF 4735, Uber relented and agreed to bring Mr. Fuldner to testify live. Mr. Fuldner is not, and never has been, on Uber's witness list (live or by deposition). *See* ECF 4840 (no Fuldner).

The problem is that Uber, after not identifying Mr. Fuldner as an affirmative trial witness, and declining to produce him at all until an adverse Court order, now seeks to use Mr. Fuldner to insert its entire case about Mr. Turay in the middle of Plaintiff's case-in-chief. Plaintiff does not intend to ask Mr. Fuldner about background checks or training or anything about Mr. Turay at all (and none of those topics were covered in Mr. Fuldner's deposition). But Uber's anticipated exhibits for its "cross-examination" include documents concerning: Mr. Turay's background checks (Exs. 03701, 04162); Mr. Turay's ride history (Ex. 03704); Mr. Turay's communications concerning Uber's Community Guidelines (Ex. 03705); Mr. Turay's completed training courses (Ex. 04070); rider complaints against Mr. Turay (Exs. 03779, 03788, 03794); communications with Mr. Turay concerning his deactivation (Ex. 03948); Mr. Turay's rider feedback and ratings (Ex. 04054, 04142); records of a phone call with Mr. Turay about a safety complaint (Ex. 04146); Mr. Turay's "status and flow," i.e., his Uber account history (Ex. 04161); and Uber incident reports concerning Mr. Turay's rape of Ms. Dean (Exs. 03949, 03954).

Uber's intended examination is a clear violation of Rule 611(b). It is unlikely that Mr. Fuldner has any direct personal knowledge of the specific interactions Mr. Turay (or the people he drove) had with the Uber platform. There are certainly no documents in Uber's production indicating that Mr. Fuldner played any role in these interactions. If Uber wanted to it could have called those people who were involved in the events reflected in the documents at issue. At a minimum, Uber could have identified Mr. Fuldner on its witness list as a person from whom it would attempt to elicit competent testimony on these topics. It did neither.

To be sure, the rule grants the Court discretion to "allow inquiry into additional matters as if on direct examination." Fed. R. Evid. 611(b). But that discretion cannot operate automatically, otherwise the exception would swallow the rule. *See* Wright, Miller et al., 28 Fed Prac. & Proc. § 6165 (2d ed.) ("[S]uch a conclusion is plainly inconsistent with the decision by Congress to reject the wide-open rule concerning the scope of cross-examination. Other courts seem to agree, requiring that the exercise of discretion be based on principle and not whim."). It would make no sense to permit outside-scope questioning here, where Uber did not even include Mr. Fuldner on its witness list and evidently intends to spend the bulk of its cross on testimony unconnected with the direct. *See Coachman v. Seattle Auto Mgmt. Inc.*, 2018 WL 4510067, at *2 (W.D. Wash. Sept. 20, 2018) ("The Court is not inclined to allow Defendants to conduct direct examination during Plaintiff's case-in-chief without stipulation between the parties.").

Because Uber did not include Mr. Fuldner in its witness list, it may not call him at trial as an affirmative witness. *See* Fed. R. Civ. 26(a)(3)(a)(i) (party must disclose trial witnesses before trial). But even if Uber could call Mr. Fuldner, there is no reason why it cannot do so in its own case-in-chief, or any evident harm in requiring it to do so. *See Pinn, Inc. v. Apple Inc.*, 2021 WL 6103525, at *2 (C.D. Cal. Dec. 12, 2021) (denying motion to exceed scope of direct where "Defendant does not articulate specific concerns related to [the witness] potentially traveling and testifying twice").

Dated: January 14, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641

|   |   |
|---|---|
| 1 | Facsimile: (415) 840-9435 |
| 2 | rabrams@peifferwolf.com |

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

### FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 14, 2026                    By:    */s/ Roopal P. Luhana*
                                                                Roopal P. Luhana