# EXHIBIT A

# PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF HASSAN TURAY'S DEPOSITION TESTIMONY

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

IN RE: UBER TECHNOLOGIES, INC.          ) MDL No. 3084 CRB
PASSENGER SEXUAL ASSAULT LITIGATION     )
_____  )
                                        )
This Document Relates to:               )
Jaylynn Dean v. Uber Technologies,      )
Inc., et al.,                           )
                                        )
3:23-cv-06708                           )
                                        )

30(a)(1) DEPOSITION OF DETECTIVE OSCAR LOPEZ

(CONTAINS CONFIDENTIAL PORTIONS)

December 30, 2025
9:39 a.m.
Tempe, Arizona

Prepared by:
Andres Efren Anaya, RPR
CR No. 50964

```
 1  BY MR. PERKINS:
 2       Q.   And so I'm gonna ask you some questions about
 3  that because -- so if --
 4            MR. PERKINS:  Ray, we're going to flip between
 5  this Exhibit 17 and Exhibit 15.  If we can go back to 15,
 6  please?  If that's possible to be on the same page that we
 7  were on.  There.
 8            Okay.  So in this paragraph that we have gone
 9  over before, she -- on the third line with the first full
10  sentence, it says she stated the driver -- I'm sorry.  The
11  fourth full line.  He went on to say he wishes he could
12  have sex with her.  In the portion that we just watched,
13  she doesn't say that, correct?
14            MS. BUENO:  Objection; form.
15            THE WITNESS:  Correct.  In the portion that we
16  watched, yes.
17  BY MR. PERKINS:
18       Q.   And we can watch the whole thing.
19            I can represent to you that in the entire
20  forensic interview, she never says that at that point,
21  and -- and we'll watch a couple other sections, that he
22  says he wishes to have sex with her.
23            MS. BUENO:  Objection; form.
24  BY MR. PERKINS:
25       Q.   Is it -- the narrative portion of this is
```

 1  written, obviously after the fact, after you've conducted
 2  all of these, correct?
 3      A.   Yes.
 4      Q.   And I'm sure it's extraordinarily infrequent,
 5  but can it sometimes happen where something that a suspect
 6  said may accidentally be transposed into the summary of
 7  Jaylynn's forensic interview?
 8      A.   Oh, okay.  Yeah.
 9           MS. BUENO:  Objection; form.
10           THE WITNESS:  He was -- that was part of his
11  testimony, correct.
12  BY MR. PERKINS:
13      Q.   Okay.  So the summary is just a summary of the
14  video.  The video is what actually was said, right?
15      A.   Correct.  Yeah.
16      Q.   And so if something's in the summary that's not
17  in the video that just means that it's potentially a
18  mistake when writing -- there's a lot of writing that
19  detectives have to do, correct?
20      A.   Yes.
21           MS. BUENO:  Objection; form.
22  BY MR. PERKINS:
23      Q.   And sometimes there may be a time where you
24  accidentally write something that the suspect said in the
25  victim statement, correct?

```
 1              MS. BUENO:  Objection; form, foundation.
 2              THE WITNESS:  Potentially.  I mean, I haven't
 3   looked at this in a while.  But I know that at some point,
 4   one or both parties made that statement, so --
 5   BY MR. PERKINS:
 6       Q.   Okay.
 7       A.   In the interviews and, you know, with both of
 8   them.
 9       Q.   In the sentence after that, where it says:
10   Jaylynn says she did not know how to respond to that,
11   referring that he wishes to have sex with her, and said
12   "okay" in a sarcastic tone, I'll represent to you, that
13   does not appear anywhere in her forensic interview.
14              MS. BUENO:  Objection; form, foundation.
15              THE WITNESS:  So that should definitely be in
16   there.
17   BY MR. PERKINS:
18       Q.   Okay.  Well, we can go back on -- and -- and
19   watch it again and we can -- we'll play it in front of the
20   jury, but it's -- I can represent to you that we've
21   searched everywhere in all the interviews and it doesn't
22   appear anywhere.
23              MS. BUENO:  Objection; form, foundation,
24   side-bar.
25
```

Detective Oscar Lopez
December 30, 2025

1  exam and then during the forensic interview, correct?
2       A.   Correct.
3            MS. BUENO:  Objection; form.
4            THE WITNESS:  Correct.
5  BY MR. PERKINS:
6       Q.   And so to look for what was -- word-for-word
7  verbatim what she said, this isn't a transcript of what
8  you said, this is your --
9       A.   That's a summary.
10      Q.   That is your summary, correct?
11      A.   Yes.
12      Q.   So to look at what she exactly said
13 word-for-word, we can look the at the transcript of the
14 actual videos and listen --
15      A.   Yes.  Yes.
16           MS. BUENO:  Objection; form.
17 BY MR. PERKINS:
18           If we could go back to Exhibit 17 please, Ray.
19           THE WITNESS:  Yeah.  Because the same -- sorry.
20 Go ahead.
21           MR. PERKINS:  That's fine.  If we could go to
22 the time -- we're stopping at 1141 and if we could go to
23 time marker 1433.
24 BY MR. PERKINS:
25      Q.   Detective, this is the next time where you go

```
 1        Q.   And the same with the third discussion at the
 2   school?
 3        A.   Yes.  Yeah.
 4        Q.   So within a matter of days, correct?
 5        A.   Correct.
 6        Q.   Now I noticed that the date on Page 8 of
 7   Exhibit Number 1, which is your specific report, indicates
 8   that there's a related date of January 3rd, 2024.  What
 9   does that mean at the top?
10        A.   Well, this is just the date that I wrote this
11   report.
12        Q.   Understood.
13        A.   Actually, that I began to write the report.
14   Sometimes it will be saved and then you continue to
15   report, write later.  But this is the date that it's
16   generated.
17        Q.   Great.  So the report that we're seeing on
18   Page 8 of Exhibit 1 was generated on January 3rd, 2024,
19   correct?
20        A.   Correct.
21        Q.   Would you have taken notes on a kind of pad or
22   computer when you met with Ms. Dean those three occasions?
23        A.   Yes.
24        Q.   What's your process?  Can you explain it for
25   us?
```

Detective Oscar Lopez
December 30, 2025

```
 1  STATE OF ARIZONA        )
                            ) ss.
 2  COUNTY OF MARICOPA      )

 3           BE IT KNOWN that the foregoing deposition was

 4  taken before me, Andres E. Anaya, RPR, a Certified

 5  Reporter, Certificate No. 50964, for the State of Arizona,

 6  and by virtue thereof authorized to administer an oath;

 7  that the witness before testifying was duly sworn by me to

 8  testify to the whole truth; that the questions propounded

 9  to the witness and the answers of the witness thereto were

10  taken down by me in shorthand and thereafter reduced to

11  print by computer-aided transcription under my direction;

12  that pursuant to request, notification was provided that

13  the deposition is available for review and signature; that

14  the transcript consisting of 271 pages is a full, true and

15  accurate transcript of all proceedings and testimony

16

17        I FURTHER CERTIFY that I am in no way related to

18  nor employed by any of the parties hereto, nor am I in any

19  way interested in the outcome hereof.

20  DATED at Phoenix, Arizona, January 5, 2026.

21

22

23                          _____
                            Andres E. Anaya, RPR
24                          Certified Reporter No. 50964

25
```