[Submitting counsel below]

UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF UBER'S DEPOSITION DESIGNATIONS OF S.M.**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>    Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>    Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

**INTRODUCTION**

Plaintiff moves to exclude Uber's deposition designations of S.M.[1] that relate to two issues: (1) Plaintiff's sexual behavior and predisposition; (2) a video recording of S.M. while he was on the phone with Plaintiff and two of her friends.

**Evidence of Sexual Behavior and Predisposition**. Uber seeks to admit evidence of Plaintiff's sexual behavior with S.M., i.e., that she met S.M. at his apartment on their first date. Under Federal Rule of Evidence 412, evidence of "all activities that … imply sexual intercourse or sexual contact is presumptively inadmissible." Fed. R. Evid. 412, advisory committee notes, 1994 amendment. Such evidence is admissible only if the offering party, Uber, files a motion at least 14 days before trial proving that the evidence's probative value substantially outweighs the danger of harm to any victim and of unfair prejudice. Fed. R. Evid. 412(b)(2) & (c). Here, Uber did not include this evidence in its FRE 412 motion. In any event, the evidence is inadmissible under Rules 401 and 403 because it lacks any probative value and raises substantial risk of unfair prejudice.

**Video Recording**. Plaintiff also moves to exclude a video of S.M. recorded while he is *mid*-phone call with Plaintiff and two of her friends. The video lacks completeness and context, contains inadmissible hearsay, is cumulative and misleading, and any limited probative value is outweighed by the extreme prejudice that would result. The recording cuts in during the middle of a phone call, as the participants are discussing what occurred on the night Ms. Dean was raped, including discussion of underage drinking and current law enforcement involvement. Much of this is covered by other evidence, and, in fact, undisputed (e.g., the fact that Ms. Dean had been drinking the night of the incident and that she had immediately reported the rape to law enforcement). What remains is a discussion about S.M.'s concerns as to whether he might face consequences for what had happened to Ms. Dean. This evidence is irrelevant and highly prejudicial. It shifts focus to S.M.'s conduct, wrongly suggesting that he was a suspect in the rape investigation and that his relationship with Ms. Dean was anything other than consensual. Evidence of this sort is unfairly prejudicial because it is categorically incorrect. The video should be excluded.

---

[1] In order to protect the privacy of a third party from ongoing media coverage, S.M. is anonymized in this brief immediately accessible on the public docket. His full name has been and will be used during the trial proceedings.

- 1 -

PL'S MOT. TO EXCLUDE PORTIONS OF UBER'S
DEPOSITION DESIGNATIONS OF S.M
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276

Plaintiff respectfully requests that the Court exclude this evidence. Plaintiff likely will play S.M.'s deposition to the jury this week, and so respectfully requests a ruling on this motion by Wednesday, January 21.

**ARGUMENT**

**I.      Evidence regarding sexual behavior or sexual predisposition should be excluded.**

It is undisputed that the night Plaintiff was raped by Hassan Turay, she had consensual sex with S.M. at his apartment, and it is undisputed that evidence of that night comes in. The problem is that Uber seeks to introduce other evidence of her relationship with S.M., evidence implying her sexual behavior and predisposition. These designations come after Uber hinted in its opening statements that the jury should judge Ms. Dean for her relationship with S.M. *See* Trial Tr. at 261:1-6 (Defense Opening: "She had been over to his house before, in those weeks since she had come to Phoenix. She arrived in Phoenix on October 23rd, so she'd been there about three weeks and she'd seen him before.").

Specifically, Uber seeks to introduce testimony from S.M. that the first time he met Plaintiff was at his apartment. *See* Ex. A (S.M. Dep.) at 32:11-13, 35:19-22. Where Plaintiff first met S.M. has no relevance; it instead implies Plaintiff's sexual behavior and predisposition, suggesting indiscriminate sexual behavior and stereotyping of the type that is prohibited. *See* Fed. R. Evid. 412, advisory committee's notes, 1994 amendment (prohibited evidence includes any "that imply[e]s sexual intercourse or sexual contact"); *Doe v. United States*, 666 F.2d 43, 47 (4th Cir. 1981) (explaining that "evidence of the victim's 'habit of calling out to the barrack to speak to various and sundry solders' and '[] of coming to the post to meet people and of her habit of being at the barracks at the snack bar' … clearly falls within the proscription of subsection of [Rule 412]"). This evidence was not included in Uber's FRE 412 motion and so is inadmissible. *See* Fed. R. Evid. 412(c)(1)(B) (motion must be filed at least 14 days before trial).

Notably, the testimony that Uber seeks to elicit through S.M. is categorically different from the evidence of sexual trauma and assault that was the subject of Uber's Rule 412 motion. There, the Court noted that prior trauma may be relevant as to causation and, even so, limited its admissibility through careful expert questioning only. *See* 1/6/2026 Hr'g at 59:1-60:9. The same

cannot be said here, where Uber seeks to elicit testimony from Plaintiff's date about how she agreed to meet at his apartment on their first date. This type of evidence feeds directly into the sexual stereotyping and innuendo that Rule 412 is designed to protect against. *See Doe v. Willits United School Dist.*, 2010 WL 2524587, at *2 (N.D. Cal. Jun. 23, 2010) (noting "the purpose of FRE 412 is 'to safeguard the alleged victim against the invasion of privacy, potential embarrassment and sexual stereotyping that is associated with public disclosure of intimate sexual details and the infusion of sexual innuendo into the factfinding process'") (quoting Fed. R. Evid. 412, advisory committee notes, 1994 amendment); *see also* Fed. R. Evid. 412, advisory committee notes, 1994 amendment (noting Rule 412 extends to evidence that does not directly refer to sexual activities or thoughts but may have a sexual connotation, e.g., victim's mode of dress, speech, or life-style).

Even if FRE 412 did not apply, the evidence is inadmissible under Rule 401 and 403 because it has zero probative value and raises the significant risk of the jury judging Ms. Dean on the moral value of her casual relationship with S.M.

## II. Recording of Plaintiff's phone call with S.M. should be excluded under Rule 403.

Uber seeks to admit a video recording of a call between Plaintiff, S.M., and others around November 16, 2023. *See* Ex. A at 59:11-60:2. The video depicts S.M. as he is mid-phone call with Plaintiff and two of her friends. *See* Video and transcript designated as Uber's Ex. D-04147 (Uber's transcript is attached as Ex. B).[2] This evidence is inadmissible under FRE 802, 401, and 403.

*First*, the video includes hearsay: out-of-court statements by S.M. and other participants (two of Plaintiff's friends). *Second*, the video lacks context and completeness, capturing only a fragment of the phone call. Conversations are dynamic, with questions and responses flowing from what came before. And, importantly, a discussion that may have started in discomfort and distress, may become more relaxed as the conversation progresses. A fragment of a phone call deprives the jury of this necessary context. *Third,* the video is confusing and misleading. Because S.M. is the only in frame, the voices of Jaylynn and her friends—distorted through a phone speaker—are at times indistinguishable. While Uber has produced a transcript of the video (*see* Ex. B), this

---

[2] Plaintiff is prepared to provide this video to the Court electronically or, alternatively, play relevant portions in court as needed.

1  document is unreliable as it is unclear how the transcriber was able to distinguish between the
2  parties to the call (as the video progresses, multiple voices interject and overlap).

3      *Fourth,* admission of the video highly prejudicial. It is undisputed that Ms. Dean was
4  drinking on the night of the incident, that she had engaged in consensual sex with S.M. before she
5  was raped by Mr. Turay, and that she immediately reported the rape to law enforcement. Insofar as
6  the video reflects any of this, it is unnecessarily cumulative. These facts are not disputed. Its
7  admission would, instead, confuse and mislead, suggesting incorrectly that S.M. had committed
8  wrongdoing and was under investigation by law enforcement. Indeed, S.M. is the *sole* focus of the
9  video, and he is shown pacing in his kitchen while expressing concerns about whether he would
10 get in trouble for anything that had occurred on the night Ms. Dean was raped. He presses Ms. Dean
11 about what she had told law enforcement about his role in her underage drinking (which was none),
12 and the participants discuss their views on criminal procedure and the need for S.M. to submit DNA
13 evidence. All of this shifts focus to S.M., calling into question *his conduct* on the night Ms. Dean
14 was raped, inviting the jury to judge his response and demeanor, insinuating that his concern was
15 a reflection of wrongdoing and that he may have been a suspect in the rape investigation to warrant
16 a DNA test (he was not). It is extremely prejudicial to lead the jury down this path. Probative value,
17 if any, is thus far outweighed by unfair prejudice. The video should be excluded. *See* Fed. R. Evid.
18 403.

## CONCLUSION

20     Plaintiff respectfully requests that the Court exclude the above portions of S.M.'s deposition
21 and the video recording.

22 Dated: January 19, 2026

Respectfully submitted,

By*: /s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By*: /s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

PL'S MOT. TO EXCLUDE PORTIONS OF UBER'S
DEPOSITION DESIGNATIONS OF S.M.
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 19, 2026                By:    */s/ Ellyn Hurd*
                                              Ellyn Hurd

-6-

PL'S MOT. TO EXCLUDE PORTIONS OF UBER'S
DEPOSITION DESIGNATIONS OF S.M.
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276