# EXHIBIT A

# PLAINTIFF'S MOTION TO EXCLUDE PORTIONS OF UBER'S DEPOSITION DESIGNATION OF S.M.

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 1

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

IN RE:  UBER TECHNOLOGIES, INC.,          )
PASSENGER SEXUAL ASSAULT                   )
LITIGATION,                                )
                                           )
_____)
                                           )  No.
This Document Relates to:                  )  3:23-md-03084-
Jaylynn Dean v. Uber Technologies,         )  CRB
Inc, et al., 3:23-cv-06708,                )
                                           )

        The videotaped deposition of S███
M███████, called by Uber Technologies, Inc., for
examination taken pursuant to the Federal Rules of
Civil Procedure of the United States District
Courts pertaining to the taking of depositions,
taken before Debra Lynn Schultz, CSR, taken via
Veritext Videoconference, on July 22, 2025, at 5:30
p.m. CST.

Job No. CS7491568

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 32

1      Q.   Do you recall how much time had passed
2   when you met Jaylynn through Bumble and then met
3   her in person?
4      A.   No.
5      Q.   Do you recall how many times that you saw
6   Jaylynn in person?
7      A.   Twice.
8      Q.   Do you remember when the first time that
9   you saw Jaylynn was in person?
10     A.   A week or two before the second.
11     Q.   And where did you meet her that first
12  time?
13     A.   My apartment.
14     Q.   Okay.  And when Jaylynn came to your
15  apartment that first time, was anyone else at the
16  apartment with you?
17     A.   No.
18     Q.   And what do you recall about that first
19  time that you met Jaylynn at your apartment?
20     A.   Truthfully, virtually nothing.  I forgot
21  really just about everything and kind of only
22  remember the second time because of all this.
23     Q.   I know I'm asking you questions from a
24  long time ago, so the best of your recollection.  I

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 35

1    A.   I think Bumble, maybe text.
2    Q.   And the first time that she came over to
3    your house or your apartment, was the address ▮▮▮
4    ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮?
5    A.   That sounds right.
6    Q.   And do you recall whether or not you had a
7    sexual relationship with Jaylynn the first time she
8    came over?
9    A.   Yes.
10   Q.   Do you recall whether you had vaginal
11   intercourse when she came over the first time to
12   your house?
13   A.   Yes.
14   Q.   Do you recall whether you had oral sex the
15   first time that she came over to your house?
16   A.   Yes.
17   Q.   Yes, you recall, or yes, you did?
18   A.   Yes to both.
19   Q.   And you said that the first time that she
20   came over was a week or two before the night that
21   that issue in her lawsuit against Uber?
22   A.   From what I remember, yes.
23   Q.   During that interim period of time for
24   the week or two in between the first and the

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 59

1     out-of-town.  That's what was happening.
2        Q.   And you said earlier that you recently
3     watched that video; correct?
4        A.   Yes.
5        Q.   And you agree that there's a portion of
6     the video where someone in the background says "not
7     a forensic."  Do you recall that portion of the
8     video?
9        A.   I have no recollection of that.
10       Q.   Bear with me one moment.  I'll pull up
11    that portion of the video:  All right.  I'm going
12    to pull up this video which I'll mark as Exhibit 2
13    to your deposition.
14             (Exhibit No. 2 was marked for
15              identification.)
16    BY MS. BLAKE:
17       Q.   Are you able to see this?
18       A.   Yes.
19       Q.   And this is -- I marked that earlier with
20    reference to Bates, but this is a Bates ending in
21    with five zeros and a two, and this is kind of
22    midway through this deposition I'm going to start
23    playing, and we'll stop when the individual says
24    "not a forensic."  Let me know if you can hear it

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 60

1       once I start playing it.
2                (Video is played.)
3       BY MS. BLAKE:
4           Q.   Did you hear that in the background,
5       Scott?
6           A.   No.
7           Q.   Were you able to hear it at all?
8           A.   No.  I don't know what you're talking
9       about to be honest with you.
10          Q.   Can you see yourself on the screen right
11      now?
12          A.   Yes.
13          Q.   Were you able to hear any audio?
14          A.   Yes.
15          Q.   Let me try to get it a little bit louder.
16          A.   I will say I watched this video just the
17      other day, and I didn't hear this at all.
18          Q.   He says it right at about 1:18, "not a
19      forensic."  That's why I'm going to back up and
20      play that again.  It's right before you say "I
21      understand how it works."
22               If you can't hear it, that's fine, but
23      there's a voice in the background that says "not a
24      forensic."

Veritext Legal Solutions
800-567-8658                                    973-410-4098

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES

Page 69

```
 1    STATE OF ILLINOIS )
                        ) SS:
 2    COUNTY OF LAKE    )
 3           I, Debra Lynn Schultz, CSR, do hereby
      certify that S▇▇▇ M▇▇▇▇▇ was duly sworn by me
 4    to testify the whole truth, and that the foregoing
      deposition was recorded stenographically by me via
 5    Veritext Videoconference and was reduced to
      computerized transcript under my direction, and
 6    that the said deposition constitutes a true record
      of the testimony given by said witness.
 7
             I further certify that the reading and
 8    signing of the deposition was not waived, and that
      the deposition was submitted to Ms. Rachel Abrams,
 9    plaintiff's counsel, for signature. Pursuant to
      Rule 30(e) of the Federal Rules of Procedure, if
10    deponent does not appear or read and sign the
      deposition within 30 days, the deposition may be
11    used as fully as though signed, and this
      certificate will then evidence such failure to
12    appear as the reason for signature not being
      obtained.
13
             I further certify that I am not a relative
14    or employee or attorney or counsel of any of the
      parties, or a relative or employee of such attorney
15    or counsel, or financially interested directly or
      indirectly in this action.
16
             IN WITNESS WHEREOF, I have hereunto set my
17    hand this 25th day of July, A.D. 2025.
18
             /s/ Debra Lynn Schultz, CSR
19
             Debra Lynn Schultz, CSR
20           Illinois CSR License 084-001307
21
22
23
24
```

Veritext Legal Solutions
800-567-8658                                      973-410-4098