Andrea S. Hirsch, Esq. GA Bar No. 666557
Brooke F. Cohen, Esq. TX Bar No. 24007019
COHEN HIRSCH, LP
5256 Peachtree Road, Suite 195-E
Atlanta, GA 30341
T: (678) 268-4683
andrea@cohenhirsch.com
brooke@cohenhirsch.com

*Counsel for Plaintiff*

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*C.B. 1244 v. Uber Technologies, Inc., et al.;*<br>*3:25-cv-07853-CRB* | MDL No. 3084 CRB<br><br>Honorable Charles R. Breyer<br><br>PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO31 AND SHOW CAUSE ORDERS<br><br>Date:        February 13, 2026<br>Time:       10:00 a.m.<br>Courtroom:  6 – 17th Floor |

## I.     INTRODUCTION

On January 6, 2026, Defendants filed a Motion to Dismiss the case of Plaintiff who allegedly failed to comply with Pretrial Order ("PTO") 31 (ECF 3877) and this Court's Show Cause Orders. (ECF 3876; ECF 3972). On January 12, 2026, Plaintiff C.B. 1244 ("Plaintiff") has fully complied with PTO 31 and the Show Cause Order by serving a detailed statement through MDL Centrality explaining that she is unable to locate the ride receipt, outlining the reasonable and diligent efforts she undertook to search for the receipt in both her email and the Uber application, and providing the reasons why, despite those efforts, the receipt could not be located. On October 7, 2025, Plaintiff also produced her Bank of America Advance Safe Balance banking financial information in connection with the Uber ride incident on September

18, 2023. Because Plaintiff has fully satisfied the obligations set forth in PTO 31 and this Court's Show Cause Order, Defendant's Motion should be Denied as to Plaintiff C.B. 1244.

## II.   ARGUMENT

**a.   *Plaintiff C.B. 1244 should not be dismissed.***

Defendant's Motion rests on the premise that listed Plaintiff has "failed to respond" to PTO 31 and the Court's Show Cause Orders and has therefore disobeyed court orders in a manner justifying dismissal under Federal Rule of Civil Procedure Rules 41(b), 37(b)(2). That premise is incorrect as to Plaintiff C.B. 1244.

As set forth in the introduction, Plaintiff has now complied with PTO 31 and the Court's Show Cause Order by: (1) serving a detailed statement through MDL Centrality explaining that she is unable to locate the ride receipt; (2) describing the reasonable and diligent efforts she undertook to search for the receipt in both her email and the Uber application; and (3) explaining why, despite those efforts, the receipt could not be located. Plaintiff also produced her Bank of America Advance Safe Balance banking financial information in connection with the Uber ride incident on September 18, 2023.  In other words, Plaintiff has done exactly what PTO 31 contemplates where a bona fide ride occurred but a receipt cannot be located despite good-faith efforts.

Moreover, Rules 41(b) and 37(b)(2) authorize dismissal only where a party has failed to obey a court order, and where the violation is attributable to the party's willfulness, bad faith, or fault. Here, there is no ongoing violation and no evidence of willful disobedience. Plaintiff has not ignored PTO 31 or the Show Cause Order; she has engaged with the process, provided a substantive explanation of her search for the receipt, and furnished all other required information and forms. Applying the harsh sanction of dismissal in these circumstances would be inconsistent with the very authorities Defendants invoke, which address parties who

persistently refuse to comply or submit fraudulent materials and not plaintiff who has provided a sworn, good-faith explanation and supporting documentation.

Therefore, Defendant's Motion to Dismiss should be denied as to Plaintiff C.B. 1244 because Plaintiff has complied with PTO 31 and this Court's Show Cause Orders.

### b. *Defendants' Failure To Meet and Confer With Plaintiff Provides An Independent Basis to Deny Dismissal of Plaintiff's Claims*.

Local Rule 37-1 requires parties to meet and confer in good faith before seeking judicial intervention on matters involving compliance with discovery or court-ordered obligations. (N.D. Cal.Civ.L.R. 37-1). Defendants made no effort to contact Plaintiff's counsel before filing their Motion, despite the fact that any questions regarding Plaintiff's compliance could have been readily addressed. Had Defendants engaged in even a minimal meet-and-confer process, they would have learned that Plaintiff was in the process of finalizing, and ultimately submitted on January 12, 2026, her detailed statement and signed Declaration.

Defendants instead proceeded with a global Motion that incorrectly classified Plaintiff as non-responsive while bypassing a procedural step designed to avoid unnecessary motion practice. Their failure to meet and confer stands in direct tension with the Local Rules and provides an additional basis to deny the Motion as to Plaintiff C.B. 1244.

### III. CONCLUSION

For the foregoing reasons, Plaintiff C.B. 1244 respectfully request that Defendant's Motion to Dismiss be denied, as Plaintiff is in full compliance with PTO 31, along with this Court's show cause orders and were not afforded the required meet and confer process.

Dated: January 20, 2026                    Respectfully submitted,

By: */s/ Andrea S. Hirsch*
Andrea S. Hirsch, Esq. GA Bar No. 666557
Brooke F. Cohen, Esq. TX Bar No. 24007019
**Cohen Hirsch, LP**

5256 Peachtree Road, Suite 195-E

3
PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO COMPLY WITH
PTO31 AND SHOW CAUSE ORDERS                                                    MDL No. 3084 CRB

Telephone: (678) 268-4683
Facsimile: (678) 669-1520
Email: andrea@cohenhirsch.com
brooke@cohenhirsch.com

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2026, I electronically transmitted the foregoing **PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO31 AND SHOW CAUSE ORDERS** to the Clerk's Office using the CM/ECF System for filing thereby transmitting a Notice of *Electronic* Filing to all CM/ECF registrants. Additionally, the foregoing was served on Defendants' counsel via email at: ubermdlservice@listserv.shb.com.

*/s/ Andrea S. Hirsch*
Andrea S. Hirsch