AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | | |
|---|---|---|
| Jaylynn Dean | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 23-cv-06708 |
| UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC | ) ) | |
| *Defendant* | ) | |

**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

To: LYFT, INC.
185 BERRY STREET, SUITE 400, SAN FRANCISCO, CA 94107

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: SEE ATTACHMENT A

| Place: Kirkland & Ellis LLP<br>555 California Street, 27th Floor<br>San Francisco, CA 94104 | Date and Time:<br>11/13/2025 5:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 11/03/2025

*CLERK OF COURT*

OR

_____        /s/ Laura Vartain Horn
*Signature of Clerk or Deputy Clerk*        *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC _____, who issues or requests this subpoena, are:

Laura Vartain Horn, 555 California Street, 27th Floor, San Francisco, CA 94104, laura.vartain@kirkland.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No. 23-cv-06708

# PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Lyft, Inc.
on *(date)* 11/03/2025.

☑ I served the subpoena by delivering a copy to the named person as follows: David Riskin, Williams & Connolly

on *(date)* 11/05/2025 ; or

☐ I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: 11/03/2025

/s/ Cohl Love
*Server's signature*

Cohl Love
*Printed name and title*

Kirkland & Ellis LLP
601 Lexington Ave.
New York, NY 10022

*Server's address*

Additional information regarding attempted service, etc.:

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# ATTACHMENT "A"

**DEFINITIONS FOR ATTACHMENT "A"**

The following definitions apply to each of the following instructions and requests for production and inspection:

1. "UBER" shall refer to Uber Technologies, Inc., Rasier, LLC, AND Rasier-CA, LLC collectively, AND their employees, agents, assigns, directors, officers, AND subsidiaries.

2. "ALL" AND "ANY" both INCLUDE "each" AND "every."

3. "COMMUNICATION(S)" means ANY AND ALL oral AND/OR written COMMUNICATIONS INCLUDING a telephone COMMUNICATION, memorandum, letter, e-mail, message, telegram, telex, AND ANY other instance in which information is transmitted from one PERSON to another through ANY means whatsoever.

4. "DOCUMENT" or "DOCUMENTS" refers to each and every writing or record, however produced or reproduced, whether draft or final, original or reproduction, paper or electronic, signed or unsigned, that is in YOUR possession, custody, or control or to which YOU otherwise have access, regardless of where located (e.g., paper, device, compact disk, computer disk and drive, etc.), INCLUDING any communication (INCLUDING all forms of information transference written, oral or electronic, INCLUDING meetings, conferences, conversations, discussions, proposals, solicitations, interviews, correspondence, text messages, all other electronic messages and notes, as well as memoranda and records of communications), correspondence, emails, electronic information, data, letters, cellphone data, screenshots, screen time data or information, location information, search histories, journals, photographs, tape recordings, video recordings, movies, other data compilations from which information can be obtained, all materials similar to any of the foregoing, and all other DOCUMENTS and things subject to production under the Federal Rules of Civil Procedure.

5. "DRIVER" shall mean Hassan Turay who may also be identified with the following information:

   (a) Email Addresses:

   - hassanturay@yahoo.com

1

UBER'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO LYFT, INC.
Case No. 3:23-md-03084-CRB (LJC)

- hassanturay730@gmail.com
- dianaturay.dt@gmail.com

    (b)    Phone Numbers:

- (602) 348-4520
- (602) 487-7447
- (623) 242-6429
- (602) 877-7447
- (623) 931-3875
- (623) 939-1540
- (703) 573-7950
- (602) 705-4356
- (202) 779-4926
- (447) 487-7447
- (480) 306-1356
- (623) 929-1540

    (c)    Residential Addresses:

- 12313 W Bloomfield Road, El Mirage, AZ 85335
- 8721 N 69th Avenue Apt. 130, Peoria, AZ 85345
- 8721 N 69th Avenue, Peoria, AZ 85345
- 604 W 8th Avenue Apt. 138, Mesa, AZ 85210
- 8721 N 69th Avenue Apt. 109, Peoria, AZ 85345
- 8721 N 69th Avenue Apt. 1, Peoria, AZ 85345
- 8721 N 69th Avenue Apt. 159, Peoria, AZ 85345
- 3729 N 69th Avenue #130, Peoria, AZ 85345
- 66 Northwood Drive Apt. 237, Atlanta, GA 30342
- 8512 Blue Rock Lane, Lorton, VA 22079

- 1123 E Apache Boulevard Apt. 226, Tempe, AZ 85281

6. "INCLUDING" or "INCLUDES" shall be interpreted so as to identify a non-exhaustive set of examples (i.e., "INCLUDING") and to expand the meaning or interpretation of a term or question rather than limit any request to the specified examples.

7. "LYFT PLATFORM" shall mean ANY application, database, electronic services, platform, portal, software, websites, OR other digital interface, INCLUDING all current and former versions, that are operated, managed, hosted, or controlled by YOU for the purposes of rendering the SERVICES.

8. "OR" AND "AND" shall INCLUDE AND/OR.

9. "ORGANIZED" shall mean booked, commissioned, managed, ordered, purchased, organized, OR otherwise arranged.

10. "PERSON" shall INCLUDE a natural PERSON, firm, association, organization, partnership, business trust, corporation, limited liability company, OR public entity.

11. "PLAINTIFF" shall mean Jaylynn Dean, who may also be identified with the following information:

    (a)    Email Addresses:

- jaylynnalayah@gmail.com

    (b)    Phone Numbers:

- (361) 827-0781
- (361) 827-0701
- (361) 837-0781
- (325) 271-5937
- (361) 361-8270
- (361) 655-4738

    (c)    Residential Addresses:

- 1812 Timberline Rd., Muskogee, OK 74403

3

UBER'S SUBPOENA FOR PRODUCTION OF DOCUMENTS TO LYFT, INC.
Case No. 3:23-md-03084-CRB (LJC)

- 409 Charlotte Dr., Port Lavaca, TX 77979
- 322c Zink Hall, Stillwater, OK 74077
- 2610 Keith St., Amarillo, TX 79110

12. "RELATE TO" or "RELATED TO" refers to constituting, comprising, concerning, containing, reflecting, setting forth, showing, disclosing, describing, explaining, summarizing, referring to, supporting, contradicting, proving, disproving, or tending to prove or disprove, directly or indirectly, in whole or in part, and should be given the broadest possible scope consistent with the discovery rules contained in the Federal Rules of Civil Procedure. These terms should be construed to apply not only communications concerning those events, either with or between YOU and third persons.

13. "REPORT" shall mean ANY COMMUNICATION submitted to YOU regardless of content, INCLUDING complaints, incident reports, feedback, comments, submissions, AND refund requests AND ANY subsequent COMMUNICATIONS RELATED TO such a COMMUNICATION by PLAINTIFF up until and following the outcome or resolution of ANY matter therein.

14. "RIDE" shall mean any trip facilitated by YOU OR YOUR SERVICES in any way, including trips for which YOU connected a rider to a driver for ANY transportation services.

15. "SERVICES" shall mean ANY AND ALL services provided by YOU, INCLUDING ANY automotive, car, delivery, driver matching, driver screening, drop-off/pick-up, rating & feedback, ride facilitation, ride-hailing, ride-matching, ride requesting, ridesharing, travel, AND ANY other transportation services and the creation and maintenance of ANY DOCUMENTS or records RELATED TO those services.

16. "WOMEN+ CONNECT" shall mean the feature on the LYFT PLATFORM referred to as Women+ Connect.

17. "YOU" AND "YOUR" shall mean, as applicable, Lyft, Inc., AND its subsidiaries, affiliates, divisions, OR laboratories, AND ANY of their respective agents, officers, employees, attorneys, OR representatives.

**INSTRUCTIONS FOR ATTACHMENT "A"**

The following instructions apply to all of the REQUESTS below and are incorporated into each

REQUEST below as if fully set forth therein.

1. YOU must respond to these REQUESTS in accordance and compliance with the Federal Rules of Civil Procedure and any other applicable state or federal law.

2. Each DOCUMENT and thing produced in response to the following REQUESTS shall be marked and organized so as to RELATE TO the DOCUMENT or thing to the specific REQUEST or REQUESTS that seek it.

3. Each REQUEST extends to all DOCUMENTS in YOUR possession, custody, or control, or the possession, custody, or control of anyone acting on YOUR behalf.

4. These requests encompass ALL DOCUMENTS, COMMUNICATIONS, AND evidence created, received, OR maintained from the creation of PLAINTIFF's and/or DRIVER's account with Lyft to the present.

**ATTACHMENT "A"**

**DUCES TECUM REQUESTS**

1. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY account belonging to PLAINTIFF on the LYFT PLATFORM.

2. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO PLAINTIFF's rider AND driver history on the LYFT PLATFORM.

3. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY RIDES (a) ORDERED by PLAINTIFF through OR (b) connected in ANY way to PLAINTIFF's account(s) on, the LYFT PLATFORM, whether or not those RIDES were taken, started, completed, or paid for, INCLUDING information RELATED TO the driver, location, route, date, timing, AND completion of EACH RIDE.

4. DOCUMENTS sufficient to show if PLAINTIFF activated or deactivated WOMEN+ CONNECT on any account on the LYFT PLATFORM AND the date(s) AND time(s) of when such activation(s) or deactivation(s) occurred.

5. DOCUMENTS sufficient to show for each RIDE associated with PLAINTIFF or PLAINTIFF's account(s) on the LYFT PLATFORM:

(a) whether the driver was male or female,

(b) whether WOMEN+ CONNECT was activate for that RIDE;

(c) whether the driver had a dashcam registered with YOU at the time of the RIDE, AND

(d) ANY comments, feedback, or ratings INCLUDING those provided by PLAINTIFF AND those provided by the driver.

6. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY REPORT made by PLAINTIFF.

7. DOCUMENTS sufficient to show: (a) the length of PLAINTIFF's history on the LYFT PLATFORM; (b) the number of RIDES taken by PLAINTIFF through the LYFT PLATFORM; AND (c) PLAINTIFF's overall star-rating both on [DATE OF THE ALLEGED INCIDENT] and currently.

8. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY account belonging to DRIVER on the LYFT PLATFORM.

9. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO DRIVER's rider AND driver history on the LYFT PLATFORM.

10. DOCUMENTS sufficient to show: (a) the length of DRIVER's history working as a driver through the LYFT PLATFORM; (b) the number of RIDES completed by DRIVER through the LYFT PLATFORM; (c) DRIVER's overall star-rating both on [DATE OF THE ALLEGED INCIDENT] AND currently; AND (d) for each RIDE associated with DRIVER or DRIVER's account(s) on the LYFT PLATFORM, ANY comments, feedback, or ratings INCLUDING those provided by DRIVER AND those provided by the rider.

11. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY RIDES (a) accepted, carried out, completed, driven, OR otherwise performed by DRIVER through, OR (b) connected in ANY way to DRIVER's account(s) on, the LYFT PLATFORM, whether or not those RIDES were taken, started, completed, OR paid for, INCLUDING information RELATED TO the rider, location, route, date, timing, and completion of the RIDE.

12. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY REPORT made by DRIVER.

13. ANY AND ALL DOCUMENTS, COMMUNICATIONS, AND evidence RELATING TO ANY dashcam registered by DRIVER with YOU.

| | |
|---|---|
| DATED: November 3, 2025 | By: */s/ Laura Vartain Horn* <br> Laura Vartain Horn (SBN 258485) <br> **KIRKLAND & ELLIS LLP** <br> 555 California Street, Suite 2700 <br> San Francisco, CA 94104 <br> Telephone: (415) 439-1625 <br> laura.vartain@kirkland.com <br><br> Jessica Davidson (Admitted *Pro Hac Vice*) <br> Christopher D. Cox (Admitted *Pro Hac Vice*) <br> **KIRKLAND & ELLIS LLP** <br> 601 Lexington Avenue <br> New York, NY 10022 <br> Telephone: (212) 446-4800 <br> jessica.davidson@kirkland.com <br> christopher.cox@kirkland.com <br><br> Allison M. Brown (Admitted *Pro Hac Vice)* <br> **KIRKLAND & ELLIS LLP** <br> 2005 Market Street, Suite 1000 <br> Philadelphia, PA 19103 <br> Telephone: (215) 268-5000 <br> alli.brown@kirkland.com <br><br> *Attorneys for Defendants* <br> UBER TECHNOLOGIES, INC., RASIER, LLC, And RASIER-CA, LLC |