1  [Submitting counsel below]

2                     **UNITED STATES DISTRICT COURT**

3                     **NORTHERN DISTRICT OF CALIFORNIA**

4                            **SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO QUASH ADDITIONAL DEPOSITION OF KRISTEN ZGOBA** |
| This Document Relates to: | |
| *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | Judge:   Hon. Charles R. Breyer |
| | Courtroom:   6 – 17th Floor |

                      **UNITED STATES DISTRICT COURT**

                              **DISTRICT OF ARIZONA**

                                **PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN, | CASE NO. 25-cv-4276-PHX-CRB |
| Plaintiff, | Judge:   Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

---

DEFENDANTS' MOTION TO QUASH ADDITIONAL DEPOSITION OF DR. KRISTEN ZGOBA
Case No. 3:23-md-03084-CRB

**TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:**

Please take notice that on January 20, 2026, or a date and time to be set by the Court, before the Honorable Charles R. Breyer in Courtroom No. 501 of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix, AZ 85003-2118, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"), by and through their undersigned counsel, will and hereby do move the Court for an order to quash Plaintiff's noticed deposition of Dr. Kristen Zgoba. Dr. Zgoba has already been deposed once. Plaintiff had the opportunity to depose Dr. Zgoba again prior to trial and elected not to do so. Requiring Dr. Zgoba to appear for a deposition during trial is highly prejudicial to Uber.

This Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the pleadings, papers, and records filed in this action, and such further arguments and matters as may be offered at the time of the hearing of this Motion.

Dated: January 20, 2026

**KIRKLAND & ELLIS LLP**

By: */s/ Laura Vartain Horn*

*Counsel for Uber*

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **INTRODUCTION**

On December 2, 2025, Plaintiff issued a Supplemental Report of Dr. John Chandler and Amended Report of Lacey Keller. On December 23, 2025 Judge Cisneros ordered to file any expert rebuttal reports responding to Dr. Chandler and Ms. Keller by January 2, 2026. Three days before that rebuttal deadline, on January 2, 2026, Plaintiff asked Uber for deposition times for Uber's anticipated rebuttal experts on January 9, 2026. (Ex. 1 at 4.) Defendants responded within hours, offering deposition times on January 9, 2026 for Dr. Victoria Stodden and Dr. Kristen Zgoba. (*Id.*)

Both Dr. Stodden and Dr. Zgoba issued prior expert reports and previously sat for depositions in this litigation. Dr. Zgoba is a criminologist who intends to testify about the profile of a sexual assault offender, the relative risk of taking an Uber, and the appropriateness of Uber's taxonomy and deterrence efforts. While her January 2, 2026, report responds to the Supplemental Report of Dr. John Chandler and Amended Report of Lacey Keller, it addresses similar issues to her prior report responding to Dr. Veronique Valliere.

Uber issued timely rebuttal reports by Dr. Stodden and Dr. Zgoba on January 2, 2026. Shortly after receiving Dr. Zgoba's report, Plaintiff informed Defendants' counsel, "We are not going to take Dr. Zgoba's deposition next week but reserve our right to do so before she is called at trial." (Ex. 1 at 2.) Defendants' counsel responded: "We are not going to put Dr. Zgoba up for a deposition during trial. If you want to depose her, we need to do that before trial begins. We will assume you do not want to depose her unless we hear otherwise by Monday." (Ex. 1 at 1.) Plaintiff never responded to this correspondence. Rather than depose her, Plaintiff moved to strike her report. Judge Cisneros denied the motion on January 13, 2026 (ECF 4990).

Pursuant to Magistrate Judge Cisneros' December 23, 2025, order (ECF 4788), Uber issued rebuttal reports for Dr. Stodden and Dr. Zgoba on January 2, 2026. Shortly after receipt of Dr. Zgoba's report, Plaintiff informed Defendants' counsel, "We are not going to take Dr. Zgoba's deposition next week but reserve our right to do so before she is called at trial." (Ex. 1 at 2.) Defendants' counsel responded: "We are not going to put Dr. Zgoba up for a deposition during trial. If you want to depose

1

her, we need to do that before trial begins. We will assume you do not want to depose her unless we hear otherwise by Monday." (Ex. 1 at 1.) Plaintiff's counsel never informed Defendants of their intent to take Dr. Zgoba's deposition.

Plaintiff did not reraise the issue of Dr. Zgoba's deposition until the conclusion of the first week of trial, after Dr. Valliere—one of the experts to whom Dr. Zgoba responds—had already testified. They issued a notice on Monday, January 19, 2026, for a January 21, 2026 at 1 p.m. MT (Ex. 2), at which time that Dr. Zgoba is currently teaching class.

Plaintiff's Deposition Notice is improper and highly prejudicial to Uber.

## II.   STATEMENT OF THE ISSUE TO BE DECIDED

Should Plaintiff be allowed to notice an additional deposition during trial for an Uber expert witness when Plaintiff had the opportunity to depose her prior to trial and elected not to do so?

## III.  ARGUMENT

Parties must obtain leave of Court in order to depose a witness who has already been deposed in a case, Fed. R. Civ. P. 30(a)(2)(A)(ii), and whether to grant leave to conduct a further deposition is within the Court's discretion, *United Food Grp., LLC v. Cargill, Inc.*, No. CV 11-7752 SS, 2014 WL 12925562, at *2 (C.D. Cal. Oct. 27, 2014). The Court should deny such leave if: "(i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed R. Civ. P. 26(b)(2)(C). Here, Plaintiff has not sought leave to re-depose Dr. Zgoba, Plaintiff had ample opportunity to depose her prior to trial, and a mid-trial deposition would be highly disruptive to Uber. Accordingly, the Deposition Notice should be quashed.

Plaintiff failed to seek leave of Court to re-depose Dr. Zgoba and had "ample opportunity" to depose her before trial. On December 30, 2025, Uber informed Plaintiff that it would issue a rebuttal report by Dr. Zgoba, and that she would be available for deposition on the date Plaintiff requested, January 9, 2026. (Ex. 1. at 2.) Plaintiff also knew that she would receive Dr. Zgoba's rebuttal report

1  by January 2, 2026, pursuant to Magistrate Judge Cisneros' December 23, 2025, order. (ECF 4788.)
2  But rather than promptly scheduling Dr. Zgoba's deposition, Plaintiff waited until she received that
3  report and then notified Uber that she did not plan to move forward with Dr. Zgoba's deposition the
4  following week (the week before trial was set to begin). (Ex. 1 at 1.) And she simply ignored Uber's
5  subsequent request that Plaintiff take any deposition before trial began on January 13. Plaintiff waited
6  19 days, until January 19, 2026 (after the trial testimony of Dr. Valliere, one of the experts to whom
7  Dr. Zgoba responds), to notice Dr. Zgoba's deposition for just two days later—in the middle of trial
8  and at a time when Dr. Zgoba is teaching class.

9     There is no justification for Plaintiff's lack of diligence, and no basis to disrupt Uber's trial
10 efforts with a deposition that Plaintiff had ample opportunity to conduct before trial. Plaintiff could
11 have noticed Dr. Zgoba's deposition as early as December 30, 2025, and taken her deposition as early
12 as January 9—prior to trial and the date Plaintiff specifically requested. Plaintiff elected not to do so
13 and instead waited *20 days*—until January 19, 2026—to notice a mid-trial deposition. Plaintiff
14 offered no explanation for failing to notice the deposition in a timely manner; on the contrary, Plaintiff
15 appears to have made a tactical choice to move to strike Dr. Zgoba's report rather than depose her.
16 *See e.g.*, *Phipps v. Adams*, No. 3:11-CV-147-GPM-DGW, 2012 WL 3074047, at *2 (S.D. Ill. July
17 30, 2012) (granting motion to quash deposition, and "agree[ing] with Defendants that Plaintiff waited
18 in this case until the eleventh hour before the close of discovery to determine that it needed another
19 deposition" of the witness). Judge Cisnero's denial of Plaintiff's motion to strike does not justify
20 Plaintiff's failure to exercise diligence before trial.

21    Allowing Plaintiff to proceed with Dr. Zgoba's deposition in the middle of trial would only
22 reward her lack of diligence and prejudice Uber. Despite making Dr. Zgoba available for a deposition
23 prior to trial, Uber's counsel would now be required to divert substantial resources from trial to
24 prepare for and defend Dr. Zgoba's deposition. Plaintiff should not be allowed to use her own
25 inexcusable delay tactic to impose this burdensome disruption on Uber. *See Rickman v. Moore*, No.
26 7:16-CV-00025-O, 2016 WL 9559817, at *2 (N.D. Tex. Aug. 3, 2016) (granting motion to quash
27 deposition and noting courts "have ruled that two weeks is reasonable notice, but a week or less is
28

not reasonable notice").

## IV. CONCLUSION

For the foregoing reasons, the Court should quash Plaintiff's Notice of Deposition for Dr. Zgoba.

DATED: January 20, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

## PROOF OF SERVICE

I hereby certify that on January 20, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ Laura Vartain Horn

Laura Vartain Horn