Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street, Austin, TX 78701
Telephone: (512) 355-4390
kim.bueno@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC,
And RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>ALL ACTIONS | Case No. 3:23-md-03084-CRB (LJC)<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER LLC AND RASIER-CA, LLC'S RESPONSE TO PLAINTIFF'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER ANOTHER PARTY'S MATERIALS SHOULD BE FILED UNDER SEAL [RE JOINT DISCOVERY LETTER BRIEF REGARDING STODDEN AND ZGOBA REBUTTAL REPORTS]**<br><br>Judge:      Hon. Lisa J. Cisneros<br>Courtroom:  G – 15th Floor |

Pursuant to Northern District of California Civil Local Rules 7-11 and 79-5, Defendants Uber Technologies Inc., Rasier LLC and Rasier-CA, LLC (collectively, "Uber") respectfully submit this Response to Plaintiff's Administrative Motion to Consider Whether Another Party's Materials Should Be Filed Under Seal [re Joint Discovery Letter Brief Regarding Stodden and Zgoba Rebuttal Reports] (ECF 4983). For the reasons set forth herein, good cause exists to seal the redacted versions of the following Exhibits:

| Document | Description | Party Claiming Confidentiality |
|---|---|---|
| Exhibit 1 to Declaration of Alexandra Caritis in Support of the Administrative Motion to Seal | Supplemental Expert Rebuttal Report of Victorian Stodden, Ph.D. ("Stodden Supplemental Rebuttal Report") | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |
| Exhibit 2 to Caritis Declaration | Rebuttal Expert Report of Kristen M. Zgoba, Ph.D. ("Zgoba Rebuttal Report") | Uber Technologies Inc.; Rasier LLC; Rasier-CA, LLC |

## I.   LEGAL STANDARD

Documents attached to non-dispositive motions that are not directly relevant to the merits of a case are properly sealed when the moving party makes "a particularized showing under the good cause standard of Rule 26(c)" of the Federal Rules of Civil Procedure. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (citations and quotations omitted); *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016). Rule 26 provides that good cause may exist "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" Fed. R. Civ. P. 26(c)(1). In addition to establishing good cause, a party moving to seal documents must explain "why a less restrictive alternative to sealing is not sufficient" and ensure that the request is "narrowly tailored to seal only the sealable material." Civ. L.R. 79-5(c)(1)(iii), (c)(3).

## II.   ARGUMENT

Good cause exists for redacting the requested portions of the Exhibits. The Exhibits at issue relate

not to a dispositive motion, but to a motion to strike two expert reports as improper rebuttal.[1] This motion to seal therefore only needs to meet the less exacting "good cause" standard under Rule 26(c).

The Stodden Supplemental Rebuttal Report and the Zgoba Rebuttal Report contain quotations and descriptions of confidential internal Uber documents and data. Because these two reports rebut the Corrected Supplemental Report of John Chandler, Ph.D. and the Updated Expert Report of Lacey R. Keller, much of what Uber seeks to seal is the same information that Uber previously sought to seal in connection with its pending 12/30/25 Administrative Motion to Seal Exhibits 1 and 2 to the Joint Letter Regarding the Corrected Supplemental Report of John Chandler, Ph.D. and the Updated Expert Report of Lacey R. Keller (ECF 4844). Release of the redacted materials described below to Uber's competitors and the public would result in competitive harm to Uber, which outweighs the public interest in disclosure here.

<u>Redactions Concerning Uber's S-RAD Technology</u>. Both the Stodden Supplemental Rebuttal Report and the Zgoba Rebuttal Report contain specific details concerning Uber's confidential and proprietary trip-matching safety assessment technology called Safety Risk Assessment Dispatch, or S-RAD. *See generally* 11/24/25 Declaration of Sunny Wong ("Wong Decl.") (ECF 4470-35)[2]; *see also* ECF 4844 (seeking to seal similar information in the Corrected Supplemental Report of John Chandler, Ph.D. and the Updated Expert Report of Lacey R. Keller). The Stodden Supplemental Rebuttal Report includes descriptions of the specific variables that are programmed into the S-RAD technology, as well as the inputs and data points utilized by the technology, and information about how those inputs are incorporated into the S-RAD score. *See* Ex. 1, Stodden Supplemental Rebuttal Report ¶¶ 10.f; 39; 49 & n. 91-92; 49.a-b; 50; 51 & n. 106; 52; 53 & n. 114; 54 & nn. 116-119; Tables 1A, 1B, and 1C; Figure 4. The Stodden Supplemental Rebuttal Report also includes additional details about how the S-RAD technology works, including the particular thresholds and triggers used, evaluations of S-RAD's effectiveness, and reasons

---

[1] "Consistent with our precedent, we make clear that public access to filed motions and their attachments does not merely depend on whether the motion is technically 'dispositive.' Rather, public access will turn on whether the motion is more than tangentially related to the merits of a case. While many technically nondispositive motions will fail this test, some will pass." *Ctr. for Auto Safety*, 809 F.3d at 1101 (internal footnote omitted). Here, the motion to strike—which addresses whether the rebuttal reports were improper—is only tangentially related to the merits of this case.

[2] The November 24 Wong Declaration was submitted in connection with Uber's Motion to Seal expert materials filed in connection with the parties' *Daubert* motions.

and internal business rationales for certain design decisions related to S-RAD. *See id.* ¶¶ 49 & nn. 94-95; 49.b & n. 97; 50 & nn. 101-105; 55 & nn. 122-123; 56 & nn. 126; 129-130; 57; 58 & n. 135; 59 & nn.137-138; Figure 5. Finally, the Stodden Supplemental Rebuttal Report includes information about the bellwether-specific S-RAD scores. ¶¶ 52 & n. 112; Appendix E. The Zgoba Rebuttal Report discusses an internal Uber statistic related to the effectiveness of S-RAD. Ex. 2, Zgoba Rebuttal Report at 10.

Details concerning S-RAD are kept confidential, even within Uber. Wong Decl. ¶ 7. Indeed, Plaintiffs' own experts have noted that, until very recently, Uber kept even the very existence of S-RAD confidential. Chandler Rep. ¶ 159 (ECF 4470-8) (S-RAD "considered confidential"); Valliere Rep. at 21 (ECF 4470-22) ("Uber disclosed S-RAD to the public for the first time in August 2025 in response to the *New York Times* article"); Keller Dep. 151:16-21 (ECF 4470-18) ("Uber has chosen to do a number of things behind closed doors, including developing the S-RAD program … but they have told the public nothing about that"). Its existence was disclosed only recently in connection with this and related litigation, including via a leak of the sealed JCCP summary judgment opposition materials to the *New York Times* in violation of the Protective Order. *See* 10/22/25 JCCP Order Granting Uber's Motion to Enforce the Protective Order (ECF 4470-34). Moreover, Uber's investment of time and resources in developing and refining the S-RAD technology has been significant. Wong Decl. ¶ 7.

Disclosure of the details concerning S-RAD would cause competitive harm to Uber by allowing its competitors to use that information to Uber's competitive disadvantage and to potentially reverse-engineer the S-RAD technology for their own use. *Id.* ¶¶ 8-10; *see E. W. Bank v. Shanker*, No. 20-cv-07364-WHO, 2021 WL 3112452, at *17 (N.D. Cal. July 22, 2021) (granting motion to seal "proprietary, confidential, and trade secret information, which if made public, would harm [party's] business by, e.g., allowing competitors to replicate [party's] development of [its digital banking service] without expending the resources it invested") (citation omitted); *Finjan, Inc. v. Proofpoint, Inc.*, No. 13-cv-05808-HSG, 2016 WL 7911651, at *4 (N.D. Cal. Apr. 6, 2016) (sealing information when "there could be a risk that competitors would reproduce or recreate features of Defendants' products") (citation omitted); *Ashcraft v. Welk Resort Grp., Corp.*, No. 2:16-cv-02978-JAD-NJK, 2019 WL 12518367, at *2 (D. Nev. Sept. 26, 2019) (sealing information that "a competitor could [use to] reverse-engineer" Experian's systems); *Exeltis USA Inc. v. First Databank, Inc.*, No. 17-cv-04810-HSG, 2020 WL 2838812, at *2 (N.D. Cal. June

1, 2020) (granting motion to seal when "public release of these documents could give non-party competitors an unfair advantage in the development or marketing of rival products") (citation omitted); *CertainTeed Gypsum, Inc. v. Pac. Coast Bldg. Prods., Inc.*, No. 19-CV-00802-LHK, 2021 WL 6621061, at *2 (N.D. Cal. Dec. 13, 2021) (granting motion to seal "company's internal report about the efficacy of the company's products" because it "is a 'compilation of information which is used in [the company's] business' and gives the company 'an opportunity to obtain an advantage over competitors who do not know or use it'") (citations omitted); *Kowalsky v. Hewlett-Packard Co.*, No. 5:10-cv-02176-LHK, 2012 WL 892427, at *4 (N.D. Cal. Mar. 14, 2012) (granting motion to seal information concerning party's "product testing, development, and evaluation processes"); *Williams v. Apple, Inc.*, No. 19-CV-04700-LHK, 2021 WL 2476916, at *4 (N.D. Cal. June 17, 2021) (granting motion to seal "exhibits that comprise internal Apple documents on iCloud's development and technical metrics").

Release of the information could also allow users of the Uber platform or other individuals to take steps to undermine or circumvent S-RAD's effectiveness. *See, e.g.*, *Ashcraft*, 2019 WL 12518367, at *2 (sealing information that "identity thieves could use [ ] to develop methods to circumvent Experian's protections") (internal footnote omitted); *Campbell v. Facebook, Inc.*, No. 13-cv-05996-PJH (MEJ), 2015 WL 12965295, at *2 (N.D. Cal. Oct. 15, 2015) (finding good cause to seal documents that could cause Facebook competitive harm and compromise the technology of the products, harming Facebook and Facebook's end users).

<u>Data re Reports of Sexual Assault/Sexual Misconduct.</u> The Stodden Supplemental Rebuttal Report includes some of the same raw data (as well as calculations using that data) from Uber's internal systems, in particular, Uber's Flack system, that Uber sought to seal in connection with the Updated Keller Report and Chandler Supplement. ECF 4844; *see also* 11/24/25 Brown Decl. ¶ 19 (ECF 4470-36) (discussing similar raw data in original Keller and Chandler reports). Uber seeks to seal this same and similar raw data that Dr. Stodden needed to address in rebutting Drs. Keller and Chandler. *See* Ex. 1, Stodden Supplemental Rebuttal Report ¶¶ 10.a; 13 & nn. 9-10; 15.a-c; 19; 21; 23; 27; 36-37; 60; 65-67; Figures 3A, 3B, 6-7, 10, 13-14; Table 3.

As Uber previously explained, certain top-level raw data (total annual counts of sexual assault and sexual misconduct reports) from Uber's internal systems have been made public through the JCCP trial,

as well as prior to that via a leak of sealed JCCP records to the *New York Times* in violation of the Protective Order in that proceeding. Uber is therefore not seeking to seal any of its raw top-level annual data. However, data concerning the breakdown of those top-line numbers into taxonomy categories has not been made public and has instead been kept confidential within Uber. Moreover, these category data (which were produced from Uber's Flack system) are particularly sensitive, because the data reflect not merely how the reports come into Uber or how a human decisionmaker would classify them, but also the logic employed by the Flack system to choose a dominant category and eliminate duplication. The release of this data to Uber's competitors would provide them with insight that they could leverage in competing with Uber.

Importantly, after the top-line annual data in the sealed JCCP records were leaked to a reporter and published in the *Times*, Consumer Attorneys of California ("CAOC"), a plaintiffs' counsel advocacy group with which certain Plaintiffs' counsel in this case are affiliated, launched "a robust ad campaign" seeking to leverage the *Times*' reporting on the leaked information. *See CAOC Launches New Campaign: Every 8 Minutes*, J. Gossett, CAOC News (ECF 4498-5). The initial version of the ad falsely attributed to the *New York Times* a statistic that "[a] sexual crime was reported to Uber almost every eight minutes." Fournier Decl. ¶ 20 (ECF 4470-1). After Uber sent a cease-and-desist letter, the ad was revised to omit that particular false claim. The ad continues to misleadingly conflate Uber's receipt of a report of sexual misconduct or assault with silencing victims, by claiming "every eight minutes Uber tries to silence victims." *Id.* The willingness of the CAOC—which has officers and members that represent Plaintiffs' counsel here—to make these false and misleading statements supports sealing the non-top-level data that is still confidential so as to protect Uber from further libelous statements and further potential contamination of the juror pool. *See Kamakana*, 447 F.3d at 1179 ("'compelling reasons' sufficient to outweigh the public's interest in disclosure and justify sealing court records exist when such 'court files might have become a vehicle for improper purposes,' such as the use of records to … circulate libelous statements") (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

* * * * *

In addition, Uber is not seeking to seal the full Stodden Supplemental Rebuttal Report and Zgoba Rebuttal Report (or even all portions of the reports citing Uber's internal documents), but only to redact

5

limited excerpts that relate to Uber's sensitive business strategies, operations, and data. *Impossible Foods Inc., v. Impossible, LLC*, No. 5:21-cv-02419-BLF, 2025 WL 638350, at *4 (N.D. Cal. Feb. 27, 2025) ("Since IF's proposed redactions leave unredacted the material relevant to the Parties' dispute, the Court also finds that IF's proposed redactions are narrowly tailored"). Moreover, to the extent information was already made public in connection with the JCCP trial and other proceedings, Uber is also not seeking to protect that information. Thus, Uber's approach is the least restrictive alternative, and is narrowly tailored to protect Uber's competitive and other interests.

      Accordingly, good cause exists for the Court to redact the Exhibits as described above. Uber therefore respectfully requests that the Court order that the redacted Exhibits be maintained on the docket under seal.

| | |
|---|---|
| DATED: January 20, 2026 | Respectfully submitted, |
| | */s/ Laura Vartain Horn* |
| | Laura Vartain Horn (SBN 258485) |
| | **KIRKLAND & ELLIS LLP** |
| | 555 California Street, Suite 2700 |
| | San Francisco, CA 94104 |
| | Telephone: (415) 439-1625 |
| | laura.vartain@kirkland.com |
| | |
| | Allison M. Brown (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 2005 Market Street, Suite 1000 |
| | Philadelphia, PA 19103 |
| | Telephone: (215) 268-5000 |
| | alli.brown@kirkland.com |
| | |
| | Jessica Davidson (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 601 Lexington Avenue |
| | New York, NY 10022 |
| | Telephone: (212) 446-4800 |
| | jessica.davidson@kirkland.com |
| | |
| | Kim Bueno (Admitted *Pro Hac Vice*) |
| | **KIRKLAND & ELLIS LLP** |
| | 401 W. 4th Street, Austin, TX 78701 |
| | Telephone: (512) 355-4390 |
| | kim.bueno@kirkland.com |
| | |
| | *Attorneys for Defendants* |
| | UBER TECHNOLOGIES, INC., |
| | RASIER,LLC, And RASIER-CA, LLC |