WARREN METLITZKY (CA Bar No. 220758)
CONRAD | METLITZKY | KANE LLP
217 Leidesdorff Street
San Francisco, CA 94111
Tel:    (415) 343-7100
Fax:    (415) 343-7101
Email: wmetlitzky@conmetkane.com

DAVID RANDALL J. RISKIN (*pro hac vice*)
WILLIAMS & CONNOLLY LLP
680 Maine Ave., S.W.
Washington, DC 20024
Tel:    (202) 434-5000
Fax:    (202) 434-5029
Email:  bstewart@wc.com
Email:  driskin@wc.com

Attorneys for Lyft, Inc.

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC)<br><br>**LYFT INC.'S RESPONSE TO PLAINTIFFS' COUNSEL'S SO-CALLED "AMENDED DECLARATION"**<br><br>Judge:  The Honorable Lisa J. Cisneros<br>Courtroom:  H—15th Floor |

Under the guise of a so-called "amended declaration," counsel adds argument to Plaintiffs' pending motion to compel third party Lyft (ECF 5003)—nearly a week after the motion was fully briefed, having provided no prior notice it would be filed, and running up Lyft's costs through irrelevant and incorrect assertions. At the risk of spilling a few more bytes, a brief response is warranted.

Plaintiffs contend the fact that Lyft produced a few documents in response to a November 2025 Uber subpoena in the *Jaylynn Dean* case means Lyft should be obligated to produce (irrelevant) documents in response to Plaintiffs' subpoenas in *other* cases. But one is not the others.

1    Plaintiffs suggest that Lyft's response to Uber's subpoena is inconsistent with Lyft's argument now that "Plaintiffs' request is untimely and sought after the close of fact discovery." But this misunderstands Lyft's position. Plaintiffs' subpoenas seek irrelevant information, and the fact Plaintiffs waited until *after* the close of fact discovery to compel responses to them forecloses the relief they seek at the threshold. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Had Plaintiffs sought *relevant* information, or moved *during* fact discovery, circumstances may have been different.[1] That they did neither, however, is dispositive.

Plaintiffs' counsel intimates the "amended declaration" is appropriate because counsel "just learned," on January 15, 2026, that Uber served a subpoena on Lyft. But two paragraphs later, the declaration concedes "[t]he first notice Plaintiffs received that any subpoena has been issued to Lyft was … on December 30, 2025." So, by counsel's admission, the amended declaration is improper.

Plaintiffs' remaining complaints are addressed to Uber; they cannot serve as reason for Lyft to provide documents. Plaintiffs say "Lyft produced documents specific to Jaylynn Dean to Uber, only." But it is standard litigation fare to provide materials to the party who served a subpoena; that party, then, would produce such documents in the action. Plaintiffs also assert that "[i]n violation of Rule 45, Uber did not provide notice to Plaintiffs of the subpoena issued to Lyft," but that, too, is irrelevant to the dispute between Lyft and Plaintiffs. (Also, notably, the declaration is silent as to whether *Plaintiffs' counsel* provided notice of Plaintiffs' subpoenas to Uber before serving Lyft.)

Thus, nothing in the "amended declaration" changes Plaintiffs' lack of diligence in pursuing their subpoenas against Lyft—or the fact the subpoenas demand irrelevant information.

---

[1] As for Uber's subpoena, Lyft produced limited documents in response to a few relevant topics; the subpoena seeks a far-broader set of material than Lyft provided, however. (Nor, at the time Lyft responded, was it aware of the discovery schedule in *Dean*.)

| | | |
|---|---|---|
| 1 | DATED: January 21, 2026 | Respectfully submitted, |

**CONRAD | METLITZKY | KANE LLP**

_____

WARREN METLITZKY

**WILLIAMS & CONNOLLY LLP**

DAVID RANDALL J. RISKIN

*Attorneys for Lyft, Inc.*