ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jane Doe NLG 2 (S.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08707-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5**<br><br>Date:      February 13, 2026<br>Time:     10:00 a.m.<br>Courtroom:   6 – 17th Floor |

*Jane Doe NLG 3 (B.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08732-CRB

*Jane Doe NLG 2 (J.H.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08736-CRB

*Jane Doe NLG (V.S.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08757-CRB

*Jane Doe NLG 3 (P.L.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08865-CRB

*Jane Doe NLG (M.S.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09006-CRB

*Jane Doe NLG (A.B.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09180-CRB

*Jane Doe NLG (M.O.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09181-CRB

*Jane Doe NLG (R.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09182-CRB

*Jane Doe NLG (K.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09184

*Jane Doe NLG (J.R.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09186-CRB

*Jane Doe NLG (T.J.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09193-CRB

*Jane Doe NLG (C.P.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09194-CRB

*Jane Doe NLG (R.M) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09197-CRB

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

*Jane Doe NLG (A.G.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09205-CRB

*Jane Doe NLG (C.B.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09213-CRB

*Jane Doe NLG (G.Z.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09315-CRB

*Jane Roe CL 223 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09393-CRB

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion to Dismiss Cases for Failure to Comply with PTO 5 (ECF 4854), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") established that certain Plaintiffs had failed to produce a bona fide ride receipt or ride information form despite this Court's order directing them to do so months ago. ECF 175 at 2-3. These Plaintiffs' violation of the Court's order impairs Uber's ability to defend itself in this MDL and prepare for trial. *See Computer Task Group, Inc. v. Brody,* 364 F.3d 1112, 1116 (9th Cir. 2004). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed *with* prejudice under similar circumstances. *See* ECF 4854 at 2 (citing cases). Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp.* v. *Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).

In response to Uber's Motion to Dismiss, nine Plaintiffs[1] argue that they have now filed either a ride receipt or ride information form and should therefore be removed from the Motion to Dismiss, which Uber does not oppose. That leaves nine Plaintiffs that remain in violation of this Court's order, all represented by the Nachawati Law Group (NLG). These Plaintiffs argue that Uber was required to meet and confer before filing its motion, but they are wrong. *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.*, No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). They also raise various excuses for their admitted non-compliance and request more time to comply with the Court's order. ECF 5002 at 4. But Plaintiffs have already had significant time to comply, have been warned of the consequences of non-compliance, and their continued failure to provide receipts or ride information forms prejudices Uber and harms this Court's orderly administration of justice. In light of this, no less dramatic sanction would be effective, and dismissal is an appropriate remedy. *See, e.g.*, *Jackson v. United States,* 116 F.3d 484, 484 (9th Cir. 1997).

---

[1] Jane Doe NLG 3 (P.L.), Jane Doe NLG (C.P.), Jane Doe NLG (A.G.), Jane Doe NLG (T.J.), Jane Doe NLG (R.R.), Jane Doe NLG 3 (B.G.), Jane Doe NLG (K.G.), Jane Doe NLG (G.Z.).and Jane Doe CL 223.

1
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

# ARGUMENT

**A. Uber withdraws its motion as to the Plaintiffs who have belatedly produced ride receipts or information forms.**

Eight NLG Plaintiffs argue that they have now submitted ride receipts or ride information forms and that Uber's Motion should be denied as moot. ECF 5002 at 4. Plaintiff Jane Roe CL 223 makes the same argument. ECF 5001. Uber has confirmed that these Plaintiffs have in fact belatedly produced ride receipts or ride information forms. Plaintiffs have not offered any excuse for their late submissions, and Uber should not have to incur the costs to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' submissions. (Uber submits a revised proposed order reflecting the Plaintiffs and cases that remain subject to this Motion for this Court's convenience.) Uber reserves the right to seek an award of sanctions, including recovery of its reasonable attorneys' fees and costs, as against Plaintiffs or counsel, for continued disregard of this Court's orders.

**B. Uber was not required to meet and confer before filing the Rule 37 motion.**

In their response, the NLG Plaintiffs argue that Uber should have met and conferred with them before filing its motion. ECF 5002 at 5. But a meet and confer was not required. Under the plain language of Local Rule 37-1, the meet-and-confer requirement applies only to "a motion to resolve a disclosure or discovery dispute." L.R. 37-1(a). And courts have been clear that "a motion relating to sanctions pursuant to Rule 37," such as Uber's present Motion, is "not a discovery motion." *Endurance Am. Specialty Ins. Co.,* 2011 WL 4841285, at *3. Accordingly, there is "no obligation to meet and confer… before bringing [a] motion for sanctions." *Johnson v. Williams,* No. 2:20-cv-01835, 2025 WL 2401323, at *2 (D. Nev. Aug. 1, 2025). In fact, the Ninth Circuit has held that any local rule requiring a conference prior to imposition of sanctions under Rule 37 would be inconsistent with that rule and therefore unenforceable. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Moreover, it is difficult to understand what there would have been for Uber and the Plaintiffs to meet and confer about. **This Court** set the deadline Plaintiffs have disregarded, and Uber cannot give them permission to ignore Court orders. *In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL

2

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

1056552, at *3 (N.D. Cal. March 19, 2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or not."); *Brown v. Wescott*, No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013) ("The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements.").

**C. Plaintiffs' failure to comply with this Court's ride receipt deadline cannot be excused just because they are difficult to reach or because other Plaintiffs have complied.**

The NLG Plaintiffs also argue that their non-compliance should be excused because counsel has diligently tried to contact them to obtain a ride receipt or information form but has not been successful:

> We have been engaged to represent these women, were provided with information about their case and contact information but have lost communication or have been unable to reach the Plaintiffs, despite our best efforts. These efforts include numerous phone calls, emails, texts, letters, and/or address searches . . . Simply put, while we have made every effort to reach these Plaintiffs to obtain a bona fide ride receipt or required ride information, we have not received any indication that these clients are actually aware that they have failed to comply with the Court's Order. What we do know is that our process of reestablishing contact and communication with clients has been effective in many instances, and it is clear that these Plaintiffs are resurfacing over time and through the different contact methods we are using.

ECF 5002 at 4-5. Plaintiffs cite no legal authority in support of this argument, and in fact the Ninth Circuit has recognized that "difficulty in locating clients" or "inability to communicate" with them are not adequate excuses for the failure to comply with a court order. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig. (In re PPA)*, 460 F.3d 1217, 1233 & 1242 (9th Cir. 2006). After all, Plaintiffs' court-ordered obligations "stem[] from the plaintiffs' own choice to file mass-joinder cases." *Id.* at 1233. By choosing to file litigation, Plaintiffs have agreed to take on the burdens of compliance with court orders, which are by their nature sometimes personally challenging," but regardless, "compliance is not optional." *Capolupo v. Ellis,* No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

NLG also complains that it "has already decreased the number of Plaintiffs with missing information and/or documents in a majority of cases that this issue has been raised," seemingly arguing that the nine Plaintiffs at issue here do not need to comply with this Court's Orders because other

3
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

1  Plaintiffs have. ECF 5002 at 7. But each of these Plaintiffs has brought "fundamentally separate
2  actions," even though they may share attorneys, and they have separate obligations to comply with
3  Court orders. *In re Korean Air Lines Co., Ltd.*, 642 F.3d 685, 700 (9th Cir. 2011). Plaintiffs have
4  individual discovery obligations and cannot take advantage of being in an MDL to avoid them. *See*
5  *Sanchez v. Autozone, Inc.*, No. 14-cv-1347, 2018 WL 6137165, at *5 (C.D. Cal. March 27, 2018) The fact
6  that some *other* NLG Plaintiffs have submitted ride receipts does not excuse the failure of the NLG
7  Plaintiffs at issue here to comply with this Court's order to timely submit a ride receipt or information
8  sheet, any more than the fact that other plaintiffs in other cases have complied with other court orders.
9  As the Court put it in *Holley v. Gilead Sciences, Inc*., MDLs "are not class actions. You have 1,000
10 clients, roughly. You have 1,000 clients with 1,000 individual cases. You're going to have to litigate
11 a thousand individual cases. There it is. That's a burden you willingly accepted because you thought
12 it was a good strategy and, because you're a profit-making enterprise, you thought you would make
13 more money that way, I guess." No. C-18-6972 JST (N.D. Cal. Jan. 21, 2021), Tr. at 12:13-24.

14 Notwithstanding these proffered justifications for flouting this Court's orders, the Court still
15 has a heavy interest in managing its own docket and safeguarding the public's interest in expeditious
16 resolution of this litigation, and these factors militate in favor of dismissal.

17 **D. Uber has been prejudiced by Plaintiffs' failure to timely submit a ride receipt or information form.**
18

19 Plaintiffs contend that their failure to comply with this Court's Order to timely submit a ride
20 receipt does not "impair Uber's ability to go to trial because the only further case-specific discovery
21 that will take place is in those cases set for bellwether trials." ECF 5002 at 8. Plaintiffs argue that
22 Defendants' reliance on *In re PPA* is misplaced because, in that case, the failure to submit a PFS
23 prevented other discovery deadlines from being triggered, but the court in *PPA* did not rely on that
24 fact at all. Rather, the court stated that "[f]ailing to produce documents as ordered is considered
25 sufficient prejudice" and "[t]he law also presumes prejudice from unreasonable delay." *PPA*, 460 F.3d
26 at 1227. The *PPA* Court further recognized the risk that "[f]ailure to produce information without a
27 good reason increases the risk of prejudice from unavailability of witnesses and loss of records." *Id.*
28

1  at 1234. The same is true here. Not only has each Plaintiff's failure to provide a bona fide ride receipt
2  directly prejudiced Uber's ability to initially select bellwether cases, it has also prejudiced Uber's
3  overall ability to defend itself given the absence of substantive information about the individual
4  plaintiffs or their injuries outside the allegations of the complaint. *See In re Bextra & Celebrex Mktg.*
5  *Sales Pracs. & Prods. Liab. Litig.* (*In re Bextra*), No. 05-CV-01699CRB, 2007 WL 136625, at *1
6  (N.D. Cal. Jan. 12, 2007) (Breyer, J.). And Uber will also have to contend with the danger that evidence
7  and memory will be lost with the Plaintiffs' delay in submitting their bona fide receipt and ride
8  information form. *Id.* The prejudice to Uber is particularly acute given that it must prepare to defend
9  thousands of cases in a short time frame. *See In re Guidant Corp. Implantable Defibrillators Prods.*
10 *Liab., Litig (In re Guidant)*, 496 F.3d 863, 867 (8th Cir. 2007). By failing to timely submit information
11 that should be readily available to them, Plaintiffs are unfairly, and now knowingly, depriving Uber
12 of time it needs to prepare its defenses in this complex litigation.

   Indeed, the ride receipts that Plaintiffs were ordered to produce are necessary to provide the most basic information about where and when the alleged incidents occurred. Uber needs time to meaningfully follow up on this information and incorporate it into its litigation strategy. *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997). This is especially true in this multidistrict litigation where Uber faces "time pressure" to investigate over 2,800 claims. *In re Guidant,* 496 F.3d at 867. And Uber has also been prejudiced by the increased costs and burdens of litigation from having to repeatedly remind Plaintiffs of their Court-ordered obligation to produce this basic information, monitoring productions for thousands of plaintiffs, preparing Notices of Delinquency, and engaging in motion practice. *See Mendia v. Garcia*, No. 3:10-cv-3910, 2017 WL 6210603, at *12 (N.D. Cal. May 31, 2017) (dismissing case because Plaintiff's inaction had drawn out the proceedings, placed unnecessary burdens on Defendants and the Court, and prevented the parties from engaging in meaningful settlement negotiations). Given this prejudice, dismissal is warranted.

   **E. No less drastic sanction would be effective.**

   Plaintiffs argue that this Court should choose a less drastic measure in response to their non-compliance, such as allowing "additional time to reach these Plaintiffs." ECF 5002 at 10. But, of

5

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

1  course, giving Plaintiffs additional time to comply would not be a sanction at all, but merely a
2  capitulation to their ongoing non-compliance. And courts need not exhaust every possible alternative
3  before ordering dismissal. *Henderson* v. *Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Indeed, courts
4  in this Circuit have recognized that dismissal is an appropriate remedy where a party has previously
5  been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d
6  at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989); *Hilton v. Pagani
7  Worldwide LLC,* No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. April 16, 2020). And
8  Uber is not even requesting dismissal *with* prejudice—a sanction that MDL courts have repeatedly
9  found warranted in light of noncompliance. *E.g.*, *In re Bextra*, 2007 WL 136625, at *2; *In re Gen.
10 Motors LLC Ignition Switch Litig.*, No. 14-MD-2543 (JMF), 2019 WL 12048517 (S.D.N.Y. Sept. 9,
11 2019), at *2. These orders are regularly affirmed on appeal. *E.g.*, *In re PPA*, 460 F.3d at 1232–34; *In
12 re Taxotere (Docetaxel) Prods. Liab. Litig. (In re Taxotere)*, 966 F.3d 351 (5th Cir. 2020); *In re
13 Guidant*, 496 F.3d at 865–66. What Uber is seeking—dismissal *without* prejudice—is, in fact, a less
14 drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended
15 permission to ignore the Court's order to submit a ride receipt, which would be contrary to law and
16 highly prejudicial to Uber.

### CONCLUSION

Plaintiffs have still not complied with the Court's Order to submit a bona fide ride receipt or information form, despite many months to do so and repeated warnings of the consequences for non-compliance. Plaintiffs' Oppositions raise procedural and substantive objections, but none of them change the basic facts. Plaintiffs' excuses are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these Plaintiffs' claims without prejudice.

Dated: January 21, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**

6
DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB

| | |
|---|---|
| 1 | |
| 2 | 2121 Avenue of the Stars, Suite 1400 |
| | Los Angeles, CA 90067 |
| 3 | Telephone: (424) 285-8330 |
| | Facsimile: (424) 204-9093 |
| 4 | |
| | *Attorney for Defendants* |
| 5 | UBER TECHNOLOGIES, INC., |
| | RASIER, LLC, and RASIER-CA, LLC |

DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 5

Case No. 3:23-MD-3084-CRB