[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' MOTION FOR MISTRIAL, OR IN THE ALTERNATIVE TO STRIKE IMPROPER EVIDENCE AND TESTIMONY REGARDING JENNIFER CHASE**<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor<br><br>Date Filed: January 22, 2026<br><br>Trial Date: January 13, 2026 |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN,<br><br>     Plaintiff,<br><br>v. UBER TECHNOLOGIES, INC., et al.,<br><br>     Defendants | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:     Hon. Charles R. Breyer<br>Courtroom: 501 |

DEFENDANTS' MOTION TO STRIKE
CASE NO. 3:23-md-03084-CRB

1  LAURA VARTAIN HORN (SBN: 258485)
   laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
   555 California Street, 30th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1625
4
   Kim Bueno (Pro Hac Vice admitted)
5  **KIRKLAND & ELLIS LLP**
   kim.bueno@kirkland.com
6  401 W. 4th St.
   Austin, TX 78701
7  Telephone: (512) 355-4390

8  Allison M. Brown (Pro Hac Vice admitted)
   **KIRKLAND & ELLIS LLP**
9  alli.brown@kirkland.com
   2005 Market Street, Suite 1000
10 Philadelphia, PA 19103
   Telephone: (215) 268-5000
11
   JESSICA DAVIDSON (Pro Hac Vice admitted)
12 **KIRKLAND & ELLIS LLP**
   jessica.davidson@kirkland.com
13 601 Lexington Avenue
   New York, NY 10022
14 Telephone: (212) 446-4723

15 SABRINA H. STRONG (SBN: 200292)
       sstrong@omm.com
16 JONATHAN SCHNELLER (SBN: 291288)
       jschneller@omm.com
17 **O'MELVENY & MYERS LLP**
   400 South Hope Street, 19th Floor
18 Los Angeles, CA 90071
   Telephone: (213) 430-6000
19 Facsimile: (213) 430-6407

20 PATRICK L. OOT, JR. (*Pro Hac Vice* admitted)
       oot@shb.com
21 **SHOOK, HARDY & BACON, LLP**
   1800 K Street NW, 10th Floor
22 Washington, DC 20006
   Telephone: (202) 783-8400
23 Facsimile: (202) 783-4211

24 ALYCIA A. DEGEN (SBN: 211350)
       adegen@shb.com
25 MICHAEL B. SHORTNACY (SBN: 277035)
       mshortnacy@shb.com
26 2121 Avenue of the Stars, Suite 1400
   Los Angeles, CA 90067
27 Telephone: (424) 285-8330
   Facsimile: (424) 204-9093
28

CHRISTOPHER V. COTTON (*Pro Hac Vice* admitted)
ccotton@shb.com
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

Counsel for Defendants
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**I.     Introduction**

Plaintiff's examination of Uber Trust and Safety Team Lead Ally Cissna violated Rule 26(a)(1)(A)(i) and replaced proper courtroom demeanor with cynical theatrics in the presence of the jury, handicapping Uber's ability to defend itself fairly at trial and highly prejudicing the company's defense. All of this destroyed any possibility of a fair trial, meriting a mistrial.  The Court denied Uber's mistrial motion with respect to Plaintiff's counsel's dramatic and highly prejudicial representation that a former Uber user who lodged repeated fraudulent complaints including against Mr. Turay (the driver in this case) was present in the courtroom with her daughter, and that she was a victim of domestic violence (purportedly following Mr. Turay's supposed flirtation with her). Nonetheless, the Court stated that it would hear argument on Plaintiff's discovery violation at a later point.  Tr. 1267:18-1268:13.  Uber respectfully renews its motion for a mistrial on that ground as well. As set forth below, Plaintiff violated her obligation to disclose the rider—Jennifer Chase—as an individual likely to have information on which Plaintiff would rely to support her claims. That failure requires, at a minimum, exclusion of Plaintiff's re-cross of Ms. Cissna regarding Ms. Chase, and that sandbagging has fatally compromised this proceeding's fairness.  While surprise courtroom appearances and supposedly "bombshell" evidence are the stuff of television dramas, they have no place in actual courtrooms, which require proper disclosures to avoid surprise or prejudice. This Court has already limited Uber's presentation at trial in multiple respects based on the Magistrate Judge's interpretation of Rule 26 in this regard (including with respect to rebuttal experts who *were* timely disclosed), making the courtroom surprise and non-disclosure all the more egregious.

At a minimum, and in the alternative, although it will not fully cure the gross prejudice here, the Court should strike the entirety of Plaintiff's improper line of re-cross questioning about Ms. Chase, including the exhibit purportedly obtained from her.

## II. Argument

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to affirmatively disclose—regardless of any discovery—"each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(i). The requirement "was adopted to end . . . trial-by-ambush." *Standley v. Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015). That goal is reinforced by the requirement that a party "supplement . . . its disclosure . . . in a timely manner if the party learns that in some material respect the disclosure is . . . incomplete." Fed. R. Civ. P. 26(e)(1)(A).

Plaintiff squarely violated that disclosure obligation. Yesterday's questioning leaves no room for doubt that Plaintiff believed Ms. Chase was "likely to have discoverable information" that Plaintiff would "use to support [her] claims." For example, Plaintiff introduced a January 18, 2026 "print out from an Uber account" purportedly obtained from Ms. Chase in an effort to suggest that Ms. Chase's deactivated account had been reactivated after her fraudulent complaint against Mr. Turay. *See* Tr. 1205:13–15. This evidence was offered to "support [Plaintiff's] claims"—its sole function was to rehabilitate the validity of Ms. Chase's complaint against Mr. Turay and thus support Plaintiff's contention that Uber had notice that Mr. Turay posed a risk of sexual assault and misconduct.

Such evidence does not remotely fall within the exception to the Rule 26(a)(1)(A)(i) disclosure obligation for impeachment evidence. Impeachment evidence goes to "whether the factfinder ought to believe one witness rather than other and conflicting witnesses"; it can prove "only that the declarant lacks credibility." *Urooj v. Holder*, 734 F.3d 1075, 1078 (9th Cir. 2013) (cleaned up). The asserted reactivation of Ms. Chase's account had nothing to do with Ms. Cissna's credibility or reliability as a witness—Ms. Cissna's direct testimony about Ms. Chase

simply described Ms. Chase's submission of verbatim complaints against Mr. Turay and three others in a short span and her deactivation for support abuse shortly thereafter.  Tr. 1181:3-1182:6.  Ms. Chase's asserted reactivation does not undermine the credibility of that testimony—it simply asks the jury to draw a competing inference about whether Ms. Chase's complaint against Mr. Turay was in fact fraudulent.  Such evidence is not impeachment but "substantive evidence"—evidence "offered to establish the truth of a matter to be determined by the trier of fact." *Standley*, 783 F.3d at 1282.  *See also Klonoski v. Mahlab*, 156 F.3d 255, 257 (1st Cir. 1998) (new trial was warranted where defense engaged in "trial by ambush" by cross-examining witness about previously undisclosed and inflammatory letters attacking plaintiff as a "tyrant as a husband and a liar"; when "undisclosed evidence is introduced at a key point in the trial, it would be unrealistic to say that it had no effect on the jury's determination as to liability"); *Putman v. Mgmt. & Training Corp.*, 2009 WL 10669155, at *2-3 (W.D. Tex. Aug. 18, 2009) (granting new trial in racial discrimination case because plaintiff testified for the first time at trial, without proper disclosure under the federal rules, that she had heard her supervisor use a highly pejorative term for African Americans on multiple occasions; this "constituted unfair surprise and trial by ambush such that it deprived the Defendant of a fair trial").

Although she has intended for at least several days to use evidence obtained from Ms. Chase to bolster her notice theory, Plaintiff did not supplement her Rule 26(a)(1)(A)(i) disclosures to identify Ms. Chase as possessing relevant, discoverable, non-impeachment evidence.  Instead, she furtively coordinated with Ms. Chase to spring yet another trial ambush on Uber—exactly the sort of prejudicial surprise that Rule 26(a)(1)(A)(i) is designed to prevent.

Under Rule 37(c)(1), exclusion of such undisclosed evidence is "automatic and mandatory . . . unless Plaintiff's nondisclosure was justified or harmless." *Merchant Transaction Sys. Inc. v. Nelcela, Inc.*, 2009 WL 2355807, at *4 (D. Ariz. 2009); *see also Yeti by Molly, Ltd. v. Deckers*

*Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  There is no conceivable justification for Plaintiff's failure to disclose Ms. Chase as a potential witness, nor was that nondisclosure harmless.  Plaintiff clouded a clear case of fraudulent user conduct with baseless innuendo, Tr. 1204:4–6, insinuated that the compliment Ms. Chase fraudulently accused Mr. Turay of giving her led her boyfriend to commit domestic violence against her, and accused Uber of denigrating a domestic violence survivor.  And Plaintiff's nondisclosure prevented Uber from promptly and thoroughly discrediting that baseless and incredibly prejudicial questioning and innuendo.

Unfortunately, this was not the first prejudicial incident at trial. Both on its own and in combination with Plaintiff's prior presentation of undisclosed and prejudicial evidence to the jury, Plaintiff's questioning regarding Ms. Chase has compromised this proceeding's fairness and requires a mistrial.  There is only so much the jury can be asked to put out of its mind.  The Court has already instructed the jury to disregard Plaintiff counsel's prejudicial assertion that Ms. Chase was in the courtroom with her daughter, Tr. 1204:4–6—a stunt plainly crafted to bolster, with no evidence, Ms. Chase's sincerity in her grievance against Mr. Turay (and Uber), *see* Tr. 1212:25-1213:03 ("do you really think that a person made up these kinds of allegations about domestic violence or about what happened in the ride with Mr. Turay?  Do you really think someone like that would be present?").  The Court has also ordered the striking of several portions of Dr. Minette Drumwright's undisclosed and highly prejudicial expert testimony that Uber's approach to safety has not changed since controversial former CEO Travis Kalanick's 2017 departure due to a "sticky" corporate culture, and that Uber has "targeted" Hispanic riders in Phoenix with its marketing, and will have to issue a curative instruction effectuating that ruling as well.  Uber should not have to defend this case in the hopes that the jury can unring three highly prejudicial bells—particularly when all three were rung (in the first six days of trial) by Plaintiff counsel's calculated and improper tactics.

Only a mistrial can protect the integrity of this bellwether case and send a clear message that the Court will not tolerate trial-by-ambush in this MDL. *See United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) (mistrial warranted where "a cautionary instruction is unlikely to cure the prejudicial effect of an error").

Dated: January 22, 2026                             **KIRKLAND & ELLIS LLP**

By: <u>/s/ *Laura Vartain Horn*</u>

        **KIRKLAND & ELLIS LLP**
        LAURA VARTAIN HORN
        KIM BUENO
        ALLISON M. BROWN
        JESSICA DAVIDSON

        **O'MELVENY & MYERS LLP**
        SABRINA H. STRONG
        JONATHAN SCHNELLER

        *Counsel for Defendants*