[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| This Document Relates to: *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OBJECTION TO PLAINTIFF'S PROPOSED JURY INSTRUCTIONS REGARDING ADVICE OF COUNSEL DEFENSE AND PROPOSED INSTRUCTION**<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>         Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>         Defendants. | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   501 |

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTIONS**

Plaintiff's "curative instruction" seeks to "cure" a supposed problem of her own making by ordering jurors to ignore relevant and proper evidence to which *she* opened the door. Plaintiff questioned Rebecca Payne about Uber's legal considerations in evaluating the implementation of safety measures, eliciting testimony that business personnel considered the potential for litigation exposure in previously deciding not to implement a gender-matching program that would allow female riders to choose female drivers. Having affirmatively solicited this testimony and presented it to the jury, Plaintiff has injected this evidence into the case. Nonetheless, she now seeks to prejudice Uber with proposed jury instructions that would bar the jury from considering any evidence, or drawing any inference, that legal risks informed Uber's decision-making as to whether to adopt safety measures. There is no legal basis for such an instruction.

*First*, there is no legitimate reason to bar the jury from considering evidence and issues that Plaintiff herself injected into the case. Prior to trial, Plaintiff filed a motion *in limine* to "exclude argument or evidence that Uber was Legally Prohibited or Constrained from Implementing Safety Measures." ECF 4688 at 24. In her motion, Plaintiff sought to exclude legal considerations about, among other things, "woman-to-woman matching." *Id.* The Court did not provide a ruling on this motion *in limine*. *See* ECF 4941; Pretrial Tr. 77:5-77:25. Contrary to her own motion, Plaintiff then injected Uber personnel's consideration of potential legal risks into trial by affirmatively selecting and playing deposition testimony from Ms. Payne on this issue. Notably, in the testimony Plaintiff played for the jury, Ms. Payne did not affirmatively volunteer information regarding Uber's consideration of potential legal issues; rather, Plaintiff's counsel specifically elicited the testimony with her questioning. *See* Exhibit A (Q: The legal folks at Uber was – were claiming there was a significant legal risk associated with a female-matching option, right? A: The legal team provided inputs, that was discussions with counsel."). Having questioned a witness before the jury about Uber's consideration of legal risks, Plaintiff has now opened the door to testimony explaining that Ms. Payne and other business personnel believed that there was a possibility of future lawsuits challenging gender matching as discriminatory and took that into account. By contrast, Uber does *not* intend to offer

1

testimony that gender matching was not implemented at any point because counsel advised the Company not to do so. This distinction matters.

***Second***, Plaintiff's suggestion that evidence regarding Uber's consideration of legal issues in evaluating safety measures cannot be considered by the jury without waiving privilege as to Uber's communications with its counsel is baseless. Plaintiff appears to take the position that, if the jury is allowed to consider Uber personnel's weighing of legal considerations in deciding to implement safety measures, it would waive privilege as to Uber's communications with counsel by putting communications from counsel at issue in this case, or by raising an "advice of counsel" defense. Both assertions are false.

Arizona law provides that an implied waiver of privilege applies only where three elements are satisfied: "(1) [t]he assertion of the privilege was the result of some affirmative act, such as filing suit or raising an affirmative defense, by the asserting party"; "(2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case"; and "(3) application of the privilege would have denied the opposing party access to information vital to his defense." *See Robert W. Baird & Co. Inc. v. Whitten*, 244 Ariz. 121, 125, 418 P.3d 894, 898 (Ct. App. 2017) (cleaned up). None of these elements applies here. As set forth above, Uber did not engage in an "affirmative act" that put privileged communications at issue—Plaintiff has. In addition, evidence related to Uber's personnel's consideration of potential legal issues in evaluating safety measures does not put privileged communications ***with counsel*** at issue. Uber has not argued, and does not intend to argue, that it was advised by legal counsel that it should not implement certain safety measures because they would create the potential for legal liability. Thus, no privileged communications are actually at issue. Instead, Uber is permitted to present evidence that its business personnel considered the possibility of future lawsuits challenging gender-matching in weighing the costs and benefits of implementing the program. *See State Farm Mut. Auto. Ins. Co. v. Lee*, 13 P.3d 1169, 1183 (Ariz. 2000) ("Merely conferring with counsel, and acting on that advice, does not impliedly waive privilege—waiver requires something more, such as a defense based on reasonable, good faith reliance that the law permitted certain conduct, and thus negated scienter."). Nor is privileged information "vital" to

allow Plaintiff to respond to any evidence or arguments presented by Uber. Because Uber personnel do not claim to have relied on any legal advice from counsel to form a subjective belief that certain safety measures may have legal implications, Uber's communications with counsel are irrelevant to the case.

For these same reasons, testimony or evidence that Uber's business personnel considered the possibility for legal risks does not constitute an "advice of counsel" defense. An advice of counsel defense applies where "1) [the defendant] placed all the relevant facts known to him before his counsel 2) counsel rendered an opinion on the propriety of a particular course of action 3) he believed that the opinion was rendered in good faith, and 4) in reasonable reliance upon that opinion he engaged in a course of action which corresponded with his counsel's opinion." *State v. Workum*, No. 1 CA-CR 17-0306, 2020 WL 207058, at *5 (Ariz. Ct. App. Jan. 14, 2020) (assuming without deciding that defense exists under Arizona law). As explained above, at no point has Uber argued, nor will it argue, that it is not liable because it placed information regarding proposed safety measures before its counsel and counsel provided a legal opinion about those measures on which Uber relied in making decisions. As a result, the "advice of counsel" defense is not at issue in any way in this case.

***Third***, and finally, if the Court is nonetheless inclined to provide any instruction to the jury regarding Uber's consideration of potential legal risks in evaluating safety measures, such an instruction should be clear and simple, clarifying for the jury that Uber is not taking the position that it relied on the advice of counsel in not adopting certain safety measures, without incorrectly (and prejudicially) barring the jury from considering whether Uber business personnel subjectively considered possible legal ramifications with evaluating such changes. The below instruction accomplishes that goal:

**Proposed Instruction**:

> You have heard evidence through the testimony of Rebecca Payne and others that Uber considered potential legal and regulatory risks when evaluating whether and when to introduce certain safety features.
>
> Uber is not relying on specific legal advice from its lawyers as a basis for establishing the reasonableness of its conduct. You should not speculate about the content of any communications between Uber and its attorneys, which is not evidence in this case.

You may consider, however, evidence of legal or regulatory risk, including the risk of litigation, as part of Uber's business decision-making and in evaluating the reasonableness of those decisions.

This instruction is easy to understand and is sufficient to explain the relevance of the testimony Plaintiff has injected into the case without barring the jury from considering relevant and admissible facts and evidence to which she opened the door.

## CONCLUSION

For the foregoing reasons, the Court should refuse to adopt Plaintiff's proposed jury instruction and, if the Court believes any instruction is necessary, adopt Uber's proposed instruction.

DATED: January 22, 2026                                Respectfully submitted,

*/s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,

|    |                                         |
|----|-----------------------------------------|
| 1  | RASIER, LLC, and RASIER-CA, LLC         |
| 2  |                                         |
| 3  |                                         |
| 4  |                                         |
| 5  |                                         |
| 6  |                                         |
| 7  |                                         |
| 8  |                                         |
| 9  |                                         |
| 10 |                                         |
| 11 |                                         |
| 12 |                                         |
| 13 |                                         |
| 14 |                                         |
| 15 |                                         |
| 16 |                                         |
| 17 |                                         |
| 18 |                                         |
| 19 |                                         |
| 20 |                                         |
| 21 |                                         |
| 22 |                                         |
| 23 |                                         |
| 24 |                                         |
| 25 |                                         |
| 26 |                                         |
| 27 |                                         |
| 28 |                                         |

5

DEFENDANTS' OBJECTION TO PLAINTIFF'S PROPOSED JURY                           CASE NO. 3:23-MD-03084-
INSTRUCTIONS REGARDING ADVICE OF COUNSEL DEFENSE                             CRB / 25-CV-4276-PHX-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on January 22, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

                                                                          */s/ Laura Vartain Horn*
                                                                          Laura Vartain Horn