[Submitting counsel below]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING MOTION FOR MISTRIAL**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor<br><br>Date Filed: January 22, 2026<br><br>Trial Date: January 13, 2026 |

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>Plaintiff,<br><br>v. UBER TECHNOLOGIES, INC., et al.,<br><br>Defendants | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 501 |

1   LAURA VARTAIN HORN (SBN: 258485)
    laura.vartain@kirkland.com
2   **KIRKLAND & ELLIS LLP**
    555 California Street, 30th Floor
3   San Francisco, CA 94104
    Telephone: (415) 439-1625
4
    Kim Bueno (Pro Hac Vice admitted)
5   **KIRKLAND & ELLIS LLP**
    kim.bueno@kirkland.com
6   401 W. 4th St.
    Austin, TX 78701
7   Telephone: (512) 355-4390

8   Allison M. Brown (Pro Hac Vice admitted)
    **KIRKLAND & ELLIS LLP**
9   alli.brown@kirkland.com
    2005 Market Street, Suite 1000
10  Philadelphia, PA 19103
    Telephone: (215) 268-5000
11
    JESSICA DAVIDSON (Pro Hac Vice admitted)
12  **KIRKLAND & ELLIS LLP**
    jessica.davidson@kirkland.com
13  601 Lexington Avenue
    New York, NY 10022
14  Telephone: (212) 446-4723

15
    SABRINA H. STRONG (SBN: 200292)
16  sstrong@omm.com
    JONATHAN SCHNELLER (SBN: 291288)
17  jschneller@omm.com
    **O'MELVENY & MYERS LLP**
18  400 South Hope Street, 19th Floor
    Los Angeles, CA 90071
19  Telephone: (213) 430-6000
    Facsimile: (213) 430-6407
20
    PATRICK L. OOT, JR. (Pro Hac Vice admitted)
21  oot@shb.com
22  **SHOOK, HARDY & BACON, LLP**
    1800 K Street NW, 10th Floor
23  Washington, DC 20006
    Telephone: (202) 783-8400
24  Facsimile: (202) 783-4211

25
    ALYCIA A. DEGEN (SBN: 211350)
26  adegen@shb.com
    MICHAEL B. SHORTNACY (SBN: 277035)
27  mshortnacy@shb.com
    2121 Avenue of the Stars, Suite 1400
28  Los Angeles, CA 90067

1  Telephone: (424) 285-8330
   Facsimile: (424) 204-9093
2
3  CHRISTOPHER V. COTTON (Pro Hac Vice admitted)
   ccotton@shb.com
4  255 Grand Boulevard
   Kansas City, MO 64108
5  Telephone: (816) 474-6550
   Facsimile: (816) 421-5547
6
7  Counsel for Defendants
   UBER TECHNOLOGIES, INC.,
8  RASIER, LLC, and RASIER-CA, LLC

## I.     INTRODUCTION

Uber respectfully moves for reconsideration of the Court's order denying its oral motion for mistrial. Reconsideration is merited under Local Rule 7.2(g) because the Court did not have the opportunity to consider all the relevant facts and law given the exigencies of the situation–i.e., Uber was sandbagged with new evidence and did not have sufficient opportunity to marshal all the relevant facts and law prior to its oral motion. Federal courts frequently entertain written mistrial motions within a reasonable time after a violation occurs, precisely for this reason. *See, e.g.*, *United States v. Noryian*, 2022 WL 17813153, at *1 (N.D. Tex. Dec. 19, 2022) (written motion followed oral motion); *United States v. Carpenter*, 2013 WL 6631139, at *2 (E.D. Mich. Dec. 17, 2013) (ordering same).

As set forth more fully below, Plaintiff's examination of Uber Trust and Safety Team Lead Ally Cissna violated Rule 26(a)(1)(A)(i) and replaced proper courtroom demeanor with cynical theatrics in the presence of the jury, handicapping Uber's ability to defend itself fairly at trial and highly prejudicing the company's defense. All of this destroyed any possibility of a fair trial, meriting a mistrial.

Yesterday, Plaintiff's counsel made a dramatic and highly prejudicial representation before the jury that a former Uber user who lodged repeated fraudulent complaints including against Mr. Turay (the driver in this case) was present in the courtroom with her daughter, and that she was a victim of domestic violence (purportedly following Mr. Turay's supposed flirtation with her). The Court did not find that the prejudice engendered by this event merited a mistrial, but indicated that it would hear argument on Plaintiff's discovery violation at a later point. Tr. 1267:18-1268:13. Uber respectfully seeks reconsideration of that ruling. Shortly after its mistrial motion, Uber determined that other questions and evidence in Plaintiff's re-cross were improper because Plaintiff violated her obligation to disclose the rider—Jennifer Chase—as an individual likely to have information on which Plaintiff would rely to support her claims. While surprise courtroom appearances and supposedly "bombshell" evidence are the stuff of television dramas, they have no place in actual courtrooms, which require proper disclosures to avoid surprise or prejudice. This Court has already limited Uber's presentation at trial in multiple respects based on

1  the Magistrate Judge's interpretation of Rule 26 in this regard (including with respect to rebuttal
2  experts who *were* timely disclosed), making Plaintiff's courtroom surprise and non-disclosure all
3  the more egregious. This unjustified and highly prejudicial conduct merits a mistrial.

4        Pursuant to the Court's instructions, and based on Plaintiff's now-confirmed Rule
5  26(a)(1)(i) violation, Uber moves for reconsideration of the Court's order denying its motion for
6  mistrial. At a minimum, and in the alternative, the Court should strike the entirety of Plaintiff's
7  line of re-cross questioning rendered improper by Plaintiff's failure to disclose Ms. Chase,
8  including the exhibit purportedly obtained from her, although this alternative relief will not fully
9  cure the gross prejudice here.

10 **II.   LEGAL STANDARD**

11       A party seeking revision of "any order or other decision that adjudicates fewer than all the
12 claims" may "bring a motion for reconsideration under Local Rule 7.2(g)." *Lerner & Rowe PC v.*
13 *Brown Engstrand & Shelly LLC*, 684 F. Supp. 3d 953, 955 (D. Ariz. 2023), *aff'd sub nom. Lerner*
14 *& Rowe PC v. Brown Engstrand & Shely LLC*, 119 F.4th 711 (9th Cir. 2024) (quotation
15 omitted).

16       To obtain reconsideration, a moving party must show "manifest error or a showing of new
17 facts or legal authority that could not have been brought to its attention earlier with reasonable
18 diligence." *See* L.R. Civ 7.2(g) ("Any such motion shall point out with specificity the matters
19 that the movant believes were overlooked or misapprehended by the Court" and "any specific
20 modifications being sought in the Court's Order.").

21 **III.  ARGUMENT**

22       Uber is entitled to reconsideration of the Court's order denying its oral mistrial motion in
23 light of new facts that, despite Uber's reasonable diligence, the Court has not yet had the
24 opportunity to consider—namely, Plaintiff's Counsel's blatant violation of Rule 26(a)(1)(A)(i)
25 when questioning Ms. Cissna about Ms. Chase.  Uber properly moved for an oral mistrial
26 immediately based on Plaintiff's counsel's improper examination and objected immediately to the
27 introduction of undisclosed evidence purportedly obtained from Ms. Chase. Tr. 1205:3-11;
28 1258:14-20; *United States v. Martinez,* 455 F.3d 1127, 1130 n.2 (10th Cir. 2006) ("[M]otion for a

1    mistrial should be made promptly.") (quoting *United States v. Ortiz–Arrigoitia*, 996 F.2d 436,
2    442 (1st Cir.1993)).  But Uber had no opportunity in that moment to investigate whether Plaintiff
3    had previously disclosed Ms. Chase as an individual with "discoverable information," consistent
4    with her Rule 26(a) obligations.  As Uber promptly alerted the Court, its subsequent investigation,
5    that same court day, of Plaintiff's Rule 26 disclosures confirmed that Plaintiff had not disclosed
6    Ms. Chase. Tr. 1268:2-11.  But the Court had already issued its order denying Uber's prompt oral
7    mistrial motion, without considering Plaintiff's discovery violation and instead reserved the
8    opportunity to "hear that argument later."  Tr. 1268:12-13.

9           Plaintiff's flagrant violation of Rule 26(a)(1)(A)(i) ambushed Uber, depriving these
10   proceedings of fundamental fairness and meriting reconsideration of the Court's earlier order and,
11   ultimately, a mistrial.  Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to
12   affirmatively disclose—regardless of any discovery—"each individual likely to have discoverable
13   information—along with the subjects of that information—that the disclosing party may use to
14   support its claims or defenses, unless the use would be solely for impeachment."  Fed. R. Civ. P.
15   26(a)(1)(A)(i).  The requirement "was adopted to end . . . trial-by-ambush."  *Standley v.*
16   *Edmonds-Leach*, 783 F.3d 1276, 1283 (D.C. Cir. 2015).  That goal is reinforced by the
17   requirement that a party "supplement . . . its disclosure . . . in a timely manner if the party learns
18   that in some material respect the disclosure is . . . incomplete."  Fed. R. Civ. P. 26(e)(1)(A).

19          Plaintiff squarely violated that disclosure obligation.  Yesterday's questioning leaves no
20   room for doubt that Plaintiff believed Ms. Chase was "likely to have discoverable information"
21   that Plaintiff would "use to support [her] claims."  For example, Plaintiff introduced a January 18,
22   2026 "print out from an Uber account" purportedly obtained from Ms. Chase in an effort to
23   suggest that Ms. Chase's deactivated account had been reactivated after her fraudulent complaint
24   against Mr. Turay.  *See* Tr. 1205:13–15.  This evidence was offered to "support [Plaintiff's]
25   claims": its sole function was to rehabilitate the validity of Ms. Chase's complaint to bolster
26   Plaintiff's contention that Uber had notice of Mr. Turay's purported propensity to commit sexual
27   assault.
28

|  |  |
|---|---|
| 1 | Such evidence does not remotely fall within Rule 26(a)(1)(A)(i)'s exception for |
| 2 | impeachment evidence.  Impeachment evidence goes to "whether the factfinder ought to believe |
| 3 | one witness rather than other and conflicting witnesses"; it can prove "only that the declarant |
| 4 | lacks credibility."  *Urooj v. Holder*, 734 F.3d 1075, 1078 (9th Cir. 2013) (cleaned up).  The |
| 5 | asserted reactivation of Ms. Chase's account had nothing to do with Ms. Cissna's credibility or |
| 6 | reliability as a witness.  Ms. Cissna's direct testimony about Ms. Chase simply described Ms. |
| 7 | Chase's submission of verbatim complaints against Mr. Turay and three others in a short span and |
| 8 | her deactivation for support abuse shortly thereafter.  Tr. 1181:3-1182:6.  Ms. Chase's asserted |
| 9 | reactivation does not undermine the credibility of that testimony, which remains undisputed. It |
| 10 | instead asks the jury to draw a competing inference about whether Ms. Chase's complaint against |
| 11 | Mr. Turay was in fact fraudulent.  Such evidence is not impeachment evidence but substantive |
| 12 | evidence "offered to establish the truth of a matter to be determined by the trier of |
| 13 | fact."  *Standley*, 783 F.3d at 1282; *see also Klonoski v. Mahlab*, 156 F.3d 255, 257 (1st Cir. 1998) |
| 14 | (new trial was warranted where defense engaged in "trial by ambush" by cross-examining witness |
| 15 | about previously undisclosed and inflammatory letters, because when "undisclosed evidence is |
| 16 | introduced at a key point in the trial, it would be unrealistic to say that it had no effect on the |
| 17 | jury's determination as to liability"); *Putman v. Mgmt. & Training Corp.*, 2009 WL 10669155, at |
| 18 | *2-3 (W.D. Tex. Aug. 18, 2009) (granting new trial in racial discrimination case because plaintiff |
| 19 | offered undisclosed testimony that she heard her supervisor use a highly pejorative term for |
| 20 | African Americans on multiple occasions, which "constituted unfair surprise and trial by ambush |
| 21 | such that it deprived the Defendant of a fair trial").  Rule 26 required Plaintiff to disclose in a |
| 22 | timely manner all individuals possessing such discoverable evidence on which it may rely. |
| 23 | Although Plaintiff intended to use evidence obtained from Ms. Chase to bolster her notice |
| 24 | theory for at least several days, she did not supplement her Rule 26(a)(1)(A)(i) disclosures to |
| 25 | identify Ms. Chase as possessing relevant, discoverable, non-impeachment evidence.  Instead, she |
| 26 | furtively coordinated with Ms. Chase to spring yet another trial ambush on Uber—exactly the sort |
| 27 | of prejudicial surprise that Rule 26(a)(1)(A)(i) is designed to prevent. |
| 28 |  |

1    Under Rule 37(c)(1), exclusion of such undisclosed evidence is "automatic and mandatory
2    . . . unless Plaintiff's nondisclosure was justified or harmless." *Merchant Transaction Sys. Inc. v.*
3    *Nelcela, Inc.*, 2009 WL 2355807, at *4 (D. Ariz. 2009); *see also Yeti by Molly, Ltd. v. Deckers*
4    *Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001).  There is no conceivable justification for
5    Plaintiff's failure to disclose Ms. Chase as a potential witness, nor was that nondisclosure
6    harmless.  Plaintiff clouded a clear case of fraudulent user conduct with baseless innuendo, Tr.
7    1204:4–6, insinuated that the compliment Ms. Chase fraudulently accused Mr. Turay of giving
8    her led her boyfriend to commit domestic violence against her, and accused Uber of denigrating a
9    domestic violence survivor.  And Plaintiff's nondisclosure prevented Uber from promptly and
10   thoroughly discrediting that baseless and incredibly prejudicial questioning and innuendo.

11   Unfortunately, this was not the first prejudicial incident at trial. Both on its own and in
12   combination with Plaintiff's prior presentation of undisclosed and prejudicial evidence to the jury,
13   Plaintiff's questioning regarding Ms. Chase has compromised this proceeding's fairness and
14   requires a mistrial.  There is only so much the jury can be asked to put out of its mind.  The Court
15   has already instructed the jury to disregard Plaintiff counsel's prejudicial assertion that Ms. Chase
16   was in the courtroom with her daughter, Tr. 1204:4–6—a stunt plainly crafted to bolster, with no
17   evidence, Ms. Chase's sincerity in her grievance against Mr. Turay (and Uber), *see* Tr. 1212:25-
18   1213:03 ("do you really think that a person made up these kinds of allegations about domestic
19   violence or about what happened in the ride with Mr. Turay?  Do you really think someone like
20   that would be present?").

21   In addition, as explained in Uber's motion to strike Dr. Minette Drumwright's undisclosed
22   expert opinions, Dkt. 5013, Plaintiff used Dr. Drumwright as a mouthpiece to offer a slew of
23   highly prejudicial opinions that exceeded the scope of her reports and expertise as a marketing
24   professor, further undermining the fairness of this proceeding.  To start, she improperly opined
25   that Uber prioritized growth over safety, purportedly due to structural factors like compensation
26   metrics and reporting structures, *id.* at 8-9, and criticized the effectiveness of Uber's Ridecheck
27   safety feature, *id.* at 13-14. Those opinions were not disclosed in her report, which focused
28   exclusively on the propriety of Uber's marketing and public communications.  From there, the

prejudice from Dr. Drumwright's undisclosed opinions only snowballed, as she opined on many other matters lacking any connection to the opinions disclosed in her report, including: (a) whether "driver cancellation" signals a risk factor for sexual assault; (b) the purported lack of novelty of Uber's safety reports; and (c) consumers' supposed psychological tendencies to recall advertising "themes," rather than specific advertisements. *Id.* at 14-15. The prejudice from these undisclosed opinions stands completely unaddressed. The Court did ultimately strike several other portions of Dr. Minette Drumwright's highly prejudicial expert testimony, however, recognizing that they were previously undisclosed. Those stricken opinions include that Uber's approach to safety has not changed since controversial former CEO Travis Kalanick's 2017 departure due to a "sticky" corporate culture, and that Uber has "targeted" Hispanic riders in Phoenix with its marketing, and the Court will have to issue a curative instruction effectuating that ruling as well. Dkt. 5049.

The Court also curatively instructed the jury to disregard deposition testimony played over Uber's sustained objections suggesting that Uber Director of Applied Science Sunny Wong received a promotion based on his role in this litigation. Tr. 1283:13-22. Finally, just this morning, Plaintiff elicited expert testimony from Thomas Tremblay that Uber employs drivers, which directly defies this Court's summary judgment ruling that drivers are *not* employees. The Court again issued a curative instruction to the jury concerning this improper testimony about the relationship between Uber and its drivers, which is a question for the jury to decide.[1] These are highly contested allegations on which Uber won its motion for summary judgment and this court determined that Mr. Turay was not an employee or actual agent of Uber. Plaintiff's expert was continuously allowed to frame testimony that Uber manages the driver and has control of vehicles, which is not true but also completely irrelevant to any of the remaining causes of action and is solely being presented to confuse the jury, imply a level of control that is not at issue, and plant a seed that drivers are employees. Most importantly, as Uber successfully argued in its

---

[1] Uber respectfully reasserts its position that the jury should have been instructed that the actual relationship between Uber and Turay is no longer at issue following summary judgment, as the only remaining vicarious liability theory is apparent agency. *See* RAJI (Civil) AI 5 (7th ed.) (elements of Apparent Agency).

1  motion for summary judgment, Arizona law explicitly provides that drivers who access the Uber
2  platform are independent contractors. *See* A.R.S. § 23-1603. This court has already ruled that
3  Mr. Turay is not an actual agent or employee. Allowing these prejudicial issues to be raised
4  before the jury and then pulled back has irreparably harmed Uber's chances at a fair trial.

5  Uber should not have to defend this case in the hopes that the jury can unring a series of
6  highly prejudicial bells—particularly bells rung (in the first seven days of trial) by Plaintiff
7  counsel's calculated and improper tactics. Only a mistrial can protect the integrity of this
8  bellwether case and send a clear message that the Court will not tolerate trial-by-ambush in this
9  MDL. *See United States v. Randall*, 162 F.3d 557, 559 (9th Cir. 1998) (mistrial warranted where
10 "a cautionary instruction is unlikely to cure the prejudicial effect of an error"). Now that
11 Plaintiff's Rule 26 violation has been confirmed and squarely presented to the Court, making
12 clear that additional prejudicial evidence introduced through Ms. Cissna was improper, the
13 cumulative effect of the prejudicial evidence improperly put before the jury warrants
14 reconsideration and a mistrial.

## IV.   CONCLUSION

16 For the foregoing reasons, Uber respectfully requests that the Court reconsider its order
17 denying Uber's motion for mistrial.

Dated: January 22, 2026

**KIRKLAND & ELLIS LLP**

By: /s/ *Laura Vartain Horn*

**KIRKLAND & ELLIS LLP**
LAURA VARTAIN HORN
KIM BUENO
ALLISON M. BROWN
JESSICA DAVIDSON

**O'MELVENY & MYERS LLP**
SABRINA H. STRONG
JONATHAN SCHNELLER

**SHOOK, HARDY & BACON, LLP**
PATRICK L. OOT, JR.

ALYCIA A. DEGEN
MICHAEL B. SHORTNACY
CHRISTOPHER V. COTTON

*Counsel for Defendants*