**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO BAR #35053*
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Appearing Pro Hac Vice*

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*G.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09190-CRB<br><br>*M.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08088-CRB<br><br>*A.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08075-CRB<br><br>*S.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08317-CRB<br><br>*S.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08326-CRB<br><br>*C.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08329-CRB<br><br>*SC.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08331-CRB<br><br>*P.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08574-CRB<br><br>*E.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08818-CRB | Case No. 3:23-md-03084-CRB<br><br>**WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Judge:    Hon. Charles R. Breyer<br>Courtroom:    6 – 17th Floor<br><br>Date:    February 13, 2026<br>Time:    10:00 a.m.<br>Courtroom:    6 – 17th Floor |

| | |
|---|---|
| 1 | *J.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08822-CRB |
| 2 | |
| 3 | *K.L.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08825-CRB |
| 4 | *A.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09188-CRB |

*J.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08822-CRB

*K.L.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08825-CRB

*A.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09188-CRB

*K.D. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09191-CRB

*TE.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09370-CRB

*I.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09373-CRB

*P.D.U. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09376-CRB

*ME.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09377-CRB

*L.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09378-CRB

*O.G. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09192-CRB

*D.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08807-CRB

*J.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08073-CRB

## I.    INTRODUCTION

On January 9, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did not file a Plaintiff Fact Sheet ("PFS") in connection with Amended Pretrial Order ("PTO") 10. ECF No. 4967. Counsel acknowledges and understands that under PTO 10, the Court has created procedures and deadlines to produce a PFS. Counsel has and continues to diligently comply with discovery obligations.

## II.    ARGUMENT

   **a.    Plaintiffs E.W., A.W., K.D., P.D.U., ME.S. and SC.S. have since complied with Amended PTO 10.**

Plaintiffs E.W., A.W., K.D., P.D.U. and ME.S. have complied with the Court's directives. Specifically, the completed PFS were produced to Defendants on the following dates through the MDL Centrality portal:

| | |
|---|---|
| *E.W.* [4310] | January 15, 2026 |
| *A.W.* [4382] | January 15, 2026 |
| *K.D.* [4383] | January 9, 2026 |
| *P.D.U.* [4426] | January 12, 2026 |
| *ME.S.* [4427] | January 21, 2026 |
| *SC.S.* [4199] | January 23, 2026 |

Because the PFS for Plaintiffs E.W., A.W., K.D., P.D.U., ME.S. and SC.S. were submitted and discovery obligations are now satisfied, Plaintiffs E.W., A.W., K.D., P.D.U., ME.S. and SC.S. should be excluded from Defendants' Motion, as any deficiencies with respect to Plaintiffs' obligations have been cured.

Plaintiffs' Counsel notified Defendants on January 13, 2026, of K.D. and P.D.U.'s compliance. Defense counsel agreed these Plaintiffs had produced their PFS and confirmed that they would not appear on Defendants' eventual reply and declaration in support of the Motion.

During a meet and confer on Tuesday, January 20, 2026, the parties agreed E.W., A.W., K.D., and P.D.U. were all in compliance. Plaintiffs' counsel then informed Uber that ME.S.' PFS would be produced within the next day.

### b. *Counsel has attempted to withdraw from Plaintiff M.J.'s case*

Plaintiff's counsel has already addressed some of the issues raised in this motion in Plaintiff's motion to withdraw as counsel for M.J., ECF No. 4258, which the court denied. ECF No. 4434.

### c. *Counsel intends to withdraw from Plaintiff G.M. and L.M.'s cases*

Plaintiff's counsel intends to withdraw from Plaintiffs G.M., and L.M.,'s cases at the appropriate

time.

### d. Plaintiff D.S. wishes to dismiss her case

Plaintiff D.S. advised counsel of her intent to voluntarily dismiss this action and since authorized counsel to do so. On January 23, 2026, counsel filed the appropriate motion to dismiss.

### e. Plaintiff P.S. is incarcerated

Plaintiff P.S. is currently incarcerated at the Flagler County Sheriff's Office Jail. On January 23, 2026, counsel successfully contacted Plaintiff at the facility to address the deficiencies in her PFS. Counsel has obtained updated contact information and is diligently working to finalize the PFS for filing. Accordingly, additional time is required to complete this process.

### f. Counsel continues to attempt to reach Plaintiffs A.R., S.C., S.B., C.W., K.L.J., TE.T., O.G., J.C.

Uber wrongly presents this issue as one of refusal by the clients to fill out a Plaintiff Fact Sheet, as if they were unwilling to comply with the Court's Orders. However, this is not the case. The clients are not unwilling; our firm has been unsuccessful in obtaining current contact information to reach them to comply with this Court's orders. We acknowledge and understand that under Amended PTO 10, the Court created procedures and deadlines to produce a PFS. Our firm has and continues to employ all resources available to us outside of the original contact information to obtain necessary information. These efforts include numerous phone calls, emails, texts, written letters, and address searches. (Luther Decl. at ¶¶ 25-48). While we made every effort to reach these Plaintiffs to complete a PFS, we also have no indication that these clients are even aware that they failed to comply with the Court's orders.

There are many reasons why these victims of sexual assault could be unresponsive may years after the assault. These cases often involve young women who are mobile – changes in address, name, phone number, etc. – are all logical reasons why their initial contact information is no longer valid. Our office has employed extensive efforts to reach these plaintiffs. Those efforts predate the filing of Uber's motion.

g.     *The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. Signalo v. Mendoza, 642 F.2d 309, 310 (9th Circ. 1981). Uber has not even tried to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. Id. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

h.  *The Court should not dismiss these cases with prejudice.*

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in Malone v. U.S. Postal Serv., 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. Id. at 130.

Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. It is frequently described as overwhelming. Counsel will continue its efforts with the plaintiffs to cure their deficiencies.

### III. CONCLUSION

For the foregoing reasons, we respectfully request this Court deny Uber's motion as to the WLF Plaintiffs referenced above who have complied with the Court's order, or we believe are currently incarcerated. We further request that we be given additional time to follow up with the remaining WLF plaintiffs with missing fact sheets.

Dated: January 23, 2026                             Respectfully submitted,

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiffs G.M., M.J., A.R., S.C., S.B., C.W., SC.S., P.S., E.W., J.J., K.L.J., A.W., K.D., TE.T., I.M., P.D.U., ME.S., L.M., O.G., D.S., J.C.*

## CERTIFICATE OF SERVICE

I hereby certify that on January 23, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated:  January 23, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiffs G.M., M.J., A.R., S.C., S.B., C.W., SC.S., P.S., E.W., J.J., K.L.J., A.W., K.D., TE.T., I.M., P.D.U., ME.S., L.M., O.G., D.S., J.C.*

7

WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE WHY 6 PLAINTIFFS WHO HAVE SUBMITTED NON-BONA-FIDE RECEIPTS SHOULD NOT BE DISMISSED WITH PREJUDICE