**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**

This Document Relates to:

*G.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09190-CRB

*M.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08088-CRB

*A.R. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08075-CRB

*S.C. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08317-CRB

*S.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08326-CRB

*C.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08329-CRB

*SC.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08331-CRB

*P.S. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08574-CRB

*E.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08818-CRB

*J.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08822-CRB

*K.L.J. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-08825-CRB

*A.W. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09188-CRB

*K.D. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09191-CRB

*TE.T. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-09370-CRB

Case No. 3:23-md-03084-CRB (LJC)

**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF WLF PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**

Judge: Hon. Charles R. Breyer

Courtroom: 6 – 17th Floor

Date: February 13, 2026
Time: 10:00 a.m.
Courtroom: 6 – 17th Floor

*I.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09373-CRB

*P.D.U. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09376-CRB

*ME.S. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09377-CRB

*L.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09378-CRB

*O.G. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09192-CRB

*D.S. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08807-CRB

*J.C. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08073-CRB

I, Sommer D. Luther, declare:

1. I am an attorney at the Wagstaff Law Firm. I am a member of the State Bar of Colorado and admitted to practice in this action *pro hac vice*. I make this declaration based on my personal knowledge. If called upon to testify, I could and would testify competently to the truth of the matters stated herein.
2. I submit this declaration in support of WLF Plaintiffs' Response to Defendants' Motion to Dismiss Cases for Failure to Comply with Amended PTO 10:

**E.W. [4310]**

3. Plaintiff E.W. cured the deficiency by producing a completed PFS on January 15, 2026.
4. Plaintiff E.W. has diligently produced all of the discovery documents within her possession.

**A.W. [4382]**

5. Plaintiff A.W. cured the deficiency by producing a completed PFS on January 15, 2026.
6. Plaintiff A.W. has diligently produced all of the discovery documents within her possession.

**K.D. [4383]**

7. Plaintiff K.D. cured the deficiency by producing a completed PFS on January 9, 2026.

8. Plaintiff K.D. has diligently produced all of the discovery documents within her possession.

**P.D.U. [4426]**

9. Plaintiff P.D.U. cured the deficiency by producing a completed PFS on January 12, 2026.

10. Plaintiff P.D.U. has diligently produced all of the discovery documents within her possession.

**ME.S. [4427]**

11. Plaintiff ME.S. cured the deficiency by producing a completed PFS on January 21, 2026.

12. Plaintiff ME.S. has diligently produced all of the discovery documents within her possession.

**SC.S. [4199]**

13. Plaintiff SC.S. cured the deficiency by producing a completed PFS on January 23, 2026.

14. Plaintiff SC.S. has diligently produced all of the discovery documents within her possession.

**M.J. [4097]**

15. On October 29, 2025, I filed a Motion to Withdraw as Counsel of Record for Plaintiff M.J. [ECF No. 4258].

16. On November 19, 2025, the Court denied the Motion to Withdraw [ECF 4434].

17. My firm continues outreach efforts via various avenues for plaintiff M.J. to cure any and all deficiencies.

**G.M. [4385]**

18. I intend to withdraw from Plaintiff G.M.'s case at the appropriate time.

**L.M. [4431]**

19. I intend to withdraw from Plaintiff L.M.'s case at the appropriate time.

**D.S. [4308]**

20. On January 23, 2026, Plaintiff authorized me to dismiss this action with her voluntary consent.

21. On January 23, 2026, I filed the appropriate motion to dismiss.

**P.S. [4253]**

22. Plaintiff P.S. is currently incarcerated at the Flagler County Sheriff's Office Jail.

23. On January 23, 2026, counsel successfully contacted Plaintiff at the facility to address the deficiencies in her PFS.

24. Counsel has obtained the necessary information to keep in contact with Plaintiff P.S. during

this time and is working diligently to finalize the PFS.

**A.R. [4070]**

25. WLF's last successful contact with Plaintiff A.R. was an email from Plaintiff on January 2, 2026 indicating that she would return her PFS via mail.
26. A letter, email and text message were sent on January 8, 2026.
27. A call, SMS and email were sent on January 13, 2026.
28. An attempt to contact Plaintiff's alternate contact was made on January 20, 2026, and was unsuccessful.
29. Efforts continue to reach Plaintiff A.R.

**S.C. [4196[**

30. WLF's last successful contact with Plaintiff S.C. was a phone call on September 29, 2025.
31. Since that date, multiple contact attempts have been made, including at least 11 phone calls, 8 emails 2 letters and 6 text messages.
32. Efforts continue to reach Plaintiff S.C.

**S.B. [4197]**

33. WLF's last successful contact with Plaintiff S.B. was by phone on January 8, 2026.
34. Since that date, multiple contact attempts have been made, including by phone, email, mail, and SMS.
35. Efforts continue to reach Plaintiff S.B.

**C.W. [4198]**

36. WLF's last successful contact with Plaintiff C.W. was by phone on December 30, 2025. During this call, Plaintiff acknowledged the PFS process is particularly triggering. A call was scheduled for the next day to discuss the PFS, however the client was unreachable.
37. Since that date, multiple contact attempts have been made, including at least 5 phone calls, 5 emails, mail, and 4 text messages.
38. Efforts continue to reach Plaintiff C.W.

**K.L.J. [4312]**

39. WLF's last successful contact with Plaintiff K.L.J. was by phone August 26, 2025.

40. Since that date, multiple contact attempts have been made, including at least 16 phone calls, 5 emails, letters and 3 text messages.

41. Efforts continue to reach Plaintiff K.L.J.

**TE.T. [4421]**

42. WLF's last successful contact with Plaintiff TE.T. was by phone on November 10, 2025.

43. Since that date, multiple contact attempts have been made, including at least 6 phone calls, 4 emails, letters, and 3 text messages.

44. Efforts continue to reach Plaintiff TE.T.

**I.M. [4423]**

45. WLF's last successful contact with Plaintiff I.M. was by phone on January 20, 2026. Plaintiff indicated that she had returned the PFS.

46. WLF expects to receive the completed PFS shortly and will submit immediately upon receipt.

**O.G. [4384]**

47. WLF has attempted to contact O.G. regarding her PFS via 24 phone calls, 28 emails, 3 letters and 24 text messages.

48. Efforts continue to reach Plaintiff O.G.

**J.C. [4068]**

49. WLF's last successful contact with Plaintiff J.C. was by phone on October 17, 2025.

50. Since that date, multiple contact attempts have been made, including at least 21 phone calls, 14 emails, letters, and 15 text messages.

51. Efforts continue to reach Plaintiff J.C.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___ day of January, 2026, in Denver, Colorado.

/s/ Sommer D. Luther
Sommer D. Luther