UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**PLAINITFF'S PROPOSED JURY INSTRUCTION RE: MOTION TO STRIKE DRUMWRIGHT**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>         Plaintiff,<br><br>    v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>         Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.: 501 |

**Plaintiff's Proposed Jury Instruction**

**Striking Certain Testimony of Dr. Minette Drumwright**

Earlier in this trial, you heard Plaintiff's expert Dr. Drumwright testify that corporate cultures can be "sticky;" that Uber's practices did not change when the company hired a new CEO in 2017; that Mr. Kalanick remained on Uber's Board of Directors; that Mr. Khosrowshahi's compensation was tired to growth, not safety; and that an Uber document identified an Uber marketing campaign targeting Hispanics in Phoenix.

This testimony was not within the scope of the specific expert opinions Dr. Drumwright offered in this case. As a result, you may not consider Dr. Drumwright's testimony on these facts, but you may consider the remainder of her testimony. You also may consider the content of any admitted exhibit or the testimony of any other witness bearing on these facts.

**Argument**

Uber's proposed instruction (ECF 5101) suffers from several flaws.

*First*, Uber's instruction does not explain to the jury why the testimony was stricken. The jury may assume that the facts testified to are wrong and that striking them means that the jury should assume the opposite is true. In reality, the only reason the Court struck the opinions was as outside the scope of Dr. Drumwright's report. The instruction should say so.

*Second*, Uber's instruction is affirmatively misleading. Uber wants to strike testimony that "Uber's safety efforts did not change *quickly* after" 2017. ECF 5101 (emphasis added). But the evidence Plaintiff has put on—independent of Dr. Drumwright's struck testimony—is that Uber's safety efforts, at a macro level, *did not change at all*. *See*, *e.g.*, Nilles 8/7/25 As-Played Dep. at 471:20-22 (2020: "Stand for Safety is a sham."); *id.* at 471:15-18 (2020: "I will get fired if I don't hit EBITDA. I'm not going to get fired if I don't hit a safety KPI."). This jury instruction should not endorse Uber's theory that change happened, just not as quickly as Plaintiff wanted it to (she was, of course, assaulted in 2023).

*Third*, Uber's instruction fails to explain to the jury that it may consider the remainder of Dr. Drumwright's testimony, as well as other evidence in the record on these points. For example, Uber's 2024 proxy statement (admitted in the testimony of Mr. Johnson as Exhibit 1778) shows

precisely how Mr. Khosrowshahi's compensation was driven by growth and not safety. *See* Ex. 1778.00053-62 (sexual assault 5% weight in stock options subject to an overall cap based on all achievements, 0% weight in cash bonus). And the jury has seen dozens of documents and pieces of testimony that Uber's safety efforts did not change with the 2017 leadership transition.

*Fourth*, Uber's instruction is overbroad and goes beyond the two categories of testimony the Court struck—"The 'Sticky' nature of Uber's Corporate Culture" and "Targeting Hispanic riders in Phoenix." ECF 5049. For example, Uber seeks to strike all testimony concerning "[a] marketing campaign regarding Dara Khosrowshahi's introduction as Uber's CEO." But the Court did not strike Dr. Drumwright's testimony—comfortably within the scope of her reports—that "half" of that campaign was "about safety" and that campaign had "tremendous reach," connecting with "93 percent of … people between … 18 and 49 more than 20 times in that three-and-a-half-month period." Trial Tr. at 347:22-348:4.

Dated: January 25, 2026                        Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

### FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 25, 2026         By:   */s/ Andrew R. Kaufman*
                                       Andrew R. Kaufman

- 3 -

PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE: MOT. TO STRIKE DRUMWRIGHT
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276