1    [*Submitting counsel below*]

2

3

4

5                    UNITED STATES DISTRICT COURT
6                   OF NORTHERN DISTRICT OF CALIFORNIA
7                        SAN FRANCISCO DIVISION

8
     **IN RE: UBER TECHNOLOGIES, INC.,**          No. 3:23-md-03084-CRB
9    **PASSENGER SEXUAL ASSAULT**
     **LITIGATION**                               **PLAINTIFF'S CONTINGENT PROPOSED**
10                                                **JURY INSTRUCTION RE: SCOPE OF**
                                                  **APPARENT AGENCY; ARGUMENT IN**
11                                                **SUPPORT**

12   This Document Relates to:                    Judge: Honorable Charles R. Breyer
                                                  Ctrm.:  D. Ariz., 501
13   *Jaylynn Dean v. Uber Techs., Inc.*,
14   N.D. Cal. No. 23-cv-06708
     D. Ariz. No. 25-cv-4276
15

16

17                    UNITED STATES DISTRICT COURT
18                        DISTRICT OF ARIZONA
19                        PHOENIX DIVISION

20   JAYLYNN DEAN,                                No. 25-cv-4276-PHX-CRB
21          Plaintiff,
                                                  Judge: Honorable Charles R. Breyer
22      v.                                        Ctrm.:  501

23   UBER TECHNOLOGIES, INC., et al.,
24          Defendants.
25

26

27

28

## **ARGUMENT**

In the Joint and Contested Proposed Jury Instructions, Plaintiff explained that the Court should not instruct the jury that it must find, as a distinct element, that Mr. Turay acted within the scope of his apparent agency. *See* ECF 4838 at 62-63. Plaintiff stands on that position based on the reasoning of PTO 17 and the logic of an apparent agency claim.

Should the Court disagree, however, the question becomes what such an instruction should say. The parties disputed the text of any scope instruction (a dispute difficult to present to the Court because, at that time, both respondeat superior and apparent agency claims were still live). Plaintiff proposed an instruction based on the multi-factor test in Restatement (Second) of Agency § 229, which the Arizona Supreme Court applied in *State v. Schallock*, 941 P.2d 1275 (Ariz. 1997) to hold sexual assault could be within the scope of employment. ECF 4838 at 73-74 (argument), 78-79 (instruction). Uber proposed a variation of the Arizona pattern instruction for a respondeat superior claim. *See id.* at 74-75 (argument), 78-80 (instruction).

While the parties tussled over how to adapt language used for employment claims, they overlooked the pattern instruction for an actual agency claim—RAJI AGENCY 3. That pattern instruction reads:

> [*Plaintiff/Defendant*] claims that [*agent/employee*] had [*plaintiff's/defendant's*] actual authority to act on the principal's behalf. An [*agent/employee*] is acting within the scope of [*authority/employment*] if the [*agent/employee*] is performing duties which were assigned by word, conduct or circumstance to the [*agent/employee*] by the principal.

RAJI AGENCY 3 (relying on, among other authorities, the Restatement (Third) of Agency). This instruction, in broad strokes, is consistent with *Schallock*. In that case, the Arizona Supreme Court found sexual assault could be within the scope of employment in part because the perpetrator abused power given him by the employer, such that there was overlap between the assigned acts (the duties) and the tortious acts:

> In fondling the file clerks and offering advancement for sex, Heinze was both serving the master by running the office—a task he was explicitly authorized to do— and serving his personal desires. That his motives were mixed is of consequence, but the mixed motives cut both ways. … The relevant purpose to be ascertained is not whether Heinze had authority to harass—no supervisor has that authority—but whether he had authority to run and was running APAAC's business.

1  *Schallock*, 941 P.2d at 1283. By focusing on the "duties" of the agent, RAJI AGENCY 3 points in

2  the right direction under *Schallock*. *See id.* at 1285 (citing with approval a decision permitting

3  vicarious liability for sexual harassment where "the service itself in which the tortious act was done

4  was done within the ordinary course of such business or within the scope of such authority" and

5  the "willful and malicious acts were committed while he was performing his employment duties")

6  (quoting *Martin v. Cavalier Hotel Corp.*, 48 F.3d 1343, 1348 (4th Cir. 1995)).

7         Here, however, Plaintiff pleads an *apparent* agency claim, not an *actual* agency claim.

8  Apparent agency turns on what the Plaintiff reasonably believed, not the true facts. *See, e.g.*, *Miller*

9  *v. Mason-McDuffie Co. of S. Cal.*, 739 P.2d 806, 812-13 (Ariz. 1987) (reversible error to give

10 instructions that require proof of actual authority in an apparent agency case); *Gibraltar v. Escrow*

11 *co. v. Thomas J. Grosso Inv., Inc.*, 421 P.2d 923, 928-29 (Ariz. App. 1966) ("A person who

12 otherwise would be liable to another for the misrepresentations of one apparently acting for him is

13 not relieved from liability by the fact that the servant or other agent acts entirely for his own

14 purposes, unless the other has notice of this.") (quoting Restatement (Second) of Agency § 262);

15 *Jerger v. Rubin*, 471 P.2d 726, 731 (Ariz. 1970) ("A representation is apparently authorized if the

16 third party to a transaction reasonably believes from conduct for which the principal is responsible

17 that the agent is authorized to make the representations as made.").

18        Because this is a sexual tort case, it is also necessary that the jury understand, as *Schallock*

19 held, that "the act in question is not the ultimate tortious act but rather conduct related to the tort."

20 941 P.2d at 1283. Accordingly, the instruction must explain to the jury that it should consider Mr.

21 Turay's entire relevant "course of conduct," not merely the "consciously criminal" act. *Higgins v.*

22 *Assman Elecs., Inc.*, 173 P.3d 453, 461 (Ariz. App. 2007); Restatement (Third) of Agency § 7.07

23 (in section adopted by the Arizona courts, focusing on "course of conduct").

24        For these reasons, if the Court gives a scope-of-agency instruction, Plaintiff requests that

25 the instruction be a modified version of RAJI AGENCY 3. As modified, the instruction, set out

26 below, directs the jury to focus on whether Mr. Turay *appeared* to be performing duties assigned

27 to him by Uber. And it instructs the jury to consider Mr. Turay's entire course of conduct, not

28 merely the sexual assault itself, consistent with both *Schallock* and the Third Restatement.

## CONTINGENT PROPOSED JURY INSTRUCTION

To find for Plaintiff on her apparent agency claim, you must find that Mr. Turay acted within the scope of his apparent agency. An apparent agent acts within the scope of his agency when his course of conduct appears to the Plaintiff to be assigned by word, conduct or circumstance to the agent by the principal.

Dated: January 26, 2026                    Respectfully submitted,

By: */s/ Sarah R. London*
    Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
    Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
    Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 26, 2026                    By:    */s/ Andrew R. Kaufman*
    Andrew R. Kaufman