# EXHIBIT B

1  [Submitting counsel below]

2

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' PROPOSED CURATIVE INSTRUCTION** |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Judge:   Hon. Charles R. Breyer<br>Courtroom:   Courtroom 6 – 17th Floor<br><br>Date Filed: January 26, 2026<br><br>Trial Date: January 13, 2026 |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN,<br><br>             Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>             Defendants | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:   Hon. Charles R. Breyer<br>Courtroom:   501 |

1  LAURA VARTAIN HORN (SBN: 258485)
   laura.vartain@kirkland.com
2  **KIRKLAND & ELLIS LLP**
   555 California Street, 30th Floor
3  San Francisco, CA 94104
   Telephone: (415) 439-1625
4
   Kim Bueno (Pro Hac Vice admitted)
5  **KIRKLAND & ELLIS LLP**
   kim.bueno@kirkland.com
6  401 W. 4th St.
   Austin, TX 78701
7  Telephone: (512) 355-4390

8  Allison M. Brown (Pro Hac Vice admitted)
   **KIRKLAND & ELLIS LLP**
9  alli.brown@kirkland.com
   2005 Market Street, Suite 1000
10 Philadelphia, PA 19103
   Telephone: (215) 268-5000
11
   JESSICA DAVIDSON (Pro Hac Vice admitted)
12 **KIRKLAND & ELLIS LLP**
   jessica.davidson@kirkland.com
13 601 Lexington Avenue
   New York, NY 10022
14 Telephone: (212) 446-4723

15
   SABRINA H. STRONG (SBN: 200292)
16 sstrong@omm.com
   JONATHAN SCHNELLER (SBN: 291288)
17 jschneller@omm.com
   **O'MELVENY & MYERS LLP**
18 400 South Hope Street, 19th Floor
   Los Angeles, CA 90071
19 Telephone: (213) 430-6000
   Facsimile: (213) 430-6407
20
   PATRICK L. OOT, JR. (Pro Hac Vice admitted)
21 oot@shb.com
   **SHOOK, HARDY & BACON, LLP**
22 1800 K Street NW, 10th Floor
23 Washington, DC 20006
   Telephone: (202) 783-8400
24 Facsimile: (202) 783-4211

25
   ALYCIA A. DEGEN (SBN: 211350)
26 adegen@shb.com
   MICHAEL B. SHORTNACY (SBN: 277035)
27 mshortnacy@shb.com
   2121 Avenue of the Stars, Suite 1400
28 Los Angeles, CA 90067

1  Telephone: (424) 285-8330
   Facsimile: (424) 204-9093
2
3  CHRISTOPHER V. COTTON (Pro Hac Vice admitted)
   ccotton@shb.com
4  255 Grand Boulevard
   Kansas City, MO 64108
5  Telephone: (816) 474-6550
   Facsimile: (816) 421-5547
6
7  Counsel for Defendants
   UBER TECHNOLOGIES, INC.,
8  RASIER, LLC, and RASIER-CA, LLC

# UBER'S PROPOSED CURATIVE INSTRUCTION REGARDING PLAINTIFF'S IMPROPER EXAMINATION OF ALLISON CISSNA

Members of the Jury, over the course of the trial you have heard testimony and evidence about a user named Jennifer who made a complaint to Uber about Mr. Turay. During the re-direct examination of Ms. Alli Cissna, Plaintiff's counsel engaged in improper questioning and made factual representations about matters outside the evidence in the trial record.

Accordingly, I have ordered that all evidence, testimony, and argument concerning Jennifer be stricken from the record.

This means you may not consider the March 2019 report by Jennifer as evidence of prior misconduct by Mr. Turay. This means that, during your deliberations, you should disregard and give no weight to any evidence, testimony, or argument that you heard about Jennifer or any complaint made by Jennifer. You should not consider it or allow it to influence your verdict in any way.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

Authority: *Pavemetrics Sys., Inc. v. Tetra Tech, Inc.*, 652 F. Supp. 3d 1098, 1103 (C.D. Cal. 2023) (granting new trial based on improper conduct of counsel, including "reach[ing] outside the trial record in an attempt to color [defendant] as overly aggressive during the discovery process"; making "statements [during closing that] left the jury with the impression that [defendant] acted deceptively and improperly," despite lack of evidentiary basis); *id.* at 1104 (noting "Courts in this district have found that frequent improper comments made at 'critical moments' during a case, including cross-examination of key witnesses and closing, warrant a new trial."); *see also Berger v. United States*, 295 U.S. 78, 84 (1935) (that "prosecuting attorney overstepped the bounds of that propriety and fairness which should characterize the conduct of such an officer in the prosecution of a criminal offense is clearly shown by the record," including: "misstating the facts

in his cross-examination of witnesses; of putting into the mouths of such witnesses things which they had not said; of suggesting by his questions that statements had been made to him personally out of court, in respect of which no proof was offered; of pretending to understand that a witness had said something which he had not said and persistently cross-examining the witness upon that basis; of assuming prejudicial facts not in evidence…."); *Alaniz v. Frauenheim*, 2018 WL 4846339, at *16 (N.D. Cal. Oct. 4, 2018) (CA law) ("A prosecutor's reference to facts not in evidence amounts to misconduct "because such statements 'tend[ ] to make the prosecutor his [or her] own witness – offering unsworn testimony not subject to cross-examination.'" (quoting *People v. Hill*, 17 Cal.4th 800, 828 (1998)); *Vlahos-Schmidt v. Larkin*, 2016 WL 3951646, at *10 (N.D. Cal. July 22, 2016) ("Arguments of counsel and questions by counsel are not evidence, and the jury was so instructed").