[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' PROPOSED INSTRUCTION ADDITIONAL INSTRUCTIONS**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN,<br><br>              Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>              Defendants | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  501 |

Defendants respectfully submit the following additional and revised proposed jury instructions.

-1-
DEFENDANTS' PROPOSED ADDITIONAL AND REVISED INSTRUCTIONS
CASE NO. 3:23-md-03084-CRB

**DEFENDANTS' PROPOSED JURY INSTRUCTION ON MARKETING EVIDENCE**

During the trial, you heard testimony about certain Uber advertisements. I am instructing you that the advertisements on which you heard testimony are not misleading. You are to consider those advertisements only for purposes of evaluating the overall context of Uber's safety efforts. You are not to consider whether those advertisements were misleading or otherwise negligent.

Authority: Dkt. 3441 (PTO 28) at 7 (dismissing Plaintiff's fraud and misrepresentation claims) ("The Court is not convinced that a reasonable consumer could believe the two ads at issue— 'Don't drink and drive, call an Uber' and 'Stay safe tonight. Use Uber.'—conveyed anything more than a generic encouragement to take an Uber ride rather than drive while drunk. Indeed, Uber's Designated Driver marketing is directly analogous to the types of language other courts have readily identified as non-actionable puffery.") (collecting cases); *id.* at 8 ("Uber's Designated Driver marketing did not guarantee passengers' absolute safety from all possible risks associated with taking an Uber ride while drunk, but rather only the risks associated with the passenger driving themselves. Plaintiffs' subjective, unreasonable understanding of Uber's advertisements cannot change that reality."); *see generally Terpin v. AT & T Mobility LLC*, 118 F.4th 1102 (9th Cir. 2024).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

**DEFENDANTS' PROPOSED JURY INSTRUCTION ON UBER'S TERMS OF SERVICE**

You heard testimony and evidence that Uber presents all users with Terms of Use, which all users must accept before using Uber's services, and that Plaintiff was presented with and agreed to those terms. I am instructing you that Plaintiff agreed to the Terms of Use, and those Terms of Use are a valid and enforceable contract between Uber and Plaintiff.

Authority: Dkt. 3484 (PTO 29) at 5 ("[T]he Terms of Use and its component forum selection clause constitute a valid, enforceable contract between Uber and Plaintiffs."); *id.* at 13 ("[T]he clear language of the Terms of Use, as well as the functional intermingling of Uber Rides and Uber Eats, 'afford notice' to a consumer that they are being bound by an agreement with one corporate entity offering a variety of services. … Uber's Motion to Transfer is thus granted for Plaintiff[] Jaylynn Dean….").

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

**DEFENDANTS' PROPOSED JURY INSTRUCTION ON RULE 30(B)(6) TESTIMONY**

You have heard deposition testimony from witnesses at trial who stated in their testimony that they were testifying on behalf of Uber. Those witnesses were designated by Uber to testify on a particular topic, and those witnesses speak for the corporation on that topic.

You also heard testimony from witnesses employed by Uber who did *not* state in their testimony that they were testifying on behalf of Uber. Those witnesses were testifying in their personal capacity, not on behalf of Uber. Such witnesses offer only their own personal knowledge and views, and you are not to treat such testimony as the official position or binding statement of Uber.

Authority: Fed. R. Civ. P. 30(b)(6); *see McEvoy v. Washington Cnty. / Washington Cnty. Dist. Att'ys Off.*, No. 3:24-cv-01497-AR, 2025 WL 2655081, at *7 (D. Or. Sept. 16, 2025) ("[A] fact witness's deposition binds only that witness, while a 30(b)(6) deposition binds the organization as a whole."); *Robinson v. De Niro*, 739 F. Supp. 3d 33, 54, 129 (S.D.N.Y. 2023) (testimony of production company's President and sole shareholder in his "individual capacity" was "not binding on" his production company); *Doe v. Trump*, 329 F.R.D. 262, 273 (W.D. Wash. 2018) ("The deposition of an individual and the deposition of the same person as a representative of the organization are two distinct matters and can be utilized as distinct forms of evidence.").

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

**DEFENDANTS' PROPOSED JURY INSTRUCTION ON SCOPE OF DUTY TO WARN**

Plaintiff claims that Uber was at fault because Uber breached a duty to warn her of a known danger. Uber's duty of care includes an obligation to discover and warn of hazards that it should have reasonably foreseen as dangerous to riders.[1] To determine whether Uber unreasonably failed to warn Plaintiff, you may consider whether any risk to Plaintiff was "open and obvious." You may conclude that it is reasonable not to provide a warning of any risk you determine to be open and obvious.

Authority: *Perez v. Circle K Convenience Stores, Inc.*, 564 P.3d 623, 629 (Ariz. 2025) ("as a matter of law, Circle K owed a duty of care to Perez. Whether the end-cap display was unreasonably dangerous should be considered when addressing whether Circle K breached the standard of conduct. . . . . Then, considerations like the open and obvious nature of the display can be considered.") (citations omitted); *Markowitz v. Arizona Parks Bd.*, 706 P.2d 364, 368 (Ariz. 1985) ("[T]he possibility that the defect or hazard is 'open and obvious' is a factor to be considered in determining whether the possessor's failure to remedy the hazard or provide a warning was unreasonable and therefore breached the standard of care . . . ."); *Wood v. Costco Wholesale Corp.*, No. CV-21-00605-PHX-JJT, 2022 WL 3923527, at *4 n.4 (D. Ariz. Aug. 31, 2022) ("[I]n situations where defective conditions are open and obvious, Arizona courts have found that the likelihood of harm is slight, and thus such conditions are not unreasonably dangerous conditions from which a landowner or possessor has a duty to protect an invitee.").

GIVEN:          _____

REFUSED:       _____

MODIFIED:      _____

WITHDRAWN:  _____

---

[1] For avoidance of doubt, Uber contends that it owed no duty to warn Plaintiff because Uber does not stand in a special relationship of protection with Plaintiff. *See* Dkt. 4838 (Joint Jury Instruction Submission) at 37-41; *see also Colson v. Maghami*, No. CV 08-2150-PHX-MHM, 2010 WL 2744682, at *9 (D. Ariz. July 9, 2010) ("There is no separate tort named 'failure to warn.' Where liability is incurred by reason of a 'failure to warn' it is because there is found present a duty to prevent harm to the individual who is injured.") (quoting *McGeorge v. City of Phoenix*, 572 P.2d 100, 105-06 (Ariz. Ct. App. 1977)); *Perez v. Circle K Convenience Stores, Inc.*, 564 P.3d 623, 630 (Ariz. 2025) (in warning cases, "the proper inquiry in the duty analysis is whether a special relationship existed between the plaintiff and defendant and, if so, whether the risk of harm alleged to have injured the plaintiff arose within that relationship."). If the Court disagrees and holds that Uber owed Plaintiff a cognizable duty, Uber requests this instruction be given to delimit the scope of any duty to warn under Arizona law.

The Honorable Charles R. Breyer

# DEFENDANTS' REVISED PROPOSED JURY INSTRUCTION ON VICARIOUS LIABILITY—EXPLANATORY NOTE

Uber submits the following revised proposed instructions on vicarious liability to account for the Court's summary judgment ruling, which dismissed Plaintiff's respondeat superior claim. *See* Dkt. 4941 (PTO 39). Uber proposes these instructions in lieu of the vicarious liability instructions it proposed in the parties' joint submission, which must be revised to account for the Court's dismissal of Plaintiff's respondent superior claim.

**Uber proposes instructing the jury in the following order:**

    1. Vicarious Liability—Overview of Apparent Agency Claim

    2. Definition of Apparent Agent

    3. Vicarious Liability—Scope of Apparent Agency

# DEFENDANTS' REVISED PROPOSED JURY INSTRUCTION ON VICARIOUS LIABILITY—OVERVIEW OF APPARENT AGENCY CLAIM

Plaintiff's next claim is that Uber is liable because the driver Hassan Turay was its apparent agent and Uber is therefore responsible for his actions. To prove this claim, Plaintiff must establish:

1. Hassan Turay was at fault for Plaintiff's injury. Hassan Turay was at fault if he engaged in a sexual encounter with Plaintiff without her consent, and those actions were a cause of Plaintiff's injury.

2. Hassan Turay was Uber's apparent agent; and

3. Hassan Turay was acting in the scope of his apparent authority to act as Uber's agent.

Authority: RAJI AI 1, 5 (modified to add roadmap sentence and need to find Turay at fault, using RAJI Fault 1); PTO 39 (granting in part Uber's motion for summary judgment); A.R.S. § 23-1603.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

# DEFENDANTS' REVISED PROPOSED JURY INSTRUCTION ON DEFINITION OF APPARENT AGENT

Agency is a relationship in which one person (a "principal") gives authority, by word or by conduct, to another person (an "agent") to act on the principal's behalf subject to the principal's control.

Generally, agency can be based on actual agency authority or apparent authority. I instruct you that drivers are not Uber's actual agents as a matter of law and are not Uber's employees. Drivers are independent contractors for all purposes.

Therefore, to establish liability under an agency claim, Plaintiff must prove that Turay was Uber's apparent agent.

Apparent agency is a relationship in which the principal has intentionally or unintentionally caused Plaintiff to believe that a person was the principal's agent although no actual authority was given to him. Apparent agency can never arise from the acts of the agent alone.

In order to establish apparent agency, Plaintiff must prove that:

1. Hassan Turay was at fault for Plaintiff's injury;

2. The alleged principal made a representation that caused Plaintiff to believe Hassan Turay was principal's agent;

3. Plaintiff relied on this representation to her detriment; and

4. Such reliance was reasonably justified.

Hassan Turay was at fault if he engaged in a sexual encounter with Plaintiff without her consent, and those actions were a cause of Plaintiff's injury.

Authority: RAJI AI 1, 5 (modified to add roadmap sentence and need to find Turay at fault, using RAJI Fault 1); PTO 39 (granting in part Uber's motion for summary judgment); A.R.S. § 23-1603.

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

## **DEFENDANTS' REVISED PROPOSED JURY INSTRUCTION ON SCOPE OF APPARENT AGENCY**

If Plaintiff proves Hassan Turay was an apparent agent, and that Turay was at fault for Plaintiff's injuries, Plaintiff must also show that he was acting within the scope of his apparent authority when he did so.

To establish this claim, Plaintiff must prove that:

1. The sexual encounter was the kind of act that agent was apparently authorized to perform;

2. The sexual encounter occurred substantially within the apparently authorized time and space limit of the apparent agency; and

3. The sexual encounter was apparently motivated by a purpose to serve the apparent principal.

Authority: RAJI SI 5; Dkt. 1044 (PTO 17) at 26-27 ("It is indisputable that 'apparent authority must be based on the acts of the principal' and 'is limited to the scope of responsibility that is apparently authorized.' . . . In short, the idea of 'scope' does not come into the inquiry in the same way as in the respondeat superior analysis, but limited scope is implicit in the idea of apparent authority.").

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

**Uber's argument in response to Plaintiff's Contingent Proposed Jury Instruction re: Scope of Apparent Agency, Dkt. 5104:**

Plaintiff previously argued that the Court should not instruct the jury on the scope of apparent agency. *See* Dkt. 4838 (Joint Jury Instructions Submission) at 62-63. Hedging her bets, Plaintiff now contingently requests a modified version of RAJI Agency 3—an instruction titled, "Actual

Authority"–because it "points in the right direction under *Schallock*"—in the event the Court agrees that the jury should be instructed on scope. Dkt. 5104 at 2-3. Uber respectfully submits that the Court should reject Plaintiff's contingent proposed instruction and give Uber's proposed instruction above on the scope of apparent agency.

As the Court previously explained, "the scope of liability under an apparent agency theory is limited by the ***usual scope-of-employment rules***." PTO 17 at 25 (emphasis added) (noting "Plaintiffs have not identified any cases where an agent was held liable for a tort under an apparent agency theory that would not have given rise to vicarious liability even if the tortfeasor had been an actual agent"); Dkt. 1932 ¶ 12 (stipulation that "[t]he Court's ruling that 'the scope of liability under an apparent agency theory is limited by the usual scope-of-employment rules,' PTO No. 17 at 25, applies to Plaintiffs' apparent agency claims (G.2) under the laws of Arizona"). Indeed, it is "indisputable that 'apparent authority must be based on the acts of the principal' and 'is limited to the scope of responsibility that is apparently authorized.'" PTO 17 at 26.

Because the scope of apparent agency cannot extend beyond the scope of employment, Plaintiff's contingent proposed instruction fails to adequately explain to the jury the test it must apply. It is not enough that the alleged agent's "course of conduct appears to the Plaintiff to be assigned by word, conduct or circumstance to the agent by the principal," Dkt. 5104 at 2, because Plaintiff's proposed instruction lacks any explanation of the boundaries Arizona law imposes on the possible scope of an agent's authority, whether actual or apparent.

As Uber explained in the parties' earlier Joint Jury Instruction Submission (Dkt. 4838 at 74-75), the "usual scope-of-employment rule"—which delimits the boundaries of any agency, whether actual or apparent—requires Plaintiff to establish three necessary elements (listed in the pattern instruction on Respondeat Superior, RAJI SI 5) to place an agent's acts within the scope of authority:

    1. The act was the kind that the agent was authorized to perform;
    2. The act occurred substantially within the authorized time and space limit of the authority; and
    3. The act was motivated at least in part by a purpose to serve the principal.

RAJI SI 5 (brackets and employment language omitted); *see also Doe v. Roman Cath. Church of Diocese of Phoenix*, 533 P.3d 214, 222 (Ariz. Ct. App. 2023), *review denied* (Dec. 15, 2023) ("An employee's conduct is within the scope of employment if it is the kind the employee is employed to perform, it occurs within the authorized time and space limits, and furthers the employer's business even if the employer has expressly forbidden it.") (citation, quotation marks, and alterations omitted). The only difference between the scope of apparent agency and actual agency (or employment), is that the acts of an apparent agent must fall within the scope of their "apparent," not "actual," authority—as the parties seem to agree, and as Uber's modifications to RAJI SI 5 reflect. But Plaintiff's proposal continues to ignore that apparent authority cannot exceed the limits of what an employer could actually authorize under usual scope-of-employment rules—as this Court held in PTO 17.

Plaintiff's argument in support of her alternative proposed scope instruction turns entirely on her contention that Arizona law expands the potential scope of employment/agency to include sexual torts. She continues to base that argument exclusively on *State v. Schallock*, 941 P.2d 1275 (Ariz. 1997). But that case simply does not apply here, as Uber explained in detail in its summary-judgment reply brief (Dkt. 4796 at 10-12) and the parties' Joint Jury Instructions Submission:

> *Schallock*'s holding "is narrowly applicable to cases involving longstanding abuse and harassment in the workplace by a manager with authority" over the "subordinates the manager victimizes." *Doe v. Roman Cath. Church of Diocese of Phoenix*, 533 P.3d 214, 223-24 (Ariz. 2023). *Schallock* itself stressed that its outcome turned on "factors peculiar to supervisory sexual harassment cases," explaining that this context "distinguishe[d] the case from the great majority of cases involving torts committed by a servant against either a non-employee or co-employee." 941 P.2d at 1281-82. Accordingly, there is no basis for Plaintiff's argument that *Schallock* applies here because it is "a sexual assault case." Just like the alleged sexual assault by a spiritual counselor in *Doe*, this case has nothing to do with managerial sexual harassment of subordinates, so no legal basis supports Plaintiff's [original] requested modification to the pattern instruction.

Dkt. 4838 at 74-75 (Uber's position). The exact same reasoning justifies rejecting Plaintiff's opposition to instructing the jury using the modified RAJI SI 5 pattern instruction Uber proposes now. Accordingly, the Court should give Uber's proposed instruction on the scope of apparent agency to the jury and reject Plaintiff's contingent alternative.

**DEFENDANTS' PROPOSED JURY INSTRUCTION ON PUNITIVE DAMAGES—NOT REQUIRED**

Punitive damages are not required, and you always have the right to decline to award punitive damages.

<u>Authority</u>: *Haralson v. Fisher Surveying, Inc.*, 31 P.3d 114, 119 (Ariz. 2001) ("The jury should also be reminded of its right to decline a punitive verdict altogether.").

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

# DEFENDANTS' PROPOSED JURY INSTRUCTION ON PUNITIVE DAMAGES (AMOUNT)—REASONABLE RELATIONSHIP

If you award punitive damages, the amount of punitive damages you award must not be unreasonably large when considered in relation to the amount of compensatory damages, if any, you award to the Plaintiff.

Authority: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) (when compensatory damages are substantial, a ratio of 1:1 may be the due process limit on punitive damages); *Exxon Shipping Co. v. Baker*, 554 U.S. 471 (2008) (approving a 1:1 ratio in a maritime case and discussing with approval language from *State Farm* regarding the 1:1 ratio due process limit); *TXO Prod. Corp. v. All. Res. Corp.*, 509 U.S. 443, 459 (1993); *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 21 (1991).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

# **DEFENDANTS' PROPOSED JURY INSTRUCTION ON PUNITIVE DAMAGES— LAWFUL CONDUCT**

In determining the amount of punitive damages, if any, you may not punish any Defendant for conduct that complied with federal or state law, was authorized by federal or state law, or was otherwise lawful where it occurred.

Authority: *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 421-22 (2003) ("A State cannot punish a defendant for conduct that may have been lawful where it occurred . . . . A jury must be instructed, furthermore, that it may not use evidence of out-of-state conduct to punish a defendant for action that was lawful in the jurisdiction where it occurred."); *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____
The Honorable Charles R. Breyer

# DEFENDANTS' PROPOSED JURY INSTRUCTION ON PUNITIVE DAMAGES— MITIGATING EVIDENCE

In deciding whether to award punitive damages, you should also take into consideration any mitigating evidence. Mitigating evidence is evidence which may demonstrate that there is no need for punitive damages, or that a reduced amount of punitive damages should be imposed against a Defendant.

Authority: *See Hardeman v. Monsanto Co.*, 997 F.3d 941, 976 (9th Cir. 2021) (punitive damages award was "grossly excessive" given the "mitigating" evidence); *Payne v. Jones*, 711 F.3d 85, 101-02 (2d Cir. 2013) ("significant mitigating factors" made punitive damages award "unreasonably high"); *Cooper v. Morales*, 535 F. App'x 425, 433 (5th Cir. 2013) ("mitigating factors" must be considered in evaluating punitive damages awards); *Davis v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 906 F.2d 1206, 1225 (8th Cir. 1990) ("circumstances attendant to the wrongdoer's actions, including any mitigating circumstances which may operate to reduce, but not defeat, the punitive damages award," must be "consider[ed]").

GIVEN: _____

REFUSED: _____

MODIFIED: _____

WITHDRAWN: _____

_____

The Honorable Charles R. Breyer

DATED: January 26, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Theane Evangelis (Admitted *Pro Hac Vice*)
Daniel Nowicki (Admitted *Pro Hac Vice*)
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
TEvangelis@gibsondunn.com
DNowicki@gibsondunn.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on January 26, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

                                            */s/ Laura Vartain Horn*
                                            Laura Vartain Horn