[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| | **DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE EXHIBIT 4236 AND IMPROPER QUESTIONING OF DR. MECHANIC AND PROPOSED JURY INSTRUCTION** |
| This Document Relates to: *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | Judge:   Hon. Charles R. Breyer |
| | Courtroom:   6 – 17th Floor |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN, | CASE NO. 25-cv-4276-PHX-CRB |
| Plaintiff, | Judge:   Hon. Charles R. Breyer |
| v. | Courtroom:   501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

**OPPOSITION TO MOTION TO STRIKE**

Plaintiff's motion to strike Exhibit 4236 should be denied.

To start, there is no doubt that the e-mails in Exhibit 4236 are authentic. Federal Rule of Evidence 901 requires only "evidence sufficient to support a finding that the item is what the proponent claims it is," Fed. R. Evid. 901(a)—it does not matter whether the witness "does not even remember" it. Mot. 1; see United States v. Workinger, 90 F.3d 1409, 1416 (9th Cir. 1996) (affirming authentication of taped interview where interviewer "could not specifically recollect listening to the tapes" for transcription review); United States v. Safavian, 435 F. Supp. 2d 36, 40 (D.D.C. 2006) (authenticating emails based on "distinctive characteristics, including the actual e-mail addresses containing the '@' symbol, … a distinctive mark that identifies the document in question as an e-mail"). Dr. Mechanic's testimony that Exhibit 4236 appears to be an email sent from her address suffices to authenticate it. See Jan. 26, 2026 Rough Tr. 234:6-8 ("Q. Your email address that you told the jury about is M Mechanic [at] Fullerton dot EDU, correct? A. That's my email.").

Next, admitting Exhibit 4236 and related testimony would not violate Federal Rule of Evidence 403. Contra Mot. 1. Dr. Mechanic's credibility and potential bias as a frequently testifying expert-for-hire is an undeniably proper topic for cross examination of an expert. Barten v. State Farm Mut. Auto. Ins. Co., 2015 WL 11111309, at *3 (D. Ariz. Apr. 8, 2015) ("The existence of bias or prejudice of one who has expressed an expert opinion can always be examined into on the cross-examination of such expert." (quoting United States v. Preciado-Gomez, 529 F.2d 935, 942 (9th Cir. 1976)); Stevens v. Davis, 2018 WL 659135, at *12 (N.D. Cal. Feb. 1, 2018) ("[I]mpeaching an expert by inquiring about payment for their testimony is a common and permissible tactic."). And the evidence is not cumulative of Dr. Mechanic's testimony that her "current profession is serving as an expert witness," Mot. 1; it illustrates to the jury not only that Dr. Mechanic is a professional paid expert but also that she would have been willing to offer opinions against alleged sexual assault survivors like Plaintiff, including in defense of Uber in a case involving similar facts. Dr. Mechanic's statement that she "testified in [a] sexual assault case a few months back" for a defense attorney who "mentioned . . . 'the jury LOVED you,'" and reported "[w]e got an acquittal despite the multiple victims who were intoxicated and

[defendant's] previous sexual assault conviction" underscores that she is more than willing to testify against alleged sexual-assault victims for pay. See Ex. 4236. That information goes beyond the mere fact that she is paid to testify and is relevant to the jury's evaluation of her credibility and objectivity. The evidence does not suggest that "Uber turned her down" and is not offered to suggest she harbors some animus towards Uber specifically. Contra Mot. 1. It is textbook impeachment evidence undermining Dr. Mechanic's credibility by demonstrating the extent of her malleability as a hired gun. See A&C Catalysts, Inc. v. Raymat Materials, Inc., 2014 WL 7463467, at *10 (N.D. Cal. Dec. 30, 2014) ("The Court has discounted some of this testimony in view of the bias of these paid witnesses, one of whom candidly admitted that, as a hired expert, he was a 'mercenary' (his term).").

Finally, Uber's counsel offered to clarify—and will clarify during further cross-examination—that Dr. Mechanic's testimony was not solicited by Uber in this case. During cross-examination, Uber's counsel imprecisely attempted to explain that a lawyer from Shook, Hardy & Bacon LLP was in contact with Dr. Mechanic about potential testimony on behalf of Uber in connection with another case against Uber involving similar allegations—a rider alleging sexual assault by a driver. Uber's counsel misspoke by referring to "this litigation" when describing the email, rather than "similar litigation," "related litigation," or the like. Rough Tr. at 234:105, 235:4-10. That is why Uber's counsel requested an opportunity "to clarify that with the witness tomorrow and explain that was the case," pursuant to the Court's suggestion that "at the very least, … it had to be made clear that that communication had nothing to do with this particular case. That it occurred five years earlier[.]" Jan. 26, 2026 Rough Tr. at 259:11-15. Accordingly, Plaintiff's motion is premature at best, and the parties should revisit the issue with the Court if necessary following Uber's counsel's clarifying cross-examination on this document tomorrow.

DATED:  January 27, 2026        Respectfully submitted,

        */s/ Laura Vartain Horn*
        Laura Vartain Horn (SBN 258485)
        **KIRKLAND & ELLIS LLP**
        555 California Street, Suite 2700
        San Francisco, CA 94104
        Telephone: (415) 439-1625
        laura.vartain@kirkland.com

        Kim Bueno (Admitted *Pro Hac Vice*)
        **KIRKLAND & ELLIS LLP**
        401 W. 4th Street
        Austin, TX  78701
        Telephone: (512) 678-9100
        kim.bueno@kirkland.com

        Allison M. Brown (Admitted *Pro Hac Vice*)
        **KIRKLAND & ELLIS LLP**
        2005 Market Street, Suite 1000
        Philadelphia, PA 19103
        Telephone: (215) 268-5000
        alli.brown@kirkland.com

        Jessica Davidson (Admitted *Pro Hac Vice*)
        **KIRKLAND & ELLIS LLP**
        601 Lexington Avenue
        New York, NY 10022
        Telephone: (212) 446-4800
        jessica.davidson@kirkland.com

        Theane Evangelis (Admitted *Pro Hac Vice*)
        Daniel Nowicki (Admitted *Pro Hac Vice*)
        **GIBSON DUNN & CRUTCHER LLP**
        333 South Grand Avenue
        Los Angeles, CA 90071-3197
        Telephone: (213) 229-7000
        TEvangelis@gibsondunn.com
        DNowicki@gibsondunn.com

        Sabrina H. Strong (SBN: 200292)
        Jonathan Schneller (SBN: 291288)
        **O'MELVENY & MYERS LLP**
        400 South Hope Street, 19th Floor
        Los Angeles, CA 90071
        Telephone: (213) 430-6000
        sstrong@omm.com
        jschneller@omm.com

        *Attorneys for Defendants*
        UBER TECHNOLOGIES, INC.,
        RASIER, LLC, and RASIER-CA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on January 27, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Laura Vartain Horn*
Laura Vartain Horn