[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION,<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS' PROPOSED CURATIVE INSTRUCTION REGARDING JENNIFER**<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  Courtroom 6 – 17th Floor<br><br>Date Filed: January 27, 2026<br><br>Trial Date: January 13, 2026 |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>            Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>            Defendants. | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:       Hon. Charles R. Breyer<br>Courtroom:  501 |

DEFENDANTS' PROPOSED CURATIVE INSTRUCTION
CASE NO. 3:23-md-03084-CRB

1   In connection with Defendants' Motion for Reconsideration of the Court's Order Denying
2   Motion for Mistrial, Defendants provided a curative instruction. Dkt. 5015 Exhibit A.  For the
3   reasons stated in Defendants' Motion for Reconsideration of the Court's Order Denying Motion
4   for Mistrial (Dkt. 5101), there is no cure to Plaintiff counsel's improper questioning of Ms.
5   Cissna regarding Jennifer and the appropriate remedy is to grant a mistrial. Should the Court deny
6   Defendants' Motion for Reconsideration of the Court's Order for a Mistrial, the Court should give
7   that instruction, *see* Dkt. 5015 Ex. A, and also deny Ms. Chase's motion to quash the deposition
8   and trial subpoena. As an alternative and based on the Court's statements in Court on January 26,
9   2026, Defendants offer the following curative instruction, which would be accompanied by
10  striking P-04532, the purported document from Jennifer.

## UBER'S PROPOSED CURATIVE INSTRUCTION REGARDING PLAINTIFF'S IMPROPER EXAMINATION OF ALLISON CISSNA

13  Members of the Jury, over the course of the trial you have heard testimony and evidence
14  about a user named Jennifer who made a complaint to Uber about Mr. Turay.  During the re-
15  direct examination of Ms. Alli Cissna, Plaintiff's counsel engaged in improper questioning of Ms.
16  Cissna. As a result, I am now going to instruct you about what is and what is not evidence
17  concerning Jennifer.

18  There is evidence in this case concerning Jennifer is that on March 25, 2019, Uber banned
19  Jennifer for safety support abuse for making substantially identical complaints against 19 drivers,
20  including Mr. Turay, seeking a refund.  There is also evidence that Mr. Turay's "safety lens"
21  included the complaint Jennifer made against him, even though Uber had identified it as false.
22  You can consider this evidence.

23  It is not evidence, and you must disregard any suggestion or argument by Plaintiff's
24  counsel that Jennifer did not commit support abuse. It is also not evidence, and you must
25  disregard any suggestion or argument that Plaintiff's counsel made that Uber knowingly
26  permitted Jennifer back on the platform. It is also not evidence, and you must disregard any
27  suggestion or argument that Jennifer is the victim of domestic violence. It is also not evidence,
28  and you must disregard, any suggestion or argument that Jennifer's complaints against drivers are

1  accurate based on her presence in the courtroom during Ms. Cissna's testimony. You must
2  disregard and give no weight to Plaintiff's counsel's arguments about Jennifer. You should not
3  consider it or allow it to influence your verdict in any way.

DATED: January 27, 2026                         Respectfully submitted,

/s/ Laura Vartain Horn
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Theane Evangelis (Admitted *Pro Hac Vice*)
Daniel Nowicki (Admitted *Pro Hac Vice*)
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
TEvangelis@gibsondunn.com
DNowicki@gibsondunn.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

-3-
DEFENDANTS' PROPOSED CURATIVE INSTRUCTION
CASE NO. 3:23-md-03084-CRB