ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK L. OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY IN SUPPORT OF MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| This Document Relates to:<br><br>*CL 169 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04672-CRB | Date:      February 13, 2026<br>Time:      10:00 a.m.<br>Courtroom:   6 – 17th Floor |

*NLG (K.T.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07259-CRB

*LS 635 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07376-CRB

*LS 636 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07381-CRB

*NLG (J.D.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07482-CRB

*NLG (T.P.) v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07484-CRB

*LS 639 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07616-CRB

*LS 14 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07844-CRB

*C.B. 1244 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07853-CRB

*LS 15 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-07862-CRB

*LS 646 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08086-CRB,

*K.A. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08120-CRB,

*CL 212 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08470-CRB,

*Brimlett v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08665-CRB, and

*JLG 180 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-08985.

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

**MEMORANDUM OF POINTS AND AUTHORITIES**

In their Motion to Dismiss Cases for Failure to Comply with PTO 31, Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Defendants" or "Uber") established that certain Plaintiffs have failed to comply with Pretrial Order No. 31 ("PTO 31") which required Plaintiffs who had not produced a bona fide Uber ride receipt to provide, within 30 days and under penalty of perjury, a detailed explanation of their efforts to locate that receipt and the reasons it could not be found. ECF 3877. The Court was clear in PTO 31: "A failure by a Plaintiff to provide the information required in this Order by the deadlines . . . shall subject the Plaintiff to dismissal without prejudice. *Id.*

These Plaintiffs' noncompliance with the Court's orders impairs Uber's ability to defend itself in this MDL, adequately investigate the claims against it under the immense time pressure of an MDL, and prepare for trial. Nothing in Plaintiffs' barebones Oppositions alters this conclusion. Effective management of the Court's docket, the public's interest in a quick resolution, the significant prejudice to Uber from delay, and the inadequacy of lesser sanctions all weigh decisively in favor of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987). Uber's request that the Court dismiss the Plaintiffs' cases at issue in this motion without prejudice is entirely reasonable. Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances, including in MDL proceedings where plaintiffs fail to timely comply with discovery orders. *See, e.g.*, *In re Phenylpropanolamine ("PPA") Prods. Liab. Litig.* (In re PPA), 460 F.3d 1217, 1232-34 (9th Cir. 2006); *In re Bextra & Celebrex Mktg. Sales Pracs. & Prods. Liab. Litig.* (In re Bextra), No. 05-CV-01699CRB, 2007 WL 136625, at *2 (N.D. Cal. Jan. 12, 2007) (Breyer, J.); *In re Taxotere (Docetaxel) Prods. Liab. Litig.* (In re Taxotere), 966 F.3d 351, 354 (5th Cir. 2020); *In re Guidant Corp. Implantable Defibrillators Prods. Liab., Litig. (In re Guidant)*, 496 F.3d 863, 865-66 (8th Cir. 2007); *In re Gen. Motors LLC Ignition Switch Litig.*, No. 14-MD-2543, 2019 WL 12048517, at *2 (S.D.N.Y. Sep't 9, 2019).

In their oppositions, five Plaintiffs responded that, following Uber's motion, they belatedly submitted either a PTO 31 statement or a Ride Receipt, and thus are now in compliance with PTO 31.

1

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

ECF 5037 at 1; 5043 at 1; ECF 5041 at 3; ECF 5019 at 2. Uber has confirmed that these Plaintiffs have in fact belatedly complied with PTO 31, and therefore withdraws its motion as to them, although Uber reserves any potential arguments regarding prejudice and the sufficiency of Plaintiffs' late submissions. In addition, on January 12, 2026, this Court dismissed the cases of two other Plaintiffs for failure to comply with PTO 10, rendering the Motion to Dismiss moot as to these Plaintiffs. ECF 4979.

Uber's Motion to Dismiss should be granted as to the remaining eight Plaintiffs. First, Uber seeks dismissal as to any of the Plaintiffs who either failed to file an Opposition to the Motion to Dismiss or belatedly filed an Opposition well past the Court's deadline. Plaintiff JLG 180 represented by the Johnson Law Group entirely failed to respond to Uber's Motion to Dismiss, and thus the Motion to Dismiss should be granted with respect to her. *Spears v. Baldwin Park Unified Sch. Dist.*, No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Plaintiffs LS 636, LS 635, LS 14,[1] and LS 646 filed a very late Opposition on January 23, 2026, three days after the Court's deadline, and thus this Court should disregard this Opposition. *See, e.g.*, *Kuhl v. Collins*, No. 23-cv-05604, 2025 WL 2402590, at *4 (N.D. Cal. Aug. 19, 2025) (Cisneros, J.) (noting Plaintiff had missed previous deadlines, and disregarding Plaintiff's Opposition brief "as filed too late"). Even if the Court considers the late-filed Opposition, these Plaintiffs are still woefully noncompliant with their obligations under PTO 31 and nothing in their Opposition persuades otherwise.

In addition, some of the Plaintiffs launch various procedural and substantive challenges to the Motion to Dismiss, but all of these challenges are unavailing. The Nachawati Law Group argues that Uber's Motion to Dismiss is procedurally improper. ECF 5041 at 4. But, as discussed below, Uber appropriately filed a motion to dismiss as permitted by Federal Rules of Civil Procedure 37 and 41 and was not required to meet and confer first.

---

[1] On September 15, 2025, under case MDL ID 4058, Levin Simes filed a complaint for Jane Doe LS 641. One day later, on September 16, 2025, Levin Simes filed an amended complaint under the same case number MDL ID 4058, but that amended complaint inexplicably named an entirely different plaintiff, John Doe LS 14. Uber has notified Levin Simes about the PTO 31 deficiency for the current Plaintiff, John Doe LS 14, and so accordingly moves to dismiss John Doe LS 14's case without prejudice.

2
DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

|   |   |
|---|---|
| 1 | Some Plaintiffs contend that, although they have failed to comply with PTO 31, they had "good" reasons for not doing so and, so this Court should not dismiss their cases so they can continue their efforts to reach their clients. ECF 5041 at 3-4, 9; ECF 5043 at 2; and ECF 5094 at 1. However, as recognized by the *Malone* court, this Court has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and managing its own docket, and thus Plaintiffs' noncompliance should not be countenanced. Finally, some Plaintiffs assert that Uber has not been harmed by their failings and that dismissal is too harsh of a sanction for their violation of Court orders. ECF 5041 at 6-7, 9. But Uber has been harmed, as set forth herein. And Plaintiffs have already been given warnings of their noncompliance, making dismissal without prejudice an appropriate remedy. *See, e.g.*, *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997). |

Some Plaintiffs contend that, although they have failed to comply with PTO 31, they had "good" reasons for not doing so and, so this Court should not dismiss their cases so they can continue their efforts to reach their clients. ECF 5041 at 3-4, 9; ECF 5043 at 2; and ECF 5094 at 1. However, as recognized by the *Malone* court, this Court has an abiding interest in safeguarding the public's interest in expeditious resolution of the litigation and managing its own docket, and thus Plaintiffs' noncompliance should not be countenanced. Finally, some Plaintiffs assert that Uber has not been harmed by their failings and that dismissal is too harsh of a sanction for their violation of Court orders. ECF 5041 at 6-7, 9. But Uber has been harmed, as set forth herein. And Plaintiffs have already been given warnings of their noncompliance, making dismissal without prejudice an appropriate remedy. *See, e.g.*, *Jackson v. United States*, 116 F.3d 484, 484 (9th Cir. 1997).

Pursuant to the procedures set forth in PTO 31, Uber seeks an order dismissing the eight Plaintiffs' cases[2] without prejudice for failure to timely and substantially comply with PTO 31.

## ARGUMENT

**A. Five Plaintiffs have either not responded to Uber's motion or filed their Oppositions out of time and therefore should be deemed to have consented to the relief sought.**

The Johnson Law Group, representing Plaintiff JLG 180, has not filed an opposition to Uber's Motion to Dismiss. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States*, 901 F.Supp.2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction under Rule 41. *Sotoodeh v. City of South El-Monte*, No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears*, 2025 WL 2028305, at *1. Thus, because Plaintiff JLG 180 compounded the failure to timely comply with PTO 31 by failing to timely oppose Uber's motion to dismiss, the motion should be granted as to that Plaintiff.

The Levin Simes law firm, representing Plaintiffs LS 636, LS 635, LS 14, and LS 646, belatedly filed an opposition to Uber's Motion to Dismiss on January 23, 2026, three days after the

---

[2] Uber now seeks to dismiss the following 8 Plaintiffs' cases without prejudice: LS 636, LS 635, LS 14, LS 646, JLG 180, NLG (K.T.), NLG (J.D.), and CL 169. An amended proposed order is included with this Reply for this Court's convenience.

3
DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB

deadline under Local Rule 7-3. Such a delinquent response is part of a pervasive pattern of failing to follow Court orders and thus Levin Sime's Opposition should be disregarded by the Court. *See Kuhl*, 2025 WL 2402590, at *4; *Donahue v. Antioch Police Dep't*, No. 23-cv-5564, 2025 WL 1192097, at *15 (N.D. Cal. Apr. 24, 2025) (ignoring Plaintiff's Opposition to Motion for Summary Judgment because it was "late-filed"); *cf. Gjovik v. Apple, Inc.*, No. 5:11-cv-1846, 2025 WL 637931, at *2-3 (N.D. Cal. Feb. 27, 2025) (noting that pro se litigant's corrected opposition brief was seven hours late and over the page limit and that the "Court could well strike her brief," but deciding to nevertheless consider the delinquent brief and that Plaintiff was now "forewarned" that she must comply with all deadlines").

Even if this Court exercises its discretion to consider the late-filed opposition, dismissal without prejudice remains appropriate for the four Levin Simes Plaintiffs where, as here, the Plaintiffs' noncompliance is part of a broader pattern of disregarding court-ordered obligations. Plaintiffs' failure to timely comply with PTO 31, compounded by their failure to timely oppose Uber's Motion, warrants dismissal without prejudice.

**B. Uber withdraws, without prejudice, its motion as to those Plaintiffs who have belatedly produced Ride Receipts or PTO 31 Statements or whose cases have recently been dismissed.**

Five Plaintiffs – C.B. 1224, Jane Roe C.L. 212, Jane Doe NLG (T.P.), K.A., and Brimlett – submitted either a PTO 31 statement or a Ride Receipt after Uber filed its Motion. They thus claim they are now in compliance with PTO 31 and should not be subject to dismissal without prejudice. ECF 5037 at 1; 5043 at 1; ECF 5041 at 3; and ECF 5019 at 2. These Plaintiffs have not offered any excuse for their late submissions, nor any apology for the failure to comply with this Court's order, and Uber should not have to file a dispositive motion in order for Plaintiffs to comply with their court-ordered obligations. Nonetheless, Uber withdraws its motion as to these Plaintiffs, although it reserves and does not waive any potential arguments regarding prejudice to Uber and the sufficiency of Plaintiffs' late submissions. Uber further reserves the right to seek an award of sanctions, including reasonable attorneys' fees and costs, against Plaintiffs or counsel for continued disregard of this Court's orders.

In addition, on January 12, 2026, after Uber filed its Motion to Dismiss for Failure to Comply with PTO 31, this Court dismissed without prejudice the cases of Levin Simes Plaintiffs Jane Doe LS 639 and John Doe LS 15 for failure to comply with PTO 10. ECF 4979. Since these two Plaintiffs' cases have been dismissed without prejudice on other grounds, the instant Motion to Dismiss has been rendered moot. However, Uber reserves its rights and does not waive any potential future reinstatement of this Motion as to them.

**C. Uber's motion was procedurally proper.**

The Nachawati Law Group's Opposition argues that Uber should have met and conferred with Plaintiffs before filing its motion. ECF 5041 at 4. But a meet and confer was not required. Under the plain language of Local Rule 37-1, the meet-and-confer requirement applies only to "a motion to resolve a disclosure or discovery dispute." L.R. 37-1(a). And courts have been clear that "a motion relating to sanctions pursuant to Rule 37," such as Uber's present Motion, is "not a discovery motion." *Endurance Am. Specialty Ins. Co. v. Lance-Kashian & Co.,* No. 10-cv-1284, 2011 WL 4841285, at *3 (E.D. Cal. Oct. 12, 2011). Accordingly, there is "no obligation to meet and confer… before bringing [a] motion for sanctions." *Johnson v. Williams,* No. 2:20-cv-01835, 2025 WL 2401323, at *2 (D. Nev. Aug. 1, 2025). In fact, the Ninth Circuit has held that any local rule requiring a conference prior to imposition of sanctions under Rule 37 would be inconsistent with that rule and therefore unenforceable. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008). Moreover, it is difficult to understand what there would have been for Uber and the Plaintiffs to meet and confer about. **This Court** set the deadline Plaintiffs have disregarded, and Uber cannot give them permission to ignore Court orders. *In re Toy Asbestos*, No. 19-cv-00325-HSG, 2021 WL 1056552, at *3 (N.D. Cal. March 19, 2021) ("The parties are not free to disregard Court orders, whether they agree among themselves or not."); *Brown v. Wescott*, No. C13–369 MJP, 2013 WL 6670252, at *4 (W.D. Wash. Dec. 18, 2013) ("The Parties do not have the power to alter Court orders setting deadlines by entering into side agreements.").

1    Even if the parties could agree to disregard the Court's orders, the Nachawati Law Group admits that it lost contact with these clients, and therefore would not have the authority to enter into any agreements with Uber. The meet and confer requirement can be excused where, as here, meeting and conferring would be futile. *Tapgerine, LLC v. 50Mango, Inc.*, No. C 16-06504, 2017 WL 1956874, at *3 (N.D. Cal. May 11, 2017). And regardless, Uber and the Nachawati Law Group have already discussed the Plaintiffs' PTO 31 deficiencies, including most recently by serving these Plaintiffs with a Notice on November 5, 2025 identifying the Plaintiffs' PTO 31 violation(s) and stating that if Plaintiffs did not comply their cases may be subject to dismissal without prejudice. In other words, the parties' positions are known to one another and further conferrals would not be constructive or required.

**D. Plaintiffs' failure to comply with the PTO 31 deadline cannot be excused and mandates dismissal under the first three *Malone* factors.**

Some Plaintiffs contend that, although they have failed to comply with PTO 31, they had "good" reasons for not doing so and, so this Court should not dismiss their cases so they can continue their efforts to reach their clients. ECF 5041 at 3-4, 9; ECF 5043 at 2; ECF 5094 at 1. Specifically, Nachawati Law Group argues that "a plaintiff may become unavailable for various reasons as litigation progresses," and therefore asks the Court to "allow additional time for counsel to reach or reconnect with these clients." ECF 5041 at 4. The Cutter Law firm maintains that it "continues to reach out and follow up with Jane Roe CL 169, and with a brief extension, will hopefully have her sworn statement to be compliant with the discovery obligations at issue." ECF 5043 at 1. Levin Simes[3] argues that "there are many reasons why these victims of sexual assault could be unresponsive" and that Levin Simes has "worked diligently" to reach the plaintiffs but despite "every effort," they have not been able to reach them. ECF 5094 at 1.

These meager attempts to explain away Plaintiffs' noncompliance and seek serial extensions are unavailing. At bottom, the Court still has an abiding interest in safeguarding the public's interest

---

[3] Levin Simes states that, in addition to Jane Doe LS 635, Jane Doe LS 636, John Doe LS 14, Jane Doe LS 646, they have also tried to reach out to Jane Doe LS 652 without success. As Jane Doe LS 652 was not the subject of the instant Motion to Dismiss, Uber does not address her case here.

1  in expeditious resolution of the litigation and the Court's need to manage its own docket, as recognized
2  by the first two factors outlined by the Court in Malone. *Malone*, 833 F.2d at 130. And Uber has been
3  significantly prejudiced by Plaintiffs' non-compliance because it lacks even basic information about
4  the claims against which it is being asked to defend. *See Comput. Task Grp, Inc. v. Brotby*, 364 F.3d
5  1112, 1116 (9th Cir. 2004). These law firms are essentially arguing that the first three factors under
6  *Malone* should be ignored because there are many reasons why a Plaintiff may become unavailable
7  and thus make compliance with a Court order impossible.

8  Whether couched in the language of the *Malone* factors or not, Plaintiffs cannot ignore this Court's obligation to zealously manage its own docket and protect the public's interest in expeditious resolution of the litigation or the prejudice to Uber from their noncompliance. While there might be various challenges confronting Plaintiffs who have allegedly suffered all types of harms, courts have recognized that difficulty in locating clients or the difficult nature of the injuries at issue are not adequate excuses for the failure to comply with a court order. *In re PPA*, 460 F.3d at 1233; *see also Richards v. Centripetal Networks, Inc.,* No. 23-cv-00145-HSG, 2024 WL 3834386, at *2 (N.D. Cal. Aug. 15, 2024). By choosing to file their lawsuits, Plaintiffs have agreed to take on the burdens of compliance with court orders, which by their nature may be personally challenging but regardless, "compliance is not optional." *Capolupo v. Ellis*, No. 18-cv-07458-RMI, 2019 WL 2327883, at *7 (N.D. Cal. May 31, 2019).

**E. Plaintiffs' failure to comply with the Court's Order overrides the public policy favoring disposition on the merits, and no less drastic sanction is available.**

Although disposition on the merits is generally preferred, in cases like this one, a "Plaintiff's inaction outweighs merit-based preference." *Torres v. General Motors LLC*, No. 24-cv-02474-BEN-JLB, 2025 WL 1435524, at *2 (S.D. Cal. May 16, 2025); *see also Collins v. Laborers Int'l Union of N. Am.*, No. 24-3937, 2025 WL 1895310, at *2 (9th Cir. July 9, 2025) ("the district court did not abuse its discretion in determining the factors supporting dismissal outweighed the public policy favoring disposition on the merits").

And, dismissal without prejudice is not too drastic a sanction in this case. This Court has already warned Plaintiffs that "failure by a Plaintiff to provide the information required [by PTO 31] by the deadlines…shall subject the Plaintiff to dismissal without prejudice." ECF 3877. And, other courts in this Circuit have recognized that dismissal is an appropriate remedy where a party has previously been warned about its non-compliance with a court order and still failed to comply. *Jackson*, 116 F.3d at 484; *Degrelle v. Simon Wiesenthal Center*, 883 F.2d 1023 (9th Cir. 1989*); Hilton v. Pagani Worldwide LLC*, No. 19-cv-01848-VC, 2020 WL 2528935, at *4 (N.D. Cal. Apr. 16, 2020). Indeed, Uber is not even requesting dismissal with prejudice of Plaintiffs' cases despite their long-term non-compliance with this Court's order and previous warnings, but rather seeks only dismissal without prejudice. This is, in fact, a less drastic sanction than is certainly warranted by existing law. What Plaintiffs want is open-ended permission to ignore the Court's order to submit a Ride Receipt or a PTO 31 statement, which would be contrary to law and highly prejudicial to Uber. There is no situation in which an unsubstantiated claim should persist in this litigation, particularly given the fact that many other Plaintiffs are fully able to submit the required information.

## CONCLUSION

Plaintiffs' continued failure to comply with court orders and rules persists beyond reasonable delay and veers head into intentional avoidance of Court-mandated deadlines in pursuit of allegations that seemingly have no plaintiff attached to them. None of the Plaintiffs' Oppositions change the basic facts here: despite over a month in which to do so, Plaintiffs have still not complied with PTO 31. Their excuses for failing to do so are insufficient and Uber has been prejudiced in its ability to defend its case. This Court should take the same approach as other MDL courts and dismiss these eight Plaintiffs' claims without prejudice.

Dated: January 27, 2026

SHOOK, HARDY & BACON L.L.P.

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400

| | |
|---|---|
| 1 | Los Angeles, CA 90067 |
| 2 | Telephone: (424) 285-8330 |
|   | Facsimile: (424) 204-9093 |

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

9

DEFENDANTS' REPLY ISO MOTION TO DISMISS
CASES FOR FAILURE TO COMPLY WITH PTO 31

Case No. 3:23-MD-3084-CRB