[Submitting counsel below]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION <br><br> This Document Relates to: <br><br> *Jaylynn Dean v. Uber Techs., Inc.*, <br> No. 23-cv-06708 <br> D. Ariz. No. 25-cv-4276 | CASE NO. 3:23-MD-03084-CRB <br><br> **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF REGARDING TESTIMONY OF CHAD DOBBS** <br><br> Judge:     Hon. Charles R. Breyer <br><br> Courtroom:   6 – 17th Floor |

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

**PHOENIX DIVISION**

| | |
|---|---|
| JAYLYNN DEAN, <br><br>      Plaintiff, <br><br> v. <br><br> UBER TECHNOLOGIES, INC., et al., <br><br>      Defendants. | CASE NO. 25-cv-4276-PHX-CRB <br><br> Judge:     Hon. Charles R. Breyer <br><br> Courtroom:   501 |

**PROFFER REGARDING TESTIMONY OF CHAD DOBBS**

Uber submits this Trial Brief in response to the Court's inquiry at the close of yesterday's proceedings about the scope of Chad Dobbs's 30(b)(6) deposition. As detailed below, Mr. Dobbs's testimony falls within the scope of the topics for which Uber designated him as a 30(b)(6) deponent and Plaintiff thus had ample opportunity to examine him on those topics during his nearly eight hours of on-the-record deposition testimony. Consistent with the subjects on which he was offered as a corporate representative, Uber noticed Mr. Dobbs in its first witness list as a trial witness on Uber's independent contractor business model—a capacious subject at the heart of this case. Mr. Dobbs's trial testimony was therefore fully appropriate and there is no basis to strike it.

Uber designated Mr. Dobbs as a 30(b)(6) witness on eight topics noticed by Plaintiff. As relevant here, those topics include:

    1.    Your strategy to increase the number of Riders and Rides for 2018 to present.

    2.    Your reasoning and basis for using an independent contractor model and how use of that model affected sexual assault prevention.

    3.    All means You employ to incentivize Drivers, including incentives for Drivers to increase the total number of hours they drive, the times at which they drive, and the locations where they pick up Riders.

    4.    All means You employ to incentivize Your employees, managers, and agents to increase or maintain driver supply and/or driver supply hours, including but not limited to KPIs or similar metrics,compensation, incentive programs, quotas, rewards and equity.

    5.    All means You employ to incentivize Your employees, managers, and agents to increase or maintain driver supply and/or driver supply hours available during nights and weekends, including but not limited to KPIs or similar metrics, compensation, incentive programs, quotas, rewards and equity.

    8.    Uber's policies, practices, and procedures for recruiting Drivers in each of the Bellwether Regions.

8a. Incentives, campaigns, policies, or directives related to Driver recruitment in the two years prior to each time the Subject Drivers applied to drive with Uber.

8b. Incentives, campaigns, policies, or directives related to Driver Supply in the two years prior to each time the Subject Drivers applied to drive with Uber.

8c. Campaigns or Marketing targeted at the Bellwether Regions in the two years prior to each time the Subject Drivers applied to drive with Uber.

8d. Uber's target quantity of Drivers for the Bellwether Regions in the two years prior to each time the Subject Drivers applied to drive with Uber.

The testimony offered by Mr. Dobbs falls within the scope of these topics—Plaintiff thus had the opportunity to question Mr. Dobbs on each of the subjects of his testimony and did, in fact, question him on many of them:

| Trial Testimony (Rough transcript) | Dobbs Testimony | Scope of 30(b)(6) Deposition |
|---|---|---|
| Pages 80-81 | **Uber's Business:** Uber controls the technology but riders and drivers are in control of how they use the platform. | **Topic 2:** Your reasoning and basis for using an independent contractor model and how use of that model affected sexual assault prevention.<br><br>**Deposition**: 385:13-18 (describing independent contractor model and the flexibility it provides drivers); 393:24-394:9 (discussing business is built around the fact that drivers can drive when they want and where want and how long they want) |
| Pages 82-84 EX4239 | **Uber's Business:** Arizona legislature and DoT control regulatory framework | **Topic 2:** Your reasoning and basis for using an independent contractor |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF REGARDING TESTIMONY OF CHAD DOBBS

| | | |
|---|---|---|
| | Transportation Network Companies; Uber is licensed to operate in AZ. | model and how use of that model affected sexual assault prevention. |
| Pages 84-88 | **Description of Uber's business model:** Uber is a technology company; technology is used as a marketplace to connect people who; Riders and drivers are its customers; its competitors are other modes of travel; Uber provides services to its customers | **Topic 2**: Your reasoning and basis for using an independent contractor model and how use of that model affected sexual assault prevention.<br><br>**Deposition**: Pages 39-46 (testimony on balancing the marketplace, supply and demand). |
| Pages 88-89 | **Lead Generation/Incentives**: Description of how Uber provides alerts and incentives to Drivers to find riders and optimize earnings; balance the marketplace | **Topics 3 & 8 (Driver Incentives)**:<br><br>**Deposition:** 43:22-44:2 (explaining that rider and driver incentives are ways to encourage users to use the platform); 45:19-46:2 (discussing use of incentives to balance the marketplace) |
| Pages 90-97 | **Uber terminology and Agreements:** Uber driver versus a driver who is choosing to use the Uber platform; drivers are not employees<br><br>Technology Services Agreement, Platform Access Agreement, and Terms of Use signed by Mr. Turay and key language in each agreement outlining the relationship between Mr. Turay. Terms of Use signed by Ms. Dean. | **Topic 2**: Your reasoning and basis for using an independent contractor model and how use of that model affected sexual assault prevention. |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF REGARDING TESTIMONY OF CHAD DOBBS

3

CASE NO. 3:23-MD-03084-CRB

| Pages 97-100 | **Vehicle Solutions Program:** Uber has partnerships with third party rental companies across the country that enable drivers to access vehicles to rent/lease (~7%). Uber does not own the vehicles. No data to suggest individual who partners with Vehicle Solutions Provider are more likely to engage in sexual assault of misconduct. Vehicle Mr. Turay was driving on night of incident was through a rental program. | **Topic 2**: Your reasoning and basis for using an independent contractor model and how use of that model affected sexual assault prevention.<br><br>**Deposition:** 273:25-274:8 (answering question posed by Plaintiff's counsel concerning Uber's partnerships with rental agents). |
|---|---|---|

To the extent Plaintiff did not question Mr. Dobbs at his deposition about subjects relevant to Uber's independent contract business model on which he offered testimony, that failure is no basis to limit Mr. Dobbs's trial testimony, especially given Uber's disclosure of Mr. Dobbs as a trial witness on the subject. Further, even if the Court were to determine that Mr. Dobbs's testimony in some respects exceeded the subjects for which he was noticed as a 30(b)(6) deponent, that would be no basis to limit his testimony as a percipient fact witness. *See Petrone v. Werner Enterps. Inc.*, 2017 WL 2118650, at *2 (D. Neb. 2017) ("Werner cites no authority for the proposition that an individual called as a fact witness is limited to matters testified to as a 30(b)(6) witness. Plaintiffs are not limited to the scope of Mullen's 30(b)(6) deposition testimony simply because he was a designated 30(b)(6) witness."). Plaintiffs were well-aware of Mr. Dobbs's role in the company, his areas of responsibility, and the relevance of his responsibilities to this litigation, and had every opportunity to seek discovery from him beyond the subjects of his 30(b)(6) testimony. Their failure to do so furnishes no basis to limit his fact testimony at trial.

Dated:  January 28, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX  78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Theane Evangelis (Admitted *Pro Hac Vice*)
Daniel Nowicki (Admitted *Pro Hac Vice*)
**GIBSON DUNN & CRUTCHER LLP**
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: (213) 229-7000
TEvangelis@gibsondunn.com
DNowicki@gibsondunn.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

# CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Laura Vartain Horn*
Laura Vartain Horn