Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (*Admitted Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S REPLY SUPPORTING MOTION FOR ENTRY OF AN ORDER TO SHOW CAUSE AND LIMITED DEPOSITIONS** |
| This Document Relates to:<br><br>ALL ACTIONS | Judge: Honorable Charles R. Breyer<br>Date: February 13, 2026<br>Time: 10:00 a.m.<br>Courtroom: 6 – 17th Floor |

## MEMORANDUM OF POINTS AND AUTHORITIES

In their Motion for (1) Entry of an Order To Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona-Fide Receipts Should Not Be Dismissed With Prejudice and (2) Allowing Limited Depositions of 5 Plaintiffs Referenced Herein (the "Motion"), Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber") provided evidence, including forensic analysis, that the Plaintiffs at issue had submitted non-bona fide receipts and that Plaintiffs and third parties may be coordinating with other Plaintiffs to perpetrate fraud in this litigation. ECF 4933.

None of these Plaintiffs' responses deny the alleged fraud in Uber's Motion. They all defrauded the Court and Uber. That is undisputed. Nor do they dispute that other individuals may be coordinating this fraud, including on an MDL-wide basis. Most troublingly, Plaintiffs' Counsel are unbothered by the repeated fraud, which is continuing unabated as evidenced by the observations below:

- 9 fraudulent receipts subject to motions that were provided to counsel and uploaded on plaintiffs' behalf *after* the filing of Uber's First Motion on July 30, 2025;
- 2 individuals' (to date) authentic receipts used as the basis for 6 fraudulent filings; and
- Plaintiffs' Counsel who take no responsibility for verifying the authenticity of documents submitted to the Court, and plaintiffs who then vanish when their claims are scrutinized (if they were ever even in contact with the law firm at the time of filing[1]).

These actions are no longer anomalies but an unfortunate and predictable result of the troubling practices by firms that prioritize mass recruitment over claim vetting. Plaintiffs' Counsel continue to

---

[1] *See, e.g.,* ECF 5050 (Pulaski Kherkher "has attempted to reach Plaintiffs N.C. and D.P. multiple times and [by] various methods… but neither Plaintiff has responded. Similarly, Plaintiff L.M.B. has failed to reply to counsel's contact attempts."); ECF 4258-1 (Wagstaff firm averring that "Plaintiff M.J. has not responded to any phone calls, emails, SMS, or mail delivered to Plaintiff M.J.'s last known address over the last several months."). Defendants were able to identify an account and verify that the alleged ride occurred for Plaintiff L.M.B. yet she appears to be a non-participating Plaintiff.

The Wagstaff Firm refers to their Motion to Withdraw (ECF 4258) which was denied by this court (ECF 4434). In their Declaration in Support of the Motion to Withdraw (ECF 4258-1), Wagstaff states that they had reservations about their clients claims which, after several attempts to contact her, resulted in a phone call and email to her on September 26, 2025. That same day, Wagstaff submitted, via the MDLC, the fraudulent ride receipt that is subject to the Fourth Fraud Motion (Document ID 152695). Wagstaff further claims that it attempted several times over the next month to contact their client to no avail. ECF 4258-1. Defendants filed their DFS via the MDLC on October 24, 2025, which noted that they were unable to find an account for the plaintiff nor a ride that matched the one in the uploaded receipt (Document ID 162114). Five days later, Wagstaff filed its Motion to Withdraw without notifying Defendants of any suspected fraud.

---

shift the burden to Uber to investigate fraud, wait until Court intervention to address basic compliance with federally mandated discovery obligations, and ***then move to withdraw when fraud becomes undeniable***. Plaintiffs' Counsel seek to shield themselves and their clients from accountability, leaving fraudulent filings on the docket for months, and unfairly burdening not only the Court and Defendants, but also the independent drivers whose names are linked to Plaintiffs' fraudulent accusations.

The submission of falsified discovery is grounds for dismissal *with* prejudice under Federal Rule of Civil Procedure 37. *Pro. Seminar Consultants, Inc. v. Sino Am. Tech. Exch. Council, Inc.*, 727 F.2d 1470, 1474 (9th Cir. 1984). Effective management of the Court's docket, the public's interest in a quick resolution, the prejudice to Uber from delay and overall lack of participation from Plaintiffs in this litigation, and the inadequacy of lesser sanctions favor this result. *See Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990).[2] Indeed, courts have repeatedly ordered cases to be dismissed with prejudice under similar circumstances. *See, e.g.*, *Thompson v. Hous. Auth. of City of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986) (per curiam) ("We have repeatedly upheld the imposition of the sanction of dismissal for failure to comply with pretrial procedures mandated by local rules and court orders."); *IV Solutions, Inc. v. Office Depot Emp. Welfare Benefit Plan*, No. 07-cv-1603, 2009 U.S. Dist. LEXIS 133650, at *14 & *26 (C.D. Cal. May 13, 2009); *see also, e.g.*, *Singh v. Hancock Nat. Res. Grp., Inc.*, No. 15-cv-01435, 2017 U.S. Dist. LEXIS 24893, at *24 (E.D. Cal. Feb. 21, 2017).

Two of the six Plaintiffs who were identified in Uber's Motion failed to file a response to the Motion and therefore should be deemed to have consented to the relief Uber sought. *Spears v. Baldwin Park Unified Sch. Dist.,* No. 24-1428, 2025 WL 2028305, at *1 (9th Cir. July 21, 2025). Four other Plaintiffs filed responses but made only the conclusory assertion that they should be granted additional time to respond because they are unable to get in contact with their own clients. ECF 5050; ECF 5055. They have waived any substantive arguments against the relief Uber seeks and accordingly Uber's motion should be granted. *See Waterkeeper All. v. U.S. EPA,* 140 F.4th 1193, 1213 (9th Cir. 2025).

---

[2] In their responses, none of the Plaintiffs subject to Uber's Motion addressed any of the five factors identified in cases like *Adriana* as bearing on whether a court should dismiss with prejudice under Federal Rule of Civil Procedure 37. ECF 5050; ECF 5055. Uber does not repeat its analysis of those factors here, but rests on its briefing. ECF 4933 at 13-16.

The Wagstaff Law Firm goes on to argue that the requested depositions of their clients "will simply be a waste of time" until their clients come forward with information about the veracity of their ride receipts. ECF 5055 at 2. In other words, Plaintiffs' Counsel proposes to allow their clients to indefinitely delay sworn testimony that would assist the Court with identifying others involved in the fraud on the docket until such time as they feel like providing unsworn explanations about their ride receipts. The requested depositions are wholly relevant to Plaintiffs' claims and the evidence of fraud therein as well ***as to the issue of whether fraudsters assisted them and others in committing fraud.*** They should not be delayed due to Plaintiffs' disregard for court ordered obligations. Uber's requested relief imposes no burden that Plaintiffs have not agreed to undertake by filing their complaints. *See Est. of Arroyo v. Cnty. of S.D.,* No. 21-cv-1956, 2025 WL 1914399, at *12 (S.D. Cal. Apr. 14, 2025).

Uber's motion should be granted in all respects as with prior fraudulent receipts motions. In addition, and in light of Plaintiffs' Counsel's responses, Defendants respectfully request that the Court supplement the existing relief (dismissal with prejudice, and depositions) sought in the Proposed Order to Show Cause Why Plaintiffs in Exhibit A1 Who Have Submitted Non-Bona Fide Ride Receipts Should Not Be Dismissed With Prejudice (ECF 4933-1) with the following relief:

- The records for Plaintiffs with MDL ID's 3698, 3700, 3879, and 4142 should be ordered to be unsealed in light of the fraud on the MDL Court and Uber; and
- Pulaski Kherkher and Reich and Binstock shall provide within 5 court days a sworn declaration that addresses counsel's presuit investigation as to the claims at issue here.

## ARGUMENT

**I. Plaintiffs with MDL IDs 3879 and 4142 have not responded to Uber's Motion and therefore should be deemed to have consented to the relief sought.**

Reich and Binstock, LLP, representing the Plaintiffs with MDL IDs 3879 and 4142, did not file a response in opposition to Uber's Motion. "Plaintiff's failure to respond may be interpreted as nonopposition." *George v. United States,* 901 F. Supp .2d 1179, 1188 (N.D. Cal. 2012). And unopposed motions can be granted as a sanction. *Sotoodeh v. City of S. El-Monte,* No. 24-3848, 2025 WL 1409493, at *2 (9th Cir. May 15, 2025). Even in the context of case-terminating motions to

1  dismiss, failure to respond is deemed to be consent to the motion being granted. *Spears,* 2025 WL
2  2028305, at *1. Thus, because Plaintiffs with MDL IDs 3879 and 4142 failed to timely oppose Uber's
3  Motion, the motion should be granted as to both of these Reich and Binstock, LLP Plaintiffs.

**II.  Four other Plaintiffs have failed to make substantive arguments or cite legal authority in opposition and should be deemed to have waived any challenge to the relief sought.**

Pulaski Kherkher, PLLC and the Wagstaff Law Firm filed "responses" on behalf of their clients but did not include any supporting arguments or citations as to those clients. ECF 5050; ECF 5055. Both briefs are less than two pages in length and state that (a) the court should permit the depositions but deny Defendants' request for dismissal with prejudice (Pulaski Kherkher, PLLC; ECF 5050) and (b) the court should deny the depositions but permit Defendants' request for dismissal with prejudice (the Wagstaff Law Firm; ECF 5055). These purported oppositions ***do not argue that Plaintiffs did not commit fraud*** or cite authority suggesting that potential discovery fraud is not serious or should not result in a show cause order. ECF 5050; ECF 5055. It is well established that courts "will generally not consider . . . arguments that are not meaningfully developed." *Waterkeeper All.,* 140 F.4th at 1213; *see also United States v. Graf*, 610 F.3d 1148, 1166 (9th Cir. 2010) ("Arguments made in passing and not supported by citations to the record or to case authority are generally deemed waived."); *United States v. Wenger,* No. 23-cr-00268, 2025 WL 256988, at *11 (N.D. Cal. Jan. 17, 2025) (argument waived through failure to point to evidence or provide citations to the record). Indeed, parties can be deemed to have "abandoned" claims or arguments that they fail to sufficiently develop. *Blumenkron v. Multnomah Cnty.,* 91 F.4th 1303, 1318 (9th Cir. 2024); *see also Hughes v. Rodriguez,* 31 F.4th 1211, 1224 (9th Cir. 2022) (claims waived where party failed to "include his contentions and the reasons for them, with citations to the authorities and parts of the record on which he relied") (cleaned up); *Allen v. Lizarraga,* No. 15-cv-04387, 2018 WL 3956207, at *18 (N.D. Cal. Aug. 17, 2018) (claim "effectively waived" where party "provide[d] no arguments to support" it). Because Plaintiffs represented by Pulaski Kherkher, PLLC and the Wagstaff Law Firm have waived any opposition to Uber's arguments in the Motion by failing to specifically respond to them, Uber's Motion and

4

requested relief should be granted. *See McKinney v. Corsair Gaming, Inc.,* 646 F. Supp. 3d 1133, 1145 (N.D. Cal. 2022) (granting motion where Plaintiffs waived their opposition to supporting argument).

### III. In Light of Plaintiffs' and Plaintiffs' Counsel's Continued Discovery Misconduct, the Additional Relief that Defendants Are Proposing is Warranted Under Rule 37.

In its Motion, Uber argued that dismissal with prejudice alone is insufficient and that additional relief is necessary for Pulaski Kherkher, PLLC and Reich and Binstock, LLP. ECF 4933 at 24. Defendants' request invoked the Court's authority under Federal Rules of Civil Procedure 16(f) and 37(b) to issue appropriate, non-terminating orders in response to noncompliance with Court directives and discovery obligations. Those rules expressly authorize the Court to issue "any just orders" when parties fail to comply with pretrial orders or discovery orders, including measures short of dismissal designed to secure compliance and protect the integrity of the proceedings. The relief discussed in Uber's Reply does not attempt to expand the scope of the Fourth Motion; it addresses the very question the Motion preserved—whether dismissal alone is sufficient—by identifying narrower, compliance-oriented measures that respond directly to circumstances Plaintiffs described in their opposition. Plaintiffs' responses made clear that ordinary enforcement mechanisms have proven ineffective in certain cases: multiple firms represented that they cannot locate or communicate with their own clients, that Court-ordered depositions are impracticable or futile (especially given that Uber has not yet been able to conduct a single previously ordered deposition related to the previously filed Fraudulent Receipts Motions), and that fraudulent submissions have persisted despite prior motions and Court intervention. Once those representations were made, the Court may consider whether alternative measures are necessary. Each category of relief discussed below corresponds to a specific enforcement problem Plaintiffs themselves identified: (a) Unsealing of records responds to Plaintiffs' insistence on continued anonymity and sealing even as their fraud on this Court and failures to comply have required repeated judicial intervention and Court resources; and (b) Explanation of the law firms' intake and vetting practices addresses the undisputed fact that fraudulent filings continue while firms claim they cannot reach clients or that further enforcement would be a "waste of time."

In an MDL involving thousands of claims (with new claims filed nearly daily), patterns of noncompliance by Plaintiffs and their counsel are not self-contained. When firms publicly represent

5
DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

1  that they cannot locate clients or that Court-ordered testimony would be futile, those representations—
2  if left unaddressed—become templates for future resistance by other filers. Escalation at this stage
3  preserves incentives for compliance and protects plaintiffs who have submitted claims in good faith.
4        Rules 16(f) or 37(b) do not require the Court to limit itself to the first remedy requested or to
5  ignore information revealed through opposition briefing when determining what orders are "just."
6  Those rules contemplate that the Court may tailor relief as noncompliance becomes clearer and as
7  prior measures prove insufficient. Uber's Reply respectfully attempts to assist the Court in exercising
8  the discretion it was expressly asked to consider, using the factual predicates Plaintiffs supplied.

### a. The records for Plaintiffs with MDL ID's 3698, 3700, 3879, and 4142 should be ordered to be unsealed in light of the fraud on the MDL Court and Uber.

Federal courts recognize a strong presumption of openness in judicial proceedings, tempered only by narrow and carefully separated exceptions for sealing and anonymity. In the Ninth Circuit, this presumption applies to judicial records and proceedings that bear on the Court's adjudicatory function and the integrity of its processes. *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006); *Ctr. for Auto Safety v. Chrysler Grp.*, LLC, 809 F.3d 1092, 1101–02 (9th Cir. 2016). This District implements those principles through Civil Local Rule 79-5, which governs administrative sealing and allocates the burden to the party seeking continued sealing to justify that relief under the applicable Ninth Circuit standard. Separately, the Ninth Circuit has recognized that party anonymity is an exception to open courts that requires a case-specific balancing of competing interests, including the public's interest in transparent proceedings. *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067–69 (9th Cir. 2000). Together, these authorities establish that neither sealed records nor anonymous participation persist by default; both require continuing justification when weighed against the public interest in judicial transparency. Under *Advanced Textile*, a request to proceed anonymously requires courts to balance the severity and reasonableness of the harm asserted by the party seeking anonymity against the countervailing public interest in open judicial proceedings. *Id.* at 1068–69. The Ninth Circuit in *Advanced Textile* held that anonymity is permissible only in atypical circumstances, and only when the party demonstrates that the need for nondisclosure outweighs both the public interest in open judicial proceedings and any prejudice to the

opposing party. *Id*. Importantly, the analysis is contextual and dynamic: as a case progresses from abstract allegations to active judicial oversight, adjudication, or enforcement, the public interest side of the balance correspondingly increases. *Id*. at 1067–68. *Advanced Textile* thus does not create a categorical entitlement to anonymity but instead requires courts to reassess whether anonymity remains justified in light of the procedural posture of the case and the nature of the issues before the court especially in light of fraud on the court.

Applying the *Advanced Textile* balancing framework here, the justifications for continued anonymity of Plaintiffs with MDL ID's 3698, 3700, 3879, and 4142 no longer outweigh the public interest in open judicial proceedings. The records at issue no longer concern sensitive allegations or plaintiffs seeking protection from alleged harm at the outset of litigation. Instead, they concern individuals whose conduct has prompted Court-ordered scrutiny, including show-cause proceedings and determinations regarding the submission of falsified evidence. As *Advanced Textile* makes clear, anonymity is justified only where a reasonable fear of severe harm outweighs the public's interest in transparency, and that balance must be reassessed as the case progresses and the Court's involvement deepens. *Id.* at 1067–69. Here, the public interest is paramount: the Court is evaluating whether its processes have been misused through fabricated submissions and how such conduct occurred within an MDL with over 2,800 cases. Generalized concerns about embarrassment, reputational discomfort, or the sensitivity of allegations cannot override that interest where anonymity would function to obscure fraud on the Court rather than to protect victims. Under *Advanced Textile*, the balance therefore favors disclosure once judicial enforcement and integrity are squarely implicated.

Civil Local Rule 79-5 reflects and enforces the Ninth Circuit's public-access doctrine by treating sealing as provisional and placing the burden on the party seeking to maintain secrecy to justify that relief with particularity. Under the Rule, sealing must be narrowly tailored and supported by the appropriate standard—either "good cause" for materials tangential to the merits or "compelling reasons" for records that bear on the Court's adjudicatory function. *Kamakana*, 447 F.3d at 1178–80; *Ctr. for Auto Safety*, 809 F.3d at 1101–02. Under *Advanced Textile*, anonymity and secrecy must be reassessed as litigation moves from preliminary allegations to judicial enforcement and oversight.

1  Civil Local Rule 79-5 supplies the procedural mechanism for that reassessment by requiring parties seeking continued sealing to justify it under the applicable Ninth Circuit standard when circumstances change or when materials become intertwined with judicial findings or enforcement actions. The Rule does not itself determine whether sealing is appropriate, but it ensures that sealing decisions remain anchored to the governing Ninth Circuit standards and the evolving posture of the case. Although the records at issue may initially have been sealed for administrative or provisional reasons, they have since become intertwined with the Court's adjudicatory and enforcement functions. Under *Kamakana* and *Ctr. for Auto Safety*, records that are more than tangentially related to the merits—such as those bearing on fraud findings, compliance with Court orders, and the integrity of the litigation—may remain sealed only upon a showing of compelling reasons supported by specific factual findings. Rule 79-5 places the burden on the parties seeking continued sealing to make that showing and requires reassessment where circumstances have changed. Maintaining sealing here would prevent the public from understanding how the Court is addressing allegations of fabricated evidence, how fraud was detected, and how the MDL is being protected from systemic abuse. Further, maintaining sealing here would not discourage these Plaintiffs at issue in the present Motion from filing a separate fraudulent claim in an unrelated litigation and defrauding another court. Absent a particularized showing of concrete harm that outweighs those transparency interests, continued sealing of these Plaintiffs' fraudulent records would be inconsistent with governing standards and sealing rules.

Pulaski Kherkher, PLLC and Reich and Binstock, LLP may contend that anonymity and sealing should persist because these actions arise from sensitive allegations and involve asserted victim status. That argument misses the mark for both the scope of the request and the governing standards. The Court is not being asked to strip protections from legitimate claimants or to expose sensitive descriptions of alleged incidents unnecessarily. Rather, the request is limited to unsealing records relating to plaintiffs whose filings have become the subject of fraud-related judicial scrutiny and enforcement. As *Advanced Textile* makes clear, the justification for anonymity depends not on the abstract nature of the allegations, but on whether a reasonable fear of severe harm outweighs the public's interest in transparency at the specific stage of the proceedings. 214 F.3d at 1067–69. Where

the Court is assessing whether its own processes have been misused through fabricated evidence, the public interest in accountability, deterrence, and confidence in judicial administration is substantial. Maintaining anonymity in that posture would not protect victims from retaliation or physical harm—as *Advanced Textile* contemplates—but would instead shield alleged misuse of the Court's processes from public view. The law does not require that result. It requires a balancing, and here that balance favors transparency once fraud-related enforcement and the integrity of the MDL are squarely at issue.

Taken together, the governing standards confirm that unsealing the records of the fraud-identified Plaintiffs represented by Pulaski Kherkher, PLLC and Reich and Binstock, LLP is the appropriate and proportionate course. Under the Ninth Circuit's public-access doctrine, Civil Local Rule 79-5, and the anonymity-balancing framework of *Advanced Textile*, continued sealing and anonymization require a present, particularized justification that outweighs the public's interest in transparent judicial proceedings. That justification no longer exists where the Court is actively evaluating alleged fraud, enforcing its orders, and safeguarding the integrity of an MDL involving thousands of claims. Unsealing here is not punitive, and it does not adjudicate liability or diminish protections afforded to legitimate plaintiffs. Rather, it restores the default presumption of openness once the Court's own proceedings and findings are implicated, deters misuse of anonymity to shield misconduct, and promotes confidence in the Court's management of systemic discovery abuse. In that respect, unsealing is the narrowest effective remedy available—less drastic than financial sanctions—yet essential to ensuring that the MDL process functions transparently, credibly, and fairly for all.

> **b. Pulaski Kherkher, PLLC and Reich and Binstock, LLP should be ordered to provide a sworn declaration that addresses counsel's presuit investigation as to the fraudulent claims at issue in Uber's Motion (ECF 4933).**

The repeat submission of fabricated receipts as demonstrated via Defendants four Fraudulent Receipts Motions—coupled with Plaintiffs' Counsel's inability to produce their own clients for Court-ordered depositions—demonstrates a systemic breakdown in the vetting processes used by Pulaski Kherkher, PLLC and Reich and Binstock, LLP during the course of this litigation.

The declaration Defendants are requesting is warranted under Rule 37. "[C]ourts have broad discretion to fashion an appropriate sanction for conduct which abuses the judicial process." *Grouse*

*River Outfitters v. Oracle Corp.*, 848 F. App'x 238, 244 (9th Cir. 2021) (internal quotation omitted). This can include ordering additional discovery. *See, e.g.*, *Hardin v. Mendocino Coast Dist. Hosp.*, No. 17-cv-05554, 2019 WL 4256383, at *3 (N.D. Cal. Sept. 9, 2019) ("one result that may come from a motion to compel is an order compelling additional discovery."); *Cortez v. Chipotle Mexican Grill, Inc.*, No. 17-cv-4787, 2018 WL 6017033, at *14 (C.D. Cal. May 7, 2018) (ordering document production under Rule 37). And, specifically, Courts have ordered parties to file declarations under Rule 37 to address their discovery misconduct. *See Grinzi v. Barnes,* No. 04-cv-1655, 2004 WL 2297984, at *1 (N.D. Cal. Oct. 5, 2004) ("Defendants shall file a declaration showing cause why they should not be sanctioned pursuant to Rule 37(a)(4)(A)[.]"); *Zucchella v. Olympusat, Inc.*, No. 19-cv-7335, 2020 WL 6594989, at *6 (C.D. Cal. Sept. 25, 2020) (requiring party to provide declaration regarding actions taken with regard to produced documents); *Rob Kolson Creative Prods., Inc. v. Stander,* No. 18-cv-6789, 2020 WL 4334116, at *1 & 8 (C.D. Cal. May 20, 2020) (holding party in contempt of order to file a declaration regarding discovery under Rule 37). Pulaski Kherkher, PLLC has submitted more fraudulent-receipt plaintiffs than the next five law firms at issue in Defendants' Fraudulent Receipts Motions combined yet continues to file new cases. Reich and Binstock, LLP have submitted fraudulent receipts even after multiple fraud orders had been issued, and at least one of their clients failed to appear for a Court-ordered deposition, depriving the Court of essential testimony. Indeed, in light of Reich and Binstock, LLP's failure to respond to Defendants' Motion, it becomes even more imperative to learn whether counsel has done anything to test Plaintiffs' assertions.

### IV. Conclusion

The Plaintiffs subject to this Motion committed (and even now, continue to commit) serious litigation misconduct. Plaintiffs in their oppositions have failed to rebut this evidence of fraud or provide any explanation or apology. This Court should grant the show cause order dismissing the aforementioned claims with prejudice, grant the limited depositions that Uber requests and grant the additional relief proposed in the revised Proposed Order attached to this Motion as Exhibit A.

DATED: January 28, 2026                         Respectfully submitted,

                                                */s/ Laura Vartain Horn*

                                                Laura Vartain Horn (SBN 258485)
                                                **KIRKLAND & ELLIS LLP**
                                                555 California Street, Suite 2700
                                                San Francisco, CA 94104
                                                Telephone: (415) 439-1625
                                                laura.vartain@kirkland.com

                                                Jessica Davidson (Admitted *Pro Hac Vice*)
                                                Christopher D. Cox (Admitted *Pro Hac Vice*)
                                                **KIRKLAND & ELLIS LLP**
                                                601 Lexington Avenue
                                                New York, NY 10022
                                                Telephone: (212) 446-4800
                                                jessica.davidson@kirkland.com
                                                christopher.cox@kirkland.com

                                                Allison M. Brown (Admitted *Pro Hac Vice*)
                                                **KIRKLAND & ELLIS LLP**
                                                2005 Market Street, Suite 1000
                                                Philadelphia, PA 19103
                                                Telephone: (215) 268-5000
                                                alli.brown@kirkland.com

                                                SABRINA H. STRONG (SBN: 200292)
                                                sstrong@omm.com
                                                JONATHAN SCHNELLER (SBN: 291288)
                                                jschneller@omm.com
                                                **O'MELVENY & MYERS LLP**
                                                400 South Hope Street, 19th Floor
                                                Los Angeles, CA 90071
                                                Telephone: (213) 430-6000
                                                Facsimile: (213) 430-6407

                                                PATRICK L. OOT (*Pro Hac Vice*)
                                                oot@shb.com
                                                **SHOOK, HARDY & BACON, L.L.P.**
                                                1800 K Street NW, 10th Floor
                                                Washington, DC 20006
                                                Telephone: (202) 783-8400
                                                Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (*Pro Hac Vice*) ccotton@shb.com
**SHOOK, HARDY & BACON, L.L.P.**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

DEFENDANTS' REPLY SUPPORTING MOTION FOR ENTRY OF ORDER
TO SHOW CAUSE AND LIMITED DEPOSITIONS

Case No. 3:23-MD-3084-CRB

**CERTIFICATE OF SERVICE**

I hereby certify that on January 28, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: */s/ Laura Vartain Horn*

Laura Vartain Horn