[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| This Document Relates to: | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF ON EVIDENCE OF PUBLICLY-FILED LAWSUITS** |
| *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | Judge: Hon. Charles R. Breyer |
| | Courtroom: 6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN, | CASE NO. 25-cv-4276-PHX-CRB |
| Plaintiff, | Judge: Hon. Charles R. Breyer |
| v. | Courtroom: 501 |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants. | |

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF ON EVIDENCE OF PUBLICLY FILED LAWSUITS

CASE NO. 3:23-MD-03084-CRB / 25-CV-4276-PHX-CRB

During yesterday's proceedings, the Court ruled that Uber could introduce "almost all" of Emilie Boman's proffered testimony on the gender-discrimination implications of a gender-matching feature on the Uber app, Rough Tr. at 9:20-22, finding "the door was opened by … the plaintiffs" when they admitted Uber deposition testimony on the subject in their case in chief.  Rough Tr. at 74:17-75:10.  But the Court precluded Ms. Boman from testifying about the fact that "after launching the feature Uber was sued for gender discrimination."  Rough Tr. at 9:20-22.  That limitation would deprive Uber of critical defense evidence that falls squarely in the "doorway" opened by Plaintiff and does not implicate the attorney-client privilege.

"Under the doctrine of curative admissibility, the introduction of inadmissible evidence by one party allows an opponent, in the court's discretion, to introduce evidence on the same issue to rebut any false impression that might have resulted from the earlier admission." *Nguyen v. Sw. Leasing & Rental Inc.*, 282 F.3d 1061, 1067 (9th Cir. 2002).  When a party has "opened the door to a subject," it "'open[s] the door to a *full and not just a selective* development of that subject.'" *Torres v. Johnson Lines*, 1989 WL 87085, at *2 (C.D. Cal. Feb. 21, 1989) (quoting *United States v. Helina*, 549 F.2d 713, 719 (9th Cir. 1977)), *aff'd*, 932 F.2d 748 (9th Cir. 1991) (emphasis added).  What the doctrine "does not permit" is "the introduction of evidence that is related to a different issue or is irrelevant to the evidence previously admitted." *Nguyen.*, 282 F.3d at 1067.

Recent lawsuits challenging Uber's gender match feature are neither "related to a different issue [n]or … irrelevant" to the subject of the gender-discrimination policy debate.  *Id.*  Quite the opposite, they are critical for Uber to refute the "false impression" created by Plaintiff's introduction of testimony on legal risk.  *Nguyen*, 282 F.3d at 1067.  Plaintiff "introduced th[e] subject" of legal risk through "multiple examples" of affirmatively designated testimony from Rebecca Payne on how "the legal team provided inputs" on the "legal risks associated with the female matching option."  Rough Tr. at 69:14-21. Allowing Plaintiff to introduce that evidence without allowing Uber to present any defense of that rationale would enable Plaintiff to artificially generate precisely the kind of false impression the open-the-door doctrine guards against.  For Uber to retread the same ground covered in Plaintiff's case is no

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF ON EVIDENCE OF PUBLICLY FILED LAWSUITS

1   CASE NO. 3:23-MD-03084-CRB / 25-CV-4276-PHX-CRB

defense at all; Uber must be able to introduce a "full and not just a selective development of that subject." *Torres*, 1989 WL 87085, at *2.

Testimony that lawsuits were, in fact, filed once Uber introduced a gender match feature would provide exactly what the opening-the-door doctrine calls for without implicating the attorney-client privilege whatsoever. The fact that Uber's fears were ultimately realized speaks directly to the reasonableness of those fears for purposes of negligence. And the mere "initiation of a civil action is a matter of public record and clearly not privileged." *Kanaji v. Philadelphia Child Guidance Ctr. of Children's Hosp.*, 2001 WL 708898, at *5, at *5 (E.D. Pa. June 20, 2001). Nor is privilege implicated because the fact that lawsuits support an inference about the validity of Uber's contemporaneous concerns: the lawsuits are objective, real-world evidence—not legal analysis or opinion—that Uber's concerns were not wildly baseless. After introducing the issue, Plaintiff should not be allowed to urge a contrary inference at odds with these judicially noticeable facts. Permitting non-privileged testimony on the mere existence of these lawsuits allows Uber to briefly offer a defense defend itself on an issue introduced into the case by Plaintiff—exactly what the opening-the-door doctrine contemplates. The Court should admit it.

DATED: January 29, 2026            Respectfully submitted,

                                                                     */s/ Laura Vartain Horn*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S TRIAL BRIEF ON EVIDENCE OF PUBLICLY FILED LAWSUITS

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Laura Vartain Horn*
Laura Vartain Horn

Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC's Trial Brief on Evidence of Publicly Filed Lawsuits

4                                                    CASE NO. 3:23-MD-03084-CRB