[*Submitting counsel below*]

UNITED STATES DISTRICT COURT
OF NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB<br><br>**REPLY IN SUPPORT OF PLAINTIFF'S MOTION FOR ESI SPOLIATION SANCTIONS**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.:  D. Ariz., 501 |
| This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>           Plaintiff,<br><br>     v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>           Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.:  501 |

## REPLY

Plaintiff submits this short reply in support of her spoliation motion, to make one point not fleshed out at the January 29 oral argument on the motion.

In opposition to Plaintiff's motion, Uber commits that "it will not argue that Plaintiff has insufficient evidence to support her case because she cannot identify an alternative match with a lower S-RAD score." Opp'n at 1. The Court must hold Uber to its word (whether or not the Court also gives a jury instruction on the matter). This means that Uber may not, through implication, smuggle in the same "missing driver" argument it promises to avoid expressly.

For example, at numerous points in this trial, Uber has suggested that the reason Ms. Dean's ride was "risky" was mostly rider- and circumstance-specific factors, with relatively little weight placed on the driver factors. *See* Trial Tr. at 2186:9-12 ("So, for example, if it's a nighttime trip in Phoenix and it's near a bar, that would have a certain level of input regardless of who the driver is and regardless of who the rider is, right?"); *id.* at 2191:8-20 ("[Y]ou understand that the 1-star rating for a driver was not something that was listed within the top 20 weighted factors at the time of this incident, correct?").

This makes no sense as a *negligence* argument (an excuse for pairing this ride)—if the ride circumstances are dangerous and the passenger vulnerable, that is all the *more* reason to assign a particularly safe driver, not less of one. It does make sense as a *causation* argument; but in that way, it is just the same "missing driver" argument that Uber has said it will not make. Uber is asking the jury to infer that, because the driver factors carried less weight, Uber's selection of another driver would not have substantially affected the risk score for the pairing.

When Uber says that it would not have mattered which driver was assigned, it begs the question: what other drivers were available? There could have been a driver who was sufficiently safe that changing Ms. Dean's match to him would have materially lowered the S-RAD score, the circumstances and passenger notwithstanding. We will never know—because Uber deleted the supply plan data. One appropriate remedy for that deletion, as the company concedes, is to preclude arguments that seek to take advantage of the evidentiary gap created by Uber. That remedy must be fully enforced.

1 | Dated: January 29, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel*

## FILER'S ATTESTATION

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: January 29, 2026         By:   */s/ Andrew R. Kaufman*
Andrew R. Kaufman