1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION** | No. 3:23-md-03084-CRB |
| | **FINAL JURY INSTRUCTIONS** |
| This Document Relates to: | Judge: Honorable Charles R. Breyer |
| *Jaylynn Dean v. Uber Techs., Inc.*, N.D. Cal. No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | Ctrm.:  D. Ariz., 501 |

1

## TABLE OF CONTENTS

2

Page

3  FINAL INSTRUCTIONS ................................................................................................ 1

4    Duty of Jury ........................................................................................................ 2

5    Corporations and Partnerships—Fair Treatment .............................................. 3

     Burden of Proof .................................................................................................. 4

6    What is Evidence ................................................................................................ 5

7    What is Not Evidence ......................................................................................... 6

8    Evidence for a Limited Purpose ........................................................................ 7

9    Direct and Circumstantial Evidence .................................................................. 8

     Credibility of Witnesses .................................................................................... 9

10   Expert Opinion ................................................................................................. 10

11   Taking Notes .................................................................................................... 11

12   Negligence—Statement of Claim .................................................................... 12

13   Negligence—Duty to Warn .............................................................................. 13

14   Negligence—Definition of Causation .............................................................. 14

     Negligence—Plaintiff's Burden of Proof ......................................................... 15

15   Design Defect—Statement of Claim ................................................................ 16

16   Design Defect—Defect and Unreasonable Danger Defined ............................. 17

17   Design Defect—Plaintiff's Burden of Proof .................................................... 18

18   Design Defect—No Advice of Counsel Defense .............................................. 19

19   Apparent Agency—Statement of Claim .......................................................... 20

     Apparent Agency—Definition of Apparent Agency ........................................ 21

20   Apparent Agency—Uber's Terms of Use ........................................................ 22

21   Apparent Agency—Scope of Agency ............................................................... 23

22   Personal Injury Damages—Measure of Damages ........................................... 24

23   Personal Injury Damages—Unusually Susceptible Plaintiff ........................... 25

     Personal Injury Damages—Punitive Damages ................................................ 26

24   Personal Injury Damages—Determination of Amount of Punitive Damages ................. 27

25   Personal Injury Damages—Punitive Damages Not Awarded For Conduct
        Unrelated to Harm Alleged ......................................................................... 28

26

27   Personal Injury Damages—Mitigating Evidence for Punitive Damages ......................... 29

     Duty to Deliberate ........................................................................................... 30

28   Communication with the Court ........................................................................ 31

1

## TABLE OF CONTENTS
### (continued)

**Page**

Return of Verdict..............................................................................................................32

# FINAL INSTRUCTIONS

**Duty of Jury**

Members of the jury: Now that you have heard all of the evidence, it is my duty to instruct you on the law that applies to this case. A copy of these instructions will be sent to the jury room for you to consult during your deliberations.  You must follow these instructions as well as those that I previously gave you.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

Please do not read into these instructions, or anything I may say or do, that I have an opinion regarding the evidence or what your verdict should be.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Corporations and Partnerships—Fair Treatment**

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.

**Burden of Proof**

When a party has the burden of proving any claim by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim is more probably true than not true. You will evaluate most of the claims in this case based on this standard, unless I explain to you otherwise.

You should base your decision on all of the evidence, regardless of which party presented it.

**What is Evidence**

The evidence you are to consider in deciding what the facts are consists of:

1.  the sworn video and live testimony of any witness;

2.  the exhibits that are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I have instructed you to accept as proved.

**What is Not Evidence**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition some evidence was received only for a limited purpose; when I have instructed you to consider certain evidence only for a limited purpose, you must do so and you may not consider that evidence for any other purpose.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Evidence for a Limited Purpose**

Some evidence may have been admitted only for a limited purpose.

When I instruct you that an item of evidence has been admitted only for a limited purpose, you must consider it only for that limited purpose and not for any other purpose.

1

**Direct and Circumstantial Evidence**

2          Evidence may be direct or circumstantial. You should consider both kinds of evidence. The

3    law makes no distinction between the weight to be given to either direct or circumstantial evidence.

4    It is for you to decide how much weight to give to any evidence.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Credibility of Witnesses**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case, if any;

(5) the witness's bias or prejudice, if any;

(6) whether other evidence contradicted the witness's testimony;

(7) the reasonableness of the witness's testimony in light of all the evidence; and

(8) any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said. Sometimes different witnesses will give different versions of what happened. People often forget things or make mistakes in what they remember. Also, two people may see the same event but remember it differently. You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said. On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify. What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

**Expert Opinion**

You have heard testimony from expert witnesses, who testified to opinions and the reasons for their opinions. This opinion testimony was allowed because of the specialized knowledge, skill, experience, training, or education of these witnesses.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's specialized knowledge, skill, experience, training, or education, the reasons given for the opinion, and all the other evidence in the case.

1

**Taking Notes**

2        You may have taken notes to help you remember the evidence. If you did take notes, please

3  keep them to yourself until you go to the jury room to decide the case. When you leave, your notes

4  should be left in the jury room. No one will read your notes.

5        Whether or not you took notes, you should rely on your own memory of the evidence. Notes

6  are only to assist your memory. You should not be overly influenced by your notes or those of other

7  jurors.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Negligence—Statement of Claim**

Plaintiff's first claim is negligence. Plaintiff claims Uber was at fault.

Fault is negligence that was a cause of Plaintiff's injury.

Negligence is the failure to use reasonable care to prevent a foreseeable risk of injury to the plaintiff. To determine whether Uber used reasonable care under the circumstances, you must consider whether a foreseeable risk of injury to Plaintiff was created as a result of Uber's conduct. If you determine that the danger to Plaintiff was unforeseeable to Uber or that Uber had taken reasonable precautions to avoid the danger, then Uber's conduct was not negligent.

Negligence may consist of action or inaction. Negligence is the failure to act as a reasonable person would act under the circumstances.

**Negligence—Duty to Warn**

Plaintiff claims that Uber was at fault in part because Uber breached a duty to warn her of a known danger. Uber's duty of care includes an obligation to discover and warn of hazards that it should have reasonably foreseen as dangerous to riders. To determine whether Uber unreasonably failed to warn Plaintiff, you may consider whether any risk to Plaintiff was "open and obvious." You may conclude that it is reasonable not to provide a warning of any risk if you determine the risk to be open and obvious.

1

**Negligence—Definition of Causation**

2          Before you can find Uber at fault, you must find that Uber's negligence was a cause of

3    Plaintiff's injury.

4          Negligence causes an injury if it helps produce the injury and if the injury would not have

5    happened without the negligence. There may be more than one cause of the injury.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Negligence—Plaintiff's Burden of Proof**

In order to prevail on her negligence claim, Plaintiff must prove by a preponderance of the evidence:

        1. Uber was at fault;

        2. Plaintiff was injured; and

        3. Plaintiff's damages.

1

**Design Defect—Statement of Claim**

2      Plaintiff's second claim is that Uber was at fault for the design and creation of a defective

3  and unreasonably dangerous product: the Uber app.

4      Before you can find Uber at fault on this claim, you must find that Uber designed the Uber

5  app such that it was defective and unreasonably dangerous at the time of its use by Plaintiff, and

6  that the defect was a cause of Plaintiff's injury. A defect can occur by the presence or absence of a

7  feature in the operation of the app.

8      A defect causes injury if it helps produce the injury, and if the injury would not have

9  happened but for the defect.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Design Defect—Defect and Unreasonable Danger Defined**

Plaintiff claims that the Uber app contains two design defects: (1) lack of an option to allow female passengers to be matched only with female drivers (i.e., "gender match"); and (2) lack of automatic video recording of rides and the time period immediately around them ("app-based ride recording").

The Uber app is defective and unreasonably dangerous because of a design defect if the harmful characteristics or consequences of its design outweigh the benefits of the design.

Uber is presumed to have known at all relevant times the facts that this trial has revealed about the harmful characteristics or consequences of the product's design, whether or not Uber actually knew those facts. If you find that it would not be reasonable for Uber, with such presumed knowledge, to have put the Uber app on the market without changing the design, then the Uber app is defective and unreasonably dangerous because of a design defect.

**Design Defect—Plaintiff's Burden of Proof**

In order to prevail on her design defect claim, Plaintiff must prove by a preponderance of the evidence:

1. The Uber app was defective and unreasonably dangerous;

2. The defect was a cause of Plaintiff's injury; and

3. Plaintiff's damages.

**Design Defect—No Advice of Counsel Defense**

You heard evidence relating to potential legal risks to Uber from adopting certain safety features, particularly the "gender match" feature. In this lawsuit, Uber does not claim that it took any action, or failed to take any action, on the basis of legal advice, or that legal advice impacted any of its decisions in any way.

**Apparent Agency—Statement of Claim**

Plaintiff's final claim is that Uber is liable because the driver Hassan Turay was its apparent agent and Uber is responsible for his actions. In order to prevail on her apparent agency claim, Plaintiff must establish by a preponderance of the evidence:

1.    Hassan Turay was at fault for Plaintiff's injury.

2.    Hassan Turay was Uber's apparent agent; and

3.    Plaintiff reasonably believed that Hassan Turay was acting in the scope of this apparent agency.

Hassan Turay was at fault if he engaged in a sexual encounter with Plaintiff without her consent, and those actions were a cause of Plaintiff's injury.

**Apparent Agency—Definition of Apparent Agency**

Agency is a relationship in which one party (a "principal") gives authority, by word or by conduct, to another party (an "agent") to act on the principal's behalf subject to the principal's control.

Agency can be based on actual agency authority or apparent authority. I instruct you that drivers like Hassan Turay are not Uber's actual agents as a matter of law and are not Uber's employees. Therefore, to establish liability under her agency claim, Plaintiff must prove that Mr. Turay was Uber's apparent agent.

Apparent agency is a relationship in which the principal has intentionally or unintentionally caused Plaintiff to believe that a person was the principal's agent although no actual authority as an agent was given to him. Apparent agency can never arise from the acts of the agent alone. Here, Plaintiff claims that Uber was the principal and that Hassan Turay was the apparent agent.

In order to establish this apparent agency relationship, Plaintiff must prove that:

1.      Uber caused Plaintiff to believe Hassan Turay was Uber's agent;

2.      Plaintiff relied on this representation to her detriment; and

3.      Such reliance was reasonably justified.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Apparent Agency—Uber's Terms of Use**

You have heard evidence that Plaintiff and Uber are parties to a contract through the Uber Terms of Use. You can consider this evidence, along with all the other evidence in this case, in determining whether Hassan Turay was an apparent agent of Uber.

**Apparent Agency—Scope of Agency**

If Plaintiff proves Hassan Turay was Uber's apparent agent, and that Mr. Turay was at fault for Plaintiff's injuries, Plaintiff must also show that she reasonably believed that the legitimate conduct and services performed by Mr. Turay as a driver that were incidental to the sexual encounter were done within the scope of his apparent authority as a driver for Uber. You are not being asked to determine whether the alleged nonconsensual sexual encounter itself is an act within the ordinary scope of Uber's business or Mr. Turay's apparent authority.

To determine whether Mr. Turay's acts were within the scope of his apparent authority from Uber, you must examine <u>when</u> the acts took place, <u>where</u> they took place, and whether they were <u>foreseeable</u>.

**Personal Injury Damages—Measure of Damages**

If you find Uber liable to Plaintiff for any claim, you must then decide the full amount of money that will reasonably and fairly compensate Plaintiff for each of the following elements of damages proved by the evidence to have resulted from the fault of Uber:

1.      The nature, extent, and duration of the injury.

2.      The pain, discomfort, suffering, disability, disfigurement, and anxiety already experienced, and reasonably probable to be experienced in the future as a result of the injury.

3.      Loss of enjoyment of life, that is, the participation in life's activities to the quality and extent normally enjoyed before the injury.

1

**Personal Injury Damages—Unusually Susceptible Plaintiff**

2    Plaintiff is not entitled to compensation for any physical or emotional condition that pre-

3    existed the fault of Uber, nor for the natural progression of any such condition. However, if Plaintiff

4    had any pre-existing physical or emotional condition that was specifically aggravated or made

5    worse by Uber's fault, you must decide the full amount of money that will reasonably and fairly

6    compensate Plaintiff for that aggravation or worsening.

7    You must decide the full amount of money that will reasonably and fairly compensate

8    Plaintiff for all damages caused by Uber, even if Plaintiff was more susceptible to injury than a

9    normally healthy person would have been, and even if a normally healthy person would not have

10    suffered similar injury.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Personal Injury Damages—Punitive Damages**

If you find Uber liable for Plaintiff's damages, you may also assess additional damages to punish Uber or to deter Uber from similar misconduct in the future. Such damages are called "punitive" damages.

Punitive damages must be proven by clear and convincing evidence, rather than by a preponderance of the evidence. When a party has the burden of proving any claim by clear and convincing evidence, it means that the party must present evidence that leaves you with a firm belief or conviction that it is highly probable that the factual contentions of the claim are true. While this is a higher standard of proof than proof by a preponderance of the evidence, it does not require proof beyond a reasonable doubt.

Therefore, to recover punitive damages, Plaintiff must prove by clear and convincing evidence that Uber's misconduct was:

1.    Outrageous, oppressive, or intolerable, and

2.    Uber knew or intentionally disregarded that its conduct created a substantial
      risk of significant harm to others.

**Personal Injury Damages—Determination of Amount of Punitive Damages**

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you decide to award punitive damages, you should consider all of the following factors in determining the amount:

1.    How reprehensible was Uber's conduct? In deciding how reprehensible Uber's conduct was, you may consider, among other factors:

      a.    Whether the conduct caused physical harm;

      b.    Whether Uber disregarded the health or safety of others;

      c.    Whether Uber's conduct involved a pattern or practice; and

      d.    Whether Uber acted with trickery or deceit.

2.    Is there a reasonable relationship between the amount of punitive damages and Plaintiff's harm, or between the amount of punitive damages and potential harm to Plaintiff that Uber knew was likely to occur because of its conduct?

3.    In view of Uber's financial condition, what amount is necessary to punish it and discourage future wrongful conduct? You may not increase the punitive award above an amount that is otherwise appropriate merely because Uber has substantial financial resources.

**Personal Injury Damages—Punitive Damages Not Awarded For Conduct Unrelated to Harm Alleged**

Punitive damages cannot be awarded to punish and deter conduct that had no direct relation to Plaintiff's alleged harm.  A defendant's acts, independent from the acts upon which liability was premised, may not serve as the basis for an award of punitive damages. You may not award punitive damages against Uber because you find it to be an unsavory business.

**Personal Injury Damages—Mitigating Evidence for Punitive Damages**

In deciding whether to award punitive damages, you should also take into consideration any mitigating evidence. Mitigating evidence is evidence which may demonstrate that there is no need for punitive damages, or that a reduced amount of punitive damages should be imposed against Uber.

**Duty to Deliberate**

Before you begin your deliberations, elect one member of the jury as your presiding juror. The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Communication with the Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing. I will not communicate with any member of the jury on anything concerning the case except in writing, or here in open court. If you send out a question, I will consult with the lawyers before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Return of Verdict**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the clerk that you are ready to return to the courtroom.