[Submitting counsel below]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | CASE NO. 3:23-MD-03084-CRB |
| This Document Relates to: *Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708 D. Ariz. No. 25-cv-4276 | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OBJECTIONS TO FINAL VERDICT FORM AND JURY INSTRUCTIONS** |
| | Judge: Hon. Charles R. Breyer |
| | Courtroom: 6 – 17th Floor |

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN, Plaintiff, v. UBER TECHNOLOGIES, INC., et al., Defendants. | CASE NO. 25-cv-4276-PHX-CRB |
| | Judge: Hon. Charles R. Breyer |
| | Courtroom: 501 |

UBER'S OBJECTIONS TO FINAL VERDICT FORM AND JURY INSTRUCTIONS

CASE NO. 3:23-MD-03084-CRB / 25-CV-4276-PHX-CRB

**UBER'S OBJECTIONS TO FINAL VERDICT FORM AND JURY INSTRUCTIONS**

Defendants Uber Technologies, Rasier, LLC, and Rasier-CA, LCC (collectively, "Uber") respectfully submit these objections to the Court's final verdict form and jury instructions. While reserving objections to the verdict form and instructions in their entirety, Uber urges the Court at a minimum to modify the final verdict form to include (1) a question on whether punitive liability is appropriate; and (2) directions that the jury is not to consider damages at all if it answers "No" to the liability questions; that it should not consider punitive liability if it does not award any compensatory damages; and that it should not consider the amount of punitive damages if it answers "No" to punitive liability. In all other respects, and in satisfaction of Rule 51(c), Uber reasserts and preserves its prior objections to the final verdict form and jury instructions.[1]

***First*** and foremost, the final verdict form must be amended to include a question asking the jury whether Plaintiff is entitled to punitive damages before it is asked to determine the amount (if any) of those damages. Asking the jury only the amount of punitive damages it awards—without first asking whether Plaintiff is entitled to punitive damages at all—is confusing to the jury and risks prejudice to Uber.

The questions asked in a verdict form must be "adequate to obtain a jury determination of the factual issues essential to judgment." *Sarmiento v. Cnty. of Orange*, 496 F. App'x 718, 720 (9th Cir. 2012) (citation omitted). And a verdict form must not be "confusing, misleading, or prejudicial." *Davis v. City of Memphis Fire Dep't*, 576 F. App'x 464, 468 (6th Cir. 2014) (citation omitted). Although "an instruction might sometimes be so clear as to control an ambiguous special verdict form[,]" the questions on a verdict form may be so confusing in isolation as to compel reversal. *Bos. Gas Co. v. Century Indem. Co.*, 529 F.3d 8, 16 (1st Cir. 2008), *certified question answered*, 454 Mass. 337, 910 N.E.2d 290 (2009) (remanding

---

[1] The parties submitted a joint jury instruction proposal on December 30, 2025, which sets out the bases for the parties' respective requests as to the jury instructions and verdict forms. (ECF 4838, 4838-1, 4838-2.) In addition, Uber has submitted several other proposals and briefing on issues related to jury instructions. (*See, e.g.*, ECF 5067 (advice of counsel); ECF 5109 (verdict form); ECF 5110 (instructions on apparent agency, punitive damages, and other matters); ECF 5114 (briefing on advice of counsel); ECF 5139 (request for instruction on Arizona's safe-harbor statute regarding punitive damages); ECF 5144 (trial brief on apparent agency instruction); ECF 5146 (proposed verdict form).) To the extent the Court's final verdict form and jury instructions deviate from Uber's proposals set forth in these and other submissions and argument at trial, Uber objects on the grounds stated in its filings and on the record, and because each requested instruction is supported by the law and factual record in this case.

for new trial where verdict form demanded an "all-or-nothing" damages award when the instructions given by the court suggested this was not the intended result).

Omission of a predicate question as to punitive liability is erroneous, confusing and prejudicial under this standard. At the threshold, leaving a critical damages question off the verdict form is erroneous and confusing. *See Happel v. Walmart Stores, Inc.*, 602 F.3d 820, 827 (7th Cir. 2010) (citations omitted) (holding that verdict form was ambiguous because it included only a single line for total damages without allocating between multiple plaintiffs). And there is no question that liability for and amount of punitive damages (if any) are separate questions. *Cf. Baffert v. Wunderler*, No. 3:23-CV-1774-RSH-BLM, 2025 WL 1784625, at *8 (S.D. Cal. June 27, 2025) ("In considering a request for punitive damages, courts *first* 'determine whether punitive damages are appropriate' and *then* 'determine a reasonable amount of punitive damages.'") (emphasis added) (quoting *Khraibut v. Chahal*, No. 15-CV-04463-CRB, 2021 WL 1164940, at *21 (N.D. Cal. Mar. 26, 2021)); *see also Patrykus v. Gomilla*, No. 86 C 9748, 1989 WL 8610, at *3 (N.D. Ill. Feb. 2, 1989) ("[T]he jury must decide whether punitive damages are to be awarded and, *if so*, the amount to be assessed.") (emphasis added).

Here, a single verdict form question on punitive damages, which asks what *amount* of punitive damages Plaintiff is entitled to without asking *if* she is entitled to them at all, presupposes Uber's liability. The jurors will assume that if liability is found then it is just a matter of what amount of punitive damages they should award (if any). Inquiries into liability and punitive damages are completely separate and subject to completely different standards of proof. The current verdict form effectively frees Plaintiff from her burden of proof on this issue. *Cf. Arizona Digestive Health Ins. Co. LLC v. Jawahar*, No. CV-20-01046-PHX-SRB, 2021 WL 12300314, at *10 (D. Ariz. Dec. 7, 2021) (holding that punitive liability does not follow as a matter of course from liability for compensatory damages; "Plaintiffs must prove their entitlement to punitive damages by clear and convincing evidence."). By only asking what amount of punitive damages Plaintiff is owed, the jury is likely to be confused as to its responsibility to first find that Plaintiff is entitled to such damages at all, prejudicing Uber's due process rights. *See State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 416 (2003). To mitigate against this confusion, Uber requests that the Court include an initial question on the verdict form that establishes whether Plaintiff is entitled to punitive damages, before the jury is asked to determine the amount of those damages.

***Second***, and for similar reasons, the Court should also add directions to the verdict form that explain to the jury that it is not to consider damages at all if it answers "No" to the liability questions; that it should not consider punitive liability if it does not award any compensatory damages; and that it should not consider the amount of punitive damages if it answers "No" to punitive liability. Under Arizona law (and as a matter of due process), a jury may not award damages if it does not find liability. *Cf. Schwartz v. Farmers Ins. Co.*, 800 P.2d 20, 23 (Ariz. Ct. App. 1990) (defense verdict on liability meant exclusion of evidence of certain category of damages was harmless because it would not have been recoverable in any event). Similarly, under Arizona law, "an award of actual or compensatory damages is a prerequisite to an award of punitive damages." *Bonnette v. MG Fin. Enters., LLC*, 540 P.3d 1213, 1219 (Ariz. Ct. App. 2023). The jury form should clearly indicate these requirements to avoid confusion. *See, e.g., Nimnicht v. Dick Evans, Inc.*, 477 F.2d 133, 135 (5th Cir. 1973) (per curiam) (noting that jury "should not have responded" to a damages question after finding no liability on a verdict form and that it was "mistaken[]" in doing so).

Accordingly, the Court should add a question of punitive liability to the final verdict form and also add language directing the jury to stop answering questions in the scenarios described above.

DATED:  February 1, 2026    Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

**CERTIFICATE OF SERVICE**

I hereby certify that on February 1, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

/s/ *Laura Vartain Horn*
Laura Vartain Horn