1
2              UNITED STATES DISTRICT COURT
3              NORTHERN DISTRICT OF CALIFORNIA
4                   SAN FRANCISCO DIVISION
5

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION, | Case No. 3:23-md-03084-CRB |
| | **DEFENDANTS' TRIAL BRIEF REGARDING AGREED ADMISSIBILITY OF EXHIBIT 4096 AND MOTION TO STRIKE IN ALTERNATIVE** |
| This Document Relates to: | |
| *Jaylynn Dean v. Uber Technologies, Inc., et al.*, No. 3:23-cv-06708 | Judge:     Hon. Charles R. Breyer<br>Courtroom: Courtroom 6 – 17th Floor |
| | Date Filed: February 2, 2026 |
| | Trial Date: January 13, 2026 |

               UNITED STATES DISTRICT COURT
                    DISTRICT OF ARIZONA
                    PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN, | CASE NO. 25-cv-4276-PHX-CRB |
| Plaintiff, | Judge:     Hon. Charles R. Breyer<br>Courtroom: 501 |
| v. | |
| UBER TECHNOLOGIES, INC., et al., | |
| Defendants | |

---

DEFENDANTS' TRIAL BRIEF REGARDING AGREED ADMISSIBILITY
CASE NO. 3:23-MD-03084-CRB/ 25-CV-4276-PHX-CRB

At the end of trial, in an act of egregious gamesmanship, Plaintiff attempts to abandon a mutual agreement that allowed her to present otherwise inadmissible hearsay testimony without objection, in an effort to prevent Uber from offering similar evidence she previously agreed was admissible. Prior to trial, the parties reached a clear agreement on the admissibility of a variety of evidence, including all audio and visual records produced by the Tempe Police Department ("TPD"), specifically including Exhibit 4096 (JDean-TempePD-000117). In fact, at the Pre-Trial Conference, counsel for Uber, Ms. Bueno, stated on the record that "the parties have already stipulated that all the body cam footage is admissible. All the video is admissible. All the audio is admissible, so the jury is going to hear a lot about this criminal investigation." Ex. 3 (Jan. 6, 2026 PTC) Tr. 53:3-7. And Plaintiff, who took no issue with that representation, has taken full advantage of the parties' agreement at trial, repeatedly introducing hearsay video statements by a witness, Kenny Bagby, whom Plaintiff could have, but did not, call as a witness.

Now, after receiving the benefit of that agreement throughout trial, Plaintiff seeks to renounce it and deprive Uber of the latitude the agreement afforded her. Uber seeks to admit Exhibit 4096—an approximately 20-minute audio recording of a November 2023 phone call between Detective Lopez and Mr. Turay. On February 1, 2026, a day before the close of evidence, Plaintiff informed Uber that she objects to admission of that recording because it includes Mr. Turay's statement that he believed Plaintiff may have reported the rape out of financial motivations. Uber offered to discuss the issue with Plaintiff, who elected to file this motion instead. Uber seeks to admit this recording because Mr. Turay's credibility is one of the central disputed issues in this case and the jury should be afforded an opportunity to evaluate that credibility by reference to his contemporaneous conduct—just as Plaintiff took advantage of the parties' stipulation to present her own 911 call and Mr. Bagby's recorded statement. The Court should reject Plaintiff's bad-faith gamesmanship and permit Uber to play Exhibit 4096 for the jury, just as it admitted TPD bodycam videos and audio recordings during Plaintiff's case. In the alternative, the Court must strike P-01923 and P-01936, the TPD interviews with Kenny Bagby,

1  which consist of otherwise inadmissible hearsay that Plaintiff could play for the jury because of—
2  and only because of—the agreement Plaintiff is now trying to walk back.

3  **I.     THE COURT SHOULD ENFORCE THE PARTIES' LONGSTANDING**
4  **AGREEMENT THAT TPD RECORDINGS ARE ADMISSIBLE.**

5  "[A]greements to waive hearsay objections are enforceable," regardless of the fact that
6  hearsay is otherwise "inadmissible except under certain specific exceptions." *United States v.*
7  *Mezzanatto*, 513 U.S. 196, 202 (1995) (collecting cases).  The parties negotiated such an
8  agreement and Uber repeatedly reaffirmed it, including to the Court, all without
9  contradiction.  Before trial, they negotiated a joint stipulation on pre-trial mechanics, one portion
10 of which  addressed the admissibility of written, audio, and visual records produced by Tempe
11 Police Department ("TPD"), including Exhibit 4039 (JDean-TempePD-000117).  Vartain Horn
12 Decl. ¶ 9.[1]  The parties discussed attaching those TPD records as Exhibit 1 to their joint
13 stipulation. *Id.* 10.  On December 19, 2025, Plaintiff's counsel circulated a revised draft of the
14 anticipated stipulation that stated: "audio and video recordings from the Tempe Police
15 Department as set out at Exhibit 1 will be admissible at trial."[2] *Id.* ¶  Uber then sent a draft on
16 December 31 of the Joint Stipulation, with "Exhibit 1 – TPD Records (Revised)," which still
17 included the recorded call at issue, Exhibit 4096 (JDean-TempePD-000117).  Vartain Horn Decl.
18 ¶ 11.  Plaintiff's counsel responded on January 5: "for Ex. 1 we're okay with ***everything but for***
19 JDean-TempePD-00087 [an unrelated document]. While it contains photos from officers Bah and
20 Lopez (which are fine), it also contains the attached CAD file, which we object to. If you remove
21 the CAD file; we're good with Exhibit 1. Thanks." *Id.* ¶ 12.  The audio recording that Plaintiff
22 now objects to-- JDean-TempePD-000117—was on Exhibit 1 and agreed to by Plaintiff's
23 counsel. The next day, Ms. Bueno announced the parties' agreement to the Court at the Pre-Trial
24 Conference, and Plaintiff noted no objection. Rather, on January 7, Plaintiff's counsel followed

---

[1] The stipulation was extremely broad, covering the dates of pretrial submissions, marking of exhibits, deposition designation protocol and other topics.

[2] Plaintiff's counsel indicated they were still reviewing Exhibit 1, and that there "appear[ed] to be files listed that are not video or audio."  Further negotiation on this issue only concerned the written records of TPD.

1  up: "I'd like to get our Joint Pre-Trial Stipulation filed and confirm there are no further disputes."
2  *Id.* ¶ 13.

3      Although the contemplated Joint Stipulation was never filed, *id.*, the parties have adhered
4  to its provisions guiding pre-trial filing deadlines, exhibit numbering, and exchange of branded
5  exhibits. *Id.* ¶ 14. Uber twice informed the Court on the record of the parties' specific agreement
6  to admit the TPD audio and video records, and Plaintiff never objected or informed Uber that she
7  held a different view about the records' agreed admissibility:

- MS. BUENO: "the parties have already stipulated that all the body cam footage is admissible. All the video is admissible. All the audio is admissible, so the jury is going to [hear] a lot about this criminal investigation. They're going to hear it all." Ex. 3 (Jan. 6, 2026 PTC) Tr. 53:3-7.[3]

- MS. BUENO: "Yes, Your Honor. The parties have stipulated that all of that video is coming in. So that's not the issue. I hear you loud and clear." Trial Tr. 1553:7-1554:12.

The parties similarly confirmed their agreement on the record at Detective Lopez's deposition:

- MS. BUENO: "We also have stipulated that all audio, body cam footage, and video that was produced from the Tempe Police Department is admissible into evidence.· So the parties will not be needing to do anything further on that.· It's authentic and it's admissible." Ex. 2 (12/30/25 Lopez Dep.) at 9:19-26.

- MR. PERKINS:· Yes, sir.· Well, you know, I could pause here just to maybe save time.· We've already stipulated that these are not just to the foundation but they're admissible, right?

    MS. BUENO:· Yeah, we have stipulated that every video, audio, and body cam from the Tempe Police Department is admissible at trial.

    MR. PERKINS:· Okay.· Let's pull this down. I don't want to burn time that we don't have to.· All right." Ex. 2 (12/30/25 Lopez Dep.) at 104:24-105:7.

---

[3] Citations of the form "Ex.__" refer to exhibits to the concurrently filed declaration of Laura Vartain Horn.

Plaintiff proceeded to present her case consistent with the parties' agreement, presenting otherwise-inadmissible TPD recordings of both Plaintiff and Mr. Bagby without objection from Uber. That course of conduct estops Plaintiff from now disavowing the parties' evidentiary agreement just before the close of evidence. "The three elements of equitable estoppel are traditionally stated as: (1) the party to be estopped commits acts inconsistent with a position it later adopts; (2) reliance by the other party; and (3) injury to the latter resulting from the former's repudiation of its prior conduct." *Frank Lloyd Wright Found. v. Kroeter*, 697 F. Supp. 2d 1118, 1128 (D. Ariz. 2010) (AZ law); *see also Audit Servs., Inc. v. Rolfson*, 641 F.2d 757, 762 (9th Cir. 1981) (federal common law, similar principles). Plaintiff took advantage of the parties' agreement when presenting her own case, twice playing TPD body camera recordings of the statements of Mr. Bagby, the Spring Hill Suite hotel clerk, Ex. 5 at 1465:7, 1663:19, and also playing audio recording of Plaintiff's 9-1-1 call, *id.* at 1452. Uber relied on that agreement in declining to object (on hearsay grounds or otherwise), and specifically referenced the agreement on the record, without contradiction from Plaintiff. Now, for the first time, Plaintiff advances "an inconsistent position" that no agreement exists, "to the prejudice of [Uber]," who previously "act[ed] in reliance" on the parties' agreement. *Rockwell Int'l Corp. v. Hanford Atomic Metal Trades Council*, 851 F.2d 1208, 1210 n.3 (9th Cir. 1988). "Having induced reliance by [Uber] and by the court itself, [Plaintiff] is estopped to deny" the parties' agreement to admit the TPD recordings. *In re J.F. Hink & Son*, 815 F.2d 1314, 1318 (9th Cir. 1987).

The TPD recording at issue—a November 2025 phone call between Mr. Turay and Detective Lopez—contains highly probative evidence, which Uber should be permitted to present to the jury. Like in any sexual assault case, one "key issue" the jury must decide is "do you believe [the accuser] or not?" *United States v. Preston*, 873 F.3d 829 846 (9th Cir. 2017); *see also Manai v. Valenzuela*, 2015 WL 1967012, at *29 (N.D. Cal. May 1, 2015) (observing "most sexual assault prosecutions" will "c[o]me down to a credibility contest between the defendant and the complaining witnesses") (Breyer, J.). Capitalizing on the parties' agreement, and Uber's belief that all TPD recordings were admissible, Plaintiff was permitted to present recordings with

her side of the story and the account of her friend, Mr. Bagby. Tr. 1815:11-12. Uber must be permitted the opportunity to present evidence supporting Mr. Turay's account that he subjectively believed he was engaging in a consensual sexual encounter according to the same previously agreed parameters. Turay's contemporaneous account—including his demeanor when presenting it—bears not only on the credibility of his deposition testimony but also whether Uber could have prevented the encounter from occurring in the first place, as Uber cannot stop consensual sexual activity in drivers' own vehicles. Absent its admission, the jury will be left with the highly prejudicial—and false—understanding that Plaintiff's trial testimony is corroborated by both her and Mr. Bagby's contemporaneous statements to police while Turay's is not. Plaintiff was able create that false impression only exploiting the parties' agreement to present otherwise-inadmissible out-of-court statements. Refuting that erroneous impression is not cumulative—and it falls squarely within the benefit of the parties' bargain.

      This is not just any witness, but the alleged assailant himself, and any evidence bearing on his credibility is highly probative. *Contra* Dkt. 5169 at 4 (contending the video adds only speculation about why Plaintiff might lie). If Plaintiff had particular concerns about undue prejudice from specific statements (under Rule 403 or otherwise)—such as Mr. Turay's answer to the question whether he could conceive of "any reason for her to make this up or lie about it?," Dkt. 5169 at 1—Uber has expressed its willingness to confer about them. Ex. 11. Plaintiff should not be permitted to instead walk away from an agreement from which she has benefited throughout trial. To "avoid … prejudice or surprise" to Uber, basic fairness and estoppel principles require that Uber be allowed to play Mr. Turay's recording just as Plaintiff was permitted to play Mr. Bagby's and her own. *United States v. Bazaarvoice, Inc.*, 2014 WL 11297188, at *2 (N.D. Cal. Jan. 21, 2014) (admitting declaration "[t]o avoid any claim of prejudice or surprise" based on "unclear" agreement, where "*other declarations* were offered without objection" (emphasis added)).

## II. THE COURT SHOULD ALTERNATIVELY STRIKE THE TPD VIDEOS OF BAGBY'S HEARSAY STATEMENTS

If the Court chooses not to enforce the parties' agreement and excludes Exhibit 4096, then it must strike P-01923 and P-01936, the bodycam footage of Mr. Bagby. In an attempt to minimize the prejudice to Uber, Plaintiff now contends that Mr. Bagby's out-of-court statements were not inadmissible hearsay. Fed. R. Evid. 801. The contention is not credible.

Plaintiff first invokes Rule 703, claiming that Mr. Tremblay relied on the Bagby video to form his opinions. Dkt. 5169 at 4. But Plaintiff cannot meet her burden to show the video's "probative value in *helping the jury evaluate [Tremblay's] opinion* substantially outweighs [its] prejudicial effect." Fed. R. Evid. 703 (emphasis added). Because the Bagby statements are otherwise inadmissible hearsay, *see infra*, "Rule 703 inverts [Plaintiff's] burden on the 'prejudice versus probativity" issue and she "may disclose those facts or data to the jury" only if their probative value on Tremblay's opinion "*substantially outweighs* the prejudicial effect." *Munoz v. PHH Mortg. Corp.*, 2022 WL 138670, at *4 (E.D. Cal. Jan. 14, 2022) (emphasis added). The only "probative" value Plaintiff offers is that Bagby's "outcry witness" statements confirm that "Ms. Dean's circumstances included the risk factor of intoxication." Dkt. 5169 at 4. That "probative value" could not be less significant, given the plethora of undisputed evidence that Plaintiff was intoxicated on November 15, 2023. *See, e.g.*, Tr. 1792:22-23, 1816:12-13, 1816:25-1817:2 (Plaintiff testifying to intoxication); *see also* 7/23/25 Turay Dep. 126:21-24 (Plaintiff told Turay was that "she was very drunk"). And Plaintiff's conclusory statement that the video presents "zero risk of unfair prejudice" is wrong. These videos are inflammatory, cumulative (indeed, they were played multiple times), and most important, are unreliable hearsay that Uber could not test through cross examination. *See United States v. Reyes*, 18 F.3d 65, 69 (2d Cir. 1994) ("principal vice" of hearsay is "no opportunity to cross examine"); *see also United States v. Hong*, No. 23-50038, 2024 WL 4926789, at *1 (9th Cir. Dec. 2, 2024) ("hearsay statements are presumptively unreliable").

     Second, Plaintiff contends that the Bagby videos fall within Rule 803(2)'s exception for excited utterances. An excited utterance is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." *Udd v. City of Phoenix*, 2020 WL 1536326, at *23 (D. Ariz. Mar. 31, 2020) (quoting Fed. R. Evid. 803(2)). Plaintiff relies on *United States v. Rivera*, 43 F.3d 1291, 1296 (9th Cir. 1995), in which "the Ninth Circuit held it was not an abuse of discretion to admit statements made at least a half hour after the startling event where the event was the sexual assault of a 15-year-old girl, the victim was in a semi-hysterical state when she recounted the ordeal to her mother, and the conversation constituted the victim's first real opportunity to report the crime." *Udd*, 2020 WL 1536326, at *23 (distinguishing *Rivera*).[4] Those circumstances are highly distinguishable: This is not a statement by a victim "describing a violent crime committed against her," *id.*; indeed, Bagby was not even "giving statements as a disinterested observer," *contra* Dkt. 5169 at 5. Instead, Mr. Bagby, was talking to police as Ms. Dean's "friend," who "like[d] all the flight attendant girls and kind of t[ook] care of all of them." Tr. 1815:8-12. And in addition to the fact that about an hour had lapsed between Dean's arrival and Bagby's statements–*Hogan v. Bean*, 140 F.4th 1001, 1041 (9th Cir. 2025) (no excited utterance where "one-hour pause gave [declarant] the chance to talk to [daughter] and an opportunity to reflect")–neither his tone nor the content statements display the "semi-hysterical state" or "visible distress" generally required to meet the excited-utterance test. *Udd*, 2020 WL 1536326, at *23; *United States v. Starr*, 159 F.4th 901, 908 (11th Cir. 2025); *see also United States v. Alexander*, 331 F.3d 116, 122 (D.C. Cir. 2003) ("to qualify as an excited utterance, 'the declarant's state of mind at the time that the statement was made must preclude conscious reflection on the subject of the statement." (quoting *United States v. Joy*, 192 F.3d 761, 766 (7th Cir.1999)).

     Finally, Plaintiff falls back on the "residual exception," claiming that the "statements in question were made by a Good Samaritan, shortly after the event, with no motive to lie, and with

---

[4] Unlike the statements at issue in Rivera, Bagsby's statements also involved two levels of hearsay: his out-of-court utterances, which recounted Plaintiff's statements to him. Plaintiff does not address that second level of hearsay.

the sole objective of assisting law enforcement." Dkt. 5169 at 6.  The residual exception should "be used rarely and in exceptional circumstances." *Fong v. Am. Airlines, Inc.*, 626 F.2d 759, 763 (9th Cir. 1980).  Plaintiff has failed to demonstrate that Bagby's statements bear sufficient "guarantees of trustworthiness" to qualify for this exception.  The facts Plaintiff cites—Bagby's supposed disinterestedness and "sole objective" to help law enforcement," "shortly after the event," —essentially amount to a weaker version of her "excited utterance" theory.  Bagsby's statements fall far short of the excited-utterance exception, and even a "near miss" on another exception is not necessarily admissible absent indicia of guaranteed trustworthiness.  *United States v. Bonds*, 608 F.3d 495, 501 (9th Cir. 2010) (affirming exclusion under Rule 807 despite "near miss" under other exceptions).  Nor has Plaintiff established that Bagby's out-of-court hearsay statements are "more probative on the point for which [they are] offered than any other evidence that Plaintiff can obtain through reasonable efforts"—she provides no explanation for why Bagby was not available to testify on her behalf, subject to cross examination.

Uber was deprived of the opportunity to assert any of these objections by Plaintiff's late-breaking gamesmanship.  If the Court excludes the TPD recording of Turay that Uber seeks to admit, it should strike the videos of Bagby as well.

Dated: February 2, 2026

Respectfully submitted,

*/s/ Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Kim Bueno (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
401 W. 4th Street
Austin, TX 78701
Telephone: (512) 678-9100
kim.bueno@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

Sabrina H. Strong (SBN: 200292)
Jonathan Schneller (SBN: 291288)
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
sstrong@omm.com
jschneller@omm.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

## CERTIFICATE OF SERVICE

I hereby certify that on February 2, 2026, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will automatically send Notification of the filing to all counsel of record.

*/s/ Laura Vartain Horn*
Laura Vartain Horn