[Submitting Counsel listed below]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*, No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | CASE NO. 3:23-MD-03084-CRB<br><br>**DECLARATION OF LAURA VARTAIN HORN IN SUPPORT OF DEFENDANTS' TRIAL BRIEF REGARDING AGREED ADMISSIBILITY OF EXHIBIT 4096 AND MOTION TO STRIKE IN THE ALTERNATIVE**<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA
# PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>          Plaintiff,<br><br>v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>          Defendants. | CASE NO. 25-cv-4276-PHX-CRB<br><br>Judge:      Hon. Charles R. Breyer<br>Courtroom:  501 |

I, Laura Vartain Horn, declare as follows:

1. I am an attorney licensed to practice before all state courts in California and the Northern District of California federal court. I am an attorney at Kirkland & Ellis LLP, counsel of record for Defendants Uber Technologies, Inc., Rasier, LLC, and Rasier-CA, LLC (collectively, "Uber"). I have personal knowledge of the facts set forth here.

2. I submit the below declaration regarding the agreement between Plaintiff and Defendants that all audio and visual recordings (as well as most written records) from Tempe Police Department ("TPD") are admissible. Contrary to the agreement, Plaintiff on January 31, 2025, objected to Defendants playing audio recording between TPD and Mr. Turay, which is Exhibit 4096. As explained below, this reversal is a breach of an agreement between the parties, through which Plaintiff secured admission of the audio recording between TPD and Kenny Bagby, the hotel clerk.

**The Parties Memorialized the Parties' Agreement That TPD Audio and Visual is Admissible During Detective Lopez's Deposition on December 30, 2025.**

3. Based on the negotiations described below in Paragraphs 9-15, on the record at Officer Lopez's deposition (as noticed by Plaintiff), Ms. Bueno stated: "***We also have stipulated that all audio, body cam footage, and video that was produced from the Tempe Police Department is admissible into evidence.*** So the parties will not be needing to do anything further on that. It's authentic and it's admissible. There is a dispute among the parties about the actual substantive documents and records that come from the Tempe Police Department. Defendants have told Plaintiffs that if there is an agreement to admissibility of Detective Lopez's report, there would be no need to call him to trial. Plaintiff's have rejected that stipulation and as a result, we will bring Detective Lopez to trial" (emphasis added). Plaintiff's counsel, Mr. Brian Perkins, objected to the statement being made in front of Detective Lopez, but not to the substance. Lopez Dep Tr. at 9:19-10:6. Exhibit 1.

4. Mr. Perkins (Plaintiff's counsel) abbreviated his examination of Detective Lopez based on the parties' agreement about the stipulation to audio and visual recording. During his examination of Detective Lopez, Mr. Perkins prepared to show the TPD body cam of the Springhill Suites lobby and specifically the interview of the hotel clerk, Kenny Bagby. Mr. Perkins, before commencing playing the video and his examination on this topic said: "Well, you know, I could pause here just to maybe save time.

We've already stipulated that these are not just to the foundation but they're admissible right?" Lopez Dep Tr. at 105:24-106:2. Exhibit 2.

5. Ms. Bueno confirmed: "Yeah, we have stipulated that every video, audio and body cam from the Tempe Police Department is admissible at trial." Mr. Perkins then said: "Okay, let's pull this down. I don't want to burn time that we don't have to. All right." *Id* at 106:3-7.

**The Trial Record Further Confirms the Parties' Agreement That TPD Audio and Visual is Admissible, And Plaintiff Benefitted From the Agreement When Admitting TPD Video of Kenny Bagby.**

6. On January 6, 2026, at the Pretrial Conference, Ms. Bueno stated: "In this particular case, the parties have already stipulated that all the body cam footage is admissible. ***All the video is admissible. All the audio is admissible***…" Pretrial Conference Tr. (Jan. 6 2026) (emphasis added) at 53:3-5. Exhibit 3. Plaintiff did not object or state any contrary understanding.

7. On January 23, 2026, during the examination of Mr. Tremblay, in which Defendants showed Mr. Tremblay audio and visual from TPD, Ms. London, Ms. Bueno and the Court had an exchange during which Ms. Bueno stated: "The parties have stipulated that all of that video is coming in. So that's not the issue." Trial Tr. at 1553:19-1554:12. Exhibit 4. Ms. London did not object or state any contrary understanding.

8. During trial, Plaintiff played the TPD body cam of the hotel clerk, Kenny Bagby multiple times. Trial Tr. at 1465:7, 1663:19. Exhibit 5. Defendants did not object to this otherwise inadmissible hearsay in which Bagby discusses his interaction with Plaintiff on November 15, 2023, based on the parties' agreement.

**Background Regarding The Parties' Agreement Regarding the TPD Records, Specifically Audio and Visual.**

9. At Plaintiff's request, the parties negotiated a Joint Stipulation Regarding Pretrial Stipulation Regarding Scheduling and Trial Exhibit and Witness Protocol ("Joint Stipulation"). This negotiation occurred over several weeks, but at no point did Plaintiff raise any concern about the audio and visual from TPD, and agreed to the audio at issue here.

10. On December 19, 2025, after significant correspondence on issues within the Joint Stipulation that are not relevant here, I received a revised draft of the Joint Stipulation from Ms. Hurd,

1  which stated in relevant part at section VI. D: "The parties agree that the deposition of Jessica Weaver
2  (SANE Nurse) may be played at trial in lieu of live testimony. The parties also agree that Ms. Weaver's
3  exam report, and audio and video recordings from the Tempe Police Department as set out at Exhibit 1
4  will be admissible at trial." Plaintiff left a comment in their markup of the stipulation: "Plaintiffs are still
5  reviewing Exhibit 1 that you provided. There appears to be files listed that are not video or audio." Exhibit
6  6. In the that correspondence and in subsequent negotiations about Exhibit 1, Plaintiff only objected to the
7  written records of TPD, and never raised any concern about the video and audio.

8      11.    On December 31, 2025, as part of these negotiations, I sent an email to Plaintiff's Counsel,
9  Exhibit 7, attaching a draft of the Joint Stipulation (Exhibit 7-A) as well as "Exhibit 1 – TPD Records
10 (Revised)."  Exhibit 7-B. "Exhibit 1" explicitly set out the audio recording at issue, listed as "Tempe
11 Police Audio (Drive H. Turay) with Bates beginning at JDean-TempePD-000117.

12     12.    On January 5, Ms. Luhana wrote to me: "Additionally Laura for Ex. 1 we're okay with
13 everything but for JDean-TempePD-00087. While it contains photos from officers Bah and Lopez (which
14 are fine), it also contains the attached CAD file, which we object to. If you remove the CAD file; we're
15 good with Exhibit 1. Thanks." Ms. Luhana raised no objection to any of the audio and visual files,
16 including the audio recording at issue, listed as "Tempe Police Audio (Drive H. Turay) with Bates
17 beginning at JDean-TempePD-000117. Exhibit 8.

18     13.    On January 7, Ms. Luhana wrote to me: "I'd like to get our Joint Pre-Trial Stipulation filed
19 and confirm there are no further disputes." Exhibit 9. Ms. Luhana did not file the Joint Stipulation. The
20 Parties had already for weeks filed pretrial submissions pursuant to the agreements on those issues in the
21 Joint Stipulation and had exchanged exhibits consistent with it.

22     14.    Before and throughout trial, the Parties acted consistent with the agreement that the audio
23 and visual from TPD, as discussed above.

24     15.    On January 31, Defendants supplemented their disclosure for Monday, February 2 to
25 include Exhibit 4096, which has been on Defendants' Exhibit List since December 10, 2025.  That
26 evening, Plaintiff objected to Defendant's use of the exhibit without a basis for the objection.  On
27 February 1, Plaintiff provided the basis for the objection – that it was as inadmissible hearsay and that
28 there was no stipulation to admissibility for any of the Tempe Police Department Records.  I responded

1  to Plaintiff reminding them of the agreement and included the above referenced email correspondence.
2  Exhibit 10.
3      I declare under penalty of perjury under the laws of the United States of America that the foregoing
4  is true and correct.
5      Dated:  February 2, 2026 in Phoenix, Arizona

*/s/ Laura Vartain Horn*
LAURA VARTAIN HORN

5
DECLARATION OF LAURA VARTAIN HORN ISO OF TRIAL BRIEF RE: TPD AUDIO RECORDING
CASE NO. 3:23-MD-03084-CRB / 25-CV-4276-PHX-CRB