# EXHIBIT 2

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA


IN RE: UBER TECHNOLOGIES, INC.              ) MDL No. 3084 CRB
PASSENGER SEXUAL ASSAULT LITIGATION         )
_____      )
                                            )
This Document Relates to:                   )
Jaylynn Dean v. Uber Technologies,          )
Inc., et al.,                               )
                                            )
3:23-cv-06708                               )
                                            )


30(a)(1) DEPOSITION OF DETECTIVE OSCAR LOPEZ

(CONTAINS CONFIDENTIAL PORTIONS)


December 30, 2025
9:39 a.m.
Tempe, Arizona


Prepared by:
Andres Efren Anaya, RPR
CR No. 50964

Detective Oscar Lopez
December 30, 2025

1   play, Ray.  Thank you.

2              (The recording was played.)

3              If we could pause right there, if you can?

4        Q.   So we can here that the ride on this particular

5   app, the way it tracked, it started at 12:33 a.m. and

6   ended at 1:08 a.m., correct?

7        A.   Correct.

8        Q.   And it says at the very top of the screen it

9   was a 34-minute ride, correct?

10       A.   Yes.

11       Q.   Do you have a best estimate as to how long that

12  drive should actually take if you didn't stop to rape

13  somebody?

14             MS. BUENO:  Objection; form.

15             MR. PERKINS:  Let me ask that again.

16  BY MR. PERKINS:

17       Q.   Do you have an estimate as to how long that

18  ride should take if you just drove straight through?

19       A.   Maybe half that.

20       Q.   If we could pull this down and go to Exhibit --

21  Plaintiff's Exhibit 19 which ends in 400.

22             (Exhibit 19 was marked for identification.)

23             MR. MOORE:  Do you want me to play?  I'm sorry.

24             MR. PERKINS:  Yes, sir.  Well, you know, I

25  could pause here just to maybe save time.  We've already

Detective Oscar Lopez
December 30, 2025

1  stipulated that these are not just to the foundation but

2  they're admissible, right?

3          MS. BUENO:  Yeah, we have stipulated that every

4  video, audio, and body cam from the Tempe Police

5  Department is admissible at trial.

6          MR. PERKINS:  Okay.  Let's pull this down.  I

7  don't want to burn time that we don't have to.  All right.

8  Let's go to exhibit -- what we'll mark as Plaintiff's

9  Exhibit 20 which is Bates ending in 380, Ray.  And we

10  could skip to 25 seconds.  That's good.  It starts at 30.

11          (Exhibit 20 was marked for identification.)

12          (The recording was played.)

13          MR. PERKINS:  We're going to have you pause

14  right here.  So just to set this up a little bit.

15  BY MR. PERKINS:

16      Q.   Detective, this the first time -- well I'll ask

17  you:  Was this the first time that any law enforcement

18  officer had had direct contact with Turay?

19      A.   Yes.

20      Q.   Okay.  And there's an advantage, and we talked

21  a little about this before, do you agree that there is an

22  advantage to a trained detective being the first contact

23  with a suspect, correct?

24      A.   Yes.

25      Q.   At this time, had you known -- did you know