# EXHIBIT 3

```
                                          Pages 1 - 108

              UNITED STATES DISTRICT COURT

            NORTHERN DISTRICT OF CALIFORNIA

Before The Honorable Charles R. Breyer, Judge

IN RE:  UBER TECHNOLOGIES,     )
INC., PASSENGER SEXUAL ASSAULT )
LITIGATION                     )
                               ) NO. C 23-md-03084-CRB
                               )
_____)

                        San Francisco, California
                        Tuesday, January 6, 2026
```

**TRANSCRIPT OF PROCEEDINGS**

**APPEARANCES**:

For Plaintiffs:
        GIRARD SHARP LLP
        601 California Street - Suite 1400
        San Francisco, California 94108
  BY: **SARAH R. LONDON, ATTORNEY AT LAW**
      **ANDREW KAUFMAN, ATTORNEY AT LAW**
      **SIMON S. GRILLE, ATTORNEY AT LAW**

        PEIFFER WOLF CARR & KANE
        555 Montgomery Street - Suite 820
        San Francisco, California 94111
  BY: **RACHEL B. ABRAMS, ATTORNEY AT LAW**

        CHAFFIN LUHANA LLP
        600 Third Avenue - 12th Floor
        New York, New York 10016
  BY: **ROOPAL P. LUHANA, ATTORNEY AT LAW**
      **STEVEN COHN, ATTORNEY AT LAW**
      **ELIZABETH WILKINS, ATTORNEY AT LAW**
      (Appearances via Zoom)

**(APPEARANCES CONTINUED ON FOLLOWING PAGE)**

Reported By: Ruth Levine Ekhaus, RMR, RDR, FCRR
           Official Reporter, CSR No. 12219

1  believe this is relevant.
2  **THE COURT:** Sure.
3  **MS. BUENO:** This is a unique case.  In the JCCP trial,
4  the Court excluded evidence related to the closure of that
5  criminal case, but that was due to the plaintiff's failure to
6  return the police phone calls.  And the Court found, I think,
7  quite properly, that if there hadn't been like a decision on
8  the merits, so to speak, this plaintiff didn't return phone
9  calls, there was no reason to have that information.  And
10 the Court held there that that would reinforce sexual assault
11 myths about whether or not a victim or survivor would want to
12 participate in a criminal investigation.  That's really
13 different than what happened here.
14     In this particular case, Ms. Dean got out of the car with
15 Mr. Turay.  Very quickly, about 13 minutes later, 11 minutes
16 later, called 9-1-1.  A police -- the police department arrived
17 in Tempe, Arizona at the Spring Hill Suites, where she was
18 staying, very, very quickly, within minutes.
19     The police investigation began.  There was a lengthy
20 police investigation where both Ms. Dean and Mr. Turay had many
21 conversations with law enforcement.  There was a sexual assault
22 exam.  There was interviews of collateral witnesses and those
23 on the scene.  And after a lengthy investigation, the police
24 determined that they were not going to move forward with
25 charges and, in fact, the detective wrote in the record that

```
 1   due to the evidence of a consensual nature of the sexual
 2   encounter, there was not enough to move forward.
 3        In that particular -- in this particular case, the parties
 4   have already stipulated that all the body cam footage is
 5   admissible.  All the video is admissible.  All the audio is
 6   admissible, so the jury is going to here a lot about this
 7   criminal investigation.  They're going to hear it all.
 8        And what we're simply asking is for the jury to
 9   understand, through the testimony of Dr. -- or Detective Lopez,
10   the records, or otherwise, that the conclusion of that criminal
11   investigation specifically found that there was evidence of a
12   consensual sexual encounter.  That's different.
13             THE COURT:  Why isn't that hearsay?
14        You're introducing it for the truth of the matter.  You're
15   introducing it exactly for a hearsay purpose.  You're saying
16   the police found that it was consensual, and therefore, they --
17   and they didn't charge.  Okay?  And you want to introduce that
18   into evidence.  So it's being introduced for the truth of the
19   matter.
20        Generally, we call that hearsay where I come from, and
21   isn't it excludable under the hearsay rule?
22             MS. BUENO:  I think there are a couple of answers to
23   that question.
24        Number 1, it's relevant if Detective --
25             THE COURT:  By the way, hearsay is frequently
```