# EXHIBIT 6

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT PRE-TRIAL STIPULATION REGARDING SCHEDULING AND TRIAL EXHIBIT AND WITNESS PROTOCOL AND [PROPOSED] ORDER** |
| This Document Relates to: | |
| Case No. 23-cv-6708 (Dean) | |

The parties respectfully submit this joint stipulation regarding pre-trial scheduling and trial exhibit and witness protocols, including protocols for the identification and exchange of trial exhibits, witness testimony and deposition designations to be introduced at trial. In addition to the agreed-upon dates and topics, the parties have set out a section with areas of disagreement and their respective positions.

**I.     SCHEDULING (DISPUTED)**

The parties agree on the following deadlines:

| DEADLINE | EVENT |
|---|---|
| December 16, 2025 | File Motions in Limine |
| December 16, 2025 | Plaintiffs to Serve Proposed Jury Instructions and Verdict Forms |
| December 16, 2025 | File Joint Proposed Pre-Trial Order |
| December 19, 2025 | File Voir Dire Questions |
| December 22, 2025 | Defendants to Provide Responses and Objections to Proposed Jury Instructions and Verdict Forms |
| December 30, 2025 | File Jury Instructions and Verdict Form |
| December 30, 2025 | File Oppositions to Motions in Limine |
| December 30, 2025 | File Final Joint Witness Lists |
| December 30, 2025 | File Final Joint Exhibit Lists |
| January 5, 2025 | Exchange of Branded Exhibits |
| January 5, 2026 | Submit Trial Briefs |

**Commented [A1]:** To Discuss

**A.     Filing Final Witness Lists**

1

JOINT PRE-TRIAL STIPULATION REGARDING SCHEDULING AND TRIAL EXHIBIT AND WITNESS PROTOCOL AND [PROPOSED] ORDER; CASE NO. 3:23-MD-3084-CRB

1       Per the Court's Guidelines, the parties shall submit to the Court a joint list of all witnesses

2 each party reasonably believes it will or may call to testify at trial in its case-in-chief on ***December***

3 ***30, 2025***.

4       For each witness, the witness list shall include the following information:

5             (a)    whether the witness is a will call or may call;

6             (b)    whether the witness will be presented live or by deposition designation;

7             (c)    a time estimate for the length of the witness' direct examination testimony per

8 the Court's Guidelines; and

9             (d)    a short statement of the substance of the witness' testimony, including what

10 non-cumulative testimony the witness will give, per the Court's Guidelines.

11      **B.**    **Filing of Final Exhibit Lists and Exchange of Branded Exhibits** ~~(DISPUTED)~~

12 ~~The parties disagree about the timing for filing of exhibit lists as well as exchange of branded~~

13 ~~and stickered exhibits.~~

14 ~~Plaintiff's Position:~~

15       The parties shall submit to the Court their respective list of all Trial Exhibits on ***December***

16 ***30, 2025,*** *including* <u>Summaries Under Fed. R. Evid. 1006 ("Rule 1006")</u>.  The parties shall complete

17 columns A-F, as applicable and defined in Section II.A, for their Exhibit List.  The Parties shall

18 exchange branded and stickered copies of their exhibits, in accordance with Section III of this

19 stipulation, by no later than ***January 5, 2026.***

> **Commented [A2]:** Per earlier email, the parties agree to January 5 for branded exhibits

20 ~~The parties exchanged initial exhibit lists of December 10, 2025.  Although Defendants have~~

21 ~~moved to strike Plaintiffs' exhibit list based on its length, Plaintiff's methodology to compile her~~

22 ~~exhibit list was straightforward and reasonable.  The exhibit list includes: (1) documents cited by~~

23 ~~Plaintiff's experts who will or may testify at trial; (2) deposition exhibits of witnesses on Plaintiff's~~

24 ~~or Defendants' witness lists; and (3) documents specific to Plaintiff Dean's claims.  That approach~~

25 ~~ensured completeness while preserving the ability to narrow. Plaintiff has already advised Uber that~~

26 ~~Plaintiff will de-duplicate and substantially reduce the exhibit list within the agreed timeframe.~~

27 ~~Additionally, there is no prejudice to Defendants considering most of the documents on the Exhibit~~

28 ~~List consist of Uber's own corporate documents.~~

**II.        FORM OF TRIAL EXHIBIT LIST (DISPUTED)**

**Plaintiff's Position:** Plaintiff has agreed to narrow the Exhibit List by a 1000+ exhibits and intends to produce it on the timeline the parties agreed to.  That, however, should not preclude Defendants from engaging in a meaningful discussion about the format of the exhibit list, and other trial mechanics including disclosure requirements and timing.

**Defendants' Position:** Defendants oppose submitting to the Court any of the below topics unless and until Plaintiff discloses an Exhibit list that reflects evidence that can reasonably be admitted in a 39-hour case. Defendants are willing to submit the scheduling issues above.  Defendants set out additional positions below.

   **A.        Format of Exhibit Lists**

       The parties shall list their exhibits in order on a separate Excel spreadsheet consistent with the attached exhibit list template, which shall include columns with the following headings (the "Exhibit List"):

| Column | Column Name | Description |
|--------|-------------|-------------|
| A | Ex. No. | The parties' unique exhibit numbers. |
| B | Date | Date of exhibit |
| C | Description | Short description of exhibit |
| D | BegBates | First production Bates number of exhibit |
| E | EndBates | Last production Bates number of exhibit |
| F | Subject to Stipulation | Whether a document is subject to stipulation. |

**Plaintiffs' Position:** It is not clear why Defendants would need to see the document rather than rely on the bates number to determine whether a document is subject to stipulation. This reference on the exhibit list is for reference and is not intended to waive a party's right to challenge the branded exhibit to the extent the branded version is missing pages, or otherwise not representative of the underlying stipulated document.

**Defendants' Position:** Defendants will not be able to determine whether a document is subject to stipulation until they receive stamped, final versions of exhibits from Plaintiff. For that reason, the exhibit exchange needs to be well before the deadline for filing the final exhibit list with Column F.

3

**Commented [A3]:** Plaintiffs are ok removing this column, which means we can remove the dispute relating it.

**Commented [A4]:** Plaintiffs propose deleting in light of deleting column F.

1.      Static Exhibit Numbers **(DISPUTED)**

**Plaintiff's Position:**

For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their exhibit lists. The parties shall assign unique exhibit numbers using the prefixes specified below. Each prefix group shall begin with the number 1 and maintain a constant length of five numeric digits (including zero-digit padding).

| Party | Exhibit Prefix | Beginning Exhibit Number |
|---|---|---|
| All Plaintiffs | P- | 00001 |
| All Defendants | DEF-MDL- | 00001 |

Importantly, this is an MDL, and the exhibits that are identified and branded for this trial will serve the MDL and parties in anticipated future trials, across multiple jurisdictions. Plaintiff's exhibit numbering system is most efficient as exhibit lists are amended leading up to and during trial, so having designations noting which party has placed an exhibit on the exhibit list will contribute to clarity and organization throughout the case waves and maintain consistency across court records. Further, permitting Plaintiffs to use a single unique pre-fix will streamline the authentication process in future trials and will avoid the need for any unnecessary reconciliation and expense.

**Defendants' Position**:

The Court's Guidelines for Civil Jury Trials at Section I directs the parties to "use numbers only, not letters, for exhibits."  The provision further establishes that the parties should not claim ownership, and that all exhibits are referred to by number without reference to party, and that there should be no competing versions of the same exhibit numbers.  Because Plaintiff has not yet committed to a number of exhibits, Defendants are prepared to use exhibit numbers 1-500, and Plaintiff can start her numbering at 500.

2.      Family Exhibits  **(AGREED WITH DEFENSE OBJECTION**

4

PRESERVED)

The parties may list whole document families as a single entry on their exhibit lists. The parties understand that "document families" refer to email chains. The parties reserve all rights to object once they receive the stamped exhibits.

Defendants' Position:

After conference with Plaintiff on this proposal, Defendants understand Plaintiff's use of "document families" to mean email chains. With that understanding, Defendants will agree to this provision but reserve the right to object once they receive Plaintiffs' stamped exhibits.

> Commented [A5]: Edited to incorporate your language

3.    Aggregate Data Sets **(DISPUTED)**

**Plaintiffs' Position:**

The parties may list as a single entry on their exhibit lists aggregate data sets that cannot reasonably be broken into individual entries (for example, Data Uber produced into the Amazon Web Services (AWS) Secure Environment administered by BDO).

Plaintiffs listed this very example on Plaintiff's exhibit list served on December 10, 2025. In discussions over this section, Plaintiffs have asked Defendants if it has a specific objection to this entry, and they have refused to provide an answer.

**Defendants Position:**

To the extent that a party proposes to list as a single entry on their exhibit lists aggregate data sets that it believes cannot reasonably be broken into individual entries (for example, Data Uber produced into the Amazon Web Services (AWS) Secure Environment administered by BDO), it should provide the exhibit to the opposing side, who will provide a position on whether it can be listed as a single exhibit

4.    Compilation Exhibits **(DISPUTED)**

**Plaintiffs' Position**

The parties may list documents of similar type and category intended to serve as evidence pursuant to federal law under a single entry, provided that the exhibit shall be specifically and separately identified on the exhibit list [e.g. all Bates numbered documents referenced in a particular

> Commented [A6]: Plaintiff agrees to remove section and parties can address as need arises

5

answer to an interrogatory]. To the extent a document would be offered individually, it shall be separately listed and branded.

**Defendants' Position:**

Defendants will provide their position on Plaintiff's compilation exhibits after they are identified and provided to Defendants. Without additional information about what exhibits they seek to list, Defendants are unable to agree.

## III.    TRIAL EXHIBIT PRODUCTION AND OBJECTION PROCEDURE

### A.    Branding Exhibits for Identification

Each exhibit will be branded with: (i) an exhibit sticker that identifies the unique exhibit number; and (ii) an exhibit endorsement that identifies the unique exhibit number and page number of each exhibit.

#### 1.    Exhibit Stickers — DISPUTED IN PART

Each party will place an exhibit sticker on the first page of each exhibit in a location that does not overlap with or obstruct any text or content of the exhibit. Plaintiffs propose that the parties use yellow stickers; Defendants use blue stickers. Defendants object to separate colors, because the Court's Trial Guidelines specifically state that there should be no ownership of exhibits. The exhibit stickers shall identify the unique exhibit number. Electronically generated stickers shall be acceptable. The exhibit sticker shall be placed in the lower middle portion of first page, where possible.

> **Commented [A7]:** Ok with removing different colors

#### 2.    Exhibit Endorsements

Each party will include on each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of five numeric digits (including zero-digit padding). The exhibit endorsement shall conform to the following format: [exhibit number] [5-digit page number].

**B.    Production Format for Exhibits**

1.    PDF Format

All exhibits shall be properly branded and stickered (as specified in this stipulation) and individually produced in PDF format to the extent an exhibit can reasonably be converted to PDF format and remain usable. The file name of each PDF exhibit shall correspond to the unique exhibit number.

2.    Native Format

If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native format. The file name of a native file shall correspond to the unique exhibit number. A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation and trial exhibit sticker.

3.    Extracted Text for PDFs

The parties are not required to provide extracted text for exhibits produced in PDF format, but all PDFs shall be OCR'd before delivery to the parties so they are otherwise searchable.

4.    Transcriptions for Audio and Video Recordings

The parties shall provide certified written transcriptions for any audio and video files and shall label such transcripts so they are easily traceable to the original media file.

5.    Document Size

The parties will not alter or shrink original documents to smaller than full-page size.

**C.    Method of Production**

The parties may produce their exhibits via a secure FTP site or production media (*e.g.*, external drive). If a party produces its exhibits via production media, that production media must be delivered to the other party by the deadline for doing so.

**D.    Procedure for Objections to Exhibits on Exhibit List (DISPUTED)**

<u>**Plaintiff's Position**</u>:

The Standing Order requires the parties to meet and confer over all exhibit numbers and objections and to weed out duplicate exhibits. It urges the parties to be reasonable. Plaintiffs have

7

proposed the following evidentiary stipulations, which are reasonable and in line with the time limitations in this case:

    1.    Documents produced to a party to this action by another party or a third-party in response to compulsory process ( e.g., subpoena, Civil Investigative Demand), or a document request served upon a party pursuant to Fed. R. Civ. P. 34**, shall be deemed authentic for the purposes of this lawsuit only, absent good cause.** Good cause would include issues relating to the completeness of the document ( e.g., missing or incomplete pages) or any conditions in the actual document or the manner in which it was produced that brings into question whether the document was actually generated by the relevant party or third-party.

    2.    Documents produced to Plaintiffs by Defendants in this action in response to a document request served upon a party pursuant to Fed. R. Civ. P. 34 or Court Order in this action**, that were purportedly generated by the Defendants, or by Defendants' agent, shall be presumed to be a record of a regularly conducted activity in accordance with Fed. R. Evid. 803(6), absent good cause**. Good cause would include circumstances under which the source of the information featured in the document or the circumstances of its preparation indicate a lack of trustworthiness (as noted in Fed. R. Evid. 803(6)). To the extent a document would be so presumed to be a **record of a regularly conducted activity in accordance,** both sides would still retain and reserve all rights to argue that a particular document is otherwise not admissible on all other evidentiary grounds.

**Defendants' Position:**    Defendants cannot agree to authenticity stipulations without Plaintiff disclosing an exhibit list that addresses the evidence that Plaintiff reasonably intends to admit at trial. Defendants do not believe this is appropriate for submission to the Court or needs any resolution by the Court at present.

**IV.    CONTENTS OF EXHIBIT LISTS AND DISCLOSURE REQUIREMENTS**

**Plaintiffs' Position:** As previously noted, Plaintiff has agreed to narrow the Exhibit List by a 1000+ exhibits and intends to produce it on the timeline the parties agreed to.  That, however, should not preclude Defendants from engaging in a meaningful discussion about the format of the exhibit list,

1  and other trial mechanics including disclosure requirements and timing.

2  **Defendants' Position:** Defendants oppose submitting to the Court any of the below topics unless and

3  until Plaintiff discloses an Exhibit list that reflects evidence that can reasonably be admitted in a 39-

4  hour case. Defendants set out additional positions below.

5      **A.**    **Direct Examination Documents**

> **Commented [A8]:** Laura Note to Plaintiffs: We do not agree on disclosure. The parties can raise with the court at pretrial conference.

> **Commented [A9R8]:** We can discuss - you deleted some parts and not others

6        1.     Listing on Exhibit List

7  **Plaintiff Proposal:** The parties must include on their exhibit lists all exhibits they intend to use on

8  direct examination (other than those documents listed under "Potential Trial Exhibits that Do Not

9  Need to Be Listed on the Exhibit Lists" or documents used for purposes of impeachment or rebuttal).

10  The parties may use on direct examination an exhibit that was not previously identified on an exhibit

11  list only if such late disclosure is substantially justified or harmless.

12        2.     Disclosure of Exhibits for Use on Direct Examination

13  **Plaintiff Proposal:** A party conducting a direct examination must disclose the specific exhibits from

14  its exhibit list that it reasonably and in good faith intends to use on direct examination of the witness

15  by ***6:30pm*** on the day prior to their expected use at trial.

16       The parties are not required to disclose the documents intended to be used on direct

17  examination of a witness who is currently or was formally associated with or employed by an

18  opposing party or designated as hostile. The parties are not required to disclose documents to be used

19  on cross-examination (subject to Section III.B.1, below), impeachment, or rebuttal (*i.e.*, re-direct).

20        3.     Disclosure of Demonstratives for Use on Direct Examination

21  **Plaintiff Proposal:** A party conducting a direct examination of any witness must disclose any

22  demonstratives it intends to use by ***8:30 p.m.*** the day before the witness is expected to take the stand.

23  The parties shall raise any objections to such witness demonstratives with the Court prior to the

24  witness taking the stand. Demonstratives need not be disclosed by a party calling any witness who is

25  currently or was formally associated with or employed by an opposing party or designated as hostile.

26        4.     Objections

27  **Plaintiff Proposal:** The Standing Order requires the parties to meet and confer over all exhibit

28  numbers and objections and to weed out duplicate exhibits. It urges the parties to be reasonable. To

the extent any objection to an exhibit remains after that process, any such objection to an exhibit disclosed for use on direct examination shall be disclosed by **9:30 p.m.** on the day prior to their expected use at trial. Such objection shall be raised with the Court in advance of the witness's testimony.

**B.    Cross-Examination Documents**

1.    Listing on Exhibit List

**Plaintiff Proposal:** The parties must include on their exhibit lists all exhibits they intend to use on cross-examination (other than for purposes of impeachment or rebuttal). In light of the complexity of this litigation, the parties may use on cross-examination an exhibit that was not previously identified on an exhibit list only if such late disclosure is substantially justified or harmless. Except as provided herein, the parties retain and reserve all rights to argue that a particular document is otherwise not admissible on all other evidentiary grounds.

2.    Disclosure for Use on Cross Examination

**Plaintiff Proposal:** No party is required to exchange exhibits intended for use on cross-examination or in examining a hostile witness called in the party's case.  For avoidance of doubt, exhibits need not be disclosed by a party calling any witness who is currently or was formally associated with or employed by an opposing party or designated as hostile. This provision does not relieve the parties of any obligation to include such documents on exhibit lists.

3.    Disclosure of Demonstratives Used on Cross-Examination

**Plaintiff Proposal:** No party is required to exchange demonstratives intended for use on cross-examination. For avoidance of doubt, demonstratives need not be disclosed by a party calling any witness who is currently or was formally associated with or employed by an opposing party or designated as hostile.

**C.    Potential Trial Exhibits that Do Not Need to Be Listed on the Exhibit Lists**

The parties agree that the following groups of documents need not be listed on their exhibit lists. To the extent the parties offer any of these groups of documents as exhibits at trial, they will

10

**Formatted:** Heading 3, Left, Indent: Left:  1", Hanging: 0.5", Right:  0", Line spacing:  single, Border: Top: (No border), Bottom: (No border), Left: (No border), Right: (No border), Between : (No border)

**Commented [A10]:** Laura Note to Plaintiffs: We do not agree on disclosure. The parties can raise with the court at pretrial conference.

**Commented [A11]:** Ok to remove section on Expert reliance materials

mark them for identification using the next available unique exhibit number and offer them into evidence in the ordinary course at trial, subject to objection from the opposing parties. The parties reserve their rights to object to the admissibility of these documents as trial exhibits on all other evidentiary grounds.

- **Written Discovery Responses**: The parties' written responses to Interrogatories, Depositions upon Written Questions and Requests for Admission.
- **Demonstratives**: Demonstratives that the parties intend to use at trial.
- **Learned Treatises**:  Documents that may be used with a witness and shown to the jury pursuant to Rule 803(18), including medical literature and other documents that will not be offered into evidence.

## V.    WITNESS LISTS

### A.    Procedure for Witness Disclosures at Trial (DISPUTED)

**Plaintiff's Position:**

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL ||
| Disclosure | Deadline |
| --- | --- |
| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include: The order in which the witnesses are expected to testify; An updated time estimate for the testimony of each witness; and Whether the witness will be presented live or by deposition. | 6:30 pm the night before the witness (s) is expected to testify |
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 9:30pm the night before the witness is expected to testify. |

Many of the witnesses are testifying via video deposition, so disclosure will necessarily occur several days before the video is played.  Uber is opposing Plaintiff calling any live Uber witnesses.  For non-Uber live witnesses, one day is sufficient notice.

**Defendants' Position:**

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL ||
| Disclosure | Deadline |
| --- | --- |

11

| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include:<br>    The order in which the witnesses are expected to testify;<br>    An updated time estimate for the testimony of each witness; and<br>    Whether the witness will be presented live or by deposition. | 9:00am two days before the witness (s) is expected to testify |
|---|---|
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 12 p.m. the day before the witness is expected to testify. |

Given the more than 53 persons identified on Plaintiff's witness list, Defendants are unable to agree to a night-before-witness disclosure. If Plaintiff identifies a witness list with a reasonable number of witness to call for live testimony in a 39-hour case, which is likely no more than 10 live witnesses, Defendants will agree to disclose witnesses 9 a.m. the morning before the witness will testify. Absent that, Defendants submit that Plaintiff should be required to disclose witnesses by 9 a.m. two days before the witness will testify. This will be necessary to provide Defendant with an opportunity to prepare for witness testimony where Plaintiff is hiding the ball on trial strategy.

## VI.    DEPOSITION DESIGNATIONS AND FORMER TESTIMONY

### A.    Introduction of Deposition and/or Former Testimony at Trial

Designated deposition and/or former testimony may be offered into evidence maybe choosing choose to play video of or read in designated testimony during trial.

### B.    Timeline for Disclosures of Deposition Designations and Former Testimony (DISPUTED)

**Plaintiff's Position:** Plaintiffs have proposed a clear process for serving and responding to deposition designations, as detailed in Section B. It follows the Court's guidance on rolling designations and sets out clear deadlines.  To alleviate multiple deadlines throughout the holidays, Plaintiffs offered to serve 4-6 initial designations by December 22.   These designations would be subject to extended intermediate deadlines as detailed in Section C below. Plaintiffs did not agree to serve all their

12

**Commented [A12]:** We do not agree to moving in deposition testimony that is not played or read in court.

**Commented [A13R12]:** ok

**Formatted:** Body Text Cont., Indent: First line:  0.5"

1  designations by December 19 (as Defendants incorrectly state below), but agreed to serve

2  approximately 2 on December 19, and then 2-4 on December 22, with the remaining designations

3  served on a rolling basis thereafter in accordance with Section B.

4

| PROCEDURE FOR DISCLOSURES OF DEPOSITION AND FORMER TESTIMONY DESIGNATIONS | | |
|---|---|---|
| Round 1 | • Offering party's affirmative designations due<br>• Offering party to identify exhibits sought to be admitted with designations (in chart)<br>• Each deposition or former testimony exhibit shall include the corresponding trial exhibit number | Round 1 shall be served no later than 8:00 p.m. nine calendar days prior to the day of anticipated use at trial (e.g. if playing Jan. 21, then must disclose Round 1 no later than Jan. 12)<br><br>The Parties agree to work in good faith to identify a mutually agreeable format for the exchange of page and line citations for deposition and/or former testimony in a manner that permits their respective technical teams to efficiently cut the final videos. The parties further agree that attorney objections and commentary shall not be included in any parties' designations. |
| Round 2 | • Opposing party's objections to affirmative designations and exhibits sought to be admitted through designations due<br>• Opposing party's completeness and counter-designations due | Round 2 shall be served no later than 8:00 p.m. two calendar days after receipt of Round 1.<br><br>Testimony from a different witness may not be used as a completeness or counter-designation at trial; however, the parties may supplement their affirmative designations, including by adding affirmative designations from a new witness, to address any testimony affirmatively designated by the opposing party at the same time as completeness and counter-designations. |
| Round 3 | • Offering party's objections to counter-designations and completeness designations due<br>• Offering party's responses to objections to affirmative designations due<br>• Offering party's reply | Round 3 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 2.<br><br>To the extent the party serving Round 3 makes any changes to its Round 1 material, it shall be conspicuously noted in colored text or similar means. |
| Round 4 | • Opposing party's objections to offering party's reply designations due<br>• Opposing party's responses to objections to counter-designations and completeness designations due | Round 4 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 3.<br><br>To the extent the party serving Round 4 makes any changes to its Round 2 material, it shall be conspicuously noted in colored text or similar means. |

13

| | | |
|---|---|---|
| Round 5 | • Offering party's responses to objections to reply designations due | Round 5 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 4.<br><br>To the extent the party serving Round 5 makes any changes to its Round 3 material, it shall be conspicuously noted in colored text or similar means. |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | • The parties meet and confer regarding their objections<br>• Submit designations and exhibits to the Court for ruling | The parties will meet and confer regarding objections to designations one calendar day after receipt of Round 5.<br><br>All Unresolved Objections to Court as soon as practicable but no later than two calendar days prior to the day of anticipated use at trial.<br><br>Submission shall include:<br>1. transcript of testimony (including all remaining affirmative, completeness, counter- and reply designations, as well as any objections and responses);<br>2. an exhibit chart that includes all exhibits sought to be admitted, with objections, responses and a blank ruling column; and<br>3. all disputed exhibits. |
| Final Video and/or Transcript | • Offering party shall circulate the Court's rulings to all parties as soon as practicable after receipt and shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

    Without waiving Plaintiff's right to serve additional designations in accordance with Section V.B., Plaintiff has agreed to serve (rolling) approximately four to six Round 1 designations beginning on December 19, 2025 (approximately 2 designations) and no later than December 22, 2025 (approximately 2-4 designations), with the timeline of Rounds 1-5 being extended as follows:

| Round 1 | No later than December 22, 2025 |
|---|---|
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |

14

| Round 4 (if necessary) | January 6, 2026 |
|---|---|
| Round 5 (if necessary) | January 7, 2026 |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |
| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

**Defendants' Position:**

Defendants believe the parties should be required to designate all affirmative deposition testimony before trial in accordance with the dates listed in the following section.

    **C.**    **Timeline for Disclosures of Certain Deposition Designations and Former Testimony Offered on December 19-22, 2025.**

Plaintiff has agreed to serve two rounds of deposition designations no later than December 19, 2025, with 4-6 by December 22 As noted below, Plaintiff requests additional rounds.:

| Round 1 | No later than December 19, 2025 |
|---|---|
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |

15

| | |
|---|---|
| | |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |
| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

The parties agree on the above-schedule, but disagree about the necessity of additional rounds.

Plaintiff requests rounds 4 and 5, such that the schedule should look as follows:

| | |
|---|---|
| Round 1 | No later than December 19, 2025 |
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |
| Round 4 (if necessary) | January 6, 2026 |
| Round 5 (if necessary) | January 7, 2026 |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |

16

| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |
| --- | --- |

**D.    The Deposition of Jessica Weaver (SANE Nurse) and Law Enforcement Records**

The parties agree that the deposition of Jessica Weaver (SANE Nurse) may be played at trial in lieu of live testimony. The parties also agree that Ms. Weaver's exam report, and audio and video recordings from the Tempe Police Department as set out at Exhibit 1 will be admissible at trial.

**VII.    RESERVATION OF RIGHTS**

1.    Subject to the deadlines set forth in this Stipulation, the parties reserve the right to object to the introduction and/or admissibility of any document listed on any exhibit list or the testimony of any witness listed on any witness list.

2.    The parties agree that the inclusion of any exhibit on the exhibit list does not waive or affect any prior confidentiality designation in this litigation.

3.    The parties agree that the inclusion of a particular document on a party's exhibit list or of a particular witness on a party's witness list is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document or witness' testimony for any purpose.

4.    The parties reserve the right to use any and all documents or materials listed by another party in this litigation on their exhibit list, and to call witnesses listed by another party in this litigation on its witness list.

17

> **Commented [A14]:** Plaintiffs are still reviewing Exhibit 1 that you provided. There appears to be files listed that are not video or audio.

Dated: February 1, 2026                Respectfully submitted,


                                       */s/ Draft*
                                       Laura Vartain Horn (SBN 258485)
                                       **KIRKLAND & ELLIS LLP**
                                       555 California Street, Suite 2700
                                       San Francisco, CA 94104
                                       Telephone: (415) 439-1625
                                       laura.vartain@kirkland.com

                                       Allison M. Brown (Admitted *Pro Hac Vice*)
                                       **KIRKLAND & ELLIS LLP**
                                       2005 Market Street, Suite 1000
                                       Philadelphia, PA 19103
                                       Telephone: (215) 268-5000
                                       alli.brown@kirkland.com

                                       Jessica Davidson (Admitted *Pro Hac Vice*)
                                       **KIRKLAND & ELLIS LLP**
                                       601 Lexington Avenue
                                       New York, NY 10022
                                       Telephone: (212) 446-4800
                                       jessica.davidson@kirkland.com

                                       *Attorneys for Defendants*
                                       UBER TECHNOLOGIES, INC.,
                                       RASIER, LLC, And RASIER-CA, LLC

Dated: December 17, 2025

                                       */s/ Draft*
                                       Roopal P. Luhana
                                       **CHAFFIN LUHANA LLP**
                                       600 Third Avenue, 12th Floor
                                       New York, NY 10016
                                       Telephone: (888) 480-1123
                                       Facsimile: (888) 499-1123
                                       luhana@chaffinluhana.com

                                       Sarah R. London (SBN 267093)
                                       **GIRARD SHARP LLP**
                                       601 California St., Suite 1400
                                       San Francisco, CA 94108
                                       Telephone: (415) 981-4800
                                       slondon@girardsharp.com

                                       Rachel B. Abrams (SBN 209316)

18

1

**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

19

**<u>ATTESTATION</u>**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: February 1, 2026                    /s/ [DRAFT]_____
                                           [NAME]

                            *         *         *

**O R D E R**

IT IS SO ORDERED.


Dated: _____        _____
                                       Hon. Charles. R. Breyer
                                       United States District Judge

20