# EXHIBIT 7-A

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| | **JOINT PRE-TRIAL STIPULATION REGARDING SCHEDULING AND TRIAL EXHIBIT AND WITNESS PROTOCOL AND [PROPOSED] ORDER** |
| This Document Relates to:<br><br>Case No. 23-cv-6708 (Dean) | |

The parties respectfully submit this joint stipulation regarding pre-trial scheduling and trial exhibit and witness protocols, including protocols for the identification and exchange of trial exhibits, witness testimony and deposition designations to be introduced at trial. In addition to the agreed-upon dates and topics, the parties have set out sections with areas of disagreement and their respective positions (see Sections IV.A., V.A., VI.B., VII).

## I.   SCHEDULING

The parties agree on the following deadlines:

| DEADLINE | EVENT |
|---|---|
| December 16, 2025 | File Motions in Limine |
| December 16, 2025 | Plaintiffs to Serve Proposed Jury Instructions and Verdict Forms |
| December 16, 2025 | File Joint Proposed Pre-Trial Order |
| December 19, 2025 | File Voir Dire Questions |
| December 22, 2025 | Defendants to Provide Responses and Objections to Proposed Jury Instructions and Verdict Forms |
| December 30, 2025 | File Jury Instructions and Verdict Form |
| December 30, 2025 | File Oppositions to Motions in Limine |
| December 30, 2025 | File Final Witness Lists |
| December 30, 2025 | File Final Exhibit Lists |
| January 5, 2025 | Exchange of Branded Exhibits and File Joint Exhibit List[1] |

---

[1]   The parties will meet and confer no later than January 3 regarding exhibits to identify stipulations concerning admissibility so that they can provide an update to the Court prior to the pretrial conference.

1

### A.  Filing Final Witness Lists

Per the Court's Guidelines, the parties shall submit to the Court a list of all witnesses each party reasonably believes it will or may call to testify at trial in its case-in-chief on *December 30, 2025*.

For each witness, the witness list shall include the following information:

    (a)    whether the witness is a will call or may call;

    (b)    whether the witness will be presented live or by deposition designation;

    (c)    a time estimate for the length of the witness' direct examination testimony per the Court's Guidelines; and

    (d)    a short statement of the substance of the witness' testimony, including what non-cumulative testimony the witness will give, per the Court's Guidelines.

### B.  Filing of Final Exhibit Lists and Exchange of Branded Exhibits

The parties shall submit to the Court their respective list of all Trial Exhibits on *December 30, 2025, including* Summaries Under Fed. R. Evid. 1006 ("Rule 1006"). The parties shall complete columns A-E, as applicable and defined in Section II.A, for their Exhibit List. The Parties shall exchange branded and stickered copies of their exhibits, in accordance with Section III of this stipulation, by no later than *January 5, 2026* and after the meet and confer set out at Footnote 1 in which the parties should be identify exhibits that can be de-duplicated

## II.  FORM OF TRIAL EXHIBIT LIST

### A.  Format of Exhibit Lists

The parties shall list their exhibits in order on a separate Excel spreadsheet consistent with the attached exhibit list template, which shall include columns with the following headings (the "Exhibit List"):

| Column | Column Name | Description |
|---|---|---|
| A | Ex. No. | The parties' unique exhibit numbers. |
| B | Date | Date of exhibit |
| C | Description | Short description of exhibit |
| D | BegBates | First production Bates number of exhibit |
| E | EndBates | Last production Bates number of exhibit |

**Formatted:** Space Before: 0 pt, Line spacing: Exactly 24 pt

**Formatted:** Line spacing: Exactly 24 pt

**Formatted:** Space After: 0 pt, Add space between paragraphs of the same style

### 1. Static Exhibit Numbers

For tracking purposes, the parties shall maintain, and not change, the unique exhibit numbers assigned to the exhibits listed on their exhibit lists. The parties shall assign unique exhibit numbers using the prefixes specified below. Each prefix group shall begin with the number 1 and maintain a constant length of five numeric digits (including zero-digit padding).

| Party | Exhibit Prefix | Beginning Exhibit Number |
|-------|----------------|--------------------------|
| All Plaintiffs | P- | 00001 |
| All Defendants | D- | 00001 |

### 2. Family Exhibits

The parties may list whole document families as a single entry on their exhibit lists. The parties understand that "document families" refer to email chains. The parties reserve all rights to object once they receive the stamped exhibits.

## III. TRIAL EXHIBIT PRODUCTION AND OBJECTION PROCEDURE

### A. Branding Exhibits for Identification

Each exhibit will be branded with: (i) an exhibit sticker that identifies the unique exhibit number; and (ii) an exhibit endorsement that identifies the unique exhibit number and page number of each exhibit.

### 1. Exhibit Stickers

Each party will place an exhibit sticker on the first page of each exhibit in a location that does not overlap with or obstruct any text or content of the exhibit. Plaintiffs will use yellow stickers; Defendants use blue stickers. The exhibit stickers shall identify the unique exhibit number. Electronically generated stickers shall be acceptable. The exhibit sticker shall be placed in the lower middle portion of first page, where possible.

2.     Exhibit Endorsements

Each party will include on each page of their exhibits an endorsement that identifies the unique exhibit number and page number of the exhibit. The page number shall maintain a constant length of five numeric digits (including zero-digit padding). The exhibit endorsement shall conform to the following format: [exhibit number] [5-digit page number].

**B.     Production Format for Exhibits**

1.     PDF Format

All exhibits shall be properly branded and stickered (as specified in this stipulation) and individually produced in PDF format to the extent an exhibit can reasonably be converted to PDF format and remain usable. The file name of each PDF exhibit shall correspond to the unique exhibit number.

2.     Native Format

If a document cannot reasonably be converted to PDF format and remain usable (*e.g.*, Excel file, audio, video, animation), then the exhibit shall be produced in native format. The file name of a native file shall correspond to the unique exhibit number. A slipsheet (PDF) of the native document shall also be provided that includes the Bates number, confidentiality designation and trial exhibit sticker.

3.     Extracted Text for PDFs

The parties are not required to provide extracted text for exhibits produced in PDF format, but all PDFs shall be OCR'd before delivery to the parties so they are otherwise searchable.

4.     Transcriptions for Audio and Video Recordings

The parties shall provide certified written transcriptions for any audio and video files and shall label such transcripts so they are easily traceable to the original media file.

5.     Document Size

The parties will not alter or shrink original documents to smaller than full-page size.

4

**C. Method of Production**

The parties may produce their exhibits via a secure FTP site or production media (*e.g.*, external drive). If a party produces its exhibits via production media, that production media must be delivered to the other party by the deadline for doing so.

**D. Stipulation as to Authenticity of Documents Produced**

Documents produced to a party to this action by another party or a third-party in response to compulsory process ( e.g., subpoena, Civil Investigative Demand), or a document request served upon a party pursuant to Fed. R. Civ. P. 34, shall be deemed authentic for the purposes of this lawsuit only, absent good cause. Good cause would include issues relating to the completeness of the document (e.g., missing or incomplete pages) or any conditions in the actual document or the manner in which it was produced that brings into question whether the document was actually generated by the relevant party or third-party.

**IV.    WITNESS DISCLOSURE REQUIREMENTS**

**A.    Procedure for Witness Disclosures at Trial (DISPUTED)**

**Plaintiff's Proposal:**

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL | |
|---|---|
| **Disclosure** | **Deadline** |
| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include: <br> • The order in which the witnesses are expected to testify; <br> • An updated time estimate for the testimony of each witness; and <br> • Whether the witness will be presented live or by deposition. | Mid-Afternoon Break (approximately 2:00 pm) the day before the witness(es) is expected to testify |
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 6:30pm the night before the witness is expected to testify. |

**Plaintiff's Position:** Plaintiff's proposal to disclose witnesses the day before is consistent with the framework established in the Court's Standing Order on Civil Jury Trials for Exhibits and Demonstratives. The parties agree on the framework but dispute the timing for disclosure. Plaintiff's proposed timeframe is reasonable, taking into account the manner of testimony and practicalities of trial work. The majority of the witnesses on Plaintiff's list are testifying via video deposition, thus so

5

disclosure will necessarily occur several days before the video is played.— For the remaining live witnesses, one day is sufficient notice given the fluid nature and flexibility necessary for trial.—. Additionally, the parties have agreed to a December 30, 2025 exchange of the final witness list, wherebich Plaintiff expects to -narrow the witnesses further. Given these considerations, Plaintiff's proposal is reasonable and appropriately accounts for the flexibility needed at trial.

**Defendants' Position:**

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL | |
| --- | --- |
| **Disclosure** | **Deadline** |
| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include:<br>    The order in which the witnesses are expected to testify;<br>    An updated time estimate for the testimony of each witness; and<br>    Whether the witness will be presented live or by deposition. | 9:00am two days before the witness (s) is expected to testify |
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. |   12 p.m. the day before the witness is expected to testify. |

Given the more than 53 persons identified on Plaintiff's witness list, Defendants are unable to agree to a night-before-witness disclosure. If Plaintiff identifies a witness list with a reasonable number of witnesses to call for live testimony in a 39-hour case, which is likely no more than 10 live witnesses, Defendants will agree to disclose witnesses 9 a.m. the morning before the witness will testify. Absent that, Defendants submit that Plaintiff should be required to disclose witnesses by 9 a.m. two days before the witness will testify. Defendants are willing to do the same for their witnesses. This will be necessary to provide Defendant with an opportunity to prepare for witness testimony where Plaintiff is hiding the ball on trial strategy.

**IV.V.   EXHIBIT AND DEMONSTRATIVE DISCLOSURE REQUIREMENTS**

    **A.    Disclosure of Exhibits and Demonstratives**

**Plaintiff's Proposal:**

| CONSISTENT WITH THE COURT'S STANDING ORDER<br>PROCEDURE FOR EXHIBITS AND DEMONSTRATIVE DISCLOSURE | |
| --- | --- |
| **Disclosure** | **Deadline** |

> Formatted: Indent: Left: 0", First line: 0", Space Before: 6 pt, After: 6 pt

| Disclosure of specific exhibits from its exhibit list that it reasonably and in good faith intends to use on direct examination of the witness (not including exhibits it intends to use for impeachment of an adverse witness). | 6:30 pm the night before the witness (s) is expected to testify |
| Disclosure of specific exhibits from its exhibit list that it reasonably and in good faith intends to use on cross-examination of the witness (not including exhibits it intends to use for impeachment of an adverse witness). | 7:00 pm the night before the witness is expected to testify. |
| Disclosure of Demonstratives | 8:30 pm the night before the witness is expected to testify. |
| Objections to Exhibits and/or Demonstratives | 9:30 pm the night before the witness is expected to testify. |

**Plaintiff's Position:** Plaintiff's proposal is consistent with the framework established in the Court's Standing Order on Civil Jury Trials for Exhibits and Demonstratives. The parties agree on the framework but dispute the timing for disclosure.  Plaintiff's position accounts for the realities of a complex MDL trial to disclose exhibits and demonstratives the day before trial. Moreover, Uber can hardly raise prejudice as to Plaintiff's Exhibit List, which was initially produced on December 10 and amended December 17 (at least a month before trial). Moreover, the documents should come as no surprise to Uber considering the vast majority of documents on Plaintiff's Exhibit List consist of Uber's own documents. Lastly, the parties have agreed to meet and confer regarding the admissibility of exhibits, after they exchange the final exhibit list on December 30. This will allow the parties to work through any objections to the exhibits in an orderly and timely fashion. Given these considerations, Plaintiff's proposal is reasonable and should be adopted.

**Defendants' Position:** ~~Defendants~~Plaintiffs' should be required to disclose ~~their~~her exhibits two-days prior to use, and contemporaneous with witness disclosures, which Defendants also contend should be two days prior.  This earlier disclosure than is contemplated by the Court's Civil Jury Trial Guidelines is necessary given Plaintiff's ~~disclosure~~as-filed ~~of an~~ exhibit list on December 30 includes over ~~with~~ 3,500 exhibits, which does not in good faith represent~~oppose submitting to the Court any of the below topics unless and until Plaintiff discloses an Exhibit list (and a witness list) that reflects~~ evidence that can reasonably be admitted in a 39-hour case. Plaintiff has indicated that ~~it~~she does not intend to limit the exhibit list in any substantial way prior to trial.– Plaintiff's proposals for disclosure in the late evening the day before an exhibit is to be used (as well as disclosure of a witness the evening before

7

a witness is called) unfairly prejudices Defendants by forcing Defendants to prepare objections to likely thousands of exhibits that Plaintiff cannot possibly intend to offer at trial.  It also will burden the Court, as Defendants will be required to bring objections to the Court that could have been worked out between the parties earlier in the process, had they provided a reasonable and good faith exhibit list.  Plaintiff's refusal to limit ~~their~~ her exhibit list to a reasonable and good faith number of exhibits compels their early disclosure of exhibits, 48 hours in advance of use. Absent that, Plaintiff will be rewarded for failing to prepare an exhibit or witness list that fits the duration of this trial. Accordingly, Defendants request that the Court order Plaintiff to disclose exhibits two-days in advance of their use. Defendants are willing to follow the same schedule for their disclosure, notwithstanding that Defendants have provided an exhibit list with fewer than 500 exhibits and a targeted witness list and thus ~~are~~have provided ~~providing~~ clear notice to Plaintiff.~~.~~

**B.    Potential Trial Exhibits that Do Not Need to Be Listed on the Exhibit Lists**

The parties agree that the following groups of documents need not be listed on their exhibit lists. To the extent the parties offer any of these groups of documents as exhibits at trial, they will mark them for identification using the next available unique exhibit number and offer them into evidence in the ordinary course at trial, subject to objection from the opposing parties. The parties reserve their rights to object to the admissibility of these documents as trial exhibits on all other evidentiary grounds.

- **Written Discovery Responses**: The parties' written responses to Interrogatories, Depositions upon Written Questions and Requests for Admission.
- **Demonstratives**: Demonstratives that the parties intend to use at trial.
- **Learned Treatises**:  Documents that may be used with a witness and shown to the jury pursuant to Rule 803(18), including medical literature and other documents that will not be offered into evidence.

~~V.I.    WITNESS DISCLOSURE REQUIREMENTS~~

~~A.    Procedure for Witness Disclosures at Trial (DISPUTED)~~

~~Plaintiff's Proposal:~~

8

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL | |
|---|---|
| Disclosure | Deadline |
| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include:<br>— The order in which the witnesses are expected to testify;<br>— An updated time estimate for the testimony of each witness; and<br>— Whether the witness will be presented live or by deposition. | Mid-Afternoon Break (approximately 2:00 pm) the day before the witness(es) is expected to testify. |
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 6:30pm the night before the witness is expected to testify. |

Plaintiff's Position: Plaintiff's proposal is consistent with the framework established in the Court's Standing Order on Civil Jury Trials for Exhibits and Demonstratives. The parties agree on the framework but dispute the timing for disclosure. The majority of the witnesses on Plaintiff's list are testifying via video deposition, so disclosure will necessarily occur several days before the video is played. For the remaining live witnesses, one day is sufficient notice. Additionally, the parties have agreed to a December 30, 2025 exchange of the final witness list, which Plaintiff expects to narrow the witnesses further.

Defendants' Position:

| PROCEDURE FOR WITNESS DISCLOSURES AT TRIAL | |
|---|---|
| Disclosure | Deadline |
| By the offering party: Disclosure of all witnesses expected to testify during the following trial day, whether live or by deposition designation. Disclosure shall include:<br>— The order in which the witnesses are expected to testify;<br>— An updated time estimate for the testimony of each witness; and<br>— Whether the witness will be presented live or by deposition. | 9:00am two days before the witness (s) is expected to testify |
| By the opposing party: Disclosure of time estimates for cross-examination of all live witnesses disclosed by the offering party. | 12 p.m. the day before the witness is expected to testify. |

Given the more than 53 persons identified on Plaintiff's witness list, Defendants are unable to agree to a night-before-witness disclosure. If Plaintiff identifies a witness list with a reasonable number of witness to call for live testimony in a 39 hour case, which is likely no more than 10 live witnesses, Defendants will agree to disclose witnesses 9 a.m. the morning before the witness will testify. Absent that, Defendants submit that Plaintiff should be required to disclose witnesses by 9 a.m. two days

9

~~before the witness will testify. This will be necessary to provide Defendant with an opportunity to prepare for witness testimony where Plaintiff is hiding the ball on trial strategy.~~

## VI.    DEPOSITION DESIGNATIONS AND FORMER TESTIMONY

### A.    Introduction of Deposition and/or Former Testimony at Trial

Designated deposition and/or former testimony may be offered into evidence ~~maybe~~ by choosing ~~choose~~ to play video of or read in designated testimony during trial.

### B.    Timeline for Disclosures of Deposition Designations and Former Testimony (DISPUTED)

**Plaintiff's Proposal:**

<table>
<tr><td colspan="3" align="center"><strong>PROCEDURE FOR DISCLOSURES OF DEPOSITION<br>AND FORMER TESTIMONY DESIGNATIONS</strong></td></tr>
<tr>
<td>Round 1</td>
<td><ul><li>Offering party's affirmative designations due</li><li>Offering party to identify exhibits sought to be admitted with designations (in chart)</li><li>Each deposition or former testimony exhibit shall include the corresponding trial exhibit number</li></ul></td>
<td>Round 1 shall be served no later than 8:00 p.m. nine calendar days prior to the day of anticipated use at trial (e.g. if playing Jan. 21, then must disclose Round 1 no later than Jan. 12)<br><br>The Parties agree to work in good faith to identify a mutually agreeable format for the exchange of page and line citations for deposition and/or former testimony in a manner that permits their respective technical teams to efficiently cut the final videos. The parties further agree that attorney objections and commentary shall not be included in any parties' designations.</td>
</tr>
<tr>
<td>Round 2</td>
<td><ul><li>Opposing party's objections to affirmative designations and exhibits sought to be admitted through designations due</li><li>Opposing party's completeness and counter-designations due</li></ul></td>
<td>Round 2 shall be served no later than 8:00 p.m. two calendar days after receipt of Round 1.<br><br>Testimony from a different witness may not be used as a completeness or counter-designation at trial; however, the parties may supplement their affirmative designations, including by adding affirmative designations from a new witness, to address any testimony affirmatively designated by the opposing party at the same time as completeness and counter-designations.</td>
</tr>
</table>

| Round 3 | • Offering party's objections to counter-designations and completeness designations due<br>• Offering party's responses to objections to affirmative designations due<br>• Offering party's reply designations due | Round 3 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 2.<br><br>To the extent the party serving Round 3 makes any changes to its Round 1 material, it shall be conspicuously noted in colored text or similar means. |
|---|---|---|
| Round 4 (if necessary) | • Opposing party's objections to offering party's reply designations due<br>• Opposing party's responses to objections to counter-designations and completeness designations due | Round 4 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 3.<br><br>To the extent the party serving Round 4 makes any changes to its Round 2 material, it shall be conspicuously noted in colored text or similar means. |
| Round 5 (if necessary) | • Offering party's responses to objections to reply designations due | Round 5 shall be served no later than 8:00 p.m. one calendar day after receipt of Round 4.<br><br>To the extent the party serving Round 5 makes any changes to its Round 3 material, it shall be conspicuously noted in colored text or similar means. |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | • The parties meet and confer regarding their objections<br>• Submit designations and exhibits to the Court for ruling | The parties will meet and confer regarding objections to designations one calendar day after receipt of Round 5.<br><br>All Unresolved Objections to Court as soon as practicable but no later than two calendar days prior to the day of anticipated use at trial.<br><br>Submission shall include:<br>    1. transcript of testimony (including all remaining affirmative, completeness, counter- and reply designations, as well as any objections and responses);<br>    2. an exhibit chart that includes all exhibits sought to be admitted, with objections, responses and a blank ruling column; and<br>    3. all disputed exhibits. |
| Final Video and/or Transcript | • Offering party shall circulate the Court's rulings to all parties as soon as practicable after receipt and shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

11

Without waiving ~~Plaintiff's~~ the right to serve additional designations in accordance with Section V.B., Plaintiff has agreed to serve (rolling) approximately four to six Round 1 designations beginning on December 19, 2025 (approximately 2 designations) and no later than December 22, 2025 (approximately 2-4 designations), with the timeline of Rounds 1-5 being extended as follows:

| Round 1 | No later than December 22, 2025 |
|---|---|
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |
| Round 4 (if necessary) | January 6, 2026 |
| Round 5 (if necessary) | January 7, 2026 |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |
| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

**Plaintiff's Position:** Plaintiff has proposed a clear process for serving and responding to deposition designations, as detailed in Section B. It follows the Court's guidance on rolling designations and sets out clear deadlines.  At Defendant~~'s~~'s' request, and to alleviate multiple deadlines throughout the holidays, Plaintiff~~s~~ offered to serve 4-6 initial designations by December 22 (almost a month before trial). These designations would be subject to extended intermediate deadlines as also detailed in Section B. Plaintiffs did not agree to serve all their designations by December 19 but agreed to serve approximately 2 designations on December 19, and then 2-4 designations on December 22, with the remaining designations served on a rolling basis thereafter in accordance with Section B. On

December 19, 2025, Defendants improperly served 10 video designations for witnesses that they intend to play in their case in chief which Defendants never raised with Plaintiff during the weeks they were meeting and conferring. This single massive exchange disregards the efficiency that rolling designations are designed to create. Plaintiff did not request and it was never contemplated that Defendants would sandbag Plaintiff in this way. Additionally, on December 23, Defendants unilaterally proposed an expedited schedule to respond to their affirmative designations, which was never contemplated in the weeks the parties were negotiating this Pre-Trial Stipulation. Moreover, on December 28, Defendants have taken a self-serving position that Plaintiff is foreclosed from providing objections at a later date if she does not comply with Defendants' arbitrary schedule. Plaintiff bears the burden of proof and therefore should go first with her designations. Several of the deposition designations that Defendants have served are for witnesses Plaintiff intends to use in her affirmative case. Plaintiff intends to serve counter designations to Defendants' affirmative designations based on Plaintiff's order of witnesses she intends to present and consistent with this Court's Standing Order.

**Defendants' Position:**

Defendants believe the parties should be required to designate all affirmative deposition testimony before trial in accordance with the dates listed in the following section. As of the date of submission, on December 19 and 22. Plaintiff provided deposition designation for five witnesses and on December 19, Defendants provided 10 designations. On December 22, for the first time, despite two weeks of meeting and conferring on these pretrial procedures including, throughout that time, Defendants' position as stated in the first sentence here that "Defendants believe *the parties* should be required to designate all affirmative deposition testimony before trial in accordance with the dates listed in the following section." (emphasis added). Plaintiff tookstook the position that itshe is not required by the schedule to respond to deposition designations at this time. Plaintiff asked Defendants if there was a set of the 10 designations that it would like objections on, Defendants provided three, and Plaintiff appears to refuse to provide even objections to those at this time. If Plaintiff does not adhere to the negotiated schedule with designations beginning on December 19, she should be

foreclosed from providing objections at a later date.

C.     Timeline for Disclosures of Certain Deposition Designations and Former Testimony Offered on December 19-22, 2025.

Plaintiff has agreed to serve two rounds of deposition designations no later than December 19, 2025, with 4-6 by December 22.  As noted belowabove, Plaintiff requests additional rounds (rounds 4 and 5) instead of the three rounds proposed below:

| Round 1 | No later than December 19, 2025 |
|---------|--------------------------------|
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |
| | |
| | |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |
| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt. As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non-video, the final transcript reflecting all rulings, to non-offering parties for their review prior to introduction at trial. |

The parties agree on the above schedule, but disagree about the necessity of additional rounds. Plaintiff requests rounds 4 and 5, such that the schedule should look as follows:

14

| Round 1 | No later than December 19, 2025 |
|---|---|
| Round 2 | December 28, 2025 |
| Round 3 | January 5, 2026 |
| Round 4 (if necessary) | January 6, 2026 |
| Round 5 (if necessary) | January 7, 2026 |
| Meet and Confer and Unresolved Objections to Court and/or Magistrate | January 8, 2026 |
| Final Video and/or Transcript | The Court's rulings shall be circulated to all parties by the offering party as soon as practicable after receipt.<br><br>As soon as practicable, offering party shall provide final video file(s) and final clip report(s) or, in the case of non video, the final transcript reflecting all rulings, to non offering parties for their review prior to introduction at trial. |

~~D.~~C.    **The Deposition of Jessica Weaver (SANE Nurse) and Law Enforcement Records**

The parties agree that the deposition of Jessica Weaver (SANE Nurse) may be played at trial in lieu of live testimony. The parties also agree that Ms. Weaver's exam report, and audio and video recordings from the Tempe Police Department as set out at Exhibit 1 will be admissible at trial.

**VII.    TRIAL BRIEFS – DISPUTED**

**Plaintiff's Position:** ~~The parties have briefed and will brief disputed legal issues extensively, including in Uber's pending motion for partial summary judgment and in the parties' forthcoming joint and disputed jury instructions. Uber evidently intends to further submit a trial brief bury the Court in paper on issues already briefed, and to sandbag Plaintiff the day before the pretrial conference,~~

15

> **Commented [A2]:** Plaintiffs are still reviewing Exhibit 1 that you provided. There appears to be files listed that are not video or audio.

> **Commented [A3R2]:** Plaintiffs do not agree to include the following in Exhibit A:
> **Confidential-Attorney Eyes Only-JDean-TempePD-000001 up to 000086**
> **Confidential-Attorney Eyes Only-JDean-TempePD-000087**
> **Confidential-Attorney Eyes Only-JDean-TempePD-000088**

> **Commented [A4R2]:** I've updated Exhibit 1

> **Commented [A5R2]:** Please provide updated Exhibit 1

> **Formatted:** Space Before:  0 pt, Line spacing:  Exactly 24 pt

> **Formatted:** Line spacing:  Exactly 24 pt

Plaintiff requested that Defendants inform them of the issues they intend to raise in the trial brief so the parties can attempt to efficiently discuss and resolve. Defendants, however, have still not disclosed what they intend to raise with the Court to Plaintiff. Plaintiff may file a trial brief of similar length on January 5. To the extent Uber raises new issues and new arguments, Plaintiff will, with the Court's permission, seeks leave to file a response respond, whether before or after 7 days before trial. Plaintiff may or may not file a trial brief on January 5 of similar length. Since Uber

**Defense Position:** The Court's Guidelines for Civil Jury Trials provide that trial briefs are optional and must be filed at least 7 days prior to the commencement of trial. Defendants intend to file a trial brief on or before January 5, 2026, which is more than seven days before the commencement of trial. Plaintiff is free to file, or not file, a trial brief. Defendants will be concise and anticipate a trial brief not more than 15 pages.

## VIII.  RESERVATION OF RIGHTS

1.      Subject to the deadlines set forth in this Stipulation, the parties reserve the right to object to the introduction and/or admissibility of any document listed on any exhibit list or the testimony of any witness listed on any witness list.

2.      The parties agree that the inclusion of any exhibit on the exhibit list does not waive or affect any prior confidentiality designation in this litigation.

3.      The parties agree that the inclusion of a particular document on a party's exhibit list or of a particular witness on a party's witness list is not intended to be a waiver of that party's right to object to the introduction and/or admissibility of that document or witness' testimony for any purpose.

4.      The parties reserve the right to use any and all documents or materials listed by another party in this litigation on their exhibit list, and to call witnesses listed by another party in this litigation on its witness list.

16

Dated: February 1, 2026December 31, 2025December 30, 2025December 30, 2025December 30, 2025December 30, 2025December 30, 2025December 30, 2025December 29, 2025December 29, 2025December 28, 2025December 24, 2025December 23, 2025

Respectfully submitted,

*/s/ Draft*

Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, And RASIER-CA, LLC

Dated: December 23, 2025

*/s/ Draft*
Roopal P. Luhana
**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800

17

slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE
CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

18

**ATTESTATION**

Pursuant to Civil L.R. 5-1(i)(3), I hereby attest that concurrence in the filing of this document has been obtained from the above signatories.

Dated: ~~February 1, 2026~~~~December 31, 2025~~~~December 30, 2025~~~~December 30, 2025~~~~December 30, 2025~~~~December 30, 2025~~~~December 30, 2025~~~~December 30, 2025~~~~December 29, 2025~~~~December 29, 2025~~~~December 28, 2025~~~~December 24, 2025~~~~December 23, 2025~~          /s/ [DRAFT]

_____

[NAME]

*      *      *

**O R D E R**

IT IS SO ORDERED.


Dated: _____          _____

Hon. Charles. R. Breyer
United States District Judge

19