UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*Jaylynn Dean v. Uber Techs., Inc.*,<br>N.D. Cal. No. 23-cv-06708<br>D. Ariz. No. 25-cv-4276 | No. 3:23-md-03084-CRB<br><br>**PLAINITFF'S PROPOSED JURY INSTRUCTION RE: JENNIFER ACCOUNT STATUS**<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.:  D. Ariz., 501 |

UNITED STATES DISTRICT COURT
DISTRICT OF ARIZONA
PHOENIX DIVISION

| | |
|---|---|
| JAYLYNN DEAN,<br><br>      Plaintiff,<br><br>  v.<br><br>UBER TECHNOLOGIES, INC., et al.,<br><br>      Defendants. | No. 25-cv-4276-PHX-CRB<br><br>Judge: Honorable Charles R. Breyer<br>Ctrm.:  501 |

**Plaintiff's Proposed Jury Instruction**

**Status of Jennifer Account[1]**

You heard evidence about a complaint about Mr. Turay made by a rider named Jennifer. You were instructed that Jennifer's complaint was not admitted for the truth of the matter, that is, that the incident she reported actually did happen. Rather, the complaint was admitted for the limited purpose of demonstrating what Uber knew at the time.

In evaluating the evidence of Jennifer's complaint, you are not to consider any evidence or inference about the status of Jennifer's Uber rider account, including whether her account was active or "banned."

Dated: February 2, 2026

Respectfully submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267083)

**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

---

[1] *See* Trial Tr. at 1006:5-15 ("These documents, which purport to be complaints, are not admitted for the truth of the matter. That is, that these things actually did happen. Rather, they're being admitted for the limited purpose of demonstrating what Uber knew at the time. That is, the information that was given to Uber. It doesn't mean that the information was reliable. It doesn't mean that it was accurate, doesn't mean that it actually happened. All it means if you -- if you believe that this is the way the system was correctly described by the witness, that Uber had this information about an incident involving this driver, and so it's introduced for that limited purpose only.").

- 1 -

PLAINTIFF'S PROPOSED JURY INSTRUCTION
RE: JENNIFER ACCOUNT
N.D. CAL. NO. 3:23-MD-03084; D. ARIZ. NO. 25-CV-4276

```
 1                                          By: /s/ Roopal P. Luhana
                                                Roopal P. Luhana
 2
                                            CHAFFIN LUHANA LLP
 3                                          600 Third Avenue, 12th Floor
                                            New York, NY 10016
 4                                          Telephone: (888) 480-1123
                                            Facsimile: (888) 499-1123
 5                                          luhana@chaffinluhana.com

 6                                          Co-Lead Counsel

 7

 8

 9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
```

**FILER'S ATTESTATION**

I am the ECF User whose ID and password are being used to file this document. In compliance with N.D. Cal. L.R. 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: February 2, 2026        By:    */s/ Roopal P. Luhana*
                                      Roopal P. Luhana