ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB  **DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10** |
| This Document Relates to: *Jane Doe (D.H.) v. Uber Technologies, Inc., et al.*, No. 3:24-cv-04322-CRB | Date:       March 13, 2026  Time:       10:00 a.m.  Courtroom: 6 – 17th Floor |

1
2  *CL 70 v. Uber Technologies, Inc., et al.*, No. 3:24-cv-06863-CRB
3  *W.J. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-01705-CRB
4
5  *L.B. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04645-CRB
6  *Jane Doe KGDG 020 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-04979-CRB
7
8  *Jane Doe 690917 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05318-CRB
9
10  *KG 008 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05320-CRB
11  *KG 013 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05577-CRB
12
13  *J.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-05719-CRB
14  *KG 039 v. Uber Technologies, Inc., et al.*, No. 3:25-cv-06077-CRB
15
16
17
18
19
20
21
22
23
24
25
26
27
28

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

**DECLARATION OF MICHAEL B. SHORTNACY**

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4. On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF No. 4274. The Court granted the stipulation on November 3. ECF No. 4286.

5. Amended PTO 10 requires Plaintiffs to, within thirty days of the entry of the revised Order or thirty days of submitting their PFS, produce their medical and/or therapy records and police reports, law enforcement and forensic records relating to the alleged incident. ECF No. 4274-1 at 4-5. If a Plaintiff does not already have such records in their possession, counsel must order the records within thirty days and produce them within fourteen days of receipt. *Id.* Procedurally, Amended PTO 10 states that if a Plaintiff fails to timely and substantially comply with the Order, Uber may serve

them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue Discovery, Uber may, move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

6. The Plaintiffs listed in the attached **Exhibit A** have all failed to comply with their Amended PTO 10 obligations in various ways. The specifics of each Plaintiffs' non-compliance are detailed in Exhibit A. Uber served each of these Plaintiffs with a Notice of Overdue Discovery on a date, more than thirty days ago, as specified in Exhibit A. Uber also attempted to meet and confer with counsel for each of these Plaintiffs as specified in Exhibit A, but was unable to resolve these issues without this Court's intervention. One Plaintiff's counsel simply failed to respond to Uber's repeated requests to meet and confer. As to four other Plaintiffs, counsel responded that counsel had a pending motion to withdraw and, regardless, was not available to meet and confer. That same counsel responded, as to another Plaintiff, simply that counsel was not available to meet and confer. As to the four other Plaintiffs at issue in this Motion, the parties conducted a meet and confer on January 26, but Plaintiffs' counsel stated only that they were working to cure the identified deficiencies. To date, they have still failed to do so. In sum, following these meet and confer attempts, and Uber's repeated efforts to resolve these disputes without Court intervention, Plaintiffs still have failed to cure their non-compliance with Amended PTO 10 and thus, following the procedures specified in the Order Uber therefore respectfully moves the Court to dismiss the identified Plaintiffs' complaints without prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

---

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal of without prejudice based on such deficiencies. Uber has complied with this requirement.

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB

1 | Executed on February 4, 2026 in Los Angeles, California.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC

---

M. SHORTNACY DECL. ISO DEFS.' MTN TO DISMISS CASES
FOR FAILURE TO COMPLY WITH AMENDED PTO 10

Case No. 3:23-MD-3084-CRB