UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*N.MP. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10776-CRB | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF SOMMER D. LUTHER IN SUPPORT OF WAGSTAFF LAW FIRM'S MOTION TO WITHDRAW AS COUNSEL FOR PLAINTIFF N.MP.** |

I, Sommer D. Luther, declare:

1. I am a partner at Wagstaff Law Firm. I am admitted to practice before this Court pro hac vice. I make this declaration based on my own personal knowledge. If called upon to testify, I could and would testify competently to the matters stated herein.

2. After initial contact with the client, we lost contact at the beginning of 2026.

3. Since losing contact, we attempted to contact the client on numerous occasions to complete a Plaintiff Fact Sheet, including at least 4 phone calls and 2 text messages to the last known phone number, 1 email to the last known email address, and 2 letters to the last known address.

4. Plaintiff N.MP. has not responded to any phone calls, emails, SMS, or mail delivered to Plaintiff N.MP.'s last known address.

5. During that period, undersigned counsel has also become concerned that certain information Plaintiff provided may not have been accurate.

6. We attempted to contact Plaintiff N.MP. by phone, text, email, SMS, and letter to address these concerns and to complete a Plaintiff Fact Sheet but received no response.

7. Plaintiff N.MP.'s failure to communicate with our firm has presented a circumstance covered by Rule 1.1.6(b)(4) of the California Rules of Professional Conduct. We are unable to meet discovery deadlines and otherwise prosecute her case without her input. Our withdrawal from the case has become necessary.

8. On January 21, 2026, Wagstaff Law Firm sent a letter to the Client via FedEx and U.S. Mail. It outlined Wagstaff's concerns with the client's lack of responsiveness. That letter informed Plaintiff N.MP. that if Wagstaff Law Firm cannot communicate in a timely manner with her, it cannot represent her effectively, and Wagstaff Law Firm will need to terminate the attorney/client relationship. It also provided a deadline to respond by January 27, 2026; otherwise, the Firm would need to withdraw our representation.

9. This communication is in addition to our monthly outreach letters that continuously highlight the importance of responsive communication to our clients in response to the Court's Orders.

10. No response to that letter was made, and further calls made after that date, have gone unanswered. As of the drafting of this declaration, we still have not received any communication from Plaintiff N.MP.

11. To date, Plaintiff N.MP. has not agreed to voluntarily dismiss her claims and has not informed our firm that alternative counsel has been retained; she has not contacted Wagstaff Law Firm in any respect.

12. We informed Uber of our intent to withdraw from this case on January 22, 2026.

13. I understand that pursuant to Local Rule 11-5(b), leave to withdraw may be conditioned on our firm continuing to accept papers to forward the client. We do not object to this responsibility if the Court sees fit to order it.

1 | Executed this 10 day of February, 2026 in Denver, Colorado.

/s/
Sommer D. Luther