# EXHIBIT D



August 20, 2025

Hon. Barbara Jones (Ret.)
Bracewell LLP
31 W. 52nd Street, Suite 1900
New York, NY 10019-6118
barbara.jones@bracewell.com

Maria R. Salcedo

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**d** 816.559.2689
**f** 816.421.5547
msalcedo@shb.com

Dear Judge Jones,

Per Ms. Goldman's email on August 18, Defendants write to provide a status report regarding the documents at issue in Judge Cisneros's order on clawbacks. Defendants provide this report without waiver of their right to seek appellate review of Judge Cisneros's order.

We have analyzed the list Plaintiffs submitted to the Special Master on July 28, 2025 identifying documents they claim are subject to Judge Cisneros's April 24, 2025 waiver order. Dkt. 2855. Defendants believe that Plaintiffs' list is overbroad and contains dozens of documents that were not contemplated by the order. To resolve the present dispute as expeditiously as possible and to preserve judicial and party resources, Defendants have proposed to Plaintiffs' counsel a framework to address the clawback status of the documents at issue and will continue to confer with them.

Defendants are hopeful that the parties can resolve this issue without the Special Master's intervention. If the parties are unsuccessful in reaching an agreement, it is Defendants' position that 74 of the 112 documents identified on Plaintiffs' list are not subject to Judge Cisneros's order. Defendants have not waived their right to claw those documents back.

Defendants maintain that the required procedures were not followed when the Court found that Defendants waived the right to claw back certain documents. Rather than hearing a dispute raised by the parties, as contemplated by Pretrial Order No. 14 ("PTO 14"), the Court raised and decided the issue *sua sponte*, even though, in light of "due process and fairness concerns . . . , a district court generally must provide the parties with adequate notice that it is contemplating invoking a particular procedural device *sua sponte*." *Jones v. L.A. Central Plaza LLC*, 74 F.4th 1053, 1060 (9th Cir. 2023).

Accordingly, the Court's order should be narrowly construed, as the effect of the order is waiver of a fundamental legal protection without any consideration of the merits of Defendants' position. Indeed, "the attorney-client privilege is, perhaps, the most sacred of all legally recognized privileges." *United States v.*

*Confidential | Attorney Work Product | Attorney-Client Privilege*



*Bauer*, 132 F.3d 504, 510 (9th Cir. 1997). "The privilege recognizes that sound legal advice or advocacy serves public ends and that such advice or advocacy depends upon the lawyer's being fully informed by the client." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). Because the attorney-client privilege is a sacrosanct part of litigation, "[w]hether express or implied, the scope of a waiver must be *narrowly construed* and 'fit within the confines of the waiver.'" *Garcia v. Progressive Choice Ins. Co.*, 2012 WL 3113172, at \*3 (S.D. Cal. July 30, 2012) (quotation omitted) (emphasis added).

August 20, 2025
Page 2

Consistent with this guidance, the following categories of documents fall outside of the scope of Judge Cisneros's order.

### Never De-Designated

17 documents were never de-designated at all and, thus, are outside of the scope of Judge Cisneros's order. The order applies to "documents that [Uber] had previously designated as privileged but **de-designated** while this Court was overseeing the parties' privilege disputes." *See* Order Denying Mtn. for Leave to File Mtn. for Reconsideration (Dkt. 3545) at 8 (emphasis added); *see also* Minute Order (Dkt. 2855) ("…Uber has waived the right to claw back documents that it originally designated as privileged and then **de-designated** as part of the privilege dispute resolution process overseen by Judge Cisneros.") (emphasis added). These 17 documents were initially produced with redactions and were clawed back because they required additional redactions or should have been fully withheld. Therefore, the following documents are not subject to Judge Cisneros's order:

1. JCCP_MDL_PRIVLOG000402
2. JCCP_MDL_PRIVLOG027896
3. JCCP_MDL_PRIVLOG039847
4. JCCP_MDL_PRIVLOG039852
5. JCCP_MDL_PRIVLOG039853
6. JCCP_MDL_PRIVLOG059607
7. JCCP_MDL_PRIVLOG059608
8. JCCP_MDL_PRIVLOG059609
9. JCCP_MDL_PRIVLOG061837
10. JCCP_MDL_PRIVLOG003718
11. JCCP_MDL_PRIVLOG061985
12. JCCP_MDL_PRIVLOG062377
13. JCCP_MDL_PRIVLOG062378
14. JCCP_MDL_PRIVLOG062379
15. JCCP_MDL_PRIVLOG066480
16. JCCP_MDL_PRIVLOG067370
17. JCCP_MDL_PRIVLOG039631

*Confidential | Attorney Work Product | Attorney-Client Privilege*



### *De-Designated Only in Part*

11 documents are outside of Judge Cisneros's order because they were only partially de-designated before being clawed back. Judge Cisneros explained that her order only applies to documents that were fully de-designated and removed from the privilege log. *See* Hearing Tr. (Apr. 24, 2025) at 10:4-10 ("But at least for the time period in which privilege assertions were withdrawn, ***documents were de-designated and taken off the privilege log*** while I was handling the privilege log process and ordering rereviews on multiple occasions, then those privilege assertions are waived and they should not be part of clawback -- new clawback notices and disputes that are submitted to Judge Jones." (emphasis added)). Because the following 11 documents were not "de-designated and taken off of the privilege log," as Judge Cisneros specified, they are outside of the order:

1. JCCP_MDL_PRIVLOG003681
2. JCCP_MDL_PRIVLOG029551
3. JCCP_MDL_PRIVLOG029604
4. JCCP_MDL_PRIVLOG029605
5. JCCP_MDL_PRIVLOG029606
6. JCCP_MDL_PRIVLOG025054
7. JCCP_MDL_PRIVLOG046089
8. JCCP_MDL_PRIVLOG032674
9. JCCP_MDL_PRIVLOG007554
10. JCCP_MDL_PRIVLOG007556
11. JCCP_MDL_PRIVLOG027830

### *De-Designated After the Special Master's Referral*

46 documents are outside the scope of Judge Cisneros's order because they were de-designated after privilege issues were referred to the Special Master. Judge Cisneros limited her order to apply only to documents that were de-designated while Judge Cisneros was overseeing privilege disputes. *See* Order (Dkt. 3545) at 8 ("...Uber waived its right to claw back documents that it had previously designated as privileged but de-designated while this Court was overseeing the parties' privilege disputes."). Judge Cisneros *did not* decide whether the same order would apply to documents de-designated after referral of privilege disputes to the Special Master. *See* Minute Order (Dkt. 2855) ("Whether that principle applies to documents de-designated after privilege issues were referred to Judge Jones is a question for Judge Jones.").

Each of the following 46 documents were de-designated after February 6, 2025, the date of the referral of privilege issues to the Special Master (*see* Dkt. 2289), and are excluded from Judge Cisneros's order on that basis:

1. JCCP_MDL_PRIVLOG006153

*Confidential | Attorney Work Product | Attorney-Client Privilege*

**SHOOK**
HARDY & BACON

August 20, 2025
Page 4

2. JCCP_MDL_PRIVLOG058772
3. JCCP_MDL_PRIVLOG005511
4. JCCP_MDL_PRIVLOG007033
5. JCCP_MDL_PRIVLOG059502
6. JCCP_MDL_PRIVLOG024087
7. JCCP_MDL_PRIVLOG009470
8. JCCP_MDL_PRIVLOG006133
9. JCCP_MDL_PRIVLOG016154
10. JCCP_MDL_PRIVLOG016161
11. JCCP_MDL_PRIVLOG016164
12. JCCP_MDL_PRIVLOG017899
13. JCCP_MDL_PRIVLOG017900
14. JCCP_MDL_PRIVLOG005512
15. JCCP_MDL_PRIVLOG059680
16. JCCP_MDL_PRIVLOG059681
17. JCCP_MDL_PRIVLOG059682
18. JCCP_MDL_PRIVLOG059683
19. JCCP_MDL_PRIVLOG059684
20. JCCP_MDL_PRIVLOG059685
21. JCCP_MDL_PRIVLOG023201
22. JCCP_MDL_PRIVLOG043587
23. JCCP_MDL_PRIVLOG007423
24. JCCP_MDL_PRIVLOG057200
25. JCCP_MDL_PRIVLOG057551
26. JCCP_MDL_PRIVLOG057552
27. JCCP_MDL_PRIVLOG006612
28. JCCP_MDL_PRIVLOG006613
29. JCCP_MDL_PRIVLOG006614
30. JCCP_MDL_PRIVLOG006832
31. JCCP_MDL_PRIVLOG006714
32. JCCP_MDL_PRIVLOG007165
33. JCCP_MDL_PRIVLOG007166
34. JCCP_MDL_PRIVLOG007167
35. JCCP_MDL_PRIVLOG007475
36. JCCP_MDL_PRIVLOG007476
37. JCCP_MDL_PRIVLOG007553
38. JCCP_MDL_PRIVLOG007555
39. JCCP_MDL_PRIVLOG039302
40. JCCP_MDL_PRIVLOG007513
41. JCCP_MDL_PRIVLOG007515
42. JCCP_MDL_PRIVLOG043850
43. JCCP_MDL_PRIVLOG043854
44. JCCP_MDL_PRIVLOG043856
45. JCCP_MDL_PRIVLOG043859
46. JCCP_MDL_PRIVLOG014929

*Confidential | Attorney Work Product | Attorney-Client Privilege*



To the extent Plaintiffs argue that the Special Master should *expand* the scope of Judge Cisneros's order to capture even more documents than originally contemplated, such relief would be inappropriate and unjust. Defendants would respectfully request the opportunity to fully brief and argue their position on any such request to expand the order.

August 20, 2025
Page 5

Defendants' ability to protect privileged and work-product protected materials was curtailed without the chance to brief and argue its position on the protections negotiated by the parties and memorialized in Pre-Trial Order No. 14. The Special Master should not compound the prejudice by expanding the scope of Judge Cisneros's order to capture more than twice the number of documents originally at issue. Indeed, during the April 24, 2025, discovery status conference, when Judge Cisneros first ruled on waiver, Plaintiffs indicated that there were approximately 30 documents at issue. To now apply that principle to an even greater pool of documents, without consideration for the actual basis for clawback or the nature of the privilege claim, is manifestly unjust.

Defendants believe that both sides have an interest in resolving the present dispute without expending further resources. Defendants respectfully request that the Special Master permit the parties an additional week to confer in a good faith effort to reach an agreement. Separately, Defendants have invited Plaintiffs to identify any documents requiring priority review so that the parties can attempt to resolve any time-sensitive disputes without delay.

Thank you for your consideration.


Respectfully submitted,

Maria Salcedo


cc:        Rachel Goldman, rachel.goldman@bracewell.com
           Tom Kokalas, thomas.kokalas@bracewell.com
           Daniel Connolly, daniel.connolly@bracewell.com
           Rebecca Foxwell, rebecca.foxwell@bracewell.com
           Andrew Jacobs, andrew.jacobs@bracewell.com
           David Ball, david.ball@bracewell.com

           Roopal Luhana, luhana@chaffinluhana.com
           Geoffrey Spaulding, spaulding@chaffinluhana.com
           Rachel Abrams, rabrams@peifferwolf.com
           Reenee Gangopadhyay, gangopadhyay@chaffinluhana.com

*Confidential | Attorney Work Product | Attorney-Client Privilege*



Sarah London, slondon@girardsharp.com
Steven Cohn, cohn@chaffinluhana.com
Tiffany Ellis, tellis@peifferwolf.com
Veronica Stewart, vstewart@peifferwolf.com

August 20, 2025
Page 6