# EXHIBIT G



Tiffany R. Ellis | Partner
15 E Baltimore Ave., Detroit, MI, 48202
313-210-1559   504-608-1465   tellis@peifferwolf.com

September 16, 2025

Dear Judge Jones,

Plaintiffs respectfully submit this letter in response to Defendants' September 10, 2025, letter brief regarding Uber's clawback of documents that Defendants de-designated (*i.e.*, intentionally withdrew their privilege claim in whole or in part) after February 6, 2025. Your Honor requested Defendants submit briefing addressing whether the same principles identified by Judge Cisneros regarding waiver should also apply to the 46 documents de-designated by Defendants after February 6, 2025. *See* Master's September 3, 2025 Letter at 2. Your Honor should reject the arguments Defendants have made in response. As discussed below, these same principles do apply to the documents at issue, and Plaintiffs respectfully request the Master rule that Defendants waived their right to clawback these 46 documents.

**<u>Judge Cisneros's Principals and Defendants' Re-Reviews</u>**

Judge Cisneros has plainly and repeatedly expressed her view on Defendants "merry-go-round" of logging documents as privileged, then de-designating them as a result of their re-review, only to later turn around and claw back those same de-designated documents. As the Court stated: "I consider those de-designation decisions to be waiver of … the privilege assertion." April 24, 2025 Hrg. Tr. at 9:18-19. Judge Cisneros added:

> [T]he extent to which there was broad de-designations of thousands of documents that were then -- where the assertions were then withdrawn. And so, that to me -- struck me as substantial over-designation. And so, you know, that's just also why I'm skeptical of any further efforts to turn this process into another trip around a carousel. It felt like we already took one trip around the merry-go-round.

*Id.* at 13:4-11.

The Court then re-affirmed its April 24 Order during the May 22, 2025 Discovery Status Conference, stating "I do want to point out that previously I'd declined to allow Uber to clawback documents that it had removed the privilege designation after re-reviewing..." May 22, 2025 Hrg. Tr. at 49:7-9.

| New Orleans | Cleveland | Los Angeles | San Francisco | New York | Birmingham |
| Gravier St., Ste. 1600 | (216) 589-9280 | (415) 766-3545 | (415) 766-3544 | (585) 310-5140 | (205) 203-0363 |
| NOLA, 70112 | | | | | |
| (504) 523-2434 | Detroit | St. Louis | Chicago | Youngstown | Atlanta |
| PeifferWolf.com | (313) 572-4727 | (314) 669-3600 | (312) 374-8261 | (330) 642-3925 | (404) 282-4806 |

The Honorable Barbara Jones
September 16, 2025
Page 2

On July 22, 2025, the Court again held that Uber was foreclosed from "claw[ing] back certain documents that had been subject to re-review for privilege designation." ECF No. 3545 at 1. The Master should find that this ruling and the principles upon which it is based apply to Uber's clawback of documents it chose to de-designate after February 6, 2025. Uber was subject to an ongoing requirement to re-review its privilege log and apply lessons learned, which did not terminate upon the February 6, 2025 appointment of the Master. *See*, e.g., ECF No. 3545 at 3; ECF No. 1908 at 13 (imposing re-review obligation "going forward"). As part of the privilege review process, the Court repeatedly ordered the parties to apply "lessons learned" to all privilege log entries going forward. For example, on November 27, 2024, the Court ordered that "Uber must apply lessons learned from the meet-and-confer process and this Order to other privilege log entries from the first tranche of custodial document production no later than fourteen days from the date of this Order, must apply those lessons to any other existing privilege log entries no later than twenty-one days from the date of this Order, and must continue to apply those lessons going forward." ECF No. 1908 at 13. The Court emphasized this again at the April 24, 2025, hearing: "I specifically ordered in multiple orders -- in October, November, December -- Uber to rereview and de-designate based on what my rulings had been." April 24, 2025 Hrg. Tr. at 9:9–12. And the parties *agreed* Defendants would re-review all challenged Tranche entries by March 10, 2025. ECF No. 2344 at 5; ECF No. 2357 at 2.

Uber appears to be arguing that its failure to change its position during this re-review, leaving the documents at issue here de-designated in whole or in part, was the result of an "aggressive schedule set by the Court." September 10, 2025 Letter Brief at 6. Uber has made this same argument to Judge Cisneros before, who appropriately rejected it. *See* April 24, 2025 Hrg. Tr. at 10-13 (rejecting Uber's argument about "compressed timeframes"). The Court has made clear that it "expects that Uber will only withhold document that it has actually determined are privileged," ECF No. 1908 at 13, and has "underscore[d] the need for careful and accurate privilege review by Uber's attorneys." ECF No. 2005 at 11. The Court re-emphasized those obligations and principles again at the April 24, 2025 hearing, when it rejected the merry-go-round process Uber hopes the Master will allow here: "[I]f I went in [the] direction that [Uber is] proposing, it sets up … some real procedural problems in the way it incentivizes parties to maybe not do a thorough review in the first instance," emphasizing that "at the outset," "attention and care needs to be taken to … make the right calls." April 24, 2025 Hrg. Tr. 12, 14 (also emphasizing that the Court "was serious about the re-review process" and "if there was a concern that there were individuals that you were not able to talk to and that you needed to … follow up with for a certain subset of documents, that could have been raised at the time"). And, most recently, Judge Cisneros reminded Uber of its own representations to the Court that "*each* document [had undergone] independent privilege review" and that "each" of Uber's "privilege claims … is made only after an individualized review of the document." ECF No. 3545 at 3.

Uber provides no basis to deviate from all of these principles (which the Court has reiterated many times) with respect to the 46 documents that Uber chose to de-designate (only to

later claw back) after February 6, 2025. Instead, Uber just urges Your Honor to disregard them as part of a "*de novo*" review. The Master should reject Uber's baseless invitation to do so.

Based on the above, Uber's failure to change its position during re-reviews, leaving some documents de-designated either in whole or in part, constitutes a waiver of its ability to claw those documents back. ECF No. 3545 at 1, 7. There is no basis or justification to apply a different standard to de-designations and clawbacks made by Uber after Master Jones was appointed to oversee the privilege dispute process. The determinative issue related to these clawbacks is not who oversaw the dispute process but whether the documents were previously on a privilege log and de-designated by Uber in its re-review, because the Court "cabin[ed] this process so that it's focused on documents that were not previously on the privilege log." April 24, 2025 Hrg. Tr. 9:20–23. As Judge Cisneros explained, "allow[ing] Uber to serve clawback notices as to documents that were de-designated during that process after they had been posted on a privilege log that was then re-reviewed, then we are seriously turning this into a merry-go-round process." *Id.* at 9:13–17. For this reason, the privilege dispute process has never contemplated Defendants "serially designating, de-designating, and re-designating documents as privileged in a manner that undermines the completion of discovery on any reasonable schedule." ECF No. 3545 at 8. Documents that were part of the privilege dispute process before the Master, then re-reviewed and de-designated, cannot and should not be clawed back.

### **Defendants' Incomplete Reliance of PTO 14 and Untimely Clawbacks**

Plaintiffs agree that PTO 14 is a governing pretrial order dealing with clawback issues. Defendants argue that PTO does not require "inadvertence." But Defendants conveniently ignore PTO 14 ¶ 6, which states: "[t]he Producing Party retains the burden of establishing the applicability of the privilege or other protection as to any inadvertently produced materials …." Further, despite stating "inadvertence" is not required here, Defendants' own clawback correspondence asserts Uber's inadvertence as the basis for its clawback, citing both the Protective Order (ECF No. 396) and PTO 14 (ECF No. 396). *See, e.g.,* 9/8/25 Clawback Letter ("[W]e are clawing back and re-producing … documents inadvertently produced," and "Defendants did not waive their privilege claim by the inadvertent production of the privileged material.").

Further, Defendants fail to mention PTO 14 ¶ 4, which obligates Defendants to "notify [Plaintiffs] within twenty-one (21) calendar days, in writing, upon discovery that a document has been produced for which [Defendants] assert[ ] privilege and/or other protection." Defendants failed to do so, and they make no argument (and present no evidence) that they did. Simply put, Defendants are trying to use PTO 14 as both a sword and a shield—with neither argument succeeding when PTO 14 is read in its entirety.

Additionally, the parties' Protective Order (ECF No. 176) ¶ 11 deals with inadvertent production of privileged or otherwise protected material. The Protective Order ¶ 11.1 references Federal Rule of Evidence 502(d) and notes disclosure of privileged information is not a waiver of privilege "provided that the Producing Party notifies the Receiving Party of the inadvertent

The Honorable Barbara Jones
September 16, 2025
Page 4

production, in writing, within a reasonable amount of time of the discovery of the inadvertent production" ECF No 176 at 17.

As noted *supra*, Defendants were repeatedly ordered to re-review their privilege assertions prior to the Master's appointment and to have a complete re-review of their tranche privilege logs completed after the Master was appointed. *See*, e.g., ECF No. 3545 at 3; ECF No. 1908 at 1, ECF No. 2344 at 5; ECF No. 2357 at 2. Any potential inadvertent production thus should have been discovered during the re-review process.

Plaintiffs have repeatedly raised the issue of untimely clawbacks with Defendants. Counsel for Defendants, during meet and confers, stated that clawbacks may not be untimely if new information is discovered. Keeping this in mind, Plaintiffs compared these 46 documents' privilege log entries from Defendants March 10, 2025, privilege log (the log produced after Defendants finished their Court-ordered re-review) and the most recent privilege log Defendants produced on September 10, 2025. In particular, Plaintiffs compared the entries "Privileged Document Category" which is the column that contains Defendants' description of the document and basis for privilege claim. *See* PTO 14 at ¶ 15 (listing information required to be shown on privilege log, referencing Fed. R. Civ. Proc. 26(b)(5), and stating "[a] description of the document or redaction, including the factual basis sufficient to support the claim that the document is privileged and/or protected and to allow the Parties to understand the basis for the redactions or privilege"). Unsurprisingly, 39 of the 46 documents' "Privileged Document Category" descriptions were identical between the two time periods. Tellingly, four descriptions that did change included an updated factual basis for the clawback.[1] None of the others did. Defendants cannot point to any new information they found for the majority of these documents. In short, these clawbacks are untimely, and Defendants should not be permitted to belatedly clawback documents they chose to de-designate following the months long re-review process.

### Defendants did not Inadvertently Produce these Documents

Defendants alternatively argue that "if inadvertence was required (and it is not), Uber's de-designation of certain documents was inadvertent under the circumstances, regardless of the fact that attorneys had reviewed the documents prior to de-designation." Defendants' argument is meritless. Defendants did not inadvertently produce these documents; rather, they waived their privilege claims, as the Court previously held. *See supra*.

Defendants' reliance on *Epic Games, Inc. v. Apple, Inc.*, Case No. 20-cv-05640, 2025 U.S. Dist. LEXIS 34007 (N.D. Cal. Feb. 25, 2025), is unavailing. In *Epic Games*, the Court noted that Apple "never made a 'production' of [the two documents at issue] because it never produced them

---

[1] Entries JCCP_MDL_PRIVLOG043850, JCCP_MDL_PRIVLOG043854, JCCP_MDL_PRIVLOG043856, and JCCP_MDL_PRIVLOG043859 are noted to have been used in deposition preparation for Catherine Gibbons of a prior litigation. In a spirit of compromise and in light of a recent Master Determination, Plaintiffs will withdraw its challenge to these four documents.

to Epic (which it didn't)," *Id*. at 2. Here, in contrast, Defendants re-reviewed these 46 documents multiple times, produced the documents after changing their privilege designation, and then waited months to clawback the documents.

*De Coster v. Amazon.com, Inc*., No. 20-cv-00424, 2025 WL 904465, at *4–5 (W.D. Wash. Mar. 25, 2025), is instructive. In *De Coster*, after Amazon completed a comprehensive re-review of its privilege log and re-produced documents with fewer redactions, the court held that Amazon waived its privilege assertions, noting "[w]hen a party makes a strategic decision that it later regrets, such as redacting a document rather than withholding it completely as privileged, it cannot later claim inadvertence to shield itself from the consequences of its own judgment call." *Id.* at 5. (internal citation omitted). Just so here. Uber took on a comprehensive re-review of the challenged entries multiple times and produced de-designated documents. Uber cannot now claim it "inadvertently' produced these documents.

In sum, the Court has already ruled Defendants waived privilege for documents that were logged on Defendants tranche privilege logs and de-designated after the multiple court ordered re-reviews. The only difference is "when" Defendants de-designated the documents. The mere fact that these clawbacks were de-designated (only to be later clawed back) after the Master was appointed does not support Defendants' argument that privilege was not waived or the production was inadvertent. The documents de-designated under Judge Cisneros's purview were subject to potentially four re-reviews – the three re-reviews to apply "lessons learned" and the fulsome re-review completed by March 10, 2025. The documents currently at issue went through additional re-review and scrutiny by the Defendants as part of the Master's dispute resolution process. Defendants deliberately de-designated these documents because they deemed them not privileged in whole or in part. They cannot now claim inadvertent production.

**Delayed Discovery**

Defendants' statistics – i.e., their reference to "1.7 million documents produced" and the "46 documents at issue here" representing "only 0.0027% of the total number of documents produced" – is just a shell game. Plaintiffs have reasonably relied on these documents being de-designated for months based on Judge Cisneros's orders and statements and Defendants' own actions. Defendants' remark that Plaintiffs did not request expedited review of these documents is further gamesmanship, seeking a preview into Plaintiffs' experts' reports.

Regardless, Defendants have drawn out the resolution of privilege dispute for almost a year. Defendants' over-designation prompted the Master's appointment in the first place. With expert reports due shortly and trial a few months away, Defendants "merry-go-round" of claiming privilege, then de-designating documents, only to later claw them back should come to an end.

**Conclusion**

Master Jones should use Judge Cisneros's guiding principles and rule that, with the exception of the four documents as to which Plaintiffs withdraw their challenge, Defendants

The Honorable Barbara Jones
September 16, 2025
Page 6

waived privileged as to tranche privilege log documents that were de-designated following multiple re-reviews.

    Sincerely,

    _____
    Tiffany R. Ellis
    Peiffer Wolf Carr Kane Conway & Wise, LLP
    15 E. Baltimore Ave.,
    Detroit, MI 48202
    Tellis@peifferwolf.com

    Roopal P. Luhana, Esq.
    Chaffin Luhana LLP
    600 Third Avenue, F. 12
    New York, NY 10016
    Luhana@chaffinluhana.com

    Rachel B. Abrams
    Peiffer Wolf Carr Kane Conway & Wise, LLP
    555 Montgomery Street, Suite 820
    San Francisco, CA 94111
    Rabrams@peifferwolf.com

    Sarah R. London (SBN 267093)
    GIRARD SHARP LLP
    601 California St., Suite 1400
    San Francisco, CA 94108
    Telephone: (415) 981-4800
    slondon@girardsharp.com