ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     (816) 559-2393
Facsimile:     (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD** |
| This Document Relates to:<br><br>*G.M. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-09190-CRB | Judge:     Honorable Charles R. Breyer |

1   The Wagstaff Law Firm's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; ECF 4167; and ECF 4956. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff G.M. and Uber.

The Wagstaff Law Firm's ("Wagstaff") Motion to Withdraw as Counsel of Record (ECF 5212) for Plaintiff G.M. is emblematic of a larger problem in this Multi-District Litigation. The Plaintiffs' law firms advertise heavily to attract additional clients, who are drawn in by promises of "free compensation" with little or no effort. The Plaintiffs' law firms do not vet the legitimacy of these Plaintiffs' claims sufficiently, perhaps for fear of driving away their new clients. After retaining the law firms, these new clients disappear and fail to participate in their cases or even respond to counsel for months or even years at a time. *E.g.,* ECF 4103-1 (stating in October 2025 that "Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023"); ECF 4104-1 (stating in October 2025 that "Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025"). But these firms continue to initiate lawsuits and submit discovery responses without their clients even reviewing them. *E.g.,* ECF 4103-1; ECF 4104-1. Then, when Uber highlights a failure to provide required substantiation for their claim pursuant to Amended Pretrial Order 10 ("PTO 10") or worse, Uber discovers fraud by Plaintiff's counsel, the only prompt action taken is counsel's withdrawal based on the lack of communication with the client, attempting to leave the client, Uber, and this Court to clean up the mess alone. *E.g.,* ECF 4103; ECF 4104. This approach may be good for the Plaintiffs' lawyers, but it is prejudicial to their clients and Uber and harmful to this Court's administration of justice, and withdrawal should be denied.

In this case, Plaintiff G.M. submitted an alleged ride receipt that bears indicia of fraud and is the subject of Uber's pending Fourth Motion for Entry of an Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Receipts Should Not Be Dismissed With Prejudice. ECF 4933. Indeed, in a sworn statement accompanying the Motion to Withdraw, a Wagstaff attorney admits that "counsel has … become concerned that certain information Plaintiff provided may not have been accurate," ECF 5212-1 ¶5, but does not specify what information counsel believes may have been

1

inaccurate. In fact, Uber was unable to substantiate G.M.'s alleged ride and communicated that to Wagstaff via a Defendant's Fact Sheet on November 20, 2025. Declaration of Christopher V. Cotton ¶ 4.

Counsel has a "duty **prior to** filing a complaint . . . to conduct a reasonable factual investigation." *Christian v. Mattel*, 286 F.3d 1118, 1127 (9th Cir. 2002) (emphasis added). It is unclear why the Wagstaff firm did not assess the authenticity of the alleged "receipt" at issue before it filed a complaint asserting serious sexual assault claims against Uber. Attorneys are prohibited from "falsify[ing] evidence" and/or "knowingly disobey[ing] an obligation under the rules of a tribunal." Cal. R. Prof'l Conduct 3.4. If, as Uber will present to this Court (and the Wagstaff firm may now suspect as well), the receipt G.M. provided in support of her claims was fraudulent, the Wagstaff firm should explain what it did to investigate the receipt's alleged authenticity. It should not be permitted to withdraw as though Plaintiff's potential fraud has nothing to do with it; courts can impose discovery sanctions under Federal Rule of Civil Procedure 37 on both clients and their attorneys depending on their culpability. *See Apple, Inc. v. Samsung Electronics Co., Ltd.*, No. 5:11-cv-01846. 2014 WL 12596470, at *5 (N.D. Cal. Jan. 29, 2014). As this Court put it in denying a similar motion to withdraw:

> The Motions to Withdraw as Counsel in the above-captioned cases are denied without prejudice pending the resolution of Uber's Motion for Entry of an Order to Show Cause. The plaintiffs in these cases are alleged to have submitted fraudulent ride receipts; such action could potentially result in a variety of penalties, including but not limited to dismissal of plaintiffs' claims with prejudice and sanctions against plaintiffs' counsel. Given the seriousness of the potential repercussions of Uber's pending motion, it would be prejudicial both to plaintiffs as well as Uber to allow counsel to withdraw so soon before that dispute can be resolved.

ECF 3759; *see also* ECF 3974; 4167. The Court should deny Wagstaff's Motion to Withdraw for the same reasons.

Moreover, Wagstaff has acknowledged that it "has not been able to reach Plaintiff [G.M.] as needed to prosecute her case." ECF 5212 at 1. Counsel's declaration does not specify the dates on which Wagstaff successfully made contact with Plaintiff G.M., but states only that it had "initial contact with the client" but "lost contact in the summer of 2025." ECF 5212-1 ¶ 2. Wagstaff has not disclosed to this Court that Plaintiff's deadline to submit a PFS under PTO 10 **has already passed**,

*see* Cotton Decl. ¶ 3, or mentioned that PTO 10 specifies that failure to comply with the deadline entitles Uber to "move the Court for an Order dismissing the relevant Complaint without prejudice," ECF 4287 at 8. Instead, having filed a complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued it through the end of the PTO 10 compliance deadline, despite only having what counsel describes as "initial contact" with Plaintiff (ECF 5212-1 ¶ 2), Wagstaff now seeks to abandon Plaintiff by withdrawing at the eleventh hour, without so much as acknowledging the missed deadline, much less explaining how it knows its client will be able to proceed *pro se* without further delaying these proceedings. Permitting withdrawal under these circumstances would be highly prejudicial to both Plaintiff G.M. and to Uber. *See Eslick v. Intuitive Surgical, Inc.*, 2019 WL 13201902, at *2 (N.D. Cal. April. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case").

Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No. 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Wagstaff's motion to withdraw does not identify these four factors and does not provide **any** statement or cite any case law about the prejudice and delay resulting from withdrawal. ECF 5212. Failing to timely raise and substantively address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir. 2008), and this Court could deny the motion on that basis alone.

On the merits, this Court should deny Wagstaff's motion to withdraw because of the prejudice withdrawal would cause Plaintiff G.M. and Uber, the likely delay, and the potential harm to the administration of justice. As set forth above, Plaintiff G.M. has not submitted a PFS, and has produced a receipt in support of her claims that bears indicia of fraud and is subject to a pending motion seeking case-terminating sanctions (Uber's fourth motion addressing the growing list of fraudulent receipts in this litigation). *See* ECF 4933. Further, the deadline for G.M. to submit a PFS under PTO 10 has already passed, and she is separately facing case-terminating sanctions for that failure as well. ECF 4287. The critical juncture at which Wagstaff's abrupt Motion to Withdraw comes makes the potential

3

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD
Case No. 3:23-md-03084-CRB

prejudice to Plaintiff more acute. *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18, 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would be severely prejudiced by Wagstaff's withdrawal at this juncture, because withdrawal would make it more difficult for Uber and this Court to get answers to the serious fraud issues before this Court and would undoubtedly delay these proceedings. *See TMCO Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal. Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2 (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay resolution of the case"). At the very least, this Court needs more information from Wagstaff about its communications with Plaintiff G.M. and what it did to investigate her claims so it can determine the extent to which withdrawal would harm the administration of justice. *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at *1 (W.D. Wash. Nov. 5, 2024) ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice, and harm to the administration of justice, before the Court can adjudicate the motion to withdraw representation").

Accordingly, Wagstaff's Motion to Withdraw should be denied.

DATED: February 13, 2026

Respectfully submitted,

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Christopher V. Cotton*

CHRISTOPHER V. COTTON

*Attorney for Defendants*
UBER TECHNOLOGIES, INC.,
RASIER, LLC, and RASIER-CA, LLC