ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2555 Grand Blvd.
Kansas City, Missouri 64108
Telephone:     (816) 559-2393
Facsimile:      (816) 421-5547

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*K.B. v. Uber Technologies, Inc., et al.*, No. 3:25-cv-10778-CRB | Case No. 3:23-md-03084-CRB<br><br>**DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD**<br><br>Judge:     Honorable Charles R. Breyer |

1   The Wagstaff Law Firm's Motion to Withdraw should be denied for the same reasons this Court denied prior, similar motions. ECF 3759; ECF 3974; ECF 4167; and ECF 4956. Counsel has not set forth an adequate basis to withdraw and has not complied with its professional obligations in this case. The firm's last-minute withdrawal would be unduly prejudicial to both Plaintiff K.B. and Uber.

The Wagstaff Law Firm's ("Wagstaff") Motion to Withdraw as Counsel of Record (ECF 5214) for Plaintiff K.B. is emblematic of a larger problem in this Multi-District Litigation. The Plaintiffs' law firms advertise heavily to attract additional clients, who are drawn in by promises of "free compensation" with little or no effort. The Plaintiffs' law firms do not vet the legitimacy of these Plaintiffs' claims sufficiently, perhaps for fear of driving away their new clients. After retaining the law firms, these new clients disappear and fail to participate in their cases or even respond to counsel for months or even years at a time. *E.g.,* ECF 4103-1 (stating in October 2025 that "Plaintiff A.T. has not responded to any efforts to reach her made by myself or my staff since May 9, 2023"); ECF 4104-1 (stating in October 2025 that "Plaintiff K.B. has not responded to any efforts to reach her made by myself or my staff since March 13, 2025"). But these firms continue to initiate lawsuits and submit discovery responses without their clients even reviewing them. *E.g.,* ECF 4103-1; ECF 4104-1. Then, when Uber highlights a failure to provide required substantiation for their claim pursuant to Amended Pretrial Order 10 ("PTO 10") or worse, Uber discovers fraud by Plaintiff's counsel, the only prompt action taken is counsel's withdrawal based on the lack of communication with the client, attempting to leave the client, Uber, and this Court to clean up the mess alone. *E.g.,* ECF 4103; ECF 4104. This approach may be good for the Plaintiffs' lawyers, but it is prejudicial to their clients and Uber and harmful to this Court's administration of justice, and withdrawal should be denied.

In this case, Wagstaff has acknowledged that it "has not been able to reach Plaintiff [K.B.] as needed to prosecute her case." ECF 5214 at 1. Counsel's declaration does not specify the dates on which Wagstaff successfully made contact with Plaintiff K.B., but states only that it had "initial contact with the client" but "lost contact in the winter of 2025." ECF 5214-1 ¶ 2. Wagstaff has not disclosed to this Court that Plaintiff's deadline to comply with PTO 10 **has already passed**, or mentioned that PTO 10 specifies that failure to comply with the deadline entitles Uber to "move the Court for an

1

DEFENDANTS' OPPOSITION TO MOTION TO WITHDRAW AS COUNSEL OF RECORD
Case No. 3:23-md-03084-CRB

1  Order dismissing the relevant Complaint without prejudice." ECF 4287 at 8. Instead, having filed a
2  complaint raising serious allegations of sexual assault on Plaintiff's behalf and pursued through the
3  end of the PTO 10 compliance deadline, despite only having what counsel describes as "initial contact"
4  with Plaintiff (ECF 5214-1 ¶ 2), Wagstaff now seeks to abandon Plaintiff by withdrawing at the
5  eleventh hour, without so much as acknowledging the missed deadline, much less explaining how it
6  knows its client will be able to proceed *pro se* without further delaying these proceedings. Permitting
7  withdrawal under these circumstances would be highly prejudicial to both Plaintiff K.B. and to Uber.
8  *See Eslick v. Intuitive Surgical, Inc.*, 2019 WL 13201902, at *2 (N.D. Cal. April. 9, 2019) (denying
9  motion to withdraw that "would pose possible prejudice to Plaintiff and Defendant and may delay
10 resolution of the case").

11     Factors which this Court considers in ruling on a motion to withdraw include: (1) the reasons
12 why withdrawal is sought, (2) the prejudice withdrawal may cause to other litigants, (3) the harm
13 withdrawal might cause to the administration of justice, and (4) the degree to which withdrawal will
14 delay the resolution of the case. *Eagle Eyes Traffic Industry USA Holding LLC v. E-Go Bike LLC,* No.
15 21-cv-07097, 2025 WL 1479160, at *2 (N.D. Cal. Feb. 19, 2025). Wagstaff's motion to withdraw
16 does not identify these four factors and does not provide **any** statement or cite any case law about the
17 prejudice and delay resulting from withdrawal. ECF 5214. Failing to timely raise and substantively
18 address these issues constitutes a forfeiture, *In re Cellular 101, Inc.,* 539 F.3d 1150, 1157 (9th Cir.
19 2008), and this Court could deny the motion on that basis alone.

20     On the merits, this Court should deny Wagstaff's motion to withdraw because of the prejudice
21 withdrawal would cause Plaintiff K.B. and Uber, the likely delay, and the potential harm to the
22 administration of justice. As set forth above, the deadline for K.B. to respond to PTO 10 has already
23 passed, and she is facing case-terminating sanctions. ECF 4287. The critical juncture at which
24 Wagstaff's abrupt Motion to Withdraw comes makes the potential prejudice to Plaintiff more acute.
25 *See Oracle Am. v. Service Key, LLC,* No. 12-cv-00790, 2013 WL 12218460, at *1 (N.D. Cal. Jan. 18,
26 2013) (denying withdrawal and noting that client could face default judgment). Moreover, Uber would
27 be severely prejudiced by Wagstaff's withdrawal at this juncture, because withdrawal would make it
28 more difficult for Uber and this Court to obtain the evidence K.B. (and Wagstaff, as her counsel) owe

1  them to substantiate their claims that Plaintiff took an Uber ride and suffered an assault. *See TMCO*
2  *Ltd. v. Green Light Energy Sols. R&D Corp.,* No. 4:17-cv-00997, 2020 WL 1531226, at *1 (N.D. Cal.
3  Feb. 3, 2020) (withdrawal should be denied when it "would work an injustice or cause undue delay in
4  the proceeding"); *Eslick v. Intuitive Surgical, Inc.,* No. 18-cv-02200-LHK, 2019 WL 13201902, at *2
5  (N.D. Cal. Apr. 9, 2019) (denying motion to withdraw that "would pose possible prejudice to Plaintiff
6  and Defendant and may delay resolution of the case"). At the very least, this Court needs more
7  information from Wagstaff about its communications with Plaintiff K.B. and what it did to investigate
8  her claims so it can determine the extent to which withdrawal would harm the administration of justice.
9  *Floyd v. Amazon.com Inc.,* No. 22-cv-1599, 2024 WL 5040453, at *1 (W.D. Wash. Nov. 5, 2024)
10 ("more information from Floyd's counsel is needed in order to resolve questions of delay, prejudice,
11 and harm to the administration of justice, before the Court can adjudicate the motion to withdraw
12 representation").

13     Indeed, there is cause for concern here because counsel's declaration in this case suggests that
14 Wagstaff filed this action based on "certain information Plaintiff provided" that counsel has
15 determined "may not have been accurate." ECF 5214, at 1; ECF 5214-1 ¶ 5. Counsel's declaration
16 does not specify what information it believes may have been inaccurate, or whether such information
17 was included in materials provided to Uber or filed with the Court. *See* ECF 5214-1 ¶ 5. Based on
18 counsel's representation that it is unaware whether "alternative counsel has been retained" and
19 Plaintiff K.B. has been unresponsive to Wagstaff's outreach (see ECF 5214-1 ¶¶ 2-11)**,** Wagstaff's
20 continued participation is necessary for Uber to understand whether Plaintiff's claims were
21 fraudulently filed. Accordingly, Wagstaff should not be permitted to withdraw as though Plaintiff's
22 inadequate substantiation of her claims has nothing to do with it; the firm appears to have knowledge
23 of potential fraud underlying Plaintiff's claims, but has not disclosed the details of that fraud to Uber
24 or to the Court.

| | |
|---|---|
| 1   DATED: February 13, 2026 | Respectfully submitted, |
| 2 | **SHOOK, HARDY & BACON L.L.P.** |
| 3 | By: */s/ Christopher V. Cotton* |
| 4 | CHRISTOPHER V. COTTON |
| 5 | *Attorney for Defendants* <br> UBER TECHNOLOGIES, INC., |
| 6 | RASIER, LLC, and RASIER-CA, LLC |