John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case 3:23-md-03084-CRB<br><br>MDL No. 3084<br><br>**PLAINTIFF'S MOTION TO RECONSIDER ORDER DISMISSING CASE FOR FAILURE TO COMPLY WITH PTO 10**<br><br>Judge: Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |
| This Document Relates to:<br><br>*WHB 649 v. Uber Technologies, Inc., et al.,*<br>*No. 3:24-cv-05095* | |

## INTRODUCTION

On October 22, 2025, Defendants filed an Amended Motion to Dismiss Cases for Failure to Comply with PTO 10. [No. 4203] Plaintiff WHB 649's case was included as one of the cases Defendants sought to dismiss because she had not verified her Amended Plaintiff Fact Sheet. [No. 4203-A]. Plaintiff has since uploaded her executed verification to MDL Centrality and is in compliance with Amended PTO 10. Plaintiff WHB 649 respectfully submits that due to the circumstances discussed below, her case not be subject to dismissal with prejudice and instead be allowed to proceed.

## BACKGROUND

Plaintiff's counsel filed an Opposition to Defendants' Motion to Dismiss on November 5, 2025. [Doc. 4310] On November 19, 2025, the Court issued an Order dismissing without prejudice all claims identified in Exhibit A of Defendants' Motion to Dismiss and required counsel to file notices of dismissal. [Doc. 4442] Plaintiff's counsel did as ordered by the Court. [Docs. 4512]; [Doc. 5089].

On January 15, 2026, Defendants filed a Motion to Convert Order of Dismissal Without Prejudice to Order of Dismissal with Prejudice. [Doc. 5014] Plaintiff's case was one of the cases Defendants sought to convert to a dismissal with prejudice. The response date listed in the email accompanying the notification of the filing of the Motion to Convert was January 29, 2026. **Exhibit A** to the Declaration of Walt Cubberly. Pursuant to this notification, on January 29, Plaintiff's counsel notified Defendants that they were not contesting the motion to convert. **Exhibit B** to the Declaration of Walt Cubberly.

<u>However</u>, on February 5, 2026, Plaintiff notified her counsel that she had been in court-ordered treatment for the past 150 days during which she had extremely limited use of her cell phone. **Exhibit C** to the Declaration of Walt Cubberly. During this time, Plaintiff was not able to

read or sign any documents that her counsel had sent to her. Due to this lack of contact with Plaintiff, counsel was unable to secure her verified fact sheet. Upon her release in early February, she contacted her counsel and on February 5, 2026, uploaded her signed verification to MDL Centrality. Counsel notified Defendants' lawyers of the same. *Id;* **Ex. D** to the Declaration of Walt Cubberly.

**ARGUMENT**

Pursuant to Amended PTO 10, if the Court dismisses a Complaint without prejudice, the Order will be converted to a dismissal with prejudice upon Uber's motion – to be filed no earlier than thirty (30) days after the Court's entry of the Order of Dismissal Without Prejudice -- unless (1) a plaintiff submits the information required under this Order; or (2) moves to vacate the dismissal without prejudice in the same time period. [Doc. 4287] Here, Defendants did not move to convert the Court's November 19 Order of dismissal until January 15, 2026.[1] Plaintiff files this Motion to Vacate the Dismissal Without Prejudice on February 13, 2026, within 30 days of Defendants' moving to convert the dismissal. As Plaintiff was finalizing this Motion for Reconsideration, the Court granted Defendants' Motion to Convert Order of Dismissal Without Prejudice to Order of Dismissal with Prejudice. [Doc. 5229]

Plaintiff did not delay in reaching out to her attorneys as soon as she was released. Her lawyers in turn did not delay in providing Plaintiff with her Amended Plaintiff Fact Sheet so that she may review it. Upon her review of her Amended Plaintiff Fact Sheet, Plaintiff signed the accompanying verification, signifying that the statements in the Amended PFS are true and correct to the best of her knowledge, information, and belief. Plaintiff respectfully submits that good cause therefore exists for her inability to timely submit her verification.

---

[1] Thirty days from January 15, 2026 is Saturday, February 14, 2026. The deadline for Plaintiff to file her Motion to Vacate under Amended PTO 10 is Monday, February 16.  Fed. R. Civ. P. 6(a).

Given that Plaintiff has fully complied with her Amended PTO 10 discovery obligations, Plaintiff respectfully requests that the Court reconsider dismissal of her case and remove her from the dismissal Orders, ECF No. 4442 and 5229. Counsel for Plaintiff believes that a reconsideration of the Orders dismissing Plaintiff's case is warranted as dismissal is unduly prejudicial to Plaintiff under the circumstances described above.

**CONCLUSION**

For the foregoing reasons, Plaintiff respectfully requests that this Court amend the Orders dismissing cases for failure to comply with PTO 10 to remove Plaintiff WHB 649.

Dated: February 13, 2026

/s/ *Walt Cubberly*
John Eddie Williams, Jr.
Brian Abramson
Margret Lecocke
Walt Cubberly (SBN 325163)
Batami Baskin
Myles Shaw
WILLIAM HART & BOUNDAS, LLP
8441 Gulf Freeway, Suite 600
Houston, Texas 77017-5051
Telephone: (713) 230-2200
Facsimile: (713) 643-6226
Email: jwilliams@whlaw.com
Email: babramson@whlaw.com
Email: mlecocke@whlaw.com
Email: wcubberly@whlaw.com
Email: bbaskin@whlaw.com
Email: mshaw@whlaw.com

*Attorneys for Plaintiff*