DocuSign Envelope ID: E6FFA829-4FC3-4B31-8EBF-6B175AE0E190

Emilie Boman
EX 2065
P.S. 10.01.25

**Uber**

## MUTUAL NON-DISCLOSURE AGREEMENT

This Mutual Non-Disclosure Agreement (this "**Agreement**") is made as of February 14, 2024 ("**Effective Date**") between **Uber Technologies, Inc.**, a Delaware corporation, whose address is 1725 3rd Street, San Francisco, CA 94158 ("**Uber**"), and **Raliance**, a(an) District of Columbia 501(c)(3) organization whose address is 655 15th St NW, Suite 800, Washington, DC 20005 ("**Company**"). In order to pursue a mutually beneficial potential business opportunity ("**Purpose**"), Company and Uber recognize a need to disclose certain confidential information, and to protect such information from unauthorized use and disclosure. The parties agree:

1. "**Confidential Information**" means any non-public information of a party or its affiliates that is disclosed or otherwise made available by or on behalf of such party or its affiliates ("**Disclosing Party**") to the other party ("**Receiving Party**"), before or after the Effective Date and whether orally, visually, in writing or in any other form, including, without limitation, the existence and terms of this Agreement and information about the Disclosing Party's technology, products, properties, employees, finances, businesses and operations. Confidential Information includes all notes, analyses, compilations, interpretations or other documents prepared by or for the Receiving Party, to the extent they contain, reflect or are based upon the Disclosing Party's Confidential Information. "**Representative**" means a Receiving Party, its controlled subsidiaries, and their respective officers, directors, employees, consultants and agents. Neither Party shall disclose or otherwise make available any personally identifiable information or protected health information under this Agreement.

2. The obligations set forth in Section 3 will not apply to Confidential Information that: (i) is or becomes generally available to the public, through no act or omission of the Receiving Party or its Representatives; (ii) was already known by the Receiving Party without any obligation of confidentiality; (iii) is lawfully disclosed by a third party to the Receiving Party without any obligation of confidentiality; or (iv) the Receiving Party independently develops without use of, or reference to, the Disclosing Party's Confidential Information.

3. Each Receiving Party shall: (i) maintain the Disclosing Party's Confidential Information in strict confidence using the same degree of care that it uses with regard to its own information of like nature, but never less than a reasonable degree of care; (ii) not disclose or make available such Confidential Information except as authorized herein; and (iii) not use such Confidential Information other than for the Purpose. A Receiving Party may disclose the Disclosing Party's Confidential Information only to its Representatives who need to know for, and only as necessary to pursue, the Purpose, provided that: (a) each Representative is bound by written obligations of confidentiality (including, without limitation, non-use and non-disclosure) at least as protective of the Disclosing Party's obligations contained herein and (b) the Receiving Party informs its Representative of the confidential nature of the Confidential Information. Each Receiving Party is responsible for its Representatives' breach of or non-compliance with this Agreement.

4. A Receiving Party may disclose the Disclosing Party's Confidential Information as required by applicable law or regulation, provided that the Receiving Party, to the extent legally permissible, gives the Disclosing Party written notice of such required disclosure and reasonably assists the Disclosing Party in protecting, preventing or limiting such disclosure at the Disclosing Party's expense. The Receiving Party shall only disclose that portion of the Disclosing Party's Confidential Information as legally required for disclosure, and shall exercise all reasonable efforts to receive confidential treatment for such Confidential Information.

5. ALL CONFIDENTIAL INFORMATION IS PROVIDED "AS IS". All Confidential Information remains the Disclosing Party's sole and exclusive property. Each Receiving Party acknowledges and agrees that nothing in this Agreement will be construed as granting any rights (including, without limitation, any patent, copyright or other intellectual property or proprietary right) to the Receiving Party, by license or otherwise, in or to any of the Disclosing Party's Confidential Information, except as expressly set forth in this Agreement.

6. Each Receiving Party acknowledges that the unauthorized use or disclosure of the Disclosing Party's Confidential Information would cause the Disclosing Party irreparable harm and significant damages. Accordingly, each Receiving Party agrees that the Disclosing Party may seek equitable relief in connection with any unauthorized use or disclosure of its Confidential Information, in addition to any other rights and remedies at law or otherwise.

7. This Agreement will remain in effect for three (3) years from the Effective Date. Receiving Party's obligations (including, without limitation, non-use and non-disclosure) under this Agreement shall continue for three (3) years from the Agreement's expiration. Neither party shall have any obligation to disclose any Confidential Information, enter discussions, or continue any arrangement or agreement relating to the Purpose or any other matter, except as agreed to in writing by the parties.

8. Upon the Disclosing Party's request, each Receiving Party will return, or at the Disclosing Party's election destroy, the Disclosing Party's Confidential Information and all copies thereof, including electronic, and, if requested by the Disclosing Party, shall certify in writing such return or destruction. Each Receiving Party may retain copies of the Disclosing Party's Confidential Information solely to the extent (i) required by applicable law or regulation or (ii) created by technical, automatic archiving or backup processes maintained in the ordinary course of business, provided that Receiving Party's obligations under this Agreement survive per Section 7 herein.



Trial Exhibit No.
**P-00421**

**CONFIDENTIAL**

**Valor000051**

P-00421.00001

DocuSign Envelope ID: E6FFA829-4FC3-4B31-8EBF-6B175AE0E190

**uber**

9. This Agreement will be governed and construed in accordance with the laws of the State of Delaware without regard to its conflict of laws provisions. This Agreement is the complete and exclusive statement, superseding all prior agreements, understandings and communications, oral or written, regarding the subject matter of this Agreement between the parties. Neither party may assign this Agreement, in whole or in part, without the other party's prior written consent, any attempted assignment otherwise will be void. In a legal action to enforce this Agreement's terms, the prevailing party may seek attorney's fees and costs incurred therewith.

**IN WITNESS WHEREOF,** the parties hereto have executed this Mutual Non-Disclosure Agreement by their duly authorized officers or representatives.

| Uber Technologies, Inc. | Raliance |
|---|---|
| DocuSigned by: *[signature]* 31AC32962FF4428... | DocuSigned by: *Yolanda Edrington* 59A569F805894FF... |
| By | By |
| Scott Binnings | Yolanda Edrington |
| Printed Name | Printed Name |
| Associate General Counsel, Safety & Core Services | Managing Partner |
| Title | Title |
| February 28, 2024 | February 28, 2024 |

**CONFIDENTIAL**

Valor000052

P-00421.00002