# UBER_JCCP_MDL_000043441

## Metadata

| | | |
|---|---|---|
| #Author | stacy.murton@uber.com | SEMANTIC |
| #Date Modified | 02/01/2022 | SEMANTIC |
| #DateCreated | 05/22/2017 | SEMANTIC |
| #Title | [FINAL] Sensitive Investigations Training \| AC Privileged & Confidential | SEMANTIC |
| Account | brooke.anderson@uber.com | SEMANTIC |
| All Custodians | Anderson, Brooke;Baker, Matthew;Breeden, Tracey;Brown, Greg;Faiz, Bushra;Coker, Lucas;Freivogel, Cory;Fuldner, Gus;Gibbons, Catherine;Hawk, Cassie;Kaiser, Roger;Lake, Carley;McDonald, Katy;Parker, Kate;Sheridan, Danielle | SEMANTIC |
| All Paths | Anderson, Brooke: \20240905\Anderson, Brooke\Drive\EDISCO-25640_DR_16.zip; Anderson, Brooke: \20240905\Anderson, Brooke\Drive\EDISCO-25640_DR_16.zip; Baker, Matthew: \JCCP-EDISCO-23800_2022\JCCP-EDISCO-23800_2022_9\JCCP-EDISCO-23800_2022_9_18.zip; Baker, Matthew: \JCCP-EDISCO-23800_2022\JCCP-EDISCO-23800_2022_9\JCCP-EDISCO-23800_2022_9_18.zip; Breeden, Tracey: \JCCP_DRIVE002_002\JCCP_DRIVE002_002_1.zip; Breeden, Tracey: \JCCP_DRIVE002_002\JCCP_DRIVE002_002_1.zip; Brown, Greg: \Drive_003_002_Drive003_001\JCCP_Drive003_001\JCCP_Drive003_001_13.zip; Brown, Greg: \Drive_003_002_Drive003_001\JCCP_Drive003_001\JCCP_Drive003_001_13.zip; Faiz, Bushra: \EDISCO-25937_bushra.faiz@uber.com,abbied@uber.com\EDISCO-25937_bushra.faiz@uber.com_abbied@uber.com_62.zip; Faiz, Bushra: \EDISCO-25937_bushra.faiz@uber.com,abbied@uber.com\EDISCO-25937_bushra.faiz@uber.com_abbied@uber.com_62.zip; Coker, Lucas: \Coker, Lucas\EDISCO-25478_lucasc@uber.com_DR_0.zip; Coker, Lucas: \Coker, Lucas\EDISCO-25478_lucasc@uber.com_DR_0.zip; Freivogel, Cory: \JCCP-EDISCO-23800_2022_5\JCCP-EDISCO-23800_2022_5_11.zip; Freivogel, Cory: \JCCP-EDISCO-23800_2022_5\JCCP-EDISCO-23800_2022_5_11.zip; Fuldner, Gus: \JCCP-EDISCO-23800_2022_8\JCCP-EDISCO-23800_2022_8_89.zip; Fuldner, Gus: \JCCP-EDISCO-23800_2022_8\JCCP-EDISCO-23800_2022_8_89.zip; Gibbons, Catherine: \EDISCO-24765_Drive\EDISCO-24765_Drive_26.zip; Gibbons, Catherine: \EDISCO-24765_Drive\EDISCO-24765_Drive_26.zip; Gibbons, Catherine: \Gibbons, Catherine\EDISCO-25478_cgibbons@uber.com_DR_14.zip; Gibbons, Catherine: \Gibbons, Catherine\EDISCO-25478_cgibbons@uber.com_DR_14.zip; Hawk, Cassie: \Hawk, Cassie\EDISCO-25478_hawk@uber.com_DR_9.zip; Hawk, Cassie: \Hawk, Cassie\EDISCO-25478_hawk@uber.com_DR_9.zip; Kaiser, Roger: \JCCP_DRIVE005\JCCP_Drive005_96.zip; Kaiser, Roger: \JCCP_DRIVE005\JCCP_Drive005_96.zip; Lake, Carley: \EDISCO-24394_Drive\EDISCO-24394_Drive_23.zip; Lake, Carley: \EDISCO-24394_Drive\EDISCO-24394_Drive_23.zip; McDonald, Katy: \JCCP_DRIVE005\JCCP_Drive005_96.zip; McDonald, Katy: \JCCP_DRIVE005\JCCP_Drive005_96.zip; Parker, Kate: \JCCP_DRIVE006\JCCP_DRIVE006_16.zip; Parker, Kate: \JCCP_DRIVE006\JCCP_DRIVE006_16.zip; Sheridan, Danielle: \JCCP-EDISCO-23800_2022\JCCP-EDISCO-23800_2022_3\JCCP-EDISCO-23800_2022_3_10.zip; Sheridan, Danielle: \JCCP-EDISCO-23800_2022\JCCP-EDISCO-23800_2022_3\JCCP-EDISCO-23800_2022_3_10.zip | SEMANTIC |
| Application | Microsoft 2007 PowerPoint Presentation | SEMANTIC |
| Attachment Names | ppt | SEMANTIC |
| Begin Family | UBER_JCCP_MDL_000043441 | SEMANTIC |
| Collaborators | tbreeden@uber.com; kaiser@uber.com; cgibbons@uber.com; chanel.kan@uber.com; sarah.schol@uber.com; banthony@uber.com; alioto@uber.com; drivestorage2@uber.com; ryan.sarpalius@uber.com | SEMANTIC |
| Confidentiality | Confidential | SEMANTIC |
| Date Created | 05/22/2017 5:32 pm | SEMANTIC |
| Date Modified | 02/01/2022 6:03 am | SEMANTIC |
| DocID | 1BIpQKg_aus7sl_IvWaGTNOjCeNOm6n0SUal6X1R6JGU | SEMANTIC |
| Document Type | Electronic File | SEMANTIC |
| End Family | UBER_JCCP_MDL_000043441 | SEMANTIC |
| File Path | \20240905\Anderson, Brooke\Drive\EDISCO-25640_DR_16.zip | SEMANTIC |
| File Size | 762162 | SEMANTIC |
| Filename | -FINAL- Sensitive Investigations Training - AC Privilege_1BIpQKg_aus7sl_IvWaGTNOjCeNOm6n0SUal6X1R6JGU.pptx | SEMANTIC |
| GoogleDocumentType | PRESENTATION | SEMANTIC |
| Hash Value | 1781e9b9480e35e676af8e1b13ad1449 | SEMANTIC |
| Hidden Content | Yes; | SEMANTIC |
| ILS All Bates | UBER_JCCP_MDL_000043441;UBER_JCCP_MDL_000043441.0001;UBER_JCCP_MDL_000043441.0002;UBER_JCCP_MDL_000043441.0003;UBER_JCCP_MDL_000043441.0004;UBER_JCCP_MDL_000043441.0005;UBER_JCCP_MDL_000043441.0 | SEMANTIC |



Trial Exhibit No.

P-00865_slip

| | | |
|---|---|---|
| | 006;UBER_JCCP_MDL_000043441.0007;UBER_JCCP_MDL_000043441.0008;UBER_JCCP_MDL_000043441.0009;UBER_JCCP_MDL_000043441.0010;UBER_JCCP_MDL_000043441.0011;UBER_JCCP_MDL_000043441.0012;UBER_JCCP_MDL_000043441.0013;UBER_JCCP_MDL_000043441.0014;UBER_JCCP_MDL_000043441.0015;UBER_JCCP_MDL_000043441.0016;UBER_JCCP_MDL_000043441.0017;UBER_JCCP_MDL_000043441.0018;UBER_JCCP_MDL_000043441.0019;UBER_JCCP_MDL_000043441.0020;UBER_JCCP_MDL_000043441.0021;UBER_JCCP_MDL_000043441.0022;UBER_JCCP_MDL_000043441.0023;UBER_JCCP_MDL_000043441.0024;UBER_JCCP_MDL_000043441.0025;UBER_JCCP_MDL_000043441.0026;UBER_JCCP_MDL_000043441.0027;UBER_JCCP_MDL_000043441.0028;UBER_JCCP_MDL_000043441.0029;UBER_JCCP_MDL_000043441.0030;UBER_JCCP_MDL_000043441.0031;UBER_JCCP_MDL_000043441.0032;UBER_JCCP_MDL_000043441.0033;UBER_JCCP_MDL_000043441.0034;UBER_JCCP_MDL_000043441.0035;UBER_JCCP_MDL_000043441.0036;UBER_JCCP_MDL_000043441.0037;UBER_JCCP_MDL_000043441.0038;UBER_JCCP_MDL_000043441.0039;UBER_JCCP_MDL_000043441.0040;UBER_JCCP_MDL_000043441.0041;UBER_JCCP_MDL_000043441.0042;UBER_JCCP_MDL_000043441.0043;UBER_JCCP_MDL_000043441.0044;UBER_JCCP_MDL_000043441.0045;UBER_JCCP_MDL_000043441.0046;UBER_JCCP_MDL_000043441.0047;UBER_JCCP_MDL_000043441.0048;UBER_JCCP_MDL_000043441.0049;UBER_JCCP_MDL_000043441.0050;UBER_JCCP_MDL_000043441.0051;UBER_JCCP_MDL_000043441.0052;UBER_JCCP_MDL_000043441.0053;UBER_JCCP_MDL_000043441.0054;UBER_JCCP_MDL_000043441.0055;UBER_JCCP_MDL_000043441.0056;UBER_JCCP_MDL_000043441.0057;UBER_JCCP_MDL_000043441.0058;UBER_JCCP_MDL_000043441.0059;UBER_JCCP_MDL_000043441.0060;UBER_JCCP_MDL_000043441.0061;UBER_JCCP_MDL_000043441.0062;UBER_JCCP_MDL_000043441.0063;UBER_JCCP_MDL_000043441.0064;UBER_JCCP_MDL_000043441.0065;UBER_JCCP_MDL_000043441.0066;UBER_JCCP_MDL_000043441.0067;UBER_JCCP_MDL_000043441.0068;UBER_JCCP_MDL_000043441.0069;UBER_JCCP_MDL_000043441.0070;UBER_JCCP_MDL_000043441.0071;UBER_JCCP_MDL_000043441.0072;UBER_JCCP_MDL_000043441.0073;UBER_JCCP_MDL_000043441.0074;UBER_JCCP_MDL_000043441.0075;UBER_JCCP_MDL_000043441.0076;UBER_JCCP_MDL_000043441.0077;UBER_JCCP_MDL_000043441.0078;UBER_JCCP_MDL_000043441.0079;UBER_JCCP_MDL_000043441.0080;UBER_JCCP_MDL_000043441.0081;UBER_JCCP_MDL_000043441.0082;UBER_JCCP_MDL_000043441.0083;UBER_JCCP_MDL_000043441.0084;UBER_JCCP_MDL_000043441.0085;UBER_JCCP_MDL_000043441.0086;UBER_JCCP_MDL_000043441.0087;UBER_JCCP_MDL_000043441.0088;UBER_JCCP_MDL_000043441.0089;UBER_JCCP_MDL_000043441.0090;UBER_JCCP_MDL_000043441.0091;UBER_JCCP_MDL_000043441.0092;UBER_JCCP_MDL_000043441.0093;UBER_JCCP_MDL_000043441.0094;UBER_JCCP_MDL_000043441.0095;UBER_JCCP_MDL_000043441.0096;UBER_JCCP_MDL_000043441.0097;UBER_JCCP_MDL_000043441.0098;UBER_JCCP_MDL_000043441.0099;UBER_JCCP_MDL_000043441.0100;UBER_JCCP_MDL_000043441.0101;UBER_JCCP_MDL_000043441.0102;UBER_JCCP_MDL_000043441.0103;UBER_JCCP_MDL_000043441.0104;UBER_JCCP_MDL_000043441.0105;UBER_JCCP_MDL_000043441.0106;UBER_JCCP_MDL_000043441.0107;UBER_JCCP_MDL_000043441.0108;UBER_JCCP_MDL_000043441.0109;UBER_JCCP_MDL_000043441.0110;UBER_JCCP_MDL_000043441.0111;UBER_JCCP_MDL_000043441.0112;UBER_JCCP_MDL_000043441.0113;UBER_JCCP_MDL_000043441.0114;UBER_JCCP_MDL_000043441.0115;UBER_JCCP_MDL_000043441.0116;UBER_JCCP_MDL_000043441.0117;UBER_JCCP_MDL_000043441.0118;UBER_JCCP_MDL_000043441.0119;UBER_JCCP_MDL_000043441.0120;UBER_JCCP_MDL_000043441.0121;UBER_JCCP_MDL_000043441.0122;UBER_JCCP_MDL_000043441.0123;UBER_JCCP_MDL_000043441.0124;UBER_JCCP_MDL_000043441.0125;UBER_JCCP_MDL_000043441.0126 | |
| **ILS Document Date** | 02/01/2022 | SEMANTIC |
| **ILS Prod Date** | 3/10/2025 | SEMANTIC |
| **ILS Prod Vol** | JCCP_MDL131 | SEMANTIC |
| **LINKSOURCEBEGBA TES** | UBER_JCCP_MDL_000023886; UBER_JCCP_MDL_000121414; UBER_JCCP_MDL_000276038; UBER_JCCP_MDL_000276131; UBER_JCCP_MDL_000430598; UBER_JCCP_MDL_000664236; UBER_JCCP_MDL_000664269; UBER_JCCP_MDL_000664270; UBER_JCCP_MDL_000925545; UBER_JCCP_MDL_000925683; UBER_JCCP_MDL_000931559; UBER_JCCP_MDL_000931565; UBER_JCCP_MDL_000931887; UBER_JCCP_MDL_000931899; UBER_JCCP_MDL_001091395; UBER_JCCP_MDL_001255901; UBER_JCCP_MDL_001257672; UBER_JCCP_MDL_001294568; UBER_JCCP_MDL_001294665; UBER_JCCP_MDL_001294785; UBER_JCCP_MDL_001294872; UBER_JCCP_MDL_001294993; UBER_JCCP_MDL_001295682; UBER_JCCP_MDL_001295728; UBER_JCCP_MDL_001295773; UBER_JCCP_MDL_001295817; UBER_JCCP_MDL_001295866; UBER_JCCP_MDL_001295912; UBER_JCCP_MDL_001295972; UBER_JCCP_MDL_001296017; UBER_JCCP_MDL_001296066; UBER_JCCP_MDL_001296110; UBER_JCCP_MDL_001296181; UBER_JCCP_MDL_001296224; UBER_JCCP_MDL_001296277; UBER_JCCP_MDL_001296381; UBER_JCCP_MDL_001296462; UBER_JCCP_MDL_001296530; UBER_JCCP_MDL_001296571; UBER_JCCP_MDL_001296627; UBER_JCCP_MDL_001296687; UBER_JCCP_MDL_001296758; UBER_JCCP_MDL_001296799; UBER_JCCP_MDL_001296838; UBER_JCCP_MDL_001296880; UBER_JCCP_MDL_001296960; UBER_JCCP_MDL_001297030; UBER_JCCP_MDL_001297154; UBER_JCCP_MDL_001297198; UBER_JCCP_MDL_001297299; UBER_JCCP_MDL_001297338; UBER_JCCP_MDL_001297384; UBER_JCCP_MDL_001297417; UBER_JCCP_MDL_001297469; UBER_JCCP_MDL_001297514; UBER_JCCP_MDL_001297584; UBER_JCCP_MDL_001297654; UBER_JCCP_MDL_001297729; | SEMANTIC |

| | |
|---|---|
| UBER_JCCP_MDL_001297800; UBER_JCCP_MDL_001297865;<br>UBER_JCCP_MDL_001297946; UBER_JCCP_MDL_001298039;<br>UBER_JCCP_MDL_001298071; UBER_JCCP_MDL_001298111;<br>UBER_JCCP_MDL_001298181; UBER_JCCP_MDL_001298261;<br>UBER_JCCP_MDL_001298298; UBER_JCCP_MDL_001298381;<br>UBER_JCCP_MDL_001298411; UBER_JCCP_MDL_001298463;<br>UBER_JCCP_MDL_001298535; UBER_JCCP_MDL_001298569;<br>UBER_JCCP_MDL_001298643; UBER_JCCP_MDL_001298677;<br>UBER_JCCP_MDL_001298721; UBER_JCCP_MDL_001298803;<br>UBER_JCCP_MDL_001298871; UBER_JCCP_MDL_001298939;<br>UBER_JCCP_MDL_001298973; UBER_JCCP_MDL_001299040;<br>UBER_JCCP_MDL_001299136; UBER_JCCP_MDL_001299236;<br>UBER_JCCP_MDL_001299353; UBER_JCCP_MDL_001299421;<br>UBER_JCCP_MDL_001299489; UBER_JCCP_MDL_001299556;<br>UBER_JCCP_MDL_001299656; UBER_JCCP_MDL_001299725;<br>UBER_JCCP_MDL_001299795; UBER_JCCP_MDL_001300086;<br>UBER_JCCP_MDL_001300147; UBER_JCCP_MDL_001300210;<br>UBER_JCCP_MDL_001300267; UBER_JCCP_MDL_001300326;<br>UBER_JCCP_MDL_001300381; UBER_JCCP_MDL_001300450;<br>UBER_JCCP_MDL_001300505; UBER_JCCP_MDL_001300561;<br>UBER_JCCP_MDL_001300617; UBER_JCCP_MDL_001300823;<br>UBER_JCCP_MDL_001300880; UBER_JCCP_MDL_001300890;<br>UBER_JCCP_MDL_001301512; UBER_JCCP_MDL_001301565;<br>UBER_JCCP_MDL_001301890; UBER_JCCP_MDL_001301952;<br>UBER_JCCP_MDL_001302216; UBER_JCCP_MDL_001302274;<br>UBER_JCCP_MDL_001302529; UBER_JCCP_MDL_001302778;<br>UBER_JCCP_MDL_001302893; UBER_JCCP_MDL_001302947;<br>UBER_JCCP_MDL_001303003; UBER_JCCP_MDL_001303097;<br>UBER_JCCP_MDL_001303150; UBER_JCCP_MDL_001303272;<br>UBER_JCCP_MDL_001303325; UBER_JCCP_MDL_001303618;<br>UBER_JCCP_MDL_001303674; UBER_JCCP_MDL_001303786;<br>UBER_JCCP_MDL_001303886; UBER_JCCP_MDL_001303941;<br>UBER_JCCP_MDL_001304008; UBER_JCCP_MDL_001304137;<br>UBER_JCCP_MDL_001304263; UBER_JCCP_MDL_001304315;<br>UBER_JCCP_MDL_001474833; UBER_JCCP_MDL_001474922;<br>UBER_JCCP_MDL_001475077; UBER_JCCP_MDL_001475160;<br>UBER_JCCP_MDL_001598421; UBER_JCCP_MDL_001608399;<br>UBER_JCCP_MDL_001661113; UBER_JCCP_MDL_001680765;<br>UBER_JCCP_MDL_001714804; UBER_JCCP_MDL_001716756;<br>UBER_JCCP_MDL_001724666; UBER_JCCP_MDL_001724685;<br>UBER_JCCP_MDL_001728427; UBER_JCCP_MDL_001734589;<br>UBER_JCCP_MDL_001735965; UBER_JCCP_MDL_001738287;<br>UBER_JCCP_MDL_001738310; UBER_JCCP_MDL_001738312;<br>UBER_JCCP_MDL_001738315; UBER_JCCP_MDL_001738316;<br>UBER_JCCP_MDL_001738317; UBER_JCCP_MDL_001738320;<br>UBER_JCCP_MDL_001738876; UBER_JCCP_MDL_001740323;<br>UBER_JCCP_MDL_001740326; UBER_JCCP_MDL_001741058;<br>UBER_JCCP_MDL_001741061; UBER_JCCP_MDL_002520351;<br>UBER_JCCP_MDL_002520374; UBER_JCCP_MDL_002520396;<br>UBER_JCCP_MDL_002520417; UBER_JCCP_MDL_002520437;<br>UBER_JCCP_MDL_002520459; UBER_JCCP_MDL_002520481;<br>UBER_JCCP_MDL_002520503; UBER_JCCP_MDL_002520523;<br>UBER_JCCP_MDL_002520542; UBER_JCCP_MDL_002520561;<br>UBER_JCCP_MDL_002520581; UBER_JCCP_MDL_002520601;<br>UBER_JCCP_MDL_002520621; UBER_JCCP_MDL_002520640;<br>UBER_JCCP_MDL_002520658; UBER_JCCP_MDL_002520677;<br>UBER_JCCP_MDL_002520696; UBER_JCCP_MDL_002520715;<br>UBER_JCCP_MDL_002520732; UBER_JCCP_MDL_002520753;<br>UBER_JCCP_MDL_002705658; UBER_JCCP_MDL_002738501;<br>UBER_JCCP_MDL_002738503; UBER_JCCP_MDL_002738510;<br>UBER_JCCP_MDL_002738916; UBER_JCCP_MDL_002738931;<br>UBER_JCCP_MDL_003235105; UBER_JCCP_MDL_003260109;<br>UBER_JCCP_MDL_003260298; UBER_JCCP_MDL_003260340;<br>UBER_JCCP_MDL_003260343; UBER_JCCP_MDL_003260345;<br>UBER_JCCP_MDL_003260349; UBER_JCCP_MDL_003340021;<br>UBER_JCCP_MDL_003933270; UBER_JCCP_MDL_004785079;<br>UBER_JCCP_MDL_005229221; UBER_JCCP_MDL_005394545;<br>UBER_JCCP_MDL_005394561; UBER_JCCP_MDL_005394577;<br>UBER_JCCP_MDL_005394593; UBER_JCCP_MDL_005394611;<br>UBER_JCCP_MDL_005394628; UBER_JCCP_MDL_005394645;<br>UBER_JCCP_MDL_005394659; UBER_JCCP_MDL_005394674;<br>UBER_JCCP_MDL_005394689; UBER_JCCP_MDL_005394704;<br>UBER_JCCP_MDL_005394719; UBER_JCCP_MDL_005394734;<br>UBER_JCCP_MDL_005394749; UBER_JCCP_MDL_005394765;<br>UBER_JCCP_MDL_005394779; UBER_JCCP_MDL_005394793;<br>UBER_JCCP_MDL_005394805; UBER_JCCP_MDL_005394817;<br>UBER_JCCP_MDL_005394829; UBER_JCCP_MDL_005394840;<br>UBER_JCCP_MDL_005394851; UBER_JCCP_MDL_005394862;<br>UBER_JCCP_MDL_005442481; UBER_JCCP_MDL_005442484;<br>UBER_JCCP_MDL_005442486; UBER_JCCP_MDL_005442491;<br>UBER_JCCP_MDL_005462527; UBER_JCCP_MDL_005652869;<br>UBER_JCCP_MDL_005657596; UBER_JCCP_MDL_005663599;<br>UBER_JCCP_MDL_005673648; UBER_JCCP_MDL_005688001;<br>UBER_JCCP_MDL_005718576 | |
| **Other Custodians** | Baker, Matthew;Breeden, Tracey;Brown, Greg;Freivogel, Cory;Fuldner, Gus;Kaiser, Roger;Lake, Carley;McDonald, Katy;Parker, Kate;Sheridan, Danielle;Anderson, Brooke;Coker, Lucas;Gibbons, Catherine;Hawk, Cassie;Faiz, Bushra | SEMANTIC |

| Primary Date | 05/22/2017 5:32 pm | DOC_TYPE_ALIAS |
|---|---|---|
| Production Volume | UBER018;JCCP_MDL089;JCCP_MDL131; | SEMANTIC |
| Redacted | No | SEMANTIC |
| Sort Date | 02/01/2022 6:03 am | SEMANTIC |
| SourceHash | ae218efd81c52c9c8e3a08a3ce82ff59 | SEMANTIC |

Attorney-Client Privileged | Confidential

# Sensitive Investigations:
## *Support for Allegations of Interpersonal Misconduct*

CONFIDENTIAL



Trial Exhibit No.
**P-00865**



UBER000063123
UBER_JCCP_MDL_000043441

# LEARNING OBJECTIVE:

- **Introduce Talk Path** of highly sensitive investigation
- Illustrate **key differences** between traditional incident response and a highly sensitive investigation
- Clarify purpose of IRT's role - **gather information**
- Review **important reminders** that apply to all highly sensitive investigations
- Discuss guidelines for **speaking to reporters**
- Explain the **importance of personal well-being and self care,** and review resources available to address reactions concerning reports of assault

UBER

Attorney–Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0001
UBER_JCCP_MDL_000043441.0001

# Table of Contents

1 | Introduction

2 | Outline Talk Path

3 | Review Important Reminders

4 | Guidelines for Speaking with Reporters

5 | Self-Care

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0002
UBER_JCCP_MDL_000043441.0002

P-00865.00003

Case 3:23-md-03084-CRB    Document 5295-7    Filed 02/17/26    Page 8 of 131

# Introduction

It is very likely that communication with an IRT agent is the first interaction a customer has with an Uber representative. We count on IRT agents to ensure it is the best possible customer experience.

CONFIDENTIAL

UBER000063123.0003
UBER_JCCP_MDL_000043441.0003

P-00865.00004

# Sensitive Content Notice

The content around L3/4 Investigations of alleged interpersonal misconduct is **sensitive content!**

It is important to address the following:

> Agents who join the Investigations Team may receive, review and handle sensitive content around allegations of sexual misconduct.  This may include, but is not limited to, violence or injury of any severity, media containing graphic images or pornography, and media concerning reports of this nature relative to minors.

The sensitive nature of the content means it is imperative for us to have **open and honest** conversations about **Integrity** and **Resiliency**.

> This deck will outline the importance of maintaining Company and Individual Integrity - to protect the sensitive nature of the information and the unique emotional space of the reporting party.  How we respond to sensitive content is unique and deeply personal.  The reporter's emotional state may be heightened or diminished.  Resiliency resources are available to ensure the Investigator is holistically supported and safe in an understanding environment.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0004
UBER_JCCP_MDL_000043441.0004

## Slide 5 Notes

Integrity is defined (on a google search) as the quality of being honest and having strong moral principles.  Paramount to the quality of customer service is the integrity of the individual investigator -  how we handle and talk about the sensitive content entrusted to us by the reporter will define our individual and company integrity.  Even if we're speaking to friends or co-workers, it's not acceptable to joke or parody any allegation, especially that of sexual misconduct.

Resiliency is defined as (per Google search) 'the capacity to recover quickly from difficulties; toughness.'   It is important to know that there are resources and safe spaces to speak about the content of our sensitive investigations that doesn't breach privacy or integrity, and is focused on supporting the individual investigator.  Always feel free to review OneLogin for your benefits, and always know that your manager and the People Team are here to support you, too!

CONFIDENTIAL

UBER000063123.0005
UBER_JCCP_MDL_000043441.0005

# Sensitive Content Notice

The content around L3/4 Investigations of alleged interpersonal misconduct is **sensitive content!**

Important Note about this Guide:

> Throughout this deck, words like Sexual Misconduct, Sexual Assault and Sexual Harassment will be used in terms of their general meanings, which are not meant to supercede any definition or language in the Urgent Support Logic, on TeamDot, or in JIRA taxonomy.
>
> Generally speaking, Sexual Misconduct is the broader theme over Sexual Assault and Sexual Harassment.  Sexual Assault can encompass Harassment, and Harassment can involve Assault.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0006
UBER_JCCP_MDL_000043441.0006

# Highly Sensitive Investigations

*All* incident response requires careful handling and execution.

**Our role** for sensitive investigations is to gather facts, investigate and report on allegations relative to the application, while employing empathy to the reporter and sensitivity for the content being reported in a **#customerobsessed** manner.

It is important that we approach every investigation with integrity and without judgment, or subjective bias, especially where it concerns a highly sensitive report of sexual misconduct.  Support for any allegation of sexual misconduct should adhere to the guidelines outlined in this deck.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0007
UBER_JCCP_MDL_000043441.0007

# Highly Sensitive Investigations

An **Investigator**'s role is to gather information and make appropriate decisions regarding account status according to the Urgent Support Logic and in conference with stakeholders.

*Agreeing or assenting to the report of one party may be biased against the other party(ies).*

Please note, **confirming** a reported incident occurred, by words or written comms, is NOT part of our customer service experience.

It is the <u>opposite</u> of being customer obsessed to agree with, *sensationalize* or insert subjective bias to the report being provided.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

## Slide 8 Notes

The investigator's role is to gather information about the reported incident, report back to the stakeholders and recommend account actions based on the Urgent Support Logic and guidelines.

It is not a part of our customer service experience to sensationalize any report, insert our personal opinions or agree with a reporting party concerning the allegations.  It would not be objective investigating to confirm, by any words or actions, that the report occurred.

- e.g. Reporter says, XYZ happened. Investigator responds, That's horrible!
  - See guidance further on in this deck as to best practices and examples provided on language and tone.
  - Remember to reinforce the objective fact gathering as the primary role of an investigator.

CONFIDENTIAL

UBER000063123.0009
UBER_JCCP_MDL_000043441.0009

# Highly Sensitive Investigations

*Highly Sensitive Investigations* means that the information we're being **entrusted** with is critical, deeply personal and uniquely sensitive information.

*The Investigator must balance an unbiased investigating with developing a safe, judgement-free space for the reporting party!*

Avoid tones & words that might convey disingenuous empathy and/or insincerity.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0010
UBER_JCCP_MDL_000043441.0010

P-00865.00011

## Slide 9 Notes

As we will see in later slides, Tone and Language are hugely critical in Sensitive Investigation calls.  Our judgement, our individual perspective, and refraining from words that might validate someone's report, does NOT MEAN we should be **cold, clinical or insincere** in our tone or use of language - We want to develop a safe, supportive space for the reporting party who is entrusting us with critical, sensitive information.

CONFIDENTIAL

UBER000063123.0011
UBER_JCCP_MDL_000043441.0011

P-00865.00012

# Highly Sensitive Investigations

*What is Sexual Assault?*

*Defined* as any type of sexual contact or behavior that occurs without the explicit consent of the recipient, including rape, incest, sexual harassment, and molestation. Sexual assault is a violent crime.

Sexual assault and abuse can also involve:

- Exposing or flashing oneself in person or sending unsolicited explicit pictures
- Forcing a person to pose for sexual pictures
- Not allowing a sexual partner to use birth control or be protected from STD's
- Engaging in nonconsensual sexual activity with someone who is drugged, drunk, unconscious, sleeping, etc., ranging from taking explicit pictures to unwanted sexual touching above or under clothing to engaging in intercourse
- Coerced sexual acts by a boss, higher-ranking officer, teacher, or other authority figure

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0012
UBER_JCCP_MDL_000043441.0012

## Slide 10 Notes

**[SPEAKER VISIBILITY ONLY -** For reference, <u>Global SA Playbook</u>**]**

**What is Sexual Assault?**
Any unwanted sexual activity without consent, including rape, incest, sexual harassment, and molestation. Sexual assault is a violent crime.

Sexual assault and abuse can also involve:
- Exposing or flashing oneself in person or sending unsolicited explicit pictures
- Forcing a person to pose for sexual pictures
- Not allowing a sexual partner to use birth control or be protected from STD's
- Engaging in nonconsensual sexual activity with someone who is drugged, drunk, unconscious, sleeping, etc., ranging from taking explicit pictures to unwanted sexual touching above or under clothing to engaging in intercourse
- Coerced sexual acts by a boss, higher-ranking officer, teacher, or other authority figure

Other examples of sexual assault and abuse include: child molestation, statutory rape, sexting, marital or partner rape, voyeurism (for example a Peeping Tom), contact with a sexual part of another person's body without consent, date and acquaintance rape, sexual exploitation, and drug-facilitated sexual assault.

UBER000063123.0013
UBER_JCCP_MDL_000043441.0013

# Highly Sensitive Investigations

## *What Is Sexual Misconduct?*

Sexual misconduct is best described as any act of harassment, violence, or abuse between people, such as:

- Use of inappropriate and abusive language or gestures:
  - Asking overly personal questions
  - Using verbal threats
  - Making comments or gestures that are aggressive, sexual, discriminatory, or disrespectful
  - Commenting on someone's clothes, body, overall appearance, or asking probing questions unrelated to the ride
  - Discussing your own personal sex life, making sexual jokes or using explicit language
  - Unwanted contact with the driver or rider during or after the trip is over, like texting, calling, or visiting someone in person after a ride has been completed

UBER

Attorney-Client Privileged | Confidential

# Highly Sensitive Investigations

*What Is Sexual Misconduct, Cont'd?*

Sexual misconduct is best described as any act of harassment, violence, or abuse between people, such as:

- Any physical contact with or between drivers and riders:
  - Touching or flirting with other people in the car
  - Giving a driver or rider a hug, or placing a hand on someone's clothing or body
  - Hitting or otherwise harming a rider or driver
- Non-verbal conduct:
  - Winking, staring, leering, ogling or making other facial expressions
  - Displaying sexually suggestive objects, pictures or drawings
  - Approaching someone in a suggestive or threatening way after they get out of the car
  - Verbal threats of sexual physical violence.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0015
UBER_JCCP_MDL_000043441.0015

# Highly Sensitive Investigations

*What is Consent?*

Consent is the presence of a <u>clear yes</u> with regard to sexual activity (not the absence of a no). Consent does not include using physical force or verbal intimidation; being underage, **minors** are **not ever** deemed to give consent; or not being able to give permission due to intoxication -- whether voluntary or involuntary.

**Did You Know?**

There is a **no consent** policy on the Uber platform between riders and drivers. That means, no sex, no matter what.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0016
UBER_JCCP_MDL_000043441.0016

# Highly Sensitive Investigations

Reports of sexual misconduct that should follow the guidelines in this deck include reports of attempted or actual:

- Sexual Misconduct, including Sexual Assault & Harassment

**_Remember_**

Driver/riders may identify with any gender.  Do not assume the gender identity of an individual or reporting party.

Use gender neutral terms, like '_They_,' '_Them_,' and '_Theirs_,' when referring to the reporter and driver/rider until you are certain.  If uncertain, continue to use neutral terms.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0017
UBER_JCCP_MDL_000043441.0017

# Highly Sensitive Investigations

Talking & Writing about *Sexual Misconduct* in Sensitive Investigations can be… **Sensitive**!

- Use non-offensive terms (ie "genitals" vs specific part names)

- Use technical terms (ie digital penetration, forced oral copulation)

This training provides support for investigations concerning alleged sexual misconduct, providing information on ways to address sensitive content in an appropriate, conscious and healthy way.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0018
UBER_JCCP_MDL_000043441.0018

P-00865.00019

Attorney-Client Privileged | Confidential

# Talk Path



CONFIDENTIAL

UBER000063123.0019
UBER_JCCP_MDL_000043441.0019

P-00865.00020

# Talk Path: Standard Incident Response



CSR Introduction → Develop Rapport → Gather Information → Close Call

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0020
UBER_JCCP_MDL_000043441.0020

P-00865.00021

# Talk Path: Highly Sensitive Investigations



CSR Introduction → Sensitive Interactions with Reporters → Gather Information → Additional Support Resources → Close Call

Attorney-Client Privileged | Confidential

UBER

CONFIDENTIAL

P-00865.00022

UBER000063123.0021
UBER_JCCP_MDL_000043441.0021

# Talk Path: Highly Sensitive Investigations



**Differs from traditional incident response**

Attorney-Client Privileged | Confidential

UBER

CONFIDENTIAL

P-00865.00023

UBER000063123.0022
UBER_JCCP_MDL_000043441.0022



CSR Introduction → Sensitive Interactions with Reporters → Discovery & Research → Additional Support Resources → Close Call

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0023
UBER_JCCP_MDL_000043441.0023

## Slide 20 Notes

The CSR Introduction will follow the normal Investigative Talk Path.  Only where "Sensitive Interactions with Reporters" begins do we start to deviate from the traditional path into Highly Sensitive Investigations.

CONFIDENTIAL

UBER000063123.0024
UBER_JCCP_MDL_000043441.0024

# Initial Contact

*The initial contact will not greatly differ from a standard incident response call.*

## Outbound Phone Support

1. **Identify** who you are
   *"Hi (<u>first name</u>), my name is Laura.  I'm calling on behalf of Uber's support team. We received your email and wanted to reach out to gather some more information.  **Most importantly, we wanted to check on you**. Is now a good time?."*

2. **Alert** the rider or driver that the **call is being recorded.**
   *"Before we begin, our calls are recorded for quality and training purposes. May we proceed?"*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0025
UBER_JCCP_MDL_000043441.0025

## Slide 21 Notes

**[Mention]** It is <u>CRITICAL</u> that if a reporting party refuses to be recorded the Investigator <u>should proceed</u> with the call unrecorded and document JIRA appropriately.

- In the event a reporter refuses to record a conversation, the Investigator must ensure their notes are detailed and thorough about the information being provided. They must clearly document that the reporting party refused a recorded line.  The notes must be accurate to the best of the Investigator's ability.
- **Policy exceptions** should be well documented in JIRA and reviewed promptly with a Lead or Manager.  The Lead or Manager should <u>document JIRA</u> with a note approving the exception not just for QA purposes, but stakeholder awareness that a Manager is involved and has reviewed with you.

CONFIDENTIAL

UBER000063123.0026
UBER_JCCP_MDL_000043441.0026

# Tips for Setting Expectations

Explain to the reporter the **purpose** of the conversation.

*"We received a report concerning a recent trip and have launched an internal investigation."*

Provide an estimated time frame and overview.

*"I'd like to ask a few questions so I can get a better sense of exactly what happened.  If at any point you don't feel comfortable answering a question, please just let me know."*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0027
UBER_JCCP_MDL_000043441.0027

P-00865.00028

## Slide 22 Notes

From here, Sensitive Investigations will depart from the normal incident response call support process.

CONFIDENTIAL

UBER000063123.0028
UBER_JCCP_MDL_000043441.0028



UBER

CONFIDENTIAL

Attorney-Client Privileged | Confidential

UBER000063123.0029
UBER_JCCP_MDL_000043441.0029

P-00865.00030

# Sensitive Interactions with Reporters

First and foremost, **confirm the reporter is safe.**

**Ask**: "Are you in a safe place right now?"

If **yes**, continue with the conversation.

If **no**, find out what "safe" means to that person.

**Ask:** "You've said that you don't feel safe right now. Would you be able to tell me why?"

**Ask:** If safety is an immediate concern, ask, "If you're not feeling safe, is there someone you trust that you might consider reaching out to for support?  Perhaps Law Enforcement, a Friend or Family Member?"

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0030
UBER_JCCP_MDL_000043441.0030

## Slide 24 Notes

SAFE is a relative term.  What that means to you may be different than what it means to me!

We should first attempt to establish if the reporting party is **in a safe place** - whether they are in a public place and therefore not in a position to speak freely on the subject reporting, or if they are presently in a compromising or **unsafe situation** and need to redirect their concerns directly and immediately, whether to a resource like Law Enforcement, a Friend or Family Member.

By prioritizing the reporter's safety, not only are we beginning to ascertain the unique space of the reporter, but establishing rapport by demonstrating that their safety is of paramount concern.

If a reporter asks whether we can provide LE support by calling on their behalf or connecting them with local LE, please note that we are not in a position to communicate with LE on any party's behalf.  We may not want to continue the call as, if the reporter indicates they are *not* safe, it would impede their ability to reach out through existing structures of emergency response.

CONFIDENTIAL

UBER000063123.0031
UBER_JCCP_MDL_000043441.0031

# Sensitive Interactions with Reporters

Confirming the safety of the reporter might mean they can't provide detailed responses!

**If** the reporter indicates they're not in a safe space to speak about their report because of their present surrounding, in addition to asking if they would like a call back,

**Ask**:  Do you need me to ask Yes/No questions?

Additionally, verify if the rider is not only in a *safe space* to speak, but help reinforce the ***safe reporting space*** we create for our customers by ascertaining if they need to answer only Yes/No questions.

Attorney-Client Privileged | Confidential

UBER

UBER000063123.0032
UBER_JCCP_MDL_000043441.0032

# Sensitive Interactions with Reporters

Confirming the **safety of the reporter** is part of delivering the best customer service we can!

Throughout your conversation with the reporting party, especially if there's an indication the reporting party's surroundings are dynamic and changing, periodically check back in to ensure they're in a safe space.

The Investigator should use their best judgment to double check the reporter's safety during the call, not just at the beginning!

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0033
UBER_JCCP_MDL_000043441.0033

# Sensitive Interactions with Reporters

Appreciate the Sensitivity of the Report and Always Be Aware of the Safety of the Reporter

- Balancing unbiased fact-gathering & leading with empathy
  - Lead with Empathy!
  - Agreeing with a reporter is not a demonstration of empathy.
  - Ex. "*I'm so sorry to hear what you have reported.  Can you tell me a bit more about what happened?*" (**yes**) versus, "*They did what?*", "*That is totally unacceptable!*", "*Then what happened?*", "*Uh huh. Hmm. And then?...*"  (**no**)

- Listening & Framing, Tone & Language
  - Let the reporter tell their story **uninterrupted**...listen without judgement!
    - Gently guide the conversation back to the subject matter, if you identify a tangent.
  - Frame your questions in an **unbiased way** using **neutral and non-offensive language.**
  - It is important to remain **Calm, Cool & Collected**.

U B E R

Attorney-Client Privileged | Confidential

UBER000063123.0034
UBER_JCCP_MDL_000043441.0034

## Slide 27 Notes

[Mention] "<u>LEAD WITH EMPATHY</u>" - One of the first big things to lead with in an investigations call is **empathy**. "*How are you doing?*", "*What you're describing sounds [frustrating].  If you feel safe and comfortable, I would like you to tell me about your report.  Are you in a safe place right now to speak?  If not, is there a better time when I can reach out to you?....*" etc.

[1] An Investigations CSR must balance the needs of **unbiased fact-gathering** with demonstrating empathy.  Showing empathy doesn't mean an Investigator should necessarily agree with the statements made by a reporting party, but ask thoughtful and gently framed questions to understand the scope of the reported incident, while acknowledging and appreciating the emotion (courage, anger, sadness) with which the individual notifies us of an incident.

[2] Being attentive to the reporter can also mean letting them tell their story without interruption.  Be cognisant of tangents should the conversation begin to stray from the subject matter of the report. ***See following slides for examples on Tangents and best practices to re-direct.*** Take notes on what topics the reporter brings up, whether Media, LE, Background Check concerns, Legal Advice, General Company Policies, as that information could be informative to stakeholders.

[3] When communicating with a reporting party of an alleged sexual assault, **listen** to the reporter for cues on how you should <u>frame your tone and language</u>.

[a] A reporter of sexual misconduct may be in a particular emotional state at the time of the conversation.  Whether angry, sad, distraught, apparently neutral, or hostile, it is <u>critical</u> that an Investigator anticipate this, and prepare for the call accordingly.  Understanding that this party is coming from a unique emotional place, the Investigator must be attentive to any of the reporter's escalating tones or use of harsh/strong words.

[b] If a reporting party's tone/language begins to escalate, remember, keep your tone calm, use words that are neutral and not offensive or potentially aggravating.  If the other party is raising their tone, but the Investigator remains calm, cool and collected in their speech, the other party will likely recognize the disparity and attempt to compensate by lowering their tone down to the Investigators.

CONFIDENTIAL

UBER000063123.0035
UBER_JCCP_MDL_000043441.0035

## Slide 27 Notes (Continued)

[i] **BE CAREFUL!** Monotone or lack of inflection in your voice throughout the conversation may cause the other party to misinterpret your words and meaning.  Similarly, too much inflection could be off-putting and be perceived as insensitive to the reporter.  This may cause them to feel as though the Investigator is cold, unfeeling or lacking empathy.  Be cautious when lowering your inflection that it does not sound demeaning or demonstrative.

[4] Remember the 3 C's: **Calm, Cool & Collected**.  Frustration and anger are among some of the emotions easily noticed on a telephone call.  Similarly, impassivity, words or tones that signal lack of attention to the reporter could inhibit your ability to gather facts about the subject matter.

NOTE: **Terminating the phone call** is not acceptable unless there exists egregious support abuse,
- Yelling or raising one's voice, crying hysterically or becoming passionate on a phone call are NOT reasons to terminate a phone call.
- Reasons might fall into one of the following:
  - Verbal threats of physical harm against an Investigator, including demands or threats of personal space invasion (ie social media posting/stalking, demands for home/work location and information, threats or intimidating discussion of an Investigator's family life or family members, swear or cuss words directed at the Investigator (ie calling names, etc.)

First, try to refocus the conversation.  Softly appealing to a reporter is the best practice before early termination of a phone call.

**Know that decisions an Investigator may make to end a phone call because of verbal challenges with the reporter will be fully supported!  The Investigator is cared for and supported in their environment to make best decision, judgement calls in such times.**

CONFIDENTIAL

UBER000063123.0036
UBER_JCCP_MDL_000043441.0036

## Slide 27 Notes (Continued)

CONFIDENTIAL

UBER000063123.0037
UBER_JCCP_MDL_000043441.0037

P-00865.00038

# Sensitive Interactions with Reporters

Listening is **SO** important!

*What is Listening Without Judgement?*

- Listen with a clear mind!
  - Don't focus on ways to phrase or rephrase a response.
    - Listen and hear all of the content provided by the reporter.

- **Empathize in Elevated Ways**!
  - Be aware of any preconceived notions and judgements.
    - ie How did they react/respond vs what a "reasonable" person might say/do?

**U B E R**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0038
UBER_JCCP_MDL_000043441.0038

## Slide 28 Notes

Actively listening takes practice! It is SO important to Listen Without Judgement because the preconceived notions or judgements you might have will impact the way you respond to a reporting party - in tone and/or language.

When receiving the report of an incident, clear your mind - don't let your thoughts wander, and if they do, that's ok, gently bring them back to the subject at hand.  By focusing on best responses or phrasing, you're not focusing on the actual report.  The report will likely give you a wealth of information that answers questions like WHO, WHAT, WHEN, WHERE & HOW - all pieces of information you'll need to gather in the course of your investigation.  Later slides will address and discuss these types of questions, and best practices on framing/phrasing - but **Listening**, especially without **judgement,** is the very foundation of building rapport, creating/providing a SAFE SPACE for a reporter and gathering the critical information for your investigation.

### Comparisons are odious!

Comparing what one person has done, states they were inclined to do or felt they couldn't do at all, with what you believe a reasonable person in the same circumstances would do is NOT the way to listen.  In fact, we cannot make these comparisons or judgements as that directly affects the unbiased investigation by projecting your beliefs, your personal interpretation, onto someone else's personal experience.

Instead, clear your mind of all preconceived notions and judgements about the circumstances being reported.  Allow the reporter to tell their story in their own way and listen to what they tell you!

### Empathizing in Elevated Ways!
By beginning to try and understand that there are NO hard and fast rules about response to any type of trauma, we can start to ***empathize in elevated ways***, away from social stigmas, preconceived notions or judgements.

CONFIDENTIAL

UBER000063123.0039
UBER_JCCP_MDL_000043441.0039

# Sensitive Interactions with Reporters

*Why* listening is **SO** important!

- Create and Foster a Safe Space for Reporting

- Develop Rapport and Build Trust

- Empathize in Elevated Ways

- Thoughtfully Gather Critical Facts

*Why* is it important to listen without judgement?

- Reinforce the Safe Space for Reporting

- Avoid Creating Friction or Appearances of Discouraging Reporting

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0040
UBER_JCCP_MDL_000043441.0040

## Slide 29 Notes

[**Mention -** *Why* is it important to listen without judgement?]

Reinforcing the safe space we create while investigating highly sensitive content reports or misconduct (assault and//or harassment) is critical for the reporter's perception of how their report will be received.  Enough friction (of any kind) exists for a survivor of sexual assault (or assault, largely).  It is hugely important to avoid creating any further or unnecessary friction for a reporting party.

See the next slide for info on why sexual assault might be underreported.

CONFIDENTIAL

UBER000063123.0041
UBER_JCCP_MDL_000043441.0041

# Highly Sensitive Investigations

## Why Would Sexual Assault and Misconduct Be Under-reported?

The sense of blame and shame associated with sexual assault is often a driving force behind under-reporting. According to the US Bureau of Justice Statistics, other reasons survivors of sexual violence crimes did not report include:

- Feared retaliation
- Believed the police <u>would not</u> or <u>could not</u> do anything to help
- Did not want family or others to know
- Believed it was a personal matter
- Believed it was not important enough to report
- Fear of the US criminal justice system

Under-reporting is not just a US issue. According to the World Health Organization only 5% of adult victims in Latin America reported the incident to police.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0042
UBER_JCCP_MDL_000043441.0042

## Slide 30 Notes

There is NO RIGHT WAY to respond in tough situations.  There is no reason to suspect that a party's report is fraudulent because they either don't report something or delay reporting - for any number of reasons, all deeply personal and specific to the reporter.  **We must understand that the incident and the response to the incident is** ***entirely unique to the person involved.***

By beginning to try and understand that there are **NO** hard and fast rules about response to any type of trauma, we can start to ***<u>empathize in elevated ways</u>***, away from social stigmas, preconceived notions or judgements.

CONFIDENTIAL

UBER000063123.0043
UBER_JCCP_MDL_000043441.0043

# Sensitive Interactions with Reporters

**Focus on listening and gently guide the conversation:**

It is critical that a reaction to the disclosure of details, sometimes graphic, regarding allegations of sexual misconduct must be calm, gentle and without judgment. Take into consideration the seriousness of this type of report and the emotional place that party may be coming from.

Be thoughtful and sensitive about the tone of your voice and the way you frame questions.  Focus on the reporter's safety and wellbeing.  Actively listen to the story being conveyed, and remember to gather facts.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0044
UBER_JCCP_MDL_000043441.0044

## Slide 31 Notes

**[Mention]** Incident Response Investigators are **Brand Ambassadors, Front Line Educators and Trust Builders!**  A customer has entrusted us with information that is highly sensitive.  People who come to us may be in some of the worst moments of their lives, and your first role to them is to actively listen and take down the facts as they are relayed, while signaling to them in tone, words and actions that this is a safe place for the conversation and that you are the best point of contact to represent The Company who will guide them along this path.

CONFIDENTIAL

UBER000063123.0045
UBER_JCCP_MDL_000043441.0045

# Sensitive Interactions with Reporters

**Accepting** and **acknowledging** reporting parties are in a unique emotional space, the Investigator must always remember to reel the call back in if the reporter strays from the topic.

Example:  The reporter deviates from their rendition of loss facts to ask general questions concerning volume and frequency of reported incidents.

*Consider the following example:*

| Reporter Tangent | Agent Redirect |
|---|---|
| How many sexual assaults happen in UBER every day? | To respect the privacy of other reporters, I'm unable to share this information.  However, I have a few follow up questions on this report, if you would be amenable. |

The agent statement redirects by **a**) acknowledging the information being provided by this party is sensitive, **b**) clear and unequivocal statement related to our privacy policy (without actually stating "privacy policy"), and **c**) engaging them in the next steps, whether you have further questions or are setting expectations.

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0046
UBER_JCCP_MDL_000043441.0046

# Sensitive Interactions with Reporters

Reasons a reporter might feel unsafe or uncomfortable:

**Privacy Concern:**

If the reporter is not in a safe/appropriate space, invite them to arrange a different day/time to talk.  If their communications indicate they are unable to say one way or another, an Investigator may ask, *'are you able to get to a safe place?'*

- Remember, the reporter is in control of what happens to him or her, and they may feel uncomfortable engaging LE.

An Investigator may also say, '*If you're not feeling safe, consider reaching out to someone you trust for support.  Perhaps, a Friend, Family or Law Enforcement.'*

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0047
UBER_JCCP_MDL_000043441.0047

## Slide 33 Notes

**[Mention]** Though we are customer obsessed, it is important that the Investigator understand <u>we are not Law Enforcement and do not replace Law Enforcement notifications</u>.  If the reporting party indicates they are concerned for their safety they should be directed to established Law Enforcement channels, such as 911, or their local LE.

- **We are <u>NOT</u> in a position to alert LE of an issue on behalf of ANY party.**
    - For this comment, a third party means any partner, rider or third party (non-customer).

CONFIDENTIAL

UBER000063123.0048
UBER_JCCP_MDL_000043441.0048

# Sensitive Interactions with Reporters

Reasons a reporter might feel unsafe or uncomfortable:

**Physical Proximity to the driver/rider** - **Dropped off Somewhere Unsafe**

*Ensuring the reporter is safe is our absolute primary concern!*

*If the reporter indicates they feel/are unsafe, first ask if they are in immediate danger. Ask the reporter whether they would like to continue the call or contact another party for support, whether Friend, Family or Law Enforcement.  An Investigator may offer the reporter a call back in 5-10 minutes (or whenever appropriate) to follow up and check in on them.*

*LE will be in the best position to assist the reporter with any immediate safety concerns. Remaining on the phone with the reporter could impede their ability to notify emergency responders.  However, an agent may offer to call the rider back in 5-10 minutes, or at a reasonable later time, for a wellness check, if the situation warrants.*

U B E R

Attorney-Client Privileged | Confidential

UBER000063123.0049
UBER_JCCP_MDL_000043441.0049

## Slide 34 Notes

We are not in a position to encourage a reporter to seek LE intervention - but we can offer to contact them at a later time if they indicate they are not in a safe place.  The Investigator will need to make a best decision based on the call and determine if the call itself might be impeding the reporter's clear path to Support (Friends/Family) or Law Enforcement.

Law Enforcement is the very best resource for any imminent safety concerns the reporter might indicate.

CONFIDENTIAL

# Sensitive Interactions with Reporters

**Choose your words carefully.**

Thoughtfully prepare for the call.

Use of language - <u>Legal Do's & Don'ts</u>

Emphasize that you will be with this party through the process.

Words mean more than you think. Keep it unbiased and don't modify.

Stay away from explosive words (ie. *"That's deplorable!" or "Gruesome".*)

Do not be accusatory and do not imply blame.

Convey appropriate empathy while fact gathering.

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0051
UBER_JCCP_MDL_000043441.0051

## Slide 35 Notes

**[MENTION]**  A common struggle for an investigator is balancing the needs of empathy with the customer, while gathering facts and asking questions in such a way that is approved by legal and not likely to add liability to The Company.  This can seem very difficult, but actually isn't when you follow the tools available for best practices.  Reviewing the Legal <u>Do's and Don'ts</u> guideline will help an investigator prepare for a sensitive call.  Review the list of appropriate wording to understand the best way to couch a question or response.  Holding sessions to practice calls in light of these best practices may add support here.  Considering the nature of the allegations, it will be even more critical to take your queues from this list.

- Explosive Words are modifying words that describe or <u>sensationalize</u> the report in terms that don't originate from the reporter.  Implementing empathy in the call with a reporting party does not mean the CSR should modify or use descriptive words to agree with or relate to the reporting party.  We cannot understand how this person feels - each person is unique, and so are their feelings.

- For example, the reporting party states 'I was sexually assaulted,' and a CSR responds, 'That's deplorable'

  - The word 'Awful' is a modifier, a word the CSR comes up with to describe or label the reported incident that did not originate in the report. Even if the reporting party uses words like 'Awful', 'Abhorrent,' 'Disgusting,' 'Tragic,' 'Gross,' we must not implement such words in our responses.  Why?  It is **paramount** that we maintain an <u>unbiased</u> investigation *at all times*!

Emphasizing that you or a member of your team will be with this Customer throughout the process let's them know you're their advocate.  This helps to build rapport with the reporter that will in turn help to facilitate the information you need in order to appropriately address the investigation and report back to stakeholders.

It is critical that our investigations remain unbiased, fact-based - free from personal opinions and beliefs.  **Our role is <u>not</u> to get a confession or get to the truth** - we may never know what happened, and we weren't there.

The role of the Investigator:

CONFIDENTIAL

## Slide 35 Notes (Continued)

- Gather the information between the parties involved and determine the likeliest scenario in order to
- Properly action account statuses based on our Urgent Support Logic and
- Report fact-based information to stakeholders so they may perform necessary functions from their teams.

**[Example]**
Explosive words are those that sensationalize a report.  For example, a sexual assault is reported.  In response, on a recorded call, the agent states, 'That's Horrific!'

- <u>DON'T:</u> The word *Horrific* originates from the agent, not the reporter, and indicates a direct opinion about the content being reported by assigning a descriptor word that may alter the context of the action, in this case the alleged sexual assault.
- <u>DO:</u> An unbiased way to respond would be, 'What you're reporting is deeply concerning. Here's my role in this process… This is what you can expect from me… This is how we will support you…'

CONFIDENTIAL

UBER000063123.0053
UBER_JCCP_MDL_000043441.0053

# Language Guidance Examples

| 1 | Say This | Instead of This |
|---|----------|-----------------|
| | What you are reporting is deeply concerning. | Are you sure this actually happened to you? *Or* Are you sure you didn't want it to happen and are just feeling guilty? |
| | I appreciate you entrusting me with this information so we may continue our investigation. | But you're a guy so it must not have been that bad?! |
| | I'm so sorry to hear what you are reporting. | On behalf of the Company, I am so very sorry that this occurred. |
| | I will be your main point of contact throughout this process as we work to gather details so we can take the appropriate actions.  We support all official Law Enforcement requests for information directly through LERT@uber.com. | As I've said, we cannot arrest this person as we are not Law Enforcement...Calling the police and making sure this guy gets put away is something out of our hands. When will you be contacting Law Enforcement about this incident? |

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0054
UBER_JCCP_MDL_000043441.0054

## Slide 36 Notes

**[SPEAKER EXERCISE]** this could be highly interactive with the investigators.  One could remove the 'Say This' or 'Instead of This' and then switch/mis-match (perhaps on a printable worksheet) to break the investigators into small cluster teams to circle up and discuss with one another.

## Slide 36 Comments

1          language sounds dramatized and inappropriate.
           *Laura Hernandez,  9/15/2019 05:12 PM*

CONFIDENTIAL

# Language Guidance Examples, Continued

| Say This | Instead of This |
|---|---|
| We have placed a hold on the other party's account while we investigate this report. | We want to make sure we take this person's access off the platform completely. |
| We will ensure clear communication is provided to the other party concerning the results of our investigation, but I am not at liberty to discuss account actions beyond that. | We are very vague in telling them what happened. They think it's a problem with the system. |
| These are unique and personal decisions for which we're unable to provide guidance. | Rider asks Agent whether if she were in Rider's position would Agent call the police.  Agent response, "Yes I would." |
| Once we have gathered the information available concerning this report, we will be reviewing internally to determine appropriate account actions moving forward. [*Optional*Please expect to hear from us in XX-XX days regarding the status of our investigation.**] | I've also proactively prevented the pairing of you and this partner in the future. This partner shouldn't be able to receive trip request from you in the future. While, I can't provide exact detail on the action taken into Accused Party's  account due to our privacy policy, I can assure you that in the past we've ended partnerships for much smaller offenses. |

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0056
UBER_JCCP_MDL_000043441.0056

## Slide 37 Notes

[Mention] Examples of communications voice to voice with a reporting party.

A question the investigator will inevitably arrive at during the course of an investigation is whether to volunteer information that's not been requested - either directly or by requested by implication.

### NEGATIVE v POSITIVE:
In the last example under "Instead of This" the Investigator volunteers information in the negative… "*While I CAN'T provide exact detail…due to our PRIVACY POLICY…*" instead of telling the reporter what we CAN do, a response in the positive.

This example also highlights the investigator justifying the response in the negative by raising the data privacy policy. For a report of sexual misconduct liability, bringing up the data privacy rules <u>out of the blue</u> OR as a <u>justification for a response in the negative</u> is likely to aggravate the situation and/or potentially exacerbate emotions (sadness into anger, etc) for a reporting party already in that unique space we've been discussing.

This response is inappropriate for sexual misconduct liability claims (SML) - some important reasons:

- It's insensitive, irrelevant to the unique case at hand, volunteers information not requested, belittles their situation because the statement, 'much smaller', assigns an importance rating to the reported issue and is inaccurate.

- This statement indicates Agent classification of the issue type and reflects poor framing and tone deafness, like we've been discussing!

[Moderator Mention}
*** [tile 4/4, "say this" column] - The optional response indicating a timeframe to communicate would be "dependent on the interaction with that reporting party. In cases where a follow-up is requested, once we have completed the investigation, CSRs should conduct that follow-up." Use

CONFIDENTIAL

UBER000063123.0057
UBER_JCCP_MDL_000043441.0057

## Slide 37 Notes (Continued)

only the optional portion of this best-practice comment where a request is specifically requested in order to properly set the reporter's expectations.

CONFIDENTIAL

# Sensitive Interactions with [MINOR] Reporters

## Basic Principles:

In the United States, a person is of majority age at 18 years old.  All those under 18 are considered to be of minority age, otherwise known as a **Minor**.

Some General Knowledge on Minors:

- The Law indicates that Minors have a different legal capacity than adults to understand information and make informed decisions.

- A parent or legal guardian **must** authorize communication directly with the minor.  Hence, we cannot have conversations or conduct recorded calls directly with Minors, without their parent or legal guardian's <u>explicit (stated) consent</u> as it relates to these sensitive claims.

  - *Best Practice:* If a minor's parent/guardian consents to a conversation, set the expectation that the parent/guardian should remain on the line for the duration of the call.

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0059
UBER_JCCP_MDL_000043441.0059

## Slide 38 Notes

**[Mention]** Speaking with minors is ***incredibly*** sensitive territory for an investigator.  Not only is it legally inappropriate to discuss anything with a minor without their parent/guardian or legal representative, but it is <u>NOT THE RIGHT THING TO DO</u> - certainly, it is <u>not</u> aligned with our Company and Brand values!  There are corporate social and ethical responsibilities to consider, and you are not only our front-line brand ambassador, but the person most knowledgeable to this reporter who relies on your ability to correctly guide them through this process.

**NOTE:** UberTEEN escalated concerns of an L3/4 nature will be handled according to different guidelines.  Please refer to Matthew Baker for appropriate documentation.  TEEN is not specifically addressed in this deck.

CONFIDENTIAL

UBER000063123.0060
UBER_JCCP_MDL_000043441.0060

# Sensitive Interactions with [MINOR] Reporters

We **cannot** speak with a MINOR party without their parent/guardian or legal representative.

**IF** you identify the caller is a minor by your own reconnaissance or their admission:

- Advise the reporting party we will be unable to speak with them concerning the incident without their parent or guardian present on the line to provide their authorization to record (see the following language guidance for use here).  The parent/guardian must remain on the line.

**IF** you suspect the reporter to be a minor, trust your gut and <u>always</u> verify!

- At a natural pause in the conversation, ask: "*My apologies <u>reporter name</u>, but before we continue, would you verify your age and year of birth for me?*"

    - If the reporter asks, 'Why?!' say, "*That's an excellent question.  We need to make sure that all the appropriate parties are on this call as, in the event you are a minor, we will need your parents or guardians to give their permission to continue.*"

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

## Slide 39 Notes

If the Investigator suspects the reporting party is a Minor, it is incumbent upon them to ask the right questions to verify the caller's age before the call continues.

An Investigator DOES NOT HAVE TO END THE CALL if a reporter indicates they are a minor AND their parent/legal guardian is available to provide verbal authorization on the recording.  Verify the parent/guardian's first/last name and ask for their minor's full name.  Ask the parent/guardian to verify their account by name, phone number and email.

If a parent/guardian is unavailable, the Investigator should ask for a return call with the parent/guardian present in order to move forward.  Please note that time constraints around any investigation are irrelevant here - meaning, permission must be received before any continuation of the communication with a minor - whether it takes a week, two weeks etc.  If a protracted amount of time has passed, the Investigator should escalate to their leadership questions about next steps.

As Ronald Reagan said, 'trust, but verify'.  It's more than OK, it's IMPORTANT!

IF you SUSPECT the party with whom you're communicating is potentially a minor, you must verify their age before continuing ANY further line of questioning around the reported incident/accident.

When a natural pause arises in the conversation it's ok to ask a clarifying question in a polite and respectful way - say things like, 'excuse me,' or 'my apologies,' and always be sure to check your tone and inflection - the words themselves are not a concern, it's the tone you use when saying it that signals the other party to your meaning and, possibly, a presumption of your intent.  For example, '[Name here], my sincerest apologies for not having done this sooner.  Can you verify your age and date of birth for me?'

*If they ask why*, 'We must verify you're of majority age to continue our recording, but if you're not that's alright, too, we'll simply need a parent/guardian to come on the phone and clearly give permission to continue speaking with you on the recorded line.

CONFIDENTIAL



UBER

CONFIDENTIAL

Attorney-Client Privileged | Confidential

UBER000063123.0063
UBER_JCCP_MDL_000043441.0063

# Gather Information

Gathering information is crucial to understanding what happened. However, some questions could be interpreted negatively, if not correctly framed.

When asking follow-up questions, **choose wording that is not accusatory!** Phrases like "I don't understand what you're saying" or "Your story isn't making sense" would be rude and upsetting to the reporter.

Instead, consider using:
'*Thank you for sharing this. Do you mind providing more detail about …*'

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0064
UBER_JCCP_MDL_000043441.0064

## Slide 41 Notes

[Mention] Investigators need not follow the <u>exact</u> wording, but use this deck as a guide of helpful examples for best ways to frame the questions.

Here, the departure from traditional incident response is due to the sensitive nature of the allegations being made.  Because these topics are highly sensitive, so must our approach be sensitive and attentive.

CONFIDENTIAL

UBER000063123.0065
UBER_JCCP_MDL_000043441.0065

# Language Guidance Examples

| Say This | Instead of This |
|---|---|
| Thank you for sharing this information.  I want to make sure I understand. Would you mind if I ask a few follow up questions? | Listen, I don't understand because your story doesn't make sense. |
| Was Law Enforcement contacted and engaged? | Didn't you call the police?<br>Didn't you call for help? |
| Can you tell me what the conversation was like with the other party? | Didn't you demand to exit the vehicle or be dropped off?<br><br>Didn't you say no? |

**U B E R**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0066
UBER_JCCP_MDL_000043441.0066

# Gather Information

During the information gathering phase, ask the following:

| WHAT | *Do you feel comfortable to provide me with more information about what you've reported?* |
|---|---|
| WHO | *Do you feel comfortable telling me who was involved?*<br>*Was anyone else with you or the partner/rider during the incident?*<br>*Has law enforcement been contacted?* |
| WHEN | *Did the incident take place on a specific trip? If not, can you tell me when?* |
| WHERE | *Did the incident happen in the vehicle? If not, can you tell me where?* |

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0067
UBER_JCCP_MDL_000043441.0067

# *Keep the following in mind …*

- **Acknowledge** the reporter

- **Do not push** the reporter to share

- **Listen** *without* judgement

- **Don't** ask why

- **Set** the right expectations for next steps in the process

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0068
UBER_JCCP_MDL_000043441.0068

P-00865.00069

## Slide 44 Notes

**[Mention]** If the reporter pushes you for answers on what you (The Company) will do for them, it's always a best practice to reiterate your role instead of making promises you may not be in a position to make/keep.  In this scenario, tone is of great importance to diffuse a potentially [emotionally] charged conversation.

- For example, the reporting party says, "What is Uber going to do for me?", "What is Uber going to give me?", "How are you going to compensate me?", "Is Uber going to pay me?"

- An appropriate response from the Investigator would be, "...Thank you so much for your report.  My role in this process is to gather information about the reported incident. I will promptly convey your questions and concerns to our stakeholders. We will be reviewing this matter internally and respond as soon as practical."

CONFIDENTIAL

UBER000063123.0069
UBER_JCCP_MDL_000043441.0069

# Acknowledge the Reporter

Let the reporter share their story **in their own words.**

Be careful about paraphrasing and *remember* to listen without judgement or preconceived notions!

- Sexual misconduct is an <u>extremely personal</u> experience. A reporter may misinterpret paraphrasing as an attempt to generalize or belittle their experience.

Paraphrasing could be construed as insensitive, sensationalizing a sensitive report, putting one party in a more favorable light than the other or be perceived as blaming the reporter for the incident. *Always be conscious of remaining objective!*

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0070
UBER_JCCP_MDL_000043441.0070

## Slide 45 Notes

**[Mention]** The best tool any investigator has is **listening!** First let the reporter tell their story in their own words as they experienced it.  While the reporting party is giving you their report, take note of key facts, circumstances, timelines so as to ask informed and direct questions.  Do not interrupt the reporter unless the conversation has gotten off topic.  Information further in this deck will provide good examples and framing for redirecting a conversation when the Investigator identifies a potential tangent.

Helpful Investigative Tip:
Mute your phone when someone is speaking!  Be ready to unmute yourself in a prompt fashion.  Keyboard clicking and environmental sounds are easy to pick up on and potentially distracting to the reporting party.  It's ok to let the reporter know that you'll be on mute, attentively listening, but want to ensure the environmental noise doesn't bother them.  **REMEMBER** - the space we provide for parties reporting incidents and accidents is critical to our customer service.

CONFIDENTIAL

# Language Guidance Examples

| Reporter States | Say This | Instead of This |
|---|---|---|
| I was grabbed inappropriately on my thigh and held against my will. | Thank you for sharing this information.  Are there any other details you wish to provide? | So he touched you a bit, didn't leave any marks and then you went home. |
| I was barely awake and next thing I knew he was on top of me. | Do you feel comfortable telling me what happened next? *OR* Was Law Enforcement engaged in this reported incident? | You allege that you were highly intoxicated and so you couldn't defend yourself? |
| Last night the driver was saying inappriate things to my daughter, who is under 18, and that I am outraged.  I want action. | Are you comfortable telling me about the conversation you're reporting? | Your daughter and the driver were discussing explicit content. Please note that Minors are not permitted to use the application alone.  Your account will be banned because of this information. |

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0072
UBER_JCCP_MDL_000043441.0072

## Slide 46 Notes

*[NOTE FOR MODERATOR] This is an excellent opportunity to engage the Investigations training group to identify some core issues with the troublesome statements under 'Instead of This' and the compare against some of the concerns we identify, as outlined below.*

**[Mention]:**

Row 1, 3rd Box [1/3]: Modifying the report by paraphrasing, the agent has classified the touching on a severity scale ('a bit') where the reporter never discussed the degree to which they'd been touched.  This response communication can be perceived by a reporter as belittling their experience or conveying lack of empathy on behalf of the Company.

- Paraphrasing isn't always appropriate.  This one can be avoided entirely where the Investigator acknowledges and appreciates the information provided and then asks for any further details that might assist in their investigation - anything the reporting party feels comfortable sharing.

[2/3]: The reporting party made NO mention of intoxication.  The Investigator response under 'Instead of This' assumes facts not provided by the reporter, sensationalizes it by modifying 'intoxicated' to 'highly intoxicated' and frames the question in a manner that could be perceived as accusatory.

- Again, it's not necessary to paraphrase this statement.  It's ok to continue the conversation by asking clarifying questions and seeking information relative to the issue.  Two redirects were proposed here, *ie Do you feel comfortable telling me what happened next?* and *'Was LE engaged in this reported incident?'*.

[3/3]: Let's review the paraphrased response piece by piece.
- *'Your daughter and the driver were discussing explicit content.'*
  - This statement indicates the conversation was cooperative between the two parties.
  - This statement introduces "explicit" where the *'inappropriate things'* was not qualified by the reporting party.

CONFIDENTIAL

## Slide 46 Notes (Continued)

- *'Please note that Minors are not permitted to use the application alone...because of this information.'*
  - The reporter comment does not address who or how many people were in the vehicle at the time. The agent makes an ASSUMPTION that the minor rider was unaccompanied.
  - A reporting party may perceive their account has been actioned as a result of making the initial report. Because the agent made ASSUMPTIONS and actioned the rider account by banning them, without asking any questions, the reporting party may subsequently react in ways they otherwise would not have (ie media exposure, retaining an attorney, etc).

CONFIDENTIAL

UBER000063123.0074
UBER_JCCP_MDL_000043441.0074

# Do Not Push the Reporter to Share

While it is important that we gather information, our #1 priority is to ensure the reporter feels comfortable and supported in the channel of reporting that we're providing. Let them know that it's OK if they don't feel they can answer a question - right now might not be the best time, we can always come back to it.

Sharing details about sexual misconduct can be a challenging experience to the reporter.

Respect the boundaries of a reporter and **do not press them to share** if they indicate or you detect discomfort.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0075
UBER_JCCP_MDL_000043441.0075

# Don't Ask Why

During the Investigative process for a **standard customer complaint**, we sometimes try to ascertain the motivation behind the reported incident.  But when providing support to a rider or partner who *reports* a sexual misconduct, it is **never** okay to ask the reporter to explain why.

Asking the reporter 'why' the event happened may be perceived as blaming them for what happened instead of attempting to understand the sequence of events.  Attempt to gather as much information as possible.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0076
UBER_JCCP_MDL_000043441.0076

## Slide 48 Notes

**[Mention]** This is the most important occasion to remind the Investigator about who we are as a Company, and as a Culture.

First and Foremost, the Investigator's objective is __NOT__ to illicit a CONFESSION from anyone.  We are not Law Enforcement, and a confession is *WELL OUTSIDE OF OUR SCOPE.*   The kinds of conversations we have internally about the role of Investigations will very much create an impression for the Investigator who then communicates externally with third parties.   Investigators will take their cues from the ways in which leadership/stakeholders discuss the investigations process.  Trainers, Team Leads, Managers - all leadership - should actively discourage any notion that the goal of any Investigation is to secure a confession, obtain the truth or do anything other than gather facts and information, report back to stakeholders, and follow appropriate policies for account actions.

Though our objective is NOT to get a party's confession *BUILDING RAPPORT* with a reporting party is the best practice to see them comfortable and in a conducive environment to entrust their sensitive information to the Investigator.

**[SAY]** Every single person at this Company, the Investigator included, comes to work every day to help make **transportation reliable and improve our cities!** We are deeply committed to the safety of all those who use our services.  What reporting parties are alleging may go against those core values.

- These reports may show that a party was or could have been intoxicated at the time of the reported incident.   Under **NO CIRCUMSTANCE** should an Investigator say, write or convey that a party who is intoxicated when a reported incident allegedly occurs is (any iota) responsible for a sexual assault.

***A fundamental requirement of this position as an Investigator is that you maintain the utmost integrity, both inside and outside of the office, as it pertains to the alleged incidents.  There is a code of conduct required of every Uberetto at this Company.  Joking in the office, making inappropriate comments regarding a reported incident to a fellow Uberetto, posting to social media comments parodying a sexual assault allegation are **unacceptable** practices.***

CONFIDENTIAL

UBER000063123.0077
UBER_JCCP_MDL_000043441.0077

## Slide 48 Notes (Continued)

CONFIDENTIAL

UBER000063123.0078
UBER_JCCP_MDL_000043441.0078

# Don't Ask Why!

| Reporter | Say This | Don't Say This |
|---|---|---|
| I assumed the car that pulled up was my Uber driver. I got in the car and was sexually assaulted on trip. | Were you able to capture any identifying information on the driver or vehicle? Perhaps a license plate, name or phone #? | Why didn't you check the license plate before getting in a random car? |
| I did what they told me to do. | Can you tell me about the conversation?  Were there any specific comments made by you or the other party? | Why? Wasn't there an opportunity to get out of the car, to scream or fight back? |

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0079
UBER_JCCP_MDL_000043441.0079

P-00865.00080

## Slide 49 Notes

[*NOTE FOR MODERATOR] This is another opportunity for an engagement with the class to mix-match the phrases under say this/don't say this.*

CONFIDENTIAL

UBER000063123.0080
UBER_JCCP_MDL_000043441.0080

Attorney-Client Privileged | Confidential

# Navigating Phrasing



CONFIDENTIAL

UBER000063123.0081
UBER_JCCP_MDL_000043441.0081

P-00865.00082

# Navigating Phrasing

*Throughout this deck, we have provided 'Helpful Language Guidance Examples'.  Here is a recap of some good examples.*

| | | |
|---|---|---|
| I appreciate you entrusting me with this information so we may continue our investigation.  I want to make sure I understand.  Would you mind if I ask a few follow up questions? | The information you're providing is greatly helpful. We're unable to speak with you on other investigations.  However, I have a few follow up questions on this report, if you would be amenable. | I will be your main point of contact throughout this process as we work to gather details so we can take the appropriate actions.  We support all official Law Enforcement requests for information directly through LERT@uber.com. |
| What you are reporting is deeply concerning. | Are you comfortable telling me about the conversation you're reporting? | These are unique and personal decisions for which we're unable to provide guidance. |

*Please also refer to the Legal Do's and Dont's as a resource.*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0082
UBER_JCCP_MDL_000043441.0082

# Navigating Phrasing

**When speaking with the reporter, avoid the following ...**

**Expressions that downplay their experience**

*'This doesn't sound like an experience that warrants reporting.'*

*'While this experience was unfortunate, it doesn't sound like sexual assault.'*

*'Please stop crying. This isn't worth crying over.'*

*'You're going to be fine.'*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

# Navigating Phrasing

*When speaking with the reporter, avoid the following ...*

**Phrases that indicate you do not believe the reporter**

*'You mentioned you had been drinking, are you sure that the details you gave are accurate? Is it possible you were too drunk to remember?'*

*'Your story doesn't make sense' or 'That doesn't sound plausible'*

*'The details you shared with me aren't exactly consistent.'*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0084
UBER_JCCP_MDL_000043441.0084

# Navigating Phrasing

**When speaking with the reporter, avoid the following ...**

**Reactions that evoke powerlessness**

*'There's nothing else we can do.'*

*'We can't help you further.'*

**U B E R**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0085
UBER_JCCP_MDL_000043441.0085

# Navigating Phrasing

**When speaking with the reporter, avoid the following ...**

**Implied blame**

*'If you had a bad feeling about the driver, why did you get in the car?'*

*'Why did you sit in the front seat?'*

*'How much had you been drinking?'*

*'Why did you give the driver your phone number?'*

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0086
UBER_JCCP_MDL_000043441.0086



CSR Introduction → Sensitive Interactions with Reporters → Gather Information → **Additional Support Resources** → Close Call

UBER

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0087
UBER_JCCP_MDL_000043441.0087

# Additional Support Resources

The decision to report sexual misconduct or seek medical attention is **highly personal**.

It is not the role of the CSR to encourage or discourage the reporter from reporting the incident to the police or seeking medical attention.

Rather than encourage or pressure a reporter to take further action, inform them that **help is available if they choose to seek it.**

**IF** a reporter requests further information on available resources, only then should the Investigator provide reference to critical support organizations, such as RAINN or a Suicide Prevention Hotline.

UBER

Attorney-Client Privileged | Confidential

## Slide 57 Notes

[Mention] See the next slide for examples on when a rider actively reaches out.

[Mention] JIRA should accurately reflect the conversation with this reporter, in detail.  Notes should indicate the context of the conversation under which the Investigator provided reference to critical support resources.   Also mention it is not the CSR's role to be a mentor, medical professional, counselor, or LE.

CONFIDENTIAL

UBER000063123.0089
UBER_JCCP_MDL_000043441.0089

# Additional Support Resources [Case Study]

## U.S. Central & Canada - L4 - Non-Consensual Intercourse

### Saved Reply [1]:

"_____ here with Uber's Incident Response Team. First and foremost, your safety is important to us.  Thank you for bringing this report to our attention, and for speaking with me over the phone. I cannot begin to express how sorry I am to have heard about the situation you described.

I've done some research and there may be third-party resources that are helpful.  Please let me know if you are interested and I would be more than happy to share it with you.

At this time, we want you to know that the driver has been removed from the app as we continue this investigation. Upon completing our investigation, we will evaluate whether this driver will be able to access the Uber application in the future.



**Reporter's Reply**

UPDATED CONTACT STATUS TO OPEN ✓

Yes im interested in whatever resources you suggest

### Saved Reply [2]:

"_____ here again. Please find the information below:

RAINN is a third-party anti-sexual assault organization working with local assault crisis centers across the U.S which also has a web-based crisis hotline providing live and anonymous support. They can be reached 24/7 via phone call at 1-800-656-4673 as well as through their live online hotline on www.rainn.org.

Please let us know if you have any additional questions. We're here to support.

Kind regards,"

**U B E R**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0090
UBER_JCCP_MDL_000043441.0090

## Slide 58 Notes

**[CRITICAL NOTE]** This case study exemplifies the best practice for referring a reporter to a resource following an allegation of sexual misconduct - whether in writing or over the phone.  The example above is in writing, but <u>please follow up</u> with your lead/manager/training before sending any written comms to this effect for the latest approved policy on handling.

The saved reply [1] is the optimal language to use for the reported incident-type.  We should not proactively offer RAINN or any outside resource, but reactively provide information as a resource only to someone who requests it or is making inquiries that are more suitable for a qualified trauma support service.

- Why? One might ask, would we not want to proactively provide this information. From a variety of different perspectives:
    - Offering up an outside resource, such as RAINN, might lead a reporting party to take further legal action against the Company.
    - Given a third party resource, we don't know or control the extent of the Third Party Resource's messaging in order to guarantee whether it will be appropriate for the reporter.
    - Lastly, if the experience goes poorly with a Third Party Resource, the reporter may place blame against the Company and/or it could be alleged that we undertook a duty in sending them there.

- We can always offer up our willingness to work with Law Enforcement to express a desire to help and this practice does not lend itself to the same concerns as a third party trauma resource.

CONFIDENTIAL

UBER000063123.0091
UBER_JCCP_MDL_000043441.0091

# Additional Support Resources - International

**INTERNATIONAL SUPPORT**

Always provide a resource for additional support.

For international incidents, click here for a list of resources of <u>international helplines</u> you can share with reporters.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0092
UBER_JCCP_MDL_000043441.0092



UBER

CONFIDENTIAL

Attorney-Client Privileged | Confidential

UBER000063123.0093
UBER_JCCP_MDL_000043441.0093

# Close the Call

After gathering information and offering additional assistance, the conversation should naturally come to close.
Keep the following in mind when closing a call:

1) **Show appreciation**
   Phrases like 'Thank you for sharing with us' help to convey to the reporter that we *want* to hear their story, we're interested and appreciate them.

2) **Do NOT give advice**
   The decision to seek additional help, representation or medical attention is personal. <u>Do not</u> use phrases like "You should report this" or "You should see a therapist", etc.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0094
UBER_JCCP_MDL_000043441.0094

## Slide 61 Notes

**[Mention]** RE Point 2) We must be very conscious about not providing advice of any kind as it completely defeats the unbiased investigation. Advice on medical attention, attorney representation, seeking additional help is **not** our role.  This goes back to knowing what our role is while being aligned on our cultural values of #customerobsession!  We cannot be customer obsessed if we're biased against one party because of an allegation.

Helpful responses to common questions by reporting parties:
- For example, a reporting party says, "Should I go to the Doctor? Will Uber cover my bills?"
- An appropriate response to those questions would be, "You know your body the very best, and we're not in a position to provide this type of advice. But, please feel free to keep us updated, if you feel comfortable in doing so."
- Insurance related questions should always be referred to an "insurance adjuster" or "[The] Insurance Team".  An appropriate response, "I am unable to address that question myself, but I will promptly route your inquiry to our Insurance Team for priority (or further) review."
  - If the Investigator has the information on a claim already submitted to the insurance partner(s), as per a note on the JIRA from an Insurance Team Advocate, please gather the claim information and advise the reporting party that 'any/all insurance inquiries should be addressed directly to your adjuster.'  Please provide the claim and adjuster information.  If not available, please reach out to any of the Insurance Team Advocates for assistance.

**Do not** use words like, "Unfortunately" before these statements. It is *not* unfortunate that we cannot advise one way or another.  An Investigator is not a qualified professional in their capacity as an Investigator to give medical, legal, insurance or any other type of advice to any party, regardless of the request or how the reported incident.

CONFIDENTIAL

UBER000063123.0095
UBER_JCCP_MDL_000043441.0095

# Close the Call

**Consider the following phrases when closing a call:**

*'Thank you for telling me about this.'*

*'We are here to help you as best as we can. Is there anything further I can assist you in at this time?'*

*'Before we conclude our recording, was there any other information we may not have covered that you think would be important to our Investigation?'*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0096
UBER_JCCP_MDL_000043441.0096

## Slide 62 Notes

**[Mention]** Make sure to leave room for the reporting party to share any other pieces of information they believe would be helpful to your investigation.  Accept any further perspective provided, indicate your appreciation for entrusting you with the information and ensure you set their expectations for what comes next.  Reporters can experience frustration if they don't know what to expect, how to move forward, whether they should prepare for more questions, etc.  Setting appropriate expectations can also have the effect of giving someone a sense of ease and confidence about the handling abilities and knowledge of the Investigator.

CONFIDENTIAL

UBER000063123.0097
UBER_JCCP_MDL_000043441.0097

# Close the Call

Recorded statements with a party can be concluded after the reporter has shared their information concerning an event.

- The Investigator *does not* necessarily have to end the call at the same time as the recording.

It is OK to end the recorded call about the loss facts, and then walk the reporter through the next steps in the process and properly set their expectations.

- [Call Recording Ended] *Thank you so much for speaking with me, [name]. Here's what you can expect as next steps in this process…Of course, you may always reach me at XXX-XXX-XXXX.  My hours are M-F, 9-5pm PST.  If you leave a message, I will make sure to get back to you as soon as practical.  Would you be comfortable with me reaching back out should we have any additional questions?*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0098
UBER_JCCP_MDL_000043441.0098

# Language Guidance:  Close the Call

| Say This | Do not say This |
|---|---|
| Thank you for providing this information. | I hope you will move forward with legal action against this driver. Intoxicated individuals cannot consent. |
| This information will assist us in our investigation so we can determine if this individual will continue to have access to the Uber App. | I encourage you to seek medical attention for your trauma. |
| We record our calls for training and quality assurance. | We recorded you in case you change your story later. |
| What I can do is send you the information concerning our Third Party Data Request guidelines via email.  Is *na@na.com* the best email to use? | We don't provide that information unless you have an attorney and go to court to subpoena the information. |

U B E R

Attorney-Client Privileged | Confidential

Attorney-Client Privileged | Confidential

# Reminders



CONFIDENTIAL

UBER000063123.0100
UBER_JCCP_MDL_000043441.0100

P-00865.00101

# Keep in Mind …Uber Policy Still Stands

Although we want to help reporters, in so far as we can, we **must not** violate Uber policy under any circumstance.

*Please note that requests for data from authorities should be directed to your LERT outreach channel or equivalent team.*

*Example*
**Situation** → *reporter asks for name of partner/rider (partner) so they can press charges*

**Policy** → *Our privacy policy precludes us from releasing personally identifying information with anyone except the account holder.  Law Enforcement Authorities may request data from the authorities should be directed to LERT@uber.com.  A member of this team will assist with the request and provide all necessary information.  Third Parties may also request data according to our Third Party Data Request guidelines found here which provides information on Uber's registered agents and the time of data we have.*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0101
UBER_JCCP_MDL_000043441.0101

## Slide 66 Notes

**[Mention]** As a Company and as a Culture, we have certain specific obligations to protect the personally identifying information of our Customers. In the same way that you cannot ask for someone else's credit card information registered on the application, you cannot request someone's full name, email, phone number, license plate # or VIN.  The appropriate channel to gather this information for third party reporters (Riders, Partners or Third Parties) is the Third Party Data Request guidelines that can be found **here**.  LE inquiries should all funnel through <u>LERT@uber.com</u>, as outlined above.

- It is critical that the Investigator remain vigilant about what information they have, can share and, more importantly, <u>cannot</u> share.  Third Party data request guidelines require a subpoena for the information if the third party requesting said information is not a Law Enforcement authority.

CONFIDENTIAL

UBER000063123.0102
UBER_JCCP_MDL_000043441.0102

# Q&A | Data Privacy Policy

*Question [1]*:
'But! If we share the third party data request guidelines, aren't we pushing these parties to file a lawsuit in order to subpoena information?'

*Answer [1]*:
No. This is an outward facing resource published on The Company's website providing information to third parties who request information.  Remember, we cannot advise a party whether to seek or retain an attorney, but we are providing the requesting party the clearest path to resolution of their inquiry by providing this information.

*Question [2]*:
'The reporting party yells at me that we're not cooperating.  I perceive this is an emotionally charged response from the reporter given the report. How should I handle?'

*Answer [2]*:
Excellent question!  Acknowledging a party is frustrated and the call is emotionally charged is even more reason that the Investigator should, in tone and words, remain calm and hear the party out.  There is no need to terminate a call prematurely with a reporting party because they become vocal.  Keep your tone calm and soft.  The other person will naturally recognize the disparity in your tones and attempt to compensate by lowering their voice.  Let the person know you understand their request for this information, and that the very best way you will be able to assist is by providing them the necessary resources to facilitate their request.

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0103
UBER_JCCP_MDL_000043441.0103

## Slide 67 Notes

*We maintain the highest standard of privacy for all of our customers, including your privacy.*

CONFIDENTIAL

UBER000063123.0104
UBER_JCCP_MDL_000043441.0104

P-00865.00105

# Keep in Mind …

## Not Every Question Needs an Answer

Reporters may have recently gone through a traumatic experience and may have questions that we cannot or should not answer.  It's okay to explain our privacy policy precludes us from providing that information, *if* that's appropriate to the conversation.  It's also OK to say you don't have the answer.  If it's something that can be followed up on, you can indicate the same.

Knowing about and being familiar with of our privacy policy is **critical!** Even more than that, <u>every</u> Investigator is expected to know and understand the parameters of our privacy policy in order to best support our customers.  See <u>here</u> to review.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0105
UBER_JCCP_MDL_000043441.0105

## Slide 68 Notes

**[Mention]** The investigator doesn't always need to lead with the privacy policy.  In fact, the tendency for the statement to be off-putting is more likely than not.  But remember, not every question needs an answer.  It's ok to say you don't have the answer.  Additionally, it's ok to say you're not going to answer that…. (ie reporter demands the last name of the Investigator, the reporter uses the current media environment to ask the Investigator sensitive, irrelevant questions, etc).

CONFIDENTIAL

UBER000063123.0106
UBER_JCCP_MDL_000043441.0106

# Example

**Rider Says -**
"How often does this happen?"

**Example Reply -**
*"What you've reported is incredibly concerning.  My concern is you and your experience."*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0107
UBER_JCCP_MDL_000043441.0107

# Example

**Reporter Says -**
"How or why did this happen to me?"

**Example Reply -**
*"What you've reported is incredibly concerning.  We deeply appreciate that you've entrusted us with this information.  However, I am not in a position to speak on that.  I can say, we are investigating this matter as a priority.  At the conclusion of this investigation, we will action the account status of the involved parties appropriately and support any LE or Third Party Data Request accordingly."*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0108
UBER_JCCP_MDL_000043441.0108

## Slide 70 Notes

If there is additional follow-up or push-back, at that time we could offer up the hotline:  "If you are interested in speaking with someone, we have information on available resources where you can speak with trained specialist about these questions."  Allow the reporter to answer!

- If **YES**, "Absolutely, and right away.  I have here the number for the National Sexual Assault Hotline [**or insert resource name here**]. They have a telephone hotline and chat program where you can speak with trained specialists. It's free, confidential and available to you 24/7."

- If **NO**, "We understand, and thank you for sharing this info with me.  I am not in a position to address this question."

CONFIDENTIAL

UBER000063123.0109
UBER_JCCP_MDL_000043441.0109

# Example

**Reporter Says -**

"How many trips has this driver taken?"

**Example Reply -**

*"I'm not able to address that information with you directly. However, our team supports data requests for information by Law Enforcement authorities.  We also have Third Party Data Request guidelines for third party requests.  Would you like me to provide you with those resources?"*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0110
UBER_JCCP_MDL_000043441.0110

# Example

**Reporter Says -**
"I need to know that this driver is fired. I want to hear back from you about how Uber will make sure this doesn't happen to anyone else"

**Example Reply -**
*"I want to assure you that we are deeply committed to the safety of our Customers.  We take reports of these incidents very seriously. While I am unable to discuss the outcome of our investigation, I can assure you that we have placed the party's [partner's/rider's] account on hold while we investigate further.*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0111
UBER_JCCP_MDL_000043441.0111

## Slide 72 Notes

First, confirm the accused party's account is on hold before sending written comms or making representations to a reporting party that the accused party does not have access to the application.

CONFIDENTIAL

UBER000063123.0112
UBER_JCCP_MDL_000043441.0112

Attorney-Client Privileged | Confidential

# Self-Care for Agents



CONFIDENTIAL

UBER000063123.0113
UBER_JCCP_MDL_000043441.0113

# Your Well Being & Self Care

Reactions to sensitive, potentially upsetting reports are unique, just like you! There is no 'normal' reaction.  If you experience any of the following or other responses to this content that you want to address, there are resources available.  There will always be a safe space for you to talk.  Here are some ways to help identify those reactions:

## Disbelief

It's common for those interacting with reporters to experience denial. This can be a coping mechanism. Rather than questioning the reporter's story, focus on gathering the facts and supporting them by conducting a thorough investigation.

## Anger

You might feel angry after hearing about a traumatic incident. Be careful not to let anger affect the way you communicate. Instead, acknowledge the emotion and utilize available resources to address these feelings.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0114
UBER_JCCP_MDL_000043441.0114

P-00865.00115

# Your Well Being & Self Care

## Anxiety
You may feel anxious about responding the 'right' way. These are the most powerful messages and helpful messages for a reporter to hear.

## Confusion
You might not understand how a reported assault could have happened or why it would happen. Although you may feel confused, always focus on being objective and conveying appropriate empathy.

**UBER**

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0115
UBER_JCCP_MDL_000043441.0115

# Your Well Being & Self Care: Resources

Your holistic well-being is of utmost importance.  Prioritizing your well-being can help you maintain focus and remain calm.

**Maintain your lifestyle** - Continue to do what you enjoy.  Make sure you have a positive work-life balance.

**Talking is OK!**  - If you are experiencing challenges processing details concerning a sexual assault report, there are specialized resources available for you.  Speak with your HR rep for further details.  Channels of communication will include phone, computer, and in-person.

Additional Resources:  In the US, call the National Sexual Assault Hotline (800.656.HOPE). International agents can check here for additional resources.

**Take time to relax** - Set aside time to relax or meditate in whatever way works best for you.

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0116
UBER_JCCP_MDL_000043441.0116

## Slide 76 Notes

**[Mention]** Employee resources for health and well-being care are made available in one central location by HR, OneLogin/Teamdot.  Please refer any questions/concerns regarding content concerns to your Lead, Manager.  Additionally, please navigate to your benefits center through OneLogin to review and better understand your medical benefits, such as LYRA.

CONFIDENTIAL

UBER000063123.0117
UBER_JCCP_MDL_000043441.0117

# Your Well Being & Self Care: Resources

Your holistic well-being is of utmost importance.  Prioritizing your well-being can help you maintain focus and remain calm.

**It's OK to Ask for Help!**

If you are feeling overwhelmed, upset, or just not quite yourself please *reach out and talk to someone*.  Resources are available to assist you!

Please navigate to workday and review your benefits.  You may also speak with your Manager, Lead, if you're comfortable.  Teamdot HR resources, including anonymous reporting, can be found here.

Employee Wellness Resources: Lyra Mental Health Services
Also See:  **uber.lyrahealth.com**

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0118
UBER_JCCP_MDL_000043441.0118

## Slide 77 Notes

UBER will make reasonable efforts to accommodate CSRs who do not actively apply/interview for a position as an Investigator.

UBER000063123.0119
UBER_JCCP_MDL_000043441.0119

P-00865.00120

Attorney-Client Privileged | Confidential

# Final Tips: JIRA Comms



CONFIDENTIAL

UBER000063123.0120
UBER_JCCP_MDL_000043441.0120

P-00865.00121

# Best Practices for Comms in JIRA: Final Tips

**Use:**

a) *"GPS reflects the partner was stopped for X minutes.*

b) *"The information gathered to date includes the following: …..[keep to objective facts]"*

c) *[No alternative. Do not use]*

**Do Not Use:**

a) *"I believe this party is telling the truth…"*

b) *"I understand it from the Gentleman's point of view…"*

c) *"While intoxication is typically no excuse...her intoxication led to her being taken advantage of…"*

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0121
UBER_JCCP_MDL_000043441.0121

## Slide 79 Notes

[Mention]: It is important that our internal communications <u>reflect</u> the same <u>unbiased investigation</u> as the language we must use talking to partners, riders and third parties.  JIRA analysis by the Investigator should not represent any opinion about the specific incident/accident being alleged. Using phrases like, 'I believe,' 'I think,' 'In my opinion,' indicates a subjective interpretation, rather than an objective analysis of the information presented to date.

**Remember:** [The Investigator's] role is to gather facts, investigate and report on allegations of misconduct relative to the application, while employing empathy to the reporter and sensitivity for the content being reported.

CONFIDENTIAL

UBER000063123.0122
UBER_JCCP_MDL_000043441.0122

# Best Practices for Comms in JIRA: Final Tips (cont.)

- Be mindful of the of the fact that JIRA communications are generally **not** privileged
- What you indicate on a JIRA can end up being produced in litigation
- Keep the content objective and free from speculation
- If there is ongoing confusion about a piece of information or a conflict over recommendations, schedule a Zoom to talk through the issues rather than confronting over JIRA

U B E R

Attorney-Client Privileged | Confidential

CONFIDENTIAL

UBER000063123.0123
UBER_JCCP_MDL_000043441.0123

## Slide 80 Notes

[Mention]: It is important that our internal communications <u>reflect</u> the same <u>unbiased investigation</u> as the language we must use talking to partners, riders and third parties.  JIRA analysis by the Investigator should not represent any opinion about the specific incident/accident being alleged.  Using phrases like, 'I believe,' 'I think,' 'In my opinion,' indicates a subjective interpretation, rather than an objective analysis of the information presented to date.

**Remember:** [The Investigator's role is to gather facts, investigate and report on allegations of misconduct relative to the application, while employing empathy to the reporter and sensitivity for the content being reported.

**What does 'Privileged' mean?**

Privileged communications are those constituting protected work product, potential intellectual property (ie the tools we have built, are building), proprietary information specific to and owned by the company.  This information cannot and should not be disseminated outside of the company (as per the NDAs signed by all FTEs).  The communication that is privileged cannot be disseminated and must be subpoenaed or formalized in a legal request for our information.   JIRAs are generally NOT privileged because of the wide variety of folks who may access the tickets, all across the Company in different orgs.

**When** something is AC Privileged & Confidential, an attorney either launches the document (as in google docs) or marks their comment using that header to secure those communications in anticipation of potential litigation.  A **non-attorney** may 'AC Privilege & Confidential' a document or note they then share directly with an attorney (in-house counsel, legal depts) *asking for their legal thoughts*.  In this way, we are asking our attorneys (in-house counsel, legal depts) for their legal advice, which automatically privileges the communication as "Attorney Client" or 'AC'.

CONFIDENTIAL

UBER000063123.0124
UBER_JCCP_MDL_000043441.0124

Attorney-Client Privileged | Confidential

# Q&A



UBER000063123.0125
UBER_JCCP_MDL_000043441.0125

P-00865.00126

Attorney-Client Privileged | Confidential

# The End



CONFIDENTIAL

UBER000063123.0126
UBER_JCCP_MDL_000043441.0126

P-00865.00127