# UBER_JCCP_MDL_001720345

## Metadata

| | | |
|---|---|---|
| #Author | banthony@uber.com | SEMANTIC |
| #Date Modified | 08/12/2019 | SEMANTIC |
| #DateCreated | 04/18/2019 | SEMANTIC |
| #Title | [PHASE 1] Project-T Business Decisions deck | SEMANTIC |
| Account | frank@uber.com; | SEMANTIC |
| All Custodians | Chang, Frank;Fuldner, Gus;Parker, Kate; | SEMANTIC |
| All Paths | Chang, Frank: \EDISCO-25937_frank@uber.com\EDISCO-25937_frank@uber.com_77.zip; Chang, Frank: \EDISCO-25937_frank@uber.com\EDISCO-25937_frank@uber.com_77.zip; Fuldner, Gus: \JCCP-EDISCO-23800_2019_JulyToDec\JCCP-EDISCO-23800_2019_JulyToDec_162.zip; Fuldner, Gus: \JCCP-EDISCO-23800_2019_JulyToDec\JCCP-EDISCO-23800_2019_JulyToDec_162.zip; Parker, Kate: \JCCP_DRIVE006\JCCP_DRIVE006_28.zip; Parker, Kate: \JCCP_DRIVE006\JCCP_DRIVE006_28.zip | SEMANTIC |
| Application | Microsoft 2007 PowerPoint Presentation | SEMANTIC |
| Attachment Names | ppt | SEMANTIC |
| Begin Family | UBER_JCCP_MDL_001720345 | SEMANTIC |
| Collaborators | handley@uber.com; binnings@uber.com; frank@uber.com; rujutagandhi@uber.com; eric.schroeder@uber.com; jmani@uber.com; gus@uber.com; kateparker@uber.com | SEMANTIC |
| Confidentiality | Confidential | SEMANTIC |
| Date Created | 04/18/2019 8:12 pm | SEMANTIC |
| Date Modified | 08/12/2019 5:44 pm | SEMANTIC |
| DocID | 1x1TKNQ700O66WijlqKzPmKkkhlkhakW0l-HGsW4X08c | SEMANTIC |
| Document Type | Electronic File | SEMANTIC |
| End Family | UBER_JCCP_MDL_001720404 | SEMANTIC |
| File Path | \EDISCO-25937_frank@uber.com\EDISCO-25937_frank@uber.com_77.zip | SEMANTIC |
| File Size | 1008272 | SEMANTIC |
| Filename | -PHASE 1- Project-T Business Decisions deck_1x1TKNQ700O66WijlqKzPmKkkhlkhakW0l-HGsW4X08c.pptx | SEMANTIC |
| GoogleDocumentType | PRESENTATION | SEMANTIC |
| Hash Value | 0c8abfc52b3e338c271e809cdc45d550 | SEMANTIC |
| Hidden Content | Yes; | SEMANTIC |
| ILS All Bates | UBER_JCCP_MDL_001720345;UBER_JCCP_MDL_001720346;UBER_JCCP_MDL_001720347;UBER_JCCP_MDL_001720348;UBER_JCCP_MDL_001720349;UBER_JCCP_MDL_001720350;UBER_JCCP_MDL_001720351;UBER_JCCP_MDL_001720352;UBER_JCCP_MDL_001720353;UBER_JCCP_MDL_001720354;UBER_JCCP_MDL_001720355;UBER_JCCP_MDL_001720356;UBER_JCCP_MDL_001720357;UBER_JCCP_MDL_001720358;UBER_JCCP_MDL_001720359;UBER_JCCP_MDL_001720360;UBER_JCCP_MDL_001720361;UBER_JCCP_MDL_001720362;UBER_JCCP_MDL_001720363;UBER_JCCP_MDL_001720364;UBER_JCCP_MDL_001720365;UBER_JCCP_MDL_001720366;UBER_JCCP_MDL_001720367;UBER_JCCP_MDL_001720368;UBER_JCCP_MDL_001720369;UBER_JCCP_MDL_001720370;UBER_JCCP_MDL_001720371;UBER_JCCP_MDL_001720372;UBER_JCCP_MDL_001720373;UBER_JCCP_MDL_001720374;UBER_JCCP_MDL_001720375;UBER_JCCP_MDL_001720376;UBER_JCCP_MDL_001720377;UBER_JCCP_MDL_001720378;UBER_JCCP_MDL_001720379;UBER_JCCP_MDL_001720380;UBER_JCCP_MDL_001720381;UBER_JCCP_MDL_001720382;UBER_JCCP_MDL_001720383;UBER_JCCP_MDL_001720384;UBER_JCCP_MDL_001720385;UBER_JCCP_MDL_001720386;UBER_JCCP_MDL_001720387;UBER_JCCP_MDL_001720388;UBER_JCCP_MDL_001720389;UBER_JCCP_MDL_001720390;UBER_JCCP_MDL_001720391;UBER_JCCP_MDL_001720392;UBER_JCCP_MDL_001720393;UBER_JCCP_MDL_001720394;UBER_JCCP_MDL_001720395;UBER_JCCP_MDL_001720396;UBER_JCCP_MDL_001720397;UBER_JCCP_MDL_001720398;UBER_JCCP_MDL_001720399;UBER_JCCP_MDL_001720400;UBER_JCCP_MDL_001720401;UBER_JCCP_MDL_001720402;UBER_JCCP_MDL_001720403;UBER_JCCP_MDL_001720404 | SEMANTIC |
| ILS Document Date | 08/12/2019 | SEMANTIC |
| ILS Prod Date | 2/11/2025 | SEMANTIC |
| ILS Prod Vol | JCCP_MDL097 | SEMANTIC |
| LINKSOURCEBEGBATES | UBER_JCCP_MDL_001740801; UBER_JCCP_MDL_003400687; UBER_JCCP_MDL_005370859 | SEMANTIC |
| Other Custodians | Fuldner, Gus;Parker, Kate;Chang, Frank; | SEMANTIC |
| Primary Date | 04/18/2019 8:12 pm | DOC_TYPE_ALIAS |
| Production Volume | JCCP_MDL056;JCCP_MDL097; | SEMANTIC |


Trial Exhibit No.
P-01177

| Redacted | Yes | SEMANTIC |
|---|---|---|
| Sort Date | 08/12/2019 5:44 pm | SEMANTIC |
| SourceHash | 94a3b8e63c5a7244c6f69407edcedcc8 | SEMANTIC |



# Project - T
# Business Decisions

Round 1

**Uber**

Attorney Client Privileged & Confidential

Agenda

**01** Incident-related data points
**02** Safety Features
**03** Safety Feature Metrics
**04** Incident Response
**05** Deactivations, Policies/Standards
**06** Prevention & Awareness Initiatives

Attorney Client Privileged & Confidential

# Incident-related data points

Attorney Client Privileged & Confidential

# Data Outputs: Expansive

| **Sexual Assaults** | **Automobile Fatalities**<br>*(# of incidents & # of fatalities)* | **Crime Fatalities**<br>*(# of incidents & # of fatalities)* |
|---|---|---|
| Non-consensual Sexual Penetration | Crash with Pedestrian or Pedal Cycle | Theft/Robbery<br>• Weapon<br>• No Weapon |
| Non-consensual Kissing: Sexual Body Part | Crash with One or More Motor Vehicles | |
| Non-consensual Touching: Sexual Body Part | Crash with Animal or Non-Vehicle Object | Physical Altercation<br>• Weapon<br>• No Weapon |
| Attempted Non-consensual Sexual Penetration | | |
| Non-consensual Kissing: Non-Sexual Body Part | | |

Attorney Client Privileged & Confidential | Work Product

# Data Outputs: Moderate

| Sexual Assaults | Automobile Fatalities<br>*(# of incidents & # of fatalities)* | Crime Fatalities<br>*(# of incidents & # of fatalities)* |
|---|---|---|
| Non-consensual Sexual Penetration | Crash with Pedestrian or Pedal Cycle | Theft/Robbery<br>• ~~Weapon~~<br>• ~~No Weapon~~ |
| Non-consensual Kissing: Sexual Body Part | Crash with One or More Motor Vehicles | |
| Non-consensual Touching: Sexual Body Part | Crash with Animal or Non-Vehicle Object | Physical Altercation<br>• ~~Weapon~~<br>• ~~No Weapon~~ |
| Attempted Non-consensual Sexual Penetration | | |
| ~~Non-consensual Kissing: Non-Sexual Body Part~~ | | |

Attorney Client Privileged & Confidential | Work Product

UBER_JCCP_MDL_001720349

# Data Outputs: Conservative

| Sexual Assaults | Automobile Fatalities (# of incidents & # of fatalities) | Crime Fatalities (# of incidents & # of fatalities) |
|---|---|---|
| Non-consensual Sexual Penetration | ~~Crash with Pedestrian or Pedal Cycle~~ | ~~Theft/Robbery~~<br>• ~~Weapon~~<br>• ~~No Weapon~~ |
| ~~Non-consensual Kissing: Sexual Body Part~~ | ~~Crash with One or More Motor Vehicles~~ | |
| ~~Non-consensual Touching: Sexual Body Part~~ | ~~Crash with Animal or Non-Vehicle Object~~ | ~~Physical Altercation~~<br>• ~~Weapon~~<br>• ~~No Weapon~~ |
| ~~Attempted Non-consensual Sexual Penetration~~ | | |
| ~~Non-consensual Kissing: Non-Sexual Body Part~~ | | |

Attorney Client Privileged & Confidential | Work Product

# Non-consensual Kissing > Non-Sexual Body Part

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| Perform | Brittany Anthony, Katy McDonald, Frank Chang |
| Input | Katy McDonald, Frank Chang, Roger Kaiser, Safety Advisory Board |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# Non-consensual Kissing > Non-Sexual Body Part

| Pros | Cons |
|---|---|
| <ul><li>Will emphasize Uber's commitment to count non-criminal SA acts</li><li>Would help capture slightly more survivor experiences by including lower-level incidents</li><li>Alignment is >85%</li><li>Non-sexual kissing is an easier act to justify as explicitly inappropriate in an Uber than touching</li><li>Helps contextualize the variation in definitions for SA for media (who could normally jump to "SA=rape")</li><li>Higher driver reports, would balance out reporting and capture driver experiences</li><li>Strong advocate support</li></ul> | <ul><li>Outside of the scope of "critical incidents"</li><li>Could be a confusing cut off point for readers (easier to understand Attempted Penetration as benchmark for "critical incident")</li><li>Would be the only category to include non-sexual body parts.<ul><li>Would require in-depth explanation of how we determine "non-sexual in nature"</li></ul></li><li>May discredit our reasoning for poor alignment of other categories involving non-sexual body parts</li><li>Cultural considerations</li><li>May prompt people to ask about *touching* of a non-sexual body part which alignment for is very low</li><li>Runs the risk of inconsistency in future reports</li></ul> |

**Recommendation:** Yes

Attorney Client Privileged & Confidential

UBER_JCCP_MDL_001720352

# Sub-category breakdown by reporting party

| Role | Stakeholder |
|---|---|
| **Recommend** | Brittany Anthony |
| **Agree** | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| **Perform** | Brittany Anthony, Katy McDonald, Frank Chang |
| **Input** | Katy McDonald, Frank Chang, Roger Kaiser |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Sub-category breakdown by reporting party

| Pros | Cons |
|---|---|
| <ul><li>Closest thing we have to identifying potential victim</li><li>Desperately wanted by consumers (esp. drivers)</li><li>Could further highlight driver under-reporting and the importance of increasing these reports</li><li>Could be a chance to pull in other driver-reporting data we have</li><li>Could increase trust in drivers that we take their incidents seriously and increase reports</li><li>With heavy explanation and context, could prompt an unprecedented conversation of driver under-reporting and vulnerabilities among elites/media.</li></ul> | <ul><li>Would not reveal who potential victim was<ul><li>Need to caveat this in detail</li><li>May not translate well with public</li><li>Need to explain why we don't capture potential victims</li></ul></li><li>Would require heavy explanation and contextualization on driver under-reporting theory.<ul><li>Some may not bother to read our theories/context</li></ul></li><li>Data (without context) could emphasize the "drivers=offenders" mindset</li><li>Could increase tensions between rider and driver communities ("finger pointing")</li></ul> |

**Recommendation:** Breakdown by parent category, not sub-category

Attorney Client Privileged & Confidential

P-01177.00012

# Sub-category breakdown by alleged offending party

| Role | Stakeholder |
|---|---|
| **Recommend** | Brittany Anthony |
| **Agree** | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| **Perform** | Brittany Anthony, Katy McDonald, Frank Chang |
| **Input** | Katy McDonald, Frank Chang, Roger Kaiser |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720355

## Sub-category breakdown by alleged offending party

| Pros | Cons |
|---|---|
| • Consumers want to know this information | • Data could emphasize the "drivers=offenders" mindset<br>• Could increase tensions between rider and driver communities ("finger pointing") |

**Recommendation:** No, potentially include breakdown by reporting party

Attorney Client Privileged & Confidential

Although we could explain it in similar ways as above (under-reporting from drivers), I think it would be significant;y harder to defend drivers when the data is framed/centered around who is to blame rather who is reporting the incident.

UBER_JCCP_MDL_001720356

# Day & Time Trends

| Role | Stakeholder |
|---|---|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| Perform | Brittany Anthony, Katy McDonald, Frank Chang |
| Input | Katy McDonald, Frank Chang, Roger Kaiser, Danielle Sheridan, Safety Advisory Board |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720357

## Day & Time Trends

| Pros | Cons |
|------|------|
| • Would serve as a "compromise" for consumers looking to learn more on how to manage their safety. | • Serious business implications - may prompt less users in high peak times<br>• Would inadvertently reveal substance use involvement<br>• Could undermine Uber as a safer alternative to driving under influence<br>• "Duh" data<br>• Prompts users to ask what Uber is doing to mitigate safety concerns during peak hours<br>• Not especially useful on a national scale - only useful by state/neighborhood |

**Recommendation:** No

Attorney Client Privileged & Confidential

P-01177.00016

UBER_JCCP_MDL_001720358

## Month-over-month trends

| Role | Stakeholder |
|---|---|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| Perform | Brittany Anthony, Katy McDonald, Frank Chang |
| Input | Katy McDonald, Frank Chang, Roger Kaiser, Danielle Sheridan, Safety Advisory Board |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# Month-over-month trends

| Pros | Cons |
|---|---|
| • Would serve as a "compromise" for consumers looking to learn more on how to manage their safety.<br>• Could supplement local LE jurisdictions who capture data on this level. | • Data is not incredibly varied or interesting<br>• Could prompt more regulatory monthly requests |

**Recommendation:** No

Attorney Client Privileged & Confidential

# Substance use involved in Sexual Assault

| Role | Stakeholder |
|---|---|
| **Recommend** | Brittany Anthony |
| **Agree** | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| **Perform** | Brittany Anthony, Katy McDonald, Frank Chang |
| **Input** | Katy McDonald, Frank Chang, Roger Kaiser, Danielle Sheridan, Safety Advisory Board |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# Substance use involved in Sexual Assault

| Pros | Cons |
|---|---|
| • Would highlight unique driver vulnerabilities | • Could prompt victim blaming<br>• Could prompt "excuse" for offenders<br>• Could impact supply hours during holidays/weekends<br>• Could undermine Uber as a safer alternative to driving under influence<br>• Data is based purely on allegations between parties |

**Recommendation:** No

Attorney Client Privileged & Confidential

## Substance use involved in Motor Fatalities

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker |
| Perform | Brittany Anthony, Katy McDonald, Frank Chang |
| Input | Katy McDonald, Frank Chang, Roger Kaiser, Danielle Sheridan, Safety Advisory Board |
| Decision | **Gus Fuldner** |

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720363

## Substance use involved in Motor Fatalities

| Pros | Cons |
|------|------|
| <ul><li>Data leans favorable in defense of driver partners</li><li>Data narrative could encourage use of the platform while impaired</li><li>Data is much more based in facts vs. allegations (from LE and media investigations)</li><li>There is comparative data available</li></ul> | <ul><li>If including, could prompt people to ask about it for SA</li><li>Could not hold true for anything below fatalities</li><li>SAB disapproval</li></ul> |

**Recommendation: Yes**

Attorney Client Privileged & Confidential

CONFIDENTIAL

P-01177.00022



# Safety Features

CONFIDENTIAL

UBER_JCCP_MDL_001720365

## Discussing Crash Detection

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Daniel Kolta |
| Perform | Brittany Anthony |
| Input | Sachin Kansal, Rebecca Payne |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing Crash Detection

| Pros | Cons |
|---|---|
| • Already public<br>• Projected to be in production for 100% by release of report<br>• Potential competitive advantage<br>• Consumers react positively to tech innovations<br>• Is a safety feature that does not put onus on user | • Could prompt questions about metrics (we only have 2 months of data and not national in scope)<br>• Uber responses are limited |

**Recommendation: Yes**

Attorney Client Privileged & Confidential

# Discussing Dash Cam/Audio Recording Pilots

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Daniel Kolta |
| Perform | Brittany Anthony |
| Input | Sachin Kansal, Rebecca Payne, Neil Chopra, Akankshu Dhawan |
| Decision | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# Discussing dash cam/audio recording pilot

| Pros | Cons |
|---|---|
| • Consumers respond well to tech innovations<br>• Consumers believe these features would "solve" the safety issue | • Most drivers with dash cams are not part of pilot/bought on own<br>• Dash cams do not definitively have a positive impact on safety.<br>• Could prompt regulatory requirements<br>• Legality and practicality are far too uncertain |

**Recommendation:** No, T-Report is not the place to announce new features or pilots

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720369

# Safety Feature Metrics

Attorney Client Privileged & Confidential

# 911 button evolution/expansion

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Daniel Kolta |
| Perform | Brittany Anthony, Lizzie Ross |
| Input | Lizzie Ross, Nick Silver, Danielle Sheridan |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# 911 button evolution/expansion

| Pros | Cons |
|---|---|
| • Consumers react positively to tech innovations<br>• Consumers react favorably to working with experts (Rapid SOS)<br>• Would increase knowledge of this feature | • Could raise questions on why we aren't integrated in more cities |

**Recommendation:** Yes

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720372

# # of rides shared with Trusted Contacts & Share my Ride

| Role | Stakeholder |
|---|---|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Daniel Kolta |
| Perform | Brittany Anthony, Sunny Wong |
| Input | Frank Chang, Sunny Wong, Danielle Sheridan |
| Decision | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# # of rides shared with Trusted Contacts & Share my Ride

| Pros | Cons |
|---|---|
| <ul><li>Consumers react positively to tech innovations</li><li>Would increase knowledge & use of these features</li><li>Could highlight under use of Trusted Contacts and encourage more use</li><li>Advocate support</li></ul> | <ul><li>?</li></ul> |

**Recommendation:** Yes

Attorney Client Privileged & Confidential

# # of dashcams in pilot

| Role | Stakeholder |
|---|---|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Daniel Kolta |
| Perform | Brittany Anthony, Sunny Wong |
| Input | Frank Chang, Sunny Wong, Danielle Sheridan |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# # of dash cams in pilot

| Pros | Cons |
|---|---|
| • Consumers react positively to tech innovations<br>• Consumers believe these features would "solve" the safety issue | • Most drivers with dash cams are not part of pilot/bought on own<br>• Dash cams do not definitively have a positive impact on safety.<br>• Could prompt regulatory requirements<br>• Legality and practicality are far too uncertain |

**Recommendation:** No, it's impossible to estimate how many drivers have them. Also, T-Report is not the place to announce new features or pilots

Attorney Client Privileged & Confidential

# Preliminary data on on-trip reporting

| Role | Stakeholder |
|------|-------------|
| **Recommend** | Brittany Anthony |
| **Agree** | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Daniel Kolta |
| **Perform** | Brittany Anthony, Sunny Wong |
| **Input** | Frank Chang, Sunny Wong, Danielle Sheridan |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

P-01177.00035

## Preliminary data on on-trip reporting

| Pros | Cons |
|---|---|
| • Consumers react positively to tech innovations<br>• Would reinforce/increase use of this new feature | • May have far too little data to report<br>• Data timeline would be inconsistent with 2017-2018 timeline in rest of report |

**Recommendation:** No. Too little data. Too new.

Attorney Client Privileged & Confidential

UBER_JCCP_MDL_001720378

# # of potential crashes detected

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Daniel Kolta |
| Perform | Brittany Anthony, Sunny Wong |
| Input | Frank Chang, Sunny Wong, Danielle Sheridan |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# # of potential crashes detected

| Pros | Cons |
|---|---|
| • Consumers react positively to tech innovations<br>• Is a product where safety onus is on Uber (as opposed to user)<br>• Potential competitive advantage<br>• Advocate support | • Only have three months of data from timeframe.<br>• Arguably doesn't provide user with any safety tools/help, except expediting the claims process<br>• Could lead to questions about error rate, false positives, etc.<br>• Potentially unclear on the safety value |

**Recommendation:** No. Too little data.

Attorney Client Privileged & Confidential



Incident Response

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720381

## Proactively providing potential victims resources

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Roger Kaiser, Jen Handley, Scott Binnings, Maureen Frangopolous |
| Perform | Brittany Anthony, Catherine Gibbons, all IRT teams |
| Input | Catherine Gibbons, Sarah Schol, Tracy Breeden |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720382

# Proactively providing potential victims resources

| Pros | Cons |
|------|------|
| <ul><li>"Do the right thing. Period."</li><li>Easy way to frame referrals without admitting fault</li><li>Would discourage agents from over-stepping into emotional support</li><li>Could provide agents peace of mind;allowing more focus on investigation</li><li>Not just partnering with advocates in ways that benefit Uber.</li><li>Need to funnel data to local jurisdictions in order to properly allocate sparse resources</li><li>Shows we are actually committed to "turning the lights on" on sexual violence</li><li>Would provide a wide range of referrals for all types of crimes</li><li>Strong advocate support</li><li>Consumers react favorably to working with expert partners</li></ul> | <ul><li>Legal concerns</li></ul> **REDACTED - PRIVILEGED** <ul><li>Financial costs. Highly recommended we provide some funding to most often referred hotlines to off-set operation costs associated with increased call volume</li><li>Financial costs from lawsuits brought by reporting parties</li><li>Would need to institutionalize before T-report launch</li></ul> |

Attorney Client Privileged & Confidential

**REDACTED - PRIVILEGED**

## Discussing incident response mechanisms/teams

| Role | Stakeholder |
| --- | --- |
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Roger Kaiser, Jen Handley, Scott Binnings |
| Perform | Brittany Anthony, Catherine Gibbons, all IRT teams |
| Input | Catherine Gibbons, Sarah Schol |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing incident response mechanisms/teams

| Pros | Cons |
|---|---|
| <ul><li>Would de-mystify the process</li><li>Could overcome CNN expose</li><li>Could help raise the response bar for other companies</li><li>We would have a public resource we can point regulators to when they ask about this process</li><li>Could defend against the push back for non-proactive LE reporting</li><li>Could remove/decrease barriers to reporting</li><li>Includes a human element into the process</li><li>Boost morale in IRT teams</li><li>Consumers react favorably to this</li></ul> | <ul><li>Legal concerns:<br>**REDACTED - PRIVILEGED**</li><li>Could open the door for user manipulation of the process (false reports)</li></ul> |

**REDACTED - PRIVILEGED**

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720385

## Discussing SIU details/capacities

| Role | Stakeholder |
| --- | --- |
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Roger Kaiser, Jen Handley, Scott Binnings |
| Perform | Brittany Anthony, Catherine Gibbons |
| Input | Catherine Gibbons, Sarah Schol |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing SIU details/capacities

| Pros | Cons |
|---|---|
| • Would de-mystify the process<br>• Could overcome CNN expose<br>• Could help raise the response bar for other companies<br>• We would have a public resource we can point regulators to when they ask about this process<br>• Could defend against the push back for non-proactive LE reporting<br>• Could remove/decrease barriers to reporting<br>• Includes a human element into the process<br>• Boost morale in SIU<br>• Consumers react favorably to this | • Legal concerns:<br><br>**REDACTED - PRIVILEGED**<br><br>• Could open the door for user manipulation of the process (false reports)<br>• Would prompt questions about deactivations - should be prepared to release some deactivation data.<br>• Would need to discuss agent well-being at length |

**Recommendation:** Yes. Remain high-level and invest in more training - potentially with external advocates.

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720387

## Discussing SA/SM education modules

| Role | Stakeholder |
| --- | --- |
| Recommend | Brittany Anthony |
| Agree | Tracey Breeden, Jen Handley, Scott Binnings, Maureen Frangopolous, Emily Madavo |
| Perform | Brittany Anthony, Johnathan Purcell |
| Input | Johnathan Purcell |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing SA/SM education modules

| Pros | Cons/Considerations |
|---|---|
| - Could prevent more serious incidents<br>- Strong advocate support<br>- Emphasizes that we are just as committed to prevention as we are to intervention<br>- Consumers react favorably to expert partners<br>- Shows that even though we are unable to report on SM data in this report, we are still addressing it in meaningful ways | - Legal concerns<br><br>REDACTED - PRIVILEGED |

**Recommendation:** Yes.

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720389

# BGC, Deactivations, Policies/Standards

Attorney Client Privileged & Confidential

## Discussing Sexual Assault Policy

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Eric Schroeder |
| Perform | Brittany Anthony |
| Input | Valerie Shuping |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing Sexual Assault Policy

| Pros | Cons/Considerations |
|---|---|
| • Reinforces commitment and culture of respect<br>• Meant to be public | • May prompt questions regarding deactivations due to SA |

**Recommendation:** Yes.

Attorney Client Privileged & Confidential

## Discussing Sexual Assault Standard

| Role | Stakeholder |
| --- | --- |
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Eric Schroeder |
| Perform | Brittany Anthony |
| Input | Valerie Shuping |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing Sexual Assault Standard

| Pros | Cons/Considerations |
|---|---|
| • Would emphasize that we take statement of experience seriously and may increase reporting by removing that barrier of "conclusive proof"<br>• Could decrease inconclusive reports (increasing potential victims likelihood of "cooperating"<br>• Advocate support | • Could reinforce driver mindset that we "always side with rider"<br>• Could open up to manipulation of the process (false reports)<br>• Revealing too much detail (notations) may allow bad actors to think they have "passes"<br>• Would prompt questions about deactivation numbers due to SA<br>• Revealing too much detail could hamper our ability to change things that don't work in the future |

**Recommendation:** Yes, discussion of the philosophy/approach to the standard, but no details of notations

Attorney Client Privileged & Confidential

## Discussing BGC Process

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Megan Poonolly |
| Perform | Brittany Anthony |
| Input | Elisha McCann, Eric Schroeder |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

UBER_JCCP_MDL_001720395

# Discussing BGC Process

| Pros | Cons/Considerations |
|---|---|
| <ul><li>Would bust the "myth" that all you need is a driver's license and a car</li><li>Preventative measure</li><li>Already public</li></ul> | <ul><li>Could prompt question "well if you had x number of SA's, then your BGC process doesn't work"</li></ul> |

**Recommendation:** Yes, discussion only of what is already public.

Attorney Client Privileged & Confidential

## Discussing Blocked Pairing

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings |
| Perform | Brittany Anthony |
| Input | Valerie Shuping, Eric Schroeder |
| **Decision** | **Gus Fuldner** |

Attorney Client Privileged & Confidential

## Discussing Blocked Pairing

| Pros | Cons/Considerations |
|---|---|
| • Showing an intervention method that non-tech enabled companies just can't do<br>• Could build trust with drivers to have peace of mind that we don't jump to deactivate over lower level SM's | • Need appropriate legal caveats<br>• Users tend to react poorly to this as a remediation measure<br>• If not explained thoroughly, could position Uber as not taking safety seriously. |

**Recommendation:** Yes, only as a standard step in our process regardless of the outcome NOT an alternative to deactivation.

Attorney Client Privileged & Confidential

## Discussing "Deactivation Standard Review Board"

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Eric Schroeder |
| Perform | Brittany Anthony |
| Input | Valerie Shuping |
| Decision | **Gus Fuldner** |

Attorney Client Privileged & Confidential

# Discussing "Deactivation Standard Review Board"

| Pros | Cons/Considerations |
|---|---|
| • Shows drivers we take deactivations seriously and only when necessary<br>• Shows users we are always working on improving our response<br>• Emphasizes Uber as cross functional | • Must not misrepresent as an appeals process<br>   ○ Needs a creative name to avoid confusion<br>• Must be heavily caveated that not every deactivation would be reviewed, only when there seems to be a gap or gray area in the standard and a few cases that highlight this gap |

**Recommendation:** Yes, ONLY as a cross-functional team that periodically meets to review certain cases that may highlight a gap in the current standard to ensure improvement in the standard over time.

Attorney Client Privileged & Confidential



# Prevention & Awareness Campaigns

Attorney Client Privileged & Confidential

UBER_JCCP_MDL_001720402

| Role | Stakeholder |
|------|-------------|
| Recommend | Brittany Anthony |
| Agree | Brooke Anderson, Steffi Bryson, Jen Handley, Scott Binnings, Kate Parker, Tracey Breeden |
| Perform | Brittany Anthony |
| Input | *Various* |
| Decision | **Gus Fuldner** |

Attorney Client Privileged & Confidential

CONFIDENTIAL

UBER_JCCP_MDL_001720403

## Discussing Misc. Prevention & Awareness Initiatives

| Initiative | Recommendation |
|---|---|
| #DontStandBy (Bystander Intervention) | **YES** |
| Check Your Ride | **NO** |
| Community Guidelines Refresh | **YES** |
| Million Reasons Campaign (w/ MADD) | **YES** |
| Seatbelt Safety | **YES** |
| Phone Mount Program | **YES** |
| Dutch Reach | **YES** |

Attorney Client Privileged & Confidential