William A. Levin (SBN 98592)
Laurel L. Simes (SBN 134637)
David M. Grimes (SBN 324292)
Samira J. Bokaie (SBN 332782)
**LEVIN SIMES LLP**
1700 Montgomery Street, Suite 250
San Francisco, California 94111
Telephone: (415) 426-3000
Facsimile:  (415) 426-3001
Email: wlevin@levinsimes.com
Email: llsimes@levinsimes.com
Email: dgrimes@levinsimes.com
Email: sbokaie@levinsimes.com
*Attorneys for Levin Simes Plaintiffs*

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to:<br><br>*Jane Doe LS 185 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05922-CRB<br><br>*Jane Doe LS 291 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06020-CRB<br><br>*Jane Doe LS 296 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-06021-CRB<br><br>*John Doe LS 3 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05760-CRB<br><br>*Jane Doe LS 54 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05387-CRB<br><br>*Jane Doe LS 134 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-03811-CRB | **LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31**<br><br>Judge: Honorable Charles R. Breyer |

*Jane Doe LS 191 v. Uber Technologies, Inc., et al., Case No. 3:23-cv-05573-CRB*

*John Doe LS 5 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05853-CRB*

*Jane Doe LS 616 v. Uber Technologies, Inc., et al., Case No. 3:25-cv-05942-CRB*

## I. INTRODUCTION

On November 21, 2025, and January 6, 2026, Defendants filed Motions to Dismiss the cases of the above-captioned Plaintiffs on the grounds that Plaintiffs have failed to comply with Pretrial Order ("PTO") No. 31. ECF Nos. 4456 and 4924. PTO 31 establishes procedures and deadlines related to additional ride receipt discovery obligations originally outlined in PTO 5. ECF No. 3877. Further, on December 5, 2025 and January 23, 2026, Plaintiffs filed Oppositions to Defendants' Motions to Dismiss. ECF Nos. 4590 and 5094. On February 10, 2026, this Court issued an Order dismissing without prejudice all claims cases of the above-captioned Plaintiffs. See Docket No. 5216. Plaintiffs now submit this Motion to Reconsider this Court's Order as it relates to the above captioned Plaintiffs.

## II. ARGUMENT

The Levin Simes plaintiffs seeking reconsideration fall for the most part into two categories. First, plaintiffs who should not have been subject to Defendants' Motions to Dismiss because they did not order the subject Uber ride themselves. Second, plaintiffs who we have been able to contact who have either provided additional ride identifying information, or have provided a PTO 31 statement, or both.

### A. Levin Simes Plaintiffs Seeking Reconsideration of the Court's February 10, 2026 Order Who Should Not Have Been Subject to Uber's Motions to Dismiss

With respect to the first category, the following Plaintiffs should not have been subject to Defendants' Motions to Dismiss be subject to this motion because Uber has identified the ride, or the Plaintiff already indicated that the ride was ordered by someone other than the Plaintiff on the ride identification form. The specifics as to those Plaintiffs are as follows:

- Jane Doe LS 54: Uber was able to identify a ride that matched the information provided on the Plaintiff's Fact Sheet on October 10, 2025, in its amended Defense Fact Sheet.

- Jane Doe LS 134: the ride was ordered by an individual other than Plaintiff. Plaintiff has recently been able to obtain the police report, which was produced on February 5, 2026, which has allowed her to identify the exact date of incident. An

1

amended ride identification form was produced to reflect this information on February 5, 2026.

- Jane Doe LS 191: the ride was ordered by an individual other than Plaintiff.

### B. Levin Simes Plaintiffs Seeking Reconsideration of the Court's February 10, 2026 Order Who Have Fully Complied with their PTO 31 Obligations

With respect to the second category, the following clients submitted additional ride identifying information or certified PTO 31 statements before the Court entered the February 10, 2026 Order:

- Jane Doe LS 185 submitted her certified PTO 31 statement on January 16, 2026 along with an amended ride identification form.
- Jane Doe LS 291 submitted her certified PTO 31 statement on December 19, 2025.
- Jane Doe LS 296 submitted her certified PTO 31 statement on January 5, 2026, along with an amended ride identification form.
- John Doe LS 3 submitted his certified PTO 31 statement on January 5, 2026. (He previously produced his messages with Uber support regarding the incident and his inability to access the receipt on December 5, 2025.)
- Jane Doe LS 616 submitted her certified PTO 31 statement on January 16, 2026 along with an amended ride identification form.
- John Doe LS 5 submitted his certified PTO 31 statement on February 12, 2026.

Given that these Plaintiffs have fully complied with their PTO 31 discovery obligations, or were erroneously subject to Defendants' Motions to Dismiss, Plaintiffs respectfully request that the Court reconsider dismissal of their cases and remove them from the dismissal Order, ECF No. 5216. Counsel for Plaintiffs believes that a reconsideration of the Order dismissing their cases is warranted as dismissal is unduly prejudicial to the Plaintiffs.

We are also requesting reconsideration for John Doe LS 5 who was able to submit the required declaration on February 12, 2026. While John Doe LS 5 is late in his submission of his declaration, maintaining the dismissal at this juncture is a severe penalty that does not comport with the longstanding public policy principle that cases should be tried on the

2

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

merits. *Transamerica Life Ins. Co. v. Arutyunyan*, 93 F.4th 1136, 1147 (9th Cir. 2024) (quoting *Hernandez v. City of El Monte*, 138 F.3d 393, 399 (9th Cir. 1998) (stating "public policy favoring disposition of cases on their merits.")

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court amend the Order dismissing cases for failure to comply with PTO 31 to remove the above-captioned Plaintiffs.

Dated:  February 17, 2026                                   Respectfully Submitted,

**LEVIN SIMES LLP**

*/s/ Samira J. Bokaie*
William A. Levin
Laurel L. Simes
David M. Grimes
Samira J. Bokaie
*Attorneys for LS Plaintiffs*

3

Case No. 3:23-md-03084-CRB                    LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31

## CERTIFICATE OF SERVICE

I hereby certify that on February 17, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: /s/ *Samira J. Bokaie*
Samira J. Bokaie

4

CASE NO. 3:23-MD-03084-CRB    LEVIN SIMES PLAINTIFFS' MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31