1  [Counsel Listed on Signature Page]
2
3
4
5
6
7
8                    **UNITED STATES DISTRICT COURT**
9
                     **NORTHERN DISTRICT OF CALIFORNIA**
10
                          **SAN FRANCISCO DIVISION**
11
12

13  | IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB (LJC) |
    |---|---|
    | | **JOINT SUBMISSION REGARDING SCOPE AND LENGTH OF TRIAL** |
    | This Document Relates to: | |
    | *WHB 823 v. Uber Technologies, Inc.;* No. 3:24-cv-4900 | Judge:     Hon. Charles R. Breyer<br>Courtroom: 6 – 17th Floor |

18
19
20
21
22
23
24
25
26
27
28

Defendants Uber Technologies, Inc., et al. and Plaintiff WHB 823 (the "Parties"), by and through their undersigned counsel, respectfully submit this joint submission regarding scope and length of trial.

I.  **JOINT STATEMENT**

Following submission of the Agreed Proposed Pretrial Schedule (as well as limited disputed dates), Dkt. 5244, the parties have met and conferred regarding trial scope and length. The parties anticipate filing a stipulation to memorialize agreements further, and provide the following information to the Court to assist with scheduling, including for advising the jury office of the expected length of trial.

Plaintiff has decided to dismiss her direct negligence (Cause of Action I) and product liability/negligent design causes of action (Cause of Action IX) and pursue at trial only a vicarious liability theory under her Cause of Action III – Common Carrier's Non-Delegable Duty to Provide Safe Transportation from her Amended Complaint. Dkt. 2513.[1] As a result, to provide a general advance estimate, Plaintiff anticipates a case-in-chief of approximately four days or fewer, focused on the following main issues at trial: (1) whether Uber is a common carrier under North Carolina law, to the extent that is not resolved through summary judgment briefing to be filed beginning on March 10, 2026 (Dkt. 5249); (2) whether the incident as alleged by Plaintiff happened; (3) what amount of

---

[1] The parties have different positions concerning the law here. From Plaintiff's perspective, this trial is governed by North Carolina substantive law, Plaintiff intends to proceed on her cause of action III (Common Carrier's Non-Delegable Duty to Provide Safe Transportation), as articulated to her case in Pretrial Order No. 28: Order on Defendants' Motion to Dismiss Plaintiffs' Bellwether Complaints (Doc. #3441), at 22-23 ("[T]he Court agrees with plaintiffs that '[l]ike California and Illinois (and the majority of states), North Carolina assigns common carriers like Uber a non-delegable duty to transport passengers safely, a duty that gives rise to vicarious liability whether or not the breach was done by an employee at all, let alone by one within the scope of employment.' Opp'n at 28; see also Hairston v. Atl. Greyhound Corp., 18 S.E.2d 166, 170 (N.C. 1942) ("Since the carrier owes a high duty to a passenger to protect him from assault from any source, a malicious or wanton assault committed on a passenger by an employee while on duty, whether within the line of his employment or not, constitutes a breach of duty directly imposing liability.")). In contrast, "Uber has consistently maintained in this MDL that it is not a common carrier and absolutely disputes that it is a common carrier," see, e.g., Dkt. 4838 at 41, and intends to brief the question in a forthcoming summary-judgment motion. As Uber will also explain in its forthcoming summary-judgment motion, Plaintiff's sole remaining claim fails not only because Uber is not a common carrier but also, among other reasons, because mere common-carrier status does not suffice to establish the absolute vicarious liability Plaintiff asserts.

compensatory damages, if any, are to be awarded. Given the narrowed scope and dismissal of additional causes of action, there will be no punitive damages at issue in the trial and the scope of relevant and admissible evidence from both parties will be limited substantially by the contours of this common carrier cause of action. To avoid any unnecessary motion practice, the parties will work together to discuss in more detail what evidence will be relevant to narrow any issues in dispute, and which expert witnesses will and will not be called to testify, and to what general relevant topics.

Defendants appreciate Plaintiff's timely identification of the narrowed scope. Although the parties anticipate additional discussion regarding fact and expert witness, Defendants presently expect to present their case in approximately four days and perhaps fewer depending on pre-trial rulings from the Court. Accordingly, the parties agree that inclusive of opening and closing statements, the Court can anticipate a trial of nine court days or fewer.

The parties are prepared to address any questions the Court has regarding this proposed scope and length of trial.

DATED: February 18, 2026                                  Respectfully submitted,

*/s/ John Boundas*                                        */s/ Laura Vartain Horn*

Sejal Brahmbhatt                                          Laura Vartain Horn (SBN 258485)
John Eddie Williams, Jr.                                  **KIRKLAND & ELLIS LLP**
John Boundas                                              555 California Street, Suite 2700
Brian Abramson                                            San Francisco, CA 94104
Margret Lecocke                                           Telephone: (415) 439-1625
Walt Cubberly                                             laura.vartain@kirkland.com
Batami Baskin
Myles Shaw                                                Allison M. Brown (Admitted *Pro Hac Vice*)
Joseph C. Melugin                                         **KIRKLAND & ELLIS LLP**
Stasja Drecun                                             2005 Market Street, Suite 1000
Israela Rivera                                            Philadelphia, PA 19103
WILLIAMS HART & BOUNDAS LLP                               Telephone: (215) 268-5000
8441 Gulf Freeway, Suite 600                              alli.brown@kirkland.com
Houston, TX 77017-5051
Telephone: (713) 230-2227                                 Jessica Davidson (Admitted *Pro Hac Vice*)
sbrahmbhatt@whlaw.com                                     Christopher D. Cox (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
jwilliams@whlaw.com                                       **KIRKLAND & ELLIS LLP**
jboundas@whlaw.com                                        601 Lexington Avenue
babramson@whlaw.com                                       New York, NY 10022
mlecocke@whlaw.com                                        Telephone: (212) 446-4800
wcubberly@whlaw.com                                       jessica.davidson@kirkland.com

| | |
|---|---|
| bbaskin@whlaw.com<br>mshaw@whlaw.com<br>jmelugin@whlaw.com<br>sdrecun@whlaw.com<br><br>*Attorneys for Plaintiff*<br>WHB 823 | christopher.cox@kirkland.com<br><br>*Attorneys for Defendants*<br>UBER TECHNOLOGIES, INC.,<br>RASIER, LLC, And RASIER-CA, LLC |