WAGSTAFF LAW FIRM
Sommer D. Luther, CO BAR #35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE: UBER TECHNOLOGIES, INC. PASSENGER SEXUAL ASSAULT LITIGATION**<br><br>This Document Relates to:<br><br>*L.B. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-04645 -CRB<br><br>*J.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05719-CRB | Case No. 3:23-md-03084-CRB<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10 AND FOR ATTORNEY'S FEES AND COSTS**<br><br>Judge:        Hon. Charles R. Breyer<br>Courtroom:  6 – 17th Floor |

## I.    INTRODUCTION

On February 4, 2026, Defendants filed a Motion to Dismiss cases of Plaintiffs who did comply with Amended Pretrial Order ("PTO") 10. (Doc. 4287). Counsel acknowledges and understands that under Amended PTO 10, the Court has created procedures and deadlines to produce a PFS, verification, authorizations, and records. Counsel has and continues to diligently comply with discovery obligations. Plaintiffs can become unavailable for a variety of reasons during litigation, especially when said plaintiff is the survivor of a sexual assault. This is evidenced by the fact Plaintiffs were able to cure J.M.'s deficiency.

## II. ARGUMENT

a. *Plaintiff J.M. v. Uber Technologies, Inc., et al., No. 3:25-cv-05719's case should never have been included in this Motion to Dismiss, as her missing production was cured on February 2, 2026.*

Counsel has produced a compliant PFS, authorizations, and records certifications for *J.M.,* and her claim should be removed from consideration of Defendant's Motion, rendering its inclusion moot in lieu of Amended PTO 10. Plaintiff *J.M*'s deficiencies were cured on February 2, 2026, two days prior to Uber's filing of the Motion to Dismiss. Consequentially, counsel files this motion immediately after notifying defense counsel of this update via MDL Centrality and e-mail.

b. *The Court should award attorney's fees and costs to Plaintiff J.M. for Uber's frivolous filing of a Motion to Dismiss*

Plaintiff *J.M.* respectfully requests that this Court award reasonable attorney's fees and costs incurred in opposing Defendants' Motion to Dismiss (Doc. 4287). Defendants' inclusion of Plaintiff *J.M.* in their February 4, 2026, Motion to Dismiss is frivolous and without merit, as Plaintiff's counsel had already cured all deficiencies under Amended Pretrial Order 10, including production of a compliant Plaintiff Fact Sheet, authorizations, and records certifications, on February 2, 2026, a full two days before Defendants filed their Motion.

Defendants were on notice of this cure, as counsel promptly communicated *J.M.*'s updated compliance status via both MDL Centrality and direct email to defense counsel. Despite actual knowledge that *J.M.*'s production was fully compliant, Defendants chose to include her case in their Motion to Dismiss, forcing Plaintiff's counsel to expend time and resources responding to a motion that was moot before it was ever filed.

Federal courts possess inherent authority to sanction parties who abuse the judicial process, including by assessing attorneys' fees when a party has "acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43–46 (1991). Additionally, under 28 U.S.C. § 1927, an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously may be

required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

These two authorities apply distinct but related standards. Under § 1927, "recklessness suffices" to warrant sanctions. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001); *B.K.B. v. Maui Police Dep't*, 276 F.3d 1091, 1107 (9th Cir. 2002). Sanctions under § 1927 are warranted where an attorney "knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996); see also *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 649 (9th Cir. 1997). Under the Court's inherent power, sanctions require a finding of bad faith or "conduct tantamount to bad faith," including "recklessness when combined with an additional factor such as frivolousness, harassment, or an improper purpose." *Fink*, 239 F.3d at 994.

Defendants' conduct satisfies both standards. Defendants' counsel acted recklessly by filing a Motion to Dismiss targeting Plaintiff *J.M.*, despite having actual knowledge that her deficiencies had been cured two days prior, including her, in the Motion to Dismiss. This targeting of Plaintiff *J.M.* is not a case of mere negligence or oversight; Defendants knowingly or recklessly included a compliant plaintiff in their Motion after being informed of her PFS production both by email and MDL Centrality, thereby multiplying these proceedings unreasonably and vexatiously. Moreover, the combination of recklessness and frivolousness of filing a motion that was demonstrably moot at the time of filing constitutes conduct equivalent to bad faith, warranting sanctions under the Court's inherent authority as well.

This conduct is particularly egregious given the nature of this litigation. Plaintiff *J.M.* is a survivor of sexual assault for whom the toll of unnecessary litigation extends far beyond financial burden. Requiring a sexual assault survivor to endure the anxiety and stress of a baseless dismissal motion, filed after compliance was achieved and communicated, is precisely the type of vexatious conduct that § 1927 and the Court's inherent authority are designed to deter.

Plaintiff *J.M.* respectfully requests that this Court award all reasonable attorney's fees and costs incurred in opposing Defendants' frivolous and moot Motion to Dismiss as applied to her case.

    c.  *Plaintiff L.B. v. Uber Technologies, Inc., et al., No. 3:25-cv-04645 case should not be dismissed as her productions were cured on February 11, 2026*

Plaintiff's Counsel has produced a compliant PFS, authorizations, and records certifications for Plaintiff L.B. Accordingly, her claim should be removed from the Defendant's Motion, as her inclusion is now moot pursuant to Amended PTO 10.

Plaintiff L.B.'s deficiencies were cured on February 11, 2026, just seven days after Defendants filed their Motion. Counsel is filing this response immediately after notifying defense counsel of this cure via MDL Centrality.

While Plaintiff L.B.'s compliance post-dates the filing of Defendants' Motion, dismissal is now both unnecessary and unwarranted. The Ninth Circuit has consistently held that a party's eventual compliance weighs heavily against the drastic sanction of dismissal. *See Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (requiring courts to consider the availability of less drastic sanctions); *Signalo v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981) (reserving dismissal for willfulness, fault, or bad faith).

Plaintiff L.B.'s mere seven-day delay reflects the well-documented emotional difficulty sexual assault survivors face in confronting their experiences through the litigation process. This short delay is not an example of a willful defiance of this Court's orders. The Defendants have suffered no cognizable prejudice from this seven-day gap, and no case deadlines were compromised. Therefore, L.B.'s now complete compliance eliminates any basis for dismissal.

    d.  *The Court should deny Uber's Motion to Dismiss as procedurally improper.*

Rule 37 supplies the Court with a panoply of options for dealing with discovery disputes. Within that rubric, dismissal is the most "drastic sanction" that due process reserves for "non-compliance…due to willfulness, fault or bad faith" alone. *Signalo v. Mendoza*, 642 F.2d 309, 310 (9th Circ. 1981). Uber

has not even tried to make the requisite showing of "flagrant disregard" here, which dooms their motion and the bespoke procedure it envisions. *Id*. (citation omitted). Uber could have developed an appropriate record in support of its position had it followed proper procedure and sought an order to show cause. Instead, Defendants prematurely filed the present motion, which must therefore be denied.

*e. The Court should not dismiss these cases with prejudice.*

Uber has moved to dismiss without prejudice. To the extent the Court considers dismissal with prejudice, it is bound by the five-factor test established in *Malone v. U.S. Postal Serv.,* 833 F.2d 128 (9th Circ. 1987). These factors include: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Id.* at 130.

Application of these factors confirms that dismissal with prejudice is wholly unwarranted. The public policy favoring disposition on the merits is the paramount concern and outweighs the Court's interest in docket management. Furthermore, dismissal with prejudice is a punitive sanction reserved only for bad faith conduct. There is no evidence of willfulness, fault, or bad faith in the Plaintiffs' actions. The record is devoid of any egregious conduct required to justify a terminal sanction and because less drastic measures are available, any dismissal should be without prejudice.

There is no real prejudice to Uber that warrants dismissal. Meanwhile, the process of producing a PFS is a multifaceted task that requires a survivor to confront their traumatizing experience head-on. It is frequently described as overwhelming. Counsel has continued its efforts with the plaintiffs to cure their deficiencies, and the deficiencies have been cured.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Court DENY Uber's Motion to Dismiss as procedurally improper. Plaintiffs request that Uber's Motion to Dismiss *J.M. v. Uber Technologies, Inc., et al.,* No. 3:25-cv-05719-CRB be denied as she fulfilled her obligations under

Amended PTO 10 prior to Uber's filing of the Motion to Dismiss. Plaintiff *J.M.* requests that this Court award attorney's fees and costs for forcing Plaintiff to respond to a frivolous and moot motion. In the alternative, Plaintiffs request that Uber's Motion to Dismiss *L.B. v. Uber Technologies, Inc., et al., No. 3:25-cv-04645-CRB* be denied as she has fulfilled her obligations under Amended PTO 10.

Dated: February 18, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on February 18, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

Dated: February 18, 2026

/s/ *Sommer D. Luther*
**WAGSTAFF LAW FIRM**
Sommer D. Luther, CO 35053
940 Lincoln Street
Denver, CO 80203
Tel: (720) 208-9417
Fax: (303) 376-6361
sluther@wagstafflawfirm.com
*Attorney for Plaintiffs L.B. and J.M.*