1

2

3

4                          UNITED STATES DISTRICT COURT

5                        NORTHERN DISTRICT OF CALIFORNIA

6

7    IN RE: UBER TECHNOLOGIES, INC.,          Case No.  23-md-03084-CRB   (LJC)
     PASSENGER SEXUAL ASSAULT
8    LITIGATION

9                                             ORDER GRANTING STIPULATION
                                              TO CONTINUE DISCOVERY STATUS
10   This Document Relates To:                CONFERENCE AND ADDRESSING
                                              DISCOVERY FOR FIRST WAVE OF
          ALL CASES.                          BELLWETHER CASES
11

12

13          The parties' Stipulation (Dkt. No. 5262) to continue the discovery status conference

14   previously set for February 26, 2026 to March 5, 2026 is GRANTED.  This Court has a criminal

15   calendar that morning, so the status conference will occur on March 5, 2026 at 2:00 PM via Zoom

16   webinar videoconference.  The parties' joint status report remains due February 23, 2026.  The

17   parties may file a supplemental joint status report on March 3, 2026 to address any intervening

18   developments.

19          Strict adherence to discovery deadlines has faltered at times during this litigation,

20   including in the period leading up to the *Dean* trial.  The Court issues this Order to prevent further

21   last-minute case-specific discovery disputes.

22          To the extent any party seeks to serve further case-specific discovery or raise further case-

23   specific discovery disputes with respect to the first wave of bellwether trials other than the *WHB*

24   *318* case, that party must seek the Court's leave through, at the option of the party seeking such

25   leave, either an administrative motion consistent with Civil Local Rule 7-11 or a joint letter

26   consistent with Pretrial Order No. 8.[1]  Any such request must show good cause for failure to meet

27

28   _____

     [1] The parties need not seek leave to raise disputes that relate directly to Lyft's compliance with the

United States District Court
Northern District of California

the applicable discovery cut-off or the deadline set by Civil Local Rule 37-3.

In the parties' joint status report due on February 23, the parties shall propose a deadline for the parties to raise any remaining case-specific disputes or discovery requests for Wave 1 cases that they might believe they have sufficient cause to raise after the originally applicable deadline. Any case-specific discovery request or dispute raised after that "backstop" deadline must show good cause not only for failure to meet the original deadline, but also for failure to meet the backstop deadline. The backstop deadline is intended as the parties' last chance to clear any backlog of case-specific discovery issues they might believe they had sufficient cause not to have raised earlier. If the parties jointly believe there are narrow categories of disputes that should not be subject to the backstop deadline, they may raise that issue in their February 23 status report and the Court will consider their arguments.

In *WHB 318*, where discovery has not yet closed, *see* Dkt. No. 4682, the parties must seek leave as discussed above to take discovery after an applicable cut-off or to file discovery-related motions after the deadline set by Local Rule 37-3. The provisions of this Order addressing the "backstop" deadline do not apply to that case.

**IT IS SO ORDERED.**

Dated: February 18, 2026

LISA J. CISNEROS
United States Magistrate Judge

---

Court's Order today requiring compliance with Plaintiffs' subpoenas, but any joint letter presenting such a dispute must demonstrate that the party seeking relief acted diligently to raise the dispute promptly.