RACHEL B. ABRAMS (Cal Bar No. 209316)
ADAM B. WOLF (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: (415) 766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
Email: awolf@peifferwolf.com

TIFFANY R. ELLIS (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise, LLP**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*J.H. v. Uber Technologies, Inc., et al; 3:24-cv-03441-CRB* | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer<br><br>**MOTION TO RECONSIDER ORDER REGARDING MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH PTO 31 AND SHOW CAUSE ORDERS** |

## I. INTRODUCTION

Peiffer Wolf Carr Kane Conways & Wise, LLP ("Peiffer Wolf") respectfully requests that the Court reconsider and vacate its February 10, 2026, Order (the "Order"), *Master Docket No.5216,* on Defendants' Motion to Dismiss Cases for Failure to Comply with PTO 31 and Show Cause Orders (the "Motion"), *Master Docket No. 4456*, as to Peiffer Wolf. This relief is warranted, as Peiffer Wolf never should have been included among the firms subject to the

Motion, as it had not represented Plaintiff J.H[1] since the Court granted Peiffer Wolf's withdrawal motion in February 2025. The Court later dismissed the case that Peiffer Wolf filed for her in June 2025, many months before Uber filed the Motion.

Moreover, Uber's conduct in advancing its request for an onerous "receipt-review certification" process in its reply memo in support of the Motion (and through an "Amended Proposed Order") was inappropriate and substantially constrained the ability of Peiffer Wolf and the other firms involved to adequately understand and respond to that request.

Peiffer Wolf takes the integrity of its cases very seriously and does not have a pattern of submitting non-bona fide receipts. As with all the firms in this litigation, Peiffer Wolf's understanding of the nature and scope of the issues around non-bona fide receipts has increased over time, and it continues to work hard to avoid those issues with its clients. This is evidenced by the fact that, to date, the receipt for Plaintiff J.H. is the only receipt submitted for a Peiffer Wolf client in this MDL that has been identified by Uber as problematic. Peiffer Wolf withdrew from her case, and her case was dismissed months before Uber filed the Motion. To now require that Peiffer Wolf undertake a certification process for the hundreds of clients who have submitted ride receipts is unwarranted and grossly disproportionate to any evidence that Peiffer Wolf does not employ a fulsome and effective process for evaluating the documents provided to it by clients. This order should be vacated as to Peiffer Wolf.

## II. BACKGROUND

Peiffer Wolf filed a complaint on behalf of Plaintiff J.H. on June 7, 2024, and subsequently submitted the ride receipt provided by her in accordance with PTO 5. Decl. ¶ 2. On September 5, 2024, Defendants' counsel pointed out some inconsistencies between the ride receipt and Plaintiff's description of the incident. Defendants also indicated they could not locate a trip matching the ride receipt. Decl. ¶ 4. Peiffer Wolf immediately contacted Plaintiff and had several conversations regarding that issue. Decl. ¶ 5. Ultimately, Plaintiff was unable to

---

[1] Peiffer Wolf is filing this Motion under Plaintiff J.H.'s case caption now because the conduct of this plaintiff is the only basis for Peiffer Wolf's inclusion in this Court's February 10, 2026, Order.

provide counsel with accurate information to help identify the ride, and she eventually stopped communicating with Peiffer Wolf altogether. *Decl. ¶¶ 6, 7.* Because of her failure to cooperate or communicate regarding her case, Peiffer Wolf filed a Motion to Withdraw on January 8, 2025, which was granted on February 3, 2025. *Master Docket Nos. 2056 and 2221*. The case was dismissed without prejudice on June 2, 2025. *Docket No.10.*

On August 28, 2025, Defendants filed a Motion for Entry of An Order to Show Cause Why 6 Plaintiffs Who Have Submitted Non-Bona Fide Ride Receipts Should Not be Dismissed with Prejudice. *Master Docket No. 3784*. In their Reply, Defendants point out that Plaintiff J.H. filed a second complaint in the MDL on December 31, 2024 (not by Peiffer Wolf), and asked the Court to enter an order requiring certain plaintiffs to show cause as to why their claims should not be dismissed with prejudice for providing a non-bona fide receipt, and further requiring Plaintiff J.H.'s counsel in the second-filed case to explain statements they made in a previous filing regarding Plaintiff J.H. *Master Docket No. 3953.* Peiffer Wolf filed a response to this Motion on October 17, 2025, reminding Defendants and the Court that Peiffer Wolf had withdrawn from the case, and the case it filed for Plaintiff had been dismissed without prejudice on June 2, 2025. Specifically, Peiffer Wolf stated: "We no longer represent J.H. and we defer to the Court on this matter." *Master Docket No. 4171*.

On November 21, 2025, Defendants filed a Motion to Dismiss Cases for Failure to Comply with PTO 31 and Show Cause Orders (the "Motion"). *Master Docket No. 4456*. As part of this Motion, Defendants identified 27 cases, including the above captioned matter, where Plaintiffs submitted non-bona-fide ride receipts, and asked the Court for "an order dismissing with prejudice the cases of 27 Plaintiffs subject to this Court's September 9 and 22, 2025 orders to show cause (ECF 3876; ECF 3972)." *Master Docket No. 4456 at 4*. Defendants further urged that, "this Court should also grant such other relief as it deems appropriate to deter fraud and disregard of the Court's orders." *Id*.

On December 5, 2025, Peiffer Wolf filed a response to Defendants' Motion on behalf of the six Plaintiffs it represented that Defendants alleged failed to comply with PTO 31. See

*Master Docket No. 4574*. Peiffer Wolf's response did not address the above-captioned case because, as previously pointed out to this Court and to the Defendants, Peiffer Wolf had withdrawn from this case ten months earlier and the case it filed was dismissed without prejudice more than five months before Defendants filed the Motion. *Docket No.10*. As such, the case that Defendants sought to dismiss in this Motion was the second-filed case for Plaintiff, for which she had different counsel.

On December 12, 2025, Defendants filed a Reply in Support of the Motion arguing that Plaintiffs' lack of "remorse" warranted much more severe penalties than the discretionary relief requested in the original Motion, including "(1) an appropriate monetary penalty in an amount to be determined by the Court; and (2) other equitable remedies as this Court sees fit, including receipt-review certification requirements applicable to attorneys and plaintiffs for all cases filed by firms that have brought claims involving fraudulent receipts." *Master Docket No. 4663 at 6*. Defendants included with this Reply an "Amended Proposed Order," *Master Docket No. 4663-9*, outlining the certification process later adopted by this Court in its Order that is the subject of this Motion. In attaching this new Proposed Order, Defendants limited the certification relief sought to "the law firms that *represent* these fraudulent plaintiffs and their other clients" *Master Docket No. 4663 at 8*. However, the Amended Proposed Order itself incorrectly identifies Peiffer Wolf as one of the group of firms that "represent" the 27 plaintiffs at issue in the Motion. Peiffer Wolf did not represent Plaintiff J.H. for nearly a year before Uber filed the Motion, and its inclusion among those firms required to adhere to the certification was improper, unduly punitive, and wholly unwarranted. Despite Peiffer Wolf's request that Defendants join in Plaintiff's Motion to Reconsider (or vacate) the Order as to Plaintiff J.H. and Peiffer Wolf, Defendants refused. Decl. ¶ 8.

### III. ARGUMENT

**A. Case No. 3:24-cv-03441-CRB and Peiffer Wolf Should Not Have been Part of Defendants' Motion.**

As noted above, Peiffer Wolf moved to withdraw from Case No. 3:24-cv-03441-CRB on January 8, 2025, following Counsel's inability to contact Plaintiff J.H. regarding her

outstanding discovery obligations. *Master Docket No. 2056*. This Motion to Withdraw was granted on February 3, 2025. *Master Docket No. 2221*. Subsequently, Case No. 3:24-cv-03441-CRB was dismissed on June 2, 2025. *Docket No.10.* Neither a previously dismissed case nor counsel who had not represented the plaintiff in that case for more than a year should even have been included in Defendants' Motion. Under the circumstances, it is patently unfair to subject Peiffer Wolf to the certification requirement for hundreds of cases based on the conduct of this Plaintiff. Not only did Peiffer Wolf properly handle the situation with this Plaintiff when it came to its attention, but the case filed by Peiffer Wolf was already dismissed at the time of the Motion, providing Peiffer Wolf with no basis on which to respond to same. As such, Peiffer Wolf's failure to respond to the Motion is fully justified. Because Uber justifies the certification requirement it added to its "Amended Proposed Order" on the lack of "remorse" it contends was evidenced by such a failure to respond, Peiffer Wolf should not be subject to that punitive relief. The Motion regarding ride receipts did not involve a case for Peiffer Wolf client, and no response from Peiffer Wolf was warranted.

**B. Peiffer Wolf Does Not have a Pattern of Producing Fraudulent Ride Receipts, and Imposing the Onerous Certification Requirement is not Warranted.**

Of the nearly 520 cases Peiffer Wolf has filed into the MDL, only one case has been flagged as having potentially submitted a fraudulent ride receipt. Peiffer Wolf was, of course, unaware that this ride receipt was problematic at the time of submission, and it took immediate steps to remedy the issue once it was notified. Decl. ¶¶ 3, 5. When Plaintiff J.H. could not reconcile the issue and ultimately became unresponsive, Peiffer Wolf moved to withdraw. Peiffer Wolf did not have authority from Plaintiff J.H. to dismiss the case, but it did not oppose dismissal and deferred to the Court. *Docket No. 4171*. Peiffer Wolf takes the integrity of its cases extremely seriously and has no intention of continuing any cases where fraudulent ride receipts are identified. This is further evidenced by the fact that Plaintiff J.H. is the only Peiffer Wolf client in this MDL that Uber has flagged for this reason.

Peiffer Wolf understands the seriousness of the allegations in the Show Cause Order and agrees with the Defendants that "Nothing is more critical to the integrity of our judicial system

than honesty and adherence to the rule of law." *Master Docket No. 4456 at 4*. Moreover, like all the firms involved in this litigation, Peiffer Wolf's ability to recognize problematic ride receipts has improved substantially over time. Accordingly, it is not clear that at the time it filed Plaintiff J.H.'s case, Peiffer Wolf could have readily spotted the issues with Plaintiff J.H.'s ride receipt that Uber later identified, which involved minor details and technical formatting issues. Peiffer Wolf did not suspect that the ride receipt was fraudulent, and there is no indication that the decision to produce it resulted from any lack of diligence. Nor has there been evidence of any such lack of diligence manifest in other Peiffer Wolf cases. Mistakes can happen, of course, but Peiffer Wolf has not shown a pattern of carelessness with respect to ride receipts, and the single incident with Plaintiff J.H. does not warrant requiring Peiffer Wolf to now obtain certifications from hundreds of clients whose cases have raised no red flags whatsoever.

### C. Peiffer Wolf was not Given a Meaningful Opportunity to Respond to Defendants' Amended Proposed Order.

Defendants filed their original Motion and Proposed Order on November 21, 2025. With respect to the Plaintiffs subject to the September 9 and September 22, 2025 orders to show cause who have failed to show cause why their cases should not be dismissed with prejudice for their submission of fraudulent receipts, the Defendants only asked that the court dismiss these claims with prejudice. *Master Docket No. 4453-2*. As noted above, Peiffer Wolf did not respond to the Motion regarding the receipts because it did not represent any of the 27 plaintiffs whose cases Uber sought to dismiss. The Proposed Order also included the following: "Defendants defer to the Court to insert whatever relief and other language the Court deems necessary to address these Plaintiffs' fraud and non-compliance with Court orders, and to deter future fraud and noncompliance with this Court's orders. *Id at 2*. Nothing in this request prompted Peiffer Wolf to respond either. It wasn't until their Reply on December 12, 2025, that Defendants sought to use the collective lack of "remorse" by those plaintiffs and firms at issue as a basis to impose an onerous certification requirement.

Peiffer Wolf acknowledges that it failed to adequately appreciate the import of Uber's

Reply memo and its changes to the relief it was requesting, as reflected in its Amended Proposed Order. Peiffer Wolf further acknowledges that it would have been preferable to have sought leave to file a sur-reply to remind the Court that the case it filed for Plaintiff J.H. had already been dismissed and should not have been included among the list of 27 cases involving fraudulent ride receipts, and that the certification requirement Uber sought should not apply to Peiffer Wolf. As such, Peiffer Wolf requested that Defendants join in the present Motion to Reconsider, but they refused. Therefore, Peiffer Wolf respectfully asks for the Court's forbearance in considering that position now in the context of this motion and reiterates its request that the Order be vacated as to Peiffer Wolf.

### III. CONCLUSION

For the foregoing reasons, Peiffer Wolf respectfully requests the Court to vacate the Order as to Peiffer Wolf.

Dated: February 19, 2026

Respectfully Submitted by:

*/s/ Rachel B. Abrams*
Rachel B. Abrams (Cal Bar No. 209316)
Adam B. Wolf (Cal Bar No. 215914)
**Peiffer Wolf Carr Kane Conway & Wise**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Ph: 415-766-3544
Fax: (415) 840-9435
Email: rabrams@peifferwolf.com
           awolf@peifferwolf.com

Tiffany R. Ellis (*Admitted PHV*)
**Peiffer Wolf Carr Kane Conway & Wise**
15 E. Baltimore Ave.
Detroit, MI 48202
Ph: (313) 210-1559
Fax: (415) 840-9435
Email: tellis@peifferwolf.com

## CERTIFICATE OF SERVICE

I hereby certify that, on February 19, 2026, I electronically filed the following with the Clerk of the Court using the CM/ECF System, which will send notification of such filing via electronic mail to all counsel of record as maintained in the CM/ECF electronic system.

/s/ Rachel B. Abrams