ALLISON M. BROWN (Admitted *Pro Hac Vice*)
alli.brown@kirkland.com
JESSICA DAVIDSON (Admitted *Pro Hac Vice*)
jessica.davidson@kirkland.com
CHRISTOPHER D. COX (Admitted *Pro Hac Vice*)
christopher.cox@kirkland.com
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330

PATRICK OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON L.L.P.**
1800 K St. NW Ste. 1000
Washington, DC 20006
Telephone: (202) 783-8400

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>SEE EXHIBIT A | Case No. 3:23-md-03084-CRB<br><br>**DECLARATION OF MICHAEL B. SHORTNACY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CASES FOR FAILURE TO COMPLY WITH AMENDED PTO 10**<br><br>Date:        March 27, 2026<br>Time:       10:00 a.m.<br>Courtroom:  6 – 17th Floor |

# DECLARATION OF MICHAEL B. SHORTNACY

I, Michael B. Shortnacy, declare pursuant to 28 U.S.C. § 1746:

1. I am over the age of 18 and am a resident of Los Angeles, California. I respectfully submit this declaration in Support of Defendants Uber Technologies, Inc.'s, Raiser LLC's, and Raiser-CA, LLC's (collectively, "Defendants") motion to dismiss the cases of certain Plaintiffs for noncompliance with Amended Pretrial Order No. 10 ("Amended PTO 10").

2. I am a partner at the law firm of Shook, Hardy & Bacon L.L.P., representing Defendants in this MDL. I am a member in good standing of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District of Columbia. I make this declaration based upon matters within my own personal knowledge. If called as a witness, I could and would competently testify to the matters set forth herein.

3. In March 2024, the Court entered Pretrial Order No. 10 in this matter, requiring each Plaintiff to submit a "substantially complete" PFS that "answer[ed] all applicable questions," "[i]nclude[d] a signed declaration" or verification that the PFS answers are true and correct, "provide[d] duly executed record release Authorizations," and was accompanied by a production of "the requested documents." ECF No. 348 at 6. For Plaintiffs who filed their cases before March 26, 2024, the PFS were due within sixty days of that date. *Id.* at 5. For all other Plaintiffs, the PFS were due within 30 days of the case being filed in, removed to, or transferred to this MDL. *Id.* at 5-6.

4. On October 31, 2025, the parties filed a stipulation proposing amendments to PTO 10 ("Amended PTO 10"). ECF No. 4274. The Court granted the stipulation on November 3, 2025. ECF No. 4286.

5. Amended PTO 10 requires Plaintiffs to, within thirty days of the entry of the revised Order or thirty days of submitting their PFS, produce their medical and/or therapy records and police reports, law enforcement, and forensic records relating to the alleged incident. ECF 4287 at 4-5. If a Plaintiff does not have such records, counsel must order the records within thirty days and produce them within fourteen days of receipt. *Id.* Additionally, within the same time frame, counsel must "confirm via MDL Centrality that all records have been uploaded, ordered by Plaintiffs' counsel

(including using a third-party ordering service), or that no records exist." *Id*. at 4.

6.  If a Plaintiff fails to timely and substantially comply with Amended PTO 10, that order provides that Uber may serve them with a "Notice of Overdue Discovery" identifying the Plaintiff's violation(s) and stating that if Plaintiff does not comply their case may be subject to dismissal. *Id.* at 8. If that Plaintiff then fails to cure within thirty days of service of the Notice of Overdue Discovery, Uber may move the Court for an Order dismissing the relevant Complaint without prejudice.[1] *Id.*

7.  The Plaintiffs listed in the attached **Exhibit A** have, as of February 19, 2026, all failed to comply with their Amended PTO 10 obligations by submitting the required confirmation that all responsive records have been uploaded or that no records exist. Moreover, the vast majority of these Plaintiffs have also failed to produce even a single record.[2] Uber timely served each of these Plaintiffs, listed in Exhibit A, with a written Notice of Overdue Discovery on a date, more than thirty days ago. Plaintiffs have failed to cure their non-compliance with Amended PTO 10 and thus, following the procedures specified in the Order, Uber respectfully moves the Court to dismiss Plaintiffs' complaints without prejudice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on February 19, 2026 in Los Angeles, California.

**SHOOK, HARDY & BACON L.L.P.**

By: */s/ Michael B. Shortnacy*

MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON L.L.P.**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

---

[1] Amended PTO 10 also requires the Parties to meet and confer regarding any PFS deficiencies prior to Uber moving the Court for a dismissal without prejudice based on such deficiencies. But this Motion does not deal with material deficiencies in a submitted PFS, but rather Plaintiffs' complete failure to produce a confirmation separately required by Amended PTO 10. Accordingly, no meet and confer is required.
[2] Of the hundreds of Plaintiffs subject to this Motion, only nine have produced records: MDLCs 1118, 1198, 1320, 2090, 2426, 2500, 3513, 3876, and 4144.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

*Attorney for Defendants*
UBER TECHNOLOGIES, INC., RASIER, LLC, and RASIER-CA, LLC