UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates To:<br>ALL CASES. | Case No. 23-md-03084-CRB (LJC)<br><br>**ORDER AMENDING PREVIOUS ORDER REGARDING SUBPOENA TO LYFT**<br><br>Re: Dkt. No. 5263 |

To ensure that Lyft's production meets the deadlines set in the Court's February 18, 2026 Order (Dkt. No. 5263), and in an effort to avoid disputes regarding the precise definitions that Lyft may apply "sexual harassment, sexual misconduct, or sexual assault," the second full paragraph on page 7 of that Order is amended as follows, with the modified portion indicated by underlining:

> Second, Plaintiffs' third request is overbroad to the extent it seeks "all documents [Lyft] generated in related to the Subject Driver, including . . . driving history." Dkt. No. 5003-3 at 4. Plaintiffs have not attempted to justify the relevance of *all* documents Lyft might have created with respect to a particular driver, and under the circumstances of Lyft's relationship with its drivers, "driving history" sweeps nearly as broadly as "all documents." In response to Request No. 3, Lyft must produce all documents it generated regarding the Subject Driver that relate to <u>any negative incident or sexual incident that a passenger reported (regardless of whether the sexual incident is described as negative or as sexual harassment, sexual misconduct, or sexual assault by Lyft or expressed as such by the passenger), including but not limited to documents that relate to the trips that are the subject of such reports. Lyft shall also produce any documents that analyze the risk of sexual assault, sexual harassment, or sexual misconduct by the Subject Driver.</u>[1]

---

[1] If it reduces the burden of review, Lyft may alternatively produce a greater scope of documents than is necessary under this Order (e.g., all documents Lyft generated regarding the Subject Driver), so long as its production includes all documents required by this Order. The Court will not fault Lyft for over-production.

The February 18, 2026 Order is otherwise unchanged and remains in effect.

**IT IS SO ORDERED.**

Dated: February 22, 2026

LISA J. CISNEROS
United States Magistrate Judge