1   Laura Vartain Horn (SBN 258485)
    **KIRKLAND & ELLIS LLP**
2   555 California Street, Suite 2700
    San Francisco, CA 94104
3   Telephone: (415) 439-1625
    laura.vartain@kirkland.com
4
    Allison M. Brown (Admitted *Pro Hac Vice*)
5   **KIRKLAND & ELLIS LLP**
    2005 Market Street, Suite 1000
6   Philadelphia, PA 19103
    Telephone: (215) 268-5000
7   alli.brown@kirkland.com

8   MICHAEL B. SHORTNACY (SBN: 277035)
    **SHOOK, HARDY & BACON L.L.P.**
9   2121 Avenue of the Stars, Suite 1400
    Los Angeles, CA 90067
10  Telephone: (424) 285-8330
    mshortnacy@shb.com
11
    *Attorneys for Defendants*
12  UBER TECHNOLOGIES, INC., RASIER, LLC,
    And RASIER-CA, LLC
13
                **UNITED STATES DISTRICT COURT**
14
                **NORTHERN DISTRICT OF CALIFORNIA**
15
                    **SAN FRANCISCO DIVISION**
16

| | |
|---|---|
| 17  IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| 18 | **DECLARATION OF MICHAEL B. SHORTNACY SUPPORTING DEFENDANTS' REQUEST FOR AN AWARD OF ATTORNEYS' FEES** |
| 19 | |
| 20  This Document Relates to: | |
| 21 | Judge:        Hon. Lisa J. Cisneros |
| 22  ALL ACTIONS | Courtroom:   G-15th Floor |
| 23 | |

24

25

26

27

28

1    I, Michael Shortnacy, declare:

2    1.    I am over the age of 18 and am a resident of Los Angeles, CA. I respectfully submit

3    this declaration in support of Defendants Uber Technologies, Inc.'s, Rasier, LLC's, and Rasier-

4    CA, LLC's (collectively, "Defendants") request for attorneys' fees as part of its Motion for

5    Sanctions Against Bret Stanley.

6    2.    I am a partner at the law firm of Shook, Hardy & Bacon L.L.P. ("Shook"),

7    attorneys of record for Defendants in the above-captioned matter. I am a member in good standing

8    of the Bar of the State of California, the Bar of the State of New York, and the Bar of the District

9    of Columbia. I make this declaration based upon matters within my own personal knowledge. If

10    called as a witness, I could and would competently testify to the matters set forth herein.

11    3.    Shook has 18 offices across the United States and over 500 attorneys. Shook is

12    widely recognized as one of the premier litigation firms in the country. Shook has represented

13    more than 80% of the *Fortune* 100 companies. More than 90% of the firm's attorneys are litigators

14    and the firm handles cases in all 50 states, 13 U.S. Courts of Appeals and the U.S. Supreme Court.

15    Shook averages one to two cases tried to verdict per month, and has handled over 100 MDL

16    matters. U.S. News & World Report rated Shook as a 2021 "Best Law Firm," with a Tier 1 listing

17    for commercial litigation.

18    4.    I have been practicing law for 22 years and am a partner at Shook. My practice

19    focuses on complex litigation, including leading all aspects of class actions, multi-district

20    litigation, and product liability and mass tort matters. In addition to this MDL, I have represented

21    clients in some of the largest MDLs in the country, including *In re: Toyota Motor Corp. Hybrid*

22    *Brake Marketing, Sales Practice and Prods. Liab. Litig.* (C.D. Cal. Case No. 10-ml-02172); *In*

23    *re: Toyota Motor Corp. Unintended Acceleration Marketing, Sales Practices, and Prods. Liab.*

24    *Litig.* (C.D. Cal. Case No. 8:10-ml-02151); *In re: Takata Airbags Prods. Liab. Litig.* (S.D. Fla.

25    1:15-md-02599); *In re: Zantac (Ranitidine) Prods. Liab. Litig.* (S.D. Fla. Case No.20-MD-2924);

26    and *In re: ARC Airbag Inflators Prods. Liab. Litig.* (N.D. Ga. Case No. 1:22-md-03051). My

27    hourly rate for this matter in 2025 was $███.

28

DECL. OF MICHAEL B. SHORTNACY SUPPORTING DEFS' REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:23-MD-03084-CRB

5.          Relevant to the Motion at hand, I was involved in: (a) investigating Mr. Stanley's Protective Order violations, conferring with Mr. Stanley and the PSC, and attempting to compel Mr. Stanley to comply with the Protective Order without court intervention; (b) drafting the Motion to Enforce Protective Order (ECF 3512), and the ancillary and supporting papers, including the jointly prepared proposed order, and preparing for argument of that Motion; and (c) seeking to compel Mr. Stanley to perform the remedial measures required by this Court's August 18, 2025 Order (ECF 3708).

6.          I also have knowledge of the skill, expertise, and billing rates of the Shook attorneys who likewise performed the work identified in Paragraph 5 above:

> Veronica Hayes Gromada has been a practicing attorney for 25 years and is a partner at Shook. Ms. Gromada is licensed in Texas and the District of Columbia, and admitted *pro hac vice* in the MDL and JCCP. Ms. Gromada's practice areas include, among others, products liability, mass tort, business litigation, and employment litigation. Before joining Shook, Ms. Gromada served in various senior-level in-house counsel roles at Walmart, Inc., including Managing Counsel leading a nationwide tort portfolio for the Fortune One Hundred company. Her responsibilities at Walmart also included leading U.S. discovery strategies for first party litigation, third party subpoenas, and government and corporate investigations. Ms. Gromada's hourly rate for this matter in 2025 was $██.

> Kimberly Priest Johnson has been a practicing attorney for more than 20 years and is a partner at Shook. Ms. Priest Johnson served as a federal magistrate judge in the Sherman Division of the U.S. District Court for the Eastern District of Texas from 2016 through 2024. Before joining the federal bench, Judge Johnson's civil litigation practice focused on complex business and commercial litigation, intellectual property, and corporate internal investigations. Ms. Priest Johnson's hourly rate for this matter in 2025 was $██.

> Daniel Cummings is a partner at Shook and has been a practicing attorney for more than 8 years. Mr. Cummings' practice areas include class action, appellate, product liability, mass tort, and other complex litigation. Mr. Cummings represents clients in the automotive, consumer products, pharmaceutical, and technology industries and represented one of the pharmaceutical company defendants in the Zantac Products Liability Litigation MDL and JCCP. Prior to joining Shook, Mr. Cummings served as a judicial clerk for judges on the U.S. Court of Appeals for the Eighth Circuit and the Nebraska Supreme Court. Mr. Cummings' hourly rate for this matter in 2025 was $██.

> Arianna Berg has been a practicing attorney for more than 20 years and is Senior Counsel at Shook. Ms. Berg's practice focuses on class actions and complex

2

litigation. Before joining Shook, Ms. Berg was an associate general counsel, special investigations, and registered in-house counsel at Meta Platforms, Inc. where she led complex internal investigations on global matters relating to compliance, cybersecurity, privacy, financial fraud, whistleblowers, and employment retaliation. Ms. Berg was also a federal prosecutor in the criminal divisions for U.S. Attorneys' Offices in the Northern District of California and Southern District of New York.  Ms. Berg's hourly rate for this matter in 2025 was $█.

Brittany Kirk has been a practicing attorney for over 18 years and is Senior Counsel at Shook. Ms. Kirk's practice focuses on complex commercial litigation. Ms. Kirk has represented clients in state and federal courts across the country, including representing railroads in several catastrophic personal injury cases. Before joining Shook, Ms. Kirk was a partner at an AmLaw 200 firm where she managed portfolios of lender liability claims for one of America's largest regional banks and several mortgage servicing companies. Ms. Kirk's hourly rate for this matter in 2025 was $█.

7.     Based on my knowledge and experience, my hourly rate, and the hourly rates of the attorneys identified above are reasonable and comparable to what other law firms in the Northern District of California charge for attorneys with similar levels of experience and expertise.

8.     I am fully familiar with Shook's timekeeping and billing practices.  It is Shook's practice to keep regular and contemporaneous records for the time and tasks each attorney, paralegal or other billed professional spends on litigation matters in a computerized time system as those tasks are completed.

9.     Attached as Exhibit A are outputs from that computerized billing system identifying time entries that reflect the work identified in Paragraph 5 above. I have reviewed these time entries and narrative summaries relating to the legal services performed by Shook in this matter and I can confirm to the best of my knowledge and belief that the fees reflected in those billing system reports at Exhibit A are complete and accurate. I can confirm that these billing entries relate to the work identified in Paragraph 5 above.  In presenting these detailed time descriptions to the Court on this Motion for Sanctions, Defendants do not intend any waiver of the attorney-client privilege or attorney work product protection relating to the entries or the work

DECL. OF MICHAEL B. SHORTNACY SUPPORTING DEFS' REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:23-MD-03084-CRB

1  performed.

2        10.     Through the date of this Declaration, Shook has documented 307.3 hours of work

3  on the tasks identified in Paragraph 5 above that total $187,303.30 in attorneys' fees. Mr.

4  Stanley's violations of the Protective Order directly caused Defendants to incur fees related to

5  several distinct categories of work. This included 37.2 hours investigating Mr. Stanley's non-

6  compliance with the Protective Order, including but not limited to, tracing the Confidential

7  Information used in the *Lord* and *Smith* cases and researching and preparing cease and desist

8  letters; 16.5 conferring and attempting to compromise; 155.5 hours preparing and filing the

9  Motion to Enforce the Protective Order and related supporting and ancillary filings;[1] 37.8 hours

10  preparing and drafting Sealing of Motion to Enforce Protective Order sealing order; 33.6 hours

11  preparing for oral argument on Motion to Enforce Protective Order; 12.30 hours drafting and

12  negotiating the Proposed Order on Motion to Enforce Protective Order; and 14.40 hours

13  attempting to compel Mr. Stanley to perform the remedial measures required by this Court's

14  August 18, 2025 Order. The fees for each category of work are summarized as follows:

15

| | |
|---|---|
| Investigation of Protective Order Violations and Research and Drafting Cease & Desist Letters: | $22,426.80 |
| Conferral and Compromise Efforts: | $10,346.10 |
| Drafting Motion to Enforce Protective Order: | $91,146.70 |
| Sealing of Motion to Enforce Protective Order Filings: | $23,368.80 |
| Argument on Motion to Enforce Protective Order: | $21,430.80 |
| Negotiation of Proposed Order on Motion to Enforce Protective Order: | $8,419.50 |
| Enforcement of August 18, 2025 Order: | $10,164.60 |

24

25  [1] The Motion to Enforce Protective Order filings included seven documents: (1) Motion to Enforce Protective Order; (2) 16-page Gromada Declaration Supporting Motion to Enforce Protective Order; (3) Proposed Order on Motion to Enforce Protective Order; (4) Motion to Shorten Briefing Schedule on Motion to Enforce Protective; (5) 8-page required Declaration Supporting Motion to Shorten Briefing Schedule; (6) Proposed Order on Motion to Shorten Briefing Schedule; and (7) Reply Supporting Motion to Enforce Protective Order.

26

27

28

DECL. OF MICHAEL B. SHORTNACY SUPPORTING DEFS' REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:23-MD-03084-CRB

1    11.    In addition to the fees in the categories set forth above in Paragraph 10, Defendants

2    have actually incurred far more costs and attorneys' fees as a direct result of Mr. Stanley's conduct

3    than those fees sought by way of the instant Motion for Sanctions. Defendants have deferred

4    seeking these additional fees, which include those incurred by Defendants' outside counsel of

5    record in the MDL advising and communicating with Defendants' in-house counsel team, and

6    general development of strategies to combat Mr. Stanley's serial violations of the Court's orders.

7    These deferred fees also include those fees incurred by Defendants' other, non-MDL outside

8    counsel in the four non-MDL matters, *Lord*, *Smith*, *Jones*, and *Soto*, in which the Confidential

9    Information was disclosed by Mr. Stanley or as a result of his conduct. In an effort to streamline

10   the issues presented to this Court and seeking only incremental remedial measures that are

11   narrowly tailored to the specific conduct at issue, Defendants ask for recovery of only those costs

12   directly tied to investigating, seeking compromise, the resulting motion practice, and enforcement

13   of this Court's order (as set out in Paragraph 10 above). By doing so, Defendants do not concede

14   that recovery of *all* reasonable costs and fees resulting from Mr. Stanley's violative conduct is

15   not proper.

16   12.    In addition, Defendants defer recovery, without waiver, of the fees incurred for

17   work performed by Shook's co-counsel, Kirkland & Ellis, LLP for that firm's work as a result of

18   Mr. Stanley's conduct. These fees include those incurred for the time my co-counsel, Christopher

19   Cox, spent preparing for and appearing at the August 12, 2025 hearing on the Motion to Enforce,

20   as well as the work of Mr. Cox, and other Kirkland & Ellis attorneys in the lead up to the Motion

21   to Enforce, development of the jointly proposed order, and seeking to compel compliance with

22   the August Order.

23   13.    The fees Defendants ultimately seek by way of this Motion also reflect a reduction

24   of 10% across all of the categories of work required to combat Mr. Stanley's conduct. This

25   voluntary reduction should moot any potential marginal disputes over reasonableness for specific

26   line items.

27

28

DECL. OF MICHAEL B. SHORTNACY SUPPORTING DEFS' REQUEST FOR ATTORNEYS' FEES
CASE NO. 3:23-MD-03084-CRB

14.    The total amount Defendants seek from Bret Stanley, after the voluntary reduction, is $168,572.97.

15.    Finally, I note that the work reflected in Paragraph 10 above included time in August 2025 that was not finalized and billed to Defendants until September 30, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 24th day of October, 2025 in Los Angeles, California.

/s/ Michael Shortnacy
Michael Shortnacy

6