Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625
laura.vartain@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
Christopher D. Cox (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com
christopher.cox@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2500 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

*Attorneys for Defendants*
UBER TECHNOLOGIES, INC.;
RASIER, LLC; and RASIER-CA, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION | Case No. 3:23-md-03084-CRB |
| This Document Relates to: | **DEFENDANTS UBER TECHNOLOGIES, INC., RASIER, LLC, AND RASIER-CA, LLC'S OPPOSITION TO MOTION TO RECONSIDER ORDER DISMISSING CASES FOR FAILURE TO COMPLY WITH PTO 31** |
| *Jane Doe LS 185 v. Uber Technologies, Inc., et al., Case No. 3:23-cv-05922-CRB* | |
| *Jane Doe LS 291 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-06020-CRB* | Judge: Honorable Charles R. Breyer |
| *Jane Doe LS 296 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-06021-CRB* | |
| *John Doe LS 3 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05760-CRB* | |
| *Jane Doe LS 54 v. Uber Technologies, Inc., et al., Case No. 3:24-cv-05387-CRB* | |

*Jane Doe LS 134 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-03811-CRB

*Jane Doe LS 191 v. Uber Technologies, Inc., et al.*, Case No. 3:23-cv-05573-CRB

*John Doe LS 5 v. Uber Technologies, Inc., et al.*, Case No. 3:24-cv-05853-CRB

*Jane Doe LS 616 v. Uber Technologies, Inc., et al.*, Case No. 3:25-cv-05942-CRB

It should be undisputed that Plaintiffs and Plaintiffs' counsel in this MDL are obligated to timely respond to Court-ordered deadlines. Yet, seven of the nine Plaintiffs at issue in Levin Simes LLP's Motion to Reconsider (the "Motion") violated Court-ordered deadlines—not just by days but by several months. These seven Plaintiffs were rightly dismissed as part of the Court's February 10, 2026 Order (ECF 5216) (the "Order"). The remaining two Plaintiffs at issue in the Motion now allege that someone else ordered their ride, and therefore Uber does not oppose reconsideration.

On July 30, 2025, in light of the fact that 90 Plaintiffs provided either no reason for failing to submit a ride receipt, or otherwise provided limited or boilerplate reasons, Uber moved for a case management order requiring Plaintiffs who had not provided a receipt to provide a detailed explanation, under penalty of perjury, of why they could not produce one. ECF 3604. On September 9, 2025, the Court entered Uber's proposed case management order, PTO 31, which applies to Plaintiffs who only submitted Ride Information Forms but are missing receipts. PTO 31 requires, among other things, the following:

> a. Where any Plaintiff who claims to have ordered the relevant ride themselves has not submitted a ride receipt and Uber, as indicated by its Defense Fact Sheet, has not been able to substantiate the ride alleged by that Plaintiff, Uber may serve written notice on each such Plaintiff requiring that the Plaintiff comply with the procedures set forth in this Order.
>
> b. Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt.
> \*\*\*
> c. A failure by a Plaintiff to provide the information required in [PTO 31] by the deadlines set forth above shall subject the Plaintiff to dismissal without prejudice.
> \*\*\*
> PTO 31's obligations, however, shall not apply to Plaintiffs who claim that the ride at issue in their allegations "was ordered by someone other than themselves."
> ECF 3877.

On November 21, 2025, Uber moved to dismiss 181 plaintiffs who had not complied with PTO 31 (ECF 4456), including the nine Levin Simes Plaintiffs at issue in the Motion. All nine of these Plaintiffs received proper PTO 31 notice by September 2025 and were well beyond their deadlines to respond at the time of Uber's November 21 Motion. Four of these Plaintiffs, John Doe LS 3, John Doe LS 5, Jane Doe LS 134, and Jane Doe LS 191 were originally included in Uber's July 30, 2025 Motion (ECF 3604) as well as Exhibit A to PTO 31, indicating they were subject to its requirements and obligated to at least respond by October 9, 2025 (ECF 4456-1). On September 12, 2025, Uber served delinquency notices on via MDL Centrality on the other five Plaintiffs, Jane Doe LS 54, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296, and Jane Doe LS 616. *Id.* Their deadline to respond per PTO 31 was October 13, 2025. *Id.* All nine of these Levin Simes Plaintiffs failed to request a meet and confer or respond despite being on notice of the lack of substantiation (identification of the alleged trip) via both the Defendant Fact Sheet and the delinquency notice.

While Levin Simes provides no legal basis for its Motion, Federal Rule of Civil Procedure 59(e) allows a motion to reconsider a final order to be made "no later than 28 days after the entry of the judgment."[1] A grant of a motion to reconsider is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Drumm v. Morningstar, Inc.*, 695 F. Supp. 2d 1014, 1017 (N.D. Cal. 2010) (citing *Kona Enters. v. Est. of Bishop,* 229 F.3d 877, 890 (9th Cir. 2000)). Four grounds justify granting a Rule 59(e) motion: "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Id.* (citing *Turner v. Burlington Northern Santa Fe R.R.,* 338 F.3d 1058, 1063 (9th Cir. 2003)).

None of the permissible grounds under Rule 59(e) justifies reconsideration of the dismissals of Jane Doe LS 3, Jane Doe LS 5, Jane Doe LS 54, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296,

---

[1] A dismissal without prejudice entered as a sanction, as here, is a final order. *See Nascimento v. Dummer*, 508 F.3d 905, 909 (9th Cir. 2007).

and Jane Doe LS 616. For Jane Doe LS 191 and Jane Doe LS 134, their assertions that third parties ordered their rides render PTO 31 inapplicable and justify reconsideration of their dismissals.

**John Doe LS 3, John Doe LS 5, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296, and Jane Doe LS 616 Failed to Respond by Court-Ordered Deadlines, They Cannot Meet the High Threshold For Reconsideration, and Their Dismissals Should Not Be Reconsidered.**

The Plaintiffs subject to this Motion failed to timely meet their Court-ordered deadlines under PTO 31. The Motion admits the six Plaintiffs required to submit statements pursuant to PTO 31—John Doe LS 3, John Doe LS 5, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296, and Jane Doe LS 616—did not submit a statement pursuant to PTO 31 until months after the October 9 and 13 deadlines had passed. None of these six even submitted such a statement before Uber's November 21 Motion to Dismiss was filed (over a month after the deadline)—a clear disregard for Court-ordered obligations. Instead, these Plaintiffs all submitted their belated statements between December 19, 2025 and February 12, 2026—at least two months and up to four months late.



The failures by John Doe LS 3, John Doe LS 5, Jane Doe LS 185, Jane Doe LS 291, and Jane Doe LS 296 to timely meet their PTO 31 obligations is even more striking because they all received notice from Uber well before PTO 31 was entered by the Court that Uber could not identify the alleged trip. Plaintiffs had ample opportunity to provide additional information to facilitate such identification within the bounds of a less rigorous set of obligations than those imposed by PTO 31, yet they still failed to provide any such information or attempt to cooperate via a simple meet and confer until well after Uber filed its November 21 Motion to Dismiss.

For the six Plaintiffs[2] who disregarded their Court-ordered deadlines, did not timely comply with their PTO 31 obligations, and offered no reason for their months-long delinquency, Plaintiffs cannot meet their burden of demonstrating why a motion for reconsideration should be granted. To rule otherwise would render this Court's Orders and the associated deadlines mere suggestions that parties could ignore without consequences. That would be contrary to the spirit of the Court's directives and threatens the integrity and efficacy of this Court's standing orders.

The other three plaintiffs from among the nine at issue in this motion—Jane Doe LS 54, Jane Doe LS 134, and Jane Doe LS 191—also challenge their dismissal.

**Jane Doe LS 54 Also Failed to Respond by Court-Ordered Deadlines and Her Dismissal Should Not Be Reconsidered.**

For Jane Doe LS 54, Levin Simes claims "Uber was able to identify a ride that matched the information provided on the Plaintiff's Fact Sheet on October 10, 2025, in its amended Defendant Fact Sheet." (ECF 5261 at 1). In fact, the DFS referenced by Jane Doe LS 54 confirms ▮▮▮▮▮▮▮▮▮▮ The DFS is quoted below:

<u>Jane Doe LS 54</u>:

| Ex. 1, Amended Defendant Fact Sheet uploaded on 10/10/2025 | Q3(d): What was Plaintiff's total number of Uber Trips: ▮▮▮<br><br>Q6: If Plaintiff submitted ride information required by PTO No. 5 in lieu of a bona fide receipt, please provide either (a) a copy of the bona fide receipt, or (b) a written explanation as to: (1) why the specific ride receipt cannot be located by Uber; (2) if available, (a) the date of the ride, (b) the full name of the driver; (c) the starting and ending locations of the ride; and (3) what additional information Uber needs to locate the subject missing ride receipt, if applicable. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | Verified on 10/10/2025 |
|---|---|---|

As set forth in the DFS, ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ under PTO 31 Jane Doe LS 54 was required to comply with PTO 31. As PTO 31 states: "Where any Plaintiff who claims to have ordered the relevant ride themselves has not submitted a ride

---

[2] These Plaintiffs are John Doe LS 3, John Doe LS 5, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296, and Jane Doe LS 616.

receipt and Uber, as indicated by its Defense Fact Sheet, *has not been able to substantiate the ride alleged by that Plaintiff*, Uber may serve written notice on each such Plaintiff requiring that the Plaintiff comply with the procedures set forth in this Order ." ECF 3877. Therefore, Jane Doe LS 54 was required to respond to PTO 31 by October 13, 2025, 30 days after Uber provided PTO 31 notice specific to Jane Doe LS 54: "Within 30 days of receiving Uber's written notice, the Plaintiff must either (i) produce a bona fide ride receipt to Defendants via MDL Centrality, or (ii) serve a statement indicating that the Plaintiff is unable to locate the receipt, explaining in detail the reasonable efforts that have been undertaken by Plaintiff to search their email and the Uber app for the receipt, and explaining why Plaintiff has been unable to locate the receipt." *Id.* Jane Doe LS 54 failed to comply with PTO 31's requirements because she failed to provide a ride receipt or a PTO 31 statement. Jane Doe LS 54's dismissal was therefore appropriate and should not be reconsidered.

**Jane Doe LS 191 and Jane Doe LS 134 now allege third parties ordered their rides.**

As for Jane Doe LS 191 and Jane Doe LS 134, both are claiming that third parties ordered their rides, which would mean PTO 31's requirements do not apply to them and dismissal under PTO 31 is inappropriate.

Jane Doe LS 191's Ride Information Form offers only the same boilerplate language used for dozens of Levin Simes Ride Information Forms: ███████████ (Ex. 2). Jane Doe LS 191's Ride Information Form does not confirm a third party ordered the ride. At no point since Uber served its DFS on May 29, 2024, including after Uber filed its motion seeking entry of PTO 31 on July 30, 2025, did Jane Doe LS 191 attempt to meet and confer, let alone serve a PTO 31 statement or amended Ride Information Form (or any document for that matter) confirming counsel had contacted Plaintiff to obtain the ride receipt and/or that a third party ordered the ride. Despite Plaintiff's noncompliance and silence to date, Uber does not oppose reinstating this Plaintiff since PTO 31 by its terms does not apply to Jane Doe LS 191.

*Jane Doe LS 191:*

| Ex. 2, Ride Information Form, uploaded on 2/15/2024 | Q1: Why the receipt is unavailable ███████ | Unverified |
|---|---|---|
| | Q5: Any other information that may assist Defendants in identifying the ride: ███████ | |

1   Similarly for Jane Doe LS 134, it was not until *February 5, 2026*, that Plaintiff uploaded a Ride Information Form and a copy of a related police report to support that a third party ordered the ride despite the fact Plaintiff had been subject to this Court's Order for months.[3] Uber served a DFS on May 29, 2024 stating that ▮▮▮▮▮ based on the information provided in the Plaintiff's February 15, 2024 unverified Ride Information Form (which stated only ▮▮▮▮▮). (Ex. 3). Yet, similar to Jane Doe LS 191, Plaintiff never attempted to meet and confer nor comply with PTO 31—which requires a ride receipt with a verification or a verified PTO 31 statement. Now that Uber has been made aware—nearly two years after Plaintiff's Ride Information Form was submitted in this case—that PTO 31 does not technically apply to Jane Doe LS 134, Uber does not oppose reinstating this Plaintiff. Relevant portions of Jane Doe LS 134's Ride Information Forms are excerpted below.

**_Jane Doe LS 134:_**

| Ex. 3, Ride Information Form, uploaded on 2/15/2024 | Q1: Why the receipt is unavailable ▮▮▮▮▮<br><br>Q5: Any other information that may assist Defendants in identifying the ride: [Response]: No. | Unverified |
|---|---|---|
| Ex. 4, First Amended Ride Information Form, uploaded on 2/5/2026 | Q1: Why the receipt is unavailable: ▮▮▮▮▮ | Unverified |

For the foregoing reasons, Uber opposes reconsideration of the dismissals of John Doe LS 3, John Doe LS 5, Jane Doe LS 185, Jane Doe LS 291, Jane Doe LS 296, Jane Doe LS 616, and Jane Doe LS 54, and does not oppose reconsideration of the dismissals of Jane Doe LS 191 and Jane Doe LS 134.

DATED: February 24, 2026                    Respectfully submitted,

/s/ *Laura Vartain Horn*
Laura Vartain Horn (SBN 258485)
**KIRKLAND & ELLIS LLP**
555 California Street, Suite 2700
San Francisco, CA 94104
Telephone: (415) 439-1625

---

[3] Plaintiff's First Amended Ride Information Form also changes Jane Doe LS 134's allegations regarding trip date and drop-off location. *Compare* Exs. 3 and 4.

laura.vartain@kirkland.com

Allison M. Brown (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
2005 Market Street, Suite 1000
Philadelphia, PA 19103
Telephone: (215) 268-5000
alli.brown@kirkland.com

Jessica Davidson (Admitted *Pro Hac Vice*)
**KIRKLAND & ELLIS LLP**
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
jessica.davidson@kirkland.com

SABRINA H. STRONG (SBN: 200292)
sstrong@omm.com
JONATHAN SCHNELLER (SBN: 291288)
jschneller@omm.com
**O'MELVENY & MYERS LLP**
400 South Hope Street, 19th Floor
Los Angeles, CA 90071
Telephone: (213) 430-6000
Facsimile: (213) 430-6407

PATRICK L. OOT (Admitted *Pro Hac Vice*)
oot@shb.com
**SHOOK, HARDY & BACON, LLP**
1800 K Street NW, 10th Floor
Washington, DC 20006
Telephone: (202) 783-8400
Facsimile: (202) 783-4211

ALYCIA A. DEGEN (SBN: 211350)
adegen@shb.com
MICHAEL B. SHORTNACY (SBN: 277035)
mshortnacy@shb.com
**SHOOK, HARDY & BACON, LLP**
2121 Avenue of the Stars, Suite 1400
Los Angeles, CA 90067
Telephone: (424) 285-8330
Facsimile: (424) 204-9093

CHRISTOPHER V. COTTON (Admitted *Pro Hac Vice*)
ccotton@shb.com
**SHOOK, HARDY & BACON, LLP**
255 Grand Boulevard
Kansas City, MO 64108
Telephone: (816) 474-6550
Facsimile: (816) 421-5547

*Counsel for Defendants*
UBER TECHNOLOGIES, INC.,

7

RASIER, LLC, and RASIER-CA, LLC

8

DEFENDANTS' OPPOSITION TO MOTION TO RECONSIDER          Case No. 3:23-md-03084-CRB

## PROOF OF SERVICE

I hereby certify that on February 24, 2026, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will automatically send notification of the filing to all counsel of record.

By: <u>/s/ Laura Vartain Horn</u><br>
Laura Vartain Horn