Roopal P. Luhana (*Admitted Pro Hac Vice*)
**CHAFFIN LUHANA LLP**
600 Third Avenue, Floor 12
New York, NY 10016
Telephone: (888) 480-1123
luhana@chaffinluhana.com

Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

Rachel B. Abrams (SBN 209316)
**PEIFFER WOLF CARR KANE**
**CONWAY & WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
rabrams@peifferwolf.com

*Co-Lead Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| IN RE: UBER TECHNOLOGIES, INC., PASSENGER SEXUAL ASSAULT LITIGATION<br><br>This Document Relates to:<br><br>*All Cases* | Case No.: 3:23-md-03084-CRB<br><br>Hon. Charles R. Breyer<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR LEAVE TO FILE MOTION FOR RECONSIDERATION**<br><br>Courtroom: 6 – 17th Floor |

Plaintiffs respectfully move for leave to file a motion for patrial reconsideration of the Court's February 10, 2026 Order (ECF No. 5216), in which Paragraph 2 of the Order imposes sweeping retroactive and prospective certification mandates on certain Plaintiffs'

firms and on hundreds—if not thousands—of sexual assault survivors without notice or an opportunity to be heard on this issue as Defendants' did not include any of these cases or this relief request in their initial Motion or Proposed Order, but only included these thousands of additional affected cases and relief in their Reply Brief and "Amended" Proposed Order that accompanied the Reply, and without any finding of misconduct, bad faith, or violation of Rule 26(g). Attached as Exhibit A to this Motion is Plaintiffs' Proposed Motion for Reconsideration.

## ARGUMENT

Local Rule 7-9(a) allows "any party" to "make a motion before a Judge requesting that the Judge grant the party leave to file a motion for reconsideration of any interlocutory order." To be granted leave, the party must show "reasonable diligence in bringing the motion." Local Rule 7-9(b). The moving party also must show one of three grounds for leave. Local Rule 7-9(b)(1)–(3).

### I.     Plaintiffs Meet the First and Third Grounds Under Local Rule 7-9(b)(1)(3)

Under Local Rule 7-9(b)(1), a party seeking leave to file a motion for reconsideration must show:

> That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order.

Local Rule 7-9(b)(1).

Under Local Rule 7-9(b)(3), a party seeking leave to file a motion for reconsideration must show "[a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Here, Plaintiffs satisfy both grounds for reconsideration because, despite reasonable diligence, ample facts and law exist that materially affect this Court's Order and which were

not considered by the Court when the Order was issued.

Paragraph 2 of the Court's Order imposes, *inter alia*, requirements for new and additional certifications from both Plaintiffs and their counsel for all previously filed cases and for all new cases without any basis to do so for those firms identified in the Order and Defendants' Reply Brief.

Uber did not request this relief in its November 21, 2025 Motion. (ECF No. 4456, Ex. 2). Rather, Defendants' Motion was expressly limited to identified cases: 27 Plaintiffs subject to show-cause orders for allegedly non-bona-fide receipts and certain Plaintiffs who allegedly failed to provide sufficient documentation under PTO 31. Uber did not seek a firm-wide or MDL-wide certification regime in its Motion. Instead, these hundreds or thousands of new cases and Uber's new requested relief appeared for the first time in Uber's Reply and "Amended" Proposed Order. It was never the subject of meet-and-confer, noticed motion practice, or adversarial briefing. Plaintiffs were afforded no meaningful opportunity to address its scope, burden, proportionality, or legal basis. The Order thus granted relief that was neither sought by Uber in its Motion nor litigated.

Paragraph 2 now conditions the viability of otherwise substantiated claims on retroactive certifications by counsel and sworn attestations by Plaintiffs—regardless of whether Uber has challenged the authenticity of the ride receipt in a given case. Plaintiffs whose documentation has been verified, and whose receipts Uber does not dispute, are nevertheless subjected to additional certification obligations solely because they are represented by a firm that also represented a Plaintiff accused of submitting a non-bona-fide receipt. There has been no finding that any firm knowingly submitted fraudulent materials or engaged in systemic misconduct. To the contrary, the record reflects isolated allegations involving approximately 27 cases out of roughly 3,188 pending in this MDL—<u>approximately 0.85 % of the docket</u>.

And the retroactive certification mandate is not only punitive; it is unworkable. It requires counsel to reconstruct years-old communications, intake steps, and internal verification processes, and to certify after a "full review and analysis" factual matters tied to

historical events that may no longer be fully obtainable. Indeed, in some instances, the personnel involved are no longer employed by those firms. The practical consequence is stark: if an affected Plaintiff's counsel cannot attest to historical internal conversations—despite the existence of a genuine receipt that Uber has independently confirmed—that Plaintiff's claim will nevertheless be dismissed. Conditioning the survival of a claim on counsel's and Plaintiff's ability to retroactively memorialize past communications that in many instances occurred years ago, rather than on the authenticity of the underlying evidence, detaches dismissal from the merits and instead substitutes unjustified procedural penalties.

PTO 31 already provides a structured mechanism for receipt verification and dismissal for noncompliance. The expansion imposed by Paragraph 2 goes far beyond that framework. It applies across hundreds or thousands of cases without individualized findings, without evidence of firm-level wrongdoing, and without a showing that existing procedures are inadequate. Such relief is disproportionate to the conduct at issue, exceeds the scope of the Motion before the Court, and warrants reconsideration and partial vacatur.

Plaintiffs should have been afforded an opportunity to respond to Defendants' new proposed certifications and proposed "Amended" Order, and Plaintiffs' response should be considered by the Court prior to entering the Order. Based on the above, Plaintiffs meet the grounds for leave to file a motion for reconsideration. *See, e.g., USA v. Arteaga-Centeno*, 2019 WL 1995766, at *8-9 (N.D. Cal. May 6, 2019)(J. Breyer)(granting motion for reconsideration to correct issue that was incorrectly decided); *Doe v. Holder*, 2011 WL 6329858, at *2 (N.D. Cal. Dec. 14, 2011)(granting motion for reconsideration because party did not make an adequate showing that the relief granted by the order was necessary).

II.     **Plaintiffs Exercised Reasonable Diligence in Bringing This Motion**

Plaintiffs exercised reasonable diligence in bringing this Motion following the Court's February 10, 2026 Order. Again, Defendants' Reply and "Amended" Proposed Order raised, without prior notice, the new certification process on specific Plaintiffs' law firms and

hundreds or thousands of Plaintiffs, and raised other legal and factual issues, that were not included or raised in Defendants' Motion. These issues necessitate and warrant analysis of the relevant facts and applicable law. Plaintiffs exercised reasonable diligence in bringing this Motion within weeks of the Court's Order, especially since the subject briefing and Order took place in and around the time Plaintiffs' counsel were engaged with the Dean trial.

## CONCLUSION

For the reasons set forth above, this Court should grant Plaintiffs leave to file their proposed motion for reconsideration.

Dated: February 25, 2026                Respectfully Submitted,

By: */s/ Sarah R. London*
Sarah R. London (SBN 267093)
**GIRARD SHARP LLP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
slondon@girardsharp.com

By: */s/ Rachel B. Abrams*
Rachel B. Abrams (SBN 209316)

**PEIFFER WOLF CARR KANE CO**
**& WISE, LLP**
555 Montgomery Street, Suite 820
San Francisco, CA 94111
Telephone: (415) 426-5641
Facsimile: (415) 840-9435
rabrams@peifferwolf.com

By: */s/ Roopal P. Luhana*
Roopal P. Luhana

**CHAFFIN LUHANA LLP**
600 Third Avenue, 12th Floor
New York, NY 10016
Telephone: (888) 480-1123
Facsimile: (888) 499-1123
luhana@chaffinluhana.com

*Co-Lead Counsel for Plaintiffs*

5

**FILER'S ATTESTATION**

  I am the ECF User whose ID and password are being used to file this document. In compliance with Civil Local Rule 5-1(i)(3), I attest that the signatories above concurred in this filing.

Dated: February 25, 2026

By: <u>/s/Roopal P. Luhana</u><br>Roopal P. Luhana